ORIGINAL

FILED
APR 15 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

By Fax

1  HAROLD J. MCELHINNY (CA SBN 66781)
   HMcElhinny@mofo.com
2  MICHAEL A. JACOBS (CA SBN 111664)
   MJacobs@mofo.com
3  JENNIFER LEE TAYLOR (CA SBN 161368)
   JTaylor@mofo.com
4  JASON R. BARTLETT (CA SBN 214530)
   JasonBartlett@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California  94105-2482
   Telephone: 415.268.7000
7  Facsimile: 415.268.7522

8  Attorneys for Plaintiff
   APPLE INC.

9

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12  APPLE INC., a California corporation,        Case No. CV 11 1846

13                 Plaintiff,                     JURY TRIAL DEMAND

14         v.                                     COMPLAINT FOR PATENT
                                                  INFRINGEMENT, FEDERAL FALSE
15  SAMSUNG ELECTRONICS CO., LTD., a              DESIGNATION OF ORIGIN AND
    Korean corporation; SAMSUNG                   UNFAIR COMPETITION, FEDERAL
16  ELECTRONICS AMERICA, INC., a New              TRADEMARK INFRINGEMENT,
    York corporation; SAMSUNG                     STATE UNFAIR COMPETITION,
17  TELECOMMUNICATIONS AMERICA,                   COMMON LAW TRADEMARK
    LLC, a Delaware limited liability company.   INFRINGEMENT, AND UNJUST
18                                                ENRICHMENT
                   Defendants.
19

20

21

22

23

24

25

26

27

28

APPLE INC.'S COMPLAINT
sf-2981926

1    Plaintiff Apple Inc. ("Apple") complains and alleges as follows against Defendants

2    Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung

3    Telecommunications America, LLC (collectively "Samsung").

4                              **THE NATURE OF THE ACTION**

5        1.      Apple revolutionized the telecommunications industry in 2007 when it introduced

6    the wildly popular iPhone, a product that dramatically changed the way people view mobile

7    phones.  Reviewers, analysts and consumers immediately recognized the iPhone as a "game

8    changer."  Before the iPhone, cell phones were utilitarian devices with key pads for dialing and

9    small, passive display screens that did not allow for touch control.  The iPhone was radically

10   different.  In one small and lightweight handheld device, it offered sophisticated mobile phone

11   functions, a multi-touch screen that allows users to control the phone with their fingers, music

12   storage and playback, a mobile computing platform for handheld applications, and full access to

13   the Internet.  These features were combined in an elegantly designed product with a distinctive

14   user interface, icons, and eye-catching displays that gave the iPhone an unmistakable look.

15       2.      Those design features were carried over to the iPod touch, another product that

16   Apple introduced in 2007.  The iPod touch has a product configuration and physical appearance

17   that is virtually identical to the iPhone.  Moreover, the iPod touch utilizes the same user interface

18   icons and screen layout as the iPhone, displaying the unmistakable iPhone appearance.

19       3.      Apple introduced another revolutionary product, the iPad, in 2010.  The iPad is an

20   elegantly designed computer tablet with a color touch screen, a user interface reminiscent of the

21   iPhone's user interface, and robust functionality that spans both mobile computing and media

22   storage and playback.  Because of its innovative technology and distinctive design, the iPad

23   achieved instant success.

24       4.      Apple's creative achievements have resulted in broad intellectual property

25   protection for Apple's innovations, including utility and design patents, trademarks, and trade

26   dress protection.  Nevertheless, Apple's innovations have been the subject of widespread

27   emulation by its competitors, who have attempted to capitalize on Apple's success by imitating

28   Apple's innovative technology, distinctive user interfaces, and elegant and distinctive product

APPLE INC.'S COMPLAINT                                                                              1
sf-2981926

design.  One of the principal imitators is Samsung, which recently introduced the Galaxy line of mobile phones and Galaxy Tab computer tablet, all of which use the Google Android operating system, to compete with the iPhone and iPad.  Instead of pursuing independent product development, Samsung has chosen to slavishly copy Apple's innovative technology, distinctive user interfaces, and elegant and distinctive product and packaging design, in violation of Apple's valuable intellectual property rights.  As alleged below in detail, Samsung has made its Galaxy phones and computer tablet work and look like Apple's products through widespread patent and trade dress infringement.  Samsung has even misappropriated Apple's distinctive product packaging.

5.     By this action, Apple seeks to put a stop to Samsung's illegal conduct and obtain compensation for the violations that have occurred thus far.

## THE PARTIES

6.     Apple is a California corporation having its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

7.     Samsung Electronics Co., Ltd. (referred to individually herein as "SEC") is a Korean corporation with its principal offices at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul, 100-742, South Korea.  On information and belief, SEC is South Korea's largest company and one of Asia's largest electronics companies.  SEC designs, manufactures, and provides to the U.S. and world markets a wide range of products, including consumer electronics, computer components and myriad mobile and entertainment products.

8.     Samsung Electronics America, Inc. (referred to individually herein as "SEA") is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660.  On information and belief, SEA was formed in 1977 as a subsidiary of SEC, and markets, sells, or offers for sale a variety of consumer electronics, including TVs, VCRs, DVD and MP3 players, and video cameras, as well as memory chips and computer accessories, such as printers, monitors, hard disk drives, and DVD/CD-ROM drives.  On information and belief, SEA also manages the North American operations of Samsung Telecommunications America, Samsung Electronics Canada, and Samsung Electronics Mexico.

9.      Samsung Telecommunications America, LLC (referred to individually herein as "STA") is a Delaware limited liability company with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75081.  On information and belief, STA was founded in 1996 as a subsidiary of SEC, and markets, sells, or offers for sale a variety of personal and business communications devices in the United States, including cell phones.

## JURISDICTION

10.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

11.     This Court has personal jurisdiction over SEC, SEA and STA because each of these Samsung entities has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and 15 U.S.C. § 1114 and 1125, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including in this District.  The acts by SEC, SEA and STA cause injury to Apple within this District.  Upon information and belief, SEC, SEA and STA derive substantial revenue from the sale of infringing products within this District, expect their actions to have consequences within this District, and derive substantial revenue from interstate and international commerce.

## VENUE AND INTRADISTRICT ASSIGNMENT

12.     Venue is proper within this District under 28 U.S.C. §§ 1391(b) and (c) because Samsung transacts business within this district and offers for sale in this district products that infringe the Apple patents, trade dress, and trademarks.  In addition, venue is proper because Apple's principal place of business is in this district and Apple suffered harm in this district. Moreover, a substantial part of the events giving rise to the claim occurred in this district. Pursuant to Local Rule 3-2(c), Intellectual Property Actions are assigned on a district-wide basis.

