HAROLD J. MCELHINNY (CA SBN 66781)
HMcElhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
JTaylor@mofo.com
JASON R. BARTLETT (CA SBN 214530)
JasonBartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                    Plaintiff,<br><br>           v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company.,<br><br>                    Defendants. | Case No.    4:11-cv-01846-LB<br><br>**PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY**<br><br>Date:  May 3, 2011<br>Time:  9:00 a.m.<br>Place:<br>Judge: |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 3 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, Plaintiff Apple Inc. shall and hereby does move the Court for an order expediting discovery.  This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declaration of Jason R. Bartlett; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

1
2   Dated: April 19, 2011                    HAROLD J. MCELHINNY
                                             MICHAEL A. JACOBS
3                                            JENNIFER LEE TAYLOR
                                             JASON R. BARTLETT
4                                            MORRISON & FOERSTER LLP

5
6                                            By:  /s/ Michael A. Jacobs
                                                  MICHAEL A. JACOBS
7
                                                  Attorneys for Plaintiff
8                                                 APPLE INC.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

                                                          **Page**

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................. 1

FACTUAL BACKGROUND ........................................................................................................ 1

ARGUMENT ................................................................................................................................. 6

I.     EXPEDITED DISCOVERY IS NEEDED TO MITIGATE THE RISK OF PREJUDICE ............................................................................................................. 6

II.    SAMSUNG IS BLATANTLY INFRINGING APPLE'S INTELLECTUAL PROPERTY RIGHTS ...................................................................................................... 7

III.   APPLE'S REQUEST FOR EXPEDITED DISCOVERY SHOULD BE GRANTED ........................................................................................................................ 9

CONCLUSION ............................................................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Hard Drive Prods., Inc. v. Does 1-118*,
   No. 11-cv-1567 LB, 2011 WL 1431612 (N.D. Cal. April 14, 2011) ...................................... 10

*In re Countrywide Fin. Corp. Deriv. Litig.*,
   542 F. Supp. 2d 1160 (C.D. Cal. 2008) ................................................................................ 10

*Interserve, Inc. v. Fusion Garage PTE, Ltd.*,
   No. 09-cv-05812 JW (PVT), 2010 WL 143665 (N.D. Cal. Jan. 7, 2010) .............................. 10

*IO Grp., Inc. v. Does 1–65*,
   No. 10-cv-4377 SC, 2010 WL 4055667 (N.D. Cal. Oct. 15, 2010) ....................................... 10

*KLA-Tencor Corp. v. Murphy*,
   717 F. Supp. 2d 895 (N.D. Cal. 2010) .................................................................................. 12

*Semitool, Inc. v. Tokyo Electron Am., Inc.*,
   208 F.R.D. 273 (N.D. Cal. 2002) ............................................................................. 10, 11, 12

*Trak, Inc. v. Benner Ski KG*,
   475 F. Supp. 1076 (D. Mass. 1979) ........................................................................................ 7

*Zynga Game Network Inc. v. Williams*,
   No. 10-cv-1022 JF (PVT), 2010 WL 2077191 (N.D. Cal. May 20, 2010) ............................ 11

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure
   Rule 26(d) ....................................................................................................................... 10, 11
   Rule 26(f) ............................................................................................................................... 11

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Apple Inc. ("Apple") moves this Court to allow Apple to take limited expedited discovery of defendants Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung") regarding products that Apple believes Samsung intends to introduce imminently to the U.S. market that would infringe Apple's intellectual property. Samsung's sales of such infringing products have the potential to cause irreparable harm to Apple. Conversely, compliance with the narrowly tailored discovery requests Apple seeks in this motion will not prejudice Samsung.

Accordingly, Apple requests an order requiring Samsung to produce samples of its forthcoming mobile devices and to make available a witness to testify about them on an expedited basis. Such an order will allow Apple to assess the extent to which Samsung's soon-to-be-released products will infringe Apple's intellectual property rights before the products become entrenched in the marketplace.

