QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Edward DeFranco (Cal. Bar No.165596)
eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Samsung Electronics America, Inc.
and Samsung Telecommunications America LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | CASE NO. 4:11-cv-01846-LHK <br><br> **SAMSUNG'S OPPOSITION TO PLAINTIFF'S MOTION TO SHORTEN TIME FOR BRIEFING AND HEARING ON PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY** <br><br> Date: April 26, 2011 <br> Time: <br> Courtroom 4, 5th Floor <br> Judge: Hon. Lucy H. Koh |

Samsung Electronics America, Inc. ("SEA") and Samsung Telecommunications America, LLC ("STA") (collectively "Samsung") respectfully submit this Opposition to Plaintiff Apple, Inc.'s ("Apple") Motion to Shorten Time for Briefing and Hearing on Plaintiff's Motion to Expedite Discovery (D.N. 12) ("Motion to Shorten Time"). No Samsung entity has answered or otherwise responded to the Complaint. Each Samsung entity makes a limited special appearance in order to oppose Apple's Motion to Shorten Time and reserves all jurisdictional objections.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     Introduction

Before it even served or provided Samsung with courtesy copies of its lawsuit, Apple launched a one-sided campaign to expedite discovery into Samsung's unreleased Galaxy products. Not only does Apple wish to deprive Samsung of the common discovery safeguards afforded to all litigants, but it also seeks to cut in half the already short amount of time Samsung has to defeat Apple's attempts to gain this early discovery. The Court should deny Apple's Motion to Shorten Time. The prejudice Apple alleges it might suffer if the Court does not shorten time on its Motion to Expedite Discovery (D.N. 10) is highly questionable, and of Apple's own making. By contrast, Samsung will suffer real and substantial prejudice if Apple's Motion to Shorten Time is granted, because it would be deprived of a meaningful opportunity to oppose Apple's Motion to Expedite Discovery. The Court should not allow Samsung to suffer such prejudice, especially where the discovery Apple requests would result in Apple's sneak peek into its competitor's new products. Furthermore, Apple's motion is procedurally improper under this Court's Local Rules because Apple failed to deliver the motion on the day Apple filed it and because Apple failed to meet and confer with Samsung prior to filing.

### II.    Argument

#### A.    Apple Does Not Sufficiently Articulate the Need for the Shortened Schedule.

Civil Local Rule 6-3(a)(3) expressly requires that Apple identify "the substantial harm or prejudice that would occur if the Court did not change the time." Apple fails to make such a showing. The alleged urgency underlying Apple's Motion to Shorten Time is highly questionable. Apple claims it will suffer imminent harm if Samsung's Galaxy products are introduced into the

1  U.S. market.  (Mot. to Shorten Time (D.N. 12) at 1.)  Apple's belief that these products are about
2  to be introduced into the U.S. market is based upon various "[p]ress accounts."  (Id., citing Bartlett
3  Shorten Decl. (D.N. 13) at ¶ 5, citing Bartlett Expedite Decl. (D.N. 11) at Exs. 1-2 and 4-8.)  Most
4  of those press accounts issued from mid-February to early March of this year.  (Bartlett Expedite
5  Decl. (D.N. 11) at Exs. 1-2 and 4-8.)  Yet Apple did not file its complaint in this action until April
6  15, 2011.  (See D.N. 1.)  If Apple were concerned about "imminent harm," it would have filed its
7  complaint months earlier, when these initial press accounts issued.  Or it would have filed a
8  motion for a preliminary injunction, or a temporary restraining order.  But Apple did none of these
9  things.  Instead, Apple delayed filing its complaint for weeks, and now asks this Court to shorten
10 the period during which *Samsung* may prepare an opposition to Apple's Motion to Expedite
11 Discovery – which seeks extensive, invasive, and unwarranted discovery into Samsung's
12 unreleased products.  (Mot. to Expedite Disc. (D.N. 10) at 13.)  This Court should not allow Apple
13 to create "imminent harm" to itself by delaying the filing of its complaint, and then rely on that
14 prejudice to require Samsung less time to oppose that discovery than the Local Rules would
15 otherwise allow.
16        Nor does Apple argue – because it cannot – that there is a risk the requested information
17 will disappear before the normal course of discovery, and before Samsung has a full and fair
18 opportunity to be heard on its objections to the substance of the requested discovery.  Wangson
19 Biotech. Group, Inc. v. Tan Tan Trading Co., Inc., No. C 08-04212 SBA, 2008 WL 4239155, *7
20 (N.D. Cal. Sept. 11, 2008) ("[M]ovants are expected to provide evidence supporting their need,
21 such as a custodian's practice of destroying records . . . [or] spoilage or destruction will occur in
22 the due course of business activities") (internal citations omitted).  In short, Apple's perceived
23 urgency does not constitute sufficient grounds to deprive Samsung of the time it needs to properly
24 object to Apple's attempt to obtain expedited discovery.
25        B.     Samsung Will Be Severely Prejudiced by the Shortened Schedule.
26        Requiring Samsung to respond to Apple's Motion to Expedite Discovery within the
27 shortened period Apple seeks would essentially deny Samsung the opportunity to fully present the
28 prejudice it will suffer.  The Court should not deprive Samsung of that opportunity, especially

1 considering what is at stake: no less than Apple's advance preview of its competitors' valuable
2 new Galaxy products.  (See Compl. (D.N. 1) at ¶ 4 (alleging that Galaxy mobile phones and
3 Galaxy Tab computer tablet products compete with Apple's iPhone and iPad);  Mot. to Expedite
4 Disc. (D.N. 10) at 13 (itemizing Galaxy products (and others) on which Apple seeks discovery).)

