Mark D. Selwyn (SBN 244180)
(*mark.selwyn@wilmerhale.com*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

Specially Appearing as Attorney for Plaintiff Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE INC.'S OPPOSITION TO SAMSUNG'S CIVIL L.R. 3-12(B) MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Apple Inc. ("Apple") opposes Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC's (collectively, "Samsung") motion to relate and "consolidate" this case ("Apple's case") with *Samsung Electronics Co., Ltd., et al. v. Apple Inc.*, Case No. 11-cv-02079 ("Samsung's case").

There is no subject matter overlap and scant similarity between the two cases.  Apple's case addresses Samsung's copying of Apple's successful products, asserts easily understandable design and utility patents covering the distinctive look, design, and user interface technology of those iconic Apple products, and seeks an early resolution to prevent yet another generation of Samsung copycat products.  In contrast, Samsung's case consists primarily of seven patents concerning the minutiae of the W-CDMA and UMTS wireless communication standards — patents that Samsung has declared to be essential to practicing those standards and has irrevocably committed to license on Fair Reasonable and Non-Discriminatory ("FRAND") terms.  The three other patents asserted in Samsung's case address using a stylus to interact with a touch screen, having a "world clock," and updating a visual display through the use of "thumbnail-type" images.  Even Samsung did not think the patents in its case were sufficiently related to Apple's case to assert them as counterclaims.  Relating Samsung's case with Apple's would only delay resolution of Apple's case.  It would not conserve resources.  As for "consolidation," that issue is not properly presented by Samsung's motion.[1]

## I.      THE RELATIONSHIP OF THE ACTIONS

### A.      Different Issues Predominate.

Local Rule 3-12 provides that cases may be deemed related when they "concern substantially the same parties, property, transaction or event" and it "appears likely that there

---

[1]      By its motion, Samsung asks that the two cases be not only related, but consolidated.  Local Rule 3-12 is not the proper vehicle to seek such consolidation.

will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Local Rule 3-12 does not address "consolidation" of related cases. Where the two cases involve substantially different facts or law, a motion to relate should be denied. *See, e.g.*, *In re Wells Fargo Mortgage-Backed Certificates Litigation*, No. 09-CV-01376, 2010 U.S. Dist. LEXIS 124498, at *33 (N.D. Cal. Oct. 19, 2010) (denying a motion to relate two cases involving alleged securities violations because there was no common offering at issue); *Pacific Coast Federation of Fishermen's Ass'n v. Locke*, No. C 10-04790, 2011 U.S. Dist. LEXIS 7989, at *6 (N.D. Cal. Jan. 27, 2011) (denying motion to reconsider denial of motion to relate where defendants and administrative records were same but the claims were of different natures, and "different parts of the administrative record and amendments are relevant to each case").

That is the case here. The two cases ask fundamentally different questions. Apple's case fundamentally rests on the question of whether this smartphone:

 unlawfully copies this smartphone: , in violation of Apple's trademarks, trade dress, and patents.

In contrast, Samsung's case asks for each of the wireless standards patents a question

$$\begin{matrix} y^M_{R,1} & y^M_{R,R2\cdot2+1} & y^M_{R,R2\cdot4+1} & \cdots & y^M_{R,R(C\cdot2-1)\cdot R2\cdot2+1)} \\ y^M_{R,2} & y^M_{R,R2\cdot2+2)} & y^M_{R,R2\cdot4+2} & \cdots & y^M_{R,R(C\cdot2-1)\cdot R2\cdot2+2)} \\ y^M_{R,3} & y^M_{R,R2\cdot2+3)} & y^M_{R,R2\cdot4+3} & \cdots & y^M_{R,R(C\cdot2-1)\cdot R2\cdot2+3)} \\ y^M_{R,4} & y^M_{R,R2\cdot2+4)} & y^M_{R,R2\cdot4+4} & \cdots & y^M_{R,R(C\cdot2-1)\cdot R2\cdot2+4)} \\ \vdots & \vdots & \vdots & & \vdots \\ y^M_{R,R2\cdot2-1} & y^M_{R,R2\cdot4-1} & y^M_{R,3\cdot R2\cdot2-1} & \cdots & y^M_{R,R(C\cdot2\cdot R2\cdot2-1)} \\ y^M_{R,R2\cdot2} & y^M_{R,R2\cdot4} & y^M_{R,3\cdot R2\cdot2} & \cdots & y^M_{R,R(C\cdot2\cdot R2\cdot2)} \end{matrix} \qquad \text{Equation (7)}$$

such as, does Apple employ the following algorithm:                       .  (U.S.

Patent No. 7,200,792 at 21:20-35.)  Because the two cases ask fundamentally different questions

about fundamentally different aspects of the products, the two cases will necessarily require

different discovery, different witnesses, and distinct legal analyses.  Indeed, courts have

concluded that a motion to relate should be denied even where, unlike here, there was some

overlap in the ***patents***.  *See Hynix Semiconductor Inc. v. Rambus Inc.*, No. C-00-20905, 2008

U.S. Dist. LEXIS 68625, at *14 (N.D. Cal. Aug. 14, 2008) (denying a motion to relate in part

because the court was familiar with only 6 of the 17 patents asserted in second case).

