1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

15

16                     UNITED STATES DISTRICT COURT

17         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 18  APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| 19          Plaintiff, | |
| 20     vs. | |
| 21  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | |
| 22  ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | **SAMSUNG'S REPLY IN SUPPORT OF ITS CIVIL L.R. 3-12(b) MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| 23  TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 24          Defendants. | |

25

26

27

28

## I. Introduction

Apple misunderstands the standard for relating cases under Civil L.R. 3-12. Its Opposition tries to list as many differences between this case (the "Apple Action") and <u>Samsung Electronics Co., Ltd. and Samsung Telecommunications America, LLC v. Apple Inc.</u>, Case No. 11-cv-02079-EDL (N.D. Cal.) (the "Samsung Action") as it can in the five pages allowed for a response to an administrative motion. However, for cases to be related under Civil L.R. 3-12, they need not be identical in all respects. The facts at issue need not be exactly identical. The questions presented need not be exactly identical. The scope of discovery need not be exactly identical. Not even the parties, property, transaction or event need be exactly identical. The standard is whether the cases "concern substantially the same parties, property, transaction or event; and [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a) (emphasis added). Based on the substantial overlap of parties and products, and the overlap of technologies covered by the patents asserted in these two cases, it is likely that there *will* be an unduly burdensome duplication of labor and expense and potentially conflicting results if the cases are not conducted before the same judge.[1]

## II. The Samsung and Apple Actions Concern Substantially the Same Parties.

Apple does not dispute that the Apple and Samsung Actions involve substantially the same parties. Under Civil L.R. 3-12, there are two prongs to the definition of a related case. The first is that the "[t]he actions concern substantially the same parties, property, transaction *or* event." Civil L.R. 3-12(a)(1) (emphasis added). The disjunctive "or" means that substantial identity of parties, alone, is sufficient to meet this first prong. Thus, even if the Apple and Samsung Actions did not involve substantially the same "property" (and they do), there is no dispute that the first prong of the definition of related cases is met here.

---

[1] Apple's claim that consolidation "is not properly presented by Samsung's motion" is without merit. (Opp. at 1.) Even if true, this Court has "broad discretion to consolidate actions involving 'common issues of law or fact'" <u>sua sponte</u>. <u>In re Facebook Privacy Litig.</u>, No. C 10-02389-JW, 2010 WL 5387616, *1 (N.D. Cal. Dec. 21, 2010)

III. **The Samsung and Apple Actions Concern Substantially the Same Property.**

Apple misconstrues Samsung's position on the property at issue in both cases. Apple asserts that Samsung argues that "both cases involve the same property because '[t]he accused products in both cases are smartphones and tablet computers.'" (Opp. at 4.) The similarities are much more specific. As Samsung's Motion emphasizes, the central relevance of the *iPhone* and *iPad* to each Action – which Apple does not dispute – counsels for relating these cases. (Mot. at 1-2.) In the Samsung Action, determining whether the iPhone or iPad infringes Samsung's asserted patents will require the Court to become deeply knowledgeable about the technology that each of those products embodies. Likewise, in the Apple Action, to the extent Apple seeks lost profits as a measure of damages for the patent infringement it alleges, Compl. (D.N. 1) at 33-36, it will most likely have to prove that the iPhone and iPad also embody the inventions claimed in its asserted patents. Lindemann Maschinenfabrik GmbH v. Am. Hoist & Derrick Co., Harris Press & Shear Div., 895 F.2d 1403, 1406 n.2 (Fed. Cir. 1990) ("Because Lindemann did not compete in the sale of its invention in the United States, it did not, as it could not, seek damages on the basis of lost profits."). Thus, both cases could require the presiding judge to become intimately familiar with the highly complex technologies embodied by the iPhone and iPad. It would be a waste of judicial resources to require two judges to do that instead of only one. These same arguments apply with equal force to the Samsung products that Apple has accused in the Apple Action, including Samsung's Galaxy S products. Further, because Apple asserts trademark and dress infringement in the Apple Action, the Court in that case will have to compare the accused Samsung products with the same iPhone and iPad products that are accused of patent infringement in the Samsung Action to determine if there is a likelihood of confusion between them. Disc Golf Ass'n, Inc. v. Champion Discs, Inc., 158 F.3d 1002, 1005 (9th Cir. 1998).

Moreover, Apple fails to substantiate its position that Apple's patents relating to displaying information on a screen, or to touch screens, do not overlap with Samsung's patents relating to these same technologies. Apple does not, and cannot, deny that both Actions will require the presiding judge to "descend into the details" of touch screen and screen display technologies. (Opp. at 3.) It would be inefficient to put two judges to that task instead of only one.

Apple attempts to downplay its seven utility patents by focusing on Apple's trademark claims and making unsupported and disparaging remarks about Samsung's innovative technology. (Id. at 1.) According to Apple, the Apple Action is concerned with preventing the release of Samsung's "copycat" versions of Apple's "iconic" products. (Id. at 1.) In other words, Apple argues, the Apple Action is really just a simple trademark and trade dress case with a few "easily understandable design and utility patents" thrown in for good measure. (Id. at 1-2.) As an initial matter, Apple's accusations of copying are baseless. Among many other fatal defects in Apple's claims, Apple's claimed trademarks and trade dress purport to cover features of mobile phones and tablet computers – such as their rectangular shape, rounded corners, and a green telephone icon that represents the phone function – that are functional and commonly used in this market. (See Compl. (D.N. 1) at 8-16.) In other words, Apple's claimed trade dress and trademarks are not even protectible to begin with. Disc Golf, 158 F.3d at 1006. Second, Apple's contention that the Apple and Samsung Actions involve "fundamentally different questions," and that therefore the cases should not be related, is irrelevant. (Id. at 2.) The question upon which an action "fundamentally rests" is not a factor under Civil L.R. 3-12. Moreover, Apple has asserted more claims for relief (10) for patent infringement than for any other harm it has allegedly suffered. The seven utility patents asserted by Apple, some of which are more than 50 pages long, cover a range of technologies, some highly complex, that relate to mobile telecommunications devices, just as the patents asserted in the Samsung Action do. Apple's claim that relating these cases "would only delay resolution of Apple's case" therefore rings hollow. (Opp. at 1.) Apple cannot allege infringement of seven utility patents with hundreds of claims combined, impose on the Court an obligation to construe potentially dozens of these claims, and then pretend that they are not the focus of the action.

IV. **Apple's Case Law Does Not Support a Finding That These Cases Are Unrelated.**

The case law cited by Apple does not support its argument that the Apple and Samsung Actions should not be related. Apple cites Hynix Semiconductor, Inc. v. Rambus, Inc., No. C-00-20905 RMW, 2008 U.S. Dist. LEXIS 68625 (Aug. 24, 2008), for the proposition that a motion to relate should be denied even where there is some overlap in asserted patents. (Opp. at 3.)

Apple's reliance is misplaced. In Hynix, Judge Whyte had already ruled on the construction of most of the terms at issue in the six patents that were pending before him, and discovery was nearly over with regard to them. Moreover, a trial on those patents was set to begin in less than five months. Id. at *12, *15. Since claim construction was over, the court was not likely to see any benefit from consolidation in the form of combined discovery and uniform claim construction for those six patents and the 17 patents that had been asserted in a separate, recently-filed case in the Northern District. Id. at *15. That is not the case here. Answers are due in both this action and the Samsung Action on the same day: July 5, 2011. (D.N. 40; Case No. 11-cv-02079-EDL, D.N. 12.) Only limited expedited discovery has been granted in this case, while discovery has not commenced in the Samsung Action. There have been no claim construction proceedings in either suit. Neither case even has a scheduling order setting forth deadlines beyond the initial case management conference. Thus, while there were few efficiencies left to be gained by relating the cases at issue in Hynix, there are plenty to be gained here.

Apple also cites Pac. Coast Fed'n of Fishermen's Ass'n v. Locke, No. C 10-04790 CRB, 2011 U.S. Dist. LEXIS 7989 (N.D. Cal. Jan. 27, 2011); In re Wells Fargo Mortgage-Backed Certificates Litig., No. 09-CV-01376-LHK, 2010 U.S. Dist. LEXIS 124498, at *33 (N.D. Cal. Oct. 19, 2010); and Target Therapeutics, Inc. v. Scimed Life Sys., No. C-94-20775 RPA, 1996 U.S. Dist. LEXIS 22994, at *38 (N.D. Cal. May 2, 1996). In those cases, the courts did not find cases related because the claims asserted in the co-pending actions were either unrelated in nature, or the products at issue in each case were "significantly different" from one another. Here, by contrast, as explained above, the Apple and Samsung Actions are related by overlapping technologies and the relevance to each action of the same iPhone and iPad products, as well as the Samsung products accused by Apple.

### V. Conducting the Cases Before Different Judges Would Be Inefficient.

Relating these cases will lead to substantial judicial economies in the areas of discovery, claim construction, and overall understanding of the parties' relationship. First, as explained above, the products involved in both the Apple and Samsung Actions overlap, as do the technologies covered by the patents asserted in both actions. Consequently, fact discovery

concerning the products will likely overlap, as will expert discovery concerning the patented technologies. It would be a waste of the parties' resources to duplicate such discovery in each action, when that discovery need only be performed once if the cases were related. To the extent disputes arise over that discovery, it would be a waste of Court resources to have those disputes played out twice before two different judges. Having two different judges resolve discovery disputes could also lead to inconsistent rulings on the same or similar discovery matters. Moreover, judicial resources could be greatly conserved if only one judge, rather than two, was required to become thoroughly familiar with the complex technologies embodied in the products at issue in both suits.

Second, Apple contends that "there is no indication that the patents are similar enough that there will be a substantial overlap in discovery or claim construction." (Opp. at 5.) However, Samsung's Motion identified the overlap between the patented technologies asserted in both actions. (Mot. at 2-3.) That overlap suggests that claim construction of those patents will likely overlap, too. Conducting claim construction proceedings before separate judges on these overlapping patents would more likely lead to inconsistent results than if they were conducted before the same judge. For example, should the parties dispute the meaning of claim terms appearing in multiple patents relating to overlapping technology, an inconsistent result would be more likely if two judges ruled on the meaning of that claim term rather than only one.

Finally, Apple does not dispute that conducting both cases before the same judge would provide that judge with insight into the broader relationship and disputes between these parties and that such insight would aid the Court in making equitable determinations in both cases.

VI. **Conclusion**

For the foregoing reasons, and the reasons set forth in Samsung's Motion, the Court should GRANT Samsung's Civil L.R. 3-12(b) Motion to Consider Whether Cases Should be Related.

| | | |
|---|---|---|
| 1 | DATED: May 18, 2011 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By /s/ Victoria F. Maroulis
  Charles K. Verhoeven
  Kevin P.B. Johnson
  Victoria F. Maroulis
  Michael T. Zeller
  Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC