QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Samsung Electronics Co. Ltd.,
Samsung Electronics America, Inc., and
Samsung Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S MOTION TO COMPEL APPLE TO PRODUCE RECIPROCAL EXPEDITED DISCOVERY**<br><br>Date: Sept. 1, 2011<br>Time: 1:30 p.m.<br>Courtroom 4, 5th Floor<br>The Honorable Lucy H. Koh |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ....................................................................................... iv

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

I.    INTRODUCTION ............................................................................................................. 1

II.    FACTS .............................................................................................................................. 2

    A.    Apple's Motion to Expedite Discovery................................................................... 2

    B.    Samsung's Requested Reciprocal Expedited Discovery......................................... 3

III.    LEGAL STANDARDS ..................................................................................................... 5

IV.    ARGUMENT .................................................................................................................... 5

    A.    The Discovery Samsung Requests Is Highly Relevant to Samsung's Defense Against Any Motion By Apple for a Preliminary Injunction. .................... 5

    B.    The Requested Product Samples, Packaging and Packaging Inserts Meet the Requirements of Federal Rule of Civil Procedure 26(b)(2). .................................. 10

    C.    Fundamental Fairness Requires That Apple Be Ordered to Produce the Requested Product Samples, Packaging, and Packaging Inserts.............................. 11

V.    CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

**Page**

**Cases**

AMF Inc. v. Sleekcraft Boats,
    599 F.2d 341 (9th Cir. 1979) ............................................................................................... 6

Disc Golf Ass'n, Inc. v. Champion Discs, Inc.,
    158 F.3d 1002 (9th Cir. 1998) ............................................................................................. 6

E. & J. Gallo Winery v. Gallo Cattle Co.,
    967 F.2d 1280 (9th Cir. 1992) ............................................................................................. 6

Jada Toys, Inc. v. Mattel, Inc.,
    518 F.3d 628 (9th Cir. 2008) ............................................................................................... 6

Kiki Undies Corp. v. Promenade Hosiery Mills, Inc.,
    411 F.2d 1097 (2d Cir. 1969) .............................................................................................. 8

Landscape Forms, Inc. v. Columbia Cascade Co.,
    113 F.3d 373, 380 (2d Cir. 1997) ........................................................................................ 9

Mattel, Inc. v. Walking Mountain Prods.,
    353 F.3d 792 (9th Cir. 2003) ............................................................................................... 6

Moose Creek, Inc. v. Abercrombie & Fitch Co.,
    331 F. Supp. 2d 1214 (C.D. Cal. 2004) ............................................................................... 7

Network Automation, Inc. v. Advanced Sys. Concepts, Inc.,
    No. 10-55840, 2011 WL 815806 (9th Cir. Mar. 8, 2011) ........................................... 6, 7, 8

Pilot Corp. of Am. v. Fisher-Price, Inc.,
    344 F. Supp. 2d 349, 356 (D. Conn. 2004) ......................................................................... 9

Rodan & Fields, LLC v. Estee Lauder Cos., Inc.,
    No. 10-CV-02451-LHK, 2010 WL 3910178 (N.D. Cal. Oct. 5, 2010) ............................... 6

Trovan, Ltd. v. Pfizer, Inc.,
    No. CV-98-00094 LGB MCX, 2000 WL 709149 (C.D. Cal. 2000) ................................... 8

**Statutes**

Fed. R. Civ. P. 26(b)(1) .................................................................................................................. 5

Fed. R. Civ. P. 26(b)(2) ................................................................................................................ 10

Fed. R. Civ. P. 34(a) ....................................................................................................................... 5

Fed. R. Civ. P. 37(a)(1) .................................................................................................................. 5

Fed. R. Civ. P. 37(3)(B) ................................................................................................................. 5

### Other Authorities

NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS ..................................................... 7

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 1, 2011[1] at 1:30 p.m., or as soon thereafter as the matter may be heard by the Honorable Lucy H. Koh in Courtroom 4, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court for an order compelling Apple Inc. ("Apple") to produce the reciprocal expedited discovery set forth in full below. This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declaration of Todd M. Briggs; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

Pursuant to Federal Rule of Civil Procedure 37(a)(1), Samsung seeks an order compelling Apple to produce to Samsung the product samples, packaging, and packaging inserts set forth in Samsung's Civil L.R. 37-2 Statement (below) by June 17, 2011.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether Samsung is entitled to samples of the next generation iPhone and iPad, as well as those products' packaging and packaging inserts, in order to prepare its defense against any preliminary injunction motion brought against Samsung by Apple for trademark or trade dress infringement.

---

[1] At the direction of the Court's courtroom deputy, the noticed hearing date for the present motion is September 1, 2011. However, concurrently with the filing of this motion, pursuant to Civil L.R. 6-1 and 6-3, Samsung is filing an unopposed motion for an order shortening the briefing and hearing schedule on the motion. That stipulated requests seeks a June 9, 2011 hearing date.

**SAMSUNG'S CIVIL L.R. 37-2 STATEMENT**

Pursuant to Civil L.R. 37-2, Samsung's reciprocal expedited discovery requests to Apple are set forth in full below:

> 1) a sample of the final, commercial version of the next generation iPhone that Apple will release, whether that product will be known as the "iPhone 4S," "iPhone 5," or some other name, along with the final version of the packaging in which this product will be delivered to retail customers and a final version of the insert(s) that will be included within such packaging; and
>
> 2) a sample of the final, commercial version of the next generation iPad that Apple will release, whether that product will be known as the "iPad 3," "Third Generation iPad," or some other name, along with the final version of the packaging in which this product will be delivered to retail customers and a final version of the insert(s) that will be included within such packaging.

Apple has objected/responded to Samsung's requests as follows:

> This lawsuit is about Samsung's unlawful copying of Apple's trademarks, trade dress, design and utility patents. This valuable intellectual property is embodied in products that Apple currently has on the market. A preliminary injunction motion will be based on Apple's current intellectual property rights, not on future products. Because Apple's future products have no relevance to a preliminary injunction motion, we reject your request that Apple provide samples of such future products.

**SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)**

Samsung hereby certifies that it has in good faith conferred with Apple in an effort to obtain the discovery described immediately above without court action. Samsung's efforts to resolve this discovery dispute without court intervention are described in the declaration of Todd M. Briggs, submitted herewith.

DATED: May 27, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Victoria F. Maroulis
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.       INTRODUCTION

Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") move this Court for an order compelling Apple Inc. ("Apple") to produce to Samsung the exact same discovery that this Court ordered Samsung to produce to Apple.   This discovery will be highly relevant to Samsung's defense to the preliminary injunction motion that Samsung anticipates Apple will file against Samsung's future products.   Yet Apple refuses to produce this discovery.   Instead, Apple claims that the reciprocal discovery Samsung requests is not relevant, and that Samsung should not receive *any* discovery from Apple until Apple files its motion for a preliminary injunction.   In effect, Apple seeks to prevent Samsung from fairly competing in the marketplace regardless of whether Samsung's future products even remotely resemble the allegedly protected elements of Apple's products that will be released in the same period.

Apple's argument is without merit.   The product samples, packaging and packaging inserts that Samsung seeks are highly relevant to Apple's defense against any preliminary injunction motion that Apple will bring on its trademark and trade dress claims.   This evidence will go directly to the question of whether there will be a likelihood of confusion between the Apple and Samsung products that will most likely be in the market at the same time.   Nor will production of this discovery unduly burden Apple.   Indeed, the Court has already ordered Samsung to produce identical discovery – for more products than Samsung seeks from Apple.   Finally, it would put Samsung at a significant disadvantage in this litigation if the Court allowed Apple access to Samsung's future products, and the freedom to prepare its motion for a preliminary injunction with those products in its possession – all the while knowing what Apple's future product development plans include – but prevented Samsung from gaining access to Apple's future products so that it could prepare its defense to Apple's motion during this same time frame.   For all of these reasons, the Court should order that Apple produce the discovery Samsung requests.

## II. FACTS

### A. Apple's Motion to Expedite Discovery

Apple sued Samsung in this Court on April 15, 2011, claiming that numerous Samsung products infringed seven utility patents, three design patents, a number of trademarks, and trade dress allegedly embodied in Apple's iPhone, iPad, and iPod products. (Compl. (D.N. 1).) Apple's complaint against Samsung followed Apple's prior suits against its other competitors who manufacture smartphones, including HTC and Nokia, whom Apple claims are "stealing" its technology. (Decl. of Todd M. Briggs In Support Of Samsung's Motion to Compel Apple to Produce Reciprocal Expedited Discovery and Unopposed Civil L.R. 6-3 Motion to Shorten Time ("Briggs Decl."), Exs. 19, 20.) The elements that Apple contends are part of its product configuration trade dress include, inter alia, such inherently functional and commonplace elements of phone design as "a rectangular product shape with all four corners uniformly rounded," "a display of a grid of colorful square icons with uniformly rounded corners," and "a bottom row of square icons … set off from the other icons and that do not change as the other pages of the user interface are viewed." (Compl. (D.N. 1) at 12-13.) Among the trademarks Apple asserts is a green phone button that represents the application for making telephone calls. (Id. at 14.) Essentially, Apple claims to have a monopoly over the use of these customary, standard, and functional features of smartphones – none of which are protectable as trademarks or trade dress – and that Samsung is infringing that monopoly. (See, e.g. Briggs Decl. Exs. 21, 22, 23, 24, 25, & 26.)

Four days after filing its complaint, based on internet reports about several of Samsung's unreleased products, Apple filed a Motion to Expedite Discovery. (Mot. to Expedite Disc. (D.N. 10).) Apple's motion sought extensive discovery into those unreleased Samsung products, including actual samples of those products, documents relating to alleged copying of Apple's iPhone, iPad and iPod products, and a 30(b)(6) deposition on various topics. (Id.) Apple sought this discovery "for the express purpose of evaluating a motion for a preliminary injunction directed at [Samsung] products to be released in the near future." (Apple's Reply In Support of Mot. to Expedite Disc. (D.N. 34), at 6.)

1  On May 12, the Court held a hearing on Apple's motion. (D.N. 50.) Samsung stated at
2 the hearing that to the extent the Court was inclined to grant expedited discovery from Samsung to
3 Apple for purposes of a preliminary injunction, Samsung should be entitled to receive reciprocal
4 expedited discovery from Apple. (Briggs Decl. Ex. 28 at 34:2-22.) Apple responded that Apple
5 was "willing to live by the rules that you set for us, because we want an injunction here and we're
6 not going to get an injunction here if we're not reciprocal in discovery." (Id. at 34:24-35:14.)
7 At the close of the hearing the Court stated:

> And let me just say to counsel for Apple, I'm not going to be happy if you're not [sic] going to say what's good for the goose is not good for the gander. Okay?
>
> So if I've granted you this expedited discovery and then you end up being extremely unreasonable on the reciprocal discovery that's reasonably requested, I'm not going to be very happy with that.

(Id. at 50:20-51:3.)

B.  Samsung's Requested Reciprocal Expedited Discovery

Internet reports suggest Apple will be releasing the next version of the iPhone in September, and the next version of the iPad later this year. (Briggs Decl. Exs. 1 & 2). This would be in keeping with Apple's past practice. In the last four years, for example, Apple has introduced a new version of the iPhone every year. (Briggs Decl. Exs. 3, 4, 5 & 6.) However, Apple has not yet released a new version of the iPhone this year. Apple has released two versions of the iPad, one in 2010 and another earlier this year. (Briggs Decl. Exs. 7 & 8.) In the past Apple has discontinued older generations of products when newer generations became available. (Briggs Decl. Exs. 9, 14, 15, 16, 17 & 18.)

Given that these internet reports and Apple's past practice suggest that the Samsung products into which Apple sought and obtained expedited discovery are likely to be in the market at the same time that Apple's next generation iPhone and iPad are, Samsung wrote to Apple on May 16, 2011, requesting that Apple produce to Samsung by June 13, 2011[2]:

---

[2]  Samsung's letter was sent before the Court issued its Order Granting Limited Expedited Discovery. That Order set the deadline for Samsung's production on June 17, 2010. (See D.N.
(footnote continued)

> 1) a sample of the final, commercial version of the next generation iPhone that Apple will release, whether that product will be known as the "iPhone 4S," "iPhone 5," or some other name, along with the final version of the packaging in which this product will be delivered to retail customers and a final version of the insert(s) that will be included within such packaging; and
>
> 2) a sample of the final, commercial version of the next generation iPad that Apple will release, whether that product will be known as the "iPad 3," "Third Generation iPad," or some other name, along with the final version of the packaging in which this product will be delivered to retail customers and a final version of the insert(s) that will be included within such packaging.

(Briggs Decl. Ex. 10 at 1-2.)   Samsung clarified that "[i]f 'final' or 'commercial' versions of the products, packaging, and packaging inserts that Samsung requests are not available by June 13, 2011, then Samsung requests that the most current version of each be produced by that date instead."   (Id. at 2.)   Samsung also explained that "Samsung needs each of these items to evaluate whether a likelihood of confusion exists between the Samsung and Apple products that will be in the market at the same time."   (Id.)   Samsung vowed to "afford these samples, packaging and inserts the same level of confidentiality protection under Patent L.R. 2-2's Interim Protective Order, as modified by Judge Koh, that Apple must afford to Samsung's product samples."   (Id.)   Finally, Samsung made clear that "by requesting the specific product samples, packaging and packaging inserts described above, Samsung in no way waives its right to seek further discovery relevant to Samsung's defense against any potential preliminary injunction motion Apple may file in these proceedings."   (Id. at 2.)

Not having heard back from Apple by May 19, Samsung again wrote to Apple, asking that Apple respond to Samsung's May 16 letter by the end of the week.   (Briggs Decl. Ex. 11.)   On May 20, Apple rejected Samsung's request for samples of the next generation iPhone and iPad. (Briggs Decl. Ex. 12.)   Apple contended that these products had no relevance to any motion

---

52 at 6.)   Samsung asks that Apple be ordered to produce the requested product samples, packaging and packaging inserts no earlier or later than Samsung must produce its product samples, packaging, and packaging inserts to Apple, i.e., by June 17, 2011.

1 Apple might bring for a preliminary injunction against Samsung's future products since such a
2 motion would be based on products that Apple currently has in the market.   (Id.)
3    On May 23, 2011, the parties held a teleconference for the purpose of attempting to resolve
4 their discovery dispute.   (Briggs Decl. at ¶ 33.)   During this teleconference, counsel for
5 Samsung explained to counsel for Apple that evidence regarding Apple's future products is
6 relevant to Samsung's defense to any preliminary injunction motion Apple might bring based on
7 alleged trademark or trade dress infringement because the requested samples are relevant to an
8 analysis of whether there will be a likelihood of confusion between Apple's future products and
9 Samsung's future products.   (Id.)   Counsel for Apple stated that they would explain Samsung's
10 position to Apple and inform Samsung by May 24 whether Apple would withdraw its refusal to
11 produce the requested product samples in light of the parties' teleconference.   (Id.)   On May 24,
12 Apple informed Samsung that Apple maintained its refusal to produce the requested discovery.
13 (Briggs Decl. Ex. 13.)

14 III.   **LEGAL STANDARDS**

15    A party is entitled to seek through discovery "any nonprivileged matter that is relevant to
16 any party's claim or defense."   Fed. R. Civ. P. 26(b)(1).   "A party may serve on any other party
17 a request within the scope of Rule 26(b): (1) to produce . . . . (A) any designated documents . . . ;
18 or (B) any designated tangible things."   Fed. R. Civ. P. 34(a).   "On notice to other parties and all
19 affected persons, a party may move for an order compelling disclosure or discovery" of documents
20 or tangible things "if: . . . (iv) a party fails to respond that inspection [of such documents or
21 tangible things] will be permitted – or fails to permit inspection – as requested under Rule 34."
22 Fed. R. Civ. P. 37(a)(1), (3)(B).

23 IV.   **ARGUMENT**

24    A.   **The Discovery Samsung Requests Is Highly Relevant to Samsung's Defense Against Any Motion By Apple for a Preliminary Injunction.**
25
   Apple has devoted considerable space to its claims for trademark and trade dress
26
infringement in its Complaint, in its briefs on its Motion to Expedite Discovery, and at oral
27
argument.   Despite the parties' multiple communications concerning Apple's anticipated
28

1  preliminary injunction motion, Apple has not disavowed that it will file such a motion based on its
2  claimed trade dress and trademarks.   Thus, Samsung reasonably believes that if Apple does file a
3  motion for a preliminary injunction in this action, that motion will be based at least in part on its
4  trademark and trade dress claims.   By this motion, Samsung seeks reciprocal expedited discovery
5  that will be highly relevant to Samsung's defense against any such preliminary injunction motion.

6         In the Ninth Circuit, to prove trademark or trade dress infringement, a plaintiff must prove
7  that (1) the claimed trademark or trade dress is nonfunctional, (2) the design is inherently
8  distinctive or acquired distinctiveness through secondary meaning, and (3) there is a likelihood
9  that the plaintiff's product(s) will be confused by consumers with the products the plaintiff has
10 accused.   Disc Golf Ass'n, Inc. v. Champion Discs, Inc., 158 F.3d 1002, 1005 (9th Cir. 1998).
11 The reciprocal expedited discovery Samsung seeks will be relevant to the issue of whether there
12 will be a likelihood of confusion between the future Samsung products at issue and the Apple
13 products that will be in the market at the same time.

14        Courts of this Circuit look to the Sleekcraft factors to determine whether there will be a
15 likelihood of confusion.   AMF Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir. 1979), abrogated
16 on other grounds, Mattel, Inc. v. Walking Mountain Prods., 353 F.3d 792, 810 n.19 (9th Cir.
17 2003);   Rodan & Fields, LLC v. Estee Lauder Cos., Inc., No. 10-CV-02451-LHK, 2010 WL
18 3910178, at *3 (N.D. Cal. Oct. 5, 2010).   These factors include "1. strength of the mark; 2.
19 proximity of the goods; 3. similarity of the marks; 4. evidence of actual confusion; 5. marketing
20 channels used; 6. type of goods and the degree of care likely to be exercised by the purchaser; 7.
21 defendant's intent in selecting the mark; and 8. likelihood of expansion of the product lines."
22 Sleekcraft, 599 F.2d at 348-49;   Rodan & Fields, 2010 WL 3910178, at *3.   However, "the
23 Sleekcraft factors (1) are non-exhaustive, and (2) should be applied flexibly."   Network
24 Automation, Inc. v. Advanced Sys. Concepts, Inc., No. 10-55840, 2011 WL 815806, at *8 (9th
25 Cir. Mar. 8, 2011); accord Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 632-33 (9th Cir. 2008)
26 (Sleekcraft factors should be applied without "excessive rigidity" because "a final likelihood of
27 confusion determination may rest on those factors that are of the most relative importance in any
28 particular case");   E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1290-91 (9th Cir.

1  1992) ("This list of factors, while perhaps exhausting, is neither exhaustive nor exclusive.");

2  NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS,

3  http://www.cand.uscourts.gov/juryinstructions (click on "15. TRADEMARK," then "15.16

4  Infringement—Likelihood of Confusion—Factors—Sleekcraft Test") (identifying, in addition to

5  eight traditional factors: "9. Other Factors. Any other factors that bear on likelihood of

6  confusion.")

7       In this particularly unusual case, samples of Apple's next generation iPhone and iPad will

8  be relevant to a significant enumerated Sleekcraft factor:   similarity of the marks.   "Similarity of

9  the marks is tested on three levels: sight, sound, and meaning.   Each must be considered *as they*

10 *are encountered in the marketplace*."   Network Automation, 2011 WL 815806, at * 9 (citing

11 Sleekcraft, 599 F.2d at 351) (emphasis added).   Apple here has sought expedited discovery in

12 order to decide whether it will bring a motion for a preliminary injunction against Samsung's

13 *future* products, rather than against Samsung products that are already in the market.   At the

14 same time, internet reports and Apple's past practice suggest that Apple will be releasing its own

15 future iPhone and iPad products later this year.   Further, Apple's past practice has been to phase

16 out older generations of such products when newer generations of those products are launched.

17 Apple claims that any motion for a preliminary injunction that it brings "will be based on Apple's

18 current intellectual property rights" which are "embodied in products that Apple has currently on

19 the market."   (Briggs Decl. Ex. 12.)   But if Apple will alter or remove those trademarks and

20 trade dress from its future versions of the iPhone and iPad – the versions that are most likely to be

21 in the market at the same time as Samsung's future products – then the marks that consumers will

22 actually encounter in the marketplace could be quite different, which will affect the Court's

23 likelihood of confusion analysis.[3]   Sleekcraft, 599 F.2d at 351.   Samples of Apple's future

---

[3]   If a defendant were to stop employing the claimed trademarks or trade dress at issue, a motion for a preliminary injunction would be rendered moot.   Moose Creek, Inc. v. Abercrombie & Fitch Co.,   331 F. Supp. 2d 1214, 1223 n.3 (C.D. Cal. 2004).   This reasoning should apply with equal force when the *plaintiff* stops employing the trademark and trade dress on its own products.

1  products will provide necessary evidence of how Apple's marks and trade dress might actually be

2  encountered in the marketplace, which must be considered here in determining whether consumers

3  are likely to be confused.

4    Further, Apple's new products may affect the degree to which the parties' products may

5  compete with each other in the market.   Although Apple's next generation of products will

6  presumably be smartphones and tablet computers, even products that share the same general

7  product category may not compete directly with each other.   For example, the Sleekcraft court

8  concluded that the two boats at issue were not direct competitors, even though "both boats are

9  designed for towing water skiers."   599 F.2d at 348.   "[D]espite the potential market overlap,"

10  "Slickcraft boats are for general family recreation, and Sleekcraft boats are for persons who want

11  high speed recreation."   Id.   Thus, Apple's future products bear on another Sleekcraft factor:

12  proximity of the products.   This factor is "measured by whether the products are: (1)

13  complementary; (2) sold to the same class of purchasers; and (3) similar in use and function."

14  Network Automation, 2011 WL 815806, at * 9 (citation omitted).   Just as a parties' future

15  products bear on their likelihood to "bridge the gap," they are equally significant to whether the

16  proximity of the parties' products will draw closer or further apart.   Kiki Undies Corp. v.

17  Promenade Hosiery Mills, Inc., 411 F.2d 1097, 1100 (2d Cir. 1969) ("An actual design sample for

18  panty hose was offered into evidence at the trial . . . but the district court excluded [it], stating, 'I

19  am not getting any of your future products.'   This evidence should not have been excluded.   It

20  was relevant to the issue of 'bridging the gap,' i.e., plaintiff's desire to extend its activities into a

21  disputed area."); Trovan, Ltd. v. Pfizer, Inc., No. CV-98-00094 LGB MCX, 2000 WL 709149, at

22  *34 (C.D. Cal. 2000) (evidence of "potential uses, or future applications of the mark" are "relevant

23  to show likelihood of confusion (expansion of the product line)."

24    In addition, Apple's use of different trademarks and different trade dress in its future

25  products is relevant to the strength of Apple's trade dress and trademarks.   To the extent Apple's

26  trade dress in the new iPhone product will, like the iPhone 4, differ from the original iPhone, that

27  will further weaken the strength of Apple's trade dress.   As recognized in the leading trademark

28  treatise, plaintiffs may face a "'particularly difficult challenge' of proving the validity of broadly

defined trade dress which is common to all items in the series or line."   J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 8:5.50 (4th ed. 2011);   Pilot Corp. of Am. v. Fisher-Price, Inc., 344 F. Supp. 2d 349, 356 (D. Conn. 2004) (finding no trade dress rights in the "consistent overall look" of a product whose "design and package have changed with nearly every iteration of the product").   "[W]hen protection is sought for an entire line of products, our concern for protecting competition is acute."   Landscape Forms, Inc. v. Columbia Cascade Co., 113 F.3d 373, 380 (2d Cir. 1997).

Finally, the unusual facts of this case should also be taken into account here, pursuant to the "other factors" element of the likelihood of confusion test set forth in the Ninth Circuit's Model Civil Jury Instructions.   For example, the Court should consider the relatively short product cycle by which new phones are introduced and exist concurrently in the marketplace. Because any motion for a preliminary injunction that Apple brings will be aimed at Samsung's future products, it is simply common sense that Samsung and the Court should be able to evaluate those products in view of the actual Apple products that are likely to be in the marketplace at the same time.   The evidence that would best enable Samsung and the Court to do that are samples of Apple's future products themselves.[4]

In sum, the product samples, packaging and packaging inserts that Samsung requests are highly relevant to Samsung's defense against any preliminary injunction motion Apple will bring based on trademark or trade dress infringement.

---

[4]   Indeed, if Apple were not ordered to produce the requested future product samples, the Court could find itself investing significant judicial resources into an ultimately moot exercise. For instance, were the Court to enjoin any of Samsung's future phones based on Apple's current iPhone and iPad, Apple may a week later launch the next generation iPhone and iPad.   If the new iPhone and iPad eliminated, or substantially modified, many (or all) of the claimed trademarks and trade dress elements upon which the Court had based its injunction, the Court would likely have to revisit its order, and possibly vacate it.   Having the next generation iPhone and iPad in evidence would lessen the likelihood of that waste occurring.

B.     The Requested Product Samples, Packaging and Packaging Inserts Meet the Requirements of Federal Rule of Civil Procedure 26(b)(2).

Civil Local Rule 37-2 requires that "the moving papers [on a motion to compel] must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of FRCivP 26(b)(2) are satisfied."   Because Samsung's requests are for production of documents and tangible things that are not electronically stored, they do not implicate Federal Rule of Civil Procedure 26(b)(2)(A) or (B), which concern interrogatories, depositions, requests for admission, and electronically stored information.

Samsung's requests also meet the requirements set forth in Federal Rule of Civil Procedure 26(b)(2)(C).   The discovery Samsung seeks is not unreasonably cumulative or duplicative, nor can it be obtained from some other source that is more convenient, less burdensome, or less expensive.   Samsung does not have any discovery yet into the next generation iPhone and iPad, and Apple is in sole possession of samples of its next generation iPhone and iPad, as well as those products' packaging and packaging inserts.   Samsung also has had no opportunity to obtain the discovery it seeks in this action, since the conference of the parties called for by Federal Rule of Civil Procedure 26(f) has not yet occurred, and the Court has ordered only limited expedited discovery in advance of that conference.   (Order Granting Limited Expedited Disc. (D.N. 52).) Finally, the benefit of the requested discovery to Samsung far exceeds the burden of production on Apple.   As explained above, samples of Apple's future iPhone and iPad products are likely the best evidence of whether there will be a likelihood of confusion between any trademarks and trade dress allegedly embodied in those products and the future Samsung products that will be in the market at the same time.   It is hard to overstate the importance of such discovery.   Samsung requests it to prepare its defense against an anticipated motion by Apple that will seek an extraordinary remedy – a preliminary injunction against Samsung's future products – that, if granted, would seriously harm Samsung.   Further, the Court has already determined that the burden of producing samples of future products, as well as the packaging and packaging inserts for those products, will not be unduly burdensome on the parties on one side of this case.   Apple should not be heard to complain that it will be burdened by producing samples of its own future

1  products when it has sought and obtained a court order requiring Samsung to produce to Apple the
2  very same thing.

3    C.  <u>Fundamental Fairness Requires That Apple Be Ordered to Produce the Requested Product Samples, Packaging, and Packaging Inserts.</u>

4    At the May 12 hearing on Apple's Motion to Expedite Discovery, Apple indicated that it
5  was prepared to engage in reciprocal discovery. (Briggs Decl. Ex. 28 at 34:24-35:14.) Indeed,
6  Apple acknowledged that "we're not going to get an injunction here if we're not reciprocal in
7  discovery." (<u>Id.</u>) The Court also specifically advised counsel for Apple that "I'm not going to
8  be happy if you're not [sic] going to say what's good for the goose is not good for the gander.
9  Okay?" (<u>Id.</u> at 50:20-23.) Yet now Apple claims that Apple should not be required to produce
10 to Samsung the exact same discovery that Samsung is required to produce to Apple.

11   Equity should not countenance Apple's refusal. First, it would fly in the face of Apple's
12 representations to the Court at the May 12 hearing. Second, Samsung would be at a distinct
13 disadvantage in any preliminary injunction motion practice Apple initiates if Samsung does not
14 receive the discovery it requests. Currently, Samsung is to produce to Apple samples of the
15 latest iterations of the Galaxy S2, Galaxy Tab 8.9, Galaxy Tab 10.1, Infuse 4G and 4G LTE, and
16 those products' packaging and packaging inserts by June 17. (<u>See</u> Order Granting Limited
17 Expedited Disc. (D.N. 52), at 6.) The only "reciprocal" discovery that Apple has offered in
18 return would not commence until *after* Apple filed its motion, and that offer of discovery does not
19 include future product samples. (Briggs Decl. Exs. 12, 13.) Under Apple's proposed scheme,
20 until that motion is filed – and Apple has not specified a date on which it will file such a motion –
21 Apple will have as much time as it desires to use Samsung's produced product samples and other
22 discovery to work up its motion and supporting evidence. In the meantime, Samsung would have
23 no discovery from Apple that it could use to work up its defense. That would be fundamentally
24 unfair, and is in part why Samsung stated at the hearing that it would seek discovery *prior* to any
25 preliminary injunction motion practice. (Briggs Decl. Ex. 28 at 50:11-16.) That is also why it
26 has requested that the parties exchange product samples, packaging and packaging inserts on the
27 same day. The inequity of not ordering Apple to produce the discovery Samsung's requests
28

02198.51855/4162386.1   -11-  Case No. 11-cv-01846-LHK
**SAMSUNG'S MOTION TO COMPEL APPLE TO PRODUCE RECIPROCAL EXPEDITED DISCOVERY**

1  becomes particularly stark when one considers what is at stake for Samsung:   a possible
2  injunction of five of its products.
3  V.     <u>CONCLUSION</u>
4       For the foregoing reasons, the Court should GRANT Samsung's Motion to Compel Apple
5  to Produce Reciprocal Expedited Discovery.

9  DATED: May 27, 2011                QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP

                                       By  /s/ Victoria F. Maroulis
                                       Charles K. Verhoeven
                                       Kevin P.B. Johnson
                                       Victoria F. Maroulis
                                       Michael T. Zeller
                                       Attorneys for SAMSUNG ELECTRONICS CO.,
                                       LTD., SAMSUNG ELECTRONICS AMERICA,
                                       INC., and SAMSUNG
                                       TELECOMMUNICATIONS AMERICA, LLC