# Exhibit 13

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

Writer's Direct Contact
415.268.6615
JasonBartlett@mofo.com

May 24, 2011

Via E-Mail

Todd Briggs
Quinn Emanuel
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139

Re:   *Apple Inc. v. Samsung Electronics Co., et al*.
      Case No. 11-cv-1846-LHK

Dear Todd:

I am following up our call yesterday about Samsung's request that Apple produce future Apple products. As noted in my May 20 letter to Victoria Maroulis, Apple will base any preliminary injunction motion on its current intellectual property rights, as embodied in its current products. Apple will not rely on future Apple products. Therefore, future Apple products are irrelevant to any such motion.

You asserted that future Apple products are relevant to a preliminary injunction because they bear on "likelihood of expansion of product lines," which is one of the "likelihood of confusion" factors in *AMC Inc. v. Sleekcraft Boars*, 599 F.2d 341 (9th Cir. 1979). You also stated that you do not know of any other reasons why such future products are relevant.

*Sleekcraft* does not support your position because it involved *expansion* of product lines that were *not* competitive (family-oriented boats and low-profile racing boats) to make the product lines competitive. 599 F.2d at 348. This expansion was relevant because "[t]he evidence shows that both parties are diversifying their model lines," creating a "strong" potential that "one or both of the parties will enter the other's submarket with a competing model." *Id.* at 348.

sf-2998306

**MORRISON | FOERSTER**

Todd Briggs
May 24, 2011
Page Two

Here, in contrast, Samsung *already competes directly* with Apple's highly distinctive and innovative mobile phones and tablet computers. Thus, the likelihood of future expansion of the parties' product lines is not relevant to the issues in this case.[1]

Apple nevertheless remains willing to engage in expedited discovery, provided that such discovery is reciprocal and directed to relevant issues. Therefore, we propose that the parties agree to the following schedule for expedited discovery following the filing of a preliminary injunction motion:

> **Day after filing**: Apple and Samsung negotiate the scope of documents to be produced.
>
> **Two weeks later**: Apple produces documents;
>
> **One week later**: Apple makes its declarants available for deposition
>
> **One week later**: Samsung files opposition and produces documents
>
> **One week later**: Samsung makes its declarants available for deposition
>
> **One week later**: Apple files its reply.
>
> **Two weeks later**: Hearing on PI motion

Finally, if Samsung files a motion on its request that Apple produce future products, we are prepared to address that motion on the expedited schedule that you suggested:

> **May 27:**   Samsung's Motion
>
> **June 2:**   Apple's Opposition
>
> **June 7:**   Samsung's Reply
>
> **June 9:**   Hearing at 1:30 p.m.

Would you please let us know if you have reserved that hearing date with Judge Koh's Courtroom Deputy?

I look forward to your response.

---

[1] Notably, Apple sought production of Samsung's soon to be released products to determine if those products will infringe Apple's current intellectual property rights, not for an assessment of the *Sleekcraft* likelihood of expansion factor, which is unnecessary for competing products.

sf-2998306

MORRISON | FOERSTER

Todd Briggs
May 24, 2011
Page Three

Sincerely,

*Jason Bartlett* (signature)

Jason R. Bartlett

sf-2998306