# Exhibit 28

```
 1                  UNITED STATES DISTRICT COURT
 2                NORTHERN DISTRICT OF CALIFORNIA
 3                       SAN JOSE DIVISION
 4
 5
     APPLE INC., A CALIFORNIA     ) C-11-01846 LHK
 6   CORPORATION,                 )
                                  ) SAN JOSE, CALIFORNIA
 7              PLAINTIFF,        )
                                  ) MAY 12, 2011
 8         VS.                    )
                                  ) PAGES 1-52
 9   SAMSUNG ELECTRONICS CO.,     )
     LTD., A KOREAN BUSINESS      )
10   ENTITY; SAMSUNG              )
     ELECTRONICS AMERICA,         )
11   INC., A NEW YORK             )
     CORPORATION; SAMSUNG         )
12   TELECOMMUNICATIONS           )
     AMERICA, LLC, A DELAWARE     )
13   LIMITED LIABILITY            )
     COMPANY,                     )
14                                )
                DEFENDANTS.       )
15   _____

16               TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE LUCY H. KOH
17              UNITED STATES DISTRICT JUDGE
18
19
20              APPEARANCES ON NEXT PAGE
21
22
23
24   OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                     CERTIFICATE NUMBER 9595
25


                                                           1
```

```
 1
 2    A P P E A R A N C E S:
 3    FOR THE PLAINTIFF:   MORRISON & FOERSTER
                           BY:  HAROLD J. MCELHINNY,
 4                              MICHAEL A. JACOBS,
                                JASON R. BARTLETT, AND
 5                              GRANT L. KIM
                           425 MARKET STREET
 6                         SAN FRANCISCO, CALIFORNIA  94105

 7    ALSO PRESENT:        MAUREEN MCCALL AND JAMES WITT
 8

 9    FOR THE DEFENDANT:   QUINN, EMANUEL, URQUHART,
                           OLIVER & HEDGES
10                         BY:  CHARLES K. VERHOEVEN AND
                                ERIK C. OLSON
11                         50 CALIFORNIA STREET, 22ND FLOOR
                           SAN FRANCISCO, CALIFORNIA  94111
12
                           BY:  VICTORIA F. MAROULIS AND
13                              KEVIN P.B. JOHNSON
                           555 TWIN DOLPHIN DRIVE
14                         SUITE 560
                           REDWOOD SHORES, CALIFORNIA  94065
15
16
17
18
19
20
21
22
23
24
25
```

1   VAGUE.  I WON'T ADOPT THAT.
2            I MEAN, NORMALLY MR. VERHOEVEN WOULD HAVE
3   90 TO 120 DAYS TO GET ALL THIS ORGANIZED.  YOU'RE
4   ASKING HIM TO DO IT IN 30.  IT'S GOT TO BE
5   REASONABLE.
6            MR. MCELHINNY:  WHAT I WANT -- WHAT I
7   WANT IS THE PACKAGE OF MATERIALS THAT IS PREPARED
8   THAT IS UNIQUE TO THIS PRODUCT, WHICH IS ALREADY --
9   THEY WOULD HAVE IT TOGETHER IN ONE PLACE, THEY DO
10  HAVE IT TOGETHER IN ONE PLACE, THAT DESCRIBES HOW
11  THE PRODUCT IS TO BE MARKETED.
12           THE COURT:  PACKAGE OF MATERIALS UNIQUE
13  TO PRODUCT THAT DESCRIBES HOW PRODUCT IS TO BE
14  MARKETED?  THAT JUST SOUNDS TOO BROAD TO ME.
15           MR. VERHOEVEN:  I DON'T HAVE ANY IDEA
16  WHAT THAT MEANS.
17           THE COURT:  I REALLY DON'T EITHER.
18           MR. VERHOEVEN:  YOUR HONOR --
19           THE COURT:  ANYWAY, I'M REALLY SORRY, I
20  HAVE TWO OTHER CASES THAT HAVE BEEN PATIENTLY
21  WAITING.
22           MR. MCELHINNY:  I KNOW.
23           THE COURT:  WE NEED TO MOVE ON WITH THIS.
24           MR. VERHOEVEN:  YOUR HONOR, MAY I SAY ONE
25  THING VERY BRIEFLY?

1           THE COURT: YES.
2           MR. VERHOEVEN: IF WE'RE GOING TO HAVE
3    EXPEDITED DISCOVERY FOR THE EXPRESS PURPOSE OF THEM
4    FILING A MOTION FOR PRELIMINARY INJUNCTION, WHICH
5    WE OPPOSE, YOUR HONOR, BUT IF THAT'S WHAT'S GOING
6    TO HAPPEN, IN ALL FAIRNESS, SHOULDN'T THAT
7    DISCOVERY BE RECIPROCAL?
8           AND I WOULD REQUEST -- I DON'T KNOW
9    WHETHER WE WOULD GO TO THE MAGISTRATE BECAUSE I
10   KNOW THE MAGISTRATE'S BEEN ASSIGNED, BUT THERE ARE
11   THINGS THAT WE FAIRLY SHOULD BE ENTITLED TO GET,
12   THROUGH DISCOVERY, TO OPPOSE A PRELIMINARY
13   INJUNCTION, SUCH AS ANY EVIDENCE THEY HAVE OF ANY
14   CONFUSION, OR LACK OF CONFUSION, BETWEEN THESE
15   PRODUCTS AND APPLE PRODUCTS; ANY DOCUMENTS
16   CONCERNING GOOD WILL; LOSS OF GOOD WILL; MARKET
17   SHARE; REPUTATION TO APPLE THROUGH THE INTRODUCTION
18   OF THESE.
19          IF THEY'VE DONE RESEARCH SURVEYS OR
20   STUDIES RELATING TO LIKELIHOOD OF CONFUSION, WE
21   WOULD BE ENTITLED TO THOSE IF WE WERE TO FAIRLY
22   OPPOSE A PRELIMINARY INJUNCTION MOTION.
23          THE COURT: WHAT'S YOUR RESPONSE TO THAT?
24          MR. MCELHINNY: MY RESPONSE TO THAT, YOUR
25   HONOR, IS THAT THE RULES SET OUT THE BASIS FOR

1     THIS.
2              THERE'S BEEN NO REQUEST -- I MEAN, WE
3     FILED THREE BRIEFS HERE.  THERE'S BEEN NO REQUEST.
4              THE WAY DISCOVERY STARTS IN THIS
5     DISTRICT, WHICH IS A MEET AND CONFER ABOUT WHAT
6     THEY REASONABLY NEED, IF THEY'RE GOING TO NEED IT
7     TO OPPOSE AN INJUNCTION AND IF IT'S REASONABLE AND
8     IF YOUR HONOR IS GOING TO GIVE IT TO THEM, WE'LL
9     RESOLVE THAT.
10             I HAVE SAID NOW TWICE THAT WE'RE WILLING
11    TO LIVE BY THE RULES THAT YOU SET FOR US, BECAUSE
12    WE WANT AN INJUNCTION HERE AND WE'RE NOT GOING TO
13    GET AN INJUNCTION HERE IF WE'RE NOT RECIPROCAL IN
14    DISCOVERY.  I UNDERSTAND THAT.
15             THE COURT:  OKAY.  SO I'M HEARING THAT
16    YOU ARE WILLING, THEN, TO AGREE TO SOME EXPEDITED
17    PRODUCTION OF YOUR OWN.
18             MR. MCELHINNY:  YES.  THE ANSWER TO THAT
19    IS YES, AS YOUR HONOR STATES IT.
20             CAN I SUGGEST, ON THE DEPOSITION ISSUE --
21             THE COURT:  YES.
22             MR. MCELHINNY:  -- THAT WE WILL ACCEPT
23    THEIR GOOD FAITH IF THEY GIVE US A PERSON THAT
24    THEY'RE GOING TO CERTIFY AS, YOU KNOW,
25    KNOWLEDGEABLE ON THESE AREAS, WE WILL TAKE IT AS A

1  PERSONAL DEPOSITION.  WE WILL NOT REQUIRE THEM TO
2  PRODUCE A 30 -- A 30(B)(6) AND A SEARCH --
3              THE COURT:  I WON'T GIVE YOU A 30(B)(6).
4  THAT'S NOT FAIR TO MAKE THEM GO THROUGH THE WHOLE
5  COMPANY ON THIS EXPEDITED --
6              MR. MCELHINNY:  I UNDERSTAND THAT.
7  THAT'S WHAT I'M SAYING.  I'M AGREEING WITH YOUR
8  HONOR.  THAT'S --
9              MR. VERHOEVEN:  YOUR HONOR, THERE IS
10 ABSOLUTELY NO REASON, IF THIS IS ALL ABOUT DESIGN,
11 ORNAMENTAL PATENT, DESIGN PATENTS AND TRADE DRESS
12 THAT THEY NEED TO TALK TO SOMEBODY ABOUT IT.
13             IF THEY HAVE THE PRODUCTS, THEY CAN LOOK
14 AT WHAT THE PRODUCTS LOOK LIKE.  THEY DON'T NEED A
15 DEPOSITION IN ORDER TO MAKE THEIR ASSESSMENT,
16 NUMBER ONE.
17             AND NUMBER TWO, THERE IS NO SINGLE PERSON
18 IN THIS GIANT ORGANIZATION WITH ALL OF THESE
19 PHONES.  IF YOU TAKE -- I DON'T KNOW IF I GOT THIS
20 ACROSS AS CLEARLY AS I SHOULD HAVE, BUT IF YOU TAKE
21 A LOOK AT THE PRODUCTS THEY'RE ASKING FOR, THAT'S
22 NOT -- THOSE PRODUCTS ARE DIFFERENT FOR DIFFERENT
23 CARRIERS BECAUSE IT'S A VERY COMPLEX PRODUCT, AND
24 YOU -- IF YOU LOOKED AT MY SLIDE, FOR EXAMPLE, ON
25 SLIDE -- I'LL BE VERY BRIEF, YOUR HONOR, SLIDE 2,

1       MARKETING MATERIALS.
2                 NOW, IF SOMETHING CHANGES, I GUESS YOU
3       COULD COME BACK AND ASK.
4                 AT THIS POINT, I DON'T THINK THAT
5       SAMSUNG'S REQUEST FOR MUTUAL DISCOVERY IS RIPE, BUT
6       YOU CAN PURSUE THAT FOR SOME TYPE OF RECIPROCAL
7       DISCOVERY.
8                 AND WHY DON'T WE SET A TIME, LIKE A
9       FURTHER CMC MAYBE -- OR I GUESS WE CAN JUST WAIT
10      AND SEE WHAT, IF ANYTHING, GETS FILED AND THEN
11      WE'LL SET IT THEN.  BUT I JUST ANTICIPATE THAT
12      THERE MAY BE ISSUES.
13                MR. MCELHINNY:  MAY I --
14                THE COURT:  OKAY?
15                MR. MCELHINNY:  MAY I INQUIRE, YOUR
16      HONOR?
17                THE COURT:  YES.
18                MR. MCELHINNY:  AGAIN, I'M IN THE SAME
19      MINDSET THAT I DON'T KNOW OF ANY OTHER ISSUES.
20                THE COURT:  YES.
21                MR. MCELHINNY:  BUT WE GOT AN ORDER
22      ASSIGNING DISCOVERY MATTERS IN THIS CASE TO
23      MAGISTRATE JUDGE GREWAL.
24                THE COURT:  WELL, SINCE I'VE ISSUED THIS
25      ORDER, IF THERE'S ANY FOLLOW-UP REGARDING THIS

```
 1    ORDER, IT SHOULD COME TO ME.
 2              MR. MCELHINNY:  THANK YOU, YOUR HONOR.
 3              THE COURT:  OKAY.  IS THERE ANYTHING
 4    FURTHER?
 5              MR. MCELHINNY:  NOTHING, YOUR HONOR.
 6              THE COURT:  MR. VERHOEVEN?
 7              MR. VERHOEVEN:  SO ON THE RECIPROCAL
 8    ISSUE, I TAKE IT THEN THAT WE SHOULD DIRECT THAT TO
 9    YOUR HONOR AS WELL IF WE --
10              THE COURT:  THAT'S FINE.
11              MR. VERHOEVEN:  IF WE MEET AND CONFER --
12    OBVIOUSLY WE'LL MEET AND CONFER, YOUR HONOR, AND IF
13    WE'RE UNABLE TO REACH IT, WE'LL -- IF IT APPEARS TO
14    US THAT THEY'RE PURSUING THE IDEA OF A PRELIMINARY
15    INJUNCTION, WE WOULD WANT THAT DISCOVERY AS PART --
16    PRIOR TO THE MOTION PRACTICE ON THAT.
17              SO WE MAY HAVE TO FILE SOMETHING ON AN
18    EXPEDITED SCHEDULE WITH YOUR HONOR IF WE CAN'T WORK
19    IT OUT.
20              THE COURT:  THAT'S FINE.  AND LET ME JUST
21    SAY TO COUNSEL FOR APPLE, I'M NOT GOING TO BE HAPPY
22    IF YOU'RE NOT GOING TO SAY WHAT'S GOOD FOR THE
23    GOOSE IS NOT GOOD FOR THE GANDER.  OKAY?
24              SO IF I'VE GRANTED YOU THIS EXPEDITED
25    DISCOVERY AND THEN YOU END UP BEING EXTREMELY
```

```
 1    UNREASONABLE ON THE RECIPROCAL DISCOVERY THAT'S
 2    REASONABLY REQUESTED, I'M NOT GOING TO BE VERY
 3    HAPPY WITH THAT.
 4              SO I'M HOPING THAT THERE WILL BE NO NEED
 5    FOR MOTION PRACTICE, THAT YOU MAY BE ABLE TO
 6    STIPULATE TO SOMETHING.
 7              MR. VERHOEVEN:  THANK YOU, YOUR HONOR.
 8              THE COURT:  OKAY?  ALL RIGHT.  BUT THAT
 9    SHOULD COME HERE.
10              THANK YOU.
11              MR. VERHOEVEN:  THANK YOU, YOUR HONOR.
12              MR. MCELHINNY:  THANK YOU, YOUR HONOR.
13              MR. OLSON:  YOUR HONOR, MAY I APPROACH
14    THE COURT REPORTER TO ASK FOR A TRANSCRIPT?
15              THE COURT:  OH, OKAY.
16              (WHEREUPON, THE PROCEEDINGS IN THIS
17    MATTER WERE CONCLUDED.)
18
19
20
21
22
23
24
25
```

## CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED TRANSCRIPTION TO THE BEST OF MY ABILITY.

/S/
_____
LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595