# Exhibit 2

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

Writer's Direct Contact
415.268.6615
JasonBartlett@mofo.com

May 31, 2011

Via E-Mail

Victoria F. Maroulis
Quinn Emanuel
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139

Re:   *Apple Inc. v. Samsung Electronics Co., et al*.
      Case No. 11-cv-1846-LHK

Dear Victoria:

The motion that you filed late Friday night mischaracterizes the record in a number of ways, as explained below, which we will point out in our opposition. We encourage you to correct or withdraw your motion before then.

First, Apple has never denied Samsung reciprocal expedited discovery. At the April 12th hearing, Apple specifically offered to consider the discovery requests that Mr. Verhoeven identified to the Court as potentially relevant. I sent you a letter confirming that on May 20.

On May 23, I joined a telephone conference with Mr. Briggs to define a reasonable and specific scope for reciprocal discovery, and was prepared to discuss the categories identified during the hearing. To my surprise, Mr. Briggs explained that Samsung is no longer seeking the discovery that Mr. Verhoeven requested during the hearing. Instead, Mr. Briggs said that the only discovery Samsung seeks is Apple's unreleased products in development.

As explained on the telephone conference and in my letter of May 24, Samsung's sole request for Apple's unreleased products in development is not relevant to Apple's claims or preliminary injunction motion. Apple is not relying on a likelihood of confusion based on

sf-3001718

MORRISON | FOERSTER

Victoria F. Maroulis
May 31, 2011
Page Two

Apple's future products.  Indeed, I made it clear in my call with Mr. Briggs that Apple will not rely on its future products in support of its preliminary injunction motion.

Second, Samsung points to Apple's proposed schedule for reciprocal discovery promptly following any motion for preliminary injunction as evidence that Apple is refusing expedited discovery now.  Again, this is not true.  Apple has proposed that the parties make narrowly tailored discovery requests promptly after the filing of a preliminary injunction motion.  That is an offer of discovery, not a refusal.  Apple has been, and continues to be, open to considering reasonable requests for expedited discovery of relevant information (whether now or following the filing of a preliminary injunction motion).

Sincerely,

Jason R. Bartlett

sf-3001718