# EXHIBIT 3

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**STIPULATED MODIFICATION TO PATENT L.R. 2-2 INTERIM MODEL PROTECTIVE ORDER FOR PURPOSES OF EXPEDITED DISCOVERY** |

02198.51855/4176997.1

Case No. 11-cv-01846-LHK
**STIPULATED MODIFICATION TO PATENT L.R. 2-2 INTERIM MODEL
PROTECTIVE ORDER FOR PURPOSES OF EXPEDITED DISCOVERY**

1    WHEREAS, the Court has ordered certain limited discovery to proceed in this action prior
2 to the conference of the parties provided for by Fed. R. Civ. P. 26(f) ("Expedited Discovery") (see
3 Order Granting Limited Expedited Discovery (D.N. 52);

4    WHEREAS, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung
5 Telecommunications America, LLC, and Apple Inc. (collectively, the "Parties") agree that the
6 terms of the Patent Local Rule 2-2 Interim Model Protective Order ("Interim Protective Order")
7 (available on the Court's website at http://www.cand.uscourts.gov/stipprotectorder), as modified
8 herein and by the Court's Order Granting Limited Expedited Discovery, shall govern how the
9 Parties shall treat documents, tangible materials, and other information produced in this action by
10 any Party or Third Party as Expedited Discovery;

11    WHEREAS, the Parties desire to institute an additional confidentiality designation to
12 address the particular facts and circumstances of this case and to afford the most stringent security
13 for each Party's most valuable and sensitive information and tangible things that are produced
14 during Expedited Discovery;

15    WHEREAS, the Parties desire that such confidentiality designation shall be "HIGHLY
16 CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY";

17    WHEREAS, the Parties wish to revise Section 8 of the Interim Protective Order (entitled
18 "PROSECUTION BAR") so that it also addresses the particular facts and circumstances of this
19 case;

20    Now, therefore, the Parties by and through their counsel hereby stipulate to and petition the
21 Court to modify the Interim Protective Order for the purposes of Expedited Discovery in this case
22 as follows:

23

24    [Deleted]    2.4    ~~Designated House Counsel: House Counsel who seek access to~~
25 ~~"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.~~

26

27    [Amended]    2.5    Designating Party: a Party or Non-Party that designates information
28 or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

[Deleted]   ~~2.8   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.~~

[New]   2.8.1   "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items:   "Confidential Information or Items," disclosure of which to another Party, Non-Party or that Party or Non-Party's House Counsel, would create a substantial risk of serious harm that could not be avoided by less restrictive means.

[Amended]   2.16   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

[Amended]   5.2   <u>Manner and Timing of Designations</u>.   Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.   If only a portion or portions of the material on a page qualifies for protection,

02198.51855/4176997.1

-2-   Case No. 11-cv-01846-LHK
**STIPULATED MODIFICATION TO PATENT L.R. 2-2 INTERIM MODEL PROTECTIVE ORDER FOR PURPOSES OF EXPEDITED DISCOVERY**

the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.   During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."   After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.   Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.   If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.   When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.   Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.   Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

1    Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or
2 other proceeding to include Protected Material so that the other parties can ensure that only
3 authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"
4 (Exhibit A) are present at those proceedings.   The use of a document as an exhibit at a deposition
5 shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
6 – OUTSIDE COUNSEL'S EYES ONLY."

7    Transcripts containing Protected Material shall have an obvious legend on the title page
8 that the transcript contains Protected Material, and the title page shall be followed by a list of all
9 pages (including line numbers as appropriate) that have been designated as Protected Material and
10 the level of protection being asserted by the Designating Party.   The Designating Party shall
11 inform the court reporter of these requirements.   Any transcript that is prepared before the
12 expiration of a 21-day period for designation shall be treated during that period as if it had been
13 designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" in its entirety
14 unless otherwise agreed.   After the expiration of that period, the transcript shall be treated only as
15 actually designated.

16    (c) <u>for information produced in some form other than documentary and for any other
17 tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container
18 or containers in which the information or item is stored the legend "CONFIDENTIAL,"
19 "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY
20 CONFIDENTIAL – SOURCE CODE."   If only a portion or portions of the information or item
21 warrant protection, the Producing Party, to the extent practicable, shall identify the protected
22 portion(s) and specify the level of protection being asserted.

23

24    [Amended]   7.3   <u>Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE
25 COUNSEL'S EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information
26 or Items</u>.   Unless otherwise ordered by the court or permitted in writing by the Designating Party,
27 a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL
28

– OUTSIDE COUNSEL'S EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

[Amended]   7.4   <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts</u>.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5)

1  identifies each person or entity from whom the Expert has received compensation or funding for
2  work in his or her areas of expertise or to whom the expert has provided professional services,
3  including in connection with a litigation, at any time during the preceding five years,[1] and (6)
4  identifies (by name and number of the case, filing date, and location of court or administrative
5  agency) any litigation or administrative proceedings in connection with which the Expert has
6  offered expert testimony, including through a declaration, report, or testimony at a deposition or
7  trial, during the preceding five years.

8  (b) A Party that makes a request and provides the information specified in the preceding
9  respective paragraphs may disclose the subject Protected Material to the identified Expert unless,
10 within 14 days of delivering the request, the Party receives a written objection from the
11 Designating Party.   Any such objection must set forth in detail the grounds on which it is based.

12 (c) A Party that receives a timely written objection must meet and confer with the
13 Designating Party (through direct voice to voice dialogue) to try to resolve the matter by
14 agreement within seven days of the written objection.   If no agreement is reached, the Party
15 seeking to make the disclosure the Expert may file a motion as provided in Civil Local Rule 7
16 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to
17 do so.   Any such motion must describe the circumstances with specificity, set forth in detail the
18 reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the
19 disclosure would entail, and suggest any additional means that could be used to reduce that risk.
20 In addition, any such motion must be accompanied by a competent declaration describing the
21 parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and
22 confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal
23 to approve the disclosure.

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1  In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden
2 of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)
3 outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

5  [Revised]   8.   PROSECUTION BAR

6  Absent consent from the Producing Party, any individual who receives or reviews
7 Protected Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES
8 ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," under this Order shall not,

9  (1) prepare and/or prosecute any patent application (or portion thereof), whether design or
10 utility, and either in the United States or abroad, relating to telecommunications devices, personal
11 digital assistants, personal electronics devices, tablet computers, digital music players, methods or
12 means for interacting with and operating same, and/or software or hardware for same;

13  (2) prepare and/or prosecute any patent claim(s) (or portions thereof), whether as part of a
14 design or utility patent application, and either in the United States or abroad, relating to
15 telecommunications devices, personal digital assistants, personal electronics devices, tablet
16 computers, digital music players, methods or means for interacting with and operating same,
17 and/or software or hardware for same;

18  (3) provide any advice, counsel or suggestion regarding, or in any other way influencing,
19 including the decision whether or not to file a patent application, relating to telecommunications
20 devices, personal digital assistants, personal electronics devices, tablet computers, digital music
21 players, methods or means for interacting with and operating same, and/or software or hardware
22 for same;

23  (4) provide any advice, counsel or suggestion regarding, or in any other way influencing,
24 patent claim scope and/or language, embodiment(s) for claim coverage, claim(s) for prosecution,
25 or products or processes for coverage by claim(s) relating to telecommunications devices, personal
26 digital assistants, personal electronics devices, tablet computers, digital music players, methods or
27 means for interacting with and operating same, and/or software or hardware for same;

1      (5) prepare and/or prosecute any application (or portion thereof) for trademark or trade dress protection either in the United States or abroad, relating in any way to telecommunications devices, personal digital assistants, personal electronics devices, tablet computers, digital music players, or any icons, logos, product configurations, or methods or means for interacting with and operating same, and/or software or hardware features of same; or

     (6) provide any advice, counsel or suggestions regarding, or in any other way influencing, including the decision whether or not to seek registration of, or to file applications for trademark or trade dress protection either in the United States or abroad, relating in any way to telecommunications devices, personal digital assistants, personal electronics devices, tablet computers, digital music players, or any icons, logos, product configurations, or methods or means for interacting with and operating same, and/or software or hardware features of same.

      This prosecution bar applies to all substantive domestic and foreign patent and trademark office proceedings, including but not limited to patent and trademark drafting and prosecution, appeals, reexaminations, reissuances, and oppositions.   This prosecution bar shall begin when access to "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual.

     [Amended]   9.   <u>SOURCE CODE</u>

     (a) To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

     (b) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

     . . .

02198.51855/4176997.1

-8-   Case No. 11-cv-01846-LHK
**STIPULATED MODIFICATION TO PATENT L.R. 2-2 INTERIM MODEL PROTECTIVE ORDER FOR PURPOSES OF EXPEDITED DISCOVERY**

[Amended]   10.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a) promptly notify in writing the Designating Party.   Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.   Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[2]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.   The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

[Amended]   11.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

---

[2]   The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1        (a) The terms of this Order are applicable to information produced by a Non-Party in this
2  action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE
3  COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."   Such
4  information produced by Non-Parties in connection with this litigation is protected by the
5  remedies and relief provided by this Order.   Nothing in these provisions should be construed as
6  prohibiting a Non-Party from seeking additional protections.

7        . . .

9        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

11  DATED:                                          QUINN EMANUEL URQUHART &
                                                    SULLIVAN, LLP

14                                        By_____
                                              Charles K. Verhoeven
15                                            Kevin P.B. Johnson
                                              Victoria F. Maroulis
16                                            Michael T. Zeller
17                                            Attorneys for SAMSUNG ELECTRONICS
                                              AMERICA, INC., and SAMSUNG
18                                            TELECOMMUNICATIONS AMERICA, LLC

20  DATED:                                          MORRISON & FOERSTER LLP

22                                        By_____
                                              Harold J. McElhinny
23                                            Michael A. Jacobs
                                              Jennifer Lee Taylor
24                                            Jason R. Bartlett
25                                            Attorneys for APPLE INC.