1   HAROLD J. MCELHINNY (CA SBN 66781)          KENNETH H. BRIDGES (CA SBN 243541)
    hmcelhinny@mofo.com                          kbridges@bridgesmav.com
2   MICHAEL A. JACOBS (CA SBN 111664)           MICHAEL T. PIEJA (CA SBN 250351)
    mjacobs@mofo.com                             mpieja@bridgesmav.com
3   JENNIFER LEE TAYLOR (CA SBN 161368)          BRIDGES & MAVRAKAKIS LLP
    jtaylor@mofo.com                             3000 El Camino Real
4   ALISON M. TUCHER (CA SBN 171363)             One Palo Alto Square, 2nd Floor
    atucher@mofo.com                             Palo Alto, CA 94306
5   RICHARD S.J. HUNG (CA SBN 197425)            Telephone:  (650) 804-7800
    rhung@mofo.com                               Facsimile:  (650) 852-9224
6   JASON R. BARTLETT (CA SBN 214530)
    jasonbartlett@mofo.com
7   MORRISON & FOERSTER LLP
    425 Market Street
8   San Francisco, California  94105-2482
    Telephone:  (415) 268-7000
9   Facsimile:  (415) 268-7522

10  Attorneys for Plaintiff
    APPLE INC.

11

12                          UNITED STATES DISTRICT COURT

13                        NORTHERN DISTRICT OF CALIFORNIA

14                                SAN JOSE DIVISION

15  APPLE INC., a California corporation,        Case No. 11-cv-01846-LHK

16              Plaintiff,                       **JURY TRIAL DEMAND**

17       v.                                      **AMENDED COMPLAINT FOR
                                                 FEDERAL FALSE DESIGNATION
18  SAMSUNG ELECTRONICS CO., LTD., a             OF ORIGIN AND UNFAIR
    Korean corporation; SAMSUNG                  COMPETITION, FEDERAL
19  ELECTRONICS AMERICA, INC., a New             TRADEMARK INFRINGEMENT,
    York corporation; and SAMSUNG               FEDERAL TRADE DRESS
20  TELECOMMUNICATIONS AMERICA,                  DILUTION, STATE UNFAIR
    LLC, a Delaware limited liability company,   BUSINESS PRACTICES,
21                                               COMMON LAW TRADEMARK
                Defendants.                      INFRINGEMENT, UNJUST
22                                               ENRICHMENT, AND PATENT
                                                 INFRINGEMENT**
23

24

25

26

27

28

Plaintiff Apple Inc. ("Apple") complains and alleges as follows against Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung").

## THE NATURE OF THE ACTION

1.      Apple revolutionized the telecommunications industry in 2007 when it introduced the wildly popular iPhone, a product that dramatically changed the way people view mobile phones.  Reviewers, analysts and consumers immediately recognized the iPhone as a "game changer."  Before the iPhone, cell phones were utilitarian devices with key pads for dialing and small, passive display screens that did not allow for touch control.  The iPhone was radically different.  In one small and lightweight handheld device, it offered sophisticated mobile phone functions, a multi-touch screen allowing users to control the phone with their fingers, music storage and playback, a mobile computing platform for handheld applications, and full access to the Internet.  These features were combined in an elegantly designed minimalist product with a distinctive user interface, icons, and eye-catching displays that gave the iPhone an unmistakable look.

2.      Those design features were carried over to the iPod touch, another product that Apple introduced in 2007.  The iPod touch has a product configuration and physical appearance that is a further iteration of the iPhone product design.  Moreover, the iPod touch utilizes the same user interface icons and screen layout as the iPhone, displaying the unmistakable iPhone appearance.

3.      Apple introduced another revolutionary product, the iPad, in 2010.  The iPad is an elegantly designed computer tablet with a color touch screen, a user interface reminiscent of the iPhone's user interface, and robust functionality that spans both mobile computing and media storage and playback.  Because of its innovative technology and distinctive design, the iPad achieved instant success.

4.      Apple's creative achievements have resulted in broad intellectual property protection for Apple's innovations, including utility and design patents, trademarks, and trade dress protection.  Nevertheless, Apple's innovations have been the subject of emulation by its

1   competitors, who have attempted to catch up with Apple's innovative products. Samsung has

2   been even bolder, creating products that blatantly imitate the appearance of Apple's products to

3   capitalize on Apple's success. For example, Samsung recently introduced the Galaxy line of

4   mobile phones and computer tablets, all of which use the Google Android software platform, to

5   compete with the iPhone and iPad. Instead of pursuing independent product development,

6   Samsung has chosen to slavishly copy Apple's innovative technology, distinctive user interfaces,

7   and elegant and distinctive product and packaging design, in violation of Apple's valuable

8   intellectual property rights. As alleged below in detail, Samsung has made its Galaxy phones and

9   computer tablets work and look like Apple's products through widespread patent, trademark, and

10  trade dress infringement. Samsung has even copied Apple's distinctive product packaging.

11       5.       By this action, Apple seeks to put a stop to Samsung's illegal conduct and obtain

12  compensation for the violations that have occurred thus far.

13                                     **THE PARTIES**

14       6.       Apple is a California corporation having its principal place of business at 1 Infinite

15  Loop, Cupertino, California 95014.

16       7.       Samsung Electronics Co., Ltd. (referred to individually herein as "SEC") is a

17  Korean corporation with its principal offices at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul, 100-742,

18  South Korea. On information and belief, SEC is South Korea's largest company and one of

19  Asia's largest electronics companies. SEC designs, manufactures, and provides to the U.S. and

20  world markets a wide range of products, including consumer electronics, computer components,

21  and myriad mobile and entertainment products.

22       8.       Samsung Electronics America, Inc. (referred to individually herein as "SEA") is a

23  New York corporation with its principal place of business at 105 Challenger Road, Ridgefield

24  Park, New Jersey 07660. On information and belief, SEA was formed in 1977 as a subsidiary of

25  SEC and markets, sells, or offers for sale a variety of consumer electronics, including TVs,

26  VCRs, DVD and MP3 players, and video cameras, as well as memory chips and computer

27  accessories, such as printers, monitors, hard disk drives, and DVD/CD-ROM drives. On

28

1   information and belief, SEA also manages the North American operations of Samsung

2   Telecommunications America, Samsung Electronics Canada, and Samsung Electronics Mexico.

3        9.     Samsung Telecommunications America, LLC (referred to individually herein as

4   "STA") is a Delaware limited liability company with its principal place of business at 1301 East

5   Lookout Drive, Richardson, Texas 75081.  On information and belief, STA was founded in 1996

6   as a subsidiary of SEC and markets, sells, or offers for sale a variety of personal and business

7   communications devices in the United States, including cell phones.

8   **JURISDICTION**

9        10.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising

10   under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of

11   Congress relating to patents or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair

12   competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C.

13   § 1367 (supplemental jurisdiction).

14        11.     This Court has personal jurisdiction over SEC, SEA, and STA because each of

15   these Samsung entities has committed and continues to commit acts of infringement in violation

16   of 35 U.S.C. § 271 and 15 U.S.C. §§ 1114, 1125, and places infringing products into the stream

17   of commerce, with the knowledge or understanding that such products are sold in the State of

18   California, including in this District.  The acts by SEC, SEA, and STA cause injury to Apple

19   within this District.  Upon information and belief, SEC, SEA, and STA derive substantial revenue

20   from the sale of infringing products within this District, expect their actions to have consequences

21   within this District, and derive substantial revenue from interstate and international commerce.

22   **VENUE AND INTRADISTRICT ASSIGNMENT**

23        12.     Venue is proper within this District under 28 U.S.C. §§ 1391(b),(c) because

24   Samsung transacts business within this District and offers for sale in this District products that

25   infringe the Apple patents, trade dress, and trademarks.  In addition, venue is proper because

26   Apple's principal place of business is in this District and Apple suffered harm in this District.

27   Moreover, a substantial part of the events giving rise to the claim occurred in this District.

28   Pursuant to Local Rule 3-2(c), intellectual property actions are assigned on a district-wide basis.

# BACKGROUND

## *APPLE'S INNOVATIONS*

13.     Apple is a leading designer and manufacturer of handheld mobile devices, personal computers, and portable media players.  As a result of its significant investment in research and development, Apple has developed innovative technologies that have changed the face of the computer and telecommunications industries.  One such pioneering technology is Apple's Multi-Touch™ user interface, which allows users to navigate their iPhone, iPod touch, and iPad devices by tapping and swiping their fingers on the screen.

14.     In 2007, Apple revolutionized the telecommunications industry when it introduced the iPhone.  The iPhone combined in one small and lightweight handheld device sophisticated mobile phone functions, media storage and playback, the Multi-Touch user interface, mobile computing power to run diverse pre-installed and downloadable applications, and functionality to gain full access to the Internet.  These features were combined in an elegant glass and metal case with a distinctive user interface that gave the iPhone an immediately recognizable look.

15.     As a direct result of its innovative and distinctive design and its cutting edge technological features, the iPhone was an instant success, and its appearance immediately became uniquely associated with Apple as its source.  Reviewers and analysts universally praised the iPhone for its "game changing" features.  *Time* magazine listed the iPhone number one on its List of Top Ten Gadgets for 2007, noting that "[t]he iPhone changed the way we think about how mobile media devices should look, feel and perform."  *The New York Times* called it "revolutionary."  Apple subsequently introduced the iPhone 3G, the iPhone 3GS, and iPhone 4.  As of March 2011, more than 108 million iPhones had been sold worldwide.

16.     While the iPhone was an instant success, there was nothing instant about the design process.  Over the course of several years, Apple had teams of people working on developing each aspect of the design of the phone itself — the shape of the phone, the materials used, and the size and placement of the mask that frames the screen — as well as the Multi-Touch user interface, to make a product that looked and felt entirely different from prior phones on the

market.  The end result was a very clean shape for the phone, with an entirely flat glass panel for the front, gently rounded corners and integrated casing, and intuitive touch features.

17.     Before Apple's introduction of the first iPhone product, no other company was offering a phone with these features.  Prior mobile phones were often bulkier and contained physical keypads.  Some had a rocker-style navigation button and sets of buttons for numbers and calling features.  Others had a front panel with a partial or full QWERTY keyboard and a screen.  None had the clean lines of the iPhone, which immediately caused it to stand apart from the competition.

18.     Also in 2007, Apple launched the iPod touch, a widescreen, touch-controlled iPod that is great for playing video and running third-party software applications, among other things.  The iPod touch incorporated the distinct style of the iPhone and also became an immediate success.  By March 2011, Apple had sold over 60 million iPod touch units.

19.     After introducing the iPhone mobile phone and iPod touch media player, Apple continued to innovate and achieve success with a series of pioneering designs — more sophisticated, advanced versions of the iPhone, and then, in 2010, the iPad.  The iPad is a tablet computer with a color 9.7-inch touch screen that allows users to manipulate icons and data with their fingers in the same fashion as the iPhone and iPod touch screens.  Reviewers and analysts immediately recognized the iPad as a revolutionary product, describing it as a "winner" and a "new category of device" that would "replace laptops for many people."  In its first 80 days on the market, Apple sold 3 million iPads.  By March 2011, Apple had sold over 19 million iPads.

20.     No computer product that preceded the iPad looked like the iPad.  Instead, the iPad's design was built upon design elements in other Apple products — namely, the iPhone and the iPod touch, thereby extending elements of the unique and innovative Apple design and trade dress to a new product — tablet computers.

21.     Apple's iPhone, iPad, and iPod touch products have been extensively advertised throughout the United States in virtually every media outlet, including network and syndicated television, the Internet, billboards, magazines, and newspapers — with the vast majority of the advertisements featuring photographs of the distinctive design of these products.  Apple's

advertising expenditures for these products for fiscal years 2007-2010 were in excess of $2 billion.

22.     In addition, Apple's iPhone, iPod touch, and iPad products have received unsolicited comments and attention in print and broadcast media throughout the world. Each new generation of these Apple products is the subject of positive commentary and receives unsolicited praise from independent media commentators. Frequently, the unsolicited commentaries are accompanied by images of the iPhone, iPad, and iPod touch products. For example, images of the iPhone appeared on the front pages of *The New York Times* and *USA Today* when the product was first announced in January 2007, and was prominently featured again in both publications when the product went on sale in June 2007. Images of the iPad similarly appeared on the front pages or lead sections of *The New York Times*, *The Wall Street Journal*, and *USA Today* when Apple announced the product in January 2010, and also appeared on the front pages of *The New York Times* and *USA Today* when the product went on sale in April 2010. The iPad product was also the subject of cover stories in *Time* and *Newsweek*, with an image of the product appearing on the cover of *Newsweek*.

23.     The Apple iPhone, iPod touch, and iPad product designs have come to represent and symbolize the superb quality of Apple's products and enjoys substantial goodwill among consumers. The iPad, iPhone, and iPod touch products have garnered widespread acclaim for their unique product designs and outstanding performance. *Time* magazine named the iPad one of the 50 Best Inventions of the Year 2010, *Popular Science* heralded it as the Top Tablet in its Best of What's New 2010 feature, and the popular technology blog Engadget selected the device as both the 2010 Editors' Choice Gadget of the Year and Tablet of the Year. In addition, the iPad received a 2010 Red Dot Award for Product Design and was nominated for the 2010 People's Design Award.

24.     In addition to the recognition described above, the iPhone products have received many other awards, including a 2008 Design and Art Direction (D&AD) "Black Pencil" award, a 2008 International Forum (iF) Product Design Award, and the 2008 International Design Excellence Award (IDEA) Best in Show. More recently, Engadget named the iPhone 4 the 2010

1   Editors' Choice Phone of the Year, and the device received the Best Mobile Device award at the

2   Mobile World Congress in February 2011.  Engadget also included the iPhone in its feature on

3   the 10 Gadgets That Defined the Decade.  The iPod touch won the 2008 D&AD "Yellow Pencil"

4   award as well as the 2008 iF Product Design Award.

5       25.     On May 8, 2011, Apple topped the BrandZ Top 100 ranking of the most valuable

6   global brands, with an 84 percent year-over-year increase in brand value.  The increase in brand

7   value was attributed to "successful iterations of existing products like the iPhone, creation of the

8   tablet category with iPad, and anticipation of a broadened strategy making the brand a trifecta of

9   cloud computing, software, and innovative, well-designed devices."

10   ### *APPLE'S INTELLECTUAL PROPERTY RIGHTS*

11   ### **Apple's Utility Patents**

12       26.     Apple has protected its innovative designs and cutting-edge technologies through a

13   broad range of intellectual property rights.  Among those rights are the utility patents listed

14   below.  Apple's utility patents cover many of the elements that the world has come to associate

15   with Apple's mobile devices.  These include patents covering fundamental features of the Multi-

16   Touch™ user interface that enable Apple's devices to understand user gestures and to respond by

17   performing a wide variety of functions, such as selecting, scrolling, pinching, and zooming.

18       27.     In addition, Apple has patented many of the individual features that together add

19   up to the high-quality experience that users have come to associate with Apple products.  Apple's

20   innovations  —  ranging from the arrangement of text messages on the screen, to the way images

21   and documents appear to "bounce back" when the user scrolls too far down, to movement of the

22   buttons — have been recognized by the United States Patent and Trademark Office as patent-

23   worthy contributions to the art.

24       28.     Among the patents that Apple has been awarded are the patents listed below,

25   attached as Exhibits 1-8, to which Apple owns all rights, title, and interest.

26

27   | Patent Number | Title |
    | --- | --- |

28   | 7,812,828 (the "'828 Patent") | Ellipse Fitting for Multi-Touch Surfaces |

| Patent Number | Title |
|---|---|
| 6,493,002 (the "'002 Patent") | Method and Apparatus for Displaying and Accessing Control and Status Information in a Computer System |
| 7,469,381 (the "'381 Patent") | List Scrolling and Document Translation, Scaling and Rotation on a Touch-Screen Display |
| 7,844,915 (the "'915 Patent") | Application Programming Interfaces for Scrolling Operations |
| 7,853,891 (the "'891 Patent") | Method and Apparatus for Displaying a Window for a User Interface |
| 7,663,607 (the "'607 Patent") | Multipoint Touchscreen |
| 7,864,163 (the "'163 Patent") | Portable Electronic Device, Method, and Graphical User Interface for Displaying Structured Electronic Documents |
| 7,920,129 (the "'129 Patent") | Double-Sided Touch-Sensitive Panel With Shield And Drive Combined Layer |

**Apple's Design Patents**

29.     Apple also has protected its innovative designs through design patents issued by the United States Patent and Trademark Office.  The Apple design patents cover the unique and novel ornamental appearance of Apple's devices, which include features such as the black face, bezel, the matrix of application icons, and a rim surrounding a flat screen.  Apple owns all rights, title, and interest in and to each of the asserted design patents listed below, copies of which are attached as Exhibits 9-15.

| Patent Number | Title |
|---|---|
| D627,790 (the "'D790 Patent") | Graphical User Interface For a Display Screen or Portion Thereof |
| D617,334 (the "'D334 Patent") | Graphical User Interface For a Display Screen or Portion Thereof |
| D604,305 (the "'D305 Patent") | Graphical User Interface For a Display Screen or Portion Thereof |

| Patent Number | Title |
| --- | --- |
| D593,087  (the "'D087 Patent") | Electronic Device |
| D618,677 (the "'D677 Patent") | Electronic Device |
| D622,270 (the "'D270 Patent") | Electronic Device |
| D504,889 (the "'D889 Patent") | Electronic Device |

## Apple's Trade Dress

30.     Apple holds trade dress protection in the design, appearance, and distinctive user interfaces of the iPhone, the iPod touch, and the iPad products released to date.

### iPhone Trade Dress

31.     The iPhone design is radically different from the devices that preceded it.  Many early phones had a rocker-style navigation button with sets of buttons for calling features and number dialing, while the first smart phones and PDA devices had a front panel with a partial or full QWERTY keyboard and a screen.  The front panel typically was formed from the same material that was used for the back of the phone, or the phone may have had a clamshell design so that the screen could be closed over the keyboard.

32.     In contrast, the iPhone had a distinctive shape and appearance — a rectangular product with four evenly rounded corners, a flat clear face covering the front of the product, a large display screen under the clear surface, substantial black borders above and below the display screen and narrower black borders on either side of the screen under the clear surface, a metallic bezel around the flat clear surface, and on the display when the device is turned on, a matrix of colorful square icons with evenly rounded corners and a bottom row (or "dock") of colorful square icons set off from the other icons, which does not change as other pages of the user interface are viewed — which are the embodiment of Apple's innovative iPhone user interface.  The iPhone did not include a physical keyboard.

33.     The combination of elements of the iPhone product design is distinctive and serves to identify Apple as the source of the iPhone products.  These elements are not merely functional

1   and the overall product design is not required to achieve any particular function.  Apple's

2   competitors have numerous options from which they can choose for their own product designs.

3       34.     The end result is an elegant product that is more accessible, easier to use, and

4   much less technically intimidating than previously available smart phones and PDAs.  The iPhone

5   product design immediately became closely associated with Apple.

6                              **iPhone 3G Trade Dress**

7       35.     The iPhone 3G product design included all of the elements of the iPhone trade

8   dress — a rectangular product with four evenly rounded corners, a flat clear face covering the

9   front of the product, a metallic bezel around the flat clear surface, a large display screen under the

10  clear surface, substantial black borders above and below the display screen and narrower black

11  borders on either side of the screen under the clear surface, and on the display when the device is

12  turned on, a matrix of colorful square icons with evenly rounded corners, and a bottom dock of

13  colorful square icons set off from the other icons, which does not change as other pages of the

14  user interface are viewed — and added a row of small dots on the display screen when the device

15  is turned on.  The iPhone 3G product design, as shown below, immediately became closely

16  associated with Apple.  Apple continues to use the design for its iPhone 3GS generation phone.



17

18

19

20

21

22

23

24

25

26

27      36.     The combination of elements of the iPhone 3G product design is distinctive and

28  serves to identify Apple as the source of the iPhone 3G and iPhone 3GS products.  Moreover,

1  these elements are not merely functional and the overall product design is not dictated by

2  function.  Apple's competitors have many alternative product designs available to them.

3  <center>**iPhone 4 Trade Dress**</center>

4          37.     The iPhone 4 product design also incorporates the elements of the iPhone and the

5  iPhone 3G trade dress — a rectangular product with four evenly rounded corners, a flat clear face

6  covering the front of the product, a large display screen under the clear surface, substantial neutral

7  (black or white) borders above and below the display screen and narrower neutral borders on

8  either side of the screen under the clear surface, and on the display when the device is turned on, a

9  row of small dots, a matrix of colorful square icons with evenly rounded corners, and a bottom

10  dock of colorful square icons with evenly rounded corners set off from the other icons, which

11  does not change as other pages of the user interface are viewed.  The iPhone 4, however, has a

12  much flatter profile than previous versions of the iPhone.  Moreover, there is a thin metallic band

13  around the outside edge of the phone, creating a thin rim adjacent to the face of the phone.  The

14  result is a flatter-looking profile that is less rounded than previous iPhone products, as shown

15  below.  The iPhone 4 product design immediately became closely associated with Apple.

16

17

18

19   

20

21

22

23

24

25

26

27

28




38.     The combination of elements of the iPhone 4 product design is distinctive and serves to identify Apple as the source of the iPhone 4 products.  These elements are not merely functional and the overall product design is not required to achieve any particular function.  There are numerous alternatives available to Apple's competitors for their product designs.

39.     Extending its innovative style to its product packaging, Apple created an equally elegant and distinctive packaging for the iPhone products that have been available to date.  The packaging features a compact black or black-and-white box with eye-catching metallic silver lettering on a matte black surface, and with the sides of the top of the box extending down to cover the bottom portion of the box completely.  The outside of the box has a clean style — with minimal wording and a simple, prominent photograph of the iPhone product itself.  The style carries over within the box — with the iPhone device cradled within a specially designed monochromatic display, so that the iPhone, and nothing else, is immediately visible when the box is opened.  The accessories and instructional materials are hidden from view underneath the iPhone tray — emphasizing the accessible nature of the iPhone itself.  The design entices purchasers to pick up the iPhone and try it out, without worrying that it is complicated.



40.     As with the product configuration itself, the combination of elements of the iPhone packaging is distinctive and serves to identify Apple as the source of the iPhone products.  The overall packaging design is not required to achieve any particular function — and there are a plethora of alternative packaging options available to Apple's competitors.

**iPod touch Trade Dress**

41.     The iPod touch has a product configuration and physical appearance that builds upon the original iPhone design.  It is a rectangular product with four evenly rounded corners, a flat clear face covering the front of the product, a large display screen under the clear surface, substantial black borders above and below the display screen and narrower black borders on either side of the screen under the clear surface, and on the display when the device is turned on, a row of small dots, a matrix of colorful square icons with evenly rounded corners within the display screen, and a bottom dock of colorful square icons with four evenly rounded corners set

1    off from the other icons, which does not change as other pages of the user interface are viewed —

2    a combination that is the embodiment of Apple's innovative iPod touch user interface.

3         42.    As shown below, the end result is a simple and elegant product that invites use.

4    Like the iPhone design, the iPod touch design immediately became closely associated with Apple.



16        43.    The combination of elements of the iPod touch product design is distinctive and

17   serves to identify Apple as the source of the iPod touch products.  These elements are not merely

18   functional and the overall product design is not dictated by function.  There are many alternative

19   product designs that Apple's competitors can use.

20                                    **iPad Trade Dress**

21        44.    Because it shares some trade dress elements with the iPhone products, the iPad

22   resembles a "grown-up iPhone."  It is a rectangular product with four evenly rounded corners, a

23   flat clear surface covering the front of the product, a metallic rim around the clear flat surface, a

24   large display screen under the clear surface, substantial neutral (black or white) borders on all

25   sides of the display screen under the clear surface, and when the device is turned on, a matrix of

26   colorful icons within the display screen.  The overall iPad design has an extremely thin side

27   profile, which makes the product appear to be relatively flat when placed on a table.  To highlight

28

1    its distinctive shape of the back panel, Apple has featured the profile of the iPad 2 product in

2    thousands of advertisements.

**iPad**



**iPad 2**





45.     The combination of elements of the iPad product design is distinctive and serves to identify Apple as the source of the iPad products.  These elements are not merely functional, and the overall product design is not required to achieve any particular function.  Apple's competitors have many alternatives available to them for their product designs.

46.     The packaging for the iPad is similarly innovative and, like the iPhone products, utilizes a box that, when opened, prominently displays the product so that it is immediately visible, with all other accessories and materials layered beneath.  Also similar to the iPhone packaging, the outside of the iPad box has a clean style — with minimal silver metallic wording and a simple, prominent, nearly full-size photograph of the iPad product on a white background.



47.     The combination of elements of the iPad packaging is distinctive and serves to identify Apple as the source of the products.  These elements are not merely functional and there are numerous packaging alternatives available to Apple's competitors.

### Trade Dress Registrations

48.     Apple owns three registrations for the iPhone design and configuration.

49.     U.S. Registration No. 3,470,983 is for the overall design of the product, including the rectangular shape, the rounded corners, the silver edges, the black face, and the display of sixteen colorful icons.  Exhibit 16 is a true and correct copy of U.S. Registration No. 3,470,983.

50.     U.S. Registration No. 3,457,218 is for the configuration of a rectangular handheld mobile digital electronic device with rounded corners.  Exhibit 17 is a true and correct copy of U.S. Registration No. 3,457,218.

51.     U.S. Registration No. 3,475,327 is for a rectangular handheld mobile digital electronic device with a gray rectangular portion in the center, a black band above and below the gray rectangle and on the curved corners, and a silver outer border and side.  Exhibit 18 is a true and correct copy of U.S. Registration No. 3,475,327.

### Trade Dress Applications

52.     Apple also owns three applications for the iPad design and configuration and one application for the iPhone 4 design and configuration.

53.     U.S. Application Serial No. 77/921,838 is for the configuration of a digital electronic device with a screen on the front of the device, and a circle at the bottom center of the front — the iPad.  Exhibit 19 is a true and correct copy of U.S. Application Serial No. 77/921,838.

54.     U.S. Application Serial No. 77/921,829 is for a configuration of a digital electronic device, with a gray screen, a black border around the screen, a black concave circle at the bottom of the border, and silver sides — also the iPad.  Exhibit 20 is a true and correct copy of U.S. Application Serial No. 77/921,829.

55.     U.S. Application Serial No. 77/921,869 is for the overall design of the product, including a black screen and silver casing, with thirteen colorful square icons arranged in four rows on the face of the screen, and a concave black circle with the outline of a gray square in the center below the bottom row of icons — again, the iPad.  Exhibit 21 is a true and correct copy of U.S. Application Serial No. 77/921,869.

56.     U.S. Application Serial No. 85/299,118 is for the configuration of a rectangular handheld mobile digital electronic device with evenly rounded corners — the iPhone 4.  Exhibit 22 is a true and correct copy of U.S. Application Serial No. 85/299,118.

1

**iPhone Trade Dress at Issue**

2      57.      The following elements of Apple's product designs comprise the "Apple iPhone

3  Trade Dress" at issue in this case:

4           •         a rectangular product with four evenly rounded corners;

5           •         a flat clear surface covering the front of the product;

6           •         the appearance of a metallic bezel around the flat clear surface;

7           •         a display screen under the clear surface;

8           •         under the clear surface, substantial black borders above and below the display

9  screen and narrower black borders on either side of the screen;

10          •         when the device is on, a matrix of colorful square icons with evenly rounded

11  corners within the display screen; and

12          •         when the device is on, a bottom dock of colorful square icons with evenly rounded

13  corners set off from the other icons on the display, which does not change as other pages of the

14  user interface are viewed.

15      58.      The Apple iPhone Trade Dress is embodied in the first generation iPhone product,

16  released in June 2007.

17

**iPhone 3G Trade Dress at Issue**

18      59.      The following elements of Apple's product designs comprise the "Apple iPhone

19  3G Trade Dress" at issue in this case:

20          •         a rectangular product with four evenly rounded corners;

21          •         a flat clear surface covering the front of the product;

22          •         the appearance of a metallic bezel around the flat clear surface;

23          •         a display screen under the clear surface;

24          •         under the clear surface, substantial black borders above and below the display

25  screen and narrower black borders on either side of the screen;

26          •         when the device is on, a row of small dots on the display screen;

27          •         when the device is on, a matrix of colorful square icons with evenly rounded

28  corners within the display screen; and

1        •      when the device is on, a bottom dock of colorful square icons with evenly rounded

2  corners set off from the other icons on the display, which does not change as other pages of the

3  user interface are viewed.

4        60.     The Apple iPhone 3G Trade Dress is embodied in the iPhone 3G product, released

5  in July 2008, and the iPhone 3GS product, released in June 2009.

6                        **iPhone 4 Trade Dress at Issue**

7        61.     The following elements of Apple's product designs comprise the "Apple iPhone 4

8  Trade Dress" at issue in this case:

9        •      a rectangular product with four evenly rounded corners;

10       •      a flat clear surface covering the front of the product;

11       •      a display screen under the clear surface;

12       •      under the clear surface, substantial neutral (black or white) borders above and

13  below the display screen and narrower black borders on either side of the screen;

14       •      a thin metallic band around the outside edge of the phone;

15       •      when the device is on, a row of small dots on the display screen;

16       •      when the device is on, a matrix of colorful square icons with evenly rounded

17  corners within the display screen; and

18       •      when the device is on, a bottom dock of colorful square icons with evenly rounded

19  corners set off from the other icons on the display, which does not change as other pages of the

20  user interface are viewed.

21        62.     The Apple iPhone 4 Trade Dress is embodied in the iPhone 4 product, released in

22  June 2010.

23              **iPhone/iPhone 3G/iPhone 4 Trade Dress at Issue**

24        63.     The following elements of Apple's product designs comprise the "Apple iPhone

25  Trade Dress" at issue in this case:

26       •      a rectangular product with four evenly rounded corners;

27       •      a flat clear surface covering the front of the product;

28       •      a display screen under the clear surface;

1    •   under the clear surface, substantial neutral (black or white) borders above and

2    below the display screen and narrower neutral borders on either side of the screen;

3    •   when the device is on, a matrix of colorful square icons with evenly rounded

4    corners within the display screen; and

5    •   when the device is on, a bottom dock of colorful square icons with evenly rounded

6    corners set off from the other icons on the display, which does not change as other pages of the

7    user interface are viewed.

8    64.   The Apple iPhone/iPhone 3G/iPhone 4 Trade Dress is embodied in the first

9    generation iPhone product (released in June 2007), the iPhone 3G product (released in July 2008),

10   the iPhone 3GS product (released in June 2009), and the iPhone 4 product (released in June

11   2010).

**iPad Trade Dress at Issue**

13   65.   The following elements of Apple's product designs comprise the "Apple iPad

14   Trade Dress" at issue in this case:

15   •   a rectangular product with four evenly rounded corners;

16   •   a flat clear surface covering the front of the product;

17   •   the appearance of a metallic rim around the flat clear surface;

18   •   a display screen under the clear surface;

19   •   under the clear surface, substantial neutral (black or white) borders on all sides of

20   the display screen; and

21   •   when the device is on, a matrix of colorful square icons with evenly rounded

22   corners within the display screen.

23   66.   The Apple iPad Trade Dress is embodied in the first generation iPad product,

24   released in January 2010.

**iPad 2 Trade Dress at Issue**

26   67.   The following elements of Apple's product designs comprise the "Apple iPad 2

27   Trade Dress" at issue in this case:

28   •   a rectangular product with four evenly rounded corners;

1          •          a flat clear surface covering the front of the product;

2          •          the appearance of a metallic rim around the clear flat surface;

3          •          a display screen under the clear surface;

4          •          under the clear surface, substantial neutral (black or white) borders on all sides of

5     the display screen; and

6          •          when the device is on, a matrix of colorful square icons with evenly rounded

7     corners within the display screen.

8          68.     The Apple iPad 2 Trade Dress is embodied in the iPad 2 product, released in

9     March 2011.

10                                      **Apple's Trademarks**

11          69.     Apple has protectable trademark rights in various colorful square icons with

12    evenly rounded corners that have been used in the user interface in the iPhone, iPod touch, and

13    iPad products released to date.

14          70.     U.S. Registration No. 3,886,196 covers an icon that is green in color with a white

15    silhouette of a phone handset arranged at a 45 degree angle and centered on the icon that

16    represents the application for making telephone calls:

17
18
19
20
21

22    Exhibit 23 is a true and correct copy of U.S. Registration No. 3,866,196.

23
24
25
26
27
28

71.     U.S. Registration No. 3,889,642 covers an icon that is green in color with a white silhouette of a speech bubble centered on the icon that represents the application for messaging:

Exhibit 24 is a true and correct copy of U.S. Registration No. 3,889,642.

72.     U.S. Registration No. 3,886,200 covers an icon featuring a yellow and green sunflower against a light-blue background that represents the application for photos:

Exhibit 25 is a true and correct copy of U.S. Registration No. 3,866,200.

73.     U.S. Registration No. 3,889,685 covers an icon that features gears against a gray background that represents the application for settings:

Exhibit 26 is a true and correct copy of U.S. Registration No. 3,889,685.

74.     U.S. Registration No. 3,886,169 covers an icon that features a yellow notepad that represents the application for notes:

Exhibit 27 is a true and correct copy of U.S. Registration No. 3,886,169.

75.     U.S. Registration No. 3,886,197 is for the silhouette of a man on a spiral bound address book that represents the icon for contacts:

Exhibit 28 is a true and correct copy of U.S. Registration No. 3,886,197.

76.     Collectively, the application icons displayed in Paragraphs 70-75 represent Apple's "Registered Icon Trademarks."  Apple has used these Registered Icon Trademarks in connection with its iPhone, iPod touch, and iPad products released to date.

77.     To represent the iTunes application, Apple uses an icon w a purple background color with a white circle and a silhouette of two white eighth notes within the white circle:

Pending U.S. Application Serial No. 85/041,463 covers this icon (the "Purple iTunes Store Trademark").  Exhibit 29 is a true and correct copy of U.S. Application Serial No. 85/041,463.

1     78.     Moreover, Apple also owns a federal trademark registration for a two eighth note

2     and CD logo for its iTunes on-line music service, U.S. Registration No. 2,935,038 (the "iTunes

3     Eighth Note and CD Design Trademark"):



9     U.S. Registration No. 2,935,038 issued on March 22, 2005.  Apple filed an Affidavit under

10    Section 15 of the Lanham Act on March 24, 2010, rendering the registration incontestable.

11    Exhibit 30 is a true and correct copy of U.S. Registration No. 2,935,038.

### SAMSUNG'S INFRINGING PRODUCTS

13    79.     Rather than innovate and develop its own technology and a unique Samsung style

14    for its smart phone and tablet computer products, Samsung has chosen to copy Apple's

15    technology, user interface, and innovative style in its phone and tablet computer products.

16    80.     Apple introduced its first iPhone product at MacWorld in January 2007 and

17    released it for sale in June 2007.  This product featured the distinctive and minimalist Apple

18    iPhone Trade Dress.  Merely one month after the introduction of the first iPhone product at

19    MacWorld in February 2007, Samsung raised its intent to release its F700 product at the 3GSM

20    World Congress.  Samsung released the Samsung F700 in November 2007 — copying the clean

21    flat clear surface of the Apple iPhone Trade Dress and the Apple iPhone/iPhone 3G/iPhone 4

22    Trade Dress.

23    81.     In June 2008, Apple introduced its iPhone 3G generation phone with the

24    distinctive Apple iPhone 3G Trade Dress.  Apple released the iPhone 3G the following month, in

25    July 2008.  And in June 2009, Apple announced and released a newer iPhone 3G version — the

26    iPhone 3GS, also with the distinctive Apple iPhone 3G Trade Dress.  In March 2010, Samsung

27    announced its Samsung Galaxy i9000 phone, copying every aspect of the distinctive and

28    minimalist Apple iPhone 3G Trade Dress:  a rectangular product with four evenly rounded

1  corners, a flat clear face covering the front of the product, a large display screen under the clear

2  surface, substantial black borders above and below the display screen and narrower black borders

3  on either side of the screen under the clear surface, the appearance of a metallic bezel around the

4  flat clear surface, and on the display when the device is turned on, a row of small dots, a matrix of

5  colorful square icons with evenly rounded corners, and a bottom dock of colorful square icons

6  with evenly rounded corners set off from the other icons.  The dock of icons does not change as

7  the other pages of the user interface are viewed.

8          82.     In January 2010, Apple introduced its iPad with the distinctive Apple iPad Trade

9  Dress.  In November 2010, Samsung copied the distinctive Apple iPad Trade Dress and

10  introduced the Samsung Galaxy Tab tablet computer, which is a rectangular product with four

11  evenly rounded corners, a flat clear face covering the front of the product, a large display screen

12  under the clear surface, substantial black borders on all sides of the display screen under the clear

13  surface, and when the device is turned on, a matrix of colorful square icons with evenly rounded

14  corners within the display screen.

15          83.     In June 2010, Apple announced and released the iPhone 4 device with the clean

16  and distinctive Apple iPhone 4 Trade Dress.  In February 2011, reporters and bloggers on the

17  Internet published photographs of a Samsung Galaxy S 2 phone that copies the Apple

18  iPhone/iPhone 3G/iPhone 4 Trade Dress, including being a rectangular product with four evenly

19  rounded corners, having a flat clear face covering the front of the product, a large display screen

20  under the clear surface, substantial black borders above and below the display screen and

21  narrower black borders on either side of the screen under the clear surface, and on the display

22  when the device is turned on, a row of small dots, a matrix of colorful icons, and a bottom dock of

23  colorful icons set off from the other icons.  The dock of icons does not change as the other pages

24  of the user interface are viewed.  The profile of the Samsung Galaxy S 2 is much flatter than the

25  first generation of Samsung Galaxy phones, copying the extremely flat and source-identifying

26  clean profile of the Apple iPhone 4 device and the Apple iPhone 4 Trade Dress.  From the front,

27  the Galaxy S 2 also has the appearance of a thin rim similar to the thin rim that is created by the

28  metallic band around the outsides edge of the iPhone 4.

84.     In March 2011, Apple announced and released the iPad 2 tablet computer with the distinctive Apple iPad 2 Trade Dress.  On June 8, 2011, Samsung commenced U.S. sales of its Galaxy Tab 10.1 at a "world premiere" event held at Best Buy in New York City.  On information and belief, the original Galaxy Tab 10.1 was overhauled to copy the iPad 2 after the iPad 2 tablet was released in March 2011.  The Vice President of Samsung's mobile division, Lee Don-Joo, is quoted:  "We will have to improve the parts [of the Galaxy Tab 10.1] that are inadequate.  Apple made [the iPad 2] very thin."  The Galaxy Tab 10.1 products that Samsung has sold in the U.S. copy the minimalist and distinctive Apple iPad Trade Dress and Apple iPad 2 Trade Dress:  a rectangular product with four evenly rounded corners, a flat clear surface covering the front of the product, the appearance of a metallic rim around the flat clear surface, a large display screen under the clear surface, substantial black borders on all sides of the display screen under the clear surface, and when the device is turned on, a matrix of colorful icons within the display screen.  The Galaxy Tab 10.1 also features a glossy white minimalist back and a thin side profile that makes it appear just like an iPad when it sits on a table.

85.     The copying is so pervasive and consistent that the Samsung Galaxy products appear to be actual Apple products — with the same rectangular shape, four evenly rounded corners, a flat clear surface with substantial black borders underneath, and when the devices are turned on, a matrix of colorful icons.  When a Samsung Galaxy phone or Galaxy Tab 10.1 is used in public, there can be little doubt that it would be viewed as an Apple product based upon the design alone.

86.     The copying has been widely observed in the industry and has been mentioned in multiple articles reviewing Samsung products.  For example, a writer for *Wired* wrote that Samsung's "Vibrant's industrial design is shockingly similar to the iPhone 3G."  Exhibit 31 is a true and correct copy of a July 15, 2010 article on www.wired.com by Priva Ganapati, entitled "First Look:  Samsung Vibrant Rips Off iPhone 3G Design."  Another *Wired* writer wrote, "[L]et's settle one of the biggest arguments surrounding this phone.  Yes, the Vibrant closely resembles a certain best-selling smartphone."  Exhibit 32 is a true and correct copy of an

1    August 16, 2010 article on www.wired.com by Terrence Russell, entitled "Samsung Vibrant

2    Looks Like an iPhone, Has Battery Life to Match."

3           87.    Similar comments have been made about Samsung's Galaxy Tab 10.1 device.  For

4    example, a Business Insider review of Samsung's Galaxy Tab 10.1 stated that, "[f]rom the front,

5    it looks like an iPad."  Exhibit 33 is a true and correct copy of a February 13, 2011 article on

6    www.businessinsider.com by Dan Frommer, entitled "LIVE FROM BARCELONA: Check Out

7    The New 10-Inch Samsung Galaxy Tab."   A recent CNET reviewer remarked:  "Taking another

8    page from the iPad 2's school of sexy tablet building, the 10.1 has one of the cleanest designs

9    we've seen on a tablet.  From the front, its 10.1-inch screen is surrounded by a 0.75-inch black

10   bezel and a silver aluminum outline at its edge."  Exhibit 34 is a true and correct copy of a May

11   10, 2011 article on www.reviews.cnet.com by Eric Franklin, entitled "Samsung Galaxy Tab 10.1-

12   inch:  The iPad 2 of Honeycomb tablets."

13          88.    Summarizing "Samsung's Anti-iPad 2 Policy" – "[To] Clone the Heck Out of It,"

14   a Fast Company editor concluded, "Samsung has thrown in the towel on innovative tablet design,

15   and has realized it has to match Apple's successful design and pricing recipe (to the extent it's

16   even tweaked its design plans) to capture any meaningful market share."  Exhibit 35 is a

17   March 22, 2011 article on www.fastcompany.com by Kit Keaton.

18          89.    Samsung had many options in developing its smart phones and tablet computers.

19   Indeed, earlier versions of Samsung smart phones did not embody the same combination of

20   elements of Apple's trade dress.  Even the icons in earlier versions of the Samsung smart phones

21   looked different because, for example, they did not appear as a matrix of colorful square icons

22   above a bottom "dock" of icons.

23          90.    Samsung was apparently not satisfied with copying the design of the Apple

24   products themselves, as it also copied many elements of the unique Apple packaging, including

25   using small rectangular boxes for the phones with minimal graphics other than the prominent

26   image of a phone, and a tray that cradles the phone in the topmost portion of the box so that it is

27   immediately and cleanly presented to the consumer when the box is opened.  Samsung even

28   carried these design elements over to its tablet computer packaging.

91.     Samsung chose to infringe Apple's patent, trade dress, and trademark rights through the design and promotion of its Galaxy mobile phones and tablet computers to trade upon the goodwill that Apple has developed in connection with its Apple family of mobile products.

92.     Specifically, Samsung has imported into or sold in the United States the following products, each of which infringes Apple's patent, trade dress, and/or trademark rights:  the Acclaim, Captivate, Continuum, Droid Charge, Exhibit 4G, Epic 4G, Fascinate, Gem, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G, Gravity, Indulge, Infuse 4G, Intercept, Mesmerize, Nexus S, Nexus S 4G, Replenish, Showcase i500, Showcase Galaxy S, Sidekick, Transform, and Vibrant phones, and the Galaxy Tab and Galaxy Tab 10.1 tablet computers and similar products.  On information and belief, Samsung will soon import or sell in the United States the Galaxy S II (aka Galaxy S 2) phone, which also will infringe Apple's patent, trade dress, and/or trademark rights.

**Infringement of Apple's Patents**

93.     Samsung's infringement of the Apple utility patents identified in this Complaint provides Samsung with unique functionality for its products that is the result of Apple's innovation, not Samsung's.  Samsung has not obtained permission from Apple to use its inventions in the identified utility patents.

94.     Moreover, as the side-by-side comparisons shown below reveal, Samsung has misappropriated Apple's patented product designs in the accused products, including the Samsung Galaxy mobile phone and tablet computer depicted below.



| '677 Patent | Galaxy S 4G |
|---|---|
| '087 Patent | Galaxy S 4G |
| '270 Patent | Galaxy S 4G |

| 'D790 Patent | Galaxy S i9000 |
|---|---|
| FIGURE | |
| 'D334 Patent | Galaxy S i9000 |
| | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

| **'D305 Patent** | **Galaxy S i9000** |
|---|---|
|  |  |
| **'D889 Patent** | **Galaxy Tab 10.1** |
| |  |

**Infringement of Apple's Trade Dress**

24
25
26
27
28

95.    Samsung announced its Galaxy line of Android-based smart phones in March of 2010 in South Korea.  The original model, Galaxy S i9000, is shown below side by side with an iPhone 3GS.

1

2

**Apple iPhone 3GS**                    **Galaxy S i9000**

3

4

5

        

6

7

8

9

10

11

12

13

14

        

15

16

17

18

19

20

21

22          96.      Each of Samsung's Galaxy phones embodies a combination of several elements of

23   the Apple iPhone/iPhone 3G/iPhone 4 Trade Dress.  Specifically, several of the Samsung Galaxy

24   phones, including the Vibrant, Fascinate, Galaxy S (i9000), and Galaxy S 4G include the

25   following elements of the Apple iPhone/iPhone 3G/iPhone 4 Trade Dress:

26          •        a rectangular product with four evenly rounded corners;

27          •        a flat clear surface covering the front of the product;

28          •        a display screen under the clear surface;

1          •          under the clear surface, substantial black borders above and below the display

2    screen and narrower black borders on either side of the screen;

3          •          when the device is on, a matrix of colorful square icons with evenly rounded

4    corners within the display screen; and

5          •          when the device is on, a bottom dock of colorful square icons with evenly rounded

6    corners set off from the other icons, which does not change as other pages of the user interface are

7    viewed.

8          97.          Several of Samsung's Galaxy phones, including the Vibrant, Fascinate, Galaxy S

9    (i9000), and Galaxy S 4G also embody significant elements of the Apple iPhone 3G Trade Dress

10    identified above, including the following:

11          •          a rectangular product with four evenly rounded corners;

12          •          a flat clear surface covering the front of the product;

13          •          the appearance of a metallic bezel around the flat clear surface;

14          •          a display screen under the clear surface;

15          •          under the clear surface, substantial black borders above and below the display

16    screen and narrower black borders on either side of the screen;

17          •          when the device is on, a row of small dots on the display screen;

18          •          when the device is on, a matrix of colorful square icons with rounded corners

19    within the display screen; and

20          •          when the device is on, a bottom dock of colorful square icons with evenly rounded

21    corners set off from the other icons on the display, which does not change as other pages of the

22    user interface are viewed.

23          98.          On information and belief, Samsung will be introducing Galaxy S 2 phones that

24    will embody significant elements of the Apple iPhone 4 Trade Dress, specifically:

25          •          a rectangular product with four evenly rounded corners;

26          •          a flat clear surface covering the front of the product;

27          •          a display screen under the clear surface;

28

1        •        under the clear surface, substantial black borders above and below the display

2   screen and narrower black borders on either side of the screen;

3        •        when the device is on, a row of small dots on the display screen;

4        •        when the device is on, a matrix of colorful icons within the display screen; and

5        •        when the device is on, a bottom row dock of colorful icons set off from the other

6   icons, which does not change as other pages of the user interface are viewed.

7        99.     As shown below, Samsung's Galaxy Tab computer tablet also closely copies a

8   combination of several elements of the Apple iPad Trade Dress and the Apple iPad 2 Trade

9   Dress.



**Samsung Tab**

21       100.    Specifically, the Samsung computer tablet has:

22       •        a rectangular product with four evenly rounded corners;

23       •        a flat clear surface covering the front of the product;

24       •        a display screen under the clear surface;

25       •        under the clear surface, substantial black borders on all sides of the display screen;

26   and

27       •        when the device is on, a matrix of colorful icons within the display screen.

28

101.   Samsung's Galaxy Tab 10.1 tablet computer further demonstrates Samsung's relentless copying of the Apple iPad Trade Dress and Apple iPad 2 Trade Dress.



**<u>Samsung Galaxy Tab 10.1</u>**

102.   Specifically, the Samsung Galaxy Tab 10.1 tablet computer incorporates the following hardware elements of the Apple iPad Trade Dress and Apple iPad 2 Trade Dress:

• a rectangular product with four evenly rounded corners;

• a flat clear surface covering the front of the product;

• the appearance of a metallic rim around the flat clear surface;

• a display screen under the clear surface; and

• under the clear surface, substantial black borders on all sides of the display screen.

103.   The recently released version of the Galaxy Tab 10.1 apparently does not include Samsung's TouchWiz graphical user interface, but media reports have indicated that future versions will include it.  To the extent that they do, they may also incorporate the graphical user interface element of the Apple iPad Trade Dress and the Apple iPad 2 Trade Dress, namely, when the device is turned on, a matrix of colorful icons within the display screen.

**Infringement of Apple's Trademarks**

104.   In addition to copying the trade dress identified above, Samsung has also copied numerous application icons in which Apple holds valid trademark rights, as shown below:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Apple Icons          Samsung Icons







105.     Moreover, the icon that Samsung uses for its music application is virtually

identical to the iTunes "Eighth Note and CD" logo that Apple has registered with the United

States Patent and Trademark Office:

Apple Icon                    Samsung Icon




106.     Samsung's adoption of a trade dress that slavishly copies the Apple iPhone Trade

Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and

Apple iPad 2 Trade Dress and its use of various icons that infringe Apple's trademark rights is

likely to cause confusion or mistake, or to deceive consumers, purchasers, and others into

thinking that Samsung products are Apple products, or that they are sponsored by or affiliated

with Apple, when they are not.  The copying is particularly problematic because the Samsung

1   Galaxy products are the type of products that will be used in public — on the bus, in cafes, in

2   stores, or at school, where third parties, who were not present when the products were purchased,

3   will associate them with Apple because they have the unmistakable Apple look that is created

4   from the various elements of the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple

5   iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress.

6            107.    Of significant concern for Apple is that Apple devotes a tremendous amount of

7   resources — technical research and development *and* design resources — to develop its cutting

8   edge products.  Part of the cachet of Apple products is the very fact that they consistently stand

9   out from all of the other products on the market.  Apple's goodwill among consumers is closely

10  tied to its position as a pioneer in technology and communications products, which causes each

11  release of a new product to be highly anticipated among consumers who want to be among the

12  early adopters of the newest Apple product.  Samsung's flagrant and relentless copying of

13  Apple's intellectual property rights in its Galaxy family of products not only allows Samsung to

14  reap benefits from Apple's investment, it also threatens to dilute the strength of the Apple trade

15  dress and icon trademarks as source identifiers and diminish the very important goodwill that

16  Apple has cultivated with its products.

17           108.    On information and belief, Samsung's marketing has played up the similarities

18  between its Galaxy family of phones and the Apple iPhone products.  On information and belief,

19  Samsung's mobile phones are marketed as the phone that is the closest to the iPhone — for

20  consumers who want a product with the distinctive Apple look, but who do not want to pay for

21  the real product.

22           109.    Apple's efforts to address Samsung's pervasive copying of Apple's innovations

23  and intellectual property directly with Samsung have been unsuccessful.  Apple is left with no

24  choice but to file this lawsuit in order to protect one of its most valuable assets — the technology

25  used in and the designs of the iPhone, iPod touch, and the iPad products.

26

27

28

**FIRST CLAIM FOR RELIEF**

**(Federal False Designation of Origin & Unfair Competition)**

**(15 U.S.C. § 1125(a))**

110.    Apple incorporates and realleges paragraphs 1 through 109 of this Complaint.

111.    Apple is the owner of all right and title to the distinctive Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress, as embodied in the Apple iPhone, iPod touch, and iPad products.  The Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress are not merely functional.

112.    In addition, based on extensive and consistent advertising, promotion and sales throughout the United States, the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress have acquired distinctiveness and enjoys secondary meaning among consumers, identifying Apple as the source of its products.

113.    Apple's extensive promotion of the distinctive Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress has resulted in Apple's acquisition of valuable, legally protected rights in the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress as well as considerable customer goodwill.

114.    The Samsung Galaxy line of phone and tablet computer products has misappropriated the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress by mimicking a combination of several elements of those trade dresses.

115.    Samsung's manufacture and distribution of the Samsung Galaxy phone and tablet computer products with product design and product user interface features that mimic a combination of several elements of the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress, coupled with Samsung's use of a packaging style that copies the unique Apple packaging, is likely to

1   cause confusion, cause mistake, or deceive consumers as to the affiliation, connection, or

2   association of Samsung with Apple, or as to the origin, sponsorship, or approval by Apple of

3   Samsung's goods, services, or commercial activities.

4       116.    Samsung's manufacture and distribution of the Samsung Galaxy line of phone and

5   tablet computer products with product design and product user interface features that mimic a

6   combination of several elements of the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress,

7   Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress, coupled

8   with Samsung's use of a packaging style that copies the unique Apple packaging, enables

9   Samsung to benefit unfairly from Apple's reputation and success, thereby giving Samsung's

10  infringing products sales and commercial value they would not otherwise have.

11      117.    Samsung's actions constitute unfair competition and false designation of origin in

12  violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

13      118.    Samsung knew of the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress,

14  Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress when it

15  designed its Galaxy line of phone and tablet computer products, and has refused to change its

16  product or packaging design in response to Apple's repeated objections.  Accordingly, Samsung's

17  infringement has been and continues to be intentional, willful, and without regard to Apple's

18  rights in the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade

19  Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress.

20      119.    Apple is informed and believes, and on that basis alleges, that Samsung has gained

21  profits by virtue of its infringement of the Apple iPhone Trade Dress, Apple iPhone 3G Trade

22  Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress.

23      120.    Apple also has sustained damages as a direct and proximate result of Samsung's

24  infringement of the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4

25  Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress in an amount to be proven at

26  trial.

27      121.    Apple has been and will continue to be irreparably harmed and damaged by

28  Samsung's conduct insofar as Apple's invaluable goodwill is being eroded by Samsung's

1   continuing infringement, and Apple lacks an adequate remedy at law to compensate for this harm

2   and damage.  Pursuant to 15 U.S.C. § 1116, Apple is entitled to an injunction against Samsung's

3   continuing infringement of the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple

4   iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress.  Unless enjoined,

5   Samsung will continue its infringing conduct.

6       122.    Because Samsung's actions have been willful, Apple is entitled to Samsung's

7   profits, treble Apple's actual damages, an award of costs, and, this being an exceptional case,

8   reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

9                           **SECOND CLAIM FOR RELIEF**

10                     **(Federal Trade Dress Infringement)**

11                            **(15 U.S.C. § 1114)**

12      123.    Apple incorporates and realleges paragraphs 1 through 122 of this Complaint.

13      124.    Apple owns three registrations for the design and configuration of the iPhone.

14      125.    U.S. Registration No. 3,470,983 is for the overall design of the product, including

15   the rectangular shape, the evenly rounded corners, the silver edges, the black face, and the display

16   of sixteen colorful icons.

17      126.    U.S. Registration No. 3,457,218 is for the configuration of a rectangular handheld

18   mobile digital electronic device with rounded corners.

19      127.    U.S. Registration No. 3,475,327 is for a rectangular handheld mobile digital

20   electronic device with a gray rectangular portion in the center, a black band above and below the

21   gray rectangle and on the curved corners, and a silver outer border and side.

22      128.    The Samsung Galaxy line of phone products copies and infringes these three trade

23   dress registrations (collectively, the "Apple Registered Trade Dress").

24      129.    Samsung's manufacture and distribution of the Samsung Galaxy line of phone

25   products with product design and product user interface features that copy a combination of

26   several elements of the Apple Registered Trade Dress, coupled with Samsung's use of a

27   packaging style that copies the unique Apple packaging, is likely to cause confusion, cause

28   mistake, or deceive the consumer as to the affiliation, connection, or association of Samsung with

1    Apple, or as to the origin, sponsorship, or approval by Apple of Samsung's goods, services or

2    commercial activities.

3         130.   Samsung's manufacture and distribution of the Samsung Galaxy line of phone

4    products with product design and product user interface features that copy a combination of

5    several elements of the Apple Registered Trade Dress, coupled with Samsung's use of a

6    packaging style that copies the unique Apple packaging, enable Samsung to benefit unfairly from

7    Apple's reputation and success, thereby giving Samsung's infringing products sales and

8    commercial value they would not otherwise have.

9         131.   Prior to Samsung's first use of the Apple Registered Trade Dress, Samsung was

10   aware of Apple's business and had either actual notice and knowledge, or constructive notice of

11   the Apple Registered Trade Dress, and has refused to change its product or packaging design in

12   response to Apple's repeated objections.

13        132.   Samsung's unauthorized use of a trade dress for its Galaxy phone product line that

14   infringes the Apple Registered Trade Dress is likely to deceive or to cause confusion or mistake

15   among consumers as to the origin, sponsorship, or approval of the Samsung Galaxy line of phone

16   products and/or to cause confusion or mistake as to any affiliation, connection, or association

17   between Apple and Samsung, in violation of 15 U.S.C. § 1114(a).

18        133.   Apple is informed and believes, and on that basis alleges, that Samsung's

19   infringement of the Apple Registered Trade Dress as described herein has been and continues to

20   be intentional, willful, and without regard to Apple's rights in the Apple Registered Trade Dress.

21        134.   Apple is informed and believes, and on that basis alleges, that Samsung has gained

22   profits by virtue of its infringement of the Apple Registered Trade Dress.

23        135.   Apple also has sustained damages as a direct and proximate result of Samsung's

24   infringement of the Apple Registered Trade Dress in an amount to be proven at trial.

25        136.   Apple will suffer and is suffering irreparable harm from Samsung's infringement

26   of the Apple Registered Trade Dress insofar as Apple's invaluable goodwill is being eroded by

27   Samsung's continuing infringement.  Apple has no adequate remedy at law to compensate it for

28   the loss of business reputation, customers, market position, and goodwill and confusion of

1   potential customers flowing from Samsung's infringing activities.  Pursuant to 15 U.S.C. § 1116,

2   Apple is entitled to an injunction against Samsung's continuing infringement of the Apple

3   Registered Trade Dress.  Unless enjoined, Samsung will continue its infringing conduct.

4        137.    Because Samsung's actions have been committed with intent to damage Apple and

5   to confuse and deceive the public, Apple is entitled to Samsung's profits, treble Apple's actual

6   damages, an award of costs, and, this being an exceptional case, reasonable attorneys' fees

7   pursuant to 15 U.S.C. § 1117(a).

8   **THIRD CLAIM FOR RELIEF**

9   **(Federal Trademark Infringement)**

10   **(15 U.S.C. § 1114)**

11        138.    Apple incorporates and realleges paragraphs 1 through 137 of this Complaint.

12        139.    Apple owns seven federal trademark registrations for the distinctive and colorful

13   application icons used in the user interface for the iPhone, iPod touch, and iPad — the Registered

14   Icon Trademarks.

15        140.    The Samsung Galaxy line of phone and tablet computer products has infringed the

16   Registered Icon Trademarks by using variations of those application icons in Samsung's products.

17   The Samsung Galaxy line of phone and computer tablet products also has infringed Apple's

18   registered iTunes Eighth Note and CD Logo.

19        141.    Samsung's use of infringing application icons is likely to cause confusion, cause

20   mistake, or deceive the consumer as to the affiliation, connection, or association of Samsung with

21   Apple, or as to the origin, sponsorship, or approval by Apple of Samsung's goods, services or

22   commercial activities.

23        142.    Samsung's use of infringing application icons enables Samsung to benefit unfairly

24   from Apple's reputation and success, thereby giving Samsung's infringing products sales and

25   commercial value they would not otherwise have.

26        143.    Prior to Samsung's first use of its infringing application icons, Samsung was

27   aware of Apple's business and had either actual notice and knowledge, or constructive notice of,

28   Apple's Registered Icon Trademarks.

144.    Samsung's unauthorized use of its infringing application icons is likely to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship, or approval of the Samsung Galaxy line of phone and tablet computer products and/or to cause confusion or mistake as to any affiliation, connection, or association between Apple and Samsung, in violation of 15 U.S.C. § 1114(a).

145.    Apple is informed and believes, and on that basis alleges, that Samsung's infringement of Apple's Registered Icon Trademarks as described herein has been and continues to be intentional, willful, and without regard to Apple's rights.

146.    Apple is informed and believes, and on that basis alleges, that Samsung has gained profits by virtue of its infringement of Apple's Registered Icon Trademarks.

147.    Apple also has sustained damages as a direct and proximate result of Samsung's infringement of Apple's Registered Icon Trademarks in an amount to be proven at trial.

148.    Apple will suffer and is suffering irreparable harm from Samsung's infringement of Apple's Registered Icon Trademarks insofar as Apple's invaluable goodwill is being eroded by Samsung's continuing infringement.  Apple has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, and goodwill and confusion of potential customers flowing from Samsung's infringing activities.  Pursuant to 15 U.S.C. § 1116, Apple is entitled to an injunction against Samsung's continuing infringement of Apple's Registered Icon Trademarks.  Unless enjoined, Samsung will continue its infringing conduct.

149.    Because Samsung's actions have been committed with intent to damage Apple and to confuse and deceive the public, Apple is entitled to Samsung's profits, treble Apple's actual damages, an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## FOURTH CLAIM FOR RELIEF

### (Federal Trade Dress Dilution)

### (15 U.S.C. § 1125(c))

150.    Apple incorporates and realleges paragraphs 1 through 149 of this Complaint.

151.    Apple is the owner of all right and title to the distinctive Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress, as embodied in the Apple iPhone, iPod touch, and iPad products.  The Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress has acquired secondary meaning and is not merely functional.

152.    Based on extensive and consistent advertising, promotion, and sales throughout the United States, the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress is famous.  It serves to identify Apple as the source of Apple's products.

153.    The Samsung Galaxy line of phone and tablet computer products has misappropriated the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress by mimicking a combination of several elements of that trade dress.

154.    Samsung's manufacture and distribution of the Samsung Galaxy phone and tablet computer products with product design and product user interface features that mimic a combination of several elements of the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress, coupled with Samsung's use of a packaging style that copies the unique Apple packaging, is likely to cause dilution by blurring of the famous Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress.

155.    Samsung's actions constitute dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

156.    Samsung knew of the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress when it designed its Galaxy line of phone and tablet computer products, and has refused to change its product or packaging design in response to Apple's repeated objections.  Accordingly, Samsung's dilution has been and continues to be intentional, willful, and without regard to Apple's rights in

1   the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress,

2   Apple iPad Trade Dress, and Apple iPad 2 Trade Dress.

3        157.    Apple is informed and believes, and on that basis alleges, that Samsung has gained

4   profits by virtue of its dilution of the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress,

5   Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress.

6        158.    Apple also has sustained damages as a direct and proximate result of Samsung's

7   dilution of the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade

8   Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress in an amount to be proven at trial.

9        159.    Apple will suffer and is suffering irreparable harm from Samsung's dilution of the

10   Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple

11   iPad Trade Dress, and Apple iPad 2 Trade Dress insofar as Apple's invaluable trade dress, and

12   goodwill is being eroded by Samsung's continuing sales of Samsung Galaxy products that mimic

13   the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress,

14   Apple iPad Trade Dress, and Apple iPad 2 Trade Dress.  Apple has no adequate remedy at law to

15   compensate it for the loss of business reputation, customers, market position, and goodwill and

16   confusion of potential customers flowing from Samsung's infringing activities.  Pursuant to 15

17   U.S.C. § 1116, Apple is entitled to an injunction against Samsung's continuing dilution of the

18   Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple

19   iPad Trade Dress, and Apple iPad 2 Trade Dress.  Unless enjoined, Samsung will continue its

20   illegal conduct.

21        160.    Because Samsung's actions have been willful, Apple is entitled to Samsung's

22   profits, treble Apple's actual damages, an award of costs, and, this being an exceptional case,

23   reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

24   **FIFTH CLAIM FOR RELIEF**

25   **(Common Law Trademark Infringement)**

26        161.    Apple incorporates and realleges paragraphs 1 through 160 of this Complaint.

27        162.    Apple has prior rights in Apple's Registered Icon Trademarks and the Purple

28   iTunes Store Trademark.

1   163. The Samsung Galaxy line of phone and tablet computer products has infringed

2 Apple's Registered Icon Trademarks and the Purple iTunes Store Trademark by using identical or

3 similar application icons in Samsung's products.

4   164. Samsung's use of infringing application icons is likely to cause confusion, cause

5 mistake, or deceive the consumer as to the affiliation, connection, or association of Samsung with

6 Apple, or as to the origin, sponsorship, or approval by Apple of Samsung's goods, services or

7 commercial activities.

8   165. Samsung's use of infringing application icons enables Samsung to benefit unfairly

9 from Apple's reputation and success, thereby giving Samsung's infringing phone and tablet

10 computer products sales and commercial value they would not otherwise have.

11   166. Prior to Samsung's first use of the infringing application icons, Samsung was

12 aware of Apple's business and had either actual notice and knowledge, or constructive notice of

13 Apple's Registered Icon Trademarks and the Purple iTunes Store Trademark.

14   167. Samsung's unauthorized use of the infringing application icons is likely to deceive

15 or to cause confusion or mistake among consumers as to the origin, sponsorship, or approval of

16 the Samsung Galaxy line of phone and tablet computer products and/or to cause confusion or

17 mistake as to any affiliation, connection, or association between Apple and Samsung, in violation

18 of Apple's common law trademark rights.

19   168. Apple is informed and believes, and on that basis alleges, that Samsung's

20 infringement of Apple's Registered Icon Trademarks and the Purple iTunes Store Trademark as

21 described herein has been and continues to be intentional, willful, and without regard to Apple's

22 rights in its Registered Icon Trademarks and the Purple iTunes Store Trademark.

23   169. Apple is informed and believes, and on that basis alleges, that Samsung has gained

24 profits by virtue of its infringement of Apple's Registered Icon Trademarks and the Purple iTunes

25 Store Trademark.

26   170. Apple also has sustained damages as a direct and proximate result of Samsung's

27 infringement of Apple's Registered Icon Trademarks and the Purple iTunes Store Trademark.

28

171.    Apple will suffer and is suffering irreparable harm from Samsung's infringement of Apple's Registered Icon Trademarks and the Purple iTunes Store Trademark insofar as Apple's invaluable goodwill is being eroded by Samsung's continuing infringement.  Apple has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, and goodwill and confusion of potential customers flowing from Samsung's infringing activities.  Apple is entitled to an injunction against Samsung's continuing infringement of Apple's Registered Icon Trademarks and the Purple iTunes Store Trademark.  Unless enjoined, Samsung will continue its infringing conduct.

## SIXTH CLAIM FOR RELIEF

**(Unfair Business Practices – California Business and Professions Code § 17200, *et seq.*)**

172.    Apple incorporates and realleges paragraphs 1 through 171 of this Complaint.

173.    The acts of Samsung described above constitute fraudulent and unlawful business practices as defined by California Business & Professions Code § 17200, *et seq.*

174.    Apple has valid and protectable prior rights in the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress, the Registered Trade Dress, the iTunes Eighth Note and CD Design Trademark, the Purple iTunes Store Trademark, and the Registered Icon Trademarks.  The Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, Apple iPad 2 Trade Dress, and the Registered Trade Dress do not serve any function other than to identify Apple as the source of its mobile products.  The Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, Apple iPad 2 Trade Dress, and the Registered Trade Dress are inherently distinctive, and, through Apple's long use, have come to be associated solely with Apple as the source of the products on which they are used.

175.    Samsung's use of its infringing trade dress is likely to cause confusion as to the source of Samsung's Galaxy line of phone and tablet computer products and is likely to cause others to be confused or mistaken into believing that there is a relationship between Samsung and Apple or that Samsung's products are affiliated with or sponsored by Apple.

176.    The above-described acts and practices by Samsung are likely to mislead or deceive the general public and therefore constitute fraudulent business practices in violation of California Business & Professions Code § 17200, *et seq.*

177.    The above-described acts constitute unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), trade dress dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), trademark and trade dress infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and patent infringement under 35 U.S.C. § 271, and are therefore unlawful acts in violation of California Business & Professions Code § 17200, *et seq.*

178.    Samsung acted willfully and intentionally in designing its infringing trade dress and application icons, with full knowledge of Samsung's prior rights in the distinctive Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, Apple iPad 2 Trade Dress, Registered Trade Dress, iTunes Eighth Note and CD Design Trademark, Purple iTunes Store Trademark, and Registered Icon Trademarks and with an intent to cause confusion or mistake or to deceive customers into believing that there is an affiliation between Samsung and Apple or between Samsung's phone and tablet computer products and Apple's products.

179.    The unlawful and fraudulent business practices of Samsung described above present a continuing threat to, and is meant to deceive members of, the public in that Samsung continues to promote its products by wrongfully trading on the goodwill of the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, Apple iPad 2 Trade Dress, Registered Trade Dress, iTunes Eighth Note and CD Design Trademark, Purple iTunes Store Trademark, and Registered Icon Trademarks.

180.    As a direct and proximate result of these acts, Samsung has received, and will continue to profit from, the strength of the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, Apple iPad 2 Trade Dress, Registered Trade Dress, iTunes Eighth Note and CD Design Trademark, Purple iTunes Store Trademark, and Registered Icon Trademarks.

181.     As a direct and proximate result of Samsung's wrongful conduct, Apple has been injured in fact and has lost money and profits, and such harm will continue unless Samsung's acts are enjoined by the Court.  Apple has no adequate remedy at law for Samsung's continuing violation of Apple's rights.

182.     Samsung should be required to restore to Apple any and all profits earned as a result of its unlawful and fraudulent actions, or provide Apple with any other restitutionary relief as the Court deems appropriate.

## SEVENTH CLAIM FOR RELIEF

### (Unjust Enrichment)

183.     Apple incorporates and realleges paragraphs 1 through 182 of this Complaint.

184.     As a result of the conduct alleged herein, Samsung has been unjustly enriched to Apple's detriment.  Apple seeks a worldwide accounting and disgorgement of all ill-gotten gains and profits resulting from Samsung's inequitable activities.

## EIGHTH CLAIM FOR RELIEF

### (Infringement of the '002 Patent)

185.     Apple incorporates and realleges paragraphs 1 through 184 of this Complaint.

186.     Samsung has infringed and continues to infringe one or more claims of the '002 Patent by using, selling and/or offering to sell, in the United States and/or importing into the United States, one or more of the Samsung products identified in this Complaint.  Samsung's infringing activities violate 35 U.S.C. § 271.

187.     Apple is informed and believes, and on that basis alleges, that Samsung's infringement of the '002 Patent has been and continues to be intentional, willful, and without regard to Apple's rights.

188.     Apple is informed and believes, and on that basis alleges, that Samsung has gained profits by virtue of its infringement of the '002 Patent.

189.     Apple has sustained damages as a direct and proximate result of Samsung's infringement of the '002 Patent.

190.     Apple will suffer and is suffering irreparable harm from Samsung's infringement of the '002 Patent.  Apple has no adequate remedy at law and is entitled to an injunction against Samsung's continuing infringement of the '002 Patent.  Unless enjoined, Samsung will continue its infringing conduct.

## NINTH CLAIM FOR RELIEF

### (Infringement of the '381 Patent)

191.     Apple incorporates and realleges paragraphs 1 through 190 of this Complaint.

192.     Samsung has infringed and continues to infringe one or more claims of the '381 Patent by using, selling and/or offering to sell, in the United States and/or importing into the United States, one or more of the Samsung products identified in this Complaint.  Samsung's infringing activities violate 35 U.S.C. § 271.

193.     Apple is informed and believes, and on that basis alleges, that Samsung's infringement of the '381 Patent has been and continues to be intentional, willful, and without regard to Apple's rights.

194.     Apple is informed and believes, and on that basis alleges, that Samsung has gained profits by virtue of its infringement of the '381 Patent.

195.     Apple has sustained damages as a direct and proximate result of Samsung's infringement of the '381 Patent.

196.     Apple will suffer and is suffering irreparable harm from Samsung's infringement of the '381 Patent.  Apple has no adequate remedy at law and is entitled to an injunction against Samsung's continuing infringement of the '381 Patent.  Unless enjoined, Samsung will continue its infringing conduct.

## TENTH CLAIM FOR RELIEF

### (Infringement of the '607 Patent)

197.     Apple incorporates and realleges paragraphs 1 through 196 of this Complaint.

198.     Samsung has infringed and continues to infringe one or more claims of the '607 Patent by using, selling and/or offering to sell, in the United States and/or importing into the

1   United States, one or more of the Samsung products identified in this Complaint.  Samsung's

2   infringing activities violate 35 U.S.C. § 271.

3          199.    Apple is informed and believes, and on that basis alleges, that Samsung's

4   infringement of the '607 Patent has been and continues to be intentional, willful, and without

5   regard to Apple's rights.

6          200.    Apple is informed and believes, and on that basis alleges, that Samsung has gained

7   profits by virtue of its infringement of the '607 Patent.

8          201.    Apple has sustained damages as a direct and proximate result of Samsung's

9   infringement of the '607 Patent.

10          202.    Apple will suffer and is suffering irreparable harm from Samsung's infringement

11   of the '607 Patent.  Apple has no adequate remedy at law and is entitled to an injunction against

12   Samsung's continuing infringement of the '607 Patent.  Unless enjoined, Samsung will continue

13   its infringing conduct.

14                        **ELEVENTH CLAIM FOR RELIEF**

15                        **(Infringement of the '828 Patent)**

16          203.    Apple incorporates and realleges paragraphs 1 through 202 of this Complaint.

17          204.    Samsung has infringed and continues to infringe one or more claims of the '828

18   Patent by using, selling and/or offering to sell, in the United States and/or importing into the

19   United States, one or more of the Samsung products identified in this Complaint.  Samsung's

20   infringing activities violate 35 U.S.C. § 271.

21          205.    Apple is informed and believes, and on that basis alleges, that Samsung's

22   infringement of the '828 Patent has been and continues to be intentional, willful, and without

23   regard to Apple's rights.

24          206.    Apple is informed and believes, and on that basis alleges, that Samsung has gained

25   profits by virtue of its infringement of the '828 Patent.

26          207.    Apple has sustained damages as a direct and proximate result of Samsung's

27   infringement of the '828 Patent.

28

1      208.    Apple will suffer and is suffering irreparable harm from Samsung's infringement

2   of the '828 Patent.  Apple has no adequate remedy at law and is entitled to an injunction against

3   Samsung's continuing infringement of the '828 Patent.  Unless enjoined, Samsung will continue

4   its infringing conduct.

5                          **TWELFTH CLAIM FOR RELIEF**

6                          **(Infringement of the '915 Patent)**

7      209.    Apple incorporates and realleges paragraphs 1 through 208 of this Complaint.

8      210.    Samsung has infringed and continues to infringe one or more claims of the '915

9   Patent by using, selling and/or offering to sell, in the United States and/or importing into the

10  United States, one or more of the Samsung products identified in this Complaint.  Samsung's

11  infringing activities violate 35 U.S.C. § 271.

12     211.    Apple is informed and believes, and on that basis alleges, that Samsung's

13  infringement of the '915 Patent has been and continues to be intentional, willful, and without

14  regard to Apple's rights.

15     212.    Apple is informed and believes, and on that basis alleges, that Samsung has gained

16  profits by virtue of its infringement of the '915 Patent.

17     213.    Apple has sustained damages as a direct and proximate result of Samsung's

18  infringement of the '915 Patent.

19     214.    Apple will suffer and is suffering irreparable harm from Samsung's infringement

20  of the '915 Patent.  Apple has no adequate remedy at law and is entitled to an injunction against

21  Samsung's continuing infringement of the '915 Patent.  Unless enjoined, Samsung will continue

22  its infringing conduct.

23                          **THIRTEENTH CLAIM FOR RELIEF**

24                          **(Infringement of the '891 Patent)**

25     215.    Apple incorporates and realleges paragraphs 1 through 214 of this Complaint.

26     216.    Samsung has infringed and continues to infringe one or more claims of the '891

27  Patent by using, selling and/or offering to sell, in the United States and/or importing into the

28

1   United States, one or more of the Samsung products identified in this Complaint.  Samsung's

2   infringing activities violate 35 U.S.C. § 271.

3          217.    Apple is informed and believes, and on that basis alleges, that Samsung's

4   infringement of the '891 Patent has been and continues to be intentional, willful, and without

5   regard to Apple's rights.

6          218.    Apple is informed and believes, and on that basis alleges, that Samsung has gained

7   profits by virtue of its infringement of the '891 Patent.

8          219.    Apple has sustained damages as a direct and proximate result of Samsung's

9   infringement of the '891 Patent.

10         220.    Apple will suffer and is suffering irreparable harm from Samsung's infringement

11  of the '891 Patent.  Apple has no adequate remedy at law and is entitled to an injunction against

12  Samsung's continuing infringement of the '891 Patent.  Unless enjoined, Samsung will continue

13  its infringing conduct.

### FOURTEENTH CLAIM FOR RELIEF

**(Infringement of the '163 Patent)**

16         221.    Apple incorporates and realleges paragraphs 1 through 220 of this Complaint.

17         222.    Samsung has infringed and continues to infringe one or more claims of the '163

18  Patent by using, selling and/or offering to sell, in the United States and/or importing into the

19  United States, one or more of the Samsung products identified in this Complaint.  Samsung's

20  infringing activities violate 35 U.S.C. § 271.

21         223.    Apple is informed and believes, and on that basis alleges, that Samsung's

22  infringement of the '163 Patent has been and continues to be intentional, willful, and without

23  regard to Apple's rights.

24         224.    Apple is informed and believes, and on that basis alleges, that Samsung has gained

25  profits by virtue of its infringement of the '163 Patent.

26         225.    Apple has sustained damages as a direct and proximate result of Samsung's

27  infringement of the '163 Patent.

28

226. Apple will suffer and is suffering irreparable harm from Samsung's infringement of the '163 Patent. Apple has no adequate remedy at law and is entitled to an injunction against Samsung's continuing infringement of the '163 Patent. Unless enjoined, Samsung will continue its infringing conduct.

<div align="center">

**FIFTEENTH CLAIM FOR RELIEF**

**(Infringement of the '129 Patent)**

</div>

227. Apple incorporates and realleges paragraphs 1 through 226 of this Complaint.

228. Samsung has infringed and continues to infringe one or more claims of the '129 Patent by using, selling and/or offering to sell, in the United States and/or importing into the United States, one or more of the Samsung products identified in this Complaint. Samsung's infringing activities violate 35 U.S.C. § 271.

229. Apple is informed and believes, and on that basis alleges, that Samsung's infringement of the '129 Patent has been and continues to be intentional, willful, and without regard to Apple's rights.

230. Apple is informed and believes, and on that basis alleges, that Samsung has gained profits by virtue of its infringement of the '129 Patent.

231. Apple has sustained damages as a direct and proximate result of Samsung's infringement of the '129 Patent.

232. Apple will suffer and is suffering irreparable harm from Samsung's infringement of the '129 Patent. Apple has no adequate remedy at law and is entitled to an injunction against Samsung's continuing infringement of the '129 Patent. Unless enjoined, Samsung will continue its infringing conduct.

<div align="center">

**SIXTEENTH CLAIM FOR RELIEF**

**(Infringement of the 'D790 Patent)**

</div>

233. Apple incorporates and realleges paragraphs 1 through 232 of this Complaint.

234. Samsung has infringed and continues to infringe the 'D790 Patent by using, selling and/or offering to sell in the United States, and/or importing into the United States one or more of

1  the Samsung products identified in this Complaint, which embody the design covered by the

2  'D790 Patent.

3      235.    Apple is informed and believes, and on that basis alleges, that Samsung's

4  infringement of the 'D790 Patent has been and continues to be intentional, willful, and without

5  regard to Apple's rights.

6      236.    Apple is informed and believes, and on that basis alleges, that Samsung has gained

7  profits by virtue of its infringement of the 'D790 Patent.

8      237.    Apple has sustained damages as a direct and proximate result of Samsung's

9  infringement of the 'D790 Patent.

10     238.    Apple will suffer and is suffering irreparable harm from Samsung's infringement

11 of the 'D790 Patent.  Apple has no adequate remedy at law and is entitled to an injunction against

12 Samsung's continuing infringement of the 'D790 Patent.  Unless enjoined, Samsung will continue

13 its infringing conduct.

14                          **SEVENTEENTH CLAIM FOR RELIEF**

15                          **(Infringement of the 'D334 Patent)**

16     239.    Apple incorporates and realleges paragraphs 1 through 238 of this Complaint.

17     240.    Samsung has infringed and continues to infringe the 'D334 Patent by using, selling

18 and/or offering to sell in the United States, and/or importing into the United States one or more of

19 the Samsung products identified in this Complaint, which embody the design covered by the

20 'D334 Patent.

21     241.    Apple is informed and believes, and on that basis alleges, that Samsung's

22 infringement of the 'D334 Patent has been and continues to be intentional, willful, and without

23 regard to Apple's rights.

24     242.    Apple is informed and believes, and on that basis alleges, that Samsung has gained

25 profits by virtue of its infringement of the 'D334 Patent.

26     243.    Apple has sustained damages as a direct and proximate result of Samsung's

27 infringement of the 'D334 Patent.

28

1    244.    Apple will suffer and is suffering irreparable harm from Samsung's infringement

2    of the 'D334 Patent.  Apple has no adequate remedy at law and is entitled to an injunction against

3    Samsung's continuing infringement of the 'D334 Patent.  Unless enjoined, Samsung will continue

4    its infringing conduct.

5                              **EIGHTEENTH CLAIM FOR RELIEF**

6                              **(Infringement of the 'D305 Patent)**

7    245.    Apple incorporates and realleges paragraphs 1 through 244 of this Complaint.

8    246.    Samsung has infringed and continues to infringe the 'D305 Patent by using, selling

9    and/or offering to sell in the United States, and/or importing into the United States one or more of

10   the Samsung products identified in this Complaint, which embody the design covered by the

11   'D305 Patent.

12   247.    Apple is informed and believes, and on that basis alleges, that Samsung's

13   infringement of the 'D305 Patent has been and continues to be intentional, willful, and without

14   regard to Apple's rights.

15   248.    Apple is informed and believes, and on that basis alleges, that Samsung has gained

16   profits by virtue of its infringement of the 'D305 Patent.

17   249.    Apple has sustained damages as a direct and proximate result of Samsung's

18   infringement of the 'D305 Patent.

19   250.    Apple will suffer and is suffering irreparable harm from Samsung's infringement

20   of the 'D305 Patent.  Apple has no adequate remedy at law and is entitled to an injunction against

21   Samsung's continuing infringement of the 'D305 Patent.  Unless enjoined, Samsung will continue

22   its infringing conduct.

23                              **NINETEENTH CLAIM FOR RELIEF**

24                              **(Infringement of the 'D677 Patent)**

25   251.    Apple incorporates and realleges paragraphs 1 through 250 of this Complaint.

26   252.    Samsung has infringed and continues to infringe the 'D677 Patent by using, selling

27   and/or offering to sell in the United States, and/or importing into the United States one or more of

28

1  the Samsung products identified in this Complaint, which embody the design covered by the

2  'D677 Patent.

3         253.    Apple is informed and believes, and on that basis alleges, that Samsung's

4  infringement of the 'D677 Patent has been and continues to be intentional, willful, and without

5  regard to Apple's rights.

6         254.    Apple is informed and believes, and on that basis alleges, that Samsung has gained

7  profits by virtue of its infringement of the 'D677 Patent.

8         255.    Apple has sustained damages as a direct and proximate result of Samsung's

9  infringement of the 'D667 Patent.

10        256.    Apple will suffer and is suffering irreparable harm from Samsung's infringement

11  of the 'D667 Patent.  Apple has no adequate remedy at law and is entitled to an injunction against

12  Samsung's continuing infringement of the 'D667 Patent.  Unless enjoined, Samsung will continue

13  its infringing conduct.

14                        **TWENTIETH CLAIM FOR RELIEF**

15                        **(Infringement of the 'D889 Patent)**

16        257.    Apple incorporates and realleges paragraphs 1 through 256 of this Complaint.

17        258.    Samsung has infringed and continues to infringe the 'D889 Patent by using, selling

18  and/or offering to sell in the United States, and/or importing into the United States one or more of

19  the Samsung products identified in this Complaint, which embody the design covered by the

20  'D889 Patent.

21        259.    Apple is informed and believes, and on that basis alleges, that Samsung's

22  infringement of the 'D889 Patent has been and continues to be intentional, willful, and without

23  regard to Apple's rights.

24        260.    Apple is informed and believes, and on that basis alleges, that Samsung has gained

25  profits by virtue of its infringement of the 'D889 Patent.

26        261.    Apple has sustained damages as a direct and proximate result of Samsung's

27  infringement of the 'D889 Patent.

28

262.     Apple will suffer and is suffering irreparable harm from Samsung's infringement of the 'D889 Patent.  Apple has no adequate remedy at law and is entitled to an injunction against Samsung's continuing infringement of the 'D889 Patent.  Unless enjoined, Samsung will continue its infringing conduct.

## TWENTY-FIRST CLAIM FOR RELIEF

### (Infringement of the 'D087 Patent)

263.     Apple incorporates and realleges paragraphs 1 through 262 of this Complaint.

264.     Samsung has infringed and continues to infringe the 'D087 Patent by using, selling and/or offering to sell in the United States, and/or importing into the United States one or more of the Samsung products identified in this Complaint, which embody the design covered by the 'D087 Patent.

265.     Apple is informed and believes, and on that basis alleges, that Samsung's infringement of the 'D087 Patent has been and continues to be intentional, willful, and without regard to Apple's rights.

266.     Apple is informed and believes, and on that basis alleges, that Samsung has gained profits by virtue of its infringement of the 'D087 Patent.

267.     Apple has sustained damages as a direct and proximate result of Samsung's infringement of the 'D087 Patent.

268.     Apple will suffer and is suffering irreparable harm from Samsung's infringement of the 'D087 Patent.  Apple has no adequate remedy at law and is entitled to an injunction against Samsung's continuing infringement of the 'D087 Patent.  Unless enjoined, Samsung will continue its infringing conduct.

## TWENTY-SECOND CLAIM FOR RELIEF

### (Infringement of the 'D270 Patent)

269.     Apple incorporates and realleges paragraphs 1 through 268 of this Complaint.

270.     Samsung has infringed and continues to infringe the 'D270 Patent by using, selling and/or offering to sell in the United States, and/or importing into the United States one or more of

1   the Samsung products identified in this Complaint, which embody the design covered by the

2   'D270 Patent.

3        271.    Apple is informed and believes, and on that basis alleges, that Samsung's

4   infringement of the 'D270 Patent has been and continues to be intentional, willful, and without

5   regard to Apple's rights.

6        272.    Apple is informed and believes, and on that basis alleges, that Samsung has gained

7   profits by virtue of its infringement of the 'D270 Patent.

8        273.    Apple has sustained damages as a direct and proximate result of Samsung's

9   infringement of the 'D270 Patent.

10        274.    Apple will suffer and is suffering irreparable harm from Samsung's infringement

11   of the 'D270 Patent.  Apple has no adequate remedy at law and is entitled to an injunction against

12   Samsung's continuing infringement of the 'D270 Patent.  Unless enjoined, Samsung will continue

13   its infringing conduct.

## **PRAYER FOR RELIEF**

15       WHEREFORE, Apple prays for relief, as follows:

16       1.    A judgment that Samsung has infringed one of more claims of each of Apple's

17   asserted patents;

18       2.    An order and judgment preliminarily and permanently enjoining Samsung and its

19   officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in

20   privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns

21   from further acts of infringement of Apple's asserted patents;

22       3.    A judgment awarding Apple all damages adequate to compensate for Samsung's

23   infringement of Apple's asserted patents, and in no event less than a reasonable royalty for

24   Samsung's acts of infringement, including all pre-judgment and post-judgment interest at the

25   maximum rate permitted by law;

26       4.    A judgment awarding Apple all damages, including treble damages, based on any

27   infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest

28

1     5.     A judgment awarding Apple all of Samsung's profits, pursuant to 35 U.S.C. § 289

2   together with prejudgment interest.

3     6.     An order preliminarily and permanently enjoining Samsung and its officers,

4   directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in

5   concert with them, and their parents, subsidiaries, divisions, successors and assigns, from directly

6   or indirectly infringing or diluting the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress,

7   Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, Apple iPad 2 Trade Dress, Registered Icon

8   Trademarks, Purple iTunes Store Trademark, and iTunes Eighth Note and CD Design Trademark,

9   or using any other product or packaging design or designations similar to or likely to cause

10   confusion with or to dilute the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple

11   iPhone 4 Trade Dress, Apple iPad Trade Dress, Apple iPad 2 Trade Dress, Registered Icon

12   Trademarks, Purple iTunes Store Trademark, and iTunes Eighth Note and CD Design Trademark;

13   from passing off Samsung's products as being associated with and or sponsored or affiliated with

14   Apple; from committing any other unfair business practices directed toward obtaining for

15   themselves the business and customers of Apple; and from committing any other unfair business

16   practices directed toward devaluing or diminishing the brand or business of Apple.

17     7.     Actual damages suffered by Apple as a result of Samsung's unlawful conduct, in

18   an amount to be proven at trial, as well as prejudgment interest as authorized by law;

19     8.     Reasonable funds for future corrective advertising;

20     9.     An accounting of Samsung's profits pursuant to 15 U.S.C. § 1117;

21     10.     A judgment trebling any damages award pursuant to 15 U.S.C. § 1117;

22     11.     Punitive damages pursuant to California Civil Code § 3294;

23     12.     Restitutionary relief against Samsung and in favor of Apple, including

24   disgorgement of wrongfully obtained profits and any other appropriate relief;

25     13.     Costs of suit and reasonable attorneys' fees; and

26     14.     Any other remedy to which Apple may be entitled, including all remedies provided

27   for in 15 U.S.C. §§ 1116, 1117, 35 U.SC. §§ 284, 285, and 289, and Cal. Bus. & Prof. Code §

28   17200, *et seq.*, and under any other law.

Dated:  June 16, 2011                    MORRISON & FOERSTER LLP


                                         By:    /s/ Michael A. Jacobs
                                                Michael A. Jacobs

                                         Attorneys for Plaintiff
                                         APPLE INC.

1

**DEMAND FOR JURY TRIAL**

2        Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Apple hereby demands

3   trial by jury on all issues raised by the Complaint.

4   Dated:  June  16, 2011                      MORRISON & FOERSTER LLP

5

6                                      By:      /s/ Michael A. Jacobs
                                              Michael A. Jacobs
7
                                              Attorneys for Plaintiff
8                                             APPLE INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28