| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Charles K. Verhoeven (Cal. Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Kevin P.B. Johnson (Cal. Bar No. 177129)<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Cal. Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>Michael T. Zeller (Cal. Bar No. 196417)<br>michaelzeller@quinnemanuel.com<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC | MORRISON & FOERSTER LLP<br><br>Harold J. McElhinny (Cal. Bar No. 66781)<br>HMcElhinny@mofo.com<br>Michael A. Jacobs (Cal. Bar No. 111664)<br>MJacobs@mofo.com<br>Jennifer Lee Taylor (Cal. Bar No. 161368)<br>JTaylor@mofo.com<br>Jason R. Bartlett (Cal. Bar No. 214530)<br>JasonBartlett@mofo.com<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: 415.268.7000<br>Facsimile: 415.268.7522<br><br>Attorneys for APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**STIPULATED MODIFICATION TO PATENT L.R. 2-2 INTERIM MODEL PROTECTIVE ORDER FOR PURPOSES OF EXPEDITED DISCOVERY** |

02198.51855/4201969.1

Case No. 11-cv-01846-LHK
STIPULATED MODIFICATION TO PATENT L.R. 2-2 INTERIM MODEL
PROTECTIVE ORDER FOR PURPOSES OF EXPEDITED DISCOVERY

WHEREAS, the Court has ordered certain limited discovery to proceed in this action prior to the conference of the parties provided for by Fed. R. Civ. P. 26(f) ("Expedited Discovery") (see Order Granting Limited Expedited Discovery (D.N. 52));

WHEREAS, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, and Apple Inc. (collectively, the "Parties") agree that the terms of the Patent Local Rule 2-2 Interim Model Protective Order ("Interim Protective Order") (available on the Court's website at http://www.cand.uscourts.gov/stipprotectorder), as modified herein and by the Court's Order Granting Limited Expedited Discovery, shall govern how the Parties shall treat documents, tangible materials, and other information produced in this action by any Party or Third Party as Expedited Discovery;

WHEREAS, the Parties desire to institute an additional confidentiality designation to address the particular facts and circumstances of this case and to afford the most stringent security for each Party's most valuable and sensitive information and tangible things that are produced during Expedited Discovery;

WHEREAS, the Parties desire that such confidentiality designation shall be "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY";

WHEREAS, the Parties wish to revise Section 8 of the Interim Protective Order (entitled "PROSECUTION BAR") so that it also addresses the particular facts and circumstances of this case;

Now, therefore, the Parties by and through their counsel hereby stipulate to and petition the Court to modify the Interim Protective Order for the purposes of Expedited Discovery in this case as follows:

02198.51855/4201969.1

-1-                                   Case No. 11-cv-01846-LHK
**STIPULATED MODIFICATION TO PATENT L.R. 2-2 INTERIM MODEL
PROTECTIVE ORDER FOR PURPOSES OF EXPEDITED DISCOVERY**

1        [New]           1.1      Limitation on Scope.   This Stipulated Modification to the Patent
2    Local Rule 2-2 Interim Model Protective Order shall apply exclusively to Samsung's production
3    of expedited discovery pursuant to the Court's Order Granting Limited Expedited Discovery (D.N.
4    52).    For avoidance of doubt, this Stipulation shall not apply to any other production of
5    discovery.

7        [Deleted]        2.4     ~~Designated House Counsel: House Counsel who seek access to~~
8    ~~"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.~~

10       [Amended]    2.5      Designating Party: a Party or Non-Party that designates information
11   or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL,"
12   "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY
13   CONFIDENTIAL – SOURCE CODE."

15       [Deleted]        2.8     ~~"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"~~
16   ~~Information or Items: extremely sensitive "Confidential Information or Items," disclosure of~~
17   ~~which to another Party or Non-Party would create a substantial risk of serious harm that could not~~
18   ~~be avoided by less restrictive means.~~

20       [New]           2.8.1    "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES
21   ONLY" Information or Items:    "Confidential Information or Items," disclosure of which to
22   another Party, Non-Party or that Party or Non-Party's House Counsel, would create a substantial
23   risk of serious harm that could not be avoided by less restrictive means.

25       [Amended]    2.16     Protected Material: any Disclosure or Discovery Material that is
26   designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S
27   EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

1        [Amended]    5.2    <u>Manner and Timing of Designations</u>.    Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.   If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.   During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."   After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.   Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.   If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.   When it is

impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

[Amended] 7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

[Amended] 7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts</u>.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court or administrative agency) any litigation or administrative proceedings in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.   Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.   If no agreement is reached, the Party

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1  seeking to make the disclosure the Expert may file a motion as provided in Civil Local Rule 7
2  (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to
3  do so.   Any such motion must describe the circumstances with specificity, set forth in detail the
4  reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the
5  disclosure would entail, and suggest any additional means that could be used to reduce that risk.
6  In addition, any such motion must be accompanied by a competent declaration describing the
7  parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and
8  confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal
9  to approve the disclosure.

10      In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden
11  of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)
12  outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

14      [Revised]    8.    **PROSECUTION BAR**
15      Absent consent from the Producing Party, any individual who receives or reviews
16  Protected Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES
17  ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," under this Order shall not,
18      (1) prepare and/or prosecute any patent application (or portion thereof), whether design or
19  utility, and either in the United States or abroad, relating to telecommunications devices, personal
20  digital assistants, personal electronics devices, tablet computers, digital music players, methods or
21  means for interacting with and operating same, and/or software or hardware for same;
22      (2) prepare and/or prosecute any patent claim(s) (or portions thereof), whether as part of a
23  design or utility patent application, and either in the United States or abroad, relating to
24  telecommunications devices, personal digital assistants, personal electronics devices, tablet
25  computers, digital music players, methods or means for interacting with and operating same,
26  and/or software or hardware for same;
27      (3) provide any advice regarding whether or not to file a patent application relating to
28  telecommunications devices, personal digital assistants, personal electronics devices, tablet

1 computers, digital music players, methods or means for interacting with and operating same,
2 and/or software or hardware for same;

3 (4) prepare and/or prosecute any application (or portion thereof) for trademark or trade
4 dress registration either in the United States Patent and Trademark Office or a foreign equivalent
5 thereof, relating in any way to telecommunications devices, personal digital assistants, personal
6 electronics devices, tablet computers, digital music players, or any icons, logos, product
7 configurations, or methods or means for interacting with and operating same, and/or software or
8 hardware features of same; or

9 (5) provide any advice regarding whether or not to seek registration of, or to file
10 applications for trademark or trade dress protection either in the United States or abroad, relating
11 in any way to telecommunications devices, personal digital assistants, personal electronics
12 devices, tablet computers, digital music players, or any icons, logos, product configurations, or
13 methods or means for interacting with and operating same, and/or software or hardware features of
14 same.

15 For purposes of this section, "prosecution" includes directly or indirectly drafting,
16 amending, advising, or otherwise affecting the scope or maintenance of patent claims and
17 trademark or trade dress registrations.[2]  This prosecution bar applies to all substantive domestic
18 and foreign patent and trademark office proceedings, including but not limited to patent and
19 trademark drafting and prosecution, appeals, reexaminations, reissuances, and oppositions.   This
20 prosecution bar shall begin when access to "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL
21 EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received
22 by the affected individual and shall end two (2) years after final termination of this action.

23
24 [Amended]  9.  SOURCE CODE

---

[2]  Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

1  (a) To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

. . .

[Amended]   10.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a) promptly notify in writing the Designating Party.   Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.   Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[3]

---

[3]   The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1   If the Designating Party timely seeks a protective order, the Party served with the subpoena
2 or court order shall not produce any information designated in this action as "CONFIDENTIAL,"
3 "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or "HIGHLY
4 CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the
5 subpoena or order issued, unless the Party has obtained the Designating Party's permission.   The
6 Designating Party shall bear the burden and expense of seeking protection in that court of its
7 confidential material – and nothing in these provisions should be construed as authorizing or
8 encouraging a Receiving Party in this action to disobey a lawful directive from another court.
9
10  [Amended]   11.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
11 PRODUCED IN THIS LITIGATION</u>
12  (a) The terms of this Order are applicable to information produced by a Non-Party in this
13 action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE
14 COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."   Such
15 information produced by Non-Parties in connection with this litigation is protected by the
16 remedies and relief provided by this Order.   Nothing in these provisions should be construed as
17 prohibiting a Non-Party from seeking additional protections.
18  . . .
19
20  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
21
22
23
24
25
26
27
28

| | | |
|---|---|---|
| DATED: June 16, 2011 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By  /s/ Victoria F. Maroulis
    Charles K. Verhoeven
    Kevin P.B. Johnson
    Victoria F. Maroulis
    Michael T. Zeller
    Attorneys for SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

DATED: June 16, 2011        MORRISON & FOERSTER LLP

By  /s/ Michael A. Jacobs
    Harold J. McElhinny
    Michael A. Jacobs
    Jennifer Lee Taylor
    Jason R. Bartlett
    Attorneys for APPLE INC.

I, Victoria F. Maroulis, am the ECF User whose identification and password are being used to file this document.    Pursuant to General Order 45.X.B, I hereby attest that counsel for Apple Inc. has concurred in this filing.

**IT IS SO ORDERED.**

Dated: _____, 2011    By: _____

                                                                Honorable Lucy H. Koh

                                                                United States District Judge