UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.: 11-CV-01846-LHK |
| Plaintiff, | ORDER DENYING MOTION TO COMPEL EXPEDITED DISCOVERY |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") move to compel expedited discovery from Plaintiff Apple, Inc. ("Apple"). Specifically, Samsung seeks an order compelling Apple to produce product samples, packaging, and packaging inserts for the next generation iPhone and iPad. The Court heard oral argument on June 17, 2011. Having considered the submissions and arguments of the parties, the Court DENIES Samsung's motion to compel.

**I. Background**

On April 15, 2011, Plaintiff Apple, Inc. ("Apple") filed suit against Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung"). In its Complaint, Apple alleges that Samsung's Galaxy

1

Case No.: 11-CV-01846-LHK
ORDER DENYING MOTION TO COMPEL EXPEDITED DISCOVERY

1    cell phones and computer tablets infringe Apple's trade dress, trademarks, and utility and design
2    patents.  On April 19, 2011, Apple filed a motion seeking expedited discovery related to five
3    products that Samsung was allegedly preparing to introduce into the U.S. market: (1) the Galaxy
4    S2 cell phone, (2) the Galaxy Tab 8.9 tablet computer, (3) the Galaxy Tab 10.1 tablet computer, (4)
5    the Infuse 4G cell phone, and (5) the 4G LTE (or "Droid Charge") cell phone.  Based on images
6    and models provided to the public, Apple alleged that these new products would mimic Apple's
7    protected designs in the iPhone and iPad and infringe Apple's intellectual property.  In particular,
8    Apple claimed that Samsung delayed introduction of its new tablet computers "to give [Samsung]
9    additional time to mimic more closely" the recently released iPad 2, and that Samsung's
10   forthcoming cell phone products were designed to mimic the iPhone 4.  *See* Pl.'s Mot. to Expedite
11   Discovery at 3-5, ECF No. 10.  Apple indicated that it was considering seeking a preliminary
12   injunction to prevent Samsung from introducing its new products into the U.S. market, and it
13   therefore sought expedited discovery in order to evaluate whether a preliminary injunction motion
14   was warranted.

15        The Court held a hearing on Apple's motion for expedited discovery on May 12, 2011, and
16   issued an order granting limited expedited discovery on May 18, 2011.  The Court denied Apple's
17   request for expedited written discovery and a 30(b)(6) deposition, but ordered Samsung to produce
18   the latest iteration of product samples, packaging, and package inserts for its new products.  *See*
19   Order Granting Limited Expedited Discovery, ECF No. 52.  In so ordering, the Court found that
20   these product and packaging samples would be directly relevant to any preliminary injunction
21   motion.  *Id.* at 4.  Although the Court recognized that production of unreleased products could be
22   prejudicial, the Court found that Samsung's claim of prejudice was "undermined to some extent by
23   evidence that Samsung has already released images and samples of its forthcoming products to the
24   media and members of the public."  *Id.* at 5.  Accordingly, the Court granted limited expedited
25   discovery of product, packaging, and packaging insert samples under a stringent protective order,
26   to be produced with the designation "Outside Counsel Eyes Only."  *Id.* at 6.

27        At the hearing on Apple's motion for expedited discovery, counsel for Samsung argued that
28   if Apple were granted expedited discovery, Samsung should be entitled to some form of reciprocal

2
Case No.: 11-CV-01846-LHK
ORDER DENYING MOTION TO COMPEL EXPEDITED DISCOVERY

**United States District Court**
For the Northern District of California

1   discovery. *See* Tr. of May 12, 2011 Proceedings before Judge Koh, Decl. of Todd M. Briggs ISO

2   Samsung's Mot. to Compel ("Briggs Decl."), Ex. 28 at 24:2-7, ECF No. 57.  Specifically, Samsung

3   stated:

> [T]here are things that we fairly should be entitled to get, through discovery, to oppose a preliminary injunction, such as any evidence they have of any confusion, or lack of confusion, between [Samsung's] products and Apple products; any documents concerning good will; loss of good will; market share; reputation to Apple . . . .
> If they've done research surveys or studies relating to the likelihood of confusion, we would be entitled to those if we were to fairly oppose a preliminary injunction motion.

*Id.* at 34:10-22.  Apple indicated that it would agree to some reciprocal expedited discovery, provided the requested discovery was reasonable and necessary to oppose a preliminary injunction. *Id.* at 35:6-9, 15-19.  The Court also indicated that some reasonable, reciprocal expedited discovery might be appropriate, but found that the issue was not ripe for decision at that time. *Id.* at 49:4-7, 50:20-51:3.

Shortly after the hearing on Apple's motion for expedited discovery, Samsung contacted Apple to request reciprocal expedited discovery.  Briggs Decl. ¶ 30.  Rather than seeking the evidence of consumer confusion and loss of good will discussed at the motion hearing, Samsung asked Apple to produce samples of the most current version of the next generation iPhone and iPad, along with the retail packaging and package inserts. *Id.* ¶ 30 & Ex. 10.  Apple refused to provide the requested discovery, on grounds that future Apple products would have no relevance to any preliminary injunction motion. *Id.* ¶ 32-34 & Ex. 12-13.  Apple indicated, however, that it remained willing to engage in expedited discovery directed to relevant issues and proposed a schedule for production of documents and depositions of declarants following the filing of a preliminary injunction motion.[1]  *Id.* Ex. 13.  Samsung now moves to compel Apple to produce, as reciprocal expedited discovery, samples of Apple's next generation iPhone and iPad and the associated packaging and inserts.  Apple opposes Samsung's motion.

---

[1] Under Apple's proposed schedule, Apple would produce documents and make its declarants available for deposition prior to the filing of Samsung's opposition brief, and Samsung would similarly produce documents and make its declarants available before the filing of Apple's reply brief.  Briggs Decl. Ex. 13.

3
Case No.: 11-CV-01846-LHK
ORDER DENYING MOTION TO COMPEL EXPEDITED DISCOVERY

**II. Legal Standard**

Under the Federal Rules of Civil Procedure, parties generally "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Rules also provide a method for compelling such discovery, in the event that a party refuses to provide requested discovery that falls within the scope of Rule 26(b). If, after notice and an attempt to meet and confer, a party fails to provide requested discovery, the requesting party "may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

The Federal Rules also dictate the timing of discovery. Pursuant to Rule 26(d), a party "may not seek discovery from any source" prior to the conference required by Rule 26(f), which must take place at least 21 days before the initial Case Management Conference. Fed. R. Civ. P. 26(d), (f). In this case, because the parties have not held a 26(f) conference and discovery has not formally commenced, Samsung must show that expedited discovery is warranted in order to compel production by Apple. Courts within the Ninth Circuit generally use the "good cause" standard to determine whether to permit discovery prior to a Rule 26(f) conference. *See, e.g.*, *Interserve, Inc. v. Fusion Garage PTE, Ltd.*, No. C 09-05812 JW (PVT), 2010 WL 143665, at *2 (N.D. Cal. Jan. 7, 2010); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. In determining whether good cause justifies expedited discovery, courts commonly consider factors including: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *American LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009).

**III. Discussion**

Apple has indicated that it may seek a preliminary injunction to prevent Samsung from introducing allegedly infringing products into the U.S. market. Apple previously sought expedited

4

Case No.: 11-CV-01846-LHK
ORDER DENYING MOTION TO COMPEL EXPEDITED DISCOVERY

1   discovery in support of this potential motion and submitted evidence that Samsung had released
2   images and information about all of the five products for which Apple sought expedited discovery.
3   The Court therefore granted Apple limited expedited discovery of Samsung's unreleased products
4   on grounds that Apple's need for such discovery to evaluate a preliminary injunction motion
5   outweighed the relatively minimal potential prejudice to Samsung.   The question now before the
6   Court is whether good cause exists to require Apple to provide expedited discovery of its future
7   products to Samsung for use in its opposition to any preliminary injunction motion filed by Apple.
8           The parties' briefs suggest that any preliminary injunction motion brought by Apple is
9   likely to allege that Samsung's recently released and forthcoming products infringe Apple's
10  trademarks and trade dress.[2]  "A plaintiff seeking a preliminary injunction must establish that he is
11  likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of
12  preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the
13  public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008).  Thus, any
14  preliminary injunction motion is likely to focus significantly on whether Apple is likely to succeed
15  on the merits of its infringement claims.  To prevail on a claim of trademark infringement, a party
16  must prove (1) that it has a protectable interest in the mark, and (2) that the defendant's use of a
17  similar mark is likely to cause consumer confusion.  *See Network Automation, Inc. v. Advanced*
18  *Systems Concepts, Inc.*, 638 F.3d 1137, 1145 (9th Cir. 2011).  The concept of "trade dress" is
19  somewhat broader than "trademark," as it "refers to the 'total image of a product' and may include
20  features such as size, shape, color, color combinations, texture or graphics."  *International Jensen,*
21  *Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 822 (9th Cir. 1993).  Nonetheless, "the analysis for
22  trade dress and an unregistered trademark under section 43(a) of the Lanham Act is very similar."
23  *Id.* at 823.  Under either theory, a plaintiff must show that the trade dress or unregistered trade
24  mark: "(1) is nonfunctional; (2) is either inherently distinctive or has acquired a secondary
25  meaning; and (3) is likely to be confused with [the defendant's] products by members of the
26  consuming public."  *Id.*

---

[2] At the motion hearing, Apple indicated that it might pursue design and utility patent infringement claims in its preliminary injunction motion as well.  However, the parties' briefing of the motion to compel focuses solely on Apple's claims for trademark and trade dress infringement.

5
Case No.: 11-CV-01846-LHK
ORDER DENYING MOTION TO COMPEL EXPEDITED DISCOVERY

1    "The core element of trademark infringement is the likelihood of confusion, i.e., whether
2    the similarity of the marks is likely to confuse customers about the source of the products."
3    *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1053 (9th
4    Cir. 1999) (quoting *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1391 (9th Cir. 1993)).
5    Courts within the Ninth Circuit look to the following eight factors, known as the *Sleekcraft* factors,
6    for guidance in determining the likelihood of confusion:  (1) strength of the plaintiff's mark; (2)
7    proximity or relatedness of the parties' products; (3) similarity of the marks; (4) evidence of actual
8    confusion; (5) marketing channels used; (6) the type of goods and the degree of care likely to be
9    exercised by purchasers in selecting the goods; (7) defendant's intent in selecting its mark; and (8)
10   likelihood of expansion of the product lines.  *See AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-
11   49 (9th Cir. 1979), *abrogation in part on other grounds recognized by Mattel, Inc. v. Walking
12   Mountain Prods.*, 353 F.3d 792, 810 n. 19 (9th Cir. 2003).  The Ninth Circuit has cautioned that the
13   *Sleekcraft* factors should be applied flexibly, as some factors may be "much more important than
14   others, and the relative importance of each individual factor will be case-specific."  *Brookfield*, 174
15   F.3d at 1054.  Thus, "[t]he *Sleekcraft* factors are intended as an adaptable proxy for consumer
16   confusion, not a rote checklist."  *Network Automation*, 638 F.3d at 1145.

17   As an initial matter, the Court notes that throughout this proceeding, Apple has premised its
18   request for expedited discovery and its potential preliminary injunction motion on the allegation
19   that Samsung's new and forthcoming products infringe the trademarks and trade dress embodied in
20   Apple's existing products.  In its motion for expedited discovery, Apple specifically alleged that
21   after Apple announced its new iPad 2 on March 2, 2011, Samsung delayed introduction of its new
22   tablet computers in order to more closely mimic the iPad 2.  *See* Pl.'s Mot. to Expedite Discovery
23   at 3-4.  Apple also specifically alleged that Samsung's forthcoming Galaxy S2 cell phone was
24   likely to mimic Apple's iPhone 4.  *Id.* at 5.  Indeed, Apple's motion requested written discovery
25   and a 30(b)(6) deposition specifically "relating to any copying of design elements of, or attempts to
26   design around Apple's intellectual property relating to, the iPhone 4, iPad, and iPad 2."  *Id.* at 9-10.
27   This suggests, and Apple insists, that any motion for preliminary injunction filed by Apple will be
28   based upon Samsung's alleged infringement of the trademarks and trade dress embodied in the

6
Case No.: 11-CV-01846-LHK
ORDER DENYING MOTION TO COMPEL EXPEDITED DISCOVERY

existing iPhone 4, iPad, and iPad 2, rather than any next generation products that Apple may release in the future. For this reason, Apple argues that its future products have no relevance to its anticipated motion, and Samsung has no need to obtain these products in order to oppose the motion.

Samsung does not question Apple's intent to base its preliminary injunction motion solely on products already in the market, but contends that Apple's future products will nevertheless be relevant to the Court's evaluation of Apple's motion. Specifically, Samsung argues that Apple's next generation iPhone and iPad will be relevant to the Court's evaluation of several factors in the likelihood of confusion analysis, including the similarity of the marks, proximity of the products, and the strength of Apple's mark. First, Samsung points out that under *Sleekcraft*, the similarity of the parties' marks "is tested on three levels: sight, sound, and meaning," and "[e]ach must be considered as they are encountered in the marketplace." *Sleekcraft*, 599 F.2d at 351. That is, similarity should be evaluated by "examining the actual situations in which consumers [are] likely to read, hear, and consider" the marks. *Network Automation*, 638 F.3d at 1150-51. Samsung claims that Internet reports and Apple's past practice indicate that Apple will be releasing its next generation iPhone and iPad later this year.[3] Therefore, Samsung argues that "the most likely manner in which consumers will encounter Samsung's just-released products will be alongside Apple's just-released products," not alongside the iPhone 4, iPad 2, or iPad. Reply Br. at 6, ECF No. 64. For this reason, Samsung contends that a proper likelihood of confusion analysis must include a comparison of Samsung's new and forthcoming products with Apple's next generation products.

Samsung makes similar claims with regard to the factors regarding proximity of the products and the strength of Apple's mark. Samsung claims that Apple's future products are

---

[3] Samsung submits Internet reports that anticipate release of the iPhone 5 in September and suggest that an iPad 3 may be released later this year. Briggs Decl. Exs. 1-2. Samsung also submits announcements from Apple's website showing that Apple has released a new version of the iPhone every year for the past four years, and that the iPad 2 was introduced a little over a year after the iPad. *Id.* Exs 3-8. Apple has not announced any successor products to the iPhone or the iPad and maintains that Internet reports regarding such products are "based entirely on speculation." Decl. of Richard J. Lutton ISO Apple's Opp'n ("Lutton Decl.") ¶ 5, ECF No. 70.

7
Case No.: 11-CV-01846-LHK
ORDER DENYING MOTION TO COMPEL EXPEDITED DISCOVERY

relevant to the "proximity" or "relatedness" factor because Apple's future products may be less directly related to Samsung's products, and to the "strength" factor because differences in the next generation products could weaken the strength of Apple's trade dress.  Additionally, in its reply brief, Samsung also argues, for the first time, that Apple's future products could affect the protectability of Apple's trade dress because these products are relevant to the "consistent overall look" requirement for trade dress protection in a line of products.

While these arguments are not without merit, the Court finds that they do not establish a strong need for the expedited discovery Samsung requests.  The Court agrees that the possibility that Apple will introduce next generation iPhone and iPad products in the near future may have some effect on the likelihood of confusion analysis.  The Court also agrees that Samsung should be entitled to parity in discovery related to the preliminary injunction motion.  This does not mean, however, that Samsung must have access to prototypes of Apple's next generation products.  Apple has repeatedly stated that it will seek preliminary relief based only on the alleged infringement of its existing products, in particular the iPhone 4, iPad, and iPad 2.  Apple is entitled to do this, and the Court must consider the claims that Apple actually brings.  The Court finds, moreover, that there is nothing unreasonable or deceptive about Apple's decision to limit its claims in this manner.  Of the five Samsung products for which this Court ordered expedited discovery, three were publicly released in the United States before the deadline for production set by the Court.[4]  Presumably consumers are already encountering these new Samsung products alongside existing Apple products.  Similarly, as to the tablet computers, Samsung's evidence does not strongly support its contention that release of an iPad 3 is imminent.  Apple's release history suggests that Apple tends to release new versions of its iPad and iPhone products about once a year.  *See* Briggs Decl. Exs. 3-8.  The new iPad 2 was introduced in March 2011, a mere three months ago.  *Id.* Ex. 7.  Thus, Samsung's contention that its new tablet products are likely to be encountered alongside a next generation iPad product is quite speculative, and Apple's decision to focus on infringement of

---

[4] In its opposition brief, Apple states that the Infuse and Droid Charge have been publicly released. *See* Decl. of Grant L. Kim ISO Apple's Opp'n ("Kim Decl.), Exs. 29-30, ECF No. 61.  At the motion hearing, Apple represented that three of Samsung's new products have now been publicly released.  Samsung has not denied any of these representations.

8

Case No.: 11-CV-01846-LHK
ORDER DENYING MOTION TO COMPEL EXPEDITED DISCOVERY

the iPad 2 appears reasonable.  Finally, although the Court agrees that Apple's past history of releasing a new iPhone each June over the past four years supports an inference that the next generation iPhone will be forthcoming, this in itself is not sufficient to support expedited discovery.  Ultimately, the essence of Apple's claims is that Samsung has *copied* Apple's products.  Common sense suggests that allegations of copying are necessarily directed at Apple's existing products, to which Samsung has access and could potentially mimic, and not at Apple's unreleased, inaccessible, next generation products.  Samsung has cited no case requiring a plaintiff in a trade dress or trademark case to produce its future products in a context similar to this one.  Given these circumstances, the Court agrees with Apple that it simply has not put its next generation products at issue, at least with respect to its anticipated motion for a preliminary injunction, and Samsung does not need access to these products in order to oppose such a motion.

This does not mean that Samsung cannot raise the possible introduction of next generation products in its opposition to a preliminary injunction motion.  Samsung is free to argue, for instance, that there is little likelihood of confusion because consumers will not encounter its products side-by-side with the iPhone 4 or iPad 2, but rather with Apple's next generation iPhone and iPad.  Similarly, as to proximity, Samsung is free to argue that because the iPhone 4 and iPhone 2 will soon be outmoded and reduced in price, they are not being sold (or very soon will not be sold) to the same class of purchasers who are likely to buy new Samsung products.  By choosing to allege infringement only of its current products, Apple opens itself up to these arguments.  Nothing about these arguments, however, requires Samsung to have access to samples of the next generation products themselves.

In its reply brief, Samsung also raised the argument that samples of Apple's future products and packaging are relevant to the protectability of Apple's trade dress in the iPhone and iPad product lines.  Although the Ninth Circuit does not appear to have addressed the issue, some circuits have held that where a plaintiff seeks trade dress protection in a line of products, the plaintiff must establish that the line of products has a consistent overall look.  *See Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 116 (2d Cir. 2001); *Rose Art Industries, Inc. v. Swanson*, 235 F.3d 165, 172 (3d Cir. 2000).  The "consistent overall look" standard "do[es] not require that the

9

Case No.: 11-CV-01846-LHK
ORDER DENYING MOTION TO COMPEL EXPEDITED DISCOVERY

1     appearance of the series or line of products or packaging be identical," and a plaintiff generally is

2     permitted to define a product line "as it sees fit." *Rose Art Industries, Inc. v. Swanson*, 235 F.3d at

3     173.  It is true that if Apple eventually introduces an iPhone 5 or an iPad 3 that diverges from the

4     overall consistent look of the existing iPhone or iPad products, Apple might not be able to claim

5     trade dress protection as to its entire line of products.  As discussed above, however, Apple's

6     decision to limit its claims to its trademarks and trade dress as embodied in products currently in

7     the market is not unreasonable, and Samsung points to no authority suggesting that the Court must

8     look ahead to unreleased, and possibly not-yet-developed, products in order to evaluate the overall

9     look of an existing product line.

10           Finally, the Court notes that the relative burden of producing unreleased products may be

11    somewhat greater for Apple than for Samsung.  When the Court considered the potential prejudice

12    to Samsung of producing unreleased product samples, the Court emphasized that Samsung had

13    already released significant information about its forthcoming products into the public domain.

14    Indeed, in addition to the images and information released to the media, Samsung had recently

15    released 5,000 samples of its Galaxy Tab 10.1 to members of the public.  *See* Order Granting

16    Limited Expedited Discovery at 5-6.  Considering that images, descriptions, and actual samples of

17    Samsung's forthcoming products were already publicly available, the Court found that the burden

18    to Samsung of producing the latest iterations of those products, along with their packaging, was

19    minimal.  In contrast, Apple maintains a strict policy of not commenting on future products and

20    takes extensive measures to protect information about its unreleased products.  Unlike Samsung,

21    Apple has not publicly announced or described the products Samsung seeks to obtain.  Instead,

22    Apple closely guards this information as a trade secret.  However, while this difference carries

23    some weight, the Court agrees with Samsung that the strict protective order required by the Court

24    and stipulated to by the parties would provide adequate protection to both parties.  Apple's

25    contention that this protective order is sufficient for Samsung, but not for Apple, is not well-taken.

26    The Court will not assume that outside counsel and experts who agree to strict confidentiality will

27    nevertheless leak information about Apple's products, nor will the Court assume that Apple would

28    face greater harm from the release of confidential information than would Samsung.  In any case,

the Court need not resolve the issue of prejudice to Apple because it has already found that Apple has not put its future products at issue, and therefore Samsung does not need access to those products in order to oppose a preliminary injunction motion.  Accordingly, Samsung has not shown good cause for the expedited discovery it seeks, and its motion must be denied.

## IV. Conclusion

For the reasons discussed above, the Court concludes that Samsung has not shown good cause to justify expedited discovery of Apple's future products, packaging, and packaging inserts. Samsung's motion to compel is therefore DENIED.  As noted above, the Court nonetheless believes that Samsung should be entitled to parity in discovery directed at Apple's potential preliminary injunction motion.  If Samsung had requested reasonable discovery along the lines discussed at the hearing on Apple's motion for expedited discovery, the Court would have granted the request.  However, as Samsung has not requested such discovery in this motion, the Court cannot order it.  In any case, it appears that Apple may be willing to provide such discovery without the need for Court intervention.

**IT IS SO ORDERED.**

Dated: June 21, 2011

_____
LUCY H. KOH
United States District Judge