QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT; AND**<br><br>**DEMAND FOR JURY TRIAL** |

02198.51855/4230494.1

Case No. 11-cv-01846-LHK
SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT

# I. ANSWER

Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Telecommunications America, LLC ("STA") (collectively, the "Samsung Defendants") by and through their undersigned counsel, in response to the Amended Complaint of Apple Inc. ("Apple") deny Apple's allegations of copying, causing confusion, and all other forms of infringement, dilution, unjust enrichment, and unfair competition and answers Apple's Amended Complaint ("Complaint") as follows:

## THE NATURE OF THE ACTION

1.      The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint and therefore deny them.

2.      The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint and therefore deny them.

3.      The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint and therefore deny them.

4.      The Samsung Defendants admit that more than a year ago the first U.S. Galaxy phones were announced and that its Galaxy phones and tablets run on Google's Android operating platform.   The Samsung Defendants also admit that Apple attached to its Complaint some utility and design patents and some trademark registrations that appear to be issued by the United States Patent and Trademark Office.   The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint regarding Apple's other competitors, and therefore deny them.   The Samsung Defendants deny the remaining allegations of paragraph 4 of the Complaint.

5.      The Samsung Defendants deny that they have engaged in any illegal conduct alleged in the Complaint.   The Samsung Defendants admit that through this action, Apple is attempting to stop the Samsung Defendants from competing with it and to obtain money from

1   them.   The Samsung Defendants deny knowledge or information sufficient to form a belief as to

2   the truth or falsity of the remaining allegations of paragraph 5 of the Complaint, and therefore

3   deny them.

4                                        **THE PARTIES**

5          6.      The Samsung Defendants deny knowledge or information sufficient to form a

6   belief as to the truth or falsity of the allegations of paragraph 6 of the Complaint, and therefore

7   deny them.

8          7.      The Samsung Defendants deny that SEC's principal offices are at the location

9   specified in paragraph 7 of the Complaint.   The Samsung Defendants admit that SEC is South

10  Korea's largest company and one of Asia's largest electronics companies.   The Samsung

11  Defendants admit that SEC designs, manufactures and provides to the U.S. and world markets a

12  wide range of products, including consumer electronics, computer components, and mobile and

13  entertainment products.

14         8.      The Samsung Defendants admit that SEA is a New York corporation, was formed

15  in 1978, and is a subsidiary of SEC.   The Samsung Defendants admit that SEA's principal offices

16  are located at 85 Challenger Road, Ridgefield Park, NJ, 07660.   The Samsung Defendants admit

17  that SEA offers a full range of award-winning consumer electronics and IT products including, but

18  not limited to, televisions, Blu-ray disc players, digital cameras and camcorders, certain memory

19  storage devices, portable audio devices, printers and monitors.   The Samsung Defendants admit

20  that Samsung Telecommunications America, LLC ("STA"), Samsung Electronics Canada, and

21  Samsung Electronics Mexico S.A. de C.V. are affiliates of SEA.   The Samsung Defendants deny

22  the remaining allegations of paragraph 8 of the Complaint.

23         9.      The Samsung Defendants admit that STA was formed in 1996 and is a subsidiary

24  of SEC.   The Samsung Defendants admit that STA researches, develops, markets, sells and offers

25  for sale a variety of personal and business communications products throughout North America,

26  including handheld wireless phones, wireless communications infrastructure systems, fiber optics

27  and enterprise communication systems.   The Samsung Defendants deny that the address listed for

28  STA in paragraph 9 of the Complaint is correct.

**JURISDICTION**

10.     The Samsung Defendants admit that the Complaint purports to allege claims over which this Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), 28 U.S.C. § 1338(b), and 28 U.S.C. § 1367.    Except as expressly admitted, the Samsung Defendants deny the remaining allegations of paragraph 10 of the Complaint.

11.     The Samsung Defendants will not challenge personal jurisdiction over them by this Court for purposes of this action.    Except as expressly admitted, the Samsung Defendants deny the remaining allegations of paragraph 11 of the Complaint.

**VENUE AND INTRADISTRICT ASSIGNMENT**

12.     The Samsung Defendants will not contest the propriety of venue or intradistrict assignment.    The Samsung Defendants admit that pursuant to Civil L.R. 3-2(c), Intellectual Property Actions are assigned on a district-wide basis and admits, on information and belief, that Apple's principal place of business is within this District.    Except as expressly admitted, the Samsung Defendants deny the remaining allegations of paragraph 12 of the Complaint.

**BACKGROUND**

13.     The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Complaint and therefore deny them.

14.     The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Complaint and therefore deny them.

15.     The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 15 of the Complaint and therefore deny them.

16.     The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint and therefore deny them.

17.     The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint and therefore deny them.

18.     The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint and therefore deny them.

19.     The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint and therefore deny them.

20.     The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Complaint and therefore deny them.

21.     The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Complaint and therefore deny them.

22.     The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Complaint and therefore deny them.

23.     The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 of the Complaint and therefore deny them.

24.     The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 of the Complaint and therefore deny them.

25.     The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 of the Complaint and therefore deny them.

**Apple's Alleged Utility Patents**

26.     The Samsung Defendants admit that Apple has been issued some utility patents. The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 26 of the Complaint and therefore deny them.

27.     The Samsung Defendants admit that Apple has been issued some utility patents. The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 27 of the Complaint and therefore deny them.

28.     The Samsung Defendants admit that Apple purports to have attached as Exhibits 1-8 to its Complaint U.S. Patent Nos. 7,812,828 ("'828 Patent"), 6,493,002 ("'002 Patent"), 7,469,381 ("'381 Patent"), 7,844,915 ("'915 Patent"), 7,853,891 ("'891 Patent"), 7,663,607 ("'607 Patent"), 7,864,163 ("'163 Patent"), and 7,920,129 ("'129 Patent").    The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 28 of the Complaint and therefore deny them.

**Apple's Alleged Design Patents**

29.     The Samsung Defendants admit that Apple purports to have attached to its Complaint U.S. Design Patent Nos. D627,790 ("'D790 Patent"), D617,334 ("'D334 Patent"), D604,305 ("'D305 Patent"), D593,087 ("'D087 Patent"), D618,677 ("'D677 Patent"), D622,270 ("'D270 Patent"), and D504,889 ("'D889 Patent").    The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 29 of the Complaint and therefore deny them.

**Apple's Alleged Trade Dress**

30.     Denied on the grounds that the allegations of Paragraph 30 state a legal conclusion to which no response is necessary.

31.     The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31 of the Complaint, particularly given the vagueness of the reference to "[t]he iPhone design," and therefore deny them.

32.     The Samsung Defendants admit that no iPhone has included a physical keyboard. The Samsung Defendants aver that the appearance of "the iPhone," whichever version is being

referred to, speaks for itself and deny the allegations of paragraph 32 to the extent they do not accurately describe that appearance.   The Samsung Defendants deny that the shape and appearance described in paragraph 32 of the Complaint is distinctive.   The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 32 of the Complaint and therefore deny them.

33.     The Samsung Defendants deny the implication that the legal test for functionality requires that "the overall product design is [] required to achieve any particular function" or that "competitors [not] have numerous options from which they can choose for their own product designs" and deny the remaining allegations of paragraph 33.

34.     The Samsung Defendants deny that "the iPhone product design" described in the Complaint immediately became closely associated with Apple.   The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 34 of the Complaint and therefore deny them.

35.     The Samsung Defendants deny that the "iPhone 3G product design" immediately became closely associated with Apple.   The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 35 of the Complaint and therefore deny them.

36.     The Samsung Defendants deny the implication that the legal test for functionality requires that "the overall product design is [] dictated by function" or that "competitors [not] have many alternative product designs available to them" and deny the remaining allegations of paragraph 36.

37.     The Samsung Defendants admit that the appearance of the iPhone 4 is different from previous versions of the iPhone.   The Samsung Defendants aver that the appearances of the iPhone products speak for themselves and deny the allegations of paragraph 37 to the extent they do not accurately describe and compare the appearances of those products.   The Samsung Defendants deny that the iPhone 4 product design described in the Complaint immediately became closely associated with Apple.   The Samsung Defendants deny knowledge or information

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

1    sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 37 of

2    the Complaint and therefore deny them.

3        38.     The Samsung Defendants deny the implication that the legal test for functionality

4    requires that the "overall product design is [] required to achieve a[] particular function" or that

5    there "are [not] numerous alternatives available to Apple's competitors for their product designs"

6    and deny the remaining allegations of paragraph 38.

7        39.     The Samsung Defendants aver that the various packages and packaging materials

8    of the iPhone products speak for themselves, and deny the allegations of paragraph 39 to the

9    extent they do not accurately describe their appearance.   The Samsung Defendants deny

10   knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

11   allegations in paragraph 39 of the Complaint and therefore deny them.

12       40.     The Samsung Defendants deny the implication that the legal test for functionality

13   requires that the "overall product design is [] required to achieve a[] particular function" or that

14   competitors not have "alternative packaging options available" and deny the remaining allegations

15   of paragraph 40.

16       41.     The Samsung Defendants aver that the appearances of the iPod touch products

17   speak for themselves and deny the allegations of paragraph 41 to the extent they do not accurately

18   describe the appearance of those products.   The Samsung Defendants deny that the combination

19   of elements described in paragraph 41 of the Complaint is "innovative."   The Samsung

20   Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of

21   the remaining allegations in paragraph 41 of the Complaint and therefore deny them.

22       42.     The Samsung Defendants deny that the iPod Touch design described in the

23   Complaint immediately became closely associated with Apple.   The Samsung Defendants deny

24   knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

25   allegations in paragraph 42 of the Complaint and therefore deny them.

26       43.     The Samsung Defendants deny the implication that the legal test for functionality

27   requires that "the overall product design is [] dictated by function" or that alternative product

28   designs are not available and deny the remaining allegations of paragraph 43.

44.     The Samsung Defendants aver that the appearances of the iPad products speak for themselves and deny the allegations of paragraph 44 to the extent they do not accurately describe the appearances of those products.    The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 44 of the Complaint and therefore deny them.

45.     The Samsung Defendants deny the implication that the legal test for functionality requires that the "overall product design is [] required to achieve a[] particular function" or that competitors not have "alternatives available" and deny the remaining allegations of paragraph 45.

46.     The Samsung Defendants aver that the packagings of the iPad products speak for themselves and deny the allegations of paragraph 46 to the extent they do not accurately describe those packagings.    The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 46 of the Complaint and therefore deny them.

47.     The Samsung Defendants deny the implication that the legal test for functionality requires that competitors not have "alternative packaging options available" and deny the remaining allegations of paragraph 47.

**Alleged Trade Dress Registrations**

48.     The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 48 of the Complaint and therefore deny them.

49.     The Samsung Defendants deny that what Apple purports to be a true and correct copy of U.S. Registration No. 3,470,983 is attached to the Complaint as Exhibit 16.    The Samsung Defendants aver that U.S. Registration No. 3,470,983 speaks for itself and deny the allegations of paragraph 49 to the extent they do not accurately describe that registration.

50.     The Samsung Defendants admit that what Apple purports to be a true and correct copy of U.S. Registration No. 3,457,218 is attached to the Complaint as Exhibit 17.    The Samsung Defendants aver that U.S. Registration No. 3,457,218 speaks for itself and deny the allegations of paragraph 50 to the extent they do not accurately describe that registration.

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

51.     The Samsung Defendants admit that what Apple purports to be a true and correct copy of U.S. Registration No. 3,475,327 is attached to the Complaint as Exhibit 18.   The Samsung Defendants aver that U.S. Registration No. 3,475,327 speaks for itself and deny the allegations of paragraph 51 to the extent they do not accurately describe that registration.

**Alleged Trade Dress Applications**

52.     The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52 of the Complaint and therefore deny them.

53.     The Samsung Defendants admit that what Apple purports to be a true and correct copy of U.S. Trademark/Service Mark Application Serial No. 77/921,838 is attached to the Complaint as Exhibit 19.   The Samsung Defendants aver that U.S. Trademark/Service Mark Application Serial No. 77/921,838 speaks for itself and deny the allegations of paragraph 53 to the extent they do not accurately describe that application.

54.     The Samsung Defendants admit that what Apple purports to be a true and correct copy of U.S. Trademark/Service Mark Application Serial No. 77/921,829 is attached to the Complaint as Exhibit 20.   The Samsung Defendants aver that U.S. Trademark/Service Mark Application Serial No. 77/921,829 speaks for itself and deny the allegations of paragraph 54 to the extent they do not accurately describe that application.

55.     The Samsung Defendants admit that what Apple purports to be a true and correct copy of U.S. Trademark/Service Mark Application Serial No. 77/921,869 is attached to the Complaint as Exhibit 21.   The Samsung Defendants aver that U.S. Trademark/Service Mark Application Serial No. 77/921,869 speaks for itself and deny the allegations of paragraph 55 to the extent they do not accurately describe that application.

56.     The Samsung Defendants admit that what Apple purports to be a true and correct copy of U.S. Trademark/Service Mark Application Serial No. 85/299,118 is attached to the Complaint as Exhibit 21.   The Samsung Defendants aver that U.S. Trademark/Service Mark Application Serial No. 85/299,118 speaks for itself and deny the allegations of paragraph 56 to the extent they do not accurately describe that registration.

**Alleged Trade Dress at Issue**

57.     The Samsung Defendants admit that the Complaint purports to refer to the elements listed in paragraph 57 as the "Apple iPhone Trade Dress."    The Samsung Defendants deny that the elements listed in paragraph 57 of the Complaint constitute protectable trade dress.    The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 57 of the Complaint and therefore deny them.

58.     The Samsung Defendants admit that the Complaint purports to refer to the elements listed in paragraph 57 as the "Apple iPhone Trade Dress."    The Samsung Defendants deny that the elements listed in paragraph 57 of the Complaint constitute protectable trade dress.    The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 58 of the Complaint and therefore deny them.

59.     The Samsung Defendants admit that the Complaint purports to refer to the elements listed in paragraph 59 as the "Apple iPhone 3G Trade Dress."    The Samsung Defendants deny that the elements listed in paragraph 59 of the Complaint constitute protectable trade dress.    The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 59 of the Complaint and therefore deny them.

60.     The Samsung Defendants admit that the Complaint purports to refer to the elements listed in paragraph 59 as the "Apple iPhone 3G Trade Dress."    The Samsung Defendants deny that the elements listed in paragraph 59 of the Complaint constitute protectable trade dress.    The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 60 of the Complaint and therefore deny them.

61.     The Samsung Defendants admit that the Complaint purports to refer to the elements listed in paragraph 61 as the "Apple iPhone 4 Trade Dress."    The Samsung Defendants deny that the elements listed in paragraph 61 of the Complaint constitute protectable trade dress.    The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 61 of the Complaint and therefore deny them.

62.     The Samsung Defendants admit that the Complaint purports to refer to the elements listed in paragraph 61 as the "Apple iPhone 4 Trade Dress."    The Samsung Defendants deny that

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

1  the elements listed in paragraph 61 of the Complaint constitute protectable trade dress.   The

2  Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or

3  falsity of the remaining allegations in paragraph 62 of the Complaint and therefore deny them.

4          63.    The Samsung Defendants deny the Complaint purports to refer to the elements

5  listed in paragraph 63 as the "Apple iPhone Trade Dress."   The Samsung Defendants deny that

6  the elements listed in paragraph 63 of the Complaint constitute protectable trade dress.   The

7  Samsung Defendants also aver that the elements listed as the "Apple iPhone Trade Dress" in

8  paragraph 63 of the Complaint are not identical to the elements listed as the "Apple iPhone Trade

9  Dress" in paragraph 57 of the Complaint, such that the Complaint sets forth two different

10 definitions of "Apple iPhone Trade Dress."   The Samsung Defendants deny knowledge or

11 information sufficient to form a belief as to the truth or falsity of the remaining allegations in

12 paragraph 63 of the Complaint and therefore deny them.

13         64.    The Samsung Defendants admit that the Complaint purports to refer to the elements

14 listed in paragraph 63 as the "Apple iPhone Trade Dress."   The Samsung Defendants deny that

15 the elements listed in paragraph 63 of the Complaint constitute protectable trade dress.   The

16 Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or

17 falsity of the allegations in paragraph 64 of the Complaint and therefore deny them.

18         65.    The Samsung Defendants admit that the Complaint purports to refer to the elements

19 listed in paragraph 65 as the "Apple iPad Trade Dress."   The Samsung Defendants deny that the

20 elements listed in paragraph 65 of the Complaint constitute protectable trade dress.   The

21 Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or

22 falsity of the remaining allegations in paragraph 65 of the Complaint and therefore deny them.

23         66.    The Samsung Defendants admit that the Complaint purports to refer to the elements

24 listed in paragraph 65 as the "Apple iPad Trade Dress."   The Samsung Defendants deny that the

25 elements listed in paragraph 65 of the Complaint constitute protectable trade dress.   The

26 Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or

27 falsity of the allegations in paragraph 66 of the Complaint and therefore deny them.

28

67.     The Samsung Defendants admit that the Complaint purports to refer to the elements listed in paragraph 67 as the "Apple iPad 2 Trade Dress."    The Samsung Defendants deny that the elements listed in paragraph 67 of the Complaint constitute protectable trade dress.    The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 67 of the Complaint and therefore deny them.

68.     The Samsung Defendants admit that the Complaint purports to refer to the elements listed in paragraph 67 as the "Apple iPad 2 Trade Dress."    The Samsung Defendants deny that the elements listed in paragraph 67 of the Complaint constitute protectable trade dress.    The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 68 of the Complaint and therefore deny them.

**Apple's Alleged Trademarks**

69.     The Samsung Defendants deny that the alleged trademarks Apple asserts in various icons are protectable as trademarks and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 69 of the Complaint and therefore deny them.

70.     The Samsung Defendants admit that what Apple purports to be a true and correct copy of U.S. Registration No. 3,886,196 is attached to the Complaint as Exhibit 23.    The Samsung Defendants aver that U.S. Registration No. 3,886,196 speaks for itself and deny the allegations of paragraph 70 to the extent they do not accurately describe that registration.

71.     The Samsung Defendants admit that what Apple purports to be a true and correct copy of U.S. Registration No. 3,889,642 is attached to the Complaint as Exhibit 24.    The Samsung Defendants aver that U.S. Registration No. 3,889,642 speaks for itself and deny the allegations of paragraph 71 to the extent they do not accurately describe that registration.

72.     The Samsung Defendants admit that what Apple purports to be a true and correct copy of U.S. Registration No. 3,886,200 is attached to the Complaint as Exhibit 25.    The Samsung Defendants aver that U.S. Registration No. 3,886,200 speaks for itself and deny the allegations of paragraph 72 to the extent they do not accurately describe that registration.

73.     The Samsung Defendants admit that what Apple purports to be a true and correct copy of U.S. Registration No. 3,889,685 is attached to the Complaint as Exhibit 26.   The Samsung Defendants aver that U.S. Registration No. 3,889,685 speaks for itself and deny the allegations of paragraph 73 to the extent they do not accurately describe that registration.

74.     The Samsung Defendants admit that what Apple purports to be a true and correct copy of U.S. Registration No. 3,886,169 is attached to the Complaint as Exhibit 27.   The Samsung Defendants aver that U.S. Registration No. 3,886,169 speaks for itself and deny the allegations of paragraph 74 to the extent they do not accurately describe that registration.

75.     The Samsung Defendants admit that what Apple purports to be a true and correct copy of U.S. Registration No. 3,886,197 is attached to the Complaint as Exhibit 28.   The Samsung Defendants aver that U.S. Registration No. 3,886,197 speaks for itself and deny the allegations of paragraph 75 to the extent they do not accurately describe that registration.

76.     The Samsung Defendants admit that the Complaint purports to refer collectively to the icons displayed in paragraphs 70-75 of the Complaint as Apple's "Registered Icon Trademarks."   The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 76 of the Complaint and therefore deny them.

77.     The Samsung Defendants admit that what Apple purports to be a true and correct copy of U.S. Application Serial No. 85/041,463 is attached to the Complaint as Exhibit 29.   The Samsung Defendants admit that the Complaint purports to refer to the subject matter covered by U.S. Application Serial No. 85/041,463 as the "Purple iTunes Store Trademark."   The Samsung Defendants aver that U.S. Application Serial No. 85/041,463 speaks for itself and deny the allegations of paragraph 77 to the extent they do not accurately describe the subject matter covered by that application.   The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 77 of the Complaint and therefore deny them.

78.     The Samsung Defendants admit that what Apple purports to be a true and correct copy of U.S. Registration No. 2,935,038 is attached to the Complaint as Exhibit 30, which reflects

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

1   a registration date of March 22, 2005.   The Samsung Defendants admit that the Complaint

2   purports to refer to the subject matter covered by U.S. Registration No. 2,935,038 as the "iTunes

3   Eighth Note and CD Design Trademark."   The Samsung Defendants aver that U.S. Registration

4   No. 2,935,038 speaks for itself and deny the allegations of paragraph 78 to the extent they do not

5   accurately describe the subject matter covered by that registration.   The Samsung Defendants

6   deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

7   allegations in paragraph 78 of the Complaint and therefore deny them.

8                                   ***Samsung's Accused Products***

9         79.     Denied.

10        80.     The Samsung Defendants deny that they copied the alleged trade dress described in

11  the Complaint.   The Samsung Defendants further deny that what the Complaint purports to

12  define as the Apple iPhone Trade Dress is "distinctive."   The Samsung Defendants admit that

13  SEC announced the Samsung F700 in February 2007 and that that product was released in Europe

14  in November of 2007.   The Samsung Defendants deny knowledge or information sufficient to

15  form a belief as to the truth or falsity of the remaining allegations in paragraph 80 of the

16  Complaint and therefore deny them.

17        81.     The Samsung Defendants deny that what the Complaint purports to define as the

18  "Apple iPhone 3G Trade Dress" is distinctive.   The Samsung Defendants deny that they copied

19  what the Complaint purports to define as the "Apple iPhone 3G Trade Dress."   The Samsung

20  Defendants admit that the Galaxy i9000 was announced in Seoul, Korea in March of 2010.

21  The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth

22  or falsity of the remaining allegations in paragraph 81 of the Complaint and therefore deny them.

23        82.     The Samsung Defendants deny that what the Complaint purports to define as the

24  "Apple iPad Trade Dress" is distinctive.   The Samsung Defendants deny that they copied what

25  the Complaint purports to define as the "Apple iPad Trade Dress."   The Samsung Defendants

26  aver that the Samsung Galaxy Tab speaks for itself, and deny the allegations of paragraph 82 to

27  the extent they do not accurately describe that product.   The Samsung Defendants deny

28

1  knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

2  allegations in paragraph 82 of the Complaint and therefore deny them.

3      83.    The Samsung Defendants deny that what the Complaint purports to define as the

4  "Apple iPhone 4 Trade Dress" is distinctive.   The Samsung Defendants deny that the Samsung

5  Galaxy S 2 phone copies what the Complaint purports to define as the "Apple iPhone/iPhone

6  3G/iPhone 4 Trade Dress."   The Samsung Defendants deny knowledge or information sufficient

7  to form a belief as to the truth or falsity of the remaining allegations in paragraph 83 of the

8  Complaint and therefore deny them.

9      84.    The Samsung Defendants admit that the Best Buy in Union Square in New York

10  City began selling 16 GB versions of the Galaxy Tab 10.1 on June 8, 2011.   The Samsung

11  Defendants deny that what the Complaint purports to define as the "Apple iPad 2 Trade Dress" is

12  distinctive.   The Samsung Defendants admit that a report published on the Internet purportedly

13  quoted Lee Don-Joo as saying the statement appearing in quotation marks in paragraph 84 of the

14  Complaint, but deny that the statement included the words in brackets.   The Samsung Defendants

15  further aver that the Galaxy Tab 10.1 products speak for themselves, and deny the allegations of

16  paragraph 84 to the extent they do not accurately describe them.   The Samsung Defendants deny

17  that any Galaxy Tab 10.1 was overhauled to copy the iPad 2, or copied any alleged trade dress

18  belonging to Apple.   The Samsung Defendants deny that the Galaxy Tab 10.1 appears "just like

19  an iPad" when it sits on a table.   The Samsung Defendants are without knowledge or information

20  sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 84 of

21  the Complaint and therefore deny them.

22      85.    Denied.

23      86.    The Samsung Defendants admit that attached to the Complaint as Exhibit 31 is a

24  document Apple purports to be a true and correct copy of a July 15, 2010 article appearing on

25  www.wired.com by Priya Ganapati and that this document contains the quoted language.   The

26  Samsung Defendants admit that attached to the Complaint as Exhibit 32 is a document that Apple

27  purports to be a true and correct copy of a August 16, 2010 article appearing on www.wired.com

28

1   by Terrence Russell, and that the document contains the quoted language.    Except as expressly

2   admitted, the Samsung Defendants deny the allegations of Paragraph 86 of the Complaint.

3         87.    The Samsung Defendants admit that attached to the Complaint as Exhibit 33 is a

4   document Apple purports to be a true and correct copy of a February 13, 2011 Business Insider

5   article by Dan Frommer and that this document contains the quoted language.    The Samsung

6   Defendants admit that attached to the Complaint as Exhibit 34 is a document Apple purports to be

7   a true and correct copy of a May 10, 2011 article appearing on www.reviews.cnet.com by Eric

8   Franklin and that this document contains the quoted language.    Except as expressly admitted, the

9   Samsung Defendants deny the allegations of Paragraph 87 of the Complaint.

10         88.    The Samsung Defendants admit that attached to the Complaint as Exhibit 35 is a

11   document Apple purports to be a true and correct copy of a March 22, 2011

12   www.fastcompany.com article by Kit Eaton and that this document contains the quoted language,

13   except that the Samsung Defendants deny that the document contains the word in brackets.

14   Except as expressly admitted, the Samsung Defendants deny the allegations of Paragraph 88 of the

15   Complaint.

16         89.    The Samsung Defendants admit that some of SEC and STA's past smartphones

17   have not used the identical icon configuration used in some of its present smartphones.    The

18   Samsung Defendants deny that Apple's Complaint describes any protectable trade dress.    Except

19   as expressly admitted, the Samsung Defendants deny the allegations of Paragraph 89 of the

20   Complaint.

21         90.    The Samsung Defendants aver that their products and their packagings speak for

22   themselves, and deny the allegations of Paragraph 90 of the Complaint to the extent they do not

23   accurately describe those products or their packagings.    The Samsung Defendants deny the

24   remaining allegations of Paragraph 90 of the Complaint.

25         91.    Denied.

26         92.    The Samsung Defendants deny that any of the products listed in paragraph 92 of

27   the Complaint infringe any of the alleged patent, trade dress, and/or trademark rights Apple

28   purports to assert in its Complaint.    SEA denies that it has sold in the United States any of the

-16-      Case No. 11-cv-01846-LHK
**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

1   mobile phones listed in paragraph 92 of the complaint, or will sell any future mobile phone listed

2   in paragraph 92 of the Complaint.    The Samsung Defendants further deny that they have ever

3   sold the Galaxy S i9000 or Galaxy Ace in the United States.

4          93.    The Samsung Defendants deny that they have infringed any of the Apple utility

5   patents identified in the Complaint.    The Samsung Defendants aver that they do not infringe any

6   of the Apple utility patents identified in the Complaint, and therefore deny the implication that

7   they needed to obtain permission from Apple.

8          94.    Denied.

9          95.    The Samsung Defendants admit that SEC announced the launch of the Galaxy S

10  i9000 in South Korea in March of 2010.    The Samsung Defendants deny the implication that they,

11  or any U.S. carrier, ever offered the Galaxy S i9000 for sale in the United States.    The Samsung

12  Defendants are without knowledge or information sufficient to form a belief as to the truth or

13  falsity of the remaining allegations in paragraph 95 of the Complaint and therefore deny them.

14         96.    The Samsung Defendants deny that the Samsung Galaxy S 2 phone copies what the

15  Complaint purports to define as the "Apple iPhone/iPhone 3G/iPhone 4 Trade Dress."    The

16  Samsung Defendants deny that any Samsung Galaxy phone embodies any protectable Apple trade

17  dress.    The Samsung Defendants aver that the Samsung Galaxy phones speak for themselves and

18  deny the allegations of paragraph 96 to the extent they do not accurately describe these products.

19         97.    The Samsung Defendants aver that Samsung's Galaxy phones speak for themselves

20  and deny the allegations of paragraph 97 to the extent they do not accurately describe these

21  products.    The Samsung Defendants deny that any Samsung Galaxy phone embodies any

22  protectable Apple trade dress.

23         98.    The Samsung Defendants deny that any Galaxy S2 smartphone will embody any

24  protectable Apple iPhone 4 trade dress.    The Samsung Defendants aver that Samsung's Galaxy

25  S2 smartphones will speak for themselves when they are released and deny the allegations of

26  paragraph 97 purporting to describe these future products as mere conjecture.

27         99.    Denied.

28

100.    The Samsung Defendants aver that the Samsung Galaxy Tab speaks for itself and deny the allegations of paragraph 100 to the extent they do not accurately describe this product.

101.    Denied.

102.    The Samsung Defendants deny that the Samsung Galaxy Tab 10.1 tablet computer incorporates any protectable Apple iPad or Apple iPad 2 trade dress.    The Samsung Defendants aver that Samsung's Galaxy Tab 10.1 speaks for itself and deny the allegations of paragraph 102 to the extent they do not accurately describe it.

103.    The Samsung Defendants admit that the released version of the Galaxy Tab 10.1 does not include the TouchWiz graphical user interface.    The Samsung Defendants deny that any future versions of the Samsung Galaxy Tab 10.1 tablet computer will incorporate any protectable Apple iPad or Apple iPad 2 trade dress.

104.    Denied.

105.    Denied.

106.    The Samsung Defendants admit that their products may be used in public.    The Samsung Defendants deny the remaining allegations of paragraph 106.

107.    The Samsung Defendants deny that they have copied any of Apple's purported intellectual property rights, that they has reaped benefits from Apple's investment, that any such alleged copying threatens to dilute the strength of any alleged Apple trade dress and icon trademarks as source identifiers, or that any such alleged copying threatens to diminish any goodwill that Apple alleges to have cultivated with its products.    The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 107 of the Complaint and therefore deny them.

108.    Denied.

109.    The Samsung Defendants deny that they have copied Apple's alleged "innovations and intellectual property."    The Samsung Defendants admit that they have not ceased competing with Apple notwithstanding Apple's efforts to avoid such competition.    The Samsung Defendants further admit that Apple purports that litigation is "its only choice" to respond to the Samsung Defendants' products.    The Samsung Defendants deny knowledge or information sufficient to

1   form a belief as to the truth or falsity of the remaining allegations in paragraph 109 of the

2   Complaint and therefore deny them.

3   **FIRST CLAIM FOR RELIEF**

4   **(Federal False Designation of Origin & Unfair Competition)**

5   **(15 U.S.C. § 1125(a))**

6        110.    The Samsung Defendants repeat and incorporate the admissions and denials of

7   paragraphs 1 through 109 above as if fully set forth herein.

8        111.    Denied.

9        112.    Denied.

10       113.    Denied.

11       114.    Denied.

12       115.    Denied.

13       116.    Denied.

14       117.    Denied.

15       118.    The Samsung Defendants admit that they knew of some versions of the iPhone and

16  iPad when the Galaxy phone and tablet computer products were designed.   The Samsung

17  Defendants admit that they have not ceased competing with Apple notwithstanding Apple's efforts

18  to avoid such competition.   The Samsung Defendants deny that any of the trade dress alleged in

19  paragraph 118 of the Complaint is protectable.   The Samsung Defendants deny the remaining

20  allegations of paragraph 118 of the Complaint.

21       119.    Denied.

22       120.    Denied.

23       121.    Denied.

24       122.    Denied.

25

26

27

28

**SECOND CLAIM FOR RELIEF**

**(Federal Trade Dress Infringement)**

**(15 U.S.C. § 1114)**

123.     The Samsung Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 122 above as if fully set forth herein.

124.     The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 124 of the Complaint and therefore deny them.

125.     The Samsung Defendants aver that U.S. Registration No. 3,470,983 speaks for itself and deny the allegations of paragraph 125 of the Complaint to the extent they do not accurately describe that registration.

126.     The Samsung Defendants aver that U.S. Registration No. 3,475,218 speaks for itself, and deny the allegations of paragraph 126 of the Complaint to the extent they do not accurately describe that registration.

127.     The Samsung Defendants aver that U.S. Registration No. 3,475,327 speaks for itself, and deny the allegations of paragraph 127 of the Complaint to the extent they do not accurately describe that registration.

128.     Denied.

129.     Denied.

130.     Denied.

131.     The Samsung Defendants admit that they have not ceased competing with Apple notwithstanding Apple's efforts to avoid such competition.    The Samsung Defendants deny that they have ever used what the Complaint purports to describe as the "Apple Registered Trade Dress."    The Samsung Defendants deny the remaining allegations of paragraph 131 as moot.

132.     Denied.

133.     Denied.

134.     Denied.

135.     Denied.

136.   Denied.

137.   Denied.

**THIRD CLAIM FOR RELIEF**

**(Federal Trademark Infringement)**

**(15 U.S.C. § 1114)**

138.   The Samsung Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 137 above as if fully set forth herein.

139.   The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 139 of the Complaint and therefore deny them.

140.   Denied.

141.   Denied.

142.   Denied.

143.   Denied.

144.   Denied.

145.   Denied.

146.   Denied.

147.   Denied.

148.   Denied.

149.   Denied

**FOURTH CLAIM FOR RELIEF**

**(Federal Trade Dress Dilution)**

**(15 U.S.C. § 1125(c))**

150.   The Samsung Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 149 above as if fully set forth herein.

151.   Denied.

152.   Denied.

153.   Denied.

1    154.    Denied.

2    155.    Denied.

3    156.    The Samsung Defendants admit that they knew of some versions of the iPhone and

4 iPad when the Galaxy phone and tablet computer products were designed.    The Samsung

5 Defendants admit that they have not ceased competing with Apple notwithstanding Apple's efforts

6 to avoid such competition.    The Samsung Defendants deny that any of the trade dress alleged in

7 paragraph 156 of the Complaint is protectable.    The Samsung Defendants deny the remaining

8 allegations of paragraph 156 of the Complaint.

9    157.    Denied.

10    158.    Denied.

11    159.    Denied.

12    160.    Denied.

13                          **FIFTH CLAIM FOR RELIEF**

14                    **(Common Law Trademark Infringement)**

15    161.    The Samsung Defendants repeat and incorporate the admissions and denials of

16 paragraphs 1 through 160 above as if fully set forth herein.

17    162.    Denied.

18    163.    Denied.

19    164.    Denied.

20    165.    Denied.

21    166.    The Samsung Defendants deny that they have used what the Complaint purports to

22 describe as "Apple's Registered Icon Trademarks" and the "Purple iTunes Store Trademark."

23 The Samsung Defendants deny the remaining allegations of paragraph 166 of the Complaint as

24 moot.

25    167.    Denied.

26    168.    Denied.

27    169.    Denied.

28    170.    Denied.

1    171.    Denied.

2                        **SIXTH CLAIM FOR RELIEF**

3    **(Unfair Business Practices – California Business and Professions Code § 17200, *et seq*.)**

4        172.    The Samsung Defendants repeat and incorporate the admissions and denials of

5    paragraphs 1 through 171 above as if fully set forth herein.

6        173.    Denied.

7        174.    Denied.

8        175.    Denied.

9        176.    Denied.

10       177.    Denied.

11       178.    Denied.

12       179.    Denied.

13       180.    Denied.

14       181.    Denied.

15       182.    Denied.

16                        **SEVENTH CLAIM FOR RELIEF**

17                            **(Unjust Enrichment)**

18       183.    The Samsung Defendants repeat and incorporate the admissions and denials of

19   paragraphs 1 through 182 above as if fully set forth herein.

20       184.    The Samsung Defendants admit that Apple's Complaint purports to seek a

21   worldwide accounting and disgorgement.    The Samsung Defendants deny the remaining

22   allegations of paragraph 184 of the Complaint.

23                        **EIGHTH CLAIM FOR RELIEF**

24                        **(Infringement of the '002 Patent)**

25       185.    The Samsung Defendants repeat and incorporate the admissions and denials of

26   paragraphs 1 through 184 above as if fully set forth herein.

27       186.    Denied.

28       187.    Denied.

1        188.    Denied.

2        189.    Denied.

3        190.    Denied.

4                      **NINTH CLAIM FOR RELIEF**

5                   **(Infringement of the '381 Patent)**

6        191.    The Samsung Defendants repeat and incorporate the admissions and denials of

7    paragraphs 1 through 190 above as if fully set forth herein.

8        192.    Denied.

9        193.    Denied.

10       194.    Denied.

11       195.    Denied.

12       196.    Denied.

13                     **TENTH CLAIM FOR RELIEF**

14                  **(Infringement of the '607 Patent)**

15       197.    The Samsung Defendants repeat and incorporate the admissions and denials of

16   paragraphs 1 through 196 above as if fully set forth herein.

17       198.    Denied.

18       199.    Denied.

19       200.    Denied.

20       201.    Denied.

21       202.    Denied.

22                    **ELEVENTH CLAIM FOR RELIEF**

23                  **(Infringement of the '828 Patent)**

24       203.    The Samsung Defendants repeat and incorporate the admissions and denials of

25   paragraphs 1 through 202 above as if fully set forth herein.

26       204.    Denied.

27       205.    Denied.

28       206.    Denied.

1     207.    Denied.

2     208.    Denied.

3                    **TWELFTH CLAIM FOR RELIEF**

4                    **(Infringement of the '915 Patent)**

5     209.    The Samsung Defendants repeat and incorporate the admissions and denials of

6  paragraphs 1 through 208 above as if fully set forth herein.

7     210.    Denied.

8     211.    Denied.

9     212.    Denied.

10    213.    Denied.

11    214.    Denied.

12                   **THIRTEENTH CLAIM FOR RELIEF**

13                   **(Infringement of the '891 Patent)**

14    215.    The Samsung Defendants repeat and incorporate the admissions and denials of

15  paragraphs 1 through 214 above as if fully set forth herein.

16    216.    Denied.

17    217.    Denied.

18    218.    Denied.

19    219.    Denied.

20    220.    Denied.

21                   **FOURTEENTH CLAIM FOR RELIEF**

22                   **(Infringement of the '163 Patent)**

23    221.    The Samsung Defendants repeat and incorporate the admissions and denials of

24  paragraphs 1 through 220 above as if fully set forth herein.

25    222.    Denied.

26    223.    Denied.

27    224.    Denied.

28    225.    Denied.

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

1      226.   Denied.

2                      **FIFTEENTH CLAIM FOR RELIEF**

3                      **(Infringement of the '129 Patent)**

4      227.   The Samsung Defendants repeat and incorporate the admissions and denials of

5  paragraphs 1 through 226 above as if fully set forth herein.

6      228.   Denied.

7      229.   Denied.

8      230.   Denied.

9      231.   Denied.

10     232.   Denied.

11                     **SIXTEENTH CLAIM FOR RELIEF**

12                     **(Infringement of the 'D790 Patent)**

13     233.   The Samsung Defendants repeat and incorporate the admissions and denials of

14  paragraphs 1 through 232 above as if fully set forth herein.

15     234.   Denied.

16     235.   Denied.

17     236.   Denied.

18     237.   Denied.

19     238.   Denied.

20                     **SEVENTEENTH CLAIM FOR RELIEF**

21                     **(Infringement of the 'D334 Patent)**

22     239.   The Samsung Defendants repeat and incorporate the admissions and denials of

23  paragraphs 1 through 238 above as if fully set forth herein.

24     240.   Denied.

25     241.   Denied.

26     242.   Denied.

27     243.   Denied.

28     244.   Denied.

**EIGHTEENTH CLAIM FOR RELIEF**

**(Infringement of the 'D305 Patent)**

245.    The Samsung Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 244 above as if fully set forth herein.

246.    Denied.

247.    Denied.

248.    Denied.

249.    Denied.

250.    Denied.

**NINETEENTH CLAIM FOR RELIEF**

**(Infringement of the 'D677 Patent)**

251.    The Samsung Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 250 above as if fully set forth herein.

252.    Denied.

253.    Denied.

254.    Denied.

255.    Denied.

256.    Denied.

**TWENTIETH CLAIM FOR RELIEF**

**(Infringement of the 'D889 Patent)**

257.    The Samsung Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 256 above as if fully set forth herein.

258.    Denied.

259.    Denied.

260.    Denied.

261.    Denied.

262.    Denied.

1

**TWENTY-FIRST CLAIM FOR RELIEF**

2

**(Infringement of the 'D087 Patent)**

3        263.    The Samsung Defendants repeat and incorporate the admissions and denials of

4    paragraphs 1 through 262 above as if fully set forth herein.

5        264.    Denied.

6        265.    Denied.

7        266.    Denied.

8        267.    Denied.

9        268.    Denied.

10

**TWENTY-SECOND CLAIM FOR RELIEF**

11

**(Infringement of the 'D270 Patent)**

12        269.    The Samsung Defendants repeat and incorporate the admissions and denials of

13    paragraphs 1 through 268 above as if fully set forth herein.

14        270.    Denied.

15        271.    Denied.

16        272.    Denied.

17        273.    Denied.

18        274.    Denied.

19

20        The Samsung Defendants deny that Apple is entitled to the judgment sought, set forth in

21    paragraphs 1-14 on pages 60-61 of its Complaint.

22

23

**II. <u>AFFIRMATIVE DEFENSES</u>**

24        275.    By alleging the Affirmative Defenses set forth below, the Samsung Defendants do

25    not agree or concede that they bear the burden of proof or the burden of persuasion on any of these

26    issues, whether in whole or in part.    For their Affirmative Defenses to the Complaint, the

27    Samsung Defendants allege as follows:

28

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

1

**FIRST AFFIRMATIVE DEFENSE**

2

**(Failure to State a Claim)**

3          276.    Apple's Complaint, on one or more claims for relief set forth therein, fails to state a

4    claim upon which relief can be granted.

5

**SECOND AFFIRMATIVE DEFENSE**

6

**(Patent Non-Infringement)**

7          277.    The Samsung Defendants have not infringed, and currently do not infringe, the

8    '002, '381, '607, '828, '915, '891, '163 or '129 (the "Apple Utility Patents") or the 'D790, 'D334,

9    'D305, or 'D677, 'D889, 'D087 or 'D270 Patents (the "Apple Design Patents") (the Apple Utility

10   Patents and the Apple Design Patents are, collectively, the "Apple Patents in Suit") directly,

11   indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other

12   manner.

13

**THIRD AFFIRMATIVE DEFENSE**

14

**(Patent Invalidity)**

15         278.    The claims of the Apple Patents in Suit are invalid for failure to satisfy one or more

16   of the conditions for patentability specified in Title 35 of the United States Code, including

17   without limitation §§ 101, 102, 103, 112, and/or 171.

18

**FOURTH AFFIRMATIVE DEFENSE**

19

**(No Valid Trademark or Trade Dress)**

20         279.    Apple has no valid, protectable marks or trade dress in which it enjoys any rights

21   that may be asserted against the Samsung Defendants.

22

**FIFTH AFFIRMATIVE DEFENSE**

23

**(Functionality)**

24         280.    The claims made in the Complaint and the relief sought therein are barred, in whole

25   or in part, on the basis that the alleged marks at issue, the alleged trade dress at issue, the Apple

26   Design Patents, and the use of said marks, said trade dress and said Apple Design Patents are

27   functional.

28

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

**SIXTH AFFIRMATIVE DEFENSE**

**(Lack of Secondary Meaning and/or Distinctiveness)**

281.    The claims made in the Complaint and the relief sought therein are barred, in whole or in part, on the basis that the marks and alleged trade dress at issue lack distinctiveness, including, without limitation, secondary meaning.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Generic Terms)**

282.    The claims made in the Complaint and the relief sought therein are barred, in whole or in part, on the basis that the marks and alleged trade dress at issue are generic.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Waiver, Acquiescence, and Estoppel)**

283.    Each of the purported claims set forth in Apple's Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

**NINTH AFFIRMATIVE DEFENSE**

**(Laches)**

284.    The Apple Patents in Suit and the marks and alleged trade dress at issue are unenforceable, in whole or in part, against the Samsung Defendants under the doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE**

**(Abandonment)**

285.    The claims made in the Complaint are barred, in whole or in part, by abandonment of the marks and alleged trade dress at issue.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

286.    The claims made in the Complaint are barred, in whole or in part, because of Apple's failure to mitigate damages, if such damages exist.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel)**

287.    The relief sought by Apple as to the claims of one or more of the Apple Patents in Suit is barred under the doctrine of prosecution history estoppel.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Prosecution Laches)**

288.    One or more of the Apple Patents in Suit are unenforceable, in whole or in part, against the Samsung Defendants under the doctrine of prosecution laches.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Acts of Plaintiff)**

289.    On information and belief, the damages, if any, that were allegedly sustained by Apple as a result of the acts complained of in the Complaint were caused in whole or in part or were contributed to by reason of the acts, omissions, negligence, and/or intentional misconduct of Apple, its agents, predecessors, and/or related entities.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Equitable Relief)**

290.    As a result of Apple's actions, Apple is not entitled to equitable relief, including but not limited to Apple's request for injunctive relief as it has an adequate remedy at law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Willful Infringement)**

291.    Apple's claims for enhanced damages and an award of fees and costs against the Samsung Defendants have no basis in fact or law and should be denied.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Third-Party Use)**

292.    The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any trademarks or trade dress at issue.

02198.51855/4230494.1

-31-                Case No. 11-cv-01846-LHK
SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Actions of Others)**

293.     The claims made in the Complaint are barred, in whole or in part, because the Samsung Defendants are not liable for the acts of others over whom it has no control.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Causation)**

294.     Apple's claims against the Samsung Defendants are barred because Apple's damages, if any, were not caused by the Samsung Defendants.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Damage)**

295.     Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against the Samsung Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Irreparable Harm)**

296.     Apple's claims for injunctive relief are barred because Apple cannot show that it will suffer any irreparable harm from the Samsung Defendants' actions.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

297.     The alleged injury or damage suffered by Apple, if any, would be adequately compensated by damages.    Accordingly, Apple has a complete and adequate remedy at law and is not entitled to seek equitable relief.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Duplicative Claims)**

298.     Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against the Samsung Defendants or others for any alleged single wrong.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

299.    The Samsung Defendants allege that no punitive or exemplary damages should be awarded arising out of the claims made in the Complaint under the law of the United States and California because: (i) an award of punitive or exemplary damages would be unconstitutional under the United States and California Constitutions; specifically, the First Amendment to the United States Constitution and Article I, Section 2 of the California Constitution; (ii) any recovery of punitive or exemplary damages arising out of the claims made in the Fourth Amended Complaint would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution; (iii) the imposition of any punitive or exemplary damages in this lawsuit would constitute an excessive fine or penalty under Article I, Section 17 of the California Constitution; (iv) any such award is precluded or limited pursuant to Section 3294 of the California Civil Code or the United States Constitution and the due process clause; and (v) punitive damages would violate the United States and California Constitutions and common law because such an award is based from procedures that are vague, open-ended, unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

**ADDITIONAL DEFENSES**

300.    The Samsung Defendants reserve the right to assert additional defenses based on information learned or obtained during discovery.

**III. COUNTERCLAIMS**

1.    SEC and STA (collectively, the "Samsung Patent Counterclaimants"), by and through their undersigned counsel, seek declarations and judgments that Apple infringes U.S. Patent No. 6,928,604 (the "'604 patent"), U.S. Patent No. 7,050,410 (the "'410 patent"), U.S. Patent No. 7,069,055 (the "'055 patent"), U.S. Patent No. 7,079,871 (the "'871 patent"), U.S. Patent No. 7,200,792 (the "'792 patent"), U.S. Patent No. 7,362,867 (the "'867 patent"), U.S.

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

1    Patent No. 7,386,001 (the "'001 patent"), U.S. Patent No. 7,447,516 (the "'516 patent"), U.S.

2    Patent No. 7,456,893 (the "'893 patent"), U.S. Patent No. 7,577,460 (the "'460 patent"), U.S.

3    Patent No. 7,675,941 (the "'941 patent"), and U.S. Patent No. 7,698,711 (the "'711 patent"),

4    (collectively the "Samsung's Patents In Suit").

5         2.    SEC, SEA and STA (collectively, the "Samsung Counterclaimants"), by and

6    through their undersigned counsel, also seek declarations that each of the Apple Patents In Suit is

7    invalid and has not been and is not infringed by them.    The Samsung Counterclaims also seek

8    declarations of invalidity and non-infringement with regard to U.S. Trademark Registration Nos.

9    3,470,983 (the "'983 Registration"), 3,457,218 (the "218 Registration"), 3,475,327 (the "'327

10   Registration"), 3,886,196 (the "'196 Registration"), 3,889,642 (the "'642 Registration"),

11   3,886,200 (the "'200 Registration"), 3,889,685 (the "'685 Registration"), 3,886,169 (the "'169

12   Registration"), 3,886,197 (the "'197 Registration"), and 2,935,038 (the "'038 Registration")

13   (collectively, the "Registrations in Suit"), U.S. Application Serial No. 85/041463 (the "'463

14   Application"), U.S. Application Serial No. 77/921,838 (the "'838 Application"), U.S. Application

15   Serial No. 77/921,829 (the "'829 Application"), U.S. Application Serial No. 77/921,869 (the "'869

16   Application"), U.S. Application Serial No. 85/299,118 (the "'118 Application") and certain

17   unregistered trade dress that Apple alleges is embodied in Apple's iPhone, iPhone 3G, iPhone

18   3GS, iPhone 4, iPod Touch, iPad and iPad 2 products.    The Samsung Counterclaimants also seek

19   cancellations of the invalid Registrations in Suit.    The Samsung Counterclaimants further seek

20   declarations of nonviolations of California Business and Professions Code §17200, of the common

21   law of trademarks and unfair competition, and of the law of unjust enrichment.

22                        **NATURE OF THE ACTION**

23        3.    This is an action for patent infringement.    Apple has infringed and continues to

24   infringe, contribute to the infringement of, and/or actively induce others to infringe Samsung's

25   Patents In Suit.

26        4.    This is also an action for a declaratory judgment of invalidity and non-infringement

27   of patents, trademarks, and trade dress Apple purports to own; cancellation of improperly granted

28   U.S. trademark and trade dress registrations; and non-violation of the Lanham Act, of California

1  Business and Professions Code §17200, and of the common law of trademarks and unjust

2  enrichment.

3                              **THE PARTIES**

4         5.      Counterclaimant SEC is a corporation organized under the laws of Korea, with its

5  principal place of business at 416 Maetan-3dong, Yeongtong-gu, Suwon-City, Gyeonggi-do,

6  Korea 443-742.

7         6.      Counterclaimant SEA is a New York corporation, with its principal place of

8  business at 85 Challenger Road, Ridgefield Park, NJ, 07660.

9         7.      Counterclaimant STA is a limited liability company organized under the laws of

10  Delaware, with its principal place of business at 1301 East Lookout Drive, Richardson, Texas

11  75082.

12         8.      Upon information and belief, Apple is a corporation organized under the laws of

13  the state of California and has its principal place of business at 1 Infinite Loop, Cupertino,

14  California 95014.    Upon information and belief, Apple imports into the United States, offers for

15  sale, sells and/or uses in the United States mobile electronic devices.

16                        **JURISDICTIONAL STATEMENT**

17         9.      The Samsung Patent Counterclaimants' patent infringement counterclaims arise

18  under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*   The Samsung

19  Counterclaimants' counterclaims for declaratory relief arise under the Declaratory Judgment Act,

20  28 U.S.C. § 2201, *et seq.*, the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, the Lanham

21  Act, 15 U.SC. § 1051, *et seq.*, California Business and Professions Code § 17200, the common

22  law of trademarks and unfair competition, and the law of unjust enrichment.

23         10.     The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28

24  U.S.C. §§ 1331, 1338(a) & (b), 1367, 2201(a) and 2202.

25         11.     This Court has personal jurisdiction over Apple for at least the following reasons:

26  (i) Apple maintains its principal place of business in this District; (ii) Apple has designated an

27  agent for service of process in the state of California; (iii) Apple regularly does business or solicits

28  business, engages in other persistent courses of conduct, and/or derives substantial revenue from

1    products and/or services provided to individuals in this District and in this state; and (iv) Apple

2    has initiated litigation in this judicial District in connection with this dispute.

3         12.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

4         13.     An immediate, real, and justiciable controversy exists between the Samsung

5    Counterclaimants and Apple as to whether the '828, '002, '381, '915, '891, '607, '163, '129,

6    'D790, 'D334, 'D305, 'D087, 'D677, 'D270, and 'D889 Patents are invalid and have not been

7    infringed.

8         14.     An immediate, real, and justiciable controversy also exists between the Samsung

9    Counterclaimants and Apple as to whether the Samsung Counterclaimants violate the Lanham Act

10   with regard to the '983, '218, '327, '196, '642, '200, '685, '169, '197, and '038 Registrations and

11   certain unregistered trade dress that Apple alleges is embodied in Apple's iPhone, iPhone 3G,

12   iPhone 3GS, iPhone 4, iPod Touch, iPad and iPad 2 products.

13        15.     An immediate, real, and justiciable controversy also exists between the Samsung

14   Counterclaimants and Apple as to whether the '983, '218, '327, '196, '642, '200, '685, '169, '197,

15   and '038 Registrations and the '463, '838, '829, '869, and '118 Applications are invalid and

16   whether said registrations should be cancelled.

17        16.     An immediate, real, and justiciable controversy also exists between the Samsung

18   Counterclaimants and Apple as to whether the Samsung Counterclaimants violate California

19   Business and Professions Code § 17200 with regard to the Apple Patents In Suit, the '983, '218,

20   '327, '196, '642, '200, '685, '169, '197, and '038 Registrations, and certain unregistered trade

21   dress that Apple alleges is embodied in Apple's iPhone, iPhone 3G, iPhone 3GS, iPhone 4, iPod

22   Touch, iPad and iPad 2 products.

23        17.     An immediate, real, and justiciable controversy also exists between the Samsung

24   Counterclaimants and Apple as to whether the Samsung Counterclaimants violate the common

25   law of trademarks with regard to the '196, '642, '200, '685, '169, '197, and '038 Registrations or

26   the '463 Application.

27        18.     An immediate, real, and justiciable controversy also exists between the Samsung

28   Counterclaimants and Apple as to whether the Samsung Counterclaimants violate the law of

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

1   unjust enrichment with regard to the Apple Patents In Suit, the '983, '218, '327, '196, '642, '200,

2   '685, '169, '197, and '038 Registrations, the '463, '838, '829, '869, and '118 Applications and

3   certain unregistered trade dress that Apple alleges is embodied in Apple's iPhone, iPhone 3G,

4   iPhone 3GS, iPhone 4, iPod Touch, iPad and iPad 2 products.

## FACTUAL BACKGROUND

6       19.    From its inception as a small business in Taegu, Korea, SEC and its subsidiary,

7   Samsung Telecommunications America, LLC (collectively, "Samsung"), has grown to become

8   one of the world's leading electronics companies, specializing in digital products and media,

9   semiconductors, memory, and system integration.   Today Samsung's innovative and top quality

10   consumer products are widely recognized and appreciated across the globe.

11       20.    Samsung has a long history of groundbreaking innovation across a wide range of

12   technologies.   Samsung's commitment to innovation is demonstrated in part by the billions of

13   dollars in research and development expenditures incurred over the years.   From 2005 through

14   2010 alone, Samsung invested more than $35 billion in research and development.   More than a

15   quarter of all Samsung employees – over 50,100 engineers overall, including about 8,700 in

16   telecommunications – daily engage in cutting-edge research and development projects.

17       21.    Samsung's commitment to innovation and investment in research and development

18   is demonstrated by the fact that Samsung has in its portfolio as of April 1, 2011, 28,700 United

19   States patents, including 5,933 in the telecommunications field.   Samsung is consistently ranked

20   ahead of other technology companies in terms of the number of issued patents obtained in the

21   United States, with 4,551 issued patents in 2010 alone.

22       22.    Samsung's research and development successes have propelled the company to its

23   status as the largest provider by volume of mobile devices in the United States and the second

24   largest in the world.   During the last half of 2010, Samsung sold more Android-based devices

25   worldwide than any other company.

26       23.    Samsung has been a pioneer in the mobile device business sector since the

27   inception of the mobile device industry.   In 1999, Samsung introduced its first multi-function

28   "smart phone" that provided both internet access (for sending e-mails and for electronic chatting)

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

1   and personal digital assistant ("PDA") features.   In 2000, Samsung introduced the Samsung

2   Uproar SPH-M100, the first cell phone with MP3-playback functionality.   In 2001 Samsung

3   introduced into the United States the first PDA phone with a 256-color screen, selected as one of

4   the Best Products of 2001 by BusinessWeek magazine.

5           24.     Also in 2001, Samsung broke the 1 cm technological barrier and stunned the

6   industry with an ultra-slim, lightweight flip phone that was only 9.8 mm thick.   This innovation

7   sparked the ultra-portable mobile phone revolution spurring dozens of competitors to slim down

8   the design form factors and develop their own portable mobile phone technology design.   In

9   2002, Samsung unleashed the world's first high-definition color LCD display suitable for mobile

10  devices.   Now users could browse the web and view images directly from their mobile devices in

11  true color.   In 2004, after selling over 20 million mobile handsets in the United States, Samsung

12  announced the first mobile phone that supported digital multimedia broadcast via satellite.   Users

13  could now watch streaming high-quality multimedia content wherever they traveled.

14          25.     Samsung announced the world's first five and seven megapixel camera phones in

15  late 2004 and early 2005, respectively.   Now, mid- to high-range digital camera functionality

16  could be integrated with mobile handsets, allowing users to snap life-like photos on-the-go.   In

17  2008, Samsung became the leading mobile handset vendor in the United States.

18          26.     Samsung has also continuously innovated in the area of mobile phone displays.   In

19  2008 and 2009, Samsung released the industry's first high resolution AMOLED display for a

20  mobile phone.   The new display featured a 180-degree viewing angle and reduced power

21  consumption when compared to traditional LCD displays.   Samsung's clearer and brighter Super

22  AMOLED displays continued to improve mobile phone displays with 30% better color

23  reproduction over the best quality LCD displays.

24          27.     Samsung's innovative features, including the integrated high resolution cameras

25  and displays, were the result of the exceptional creativity and ingenuity of thousands of Samsung

26  engineers across the globe engaged in cutting-edge research and development projects.

27          28.     Samsung's innovative contributions to the mobile device industry have been

28  recognized through numerous awards for excellence in mobile device design.   For example,

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

1    Samsung has received numerous "Red Dot Design Awards" in one of the largest international

2    design competitions.   Similarly, a number of Samsung mobile devices have been awarded the "iF

3    Design Award" from the iF Industrie Forum Design e.V., based in Germany, for features such as

4    the user interface.   The iF Designs Awards are among the most important in the world, as

5    evidenced by more than 11,000 annual entries from almost 50 countries.   Samsung has also

6    received a number of "Good Design Awards" from the Japan Industrial Design Promotion

7    Organization (JIDPO).   Overall, Samsung's mobile phones and devices have won close to 60

8    awards between 2007 and the beginning of 2011.

9        29.    Samsung has consistently introduced market-relevant and innovative products,

10   including over 1,500 mobile phone models incorporating Samsung patented technology into the

11   U.S. marketplace since 1997.   Over 281 million Samsung mobile devices have been sold since

12   1997.

13       30.    Without the ability to enforce its intellectual property rights, such as those

14   relating to mobile device technology at issue in this action, Samsung would not be able to sustain

15   the extensive commitment to research and development that has enabled it to lead the way into

16   numerous improvements across a broad range of technologies, including the mobile device

17   technologies at issue in this action.

18                    **SAMSUNG'S INTELLECTUAL PROPERTY RIGHTS**

19       31.    Samsung's patents relate to fundamental innovations that increase mobile device

20   reliability, efficiency, and quality, and improve user interface in mobile handsets and other

21   products.   These innovations are critical to the user's ability to communicate with family, friends,

22   and business associates reliably and effectively.

23       32.    In communications systems, standards that prescribe the formats for sending

24   information are essential to ensure that mobile devices made by different manufacturers are

25   capable of interacting within a network.   Because interoperability is key for communications, the

26   development of protocols that ultimately result in a technical standard is very important to

27   ensuring an efficient and functional system.   As modern wireless networks carry more data at

28   higher data rates and service more users than their predecessors, continued innovation is essential

to keep pace with the increased demands on cellular networks.   Samsung has been a leader in developing the ideas and protocols needed to increase the efficiency, reliability, and functionality of standards-based networks and the features available in these networks.

33.   In the United States, one of the key standards governing cellular communications, known as Wideband Code-Division Multiple-Access (W-CDMA), is published by 3GPP (Third Generation Partnership Project).   W-CDMA is one of the main technologies for the implementation of third-generation (3G) and more advanced cellular networks such as those of AT&T and T-Mobile.   W-CDMA is the most common form of air interface standard within the Universal Mobile Telecommunications System (UMTS) telecommunications technologies standard.   Samsung has made key inventions that are part of these standards.

34.   The Samsung W-CDMA and UMTS patents at issue in this action relate to reliability, capacity, efficiency, compatibility, and functioning of mobile devices in W-CDMA and UMTS networks.

35.   Samsung's technology relating to transmission of multiple streams, including voice and data, onto a single radio channel, allows users to talk on a mobile device and view and transmit information at the same time.

36.   Samsung's technology increases the reliability of mobile devices.   In particular, Samsung's technology increases the fidelity of transmission of data such as e-mail, text messages, and attachments sent by the user from the mobile device.

37.   Samsung's technology increases the throughput and capacity of mobile device networks.   The rapid increase in usage of the mobile device networks has led to unprecedented demand for increased capacity and throughput, particularly as data-demanding applications such as video have become widespread.   Samsung's technology enables a given network to pack in more users' data without increasing the size of the frequency band used, and can therefore accommodate a larger number of users.

38.   Samsung's technology reduces interference among mobile devices.   As more and more mobile devices are used in today's networks, the likelihood of interference among different devices increases, and therefore regulation of the amount of transmit power is important.

1  Samsung's technology provides techniques to regulate the amount of power transmitted by mobile

2  devices, reducing interference in cellular communications.

3      39.     The Samsung user interface patents at issue in this action relate to generating and

4  displaying time, viewing and transmitting images, playing music, and dividing of window displays

5  on mobile devices.

6      40.     As users travel across time zones, the ability of a mobile device to update to the

7  local time is important for tracking appointments and meetings.   Samsung's technology provides

8  a means for a mobile device to control and display world time.

9      41.     It is useful for users of mobile devices to be able to access other functions on the

10 device while composing a message, without losing the message or breaking the flow of user input.

11 Samsung's technology provides a window-dividing function that shows the message on one part

12 of the display while allowing the user to view other functionality on another part of the display.

13     42.     When the camera function of a mobile device is used, it is convenient for users to

14 be able to view the pictures on the device itself and share certain pictures with other users.

15 Samsung's technology enables the sending of images via e-mail transmission and provides users

16 convenient ways for viewing images on the mobile device.

17     43.     Mobile devices often include the ability to play music.   Samsung's technology

18 allows the use of multi-tasking in a mobile communication device where the playback of music

19 continues while the user performs another function on the device.

20     44.     Samsung has sold millions of mobile phones in the United States incorporating

21 the patented technology at issue here.   For example, in 2010, Samsung sold over 24 million

22 mobile phones incorporating Samsung's innovations that reduce data transmission errors,

23 including the Samsung Galaxy S 4G.   The Samsung Galaxy S 4G has been heralded by CNET as

24 a "fantastic Android smartphone" that delivers "fast data speeds," and PC Magazine named the

25 Samsung Galaxy S 4G one of the best AT&T and T-Mobile phones.

26     45.     Samsung's Captivate and Vibrant mobile phone models, which also incorporate

27 the patented technologies at issue here, were both named to PC Magazine's Top 10 Smartphones

28

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

1  list, with the Samsung Captivate being described as a "super-phone," and the Samsung Vibrant

2  being described as T-Mobile's "top smartphone."

3       46.      Apple has copied many of Samsung's innovations in its Apple iPhone, iPod, and

4  iPad products.    Apple continues to violate Samsung's patent rights by using these patented

5  technologies without a license.

6       47.      SEC is the owner of all rights, title, and interest in the '604 patent, entitled

7  "Turbo Encoding/Decoding Device and Method for Processing Frame Data According to QOS,"

8  which was duly and properly issued by the United States Patent and Trademark Office ("USPTO")

9  on August 9, 2005.    A copy of the '604 patent is attached as Ex. 1.

10      48.      SEC is the owner of all rights, title, and interest in the '410 patent, entitled

11 "Apparatus and Method for Controlling a Demultiplexer and a Multiplexer Used for Rate

12 Matching in a Mobile Communication System," which was duly and properly issued by the

13 USPTO on May 23, 2006.    A copy of the '410 patent is attached as Ex. 2.

14      49.      SEC is the owner of all rights, title, and interest in the '055 patent, entitled

15 "Mobile Telephone Capable of Displaying World Time and Method for Controlling the Same,"

16 which was duly and properly issued by the USPTO on June 27, 2006.    A copy of the '055 patent

17 is attached as Ex. 3.

18      50.      SEC is the owner of all rights, title, and interest in the '871 patent, entitled

19 "Portable Telephone and Method of Displaying Data Thereof," which was duly and properly

20 issued by the USPTO on July 18, 2006.    A copy of the '871 patent is attached as Ex. 4.

21      51.      SEC is the owner of all rights, title, and interest in the '792 patent, entitled

22 "Interleaving Apparatus and Method for Symbol Mapping in an HSDPA Mobile Communication

23 System," which was duly and properly issued by the USPTO on April 3, 2007.    A copy of the

24 '792 patent is attached as Ex. 5.

25      52.      SEC is the owner of all rights, title, and interest in the '867 patent, entitled

26 "Apparatus and Method for Generating Scrambling Code in UMTS Mobile Communication

27 System," which was duly and properly issued by the USPTO on April 22, 2008.    A copy of the

28 '867 patent is attached as Ex. 6.

53.     SEC is the owner of all rights, title, and interest in the '001 patent, entitled "Apparatus and Method for Channel Coding and Multiplexing in CDMA Communication System," which was duly and properly issued by the USPTO on June 10, 2008.   A copy of the '001 patent is attached as Ex. 7.

54.     SEC is the owner of all rights, title, and interest in the '516 patent, entitled "Method and Apparatus for Data Transmission in a Mobile Telecommunication System Supporting Enhanced Uplink Service," which was duly and properly issued by the USPTO on November 4, 2008.   A copy of the '516 patent is attached as Ex. 8.

55.     SEC is the owner of all rights, title, and interest in the '893 patent, entitled "Method of Controlling Digital Image Processing Apparatus for Efficient Reproduction and Digital Image Processing Apparatus Using the Method," which was duly and properly issued by the USPTO on November 25, 2008.   A copy of the '893 patent is attached as Ex. 9.

56.     SEC is the owner of all rights, title, and interest in the '460 patent, entitled "Portable Composite Communication Terminal for Transmitting/Receiving and Images, and Operation Method and Communication System Thereof," which was duly and properly issued by the USPTO on August 18, 2009.   A copy of the '460 patent is attached as Ex. 10.

57.     SEC is the owner of all rights, title, and interest in the '941 patent, entitled "Method and Apparatus for Transmitting/Receiving Packet Data Using Pre-Defined Length Indicator in a Mobile Communication System," which was duly and properly issued by the USPTO on March 9, 2010.   A copy of the '941 patent is attached as Ex. 11.

58.     SEC is the owner of all rights, title, and interest in the '711 patent, entitled "Multi-Tasking Apparatus and Method in Portable Terminal," which was duly and properly issued by the USPTO on April 13, 2010.   A copy of the '711 patent is attached as Ex. 12.

## APPLE'S ALLEGED CLAIMS AGAINST SAMSUNG

59.     Apple claims to own the '828, '002, '381, '915, '891, '607, '163, '129, 'D790, 'D334, 'D305, 'D087, 'D677, 'D270 , and 'D889 Patents, which purport to cover technologies and designs relating to mobile electronics devices and tablet computers.

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

60.     Apple claims to own the '983, '218, '327, '196, '642, '200, '685, '169, '197, and '038 Registrations and the '463, '838, '829, '869, and '118 Applications, which purport to cover marks and trade dress relating to mobile electronics devices and tablet computers.

61.     Apple claims to own certain unregistered trade dress that Apple alleges is embodied in Apple's iPhone, iPhone 3G, iPhone 3GS, iPhone 4, iPod Touch, iPad and iPad 2 products.

62.     Apple has accused the Samsung Counterclaimants of infringing the '828, '002, '381, '915, '891, '607, '163, '129, 'D790, 'D334, 'D305, 'D087, 'D677, 'D270 , and 'D889 Patents through the Samsung Counterclaimants' alleged using, selling and/or offering to sell, in the United States and/or importing into the United States one or more of the products known as the Samsung Acclaim, Captivate, Continuum, Droid Charge, Exhibit 4G, Epic 4G, Fascinate, Gem, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G, Gravity, Indulge, Infuse 4G, Intercept, Mesmerize, Nexus S, Nexus S 4G, Replenish, Showcase i500, Showcase Galaxy S, Sidekick, Transform, and Vibrant phones, and the Galaxy Tab and Galaxy Tab 10.1 tablet computers (collectively, the "Accused Products").

63.     Apple has accused the Samsung Counterclaimants of infringing the purported marks that are allegedly the subject of the '983, '218, '327, '196, '642, '200, '685, '169, '197, and '038 Registrations and the '463, '838, '829, '869, and '118 Applications through the Samsung Counterclaimants' alleged use of one or more of these registrations or applications in one or more of the Accused Products.

64.     Apple has accused the Samsung Counterclaimants of engaging in false designation of origin and unfair competition by allegedly manufacturing and distributing one or more of the Accused Products that Apple alleges "misappropriate[]" and "mimic" certain unregistered trade dress that Apple alleges it owns and is embodied in Apple's iPhone, iPhone 3G, iPhone 3GS, iPhone 4, iPod Touch, iPad and iPad 2 products.

65.     Apple has accused the Samsung Counterclaimants of diluting the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress by the Samsung Counterclaimants' alleged manufacture and

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

distribution of one or more of the Accused Products that Apple alleges "misappropriate[]" and "mimic" said trade dress.

66.     Apple has accused the Samsung Counterclaimants of engaging in fraudulent and unlawful business practices as defined by California Business & Professions Code § 17200 based upon the same alleged acts underlying Apple's accusations of patent, trademark and trade dress infringement; false designation of origin; trade dress dilution; and unfair competition described above in these Counterclaims.

67.     Apple has accused the Samsung Counterclaimants of unjust enrichment based upon the same alleged acts underlying Apple's accusations of patent, trademark and trade dress infringement; false designation of origin; trade dress dilution; and unfair competition described above in these Counterclaims.

## FIRST CLAIM FOR RELIEF

### (Infringement of the '604 Patent)

68.     The Samsung Patent Counterclaimants re-allege and incorporate by reference the allegations of Paragraphs 1-67 of these Counterclaims as though fully set forth herein.

69.     Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '604 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '604 patent, including without limitation, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the iPad 3G, and the iPad 2 3G.

70.     As a result of Apple's unlawful infringement of the '604 patent, the Samsung Patent Counterclaimants have suffered and will continue to suffer damage.   The Samsung Patent Counterclaimants are entitled to recover from Apple the damages suffered by them as a result of its unlawful acts.

71.     On information and belief, Apple intends to continue its unlawful infringing activity, and the Samsung Patent Counterclaimants continue to and will continue to suffer

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

1  irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing

2  activities unless this Court enjoins Apple from further infringing activities.

3  <center>**SECOND CLAIM FOR RELIEF**</center>

4  <center>**(Infringement of the '410 Patent)**</center>

5  72.   The Samsung Patent Counterclaimants re-allege and incorporate by reference the

6  allegations of Paragraphs 1-71 of these Counterclaims as though fully set forth herein.

7  73.   Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has

8  been directly infringing, contributing to the infringement of, and/or inducing others to infringe the

9  '410 patent by making, using, selling, and/or offering to sell in the United States, or importing into

10  the United States, products or processes that practice the inventions claimed in the '410 patent,

11  including without limitation, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the

12  iPad 3G, and the iPad 2 3G.

13  74.   As a result of Apple's unlawful infringement of the '410 patent, the Samsung

14  Patent Counterclaimants have suffered and will continue to suffer damage.   The Samsung Patent

15  Counterclaimants are entitled to recover from Apple the damages suffered by them as a result of

16  its unlawful acts.

17  75.   On information and belief, Apple intends to continue its unlawful infringing

18  activity, and the Samsung Patent Counterclaimants continue to and will continue to suffer

19  irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing

20  activities unless this Court enjoins Apple from further infringing activities.

21  <center>**THIRD CLAIM FOR RELIEF**</center>

22  <center>**(Infringement of the '055 Patent)**</center>

23  76.   The Samsung Patent Counterclaimants re-allege and incorporate by reference the

24  allegations of Paragraphs 1-75 of these Counterclaims as though fully set forth herein.

25  77.   Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has

26  been directly infringing, contributing to the infringement of, and/or inducing others to infringe the

27  '055 patent by making, using, selling, and/or offering to sell in the United States, or importing into

28  the United States, products or processes that practice the inventions claimed in the '055 patent,

<center>**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND**
**COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**</center>

1  including without limitation, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the

2  iPod Touch, the iPad, the iPad 3G, the iPad 2, and the iPad 2 3G.

3       78.    As a result of Apple's unlawful infringement of the '055 patent, the Samsung

4  Patent Counterclaimants have suffered and will continue to suffer damage.   The Samsung Patent

5  Counterclaimants are entitled to recover from Apple the damages suffered by them as a result of

6  its unlawful acts.

7       79.    On information and belief, Apple intends to continue its unlawful infringing

8  activity, and the Samsung Patent Counterclaimants continue to and will continue to suffer

9  irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing

10  activities unless this Court enjoins Apple from further infringing activities.

11  <div align="center">**FOURTH CLAIM FOR RELIEF**</div>

12  <div align="center">**(Infringement of the '871 Patent)**</div>

13       80.    The Samsung Patent Counterclaimants re-allege and incorporate by reference the

14  allegations of Paragraphs 1-79 of these Counterclaims as though fully set forth herein.

15       81.    Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has

16  been directly infringing, contributing to the infringement of, and/or inducing others to infringe the

17  '871 patent by making, using, selling, and/or offering to sell in the United States, or importing into

18  the United States, products or processes that practice the inventions claimed in the '871 patent,

19  including without limitation, the Apple iPhone 3G, iPhone 3GS, iPhone 4, iPad, iPad 3G, iPad 2,

20  iPad 2 3G, and iPod Touch.

21       82.    As a result of Apple's unlawful infringement of the '871 patent, the Samsung

22  Patent Counterclaimants have suffered and will continue to suffer damage.   The Samsung Patent

23  Counterclaimants are entitled to recover from Apple the damages suffered by the them as a result

24  of its unlawful acts.

25       83.    On information and belief, Apple intends to continue its unlawful infringing

26  activity, and Samsung continues to and will continue to suffer irreparable harm – for which there

27  is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins

28  Apple from further infringing activities.

<div align="center">-47-</div>

**FIFTH CLAIM FOR RELIEF**

**(Infringement of the '792 Patent)**

84.     The Samsung Patent Counterclaimants re-allege and incorporate by reference the allegations of Paragraphs 1-83 of these Counterclaims as though fully set forth herein.

85.     Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '792 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '792 patent, including without limitation, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the iPad 3G, and the iPad 2 3G.

86.     As a result of Apple's unlawful infringement of the '792 patent, the Samsung Patent Counterclaimants have suffered and will continue to suffer damage.   The Samsung Patent Counterclaimants are entitled to recover from Apple the damages suffered by them as a result of its unlawful acts.

87.     On information and belief, Apple intends to continue its unlawful infringing activity, and the Samsung Patent Counterclaimants continue to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Apple from further infringing activities.

**SIXTH CLAIM FOR RELIEF**

**(Infringement of the '867 Patent)**

88.     The Samsung Patent Counterclaimants re-allege and incorporate by reference the allegations of Paragraphs 1-87 of these Counterclaims as though fully set forth herein.

89.     Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '867 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '867 patent, including without limitation, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the iPad 3G, and the iPad 2 3G.

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

90.     As a result of Apple's unlawful infringement of the '867 patent, the Samsung Patent Counterclaimants have suffered and will continue to suffer damage.   The Samsung Patent Counterclaimants are entitled to recover from Apple the damages suffered by them as a result of its unlawful acts.

91.     On information and belief, Apple intends to continue its unlawful infringing activity, and Samsung continues to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Apple from further infringing activities.

**SEVENTH CLAIM FOR RELIEF**

**(Infringement of the '001 Patent)**

92.     The Samsung Patent Counterclaimants re-allege and incorporate by reference the allegations of Paragraphs 1-91 of these Counterclaims as though fully set forth herein.

93.     Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '001 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '001 patent, including without limitation, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the iPad 3G, and the iPad 2 3G.

94.     As a result of Apple's unlawful infringement of the '001 patent, the Samsung Patent Counterclaimants have suffered and will continue to suffer damage.   The Samsung Patent Counterclaimants are entitled to recover from Apple the damages suffered by the them as a result of its unlawful acts.

95.     On information and belief, Apple intends to continue its unlawful infringing activity, and the Samsung Patent Counterclaimants continue to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Apple from further infringing activities.

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

**EIGHTH CLAIM FOR RELIEF**

**(Infringement of the '516 Patent)**

96.     The Samsung Patent Counterclaimants re-allege and incorporate by reference the allegations of Paragraphs 1-95 of these Counterclaims as though fully set forth herein.

97.     Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '516 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '516 patent, including without limitation, the Apple iPhone 4 and the iPad 2 3G.

98.     As a result of Apple's unlawful infringement of the '516 patent, the Samsung Patent Counterclaimants have suffered and will continue to suffer damage.   The Samsung Patent Counterclaimants are entitled to recover from Apple the damages suffered by them as a result of its unlawful acts.

99.     On information and belief, Apple intends to continue its unlawful infringing activity, and the Samsung Patent Counterclaimants have suffered and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Apple from further infringing activities.

**NINTH CLAIM FOR RELIEF**

**(Infringement of the '893 Patent)**

100.    The Samsung Patent Counterclaimants re-allege and incorporate by reference the allegations of Paragraphs 1-99 of these Counterclaims as though fully set forth herein.

101.    Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '893 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '893 patent, including without limitation, the Apple iPhone 3G, iPhone 3GS, iPhone 4, iPad 2, iPad 2 3G, and iPod Touch (4th Generation).

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

102.     As a result of Apple's unlawful infringement of the '893 patent, the Samsung

Patent Counterclaimants have suffered and will continue to suffer damage.   The Samsung Patent

Counterclaimants are entitled to recover from Apple the damages suffered by them as a result of

its unlawful acts.

103.     On information and belief, Apple intends to continue its unlawful infringing

activity, and the Samsung Patent Counterclaimants continue to and will continue to suffer

irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing

activities unless this Court enjoins Apple from further infringing activities.

<div align="center">

**TENTH CLAIM FOR RELIEF**

**(Infringement of the '460 Patent)**

</div>

104.     The Samsung Patent Counterclaimants re-allege and incorporate by reference the

allegations of Paragraphs 1-103 of these Counterclaims as though fully set forth herein.

105.     Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has

been directly infringing, contributing to the infringement of, and/or inducing others to infringe the

'460 patent by making, using, selling, and/or offering to sell in the United States, or importing into

the United States, products or processes that practice the inventions claimed in the '460 patent,

including without limitation, the Apple iPhone 3G, iPhone 3GS, iPhone 4, iPad 2, iPad 2 3G, and

iPod Touch (4th generation).

106.     As a result of Apple's unlawful infringement of the '460 patent, the Samsung

Patent Counterclaimants have suffered and will continue to suffer damage.   The Samsung Patent

Counterclaimants are entitled to recover from Apple the damages suffered by them as a result of

its unlawful acts.

107.     On information and belief, Apple intends to continue its unlawful infringing

activity, and the Samsung Patent Counterclaimants continue to and will continue to suffer

irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing

activities unless this Court enjoins Apple from further infringing activities.

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

**ELEVENTH CLAIM FOR RELIEF**

**(Infringement of the '941 Patent)**

108.     The Samsung Patent Counterclaimants re-allege and incorporate by reference the allegations of Paragraphs 1-107 of these Counterclaims as though fully set forth herein.

109.     Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '941 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '941 patent, including without limitation, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the iPad 3G, and the iPad 2 3G.

110.     As a result of Apple's unlawful infringement of the '941 patent, the Samsung Patent Counterclaimants have suffered and will continue to suffer damage.    The Samsung Patent Counterclaimants are entitled to recover from Apple the damages suffered by them as a result of its unlawful acts.

111.     On information and belief, Apple intends to continue its unlawful infringing activity, and the Samsung Patent Counterclaimants continue to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Apple from further infringing activities.

**TWELFTH CLAIM FOR RELIEF**

**(Infringement of the '711 Patent)**

112.     The Samsung Patent Counterclaimants re-allege and incorporate by reference the allegations of Paragraphs 1-111 of these Counterclaims as though fully set forth herein.

113.     Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '711 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '711 patent, including without limitation, the Apple iPhone 3G, iPhone 3GS, iPhone 4, iPad, iPad 3G, iPad 2, iPad 2 3G, and iPod Touch.

114.     As a result of Apple's unlawful infringement of the '711 patent, the Samsung Patent Counterclaimants have suffered and will continue to suffer damage.   The Samsung Patent Counterclaimants are entitled to recover from Apple the damages suffered by them as a result of its unlawful acts.

115.     On information and belief, Apple intends to continue its unlawful infringing activity, and the Samsung Patent Counterclaimants continue to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Apple from further infringing activities.

## THIRTEENTH CLAIM FOR RELIEF

**(Declaration of Non-infringement of the '828, '002, '381, '915, '891, '607, '163, '129, 'D790, 'D334, 'D305, 'D087, 'D677, 'D270, and 'D889 Patents)**

116.     The Samsung Counterclaimants restate and incorporate by reference each of the allegations of paragraphs 1 through 115 of these Counterclaims as though fully set forth herein.

117.     Apple claims to be the owner and assignee of all rights, title and interest in and under the '828, '002, '381, '915, '891, '607, '163, '129, 'D790, 'D334, 'D305, 'D087, 'D677, 'D270, and 'D889 Patents.

118.     Apple has accused the Samsung Counterclaimants of infringement of the Patents in Suit and has created a substantial, immediate and real controversy between the parties as to the non-infringement of the '828, '002, '381, '915, '891, '607, '163, '129, 'D790, 'D334, 'D305, 'D087, 'D677, 'D270 , and 'D889 Patents.

119.     The Samsung Counterclaimants do not infringe and have not infringed the '828, '002, '381, '915, '891, '607, '163, '129, 'D790, 'D334, 'D305, 'D087, 'D677, 'D270, and 'D889 Patents, through their marking, using, selling and/or offering to sell, in the United States and/or importing into the United States, one or more of the Accused Products.

## FOURTEENTH CLAIM FOR RELIEF

**(Declaration of Invalidity of the '828, '002, '381, '915, '891, '607, '163, '129, 'D790, 'D334, 'D305, 'D087, 'D677, 'D270, and 'D889 Patents)**

120.     The Samsung Counterclaimants restate and incorporate by reference each of the allegations of paragraphs 1 through 119 of these Counterclaims as though fully set forth herein.

121.    Apple contends that the '828, '002, '381, '915, '891, '607, '163, '129, 'D790, 'D334, 'D305, 'D087, 'D677, 'D270, and 'D889 Patents are valid and has created a substantial, immediate and real controversy between the parties as to the invalidity of the these patents.

122.    Each and every claim of the '828, '002, '381, '915, '891, '607, '163, '129, 'D790, 'D334, 'D305, 'D087, 'D677, 'D270, and 'D889 Patents are invalid for failing to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation, Sections 101, 102, 103, 112 and/or 171, and Apple is entitled to no relief for any claim relating to their alleged validity.

## FIFTEENTH CLAIM FOR RELIEF

### (Declaration of No Federal False Designation of Origin Under 15 U.S.C. § 1125(a))

123.    The Samsung Counterclaimants restate and incorporate by reference each of the allegations of paragraphs 1 through 122 of these Counterclaims as though fully set forth herein.

124.    Apple has accused the line of Galaxy phones and tablet computers of "misappropriating" or "mimicking" the claimed Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress and has created a substantial, immediate and real controversy between the parties as to the absence of any false designation of origin and the absence of unfair competition by the Samsung Counterclaimants through their line of Galaxy phones and tablet computers.

125.    Apple's claimed Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress are functional, are common to consumer electronic products, are generic and otherwise are not distinctive or protectable.

126.    The appearance of the Samsung Counterclaimants' line of Galaxy phones and tablet computers and their packaging also are not likely to cause confusion, cause mistake, or deceive consumers as to the affiliation, connection, or association of the Samsung Counterclaimants' line of Galaxy phones and tablet computers, or as to the origin, sponsorship, or approval by Apple of the Samsung Counterclaimants' goods, services, or commercial activities.

127.   Apple has not been harmed by or suffered any cognizable injury from any alleged conduct by the Samsung Counterclaimants.

128.   The Samsung Counterclaimants are entitled to a declaration that they are not liable to Apple on account of false designation of origin or unfair competition by their line of Galaxy phones and tablet computers.

## SIXTEENTH CLAIM FOR RELIEF

### (Declaration of Noninfringement of Trademark or Trade Dress)

129.   The Samsung Counterclaimants restate and incorporate by reference each of the allegations of paragraphs 1 through 128 of these Counterclaims as though fully set forth herein.

130.   Apple has accused SEC and STA's line of Galaxy phones of infringing the '983, '218, '327 Registrations, the '463 Application, and the unregistered "Apple Packaging," and has created a substantial, immediate and real controversy between the parties as to the noninfringement of these registrations and this application by SEC and STA's line of Galaxy phones.

131.   Apple has also accused the Samsung Counterclaimants' line of Galaxy phones and tablet computers of infringing the '196, '642, '200, '685, '169, '197, and '038 Registrations and has created a substantial, immediate and real controversy between the parties as to the noninfringement of these registrations by the Samsung Counterclaimants' line of Galaxy phones and tablet computers.

132.   Each of the alleged marks and trade dress that are the subject of the '983, '218, '327, '196, '642, '200, '685, '169, '197, and '038 Registrations, the '463 Application, and the unregistered "Apple packaging" are functional, are common to consumer electronic products, are generic and otherwise are not distinctive or protectable.

133.   The appearance of the Samsung Counterclaimants' line of Galaxy phones and tablet computers and their packaging are not likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of the Samsung Counterclaimants' line of Galaxy phones and tablet computers, or as to the origin, sponsorship, or approval by Apple of the Samsung Counterclaimants' goods, services, or commercial activities.

134.    Apple has not been harmed by or suffered any cognizable injury from any alleged conduct by the Samsung Counterclaimants.

135.    The Samsung Counterclaimants are entitled to a declaration that they are not liable to Apple on account of a violation of any alleged trademark or trade dress infringement.

**SEVENTEENTH CLAIM FOR RELIEF**

**(Declaration of Non-Dilution)**

136.    The Samsung Counterclaimants restate and incorporate by reference each of the allegations of paragraphs 1 through 135 of these Counterclaims as though fully set forth herein.

137.    Apple claims that the Samsung Counterclaimants' manufacture and distribution of one or more of the Accused Products constitutes trade dress dilution of the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress under section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

138.    None of Apple's alleged trade dresses is, or ever has been, "distinctive" or "famous" within the meaning of 15 U.S.C. § 1125(c).

139.    Each of Apple's claimed trade dresses is functional, common to consumer electronic products, generic and otherwise not distinctive or protectable.

140.    The Samsung Counterclaimants' activities are not likely to cause dilution of Apple's claimed trade dresses.

141.    Apple has not been harmed by or suffered any cognizable injury from any alleged conduct by the Samsung Counterclaimants.

142.    The Samsung Counterclaimants are entitled to a declaration that they are not liable to Apple for trade dress dilution under 15 U.S.C. § 1125(c).

**EIGHTEENTH CLAIM FOR RELIEF**

**(Declaration of Invalidity of the '983, '218, '327, '196, '642, '200, '685, '169, '197, and '038 Registrations and the '463, '838, '829, '869, and '118 Applications)**

143.    The Samsung Counterclaimants restate and incorporate by reference each of the allegations of paragraphs 1 through 142 of these Counterclaims as though fully set forth herein.

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

144.    Apple has accused the Samsung Counterclaimants' line of Galaxy phones and tablet computers of infringing the '983, '218, '327, '196, '642, '200, '685, '169, '197, and '038 Registrations and the '463, '838, '829, '869, and '118 Applications and has thus created a substantial, immediate and real controversy between the parties as to the invalidity of these registrations and applications.

145.    Each of the alleged marks and trade dress that is the subject of the '983, '218, '327, '196, '642, '200, '685, '169, '197, and '038 Registrations and the '463, '838, '829, '869, and '118 Applications is functional, is common to consumer electronic products, is generic and otherwise is not distinctive or protectable.

146.    The Samsung Counterclaimants are entitled to a declaration that each of the '983, '218, '327, '196, '642, '200, '685, '169, '197, and '038 Registrations and the '463, '838, '829, '869, and '118 Applications is invalid.

**NINETEENTH CLAIM FOR RELIEF**

**(Cancellation of the '983, '218, '327, '196, '642, '200, '685, '169, '197, and '038 Registrations)**

**(15 U.S.C. §§ 1119 and 1064)**

147.    The Samsung Counterclaimants restate and incorporate by reference each of the allegations of paragraphs 1 through 146 of these Counterclaims as though fully set forth herein.

148.    Apple has accused the Samsung Counterclaimants' line of Galaxy phones and tablet computers of infringing the '983, '218, '327, '196, '642, '200, '685, '169, '197, and '038 Registrations and has thus created a substantial, immediate and real controversy between the parties as to the invalidity of these registrations.

149.    Each of the alleged marks and trade dress that is the subject of the '983, '218, '327, '196, '642, '200, '685, '169, '197, and '038 Registrations is functional, is common to consumer electronic products, is generic and otherwise is not distinctive or protectable.

150.    The Samsung Counterclaimants are entitled to an order cancelling in its entirety each of the '983, '218, '327, '196, '642, '200, '685, '169, '197, and '038 Registrations.

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

**TWENTIETH CLAIM FOR RELIEF**

**(Declaration of Nonviolation of California Business and Professions Code §17200, *et seq.*)**

151.    The Samsung Counterclaimants restate and incorporate by reference each of the allegations of paragraphs 1 through 150 of these Counterclaims as though fully set forth herein.

152.    Apple claims that the Samsung Counterclaimants' use of allegedly infringing trade dress in one or more of the Accused Products is likely to cause others to be confused or mistaken into believing that there is a relationship between the Samsung Counterclaimants and Apple or that the Samsung Counterclaimants' products are affiliated with or sponsored by Apple, and that this alleged use is likely to mislead or deceive the general public and therefore constitutes fraudulent business practices in violation of California Business & Professions Code § 17200, *et seq*.

153.    Apple also claims that the Samsung Counterclaimants have engaged in unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), trade dress dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), trademark and trade dress infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and patent infringement under 35 U.S.C. § 271, and that these alleged violations are therefore unlawful acts in violation of California Business & Professions Code § 17200, *et seq*.

154.    None of the Accused Products infringes any of the Patents In Suit, the Registrations In Suit, or Apple's claimed unregistered trade dress.   Nor do any of the Accused Products dilute any of Apple's claimed trade dress.   Nor do any of the Accused Products employ a false designation of origin or amount to unfair competition on the part of the Samsung Counterclaimants.   Nor are any of the Accused Products likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of the Samsung Counterclaimants' line of Galaxy phones and tablet computers, or as to the origin, sponsorship, or approval by Apple of the Samsung Counterclaimants' goods, services, or commercial activities.

155.    Apple has not been harmed by or suffered any cognizable injury from any alleged conduct by the Samsung Counterclaimants.

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

1    156.    The Samsung Counterclaimants are entitled to a declaration that they are not liable

2  to Apple under California Business & Professions Code § 17200, *et seq*.

3                        **TWENTY-FIRST CLAIM FOR RELIEF**

4                **(Declaration of Nonviolation of the Law of Unjust Enrichment)**

5    157.    The Samsung Counterclaimants restate and incorporate by reference each of the

6  allegations of paragraphs 1 through 156 of these Counterclaims as though fully set forth herein.

7    158.    Apple claims that the Samsung Counterclaimants have been unjustly enriched to

8  Apple's detriment.

9    159.    As described above, the Samsung Counterclaimants have engaged in no wrongful,

10  unjust, or unlawful activities.

11    160.    It would not be inequitable for the Samsung Counterclaimants to retain the benefits

12  received from their lawful activities.

13    161.    Apple has not been harmed or suffered any cognizable injury from any alleged

14  conduct by the Samsung Counterclaimants.

15    162.    The Samsung Counterclaimants are entitled to a declaration that they are not liable

16  to Apple for violation of the law of unjust enrichment.

17                            **PRAYER FOR RELIEF**

18    WHEREFORE, the Samsung Patent Counterclaimants respectfully request entry of

19  judgment as follows:

20    A.    That Apple be declared to have infringed, induced others to infringe and/or committed

21  acts of contributory infringement with respect to the claims of Samsung's Patents In Suit as

22  alleged above;

23    B.    That Apple and its officers, agents, servants, employees, and all those persons acting or

24  attempting to act in active concert or in participation with them or acting on their behalf be

25  immediately, preliminarily and permanently enjoined from further infringement of Samsung's

26  Patents In Suit;

27

28

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

C.      That Apple be ordered to account for and pay to the Samsung Patent Counterclaimants all damages caused to them by reason of Apple's infringement of Samsung's Patents In Suit pursuant to 35 U.S.C. § 284;

D.      That Apple be ordered to pay treble damages for willful infringement of each of Samsung's Patents In Suit pursuant to 35 U.S.C. § 284;

E.      That this case be declared "exceptional" under 35 U.S.C. § 285 and that the Samsung Patent Counterclaimants be awarded their attorneys' fees, expenses, and costs incurred in this action; and

F.      That the Samsung Patent Counterclaimants be granted pre-judgment and post-judgment interest on the damages caused to them by reason of Apple's infringement of Samsung's Patents In Suit.

WHEREFORE, the Samsung Defendants/Samsung Counterclaimants respectfully request entry of judgment as follows:

G.      That the Court dismiss with prejudice any and all claims of Apple's Complaint and order that Apple take nothing as a result of the Complaint and that all of Apple's prayers for relief are denied;

H.      That the Court find and declare, and enter judgment, in favor of the Samsung Defendants/Samsung Counterclaimants and against Apple that the Samsung Defendants/Samsung Counterclaimants have not infringed any of the Apple Patents In Suit;

I.      That the Court find and declare, and enter judgment, in favor of the Samsung Defendants/Samsung Counterclaimants and against Apple that each of the Apple Patents In Suit is invalid;

J.      That the Court find and declare, and enter judgment, in favor of the Samsung Defendants/Samsung Counterclaimants and against Apple that the Samsung Defendants/Samsung Counterclaimants have not engaged in any federal false designation of origin or unfair competition under 15 U.S.C. § 1125(a);

K.      That the Court find and declare, and enter judgment, in favor of the Samsung Defendants/Samsung Counterclaimants and against Apple that the Samsung Defendants/Samsung

1    Counterclaimants have not infringed any alleged trademark or alleged trade dress asserted by

2    Apple in its Complaint;

3        L.       That the Court find and declare, and enter judgment, in favor of the Samsung

4    Defendants/Samsung Counterclaimants and against Apple that the Samsung Defendants/Samsung

5    Counterclaimants have not violated the trade dress dilution provisions of the Lanham Act with

6    respect to Apple's iPhone, iPod and iPad products;

7        M.       That the Court find and declare, and enter an order cancelling in its entirety each of the

8    '983, '218, '327, '196, '642, '200, '685, '169, '197, and '038 Registrations and to certify such

9    cancellations to the Director of the USPTO, for appropriate entry upon the records of the USPTO;

10       N.       That the Court find and declare, and enter judgment, in favor of the Samsung

11   Defendants/Samsung Counterclaimants and against Apple that the Samsung Defendants/Samsung

12   Counterclaimants have not violated California Business and Professions Code §17200, *et seq.*;

13       O.       That the Court find and declare, and enter judgment, in favor of the Samsung

14   Defendants/Samsung Counterclaimants and against Apple that the Samsung Defendants/Samsung

15   Counterclaimants have not been unjustly enriched;

16       P.       That the Court award the Samsung Defendants/Samsung Counterclaimants attorney's

17   fees and costs of suit under the Lanham Act as an exceptional case;

18       Q.       That Apple be ordered to pay all costs associated with this action; and

19       R.       That the Court grant to the Samsung Defendants/Samsung Counterclaimants such other

20   and further relief as may be deemed just and appropriate.

21                                    **DEMAND FOR JURY TRIAL**

22        SEC, SEA and STA hereby demand a jury trial on all issues.

23

24

25

26

27

28

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**

1  DATED: June 30, 2011            QUINN EMANUEL URQUHART &
2                                  SULLIVAN, LLP

3

4                                  By  /s/ Victoria F. Maroulis
                                      Charles K. Verhoeven
5                                     Kevin P.B. Johnson
                                      Victoria F. Maroulis
6                                     Michael T. Zeller
                                      Attorneys for SAMSUNG ELECTRONICS CO.,
7                                     LTD., SAMSUNG ELECTRONICS AMERICA,
                                      INC., and SAMSUNG
8                                     TELECOMMUNICATIONS AMERICA, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SAMSUNG ENTITIES' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT**