| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>JENNIFER LEE TAYLOR (CA SBN 161368)<br>jtaylor@mofo.com<br>ALISON M. TUCHER (CA SBN 171363)<br>atucher@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>JASON R. BARTLETT (CA SBN 214530)<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | KENNETH H. BRIDGES (CA SBN 243541)<br>kbridges@bridgesmav.com<br>MICHAEL T. PIEJA (CA SBN 250351)<br>mpieja@bridgesmav.com<br>BRIDGES & MAVRAKAKIS LLP<br>3000 El Camino Real<br>One Palo Alto Square, 2nd Floor<br>Palo Alto, CA 94306<br>Telephone: (650) 804-7800<br>Facsimile: (650) 852-9224 |

Attorneys for Plaintiff
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S MOTION FOR EXPEDITED TRIAL ON ITS CLAIMS AND FOR EARLY CASE MANAGEMENT CONFERENCE**<br><br>Date: July 21, 2011<br>Time: 1:30 p.m.<br>Place: Courtroom 4, 5th Floor<br>Judge: Hon. Lucy H. Koh |

| | |
|---|---|
| 1 | TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD: |
| 2 | PLEASE TAKE NOTICE that on July 21, 2011 at 1:30 p.m., or at such earlier or later |
| 3 | date as set by the Court, Plaintiff Apple Inc. shall and hereby does move the Court to set an |
| 4 | expedited schedule leading to a trial on Apple's claims in February 2012, in the courtroom of the |
| 5 | Honorable Lucy H. Koh at the United States District Court for the Northern District of California, |
| 6 | 280 South 1st Street, Courtroom 4, 5th Floor, San Jose, and to set an early case management |
| 7 | conference coinciding with the hearing date on this motion for expedited trial.  This motion is |
| 8 | based on this notice of motion and motion, the supporting Declaration of Richard S.J. Hung and |
| 9 | exhibits, and such other written or oral argument and as may be presented at or before the time |
| 10 | this motion is taken under submission by the Court. |

Dated: July 1, 2011                    MORRISON & FOERSTER LLP


                                       By:  /s/ Michael A. Jacobs
                                            MICHAEL A. JACOBS

                                            Attorneys for Plaintiff
                                            APPLE INC.

APPLE'S MOTION FOR EXPEDITED TRIAL ON ITS CLAIMS AND FOR EARLY CASE MANAGEMENT CONFERENCE
CASE NO.  11-CV-01846-LHK
sf-3014754

1

**INTRODUCTION**

Samsung's infringement is precisely the type of conduct that requires an expedited trial. Apple has presented substantial evidence that Samsung's new products are designed to mimic Apple's products, as the Court noted in its Order requiring Samsung to produce samples of its new products.

Moreover, at the hearing on Samsung's motion to compel, the Court suggested the possibility of setting "an expedited schedule for the whole case." (June 17, 2011, Hearing Tr. at 9, Exhibit 1 to Declaration of Richard S.J. Hung Regarding Meet and Confer Obligations Relating to Apple Inc.'s Motions Filed on July 1, 2011 ("Hung Decl."), filed herewith.) Accordingly, Apple moves for an order adopting the expedited schedule set forth at the end of this motion, which leads to a trial on Apple's claims in February 2012, about ten months from the filing of this action. Apple also requests that the Case Management Conference be set for the same date as this motion, instead of the date currently set, August 24, 2011.[1]

An expedited trial is appropriate because prompt relief is needed to protect Apple's extremely valuable intellectual property, including its trade dress and trademark rights, as well as its design and utility patents. Apple has presented substantial evidence that Samsung is selling copycat products and that Samsung's sale of such infringing products will cause irreparable harm that cannot be adequately compensated by monetary damages. Samsung cannot reasonably object to an expedited trial, given that it has known of Apple's claims for many months and just filed its own expedited proceeding against Apple in the U.S. International Trade Commission ("ITC").

---

[1] Samsung's counsel was unavailable to meet and confer before the filing of this motion Apple's counsel proposed to confer on Thursday, June 30, but Samsung's counsel replied that it was not available until the end of Friday, July 1. (Hung Decl. ¶¶ 2-3.) Samsung's counsel was "available," however, to prepare and file Samsung's Answer and Counterclaims to Apple's complaint on a rush basis at 11 p.m. on June 30 — five days before it was due — as well as a dismissal of Samsung's separate countersuit against Apple. (D.N. 80.)

APPLE'S MOTION FOR EXPEDITED TRIAL ON ITS CLAIMS AND FOR EARLY CASE MANAGEMENT CONFERENCE
CASE NO. 11-CV-01846-LHK
sf-3014754

2

**ARGUMENT**

**I. THE COURT HAS BROAD DISCRETION TO SET AN EXPEDITED SCHEDULE AND TRIAL**

This Court has broad discretion to set dates for discovery and trial pursuant to its case management authority under Federal Rule of Civil Procedure 16. Indeed, Rule 16(a) specifically authorizes the Court to order counsel to attend a conference for the purpose of "expediting disposition of the action" and "establishing early and continuing control so that the case will not be protracted because of lack of management." Fed. R. Civ. P. 16(a)(1), (a)(2).

District courts have exercised this broad case management authority to set expedited trial dates, especially in intellectual property cases. For example, in a case involving claims for misappropriation of trade secrets, unfair competition, and trademark and copyright infringement, the Northern District of California set an expedited trial date in September 2004, or about ten months after the First Amended Complaint was filed in November 2003. *Excelligence Learning Corp. v. Oriental Trading Co.,* 5:03-cv-4947-JF, 2004 U.S. Dist. LEXIS 28125, at *6 (N.D. Cal. June 14, 2004) (order referring to plaintiff's motion to expedite discovery and trial). Similarly, in a case where the Northern District of California granted a preliminary injunction based on a patent infringement claim, the court set an expedited trial so that the preliminary injunction "will only be in place for approximately four months before the case is adjudicated definitively." *Kristar Enters., Inc. v. Revel Envtl. Mktg., Inc.*, No. C 95-2426, 1998 U.S. Dist. LEXIS 19914, at *16 (N.D. Cal. Dec. 16, 1998); *see also Novel ID v. Hyman Prods., Inc.*, No. C 89-0329, 1989 U.S. Dist. LEXIS 12653, at *15-16 (C.D. Cal. Jan. 27, 1989) (granting preliminary injunction against trademark infringement and setting expedited trial for four months after complaint was filed); *Delta Dental Plan v. Perry,* No. C 95-2462 TEH, 1996 U.S. Dist. LEXIS 2086, at *1-3 (N.D. Cal. Feb. 21, 1996) (consolidating motion for preliminary injunction in government bid case with expedited trial three months later).

**II. AN EXPEDITED TRIAL IS NECESSARY AND APPROPRIATE**

An expedited trial is warranted for the same reasons that the Court noted in its Order Granting Limited Expedited Discovery. First, Apple "has produced images of Samsung products

APPLE'S MOTION FOR EXPEDITED TRIAL ON ITS CLAIMS AND FOR EARLY CASE MANAGEMENT CONFERENCE
CASE NO. 11-CV-01846-LHK
sf-3014754

3

1 and other evidence that provide a reasonable basis for Apple's belief that Samsung's new
2 products are designed to mimic Apple's products." (Order Granting Limited Expedited
3 Discovery, D.N. 52 at 3.) Second, Apple seeks expedited relief "to prevent alleged infringement
4 of its intellectual property and to forestall allegedly irreparable harm associated with a loss of
5 market share and consumer good will." (*Id.*) Third, "expedited discovery would allow the Court
6 to address any request for preliminary injunctive relief at the outset of the case, thereby providing
7 a measure of clarity to the parties early in the proceeding and facilitating effective case
8 management." (*Id.* at 4.) Fourth, "this case involves sophisticated parties and counsel who have
9 had ongoing negotiations about this dispute for approximately a year." (*Id.*)

10 Apple has presented substantial claims for infringement of its extremely valuable
11 intellectual property rights in the distinctive designs and innovative features of its revolutionary
12 iPhone and iPad products. Prompt relief is essential to prevent irreparable harm to Apple's rights.
13 An expedited trial will benefit both Apple and Samsung by providing "a measure of clarity"
14 concerning a dispute that is of the utmost importance to both sides. An expedited trial will also
15 facilitate effective case management by avoiding further disputes about expedited discovery and
16 enabling the Court to provide guidance through its rulings on claim construction and other
17 motions that may assist in resolving this dispute.

18 Moreover, an expedited trial will not unduly prejudice Samsung, as it has been on notice
19 of Apple's infringement claims for many months and is represented by sophisticated and highly
20 experienced counsel. Indeed, just 11 days after the Court raised the issue of an expedited trial,
21 Samsung filed an ITC proceeding against Apple on June 28, 2011, alleging infringement of five
22 patents. (Hung Decl. Ex. 2.) The ITC typically holds a trial within about nine months of the
23 filing of the action. Having initiated its own "expedited" proceeding, Samsung cannot complain
24 if Apple's claims here are similarly expedited. This is particularly so because Apple's asserted
25 rights pertain to the appearance and user experience of its best-selling products and are therefore
26 readily understood. That is not true for the patents Samsung has asserted against Apple.

27 In view of the urgent need for relief to avoid irreparable harm, Apple is filing a motion for
28 a preliminary injunction concurrently with this motion for expedited trial. A preliminary

injunction is not, however, an adequate substitute for an expedited trial.  To ensure that preliminary relief is granted as quickly as possible, Apple has filed a narrowly focused motion that is limited to one utility patent whose validity was confirmed in a reexamination initiated by a competitor and adverse litigant, and three design patents subject to the "ordinary observer" test that involves a direct comparison between the patented designs and the Samsung products.

Because Apple's preliminary injunction motion is limited to certain claims, Apple is filing this motion for expedited trial on all of its claims.  The trial will address additional infringing Samsung products and additional trade dress, trademark, utility patent, and design patent claims that are not covered by Apple's preliminary injunction motion.  All of Apple's claims present closely related and straightforward issues concerning Samsung's copying of both the distinctive "look" of the Apple iPhone and iPad products and of Apple's revolutionary user interface and related functionality.  Prompt relief on all of Apple's claims is essential to protect all of Apple's intellectual property rights and to prevent irreparable harm resulting from Samsung's sale of all of the accused products.

An expedited trial is appropriate regardless of the Court's ruling on Apple's motion for a preliminary injunction.  If the Court concludes that injunctive relief should be decided only after full discovery and trial, Apple will have an urgent need for an expedited trial to prevent irreparable harm to its extremely valuable intellectual property.  Conversely, if a preliminary injunction is granted, Apple will have a strong interest in obtaining prompt relief as to the other products and claims that are not at issue in its preliminary injunction motion.  Samsung will also have a strong interest in obtaining an expedited decision on the merits of Apple's claims, since it will be subject to a preliminary injunction preventing it from selling some of its products.  Apple's proposed expedited schedule is as follows:

APPLE'S MOTION FOR EXPEDITED TRIAL ON ITS CLAIMS AND FOR EARLY CASE MANAGEMENT CONFERENCE
CASE NO. 11-CV-01846-LHK
sf-3014754

5

| Date | Event |
|---|---|
| July 25, 2011 | Case Management Conference |
| Aug. 4, 2011 | Apple serves infringement contentions and produces required documents (Patent L.R. 3-1, 3-2); Apple proposes claim terms for construction (Patent L.R. 4-1) |
| Sept. 2, 2011 | Samsung serves invalidity contentions and produces required documents (Patent L.R. 3-3, 3-4); Samsung proposes claim terms for construction (Patent L.R. 4-1) |
| Sept. 9, 2011 | Parties exchange preliminary claim constructions and identify supporting evidence and experts (Patent L.R. 4-2) |
| Sept. 16, 2011 | Parties file Joint Claim Construction and Prehearing Statement, limited to ten total terms in dispute (Patent L.R. 4-3) |
| Oct. 7, 2011 | Close of claim construction discovery |
| Oct. 13, 2011 | Apple's Opening Claim Construction Brief |
| Oct. 27, 2011 | Samsung's Claim Construction Opposition |
| Nov. 3, 2011 | Apple's Claim Construction Reply |
| Nov. 17, 2011 | Claim Construction Hearing |
| Dec. 2, 2011 | Fact discovery cut-off and initial expert disclosures/reports |
| Dec. 16, 2011 | Rebuttal expert reports |
| Dec. 29, 2011 | Close of expert discovery |
| Jan. 25, 2012 | Final pretrial conference |
| Feb. 1, 2012 | Jury trial begins on Apple's claims |

## CONCLUSION

Expedited trial is appropriate because Apple has presented substantial claims for infringement of the intellectual property rights that protect Apple's revolutionary iPhone and iPad products, and prompt relief is essential to minimize the damage caused by Samsung's deliberate and ongoing infringement. Apple requests that the Court exercise its broad case management authority to set an expedited schedule leading to a trial in February 2012, as set forth above and in

APPLE'S MOTION FOR EXPEDITED TRIAL ON ITS CLAIMS AND FOR EARLY CASE MANAGEMENT CONFERENCE
CASE NO. 11-CV-01846-LHK
sf-3014754

6

| | |
|---|---|
| 1 | the attached proposed order.  Apple further requests that the case management conference in this |
| 2 | action be reset to coincide with the hearing date on this motion. |
| 3 | |
| 4 | Dated:  July 1, 2011                                                    MORRISON & FOERSTER LLP |

By:      /s/ Michael A. Jacobs
       Michael A. Jacobs

Attorneys for Plaintiff
APPLE INC.

APPLE'S MOTION FOR EXPEDITED TRIAL ON ITS CLAIMS AND FOR EARLY CASE MANAGEMENT CONFERENCE
CASE NO. 11-CV-01846-LHK
sf-3014754

7

| | |
|---|---|
| 1 | I, JASON R. BARTLETT, am the ECF User whose ID and password are being used to |
| 2 | file the following document: APPLE'S MOTION FOR EXPEDITED TRIAL ON ITS CLAIMS |
| 3 | AND FOR EARLY CASE MANAGEMENT CONFERENCE. In compliance with General |
| 4 | Order 45, X.B., I hereby attest that Michael A. Jacobs has concurred in this filing. |

Dated: July 1, 2011

**MORRISON & FOERSTER LLP**

By: /s/ Jason R. Bartlett
    JASON R. BARTLETT

APPLE'S MOTION FOR EXPEDITED TRIAL ON ITS CLAIMS AND FOR EARLY CASE MANAGEMENT CONFERENCE
CASE NO. 11-CV-01846-LHK
sf-3014754

1