Exhibit 7

1              IN THE UNITED STATES DISTRICT COURT

2            FOR THE NORTHERN DISTRICT OF CALIFORNIA

3                     SAN JOSE DIVISION

4

5    APPLE, INC.,              )  C-11-01846-LHK
                               )
6            PLAINTIFF,        )  JUNE 17, 2011
                               )
7                 V.           )
                               )
8    SAMSUNG ELECTRONICS       )  PAGES 1 - 39
     COMPANY LIMITED, ET       )
9    AL.,                      )
                               )
10           DEFENDANTS.       )
     _____  )
11

12

13            THE PROCEEDINGS WERE HELD BEFORE

14          THE HONORABLE UNITED STATES DISTRICT

15                  JUDGE LUCY H. KOH

16   A P P E A R A N C E S:

17

18

19   FOR THE PLAINTIFF:  MORRISON & FOERSTER
                         BY:  HAROLD J. MCELHINNY
20                            MICHAEL A. JACOBS
                              GRANT L. KIM
21                       425 MARKET STREET
                         SAN FRANCISCO, CALIFORNIA 94105
22

23        (APPEARANCES CONTINUED ON THE NEXT PAGE.)

24

25   OFFICIAL COURT REPORTER: IRENE RODRIGUEZ, CSR, CRR
                              CERTIFICATE NUMBER 8074

                                                        1

1    A P P E A R A N C E S: (CONT'D)

2

3    FOR THE DEFENDANTS:  QUINN, EMANUEL, URQUHART &
                         SULLIVAN
4                        BY:  CHARLES K. VERHOEVEN
                              MICHAEL T. ZELLER
5                             ERIK C. OLSON
                              KEVIN P.B. JOHNSON
6                             VICTORIA F. MAROULIS
                         865 SOUTH FIGUEROA STREET
7                        10TH FLOOR
                         LOS ANGELES, CALIFORNIA 90017
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                                        2

```
1    SAN JOSE, CALIFORNIA                    JUNE 17, 2011

2                    P R O C E E D I N G S

3

4             (WHEREUPON, COURT CONVENED AND THE

5    FOLLOWING PROCEEDINGS WERE HELD:)

6             THE CLERK:  CALLING CASE NUMBER

7    C-11-1846-LHK, APPLE VERSUS SAMSUNG ELECTRONICS

8    COMPANY LIMITED, ET AL.

9             MR. MCELHINNY:  GOOD AFTERNOON, YOUR

10   HONOR.  HAROLD MCELHINNY, MICHAEL JACOBS, AND GRANT

11   KIM FOR THE PLAINTIFFS APPLE.

12            THE COURT:  GOOD AFTERNOON.

13            MR. VERHOEVEN:  GOOD AFTERNOON, YOUR

14   HONOR.  CHARLES VERHOEVEN FOR QUINN EMANUEL ON

15   BEHALF OF THE SAMSUNG DEFENDANTS AND WITH ME IS MY

16   PARTNER KEVIN JOHNSON, MIKE ZELLER, VICKIE

17   MAROULIS.

18            THE COURT:  GOOD AFTERNOON.  PLEASE SIT

19   OR STAND, WHICHEVER IS MOST COMFORTABLE.

20            I HAVE QUESTIONS FOR ALL SIDES TODAY.

21            I'LL START FIRST WITH MR. VERHOEVEN.

22   WHEN WE HAD THE HEARING ON APPLE'S MOTION YOU HAD

23   SPECIFIED SOME EXPEDITED DISCOVERY THAT SAMSUNG

24   WOULD NEED, WHICH I THOUGHT WAS VERY REASONABLE,

25   BUT IT DOESN'T APPEAR THAT YOU'RE REQUESTING THAT
```

Timestamps:
14:27:50 (line 6)
14:27:56 (line 7)
14:27:59 (line 8)
14:28:18 (line 9)
14:28:21 (line 10)
14:28:22 (line 11)
14:28:25 (line 12)
14:28:29 (line 13)
14:28:30 (line 14)
14:28:33 (line 15)
14:28:37 (line 16)
14:28:48 (line 17)
14:28:48 (line 18)
14:28:49 (line 19)
14:28:52 (line 20)
14:28:58 (line 21)
14:29:01 (line 22)
14:29:03 (line 23)
14:29:06 (line 24)
14:29:09 (line 25)

3

14:29:11  1    NOW.

14:29:11  2                    WHY IS THAT?

14:29:16  3                    MR. VERHOEVEN:  WELL, YOUR HONOR, WHEN WE

14:29:18  4    WERE AT THE HEARING WE WERE GOING OVER THE SCOPE OF

14:29:19  5    THE DISCOVERY THAT THE PLAINTIFF WAS SEEKING, AND

14:29:21  6    THEY HAD SOUGHT BROADER DISCOVERY THAN WHAT YOUR

14:29:28  7    HONOR ACTUALLY ORDERED.

14:29:29  8                    AND SO WE ACTUALLY THOUGHT THAT WE WOULD

14:29:31  9    PARE BACK AND TRY TO BE AS RECIPROCAL AS POSSIBLE

14:29:35 10    IN THE DISCOVERY WE WERE SEEKING.

14:29:36 11                    SO OUR MOTION IS THE EXACT RECIPROCAL

14:29:40 12    DISCOVERY THAT YOUR HONOR ORDERED.

14:29:41 13                    AND THAT'S BASICALLY THE EXPLANATION.

14:29:45 14                    THE COURT:  SO DO YOU NOT NEED THE THINGS

14:29:47 15    THAT YOU SPELLED OUT AT THE HEARING, YOU DON'T NEED

14:29:53 16    THAT ANYMORE?

14:29:54 17                    MR. VERHOEVEN:  WELL, IT SOMEWHAT DEPENDS

14:29:56 18    ON THE SCOPE AND THE NATURE OF THESE POTENTIAL

14:29:58 19    PRELIMINARY INJUNCTION MOTIONS THEY FILED, YOUR

14:30:00 20    HONOR.

14:30:00 21                    SO IF THEY FILE A PRELIMINARY INJUNCTION

14:30:02 22    MOTION, WE'RE NOT SURE AT THIS POINT WHAT PRODUCTS

14:30:06 23    THEY'RE GOING TO FILE ON, WE'RE NOT SURE THEY'RE

14:30:08 24    EVEN GOING TO FILE IT.

14:30:09 25                    AND I THINK IN FULL DISCLOSURE, YOUR

4

14:30:11  1    HONOR, ONCE WE SEE A MOTION, WE PROBABLY WILL MEET

14:30:15  2    AND CONFER WITH THE OTHER SIDE, ONCE WE SEE THE

14:30:18  3    SCOPE OF IT, AND TRY TO WORK OUT SOME SORT OF

14:30:20  4    ARRANGEMENT IF THEY FILE A MOTION SO THAT BOTH

14:30:23  5    SIDES CAN HAVE SOME SORT OF A RECIPROCAL DISCOVERY.

14:30:28  6    FOR EXAMPLE, IF THEY HAVE DECLARANTS OR EXPERT

14:30:31  7    DECLARATIONS OR THEY DO A SURVEY OR SOMETHING, THEN

14:30:34  8    WE WOULD NEED TO DO A CERTAIN AMOUNT OF DISCOVERY.

14:30:36  9         HOWEVER, IF THEY DIDN'T DO THAT AND THEY

14:30:38 10    DON'T HAVE DECLARATIONS, THEN IT WOULD BE SLIGHTLY

14:30:40 11    DIFFERENT.

14:30:40 12         SO WHAT WE TRIED TO DO, YOUR HONOR, IS

14:30:44 13    YOUR HONOR HAD INDICATED AT THE HEARING -- YOU KNOW

14:30:46 14    WE OPPOSED THIS VERY DISCOVERY AND OF FUTURE

14:30:49 15    PRODUCTS.

14:30:52 16         BUT YOUR HONOR WAS PERSUADED THAT THAT

14:30:54 17    LIMITED DISCOVERY SHOULD BE -- SHOULD PROCEED AND

14:30:57 18    SO WE WENT BACK AND TRIED TO MAKE OUR REQUEST AS

14:31:00 19    RECIPROCAL AND AS LIMITED AS WHAT YOUR HONOR

14:31:04 20    ORDERED.

14:31:08 21         NOW, IT MAY BE THAT IF THEY LATER TRY TO

14:31:10 22    FILE SOMETHING, WE'LL HAVE TO REVISIT THE ISSUE OF

14:31:13 23    ANY FURTHER DISCOVERY THAT MIGHT BE NEED TO BE

14:31:16 24    TAKEN.

14:31:16 25         BUT ESSENTIALLY WHAT WE'RE SEEKING HERE

5

14:31:18 1    IS RECIPROCAL FAIR PARITY IN DISCOVERY.

14:31:22 2              THEY HAVE SAID TO YOUR HONOR, WE NEED

14:31:25 3    THESE -- THE DISCOVERY OF THESE FUTURE PRODUCTS,

14:31:28 4    FOR EXAMPLE, THE GALAXY S2 WHICH IS NOT GOING TO BE

14:31:31 5    RELEASED UNTIL THE FALL.

14:31:34 6              YOUR HONOR ORDERED THAT TO BE PRODUCED.

14:31:37 7    AND WHAT WE'RE SIMPLY TRYING TO DO IS, AND THEIR

14:31:40 8    BASIS FOR THAT, YOUR HONOR, QUICKLY, I'LL TRY TO BE

14:31:43 9    QUICK, IS THEY NEED TO GET PREPARED SO THAT IF THIS

14:31:45 10   COMES OUT, THERE'S NO FURTHER DELAY AND WHATNOT.

14:31:49 11             WHAT WE'RE SIMPLY ASKING IS FOR PARITY

14:31:53 12   HERE.  WE SHOULD BE ABLE TO GET PREPARED, TOO.  IF

14:31:57 13   THERE'S GOING TO BE MOTION PRACTICE AND PRELIMINARY

14:31:59 14   INJUNCTION ON THE GALAXY S2 IN THE FALL OF 2011,

14:32:03 15   THEN THE PRODUCT THAT IS GOING TO BE OUT THERE IN

14:32:05 16   THE MARKETPLACE WITH IS VERY, VERY LIKELY, YOUR

14:32:07 17   HONOR, GOING TO BE A NEW VERSION OF THE IPHONE AND

14:32:11 18   SO WE SHOULD BE ABLE TO, IF YOU LOOK AT, FOR

14:32:13 19   EXAMPLE, THE SLEEKCRAFT FACTORS, YOUR HONOR, WE

14:32:16 20   SHOULD BE ABLE TO BE LOOKING AT THE -- NO PUN

14:32:19 21   INTENDED -- APPLES TO APPLES, THE S2 VERSUS THE NEW

14:32:25 22   VERSION OF THE IPHONE IN THE FALL OF 20000.

14:32:28 23             ACCORDING TO THE ELEMENTS, FOR EXAMPLE,

14:32:30 24   THE SIMILARITY OF THE MARKS, WE SHOULD BE ABLE TO

14:32:33 25   LOOK AT THE ACTUAL PRODUCTS AND BE ABLE TO COMPARE

6

14:32:36  1    THEM SO THAT WE COULD, FOR EXAMPLE, ONE THING YOU

14:32:38  2    DO, SO SLEEKCRAFT HAS EIGHT FACTORS, BUT THE EIGHT

14:32:42  3    FACTORS ARE DESIGNED FOR ONE -- TO ANSWER ONE LEGAL

14:32:45  4    QUESTION:  THE LIKELIHOOD OF CONFUSION.

14:32:47  5          AND SO WHAT PEOPLE DO IN THESE KINDS OF

14:32:50  6    CASES IS THAT THEY DO SURVEYS.

14:32:57  7          SO WE SHOULD BE ABLE TO -- TO HAVE PARITY

14:33:00  8    AND BE IN THE SAME POSITION AS THEM.  THEY'RE GOING

14:33:02  9    TO BE ABLE TO DO WHATEVER THEY WANT WITH OUR

14:33:04 10    ADVANCED PRODUCTS AND WE SHOULD BE ABLE TO DO THE

14:33:07 11    SAME THING, FOR EXAMPLE, GET READY SO WE HAVE THAT

14:33:10 12    PRODUCT AVAILABLE, WE CAN SEE AND DO A SURVEY AND

14:33:13 13    SEE, DO PEOPLE THINK THAT THESE ARE SIMILAR?  ARE

14:33:16 14    PEOPLE CONFUSED?

14:33:18 15          YOU KNOW, ANOTHER FACTOR IS STRENGTH OF

14:33:20 16    THE MARKS.

14:33:21 17          IF THEIR NEW PRODUCT IS SUBSTANTIALLY

14:33:26 18    DIFFERENT IN DESIGN, AND THEY PUT $100 MILLION

14:33:30 19    MARKETING CAMPAIGN INTO IT THIS FALL AND -- BUT

14:33:34 20    IT'S A DIFFERENT DESIGN, AND YOUR HONOR IS

14:33:38 21    ADDRESSING IRREPARABLE -- THE LIKELIHOOD OF

14:33:41 22    IRREPARABLE HARM AND IT TURNS OUT THAT THE THINGS

14:33:44 23    THAT THEY'RE COMPLAINING ABOUT DON'T EVEN APPLY TO

14:33:46 24    THIS NEW PRODUCT THAT THEY'RE PUTTING $100 MILLION

14:33:50 25    OF A MARKETING CAMPAIGN INTO, THAT IS GOING TO

                                                              7

14:33:53  1    SIGNIFICANTLY AFFECT, FOR EXAMPLE, THE LIKELIHOOD

14:33:55  2    OF HARM IN THE MARKETPLACE IF THEY'RE NOT EVEN

14:33:57  3    USING THAT STUFF ANYMORE IN THEIR NEW MARKETING

14:34:00  4    CAMPAIGN.

14:34:00  5          IT'S GOING TO SIGNIFICANTLY AFFECT THE

14:34:02  6    BALANCE OF HARMS IF THEY'RE ASKING THIS COURT TO

14:34:05  7    ENJOIN SAMSUNG FROM SELLING BASICALLY ITS ENTIRE

14:34:08  8    SMART PHONE AND TAB LINE IN THE UNITED STATES.

14:34:11  9          SO THIS STUFF IS HIGHLY RELEVANT IF THEY

14:34:15 10    DO FILE A P.I., YOUR HONOR, AND ALL WE'RE ASKING

14:34:22 11    FOR IS THE EXACT SAME DISCOVERY THAT YOUR HONOR

14:34:24 12    ALREADY ORDERED WITH RESPECT TO THE DEFENDANTS.

14:34:27 13          AND WE THINK THAT IT'S REASONABLE, AND AS

14:34:32 14    I SAID AT THE LAST HEARING, WHAT IS GOOD FOR THE

14:34:35 15    GOOSE IS GOOD FOR THE GANDER AND WE SHOULD BE

14:34:37 16    ENTITLED TO THE SAME DISCOVERY THAT THEY GOT, YOUR

14:34:40 17    HONOR.

14:34:40 18          THE COURT:  LET ME ASK THE PLAINTIFFS,

14:34:42 19    WHAT IS YOUR, IF YOU DO END UP FILING A P.I.

14:34:46 20    MOTION, IS IT GOING TO BE JUST THE TRADEMARK AND

14:34:48 21    THE TRADE DRESS OR IS IT ALSO GOING TO BE DESIGN

14:34:52 22    PATENTS?

14:34:53 23          I'M REALLY HOPING IT'S NOT GOING TO BE

14:34:55 24    UTILITY PATENTS, BECAUSE AS I SAID, THAT'S NOT

14:34:59 25    REALLY I THINK FEASIBLE TO DO A FULL CLAIM

8

14:35:02  1    CONSTRUCTION AND A FULL ANALYSIS ON A P.I. BASIS.

14:35:05  2              SO TELL ME WHAT YOU'RE CURRENT THINKING

14:35:07  3    IS.

14:35:07  4              MR. MCELHINNY:  MY CURRENT THINKING IS

14:35:08  5    THAT I INTEND TO, IF NECESSARY, CHANGE YOUR MIND

14:35:12  6    ABOUT THE UTILITY PATENTS, BUT THE DIRECT ANSWER TO

14:35:16  7    YOUR QUESTION IS WE'RE GOING TO REVIEW THE RIGHTS

14:35:22  8    THAT WE HAVE ASSERTED.

14:35:23  9              AND WE'RE GOING TO MOVE -- IF WE MOVE, WE

14:35:25 10    ARE GOING TO MOVE ONTO SOME KIND OF COMBINATION OF

14:35:27 11    THE RIGHTS THAT WE HAVE ASSERTED, YOUR HONOR.

14:35:29 12              BUT I CAN'T TELL YOU RIGHT NOW THAT WE

14:35:31 13    HAVE DECIDED TO MOVE, MUCH LESS WHICH OF OUR MANY

14:35:34 14    CLAIMS WE'RE GOING TO MOVE ON.

14:35:35 15              THE COURT:  WELL, LET ME ASK ACTUALLY OF

14:35:37 16    BOTH PARTIES AND IT SOUNDS LIKE BOTH OF YOU ARE

14:35:41 17    INTERESTED IN GETTING -- ESPECIALLY IF YOU WANT TO

14:35:43 18    LITIGATE UTILITY PATENTS, THEN LET'S JUST SET AN

14:35:47 19    EXPEDITED SCHEDULE FOR THE WHOLE CASE.

14:35:49 20              I WOULD RATHER US JUST START NOW AND I

14:35:51 21    WANT TO HEAR FROM BOTH SIDES WHETHER YOU WOULD

14:35:54 22    AGREE WITH IT RATHER THAN EVERY SIX WEEKS HAVING AN

14:35:57 23    EXPEDITED DISCOVERY MOTION.

14:35:59 24              IF YOU REALLY FEEL THIS ANXIOUS, SET THE

14:36:02 25    SCHEDULE NOW AND I'LL GIVE YOU A TRIAL IN

                                                              9

```
14:36:04  1    EIGHT MONTHS, SIX MONTHS, WHATEVER YOU WANT, MY
14:36:07  2    SCHEDULE IS OPEN.  ONE YEAR?  YOU TELL ME.
14:36:11  3            WHAT ARE YOUR THOUGHTS ON THAT?
14:36:18  4            MR. MCELHINNY:  THE ANSWER -- WELL, THE
14:36:19  5    ANSWER TO YOUR QUESTION IS THAT WE WOULD LIKE THAT,
14:36:21  6    YOUR HONOR.  WE WOULD LIKE AN EXPEDITED TRIAL DATE.
14:36:24  7            IN TERMS OF THE SPECIFIC MONTHS, I WOULD
14:36:26  8    NEED TWO MINUTES TO CONSULT WITH MY CLIENT TO GET
14:36:29  9    MORE DIRECT INFORMATION ABOUT THAT.
14:36:31 10            THE COURT:  WELL, LET ME HEAR FROM -- IS
14:36:33 11    THAT SOMETHING THAT SAMSUNG WOULD BE INTERESTED IN
14:36:35 12    RATHER THAN US INCREMENTALLY GETTING DISCOVERY
14:36:39 13    PIECEMEAL?  WHY DON'T WE JUST GET STARTED ON THE
14:36:41 14    CASE?
14:36:42 15            MR. VERHOEVEN:  WELL, I THINK I, TOO,
14:36:43 16    WOULD HAVE TO CONFER.  IT'S SORT OF COMING OUT NOT
14:36:47 17    ON THE SUBJECT OF THIS PARTICULAR MOTION.
14:36:49 18            THE COURT:  I UNDERSTAND.
14:36:49 19            MR. VERHOEVEN:  AND IT'S A VERY
14:36:51 20    COMPLICATED CASE.  AS YOU KNOW, YOUR HONOR RELATED
14:36:53 21    THE OTHER CASE TOGETHER WITH IT AND IF WE'RE GOING
14:36:56 22    TO BE PROCEEDING ON UTILITY PATENTS, WE SHOULD
14:36:58 23    PROCEED IN TOTAL.
14:37:01 24            AND SO WE WOULD NEED TO TRY TO DO A
14:37:05 25    SIGNIFICANT ASSESSMENT BECAUSE OFF THE TOP OF -- AT
```

10

14:37:10  1   LEAST OFF THE TOP OF MY HEAD, I'LL LET

14:37:12  2   MR. MCELHINNY SPEAK FOR HIMSELF, BUT AT LEAST OFF

14:37:15  3   THE TOP OF MY HEAD IT'S IMPORTANT THAT WE GET IT

14:37:18  4   RIGHT IN TERMS OF THE SCHEDULE AND WE WOULD HAVE TO

14:37:20  5   SIT DOWN AND FIGURE OUT HOW MANY EXPERTS ARE WE

14:37:21  6   TALKING ABOUT?  YOU KNOW, HOW ARE WE GOING TO DO

14:37:24  7   THE MARKMAN HEARING WITH ALL OF THESE PATENTS?  YOU

14:37:27  8   KNOW, WHAT ARE YOUR HONOR'S LIMITS, IF ANY, ON THE

14:37:30  9   NUMBER OF TERMS FOR CONSTRUCTION PER PATENT?  IS IT

14:37:35 10   FOR THE WHOLE CASE?

14:37:36 11        THOSE ARE THE THINGS I THINK WOULD BE

14:37:37 12   MORE INVOLVED THAN ME JUST TELLING YOU RIGHT OFF

14:37:42 13   THE TOP OF MY HEAD.

14:37:43 14        THE COURT:  I'M NOT ASKING YOU TO TELL ME

14:37:45 15   OFF THE TOP OF YOUR HEAD, AND I DON'T THINK THAT'S

14:37:48 16   FAIR TO YOU ALL SINCE THIS IS REALLY NOT EVEN A

14:37:50 17   CMC.

14:37:50 18        MR. VERHOEVEN:  MAY I SAY ONE OTHER THING

14:37:52 19   REALLY QUICKLY, YOUR HONOR?

14:37:54 20        LAST NIGHT I THINK IT WAS APPLE FILED AN

14:37:57 21   AMENDED COMPLAINT.

14:37:57 22        THE COURT:  I KNOW.

14:37:58 23        MR. VERHOEVEN:  AND ADDED NEW PATENTS.

14:38:00 24   SO WE HAVEN'T EVEN HAD A CHANCE TO GO THROUGH THAT

14:38:03 25   YET, YOUR HONOR.

11

14:38:03 1          SO THAT WOULD OBVIOUSLY IMPACT US AS

14:38:06 2   WELL.

14:38:06 3          THE COURT:  SURE.  LET ME ASK, THE

14:38:07 4   SAMSUNG VERSUS APPLE CASE, IT HAS BEEN RELATED BUT

14:38:10 5   IT HASN'T BEEN CONSOLIDATED.

14:38:12 6          ARE YOU ALL GOING TO SEEK TO CONSOLIDATE

14:38:14 7   IT OR ARE YOU JUST GOING TO THEN ASSERT THE PATENTS

14:38:18 8   THAT YOU ASSERTED IN THAT CASE AS COUNTERCLAIMS IN

14:38:20 9   THIS CASE AND IT IS RESPECTIVELY THE SAME CASE

14:38:21 10  ANYWAY, OR WHAT IS GOING TO HAPPEN?

14:38:24 11         MR. VERHOEVEN:  WE THINK IT SHOULD BE

14:38:26 12  CONSOLIDATED, YOUR HONOR, AND WE THINK IT SHOULD BE

14:38:28 13  CONSOLIDATED AND SHOULD PROCEED AS A SINGLE CASE.

14:38:29 14         THE COURT:  NOW, WHEN YOU -- I THINK YOUR

14:38:31 15  ANSWER DATE IS NOT FOR A LITTLE WHILE, RIGHT?  I

14:38:33 16  KNOW YOU STIPULATED TO A DATE.  WHEN WAS THAT?

14:38:37 17         MR. VERHOEVEN:  JULY 15TH.

14:38:42 18         MS. MAROULIS:  YOUR HONOR, JULY 5TH.

14:38:43 19  IT'S GOING TO BE CHANGED BECAUSE OF THE FILING

14:38:48 20  YESTERDAY.

14:38:48 21         THE COURT:  I SEE.  OKAY.  ARE YOU

14:38:49 22  ANTICIPATING THEN FILING COUNTERCLAIMS THAT WOULD

14:38:53 23  ASSERT YOUR OWN -- WHATEVER COMBINATION OF UTILITY

14:38:57 24  PATENTS?

14:38:57 25         MR. VERHOEVEN:  WE'RE STILL EVALUATING

12

14:38:59  1    OUR OPTIONS, AND I REALLY CAN'T SPEAK TO THAT AT

14:39:01  2    THIS POINT.

14:39:02  3              THE COURT:  OKAY.

14:39:02  4              MR. VERHOEVEN:  WE ARE EVALUATING THOSE

14:39:04  5    OPTIONS THOUGH, YOUR HONOR.

14:39:05  6              MR. MCELHINNY:  IF I MAY, YOUR HONOR?

14:39:07  7              THE COURT:  YES.

14:39:08  8              MR. MCELHINNY:  TWO OF THE SUBJECTS THAT

14:39:09  9    HAVE BEEN TOUCHED ON, WE DO, THE REASON WE'RE

14:39:11 10    TALKING ABOUT AN INJUNCTION, IS THAT WE DO FEEL

14:39:13 11    THAT THERE IS INJURY GOING ON.

14:39:16 12              WE DO SEEK TO EXPEDITE A RESOLUTION OF

14:39:19 13    THIS CASE.  WE DO THINK THAT -- WE WILL OPPOSE

14:39:22 14    CONSOLIDATION SIMPLY BECAUSE ADDING A TEN-UTILITY

14:39:26 15    PATENT ONTO THE CASE THAT WE HAVE WE THINK IS A

14:39:29 16    DELAYING TACTIC.

14:39:30 17              BUT IN CONNECTION I THINK I CAN SAY

14:39:34 18    COUNSEL, ALL OF THE COUNSEL WHO ARE IN THE CASE,

14:39:36 19    WILL OPPOSE CONSOLIDATING THAT ON APPLE'S SIDE.

14:39:40 20              AS YOU KNOW FROM THE DECLARATIONS, I

14:39:42 21    MEAN, I SAT IN FRONT OF YOU AND YOU SAID, YOU CAN

14:39:46 22    EXPEDITE DISCOVERY AND WE KNOW FROM THE

14:39:49 23    DECLARATIONS, WE CALLED THEM UP AND WE WENT THROUGH

14:39:51 24    THE LIST THAT MR. VERHOEVEN HAD STATED AND HE SAID

14:39:54 25    EXACTLY YOUR POINT, WHICH WAS THAT THERE IS GOING

                                                          13

14:39:57  1    TO HAVE TO BE SOME DISCOVERY RELATIVE TO THIS

14:39:59  2    INJUNCTION IF IT IS FILED, CAN'T WE AGREE ON A

14:40:02  3    PROCESS FOR THAT?  CAN'T WE DECIDE IF DECLARANTS

14:40:06  4    ARE TO BE DEPOSED, ALL OF THE STUFF THAT I

14:40:07  5    MENTIONED TO YOU?

14:40:08  6         AND TODAY THEY WILL NOT ENGAGE WITH US.

14:40:12  7         AND, AGAIN, I THINK AS COUNSEL HAS SAID,

14:40:14  8    THE LIKELY PROCEDURE HERE IS THAT THEY FILED THIS

14:40:17  9    SORT OF WHAT WE WOULD CALL IT A "GOTCHA MOTION" AND

14:40:21 10    IF IT DOESN'T SUCCEED THEN WE'RE GOING TO START

14:40:24 11    OVER THE PROCESS ABOUT NOW WHAT DISCOVERY DO YOU

14:40:27 12    REALLY NEED THAT IS RELEVANT TO THE INJUNCTION AND

14:40:30 13    HOW LONG WOULD IT TAKE, AND I THINK WE WILL SEE AN

14:40:33 14    ENGAGEMENT AND PROBABLY A DRAWN-OUT DISCOVERY

14:40:36 15    PERIOD.

14:40:36 16         MR. VERHOEVEN:  YOUR HONOR, MAY I

14:40:37 17    BRIEFLY?

14:40:37 18         MR. MCELHINNY:  JUST LET ME FINISH.

14:40:39 19         THE OTHER THING IS ALL OF THE CLAIMS THAT

14:40:41 20    WE WILL BE PURSUING, WHATEVER THEY ARE IN THE

14:40:43 21    PRELIMINARY INJUNCTION, AS WE POINTED OUT TO YOUR

14:40:47 22    HONOR BEFORE, AND AS WE POINTED OUT CLEARLY IN OUR

14:40:49 23    AMENDED COMPLAINT, WILL BE BASED ON PRODUCTS THAT

14:40:51 24    ARE CURRENTLY IN THE MARKET.  THEY WILL NOT BE

14:40:54 25    BASED ON OUR FUTURE PRODUCTS.

14

14:40:55  1          MR. VERHOEVEN TALKED ABOUT THE

14:40:57  2   POSSIBILITY THAT HE WAS TAKING SURVEYS WITH

14:41:00  3   WHATEVER THEY GET TOGETHER BUT IF THAT REACHED THE

14:41:04  4   CONFIDENTIALITY ORDER, WE JUST CAN'T.

14:41:08  5          THE COURT:  I KNOW YOU ADDED A BUNCH OF

14:41:11  6   DESIGN PATENTS, UTILITY PATENTS AND YOU CHANGED

14:41:15  7   YOUR TRADE DRESS ALLEGATION AND YOU ADDED A CLAIM

14:41:20  8   FOR RELIEF.

14:41:28  9          WHY DID YOU AMEND THIS?  WAS THAT IN

14:41:31 10   ANTICIPATION OF THIS MOTION TO MAKE IT MORE TIED TO

14:41:33 11   SPECIFIC CURRENTLY AVAILABLE IPHONES AND IPADS

14:41:35 12   OR --

14:41:36 13          MR. MCELHINNY:  I THINK THERE ARE A

14:41:38 14   COUPLE OF REASONS THAT WE HAVE DONE IT.

14:41:39 15          THE COURT:  UH-HUH.

14:41:40 16          MR. MCELHINNY:  ONE, AS PART OF THEIR

14:41:41 17   INTENTIONAL STRATEGY, SAMSUNG KEEPS RELEASING

14:41:48 18   ADDITIONAL INFORMATION ABOUT THE PRODUCTS.

14:41:49 19          SO IN THE TIME THAT WE WERE LAST IN FRONT

14:41:51 20   OF YOU BEFORE, WE HAVE BEEN ABLE TO GET THE SAMPLES

14:41:53 21   AND THE S2 PHONE AND WHICH IS BEING MARKETED

14:41:56 22   OUTSIDE OF THE UNITED STATES, AND WE WERE ABLE TO

14:41:58 23   DRAFT A COMPLAINT THAT WAS MORE CLOSELY DRAWN TO

14:42:01 24   THE PRODUCTS THAT WE WERE GOING TO BE ATTACKING AND

14:42:03 25   WE WANTED TO MAKE SURE THAT THAT COMPLAINT WAS ON

15

14:42:05   1    FILE BEFORE WE ACTUALLY GOT THE PRODUCTION DUE DATE

14:42:09   2    BECAUSE WE WANTED TO MAKE SURE THAT THAT WAS DONE

14:42:11   3    COMPLETELY WITH PUBLIC INFORMATION.  SO THERE'S NO

14:42:15   4    QUESTION ABOUT HOW WE WOULD USE THE PRODUCTS THAT

14:42:17   5    ARE BEING PROVIDED TO US TODAY.

14:42:19   6         BUT BASICALLY IT'S A TAILORING OF -- I

14:42:22   7    MEAN, APPLE, AS YOU KNOW, IT HAS A LOT OF

14:42:26   8    INTELLECTUAL PROPERTY RIGHTS AND IT'S A TAILORING

14:42:28   9    OF THOSE PRODUCTS.

14:42:30  10         THE COURT:  LET ME ASK IF THE PARTIES --

14:42:34  11    IF YOU ALL -- UNDERSTANDING LAST TIME YOU WERE

14:42:37  12    HERE, YOU SAID THAT YOU HAD A BUSINESS

14:42:39  13    RELATIONSHIP, I FORGET WHAT THE NUMBER WAS, EIGHT

14:42:44  14    MILLION, EIGHT BILLION?

14:42:44  15         MR. MCELHINNY:  I THINK IT WAS IN EXCESS

14:42:45  16    OF SEVEN BILLION.

14:42:47  17         THE COURT:  SEVEN BILLION.  CAN WE ALL

14:42:49  18    JUST GET ALONG HERE AND CAN I SEND YOU OUT TO ADR?

14:42:53  19         IS THERE ANY -- YOU NAME IT WHO YOU WANT

14:42:55  20    TO GO TO?  I WILL SEND YOU WITH BOXES OF

14:43:00  21    CHOCOLATES.  I MEAN, WHATEVER.

14:43:01  22         IS THERE ANYTHING THAT WOULD BE POSSIBLE

14:43:04  23    HERE IN TERMS OF AT LEAST EXPLORING?

14:43:06  24         I KNOW YOU SAID YOU ALREADY ENGAGED IN A

14:43:09  25    BIT OF DISCUSSION BEFORE FILING THIS CASE, BUT IS

16

14:43:12  1    THERE ANYTHING NOW?

14:43:13  2            MR. VERHOEVEN:  WE'RE ALWAYS WILLING TO

14:43:14  3    DO THAT, YOUR HONOR.

14:43:17  4            THERE HAS BEEN DISCUSSIONS BETWEEN THE

14:43:18  5    PARTIES AND --

14:43:22  6            THE COURT:  YOU MEAN SINCE THE LAWSUIT

14:43:24  7    WAS FILED OR ARE YOU TALKING ABOUT THE PRE --

14:43:27  8            MR. VERHOEVEN:  BEFOREHAND.

14:43:27  9            THE COURT:  OKAY.  BUT WHAT ABOUT

14:43:29 10    POST-LAWSUIT, IS THERE ANYTHING THAT WE SHOULD BE

14:43:31 11    TRYING RIGHT NOW?

14:43:32 12            MR. VERHOEVEN:  I MEAN, FRANKLY, WHAT HAS

14:43:33 13    HAPPENED POST-LAWSUIT IS THAT APPLE'S PATENT

14:43:36 14    COUNSEL HAS BEEN LITIGATING IN THE PRESS AND THAT'S

14:43:38 15    WHERE THEY HAVE BEEN DEVOTING THEIR EFFORTS.

14:43:44 16            MR. MCELHINNY:  WELL, HOLD ON.  WE HAVE

14:43:45 17    NEVER SPOKEN TO THE PRESS, YOUR HONOR.

14:43:48 18            THE COURT:  I DON'T WANT TO GET INTO --

14:43:50 19    OKAY.  WHAT WOULD BE FEASIBLE RIGHT NOW?  ARE YOU

14:43:52 20    WILLING TO GO TO SOME FORM OF ADR NOW?

14:43:57 21            MR. MCELHINNY:  MY UNDERSTANDING --

14:43:58 22            THE COURT:  YES.

14:43:58 23            MR. MCELHINNY:  -- I HAVE NOT BEEN

14:44:00 24    INVOLVED IN THESE TALKS, BUT MY UNDERSTANDING IS

14:44:01 25    THAT THIS CASE OBVIOUSLY HAS GOT THE ATTENTION OF

                                                              17

14:44:05  1    PEOPLE AT THE HIGHEST LEVELS, LITERALLY AT THE

14:44:06  2    HIGHEST LEVELS AT BOTH COMPANIES.

14:44:07  3         THE COURT:  CAN WE GET THEM TOGETHER?

14:44:09  4         MR. MCELHINNY:  THAT THEY ARE, IN FACT,

14:44:10  5    MEETING AND TALKING AND THAT'S MY UNDERSTANDING.

14:44:12  6    AND I DON'T THINK INTRODUCING A MEDIATOR INTO THAT

14:44:15  7    WOULD BE HELPFUL, YOUR HONOR, IS MY READ.

14:44:17  8         I CAN ANSWER YOUR EARLIER QUESTION.  WE

14:44:20  9    WOULD BE PREPARED TO TRY THIS CASE IN SIX MONTHS.

14:44:27 10         MR. VERHOEVEN:  YOUR HONOR, MAY I SPEAK

14:44:29 11    BRIEFLY TO THE ACTUAL MOTION?

14:44:30 12         THE COURT:  YES, I'M GOING TO GET BACK TO

14:44:32 13    THE MOTION.

14:44:37 14         MR. VERHOEVEN:  OH.

14:44:38 15         THE COURT:  I'M SORRY.  I'M JUST GETTING

14:44:40 16    DISTRACTED HERE.

14:44:41 17         LET ME GO TO MR. MCELHINNY.  IT LOOKS

14:44:46 18    LIKE BASED ON THE RELEASE OF IPHONE, IPHONE 3G,

14:44:50 19    IPHONE 3GS, IPHONE 4, IT LOOKS LIKE YOU'RE DUE FOR

14:44:55 20    A RELEASE OF AT LEAST A PHONE.

14:44:56 21         I AGREE WITH THE -- THAT THE TABLET

14:44:59 22    COMPUTER, YOU RELEASED ONE IN MARCH OF LAST YEAR

14:45:02 23    AND OF THIS YEAR AND IT COMES OUT WITHIN A YEAR, IT

14:45:05 24    SEEMS A LITTLE PREMATURE THAT YOU HAVE HAD LESS

14:45:07 25    THAN THREE MONTHS OF DEVELOPMENT ON THE TABLET

18

14:45:10 1  COMPUTER.

14:45:11 2           BUT ON THE IPHONE IT LOOKS LIKE YOU'RE

14:45:13 3  DUE ON ONE, ALTHOUGH THE RELEASE DATES IN THE PAST

14:45:16 4  FOUR YEARS HAVE ALL BEEN IN JUNE.

14:45:18 5           WHY SHOULDN'T THEY BE ABLE TO FIND OUT?

14:45:21 6  I MEAN, IF YOU'RE GOING TO RELEASE A PRODUCT IT

14:45:23 7  LOOKS LIKE PROBABLY BEFORE YOUR P.I. MOTION IS

14:45:26 8  FILED, WHY SHOULDN'T THEY BE ABLE TO GET SOME

14:45:28 9  INFORMATION ON THAT?

14:45:29 10          MR. MCELHINNY:  I THINK THERE ARE TWO

14:45:31 11 ANSWERS TO THAT.

14:45:32 12          ONE, YOUR HONOR, IN FAIRNESS, IS ENGAGING

14:45:35 13 IN THE EXACT SAME SPECULATION THAT THEY ARE.  WE DO

14:45:37 14 NOT ISSUE PRERELEASES.  WE DON'T GIVE INFORMATION

14:45:42 15 TO THE PRESS.

14:45:42 16          THERE'S NOT A FACT IN THEIR PAPERS THAT'S

14:45:47 17 NOT SIMPLY HISTORICAL ABOUT WHEN WE'RE GOING TO

14:45:49 18 RELEASE SOMETHING, WHAT IT'S LIKELY TO BE, AND

14:45:52 19 THAT'S BECAUSE OF THE NATURE -- WE DO BUSINESS A

14:45:55 20 DIFFERENT WAY AND SO THERE'S NO WAY IN FAIRNESS TO

14:45:57 21 PREDICT WHENEVER WE'RE GOING TO DO A RELEASE OF

14:46:00 22 ANYTHING.

14:46:01 23          THE COURT:  WHAT ABOUT THEIR ARGUMENT

14:46:02 24 THAT THERE NEEDS TO BE CO-EXISTENCE IN THE MARKET

14:46:05 25 IN ORDER FOR YOU TO -- AND, AND IF YOU STOP

                                                              19

14:46:10 1    SELLING, YOU KNOW, AND MAKE IT A LEGACY VERSION, I

14:46:12 2    MEAN, TELL ME ABOUT THE LEGACY VERSION?  WHAT -- DO

14:46:16 3    THEY, IN FACT, STOP BEING SOLD RIGHT BEFORE THE

14:46:18 4    RELEASE OF THE NEXT GENERATION?

14:46:20 5            MR. MCELHINNY:  THEY DO NOT, YOUR HONOR.

14:46:21 6            IN FAIRNESS, LET ME JUST ANSWER YOUR

14:46:23 7    QUESTION DIRECTLY.

14:46:24 8            THE COURT:  YES.

14:46:25 9            MR. MCELHINNY:  WHICH IS A LOT OF CASES

14:46:26 10   GOT CITED.  I'M SURE YOU LOOKED AT THEM ALL.  THERE

14:46:29 11   IS NOT A CASE THAT HAS EVER ORDERED THE PLAINTIFF

14:46:34 12   TO PRODUCE FUTURE PRODUCT PLANNING DESIGNS IN ORDER

14:46:39 13   TO BE ABLE TO ASSERT ITS INTELLECTUAL PROPERTY

14:46:41 14   RIGHTS.  IT HAS NEVER HAPPENED.

14:46:45 15            AND WE WOULD ARGUE THAT IT WOULD BE SUCH

14:46:47 16   A BURDEN ON PLAINTIFFS.  THE PEOPLE WHO DRAFTED THE

14:46:51 17   LANHAM ACT WHO WERE TRYING TO PROTECT INVESTORS

14:46:53 18   WOULD FIND THAT, WOULD FIND THAT A TERRIBLE

14:46:57 19   DISADVANTAGE TO A PLAINTIFF IF THAT WAS GOING TO BE

14:47:01 20   ONE OF THE COSTS.

14:47:02 21            AND THE REASON FOR IT IS THE LOGIC OF

14:47:05 22   THESE ACTS.  IF YOU LOOK AT TRADE DRESS, TO BE

14:47:07 23   CLEAR, THEY'RE NOT SAYING THEY NEED IT FOR A PATENT

14:47:09 24   CASE.  THEY'RE NOT SAYING THEY NEED IT FOR A

14:47:12 25   TRADEMARK CASE.

                                                          20

14:47:14  1          ALL OF THEIR ARGUMENTS GO TO TRADE DRESS.

14:47:16  2          AND EVERY CASE THAT HAS BEEN CITED TO

14:47:18  3     YOU, EVERY CASE THAT EXISTS ON TRADE DRESS LOOKS AT

14:47:21  4     THE HISTORICAL BEHAVIOR OF THE PERSON WHO WAS

14:47:24  5     ASSERTING THE TRADE DRESS.

14:47:25  6          IT GOES BACK, BECAUSE WHAT WE HAVE TO

14:47:28  7     PROVE IS, ONE, THAT WE HAVE DONE SOMETHING

14:47:30  8     DISTINCTIVE; AND, TWO, THAT THE MARKET HAS REACTED

14:47:34  9     TO IT IN A WAY THAT IT'S GOT AN ACQUIRED

14:47:36 10     DISTINCTIVENESS AND THAT THAT THEN BECOMES OUR

14:47:39 11     LEGAL RIGHT THAT WE CAN ASSERT.

14:47:41 12          BUT THAT IS ENTIRELY HISTORICAL.

14:47:45 13          AND SO ALL OF THE CASES THAT HAVE BEEN

14:47:47 14     CITED TO YOUR HONOR RELY ON -- AND PARTICULARLY IN

14:47:51 15     THE AREA IN WHICH THEY TALKED ABOUT WHICH IS

14:47:54 16     WHETHER OR NOT THERE IS THIS CONTINUITY, IT LOOKS

14:47:58 17     AT THE HISTORICAL PRODUCTS THAT HAVE BEEN MARKETED.

14:48:00 18          NO ONE HAS EVER SAID IN ORDER TO GET AN

14:48:03 19     INJUNCTION IN A TRADE DRESS CASE YOU HAVE TO

14:48:06 20     PROMISE THAT YOU WILL NOT CHANGE THIS IN THE FUTURE

14:48:08 21     OR THAT YOU WILL LOOK AT YOUR FUTURE PLANNING OR

14:48:11 22     ANYTHING LIKE THAT.

14:48:13 23          THEY LOOK AT THE FACTS THAT EXIST AS OF

14:48:15 24     THE TIME OF THE INJUNCTION.  THE ROSE ART CASE

14:48:17 25     SPECIFICALLY SAYS THAT THE PLAINTIFF CAN PICK THE

21

14:48:19  1    PRODUCTS THAT THEY ARE ALLEGING ARE THE TRADE

14:48:22  2    DRESS, WHICH IS WHAT WE HAVE DONE.

14:48:23  3            AND THE ANSWER TO YOUR HONOR'S QUESTION,

14:48:25  4    QUITE SIMPLY, IS IF AT THE TIME THAT THIS

14:48:28  5    INJUNCTION CAME OUT WE WERE NOT COMPETING WITH

14:48:31  6    THEM, THAT WOULD BE A DEFENSE.

14:48:35  7            BUT TO SPECULATE ABOUT WHETHER IT MIGHT

14:48:37  8    HAPPEN OR WHATEVER HAPPENS AND TO GIVE THEM

14:48:39  9    LITERALLY WHAT IS THE MOST SECRETLY REGARDED

14:48:42 10    INFORMATION IN OUR COMPANY, TO SPECULATE ABOUT WHAT

14:48:44 11    THE MARKET IS GOING TO LOOK LIKE A MONTH FROM NOW

14:48:48 12    LITERALLY WOULD BE PRECEDENT SETTING AND HUGELY

14:48:52 13    DAMAGING TO US.

14:48:53 14            THE COURT:  OKAY.  SO WHEN IS THE END OF

14:48:55 15    LIFE FOR THE PRODUCTS?

14:49:01 16            OKAY.  YOU'RE SAYING IT'S NOT BEFORE THE

14:49:03 17    RELEASE OF THE NEXT GENERATION, BUT HOW LONG IS THE

14:49:06 18    PREVIOUS GENERATION SOLD?

14:49:08 19            MR. MCELHINNY:  WE'RE SAYING ALL OF THE

14:49:09 20    PRODUCTS THAT WE HAVE ASSERTED AS THE BASIS OF OUR

14:49:12 21    TRADE DRESS ARE TODAY IN THE MARKET AND COMPETE

14:49:15 22    AGAINST SAMSUNG'S PRODUCTS.

14:49:21 23            AND OBVIOUSLY IN ORDER TO WIN OUR

14:49:23 24    PRELIMINARY INJUNCTION, WE WILL HAVE TO PROVE THAT.

14:49:33 25            THE COURT:  WHY DID YOUR -- YOUR

                                                              22

14:49:37 1    DISCOVERY LETTER SAYS, YOU KNOW, WE'LL BE HAPPY TO

14:49:40 2    GIVE YOU DISCOVERY THAT YOU NEED, SAMSUNG, FOR THE

14:49:46 3    P.I. MOTION AFTER WE FILE OUR MOTION.

14:49:48 4              THAT JUST SEEMS TO BE UNREASONABLE TO ME.

14:49:51 5              MR. MCELHINNY:  IT WAS INTENDED TO BE

14:49:52 6    REASONABLE, YOUR HONOR.

14:49:53 7              JUST TO TAKE, IN MY EXPERIENCE, THE WAY

14:49:55 8    THESE THINGS WORK IS THAT THE MOTION GETS FILED.

14:49:58 9    THE DEFENDANT DECIDES WHAT DISCOVERY THEY NEED.

14:50:00 10   THERE'S AN AGREEMENT AS TO WHAT DISCOVERY THEY GET

14:50:02 11   AND WHAT THE SYMMETRICAL DISCOVERY.

14:50:04 12             JUST NOW WHEN YOU ASKED COUNSEL WHAT HIS

14:50:07 13   FUTURE DISCOVERY WOULD BE, HE LAID OUT EXACTLY THAT

14:50:11 14   PATTERN.  HE SAID WE NEED TO SEE THE MOTION, THEN

14:50:13 15   WE'LL SEE WHO THE DECLARANTS WERE.

14:50:15 16             AND SO WE -- THE LETTER ASSUMES THAT, BUT

14:50:19 17   I BELIEVE THERE'S A FOLLOW-UP LETTER THAT SAID, YOU

14:50:21 18   KNOW, IF YOU WANT TO START EARLIER, YOU SAID THIS,

14:50:24 19   WE AGREED THAT WE WILL EXPEDITE THE RELEVANT

14:50:27 20   DISCOVERY AND THE ANSWER TO THAT WAS WE DON'T WANT

14:50:29 21   TO TALK ABOUT THAT.  WE DON'T WANT TO TALK ABOUT

14:50:32 22   ANY DISCOVERY EXCEPT THIS PARTICULAR MOTION.

14:50:37 23             AND WE REMAINED, AS I TOLD YOU THE LAST

14:50:39 24   TIME, YOUR HONOR, IT IS IN OUR INTEREST TO EXPEDITE

14:50:41 25   THE DISCOVERY IN ORDER TO GET OUR PRELIMINARY

23

14:50:43 1    INJUNCTION AND WE'RE -- WE REMAIN OPEN TO THOSE

14:50:47 2    MEET AND CONFER.

14:50:47 3              THE COURT:  WHAT, YOU KNOW, ABOUT

14:50:52 4    SAMSUNG'S ARGUMENT THAT, WELL, A HIGHLY

14:50:54 5    CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY DESIGNATION

14:50:57 6    WAS SUFFICIENT TO AVOID PREJUDICING SAMSUNG IN

14:51:01 7    RELEASE OF PRERELEASE PRODUCTS BUT THAT DOESN'T

14:51:04 8    APPLY TO APPLE.  THAT'S INSUFFICIENT TO AVOID ANY

14:51:07 9    SUBSTANTIAL PREJUDICE TO APPLE?

14:51:10 10             MR. MCELHINNY:  WHAT IS FAIR IS APPLYING

14:51:11 11   THE SAME THREE STANDARDS TO US THAT YOUR HONOR

14:51:13 12   APPLIED IN THE MOTION.  AND WHAT YOU LOOKED AT WAS

14:51:16 13   IMMINENCE OF RELEASE, WHAT YOU LOOKED AT WAS

14:51:22 14   DIRECT -- RELEVANCE WASN'T ENOUGH.  YOU ASKED FOR

14:51:24 15   DIRECT RELEVANCE OF THE PRELIMINARY INJUNCTION

14:51:26 16   MOTION, AND THEN UNDER PREJUDICE, YOU LOOKED AT

14:51:29 17   EXACTLY THIS ISSUE.

14:51:31 18             AND WHAT YOU SAID WAS, SAMSUNG'S CLAIMS

14:51:34 19   OF PREJUDICE WERE UNDERCUT BECAUSE THEY ARE DOING

14:51:37 20   THEIR OWN PRERELEASES, THEY ARE PUTTING OUT THE

14:51:40 21   SAMPLES IN THE MARKET.

14:51:42 22             WE SHOWED YOU THE PICTURES AND YOU SAID

14:51:44 23   THE CONCLUSION WAS FOR THEM TO BE CLAIMING THIS IS

14:51:47 24   CONFIDENTIAL AT THE SAME TIME THAT THEY ARE SEEDING

14:51:50 25   THE MARKET WITH THIS STUFF UNDERCUT THEIR CLAIMS OF

                                                        24

14:51:53  1    PREJUDICE.

14:51:54  2              THE COURT:  LET ME ASK --

14:51:55  3              MR. MCELHINNY:  I NEED TO ANSWER YOUR

14:51:57  4    QUESTION DIRECTLY.

14:51:57  5              THE COURT:  GO AHEAD.

14:51:58  6              MR. MCELHINNY:  INFORMATION ABOUT WHAT

14:51:59  7    APPLE'S FUTURE PRODUCTS LOOKED LIKE CANNOT BE

14:52:03  8    POLICED.  WE WILL BE DEALING WITH EXPERTS.  THE

14:52:08  9    FIRM ON THE OTHER SIDE IS IN FOUR OTHER LAWSUITS,

14:52:10 10    SAME LAWYERS AGAINST APPLE FOR OTHER CLIENTS.

14:52:13 11              THE KNOWLEDGE OF WHAT THESE PRODUCTS LOOK

14:52:16 12    LIKE CANNOT BE POLICED.  A PROTECTIVE ORDER, MORE

14:52:21 13    PEOPLE AT APPLE WILL HAVE TO GET IT.  I'LL GET IT.

14:52:24 14    I DON'T HAVE IT RIGHT NOW.

14:52:25 15              THERE'S JUST A UNIVERSE OF PEOPLE THAT

14:52:27 16    WOULD GET ACCESS TO THIS INFORMATION, ANY ONE OF

14:52:30 17    WHOM WOULD HAVE THE POWER TO LEAK IT IN A WAY THAT

14:52:33 18    WOULD BE COMPLETELY UNTRACEABLE.

14:52:34 19              BUT YOUR HONOR KNOWS FROM THE ARTICLES

14:52:36 20    THAT YOU HAVE SEEN THAT THERE'S A WHOLE BLOGOSPHERE

14:52:39 21    OF PEOPLE OUT THERE DOING EVERYTHING THEY CAN TO

14:52:42 22    FIND OUT ABOUT APPLE'S PRERELEASE.  THAT IS OUR

14:52:42 23    CHARISMA.

14:52:47 24              AND IT'S POLICED, AS YOU KNOW FROM THE

14:52:49 25    DECLARATIONS, THOROUGHLY WITHIN APPLE AND THIS

                                                      25

14:52:52  1    WOULD PUT IT IN A WAY THAT WE COULDN'T PROVE IT

14:52:55  2    HAPPENED, LEAKS WOULD SHOW, AND YOUR HONOR WOULD

14:52:57  3    NEVER TO BE ABLE TO TELL.  TOO MANY PEOPLE WOULD

14:53:01  4    HAVE HAD ACCESS.

14:53:03  5         THE COURT:  AND YOU'RE SAYING WEEKS OF

14:53:06  6    SAMSUNG'S PRERELEASES DOESN'T MATTER BECAUSE THEY

14:53:10  7    ARE LEAKING IT ANY WAY?  IS THAT YOUR POSITION?

14:53:10  8         MR. MCELHINNY:  I'M SAYING YOUR HONOR DID

14:53:13  9    A BALANCE AND WHAT WAS -- SAMSUNG DIDN'T HAVE

14:53:17 10    DECLARATIONS THAT WE HAD THAT SAID THE PRODUCT

14:53:18 11    INFORMATION IS PROTECTED WITHIN THEIR COMPANY.  IT

14:53:20 12    DIDN'T HAVE ANY DECLARATIONS AT ALL ABOUT HOW

14:53:22 13    CLOSELY IT WAS PROTECTED.

14:53:23 14         BUT WHAT WE SHOWED YOU WAS THAT THEY WERE

14:53:26 15    FLYING REPORTERS TO SPAIN AND HANDING THE PRODUCTS

14:53:28 16    OUT.

14:53:29 17         THREE OF THE FIVE PRODUCTS OF THE RESULTS

14:53:31 18    OF YOUR ORDER HAVE ALREADY BEEN RELEASED.  THEY'RE

14:53:33 19    NOT SECRET NOW AT ALL.

14:53:35 20         AND THE OTHER TWO HAVE BEEN A SAMPLE.

14:53:39 21         SO THE DIFFERENCE -- I MEAN, YOUR HONOR'S

14:53:41 22    ORDER OF THE RELEASE IS IMMINENT AND SAMSUNG IS

14:53:46 23    ALREADY WELL INTO A MARKETING CAMPAIGN WHICH IS

14:53:48 24    WHERE THEY DO BUSINESS DIFFERENTLY AS YOUR

14:53:50 25    JUSTIFICATION FOR GIVING US THE PART OF WHAT WE

                                                          26

14:53:52  1    ASKED FOR THAT YOU GAVE US.

14:53:54  2            AND ALL I'M SAYING IS IF YOU APPLY

14:53:56  3    EXACTLY -- SAUCE FOR THE GOOSE AND SAUCE FOR THE

14:54:00  4    GANDER AND IF YOU APPLY EXACTLY THAT SAME TEST, YOU

14:54:02  5    COME UP TO A CONCLUSION IN OUR CASE BECAUSE THE

14:54:05  6    FACTS ARE HERE.

14:54:06  7            THE COURT:  LET ME ASK, IF THIS DOES GO

14:54:11  8    BY WAY OF A P.I. MOTION, WHAT IS THE HARM GOING TO

14:54:13  9    BE?  IT SEEMS UNLIKELY THAT ANYBODY WOULD ACTUALLY

14:54:16 10    BUY A SAMSUNG PRODUCT AND BE CONFUSED AND THINK, IN

14:54:19 11    FACT, THAT THEY ARE BUYING AN APPLE PRODUCT.

14:54:21 12            SO I FIND LOST SALES TO BE REALLY HARD TO

14:54:24 13    BELIEVE HERE.

14:54:24 14            SO WHAT IS IT GOING TO BE?

14:54:26 15            MR. MCELHINNY:  IT WILL BE A COMBINATION

14:54:28 16    OF THINGS.  IT WILL, IN FACT, BE LOST SALES.  BUT

14:54:31 17    IT ALSO WILL BE A --

14:54:33 18            THE COURT:  YOU'RE GOING TO ASSERT THAT

14:54:35 19    PEOPLE BOUGHT A SAMSUNG PRODUCT THINKING THAT IT

14:54:37 20    WAS ACTUALLY AN APPLE PRODUCT?

14:54:40 21            MR. MCELHINNY:  I BELIEVE IN GENERAL IT'S

14:54:42 22    GOING TO FALL INTO THREE AREAS:  EITHER THAT'S

14:54:44 23    GOING TO BE PART OF IT.

14:54:45 24            THE COURT:  OKAY.

14:54:47 25            MR. MCELHINNY:  TWO, THAT PEOPLE ARE

                                                          27

14:54:48  1    GOING TO BELIEVE THAT SAMSUNG HAD AUTHORITY FROM

14:54:52  2    APPLE TO USE APPLE'S IP, AND, THEREFORE, THERE WAS

14:54:55  3    AN ENDORSEMENT.

14:54:56  4            AND, THREE, WE'RE GOING TO DEMONSTRATE

14:54:59  5    THAT ONE WAY TO ATTACK APPLE IS BY MAKING ITS

14:55:06  6    DESIGNS GENERIC BY BROADENING THEM TO THE POINT OF

14:55:09  7    THE UNIQUENESS AND THE SPECIAL APPLICATION TO APPLE

14:55:11  8    NO LONGER APPLIES BECAUSE YOU CAN'T TELL THE

14:55:14  9    DIFFERENCE ANY MORE.

14:55:18 10            AND THAT OBVIOUSLY WILL BE IRREPARABLE.

14:55:28 11            THE COURT:  WITH REGARD TO THE VALIDITY,

14:55:31 12    IF WE END UP HAVING IN THE P.I. MOTION LOOK AT

14:55:36 13    VALIDITY OF THE MARKS, THE DESIGN PATENTS, WHAT ARE

14:55:40 14    YOU GOING TO DO?  ARE YOU GOING TO HAVE EXPERTS?

14:55:42 15            MR. MCELHINNY:  WE WILL CERTAINLY --

14:55:44 16    AGAIN, THERE'S A LONG WAY TO GO BETWEEN THIS AND

14:55:49 17    THE MOTION, BUT OBVIOUSLY WE'RE GOING TO TRY TO

14:55:52 18    CRAFT, IF WE FILE THE PRELIMINARY INJUNCTION, A

14:55:55 19    MOTION THAT IS DIRECT, SORT OF PARED DOWN AND GIVES

14:56:01 20    US THE LARGEST -- WE'RE NOT GOING TO ASSERT ALL OF

14:56:04 21    OUR RIGHTS OBVIOUSLY.

14:56:05 22            AND SO THERE ARE INSTANCES WITH THE

14:56:08 23    TRADEMARKS WHERE WE WILL HAVE PRESUMPTIONS OF

14:56:10 24    VALIDITY, WE HAVE DESIGN PATENTS THAT WILL HAVE

14:56:13 25    PRESUMPTIONS OF VALIDITY, BUT THERE WILL BE EXPERTS

                                                              28

14:56:16  1    AS WELL BOTH IN TERMS OF THE LIABILITY ISSUES AND

14:56:18  2    THE IRREPARABLE INJURY.

14:56:20  3            THE COURT:  LET ME ASK MR. VERHOEVEN, NOW

14:56:23  4    THAT THE IPAD 2 WAS JUST RELEASED IN MARCH, ISN'T

14:56:28  5    IT A BIT SPECULATIVE TO SAY -- I MEAN, YOU YOURSELF

14:56:33  6    SAY THEY SEEM TO DO LIKE ONE A YEAR.  WHY SHOULD WE

14:56:37  7    BELIEVE THAT THEY ARE GOING TO DO TWO THIS YEAR?

14:56:39  8            MR. VERHOEVEN:  THERE'S AN ARTICLE IN THE

14:56:40  9    "WALL STREET JOURNAL" THIS MORNING SAYING THAT THEY

14:56:42 10    THINK THAT THE ANALYSTS ARE EXPECTING THEM TO

14:56:46 11    RELEASE ANOTHER PAD IN THE FALL.

14:56:48 12            THE POINT IS THAT WE SHOULD BE ENTITLED

14:56:50 13    TO DISCOVERY SO IT'S RECIPROCAL SO THAT WE CAN

14:56:55 14    PREPARE JUST LIKE THEY'RE ALLEGEDLY PREPARED FOR

14:56:57 15    THEIR PRELIMINARY INJUNCTION MOTION.

14:56:59 16            SO THE PHONE IS DUE OUT ANY DAY NOW,

14:57:01 17    ACCORDING TO FORECASTS.  THEY WON'T TELL US AND

14:57:05 18    THEY WON'T EVEN TELL YOUR HONOR.  THEY KNOW WHEN

14:57:06 19    THEY'RE COMING OUT WITH THEIR NEW PRODUCT AND THEY

14:57:08 20    WON'T TELL YOU AND THEY WON'T TELL US EITHER.

14:57:11 21            IF I MIGHT, YOUR HONOR, I REALLY WOULD

14:57:13 22    LIKE TO ADDRESS SOME OF THESE POINTS THAT

14:57:15 23    MR. MCELHINNY MADE AS WELL.

14:57:17 24            SHOULD I DO THAT NOW?

14:57:18 25            THE COURT:  YES.  I'M JUST GOING TO GIVE

29

14:57:20 1  YOU A VERY QUICK, IF YOU COULD, TIMEFRAME.  I WANT

14:57:23 2  YOU SPECIFICALLY TO ADDRESS THEIR POINT WHICH IS,

14:57:27 3  LOOK, IF THE APPLE PRODUCTS ARE NOT BEING SOLD AT

14:57:30 4  THE TIME, THEN THE P.I. MOTION LOSES OR LET'S SAY

14:57:33 5  HYPOTHETICALLY A P.I. WAS ACTUALLY ISSUED, THE

14:57:37 6  MOMENT THEY STOPPED SELLING THE PRODUCT THAT IS,

14:57:41 7  YOU KNOW, ALLEGEDLY BEING CONFUSED WITH YOURS, THEN

14:57:44 8  THE P.I. IS GOING TO EXPIRE AND BE TERMINATED.

14:57:47 9          MR. VERHOEVEN:  EXACTLY.  I'LL ADDRESS

14:57:48 10 THAT RIGHT NOW.

14:57:49 11          THE COURT:  GO AHEAD.

14:57:49 12          MR. VERHOEVEN:  YOUR HONOR, BASICALLY THE

14:57:50 13 MAIN POINT THAT THEY MAKE ON RELEVANCE IN THEIR

14:57:53 14 MOTION IS THAT, OH, THIS WAS ABOUT THE FUTURE AND

14:57:56 15 THE FUTURE IS NOT RELEVANT.

14:57:57 16          WELL, THAT IS 180 DEGREES OPPOSITE OF THE

14:58:02 17 POSITION THAT THEY TOOK WHEN THEY SOUGHT EXPEDITED

14:58:06 18 DISCOVERY OF SAMSUNG'S FUTURE PRODUCTS.

14:58:08 19          AND I MADE THE POINT, YOUR HONOR, AT THAT

14:58:09 20 HEARING, THE RECIPROCAL POINT WHICH IS IF WE HAVE

14:58:13 21 NOT RELEASED THE PRODUCT YET AS A MATTER OF BLACK

14:58:16 22 LETTER LAW, IT CAN'T CONSTITUTE ANY SORT OF TRADE

14:58:19 23 DRESS OR INFRINGEMENT AND IT'S NOT RELEASED AND

14:58:21 24 IT'S NOT ON THE MARKET.

14:58:22 25          BUT THEY CAME BACK AND SAID WE NEED TO

                                                        30

14:58:24  1    GET READY FOR A PRELIMINARY INJUNCTION MOTION AND

14:58:26  2    WE KNOW THAT THEY'RE GOING TO RELEASE A FUTURE

14:58:30  3    PRODUCT AND WE WANT TO SEE IT IN ADVANCE SO WE CAN

14:58:32  4    GET READY AND ALL WE'RE SEEKING HERE IS THE SAME

14:58:35  5    THING SO WE CAN GET READY.

14:58:36  6              NOW, IF THEY FILED THEIR P.I. MOTION

14:58:39  7    BEFORE THE GALAXY S2, WHICH IS ACTUALLY RELEASED

14:58:44  8    WHICH WON'T BE UNTIL THE FALL OF 2011, THEY CAN'T

14:58:47  9    ACCUSE THE GALAXY S2.

14:58:50 10              BUT YOUR HONOR HAS ORDERED US TODAY TO

14:58:52 11    PRODUCE THE GALAXY S2 FOR THEM SO THEY CAN GET

14:58:56 12    READY FOR THEIR PRELIMINARY INJUNCTION MOTION.  ALL

14:58:58 13    WE'RE SEEKING IS PARITY.

14:59:00 14              THEY'RE GOING TO RELEASE A NEW PHONE IN

14:59:02 15    THE FALL.  THEY WON'T TELL US THAT, BUT I THINK BY

14:59:04 16    THE FALL THEY'RE GOING TO HAVE A NEW PHONE AND

14:59:07 17    THERE'S ALL KINDS OF SPECULATION AS TO WHAT IT'S

14:59:09 18    GOING TO BE.

14:59:10 19              WE KNOW THE IPHONE 4 IS DRAMATICALLY

14:59:13 20    DIFFERENT IN DESIGN AND LOOK THAN THE IPHONE 3.

14:59:16 21              WE KNOW THAT THE IPAD 2 IS DRAMATICALLY

14:59:19 22    DIFFERENT IN SCOPE AND SHAPE AND FORM AND DESIGN

14:59:23 23    THAN THE FIRST PAD.

14:59:25 24              AND WE SUSPECT THAT THESE NEW PRODUCTS

14:59:29 25    THAT ARE GOING TO BE COMPETING ON THE MARKETPLACE

31

14:59:32 1    WITH THESE FUTURE PRODUCTS, NOT CURRENT PRODUCTS,

14:59:37 2    FUTURE PRODUCTS OF SAMSUNG ARE GOING TO HURT THEIR

14:59:40 3    CASE BECAUSE THEY'RE GOING TO BE A LOT DIFFERENT

14:59:42 4    AND THAT'S GOING TO BE THE SUBJECT OF THEIR

14:59:43 5    MARKETING CAMPAIGN IN THE FALL.

14:59:45 6            AND THAT'S GOING TO BE VERY CRITICAL TO

14:59:47 7    ANY PRELIMINARY INJUNCTION MOTION, BOTH ON THE

14:59:49 8    MERITS, ARE THESE THINGS GOING TO CONFUSE THE

14:59:52 9    CONSUMER?  AND ALSO AS TO IRREPARABLE HARM AND

14:59:55 10   BALANCE OF HARM.

14:59:56 11           IF THEY'RE -- IF THEIR FOCUS IN THE

14:59:59 12   MARKETPLACE, YOU KNOW, THESE PHONES, THEY HAVE A

15:00:01 13   SHELF LIFE, THEY'RE LIKE CABBAGE, YOU HAVE A SHELF

15:00:04 14   LIKE OF SIX MONTHS TO A YEAR MAX.

15:00:07 15           THE NOTION THAT THEY'RE GOING TO BE

15:00:10 16   IRREPARABLY HARMED BECAUSE OF THE IPHONE 3 WHICH

15:00:14 17   SELLS FOR 59 BUCKS AND IS GOING TO A COMPLETELY

15:00:17 18   DIFFERENT MARKET SEGMENT THAN THE 4G TURBO CHARGED

15:00:26 19   VERY EXPENSIVE IPHONES IS LUDICROUS.

15:00:28 20           THE ONLY WAY THEY'RE GOING TO BE ABLE TO

15:00:30 21   SHOW ANY SORT OF HARM IS BY COMPARING THEIR

15:00:32 22   CURRENTLY ON-THE-MARKET PRODUCTS TO THE CURRENTLY

15:00:35 23   ON-THE-MARKET PRODUCTS IN THE FALL THAT SAMSUNG

15:00:37 24   HAS.

15:00:38 25           SO THAT'S WHY WE NEED -- IF YOU, IF YOU

                                                        32

15:00:41  1    GIVE THEM THE ARGUMENT THAT, HEY, WE NEED YOU TO

15:00:44  2    GET READY, EVEN THOUGH THEY'RE NOT FUTURE, THE SAME

15:00:47  3    ARGUMENT APPLIES TO US AND THAT'S REALLY THEIR ONLY

15:00:50  4    ARGUMENT ON RELEVANCE, YOUR HONOR.

15:00:51  5         IF WE ASSUME THAT THE APPLE PHONE NEXT

15:00:58  6    GENERATION IS ON THE MARKET AND IS WHAT THEY'RE

15:01:00  7    FILING THEIR P.I. ON, AND IS BEING COMPARED TO, FOR

15:01:04  8    EXAMPLE, THE GALAXY S2 PHONE, THEN THERE'S

15:01:09  9    ABSOLUTELY NO ARGUMENT THAT THEY COULD MAKE THAT AS

15:01:11  10   TO RELEVANCE OF THE NEXT GENERATION IPHONE.

15:01:14  11        THEY'RE NOT -- THEY CITE, YOUR HONOR,

15:01:17  12   THE -- A COUPLE OF CASES WHERE THEY SAY THEY GET TO

15:01:20  13   PICK AND CHOOSE WHAT TRADE DRESS THEY ASSERT.

15:01:24  14        WELL, THOSE CASES, YOUR HONOR, ARE CASES

15:01:26  15   ABOUT PAST PRODUCTS AND ABOUT THE SITUATION WHERE A

15:01:29  16   PLAINTIFF HAS FIVE MODELS AND THEY SUED FOR TRADE

15:01:33  17   DRESS INFRINGEMENT OF ONE OF THE FIVE MODELS AND IS

15:01:38  18   IT OKAY FOR THEM TO JUST PICK THAT ONE MODEL AND

15:01:40  19   NOT THE OTHERS?

15:01:41  20        THE ANALOGY TO THIS CASE, YOUR HONOR,

15:01:43  21   WOULD BE IF THEY SUED US ON THE IPHONE 3 BUT NOT

15:01:45  22   THE IPHONE 4 ALREADY IN THE MARKETPLACE, AND WE

15:01:48  23   WERE SAYING THEY DON'T HAVE THE DISTINCTIVE TRADE

15:01:53  24   DRESS ON THE IPHONE 3 BECAUSE THE IPHONE 4 IS

15:01:55  25   DIFFERENT, THAT'S WHAT THOSE CASES ARE ABOUT.

33

15:01:57  1        THEY HAVE NOTHING TO DO WITH THIS

15:01:59  2   SITUATION.  APPLE IS CERTAINLY NOT SAYING WE HAVE

15:02:02  3   MADE A DECISION AND WE'LL REPRESENT TO THE COURT

15:02:04  4   THAT WE WILL NOT SUE AND ASSERT OUR INTELLECTUAL

15:02:08  5   PROPERTY ON THE NEXT GENERATION IPHONE AGAINST

15:02:10  6   SAMSUNG.  OF COURSE NOT.

15:02:16  7        THEY PLAINLY INTEND TO.  SO THOSE CASES

15:02:18  8   HAVE NO MERIT TO THIS PARTICULAR CASE.

15:02:20  9        SO WHEN YOU LOOK AT WHAT IS THE COURT

15:02:24 10   REQUIRED TO DO IF THEY FILE A P.I. MOTION AS TO

15:02:27 11   THESE FUTURE PRODUCTS?  THE COURT IS GOING TO --

15:02:31 12   WHAT WE'LL HAVE TO DO TO DEFEND OURSELVES IS GO OUT

15:02:35 13   AND DO SURVEYS AND DO A COMPARISON OF THE CURRENT

15:02:37 14   PHONES ON THE MARKETPLACE PROBABLY IN THE FALL.

15:02:40 15        AND THEY HAVE GOT -- THEY'RE GOING TO GET

15:02:43 16   A HEAD START BY GETTING THE SAMSUNG ADVANCED PHONES

15:02:47 17   TODAY UNDER THEIR MOTION FOR EXPEDITED DISCOVERY

15:02:50 18   AND ALL WE'RE ASKING IS FOR PARITY.  WE SHOULD GET

15:02:53 19   THE SAME THING.

15:02:54 20        NOW, IF THEY FILE A MOTION AND THE

15:02:57 21   SAMSUNG PHONE IS NOT ON THE MARKET, THEY WON'T BE

15:03:00 22   ABLE TO SUE FOR TRADE DRESS.  THEY'RE MAKING THE

15:03:03 23   INVERSE POINT.

15:03:04 24        IF THEY MAKE THE POINT AND THEN THEIR

15:03:07 25   NEXT GENERATION IPHONE IS ON THE MARKET, THEN THAT

                                                        34

15:03:09  1    WON'T BE A RELEVANT FACTOR.  BUT YET THEY CLAIM

15:03:12  2    THAT THEY'RE ENTITLED TO GET FUTURE PRODUCTS THAT

15:03:14  3    ARE NOT ON THE MARKET IN ADVANCE, AND WE ARE NOT.

15:03:19  4    THAT'S NOT PARITY.

15:03:20  5          I'M NOT FINISHED.  THAT'S NOT PARITY AND

15:03:23  6    THAT'S NOT RECIPROCITY AND YOUR HONOR PUT THEM ON

15:03:28  7    NOTICE THAT YOUR HONOR WOULD GIVE THEM RECIPROCITY.

15:03:32  8          A COUPLE OF BRIEF POINTS.

15:03:34  9          THE COURT:  VERY BRIEF.

15:03:35  10          MR. VERHOEVEN:  HE SAID, WELL, WE

15:03:36  11    SHOULDN'T BE ENTITLED TO ANYTHING UNTIL THEY FILE

15:03:39  12    THEIR MOTION.  180 DEGREES THE OPPOSITE OF WHAT HE

15:03:39  13    REPRESENTED TO THIS COURT.

15:03:41  14          I WAS THE ONE AT THE LAST HEARING SAYING

15:03:43  15    TO YOUR HONOR THEY HAVEN'T FILED THE MOTION AND

15:03:45  16    THEY SHOULDN'T GET ANY DISCOVERY BEFORE THEY FILE

15:03:47  17    THE MOTION AND THEY SAID, WELL, WE NEED IT IN

15:03:49  18    ADVANCE.

15:03:49  19          OKAY.  WELL, BY THE SAME TOKEN WE NEED A

15:03:52  20    VERY LIMITED RECIPROCAL AND EXACTLY RECIPROCAL

15:03:57  21    DISCOVERY IN ADVANCE.  THEY SHOULD NOT BE HEARD NOW

15:04:00  22    AFTER HAVING SUCCESSFULLY MADE THE ARGUMENT THAT WE

15:04:03  23    NEED IT IN ADVANCE ARGUMENT TO OBTAIN EXPEDITED

15:04:05  24    DISCOVERY AND GOT IT BASED ON THAT THE ARGUMENT TO

15:04:09  25    MAKE THE DIAMETRICALLY OPPOSITE ARGUMENT NOW TO

35

1   PREVENT US FROM ACHIEVING PARITY AND DISCOVERY.

2           REALLY BRIEFLY ON THE CONFIDENTIALITY

3   ISSUE.  A COMPLETE MISCHARACTERIZATION OF YOUR

4   HONOR'S ORDER.

5           YOUR HONOR DID NOTICE THAT IN OUR IN PART

6   OUR CLAIMS OF CONFIDENTIALITY DON'T CARRY THAT MUCH

7   WEIGHT BECAUSE WE'RE DISCLOSING SOME OF OUR

8   PRODUCTS OR THEY'RE ABOUT TO BE RELEASED.

9           BUT YOUR ORDER COVERS PRODUCTS THAT ARE

10  NOT GOING TO BE RELEASED TO THE EARLIEST IN THE

11  FALL AND YOUR HONOR ORDERED THOSE PRODUCED.

12          YOUR HONOR NEVER SAID THAT, AS FAR AS I

13  CAN RECALL, THAT CONFIDENTIALITY CONCERNS OF

14  SAMSUNG DON'T MATTER BECAUSE SAMSUNG IS, QUOTE,

15  "WELL INTO ITS AD CAMPAIGN."  THAT'S JUST NOT IN

16  THE ORDER.

17          APPARENTLY APPLE THINKS IT'S A DOUBLE

18  STANDARD AND APPLE'S CONFIDENTIAL INFORMATION IS

19  MORE CONFIDENTIAL THAN SAMSUNG'S CONFIDENTIAL

20  INFORMATION AND THAT'S JUST NOT THE WAY THE LAW

21  WORKS.

22          APPARENTLY APPLE SAYS ITS CONFIDENCE

23  CAN'T BE POLICED BUT SAMSUNG'S CAN.

24          IT'S A DOUBLE STANDARD.  WE OPPOSED THEIR

25  MOTION FOR EXPEDITED DISCOVERY BUT PUT A PLACE

36

15:05:23 1    HOLDER IN THAT WHAT WE -- WHAT IN FAIRNESS, IF YOUR

15:05:26 2    HONOR ORDERED IT, THEN THAT DISCOVERY SHOULD BE

15:05:30 3    RECIPROCAL, AND THAT'S ALL WE'RE ASKING FOR.

15:05:32 4         OUR REQUESTS ARE NARROW AND THEY'RE

15:05:34 5    LIMITED TO EXACTLY TO THE UNIVERSE OF WHAT YOUR

15:05:36 6    HONOR GRANTED FOR THE PLAINTIFF, AND WE HAVE AGREED

15:05:38 7    TO A PROTECTIVE ORDER FOR DEALING WITH THE

15:05:43 8    CONFIDENTIAL INFORMATION OF SAMSUNG'S CRITICAL

15:05:45 9    PRODUCTS THAT ARE NOT PUBLIC YET AND THAT SHOULD BE

15:05:48 10   JUST AS GOOD FOR APPLE.

15:05:49 11        NOBODY IS GOING TO SEE IT EXCEPT OUTSIDE

15:05:52 12   COUNSEL AND IT'S VERY LIMITED AND THERE'S A

15:05:54 13   PROSECUTION -- AND IT'S JUST LIKE YOUR HONOR TOLD

15:05:56 14   US.  WE HAVE GOT THAT SIGNED AND IT'S AGREED TO.

15:05:59 15   SO THERE SHOULD BE NO PROBLEM THERE.

15:06:01 16        SO IN SUMMARY, YOUR HONOR, ALL WE WANT IS

15:06:04 17   FAIRNESS AND RECIPROCITY HERE AND WE THINK WE

15:06:08 18   SHOULD BE ENTITLED TO IT.

15:06:09 19        MR. MCELHINNY:  THREE BRIEF --

15:06:11 20        THE COURT:  LET ME ASK, WHAT IS THE

15:06:12 21   TIMING OF THE P.I.?

15:06:14 22        MR. MCELHINNY:  IF WE FILE A P.I., WE

15:06:17 23   EXPECT TO DO IT WITHIN THE NEXT 30 DAYS, YOUR

15:06:20 24   HONOR.

15:06:20 25        JUST THREE VERY BRIEFLY.

37

15:06:23  1          THE COURT:  I DO HAVE OTHER CASES AND

15:06:26  2    THEY ARE VERY PATIENTLY WAITING.

15:06:27  3          MR. MCELHINNY:  LET ME SAY TWO THINGS.

15:06:29  4          THE COURT:  VERY SHORT TWO THINGS.

15:06:30  5          MR. MCELHINNY:  IF WE FILE A PRELIMINARY

15:06:32  6    INJUNCTION IT WILL BE BASED ON OUR PRODUCTS

15:06:34  7    CURRENTLY IN THE MARKET AND ONLY THOSE PRODUCTS.

15:06:38  8          AND, TWO, ON THE DISCOVERY POINT, KIM

15:06:42  9    EXHIBIT 2 IS OUR LETTER WHERE WE SAID WE WILL TALK

15:06:44 10    TO YOU ABOUT DISCOVERY NOW OR FOLLOWING THE FILING

15:06:48 11    OF THE PRELIMINARY INJUNCTION.

15:06:49 12          THANK YOU, YOUR HONOR.

15:06:49 13          THE COURT:  OKAY.  THANK YOU ALL VERY

15:06:51 14    MUCH.

15:06:52 15          (WHEREUPON, THE PROCEEDINGS IN THIS

         16    MATTER WERE CONCLUDED.)

         17

         18

         19

         20

         21

         22

         23

         24

         25

                                                      38

1

2

3

4                    <u>CERTIFICATE OF REPORTER</u>

5

6

7

8            I, THE UNDERSIGNED OFFICIAL COURT

9    REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10   THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11   FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12   CERTIFY:

13            THAT THE FOREGOING TRANSCRIPT,

14   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16   SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18   TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22

23            /S/

24            _____
             IRENE RODRIGUEZ, CSR, CRR
             CERTIFICATE NUMBER 8074
25
             DATED:  JUNE 20, 2011

                                                    39