Exhibit 43

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., | ) |
| *Plaintiff*, | ) ) ) |
| vs. | ) ) CA No. |
| High Tech Computer Corp., a/k/a HTC Corp., HTC (B.V.I.) Corp., HTC America, Inc., Exedea, Inc., | ) ) JURY TRIAL DEMANDED ) ) |
| *Defendants*. | ) ) ) ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Apple Inc. ("Apple"), for its Complaint against High Tech Computer Corp., a/k/a/ HTC Corp. ("HTC Corp."), HTC (B.V.I.) Corp. ("HTC BVI"), HTC America, Inc. ("HTC America"), and Exedea, Inc. ("Exedea") (collectively, "Defendants"), hereby alleges as follows:

### The Parties

1. Plaintiff Apple is a corporation organized under the laws of the state of California with its principal place of business at 1 Infinite Loop, Cupertino, California 95014. Apple is a leading designer and manufacturer of innovative computer technologies, including personal computers, mobile communications devices, portable digital music and video players, and related software.

2. Upon information and belief, Defendant HTC Corp. is a corporation organized and existing under the laws of Taiwan with its principal place of business at 23 Xinghau Road, Taoyuan 330, Taiwan, Republic of China. Upon information and belief, Defendant HTC Corp.

is engaged in the design, manufacture, importation into the United States, and sale after importation of mobile communication devices and services.

3. Upon information and belief, Defendant HTC BVI is a wholly-owned subsidiary of Defendant HTC Corp. and is incorporated under the laws of the British Virgin Islands with its principal place of business at 3F, Omar Hodge Building, Wickhams Cay I, P.O. Box 362, Road Town, Tortola, British Virgin Islands. Upon information and belief, Defendant HTC BVI is engaged in global investing and related activities on behalf of its parent, Defendant HTC Corp. and is itself a parent company of additional Defendants.

4. Upon information and belief, Defendant HTC America is a wholly-owned subsidiary of Defendant HTC BVI and is incorporated under the laws of the state of Texas, with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005. Upon information and belief, Defendant HTC America performs several services to support the importation and sale of mobile communication devices produced by HTC Corp. into and within the United States, including marketing, repair, and after-sale services of mobile communication devices.

5. Upon information and belief, Defendant Exedea is a wholly-owned subsidiary of Defendant HTC BVI and is incorporated under the laws of the state of Texas with its principal place of business at 5950 Corporate Drive, Houston, Texas 77036. Upon information and belief, Defendant Exedea imports mobile communication devices produced by HTC Corp. into the United States and distributes and sells such mobile communication devices after their importation.

## Nature of the Action

6. This is an action brought by Apple against Defendants for Defendants' infringement of Apple's patents. Specifically, Apple seeks remedies for Defendants'

2

infringement of Apple's U.S. Patent Nos. 7,362,331 ("the '331 Patent"), 7,479,949 ("the '949 Patent"), 7,657,849 ("the '849 Patent"), 7,469,381 ("the '381 Patent"), 5,920,726 ("the '726 Patent"), 7,633,076 ("the '076 Patent"), 5,848,105 ("the '105 Patent"), 7,383,453 ("the '453 Patent"), 5,455,599 ("the '599 Patent"), and 6,424,354 ("the '354 Patent") (collectively, "the Asserted Patents").

### Jurisdiction and Venue

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

8. This Court has personal jurisdiction over the Defendants because the Defendants have established minimum contacts with the forum state of Delaware. Defendants, directly and/or through third-party manufactures, manufacture or assemble products that are and have been offered for sale, sold, purchased, and used within the state of Delaware. In addition, Defendants, directly and/or through their distribution networks, regularly place their products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in Delaware. Thus, Defendants have purposefully availed themselves of the benefits of the state of Delaware and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

9. Defendants transact business in the state of Delaware because, among other things, Defendants manufacture and distribute products that are offered for sale, sold, purchased, and used within the state of Delaware. Defendants have also committed tortuous acts of patent infringement in Delaware and are subject to personal jurisdiction in Delaware. Venue is thus proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), (d) and 1400(b).

## The Patents in Suit

10. The Asserted Patents cover generally various software and/or hardware technologies that can be incorporated into mobile communication devices, including cellular phones and smart phones, among various other types of products.

11. Apple owns by assignment the entire right, title, and interest in and to the Asserted Patents, including the right to bring this suit for injunctive relief and damages.

12. All of the Asserted Patents are valid and enforceable.

13. Upon information and belief, Defendants have infringed and continue to infringe one or more claims of each of the Asserted Patents by engaging in acts that constitute infringement under 35 U.S.C. § 271, including but not necessarily limited to making, using, selling, and/or offering for sale, in Delaware and elsewhere in the United States, and/or importing into Delaware and elsewhere in the United States, certain mobile communication devices including cellular phones and smart phones, including at least phones incorporating the Android Operating System (collectively, "the Accused Products").

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 7,362,331

14. Paragraphs 1 through 13 are incorporated by reference as if fully stated herein.

15. The '331 Patent, entitled "Time-Based, Non-Constant Translation Of User Interface Objects Between States," was duly and legally issued on April 22, 2008 by the United States Patent and Trademark Office. A copy of the '331 Patent is attached hereto as Exhibit A.

16. Apple is the exclusive and current owner of all rights, title, and interest in the '331 Patent, including the right to bring this suit for injunctive relief and damages.

17. Defendants have infringed and are infringing the '331 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are

4

covered by one or more claims of the '331 Patent, including but not limited to the Accused Products.

18. Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '331 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

19. Apple has been and continues to be damaged by Defendants' infringement of the '331 Patent, in an amount to be determined at trial.

20. Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '331 Patent is enjoined by this Court.

21. Defendants' infringement of the '331 Patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT II - INFRINGEMENT OF U.S. PATENT NO. 7,479,949**

22. Paragraphs 1 through 21 are incorporated by reference as if fully stated herein.

23. The '949 Patent, entitled "Touch Screen Device, Method, And Graphical User Interface For Determining Commands By Applying Heuristics," was duly and legally issued on January 20, 2009 by the United States Patent and Trademark Office. A copy of the '949 Patent is attached hereto as Exhibit B.

24. Apple is the exclusive and current owner of all rights, title, and interest in the '949 Patent, including the right to bring this suit for injunctive relief and damages.

25. Defendants have infringed and are infringing the '949 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are

5

covered by one or more claims of the '949 Patent, including but not limited to the Accused Products.

26. Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '949 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

27. Apple has been and continues to be damaged by Defendants' infringement of the '949 Patent, in an amount to be determined at trial.

28. Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '949 Patent is enjoined by this Court.

29. Defendants' infringement of the '949 Patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT III - INFRINGEMENT OF U.S. PATENT NO. 7,657,849**

30. Paragraphs 1 through 29 are incorporated by reference as if fully stated herein.

31. The '849 Patent, entitled "Unlocking A Device By Performing Gestures On An Unlock Image," was duly and legally issued on February 2, 2010 by the United States Patent and Trademark Office. A copy of the '849 Patent is attached hereto as Exhibit C.

32. Apple is the exclusive and current owner of all rights, title, and interest in the '849 Patent, including the right to bring this suit for injunctive relief and damages.

33. Defendants have infringed and are infringing the '849 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '849 Patent, including but not limited to the Accused Products.

6

34. Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '849 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

35. Apple has been and continues to be damaged by Defendants' infringement of the '849 Patent, in an amount to be determined at trial.

36. Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '849 Patent is enjoined by this Court.

37. Defendants' infringement of the '849 Patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### **COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 7,469,381**

38. Paragraphs 1 through 37 are incorporated by reference as if fully stated herein.

39. The '381 Patent, entitled "List Scrolling And Document Translation, Scaling, And Rotation On A Touch-Screen Display," was duly and legally issued on December 23, 2008 by the United States Patent and Trademark Office. A copy of the '381 Patent is attached hereto as Exhibit D.

40. Apple is the exclusive and current owner of all rights, title, and interest in the '381 Patent, including the right to bring this suit for injunctive relief and damages.

41. Defendants have infringed and are infringing the '381 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '381 Patent, including but not limited to the Accused Products.

42. Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '381 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

43. Apple has been and continues to be damaged by Defendants' infringement of the '381 Patent, in an amount to be determined at trial.

44. Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '381 Patent is enjoined by this Court.

45. Defendants' infringement of the '381 Patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### **COUNT V - INFRINGEMENT OF U.S. PATENT NO. 5,920,726**

46. Paragraphs 1 through 45 are incorporated by reference as if fully stated herein.

47. The '726 Patent, entitled "System And Method For Managing Power Conditions Within A Digital Camera Device," was duly and legally issued on July 6, 1999 by the United States Patent and Trademark Office. A copy of the '726 Patent is attached hereto as Exhibit E.

48. Apple is the exclusive and current owner of all rights, title, and interest in the '726 Patent, including the right to bring this suit for injunctive relief and damages.

49. Defendants have infringed and are infringing the '726 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '726 Patent, including but not limited to the Accused Products.

50. Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '726 Patent by others in this District and elsewhere in the

United States, with the direct infringement being accomplished by end users of at least the Accused Products.

51. Apple has been and continues to be damaged by Defendants' infringement of the '726 Patent, in an amount to be determined at trial.

52. Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '726 Patent is enjoined by this Court.

53. Defendants' infringement of the '726 Patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VI - INFRINGEMENT OF U.S. PATENT NO. 7,633,076

54. Paragraphs 1 through 53 are incorporated by reference as if fully stated herein.

55. The '076 Patent, entitled "Automated Response To And Sensing Of User Activity In Portable Devices," was duly and legally issued on December 15, 2009 by the United States Patent and Trademark Office. A copy of the '076 Patent is attached hereto as Exhibit F.

56. Apple is the exclusive and current owner of all rights, title, and interest in the '076 Patent, including the right to bring this suit for injunctive relief and damages.

57. Defendants have infringed and are infringing the '076 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '076 Patent, including but not limited to the Accused Products.

58. Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '076 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

9

59. Apple has been and continues to be damaged by Defendants' infringement of the '076 Patent, in an amount to be determined at trial.

60. Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '076 Patent is enjoined by this Court.

61. Defendants' infringement of the '076 Patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VII - INFRINGEMENT OF U.S. PATENT NO. 5,848,105

62. Paragraphs 1 through 61 are incorporated by reference as if fully stated herein.

63. The '105 Patent, entitled "GMSK Signal Processors For Improved Communications Capacity And Quality," was duly and legally issued on December 8, 1998 by the United States Patent and Trademark Office. A copy of the '105 Patent is attached hereto as Exhibit G.

64. Apple is the exclusive and current owner of all rights, title, and interest in the '105 Patent, including the right to bring this suit for injunctive relief and damages.

65. Defendants have infringed and are infringing the '105 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '105 Patent, including but not limited to the Accused Products.

66. Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '105 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

67. Apple has been and continues to be damaged by Defendants' infringement of the '105 Patent, in an amount to be determined at trial.

68. Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '105 Patent is enjoined by this Court.

69. Defendants' infringement of the '105 Patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VIII - INFRINGEMENT OF U.S. PATENT NO. 7,383,453

70. Paragraphs 1 through 69 are incorporated by reference as if fully stated herein.

71. The '453 Patent, entitled "Conserving Power By Reducing Voltage Supplied To An Instruction-Processing Portion Of A Processor," was duly and legally issued on June 3, 2008 by the United States Patent and Trademark Office. A copy of the '453 Patent is attached hereto as Exhibit H.

72. Apple is the exclusive and current owner of all rights, title, and interest in the '453 Patent, including the right to bring this suit for injunctive relief and damages.

73. Defendants have infringed and are infringing the '453 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '453 Patent, including but not limited to the Accused Products.

74. Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '453 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

11

75. Apple has been and continues to be damaged by Defendants' infringement of the '453 Patent, in an amount to be determined at trial.

76. Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '453 Patent is enjoined by this Court.

77. Defendants' infringement of the '453 Patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT IX - INFRINGEMENT OF U.S. PATENT NO. 5,455,599

78. Paragraphs 1 through 77 are incorporated by reference as if fully stated herein.

79. The '599 Patent, entitled "Object-Oriented Graphic System," was duly and legally issued on October 3, 1995 by the United States Patent and Trademark Office. A copy of the '599 Patent is attached hereto as Exhibit I.

80. Apple is the exclusive and current owner of all rights, title, and interest in the '599 Patent, including the right to bring this suit for injunctive relief and damages.

81. Defendants have infringed and are infringing the '599 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '599 Patent, including but not limited to the Accused Products.

82. Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '599 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

83. Apple has been and continues to be damaged by Defendants' infringement of the '599 Patent, in an amount to be determined at trial.

84. Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '599 Patent is enjoined by this Court.

85. Defendants' infringement of the '599 Patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT X - INFRINGEMENT OF U.S. PATENT NO. 6,424,354

86. Paragraphs 1 through 85 are incorporated by reference as if fully stated herein.

87. The '354 Patent, entitled "Object-Oriented Event Notification System With Listener Registration Of Both Interests And Methods," was duly and legally issued on July 23, 2002 by the United States Patent and Trademark Office. A copy of the '354 Patent is attached hereto as Exhibit J.

88. Apple is the exclusive and current owner of all rights, title, and interest in the '354 Patent, including the right to bring this suit for injunctive relief and damages.

89. Defendants have infringed and are infringing the '354 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '354 Patent, including but not limited the Accused Products.

90. Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '354 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

91. Apple has been and continues to be damaged by Defendants' infringement of the '354 Patent, in an amount to be determined at trial.

92. Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '354 Patent is enjoined by this Court.

93. Defendants' infringement of the '354 Patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Apple prays for the following judgment and relief against Defendants:

(A) That Defendants have infringed each and every one of the Asserted Patents;

(B) That Defendants, their officers, agents, employees, and those persons in active concert or participation with any of them, and their successors and assigns, be permanently enjoined from infringement, inducement of infringement, and contributory infringement of each and every one of the Asserted Patents, including but not limited to an injunction against making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, any products and/or services that infringe the Asserted Patents;

(C) That Apple be awarded all damages adequate to compensate it for Defendants' infringement of the Asserted Patents, such damages to be determined by a jury, and if necessary to adequately compensate Apple for the infringement, an accounting;

(D) That Apple be awarded treble damages and pre-judgment and post-judgment interest at the maximum rate allowed by law;

(E) That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Apple be awarded attorneys fees, costs, and expenses incurred in connection with this action;

15

    (F)    That Apple be awarded such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: March 2, 2010 | */s/ Richard K. Herrmann* |
| | Richard K. Herrmann (I.D. #405) |
| | Mary B. Matterer (I.D. #2696) |
| | Amy A. Quinlan (I.D. # |
| | MORRIS JAMES LLP |
| | 500 Delaware Avenue, Suite 1500 |
| | Wilmington, Delaware 19801 |
| | Telephone: (302) 888-6800 |
| | Facsimile: (302) 571-1750 |
| | rherrmann@morrisjames.com |
| | |
| | Robert G. Krupka, P.C. |
| | KIRKLAND & ELLIS LLP |
| | 333 South Hope Street |
| | Los Angeles, California 90071 |
| | Telephone: (213) 680-8400 |
| | Facsimile: (213) 680-8500 |
| | |
| | Gregory S. Arovas, P.C. |
| | KIRKLAND & ELLIS LLP |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | |
| | Bryan S. Hales, P.C. |
| | Marcus E. Sernel, P.C. |
| | KIRKLAND & ELLIS LLP |
| | 300 North LaSalle |
| | Chicago, IL 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | |
| | Kenneth H. Bridges |
| | Michael T. Pieja |
| | Brian C. Kwok |
| | WONG, CABELLO, LUTSCH, |
| | RUTHERFORD & BRUCCULERI LLP |
| | 540 Cowper Street, Suite 100 |
| | Palo Alto, CA 94301 |
| | Telephone: (650) 681-4475 |
| | Facsimile: (650) 403-4043 |
| | |
| | *Attorneys for Apple Inc.* |