QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | |
| vs. | **SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO SHORTEN TIME** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Honorable Lucy H. Koh United States District Judge |
| Defendants. | |

I. **Introduction**

Having sat on its hands for almost three months after it brought this lawsuit, Apple filed a Motion to Expedite Trial on the eve of a national holiday weekend. Consistent with the inexplicably sudden onset of its perceived urgency, Apple is also seeking to brief and hear its belated motion on a shortened schedule. Like Apple's supposed need for expedited discovery into Samsung's future products—purportedly in anticipation of a preliminary injunction motion about them that failed to materialize—Apple's motion attempts to create an emergency where none exists. Apple's Motion to Expedite, which envisions a scenario where this Court and the parties have seven months to prepare for trial a case concerning 20 utility patents, 7 design patents, trademarks and trade dress claims (including 10 registrations), is meritless on its face. Nonetheless, because the relief Apple seeks is so extraordinary, Samsung needs more time, not less, to respond to the Motion for Expedited Trial.

The Court should deny Apple's Motion to Shorten Time for Briefing and Hearing on Apple's Motion for Expedited Trial on Its Claims and For Early Case Management Conference (D.N. 84). Apple has identified no substantial harm or prejudice if its Motion for Expedited Trial (D.N. 83) is heard under the normal schedule prescribed by the Civil Local Rules rather than the two weeks earlier Apple seeks—particularly given Apple's choice to move for a preliminary injunction on limited grounds (not including trademark or trade dress) against limited products. Irrespective of whether Apple's motion is heard two weeks earlier than normal, resolution of that motion will not affect by one minute Samsung's ability to continue selling its competing products. Nor can two weeks of "uncertainty" about the case schedule constitute "substantial harm or prejudice" to Apple. By contrast, Samsung will suffer substantial prejudice if the motion is granted. Apple filed its Motion for Expedited Trial on the Friday afternoon before the Fourth of July holiday weekend, when many of Samsung's employees and counsel were travelling. Thus, Samsung's response time was already cut short even under the regular schedule. Furthermore, lead trial counsel for Samsung is unavailable on the date Apple seeks for the hearing on its Motion for Expedited Trial. Finally, Apple's unexplained delay in filing its Motion for Expedited Trial undermines its argument that such motion needs to be briefed and heard on a shortened schedule.

1   II.  **Apple Will Suffer No Prejudice If Its Motion is Heard On the Normal Schedule.**

Under Civil Local Rule 6-3(a)(3), to obtain a shortened hearing and briefing schedule, Apple has the burden of "[i]dentif[ying] the substantial harm or prejudice that would occur if the Court did not change the time."   Apple fails to carry this burden.   Apple first contends that an expedited briefing and hearing schedule is necessary because each day that the accused products remain for sale is another day that Apple suffers harm, and cites the Noble case for this proposition.   (D.N. 84 at 2.)   But even if the Court were to entertain Apple's misguided argument that the sale of the accused products can constitute "harm" to Apple rather than normal marketplace competition, the Noble case is inapposite.   In Noble, the plaintiffs had moved for an expedited deposition and a shortened briefing and hearing schedule on this underlying discovery motion.   Noble v. Kiewit Pac. Co., No. C08-00666 SI, 2008 U.S. Dist. LEXIS 82243, at *1 (N.D. Cal. Feb. 13, 2008).   The deposition was "one of the most important depositions in the case," and the deponent was "dying of cancer" and might "soon require pain medication that will decrease his level of coherency."   Id. at *1-*3.   Judge Illston thus found that "plaintiffs would suffer substantial harm and prejudice if the Court ordered the parties to follow the normal schedule," and thus granted the motion to shorten.   Id. at *2.   In other words, in Noble, time was truly of the essence because the potential source of extremely important evidence was dying.   Here, by contrast, shortening the briefing and hearing schedule on Apple's Motion to Expedite Trial would neither avoid nor cure the injury Apple claims it will suffer if the motion is not granted.   Under Apple's proposed case schedule, trial would not commence until February of 2012.   (D.N. 83 at 6.)   In the meantime, Samsung could continue to sell its competing products, regardless of whether Apple's Motion for Expedited Trial were heard on the normal 35-day schedule provided for under Civil Local Rule 7-2(a), or on a shortened schedule.   Unlike the imminent incapacitation of a key witness, the sale of Samsung's competing products during the two additional weeks required by the normal briefing and hearing schedule in this district thus cannot constitute substantial harm or prejudice to Apple.

Apple next argues that proceeding on the normal briefing and hearing schedule will delay a decision on Apple's Motion for Expedited Trial by several weeks, and that "[i]n the interim, the

1 schedule of this proceeding would remain uncertain." (D.N. 84 at 1.) To quote Apple, however,
2 it is a "sophisticated" party with "sophisticated" counsel. (D.N. 83 at 4). Apple thus will
3 survive two additional weeks of such uncertainty, just as it has survived the past eleven weeks
4 since the filing of its complaint. Indeed, Apple cites no authority for the proposition that two
5 weeks of uncertainty about a case schedule constitutes "substantial harm or prejudice."

6 **III. Samsung Will Suffer Substantial Prejudice If the Court Shortens Time.**

7 Whereas Apple will suffer no prejudice if its Motion to Shorten Time is denied, Samsung
8 will suffer substantial prejudice if it is granted. Apple filed its Motion for Expedited Trial late on
9 the afternoon of July 1, the day before the July 4th holiday weekend, when many of Samsung's
10 employees and counsel were travelling. Concurrently, Apple filed its Motion for a Preliminary
11 Injunction, which includes six declarations, two of which are expert declarations, and well over
12 100 exhibits. Further, each of Apple's motions seeks extraordinary relief: one an injunction
13 against four of Samsung's products, the other a trial on a 27-patent case with dozens of accused
14 products in seven months. Because those motions seek such extreme relief, Samsung's
15 employees and its counsel need more time, not less, to coordinate and prepare their opposition to
16 Apple's Motion for Expedited Trial, as well as to prepare for the hearing on that motion.
17 Samsung should not be punished for *Apple's* tactical decision to file on the eve of a national
18 holiday by shortening the period in which *Samsung* may prepare its response.[1]

19 **IV. Apple Cannot Delay Filing Its Motion and Then Claim That Its Motion Needs to Be Resolved On a Shortened Schedule.**
20
21 Apple claims to need the relief it seeks in this lawsuit so urgently that the Court should
22 accelerate the case schedule to such an extreme degree that trial commences in seven months.
23 (D.N. 83 at 6.) Apple also contends that simply *knowing* whether the Court will grant such an

---

25 [1] Apple's Motion to Shorten Time seeks a July 21 hearing date. (D.N. 84 at 1.)
However, lead trial counsel for Samsung is unavailable on July 21. He has a <u>Markman</u> hearing
26 scheduled before Judge Barbara B. Crabb of the Western District of Wisconsin on July 22, for
which he will be in Wisconsin on July 21. (Olson Decl. at ¶ 3.) Judge Crabb scheduled the
27 <u>Markman</u> hearing in December of 2010. (<u>Id.</u>) That case involves 21 asserted patents, 60
asserted claims, and 12 disputed claim terms. (<u>Id.</u>)
28

02198.51855/4234038.1
-3- Case No. 11-cv-01846-LHK
**SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO SHORTEN TIME**

expedited trial is of such moment that the Court should truncate the briefing and hearing schedule on Apple's Motion for Expedited Trial.  (D.N. 84.)  Yet Apple's conduct throughout this lawsuit reflects a strategy of selective delay followed by contrived urgency.  For example, Apple did not file its complaint for more than a year after the Galaxy S i9000 was announced in South Korea, for more than nine months after Samsung released its first Galaxy S phone in the United States, and for more than a month after Samsung released the Galaxy S 4G, which Apple now takes aim at in its motion for a preliminary injunction.  And even when Apple filed its complaint, back in April, it did not feel the urgency to file its motion for an expedited trial at that time, despite the fact that it did file a motion for expedited discovery.  (D.N. 10.)  Instead, Apple chose not to file its Motion for an Expedited Trial until two and a half months after its complaint and two weeks after the Court, in Apple's words, "suggested the possibility of setting 'an expedited schedule for the whole case.'"  (D.N. 83 at 2.)  Were the matter really so urgent for Apple, it would have moved the Court for an expedited trial much sooner.  Because Apple delayed so long in bringing its Motion for Expedited Trial, the Court should deny Apple's Motion to Shorten Time.  Plata v. Schwarzenegger, No. C01-1351 THE, 2009 WL 1178652, *1 (N.D. Cal. May 1, 2009) ("Defendants ask to shorten time because they 'stand to suffer substantial harm each day a stay is not implemented as the Receiver's plans for construction are allowed to proceed.'  This argument is undermined, however, by Defendants' own [30-day] delay in appealing the Court's March 24 order and seeking a stay" (internal citation omitted));  Medtronic Vascular Inc. v. Adv. Cardiovascular Sys., Inc., No. C 06-1066 PJH, 2007 WL 2903997, *1 (N.D. Cal. Oct. 4, 2007) ("Abbott is responsible for its own delay in bringing the motion to de-designate, and the court finds that good cause is lacking for granting Abbott's motion to shorten time.").

Apple's strategy of moving targets is further exemplified by Apple's conduct relating to its Motion to Expedite Discovery (D.N. 10) and Motion for a Preliminary Injunction (D.N. 86).

Apple moved this Court for "expedited discovery for the express purpose of evaluating a motion for a preliminary injunction directed at products to be released in the near future." (Apple's Reply In Supp. of Mot. to Expedite Disc. (D.N. 34) at 6). Apple threatened to move for a preliminary injunction not just on Apple's patents, but also on Apple's trademarks and trade dress and extensively relied on the trademark law of confusion to obtain access to the most closely guarded trade secrets of Samsung: the prototypes of its forthcoming products. (D.N. 34 at 8, 10-12, 14; Order Granting Limited Expedited Disc. (D.N. 52) at 4; Olson Decl. Ex. A (May 12, 2011 Tr. of Proceedings) at 8-9, 21, 31-32, 39, 41.) However, after convincing the Court to allow expedited discovery into Samsung's unreleased products, Apple did *not* move for a preliminary injunction against Samsung's unreleased products, nor on its trademark or trade dress claims. Instead, Apple moved only on its design and utility patent claims and only against products that had either been released months before Apple even filed its complaint (Galaxy S 4G) or products that were publicly available well before Samsung produced its unreleased products on June 17, 2011 (Infuse 4G, Droid Charge and Galaxy Tab 10.1). In other words, Apple could have filed its preliminary injunction motion (a) much sooner, (b) without putting the Court to the burden of deciding its Motion to Expedite Discovery, and (c) without putting Samsung to the burden of producing to its competitor unreleased products. Apple has thus already wasted this Court's and Samsung's resources once by claiming urgency. The Court should not credit Apple's most recent cry of wolf.

V.   **CONCLUSION**

For the foregoing reasons, the Court should DENY Apple's Motion to Shorten Time for Briefing and Hearing on Apple's Motion for Expedited Trial on Its Claims and For Early Case Management Conference .

1  DATED: July 5, 2011        QUINN EMANUEL URQUHART &
2                              SULLIVAN, LLP
3
4                              By /s/ Victoria F. Maroulis
5                                 Charles K. Verhoeven
                                  Kevin P.B. Johnson
6                                 Victoria F. Maroulis
                                  Michael T. Zeller
7                                 Attorneys for SAMSUNG ELECTRONICS CO.,
                                  LTD., SAMSUNG ELECTRONICS AMERICA,
8                                 INC., and SAMSUNG
                                  TELECOMMUNICATIONS AMERICA, LLC
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

02198.51855/4234038.1                                -6-              Case No. 11-cv-01846-LHK
                        **SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO SHORTEN TIME**