# EXHIBIT A

```
 1                 UNITED STATES DISTRICT COURT
 2               NORTHERN DISTRICT OF CALIFORNIA
 3                      SAN JOSE DIVISION
 4
 5
      APPLE INC., A CALIFORNIA    ) C-11-01846 LHK
 6    CORPORATION,                )
                                  ) SAN JOSE, CALIFORNIA
 7                 PLAINTIFF,     )
                                  ) MAY 12, 2011
 8           VS.                  )
                                  ) PAGES 1-52
 9    SAMSUNG ELECTRONICS CO.,    )
      LTD., A KOREAN BUSINESS     )
10    ENTITY; SAMSUNG             )
      ELECTRONICS AMERICA,        )
11    INC., A NEW YORK            )
      CORPORATION; SAMSUNG        )
12    TELECOMMUNICATIONS          )
      AMERICA, LLC, A DELAWARE    )
13    LIMITED LIABILITY           )
      COMPANY,                    )
14                                )
                   DEFENDANTS.   )
15    _____
16              TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE LUCY H. KOH
17            UNITED STATES DISTRICT JUDGE
18
19
20              APPEARANCES ON NEXT PAGE
21
22
23
24  OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                     CERTIFICATE NUMBER 9595
25


                                                          1
```

1         CAN YOU SAY THAT IN YOUR CASE?
2              MR. MCELHINNY:  I CAN SAY --
3              THE COURT:  WHEN'S THE FIRST TIME THAT
4    YOU REQUESTED THIS TYPE OF DISCOVERY FROM SAMSUNG?
5              MR. MCELHINNY:  WHAT I CAN SAY -- I CAN
6    SAY THAT THE ISSUES OF COPYING AND THE ALLEGATIONS
7    IN THE COMPLAINT AND THE NATURE OF WHAT THE CLAIMS
8    ARE HAS BEEN THE SUBJECT OF DISCUSSIONS.
9              I CANNOT SAY THAT THERE HAVE BEEN
10   SPECIFIC REQUESTS TO GIVE US A SAMPLE OF A
11   COMPLETED TOOL.  THAT HAS BEEN TRIGGERED BY THE
12   ANNOUNCEMENTS THAT THESE SPECIFIC ITEMS ARE ABOUT
13   TO ENTER THE MARKETPLACE AND THAT THEY HAVE
14   ANTICIPATED RELEASE DATES.
15             THE COURT:  OKAY.
16             MR. MCELHINNY:  SO WHAT I WOULD SAY, IN
17   RESPONSE TO -- WHAT I WOULD SAY IN RESPONSE TO
18   JUDGE CHEN IS THE ISSUES --
19             THE COURT:  NO.  IT SOUNDS LIKE NO.
20             MR. MCELHINNY:  NO.  ACTUALLY, WHAT I
21   WOULD SAY TO HIM IS THAT THE ISSUES HAVE BEEN
22   SPECIFICALLY ADDRESSED, THEY'VE BEEN SPECIFICALLY
23   IDENTIFIED, THE NATURE OF THE CLAIMS, AND THE FACT
24   THAT THERE IS AN ONGOING DESIGN EFFORT OF THIS NEW
25   GENERATION HAS BEEN DISCUSSED WITH THE HOPE THAT

```
 1    SAMSUNG WOULD AGREE NOT TO COPY, AND THAT WHEN WE
 2    SAW THE FIRST PICTURES OF THESE THINGS RELEASED TO
 3    THE PUBLIC, WE FOUND OUT THAT WASN'T GOING TO BE
 4    THE COURSE THAT SAMSUNG TOOK.
 5              THE COURT:  OKAY.  LET ME ASK -- MY NEXT
 6    QUESTION IS THE EVIDENCE OF COPYING, OR DESIGN
 7    AROUND, SEEMS TO GO MORE TOWARDS DAMAGES, TOWARDS
 8    INTENT.
 9              WHY WOULD YOU NEED THAT NOW?
10              MR. MCELHINNY:  I -- I -- I WOULD DIVIDE
11    SOME OF THE -- I WOULD DIVIDE SOME OF THE -- I
12    WOULD DIVIDE SOME OF THE ISSUES IN THE SENSE THAT
13    WE DO BELIEVE THAT OUR BEST CASE, IF WE'RE GOING TO
14    MAKE A MOTION FOR PRELIMINARY INJUNCTION, IS TO
15    ACTUALLY SHOW YOU PHYSICAL OBJECTS WILL -- AS
16    OPPOSED TO PICTURES -- WILL MAKE IT MORE EASY FOR
17    THE COURT IN ORDER TO COMPARE THEM TO THE DESIGN
18    PATENTS, TO LOOK AT THE TRADEMARKS, TO LOOK AT THE
19    TRADE DRESS.
20              AND SO THE REQUEST FOR SPECIFIC PHYSICAL
21    OBJECTS IS NOT, I WOULD SAY, RELATED TO INTENT.
22    IT'S RELATED TO DEMONSTRATING THE COPYING THAT IS
23    APPARENTLY GOING TO GO ON HERE.
24              THE DOCUMENTS THAT WE'RE ASKING FOR DO
25    TWO THINGS.  ONE, THEY DO, IN FACT, GO -- THEY DO,
```

1   IN FACT, GO TO INTENT.
2           BUT INTENT IS NOT COMPLETELY LIMITED TO
3   DAMAGES.  INTENT IS, IS LIMITED -- IS PART OF THE
4   TRADEMARK THAT GOES TO THE STRENGTHS OF THE
5   TRADEMARK.  IT GOES TO THE STRENGTH OF THE TRADE
6   DRESS.
7           THE COURT:  BUT IS -- AREN'T THESE MORE
8   THE LOOK AND FEEL OF ORDINARY OBSERVER TESTS?
9   WHETHER THEY COPIED OR NOT JUST DOESN'T SEEM TO
10  PLAY INTO THE LOOK AND FEEL OF THE ORDINARY
11  OBSERVER TEST FOR EITHER THE TRADE DRESS, THE
12  TRADEMARK, OR THE DESIGN PATENT INFRINGEMENT CLAIM.
13          MR. MCELHINNY:  YOUR HONOR HAS A LOT OF
14  EXPERIENCE IN THIS AREA, AND SO I'M -- I KNOW YOU
15  KNOW WHAT YOU'RE TALKING ABOUT.
16          BUT ALSO, IN ADDITION, WHAT WE'RE TALKING
17  ABOUT IN TERMS OF THE -- IN SOME CASES YOUR HONOR
18  IS GOING TO BE CALLED UPON TO MAKE A DETERMINATION
19  IN TERMS OF THE STRENGTH OF THE TRADEMARK, OR THE
20  STRENGTH OF THE TRADE DRESS, AND THE
21  DISTINCTIVENESS OF IT.
22          AND TO THE EXTENT THAT WE CAN PRODUCE
23  DOCUMENTS WHICH WE, YOU KNOW, WHICH WE FEEL EXIST,
24  WHICH IS EASY FOR ME TO SAY, BUT TO THE EXTENT THAT
25  YOU FIND DOCUMENTS IN WHICH -- WE GAVE YOU THE ONE

```
 1    EXAMPLE WHERE THE KOREAN DISTRIBUTOR SAYS, YOU
 2    KNOW, WE HAD A PRODUCT PLANNED AND NOW WE SEE THE
 3    IPAD 2 AND SO WE'RE BACK TO THE DRAWING BOARD.
 4              AND THEN WE SEE THE PICTURE OF THE NEW
 5    PRODUCT WHICH COMES OUT LOOKING EXACTLY LIKE THE
 6    IPAD 2.
 7              THAT, WE BELIEVE, IS STRONG EVIDENCE THAT
 8    WILL CONVINCE YOUR HONOR ABOUT THE STRENGTH OF OUR
 9    MARK AND WHY IT IS THAT SAMSUNG IS UNWILLING TO
10    COME UP WITH A UNIQUE DESIGN, OR UNABLE.
11              THE COURT:  ALL RIGHT.  LET ME GO TO
12    MR. VERHOEVEN.  DID I PRONOUNCE THAT CORRECTLY?
13              MR. VERHOEVEN:  THAT'S CORRECT, YOUR
14    HONOR.
15              THE COURT:  DO YOU CONCEDE THAT WHAT
16    APPLE HAS REQUESTED, YOU WOULD HAVE TO PRODUCE IN
17    THE NORMAL COURSE OF DISCOVERY?
18              NOW, I'M NOT TALKING ABOUT THE TIMING,
19    BUT ONCE THERE WAS AN OPENING OF DISCOVERY PER RULE
20    26, YOU WOULD HAVE TO PRODUCE THIS STUFF; CORRECT?
21              MR. VERHOEVEN:  NOT ALL OF IT, YOUR
22    HONOR.
23              I MEAN, FIRST OF ALL, IT'S IMPOSSIBLE TO
24    PRODUCE SOMETHING THAT DOESN'T EXIST, AND THEY'RE
25    ASKING FOR, AS YOUR HONOR KNOWS, PRODUCTS THAT
```

1    IN OUR CASE.
2            THE COURT:  OKAY.  LET ME ASK
3    MR. MCELHINNY, ARE YOU PREPARED FOR MUTUAL ASSURED
4    DESTRUCTION?  IF I GRANT IT IN YOUR CASE, I MAY
5    GRANT IT IN HIS CASE AND BOTH OF YOU WILL BE DOING
6    A FIRE DRILL NOW WHEN YOU WOULD OTHERWISE HAVE THE
7    NORMAL 90, 120 DAYS TO ACTUALLY GET PREPARED FOR
8    DISCOVERY.
9            MR. MCELHINNY:  MAY I OBJECT TO YOUR
10   QUESTION ON THE BASIS THAT IT ASSUMES FACTS NOT IN
11   EVIDENCE YET?
12           THE COURT:  OKAY.
13           MR. MCELHINNY:  I JUST WANTED TO INFORM
14   THE COURT, IN CASE YOU'RE NOT AWARE,
15   MORRISON & FOERSTER WILL NOT BE REPRESENTING APPLE
16   IN THE CASE THAT'S BEEN FILED.
17           THE COURT:  THAT'S RIGHT.  WILMER HALE
18   IS.
19           MR. MCELHINNY:  AND I'VE BEEN TOLD THAT
20   THERE WILL BE A TIMELY OPPOSITION FILED TO THE --
21           THE COURT:  OKAY.  THAT WAS ONE OF THE
22   QUESTIONS I WAS GOING TO ASK YOU.  I THINK THE
23   OPPOSITION IS DUE ON MONDAY.
24           MR. MCELHINNY:  BUT THE ANSWER TO YOUR
25   QUESTION IS YES.  YES, WE ARE PREPARED TO LIVE BY

```
 1    EQUAL RULES.
 2              MAY I MAKE THREE POINTS, PLEASE?
 3              ON THE DELAY ISSUE, JUST EVEN ON THEIR
 4    GRAPH, YOUR HONOR, I'D POINT OUT TO YOU THAT THERE
 5    IS NO TABLET PICTURED HERE.  THERE IS NO TABLET
 6    PRODUCT PICTURED IN THIS.
 7              AND IT IS NOT THE LAW THAT IF YOU ISSUE
 8    ONE PRODUCT AND YOU DON'T GET SUED, THAT THAT
 9    ALLOWS YOU THEN, FOREVER AND EVER, A FREE PASS ON
10    THE COPYRIGHT AND TRADEMARK CLAUSE IN THE
11    UNITED STATES.
12              THAT'S WHAT I WOULD LIKE TO SAY ABOUT
13    DELAY.  YOU WILL HEAR THAT ISSUE WHEN AND IF YOU
14    HEAR THE PRELIMINARY INJUNCTION AND YOU WILL BE
15    ABLE TO DECIDE IT.
16              ON THE TRADE SECRET ISSUE, I WOULD LIKE
17    TO CALL TO THE COURT'S ATTENTION A FACT THAT
18    ACTUALLY OCCURRED SINCE THE PLEADING WAS DONE IN
19    THIS CASE.
20              AND IF I MAY APPROACH, WE WERE --
21              THE COURT:  WELL, SHOW IT TO
22    MR. VERHOEVEN.
23              DO YOU HAVE ANY OBJECTION?
24              MR. VERHOEVEN:  NO, YOUR HONOR.
25              THE COURT:  OKAY.
```

1         MR. MCELHINNY:  WE FOUND A BLOG THAT WAS
2    DATED MAY 10TH, 2011 THAT SAYS THAT SAMSUNG HANDED
3    OUT 5,000 SAMPLES OF THE TABLET 10.1 WHICH THEY
4    HAVE TOLD YOU UNDER OATH IS NOT AVAILABLE FOR
5    PRODUCTION.  BUT THEY HANDED OUT 5,000 IN
6    SAN FRANCISCO AT THE GOOGLE I/O CONFERENCE.
7         AND, THIRD, I'D JUST LIKE TO MAKE SORT OF
8    AN OVERALL FAIRNESS ISSUE.
9         OBVIOUSLY YOUR HONOR IS AWARE OF THE
10   SIGNIFICANCE OF THIS CASE AND YOU HAVE TALKED ABOUT
11   A GLOBAL WAR.
12        BUT WHAT APPLE CHOSE TO DO, AS A MATTER
13   OF QUITE CLEAR STRATEGY, WAS TO BRING THIS CRITICAL
14   ISSUE -- APPLE'S BRAND IS NUMBER ONE IN THE
15   WORLD -- WE BROUGHT THIS ISSUE TO THIS COURT SO
16   THAT WE COULD GET AN IMMEDIATE, CLEAR, RULING ON
17   THESE ISSUES.
18        SAMSUNG HAS REACTED TO THAT BY MAKING
19   THIS A WORLDWIDE BATTLE.  THEY HAVE SUED US IN FIVE
20   COUNTRIES.  THEY ARE SEEKING EXPEDITED RELIEF IN
21   OTHER COUNTRIES.
22        IF WE CAN'T GET THAT SAME KIND OF QUICK
23   ADJUDICATION IN THIS COURT, WE ARE AT A TREMENDOUS
24   DISADVANTAGE.
25        THANK YOU.

```
 1    WITHOUT INTERFERENCE WITH OUR BIGGEST COMPETITOR,
 2    AND WHAT'S THE JUSTIFICATION FOR THAT, YOUR HONOR?
 3              YOU KNOW, THE -- OH, A RECTANGLE.
 4    THAT'S --
 5              THE COURT:  I HAVE TO SAY THE PRODUCTS
 6    LOOK AWFULLY SIMILAR, MR. VERHOEVEN.
 7              MR. MCELHINNY:  YOUR HONOR, ON THE SAMPLE
 8    ISSUE, ALL I'M SAYING IS IF THEY HAD 5,000 TO GIVE
 9    AWAY IN SAN FRANCISCO LAST WEEK, THEY CAN GIVE US
10    ONE.
11              THE COURT:  WHY DIDN'T YOU GET ONE?
12              MR. MCELHINNY:  BECAUSE WE NEED ONE
13    THAT'S PRODUCED FROM THEM SO THEY CAN AUTHENTICATE
14    IT SO WE CAN SUBMIT IT INTO EVIDENCE, SO THAT WE
15    CAN SUBMIT IT.
16              THEY GAVE AWAY 500 -- ACTUALLY, THAT'S
17    NOT TRUE.  THEY GAVE AWAY 5,000 OF THE PHONES.
18    THEY FLEW PEOPLE FROM THE UNITED STATES TO
19    BARCELONA AND GAVE AWAY 5,000 OF THE PHONES.
20              THE COURT:  ALL RIGHT.  WELL, LET'S -- I
21    WILL CONSIDER THIS FURTHER, BUT I'M STILL INCLINED
22    TO GRANT VERY LIMITED DISCOVERY TO BE PRODUCED
23    WITHIN 30 DAYS, A SAMPLE OF THE PRODUCTS THAT HAVE
24    BEEN REQUESTED, THE PACKAGE OR THE BOX -- AND I
25    JUST MEAN CURRENT ITERATIONS.  I DON'T THINK YOU
```

1     NEED EVERY ITERATION SINCE THE BEGINNING, JUST
2     CURRENT -- THE PACKAGE INSERT, AND I STILL DON'T
3     KNOW WHAT YOU MEAN BY MARKETING DIRECTIONS TO AD
4     AGENCIES.
5             WHAT DO YOU EXPECT TO FIND THERE?  THAT
6     THEY'RE GOING TO SAY -- WHAT DO YOU EXPECT TO FIND
7     THERE?
8             MR. MCELHINNY:  I EXPECT TO FIND ADS THAT
9     MIMIC THE APPLE ADS.  THAT'S WHAT I EXPECT TO FIND,
10    THAT THE PRESENTATION MIMICS THE WAY THAT APPLE HAS
11    BEEN PRESENTING ITS PRODUCTS.  THAT'S WHAT I EXPECT
12    TO FIND.
13            THE COURT:  AND WHAT DOES THAT GO TO?
14    THE TRADE DRESS?
15            MR. MCELHINNY:  IT GOES TO -- THANK YOU
16    FOR THAT.
17            WITH MY STAFF -- WITH MY HELPERS HERE, I
18    WAS POINTED OUT THAT IN THE NINTH CIRCUIT, YOUR
19    HONOR, IN <u>AMF INC. VERSUS SLEEKCRAFT</u>, WHICH IS ONE
20    OF THE KEY CASES, LISTS THE EIGHT ELEMENTS THAT GO
21    TO CONFUSION, AND NUMBER SEVEN IS DEFENDANT'S
22    INTENT IN SELECTING THE MARK.
23            WE INTEND TO PROVE TO YOUR HONOR -- I
24    MEAN, MR. VERHOEVEN IS FREE TO ARGUE TO YOUR HONOR,
25    HE'S FREE TO ARGUE TO THE WORLD THAT APPLE'S MARKS

1   ARE NOT DISTINCT, AND WE'LL WORRY ABOUT WHETHER OR
2   NOT HE WILL SUCCEED ON THAT.
3           BUT WE INTEND TO DEMONSTRATE TO YOUR
4   HONOR THAT UNLIKE EVERY -- UNLIKE THE PHONE
5   MANUFACTURERS AND TABLET MANUFACTURERS WHO ARE
6   COMPETING FAIRLY, SAMSUNG IS INTENTIONALLY
7   ATTEMPTING TO MIMIC AND COPY APPLE IN ORDER TO, A,
8   TAKE ADVANTAGE OF OUR MARKET POSITION; AND, B, IN
9   ORDER TO DILUTE OUR TRADEMARK.
10          THE COURT:  LET ME ASK -- LET ME ASK,
11  MR. VERHOEVEN, IS THERE -- I GUESS ARE THERE -- I
12  DON'T KNOW WHAT WOULD BE THE TERM FOR MARKETING
13  MATERIAL FOR A SMART PHONE.
14          MR. MCELHINNY:  MAY I PROPOSE THAT --
15          THE COURT:  WHAT WOULD THAT BE CALLED?
16          MR. MCELHINNY:  MAY I PROPOSE TO YOUR
17  HONOR THAT WHAT I WOULD LIKE TO DO IS GET -- I CAN
18  GET YOU BETTER LANGUAGE FROM SOMEONE WHO'S ACTUALLY
19  INVOLVED IN THIS MARKETING AND I CAN FAX IT TO YOU
20  AND TO MR. VERHOEVEN LATER THIS AFTERNOON.
21          OR -- I'LL TELL YOU THIS.  IF YOUR
22  HONOR -- EVEN IF YOU PUT YOUR -- I MEAN, IF YOU
23  JUST SAY MARKETING MATERIALS THAT DEMONSTRATE THE
24  NATURE OF THE MARKETING --
25          THE COURT:  THAT'S TOO BROAD.  THAT'S TOO

1   VAGUE.  I WON'T ADOPT THAT.
2             I MEAN, NORMALLY MR. VERHOEVEN WOULD HAVE
3   90 TO 120 DAYS TO GET ALL THIS ORGANIZED.  YOU'RE
4   ASKING HIM TO DO IT IN 30.  IT'S GOT TO BE
5   REASONABLE.
6             MR. MCELHINNY:  WHAT I WANT -- WHAT I
7   WANT IS THE PACKAGE OF MATERIALS THAT IS PREPARED
8   THAT IS UNIQUE TO THIS PRODUCT, WHICH IS ALREADY --
9   THEY WOULD HAVE IT TOGETHER IN ONE PLACE, THEY DO
10  HAVE IT TOGETHER IN ONE PLACE, THAT DESCRIBES HOW
11  THE PRODUCT IS TO BE MARKETED.
12            THE COURT:  PACKAGE OF MATERIALS UNIQUE
13  TO PRODUCT THAT DESCRIBES HOW PRODUCT IS TO BE
14  MARKETED?  THAT JUST SOUNDS TOO BROAD TO ME.
15            MR. VERHOEVEN:  I DON'T HAVE ANY IDEA
16  WHAT THAT MEANS.
17            THE COURT:  I REALLY DON'T EITHER.
18            MR. VERHOEVEN:  YOUR HONOR --
19            THE COURT:  ANYWAY, I'M REALLY SORRY, I
20  HAVE TWO OTHER CASES THAT HAVE BEEN PATIENTLY
21  WAITING.
22            MR. MCELHINNY:  I KNOW.
23            THE COURT:  WE NEED TO MOVE ON WITH THIS.
24            MR. VERHOEVEN:  YOUR HONOR, MAY I SAY ONE
25  THING VERY BRIEFLY?

1           MR. MCELHINNY:  IT'S PARTIALLY FOR
2     INTENT.
3           ALSO, YOUR HONOR SAW IN THE BRIEF THE
4     SEMANTIC POSITION TAKEN ABOUT WHETHER DESIGNS WERE
5     FINAL, AND YOUR HONOR CLEARLY REACTED TO THAT AND
6     THAT'S WHY YOU ORDERED THE CURRENT PRODUCT.
7           BUT UNLESS WE HAVE SOMEBODY WHO SAYS THIS
8     IS WHAT'S GOING TO THE MARKET, THEN WE RUN THE RISK
9     THAT WE'RE DOING SOMETHING AND WHEN WE GET IN FRONT
10    OF YOUR HONOR, IT TURNS OUT THAT IT'S NOT AND WE'VE
11    WASTED YOUR HONOR'S TIME AND OUR TIME AND ALL THE
12    REST OF THIS.
13          THE COURT:  I'M SAYING PRODUCE THE LATEST
14    ITERATION, CURRENT VERSION.  I'M ASSUMING -- HE'S
15    AN OFFICER OF THE COURT.  IF HE PRODUCES SOMETHING
16    THAT HE SAYS IS THE LATEST ITERATION, CURRENT
17    VERSION, I'M ASSUMING THAT'S THE CASE.
18          WHY DO YOU NEED A WITNESS TO TESTIFY THAT
19    THAT IS THE LATEST VERSION?
20          MR. MCELHINNY:  WELL, IF YOUR HONOR IS --
21    IF YOUR HONOR -- IF YOUR HONOR IS GOING TO TAKE A
22    SUBMISSION IN RESPONSE TO YOUR ORDER AS AN
23    EVIDENTIARY ADMISSION, THEN I DON'T NEED SOMEBODY
24    TO SAY THAT IT'S FINAL.
25          BUT THAT'S NOT WHAT HAPPENED IN THESE

1   PAPERS.  BUT THAT'S -- THE POINT IS THAT --
2               THE COURT:  WELL, I THINK THEY'RE GOING
3   TO SAY IT'S NOT THE FINAL BECAUSE SOME OF THE DATES
4   ARE NOT COMING FOR SOME TIME.
5               SO -- ANYWAY, IF THE BEST YOU CAN GIVE ME
6   FOR WHY YOU NEED AN INDIVIDUAL DEPOSITION IS TO SAY
7   THAT THESE ARE THE FINAL PRODUCTS, THEN IT'S DENIED
8   UNLESS YOU CAN GIVE ME SOMETHING ELSE WHY YOU NEED
9   A PERSON AND WHY YOU CAN'T JUST LOOK AT IT FROM THE
10  SAMPLE OF THE BOX --
11              MR. MCELHINNY:  I'M SORRY.  WE WANT TO
12  KNOW IF THEY ATTEMPTED TO DESIGN AROUND OUR DESIGN;
13  WE WANT TO KNOW WHETHER OR NOT THEY PAID ANY
14  ATTENTION AT ALL TO THE TRADEMARK LAWS; IF THEY
15  LOOKED AT OUR DESIGNS; IF THEY TOOK THEM INTO
16  CONSIDERATION; IF THEY ARE MAKING ANY ATTEMPT AT
17  ALL TO COMPLY WITH THE LAWS IN THIS COUNTRY.
18              AND THAT IS COMPLETELY RELEVANT EVIDENCE
19  AS TO WHAT'S GOING ON WITH THE ATTEMPT TO USE OUR
20  TRADEMARKS.
21              MR. VERHOEVEN:  YOUR HONOR, I DON'T KNOW
22  HOW TO BEGIN TO EVEN THINK ABOUT WHO WE'RE GOING TO
23  PUT UP TO SAY, "DID YOU COMPLY WITH THE LAWS OF
24  THIS COUNTRY?"  I MEAN, THAT'S COMPLETELY VAGUE.
25              THEY'VE GOT -- IF YOUR HONOR GIVES THEM

1     THE PRODUCT, THEY'VE GOT THE PRODUCT.
2              THEIR ONLY CLAIM ON THIS MOTION THAT I'VE
3     READ IS ORNAMENTAL DESIGN PATENTS AND TRADE DRESS.
4              THAT'S WHAT IT LOOKS LIKE.  IT'S NOT HOW
5     IT FUNCTIONS.  IT'S WHAT IT LOOKS LIKE.
6              AND SO THERE'S NO REASON FOR THEM TO NEED
7     TO GO UNDER THE GUTS OF THIS AND START TALKING TO
8     TECHNICAL PEOPLE ON AN EXPEDITED BASIS WITH VERY
9     COMPLICATED PRODUCTS.
10             AND LET'S NOT FORGET, THESE ARE MOST
11    LIKELY GOING TO BE FOLKS THAT RESIDE IN KOREA THAT
12    PROBABLY WILL NEED TO HAVE TRANSLATORS, AND IF
13    THEY'RE ASKING TO HAVE THEM SHIPPED UP IN FIVE DAYS
14    TO THE UNITED STATES SO THEY CAN DEPOSE THEM, IT'S
15    RIDICULOUS.
16             MR. MCELHINNY:  JUST IN TERMS OF OUR GOOD
17    FAITH TO NARROW THIS, YOUR HONOR, THIS IS WHY --
18    THIS IS EXACTLY HOW WE ENDED UP AT A 30(B)(6),
19    BECAUSE IF YOU WALK AWAY FROM A 30(B)(6), THEN YOU
20    GET THE ARGUMENT THAT THERE IS NO INDIVIDUAL AND
21    THE ONE THAT YOU TRIED TO PICK IS THE WRONG ONE, ET
22    CETERA, ET CETERA.
23             BUT JUST TO GO BACK TO THE EVIDENCE
24    THAT'S BEFORE YOU, THERE IS EVIDENCE IN THIS RECORD
25    THAT SAMSUNG ENGAGED IN AN EXPLICIT REDESIGN OF A

```
 1    PRODUCT AS A RESULT OF THE RELEASE OF THE IPAD 2.
 2              THAT EVIDENCE OF WHAT THEY DID,
 3    PARTICULARLY IF IT SHOWS THAT THEY MADE CHANGES IN
 4    ORDER TO GET CLOSER TO THE TRADEMARK OF THE IPAD 2,
 5    IS DIRECT EVIDENCE OF INTENT.
 6              THE COURT:  SO THEN WHY DO YOU NEED MORE
 7    EVIDENCE OF COPYING AND INTENT?  IF YOU ALREADY
 8    HAVE IT, THEN WHY DO YOU NEED AN INDIVIDUAL
 9    DEPOSITION TO GET MORE EVIDENCE OF INTENT TO COPY?
10              MR. MCELHINNY:  BECAUSE THEY HAVE ARGUED
11    IN THEIR PAPERS THAT WHAT -- THAT THE CHANGES WENT
12    TO PRICE, THEY WENT TO THINNESS, THAT THEY DID NOT
13    GO TO GRAPHICAL USER INTERFACES.
14              THEY ARE NOT ADMITTING THAT THEY COPIED
15    OUR TRADEMARKS.
16              THE COURT:  AND DO YOU THINK ANY
17    INDIVIDUAL THAT THEY HAVE PREPPED FOR DEPOSITION IS
18    GOING TO ADMIT THAT?
19              MR. MCELHINNY:  I BELIEVE IF WE GET THE
20    DOCUMENTS --
21              THE COURT:  I MEAN, COME ON.  HE'S GOING
22    TO PREP THEM NOT TO ADMIT THAT.
23              MR. MCELHINNY:  YOUR HONOR, THERE'S A
24    COUPLE OF THINGS THAT'LL HAPPEN.
25              ONE, IF WE GET THE DOCUMENTS, WE'LL HAVE
```

41

1    THE QUESTIONS TO ASK, AND IN ANY EVENT, WE'LL BE
2    ABLE TO ASK THE QUESTIONS.
3             AND IF HE DENIES IT UNDER OATH AND THEN
4    IN THE NORMAL COURSE WE GET THE DOCUMENTS, THEN
5    THERE WILL BE REPERCUSSIONS FROM YOUR HONOR AND
6    THAT'S A PERFECTLY LEGITIMATE -- I MEAN, HE'S GOING
7    TO HAVE TO SAY SOMETHING, AND WHAT HE SAYS UNDER
8    OATH IS GOING TO BE VERY VALUABLE AND I ASSUME HE
9    WILL TELL THE TRUTH UNDER OATH.
10            THE COURT:  LET ME GO TO A COUPLE OTHER
11   QUESTIONS.
12            FIRST OF ALL, I GRANTED SAMSUNG'S MOTION
13   TO FILE UNDER SEAL, BUT IT DOESN'T LOOK LIKE YOU'VE
14   ACTUALLY FILED THE DOCUMENTS UNDER SEAL OR FILED
15   THE REDACTED VERSION OF YOUR OPPOSITION BRIEF.  ARE
16   YOU PLANNING TO DO THAT?
17            MR. OLSON:  WE'LL DO THAT THIS AFTERNOON,
18   YOUR HONOR.
19            THE COURT:  ALL RIGHT.  THANK YOU.
20            THE MOTION FOR RELATED CASE WAS FILED TWO
21   WEEKS AFTER THE COMPLAINT WAS FILED.
22            NOW, I KNOW YOU ASKED FOR A STIPULATION
23   FROM THE OTHER SIDE, I GUESS FROM WILMER, HALE ON
24   MAY 6TH, BUT WHY WAS THERE THE DELAY?  DID YOU
25   INITIALLY NOT THINK THESE CASES WERE RELATED?  OR

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED TRANSCRIPTION TO THE BEST OF MY ABILITY.

/S/
_____
LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

52