| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>JENNIFER LEE TAYLOR (CA SBN 161368)<br>jtaylor@mofo.com<br>ALISON M. TUCHER (CA SBN 171363)<br>atucher@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>JASON R. BARTLETT (CA SBN 214530)<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522 | KENNETH H. BRIDGES (CA SBN 243541)<br>kbridges@bridgesmav.com<br>MICHAEL T. PIEJA (CA SBN 250351)<br>mpieja@bridgesmav.com<br>BRIDGES & MAVRAKAKIS LLP<br>3000 El Camino Real<br>One Palo Alto Square, 2nd Floor<br>Palo Alto, CA 94306<br>Telephone:  (650) 804-7800<br>Facsimile:  (650) 852-9224 |

Attorneys for Plaintiff
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE INC.'S REPLY IN SUPPORT OF MOTION TO SHORTEN TIME ON MOTION FOR EXPEDITED TRIAL AND EARLY CASE MANAGEMENT CONFERENCE** |

Having chosen to mimic Apple's revolutionary iPhone and iPad products, Samsung now seeks to postpone the day of reckoning by any and all means possible. Yet Samsung's counsel commented at the recent hearing: "[T]hese phones, they have a shelf life, they're like cabbage, you have a shelf life of six months to a year max." (6/17/11 Hrg. Tr. at 32.)  The fast-moving nature of the mobile device industry is precisely why Apple's motion for expedited trial should be heard on shortened time. Swift vindication of Apple's extremely valuable intellectual property rights is critical to prevent irreparable harm that cannot be compensated by money alone.

At the same hearing, the Court asked both sides if they would prefer an expedited trial. Apple agreed and has now moved for an expedited trial. Samsung's counsel, by contrast, did not answer the Court's question. Having now had more than two weeks to consider its response, Samsung does not require even more time to consider this simple issue, which Apple briefed in just six pages. Apple's proposed ten-day period — July 11 due date for a motion filed on July 1 — provides Samsung with ample time to prepare its opposition.

Unable to explain why it needs more time, Samsung resorts to false and irrelevant arguments:

- Samsung asserts that Apple "sat on its hands" (Samsung' Opposition, D.N. 96 at 2), ignoring that Apple moved for expedited discovery *four days* after filing suit and requested an expedited trial shortly after the Court suggested it.

- Samsung falsely alleges that Apple's preliminary injunction motion about new Samsung products "failed to materialize" (*id.*), ignoring that Apple seeks to enjoin sales of three new Samsung products ( the Galaxy Tab 10.1, Droid Charge, and Infuse 4G), which were the subject of Apple's expedited discovery motion and were released only after Apple filed that motion.

- Samsung argues it needs time to oppose Apple's preliminary injunction motion, even though Apple has not sought to shorten time on that motion.

- Samsung's proposed order suggests a hearing on August 24, even though the motion would be fully briefed 33 days earlier under Samsung's "normal" 35-day schedule. Samsung contends this lengthy delay is needed to avoid "burden" on representatives traveling from Korea for this hearing and the Case Management Conference. But the obvious solution is to advance the date of the Case Management Conference, not to delay the motion hearing.

1   Samsung's concern about Mr. Verhoeven's unavailability on July 21 and 22 is easily
2   addressed. Apple is open to a hearing on the earliest date on which the Court and Mr. Verhoeven
3   are available. Indeed, Apple would already have addressed this issue if Samsung had raised it in
4   response to Apple's request to meet and confer. However, Samsung's counsel claimed to be
5   unavailable to confer on Apple's expedited trial motion at any time on Thursday, June 30, even
6   though they did have sufficient time to prepare and file Samsung's Answer and Counterclaims on
7   June 30. (Declaration of Richard Hung, D.N. 85 at ¶¶ 2-5.) Samsung's counsel did not mention
8   Mr. Verhoeven's schedule when belatedly conferring with Apple's counsel at the end of July 1,
9   which was after Apple filed its motion to shorten time.

10   Samsung's opposition is part of a clear pattern of seeking to delay at every opportunity.
11   Samsung opposed Apple's motion for expedited discovery; refused to confer with Apple about
12   discovery relevant to a preliminary injunction or a schedule for such discovery; refused to confer
13   with Apple on an expedited trial or about shortening time; and engaged in the transparent
14   maneuver of dismissing its separate countersuit and refiling many of the same claims in this
15   action so that Samsung could attempt to overload and delay this case with its unrelated patents.

16   The Court has already recognized the urgency of this case by granting Apple's motion for
17   expedited discovery and by granting Apple's request to shorten time on its motion for expedited
18   discovery, as well as Samsung's request to shorten time on its motion to compel expedited
19   discovery (which Apple did not oppose). This same urgency applies to Apple's motion for
20   expedited trial and an early case management conference. Apple requests that the Court set its
21   motion for expedited trial at the earliest practicable date, at the same time as the Case
22   Management Conference.

23   Dated: July 6, 2011                    MORRISON & FOERSTER LLP

                                             By:   /s/ Michael A. Jacobs
                                                   Michael A. Jacobs

                                                   Attorneys for Plaintiff
                                                   APPLE INC.