UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | |
| vs. | **JOINT SUBMISSION REGARDING THE BRIEFING AND HEARING SCHEDULE RELATING TO APPLE'S MOTION FOR A PRELIMINARY INJUNCTION** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Honorable Lucy H. Koh United States District Judge |
| Defendants. | |

1   Pursuant to the Court's July 2, 2011 Order, Apple and Samsung jointly submit their
2   proposed schedules for briefing and hearing related to Apple's motion for a preliminary
3   injunction.   The parties have not been able to agree on a proposed schedule.   Their competing
4   proposals and the reasons supporting their requested schedules are set forth below.

*Apple's Proposed Briefing & Hearing Schedule.*

Apple has sought expedited relief from the outset of this case to prevent irreparable harm caused by Samsung's unlawful copying of Apple's revolutionary iPhone and iPad products. Samsung, in contrast, has continually sought to obstruct Apple's efforts to obtain expedited relief, as evidenced by Samsung's proposed briefing schedule.   Apple proposes the following schedule, which is consistent with its prior offer to provide Samsung with reasonable discovery:

- August 5, 2011:   Completion of Samsung's expedited discovery
- August 12, 2011:   Samsung's Opposition (6 weeks after motion filed on July 1)
- August 26, 2011:   Completion of Apple's expedited discovery
- August 31, 2011:   Apple's Reply
- September 8, 2011:  Hearing (or earliest available date thereafter)

Apple's proposal provides Samsung with 6 weeks to prepare its opposition, or 4 weeks more than the normal period.    This is a reasonable schedule that provides Samsung with ample time to take expedited discovery and to prepare its opposition.   Apple will file its Reply on August 31, with a hearing as early as September 8, about two months after Apple filed its motion.

Samsung, in contrast, has proposed to file its opposition *ten weeks* after Apple filed its motion and to hold the hearing at least *three and a half months* after Apple filed its motion — an extraordinary and excessive delay.   Samsung does not need ten weeks to prepare its opposition to Apple's focused motion, which is limited to three design patents and one utility patent.

Samsung does not need discovery to evaluate whether its products look substantially the same as the patented Apple designs to an "ordinary observer," which is the test for design patent infringement.   Nor does Samsung need discovery to check if its products operate in the manner claimed by the Apple utility patent, or to compare the prior art with the Apple patents.   Indeed, Samsung has already compared the prior art with Apple's designs in the handout it submitted two

-1-   Case No. 11-cv-01846-LHK
**JOINT SUBMISSION REGARDING THE BRIEFING AND HEARING
SCHEDULE RELATING TO APPLE'S MOTION FOR A PRELIMINARY INJUNCTION**

1  months ago at the May 12 hearing.  (*See* Dkt. No. 87-8).  Thus, Samsung can prepare its
2  opposition now and revise as discovery proceeds.  Apple has proposed to provide all discovery
3  by August 5, and that Samsung will then have one additional week to finalize its opposition,
4  which will be due on August 12.  Given that Samsung will already have had five weeks to
5  prepare its opposition (July 1 to August 5), this is more than sufficient.
6        Regardless, Apple will respond to Samsung's discovery requests, which Samsung has
7  already served, on an expedited basis within the next few weeks, and will produce its documents
8  by July 29, 2011.  Apple also will make its witnesses available for deposition in July and early
9  August after producing documents relevant to the deponent.  Finally, Apple proposes that
10 Samsung produce its documents within 23 days after service of Apple's own document requests.
11       Time is of the essence.  Each additional day that Samsung continues to sell infringing
12 products results in additional irreparable harm to Apple.  Apple requests that the Court adopt its
13 proposed schedule and reject Samsung's attempt to delay the hearing on Apple's urgent motion
14 for a preliminary injunction until three and a half months after it was filed.

15 ***Samsung's Proposed Briefing and Hearing Schedule.***

| Task | Samsung Proposal | Apple Proposal |
|---|---|---|
| Samsung's discovery served on Apple | July 6 | |
| Apple's objections to Samsung's discovery | July 11 | |
| Apple's responses to Samsung's discovery | July 20 | |
| Last day for Apple to produce documents (production to start on rolling basis) | July 25 | |
| Deadline for Samsung's discovery of Apple regarding Apple's Motion for a Preliminary Injunction | August 19 | August 5 |
| Samsung's opposition due | September 9 | August 12 |
| Deadline for Apple's discovery of Samsung regarding Apple's Motion for a Preliminary Injunction | September 30 | August 26 |
| Apple's Reply due | October 7 | August 31 |
| Hearing on Apple's Motion for Preliminary Injunction | At Court's convenience; as early as Oct. 14 | At Court's convenience; as early as Sept. 8 |

25       Samsung seeks a modest 10 weeks to have a fair opportunity to respond to Apple's request
26 for extraordinary relief that, if granted, could halt the sales of four of Samsung's innovative
27 products and cause enormous disruption to its customers.  Apple sought expedited discovery to
28 support a purported preliminary injunction motion based on trade dress/trademark claims, but then

abandoned those claims in its preliminary injunction motion, which focuses on three design patents and one utility patent. Apple delayed for months from the inception of this case before filing its motion on these patents. Surely, Apple can wait another few weeks in order to afford Samsung a chance to defend itself from Apple's shifting preliminary injunction allegations.

Samsung needs reasonable discovery to oppose Apple's motion.[1] Apple submitted the declarations of two experts and two lay witnesses in support of its motion. Samsung noticed depositions of all four declarants, at least one inventor of each patent, and a 30(b)(6) deposition. Each deposition is directly relevant to Samsung's opposition, as are Apple's responses to the interrogatories and requests for production that Samsung has served. Samsung's discovery is directed to, among other things, documents from other litigations involving Apple's preliminary injunction patents and foreign counterpart patents – information that is highly relevant to claim construction, non-infringement and validity issues.

Apple does not propose dates for the service of its objections to Samsung's interrogatories or for its production of documents. Such deadlines are needed. Apple's documents and interrogatory responses must be provided before any depositions are taken if such depositions are to be meaningful. Samsung also needs prompt responses to its discovery requests so that any disputes about the scope of discovery can be brought to the Court's attention in a timely manner.

In short, Samsung's proposed schedule gives the parties a fair and reasonable opportunity to conduct discovery and brief the complex issues raised in Apple's motion. Apple's schedule leaves insufficient time for Samsung to fairly oppose the extraordinary relief that Apple seeks. Apple's schedule also leaves Samsung with a mere seven days to submit its opposition after discovery closes. That, on its face, is insufficient to prepare for a motion of this magnitude.

---

[1] Samsung also requests that the discovery taken in support of its opposition to Apple's Preliminary Injunction not count against the limits on discovery otherwise provided by the Federal Rules of Civil Procedure.

-3-   Case No. 11-cv-01846-LHK
**JOINT SUBMISSION REGARDING THE BRIEFING AND HEARING SCHEDULE RELATING TO APPLE'S MOTION FOR A PRELIMINARY INJUNCTION**

| | |
|---|---|
| DATED: July 8, 2011 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By /s/Victoria F. Maroulis
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

DATED: July 8, 2011    MORRISON & FOERSTER LLP

By /s/Richard S.J. Hung
Harold J. McElhinny
Michael A. Jacobs
Jennifer Lee Taylor
Alison M. Tucher
Richard S.J. Hung
Jason R. Bartlett
Attorneys for APPLE INC.

I, Victoria F. Maroulis, am the ECF User whose identification and password are being used to file this document.    Pursuant to General Order 45.X.B, I hereby attest that Richard S.J. Hung, counsel for Apple Inc. has concurred in this filing.

Dated: July 8, 2011    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ Victoria F. Maroulis
Victoria F. Maroulis