1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                    UNITED STATES DISTRICT COURT

17          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18 APPLE INC., a California corporation,    | CASE NO. 11-cv-01846-LHK
19         Plaintiff,
20     vs.                                   | **DECLARATION OF AUSTIN TARANGO IN SUPPORT OF SAMSUNG'S MOTION TO DISQUALIFY BRIDGES & MAVRAKAKIS**
21 SAMSUNG ELECTRONICS CO., LTD., a
   Korean business entity; SAMSUNG
22 ELECTRONICS AMERICA, INC., a New
   York corporation; SAMSUNG              | **Date: August 18, 2011**
23 TELECOMMUNICATIONS AMERICA,             | **Time: 1:30 pm**
   LLC, a Delaware limited liability company, | **Place: Courtroom 4, 5th Floor**
24                                            | **Judge: Hon. Lucy H. Koh**
        Defendants.
25

26
27
28

02198.51855/4239428.1
                                                            Case No. 11-cv-01846-LHK
   **DECLARATION OF AUSTIN TARANGO IN SUPPORT OF SAMSUNG'S MOTION TO DISQUALIFY
                        BRIDGES & MAVRAKAKIS LLP**

I, Austin Tarango, declare:

1. I am an attorney in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung"). I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2. On June 27, 2011 counsel for Samsung sent letters to Mr. Kenneth Bridges of Bridges & Mavrakakis and Mr. Jason Bartlett of Morrison & Foerster regarding Mr. Bridges, and other attorneys at Bridges & Mavrakakis', prior representation of Samsung and Samsung's belief that there was a conflict of interest. Samsung asked that both respond and become available for a meet and confer by June 29, 2011. Attached hereto as **Exhibit 1** is a true and correct copy of the letter sent to Bridges & Mavrakakis dated June 27, 2011. Attached hereto as **Exhibit 2** is a true and correct copy of the letter sent to Morrison & Foerster dated June 27, 2011.

3. On June 28, 2011 counsel for Samsung sent a letter to Mr. Mark Selwyn of Wilmer Hale regarding Mr. Bridges, and other attorneys at Bridges & Mavrakakis', prior representation of Samsung and Samsung's belief that there was a conflict of interest. Attached hereto as **Exhibit 3** is a true and correct copy of the letter sent to Wilmer Hale dated June 28, 2011. Samsung asked that both respond and become available for a meet and confer by June 30, 2011.

4. On June 29, 2011, Mr. Michael Pieja responded on behalf of Bridges & Mavrakakis to Samsung's June 27, 2011 letter. In this response, Bridges & Mavrakakis denied that there was any conflict of interest between Mr. Bridges past representation of Samsung and the current litigation. Attached hereto as **Exhibit 4** is a true and correct copy of Bridges & Mavrakakis' response letter dated June 29, 2011.

5. On June 30, 2011, Mr. Richard Hung responded on behalf of Morrison & Foerster to Samsung's June 27, 2011 letter. Morrison & Foerster denied that any Morrison & Foerster attorneys received Samsung confidential information from Bridges & Mavrakakis, nor had they conveyed any confidential material to Apple. Morrison & Foerster refused to describe Morrison

1  & Foerster's working relationship with Bridges & Mavrakakis on privilege grounds.   Attached

2  hereto as **Exhibit 5** is a true and correct copy of Morrison & Foerster's response letter dated June

3  30, 2011.

4       6.     On June 30, 2011, Mr. Mark Selwyn responded on behalf of Wilmer Hale to

5  Samsung's June 27, 2011 letter.   Wilmer Hale denied that any Wilmer Hale attorneys received

6  Samsung confidential information from Bridges & Mavrakakis, nor had they conveyed any

7  confidential material to Apple.   Attached hereto as **Exhibit 6** is a true and correct copy of Wilmer

8  Hale's response letter dated June 30, 2011.

9       7.     On July 5, counsel for Samsung conducted a telephonic meet and confer with

10 attorneys from Bridges & Mavrakakis regarding Samsung's June 27 conflict of interest letter.

11 When notified that Samsung's recently asserted counter-claims included an identical patent and

12 similar technology to Mr. Bridges' previous representation of Samsung, Mr. Bridges responded

13 that Bridges & Mavrakakis had not given Apple any legal advice regarding this identical patent,

14 nor did the scope of their representation extend to technology at issue in its prior representations

15 of Samsung.   Mr. Bridges declined to elaborate on the scope of his representation or withdraw as

16 counsel for Apple.

17      8.     On July 6, counsel for Samsung conducted a telephonic meet and confer with

18 Morrison & Foerster and Wilmer Hale regarding Samsung's conflict of interest letters.   Both

19 Morrison & Foerster and Wilmer Hale refused to discuss the distribution of duties between each

20 respective firm and Bridges & Mavrakakis absent written assurances that there would be no

21 waiver of privilege.   At that meet and confer, counsel for Samsung requested that all attorneys

22 that have worked on the Apple litigation sign sworn affidavits confirming that they had not

23 received any Samsung confidential information.   Both Morrison & Foerster and Wilmer Hale

24 objected that such affidavits were unnecessary in view of their prior correspondence but stated that

25 they would think about providing such affidavits.

26      9.     On July 7, 2011, counsel for Samsung again inquired about the provision of the

27 affidavits.

28

02198.51855/4239428.1

-2-   Case No. 11-cv-01846-LHK
**DECLARATION OF AUSTIN TARANGO IN SUPPORT OF SAMSUNG'S MOTION TO DISQUALIFY
BRIDGES & MAVRAKAKIS LLP**

1    10.    As of the filing of this motion on July 11, neither Morrison & Foerster nor Wilmer
2 Hale have provided a response to Samsung's request for affidavits regarding their receipt of
3 Samsung confidential information.
4    11.    Attached hereto as **Exhibit 7** is a true and correct copy of the complaint filed by
5 Ericsson Inc., et al., in Case No. 2-06-cv-00063, Dkt. 1.
6    12.    Attached hereto as **Exhibit 8** is a true and correct copy of Samsung's Answer,
7 Affirmative Defenses, and Counterclaims in Case No. 2:06-cv-00063, Dkt. 13.
8    13.    Attached hereto as **Exhibit 9** is a true and correct copy of Ericsson Inc., et al.'s,
9 Reply to Samsung's Counterclaims and Ericsson's Counterclaims Against Samsung in Case No.
10 2:06-cv-00063, Dkt. 19.
11    14.    Attached hereto as **Exhibit 10** is a true and correct copy of Samsung's Partial
12 Opposition to Ericsson's Motion to Sever and Stay Pending Resolution of ITC Proceedings, 2:06-
13 cv-00063, Dkt. 28.
14    15.    Attached hereto as **Exhibit 11** is a true and correct copy of Ericsson Inc, et al.'s,
15 Response to Samsung's Complaint in the United States International Trade Commission,
16 Investigation No. 337-TA-577.
17    I declare under penalty of perjury that the foregoing is true and correct.   Executed in
18 Redwood Shores, California on July 11, 2011.

By  */s/ Austin Tarango*
       Austin Tarango