# EXHIBIT 4



Michael T. Pieja<br>
(650) 681-4478<br>
mpieja@bridgesmav.com

June 29, 2011

**VIA ELECTRONIC MAIL**

Victoria Maroulis, Esq.
Quinn Emanuel
555 Twin Dolphin Drive
Redwood Shores, CA 94065

      Re:    *Apple Inc. v. Samsung Electronics Co. Ltd. et al*, Case No. 11-cv-1846-LHK (N.D. Cal.)

Ms. Maroulis:

      I am in receipt of your June 27, 2011 letter to Kenneth Bridges regarding Samsung's assertion of a purported conflict of interest with respect to our firm's representation of Apple in the above-captioned matter.  Mr. Bridges is out of the office this week and is therefore not available to participate in a meet-and-confer within the two-day window that your letter identified.

      In any event, your allegations that Mr. Bridges, or any unnamed "other attorney[] at Bridges & Mavrakakis," has a conflict that would preclude representation of Apple in this matter have no factual basis.  The only prior matter you allege as the basis for a purported conflict is the *Samsung v. Ericsson* litigation.  Yet Mr. Bridges did not obtain any information in *Ericsson* that could be "material to" the present case.  Nor could he have – the *Ericsson* litigation concerned subject matter that is not "material to" the present case, and any confidential information at issue in that matter likewise is not "material to" this case.

      The only basis you identify for your conflict allegations is a statement that *Ericsson* is "clearly" related to this case because *Ericsson* "relat[ed] to mobile devices."  This vague assertion provides no basis for asserting a conflict exists and your implication that any confidential information at issue in *Ericsson* is material to the present case is factually incorrect. As you are aware, the *Ericsson* litigation concluded over four years ago – in early 2007.  In view of that – and the rapid pace of change in the relevant industry – it is not surprising that *Ericsson* involved completely different products and different technologies than the present case.

      *First*, the products at issue in the *Ericsson* case have no overlap with, or relation to, those at issue here.  None of the Samsung products at issue in *Ericsson* are accused here – indeed, to our knowledge, those products have not been sold in the United States in years.  Similarly, the products at issue here were all released years after *Ericsson* concluded.  The functionalities and

**BRIDGES & MAVRAKAKIS** LLP
PATENT LITIGATION AND LICENSING

Victoria Maroulis
June 29, 2011
Page 2

capabilities of the products at issue in *Ericsson* and those at issue here are also vastly different. For instance, while Samsung's accused Galaxy products (and other devices), run on the Android software platform, Android was not even available as a mobile platform at the time the *Ericsson* case ended, and the first Samsung Android devices were not released until much later.

*Second*, the technologies at issue here are entirely different from those at issue in *Ericsson*. For instance, while the asserted utility patents in this matter relate generally to touchscreen hardware and related software, and touch-based user interfaces for modern multi-purpose communications devices, nothing resembling these technologies was at issue in *Ericsson*. Likewise, *Ericsson* obviously did not relate to Samsung's copying of the iPhone and iPad, which is at issue here.

Further, in response to your question, although we have provided Apple and its other counsel with the information contained in this letter, we have not provided, and have no intention of providing, Apple or its other counsel with any non-public or confidential information relating to any prior representation of Samsung.

These facts should resolve any good-faith concerns on your part. The attorneys involved in this matter take their ethical responsibilities seriously and adhere strictly to all applicable rules regarding conflicts and maintaining client confidences, and we encourage you to seriously consider whether you and Samsung have a good-faith basis for continuing to pursue the allegations you have set forth in your letter. To the extent you still believe a meet and confer is necessary, we will be available to meet and confer next week. Please suggest a time. In addition, if you wish to conduct a meet and confer, please be prepared to explain with specificity your basis for asserting that any member of this firm has obtained "confidential information material to" this employment as a result of the *Ericsson* litigation.

Please do not hesitate to contact me if you should have any questions or concerns. Kindly note that I am copying counsel from Morrison & Foerster and WilmerHale on this letter, as you have also directed communications on this topic to them.

Sincerely,

*/s/ Michael T. Pieja*

Michael T. Pieja


cc: Jason Bartlett and Richard Hung, Morrison & Foerster
cc: Mark Selwyn, WilmerHale