# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FEB 20 2006

DAVID J. MALAND, CLERK
BY
DEPUTY

| | |
|---|---|
| ERICSSON INC., TELEFONAKTIEBOLAGET LM ERICSSON, SONY ERICSSON MOBILE COMMUNICATIONS AB, and SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC., <br><br>Plaintiffs, <br><br>v. <br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA LLP, <br><br>Defendants. | CIVIL ACTION NO. <br> 2-06CV-63 <br> TGW <br><br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT AND REQUEST FOR DECLARATORY JUDGMENT

Plaintiffs Ericsson Inc and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson"), and Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA) Inc. (collectively, "Sony Ericsson") file this Original Complaint for Patent Infringement and Request for Declaratory Judgment against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLP, (collectively, "Defendants"), and allege as follows:

-1-

Dallas 214422v2

## The Parties

1. Plaintiff Ericsson Inc. is a Delaware corporation having a principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

2. Plaintiff Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of the country of Sweden with its principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm Sweden.

3. Plaintiff Sony Ericsson Mobile Communications AB is a corporation organized under the laws of the country of Sweden with its principal place of business at Nya Vattentornet, Lund, Sweden SE-221 88.

4. Plaintiff Sony Ericsson Mobile Communications (USA) Inc. is a Delaware corporation having a principal place of business at 7001 Development Drive, Research Triangle Park, North Carolina 27709.

5. On information and belief, Defendant Samsung Electronics Co., Ltd. ("Samsung Electronics") is a corporation organized under the laws of the country of Korea with its principal place of business at Samsung Main Building, 250, Taepyeongno 2-ga, Jung-gu, Seoul 100-742 Korea. Samsung Electronics manufactures mobile phone products, imports its products into the United States and sells and/or offers for sale its products for importation into the United States. In addition, Samsung Electronics' mobile phone products are marketed, sold, and/or for sale throughout the United States, including within this District.

6. On information and belief, Defendant Samsung Electronics America, Inc. ("Samsung Electronics America"), is a corporation organized under the laws of the State of Delaware with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung Electronics America manufactures mobile phone products,

-2-

Dallas 214422v2

imports its products into the United States and sells and/or offers for sale its products for importation into the United States. In addition, Samsung Electronics America's mobile phone products are marketed, sold, and/or for sale throughout the United States, including within this District.

7. On information and belief, Defendant Samsung Telecommunications America L.P. ("Samsung Telecommunications"), is a corporation organized under the laws of the State of Delaware with its principal place of business at 1301 E. Lookout Drive, Richardson, Texas 75082. Samsung Telecommunications manufactures mobile phone products, imports its products into the United States and sells and/or offers for sale its products for importation into the United States. In addition, Samsung Telecommunications' mobile phone products are marketed, sold, and/or for sale throughout the United States, including within this District.

## Jurisdiction and Venue

8. With respect to Counts I - XV, this is an action arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*. With respect to the Request for Declaratory Judgment by Ericsson and Sony Ericsson, this is an action arising under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b).

## The Patents

10. United States Letters Patent No. 4,905,234 ("the '234 Patent"), entitled "Apparatus And Method For Transmitting Digital Data Over A Radio Communications Channel," issued on February 27, 1990.

11. United States Letters Patent No. 5,487,071 ("the '071 Patent"), entitled "Radio Link Failure," issued on January 23, 1996.

12. United States Letters Patent No. 5,757,813 ("the '813 Patent"), entitled "Method For Achieving Optimal Channel Coding In A Communication System," issued on May 26, 1998.

13. United States Letters Patent No. 5,768,267 ("the '267 Patent"), entitled "Method For System Registration And Cell Reselection," issued on June 16, 1998.

14. United States Letters Patent No. 5,930,241 ("the '241 Patent"), entitled "Centralized Radio Control In A Mobile Communication System Wherein An Operator Can Select Either The Fixed Network Or The Mobile To Control The Radio Traffic Therebetween," issued on July 27, 1999.

15. United States Letters Patent No. 6,058,359 ("the '359 Patent"), entitled "Speech Coding Including Soft Adaptability Feature," issued on May 2, 2000.

16. United States Letters Patent No. 6,029,125 ("the '125 Patent"), entitled "Reducing Sparseness In Coded Speech Signals," issued on February 22, 2000.

17. United States Letters Patent No. 6,301,556 ("the '556 Patent"), entitled "Reducing Sparseness In Coded Speech Signals," issued on October 9, 2001.

18. United States Letters Patent No. 6,473,506 ("the '506 Patent"), entitled "Signaling Using Phase Rotation Techniques In A Digital Communications System," issued on October 29, 2002.

19. United States Letters Patent No. 6,192,335 ("the '335 Patent"), entitled "Adaptive Combining Of Multi-Mode Coding For Voiced Speech And Noise-Like Signals," issued on February 20, 2001.

20. United States Letters Patent No. 6,275,798 ("the '798 Patent"), entitled "Speech Coding With Improved Background Noise Reproduction," issued on August 14, 2001.

21. United States Letters Patent No. 6,452,941 ("the '941 Patent"), entitled "Method And System For Alternating Transmission Of Codec Mode Information," issued on September 17, 2002.

22. United States Letters Patent No. 6,424,938 ("the '938 Patent"), entitled "Complex Signal Activity Detection For Improved Speech/Noise Classification Of An Audio Signal," issued on July 23, 2002.

23. United States Letters Patent No. 6,865,233 ("the '233 Patent"), entitled "Method And System For Control Signaling Enabling Flexible Link Adaptation In A Radiocommunication System," issued on March 8, 2005.

24. United States Letters Patent No. 6,502,063 ("the '063 Patent"), entitled "Method And Apparatus For Recursive Filtering Of Parallel Intermittent Streams Of Unequally Reliable Time Discrete Data," issued on December 31, 2002.

25. Ericsson is the owner of all rights, title and interest in and to the '234 Patent, the '071 Patent, the '813 Patent, the '267 Patent, the '241 Patent, the '359 Patent, the '125 Patent, the '556 Patent, the '506 Patent, the '335 Patent, the '798 Patent, the '941 Patent, the '938 Patent, the '233 Patent, and the '063 Patent ("the Ericsson Patents") and is entitled to sue for past and future infringement.

**Factual Background**

26. The Ericsson Patents cover inventions relating to mobile communication devices and methods.

-5-

Dallas 214422v2

27. The Defendants have imported into the United States, marketed, sold and/or offered for sale in the United States, mobile communications devices that infringe the Ericsson Patents.

28. The Defendants have been placed on actual notice of the Ericsson Patents. The filing of this Complaint also constitutes notice in accordance with 35 U.S.C. § 287. Despite such notice, the Defendants continue to import into, market, sell, and/or offer for sale in the United States products covered by the Ericsson Patents.

### Count I -- Ericsson Claim For Patent Infringement of the '234 Patent

29. Ericsson repeats and realleges the allegations in paragraphs 1-28 as though fully set forth herein.

30. Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '234 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '234 Patent.

31. Defendants' infringement of the '234 Patent has been willful. Defendants' continued infringement of the '234 Patent has damaged and will continue to damage Ericsson.

### Count II -- Ericsson Claim For Patent Infringement of the '071 Patent

32. Ericsson repeats and realleges the allegations in paragraphs 1-28 as though fully set forth herein.

33. Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '071 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer

for sale, or sell in the United States, products and/or methods covered by one or more claims of the '071 Patent.

34. Defendants' infringement of the '071 Patent has been willful. Defendants' continued infringement of the '071 Patent has damaged and will continue to damage Ericsson.

### Count III -- Ericsson Claim For Patent Infringement of the '813 Patent

35. Ericsson repeats and realleges the allegations in paragraphs 1-28 as though fully set forth herein.

36. Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '813 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '813 Patent.

37. Defendants' infringement of the '813 Patent has been willful. Defendants' continued infringement of the '813 Patent has damaged and will continue to damage Ericsson.

### Count IV -- Ericsson Claim For Patent Infringement of the '267 Patent

38. Ericsson repeats and realleges the allegations in paragraphs 1-28 as though fully set forth herein.

39. Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '267 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '267 Patent.

-7-

40. Defendants' infringement of the '267 Patent has been willful. Defendants' continued infringement of the '267 Patent has damaged and will continue to damage Ericsson.

### Count V -- Ericsson Claim For Patent Infringement of the '241 Patent

41. Ericsson repeats and realleges the allegations in paragraphs 1-28 as though fully set forth herein.

42. Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '241 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '241 Patent.

43. Defendants' infringement of the '241 Patent has been willful. Defendants' continued infringement of the '241 Patent has damaged and will continue to damage Ericsson.

### Count VI -- Ericsson Claim For Patent Infringement of the '359 Patent

44. Ericsson repeats and realleges the allegations in paragraphs 1-28 as though fully set forth herein.

45. Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '359 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '359 Patent

46. Defendants' infringement of the '359 Patent has been willful. Defendants' continued infringement of the '359 Patent has damaged and will continue to damage Ericsson.

**Count VII -- Ericsson Claim For Patent Infringement of the '125 Patent**

47. Ericsson repeats and realleges the allegations in paragraphs 1-28 as though fully set forth herein.

48. Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '125 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '125 Patent.

49. Defendants' infringement of the '125 Patent has been willful. Defendants' continued infringement of the '125 Patent has damaged and will continue to damage Ericsson.

**Count VIII -- Ericsson Claim For Patent Infringement of the '556 Patent**

50. Ericsson repeats and realleges the allegations in paragraphs 1-28 as though fully set forth herein.

51. Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '556 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '556 Patent.

52. Defendants' infringement of the '556 Patent has been willful. Defendants' continued infringement of the '556 Patent has damaged and will continue to damage Ericsson.

### Count IX -- Ericsson Claim For Patent Infringement of the '506 Patent

53. Ericsson repeats and realleges the allegations in paragraphs 1-28 as though fully set forth herein.

54. Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '506 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '506 Patent.

55. Defendants' infringement of the '506 Patent has been willful. Defendants' continued infringement of the '506 Patent has damaged and will continue to damage Ericsson.

### Count X -- Ericsson Claim For Patent Infringement of the '335 Patent

56. Ericsson repeats and realleges the allegations in paragraphs 1-28 as though fully set forth herein.

57. Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '335 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '335 Patent.

Dallas 214422v2

58. Defendants' infringement of the '335 Patent has been willful. Defendants' continued infringement of the '335 Patent has damaged and will continue to damage Ericsson.

**Count XI -- Ericsson Claim For Patent Infringement of the '798 Patent**

59. Ericsson repeats and realleges the allegations in paragraphs 1-28 as though fully set forth herein.

60. Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '798 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '798 Patent.

61. Defendants' infringement of the '798 Patent has been willful. Defendants' continued infringement of the '798 Patent has damaged and will continue to damage Ericsson.

**Count XII -- Ericsson Claim For Patent Infringement of the '941 Patent**

62. Ericsson repeats and realleges the allegations in paragraphs 1-28 as though fully set forth herein.

63. Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '941 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '941 Patent.

64. Defendants' infringement of the '941 Patent has been willful. Defendants' continued infringement of the '941 Patent has damaged and will continue to damage Ericsson.

**Count XIII -- Ericsson Claim For Patent Infringement of the '938 Patent**

65. Ericsson repeats and realleges the allegations in paragraphs 1-28 as though fully set forth herein.

66. Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '938 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '938 Patent.

67. Defendants' infringement of the '938 Patent has been willful. Defendants' continued infringement of the '938 Patent has damaged and will continue to damage Ericsson.

**Count XIV -- Ericsson Claim For Patent Infringement of the '233 Patent**

68. Ericsson repeats and realleges the allegations in paragraphs 1-28 as though fully set forth herein.

69. Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '233 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '233 Patent.

70. Defendants' infringement of the '233 Patent has been willful. Defendants' continued infringement of the '233 Patent has damaged and will continue to damage Ericsson.

**Count XV -- Ericsson Claim For Patent Infringement of the '063 Patent**

71. Ericsson repeats and realleges the allegations in paragraphs 1-28 as though fully set forth herein.

72. Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '063 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '063 Patent.

73. Defendants' infringement of the '063 Patent has been willful. Defendants' continued infringement of the '063 Patent has damaged and will continue to damage Ericsson.

**Request for Declaratory Judgment By Ericsson and Sony Ericsson**

74. Ericsson and Sony Ericsson hereby request a declaratory judgment adjudicating their rights with respect to certain patents of Defendants. Ericsson and Sony Ericsson repeat and reallege the allegations in paragraphs 1-28 as though fully set forth herein.

75. Ericsson and Sony Ericsson request a declaratory judgment of noninfringement, invalidity, and/or unenforceability of the following United States Patents:

    a. RE38,603, entitled "Data transmitter and receiver of a spread spectrum communication system using a pilot channel," issued on September 28, 2004;

  b. 6,154,652, entitled "Device and method for performing handoff in mobile communication system," issued on November 28, 2000;

  c. 6,385,437, entitled "Power control apparatus and method for inter-frequency handoff in CDMA communication system," issued on May 7, 2002;

  d. 6,493,333, entitled "Device and method for controlling transmission power of punctured frame," issued on December 10, 2002;

  e. 6,437,714, entitled "Channel encoding device and method for communication system," issued on August 20, 2002;

  f. 6,487,693, entitled "Channel encoding/decoding in communication system," issued on November 26, 2002;

  g. 6,493,815, entitled "Interleaving/deinterleaving device and method for communication system," issued on December 10, 2002;

  h. 6,598,202, entitled "Turbo interleaving apparatus and method," issued on July 22, 2003;

  i. 6,668,343, entitled "Interleaving/deinterleaving device and method for communication system," issued on December 23, 2003;

  j. 6,728,229, entitled "Cell search apparatus and method in asynchronous communication system," issued on April 27, 2004;

  k. 6,728,233, entitled "Processing packet data in mobile communication system," issued on April 27, 2004; and

  l. 6,920,331, entitled "Data transmitting and receiving apparatus and method for a digital mobile station," issued on July 19, 2005 (collectively, "Samsung Patents").

76. Defendants have accused Ericsson and Sony Ericsson of infringement of each of the Samsung Patents, and in so doing have placed Ericsson and Sony Ericsson in reasonable apprehension of suit. As a result, there is currently a case or controversy between Ericsson and Sony Ericsson and Defendants with regard to the Samsung Patents. Ericsson and Sony Ericsson, therefore, request that the Court provide them with a declaratory judgment.

77. Ericsson requests that the Court adjudicate that Ericsson and Sony Ericsson do not infringe, induce the infringement of, or contribute to the infringement of the Samsung Patents, and further adjudicate the Samsung Patents invalid and unenforceable for failure to comply with the conditions for patentability set forth in, *inter alia*, 35 U.S.C. §§ 101, 102, 103, and 112.

### Prayer for Relief

WHEREFORE, Ericsson and Sony Ericsson respectfully request that this Court enter judgment in their favor and grant the following relief:

A. Adjudge that the Defendants infringe the Ericsson Patents;

B. Adjudge that the Defendants' infringement of the Ericsson Patents was willful, and that Defendants' continued infringement of the Ericsson Patents is willful;

C. Award Ericsson damages in an amount adequate to compensate Ericsson for the Defendants' infringement of the Ericsson Patents, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

D. Award enhanced damages by reason of the Defendants' willful infringement of the Ericsson Patents, pursuant to 35 U.S.C. § 284;

-15-

Dallas 214422v2

E.  Award Ericsson pre-judgment and post-judgment interest to the full extent allowed under the law, as well as its costs;

F.  Enter an order finding that this is an exceptional case and awarding Ericsson and Sony Ericsson their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G.  Enter an injunction enjoining Defendants, and all others in active concert with Defendants, from further infringement of the Ericsson Patents;

H.  Order an accounting for damages;

I.  Enter a declaratory judgment that Ericsson and Sony Ericsson do not infringe, induce the infringement of, or contribute to the infringement of the Samsung Patents;

J.  Enter a declaratory judgment that the Samsung Patents are invalid and unenforceable; and;

K.  Award such other relief as the Court may deem appropriate and just under the circumstances.

Dallas 214422v2

Dated: February 20, 2006

Respectfully submitted,

**MCKOOL SMITH, P.C.**

By: _Sam Baxter_
Sam Baxter, Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com

P.O. Box O
Marshall, Texas 75671
Telephone: (903) 927-2111
Fax: (903) 927-2622

Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com

Mike McKool, Jr.
Texas State Bar No. 13732100
mmckool@mckoolsmith.com

Theodore Stevenson, III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com

300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

-17-

Dallas 214422v2

Robert M. Parker
Texas State Bar No. 15498000
rmparker@cox-internet.com

**PARKER & BUNT, P.C.**
100 E. Ferguson Street, Suite 1114
Tyler, Texas 75702
Telephone: (903) 533-9288
Fax: (903) 533-8697

**ATTORNEYS FOR PLAINTIFFS
ERICSSON INC.,
TELEFONAKTIEBOLAGET LM
ERICSSON, SONY ERICSSON MOBILE
COMMUNICATIONS AB, and SONY
ERICSSON MOBILE
COMMUNICATIONS (USA) INC.**