# EXHIBIT 9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ERICSSON INC.,<br>TELEFONAKTIEBOLAGET LM<br>ERICSSON, SONY ERICSSON MOBILE<br>COMMUNICATIONS AB, and SONY<br>ERICSSON MOBILE COMMUNICATIONS<br>(USA) INC., | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br>2:06-CV-00063-TJW |
| **Plaintiffs/Counter-Defendants**<br>**and Counter-Plaintiffs** | §<br>§<br>§ | |
| v. | §<br>§ | |
| SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC., and SAMSUNG<br>TELECOMMUNICATIONS AMERICA LLP, | §<br>§<br>§<br>§<br>§ | JURY TRIAL DEMANDED |
| **Defendants/Counter-Plaintiffs**<br>**and Counter-Defendants.** | §<br>§ | |

**ERICSSON'S AND SONY ERICSSON'S REPLY TO THE COUNTERCLAIMS**
**OF SAMSUNG AND ERICSSON'S AND SONY ERICSSON'S**
**COUNTERCLAIMS AGAINST SAMSUNG**

Plaintiffs, Counter-Defendants, and Counter-Plaintiffs Ericsson Inc. and
Telefonaktiebolaget LM Ericsson (collectively, "Ericsson"), and Sony Ericsson Mobile
Communications AB and Sony Ericsson Mobile Communications (USA) Inc. (collectively,
"Sony Ericsson"), respectfully submit their reply to the counterclaims (hereinafter, "the
Counterclaims") asserted by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc.,
and Samsung Telecommunications America LLP, (collectively, "Samsung"), and herein assert
counterclaims against Samsung as follows:

- 1 -

**ERICSSON'S AND SONY ERICSSON'S REPLY TO SAMSUNG'S COUNTERCLAIMS**

1.     Ericsson and Sony Ericsson admit that Samsung purports that Ericsson and Sony Ericsson infringe the Samsung Asserted Patents (defined in the Answer, Affirmative Defenses, and Counterclaims of Samsung as United States Patent Reissue No. RE38,603, and United States Patent Nos. 6,154,652, 6,385,437, 6,493,333, 6,437,714, 6,487,693, 6,493,815, 6,598,202, 6,668,343, 6,728,229, 6,728,233, 6,920,331, 6,751,772, 6,397,367, 5,157,737, 5,031,119, 6,667,731, 6,882,636, 6,920,602, 5,181,209, 6,421,353, and 6,928,604), and admit that this Court has subject matter jurisdiction over such claims. Ericsson and Sony Ericsson otherwise deny that Samsung is entitled to the relief it seeks in paragraph 1.

**THE COUNTERCLAIM PARTIES**

2.     On information and belief, Ericsson and Sony Ericsson admit the allegations set forth in paragraph 2.

3.     On information and belief, Ericsson and Sony Ericsson admit the allegations set forth in paragraph 3.

4.     On information and belief, Ericsson and Sony Ericsson admit the allegations set forth in paragraph 4.

5.     Ericsson and Sony Ericsson admit that Ericsson Inc. is a Delaware corporation having a principal place of business at 6300 Legacy Drive, Plano, Texas 75024, and admit that Ericsson Inc. imports, markets, offers for sale, and/or sells mobile network products and/or components within the United States and the Eastern District of Texas. Ericsson and Sony Ericsson otherwise deny the allegations set forth in paragraph 5.

- 2 -

6.      Ericsson and Sony Ericsson admit that Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of the country of Sweden with its principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm Sweden, and admit that Telefonaktiebolaget LM Ericsson, through a joint venture with Sony Corporation, imports, markets, offers for sale, and/or sells mobile phones, network products and/or components within the United States and the Eastern District of Texas.  Ericsson and Sony Ericsson otherwise deny the allegations set forth in paragraph 6.

7.      Ericsson and Sony Ericsson admit that Sony Ericsson Mobile Communications AB is a corporation organized under the laws of the country of Sweden with its principal place of business at Nya Vattentornet, Lund, Sweden SE-221 88, and admit that Sony Ericsson Mobile Communications AB imports, markets, offers for sale, and/or sells mobile phones, network products and/or components within the United States and the Eastern District of Texas.  Ericsson and Sony Ericsson otherwise deny the allegations set forth in paragraph 7.

8.      Ericsson and Sony Ericsson admit that Sony Ericsson Mobile Communications (USA) Inc. is a Delaware corporation having a principal place of business at 7001 Development Drive, Research Triangle Park, North Carolina 27709, and admit that Sony Ericsson Mobile Communications (USA) Inc. imports, markets, offers for sale, and/or sells mobile phones, network products and/or components within the United States and the Eastern District of Texas. Ericsson and Sony Ericsson otherwise deny the allegations set forth in paragraph 8.

## JURISDICTION AND VENUE

9.      Ericsson and Sony Ericsson admit that this Court has jurisdiction over Ericsson and Sony Ericsson in this lawsuit.  Ericsson and Sony Ericsson otherwise deny that Samsung is entitled to any relief.

10.     Ericsson and Sony Ericsson admit that venue lies in this Court under 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b).   Ericsson and Sony Ericsson admit that this Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367.  Ericsson and Sony Ericsson otherwise deny that Samsung is entitled to the relief it seeks in paragraph 10.

## <u>THE SAMSUNG ASSERTED PATENTS</u>

11.     Ericsson and Sony Ericsson admit the allegations set forth in paragraph 11.

12.     Ericsson and Sony Ericsson admit the allegations set forth in paragraph 12.

13.     Ericsson and Sony Ericsson admit the allegations set forth in paragraph 13.

14.     Ericsson and Sony Ericsson admit the allegations set forth in paragraph 14.

15.     Ericsson and Sony Ericsson admit the allegations set forth in paragraph 15.

16.     Ericsson and Sony Ericsson admit the allegations set forth in paragraph 16.

17.     Ericsson and Sony Ericsson admit the allegations set forth in paragraph 17.

18.     Ericsson and Sony Ericsson admit the allegations set forth in paragraph 18.

19.     Ericsson and Sony Ericsson admit the allegations set forth in paragraph 19.

20.     Ericsson and Sony Ericsson admit the allegations set forth in paragraph 20.

21.     Ericsson and Sony Ericsson admit the allegations set forth in paragraph 21.

22.     Ericsson and Sony Ericsson admit the allegations set forth in paragraph 22.

23.     Ericsson and Sony Ericsson admit the allegations set forth in paragraph 23.

24.     Ericsson and Sony Ericsson admit the allegations set forth in paragraph 24.

25.     Ericsson and Sony Ericsson admit the allegations set forth in paragraph 25.

26.     Ericsson and Sony Ericsson admit the allegations set forth in paragraph 26.

27.     Ericsson and Sony Ericsson admit the allegations set forth in paragraph 27.

28.     Ericsson and Sony Ericsson admit the allegations set forth in paragraph 28.

Dallas 220994v5

29. Ericsson and Sony Ericsson admit the allegations set forth in paragraph 29.

30. Ericsson and Sony Ericsson admit the allegations set forth in paragraph 30.

31. Ericsson and Sony Ericsson admit the allegations set forth in paragraph 31.

32. Ericsson and Sony Ericsson admit the allegations set forth in paragraph 32.

33. Ericsson and Sony Ericsson admit that Samsung Electronics Co., Ltd. is listed as the assignee on the face of United States Patent Nos. 6,397,367; 6,421,353; 6,667,731; 6,751,772, 6,882,636, 6,920,602, 6,928,604, 6,154,652, 6,385,437, 6,437,714, 6,487,693, 6,493,333, 6,493,815, 6,598,202, 6,668,343, 6,782,229, 6,728,233, 6,920,331, and United States Patent Reissue RE38,603. Ericsson and Sony Ericsson are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 33 and, therefore, deny the allegations set forth therein.

## COUNT I.

## COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '603 PATENT

34. Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-33 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

35. Ericsson and Sony Ericsson deny the allegations set forth in paragraph 35.

36. Ericsson and Sony Ericsson deny the allegations set forth in paragraph 36.

## COUNT II.

## COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '652 PATENT

37. Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-36 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

38.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 38.

39.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 39.

## COUNT III.

## <u>COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '437 PATENT</u>

40.     Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-39 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

41.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 41.

42.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 42.

## COUNT IV.

## <u>COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '333 PATENT</u>

43.     Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-42 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

44.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 44.

45.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 45.

## COUNT V.

## <u>COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '714 PATENT</u>

46.     Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-45 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

47.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 47.

Dallas 220994v5

48.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 48.

## COUNT VI.

## **COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '693 PATENT**

49.     Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-48 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

50.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 50.

51.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 51.

## COUNT VII.

## **COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '815 PATENT**

52.     Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-51 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

53.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 53.

54.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 54.

## COUNT VIII.

## **COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '202 PATENT**

55.     Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-54 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

56.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 56.

57.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 57.

Dallas 220994v5

## COUNT IX.

### COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '343 PATENT

58.     Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-57 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

59.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 59.

60.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 60.

## COUNT X.

### COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '229 PATENT

61.     Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-60 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

62.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 62.

63.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 63.

## COUNT XI.

### COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '233 PATENT

64.     Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-63 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

65.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 65.

66.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 66.

Dallas 220994v5

## COUNT XII.

## COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '331 PATENT

67.     Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-66 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

68.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 68.

69.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 69.

## COUNT XIII.

## COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '772 PATENT

70.     Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-69 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

71.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 71.

72.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 72.

## COUNT XIV.

## COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '367 PATENT

73.     Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-72 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

74.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 74.

75.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 75.

Dallas 220994v5

**COUNT XV.**

**COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '737 PATENT**

76.     Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-75 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

77.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 77.

78.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 78.

**COUNT XVI.**

**COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '119 PATENT**

79.     Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-78 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

80.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 80.

81.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 81.

**COUNT XVII.**

**COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '731 PATENT**

82.     Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-81 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

83.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 83.

84.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 84.

Dallas 220994v5

## COUNT XVIII.

### COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '636 PATENT

85.     Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-84 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

86.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 86.

87.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 87.

## COUNT XIX.

### COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '602 PATENT

88.     Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-87 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

89.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 89.

90.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 90.

## COUNT XX.

### COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '209 PATENT

91.     Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-90 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

92.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 92.

93.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 93.

Dallas 220994v5

## COUNT XXI.

## COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '353 PATENT

94.     Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-93 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

95.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 95.

96.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 96.

## COUNT XXII.

## COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '604 PATENT

97.     Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-96 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

98.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 98.

99.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 99.

## COUNT XXIII.

## COUNTERCLAIM FOR BREACH OF CONTRACT

100.     Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-99 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

101.     Ericsson and Sony Ericsson admit that the European Telecommunications Standards Institute ("ETSI"), in addition to other 2G and 3G standards bodies, are standards-setting bodies which are responsible for the standardization of information and communication technologies for the benefit of their members and third parties.  Ericsson and Sony Ericsson

otherwise deny the allegations set forth in paragraph 101.

102.     Ericsson and Sony Ericsson admit that Telefonaktiebolaget LM Ericsson is a member of ETSI. Ericsson and Sony Ericsson further admit that members of ETSI agree to comply with ETSI's Intellectual Property Rights ("IPR") Policy. Ericsson and Sony Ericsson otherwise deny the allegations set forth in paragraph 102.

103.     Ericsson and Sony Ericsson admit that ETSI's IPR Policy provides that standards essential patents should be licensed on FRAND terms and conditions. Ericsson and Sony Ericsson otherwise deny the allegations set forth in paragraph 103.

104.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 104.

105.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 105.

106.     Ericsson and Sony Ericsson deny the allegations set forth in paragraph 106.

## COUNT XXIV.

## COUNTERCLAIM FOR EQUITABLE ESTOPPEL

107.     Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-106 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

108.     Ericsson and Sony Ericsson admit that Telefonaktiebolaget LM Ericsson is a member of ETSI. Ericsson and Sony Ericsson further admit that members of ETSI agree to comply with ETSI's Intellectual Property Rights ("IPR") Policy. Ericsson and Sony Ericsson otherwise deny the allegations set forth in paragraph 108.

109.     Ericsson and Sony Ericsson admit that Telefonaktiebolaget LM Ericsson is a member of ETSI. Ericsson and Sony Ericsson further admit that members of ETSI agree to comply with ETSI's Intellectual Property Rights ("IPR") Policy. Ericsson and Sony Ericsson

otherwise deny the allegations set forth in paragraph 109.

110.   Ericsson and Sony Ericsson deny the allegations set forth in paragraph 110.

111.   Ericsson and Sony Ericsson deny the allegations set forth in paragraph 111.

112.   Ericsson and Sony Ericsson admit the allegations set forth in paragraph 112.

## ERICSSON'S AND SONY ERICSSON'S AFFIRMATIVE DEFENSES

113.   Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-112 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

114.   Ericsson and Sony Ericsson allege and assert the following defenses in response to the allegations of Samsung's counterclaims, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein.

### FIRST AFFIRMATIVE DEFENSE

### (Invalidity, Noninfringement, and/or Unenforceability)

115.   The asserted claims of the Samsung Asserted Patents, as properly construed, are invalid, not infringed, and/or unenforceable.

### SECOND AFFIRMATIVE DEFENSE

### (Failure To Mark)

116.   Samsung's counterclaims are barred in whole or in part by failure to comply with the requirements of 35 U.S.C. § 287.

### THIRD AFFIRMATIVE DEFENSE

### (Laches)

117.   Samsung's counterclaims are barred, in whole or in part, by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

118.    Samsung's counterclaims are barred, in whole or in part, by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver/Consent)

119.    Samsung's counterclaims are barred because Samsung consented to the conduct alleged therein, waived its claims for relief, and/or abandoned its right to recover on the conduct alleged in Samsung's counterclaims.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

120.    On information and belief, Samsung's counterclaims are barred in whole or in part by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy At Law)

121.    Samsung's counterclaims for injunctive relief, declaratory relief, and/or restitution are barred in light of the fact that Samsung has adequate remedies at law.

## EIGHTH AFFIRMATIVE DEFENSE

### (License)

122.    Ericsson and Sony Ericsson are licensed to the patents-in-suit under the doctrines of express license, implied license, and/or patent exhaustion.

Dallas 220994v5

## NINTH AFFIRMATIVE DEFENSE

### (Patent Misuse)

123. Samsung's counterclaims are barred in whole or in part due to patent misuse.

## TENTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

124. Samsung has alleged no facts, and Ericsson and Sony Ericsson have not engaged in any conduct, that entitles Samsung to an award of attorneys' fees.

## ERICSSON'S AND SONY ERICSSON'S COUNTERCLAIMS AGAINST SAMSUNG

For their counterclaims, Ericsson and Sony Ericsson state as follows:

1. This is a counterclaim action for infringement under the patent laws of the United States against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America L.P. (collectively "Samsung") for infringement of United States Patent Nos. 5,353,332, 5,404,355, 5,870,406, 6,112,102, 6,256,487, 6,400,928, 6,463,107, 6,732,069, 6,907,265, 5,572,622, 7,042,963, and 6,387,027 (collectively the "Ericsson Counterclaim Patents").

### THE COUNTERCLAIM PARTIES

2. Ericsson Inc. is a Delaware corporation having a principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

3. Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of the country of Sweden with its principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm Sweden.

4.      Sony Ericsson Mobile Communications AB is a corporation organized under the laws of the country of Sweden with its principal place of business at Nya Vattentornet, Lund, Sweden SE-221 88.

5.      Sony Ericsson Mobile Communications (USA) Inc. is a Delaware corporation having a principal place of business at 7001 Development Drive, Research Triangle Park, North Carolina 27709.

6.      On information and belief, Samsung Electronics Co., Ltd. ("Samsung Electronics") is a corporation organized under the laws of the country of Korea with its principal place of business at Samsung Main Building, 250, Taepyeongno 2-ga, Jung-gu, Seoul 100-742 Korea.  Samsung Electronics manufactures mobile phone products, imports its products into the United States and sells and/or offers for sale its products for importation into the United States. In addition, Samsung Electronics' mobile phone products are marketed, sold, and/or for sale throughout the United States, including within this District.

7.      On information and belief, Samsung Electronics America, Inc. ("Samsung Electronics America"), is a corporation organized under the laws of the State of Delaware with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung Electronics America manufactures mobile phone products, imports its products into the United States and sells and/or offers for sale its products for importation into the United States. In addition, Samsung Electronics America's mobile phone products are marketed, sold, and/or for sale throughout the United States, including within this District.

8.      On information and belief, Samsung Telecommunications America L.P. ("Samsung Telecommunications"), is a corporation organized under the laws of the State of Delaware with its principal place of business at 1301 E. Lookout Drive, Richardson, Texas

- 17 -

75082.    Samsung Telecommunications manufactures mobile phone products, imports its products into the United States and sells and/or offers for sale its products for importation into the United States.   In addition, Samsung Telecommunications' mobile phone products are marketed, sold, and/or for sale throughout the United States, including within this District.

## JURISDICTION AND VENUE

9.    With respect to Counts I-XII, this is an action arising under the patent laws of the United States, 35 U.S.C. § 101 et seq.   This Court has supplemental jurisdiction over Counts XIII-XIV pursuant to 28 U.S.C.§ 1367.   This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

10.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b).

## THE ERICSSON COUNTERCLAIM PATENTS

11.    United States Letter Patent No. 5,353,332 ("the '332 Patent") entitled "Method and Apparatus for Communication Control in a Radiotelephone System," issued on October 4, 1994.

12.    United States Letter Patent No. 5,404,355 ("the '355 Patent") entitled "Method for Transmitting Broadcast Information in a Digital Control Channel," issued on April 4, 1995.

13.    United States Letter Patent No. 5,870,406 ("the '406 Patent") entitled "Automatic Repeat Request (ARQ) Data Communications Method and Apparatus", issued on February 9, 1999.

14.    United States Letter Patent No. 6,112,102 ("the '102 Patent") entitled "Multi-Band Non-Uniform Helical Antennas," issued on August 29, 2000.

15.    United States Letter Patent No. 6,256,487 ("the '487 Patent") entitled "Multiple Mode Transmitter Using Multiple Speech/Channel Coding Modes Wherein the Coding Mode is

Conveyed to the Receiver with the Transmitted Signal," issued on July 3, 2001.

16.     United States Letter Patent No. 6,400,928 ("the '928 Patent") entitled "Method and System for Blind Detection of Modulation," issued on June 4, 2002.

17.     United States Letter Patent No. 6,463,107 ("the '107 Patent") entitled "Methods and Apparatuses for Synchronization and Modulation Type Detection," issued on October 8, 2002.

18.     United States Letter Patent No. 6,732,069 ("the '069 Patent") entitled "Linear Predictive Analysis-by-Synthesis Encoding Method and Encoder," issued on May 4, 2004.

19.     United States Letter Patent No. 6,907,265 ("the '265 Patent") entitled "Supply of Instant GPRS to Mobile Phone Manufacturers," issued on June 14, 2005.

20.     United States Letter Patent No. 5,572,622 ("the '622 Patent") entitled "Rejected Frame Concealment," issued on November 5, 1996.

21.     United States Letter Patent No. 7,042,963 ("the '963 Patent") entitled "Methods and Apparatus for Decoding Variably-Coded Signals Based on Prior Communication," issued on May 9, 2006.

22.     United States Letter Patent No. 6,387,027 ("the '027 Patent") entitled "Method and Device in a Mobile Station for Avoiding Repeated Registration," issued on May 14, 2002.

## **FACTUAL BACKGROUND**

23.     The Ericsson Counterclaim Patents cover inventions relating to mobile communication devices and methods.

24.     Samsung has imported, marketed, offered for sale, and/or sold within the United States, mobile communication device and methods and/or methods that infringe the Ericsson Counterclaim Patents.

25.     Samsung has been placed on actual notice of the Ericsson Counterclaim Patents.

Dallas 220994v5

The filing of these counterclaims also constitutes notice in accordance with 35 U.S.C. § 287. Despite such notice, Samsung continues to import, market, sell, and/or offer for sale within the United States mobile communication devices and methods covered by the Ericsson Counterclaim Patents.

## COUNT I.

### COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON PATENT '332

26. Ericsson repeats and realleges the allegations in paragraphs 1-25 as though fully set forth herein.

27. Samsung has infringed, contributed to the infringement of, and/or induced infringement of the '332 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '332 Patent.

28. Samsung's infringement of the '332 Patent has been willful. Samsung's continued infringement of the '332 Patent has damaged and will continue to damage Ericsson.

## COUNT II.

### COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON PATENT '355

29. Ericsson repeats and realleges the allegations in paragraphs 1-28 as though fully set forth herein.

30. Samsung has infringed, contributed to the infringement of, and/or induced infringement of the '355 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '355 Patent.

31. Samsung's infringement of the '355 Patent has been willful. Samsung's

- 20 -

continued infringement of the '355 Patent has damaged and will continue to damage Ericsson.

## COUNT III.

## COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON PATENT '406

32.     Ericsson repeats and realleges the allegations in paragraphs 1-31 as though fully set forth herein.

33.     Samsung has infringed, contributed to the infringement of, and/or induced infringement of the '406 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '406 Patent.

34.     Samsung's infringement of the '406 Patent has been willful.  Samsung's continued infringement of the '406 Patent has damaged and will continue to damage Ericsson.

## COUNT IV.

## COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON PATENT '102

35.     Ericsson repeats and realleges the allegations in paragraphs 1-34 as though fully set forth herein.

36.     Samsung has infringed, contributed to the infringement of, and/or induced infringement of the '102 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '102 Patent.

37.     Samsung's infringement of the '102 Patent has been willful.  Samsung's continued infringement of the '102 Patent has damaged and will continue to damage Ericsson.

## COUNT V.

### <u>COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON PATENT '487</u>

38.     Ericsson repeats and realleges the allegations in paragraphs 1-37 as though fully set forth herein.

39.     Samsung has infringed, contributed to the infringement of, and/or induced infringement of the '487 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '487 Patent.

40.     Samsung's infringement of the '487 Patent has been willful.   Samsung's continued infringement of the '487 Patent has damaged and will continue to damage Ericsson.

## COUNT VI.

### <u>COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON PATENT '928</u>

41.     Ericsson repeats and realleges the allegations in paragraphs 1-40 as though fully set forth herein.

42.     Samsung has infringed, contributed to the infringement of, and/or induced infringement of the '928 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '928 Patent.

43.     Samsung's infringement of the '928 Patent has been willful.   Samsung's continued infringement of the '928 Patent has damaged and will continue to damage Ericsson.

## COUNT VII.

## COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON PATENT '107

44.     Ericsson repeats and realleges the allegations in paragraphs 1-43 as though fully set forth herein.

45.     Samsung has infringed, contributed to the infringement of, and/or induced infringement of the '107 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '107 Patent.

46.     Samsung's infringement of the '107 Patent has been willful.   Samsung's continued infringement of the '107 Patent has damaged and will continue to damage Ericsson.

## COUNT VIII.

## COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON PATENT '069

47.     Ericsson repeats and realleges the allegations in paragraphs 1-46 as though fully set forth herein.

48.     Samsung has infringed, contributed to the infringement of, and/or induced infringement of the '069 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '069 Patent.

49.     Samsung's infringement of the '069 Patent has been willful.   Samsung's continued infringement of the '069 Patent has damaged and will continue to damage Ericsson.

## COUNT IX.

### COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON PATENT '265

50.     Ericsson repeats and realleges the allegations in paragraphs 1-49 as though fully set forth herein.

51.     Samsung has infringed, contributed to the infringement of, and/or induced infringement of the '265 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '265 Patent.

52.     Samsung's infringement of the '265 Patent has been willful.   Samsung's continued infringement of the '265 Patent has damaged and will continue to damage Ericsson.

## COUNT X.

### COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON PATENT '622

53.     Ericsson repeats and realleges the allegations in paragraphs 1-52 as though fully set forth herein.

54.     Samsung has infringed, contributed to the infringement of, and/or induced infringement of the '622 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '622 Patent.

55.     Samsung's infringement of the '622 Patent has been willful.   Samsung's continued infringement of the '622 Patent has damaged and will continue to damage Ericsson.

- 24 -

Dallas 220994v5

## COUNT XI.

## <u>COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON PATENT '963</u>

56.     Ericsson repeats and realleges the allegations in paragraphs 1-55 as though fully set forth herein.

57.     Samsung has infringed, contributed to the infringement of, and/or induced infringement of the '963 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '963 Patent.

58.     Samsung's infringement of the '963 Patent has been willful.   Samsung's continued infringement of the '963 Patent has damaged and will continue to damage Ericsson.

## COUNT XII.

## <u>COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON PATENT '027</u>

59.     Ericsson repeats and realleges the allegations in paragraphs 1-58 as though fully set forth herein.

60.     Samsung has infringed, contributed to the infringement of, and/or induced infringement of the '027 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '027 Patent.

61.     Samsung's infringement of the '027 Patent has been willful.   Samsung's continued infringement of the '027 Patent has damaged and will continue to damage Ericsson.

- 25 -

## COUNT XIII.

## COUNTERCLAIM FOR BREACH OF CONTRACT

62.     Ericsson and Sony Ericsson repeat and reallege the allegations in Paragraphs 1-61 of their counterclaims as though fully set forth herein, and further incorporate by reference the allegations set forth in their Original Complaint.

63.     The European Telecommunications Standards Institute ("ETSI"), in addition to other 2G and 3G standard bodies, including the Third Generation Partnership Project ("3GPP"), in which Samsung has been involved are standards-setting bodies responsible for standardization of information and communication technologies for the benefit of ETSI members and third parties.

64.     Samsung has declared, asserted and/or otherwise represented that certain of the Samsung Asserted Patents, including but not limited to United States Patent Nos. 6,154,652, 6,437,714, 6,493,815, 6,598,202, 6,920,331, 5,181,209, 6,397,367, 6,920,602, 6,928,604, 6,882,636, RE38,603, 6,385,437, 6,493,333, 6,487,693, 6,668,343, 6,728,229, 6,728,233, and 6,751,772, are essential to compliance with standards promulgated by ETSI.

65.     As a member of ETSI, and to comply with ETSI's Intellectual Property Rights ("IPR") Policy, Samsung represented to ETSI, ETSI members, and third parties that it would grant irrevocable licenses to certain of the Samsung Asserted Patents, including but not limited to United States Patent Nos. 6,154,652, 6,437,714, 6,493,815, 6,598,202, 6,920,331, 5,181,209, 6,397,367, 6,920,602, 6,928,604, 6,882,636, RE38,603, 6,385,437, 6,493,333, 6,487,693, 6,668,343, 6,728,229, 6,728,233, and 6,751,772 on fair, reasonable, and non-discriminatory ("FRAND") terms and conditions.

66.     Samsung's ETSI membership and other activities, including the declarations it

- 26 -

made to comply with ETSI's IPR Policy, created an express and/or implied contract with ETSI, ETSI members, and/or third parties that Samsung would license its patents on FRAND terms and conditions for certain of the Samsung Asserted Patents, including but not limited to United States Patent Nos. 6,154,652, 6,437,714, 6,493,815, 6,598,202, 6,920,331, 5,181,209, 6,397,367, 6,920,602, 6,928,604, 6,882,636, RE38,603, 6,385,437, 6,493,333, 6,487,693, 6,668,343, 6,728,229, 6,728,233, and 6,751,772.

67.     Samsung has refused to grant Ericsson and Sony Ericsson a license to certain of the Samsung Asserted Patents, including but not limited to United States Patent Nos. 6,154,652, 6,437,714, 6,493,815, 6,598,202, 6,920,331, 5,181,209, 6,397,367, 6,920,602, 6,928,604, 6,882,636, RE38,603, 6,385,437, 6,493,333, 6,487,693, 6,668,343, 6,728,229, 6,728,233, and 6,751,772 on FRAND terms and conditions.

68.     With respect to any Samsung Asserted Patent(s) declared, asserted, represented or otherwise found to be standard essential, Samsung's refusal constitutes a breach of its contractual obligations to 2G and 3G standard bodies, including ETSI and 3GPP, to members thereof, and to third parties.  Samsung's breach deprives members and third parties of licenses thereto.

69.     As a result of Samsung's breach, Ericsson and Sony Ericsson have incurred damages and will be further damaged in the future.

## COUNT XIV.

## COUNTERCLAIM FOR EQUITABLE ESTOPPEL

70.     Ericsson and Sony Ericsson repeat and reallege the allegations in Paragraphs 1-69 of their counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

71.     In the course of its participation in ETSI, Samsung represented to ETSI, ETSI

members, and third parties that it would grant irrevocable licenses to the purported Samsung standards essential patents on FRAND terms and conditions.

72.    Samsung's ETSI membership and activities, including the declarations it made to comply with ETSI's IPR Policy for the purported Samsung Asserted Patents, which are standards essential patents.  Samsung's declarations created a false and misleading impression among ETSI, ETSI members (including Ericsson and Sony Ericsson), and/or third parties that Samsung would license those patents on FRAND terms and conditions.

73.    In reliance on Samsung's representations, Ericsson and Sony Ericsson made substantial investments in the research, design, development, manufacture, and marketing of mobile handsets.

74.    As a result, Ericsson and Sony Ericsson each will be harmed materially if Samsung is permitted to assert its alleged patent rights to prevent Samsung from importing and/or selling mobile handsets.

### ERICSSON'S AND SONY ERICSSON'S
### REQUEST FOR DECLARATORY JUDGMENT

75.    Ericsson and Sony Ericsson hereby request a declaratory judgment adjudicating their rights with respect to the Samsung Asserted Patents.  Ericsson and Sony Ericsson repeat and reallege the allegations in paragraphs 1-74 as though fully set forth herein.

76.    Ericsson and Sony Ericsson request a declaratory judgment of noninfringement, invalidity, and/or unenforceability of the Samsung Asserted Patents.

77.    Samsung has sued Ericsson and Sony Ericsson for infringement of each of the Samsung Asserted Patents.  As a result, there is currently a case or controversy between Ericsson and Sony Ericsson and Samsung with regard to the Samsung Asserted Patents.  Ericsson and Sony Ericsson, therefore, request that the Court provide them with a declaratory judgment.

78.     Ericsson requests that the Court adjudicate that Ericsson and Sony Ericsson do not infringe, induce the infringement of, or contribute to the infringement of the Samsung Asserted Patents, and further adjudicate the Samsung Asserted Patents invalid and unenforceable for failure to comply with the conditions for patentability set forth in, *inter alia*, 35 U.S.C. §§ 101, 102, 103, and 112.

## PRAYER FOR RELIEF

WHEREFORE, Ericsson and Sony Ericsson respectfully request that this Court enter judgment in their favor and grant the following relief:

A.      Adjudge that Samsung infringes the Ericsson Counterclaim Patents;

B.      Adjudge that Samsung's infringement of the Ericsson Patents was willful, and that Samsung's continued infringement of the Ericsson Counterclaim Patents is willful;

C.      Award Ericsson damages in an amount adequate to compensate Ericsson and Sony Ericsson for Samsung's infringement of the Ericsson Counterclaim Patents, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

D.      Award enhanced damages by reason of Samsung's willful infringement of the Ericsson Counterclaim Patents, pursuant to 35 U.S.C. § 284;

E.      Award Ericsson and Sony Ericsson pre-judgment and post-judgment interest and their costs to the full extent allowed under the law;

F.      Enter an order finding that this is an exceptional case and awarding Ericsson and Sony Ericsson their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G.      Enter an injunction enjoining Samsung, and all others in active concert with Samsung, from further infringement of the Ericsson Counterclaim Patents;

H.      Order an accounting for damages;

I.      Enter a declaratory judgment that Ericsson and Sony Ericsson do not infringe,

induce the infringement of, or contribute to the infringement of the Samsung Asserted Patents;

J.   Enter a declaratory judgment that the Samsung Asserted Patents are invalid and unenforceable;

K.   Award Ericsson and Sony Ericsson attorney's fees based on their breach of contract and equitable estoppel claims; and

L.   Award such other relief as the Court may deem appropriate and just under the circumstances.

Dallas 220994v5

Dated:  June 29, 2006

Respectfully submitted,

**MCKOOL SMITH, P.C.**

By:  ___/s/ Sam Baxter_____
Sam Baxter, Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com

P.O. Box O
Marshall, Texas 75671
Telephone: (903) 927-2111
Fax: (903) 927-2622

Mike McKool, Jr.
Texas State Bar No. 13732100
mmckool@mckoolsmith.com

Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com

Theodore Stevenson, III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com

300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4000
Telecopier:  (214) 978-4044

Robert M. Parker
Texas State Bar No. 15498000
rmparker@cox-internet.com

**PARKER & BUNT, P.C.**
100 E. Ferguson Street, Suite 1114
Tyler, Texas 75702
Telephone: (903) 533-9288
Fax: (903) 533-8697

**ATTORNEYS  FOR PLAINTIFFS
ERICSSON INC., TELEFONAKTIEBOLAGET
LM ERICSSON, SONY ERICSSON MOBILE
COMMUNICATIONS AB, and SONY
ERICSSON MOBILE COMMUNICATIONS**

- 31 -

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 29th day of June, 2006.


/s/ Sam Baxter
_____