# EXHIBIT 10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| ERICSSON INC., TELEFONAKTIEBOLAGET LM ERICSSON, SONY ERICSSON MOBILE COMMUNICATIONS AB, and SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC., <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA LLP, <br><br> Defendants. | Civil Action No. 2:06-CV-00063-TJW <br><br> **Jury Demanded** |

## SAMSUNG'S PARTIAL OPPOSITION TO ERICSSON'S MOTION TO SEVER AND STAY PENDING RESOLUTION OF ITC PROCEEDINGS

Defendants, Counter-Plaintiffs, and Counter-Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLP (collectively, "Samsung") oppose, in part, the motion brought by Plaintiffs, Counter-Defendants, and Counter-Plaintiffs Ericsson Inc., Telefonaktiebolaget LM Ericsson, Sony Ericsson Mobile Communications AB, and Sony Ericsson Mobile Communications (USA) Inc. (collectively, "Ericsson") to sever and stay pending resolution of ITC proceedings. Specifically, Samsung opposes Ericsson's motion to *sever* the seven ITC patents from this case, but Samsung does not oppose Ericsson's motion to stay them.

To avoid duplicative litigation, Congress enacted a statute giving parties the right to stay district court patent infringement claims that are also asserted before the ITC. Samsung does not

oppose that aspect of Ericsson's motion. However, the ITC has set an October 8, 2007 date for the Commission's Final Determination. After that date, the statutory stay will cease to be mandatory and the seven ITC patents may proceed toward trial in this Court.[1] Because the Commission proceedings will be expeditious, and Samsung's infringement claims on those seven patents will, once the Commission has acted, rejoin the remaining 42 patents in this case, judicial economy is best served by keeping the patents together in one proceeding.

This dispute arises out of cross-license negotiations between the parties relating to GSM and UMTS cellular phones and base stations. Not surprisingly then, the seven patents in the ITC relate to the same technology as the other 42 patents. Hence, separating the patents into separate cases as Ericsson suggests will result in two trials, on the same technology and products, resulting in duplication of efforts and judicial resources. Samsung therefore respectfully suggests that the Court grant Ericsson's motion to the extent it seeks a stay, but deny Ericsson's motion to the extent it seeks severance. Alternatively, this Court should delay decision on the motion to sever until the conclusion of the ITC case because at that time the Court and parties will be in a better position to determine whether severing the seven patents would be appropriate.

## BACKGROUND

This lawsuit centers around the parties' failed attempts to negotiate a patent cross-license relating to GSM and UMTS cellular telephones and base stations following the expiration of a license between the parties on December 31, 2005. On February 20, 2006, Ericsson initiated this litigation, asserting 15 patents against Samsung and requesting a declaratory judgment of noninfringement and invalidity on 12 Samsung patents, including three patents that it seeks to sever in its Motion. Samsung filed counterclaims, asserting the 12 declaratory judgment patents

---

[1] *See* 28 U.S.C. § 1659(a) (a district court stay pending ITC case only remains in effect "until the determination of the Commission becomes final").

2

(as well as ten additional patents) against Ericsson. On June 29, 2006, Ericsson added yet another 12 patents to the present case.

Shortly after filing its answer and counterclaims in this case, Samsung petitioned the United States International Trade Commission (the "ITC") to initiate an investigation of Ericsson's importation of GSM and UMTS phones and base stations. Specifically, Samsung asked the ITC to investigate whether Ericsson's infringement of seven patents ("ITC Patents") involves unfair trade practices under section 337 of the Tariff Act of 1930 (the "ITC Proceeding"). Samsung's seven patents in the ITC Proceeding comprise a subset of the 22 patents now asserted by Samsung in this Court. On August 4, the Administrative Law Judge (the "ALJ") set a timetable for completing the investigation. (Ex. 1 at 2.) According to this schedule, the ALJ will begin the hearing on Samsung's ITC claims on March 27, 2007 and make an initial determination by July 6, 2007. (*Id.* at 1.) The ALJ also set a target date of October 8, 2007 for a Final Determination by the Commission. (*Id.*)

Ericsson then filed yet another action in this District asserting eleven patents against Samsung. (Ex. 2 at 3-4.) At the same time, Ericsson filed a new ITC proceeding, asserting nine of those eleven patents against Samsung. Notably, Ericsson did not file its non-ITC patents in a separate case.

Discovery on the seven patents in the Samsung-initiated ITC Proceeding is already well underway and will be completed by the first few months of 2007, with the parties having produced hundreds of thousands of pages of documents. Importantly, the ITC allows discovery for a similar scope of subject matter as permitted in this Court. The ITC allows parties to serve an unlimited number of interrogatories, requests for admission, and requests for production. Hence, the discovery in both the ITC and this Court with respect to these seven patents will be

substantially the same, including many fact depositions, Rule 30(b)(6) topics, products, claim constructions, infringement and validity contentions, as well as other issues. By the time the stay would be lifted in October 2007, the discovery and other lawyer work will have been completed on most of the patent issues, likely putting the progress made in the ITC on the seven patents at least on par with the progress made with respect to many of the non-ITC patents.[2] As a result, Samsung believes that a stay discovery on the ITC patents will not result in any delay of trial in this action.[3]

## ARGUMENT

The Federal Rules favor like subject matter remaining in a single action. Under FED. R. CIV. P. 18, parties are encourage to freely join related claims to a litigation.[4] FED. R. CIV. P. 18(a); *see, e.g.*, 7 Wright, Miller & Kane, *Federal Practice & Procedure* § 1689 (Rule 21 "must be read in conjunction with . . . Rule 18, which provides the parties with great freedom in the joinder of claims"). As a result, Ericsson carries a significant burden in demonstrating that severance is somehow appropriate here. But, Ericsson has both failed to show that severance makes any sense from a case management perspective, or that legally it is appropriate.

Factually, the patents in the ITC case the remaining patents asserted by both parties here are relate to the same technology, and to the same products and product categories. This is not surprising since this dispute arises out of a failed cross-license negotiation relating to Samsung's and Ericsson's GSM and UMTS products and related patent portfolios. The patents and

---

[2] *See, e.g.*, 28 U.S.C. § 1659(b) (after dissolution of the stay, the record of the ITC investigation is transmitted to the district court and is admissible in the district court action, subject to certain restrictions).

[3] No Docket Control Order has been entered in this case.

4

technology in this case naturally reflect that. As can be seen from the chart below, this case includes three technological areas relating to cellular equipment such as cellular phones and base stations: the physical "layer" of those devices, communication protocols between such devices, user interfaces/features of such devices.

| **Ericsson and Samsung Technology and Products** | **ITC Patents** | **Remaining 42 Ericcsson and Samsung Patents (selected examples)** |
|---|---|---|
| *Physical layer* (includes preparing user information in a form for reliable transmission via, and correctly determining user information upon reception from, the physical medium, *i.e.*, the airwaves)<br><br>GSM and UMTS cellular equipment | 6,598,202; 6,882,636; 6,920,602; and 6,928,604 | *E.g.*, 5,181,209; 5,870,406; 6,256,487; 6,397,367; 6,400,928; 6,437,714; 6,463,107; 6,473,506; 6,493,815; 6,487,693; 6,668,343; 6,751,772; 7,042,963; RE38,603 |
| *Protocol* (the format, type and use of information exchanged between devices to facilitate the communication)<br><br>GSM and UMTS cellular equipment | 6,154,652 and 6,920,331 | *E.g.*, 4,905,234; 5,353,332; 5,404,355; 5,487,071; 5,757,813; 5,768,267; 5,930,241; 6,385,437; 6,387,027; 6,452,941; 6,493,333; 6,728,229; 6,865,233 |
| *User interface/user features*<br><br>Selected GSM and UMTS cellular equipment | 6,421,353 | *E.g.*, 5,031,119; 5,157,737; 6,667,731 |

From a case management perspective, the reality is that the ITC proceedings will actually accelerate the discovery and other work needed to enable the seven ITC patents to be ready for *Markman* and trial. As discussed above, the ITC has set its target date for October, 2007, after which the stay should be lifted. In other words, because it will take about five to six months for the Administrative Law Judge and the Commission to render a final ruling after trial, by ***May, 2007***, the parties will have taken positions on claim constructions, infringement, invalidity,

5

and enforceability, and completed full discovery and a trial on the merits on those issues. As mentioned above, this record will be certified for use in the district court. (*See* note 2, *supra*.) In the meantime, the parties will have plenty of work to do in Texas to litigate the remaining 42 patents. Leaving the seven ITC patents in the case will then afford the Court the opportunity to conduct the *Markman* and trial in a manner that will avoid the duplication that will necessarily occur from severance.

From a legal perspective, Ericsson's request to sever lacks support. Ericsson represents to the Court that courts "routinely sever patent claims" under the present circumstances. But in fact, Ericsson did not offer in its Motion a single case in which a court severed patents claims because of a parallel proceeding before the ITC. Ericsson actually cites to only one case that even involved a parallel ITC proceeding. In that case, however, the court did what Samsung proposes here—the court ***stayed*** the overlapping patent claims but did not ***sever*** those claims.[5] Most of Ericsson's other citations are to entirely non-analogous cases—situations where patent claims were severed from one action so that they could be ***transferred*** to another district court and ***consolidated*** with another action involving the same patents.[6] Here, where the technology and products at issue are so closely related between the seven ITC patents and the remaining 42 patents, there is a good reason to permit Samsung to maintain its claims in this case. And severance is simply not the appropriate mechanism to address Ericsson's concerns. Ericsson argues that severance is necessary to avoid litigating "the <u>same claims</u> in issue in <u>two different forums</u> at the <u>same time</u>." (Motion at 5, emphasis original). But these concerns are

---

[5] *Organon Teknika Corp. v. Hoffman-La Roche, Inc.*, 95-CV-00865, 1997 U.S. Distr. LEXIS 3798, at *5-*6 (M.D.N.C. Feb. 19, 1997).

[6] Specifically, Ericsson relies on *In re Toro Co.*, 565 F.2d 998, 1000-01 (8th Cir. 1977), and *General Tire & Rubber v. Jefferson Chemical Co.*, 50 F.R.D. 112, 115-16 (S.D.N.Y. 1970). But unlike the patent claims in *Toro* and *General Tire*, this Court cannot transfer any claims to another court, namely the ITC in this instance; nor could the district court claims be consolidated with the existing ITC proceeding.

6

precisely why Congress created an automatic stay (if requested) of patent claims in a district court proceeding that are also pending in an ITC proceeding. *See* 28 U.S.C. § 1659(a) (2006). Severance simply creates a second case; it serves no purpose that the Court cannot address by other, less extreme means. For example, the Court has the power to mandate separate trials under FED. R. CIV. P. 42 without resorting to severance.

Samsung thus respectfully requests that the Court either deny Ericsson's motion outright, or delay any decision as to severance until the ITC Proceeding is completed in October 2007, which will in all likelihood be before a trial on the merits in this action. Waiting to decide the issue would not burden the parties or the Court, since the seven ITC patents will be stayed in any event. Meanwhile, consideration of the issue at the time the stay is lifted will allow the Court to learn extensively about the issues in the case and determine the most efficient course of action based upon the then-current status of the litigation.

## CONCLUSION

For these reasons and those set forth above, the Court should deny Ericsson's motion to the extent Ericsson seeks to sever claims under FED. R. CIV. P. 21, or, in the alternative, delay decision on the motion to sever until the conclusion of the ITC case.

DATED: August 11, 2006                                    Respectfully submitted,

                                                          _____

*Of Counsel,*:                                            Eric M. Albritton
John M. Desmarais (NY Bar No. 2261782)                    Texas State Bar No. 00790215
*jdesmarais@kirkland.com*                                 J. Scott Hacker
Gregory S. Arovas (NY Bar No. 2553782)                    Texas State Bar No. 24027065
*garovas@kirkland.com*                                    ALBRITTON LAW FIRM
KIRKLAND & ELLIS LLP                                      P.O. Box 2649
Citigroup Center                                          Longview, Texas 75606
153 East 53rd Street                                      Tel.: (903) 757-8449
New York, New York 10022-4611                             Fax: (903) 758-7397
Tel.: (212) 446-4800                                      ema@emafirm.com
Fax: (212) 446-4900                                       jsh@emafirm.com

                                                          *Attorneys For*
Christian Chadd Taylor (IL Bar No. 6226216)               SAMSUNG ELECTRONICS CO., LTD.,
*ctaylor@kirkland.com*                                    SAMSUNG ELECTRONICS AMERICA, INC.,
Perry R. Clark (CA Bar No. 197101)                        and SAMSUNG TELECOMMUNICATIONS
*pclark@kirkland.com*                                     AMERICA LLP
Bao Nguyen (CA Bar No. 198023)
*bnguyen@kirkland.com*
Kenneth H. Bridges (IL Bar No. 6255664)
*kbridges@kirkland.com*
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104-1501
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Ephraim D. Starr (CA Bar No. 186409)
*estarr@kirkland.com*
Guy Ruttenberg (CA Bar No. 207937)
*gruttenberg@kirkland.com*
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017-5800
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 11th day of August, 2006.

                                            Eric M. Albritton