# EXHIBIT 11

## UNITED STATES INTERNATIONAL TRADE COMMISSION

### WASHINGTON, D.C.

Before The Honorable Judge Paul J. Luckern
Administrative Law Judge

| | |
|---|---|
| In the Matter of: | ) |
| | ) |
| CERTAIN WIRELESS COMMUNICATION | ) |
| EQUIPMENT, ARTICLES THEREIN, AND | ) |
| PRODUCTS CONTAINING THE SAME | )   Investigation No. 337-TA-577 |
| | ) |
| | ) |

### RESPONSE TO THE COMPLAINT AND NOTICE OF INVESTIGATION

Ericsson Inc.
6300 Legacy Drive
Plano, Texas  75024
Telephone No. (972) 583-0527

Telefonaktiebolaget LM Ericsson
Torshamsgatan 23, Kista,
164 83 Stockholm Sweden

Sony Ericsson Mobile Communications (USA) Inc.
7001 Development Drive
Research Triangle Park, North Carolina 27709
Telephone No.: 919-472-7604

Sony Ericsson Mobile Communications AB
Nya Vattentornet
Lund, Sweden SE-221 88

Kent R. Stevens
MORGAN & FINNEGAN, L.L.P.
1775 Eye Street, N.W., Suite 400
Washington, D.C. 20006
Telephone No.: (202) 857-7887
Facsimile No.: (202) 857-7929

Harry C. Marcus
William S. Feiler
Steven F. Meyer
Michael O. Cummings
MORGAN & FINNEGAN, L.L.P.
3 World Financial Center
New York, New York 10281
Telephone No.: (212) 415-8700
Facsimile No.: (212) 415-8701

Douglas Cawley
Kevin Burgess
Theodore Stevenson III
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone No.: (214) 978-4000
Facsimile No.: (214) 978-4044
Attorneys for Respondents

**RESPONSE TO THE COMPLAINT AND NOTICE OF INVESTIGATION**

Respondents Ericsson Inc. ("EUS"), Telefonaktiebolaget LM Ericsson ("LME"), Sony Ericsson Mobile Communications (USA) Inc. ("SEUS") and Sony Ericsson Mobile Communications AB ("SEAB")(hereinafter collectively "Respondents"), hereby each respond to the Complaint filed by Complainants, Samsung Telecommunications America LLP and Samsung Electronics Co., Ltd. (hereinafter collectively "Complainants"), on June 2, 2006 in the above-captioned investigation and to the Notice of Investigation issued by the United States International Trade Commission (hereinafter "Commission") on June 29, 2006, and published in the Federal Register on July 6, 2006.

Respondents respond to the numbered paragraphs of the Complaint, as supplemented by the letter dated June 23, 2006, as follows:[1]

I.     **INTRODUCTION**

1.     Respondents admit only that the Complainants are requesting that the Commission commence an investigation pursuant to Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337.  Respondents deny all other allegations of Paragraph 1 including the allegation that Respondents' equipment and articles therein, and products containing same infringe or have infringed any claims of any patents owned by Complainants.

---

[1] For purposes of ease of reference, Respondents have used the Complainants' format and titles.  This should not be construed as an admission on Respondents' part to any of the facts or allegations contained in the Complaint.

2.   Respondents deny that each Respondent manufactures all of the equipment identified in the Paragraph 2, but admit that the identified equipment is manufactured on the behalf of some of the Respondents, if considered collectively.

3.   Respondents admit only that documents purported to be certified copies of U.S. Patents 6,598,202 ("'202 patent"), 6,882,636 ("'636 patent"), 6,154,652 ("'652 patent"), 6,920,331 ("'331 patent"), 6,421,353 ("'353 patent"), 6,920,602 ("'602 patent") and 6,928,604 ("'604 patent") (collectively "Asserted Patents") are attached as Appendices A through G, respectively, that a document purporting to list foreign counterparts of the Asserted Patents is included as Exhibit 15 and documents purported to be copies of assignments of the Asserted Patents are included in Appendices H through M.   Respondents otherwise lack sufficient information on which to admit or deny the allegations and, on that basis, deny the allegations of Paragraph 3.

4.   Respondents lack sufficient information on which to admit or deny the allegations and, on that basis, deny the allegations of Paragraph 4.

5.   Respondents admit only that Complainants seek a permanent exclusion order and a permanent cease and desist order but deny that Complainants are entitled to such orders.

## II.   COMPLAINANTS

6.   Respondents admit the allegations of Paragraph 6.

7.  Respondents admit the allegations of Paragraph 7.

8.  Respondents lack sufficient information on which to admit or deny the allegations and, on that basis, deny the allegations of Paragraph 8.

9.  Respondents lack sufficient information on which to admit or deny the allegations and, on that basis, deny the allegations of Paragraphs 9 and 9a.

10. Respondents lack sufficient information on which to admit or deny the allegations and, on that basis, deny the allegations of Paragraph 10.

## III. PROPOSED RESPONDENTS

11. Respondents deny that Ericsson Inc. is a subsidiary of Telefonaktiebolaget LM Ericsson; Respondents admit the remaining allegations of Paragraph 11.

12. Respondents admit that Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of Sweden with a place of business at 164 83 Stockholm.  To the extent Respondents understand the products that are at issue in this investigation, such products are produced by or on behalf of Ericsson AB, a wholly owned subsidiary of Telefonaktiebolaget LM Ericsson.  Except as admitted, Respondents deny the remaining allegations of Paragraph 12.

13. Respondents admit that Sony Ericsson Mobile Communications AB is a Swedish corporation with a place of business at Nya Vattentornet, Sweden and a joint venture with Telefonaktiebolaget LM Ericsson holding 50%.  Respondents admit that Sony Ericsson Mobile Communications AB develops cellular telephones. Except as admitted, the allegations of Paragraph 13 are denied.

-4-

14.   Respondents admit the allegations of Paragraph 14.

15.   Respondents admit, collectively, that the design, manufacture, and sale of wireless communication equipment are carried out by them or on their behalf or by affiliated corporations.  A subset of this equipment implements some features related to the UMTS.  A further subset of this equipment, including some models of cellular telephones, some models of cellular network base stations, and/or some models of PC cards with cellular communication features, is imported into the United States.  However, Respondents deny that they sell UMTS-compliant cellular telephones and/or PC cards in the United States.  Respondents deny that any of their cellular telephone or PC card products operate in accordance with the UMTS specifications within the United States.  Respondents deny any remaining allegations of paragraph 15.

## IV.   THE TECHNOLOGIES AND PRODUCTS AT ISSUE

16.   Respondents admit the allegations of 16.

17.   Respondents deny the allegations of Paragraph 17.

18.   Respondents admit the allegations of Paragraph 18.

19.    Respondents admit that certain mobile communication protocols utilize the CDMA concept.  Respondents admit that UMTS is standardized by the 3GPP and is based upon WCDMA.  Respondents deny the remaining allegations of Paragraph 19.

20.   Respondents only admit the allegations of Paragraph 20 to the extent that they accurately describe the '202 patent and deny the remaining allegations of Paragraph 20.

21.   Respondents only admit the allegations of Paragraph 21 to the extent that they accurately describe the '636 patent and deny the remaining allegations of Paragraph 21.

22.   Respondents only admit the allegations of Paragraph 22 to the extent that they accurately describe the '652 patent and deny the remaining allegations of Paragraph 22.

23.   Respondents only admit the allegations of Paragraph 23 to the extent that they accurately describe the '331 patent and deny the remaining allegations of Paragraph 23.

24.   Respondents only admit the allegations of Paragraph 24 to the extent that they accurately describe the '353 patent and deny the remaining allegations of Paragraph 24.

25.   Respondents only admit the allegations of Paragraph 25 to the extent that they accurately describe the '602 patent and deny the remaining allegations of Paragraph 25.

26.   Respondents only admit the allegations of Paragraph 26 to the extent that they accurately describe the '604 patent and deny the remaining allegations of Paragraph 26.

27.     Respondents admit that Complainants have alleged that the devices identified in
Paragraph 27 infringe one or more claims of the asserted patents and admit that
the devices may comply with GSM/GPRS/EDGE, UMTS, and/or CDMA 2000
standards, but deny that there is any merit to Complainants' infringement
allegations.

## V.      THE PATENTS-IN-SUIT AND NON-TECHNICAL DESCRIPTIONS OF THE INVENTIONS

### A.      Overview, Ownership, and Non-Technical Description of the Asserted Patents

28.     Respondents lack sufficient information on which to admit or deny the allegations
and, on that basis, deny the allegations of Paragraph 28.

29.     Respondents admit only that documents purported to be prosecution histories of
the Asserted Patents are contained in Appendices N through T and that
documents purported to be cited references for the Asserted Patents are
contained in Appendices U through AA.  Respondents lack sufficient information
on which to admit or deny the remaining allegations and, on that basis, deny the
remaining allegations of Paragraph 29.

30.     Respondents admit only that the '202 patent is entitled "Turbo Interleaving
Apparatus and Method" and that the face of the '202 patent indicates (1) that the
issue date was July 22, 2003, (2) the listed inventors are Min-Goo Kim, Beong-Jo
Kim, Soon-Jae Choi, and Young-Hwan Lee, (3) the application serial number is
09/575,084, (4) the application was filed in the United States Patent and
Trademark Office on May 19, 2000, (5) and the foreign application priority data

are Korean application 1999-18560, filed May 21, 1999 and Korean application 1999-18928 filed May 19, 1999.   Respondents lack sufficient information on which to admit or deny the remaining allegations and, on that basis, deny the remaining allegations of Paragraph 30.

31.   Respondents admit that the '202 patent has sixteen claims, seven independent claims and nine dependent claims.  Respondents deny the remaining allegation of paragraph 31.

32.   Respondents admit the allegations of Paragraph 32 only to the extent that they accurately state what is disclosed in the `202 patent, but otherwise lack sufficient information on which to admit or deny the allegations and, on that basis, deny the allegations of Paragraph 32.

33.   Respondents admit only that the '636 patent is entitled "Apparatus and Method for Encoding/Decoding Transport Format Combination Indicator in CDMA Mobile Communication System" and that the face of the '636 patent indicates (1) that the issue date was April 19, 2005, (2) the listed inventors are Jae-Yoe Kim and Ha-Won Kang, (3) the foreign application priority data are Korean application 99-27932 filed July 6, 1999 and (4) the Notice indicates that subject to any disclaimer, the patent term is subject to a 35 U.S.C. § 154(b) extension of 804 days.  Respondents lack sufficient information on which to admit or deny the remaining allegations and, on that basis, deny the remaining allegations of Paragraph 33.

34.  Respondents admit that the '636 patent has 29 claims, six independent claims and 23 dependent claims.  Respondents deny the remaining allegation of Paragraph 34.

35.  Respondents admit the allegations of Paragraph 35 only to the extent that they accurately state what is disclosed in the `636 patent, but otherwise lack sufficient information on which to admit or deny the allegations and, on that basis, deny the remaining allegations of Paragraph 35.

36.  Respondents admit only that the '652 patent is entitled "Device and Method for Performing Handoff in Mobile Communication Systems" and that the face of the '652 patent indicates (1) that the issue date was November 28, 2000, (2) the listed inventors are Su-Won Park and Hyun-Jung Mun, (3) the foreign application priority data are Korean applications 97-65962, filed December 4, 1997, 98-11996, filed April 4, 1998 and 98, 51889 filed November 30, 1998.  Respondents lack sufficient information on which to admit or deny the remaining allegations and, on that basis, deny the remaining allegations of Paragraph 36.

37.  Respondents admit that the '652 patent has 62 claims, seven independent claims and 55 dependent claims.  Respondents deny the remaining allegation of Paragraph 37.

38.  Respondents admit the allegations of Paragraph 38 only to the extent that they accurately state what is disclosed in the `652 patent, but otherwise lack sufficient information on which to admit or deny the allegations and, on that basis, deny the allegations of Paragraph 38.

39.   Respondents admit only that the '331 patent is entitled "Data Transmitting and Receiving Apparatus and Method for a Digital Mobile Station" and that the face of the '331 patent indicates (1) that the issue date was July 19, 2005, (2) the listed inventors are Seng-Wook Sim, Joung-Kyon Park, Ki-Sang Jeon and Yong-Jin Lee, (3) the application was filed in the United States Patent and Trademark Office as serial no. 09/531,658 on March 20, 2000 and (4) the foreign application priority data are Korean application 1999-9435 filed March 19, 1999. Respondents lack sufficient information on which to admit or deny the remaining allegations and, on that basis, deny the remaining allegations of Paragraph 39.

40.   Respondents admit that the '331 patent has 35 claims, seven independent claims and 28 dependent claims.   Respondents deny the remaining allegation of Paragraph 40.

41.   Respondents admit the allegations of Paragraph 41 only to the extent that they accurately state what is disclosed in the `331 patent, but otherwise lack sufficient information on which to admit or deny the allegations and, on that basis, deny the allegations of Paragraph 41.

42.   Respondents admit the allegations of Paragraph 42 only to the extent that they accurately state what is disclosed in the `331 patent, but otherwise lack sufficient information on which to admit or deny the allegations and, on that basis, deny the allegations of Paragraph 42.

43.   Respondents admit only that the '353 patent is entitled "Mobile Radio Telephone Capable of Recording/Reproducing Voice Signal and Method for Controlling

-10-

Same" and that the face of the '353 patent indicates (1) that the issue date was June 16, 2002, (2) the listed inventor is Yun-Hyang Kim, (3) the foreign application priority data are Korean application 98-5029 filed February 18, 1998. Respondents lack sufficient information on which to admit or deny the remaining allegations and, on that basis, deny the remaining allegations of Paragraph 43.

44.    Respondents admit that the '353 patent has eleven claims, three independent claims and eight dependent claims.  Respondents deny the remaining allegation of paragraph 44.

45.    Respondents admit the allegations of Paragraph 45 only to the extent that they accurately state what is disclosed in the `353 patent, but otherwise lack sufficient information on which to admit or deny the allegations and, on that basis, deny the allegations of Paragraph 45.

46.    Respondents admit only that the '602 patent is entitled "Turbo Encoding/Decoding Device and Method for Processing Frame Data According to QoS" and that the face of the '602 patent indicates (1) that the issue date was July 19, 2005, (2) the listed inventors are Chang-Soo Park, Joong-Ho Jeong, and Hyeon-Woo Lee, and (3) the foreign application priority data and Korean application 98-11380 filed March 31, 1998.   Respondents lack sufficient information on which to admit or deny the remaining allegations and, on that basis, deny the remaining allegations of Paragraph 46.

47.   Respondents admit that the '602 patent has 26 claims, six independent claims, and twenty dependent claims.  Respondents deny the remaining allegation of paragraph 47.

48.   Respondents admit the allegations of Paragraph 48 only to the extent that they accurately state what is disclosed in the `602 patent, but otherwise lack sufficient information on which to admit or deny the allegations and, on that basis, deny the allegations of Paragraph 48.

49.   Respondents admit only that the '604 is entitled "Turbo Encoding/Decoding Device and Method for Processing Frame Data According to QoS" and that the face of the '604 patent indicates (1) that the issue date was August 9, 2005, (2) the listed inventors are Chang-Soo Park, Joong-Ho Jeong and Hyeon-Woo Lee, (3) the foreign application priority data are Korean application 1998-11380 filed March 31, 1998 and (4) the related U.S. application data are continuations of application 09/282,851 filed March 31, 1999, which is the application resulting in the '602 patent.  Respondents lack sufficient information on which to admit or deny the remaining allegations and, on that basis, deny the remaining allegations of Paragraph 49.

50.   Respondents admit that the '604 patent contains 33 claims, seven independent claims and 26 dependent claims.  Respondents deny the remaining allegation of paragraph 50.

51.   Respondents admit the allegations of Paragraph 51 only to the extent that they accurately state what is disclosed in the `604 patent, but otherwise lack sufficient

information on which to admit or deny the allegations and, on that basis, deny the allegations of Paragraph 51.

### B.    Foreign Counterparts

52.    Respondents admit only that Exhibit 15 purports to be a list of foreign counterparts to the Asserted Patents.   Respondents otherwise lack sufficient information on which to admit or deny the allegations and, on that basis, deny the allegations of Paragraph 52.

### C.    Licenses

53.    Respondents admit only that Samsung and Ericsson entered into a Patent License Agreement dated December 18, 2001 relating to certain patents applicable to GSM, GPRS, WCDMA, EDGE and TDMA (except PDC and PHS) standards which expired on December 31, 2005 and a copy of the expired license is purportedly contained in Appendix A.   Respondents otherwise lack sufficient information on which to admit or deny the allegations and, on that basis, deny the allegations of Paragraph 53.

## VI.   UNLAWFUL AND UNFAIR ACTS OF RESPONDENTS--PATENT INFRINGEMENT

54.    Respondents admit only that they import and sell within the United States wireless communication devices, or products containing the same. Respondents deny the remaining allegations of paragraph 54.

55.   Upon information and belief, Respondents admit that the Accused Products are manufactured abroad.  Respondents deny that all of the Accused Products are imported for sale into the United States.

56.   Respondents admit only that certain of their wireless communication products comply with all or portions of certain standards promulgated by the Third Generation Partnership Project ("3GPP"), and that devices compliant with these standards are often referred to as UMTS devices.  Respondents otherwise deny the allegation of paragraph 56.

57.   Respondents admit only that GC99 UMTS/EDGE/WLAN PC Card, the Sony-Ericsson K600i, W900i, and V800 cell phones and the UMTS/High Speed Downlink Packet Access (HSDPA) packet core and radio network equipment comply with various wireless communications standards.  Respondents deny the remaining allegations of paragraph 57.

58.   Respondents admit only that a claim chart purporting to apply claim 8 of the `202 patent to what Complainants identified as UMTS Accused Articles is attached as Exhibit 1.  Respondents otherwise deny the allegations of paragraph 58.

59.   Respondents admit only that a claim chart purporting to apply claim 11 of the `636 patent to what Complainants identified as UMTS Accused Articles is attached as Exhibit 2.  Respondents otherwise deny the allegations of paragraph 59.

60.   Respondents admit only that a claim chart purporting to apply claim 1 and 10 of the `652 patent to what Complainants identified as UMTS Accused Articles is attached as Exhibit 3.  Respondents otherwise deny the allegations of paragraph 60.

61.   Respondents admit only that a claim chart purporting to apply claim 1 of the `602 patent to what Complainants identified as UMTS Accused Articles is attached as Exhibit 6.  Respondents otherwise deny the allegations of paragraph 61.

62.   Respondents admit that a claim chart purporting to apply claim 1 of the `604 patent to what Complainants identified as UMTS Accused Articles is attached as Exhibit 7.  Respondents otherwise deny the allegations of paragraph 62.

63.   Respondents only admit that Complainants contend that certain Accused Articles constitute a subset of the Accused Articles referred to by Complainants as "Messaging Accused Articles" as set forth in the allegations of Paragraph 63.

64.   Respondents admit only that the W300i, K510a, Z500a, Z520a, Z525a, W600, W800, J220a, J300a, Z300a, T290a, S710a, S700i, K500i, K700i, P910a, T237, T637, T630, T226, T616, and T610 are capable of sending and/or receiving messages.  Respondents otherwise deny the allegations of Paragraph 64.

65.   Respondents admit only that a claim chart purporting to apply claim 1 of the `331 patent to what Complainants have identified as Messaging Accused Articles is attached as Exhibit 4.  Respondents otherwise deny the allegations of paragraph 65

66.   Respondents only admit that Complainants contend that certain Accused Articles constitute a subset of the Accused Articles referred to by Complainants as "Voice Recording Articles" as set forth in the allegations of Paragraph 66.

67.   Respondents admit only that Z600, Z500a, Z520a, J300a, K700i, K500i, S710a, S700i and W600 are products of Sony-Ericsson.  Respondents otherwise deny the allegations of paragraph 67.

68.   Respondents admit only that a claim chart purporting to apply claim 1 of the `353 patent to Sony-Ericsson's Z600 cellular telephone is attached as Exhibit 5. Respondents otherwise deny the allegations of paragraph 68.

## VII.   SPECIFIC INSTANCES OF UNFAIR IMPORTATION AND USE

69.   Respondents admit that Exhibit 20 purports to be copies of documents relating to a transaction and that Exhibit 21 purports to be photographs of a K500i cellular phone.  Respondents lack sufficient information on which to admit or deny the remaining allegations and, on that basis, deny the remaining allegations of Paragraph 69.

70.   Respondents admit that Exhibit 22 purports to be copies of documents relating to a transaction and that Exhibit 23 purports to be photographs of a Z600 cellular phone.  Respondents lack sufficient information on which to admit or deny the remaining allegations and, on that basis, deny the remaining allegations of Paragraph 70.

71.  Respondents admit that Exhibit 24 purports to be copies of documents relating to a transaction and that Exhibit 25 purports to be photographs of a K600i cellular phone.  Respondents lack sufficient information on which to admit or deny the remaining allegations and, on that basis, deny the remaining allegations of Paragraph 71.

72.  Respondents admit that Exhibit 26 purports to be copies of documents relating to a transaction and that Exhibit 27 purports to be photographs of a W900i cellular phone.  Respondents lack sufficient information on which to admit or deny the remaining allegations and, on that basis, deny the remaining allegations of Paragraph 72.

73.  Respondents admit that Exhibit 28 purports to be copies of documents relating to a transaction and that Exhibit 29 purports to be photographs of a V800 cellular phone.  Respondents lack sufficient information on which to admit or deny the remaining allegations and, on that basis, deny the remaining allegations of Paragraph 73.

74.  Respondents admit only that Respondent Ericsson has signed contracts with Cingular Wireless LLC to install UMTS/High-Speed Downlink Packet Access (HSDPA) packet core and radio network equipment.  Respondents admit that Exhibits 16 and 17 are Press Releases from Ericsson.  Respondents admit that Exhibit 19 purports to be a press release issued from Cingular.mediaroom.com concerning a 3G Americas Press Release.  Respondents otherwise lack

sufficient information on which to admit or deny the allegations and, on that basis, deny the allegations of Paragraph 74.

## VIII.   HARMONIZED TARIFF SCHEDULE ITEM NUMBERS

75.   Respondents admit only that Exhibit 30 purports to list item numbers under the Harmonized Tariff Schedule of the United States for "Baseboard Processor Chips, Transmitters and Receivers (Radio) Chips, Power Control Chips, and Relevant Products Containing Those Chips" and that Section 8525 and certain subsections thereof are the item numbers under which Respondents' accused devices are imported.  Respondents otherwise deny the allegations of paragraph 75.

## IX.   RELATED LITIGATION

76.   Respondents admit that Ericsson filed Civil Action No. 2:06-cv-00063-TJW alleging that Complainants infringe fifteen Ericsson patents, that Ericsson's complaint seeks declaratory judgment of invalidity, non-infringement, and/or unenforceability of certain Samsung patents including the '202, '603, '652 and '331 patents.  Respondents admit that Samsung's answer and counterclaim asserted infringement of certain Samsung patents, including the '202, '636, '652, '331, '353, '602 and '604 patents. Respondents admit that Samsung Electronics Co. LTD and Telefonakiebolaget LM Ericsson had previously licensed certain patents relating to Telecommunication Products which comply with the GSM, GPRS, WCDMA, EDGE and TDMA (except PDC and PHS) mobile telephone standards under a Patent License Agreement ("PLA"), that the PLA expired on

December 31, 2005 and that a copy of the PLA is contained in Confidential
Appendix A.  Respondents otherwise deny the allegations of paragraph 76.

77.    Respondents lack sufficient information on which to admit or deny the allegations
and, on that basis, deny the allegations of Paragraph 77.

## X.    THE DOMESTIC INDUSTRY

78.    Respondents lack sufficient information on which to admit or deny the allegations
and, on that basis, deny the allegations of Paragraph 78.

79.    Respondents lack sufficient information on which to admit or deny the allegations
and, on that basis, deny the allegations of Paragraph 79.

80.    Respondents admit only that charts purporting to compare Samsung wireless
communication devices to representative claims of each of the Asserted Patents
are attached as Exhibits 8 to 14.   Respondents otherwise lack sufficient
information on which to admit or deny the allegations and, on that basis, deny the
remaining allegations of Paragraph 80.

81.    Respondents lack sufficient information on which to admit or deny the allegations
and, on that basis, deny the allegations of Paragraph 81.

82.    Respondents lack sufficient information on which to admit or deny the allegations
and, on that basis, deny the allegations of Paragraph 82.

83.    Respondents lack sufficient information on which to admit or deny the allegations
and, on that basis, deny the allegations of Paragraph 83.

## XI.   RELIEF REQUESTED

84.   Respondents deny that Complainants are entitled to the relief requested.

## XII.   RESPONSE TO NOTICE OF INVESTIGATION

85.   Respondents deny violation of § 337 (19 U.S.C. § 1337) by reason of alleged infringement of: Claims 1-16 of the '202 patent, Claims 1-29 of the '636 patent, Claims 1-6, 10-13, 16-19, 26-31, 34, 36, 38-41, 45, 47 and 48 of the '652 patent, Claims 1-32 and 34-45 of the '331 patent, Claims 1-11 of the '353 patent, Claims 1, 2, 4, 5, 9, 11, 12, 14, 15, 17, 21-23 and 25 of the '602 patent, and Claims 1-33 of the '604 patent.

86.   Upon information and belief, Respondents deny that a domestic industry exists or is in the process of being established as defined in subsection (a)(3) and as required by subsection (a)(2) of § 1337(a)(2)-(3)).

## XIII.   AFFIRMATIVE DEFENSES

Without altering the burdens of proof, Respondents assert the following affirmative and other defenses.   Respondents have not yet had sufficient time and opportunity to collect and review all of the information that may be relevant to the matters raised herein and, furthermore, that discovery of Complainants has only just begun.   Respondents reserve the right to modify and/or expand these defenses and to take further positions and raise additional defenses as discovery proceeds in this investigation.

## XIV.   FIRST AFFIRMATIVE DEFENSE

(THE ASSERTED CLAIMS OF THE '202 PATENT ARE INVALID)

-20-

87.     Upon information and belief, the asserted claims of the '202 patent are invalid for failure to meet the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

## XV.     SECOND AFFIRMATIVE DEFENSE

(THE ASSERTED CLAIMS OF THE '636 PATENT ARE INVALID)

88.     Upon information and belief, the asserted claims of the '636 patent are invalid for failure to meet the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

## XVI.    THIRD AFFIRMATIVE DEFENSE

(THE ASSERTED CLAIMS OF THE '652 PATENT ARE INVALID)

89.     Upon information and belief, the asserted claims of the '652 patent are invalid for failure to meet the requirements of 35 U.S.C. § 102, 103 and/or 112.

## XVII.   FOURTH AFFIRMATIVE DEFENSE

(THE ASSERTED CLAIMS OF THE '331 PATENT ARE INVALID.)

90.     Upon information and belief, the asserted claims of the '331 patent are invalid for failure to meet the requirements of 35 U.S.C. § 102, 103 and/or 112.

## XVIII.  FIFTH AFFIRMATIVE DEFENSE

(THE ASSERTED CLAIMS OF THE '353 PATENT ARE INVALID.)

91.     Upon information and belief, the asserted claims of the '353 patent are invalid for failure to meet the requirements of 35 U.S.C. § 102, 103 and/or 112.

## XIX.    SIXTH AFFIRMATIVE DEFENSE

(THE ASSERTED CLAIMS OF THE '602 PATENT ARE INVALID.)

92.     Upon information and belief, the asserted claims of the '602 patent are invalid for

failure to meet the requirements of 35 U.S.C. § 102, 103 and/or 112.

**XX.    SEVENTH AFFIRMATIVE DEFENSE**

(THE ASSERTED CLAIMS OF THE '604 PATENT ARE INVALID.)

93.     Upon information and belief, the asserted claims of the '604 patent are invalid for

failure to meet the requirements of 35 U.S.C. § 102, 103 and/or 112.

**XXI.   EIGHTH AFFIRMATIVE DEFENSE**

(NON-INFRINGEMENT)

94.     Respondents do not and have not directly infringed, nor have they contributed to

or induced infringement of any valid claim of the Asserted Patents.

**XXII.  NINTH AFFIRMATIVE DEFENSE**
        **(LICENSE)**

95.     Respondents have an implied license to use the technology claimed in at least

six of the Asserted Patents, namely, the `202, `636, `652, `331, `602 and `604

patents (hereinafter "the FRAND Patents"), which are asserted by Complainants

to be essential to practice standards adopted by the industry.

96.     Complainants are members of Telecommunications Technology Association

("TTA") the Alliance for Telecommunications Industry Solutions ("ATIS") and the

European Telecommunications Standards Institute ("ETSI").

97.     Pursuant to Section 6.1 of the ETSI Policy, Complainants are required to grant

irrevocable licenses under the FRAND Patents on fair, reasonable, and non-

discriminating terms and conditions.

See, www.etsi.org/legal/documents/ETSI_IPRPolicy.pdf

98.  Pursuant to Section 10.4.2.1 of the ATIS Policy, Complainants are required to grant a license under the FRAND Patents on reasonable terms and conditions that are demonstrably free of any unfair discrimination.

See, http://www.atis.org/atisop.pdf

99.  Pursuant to Section 3.2 of the TTA Policy, Complainants are required to grant a license under the FRAND Patents on reasonable terms and conditions and on a non-discriminatory basis.  See, http://www.tta.or.kr/English/main/index.htm

100.  TTA, ATIS and ETSI are organizational members of the 3rd Generation Partnership Project (3GPP).  Pursuant to Section 3.1 of the 3GPP Agreement, Complainants are required to grant licenses under the FRAND Patents on fair, reasonable terms and conditions on a nondiscriminatory ("FRAND") basis.  See www.3GPP.org/About/3gpagne.pdf.

101.  Complainants' allegations of infringement in the Complaint with respect to the FRAND Patents are based on allegations that the Accused Products comply with 3GPP standards.

102.  Respondents have been licensed by Samsung under the FRAND Patents and are agreeable to remain licensed under the FRAND patents.  Complainants are obligated to license Respondents under the FRAND Patents under FRAND terms and conditions and, therefore, are not entitled to an exclusion order or cease and desist order from the Commission.

## XXIII. TENTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

103. Respondents repeat and reallege each and every allegation of Paragraphs 95-102 above as if fully stated herein.

104. Complainants are estopped from maintaining claims of patent infringement against Respondents with respect to the FRAND Patents and, therefore, are not entitled to an exclusion order or cease and desist order from the Commission.

## XXIV. ELEVENTH AFFIRMATIVE DEFENSE
### (CONTRACT)

105. Respondents repeat and reallege each and every allegation of Paragraphs 95-102 above as if fully stated herein.

106. Complainants are contractually obligated to grant Respondents licenses under the FRAND Patents and, therefore, are not entitled to an exclusion order or cease and desist order from the Commission.

## XXV. TWELFTH AFFIRMATIVE DEFENSE
### (BREACH OF CONTRACT)

107. Respondents repeat and reallege each and every allegation of Paragraphs 95-102 above as if fully stated herein.

108. Respondents and Complainants are parties to an expired Patent License Agreement ("PLA") a copy of which was submitted as Complainant's confidential exhibit A. Section 13 of the PLA contains venue and jurisdiction provisions. The Commission is not an agreed venue or jurisdiction.

## XXVI. TWELFTH AFFIRMATIVE DEFENSE

### (Unenforceability For Inequitable Conduct)

109.   Upon information and belief, the Asserted Patents were procured through lack of candor, fraud or inequitable conduct rendering them unenforceable.

110.   Upon information and belief, when prosecuting the Asserted Patents, Complainants, with intent to deceive and mislead, engaged in a pattern of intentionally withholding and concealing from the United States Patent and Trademark Office ("USPTO") prior art references cited in the prosecution of foreign counterparts of the Asserted Patents.

111.   Upon information and belief, during the prosecution of the '202 patent, Complainants with intent to deceive and mislead failed to disclose to the USPTO at least the following prior art: US 5,537,420, O.Y. Takeshita, "New Classes of Algebraic Interleavers for Turbo-Codes" and E.K. Hall, "Stream-oriented Turbo Codes."

112.   Upon information and belief, during the prosecution of the '636 patent, Complainants with intent to deceive and mislead failed to disclose to the USPTO at least the following prior art: KR 99-15261, KR 20031698 and KR 2000031698.

113.   Upon information and belief, during the prosecution of the '652 patent, Complainants with intent to deceive and mislead failed to disclose to the USPTO at least the following prior art: WO 9734439, US 5,524,009 and US 5,493,563.

114. Upon information and belief, during the prosecution of the '331 patent, Complainants with intent to deceive and mislead failed to disclose to the USPTO at least the following prior art: EP 0782357, US 5,446,678, WO 9605691 and EP 0981252.

115. Upon information and belief, during the prosecution of the '353 patent, Complainants with intent to deceive and mislead failed to disclose to the USPTO at least the following prior art: US 5,896,416 and WO 98/42110.

116. Upon information and belief, during the prosecution of the '602 patent, Complainants with intent to deceive and mislead failed to disclose to the USPTO at least the following prior art: WO 98/09391, "Digital cellular telecommunications system (Phase 2+); Channel coding, (GSM 05.03 version 5.3.1)," H. Koorpathy *et al.*, "Performance of turbo codes with short frame sizes" and EP 0528370.

117. Upon information and belief, during the prosecution of the '604 patent, Complainants with intent to deceive and mislead failed to disclose to the USPTO at least the following prior art: EP 0652680, U.S 5,430,774 and WO 98/09391, "Digital cellular telecommunications system (Phase 2+); Channel coding, (GSM 05.03 version 5.3.1)," H. Koorpathy *et al.*, "Performance of turbo codes with short frame sizes" and EP 0528370.

118. Complainants knew or should have known that the uncited foreign prosecution prior art was material to the examination of the claims of the Asserted Patents by the United States Patent and Trademark Office. Accordingly, Complainants breached their duty of candor and good faith to the United States Patent and

Trademark Office, rendering the Asserted Patents and all related patents unenforceable.

## XXVII. THIRTEENTH AFFIRMATIVE DEFENSE

### (UNENFORCEABILITY FOR PATENT MISUSE)

119. Respondents repeat and reallege each and every allegation of Paragraphs 95-102 above as if fully stated herein.

120. Upon information and belief, before Complainants commenced the present proceeding against Respondents, Complainants knew that they were obligated to license the FRAND Patents to Respondents on fair, reasonable and non-discriminating terms.

121. Complainants have failed and refused to grant Respondents licenses, or to renew or extend the PLA, under the FRAND Patents on fair and reasonable terms.

122. Complainants have monopolized or attempted to monopolize the wireless communications industry by obtaining patents on the standards, and then refusing to grant licenses on fair, reasonable and non-discriminating terms and by initiating this ITC Proceeding.

123. Assuming that the Asserted Patents are valid and the Accused Products are held to infringe the Asserted Patents, then Complainants' FRAND Patents give them market power in the relevant market because they are essential to practicing 3GPP standards TS 25.212 and TS 23.040.

124.   Complainants' activities, as set forth hereinabove, constitute misuse of the Asserted Patents in violation of 35 U.S.C. § 271(d), thereby rendering the Asserted Patents unenforceable.

## RESPONDENTS' STATEMENT UNDER 19 C.F.R. § 210.13(B)

125.   Pursuant to Rule 210.13(b), Respondents provide the following information.  By providing this information, Respondents only intend to comply with Commission rules.  Respondents deny that any of the supplied data refers or relate to any unlawful act under Section 337 or otherwise.

126.   Respondents do not themselves manufacture all of the Accused Products.  Many of the accused products are made for Respondents by various third party fabricators.  A list of such fabricators is set forth in Confidential Exhibit A hereto.  On further information and belief manufacturing of some of the Accused Products may be performed by Ericsson in Sweden at Telefonaktiebolaget LM Ericsson and/or one or more of its subsidiaries.

127.   Except for possible importation of Accused Products by third parties not under the control or authorization of Respondents, importation of the Accused Products into the United States is by or on behalf of Sony Ericsson Mobile Communications (USA) Inc. or Ericsson Inc.  Sony Ericsson Mobile Communications (USA) Inc. does not commercially import cellular phones or PC cards that are operable as UMTS devices in the United States.

128.   Information regarding the number and value of such imports is set forth in Confidential Exhibit A hereto.

## CONCLUSION

Wherefore, Respondents request that the Commission determine and direct that:

(a)     Respondents have not violated 19 U.S.C. § 1337;

(b)     Respondents have not infringed the Asserted Patents;

(c)     Claimants' request for a permanent exclusion order and cease and desist order be denied;

(d)     The Asserted Patents are invalid;

(e)     There is no protectable domestic industry in the Asserted Patents; and

(f)     Such other and further relief as the Commission deems just and proper under the law.

Respectfully submitted,

Dated: July 27, 2006

Kent R. Stevens
MORGAN & FINNEGAN, L.L.P.
1775 Eye Street, N.W., Suite 400
Washington, D.C. 20006
Telephone No.: (202) 857-7887
Facsimile No.: (202) 857-7929

William S. Feiler
Harry C. Marcus
Steven F. Meyer
Michael O. Cummings
MORGAN & FINNEGAN, L.L.P.
3 World Financial Center
New York, New York 10281
Telephone No.: (212) 415-8700
Facsimile No.: (212) 415-8701

Douglas Cawley
Kevin Burgess
Theodore Stevenson III
MCKOOL SMITH, P.C.

-29-

300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone No.: (214) 978-4000
Facsimile No.: (214) 978-4044
Attorneys for Respondents

# EXHIBIT A

**EXHIBIT A**

Non-Confidential Information
In Response To 19 C.F.R. § 210.13(b)

1.  Third party fabricators used by Ericsson Inc. and Telefonaktiebolaget LM Ericsson to fabricate products that they understand are at issue in this investigation include: Ericsson AB, Skolgången 17, 802 57 Gävle, Sweden .

2.  Based on preliminary reviews of Ericsson's and Telefonaktiebolaget LM Ericsson's records, and subject to further review and analysis, they state that they imported approximately [          ] units of products that they understand are at issue in this investigation during the first six months of 2006, with an approximately value of [               ].

3.  The estimated maximum capacity of Ericsson and Telefonaktiebolaget LM Ericsson to produce products that they understand are at issue in this investigation driven by market demand and is capable of at least the production level set forth in paragraph 2.

4.  In fiscal year 2005, Ericsson's and Telefonaktiebolaget LM Ericsson's sales in the United States of products that they understand are at issue in this investigation represented approximately [        ] percent of their total worldwide sales.

5.  As presently advised, the Harmonized Tariff Schedule number applicable to products that Ericsson and Telefonaktiebolaget LM Ericsson understand are at

issue in this investigation is : for complete cabinets 8525.20.90.80 and for other items (spares, extra cards etc.) 8529.90.86.00.

6.   Phones and devices understood to be at issue in this investigation are manufactured at one or more of the following sites for  Sony Ericsson Mobile Communications (USA) Inc. and Sony Ericsson Mobile Communications AB:

7.   [

]

8.    Based on preliminary reviews of Sony Ericsson Mobile Communications (USA) Inc.'s. and Sony Ericsson Mobile Communications AB's records, and subject to further review and analysis, they imported approximately [         ] units of

products that they understand are at issue in this investigation during the first six months of 2006, with an approximately value of [        ].

9.    The estimated maximum capacity of Sony Ericsson Mobile Communications (USA) Inc. and Sony Ericsson Mobile Communications AB to produce products that they understand are at issue in this investigation is driven by market demand and is capable of at least the production level set forth in paragraph 7.

10.    In fiscal year 2006, Sony Ericsson Mobile Communications (USA) Inc.'s and Sony Ericsson Mobile Communications AB's sales in the United States of products that they understand are at issue in this investigation represented approximately [     ] percent of their total worldwide sales.

11.    As presently advised, the Harmonized Tariff Schedule number applicable to products that Sony Ericsson Mobile Communications (USA) Inc. and Sony Ericsson Mobile Communications AB's understand are at issue in this investigation is: for PC card products, 8525.20.9080, and for phone products, 8525.20.9070.

The information set forth above represents the data available at this time given the limited amount of time Respondents have had to obtain it. Respondents reserve the right to alter, amend or supplement these data. By providing such information, Respondents intend to supply only statistical and other data.

-4-

**VERIFICATION OF**

**ERICSSON, INC.**

John Moore, declares:

I am General Counsel of Ericsson, Inc., a respondent in this investigation and am authorized to make this verification for and on the company's behalf. I have read the foregoing RESPONSE TO THE COMPLAINT AND NOTICE OF INVESTIGATION and know its contents. Moreover, where an answer specifically refers to the knowledge or actions of Telefonaktiebolaget LM Ericsson ("LME") or Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA) Inc. (collectively "Sony Ericsson"), I understand that Ericsson makes no such representation. I am informed and believe that the matters stated therein are true and on that ground only, and not based upon personal knowledge of the matters stated therein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: July 20, 2006

John Moore

-29-

**VERIFICATION OF**

**SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC.**

**AND**

**SONY ERICSSON MOBILE COMMUNICATIONS AB**

I, Lee Hill, am General Counsel for Sony Ericsson Mobile Communications (USA) Inc. I am authorized to make this verification on behalf of Respondents, Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA) Inc. I have read RESPONSE TO THE COMPLAINT AND NOTICE OF INVESTIGATION and know its contents. Moreover, where an answer specifically refers to the knowledge or actions of Ericsson Inc. and/or Telefonaktiebolaget LM Ericsson (collectively "Ericsson"), I understand that Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA) Inc. (collectively "Sony Ericsson") make no such representation. I am informed and believe that the matters stated therein are true and on that ground only, and not based upon personal knowledge of the matters stated therein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED July 25, 2006.

_____
Lee Hill

1004642 v2

**VERIFICATION OF**

**TELEFONAKTIEBOLAGET LM ERICSSON**

Mats Renntoft, declares:

I am Group Legal Counsel, General Counsels Office, Group Function Legal Affairs of Telefonaktiebolaget LM Ericsson., a respondent in this investigation and am authorized to make this verification for and on the company's behalf. I have read the foregoing RESPONSE TO THE COMPLAINT AND NOTICE OF INVESTIGATION and know its contents. Moreover, where an answer specifically refers to the knowledge or actions of Ericsson Inc. ("EUS") or Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA) Inc. (collectively "Sony Ericsson"), I understand that Telefonaktiebolaget LM Ericsson makes no such representation. I am informed and believe that the matters stated therein are true and on that ground only, and not based upon personal knowledge of the matters stated therein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: July 24, 2006

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing **RESPONSE TO THE COMPLAINT AND NOTICE OF INVESTIGATION** was served on the following on July 27, 2006, as it relates to Investigation No. 337-TA-577.

The Honorable Paul J. Luckern
Administrative Law Judge
U.S. INTERNATIONAL TRADE COMMISSION
500 E. Street, S.W., Suite 317
Washington, D.C. 20436
(*VIA* HAND DELIVERY – 2 copies)

Rett Snotherly, Esq.
OFFICE OF UNFAIR IMPORT INVESTIGATIONS
U.S. International Trade Commission
500 E. Street, S.W., Suite 401-O
Washington, DC 20436
(*VIA* HAND DELIVERY – 1 copy)

Counsel for Complainant
Gregory S. Arovas
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4611
Telephone: (212) 446-4800
garovas@kirkland.com
(*VIA* FEDERAL EXPRESS &
EMAIL SERVICE)

Christian Chadd Taylor
Kenneth H. Bridges
Bao Nguyen
Perry R. Clark
KIRKLAND & ELLIS LLP
555 California Street
San Fransisco, CA 94104-1501
Telephone: (415) 439-1400
ctaylor@kirkland.com
(*VIA* FEDERAL EXPRESS &
EMAIL SERVICE)

Marilyn R. Abbott, Secretary
U.S. INTERNATIONAL TRADE COMMISSION
500 E Street S.W., Suite 112A
Washington, D.C. 20436
(*VIA* HAND DELIVERY
1 original and 6 copies)

James B. Coughlan
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601-6636
Telephone: (312) 861-2000
jcoughlan@kirkland.com
(*VIA* FEDERAL EXPRESS &
EMAIL SERVICE)

William C. Sjoberg
Barbara A. Murphy
Michael L. Doane
ADDUCI, MASTRIANI & SCHAUMBERG LLP
1200 Seventeenth Street, N.W.
Washington, D.C. 20036
Telephone: (202) 467-6300
sjoberg@adduci.com
(*VIA* HAND DELIVERY &
EMAIL SERVICE)

Kent R. Stevens
MORGAN & FINNEGAN, LLP
1775 Eye Street, N.W., Suite 400
Washington, DC 20006
Telephone: 202-857-7887

74426 v1