1                UNITED STATES DISTRICT COURT

2               NORTHERN DISTRICT OF CALIFORNIA

3                     SAN JOSE DIVISION

4

5

       APPLE INC., A CALIFORNIA     )  C-11-01846 LHK
6      CORPORATION,                 )
                                    )  SAN JOSE, CALIFORNIA
7                    PLAINTIFF,      )
                                    )  MAY 12, 2011
8               VS.                  )
                                    )  PAGES 1-52
9      SAMSUNG ELECTRONICS CO.,      )
       LTD., A KOREAN BUSINESS       )
10     ENTITY; SAMSUNG               )
       ELECTRONICS AMERICA,          )
11     INC., A NEW YORK              )
       CORPORATION; SAMSUNG          )
12     TELECOMMUNICATIONS            )
       AMERICA, LLC, A DELAWARE      )
13     LIMITED LIABILITY             )
       COMPANY,                      )
14                                  )
                     DEFENDANTS.     )
15     ─────────────────────────────

16               TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE LUCY H. KOH
17              UNITED STATES DISTRICT JUDGE

18

19

20             APPEARANCES ON NEXT PAGE

21

22

23

24     OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                       CERTIFICATE NUMBER 9595
25

                                                            1

1

2       A P P E A R A N C E S:

3       FOR THE PLAINTIFF:   MORRISON & FOERSTER
                             BY:  HAROLD J. MCELHINNY,
4                                 MICHAEL A. JACOBS,
                                  JASON R. BARTLETT, AND
5                                 GRANT L. KIM
                             425 MARKET STREET
6                            SAN FRANCISCO, CALIFORNIA  94105

7       ALSO PRESENT:        MAUREEN MCCALL AND JAMES WITT

8

9       FOR THE DEFENDANT:   QUINN, EMANUEL, URQUHART,
                             OLIVER & HEDGES
10                           BY:  CHARLES K. VERHOEVEN AND
                                  ERIK C. OLSON
11                           50 CALIFORNIA STREET, 22ND FLOOR
                             SAN FRANCISCO, CALIFORNIA  94111
12
                             BY:  VICTORIA F. MAROULIS AND
13                                KEVIN P.B. JOHNSON
                             555 TWIN DOLPHIN DRIVE
14                           SUITE 560
                             REDWOOD SHORES, CALIFORNIA  94065
15

16

17

18

19

20

21

22

23

24

25

                                                              2

```
 1    SAN JOSE, CALIFORNIA              MAY 12, 2011
 2                  P R O C E E D I N G S
 3              (WHEREUPON, COURT CONVENED AND THE
 4    FOLLOWING PROCEEDINGS WERE HELD:)
 5              THE CLERK:  CALLING CASE NUMBER
 6    C-11-01846 LHK, APPLE INCORPORATED VERSUS SAMSUNG
 7    ELECTRONICS COMPANY, LIMITED, ET AL.
 8              MR. MCELHINNY:  GOOD AFTERNOON, YOUR
 9    HONOR.  HAROLD MCELHINNY, MICHAEL JACOBS,
10    JASON BARTLETT, AND GRANT KIM ON BEHALF OF APPLE.
11              WE'RE ALSO HERE WITH MAUREEN MCCALL,
12    WHO'S THE CHIEF LITIGATION COUNSEL, AND JAMES WITT,
13    WHO'S THE CHIEF HEAD OF PATENT LITIGATION FOR THE
14    COMPANY.
15              THE COURT:  OKAY.  GOOD AFTERNOON.
16              MR. VERHOEVEN:  GOOD AFTERNOON, YOUR
17    HONOR.  CHARLES VERHOEVEN, QUINN EMANUEL, ON BEHALF
18    OF THE SAMSUNG DEFENDANTS.
19              WITH ME ARE MY PARTNERS KEVIN JOHNSON,
20    VICTORIA MAREULIS, AND ERIK OLSON.
21              AND FROM SAMSUNG WE HAVE IN THE COURTROOM
22    KAREN NORTON, MICHELLE YANG, AND KEN KOREA.
23              THE COURT:  OKAY.  GOOD AFTERNOON TO
24    EVERYONE.
25              LET ME MAKE SURE THAT I GOT ALL OF THE
```

1    NAMES.  MR. MCELHINNY, MR. JACOBS, MR. BARTLETT AND

2    MR. KIM ON APPLE'S SIDE.

3              AND WOULD YOU JUST REPEAT ONE MORE TIME?

4              MR. VERHOEVEN:  YES, YOUR HONOR.

5              THE COURT:  THANK YOU.

6              MR. VERHOEVEN:  MY NAME IS

7    CHARLES VERHOEVEN, AND HERE WITH ME ARE MY

8    PARTNERS, KEVIN JOHNSON, AND VICTORIA MAREULIS, AND

9    WE ALSO HAVE FROM QUINN, EMANUEL ERIK OLSON.

10             AND THEN WE HAVE THREE REPRESENTATIVES

11   FROM SAMSUNG HERE, YOUR HONOR, KAREN NORTON,

12   MICHELLE YANG, AND KEN KOREA.

13             THE COURT:  OKAY.  LET ME START WITH --

14   LET ME START WITH MR. MCELHINNY.

15             MR. MCELHINNY:  YES, YOUR HONOR.

16             THE COURT:  YOU ALLEGE THAT SAMSUNG HAS

17   BEEN SLAVISHLY COPYING FOR A LONG TIME.

18             HOW COME YOU HAVEN'T SOUGHT ANY

19   PRELIMINARY INJUNCTION, OR HAVE YOU, AGAINST ANY

20   SAMSUNG SMART PHONES BEFORE, OR THESE LAPTOPS

21   BEFORE?

22             MR. MCELHINNY:  TWO QUESTIONS.  ONE, THE

23   PRODUCTS THAT WE'RE FOCUSSED ON RIGHT NOW IN TERMS

24   OF THE DISCOVERY AND THE POTENTIAL INJUNCTION ARE

25   PRODUCTS THAT HAVE NOT YET BEEN RELEASED.

1    THERE HAVE BEEN EARLIER VERSIONS OF THESE

2    PRODUCTS, WHICH HAVE -- WHICH WE ARE ATTACKING IN

3    THE COMPLAINT.

4    AND THE ANSWER TO THAT, WHICH YOUR HONOR

5    WILL UNDOUBTEDLY HEAR ABOUT WHEN WE GET -- IF

6    THERE'S AN INJUNCTION MOTION WHEN WE GET TO IT IS

7    THAT THE PARTIES ACTUALLY HISTORICALLY HAVE HAD A

8    VERY CLOSE RELATIONSHIP.

9    IT IS PUBLIC INFORMATION THAT APPLE BUYS

10   $8 MILLION WORTH OF PRODUCTS FROM SAMSUNG.

11   THE PARTIES HAVE BEEN DISCUSSING THIS

12   ISSUE FOR A LONG TIME AT SOME OF THE HIGHEST LEVELS

13   OF THE COMPANY.

14   THE DECISION TO FILE THIS LITIGATION IS

15   ONE THAT WAS NOT TAKEN LIGHTLY.

16   AND IN THIS FILING, BECAUSE DESPITE THE

17   ATTEMPT TO COME TO A -- BETWEEN THESE TWO COMPANIES

18   THAT ARE OTHERWISE SO CLOSE, TO COME TO A

19   RESOLUTION OF WHAT IS A CRITICAL ISSUE HAS BEEN

20   FRUSTRATED BY THIS ONE DIVISION THAT INSISTS ON

21   COPYING OUR PRODUCTS.

22   THE COURT:  WELL, YOUR STATEMENT THAT YOU

23   HAVE THIS FAIRLY SIGNIFICANT BUSINESS RELATIONSHIP

24   IS TRUE TODAY, SO TO ME THAT DOESN'T SEEM LIKE IT'S

25   A REASON WHY YOU HAVEN'T PREVIOUSLY GONE AFTER

1    OTHER PRODUCTS THAT YOU'RE SAYING HAVE COPIED

2    APPLE'S.

3              MR. MCELHINNY:  THE --

4              THE COURT:  RIGHT?  UNLESS YOU'RE GOING

5    TO TELL ME THAT SAMSUNG IS NO LONGER GOING TO BE A

6    SUPPLIER TO APPLE, THAT YOU'RE NOT GOING TO HAVE

7    THAT 8 MILLION --

8              MR. MCELHINNY:  I'M NOT TELLING YOU THAT,

9    YOUR HONOR.

10             WHAT I'M TELLING YOU IS THAT THERE HAVE

11   BEEN EXTENDED EFFORTS IN TERMS OF MEETINGS AND

12   NEGOTIATIONS AND ATTEMPTS TO RESOLVE THIS PROBLEM

13   SHORT OF LITIGATION.

14             THE COURT:  I SEE.  BUT TELL ME WHEN THE

15   GALAXY FIRST CAME OUT, THE FIRST SAMSUNG SMART

16   PHONE AND LAPTOP.  IT'S BEEN A COUPLE OF YEARS.  SO

17   YOU'RE SAYING THAT EFFORTS TO RESOLVE THIS HAVE

18   BEEN ONGOING FOR SEVERAL YEARS?

19             MR. MCELHINNY:  I CAN TELL YOU THAT

20   THEY'VE BEEN ONGOING FOR AT LEAST A YEAR.

21             THE COURT:  OKAY.  HAVE YOU PROVIDED --

22   BECAUSE ONE OF THE CONSIDERATIONS THAT JUDGE CHEN

23   GAVE IN SEMITOOL WAS THE FACT THAT THESE

24   DISCLOSURES WERE BASICALLY REQUESTED A YEAR BEFORE

25   THE LAWSUIT WAS BROUGHT.

1          CAN YOU SAY THAT IN YOUR CASE?

2          MR. MCELHINNY:  I CAN SAY --

3          THE COURT:  WHEN'S THE FIRST TIME THAT

4    YOU REQUESTED THIS TYPE OF DISCOVERY FROM SAMSUNG?

5          MR. MCELHINNY:  WHAT I CAN SAY -- I CAN

6    SAY THAT THE ISSUES OF COPYING AND THE ALLEGATIONS

7    IN THE COMPLAINT AND THE NATURE OF WHAT THE CLAIMS

8    ARE HAS BEEN THE SUBJECT OF DISCUSSIONS.

9          I CANNOT SAY THAT THERE HAVE BEEN

10   SPECIFIC REQUESTS TO GIVE US A SAMPLE OF A

11   COMPLETED TOOL.  THAT HAS BEEN TRIGGERED BY THE

12   ANNOUNCEMENTS THAT THESE SPECIFIC ITEMS ARE ABOUT

13   TO ENTER THE MARKETPLACE AND THAT THEY HAVE

14   ANTICIPATED RELEASE DATES.

15          THE COURT:  OKAY.

16          MR. MCELHINNY:  SO WHAT I WOULD SAY, IN

17   RESPONSE TO -- WHAT I WOULD SAY IN RESPONSE TO

18   JUDGE CHEN IS THE ISSUES --

19          THE COURT:  NO.  IT SOUNDS LIKE NO.

20          MR. MCELHINNY:  NO.  ACTUALLY, WHAT I

21   WOULD SAY TO HIM IS THAT THE ISSUES HAVE BEEN

22   SPECIFICALLY ADDRESSED, THEY'VE BEEN SPECIFICALLY

23   IDENTIFIED, THE NATURE OF THE CLAIMS, AND THE FACT

24   THAT THERE IS AN ONGOING DESIGN EFFORT OF THIS NEW

25   GENERATION HAS BEEN DISCUSSED WITH THE HOPE THAT

1    SAMSUNG WOULD AGREE NOT TO COPY, AND THAT WHEN WE

2    SAW THE FIRST PICTURES OF THESE THINGS RELEASED TO

3    THE PUBLIC, WE FOUND OUT THAT WASN'T GOING TO BE

4    THE COURSE THAT SAMSUNG TOOK.

5         THE COURT:  OKAY.  LET ME ASK -- MY NEXT

6    QUESTION IS THE EVIDENCE OF COPYING, OR DESIGN

7    AROUND, SEEMS TO GO MORE TOWARDS DAMAGES, TOWARDS

8    INTENT.

9         WHY WOULD YOU NEED THAT NOW?

10        MR. MCELHINNY:  I -- I -- I WOULD DIVIDE

11   SOME OF THE -- I WOULD DIVIDE SOME OF THE -- I

12   WOULD DIVIDE SOME OF THE ISSUES IN THE SENSE THAT

13   WE DO BELIEVE THAT OUR BEST CASE, IF WE'RE GOING TO

14   MAKE A MOTION FOR PRELIMINARY INJUNCTION, IS TO

15   ACTUALLY SHOW YOU PHYSICAL OBJECTS WILL -- AS

16   OPPOSED TO PICTURES -- WILL MAKE IT MORE EASY FOR

17   THE COURT IN ORDER TO COMPARE THEM TO THE DESIGN

18   PATENTS, TO LOOK AT THE TRADEMARKS, TO LOOK AT THE

19   TRADE DRESS.

20        AND SO THE REQUEST FOR SPECIFIC PHYSICAL

21   OBJECTS IS NOT, I WOULD SAY, RELATED TO INTENT.

22   IT'S RELATED TO DEMONSTRATING THE COPYING THAT IS

23   APPARENTLY GOING TO GO ON HERE.

24        THE DOCUMENTS THAT WE'RE ASKING FOR DO

25   TWO THINGS.  ONE, THEY DO, IN FACT, GO -- THEY DO,

1    IN FACT, GO TO INTENT.

2             BUT INTENT IS NOT COMPLETELY LIMITED TO

3    DAMAGES.  INTENT IS, IS LIMITED -- IS PART OF THE

4    TRADEMARK THAT GOES TO THE STRENGTHS OF THE

5    TRADEMARK.  IT GOES TO THE STRENGTH OF THE TRADE

6    DRESS.

7             THE COURT:  BUT IS -- AREN'T THESE MORE

8    THE LOOK AND FEEL OF ORDINARY OBSERVER TESTS?

9    WHETHER THEY COPIED OR NOT JUST DOESN'T SEEM TO

10   PLAY INTO THE LOOK AND FEEL OF THE ORDINARY

11   OBSERVER TEST FOR EITHER THE TRADE DRESS, THE

12   TRADEMARK, OR THE DESIGN PATENT INFRINGEMENT CLAIM.

13            MR. MCELHINNY:  YOUR HONOR HAS A LOT OF

14   EXPERIENCE IN THIS AREA, AND SO I'M -- I KNOW YOU

15   KNOW WHAT YOU'RE TALKING ABOUT.

16            BUT ALSO, IN ADDITION, WHAT WE'RE TALKING

17   ABOUT IN TERMS OF THE -- IN SOME CASES YOUR HONOR

18   IS GOING TO BE CALLED UPON TO MAKE A DETERMINATION

19   IN TERMS OF THE STRENGTH OF THE TRADEMARK, OR THE

20   STRENGTH OF THE TRADE DRESS, AND THE

21   DISTINCTIVENESS OF IT.

22            AND TO THE EXTENT THAT WE CAN PRODUCE

23   DOCUMENTS WHICH WE, YOU KNOW, WHICH WE FEEL EXIST,

24   WHICH IS EASY FOR ME TO SAY, BUT TO THE EXTENT THAT

25   YOU FIND DOCUMENTS IN WHICH -- WE GAVE YOU THE ONE

9

1    EXAMPLE WHERE THE KOREAN DISTRIBUTOR SAYS, YOU

2    KNOW, WE HAD A PRODUCT PLANNED AND NOW WE SEE THE

3    IPAD 2 AND SO WE'RE BACK TO THE DRAWING BOARD.

4              AND THEN WE SEE THE PICTURE OF THE NEW

5    PRODUCT WHICH COMES OUT LOOKING EXACTLY LIKE THE

6    IPAD 2.

7              THAT, WE BELIEVE, IS STRONG EVIDENCE THAT

8    WILL CONVINCE YOUR HONOR ABOUT THE STRENGTH OF OUR

9    MARK AND WHY IT IS THAT SAMSUNG IS UNWILLING TO

10   COME UP WITH A UNIQUE DESIGN, OR UNABLE.

11             THE COURT:  ALL RIGHT.  LET ME GO TO

12   MR. VERHOEVEN.  DID I PRONOUNCE THAT CORRECTLY?

13             MR. VERHOEVEN:  THAT'S CORRECT, YOUR

14   HONOR.

15             THE COURT:  DO YOU CONCEDE THAT WHAT

16   APPLE HAS REQUESTED, YOU WOULD HAVE TO PRODUCE IN

17   THE NORMAL COURSE OF DISCOVERY?

18             NOW, I'M NOT TALKING ABOUT THE TIMING,

19   BUT ONCE THERE WAS AN OPENING OF DISCOVERY PER RULE

20   26, YOU WOULD HAVE TO PRODUCE THIS STUFF; CORRECT?

21             MR. VERHOEVEN:  NOT ALL OF IT, YOUR

22   HONOR.

23             I MEAN, FIRST OF ALL, IT'S IMPOSSIBLE TO

24   PRODUCE SOMETHING THAT DOESN'T EXIST, AND THEY'RE

25   ASKING FOR, AS YOUR HONOR KNOWS, PRODUCTS THAT

10

1    DON'T EXIST YET.

2              SO IT'S PRODUCTS THAT THEY'RE ASKING FOR

3    THAT AREN'T SCHEDULED TO BE RELEASED FOR SOME TIME

4    IN THE FUTURE.

5              A COMPETITOR IS NOT ENTITLED TO

6    PREAPPROVE ITS OTHER COMPETITOR'S PRODUCTS THROUGH

7    THE VEHICLE OF LITIGATION.

8              A COMPETITOR -- YOU KNOW, IF WE'VE GOT

9    THE GALAXY S FAMILY OF PRODUCTS OUT THERE, YOUR

10   HONOR, THAT'S FAIR GAME.

11             BUT THEY'RE TALKING ABOUT FUTURE PLANS

12   AND FUTURE PRODUCTS.

13             THIS ENTIRE MOTION, I WOULD SUBMIT, IS

14   DESIGNED TO INTERFERE WITH MY CLIENT'S EFFORTS AT

15   PUTTING OUT THESE PRODUCTS, YOUR HONOR.

16             SO THERE IS SOME OF THIS THAT, SETTING

17   ASIDE THE TIMING, I WOULD CONCEDE WOULD BE

18   RELEVANT.

19             BUT WHEN YOU'RE TALKING ABOUT FUTURE

20   PLANS BETWEEN COMPETITORS, THEN YOU CAN GET INTO

21   LITIGATION OVER WHETHER THAT'S RELEVANT, YOU CAN

22   GET INTO DISPUTES OVER BALANCING THE PREJUDICE OF

23   ONE COMPETITOR HAVING TO GIVE UP ITS FUTURE PLANS

24   TO ANOTHER COMPETITOR AND BALANCING THAT AGAINST

25   WHY DO YOU NEED THIS.

```
1              YOU CAN'T -- YOU CAN'T SUE SOMEBODY FOR
2     INFRINGEMENT THAT HASN'T HAPPENED YET.
3              SO WE'VE GOT A BIG ISSUE, YOUR HONOR,
4     WITH THE REQUEST TO GET FUTURE PRODUCTS.
5              AND, YOUR HONOR, I -- AS TO YOUR -- I
6     DON'T KNOW IF YOU WANT ME TO ADDRESS THE DELAY
7     ISSUE NOW, BUT I WOULD LIKE TO ADDRESS THAT, AND
8     I'VE ALSO PREPARED SOME SLIDES TO HELP US
9     ILLUSTRATE SOME POINTS.
10             WE HAD TO BRIEF THIS VERY QUICKLY, YOUR
11    HONOR, AND THERE ARE ADDITIONAL POINTS THAT AREN'T
12    IN OUR OPPOSITION.
13             IN LIGHT OF THEIR LENGTHY REPLY, I'D LIKE
14    TO ADDRESS THESE AS WELL.
15             THE COURT:  HAVE YOU SHOWN THOSE SLIDES
16    TO --
17             MR. VERHOEVEN:  I JUST PREPARED THEM THIS
18    MORNING.  I'LL GIVE THEM TO THE OTHER SIDE, IF I
19    CAN.
20             THE COURT:  WELL, WE CAN TAKE A BREAK AND
21    I'LL CALL ANOTHER CASE IF YOU'D LIKE TO LOOK AT
22    THEM.
23             MR. MCELHINNY:  IF YOUR HONOR IS GOING TO
24    LOOK AT THEM, I'D LIKE TO SEE THEM FIRST, YOUR
25    HONOR.
```

1          THE COURT:  WHY DON'T YOU LOOK AT THEM

2    AND SEE IF YOU HAVE AN OBJECTION.

3          WHILE YOU'RE LOOKING, LET ME ASK MY OTHER

4    QUESTIONS.

5          GIVEN THAT THERE'S ALREADY MEDIA REPORTS

6    ABOUT WHAT THE TO BE RELEASED PRODUCTS ARE, HOW CAN

7    YOU SAY THAT'S TRADE SECRET?  BECAUSE I'M ASSUMING

8    THAT SAMSUNG HAS PROBABLY HAD SOME ROLE IN CREATING

9    THE BUZZ OF ITS SOON TO BE RELEASED PRODUCTS.  HOW

10   IS THAT A TRADE SECRET?

11         MR. VERHOEVEN:  YEAH.  WHAT YOU'RE

12   GETTING HERE IS A MISMATCH BETWEEN THE DISCOVERY

13   THEY'RE REQUESTING AND WHAT THEY'RE COMPLAINING

14   ABOUT ON THE MERITS IN THEIR MOTION TO EXPEDITE.

15         IN PARTICULAR, YOUR HONOR, ON THE MERITS,

16   THEY SAY THEIR I.P. IS, QUOTE, "A RECTANGULAR

17   PRODUCT SHAPE WITH ALL FOUR CORNERS UNIFORMLY

18   ROUNDED."

19         THEY SAY THAT THEIR I.P. IS "THE DISPLAY

20   OF A COLORFUL GRID OF SQUARE ICONS."

21         OKAY.  THESE ARE TRADE DRESS DESIGN

22   PATENT ISSUES.

23         BUT WHAT THEY'RE ASKING FOR, BURIED IN

24   THEIR REQUEST, THAT IS INCREDIBLY BURDENSOME IS A

25   30(B)(6) OMNIBUS DEPOSITION REQUEST OF, QUOTE

13

1    UNQUOTE, "THE CORPORATION" -- THERE'S THREE

2    DIFFERENT CORPORATIONS HERE -- THAT ASKS FOR THE

3    DESIGN, FUNCTION, AND OPERATION OF FIVE DIFFERENT

4    PRODUCTS.

5           DESIGN, FUNCTION, AND OPERATION, YOUR

6    HONOR, HAVE NOTHING TO DO WITH WHAT DOES THIS THING

7    LOOK LIKE.

8           THEY GO TO, BASICALLY, SO THEY CAN DO A

9    FISHING EXPEDITION -- EXCUSE ME, YOUR HONOR -- AS

10   TO THE FUNCTIONALITY OF THESE PRODUCTS UNDER THE

11   HOOD, WHICH HAS NOTHING TO DO --

12           THE COURT:  I DON'T SEE FUNCTION AND

13   OPERATION IN THEIR REQUEST.

14           MR. VERHOEVEN:  LET ME GET THAT.

15           THE COURT:  IT'S ALL THE -- THE SAMPLE,

16   THE COMMERCIAL PACKAGING, THE INITIAL RELEASE

17   MARKETING AND ANY EVIDENCE OF COPYING OR DESIGN

18   AROUND, AND DESIGN OF THE SHELL AND GRAPHICAL USER

19   INTERFACE.

20           MR. VERHOEVEN:  BEAR WITH ME JUST A

21   MINUTE, YOUR HONOR.

22           THE COURT:  YEAH, PLEASE, GO AHEAD.

23           WHAT DO YOU THINK ABOUT THOSE SLIDES?

24           MR. MCELHINNY:  YOUR HONOR, THIS IS

25   OPPOSITION ON THE MERITS TO THE PRELIMINARY

14

1    INJUNCTION.  I DON'T THINK THEY'RE GOING TO BE

2    RELEVANT TO WHAT YOUR HONOR IS TRYING TO DECIDE

3    TODAY.

4          THE COURT:  WELL, IF THAT'S YOUR ONLY

5    OBJECTION, I'M GOING TO LOOK AT IT THEN.

6          MR. MCELHINNY:  THEN I HAVE NO OBJECTION

7    TO YOU LOOKING AT IT.

8          THE COURT:  ALL RIGHT.

9          MR. MCELHINNY:  IN THAT SAME --

10         MR. VERHOEVEN:  WELL, IF I COULD -- YOU

11   KNOW, I SAID THAT BECAUSE THEY SAY IT ON PAGE 10 OF

12   THEIR OPENING BRIEF, YOUR HONOR.  I WASN'T LOOKING

13   AT THE ACTUAL 30(B)(6).

14         BUT IF YOU LOOK AT PAGE 10 OF THEIR

15   OPENING BRIEF, LINE 3, ACTUALLY LINES 1 THROUGH

16   8 --

17         THE COURT:  I'M SORRY.  CAN YOU REPEAT

18   THAT PAGE, PLEASE?

19         MR. VERHOEVEN:  SURE.  PAGE 10.

20         THE COURT:  OKAY.

21         MR. VERHOEVEN:  THEY SAY 30(B)(6)

22   DEPOSITION IN THE UNITED STATES OF THE SAMSUNG

23   CORPORATE REPRESENTATIVE REGARDING THE FOLLOWING

24   TOPICS:  TOPIC A ON LINE 3 THROUGH 5, THE DESIGN,

25   FUNCTION, AND OPERATION OF THE SHELLS AND GRAPHICAL

1    USER INTERFACES, AND THEN THEY LIST FIVE PRODUCTS,

2    YOUR HONOR.

3            SO I WAS ASSUMING THAT THAT'S WHAT THEY

4    WANTED, YOUR HONOR, AND THAT WOULD GO -- HAVE

5    NOTHING TO DO WITH WHAT THESE THINGS LOOK LIKE.

6            IT WOULD BE INCREDIBLY BURDENSOME, YOUR

7    HONOR, TO TAKE FIVE DIFFERENT PRODUCTS -- THESE,

8    THESE DIFFERENT PRODUCTS ARE NOT JUST --

9            THE COURT:  I'M SORRY.  CAN I INTERRUPT

10   YOU?

11           MR. VERHOEVEN:  YES.

12           THE COURT:  HOW COME YOUR CONCLUSION IS

13   DIFFERENT?  IT DOESN'T SAY -- YOUR CONCLUSION, PAGE

14   13, THAT ASKS FOR THE EXPEDITED DISCOVERY DOESN'T

15   SAY FUNCTION AND OPERATION.  IT JUST SAYS DESIGN OF

16   THE SHELL AND GRAPHICAL USER INTERFACE.

17           WHY IS THAT DIFFERENT THAN WHAT'S ON PAGE

18   10?

19           MR. MCELHINNY:  BECAUSE THE PROPOSED --

20   THE PROPOSED ORDER -- THERE MAY HAVE BEEN A TYPO IN

21   THE PAPERS -- THE PROPOSED ORDER, YOUR HONOR, THAT

22   WE SUBMITTED ASKS FOR THE DESIGN OF THE SHELL AND

23   GRAPHICAL USER INTERFACE.

24           THE COURT:  OKAY.  SO YOU DON'T WANT

25   FUNCTION AND OPERATION.

16

1          OKAY.  GO AHEAD, PLEASE.

2          MR. VERHOEVEN:  SINCE THERE'S NO

3     OBJECTION, COULD I -- MAY I HAND UP THESE SLIDES,

4     YOUR HONOR?

5          THE COURT:  YES, PLEASE.

6          (PAUSE IN PROCEEDINGS.)

7          MR. VERHOEVEN:  AND AS TO THE ISSUE OF

8     TIME GOING PAST, YOUR HONOR, ON SLIDE 2, WE JUST

9     PUT THE BASIC CASE LAW THAT I'M SURE YOUR HONOR IS

10    AWARE OF.

11         IF YOU WAIT TOO LONG BEFORE YOU FILE A

12    PRELIMINARY INJUNCTION MOTION, YOU CAN'T SHOW

13    IRREPARABLE HARM AS A MATTER OF LAW.

14         AND HERE ON SLIDE 3, YOUR HONOR, WE PUT

15    FORTH THE ACCUSED PRODUCTS AND WHEN THEY WERE

16    RELEASED AND ANNOUNCED, AND YOU'LL SEE, YOUR HONOR,

17    THAT THE GALAXY -- ON SLIDE 3, THE GALAXY S WAS

18    FIRST ANNOUNCED IN MARCH OF 2010, NO PRELIMINARY

19    INJUNCTION.

20         RELEASED IN THE U.S., THE FIRST MODEL IN

21    THE U.S., THE GALAXY S VIBRANT WITH T-MOBILE

22    JULY 15TH, 2010.  NO PRELIMINARY INJUNCTION MOTION.

23         THE GALAXY S CAPTIVATE WITH AT&T,

24    JULY 18TH, 2010; THE GALAXY S EPIC 4G WITH AT&T,

25    AUGUST 31, 2010; THE GALAXY S FASCINATE,

17

1    SEPTEMBER 9, 2010; GALAXY S MESMERIZE WITH U.S.

2    CELLULAR, OCTOBER 27TH, 2010; GALAXY S CONTINUUM,

3    VERIZON, NOVEMBER 11, 2010.

4            WHEN DID THEY SUE?  NOT UNTIL APRIL 15TH,

5    2011.  NO SEEKING OF A PRELIMINARY INJUNCTION.

6            THESE ARE THE -- THIS IS -- IF YOU READ

7    THEIR MOTION PAPERS, YOUR HONOR, THE THING THAT

8    THEY'RE ACCUSING AND SAYING THAT THEY WANT TO GET

9    EXPEDITED DISCOVERY TO MOVE FOR A PRELIMINARY

10   INJUNCTION ON, YOU CAN SEE THAT THIS SAME BASIS

11   THAT THEY'RE MOVING ON THEIR PAPERS THEY WOULD

12   ARGUE, AND HAVE ARGUED IN THEIR COMPLAINT, AS TO

13   ALL OF THESE PRODUCTS.

14           UNDER BLACK LETTER LAW, THERE'S NO WAY

15   THEY CAN SHOW IRREPARABLE HARM BECAUSE OF THIS

16   DELAY.

17           AND, YOU KNOW, YOUR HONOR, IN THE MOTION

18   PAPERS ON THEIR REPLY, WHAT I READ WAS APPLE

19   SAYING, "YOU GUYS, THE STANDARD ISN'T IRREPARABLE

20   HARM, THE STANDARD IS GOOD CAUSE."

21           OKAY, FINE.  WHAT'S YOUR GOOD CAUSE?

22           WELL, THEIR GOOD CAUSE IS THEY WANT TO

23   FILE A PRELIMINARY INJUNCTION MOTION.

24           WELL, IN ORDER FOR THEM TO HAVE ANY

25   COLORABLE BASIS FOR A PRELIMINARY INJUNCTION

18

1    MOTION, THEY CAN'T HAVE THIS KIND OF DELAY.

2              SO THEY DON'T HAVE GOOD CAUSE HERE, YOUR

3    HONOR.  THEY WAITED TOO LONG.

4              AND IF YOU LOOK AT SLIDE 5, FOR EXAMPLE,

5    YOUR HONOR, THERE'S NO WAY THEY'RE GOING TO BE ABLE

6    TO SHOW IRREPARABLE HARM.

7              THE COURT:  MAY I ASK YOU A QUESTION?

8    ARE YOU GOING TO ASK FOR EXPEDITED DISCOVERY IN

9    YOUR CASE AGAINST APPLE?

10             MR. VERHOEVEN:  WELL, I THINK THESE CASES

11   SHOULD PROCEED ON THE NORMAL COURSE.

12             BUT IF WE'RE GOING TO BE ENGAGING IN

13   EXPEDITED DISCOVERY, THEN WE WOULD ASK FOR

14   RECIPROCAL, A RECIPROCAL TIME FRAME.

15             SO THE ANSWER TO YOUR QUESTION IS NO

16   UNLESS YOU'RE CONVINCED BY APPLE AND THINK THAT WE

17   NEED TO HAVE A FIRE DRILL EXPEDITED DISCOVERY.

18             THEN WE THINK WHAT'S SAUCE FOR THE GOOSE

19   SHOULD BE SAUCE FOR THE GANDER AND THAT, YES, WE

20   SHOULD BE PROCEEDING DOWN THE SAME PATH.

21             BUT WE'RE NOT GOING TO BE FILING -- FOR

22   EXAMPLE, IF YOUR HONOR WERE TO DENY THIS AND SAY,

23   "GUYS, JUST COOPERATE AND DO THE NORMAL SCHEDULE,"

24   WE WOULD NOT BE SEEKING A PRELIMINARY INJUNCTION --

25   OR A PRELIMINARY INJUNCTION OR EXPEDITED DISCOVERY

1    IN OUR CASE.

2              THE COURT:  OKAY.  LET ME ASK

3    MR. MCELHINNY, ARE YOU PREPARED FOR MUTUAL ASSURED

4    DESTRUCTION?  IF I GRANT IT IN YOUR CASE, I MAY

5    GRANT IT IN HIS CASE AND BOTH OF YOU WILL BE DOING

6    A FIRE DRILL NOW WHEN YOU WOULD OTHERWISE HAVE THE

7    NORMAL 90, 120 DAYS TO ACTUALLY GET PREPARED FOR

8    DISCOVERY.

9              MR. MCELHINNY:  MAY I OBJECT TO YOUR

10   QUESTION ON THE BASIS THAT IT ASSUMES FACTS NOT IN

11   EVIDENCE YET?

12             THE COURT:  OKAY.

13             MR. MCELHINNY:  I JUST WANTED TO INFORM

14   THE COURT, IN CASE YOU'RE NOT AWARE,

15   MORRISON & FOERSTER WILL NOT BE REPRESENTING APPLE

16   IN THE CASE THAT'S BEEN FILED.

17             THE COURT:  THAT'S RIGHT.  WILMER HALE

18   IS.

19             MR. MCELHINNY:  AND I'VE BEEN TOLD THAT

20   THERE WILL BE A TIMELY OPPOSITION FILED TO THE --

21             THE COURT:  OKAY.  THAT WAS ONE OF THE

22   QUESTIONS I WAS GOING TO ASK YOU.  I THINK THE

23   OPPOSITION IS DUE ON MONDAY.

24             MR. MCELHINNY:  BUT THE ANSWER TO YOUR

25   QUESTION IS YES.  YES, WE ARE PREPARED TO LIVE BY

1    EQUAL RULES.

2              MAY I MAKE THREE POINTS, PLEASE?

3              ON THE DELAY ISSUE, JUST EVEN ON THEIR

4    GRAPH, YOUR HONOR, I'D POINT OUT TO YOU THAT THERE

5    IS NO TABLET PICTURED HERE.  THERE IS NO TABLET

6    PRODUCT PICTURED IN THIS.

7              AND IT IS NOT THE LAW THAT IF YOU ISSUE

8    ONE PRODUCT AND YOU DON'T GET SUED, THAT THAT

9    ALLOWS YOU THEN, FOREVER AND EVER, A FREE PASS ON

10   THE COPYRIGHT AND TRADEMARK CLAUSE IN THE

11   UNITED STATES.

12             THAT'S WHAT I WOULD LIKE TO SAY ABOUT

13   DELAY.  YOU WILL HEAR THAT ISSUE WHEN AND IF YOU

14   HEAR THE PRELIMINARY INJUNCTION AND YOU WILL BE

15   ABLE TO DECIDE IT.

16             ON THE TRADE SECRET ISSUE, I WOULD LIKE

17   TO CALL TO THE COURT'S ATTENTION A FACT THAT

18   ACTUALLY OCCURRED SINCE THE PLEADING WAS DONE IN

19   THIS CASE.

20             AND IF I MAY APPROACH, WE WERE --

21             THE COURT:  WELL, SHOW IT TO

22   MR. VERHOEVEN.

23             DO YOU HAVE ANY OBJECTION?

24             MR. VERHOEVEN:  NO, YOUR HONOR.

25             THE COURT:  OKAY.

1        MR. MCELHINNY:  WE FOUND A BLOG THAT WAS

2   DATED MAY 10TH, 2011 THAT SAYS THAT SAMSUNG HANDED

3   OUT 5,000 SAMPLES OF THE TABLET 10.1 WHICH THEY

4   HAVE TOLD YOU UNDER OATH IS NOT AVAILABLE FOR

5   PRODUCTION.  BUT THEY HANDED OUT 5,000 IN

6   SAN FRANCISCO AT THE GOOGLE I/O CONFERENCE.

7        AND, THIRD, I'D JUST LIKE TO MAKE SORT OF

8   AN OVERALL FAIRNESS ISSUE.

9        OBVIOUSLY YOUR HONOR IS AWARE OF THE

10  SIGNIFICANCE OF THIS CASE AND YOU HAVE TALKED ABOUT

11  A GLOBAL WAR.

12       BUT WHAT APPLE CHOSE TO DO, AS A MATTER

13  OF QUITE CLEAR STRATEGY, WAS TO BRING THIS CRITICAL

14  ISSUE -- APPLE'S BRAND IS NUMBER ONE IN THE

15  WORLD -- WE BROUGHT THIS ISSUE TO THIS COURT SO

16  THAT WE COULD GET AN IMMEDIATE, CLEAR, RULING ON

17  THESE ISSUES.

18       SAMSUNG HAS REACTED TO THAT BY MAKING

19  THIS A WORLDWIDE BATTLE.  THEY HAVE SUED US IN FIVE

20  COUNTRIES.  THEY ARE SEEKING EXPEDITED RELIEF IN

21  OTHER COUNTRIES.

22       IF WE CAN'T GET THAT SAME KIND OF QUICK

23  ADJUDICATION IN THIS COURT, WE ARE AT A TREMENDOUS

24  DISADVANTAGE.

25       THANK YOU.

1          THE COURT:  ALL RIGHT.  WELL, LET ME ASK

2     YOU, HOW WOULD YOU NARROWLY TAILOR YOUR DISCOVERY?

3          AND I WILL TELL YOU WHAT THINGS ABOUT

4     YOUR REQUEST ARE OF CONCERN:  COMMERCIAL PACKAGING,

5     APPLE'S INTELLECTUAL PROPERTY, INITIAL RELEASE

6     MARKETING MATERIALS SEEM OVERBROAD AND VAGUE.

7          TO HAVE ANY 30(B)(6) WHO WOULD HAVE TO

8     HAVE -- WHO WOULD HAVE TO TESTIFY ABOUT INFORMATION

9     KNOWN OR REASONABLY AVAILABLE TO THE ORGANIZATION

10    ON AN EXPEDITED BASIS SEEMS UNREASONABLE.

11         YOUR DEADLINES FOR WHAT YOU WANT SEEM TOO

12    QUICK.

13         SO TELL ME WHAT YOU WOULD DO TO NARROWLY

14    TAILOR THIS, BECAUSE I AGREE WITH SAMSUNG, IT'S

15    UNFAIR TO ASK THEM TO DO A FIRE DRILL TO HAVE TO

16    TRY TO REVIEW ALL OF THEIR DOCUMENTS AND INTERVIEW

17    ALL OF THEIR EMPLOYEES AND COME UP WITH A CORPORATE

18    POSITION ON THAT KIND OF EXPEDITED BASIS.

19         SO WHAT WOULD YOU DO TO NARROWLY TAILOR

20    YOUR REQUEST?  WHY CAN'T YOU JUST HAVE AN

21    INDIVIDUAL DEPOSITION INSTEAD OF THE 30(B)(6)?

22         MR. MCELHINNY:  THE PROBLEM WITH THE

23    INDIVIDUAL -- I MEAN, I'M PERFECTLY HAPPY TO DO

24    ANYTHING THAT'S REASONABLE, YOUR HONOR.

25         THE PROBLEM WITH THE INDIVIDUAL

1    DEPOSITION IS, WITHOUT DISCLOSING THE CONTENTS OF

2    IT, IT'S FILED UNDER SEAL, YOUR HONOR HAS

3    DECLARATIONS ABOUT THE NUMBER OF PEOPLE IN VARIOUS

4    SAMSUNG ENTITIES WHO ARE -- IF THERE WAS SOME WAY

5    THAT WE COULD GET AN IDENTIFICATION OF A PERSON WHO

6    IS THE KNOWLEDGEABLE PERSON, THEN WE WOULD TAKE

7    THAT AS A PERSONAL DEPOSITION AS OPPOSED TO A

8    30(B)(6).  WE WOULD AUTOMATICALLY DO THAT.

9              THE COURT:  WELL, LET ME TELL YOU BOTH

10   THAT I'M ACTUALLY INCLINED TO GRANT SOME VERY

11   LIMITED, FOCUSSED, EXPEDITED DISCOVERY.

12             I AGREE WITH SAMSUNG THAT ASKING THEM TO

13   GET ALL INFORMATION KNOWN AND REASONABLY AVAILABLE

14   TO THE ORGANIZATION, WHICH IS WHAT'S REQUIRED BY

15   30(B)(6), ON AN EXPEDITED BASIS IS SIMPLY -- IT'S

16   NOT FAIR AND DOABLE.

17             BUT I WOULD BE INCLINED TO GIVE, I DON'T

18   KNOW, 30 DAYS TO PRODUCE ONE, EITHER YOU CAN SAY

19   LATEST ITERATION, CURRENT VERSION, WHETHER IT'S A

20   DRAWING SINCE MOST OF THESE SEEM TO BE ABOUT THE

21   LOOK AND FEEL VERSUS AN ACTUAL SAMPLE OF EACH OF

22   THE PRODUCTS REQUESTED.

23             I DON'T KNOW WHAT YOU MEAN BY COMMERCIAL

24   PACKAGING.  IS THAT THE ACTUAL BOX THAT IT COMES

25   IN?

1          MR. MCELHINNY:  IT IS, YOUR HONOR.

2          THE COURT:  WHAT IS MARKETING MATERIAL?

3   I KNOW YOU SAY THAT'S WHAT YOU GIVE TO

4   DISTRIBUTORS, BUT WHAT IS THAT?

5          MR. MCELHINNY:  THE MARKETING MATERIAL IS

6   TWO THINGS.  IT'S, ONE, THE PACKAGE INSERT THAT

7   GOES INTO THE BOX; AND, TWO, IT IS THE MARKETING

8   DIRECTIONS WHICH GO TO LARGE BOX CONSUMER STORES OR

9   TO AD AGENCIES IN TERMS OF THE WAY THIS PRODUCT IS

10  GOING TO BE MARKETED.

11         THE COURT:  YOU SAID MARKETING DIRECTIONS

12  TO AD AGENCIES AND WHO?

13         MR. MCELHINNY:  LARGE BOX CONSUMER

14  STORES.

15         THE COURT:  SO WHAT IS THAT, LIKE FRY'S

16  AND BEST BUY?

17         MR. MCELHINNY:  IT IS EXACTLY LIKE THAT,

18  YOUR HONOR.  WAL-MART.

19         THE COURT:  ALL RIGHT.  I UNDERSTAND THIS

20  IS -- I MEAN, I UNDERSTAND YOU'RE GOING TO OPPOSE

21  THE MOTION TO RELATE, BUT WHOEVER -- WHICHEVER

22  JUDGE HAS THE OTHER CASE, THIS COULD BE NUCLEAR WAR

23  ON BOTH SIDES BECAUSE I'M INCLINED TO GRANT THE

24  LATEST ITERATION, SAMPLE, OR DRAWING ON EACH OF THE

25  PRODUCTS LISTED; THE CURRENT ITERATION OF THE BOX;

1    THE CURRENT ITERATION OF THE PACKAGE INSERT.

2            NOW, I DON'T KNOW ABOUT MARKETING

3    DIRECTIONS TO AD AGENCIES AND LARGE BOX CONSUMER

4    STORES.  THAT'S PROBABLY VERY VOLUMINOUS AND AN

5    OVERLY BROAD DESCRIPTION.  THERE MAY BE A SPECIFIC

6    ONE TO EACH SPECIFIC CUSTOMER.  THAT'S JUST TOO

7    BROAD.

8            MR. MCELHINNY:  ON THE SAMPLE OR DRAWING

9    POINT, JUST TO REMIND THE COURT THAT WE HAVE PATENT

10   CLAIMS, UTILITY PATENT CLAIMS, AS WELL AS TRADEMARK

11   CLAIMS IN THIS CASE.

12           AND SO IF YOUR HONOR IS SAYING THE

13   DRAWING, IF THEY DON'T HAVE A PHYSICAL PRODUCT,

14   THAT WOULD BE FINE.

15           BUT THE PHYSICAL PRODUCT IS MORE

16   IMPORTANT TO US IN ORDER TO BE ABLE TO --

17           THE COURT:  WELL, THE LIKELIHOOD THAT

18   YOU'LL GET AN INJUNCTION ON A PATENT CASE IN

19   DISTRICT COURT IS NOT SUPER GREAT, AND THE FACT

20   THAT YOU WOULD GET IT ON A PRELIMINARY BASIS ABSENT

21   CLAIM CONSTRUCTION, ABSENT ANY MERITS REVIEW ON A

22   PATENT CASE I THINK IS PRETTY SLIM.

23           SO IF YOU WANT TO GET INTO THE GUTS OF

24   THESE PRODUCTS, I DON'T THINK THAT'S GOING TO

25   HAPPEN ON A PRELIMINARY INJUNCTION.

1          THE LOOK AND FEEL I THINK IS SOMETHING

2     THAT IS POSSIBLY REVIEWABLE ON AN EXPEDITED

3     PRELIMINARY, YOU KNOW, TIME FRAME.

4          MR. MCELHINNY:  MAY I JUST -- AGAIN, I'M

5     TRYING NOT TO ARGUE THE MOTION ON THE MERITS, BUT

6     THESE PATENTS COVER INTERFACES THAT ARE UNIQUELY

7     APPLE.  THEY ARE THE ONES THAT COVER THE ABILITY TO

8     EXPAND PICTURES WITH YOUR FINGERS.  THEY'RE THE

9     ONES THAT CAUSE SCREENS TO BOUNCE BACK UP.

10          THEY ARE NOT SOFTWARE.  I MEAN, THEY ARE,

11     BUT YOU CAN TELL WHETHER THERE IS A -- WHETHER

12     THERE'S AN INFRINGEMENT SIMPLY BY OPERATING THE

13     DEVICE.

14          AND WHEN PEOPLE OPERATE THESE DEVICES,

15     THEY SAY, "THIS IS AN APPLE APPLICATION."

16          AND WE WOULD LIKE THE OPPORTUNITY TO BE

17     ABLE -- I'M JUST AFRAID THAT IF YOU SAY "SAMPLE" OR

18     "DRAWING," WE'RE GOING TO BE IN A FIGHT WITH YOUR

19     HONOR ABOUT WHETHER OR NOT WE'VE GOTTEN SOMETHING

20     THAT HELPS US AND WE'RE GOING TO BE BACK AGAIN, NOT

21     WITH YOUR HONOR, BUT WITH A MAGISTRATE JUDGE.

22          MR. VERHOEVEN:  YOUR HONOR, MAY I ADDRESS

23     THAT PLEASE?

24          THERE HAS BEEN NO IDENTIFICATION ON THIS

25     MOTION OF ANY PATENT THAT THEY NEED EXPEDITED

27

1    DISCOVERY FOR.  THERE'S BEEN NO IDENTIFICATION OF

2    CLAIMS.  THERE'S BEEN NO CLAIM CONSTRUCTION.

3             IT -- AS YOUR HONOR NOTED, IT WOULD BE

4    VIRTUALLY IMPOSSIBLE TO PRODUCE WITNESSES THAT TALK

5    ABOUT THE GUTS OF THESE PRODUCTS THAT AREN'T EVEN

6    FINISHED YET THAT THEY'RE SEEKING.

7             SO WE WOULD STRENUOUSLY OBJECT TO ANY

8    DISCOVERY ALONG THOSE LINES.

9             AND, YOUR HONOR, ALSO, IF I COULD GO BACK

10   REALLY BRIEFLY TO THE -- BECAUSE I DO THINK THE

11   REASON THAT THEY'RE SAYING THEY HAVE GOOD CAUSE,

12   YOUR HONOR, IS BECAUSE THEY SAY THEY WANT TO DO A

13   PRELIMINARY INJUNCTION MOTION.

14            BUT IF YOU LOOK AT THE SLIDES, NOT JUST

15   THE DELAY, YOUR HONOR, BUT WE'VE GOT HERE ON SLIDE

16   8, THEY CLAIM THAT THEIR TRADE DRESS AND THEIR

17   DESIGN PATENT COVERS RECTANGULAR SHAPES WITH

18   ROUNDED EDGES.

19            EVERY CELL PHONE, SMART PHONE MAKER ON

20   THE MARKET HAS RECTANGULAR PHONES WITH ROUNDED

21   EDGES.  THOSE ARE NOT UNIQUE TO APPLE.  THEY'RE

22   STANDARD.

23            IF YOU LOOK AT SLIDE 8, THEY SAY THAT

24   THEIR TRADE DRESS AND THEIR DESIGN PATENT CLAIMS

25   ARE A STACK OF ICONS.

1         ALL YOU HAVE TO DO IS LOOK AT ALL OF

2    THESE PHONES ON THE MARKET TODAY, YOUR HONOR, PALM

3    PRE, HTC TOUCH, MOTOROLA ATRIX, RIM BLACKBERRY,

4    NOKIA 5800, LG AXIS, SONY ERICSSON XPERIA, THEY ALL

5    HAVE THAT, YOUR HONOR.

6         THESE ARE FUNCTIONAL -- THEY ARE NOT

7    PROTECTABLE, YOUR HONOR, THEY ARE FUNCTIONAL, AND

8    THEY'RE NOT UNIQUE TO APPLE.

9         THERE IS NO WAY THEY CAN EVER PREVAIL ON

10   A PRELIMINARY INJUNCTION MOTION BASED ON THE MERITS

11   THAT THEY'VE PUT FORTH IN THEIR MOVING PAPER.

12        IT IS INCREDIBLY FUTILE, THEY WOULD NEVER

13   WIN, AND TO MAKE US JUMP THROUGH HOOPS, GIVE ONE OF

14   OUR BIGGEST COMPETITORS ADVANCE NOTICE OF UPCOMING

15   PRODUCTS BALANCED AGAINST THE FACT THAT THERE'S

16   JUST NO WAY THEY COULD GET A PRELIMINARY

17   INJUNCTION, THAT IS NOT GOOD CAUSE AND THE

18   PREJUDICE TO US SEVERELY OUTWEIGHS THAT.

19        YOU KNOW, THESE PRODUCTS, THESE SMART

20   PHONE PRODUCTS, YOUR HONOR, THEY HAVE A SHELF LIFE

21   OF LESS THAN SIX MONTHS.  THERE'S CONSTANTLY NEW

22   PRODUCTS COMING OUT.

23        WHAT APPLE IS DOING, IF YOU GRANT THIS,

24   YOUR HONOR, IS INTERFERING WITH OUR ABILITY TO

25   RELEASE PRODUCTS BEFORE WE'VE EVEN RELEASED THEM

1    WITHOUT INTERFERENCE WITH OUR BIGGEST COMPETITOR,

2    AND WHAT'S THE JUSTIFICATION FOR THAT, YOUR HONOR?

3              YOU KNOW, THE -- OH, A RECTANGLE.

4    THAT'S --

5              THE COURT:  I HAVE TO SAY THE PRODUCTS

6    LOOK AWFULLY SIMILAR, MR. VERHOEVEN.

7              MR. MCELHINNY:  YOUR HONOR, ON THE SAMPLE

8    ISSUE, ALL I'M SAYING IS IF THEY HAD 5,000 TO GIVE

9    AWAY IN SAN FRANCISCO LAST WEEK, THEY CAN GIVE US

10   ONE.

11             THE COURT:  WHY DIDN'T YOU GET ONE?

12             MR. MCELHINNY:  BECAUSE WE NEED ONE

13   THAT'S PRODUCED FROM THEM SO THEY CAN AUTHENTICATE

14   IT SO WE CAN SUBMIT IT INTO EVIDENCE, SO THAT WE

15   CAN SUBMIT IT.

16             THEY GAVE AWAY 500 -- ACTUALLY, THAT'S

17   NOT TRUE.  THEY GAVE AWAY 5,000 OF THE PHONES.

18   THEY FLEW PEOPLE FROM THE UNITED STATES TO

19   BARCELONA AND GAVE AWAY 5,000 OF THE PHONES.

20             THE COURT:  ALL RIGHT.  WELL, LET'S -- I

21   WILL CONSIDER THIS FURTHER, BUT I'M STILL INCLINED

22   TO GRANT VERY LIMITED DISCOVERY TO BE PRODUCED

23   WITHIN 30 DAYS, A SAMPLE OF THE PRODUCTS THAT HAVE

24   BEEN REQUESTED, THE PACKAGE OR THE BOX -- AND I

25   JUST MEAN CURRENT ITERATIONS.  I DON'T THINK YOU

1    NEED EVERY ITERATION SINCE THE BEGINNING, JUST

2    CURRENT -- THE PACKAGE INSERT, AND I STILL DON'T

3    KNOW WHAT YOU MEAN BY MARKETING DIRECTIONS TO AD

4    AGENCIES.

5              WHAT DO YOU EXPECT TO FIND THERE?  THAT

6    THEY'RE GOING TO SAY -- WHAT DO YOU EXPECT TO FIND

7    THERE?

8              MR. MCELHINNY:  I EXPECT TO FIND ADS THAT

9    MIMIC THE APPLE ADS.  THAT'S WHAT I EXPECT TO FIND,

10   THAT THE PRESENTATION MIMICS THE WAY THAT APPLE HAS

11   BEEN PRESENTING ITS PRODUCTS.  THAT'S WHAT I EXPECT

12   TO FIND.

13             THE COURT:  AND WHAT DOES THAT GO TO?

14   THE TRADE DRESS?

15             MR. MCELHINNY:  IT GOES TO -- THANK YOU

16   FOR THAT.

17             WITH MY STAFF -- WITH MY HELPERS HERE, I

18   WAS POINTED OUT THAT IN THE NINTH CIRCUIT, YOUR

19   HONOR, IN AMF INC. VERSUS SLEEKCRAFT, WHICH IS ONE

20   OF THE KEY CASES, LISTS THE EIGHT ELEMENTS THAT GO

21   TO CONFUSION, AND NUMBER SEVEN IS DEFENDANT'S

22   INTENT IN SELECTING THE MARK.

23             WE INTEND TO PROVE TO YOUR HONOR -- I

24   MEAN, MR. VERHOEVEN IS FREE TO ARGUE TO YOUR HONOR,

25   HE'S FREE TO ARGUE TO THE WORLD THAT APPLE'S MARKS

1    ARE NOT DISTINCT, AND WE'LL WORRY ABOUT WHETHER OR

2    NOT HE WILL SUCCEED ON THAT.

3             BUT WE INTEND TO DEMONSTRATE TO YOUR

4    HONOR THAT UNLIKE EVERY -- UNLIKE THE PHONE

5    MANUFACTURERS AND TABLET MANUFACTURERS WHO ARE

6    COMPETING FAIRLY, SAMSUNG IS INTENTIONALLY

7    ATTEMPTING TO MIMIC AND COPY APPLE IN ORDER TO, A,

8    TAKE ADVANTAGE OF OUR MARKET POSITION; AND, B, IN

9    ORDER TO DILUTE OUR TRADEMARK.

10            THE COURT:  LET ME ASK -- LET ME ASK,

11   MR. VERHOEVEN, IS THERE -- I GUESS ARE THERE -- I

12   DON'T KNOW WHAT WOULD BE THE TERM FOR MARKETING

13   MATERIAL FOR A SMART PHONE.

14            MR. MCELHINNY:  MAY I PROPOSE THAT --

15            THE COURT:  WHAT WOULD THAT BE CALLED?

16            MR. MCELHINNY:  MAY I PROPOSE TO YOUR

17   HONOR THAT WHAT I WOULD LIKE TO DO IS GET -- I CAN

18   GET YOU BETTER LANGUAGE FROM SOMEONE WHO'S ACTUALLY

19   INVOLVED IN THIS MARKETING AND I CAN FAX IT TO YOU

20   AND TO MR. VERHOEVEN LATER THIS AFTERNOON.

21            OR -- I'LL TELL YOU THIS.  IF YOUR

22   HONOR -- EVEN IF YOU PUT YOUR -- I MEAN, IF YOU

23   JUST SAY MARKETING MATERIALS THAT DEMONSTRATE THE

24   NATURE OF THE MARKETING --

25            THE COURT:  THAT'S TOO BROAD.  THAT'S TOO

1    VAGUE.  I WON'T ADOPT THAT.

2              I MEAN, NORMALLY MR. VERHOEVEN WOULD HAVE

3    90 TO 120 DAYS TO GET ALL THIS ORGANIZED.  YOU'RE

4    ASKING HIM TO DO IT IN 30.  IT'S GOT TO BE

5    REASONABLE.

6              MR. MCELHINNY:  WHAT I WANT -- WHAT I

7    WANT IS THE PACKAGE OF MATERIALS THAT IS PREPARED

8    THAT IS UNIQUE TO THIS PRODUCT, WHICH IS ALREADY --

9    THEY WOULD HAVE IT TOGETHER IN ONE PLACE, THEY DO

10   HAVE IT TOGETHER IN ONE PLACE, THAT DESCRIBES HOW

11   THE PRODUCT IS TO BE MARKETED.

12             THE COURT:  PACKAGE OF MATERIALS UNIQUE

13   TO PRODUCT THAT DESCRIBES HOW PRODUCT IS TO BE

14   MARKETED?  THAT JUST SOUNDS TOO BROAD TO ME.

15             MR. VERHOEVEN:  I DON'T HAVE ANY IDEA

16   WHAT THAT MEANS.

17             THE COURT:  I REALLY DON'T EITHER.

18             MR. VERHOEVEN:  YOUR HONOR --

19             THE COURT:  ANYWAY, I'M REALLY SORRY, I

20   HAVE TWO OTHER CASES THAT HAVE BEEN PATIENTLY

21   WAITING.

22             MR. MCELHINNY:  I KNOW.

23             THE COURT:  WE NEED TO MOVE ON WITH THIS.

24             MR. VERHOEVEN:  YOUR HONOR, MAY I SAY ONE

25   THING VERY BRIEFLY?

33

1          THE COURT:  YES.

2          MR. VERHOEVEN:  IF WE'RE GOING TO HAVE

3     EXPEDITED DISCOVERY FOR THE EXPRESS PURPOSE OF THEM

4     FILING A MOTION FOR PRELIMINARY INJUNCTION, WHICH

5     WE OPPOSE, YOUR HONOR, BUT IF THAT'S WHAT'S GOING

6     TO HAPPEN, IN ALL FAIRNESS, SHOULDN'T THAT

7     DISCOVERY BE RECIPROCAL?

8          AND I WOULD REQUEST -- I DON'T KNOW

9     WHETHER WE WOULD GO TO THE MAGISTRATE BECAUSE I

10    KNOW THE MAGISTRATE'S BEEN ASSIGNED, BUT THERE ARE

11    THINGS THAT WE FAIRLY SHOULD BE ENTITLED TO GET,

12    THROUGH DISCOVERY, TO OPPOSE A PRELIMINARY

13    INJUNCTION, SUCH AS ANY EVIDENCE THEY HAVE OF ANY

14    CONFUSION, OR LACK OF CONFUSION, BETWEEN THESE

15    PRODUCTS AND APPLE PRODUCTS; ANY DOCUMENTS

16    CONCERNING GOOD WILL; LOSS OF GOOD WILL; MARKET

17    SHARE; REPUTATION TO APPLE THROUGH THE INTRODUCTION

18    OF THESE.

19          IF THEY'VE DONE RESEARCH SURVEYS OR

20    STUDIES RELATING TO LIKELIHOOD OF CONFUSION, WE

21    WOULD BE ENTITLED TO THOSE IF WE WERE TO FAIRLY

22    OPPOSE A PRELIMINARY INJUNCTION MOTION.

23          THE COURT:  WHAT'S YOUR RESPONSE TO THAT?

24          MR. MCELHINNY:  MY RESPONSE TO THAT, YOUR

25    HONOR, IS THAT THE RULES SET OUT THE BASIS FOR

1      THIS.

2            THERE'S BEEN NO REQUEST -- I MEAN, WE

3      FILED THREE BRIEFS HERE.  THERE'S BEEN NO REQUEST.

4            THE WAY DISCOVERY STARTS IN THIS

5      DISTRICT, WHICH IS A MEET AND CONFER ABOUT WHAT

6      THEY REASONABLY NEED, IF THEY'RE GOING TO NEED IT

7      TO OPPOSE AN INJUNCTION AND IF IT'S REASONABLE AND

8      IF YOUR HONOR IS GOING TO GIVE IT TO THEM, WE'LL

9      RESOLVE THAT.

10            I HAVE SAID NOW TWICE THAT WE'RE WILLING

11      TO LIVE BY THE RULES THAT YOU SET FOR US, BECAUSE

12      WE WANT AN INJUNCTION HERE AND WE'RE NOT GOING TO

13      GET AN INJUNCTION HERE IF WE'RE NOT RECIPROCAL IN

14      DISCOVERY.  I UNDERSTAND THAT.

15            THE COURT:  OKAY.  SO I'M HEARING THAT

16      YOU ARE WILLING, THEN, TO AGREE TO SOME EXPEDITED

17      PRODUCTION OF YOUR OWN.

18            MR. MCELHINNY:  YES.  THE ANSWER TO THAT

19      IS YES, AS YOUR HONOR STATES IT.

20            CAN I SUGGEST, ON THE DEPOSITION ISSUE --

21            THE COURT:  YES.

22            MR. MCELHINNY:  -- THAT WE WILL ACCEPT

23      THEIR GOOD FAITH IF THEY GIVE US A PERSON THAT

24      THEY'RE GOING TO CERTIFY AS, YOU KNOW,

25      KNOWLEDGEABLE ON THESE AREAS, WE WILL TAKE IT AS A

1    PERSONAL DEPOSITION.  WE WILL NOT REQUIRE THEM TO

2    PRODUCE A 30 -- A 30(B)(6) AND A SEARCH --

3              THE COURT:  I WON'T GIVE YOU A 30(B)(6).

4    THAT'S NOT FAIR TO MAKE THEM GO THROUGH THE WHOLE

5    COMPANY ON THIS EXPEDITED --

6              MR. MCELHINNY:  I UNDERSTAND THAT.

7    THAT'S WHAT I'M SAYING.  I'M AGREEING WITH YOUR

8    HONOR.  THAT'S --

9              MR. VERHOEVEN:  YOUR HONOR, THERE IS

10   ABSOLUTELY NO REASON, IF THIS IS ALL ABOUT DESIGN,

11   ORNAMENTAL PATENT, DESIGN PATENTS AND TRADE DRESS

12   THAT THEY NEED TO TALK TO SOMEBODY ABOUT IT.

13             IF THEY HAVE THE PRODUCTS, THEY CAN LOOK

14   AT WHAT THE PRODUCTS LOOK LIKE.  THEY DON'T NEED A

15   DEPOSITION IN ORDER TO MAKE THEIR ASSESSMENT,

16   NUMBER ONE.

17             AND NUMBER TWO, THERE IS NO SINGLE PERSON

18   IN THIS GIANT ORGANIZATION WITH ALL OF THESE

19   PHONES.  IF YOU TAKE -- I DON'T KNOW IF I GOT THIS

20   ACROSS AS CLEARLY AS I SHOULD HAVE, BUT IF YOU TAKE

21   A LOOK AT THE PRODUCTS THEY'RE ASKING FOR, THAT'S

22   NOT -- THOSE PRODUCTS ARE DIFFERENT FOR DIFFERENT

23   CARRIERS BECAUSE IT'S A VERY COMPLEX PRODUCT, AND

24   YOU -- IF YOU LOOKED AT MY SLIDE, FOR EXAMPLE, ON

25   SLIDE -- I'LL BE VERY BRIEF, YOUR HONOR, SLIDE 2,

1    YOU'LL SEE THAT THE -- THAT YOU CAN SEE -- YOU CAN

2    TELL JUST BY LOOKING AT IT THAT THE GALAXY S IS

3    DIFFERENT FOR EACH DIFFERENT CARRIER.

4            SO IT'S VERY COMPLICATED IF YOU START

5    GETTING BEYOND WHAT YOU'VE JUST LIMITED IT TO, YOUR

6    HONOR, AND IT WILL -- IT WOULDN'T DO ANYBODY ANY

7    GOOD TO HAVE A CONFUSED, SCATTERSHOT DEPOSITION ON

8    SUCH AN EXPEDITED FASHION WHEN THEY'VE WAITED FOR

9    OVER A YEAR TO EVEN FILE THIS CASE SINCE THE

10   GALAXY S WAS OUT, YOUR HONOR.

11           WHY CAN'T THEY JUST DO DISCOVERY IN THE

12   NORMAL COURSE AND GET THAT INFORMATION, YOUR HONOR?

13           IF THEY GET THE PRODUCT AND THEY SAY,

14   "OKAY, WE CAN SEE THIS PRODUCT IS THE SAME, WE

15   THINK WE CAN FILE A MOTION FOR PRELIMINARY

16   INJUNCTION," THEN FILE IT.

17           BUT THEY DON'T NEED TO HAVE EXTENSIVE

18   DEPOSITION DISCOVERY.

19           THE COURT:  WHAT DO YOU NEED A DEPOSITION

20   FOR?  IF THIS IS REALLY ORDINARY, THE ORDINARY

21   OBSERVER TEST, LOOK AND FEEL, WHY DO YOU NEED A

22   DEPOSITION?  IT'S EITHER GOING TO LOOK LIKE IT OR

23   IT'S NOT, RIGHT?

24           MR. MCELHINNY:  WE NEED IT --

25           THE COURT:  WHY?  FOR INTENT?

1          MR. MCELHINNY:  IT'S PARTIALLY FOR

2     INTENT.

3          ALSO, YOUR HONOR SAW IN THE BRIEF THE

4     SEMANTIC POSITION TAKEN ABOUT WHETHER DESIGNS WERE

5     FINAL, AND YOUR HONOR CLEARLY REACTED TO THAT AND

6     THAT'S WHY YOU ORDERED THE CURRENT PRODUCT.

7          BUT UNLESS WE HAVE SOMEBODY WHO SAYS THIS

8     IS WHAT'S GOING TO THE MARKET, THEN WE RUN THE RISK

9     THAT WE'RE DOING SOMETHING AND WHEN WE GET IN FRONT

10    OF YOUR HONOR, IT TURNS OUT THAT IT'S NOT AND WE'VE

11    WASTED YOUR HONOR'S TIME AND OUR TIME AND ALL THE

12    REST OF THIS.

13         THE COURT:  I'M SAYING PRODUCE THE LATEST

14    ITERATION, CURRENT VERSION.  I'M ASSUMING -- HE'S

15    AN OFFICER OF THE COURT.  IF HE PRODUCES SOMETHING

16    THAT HE SAYS IS THE LATEST ITERATION, CURRENT

17    VERSION, I'M ASSUMING THAT'S THE CASE.

18         WHY DO YOU NEED A WITNESS TO TESTIFY THAT

19    THAT IS THE LATEST VERSION?

20         MR. MCELHINNY:  WELL, IF YOUR HONOR IS --

21    IF YOUR HONOR -- IF YOUR HONOR IS GOING TO TAKE A

22    SUBMISSION IN RESPONSE TO YOUR ORDER AS AN

23    EVIDENTIARY ADMISSION, THEN I DON'T NEED SOMEBODY

24    TO SAY THAT IT'S FINAL.

25         BUT THAT'S NOT WHAT HAPPENED IN THESE

                                                        38

1    PAPERS.  BUT THAT'S -- THE POINT IS THAT --

2            THE COURT:  WELL, I THINK THEY'RE GOING

3    TO SAY IT'S NOT THE FINAL BECAUSE SOME OF THE DATES

4    ARE NOT COMING FOR SOME TIME.

5            SO -- ANYWAY, IF THE BEST YOU CAN GIVE ME

6    FOR WHY YOU NEED AN INDIVIDUAL DEPOSITION IS TO SAY

7    THAT THESE ARE THE FINAL PRODUCTS, THEN IT'S DENIED

8    UNLESS YOU CAN GIVE ME SOMETHING ELSE WHY YOU NEED

9    A PERSON AND WHY YOU CAN'T JUST LOOK AT IT FROM THE

10   SAMPLE OF THE BOX --

11           MR. MCELHINNY:  I'M SORRY.  WE WANT TO

12   KNOW IF THEY ATTEMPTED TO DESIGN AROUND OUR DESIGN;

13   WE WANT TO KNOW WHETHER OR NOT THEY PAID ANY

14   ATTENTION AT ALL TO THE TRADEMARK LAWS; IF THEY

15   LOOKED AT OUR DESIGNS; IF THEY TOOK THEM INTO

16   CONSIDERATION; IF THEY ARE MAKING ANY ATTEMPT AT

17   ALL TO COMPLY WITH THE LAWS IN THIS COUNTRY.

18           AND THAT IS COMPLETELY RELEVANT EVIDENCE

19   AS TO WHAT'S GOING ON WITH THE ATTEMPT TO USE OUR

20   TRADEMARKS.

21           MR. VERHOEVEN:  YOUR HONOR, I DON'T KNOW

22   HOW TO BEGIN TO EVEN THINK ABOUT WHO WE'RE GOING TO

23   PUT UP TO SAY, "DID YOU COMPLY WITH THE LAWS OF

24   THIS COUNTRY?"  I MEAN, THAT'S COMPLETELY VAGUE.

25           THEY'VE GOT -- IF YOUR HONOR GIVES THEM

1    THE PRODUCT, THEY'VE GOT THE PRODUCT.

2            THEIR ONLY CLAIM ON THIS MOTION THAT I'VE

3    READ IS ORNAMENTAL DESIGN PATENTS AND TRADE DRESS.

4            THAT'S WHAT IT LOOKS LIKE.  IT'S NOT HOW

5    IT FUNCTIONS.  IT'S WHAT IT LOOKS LIKE.

6            AND SO THERE'S NO REASON FOR THEM TO NEED

7    TO GO UNDER THE GUTS OF THIS AND START TALKING TO

8    TECHNICAL PEOPLE ON AN EXPEDITED BASIS WITH VERY

9    COMPLICATED PRODUCTS.

10           AND LET'S NOT FORGET, THESE ARE MOST

11   LIKELY GOING TO BE FOLKS THAT RESIDE IN KOREA THAT

12   PROBABLY WILL NEED TO HAVE TRANSLATORS, AND IF

13   THEY'RE ASKING TO HAVE THEM SHIPPED UP IN FIVE DAYS

14   TO THE UNITED STATES SO THEY CAN DEPOSE THEM, IT'S

15   RIDICULOUS.

16           MR. MCELHINNY:  JUST IN TERMS OF OUR GOOD

17   FAITH TO NARROW THIS, YOUR HONOR, THIS IS WHY --

18   THIS IS EXACTLY HOW WE ENDED UP AT A 30(B)(6),

19   BECAUSE IF YOU WALK AWAY FROM A 30(B)(6), THEN YOU

20   GET THE ARGUMENT THAT THERE IS NO INDIVIDUAL AND

21   THE ONE THAT YOU TRIED TO PICK IS THE WRONG ONE, ET

22   CETERA, ET CETERA.

23           BUT JUST TO GO BACK TO THE EVIDENCE

24   THAT'S BEFORE YOU, THERE IS EVIDENCE IN THIS RECORD

25   THAT SAMSUNG ENGAGED IN AN EXPLICIT REDESIGN OF A

1     PRODUCT AS A RESULT OF THE RELEASE OF THE IPAD 2.

2                 THAT EVIDENCE OF WHAT THEY DID,

3     PARTICULARLY IF IT SHOWS THAT THEY MADE CHANGES IN

4     ORDER TO GET CLOSER TO THE TRADEMARK OF THE IPAD 2,

5     IS DIRECT EVIDENCE OF INTENT.

6                 THE COURT:  SO THEN WHY DO YOU NEED MORE

7     EVIDENCE OF COPYING AND INTENT?  IF YOU ALREADY

8     HAVE IT, THEN WHY DO YOU NEED AN INDIVIDUAL

9     DEPOSITION TO GET MORE EVIDENCE OF INTENT TO COPY?

10                MR. MCELHINNY:  BECAUSE THEY HAVE ARGUED

11    IN THEIR PAPERS THAT WHAT -- THAT THE CHANGES WENT

12    TO PRICE, THEY WENT TO THINNESS, THAT THEY DID NOT

13    GO TO GRAPHICAL USER INTERFACES.

14                THEY ARE NOT ADMITTING THAT THEY COPIED

15    OUR TRADEMARKS.

16                THE COURT:  AND DO YOU THINK ANY

17    INDIVIDUAL THAT THEY HAVE PREPPED FOR DEPOSITION IS

18    GOING TO ADMIT THAT?

19                MR. MCELHINNY:  I BELIEVE IF WE GET THE

20    DOCUMENTS --

21                THE COURT:  I MEAN, COME ON.  HE'S GOING

22    TO PREP THEM NOT TO ADMIT THAT.

23                MR. MCELHINNY:  YOUR HONOR, THERE'S A

24    COUPLE OF THINGS THAT'LL HAPPEN.

25                ONE, IF WE GET THE DOCUMENTS, WE'LL HAVE

1    THE QUESTIONS TO ASK, AND IN ANY EVENT, WE'LL BE

2    ABLE TO ASK THE QUESTIONS.

3           AND IF HE DENIES IT UNDER OATH AND THEN

4    IN THE NORMAL COURSE WE GET THE DOCUMENTS, THEN

5    THERE WILL BE REPERCUSSIONS FROM YOUR HONOR AND

6    THAT'S A PERFECTLY LEGITIMATE -- I MEAN, HE'S GOING

7    TO HAVE TO SAY SOMETHING, AND WHAT HE SAYS UNDER

8    OATH IS GOING TO BE VERY VALUABLE AND I ASSUME HE

9    WILL TELL THE TRUTH UNDER OATH.

10          THE COURT:  LET ME GO TO A COUPLE OTHER

11   QUESTIONS.

12          FIRST OF ALL, I GRANTED SAMSUNG'S MOTION

13   TO FILE UNDER SEAL, BUT IT DOESN'T LOOK LIKE YOU'VE

14   ACTUALLY FILED THE DOCUMENTS UNDER SEAL OR FILED

15   THE REDACTED VERSION OF YOUR OPPOSITION BRIEF.  ARE

16   YOU PLANNING TO DO THAT?

17          MR. OLSON:  WE'LL DO THAT THIS AFTERNOON,

18   YOUR HONOR.

19          THE COURT:  ALL RIGHT.  THANK YOU.

20          THE MOTION FOR RELATED CASE WAS FILED TWO

21   WEEKS AFTER THE COMPLAINT WAS FILED.

22          NOW, I KNOW YOU ASKED FOR A STIPULATION

23   FROM THE OTHER SIDE, I GUESS FROM WILMER, HALE ON

24   MAY 6TH, BUT WHY WAS THERE THE DELAY?  DID YOU

25   INITIALLY NOT THINK THESE CASES WERE RELATED?  OR

1    WHY WAS IT FILED TWO WEEKS LATER?  BECAUSE NORMALLY

2    YOU FILE A MOTION OF RELATED CASE WHEN YOU FILE THE

3    COMPLAINT.

4            MS. MAREULIS:  YOUR HONOR, WHEN WE FILED

5    THE COMPLAINT ON APRIL 27TH, WE CHECKED THE BOX ON

6    THE CIVIL COVER SHEET THAT THE CASES WERE RELATED,

7    AND AS SOON AS WE COULD, WHICH WAS SEVERAL DAYS

8    LATER, MAY 6TH, WE APPROACHED -- ACTUALLY, WE FIRST

9    APPROACHED COUNSEL IN THIS CASE, AND THEN WE WERE

10   INFORMED THAT A DIFFERENT COUNSEL WAS GOING TO BE

11   REPRESENTING APPLE IN THAT CASE AND WE APPROACHED

12   THEM.

13           SO I DON'T HAVE MY E-MAIL IN FRONT OF ME,

14   BUT THE EARLIER E-MAIL WAS BEFORE MAY 6TH.

15           THE COURT:  I SEE.  WHAT ABOUT THE

16   PROTECTIVE ORDER?

17           AT THIS POINT, I HAVEN'T MADE A FINAL

18   DECISION, BUT I'M INCLINED TO ORDER THE LATEST

19   ITERATION, CURRENT VERSION OF A SAMPLE OF THE

20   PACKAGE WITH THE BOX AND THE PACKAGE INSERT.

21           I'M NOT CONVINCED ON THE INDIVIDUAL

22   DEPOSITION.  I WOULD DENY A 30(B)(6) DEPOSITION.

23           AND WHAT I'M HEARING ON THE MARKETING IS

24   STILL TOO VAGUE.

25           SO THAT'S WHERE I WOULD TENTATIVE LY

1    RULE, BUT I'D LIKE TO THINK ABOUT THIS A LITTLE BIT

2    FURTHER.

3              WHAT'S GOING TO HAPPEN WITH THE

4    PROTECTIVE ORDER?  ARE YOU SATISFIED WITH LOCAL

5    RULE 2-2, THE INTERIM PROTECTIVE ORDER?  BECAUSE I

6    WANT MAXIMUM PROTECTION, BUT I DO REALIZE HOW

7    SIGNIFICANT THIS IS TO SAMSUNG.

8              IF YOU DON'T WANT ANY IN-HOUSE COUNSEL AT

9    ALL TO REVIEW THIS, I THINK THAT WOULD BE HIGHLY

10   APPROPRIATE.

11             I MEAN, YOU'RE NOT GOING TO FIGHT ON

12   THAT, ARE YOU?  THIS IS THE CROWN JEWEL.

13             ARE YOU GOING TO -- I JUST WANT TO FIGURE

14   OUT WHAT THE PROTECTIVE ORDER IS GOING TO BE.

15             MR. MCELHINNY:  WE'RE WILLING TO -- I'M

16   SORRY.  WE'RE WILLING TO ACCEPT THE LOCAL RULE

17   DEFAULT.

18             THE COURT:  WELL, THE LOCAL RULE DEFAULT

19   KIND OF LEAVES IT UP TO YOU AS TO, YOU KNOW, THE

20   PROSECUTION BAR, AND LEAVES IT UP TO YOU AS TO

21   WHETHER IN-HOUSE COUNSEL GETS TO SEE IT OR NOT.

22             AND SINCE THIS IS NOT TYPICAL, I WOULD

23   AGREE WITH WHATEVER SAMSUNG WANTED ON PREVENTING

24   ALL IN-HOUSE COUNSEL AT APPLE FROM REVIEWING THIS.

25   THERE'S NO REASON THAT THEY SHOULD SEE THIS.

```
 1              AND IF YOU WANTED A VERY TIGHT

 2    PROSECUTION BAR, I THINK THAT'S COMPLETELY

 3    REASONABLE.

 4              I MEAN, WHAT YOU'RE ASKING FOR IS NOT THE

 5    TYPICAL DISCOVERY TIMING OR --

 6              MR. MCELHINNY:  I --

 7              THE COURT:  -- REQUEST.

 8              MR. VERHOEVEN:  WE ABSOLUTELY WOULD

 9    REQUEST THAT.

10              MR. MCELHINNY:  THE ONLY HESITANCE I HAD

11    WAS I JUST DON'T THINK IT SHOULD APPLY TO, TO

12    PEOPLE -- TO THINGS THAT THEY'VE ALREADY RELEASED

13    TO THE PUBLIC.  THAT'S THE ONLY -- IF IT HASN'T

14    BEEN RELEASED, THEN OF COURSE.

15              BUT IF IT'S BEEN RELEASED TO THE PUBLIC,

16    THEN I JUST DON'T UNDERSTAND THE NEED FOR THAT.

17              BUT --

18              MR. VERHOEVEN:  YOUR HONOR, MY

19    UNDERSTANDING IS THEY'RE ASKING -- THEY'VE GOT ALL

20    THESE PRODUCTS THAT THEY SAY ARE PUBLIC.  THEY'RE

21    NOT MOVING FOR A P.I. ON THOSE.

22              WHAT I'M UNDERSTANDING IS THEY'RE ASKING

23    FOR OUR, OUR NON-RELEASED PRODUCTS IN THE FUTURE.

24    OBVIOUSLY THEY'RE NOT RELEASED.

25              SO WHAT -- UNTIL THEY ARE, THEN OBVIOUSLY
```

1    THAT WOULD NEED TO BE HIGHLY PROTECTED.

2         MR. MCELHINNY:  TO BE CLEAR, I'M AGREEING

3    WITH YOUR HONOR.  ANYTHING THAT HAS NOT BEEN

4    RELEASED I THINK SHOULD BE PROTECTED AT THE HIGHEST

5    LEVEL.  I HAVE NO PROBLEM WITH THAT.

6         THE COURT:  AND IT'S GOING TO BE OUTSIDE

7    COUNSEL EYES ONLY.

8         MR. MCELHINNY:  YES, YOUR HONOR.  I AGREE

9    WITH THAT.

10        THE COURT:  YEAH.

11        MR. MCELHINNY:  BUT WHAT I'M SAYING IS

12   YOU HAVE -- WHILE HE TOLD YOU THINGS WERE NOT

13   RELEASED, THE FACT IS THAT THEY ARE, IN FACT,

14   RELEASING SOME PRODUCTS, AND FOR THOSE I JUST DON'T

15   THINK THAT THOSE ARE IN THE SAME LEAGUE.

16        THE QUESTION IS WHETHER IT'S BEEN

17   RELEASED OR NOT, AND I'LL TAKE THEIR WORD FOR IT

18   WHETHER IT HAS BEEN OR NOT.

19        THE COURT:  WELL, IF YOU KNOW THAT IT'S

20   BEEN RELEASED AND YOU'VE GOT IT, WHY CAN'T THAT BE

21   WHAT YOUR IN-HOUSE COUNSEL LOOKS AT?  WHY DO YOU

22   HAVE TO SHOW THEM ANYTHING THAT SAMSUNG PRODUCES

23   PURSUANT TO YOUR EXPEDITED DISCOVERY REQUEST?  IF

24   YOU'VE GOT IT, THEN YOU'VE GOT IT.

25        MR. MCELHINNY:  BECAUSE YOUR HONOR'S

1    ORDER, AT LEAST YOUR TENTATIVE ORDER, WHICH IS VERY

2    HELPFUL, GOES TO THE CURRENT, FINAL, MOST CURRENT

3    ITERATION OF THE PRODUCT, AND I DON'T WANT TO HAVE

4    TO LITIGATE THAT WHAT THEY'VE RELEASED IN

5    SAN FRANCISCO LAST WEEK WAS AN EARLIER VERSION.

6             MR. VERHOEVEN:  THIS IS EXACTLY WHY IT

7    MAKES NO SENSE TO ORDER THIS DISCOVERY, BECAUSE

8    THESE PRODUCTS AREN'T FINAL, YOUR HONOR, AND THEY

9    MAY CHANGE.

10            SO WE'RE GOING THROUGH THIS ENTIRE

11   EXERCISE ON SOMETHING THAT'S NOT FINAL.  THEY'RE

12   FUTURE PRODUCTS.

13            THEY'VE GOT THE FINAL PRODUCTS AND

14   THEY'VE DECIDED THEY'RE NOT MOVING FOR A P.I. ON

15   THOSE, APPARENTLY, BECAUSE THEY WAITED TOO LONG.

16            THE COURT:  I STILL DON'T UNDERSTAND.

17   YOU'RE SAYING YOU MIGHT BE ABLE TO GET YOUR HANDS

18   ON WHAT YOU THINK WAS RELEASED AT A GOOGLE

19   CONFERENCE IN SAN FRANCISCO.

20            IF YOU HAVE THAT, THEN OBVIOUSLY THAT

21   WASN'T PRODUCED BY SAMSUNG DIRECTLY TO YOU PURSUANT

22   TO THE EXPEDITED DISCOVERY ORDER AND YOU CAN SHOW

23   THAT TO IN-HOUSE COUNSEL.

24            BUT I DON'T SEE WHY --

25            MR. MCELHINNY:  I SEE.

47

1          THE COURT:  -- YOU WOULD NEED TO SHOW

2     WHATEVER --

3          MR. MCELHINNY:  I AGREE.

4          THE COURT:  -- WAS PRODUCED TO YOUR

5     IN-HOUSE COUNSEL.

6          MR. MCELHINNY:  I AGREE.

7          THE COURT:  IF YOU'VE ALREADY GOT IT,

8     YOU'VE GOT IT, RIGHT?

9          MR. MCELHINNY:  I AGREE WITH YOUR HONOR.

10         I MISUNDERSTOOD.  I AGREE WITH YOUR

11    HONOR.

12         THE COURT:  ALL RIGHT.  OKAY.  WELL,

13    THAT'S STILL MY -- YOU KNOW, I -- THIS IS WHAT I'M

14    GOING TO DO:  I'M GOING TO GO AHEAD AND I THINK --

15    I DON'T WANT TO BE OVERWHELMED WITH PAPER, SO I

16    THINK WE NEED TO SET A FURTHER CMC OR SOMETHING,

17    BECAUSE OTHERWISE I THINK A LOT OF INTERIM MOTIONS

18    WILL PROBABLY BE FILED.

19         SO AT THIS POINT I WOULD GO AHEAD AND

20    ORDER THAT ONE SAMPLE, THE PACKAGE AND THE PACKAGE

21    INSERT, BE PRODUCED WITHIN 30 DAYS PURSUANT TO THE

22    PATENT LOCAL RULE 2-2'S INTERIM MODEL PROTECTIVE

23    ORDER, WITH NO IN-HOUSE COUNSEL REVIEW AT ALL AND

24    THE PATENT PROSECUTION BAR AS STRICT AS SAMSUNG

25    WANTS; NO INDIVIDUAL DEPOSITION OR 30(B)(6); AND NO

1    MARKETING MATERIALS.

2              NOW, IF SOMETHING CHANGES, I GUESS YOU

3    COULD COME BACK AND ASK.

4              AT THIS POINT, I DON'T THINK THAT

5    SAMSUNG'S REQUEST FOR MUTUAL DISCOVERY IS RIPE, BUT

6    YOU CAN PURSUE THAT FOR SOME TYPE OF RECIPROCAL

7    DISCOVERY.

8              AND WHY DON'T WE SET A TIME, LIKE A

9    FURTHER CMC MAYBE -- OR I GUESS WE CAN JUST WAIT

10   AND SEE WHAT, IF ANYTHING, GETS FILED AND THEN

11   WE'LL SET IT THEN.  BUT I JUST ANTICIPATE THAT

12   THERE MAY BE ISSUES.

13             MR. MCELHINNY:  MAY I --

14             THE COURT:  OKAY?

15             MR. MCELHINNY:  MAY I INQUIRE, YOUR

16   HONOR?

17             THE COURT:  YES.

18             MR. MCELHINNY:  AGAIN, I'M IN THE SAME

19   MINDSET THAT I DON'T KNOW OF ANY OTHER ISSUES.

20             THE COURT:  YES.

21             MR. MCELHINNY:  BUT WE GOT AN ORDER

22   ASSIGNING DISCOVERY MATTERS IN THIS CASE TO

23   MAGISTRATE JUDGE GREWAL.

24             THE COURT:  WELL, SINCE I'VE ISSUED THIS

25   ORDER, IF THERE'S ANY FOLLOW-UP REGARDING THIS

1    ORDER, IT SHOULD COME TO ME.

2              MR. MCELHINNY:  THANK YOU, YOUR HONOR.

3              THE COURT:  OKAY.  IS THERE ANYTHING

4    FURTHER?

5              MR. MCELHINNY:  NOTHING, YOUR HONOR.

6              THE COURT:  MR. VERHOEVEN?

7              MR. VERHOEVEN:  SO ON THE RECIPROCAL

8    ISSUE, I TAKE IT THEN THAT WE SHOULD DIRECT THAT TO

9    YOUR HONOR AS WELL IF WE --

10             THE COURT:  THAT'S FINE.

11             MR. VERHOEVEN:  IF WE MEET AND CONFER --

12   OBVIOUSLY WE'LL MEET AND CONFER, YOUR HONOR, AND IF

13   WE'RE UNABLE TO REACH IT, WE'LL -- IF IT APPEARS TO

14   US THAT THEY'RE PURSUING THE IDEA OF A PRELIMINARY

15   INJUNCTION, WE WOULD WANT THAT DISCOVERY AS PART --

16   PRIOR TO THE MOTION PRACTICE ON THAT.

17             SO WE MAY HAVE TO FILE SOMETHING ON AN

18   EXPEDITED SCHEDULE WITH YOUR HONOR IF WE CAN'T WORK

19   IT OUT.

20             THE COURT:  THAT'S FINE.  AND LET ME JUST

21   SAY TO COUNSEL FOR APPLE, I'M NOT GOING TO BE HAPPY

22   IF YOU'RE NOT GOING TO SAY WHAT'S GOOD FOR THE

23   GOOSE IS NOT GOOD FOR THE GANDER.  OKAY?

24             SO IF I'VE GRANTED YOU THIS EXPEDITED

25   DISCOVERY AND THEN YOU END UP BEING EXTREMELY

1    UNREASONABLE ON THE RECIPROCAL DISCOVERY THAT'S

2    REASONABLY REQUESTED, I'M NOT GOING TO BE VERY

3    HAPPY WITH THAT.

4             SO I'M HOPING THAT THERE WILL BE NO NEED

5    FOR MOTION PRACTICE, THAT YOU MAY BE ABLE TO

6    STIPULATE TO SOMETHING.

7             MR. VERHOEVEN:  THANK YOU, YOUR HONOR.

8             THE COURT:  OKAY?  ALL RIGHT.  BUT THAT

9    SHOULD COME HERE.

10            THANK YOU.

11            MR. VERHOEVEN:  THANK YOU, YOUR HONOR.

12            MR. MCELHINNY:  THANK YOU, YOUR HONOR.

13            MR. OLSON:  YOUR HONOR, MAY I APPROACH

14   THE COURT REPORTER TO ASK FOR A TRANSCRIPT?

15            THE COURT:  OH, OKAY.

16            (WHEREUPON, THE PROCEEDINGS IN THIS

17   MATTER WERE CONCLUDED.)

18

19

20

21

22

23

24

25

1

2

3

4                      CERTIFICATE OF REPORTER

5

6

7

8           I, THE UNDERSIGNED OFFICIAL COURT

9    REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10   THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11   FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12   CERTIFY:

13           THAT THE FOREGOING TRANSCRIPT,

14   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16   SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18   TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22

23           /S/

24           _____
             LEE-ANNE SHORTRIDGE, CSR, CRR
             CERTIFICATE NUMBER 9595
25