1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLE INC., a California corporation, | ) | Case No.: 11-CV-01846-LHK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO |
| v. | ) | SHORTEN TIME |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD., A | ) | |
| Korean business entity; SAMSUNG | ) | |
| ELECTRONICS AMERICA, INC., a New York | ) | |
| corporation; SAMSUNG | ) | |
| TELECOMMUNICATIONS AMERICA, LLC, | ) | |
| a Delaware limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

On Friday, July 1, 2011, Plaintiff Apple, Inc. filed a Motion to Expedite Trial and Case

Management Conference ("Motion to Expedite"), and also filed a Motion to Shorten Time for

Briefing on Apple's Motion for Expedited Trial and Case Management Conference ("Motion to

Shorten Time").  In its Motion to Shorten Time, Apple requests that the Court hear the Motion to

Expedite on July 21, 2011.  In its Motion to Expedite, Apple requests that a Case Management

Conference also be held on July 21, 2011, and seeks a trial date in February 2012.   The Samsung

Defendants filed an opposition to the Motion to Shorten Time on July 5, 2011, and Apple filed a

reply on July 6, 2011.

Pursuant to the Civil Local Rules, a motion to shorten time must identify "the substantial

harm or prejudice that would occur" if the Court did not grant the time modification requested.

1

Civ. L.R. 6-3(a).  In its Motion to Shorten Time, Apple argues that expedited briefing and hearing is required because "each day that Samsung's products remain for sale is another day that Apple continues to suffer harm."  Mot. to Shorten Time at 1, ECF No. 84.  Apple contends that if the Motion to Expedite is heard on a normal briefing schedule, the schedule governing this action will remain uncertain for several additional weeks and that such delay would hamper the parties' ability to work toward an early trial date.  In its opposition brief, Samsung counters that a few weeks of uncertainty is unlikely to cause substantial harm or prejudice to a party as sophisticated as Apple. Samsung also points out that Apple delayed filing the Motion to Expedite until approximately two-and-a-half months after filing its Complaint.  Finally, Samsung argues that given the complex nature of this case, Samsung requires more, not less, time to prepare a response to Apple's Motion to Expedite.

The Court agrees that Apple has not established substantial harm or prejudice justifying a shortened briefing and hearing schedule for its Motion to Expedite.  The Court has already granted Apple expedited discovery, thereby providing Apple an opportunity to obtain preliminary relief in this action.  Moreover, Apple indicated at the May 12, 2011 hearing that it had been aware of its infringement claims for at least a year and engaged in negotiations with Samsung during that time. *See* Transcript of May 12, 2011 Proceedings before Judge Koh at 6:10-20, ECF No. 109 ("there have been extended efforts . . . to resolve this problem short of litigation. . . .  they've been going on for at least a year").  The Court agrees with Samsung that the length of time Apple has been aware of its claims and the long history of infringement alleged in the complaint undermine Apple's claims of urgency to some extent.  Furthermore, if the Court grants an expedited trial schedule, it is unlikely that a few weeks delay in setting that schedule or commencing formal discovery will have any serious impact on the sophisticated parties in this case.  A Case Management Conference is already scheduled for August 24, 2011, and the Court is not persuaded that issues of scheduling and case management must be addressed prior to that date.  Accordingly, Apple's Motion to Shorten Time is DENIED.  Apple's Motion to Expedite shall be briefed and heard as follows:

(1) Samsung's opposition brief is due July 15, 2011, pursuant to Civil Local Rule 7-3(a).

Case No.: 11-CV-01846-LHK
ORDER DENYING MOTION TO SHORTEN TIME

United States District Court
For the Northern District of California

(2) Apple's reply brief is due July 22, 2011, pursuant to Civil Local Rule 7-3(c).

(3) The Court will address the Motion to Expedite, as well as any other scheduling and case

management issues, at the Case Management Conference on August 24, 2011.  If oral

argument is unnecessary, the Court may issue an order prior to the Conference.

**IT IS SO ORDERED.**

Dated: July 12, 2011

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

Case No.: 11-CV-01846-LHK
ORDER DENYING MOTION TO SHORTEN TIME

United States District Court
For the Northern District of California