QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR EXPEDITED TRIAL ON ITS CLAIMS AND FOR EARLY CASE MANAGEMENT CONFERENCE**<br><br>**Date: August 24, 2011**<br>**Time: 2:00 pm**<br>**Place: Courtroom 4, 5th floor**<br>**Judge: Hon. Lucy H. Koh** |

<mark>
<mark>Case5:11-cv-01846-LHK   Document111   Filed07/15/11   Page2 of 20</mark>

</mark>
<mark/>

# TABLE OF CONTENTS

**Page**

I. Introduction ................................................................................................................. 1

II. Facts .............................................................................................................................. 2

III. Argument ..................................................................................................................... 4

    A.    Apple Has Not Shown the Requisite "Good Cause" to Modify the Default Schedule Prescribed by the Patent Local Rules. ........................................ 4

        1.    Apple Did Not Exercise Diligence in Moving to Amend the Default Schedule for This Case. ................................................................. 6

        2.    An Expedited Trial Schedule Will Severely Prejudice Samsung ................... 7

            (a)    An Expedited Schedule Would Not Provide Adequate Time to Prepare for Claim Construction. ....................................................... 8

            (b)    An Expedited Schedule Would Not Provide Adequate Time for Discovery. ................................................................................. 9

        3.    An Expedited Schedule Would Not Allow for Summary Judgment ............ 10

    B.    Apple Has Not Shown That It Will Suffer Prejudice If This Case Proceeds Under the Local Patent Rules. ............................................................................ 11

    C.    Patent and Trademark Cases in This District Are Not Routinely Set for Trial on an Expedited Basis. .......................................................................................... 13

    D.    Samsung's ITC Complaint Is Irrelevant to the Schedule in This Case. ................ 14

IV. Conclusion ................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page**

**Cases**

Bio-Technology Gen. Corp. v. Genentech, Inc.,
    80 F.3d 1553 (Fed. Cir. 1996) ...................................................................................................14

Delta Dental Plan v. Perry ,
    No. C 95-2462, 1996 U.S. Dist. LEXIS 2086 (N.D. Cal. Feb. 21, 1996) ..............................15

eBay Inc. v. MercExchange, L.L.C.,
    547 U.S. 388 (2006) ..............................................................................................................12

Edge Games, Inc. v. Elec. Arts, Inc.,
    745 F. Supp. 2d 1101 (N.D. Cal. 2010) .................................................................................12

Excelligence Learning Corp.v. Oriental Trading Co.,
    No. 5:03-cv-4947, 2004 U.S. Dist. LEXIS 28125 (N.D. Cal. June 14, 2004) .......................13

Integrated Circuit Sys., Inc. v. Realtek Semiconductor Co., Ltd.,
    308 F. Supp. 2d 1106 (N.D. Cal. 2004) ........................................................................4, 8, 15

Intel Corp. v. Altima Commc'ns, Inc.,
    275 F. Supp. 2d 1236 (E.D. Cal. 2003) ...................................................................................9

Kristar Enters, Inc. v. Revel Envtl. Marketing, Inc.,
    No. C 98-3094, 1998 U.S. Dist. LEXIS 19914 (N.D. Cal. Dec. 16, 1998) ...........................13

Novel ID v. Hyman Prods, Inc.,
    No. C 89-0329, 1989 U.S. Dist. LEXIS 12653 (C.D. Cal. Jan. 27, 1989) .............................14

Nuance Commc'ns, Inc. v. eCopy, Inc.,
    No. C 08-04227, 2009 WL 1559789 (N.D. Cal. June 1, 2009) ...............................................7

O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.,
    521 F.3d 1351 (Fed. Cir. 2008) ................................................................................................9

O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,
    467 F.3d 1355 (Fed. Cir. 2006) ................................................................................................4

Tele Atlas N.V. v. Navteq Corp.,
    No. C-05-01673 2008 WL 4809441(N.D. Cal. Oct. 28, 2008) ............................................5, 6

Winter v. Natural Res. Def. Council,
    555 U.S. 7 (2008) ..................................................................................................................12

Zivkovic v. So. Cal. Edison Co.,
    302 F.3d 1080 (9th Cir. 2002) ........................................................................................5, 6, 7

**Statutes**

Fed. R. Civ. P. 16 ............................................................................................................................8

**Local Rules**

Patent L.R. 1-2 ................................................................................................................................4, 8

Patent L.R. 1-3 ................................................................................................................................4, 9

Patent L.R. 3-1 ................................................................................................................................4, 5

Patent L.R. 3-3 ................................................................................................................................4, 5

Patent L.R. 4-1 .............................................................................................................................4, 5, 9

Patent L.R. 4-2 ................................................................................................................................4, 5

Patent L.R. 4-3 .............................................................................................................................4, 5, 9

Patent L.R. 4-4 ................................................................................................................................4, 5

Patent L.R. 4-5 ....................................................................................................................................5

Patent L.R. 4-6 ....................................................................................................................................4

I. **Introduction**

Apple chose to file its lawsuit in this, its "home court." It chose which claims it would assert against Samsung, including claims for patent, trademark, and trade dress infringement. In doing so, it has sought not only to enjoy the benefits of a local jury pool and the intellectual property expertise of the judges who preside here but also understood that this suit would be subject to –and indeed bound by—this Court's Patent Local Rules . Now, however, because Apple professes worry that Samsung might "beat" it to the finish line in a different, narrower case before a different tribunal, Apple regrets its choice of venue. By its present motion, Apple in essence claims to need the relief it seeks so urgently that it is entitled to an exemption from the Patent Local Rules, the average time to trial in this district, and considerations of fairness to its adversary so that it can have its claims – and only its claims – tried to a jury in an extraordinarily rushed fashion.

The Court should deny Apple's Motion for Expedited Trial on Its Claims and for Early Case Management Conference because Apple has not demonstrated good cause for a deviation from the schedule provided by the Local Patent Rules. (D.N. 83.) Apple was not diligent in seeking an expedited trial. Apple concedes that Samsung's allegedly infringing products have been on the market in the United States since July 2010, but it waited until April 2011 to sue and then waited another two months to seek an expedited case schedule. Nor has Apple proffered any evidence that it will suffer prejudice if the case proceeds under the Patent Local Rules. Instead, it offers only conclusory claims that its goodwill and market share are being damaged. Contrary to Apple's claims, there is no presumption that a patentee is being irreparably harmed, even if it succeeds in establishing infringement. And, as this Court observed in denying Apple's demands for expedited briefing, Apple has had every opportunity to seek a preliminary injunction on any claims where it believed that it could show entitlement to immediate relief. Apple, however, waited months before moving for a preliminary injunction and, when it belatedly did file, it chose *not* to rely on its trade dress and trademark claims or on the vast majority of its patent claims. Apple's own inaction and dilatory conduct show that it will not suffer irreparable harm

1  by having those claims adjudicated in the normal course.   Apple has demonstrated no need for an
2  expedited trial schedule.[1]

3  Although it has had almost a year to prepare its own claims, Apple nevertheless demands that Samsung be denied even a reasonable opportunity to defend itself.   There are 43 claims for relief pending in this action.   This includes, <u>inter alia</u>, claims of infringement of 20 utility patents, 7 design patents, 10 trademark/trade dress registrations, and 5 trademark applications.   Under the controlling Patent Local Rules of this district, were only the utility patent claims at issue, Samsung would have (at least) ***double*** the time that Apple proposes to prepare its case.   The presence of Apple's additional "soft" intellectual property claims only counsels for even more time – not less – to prepare for this massive case with potentially enormous consequences for all parties involved.

The accelerated trial schedule that Apple requests would thus prejudice Samsung's ability to prepare for claim construction proceedings, to conduct discovery, and to complete its investigation.   Even though there are over twenty utility patents at issue, Apple proposes nearly halving the time for the parties to prepare for claim construction.   Further, the pace of the parties' preparation will be hampered because many of the key witnesses live in Korea and speak only Korean, and many documents will require translation.   Apple's proposed schedule is so accelerated that it does not allow for summary judgment motions at all, thereby depriving the Court and the parties of the opportunity to narrow the case by eliminating unsupported claims.

## II.   **Facts**

Apple filed its initial complaint against Samsung on April 15, 2011, broadly asserting, <u>inter alia</u>, claims of infringement of seven utility patents, three design patents, ten trademark registrations, one trademark application, and various unregistered trade dress that it claimed were embodied in its iPhone, iPod and iPad products.   (D.N. 1.)   According to Apple, that was more than a year after Samsung announced the Galaxy S i9000 in South Korea, which Apple now

---

[1] Apple's suggestion that courts in this district routinely "set expedited trial dates, especially in intellectual property cases," is unfounded.   It cites no orders granting such a motion.   The fact that this Court has promulgated Patent Local Rules that provide for an orderly case schedule rebut Apple's assertion.

accuses of infringement. (D.N. 1 at ¶ 61; D.N. 75 at ¶¶ 81, 92.) It was also nine months after Samsung launched the first Galaxy S phone, the Vibrant (also a product Apple accuses of infringement), in the United States, and five months after Samsung launched the accused Galaxy Tab 7.0 here. (Tarango Decl. Exs. 1 and 2.) Also according to Apple, that was more than a month after Samsung released the Galaxy S 4G in the United States, which is one of the products Apple seeks to enjoin in its Motion for a Preliminary Injunction.[2] (D.N. 86 at 1.) However, Apple did not file a motion for a preliminary injunction at that time, nor a motion for an expedited trial or early case management conference, despite the fact that it did file a Motion to Expedite Discovery. (D.N. 10.)

Before Samsung could file its answer, on June 16, Apple amended its complaint to add (net) one more utility patent, four more design patents, and four more trade dress applications to its claims against Samsung. (D.N. 75.) The amended complaint also recharacterized the purported unregistered trade dress that Apple alleged Samsung was infringing. (Compare D.N. 1 at 8-13 to D.N. 75 at 9-21.) Apple did not file a motion for an expedited trial or early case management conference at this time, either. Samsung responded on June 30 with twelve counterclaims for patent infringement against various versions of Apple's iPhone, iPod Touch, and iPad products. (D.N. 80 at 45-59.) Only then, on July 1, with over twenty patent and numerous trademark and trade dress claims at issue, did Apple move not only for an Expedited Trial, but also to Shorten Time for Briefing on the motion.

On July 12, 2011, the Court issued an Order Denying Apple's Motion to Shorten Time and set a briefing schedule that denied that portion of Apple's Motion for an Expedited Trial requesting an expedited case management conference. (D.N. 110 at 2-3.) The Court held that, "Apple has not established substantial harm or prejudice justifying a shortened briefing and hearing schedule," because Apple has already had, "an opportunity to obtain preliminary relief in

---

[2] The design of the Galaxy S 4G is virtually identical to the Vibrant. The difference is that the Galaxy S 4G has a tiny front-facing camera, while the Vibrant does not. (Compare Tarango Decl. Exs. 3 and 4.)

-3- Case No. 11-cv-01846-LHK
SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR EXPEDITED TRIAL
ON ITS CLAIMS AND EARLY CASE MANAGEMENT CONFERENCE

1 this action," and "the length of time Apple has been aware of its claims [at least a year] and the
2 long history of infringement alleged in the complaint undermine Apple's claims of urgency to
3 some extent." (D.N. 110 at 2.)

4 III. **Argument**

5     A. <u>Apple Has Not Shown the Requisite "Good Cause" to Modify the Default Schedule Prescribed by the Patent Local Rules.</u>

7 In this district, and as Apple knew before filing its suit here, patent infringement cases are
8 subject to the Patent Local Rules. Patent L.R. 1-2. The Patent Local Rules set deadlines for the
9 significant pretrial dates, including the plaintiff's infringement contentions (Patent L.R. 3-1), the
10 defendants' invalidity contentions (Patent L.R. 3-3), the exchange of proposed terms for claim
11 construction (Patent L.R. 4-1), the exchange of preliminary claim constructions and extrinsic
12 evidence (Patent L.R. 4-2), the joint claim construction and prehearing statement (Patent L.R. 4-
13 3), completion of claim construction discovery (Patent L.R. 4-4), and the claim construction
14 hearing (Patent L.R. 4-6). "The purpose of the Patent Local Rules is to place the parties on an
15 orderly pretrial track which will produce a ruling on claim construction approximately a year after
16 the complaint is filed." <u>Integrated Circuit Sys., Inc. v. Realtek Semiconductor Co., Ltd.</u>,
17 308 F. Supp. 2d 1106, 1107 (N.D. Cal. 2004).

18 The Patent Local Rules "are essentially a series of case management orders." <u>O2 Micro
19 Int'l Ltd. v. Monolithic Power Sys., Inc.</u>, 467 F.3d 1355, 1363 (Fed. Cir. 2006). In other words,
20 when a patent case is filed in this district, the Patent Local Rules provide the "default" schedule
21 for the case unless and until the Court modifies that schedule. <u>See</u> Patent L.R. 1-2 and 1-3.
22 Modifications to the case management schedule are made only "upon a showing of good cause."
23 <u>Id.</u>; <u>see also</u> <u>Tele Atlas N.V. v. Navteq Corp.</u>, No. C-05-01673 RMW, 2008 WL 4809441 at *2
24 (N.D. Cal. Oct. 28, 2008) ("The court may only modify the case management order upon a
25 showing of 'good cause.'"). Courts consider a variety of circumstances in making this
26 assessment. "Whether a party has demonstrated 'good cause' may depend on its diligence in
27 seeking relief from the case management order. Whether the opposing party will be prejudiced is
28 another important factor in determining whether to modify a case management order under Rule

16(b)(4)." Tele Atlas, 2008 WL 4809441 at *2 (internal citations omitted); see also Zivkovic v. So. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of motion to modify scheduling order where the movant's "counsel did not seek to modify that order until four months after the court issued the order").

As demonstrated by the table below, Apple's proposed expedited schedule would dramatically alter the schedule provided for by the Court's Patent Local Rules:

| Event | Current Date / Deadline Under Patent Local Rules | Date Proposed by Apple[3] |
|---|---|---|
| Case Management Conference | Aug. 24, 2011 (D.N. 39) | July 25, 2011 |
| Apple's service of infringement contentions/Apple proposes claim terms for construction | Sept. 7, 2011/Nov. 7, 2011 (Patent L.R. 3-1/4-1) | Aug. 4, 2011 |
| Samsung's service of invalidity contentions/ Samsung proposed claim terms for construction | Oct. 24, 2011/Nov. 7, 2011 (Patent L.R. 3-3/4-1) | Sept. 2, 2011 |
| Parties exchange preliminary claim constructions and identify supporting evidence and experts | Nov. 28, 2011 (Patent L.R. 4-2) | Sept. 9, 2011 |
| Parties file joint claim construction and prehearing statement | Dec. 23, 2011 (Patent L.R. 4-3) | Sept. 16, 2011 |
| Close of claim construction discovery | January 23, 2012 (Patent L.R. 4-4 ) | Oct. 7, 2011 |
| Apple's opening claim construction brief | Feb, 6, 2012 (Patent L.R. 4-5) | Oct. 13, 2011 |
| Samsung's responsive claim construction brief | Feb. 21, 2012 (Patent L.R. 4-5) | Oct. 27, 2011 |
| Apple's claim construction reply | Feb. 28, 2012 (Patent L.R. 4-5) | Nov. 3, 2011 |
| Claim construction hearing | Mar. 13, 2012 | Nov. 17, 2011 |
| Fact discovery cut-off and initial expert disclosures/reports | N/A | Dec. 2, 2011 |
| Rebuttal expert reports | N/A | Dec. 16, 2011 |
| Close of expert discovery | N/A | Dec. 29, 2011 |

---

[3]   D.N. 83 at 6.

| Final pretrial conference | N/A | Jan. 25, 2012 |
| --- | --- | --- |
| Jury trial begins on Apple's claims | N/A | Feb. 1, 2012 |

Because Apple seeks to modify the deadlines prescribed for this case by the Patent Local Rules, it must show "good cause" for doing so.  Apple fails to carry this burden.

1. Apple Did Not Exercise Diligence In Moving to Amend the Default Schedule for This Case.

Apple is the plaintiff in this case.  It chose where and when to file its complaint.  As Apple has reminded the Court, Apple is a "sophisticated" party with "sophisticated" counsel. (D.N. 83 at 4.)  It undoubtedly did not take its choice of venue lightly, likely giving weight to it and its counsel's familiarity with the procedures of its "home court" (it has been involved in over 100 litigations in this district) and the advantages of a local jury pool, among other considerations. (Tarango Decl. Ex. 5.)  Thus, when Apple filed its patent infringement complaint, it was well aware that the Patent Local Rules would dictate the schedule.  It was also well aware that the median time to jury trial for a civil litigation in this district was 22.8 months.  (Tarango Decl. Ex. 6).  Aware of such information about this district, Apple should have filed a motion to modify the default schedule at the time it filed its initial complaint, not two-and-a-half months later, and two weeks after Apple claims the Court gave it the idea for doing so.  (D.N. 83 at 2.) Zivkovic, 302 F.3d at 1087; Tele Atlas, 2008 WL 4809441 at *2.

Apple's lack of diligence in seeking an expedited schedule in this case is further underscored by its delay in filing its lawsuit in the first place.  The Galaxy S i9000 was announced in South Korea in March 2010.  (D.N. 1 at ¶ 61; D.N. 75 at ¶¶ 81, 92.)  The Galaxy S Vibrant was released in the United States July 2010.  (Tarango Decl. Ex. 1.)  The Galaxy Tab was released in November of 2010.  (Tarango Decl. Ex. 2.)  The Galaxy S 4G (against which Apple now moves for a preliminary injunction) was released in February 2011.  (Tarango Decl. Ex. 7.)  Yet Apple chose not to file its complaint until April 15, 2011.  Apple cannot delay prosecution of its lawsuit and then claim that it was diligent in seeking to modify the default schedule set for this case by this district's Patent Local Rules.  As this Court noted, "Apple

indicated . . . that it had been aware of its infringement claims for at least a year . . . [and] the length of time Apple has been aware of its claims and the long history of infringement alleged in the complaint undermine Apple's claims of urgency."  (D.N. 110 at 2.)  "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted."  Zivkovic, 302 F.3d at 1087.

On top of these delays, Apple delayed for months in seeking a preliminary injunction – and when it eventually did file its motion, Apple choose *not* to assert its trade dress and trademark claims at all or even the vast majority of its patent claims.  As this Court observed in denying Apple's request for expedited briefing, Apple had every opportunity to seek a preliminary injunction on any claims where it believed that it could show entitlement to expedited relief.  (D.N. 110 at 2.)  Having decided not to avail itself of this option as to the bulk of its suit, Apple should not be heard to complain that this case is heard in the normal course.  Indeed, Apple's decision not to seek a preliminary injunction on most of its claims only further serves to prove that it will not suffer irreparable harm by having those claims adjudicated in accordance with the Patent Local Rules and having them litigated on a reasonable, orderly schedule that is fair to Samsung.

Apple's lack of diligence alone is sufficient grounds to deny Apple's Motion for Expedited Trial.

2.     An Expedited Trial Schedule Will Severely Prejudice Samsung.

Now that Apple has amended its complaint to increase the number of utility patent, design patent, and trademark and trade dress infringement claims it has asserted against Samsung, and Samsung has answered Apple's amended complaint, asserting its own counterclaims for infringement of twelve utility patents, the Court should consider ***enlarging*** the case schedule, not cutting it drastically short.  See Nuance Commc'ns, Inc. v. eCopy, Inc., No. C 08-04227 JSW, 2009 WL 1559789 at *2 (N.D. Cal. June 1, 2009) ("[D]ue to the now-enlarged scope of the [patent infringement, trademark, and unfair competition] matter, the Court requires that the parties meet

1 and confer to discuss an amended pretrial schedule to accommodate the new scope of the
2 claims.")[4]   But that is precisely what Apple asks the Court to do.   Apple cites to Federal Rule of
3 Civil Procedure 16 in support of its argument that the Court should be concerned with
4 "'expediting disposition of the action' and 'establishing early and continuing control so that the
5 case will not be protracted because of lack of management.'"   (D.N. 83 at 3.)   But Apple
6 neglects to mention that Rule 16 also states that the Court should be concerned with "improving
7 the quality of the trial through more thorough preparation."   Fed. R. Civ. P. 16(a)(4).   Apple's
8 proposed expedited case schedule is specifically designed to deprive Samsung of such thorough
9 preparation.

(a)   **An Expedited Schedule Would Not Provide Adequate Time to Prepare for Claim Construction**.

12    "The purpose of the Patent Local Rules is to place the parties on an orderly pretrial track
13 which will produce a ruling on claim construction approximately a year after the complaint is
14 filed."   Integrated Circuit Sys., 308 F. Supp. 2d at 1107.   Such a schedule applies even if there is
15 only a *single* utility patent involved in the case.   Patent L.R. 1-2.   But Apple's proposed
16 schedule cuts that time almost in half, despite the fact that there are twenty utility patents at issue.[5]
17 That sort of radical shortening of time will not result in an "orderly pretrial track," but quite the
18 opposite:   a disorderly rush to determine which claim terms need to be construed, discover the
19 facts relating to construction of those terms, draft claim construction briefs, and to prepare for and
20 conduct a technology tutorial and claim construction hearing.   With so many asserted patents,

---

[4]   Apple will no doubt claim that Samsung is to blame for the large number of patents at issue in this case, but before Samsung even filed its complaint, Apple had put fifteen patents – eight of them utility patents – at issue.

[5]   Apple will likely argue that it is seeking trial of only its claims on an expedited basis, not Samsung's, such that the schedule on only eight utility patents would be at issue.   However, it would be manifestly unjust to favor Apple by expediting Apple's claims while Samsung's claims proceeded on a normal schedule.   To the extent Samsung's claims are to proceed on a normal case schedule, so should Apple's.

this is likely to be a monumental process.[6]   Samsung should not be deprived of the opportunity to adequately prepare for each of these crucial, potentially case-dispositive tasks –nor deprive this Court of adequate preparation for the writing of a claim construction order.   Intel Corp. v. Altima Commc'ns, Inc., 275 F. Supp. 2d 1236, 1245 (E.D. Cal. 2003) ("Precise claim construction is vital because excessive generality can lead to encompassing too much within the patent's folds and a grant to the inventor of more than rights over his own invention.") (citation omitted).

(b)   An Expedited Schedule Would Not Provide Adequate Time for Discovery.

Discovery will also be a vast and complex undertaking in this case, yet Apple proposes closing fact discovery in only five months.   (D.N. 83 at 6.)   Here, Apple has accused three Samsung entities of infringing fifteen patents (including eight utility patents), ten trademark/trade dress registrations, and five trademark applications – by more than two dozen products.   Those Samsung entities' principal places of business are in New Jersey, Texas, and South Korea.   (D.N. 75 at ¶¶ 7-9.)   To collect documents from such far-flung locations will be an extremely time-consuming process, even under the most Herculean efforts.   This is especially true of SEC, the Korean entity.   Many of SEC's documents are in Korean, and thus will likely have to be translated into English simply to be reviewed for privilege and production.   Depositions also will be difficult for all three entities, and exceptionally so for SEC, requiring not only costly and long international travel for SEC's witnesses and/or its lawyers, but also interpreters to translate for the

---

[6] Apple proposes that there be no more than ten total disputed claim terms.   (D.N. 83 at 6.) While the Patent Local Rules do contemplate an identification of ten claim terms "whose construction will be most significant to resolution of the case," Patent L.R. 4-1(b) & 4-3(c), the Rules do not limit the *total* number of claim terms whose construction might be required by the circumstances of a particular case.   "When the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute."   O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd., 521 F.3d 1351, 1360 (Fed. Cir. 2008).   Moreover, if anything, given the large number of patents at issue here, the Court may find good cause to increase the number of "most significant" claim terms in this case pursuant to Patent L.R. 1-3. But even if the Court were to ultimately believe some limitations were appropriate, it is obviously premature to pick and impose an arbitrary number at this state of the proceedings as Apple advocates.

1 witnesses who do not speak English.   Language barriers will impede Samsung's counsels' ability
2 to investigate facts necessary to respond to interrogatories and requests for admission.   Samsung
3 cannot reasonably be expected to fully respond to the fact discovery Apple will request in less than
4 five months, and prepare and respond to expert discovery in less than a month in a twenty-seven
5 patent, ten trademark/trade dress- registration, and five trademark application-case.[7]   Finally,
6 Apple's schedule does not allow sufficient time for Samsung to obtain the discovery from Apple
7 that it will need to prove invalidity of the various intellectual property rights that Apple has
8 asserted, including potential depositions of the 35 named inventors.   For all of these reasons, the
9 schedule advocated by Apple is not only unfair in its own right, but it is all the more unreasonable
10 in light of the fact that Apple gave itself almost a year to prepare for and bring its suit.

         3.      <u>An Expedited Schedule Would Not Allow for Summary Judgment.</u>

12 Apple's proposed schedule leaves less than a month between the close of expert discovery
13 and the final pretrial conference.   That narrow window does not provide time for the parties to
14 brief and the Court to rule on motions for summary judgment.   Apple, therefore, assumes that all
15 of its claims will go to trial.   This ignores the Court and jury's interest in avoiding trials on
16 claims for which there are no factual disputes.   It also ignores Samsung's substantial interest in
17 defeating Apple's meritless claims, and in winning on its own claims, without being put to the
18 time, expense and risk of a jury trial on them.   Apple cannot rob Samsung of the opportunity to
19 seek the benefit of summary judgment and force the Court and jury to hear unsupported claims
20 simply because Apple, having waited months before acting, now has decided that it wants a trial
21 as quickly as possible for tactical reasons.

---

[7] Apple suggests a fact discovery cut-off date of December 2, 2011.   (D.N. 83 at 6.)   At this point, Samsung does not know the scope of the discovery that Apple will propound during the normal discovery phase of this case.   However, if Apple's expedited discovery requests provide any indication, it will be "fairly extensive."   (Order Granting Limited Expedited Disc. (D.N. 52) at 3.)

1   B.   Apple Has Not Shown That It Will Suffer Prejudice If This Case Proceeds Under the Local Patent Rules.

Apple's failure to show any prejudice it will suffer if the case proceeds on the normal course reinforces the conclusion that its motion should be denied. Apple argues that this Court should accelerate the case schedule because it has "presented substantial claims for infringement of its extremely valuable intellectual property rights" and "[p]rompt relief is essential to prevent irreparable harm to Apple's rights." (D.N. 83 at 4.) Apple's argument ignores two crucial considerations. First, in its Order Granting Limited Expedited Discovery, the Court stated that it "expresses no opinion on the merits of Apple's claims." (D.N. 52 at 3.) Thus, the "substantiality" of Apple's claims remains an open question. Second, Apple identifies no authority in support of the proposition that the grant of expedited discovery for purposes of filing a motion for a preliminary injunction means that the trial, or any other aspect of the case, also should be expedited. Indeed, Apple was unable to establish "substantial harm or prejudice justifying a shortened briefing and hearing schedule" for this motion. (D.N. 110 at 2.)

Apple offers no evidence that it faces irreparable harm from a case schedule that complies with the Patent Local Rules. The "irreparable harm" Apple claims is "loss of market share and consumer goodwill" due to the sale of Samsung's allegedly infringing products. (D.N. 83 at 4.) However, to date, Apple has proffered no evidence, expert or otherwise, that demonstrates any nexus between any increase in market share of Samsung's accused products, or any decrease in market share of Apple's products, and any aspect of the Samsung products that Apple claims are infringing its various intellectual property rights. In other words, Apple has identified no evidence that suggests anything other than that Samsung's products are winning in the market on their merits—for instance, their bigger and better screens and faster download times—and not because of any alleged "copying" of Apple's purported intellectual property. As for goodwill, Apple has similarly offered no evidence that its reputation is harmed by any confusion between Samsung's allegedly infringing products and Apple's.

Instead, Apple argues that this Court should presume that it is irreparably harmed because the Court previously stated that there is "a reasonable basis for Apple's belief that Samsung's new

products are designed to mimic Apple's products." (D.N. 83 at 4.) But Apple's interpretation of this statement is not consistent with the law. Even if patent or trademark infringement is found, irreparable harm cannot be presumed. eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 393-94 (2006) (vacating Federal Circuit's judgment that there is a "'general rule,' unique to patent disputes, 'that a permanent injunction will issue once infringement and validity have been adjudged'"); Edge Games, Inc. v. Elec. Arts, Inc., 745 F. Supp. 2d 1101, 1117 (N.D. Cal. 2010) ("Following the Supreme Court's decision in Winter [v. Natural Res. Def. Council, 555 U.S. 7 (2008)], irreparable harm cannot be presumed—even for trademark actions."). Apple's argument fails because it fatally relies on a legally erroneous presumption that it will be harmed by proceeding under the Patent Local Rules instead of providing actual evidence of such harm.

Apple also contends that an expedited trial is appropriate because it can more quickly provide a "measure of clarity." (D.N. 83 at 5.) The same argument can be made in any case and therefore cannot be grounds for modifying the schedule provided by the Local Patent Rules. The dates provided by those Rules carefully balance the need for a prompt resolution of the dispute with the need for a thorough and orderly pretrial process.

Finally, Apple argues that an expedited trial is necessary because it chose not to file a motion for preliminary injunction against all of Samsung's accused products. (D.N. 83 at 6.) Apple therefore contends that it will be irreparably harmed during the pendency of this case by Samsung's sale of products that Apple deliberately chose not to seek a preliminary injunction on. Apple's argument turns the purpose of the Federal and Patent Local Rules on their head. The purpose of a preliminary injunction is to prevent irreparable harm during the pendency of a case. A party cannot strategically choose not to file such a motion and then cite its own tactical decision as grounds for an expedited trial. Indeed, as explained previously, Apple's failure to bring a preliminary injunction on the vast bulk of its claim actually supports a denial of its motion to expedite trial, including because that failure belies its assertions here that it will suffer irreparable harm if an expedited trial schedule is not granted.

1   C.   <u>Patent and Trademark Cases in This District Are Not Routinely Set for Trial on an Expedited Basis.</u>

2

3   Apple fails to cite any cases supporting its claim that this Court routinely schedules
4   expedited trials in patent or trademark cases.   The cases that Apple cites for the proposition that
5   district courts "set expedited trial dates, especially in intellectual property cases," are all more than
6   five years old.   (<u>See</u> D.N. 83 at 3.)   None of the cases actually addresses a motion for expedited
7   trial.   None recounts the facts, rules, or reasoning underlying the expedited trial date.   Rather,
8   each merely mentions in passing that an expedited trial date happened to be set for that case.
9   What facts are given reveal that these cases were several orders of magnitude smaller than the case
10  at hand, involving fewer and smaller defendants, fewer products, and either a single patent or no
11  patent at all.
12  <u>Excelligence Learning Corp. v. Oriental Trading Co.</u> involved two domestic companies
13  and only five claims for relief, none of which related to a patent.   No. 5:03-cv-4947, 2004 U.S.
14  Dist. LEXIS 28125 at *3 (N.D. Cal. June 14, 2004).   The complaint was filed on November 5,
15  2003 (Tarango Decl. Ex. 8), and the expedited trial was set to begin almost thirteen months later:
16  thirty days from September 27, 2004.   <u>Id.</u>   Apple's requested trial date, by contrast, would put
17  less than a year between the initial filing and trial in a case with a combined forty-three claims for
18  relief.
19  <u>Kristar Enterprises, Inc. v. Revel Environmental Marketing, Inc.</u> involved one patent for a
20  storm drain filter and two claims for relief.   No. C 98-3094, 1998 U.S. Dist. LEXIS 19914 at
21  *2,*18 (N.D. Cal. Dec. 16, 1998).   Plaintiff was operated by a husband and wife and the single
22  product at issue was responsible for nearly all of plaintiff's $1.5 million in revenue.   <u>Id.</u> at *1-2.
23  Defendant sold about fifty units of the product every four months.   <u>Id.</u> at *16.   This case, by
24  contrast, involves, among others, "South Korea's largest company and one of Asia's largest
25  electronics companies" that "designs, manufactures, and provides to the U.S. and world markets a
26  wide range of products, including consumer electronics, computer components, and myriad
27  mobile and entertainment products."   (D.N. 75 at ¶¶ 7-9.)
28

1  Novel ID v. Hyman Products, Inc. involved "novelty gift product[s]" branded "stressball"
2  and "stress breaker ball."   No. C 89-0329, 1989 U.S. Dist. LEXIS 12653 at *1-3 (C.D. Cal. Jan.
3  27, 1989).   The complaint stated only five claims, none of which related to a patent.   Id. at *1.
4  The court said merely, "[a]n expedited trial schedule is required by the grant of this preliminary
5  injunction" without indicating the source of the requirement.   Id. at * 16.   No such requirement
6  exists in the local rules of either the Central or the Northern District of California today.

7  Delta Dental Plan v. Perry involved the award of a government contract to provide dental
8  insurance to active duty members of the uniformed services, and no intellectual property issues
9  whatsoever.   No. C 95-2462, 1996 U.S. Dist. LEXIS 2086 at *3 (N.D. Cal. Feb. 21, 1996).

10  Contrary to Apple's suggestion, this district is much more deliberate in its adjudication of
11  patent and trademark disputes.   As of June 23, 2011, a search of the more than 200 pending cases
12  in this district involving patent or trademark claims filed before April 7, 2011 failed to reveal even
13  a single case scheduled to go to trial in less than a year.

14  D.  Samsung's ITC Complaint Is Irrelevant to the Schedule in This Case.

15  Apple makes the meritless argument that Samsung should have no objection expediting
16  this case because Samsung has filed an "expedited" proceeding in the International Trade
17  Commission ("ITC").   (D.N. 83 at 4.)   Samsung does object, and so should the Court, for a
18  number of reasons.

19  First, the scope of this case – twenty-seven asserted patents, ten asserted trademark/trade
20  dress registrations, and five asserted trademark applications, for starters – dwarfs Samsung's five-
21  patent suit in the ITC.   Apple's argument ignores the lack of proportionality between the two
22  proceedings.

23  Second, the ITC cannot award damages for patent infringement; this Court can.   Bio-
24  Technology Gen. Corp. v. Genentech, Inc., 80 F.3d 1553, 1564 (Fed. Cir. 1996).   Such
25  substantial remedial power counsels for a more measured and thorough examination of a party's
26  claims and defenses, not less than a tribunal specially designed to provide swift resolution of
27  importation disputes might require.   Furthermore, the existence of potential damages remedies in
28

1  the litigation before this Court naturally means that there will be entire, and significant, categories

2  of experts and discovery on damages in this case that will not be at issue in the ITC proceeding.

3        Finally, this Court is not the ITC.   As explained above, this district follows long-standing,

4  well established Patent Local Rules that "place the parties on an orderly pretrial track which will

5  produce a ruling on claim construction approximately a year after the complaint is filed."

6  Integrated Circuit Sys., 308 F. Supp. 2d at 1107.   The remaining case schedule flows from the

7  claim construction ruling, and often complex patent disputes are not resolved for years.   Apple

8  knew all of this before it filed its lawsuit here.   But Apple is apparently more concerned with

9  winning a perceived footrace with Samsung than with the practices and procedures it signed up for

10 in this district.   Presumably, that is why it has not only moved repeatedly for this Court to speed

11 up its default schedule to such an extraordinary degree, but also filed its own ITC complaint

12 against Samsung on July 5, asserting five utility and two design patents, including one of the

13 patents that it had previously asserted in this case, U.S. Patent No. 7,863,533.   (Compare D.N. 1

14 at 7, 35, with Tarango Decl. Ex. 9.)   This Court has already rejected Apple's request for a

15 shortened briefing schedule and an accelerated case management conference date, and it should

16 again decline Apple's invitation to turn itself into a "rocket docket" simply because Apple is now

17 experiencing buyer's remorse for having chosen to file its complaint here.

18 IV.    **Conclusion**

19       For the foregoing reasons, the Court should DENY Apple's Motion for Expedited Trial on

20 Its Claims and for Early Case Management Conference.

21

22

23

24

25

26

27

28

DATED: July 15, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By /s/ Victoria F. Maroulis
   Charles K. Verhoeven
   Kevin P.B. Johnson
   Victoria F. Maroulis
   Michael T. Zeller
   Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC