# EXHIBIT 9

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, DC

In the Matter of

CERTAIN ELECTRONIC DIGITAL MEDIA
DEVICES AND COMPONENTS THEREOF

Investigation No. 337-TA-___

## APPLE INC.'S COMPLAINT UNDER
### SECTION 337 OF THE TARIFF ACT OF 1930, AS AMENDED

Complainant:

Apple Inc.
1 Infinite Loop
Cupertino, California 95014
Telephone: (408) 996-1010

Proposed Respondents:

Samsung Electronics Co., Ltd.
416 Maetan-3dong, Yeongtong-gu
Suwon-City, Gyeonggi-do, Korea 443-742
Telephone: 011-82-31-200-1114

Samsung Electronics America, Inc.
85 Challenger Road
Ridgefield Park, New Jersey 07660
Telephone: (201) 229-4000

Samsung Telecommunications America, LLC
1301 East Lookout Drive
Richardson, Texas 75082
Telephone: (972) 761-7000

Counsel for Complainant:

Alexander J. Hadjis
G. Brian Busey
MORRISON & FOERSTER LLP
2000 Pennsylvania Ave., NW, Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500

Harold J. McElhinny
Michael A. Jacobs
MORRISON & FOERSTER LLP
425 Market St.
San Francisco, California 94105
Telephone: (415) 268-7000

## TABLE OF CONTENTS

Page

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | COMPLAINANT | | 5 |
| III. | PROPOSED RESPONDENTS | | 6 |
| | A. | Samsung Electronics Co., Ltd. | 6 |
| | B. | Samsung Electronics America, Inc | 6 |
| | C. | Samsung Telecommunications America, LLC | 7 |
| IV. | THE PRODUCTS-AT-ISSUE | | 7 |
| V. | THE PATENTS-AT-ISSUE | | 8 |
| | A. | Graphical Interface Patents | 8 |
| | | a) The '949 Patent | 8 |
| | | b) The '922 Patent | 10 |
| | B. | Hardware Interface Patents | 11 |
| | | a) The '533 Patent | 11 |
| | | b) The '697 Patent | 11 |
| | | c) The '501 Patent | 12 |
| | C. | Design Patents | 13 |
| | | a) The D'757 Patent | 13 |
| | | b) The D'678 Patent | 14 |
| VI. | UNFAIR ACTS OF THE PROPOSED RESPONDENTS | | 15 |
| VII. | SPECIFIC INSTANCES OF UNFAIR IMPORTATION AND SALE | | 19 |
| VIII. | HARMONIZED TARIFF SCHEDULE ITEM NUMBERS | | 20 |
| IX. | LICENSEES | | 20 |
| X. | DOMESTIC INDUSTRY | | 20 |
| | A. | Apple's Investment in the Domestic Industry | 20 |
| | B. | Apple Practices the Patents-at-Issue | 23 |
| XI. | RELATED LITIGATION | | 25 |
| XII. | RELIEF REQUESTED | | 25 |

States, sells such Accused Products for importation into the United States, operates such Accused Products in the United States, and/or sells such Accused Products after they have been imported into the United States. (See **Exhibit 17**.)

### C.  Samsung Telecommunications America, LLC

28. On information and belief, Samsung Telecommunications America, LLC (Samsung Telecom) is a subsidiary of SEA, and is incorporated in Delaware with its principal place of business at 1301 E. Lookout Dr., Richardson, Texas 75082.

29. On information and belief, Samsung Telecom distributes and markets Accused Products manufactured by or for Samsung Electronics or its affiliates. (See **Exhibit 17**.) On information and belief, Samsung Telecom imports such Accused Products into the United States, sells such Accused Products for importation into the United States, operates such Accused Products in the United States, and/or sells such Accused Products after they have been imported into the United States. On information and belief, Samsung Telecom also provides warranty repair service and support for the Accused Samsung Products. (See **Exhibit 19**, Samsung Galaxy Tab User Manual, at 1, 4, and 135-138.)

## IV.  THE PRODUCTS-AT-ISSUE

30. The Samsung Accused Products include electronic digital media devices, including mobile phone handsets and tablet computers, designed, operated, distributed, sold, or offered for sale by or for Samsung. The Samsung Accused Products also include infringing components incorporated in the Samsung Accused Products, such as software, touch-pads, and hardware interfaces. Examples of the Samsung Accused Products are listed below and described in the attached claim charts. Photographs of certain examples of the Samsung Accused Products are attached as **Exhibits 20-27**.

## V. THE PATENTS-AT-ISSUE

### A. Graphical Interface Patents

#### a) The '949 Patent

##### (1) Identification and ownership of the '949 patent

31. U.S. Patent No. 7,479,949, entitled "Touch Screen Device, Method, and Graphical User Interface for Determining Commands by Applying Heuristics," issued on January 20, 2009, to inventors Steven P. Jobs, Scott Forstall, Greg Christie, Stephen O. Lemay, Scott Herz, Marcel van Os, Bas Ording, Gregory Novick, Wayne C. Westerman, Imran Chaudhri, Patrick Lee Coffman, Kenneth Kocienda, Nitin K. Ganatra, Freddy Allen Anzures, Jeremy A. Wyld, Jeffrey Bush, Michael Matas, Paul D. Marcos, Charles J. Pisula, Virgil Scott King, Chris Blumenberg, Francisco Ryan Tolmasky, Richard Williamson, Andre M. J. Boule, and Henri C. Lamiraux. The '949 patent remains in full force and effect, and Apple is the owner of all right, title, and interest in and to the '949 patent. (See Exhibit 8.)

##### (2) Non-technical description of the invention of the '949 patent[1]

32. The '949 patent is directed to a touchscreen-based device that applies heuristics to inputs, or gestures, made on its touchscreen, to determine the command that the gesture corresponds to and the resulting device behavior. For instance, the '949 patent discloses a vertical-scrolling heuristic that determines that a screen contact corresponds to a one-dimensional vertical screen scrolling command, a two-dimensional screen translation heuristic that determines that a screen contact corresponds to a command to translate the

---

[1] The text of this Complaint and the sections providing non-technical descriptions of the patents-at-issue are not intended to construe either the specification or the claims of the patents-at-issue.

8

screen in two dimensions, and a next item heuristic that determines that a screen contact corresponds to a command to transition between displaying items in a set.

      (3)    **Foreign counterparts**

33. The following is a list of foreign counterparts to the '949 patent:

| Jurisdiction | Patent/App. No. | Filing Date | Status |
|---|---|---|---|
| AU | 2007286532 | 9/6/2007 | Issued |
| AU | 2008100179 | 9/6/2007 | Issued |
| AU | 2009200372 | 9/6/2007 | Issued |
| AU | 2009233675 | 9/6/2007 | Pending |
| CA | 2658413 | 9/6/2007 | Pending |
| CA | 2735309.00 | 9/6/2007 | Pending |
| CN | 200780001219.1 | 9/6/2007 | Pending |
| DE | 202007018413.1 | 9/6/2007 | Issued |
| EP | 07841984.3 | 9/6/2007 | Pending |
| HK | 8111516.40 | 9/6/2007 | Pending |
| HK | 11103414.90 | 9/6/2007 | Pending |
| JP | 2009-527567 | 9/6/2007 | Pending |
| JP | N/A | 9/6/2007 | Pending |
| JP | 2010-227806 | 9/6/2007 | Pending |
| KR | 2009-7003948 | 9/6/2007 | Pending |
| KR | 2009-7006231 | 9/6/2007 | Pending |
| WO/PCT | PCT/US2007/077777 | 9/6/2007 | Pending |

34. To the best of Apple's knowledge, information, and belief, there are no other foreign patents or foreign patent applications pending, filed, abandoned, withdrawn, or rejected corresponding to the '949 patent.

### b) The '922 Patent

#### (1) Identification and ownership of the '922 patent

35. U.S. Patent No. Re 41,922, entitled "Method and Apparatus for Providing Translucent Images on a Computer Display," issued on November 9, 2010, to inventors Michael Gough, Joseph MacDougald, Gina Venolia, Thomas Gilley, Greg Robbins, Daniel Hansen, and Abhay Oswal. The '922 patent is a reissue of U.S. Patent No. 6,072,489, which issued on June 6, 2000. The '922 patent remains in full force and effect, and Apple owns by assignment the entire right, title, and interest in the '922 patent. (See **Exhibit 9.**)

#### (2) Non-technical description of the invention of the '922 patent

36. The '922 patent is directed to the simultaneous presentation of opaque images and translucent images on a display screen.

37. In the patented system, a first opaque image is presented to the user on a touch screen. A second translucent image is then presented to the user over the opaque image so that portions of the opaque image are visible through the translucent image. When both the opaque and translucent images are presented, the user may input data and perform image operations on either the opaque or translucent image.

#### (3) Foreign counterparts

38. To the best of Apple's knowledge, information, and belief, there are no foreign patents or foreign patent applications pending, filed, abandoned, withdrawn, or rejected corresponding to the '922 patent.

B. Hardware Interface Patents

    a) The '533 Patent

        (1) Identification and ownership of the '533 patent

39. U.S. Patent No. 7,863,533, entitled "Cantilevered Push Button Having Multiple Contacts and Fulcrums," issued on January 4, 2011, to inventors Bradley J. Hamel, Tang Yew Tan, and Erik Wang. The '533 patent remains in full force and effect, and Apple owns by assignment the entire right, title, and interest in the '533 patent. (See **Exhibit 10**.)

        **(2) Non-technical description of the invention of the '533 patent**

40. The '533 patent is directed to a cantilevered push button on an electronic device. Electronic devices are typically configured to receive multiple user inputs. The '533 patent describes a push button system with two distinct ends to accept user inputs corresponding to different electrical contacts. When one end of the button is pressed, the button pivots on a fulcrum located away from that particular end. The same is true when the other end of the button is pushed. In addition, both ends of the push button can be pressed simultaneously.

        (3) Foreign counterparts

41. To the best of Apple's knowledge, information, and belief, there are no foreign patents or foreign patent applications pending, filed, abandoned, withdrawn, or rejected corresponding to the '533 patent.

    b) The '697 Patent

        (1) Identification and ownership of the '697 patent

42. U.S. Patent No. 7,789,697, entitled "Plug Detection Mechanisms," issued on September 7, 2010, to inventor Hugo Fiennes. The '697 patent remains in full force and effect, and

Apple owns by assignment the entire right, title, and interest in the '697 patent. (See **Exhibit 11.**)

    (2)  **Non-technical description of the invention of the '697 patent**

43. The '697 patent is directed to a headphone interface that detects the presence of a headphone or headset plug, and alters certain functions in the device in which the assembly resides.

44. Electronic digital media devices are typically configured to operate with headphones and headsets. In these devices, the patented headphone interface can detect whether a headphone or headset is inserted into the device. The functionality of the device can be altered depending on whether a headphone or headset is present.

    (3)  **Foreign counterparts**

45. To the best of Apple's knowledge, information, and belief, there are no foreign patents or foreign patent applications pending, filed, abandoned, withdrawn, or rejected corresponding to the '697 patent.

  c) **The '501 Patent**

    (1)  **Identification and ownership of the '501 patent**

46. U.S. Patent No. 7,912,501, entitled "Audio I/O Headset Plug and Plug Detection Circuitry," issued on March 22, 2011, to inventors Timothy Johnson and Achim Pantfoerder. The '501 patent remains in full force and effect, and Apple owns by assignment the entire right, title, and interest in the '501 patent. (See **Exhibit 12.**)

(2) **Non-technical description of the invention of the '501 patent**

47. The '501 patent is directed to a headphone interface that is configured to accept and operate with a headphone or headset, which contains a microphone, and to detect whether the component inserted into the jack is a headphone or headset.

48. Electronic digital media devices are typically configured to operate with headphones or headsets. In these devices, the patented headphone interface can detect whether a component inserted into the device is a headphone or headset. The functionality of the device can be altered depending on whether the inserted component is a headphone or headset.

(3) **Foreign counterparts**

49. The following is a list of foreign counterparts to the '501 patent:

| Jurisdiction | Patent/App. No. | Filing Date | Status |
|---|---|---|---|
| WO/PCT | PCT/US2008/0000177 | 1/4/2008 | Expired |
| CN | CN2008020002203.4 | 1/4/2008 | Issued |
| TW | 097100427 | 1/4/2008 | Issued |

50. To the best of Apple's knowledge, information, and belief, there are no other foreign patents or foreign patent applications pending, filed, abandoned, withdrawn, or rejected corresponding to the '501 patent.

C. **Design Patents**

   a) **The D'757 Patent**

   (1) **Identification and ownership of the D'757 patent**

51. U.S. Patent No. D558,757, entitled "Electronic Device," issued on January 1, 2008, to inventors Bartley Andre, Daniel Coster, Daniele De Iuliis, Richard Howarth, Jonathan Ive, Steve Jobs, Duncan Kerr, Shin Nishibori, Matthew Rohrbach, Douglas Satzger,

13

Calvin Seid, Christopher Stringer, Eugene Whang, and Rico Zorkendorfer. The D'757 patent remains in full force and effect, and Apple is the owner of all right, title, and interest in and to the D'757 patent. (See **Exhibit 13**.)

    (2)    **Non-technical description of the invention of the D'757 patent**

52. The D'757 patent is directed to specific ornamental design features for an electronic device, such as a communication device. These ornamental features are shown in the D'757 design patent's figures.

    (3)    **Foreign counterparts**

53. A list of foreign counterparts to the D'757 patent is attached as **Exhibit 28**.

54. To the best of Apple's knowledge, information, and belief, there are no other foreign patents or foreign patent applications pending, filed, abandoned, withdrawn, or rejected corresponding to the D'757 patent.

    b)  **The D'678 Patent**

        (1)    **Identification and ownership of the D'678 patent**

55. U.S. Patent No. D618,678, entitled "Electronic Device," issued on June 29, 2010, to inventors Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Nishibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Antony Whang, and Rico Zorkendorfer. Apple owns by assignment all right, title, and interest in the D'678 design patent. (See **Exhibit 14**.)

14

(2) **Non-technical description of the invention of the D'678 Patent**

56. The D'678 patent is directed to specific ornamental design features for an electronic device, such as a communication device. These ornamental features are shown in the D'678 design patent's figures.

(3) **Foreign counterparts**

57. A list of foreign counterparts to the D'678 patent is attached as **Exhibit 29**.

58. To the best of Apple's knowledge, information, and belief, there are no other foreign patents or foreign patent applications pending, filed, abandoned, withdrawn, or rejected corresponding to the D'678 patent.

## VI. UNFAIR ACTS OF THE PROPOSED RESPONDENTS

59. On information and belief, the proposed Samsung Respondents import into the United States, sell for importation into the United States, and/or sell in the United States after importation certain electronic digital media devices that infringe one or more of the patents-at-issue in violation of 35 U.S.C. § 271(a). (See **Exhibits 20-27**.)

60. On information and belief, Samsung Accused Products infringe the patents-at-issue, including without limitation the following: (1) the Samsung Fascinate smartphone infringes at least claims 1, 3-6, and 9-20 of the '949 patent, at least claims 29-35 of the '922 patent, at least claims 1-3, 11-16, and 21-27 of the '697 patent, at least claims 1-4 and 8 of the '501 patent, the D'757 patent, and the D'678 patent; (2) the Samsung Galaxy S 4G smartphone infringes at least the D'678 patent; (3) the Samsung Transform smartphone infringes at least the D'757 patent and the D'678 patent; (4) the Samsung Captivate smartphone infringes at least claims 1, 3-6, and 9-20 of the '949 patent and at least claims 1, 4, 9, 11, 12, 15, 17, 19, and 20 of the '533 patent; (5) the Samsung

15

76. A claim chart demonstrating how the D'678 patent reads onto the Samsung Galaxy S 4G, Fascinate, Transform, and Infuse 4G smartphones is attached as **Exhibit 41**. This claim chart references documentation attached as part of **Exhibit 41**.

## VII. SPECIFIC INSTANCES OF UNFAIR IMPORTATION AND SALE

77. On information and belief, the Samsung Accused Products are imported into the United States, sold for importation into the United States, and/or sold after they are imported into the United States.

78. On information and belief, the Samsung Accused Products are manufactured, assembled, and/or packaged and tested in Korea. (See **Exhibits 20-27**.) Samsung Accused Products are then imported into the United States, operated and tested in the United States, sold for importation into the United States, and/or sold after importation into the United States by Samsung and others. (See **Exhibits 20-27**.)

79. Attached as **Exhibits 20-25** are receipts and photographs of the following Samsung cell phone handsets bearing "Phone Made in Korea" or "Made in Korea" designations: Samsung Fascinate, Galaxy S 4G, Intercept, Transform, Captivate, and Infuse 4G. Distributors in the United States sell such Samsung Accused Products. (See **Exhibits 20-25**.) The aforesaid Samsung Accused Products bearing "Phone Made in Korea" or "Made in Korea" designations have been imported and can be purchased in the United States. (See **Exhibits 20-25**.)

80. Attached as **Exhibits 26 and 27** are receipts and photographs of the following Samsung tablet computers bearing "Phone made in Korea" or "Made in Korea by Samsung" designations: Samsung Galaxy Tab and Samsung Galaxy Tab 10.1. Distributors in the United States sell such Samsung Accused Products. (See **Exhibits 26-27**.) The aforesaid

19

Samsung Accused Products bearing "Phone made in Korea" or "Made in Korea by Samsung" designations have been imported and can be purchased in the United States. (See **Exhibits 26-27**.)

## VIII. HARMONIZED TARIFF SCHEDULE ITEM NUMBERS

81. On information and belief, the Samsung Accused Products are believed to fall within at least the following classification of the Harmonized Tariff Schedule of the United States: item number 8517.12.00 and 8471.30.01. The Harmonized Tariff Schedule numbers are for illustrative purposes only, and are not intended to be restrictive of the scope of the Accused Products.

## IX. LICENSEES

82. Apple has licensed the patents-at-issue. A list of licensees of the patents-at-issue is attached to this complaint as **Confidential Exhibit 42C** and the licensing agreements covering the patents-at-issue are attached as **Confidential Exhibits 42-1C-5C**.

## X. DOMESTIC INDUSTRY

83. There is a domestic industry, as defined under 19 U.S.C. § 1337(a)(3)(A), (B), and (C), comprising significant investments in physical operations, employment of labor and capital, and exploitation of the patents-at-issue.

### A. Apple's Investment in the Domestic Industry

84. Apple uses the inventions claimed in the patents-at-issue in numerous products. For example, Apple makes the iPhone, which practices at least the '949, '922, '533, '697, and '501 utility patents and the D'757 and D'678 design patents; the iPad, which practices at least the '949, '922, '533, '697, and '501 utility patents; and the iPod Touch, which practices at least the '949, '922, '533, '697, and '501 utility patents. Apple sells

assigns from importing, selling, servicing, marketing, advertising, demonstrating, distributing, offering for sale, transferring, including moving or shipping inventory, in the United States, and soliciting U.S. agents or distributors for any imported Accused Products that infringe one or more claims of the United States patents-at-issue; and

e. issue such other and further relief as the Commission deems appropriate.

Respectfully submitted,

Alexander J. Hadjis
AHadjis@mofo.com
G. Brian Busey
GBusey@mofo.com
MORRISON & FOERSTER LLP
2000 Pennsylvania Ave., NW, Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500
Facsimile: (202) 887-0763
Harold J. McElhinny
HMcElhinny@mofo.com
Michael A. Jacobs
MJacobs@mofo.com
MORRISON & FOERSTER LLP
425 Market St.
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Counsel for Complainant Apple Inc.

## VERIFICATION OF COMPLAINT

I, Gregory Joswiak, declare, in accordance with 19 C.F.R. §§ 210.4 and 210.12(a), under penalty of perjury, that the following statements are true:

1. I am currently Apple's Vice President of Worldwide Product Marketing for the iPod and iPhone. I am duly authorized by Apple to verify the foregoing Complaint.

2. To the best of my knowledge, information, and belief, formed after a reasonable inquiry, the allegations of the Complaint are well grounded in fact and have evidentiary support, or, where specifically identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

3. To the best of my knowledge, information, and belief, formed after a reasonable inquiry, the claims and other legal contentions set forth in the Complaint are warranted by existing law or by a good faith, non-frivolous argument for extension, modification, or reversal of existing law, or by the establishment of new law.

4. The Complaint is not being filed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Executed this 1st day of July, 2011

Gregory Joswiak
Apple Inc.