| | |
|---|---|
| HAROLD J. MCELHINNY (SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (SBN 111664)<br>mjacobs@mofo.com<br>RICHARD S.J. HUNG (SBN 197425)<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522<br><br>KENNETH H. BRIDGES (SBN 243541)<br>kbridges@bridgesmav.com<br>MICHAEL T. PIEJA (SBN 250351)<br>mpieja@bridgesmav.com<br>BRIDGES & MAVRAKAKIS LLP<br>3000 El Camino Real<br>One Palo Alto Square, 2nd Floor<br>Palo Alto, CA 94306<br>Telephone: (650) 804-7800<br>Facsimile: (650) 852-9224 | MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100<br><br>WILLIAM F. LEE (*pro hac vice* anticipated)<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>STEPHEN E. TAYLOR (SBN 58452)<br>staylor@tcolaw.com<br>STEPHEN MCG. BUNDY (SBN 253017)<br>sbundy@tcolaw.com<br>JOSHUA R. BENSON (SBN 269111)<br>jbenson@tcolaw.com<br>TAYLOR & COMPANY LAW OFFICES, LLP<br>One Ferry Building, Suite 355<br>San Francisco, California 94111<br>Telephone: (415) 788-8200<br>Facsimile: (415) 788-8208 |
| Attorneys for Plaintiff<br>APPLE INC. | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No.: C-11-01846 (LHK)<br><br>**DECLARATION OF MICHAEL T. PIEJA IN SUPPORT OF APPLE'S OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY BRIDGES & MAVRAKAKIS, LLP**<br><br>Date: August 24, 2011<br>Time: 2:00 p.m.<br>Place: Courtroom 8, 4th Floor<br><br>    Honorable Lucy H. Koh<br><br>**REDACTED PUBLIC VERSION** |

I, MICHAEL T. PIEJA, declare as follows:

1. I am an associate in the law firm Bridges & Mavrakakis, LLP, counsel of record for plaintiff Apple Inc. ("Apple") in the above-captioned action. I have been a member of the Bridges & Mavrakakis, LLP law firm since it first opened in 2010. I have been a patent litigator for approximately seven years. The facts set forth in this declaration are personally known to me to be true, and if called upon to testify about the matters contained in this declaration, I could and would testify competently thereto.

2. This declaration is submitted in support of Apple's Opposition to the Motion to Disqualify the Bridges & Mavrakakis, LLP firm (the "Bridges Firm") filed by defendants Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") on July 11, 2011.

3. Before joining the Bridges Firm, I was an associate in the Palo Alto office of the Houston-based law firm Wong Cabello LLP (April 2009 to August 2010). Prior to that, I was an associate with the Kirkland & Ellis LLP firm working in its New York (September 2004 to July 2005) and San Francisco (September 2006 to March 2009) offices.

4. Apple filed this litigation against Samsung on April 15, 2011 (the "*Apple v. Samsung* Case"). I formally made an appearance in this case as counsel of record for Apple on June 16, 2011, the same day Apple filed the First Amended Complaint.

5. [REDACTED]

1.

DECLARATION OF MICHAEL T. PIEJA IN SUPPORT OF APPLE'S OPPOSITION TO DEFENDANTS'
MOTION TO DISQUALIFY BRIDGES & MAVRAKAKIS, LLP: CASE NO. C-11-01846 (LHK)

1 █████████████████████████████████████████████████████████

2 ████████████████████████████████

3      6.     On April 27, 2011, Samsung filed litigation against Apple in the United States District Court for the Northern District of California, Case No. C-11-02079 (the "*Samsung* Case"). I have been informed that the law firm of Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") was hired as lead counsel to defend Apple in that case. I have never advised Apple or any counsel at WilmerHale about any issues associated with Samsung's assertion of its intellectual property rights against Apple products in the *Samsung* Case.

     7.     With respect to Samsung, I have only provided legal advice and representation to Apple in connection with Apple's intellectual property rights as they relate to the Samsung Android-based Galaxy line of smartphones and tablet computers.

     *8.*     It is a matter of public record that I have also represented Apple in other matters relating to Android based smartphones. For instance, I was counsel of record for Apple in litigation against HTC, including ITC Investigation No. 337-TA-710, and assisted Apple in analyzing its intellectual property rights in connection with that action.

     9.     While I was an associate at Kirkland and Ellis in 2006, I was part of the team of Kirkland attorneys who represented Samsung in actions before the International Trade Commission (*Wireless Communication Devices, Components Thereof, and Products Containing Same*, No. 337-TA-583 and *Wireless Communication Equipment, Articles Therein, and Products Containing the Same*, No. 337-TA-577)(the "Ericsson Litigation"). My work on that case related primarily to the assertion of a Samsung patent relating to a voice recording functionality against various Ericsson cellular telephones. My representation of Samsung on the Ericsson Litigation matter ended in or about June 2007.

     10.    My prior representation of Samsung had nothing to do with touchscreen technology, devices utilizing the Google open source Android platform, touch-based user interfaces, or any of the other technologies that are the subject of the claims Apple is pursuing in the *Apple v. Samsung* Case. At the time that I represented Samsung, to my knowledge, Samsung

2.

DECLARATION OF MICHAEL T. PIEJA IN SUPPORT OF THE OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY BRIDGES & MAVRAKAKIS, LLP: CASE NO. C-11-01846 (LHK)

1  was not selling any products that used the Android operating system, multitouch-based
2  smartphones, or multitouch technology.
3     11.    My responsibilities in the Ericsson Litigation did not provide me with any special
4  or unique insight into Samsung's handling of patent cases.  The public record discloses that
5  Samsung defended itself using standard defenses such as invalidity, non-infringement, inequitable
6  conduct, and the defenses that are common to standards-related cases in the mobile
7  communications field, such as those relating to "FRAND" (fair, reasonable, and non-
8  discriminatory) licensing commitments.  At the time of the Ericsson Litigation, I was an associate
9  with approximately three years' experience.  Outside of depositions, I did not have contact of any
10 kind with any Samsung employees and I played no role in formulating litigation strategy.
11    12.    None of the Samsung products that were at issue in the Ericsson Litigation form the
12 basis for any of the claims that are being asserted by Apple in the *Apple v. Samsung* Case.  To my
13 knowledge, all of Apple's affirmative claims in the *Apple v. Samsung* litigation are directed at
14 products Samsung introduced several years *after* the Ericsson Litigation ended in 2007.
15    13.    I have never represented Samsung in any case or matter in which an Android-based
16 smartphone, or products utilizing touchscreen hardware or interfaces, was the subject matter of the
17 inquiry, investigation or litigation.
18    14.    On June 27, 2011, the Bridges Firm received a letter addressed to the attention of
19 Kenneth Bridges from Victoria Maroulis, counsel at Quinn Emanuel representing Samsung in the
20 *Apple v. Samsung* Case.  The letter raised questions about a potential conflict of interest in the
21 *Apple v. Samsung* Case based on the Bridges Firm attorneys' prior representation of Samsung.
22    15.    On June 29, 2011, I sent a response to Quinn Emanuel's June 27 letter, explaining
23 to Ms. Maroulis that the *Apple v. Samsung* Case did not involve any issues relating to the Bridges
24 Firm attorneys' prior representation of or work for Samsung.  Because Mr. Bridges was away
25 from the office at the time and unable to meet and confer on June 29 as Ms. Maroulis had
26 requested, we subsequently agreed to meet and confer by telephone on July 5, 2011.
27
28

16. On the afternoon of July 5, 2011, Kenneth Bridges and I met and conferred with Quinn Emanuel by telephone regarding Samsung's concerns over the alleged conflict of interest. During the meet and confer discussion, Samsung's counsel asked us questions about the scope of the Bridges Firm's representation of Apple and the nature of the Bridges Firm's interactions with counsel at Morrison & Foerster LLP and WilmerHale. Mr. Bridges informed Ms. Maroulis that the Bridges Firm in no way had participated in representing Apple concerning either the '604 Patent (which had been part of the Ericsson Litigation) nor on any FRAND issues relating to Samsung patents. Mr. Bridges also told Ms. Maroulis we would be happy to seek permission from Apple to provide her with additional information if she would provide Mr. Bridges with specific follow-up questions, either orally or in writing. The Quinn Emanuel firm, however, had no further communications with the Bridges Firm and obviously declined to ask for more information.

17. Since the time of Samsung's dismissal of the *Samsung* Case and the inclusion of those claims as counterclaims in the *Apple v. Samsung* Case, the Bridges Firm has continued to limit the scope of its representation to the affirmative claims asserted by Apple against Samsung. I have had no involvement in defending Apple against Samsung's affirmative claims.

18. At no time have I communicated to Apple, or to anyone representing Apple, any Samsung confidential information that I acquired during the course of my representation of Samsung. Any and all Samsung confidential information that is known to me as a result of my prior representation will continue to be maintained by me in confidence, and will not be disclosed by me to Apple or any other third party in the future.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this 1st day of August, 2011, at Palo Alto, California.

                                          /s/ Michael T. Pieja
                                          MICHAEL T. PIEJA

DECLARATION OF MICHAEL T. PIEJA IN SUPPORT OF THE OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY BRIDGES & MAVRAKAKIS, LLP: CASE NO. C-11-01846 (LHK)

**ECF ATTESTATION**

I, STEPHEN E. TAYLOR, am the ECF User whose ID and password are being used to file this **DECLARATION OF MICHAEL T. PIEJA IN SUPPORT OF THE OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY BRIDGES & MAVRAKAKIS, LLP**. In compliance with General Order 45, X.B., I hereby attest that Michael T. Pieja has concurred in this filing.

Dated: August 1, 2011                              TAYLOR & COMPANY LAW OFFICES, LLP

                                                   By:      /s/ Stephen E. Taylor
                                                              Stephen E. Taylor