# EXHIBIT C

## Rule 1.2 Scope Of Representation And Allocation Of Authority Between Client And Lawyer

(Commission's Proposed Rule – Clean Version)

(a) Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter. Except as otherwise provided by law in a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

(b) A lawyer's representation of a client, including representation by appointment, does not constitute an endorsement of the client's political, economic, social or moral views or activities.

(c) A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent.

(d) (1) A lawyer shall not counsel a client to engage, or assist a client in conduct that the lawyer knows is criminal, fraudulent, or a violation of any law, rule, or ruling of a tribunal.

 (2) Notwithstanding paragraph (d)(1), a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of a law, rule, or ruling of a tribunal.

**Comment**

**Allocation of Authority between Client and Lawyer**

[1] Paragraph (a) confers upon the client the ultimate authority to determine the purposes to be served by legal representation, within the limits imposed by law and the lawyer's professional obligations. See e.g. Penal Code section 1018. A lawyer is not authorized merely by virtue of the lawyer's retention by a client, to impair the client's substantial rights or the client's claim itself. *Blanton v. Womancare, Inc.* (1985) 38 Cal.3d 396, 404 [212 Cal.Rptr. 151, 156].) Accordingly, the decisions specified in paragraph (a), such as whether to settle a civil matter or waive a jury trial in a civil matter, must also be made by the client. See Rule 1.4(c) for the lawyer's duty to communicate with the client about such decisions. With respect to the means by which the client's objectives are to be pursued, the lawyer shall consult with the client as required by Rule 1.4(a)(2) and may take such action as is impliedly authorized to carry out the representation, provided the lawyer does not violate Rule 1.6 or Business and Professions Code section 6068(e).

[2] On occasion, however, a lawyer and a client may disagree about the means to be used to accomplish the client's objectives. Clients normally defer to the special knowledge and skill of their lawyer with respect to the means to be used to accomplish their objectives, particularly with respect to technical, legal and tactical matters. Conversely, lawyers usually defer to the client regarding such questions as the expense to be incurred and concern for third persons

who might be adversely affected. Because of the varied nature of the matters about which a lawyer and client might disagree and because the actions in question may implicate the interests of a tribunal or other persons, this Rule does not prescribe how such disagreements are to be resolved. Other law, however, may be applicable and should be consulted by the lawyer. The lawyer should also consult with the client and seek a mutually acceptable resolution of the disagreement. If such efforts are unavailing and the lawyer has a fundamental disagreement with the client, the lawyer may withdraw from the representation. See Rule 1.16(b). Conversely, the client may resolve the disagreement by discharging the lawyer. See Rule 1.16(a)(3).

[3] At the outset of, or during a representation, the client may authorize the lawyer to take specific action on the client's behalf without further consultation. Absent a material change in circumstances and subject to Rule 1.4, a lawyer may rely on such an advance authorization. The client may, however, revoke such authority at any time.

[4] In a case in which the client appears to be suffering diminished capacity, the lawyer's duty to abide by the client's decisions is to be guided by reference to Rule 1.14.

**Independence from Client's Views or Activities**

[5] Legal representation should not be denied to people who are unable to afford legal services, or whose cause is controversial or the subject of popular disapproval. By the same token, representing a client does not constitute approval of the client's views or activities.

**Agreements Limiting Scope of Representation**

[6] The scope of services to be provided by a lawyer may be limited by agreement with the client or by the terms under which the lawyer's services are made available to the client. When a lawyer has been retained by an insurer to represent an insured, for example, the representation may be limited to matters related to the insurance coverage. A limited representation may be appropriate because the client has limited objectives for the representation. In addition, the terms upon which representation is undertaken may exclude specific means that might otherwise be used to accomplish the client's objectives. Such limitations may exclude actions that the client thinks are too costly or that the lawyer regards as imprudent.

[7] Although this Rule affords the lawyer and client substantial latitude to limit the representation, the limitation must be reasonable under the circumstances. If, for example, a client's objective is limited to securing general information about the law the client needs in order to handle a common and typically uncomplicated legal problem, the lawyer and client may agree that the lawyer's services will be limited to a brief telephone consultation. Such a limitation, however, would not be reasonable if the time allotted was not sufficient to yield advice upon which the client could rely. Although an agreement for a limited representation does not exempt a lawyer from the duty to provide competent representation, the limitation is a factor to be considered when determining the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation. See Rule 1.1. Even where the scope of representation is expressly limited, the lawyer may still have a duty to alert the client to reasonably apparent legal problems outside the scope of representation.

[8] All agreements concerning a lawyer's representation of a client must accord with the Rules of Professional Conduct and other law. See, e.g., Rules 1.1, 1.8 and 5.6. See also California Rules of Court 3.35-3.37 (limited scope rules applicable in civil matters generally), and 5.70-5.71 (limited scope rules applicable in family law matters).

**Criminal, Fraudulent and Prohibited Transactions**

[9] Paragraph (d) prohibits a lawyer from knowingly counseling or assisting a client to commit a crime or fraud or to violate any rule, law, or ruling of a tribunal. However, this Rule does not prohibit a lawyer from giving a good faith opinion about the foreseeable consequences of a client's proposed conduct. Nor does the fact that a client uses advice in a course of action that is criminal or fraudulent of itself make a lawyer a party to the course of action. There is a critical distinction between presenting an analysis of legal aspects of questionable conduct and recommending the means by which a crime or fraud might be committed with impunity.

[10] The prohibition in paragraph (d)(1) applies whether or not the client's conduct has already begun and is continuing. For example, a lawyer may not draft or deliver documents that the lawyer knows are fraudulent; nor may the lawyer counsel how the wrongdoing might be concealed. The lawyer may not continue assisting a client in conduct that the lawyer originally believed was legally proper but later discovers is criminal, fraudulent, or the violation of any rule, law, or ruling of a tribunal. In any event, the lawyer shall not violate his or her duty of protecting all confidential information as provided in Rule 1.6 and Business and Professions Code section 6068(e). When a lawyer has been retained with respect to client conduct described in paragraph (d)(1), the lawyer shall limit his or her actions to those that appear to the lawyer to be in the best lawful interest of the client, including counseling the client about possible corrective or remedial action. In some cases, the lawyer's response is limited to the lawyer's right and, where appropriate, duty to resign or withdraw in accordance with Rule 1.16.

[11] Paragraph (d)(2) authorizes a lawyer to counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of a law, rule or ruling of a tribunal. Determining the validity, scope, meaning or application of a law, rule, or ruling of a tribunal in good faith may require a course of action involving disobedience of the law, rule, or ruling of a tribunal, or of the meaning placed upon it by governmental authorities. Paragraph (d)(2) also authorizes a lawyer to advise a client on the consequences of violating a law, rule, or ruling of a tribunal the client does not contend is unenforceable or unjust in itself, as a means of protesting a law or policy the client finds objectionable. For example, a lawyer may properly advise a client about the consequences of blocking the entrance to a public building as a means of protesting a law or policy the client believes to be unjust.

[12] If a lawyer comes to know or reasonably should know that a client expects assistance not permitted by these Rules or other law or if the lawyer intends to act contrary to the client's instructions, the lawyer must consult with the client regarding the limitations on the lawyer's conduct. See Rule 1.4(a)(6).