# EXHIBIT D

# Proposed Rule 1.2 [n/a]
# "Scope of Representation and Allocation
# of Authority Between Client and Lawyer"
### (Draft #5, 2/5/10)

**Summary:** This rule states a requirement that a lawyer abide by a client's decisions concerning the objective of the representation and that a lawyer obtain client consent to any limited scope representation. It also provides that a lawyer's representation does not constitute an endorsement of the client's views or activities and prohibits a lawyer from counseling or assisting a client's criminal or fraudulent conduct.

## Comparison with ABA Counterpart

| Rule | Comment |
|---|---|
| ☑ ABA Model Rule substantially adopted | ☐ ABA Model Rule substantially adopted |
| ☐ ABA Model Rule substantially rejected | ☐ ABA Model Rule substantially rejected |
| ☐ Some material additions to ABA Model Rule | ☑ Some material additions to ABA Model Rule |
| ☐ Some material deletions from ABA Model Rule | ☑ Some material deletions from ABA Model Rule |
| ☐ No ABA Model Rule counterpart | ☐ No ABA Model Rule counterpart |

## Primary Factors Considered

☑ Existing California Law

| | |
|---|---|
| Rule | Rules 3.36 – 3.37 and 5.70 – 5.71 of the California Rules of Court |
| Statute | Bus. & Prof. Code § 6104; Penal Code § 1018 |
| Case law | *Blanton v. Womancare Inc.* (1985) 38 Cal.App.3d 396 |

☐ State Rule(s) Variations (In addition, see provided excerpt of selected state variations.)

☐ Other Primary Factor(s)

## Rule Revision Commission Action/Vote to Recommend Rule Adoption
(13 Members Total – votes recorded may be less than 13 due to member absences)

Approved on 10-day Ballot, Less than Six Members Opposing Adoption ☐

Vote (see tally below)   ☑

      Favor Rule as Recommended for Adoption __9___
      Opposed Rule as Recommended for Adoption __0___
      Abstain ___0___

Approved on Consent Calendar   ☐

Approved by Consensus ☐

## Commission Minority Position, Known Stakeholders and Level of Controversy

Minority Position Included on Model Rule Comparison Chart: ☑ Yes    ☐ No
(See Introduction and Explanation of Changes for paragraph (a) in the Model Rule comparison chart.)

☑   No Known Stakeholders

☐   The Following Stakeholders Are Known:

|  |
|--|
|  |

☐   Very Controversial – Explanation:

|  |
|--|
|  |

☑   Moderately Controversial – Explanation:

| See the Introduction and Explanation of Changes for paragraph (a) of the proposed Rule in the Model Rule comparison chart. |
|--|

☐   Not Controversial

# COMMISSION FOR THE REVISION OF THE RULES OF PROFESSIONAL CONDUCT

## Proposed Rule 1.2[*] Scope of Representation and Allocation of Authority Between Client and Lawyer

February 2010
(Draft rule following consideration of public comment)

*INTRODUCTION:*

Proposed Rule 1.2 largely tracks Model Rule 1.2.  There are only two differences between the black letter of the Model Rule and the proposed Rule.  First, a clause has been added to paragraph (a) in recognition that in certain situations, a lawyer's consent to a guilty plea is required. Second, paragraph (d) has been divided into two subparagraphs for clarity, with subparagraph (d)(1) stating the general prohibition and subparagraph (d)(2) clarifying what a lawyer is permitted to do in providing counsel to the client.

The comments for paragraphs (a) through (c) (Comments [1]-[8]) closely follow the Model Rule comments, with citations to seminal California authority added.  In particular, a reference has been added in Comment [8] to California Rules of Court, Rules 3.35-3.37 (limited scope representation applicable in civil matters generally), and 5.70-5.71 (limited scope representation rules applicable in family law matters), implemented to promote access to justice.  The comments accompanying paragraph (d) (Comments [9]-[12]), which were prepared in conjunction with the Commission's consideration of proposed Rule 1.13 ("Organization as Client") have been substantially revised to provide better guidance to lawyers in providing counsel to clients.

***Minority.*** A minority of the Commission objects on the ground that the Rule is not suitable as a disciplinary rule. See Explanation of Changes for paragraph (a).

***Variation in Other Jurisdictions.***  Most jurisdictions have made minor changes to Model Rule 1.2.  At least four states (Maine, Missouri, New Hampshire, and Wyoming) have enhanced MR 1.2(c), limiting the scope of representation, to encourage lawyers to provide such services, thereby promoting the access to justice. See "Selected State Variations," Model Rule 1.2, from Gillers, Simon & Perlman, REGULATION OF LAWYERS: STATUTES AND STANDARDS (2009), attached.

---

[*] Proposed Rule 1.2, Draft 5 (2/5/10).  Redline/strikeout showing changes to the ABA Model Rule.

RRC - 3-210 [1-2] - Compare - Introduction - DFT3 (02-05-10)DS-KEM-LM.doc

| ABA Model Rule<br><br>Rule 1.2 Scope of Representation and Allocation of Authority Between Client and Lawyer | Commission's Proposed Rule[*]<br><br>Rule 1.2 Scope of Representation and Allocation of Authority Between Client and Lawyer | Explanation of Changes to the ABA Model Rule |
|---|---|---|
| (a)  Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter. In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify. | (a)  Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued.  A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation.  A lawyer shall abide by a client's decision whether to settle a matter. ~~In~~ Except as otherwise provided by law in a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify. | Paragraph (a) is substantially similar to Model Rule 1.2(a), except the last sentence has been revised to recognize that, at least in California, there are certain situations under which a lawyer's consent to a guilty plea is required. See Penal Code § 1018.  See also Comment [1].<br><br>Minority. A minority of the Commission objects to the Rule on the ground that, although it might be appropriate as a statement of hortatory principles, it is wrong as a disciplinary rule and will conflict with lawyers' duties to their clients, both constitutional and statutory.  The minority identifies a fundamental problem in that there is no clear distinction between the "objectives" and the "means" of representation.  For example, in a criminal case, the accused has a constitutional right to have the complaining witness cross-examined.  If we characterize the decision about whether to cross-examine that witness as "means" and therefore within the dominion of the lawyer, we deprive the accused of a fundamental Constitutional right.  Denial of cross-examination of a witness without a waiver by the client is ". . . a constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it." *Brookhart v. Janis*, 384 U.S. 1, 3 (1966).  A rule of professional conduct should not deprive a client of a Constitutional right. The majority notes that the rule does not countenance such conduct by the lawyer.  As explained in Comment [1], decisions concerning a client's "substantial rights" are within the province of the client.  The rule does not require a lawyer to ignore the client's interests in making decisions about how to conduct a case; rather, it emphasizes that the lawyer must be sensitive to the client's rights and interests. |

---

[*] Proposed Rule 1.2, Draft 5 (2/5/10).  Redline/strikeout showing changes to the ABA Model Rule

| ABA Model Rule<br><br>Rule 1.2 Scope of Representation and Allocation of Authority Between Client and Lawyer | Commission's Proposed Rule[*]<br><br>Rule 1.2 Scope of Representation and Allocation of Authority Between Client and Lawyer | Explanation of Changes to the ABA Model Rule |
|---|---|---|
| | | The minority also suggests that, even if there were a valid distinction between "objectives" and "means," as to many "means," the client should be able to instruct the lawyer.  Again, the rule provides for exactly that outcome. See Comment [1].<br><br>Finally, the minority observes that, in some cases, a lawyer must be able to disagree with a client's decisions concerning the objectives of the representation and to refuse to "abide by" the client's decision as to a plea in a criminal case.  The minority notes that if a lawyer believes there is a valid defense in a death penalty case, the lawyer is required to exercise independent judgment about whether to oppose the client's plea and to advocate against conviction or the death penalty.  Penal Code section 1018, which states in part: "No plea of guilty of a felony for which the maximum punishment is death, or life imprisonment without the possibility of parole, shall be received from a defendant who does not appear with counsel, nor shall that plea be received without the consent of the defendant's counsel." See, e.g., People v. Massie, 40 Cal. 3d 620 (1985); People v. Alfaro (2007) 41 Cal.4th 1277, cert. denied 128 S.Ct. 1476, 170 L.Ed.2d 300.  The minority concludes that, if the Supreme Court approves Rule 1.2, so a lawyer who does not comply with a client's decision regarding a plea in a criminal case faces discipline, then the validity of Penal Code section 1018 is jeopardized. |
| (b)   A lawyer's representation of a client, including representation by appointment, does not constitute an endorsement of the client's political, economic, social or moral views or activities. | (b)   A lawyer's representation of a client, including representation by appointment, does not constitute an endorsement of the client's political, economic, social or moral views or activities. | Paragraph (b) is identical to Model Rule 1.2(b). |

RRC - 3-210 [1-2] - Compare - Rule & Comment Explanation - DFT3 (02-05-10)DS-KEM-LM.doc

| ABA Model Rule<br><br>Rule 1.2 Scope of Representation and Allocation of Authority Between Client and Lawyer | Commission's Proposed Rule*<br><br>Rule 1.2 Scope of Representation and Allocation of Authority Between Client and Lawyer | Explanation of Changes to the ABA Model Rule |
|---|---|---|
| (c)   A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent. | (c)   A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent. | Paragraph (c) is identical to Model Rule 1.2(c). |
| (d)   A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent, but a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of the law. | (d)   (1)   A lawyer shall not counsel a client to engage, or assist a client in conduct that the lawyer knows is criminal, ~~or~~ fraudulent, or a violation of any law, rule, or ruling of a tribunal.<br><br>(2)   Notwithstanding paragraph (d)(1), ~~but~~ a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of ~~the~~a law, rule, or ruling of a tribunal. | Paragraph (d) is based on Model Rule 1.2(d), retaining both its substance and language.  The single Model Rule paragraph has been split into two subparagraphs for clarity: subparagraph (d)(1) sets forth the general prohibition and subparagraph (d)(2) clarifies what the lawyer is permitted to do.<br><br>In addition, the phrase "violation of any law, rule or ruling of a tribunal" is added to the scope of the rule for greater protection of the public and the fair administration of justice. |

| ABA Model Rule | Commission's Proposed Rule | Explanation of Changes to the ABA Model Rule |
|---|---|---|
| **Rule 1.2 Scope of Representation and Allocation of Authority Between Client and Lawyer** | **Rule 1.2 Scope of Representation and Allocation of Authority Between Client and Lawyer** | |
| **Comment** | **Comment** | |
| **Allocation of Authority between Client and Lawyer** | **Allocation of Authority between Client and Lawyer** | Comment [1] is based on Model Rule 1.2, cmt. [1] but makes five changes to conform the comment to California law. |
| [1] Paragraph (a) confers upon the client the ultimate authority to determine the purposes to be served by legal representation, within the limits imposed by law and the lawyer's professional obligations. The decisions specified in paragraph (a), such as whether to settle a civil matter, must also be made by the client. See Rule 1.4(a)(1) for the lawyer's duty to communicate with the client about such decisions. With respect to the means by which the client's objectives are to be pursued, the lawyer shall consult with the client as required by Rule 1.4(a)(2) and may take such action as is impliedly authorized to carry out the representation. | [1] Paragraph (a) confers upon the client the ultimate authority to determine the purposes to be served by legal representation, within the limits imposed by law and the lawyer's professional obligations. See e.g. Penal Code section 1018. A lawyer is not authorized merely by virtue of the lawyer's retention by a client, to impair the client's substantial rights or the client's claim itself. *Blanton v. Womancare, Inc.* (1985) 38 Cal.3d 396, 404 [212 Cal.Rptr. 151, 156]. Accordingly, ~~The~~ the decisions specified in paragraph (a), such as whether to settle a civil matter or waive a jury trial in a civil matter, must also be made by the client. See Rule 1.4(ac)(1) for the lawyer's duty to communicate with the client about such decisions. With respect to the means by which the client's objectives are to be pursued, the lawyer shall consult with the client as required by Rule 1.4(a)(2) and may take such action as is impliedly authorized to carry out the representation, provided the lawyer does not violate Business and Professions Code section 6068(e) or Rule 1.6. | First, as a specific example of "limits imposed by law and the lawyer's professional obligations," the comment includes a reference to Penal Code § 1018, which provides: "No plea of guilty of a felony for which the maximum punishment is death, or life imprisonment without the possibility of parole, shall be received from a defendant who does not appear with counsel, nor shall that plea be received without the consent of the defendant's counsel."

Second, it adds language and a citation to well-settled California authority, *Blanton v. Womancare, Inc.*, concerning the allocation of authority between lawyer and client.

Third, it recognizes that in California, the authority under the California Constitution to waive a jury trial in a civil matter resides in the client.

Fourth, it substitutes a cross-reference to proposed Rule 1.4(c), which expressly sets forth a lawyer's communication duties concerning settlement offers. Rule 1.4(c) carries forward current rule 3-510, which itself conforms to legislative policy in Bus. & Prof. Code § 6103.5. |

| ABA Model Rule<br><br>Rule 1.2 Scope of Representation and Allocation of Authority Between Client and Lawyer<br><br>Comment | Commission's Proposed Rule<br><br>Rule 1.2 Scope of Representation and Allocation of Authority Between Client and Lawyer<br><br>Comment | Explanation of Changes to the ABA Model Rule |
|---|---|---|
| | | Finally, Comment [1] clarifies that acting with the client's implied authority does not include implied authority to disclose client confidential information protected by Bus. & Prof. Code section 6068(e) or rule 1.6 of these rules.  By clarifying that implied authorization does not include implied disclosure of confidential information, this provides greater protection to consumers of legal services and conforms the rule to current California law and proposed Rule 1.6. |
| [2] On occasion, however, a lawyer and a client may disagree about the means to be used to accomplish the client's objectives.  Clients normally defer to the special knowledge and skill of their lawyer with respect to the means to be used to accomplish their objectives, particularly with respect to technical, legal and tactical matters.  Conversely, lawyers usually defer to the client regarding such questions as the expense to be incurred and concern for third persons who might be adversely affected.   Because of the varied nature of the matters about which a lawyer and client might disagree and because the actions in question may implicate the interests of a tribunal or other persons, this Rule does not prescribe how such disagreements are to be resolved.   Other law, however, may be applicable and should be consulted by the lawyer.  The lawyer should also consult with the client and seek a mutually acceptable resolution of the disagreement. If such efforts are unavailing and the lawyer has a | [2] On occasion, however, a lawyer and a client may disagree about the means to be used to accomplish the client's objectives.  Clients normally defer to the special knowledge and skill of their lawyer with respect to the means to be used to accomplish their objectives, particularly with respect to technical, legal and tactical matters.  Conversely, lawyers usually defer to the client regarding such questions as the expense to be incurred and concern for third persons who might be adversely affected.   Because of the varied nature of the matters about which a lawyer and client might disagree and because the actions in question may implicate the interests of a tribunal or other persons, this Rule does not prescribe how such disagreements are to be resolved.   Other law, however, may be applicable and should be consulted by the lawyer.  The lawyer should also consult with the client and seek a mutually acceptable resolution of the disagreement.  If such efforts are unavailing and the lawyer has a | Comment [2] is identical to Model Rule 1.2, cmt. [2], except that the specific reference to Model Rule 1.16(b)(4) has been deleted because the Commission recommends not adopting that subparagraph.   Model Rule 1.16(b)(4) permits a lawyer to withdraw from representing a client if: "(4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the employment effectively."   The Commission's recommended drafting of Rule 1.16 increases client protection by narrowing a lawyer's right to withdraw from a representation. Consequently, the Comment now generally points the lawyer to proposed Rule 1.16(b), which governs permissive withdrawal from the representation. |

RRC - 3-210 [1-2] - Compare - Rule & Comment Explanation - DFT3 (02-05-10)DS-KEM-LM.doc

| ABA Model Rule<br><br>Rule 1.2 Scope of Representation and Allocation of Authority Between Client and Lawyer<br><br>Comment | Commission's Proposed Rule<br><br>Rule 1.2 Scope of Representation and Allocation of Authority Between Client and Lawyer<br><br>Comment | Explanation of Changes to the ABA Model Rule |
|---|---|---|
| fundamental disagreement with the client, the lawyer may withdraw from the representation. See Rule 1.16(b)(4).  Conversely, the client may resolve the disagreement by discharging the lawyer. See Rule 1.16(a)(3). | fundamental disagreement with the client, the lawyer may withdraw from the representation. See Rule 1.16(b)(4).  Conversely, the client may resolve the disagreement by discharging the lawyer. See Rule 1.16(a)(3). | |
| [3]  At the outset of a representation, the client may authorize the lawyer to take specific action on the client's behalf without further consultation.  Absent a material change in circumstances and subject to Rule 1.4, a lawyer may rely on such an advance authorization.  The client may, however, revoke such authority at any time. | [3]  At the outset of, or during a representation, the client may authorize the lawyer to take specific action on the client's behalf without further consultation.   Absent a material change in circumstances and subject to Rule 1.4, a lawyer may rely on such an advance authorization.  The client may, however, revoke such authority at any time. | Comment [3] is identical to MR 1.2, cmt. [3], except that it clarifies that a client may authorize the lawyer to take specific action at any time during the representation. |
| [4]  In a case in which the client appears to be suffering diminished capacity, the lawyer's duty to abide by the client's decisions is to be guided by reference to Rule 1.14. | [4]  In a case in which the client appears to be suffering diminished capacity, the lawyer's duty to abide by the client's decisions is to be guided by reference to Rule 1.14. | Comment [4] is identical to MR 1.2, cmt. [3]. |
| **Independence from Client's Views or Activities**<br><br>[5]  Legal representation should not be denied to people who are unable to afford legal services, or whose cause is controversial or the subject of popular disapproval.   By the same token, representing a client does not constitute approval of the client's views or activities. | **Independence from Client's Views or Activities**<br><br>[5]  Legal representation should not be denied to people who are unable to afford legal services, or whose cause is controversial or the subject of popular disapproval.   By the same token, representing a client does not constitute approval of the client's views or activities. | Comment [5] is identical to MR 1.2, cmt. [5].  It is consistent with legislative policy in Bus. & Prof. Code § 6068(h), which provides it is the duty of a lawyer: "(h) Never to reject, for any consideration personal to himself or herself, the cause of the defenseless or the oppressed." |

RRC - 3-210 [1-2] - Compare - Rule & Comment Explanation - DFT3 (02-05-10)DS-KEM-LM.doc

| ABA Model Rule<br><br>Rule 1.2 Scope of Representation and Allocation of Authority Between Client and Lawyer<br><br>Comment | Commission's Proposed Rule<br><br>Rule 1.2 Scope of Representation and Allocation of Authority Between Client and Lawyer<br><br>Comment | Explanation of Changes to the ABA Model Rule |
|---|---|---|
| **Agreements Limiting Scope of Representation**<br><br>[6]  The scope of services to be provided by a lawyer may be limited by agreement with the client or by the terms under which the lawyer's services are made available to the client.  When a lawyer has been retained by an insurer to represent an insured, for example, the representation may be limited to matters related to the insurance coverage.  A limited representation may be appropriate because the client has limited objectives for the representation. In addition, the terms upon which representation is undertaken may exclude specific means that might otherwise be used to accomplish the client's objectives.  Such limitations may exclude actions that the client thinks are too costly or that the lawyer regards as repugnant or imprudent. | **Agreements Limiting Scope of Representation**<br><br>[6]  The scope of services to be provided by a lawyer may be limited by agreement with the client or by the terms under which the lawyer's services are made available to the client.  When a lawyer has been retained by an insurer to represent an insured, for example, the representation may be limited to matters related to the insurance coverage.  A limited representation may be appropriate because the client has limited objectives for the representation. In addition, the terms upon which representation is undertaken may exclude specific means that might otherwise be used to accomplish the client's objectives.  Such limitations may exclude actions that the client thinks are too costly or that the lawyer regards as ~~repugnant or~~ imprudent. | Comment [6] is nearly identical to Model Rule 1.2, cmt. [6], the only change being the deletion of "repugnant," a term found in Model Rule 1.16(b)(4), a provision the Commission recommends not adopting. See Explanation of Changes, Comment [2], above. |
| [7]  Although this Rule affords the lawyer and client substantial latitude to limit the representation, the limitation must be reasonable under the circumstances.  If, for example, a client's objective is limited to securing general information about the law the client needs in order to handle a common and typically uncomplicated legal problem, the lawyer and client may agree that the lawyer's services will be limited to a brief telephone consultation.  Such a limitation, however, would not be reasonable if the time allotted was not sufficient to yield advice upon which the client could rely.  Although an agreement | [7]  Although this Rule affords the lawyer and client substantial latitude to limit the representation, the limitation must be reasonable under the circumstances.  If, for example, a client's objective is limited to securing general information about the law the client needs in order to handle a common and typically uncomplicated legal problem, the lawyer and client may agree that the lawyer's services will be limited to a brief telephone consultation.  Such a limitation, however, would not be reasonable if the time allotted was not sufficient to yield advice upon which the client could rely.  Although an agreement | Comment [7] is nearly identical to Model Rule 1.2, cmt. [7]. However, a sentence has been added at the end of the comment to alert lawyers that they may be obligated to inform clients of legal problems that fall outside the scope of representation. See, e.g., Nichols v. Keller (1993) 19 Cal.Rptr.2d 601. |

RRC - 3-210 [1-2] - Compare - Rule & Comment Explanation - DFT3 (02-05-10)DS-KEM-LM.doc

| ABA Model Rule<br><br>Rule 1.2 Scope of Representation and Allocation of Authority Between Client and Lawyer<br><br>Comment | Commission's Proposed Rule<br><br>Rule 1.2 Scope of Representation and Allocation of Authority Between Client and Lawyer<br><br>Comment | Explanation of Changes to the ABA Model Rule |
|---|---|---|
| for a limited representation does not exempt a lawyer from the duty to provide competent representation, the limitation is a factor to be considered when determining the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation. See Rule 1.1. | for a limited representation does not exempt a lawyer from the duty to provide competent representation, the limitation is a factor to be considered when determining the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation. See Rule 1.1. Even where the scope of representation is expressly limited, the lawyer may still have a duty to alert the client to reasonably apparent legal problems outside the scope of representation. | |
| [8] All agreements concerning a lawyer's representation of a client must accord with the Rules of Professional Conduct and other law. See, e.g., Rules 1.1, 1.8 and 5.6. | [8] All agreements concerning a lawyer's representation of a client must accord with the Rules of Professional Conduct and other law. See, e.g., Rules 1.1, 1.8 and 5.6. See also California Rules of Court, Rules 3.35 -3.37 (limited scope rules applicable in civil matters generally), and 5.70-5.71 (limited scope rules applicable in family law matters). | Comment [8] is based on Model Rule 1.2, cmt. [8] and is identical, except that references to the California Rules of Court on limited scope representation have been added to apprise lawyers of these important provisions for access to justice. |
| **Criminal, Fraudulent and Prohibited Transactions**<br><br>[9]  Paragraph (d) prohibits a lawyer from knowingly counseling or assisting a client to commit a crime or fraud. This prohibition, however, does not preclude the lawyer from giving an honest opinion about the actual consequences that appear likely to result from a client's conduct. Nor does the fact that a client uses advice in a course of action that is criminal or fraudulent of itself make a lawyer a party to the | **Criminal, Fraudulent and Prohibited Transactions**<br><br>[9]  Paragraph (d) prohibits a lawyer from knowingly counseling or assisting a client to commit a crime or fraud. ~~This prohibition~~ or to violate any rule, law, or ruling of a tribunal. However, this Rule does not ~~preclude the~~prohibit a lawyer from giving ~~an honest~~a good faith opinion about the ~~actual~~foreseeable consequences ~~that appear likely to result from~~of a client's proposed conduct. Nor | Comment [9] is based on Model Rule 1.2, cmt. [9], but adds language primarily to conform to and explain the added scope of proposed paragraph (d).<br><br>Sentence 1 adds the language of the expanded scope of proposed paragraph (d) by adding "or to violate any rule, law or ruling of a tribunal." |

RRC - 3-210 [1-2] - Compare - Rule & Comment Explanation - DFT3 (02-05-10)DS-KEM-LM.doc

11

| ABA Model Rule Rule 1.2 Scope of Representation and Allocation of Authority Between Client and Lawyer Comment | Commission's Proposed Rule Rule 1.2 Scope of Representation and Allocation of Authority Between Client and Lawyer Comment | Explanation of Changes to the ABA Model Rule |
|---|---|---|
| course of action. There is a critical distinction between presenting an analysis of legal aspects of questionable conduct and recommending the means by which a crime or fraud might be committed with impunity. | does the fact that a client uses advice in a course of action that is criminal or fraudulent of itself make a lawyer a party to the course of action.  There is a critical distinction between presenting an analysis of legal aspects of questionable conduct and recommending the means by which a crime or fraud might be committed with impunity. | Sentence 2 substitutes "prohibit" for "preclude" to clarify that the prohibition is mandatory.  It substitutes "good faith" for "honest" to change from the subjective standard to an objective standard.  The words "forseeable consequences of a client's proposed conduct" have been substituted for "actual consequences that appear likely to result from a client's conduct" for the sake of clarification, brevity and to create an objective rather than subjective standard. |
| [10]When the client's course of action has already begun and is continuing, the lawyer's responsibility is especially delicate. The lawyer is required to avoid assisting the client, for example, by drafting or delivering documents that the lawyer knows are fraudulent or by suggesting how the wrongdoing might be concealed. A lawyer may not continue assisting a client in conduct that the lawyer originally supposed was legally proper but then discovers is criminal or fraudulent. The lawyer must, therefore, withdraw from the representation of the client in the matter. See Rule 1.16(a). In some cases, withdrawal alone might be insufficient. It may be necessary for the lawyer to give notice of the fact of withdrawal and to disaffirm any opinion, document, affirmation or the like. See Rule 4.1. | [10]~~When the client's course of action has already begun and is continuing, the lawyer's responsibility is especially  delicate.~~The prohibition in paragraph (d)(1) applies whether or not the client's conduct has already begun and is continuing. ~~The lawyer is required  to avoid assisting the client, for~~ For example, ~~by drafting~~ a lawyer may not draft or ~~delivering~~deliver documents that the lawyer knows are fraudulent ~~or by suggesting~~; nor may the lawyer counsel how the wrongdoing might be concealed. ~~A~~ The lawyer may not continue assisting a client in conduct that the lawyer originally ~~supposed~~believed was legally proper but ~~then~~later discovers is criminal ~~or~~, fraudulent. ~~The lawyer must, therefore, withdraw from~~or the ~~representation~~violation of any rule, law, or ruling of a tribunal. In any event, the lawyer shall not violate his or her duty of protecting all confidential information as provided in Business & Professions Code section 6068(e)(1).  When a lawyer has been retained with respect to client conduct described in paragraph  (d)(1), the lawyer shall limit his or her actions to those that appear to the lawyer to be in | Although the concepts contained in Model Rule 1.2, cmt. [10] have been retained, the comment has been redrafted to remove ambiguity and to create a brighter line for lawyer guidance and public protection.

Sentence 1 of the Model Rule comment has been stricken because it provides no guidance (i.e., telling a lawyer that a situation is delicate provides no guidance concerning conduct). Substituted sentence 1 provides guidance by clarifying that a lawyer must  comply with subparagraph (d)(1) regardless of the temporal status of the client's conduct.

Sentence 2 strikes language creating ambiguity and clarifies that a lawyer may not engage in the conduct described.

Sentence 3 substitutes "believed" for "supposed" and "later" for "then" to removed ambiguity and to conform with the proposed black letter rule.

Sentence 4 has been added to conform the Comment to statutory duties of confidentiality. |

RRC - 3-210 [1-2] - Compare - Rule & Comment Explanation - DFT3 (02-05-10)DS-KEM-LM.doc

| ABA Model Rule<br><br>Rule 1.2 Scope of Representation and Allocation of Authority Between Client and Lawyer<br><br>Comment | Commission's Proposed Rule<br><br>Rule 1.2 Scope of Representation and Allocation of Authority Between Client and Lawyer<br><br>Comment | Explanation of Changes to the ABA Model Rule |
|---|---|---|
| | the best lawful interest of the client in, including counseling the matter. See Rule 1.16(a)client about possible corrective or remedial action. In some cases, withdrawal alone might be insufficient. It may be necessary for the lawyerlawyer's response is limited to give notice of the fact of withdrawallawyer's right and, where appropriate, duty to disaffirm any opinion, document, affirmationresign or the like. Seewithdraw in accordance with Rule 4.11.16. | Sentence 5 has been added to clarify that the lawyer's duties are consistent with California law.<br><br>Sentence 6 retains the Model Rule Comment concept of withdrawal but clarifies that the option may be mandatory or permissive, depending upon the circumstances.<br><br>The last sentence of the Model Rule Comment concerning disaffirmation of "any opinion, document, affirmation or the like," has been deleted to conform to California policies of confidentiality, which do not permit "noisy" withdrawals. |
| [11]Where the client is a fiduciary, the lawyer may be charged with special obligations in dealings with a beneficiary. | [11]Where the client is a fiduciary, the lawyer may be charged with special obligations in dealings with a beneficiary. | Model Rule 1.2, cmt. [11] has been stricken because it is ambiguous and may imply a relationship with beneficiaries that is not consistent with California law. For example, a lawyer representing a trustee generally has no duties or special obligations to the beneficiaries of a trust. |
| [12] Paragraph (d) applies whether or not the defrauded party is a party to the transaction. Hence, a lawyer must not participate in a transaction to effectuate criminal or fraudulent avoidance of tax liability. Paragraph (d) does not preclude undertaking a criminal defense incident to a general retainer for legal services to a lawful enterprise. The last clause of paragraph (d) recognizes that determining the validity or interpretation of a statute or regulation may require a course of action involving disobedience of the statute or regulation or of the interpretation placed upon it by governmental | [1211] Paragraph (d)(2) authorizes applies whether or not the defrauded party is a party to the transaction. Hence, a lawyer must not participate in a transaction to effectuate criminalcounsel or fraudulent avoidance of tax liability. Paragraph (d) does not preclude undertakingassist a criminal defense incidentclient to make a general retainer for legal servicesgood faith effort to a lawful enterprise. The last clause of paragraph (d) recognizes that determiningdetermine the validity, scope, meaning or interpretationapplication of a statutelaw, rule or regulationruling of a tribunal. Determining the | Although Comment [11] retains the concepts contained in Model Rule 1.2, cmt. [12], the Model Rule comment has been substantially revised to provide better guidance to lawyers, and thus better protection to client's, concerning the scope of sub paragraph (d)(2)'s permitted conduct. In particular, in the last two sentences the revised comment expands on the last clause of subparagraph (d)(2), providing guidance to lawyers whose clients intend to engage in civil disobedience. |

| ABA Model Rule<br>Rule 1.2 Scope of Representation and Allocation of Authority Between Client and Lawyer<br>Comment | Commission's Proposed Rule<br>Rule 1.2 Scope of Representation and Allocation of Authority Between Client and Lawyer<br>Comment | Explanation of Changes to the ABA Model Rule |
|---|---|---|
| authorities. | validity, scope, meaning or application of a law, rule, or ruling of a tribunal in good faith may require a course of action involving disobedience of the statutelaw, rule, or regulationruling of a tribunal, or of the interpretationmeaning placed upon it by governmental authorities.  Paragraph (d)(2) also authorizes a lawyer to advise a client on the consequences of violating a law, rule, or ruling of a tribunal the client does not contend is unenforceable or unjust in itself, as a means of protesting a law or policy the client finds objectionable.  For example, a lawyer may properly advise a client about the consequences of blocking the entrance to a public building as a means of protesting a law or policy the client believes to be unjust. | |
| [13] If a lawyer comes to know or reasonably should know that a client expects assistance not permitted by the Rules of Professional Conduct or other law or if the lawyer intends to act contrary to the client's instructions, the lawyer must consult with the client regarding the limitations on the lawyer's conduct. See Rule 1.4(a)(5). | [1312] If a lawyer comes to know or reasonably should know that a client expects assistance not permitted by thethese Rules of Professional Conduct or other law or if the lawyer intends to act contrary to the client's instructions, the lawyer must consult with the client regarding the limitations on the lawyer's conduct. See Rule 1.4(a)(56). | Comment [12] is based on Model Rule 1.2, cmt. [13].  The only changes are to conform to California rules style and to correct a cross-reference. |

## Rule 1.2  Scope Of Representation And Allocation Of Authority Between Client And Lawyer

### (Comparison of the Current Proposed Rule to the initial Public Comment Draft)

(a)   Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued.  A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation.  A lawyer shall abide by a client's decision whether to settle a matter.  InExcept as otherwise provided by law in a criminal case, as required the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

(b)   A lawyer's representation of a client, including representation by appointment, does not constitute an endorsement of the client's political, economic, social or moral views or activities.

(c)   A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent.

(d)   (1)   A lawyer shall not counsel a client to   engage, or assist a client in conduct that the lawyer knows is criminal, fraudulent, or a violation of any law, rule, or ruling of a tribunal

     (2)   Notwithstanding paragraph (d)(1), a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope,   meaning or application of a law, rule, or ruling of a tribunal.

**Comment**

[1]   Paragraph (a) confers upon the client the ultimate authority to determine the purposes to be served by legal representation, within the limits imposed by law and the lawyer's professional obligations. See e.g. Penal Code section 1018.   A lawyer is not authorized merely by virtue of the lawyer's retention by a client, to impair the client's substantial rights or the client's claim itself. *Blanton v. Womancare, Inc.* (1985) 38 Cal.3d 396, 404 [212 Cal.Rptr. 151, 156].)  Accordingly, the decisions specified in paragraph (a), such as whether to settle a civil matter or waive a jury trial in a civil matter, must also be made by the client. See Rule [1.4(c)] for the lawyer's duty to communicate with the client about such decisions.  With respect to the means by which the client's objectives are to be pursued, the lawyer shall consult with the client as required by Rule 1.4(a)(2) and may take such action as is impliedly authorized to carry out the representation, provided the lawyer does not violate Rule 1.6 or Business and Professions Code section 6068(e) or Rule 1.6.

[2]   On occasion, however, a lawyer and a client may disagree about the means to be used to accomplish the client's objectives.   Clients normally defer to the special knowledge and skill of their lawyer with respect to the means to be used to accomplish their objectives, particularly with respect to technical, legal and tactical matters.  Conversely, lawyers usually defer to the client regarding such questions as the expense to be incurred and concern for third persons who might be adversely affected.  Because of the varied nature of the matters about which a lawyer and client might disagree and because the actions in question may implicate the interests of a tribunal or other

persons, this Rule does not prescribe how such disagreements are to be resolved.  Other law, however, may be applicable and should be consulted by the lawyer.  The lawyer should also consult with the client and seek a mutually acceptable resolution of the disagreement.  If such efforts are unavailing and the lawyer has a fundamental disagreement with the client, the lawyer may withdraw from the representation. See Rule 1.16(b). Conversely, the client may resolve the disagreement by discharging the lawyer. See Rule 1.16(a)(3).

[3]     At the outset of, or during a representation, the client may authorize the lawyer to take specific action on the client's behalf without further consultation.  Absent a material change in circumstances and subject to Rule 1.4, a lawyer may rely on such an advance authorization.  The client may, however, revoke such authority at any time.

[4]     In a case in which the client appears to be suffering diminished capacity, the lawyer's duty to abide by the client's decisions is to be guided by reference to Rule 1.14.

*Independence from Client's Views or Activities*

[5]     Legal representation should not be denied to people who are unable to afford legal services, or whose cause is controversial or the subject of popular disapproval.  By the same token, representing a client does not constitute approval of the client's views or activities.

*Agreements Limiting Scope of Representation*

[6]     The scope of services to be provided by a lawyer may be limited by agreement with the client or by the terms under which the lawyer's services are made available to the client.  When a lawyer has been retained by an insurer to represent an insured, for example, the representation may be limited to matters related to the insurance

coverage.  A limited representation may be appropriate because the client has limited objectives for the representation.  In addition, the terms upon which representation is undertaken may exclude specific means that might otherwise be used to accomplish the client's objectives.  Such limitations may exclude actions that the client thinks are too costly or that the lawyer regards as imprudent.

[7]     Although this Rule affords the lawyer and client substantial latitude to limit the representation, the limitation must be reasonable under the circumstances.  If, for example, a client's objective is limited to securing general information about the law the client needs in order to handle a common and typically uncomplicated legal problem, the lawyer and client may agree that the lawyer's services will be limited to a brief telephone consultation.  Such a limitation, however, would not be reasonable if the time allotted was not sufficient to yield advice upon which the client could rely.  Although an agreement for a limited representation does not exempt a lawyer from the duty to provide competent representation, the limitation is a factor to be considered when determining the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.  See Rule 1.1.  Even where the scope of representation is expressly limited, the lawyer may still have a duty to alert the client to reasonably apparent legal problems outside the scope of representation.

[8]     All agreements concerning a lawyer's representation of a client must accord with the Rules of Professional Conduct and other law. See, e.g., Rules 1.1, 1.8 and 5.6. See also California Rules of Court. Rules 3.35-3.37 (limited scope rules applicable in civil matters generally), and 5.70-5.71 (limited scope rules applicable in family law matters).

RRC - 1.2 - REDLINE - DFT5 cf. PC Draft

*Criminal, Fraudulent and Prohibited Transactions*

[9]     Paragraph (d) prohibits a lawyer from knowingly counseling or assisting a client to commit a crime or fraud or to violate any rule, law, or ruling of a tribunal. However, this Rule does not prohibit a lawyer from giving a good faith opinion about the foreseeable consequences of a client's proposed conduct.  Nor does the fact that a client uses advice in a course of action that is criminal or fraudulent of itself make a lawyer a party to the course of action.  There is a critical distinction between presenting an analysis of legal aspects of questionable conduct and recommending the means by which a crime or fraud might be committed with impunity.

[10]    The prohibition in paragraph (d)(1) applies whether or not the client's conduct has already begun and is continuing.  For example, a lawyer may not draft or deliver documents that the lawyer knows are fraudulent; nor may the lawyer counsel how the wrongdoing might be concealed.  The lawyer may not continue assisting a client in conduct that the lawyer originally believed was legally proper but later discovers is criminal, fraudulent, or the violation of any rule, law, or ruling of a tribunal.  In any event, the lawyer shall not violate his or her duty of protecting all confidential information as provided in Rule 1.6 and Business &and Professions Code section 6068(e)(1).  When a lawyer has been retained with respect to client conduct described in paragraph (d)(1), the lawyer shall limit his or her actions to those that appear to the lawyer to be in the best lawful interest of the client, including counseling the client about possible corrective or remedial action.  In some cases, the lawyer's response is limited to the lawyer's right and, where appropriate, duty to resign or withdraw in accordance with Rule 1.16.

[11]    Paragraph (d)(2) authorizes a lawyer to counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of a law, rule or ruling of a tribunal.  Determining the validity, scope, meaning or application of a law, rule, or ruling of a tribunal in good faith may require a course of action involving disobedience of the law, rule, or ruling of a tribunal, or of the meaning placed upon it by governmental authorities.  Paragraph (d)(2) also authorizes a lawyer to advise a client on the consequences of violating a law, rule, or ruling of a tribunal the client does not contend is unenforceable or unjust in itself, as a means of protesting a law or policy the client finds objectionable.  For example, a lawyer may properly advise a client about the consequences of blocking the entrance to a public building as a means of protesting a law or policy the client believes to be unjust.

[12]    If a lawyer comes to know or reasonably should know that a client expects assistance not permitted by these Rules or other law or if the lawyer intends to act contrary to the client's instructions, the lawyer must consult with the client regarding the limitations on the lawyer's conduct. See [Rule 1.4(a)(6)].

RRC - 1.2 - REDLINE - DFT5 cf. PC Draft

17

# Rule 1.2 Scope Of Representation And Allocation Of Authority Between Client And Lawyer

(Commission's Proposed Rule – Clean Version)

(a)    Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued.  A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation.  A lawyer shall abide by a client's decision whether to settle a matter.  Except as otherwise provided by law in a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

(b)    A lawyer's representation of a client, including representation by appointment, does not constitute an endorsement of the client's political, economic, social or moral views or activities.

(c)    A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent.

(d)    (1)    A lawyer shall not counsel a client to   engage, or assist a client in conduct that the lawyer knows is criminal, fraudulent, or a violation of any law, rule, or ruling of a tribunal.

       (2)    Notwithstanding paragraph (d)(1), a lawyer may discuss the legal consequences of any   proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of a law, rule, or ruling of a tribunal.

**Comment**

**Allocation of Authority between Client and Lawyer**

[1]    Paragraph (a) confers upon the client the ultimate authority to determine the purposes to be served by legal representation, within the limits imposed by law and the lawyer's professional obligations. See e.g. Penal Code section 1018.   A lawyer is not authorized merely by virtue of the lawyer's retention by a client, to impair the client's substantial rights or the client's claim itself. *Blanton v. Womancare, Inc.* (1985) 38 Cal.3d 396, 404 [212 Cal.Rptr. 151, 156].) Accordingly, the decisions specified in paragraph (a), such as whether to settle a civil matter or waive a jury trial in a civil matter,  must also be made by the client. See Rule 1.4(c) for the lawyer's duty to communicate with the client about such decisions.  With respect to the means by which the client's objectives are to be pursued, the lawyer shall consult with the client as required by Rule 1.4(a)(2) and may take such action as is impliedly authorized to carry out  the representation, provided the lawyer does not violate Rule 1.6 or Business and Professions Code section 6068(e).

[2]    On occasion, however, a lawyer and a client may disagree about the means to be used to accomplish the client's objectives.   Clients normally defer to the special knowledge and skill of their lawyer with respect to the means to be used to accomplish their objectives, particularly with respect to technical, legal and tactical matters. Conversely, lawyers usually defer to the client regarding such questions as the expense to be incurred and concern for third persons

RRC 1.2 - Clean-Landscape - DFT 5 (02-05-10)-LM

who might be adversely affected.  Because of the varied nature of the matters about which a lawyer and client might disagree and because the actions in question may implicate the interests of a tribunal or other persons, this Rule does not prescribe how such disagreements are to be resolved.  Other law, however, may be applicable and should be consulted by the lawyer.  The lawyer should also consult with the client and seek a mutually acceptable resolution of the disagreement.  If such efforts are unavailing and the lawyer has a fundamental disagreement with the client, the lawyer may withdraw from the representation. See Rule 1.16(b).  Conversely, the client may resolve the disagreement by discharging the lawyer. See Rule 1.16(a)(3).

[3]  At the outset of, or during a representation, the client may authorize the lawyer to take specific action on the client's behalf without further consultation.  Absent a material change in circumstances and subject to Rule 1.4, a lawyer may rely on such an advance authorization.  The client may, however, revoke such authority at any time.

[4]  In a case in which the client appears to be suffering diminished capacity, the lawyer's duty to abide by the client's decisions is to be guided by reference to Rule 1.14.

**Independence from Client's Views or Activities**

[5]  Legal representation should not be denied to people who are unable to afford legal services, or whose cause is controversial or the subject of popular disapproval.  By the same token, representing a client does not constitute approval of the client's views or activities.

**Agreements Limiting Scope of Representation**

[6]  The scope of services to be provided by a lawyer may be limited by agreement with the client or by the terms under which the lawyer's services are made available to the client.  When a lawyer has been retained by an insurer to represent an insured, for example, the representation may be limited to matters related to the insurance coverage.  A limited representation may be appropriate because the client has limited objectives for the representation.  In addition, the terms upon which representation is undertaken may exclude specific means that might otherwise be used to accomplish the client's objectives.  Such limitations may exclude actions that the client thinks are too costly or that the lawyer regards as imprudent.

[7]  Although this Rule affords the lawyer and client substantial latitude to limit the representation, the limitation must be reasonable under the circumstances.  If, for example, a client's objective is limited to securing general information about the law the client needs in order to handle a common and typically uncomplicated legal problem, the lawyer and client may agree that the lawyer's services will be limited to a brief telephone consultation.  Such a limitation, however, would not be reasonable if the time allotted was not sufficient to yield advice upon which the client could rely.  Although an agreement for a limited representation does not exempt a lawyer from the duty to provide competent representation, the limitation is a factor to be considered when determining the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation. See Rule 1.1.  Even where the scope of representation is expressly limited, the lawyer may still have a duty to alert the client to reasonably apparent legal problems outside the scope of representation.

[8]  All agreements concerning a lawyer's representation of a client must accord with the Rules of Professional Conduct and other law. See, e.g., Rules 1.1, 1.8 and 5.6. See also California Rules of Court 3.35-3.37 (limited scope rules applicable in civil matters generally), and 5.70-5.71 (limited scope rules applicable in family law matters).

RRC 1.2 - Clean-Landscape - DFT 5 (02-05-10)-LM

**Criminal, Fraudulent and Prohibited Transactions**

[9]     Paragraph (d) prohibits a lawyer from knowingly counseling or assisting a client to commit a crime or fraud or to violate any rule, law, or ruling of a tribunal. However, this Rule does not prohibit a lawyer from giving a good faith opinion about the foreseeable consequences of a client's proposed conduct.  Nor does the fact that a client uses advice in a course of action that is criminal or fraudulent of itself make a lawyer a party to the course of action.  There is a critical distinction between presenting an analysis of legal aspects of questionable conduct and recommending the means by which a crime or fraud might be committed with impunity.

[10]    The prohibition in paragraph (d)(1) applies whether or not the client's conduct has already begun and is continuing.  For example, a lawyer may not draft or deliver documents that the lawyer knows are fraudulent; nor may the lawyer counsel how the wrongdoing might be concealed.  The lawyer may not continue assisting a client in conduct that the lawyer originally believed was legally proper but later discovers is criminal, fraudulent, or the violation of any rule, law, or ruling of a tribunal.  In any event, the lawyer shall not violate his or her duty of protecting all confidential information as provided in Rule 1.6 and Business and Professions Code section 6068(e).  When a lawyer has been retained with respect to client conduct described in paragraph (d)(1), the lawyer shall limit his or her actions to those that appear to the lawyer to be in the best lawful interest of the client, including counseling the client about possible corrective or remedial action.  In some cases, the lawyer's response is limited to the lawyer's right and, where appropriate, duty to resign or withdraw in accordance with Rule 1.16.

[11]    Paragraph (d)(2) authorizes a lawyer to counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of a law, rule or ruling of a tribunal.  Determining the validity, scope, meaning or application of a law, rule, or ruling of a tribunal in good faith may require a course of action involving disobedience of the law, rule, or ruling of a tribunal, or of the meaning placed upon it by governmental authorities.  Paragraph (d)(2) also authorizes a lawyer to advise a client on the consequences of violating a law, rule, or ruling of a tribunal the client does not contend is unenforceable or unjust in itself, as a means of protesting a law or policy the client finds objectionable.  For example, a lawyer may properly advise a client about the consequences of blocking the entrance to a public building as a means of protesting a law or policy the client believes to be unjust.

[12]    If a lawyer comes to know or reasonably should know that a client expects assistance not permitted by these Rules or other law or if the lawyer intends to act contrary to the client's instructions, the lawyer must consult with the client regarding the limitations on the lawyer's conduct. See Rule 1.4(a)(6).

| | | | | | Rule 1.2 Scope of Representation.<br>[Sorted by Commenter] | | | *TOTAL = 9*    Agree = 2<br>Disagree = 3<br>Modify = 3<br>NI = 1 |
|---|---|---|---|---|---|

| No. | Commenter | Position[1] | Comment on Behalf of Group? | Rule Paragraph | Comment | RRC Response |
|---|---|---|---|---|---|---|
| 1 | California Attorneys for Criminal Justice ("CACJ") | M | | 1.2(a) | Our proposed modification would be to add the following language to paragraph (a) at the end/following sentence: A lawyer shall abide by a client's decision whether to settle a matter, "to the extent it is not in conflict with statutory or constitutional law." | The Commission agreed in principle and modified the last sentence of paragraph (a) as follows:<br><br>Except as otherwise provided by law in a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.<br><br>The Commission also added a reference to Penal Code § 1018 in Comment [1]. |
| 2 | California Public Defenders Association ("CPDA") | M | | Cmt. [2] | CPDA's primary concern is with the Proposed Rule as developed in Proposed Comment [2].<br><br>CPDA proposes that to avoid a potential conflict with established legal practice, the second and third sentence in Comment [2] should be deleted. (Proposed deletion: "Clients normally defer to the special knowledge and skill of their lawyer with respect to the means to be used to accomplish their objectives, particularly with respect to technical, legal and tactical matters. Conversely, lawyers usually defer to the client regarding such questions as the expense to be incurred and concern for third persons who might be adversely affected.") | The Commission disagrees with the deletion of the two sentences in Comment [2], both of which are accurate. |

---

[1] A = AGREE with proposed Rule          D = DISAGREE with proposed Rule          M = AGREE ONLY IF MODIFIED          NI = NOT INDICATED

RRC - 3-210 [1-2] - Public Comment Chart - By Commenter - DFT4.1 (02-05-10)DS-KEM-LM.doc

| | | | | | Rule 1.2 Scope of Representation.<br>[Sorted by Commenter] | | *TOTAL* = 9    Agree = 2<br>Disagree = 3<br>Modify = 3<br>NI = 1 |
|---|---|---|---|---|---|---|
| No. | Commenter | Position[1] | Comment on Behalf of Group? | Rule Paragraph | Comment | RRC Response |
| | | | | | As noted in the Comment, the rich existing record of decisional law clearly defines the responsibility that lawyers have to know and practice legal obligations while respecting the client's goals.<br><br>To this end, CPDA believes that it would be helpful if the Comment included references to the most common guidelines provided by established case law.   CPDA believes that inclusion of these fundamental decisional references, along with deletion of the two sentences identified above, will clarify the existing ambiguities in the Proposed Rule and Comment. | The Commission also disagrees that the Comment to the Rule should be a compendium of the law as developed in the case law.  It would be impossible to capture every possible variation. |
| 3 | COPRAC | M | | 1.2(a) | As to paragraph (a), COPRAC agrees with the minority of the Commission and believes that it is difficult to differentiate between means and objectives.  COPRAC also agrees with the minority that the language of section (a) of the rule might be read to conflict with a client's Constitutional and statutory duties to the lawyer's clients.  COPRAC also notes that the last sentence of paragraph (a) raises the issue whether the lawyer can waive a jury trial on behalf of a client in a civil case. | The Commission disagrees with COPRAC's comment concerning means and objectives. The typical meaning understood is that objectives are achieved through the means utilized.  Comments [1] and [2] provide guidance on this issue.<br><br>The Commission, however, agrees with COPRAC's concern with the last sentence and has revised it accordingly. See Response to CACJ, above. |
| | | | | 1.2(d) | As to paragraph (d), COPRAC objects to the inclusion in paragraph (d)(1) of the proposed rule (modifying paragraph (d) of the | The Commission disagrees.  The language cited is carried forward from current rule 3-210. |

RRC - 3-210 [1-2] - Public Comment Chart - By Commenter - DFT4.1 (02-05-10)DS-KEM-LM.doc

| | | | | | Rule 1.2 Scope of Representation.<br>[Sorted by Commenter] | | *TOTAL = 9*  Agree = 2<br>Disagree = 3<br>Modify = 3<br>NI = 1 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| No. | Commenter | Position[1] | Comment on Behalf of Group? | Rule Paragraph | Comment | | RRC Response |
| | | | | | corresponding ABA Model Rule) of the phrase referring to "a violation of any law, rule, or ruling of a tribunal." We believe that such language may subject lawyers to an inappropriate and unnecessarily harsh disciplinary standard. Absent fraud or criminal conduct, COPRAC does not believe such assistance should subject lawyers to possible discipline. | | |
| | | | | Cmt. [9] | Should the above phrase be included in the rule, we recommend a modification to Comment [9] to conform the references to this phrase. The phrase including the added scope is included in the first sentence of Comment [9]. A corresponding reference to the added scope should be included in the second sentence of Comment [9]. | | The Commission does not understand how adding the phrase, "to violate any rule, law, or ruling of a tribunal," would clarify the second sentence. |
| 4 | Judge, Michael P.<br>Los Angeles County Public Defender | D | | 1.2(a) | We agree with the concern of the minority of the Commission regarding the intersection of the proposed rule and the provisions of Penal Code Section 1018. | | The Commission agrees and has revised the last sentence of paragraph (a). See Response to CACJ, above. |
| 5 | Los Angeles County Bar Association ("LACBA"), Professional Responsibility and Ethics Committee | D | | | We oppose Proposed Rule 1.2 in its entirety because the committee believes that it is not appropriate as a disciplinary rule.<br><br>Failure to follow the client's objectives may result in a malpractice action or fee dispute, but should not lead to discipline. | | The Commission disagrees with LACBA's position. The rule not only provides understandable disciplinary standards in paragraphs (a) and (d), the latter of which simply carries forward current rule 3-210, but also provides important guidance to lawyers in their relationships with clients. |

RRC - 3-210 [1-2] - Public Comment Chart - By Commenter - DFT4.1 (02-05-10)DS-KEM-LM.doc

| | | | | | Rule 1.2 Scope of Representation.<br>[Sorted by Commenter] | *TOTAL = 9*   Agree = 2<br>Disagree = 3<br>Modify = 3<br>NI = 1 |
|---|---|---|---|---|---|---|
| No. | Commenter | Position[1] | Comment on Behalf of Group? | Rule Paragraph | Comment | RRC Response |
| | | | | 1.2(a) | If Rule is adopted, here are suggested amendments:<br><br>Last sentence of paragraph (a) should state:<br><br>"In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial, whether the client will testify, *and whether to file an appeal.* | The Commission did not make the suggested change.  The language used is taken from the Model Rule and addresses client's substantial rights that are universally recognized as constitutionally based. |
| | | | | 1.2(d) | We suggest the following changes to 1.2(d):<br><br>"A lawyer shall not counsel a client to engage, or assist a client in conduct that the lawyer knows is criminal *or* fraudulent, *but* a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of *the* law. | The Commission did not make the suggested change.  First, the Commission determined it was appropriate to carry forward the phrase, "or a violation of any law, rule, or ruling of a tribunal," from current rule 3-210.  Second, the Commission concluded that dividing what is currently two sentences in rule 3-210, one stating the general rule and the other the exception, into separate subparagraphs would make the provision clearer. |
| | | | | Cmt. [1] | We suggest that the following sentence be added to Comment [1]:<br><br>"Paragraph (a) does not override the rules concerning mandatory or permissive withdrawal." | The Commission did not make suggested change.  References to Rule 1.16 (Termination of the Representation) concerning permissive and mandatory withdrawal are already found in Comments [2] and [10], respectively. |

RRC - 3-210 [1-2] - Public Comment Chart - By Commenter - DFT4.1 (02-05-10)DS-KEM-LM.doc

| | Rule 1.2 Scope of Representation.<br>[Sorted by Commenter] | | | | | *TOTAL = 9*   Agree = 2<br>Disagree = 3<br>Modify = 3<br>NI = 1 |
|---|---|---|---|---|---|---|

| No. | Commenter | Position[1] | Comment on Behalf of Group? | Rule Paragraph | Comment | RRC Response |
|---|---|---|---|---|---|---|
| 6 | Office of Chief Trial Counsel ("OCTC"), State Bar of California | NI | | 1.2(a),(b) | 1. OCTC is concerned that paragraphs (a) and (b) of proposed Rule 1.2, although in the Model Rules version, are not rules subject to discipline and thus do not belong in the Rules of Professional Conduct. | 1. The Commission disagrees. See Response to LACBA, above. |
| | | | | 1.2(c) | 2. OCTC is concerned that, while paragraph (c) permits limited scope representations if the limitation is reasonable under the circumstances, it does not specifically prohibit limited scope representations when they are not permitted by law. See *In the Matter of Valinoti* (Review Dept. 2002) 4 Cal. State Bar Ct. Rptr. 498, 520-521.  That may be what Comment [8] is trying to explain, but, it should be specifically in the rule, not just a comment. | 2. The Commission disagrees.  OCTC's proposals regarding paragraph (c) and comment [8] do not appear to reflect the views repeatedly expressed by Supreme Court Justice George, the Judicial Council, the Access to Justice Commission and others. Limited scope representation is not prohibited unless there is an exception allowing for such representation.  Rather, it is permitted unless specifically prohibited or other duties have been imposed.   The OCTC's reading of *Valinoti* appears overbroad and inconsistent with the goal of access to justice. Nevertheless, the Commission agrees with OCTC's suggestion regarding comment [8] and has added to Comment [7] guidance regarding duties attendant to limited scope representation. |
| | | | | 1.2(c) | 3. OCTC also believes that the consent in paragraph (c) should be in writing.  Given that limited scope representation is the exception, it would be better policy and more enforceable to require that it be in writing. | The Commission disagrees. The Commission voted unanimously to adopt the rule which is consistent with the Board of Governors resolution concerning limited scope representation.  It does not appear that limited scope/discrete task representation is an "adverse" interest or "conflict" that necessitates requiring "written" consent.  To some extent, all representations have a limit to the scope.  For |

| | Rule 1.2 Scope of Representation. [Sorted by Commenter] | | | | | *TOTAL = 9*   Agree = 2 Disagree = 3 Modify = 3 NI = 1 |
|---|---|---|---|---|---|---|
| No. | Commenter | Position[1] | Comment on Behalf of Group? | Rule Paragraph | Comment | RRC Response |
| | | | | | | example, someone providing only "ethics advice" limits the scope of the representation to this area and would not necessarily have the expertise to suggest any or all of the civil/procedural implications of the advice given. Requiring written consent would operate as an impediment to access to justice. It places a burden on legal services attorneys and attorneys who might be willing to undertake a discrete task for a small fee, if they must also create a writing in every such matter as well. This would have a chilling effect and deter attorneys who may be making little or no money. Public protection will not be compromised since attorneys will have the burden of demonstrating that they have obtained "informed consent" - they may choose the obvious method of a writing - but it should not be subject to discipline if they do not. Other jurisdictions have not included such a requirement. |
| | | | | 1.2(d) | 4. OCTC agrees with paragraph (d)'s broadening of current rule 3-210 to include criminal and fraudulent conduct as well as any law, rule, or ruling. However, paragraph (d), unlike current rule 3-210, does not specifically provide for the defense of good faith or appropriate steps. While the Commission's Comments make clear that it intends to keep | 4. The Commission disagrees. Paragraph (d)(2) uses the Model Rule language and provides in part that a lawyer "may counsel or assist a client to make a *good faith* effort to determine the validity, scope, meaning or application of a law, rule, or ruling of a tribunal." (emphasis added). Whether it is the lawyer who make "takes appropriate steps in good faith" to test the validity of any law, etc., or it is the |

| | | | | | Rule 1.2 Scope of Representation.<br>[Sorted by Commenter] | | *TOTAL = 9*   Agree = 2<br>Disagree = 3<br>Modify = 3<br>NI = 1 |
|---|---|---|---|---|---|---|---|

| No. | Commenter | Position[1] | Comment on Behalf of Group? | Rule Paragraph | Comment | RRC Response |
|---|---|---|---|---|---|---|
| | | | | | that defense, OCTC believes that it should be in the rule and not in a comment. | lawyer who "counsel[s] or assist[s] the client to make a good faith effort" is immaterial.  They mean precisely the same thing.  If anything, the Model Rule language better reflects that the lawyer may take such steps only with the knowledge and consent of the client. |
| | | | | Cmts. [1], [2] | 5. OCTC is also concerned with Comments 1 and 2's statement that an attorney is required to consult with the client regarding the means by which the attorney handles the client's matter. These Comments appear to be overbroad and could be interpreted to change current law.  The current law is that a lawyer must advise the client of significant developments and that the client has the authority over significant matters.    OCTC thinks these Comments need clarification so that only significant means should require consultation and specific communication; and that nothing is intended to change current law about who controls the presentation of cases. | 5. The Commission disagrees. See Response to COPRAC, above.  In addition, the Commission has included a cross-reference to Rule 1.4(a)(2), which requires that a lawyer "*reasonably* consult with the client about the means by which to accomplish the client's objectives in the representation."  The lawyer does not have to consult with the client about every matter related to the representation. |
| | | | | Cmt. [8] | 6. OCTC believes that Comment 8 needs clarification to make clear that limited scope representations are not permitted unless allowed by law. | 6. See Response #2, above. |

| No. | Commenter | Position[1] | Comment on Behalf of Group? | Rule Paragraph | Comment | RRC Response |
|---|---|---|---|---|---|---|
| | | | | Cmt. [7] | OCTC is also concerned that nowhere in the Comments are attorneys advised that the courts have found that even where the scope of the representation is expressly limited, the attorney may still have a duty to alert the client to reasonable apparent legal problems outside the scope of the representation. (See *Janik v. Rudy, Exelrod, & Zieff* (2004) 119 Cal.App.4" 930, 940.) | The Commission has included the following statement at the end of Comment [7]:<br><br>Even where the scope of representation is expressly limited, the lawyer may still have a duty to alert the client to reasonably apparent legal problems outside the scope of representation.<br><br>The foregoing should address OCTC's concern. |
| 7 | Orange County Bar Association | D | | 1.2(d) | The OCBA opposes the Commission's proposed Rule 1.2 and supports the adoption of ABA Model Rule 1.2. | The Commission disagrees. The proposed Rule is substantially similar to the Model Rule except for paragraph (d). As explained in the Response to LACBA, above, the Commission revised MR 1.2(d) for two reasons: First, the Commission determined it was appropriate to carry forward the phrase, "or a violation of any law, rule, or ruling of a tribunal," from current rule 3-210. Second, the Commission concluded that dividing what is currently two sentences in rule 3-210, one stating the general rule and the other the exception, into separate subparagraphs would make the provision clearer. |
| | | | | Comment [5] | The OCBA recommends that Comment [5] be stricken in its entirety. | The Commission disagrees. Comment [5] is identical to MR 1.2, cmt. [5]. It is consistent with legislative policy in Bus. & Prof. Code § 6068(h), which provides it is the duty of a lawyer: "(h) Never to reject, for any consideration personal to himself or herself, the cause of the defenseless or the oppressed." |

| No. | Commenter | Position[1] | Comment on Behalf of Group? | Rule Paragraph | Comment | RRC Response |
|---|---|---|---|---|---|---|
| 8 | San Diego County Bar Association Legal Ethics Committee | A | | | We approve the new rule in its entirety. | No response necessary. |
| 9 | Santa Clara County Bar Association | A | | 1.2(c) | Approve as proposed with the exception of subsection (c), where "informed consent" should be "informed written consent." | The Commission disagrees. The Commission voted unanimously to adopt the rule which is consistent with the Board of Governors resolution.  It does not appear that limited scope/discrete task representation is an "adverse" interest or "conflict" that necessitates requiring "written" consent.  To some extent, all representations have a limit to the scope.  For example, someone providing only "ethics advice" limits the scope of the representation to this area and would not necessarily have the expertise to suggest any or all of the civil/procedural implications of the advice given.<br><br>Requiring written consent would operate as an impediment to access to justice.  It places a burden on legal services attorneys and attorneys who might be willing to undertake a discrete task for a small fee, if they must also create a writing in every such matter as well.  This would have a chilling effect and deter attorneys who may be making little or no money.<br><br>Public protection will not be compromised since attorneys will have the burden of demonstrating that they have obtained "informed consent" - they may choose the obvious method of a writing - but it should not be discipline if they do not.  Other jurisdictions have not included such a requirement. |

The table title row reads:

| Rule 1.2 Scope of Representation. [Sorted by Commenter] | TOTAL = 9   Agree = 2 Disagree = 3 Modify = 3 NI = 1 |

| | | | | | Rule 1.2 Scope of Representation.<br>[Sorted by Commenter] | | TOTAL = 9   Agree = 2<br>Disagree = 3<br>Modify = 3<br>NI = 1 |
|---|---|---|---|---|---|---|---|
| No. | Commenter | Position[1] | Comment on Behalf of Group? | Rule Paragraph | Comment | RRC Response | |
| | | | | Cmt. [8] | Add to Comment [8] language that would clarify that county counsel is governed by Government Code 999 et. Seq. which gives them greater authority in limiting the scope of their representation in certain situations such as settlements.  Specifically, the following is suggested:<br><br>"A government lawyer's authority and control over decisions concerning the representation may, by statute or regulation, be expanded beyond the limits imposed by paragraphs (a) and (c).  See for example, Cal. Gov. Code Sections 825; 995; 996."<br><br>This language is the same as that used by the District of Columbia in modifying the ABA Model Rule version. | The Commission did not make the requested change.  The Commission has revised the Model Rule language from which proposed Comment [8] is derived to add reference to generally-applicable Rules of Court concerning limited scope representation.  Moreover, that comment already states that "[a]ll agreements concerning a lawyer's representation of a client must accord with the Rules of Professional Conduct and other law," which would include the referenced Government Code sections. | |

RRC - 3-210 [1-2] - Public Comment Chart - By Commenter - DFT4.1 (02-05-10)DS-KEM-LM.doc

## Rule 1.2:  Scope of Representation

# STATE VARIATIONS

**(The following is an excerpt from _Regulation of Lawyers: Statutes and Standards_ (2009 Ed.)
by Steven Gillers, Roy D. Simon and Andrew M. Perlman.)**

**Alaska:** Rule 1.2(a) adds: "In a criminal case the lawyer shall abide by the client's decision…whether to take an appeal."

**California:** Rule 3-210 (Advising the Violation of Law) provides: "A member shall not advise the violation of any law, rule, or ruling of a tribunal unless the member believes in good faith that such law, rule, or ruling is invalid. A member may take appropriate steps in good faith to test the validity of any law, rule, or ruling of a tribunal." Business & Professions Code 6068(c) requires lawyers to "counselor maintain those actions, proceedings, or defenses only as appear to him or her legal or just" except in defending a criminal case. In addition, §283 of the California Code of Civil Procedure gives a lawyer express statutory authority to bind a client in certain situations.

**Colorado:** Rule 1.2(a) and (c) and the Comment to Rule 1.2 encourage "limited representation" of pro se clients. Rule 1.2(c) provides that a lawyer may limit the scope or objectives, "or both," of the representation if the client consents after consultation, and a lawyer "may provide limited representation to pro se parties as permitted by C.R.C.P. 11(b) and C.R.C.P. 311(b)." The Comments to Colorado Rules 4.2 and 4.3 provide that a pro se party who is receiving "limited representation" is considered "unrepresented" for purposes of Rules 4.2 and 4.3.

**Connecticut:** Connecticut adds the following sentence to the end of Rule 1.2(a):

> Subject to revocation by the client and to the terms of the contract, a client's decision to settle a matter shall be implied where the lawyer is retained to represent the client by a third party obligated under the terms of a contract to provide the client with a defense and indemnity for the loss, and the third party elects to settle a matter without contribution by the client.

In addition, Connecticut adds to Rule 1.2(c) that a client's informed consent to limit the scope of a representation "shall not be required when a client cannot be located despite reasonable efforts where the lawyer is retained to represent a client by a third party which is obligated by contract to provide the client with a defense." An "Amendment Note" explains that these revisions "address the situation where an insured/client cannot be located despite diligent and good faith efforts by both the lawyer and the insurer."

**District of Columbia:** D.C. Rule 1.2 generally tracks the ABA Model Rule, but adds a paragraph (d) providing that a "government lawyer's authority and control over decisions concerning the representation may, by statute or regulation, be expanded beyond the limits imposed by paragraphs (a)

Copyright © 2009, Stephen Gillers, Roy D. Simon, Andrew M. Perlman. All rights reserved. Reprinted with permission.

and (c)." D.C. Rule 1.2(f) -- formerly 1.2(e) -- retains language that the ABA deleted in 2002.

**Florida** adds the words "or reasonably should know" in Rule 1.2(d). In addition, Florida's Statement of Client's Rights, which must be provided to every contingent fee client (see Florida Rule 4-1.5(f)) provides that "[y]ou, the client, have the right to make the final decision regarding settlement of a case…."

**Illinois** includes language from DR 7-102(A)-(B) as paragraphs (f)-(h), and adds the following paragraph (based on DR 7-105) as Rule 1.2(e): "A lawyer shall not present, participate in presenting, or threaten to present criminal charges or professional disciplinary actions to obtain an advantage in a civil matter."

**Massachusetts:** Rule 1.2(a) provides that a lawyer "does not violate this rule… by acceding to reasonable requests of opposing counsel which do not prejudice the rights of his or her client, by being punctual in fulfilling all professional commitments, by avoiding offensive tactics, or by treating with courtesy and consideration all persons involved in the legal process."

**Michigan** deletes Rule 1.2(b) and adds the following sentence to Rule 1.2(a): "In representing a client, a lawyer may, where permissible, exercise professional judgment to waive or fail to assert a right or position of the client." Where the official ABA Comment to Rule 1.2 refers to "criminal or fraudulent conduct," the Michigan Comment refers to "illegal or fraudulent conduct." Michigan places the substance of Rule 1.2(b) in the Comment to Rule 1.2.

**Missouri:** In the rules effective July 1, 2008, Rule 1.2(c) permits the unbundling of legal services, providing as follows:

A lawyer may limit the scope of representation if the client gives informed consent in a writing signed by the client to the essential terms of the representation and the lawyer's limited role. Use of a written notice and consent form substantially similar to that contained in the comment to this Rule 4-1.2 creates the presumptions: (a) the representation is limited to the lawyer and the services described in the form, and (b) the lawyer does not represent the client generally or in any matters other than those identified in the form…"

Missouri also retains Rule 1.2(e) from the 1983 version of ABA Model Rule 1.2. ("When a lawyer knows that a client expects assistance not permitted by the rules of professional conduct or other law, the lawyer shall consult with the client regarding the relevant limitations on the lawyer's conduct.")

**New Hampshire:** Rule 1.2(e) provides as follows:

(e) It is not inconsistent with the lawyer's duty to seek the lawful objectives of a client through reasonably available means, for the lawyer to accede to reasonable requests of opposing counsel that do not prejudice the rights of the client, avoid the use of offensive or dilatory tactics, or treat opposing counselor an opposing party with civility.

New Hampshire also adds Rule 1.2(f) to govern "limited representation to a client who is or may become involved in" litigation, and adds a detailed sample form for "Consent to Limited Representation" in a Rule 1.2(g).

**New York:** Compare ABA Model Rule 1.2(a) to New York DR 7-101(A)(1), which provides that (with limited exceptions) a lawyer shall not intentionally "[f]ail to seek the lawful objectives of the client through reasonably available means permitted by law and the Disciplinary Rules," and to ECs 7-7 and 7-8, which provide as follows:

Copyright © 2009, Stephen Gillers, Roy D. Simon, Andrew M. Perlman. All rights reserved. Reprinted with permission.

EC 7-7 In certain areas of legal representation not affecting the merits of the cause or substantially prejudicing the rights of a client, a lawyer is entitled to make decisions. But otherwise the authority to make decisions is exclusively that of the client and, if made within the framework of the law, such decisions are binding on the lawyer. As typical examples in civil cases, it is for the client to decide whether to accept a settlement offer or whether to waive the right to plead an affirmative defense. A defense lawyer in a criminal case has the duty to advise the client fully on whether a particular plea to a charge appears to be desirable and as to the prospects of success on appeal.

EC 7-8… The lawyer may emphasize the possibility of harsh consequences that might result from assertion of legally permissible position. In the final analysis, however, the lawyer should always remember that the decision whether to forgo legally available objectives or methods because of non-legal factors is ultimately for the client and not for the lawyer….

ABA Model Rule 1.2(b) is the same as the last sentence of New York's EC 2-36 (formerly EC 2-27). New York has no direct counterpart to Rule 1.2(c), but New York's DR 7-101(B)(1) permits a lawyer to (1) "exercise professional judgment to waive or fail to assert a right or position of the client," or (2) to "[r]efuse to aid or participate in conduct that the lawyer believes to be unlawful, even though there is some support for an argument that the conduct is legal." Compare Rule 1.2(d) to New York's DR 7-102(A)(7), which provides that a lawyer shall not "[c]ounsel or assist a client in conduct that the lawyer knows to be illegal or fraudulent."

**North Carolina:** Rule 1.2(a)(2) and (3) add language taken from DR 7-101(A)(1) and DR 7-101(B)(1) of the ABA Model Code of Professional Responsibility, and Rule 1.2(c) omits the ABA requirement that the client give informed consent.

**Ohio:** Rule 1.2(c) provides:

A lawyer who undertakes representation of a client, other than by court appointment, shall confirm in writing, within a reasonable time, the nature and scope of the representation, unless the lawyer has regularly represented the client or the anticipated fee from the representation is $500.00 or less. A lawyer may limit the scope of a new or existing representation if the limitation is reasonable under the circumstances and communicated to the client in writing. Texas omits ABA Model Rule 1.2(b). See also Texas Rule 1.05 and the annotations following Rule 1.6 below.

**Texas** omits ABA Model Rule 1.2(b). See also Texas Rule 1.05 and the annotations following Rule 1.6 below.

**Virginia** has moved the language of Rule 1.2(b) to Comment 3, and Virginia's Comment 1 requires lawyers to "advise the client about the advantages, disadvantages and availability of dispute resolution processes that might be appropriate in pursuing" the client's objectives. Virginia Rule 1.2(d) provides that a "lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation."

**Wisconsin** adds Rule 1.2(e) to clarify the obligations of counsel for an insurer.

Copyright © 2009, Stephen Gillers, Roy D. Simon, Andrew M. Perlman. All rights reserved. Reprinted with permission.