| | |
|---|---|
| HAROLD J. MCELHINNY (SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (SBN 111664)<br>mjacobs@mofo.com<br>RICHARD S.J. HUNG (SBN 197425)<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522<br><br>KENNETH H. BRIDGES (SBN 243541)<br>kbridges@bridgesmav.com<br>MICHAEL T. PIEJA (SBN 250351)<br>mpieja@bridgesmav.com<br>BRIDGES & MAVRAKAKIS LLP<br>3000 El Camino Real<br>One Palo Alto Square, 2nd Floor<br>Palo Alto, California 94306<br>Telephone: (650) 804-7800<br>Facsimile: (650) 852-9224<br><br><br><br><br><br><br><br>Attorneys for Plaintiff<br>APPLE INC. | MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100<br><br>WILLIAM F. LEE (*pro hac vice* anticipated)<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>STEPHEN E. TAYLOR (SBN 58452)<br>staylor@tcolaw.com<br>STEPHEN MCG. BUNDY (SBN 253017)<br>sbundy@tcolaw.com<br>JOSHUA R. BENSON (SBN 269111)<br>jbenson@tcolaw.com<br>TAYLOR & COMPANY LAW OFFICES, LLP<br>One Ferry Building, Suite 355<br>San Francisco, California 94111<br>Telephone: (415) 788-8200<br>Facsimile: (415) 788-8208 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No.: C-11-01846 (LHK)<br><br>**SUR-REPLY TO DEFENDANTS' MOTION TO DISQUALIFY BRIDGES & MAVRAKAKIS LLP**<br><br>Date:    August 24, 2011<br>Time:    2:00 p.m.<br>Place:   Courtroom 8, 4th Floor<br><br>Honorable Lucy H. Koh |

Apple respectfully submits this Sur-Reply for the limited purpose of addressing the unpublished decision in *Oliver v. SD-3C, LLC*, No. 3-11-cv-01260 (JSW) (N.D. Cal. August 4, 2011) ("Oliver" or "Slip Op."). *Oliver* was decided after Apple filed its Opposition, but Samsung relies on the case in its Reply to support the proposition that the current work of Bridges & Mavrakakis LLP ("Bridges") on Apple's claims is substantially related to its prior representation of Samsung.

*Oliver* does not support disqualification on the evidentiary record here. Nor could it do so consistent with controlling California caselaw.

In *Oliver*, the lawyer's current representation involved a claim that Panasonic had unlawfully refused to license its patents with respect to a specific technology. The lawyer whose disqualification was sought, David Healey, had formerly represented and defended Panasonic over an extended period of years as lead counsel in three patent disputes wherein Healey personally negotiated settlements or participated in licensing discussions. Slip Op. at 5:3-8. One of the cases resulted in Healey's prior firm (Weil Gotshall & Manges) billing Panasonic just under $6.5 million, with Healey serving as lead counsel for almost two years. Slip Op. at 5:9-13. In that case, Healey negotiated a settlement agreement over several months that required him to evaluate competing patent licensing proposals, present counter-proposals, and communicate directly with Panasonic personnel about patent licensing and settlement considerations. Slip Op. at 5:13-20. He also represented Panasonic in the mediation of the dispute and received direct communications from Panasonic's in-house counsel regarding that company's "internal litigation and settlement negotiation considerations . . . regarding patents and patent licensing." Slip Op. at 5:15-27. In the other representations, Healey, again as lead counsel, participated in discussions concerning strategy and settlement, and resolved both matters with negotiated licensing agreements. Slip Op. at 5:5-7, 6:4-11.

Given Healey's substantial prior role in licensing for Panasonic, the court in *Oliver* determined that the same licensing information was "relevant and material" to the current dispute, because Healey's present client alleged that Panasonic had refused to issue licenses. Slip Op. at 6:22-7:6. In addition, Panasonic also proved that at the same time that Healey represented

1.

1  Panasonic as lead counsel in the prior cases, he had been in direct communication or had worked
2  closely with two other lawyers at Weil Gotshal who were representing Panasonic in connection
3  with the *precise transactions and licensing arrangements* Healey would later challenge in *Oliver*.
4  Slip Op. at 6:12-21.  Hence, Healey had access to information that was indisputably material to the
5  second representation.  *Id.*  On the basis of these facts, the court concluded that, despite the lack of
6  overlapping legal or factual issues, there was a "substantial relationship" between the two
7  representations.  Slip Op. at 7:2-9.

Samsung draws on *Oliver* to argue that there is a "substantial relationship" between the Bridges attorneys' current limited representation of Apple and their former representation of Samsung in the *Ericsson* matter, notwithstanding the lack of any evidence of overlapping legal or factual issues between the two representations.  But *Oliver* is not on point, for two reasons.

First, unlike the moving party in *Oliver,* Samsung has not met its burden of introducing evidence to "enable the court to reconstruct the attorney's representation of the former client," and thus "infer what confidential information could have been imparted."  *Farris v. Fireman's Ins. Co.*, 119 Cal. App. 4th 671, 681 (2004) (internal quotation marks omitted).  Samsung does not point to any specific task performed by any Bridges lawyer that would create an inference that the lawyer was exposed to confidential, specialized information about Samsung's patent policies, litigation strategies, or future unrelated products.  Nor is there any proof comparable to that in *Oliver* that the Bridges lawyers had indirect access through their former firms to the exact information in dispute in the present case.

These omissions are telling.  If it were the case, for example, that a Bridges attorney had performed tasks (or communicated with people) in such a way that would have exposed him to unique Samsung patent strategies or confidential information about the future Android operating system or touchscreen interfaces, Samsung easily could have offered such proof without disclosing the actual information at issue.  It did not.  In the disqualification context, such "omitted facts become conspicuous by their omission" and can themselves require an inference that no such information was imparted.  *Faughn v. Perez*, 145 Cal. App. 4th 592, 601 (2006).

Samsung has also not shown that any Bridges lawyer had a deep or continuing relationship

TAYLOR & CO.
LAW OFFICES, LLP

2.

SUR-REPLY TO DEFENDANTS' MOTION TO DISQUALIFY BRIDGES & MAVRAKAKIS LLP
CASE NO. C-11-01846 (LHK)

with Samsung—analogous to Healey's role as Panasonic's lead counsel in three separate cases over several years—that would support an inference of involvement in high-level strategy or settlement considerations.  On the other hand, Apple has demonstrated, and Samsung does not dispute, that on the *Ericsson* matter Kenneth Bridges was outranked by at least three partners above him, did not participate in any settlement or licensing negotiations, did not advise or meet with senior management, and was directed not to contact the client on his own.  Bridges Declaration in Support of Opposition to Motion to Disqualify at ¶¶ 14-18.  Thus, unlike in *Oliver,* there is no demonstration that the actual work performed by Bridges attorneys would have likely exposed them to any distinctive information about Samsung's patent litigation or broader business strategy.

Second, unlike Samsung, the moving party in *Oliver* introduced evidence that the information to which the lawyer had access in the prior representations was "directly in issue or of critical importance" to the second representation—that is, material.  *See Farris*, 119 Cal. App. 4th at 680.[1]  The moving party in *Oliver* explained how Healey's knowledge of Panasonic's licensing strategy would be directly relevant to the current allegation that Panasonic had improperly refused to license patents related to SD Cards and had instead joined a patent consortium.  Slip Op. at 5:21-27.  Healey also had access to specific information about Panasonic's participation in the consortium through his former firm that was indisputably material to the second representation.

---

[1] Samsung attempts to buttress its reading of *Oliver* as allowing disqualification based solely upon subject matter overlap by citing for the first time in its Reply *Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft, LLP*, 69 Cal. App. 4th 223 (1999).  But *Morrison-Knudsen* was decided in 1999, and does not reflect the evolution of California "playbook" law in *Farris*, *Fremont*, *Faughn*, and *Banning Ranch*.  More importantly, *Morrison-Knudsen*, like *Oliver*, was a case where the evidence submitted by the moving party clearly established both access to confidential information and materiality.  The disqualified law firm had been exposed to the moving party's confidential information in multiple representations over many years.  In addition, at the time of the litigation, the firm was still serving as monitoring counsel for the complaining party's insurance underwriter, and was currently monitoring a claim for the underwriters involving negligent engineering that was very similar to the current representation at issue.  *Id.* at 235.  Thus the firm had ongoing access to confidential information (*id.* at 226-27) and "was privy by virtue of this continuing role to information about Morrison's financial condition which could be useful to a Morrison adversary."  *Id.* at 237.  Nothing remotely similar is involved here.

Slip Op. at 6:12-21.

Here, in contrast, Samsung offers no evidence of how anything supposedly learned during the *Ericsson* representation would be material to Apple's claims. Apple's Opposition highlighted the legal requirement for such an evidentiary showing and suggested that none was possible on this record. Opposition 14:4-18. Despite that challenge, Samsung's Reply is wholly silent on the question of materiality. It does not explain how knowledge of "Samsung's decision making process" in 2007 (Reply 4:20-21) would be of "unusual importance" to the claim that Samsung copied the iPhone. It does not explain what type of four-year-old "business sensitivities" (Reply 4:21) would be "critical" to the mobile-phone market in 2011 and thus materially advantageous to know. And it does not explain why the fact that "the same Samsung business divisions" (Reply 4:24) are involved in both matters is relevant to the outcome of this case. In short, Samsung has not met its burden of setting forth "direct evidence" that specific policies, procedures, or operations allegedly learned years ago would be directly relevant today, or that knowledge of them would "materially advance plaintiffs' position." *See Faughn*, 145 Cal. App. 4th at 609.[2]

Reduced to its essentials, Samsung's position is that because it has introduced evidence that Kenneth Bridges had "day to day" responsibility for managing a portion of a single large patent matter (July 11, 2011 Kim Declaration in Support of Motion to Disqualify at ¶ 6), interacted with Samsung legal personnel (*id.* at ¶6), and billed substantial hours (*id.* at ¶ 12), he and any firm he is associated with are forever disqualified from handling future patent litigation against Samsung involving mobile devices—even with respect to wholly different technologies. That position is not supported by *Oliver*. More important, to the extent Samsung reads *Oliver* as

---

[2] *Faughn* illustrates the level of proof of materiality that the moving party must supply. In *Faughn*, both the current and former representations involved medical malpractice claims related to birth defects. 145 Cal. App. 4th at 597-600. It was undisputed that in the prior representation, the attorney had received a confidential defense manual and other written policies. *Id.* at 608-09. But the court denied disqualification because, among other things, the moving party had not demonstrated that the same defense policies previously learned would be employed in the present case—or that such policies contained information that was unique and valuable rather than "obvious or mundane." *Id.* at 609. Here, Samsung does not identify *any* specific kinds of policies or practices supposedly learned by Bridges attorneys—let alone explain their significance.

permitting disqualification based on such a general "playbook" defense, that reading is flatly contrary to settled California law that "merely knowing of a former client's general business practices or litigation philosophy," even with respect to the same general subject matter, "is an insufficient basis for disqualification based upon prior representation." *Banning Ranch Conservancy v. Superior Court*, 193 Cal. App. 4th 903, 918 (2011) (counsel's "special insight" into former client's handling of land use issues arising under California Environmental Quality Act was insufficient, standing alone, to justify disqualification in subsequent land use litigation brought under that Act); *accord Fremont Indem. Co. v. Fremont Gen. Corp.*, 143 Cal. App. 4th 50, 69 (2006) ("Indemnity has not shown that purported information concerning 'the Commissioner's litigation philosophy and practices' is material to any issue in these actions"). In fact, as explained above, the disqualification in *Oliver* was based not on the type of generalized "playbook" evidence Samsung relies on in this case, but rather on specific, demonstrated, material connections between the challenged attorney's prior work and the disputed issues in the present representation. Accordingly, there is no basis for holding that the Bridges firm is disqualified from its limited representation of Apple on its claims against Samsung.

Dated: August 16, 2011                Respectfully submitted,

                                          TAYLOR & COMPANY LAW OFFICES, LLP


                                        By:         *Stephen E. Taylor*
                                                      Stephen E. Taylor
                                        Attorneys for Plaintiff APPLE INC.

///
///
///
///
///
///

**GENERAL ORDER ATTESTATION**

I, Joshua R. Benson, am the ECF user whose ID and password are being used to file Apple Inc.'s SUR-REPLY TO DEFENDANTS' MOTION TO DISQUALIFY BRIDGE & MAVRAKAKIS LLP.  In compliance with General Order 45, X.B., I hereby attest that Stephen E. Taylor has concurred in this filing.

                                                                         */s/ Joshua R. Benson*