1  [COUNSEL LISTED ON SIGNATURE PAGES]

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                                 SAN JOSE DIVISION

11

12

13  APPLE INC., a California corporation,          Case No. 11-cv-01846-LHK

14                    Plaintiff,                   **INITIAL JOINT CASE**
                                                   **MANAGEMENT CONFERENCE**
                                                   **STATEMENT**
15           v.

16  SAMSUNG ELECTRONICS CO., LTD., a               Date:    August 24, 2011
    Korean corporation; SAMSUNG                    Time:    2:00 pm
17  ELECTRONICS AMERICA, INC., a New               Place:   Courtroom 4, 5th Floor
    York corporation; and SAMSUNG                  Judge:   Hon. Lucy H. Koh
18  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,

19                    Defendants.

20

21

22

23

24

25

26

27

28

1

2    Pursuant to this Court's Civil Local Rule 16-9, the parties jointly submit this Case

3    Management Statement and Proposed Order.  Apple counsel and counsel for Samsung Electronics

4    Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC

5    ("Samsung") met and conferred beginning on August 3, 2011.

6        1.    **Jurisdiction and Service**

7    **Apple's Statement:**

8    *For Apple's Case[1]*

9        Apple contends that this Court has subject matter jurisdiction over Apple's claims against

10   Samsung under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331

11   (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks);

12   28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and

13   related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

14   Apple further contends that this Court has personal jurisdiction over the Defendants because each

15   has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and

16   15 U.S.C. §§ 1114, 1125, and places infringing products into the stream of commerce, with the

17   knowledge or understanding that such products are sold in the State of California, including in

18   this District.

19       Samsung does not contest jurisdiction or venue with regard to Apple's claims.  All named

20   parties have been served, and there are no unresolved issues relating to service of process.

21   *For Samsung's Case*

22       Samsung contends that this Court has jurisdiction over its counterclaims for patent

23   infringement and declaratory relief pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a)

24   & (b), 1367, 2201(a) and 2202.  Apple agrees that, for purposes of Samsung's counterclaims

25   only, this Court has personal jurisdiction over Apple and that venue is proper in this District.

26   _____

27   [1] Because Apple believes that its case against Samsung ("Apple's Case") should be set for trial on
     a separate track from Samsung's case against Apple ("Samsung's Case," including Apple's
     related counterclaims in reply), Apple has made separate case management proposals where

28   appropriate.

Apple notes, however, that Samsung originally filed its patent infringement counterclaims as a separate action, but dismissed that action and refiled its counterclaims in this action when Apple notified Samsung that it was moving for an expedited trial.

Apple contends that this Court has subject matter jurisdiction over Apple's counterclaims in reply pursuant to 28 U.S.C. §§ 1338(a), 2201, and 2202, and 15 U.S.C. § 4, and 28 U.S.C. §§ 1331, 1337. Apple further contends that this Court has personal jurisdiction over Samsung for purposes of Apple's counterclaims in reply because Samsung has counterclaimed against Apple in this District, and, in any event, Samsung places wireless communication devices in to the stream of commerce knowing that such products will be sold in California.

All named parties have been served, and there are no unresolved issues relating to service of process with respect to Samsung's case.

**Samsung's Statement:**

Samsung objects to Apple's attempt to put the two halves of this case on separate tracks and therefore provides all of its proposals for the case as a whole.  Apple purports that the Court has subject matter jurisdiction over its claims and counterclaims under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1137, 1338(a), 1338(b), 1367, 2201, 2202, the Federal Patent Act, and Section 4 of the Sherman Act.  The Court has jurisdiction over Samsung's counterclaims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) & (b), 1367, 2201(a) and 2202.  Neither party is challenging personal jurisdiction for purposes of this action, and all parties have been served.

2. <u>**Facts**</u>

**Apple's Statement:**

*For Apple's Case*

The facts of this case are straightforward.  Apple is a leading designer and manufacturer of handheld mobile devices, personal computers, and portable media players.  Apple's significant investment in research and development has led to the creation of innovative technologies that have made Apple's products, such as the iPhone, iPod touch, and iPad, instantly successful.  At the same time, Apple's design prowess has made these products immediately recognizable.  Apple protects its innovations through a broad range of intellectual property rights.

1

2      Rather than develop its own technology and designs, Samsung chose to copy Apple's.

3   Samsung designed its phones and tablet computers to mimic the look and behavior of Apple's

4   revolutionary products.  On April 15, 2011, Apple filed this action seeking to stop Samsung's

5   widespread patent, trademark, and trade dress infringement.  On April 19, Apple filed a motion

6   for expedited discovery, and on July 1, motions to expedite trial and for a preliminary injunction.

7   Apple has moved expeditiously to assert its rights in the intellectual property it is asserting.

8          *For Samsung's Case*

9          Seeking to obfuscate and delay Apple's claims, Samsung filed an Answer to the

10  Complaint on June 30 and brought counterclaims based on twelve disparate patents that are

11  unrelated to the subject matter of Apple's patents.   These twelve patents, seven of which

12  purportedly pertain to public wireless communications standards, raise numerous legal, factual,

13  and technical issues that are completely unrelated to Apple's claims and should be severed and set

14  for trial on a separate track.   Samsung itself does not believe that its claims require quick

15  resolution, because it — unlike Apple — has not moved for expedited relief.

16         Further, in response to Samsung's assertion of these twelve patents against Apple, Apple

17  brought counterclaims in reply seeking declaratory judgment of non-infringement and invalidity,

18  and for various breach of contract, antitrust, and unfair business practice-related claims, aiming to

19  halt Samsung's abusive assertion of its patents.

20         **Samsung's Statement:**

21         Samsung is one of the world's leading electronics companies, specializing in digital

22  products and media, semiconductors, memory, and system integration.   Samsung has a long

23  history of groundbreaking innovation across a wide range of technologies.  Samsung entered the

24  phone industry long before Apple, and is the largest provider by volume of mobile devices in the

25  United States and the second largest in the world. During the last half of 2010, Samsung sold

26  more Android-based devices worldwide than any other company, and this month shipped its 300

27  millionth phone.  In 2001, Samsung broke the 1 cm technological barrier and sparked the ultra-

28  portable mobile phone revolution spurring dozens of competitors to slim down their design form

factors. Samsung's innovative contributions to the mobile device industry have been recognized

through numerous awards and Samsung's mobile device designs have won close to 60 awards between 2007 and the beginning of 2011.

Despite a long history of innovation when it comes to the design and configuration of mobile devices, Apple has accused Samsung of "copying" the "look and feel" of its iPhone, iPod touch, and iPad products.   Apple is attempting to prevent Samsung from using common, functional, obvious and otherwise unprotectable elements of design patents, trademarks and trade dress, rather than seeking to innovate in the face of legitimate competition from Samsung.  Apple is not entitled to legal protection for such functional and commonly-used device features as rectangular shapes with rounded edges, rectangular screens with black borders, rounded-square shaped icons for applications, nor for common and descriptive metaphors, such as a handset for a phone application, a yellow legal pad for a notes application, and gears for settings.   Indeed, Apple's claimed design elements, taken alone and together, were commonplace long before Apple's alleged inventions, and the Ninth Circuit has rejected Apple's previous efforts to monopolize the use of routine metaphors for icons.   Apple further alleges that Samsung has infringed several utility patents relating to graphic user interface and multi-touch functionality, which Samsung will show are invalid, unenforceable and not infringed by the accused Samsung products.

Samsung further seeks cancellation of Apple's allegedly registered trademarks and trade dress, in addition to declarations of invalidity for all asserted IP, including the utility and design patents.   To streamline the litigation and conserve resources of both parties and the Court, Samsung also asserts twelve of its own utility patents against Apple as counterclaims, which cover a cover a broad scope of smart phone and other mobile device technology, including technology related to data encoding and decoding, regulating transmission power of data channels, increasing efficiency of data transmission, combining data streams to enable simultaneous voice and high-speed data, and scrambling codes.  The Samsung patents also cover multitasking on mobile devices, displaying local time on a phone for various cities around the world, and storing, viewing and transmitting images in digital cameras and camera phones.

Samsung seeks damages for patent infringement, treble damages for willful infringement, injunctive relief, prejudgment interest, and attorneys' fees and costs for the entire dispute.

### 3. Legal Issues

**Apple's Statement:** The legal issues in dispute are those raised in Apple's Amended Complaint, Samsung's counterclaims, Apple's counterclaims in reply, and the parties' various motions, including the following:

- Whether Apple's asserted utility and design patents are valid;

- Whether Samsung's phones and tablet computers infringe Apple's asserted utility and design patents;

- Whether Apple has protectable iPhone and iPad trade dress and trademarks;

- Whether Samsung's phones and tablet computers misappropriate Apple's iPhone and iPad trade dress and constitute unfair competition and false designation of origin;

- Whether Samsung's phones and tablet computers infringe Apple's registered trade dress and trademarks;

- Whether Samsung's phones and tablet computers dilute the value Apple's trade dress and trademarks;

- Whether Samsung's asserted utility patents are valid;

- Whether Apple infringes Samsung's asserted utility patents;

- Whether Samsung has breached contractual obligations relating to the licensing of its asserted patents, including its obligation to license declared-essential patents on Fair, Reasonable, and Non-Discriminatory ("FRAND") terms;

- Whether Samsung has committed antitrust violations and acts of unfair competition in connection with standard setting activities and its assertion of claims over certain technology standards;

- Whether Apple's Case and Samsung's Case should be severed and set for trial on separate tracks;

- Whether Apple's Case should proceed on an expedited schedule to an early trial;

- Whether Apple's should be granted a preliminary injunction against certain of Samsung's products; *and*

- Whether Apple's counsel Bridges & Mavrakakis LLP should be disqualified from representing Apple.

**Samsung's Statement:**
- The proper construction to be given to the claims of the patents in suit as required by Markman, et al. v. Westview Instruments, Inc., 517 U.S. 370 (1996).

- Whether the Apple patents are invalid for failing to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation, Sections 101, 102, 103 and 112.

- Whether Apple's patents are unenforceable for any reason raised by Samsung's affirmative defenses or otherwise.

- Whether the Samsung patents are not invalid for failing to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation, Sections 101, 102, 103 and 112.

- Whether Samsung is not infringing and has not infringed any valid claim of the Apple patents.

- Whether Apple is infringing and has infringed any valid claim of the Samsung patents.

- Whether the product design and product user interface of the Samsung Accused Products cause confusion, cause mistake, or deceive consumers as to the affiliation, connection, or association of Samsung with Apple, or as to the origin, sponsorship, or approval by Apple of Samsung's goods, services, or commercial activities.

- Whether the product design and product user interface of the Samsung accused products enables Samsung to benefit unfairly from Apple's reputation and success.

- Whether the product design and product user interface of the Samsung accused products is likely to cause dilution by blurring of any valid Apple trade dress.

- Whether the Apple trade dress and trademarks are invalid and/or unenforceable including, but not limited to, because they lack secondary meaning, are not inherently distinctive, are functional, are generic, or have been abandoned.

- Whether any acts and practices by any Party are likely to mislead or deceive the general public and therefore constitute fraudulent business practices in violation of California Business & Professions Code § 17200, et seq.

- Whether the claims at issue in this case are exceptional or willfully violated, entitling the parties profits, treble actual damages, an award of costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

- Whether any party is likely to be irreparable harmed and is thus entitled to injunctive relief on their claims.

- Whether Samsung is entitled to its costs and attorneys fees because this case is exceptional.

### 4.   Motions

Apple has filed the following motions:

- A motion for expedited discovery on April 19, 2011 (D.N. 10), which the Court granted in part on May 18, 2011 (D.N. 52);

1

2      • A motion to shorten time for briefing and hearing on its motion for expedited
        discovery on April 19, 2011 (D.N. 12), which the Court granted in part on April
3       26, 2011 (D.N. 26);

4      • A motion for an expedited trial on Apple's claims on July 1, 2011 (D.N. 83),
        which is scheduled to be heard on August 24, 2011, and which includes the issue
5       of whether Apple's claims should be set for expedited trial on a separate track
        from Samsung's counterclaims;

6
       • A motion to shorten time for briefing and hearing on its motion for an expedited
7        trial and for an early CMC on July 1, 2011 (D.N. 84), which the Court denied on
         July 12, 2011 (D.N. 110);

8
       • A motion for preliminary injunction, on July 1, 2011 (D.N. 86), which is
9        scheduled to be heard on October 13, 2011; and

10     • Various administrative motions.

11         Apple is considering filing motions for summary judgment on one or more claims,

12     defenses, or issues.

13         Samsung has filed the following motions:

14     • A motion to relate cases on May 11, 2011 (D.N. 41), based on which the Court
         issued a related case order on May 23, 2011 (D.N. 55);[2]
15
       • A motion to compel discovery on May 27, 2011 (D.N. 56), which the Court denied
16       on June 21, 2011 (D.N. 79);

17     • A motion to disqualify Bridges & Mavrakakis, one of Apple's counsel, on July 11,
         2011 (D.N. 101), which is scheduled to be heard on August 24, 2011;
18
       • A motion to dismiss and strike Apple's counterclaims, on August 15, 2011 (D.N.
19       153), which is scheduled to be heard on September 22, 2011; and

20     • Various administrative motions.

21         Other motions may be filed as the case progresses, and the parties reserve their right to

22     address the same.

23         **5.      <u>Amendment of Pleadings</u>**

24         **Apple's Statement:**

25         Apple may amend its claims as pending patent applications and other intellectual property

26     mature into enforceable rights, and as Samsung releases new infringing products.

27     _____

28         [2] Samsung has since dismissed the related case and refiled some of those claims as
       counterclaims in this action.

1

2      **Samsung's Statement:**

3          Samsung may amend its pleadings to reflect information obtained through discovery and

4   to raise equitable defenses, but does not expect to dismiss any of its counterclaims.  Samsung may

5   further amend its complaint as Apple releases new infringing products.  Samsung has proposed a

6   deadline of December 23, 2011 for all amendments to pleadings.

7          **6.      Evidence Preservation**

8          The parties recognize that the burden of suspending normal policies regarding electronic

9   backup systems for disaster recovery outweighs the potential relevance of documents that might

10  be captured by some interim backup on an unknown date. Therefore, the parties agree that each

11  party can continue the standard disaster recovery systems protocol used by that party.

12         **7.      Disclosures**

13         The parties have not served initial disclosures. Under FRCP 26(a)(1)(C), the parties are

14  required to serve initial disclosures within 14 days of the Rule 26(f) conference, unless changed

15  by stipulation.   The parties have agreed, subject to the Court's approval, to serve their initial

16  disclosures on September 7, 2011.

17         **8.      Discovery**

18              **a.      Discovery Taken to Date**

19         **Apple's Statement:**

20         Samsung provided expedited discovery of certain product samples on June 17, 2011.

21  Samsung has completed discovery of Apple for Samsung's opposition to Apple's Motion for

22  Preliminary Injunction.   Apple produced a significant number of documents spanning email,

23  source code, CAD files, invention and patent prosecution files, licenses, marketing and

24  advertising information, third party market research, expert reports, and deposition and trial

25  transcripts.  Apple has also responded to a large number of interrogatories and made multiple fact

26  and expert witnesses available for deposition.   Apple has propounded written discovery on

27  Samsung, and its preliminary injunction discovery period is scheduled to begin shortly after

28  Samsung files its opposition brief.

1

2          On August 3, 2011, both Apple and Samsung served general discovery concerning this

3    action in the form of interrogatories and requests for production of documents and things, with

4    objections and responses due on September 2.

5          Just days before its opposition to Apple's preliminary injunction motion is due, Samsung

6    continues to raise false complaints about the scope of Apple's related production, which Apple

7    expedited.  Samsung ignores that Apple made four fact witnesses and its two experts available for

8    deposition.  Samsung also ignores that Apple searched for, reviewed, and produced thousands of

9    responsive documents and e-mails and hundreds of drawings in the limited timeframe for

10   Samsung's preliminary injunction discovery.   Rather than address the breadth of Apple's

11   production, Samsung confuses sketches and notebooks, continues to demand deponents on

12   30(b)(6) topics that Apple has long explained were unreasonable and overly broad, and insists

13   that Apple respond to discovery that Samsung served after the Court's deadline.

14         **Samsung's Statement:**

15         Samsung provided expedited discovery of certain product samples on June 17, 2011.

16   Samsung has undertaken discovery of Apple for Samsung's opposition to Apple's Motion for

17   Preliminary Injunction.  Apple has yet to address numerous outstanding issues with the discovery

18   related to the Preliminary Injunction motion.   These include Apple's misrepresentation that

19   design patent inventor notebooks did not exist – a representation that was revealed as false only at

20   the recent deposition of an Apple designer and named inventor on the design patents asserted on

21   Apple's Preliminary Injunction motion – and its continued refusal to produce those notebooks.

22   Apple also failed to produce a witness on a number of 30(b)(6) topics, despite representations on

23   the record to the contrary, and failed to properly answer interrogatories relating to the facts at

24   issue on the Preliminary Injunction motion.

25         Both sides also have served general discovery in the form of interrogatories and requests

26   for production of documents and things on August 3, with objections and responses due

27   September 2.

28

1

2
### b.        Limitations on Discovery

3        The parties agree that at depositions that require an interpreter, there shall be an official

4   interpreter hired by the side taking the deposition.   The parties further reserve the right to hire

5   their own interpreter to verify the translation by the official interpreter.

6        **Apple's Statement:**

7        Because Apple's Case and Samsung's Case are distinct and should be separated, Apple

8   proposes separate limits on discovery for each case.

9        Apple proposes that none of the discovery related to its motion for a preliminary

10   injunction should count against the following limits.

11   ***Depositions***

12   *Standard:*  10 depositions (FRCP 30(a)(2), 31(a)(2))

13   *Proposal for Apple's Case*:   150 hours of total deposition time for each side (i.e., 150

14   hours for Apple and 150 hours for the Samsung entities collectively); 7 hour-limit for individual

15   depositions; individual and 30(b)(6) depositions count against total time, but third-party and

16   expert depositions do not; depositions requiring an interpreter count as half time.

17        *Proposal for Samsung's Case*:

18        325 hours of total deposition time for each side (*i.e.*, 325 hours for Apple and 325 hours

19   for the Samsung entities collectively); 7 hour-limit for individual depositions; individual and

20   30(b)(6) depositions count against total time, but third-party and expert depositions do not;

21   depositions requiring an interpreter count as half time; 75 hours maximum total 30(b)(6)

22   deposition time for each side.

23   ***Interrogatories***

24   *Standard*:  25 interrogatories (FRCP 33(a)(1))

25   *Proposal for Apple's Case*:  35 interrogatories

26   *Proposal for Samsung's Case*:  60 interrogatories

27   ***Requests for Production***

28   No limit in FRCP.

     *Proposal for Apple's Case*:  no limit.

*Proposal for Samsung's Case*:  no limit.

**Requests for Admission**

No limit in FRCP.

*Proposal for Apple's Case*:   100 requests for admission; requests for admission of the authenticity of a document do not count against the limit.

*Proposal for Samsung's Case*:  as above.

**Samsung's Statement:**

Apple's proposal that the parties be treated differently for discovery purposes – and not coincidentally in ways that uniformly would favor Apple – is untenable as well as unfair. Samsung believes that the Court should set one limit for the entire case and let each side decide how to allocate their time between claims and counterclaims.  Therefore, Samsung is proposing overall case limits.

*Depositions*

Samsung proposes 450 hours of fact depositions for the entire case.   Rule 30(b)(6) deposition hours should be counted towards the 450 hour limit for each side; third party and expert depositions do not count toward the total.  At depositions that require an interpreter, the parties agree that there shall be an official interpreter hired by the side taking the deposition. Samsung further reserves the right its own interpreter to verify the translation by the official interpreter.  Samsung proposes that every 10 hours of deposition time requiring interpreters count as 7 hours towards the 450 hour total.

*Interrogatories*

Samsung proposes 80 interrogatories per side.

*Requests for Admission*

No limit on requests for admission is necessary.

**c.      Discovery of ESI**

Apple has proposed that the parties enter an ESI stipulation addressing preservation, collection, and production of ESI.  Samsung agrees that the parties should work out a stipulation

and initially proposes that ESI be produced via reasonable word searches with the search terms agreed upon by both sides.

### d.       Protective Order

The parties are still negotiating the scope of a protective order to govern this action.  In the interim, the parties are operating under the Interim Protective Order provided by the Local Patent Rules, as modified by stipulation for Samsung's expedited discovery.  The parties are discussing and considering cross-use provisions to account for additional foreign and domestic litigations between the parties.

### e.       Privilege and Privilege Logs

The parties have agreed to the following procedures with respect to privilege logs:

The parties are not required to log Privileged Materials dated after April 15, 2011 (the "cut-off date").  Information concerning documents or things otherwise protected by the attorney-client privilege, work product immunity, or other privilege or protection ("Privileged Materials") that were created after the cut-off date do not need to be included on any privilege log.  In addition, Privileged Materials created by or on behalf of litigation counsel or exchanged with litigation counsel, regardless of their date, do not need to be included on any privilege log.  This does not include materials prepared by or on behalf of the law firms representing the parties in their capacity as prosecution counsel.  The parties reserve the right to request logs of Privileged Materials created after April 15, 2011 where good cause exists.

The parties shall exchange privilege logs on September 7, 2011, for all documents produced prior to August 25, 2011.  For each additional set of documents produced on or after August 25, 2011, the producing party shall provide a privilege log within thirty (30) days after each production, logging any documents withheld from production under a claim of privilege.

### f.       Discovery from Experts

The parties will meet and confer regarding entry of a stipulation limiting the discovery of expert materials.  The parties have also agreed to meet and confer following the exchange of expert reports to set reasonable limits on expert deposition time.

1

2        **9.      Class Actions**

3        This case is not a class action.

4        **10.     Related Cases**

5        **Apple's Statement:**

6        Pursuant to this Court's May 23, 2011, order (D.N. 55), Apple's case was related to

7    *Samsung Electronics Co., Ltd. et al. v. Apple Inc.*, cv-11-02079-LHK.   On June 30, 2011,

8    Samsung dismissed that case and reasserted its claims as counterclaims in this action (D.N. 80).

9        Counterparts to many of the patents-in-suit are being litigated between the parties in cases

10   outside the U.S., listed in the order in which they were filed:

11       - **4/15/2011:** *Apple Inc. v. Samsung Electronics Co., Ltd.* (Case No. 5:11-cv-1846)
           (N.D. Cal.)

12
         - **4/21/2011:** *Samsung Electronics Co., Ltd. v. Apple Japan, Inc.* (Tokyo District
13         Court, Japan – JP Pat. No. 4642898 - 2011 (Yo) No. 22027)

14       - **4/21/2011:** S*amsung Electronics Co., Ltd. v. Apple Japan, Inc.* (Tokyo District
           Court, Japan – JP Pat. No. 4299270 - 2011 (Yo) No. 22028)

15
         - **4/21/2011:** *Samsung Electronics Co., Ltd. v. Apple Korea Ltd* (Seoul Central
16         District Court, Korea - 2011 Kahap 39552)

17       - **4/21/2011:** *Samsung Electronics GmbH v. Apple, Inc. and Apple GmbH*
           (Mannheim Regional Court, Germany) (7 O 247/11)
18
         - **6/17/2011:** *Apple Inc. v. Samsung Japan Corp.* (Tokyo District Court, Japan – JP
19         Pat. No. 4204977 - 2011 (Yo) No. 22048)

20       - **6/17/2011:** *Apple Inc. v. Samsung Japan Corp.* (Tokyo District Court, Japan – JP
           Pat. No. 4743919 - 2011 (Yo) No. 22049)
21
         - **6/17/2011:** *Apple Inc. v. Samsung Electronics GmbH* (Mannheim Regional Court,
22         Germany) (7 O 166/11)

23       - **6/22/2011:** *Apple Inc. v. Samsung Electronics Co., Ltd.* (Seoul Central District
           Court, Korea - No. 2011 Gahap 63647)
24
         - **6/27/2011:** *Apple Inc. v. Samsung Electronics Co., Ltd.* (Court of Justice, the
25         Hague, Netherlands) (KG 11-730)

26       - **6/27/2011:** *Apple Inc. v. Samsung Electronics Co., Ltd.* (Court of Justice, the
           Hague, Netherlands) (KG 11-731)
27
         - **6/28/2011** *In the Matter of Certain Mobile Electronic Devices* (ITC Case *Samsung
28         v. Apple* 337-TA-794)

         - **6/29/2011:** *Samsung Elec. Co. Ltd. et al. v. Apple Inc.* (D. Del. 11-cv-573-LPS)

- **6/29/2011:** *Samsung Electronics Italia s.p.a. v. la Apple Inc.* (Tribunale Di Milano, Italy)

- **6/29/2011:** *Samsung Elec. Co. Ltd. v. Apple Retail UK et al.* (UK High Court of Justice Chancery Div. Patents Court HC 11 CO 2180)

- **7/5/2011:** *In the Matter of Certain Electronic Digital Media Devices and Components Thereof* (ITC Case *Apple v. Samsung* 337-TA-796)

- **7/8/2011:** *Samsung Electronics Co. Ltd and Samsung Electronics France v. Apple France et al.* (Tribunal De Grande Instance De Paris 11/10464)

- **7/28/2011:** *Apple Inc. v. Samsung Electronics Ltd. Co.* (Federal Court of Australia, New South Wales District Registry, General Division) (NSD1243/2011)

- **8/4/2011:** *Apple Inc. v. Samsung Electronics GmbH* (Düsseldorf Regional Court)

Apple has obtained provisional relief in two of these foreign actions.  On August 1, 2011, in response to Apple's application for a preliminary injunction, the Federal Court of Australia for New South Wales entered an order confirming the undertaking of Samsung Electronics Co., Ltd. and its Australian affiliate that Samsung will not import, offer for sale or sell in Australia the Galaxy Tab 10.1 without Apple's permission pending resolution of Apple's application, and that Samsung will provide samples of the Galaxy Tab 10.1 to Apple at least seven days before the intended date of distribution.

On August 9, 2011, the German Regional Court in Düsseldorf issued an interim injunction prohibiting Samsung Electronics Co., Ltd. and its German affiliate from making, offering for sale, selling, importing, exporting, or stocking the Galaxy Tab 10.1 within the European Union (with the exception of Netherlands as to Samsung Electronics Co., Ltd).  On August 16, the German court suspended enforcement of the interim injunction with regard to Samsung Electronics Co., Ltd. for the territory outside Germany.  This modification does not limit the scope of the interim injunction as to Samsung's German affiliate.

Apple denies Samsung's incorrect arguments about the overseas provisional relief Apple has obtained, which Samsung inserted shortly before this statement was due.  The injunction in Germany was based on the court's inspection of a physical sample of Samsung's infringing product, for example.  Apple reserves the right to address Samsung's arguments them further at the Case Management Conference.

**Samsung's Statement:**

Samsung agrees that the list of foreign actions listed by Apple is accurate.  However, even assuming that Apple's gratuitous claims about the preliminary proceedings in those actions could have any relevance to case management here, Apple misstates them.   In Australia, Apple erroneously moved to enjoin the sale of a version of the Galaxy Tablet Samsung never planned to release in Australia.  To avoid wasting the resources of the Court or the parties on a device that Samsung would not even be selling in Australia, Apple and Samsung entered into an agreement in which Samsung would not release the U.S. version of the tablet in that country—which it had never intended to do.  In Germany, Apple secretly filed for an injunction, without any notice to Samsung, and with reportedly doctored evidence.   After initially entering the injunction, the German court reversed itself and has since allowed sales of the Galaxy Tab to resume throughout Europe, with the exception of Germany itself.  Samsung is challenging the remaining limited portion of the injunction and expect it to likewise be overturned.  Samsung has also filed an application seeking to cancel the design registration asserted by Apple in Germany (equivalent to the D504,889 patent alleged in this action) with the Office of Harmonization for the Internal Market.

> 11.   **Relief**

**Apple's Statement:**

*The Apple Case*

The relief Apple seeks in its case against Samsung is detailed in its Amended Complaint and other pleadings, including its Motion for a Preliminary Injunction.  In summary, Apple seeks:

- A judgment that Samsung has infringed one or more claims of Apple's asserted patents;

- An order preliminarily and permanently enjoining Samsung from further infringement of Apple's asserted patents;

- A judgment awarding damages to compensate for Samsung's infringement, including treble damages for willful infringement, and prejudgment interest;

- A judgment awarding Apple all of Samsung's profits together with prejudgment interest;

- An order preliminarily and permanently enjoining Samsung from further infringement or dilution of Apple's asserted trademarks and trade dress;

- Actual damages suffered by Apple as a result of Samsung's unlawful conduct, in an amount to be proven at trial; and

- Various other relief, including reasonable funds for future corrective advertising, an accounting of Samsung's profits, treble damages, punitive damages pursuant to the California Civil Code, restitutionary relief, costs of suit and reasonable attorneys fees, and any other relief to which Apple may be entitled.

*The Samsung Case*

Apple seeks the following relief in Samsung's case against Apple:

- An order dismissing Samsung's Counterclaims in their entirety, with prejudice;

- A judgment in favor of Apple and against Samsung;

- A judgment finding that Samsung is liable for breach of contract, promissory estoppel, violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, the California Cartwright Act, California Business and Professions Code, §§ 16720, et seq, and/or violation of Cal. Bus. & Prof. Code § 17200;

- A judgment against Samsung for the amount of damages Apple proves at trial and, as a legal or equitable remedy, judgment declaring that Samsung's purported essential patents are unenforceable by virtue of standards-related misconduct including (i) Samsung's breach of its FRAND commitments and/or (ii) Samsung's breach of its disclosure obligations at ETSI;

- Pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15, and/or California Business and Professions Code, §§ 16720, et seq., a judgment against Samsung for treble the amount of Apple's damages, an injunction barring Samsung from demanding from Apple non-FRAND terms for Samsung's purportedly essential patents, and an award to Apple of all reasonable attorneys' fees and costs;

- A judgment that Samsung has violated the California Unfair Competition Law;

- A judgment declaring that, to the extent any of the alleged inventions described in and allegedly covered by the purportedly essential patents are used, manufactured, or sold by or for Apple, its suppliers, and/or its customers, Apple is licensed by virtue of Samsung's FRAND commitments or, in the alternative, Apple has the irrevocable right to be licensed on FRAND terms under those patents;

- A judgment declaring that Samsung is not entitled under any circumstances to seek injunctive relief preventing Apple from practicing the UMTS standard, and that Samsung is not otherwise entitled to use its purported essential patents to pursue injunctive relief;

- A judgment declaring that Samsung's purported essential patents are unenforceable by virtue of Samsung's waiver of its right to enforce its purported essential patents;

- A declaration that Apple has not infringed, and is not infringing, each of the Samsung asserted patents; and

- A declaration that one or more of the claims of each of the Samsung asserted patents are invalid, void and/or unenforceable against Apple.

**Samsung's Statement:**

Samsung seeks:

- Dismissal of Apple's claims with prejudice and entry of judgment in its favor;

- A judgment that Apple has infringed one or more claims of Samsung's asserted patents;

- An order preliminarily and permanently enjoining Apple from further infringement of Samsung's asserted patents;

- Damages in an amount to be proven at trial, including treble damages for willful infringement and prejudgment interest;

- Apple's profits together including prejudgment interest;

- A declaratory judgment that Samsung has not infringed any of the claims of any design or utility patent asserted by Apple;

- A declaratory judgment that all of the design and utility patents asserted by Apple are invalid;

- A declaratory judgment of no Federal false designation of origin under 15 U.S.C. § 1125(a);

- A declaratory judgment of no infringement of any asserted Apple trademarks or trade dress;

- A declaratory judgment of no dilution of any asserted Apple trade dress;

- A declaratory judgment that all of the trademarks and trade dress, including application, asserted by Apple are invalid;

- Cancellation of all trademarks and trade dress, including application, asserted by Apple are invalid;

- A declaratory judgment of no violation of the California Business and Professional Code § 17200 et seq.;

- A declaratory judgment of no violation of the law of unjust enrichment; and

- A declaration that this case be declared "exceptional" under 35 U.S.C. § 285 and an award of Samsung's attorneys' fees, expenses, and costs.

**12.    Settlement and ADR**

The parties agree to private mediation before a neutral and at a time and date that is mutually acceptable to both parties.

**13.      Consent to Magistrate Judge for All Purposes**

The parties do not consent to having a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.      Other References**

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.      Narrowing of Issues and Severance of Claims**

**Apple's Statement**:

Apple requests that the Court sever Samsung's counterclaims and schedule them for trial on a separate track for the reasons in Apple's Reply In Support of Motion for Expedited Trial (D.N. 131 at 8-12) and in its Opposition to Samsung's Motion to Disqualify (D.N. 133 at 25-26). Apple has shown an urgent need for expedited relief.  Samsung's infringing products threaten to erode the distinctiveness of core Apple products.  New infringing Samsung products are rapidly entering the U.S. market.   Samsung has stated that it will make a "major new product announcement" at the end of this month.  All indications are that Samsung will announce the U.S. release of its next generation Galaxy S2 smartphone.  Apple understands that a new infringing Samsung tablet, called the Tab 8.9, is also coming.  Apple needs early adjudication of its claims so it can put a stop to Samsung's copying of Apple's designs and technology now.

Samsung, in contrast, has never sought expedited relief on its counterclaims, most of which involve patents that Samsung contends are essential to implement telecommunication standards.   Samsung is bound to license these patents on Fair, Reasonable and Non-Discriminatory ("FRAND") terms.  Injunctive relief is not and never will be an issue as to those patents.

Apple's claims are already on a faster track, having been the subject of multiple motions and substantial expedited discovery taken in connection with Apple's preliminary injunction motion.  In contrast, no discovery has been taken on Samsung's counterclaims.  Samsung's counterclaims will require extensive discovery and briefing of completely distinct issues — including unrelated technology and Samsung's violation of its obligation to license patents that it

1
2  contends are essential to implement telecommunications standards.   (D.N. 131 at 9-11.)
3  Samsung's counterclaims should not be allowed to delay the trial of Apple's claims, especially
4  since Samsung added them to this case in a transparent attempt to slow down Apple's case.  (*Id.*
5  at 11-12.)
6          By any measure, combining Apple's claims and Samsung's claims would make the case
7  too large and too complex for any single jury.  The technologies are varied.  The legal issues,
8  including Apple's antitrust counterclaims, are many.  Even Samsung believes that four weeks
9  would be needed to try the combined claims.  Apple views that as unrealistic, and indeed
10 Samsung seems to agree, having expressly stated that it "reserves the right to seek additional
11 time".  Urgency and logic dictate that the cases be split as Apple has proposed.
12         Samsung has asserted that the issue of setting Apple's claims for a separate, expedited
13 trial is not properly before the Court.  Apple moved, however, for an order setting "an expedited
14 schedule leading to a trial on *Apple's* claims…."  (Apple's Motion for Expedited Trial on its
15 Claims, D.N. 83 at 2 (emphasis added); *see* D.N. 83-1 (proposed order setting an expedited
16 schedule "as to Apple's claims in this case").)
17         Scheduling Apple's claims for separate trial is clearly a proper issue for the Case
18 Management Conference.  Rule 16(c)(2)(M) of the Federal Rules of Civil Procedure authorizes
19 the Court to "consider and take appropriate action" at the Case Management Conference on
20 "ordering a separate trial under Rule 42(b) of a claim, counterclaim, crossclaim, third-party claim,
21 or particular issue."  This District's Standing Order for All Judges on the Contents of the Joint
22 Case Management Conference Statement requires the parties to address the subject of
23 "Narrowing of Issues," including "any request to bifurcate issues, claims, or defenses."
24         Federal Rule of Civil Procedure 21 authorizes the Court to "sever any claim against a
25 party" either "[o]n motion *or on its own*."  Fed. R. Civ. P. 21 (emphasis added).  The Northern
26 District of California has exercised this authority to "sever claims *sua sponte*."  *Khanna v. State*
27 *Bar of Cal.*, No. C-07-2587 EMC, 2007 WL 2288116, at *2 (N.D. Cal. Aug. 7, 2007) (order
28 severing claims under Rule 21) ("Although neither party has moved for severance in the instant
   case, the Court may sever claims *sua sponte.*")  Courts have also ordered separate trial of claims

1

2   under Rule 42(b), even without a motion.  "Regardless of whether this action is construed as

3   severance of particular plaintiffs and their claims under Rule 21, or construed as an order for

4   separate trials under Rule 42(b), this Court has the power sua sponte to order such action and has

5   decided to exercise it."  *In re All Asbestos Cases Pending in the U.S. Dist. Court for the Dist. of*

6   *Maryland*, No. BML-1, 1983 WL 808161, at *4 (D.Md. Dec. 16, 1983); *see Richmond v. Weiner*,

7   353 F.2d 41, 44 (9th Cir. 1965) (trial court may order separate trial of issues "in its discretion"

8   and "upon its own motion"); 9A Charles Alan Wright, et al.,  Fed. Prac. & Proc. § 2388 (3d ed.)

9   ("A formal motion is not required … because district court may order separate trials on its own

10  motion") (footnote omitted).

11          **Samsung's Statement:**

12          Rather than filing a noticed motion, as the Rules require and which would enable the

13  parties to fully brief and the Court adequately evaluate the issue, Apple continues to interject its

14  desire to sever Samsung's counterclaims into random filings in this case.   After repeatedly

15  delaying the parties' exchange of proposed case management statements, and after 4 pm on the

16  day before the parties are required to file this Joint statement, Apple ambushed Samsung with a

17  statement including what should be styled as a motion to sever.   Apple's continued refusal to

18  properly put this issue before the Court demonstrates that it either is not serious about the issue or

19  is afraid that allowing full briefing would only serve to further expose the lack of merit in Apple's

20  position.  Apple's argument is improper for a case management statement, and on that basis alone

21  should be disregarded by the Court.

22          But even if it were considered in this context, Apple's request is meritless.  First and

23  foremost, Apple ignores the Court's prior decision (over Apple's opposition) to relate the two

24  cases that the parties filed against each other.  To state the obvious, where two separately filed

25  cases have been deemed related, it would be improper and inefficient to sever the same claims

26  which are now styled as counterclaims.  Although the Court's order to relate should be dispositive

27  of Apple's belated attempt to rehash this issue, Samsung briefly addresses Apple's arguments and

28  further requests that, if the Court is inclined to consider Apple's improper request, Samsung be

allowed to submit an opposition brief.

1

2        Apple makes three arguments to justify its improper request to sever.  First, Apple asserts

3    that its claims are "straightforward."  However, Apple fails to explain how its twenty-two claims

4    for relief, involving eight utility patents spanning differing types of complex technology, seven

5    design patents, and over a dozen trademark and trade dress registrations and applications are

6    "more suitable for expedited disposition."  Second, Apple argues that the potential release of new

7    Samsung products supports its request for expedited relief.  The fact Apple only moved for a

8    preliminary injunction against three Samsung smart phones—and not on the basis of the

9    trademark and trade dress claims used to bolster its motion for expedited discovery—belies any

10    claim that Apple is facing harm that justifies expedited relief, much less expedited disposition of

11    only its claims.  Indeed, this Court previously informed Apple of this very point:  "The Court has

12    already granted Apple expedited discovery, thereby providing Apple an opportunity to obtain

13    preliminary relief in this action….The Court agrees with Samsung that the length of time Apple

14    has been aware of its claims and the long history of infringement alleged in the complaint

15    undermined Apple's claims of urgency…."  (Dkt. No. 110 at 2.)  Finally, Apple has provided no

16    rationale as to why Samsung's claims will "delay the trial of Apple's claims."  Samsung's

17    proposed schedule adheres to the local patent rules for both sides, regardless of when the patents

18    were added to the case.

19        Apple's singular, one-sided focus on expediting its claims while avoiding requirements of

20    actually filing for a preliminary injunction, ignores the waste of resources and prejudice that

21    severance would have.  Apple's proposed schedule delays trial of Samsung's claims until June

22    2013 at the earliest, which certainly does not further the interests of judicial economy.  *See, e.g.,*

23    *Vitronic Corp. v. Conceptronic, Inc.*, 1993 WL300882 *2 (D.N.H. 1993) ("The court is not

24    persuaded that a second phase of discovery and trial on a claim which will nonetheless require

25    resolution independent from that required for infringement liability will result in the most

26    efficient just final disposition of the litigation.").  The delay will also prejudice Samsung and

27    impose additional burdens on the Court and the parties.  Since many Samsung employees relevant

28    to both parties' claims reside in Korea, it would be more cost effective for the witnesses to be

deposed once, on all issues and claims.  *See Sumitomo Mitsubishi Silicon Corp. v. MEMC Elec.*

1
2   *Materials, Inc.*, No. C 05-2133, at *3, n.2 (N.D. Cal. Dec. 6, 2005).   Furthermore, if Apple's

3   unfair proposal were adopted, evidence is likely to be lost in the interim before trial of its claims.

4   One of Apple's declarants in support of its preliminary injunction motion has already left the

5   company, and it is likely that in the next two years additional important witnesses (and evidence)

6   will become unavailable.  *Id.*  (denying motion to sever antitrust claims in part because of risk of

7   lost evidence, including departure of employees from defendant company).   Rather than invite

8   disputes regarding the scope of discovery and repeated deposition of experts and fact witnesses,

9   discovery of the claims should proceed together, and the claims should be tried together.  *Id.*

10  Samsung anticipates that it will file motions for summary judgment to narrow the issues in the

11  case and reduce the scope of any potential trial.

12      **16.**   **Expedited Schedule**

13      Apple believes that its claims against Samsung are suitable for handling on an expedited

14  schedule, as detailed in Apple's pending Motion for an Expedited Trial.   Samsung opposes this

15  motion, as well as any attempt to sever Samsung's counterclaims.   The motion is fully briefed and

16  will be heard by the Court on August 24, 2011.   Samsung does not believe it is appropriate to

17  expedite this case.

18      **17.**   **Scheduling**

19  **Apple's Statement:**

20      In its Motion for an Expedited Trial, Apple proposed a schedule for all aspects of the case

21  that would lead to trial beginning on February 1, 2012.   Due to the Court's Order Denying

22  Apple's Motion to Shorten Time on its Expedited Trial Motion, the hearing on Apple's Expedited

23  Trial Motion will be held concurrently with the Case Management Conference on August 24,

24  which is one month later than Apple had proposed.   Accordingly, Apple has revised its expedited

25  schedule to lead to trial on Apple's claims beginning March 7, 2012, as set forth in the table

26  below.

27      Samsung has not sought expedited relief on its claims against Apple.   Rather, it has

28  asserted its claims as counterclaims in this action in order to delay resolution of Apple's claims.

There is no reason that these cases should proceed on the same schedule.   Indeed, Samsung's

case will require additional discovery concerning Samsung's violation of its FRAND licensing obligation and its misconduct in the standards setting process, and Apple's related breach of contract, unfair competition, and antitrust counterclaims.   Accordingly, Apple proposes that Samsung's claims be set for trial on a separate, non-expedited track, as set forth in the table below.

*Comparison of Proposed Schedules for Apple's Case:*

| Event | Apple's Proposal | Samsung's Proposal |
|---|---|---|
| Apple serves infringement contentions (Patent L.R. 3-1); Apple proposes claim terms for construction (Patent L.R. 4-1) | Aug. 19, 2011 | Sep. 7, 2011 |
| Apple produces documents related to infringement contentions (Patent L.R. 3-2) | Aug. 24, 2011 | |
| Case Management Conference | Aug. 24, 2011 | - |
| Initial Disclosures Due | Sept. 7, 2011 | Sept. 7, 2011 |
| Samsung serves invalidity contentions and produces required documents (Patent L.R. 3-3, 3-4);  Samsung proposes claim terms for construction (Patent L.R. 4-1) | Sept. 19, 2011 | Oct. 24, 2011 |
| Parties exchange preliminary claim constructions and identify supporting evidence and experts (Patent L.R. 4-2) | Sept. 26, 2011 | Nov. 7, 2011 |
| Parties file Joint Claim Construction and Prehearing Statement, limited to ten total terms in dispute (Patent L.R. 4-3) | Oct. 3, 2011 | Dec. 23, 2011 |
| Deadline to Amend Pleadings | Oct. 3, 2011 | Dec. 23, 2011 |
| Close of claim construction discovery | Oct. 26, 2011 | Jan. 23, 2012 |
| Apple's Opening Claim Construction Brief | Oct. 31, 2011 | Feb. 6, 2012 |
| Samsung's Claim Construction Opposition | Nov. 14, 2011 | Feb. 21, 2012 |
| Apple's Claim Construction Reply | Nov. 21, 2011 | Feb. 28, 2012 |
| Markman Tutorial | [To be supplied by Court] | |

| Event | Apple's Proposal | Samsung's Proposal |
|---|---|---|
| Claim Construction Hearing | [To be supplied by Court] | March 13, 2012 |
| Local Patent Rule 3-7 Disclosures | Dec. 19, 2011 | 50 days after Court issues claim construction order |
| Fact discovery cut-off | Dec. 19, 2011 | 90 days after Court issues claim construction order |
| Initial expert disclosures/reports | | 150 days after Court issues claim construction order |
| Rebuttal expert reports | Jan. 3, 2012 | 210 days after Court issues claim construction order |
| Close of expert discovery | Jan. 16, 2012 | 220 days after Court issues claim construction order |
| Deadline for dispositive motions | Jan. 19, 2012 | 250 days after Court issues claim construction order |
| Hearing on dispositive motions | Feb. 23, 2012 (if motions filed Jan. 19) | - |
| Final pretrial conference | February 29, 2012 | 330 days after Court issues claim construction order |
| Jury trial begins on Apple's claims | March 7, 2012 | 337 days after Court issues claim construction order |

*Comparison of Proposed Schedules for Samsung's Case:*

| Event | Apple's Proposal | Samsung's Proposal |
|---|---|---|
| Initial Disclosures Due | Sept.  7, 2011 | Sept. 7, 2011 |
| Samsung serves infringement contentions and | Sept.  7, 2011 | Sept. 7, 2011 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Event | Apple's Proposal | Samsung's Proposal |
|---|---|---|
| produces required documents (Patent L.R. 3-1, 3-2) | | |
| Apple serves invalidity contentions and produces required documents (Patent L.R. 3-3, 3-4) | Nov. 9, 2011 | Oct. 24, 2011 |
| Exchange of proposed claim terms for construction (Patent L.R. 4.1(a)) | Dec. 2, 2011 | Sept. 7, 2011 |
| Parties exchange preliminary claim constructions and identify supporting evidence and experts (Patent L.R. 4-2) | Dec. 30, 2011 | Nov. 7, 2011 |
| Parties file Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3) | Jan. 20, 2012 | Dec. 23, 2011 |
| Deadline to Amend Pleadings | Jan. 20, 2012 | Dec. 23, 2011 |
| Close of claim construction discovery | March 2, 2012 | Jan. 23, 2012 |
| Samsung's Opening Claim Construction Brief | March 16, 2012 | Feb. 6, 2012 |
| Apple's Claim Construction Opposition | March 30, 2012 | Feb. 21, 2012 |
| Samsung's Claim Construction Reply | April 13, 2012 | Feb. 28, 2012 |
| Markman Tutorial | [To be supplied by Court] | |
| Claim Construction Hearing | [To be supplied by Court] | March 13, 2012 |
| Local Patent Rule 3-7 Disclosures | Jan. 25, 2013 | 50 days after Court issues claim construction order |
| Fact discovery cut-off | Jan. 25, 2013 | 90 days after Court issues claim construction order |
| Initial expert disclosures/reports | Jan. 25, 2013 | 150 days after Court issues claim construction order |
| Rebuttal expert reports | March 8, 2013 | 210 days after Court issues claim construction order |

| Event | Apple's Proposal | Samsung's Proposal |
|-------|------------------|--------------------|
| Close of expert discovery | April 12, 2013 | 220 days after Court issues claim construction order |
| Deadline for dispositive motions | May 10, 2013 | 250 days after Court issues claim construction order |
| Final pretrial conference | June 14, 2013 | 330 days after Court issues claim construction order |
| Jury trial begins on Samsung's claims | June 21, 2013 | 337 days after Court issues claim construction order |

**Samsung's Statement:**

The deadlines established by the Local Patent Rules are appropriate to govern all pre-Markman proceedings in this case.  Samsung's proposed schedule then provides adequate time for additional fact discovery, expert discovery, and summary judgment motions before proceeding to trial, timed from the Court's Markman Order.  Given the number of patents and complexity of issues in this case, an expedited schedule would not provide time for either party to pursue adequate discovery, or for the Court to consider the parties' anticipated motions for summary judgment and narrow the issues for trial.

Samsung addresses Apple's unfounded request to sever its claims in section 15 above.  Apple chose to file its claims in a forum with controlling local patent rules, rather than an accelerated forum like the International Trade Commission.  Apple has failed to properly place its request before the Court, much less identify any compelling reason to depart from the local patent rules, or why Samsung's claims are not equally entitled to accelerated resolution.  Samsung dismissed its separate action and filed its counterclaims to reduce unnecessary waste of resources by the Parties and the Court by trying the claims as merely related cases, as the Court recognized was proper at the June 17, 2011 hearing.  Samsung's proposed schedule adheres to the Local Patent Rules and provides the parties adequate time to develop and try their respective claims.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Summary of Proposals [Samsung Version]:**

| Event | Apple's Proposal | Samsung's Proposal |
|---|---|---|
| Initial Disclosures Due | | September 7, 2011 |
| Party asserting infringement serves infringement contentions and produces required documents (Patent L.R. 3-1, 3-2); proposes claim terms for construction (Patent L.R. 4-1) | | September 7, 2011 |
| Party asserting invalidity serves invalidity contentions and produces required documents (Patent L.R. 3-3, 3-4); proposes claim terms for construction (Patent L.R. 4-1) | | October 24, 2011 |
| Parties exchange preliminary claim constructions and identify supporting evidence and experts (Patent L.R. 4-2) | | November 7, 2011 |
| Parties file Joint Claim Construction and Prehearing Statement, limited to ten total terms in dispute (Patent L.R. 4-3) | | December 23, 2011 |
| Deadline to Amend Pleadings | | December 23, 2011 |
| Close of claim construction discovery | | January 23, 2012 |
| Opening Claim Construction Brief on Asserted Patents | | February 6, 2012 |
| Claim Construction Oppositions | | February 21, 2012 |
| Claim Construction Reply | | February 28, 2012 |
| Markman Tutorial | | [To be supplied by Court] |
| Claim Construction Hearing | | March 13, 2012 |
| Local Patent Rule 3-7 Disclosures | | 50 days after Court issues claim construction order |
| Fact discovery cut-off | | 90 days after Court |

| Event | Apple's Proposal | Samsung's Proposal |
|---|---|---|
| | | issues claim construction order |
| Initial expert disclosures/reports | | 150 days after Court issues claim construction order |
| Rebuttal expert reports | | 210 days after Court issues claim construction order |
| Close of expert discovery | | 220 days after Court issues claim construction order |
| Deadline for dispositive motions[3] | | 250 days after Court issues claim construction order |
| Final pretrial conference | | 330 days after Court issues claim construction order |
| Jury trial begins | | 337 days after Court issues claim construction order |

### 18.   Trial

**Apple's Statement:**  Apple has demanded a jury trial for its claims against Samsung in Apple's case, and for Apple's counterclaims in reply in Samsung's case.

*For Apple's Case*:  Apple believes a 10 day trial is sufficient for its case against Samsung.

*For Samsung's Case*:  Apple believes a 15 day trial is necessary for Samsung's case against Apple.

**Samsung's Statement:**

Four weeks for a jury trial will provide adequate time for both Apple's and Samsung's claims.  Samsung currently believes that parties should equitably split trial time, but reserves the

---

[3] Required by Northern District Standing Order on Case Management Statements.

1

2      right to seek additional time if it becomes necessary based on the status of the Parties' respective

3      claims at the time of trial.

4          **19.    Disclosure of Non-Party Interested Entities or Persons**

5          The parties have filed Certifications of Interested Persons or Entities pursuant to Civil

6      Local Rule 3-16.

7          **20.    Other Matters**

8          Patent Local Rule 2-1(a) requires the parties to meet and confer on the following

9      additional topics:

10             **a.    (1) Proposed modification of the obligations or deadlines set forth in
               the Patent Local Rules to ensure that they are suitable for the circumstances**

11             **of the particular case.**

12             **b.    (2) The scope and timing of any claim construction discovery including
               disclosure of and discovery from expert witnesses.**

13

14         The Parties' proposed schedules address the local patent rules and the timing of claim

15     construction discovery.

16             **c.     (3) The format of the Claim Construction Hearing, including whether
               the Court will hear live testimony, the order of presentation, and the**

17             **estimated length of the hearing.**

18     **Apple's Statement:**

19     *For Apple's Case*:  Apple proposes one day for the Claim Construction Hearing in its case

20     against Samsung, with one half day per side.  Apple does not propose that the parties present live

21     witness testimony during the hearing.

22     *For Samsung's Case*: As above.

23     **Samsung's Statement:**

24         Pursuant to Local P.R. 2-1(a) Samsung reserve the right to present live testimony at the

25     Claim Construction Hearing.  Samsung estimates that the length of the Claim Construction

26     Hearing will be two days.  Samsung proposes that the Hearing begin with Apple's presentation on

27     the Apple Patents, Samsung's presentation on the Apple Patents, Samsung's presentation on the

28     Samsung patents, and Apple's presentation on the Samsung patents.

1

2          **d.      (4) How the parties intend to educate the Court on the technology at issue.**

3          **Apple's Statement:**

4          Apple proposes one half day for a technology tutorial in connection with each of the two

5   Markman hearings that Apple has proposed.  Time would be split evenly per side.  Apple does

6   not propose that the parties present live witness testimony during the tutorial.

7          **Samsung's Statement:**

8          Samsung respectfully suggests that the parties and the Court would benefit from a

9   technology tutorial to assist the Court on the technology at issue.  Samsung proposes a tutorial of

10  approximately one day, held before the Claim Construction Hearing, in which each side will have

11  three hours of time to make a presentation on the technology.  The tutorial presentation may be by

12  counsel or by an expert retained by each side or in whatever format the Court prescribes.

13  Samsung proposes that unless the Court prescribes a format for the presentations at the Claim

14  Construction technology tutorial, the Parties shall meet and confer no later than 30 days prior to

15  the Claim Construction Hearing to discuss and finalize how they will make their presentations.

16  Samsung reserves the right to present live witness testimony during the tutorial.

17          **e.      Service of Documents**

18          The parties agree to service by email, with overnight delivery (such as Federal Express)

19  for lengthy exhibits.  Service executed in that manner after August 17, 2011 will be considered

20  "actual delivery" under Civil Local Rule 5-5(a)(1) on the day that the documents are emailed and

21  delivered to the courier for overnight delivery.

22

23

24

25

26

27

28

1

2

Dated:   August 17, 2011

3                                                    HAROLD J. MCELHINNY (CA SBN
                                                     66781)
                                                     hmcelhinny@mofo.com

4                                                    MICHAEL A. JACOBS (CA SBN 111664)
                                                     mjacobs@mofo.com

5                                                    RICHARD S.J. HUNG (CA SBN 197425)
                                                     rhung@mofo.com

6                                                    MORRISON & FOERSTER LLP
                                                     425 Market Street

7                                                    San Francisco, California  94105-2482
                                                     Telephone:  (415) 268-7000

8                                                    Facsimile:  (415) 268-7522

9                                                    KENNETH H. BRIDGES (CA SBN 243541)
                                                     kbridges@bridgesmav.com

10                                                   MICHAEL T. PIEJA (CA SBN 250351)
                                                     mpieja@bridgesmav.com

11                                                   BRIDGES & MAVRAKAKIS LLP
                                                     3000 El Camino Real

12                                                   One Palo Alto Square, 2nd Floor
                                                     Palo Alto, CA 94306

13                                                   Telephone:  (650) 804-7800
                                                     Facsimile:  (650) 852-9224

14

15                                                   MARK D. SELWYN (SBN 244180)
                                                     mark.selwyn@wilmerhale.com

16                                                   WILMER CUTLER PICKERING
                                                     HALE AND DORR LLP

17                                                   950 Page Mill Road
                                                     Palo Alto, California 94304
                                                     Telephone: (650) 858-6000

18                                                   Facsimile: (650) 858-6100

19                                                   WILLIAM F. LEE (*pro hac vice*)
                                                     william.lee@wilmerhale.com

20                                                   WILMER CUTLER PICKERING
                                                     HALE AND DORR LLP

21                                                   60 State Street
                                                     Boston, MA 02109

22                                                   Telephone: (617) 526-6000
                                                     Facsimile: (617) 526-5000

23

24                                                   By:     /s/ Michael A. Jacobs
                                                             _____
                                                             Michael A. Jacobs

25                                                   MORRISON & FOERSTER LLP

26                                                   Attorneys for Plaintiff
                                                     APPLE INC.

27

28

1

2

3    Dated:   August 18, 2011                   QUINN EMANUEL URQUHART &
SULLIVAN, LLP
4                                      Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
5                                      50 California Street, 22nd Floor
San Francisco, California 94111
6                                      Telephone: (415) 875-6600
Facsimile: (415) 875-6700
7

8                                      Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
9                                      Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
10                                      555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
11                                      Telephone: (650) 801-5000
Facsimile: (650) 801-5100
12

13                                      Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
14                                      865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
15                                      Telephone: (213) 443-3000
Facsimile: (213) 443-3100
16

17                               By:    /s/ Victoria F. Maroulis
                                     Charles K. Verhoeven
Kevin P.B. Johnson
18                                      Victoria F. Maroulis
Michael T. Zeller
19                               Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
20                               AMERICA, INC., and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

21

22

23

24

25

26

27

28

1

2
**ATTESTATION OF E-FILED SIGNATURES**

3
    I, Victoria F. Maroulis, am the ECF User whose Id and password are being used to file

4
this Joint Case Management Conference Statement.  In compliance with General Order 45, X.B.,

5
I hereby attest that Michael A. Jacobs has concurred in this filing.

6

7
Dated:  August 18, 2011

8

9
                          By:         /s/Victoria F. Maroulis

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28