# Exhibit 8-3

| | | | |
|---|---|---|---|
| | | screen) or touchscreen) same (display$3 or console or screen$3 or monitor$3 or terminal) and scroll$3 and (list or content or (instant adj messag$3) or (phone adj number) or contact or label or folder or email or ringtone or name or bookmark) and (beyond or over) and (terminus or edge) and detect$3 and direct$3 and motion and ((portable or handheld or hand-held or (hand adj held)) near device) | FPRS; EPO; JPO; DERWENT |
| S15 | 391 | (touch$3 or touch-screen or (touch adj screen) or touchscreen) near (display$3 or console or screen$3 or monitor$3 or terminal) and scroll$3 and (list or content or (instant adj messag$3) or (phone adj number) or contact or label or folder or email or ringtone or name or bookmark) and (beyond or over) and (terminus or edge) and detect$3 and direct$3 and motion and ((portable or handheld or hand-held or (hand adj held)) near device) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S16 | 259 | (touch$3 or touch-screen or (touch adj screen) or touchscreen) near (display$3 or console or screen$3 or monitor$3 or terminal) and scroll$3 same (list or content or (instant adj messag$3) or (phone adj number) or contact or label or folder or email or ringtone or name or bookmark) and (beyond or over) and (terminus or edge) and detect$3 and direct$3 and motion and ((portable or handheld or hand-held or (hand adj held)) near device) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S17 | 1090308 | (electronic or presentation or email or word or spreadsheet or (web adj page) or (digital adj image)) and (mov$3 or movement) and (edge or end or terminus or boundar$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S18 | 233 | S17 and ((touch$3 or touch-screen or (touch adj screen)) same (display$3 or console or screen$3 or monitor$3 or terminal) same (device near (portable or hand-held))) and (object or finger or pen) and direction and speed$3 and detect$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S19 | 48 | S16 and S18 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| **S20** | **211** | **S16 not S18** | **US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT** |
| S21 | 43438 | (touch$3 or touch-screen or (touch adj screen)) and (display$3 or console or screen$3 or monitor$3 or terminal) and (beyond or past or outside) and (edge or terminus or border or boundar$3) and (rotat$4 or zoom$3 or scroll$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S22 | 2848 | (touch$3 or touch-screen or (touch adj screen)) and (display$3 or console or screen$3 or monitor$3 or terminal) and | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |

APLNDC00003948

| | | | |
|---|---|---|---|
| | | (beyond or past or outside) and (edge or terminus or border or boundar$3 or end$3) and (rotat$4 or zoom$3 or scroll$3) and (portable or handheld or hand-held) and (GUI or (graphic$2 adj user adj interface)) and detect$3 | |
| S23 | 1275 | ((touch$3 or touch-screen or (touch adj screen)) near (display$3 or console or screen$3 or monitor$3 or terminal)) and (beyond or past or outside) and (edge or terminus or border or boundar$3 or end$3) and (rotat$4 or zoom$3 or scroll$3) and (portable or handheld or hand-held) and (GUI or (graphic$2 adj user adj interface)) and detect$3 and (finger or object) and memory and (CPU or (central adj process$3 adj unit) or processor or microprocessor) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S24 | 75 | ((touch$3 or touch-screen or (touch adj screen)) near (display$3 or console or screen$3 or monitor$3 or terminal)) and (beyond or past or outside) and (edge or terminus or border or boundar$3 or end$3) and (rotat$4 or zoom$3 or scroll$3) and (portable or handheld or hand-held) and (GUI or (graphic$2 adj user adj interface)) and detect$3 and (finger or object) and memory and (CPU or (central adj process$3 adj unit) or processor or microprocessor) and (list or (web adj page) or (word adj processing) or (digital adj image) or spreadsheet or email) and (friction or motion) and speed$3 and (magnif$7 or multi-finger or (multi adj finger)) and correspond$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S25 | 0 | "345".ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S26 | 86830 | "345"/$.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S27 | 152 | S23 and S26 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S28 | 46 | S27 and 345/173.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S29 | 1 | S27 and 345/684.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S30 | 30465 | "715"/$.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S31 | 173 | S23 and S30 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S32 | 3 | S31 and 715/784.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S33 | 5 | S31 and 715/864.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S34 | 21 | S31 and 715/863.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S35 | 0 | S31 and 715/785.ccls. | US-PGPUB; USPAT; USOCR; |

APLNDC00003949

| | | | FPRS; EPO; JPO; DERWENT |
|---|---|---|---|
| S36 | 797 | S26 and 345/660.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S37 | 4 | S27 and 345/660.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S38 | 0 | "455"/$.ccls | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S39 | 124548 | "455"/$.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S40 | 61 | S23 and S39 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S41 | 0 | S40 and 455/169.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S42 | 0 | ((touch$3 or touch-screen or (touch adj screen)) near (display$3 or console or screen$3 or monitor$3 or terminal)) and (beyond or past or outside) and (edge or terminus or border or boundar$3 or end$3) and (portable or handheld or hand-held) and (GUI or (graphic$2 adj user adj interface)) and detect$3 and (finger or object) and memory and (CPU or (central adj process$3 adj unit) or processor or microprocessor) and rotat$4 and ((multi adj finger) or multifinger or multi-finger) and corespond$3 and degree and predefined and angle | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S43 | 0 | ((touch$3 or touch-screen or (touch adj screen)) near3 (display$3 or console or screen$3 or monitor$3 or terminal) near3 (portable or handheld or hand-held)) and (GUI or (graphic$2 adj user adj interface)) and detect$3 and (finger or object) and memory and (CPU or (central adj process$3 adj unit) or processor or microprocessor) and rotat$4 and ((multi adj finger) or multifinger or multi-finger) and corespond$3 and degree and predefined and angle | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S44 | 1 | ((touch$3 or touch-screen or (touch adj screen)) same (display$3 or console or screen$3 or monitor$3 or terminal) same (portable or handheld or hand-held)) and (GUI or (graphic$2 adj user adj interface)) and detect$3 and (finger or object) and memory and (CPU or (central adj process$3 adj unit) or processor or microprocessor) and rotat$4 and ((multi adj finger) or multifinger or multi-finger) and degree and predefined | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |

**Date Conducted:**     July 20, 2007.

**2) Database Service:**     MicroPatent

APLNDC00003950

**Files Searched:**

US Patent Document Databases: USG USA
Foreign Patent Document Databases: EPA EPB WO JP DEG DEA DET
DEU GBA FRA

**Search Logic:**

| # | results | criteria |
|---|---|---|
| 56 | 135 hits | **Combined query 44 not 45** |
| 55 | 69 hits | **Combined query (54 or 53) not (51 or 49)** |
| 54 | 223 hits | Any Classification G06F000348 or G06F000301<br>Full patent spec. stylus*2 same (touch*3 same (screen*3 or display*3))<br>Priority Date (earliest) <=20070628<br>Databases USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA<br>Years 1836-2008 |
| 53 | 178 hits | Any Classification 715764 or 715702 or 715781 or 715788 or 715831<br>Full patent spec. stylus*2 same (touch*3 same (screen*3 or display*3))<br>Priority Date (earliest) <=20070628<br>Databases USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA<br>Years 1836-2008 |
| 52 | 16957 hits | Full patent spec. stylus*2 same (touch*3 same (screen*3 or display*3))<br>Priority Date (earliest) <=20070628<br>Databases USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA<br>Years 1836-2008 |
| 51 | 152 hits | **Any Classification G06F000348 or G06F000301**<br>**Full patent spec. stylus*2 with (touch*3 adj3 (screen*3 or display*3))**<br>**Priority Date (earliest) <=20070628**<br>**Databases USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA**<br>**Years 1836-2008** |
| 50 | 601 hits | Any Classification G06F000348 or G06F000301<br>Full patent spec. stylus*2 with (screen*3 or display*3)<br>Priority Date (earliest) <=20070628<br>Databases USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA<br>Years 1836-2008 |
| 49 | 255 hits | **Any Classification 715764 or 715702 or 715781 or 715788 or 715831**<br>**Full patent spec. stylus*2 with (screen*3 or display*3)**<br>**Priority Date (earliest) <=20070628**<br>**Databases USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA** |

APLNDC00003951

| | | | |
|---|---|---|---|
| | | Years | 1836-2008 |
| 48 | 110 hits | Claims, Title or Abstract | (stylus*2 with (touch*3 adj3 (screen*3 or display*3))) and (scroll*3 or rotat*5 or zoom*3) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2008 |
| 47 | 197 hits | Full patent spec. | (stylus*2 near3 (touch*3 adj3 (screen*3 or display*3))) same (scroll*3 or rotat*5 or zoom*3) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2008 |
| 46 | 601 hits | Full patent spec. | (stylus*2 with (touch*3 adj3 (screen*3 or display*3))) same (scroll*3 or rotat*5 or zoom*3) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2008 |
| 45 | 86 hits | Full patent spec. | stylus*2 near3 (touch*3 adj3 (screen*3 or display*3)) and (scroll*3 and rotat*5 and zoom*3) and (beyond or outside or past) and (edge*1 or boundar*3 or end*1 or terminus) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2008 |
| 44 | 221 hits | Full patent spec. | stylus*2 with (touch*3 adj3 (screen*3 or display*3)) and (scroll*3 and rotat*5 and zoom*3) and (beyond or outside or past) and (edge*1 or boundar*3 or end*1 or terminus) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2008 |
| 43 | 2986 hits | Full patent spec. | stylus*2 with (touch*3 adj3 (screen*3 or display*3)) and (scroll*3 or rotat*5 or zoom*3) and (beyond or outside or past) and (edge*1 or boundar*3 or end*1 or terminus) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2008 |
| 42 | 5260 hits | Full patent spec. | stylus*2 with (touch*3 adj3 (screen*3 or display*3)) and (scroll*3 or rotat*5 or zoom*3) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2008 |
| 41 | 49 hits | Combined query | 37 not 38 |

APLNDC00003952

| # | results | criteria | |
|---|---|---|---|
| 40 | 98 hits | Combined query 39 not 38 | |
| 39 | 103 hits | Any Classification | G06F000348 or G06F000301 |
| | | Full patent spec. | stylus*2 with (touch*3 adj3 (screen*3 or display*3)) and (scroll*3 or rotat*5 or zoom*3) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2008 |
| 38 | 76 hits | **Any Classification** | **715764 or 715702 or 715781 or 715788 or 715831** |
| | | **Full patent spec.** | **stylus*2 with (touch*3 adj3 (screen*3 or display*3)) and (scroll*3 or rotat*5 or zoom*3)** |
| | | **Priority Date (earliest)** | **<=20070628** |
| | | **Databases** | **USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA** |
| | | **Years** | **1836-2008** |
| 37 | 125 hits | Any Classification | 715764 or 715702 or 715781 or 715788 or 715831 |
| | | Full patent spec. | stylus*2 with (touch*3 adj3 (screen*3 or display*3)) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2008 |
| 36 | 69 hits | **Priority Date (earliest)** | **<=20070628** |
| | | **Title or Abstract** | **stylus*2 near3 (touch*3 adj3 (screen*3 or display*3))** |
| | | **Databases** | **USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA** |
| | | **Years** | **1836-2008** |
| 35 | 250 hits | Claims, Title or Abstract | stylus*2 near3 (touch*3 adj3 (screen*3 or display*3)) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2008 |
| 34 | 4664 hits | Full patent spec. | stylus*2 near3 (touch*3 adj3 (screen*3 or display*3)) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2008 |
| 33 | 12929 hits | Full patent spec. | stylus*2 with (touch*3 adj3 (screen*3 or display*3)) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2008 |

**Date Conducted:**      March 7, 2008.

| # | results | criteria | |
|---|---|---|---|
| 32 | 12 hits | Full patent spec. | (touch*3 or touch-screen or (touch adj screen)) or (display*3 or console*1 or screen*3 or monitor*3 or |

APLNDC00003953

| | | | |
|---|---|---|---|
| | | | terminal*1) or (scroll*3 or rotat*5 or zoom*3) and (list*1 or content*1 or (instant adj messag*3) or (phone adj number*1) or (contact adj information) or label*1 or folder*1 or (email adj (message*1 or address*2)) or (physical adj address*2) or ringtone*1 or name*1 or bookmark*1 or (electronic or presentation) or word or spreadsheet or email or (web adj page*1) or (digital adj image*1)) (beyond or outside or past) or (edge*1 or boundar*3 or end*1 or terminus) |
| | | Patent/Publication No. | US6975306 or US20070157094 or US20070156364 or US20070155434 or US20070152984 or US20070152980 or US20070150842 or US20070155369 or US20070152979 or US20070152978 or US20070150826 or US20060238495 |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2007 |
| 31 | 3 hits | Full patent spec. | (touch*3 or touch-screen or (touch adj screen)) or (display*3 or console*1 or screen*3 or monitor*3 or terminal*1) or (scroll*3 or rotat*5 or zoom*3) and (list*1 or content*1 or (instant adj messag*3) or (phone adj number*1) or (contact adj information) or label*1 or folder*1 or (email adj (message*1 or address*2)) or (physical adj address*2) or ringtone*1 or name*1 or bookmark*1 or (electronic or presentation) or word or spreadsheet or email or (web adj page*1) or (digital adj image*1)) or (beyond or outside or past) or (edge*1 or boundar*3 or end*1 or terminus) |
| | | Patent/Publication No. | US20070146337 or US20070150830 or US20070132789 |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2007 |
| 30 | 303 hits | Any Classification | G06F000341 or G06F000333 or G09G000500 |
| | | Full patent spec. | (touch*3 or touch-screen or (touch adj screen)) and (display*3 or console*1 or screen*3 or monitor*3 or terminal*1) and (scroll*3 or rotat*5 or zoom*3) and (list*1 or content*1 or (instant adj messag*3) or (phone adj number*1) or (contact adj information) or label*1 or folder*1 or (email adj (message*1 or address*2)) or (physical adj address*2) or ringtone*1 or name*1 or bookmark*1 or (electronic or presentation) or word or spreadsheet or email or (web adj page*1) or (digital adj image*1)) and (beyond or outside or past) and (edge*1 or boundar*3 or end*1 or terminus) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2007 |
| 29 | 49 hits | Any Classification | 345660 |

APLNDC00003954

| | | | |
|---|---|---|---|
| | | Full patent spec. | (touch*3 or touch-screen or (touch adj screen)) and (display*3 or console*1 or screen*3 or monitor*3 or terminal*1) and (scroll*3 or rotat*5 or zoom*3) and (list*1 or content*1 or (instant adj messag*3) or (phone adj number*1) or (contact adj information) or label*1 or folder*1 or (email adj (message*1 or address*2)) or (physical adj address*2) or ringtone*1 or name*1 or bookmark*1 or (electronic or presentation) or word or spreadsheet or email or (web adj page*1) or (digital adj image*1)) and (beyond or outside or past) and (edge*1 or boundar*3 or end*1 or terminus) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2007 |
| | | Any Classification | 345660 |
| 28 | 17 hits | Full patent spec. | (touch*3 or touch-screen or (touch adj screen)) and ((display*3 or console*1 or screen*3 or monitor*3 or terminal*1) same (beyond or outside or past)) and (scroll*3 or rotat*5 or zoom*3) and (list*1 or content*1 or (instant adj messag*3) or (phone adj number*1) or (contact adj information) or label*1 or folder*1 or (email adj (message*1 or address*2)) or (physical adj address*2) or ringtone*1 or name*1 or bookmark*1 or (electronic or presentation) or word or spreadsheet or email or (web adj page*1) or (digital adj image*1)) and ((beyond or outside or past) same (edge*1 or boundar*3 or end*1 or terminus)) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2007 |
| 27 | 186 hits | Combined query | 26 not (8 or 15 or 18 or 19 or 22 or 25) |
| | | Any Classification | 715864 or 715785 or 715784 or 715863 |
| 26 | 202 hits | Full patent spec. | (touch*3 or touch-screen or (touch adj screen)) and (display*3 or console*1 or screen*3 or monitor*3 or terminal*1) and (scroll*3 or rotat*5 or zoom*3) and (list*1 or content*1 or (instant adj messag*3) or (phone adj number*1) or (contact adj information) or label*1 or folder*1 or (email adj (message*1 or address*2)) or (physical adj address*2) or ringtone*1 or name*1 or bookmark*1 or (electronic or presentation) or word or spreadsheet or email or (web adj page*1) or (digital adj image*1)) and (beyond or outside or past) and (edge*1 or boundar*3 or end*1 or terminus) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2007 |
| 25 | 125 hits | Combined query | 24 not (8 or 15 or 18 or 19 or 22) |
| 24 | 144 hits | Any Classification | 345173 or 345684 |

APLNDC00003955

| | | | |
|---|---|---|---|
| | | Full patent spec. | (touch*3 or touch-screen or (touch adj screen)) and ((display*3 or console*1 or screen*3 or monitor*3 or terminal*1) same (beyond or outside or past)) and (scroll*3 or rotat*5 or zoom*3) and (list*1 or content*1 or (instant adj messag*3) or (phone adj number*1) or (contact adj information) or label*1 or folder*1 or (email adj (message*1 or address*2)) or (physical adj address*2) or ringtone*1 or name*1 or bookmark*1 or (electronic or presentation) or word*1 or spreadsheet or email or (web adj page*1) or (digital adj image*1)) and ((beyond or outside or past) same (edge*1 or boundar*3 or end*1 or terminus)) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2007 |
| | | Any Classification | 345173 or 345684 |
| 23 | 589 hits | Full patent spec. | (touch*3 or touch-screen or (touch adj screen)) and (display*3 or console*1 or screen*3 or monitor*3 or terminal*1) and (scroll*3 or rotat*5 or zoom*3) and (list*1 or content*1 or (instant adj messag*3) or (phone adj number*1) or (contact adj information) or label*1 or folder*1 or (email adj (message*1 or address*2)) or (physical adj address*2) or ringtone*1 or name*1 or bookmark*1 or (electronic or presentation) or word or spreadsheet or email or (web adj page*1) or (digital adj image*1)) and (beyond or outside or past) and (edge*1 or boundar*3 or end*1 or terminus) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2007 |
| **22** | **27 hits** | **Combined query** | **20 and 21** |
| | | Any Classification | 345 |
| 21 | 27 hits | Claims, Title or Abstract | (touch*3 or touch-screen or (touch adj screen)) and (display*3 or console*1 or screen*3 or monitor*3 or terminal*1) and (scroll*3 or rotat*5 or zoom*3) and (list*1 or content*1 or (instant adj messag*3) or (phone adj number*1) or (contact adj information) or label*1 or folder*1 or (email adj (message*1 or address*2)) or (physical adj address*2) or ringtone*1 or name*1 or bookmark*1 or (electronic or presentation) or word or spreadsheet or email or (web adj page*1) or (digital adj image*1)) and (beyond or outside or past) and (edge*1 or boundar*3 or end*1 or terminus) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2007 |
| | | Any Classification | 345 |
| 20 | 4098 hits | Full patent spec. | (touch*3 or touch-screen or (touch adj screen)) and (display*3 or console*1 or screen*3 or monitor*3 or terminal*1) and (scroll*3 or rotat*5 or zoom*3) and (list*1 or content*1 or (instant adj messag*3) or (phone adj number*1) or (contact adj information) or label*1 or folder*1 or (email |

APLNDC00003956

| | | | |
|---|---|---|---|
| | | | adj (message*1 or address*2)) or (physical adj address*2) or ringtone*1 or name*1 or bookmark*1 or (electronic or presentation) or word or spreadsheet or email or (web adj page*1) or (digital adj image*1)) and (beyond or outside or past) and (edge*1 or boundar*3 or end*1 or terminus) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2007 |
| 19 | 2 hits | **Combined query 16 and 1** | |
| 18 | 16 hits | **Combined query 16 and 17** | |
| 17 | 16 hits | Priority Date (earliest) | <=20070628 |
| | | Title or Abstract | (touch*3 or touch-screen or (touch adj screen)) and (display*3 or console*1 or screen*3 or monitor*3 or terminal*1) and (scroll*3 or rotat*5 or zoom*3) and (list*1 or content*1 or (instant adj messag*3) or (phone adj number*1) or (contact adj information) or label*1 or folder*1 or (email adj (message*1 or address*2)) or (physical adj address*2) or ringtone*1 or name*1 or bookmark*1 or (electronic or presentation) or word or spreadsheet or email or (web adj page*1) or (digital adj image*1)) and (mov*3 or movement) and (edge*1 or boundar*3 or end*1 or terminus) |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2007 |
| 16 | 69611 hits | Full patent spec. | (touch*3 or touch-screen or (touch adj screen)) and (display*3 or console*1 or screen*3 or monitor*3 or terminal*1) and (scroll*3 or rotat*5 or zoom*3) and (list*1 or content*1 or (instant adj messag*3) or (phone adj number*1) or (contact adj information) or label*1 or folder*1 or (email adj (message*1 or address*2)) or (physical adj address*2) or ringtone*1 or name*1 or bookmark*1 or (electronic or presentation) or word or spreadsheet or email or (web adj page*1) or (digital adj image*1)) and (beyond or outside or past) and (edge*1 or boundar*3 or end*1 or terminus) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2007 |
| 15 | 282 hits | **Combined query 14 not (8 or 12)** | |
| 14 | 364 hits | Combined query 11 and 5 | |
| 13 | 352 hits | Combined query 12 not 8 | |
| 12 | 359 hits | Full patent spec. | (((touch*3 or touch-screen or (touch adj screen)) near (display*3 or console*1 or screen*3 or monitor*3 or terminal*1)) same ((portable or hand-held) near device*1)) and detect*3 and (mov*3 or movement or scroll*3) and (list*3 or electronic or presentation or spreadsheet*1 or word or email or web or image*1) and direct*3 and (beyond or behind or after) and (edge*1 or boundar*3 or end*1 or terminus) and (object*1 or finger*1) |
| | | Priority Date (earliest) | <=20070628 |

APLNDC00003957

| | | | |
|---|---|---|---|
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2007 |
| 11 | 979 hits | Full patent spec. | (((touch*3 or touch-screen or (touch adj screen)) same (display*3 or console*1 or screen*3 or monitor*3 or terminal*1)) same ((portable or hand-held) same device*1)) and detect*3 and (mov*3 or movement or scroll*3) and (list*3 or electronic or presentation or spreadsheet*1 or word or email or web or image*1) and direct*3 and (beyond or behind or after) and (edge*1 or boundar*3 or end*1 or terminus) and (object*1 or finger*1) and translat*3 |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2007 |
| 10 | 12774 hits | Full patent spec. | ((touch*3 or touch-screen or (touch adj screen)) same (display*3 or console*1 or screen*3 or monitor*3 or terminal*1)) and ((portable or hand-held) same device*1) and detect*3 and (mov*3 or movement or scroll*3) and (list*3 or electronic or presentation or spreadsheet*1 or word or email or web or image*1) and direct*3 and (beyond or behind or after) and (edge*1 or boundar*3 or end*1 or terminus) and (object*1 or finger*1) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2007 |
| 9 | 22644 hits | Full patent spec. | (touch*3 or touch-screen or (touch adj screen)) and (display*3 or console*1 or screen*3 or monitor*3 or terminal*1) and detect*3 and (mov*3 or movement) and (electronic or presentation or spreadsheet*1 or word or email or web or image*1) and direct*3 and (beyond or behind or after) and (edge*1 or boundar*3 or end*1) and (portable or hand-held) and (object*1 or finger*1) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2007 |
| **8** | **349 hits** | **Combined query 3 and 4 and 5 and 6 and 7** | |
| 7 | 82991 hits | Full patent spec. | (zoom*3 or zoom-in or (zoom adj in) or zoom-out or (zoom adj out) or scal*3) and magnificat*4 |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2007 |
| 6 | 1468197 hits | Full patent spec. | rotat*3 and degree*1 |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2007 |
| 5 | 53592 hits | Full patent spec. | scroll*3 and (list*1 or content*1 or (instant adj messag*3) or (phone adj number*1) or (contact adj information) or label*1 |

APLNDC00003958

| | | | |
|---|---|---|---|
| | | | or folder*1 or (email adj (message*1 or address*2)) or (physical adj address*2) or ringtone*1 or name*1 or bookmark*1) and (edge*1 or boundar*3 or end*1) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2007 |
| 4 | 845382 hits | Full patent spec. | (mov*3 or movement) and ((electronic or presentation) or word or spreadsheet or email or (web adj page*1) or (digital adj image*1)) and (edge*1 or boundar*3 or end*1 or terminus) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2007 |
| 3 | 379044 hits | Full patent spec. | (touch*3 or touch-screen or (touch adj screen)) and (display*3 or console*1 or screen*3 or monitor*3 or terminal*1) |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2007 |
| 2 | no hits | PCT Application Number | WO2006US61333* |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2007 |
| 1 | 2 hits | Patent/Publication No. | US5495566 or US6690387 |
| | | Priority Date (earliest) | <=20070628 |
| | | Databases | USG USA EPA EPB WO JP DEG DEA DET DEU GBA FRA |
| | | Years | 1836-2007 |

**Date Conducted:**     July 20, 2007.


**3) Database Service:**     PatBase


**Files Searched:**

US Patent Document Databases: USG USA
Foreign Patent Document Databases: EPA EPB WO JP DEG DEA DET
DEU GBA FRA


**Search Logic:**

**Search history**

Search 1:   ((PN=(US5495566 or US6690387)) and (PRD<20070628)) (results 2)

APLNDC00003959

Search 2: PN=(EP1758013 OR USD541801 OR US5850211 OR WO9957630 OR US5526023 OR US5864330 OR US6384845 OR US5075673 OR US4954967) (Results 9)

Search 3: PN=(EP0880091 OR EP0952721 OR EP1679580 OR US5611060 OR US5726687 OR US5732228 OR US5757368 OR US5774109 OR US5801696 OR US5848246 OR US5867158 OR US5872566 OR US5874936 OR US5896132 OR US5914716 OR US5936618 OR US5952995 OR US5963191 OR US5987245 OR US5995079 OR US5999972 OR US6016110 OR US6038590 OR US6067069 OR US6075533 OR US6078306 OR US6097387 OR US6128012 OR US6208343 OR US6211879 OR US6222528 OR US6266709 OR US6272555 OR US6304893 OR US6337694 OR US6339438 OR US6424991 OR US6434598 OR US6526435 OR US6538665 OR US6571390 OR US6628996 OR US6721953 OR US6738045 OR US6750850 OR US6781571 OR US6832084 OR US6850256 OR US6865718 OR US6899273 OR US6920619 OR US6972776 OR US6978127 OR US6989819 OR US7046230 OR US7065785 OR US7071919 OR US7084856 OR US7091964 OR US7111240 OR US7119792 OR US7168047 OR US7170491 OR US7173637 OR US7180431 OR US7233318 OR WO0042497 OR US4794386 OR US5196838 OR US5313229 OR US5374942) (Results 62)

Search 4: 1 or 2 or 3 (Results 73)

Search 5: ((PN=(US4954967 or WO9957630)) and (PRD<20070628)) (results 2)

Search 6: PN=(EP0730761 OR EP0767991 OR EP0880091 OR EP0938040 OR JP3122905 OR JP4076130 OR JP7034199 OR JP7086879 OR US5206949 OR US5426732 OR US5598524 OR US5621878 OR US5666552 OR US5739744 OR US5754178 OR US5825349 OR US5825617 OR US5889236 OR US5911067 OR US5936618 OR US5969705 OR US6028271 OR US6037937 OR US6084569 OR US6088024 OR US6215475 OR US6239389 OR US6266045 OR US6271829 OR US6310610 OR US6331863 OR US6340979 OR US6380931 OR US6388659 OR US6414671 OR US6535930 OR US6610936 OR US6686927 OR US6750852 OR US6807668 OR US6894680 OR US7109978 OR US7119797 OR US7184064 OR WO03060622 OR WO9418646 OR WO9607148 OR WO9633556 OR WO9928813 OR EP0150904 OR JP37029251 OR JP50098096 OR US3729129 OR US4071691 OR US4122438 OR US4221975 OR US4302011 OR US4365243 OR US4413314 OR US4421418 OR US4495651 OR US4504920 OR US4529968 OR US4561049 OR US4565999 OR US4566001 OR US4567480 OR US4578674 OR US4586035 OR US4758830) (Results 57)

Search 7: PN=(US6310606 OR US6344791 OR US6404584 OR US6415707 OR US6456778 OR US6469691 OR US6470078 OR US6496449 OR US6504527 OR US6518953 OR US6529185 OR US6532000 OR US6538638 OR US6559831 OR US6563415 OR US6906700 OR US7184064 OR WO0145123 OR WO0169369 OR WO02090918 OR WO03060622 OR EP0565253 OR EP0707258 OR EP0813138 OR WO9718508) (Results 24)

Search 8: 4 or 5 or 6 or 7 (Results 148)

Search 9: ((PN=(DE19621593 or WO9417469 or EP0342964)) and (PRD<20070628)) (results 3)

Search 10: PN=(AU761413 OR EP0816987 OR EP0816990 OR EP0913986 OR EP1096362 OR EP1637994 OR GB2333215 OR GB2377605 OR GB2377606 OR NL1007407 OR US5601432 OR US5615347 OR US5649132 OR US5686937 OR US5721906 OR US5724492 OR US5745713 OR US5745909 OR US5764873 OR US5765168 OR US5777616 OR US5819225 OR US5825356 OR US5825360 OR US5828374 OR US5838927 OR US5859637 OR US5859638 OR US5862220 OR US5862339 OR US5872924 OR US5877763 OR US5879162 OR US5890905 OR US5896444 OR US5898433 OR US5900872 OR US5914723 OR US5918013 OR US5920304 OR US5923325 OR US5936623 OR US5936624 OR US5959626 OR US5963950 OR US5982365 OR US5986639 OR US5990862 OR US5999176 OR US5999177 OR US5999903 OR US6018345 OR US6025841 OR US6034689 OR US6037944 OR US6052130 OR US6054996 OR US6067085 OR US6073168 OR US6081256 OR

APLNDC00003960

US6097386 OR US6115646 OR US6133911 OR US6133913 OR US6134019 OR US6169546 OR US6173296 OR US6175363 OR US6184883 OR US6191785 OR US6191790 OR US6208342 OR US6215490 OR US6215901 OR US6216141 OR US6220743 OR US6236400 OR US6249284 OR US6253326 OR US6259445 OR US6278773 OR US6288718 OR US6297822 OR US6300950 OR US6307574 OR US6308221 OR US6311197 OR US6313823 OR US6314426 OR US6317316 OR US6326985 OR US6332157 OR US6335740 OR US6340977 OR US6343318 OR US6366697 OR US6369833 OR US6388686 OR US6389386 OR US6397259 OR US6404441 OR US6404443 OR US6421065 OR US6437803 OR US6448988 OR US6456303 OR US6460015 OR US6467081 OR US6476831 OR US6489975 OR US6496205 OR US6496844 OR US6496868 OR US6499101 OR US6502233 OR US6505232 OR US6526502 OR US6538667 OR US6539407 OR US6539499 OR US6546481 OR US6556431 OR US6560726 OR US6563698 OR US6564220 OR US6567549 OR US6573906 OR US6574615 OR US6577329 OR US6584496 OR US6587121 OR US6587886 OR US6590588 OR US6598223 OR US6606716 OR US6614890 OR US6628310 OR US6628311 OR US6633885 OR US6647421 OR US6654035 OR US6657645 OR US6662218 OR US6683626 OR US6686925 OR US6704033 OR US6724401 OR US6731309 OR US6738787 OR US6760708 OR US6798918 OR US6812938 OR US6816859 OR US6831666 OR US6845369 OR US6850259 OR US6867790 OR US6874123 OR US6874143 OR US6876463 OR US6883168 OR US6891553 OR US6912552 OR US6915490 OR US6920445 OR US6920612 OR US6950991 OR US6954905 OR US6957260 OR US6966038 OR US6996561 OR US6996784 OR US7000187 OR US7000230 OR US7007240 OR US7024626 OR US7024658 OR US7025209 OR US7039868 OR US7046254 OR US7047498 OR US7058905 OR US7062711 OR US7092580 OR US7099876 OR US7107545 OR US7114130 OR US7117435 OR US7117479 OR US7120641 OR US7120866 OR US7120880 OR US7127525 OR US7127527 OR US7127704 OR US7142890 OR US7152213 OR US7155667 OR US7168035 OR US7191394 OR US7193163 OR US7197515 OR US7210093 OR US7216300 OR USD422982 OR USD423485 OR USD424037 OR USD424543 OR USD426207 OR USD426525 OR USD427576 OR USD427607 OR USD427980 OR USD428398 OR USD430885 OR USD431038 OR USD432544 OR USD442185 OR USD443597 OR USD445427 OR USD453937 OR USD461821 OR USD467935 OR USD469444 OR USD490440 OR WO0026760 OR WO0068769 OR WO02061561 OR WO0217292 OR WO03029952 OR WO07054563 OR US4648062 OR US4939507 OR US5488685 OR US5479600 OR US4931783 OR EP0428261 OR US5155806 OR US4772882 OR US5287448 OR US32632 OR US4622545 OR US5550969 OR US5481667 OR US5510808 OR US5600779 OR US4689737 OR US5050105 OR US4899377 OR US5339391 OR US4975690 OR US5157768 OR US4884223 OR US4748618 OR US5095448 OR EP0325443 OR WO9298284 OR US5602996 OR US4847604 OR US5532715 OR WO9208184 OR US5062060 OR US5469540 OR FR2693810 OR US4831556 OR US4789962 OR US5072412 OR US4992972 OR US4533910 OR US4812834 OR US5157763 OR US4785408 OR US4935865 OR US4890098 OR US5039937 OR EP0342964 OR US5179654 OR US4939508 OR US5226117 OR USRE32632 OR US4899136 OR US4555775 OR US5148154 OR US4961070 OR US4914732 OR EP0239884) (Results 227)

Search 11: PN=(WO0060854 OR DE3047597 OR DE3431702 OR US5263174 OR US5357276 OR WO9532587) (Results 6)

Search 12: PN=(AU637180 OR EP0438291 OR EP0453840 OR EP0740258 OR GB2290208 OR GB2290209 OR US5469540 OR US5488685 OR US5550967 OR US5600779 OR US5602996 OR US5825355 OR US5828374 OR US5859638 OR WO9417469 OR GB2187580 OR JP60019227 OR JP62004953 OR JP62061166 OR JP62115519) (Results 12)

**Search 13:** **8 or 9 or 10 or 11 or 12 (Results 393)**

Search 14: (touch or touchscreen or touch-screen or (touch w1 screen)) and (beyond or past or outside) and (display or console or screen or monitor or terminal) and (edge* or border* or frame* or boundar* or end*) and (scroll* or rotat* or zoom*) (Results 30704)

APLNDC00003961

**Search 15:** **14 and 13 (Results 49)**

**Search 16:** 14 and (portable or handheld or hand-held) (Results 9780)

**Search 17:** (touch* or touchscreen or touch-screen or (touch w1 screen)) and (beyond or past or outside) and (display or console or screen or monitor or terminal) and (edge* or border* or frame* or boundar* or end*) and (scroll* or rotat* or zoom*) (Results 45475)

**Search 18:** (UC=(345)) (Results 59323)

**Search 19:** 18 and 17 (Results 3486)

**Search 20:** (UC=(345/173)) (Results 2899)

**Search 21:** 20 and 17 (Results 498)

**Search 22:** (touch* or touchscreen or touch-screen or (touch w1 screen)) and ((beyond or past or outside) near (display or console or screen or monitor or terminal)) or ((beyond or past or outside) near (edge* or border* or frame* or boundar* or end* or terminus)) and (scroll* or rotat* or zoom*) (Results 22681)

**Search 23:** **22 and 20 (Results 194)**

**Search 24:** (UC=(345/684)) (Results 239)

**Search 25:** 22 and 24 (Results 19)

**Search 26:** 23 or 25 (Results 209)

**Search 27:** **26 and (list* or content* or (instant w1 messag*) or (phone adj number*) or (contact w1 information) or label* or folder* or (email w1 (message* or address*)) or (physical w1 address*) or ringtone* or name* or bookmark* or (electronic or presentation) or word or spreadsheet or email or (web w1 page*) or (digital w1 image*1)) (Results 199)**

**Search 28:** 27 and 1 (Results 2)

**Search 29:** (UC=(345/660)) (Results 701)

**Search 30:** **29 and 22 (Results 29)**

**Search 31:** (UC=(715/864 or 715/785 or 715/784 or 715/863)) (Results 794)

**Search 32:** **31 and 22 (Results 77)**

**Search 33:** (IC=(G06F3/033)) (Results 36179)

**Search 34:** **((TAC=((touch* or touchscreen or touch-screen) and (display or monitor or screen) and (scroll* or rotat* or zoom*) and (edge* or boundar* or end* or terminus) and (beyond or past or outside))) and (IC=(G06F3/033))) (Results 85)**

APLNDC00003962

**Search 35:** ((TAC=((touch* or touchscreen or touch-screen) and (display or monitor or screen) and (scroll* or rotat* or zoom*) and (edge* or boundar* or end* or terminus) and (beyond or past or outside))) and (IC=(G09G5/00))) (Results 90)

**Search 36:** ((TAC=((touch* or touchscreen or touch-screen) and (display or monitor or screen) and (scroll* or rotat* or zoom*) and (edge* or boundar* or end* or terminus) and (beyond or past or outside))) and (IC=(G06F3/041))) (Results 24)

**Date Conducted:** July 20, 2007

4) **Database Service:** DialogPRO: Derwent World Patent Index (DWPI) Abstracts

**File Searched:** (Non Patent Literature)

Search Logic:

| Hits | Search String |
|------|---------------|
| 7 | touch? and (display? or screen?) and (scroll? or rotat? or zoom?) and beyond and (edge? or end? or boundar?) |
| 0 | touch? and (display? or screen?) and rotat? and multifinger? and degree? |
| 36641 | touch? and (display? or screen?) and zoom? and beyond or (edge? or end? or boundar?) and portable |
| 5 | touch? and (display? or screen?) and zoom? and beyond or (edge? or boundar?) and portable and finger? and magnif? |
| 7 | touch? and (display? or screen?) and scroll? and beyond or (edge? or boundar?) and portable and finger? and list? |
| 10 | touch? and (display? or screen?) and rotat? and finger? and degree? |

**Date Conducted:** July 20, 2007

5) **Database Service:** DialogPRO: Technical Literature Search

**File Searched:** (Non Patent Literature)

Search Logic:

| Hits | Search String |
|------|---------------|
| 84 | touch? and (display? or screen?) and (scroll? or rotat? or zoom?) |
| 7 | touch? and (display? or screen?) and (scroll? or rotat? or zoom?) and (edge? or end? or boundar?) |
| 0 | touch? and (display? or screen?) and (scroll? or rotat? or zoom?) and beyond and (edge? or end? or boundar?) |
| 0 | touch? and (display? or screen?) and rotat? and finger? and degree? |

**Date Conducted:** July 20, 2007

6) **Database Service:** IP.com: Technical Literature Search

**File Searched:** (Non Patent Literature)

APLNDC00003963

Search Logic:

| Hits | Search String |
|------|---------------|
| 85 | touch* and (display* or screen*) and (scroll* or rotat* or zoom*) and detect* and (beyond or outside) and (edge* or end* or boundar*) |
| 0 | touch* and (display* or screen*) and rotat* and detect* and multifinger* and degree* |
| 0 | touch* and (display* or screen*) and rotat* and detect* and multifinger* |
| 22 | touch* and (display* or screen*) and rotat* and detect* and finger* and degree* |
| 14 | touch* and (display* or screen*) and zoom* and detect* and beyond and (edge* or end* or boundar*) |
| 6 | touch* and (display* or screen*) and (zoom* or scroll*) and detect* and beyond and (edge* or end* or boundar*) and portable |

Date Conducted:      July 20, 2007.

7) Database Service:   IEEE Xplore (Institute of Electrical and Electronics Engineers, Inc.): Technical Literature Search

File Searched:       (Non Patent Literature)

Search Logic:

| Hits | Search String |
|------|---------------|
| 0 | ((touch and display and screen and beyond and (edge or boundary or end) and (zoom or scroll) and portable)<in>metadata) |
| 0 | ((touch and display and screen and (edge or boundary or end) and (zoom or scroll) and portable)<in>metadata) |
| 5 | ((touch and display and screen and (edge or boundary or end))<in>metadata) |
| 18 | ((touch and screen and (edge or boundary or end))<in>metadata) |
| 36 | ((touch and screen and (edge or boundary or end or beyond or corner or over or periphery))<in>metadata) |
| 24 | ((touch and screen and (port* or handh*))<in>metadata) |
| 0 | ((touch and display and screen and rotation and fingers)<in>metadata) |
| 0 | ((touch and display and screen and beyond and (edge or boundary or end) and (zoom or scroll))<in>metadata) |

Date Conducted:      July 20, 2007.

8) Database Service:   Internet (Google, Google Scholar, etc.): Technical Literature Search

File Searched:       (Non Patent Literature)

Search Logic:

| Search String |
|---------------|
| touchscreen display rotation degree portable fingers |
| touchscreen display scroll portable finger beyond edge |

APLNDC00003964

| touchscreen display zoom portable finger beyond edge |
| touchscreen display zoom portable finger beyond edge magnification |
| touchscreen display scroll portable finger beyond edge direction list |

Date Conducted:      July 20, 2007.

## Search Directed to the Invention

The pre-examination search was directed to the claimed invention, encompassing all the features of the claims and giving the claims their broadest reasonable interpretation.

## Search Directed to the Disclosure

No disclosed features that are unclaimed at this time in this application are currently seen as features that may be claimed later in this application.

## Search Report from a Foreign Patent Office

No search report from a foreign patent office is provided here as the pre-examination search.

## Statement of Good Faith

All statements above in support of the petition to make special are based on a good faith belief that the search was conducted in compliance with the requirements of this rule.

Respectfully submitted,

Date:     March 13, 2008                    *Robert Beyers*                    46,552

Robert B. Beyers, Ph.D.                    (Reg. No.)
**MORGAN, LEWIS & BOCKIUS LLP**
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306
(650) 843-4000

APLNDC00003965

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 2997944 |
| **Application Number:** | 11956969 |
| **International Application Number:** | |
| **Confirmation Number:** | 8460 |
| **Title of Invention:** | List Scrolling and Document Translation, Scaling, and Rotation on a Touch-Screen Display |
| **First Named Inventor/Applicant Name:** | Bas  Ording |
| **Customer Number:** | 61725 |
| **Filer:** | Gary Scott Williams/Beverly Gemello |
| **Filer Authorized By:** | Gary Scott Williams |
| **Attorney Docket Number:** | P4304US1/63266-5054US |
| **Receipt Date:** | 13-MAR-2008 |
| **Filing Date:** | 14-DEC-2007 |
| **Time Stamp:** | 20:12:53 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes) /Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Request for Reconsideration of BPAI Decision | 63266-5054_RequestForReconsideration.pdf | 55907  6f74a4c9573cba7aa5e8abfda38c3be78890bc2c | no | 2 |

| | |
|---|---|
| Warnings: | |
| Information: | |

APLNDC00003966

| 2 | Statement of preexamination search | 63266-5054_RevisedPre-Ex amSearchStmt.pdf | 1514189 | no | 21 |
|---|---|---|---|---|---|
| | | | 3405496ddb1c052fcf2f606626fcc306e7 4ab057 | | |

**Warnings:**

**Information:**

| Total Files Size (in bytes): | 1570096 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

APLNDC00003967

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/956,969 | 12/14/2007 | Bas Ording | P4304US1/63266-5054US | 8460 |

61725      7590      04/18/2008
MORGAN LEWIS & BOCKIUS LLP/ APPLE INC.
2 PALO ALTO SQUARE
3000 EL CAMINO REAL
PALO ALTO, CA 94306

| EXAMINER |
|---|
| WILEY, DAVID ARMAND |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2174 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/18/2008 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

APLNDC00003968



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

04/17/2008

MORGAN LEWIS & BOCKIUS LLP
APPLE INC.
2 PALO ALTO SQUARE
3000 EL CAMINO REAL
PALO ALTO, CA 94306

In re Application of:                                    :
Bas ORDING                                              :
Serial No.: 11/956,969                                  :       DECISION ON PETITION TO
Filed:  December 14, 2007                               :       MAKE SPECIAL FOR NEW
Docket: P4304US1/63266-5054US                           :       APPLICATION UNDER 37
                                                        :       C.F.R. § 1.102 & M.P.E.P. §
Title:    LIST SCROLLING AND DOCUMENT                   :       708.02
          TRANSLATION, SCALING, AND                     :
          ROTATION ON A TOUCH-SCREEN
          DISPLAY

This is a decision on the renewed petition filed on March 13, 2008 to make the above-identified application special for accelerated examination procedure under 37 C.F.R. § 1.102(d). The original petition, submitted on December 14, 2007 was dismissed in the decision mailed on February 29, 2008.

The petition to make the application special is **GRANTED**.

The application is eligible for accelerated examination and the petition complies with the conditions for granting the application special status pursuant to the "Change to Practice for Petitions in Patent Applications to Make Special and for Accelerated Examination" published June 26, 2006, in the Federal Register. (71 Fed. Reg. 36323).

The prosecution of the instant application will be conducted expeditiously according to the following guidelines.

1.  The application will be docketed to an examiner and taken up for action within two weeks of the date of this decision.

2.  Restriction Practice:
    If the examiner determines that the claims are not directed to a single invention, a telephone request to elect one single invention will be made pursuant to MPEP 812.01. As a prerequisite to the grant of this petition, the applicant has agreed to make an oral election, by telephone, without traverse. If the applicant refuses to make an election

APLNDC00003969

without traverse, or the examiner cannot reach the applicant after a reasonable effort, the examiner will treat the first claimed invention (invention defined by claim 1) as having being constructively elected without traverse for examination.

3. Office action:
   If it is determined that, after appropriate consultation, there is a potential rejection or any other issue to be addressed, the examiner will telephone the applicant and arrange an interview to discuss and resolve the issue. An Office action, other than a Notice of Allowance and Fee(s) Due (Notice of Allowance), will not be issued unless either: 1) an interview was conducted but did not result in agreed to action that places the application in condition for allowance, or, 2) a determination is made that an interview would be unlikely to result in the application being placed in condition for allowance, and 3) an internal conference has been held to review any rejection of any claim.

4. Time for Reply:
   An Office action other than a Notice of Allowance or a final Office action will set a shortened statutory period of one month or thirty days, whichever is longer, for reply with no extension of time available under 37 CFR 1.136(a). Failure to timely file a reply within this non-extendible period for reply will result in the abandonment of the application.

5. Reply by Applicant:
   A timely reply to an Office action other than the Notice of Allowance must be submitted electronically via EFS or EFS-web and limited to addressing the rejections, objections and requirement made. Any amendment that attempts to: 1) add claims which would result in more than three pending independent claims or more than twenty pending total claims; 2) present claims not encompassed by the pre-examination search or an updated accelerated examination support document; or 3) present claims that are directed a non-elected invention or an invention other than that previously claimed and examined in the application, will be treated as not fully responsive and will not be entered.

   For any amendment to the claims (including any new claim) that is not encompassed by the accelerated examination support document, applicant must provide an updated accelerated examination support document that encompasses the amended or new claims at the time of filing of the amendment.

   To proceed expeditiously with the examination, it is recommended that a reply with amendments made to any claim or with any new claim being added be accompanied by an updated accelerated examination support document or a statement explaining how the amended or new claim is supported by the original accelerated examination support document.

6. Information Disclosure Statement (IDS):
   Any IDS filed during prosecution must be submitted electronically via EFS or EFS-web, accompanied by an updated accelerated examination support document, and be in compliance with 37 CFR 1.97 and 1.98.

*Application Serial No. 11/956,969*                                                                    *3*
*Decision on Petition*

7. Post-Allowance Processing:
   To expedite processing of the allowed application into a patent, the applicant must: 1) pay the required fees within one month of the date of the Notice of Allowance, and 2) not file any post allowance papers not required by the Office. In no event may the issue fee be paid and accepted later than three months from the date of the Notice of Allowance.

8. After-Final and Appeal Procedures:
   To expedite prosecution, after receiving the final Office action, applicant must: 1) promptly file a notice of appeal, an appeal brief and appeal fees; and 2) not request a pre-appeal brief conference.

   Any amendment, affidavit or other evidence filed after final Office action must comply with applicable rules and the requirements outlined in numbered paragraphs 5 and 6 above.

   On appeal, the application will proceed according to normal appeal procedures. After appeal, the application will again be treated special.

9. Proceedings Outside the Normal Examination Process:
   If the application becomes involved in a proceeding that is outside the normal examination process (e.g., a secrecy order, national security review, interference proceeding, petitions under 37 CFR 1.181, 182 or 183), the application will be treated special before and after such proceeding.

10. Final Disposition:
    The twelve-month goal of this accelerated examination procedure ends with a final disposition. The mailing of a final Office action, a Notice of Allowance, the filing of a Notice of Appeal, or the filing of a Request for Continued Examination (RCE) is the final disposition.

If, during prosecution, a paper is not filed electronically using EFS-web, a reply is filed but is not fully responsive, the application is involved in an appeal, or a proceeding outside normal examination process, the application will still be examined expeditiously, however, the final disposition may occur more than twelve months from the filing of the application. In addition, Applicant is reminded that due to the dismissal of the previous petition submission, examination may not be completed within twelve months of the filing date of the application.

Any inquiry regarding this decision should be directed to Brian Johnson, Quality Assurance Specialist, at (571) 272-3595.

Brian Johnson, WQAS 2110
Technology Center 2100
Computer Architecture, Software and Information Security

APLNDC00003971

| INFORMATION DISCLOSURE CITATION<br><br>PTO-1449 | | Complete If Known | |
|---|---|---|---|
| | | **Application Number** | 11/956,969 |
| | | **Filing Date** | December 14, 2007 |
| | | **First Named Inventor** | Bas Ording |
| | | **Art Unit** | 2174 |
| | | **Examiner Name** | Wiley, David Armand |
| Sheet | 1 | of | 1 | **Attorney Docket No.** | P4304US1/63266-5054-US |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number<br>Number - Kind Code[1] | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Class | Subclass | Filing Date if Appropriate |
|---|---|---|---|---|---|---|---|
| | | 5,495,566 B1 | 02/27/1996 | Kwatinetz | 395 | 157 | |
| | | 6,690,387 B2 | 02/10/2004 | Zimmerman et al. | 345 | 684 | |
| | | 2005/0012723 A1 | 01/20/2005 | Pallakoff | 345 | 173 | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Foreign Patent Document<br>Country Code[2] - Number[3] - Kind Code[4] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Class | Subclass | Translation | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Yes | No |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**OTHER NON PATENT LITERATURE DOCUMENTS**

| Examiner Initials | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published |
|---|---|---|
| | | MILLER, D., "PersonalJava Application Environment," Sun Microsystems, http://java.sun.com/products/personaljava/touchable/, June 8, 1999, 13 pages. |
| | | |
| | | |
| | | |
| | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04.  [2] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3).  [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.  [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible.  [5] Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

APLNDC00003972

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 3237321 |
| **Application Number:** | 11956969 |
| **International Application Number:** | |
| **Confirmation Number:** | 8460 |
| **Title of Invention:** | List Scrolling and Document Translation, Scaling, and Rotation on a Touch-Screen Display |
| **First Named Inventor/Applicant Name:** | Bas  Ording |
| **Customer Number:** | 61725 |
| **Filer:** | Robert B. Beyers./Beverly Gemello |
| **Filer Authorized By:** | Robert B. Beyers. |
| **Attorney Docket Number:** | P4304US1/63266-5054US |
| **Receipt Date:** | 30-APR-2008 |
| **Filing Date:** | 14-DEC-2007 |
| **Time Stamp:** | 20:57:28 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

### File Listing:

| Document Number | Document Description | File Name | File Size(Bytes) /Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Examination support document | 63266-5054_SupplAESupportDoc.pdf | 270687 542a9989b5fc915bd3e528ce7a311b90 5b0e4ee5 | no | 53 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |

APLNDC00003973

| 2 | Information Disclosure Statement (IDS) Filed | 63266-5054_SupplIDS.pdf | 222990<br><br>cba1f8ef395027a3be5bb114739d68b6d5737400 | no | 5 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

This is not an USPTO supplied IDS fillable form

| 3 | NPL Documents | 5054-PersonalJavaApplication.pdf | 142498<br><br>30251230775942f431c9d7fc49d5ebfc8069fbdf | no | 13 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| | **Total Files Size (in bytes):** | 636175 |
|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

APLNDC00003974

Electronically filed April 30, 2008

<u>IN THE UNITED STATES PATENT AND TRADEMARK OFFICE</u>

| | | | |
|---|---|---|---|
| Application of: | Bas Ording | Confirmation No.: | 8460 |
| Serial No.: | 11/956,969 | Art Unit: | 2174 |
| Filed: | December 14, 2007 | Examiner: | Wiley, David Armand |
| For: | *List Scrolling and Document Translation, Scaling, and Rotation on a Touch-Screen Display* | Attorney Docket No.: | P4304US1/63266-5054-US |

## **Supplemental Accelerated Examination Support Document**

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir or Madam:

This supplemental accelerated examination support document (AESD) is provided in support of the petition for accelerated examination filed on December 14, 2007. This supplemental AESD includes an additional reference deemed most closely related to the subject matter of the claims, namely Miller, D., "PersonalJava Application Environment," http://java.sun.com/products/personaljava/touchable/, June 8, 1999, 12 pages.

The Commissioner is hereby authorized to charge any required fee(s) to Morgan, Lewis & Bockius LLP Deposit Account No. 50-0310 (order no. 63266-5054).

**Listing of Claims** begins on page 2 of this paper.

**References Deemed Most Closely Related** are stated on page 6 of this paper.

**Identification of Limitations Disclosed by References** begins on page 6.

**Detailed Explanation of Patentability** begins on page 26 of this paper.

**Concise Statement of Utility** begins on page 27 of this paper.

**Showing of Support under 35 USC 112, First Paragraph** begins on page 28 of this paper.

**Identification of References Disqualified as Prior Art under 35 USC 103(c)** begins on page 53 of this paper.

APLNDC00003975

**Listing of Claims**

There are 3 independent claims and 20 total claims currently pending in the application. The claims read as follows:

1.      A computer-implemented method, comprising:

at a device with a touch screen display,

detecting a movement of an object on or near the touch screen display;

in response to detecting the movement, translating an electronic document displayed on the touch screen display in a first direction;

in response to an edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display, displaying an area beyond the edge of the document; and

after the object is no longer detected on or near the touch screen display, translating the document in a second direction until the area beyond the edge of the document is no longer displayed.

2.      The computer-implemented method of claim 1, wherein the device is a portable multifunction device.

3.      The computer-implemented method of claim 1, wherein the movement of the object is on the touch screen display.

4.      The computer-implemented method of claim 1, wherein the object is a finger.

5.      The computer-implemented method of claim 1, wherein the first direction is a vertical direction, a horizontal direction, or a diagonal direction.

6.      The computer-implemented method of claim 1, wherein the electronic document is a web page.

7.      The computer-implemented method of claim 1, wherein the electronic document is a digital image.

8.      The computer-implemented method of claim 1, wherein the electronic document is a word processing, spreadsheet, email or presentation document.

APLNDC00003976

9.      The computer-implemented method of claim 1, wherein the electronic document includes a list of items.

10.      The computer-implemented method of claim 1, wherein the second direction is opposite the first direction.

11.      The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching an edge of the document has an associated speed of translation that corresponds to a speed of movement of the object.

12.      The computer-implemented method of claim 1, wherein translating in the first direction is in accordance with a simulation of an equation of motion having friction.

13.      The computer-implemented method of claim 1, wherein the area beyond the edge of the document is black, gray, a solid color, or white.

14.      The computer-implemented method of claim 1, wherein the area beyond the edge of the document is visually distinct from the document.

15.      The computer-implemented method of claim 1, wherein translating the document in the second direction is a damped motion.

16.      The computer-implemented method of claim 1, wherein changing from translating in the first direction to translating in the second direction until the area beyond the edge of the document is no longer displayed makes the edge of the electronic document appear to be elastically attached to an edge of the touch screen display or to an edge displayed on the touch screen display.

17.      The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching the edge of the electronic document has a first associated translating distance that corresponds to a distance of movement of the object prior to reaching the edge of the electronic document; and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction for a second associated translating distance, wherein the second associated

APLNDC00003977

translating distance is less than a distance of movement of the object after reaching the edge of the electronic document.

18.     The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching the edge of the electronic document has a first associated translating speed that corresponds to a speed of movement of the object, and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction at a second associated translating speed, wherein the second associated translating speed is slower than the first associated translating speed.

19.     A device, comprising:

a touch screen display;

one or more processors;

memory; and

one or more programs, wherein the one or more programs are stored in the memory and configured to be executed by the one or more processors, the programs including:

instructions for detecting a movement of an object on or near the touch screen display;

instructions for translating an electronic document displayed on the touch screen display in a first direction, in response to detecting the movement;

instructions for displaying an area beyond an edge of the electronic document in response to the edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display; and

instructions for translating the document in a second direction until the area beyond the edge of the document is no longer displayed, after the object is no longer detected on or near the touch screen display.

20.     A computer readable storage medium having stored therein instructions, which when executed by a device with a touch screen display, cause the device to:

APLNDC00003978

detect a movement of an object on or near the touch screen display;

translate an electronic document displayed on the touch screen display in a first direction, in response to detecting the movement;

display an area beyond an edge of the electronic document if the edge of the electronic document is reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display; and

translate the document in a second direction until the area beyond the edge of the document is no longer displayed, after the object is no longer detected on or near the touch screen display.

APLNDC00003979

**References Deemed Most Closely Related:**

An Information Disclosure Statement in compliance with 37 CFR 1.98 has been filed herewith citing each of the following references deemed most closely related to the subject matter of the claims.

1. Zimmerman et al      US 6,690,387
2. Kwatinetz et al       US 5,495,566
3. Pallakoff             US Patent Application Publication 2005/0012723
4. Miller, D., "PersonalJava Application Environment," http://java.sun.com/products/personaljava/touchable/, June 8, 1999, 12 pages.

**Identification of Limitations Disclosed by References:**

The following charts identify the limitations that are disclosed, in whole or in part, by Zimmerman, Kwatinetz, Pallakoff, and Miller.

| Claim Language | Zimmerman et al | Kwatinetz et al | Pallakoff |
|---|---|---|---|
| 1. A computer-implemented method, comprising: | Abstract. | Abstract. | Abstract. |
| at a device with a touch screen display, | Col. 5, lines 26-29, and Fig. 2. | Kwatinetz discloses a system with a "display" (Col. 4, lines 50-56, col. 5, lines 37-44, and Figs. 1-2).<br><br>But Kwatinetz does not disclose "a device with a <u>touch screen</u> display" as required by claim 1. | Paragraph 0109 and Fig. 14-A. |
| detecting a movement of an object on or near the touch screen display; | Col. 3, lines 15-16, Col. 5, lines 27-31, and Fig. 2. |  | Paragraph 0120. |
| in response to detecting the movement, translating an electronic document displayed on the touch screen display in a first direction; | Col. 3, lines 55-57, Col. 5, lines 27-31. |  | Paragraph 0120. |

APLNDC00003980

| Claim Language | Zimmerman et al | Kwatinetz et al | Pallakoff |
|---|---|---|---|
| in response to an edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display, displaying an area beyond the edge of the document; and | | | |
| after the object is no longer detected on or near the touch screen display, translating the document in a second direction until the area beyond the edge of the document is no longer displayed. | | | |
| 2. The computer-implemented method of claim 1, wherein the device is a portable multifunction device. | Zimmerman discloses the elements of a computer (Col. 5, lines 48-51).<br><br>But Zimmerman does not disclose "a portable multifunction device" as required by claim 2. | Kwatinetz discloses a "data processing system" configured using computer hardware (Col. 4, lines 50-56, and Fig. 1).<br><br>But Kwatinetz does not disclose "a portable multifunction device" as required by claim 2. | Paragraph 0002. |
| 3. The computer-implemented method of claim 1, wherein the movement of the object is on the touch screen display. | Col. 5, lines 26-29, and Fig. 2. | | Paragraph 0120. |

APLNDC00003981

| Claim Language | Zimmerman et al | Kwatinetz et al | Pallakoff |
|---|---|---|---|
| 4. The computer-implemented method of claim 1, wherein the object is a finger. | Col. 5, lines 26-29, and Fig. 2. | | Paragraph 0120. |
| 5. The computer-implemented method of claim 1, wherein the first direction is a vertical direction, a horizontal direction, or a diagonal direction. | Abstract. | Col. 5, lines 50-53. | Paragraph 0120. |
| 6. The computer-implemented method of claim 1, wherein the electronic document is a web page. | Zimmerman discloses the displacement of data on a touch screen (Col. 5, lines 45-47).<br><br>But Zimmerman does not disclose "a web page" as required by claim 6. | Kwatinetz discloses the scrolling of "screen objects or information" on the display (Col. 5, line 63 - col. 6, line 6).<br><br>But Kwatinetz does not disclose "a web page" as required by claim 6. | Fig. 14-A. |
| 7. The computer-implemented method of claim 1, wherein the electronic document is a digital image. | | Col. 5, line 63 - col. 6, line 6. | Paragraph 0002. |
| 8. The computer-implemented method of claim 1, wherein the electronic document is a word processing, spreadsheet, email or presentation document. | Zimmerman discloses the displacement of data on a touch screen (Col. 5, lines 45-47).<br><br>But Zimmerman does not disclose "a word processing, spreadsheet, email or presentation document" as required by claim 8. | Col. 5, line 63 - col. 6, line 6. | Paragraphs 0002 and 0088. |

APLNDC00003982

| Claim Language | Zimmerman et al | Kwatinetz et al | Pallakoff |
|---|---|---|---|
| 9. The computer-implemented method of claim 1, wherein the electronic document includes a list of items. | Col. 1, lines 49-51. | Kwatinetz discloses the scrolling of "screen objects or information" on the display (Col. 5, line 63 - col. 6, line 6).<br><br>But Kwatinetz does not disclose "a list of items" as required by claim 9. | Paragraph 0192 and Fig. 4-A. |
| 10. The computer-implemented method of claim 1, wherein the second direction is opposite the first direction. |  |  |  |
| 11. The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching an edge of the document has an associated speed of translation that corresponds to a speed of movement of the object. | Abstract. | Kwatinetz discloses that the initial scrolling speed of contents corresponds to the acceleration of the mouse cursor on the display (Col. 7, lines 48-65, and Fig. 4A).<br><br>But Kwatinetz does not disclose a translation speed "correspond[ing] to a speed of movement of the object" as required by claim 11. | Paragraph 0194. |

| Claim Language | Zimmerman et al | Kwatinetz et al | Pallakoff |
|---|---|---|---|
| 12. The computer-implemented method of claim 1, wherein translating in the first direction is in accordance with a simulation of an equation of motion having friction. | Zimmerman discloses the displacement speed of the image being decreased at a controlled rate (Abstract).<br><br>But Zimmerman does not disclose that the displacement of the image is "in accordance with a simulation of an equation of motion having friction" as required by claim 12. | Kwatinetz discloses several ways of adjusting the scroll speed (Col. 8, lines 62-65 in connection with step 424 of Fig. 4B, col. 9, lines 57-60, col. 10, lines 45-49, and Figs. 5-6).<br><br>But Kwatinetz does not disclose adjusting the scroll speed "in accordance with a simulation of an equation of motion having friction" as required by claim 12. | |
| 13. The computer-implemented method of claim 1, wherein the area beyond the edge of the document is black, gray, a solid color, or white. | | | |
| 14. The computer-implemented method of claim 1, wherein the area beyond the edge of the document is visually distinct from the document. | | | |
| 15. The computer-implemented method of claim 1, wherein translating the document in the second direction is a damped motion. | | | |

| Claim Language | Zimmerman et al | Kwatinetz et al | Pallakoff |
|---|---|---|---|
| 16. The computer-implemented method of claim 1, wherein changing from translating in the first direction to translating in the second direction until the area beyond the edge of the document is no longer displayed makes the edge of the electronic document appear to be elastically attached to an edge of the touch screen display or to an edge displayed on the touch screen display. | | | |

APLNDC00003985

| Claim Language | Zimmerman et al | Kwatinetz et al | Pallakoff |
|---|---|---|---|
| 17. The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching the edge of the electronic document has a first associated translating distance that corresponds to a distance of movement of the object prior to reaching the edge of the electronic document; and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction for a second associated translating distance, wherein the second associated translating distance is less than a distance of movement of the object after reaching the edge of the electronic document. | | | |

| Claim Language | Zimmerman et al | Kwatinetz et al | Pallakoff |
|---|---|---|---|
| 18. The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching the edge of the electronic document has a first associated translating speed that corresponds to a speed of movement of the object, and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction at a second associated translating speed, wherein the second associated translating speed is slower than the first associated translating speed. | | | |
| 19. A device, comprising: | Col. 5, lines 12-15, 26-29, and Fig. 2. | Abstract and Fig. 1. | Abstract. |
| a touch screen display; | Col. 5, lines 12-15, 26-29, and Fig. 2. | Kwatinetz discloses a system with a "display" (Col. 4, lines 50-56, co. 5, lines 37-44, and Figs. 1-2).<br><br>But Kwatinetz does not disclose "a touch screen display" as required by claim 19. | Paragraph 0109 and Fig. 14-A. |
| one or more processors; | Col. 5, lines 12-15, 26-29, and Fig. 2. | Fig. 1. | Paragraph 0274 and Fig. 24. |

APLNDC00003987

| Claim Language | Zimmerman et al | Kwatinetz et al | Pallakoff |
|---|---|---|---|
| memory; and | Col. 5, lines 16-19. | Fig. 1. | Paragraph 0274 and Fig. 24. |
| one or more programs, wherein the one or more programs are stored in the memory and configured to be executed by the one or more processors, the programs including: | Col. 5, lines 29-31. | Fig. 1. | Paragraph 0274 and Fig. 24. |
| instructions for detecting a movement of an object on or near the touch screen display; | Col. 3, lines 15-16, Col. 5, lines 27-31. | | Paragraph 0120. |
| instructions for translating an electronic document displayed on the touch screen display in a first direction, in response to detecting the movement; | Col. 3, lines 55-57, Col. 5, lines 27-31. | | Paragraph 0120. |
| instructions for displaying an area beyond an edge of the electronic document in response to the edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display; and | | | |

P4304US1/63266-5054-US
PA3703722

APLNDC00003988

| Claim Language | Zimmerman et al | Kwatinetz et al | Pallakoff |
|---|---|---|---|
| instructions for translating the document in a second direction until the area beyond the edge of the document is no longer displayed, after the object is no longer detected on or near the touch screen display. | | | |
| 20. A computer readable storage medium having stored therein instructions, which when executed by a device with a touch screen display, cause the device to: | Col. 5, lines 17-21, and 29-31. | Kwatinetz discloses a system with a "display" (Col. 4, lines 50-64, col. 5, lines 37-44, and Figs. 1-2).<br><br>But Kwatinetz does not disclose "a device with a <u>touch screen</u> display" as required by claim 20. | Paragraph 0274, and Fig. 24. |
| detect a movement of an object on or near the touch screen display; | Col. 3, lines 15-16, Col. 5, lines 27-31. | | Paragraph 0120. |
| translate an electronic document displayed on the touch screen display in a first direction, in response to detecting the movement; | Col. 3, lines 55-57, Col. 5, lines 27-31. | | Paragraph 0120. |

APLNDC00003989

| Claim Language | Zimmerman et al | Kwatinetz et al | Pallakoff |
|---|---|---|---|
| display an area beyond an edge of the electronic document if the edge of the electronic document is reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display; and | | | |
| translate the document in a second direction until the area beyond the edge of the document is no longer displayed, after the object is no longer detected on or near the touch screen display. | | | |

| Claim Language | Miller |
|---|---|
| 1. A computer-implemented method, comprising: | Page 1 states "This document focuses on the Touchable look and feel, a specific look and feel designed for touch screen based consumer products, including retail kiosks, personal digital assistants (PDAs), and screen phones." |
| at a device with a touch screen display, | Page 1 states "This document focuses on the Touchable look and feel, a specific look and feel designed for touch screen based consumer products, including retail kiosks, personal digital assistants (PDAs), and screen phones." |
| detecting a movement of an object on or near the touch screen display; | Page 6 states ". . . the Touchable look and feel is targeted for use on touch screen based consumer products. On such products, typically a finger or a stylus is used for input . . ." |
| | But Miller does not disclose "detecting a movement of an object on or near the touch screen display" as required by this claim. Rather, Miller discloses touch screens that use one or more stationary taps to activate soft buttons (e.g., scroll-up and scroll-down buttons) on the touch screen: "A single tap interaction model is common" (Miller, page 6) |

APLNDC00003990

| Claim Language | Miller |
|---|---|
| in response to detecting the movement, translating an electronic document displayed on the touch screen display in a first direction; | Pages 9-10 disclose touch screens that use <u>stationary</u> taps on scroll-up and scroll-down buttons to translate electronic lists on the touch screen.<br><br>But Miller does not disclose translating an electronic document "<u>in response to detecting the movement</u>" (i.e., in response to detecting the movement of the object on or near the touch screen display) as required by this claim. |
| in response to an edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display, displaying an area beyond the edge of the document; and | Page 9 states "When the scrolling list is at the top (see Figure 6), there is a half-space left blank to tell users they are at the top. If there is more information to scroll to, then the last item is shown clipped in half. In addition, the scroll buttons are enabled or disabled appropriately for each state. . . . When the list is at the bottom (see Figure 8), the half space is at the bottom and the upper item is clipped." |
| after the object is no longer detected on or near the touch screen display, translating the document in a second direction until the area beyond the edge of the document is no longer displayed. | |
| 2. The computer-implemented method of claim 1, wherein the device is a portable multifunction device. | Page 1 states "This document focuses on the Touchable look and feel, a specific look and feel designed for touch screen based consumer products, including retail kiosks, personal digital assistants (PDAs), and screen phones." |
| 3. The computer-implemented method of claim 1, wherein the movement of the object is on the touch screen display. | Page 6 states ". . . the Touchable look and feel is targeted for use on touch screen based consumer products. On such products, typically a finger or a stylus is used for input . . ." |
| 4. The computer-implemented method of claim 1, wherein the object is a finger. | Page 6 states ". . . the Touchable look and feel is targeted for use on touch screen based consumer products. On such products, typically a finger or a stylus is used for input . . ." |

APLNDC00003991

| Claim Language | Miller |
|---|---|
| 5. The computer-implemented method of claim 1, wherein the first direction is a vertical direction, a horizontal direction, or a diagonal direction. | Figures 6-8 show a list that is scrolled in a vertical direction. |
| 6. The computer-implemented method of claim 1, wherein the electronic document is a web page. | |
| 7. The computer-implemented method of claim 1, wherein the electronic document is a digital image. | |
| 8. The computer-implemented method of claim 1, wherein the electronic document is a word processing, spreadsheet, email or presentation document. | |
| 9. The computer-implemented method of claim 1, wherein the electronic document includes a list of items. | Figures 6-8 show a list of items that is scrolled in a vertical direction. |
| 10. The computer-implemented method of claim 1, wherein the second direction is opposite the first direction. | |

APLNDC00003992

| Claim Language | Miller |
| --- | --- |
| 11. The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching an edge of the document has an associated speed of translation that corresponds to a speed of movement of the object. | |
| 12. The computer-implemented method of claim 1, wherein translating in the first direction is in accordance with a simulation of an equation of motion having friction. | |
| 13. The computer-implemented method of claim 1, wherein the area beyond the edge of the document is black, gray, a solid color, or white. | Page 9 states "When the scrolling list is at the top (see Figure 6), there is a half-space left blank to tell users they are at the top. If there is more information to scroll to, then the last item is shown clipped in half. In addition, the scroll buttons are enabled or disabled appropriately for each state. . . . When the list is at the bottom (see Figure 8), the half space is at the bottom and the upper item is clipped." |
| 14. The computer-implemented method of claim 1, wherein the area beyond the edge of the document is visually distinct from the document. | Page 9 states "When the scrolling list is at the top (see Figure 6), there is a half-space left blank to tell users they are at the top. If there is more information to scroll to, then the last item is shown clipped in half. In addition, the scroll buttons are enabled or disabled appropriately for each state. . . . When the list is at the bottom (see Figure 8), the half space is at the bottom and the upper item is clipped." |
| 15. The computer-implemented method of claim 1, wherein translating the document in the second direction is a damped motion. | |

APLNDC00003993

| Claim Language | Miller |
|---|---|
| 16. The computer-implemented method of claim 1, wherein changing from translating in the first direction to translating in the second direction until the area beyond the edge of the document is no longer displayed makes the edge of the electronic document appear to be elastically attached to an edge of the touch screen display or to an edge displayed on the touch screen display. | |

P4304US1/63266-5054-US
PA3703722

20

APLNDC00003994

| Claim Language | Miller |
| --- | --- |
| 17. The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching the edge of the electronic document has a first associated translating distance that corresponds to a distance of movement of the object prior to reaching the edge of the electronic document; and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction for a second associated translating distance, wherein the second associated translating distance is less than a distance of movement of the object after reaching the edge of the electronic document. |  |

APLNDC00003995

| Claim Language | Miller |
|---|---|
| 18. The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching the edge of the electronic document has a first associated translating speed that corresponds to a speed of movement of the object, and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction at a second associated translating speed, wherein the second associated translating speed is slower than the first associated translating speed. | |
| 19. A device, comprising: | Page 1 states "This document focuses on the Touchable look and feel, a specific look and feel designed for touch screen based consumer products, including retail kiosks, personal digital assistants (PDAs), and screen phones." |
| a touch screen display; | Page 1 states "This document focuses on the Touchable look and feel, a specific look and feel designed for touch screen based consumer products, including retail kiosks, personal digital assistants (PDAs), and screen phones." |
| one or more processors; | Page 1 states "This document focuses on the Touchable look and feel, a specific look and feel designed for touch screen based consumer products, including retail kiosks, personal digital assistants (PDAs), and screen phones." PDAs and screen phones inherently include a processor, memory, and one or more programs. |

APLNDC00003996

| Claim Language | Miller |
|---|---|
| memory; and | Page 1 states "This document focuses on the Touchable look and feel, a specific look and feel designed for touch screen based consumer products, including retail kiosks, personal digital assistants (PDAs), and screen phones." PDAs and screen phones inherently include a processor, memory, and one or more programs. |
| one or more programs, wherein the one or more programs are stored in the memory and configured to be executed by the one or more processors, the programs including: | Page 1 states "This document focuses on the Touchable look and feel, a specific look and feel designed for touch screen based consumer products, including retail kiosks, personal digital assistants (PDAs), and screen phones." PDAs and screen phones inherently include a processor, memory, and one or more programs. |
| instructions for detecting a movement of an object on or near the touch screen display; | Page 6 states ". . . the Touchable look and feel is targeted for use on touch screen based consumer products. On such products, typically a finger or a stylus is used for input . . ."<br><br>But Miller does not disclose "instructions for detecting a movement of an object on or near the touch screen display" as required by this claim. Rather, Miller discloses touch screens that use one or more stationary taps to activate soft buttons (e.g., scroll-up and scroll-down buttons) on the touch screen: "A single tap interaction model is common" (Miller, page 6) |
| instructions for translating an electronic document displayed on the touch screen display in a first direction, in response to detecting the movement; | Pages 9-10 disclose touch screens that use stationary taps on scroll-up and scroll-down buttons to translate electronic lists on the touch screen.<br><br>But Miller does not disclose instructions for translating an electronic document "in response to detecting the movement" (i.e., in response to detecting the movement of the object on or near the touch screen display) as required by this claim. |

APLNDC00003997

| Claim Language | Miller |
|---|---|
| instructions for displaying an area beyond an edge of the electronic document in response to the edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display; and | Page 9 states "When the scrolling list is at the top (see Figure 6), there is a half-space left blank to tell users they are at the top. If there is more information to scroll to, then the last item is shown clipped in half. In addition, the scroll buttons are enabled or disabled appropriately for each state. . . . When the list is at the bottom (see Figure 8), the half space is at the bottom and the upper item is clipped." |
| instructions for translating the document in a second direction until the area beyond the edge of the document is no longer displayed, after the object is no longer detected on or near the touch screen display. | |
| 20. A computer readable storage medium having stored therein instructions, which when executed by a device with a touch screen display, cause the device to: | Page 1 states "This document focuses on the Touchable look and feel, a specific look and feel designed for touch screen based consumer products, including retail kiosks, personal digital assistants (PDAs), and screen phones." PDAs and screen phones inherently include a computer readable storage medium having stored therein instructions. |
| detect a movement of an object on or near the touch screen display; | Page 6 states ". . . the Touchable look and feel is targeted for use on touch screen based consumer products. On such products, typically a finger or a stylus is used for input . . ." <br><br> But Miller does not disclose instructions that when executed cause a device with a touch screen display to "detect a <u>movement</u> of an object on or near the touch screen display" as required by this claim. Rather, Miller discloses touch screens that use one or more <u>stationary</u> taps to activate soft buttons (e.g., scroll-up and scroll-down buttons) on the touch screen: "A single tap interaction model is common" (Miller, page 6) |

| Claim Language | Miller |
|---|---|
| translate an electronic document displayed on the touch screen display in a first direction, in response to detecting the movement; | Pages 9-10 disclose touch screens that use <u>stationary</u> taps on scroll-up and scroll-down buttons to translate electronic lists on the touch screen.<br><br>But Miller does not disclose instructions that when executed cause a device with a touch screen display to translate an electronic document "<u>in response to detecting the movement</u>" (i.e., in response to detecting the movement of the object on or near the touch screen display) as required by this claim. |
| display an area beyond an edge of the electronic document if the edge of the electronic document is reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display; and | Page 9 states "When the scrolling list is at the top (see Figure 6), there is a half-space left blank to tell users they are at the top. If there is more information to scroll to, then the last item is shown clipped in half. In addition, the scroll buttons are enabled or disabled appropriately for each state. . . . When the list is at the bottom (see Figure 8), the half space is at the bottom and the upper item is clipped." |
| translate the document in a second direction until the area beyond the edge of the document is no longer displayed, after the object is no longer detected on or near the touch screen display. | |

     In view of the remarks in the chart above, claims 1-20 are not anticipated by Zimmerman, Kwatinetz, Pallakoff, or Miller because none of these references discloses each and every limitation of these claims.

APLNDC00003999

**Detailed Explanation of Patentability:**

35 U.S.C. § 102

"A claim is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference." MPEP § 2131 citing *Verdegaal Bros. v. Union Oil Co. of California*, 814 F.2d 628, 631, 2 USPQ2d 1051, 1053 (Fed. Cir. 1987). . . . "The identical invention must be shown in as complete detail as is contained in the ... claim." MPEP § 2131 citing *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1236, 9 USPQ2d 1913, 1920 (Fed. Cir. 1989).

All of claims 1-20 include the element that after the object is no longer detected on or near the touch screen display, the document is translated in a second direction until the area beyond the edge of the document is no longer displayed:

> "after the object is no longer detected on or near the touch screen display, translating the document in a second direction until the area beyond the edge of the document is no longer displayed" (Claim 1);

> "instructions for translating the document in a second direction until the area beyond the edge of the document is no longer displayed, after the object is no longer detected on or near the touch screen display" (Claim 19); and

> "translate the document in a second direction until the area beyond the edge of the document is no longer displayed, after the object is no longer detected on or near the touch screen display" (Claim 20).

As shown in the chart in the preceding section, Zimmerman, Kwatinetz, Pallakoff, and Miller do not teach or suggest this claim element, either expressly or inherently.

Thus, at least one element in each of claims 1-20 is not taught or suggested by Zimmerman, Kwatinetz, Pallakoff, and/or Miller. As shown in the chart in the preceding section, some of the claims include additional elements that are not taught or suggested by Zimmerman, Kwatinetz, Pallakoff, or Miller.

Applicants respectfully submit that for at least the reasons set forth above, Zimmerman, Kwatinetz, Pallakoff, and Miller do not anticipate any of claims 1-20 of the above captioned patent application under 35 U.S.C. § 102(a)-(g) at least because none of these references discloses each and every limitation of any of claims 1-20. MPEP §2131.

35 U.S.C. § 103(a)

One of the criteria required to establish a prima facie case of obviousness is that the prior art must teach or suggest all the claim limitations. MPEP §2143.

APLNDC00004000

Applicants respectfully submit that Zimmerman, Kwatinetz, Pallakoff, and Miller, either standing alone or in combination, do not render claims 1-20 of the above-captioned patent application obvious under 35 U.S.C. § 103(a) because, as explained above, at least one element in each of claims 1-20 is not taught or suggested by Zimmerman, Kwatinetz, Pallakoff, and/or Miller. MPEP §2143.

**Concise Statement of Utility:**

The invention as claimed in independent claims 1, 19, and 20 has utility at least because it visually indicates when one or more edges of an electronic document have been reached.

APLNDC00004001

**Showing of Support under 35 USC 112, First Paragraph:**

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| 1. A computer-implemented method, comprising: | At least paragraph 0010; and Figures 7 and 8A-8D. | At least paragraph 0011 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraph 0011 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraph 0011 and claims 1-2; and Figures 7 and 8A-8D. |
| at a device with a touch screen display, | At least paragraphs 0010 and 0103; and Figure 2. | At least paragraphs 0011 and 0104 and claims 1-2; and Figure 2. | At least paragraphs 0011 and 0082 and claims 1-2; and Figure 2. | At least paragraphs 0011 and 0082 and claims 1-2; and Figure 2. |
| detecting a movement of an object on or near the touch screen display; | At least paragraphs 0010 and 0148; and Figures 7 and 8A-8D. | At least paragraphs 0011 and 0149 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 0011 and 0122 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 0011 and 0122 and claims 1-2; and Figures 7 and 8A-8D. |
| in response to detecting the movement, translating an electronic document displayed on the touch screen display in a first direction; | At least paragraphs 0010 and 0149; and Figures 7 and 8A-8D. | At least paragraphs 011 and 0150 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 011 and 0123 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 011 and 0123 and claims 1-2; and Figures 7 and 8A-8D. |

APLNDC00004002

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| in response to an edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display, displaying an area beyond the edge of the document; and | At least paragraphs 0010 and 0151; and Figures 7 and 8A-8D. | At least paragraphs 011 and 0152 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 011 and 0125 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 011 and 0125 and claims 1-2; and Figures 7 and 8A-8D. |
| after the object is no longer detected on or near the touch screen display, translating the document in a second direction until the area beyond the edge of the document is no longer displayed. | At least paragraphs 0010 and 0152; and Figures 7 and 8A-8D. | At least paragraphs 011 and 0153 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 011 and 0126 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 011 and 0126 and claims 1-2; and Figures 7 and 8A-8D. |
| 2. The computer-implemented method of claim 1, wherein the device is a portable multifunction device. | At least paragraphs 0103 and 0148; and Figures 2 and 4. | At least paragraphs 0104 and 0149; and Figures 2 and 4. | At least paragraphs 0082 and 0122; and Figures 2 and 4. | At least paragraphs 0082 and 0122; and Figures 2 and 4. |

APLNDC00004003

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| 3. The computer-implemented method of claim 1, wherein the movement of the object is on the touch screen display. | At least paragraph 0148; and Figure 7. | At least paragraph 0149; and Figure 7. | At least paragraph 0122; and Figure 7. | At least paragraph 0122; and Figure 7. |
| 4. The computer-implemented method of claim 1, wherein the object is a finger. | At least paragraph 0148; and Figure 7. | At least paragraph 0149; and Figure 7. | At least paragraph 0122; and Figure 7. | At least paragraph 0122; and Figure 7. |
| 5. The computer-implemented method of claim 1, wherein the first direction is a vertical direction, a horizontal direction, or a diagonal direction. | At least paragraph 0149; and Figures 7 and 8A-8D. | At least paragraph 0150; and Figures 7 and 8A-8D. | At least paragraph 0123; and Figures 7 and 8A-8D. | At least paragraph 0123; and Figures 7 and 8A-8D. |
| 6. The computer-implemented method of claim 1, wherein the electronic document is a web page. | At least paragraph 0149; and Figures 8A-8D. | At least paragraph 0150; and Figures 8A-8D. | At least paragraph 0123; and Figures 8A-8D. | At least paragraph 0123; and Figures 8A-8D. |

APLNDC00004004

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| 7. The computer-implemented method of claim 1, wherein the electronic document is a digital image. | At least paragraphs 0149 and 0156. | At least paragraphs 0150 and 0157. | At least paragraph 0059. | At least paragraph 0059. |
| 8. The computer-implemented method of claim 1, wherein the electronic document is a word processing, spreadsheet, email or presentation document. | At least paragraphs 0149 and 0156. | At least paragraphs 0150 and 0157. | At least paragraphs 0123 and 0128. | At least paragraphs 0123 and 0128. |
| 9. The computer-implemented method of claim 1, wherein the electronic document includes a list of items. | At least paragraph 0133; and Figures 5 and 6A-6D. | At least paragraph 0134; and Figures 5 and 6A-6D. | At least paragraph 0110; and Figures 5 and 6A-6D. | At least paragraph 0110; and Figures 5 and 6A-6D. |
| 10. The computer-implemented method of claim 1, wherein the second direction is opposite the first direction. | At least paragraph 0152; and Figures 7 and 8A-8D. | At least paragraph 0153; and Figures 7 and 8A-8D. | At least paragraph 0126; and Figures 7 and 8A-8D. | At least paragraph 0126; and Figures 7 and 8A-8D. |

APLNDC00004005

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| 11. The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching an edge of the document has an associated speed of translation that corresponds to a speed of movement of the object. | At least paragraph 0150; and Figure 7. | At least paragraph 0151; and Figure 7. | At least paragraph 0124; and Figure 7. | At least paragraph 0124; and Figure 7. |
| 12. The computer-implemented method of claim 1, wherein translating in the first direction is in accordance with a simulation of an equation of motion having friction. | At least paragraph 0150; and Figure 7. | At least paragraph 0151; and Figure 7. | At least paragraph 0124; and Figure 7. | At least paragraph 0124; and Figure 7. |
| 13. The computer-implemented method of claim 1, wherein the area beyond the edge of the document is black, gray, a solid color, or white. | At least paragraph 0151; and Figures 7 and 8C. | At least paragraph 0152; and Figures 7 and 8C. | At least paragraph 0125; and Figures 7 and 8C. | At least paragraph 0125; and Figures 7 and 8C. |

APLNDC00004006

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| 14. The computer-implemented method of claim 1, wherein the area beyond the edge of the document is visually distinct from the document. | At least paragraphs 0151; and Figures 7 and 8C. | At least paragraph 0152; and Figures 7 and 8C. | At least paragraph 0125; and Figures 7 and 8C. | At least paragraph 0125; and Figures 7 and 8C. |
| 15. The computer-implemented method of claim 1, wherein translating the document in the second direction is a damped motion. | At least paragraph 0152; and Figure 7. | At least paragraph 0153; and Figure 7. | At least paragraph 0126; and Figure 7. | At least paragraph 0126; and Figure 7. |

APLNDC00004007

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| 16. The computer-implemented method of claim 1, wherein changing from translating in the first direction to translating in the second direction until the area beyond the edge of the document is no longer displayed makes the edge of the electronic document appear to be elastically attached to an edge of the touch screen display or to an edge displayed on the touch screen display. | At least paragraph 0152; and Figures 7 and 8A-8D. | At least paragraph 0153; and Figures 7 and 8A-8D. | At least paragraph 0126; and Figures 7 and 8A-8D. | At least paragraph 0126; and Figures 7 and 8A-8D. |

APLNDC00004008

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| 17. The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching the edge of the electronic document has a first associated translating distance that corresponds to a distance of movement of the object prior to reaching the edge of the electronic document; and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction for a second associated translating distance, wherein the second associated translating distance is less than a distance of movement of the object after reaching the edge of the electronic document. | At least paragraph 0153; and Figure 8C. | At least paragraph 0154; and Figure 8C. | | |

P4304US1/63266-5054-US
PA3703722

35

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| 18. The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching the edge of the electronic document has a first associated translating speed that corresponds to a speed of movement of the object, and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction at a second associated translating speed, wherein the second associated translating speed is slower than the first associated translating speed. | At least paragraph 0154; and Figure 8C. | At least paragraph 0154; and Figure 8C. | | |

APLNDC00004010

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| 19. A device, comprising: | At least paragraphs 0012 and 0103; and Figure 2. | At least paragraphs 0013 and 0104; and Figure 2. | At least paragraphs 0013 and 0082; and Figure 2. | At least paragraphs 0013 and 0082; and Figure 2. |
| a touch screen display; | At least paragraphs 0012 and 0103; and Figure 2. | At least paragraphs 0013 and 0104; and Figure 2. | At least paragraphs 0013 and 0082; and Figure 2. | At least paragraphs 0013 and 0082; and Figure 2. |
| one or more processors; | At least paragraphs 0012 and 0059; and Figure 1. | At least paragraphs 0013 and 0060; and Figure 1. | At least paragraphs 0013 and 0038; and Figure 1. | At least paragraphs 0013 and 0038; and Figure 1. |
| memory; and | At least paragraphs 0012 and 0061; and Figure 1. | At least paragraphs 0013 and 0062; and Figure 1. | At least paragraphs 0013 and 0040; and Figure 1. | At least paragraphs 0013 and 0040; and Figure 1. |
| one or more programs, wherein the one or more programs are stored in the memory and configured to be executed by the one or more processors, the programs including: | At least paragraph 0012; and Figure 1. | At least paragraph 0013; and Figure 1. | At least paragraph 0013; and Figure 1. | At least paragraph 0013; and Figure 1. |
| instructions for detecting a movement of an object on or near the touch screen display; | At least paragraphs 0012 and 0148; and Figures 7 and 8A-8D. | At least paragraphs 0013 and 0149; and Figures 7 and 8A-8D. | At least paragraphs 0013 and 0122; and Figures 7 and 8A-8D. | At least paragraphs 0013 and 0122; and Figures 7 and 8A-8D. |

APLNDC00004011

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| instructions for translating an electronic document displayed on the touch screen display in a first direction, in response to detecting the movement; | At least paragraphs 0012 and 0149; and Figures 7 and 8A-8D. | At least paragraphs 013 and 0150 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 013 and 0123 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 013 and 0123 and claims 1-2; and Figures 7 and 8A-8D. |
| instructions for displaying an area beyond an edge of the electronic document in response to the edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display; and | At least paragraphs 0012 and 0151; and Figures 7 and 8A-8D. | At least paragraphs 013 and 0152 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 013 and 0125 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 013 and 0125 and claims 1-2; and Figures 7 and 8A-8D. |

APLNDC00004012

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| instructions for translating the document in a second direction until the area beyond the edge of the document is no longer displayed, after the object is no longer detected on or near the touch screen display. | At least paragraphs 0012 and 0152; and Figures 7 and 8A-8D. | At least paragraphs 013 and 0153 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 013 and 0126 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 013 and 0126 and claims 1-2; and Figures 7 and 8A-8D. |
| 20. A computer readable storage medium having stored therein instructions, which when executed by a device with a touch screen display, cause the device to: | At least paragraph 0013; and Figure 1. | At least paragraph 0014; and Figure 1. | At least paragraph 0014; and Figure 1. | At least paragraph 0014; and Figure 1. |
| detect a movement of an object on or near the touch screen display; | At least paragraphs 0013 and 0148; and Figures 7 and 8A-8D. | At least paragraphs 0014 and 0149 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 0014 and 0122 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 0014 and 0122 and claims 1-2; and Figures 7 and 8A-8D. |
| translate an electronic document displayed on the touch screen display in a first direction, in response to detecting the movement; | At least paragraphs 0013 and 0149; and Figures 7 and 8A-8D. | At least paragraphs 014 and 0150 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 014 and 0123 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 014 and 0123 and claims 1-2; and Figures 7 and 8A-8D. |

APLNDC00004013

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| display an area beyond an edge of the electronic document if the edge of the electronic document is reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display; and | At least paragraphs 0013 and 0151; and Figures 7 and 8A-8D. | At least paragraphs 014 and 0152 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 014 and 0125 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 014 and 0125 and claims 1-2; and Figures 7 and 8A-8D. |
| translate the document in a second direction until the area beyond the edge of the document is no longer displayed, after the object is no longer detected on or near the touch screen display. | At least paragraphs 0013 and 0152; and Figures 7 and 8A-8D. | At least paragraphs 014 and 0153 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 014 and 0126 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 014 and 0126 and claims 1-2; and Figures 7 and 8A-8D. |

APLNDC00004014

**Showing of Support under 35 USC 112, First Paragraph (continued):**

| Claim Limitation | Support for claim limitation in patent application no. 60/937,993, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,469, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,253, to which the above captioned application claims benefit |
|---|---|---|---|
| 1. A computer-implemented method, comprising: | At least claims 318 and 319; and Figures 43B-43D. | At least claims 318 and 319; and Figures 43B-43D. | At least claims 303 and 304; and Figures 43B-43D. |
| at a device with a touch screen display, | At least paragraph 0756; and Figure 2. | At least paragraph 0724; and Figure 2. | At least paragraph 0703; and Figure 2. |
| detecting a movement of an object on or near the touch screen display; | At least paragraph 0761; and Figures 43B-43D. | At least paragraph 0729; and Figures 43B-43D. | At least paragraph 0708; and Figures 43B-43D. |
| in response to detecting the movement, translating an electronic document displayed on the touch screen display in a first direction; | At least paragraph 0762; and Figures 43B-43D. | At least paragraph 0730; and Figures 43B-43D. | At least paragraph 0709; and Figures 43B-43D. |
| in response to an edge of the electronic document being reached while translating the electronic document in the first direction | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |

APLNDC00004015

| Claim Limitation | Support for claim limitation in patent application no. 60/937,993, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,469, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,253, to which the above captioned application claims benefit |
|---|---|---|---|
| while the object is still detected on or near the touch screen display, displaying an area beyond the edge of the document; and | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |
| after the object is no longer detected on or near the touch screen display, translating the document in a second direction until the area beyond the edge of the document is no longer displayed. | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |
| 2. The computer-implemented method of claim 1, wherein the device is a portable multifunction device. | At least paragraph 0003; and Figures 2 and 4A-4B. | At least paragraph 0003; and Figures 2 and 4A-4B. | At least paragraph 0003; and Figures 2 and 4A-4B. |
| 3. The computer-implemented method of claim 1, wherein the movement of the object is on the touch screen display. | At least paragraph 0761; and Figures 43B-43D. | At least paragraph 0729; and Figures 43B-43D. | At least paragraph 0708; and Figures 43B-43D. |

APLNDC00004016

| Claim Limitation | Support for claim limitation in patent application no. 60/937,993, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,469, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,253, to which the above captioned application claims benefit |
|---|---|---|---|
| 4. The computer-implemented method of claim 1, wherein the object is a finger. | At least claims 318 and 319; and Figures 43B-43D. | At least claims 318 and 319; and Figures 43B-43D. | At least claims 303 and 304; and Figures 43B-43D. |
| 5. The computer-implemented method of claim 1, wherein the first direction is a vertical direction, a horizontal direction, or a diagonal direction. | At least paragraph 0762. | At least paragraph 0730. | At least paragraph 0709. |
| 6. The computer-implemented method of claim 1, wherein the electronic document is a web page. | At least paragraph 0756. | At least paragraph 0724. | At least paragraph 0703. |
| 7. The computer-implemented method of claim 1, wherein the electronic document is a digital image. | At least paragraph 0243. | At least paragraph 0237. | At least paragraph 0237. |

APLNDC00004017

| Claim Limitation | Support for claim limitation in patent application no. 60/937,993, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,469, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,253, to which the above captioned application claims benefit |
|---|---|---|---|
| 8. The computer-implemented method of claim 1, wherein the electronic document is a word processing, spreadsheet, email or presentation document. | At least paragraph 0756. | At least paragraph 0724. | At least paragraph 0703. |
| 9. The computer-implemented method of claim 1, wherein the electronic document includes a list of items. | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |
| 10. The computer-implemented method of claim 1, wherein the second direction is opposite the first direction. | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |
| 11. The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching an edge of the document has an associated speed of translation that corresponds to a speed of movement of the object. | At least paragraph 0762. | At least paragraph 0730. | At least paragraph 0709. |

APLNDC00004018

| Claim Limitation | Support for claim limitation in patent application no. 60/937,993, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,469, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,253, to which the above captioned application claims benefit |
|---|---|---|---|
| 12. The computer-implemented method of claim 1, wherein translating in the first direction is in accordance with a simulation of an equation of motion having friction. | At least paragraph 0762. | At least paragraph 0730. | At least paragraph 0709. |
| 13. The computer-implemented method of claim 1, wherein the area beyond the edge of the document is black, gray, a solid color, or white. | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |
| 14. The computer-implemented method of claim 1, wherein the area beyond the edge of the document is visually distinct from the document. | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |
| 15. The computer-implemented method of claim 1, wherein translating the document in the second direction is a damped motion. | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |

APLNDC00004019

| Claim Limitation | Support for claim limitation in patent application no. 60/937,993, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,469, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,253, to which the above captioned application claims benefit |
|---|---|---|---|
| 16. The computer-implemented method of claim 1, wherein changing from translating in the first direction to translating in the second direction until the area beyond the edge of the document is no longer displayed makes the edge of the electronic document appear to be elastically attached to an edge of the touch screen display or to an edge displayed on the touch screen display. | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |

APLNDC00004020

| Claim Limitation | Support for claim limitation in patent application no. 60/937,993, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,469, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,253, to which the above captioned application claims benefit |
|---|---|---|---|
| 17. The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching the edge of the electronic document has a first associated translating distance that corresponds to a distance of movement of the object prior to reaching the edge of the electronic document; and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction for a second associated translating distance, wherein the second associated translating distance is less than a distance of movement of the object after reaching the edge of the electronic document. | | | |

APLNDC00004021

| Claim Limitation | Support for claim limitation in patent application no. 60/937,993, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,469, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,253, to which the above captioned application claims benefit |
|---|---|---|---|
| 18. The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching the edge of the electronic document has a first associated translating speed that corresponds to a speed of movement of the object, and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction at a second associated translating speed, wherein the second associated translating speed is slower than the first associated translating speed. | | | |
| 19. A device, comprising: | At least paragraph 0084 and claim 338; and Figures 1A-1B. | At least paragraph 0083 and claim 338; and Figures 1A-1B. | At least paragraph 0083 and claim 322; and Figures 1A-1B. |
| a touch screen display; | At least paragraph 0084; and Figures 1A-1B. | At least paragraph 0083; and Figures 1A-1B. | At least paragraph 0083; and Figures 1A-1B. |

| Claim Limitation | Support for claim limitation in patent application no. 60/937,993, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,469, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,253, to which the above captioned application claims benefit |
|---|---|---|---|
| one or more processors; | At least paragraph 0084; and Figures 1A-1B. | At least paragraph 0083; and Figures 1A-1B. | At least paragraph 0083; and Figures 1A-1B. |
| memory; and | At least paragraph 0084; and Figures 1A-1B. | At least paragraph 0083; and Figures 1A-1B. | At least paragraph 0083; and Figures 1A-1B. |
| one or more programs, wherein the one or more programs are stored in the memory and configured to be executed by the one or more processors, the programs including: | At least paragraph 0104; and Figures 1A-1B. | At least paragraph 0103; and Figures 1A-1B. | At least paragraph 0103; and Figures 1A-1B. |
| instructions for detecting a movement of an object on or near the touch screen display; | At least paragraph 0761; and Figures 43B-43D. | At least paragraph 0729; and Figures 43B-43D. | At least paragraph 0708; and Figures 43B-43D. |
| instructions for translating an electronic document displayed on the touch screen display in a first direction, in response to detecting the movement; | At least paragraph 0762; and Figures 43B-43D. | At least paragraph 0730; and Figures 43B-43D. | At least paragraph 0709; and Figures 43B-43D. |

APLNDC00004023

| Claim Limitation | Support for claim limitation in patent application no. 60/937,993, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,469, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,253, to which the above captioned application claims benefit |
|---|---|---|---|
| instructions for displaying an area beyond an edge of the electronic document in response to the edge of the electronic document being reached while translating the electronic document in the first direction | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |
| while the object is still detected on or near the touch screen display; and | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |
| instructions for translating the document in a second direction until the area beyond the edge of the document is no longer displayed, after the object is no longer detected on or near the touch screen display. | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |
| 20. A computer readable storage medium having stored therein instructions, which when executed by a device with a touch screen display, cause the device to: | At least claim 339; and Figures 1A-1B. | At least claim 339; and Figures 1A-1B. | At least claim 323; and Figures 1A-1B. |

APLNDC00004024

| Claim Limitation | Support for claim limitation in patent application no. 60/937,993, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,469, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,253, to which the above captioned application claims benefit |
|---|---|---|---|
| detect a movement of an object on or near the touch screen display; | At least paragraph 0761; and Figures 43B-43D. | At least paragraph 0729; and Figures 43B-43D. | At least paragraph 0708; and Figures 43B-43D. |
| translate an electronic document displayed on the touch screen display in a first direction, in response to detecting the movement; | At least paragraph 0762; and Figures 43B-43D. | At least paragraph 0730; and Figures 43B-43D. | At least paragraph 0709; and Figures 43B-43D. |
| display an area beyond an edge of the electronic document if the edge of the electronic document is reached while translating the electronic document in the first direction | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |
| while the object is still detected on or near the touch screen display; and | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |
| translate the document in a second direction until the area beyond the edge of the document is no longer displayed, after the object is no longer detected on or near the touch screen display. | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |

Thus, as shown in the table above, claims 1-20 satisfy the requirements of 35 U.S.C. §112, first paragraph.

The claims do not invoke 35 USC 112, sixth paragraph.  There are no means- (or step-) plus-function claim elements.

APLNDC00004026

**Identification of References Disqualified as Prior Art under 35 USC 103(c):**

The following references are disqualified as prior art under 35 USC 103(c):

| | | |
|---|---|---|
| 1. Lemay et al | US 20070157094 | |
| 2. Ording et al | US 20070152984 | |
| 3. Jobs et al | US 20070152979 | |
| 4. Kocienda et al | US 20070152978 | |
| 5. Jobs et al | US 20070155434 | |
| 6. Chaudhri et al | US 20070150842 | |

Applicants respectfully submit that the claims of the above-captioned patent application are in condition for allowance, and respectfully request that the Examiner allow the claims of the above-captioned application to issue in a U.S. patent.

Respectfully submitted,

Date:  _April 30, 2008_          *Robert Beyers*          46,552

Robert B. Beyers, Ph.D.          (Reg. No.)

**MORGAN, LEWIS & BOCKIUS** LLP

2 Palo Alto Square

3000 El Camino Real, Suite 700

Palo Alto, CA  94306

(650) 843-4000

APLNDC00004027

# Archive - Java Technology Products Download
## PersonalJava Application Environment

## Table of Contents

1. Introduction
2. The Consumer
   * Experience
   * Expectations
3. The Touchable Look and Feel: What Makes it Different?
   * Modification
   * Alternate Input Mechanisms
   * Low Resolution & Small Displays
   * Component Design in Consumer Products
4. The Process Behind the Touchable Look and Feel Design
   * The Iterative Design and Evaluation Process
   * Lessons Learned from the Evaluation Process
5. Conclusions
6. Related Reading

## Introduction

A look and feel design represents the visual appearance and behavior of a graphical user interface (GUI) component set. The "look" is based on the visual design characteristics shared with the GUI component set. The "feel" is based on the input mechanisms that the GUI component set provides for the user to interact. Look and feel designs vary according to the needs of the underlying product and the target user. Forcing consistency across radically different products results in unusable products.

This document focuses on the Touchable look and feel, a specific look and feel designed for touch screen based consumer products, including retail kiosks, personal digital assistants (PDAs), and screen phones. The main objectives of the Touchable look and feel are twofold: (1) to provide developers with a good starting point for a touch screen based consumer product look and feel, and (2) to provide a look and feel that is usable for consumers.

This document discusses the advantages of using the Touchable look and feel on touch screen based consumer products. The first section focuses on the experience and expectations of the target user. The next section details the nature of the target products and how these products differ significantly from traditional desktop computers. The final section describes some of the design approaches and extensive usability evaluations conducted in producing the Touchable look and feel, along with some of the lessons learned from the process.

For a more detailed discussion on designing human interfaces for consumer products, refer to the forthcoming Consumer Products User Experience Style Guide.

## The Consumer

When developing a product, it is important to keep in mind both the experience and expectations of the target user. The target user for the Touchable look and feel is the consumer. Consumers include people without any experience with personal computers. These users probably have experience with consumer electronics devices and they expect software-enabled consumer electronics devices to operate and behave consistently with their solid-state predecessors. Even people with computer experience have very different expectations when dealing with a consumer product than they do when dealing with a computer at work.

## Experience

APLNDC00004028

Statistics for the United States show that around 50-60% of households do not have a personal computer. The number of households with a personal computer is rising, but it will be a number of years before most households have a personal computer. Interestingly, the number of households with personal computers has remained fairly stable for the last few years. The belief is that it is more likely that consumer products, such as screen phones or internet-enhanced televisions, will appear in the remaining households before a personal computer does.

Of those consumers who do have a personal computer at home, the applications used most frequently are word processors and personal finance applications (e.g., Quicken). In addition, compared to business or enterprise computer users, consumers typically performless complex tasks on the computer, use the computer less hours per day, and know fewer applications well.

While it is true that children are being increasingly exposed to personal computers in school, this does not always translate to the same kind of computer applications or tasks as used by business or enterprise users. Many schools employ software designed specifically for children, which is less complex than typical productivity applications.

The implications of these characteristics are many. It can be assumed that most consumers have used a telephone, the younger ones may have used a game machine like a Nintendo or Playstation, and most have watched television, used a remote control, and probably used a VCR. Some consumers may even have programmed a VCR, though this is more common in the younger part of the population. These users have also used control panels on microwaves, answering machines, and stereos.

## Expectations

Not surprisingly, consumers who are unfamiliar with desktop computers may feel uncomfortable dealing with anything they consider to be too "high tech" and tend to be unwilling to learn complex interaction models. Those consumers who do have computer experience often have very different expectations when dealing with a consumer product than they do when dealing with a computer at work. Business users who regularly use a cell phone expect to be able to pick up the phone and dial a call in seconds. When has a personal computer ever booted up in seconds? Additionally, people who have participated in some of our consumer studies have voiced the sentiment that even if they are fairly computer literate, they do not want to take the "lingo" from the office to the home.

Furthermore, within the consumer domain itself, expectations differ depending upon the user's generation, sex, class, and education. All of these types of factors should be considered during the development of the product.

While electronic appliances such as televisions, VCRs, telephones, and microwave ovens are common today, widespread acceptance is hardfought. Eight out of ten consumer products fail in the marketplace, often because consumers find them too difficult to use. Modern consumers have little patience for learning how to operate new products. They expect the interfaces to be self-evident. Most consumers simply will not buy a product if they believe it might be hard to use.

In short, consumers expect products to be easy to figure out and fun to use. Such expectations affect response time, the complexity of applications, the plastic of the product, the choice of colors, and many other aspects of a consumer product. The result? A marketplace where success is equated to simple, slick design. Design that inspires consumers to pick up the product and play with it. Products that come in all shapes and sizes and colors, for children, teenagers, and adults alike.

## The Touchable Look and Feel: What Makes it Different?

This section details some of the main considerations that affected the development of the Touchable look and feel, and how these considerations differ for a look and feel targeted for touch screen based consumer products compared to typical desktop look and feel designs. It is important to keep in mind that there are similar differences, though maybe not as radical, within the consumer product area itself.

## Modification

Consumer products are tightly integrated and reflect a careful balance between several competing design criteria. Specifically, the level of integration between the software and the hardware (i.e., the actual plastic) must be very high. The color of the physical components (e.g., plastics, buttons, bezels, etc.) must be coordinated with the colors on the display. The shape of the physical buttons on the plastic should be integrated with the shape of the buttons on the screen.

The Touchable look and feel is a reference design only. It represents a framework from which a variety of derivative look and feel designs are possible. A main consideration in the development of the Touchable look and feel was to ensure that it can easily be modified to support the product identity or product design needs of device manufacturers. For a more detailed discussion of how to modify the Touchable look and feel, refer to the Truffle Customization Guide.

APLNDC00004029

## Scalability

The Touchable look and feel is targeted for products containing a variety of different display sizes. For example, the display size on a retail kiosk is likely to be larger than the display size on a screen phone, which in turn is likely to be larger than the display size on a PDA. As a result, the look and feel is designed to scale gracefully. This is in direct contrast with desktop look and feel designs, where there is less variance in display size, and therefore scalability is not as important.

The Touchable look and feel started with a working target of a640"x480", 100 dots per inch (dpi), color touch LCD. Finger input was used as the starting point because, compared to stylus input, finger input requires more adjustments to the look and feel due mostly to target size issues. Figure 1 shows an example of some of the Touchable look and feel widgets in the context of an email application. Figures 2 and3 show the same widgets scaled down to 75% and 50%, respectively.



Figure 1: A 640" x 480", 100 dpi, full scale sample of the list, choice menu, and button widgets from the Touchable look and feel in the context of an email application.

APLNDC00004030



Figure 2: A sample of some of the widgets from the Touchable look and feel in the context of an email application, scaled down to 75%.

Figure 3: A sample of some of the widgets from the Touchable look and feel in the context of an email application, scaled down to 50% and rotated to vertical. Notice the modified button shape and placement of the scroll buttons.

## Color Schemes

The color schemes are different in the Touchable look and feel than they are in a typical desktop look and feel. In general, consumers dislike gray scale. In user studies, color schemes that resembled desktop computer look and feel designs received the lowest ratings from the participants (see Figure 4).Instead, consumers prefer bright, cheerful colors.Figure 5 shows the color

APLNDC00004031

scheme that received the highest ratings from the participants in the user study.

Note: Only a sense of the color schemes can be gathered from thefigures included in this section. The colors appear extremely different on an LCD display.



Figure 4: This predominantly gray scale color scheme received low ratings from consumers.



Figure 5: This yellow/blue color scheme received the highest ratings from consumers.

Additionally, participants in the user study desired the ability to set the color scheme on the product. Color schemes should be

APLNDC00004032

targeted to age groups: what works for a child will not work for an adult. Color preference also differs according to sex: what works for a 7-year old boy may not work for a 7-year old girl; likewise a female adult prefers different color schemes than a male adult. The Touchable look and feel provides alternate color palettes from which to choose.

## Alternate Input Mechanisms

As discussed, the Touchable look and feel is targeted for use on touch screen based consumer products. On such products, typically a finger or a stylus is used for input, resulting in the following implications for the look and feel:

* No pointer or cursor is shown on the screen
  The pointer/cursor model of graphical user interface has become common in computer desktops. It was originally developed to provide a mechanism for allowing a user to control graphical elements in a computer display (e.g., pressing a button on the interface by moving the mouse over the button and pressing the physical button on the mouse).

  This model is not necessary in a touch screen based look and feel for two reasons: (1) the touch screen hardware allows a user to directly manipulate an object on the display, and (2) a mouse adds bulk and complexity. The arrow pointer used on desktop computer systems is out of place on a touch screen. Users try to make the arrow move to the right place instead of just touching an element. Paying attention to the arrow pointer makes the entire system seem much harder to use than it really is. The pointer is unnecessary because the direct interaction model simply does not require it. The current position is wherever the user places his/her finger.

  (Note: The only exception to this in the Touchable look and feel is the text insertion point, which is not a cursor.)

* No focus highlight
  Many desktop computers use a focus highlight graphic to indicate which human interface element has keyboard focus. The graphic is usually displayed as a rectangle drawn around an element. This rectangle can be very distracting to a consumer user and is unneeded on most touch input consumer devices.

  (Note: The Touchable look and feel does include focus highlight, however the default is to have it turned off.)

* A single tap interaction model is common
  It is actually quite hard to tap twice in the same spot with a finger. Fingers inherently jitter. Given the error-prone nature of fingers and touch input with regard to tapping, double-tapping should be avoided.

* Components execute on finger-up rather than on finger-down
  In general, most human interface components, like button or choice menu, will show a state change upon finger-down. The state change may be a simple highlight. Upon finger-up, the operation associated with the component is executed. For example, upon finger-down a choice menu button will highlight and upon finger-up, the choice menu will be displayed.

  Additionally, an input is only registered if the user lets his/her finger up over the original target (i.e., the same target as the one the finger went down on). If the user touches (i.e., finger-down) on a target and then drags his/her finger out of a target then the target returns to a neutral state. That is, finger-up outside of the original target serves as a cancel, even if the finger is dragged over another legal target.

* Components must be much large enough for finger input
  A finger is neither small nor accurate. If the user is expected to use a finger as the input device, then all of the user interface elements must be large enough to accommodate this. The size of desktop computer elements is far too small. For example, on displays with a resolution of ~100 dpi, the minimum height of a button should be no smaller than 36 pixels in order to accommodate the full range of adult sized fingers.

## Low Resolution & Small Displays

Compared to desktop computers, the lower resolution and smaller displays of consumer products also have several implications for the look and feel, including:

* Use of color
  The color LCD has a big effect on the Touchable look and feel design because of the differences in how color is displayed. Not only is color displayed differently on a color LCD compared to a CRT, but color is affected by the specific LCD as well. For

APLNDC00004033

example, on some LCDs the saturation level of red is much lower than expected, resulting in the inability to show certain colors, such as violet. Furthermore, subtle color differences may not be apparent to the eye on LCDs, thereby limiting the available shades of gray and requiring the use of high contrast colors. As a result, there is a limit on the variety of color palettes provided with the Touchable look and feel. Viewing the palettes on a typical personal computer display is not a good idea. (Note: The actual LCD on which the look and feel is displayed will directly affect how the colors are displayed. The color palettes included with the Touchable look and feel were tuned for a specific type ! ! of LCD. Developers are encouraged to tune the colors for their own LCDs.)(For a more detailed discussion on this topic, refer to the Design Language section in the forthcoming Consumer Products User Experience Style Guide.)

❊ Rendering time

Given the small size of the display and the performance typical of these products, the human interface elements on the screen have to take rendering time into consideration when they are designed. The Touchable look and feel is deliberately a simple look with few outlines or other excess graphic bits. This is advantageous because the look is both fast to render and simple, and therefore less intimidating to consumers.

❊ Typeface

The style of typeface recommended to work with the Touchable look and feel is a sans-serif condensed typeface. The recommended size for a 640" x 480", 100 dpi display is 24 point for finger input of adults (see Figure 1). A sans-serif condensed typeface is recommended because of space considerations on small displays.

## Component Design in Consumer Products

The first release of the Touchable look and feel includes the minimum required set of AWT components from the PersonalJava technology API specification. Components such as overlapping windows, modeless dialogs, hierarchical menus, and scroll bars are considered optional in the PersonalJava API specification and are not supported at this time, though future releases may support some of these components. Many of the unsupported components and their related concepts have been shown to be hard to learn, difficult to understand, and generally too complex for consumer products.

A few examples of desktop concepts that typically cause problems for consumers are included below. For a more detailed discussion ofthe Desktop Concepts: Do's and Don'ts refer to the forthcoming Consumer Products User Experience Style Guide.

## Multiple Overlapping Windows

Multiple overlapping windows are very confusing to consumers with no desktop computer experience and require a much steeper learning curve than is appropriate for most consumer products. They assume the presence of a windowing system and a method for the user to manipulate or manage windows, neither of which is common or necessary in consumer products. In addition, the display size of consumer products is typically much smaller than that of a personal computer display, leading to insufficient space for multiple overlapping windows.

The basic human interface problem with multiple overlapping windows is cognitive load on the user. Multiple overlapping windows require users to learn and then use various interaction methods to resize, move, scroll, and so on. The collection of extra knowledge that the user must learn and use puts a cognitive burden on the user that is inappropriate given the simple specialized nature of most consumer products.

In addition to having to learn how to manage windows, the inherent reason a computer system has multiple windows is so that multiple applications can be running simultaneously. Ignoring the fact that many consumer products do not have the memory to support multiple applications, forcing a user to interact with multiple applications at a time places another cognitive load on the user. While the operating system and other system infrastructure may need to support multi-tasking, users should not be exposed to it in the personal computer sense.

## Double Clicking

Double clicking an icon on a personal computer is a shortcut for selecting the icon and choosing the Open command from the File menu to open the icon. It should never be used as a primary method for an operation even on a desktop computer. Most consumer products do not have a mouse or any device that provides for double clicking. Even when consumer products do have a pointing device, it may inadvertently move between clicks causing the system to interpret the double click as two single clicks. Moreover, users with common medical conditions like arthritis or Repetitive Stress Syndrome (RSI) may be even less tolerant of double clicking in a consumer environment than in a desktop environment.

Double tapping on a touch screen presents further problems because people do not consistently hit the same spot on the screen twice in rapid succession. What the user meant as a double tap may get parsed by the input handler as two discrete single taps,

APLNDC00004034

and then the user sees the software do the wrong thing twice instead of the right thing once.

## Scroll bars

Scroll bars were originally designed for viewing documents on a personal computer; the bar gave an indication of how much of the document was visible. The document model is one of the main concepts of the personal computer human interface as creating and editing documents are two of the main tasks on personal computers. Consumer products rarely allow users to do more than create and send an email or fill in an address book entry. Users do not typically view either of these items as a *document* in the personal computer sense.

The bar portion of the scroll bar is very confusing to people with no computer experience. Because they usually have little experience with the concept of documents on a personal computer, they do not readily understand what the bar represents. In addition, the thumb, or elevator, in a scroll bar can be very difficult to manipulate with the limited input devices available on consumer products.

# The Process Behind the Touchable Look and Feel Design

This section describes some of the design approaches and lessons learned from the extensive usability evaluations conducted in developing the Touchable look and feel.

## The Iterative Design and Evaluation Process

It can be argued that an iterative design and evaluation process is even more crucial when designing products for novice computer users than it is when designing for more experienced computer users. In no way should such a statement insinuate that iterative design and evaluation should not play a central role in the desktop computer market. However, when designing for computer users, assumptions can be made regarding their behavior based on their knowledge of the conventions used in the desktop world. On the other hand, consumers include novice computer users who may have had little, if any, exposure to computer conventions, and consequently few assumptions can be made with regard to how they will behave. Once a good intuitive model for what a user expects and how a user behaves is obtained, the designer can develop designs more directly, with less iteration.

The needs and expectations of consumers were taken into account throughout the development process of the Touchable look and feel. At the same time, the goal was to understand the needs and requirements of developers. A fair amount of time was spent working closely with software engineers, learning about their business, and evaluating existing products on the market.

The development process for the Touchable look and feel involved several design iterations. The process began with the creation of the basic elements or building blocks from which other more complex components could be built. The next step was to iterate the designs of the components until patterns started to emerge. Two sets of design rules emerged during the design process: (1) rules that had to do with how elements were laid out, internally within a component as well as with regard to other components, and (2) rules dealing with how color was used, how many colors, and what color mapped onto in the elements.

Other tools that were used during the design process included a demo that mimicked possible screen phone applications and made use of all of the Touchable look and feel components, as well as a set of tests created to display the widgets and test out edge cases. Additionally, the designer working on the Touchable look and feel created sample application screens based on the consumer application work of the other designers in the company, and held regular design reviews with peers.

The first release of the Touchable look and feel went through five rounds of user testing with consumers who had little or no personal computer experience. Although the intended user population for the Touchable look and feel varies broadly with regard to their level of computer experience, the focus during the user evaluations was predominantly on those users with less experience in order to ensure that the design accommodated their needs. The data from the user testing was tightly integrated into the look and feel design. Touch monitors and a color touch LCD were used throughout the design and evaluation process.

## Lessons Learned from the Evaluation Process

During the user evaluations, valuable feedback was collected regarding the usability of the components. Some of the lessons learned through the many hours of user testing are shared below:

## Finger Input

Users are very inconsistent with regard to which finger they use. Many times they will change the finger or even the hand being used to tap on the screen. Users also do not tap with a consistent area of the finger. They tap with the tip or the side of their finger, roll their finger, place their finger sideways or straight up, and just about every other possible contortion. Long fingernails are another source of trouble, as users can inadvertently tap on two items if the nail is too long: one item with the pad of their finger

APLNDC00004035

and the second as the finger is raised and the nail contacts the screen. In addition, a finger inherently jitters and can accidentally produce double clicks. When users are frustrated with something on the screen they will sometimes tap repeatedly and very quickly on an element.

Furthermore, it was commonly observed that users touch lower on an element than they would with a mouse pointer. This is most likely due to the fact that the finger obscures the thing the user is touching. Consequently, users touch lower to make sure they are touching the correct element. This effect is more pronounced with finger input as compared to stylus input. These observations directly impacted the design of the widgets. Specifically, the following guideline was adhered to for each of the widgets: *Once the appropriate width constraints are met, the height of the element becomes critical to ensure error-free operation by users.*

### Active Labels

Another observation from the user evaluations was that when using checkboxes, radio buttons or text fields, users touched on either the actual object (i.e., checkbox, radio button, or text field) or on the object's label and expected both to operate the component. When using finger input, being able to select the object and its label makes the target area that much larger, which is a distinct advantage.

Labels are usually part of the checkbox and radio button components in toolkits. Text fields do not have labels as part of the component. The additional work to tie the label and text field together makes the operation of the product less error prone and more user friendly.

### Scroll Feedback

For reasons already discussed, the Touchable look and feel does not contain a scroll bar widget. However, the issue remains that users need feedback to tell them if there is more information to scroll to or not, and if they are at the top or the bottom of a list or text area.

In developing the Touchable look and feel, visual cues to replace the feedback that a scroll bar would give a user were iteratively explored, implemented, and tested. The resulting design incorporates redundant feedback in the form of scroll arrows, clipping of items,and blank spaces at the top and bottom of a list to provide feedback as to whether the user is at the top, bottom, or middle of a list or text area.

When the scrolling list is at the top (see Figure 6), there is a half-space left blank to tell users they are at the top. If there is more information to scroll to, then the last item is shown clipped in half. In addition, the scroll buttons are enabled or disabled appropriately for each state. When the list is somewhere in the middle (see Figure 7), the text is shown clipped on the top and the bottom of the visible list. When the list is at the bottom (see Figure 8), the half space is at the bottom and the upper item is clipped.



Figure 6: Scrolling list at the top. Half-space left blank at the top of the list. Bottom item is clipped. Scroll-up button is disabled.

APLNDC00004036



Figure 7: Scrolling list in the middle. Items at the top and bottom are clipped. Both scroll buttons are enabled.



Figure 8: Scrolling list at the bottom. Half-space left blank at the bottom of the list. Top item is clipped. Scroll-down button is disabled.

The scrolling feedback within the list and text area widgets proved extremely successful during the user evaluations. So successful, in fact, that it was applied to scrolling in the choice menu widget as well.

A general lesson that can be learned from the design of the scrolling feedback is to build redundancy into the interface. Each of the visual cues by themselves may or may not have been enough of a cue to signal the scroll state of the list or text area. However, taken together, the cues succeeded in signaling the state to practically all of the participants in the user evaluations.

### Choice Menu

One of the components that was extremely difficult to design, and that went through a series of redesign phases, was the choice menu. This is a component that is very dynamic. The size of the component is dependent upon what items are in it. Where it pops up and whether it is scrollable is dependent upon the screen real estate around it. This component can be confusing to a user who has never seen one. The goal was to make the component as easy to understand as possible given the constraints.

A choice menu has two parts. One part is the menu button which is the element from which the menu originates. The other part is the menu itself. There are three states the menu button can have: enabled, disabled, and selected. The menu supports scrolling if there is not enough room to display all of the items. Figure 9 shows one of the original designs of the choice menu.

APLNDC00004037



Figure 9: One of the original designs of the choice menu.

One thing the original design of the widget had not taken completely into account was the situation in which there was a group of menu buttons and one of them had a menu popped up. During the user evaluations, the demo application displayed a set of four choice popup menus which were used to set the label for an associated text field. It became clear that not all of the users could tell what" popped up" menu went with what menu button. Given our users had very little if any desktop user interface experience, the confusion was not surprising.

The design of the choice menu was revised such that the selected menu button and its menu were visually tied together with a colored outline (see Figure 10). In user testing, the new design did seem to alleviate most of the confusion.



Figure 10: Revised design of the choice menu.

A remaining problem with the widget was that users did not seem to easily pick up on the scrolling state of the menu. In the next user test, the clipping feedback from the scrolling list was added to the menu as an extra visual cue for users that the menu was scrollable(see Figure 11). This extra bit of visual feedback fixed the scrolling problem successfully.

APLNDC00004038



Figure 11: Final design of the choice menu.

The choice menu is another widget that demonstrates the strength of building redundancy into the interface. The choice menu can be closed in three different ways. The user can touch an item in the menu to select that item and close the menu. The user can touch the arrow on the menu button or simply touch outside the menu to dismiss the menu. The last two methods do not change the selection. The choice to have the widget behave this way was based on observation of the varying behaviors of the participants in the user studies. Afterall, no two users are exactly alike. When possible, the Touchable look and feel attempts to accommodate the varying behaviors of the users.

## Text
Text fields and text areas differ in their visual appearance from the typical box one sees on a desktop system. In designing the text field and text area widgets in the Touchable look and feel, it became painfully obvious that consumers did not automatically know to touch a text field or text area to enter text into it. After several iterations of the design, the final design of these widgets incorporates a lightly shaded background with a small vertical affordance on the left edge of a text field and area. This affordance leverages the manner in which color is used by employing the button color. Figure 12 provides an example of the text field and text area widgets in the context of an address book application.



Figure 12: Example of the text field and text area widgets in the context of an address book application.

Another observation made during the user studies was that consumers expect to be able to simply tap on an empty line (i.e., below the last line of text) in a text area and have the insertion point appear on that line so they can enter text. In addition, users expect the down arrow on the keyboard, physical and on-screen versions, to move the insertion point down to a empty line.

APLNDC00004039

Though not supported in the desktop market, this behavior is the default behavior in the final design of the text areas in the Touchable look and feel.

The behavior of the insertion point in the text field and text area widgets was also the result of the data from the user studies. In the final design of the Touchable look and feel, when the user taps on a field, the word they tap on is selected. Upon second tap, the insertion point is set at the tap point. This model of selecting a word upon tap, lessens usability errors when the finger is used for input. When a pen or stylus is used for input, the model recommended in the Touchable look and feel is to place the insertion point at the tap point. The selection mode is a property that can be easily altered.

## Conclusions

Designing for consumer products requires a different perspective than designing for desktop computers. Memory and input device limitations, as well as user expectations, have direct implications on the look and feel for consumer products.

The Touchable look and feel is a reference look and feel design. Device manufacturers are expected to modify the look and feel to make it suitable for their product. The Touchable look and feel provides the building blocks for creating a good user experience for touchscreen based consumer products. Although it contributes to good design, the Touchable look and feel does not guarantee good design in and of itself. The device manufacturer should consider the overall behavior of their product and how customers will use it in order to produce well-designed applications.

The Touchable look and feel is intended to be the first in a series of look and feels created for the consumer product market. The goal of producing such look and feels is for Sun Microsystems Inc. to continue creating products and technologies that make our customers successful by helping them get to market sooner. Indeed, one of the key selling points of our look and feel technology is the ability to easily alter and customize it, thereby being able to tailor it to specific needs. Our products and technologies, including the Touchable look and feel, reflect our commitment to understand and address the differing needs of the consumer product market.

## Related Reading

* Consumer Products User Experience Style Guide (forthcoming)
* Truffle Graphical Toolkit Customization Guide

This page is owned by Dana Miller. Last updated June 8, 1999.

copyright © Sun Microsystems, Inc

APLNDC00004040

Electronically filed April 30, 2008

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| Application of: | Bas Ording | Confirmation No.: | 8460 |
| Serial No.: | 11/956,969 | Art Unit: | 2174 |
| Filed: | December 14, 2007 | Examiner: | Wiley, David Armand |
| For: | *List Scrolling and Document Translation, Scaling, and Rotation on a Touch-Screen Display* | Attorney Docket No.: | P4304US1/63266-5054-US |

**INFORMATION DISCLOSURE STATEMENT
IN SUPPORT OF PETITION TO MAKE SPECIAL**

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

    In accordance with the duty of disclosure provisions of 37 C.F.R. §1.56, there is hereby provided certain information which the Examiner may consider material to the examination of the subject U.S. patent application. It is requested that the Examiner make this information of record if it is deemed material to the examination of the application.

1.      Enclosures accompanying this Information Disclosure Statement are:

    1a.    ☒  A list of all patents, publications, applications, or other information submitted for consideration by the office.

    1b.    A legible copy of :

            ☐  Each U.S. patent application publication and U.S. and foreign patent;

            ☒  Each publication or that portion which caused it to be listed on the PTO-1449;

            ☐  For each cited pending U.S. application, the application specification including the claims, and any drawing of the application, or portion of the application which caused it to be listed on the PTO-1449 including any claims directed to that portion;

            ☐  all other information or portion which caused it to be listed on the PTO-1449.

    1c.    ☐  An English language copy of search report(s) from a counterpart foreign application or PCT International Search Report.

    1d.    ☐  Explanations of relevancy (ATTACHMENT 1(d), hereto) or English language

1

APLNDC00004041

abstracts of the non-English language publications.

2.  ☒  This Information Disclosure Statement is filed under 37 C.F.R. §1.97(b):

☐  Within three months of the filing date of a national application other than a continued prosecution application under §1.53(d);

☐  Within three months of the date of entry of the national stage as set forth in §1.491 in an international application;

☒  Before the mailing of the first Office action on the merits;

☐  Before the mailing of a first Office action after the filing of a request for continued examination under §1.114.

3.  ☐  This Information Disclosure Statement is filed under 37 C.F.R. §1.97(c) after the period specified in 37 C.F.R §1.97(b), but before the mailing date of any of a final action under 37 C.F.R. §1.113, a notice of allowance under 37 C.F.R. §1.311 or an action that otherwise closes prosecution in the application.

*(Check either Item 3a or 3b)*

3a.  ☐  The Certification Statement in Item 5 below is applicable.  Accordingly, no fee is required.

3b.  ☐  The $180.00 fee set forth in 37 C.F.R. §1.17(p) in accordance with 37 C.F.R. §1.97(c) is:
☐  enclosed
☐  to be charged to Morgan, Lewis & Bockius LLP Deposit Account No. 50-0310 (order no.          ).

*(Item 3b to be checked if any reference known for more than 3 months)*

4.  ☐  This Information Disclosure Statement is filed under 37 C.F.R. §1.97(d) after the period specified in 37 C.F.R. §1.97(c), but on or before the date of payment of the issue fee.

*(Check either Item 4a or 4b)*

4a.  ☐  The Certification Statement in Item 5 below is applicable.

4.b  ☐  The $180.00 fee set forth in 37 C.F.R. §1.17(p) is:
☐  enclosed.
☐  to be charged to Morgan, Lewis & Bockius LLP Deposit Account No. 50-0310 (order no.          ).

5.  ☐  Certification Statement (applicable if Item 3a or Item 4a is checked)

*(Check either Item 5a, 5b or 5c)*

5a.  ☐  In accordance with 37 C.F.R. §1.97(e)(1), it is certified that each item of information contained in this Information Disclosure Statement was first cited in a communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of this Information Disclosure Statement.

2

APLNDC00004042

5b. ☐ In accordance with 37 C.F.R. §1.97(e)(2), it is certified that no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in § 1.56(c) more than three months prior to the filing of the information disclosure statement.

5c. ☐ Pursuant to 37 C.F.R. §1.704(d), each item of information contained in this information disclosure statement was cited in a communication from a foreign patent office in a counterpart application, and the communication was not **received** by any individual designated in 37 C.F.R. §1.56(c) more than thirty days prior to the filing of this information disclosure statement.

6. ☒ Copies of each cited U.S. patent and each U.S. patent application publication are not enclosed pursuant to the USPTO OG Notice dated 05 August 2003 waiving the requirement under 37 C.F.R. 1.98(a)(2)(i) for U.S. patent applications filed after June 30, 2003.

7. ☐ This application is a continuation application under 37 C.F.R. §1.53(b) or (d).

*(Check appropriate Items 7a, 7b and/or 7c)*

7a. ☐ A Petition to Withdraw from issue under 37 C.F.R. §1.313(b)(5) is concurrently filed herewith.

7b. ☐ Copies of publications listed on Form PTO-1449 from prior application Serial No.          , filed on          , of which this application claims priority under 35 U.S.C. §120, are not being submitted pursuant to 37 C.F.R. §1.98(d).

7c. ☐ Copies of the publications listed on Form PTO-1449 were not previously cited in prior application Serial No.          , filed on          , and are provided herewith.

8. ☐ This is a Supplemental Information Disclosure Statement.  (Check Item 8a)

8a. ☐ This Supplemental Information Disclosure Statement under 37 C.F.R. §1.97(f) supplements the Information Disclosure Statement filed on          .  A bona fide attempt was made to comply with 37 C.F.R. §1.98, but inadvertent omissions were made.  These omissions have been corrected herein.  Accordingly, additional time is requested so that this Supplemental Information Disclosure Statement can be considered as if properly filed on          .

9. ☐ In accordance with 37 C.F.R. §1.98, a concise explanation of what is presently understood to be the relevance of each non-English language publication is:

*( Check Item 9a, 9b, or 9c)*

9a. ☐ satisfied because all non-English language publications were cited on the enclosed English language copy of the PCT International Search Report or the search report from a counterpart foreign application indicating the degree of relevance found by the foreign office.

3

APLNDC00004043

9b.  ☐  set forth in the application.

9c.  ☐  enclosed as an attachment hereto.

10.  ☒  The Commissioner is authorized to charge any additional fee required or credit any overpayment for this Information Disclosure Statement and/or Petition to Morgan, Lewis & Bockius LLP Deposit Account No. 50-0310 (order no. 63266-5054-US).

11.  ☒  No admission is made that the information cited in this Statement is, or is considered to be, material to patentability nor a representation that a search has been made (other than a search report of a foreign counterpart application or PCT International Search Report if submitted herewith).  37 C.F.R. §§1.97(g) and (h).

Respectfully submitted,

Date:    April 30, 2008

_Robert Beyers_                46,552

Robert B. Beyers, Ph.D.        (Reg. No.)
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
(650) 843-4000

4

1-PA/3703744.1

APLNDC00004044



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/956,969 | 12/14/2007 | Bas Ording | P4304US1/63266-5054US | 8460 |

61725         7590         06/09/2008
MORGAN LEWIS & BOCKIUS LLP/ AI
2 PALO ALTO SQUARE
3000 EL CAMINO REAL
PALO ALTO, CA 94306

| EXAMINER |
|---|
| PESIN, BORIS M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2174 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 06/09/2008 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

APLNDC00004045

| ***Examiner-Initiated Interview Summary*** | Application No. | Applicant(s) |
|---|---|---|
| | 11/956,969 | ORDING, BAS |
| | Examiner | Art Unit | |
| | BORIS PESIN | 2174 | |

**All Participants:**

(1) <u>BORIS PESIN</u>.

(2) <u>Robert Beyers</u>.

**Status of Application:** _____

(3) <u>Cyndi Wheeler</u>.

(4) _____.

**Date of Interview:** <u>2 June 2008</u>          **Time:** <u>1:30 PM</u>

**Type of Interview:**
☐ Telephonic
☐ Video Conference
☒ Personal (Copy given to: ☐ Applicant   ☒ Applicant's representative)

Exhibit Shown or Demonstrated: ☒ Yes   ☐ No
   If Yes, provide a brief description: *Apple Iphone.*

**Part I.**

Rejection(s) discussed:
*Proposed Examiner's rejection*

Claims discussed:
*1*

Prior art documents discussed:
*Zimmerman et al. (US 6690387), Microsoft word Screenshots, and Colling et al (US 2008/0104544)*

**Part II.**

SUBSTANCE OF INTERVIEW DESCRIBING THE GENERAL NATURE OF WHAT WAS DISCUSSED:
*See Continuation Sheet*

**Part III.**

☐ It is not necessary for applicant to provide a separate record of the substance of the interview, since the interview directly resulted in the allowance of the application. The examiner will provide a written summary of the substance of the interview in the Notice of Allowability.

☒ It is not necessary for applicant to provide a separate record of the substance of the interview, since the interview did not result in resolution of all issues.  A brief summary by the examiner appears in Part II above.

/Boris  Pesin/
Primary Examiner, Art Unit 2174

                    (Applicant/Applicant's Representative Signature – if appropriate)

 Continuation of Substance of Interview including description of the general nature of what was discussed:  The Examiner and the Applicant's representatives discussed the prior art applied to the independent claims.  The Examiner agreed that Collins did not read on the claims as written.  The Applicant agreed to amend the last limitation of the independent claims to read "in response to detecting that the object is no longer on or near the touch screen display, translating the document in a second direction until the area beyond the edge of the document is no longer displayed."  The Examiner informed the Applicant that a further search would be conducted and that if more prior art is found, that the Examiner would contact the Attorney.

APLNDC00004047