# Exhibit 8-7

File    Edit    View    Tools    Window

1200

S & J BULLETIN.pdf

100

1 - 2

1 - 3

102

An early case that indicated the CAFC's new interpretation of means plus function claims was adjudicated in 1987 as a case involving portable calculators. Texas Instruments, Inc. v. U.S. International Trade Commission, 231 USPQ 833 (Fed. Cir. 1986) In the Texas Instruments case, the court affirmed an International Trade Commission (ITC) determination that the structure of certain accused devices were so different from the device disclosed in patent that they did not literally infringe a claim written in means plus function format, even though the accused device performed all of the functions required by the claim. It is important to note that the court was referring to literal infringement, not infringement under the doctrine of equivalents.

At first, many attorneys felt that the Texas Instruments case was an anomaly. However, in view of further CAFC decisions subsequent to 1987, it appears to have become the rule. For example, in Valmont Industries Inc. v. Reinke Manufacturing Co. Inc., 25 USPQ2d 1451, 1454 (Fed. Cir. 1993), the court stated that "a means ... either does not cover every means for performing the specified function." Rather, §112, "¶paragraph more like the reverse doctrine of equivalents than the doctrine of equivalents because it restricts the coverage of literal claim language." In another case, the court pointed out that "Section 112, ¶1(6 rules out the possibility that any and every means which performs the function specified in the claim literally satisfies that limitation." The Laitram Corp., v. Rexnord Inc., 19 USPQ2d 1347,1370 (Fed. Cir. 1991.) "For a means plus-function limitation to read on an accused device, the accused device must interpret as the means for performing the function disclosed in the specification or a structural equivalent of that means; plus it must perform the identical function." Johnston v. IVAC Corp., 12 USPQ2d 1382, 1387. (Fed. Cir. 1989). That is, if an accused device does not accomplish the function required of an element written in means plus function format, there can not be literal infringement.

While the courts have been narrowing the interpretation of means plus function claims in the infringement context, the PTO has traditionally taken a different view in determining patentability. Specifically, during prosecution, claims are always given their "broadest reasonable interpretation." The PTO has traditionally taken the position that the broadest reasonable

interpretation of an element written in means plus function format, is any possible means of accomplishing the recited function. This has been the PTO's position ever since the current patent laws were first effect in 1952. The source approval of this provision many years ago in the case In re Lundberg, 113 USPQ 530 CCPA 1970).

A few years ago, several panels of the CAFC ruled that the PTO must interpret claims during prosecution under § 112, ¶–6 in the same way that they are interpreted during litigation. In re Bond, 15 USPQ2d 1566 (1990). That is, the court held that during prosecution, means plus function claim (or element) must be interpreted to read on the structure(s) actually disclosed in the specification and structural equivalents thereof. However, the PTO refused to follow the court's ruling. In fact, the Commissioner of Patents and Trademarks issued an order indicating that the Examiners were not to follow the ruling of in re Bond. The PTO's reasoning was based on a CAFC rule that says that a normal (3- judge) panel cannot overrule an older decision, and that if two decisions conflict, the older decision will be treated as the law. In this case, the older decision was In re Lundberg, which supported the PTO's broad interpretation of elements written in means plus function during prosecution. The only way that an older CCPA or CAFC case can be overruled are either by the Supreme Court or by an en banc (9+ judge) decision of the CAFC.

In view of the disparity between the court's decision in In re Bond and the PTO's position, it was not surprising that in 1993 the CAFC decided to consider the question en banc in a pair of cases, In re Alappat and In re Donaldson. The Donaldson case was decided in February of 1994 In Donaldson, the CAFC held that even during prosecution, claims written in means plus function format must be interpreted as covering only the structure disclosed in the specification and structural equivalents thereof.

It is not yet clear how the Donaldson case will change prosecution practice. However, it is likely that the PTO will stick to its interpretation at the beginning of prosecution and require that the Applicant present arguments indicating that the art relied on is structurally not an equivalent of the means

(continued page 3)

98

96

Fig. 3e

2 of 2          47%

76

EP 0 701 220 A1

21



*Fig. 3f*

22

EP 0 701 220 A1

EP 0 701 220 A1



*Fig. 4*

APLNDC00004300



*Fig. 4a*

24

EP 0 701 220 A1



*Fig. 4b*

EP 0 701 220 A1



*Fig. 4c*

26

EP 0 701 220 A1

APLNDC00004303



*Fig. 4d*

27

EP 0 701 220 A1

means for..." would be interpreted more broadly than an analogous structural clause such as "a controller for...". In fact, as the law stands today, just the opposite would appear to be true.

By way of historical context, the United States patent laws provide that an invention may be claimed in terms of a means for providing a function. 35 USC §112 ¶6. If read literally, an element of a claim described as a means for performing a function would encompass any means for performing the required function. Over the years, there have been numerous court cases that suggested that means plus function language does indeed cover virtually any means for performing the function. However, most recently, the Court of Appeals for the Federal Circuit (CAFC) has emphasized that section 112, ¶6 is not intended to cover any conceivable means for performing the required function. Rather, such claims are limited by the embodiments disclosed in the specification. That is, claims written in means-plus-function format must be construed to cover the structure, material, or acts described in the specification and their structural equivalent

*(continued page 2)*

126

*134*

S & J BULLETIN.pdf

File   Edit   View   Tools   Window

1200

1 of 2          110%

28

*Fig. 4e*

P2

131

78

EP 0 701 220 A1



File   Edit   View   Tools   Window

12:00

S & J BULLETIN.pdf

An early case that indicated the CAFC's new interpretation of means-plus-function cases was adjudicated in 1987 in a case involving portable calculators. Texas Instruments, Inc. v.U.S. International Trade Commission, 231 USPQ 833 (Fed. Cir. 1986) In the Texas Instruments case, the court affirmed an International Trade Commission (ITC) determination that the structure of certain accused devices were so different from the devices disclosed in patent that they did not literally infringe a claim written in means plus function format, even though the accused devices performed all of the functions required by the claim. It is important to note that the court was referring to literal infringement, not infringement under the doctrine of equivalents.

118a      126      136

At first, many attorneys felt that the Texas Instruments case was an anomaly. However, in view of further CAFC decisions subsequent to 1987, it appears to have become the rule. For example, in Valmont Industries

2 of 2      121%

EP 0 701 220 A1



Fig. 5



Fig. 6

APLNDC00004306



*148*

START *154*

*158*
SET VISUAL INDICATOR TO BOTTOM OF WINDOW PLUS OFFSET

NO

END OF ARTICLE SECTION IN WINDOW? *156*

YES

*Fig. 7*

NEXT PORTION LESS THAN WINDOW HEIGHT? *160*

LAST SECTION IN ARTICLE? *168*

YES

CIRCULAR LINK? *170*

YES                    NO

*162* YES    NO *164*

SET POINTER TO BOTTOM OF SECTION MINUS WINDOW HEIGHT

SET POINTER TO TOP OF NEXT PORTION MINUS OFFSET

SET POINTER AND VISUAL INDICATOR TO TOP OF NEXT SECTION NOT VISIBLE IN WINDOW *174*

YES

ERROR *172*

END *166*

EP 0 701 220 A1

APLNDC00004307



*150*

BEGIN — *176*

BEGINNING OF ARTICLE SECTION IN WINDOW? — *178*

NO

PREVIOUS PORTION LESS THAN WINDOW HEIGHT? — *180*

YES

FIRST SECTION IN ARTICLE? — *190*

YES

CIRCULAR LINK? — *192*

YES — *182*
SET POINTER TO TOP OF ARTICLE SECTION

NO — *184*
SET POINTER TO POINTER MINUS WINDOW HEIGHT

NO
SET POINTER TO BOTTOM OF PREVIOUS SECTION NOT VISIBLE IN WINDOW MINUS WINDOW HEIGHT — *196*

YES
NO — *194*
ERROR

SET VISUAL INDICATOR TO POINTER — *186*

END — *188*

*Fig. 8*

EP 0 701 220 A1

31

APLNDC00004308

EP 0 701 220 A1

 European Patent Office

**EUROPEAN SEARCH REPORT**

Application Number

EP 95 30 5286

## DOCUMENTS CONSIDERED TO BE RELEVANT

| Category | Citation of document with indication, where appropriate, of relevant passages | Relevant to claim | CLASSIFICATION OF THE APPLICATION (Int.Cl.6) |
|---|---|---|---|
| A | COMPUTER GRAPHICS, vol. 28, no. 1, February 1994 pages 59-60, S. CUNNINGHAM  'Electronic Publishing with Adobe Acrobat' * page 59, left column, last paragraph - right column, paragraph 3 * * page 59, right column, paragraph 8 * --- | 1-47 | G06F17/21 |
| A | COMPUTER COMMUNICATIONS, vol. 13, no. 4, May 1990 LONDON, GB, pages 243-249, NAJAH NAFFAH  'Multimedia applications' * page 245, right column, line 45 - page 246, left column, line 35 * --- | 1-47 | |
| A | ELECTRONIC PUBLISHING: ORIGINATION, DISSEMINATION AND DESIGN, vol. 6, no. 4, December 1993 UK, pages 481-493, P. N. SMITH ET AL  'Journal publishing with Acrobat: the CAJUN project' * the whole document * --- | 1-47 | TECHNICAL FIELDS SEARCHED    (Int.Cl.6) G06F |
| A | THE COMPUTER JOURNAL, vol. 32, no. 6, December 1989 CAMBRIDGE, CAMBS., GB, pages 482-493, D. F. BRAILSFORD ET AL  'Electronic Publishing - a Journal and its Production' * the whole document * ----- | 1-47 | |

The present search report has been drawn up for all claims

| Place of search | Date of completion of the search | Examiner |
|---|---|---|
| BERLIN | 18 December 1995 | Abram, R |

CATEGORY OF CITED DOCUMENTS

X : particularly relevant if taken alone
Y : particularly relevant if combined with another document of the same category
A : technological background
O : non-written disclosure
P : intermediate document

T : theory or principle underlying the invention
E : earlier patent document, but published on, or after the filing date
D : document cited in the application
L : document cited for other reasons

& : member of the same patent family, corresponding document

EPO FORM 1503 03.82 (P04C01)

APLNDC00004309

# WO05052773

Publication Title:

No title available

Abstract:

Abstract not available for WO05052773 Data supplied from the esp@cenet database - Worldwide

------------
Courtesy of http://v3.espacenet.com

*This Patent PDF Generated by Patent Fetcher(R), a service of Stroke of Color, Inc.*

APLNDC00004310

**(12) INTERNATIONAL APPLICATION PUBLISHED UNDER THE PATENT COOPERATION TREATY (PCT)**

**(19) World Intellectual Property Organization**
International Bureau





**(43) International Publication Date**
9 June 2005 (09.06.2005)

**PCT**

**(10) International Publication Number**
**WO 2005/052773 A2**

| | |
|---|---|
| **(51) International Patent Classification⁷:** G06F 3/00 | **(74) Agent:** COHAUSZ & FLORACK **(24)**; Bleichstrasse 14, 40211 Düsseldorf (DE). |
| **(21) International Application Number:** PCT/IB2004/003929 | **(81) Designated States** *(unless otherwise indicated, for every kind of national protection available)*: AE, AG, AL, AM, AT, AU, AZ, BA, BB, BG, BR, BW, BY, BZ, CA, CH, CN, CO, CR, CU, CZ, DE, DK, DM, DZ, EC, EE, EG, ES, FI, GB, GD, GE, GH, GM, HR, HU, ID, IL, IN, IS, JP, KE, KG, KP, KR, KZ, LC, LK, LR, LS, LT, LU, LV, MA, MD, MG, MK, MN, MW, MX, MZ, NA, NI, NO, NZ, OM, PG, PH, PL, PT, RO, RU, SC, SD, SE, SG, SK, SL, SY, TJ, TM, TN, TR, TT, TZ, UA, UG, US, UZ, VC, VN, YU, ZA, ZM, ZW. |
| **(22) International Filing Date:** 24 November 2004 (24.11.2004) | |
| **(25) Filing Language:** English | |
| **(26) Publication Language:** English | |
| **(30) Priority Data:** 10/723,283    26 November 2003 (26.11.2003)   US | |
| **(71) Applicant** *(for all designated States except US)*: **NOKIA CORPORATION** [FI/FI]; Keilalahdentie 4, FIN-02150 Espoo (FI). | **(84) Designated States** *(unless otherwise indicated, for every kind of regional protection available)*: ARIPO (BW, GH, GM, KE, LS, MW, MZ, NA, SD, SL, SZ, TZ, UG, ZM, ZW), Eurasian (AM, AZ, BY, KG, KZ, MD, RU, TJ, TM), European (AT, BE, BG, CH, CY, CZ, DE, DK, EE, ES, FI, FR, GB, GR, HU, IE, IS, IT, LU, MC, NL, PL, PT, RO, SE, |
| **(72) Inventor; and** | |
| **(75) Inventor/Applicant** *(for US only)*: **FABRITIUS, Henna** [FI/FI]; Helenankatu 4 a 8, FIN-33100 Tampere (FI). | |

*[Continued on next page]*

**(54) Title:** CHANGING AN ORIENTATION OF A USER INTERFACE VIA A COURSE OF MOTION



**(57) Abstract:** The invention relates to a method for changing an orientation of a User Interface (UI), the method comprises the steps of detecting a course of motion that is performed on the UI, and changing the orientation of the UI with respect to a device in which the UI is integrated according to the detected course of motion. The course of motion that is performed on the UI may for instance be the dragging of an element across a touch-screen display or the drawing of a gesture on a touch-screen display. The invention further relates to a device, a mobile phone, a computer program and a computer program product.

WO 2005/052773 A2

**WO 2005/052773  A2**

SI, SK, TR), OAPI (BF, BJ, CF, CG, CI, CM, GA, GN, GQ, GW, ML, MR, NE, SN, TD, TG).

**Published:**
— *without international search report and to be republished upon receipt of that report*

*For two-letter codes and other abbreviations, refer to the "Guidance Notes on Codes and Abbreviations" appearing at the beginning of each regular issue of the PCT Gazette.*

APLNDC00004312

WO 2005/052773                                      PCT/IB2004/003929

## Changing an Orientation of a User Interface
## Via a Course of Motion

5    Field of the invention

The invention relates to a method for changing an
orientation of a user interface.


10   Background of the invention

The ongoing miniaturization of hand-held multi-media
devices such as Personal Digital Assistants (PDAs) or
mobile phones in recent years appears to be only bounded
by the perceptual limits of the human user. This
15   particularly applies to the design of the User Interfaces
(UIs) of hand-held devices, such as for instance displays
or touch-screen displays, with a remarkable trend to
increase the relative area of the hand-held device that
is consumed by its UI. Portrayal of content on such UIs
20   can be further improved by allowing for a change of the
orientation of the UI with respect to the hand-held
device said UI is integrated in. Such a change of the
orientation of the UI may for instance take the shape of
a rotation of the UI with respect to the hand-held
25   device, so that said hand-held device can for instance be
used in both horizontal and vertical position.


When the orientation of a UI is changed, the logic that
controls the UI has to be adapted to the change of
30   orientation.


Fig. 1a exemplarily depicts a mobile phone 1 with a
rectangular UI 2 of size a x b. In the left figure of
Fig. 1a, an image is displayed on the UI 2, for instance
35   a snapshot taken by the user of a different mobile phone

1

APLNDC00004313

WO 2005/052773                                                PCT/IB2004/003929

and sent to the user of the mobile phone 1 via the
Multimedia Messaging Service (MMS). To view the snapshot
properly, either the user of mobile phone 1 would have to
rotate his mobile phone 1 by 90° clockwise, or the

5   orientation of the UI would have to be rotated by 90°
clockwise, as depicted in the right figure of Fig. 1a.
Such a rotation of the orientation of the UI can be
initiated by the user by pressing a key 3 on his mobile
phone 1 or by browsing through the menu of his mobile

10  phone 1 to find the menu option that allows for the
rotation of the UI orientation. Rotation of the
orientation of the UI 2 is performed in software, for
instance by the UI controller of the mobile phone 1.


15  Fig. 1b shows a second example of improved portrayal of
images on a UI 2 of a mobile phone 1 when rotating the
orientation of the UI 2. A typical landscape image is to
be viewed on the UI 2 of the mobile phone 1 as shown in
the left figure of Fig. 1b. Due to the limited width of

20  the UI 2, the landscape image is either re-sized to fit
the width b of the UI 2, as shown in the upper left
figure of Fig. 1b, or only a part of the entire image is
displayed on the UI 2 by fitting the height of the image
to the height of the display and inserting a scroll bar

25  4, so that the remaining parts on the right side of the
image can be explored by the user of the mobile phone 1
by scrolling (see the lower left figure of Fig. 1b).
Portrayal is improved by rotating the orientation of the
UI 2 by 90° clockwise, for instance by pressing a key 3

30  of the mobile phone 1, that switches between portrait
orientation (as on the left of Fig. 1b) and landscape
orientation (as on the right of Fig. 1b). The full-size

2

APLNDC00004314

WO 2005/052773                                          PCT/IB2004/003929

image then can be viewed under optimum exploitation of
the dimensions of the UI 2.

In prior art devices, the orientation of a UI can  be
5    changed by pressing a hard key of the device, for
instance a portrait/landscape key 3 as in the example of
Fig. 1b. However, due to the limited size of hand-held
devices, additional hard keys are generally difficult to
place on the device, and assigning an already existing
10   hard key additional functionality, for instance that the
hard key has to be pressed for a longer duration to call
the additional functionality, may distract the user of
the device.

15   In further prior art, the change of the orientation of
the UI is implemented as a menu option of a display menu.
The user of the device then has to browse the devices
menu and find the corresponding entry in order to change
the orientation of the UI, which is a time-consuming and
20   annoying task especially when the orientation of a UI has
to be frequently changed. Furthermore, the unskilled user
of the device may not be aware of the possibility to
change the orientation of the UI or may get lost in the
menu when searching for it.
25
A further prior art approach to cause the change of the
orientation of a UI uses motion sensors in the device to
determine if the device itself is rotated by a user. For
instance, in the example of Fig. 1b, when the user
30   rotates the mobile phone 1 with the image being displayed
according to the upper or lower left figure by 90°
clockwise, the rotation is sensed by the mobile phone 1,

3

APLNDC00004315

WO 2005/052773                                        PCT/IB2004/003929

and the orientation of the UI 2 is automatically switched
from portrait mode to landscape mode (see the right
figure of Fig. 1b), without any further user interaction
like pressing a hard key or similar. This approach,
5    however, deprives the user of his freedom to choose in
which orientation of the UI 2 he prefers to watch an
image. Furthermore, this method may become unstable in a
mobile environment where the mobile phone 1 is subject to
frequent relocation and shocks.

10

Summary of the invention

It is proposed that a method for changing an orientation
of a UI comprises detecting a course of motion that is
performed on said UI, and changing said orientation of
15    said UI with respect to the device said UI is integrated
in according to said detected course of motion.

Said UI may for instance be a display or touch-screen
display of a hand-held device. The orientation of said UI
20    with respect to said device can be changed, for instance
by rotating the UI with respect to said device. If said
UI is a touch-screen display, then the complete display
and input control logic is rotated. The method according
to the present invention then allows a user of said
25    device to use said device for instance in vertical and
horizontal mode for both viewing content and for
operating the touch-screen display. Said course of motion
may be performed on said UI by a user of said device the
UI is integrated in. Said course of motion is detected,
30    and said orientation of said UI is changed according to
said detected course of motion. For instance, if said
course of motion is a part of a circle that is drawn on a

4

APLNDC00004316

WO 2005/052773                                    PCT/IB2004/003929

touch-screen display with a stylus, the length of the
circle may be indicative of the angle by which the UI
orientation is to be changed. For instance, a half circle
may initiate the rotation of the UI orientation by 180°,
5    so that content is displayed upside-down on said UI.

According to a method of the present invention, said
course of motion is performed on said UI via a UI
interaction device. The user of the device into which
10   said UI is integrated may require such a UI interaction
device to perform the course of motion on said UI.

According to a method of the present invention, said UI
is a touch-screen display and  said UI interaction device
15   is a touching device, in particular a stylus. Said
touching device may equally well be the finger tip of a
user. In addition to its text, image and/or video
presentation capabilities, said touch-screen display may
be capable of detecting courses of motion that are drawn
20   or written on said display as if the display was a sheet
of paper, and may be of resistive, capacitive or surface
wave type. Said courses of motion may for instance be
lines, characters, symbols, or a simple selection of
designated areas of said touch-screen-display.

25

According to a method of the present invention, said UI
interaction device is a device that controls the movement
of an element on said UI, in particular a track-ball or a
joystick. Said element being displayed on said UI may for
30   instance be an arrow or a dot that is used for drawing or
handwriting.

5

APLNDC00004317

WO 2005/052773                                    PCT/IB2004/003929

According to a method of the present invention, said
course of motion is performed on said UI by dragging an
element that is displayed on said UI. Said element may
5    for instance be a small box in the right upper corner of
the UI. Dragging is performed when a stylus is placed on
said box to grab the box, and then is moved across the UI
in order to initiate a change of the orientation of the
UI. For instance, dragging the box to the right lower
10   corner may cause a change of the orientation of the UI by
90° clockwise, dragging the box to the left upper corner
may cause a change of the orientation of the UI by 90°
counter-clockwise, and  dragging the box to the left
lower corner may cause a change of the orientation of the
15   UI by 180°. Said element that is displayed on said UI may
be a soft button that is already provided on said UI for
other purposes, and is assigned additional functionality,
i.e. to initiate the change of the orientation of said
UI, only when being dragged across the UI.

20

According to a method of the present invention, said
element is located near the edge of the UI. Said element
then does not unnecessarily cover the center part of the
displayed content.

25

According to a method of the present invention, said
course of motion is performed on said UI by drawing a
gesture on said UI. Gestures may for instance be
handwritten characters or symbols that are recognized
30   when being written on a touch-screen display or drawn on
a UI by the aid of a joystick or track-ball. For each
possible change of the orientation of the UI, one
specific gesture may be defined. Alternatively, one

6

APLNDC00004318

gesture, such as a circle, may be defined for the change
of the orientation of the UI.

According to a method of the present invention, said
5    gesture is a circle or a part thereof. The degree of
completeness of the circle and/or the direction of
rotation of the circle may indicate by which angle the
orientation of the UI is to be rotated. For instance, a
quarter circle being drawn counter-clockwise may indicate
10   that the orientation of the UI shall be rotated by 90°
counter-clockwise.

According to a method of the present invention, said
detected course of motion is visualized on said UI. The
15   course of motion is then not only detected, but actively
displayed on the UI, so that the user that performs the
course of motion can control its accomplishment.

According to a method of the present invention, said
20   orientation of said UI is changed by 90°, 180° or 270°
with respect to the device said UI is integrated in.
However, depending on the shape of the UI, smaller angle
steps may be advantageous. For instance, in a circular
UI, rotation steps of 1° or less may be preferred.
25

According to a method of the present invention, images
that are displayed on said UI are transformed and/or re-
scaled according to said changed orientation. Changing
the orientation of a non-square UI may require
30   transformation (for instance stretching/compressing to
adapt both the height and width of an image to the height
and width of the rotated UI) and/or re-scaling (to fit

7

APLNDC00004319

WO 2005/052773                                    PCT/IB2004/003929

either the height of an image to the height of the
rotated UI or the width of an image to the width of the
rotated UI) of the images in order to optimally fit the
dimensions of the rotated UI.

5

According to a method of the present invention, said UI
is integrated in a hand-held device, in particular a
mobile phone or a Personal Digital Assistant (PDA).
However, the present invention may equally well be
10  applied to television sets or computer monitors.

It is proposed that a computer program comprises
instructions operable to cause a processor to perform the
above-mentioned method steps. Said computer program may
15  be executed by a central processing unit of a hand-held
device such as a mobile phone or a PDA.

It is proposed that a computer program product comprises
a computer program with instructions operable to cause a
20  processor to perform the above mentioned method steps.

It is proposed that a device for changing an orientation
of a UI comprises means for detecting a course of motion
that is performed on said display, and means for changing
25  said orientation of said UI with respect to a device said
UI is integrated in according to said detected course of
motion. Said device for changing an orientation of a UI
and said device in which said UI is integrated may be the
same device, or may be devices in the same device, as for
30  instance a hand-held device.

8

APLNDC00004320

WO 2005/052773                                          PCT/IB2004/003929

According to a device of the present invention, said
device for changing an orientation of a UI is integrated
in a hand-held device, in particular a mobile phone or a
5    Personal Digital Assistant (PDA).

It is proposed that a mobile phone comprises at least one
UI, means for detecting a course of motion that is
performed on said UI, and means for changing an
10   orientation of said UI with respect to said mobile phone
according to said detected course of motion. Said mobile
phone may for instance comprise one large UI, for
instance a display or a touch-screen display, for
multimedia applications and one smaller UI for displaying
15   telephone numbers, incoming messages and the like. Said
UIs may for instance be located on opposite sides of the
mobile phone. The orientation of said at least one UI
with respect to said mobile phone can be changed, for
instance by rotating said UI with respect to said mobile
20   phone.

According to a mobile phone of the present invention, the
mobile phone further comprises a UI interaction device,
via which said course of motion is performed on said at
25   least one UI.

According to a mobile phone of the present invention,
said at least one UI is a touch-screen display and said
display interaction device is a touching device, in
30   particular a stylus.

According to a mobile phone of the present invention,
said UI interaction device is a device that controls the

9

APLNDC00004321

movement of an element on said at least one UI, in
particular a track-ball or a joystick.

5   According to a mobile phone of the present invention,
said course of motion is performed on said at least one
UI by dragging an element that is displayed on said at
least one UI.

10   According to a mobile phone of the present invention,
said course of motion is performed on said at least one
UI by drawing a gesture on said at least one UI.

According to a mobile phone of the present invention,
said mobile phone further comprises means for visualizing
15   said detected course of motion on said at least one UI.

According to a mobile phone of the present invention,
said orientation of said at least one UI is changed by
90°, 180° or 270° with respect to said mobile phone.

20

According to a  mobile phone of the present invention,
the mobile phone further  comprises means for
transforming and/or re-scaling  images that are displayed
on said at least one UI  according to said changed
25   orientation.

These and other aspects of the invention will be apparent
from and elucidated with reference to the embodiments
described hereinafter.

30

10

<u>Brief description of the figures</u>

In the figures is shown:

Fig. 1a:        a first example of a change of the
5               orientation of a UI according to the
                prior art;

Fig. 1b:        a second example of a change of the
                orientation of a UI according to
10              the prior art;

Fig. 2a:        a first embodiment of a mobile phone
                according to the present invention,
                wherein
15              a change of the orientation of a UI by
                180° is initiated by dragging;

Fig. 2b:        a first embodiment of a mobile phone
                according to the present invention,
20              wherein
                a change of the orientation of a UI by
                90° is initiated by dragging;

Fig. 3a:        a second embodiment of a mobile phone
25              according to the present invention,
                wherein
                a change of the orientation of a UI by
                180° is initiated by drawing a gesture;

30   Fig. 3b:   a second embodiment of a mobile phone
                according to the present invention,
                wherein

APLNDC00004323

a change of the orientation of a UI by
90° is initiated by drawing a gesture;

Fig. 4:        a flow chart of the method according to
5    the
               present invention; and

Fig. 5:        a device according to the present
               invention.
10

Detailed description of the invention

Fig. 2a depicts a first embodiment of a mobile phone 1
according to the present invention. On the UI 2 of the
mobile phone 1 on the left of Fig. 2a, which is
15   exemplarily assumed to be a touch-screen display, an
image is shown upside-down. Furthermore, according to the
present invention, a dragging element 5 is shown in the
right upper corner of the touch-screen display 2. The
center figure of Fig. 2a schematically depicts how a user
20   of the mobile phone 1 selects the dragging element 5, for
instance by tipping it with a stylus, and drags it to the
left lower corner of the display, as indicated by arrow
6. The mobile phone detects this course of motion 6 on
its display and changes the orientation of the display by
25   180° degrees, as shown in the right figure of Fig. 2a, so
that the image now can be viewed properly.

In Fig. 2b, the touch-screen display 2 of the mobile
phone 1 is rotated by 90° clockwise by a user by dragging
30   the dragging element 5 from the right upper corner to the
right lower corner of the display, as indicated by the
arrow 7. Whereas in the left figure of Fig. 2b, the image

12

WO 2005/052773                                    PCT/IB2004/003929

can not be properly viewed on the display, in the right
figure of Fig. 2b, the orientation of the touch-screen
display 2 has been changed in a way that the image now
can be properly viewed.

5

In Fig. 3a, text is rendered by a touch-screen display 2
of a mobile phone 1, wherein said text is upside-down
(see left figure). By drawing a gesture 8 on the touch-
screen display 2 of the mobile phone 1, a user can change

10   the orientation of the touch-screen display 2 by 180°
degrees. In the example in the center figure of Fig. 3a,
this gesture is a complete circle 8 drawn counter-
clockwise. As can be seen from the right figure of Fig.
3a, after the change of the orientation of the display 2,

15   the text is in correct position and can be properly read.

Quite similarly, in Fig. 3b, text that is rotated by 90°
counter-clockwise (left figure) can be read properly
(right figure) by changing the orientation of the display

20   2 by 90° clockwise, wherein a half circle 9 drawn
clockwise is used as a gesture (center figure).

It is apparent that the present invention allows for a
convenient way of changing the orientation of a UI that

25   does not require additional hard keys on the device and
that does not require to browse a menu to trigger the
change of the orientation. In contrast, the input
capabilities that are naturally offered by a touch-screen
display or by a display on which characters or curves can

30   be drawn by using a joystick, a mouse, or a track-ball,
are used. With the dragging method, at least three
rotation directions can be intuitively defined, when the

APLNDC00004325

WO 2005/052773                                    PCT/IB2004/003929

dragging element is located in a corner of the UI. When
the dragging element is located in the center of the UI,
for instance being transparent to a certain degree in
order not to cover too much of the actual content, more
5    rotation directions may be defined. With the gesture-
based method, an even more robust way of initiating the
change of orientation of a UI is presented, which is in
particular advantageous in mobile environments, because a
simple gesture such as a circle (or approximation
10   thereof) can always be easily and precisely drawn.

Fig. 4 depicts a flowchart of the method according to the
present invention. In a first step 40, the UI is turned
on, or the dragging-based or gesture-based change of
15   orientation of the UI is activated, for instance by menu
selection of the user. It is then continuously checked in
a step 41 whether a course of motion is performed on the
UI, either by dragging or drawing a gesture on a touch-
screen display or by writing or drawing characters with a
20   display interaction means such as a joystick or track-
ball. In a step 42, the orientation of the UI is then
changed according to the detected course of motion. The
steps 41 and 42 are continuously repeated to allow for
multiple rotations of the orientation of a UI for the
25   same displayed content or for a sequence of different
content, until the UI is turned off or until the
dragging-based or gesture-based change of orientation of
the UI is deactivated in a step 43.

30   Fig. 5 depicts a device according to the present
invention. The device comprises a UI 53. Image data 50 is
processed by a Central Processing Unit (CPU) 51, which

14

APLNDC00004326

WO 2005/052773                                                    PCT/IB2004/003929

may for instance be the CPU of a mobile phone. Processing
may comprise converting the format of image data 50 or
the like. The converted image data then is forwarded to a
UI controller 52, which drives the UI 53 according to the
5   converted image data that is output by the CPU. The UI is
connected to a course of motion detector 54, which
detects whether any course of motion is performed on the
UI 53 by a user of the mobile phone. The course of motion
detector 54 may process the output signals of a touch-
10   screen display 53, or may be capable of processing the
input of a display interaction device such as a joystick,
track-ball or the like. Detected course of motion then is
signaled to the CPU 51, which determines the angle by
which the orientation of the UI has to be changed, and
15   converts the image data 50 accordingly, so that the image
displayed on the UI 53 is rotated as indicated by the
user of the mobile phone in his performed course of
motion on the UI. Said conversion may further comprise
transformation of the dimensions of the image to fit both
20   the width and height of the rotated UI, or re-scaling of
the image to fit either the width or the height of the
rotated UI. Image data conversion may equally well be
performed by the UI controller 52 instead of the CPU 51.

25   The invention has been described above by means of
embodiments. It should be noted that there are
alternative ways and variations which are obvious to a
skilled person in the art and can be implemented without
deviating from the scope and spirit of the appended
30   claims. In particular, the invention is by no means
limited to application in mobile phones or PDAs, it can
also be used to change the orientation of a UI in

15

APLNDC00004327

television sets or computer monitors. Various different
kinds of visible and invisible dragging elements can be
imagined for the dragging-based methods, and various
kinds of segmented gestures representing different angles
5   of rotation and families of gestures, wherein each family
member defines one specific angle of rotation, may be
thought of. The dragging-based method and the gesture-
based method are well suited for joint application in the
same device.

APLNDC00004328

Claims

1. A method for changing an orientation of a User
   Interface (UI), comprising:
5  – detecting a course of motion that is performed on said
     UI, and
   – changing said orientation of said UI with respect to a
     device said UI is integrated in according to said
     detected course of motion.
10

2. The method according to claim 1, wherein said course
   of motion is performed on said UI via a UI interaction
   device.

15 3. The method according to claim 2, wherein said UI is a
   touch-screen display and wherein said UI interaction
   device is a touching device.

4. The method according to claim 2, wherein said UI
20   interaction device is a device that controls the
   movement of an element on said UI.

5. The method according to claim 1, wherein said course
   of motion is performed on said UI by dragging an
25   element that is displayed on said UI.

6. The method according to claim 5, wherein said element
   is located near an edge of the UI.

30 7. The method according to claim 1, wherein said course
   of motion is performed on said UI by drawing a gesture
   on said UI.

17

8. The method according to claim 7, wherein said gesture
   is a circle of a part thereof.

9. The method according to claim 1, wherein said detected
5  course of motion is visualized on said UI.

10. The method according to claim 1, wherein said
    orientation of said UI is changed by 90°, 180° or 270°
    with respect to the device said UI is integrated in.
10

11. The method according to claim 1, wherein images that
    are displayed on said UI are transformed and/or re-
    scaled according to said changed orientation.

15 12. The method according to claim 1, wherein said UI is
    integrated in a hand-held device, in particular a
    mobile phone or a Personal Digital Assistant (PDA).

13. A computer program stored on a data processing
20  readable medium, the computer program with instructions
    operable to cause a processor to perform the method
    steps of claim 1.

14. A computer program product stored on a data
25  processing readable medium, the computer program
    comprising a computer program with instructions
    operable to cause a processor to perform the method
    steps of claim 1.

30 15. A device for changing an orientation of a UI,
    comprising:

18

APLNDC00004330

&mdash; means for detecting a course of motion that is
performed on said UI, and

&mdash; means for changing said orientation of said UI with

5  respect to a device said UI is integrated in according
to said detected course of motion.

16. The device according to claim 15, wherein said device
for changing an orientation of said UI is integrated in

10  a hand-held device, in particular a mobile phone or a
Personal Digital Assistant (PDA).

17. A mobile phone, comprising:

&mdash; at least one UI,

15 &mdash; means for detecting a course of motion that is
performed on said UI, and

&mdash; means for changing an orientation of said UI with
respect to said mobile phone according to said detected
course of motion.

20

18. The mobile phone according to claim 17, further
comprising a UI interaction device, via which said
course of motion is performed on said at least one UI.

25 19. The mobile phone according to claim 18, wherein said
at least one UI is a touch-screen display and wherein
said UI interaction device is a touching device.

20. The mobile phone according to claim 18, wherein said

30  UI interaction device is a device that controls the
movement of an element on said at least one UI.

19

WO 2005/052773                                                    PCT/IB2004/003929

21. The mobile phone according to claim 17, wherein said
    course of motion is performed on said at least one UI
    by dragging an element that is displayed on said at
5   least one UI.

22. The mobile phone according to claim 17, wherein said
    course of motion is performed on said at least one UI
    by drawing a gesture on said at least one UI.
10
23. The mobile phone according to claim 17, further
    comprising means for visualizing said detected course
    of motion on said at least one UI.

15  24. The mobile phone according to claim 17, wherein said
    orientation of said at least one UI is changed by 90°,
    180° or 270° with respect to said mobile phone.

25. The mobile phone according to claim 17, further
20  comprising means for transforming and/or re-scaling
    images that are displayed on said at least one UI
    according to said changed orientation.

20

APLNDC00004332

WO 2005/052773                                                    PCT/IB2004/003929

1/4



Fig.1a   Prior Art





Fig.1b   Prior Art

APLNDC00004333

WO 2005/052773                                                                PCT/IB2004/003929

2/4



Fig.2a



Fig.2b

APLNDC00004334

WO 2005/052773                                      PCT/IB2004/003929

3/4



Fig.3a



Fig.3b

APLNDC00004335

WO 2005/052773                                   PCT/IB2004/003929

4/4



Fig.4



Fig.5

APLNDC00004336

63266-5054-WO
GSW



# PATENT COOPERATION TREATY

From the INTERNATIONAL SEARCHING AUTHORITY

## PCT

To:
MORGAN LEWIS & BOCKIUS LLP
Attn. Williams, Gary S.
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
ETATS-UNIS D'AMERIQUE

**NOTIFICATION OF TRANSMITTAL OF
THE INTERNATIONAL SEARCH REPORT AND
THE WRITTEN OPINION OF THE INTERNATIONAL
SEARCHING AUTHORITY, OR THE DECLARATION**

(PCT Rule 44.1)

| Date of mailing *(day/month/year)* | 19/09/2008 |
|---|---|

| Applicant's or agent's file reference | **FOR FURTHER ACTION** See paragraphs 1 and 4 below |
|---|---|
| 63266-5054WO | |

| International application No. | International filing date *(day/month/year)* | 04/01/2008 |
|---|---|---|
| PCT/US2008/050292 | | |

| Applicant | |
|---|---|
| APPLE INC. | |

1. [x] The applicant is hereby notified that the international search report and the written opinion of the International Searching Authority have been established and are transmitted herewith.

   **Filing of amendments and statement under Article 19:**
   The applicant is entitled, if he so wishes, to amend the claims of the International Application (see Rule 46):
   **When?** The time limit for filing such amendments is normally two months from the date of transmittal of the International Search Report.
   **Where?** Directly to the International Bureau of WIPO, 34 chemin des Colombettes 1211 Geneva 20, Switzerland, Facsimile No.: (41–22) 338.82.70
   **For more detailed instructions,** see the notes on the accompanying sheet.

2. [ ] The applicant is hereby notified that no international search report will be established and that the declaration under Article 17(2)(a) to that effect and the written opinion of the International Searching Authority are transmitted herewith.

3. [ ] **With regard to the protest** against payment of (an) additional fee(s) under Rule 40.2, the applicant is notified that:

   [ ] the protest together with the decision thereon has been transmitted to the International Bureau together with the applicant's request to forward the texts of both the protest and the decision thereon to the designated Offices.

   [ ] no decision has been made yet on the protest; the applicant will be notified as soon as a decision is made.

4. **Reminders**

   Shortly after the expiration of **18 months** from the priority date, the international application will be published by the International Bureau. If the applicant wishes to avoid or postpone publication, a notice of withdrawal of the international application, or of the priority claim, must reach the International Bureau as provided in Rules 90bis.1 and 90bis.3, respectively, before the completion of the technical preparations for international publication.

   The applicant may submit comments on an informal basis on the written opinion of the International Searching Authority to the International Bureau. The International Bureau will send a copy of such comments to all designated Offices unless an international preliminary examination report has been or is to be established. These comments would also be made available to the public but not before the expiration of 30 months from the priority date.

   Within **19 months** from the priority date, but only in respect of some designated Offices, a demand for international preliminary examination must be filed if the applicant wishes to postpone the entry into the national phase **until 30 months** from the priority date (in some Offices even later); otherwise, the applicant must, **within 20 months** from the priority date, perform the prescribed acts for entry into the national phase before those designated Offices.

   In respect of other designated Offices, the time limit of **30 months** (or later) will apply even if no demand is filed within 19 months.

   See the Annex to Form PCT/IB/301 and, for details about the applicable time limits, Office by Office, see the *PCT Applicant's Guide*, Volume II, National Chapters and the WIPO Internet site.

| Name and mailing address of the International Searching Authority | Authorized officer | RECEIVED DOCKETING |
|---|---|---|
| European Patent Office, P.B. 5818 Patentlaan 2 NL–2280 HV Rijswijk Tel. (+31–70) 340–2040, Tx. 31 651 epo nl, Fax: (+31–70) 340–3016 | Stylianos Vasilakis | SEP 2 6 2008 MORGAN LEWIS |

APLNDC00004337

## NOTES TO FORM PCT/ISA/220

These Notes are intended to give the basic instructions concerning the filing of amendments under article 19. The Notes are based on the requirements of the Patent Cooperation Treaty, the Regulations and the Administrative Instructions under that Treaty. In case of discrepancy between these Notes and those requirements, the latter are applicable. For more detailed information, see also the *PCT Applicant's Guide*, a publication of WIPO.

In these Notes, "Article", "Rule", and "Section" refer to the provisions of the PCT, the PCT Regulations and the PCT Administrative Instructions, respectively.

## INSTRUCTIONS CONCERNING AMENDMENTS UNDER ARTICLE 19

The applicant has, after having received the international search report and the written opinion of the International Searching Authority, one opportunity to amend the claims of the international application. It should however be emphasized that, since all parts of the international application (claims, description and drawings) may be amended during the international preliminary examination procedure, there is usually no need to file amendments of the claims under Article 19 except where, e.g. the applicant wants the latter to be published for the purposes of provisional protection or has another reason for amending the claims before international publication. Furthermore, it should be emphasized that provisional protection is available in some States only (see *PCT Applicant's Guide*, Volume I/A, Annexes B1 and B2).

The attention of the applicant is drawn to the fact that amendments to the claims under Article 19 are not allowed where the International Searching Authority has declared, under Article 17(2), that no international search report would be established (see *PCT Applicant's Guide*, Volume I/A, paragraph 296).

**What parts of the international application may be amended?**

Under Article 19, only the claims may be amended.

During the international phase, the claims may also be amended (or further amended) under Article 34 before the International Preliminary Examining Authority. The description and drawings may only be amended under Article 34 before the International Examining Authority.

Upon entry into the national phase, all parts of the international application may be amended under Article 28 or, where applicable, Article 41.

**When?**
Within 2 months from the date of transmittal of the international search report or 16 months from the priority date, whichever time limit expires later. It should be noted, however, that the amendments will be considered as having been received on time if they are received by the International Bureau after the expiration of the applicable time limit but before the completion of the technical preparations for international publication (Rule 46.1).

**Where not to file the amendments?**

The amendments may only be filed with the International Bureau and not with the receiving Office or the International Searching Authority (Rule 46.2).

Where a demand for international preliminary examination has been/is filed, see below.

**How?**
Either by cancelling one or more entire claims, by adding one or more new claims or by amending the text of one or more of the claims as filed.

A replacement sheet must be submitted for each sheet of the claims which, on account of an amendment or amendments, differs from the sheet originally filed.

All the claims appearing on a replacement sheet must be numbered in Arabic numerals. Where a claim is cancelled, no renumbering of the other claims is required. In all cases where claims are renumbered, they must be renumbered consecutively (Section 205(b)).

**The amendments must be made in the language in which the international application is to be published.**

**What documents must/may accompany the amendments?**

**Letter (Section 205(b)):**

The amendments must be submitted with a letter.

The letter will not be published with the international application and the amended claims. It should not be confused with the "Statement under Article 19(1)" (see below, under "Statement under Article 19(1)").

**The letter must be in English or French, at the choice of the applicant. However, if the language of the international application is English, the letter must be in English; if the language of the international application is French, the letter must be in French.**

# PATENT COOPERATION TREATY

# PCT

## INTERNATIONAL SEARCH REPORT

(PCT Article 18 and Rules 43 and 44)

| Applicant's or agent's file reference | **FOR FURTHER ACTION** | see Form PCT/ISA/220 as well as, where applicable, Item 5 below. |
|---|---|---|
| 63266-5054WO | | |
| International application No. | International filing date *(day/month/year)* | (Earliest) Priority Date *(day/month/year)* |
| PCT/US2008/050292 | 04/01/2008 | 07/01/2007 |
| Applicant | | |
| APPLE INC. | | |

This international search report has been prepared by this International Searching Authority and is transmitted to the applicant according to Article 18. A copy is being transmitted to the International Bureau.

This international search report consists of a total of _____7_____ sheets.

[X]  It is also accompanied by a copy of each prior art document cited in this report.

1. **Basis of the report**
   a. With regard to the **language**, the international search was carried out on the basis of:
      [X]  the international application in the language in which it was filed
      [ ]  a translation of the international application into _____, which is the language of a translation furnished for the purposes of international search (Rules 12.3(a) and 23.1(b))
   b. [ ]  This international search report has been established taking into account the **rectification of an obvious mistake** authorized by or notified to this Authority under Rule 91 (Rule 43.6*bis*(a)).
   c. [ ]  With regard to any **nucleotide and/or amino acid sequence** disclosed in the international application, see Box No. I.

2. [ ]  **Certain claims were found unsearchable** (See Box No. II)

3. [X]  **Unity of invention is lacking** (see Box No III)

4. With regard to the **title**,
      [ ]  the text is approved as submitted by the applicant
      [X]  the text has been established by this Authority to read as follows:
      LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING AND ROTATION ON A TOUCH-SCREEN DISPLAY

5. With regard to the **abstract**,
      [ ]  the text is approved as submitted by the applicant
      [X]  the text has been established, according to Rule 38.2(b), by this Authority as it appears in Box No. IV. The applicant may, within one month from the date of mailing of this international search report, submit comments to this Authority

6. With regard to the **drawings**,
   a.  the figure of the **drawings** to be published with the abstract is Figure No. __8C__
      [ ]  as suggested by the applicant
      [ ]  as selected by this Authority, because the applicant failed to suggest a figure
      [X]  as selected by this Authority, because this figure better characterizes the invention
   b. [ ]  none of the figures is to be published with the abstract

APLNDC00004339

**INTERNATIONAL SEARCH REPORT**

| International application No. |
|---|
| PCT/US2008/050292 |

| Box No. IV    Text of the abstract (Continuation of item 5 of the first sheet) |
|---|

In accordance with some embodiments, a computer-implemented method for use in conjunction with a device (100) with a touch screen display (112) is disclosed. In the method, a movement (3925) of an object on or near the touch screen display (112) is detected. In response to detecting the movement (3925), an electronic document (3912) displayed on the touch screen display (112) is translated in a first direction (3928-2). If an edge of the electronic document (3912) is reached while translating the electronic document (3912) in the first direction (3928-2) while the object is still detected on or near the touch screen display (112), an area (3930) beyond the edge of the document (3912) is displayed. After the object is no longer detected on or near the touch screen display (112), the document (3912) is translated in a second direction (3928-1) until the area (3930) beyond the edge of the document is no longer displayed.

APLNDC00004340

## INTERNATIONAL SEARCH REPORT

| International application No |
|---|
| PCT/US2008/050292 |

**A. CLASSIFICATION OF SUBJECT MATTER**
INV.   G06F3/048   H04M1/725

According to International Patent Classification (IPC) or to both national classification and IPC

**B. FIELDS SEARCHED**

Minimum documentation searched (classification system followed by classification symbols)
G06F   H04M

Documentation searched other than minimum documentation to the extent that such documents are included in the fields searched

Electronic data base consulted during the international search (name of data base and, where practical, search terms used)

EPO-Internal

**C. DOCUMENTS CONSIDERED TO BE RELEVANT**

| Category* | Citation of document, with indication, where appropriate, of the relevant passages | Relevant to claim No. |
|---|---|---|
| Y | US 2004/021676 A1 (CHEN HUNG-MING [TW] ET AL) 5 February 2004 (2004-02-05) the whole document | 1-22 |
| Y | WO 03/060622 A (KONINKL PHILIPS ELECTRONICS NV [NL]) 24 July 2003 (2003-07-24) the whole document | 23-42 |
| Y | TIDWELL ET AL: "Designing Interfaces" 20051101, 1 November 2005 (2005-11-01), XP002478404 Section "85. magnetism" | 1-42, 48-62 |

-/--

[X] Further documents are listed in the continuation of Box C.      [X] See patent family annex.

* Special categories of cited documents :

"A" document defining the general state of the art which is not considered to be of particular relevance

"E" earlier document but published on or after the international filing date

"L" document which may throw doubts on priority claim(s) or which is cited to establish the publication date of another citation or other special reason (as specified)

"O" document referring to an oral disclosure, use, exhibition or other means

"P" document published prior to the international filing date but later than the priority date claimed

"T" later document published after the international filing date or priority date and not in conflict with the application but cited to understand the principle or theory underlying the invention

"X" document of particular relevance; the claimed invention cannot be considered novel or cannot be considered to involve an inventive step when the document is taken alone

"Y" document of particular relevance; the claimed invention cannot be considered to involve an inventive step when the document is combined with one or more other such documents, such combination being obvious to a person skilled in the art.

"&" document member of the same patent family

| Date of the actual completion of the international search | Date of mailing of the international search report |
|---|---|
| 9 September 2008 | 19/09/2008 |

| Name and mailing address of the ISA/ | Authorized officer |
|---|---|
| European Patent Office, P.B. 5818 Patentlaan 2 NL - 2280 HV Rijswijk Tel. (+31-70) 340-2040, Tx. 31 651 epo nl, Fax: (+31-70) 340-3016 | Kanlis, Angelos |

3

APLNDC00004341

## INTERNATIONAL SEARCH REPORT

| International application No |
|---|
| PCT/US2008/050292 |

**C(Continuation).** DOCUMENTS CONSIDERED TO BE RELEVANT

| Category* | Citation of document, with indication, where appropriate, of the relevant passages | Relevant to claim No. |
|---|---|---|
| A | WO 2006/020305 A (APPLE COMPUTER [US]; HOTELLING STEVE [US]; STRICKON JOSHUA A [US]; HUP) 23 February 2006 (2006-02-23) page 24, line 1 – page 28, line 10 figures 10-15C | 1-42 |
| A | WO 02/01338 A (INTEL CORP [US]; MILLER ALYSON [US]; MERRILL CINDY [US]; LUNDELL JAMES) 3 January 2002 (2002-01-03) page 3, line 5 – page 4, line 12 figures 2-4 | 1-42 |
| Y | US 2006/025218 A1 (HOTTA TAKUJI [JP]) 2 February 2006 (2006-02-02) paragraphs [0050], [0058], [0083], [0091], [0109] – [0111], [0130] – [0132], [0140]; figures 1,4,10-12,14,20 | 43-47 |
| Y | US 2003/184525 A1 (TSAI ALEX [TW]) 2 October 2003 (2003-10-02) paragraphs [0020] – [0030]; figures 2A-3 | 43-47 |
| A | WO 2005/052773 A (NOKIA CORP [FI]; FABRITIUS HENNA [FI]) 9 June 2005 (2005-06-09) page 13, line 6 – page 15, line 23 figures 3a-5 | 43-47 |
| Y | US 2004/155888 A1 (PADGITT DAVID GARY [US] ET AL) 12 August 2004 (2004-08-12) paragraphs [0012], [0020] – [0024], [0026]; figures 1-12 | 48-73 |
| Y | EP 0 701 220 A (ADOBE SYSTEMS INC [US]) 13 March 1996 (1996-03-13) page 8, lines 3-26 figure 4c | 63-73 |
| A | WO 2006/003591 A (KONINKL PHILIPS ELECTRONICS NV [NL]; PHILIPS CORP [US]; HOLLEMANS GERA) 12 January 2006 (2006-01-12) page 4, line 31 – page 5, line 25 figures 2-4 | 63-73 |

3

APLNDC00004342

## INTERNATIONAL SEARCH REPORT

International application No.
PCT/US2008/050292

---

| Box No. II | Observations where certain claims were found unsearchable (Continuation of item 2 of first sheet) |

This international search report has not been established in respect of certain claims under Article 17(2)(a) for the following reasons:

1. ☐ Claims Nos.:
because they relate to subject matter not required to be searched by this Authority, namely:

2. ☐ Claims Nos.:
because they relate to parts of the international application that do not comply with the prescribed requirements to such an extent that no meaningful international search can be carried out, specifically:

3. ☐ Claims Nos.:
because they are dependent claims and are not drafted in accordance with the second and third sentences of Rule 6.4(a).

---

| Box No. III | Observations where unity of invention is lacking (Continuation of item 3 of first sheet) |

This International Searching Authority found multiple inventions in this international application, as follows:

    see additional sheet

1. ☒ As all required additional search fees were timely paid by the applicant, this international search report covers all searchable claims.

2. ☐ As all searchable claims could be searched without effort justifying an additional fees, this Authority did not invite payment of additional fees.

3. ☐ As only some of the required additional search fees were timely paid by the applicant, this international search report covers only those claims for which fees were paid, specifically claims Nos.:

4. ☐ No required additional search fees were timely paid by the applicant. Consequently, this international search report is restricted to the invention first mentioned in the claims; it is covered by claims Nos.:

**Remark on Protest**
☐ The additional search fees were accompanied by the applicant's protest and, where applicable, the payment of a protest fee.

☐ The additional search fees were accompanied by the applicant's protest but the applicable protest fee was not paid within the time limit specified in the invitation.

☒ No protest accompanied the payment of additional search fees.

**FURTHER INFORMATION CONTINUED FROM    PCT/ISA/ 210**

This International Searching Authority found multiple (groups of)
inventions in this international application, as follows:

    1. claims: 1-42

        Translating an electronic document or list of items in
        response to gestures on a touch screen display.
        ---

    2. claims: 43-47

        Executing rotation commands in response to a multifinger
        twisting gesture on a touch screen display.
        ---

    3. claims: 48-73

        Scaling of an electronic document in response to a gesture
        on a touch screen display.
        ---

APLNDC00004344

## INTERNATIONAL SEARCH REPORT
#### Information on patent family members

International application No

PCT/US2008/050292

| Patent document cited in search report | | Publication date | Patent family member(s) | | Publication date |
|---|---|---|---|---|---|
| US 2004021676 | A1 | 05-02-2004 | TW | 591488 B | 11-06-2004 |
| WO 03060622 | A | 24-07-2003 | AU | 2002367041 A1 | 30-07-2003 |
| | | | CN | 1695105 A | 09-11-2005 |
| | | | EP | 1459165 A2 | 22-09-2004 |
| | | | JP | 2005515530 T | 26-05-2005 |
| | | | US | 2003122787 A1 | 03-07-2003 |
| | | | US | 2004125088 A1 | 01-07-2004 |
| WO 2006020305 | A | 23-02-2006 | DE | 202005021427 U1 | 14-02-2008 |
| | | | DE | 202005021492 U1 | 08-05-2008 |
| | | | EP | 1774429 A2 | 18-04-2007 |
| | | | JP | 2008508601 T | 21-03-2008 |
| | | | KR | 20070039613 A | 12-04-2007 |
| WO 0201338 | A | 03-01-2002 | AU | 6830201 A | 08-01-2002 |
| | | | EP | 1295198 A1 | 26-03-2003 |
| | | | TW | 525080 B | 21-03-2003 |
| | | | US | 6912694 B1 | 28-06-2005 |
| US 2006025218 | A1 | 02-02-2006 | JP | 2006034754 A | 09-02-2006 |
| US 2003184525 | A1 | 02-10-2003 | NONE | | |
| WO 2005052773 | A | 09-06-2005 | CN | 1882905 A | 20-12-2006 |
| | | | EP | 1687701 A2 | 09-08-2006 |
| | | | KR | 20060091321 A | 18-08-2006 |
| | | | US | 2005114788 A1 | 26-05-2005 |
| US 2004155888 | A1 | 12-08-2004 | NONE | | |
| EP 0701220 | A | 13-03-1996 | CA | 2154951 A1 | 13-03-1996 |
| | | | DE | 69521575 D1 | 09-08-2001 |
| | | | DE | 69521575 T2 | 16-05-2002 |
| | | | JP | 3818683 B2 | 06-09-2006 |
| | | | JP | 8190547 A | 23-07-1996 |
| | | | US | 5634064 A | 27-05-1997 |
| WO 2006003591 | A | 12-01-2006 | EP | 1763732 A2 | 21-03-2007 |
| | | | JP | 2008505382 T | 21-02-2008 |
| | | | KR | 20070026659 A | 08-03-2007 |

# PATENT COOPERATION TREATY

| | |
|---|---|
| From the<br>INTERNATIONAL SEARCHING AUTHORITY | |
| To:<br><br>see form PCT/ISA/220 | **PCT**<br><br>WRITTEN OPINION OF THE<br>INTERNATIONAL SEARCHING AUTHORITY<br>(PCT Rule 43*bis*.1) |

| | |
|---|---|
| | Date of mailing<br>*(day/month/year)*   see form PCT/ISA/210 (second sheet) |
| Applicant's or agent's file reference<br>see form PCT/ISA/220 | **FOR FURTHER ACTION**<br>See paragraph 2 below |

| International application No.<br>PCT/US2008/050292 | International filing date *(day/month/year)*<br>04.01.2008 | Priority date *(day/month/year)*<br>07.01.2007 |
|---|---|---|

International Patent Classification (IPC) or both national classification and IPC
INV. G06F3/048 H04M1/725

Applicant
APPLE INC.

1. This opinion contains indications relating to the following items:

   ☒ Box No. I    Basis of the opinion

   ☐ Box No. II    Priority

   ☐ Box No. III    Non-establishment of opinion with regard to novelty, inventive step and industrial applicability

   ☒ Box No. IV    Lack of unity of invention

   ☒ Box No. V    Reasoned statement under Rule 43*bis*.1(a)(i) with regard to novelty, inventive step or industrial applicability; citations and explanations supporting such statement

   ☐ Box No. VI    Certain documents cited

   ☒ Box No. VII    Certain defects in the international application

   ☐ Box No. VIII    Certain observations on the international application

2. **FURTHER ACTION**

   If a demand for international preliminary examination is made, this opinion will usually be considered to be a written opinion of the International Preliminary Examining Authority ("IPEA") except that this does not apply where the applicant chooses an Authority other than this one to be the IPEA and the chosen IPEA has notified the International Bureau under Rule 66.1*bis*(b) that written opinions of this International Searching Authority will not be so considered.

   If this opinion is, as provided above, considered to be a written opinion of the IPEA, the applicant is invited to submit to the IPEA a written reply together, where appropriate, with amendments, before the expiration of 3 months from the date of mailing of Form PCT/ISA/220 or before the expiration of 22 months from the priority date, whichever expires later.

   For further options, see Form PCT/ISA/220.

3. For further details, see notes to Form PCT/ISA/220.

| Name and mailing address of the ISA:<br><br>European Patent Office<br>D-80298 Munich<br>Tel. +49 89 2399 - 0 Tx: 523656 epmu d<br>Fax: +49 89 2399 - 4465 | Date of completion of<br>this opinion<br><br>see form<br>PCT/ISA/210 | Authorized Officer<br><br>Kanlis, Angelos<br><br>Telephone No. +49 89 2399-6028 |
|---|---|---|

APLNDC00004346

| **WRITTEN OPINION OF THE**<br>**INTERNATIONAL SEARCHING AUTHORITY** | International application No.<br>PCT/US2008/050292 |
|---|---|

---

| **Box No. I    Basis of the opinion** |
|---|

1. With regard to the **language**, this opinion has been established on the basis of:

   ☒ the international application in the language in which it was filed

   ☐ a translation of the international application into  , which is the language of a translation furnished for the purposes of international search (Rules 12.3(a) and 23.1 (b)).

2. ☐  This opinion has been established taking into account the **rectification of an obvious mistake** authorized by or notified to this Authority under Rule 91 (Rule 43bis.1(a))

3. With regard to any **nucleotide and/or amino acid sequence** disclosed in the international application and necessary to the claimed invention, this opinion has been established on the basis of:

   a. type of material:

   ☐  a sequence listing

   ☐  table(s) related to the sequence listing

   b. format of material:

   ☐  on paper

   ☐  in electronic form

   c. time of filing/furnishing:

   ☐  contained in the international application as filed.

   ☐  filed together with the international application in electronic form.

   ☐  furnished subsequently to this Authority for the purposes of search.

4. ☐  In addition, in the case that more than one version or copy of a sequence listing and/or table relating thereto has been filed or furnished, the required statements that the information in the subsequent or additional copies is identical to that in the application as filed or does not go beyond the application as filed, as appropriate, were furnished.

5. Additional comments:

| WRITTEN OPINION OF THE INTERNATIONAL SEARCHING AUTHORITY | International application No. PCT/US2008/050292 |
|---|---|

---

**Box No. IV    Lack of unity of invention**

1. ☒    In response to the invitation (Form PCT/ISA/206) to pay additional fees, the applicant has, within the applicable time limit:

    ☒    paid additional fees

    ☐    paid additional fees under protest and, where applicable, the protest fee

    ☐    paid additional fees under protest but the applicable protest fee was not paid

    ☐    not paid additional fees

2. ☐    This Authority found that the requirement of unity of invention is not complied with and chose not to invite the applicant to pay additional fees.

3. This Authority considers that the requirement of unity of invention in accordance with Rule 13.1, 13.2 and 13.3 is

    ☐    complied with

    ☒    not complied with for the following reasons:
    **see separate sheet**

4. Consequently, this report has been established in respect of the following parts of the international application:

    ☒    all parts.

    ☐    the parts relating to claims Nos.

---

**Box No. V    Reasoned statement under Rule 43bis.1(a)(i) with regard to novelty, inventive step or industrial applicability; citations and explanations supporting such statement**

1. Statement

    | Novelty (N) | Yes: Claims | <u>1-73</u> |
    | | No: Claims | |

    | Inventive step (IS) | Yes: Claims | |
    | | No: Claims | <u>1-73</u> |

    | Industrial applicability (IA) | Yes: Claims | <u>1-73</u> |
    | | No: Claims | |

2. Citations and explanations
    **see separate sheet**

APLNDC00004348

| WRITTEN OPINION OF THE INTERNATIONAL SEARCHING AUTHORITY | International application No. PCT/US2008/050292 |

---

**Box No. VII    Certain defects in the international application**

The following defects in the form or contents of the international application have been noted:

**see separate sheet**

APLNDC00004349

**WRITTEN OPINION OF THE**  International application No.
**INTERNATIONAL SEARCHING**
**AUTHORITY (SEPARATE SHEET)**  PCT/US2008/050292

**Re Item IV.**

1.  The separate inventions/groups of inventions are:

**Claims 1-42**
Translating an electronic document or list of items in response to gestures on a touch screen display.

**Claims 43-47**
Executing rotation commands in response to a multifinger twisting gesture on a touch screen display.

**Claims 48-73**
Scaling of an electronic document in response to a gesture on a touch screen display.

They are not so linked as to form a single general inventive concept (Rule 13.1 PCT) for the following reasons:

The use of gestures on a touch screen display for translation, rotation and scaling is known, e.g., from document WO2006/020305 (see, e.g., figures 13A-13D, 15A-15C, 11A-11H respectively and the associated text of the description).

The remaining features (i.e., special technical features in the sense of Rule 13.2 PCT) of the independent claims, in particular claims 2, 43 and 63, relate to a) translating in a second direction for aligning a document's edge with an edge of a display region, b) executing a 90° or reverse rotation command, depending on the degree of rotation of the gesture and c) displaying a portion of an electronic document in a predefined magnification, i.e., they relate to different aspects, each peculiar to translation, rotation or scaling respectively.

In conclusion, the groups of claims are not linked by common or corresponding special technical features and define three different inventions not linked by a single general inventive concept.

APLNDC00004350

**WRITTEN OPINION OF THE**
**INTERNATIONAL SEARCHING**
**AUTHORITY (SEPARATE SHEET)**

International application No.

PCT/US2008/050292

The application, hence does not meet the requirements of unity of invention as defined in Rules 13.1 and 13.2 PCT.

**Re Item V.**

2.    Reference is made to the following documents:
   **D1:**   US 2004/021676 A1
   **D2:**   J. Tidwell: "Designing Interfaces"
   **D3:**   WO 03/060622 A
   **D4:**   US 2006/025218 A1
   **D5:**   US 2003/184525 A1
   **D6:**   US 2004/155888 A1
   **D7:**   EP-A-0 701 220

3.    INDEPENDENT CLAIM 2

   The present application does not meet the criteria of Article 33(1) PCT, because the subject matter of claim 2 does not involve an inventive step in the sense of Article 33(3)PCT.

   Document D1 discloses a computer-implemented method (see D1: figure 2), comprising:
   - at a device (see D1: reference sign 10) with a touch screen display (see D1: reference sign 11),
   - detecting a movement of an object (see D1: reference sign 121) on the touch screen display (see D1: step S202); and
   - in response to detecting the movement, translating an electronic document (see D1: paragraph [0021] and figure 3A) displayed on the touch screen display in a first direction (see D1: steps S204 and S207).

   Document D1 discloses that, when an edge of the document is reached (as can be understood from D1: paragraph [0024], "*When the view window page 31 moves along a scrolling direction requested by the user, the path... comprises a plurality of scrolling*

APLNDC00004351

**WRITTEN OPINION OF THE**
**INTERNATIONAL SEARCHING**
**AUTHORITY (SEPARATE SHEET)**

International application No.

PCT/US2008/050292

signals", paragraph [0026], "*If... the view window page 31 has been scrolled to the end (or the top)*" and step S208), translation of the document is stopped (see D1: paragraph [0026], "*the view window page 31 will not be scrolled further (the moveable distance is zero)*" and step S208), hence the edge of the document remains aligned with the edge of the view window.

The subject matter of claim 2 differs from the disclosure of document D1 in that the document is allowed to be translated beyond its edge, which is then aligned with the edge of the view window, when the finger movement is no longer detected.

It is not clear what technical problem is solved by these features. The application identifies the problem to be solved as implementing the translation in such a way as to reflect the user's intent (see paragraph [0005] of the description of the present application). However, it is clear from the wording of claim 2, that "the object is still detected on the touch screen display", even after "an edge of the electronic document being reached", that the user's intent is not to align the document's edge with that of the view window but to keep translating the electronic document beyond its edge; hence, the aforementioned features go against the user's intent.

Assuming that the objective is to maximize the document area displayed in the view window, this is achieved by the alignment of the document's edge with that of the view window, i.e., by the features disclosed in document D1, and the additional features of claim 2 identified above represent a visual effect that does not solve any technical problem; hence, they do not add anything of inventive significance to the subject matter of claim 2, since they are readily derived from the visual-design requirements, i.e., the specifications provided to the skilled person, without requiring the exercise of inventive skill.

On the other hand, if the technical objective is identified as enabling the user to align the edge of the document with that of the view window without the need to perform precise input operations on the touch screen, then the aforementioned features of claim 2 correspond to a well-known technique of user-interface design (see D2: section "85. Magnetism": "*Magnetism helps compensate for users' lack of perfect dexterity with a*

APLNDC00004352

**WRITTEN OPINION OF THE**                    International application No.
**INTERNATIONAL SEARCHING**
**AUTHORITY (SEPARATE SHEET)**                 PCT/US2008/050292

mouse"; "*When a user drags an object close to another object's edge, make it snap to the other object*", "*Objects that can be 'magnetic' might include... Canvas edges, margins, and screen edges*").

Since, depending on the definition of the objective, the additional features defined in claim 2 either do not serve to solve a technical problem (i.e., they are pure design options) or correspond to a known user-interface design technique, the subject matter of claim 2 does not involve an inventive step in the sense of Article 33(3) PCT.

4.     INDEPENDENT CLAIM 1

The present application does not meet the criteria of Article 33(1) PCT, because the subject matter of claim 1 does not involve an inventive step in the sense of Article 33(3)PCT.

The additional features defined in independent claim 1 are also known either from document D1 or from the general knowledge of the person skilled in the art of user-interface design. In particular, document D1 discloses a portable multifunction device (see D1: paragraph [0020], "*tablet PC*" and "*PDA*") and the use of a finger for interacting with the touch screen display (see D1: paragraph [0020], "*via a finger of a user*"), while providing a visually distinct area beyond the edge of the document is known from popular electronic-document viewers, such as Microsoft Word and Adobe Acrobat Reader. Finally, it is obvious that the translation in the second direction has to be in a direction opposite the first (in order to cancel the initial translation beyond the edge of the electronic document) and simulating a damped motion is a matter of visual-design nature that is part of the specification and not the solution of a technical problem.

As a consequence, the subject matter of independent claim 1 does not involve an inventive step in the sense of Article 33(3) PCT.

5.     INDEPENDENT CLAIMS 23, 24

The present application does not meet the criteria of Article 33(1) PCT, because the

APLNDC00004353

**WRITTEN OPINION OF THE**
**INTERNATIONAL SEARCHING**
**AUTHORITY (SEPARATE SHEET)**

International application No.

PCT/US2008/050292

subject matter of claims 23 and 24 does not involve an inventive step in the sense of Article 33(3)PCT.

The subject matter of independent claims 23 and 24 corresponds to that of claims 1 and 2, wherein the translated object is a list of items instead of an electronic document. Document D3 discloses scrolling a list of items in response to finger gestures on a touch screen (see D3: figure 1 and page 4, line 29-page 5, line 10), wherein scrolling is stopped when an end of the list of items is reached (see D3: page 2, lines 10-14).

As a consequence, the argumentation presented above in connection with the subject matter of claims 1 and 2 is also valid for the subject matter of claims 23 and 24, using document D3 in lieu of document D1.

6.     INDEPENDENT CLAIM 43

The present application does not meet the criteria of Article 33(1) PCT, because the subject matter of claim 43 does not involve an inventive step in the sense of Article 33(3)PCT.

Document D4 discloses a computer-implemented method (see, e.g. D4: figures 14 and 20), comprising:
- at a device (see D4: reference sign 10) with a touch screen display (see D4: reference sign 14 and figure 22, as well as paragraphs [0058] and [0140]),
- detecting a multifinger twisting gesture on or near the touch screen display (see D4: step S5), wherein the multifinger twisting gesture has a corresponding degree of rotation (see D4: figure 4 and paragraph [0083]);
- if the corresponding degree of rotation exceeds a predefined degree of rotation (see D4: paragraphs [0091], [0110], [0111], [0130], [0131], "$\theta_1$" or "$\theta_2$"), executing a special action (see D4: step S103 or S107, as well as paragraphs [0110], [0111], [0130], [0131], "*first special action*" or "*second special action*"); and
- if the corresponding degree of rotation is less than the predefined degree of rotation, executing a screen rotation command with an acute angle of rotation (see D4: step S109, as well as paragraph [0132]).

APLNDC00004354

**WRITTEN OPINION OF THE
INTERNATIONAL SEARCHING
AUTHORITY (SEPARATE SHEET)**

International application No.

PCT/US2008/050292

The subject matter of independent claim 43 differs from the disclosure of document D4 in that the special action is a 90° screen rotation command and that a screen rotation command with an angle of rotation opposite to the acute angle is executed upon ceasing to detect the multifinger twisting gesture while the corresponding degree of rotation is less than the predefined degree of rotation.

However, it is evident that the "special action" mentioned in document D4 will be dictated by the nature and requirements of the particular software application and being a "90° screen rotation command", as defined in claim 43, is an implementation detail that comes from the specifications provided to the skilled person and not from the solution of a technical problem. Furthermore, the reverse screen rotation does not serve to solve any technical problem either, certainly not the problem mentioned in paragraph [0005] of the description of the present application, since the user's intent is obviously not to return to the original orientation (see also section 3 above).

At this juncture, it should also be noted that the end result of the method of claim 43 is that rotation is performed either with a 90° angle or not at all, depending on whether the rotation angle exceeds a predefined threshold or not; in other words, only orientation changes at 90° intervals are allowed.

Document D5 discloses such a setup, wherein desired orientations have directions of 0°, 90°, 180° and 270° (see D5: paragraph [0022]) and the determined rotation angle (see D5: paragraphs [0022]-[0024] and step 34) may result only in a rotation towards one of the predefined orientations (see, e.g., D5: figures 2A-2C). It is obvious that, in a setup such as that of document D5, the method of document D4 will result in a 90° rotation or a restoration of the original orientation, i.e., rotation with an angle opposite to the acute angle, while the transition towards the final orientation (i.e., being a smooth transition or a jump) is a matter of design.

As a consequence, the subject matter of independent claim 43 does not involve an inventive step in the sense of Article 33(3) PCT.

7.   INDEPENDENT CLAIM 63

APLNDC00004355

**WRITTEN OPINION OF THE**
**INTERNATIONAL SEARCHING**
**AUTHORITY (SEPARATE SHEET)**

International application No.

PCT/US2008/050292

The present application does not meet the criteria of Article 33(1) PCT, because the subject matter of claim 63 does not involve an inventive step in the sense of Article 33(3)PCT.

Document D6 discloses a computer-implemented method of displaying an electronic document (see D6: paragraph [0020], "*jigsaw puzzle-like topographical map*"), comprising:
- at a device (see D6: reference sign 10) with a touch screen display (see D6, reference sign 12 and paragraph [0012], last sentence, "*touch screen*"),
- displaying a first portion of the electronic document at a first magnification (see D6: figure 2 and paragraph [0020]);
- detecting a gesture on or near the touch screen display corresponding to a command to zoom in by a user-specified amount (see D6: paragraph [0024], "*A zooming-in operation may also be performed by the consumer tapping, for example twice, within the display of images displayed on a touch screen display*"); and
- in response to detecting the gesture, displaying decreasing portions of the electronic document at increasing magnifications until a predefined magnification is reached (see D6: paragraph [0026], "*Zooming may continue in this manner until the "lowest" parameter is reached or a level is reached where the graphical details of the images are very discernable, i.e., the system reaches the maximum zoom-in level where even the labels provided to images including generic images are discernable*" and paragraph [0023], "*when the maximum zoom-in level is reached, the zoom-in button 32 may be grayed, faded, or the like to indicate that no further zooming-in is permitted*").

The subject matter of claim 63 differs from the disclosure of document D6 in that zooming in is allowed even after the predefined magnification is reached, whereas, upon termination of the gesture, the magnification of the displayed document reverts to the predefined magnification.

For the same reasons explained in section 3 above, it is not clear what technical problem these features solve. They certainly do not solve the problem identified in the present application (i.e., implementing the scaling in such a way as to reflect the user's intent; see paragraph [0005] of the description of the present application), since it is evident

APLNDC00004356

**WRITTEN OPINION OF THE**
**INTERNATIONAL SEARCHING**
**AUTHORITY (SEPARATE SHEET)**

International application No.

PCT/US2008/050292

from the wording of claim 63 that the user's intent is to keep zooming in even after the predefined magnification is reached.

If the objective is to display as much of the document as possible, while the document is still readable, this is achieved by setting the magnification to the maximum zoom-in level, i.e., the method of document D6 (see, e.g., D6: paragraph [0026], "*maximum zoom-in level where even the labels provided to images including generic images are discernable*") and the additional features of claim 63 identified above represent a visual effect that does not solve any technical problem; hence, they do not add anything of inventive significance to the subject matter of claim 63 and they are readily derived from the visual-design requirements, i.e., the specifications provided to the skilled person, without requiring the exercise of inventive skill.

Finally, it should also be noted that automatically setting the current zoom to a maximum amount of magnification at which reading is comfortable is also disclosed in document D7 (see D7: page 8, lines 10-26). Thus, even if no restriction were imposed on the magnification in document D6 (i.e., it were allowed to exceed the maximum zoom-in level), the skilled person would be aware of the benefits provided by the automatic adjustment of the magnification to the maximum zoom-in level and would readily incorporate this in the method of document D6, so that no precise input operation by the user be required, thus arriving at the definition of present claim 63.

As a consequence, the subject matter of independent claim 63 does not involve an inventive step in the sense of Article 33(3) PCT.

8.    INDEPENDENT CLAIM 48

The present application does not meet the criteria of Article 33(1) PCT, because the subject matter of claim 48 does not involve an inventive step in the sense of Article 33(3)PCT.

The method defined by independent claim 48 corresponds to that of claim 63, wherein the scaling operation relates to a zoom-out process. Document D6 is also concerned

APLNDC00004357

**WRITTEN OPINION OF THE**
**INTERNATIONAL SEARCHING**
**AUTHORITY (SEPARATE SHEET)**

International application No.

PCT/US2008/050292

with zooming out up to a maximum zoom-out level (see D6: paragraph [0023], "*When the maximum zoom-out level is reached, the zoom-out button 30 may be grayed, faded, or the like to indicate that no further zooming-out is permitted in that direction*") where the electronic document is entirely displayed (see D6: paragraph [0021], "*At the maximum out zoom level, i.e., the view using the topographical map*" and figure 2).

Since the zoom-out button of document D6 (see D6: reference sign 32) appears as a virtual button on the touch screen display (see D6: figure 2-6), the "gesture on or near the touch screen display corresponding to a command to zoom out" defined in claim 48 can be assumed to correspond to the mere interaction with this virtual button (see D6: paragraph [0023], "*To indicate a desire to cause the display to provide a zoomed-in or zoomed-out view of the images, the consumer may interact with either a zoom-in button 30 or zoom-out button 32 that is provided with the graphical user interface*"). Furthermore, a gesture similar to that used for the zooming-in operation (see D6: paragraph [0024], "*A zooming-in operation may also be performed by the consumer tapping, for example twice, within the display of images displayed on a touch screen display*") can be contemplated.

Hence, the subject matter of claim 48 essentially differs from the disclosure of document D6 in that the document is allowed to be zoomed out beyond the maximum zoom-out level and is then displayed at the maximum zoom-out level, when the gesture is terminated.

For the reasons explained in sections 7 and 3 above, no technical problem solved by these features can be identified. In other words, the additional features of claim 48 identified above represent a visual effect and are readily derived from the visual-design requirements, i.e., the specifications provided to the skilled person, without requiring the exercise of inventive skill.

Even if the technical objective is identified as enabling the user to take advantage of the full real estate of the display without the need to perform precise input operations, then the aforementioned additional features of claim 48 represent just another form of "magnetism", a well-known technique of user-interface design (see D2: section "85.

APLNDC00004358

**WRITTEN OPINION OF THE**
**INTERNATIONAL SEARCHING**
**AUTHORITY (SEPARATE SHEET)**

International application No.

PCT/US2008/050292

Magnetism": "*Magnetism helps compensate for users' lack of perfect dexterity with a mouse*", "*When a user drags an object close to another object's edge, make it snap to the other object*", "*Objects that can be 'magnetic' might include... Canvas edges, margins, and screen edges*").

As a consequence, the subject matter of independent claim 48 does not involve an inventive step in the sense of Article 33(3) PCT.

9.    INDEPENDENT CLAIMS 19-22, 39-42, 45-47, 59-62, 70-73

Since the subject matter of each of independent claims 19-22, 39-42, 45-47, 59-62, 70-73 corresponds to the subject matter of at least one of claims 2, 24, 43, 48 and 63, the same reasoning as given for claims 2, 24, 43, 48 and 63 will apply mutatis mutandis.

10.    DEPENDENT CLAIMS 3-18, 25-38, 44, 49-58, 64-69

Dependent claims 3-18, 25-38, 44, 49-58, 64-69 do not contain any features which, in combination with the features of any claim to which they refer, meet the requirements of the PCT in respect of inventive step (Article 33(3) PCT).

**Re Item VII.**

11.    Contrary to the requirements of Rule 5.1(a)(ii) PCT, the relevant background art disclosed in documents D1-D3 is not mentioned in the description, nor are these documents identified therein.

12.    The features of the claims are not provided with reference signs placed in parentheses (Rule 6.2(b) PCT).

Form PCT/ISA/237 (Separate Sheet) (Sheet 10) (EPO-April 2005)

**Possible steps after receipt of the international search report (ISR) and written opinion of the International Searching Authority (WO-ISA)**

| | |
|---|---|
| General information | For all international applications filed on or after 01/01/2004 the competent ISA will establish an ISR. It is accompanied by the WO-ISA. Unlike the former written opinion of the IPEA (Rule 66.2 PCT), the WO-ISA is not meant to be responded to, but to be taken into consideration for further procedural steps. This document explains about the possibilities. |
| Amending claims under Art. 19 PCT | Within 2 months after the date of mailing of the ISR and the WO-ISA the applicant may file amended claims under Art. 19 PCT directly with the International Bureau of WIPO. The PCT reform of 2004 did not change this procedure. For further information please see Rule 46 PCT as well as form PCT/ISA/220 and the corresponding Notes to form PCT/ISA/220. |
| Filing a demand for international preliminary examination | In principle, the WO-ISA will be considered as the written opinion of the IPEA. This should, in many cases, make it unnecessary to file a demand for international preliminary examination. If the applicant nevertheless wishes to file a demand this must be done before expiry of 3 months after the date of mailing of the ISR/WO-ISA or 22 months after priority date, whichever expires later (Rule 54bis PCT). Amendments under Art. 34 PCT can be filed with the IPEA as before, normally at the same time as filing the demand (Rule 66.1 (b) PCT).<br><br>If a demand for international preliminary examination is filed and no comments/amendments have been received the WO-ISA will be transformed by the IPEA into an IPRP (International Preliminary Report on Patentability) which would merely reflect the content of the WO-ISA. The demand can still be withdrawn (Art. 37 PCT). |
| Filing informal comments | After receipt of the ISR/WO-ISA the applicant may file informal comments on the WO-ISA directly with the International Bureau of WIPO. These will be communicated to the designated Offices together with the IPRP (International Preliminary Report on Patentability) at 30 months from the priority date. Please also refer to the next box. |
| End of the international phase | At the end of the international phase the International Bureau of WIPO will transform the WO-ISA or, if a demand was filed, the written opinion of the IPEA into the IPRP, which will then be transmitted together with possible informal comments to the designated Offices. The IPRP replaces the former IPER (international preliminary examination report). |
| Relevant PCT Rules and more information | Rule 43 PCT, Rule 43bis PCT, Rule 44 PCT, Rule 44bis PCT, PCT Newsletter 12/2003, OJ 11/2003, OJ 12/2003 |

Bitte beachten Sie, dass angeführte Nichtpatentliteratur (wie z. B. wissenschaftliche oder technische Dokumente) je nach geltendem Recht dem Urheberrechtsschutz und/oder anderen Schutzarten für schriftliche Werke unterliegen könnte. Die Vervielfältigung urheberrechtlich geschützter Texte, ihre Verwendung in anderen elektronischen oder gedruckten Publikationen und ihre Weitergabe an Dritte ist ohne ausdrückliche Zustimmung des Rechtsinhabers nicht gestattet.

Veuillez noter que les ouvrages de la littérature non-brevets qui sont cités, par exemple les documents scientifiques ou techniques, etc., peuvent être protégés par des droits d'auteur et/ou toute autre protection des écrits prévue par les législations applicables. Les textes ainsi protégés ne peuvent être reproduits ni utilisés dans d'autres publications électroniques ou imprimées, ni rediffusés sans l'autorisation expresse du titulaire du droit d'auteur.

Please be aware that cited works of non-patent literature such as scientific or technical documents or the like may be subject to copyright protection and/or any other protection of written works as appropriate based on applicable laws. Copyrighted texts may not be copied or used in other electronic or printed publications or re-distributed without the express permission of the copyright holder.

XS        CPRTENFRDE

APLNDC00004361

Electronically filed October 6, 2008

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Application of: | Bas Ording | Confirmation No.: | 8460 |
| Serial No.: | 11/956,969 | Art Unit: | 2174 |
| Filed: | December 14, 2007 | Examiner: | Pesin, Boris M. |
| For: | *List Scrolling and Document Translation, Scaling, and Rotation on a Touch-Screen Display* | Attorney Docket No.: P4304US1/63266-5054US | |

### INFORMATION DISCLOSURE STATEMENT

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

In accordance with the duty of disclosure provisions of 37 C.F.R. §1.56, there is hereby provided certain information which the Examiner may consider material to the examination of the subject U.S. patent application.  It is requested that the Examiner make this information of record if it is deemed material to the examination of the application.

1.      Enclosures accompanying this Information Disclosure Statement are:

      1a.     ☒   A list of all patents, publications, applications, or other information submitted for consideration by the office.

      1b.     A legible copy of :

            ☒   Each foreign patent;

            ☐   Each publication or that portion which caused it to be listed on the PTO-1449;

            ☐   For each cited pending U.S. application, the application specification including the claims, and any drawing of the application, or portion of the application which caused it to be listed on the PTO-1449 including any claims directed to that portion;

            ☐   all other information or portion which caused it to be listed on the PTO-1449.

      1c.     ☒   An English language copy of search report(s) from a counterpart foreign application or PCT International Search Report.

      1d.     ☐   Explanations of relevancy (ATTACHMENT 1(d), hereto) or English language abstracts of the non-English language publications.

1

APLNDC00004362

2.  ☒  This Information Disclosure Statement is filed under 37 C.F.R. §1.97(b):

    ☐  Within three months of the filing date of a national application other than a continued prosecution application under §1.53(d);

    ☐  Within three months of the date of entry of the national stage as set forth in §1.491 in an international application;

    ☒  Before the mailing of the first Office action on the merits;

    ☐  Before the mailing of a first Office action after the filing of a request for continued examination under §1.114.

3.  ☐  This Information Disclosure Statement is filed under 37 C.F.R. §1.97(c) after the period specified in 37 C.F.R §1.97(b), but before the mailing date of any of a final action under 37 C.F.R. §1.113, a notice of allowance under 37 C.F.R. §1.311 or an action that otherwise closes prosecution in the application.

*(Check either Item 3a or 3b)*

3a.  ☐  The Certification Statement in Item 5 below is applicable.  Accordingly, no fee is required.

3b.  ☐  The $180.00 fee set forth in 37 C.F.R. §1.17(p) in accordance with 37 C.F.R. §1.97(c) is:
    ☐  enclosed
    ☐  to be charged to Morgan, Lewis & Bockius LLP Deposit Account No. 50-0310 (order no.          ).

*(Item 3b to be checked if any reference known for more than 3 months)*

4.  ☐  This Information Disclosure Statement is filed under 37 C.F.R. §1.97(d) after the period specified in 37 C.F.R. §1.97(c), but on or before the date of payment of the issue fee.

*(Check either Item 4a or 4b)*

4a.  ☐  The Certification Statement in Item 5 below is applicable.

4.b  ☐  The $180.00 fee set forth in 37 C.F.R. §1.17(p) is:
    ☐  enclosed.
    ☐  to be charged to Morgan, Lewis & Bockius LLP Deposit Account No. 50-0310 (order no.          ).

5.  ☐  Certification Statement (applicable if Item 3a or Item 4a is checked)

*(Check either Item 5a, 5b or 5c)*

5a.  ☐  In accordance with 37 C.F.R. §1.97(e)(1), it is certified that each item of information contained in this Information Disclosure Statement was first cited in a communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of this Information Disclosure Statement.

5b.  ☐  In accordance with 37 C.F.R. §1.97(e)(2), it is certified that no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application,

DB2/20858720.1

APLNDC00004363

and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in § 1.56(c) more than three months prior to the filing of the information disclosure statement.

5c.   ☐   Pursuant to 37 C.F.R. §1.704(d), each item of information contained in this information disclosure statement was cited in a communication from a foreign patent office in a counterpart application, and the communication was not **received** by any individual designated in 37 C.F.R. §1.56(c) more than thirty days prior to the filing of this information disclosure statement.

6.   ☒   Copies of each cited U.S. patent and each U.S. patent application publication are not enclosed pursuant to the USPTO OG Notice dated 05 August 2003 waiving the requirement under 37 C.F.R. 1.98(a)(2)(i) for U.S. patent applications filed after June 30, 2003.

7.   ☐   This application is a continuation application under 37 C.F.R. §1.53(b) or (d).

*(Check appropriate Items 7a, 7b and/or 7c)*

7a.   ☐   A Petition to Withdraw from issue under 37 C.F.R. §1.313(b)(5) is concurrently filed herewith.

7b.   ☐   Copies of publications listed on Form PTO-1449 from prior application Serial No.          , filed on          , of which this application claims priority under 35 U.S.C. §120, are not being submitted pursuant to 37 C.F.R. §1.98(d).

7c.   ☐   Copies of the publications listed on Form PTO-1449 were not previously cited in prior application Serial No.          , filed on          , and are provided herewith.

8.   ☐   This is a Supplemental Information Disclosure Statement.  (Check Item 8a)

8a.   ☐   This Supplemental Information Disclosure Statement under 37 C.F.R. §1.97(f) supplements the Information Disclosure Statement filed on          .  A bona fide attempt was made to comply with 37 C.F.R. §1.98, but inadvertent omissions were made.  These omissions have been corrected herein.  Accordingly, additional time is requested so that this Supplemental Information Disclosure Statement can be considered as if properly filed on          .

9.   ☐   In accordance with 37 C.F.R. §1.98, a concise explanation of what is presently understood to be the relevance of each non-English language publication is:

*( Check Item 9a, 9b, or 9c)*

9a.   ☐   satisfied because all non-English language publications were cited on the enclosed English language copy of the PCT International Search Report or the search report from a counterpart foreign application indicating the degree of relevance found by the foreign office.

9b.   ☐   set forth in the application.

9c.   ☐   enclosed as an attachment hereto.

10.   ☒   The Commissioner is authorized to charge any additional fee required or credit any overpayment for this Information Disclosure Statement and/or Petition to Morgan, Lewis & Bockius LLP Deposit Account No. 50-0310 (order no. 63266-5054-US).

APLNDC00004364

11.   ☒    No admission is made that the information cited in this Statement is, or is considered to be, material to patentability nor a representation that a search has been made (other than a search report of a foreign counterpart application or PCT International Search Report if submitted herewith).  37 C.F.R. §§1.97(g) and (h).

Respectfully submitted,

Date:    October 6, 2008

*Robert Beyers*                                    46,552
Robert B. Beyers                                   (Reg. No.)
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
(650) 843-4000

4

APLNDC00004365



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/956,969 | 12/14/2007 | Bas Ording | P4304US1/63266-5054US | 8460 |

61725          7590          10/20/2008
MORGAN LEWIS & BOCKIUS LLP/ AI
2 PALO ALTO SQUARE
3000 EL CAMINO REAL
PALO ALTO, CA 94306

| EXAMINER |
|---|
| PESIN, BORIS M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2174 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 10/20/2008 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

APLNDC00004366

| ***Examiner-Initiated Interview Summary*** | **Application No.** 11/956,969 | **Applicant(s)** ORDING, BAS | |
|---|---|---|---|
| | **Examiner** BORIS PESIN | **Art Unit** 2174 | |

**All Participants:**

(1) <u>BORIS PESIN</u>.

(2) <u>Robert Beyers</u>.

**Status of Application:** _____

(3) <u>Cindi Wheeler</u>.

(4) _____.

**Date of Interview:** <u>30 June 2008</u>

**Time:** <u>4:30</u>

**Type of Interview:**
- ☒ Telephonic
- ☐ Video Conference
- ☐ Personal (Copy given to: ☐ Applicant   ☐ Applicant's representative)

Exhibit Shown or Demonstrated:  ☐ Yes   ☐ No
   If Yes, provide a brief description:  .

**Part I.**

Rejection(s) discussed:
*The Examiner with regards to the claims.*

Claims discussed:
*All*

Prior art documents discussed:
*Photo Mesa, Jaeger (US 2004/0027398), Zimmerman et al. (US 6690387)*

**Part II.**

SUBSTANCE OF INTERVIEW DESCRIBING THE GENERAL NATURE OF WHAT WAS DISCUSSED:
*See Continuation Sheet*

**Part III.**

☐ It is not necessary for applicant to provide a separate record of the substance of the interview, since the interview directly resulted in the allowance of the application. The examiner will provide a written summary of the substance of the interview in the Notice of Allowability.

☒ It is not necessary for applicant to provide a separate record of the substance of the interview, since the interview did not result in resolution of all issues.  A brief summary by the examiner appears in Part II above.

/Boris  Pesin/
Examiner, Art Unit 2174

(Applicant/Applicant's Representative Signature – if appropriate)

Continuation of Substance of Interview including description of the general nature of what was discussed:  The Examiner explained (see attached explanation) how the prior art found teaches the claimed subject mater.  The Applicant requested to propose amendments to the claims in order to overcome the cited art.  The Examiner informed the Applicant that he will further examine the claims when the Applicant sends in the proposed amendments and will schedule another interview to discuss if the proposed amendments overcome the cited art. .

APLNDC00004368

Photo Mesa Screen Shots
Figure1



APLNDC00004369

Figure 2



This is the area that is displayed beyond the edge of the document after the user has dragged the document beyond the edge of the document.

APLNDC00004370

Figure 3

If the user presses the "home" button the document will slide back to the original position and thus the "area beyond the edge of the document" will no longer be displayed





APLNDC00004372

Photomesa would be combined with Jaeger (US 2004/0027398) which teaches "The general mouse release process is now described with reference to the flow diagram of FIG. 34.  At block 110, how far the object has moved since it was picked up is calculated.  When a user lets go of the mouse after dragging an object, the software immediately works out how far the object has been moved and saves this information as a vector.  This is an important piece of information as it enables the object being dragged to snap back to its original position." (Paragraph 0424).

Thus, the combination would replace Photomesa's home button with an automatic snap back feature when the user lifts the mouse button.

The third reference, previously cited, teaches the touch screen functionality.

APLNDC00004373

| INFORMATION DISCLOSURE CITATION<br><br>PTO-1449 | Complete If Known | |
|---|---|---|
| | Application Number | 11/956,969 |
| | Filing Date | December 14, 2007 |
| | First Named Inventor | Bas Ording |
| | Art Unit | 2174 |
| | Examiner Name | Pesin, Boris M. |

| Sheet | 1 | of | 1 | Attorney Docket No. | P4304US1/63266-5054US |
|---|---|---|---|---|---|

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number<br>Number - Kind Code[1] | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Class | Subclass | Filing Date if Appropriate |
|---|---|---|---|---|---|---|---|
| | | 2003/0184525 | 10-02-2003 | Tsai | 345 | 173 | |
| | | 2004/0155888 | 08-12-2004 | Padgitt et al. | 345 | 619 | |
| | | 2005/0145807 | 07-07-2005 | Lapstun et al. | 250 | 566 | |
| | | 2006/0025218 | 02-02-2006 | Hotta | 463 | 37 | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Foreign Patent Document<br>Country Code[2] - Number[3] - Kind Code[4] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Class | Subclass | Translation Yes | Translation No |
|---|---|---|---|---|---|---|---|---|
| | | EP 0 701 220 A | 03-13-1996 | Adobe Systems Inc. | G06F | 17/21 | | |
| | | WO 05/052773 A2 | 06-09-2005 | Nokia Corporation | G06F | 3/00 | | |
| | | WO 2006/003591 A | 01-12-2006 | Konin-Klijke Philips Electronics, N.V. | G06F | 3/033 | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**OTHER NON PATENT LITERATURE DOCUMENTS**

| Examiner Initials | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published |
|---|---|---|
| | | International Search Report and Written Opinion for International Application No. PCT/US2008/050292, mailed September 19, 2008. |
| | | |
| | | |
| | | |

| Examiner Signature | DB2/20858183.1   /Boris Pesin/ | Date Considered | 10/17/2008 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04.  [2] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3).  [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.  [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible.  [5] Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /B.F

<table>
<tr><td rowspan="5"><strong>INFORMATION DISCLOSURE CITATION</strong><br><br>PTO-1449</td><td colspan="2" align="center"><em>Complete If Known</em></td></tr>
<tr><td><strong>Application Number</strong></td><td>11/956,969</td></tr>
<tr><td><strong>Filing Date</strong></td><td>December 14, 2007</td></tr>
<tr><td><strong>First Named Inventor</strong></td><td>Bas Ording</td></tr>
<tr><td><strong>Art Unit</strong></td><td>2174</td></tr>
</table>

| Sheet | 1 | of | 3 | **Examiner Name** | Pesin, Boris M. |
|---|---|---|---|---|---|
| | | | | **Attorney Docket No.** | P4304US1/63266-5054US |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number<br>Number - Kind Code[1] | Publication Date<br>MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Class | Subclass | Filing Date if Appropriate |
|---|---|---|---|---|---|---|---|
| | | 5,844,547 | 12-01-1998 | Minakuchi et al. | 345 | 173 | |
| | | 5,867,158 | 02-02-1999 | Murasaki et al. | 345 | 341 | |
| | | 6,034,688 | 03-07-2000 | Greenwood et al. | 345 | 353 | |
| | | 6,489,951 | 12-03-2002 | Wong et al. | 345 | 173 | |
| | | 6,567,102 | 05-20-2003 | Kung | 345 | 660 | |
| | | 6,661,409 | 12-09-2003 | Demartines et al. | 345 | 173 | |
| | | 6,707,449 | 03-16-2004 | Hinckley et al. | 345 | 173 | |
| | | 6,809,724 | 10-26-2004 | Shiraishi et al. | 345 | 169 | |
| | | 6,907,575 | 06-14-2005 | Duarte | 715 | 784 | |
| | | 6,912,462 | 06-28-2005 | Ogaki | 701 | 208 | |
| | | 6,972,776 | 12-06-2005 | Davis et al. | 345 | 684 | |
| | | 6,975,306 | 12-13-2005 | Hinckley et al. | 345 | 173 | |
| | | 7,009,599 | 03-07-2006 | Pihlaja | 345 | 173 | |
| | | 7,046,230 | 05-16-2006 | Zadesky et al. | 345 | 156 | |
| | | 7,075,512 | 07-11-2006 | Fabre et al. | 345 | 156 | |
| | | 7,102,626 | 09-05-2006 | Denny, III | 345 | 179 | |
| | | 7,154,534 | 12-26-2006 | Seki et al. | 348 | 207.1 | |
| | | 7,155,048 | 12-26-2006 | Ohara | 382 | 132 | |
| | | 7,181,373 | 02-20-2007 | Le Cocq et al. | 703 | 1 | |
| | | 7,184,796 | 02-27-2007 | Karidis et al. | 455 | 566 | |
| | | 7,240,291 | 07-03-2007 | Card et al. | 715 | 776 | |
| | | 2003/0095135 | 05-22-2003 | Kaasila et al. | 345 | 613 | |
| | | 2003/0095697 | 05-22-2003 | Wood et al. | 382 | 131 | |
| | | 2004/0021676 | 02-05-2004 | Chen et al. | 345 | 684 | |
| | | 2004/0080541 | 04-29-2004 | Saiga et al. | 345 | 805 | |
| | | 2004/0263486 | 12-30-2004 | Seni | 345 | 173 | |
| | | 2005/0168488 | 08-04-2005 | Montague | 345 | 659 | |
| | | 2005/0198588 | 09-08-2005 | Lin et al. | 715 | 784 | |
| | | 2005/0237308 | 10-27-2005 | Autio et al. | 345 | 173 | |
| | | 2005/0270269 | 12-08-2005 | Tokkonen | 345 | 156 | |
| | | 2005/0275618 | 12-15-2005 | Juh et al. | 345 | 156 | |
| | | 2005/0026521 | 02-02-2006 | Hotelling et al. | 715 | 702 | |
| | | 2006/0048073 | 03-02-2006 | Jarrett et al. | 715 | 784 | |

| Examiner Signature | DB2/20768505.1        /Boris Pesin/ | Date Considered | 10/17/2008 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.
[1] See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04.  [2] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3).  [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.  [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible.  [5] Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement:  This form is estimated to take 2.0 hours to complete.  Time will vary depending upon the needs of the individual case.  Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.  SEND TO:  Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA  22313-1450.

**ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /B.P./**

APLNDC00004375

| INFORMATION DISCLOSURE CITATION | | | | Complete If Known | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE CITATION** | | | Application Number | 11/956,969 | |
| | | | Filing Date | December 14, 2007 | |
| | | | First Named Inventor | Bas Ording | |
| **PTO-1449** | | | Art Unit | 2174 | |
| | | | Examiner Name | Pesin, Boris M. | |
| Sheet | 2 | of | 3 | Attorney Docket No. | P4304US1/63266-5054US |

| | | 2006/0055669 | 03-16-2006 | Das | 345 | 156 | |
|---|---|---|---|---|---|---|---|
| | | 2006/0061551 | 03-23-2006 | Fateh | 345 | 158 | |
| | | 2006/0077544 | 04-13-2006 | Stark | 359 | 448 | |
| | | 2006/0082549 | 04-20-2006 | Hoshino et al. | 345 | 157 | |
| | | 2006/0094502 | 05-04-2006 | Katayama et al. | 463 | 31 | |
| | | 2006/0156249 | 07-13-2006 | Blythe et al. | 715 | 781 | |
| | | 2006/0181510 | 08-17-2006 | Faith | 345 | 158 | |
| | | 2006/0187215 | 08-24-2006 | Rosenberg et al. | 345 | 173 | |
| | | 2006/0197753 | 09-07-2006 | Hotelling | 345 | 173 | |
| | | 2006/0238495 | 10-26-2006 | Davis | 345 | 156 | |
| | | 2007/0008066 | 01-11-2007 | Fukuda | 340 | 5.52 | |
| | | 2007/0024646 | 02-01-2007 | Saarinen et al. | 345 | 660 | |
| | | 2007/0046646 | 03-01-2007 | Kwon et al. | 345 | 173 | |
| | | 2007/0067745 | 03-22-2007 | Choi et al. | 715 | 863 | |
| | | 2007/0109275 | 05-17-2007 | Chuang | 345 | 173 | |
| | | 2007/0120835 | 05-31-2007 | Sato | 345 | 173 | |
| | | 2007/0150826 | 06-28-2007 | Anzures et al. | 715 | 772 | |
| | | 2007/0150842 | 06-28-2007 | Chaudhri et al. | 715 | 863 | |
| | | 2007/0152978 | 07-05-2007 | Kocienda et al. | 345 | 173 | |
| | | 2007/0152979 | 07-05-2007 | Jobs et al. | 345 | 173 | |
| | | 2007/0155434 | 07-05-2007 | Jobs et al. | 455 | 565 | |
| | | 2007/0156364 | 07-05-2007 | Rothkopf | 702 | 117 | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Foreign Patent Document Country Code² - Number³ - Kind Code⁴(if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Class | Subclass | Translation | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Yes | No |
| | | EP 0 635 779 A1 | 01-25-1995 | Xerox Corporation | G06F | 3/033 | | |
| | | EP 0 880 091 A2 | 11-25-1998 | Nokia Mobile Phones Ltd. | G06F | 3/033 | | |
| | | WO 02/01338 A1 | 01-03-2002 | Intel Corporation | G06F | 3/033 | | |
| | | WO 03/060622 A2 | 07-24-2003 | Koninlkijke Philips Electronics N.V. | G06F | | | |
| | | WO 2006/020305 A2 | 02-23-2006 | Apple Computer, Inc. | | | | |
| | | | | | | | | |

| Examiner Signature | DB2/20768505.1   /Boris Pesin/ | | Date Considered | 10/17/2008 |
|---|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
¹ See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04.  ² Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3).  ³ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.  ⁴ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible.  ⁵ Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /B.P./

| INFORMATION DISCLOSURE CITATION | | | | Complete If Known | |
|---|---|---|---|---|---|
| | | | | **Application Number** | 11/956,969 |
| | | | | **Filing Date** | December 14, 2007 |
| **PTO-1449** | | | | **First Named Inventor** | Bas Ording |
| | | | | **Art Unit** | 2174 |
| | | | | **Examiner Name** | Pesin, Boris M. |
| Sheet | 3 | of | 3 | **Attorney Docket No.** | P4304US1/63266-5054US |

| OTHER NON PATENT LITERATURE DOCUMENTS | | |
|---|---|---|
| Examiner Initials | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published |
| | | IBM, "Scroll Control Box," IBM Technical Disclosure Bulletin, Vol. 38, No. 04, April 1993, pages 399-403. |
| | | TIDWELL et al., "Magnetism," Designing Interfaces, November 2005, Section 85. |
| | | Invitation to Pay Additional Fees for International Application No. PCT/US2008/050292, mailed July 18, 2008. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| Examiner Signature | DB2/20768505.1        /Boris Pesin/ | Date Considered | 10/17/2008 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [2] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. [5] Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /B.P./

APLNDC00004377

| INFORMATION DISCLOSURE CITATION<br><br>PTO-1449 | | | *Complete If Known* | |
|---|---|---|---|---|
| | | | **Application Number** | To be assigned |
| | | | **Filing Date** | December 14, 2007 |
| | | | **First Named Inventor** | Bas Ording |
| | | | **Art Unit** | To be assigned |
| | | | **Examiner Name** | To be assigned |
| **Sheet** | **1** | **of** | **1** | |
| | | | **Attorney Docket No.** | P4304US1/63266-5054-US |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number<br>Number – Kind Code[1] | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Class | Subclass | Filing Date if Appropriate |
|---|---|---|---|---|---|---|---|
| | | 5,495,566 B1 | 02/27/1996 | Kwatinetz | 395 | 157 | |
| | | 6,690,387 B2 | 02/10/2004 | Zimmerman et al. | 345 | 684 | |
| | | 2005/0012723 A1 | 01/20/2005 | Pallakoff | 345 | 173 | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials | Cite No. | Foreign Patent Document<br>Country Code[2] – Number[3] – Kind Code[5] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Class | Subclass | Translation Yes | Translation No |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

### OTHER NON PATENT LITERATURE DOCUMENTS

| Examiner Initials | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

| Examiner Signature | /Boris Pesin/ | Date Considered | 10/17/2008 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04.  [2] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3).  [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.  [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible.  [5] Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

1-PA/3671244.1

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /B.P./

| INFORMATION DISCLOSURE CITATION<br><br>PTO-1449 | | *Complete If Known* | |
|---|---|---|---|
| | | Application Number | 11/956,969 |
| | | Filing Date | December 14, 2007 |
| | | First Named Inventor | Bas Ording |
| | | Art Unit | 2174 |
| | | Examiner Name | Wiley, David Armand |
| Sheet | 1 | of | 1 | Attorney Docket No. | P4304US1/63266-5054-US |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number<br>Number - Kind Code[1] | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Class | Subclass | Filing Date if Appropriate |
|---|---|---|---|---|---|---|---|
| | | 5,495,566 B1 | 02/27/1996 | Kwatinetz | 395 | 157 | |
| | | 6,690,387 B2 | 02/10/2004 | Zimmerman et al. | 345 | 684 | |
| | | 2005/0012723 A1 | 01/20/2005 | Pallakoff | 345 | 173 | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Foreign Patent Document<br>Country Code[2] - Number[3] - Kind Code[4] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Class | Subclass | Translation | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Yes | No |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**OTHER NON PATENT LITERATURE DOCUMENTS**

| Examiner Initials | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published |
|---|---|---|
| | | MILLER, D., "PersonalJava Application Environment," Sun Microsystems, http://java.sun.com/products/personaljava/touchable/, June 8, 1999, 13 pages. |
| | | |
| | | |
| | | |
| | | |

| Examiner Signature | /Boris Pesin/ | Date Considered | 10/17/2008 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [2] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. [5] Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

1-PA/3703745.1

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /B.P./

APLNDC00004379



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/956,969 | 12/14/2007 | Bas Ording | P4304US1/63266-5054US | 8460 |

61725          7590          10/29/2008
MORGAN LEWIS & BOCKIUS LLP/ AI
2 PALO ALTO SQUARE
3000 EL CAMINO REAL
PALO ALTO, CA 94306

| EXAMINER |
|---|
| PESIN, BORIS M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2174 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 10/29/2008 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

APLNDC00004380

Application/Control Number: 11/956,969                          Page 2
Art Unit: 2174

## EXAMINER'S AMENDMENT

An examiner's amendment to the record appears below. Should the changes

and/or additions be unacceptable to applicant, an amendment may be filed as provided

by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be

submitted no later than the payment of the issue fee.

Authorization for this examiner's amendment was given in a telephone interview

with Robert Byers on August 4th 2008.

The application has been amended as follows:


1.      (Currently amended) A computer-implemented method, comprising:
at a device with a touch screen ~~display,~~ display:

        displaying a first portion of an electronic document;

        detecting a movement of an object on or near the touch screen display;

        in response to detecting the movement, translating ~~an~~ the electronic document

displayed on the touch screen display in a first direction to display a second portion of

the electronic document, wherein the second portion is different from the first portion;

        in response to an edge of the electronic document being reached while

translating the electronic document in the first direction while the object is still detected

on or near the touch screen ~~display,~~ display:

                displaying an area beyond the edge of the document, and

                displaying a third portion of the electronic document, wherein the third

portion is smaller than the first portion; and

        ~~after~~ in response to detecting that the object is no longer ~~detected~~ on or near the

touch screen display, translating the electronic document in a second direction until the

area beyond the edge of the electronic document is no longer displayed to display a

fourth portion of the electronic document, wherein the fourth portion is different from the

first portion.

2.      (Currently amended) The computer-implemented method of claim 1, wherein
~~the device is a portable multifunction device~~ the first portion of the electronic
document, the second portion of the electronic document, the third portion of the
electronic document, and the fourth portion of the electronic document are displayed
at the same magnification.

19.   (Currently amended) A device, comprising:
        a touch screen display;
        one or more processors;
        memory; and
        one or more programs, wherein the one or more programs are stored in the
memory and configured to be executed by the one or more processors, the programs
including:
                instructions for displaying a first portion of an electronic document;
                instructions for detecting a movement of an object on or near the touch
screen display;
                instructions for translating ~~an~~ the electronic document displayed on the
touch screen display in a first direction to display a second portion of the electronic
document, wherein the second portion is different from the first portion, in response to
detecting the movement;
                instructions for displaying an area beyond an edge of the electronic
document and displaying a third portion of the electronic document, wherein the third
portion is smaller than the first portion, in response to the edge of the electronic
document being reached while translating the electronic document in the first direction
while the object is still detected on or near the touch screen display; and
                instructions for translating the electronic document in a second direction
until the area beyond the edge of the electronic document is no longer displayed to
display a fourth portion of the electronic document, wherein the fourth portion is different
from the first portion, ~~after~~ in response to detecting that the object is no longer ~~detected~~
on or near the touch screen display.

APLNDC00004382

Application/Control Number: 11/956,969                                      Page 4
Art Unit: 2174

20. (Currently amended) A computer readable storage medium having stored therein instructions, which when executed by a device with a touch screen display, cause the device to:

display a first portion of an electronic document;

detect a movement of an object on or near the touch screen display;

translate an the electronic document displayed on the touch screen display in a first direction to display a second portion of the electronic document, wherein the second portion is different from the first portion, in response to detecting the movement;

display an area beyond an edge of the electronic document and display a third portion of the electronic document, wherein the third portion is smaller than the first portion, if the edge of the electronic document is reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display; and

translate the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion, after in response to detecting that the object is no longer detected on or near the touch screen display.

The following is an examiner's statement of reasons for allowance: In regards to the independent claims 1, 19 and 20, the prior art found does not teach in response to an edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display: displaying an area beyond the edge of the document, and displaying a third portion of the electronic document, wherein the third portion is smaller than the first portion; and in response to detecting that the object is no longer detected on or near the

APLNDC00004383

touch screen display, translating the electronic document in a second direction until the

area beyond the edge of the electronic document is no longer displayed to display a

fourth portion of the electronic document, wherein the fourth portion is different from the

first portion; in combination with all of the other claim limitations.

Any comments considered necessary by applicant must be submitted no later

than the payment of the issue fee and, to avoid processing delays, should preferably

accompany the issue fee. Such submissions should be clearly labeled "Comments on

Statement of Reasons for Allowance."

### *Inquiry*

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to BORIS PESIN whose telephone number is (571)272-

4070. The examiner can normally be reached on Monday-Friday except every other

Friday.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Stephen Hong can be reached on (571) 272-4124. The fax phone number

for the organization where this application or proceeding is assigned is 571-273-8300.

APLNDC00004384

Application/Control Number: 11/956,969                                        Page 6
Art Unit: 2174

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/Boris  Pesin/
Examiner, Art Unit 2174

APLNDC00004385

| **Notice of Allowability** | Application No. | Applicant(s) |
| | 11/956,969 | ORDING, BAS |
| | Examiner | Art Unit | |
| | BORIS PESIN | 2174 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to <u>12/14/2007</u>.

2. ☒ The allowed claim(s) is/are <u>1-20</u>.

3. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All    b) ☐ Some*    c) ☐ None    of the:

        1. ☐ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

4. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached

        1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____ .

    (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of
        Paper No./Mail Date _____ .

**Identifying indicia** such as the application number (see 37 CFR 1.84(c) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☒ Notice of References Cited (PTO-892)

2. ☐ Notice of Draftperson's Patent Drawing Review (PTO-948)

3. ☒ Information Disclosure Statements (PTO/SB/08),
    Paper No./Mail Date <u>See Continuation Sheet</u>

4. ☐ Examiner's Comment Regarding Requirement for Deposit
    of Biological Material

5. ☐ Notice of Informal Patent Application

6. ☒ Interview Summary (PTO-413),
    Paper No./Mail Date _____ .

7. ☒ Examiner's Amendment/Comment

8. ☒ Examiner's Statement of Reasons for Allowance

9. ☐ Other _____ .

U.S. Patent and Trademark Office
PTOL-37 (Rev. 08-06)                  **Notice of Allowability**                  Part of Paper No./Mail Date 20081017

APLNDC00004386

**Continuation Sheet (PTOL-37)**                                    **Application No.  11/956,969**

Continuation of Attachment(s) 3. Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date: 10/06/2008, 7/18/2008, 4/30/2008, 12/14/2008.

APLNDC00004387



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

61725    7590    10/29/2008
MORGAN LEWIS & BOCKIUS LLP/ AI
2 PALO ALTO SQUARE
3000 EL CAMINO REAL
PALO ALTO, CA 94306

| EXAMINER |
|---|
| PESIN, BORIS M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2174 | |

DATE MAILED: 10/29/2008

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/956,969 | 12/14/2007 | Bas Ording | P4304US1/63266-5054US | 8460 |

TITLE OF INVENTION: LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | NO | $1510 | $300 | $0 | $1810 | 01/29/2009 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.  THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT.  SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED.  THIS STATUTORY PERIOD CANNOT BE EXTENDED.  SEE 35 U.S.C. 151.  THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION.  IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

## HOW TO REPLY TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status above is to be removed, check box 5b on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check box 5a on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and 1/2 the ISSUE FEE shown above.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

PTOL-85 (Rev. 08/07) Approved for use through 08/31/2010.

APLNDC00004388

Complete and send this form, together with applicable fee(s), to: **Mail** **Mail Stop ISSUE FEE**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, Virginia 22313-1450**
or **Fax** (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

61725      7590      10/29/2008
MORGAN LEWIS & BOCKIUS LLP/ AI
2 PALO ALTO SQUARE
3000 EL CAMINO REAL
PALO ALTO, CA 94306

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/956,969 | 12/14/2007 | Bas Ording | P4304US1/63266-5054US | 8460 |

TITLE OF INVENTION: LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | NO | $1510 | $300 | $0 | $1810 | 01/29/2009 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| PESIN, BORIS M | 2174 | 715-702000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,     1 _____
(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.     2 _____
    3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE     (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☐ Corporation or other private group entity ☐ Government

4a. The following fee(s) are submitted:
☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)
☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.     ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____     Date _____

Typed or printed name _____     Registration No. _____

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 08/07) Approved for use through 08/31/2010.     OMB 0651-0033     U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

 UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/956,969 | 12/14/2007 | Bas Ording | P4304US1/63266-5054US | 8460 |

| | | |
|---|---|---|
| 61725 7590 10/29/2008 | EXAMINER | |
| MORGAN LEWIS & BOCKIUS LLP/ AI | PESIN, BORIS M | |
| 2 PALO ALTO SQUARE | | |
| 3000 EL CAMINO REAL | ART UNIT | PAPER NUMBER |
| PALO ALTO, CA 94306 | 2174 | |

DATE MAILED: 10/29/2008

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment to date is 0 day(s). If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the Patent Term Adjustment will be 0 day(s).

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702.  Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101   or (571)-272-4200.

PTOL-85  (Rev. 08/07) Approved for use through 08/31/2010.

APLNDC00004390

| | | | |
|---|---|---|---|
| ***Notice of References Cited*** | **Application/Control No.**<br>11/956,969 | **Applicant(s)/Patent Under Reexamination**<br>ORDING, BAS | |
| | **Examiner**<br>BORIS PESIN | **Art Unit**<br>2174 | **Page 1 of 1** |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-6,690,387 | 02-2004 | Zimmerman et al. | 345/684 |
| * | B | US-2008/0104544 | 05-2008 | COLLINS et al. | 715/846 |
| * | C | US-2004/0027398 | 02-2004 | Jaeger, Denny | 345/863 |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | Microsoft Word 2003 Screen Shots |
| | V | Photo Mesa 3.1.2 2006 Screen Shots |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 20081017

APLNDC00004391

**EAST Search History**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|-------|------|--------------|-----|------------------|---------|------------|
| S1 | 55 | "5353391" | USPAT | OR | OFF | 2008/08/01 19:00 |
| S2 | 268 | "5,844,547"<br>"5,867,158"<br>"6,034,688"<br>"6,489,951"<br>"6,567,102"<br>"6,661,409"<br>"6,707,449"<br>"6,809,724"<br>"6,907,575"<br>"6,912,462"<br>"6,972,776" 6,975,3O6<br>"7,009,599"<br>"7,046,230"<br>"7,075,512"<br>"7,102,626"<br>"7,154,534"<br>"7,155,048"<br>"7,181,373"<br>"7,184,796"<br>"7,240,291"<br>2003/0095135<br>2003/0095697<br>2004/0021676<br>2004/0080541<br>2004/0263486<br>2005/0168488<br>2005/0198588<br>2005/0237308<br>2005/0270269<br>2005/0275618<br>2005/0026521<br>2006/0048073 | USPAT | OR | OFF | 2008/08/04 13:15 |

APLNDC00004392

| S3 | 297 | "5,844,547"<br>"5,867,158"<br>"6,034,688"<br>"6,489,951"<br>"6,567,102"<br>"6,661,409"<br>"6,707,449"<br>"6,809,724"<br>"6,907,575"<br>"6,912,462"<br>"6,972,776" 6,975,3O6<br>"7,009,599"<br>"7,046,230"<br>"7,075,512"<br>"7,102,626"<br>"7,154,534"<br>"7,155,048"<br>"7,181,373"<br>"7,184,796"<br>"7,240,291"<br>2003/0095135<br>2003/0095697<br>2004/0021676<br>2004/0080541<br>2004/0263486<br>2005/0168488<br>2005/0198588<br>2005/0237308<br>2005/0270269<br>2005/0275618<br>2005/0026521<br>2006/0048073 | US-<br>PGPUB;<br>USPAT | OR | OFF | 2008/08/04<br>13:15 |
| S4 | 0 | """5,844,547""<br>""5,867,158""<br>""6,034,688""<br>""6,489,951""<br>""6,567,102""<br>""6,661,409""<br>""6,707,449""<br>""6,809,724""<br>""6,907,575""<br>""6,912,462""<br>""6,972,776""<br>6,975,3O6<br>""7,009,599""<br>""7,046,230""<br>""7,075,512""<br>""7,102,626""<br>""7,154,534""<br>""7,155,048""<br>""7,181,373""<br>""7,184,796"" | US-<br>PGPUB;<br>USPAT | OR | OFF | 2008/08/04<br>13:16 |

APLNDC00004393

| | | | | | | |
|---|---|---|---|---|---|---|
| | | ""7,240,291""<br>2003/0095135<br>2003/0095697<br>2004/0021676<br>2004/0080541<br>2004/0263486<br>2005/0168488<br>2005/0198588<br>2005/0237308<br>2005/0270269<br>2005/0275618<br>2005/0026521<br>2006/0048073" | | | | |
| S5 | 297 | """5,844,547"""<br>"""5,867,158"""<br>"""6,034,688"""<br>"""6,489,951"""<br>"""6,567,102"""<br>"""6,661,409"""<br>"""6,707,449"""<br>"""6,809,724"""<br>"""6,907,575"""<br>"""6,912,462"""<br>"""6,972,776"""<br>6,975,306<br>"""7,009,599"""<br>"""7,046,230"""<br>"""7,075,512"""<br>"""7,102,626"""<br>"""7,154,534"""<br>"""7,155,048"""<br>"""7,181,373"""<br>"""7,184,796"""<br>"""7,240,291"""<br>2003/0095135<br>2003/0095697<br>2004/0021676<br>2004/0080541<br>2004/0263486<br>2005/0168488<br>2005/0198588<br>2005/0237308<br>2005/0270269<br>2005/0275618<br>2005/0026521<br>2006/0048073 | US-<br>PGPUB;<br>USPAT | OR | OFF | 2008/08/04<br>13:16 |
| S6 | 817 | snap with grid | US-<br>PGPUB;<br>USPAT | OR | OFF | 2008/08/04<br>13:52 |

APLNDC00004394

| S7 | 20408 | snap with grid an d715/$.ccls. | US-PGPUB; USPAT | OR | OFF | 2008/08/04 13:52 |
| S8 | 103 | snap with grid and "715"/$.ccls. | US-PGPUB; USPAT | OR | OFF | 2008/08/04 13:52 |
| S9 | 29 | snap with edge and "715"/$.ccls. | US-PGPUB; USPAT | OR | OFF | 2008/08/04 13:54 |
| S10 | 11902 | magnetic and "715"/$. ccls. | US-PGPUB; USPAT | OR | OFF | 2008/08/04 13:59 |
| S11 | 23 | magnetic near effect and "715"/$.ccls. | US-PGPUB; USPAT | OR | OFF | 2008/08/04 13:59 |
| S12 | 12 | magnetic with edge and "715"/$.ccls. | US-PGPUB; USPAT | OR | OFF | 2008/08/04 14:18 |

**10/17/2008 4:14:49 PM**
**C:\Documents and Settings\bpesin\My Documents\EAST\Workspaces\11956969 last.
wsp**

APLNDC00004395

**EAST Search History**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|-------|------|--------------|-----|------------------|---------|------------|
| S1 | 0 | "11956969" | USPAT | OR | OFF | 2008/05/19 12:45 |
| S2 | 69 | snap with grid and "715"/$.ccls. | USPAT | OR | OFF | 2008/05/19 12:52 |
| S3 | 3 | snap with grid with drag$4 and "715"/$.ccls. | USPAT | OR | OFF | 2008/05/19 12:53 |
| S4 | 19 | black with drag$4 and "715"/$.ccls. | USPAT | OR | OFF | 2008/05/19 12:55 |
| S5 | 818 | screen with drag $4 and "715"/$.ccls. | USPAT | OR | OFF | 2008/05/19 12:57 |
| S6 | 1448 | screen with drag $4 and "715"/$.ccls. | US-PGPUB; USPAT | OR | OFF | 2008/05/19 12:57 |
| S7 | 80 | screen with drag $4 with edge and "715"/$.ccls. | US-PGPUB; USPAT | OR | OFF | 2008/05/19 12:57 |
| S8 | 193 | beyond with edge and "715"/$.ccls. | US-PGPUB; USPAT | OR | OFF | 2008/05/19 13:06 |
| S9 | 3 | scroll with past with scroll with region and "715"/$.ccls. | US-PGPUB; USPAT | OR | OFF | 2008/05/19 13:35 |
| S10 | 18 | scroll with pass$4 with scroll with region and "715"/$.ccls. | US-PGPUB; USPAT | OR | OFF | 2008/05/19 13:36 |
| S11 | 11 | elastic with scroll $4 and "715"/$.ccls. | US-PGPUB; USPAT | OR | OFF | 2008/05/19 13:52 |
| S12 | 6 | "6141018" | US-PGPUB; USPAT | OR | OFF | 2008/05/19 14:14 |
| S13 | 0 | float with back with lift with finger | US-PGPUB; USPAT | OR | OFF | 2008/05/19 14:15 |

APLNDC00004396

| S14 | 37 | float$ with lift with finger | US-PGPUB; USPAT | OR | OFF | 2008/05/19 14:15 |
| S15 | 306 | return$ with lift $3 with finger | US-PGPUB; USPAT | OR | OFF | 2008/05/19 14:16 |
| S16 | 7 | return$ with lift $3 with finger and "715"/$.ccls. | US-PGPUB; USPAT | OR | OFF | 2008/05/19 14:16 |
| S17 | 14 | "5874936" | US-PGPUB; USPAT | OR | OFF | 2008/05/19 14:20 |
| S18 | 12 | "6005573" | US-PGPUB; USPAT | OR | OFF | 2008/05/19 14:21 |

**10/17/2008 4:12:13 PM**
**C:\Documents and Settings\bpesin\My Documents\EAST\Workspaces\11956969.wsp**

APLNDC00004397

**EAST Search History**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S1 | 0 | snap with edge with document and "715"/$.ccls. | US-PGPUB; USPAT | OR | OFF | 2008/06/02 13:56 |
| S2 | 1 | snap$4 with edge with document and "715"/$.ccls. | US-PGPUB; USPAT | OR | OFF | 2008/06/02 13:57 |
| S3 | 1 | snap$4 with edge with document and "715"/$.ccls. | US-PGPUB; USPAT | OR | OFF | 2008/06/02 13:57 |
| S4 | 131 | snap$4 with document and "715"/$.ccls. | US-PGPUB; USPAT | OR | OFF | 2008/06/02 13:58 |
| S5 | 0 | snaping with document and "715"/$.ccls. | US-PGPUB; USPAT | OR | OFF | 2008/06/02 13:58 |
| S6 | 2 | snapping with document and "715"/$.ccls. | US-PGPUB; USPAT | OR | OFF | 2008/06/02 13:58 |
| S7 | 4 | snapping with edge and "715"/$.ccls. | US-PGPUB; USPAT | OR | OFF | 2008/06/02 13:58 |

**10/17/2008 4:14:00 PM**
**C:\Documents and Settings\bpesin\My Documents\EAST\Workspaces\11956969 third.wsp**

APLNDC00004398

**EAST Search History**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|-------|------|--------------|-----|------------------|---------|------------|
| S1 | 18 | snap with edge and "715"/$.ccls. | USPAT | OR | OFF | 2008/05/19 16:21 |
| S2 | 10 | snap with border and "715"/$.ccls. | USPAT | OR | OFF | 2008/05/19 16:26 |
| S3 | 0 | elasic and "715"/$.ccls. | USPAT | OR | OFF | 2008/05/19 16:28 |
| S4 | 165 | elastic and "715"/$.ccls. | USPAT | OR | OFF | 2008/05/19 16:28 |
| S7 | 34 | ("20020147805" \| "5220655" \| "5717923" \| "5727129" \| "5878384" \| "5948061" \| "5958008" \| "5960409" \| "6006197" \| "6014638" \| "6021439" \| "6044376" \| "6052730" \| "6055510" \| "6064381" \| "6088722" \| "6112238" \| "6112240" \| "6300947" \| "6353822" \| "6401118" \| "6448980" \| "6463455" \| "6549944" \| "6564170" \| "6574793" \| "6589291" \| "6598077" \| "6606581" \| "6615247" \| "6658415" \| "6665715" \| "6763334" \| "6934748").PN. OR ("7305622").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2008/05/19 16:58 |
| S8 | 5 | (("20020147805" \| "5220655" \| "5717923" \| "5727129" \| "5878384" \| "5948061" \| "5958008" \| "5960409" \| "6006197" \| "6014638" \| "6021439" \| "6044376" \| "6052730" \| "6055510" \| "6064381" \| "6088722" \| "6112238" \| "6112240" \| "6300947" \| "6353822" \| "6401118" \| "6448980" \| "6463455" \| "6549944" \| "6564170" \| "6574793" \| "6589291" \| "6598077" \| "6606581" \| "6615247" \| "6658415" \| "6665715" \| "6763334" \| "6934748").PN. OR ("7305622").URPN.) and probability | US-PGPUB; USPAT; USOCR | OR | OFF | 2008/05/19 16:59 |

APLNDC00004399

| S18 | 0 | edge with border with "715"/$.ccls. | US-PGPUB; USPAT; USOCR | OR | ON | 2008/05/19 20:33 |
|---|---|---|---|---|---|---|
| S19 | 322 | edge with border and "715"/$.ccls. | US-PGPUB; USPAT; USOCR | OR | ON | 2008/05/19 20:33 |
| S20 | 6930 | edge with borderwith drag $4 and "715"/$.ccls. | US-PGPUB; USPAT; USOCR | OR | ON | 2008/05/19 20:35 |
| S21 | 16 | edge with border with drag $4 and "715"/$.ccls. | US-PGPUB; USPAT; USOCR | OR | ON | 2008/05/19 20:35 |
| S22 | 0 | border with drag$4 with visable and "715"/$.ccls. | US-PGPUB; USPAT; USOCR | OR | ON | 2008/05/19 20:37 |
| S23 | 7 | border with drag$4 with visible and "715"/$.ccls. | US-PGPUB; USPAT; USOCR | OR | ON | 2008/05/19 20:37 |
| S24 | 23 | ("5227771" \| "5561757" \| "5666498" \| "5675755" \| "5751283").PN. OR ("5815151").URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2008/05/19 20:40 |
| S25 | 48 | ("4783648" \| "4890257" \| "5060170" \| "5142618" \| "5371847" \| "5436637" \| "5487143" \| "5513342"). PN. OR ("5675755"). URPN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2008/05/19 20:42 |
| S26 | 2 | Floating with Marquee | US-PGPUB; USPAT; USOCR | OR | OFF | 2008/05/19 20:50 |
| S27 | 16 | Floating with window with scroll | US-PGPUB; USPAT; USOCR | OR | OFF | 2008/05/19 20:51 |
| S28 | 0 | Floating with banner with scroll | US-PGPUB; USPAT; USOCR | OR | OFF | 2008/05/19 20:53 |
| S29 | 2 | Float$4 with banner with scroll$4 | US-PGPUB; USPAT; USOCR | OR | OFF | 2008/05/19 20:54 |
| S30 | 1 | tablet same microsoft with office | US-PGPUB; USPAT; USOCR | OR | OFF | 2008/05/21 17:46 |
| S31 | 0 | print near view same microsoft with office | US-PGPUB; USPAT; USOCR | OR | OFF | 2008/05/21 17:46 |
| S32 | 2525465 | print near view samewith office | US-PGPUB; USPAT; USOCR | OR | OFF | 2008/05/21 17:46 |

APLNDC00004400

| S33 | 239 | print near view same office | US-PGPUB; USPAT; USOCR | OR | OFF | 2008/05/21 17:46 |
| S34 | 2 | print near view same office and "715"/$.ccls. | US-PGPUB; USPAT; USOCR | OR | OFF | 2008/05/21 17:46 |
| S35 | 1 | "6,956,564" | US-PGPUB; USPAT; USOCR | OR | OFF | 2008/05/21 17:58 |
| S36 | 0 | kinetic with scrolling | US-PGPUB; USPAT; USOCR | OR | OFF | 2008/05/21 18:48 |
| S37 | 46 | kinetic with scroll$4 | US-PGPUB; USPAT; USOCR | OR | OFF | 2008/05/21 18:49 |
| S38 | 17 | scroll$4 with past with end and "715"/$.ccls. | US-PGPUB; USPAT; USOCR | OR | OFF | 2008/05/21 19:06 |
| S39 | 0 | bounce near back with end and "715"/$.ccls. | US-PGPUB; USPAT; USOCR | OR | OFF | 2008/05/21 19:26 |
| S40 | 19 | bounce near back and "715"/$.ccls. | US-PGPUB; USPAT; USOCR | OR | OFF | 2008/05/21 19:26 |
| S41 | 22 | bounce near back and "715"/$.ccls. | US-PGPUB; USPAT; USOCR | OR | ON | 2008/05/21 19:31 |
| S42 | 3 | S41 not S40 | US-PGPUB; USPAT; USOCR | OR | ON | 2008/05/21 19:32 |
| S43 | 22 | bounce near2 back and "715"/$.ccls. | US-PGPUB; USPAT; USOCR | OR | ON | 2008/05/21 19:32 |
| S44 | 27 | bounce near3 back and "715"/$.ccls. | US-PGPUB; USPAT; USOCR | OR | ON | 2008/05/21 19:33 |
| S45 | 5 | S44 not S43 | US-PGPUB; USPAT; USOCR | OR | ON | 2008/05/21 19:33 |
| S46 | 58 | "6219032" | USPAT | OR | OFF | 2008/05/21 19:49 |
| S47 | 165 | elastic and "715"/$.ccls. | USPAT | OR | OFF | 2008/05/21 20:00 |
| S48 | 234 | elastic and "715"/$.ccls. | US-PGPUB; USPAT | OR | OFF | 2008/05/21 20:00 |
| S49 | 0 | ("2007/0150830").URPN. | USPAT | OR | OFF | 2008/05/21 20:13 |
| S50 | 0 | ("2007/0150830").URPN. | USPAT | OR | OFF | 2008/05/21 20:13 |

APLNDC00004401

| S51 | 2 | ("20050012723" \| "5495566" \| "6690387"). PN. | USPAT | OR | OFF | 2008/05/21 20:14 |
| S52 | 3 | ("20050012723" \| "5495566" \| "6690387"). PN. | US-PGPUB; USPAT | OR | OFF | 2008/05/21 20:16 |
| S53 | 46 | "5845303" | US-PGPUB; USPAT | OR | OFF | 2008/05/21 20:23 |
| S54 | 74 | "5495566" | USPAT | OR | OFF | 2008/05/29 15:31 |
| S55 | 2 | "6990387" | USPAT | OR | OFF | 2008/05/29 15:31 |
| S56 | 2 | "6690387" | USPAT | OR | OFF | 2008/05/29 15:31 |
| S57 | 115 | rubber near band and "715"/$.ccls. | US-PGPUB; USPAT; USOCR | OR | ON | 2008/06/02 15:01 |

**10/17/2008 4:13:29 PM**
**C:\Documents and Settings\bpesin\My Documents\EAST\Workspaces\11956969 second.wsp**

APLNDC00004402

# EAST Search History

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|-------|------|--------------|-----|------------------|---------|-----------|
| L1 | 1111 | area with beyond with display | US-PGPUB; USPAT | OR | OFF | 2008/10/17 16:06 |
| L2 | 0 | "715"/$.ccls. and area with beyond with display | US-PGPUB; USPAT | OR | OFF | 2008/10/17 16:06 |
| L3 | 164 | "715"/$.ccls. and area with beyond with display | US-PGPUB; USPAT | OR | OFF | 2008/10/17 16:06 |
| L4 | 100 | "715"/$.ccls. and area near3 beyond with display | US-PGPUB; USPAT | OR | OFF | 2008/10/17 16:06 |
| L5 | 19 | "715"/$.ccls. and area near3 beyond with display and touch | US-PGPUB | OR | OFF | 2008/10/17 16:06 |
| L6 | 303 | "715"/$.ccls. and spring | US-PGPUB | OR | OFF | 2008/10/17 16:10 |
| L7 | 3 | "715"/$.ccls. and spring same beyond | US-PGPUB | OR | OFF | 2008/10/17 16:10 |

APLNDC00004403

Case 5:11-cv-01846-LHK   Document 167-15   Filed 08/22/11   Page 108 of 126

**10/17/2008 4:11:29 PM**
**C:\Documents and Settings\bpesin\My Documents\EAST\Workspaces**
**\11956969 allowance.wsp**

APLNDC00004404

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| (barcode) | 11956969 | ORDING, BAS |
| | Examiner | Art Unit |
| | BORIS PESIN | 2174 |

## SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 715 | 764, 769, 702, 863, 864 | 10/17/2008 | BP |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| East Text Search | 10/17/2008 | BP |
| USPGPUB, EPO, JPO, Dewent, IBM-TDB | 10/17/2008 | BP |
| Pro Quest | 10/17/2008 | BP |
| Yahoo and Google Search | 10/17/2008 | BP |
| Inventor Search | 10/17/2008 | BP |

## INTERFERENCE SEARCH

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | USPGPUB | 10/17/2008 | BP |

| /BORIS PESIN/ Examiner.Art Unit 2174 | |
|---|---|

U.S. Patent and Trademark Office

Part of Paper No. : 20081017

APLNDC00004405

| **Issue Classification** | Application/Control No.<br><br>11956969 | Applicant(s)/Patent Under Reexamination<br><br>ORDING, BAS |
|---|---|---|
| | Examiner<br><br>BORIS PESIN | Art Unit<br><br>2174 |

| ORIGINAL | | INTERNATIONAL CLASSIFICATION | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| CLASS | SUBCLASS | CLAIMED | | | | | | NON-CLAIMED | | | |
| 715 | 702 | G | 0 | 6 | F | 3 / 01 (2006.01.01) | | | | | |

### CROSS REFERENCE(S)

| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | |
|---|---|---|---|---|---|
| 715 | 764 | 863 | 864 | 769 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| ☒ Claims renumbered in the same order as presented by applicant | | | | ☐ CPA | | ☐ T.D. | | ☐ R.1.47 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |

| | | Total Claims Allowed: | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 20 | |
| /BORIS PESIN/<br>Examiner.Art Unit 2174<br>(Primary Examiner) | 10/17/2008<br>(Date) | O.G. Print Claim(s)<br><br>1 | O.G. Print Figure<br><br>8C |

U.S. Patent and Trademark Office

Part of Paper No. 20081017

APLNDC00004406



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## BIB DATA SHEET

CONFIRMATION NO. 8460

| SERIAL NUMBER | FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 11/956,969 | 12/14/2007 RULE | 715 | 2174 | P4304US1/63266-5054US |

**APPLICANTS**
Bas Ording, San Francisco, CA;

** CONTINUING DATA ***************************
This appln claims benefit of 60/879,253 01/07/2007
and claims benefit of 60/883,801 01/07/2007
and claims benefit of 60/879,469 01/08/2007
and claims benefit of 60/945,858 06/22/2007
and claims benefit of 60/946,971 06/28/2007
and claims benefit of 60/937,993 06/29/2007

** FOREIGN APPLICATIONS ***************************

** IF REQUIRED, FOREIGN FILING LICENSE GRANTED **
    12/26/2007

| Foreign Priority claimed ☐ Yes ☑ No 35 USC 119(a-d) conditions met ☐ Yes ☑ No Verified and Acknowledged /BORIS M PESIN/ Examiner's Signature | ☐ Met after Allowance Initials | STATE OR COUNTRY CA | SHEETS DRAWINGS 38 | TOTAL CLAIMS 20 | INDEPENDENT CLAIMS 3 |
|---|---|---|---|---|---|

**ADDRESS**

MORGAN LEWIS & BOCKIUS LLP/ AI
2 PALO ALTO SQUARE
3000 EL CAMINO REAL
PALO ALTO, CA 94306
UNITED STATES

**TITLE**

List Scrolling and Document Translation, Scaling, and Rotation on a Touch-Screen Display

| FILING FEE RECEIVED 1030 | FEES: Authority has been given in Paper No._____ to charge/credit DEPOSIT ACCOUNT No._____ for following: | ☐ All Fees ☐ 1.16 Fees (Filing) ☐ 1.17 Fees (Processing Ext. of time) ☐ 1.18 Fees (Issue) ☐ Other _____ ☐ Credit |
|---|---|---|

BIB (Rev. 05/07).

APLNDC00004407

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11956969 | ORDING, BAS |
| | Examiner | Art Unit |
| | BORIS PESIN | 2174 |

| ✓ | Rejected | | - | Cancelled | | N | Non-Elected | | A | Appeal |
|---|---|---|---|---|---|---|---|---|---|---|
| = | Allowed | | ÷ | Restricted | | I | Interference | | O | Objected |

| ☒ Claims renumbered in the same order as presented by applicant | | ☐ CPA | ☐ T.D. | ☐ R.1.47 |
|---|---|---|---|---|

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/17/2008 | | | | | | | |
| | 1 | = | | | | | | | |
| | 2 | = | | | | | | | |
| | 3 | = | | | | | | | |
| | 4 | = | | | | | | | |
| | 5 | = | | | | | | | |
| | 6 | = | | | | | | | |
| | 7 | = | | | | | | | |
| | 8 | = | | | | | | | |
| | 9 | = | | | | | | | |
| | 10 | = | | | | | | | |
| | 11 | = | | | | | | | |
| | 12 | = | | | | | | | |
| | 13 | = | | | | | | | |
| | 14 | = | | | | | | | |
| | 15 | = | | | | | | | |
| | 16 | = | | | | | | | |
| | 17 | = | | | | | | | |
| | 18 | = | | | | | | | |
| | 19 | = | | | | | | | |
| | 20 | = | | | | | | | |

APLNDC00004408

## PART B - FEE(S) TRANSMITTAL

Electronically filed  November 3, 2008

Complete and send this form with applicable fee(s), to:    <u>Mail</u>

          or <u>Fax</u>

Mail Stop ISSUE FEE
Commissioner of Patents
P.O. Box 1450
Alexandria, Virginia  22313-1450
(703) 746-4000

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advanced orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS

MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306

Note: A certificate of mailing below can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

**Certificate of Mailing**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (703) 746-4000, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTY'S DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/956,969 | 12/14/2007 | Bas Ording | P4304US1/63266-5054US | 8460 |

TITLE OF INVENTION     **LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY**

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | 1510 | 300 | 1810 | 01/29/2009 |

| EXAMINER | ART UNIT | CLASS-SUB CLASS |
|---|---|---|
| Pesin, Boris M. | 2174 | 715-702000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☒ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47) attached. Use of a Customer Number is required.

For printing on the patent front page, list
(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1. **Morgan, Lewis & Bockius LLP**

2. _____

3. _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE:

    APPLE INC.

(B)   RESIDENCE: (CITY and STATE OR COUNTRY)

    Cupertino, California

Please check the appropriate assignee category or categories (will not be printed on the patent)   ☐ Individual   ☒ corporation or other private group entity   ☐ government

4a. The following fee(s) are enclosed:

☒ Issue Fee

☒ Publication Fee

☒ Advanced Order - # of Copies   <u>10</u>

4b. Payment of Fee(s):

☐ A check in the amount of the fee(s) enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☒ The Director is hereby authorized to charge the required fee(s), or credit any overpayment, to Deposit Account Number 50-0310 (order no. 63266-5054US).

5. **Change in Small Entity Status** (from status indicated above)

☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.

☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

The Director of the USPTO is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.
NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

Authorized Signature    *Robert Beyers*       Date: November 3, 2008

Printed Name: Robert B. Beyers        Registration No. 46,552

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Mail Stop Issue Fee, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (REV. 08/07) Approved for use through 08/31/2010. OMB 0651-0033        U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

DB2/20890569.1

APLNDC00004409

PTO/SB/47 (09-06)
Approved for use through 04/30/2009. OMB 0651-0016
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## "FEE ADDRESS" INDICATION FORM

| Address to:<br>**Mail Stop M Correspondence**<br>**Commissioner for Patents**          - OR -<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | Fax to:<br>**571-273-6500** |
|---|---|

**INSTRUCTIONS:** The issue fee must have been paid for application(s) listed on this form.  In addition, only an address represented by a Customer Number can be established as the fee address for maintenance fee purposes (hereafter, fee address).  A fee address should be established when correspondence related to maintenance fees should be mailed to a different address than the correspondence address for the application.  **When to check the first box below:** If you have a Customer Number to represent the fee address.  **When to check the second box below:** If you have no Customer Number representing the desired fee address, in which case a completed Request for Customer Number (PTO/SB/125) must be attached to this form.  For more information on Customer Numbers, see the Manual of Patent Examining Procedure (MEP) § 403.

For the following listed application(s), please recognize as the "Fee Address" under the provisions of 37 CFR 1.363 the address associated with:

[✓]   Customer Number:    **00197**

*OR*

[ ]   The attached Request for Customer Number (PTO/SB/125) form.

| PATENT NUMBER<br>(if known) | APPLICATION NUMBER |
|---|---|
|  | 11/956,969 |

Completed by (check one):

[ ] Applicant/Inventor

[✓] Attorney or Agent of record  46,552
(Reg. No.)

[ ] Assignee of record of the entire interest. See 37 CFR 3.71.
Statement under 37 CFR 3.73(b) is enclosed.
(Form PTO/SB/96)

[✓] Assignee recorded at Reel 021397   Frame 0743

*Robert Beyers*
Signature

Robert B. Beyers
Typed or printed name

650-843-4000
Requester's telephone number

November 3, 2008
Date

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more than one signature is required, see below*.

[✓] * Total of _1_ forms are submitted.

This collection of information is required by 37 CFR 1.363. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 5 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA  22313-1450. DO NOT SEND COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Mail Stop M Correspondence, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

APLNDC00004410

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 11956969 |
| **Filing Date:** | 14-Dec-2007 |
| **Title of Invention:** | LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY |
| **First Named Inventor/Applicant Name:** | Bas Ording |
| **Filer:** | Robert B. Beyers./Beverly Gemello |
| **Attorney Docket Number:** | P4304US1/63266-5054US |

Filed as Large Entity

## Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| Utility Appl issue fee | 1501 | 1 | 1510 | 1510 |
| Publ. Fee- early, voluntary, or normal | 1504 | 1 | 300 | 300 |

APLNDC00004411

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| | | | **Total in USD ($)** | **1810** |

APLNDC00004412

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 4225769 |
| **Application Number:** | 11956969 |
| **International Application Number:** | |
| **Confirmation Number:** | 8460 |
| **Title of Invention:** | LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY |
| **First Named Inventor/Applicant Name:** | Bas  Ording |
| **Customer Number:** | 61725 |
| **Filer:** | Robert B. Beyers./Beverly Gemello |
| **Filer Authorized By:** | Robert B. Beyers. |
| **Attorney Docket Number:** | P4304US1/63266-5054US |
| **Receipt Date:** | 03-NOV-2008 |
| **Filing Date:** | 14-DEC-2007 |
| **Time Stamp:** | 20:29:02 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Deposit Account |
| Payment was successfully received in RAM | $1810 |
| RAM confirmation Number | 4333 |
| Deposit Account | 500310 |
| Authorized User | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|

APLNDC00004413

| 1 | | 63266-5054_IssueFeeTransmitt al-FeeAddress.pdf | 155132 | yes | 2 |
|---|---|---|---|---|---|
| | | | f9ebf0d0161c02e2ebc2eb5bd38abd0ff1ab174c | | |

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| Document Description | Start | End |
| Issue Fee Payment (PTO-85B) | 1 | 1 |
| Change of Address | 2 | 2 |

**Warnings:**

**Information:**

| 2 | Fee Worksheet (PTO-06) | fee-info.pdf | 31947 | no | 2 |
|---|---|---|---|---|---|
| | | | 3f56ac9451743850a79af9d0cb21921a432dc488 | | |

**Warnings:**

**Information:**

| Total Files Size (in bytes): | 187079 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

APLNDC00004414

| INFORMATION DISCLOSURE CITATION<br><br>PTO-1449 | | | | Complete If Known | |
|---|---|---|---|---|---|
| | | | | Application Number | 11/956,969 |
| | | | | Filing Date | December 14, 2007 |
| | | | | First Named Inventor | Bas Ording |
| | | | | Art Unit | 2174 |
| | | | | Examiner Name | Pesin, Boris M. |
| Sheet | 1 | of | 3 | Attorney Docket No. | P4304US1/63266-5054US |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number<br>Number - Kind Code[1] | Publication Date<br>MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Class | Subclass | Filing Date if Appropriate |
|---|---|---|---|---|---|---|---|
| | | 5,844,547 | 12-01-1998 | Minakuchi et al. | 345 | 173 | |
| | | 5,867,158 | 02-02-1999 | Murasaki et al. | 345 | 341 | |
| | | 6,034,688 | 03-07-2000 | Greenwood et al. | 345 | 353 | |
| | | 6,489,951 | 12-03-2002 | Wong et al. | 345 | 173 | |
| | | 6,567,102 | 05-20-2003 | Kung | 345 | 660 | |
| | | 6,661,409 | 12-09-2003 | Demartines et al. | 345 | 173 | |
| | | 6,707,449 | 03-16-2004 | Hinckley et al. | 345 | 173 | |
| | | 6,809,724 | 10-26-2004 | Shiraishi et al. | 345 | 169 | |
| | | 6,907,575 | 06-14-2005 | Duarte | 715 | 784 | |
| | | 6,912,462 | 06-28-2005 | Ogaki | 701 | 208 | |
| | | 6,972,776 | 12-06-2005 | Davis et al. | 345 | 684 | |
| | | 6,975,306 | 12-13-2005 | Hinckley et al. | 345 | 173 | |
| | | 7,009,599 | 03-07-2006 | Pihlaja | 345 | 173 | |
| | | 7,046,230 | 05-16-2006 | Zadesky et al. | 345 | 156 | |
| | | 7,075,512 | 07-11-2006 | Fabre et al. | 345 | 156 | |
| | | 7,102,626 | 09-05-2006 | Denny, III | 345 | 179 | |
| | | 7,154,534 | 12-26-2006 | Seki et al. | 348 | 207.1 | |
| | | 7,155,048 | 12-26-2006 | Ohara | 382 | 132 | |
| | | 7,181,373 | 02-20-2007 | Le Cocq et al. | 703 | 1 | |
| | | 7,184,796 | 02-27-2007 | Karidis et al. | 455 | 566 | |
| | | 7,240,291 | 07-03-2007 | Card et al. | 715 | 776 | |
| | | 2003/0095135 | 05-22-2003 | Kaasila et al. | 345 | 613 | |
| | | 2003/0095697 | 05-22-2003 | Wood et al. | 382 | 131 | |
| | | 2004/0021676 | 02-05-2004 | Chen et al. | 345 | 684 | |
| | | 2004/0080541 | 04-29-2004 | Saiga et al. | 345 | 805 | |
| | | 2004/0263486 | 12-30-2004 | Seni | 345 | 173 | |
| | | 2005/0168488 | 08-04-2005 | Montague | 345 | 659 | |
| | | 2005/0198588 | 09-08-2005 | Lin et al. | 715 | 784 | |
| | | 2005/0237308 | 10-27-2005 | Autio et al. | 345 | 173 | |
| | | 2005/0270269 | 12-08-2005 | Tokkonen | 345 | 156 | |
| | | 2005/0275618 | 12-15-2005 | Juh et al. | 345 | 156 | |
| | 2006 | 2005/0026521 | 02-02-2006 | Hotelling et al. | 715 | 702 | |
| | | 2006/0048073 | 03-02-2006 | Jarrett et al. | 715 | 784 | |

| Examiner Signature | DB2/20768505.1     /Boris Pesin/ | Date Considered | 10/17/2008 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [2] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. [5] Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA  22313-1450.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /B.P./

 United States Patent and Trademark Office

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/956,969 | 12/23/2008 | 7469381 | P4304US1/63266-5054US | 8460 |

61725          7590          12/03/2008
MORGAN LEWIS & BOCKIUS LLP/ AI
2 PALO ALTO SQUARE
3000 EL CAMINO REAL
PALO ALTO, CA 94306

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 0 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Bas Ording, San Francisco, CA;

IR103 (Rev. 11/05)

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 4564868 |
| **Application Number:** | 11956969 |
| **International Application Number:** | |
| **Confirmation Number:** | 8460 |
| **Title of Invention:** | LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY |
| **First Named Inventor/Applicant Name:** | Bas  Ording |
| **Customer Number:** | 61725 |
| **Filer:** | Robert B. Beyers./Deborah Carney |
| **Filer Authorized By:** | Robert B. Beyers. |
| **Attorney Docket Number:** | P4304US1/63266-5054US |
| **Receipt Date:** | 06-JAN-2009 |
| **Filing Date:** | 14-DEC-2007 |
| **Time Stamp:** | 17:22:21 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Request for Certificate of Correction | RequestforCertificateofCorrection.pdf | 48983 <br> beb9539907e73727e52e79c746a3be5b3a6f62af | no | 2 |

| Warnings: |
|---|
| Information: |

APLNDC00004417

Total Files Size (in bytes):                                    48983

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

APLNDC00004418

Electronically filed January 6, 2009

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re Patent: | Bas Ording | Confirmation No. | 8460 |
| Patent No.: | 7,469,381 | Serial No. | 11/956,969 |
| Issued: | December 23, 2008 | Filing Date: | December 14, 2007 |
| For: | *List Scrolling and Document Translation, Scaling, and Rotation on a Touch-Screen Display* | Attorney Docket No: P4304US1/63266-5054US | |

### REQUEST FOR CERTIFICATE OF CORRECTION

Certificate of Corrections Branch
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Sir:

    Upon review of the subject patent, Patentee's attorney discovered one (1) error on the part of the Patent Office.  Patentee's attorney requests correction of the issued patent, a Form PTO 1050 Certificate of Correction is enclosed.

    No fee is believed due for this request, however, The Commissioner is authorized to charge any required fees or credit any overpayments to our Deposit Account No. 50-0310 (order no. 63266-5054-US).

Respectfully submitted,

Date:  January 6, 2009

Robert B. Beyers         46,552
                         (Reg. No.)
**MORGAN, LEWIS & BOCKIUS** LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, California  94306
(650) 843-4000

1

APLNDC00004419

# UNITED STATES PATENT AND TRADEMARK OFFICE
## CERTIFICATE OF CORRECTION

PATENT NO.  : 7,469,381 B2

DATED    : December 23, 2008

INVENTOR(S)  : Ording

   It is certified that an error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

   Column 38, line 8, please insert  - - ; - - after movement.

MAILING ADDRESS OF SENDER:
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306
(650) 843-4000

FORM PTO 1050

PATENT NO.  7,469,381 B2

No. of add'l. copies
@ 30¢ perpage

⟹

APLNDC00004420

# UNITED STATES PATENT AND TRADEMARK OFFICE
## CERTIFICATE OF CORRECTION

PATENT NO.      : 7,469,381 B2                                Page 1 of 1
APPLICATION NO. : 11/956969
DATED          : December 23, 2008
INVENTOR(S)    : Ording

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

Column 38, line 8, please insert -- ; -- after movement.

Signed and Sealed this

Seventeenth Day of February, 2009

*John Doll*

**JOHN DOLL**
*Acting Director of the United States Patent and Trademark Office*

APLNDC00004421

✎ AO 120 (Rev. 3/04)

| TO:   Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been
filed in the U.S. District Court _____ Delaware _____ on the following     X  Patents or         Trademarks:

| DOCKET NO.<br>10cv167 | DATE FILED<br>03/03/2010 | U.S. DISTRICT COURT<br>DISTRICT OF DELAWARE |
|---|---|---|
| PLAINTIFF<br><br>Apple Inc. | | DEFENDANT<br><br>High Tech Computer Corp et al |

| | PATENT OR | DATE OF PATENT | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 7,362,331 B2 | 04/22/2008 | Apple Inc. |
| 2 | 7,479,949 B2 | 01/20/2009 | Apple Inc. |
| 3 | 7,657,849 B2 | 02/02/2010 | Apple Inc. |
| 4 | 7,469381 B2 | 12/23/2008 | Apple Inc.   Continued |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment | ☐ Answer | ☐ Cross Bill | ☐ Other Pleading |
|---|---|---|---|---|
| | PATENT OR | DATE OF PATENT | | HOLDER OF PATENT OR TRADEMARK |
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK<br>PETER T. DALLEO, CLERK OF COURT | (BY) DEPUTY CLERK | DATE<br>03/03/2010 |
|---|---|---|

**Copy 1—Upon initiation of action, mail this copy to Director**    **Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy**

APLNDC00004422