# Exhibit 13

17589
122305

| UTILITY PATENT APPLICATION TRANSMITTAL | Attorney Docket No. | P3921US1/63266-5003US |
|---|---|---|
| | First Inventor | Bas Ording et al. |
| *(Only for new nonprovisional applications under 37 CFR § 1.53(b))* | Title | Continuous Scrolling List with Acceleration |
| | Express Mail Label No. | EV 533 716 300US |

### APPLICATION ELEMENTS
*See MPEP Chapter 600 concerning utility patent application contents.*

*Address to:* **Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, VA 22313-1450**

113256 U.S. PTO    11/32251

1. ☒ Fee Transmittal Form *(with duplicate for fee processing)*

2. ☐ Applicant claims Small Entity status, see 37 C.F.R. § 1.27

3. ☒ Specification                    [Total Pages 23 ]

4. ☒ Drawing(s) *(35 USC § 113)*        [Total Sheets 19 ]

5. ☒ Oath or Declaration              [Total Pages 3 ]
   a. ☒ Newly executed *(original or copy)*
   b. ☐ Copy from a prior application *(37 CFR § 1.63(d))*
   *(for con/div with Box 18 completed)*
      ☐ Deletion of Inventor(s)
      Signed statement attached deleting inventor(s)
      named in the prior application, see 37 CFR §§
      1.63(d)(2) and 1.33(b).

6. ☐ Application Data Sheet, see 37 C.F.R. § 1.76

7. ☐ CD-ROM or CD-R in duplicate, large table or Computer Program *(Appendix)*

8. ☐ Nucleotide and/or Amino Acid Sequence Submission
   *(if applicable, all necessary)*
   a. ☐ Computer Readable Form (CRF)
   b. ☐ Specification Sequence Listing on
      i. ☐ CD-ROM or CD-R (2 copies); or
      ii. ☐ CD-ROM or CD-R (2 copies); or
      iii. ☐ Paper
   c. ☐ Statement verifying identity of above copies

### ACCOMPANYING APPLICATION PARTS

9. ☐ Assignment Papers *(cover sheet & document(s))*

10. ☒ 37 CFR § 3.73(b) Statement
   a. ☒ Power of Attorney

11. ☐ English Translation Document *(if applicable)*

12. ☐ Information Disclosure Statement and PTO-1449
   a. ☐ Copies of IDS Citations

13. ☐ Preliminary Amendment

14. ☒ Return Receipt Postcard *(MPEP 503)*

15. ☐ Certified Copy of Priority Document(s)
   *(if foreign priority is claimed)*

16. ☒ Non-Publication Request
   under 35 U.S.C. § 122 (b)(2)(i)

17. ☐ Other:

**RECEIVED**
**OIPE/IAP**

**JAN 0 4 2006**

---

**18. If a CONTINUING APPLICATION**, *check appropriate box and supply the requisite information below and in a preliminary amendment or in an Application Data Sheet under 37 CFR 1.76:*

☐ This application is a ☐ Continuation ☐ Divisional ☐ Continuation-in-part (CIP) of prior application No.:     filed

Prior application information:   Examiner:         Group Art Unit:

☐ This application is a ☐ Continuation ☐ Divisional ☐ Continuation-in-part (CIP) of prior application No.:     filed
  , which is the National Stage of International Application No. PCT/US   , filed

Prior application information:   Examiner:         Group Art Unit:

☐ This application claims the benefit of Provisional Application No. 60/   , filed     under 35 U.S.C. § 119(e).

☐ This application claims the benefit of Application No.   , filed   in   35 U.S.C. § 119(a).

☐ All of the foregoing applications are incorporated by reference in this application in their entireties.

---

### 19. CORRESPONDENCE ADDRESS: Customer Number 24341

| Signature | *Robert B. Beyers* | Date | December 23, 2005 |
|---|---|---|---|
| Name (Print/Type) | Robert B. Beyers | Registration No. (Attorney/Agent) | 46,552 |

SAMNDCA00000439

Electronically Filed January 23, 2008

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Application of: | Ording et al | Confirmation No.: | 2584 |
| Serial No.: | 11/322,551 | Art Unit: | 2629 |
| Filed: | December 23, 2005 | Examiner: | Hjerpe, Richard A. |
| For: | *Continuous Scrolling List with Acceleration* | Attorney Docket No.: | P3921US1/63266-5003US |

### INFORMATION DISCLOSURE STATEMENT

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

     In accordance with the duty of disclosure provisions of 37 C.F.R. §1.56, there is hereby provided certain information which the Examiner may consider material to the examination of the subject U.S. patent application. It is requested that the Examiner make this information of record if it is deemed material to the examination of the application.

1.    Enclosures accompanying this Information Disclosure Statement are:

    1a.  ☒  A list of all patents, publications, applications, or other information submitted for consideration by the office.

    1b.  A legible copy of :

        ☒  Each foreign patent;

        ☐  Each publication or that portion which caused it to be listed on the PTO-1449;

        ☐  For each cited pending U.S. application, the application specification including the claims, and any drawing of the application, or portion of the application which caused it to be listed on the PTO-1449 including any claims directed to that portion;

        ☐  all other information or portion which caused it to be listed on the PTO-1449.

    1c.  ☒  An English language copy of search report(s) from a counterpart foreign application or PCT International Search Report.

    1d.  ☐  Explanations of relevancy (ATTACHMENT 1(d), hereto) or English language abstracts of the non-English language publications.

2.  ☒  This Information Disclosure Statement is filed under 37 C.F.R. §1.97(b):

        ☐  Within three months of the filing date of a national application other than a continued prosecution application under §1.53(d);

SAMNDCA00000663

☐ Within three months of the date of entry of the national stage as set forth in §1.491 in an international application;

☒ Before the mailing of the first Office action on the merits;

☐ Before the mailing of a first Office action after the filing of a request for continued examination under §1.114.

3.  ☐   This Information Disclosure Statement is filed under 37 C.F.R. §1.97(c) after the period specified in 37 C.F.R §1.97(b), but before the mailing date of any of a final action under 37 C.F.R. §1.113, a notice of allowance under 37 C.F.R. §1.311 or an action that otherwise closes prosecution in the application.

*(Check either Item 3a or 3b)*

3a.   ☐   The Certification Statement in Item 5 below is applicable.  Accordingly, no fee is required.

3b.   ☐   The $180.00 fee set forth in 37 C.F.R. §1.17(p) in accordance with 37 C.F.R. §1.97(c) is:
☐ enclosed
☐ to be charged to Morgan, Lewis & Bockius LLP Deposit Account No. 50-0310 (order no.        ).

*(Item 3b to be checked if any reference known for more than 3 months)*

4.  ☐   This Information Disclosure Statement is filed under 37 C.F.R. §1.97(d) after the period specified in 37 C.F.R. §1.97(c), but on or before the date of payment of the issue fee.

*(Check either Item 4a or 4b)*

4a.   ☐   The Certification Statement in Item 5 below is applicable.

4.b   ☐   The $180.00 fee set forth in 37 C.F.R. §1.17(p) is:
☐ enclosed.
☐ to be charged to Morgan, Lewis & Bockius LLP Deposit Account No. 50-0310 (order no.        ).

5.  ☐   Certification Statement (applicable if Item 3a or Item 4a is checked)

*(Check either Item 5a, 5b or 5c)*

5a.   ☐   In accordance with 37 C.F.R. §1.97(e)(1), it is certified that each item of information contained in this Information Disclosure Statement was first cited in a communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of this Information Disclosure Statement.

5b.   ☐   Each item of information contained in this information disclosure statement was cited in a communication from a foreign patent office in a counterpart application, and the communication was not **received** by any individual designated in 37 C.F.R. §1.56(c) more than thirty days prior to the filing of this information disclosure statement.

5c.   ☐   Pursuant to 37 C.F.R. §1.704(d), each item of information contained in this information disclosure statement was cited in a communication from a foreign

2

SAMNDCA00000664

patent office in a counterpart application, and the communication was not **received** by any individual designated in 37 C.F.R. §1.56(c) more than thirty days prior to the filing of this information disclosure statement.

6.  ☒   Copies of each cited U.S. patent and each U.S. patent application publication are not enclosed pursuant to the USPTO OG Notice dated 05 August 2003 waiving the requirement under 37 C.F.R. 1.98(a)(2)(i) for U.S. patent applications filed after June 30, 2003.

7.  ☐   This application is a continuation application under 37 C.F.R. §1.53(b) or (d).

*(Check appropriate Items 7a, 7b and/or 7c)*

7a.  ☐   A Petition to Withdraw from issue under 37 C.F.R. §1.313(b)(5) is concurrently filed herewith.

7b.  ☐   Copies of publications listed on Form PTO-1449 from prior application Serial No. 10/278,708, filed on October 22, 2002 of which this application claims priority under 35 U.S.C. §120, are not being submitted pursuant to 37 C.F.R. §1.98(d).

7c.  ☐   Copies of the publications listed on Form PTO-1449 were not previously cited in prior application Serial No.        , filed on        , and are provided herewith.

8.  ☐   This is a Supplemental Information Disclosure Statement.  (Check Item 8a)

8a.  ☐   This Supplemental Information Disclosure Statement under 37 C.F.R. §1.97(f) supplements the Information Disclosure Statement filed on        .  A bona fide attempt was made to comply with 37 C.F.R. §1.98, but inadvertent omissions were made.  These omissions have been corrected herein.  Accordingly, additional time is requested so that this Supplemental Information Disclosure Statement can be considered as if properly filed on        .

9.  ☐   In accordance with 37 C.F.R. §1.98, a concise explanation of what is presently understood to be the relevance of each non-English language publication is:

*( Check Item 9a, 9b, or 9c)*

9a.  ☐   satisfied because all non-English language publications were cited on the enclosed English language copy of the PCT International Search Report or the search report from a counterpart foreign application indicating the degree of relevance found by the foreign office.

9b.  ☐   set forth in the application.

9c.  ☐   enclosed as an attachment hereto.

10.  ☒   The Commissioner is authorized to charge any additional fee required or credit any overpayment for this Information Disclosure Statement and/or Petition to Morgan, Lewis & Bockius LLP Deposit Account No. 50-0310 (order no. 63266-5003-US).

3

SAMNDCA00000665

11.  ☒  No admission is made that the information cited in this Statement is, or is considered to be, material to patentability nor a representation that a search has been made (other than a search report of a foreign counterpart application or PCT International Search Report if submitted herewith).  37 C.F.R. §§1.97(g) and (h).

Respectfully submitted,

Date:  January 23, 2008                *Robert B. Beyers*                46,552
                                      _____    (Reg. No.)
                                      Robert B. Beyers
                                      MORGAN, LEWIS & BOCKIUS LLP
                                      2 Palo Alto Square
                                      3000 El Camino Real, Suite 700
                                      Palo Alto, CA 94306
                                      (650) 843-4000

4

SAMNDCA00000666

| INFORMATION DISCLOSURE CITATION<br><br>PTO-1449 | | | | *Complete If Known* | |
|---|---|---|---|---|---|
| | | | | Application Number | 11/322,551 |
| | | | | Filing Date | December 23, 2005 |
| | | | | First Named Inventor | Ording et al. |
| | | | | Art Unit | 2629 |
| | | | | Examiner Name | Hjerpe, Richard A. |
| Sheet | 1 | of | 1 | Attorney Docket No. | P3921US1/63266-5003US |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Document Number<br>Number - Kind Code[1] | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Class | Subclass | Filing Date if Appropriate |
|---|---|---|---|---|---|---|---|
| | | 5,844,547 | 12/01/1998 | Minakuchi et al. | 345 | 173 | |
| | | 2003/0008679 A1 | 01/09/2003 | Iwata et al. | 455 | 556 | |
| | | 2003/0122787 A1 | 07/03/2003 | Zimmerman et al. | 345 | 173 | |
| | | 2004/0100479 A1 | 05/27/2004 | Nakano et al. | 345 | 700 | |
| | | | | | | | |
| | | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Foreign Patent Document<br>Country Code[2] - Number[3] - Kind Code[4] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Class | Sub-class | Translation Yes | Translation No |
|---|---|---|---|---|---|---|---|---|
| | | WO 01/29702 A2 | 04/26/2001 | Koninklijke Philips Electronics N.V. | G06F | 17/30 | | |
| | | | | | | | | |

**OTHER NON PATENT LITERATURE DOCUMENTS**

| Examiner Initials | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published |
|---|---|---|
| | | International Search Report of International Searching Authority, PCT/US2006/061333, 22 November 2007. |
| | | |
| | | |

| Examiner Signature | 1-PA/3686164.1 | | Date Considered | |
|---|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [2] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. [5] Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

SAMNDCA00000667



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/322,551 | 12/23/2005 | Bas Ording | P3921US1/63266-5003-US | 2584 |

| | |
|---|---|
| 61725            7590            12/18/2008 | |
| MORGAN LEWIS & BOCKIUS LLP/ AI | |
| 2 PALO ALTO SQUARE | |
| 3000 EL CAMINO REAL | |
| PALO ALTO, CA 94306 | |

| EXAMINER |
|---|
| LEE JR, KENNETH B |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2629 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 12/18/2008 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

SAMNDCA00001107

| | Application No. | Applicant(s) | |
|---|---|---|---|
| ***Office Action Summary*** | 11/322,551 | ORDING ET AL. | |
| | Examiner | Art Unit | |
| | KENNETH B. LEE JR | 2629 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>23 December 2005</u>.

2a)☐ This action is **FINAL**.     2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-18</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1-18</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☒ The drawing(s) filed on <u>23 December 2005</u> is/are: a)☒ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All   b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☒ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date _____.

4)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____ .

5)☐ Notice of Informal Patent Application

6)☐ Other: _____.

PTOL-326 (Rev. 08-06)          **Office Action Summary**          Part of Paper No./Mail Date 20081204

**SAMNDCA00001108**

Application/Control Number: 11/322,551                                          Page 2
Art Unit: 2629

## DETAILED ACTION

### Claim Rejections - 35 USC § 102

1.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

2.      Claims 1-4, 7, 8, and 18 are rejected under 35 U.S.C. 102(b) as being anticipated

by Zimmerman et al., US Patent Application Publication #2003/0122787, hereinafter

referred to as Zimmerman.

Regarding claim 1, Zimmerman discloses **a computer-implemented method**

(touch-screen image scrolling system and method, abstract), **comprising:**

**determining a movement of a point of contact by a user of a touch-sensitive**

**display** (sensing the touch of a finger upon an electronic display screen… determining

if the finger moves…, 0017; figs. 1-2); **scrolling through a list of items on the touch-**

**sensitive display in response to the movement** (scroll-like display of data on

electronic display screens by making it possible for a user to access a desired portion of

a long list of data and information by scrolling... touch-screen responsive system that

imparts a scrolling motion to the displayed image in response to the motion of a finger in

contact with the screen, 0006-0007); **and accelerating the scrolling in response to**

**an accelerated movement of the point of contact** (the speed and direction of motion

of the finger along the screen determines the initial speed and direction of motion for the

Application/Control Number: 11/322,551                                    Page 3
Art Unit: 2629

image; converting the speed and direction of motion of the touch into corresponding

initial scrolling motion of the displayed data, 0007, 0020).

Regarding claim 2, Zimmerman discloses wherein the scrolling and accelerating

are in accordance with a simulation of a physical device having friction (after the finger

separates from the screen, the image continues to move in the same direction at a

gradually decreasing speed until motion is stopped when the image reaches its "end",

0007).

Regarding claims 3 and 4, Zimmerman discloses wherein the accelerated

movement of the point of contact comprises a first sweeping motion of the point of

contact along a predefined axis of the touch-sensitive display; the method further

comprising further accelerating the scrolling in response to a second sweeping motion

of the point of contact along the predefined axis of the touch-sensitive display

(continued motion of the image may be achieved or again increased by repeating the

"sweeping motion" (also reads on "user gesture") of the user's finger along the screen

(reads on predefined axis), 0007).

Regarding claim 7, Zimmerman discloses wherein the accelerated movement of

the point of contact includes an accelerated movement of the point of contact followed

by a breaking of the point of contact (after the finger separates from the screen…

display will be slowed to a rate corresponding to the motion of the finger at the

movement that contact is broken, 0007).

Regarding claim 8, Zimmerman discloses stopping the scrolling in accordance

with user breaking the point of contact and then establishing a substantially stationary

SAMNDCA00001110

Application/Control Number: 11/322,551                                    Page 4
Art Unit: 2629

point of contact with the touch-sensitive display for at least a pre-determined time

(motion of the displayed image may be stopped manually by applying a finger to the

screen without moving it along the surface for a finite period of time, 0007).

Regarding claim 18, Zimmerman discloses **a graphical user interface** (fig. 2,

item 10), **comprising:  a list of items on a touch sensitive display that scrolls in

response to a predetermined movement of a point of contact by a user of the

display** (scroll-like display of data on electronic display screens by making it possible

for a user to access a desired portion of a long list of data and information by scrolling...

touch-screen responsive system that imparts a scrolling motion to the displayed image

in response to the motion of a finger in contact with the screen, 0006-0007), **wherein

the scroll accelerates in response to an accelerated movement of the point of

contact** (the speed and direction of motion of the finger along the screen determines

the initial speed and direction of motion for the image; converting the speed and

direction of motion of the touch into corresponding initial scrolling motion of the

displayed data, 0007, 0020).

### *Claim Rejections - 35 USC § 103*

3.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

Application/Control Number: 11/322,551                                    Page 5
Art Unit: 2629

4.      Claims 5, 6, and 13-17 are rejected under 35 U.S.C. 103(a) as being

unpatentable over Zimmerman in view of Van Den Hoven et al., US Patent #7,152,210,

hereinafter referred to as Hoven.

        Regarding claim 5, Zimmerman fails to disclose reversing a direction of scrolling

in response to the scrolling intersecting a virtual boundary corresponding to a terminus

of the list.

        Hoven discloses a device and method of browsing an image collection that

comprises a number of representations that contain a scrolling sequence that can be

made infinitely long by letting the first representation in the sequence follow the last

representation or by automatically reversing the direction of scrolling (reads on

reversing the direction when reaching an end of a list, column 4, lines 30-42).

        At the time of the invention, it would have been obvious to one of ordinary skill in

the art to incorporate the invention disclosed in Hoven to modify Zimmerman.

        The motivation for doing so would have been to allow hidden images to be

displayed on the screen (column 4, lines 32-37).

        Therefore, it would have been obvious to combine Hoven with Zimmerman to

obtain the invention as specified in claim 5.

        Regarding claim 6, Hoven discloses wherein the reversing corresponds to a

damped motion (the browsing means may simulate inertia and friction, for example, by

gradually decreasing the scrolling speed (reads on damping motion), column 2, lines

55-65).

SAMNDCA00001112

Application/Control Number: 11/322,551                                          Page 6
Art Unit: 2629

Regarding claim 13, Zimmerman discloses **a computer-implemented method**
(touch-screen image scrolling system and method, abstract**), comprising:**

**determining a movement of a point of contact by a user of a touch-sensitive**

**display** (sensing the touch of a finger upon an electronic display screen… determining

if the finger moves…, 0017; figs. 1-2)**; scrolling through a list of items on the touch-**

**sensitive display in response to the movement** (scroll-like display of data on

electronic display screens by making it possible for a user to access a desired portion of

a long list of data and information by scrolling... touch-screen responsive system that

imparts a scrolling motion to the displayed image in response to the motion of a finger in

contact with the screen, 0006-0007).

Zimmerman fails to disclose reversing a direction of scrolling in response to the

scrolling intersecting a virtual boundary corresponding to a terminus of the list, wherein

the reversing corresponds to a damped motion.

Hoven discloses a device and method of browsing an image collection that

comprises a number of representations that contain a scrolling sequence that can be

made infinitely long by letting the first representation in the sequence follow the last

representation or by automatically reversing the direction of scrolling (reads on

reversing the direction when reaching an end of a list, column 4, lines 30-42).  Hoven

further discloses wherein the reversing corresponds to a damped motion (the browsing

means may simulate inertia and friction, for example, by gradually decreasing the

scrolling speed (reads on damping motion), column 2, lines 55-65).

SAMNDCA00001113

Application/Control Number: 11/322,551                                    Page 7
Art Unit: 2629

At the time of the invention, it would have been obvious to one of ordinary skill in the art to incorporate the invention disclosed in Hoven to modify Zimmerman.

The motivation for doing so would have been to allow hidden images to be displayed on the screen (column 4, lines 32-37).

Therefore, it would have been obvious to combine Hoven with Zimmerman to obtain the invention as specified in claim 13.

Regarding claims 14 and 15, Zimmerman discloses **a touch-sensitive display** (touch screen, abstract), **one or more processors** (fig. 3, item 42), **a memory** (0027); **and a program** (programming of processing unit 12, also reads on "program mechanism"), **wherein the program is stored in the memory and configured to be executed by the one or more processors** (the processing unit 12 includes an internal electronic memory... the internal memory unit may be assumed to be the source of a scrollable data display capable of appearing on display screen which is accessible by hand, 0027), **the program including: instructions for determining a movement of a point of contact by a user of a touch-sensitive display** (sensing the touch of a finger upon an electronic display screen... determining if the finger moves…, 0017; figs. 1-2); **instructions for scrolling through a list of items on the touch-sensitive display in response to the movement** (scroll-like display of data on electronic display screens by making it possible for a user to access a desired portion of a long list of data and information by scrolling... touch-screen responsive system that imparts a scrolling motion to the displayed image in response to the motion of a finger in contact with the screen, 0006-0007); **and instructions for accelerating the scrolling in response to**

SAMNDCA00001114

Application/Control Number: 11/322,551                                    Page 8
Art Unit: 2629

**an accelerated movement of the point of contact** (the speed and direction of motion

of the finger along the screen determines the initial speed and direction of motion for the

image; converting the speed and direction of motion of the touch into corresponding

initial scrolling motion of the displayed data, 0007, 0020).

Zimmerman fails to disclose a portable electronic device.

Hoven discloses a device and method of browsing an image collection wherein

the device could be a hand-held device (column 4, lines 2-8).

At the time of the invention, it would have been obvious to one of ordinary skill in

the art to incorporate the invention disclosed in Hoven to modify Zimmerman.

The motivation for doing so would have been to make the device more efficient.

Therefore, it would have been obvious to combine Hoven with Zimmerman to

obtain the invention as specified in claims 14 and 15.

Regarding claims 16 and 17, Zimmerman discloses **a touch-sensitive display**

(touch screen, abstract), **one or more processors** (fig. 3, item 42), **a memory** (0027);

**and a program** (programming of processing unit 12, also reads on "program

mechanism"), **wherein the program is stored in the memory and configured to be**

**executed by the one or more processors** (the processing unit 12 includes an internal

electronic memory... the internal memory unit may be assumed to be the source of a

scrollable data display capable of appearing on display screen which is accessible by

hand, 0027), **the program including:  instructions for determining a movement of a**

**point of contact by a user of a touch-sensitive display** (sensing the touch of a finger

upon an electronic display screen… determining if the finger moves…, 0017; figs. 1-2);

SAMNDCA00001115

Application/Control Number: 11/322,551                                    Page 9
Art Unit: 2629

**instructions for scrolling through a list of items on the touch-sensitive display in**

**response to the movement** (scroll-like display of data on electronic display screens by

making it possible for a user to access a desired portion of a long list of data and

information by scrolling... touch-screen responsive system that imparts a scrolling

motion to the displayed image in response to the motion of a finger in contact with the

screen, 0006-0007);

Zimmerman fails to disclose a portable electronic device and instructions for

reversing a direction of scrolling in response to the scrolling intersecting a virtual

boundary corresponding to a terminus of the list, wherein the reversing corresponds to a

damped motion.

Hoven discloses a device and method of browsing an image collection wherein

the device could be a hand-held device (column 4, lines 2-8). Hoven discloses browsing

an image collection that comprises a number of representations that contain a scrolling

sequence that can be made infinitely long by letting the first representation in the

sequence follow the last representation or by automatically reversing the direction of

scrolling (reads on reversing the direction when reaching an end of a list, column 4,

lines 30-42). Hoven further discloses wherein the reversing corresponds to a damped

motion (the browsing means may simulate inertia and friction, for example, by gradually

decreasing the scrolling speed (reads on damping motion), column 2, lines 55-65).

At the time of the invention, it would have been obvious to one of ordinary skill in

the art to incorporate the invention disclosed in Hoven to modify Zimmerman.

SAMNDCA00001116

Application/Control Number: 11/322,551                                    Page 10
Art Unit: 2629

The motivation for doing so would have been to allow hidden images to be displayed on the screen (column 4, lines 32-37) and to make the device more efficient.

Therefore, it would have been obvious to combine Hoven with Zimmerman to obtain the invention as specified in claims 16 and 17.

5.      Claims 9 and 10 are rejected under 35 U.S.C. 103(a) as being unpatentable over Zimmerman, as applied to claim 1 above, in view of Iwata et al., US Patent Application Publication #2003/0008679, hereinafter referred to as Iwata.

Regarding claim 9, Zimmerman fails to disclose displaying respective index symbols adjacent corresponding subsets of the list of items while scrolling the list of items.

Iwata discloses a mobile information terminal that contains a tag area that displays tags (applicant's index symbols) related to the information (applicant's list of items) displayed in the content area (0170-0171; fig. 6).

At the time of the invention, it would have been obvious to one of ordinary skill in the art to incorporate the invention disclosed in Iwata to modify Zimmerman.

The motivation for doing so would have been to have a desired screen displayed with less waiting time (abstract).

Therefore, it would have been obvious to combine Iwata with Zimmerman to obtain the invention as specified in claim 9.

Regarding claim 10, Iwata discloses displaying a set of index symbols in a first region of the touch-sensitive display (fig. 6, tag area 28) while displaying the scrolling list of items in a second region of the touch-sensitive display (fig. 6, content area 27);

SAMNDCA00001117

Application/Control Number: 11/322,551                                        Page 11
Art Unit: 2629

and upon detecting that the point of contact is in the first region of the touch-sensitive

display and corresponds to a respective index symbol of the set of index symbols (when

a displayed tag is selected, the top data of the corresponding index is displayed on

content area 27), scrolling the list of items to a corresponding subset of the list of items

(0170-0171).

6.      Claims 11 and 12 are rejected under 35 U.S.C. 103(a) as being unpatentable

over Zimmerman, as applied to claim 1 above, in view of Minakuchi et al., US Patent

#5,844,547, hereinafter referred to as Minakuchi.

        Regarding claim 11, Zimmerman fails to disclose determining if the movement of

the point of contact corresponds to a displacement greater than a pre-determined

magnitude, wherein the scrolling occurs when the movement corresponds to the

displacement greater than the pre-determined magnitude.

        Minakuchi discloses an apparatus for manipulating an object displayed on a

display device by using a touch screen by using scroll manipulation that determines the

operator's finger moves which touching the screen based on touch screen information,

mainly a discriminator sends the system controller a touch report, based on the speed

and time of the finger (column 5, line 14 - column 6, line 19).

        At the time of the invention, it would have been obvious to one of ordinary skill in

the art to incorporate the invention disclosed in Minakuchi to modify Zimmerman.

        The motivation for doing so would have been to provide an apparatus which can

easily manipulate an object displayed on a display unit (column 1, lines 62-64).

SAMNDCA00001118

Application/Control Number: 11/322,551                                        Page 12
Art Unit: 2629

Therefore, it would have been obvious to combine Minakuchi with Zimmerman to obtain the invention as specified in claim 11.

Regarding claim 12, Zimmerman discloses including an offset in the point of contact when scrolling through the list of items, wherein the offset corresponds to the pre-determined magnitude of the displacement, and wherein the offset allows the scrolling to commence smoothly (a timer function associated with system of the invention that measures time while the scrolling action continues and the system begins decreasing the scrolling speed at a controlled rate, from it's initial value which is determined by the speed of the finger touch, until a predetermined minimum speed (applicant's offset), 0022).

### Conclusion

Any inquiry concerning this communication or earlier communications from the examiner should be directed to KENNETH B. LEE JR whose telephone number is (571)270-3147.  The examiner can normally be reached on Mon. - Fri. 7:30AM - 4:00 PM EST.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Bipin Shalwala can be reached on 571-272-7681.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

SAMNDCA00001119

Application/Control Number: 11/322,551                                   Page 13
Art Unit: 2629

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/Bipin  Shalwala/                                  Kenneth B. Lee Jr.
Supervisory Patent Examiner, Art Unit 2629         Examiner
                                                   Art Unit 2629

KBL



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/322,551 | 12/23/2005 | Bas Ording | P3921US1/63266-5003-US | 2584 |

61725          7590          03/11/2009
MORGAN LEWIS & BOCKIUS LLP/ AI
2 PALO ALTO SQUARE
3000 EL CAMINO REAL
PALO ALTO, CA 94306

| EXAMINER |
|---|
| LEE JR, KENNETH B |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2629 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 03/11/2009 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

SAMNDCA00001146

| Interview Summary | Application No. | Applicant(s) |
|---|---|---|
| | 11/322,551 | ORDING ET AL. |
| | Examiner | Art Unit | |
| | KENNETH B. LEE JR | 2629 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) _KENNETH B. LEE JR_.                    (3)_Cyndi Wheeler_.

(2) _Robert Beyers_.                         (4)_____.

Date of Interview: _10 March 2009_.

Type:  a)☐ Telephonic    b)☐ Video Conference
         c)☒ Personal [copy given to:  1)☐ applicant    2)☒ applicant's representative]

Exhibit shown or demonstration conducted:    d)☒ Yes    e)☐ No.
        If Yes, brief description: _____.

Claim(s) discussed: _1_.

Identification of prior art discussed: _Zimmerman_.

Agreement with respect to the claims f)☒ was reached.    g)☐ was not reached.    h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: _Discussed new limitations added to independent claims and examiner agreed that limitations overcame prior art, and examiner would have to perfom further search for added limitations_.

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached.  Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a reply to the last Office action has already been filed, APPLICANT IS GIVEN A NON-EXTENDABLE PERIOD OF THE LONGER OF ONE MONTH OR THIRTY DAYS FROM THIS INTERVIEW DATE, OR THE MAILING DATE OF THIS INTERVIEW SUMMARY FORM, WHICHEVER IS LATER, TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  See Summary of Record of Interview requirements on reverse side or on attached sheet.

| KBL | /Bipin  Shalwala/ |
| | Supervisory Patent Examiner, Art Unit 2629 |

SAMNDCA00001147

Electronically filed March 18, 2009

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Application of: | Ording et al. | Confirmation No.: | 2584 |
| Serial No.: | 11/322,551 | Art Unit: | 2629 |
| Filed: | December 23, 2005 | Examiner: | Lee Jr., Kenneth B. |
| For: | *Continuous Scrolling List with Acceleration* | Attorney Docket No.: P3921US1/63266-5003-US | |

### AMENDMENT

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

This is the response to the December 18, 2008 Office Action for this patent application.  Please enter the following amendments and remarks into the file.

**Amendments to the Claims** begin on page 2 of this response.

**A McKesson statement** is on page 6.

**Remarks** begin on page 6 of this response.

SAMNDCA00001148

## Amendments to the Claims

This listing of the claims will replace all prior versions and listings of the claims in this application.

## Listing of Claims:

1.        (Currently amended) A computer-implemented method, comprising:
determining a movement of a point of contact by a user of a touch-sensitive display;
scrolling through a list of items on the touch-sensitive display in response to the movement; and
accelerating the scrolling in response to an accelerated movement of the point of contact[[.]],
wherein when the scrolling is displayed in a respective time interval with a variable frame rate due to one or more frames being skipped or not displayed, the scrolling acceleration is determined two or more times for the respective time interval.

2.       (Original) The method of claim 1, wherein the scrolling and accelerating are in accordance with a simulation of a physical device having friction.

3.       (Original) The method of  claim 1, wherein the accelerated movement of the point of contact comprises a first sweeping motion of the point of contact along a predefined axis of the touch-sensitive display;
the method further comprising:
further accelerating the scrolling in response to a second sweeping motion of the point of contact along the predefined axis of the touch-sensitive display.

4.       (Original) The method of claim 1, wherein the accelerated movement of the point of contact comprises a first user gesture oriented along a predefined axis of the touch-sensitive display;
the method further comprising:
further accelerating the scrolling in response to a second user gesture oriented along the predefined axis of the touch-sensitive display.

5.       (Original) The method of claim 1, further comprising reversing a direction of scrolling in response to the scrolling intersecting a virtual boundary corresponding to a terminus of the list.

SAMNDCA00001149

6.      (Original) The method of claim 5, wherein the reversing corresponds to a damped motion.

7.      (Original) The method of claim 1, wherein the accelerated movement of the point of contact includes an accelerated movement of the point of contact followed by a breaking of the point of contact.

8.      (Original) The method of claim 1, further comprising stopping the scrolling in accordance with the user breaking the point of contact and then establishing a substantially stationary point of contact with the touch-sensitive display for at least a pre-determined period of time.

9.      (Original) The method of claim 1, further comprising displaying respective index symbols adjacent corresponding subsets of the list of items while scrolling the list of items.

10.     (Original) The method of claim 1, further comprising:

        displaying a set of index symbols in a first region of the touch-sensitive display while displaying the scrolling list of items in a second region of the touch-sensitive display; and

        upon detecting that the point of contact is in the first region of the touch-sensitive display and corresponds to a respective index symbol of the set of index symbols, scrolling the list of items to a corresponding subset of the list of items.

11.     (Original) The method of claim 1, further comprising:

        determining if the movement of the point of contact corresponds to a displacement greater than a pre-determined magnitude, wherein the scrolling occurs when the movement corresponds to the displacement greater than the pre-determined magnitude.

12.     (Original) The method of claim 11, further comprising:

        including an offset in the point of contact when scrolling through the list of items, wherein the offset corresponds to the pre-determined magnitude of the displacement, and wherein the offset allows the scrolling to commence smoothly.

13.     (Cancelled)

14.      (Currently amended) A portable electronic device, comprising:

        a touch-sensitive display;

        one or more processors;

        a memory; and

SAMNDCA00001150

a program, wherein the program is stored in the memory and configured to be executed by the one or more processors, the program including:

instructions for determining a movement of a point of contact by a user of a touch-sensitive display;

instructions for scrolling through a list of items on the touch-sensitive display in response to the movement; and

instructions for accelerating the scrolling in response to an accelerated movement of the point of contact[[.]]<u>,</u>

<u>wherein when the scrolling is displayed in a respective time interval with a variable frame rate due to one or more frames being skipped or not displayed, the scrolling acceleration is determined two or more times for the respective time interval.</u>

15.    (Currently amended) A portable electronic device, comprising:

touch-sensitive display means;

processor means;

memory means; and

a program mechanism, wherein the program mechanism is stored in the memory means and configured to be executed by the processor means, the program mechanism including:

instructions for determining a movement of a point of contact by a user of a touch-sensitive means;

instructions for scrolling through a list of items on the touch-sensitive means in response to the movement; and

instructions for accelerating the scrolling in response to an accelerated movement of the point of contact[[.]]<u>,</u>

<u>wherein when the scrolling is displayed in a respective time interval with a variable frame rate due to one or more frames being skipped or not displayed, the scrolling acceleration is determined two or more times for the respective time interval.</u>

16.    (Cancelled)

17.    (Cancelled)

18.    (Currently amended) A graphical user interface, comprising:

SAMNDCA00001151

a list of items on a touch sensitive display that scrolls in response to a predetermined movement of a point of contact by a user of the display,

wherein the scroll accelerates in response to an accelerated movement of the point of contact[[.]], and

wherein the scrolling acceleration is determined two or more times for the respective time interval when the scroll is displayed in a respective time interval with a variable frame rate due to one or more frames being skipped or not displayed.

19.     (New) A computer-implemented method, comprising:

determining a movement of a point of contact by a user of a touch-sensitive display;

scrolling through a list of items on the touch-sensitive display in response to the movement; and

accelerating the scrolling in response to an accelerated movement of the point of contact,

wherein when the scrolling is displayed in a respective time interval with a variable frame rate due to one or more frames being skipped or not displayed, the scrolling acceleration is projected based on values determined in a preceding and/or a subsequent time interval.

SAMNDCA00001152

### McKesson Statement

In view of *McKesson Information Solutions v. Bridge Medical* (Fed. Cir. 2007), Applicants wish to inform the Examiner the prosecution histories of the following US Patent Applications may contain information relevant to the pending application:

(1) U.S. Application Serial No. 11/322,553, filed December 23, 2005, for which the following office actions has been issued:

        a) Office Action dated June 15, 2007

        b) Office Action dated February 5, 2008

        c) Office Action dated August 5, 2008

        d) Advisory Action dated November 21, 2008

        e) Office Action dated December 26, 2008

(2) U.S. Application Serial No. 11/322,547, filed December 23, 2005, for which the following office actions has been issued:

        a) Office Action dated October 30, 2007

        b) Office Action dated June 9, 2008

        c) Advisory Action dated August 22, 2008

        d) Office Action dated February 5, 2009

The Examiner is encouraged to review the art made of record in the office actions listed above, the office actions themselves, and the notice of allowance, if any, in the above-mentioned applications, all of which are available on PAIR.

### Remarks

This amendment responds to the office action mailed December 18, 2008.  In the office action, the Examiner:

**A.**      rejected claims 1-4, 7-8 and 18 under 35 U.S.C. 102(b) as anticipated by U.S. Patent App. Pub. No. 2003/0122787 ("Zimmerman");

**B.**      rejected claims 5-6 and 13-17 under 35 U.S.C. 103(a) as being unpatentable over Zimmerman in view of U.S. Patent No. 7,152,210 ("Van Den Hoven");

**C.**      rejected claims 9-10 under 35 U.S.C.  103(a) as being unpatentable over Zimmerman, as applied to claim 1 above, in view of U.S. Patent App. Pub. No. 2003/0008679 ("Iwata"); and

SAMNDCA00001153

**D.**      rejected claims 11-12 under 35 U.S.C.  103(a) as being unpatentable over
Zimmerman, as applied to claim 1 above, in view of U.S. Patent No. 5,844,547
("Minakuchi").

### INTERVIEW SUMMARY

Applicants' attorneys thank Examiner Lee for his comments during an interview with
Robert Beyers and Cyndi Wheeler on March 10, 2009.  In the interview, we discussed the
cited art and the claim amendments in this responsive amendment.  Agreement was reached
that the amended claims overcame the cited art, and that the Examiner would perform a new
search.

### OVERVIEW OF CHANGES

Claims 1, 14, 15, and 18 have been amended.

Claims 13, 16, and 17 have been cancelled without prejudice.

New claim 19 has been added.

No new matter has been added, and support for the new claim and the amendments
may be found at least in paragraph [0054].

After entry of this amendment, the pending claims are 1-12, 14-16, and 18-19.

### ARGUMENT

### 35 U.S.C. 102 § REJECTIONS

"A claim is anticipated only if each and every element as set forth in the claim is
found, either expressly or inherently described, in a single prior art reference."  MPEP §
2131, citing *Verdegaal Bros. v. Union Oil Co. of California*, 814 F.2d 628, 631, 2 USPQ2d
1051, 1053 (Fed. Cir. 1987).  "The identical invention must be shown in as complete detail as
is contained in the ... claim."  MPEP § 2131, citing *Richardson v. Suzuki Motor Co.*, 868 F.2d
1226, 1236, 9 USPQ2d 1913, 1920 (Fed. Cir. 1989).  "All words in a claim must be
considered in judging the patentability of that claim against the prior art." MPEP § 2143.03
citing *In re Wilson*, 424 F.2d 1382, 1385, 165 USPQ 494, 496 (CCPA 1970). "During patent
examination, the pending claims must be 'given their broadest reasonable interpretation
consistent with the specification.'" MPEP § 2111 citing *Phillips v. AWH Corp.*, 415 F.3d
1303, 1316, 75 USPQ2d 1321, 1329 (Fed. Cir. 2005).

**A.      Rejection of claims 1-4, 7-8 and 18 under 35 U.S.C. 102(b) as anticipated by
Zimmerman**

Claims 1-4, 7-8 and 18 stand rejected as anticipated by Zimmerman.

SAMNDCA00001154

While applicants do not admit that Zimmerman anticipates the claimed invention, to facilitate prosecution, applicants have amended independent claim 1 to require:

> accelerating the scrolling in response to an accelerated movement of the point of contact,
>
> wherein when the scrolling is displayed in a respective time interval with a variable frame rate due to one or more frames being skipped or not displayed, the scrolling acceleration is determined two or more times for the respective time interval.

Zimmerman neither teaches nor suggests at least this amended limitation.  Further, independent claims 14-15 and 18 contain similar limitations.  Accordingly, for at least this reason, Zimmerman does not anticipate amended independent claims 1, 14-15, and 18 or their associated dependent claims 2-12.  Thus, applicants respectfully request withdrawal of the 35 U.S.C. 102(b) rejections.

### 35 U.S.C. 103 § REJECTIONS

To establish prima facie obviousness of a claimed invention, all the claim elements must be taught or suggested by the prior art. *In re Royka*, 490 F.2d 981, 180 USPQ 580 (CCPA 1974). Finding all the claim elements in the prior art is necessary, but not sufficient. *KSR Intern. Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1741 (2007) ("a patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art"). "All words in a claim must be considered in judging the patentability of that claim against the prior art." *In re Wilson*, 424 F.2d 1382, 1385, 165 USPQ 494, 496 (CCPA 1970).

**B.      Rejection of claims 5-6 and 13-17 under 35 U.S.C. 103(a) as being unpatentable over Zimmerman in view of Van Den Hoven**

As noted above, claims 13 and 17 have been cancelled without prejudice, thus rendering their rejections moot.

As discussed above, as amended, independent claims 1, 14, and 15 have been amended to require:

> when the scrolling is displayed in a respective time interval with a variable frame rate due to one or more frames being skipped or not displayed, the scrolling acceleration is determined two or more times for the respective time interval.

SAMNDCA00001155

As discussed above, Zimmerman neither teaches nor suggests at least these amended limitations.  Van Den Hoven also fails to teach or suggest at least these limitations.  Accordingly, neither reference nor the combination of the reference teaches or suggests at least these limitations, so independent claims 1, 14, and 15 are patentable over the combination of Zimmerman and Van Den Hoven.  Dependent claims 5-6 include all the limitations of independent claim 1, and are therefore allowable at least the same reasons.  Applicants respectfully request that the Examiner withdraw these 35 U.S.C. § 103(a) rejections.

### C.     Rejection of claims 9-10 under 35 U.S.C.  103(a) as being unpatentable over Zimmerman, as applied to claim 1 above, in view of Iwata

As discussed above, independent claim 1, and all the claims which depend from it, are allowable over the Zimmerman reference.  Iwata also fails to teach or suggest at least independent claim 1's limitations of accelerating the scrolling in response to an accelerated movement of the point of contact, <u>wherein when the scrolling is displayed in a respective time interval with a variable frame rate due to one or more frames being skipped or not displayed, the scrolling acceleration is determined two or more times for the respective time interval</u>.  Accordingly, dependent claims 9 and 10 are allowable over the combination of Zimmerman and Iwata for at least the same reasons, and applicants respectfully request that the Examiner withdraw these 35 U.S.C. § 103(a) rejections.

### D.     Rejection of claims 11-12 under 35 U.S.C.  103(a) as being unpatentable over Zimmerman, as applied to claim 1 above, in view of Minakuchi

As discussed above, independent claim 1, and all the claims which depend from it, are allowable over the Zimmerman reference.  Minakuchi also fails to teach or suggest at least independent claim 1's limitations of accelerating the scrolling in response to an accelerated movement of the point of contact, <u>wherein when the scrolling is displayed in a respective time interval with a variable frame rate due to one or more frames being skipped or not displayed, the scrolling acceleration is determined two or more times for the respective time interval</u>.  Accordingly, dependent claims 11-12 are allowable over the combination of Zimmerman and Minakuchi for at least the same reasons, and applicants respectfully request that the Examiner withdraw these 35 U.S.C. § 103(a) rejections.

### E.  New claim 19

Applicants have added new claim 19, which requires in part:

SAMNDCA00001156

accelerating the scrolling in response to an accelerated movement of the point of contact,

> wherein when the scrolling is displayed in a respective time interval with a variable frame rate due to one or more frames being skipped or not displayed, the scrolling acceleration is projected based on values determined in a preceding and/or a subsequent time interval.

None of the art cited, either alone or in combination, teaches or suggests this limitation, and applicants respectfully request the Examiner consider this new claim with a view towards allowance.

By responding only to particular positions the Examiner asserted, the applicant does not acquiesce in other positions.  Applicant does not acquiesce to the Examiner's characterizations regarding the invention, the claims, or the cited references.

The applicant's patentability arguments are not to be understood as implying that no other reasons for patentability exist.

Applicant has neither dedicated nor abandoned any unclaimed subject matter by filing responses and amendments for this patent application.

## *CONCLUSION*

Applicant believes that all claims are now in condition for allowance, and applicant respectfully requests that all claims be allowed.  Should the Examiner believe there are remaining issues that can be resolved, the Examiner is invited to contact the undersigned attorney.  If it is determined that any additional fee is due, please charge the required fee to Morgan, Lewis & Bockius LLP Deposit Account No. 50-0310 (order no. 63266-5003-US).

Respectfully submitted,

Date:   March 18, 2009

*Robert Beyers*

46,552

Robert B. Beyers, Ph.D.

(Reg. No.)

**MORGAN, LEWIS & BOCKIUS LLP**
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306
(650) 843-4000

SAMNDCA00001157