# EXHIBIT SS

Claim Chart of
Dr. Balakrishnan's Deposition Testimony
Regarding LaunchTile

| '381 Patent | Dr. Balakrishnan's Testimony |
|---|---|
| *Claim 1* | |
| A computer-implemented method, comprising: | **2x2 Grid:**<br><br>Q. . . . So the question is: In the 2x2 grid that -- that we have in LaunchTiles in front of you, does the -- running on the iPAQ device, does that perform on a computer-implemented method?<br>MR. MONACH: Object to the form of the question. I'll object to this whole line of questioning as calling for a legal conclusion; asking the witness to form an -- a new opinion on a topic he has not opined upon at the deposition with incomplete information or opportunity to examine the device of a product, but you can answer.<br>MR. JOHNSON: You can have a running objection on that, just to try and cut though this.<br>THE WITNESS: So I haven't examined this in any great detail, but just looking at this right now, it's -- certainly is an application that's running on a computer-implemented -- or a computer -- so it is a computer-implemented method.<br><br>278:16-279:8.<br><br>**2x4 Grid:**<br><br>MR. JOHNSON: Q. Would you agree that Exhibit 114 meets the limitations of Claim 1 of the '381 patent?<br>MR. MONACH: Same objection.<br>THE WITNESS: All elements of the claim?<br>MR. JOHNSON: Yeah, under the scenario that we just showed you.<br>THE WITNESS: So, again, back to my earlier answers, first of all, I haven't had a chance to |

|  | study this, the representation you had of the eight -- eight tiles being one document as a whole, that's your representation. Given that hypothetical, I would also say, as I said earlier, the blue circle in the middle, which you represented the whole thing was a document, that does not appear to move when you -- when you translate the document.<br>So, as a result, I would say, given those qualifications, the -- the entirety of these claims are not met. But if you assume, if those things are not present, if the blue thing wasn't there, and the -- or it moved along with it as a document, it -- it appears to meet the claims.<br><br>317:6-318:2<br><br>**Inbox:**<br><br>THE WITNESS: Okay. So to the extent that I'm seeing this for the first time, I haven't seen that application at all before, so I'm -- I'm giving this opinion on the fly here, I haven't considered it, and it's not a detailed thing I've considered, so I'm looking here. It appears to meet the computer-implemented method preamble.<br><br>326:7-328:1. |
|---|---|
| at a device with a touch screen display: | **2x2 Grid:**<br><br>Q And does LaunchTiles running on iPAQ, does that meet the limitation of a device with a touchscreen display?<br>MR. MONACH: Same objection.<br>THE WITNESS: It's not clear, to me, this is a touchscreen display. I tried touching it a minute ago, like when I was playing with it, and it didn't react to me, but the -- the pen seems to do the job.<br>Okay, so now it does react, so maybe I was mistaken. Given what he just did, it appears to react to touches, so, sure, it would be a device with a touchscreen display.<br><br>278:10-21. |

| | |
|---|---|
| | **2x4 Grid:**<br><br>317:6-318:2<br><br>**Inbox:**<br><br>THE WITNESS: Okay. So to the extent that I'm seeing this for the first time, I haven't seen that application at all before, so I'm -- I'm giving this opinion on the fly here, I haven't considered it, and it's not a detailed thing I've considered, so I'm looking here. It appears to meet the computer-implemented method preamble.<br><br>326:7-328:1. |
| displaying a first portion of an electronic document; | **2x2 Grid:**<br><br>Q.  So when – when he slides it slightly to the left, does that display a first portion of an electronic document if you assume that that 2x2 grid is an electronic document?<br>MR. MONACH: Same objection.<br>THE WITNESS: So if we make that assumption that that 2x2 grid in its entirety is an electronic document and after he slid it, that could be a first portion.<br><br>287:9-17.<br><br>**2x4 Grid:**<br><br>317:6-318:2<br><br>**Inbox:**<br><br>It appears, giving your representation, that that's a list, and it displays the first portion. It meets the first element.<br><br>326:7-328:1. |
| detecting a movement of an object on or near the touch screen display; | **2x2 Grid:**<br><br>Q.  Does LaunchTiles, with this 2x2 grid |

| | |
|---|---|
| | operated on an iPAQ, detect a movement of an object on or near the touchscreen display?<br>A. Yes, it does.<br><br>289:2-5.<br><br>**2x4 Grid:**<br><br>317:6-318:2<br><br>**Inbox:**<br><br>To the extent that it detects a movement, it may meet the second element.<br><br>326:7-328:1. |
| in response to detecting the movement, translating the electronic document displayed on the touch screen display in a first direction to display a second portion of the electronic document, wherein the second portion is different from the first portion; | **2x2 Grid:**<br><br>Q So does the 2x2 LaunchTiles grid operating on the iPAQ describe the next limitation in the claims, which is numbered as three?<br>A So this one's saying in response to detecting the movement translating electronic document displayed in the touchscreen in the first direction to display the second portion?<br>MR. MONACH: Same objection.<br>MR. JOHNSON: Correct.<br>THE WITNESS: So you want me to assume the first portion was after he had moved to the left, and now you move it back, and you're saying that's the second portion of the document?<br>MR. JOHNSON: Right.<br>THE WITNESS: With -- with the same caveats I said earlier about the blue thing moving and whether that's part of the document or not, I'll repeat that as part of my current answer, and, again, I haven't had a chance to explore this in great detail, but given those, the qualifications, I would say it appears to be -- it could be meeting that claim -- claim element.<br><br>289:20-290:16<br><br>**2x4 Grid:** |

| | |
|---|---|
| | 317:6-318:2 |
| | **Inbox:** |
| | With the third element, it appears to meet that. |
| | 326:7-328:1. |
| in response to an edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display: | **2x2 Grid:** |
| | MR. JOHNSON: Q. So, again, the question is: Does the movement that Mr. Lien just did meet the fourth limitation of the claim?<br>MR. MONACH: Same objection as previously stated.<br>THE WITNESS: Again, with the same qualifications about the blue circle in the middle not moving, and if that was part of the document, then it doesn't move appropriately. And, again, with the same qualifications I made earlier, that I haven't had a chance to look at this in detail. Just sitting here right now, an off-the-cuff view of this, I would say it appears to meet -- meet the fourth limitation. |
| | 290:17-292:3. |
| | **2x4 Grid:** |
| | 317:6-318:2 |
| | **Inbox:** |
| | 326:7-330:18. |
| displaying an area beyond the edge of the document, and | **2x2 Grid:** |
| | Q Does LaunchTiles in the 2x2 grid operating on the iPAQ meet the fifth limitation of Claim 1?<br>MR. MONACH: Same objection as previously stated; assumes facts not in evidence, as well.<br>THE WITNESS: Can you do that again, please?<br>Again, given -- well, something else happened. So, again, given the qualifications I did earlier -- I said earlier about the circle in the middle, the blue circle, and also the fact that I haven't |

| | |
|---|---|
| | looked at this in any detail, in this quick view of this -- of this application running here, I would say it appears to meet the -- the fifth element.<br><br>292:5-16.<br><br>**2x4 Grid:**<br><br>317:6-318:2<br><br>**Inbox:**<br><br>326:7-330:18. |
| displaying a third portion of the electronic document, wherein the third portion is smaller than the first portion; and | **2x2 Grid:**<br><br>MR. JOHNSON: Q. And meet that -- meets the sixth claim limitation; right?<br>A Well, maybe -- maybe he can show me that.<br>Q Sure.<br>A Show me your first portion. Let's see your first portion. Okay. Second portion. Okay. Third portion. It's very hard to tell. It's bouncing around. I'd have to measure it. It could be. It -- it may not be. It's clearly smaller necessarily, because the other one is also not full screen. It moved off to the other side --<br>MR. JOHNSON: And can you do --<br>THE WITNESS: -- so there was --<br>MR. JOHNSON: -- it again that's more pronounced.<br>Q So let's -- let's look at the first, second, third portions again.<br>A Okay. That's your first portion. So second portion is in the center. It appears, in this case, he's moved it a bit more, and it --<br>MR. MONACH: Same objection.<br>THE WITNESS: -- it potentially could -- could infringe -- sorry -- it could not infringe –<br>MR. JOHNSON: Meet the limitation.<br>THE WITNESS: -- meet the limitation of Claim 6, again with the qualifications that I -- I just went through with the circle in the middle and the fact that I haven't studied this in any great detail.<br>MR. JOHNSON: Q. It would meet the sixth |

|  | limitation of Claim 1; right?<br>MR. MONACH: Same objection; asked and answered.<br>MR. JOHNSON: Q. You said Claim 6, and I think you misspoke.<br>A I meant to say the sixth limitation.<br><br>292:17-295:2.<br><br>**2x4 Grid:**<br><br>317:6-318:2<br><br>**Inbox:**<br><br>326:7-330:18. |
|---|---|
| in response to detecting that the object is no longer on or near the touch screen display, translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion. | **2x2 Grid:**<br><br>Q And when he lifts the stylus or his finger, does it meet the seventh limitation of Claim 1?<br>MR. MONACH: Same objection.<br>THE WITNESS: In this case, it's back to the original document, which was, and I would say, to go back, when you -- when you displayed the first portion of the electronic document, that already included a movement, which the claims doesn't talk about. So you already had a movement there. Given that, and given all the caveats -- sorry -- the qualifications that I have made with regards to this -- this demonstration, the circle not moving, the fact that I have not looked at this in any great detail, it -- it appears that it could meet that -- that -- that -- sorry -- element 7 of Claim 1, again, with the qualification again that -- that the first portion of this case already included a movement, which this -- this claim doesn't appear to talk about.<br><br>295:5-22.<br><br>**2x4 Grid:**<br><br>317:6-318:2<br><br>**Inbox:** |

|  | 326:7:17-330:18. |
|---|---|
| *Claim 2* |  |
| The computer-implemented method of claim 1, wherein the first portion of the electronic document, the second portion of the electronic document, the third portion of the electronic document, and the fourth portion of the electronic document are displayed at the same magnification. | **2x2 Grid:**<br><br>Q Does the 2x2 grid in LaunchTile operating on the iPAQ meet the limitation described in Claim 2?<br>MR. MONACH: Same objection as previously stated with the questions about 1; lacking in foundation, given his prior testimony about Claim 1.<br>MR. JOHNSON: Counsel, I really suggest you just keep a running objection, but you're really interfering with the examination, at this point.<br>THE WITNESS: So with regards to Claim 2, I'm looking at this again, my qualifications of -- of what is the electronic document here, from my earlier answers, it's not clear that -- whether that blue circle in the middle is part of the document or not, or, again, I'm looking at this on the flight here, haven't had the time to study it. It is -- I haven't had time to determine if the magnification changes, as he moves it around or not. It might be. It might not be. At, you know, first glance, it looks like it hasn't changed, but I haven't had time to -- to study this in detail, so I cannot give a definitive answer as to whether the magnification of the electronic document, to the extent that's even an electronic document in this application, remains the same.<br><br>299:16-300:14.<br><br>**2x4 Grid:**<br><br>THE WITNESS: So with regard to Claim 2, let me quickly look at this again, first portion, second portion. So Claim 2 was with regard to the magnification. Again, similar to the same answer I gave -- to the answer I gave earlier when you went over to Claim 2, I would have to determine for sure whether that was indeed of the same magnification, but if it is, then it would be met. Again, given all the caveats that |

|  | I -- sorry -- all of the qualifications that I just made with regards to Claim 1 not being met, and Claim 1 is incorporated in Claim 2.<br><br>319:17-320:8 |
|---|---|
| *Claim 3* |  |
| The computer-implemented method of claim 1, wherein the movement of the object is on the touch screen display. | **2x2 Grid:**<br><br>Q Does Exhibit 114 meet the limitations of Claim 3?<br>MR. MONACH: Same objection as stated in response to the previous question.<br>THE WITNESS: To the extent that -- my understanding is Claim 3 is a dependent claim on Claim 1, so to the extent that Claim 1 is met, which I'm not agreeing whether it does or not, based on my earlier testimony. That said, the -- the portion of the Claim 3, which says the movement of the objects on a touchscreen display, that would be met, yes.<br><br>300:19-301:4.<br><br>**2x4 Grid:**<br><br>Claim 3 is -- the movement is on the touchscreen display, but since it's incorporated in Claim 1, if Claim 1 has -- is not met, for the reasons I just gave you, then it would not be met. But if Claim 1 is met, Claim 3 would be met.<br><br>320:9-13. |
| *Claim 4* |  |
| The computer-implemented method of claim 1, wherein the object is a finger. | **2x2 Grid:**<br><br>MR. JOHNSON: Q. And the limitation of Claim 4 would also be met; right?<br>A With regards to whether the object being a finger, if you can do that again, just so I can see it.<br>Yes, it appears that a finger would affect that kind of movement.<br><br>301:5-11. |

| | |
|---|---|
| | **2x4 Grid:**<br><br>Q How about Claim 4?<br>A Claim 4 --<br>MR. MONACH: Same objection.<br>THE WITNESS: -- is the same. I have the same answer as Claim 3, really. If Claim 1 is met, which, as I've said earlier, it may or may not be met, the object could be a finger, and your colleague has demonstrated that. So I think that would be met, if Claim 1 is met.<br><br>320:14-22. |
| *Claim 5* | |
| The computer-implemented method of claim 1, wherein the first direction is a vertical direction, a horizontal direction, or a diagonal direction. | **2x2 Grid:**<br><br>Q And does Exhibit 114 meet the limitations of Claim 5?<br>MR. MONACH: Same objection.<br>THE WITNESS: When you say "Exhibit 114," you mean the device with the application running on it?<br>MR. JOHNSON: That's correct.<br>THE WITNESS: Okay.<br>Again, given the -- the same qualifications I've given with my earlier answers with regards to whether it meets Claim 1, and Claim 5 is a dependent claim in Claim 1.<br>Given those qualifications, which I'd like to incorporate in this current answer, I would say, given those qualifications, yes, his first direction is one of a vertical/horizontal or diagonal, so it would meet -- would meet the limitations of Claim 5.<br><br>301:12-302:2<br><br>**2x4 Grid:**<br><br>What is the next claim? Five?<br>MR. JOHNSON: Five.<br>THE WITNESS: Again, as in my previous answers, Claim 5 is dependent on Claim 1, and given all of the qualifications I've made with regards to whether Claim 1 is met, if Claim 1 is met, then Claim 5 would be met as the first |

| | |
|---|---|
| | direction, is one of these three vertical, horizontal, or diagonal directions.<br><br>320:23-321:6. |
| *Claim 7* | |
| The computer-implemented method of claim 1, wherein the electronic document is a digital image. | **2x2 Grid:**<br><br>302:3-306:5<br><br>**2x4 Grid:**<br><br>MR. JOHNSON: Q. How about Claim 7?<br>A Claim 7, I'm gonna give the same answer I gave earlier when you went over this. It's not clear to me that -- whether that electronic document consisting of, as you, yourself, said, 2x4 grid of -- of images is whether that concatenation of imagines is a digital image or not, or whether that's eight different images or something else. So I can't say for sure until I've studied this in more detail.<br><br>321:7-15 |
| *Claim 9* | |
| The computer-implemented method of claim 1, wherein the electronic document includes a list of items. | **2x2 Grid:**<br><br>MR. JOHNSON: Q. Does Exhibit 114 meet the limitations of Claim 9?<br>MR. MONACH: Same objection.<br>THE WITNESS: To the extent that if you say the whole of four images can constitute the electronic document, I would say, given this particular set of content there, there appears to be a list of -- if you don't mind, phone list and an inbox, which has a list of items there.<br>So that --<br>MR. JOHNSON: Zoom in.<br>THE WITNESS: -- the electronic document includes a list of items, which is what Claim 9 says. It doesn't necessarily mean the whole document is a list.<br><br>306:6-20. |

|  | **2x4 Grid:**<br><br>Q How about Claim 9?<br>MR. MONACH: Same objection.<br>THE WITNESS: Claim 9, I would have to look at that very quickly again, just to see. So this is still part of the eight -- eight items, okay. Claim 9, given the qualifications with regards to Claim 1, and as I've said, Claim 1 may or may not be met, depending on some of the issues there that I've already discussed, and since Claim 9 is dependent on Claim 1, if Claim 1 is met, then, in this example, if that is indeed the electronic document, it appears that it has, at least in some -- some parts of that document, has a list of documents that would be met.<br><br>321:16-322:4 |
|---|---|
| *Claim 10* | |
| The computer-implemented method of claim 1, wherein the second direction is opposite the first direction. | **2x2 Grid:**<br><br>MR. JOHNSON: Q. Does it meet the limitations of Claim 10?<br>MR. MONACH: Same objection.<br>THE WITNESS: Based on what he showed me earlier, and given the qualifications I've already made regarding Claim 1, I would say it meets Claim 10, yes.<br><br>306:6-307:2<br><br>**2x4 Grid:**<br><br>MR. JOHNSON: Q. How about Claim 10?<br>MR. MONACH: Same objection.<br>THE WITNESS: Claim 10, again, I would say it depends on Claim 1, as is clear there, and given all the qualifications I've made with regards to whether Claim 1 is met, would apply here, and if Claim 1 is met, there -- the second direction of movement could be -- I mean, it's possible that it's often the first direction.<br>MR. JOHNSON: Q. So it would be met?<br>MR. MONACH: Same objection.<br>THE WITNESS: It would be met if Claim 1 is |

|  | met with all my qualifications I've already discussed.<br><br>322:5-17. |
|---|---|
| *Claim 13* |  |
| The computer-implemented method of claim 1, wherein the area beyond the edge of the document is black, gray, a solid color, or white. | **2x2 Grid:**<br><br>307:3-308:19<br><br>**2x4 Grid:**<br><br>322:18-323:11 |
| *Claim 14* |  |
| The computer-implemented method of claim 1, wherein the area beyond the edge of the document is visually distinct from the document. | **2x2 Grid:**<br><br>MR. JOHNSON: Q. Does Exhibit 114 meet the limitations in Claim 14?<br>MR. MONACH: Same objection as previously stated to this line of questioning.<br>THE WITNESS: And that's an even trickier one, because I'd have to look very carefully at the content of this stuff that's bouncing around on the edge there and -- to determine if that actually is. So, for example, the bottom here -- whether -- whether that content is actually different, I'd have to study it carefully. To the extent that it is different, then I would say, yes, it meets it. It would really depend on what that content is.<br><br>308: 20-309:7<br><br>**2x4 Grid:**<br><br>Q How about Claim 14?<br>MR. MONACH: Same objection.<br>THE WITNESS: To the extent that the area beyond the edge is some other content that one could -- could determine to be visually distinct, it would be met if Claim 1 is met, which it's not clear, given all of the qualifications I've already -- I've already --<br>MR. JOHNSON: Q. How about --<br>A -- discussed in this deposition.<br><br>323:13-22. |

| | |
|---|---|
| *Claim 16* | |
| The computer-implemented method of claim 1, wherein changing from translating in the first direction to translating in the second direction until the area beyond the edge of the document is no longer displayed makes the edge of the electronic document appear to be elastically attached to an edge of the touch screen display or to an edge displayed on the touch screen display. | **2x2 Grid:**<br><br>MR. JOHNSON: Q. Does claim -- does Exhibit 114 meet the limitations in Claim 16?<br>MR. MONACH: Same objections.<br>THE WITNESS: Can you do that first direction, second direction, and lift it up again, please. If you don't mind, I'll look at it. Whoops.<br>MR. LIEN: Sorry.<br>THE WITNESS: Or maybe I can play with it, if you don't mind. I'm having trouble looking at this thing. Yeah, okay.<br>Do that again. It would appear to be, again, with all the caveats of -- all of the qualifications I've already made with regards to Claim 1, I would say it appears to be, this particular example, there might be an elastic connection there or elastic look to that.<br><br>309:8-23.<br><br>**2x4 Grid:**<br><br>How about Claim 16?<br>MR. MONACH: Same objection.<br>THE WITNESS: Can you do that for me again, please.<br>So Claim 16, again, it depends on Claim 1. So to the extent that Claim 1 is or isn't met would -- would impact Claim 16, but the portion of Claim 16 that talks about the elastically attached, that -- that appears to be demonstrated in this application. As to whether the whole claim is met would depend on Claim 1, as I've discussed.<br><br>323:24-324:9. |
| *Claim 19* | |
| A device, comprising: a touch screen display; one or more processors; memory; and one or more programs, wherein the one or more programs are stored in the memory and configured to be executed by the one or more processors, the programs including: | **2x2 Grid:**<br><br>MR. JOHNSON: Q. Does Exhibit 114 meet the claim limitations described in Claim 19 of the '381 patent?<br>MR. MONACH: Same objection as previously |

| | |
|---|---|
| instructions for displaying a first portion of an electronic document; instructions for detecting a movement of an object on or near the touch screen display; instructions for translating the electronic document displayed on the touch screen display in a first direction to display a second portion of the electronic document, wherein the second portion is different from the first portion, in response to detecting the movement; instructions for displaying an area beyond an edge of the electronic document and displaying a third portion of the electronic document, wherein the third portion is smaller than the first portion, in response to the edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display; and instructions for translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion, in response to detecting that the object is no longer on or near the touch screen display. | 3 stated.<br>THE WITNESS: Again, the same qualifications with regards to Claim 1 in whether this device meets that or not. To the extent that this is running a computer program, like in the Samsung phones, it clearly has one or more programs running, and then, therefore, it would meet Claim 19, again given my qualifications of Claim 1.<br><br>309:24-310:10.<br><br>**2x4 Grid:**<br><br>MR. JOHNSON: Q. Are the limitations in Claim 19 met by Exhibit 114 running LaunchTiles on the iPAQ?<br>MR. MONACH: Same objection.<br>THE WITNESS: I haven't had a chance to study this in great detail, but given that it -- given the functionality I've seen here with the same set of qualifications I've already done with Claim 1, where the language is repeated, just the instructions and the number of the -- the one or more programs stored and executed, that would have to -- that would be met, but the -- the other portions that correspond to a language in Claim 1 may or may not be met, depending on my -- depending on the qualifications I just talked about.<br><br>324:10-24<br><br>**Inbox:**<br><br>Q Can you tell me if this meets the limitations of Claims 19 and 20?<br>MR. MONACH: Same objection.<br>THE WITNESS: So to the extent that if it meets the elements of Claim 1, which I've just discussed it may not, if it didn't meet Claim 1, then a lot of the language in Claim 19 is not met or the portion that talks about one or more programs with instructions in Claim 19, that, I think, would be met. |

|  | 330:23-331:6. |
|---|---|
| *Claim 20* |  |
| A computer readable storage medium having stored therein instructions, which when executed by a device with a touch screen display, cause the device to: display a first portion of an electronic document; detect a movement of an object on or near the touch screen display; translate the electronic document displayed on the touch screen display in a first direction to display a second portion of the electronic document, wherein the second portion is different from the first portion, in response to detecting the movement display an area beyond an edge of the electronic document and display a third portion of the electronic document, wherein the third portion is smaller than the first portion, if the edge of the electronic document is reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display; and translate the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion, in response to detecting that the object is no longer on or near the touch screen display. | **2x2 Grid:**<br><br>MR. JOHNSON: Q. And does Exhibit 114 meet Claim 1?<br>MR. MONACH: Same objection.<br>THE WITNESS: And my, kind of, similar answer, taking all my -- my qualifications with regards to Claim 1, you would have to have some kind of storage media, so it would meet Claim 20, with the same set of qualifications for all of the different elements.<br><br>310:11-19.<br><br>**2x4 Grid:**<br><br>MR. JOHNSON: Q. And how about Claim 20? Would that be met by Exhibit 114?<br>MR. MONACH: Same objection.<br>THE WITNESS: Claim 20, again, similar to my answer for Claim 19, it has all the language of Claim 1, and that would have the same qualifications that I've already discussed, or the portion about the instructions being stored in a computer storage medium, I think that would have to -- that would be present on that device.<br><br>324:35-325:9.<br><br>**Inbox:**<br><br>MR. JOHNSON: Q. And what about Claim 20?<br>MR. MONACH: Same objection.<br>THE WITNESS: Same kind of answer with Claim 20. To the extent that the elements of Claim 20 that regard -- relate to Claim 1, they may not be met, as I've just discussed with Claim 1, but the portion about a readable storage medium having stored their instructions, which executed that portion, would be met.<br><br>331:7-15. |

*To the right is an excerpt taken from Exhibit 115 from the Deposition of Dr. Ravin Balakrishnan. This excerpt identifies the numbered elements or limitations that Dr. Balakrishnan refers to within the testimony cited in the chart above. For ease of reference, this excerpt has been provided here.

What is claimed is:
1. A computer-implemented method, comprising:
at a device with a touch screen display:
  1. displaying a first portion of an electronic document;
  2. detecting a movement of an object on or near the touch screen display;
  3. in response to detecting the movement, translating the electronic document displayed on the touch screen display in a first direction to display a second portion of the electronic document, wherein the second portion is different from the first portion;
  4. in response to an edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display:
  5. displaying an area beyond the edge of the document, and
  6. displaying a third portion of the electronic document, wherein the third portion is smaller than the first portion; and
  7. in response to detecting that the object is no longer on or near the touch screen display, translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion.