# Exhibit B



San Francisco Superior Courts
Information Technology Group

# Document Scanning Lead Sheet

Feb-24-2006 3:45 pm

Case Number: CGC-04-431105

Filing Date: Feb-24-2006 3:43

Juke Box: 001   Image: 01391819

CROSS COMPLAINT

RAMBUS INC., VS. MICRON TECHNOLOGY,INC.,A DELAWARE CORPORATION et a

001C01391819

**Instructions:**
Please place this sheet on top of the document to be scanned.

ORIGINAL

SHEPPARD MULLIN RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. MCGINNIS, Cal. Bar No. 95788
MONA SOLOUKI, Cal. Bar No. 215145
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:  415-434-9100
Facsimile:  415-434-3947

Attorneys for Defendant and Cross-Complainant
SAMSUNG ELECTRONICS CO., LTD.

**FILED**
San Francisco County Superior Court
FEB 2 4 2006
GORDON PARK-LI, Clerk
BY: _____
        Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| RAMBUS INC., <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., et al., <br><br> Defendants. | Case No. 04-431105 <br><br> [Complaint Filed: May 5, 2004] <br><br> **CROSS-COMPLAINT OF SAMSUNG ELECTRONICS CO., LTD. AGAINST CROSS-DEFENDANT RAMBUS, INC.** <br><br> [JURY TRIAL DEMANDED] <br><br> Trial Date: NONE SET |
| SAMSUNG ELECTRONICS CO., LTD. <br><br> Defendant and Cross-Complainant, <br><br> v. <br><br> RAMBUS, INC <br><br> Plaintiff and Cross-Defendant | |
| AND RELATED CROSS-CLAIMS | |

W02-SF:FNO\61485765.1
Case No. 04-431105

CROSS-COMPLAINT OF SAMSUNG ELECTRONICS CO., LTD.
AGAINST CROSS-DEFENDANT RAMBUS, INC.

# CROSS-COMPLAINT

Defendant and Cross-Complainant Samsung Electronics Co, LTD. ("SEC") brings the following cross-claims against Plaintiff and Cross-Defendant Rambus Inc. ("Rambus") and Does 1-20, inclusive.

1. SEC is a Korean corporation based in Seoul, Korea, with its principal place of business at 250 Taepyungro-2ga Jung-Gu, Seoul, 100-742, Republic of Korea. SEC is the ultimate parent of defendants and cross-complainants Samsung Semiconductor, Inc. ("SSI") and Samsung Electronics America, Inc. ("SEA"). SEC, SSI, and SEA are collectively referred to herein as "Samsung."

2. Rambus is a corporation incorporated and existing under the laws of Delaware, with its principal place of business at 4440 El Camino Real, Los Altos, California, 94022.

3. Cross-defendants Does 1-20, inclusive, are hereby sued herein under such fictitious names. Their true names and capacities of Does 1-20 are unknown to SEC. When their true names and capacities are ascertained, SEC will amend this Cross-Complaint by inserting their true names and capacities. SEC is informed and believes, and thereon alleges, that each of the fictitiously-named cross-defendants Does 1-20 acted in concert with Rambus and each other, and each is somehow responsible for the illegal and wrongful acts, and injury suffered by SEC, as alleged herein.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this Cross-Complaint under California Code of Civil Procedure Section 428.10.

5. Venue is proper in this county under California Code of Civil Procedure Section 428.10 and Section 395.

## RAMBUS' UNFAIR, ANTICOMPETITIVE AND ILLEGAL CONDUCT

6. Rambus has used a series of unfair, anticompetitive and illegal tactics to systematically eliminate, or prevent the development of DRAM products which compete with Rambus' own "Direct Rambus DRAM" or "RDRAM" technology. These wrongful activities included systematic misuse of standard-setting organizations through repeated efforts to gain industry-wide acceptance for standards which would incorporate alleged Rambus proprietary and patented technologies without disclosing that fact to the other participants in those standard-setting organizations, and in violation of the rules of those organizations. Rambus has pursued an anticompetitive business strategy employing litigation, threats and illegal tactics against Samsung and others, including a carefully orchestrated document destruction program to make sure that none of its damaging internal documents would ever be produced or discovered.

7. Beginning no later than 1998, and continuing to the present, Rambus' unfair, anticompetitive and illegal scheme directly targeted DRAM manufacturers such as Samsung that manufactured and sold DRAM products that competed with Rambus' RDRAM technology. Rambus' illegal plan included pursuing a raft of illegitimate claims and allegations against DRAM manufacturers that developed competing technologies, including Samsung, Micron, Hynix and Siemens, threats in negotiations, and unfounded lawsuits which included alleged claims for unfair competition, antitrust violations and alleged patent infringement.

8. From the time of its founding, Rambus never had any intention of manufacturing any products. Its business plan included improperly obtaining patents and either compelling others to take licenses, or suing. Since at least 1998, spurious litigation has been an important component of Rambus' business strategy against its rivals. Rambus purports to be the owner by assignment of various U.S. Patents purportedly related to the manufacture of DRAM and DRAM interfaces.

9. During the 1990s, Rambus actively participated in industry meetings on standards for DRAM products, including SDRAM and DDR DRAM products in the

-2-

W02-SF:FNO\61485765.1
Case No. 04-431105

CROSS-COMPLAINT OF SAMSUNG ELECTRONICS CO., LTD.
AGAINST CROSS-DEFENDANT RAMBUS, INC.

1  Joint Electron Device Engineering Council ("JEDEC"). Rambus improperly used
2  information it obtained as a result of its membership in JEDEC to secure additional patents
3  and claims. Rambus' use of this information was in violation of policies applicable to all
4  JEDEC members and constituted fraud on JEDEC and its members. Further, Rambus'
5  failure to disclose to other members of JEDEC that it had taken information from JEDEC
6  to craft its patent claims, only to seek to enforce its claims against JEDEC compliant
7  products many years after JEDEC members had invested heavily in the technology without
8  notice of Rambus' conduct, is inequitable and estops Rambus from enforcing its claims
9  herein.

10          10.     Rambus' unfair, anticompetitive and illegal plan included the secret
11 hiring of a Samsung in-house counsel, tortious interference with that lawyer's contract with
12 Samsung and inducing that lawyer to breach his fiduciary duties to Samsung, as a way to
13 gain surreptitious advantage in its efforts to harm Samsung's business. Neil Steinberg,
14 Esq. was employed as an in-house attorney at SEA (an affiliate of SSI and a wholly-owned
15 subsidiary of SEC) into August 1998. By February 1998, Rambus had secretly engaged
16 Mr. Steinberg to actively work for it as an attorney, providing legal advice and strategies
17 for the enforcement of legal claims, including patent claims against DRAM manufacturers,
18 notwithstanding the fact that Rambus knew Mr. Steinberg was employed as a full time, in-
19 house counsel for Samsung. By at least as early as June 1998, while still employed at
20 Samsung, Mr. Steinberg had a Rambus e-mail account.

21          11.     As an in-house attorney for Samsung, Mr. Steinberg owed Samsung a
22 fiduciary duty of utmost good faith and fair dealing and undivided loyalty and honesty in
23 fact. Mr. Steinberg ended his employment with Samsung in August 1998.

24          12.     Upon information and belief, Mr. Steinberg in breach of these duties
25 actively worked to help Rambus plan patent prosecution strategies, patent enforcement
26 strategies, document handling and retention strategies for use in litigation, and to take
27 other measures to extract royalties from manufacturers of DRAMs, including against
28 Samsung. SEA does not know whether Mr. Steinberg actually worked on patent

-3-

W02-SF:FNO\61485765.1
Case No. 04-431105

CROSS-COMPLAINT OF SAMSUNG ELECTRONICS CO., LTD.
AGAINST CROSS-DEFENDANT RAMBUS, INC.

1  applications for Rambus during his Samsung employment, but reserves the right to take
2  discovery and amend if discovery shows that he did so. Further, upon information and
3  belief, Mr. Steinberg used information about Samsung's business and DRAM products in
4  connection with his work for Rambus, despite the fact that he was under contractual and
5  fiduciary duties not to disclose such information about Samsung's business or use it
6  contrary to Samsung's interests.

7      13.  Rambus was aware that Mr. Steinberg was still employed as an
8  attorney by Samsung when Rambus engaged his services. Rambus was further aware of
9  the fiduciary capacity in which Mr. Steinberg worked for Samsung, and of the duties that
10 Mr. Steinberg owed to Samsung. The existence of Mr. Steinberg's dual employment with
11 Samsung and Rambus was revealed for the first time during the trial of Rambus v.
12 Infineon, in the U.S. District Court for the Eastern District of Virginia in 2005, and
13 Rambus' wrongful conduct herein alleged could not have been discovered by SEC before
14 that time.

15     14.  By February 1998, Rambus had decided on a scheme to employ
16 litigation, threats and intimidation in order to license its purported SDRAM and DDR
17 SDRAM technology to the DRAM industry. By the Spring of 1998, while working on this
18 scheme, Rambus was actively seeking to improve its SDRAM and DDR SDRAM patent
19 portfolio.

20     15.  On or about October 31, 2000, SEC and Rambus entered into an
21 agreement entitled "SDR/DDR IC and SDR/DDR Memory Module Patent License
22 Agreement Between Rambus Inc. and Samsung Electronics Co., Ltd." (the "SDR/DDR
23 License"), and executed an "SDR/DDR License" to Rambus' patents for, among other
24 things, SDRAM and DDR patents, in 2000. On or about November, 1994 these same
25 parties also entered into an agreement titled "Semiconductor Technology License
26 Agreement" concerning RDRAM technology. The SDR/DDR License required Rambus to
27 provide notification if another, later license received a lower effective royalty rate; and
28 further to adjust SEC's rate to the lower effective rate. Further, the SDR/DDR License also

-4-

W02-SF:FNO\61485765.1
Case No. 04-431105

CROSS-COMPLAINT OF SAMSUNG ELECTRONICS CO., LTD.
AGAINST CROSS-DEFENDANT RAMBUS, INC.

required good faith negotiation of a renewal by Rambus which it has refused to do. Earlier this year, Rambus' efforts to injure SEC's business escalated when Rambus wrongfully chose to discontinue its license arrangement with SEC in breach of its legal obligations, and then commenced spurious patent and other litigation, in part, as a negotiation tactic to further its unfair, anticompetitive and illegal plan alleged herein.

16. Rambus systematically and deliberately destroyed documents, over the course of more than four years, that would (a) demonstrate the falsity of Rambus' claims and positions, (b) reveal Rambus' motives, actions and knowledge, and (c) allow Rambus' DRAM industry targets to defend themselves fully against Rambus' spurious claims.

17. A federal district court in Virginia has declared that Rambus' conduct was illegal. That court found that Rambus' document destruction plan "was devised and implemented with the aid and advice of lawyers, both in-house and outside," and was intended "to destroy discoverable documents as part of its litigation strategy."

18. In September 1998, Rambus commenced its first known "shred party." During this first shred party, Rambus began to "cleanse" its patent prosecution and related files which provided evidence of its illegal scheme alleged herein, by destroying documents related to, at least, patents that Rambus was planning to enforce against the DRAM industry. The destroyed documents related to, among others, patents to which other Rambus patents claim priority, including patents that issued after the first shred party.

19. During April 1999, Rambus had its patent attorneys "cleanse" their files. During August 1999, Rambus commenced its second known "shred party." During this second shred party, Rambus again "cleansed" its patent prosecution and related files which provided evidence of its illegal scheme alleged herein, by destroying additional documents related to, at least, patents that Rambus was planning to enforce or was litigating against the DRAM industry. The destroyed documents related to, among others,

1  patents to which other Rambus patents claim priority, including patents that issued after
2  the second shred party.

3       20.    During the Spring of 2000, Rambus was notified by its outside
4  counsel that it had a duty to preserve all documents related to its patents and/or the
5  litigation against DRAM manufacturers. During June 2000 and after litigation with one
6  DRAM manufacturer settled, Rambus again directed its patent attorneys to destroy
7  documents.

8       21.    During December 2000, Rambus commenced its third known "shred
9  party." During this third shred party, Rambus again "cleansed" its patent prosecution and
10 related files which provided evidence of its illegal scheme alleged herein, by destroying
11 additional documents related to, at least, patents that Rambus was enforcing and litigating
12 against the DRAM industry. The destroyed documents related to, among others, patents to
13 which other Rambus patents claim priority, including patents that issued after the third
14 shred party.

15      22.    SEC could not have discovered Rambus' destruction of documents
16 until it became public in the Rambus v. Infineon litigation in the Eastern District of
17 Virginia in February, 2005.

18      23.    Rambus' document destruction covered all major categories of
19 documents generated in the ordinary course of Rambus' business, such as e-mail
20 communications, notes of contract negotiations, and drafts and other information useful in
21 ascertaining the truth and in testing the validity of the positions taken by Rambus in this
22 and its other lawsuits. Rambus' anticompetitive conduct described herein has caused
23 substantial harm to consumers, to developers of competing DRAM technology and to
24 DRAM manufacturers and their customers. Rambus by its conduct fraudulently concealed
25 the violations alleged herein.

26      24.    Rambus' wrongful conduct caused SEC and others to pay substantial,
27 unwarranted fees and/or royalties to Rambus.

28

25. Rambus' conduct caused SEC and others to incur substantial unrecovered costs and expenses associated with researching and developing products based on Rambus' purported technology.

## FIRST CAUSE OF ACTION

### (Unlawful Business Acts or Practices in Violation of the California Bus. & Prof. Code § 17200)

26. SEC realleges and incorporates by reference Paragraphs 1 through 25 above, and 35 through 37 and 40 through 42 herein, as though fully restated herein.

27. California Unfair Competition Law ("UCL"), Business and Professions Code section 17200 et seq., proscribes "unlawful, unfair, or fraudulent" business acts or practices. By committing the above-described acts and practices, and each of them, Rambus has engaged, and continues to engage, in an ongoing course of unlawful business acts or practices within the meaning of the UCL in that Rambus' business acts and practices, as alleged herein, that violate, without limitation, federal and state antitrust laws; laws against obstruction of justice, including without limitation 18 U.S.C. §§ 1503, 1505; laws proscribing destruction of evidence, including without limitation, California Penal Code § 135; the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1961 et seq.; and state common law torts, including without limitation knowing and intentional interference with SEC's contractual and prospective business and employment relations, each of which described herein constitutes a separate and independent ground for violation of the UCL.

28. As a result of the alleged unlawful acts and practices of Rambus, SEC has suffered injury in fact and has lost, and continues to lose, money or property.

29. The above-described, ongoing course of unlawful conduct by Rambus constitutes a continuing threat to SEC. SEC is thus entitled to injunctive and declarative relief preventing Rambus from continuing its wrongful course of conduct. SEC is further entitled to additional relief including, without limitation, restitution from Rambus for all license and royalty fees paid.

-7-

W02-SF:FNO\61485765.1
Case No. 04-431105

CROSS-COMPLAINT OF SAMSUNG ELECTRONICS CO., LTD.
AGAINST CROSS-DEFENDANT RAMBUS, INC.

## SECOND CAUSE OF ACTION

### (Unfair and Fraudulent Business Acts or Practices in Violation of the California Bus. & Prof. Code § 17200)

30. SEC realleges and incorporates by reference Paragraphs 1 through 25 above, and 27, 35 through 37 and 40 through 42 herein, as though fully set forth herein.

31. Rambus' acts and practices, as alleged herein, constitute unfair and fraudulent acts and practices within the meaning of the UCL in that such conduct, without limitation, threatens an incipient violation of the federal and state antitrust laws, and violates the policy or spirit of one or more of those laws because the effects of Rambus' above-described conduct are comparable to, or the same as, a violation of the law, or otherwise significantly threaten or harm competition.

32. As a result of the alleged unfair and fraudulent acts and practices of Rambus, SEC has suffered injury in fact and has lost, and continues to lose, money or property.

33. The above-described, ongoing course of unfair and fraudulent conduct by Rambus constitutes a continuing threat to SEC. SEC is thus entitled to injunctive and declarative relief preventing Rambus from continuing its wrongful course of conduct. SEC is further entitled to additional relief including, without limitation, restitution from Rambus for all license and royalty fees paid.

## THIRD CAUSE OF ACTION

### (Intentional Interference with SEC's Existing Contractual Relations)

34. SEC realleges and incorporates by reference Paragraphs 1 through 25, 27-28 and 31-32 above as though fully set forth herein.

35. Rambus was aware that Samsung was involved in a valid and existing contractual relationship with Mr. Steinberg, which included fiduciary duties to Samsung, when Rambus wrongfully hired Mr. Steinberg and induced breaches of said employment relationship and attendant fiduciary duties. Rambus was aware of SEC's valid and existing contracts with SEC's customers for delivery of various DRAM products, including those

-8-

W02-SF:FNO\61485765.1
Case No. 04-431105

CROSS-COMPLAINT OF SAMSUNG ELECTRONICS CO., LTD.
AGAINST CROSS-DEFENDANT RAMBUS, INC.

developed and distributed related to various licenses with and purported technology of Rambus.

36. Through the anticompetitive and otherwise illegal and improper conduct alleged herein, Rambus intentionally and knowingly interfered (1) with the Samsung/Steinberg employment relationship and attendant fiduciary duties by hiring Mr. Steinberg while still employed at Samsung and prior to expiration of his contractual employment term; and (2) with SEC's existing contracts with SEC's customers for the delivery of DRAM products manufactured and delivered, including products related to various licenses with and purported technology of Rambus, by hindering SEC's performance under those contracts and/or making SEC's performance more expensive and burdensome.

37. SEC is entitled to recover actual damages because it has been, and continues to be, proximately harmed as a result of Rambus' wrongful and illegal interference with SEC's valid and existing contractual relations as herein described, and has suffered, and continues to suffer substantial damages.

38. In doing the illegal acts described herein, Rambus acted with oppression, fraud, and malice toward SEC. Accordingly, SEC is entitled to punitive and exemplary damages sufficient to punish and deter Rambus.

### FOURTH CAUSE OF ACTION

**(Intentional Interference with SEC's Prospective Economic Advantage)**

39. SEC realleges and incorporates by reference Paragraphs 1 through 25, 27-28, 31-32 and 35-36 above as though fully set forth herein.

40. Rambus was aware of SEC's economic relationships with prospective purchasers, including existing customers, for the future delivery of DRAM products, including those produced and distributed related to various licenses with and purported technology of Rambus.

-9-
W02-SF:FNO\61485765.1
Case No. 04-431105
CROSS-COMPLAINT OF SAMSUNG ELECTRONICS CO., LTD. AGAINST CROSS-DEFENDANT RAMBUS, INC.

41. Through the anticompetitive and otherwise illegal and improper conduct alleged herein, Rambus intentionally and knowingly interfered with SEC's economic relationships with such prospective purchasers, including existing customers.

42. SEC is entitled to recover actual damages because it has been, and continues to be, proximately harmed as a result of Rambus' wrongful and illegal interference, and has suffered, and continues to suffer, substantial damages.

43. In doing the illegal acts described herein, Rambus acted with oppression, fraud, and malice toward SEC. Accordingly, SEC is entitled to punitive and exemplary damages sufficient to punish and deter Rambus.

## PRAYER FOR RELIEF

WHEREFORE, SEC asks this Court to enter judgment in its favor and against Rambus, and to grant the following relief under the above causes of action according to proof:

    a. An award of actual damages;

    b. An award of monetary recovery pursuant to Bus. & Prof. Code § 17203, including restitution of all license and royalty fees paid;

    c. Punitive and exemplary damages in a sum sufficient to punish and deter Rambus from its intentional, illegal, and wrongful course of conduct as described herein;

    d. An award of all unjustly-obtained royalties and license fees collected by Rambus;

    e. Injunctive and declaratory relief with respect to the unfair, illegal and deceptive business acts and practices described herein;

    f. An award of pre- and post-judgment interest;

    g. An award of reasonable attorneys' fees and other costs and expenses;

    h. And such other and further relief as the Court deems just and proper.

DATED: February 24, 2006

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
GARY L. HALLING

Attorneys for Defendant and Cross-Complainant
SAMSUNG ELECTRONICS CO., LTD.

## DEMAND FOR JURY TRIAL

Cross-Complainant and Defendant SEC hereby demands a trial by jury on all issues so triable.

DATED: February 24, 2006

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
GARY L. HALLING

Attorneys for Defendants and Cross-Complainants
SAMSUNG ELECTRONICS CO., LTD.

-11-

W02-SF:FNO\61485765.1
Case No. 04-431105

CROSS-COMPLAINT OF SAMSUNG ELECTRONICS CO., LTD.
AGAINST CROSS-DEFENDANT RAMBUS, INC.

## PROOF OF SERVICE

*Rambus Inc. v. Micron Technology, Inc., et al.; and Related Cross-Actions,*
San Francisco Superior Court No. 04-431105

I am employed in the County of San Francisco; I am over the age of eighteen years and not a party to the within entitled action; my business address is Sheppard, Mullin, Richter & Hampton LLP, Four Embarcadero Center, 17th Floor, San Francisco, California 94111-4106.

On **February 24, 2006**, I served the following document(s) described as:

**CROSS-COMPLAINT OF SAMSUNG ELECTRONICS CO., LTD. AGAINST CROSS-DEFENDANT RAMBUS, INC. [JURY TRIAL DEMANDED]**

on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

**See Attached Service List**

☒ **BY FACSIMILE:** I caused said documents (without attachments) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was 415-434-3947. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error.

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **February 24, 2006**, at San Francisco, California.

*/s/ Edward J. White*
EDWARD J. WHITE

Case No. 04-431105
W02-SF:FE2\61477752.1

-1-

PROOF OF SERVICE

# SERVICE LIST

*Rambus Inc. v. Micron Technology, Inc., et al.; and Related Cross-Actions,*
San Francisco Superior Court No. 04-431105

| | |
|---|---|
| Joseph W. Cotchett, Esq.<br>Mark C. Molumphy, Esq.<br>Philip L Gregory, Esq.<br>Nanci E. Nishimura, Esq.<br>Cotchett, Pitre, Simon & McCarthy<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>Telephone: (650) 697-6000<br>Facsimile: (650) 697-0577<br>E-mail: jcotchett@cpsmlaw.com<br><br>For: Plaintiff Rambus Inc. | Gregory P. Stone, Esq.<br>Bradley S. Phillips, Esq.<br>Steven M. Perry, Esq.<br>Shont E. Miller, Esq.<br>Munger, Tolles & Olson LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90071-1560<br>Telephone: (213) 683-9100<br>Facsimile: (213) 687-3702<br>E-mail: gregory.stone@mto.com<br><br>For: Plaintiff Rambus Inc. |
| Jeffrey I. Bleich, Esq.<br>Munger, Tolles & Olson LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105-2907<br>Telephone: (415) 512-4000<br>Facsimile: (415) 512-4077<br>E-mail: jeff.bleich@mto.com<br><br>For: Plaintiff Rambus Inc. | Patrick Lynch, Esq.<br>Kenneth R. O'Rourke, Esq.<br>O'Melveny & Myers, LLP<br>400 South Hope Street<br>Los Angeles, CA 90071<br><br>Telephone: (213) 430-6000<br>Facsimile: (213) 430-6407<br>E-mail: plynch@omm.com;<br>korourke@omm.com<br><br>For: Defendant Hynix Semiconductor America, Inc. |
| Theodore G. Brown, III, Esq.<br>Townsend and Townsend and Crew<br>379 Lytton Avenue<br>Palo Alto, CA 94301<br><br>Telephone: (650) 326-2400<br>Facsimile: (650) 326-2422<br>E-mail: tgbrown@townsend.com<br><br>Defendant Hynix Semiconductor America, Inc. | Kenneth L. Nissly, Esq.<br>Susan C. Van Keulen, Esq.<br>Thelen Reid & Priest LLP<br>225 West Santa Clara Street, Suite 1200<br>San Jose, CA 95113<br><br>Telephone: (408) 282-5800<br>Facsimile: (408) 282-8040<br>E-mail: kennissly@thelenreid.com;<br>svankeulen@thelenreid.com<br><br>For: Defendant Hynix Semiconductor America, Inc. |

-2-

Case No. 04-431105
W02-SF:FE2\61477752.1

PROOF OF SERVICE

1  John B. Quinn, Esq.
   Adrian M. Pruetz, Esq.
2  Jon R. Steiger, Esq.
   Quinn Emanuel Urguhart
3      Oliver & Hedges, LLP
   865 S. Figueroa Street, 10th Floor
4  Los Angeles, CA 90017-2543

5  Telephone: (213) 624-7707
   Facsimile: (213) 624-0643
6  E-mail: johnquinn@quinnemanuel.com;
   adrianprueta@quinnemanuel.com;
7  jonsteiger@quinnemanuel.com

8  For: Defendants and Cross-Complainants
   Micron Technology, Inc. and Micron
9  Semiconductor Products, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

Case No. 04-431105                                            PROOF OF SERVICE
W02-SF:FE2\61477752.1