# Exhibit F

ASPEN PUBLISHERS

**Phillip E. Areeda**
*Late Langdell Professor of Law*
Harvard University

**Roger D. Blair**
*Huber Hurst Professor of
Economics and Legal Studies*
University of Florida

**Herbert Hovenkamp**
*Ben V. & Dorothy Willie
Professor of Law*
University of Iowa

**Christine Piette Durrance**
*Assistant Professor of
Public Policy*
University of North Carolina
Chapel Hill

Volume IIA
Third Edition

# Antitrust Law

An Analysis of Antitrust Principles
and Their Application



Wolters Kluwer
Law & Business

AUSTIN   BOSTON   CHICAGO   NEW YORK   THE NETHERLANDS

This publication is designed to provide accurate and authoritative information in regard to the subject matter covered. It is sold with the understanding that the publisher is not engaged in rendering legal, accounting, or other professional services. If legal advice or other professional assistance is required, the services of a competent professional person should be sought.

—From a *Declaration of Principles* jointly adopted by a Committee of the American Bar Association and a Committee of Publishers and Associations

© 2007 President and Fellows of Harvard College
Published by Aspen Publishers. All Rights Reserved.

No part of this publication may be reproduced or transmitted in any form or by any means, electronic or mechanical, including photocopy, recording or any information storage and retrieval system, without permission in writing from the publisher. Requests for permission to reproduce content should be directed to the Aspen Publishers website at *www.aspenpublishers.com*, or a letter of intent should be faxed to the permissions department at 212-771-0803.

Printed in the United States of America

1 2 3 4 5 6 7 8 9 0

Library of Congress Control Number: 2006930321

ISBN 978-0-7355-6428-2 (Set)
978-0-7355-6768-9 (Volume IIA)

## 3F-2
## Recurring "Standing" Situations

### ¶345. Consumers and Other Buyers

Because protecting consumers from monopoly prices is the central concern of antitrust, buyers have usually been preferred plaintiffs in private antitrust litigation. As a result, consumer standing to recover for an overcharge paid directly to an illegal cartel or monopoly is seldom doubted.[1] Of course, a consumer cannot obtain damages without showing that she actually paid more or received less than she would have in the absence of the violation.[2] Nonpecuniary injuries are not covered.[3] Nor can a consumer obtain declaratory or injunctive relief without showing a threat of pecuniary injury to herself.[4] But if the threat or the actual financial injury is real, standing is virtually always granted.[5]

"Consumer" in the sense used here generally means the end-use purchaser, who most typically sues for overcharge damages resulting from illegal price fixing, monopolization or, less frequently, a merger. Not all those who purchase from the antitrust

---

¶345. n.1. The court that denied standing on the ground that such a consumer was not injured in the required "business or property" was reversed by the Supreme Court in *Reiter v. Sonotone Corp.*, 442 U.S. 330 (1979). See ¶336. In a concurring opinion then-Associate Justice Rehnquist shared the lower court's fear that granting standing to consumers would flood already crowded dockets with consumer antitrust actions, but he did not doubt congressional intent to make damages actions under §4 available to consumers. Id. at 345. See also *Nine-West Shoes Antitrust Litigation*, 80 F. Supp. 2d 181, 186-187 (S.D.N.Y. 2000) (consumers alleging that shoe manufacturer conspired with department stores to impose resale price maintenance (RPM) on all of manufacturer's retailers clearly had standing).

2. A price-raising conspiracy also injures nonpurchasers who would have purchased in the absence of the conspiracy. As a practical matter, such would-be buyers cannot be satisfactorily identified and are therefore ignored. E.g., *Montreal Trading, Inc. v. AMAX, Inc.*, 661 F.2d 864 (10th Cir. 1981), cert. denied, 455 U.S. 1001 (1982) (no standing for would-be purchaser).

3. *Chadda v. Burcke*, 2006 WL 1302534 (3d Cir. May 12, 2006, unpub.) (plaintiff who allegedly suffered personal injury as a result of defective cosmetic, allegedly as a result of a conspiracy, did not suffer injury in her business or property).

4. Ibid. (consumer who suffered only personal injury lacked standing to obtain equity relief). Contrast *Warfarin Sodium Antitrust Litig.*, 214 F.3d 395, 399 (3d Cir. 2000) (consumers could bring equity suit if they were threatened with higher prices).

5. Illustrating an erroneous denial of standing is *O'Neill v. Coca-Cola Co.*, 669 F. Supp. 217 (N.D. Ill. 1987). Standing to enjoin a vertical merger was denied because of an insufficient threat to competition. Perhaps the court meant that the likely effects did not suffice for illegality. But finding a violation would mean that consumers are threatened with injury and thus entitled to standing. See also *Ford Motor Co. v. Lane*, 86 F. Supp. 2d 711 (E.D. Mich. 2000) (dubious conclusion that owner of automobile lacked standing to challenge alleged agreement among automobile manufacturers to produce less fuel-efficient automobiles; probably impelled by great doubts about the merits; clearly a consumer has standing to sue a cartel that reduces the quality of the product that the consumer purchased).