HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Attorneys for Plaintiff
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**DECLARATION OF CYNDI WHEELER IN SUPPORT OF SEALING SAMSUNG'S SUPPORTING MATERIALS AND UNREDACTED OPPOSITION TO APPLE'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Date:<br>Time:<br>Place:<br>Judge:      Hon. Lucy H. Koh |

Pursuant to Civil L.R. 79-5(d), Plaintiff Apple Inc. submits the appended declaration of Cyndi Wheeler in support of Samsung's Stipulated Administrative Motion to File Under Seal Pursuant to Local Rules 7-11 and 79-5 (D.N. 175), to establish that the following are sealable:

- The confidential, unredacted version of Samsung's Opposition to Apple's Motion for a Preliminary Injunction ("Samsung Opposition");

- Exhibits M, N, O, LL, P, FF, HH, MM, NN, OO, and QQ[1] to the Declaration of Sara Jenkins in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction (D.N. 179) ("Jenkins Declaration"); *and*

- The Declaration of Michael J. Wagner in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction (D.N. 173) ("Wagner Declaration"); and Exhibit B to the same.

## DECLARATION OF CYNDI WHEELER

I, Cyndi Wheeler, do hereby declare as follows:

1. I am a Senior Patent Litigation Counsel at Apple Inc. ("Apple"). I submit this Declaration in support of Samsung's Stipulated Administrative Motion to File Under Seal Pursuant to Local Rules 7-11 and 79-5 (D.N. 175). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them.

2. Exhibit M to the Jenkins Declaration is an excerpt from the deposition transcript of Richard Lutton, which was initially designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY under the interim protective order. Following the review period, Apple revised its designations. The following portions of Exhibit M remain HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY: pages 63:1-66:25; 80:17-83:25; 136:1-17; 137:18-139:25; 252:2-255:4. The remainder of Exhibit M is designated CONFIDENTIAL. These excerpts contain highly confidential and commercially sensitive business information, including confidential information regarding licensing agreements and potential licensing agreements with business

---

[1] Samsung inadvertently omitted Exhibit QQ to the Jenkins Declaration in its motion to seal. This exhibit was also filed under seal, and Apple has provided information in this declaration demonstrating that it should remain under seal.

1  partners, confidential discussions between the parties relating to legal disputes, and information
2  about confidential discussions with third parties relating to legal disputes.

3  3. Exhibit N to the Jenkins Declaration is a document that was produced by Apple in
4  this litigation, and used as Exhibit 5 during the deposition of Richard Lutton. It was designated
5  HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY under the interim protective order. It
6  contains information provided under Federal Rule of Evidence 408 during confidential
7  discussions between the parties prior to the filing of this lawsuit.

8  4. Exhibit O to the Jenkins Declaration is an excerpt from the deposition transcript of
9  Cooper Woodring. Apple has designated a portion of this excerpt on p.159 as HIGHLY
10 CONFIDENTIAL-ATTORNEYS' EYES ONLY under the interim protective order because it
11 contains a discussion of Apple's internal market research summary. This information is
12 confidential and proprietary to Apple, and could be used to its disadvantage by competitors.

13 5. Exhibit LL to the Jenkins Declaration is a document that was produced by Apple
14 in this litigation. It was designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
15 under the interim protective order. It contains confidential, proprietary market research and
16 analysis, including information about the competitive landscape for mobile devices. This
17 business information was created at a significant cost to Apple, and could be used by Apple's
18 competitors to its disadvantage, particularly because it discusses Apple's direct competitors. It
19 also reflects Apple's confidential business strategy.

20 6. Exhibit P to the Jenkins Declaration is an excerpt from the deposition transcript of
21 Christopher Stringer, an Apple employee. The transcript was designated HIGHLY
22 CONFIDENTIAL-ATTORNEYS' EYES ONLY under the interim protective order. The
23 excerpts reflected in Exhibit P remain confidential because they contain trade secret information
24 reflecting: Apple's product design process, specifics regarding the iPad design project, and the
25 inner workings of Apple's industrial design group. This information is highly sensitive and could
26 be used by Apple's competitors to Apple's disadvantage.

27 7. Exhibit FF to the Jenkins Declaration is a copy of Apple Inc.'s Objections and
28 Responses to Samsung's Interrogatories to Apple Relating to Apple Inc.'s Motion for Preliminary

1  Injunction and Apple Inc.'s August 18, 2011 verification of its interrogatory responses.  Apple's
2  objections and responses to Samsung's Interrogatories to Apple Relating to Apple Inc.'s Motion
3  for a Preliminary Injunction were designated as Highly Confidential--Outside Attorneys' Eyes
4  Only because they contain commercially sensitive information, including information regarding
5  Apple's development of its patented inventions, its licensing practices and agreements with third
6  parties, and its assessment of competitors' products and market share.  Disclosure of such
7  commercially sensitive information to Samsung and the public is inappropriate as it would
8  provide Samsung and third-party competitors with inside information about Apple's confidential
9  business practices.

10         8.      Exhibit HH to the Jenkins Declaration is an excerpt from the deposition transcript
11 of Bas Ording, an Apple employee.  The entire transcript was initially designated HIGHLY
12 CONFIDENTIAL - ATTORNEYS' EYES ONLY under the interim protective order.  Following
13 the review period, Apple revised its designations.  The following portions of Exhibit HH remain
14 HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY: pages 92-102; 130-133; 136-
15 140:21; 141:8-142; 144-145:10; 145:19-146:22; 147:18-148; 186:6-14; 202:17-21; 211:18-24;
16 213:24-214.  These sections of the transcript contain confidential information about Apple's
17 product design process, including discussions of source code and internal communications that
18 have also been designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.  This
19 trade secret information could be used by Apple's competitors to its disadvantage.

20         9.      Exhibit MM to the Jenkins Declaration is a document that was produced by Apple
21 in this litigation.  It was designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
22 under the interim protective order.  It contains confidential, proprietary market research and
23 analysis, including information about the competitive landscape for mobile devices.  This
24 business information was created at a significant cost to Apple, and could be used by Apple's
25 competitors to its disadvantage, particularly because it discusses Apple's direct competitors.  It
26 also reflects Apple's confidential business strategy.

27         10.     Exhibit NN of the Jenkins Declaration is an excerpt from the deposition transcript
28 of Sissie Twiggs, an Apple employee.  The entire transcript was initially designated HIGHLY

1  CONFIDENTIAL-ATTORNEYS' EYES ONLY under the interim protective order.  Following
2  the review period, Apple revised its designations.  Apple has designated the following portions of
3  these excerpts, pages 147:15-148:3, 149:1-12, CONFIDENTIAL because they include discussion
4  of Apple's strategy regarding the design and composition of its advertisements.  Public disclosure
5  of such commercially sensitive information is inappropriate as it would provide competitors with
6  inside information about how Apple designs its advertisements, a process that Apple has invested
7  significant time and money in and that Apple keeps confidential.

8  11. Exhibit OO to the Jenkins Declaration is a document produced by Apple in this
9  litigation.  It was designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY under
10 the interim protective order.  This document is an internal document that reflects confidential
11 business communications regarding competitive strategy.

12 12. Exhibit QQ to the Jenkins Declaration is a document that was produced by Apple
13 in this litigation, and used as Exhibit 11 during the deposition of Richard Lutton.  It was
14 designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY under the interim
15 protective order.  It contains information provided under Federal Rule of Evidence 408 during
16 confidential discussions between the parties prior to the filing of this lawsuit.

17 13. Schedules 1, 2, 3, 6, and 9 of Exhibit B to the Wagner Declaration contain
18 information that comes from documents produced by Apple in this litigation.  Those underlying
19 documents were designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY under
20 the interim protective order.  Specifically, the numbers and figures contained in those documents,
21 and reflected in Exhibit B, reflect confidential, proprietary market research and analysis,
22 including information about the competitive landscape for mobile devices.  This business
23 information was created at a significant cost to Apple, and could be used by Apple's competitors
24 to its disadvantage, particularly because it refers to Apple's direct competitors.

25 14. Those portions of the unredacted version of the Wagner Declaration containing
26 information drawn from Exhibit B to the Wagner Declaration should remain under seal for the
27 same reasons as articulated above.
28

1       15.     The portions of the confidential, unredacted version of Samsung's Opposition to Apple's Motion for a Preliminary Injunction containing information drawn from Exhibits M, N, O, LL, P, FF, HH, MM, NN, OO, and QQ to the Jenkins Declaration, as well as the Wagner Declaration and Exhibit B to the Wagner Declaration, should remain under seal for the same reasons articulated above.

      16.     The requested relief is necessary and narrowly tailored to protect this confidential information. The exhibits described above do not contain significant relevant, non-confidential material.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge. Executed this 30th day of August, 2011, in Cupertino, California.

                                              /s/ Cyndi Wheeler
                                              Cyndi Wheeler

**ATTESTATION OF E-FILED SIGNATURE**

I, Jason R. Bartlett, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Cyndi Wheeler has concurred in this filing.

Dated: August 30, 2011      By:     /s/ Jason R. Bartlett
                                                       Jason R. Bartlett