STEPHEN E. TAYLOR
ATTORNEY
staylor@tcolaw.com

# TAYLOR & COMPANY
LAW OFFICES, LLP

August 31, 2011

**VIA ELECTRONIC MAIL ONLY**

Ms. Victoria F. Maroulis
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065

Re: *Apple Inc. v. Samsung Electronics Co., Ltd., et al.,*
United States District Court, No. District of California,
Case No. C-11-01846 (LHK)

Dear Ms. Maroulis:

We write in response to your August 30, 2011 letter concerning Apple's willingness to enter into a stipulation regarding its continued representation by Bridges & Mavrakakis LLP ("Bridges").

With respect to request number (1) concerning confidentiality, Apple is of course prepared to agree that Bridges has not disclosed and will not disclose Samsung's confidential information to Apple, co-counsel, or to any third party, which is consistent with its prior representations and the evidence before the Court. This a fundamental duty and obligation of every lawyer and there is no evidence or reason to believe Bridges will breach that obligation here.

With respect to request number (2) concerning further work for Apple, Apple will represent and agree that Bridges will not provide support services, consult, or participate in any further aspect of this case, which is consistent with and encompassed by Bridges' withdrawal as counsel for Apple in this action (Docket No. 188).

Since this is the entirety of the relief Samsung sought in its Notice of Motion (Docket No. 101, p. 1:27-28) and Proposed Order (Docket No. 103), and there are no jurisdictional or procedural grounds for demanding additional relief beyond that sought from the Court, we believe Samsung's motion is moot.

Your letter nonetheless requests that Apple stipulate that Bridges will not provide support services, consult, or participate in any further aspect of any "related case," without defining that term or identifying any such case. Nothing in Samsung's pending motion addresses

TAYLOR & COMPANY
LAW OFFICES, LLP

Ms. Victoria F. Maroulis
August 31, 2011
Page 2

Bridges' role in other proceedings, or explains their significance or connection to this case. However, consistent with Apple's position in this action, Apple is prepared to represent and agree that Bridges has not represented and will not represent Apple in connection with any claim in any American or foreign proceeding involving the assertion of Samsung intellectual property rights or Apple's defenses thereto.

However, Apple will not agree that Bridges cannot act for Apple in connection with the assertion of Apple's own intellectual property rights against Samsung in other tribunals. Apple continues to believe that all such work was and remains proper, because Apple's claims against Samsung concerning the look, feel, and user interface of Apple products have no substantial relationship to any prior work, cases, technology, products, or patents in connection with which Bridges lawyers previously represented Samsung. Bridges' withdrawal in this case was made in light of Samsung's counterclaim filing and the Court's subsequent decision to expedite and try all claims on a single common schedule. To Apple's knowledge, no case pending before another tribunal raises similar issues. The role of Bridges in those proceedings is best and most appropriately addressed in those jurisdictions themselves, in light of the circumstances of each case and the different applicable legal standards. Those proceedings have no bearing on the mootness of Samsung's motion here.

Finally, Apple cannot agree with Samsung regarding requests (3) and (4), which would bar Bridges from transmitting to Apple or Morrison & Foerster its work product in this case, and which would require the return of all work product previously transmitted. There is no basis in the law or the facts to demand such measures, and Bridges has an ethical obligation to transfer its work product in connection with its withdrawal from this case. *See* California Rule of Professional Conduct 3-700(D); Vapnek, et. al., *California Practice Guide: Professional Responsibility* (Rutter Group 2010) §§ 10:311-317.

To be clear, all of this work product relates solely to Apple's affirmative intellectual property claims and, in particular, to the distinctive technical details of how Apple's intellectual property rights read on Samsung's Android-based smartphones and tablets. None of this work contains or makes use of any Samsung confidential information. Nor could it, given that none of the Samsung products at issue existed at the time of the *Ericsson* representation, and all the patents asserted by Apple are unrelated to any work previously performed for Samsung by Bridges lawyers. Given these facts, it is wholly proper for Bridges to transmit its work product to date to co-counsel and Apple. Indeed, even in cases of disqualification, a bar on the use or transfer of work product is appropriate only if the moving party affirmatively seeks such relief, demonstrates that the work product is tainted by actual confidential information, and establishes that it would "suffer an injury" from the work product or that the opposing party would "gain an improper advantage" from it. *See*

TAYLOR & COMPANY
LAW OFFICES, LLP

Ms. Victoria F. Maroulis
August 31, 2011
Page 3

*generally Cal Pak Delivery, Inc. v. UPS*, 52 Cal. App. 4th 1, 17-18 (1997); *Actel Corp v. Quicklogic Corp.*, 1996 U.S. Dist. LEXIS 11815 (N.D. Cal. April 23, 1996); 30-808 Moore's Federal Practice Civil § 808.07. Nothing in Samsung's motion or supporting papers even begins to make such a showing, nor could it, given that Bridges has done no work on Samsung's affirmative intellectual property claims.

Apple is prepared to enter into an agreement consistent with the parameters set forth in this letter. We believe any such agreement should satisfy any remaining concerns associated with Bridges' withdrawal from this action.

Sincerely,

Very truly yours,

Stephen E. Taylor