STEPHEN E. TAYLOR
ATTORNEY
staylor@tcolaw.com

# TAYLOR & COMPANY
LAW OFFICES, LLP

September 1, 2011

**E-FILED & HAND DELIVERED**

Honorable Lucy H. Koh
United States District Court,
Northern District of California
Courtroom 8, 4th Floor
280 South First Street
San Jose, CA  95113

Re:  Apple Inc. v. Samsung Electronics Co., Ltd., et al.,
      United States District Court, No. District of California,
      Case No. C-11-01846 (LHK)

Your Honor:

This letter is in response to Samsung's August 31, 2011 letter-brief addressing the mootness of Samsung's motion to disqualify Bridges & Mavrakakis LLP ("Bridges").

In its letter, Samsung agrees that the withdrawal of Bridges "moots the need to issue an order disqualifying B&M." Apple respectfully submits that since disqualification of Bridges was the only relief Samsung noticed or sought, Samsung's concession establishes the motion is now moot.  *See* Samsung's Notice of Motion to Disqualify (Docket No. 101, p. 1:27-28); Proposed Order (Docket No. 103).  To confirm as much, Apple has no objection to the Court entering an Order regarding mootness and reconfirming, if the Court wishes, that Bridges shall not disclose or use any confidential information it may possess based on its prior representation of Samsung, and that Bridges shall cease to represent Apple in connection with this action.  A proposed order to that effect is attached.

Samsung's letter and accompanying proposed order nonetheless seek for the first time additional relief that exceeds anything previously noticed or briefed to the Court, including an order disqualifying Bridges from acting in connection with a number of unidentified "related cases" pending in other jurisdictions, and an order barring any use of work product

TAYLOR & COMPANY
LAW OFFICES, LLP

Hon. Lucy H. Koh
September 1, 2011
Page 2

created by Bridges. Apart from the fact that the additional relief now sought was never requested, Samsung's request is not supportable and raises significant procedural and jurisdictional issues.

First, it is improper for Samsung to seek or obtain relief beyond that noticed to the Court in its original moving papers. *See, e.g., AEI income & Growth Fund 23 LLC v. Razzoo's, LP*, 2004 WL 547226 at n.2 (D. Minn. March 17, 2004) (denying request for attorneys' fees because "there is no motion before the Court seeking such relief") (citing Fed. R. Civ. Proc. 7(b)(1), now 7(b)(1)(C)); *In re Dibbern*, 61 B.R. 730 (D. Neb. 1986) ("The relief granted by the Court is limited to the prayer in the motion for relief").

Second, the supervision of Bridges' ongoing work in other jurisdictions and internationally is not before the Court. Moreover, as Apple's August 31, 2011 letter to Samsung stated, Bridges has not and will not work on any capacity in any jurisdiction, here or abroad, on cases in which Samsung asserts its intellectual property rights against Apple. Samsung also does not cite any authority for the proposition that the Court should take a role in supervising foreign proceedings, or explain why such power is either authorized or prudent. Indeed, judges have repeatedly stressed that it is <u>not</u> their role to supervise the lawyers before them. *See, e.g, Continental Ins. Co. v. Superior Court*, 32 Cal. App. 4th 94, 111 n.5 (1995) ("the business of the court is to dispose of litigation and not to oversee the ethics of those that practice before it unless the behavior taints the trial").

Third, there is no basis in law or fact to enter an order preventing the transmission of the work product from Bridges to Apple and co-counsel. Even in cases of disqualified counsel, California law does not presume that work product is tainted with confidential information. Instead, to bar the transfer of work product, the moving party must (1) affirmatively seek such relief; (2) demonstrate that the work product in question is marred by actual taint; and (3) establish that it would "suffer an injury" from the work product or that the opposing party would "gain an improper advantage" from it. *See generally Cal Pak Delivery, Inc. v. UPS*, 52 Cal. App. 4th 1, 17-18 (1997); *Actel Corp v. Quicklogic Corp.*, 1996 U.S. Dist. LEXIS 11815 (N.D. Cal. April 23, 1996); 30-808 Moore's Federal Practice Civil § 808.07. Samsung has not attempted to make a showing of any of these elements—nor could it. As set forth in the declarations and papers submitted to this Court, which are undisputed, Bridges' representation of Apple was always limited to asserting Apple's affirmative claims against Samsung, and Bridges never worked on any claims related to Samsung intellectual property. (Samsung cites to *Glaxo Group Ltd. v. Genentech, Inc.*, 2010 WL 2787917 (C.D. Cal. July 13, 2010), for the proposition that a bar on the transfer of work product should follow disqualification as a matter of course, but *Glaxo* is a distinguishable decision from another district, and it did not follow the standard adopted by California in *Cal Pak* or this district in *Actel*, and therefore it is not applicable or controlling here.)

TAYLOR & COMPANY
LAW OFFICES, LLP

Hon. Lucy H. Koh
September 1, 2011
Page 3

Fourth and finally, should the Court nevertheless be inclined to consider Samsung's additional requests for relief, Apple respectfully requests that it be permitted to fully brief and be heard on them, since they raise serious issues of prejudice to Apple, as well as factual and legal issues that Apple did not have an opportunity to address in its original opposition. *See generally In re Wheeler Tech*, 139 B.R. 235, 240 (9th Cir. 1992) ("Even if a motion were appropriate, the relief granted was not requested in the motion. The motion contains no mention of a turnover of property. [The appellee] could not realistically be expected to prepare a defense to that which was not contained in the motion").

On behalf of Apple, we would be pleased to address any further questions the Court may have.

Very truly yours,


*/s/ Stephen E. Taylor*

Stephen E. Taylor


cc: All Counsel of Record