QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S MOTION TO COMPEL APPLE TO PRODUCE DOCUMENTS AND THINGS IN RESPONSE TO SAMSUNG'S REQUEST FOR PRODUCTION NO. 1 AND FURTHER RESPONSES TO INTERROGATORIES NOS. 1, 3, AND 6**<br><br>Date: Thursday, October 11, 2011<br>Time: 10:00 a.m.<br>Courtroom: 5, 4th Floor<br>Honorable Paul S. Grewal<br><br>**REDACTED** |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ...................................................................................... ii

I.      INTRODUCTION ................................................................................................................ 1

II.     FACTS ................................................................................................................................. 2

III.    LEGAL STANDARDS ....................................................................................................... 5

IV.     ARGUMENT ...................................................................................................................... 6

      A.   The Court Should Compel Apple To Produce █████████ ████████████ ........................................ 6

           1.   Request For Production No. 1 Asks For Highly Relevant Documents ........ 6

           2.   Samsung Has No Other Source For This Information And It Is Not Cumulative Or Duplicative Or Burdensome ................................................... 8

      B.   Samsung's Interrogatory No. 1 Seeks Essential Information On The Issue Of Irreparable Harm ............................................................................................ 10

           1.   The Earliest Date At Which Apple Became Aware Of Infringing Products Is Highly Relevant To The Issue Of Irreparable Harm ............... 10

           2.   Samsung Has No Other Source For, Or Opportunity To Obtain, This Critical Information ..................................................................................... 11

      C.   Samsung's Interrogatory Nos. 3 And 6 Seek Relevant Information On Which Products Apple Believes Infringe The Asserted Patents ........................... 12

           1.   The Number, Type, And Scope Of Allegedly Infringing Products Is Relevant To Apple's Diligence In Preventing Irreparable Harm ............... 12

           2.   Samsung Has No Other Source For Obtaining This Information ............... 13

V.      CONCLUSION ................................................................................................................. 14

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Thursday, October 11, 2011, at 10:30 a.m., or as soon thereafter as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court for an order compelling Apple Inc. ("Apple") to produce certain documents and things in response to Samsung's Request for Documents and Things No. 1, and to provide further interrogatory responses in response to Samsung's Interrogatory Nos. 1, 3 and 6.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declaration of Sara Jenkins (the "Jenkins Dec."); and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

Pursuant to Federal Rule of Civil Procedure 37(a)(1), Samsung seeks an order compelling Apple to produce to Samsung the documents and things and further interrogatory responses as set forth in Samsung's Civil L.R. 37-2 Statement (below) by September 20, 2011.

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether Samsung is entitled to the production of ████████████████ ████████████████ in response to its Request for Production No. 1.

2.      Whether Samsung is entitled to further responses to Interrogatory Nos. 1, 3, and 6, relating to Apple's first knowledge of infringement of the asserted patents and Apple's beliefs regarding infringing products, so that Samsung may properly oppose Apple's pending Motion for a Preliminary Injunction.

**SAMSUNG'S CIVIL L.R. 37-2 STATEMENT**

Pursuant to Civil L.R. 37-2, Samsung's reciprocal expedited discovery requests to Apple are set forth in full below:

1

2

3
   1) <u>Request for Production No. 1</u>: DOCUMENTS RELATING to the conception and reduction to practice of the DESIGN PATENTS[1] and the '381 PATENT.

4

5

6

7
   2) <u>Interrogatory No. 1</u>: For each and every product manufactured, used, sold, offered for sale, or imported by DEFENDANTS that YOU allege infringes one or more of the DESIGN PATENTS or the '381 PATENT, IDENTIFY the date YOU first became aware of any manufacture, use, sale, offer for sale, or importation of such product, device, process, method, act, and/or instrumentality.

8

9

10

11
   3) <u>Interrogatory No. 3</u>: For each of the DESIGN PATENTS and the '381 PATENT, IDENTIFY (by product name, product manufacturer, telecommunications carrier (if applicable), date of product announcement, date of product release, and appearance of product – including front, back, and side images) every product manufactured, used, sold, offered for sale, or imported into the United States since 2006 that YOU allege uses any patented design or invention of the DESIGN PATENTS or the '381 PATENT.

12

13

14
   4) <u>Interrogatory No. 6</u>: For each of the DESIGN PATENTS and the '381 PATENT, IDENTIFY every product currently available for purchase in the market that YOU believe uses or may use any patented design or invention in that patent.

15

16
  Apple has objected/responded to Samsung's requests as follows:

17
  <u>Request for Production No. 1</u>: Apple incorporates its General Objections. Apple objects

18
to this request to the extent it seeks the production of documents that: (i) are protected from

19
discovery by the attorney-client privilege or the work product doctrine; (ii) are outside of Apple's

20
possession, custody, or control; (iii) would require Apple to draw a legal conclusion to respond;

21
or (iv) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly

22
available.

23
  Subject to these objections, Apple will produce relevant, non-privileged documents within

24
its possession, custody, or control, if any, after conducting a reasonable search.

25

26

27

28
[1] "DESIGN PATENTS" are defined in Samsung's Requests for Production and Interrogatories at issue here as "U.S. Design Patent Nos. D618,677, D593,087 and D504,889 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter." These patents, along with the '381 patent, are the subject of Apple's preliminary injunction motion.





1

2

3

4

5

6

7

8

9

10

11 **SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)**

12

13        Samsung hereby certifies that it has in good faith conferred with Apple in an effort to obtain

the discovery described immediately above without Court action.    Samsung's efforts to resolve

14 this discovery dispute without court intervention are described in the declaration of Sara Jenkins,

15 submitted herewith.

16

17 DATED: August 31, 2011              QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
18

19

20                                    By    /s/ Victoria F. Maroulis
                                         Charles K. Verhoeven
21                                       Kevin P.B. Johnson
                                         Victoria F. Maroulis
22                                       Michael T. Zeller
                                         Attorneys for SAMSUNG ELECTRONICS CO.,
23                                       LTD., SAMSUNG ELECTRONICS AMERICA,
                                         INC., and SAMSUNG
24                                       TELECOMMUNICATIONS AMERICA, LLC

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    INTRODUCTION

Samsung moves for an order compelling Apple to produce documents and things responsive to Samsung's Request for Production No. 1 and to provide complete responses to Interrogatory Nos. 1, 3 and 6.   Apple has relied on three design patents and one utility patent as grounds for preliminary injunctive relief, yet now refuses discovery that bears directly on the conception and reduction to practice of the asserted patents and on irreparable harm.   This discovery is not only highly relevant to Apple's preliminary injunction motion, but is the type of obvious information that Apple should have turned over without motion practice.   Even though Apple has insisted on an extremely shortened case schedule, it refuses to turn over even basic discovery that is necessary for this case to move forward.

This request seeks documents that are undeniably relevant to a host of issues.   These include, for example, the timing and manner of the conception and reduction to practice of the patents-in-suit, the functionality and obviousness of Apple's designs and other defenses such as misjoinder (since the documents will show the actual degree, if any, of each purported inventor's contribution).

Samsung's Request for Production No. 1 also seeks

1 ████████████████  ███████████████████████████████████████

2 ██████████████████████████████████████  ████████████

3 ████████████████████████████████████████████████████████

4 ██████████████████████████████████████████████████

5 ██████████████████

6          Samsung's Interrogatory Nos. 1, 3, and 6 also seek information relating to Apple's

7 preliminary injunction motion.    In Interrogatory No. 1, Samsung asks the simple question of

8 when Apple first became aware of the Samsung products that Apple contends infringe on its

9 patents — a matter directly relevant to Apple's lack of irreparable harm in the preliminary

10 injunction motion.    In Interrogatory Nos. 1, 3, and 6, Samsung seeks highly relevant information

11 about products that Apple believes have the same features as the products which Apple seeks to

12 enjoin in its preliminary injunction motion, including when Apple first became aware of the

13 Samsung products accused in this litigation.    Specifically, Apple's Amended Complaint alleges

14 that many of Samsung's products fall within the scope of the asserted patents.    Samsung is

15 entitled to explore the boundaries of that scope and Apple's diligence in enforcing its asserted

16 patents.   ████████████████████████████████████████████

17 ████████████████████████

18          With hearing on Apple's motion for preliminary injunction approaching, Samsung requires

19 discovery on these key topics as soon as possible.    But even apart from the preliminary injunction

20 motion, Judge Koh made clear at the August 24 conference that she expects prompt disclosures by

21 Apple, given Apple's insistence on an ambitious case schedule.    Apple nevertheless continues in

22 its failure to match its rhetoric with its actions.    Apple should be held to the standards it has

23 insisted on and should be compelled to produce this highly material discovery without further

24 foot-dragging or excuse.

25 II.    FACTS

26          Apple brought its Motion for a Preliminary Injunction in this Court on July 1, 2011,

27 asserting that certain of Samsung's products infringe Design Patent Nos. D618,677 (the "'D677

28 patent"), D593,087 (the "'D087 patent"), and D504,889 (the "'D889 patent"), as well as U.S.

1   Patent No. 7,469,381 (the "'381 patent").   (D.N. 86.)   On July 18, 2011, the Court issued its

2   Order Setting Briefing And Hearing Schedule For Preliminary Injunction Motion, setting several

3   discovery deadlines related to the hearing on Apple's Motion for Preliminary Injunction.   (D.N.

4   115.)   The Court ordered that discovery relevant to the preliminary injunction and "related to

5   prior art, depositions of declarants, and other discovery related to infringement and validity" could

6   proceed.   (D.N. 115).

7           On July 6, 2011, Samsung served its Requests for Production of Documents and Things

8   Relating to Apple Inc's Motion for a Preliminary Injunction.   (Jenkins Dec. Ex. A.)   Also on

9   July 6, 2011, Samsung served its Interrogatories to Apple Relating to Apple Inc.'s Motion for a

10  Preliminary Injunction.   (Jenkins Dec. Ex. B.)   On July 14, 2011, Apple served its Objections

11  and Responses to Samsung's Requests for Production and on July 25, 2011 served its Objection

12  and Responses to Samsung's Interrogatories.   (Jenkins Dec. Exs C and D.)

13          On July 20, Samsung and Apple met for an in-person meet and confer relating to Apple's

14  production of documents, including those that would be responsive to Request for Production No.

15  1   (Jenkins Dec. ¶ 6.)

16

17

18

19

20

21

22                                                                                          including in

23  letters on August 4, 15, and 18, by phone on August 17, and again by telephonic meet and confer

24  on August 22 and 29.   (Jenkins Dec. ¶¶ 10, 13-15, 17, 18, Exs. G, J, K.)

25

26

27                                                                          that would be responsive to

28  Request for Production No. 1 during preliminary injunction discovery.   (Jenkins Dec. ¶¶ 17, 18.)

**SAMSUNG'S MOTION TO COMPEL**



1    Samsung also has diligently pursued discovery in response to its Interrogatory Nos. 1, 3

2  and 6.    Samsung has repeatedly asked that Apple provide the concrete dates when Apple first

3  learned of the accused products:

4    After Samsung received Apple's Interrogatory Objections and responses

5  on July 25, Samsung and Apple exchanged letters regarding these responses on July 28, August 5,

6  August 18, and August 19 .   (Jenkins Dec. ¶¶ 8, 11, 15, 16, Exs. E, H, K, L.)    Additionally, on

7  August 22, Samsung and Apple met and conferred telephonically regarding Apple's Interrogatory

8  Objections and Responses.    (Jenkins Dec. ¶ 17.)

9

10    (*Id.*)    Lead counsel for Apple and

11  Samsung met and conferred in person on August 29, 2011, and Samsung again asked Apple to

12  update its responses to Interrogatory Nos. 1, 3 and 6 to include.   (Jenkins Dec. ¶ 18.)    Apple has

13  failed to do so.    (*Id.*)

14    In addition, Samsung has pursued discovery relating to all the products that are accused in

15  this litigation that share the same features as those targeted in Apple's preliminary injunction

16  motion since that information is directly relevant to the lack of irreparable harm.    Apple has

17  refused to answer Interrogatory Nos. 1, 3, and 6 for any accused products beyond those accused in

18  the Motion for a Preliminary Injunction.    (*Id.*)    Despite the several meet and confers on August

19  22 and 29, 2011, Apple has still refused to comply.    (Jenkins Dec. ¶¶ 17, 18.)

20  III.    LEGAL STANDARDS

21    A party is entitled to seek through discovery "any nonprivileged matter that is relevant to

22  any party's claim or defense."    Fed. R. Civ. P. 26(b)(1).    "An interrogatory may relate to any

23  matter that may be inquired into under Rule 26(b)."    Fed. R. Civ. P. 33(a)(2).    "A party may

24  serve on any other party a request within the scope of Rule 26(b): (1) to produce . . . . (A) any

25  designated documents . . . ; or (B) any designated tangible things."    Fed. R. Civ. P. 34(a).

26    "A party seeking discovery may move for an order compelling an answer . . . production,

27  or inspection.    This motion may be made if: . . . (iii) a party fails to answer an interrogatory

28  submitted under Rule 33, or (iv) a party fails to respond that inspection [of such documents or

**SAMSUNG'S MOTION TO COMPEL**

1   tangible things] will be permitted — or fails to permit inspection — as requested under Rule 34."

2   Fed. R. Civ. P. 37(a)(3)(B).

3        "[T]he moving papers [on a motion to compel] must detail the basis for the party's

4   contention that it is entitled to the requested discovery and must show how the proportionality and

5   other requirements of FRCivP 26(b)(2) are satisfied."   Civil Local Rule 37-2.

6   IV.   ARGUMENT

7        A.   The Court Should Compel Apple To Produce ██████████████████████

8             1.   Request For Production No. 1 Asks For Highly Relevant Documents

9   ████████████████████████████████████████████████████████████████████████

10  ████████████████   Like any litigation involving patent rights, the conception and reduction to

11  practice of the asserted patents here is core to Apple's claims.   ███████████████████████

12  ████████████████████████████████████████████████████████████████████████

13  ████████████████████████████████████   ████████████████████████████████

14  ████████████████████████████████████████████████████████████████████████

15  ██████████████████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████████████████████

18  ██████████████████████████████████   "Design patents do not and cannot include claims to the

19  structural or functional aspects of the article."   *Lee v. Dayton-Hudson, Corp.*, 838 F.2d 1186,

20  1188 (Fed. Cir. 1988) (citing 37 C.F.R. sec. 1.153(a)).   Thus, if Apple's "patented design is

21  primarily functional rather than ornamental, the patent is invalid."   *Richardson v. Stanley Works,*

22  *Inc.*, 597 F.3d 1288, 1293-94 (Fed. Cir. 2010).   ████████████████████████████████

23  ████████████████████████████████████████████████████████████████

24  ████████████████████████████████████████████████

25  ████████████████████████████████████████████████   Apple's preliminary

26  injunction motion alleges that certain Samsung products infringe three asserted design patents.

27  (D.N. 86).   The scope of the claimed designs, including whether the Samsung products contain

28  those designs and whether those designs are embodied in prior art, is a central issues in Apple's

motion.    The scope of a claimed design is not merely related to, but in fact defined by, the extent
to which the claimed article is functional:    "[W]hen the design also contains ornamental aspects,
it is entitled to a design patent whose scope is limited to those aspects alone and does not extend to
any functional elements of the claimed article."    *Richardson*, 597 F. 3d at 1294.    The functional
elements "necessarily mandate[] a narrow construction."    *Id.*    Therefore, Apple's design patents
cannot be construed to include functional elements.    Samsung must determine to what extent the
claimed designs are functional to properly address Apple's infringement allegations.



And as shown above, whether the design claims
are functional or ornamental is dispositive of Apple's infringement claims.



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21    2. <u>Samsung Has No Other Source For This Information And It Is Not</u>
       <u>Cumulative Or Duplicative Or Burdensome</u>

22

23

24

25

26

27    This contention fails on the law and the facts.   It is wrong on the law because the

28 Federal Rules are clear that a party such as Apple cannot withhold relevant documents by

1   supposedly providing other documents or by having a deponent testify about them.   *See* Fed. R.

2   Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant

3   to any party's claim or defense—including the existence, description, nature, custody, condition,

4   and location of any documents or other tangible things and the identity and location of persons

5   who know of any discoverable matter."); 6-26 Moore's Federal Practice, Civil § 26.60 ("A court

6   generally will not limit discovery simply because it may be somewhat cumulative and duplicative.

7   Rather, the discovery must be unreasonably so in light of the nature of the inquiry before the court

8   will limit the discovery sought.").   Indeed, documents are often the most effective basis of

9   witness examination.   ███████████████████   Samsung was denied — and will be

10   denied in the future — the opportunity to question Apple's deponents on the details of the most

11   relevant documents that would relate to the conception and reduction to practice ████████

12   ████████████████████████

13          Apple's argument is equally mistaken on the facts.   Apple controls the record of the

14   design process, reasons behind design decisions, and motivations behind design changes.   It is

15   this information that Samsung needs to analyze the functionality of the patented designs.   For

16   instance, the 'D677 patent includes what Apple describes as "a rounded horizontal speaker slot

17   centered on the front surface above the display screen."   (D.N. 86 at 8.)   The speaker likely has

18   a straightforward functional component (sound output), but its placement, size, shape, and other

19   aspects are the results of Apple's deliberations and decisions — decisions that might well have

20   been motivated by the functionality of the speaker, and not ornamental considerations.   Apple has

21   placed these details of its design patents squarely at issue by (for instance) basing its infringement

22   argument on the shape and placement of the speaker slot.   (D.N. 86 at 11.)   Apple cannot attack

23   Samsung using the results of its design decisions while keeping its reasons for making those

24   decisions hidden within its sole possession.   ███████████████████

25   ████████████████████

26   ████████████████████████████

27   ████████████████  ████████████████████

28   ████████████████████████   Apple should not be allowed to

1   pick and choose which responsive documents it produces to its best advantage.    On the contrary,

2   Apple agreed to "produce relevant, non-privileged documents within its possession, custody, or

3   control, if any, after conducting a reasonable search."    (Jenkins Dec. ¶ 4, Ex. C at 2.)   ███

4   ████████████████████████████████████████████████████████████████████

5   ████████████████████████████████ ██████████████████████████████████

6   ████████████████████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████

8     ███████████████████████████████████████████████████████████████████████

9   ████████████ █████████████████████████████████████████████████████████

10  █████████████████████████████████████████████████████████████████████

11  ████████████████████████████████ ████████████████████████████████████

12      B.      Samsung's Interrogatory No. 1 Seeks Essential Information On The Issue Of
                Irreparable Harm

13

14          1.      The Earliest Date At Which Apple Became Aware Of Infringing Products Is
                    Highly Relevant To The Issue Of Irreparable Harm

15          In order to prevail on its preliminary injunction motion, Apple is required to show that it

16  will suffer irreparable harm without an injunction.    *See Amazon.com, Inc. v.*

17  *Barnesandnoble.com, Inc.,* 239 F.3d 1343, 1350 (Fed. Cir. 2001).    Apple must prove "that

18  irreparable injury is *likely* in the absence of an injunction."    *Winter v. Nat. Res. Def. Council,*

19  *Inc.,* 555 U.S. 7, 22 (2008) (emphasis in original); *see Thome v. U.S.F.D.A.*, No. 11-cv-00676-

20  LHK, 2011 WL 856290, at *2 (N.D. Cal. Mar. 9, 2011) (Koh, J.) (denying TRO for failure to meet

21  the *Winter* standard).    The date when Apple became aware of the devices that it alleges will cause

22  such irreparable harm is directly relevant to this issue.    *See Polymer Techs. v. Bridwell*, 103 F.3d

23  970, 974 (Fed. Cir. 1996).

24

25  ─────────────────────────

26  █ ████████████████████████████████████████████████████

27  █████████████████████████████████████████████████████████

28  ██████████████████████████████████████████



1

2

3

4

5

6                                                            The other

7   Samsung products allegedly include the same features that are the focus of Apple's preliminary

8   injunction motion.    For example, Apple seeks an injunction to bar the sale of Samsung's Infuse

9   4G because the product includes a "bounce-back" feature, which Apple asserts infringes the '381

10  patent.    (D.N. 86 at 19-22.)    However, other Samsung phones, such as the Captivate, also

11  included the "bounce-back" feature.    If discovery reveals that Apple knew about the Captivate

12  since its release over a year ago, but did nothing to stop sales of the Captivate, Apple obviously

13  did not believe that it would suffer any irreparable harm by Samsung's use of the allegedly

14  infringing feature.    Therefore, the dates that Apple became aware of these other products — and

15  the fact that those products included the same features or allegedly infringed the Apple patents in

16  the same way — all bear on Apple's claim of irreparable harm.

17                 2.    <u>Samsung Has No Other Source For, Or Opportunity To
              Obtain, This Critical Information</u>

18

19      Only Apple knows when it first became aware of the allegedly infringing products.

20

21

22

23

24

25

26

27

28

1    Apple cannot demonstrate that there is any burden to respond to Samsung's request. ■

2    ████████████████████████████████████████████████████████████████████

3    ████████████████████████████████████████████████████████████████████

4    ██████████████████████████████████████   On the other hand, without this

5    information, Samsung will be unable to determine the full extent of the time period during which

6    Apple delayed filing suit – a key fact relevant to refuting irreparable harm.

7          C.    Samsung's Interrogatory Nos. 3 And 6 Seek Relevant Information On Which
                 Products Apple Believes Infringe The Asserted Patents
8
                 1.    The Number, Type, And Scope Of Allegedly Infringing Products Is
9                      Relevant To Apple's Diligence In Preventing Irreparable Harm

10          Samsung's Interrogatory Nos. 3 and 6 are directed to products that Apple believes have the

11   same features as the products which Apple seeks to enjoin in its preliminary injunction motion.

12   These interrogatories seek information on when Apple first became aware of other products that

13   include the allegedly infringing features, and how Apple proceeded with regards to that

14   knowledge.   These matters are relevant to whether Apple has engaged in "acts incompatible with

15   the emphasis on the right to exclude that is the basis for the presumption [of irreparable harm]."

16   *T.J. Smith and Nephew Ltd. v. Consolidated Medical Equipment, Inc.*, 821 F.2d 646, 648 (Fed.

17   Cir. 1987).   Apple's diligence — or lack thereof — in bringing suit against other potential

18   infringers "may be relevant to an analysis of irreparable harm," where there is indication of

19   "unreasonable delay in bringing suit, willingness to accept royalty-type damages in lieu of market

20   exclusivity, or indifference in enforcing one's patent."   *Polymer Techs.*, 103 F.3d at 976.

21   Interrogatory Nos. 3 and 6 seek information directly related to this inquiry and thus relevant to

22   Apple's claim of irreparable harm.   Furthermore, this information is highly relevant to the scope

23   of Apple's asserted patents as well as to the public interest prong of the preliminary injunction

24   inquiry.   Obviously, Apple's contentions as to what designs do — or do not — infringe its

25   claimed patents bears directly on these issues.

26   ████████████████████████████████████████████████████████████████

27   ████████████████████████████████   ███████████████████████████

28   ███████████████████████████████████████████████████████████████

1 ████████████████████████████████████████████████

2 ███████████████    ████████████████████████    █████████████

3 ████████████████████████████████████████████

4 ██████████████████████████████████████████████

5 ██████████████████████████████████    ██████

6 ████████████████████████

        2.      Samsung Has No Other Source For Obtaining This Information

Apple is the only party with full knowledge of the products that it believes infringe the patents asserted in the preliminary injunction motion.   While Apple might argue that Samsung can find this information by engaging in a burdensome review of Apple's own court dockets or records of Apple's lawsuits, any court record of a suit brought by Apple on the patents at issue would necessarily be limited to those instances where Apple did in fact attempt to enforce its patents.   Instances where Apple believes a product to infringe its patents but has not brought formal enforcement proceedings are known only to Apple.   Nor should Apple be heard to complain of any burden in identifying infringing products. ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████    Even if Apple were to identify some marginal burden to Apple associated with compiling the information to respond to Samsung's request, that burden would be far outweighed by the benefit to Samsung.   Apple's diligence in enforcing its asserted patents against those products it believes infringe those patents relates directly to the maintenance of exclusivity that is at the heart of the claim for irreparable harm.

**SAMSUNG'S MOTION TO COMPEL**

V.      CONCLUSION

For the foregoing reasons, the Court should GRANT Samsung's Motion to Compel.


DATED: August 31, 2011                    QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP


                                          By   /s/ Victoria F. Maroulis
                                             Charles K. Verhoeven
                                             Kevin P.B. Johnson
                                             Victoria F. Maroulis
                                             Michael T. Zeller
                                             Attorneys for SAMSUNG ELECTRONICS CO.,
                                             LTD., SAMSUNG ELECTRONICS AMERICA,
                                             INC., and SAMSUNG
                                             TELECOMMUNICATIONS AMERICA, LLC