**BACKGROUND**

***APPLE'S INNOVATIONS***

13.     Apple is a leading designer and manufacturer of mobile communication devices, personal computers, and portable digital media players.  As a result of its significant investment in research and development, Apple has developed innovative technologies that have changed the face of the computer and telecommunications industries.  One such pioneering technology is Apple's Multi-Touch™ user interface, which allows users to navigate their iPhone, iPod touch, and iPad devices by tapping and swiping their fingers on the screen.

14.     In 2007, Apple revolutionized the telecommunications industry when it introduced the iPhone.  The iPhone combined in one small and lightweight handheld device sophisticated mobile phone functions, media storage and playback, a tactile user interface that allows users to control the phone with their fingers, mobile computing power to run diverse pre-installed and downloadable applications, and functionality to gain full access to the Internet.  These features were combined in an elegant glass and stainless steel case with a distinctive user interface that gave the iPhone an immediately recognizable look.

15.     As a direct result of its innovative and distinctive design and its cutting edge technological features, the iPhone was an instant success, and it immediately became uniquely associated with Apple as its source.  Reviewers and analysts universally praised the iPhone for its "game changing" features.  *Time Magazine* listed the iPhone number one on its List of Top Ten Gadgets for 2007, noting that "[t]he iPhone changed the way we think about how mobile media devices should look, feel and perform."  *The New York Times* called it "revolutionary."  As of March 2011, more than 108 million iPhones had been sold worldwide.

16.     Also in 2007, Apple launched the iPod touch, a digital music player.  The iPod touch incorporated the distinct style of the iPhone and also became an immediate success.  By March 2011, Apple had sold over 60 million units.

17.     After introducing the iPhone, Apple continued to innovate and achieve success with a series of pioneering designs—more sophisticated, advanced versions of the iPhone, and then, in 2010, the iPad.  The iPad is a computer tablet with a color 9.7-inch touch screen that

allows users to manipulate icons and data with their fingers in the same fashion as the iPhone and iPod touch screens.  Reviewers and analysts immediately recognized the iPad as a revolutionary product, describing it as a "winner" and a "new category of device" that would "replace laptops for many people."

18.     No computer product that preceded the iPad looked like the iPad, but its design did resemble other Apple products—namely, the iPhone and the iPod touch, thereby extending the unique and innovative Apple design and trade dress to a new product—tablet computers.  In its first 80 days on the market, Apple sold 3 million iPad units.  By March 2011, Apple sold over 19 million iPads.

19.     Apple's iPhone, iPad and iPod touch products have been extensively advertised throughout the United States in virtually every media outlet, including network and syndicated television, the Internet, billboards, magazines and newspapers—with the vast majority of the advertisements featuring photographs of the distinctive design of these products.  Apple's advertising expenditures for these products for fiscal years 2007-2010 were in excess of $2 billion.

20.     In addition, Apple's iPhone, iPod touch, and iPad products have received unsolicited comment and attention in print and broadcast media throughout the world.  Each new generation of these Apple products is the subject of positive commentary and receives unsolicited praise from independent media commentators.  Frequently, these unsolicited commentaries are accompanied by images of the iPhone, iPad, and iPod touch products, including their unique packaging.

21.     The Apple iPhone, iPod touch, and iPad product design has come to represent and symbolize the superb quality of Apple's products and enjoys substantial goodwill among consumers.  The iPad, iPhone, and iPod touch have garnered widespread acclaim for their unique product design and outstanding performance.  *Time Magazine* named the iPad one of the 50 Best Inventions of the Year 2010, *Popular Science* heralded it as the Top Tablet in its Best of What's New 2010 feature, and the popular technology blog Engadget selected the device as both the 2010 Editors' Choice Gadget of the Year and Tablet of the Year.  In addition, the iPad received a 2010

1  Red Dot Award for Product Design and was nominated for the 2010 People's Design Award.

2  The iPhone has received several awards over the years, including a 2008 Design and Art

3  Direction (D&AD) "Black Pencil" award, a 2008 International Forum (iF) Product Design

4  Award, and the 2008 International Design Excellence Award (IDEA) Best in Show.  More

5  recently, Engadget named the iPhone 4 the 2010 Editors' Choice Phone of the Year, and the

6  device received the Best Mobile Device award at the Mobile World Congress in February 2011.

7  Engadget also included the iPhone in its feature on the 10 Gadgets That Defined the Decade.  The

8  iPod touch won the 2008 D&AD "Yellow Pencil" award as well as the 2008 iF Product Design

9  Award.

### *APPLE'S INTELLECTUAL PROPERTY RIGHTS*

#### **Apple's Utility Patents**

12  22.    Apple has protected its innovative designs and cutting-edge technologies through a

13  broad range of intellectual property rights.  Among those rights are the utility patents listed

14  below.  Apple's utility patents cover many of the elements that the world has come to associate

15  with Apple's mobile devices.  These include patents covering fundamental features of the Multi-

16  Touch™ user interface that enable Apple's devices to understand user gestures and to respond by

17  performing a wide variety of functions, such as selecting, scrolling, pinching, and zooming.

18  23.    In addition, Apple has patented many of the individual features that together add

19  up to the high-quality experience that users have come to associate with Apple products.  Apple's

20  innovations ranging from the arrangement of text messages on the screen, to the way images and

21  documents appear to "bounce back" when the user scrolls too far, down to movement of the

22  buttons have been recognized by the United States Patent and Trademark Office as patent-worthy

23  contributions to the art.

24  24.    Among the patents that Apple has been awarded are the patents listed below,

25  attached as Exhibits 1-7, to which Apple owns all rights, title, and interest.

26

27

28

| Patent Number | Title |
|---|---|
| 7,812,828 (the "'828 patent") | Ellipse Fitting For Multi-Touch Surfaces |
| 7,669,134 (the "'134 patent") | Method and Apparatus For Displaying Information During An Instant Messaging Session |
| 6,493,002 (the "'002 patent") | Method and Apparatus for Displaying and Accessing Control and Status Information in a Computer System |
| 7,469,381 (the "'381 patent") | List Scrolling and Document Translation, Scaling and Rotation on a Touch-Screen Display |
| 7,844,915 (the "'915 patent") | Application Programming Interfaces for Scrolling Operations |
| 7,853,891 (the "'891 patent") | Method and Apparatus for Displaying a Window for a User Interface |
| 7,863,533 (the "'533 patent") | Cantilevered Push Button Having Multiple Contacts and Fulcrums |

### Apple's Design Patents

25.     Apple also has protected its innovative designs through design patents issued by the United States Patent and Trademark Office.  The Apple design patents cover the many famous ornamental features of Apple's devices, such as the flat black face, metallic bezel, and the distinctive matrix of application icons.  Apple owns all right, title, and interest in and to each of the asserted design patents listed below, copies of which are attached as Exhibits 8-10.

| Patent Number | Title |
|---|---|
| D627,790 (the "'D790 patent") | Graphical User Interface For a Display Screen or Portion Thereof |
| D602,016 (the "'D016 patent") | Electronic Device |
| D618,677 (the "'D677 patent") | Electronic Device |

**Apple's Trade Dress**

26.     Apple holds trade dress protection in the design and appearance of the iPhone, the iPod touch, and the iPad, together with their distinctive user interfaces and product packaging.

**iPhone Trade Dress**

27.     The iPhone is radically different from the devices that preceded it.  It has a distinctive shape and appearance—a flat rectangular shape with rounded corners, a metallic edge, a large display screen bordered at the top and bottom with substantial black segments, and a selection of colorful square icons with rounded corners that mirror the rounded corners of the iPhone itself, and which are the embodiment of Apple's innovative iPhone user interface.  As shown below, the end result is an elegant product that is more accessible, easier to use, and much less technically intimidating than previously available smart phones and PDAs.  The iPhone product design immediately became closely associated with Apple.

  

28.     Each of these elements of the iPhone product configuration is distinctive and serves to identify Apple as the source of the iPhone products.  Moreover, none of these elements is functional.

29.     Extending its innovative style to the packaging, Apple created an equally elegant and distinctive packaging for the iPhone products.  The packaging features a compact black or black-and-white box with eye-catching metallic silver lettering on a matte black surface, with the

1  sides of the top of the box extending down to cover the bottom portion of the box completely.

2  The outside of the box has a clean style—with minimal wording and a simple, prominent, nearly

3  full-size photograph of the iPhone product itself.  The style carries over within the box—with the

4  iPhone cradled within a specially designed black display so that the iPhone, and nothing else, is

5  immediately visible when the box is opened.  The accessories and instructional materials are

6  hidden from view underneath the iPhone tray—emphasizing the accessible nature of the iPhone

7  itself.  The design entices purchasers to pick up the iPhone and try it out, without worrying that it

8  is complicated.

9
10
11
12    
13
14
15
16
17
18
19
20
21  
22
23
24
25
26      30.      As with the product configuration itself, each of these elements of the iPhone

27  packaging is distinctive and serves to identify Apple as the source of the iPhone products.

28

1  Moreover, none of these elements is functional—and there are a plethora of alternative packaging

2  options available to Apple's competitors.

### iPod touch Trade Dress

4      31.     The iPod touch has a product configuration and physical appearance that is

5  virtually identical to the iPhone.  It has a flat rectangular shape with rounded corners, a silver

6  edge, a large display screen bordered at the top and bottom with substantial black segments, and a

7  selection of colorful square icons with rounded corners that mirror the rounded corners of the

8  iPod touch (and the iPhone), and which are the embodiment of Apple's innovative iPod touch

9  user interface.  As shown below, the end result is an elegant product that invites use.  Like the

10  iPhone, the iPod touch immediately became closely associated with Apple.



21      32.     Each of these elements of the iPod touch product configuration is distinctive and

22  serves to identify Apple as the source of the iPod touch products.  Moreover, none of these

23  elements is functional.

### iPad Trade Dress

25      33.     Because it embodies the same trade dress elements as the iPhone, the iPad

26  resembles a "grown-up iPhone."  It has a flat rectangular shape with rounded corners, a silver

27  edge, a large display screen with a substantial black border, and a selection of Apple's colorful

28

square icons—all with rounded corners that mirror the rounded corners of the iPad, iPhone and iPod touch.



34.     Each of these elements of the iPad product configuration is distinctive and serves to identify Apple as the source of the iPad products.  Moreover, none of these elements is functional.

35.     The packaging for the iPad is similarly innovative and, like the iPhone, utilizes a box that, when opened, prominently displays the product so that it is immediately visible, with all other accessories and materials layered beneath it.  Also similar to the iPhone, the outside of the iPad box has a clean style—with minimal silver metallic wording and a simple, prominent, nearly full-size photograph of the iPad product on a white background.




36.    Each of these elements of the iPad packaging is distinctive and serves to identify Apple as the source of the products. Moreover, none of these elements is functional.

**Trade Dress Registrations**

37.    Apple owns three registrations for the design and configuration of the iPhone.

38.    U.S. Registration No. 3,470,983 is for the overall design of the product, including the rectangular shape, the rounded corners, the silver edges, the black face, and the display of sixteen colorful icons. Attached hereto as Exhibit 11 is a true and correct copy of U.S. Registration No. 3,470,983.

39.    U.S. Registration No. 3,457,218 is for the configuration of a rectangular handheld mobile digital electronic device with rounded corners. Attached hereto as Exhibit 12 is a true and correct copy of U.S. Registration No. 3,457,218.

40.    U.S. Registration No. 3,475,327 is for a rectangular handheld mobile digital electronic device with a gray rectangular portion in the center, a black band above and below the gray rectangle and on the curved corners, and a silver outer border and side. Attached hereto as Exhibit 13 is a true and correct copy of U.S. Registration No. 3,475,327.

**Trade Dress at Issue**

41.    The following non-functional elements of Apple's product designs comprise the product configuration trade dress at issue in this case (the "Apple Product Configuration Trade Dress"):

•    a rectangular product shape with all four corners uniformly rounded;

1       •     the front surface of the product dominated by a screen surface with black borders;

2       •     as to the iPhone and iPod touch products, substantial black borders above and

3 below the screen having roughly equal width and narrower black borders on either side of the

4 screen having roughly equal width;

5       •     as to the iPad product, substantial black borders on all sides being roughly equal in

6 width;

7       •     a metallic surround framing the perimeter of the top surface;

8       •     a display of a grid of colorful square icons with uniformly rounded corners; and

9       •     a bottom row of square icons (the "Springboard") set off from the other icons and

10 that do not change as the other pages of the user interface are viewed.

11     42.     The following non-functional elements of Apple's packaging designs comprise the

12 product packaging trade dress at issue in this case (the "Apple Product Packaging Trade Dress"):

13       •     a rectangular box with minimal metallic silver lettering and a large front-view

14 picture of the product prominently on the top surface of the box;

15       •     a two-piece box wherein the bottom piece is completely nested in the top piece;

16 and

17       •     use of a tray that cradles products to make them immediately visible upon opening

18 the box.

19     43.     Collectively, the Apple Product Configuration Trade Dress and the Apple Product

20 Packaging Trade Dress are referred to herein as the "Apple Product Trade Dress."

21                             **Apple's Trademarks**

22     44.     Apple has protectable trademark rights in various icons used in the user interface

23 in the iPhone, iPod touch, and iPad products—icons that are consistently used in the Apple family

24 of mobile products.

25

26

27

28

45. For example, U.S. Registration No. 3,886,196 covers an icon that is green in color with a white silhouette of a phone handset arranged at a 45 degree angle and centered on the icon that represents the application for making telephone calls:



Attached hereto as Exhibit 14 is a true and correct copy of U.S. Registration No. 3,866,196.

46. U.S. Registration No. 3,889,642 covers an icon that is green in color with a white silhouette of a speech bubble centered on the icon that represents the application for messaging:



Attached hereto as Exhibit 15 is a true and correct copy of U.S. Registration No. 3,889,642.

47. U.S. Registration No. 3,886,200 covers an icon featuring a yellow and green sunflower against a light-blue background that represents the application for photos:

Attached hereto as Exhibit 16 is a true and correct copy of U.S. Registration No. 3,866,200.

48.     U.S. Registration No. 3,889,685 covers an icon that features gears against a gray background that represents the application for settings:



Attached hereto as Exhibit 17 is a true and correct copy of U.S. Registration No. 3,889,685.

49.     U.S. Registration No. 3,886,169 covers an icon that features a yellow note pad that represents the application for notes:



Attached hereto as Exhibit 18 is a true and correct copy of U.S. Registration No. 3,886,169.

50.     U.S. Registration No. 3,886,197 is for the silhouette of a man on a spiral bound address book that represents the icon for contacts:



Attached hereto as Exhibit 19 is a true and correct copy of U.S. Registration No. 3,886,197.

51.     Collectively, the application icons displayed in Paragraphs 45-50 represent Apple's "Registered Icon Trademarks."  Apple uses these Registered Icon Trademarks in connection with its iPhone, iPod touch, and iPad products.

52.     To represent the iTunes application, Apple uses an icon that is purple in color with a white circular band and a silhouette of two eighth-notes superimposed on the white circular band:



Pending U.S. Application Serial No. 85/041,463 covers this icon (the "Purple iTunes Store Trademark").  Attached hereto as Exhibit 20 is a true and correct copy of the TARR status report for U.S. Application Serial No. 85/041,463.

53.     Moreover, Apple also owns a federal trademark registration for a logo for its iTunes on-line music service, U.S. Registration No. 2,935,038, (the "iTunes Eighth Note and CD Design Trademark"):



U.S. Registration No. 2,935,038 issued on March 22, 2005.  Apple filed an Affidavit under Section 15 of the Lanham Act on March 24, 2010, rendering the registration incontestable. Attached hereto as Exhibit 21 is a true and correct copy of U.S. Registration No. 2,935,038.

### SAMSUNG'S INFRINGING PRODUCTS

54.     Samsung has imported into or sold in the United States the following products, each of which infringes one or more of Apple's Intellectual Property Rights:  the Samsung Captivate, Continuum, Vibrant, Galaxy S 4G, Epic 4G, Indulge, Mesmerize, Showcase,

1    Fascinate, Nexus S, Gem, Transform, Intercept, and Acclaim smart phones and the Samsung

2    Galaxy Tab tablet.

3          55.    Rather than innovate and develop its own technology and a unique Samsung style

4    for its smart phone products and computer tablets, Samsung chose to copy Apple's technology,

5    user interface and innovative style in these infringing products.

6          56.    Samsung's Galaxy family of mobile products, introduced in 2010, is exemplary.

7    The copying is so pervasive, that the Samsung Galaxy products appear to be actual Apple

8    products—with the same rectangular shape with rounded corners, silver edging, a flat surface face

9    with substantial top and bottom black borders, gently curving edges on the back, and a display of

10   colorful square icons with rounded corners.  When a Samsung Galaxy phone is used in public,

11   there can be little doubt that it would be viewed as an Apple product based upon the design alone.

12         57.    Samsung had many options in developing its smart phones.  Indeed, earlier

13   versions of Samsung smart phones did not embody the same combination of elements of Apple's

14   trade dress.  Even the icons in earlier versions of the Samsung smart phones looked different

15   because they had a variety of shapes—and did not appear as a field of square icons with rounded

16   corners.

17         58.    Samsung it chose to infringe Apple's patents, trade dress, and trademark rights

18   through the design, packaging and promotion of its Galaxy mobile phones and the Galaxy Tab

19   computer tablet, and similar products, and it did so willfully to trade upon the goodwill that Apple

20   has developed in connection with its Apple family of mobile products.

**Infringement of Apple's Patents**

22         59.    Samsung's infringement of the Apple utility patents identified in this Complaint

23   provides Samsung with unique functionality for its products that was the result of Apple's

24   innovation, not Samsung's.  Samsung has not obtained permission from Apple to use its

25   inventions in the identified utility patents.

26         60.    Moreover, as the side-by-side comparisons shown below reveal, Samsung has

27   misappropriated Apple's patented mobile phone design in the accused products, including the

28   Samsung Galaxy mobile phone depicted below.



1

**Infringement of Apple's Trade Dress**

2          61.      Samsung announced its Galaxy line of Android-based smart phones in March of

3    2010 in South Korea.  The original model, Galaxy S i9000, is shown below side by side with an

4    iPhone 3GS.

5                    <u>Apple iPhone 3GS</u>                         <u>Galaxy S i9000</u>

6

7

8

9

10                                

11

12

13

14

15

16

17

18

19                  

20

21

22

23

24

25          62.      Each of Samsung's Galaxy phones embodies a combination of several elements of

26   the Apple Product Configuration Trade Dress identified above, namely, a product configuration

27

28   with

1          •          a rectangular product shape with all four corners uniformly rounded;

2          •          the front surface of the product dominated by a screen surface with black borders;

3          •          substantial black borders above and below the screen having roughly equal width

4    and narrower black borders on either side of the screen having roughly equal width;

5          •          a metallic surround framing the perimeter of the top surface;

6          •          a display of a grid of colorful square icons with uniformly rounded corners; and

7          •          a bottom row of icons set off from the other icons and that do not change as the

8    other pages of the user interface are viewed.

9          63.     Samsung also imitated Apple's Product Packaging Trade Dress:



19   Samsung's packaging includes:

20         •          a rectangular box with metallic silver lettering and a large front-view picture of the

21   product prominently on the top surface of the box;

22         •          a two-piece box wherein the bottom piece is completely nested in the top piece;

23   and

24         •          use of a design that cradles products to make them immediately visible upon

25   opening the box.

26         64.     As shown below, Samsung's Galaxy Tab computer tablet also slavishly copies a

27   combination of several elements of the Apple Product Configuration Trade Dress.

28



**Samsung Tab**

Specifically, the Samsung computer tablet has:

- rectangular product shape with all four corners uniformly rounded;

- front surface of the product dominated by a screen surface with black borders;

- substantial black borders on all sides being roughly equal in width; and

- a display of a grid of colorful square icons with uniformly rounded corners.

65.    Samsung's Galaxy Tab computer tablet packaging also features key elements of the Apple Product Packaging Trade Dress for Apple's iPad products.





The following Apple Product Packaging Trade Dress is incorporated in the Samsung Galaxy Tab tablet computer products:

- a rectangular box with metallic silver lettering and a large front-view picture of the product prominently on the top surface of the box;

- a two-piece box wherein the bottom piece is completely nested in the top piece; and

- use of a design that cradles products to make them immediately visible upon opening the box.

### Infringement of Apple's Trademarks

66.      In addition to copying Apple's Product Trade Dress, Samsung has also copied numerous application icons in which Apple had valid trademark rights, as shown below:

<u>Apple Icons</u>                          <u>Samsung Icons</u>

    

    

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Apple Icons | Samsung Icons |
|:---:|:---:|
|  |  |
| |  |
|  |  |
|  |  |
|  |  |

67.     Moreover, the icon that Samsung uses for its music application is virtually identical to the iTunes "Eighth Note and CD" logo that Apple has registered with the United States Patent and Trademark Office:

Apple Icon                    Samsung Icon

      

68.     Samsung's adoption of a trade dress that slavishly copies the Apple Product Trade Dress and its use of various icons that infringe Apple's trademark rights is likely to cause confusion or mistake, or to deceive consumers, purchasers, and others into thinking that Samsung products are Apple products, or that they are sponsored by or affiliated with Apple, when they are not.  The copying is particularly problematic because the Samsung Galaxy products are the type of products that will be used in public—on the bus, in cafes, in stores, or at school, where third parties, who were not present when the products were purchased, will associate them with Apple because they have the unmistakable Apple look that is created from the various elements of the Apple Trade Dress.

69.     Of significant concern for Apple is that Apple devotes a tremendous amount of resources—technical research and development *and* design resources—to develop its cutting edge products.  Part of the cachet of Apple products is the very fact that they consistently stand-out from all of the other products on the market.  Apple's goodwill among consumers is closely tied to its position as an outlier in technology and communications products, which causes each release of a new product to be highly anticipated among consumers who want to be among the early adopters of the newest Apple product.  Samsung's flagrant and relentless copying of Apple's intellectual property rights in its Galaxy family of products not only allows Samsung to

1    reap benefits from Apple's investment, it also threatens to diminish the very important goodwill

2    that Apple has cultivated with its products.

3            70.     On information and belief Samsung's marketing has played up the similarities

4    between its Galaxy family of phones and the Apple iPhone.  On information and belief,

5    Samsung's mobile phones were marketed as the phone that is the closest to the iPhone—for

6    consumers who wanted a product with the distinctive Apple look, but who did not want to pay for

7    the real product.

8            71.     Apple's efforts to address Samsung's pervasive copying of Apple's innovations and

9    intellectual property directly with Samsung have been unsuccessful.  Apple is left with no choice

10    but to file this lawsuit in order to protect one of its most valuable assets—the technology used in

11    and the designs of the iPhone, iPod touch, and the iPad.

12                               **FIRST CLAIM FOR RELIEF**

13                               **(Trade Dress Infringement)**

14                **(Lanham Act Section 43(a), 15 U.S.C. § 1125(a))**

15         72.     Apple incorporates and realleges paragraphs 1 through 71 of this Complaint.

16         73.     Apple is the owner of all right and title to the distinctive iPhone, iPod touch, and

17    iPad trade dress.  The Apple Product Configuration Trade Dress, as embodied in the Apple

18    iPhone, iPod touch, and iPad products, has acquired secondary meaning, and is not functional.  In

19    addition, the Apple Product Packaging Trade Dress, embodied in the packaging for the Apple

20    iPhone and iPad devices, is inherently distinctive and not functional.

21         74.     In addition, based on extensive and consistent advertising, promotion and sales

22    throughout the United States, the Apple Product Trade Dress has acquired distinctiveness and

23    enjoys secondary meaning among consumers, identifying Apple as the source of these products.

24         75.     Apple's extensive promotion of the distinctive Apple Product Trade Dress has

25    resulted in Apple's acquisition of valuable, legally protected rights in the Apple Product Trade

26    Dress as well as considerable customer goodwill.

27         76.     The Samsung Galaxy line of products has misappropriated the Apple Product

28    Trade Dress by mimicking a combination of several elements of that trade dress.

77.   Samsung's manufacture and distribution of the Samsung Galaxy products with packaging, product design, and product user interface features that mimic a combination of several elements of the Apple Product Trade Dress is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Samsung with Apple, or as to the origin, sponsorship, or approval by Apple of Samsung's goods, services or commercial activities.

78.   Samsung's manufacture and distribution of the Samsung Galaxy line of products with packaging, product design and product user interface features that mimic a combination of several elements of the Apple Product Trade Dress enables Samsung to benefit unfairly from Apple's reputation and success, thereby giving Samsung's infringing products sales and commercial value they would not have otherwise.

79.   Samsung's actions constitute unfair competition and false designation or origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

80.   Samsung knew of Apple's Product Trade Dress when it designed its Galaxy line of products, and has refused to change its product or packaging design in response to Apple's repeated objections.  Accordingly, Samsung's infringement has been and continues to be intentional, willful and without regard to Apple's Product Trade Dress.

81.   Apple has been and will continue to be irreparably harmed and damaged by Samsung's conduct, and Apple lacks an adequate remedy at law to compensate for this harm and damage.

82.   Apple is informed and believes, and on that basis alleges, that Samsung has gained profits by virtue of its infringement of the Apple Product Trade Dress.

83.   Apple also has sustained damages as a direct and proximate result of Samsung's infringement of the Apple Product Trade Dress in an amount to be proven at trial.

84.   Because Samsung's actions have been willful, Apple is entitled to treble its actual damages or Samsung's profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

### (Federal Trade Dress Infringement)

### (15 U.S.C. § 1114)

85.     Apple incorporates and realleges paragraphs 1 through 84 of this Complaint.

86.     Apple owns three registrations for the design and configuration of the iPhone.

87.     U.S. Registration No. 3,470,983 is for the overall design of the product, including the rectangular shape, the rounded corners, the silver edges, the black face, and the display of sixteen colorful icons.

88.     U.S. Registration No. 3,457,218 is for the configuration of a rectangular handheld mobile digital electronic device with rounded corners.

89.     U.S. Registration No. 3,475,327 is for a rectangular handheld mobile digital electronic device with a gray rectangular portion in the center, a black band above and below the gray rectangle and on the curved corners, and a silver outer border and side.

90.     The Samsung Galaxy line of products copy and infringe these three trade dress registrations (collectively, "Apple's Registered Trade Dress").

91.     Samsung's manufacture and distribution of the Samsung Galaxy products with packaging, product design, and product user interface features that copy a combination of several elements of Apple's Registered Trade Dress is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Samsung with Apple, or as to the origin, sponsorship, or approval by Apple of Samsung's goods, services or commercial activities.

92.     Samsung's manufacture and distribution of the Samsung Galaxy line of products with packaging, product design and product user interface features that copy a combination of several elements of Apple's Registered Trade Dress enables Samsung to benefit unfairly from Apple's reputation and success, thereby giving Samsung's infringing products sales and commercial value they would not have otherwise.

93.     Prior to Samsung's first use of Apple's Registered Trade Dress, Samsung was aware of Apple's business and had either actual notice and knowledge, or constructive notice of

1   Apple's Registered Trade Dress, and has refused to change its product or packaging design in

2   response to Apple's repeated objections.

3          94.     Samsung's unauthorized use of a trade dress for its Galaxy product line that

4   infringes Apple's Registered Trade Dress is likely, if not certain, to deceive or to cause confusion

5   or mistake among consumers as to the origin, sponsorship or approval of the Samsung Galaxy

6   line of products and/or to cause confusion or mistake as to any affiliation, connection or

7   association between Apple and Samsung, in violation of 15 U.S.C. § 1114(a).

8          95.     Apple is informed and believes, and on that basis alleges, that Samsung's

9   infringement of Apple's Registered Trade Dress as described herein has been and continues to be

10  intentional, willful and without regard to Apple's Registered Trade Dress.

11         96.     Apple is informed and believes, and on that basis alleges, that Samsung has gained

12  profits by virtue of its infringement of Apple's Registered Trade Dress.

13         97.     Apple will suffer and is suffering irreparable harm from Samsung's infringement

14  of Apple's Registered Trade Dress insofar as Apple's invaluable goodwill is being eroded by

15  Samsung's continuing infringement.  Apple has no adequate remedy at law to compensate it for

16  the loss of business reputation, customers, market position, confusion of potential customers and

17  good will flowing from the Samsung's infringing activities.  Pursuant to 15 U.S.C. § 1116, Apple

18  is entitled to an injunction against Samsung's continuing infringement of Apple's Registered

19  Trade Dress.  Unless enjoined, Samsung will continue its infringing conduct.

20         98.     Because Samsung's actions have been committed with intent to damage Apple and

21  to confuse and deceive the public, Apple is entitled to treble its actual damages or Samsung's

22  profits, whichever is greater, and to an award of costs and, this being an exceptional case,

23  reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and 1117(b).

24  **THIRD CLAIM FOR RELIEF**

25  **(Federal Trademark Infringement)**

26  **(15 U.S.C. § 1114)**

27         99.     Apple incorporates and realleges paragraphs 1 through 98 of this Complaint.

28

1    100.    Apple owns seven federal trademark registrations for the distinctive and colorful

2    square application icons used in the user interface for the iPhone, iPod touch, and iPad Registered

3    Icon Trademarks, i.e., the Registered Icon Trademarks.

4    101.    The Samsung Galaxy line of products has infringed the Registered Icon

5    Trademarks by using variations of those application icons in Samsung's products.  The Samsung

6    Galaxy line of products have also infringed Apple's registered iTunes Eighth Note and CD Logo.

7    102.    Samsung's use of its infringing application icons is likely to cause confusion, or to

8    cause mistake, or to deceive the consumer as to the affiliation, connection or association of

9    Samsung with Apple, or as to the origin, sponsorship, or approval by Apple of Samsung's goods,

10    services or commercial activities.

11    103.    Samsung's use of the infringing application icons enables Samsung to benefit

12    unfairly from Apple's reputation and success, thereby giving Samsung's infringing products sales

13    and commercial value they would not have otherwise.

14    104.    Prior to Samsung's first use of the infringing application icons, Samsung was

15    aware of Apple's business and had either actual notice and knowledge, or constructive notice of,

16    Apple's Registered Icon Trademarks.

17    105.    Samsung's unauthorized use of the infringing application icons is likely, if not

18    certain, to deceive or to cause confusion or mistake among consumers as to the origin,

19    sponsorship or approval of the Samsung Galaxy line of products and/or to cause confusion or

20    mistake as to any affiliation, connection or association between Apple and Samsung, in violation

21    of 15 U.S.C. § 1114(a).

22    106.    Apple is informed and believes, and on that basis alleges, that Samsung's

23    infringement of Apple's Registered Icon Trademarks as described herein has been and continues

24    to be intentional, willful and without regard to Apple's rights.

25    107.    Apple is informed and believes, and on that basis alleges, that Samsung has gained

26    profits by virtue of its infringement of Apple's Registered Icon Trademarks.

27    108.    Apple will suffer and is suffering irreparable harm from Samsung's infringement

28    of Registered Icon Trademarks insofar as Apple's invaluable good will is being eroded by

APPLE INC.'S COMPLAINT
sf-2981926

29

1   Samsung's continuing infringement.  Apple has no adequate remedy at law to compensate it for

2   the loss of business reputation, customers, market position, confusion of potential customers and

3   good will flowing from the Samsung's infringing activities.  Pursuant to 15 U.S.C. § 1116, Apple

4   is entitled to an injunction against Samsung's continuing infringement of Apple's Registered Icon

5   Trademarks.  Unless enjoined, Samsung will continue its infringing conduct.

6       109.   Because Samsung's actions have been committed with intent to damage Apple and

7   to confuse and deceive the public, Apple is entitled to treble its actual damages or Samsung's

8   profits, whichever is greater, and to an award of costs and, this being an exceptional case,

9   reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and 1117(b).

10                          **FOURTH CLAIM FOR RELIEF**

11                       **(Common Law Trademark Infringement)**

12      110.   Apple incorporates and realleges paragraphs 1 through 109 of this Complaint.

13      111.   Apple has prior rights in Apple's Registered Icon Trademarks and the Purple

14  iTunes Store Trademark.

15      112.   The Samsung Galaxy line of products have infringed Apple's Registered Icon

16  Trademarks and the Purple iTunes Store Trademark by using identical or similar application icons

17  in Samsung's products.

18      113.   Samsung's use of its infringing application icons is likely to cause confusion, or to

19  cause mistake, or to deceive the consumer as to the affiliation, connection or association of

20  Samsung with Apple, or as to the origin, sponsorship, or approval by Apple of Samsung's goods,

21  services or commercial activities.

22      114.   Samsung's use of the infringing application icons enables Samsung to benefit

23  unfairly from Apple's reputation and success, thereby giving Samsung's infringing products sales

24  and commercial value they would not have otherwise.

25      115.   Prior to Samsung's first use of the infringing application icons, Samsung was

26  aware of Apple's business and had either actual notice and knowledge, or constructive notice of

27  Apple's Registered Icon Trademarks and the Purple iTunes Store Trademark.

28

116.     Samsung's unauthorized use of the infringing application icons is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of the Samsung Galaxy line of products and/or to cause confusion or mistake as to any affiliation, connection or association between Apple and Samsung, in violation of 15 U.S.C. § 1114(a).

117.     Apple is informed and believes, and on that basis alleges, that Samsung's infringement of Apple's Registered Icon Trademarks and the Purple iTunes Store Trademark as described herein has been and continues to be intentional, willful and without regard to Apple's rights in its Registered Icon Trademarks and the Purple iTunes Store Trademark.

118.     Apple is informed and believes, and on that basis alleges, that Samsung has gained profits by virtue of its infringement of Apple's Registered Icon Trademarks and the Purple iTunes Store Trademark.

119.     Apple will suffer and is suffering irreparable harm from Samsung's infringement of Apple's Registered Icon Trademarks and the Purple iTunes Store Trademark insofar as Apple's invaluable good will is being eroded by Samsung's continuing infringement.  Apple has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers and good will flowing from the Samsung's infringing activities.  Apple is entitled to an injunction against Samsung's continuing infringement of Apple's Registered Icon Trademarks and the Purple iTunes Store Trademark.  Unless enjoined, Samsung will continue its infringing conduct.

120.     Because Samsung's actions have been committed with intent to damage Apple and to confuse and deceive the public, Apple is entitled to treble its actual damages or Samsung's profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and 1117(b).

## FIFTH CLAIM FOR RELIEF

**(Unfair Business Practices – California Business and Professions Code § 17200, *et seq.*)**

121.     Apple incorporates and realleges paragraphs 1 through 120 of this Complaint.

122.   The acts of Samsung described above constitute fraudulent and unlawful business practices as defined by California Business & Professions Code § 17200, *et seq.*

123.   Apple has valid and protectable prior rights in the Apple Product Trade Dress, the Registered Trade Dress, the iTunes Eighth Note and CD Design Trademark, the Purple iTunes Store Trademark, and the Registered Icon Trademarks.  The Apple Product Trade Dress and the Registered Trade Dress do not serve any function other than to identify Apple as the source of its mobile products.  The Apple Product Trade Dress and the Registered Trade Dress are inherently distinctive, and, through Apple's long use, have come to be associated solely with Apple as the source of the products on which it is used.

124.   Samsung's use of its infringing trade dress is likely to cause confusion as to the source of Samsung's products and is likely to cause others to be confused or mistaken into believing that there is a relationship between Samsung and Apple or that Samsung's products are affiliated with or sponsored by Apple.

125.   The above-described acts and practices by Samsung are likely to mislead or deceive the general public and therefore constitute fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq.*

126.   The above-described acts constitute unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and trademark and trade dress infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and are therefore unlawful acts in violation of California Business & Professions Code §§ 17200, *et seq.*

127.   Samsung acted willfully and intentionally in designing its infringing trade dress, with full knowledge of Samsung's prior rights in the distinctive Apple Product Trade Dress, Registered Trade Dress, the iTunes Eighth Note and CD Design Trademark, the Purple iTunes Store Trademark, and the Registered Icon Trademarks and with an intent to cause confusion or mistake or to deceive customers into believing that there is an affiliation between Samsung and Apple or between Samsung's products and Apple's products.

128.   The unlawful and fraudulent business practices of Samsung described above present a continuing threat to, and is meant to deceive members of, the public in that Samsung

continues to promote its products by wrongfully trading on the goodwill of the Apple Product Trade Dress, Registered Trade Dress, the iTunes Eighth Note and CD Design Trademark, Purple iTunes Store Trademark, and the Registered Icon Trademarks.

129.   As a direct and proximate result of these acts, Samsung has received, and will continue to profit from, the strength of the Apple Product Trade Dress, Registered Trade Dress, the iTunes Eighth Note and CD Design Trademark, the Purple iTunes Store Trademark, and the Registered Icon Trademarks.

130.   As a direct and proximate result of Samsung's wrongful conduct, Apple has been injured in fact and has lost money and profits, and such harm will continue unless Samsung's acts are enjoined by the Court.  Apple has no adequate remedy at law for Samsung's continuing violation of Apple's rights.

131.   Samsung should be required to restore to Apple any and all profits earned as a result of their unlawful and fraudulent actions, or provide apple with any other restitutionary relief as the Court deems appropriate.

### SIXTH CLAIM FOR RELIEF

### (Unjust Enrichment)

132.   Apple incorporates and realleges paragraphs 1 through 131 of this Complaint.

133.   As a result of the conduct alleged herein, Samsung has been unjustly enriched to Apple's detriment.  Apple seeks a worldwide accounting and disgorgement of all ill gotten gains and profits resulting from Samsung's inequitable activities.

### SEVENTH CLAIM FOR RELIEF

### (Infringement of the '022 Patent)

134.   Apple incorporates and realleges paragraphs 1 through 133 of this Complaint.

135.   Samsung has infringed and continues to infringe one or more claims of the '022 Patent by using, selling and/or offering to sell, in the United States and/or importing into the United States, one or more of the Samsung mobile communication devices identified in this Complaint.  Samsung's infringing activities violate 35 U.S.C. § 271.

1

2

**EIGTH CLAIM FOR RELIEF**

**(Infringement of the '381 Patent)**

3        136.    Apple incorporates and realleges paragraphs 1 through 135 of this Complaint.

4        137.    Samsung has infringed and continues to infringe one or more claims of the '381

5   Patent by using, selling and/or offering to sell, in the United States and/or importing into the

6   United States, one or more of the Samsung mobile communication devices identified in this

7   Complaint.  Samsung's infringing activities violate 35 U.S.C. § 271.

8

9

**NINTH CLAIM FOR RELIEF**

**(Infringement of the '134 Patent)**

10       138.    Apple incorporates and realleges paragraphs 1 through 137 of this Complaint.

11       139.    Samsung has infringed and continues to infringe one or more claims of the '134

12  Patent by using, selling and/or offering to sell, in the United States and/or importing into the

13  United States, one or more of the Samsung mobile communication devices identified in this

14  Complaint.  Samsung's infringing activities violate 35 U.S.C. § 271.

15

16

**TENTH CLAIM FOR RELIEF**

**(Infringement of the '828 Patent)**

17       140.    Apple incorporates and realleges paragraphs 1 through 139 of this Complaint.

18       141.    Samsung has infringed and continues to infringe one or more claims of the '828

19  Patent by using, selling and/or offering to sell, in the United States and/or importing into the

20  United States, one or more of the Samsung mobile communication devices identified in this

21  Complaint.  Samsung's infringing activities violate 35 U.S.C. § 271.

22

23

**ELEVENTH CLAIM FOR RELIEF**

**(Infringement of the '915 Patent)**

24       142.    Apple incorporates and realleges paragraphs 1 through 141 of this Complaint.

25       143.    Samsung has infringed and continues to infringe one or more claims of the '915

26  Patent by using, selling and/or offering to sell, in the United States and/or importing into the

27  United States, one or more of the Samsung mobile communication devices identified in this

28  Complaint.  Samsung's infringing activities violate 35 U.S.C. § 271.

**TWELFTH CLAIM FOR RELIEF**

**(Infringement of the '891 Patent)**

144.    Apple incorporates and realleges paragraphs 1 through 143 of this Complaint.

145.    Samsung has infringed and continues to infringe one or more claims of the '891 Patent by using, selling and/or offering to sell, in the United States and/or importing into the United States, one or more of the Samsung mobile communication devices identified in this Complaint.  Samsung's infringing activities violate 35 U.S.C. § 271.

**THIRTEENTH CLAIM FOR RELIEF**

**(Infringement of the '533 Patent)**

146.    Apple incorporates and realleges paragraphs 1 through 145 of this Complaint.

147.    Samsung has infringed and continues to infringe one or more claims of the '533 Patent by using, selling and/or offering to sell, in the United States and/or importing into the United States, one or more of the Samsung mobile communication devices identified in this Complaint.  Samsung's infringing activities violate 35 U.S.C. § 271.

**FOURTEENTH CLAIM FOR RELIEF**

**(Infringement of the 'D790 Patent)**

148.    Apple incorporates and realleges paragraphs 1 through 147 of this Complaint.

149.    Samsung has infringed and continues to infringe the 'D790 Patent by using, selling and/or offering to sell in the United States, and/or importing into the United States one or more of the Samsung mobile communication devices identified in this Complaint, which embody the design covered by the 'D790 design patent.

**FIFTEENTH CLAIM FOR RELIEF**

**(Infringement of the 'D016 Patent)**

150.    Apple incorporates and realleges paragraphs 1 through 149 of this Complaint.

151.    Samsung has infringed and continues to infringe the 'D016 Patent by using, selling and/or offering to sell in the United States, and/or importing into the United States one or more of the Samsung mobile communication devices identified in this Complaint, which embody the design covered by the 'D016 design patent.

## SIXTEENTH CLAIM FOR RELIEF

### (Infringement of the 'D677 Patent)

152.    Apple incorporates and realleges paragraphs 1 through 151 of this Complaint.

153.    Samsung has infringed and continues to infringe the 'D677 Patent by using, selling and/or offering to sell in the United States, and/or importing into the United States one or more of the Samsung mobile communication devices identified in this Complaint, which embody the design covered by the 'D677 design patent.

## PRAYER FOR RELIEF

WHEREFORE, Apple prays for relief, as follows:

1.    A judgment that Samsung has infringed one of more claims of each of Apple's asserted patents;

2.    An order and judgment preliminarily and permanently enjoining Samsung and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of Apple's asserted patents;

3.    A judgment awarding Apple all damages adequate to compensate for Samsung's infringement of Apple's asserted patents, and in no event less than a reasonable royalty for Samsung's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4.    A judgment awarding Apple all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest

5.    An order preliminarily and permanently enjoining Samsung and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from directly or indirectly infringing the Apple Product Trade Dress, Registered Icon Trademarks, Purple iTunes Store Trademark, and iTunes Eighth Note and CD Design Trademark, or using any other product or packaging design or designations similar to or likely to cause confusion with the Apple Product Trade Dress, Registered Icon Trademarks, Purple iTunes Store Trademark, and iTunes

1 | Eighth Note and CD Design Trademark; from passing off Samsung's products as being associated

2 | with and or sponsored or affiliated with Apple; from committing any other unfair business

3 | practices directed toward obtaining for themselves the business and customers of Apple; and from

4 | committing any other unfair business practices directed toward devaluing or diminishing the

5 | brand or business of Apple.

6 |      6.    Actual damages suffered by Apple as a result of Samsung's unlawful conduct, in

7 | an amount to be proven at trial, as well as prejudgment interest as authorized by law;

8 |      7.    Reasonable funds for future corrective advertising;

9 |      8.    An accounting of Samsung's profits pursuant to 15 U.S.C. § 1117;

10 |      9.    A judgment trebling any damages award pursuant to 15 U.S.C. § 1117;

11 |     10.    Punitive damages pursuant to California Civil Code § 3294;

12 |     11.    Restitutionary relief against Samsung and in favor of Apple, including

13 | disgorgement of wrongfully obtained profits and any other appropriate relief;

14 |     12.    Costs of suit and reasonable attorneys' fees; and

15 |     13.    Any other remedy to which Apple may be entitled, including all remedies provided

16 | for in 15 U.S.C. § 1117, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, 17500, *et seq.*, and under any

17 | other California law.

18 |

19 | Dated: April 15, 2011                HAROLD J. MCELHINNY
                                   MICHAEL A. JACOBS

20 |                                    JENNIFER LEE TAYLOR
                                   JASON R. BARTLETT
                                   MORRISON & FOERSTER LLP

21 |

22 |

23 |                               By: _____
                                   MICHAEL A. JACOBS

24 |                                    Attorneys for Plaintiff

25 |                                    APPLE INC.

26 |

27 |

28 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Apple hereby demands trial by jury on all issues raised by the Complaint.

Dated: April 15, 2011

HAROLD J. MCELHINNY
MICHAEL A. JACOBS
JENNIFER LEE TAYLOR
JASON R. BARTLETT
MORRISON & FOERSTER LLP

By: _____
MICHAEL A. JACOBS

Attorneys for Plaintiff
APPLE INC.