## FACTUAL BACKGROUND

On April 15, 2011, Apple sued Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC in the above-captioned action for infringement of its trademarks, trade dress, and utility and design patents in the revolutionary iPhone mobile phone and iPad tablet computer. The Samsung products accused in the complaint include, among others, Samsung's "Galaxy" line of mobile devices. (D.I. 1 at ¶¶ 54-56.)

Apple's complaint details a pattern and practice by Samsung of copying Apple's patents, trademarks, trade dress, and other intellectual property in connection with mobile devices. The Samsung Galaxy series of products accused in the complaint is exemplary. Below are Samsung's existing Galaxy products set side-by-side with Apple's design patents. Samsung imitates the rectangular product shape with all four corners uniformly rounded, the screen surface with black borders, the substantial black borders above and below the screen, the metallic surround framing the perimeter of the top surface, the display of a grid of colorful square icons, and the bottom row

1  of icons set off from the other icons and that do not change as the other pages of the user interface
2  are viewed.

| 'D677 Patent | |
|---|---|
|  |  |
| 'D790 Patent | |
|    FIGURE |  |
| 'D016 Patent | |
|  |  |

1    According to press accounts, Samsung is now ramping up its wholesale misappropriation
2 of Apple's intellectual property.  As discussed below, Samsung has announced its intent
3 imminently to introduce new products that appear to be designed to infringe Apple's iPhone and
4 iPad intellectual property.  Indeed, it appears that Samsung even *delayed* the introduction of one
5 of its new products to give it additional time to mimic more closely Apple's latest products.

6    The press follows Samsung's new mobile product plans closely and frequently notes the
7 similarity between Samsung's products and Apple's designs.  Apple understands that one product
8 that Samsung intends to introduce imminently is its new tablet computer, dubbed the "Galaxy
9 Tablet 10.1."  Samsung exhibited the Galaxy Tablet 10.1 for the first time in February 2011 at an
10 industry conference in Barcelona, Spain.  (*See* Declaration of Jason R. Bartlett ("Bartlett Decl.")
11 Ex. 1 (Report titled "LIVE FROM BARCELONA: Check Out The New 10-Inch Samsung
12 Galaxy Tab")).  The Internet website Business Insider (whose reporters disclosed that they had
13 been flown in and hosted courtesy of Samsung) reported "live from Barcelona" that:

> The "Galaxy Tab 10.1," as it's called, is basically an iPad-sized
> version of the Galaxy Tab. . . . From the front, it looks like an iPad,
> just made out of high-end plastic instead of metal . . . .

16 (*Id*. at 1.)  A few days later, the Internet website "Boy Genius" ran a report titled "Samsung
17 Galaxy Tab 10.1 hands-on," that included images of a sample of the new product.  (Bartlett Decl.
18 Ex. 2).



**Samsung New Galaxy Tab Product, according to "Boy Genius" Internet Report, February 13, 2011**

1  Samsung's plans to introduce this new product, however, were interrupted, apparently by
2  Apple's own product introduction.  On March 2, Apple announced and demonstrated a new
3  generation of its iPad tablet computer, the "iPad 2."  (*See* Bartlett Decl. Ex. 3 (CNNMoney.com
4  article titled "iPad 2: Thinner, faster, and with a Steve Jobs surprise")).  Korean media quoted a
5  Samsung representative shortly thereafter as saying that modifications and improvements to
6  Samsung's new Tablet would be made in light of the recently revealed iPad 2.  (*See* Bartlett Decl.
7  Ex. 4 (NBC Bay Area report titled "iPad 2 Sends Galaxy Tab Back to the Drawing Board"); *see*
8  *also* Ex. 5 ("Boy Genius" report titled "Samsung considers Galaxy Tab 10.1 overhaul following
9  iPad 2 unveiling")).

10  Samsung appears to be doing exactly that.  On March 22, at an industry conference in
11  Orlando, Florida, Samsung unveiled a tablet computer prototype, the "Galaxy Tab 8.9."  (*See*
12  Bartlett Decl. Ex 6 ("Boy Genius" report titled "Samsung announces Galaxy Tab 8.9 Android
13  Honeycomb tablet")).  The images carried on the Boy Genius report suggest that this new product
14  will, indeed, copy the iPad 2:

 

**Apple iPad 2**          **Samsung New Galaxy Tab Product, According to "Boy Genius" Internet Report, March 22, 2011**

1  According to Samsung, the release date of the Tab 10.1 in the United States will be June 8, while
2  the release date of the Tab 8.9 will be "early this summer." (*See* Bartlett Decl. Ex. 7 (Samsung
3  Mobile Announcements)).

4  Reports also indicate that Samsung is poised to introduce a new mobile phone that mimics
5  Apple's iPhone mobile phone. One such report published on February 13, 2011 showed
6  prototypes of the new Galaxy S2 phone. (*See* Bartlett Decl. Ex. 8 (TalkAndroid.com website
7  article titled "Samsung Galaxy S2 i9100 specs, price revealed on UK website")). An image
8  shown on this website is set side-by-side below next to Apple's current generation iPhone 4
9  mobile phone.



**Apple iPhone 4**

**Samsung New Galaxy S2 Product, According to "talkandroid.com" Internet report**

23  Tellingly, reader "comments" in response to the talkandroid.com post immediately noted the
24  similarity between the products. One user asks rhetorically: "picture looks like iphone 4 with
25  samsung on it?" (*Id*. at 3). Another chided, "That just looks like an iPhone, all the way down to
26  the icons. C'mon samsung…" (*Id.*).

27  Today, the ComputerWeekly.com's "Inspect-a-Gadget" columnist ran a review of the
28  "hotly anticipated" Galaxy S2. Under the heading "Looks," the columnist commented

> This is the saddest part of this review. While the phone doesn't look bad, Samsung for some reason feels they need to copy Apple's products almost exactly . . . the main difference is the fact that the home button is a rectangle as oppose[d] to the iPhone's circle. Otherwise, physically, it's kind of difficult to tell them apart.

(Bartlett Decl. Ex. 9). The columnist also noted that this copying is part of a pattern for Samsung, writing "Samsung did this with the original Galaxy S resembling the iPhone 3GS . . . ." (*Id.*)

To Apple's knowledge, Samsung has not announced the release date of the S2 in the United States. Internet reports suggest that the release will be in the coming months.

Service of a copy of the complaint and this motion on Samsung Electronics America, Inc.'s and Samsung Telecommunications America, LLC's registered service agents was initiated on April 19, and is expected to be completed by April 20. (Bartlett Decl. ¶ 14). Apple has not yet served Samsung Electronics Co., Ltd., which is a Korean entity. Samsung's counsel has not yet appeared. Accordingly, Apple has not yet been able to confer with Samsung regarding Apple's discovery requests. Once Samsung's counsel has appeared, Apple will meet and confer with Samsung regarding whether it will agree to provide the documents and testimony requested here on an expedited basis. Apple will report to the Court on the outcome of those discussions as soon as practicable.

## ARGUMENT

Samsung's relentless copying of Apple's intellectual property must be stopped. Apple conceived, created, perfected, made, and promoted two lines of revolutionary mobile products at tremendous expense. If Internet reports about Samsung's new product line are to be believed, Samsung is engaged in what can only be characterized as a willful campaign to free ride on that investment by ripping off Apple's registered trademarks, trade dress, design patents, and utility patents.

### I. EXPEDITED DISCOVERY IS NEEDED TO MITIGATE THE RISK OF PREJUDICE

Time is of the essence. If discovery is delayed, Samsung's infringing products may become established in the marketplace during the period of delay. That would harm both parties. Apple would be harmed because it would suffer continued violations of its exclusive rights and

1  erosion of its valuable distinctiveness in the market.  Expedited discovery now will enable Apple
2  to take early action to stop the infringing activity before it becomes pervasive and established.
3        Expediting these proceedings would inure to the benefit of Samsung as well.  Courts have
4  recognized that it may be less prejudicial to enjoin a defendant that has invested fewer resources
5  in an infringing product than to wait until the defendant has invested more resources in a product,
6  and then later enjoin its use.  *See, e.g., Trak, Inc. v. Benner Ski KG*, 475 F. Supp. 1076, 1078 (D.
7  Mass. 1979) (holding that enjoining defendant at commencement of sales campaign would "nip[]
8  the operation in the bud" whereas denial of preliminary relief would result in defendant's
9  entrenchment, "making permanent relief more problematical").  Thus, there is no cause to delay
10 discovery, and ample cause to expedite it.

11 **II.   SAMSUNG IS BLATANTLY INFRINGING APPLE'S INTELLECTUAL PROPERTY RIGHTS**
12
13       If the Internet reports cited above are accurate, Samsung's new products are sure to
14 infringe Apple's registered trademarks, trade dress, design patents, and utility patents.  Advance
15 images indicate that Samsung's products will mimic Apple's protected designs in the iPhone and
16 iPad.  A sample of Apple's design patents and trademark registrations asserted in the complaint
17 are set forth below next to a picture of Samsung's forthcoming Galaxy S2:
18
19
20
21
22
23
24
25
26
27
28

| Apple Design Patent 'D790 | Samsung Galaxy S2 |
|---|---|
|  |  |
| **Apple Design Patent 'D677 Patent** | |
|  | |
| **Apple Trademark Phone Icon** | |
|  | |

The overlap between Samsung's new products and Apple's intellectual property is unmistakable. Samsung imitates the rectangular product shape with rounded corners, the flat screen surface with black borders above and below the screen, the metallic surround, the display of a grid of colorful square icons, the bottom row of icons set off from the other icons, and even the green "phone" icon in the lower left corner of the device having a white handset tilted left 45 degrees – itself a registered Apple trademark.

In addition to infringing Apple's design rights, it is highly likely that Samsung's new products will infringe the Apple utility patents. For example, Apple has asserted two patents

covering fundamental technologies used in many high-end mobile device touch interfaces.[1]  The patents relate to detecting a user's touch, interpreting it, and performing various actions in response such as selecting, scrolling, pinching and zooming.  Apple cannot confirm the extent of infringement until the devices are actually available to Apple in their final form.  Given Samsung's past conduct and the copycat products it has sold to date, however, Apple believes that Samsung will continue to infringe the patents that Apple has asserted in this suit.

### III. APPLE'S REQUEST FOR EXPEDITED DISCOVERY SHOULD BE GRANTED

In this expedited motion, Apple's requests:

(1) a domestic production model[2] of the Galaxy S2, along with its commercial packaging and initial release marketing materials;

(2) a domestic production model of the Galaxy Tab 8.9, along with its commercial packaging and initial release marketing materials;

(3) a domestic production model of the Galaxy Tab 10.1, along with its commercial packaging and initial release marketing materials;

(4) a domestic production model of the Infuse 4G, along with its commercial packaging and initial release marketing materials;

(5) a domestic production model of the 4G LTE (or "Droid Charge"), along with its commercial packaging and initial release marketing materials;

(6) documents relating to any copying of design elements of, or attempts to design around Apple's intellectual property relating to, the iPhone 4, iPad, and iPad 2; and

---

[1] *See, e.g.,* U.S. Patent No. 7,812,828, titled "Ellipse Fitting for Multi-Touch Surfaces," claiming an "[a]pparatus and methods . . . for simultaneously tracking multiple finger and palm contacts as hands approach, touch, and slide across a proximity-sensing, multi-touch surface," and U.S. Patent No. 7,844,915, titled "Application Programming Interfaces for Scrolling Operations, claiming "[a] machine implemented method for scrolling on a touch-sensitive display or a device . . ."  Internet reports indicate that both the Galaxy Tab 8.9 and 10.1 will employ a "multi-touch display."  (Bartlett Decl. Exs. 10-11.)

[2] By "domestic production model," Apple means a final, commercial version of a product to be sold in the United States.

1   (7) a 30(b)(6) deposition in the United States of a Samsung corporate
2   representative regarding the following topics:
3   (a) The design, function and operation of the shells and graphical user
4   interfaces of the Galaxy S2, Galaxy Tab 8.9, Galaxy Tab 10.1, Infuse 4G,
5   and 4G LTE;
6   (b) Any copying of design elements from the iPhone 4, iPad, and iPad 2;
7   and
8   (c) Any attempts to design around the iPhone 4, iPad, and iPad 2.
9   These requests are narrowly tailored. Samsung will suffer no undue burden in responding to
10  them. As set forth in the Proposed Order accompanying this motion, Apple requests that
11  Samsung produce documents within two weeks of the anticipated date of the order, and that the
12  deposition be held two days later on May 19. If expedited discovery is not ordered, then no
13  discovery will begin until after the Rule 26(f) conference, which is likely to be months away.
14  Federal Rule of Civil Procedure 26(d) notes that early discovery may be permitted by
15  court order, and "[i]n the Ninth Circuit, courts use the 'good cause' standard to determine whether
16  discovery should be allowed to proceed prior to a Rule 26(f) conference." *Interserve, Inc. v.*
17  *Fusion Garage PTE, Ltd*., No. 09-cv-05812 JW (PVT), 2010 WL 143665, at *2 (N.D. Cal. Jan. 7,
18  2010) (internal citation omitted); *see also Hard Drive Prods., Inc. v. Does 1-118*, No. 11-cv-1567
19  LB, 2011 WL 1431612, at *2 (N.D. Cal. April 14, 2011) (same); *IO Grp., Inc. v. Does 1–65,* No.
20  10-cv-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010) (same); *In re Countrywide*
21  *Fin. Corp. Deriv. Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) (same).
22  "Good cause may be found where the need for expedited discovery, in consideration of
23  the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v.*
24  *Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002); *Zynga Game Network Inc. v.*
25  *Williams*, No. 10-cv-1022 JF (PVT), 2010 WL 2077191, at *2 (N.D. Cal. May 20, 2010) (citing
26  *Semitool*). "[C]ourts have recognized that good cause is frequently found in cases involving
27  claims of infringement and unfair competition." *Semitool,* 208 F.R.D. at 276; *see also*
28  *Zynga*, 2010 WL 2077191, at *2; Advisory Committee Notes to the 1993 amendments to Rule

1  26(d) (Discovery before the Rule 26(f) conference "will be appropriate in some cases, such as

2  those involving requests for a preliminary injunction or motions challenging personal

3  jurisdiction").

4        Factors to consider in determining good cause include (1) the purpose of the requested

5  early discovery; (2) whether the discovery requests are narrowly tailored; (3) whether the

6  discovery burdens the defendants; (4) whether the defendants are able to respond to the requests

7  in an expedited manner; and (5) how far in advance of the formal start of discovery the request is

8  made. *See Semitool,* 208 F.R.D. at 276-77.

9        Regarding the first factor, Apple's request falls squarely in the exception to the standard

10  discovery rule contemplated by Rule 26(d) for cases involving claims of infringement and

11  requests for a preliminary injunction.  The discovery that Apple requests, as in *Semitool*, is

12  "core . . . to the underlying case," and is information which "w[ould] be produced in the normal

13  course of discovery."  *Semitool,* 208 F.R.D. at 276.  The Samsung products, packaging and

14  related marketing materials are likely the best evidence of Samsung's infringement of Apple's

15  intellectual property.  Moreover, Apple requires the actual products themselves to evaluate the

16  functionality of Samsung's products' interfaces, including inspection of the application icons

17  used in these products.  Apple also has ample basis to suspect that Samsung is actively copying

18  Apple's technology.  For instance, Apple intends to explore through discovery whether, as

19  Samsung's executive seemed to suggest and subsequent product announcements appear to

20  confirm, Samsung is retooling its new Galaxy Tabs to emulate more closely Apple's proprietary

21  designs and features.

22        Without an order permitting expedited discovery, Apple would be required to wait until

23  Samsung's new products are commercially available, and would be forced to suffer the attendant

24  irreparable harm that comes with sales of infringing products.  This motion represents Apple's

25  only opportunity to obtain information to preserve the status quo, and to develop the record

26  before it is too late.

27        Regarding the second factor, Apple requests expedited production of only a limited

28  number of products, packaging, and documents, in addition to a deposition on the design of those

1     products. There can be no question that these requests are narrowly tailored to the specific issue
2     at hand – the potential infringement by Samsung's upcoming products. Apple's requests are even
3     more limited than the "technical specifications, schematics, maintenance manuals, user or
4     operating manuals and documents to show the physical configuration and operation of the
5     [accused product]" that the court in *Semitool* ordered be produced on an expedited basis.
6     *Semitool,* 208 F.R.D. at 276. The requested corporate deposition topics are also narrow in scope
7     and designed solely to assist Apple in determining the extent of Samsung's infringement.
8     Because depositions are also routinely permitted in these circumstances, the Court should permit
9     Apple to propound this limited discovery. *See, e.g.*, *KLA-Tencor Corp. v. Murphy*, 717 F. Supp.
10    2d 895, 898 (N.D. Cal. 2010) (noting that the court had "granted plaintiff leave to take expedited
11    discovery, including oral depositions of the individual defendants" in connection with a motion
12    for preliminary injunction).
13            Regarding the third and fourth factors, Samsung will not be burdened by the early
14    production of discovery, and is certainly capable of responding to these requests in an expedited
15    manner. As described above, Samsung has already announced and publicly demonstrated the
16    products that are the subject of this motion, and is in sole possession of these products. Because
17    of the narrow scope of the requested discovery, whatever logistical issues Samsung may
18    encounter in collecting samples of products which are scheduled to go on sale in the near future
19    would be minimal, and certainly outweighed by the potential harm to Apple. Likewise, the
20    burden to Samsung in having to prepare a corporate representative on the design of products that
21    have featured so prominently in the news over the past two months would be negligible.
22    Accordingly, these factors also weigh in favor of expedited discovery. *See, e.g.*, *Interserve,* 2010
23    WL 143665, at *2 (permitting expedited discovery regarding the imminent release of a tablet
24    computer device because "the administration of justice outweigh[ed] the prejudice to the
25    responding party," including any "logistical inconvenience").
26            Finally, though Apple's request is made substantially in advance of the formal start of
27    discovery, the circumstances here justify expediting the requested discovery. The critical nature
28    of the limited number of documents and products requested, as well as the lack of any real burden

or prejudice to Samsung in producing those materials and making a witness available to testify regarding them, counsel for the granting of Apple's motion.

## CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court order Samsung to produce the following on an expedited basis:

(1) a domestic production model of the Galaxy S2, along with its commercial packaging and initial release marketing materials;

(2) a domestic production model of the Galaxy Tab 8.9, along with its commercial packaging and initial release marketing materials;

(3) a domestic production model of the Galaxy Tab 10.1, along with its commercial packaging and initial release marketing materials;

(4) a domestic production model of the Infuse 4G, along with its commercial packaging and initial release marketing materials;

(5) a domestic production model of the 4G LTE (or "Droid Charge"), along with its commercial packaging and initial release marketing materials;

(6) documents relating to any copying of design elements of, or attempts to design around Apple's intellectual property relating to, the iPhone 4, iPad, and iPad 2; and

(7) a 30(b)(6) corporate witness in the United States regarding the following topics:

  (a) The design of the shell and graphical user interface of the Galaxy S2, Galaxy Tab 8.9, Galaxy Tab 10.1, Infuse 4G, and 4G LTE;

  (b) Any copying of design elements from the iPhone 4, iPad, and iPad 2; and

  (c) Any attempts to design around the iPhone 4, iPad, and iPad 2.

| | | |
|---|---|---|
| 1 | Dated: April 19, 2011 | HAROLD J. MCELHINNY<br>MICHAEL A. JACOBS<br>JENNIFER LEE TAYLOR<br>JASON R. BARTLETT<br>MORRISON & FOERSTER LLP |

By: /s/ Michael A. Jacobs
　　　MICHAEL A. JACOBS

Attorneys for Plaintiff
APPLE INC.

**ECF ATTESTATION**

I, JASON R. BARTLETT, am the ECF User whose ID and password are being used to file the following document: PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY.  In compliance with General Order 45, X.B., I hereby attest that Michael Jacobs has concurred in this filing.

Dated: April 19, 2011

JASON R. BARTLETT
**MORRISON & FOERSTER** LLP

By: /s/ Jason R. Bartlett
      JASON R. BARTLETT