5       Further, in order to oppose Apple's Motion to Expedite Discovery, SEA and STA will
6 have to coordinate with Korea-based Samsung Electronics Co., Ltd. ("SEC").  SEC has not yet
7 been served with the complaint in this action or been delivered by Apple a copy of its Motion to
8 Expedite Discovery.  (See Bartlett Expedite Decl. (D.N. 11) at ¶ 13; Certificate of Service (D.N.
9 14) and Amended Certificate of Service (D.N. 16) (indicating that only Samsung Electronics
10 America, Inc. and Samsung Telecommunications America, LLC were delivered a copy of Apple's
11 motion).)  Apple's failure to serve SEC with its complaint weighs against granting expedited
12 discovery and shortening the time to respond to Apple's motion.  Qwest Commc'ns Int'l, Inc. v.
13 WorldQuest Networks, Inc., 213 F.R.D. 418, 420 (D. Colo. 2003) (noting that failure to serve
14 complaint on defendant weighed against expedited discovery).

15       Moreover, Samsung and its counsel have not had a meaningful opportunity to analyze the
16 extent of the prejudice they would suffer if subjected to the broad discovery Apple seeks.  An
17 analysis of that prejudice is necessary to oppose Apple's Motion to Expedite Discovery, since
18 courts in the Ninth Circuit use the "good cause" standard to determine whether expedited
19 discovery should be granted.  Wangson, 2008 WL 4239155 at *7.  Under that standard, the
20 moving party is entitled to discovery only where "the need for expedited discovery, in
21 consideration of the administration of justice, outweighs the prejudice to the responding party."
22 Id.

23       Here, Samsung and its counsel have to coordinate a critical competitive business issue
24 across the Pacific Ocean and eleven time zones with a parent entity that has not yet been served
25 with the Complaint in order to determine the prejudice Apple's Motion to Expedite Discovery will
26 impose upon it.  Samsung would be severely prejudiced if required to oppose Apple's Motion to
27 Expedite Discovery on a shortened schedule.

28

C.  Apple's Motion Violates Civil Local Rules 6-3(a) and 6-3(b).

Apple's Motion to Shorten Time also violates the Civil Local Rules, and should be denied on that basis alone.  First, Apple failed to comply with the service provision of the applicable rule.  Civil Local Rule 6-3(b) provides: "A party filing a motion to enlarge or shorten time must **deliver** a copy of the motion, proposed order and supporting declaration to **all** other parties **on the day the motion is filed**." (Emphasis added.)   This Rule requires that all parties be in actual possession of the motion on the same day it is filed because the 4-day response period is so brief.[1]

Apple admits it did not comply with this rule.  While the ECF stamp of the Motion to Shorten Time indicates that Apple filed the motion on April 19, 2011, the declarations of Apple's counsel and process server establish that it did not deliver the Motion to Shorten Time to SEA or STA until April 20.  (Decl. of Jason R. Bartlett In Support of Pl.'s Mot. to Expedite Disc. ("Bartlett Expedite Decl.") (D.N. 11) at ¶ 13; Certificate of Service (D.N. 14); Amended Certificate of Service (D.N. 16).)

Second, Apple admits that it has made no attempt to stipulate with any of the Samsung entities to its requested time change, as is required by Civil L.R. 6-3(a)(2).  Counsel for Apple states, "Given the urgent nature of Apple's Motion to Expedite Discovery, I have not yet contacted Samsung about obtaining a stipulation to Apple's Motion to Shorten Time."  (Decl. of Jason R. Bartlett In Support of Pl.'s Mot. to Shorten Time for Briefing and Hearing on Pl.'s Mot. to Expedite Disc. (D.N. 13) ("Bartlett Shorten Decl.") at ¶ 2.)  Apple cites no authority for the proposition that the alleged urgency of a party's underlying motion relieves it of the requirement

---

[1] It is significant that Civil Local Rule 6-3(b) uses the word "deliver" rather than "serve." Civil Local Rule 6-3(b) cross-references to Civil Local Rule 5-5(a)(2) regarding time and methods for "delivery" of papers.  Civil Local Rule 5-5(a)(2), in turn, provides that when a "Local Rule requires delivery of a pleading or paper," that "delivery" cannot be made by sending the document to the party by mail.  Civil Local Rule 5-5(a)(1) further explains that "delivery" means that the document was "actually delivered."  While Civil Local Rule 5-5(b) requires that papers be electronically served in cases subject to ECF, Apple did not accomplish electronic service on SEA or STA, either.  Apple has offered no evidence that the Samsung entities were "ECF Users" on the date that Apple filed its Motion to Shorten Time.  Thus, Apple was required to deliver a paper copy of its Motion to Shorten Time to SEA and STA on the day that it was filed.  See General Order No. 45 IX.C.2 and Civil L.R. 6-3(b) & 5-5(a)(2).

1  that it seek a stipulation to the time change it wants.  Regardless of whether Apple knew whether
2  Samsung was represented, Apple could have reached out to the parties themselves to seek a
3  stipulation.  It did not.

4  III.    Conclusion

5       For the foregoing reasons, the Court should DENY Plaintiff's Motion to Shorten Time for
6  Briefing and Hearing on Plaintiff's Motion to Expedite Discovery (D.N. 12).  The Court should
7  instead ORDER that briefing on Plaintiff's Motion to Expedite Discovery (D.N. 10) shall proceed
8  along the normal schedule prescribed by the Local Rules.

11  DATED: April 25, 2011            QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP


                                     By /s/ Victoria F. Maroulis
                                        Charles K. Verhoeven
                                        Kevin P.B. Johnson
                                        Victoria F. Maroulis
                                        Edward DeFranco
                                        Michael T. Zeller
                                        Attorneys for SAMSUNG ELECTRONICS
                                        AMERICA, INC., and SAMSUNG
                                        TELECOMMUNICATIONS AMERICA, LLC