   Samsung's attempt to demonstrate relatedness relies upon a comparison of the titles of

six of Apple's ten asserted patents[2] to the titles of three of Samsung's ten asserted patents.  But

even using that simplistic measure demonstrates that the patents-in-suit in the Samsung and

Apple cases are directed at different technologies, and that the trial of the Apple and Samsung

cases will bear almost no resemblance.  The patents asserted in the Apple case primarily concern

Samsung's imitation of Apple's successful products — descending into the details of cellular

radio communication will be quite unnecessary.  In contrast, seven of the asserted Samsung

patents are alleged to be essential to the W-CDMA and UMTS wireless communication

standards — requiring an examination of the particular algorithms necessary to transmit data and

other technologically dense issues.  Further, Samsung's obligation to license these seven patents

---

[2]  Samsung erroneously claims Apple asserted only 7 patents.  (*See* Dkt. 41, at  2.)  Samsung's contention appears to be directed only at Apple's 7 utility patents, and ignores the 3 asserted design patents.  (*See* Dkt. 1, at  6-7.)

on FRAND terms raises legal arguments entirely distinct from the issues in Apple's case.  And, even if Samsung's position that information gleaned from the titles of patents is sufficient to justify relating cases is credited, its patent titled "Software keyboard system using trace of stylus on a touch screen . . ." has no place in Apple's case, as this is something no Apple product does. In addition, Samsung's "world clock," and "thumbnail refresh" patents are also unlikely to consume even a meaningful fraction of the discovery or trial time the wireless communications standards patents will require.

**B.      The Cases Do Not Concern the Same Property.**

Samsung asserts without explanation that the "same products" are at issue in both cases. (*See* Dkt. 41, at  3.)  Samsung is wrong.  Apple has accused numerous different Samsung products of infringing its intellectual property rights, including more than ten different smartphones, and a tablet computer.  Samsung does not discuss any of these products specifically in its motion, let alone explain how the analysis of whether those *Samsung products* violate Apple's intellectual property rights could be at all relevant to the entirely separate analysis of the Samsung case: whether *Apple products* infringe Samsung's patents.  The two cases concern different "property" — in one case, Samsung products and Apple intellectual property rights; in the other, Apple products and Samsung patents — and thus will require distinct legal and factual analyses.

Though Samsung contends that both cases involve the same property because "[t]he accused products in both cases are smartphones and tablet computers" (Dkt. 41, at 1), such superficial analysis concerning the same *type* of property has previously been rejected for the purpose of relating cases.  *See Target Therapeutics, Inc. v. Scimed Life Systems, Inc.*, 1996 U.S. Dist. LEXIS 22994, at *38 (N.D. Cal. May 2, 1996) (denying motion to relate two litigations

involving catheter technology because "the catheters at issue in the first case were 'significantly different' from the catheters at issue in the second case" and "there is no evidence that judicial effort would be duplicated or conflicts would be created if the cases are heard by different judges"), *vacated on other grounds, Target Therapeutics, Inc. v. Cordis Endovascular Systems, Inc.*, 113 F.3d 1256 (Table), 1997 U.S. App. LEXIS 9718 (Fed. Cir. May 2, 1997).  While smartphones and tablets will likely make an appearance in both cases, the subject matter technologies that will have to be mastered by the Court will be entirely different, thereby negating any possible efficiency gains that lie at the heart of case relation.

> **C.    Judicial Resources Will Not Be Conserved by Relating the Two Cases.**

Ordinarily, a motion to relate seeks to promote judicial efficiency and consistency by having one judge become familiar with all the issues.  However, where, as here, relating two cases would "require an understanding of a different, albeit related, technology," a motion to relate should be denied.  *Hynix Semiconductor Inc.*, 2008 U.S. Dist. LEXIS 68625, at *14-15. Relating the two cases will not promote judicial efficiency because, as discussed above, the two cases concern substantially different causes of action, share none of the same patents, and there is no indication that the patents are similar enough that there will be substantial overlap in discovery or claim construction.  Indeed, given the lack of any overlap in asserted patents, granting Samsung's motion would effectively double the number of patents that this Court must adjudicate from 10 to 20 patents, without any substantial savings in labor or expense.  There also is no risk of inconsistent findings; each court will preside over different patents.  Thus, relating the cases would serve only to place extra burdens on this Court without realizing substantial benefits to the parties or to the Court.

1   Dated:  May 16, 2011

2

WILMER CUTLER PICKERING
   HALE AND DORR LLP

3

4   /s/ Mark D. Selwyn
   Mark D. Selwyn (SBN 244180)
   WILMER CUTLER PICKERING
5      HALE AND DORR LLP
   950 Page Mill Road
6   Palo Alto, California  94304
   Telephone:  (650) 858-6000
7   Facsimile:  (650) 858-6100

8   *Counsel for Plaintiff Apple Inc.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## **CERTIFICATE OF SERVICE**

3

The undersigned hereby certifies that a true and correct copy of the above and foregoing

4

document has been served on May 16, 2011, to all counsel of record who are deemed to have

5

consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any

6

other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

7

 /s/ Mark D. Selwyn

8

Mark D. Selwyn

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 11-cv-01846-LHK
APPLE INC.'S OPPOSITION TO SAMSUNG'S
CIVIL L.R. 3-12(B) MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED