# EXHIBIT B

02198.51855/4324346.1

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S INTERROGATORIES TO APPLE RELATING TO APPLE INC.'S MOTION FOR A PRELIMINARY INJUNCTION** |

02198.51855/4236813.1

Case No. 11-cv-01846-LHK

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants and Counterclaimants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") hereby serve the following interrogatories on Apple Inc. ("Apple").   Apple shall answer each interrogatory below, in accordance with the definitions below, and serve them on Defendants' counsel, Quinn Emanuel Urquhart & Sullivan, LLP, 50 California Street, 22nd Floor, San Francisco, California 94111, within 30 days, or such other time as the parties agree or the Court orders.   These interrogatories are continuing in nature and Plaintiff must timely supplement the answers to them under Fed. R. Civ. P. 26(e) whenever an answer is in some material respect incomplete or incorrect.

**DEFINITIONS**

1.   The terms "APPLE," "PLAINTIFF," "YOU," and "YOUR" shall refer to Apple, Inc., any predecessor or successor of Apple, Inc., and any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, or other representative of Apple, Inc., including counsel and patent agents, in any country.

2.   The term "DEFENDANTS" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC.

3.   The terms "DOCUMENT" and "DOCUMENTS" shall have the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.   This includes copies which differ from the original in any way, including handwritten notations or other written or printed matter.   It also includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently also in non-electronic form.

4.   The term "RELATING" shall mean regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, identifying, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing, or constituting (in whole or in part).

1   5.   The term "DESIGN PATENTS" shall mean U.S. Design Patent Nos. D618,677,
2   D593,087 and D504,889 and all parents, progeny, continuations, applications, divisional
3   applications, reexaminations, or reissues thereof and all foreign counterpart applications and
4   patents which claim the same subject matter.

5   6.   The term "'381 PATENT" shall mean U.S. Patent No. 7,469,381 and all parents,
6   progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof
7   and all foreign counterpart applications and patents which claim the same subject matter.

8   7.   "PRIOR ART" shall mean any reference, publication, patent, physical specimen,
9   use, invention by another, sale, offer for sale, or other activities that are relevant to the validity of
10  the DESIGN PATENTS or the '381 PATENT, including anything that is relevant to the
11  patentability of any patent claim under 35 U.S.C. §§ 102 and 103.   PRIOR ART is not limited to
12  references or other activities cited to the United States Patent and Trademark Office during
13  prosecution of any patent.

14  8.   The term "IDENTIFY" means (1) when referring to a person, the person's full
15  name, present or last known address, and the last known title and place of employment; (2) when
16  referring to a business, legal, or governmental entity or association, the name and address of the
17  entity or association; (3) when referring to a fact, the fact and the documentary or testimonial
18  support for that fact; (4) when referring to a product, the model name/number, the manufacturer,
19  the date it was first announced, the date it was first released, the date it was first sold and the entity
20  that first sold the product (*e.g.*, the carrier) and a general description of the product or thing; (5)
21  when referring to a written communication, identity of the DOCUMENT(s) in which the
22  communication was made; (6) when referring to an oral communication, the identity of persons
23  participating in the communication; (7) when referring to nonpatent DOCUMENTS, the
24  production number or type of DOCUMENT, its general nature and subject matter, date of
25  creation, and all author(s), addressee(s), and recipient(s); and (8) when referring to patent
26  DOCUMENTS, the country, patent and/or application number, dates of filing, publication, and
27  grant, and the names of patentees or applicants.

28

# INSTRUCTIONS

The following instructions shall apply to each of the Interrogatories herein:

1.  In answering the following Interrogatories, furnish all available information, including information in the possession, custody, or control of any of PLAINTIFF's attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and persons under PLAINTIFF's control, who have the best knowledge, not merely information known to PLAINTIFF based on PLAINTIFF's own personal knowledge. If YOU cannot fully respond to the following Interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Interrogatory that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Interrogatory cannot be answered fully and completely; and state what knowledge, information or belief PLAINTIFF has concerning the unanswered portion of any such Interrogatory.

2.  If any information requested is claimed to be privileged or otherwise, provide all information falling within the scope of the Interrogatory which is not privileged, and for each item of information contained in a document to which a claim of privilege is made, identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

    a.  the basis on which the privilege is claimed;
    b.  the names and positions of the author of the information and all other persons participating in the preparation of the information;
    c.  the name and position of each individual or other person to whom the information, or a copy thereof, was sent or otherwise disclosed;
    d.  the date of the information;
    e.  a description of any accompanying material transmitted with or attached to such information;
    f.  the number of pages in such document or information;

    g.  the particular Interrogatory to which such document is responsive; and whether any business or non-legal matter is contained or discussed in such information.[1]

3. In the event YOU contend that any of these Interrogatories is objectionable, in whole or in part, YOU shall state with particularity each such objection and the bases therefore, and shall respond to the remainder of the Interrogatory to the extent you are not objecting to it.

4. For any Interrogatory or portion thereof that YOU determine to be vague, overbroad, or unclear, YOU shall adopt a reasonable meaning for that portion of the Interrogatory, state the adopted meaning in YOUR response to the particular Interrogatory, and produce responsive information accordingly.

5. The words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request for production; the word "including" means "including without limitation."

6. The use of the singular form of any word includes the plural and vice versa.

7. PLAINTIFF's obligation to respond to these Interrogatories is continuing and its responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

For each and every product manufactured, used, sold, offered for sale, or imported by DEFENDANTS that YOU allege infringes one or more of the DESIGN PATENTS or the '381

---

[1] Provided the parties reach an agreement that neither party needs to log documents and information generated after the start of this Lawsuit on April 15, 2011, this Instruction applies only to privileged information generated before the start of litigation.

PATENT, IDENTIFY the date YOU first became aware of any manufacture, use, sale, offer for sale, or importation of such product, device, process, method, act, and/or instrumentality.

**INTERROGATORY NO. 2:**

For each of the DESIGN PATENTS and the '381 PATENT, IDENTIFY any and all persons to whom YOU have ever licensed or offered to license, or persons who have requested to license, or to whom YOU have granted or offered to grant any other rights under the patent, including the status of those requests and offers, whether continuing, successful, or terminated, and identify (by Bates number) all DOCUMENTS RELATED to any such license, offer, request, or other grant of rights.

**INTERROGATORY NO. 3:**

For each of the DESIGN PATENTS and the '381 PATENT, IDENTIFY (by product name, product manufacturer, telecommunications carrier (if applicable), date of product announcement, date of product release, and appearance of product – including front, back, and side images) every product manufactured, used, sold, offered for sale, or imported into the United States since 2006 that YOU allege uses any patented design or invention of the DESIGN PATENTS or the '381 PATENT.

**INTERROGATORY NO. 4:**

For each claim of the '381 PATENT, describe the circumstances surrounding the invention of the claim, including the circumstances leading to the alleged invention of each such claim, the precise date of conception, the date of actual and constructive reduction to practice, the persons involved in the conception and reduction to practice, the steps constituting diligence from conception to actual or constructive reduction to practice, and IDENTIFY all documents, things, and persons that corroborate such conception, diligence, and reduction to practice for each claim.

**INTERROGATORY NO. 5:**

For each version of the iPhone and iPad, IDENTIFY each product that competes against it in the market, and the market share of each product.

**INTERROGATORY NO. 6:**

1  For each of the DESIGN PATENTS and the '381 PATENT, IDENTIFY every product
2 currently available for purchase in the market that YOU believe uses or may use any patented
3 design or invention in that patent.

4 **INTERROGATORY NO. 7:**

5  For each of the DESIGN PATENTS and the '381 PATENT, IDENTIFY (by product name,
6 product manufacturer, telecommunications carrier (if applicable), date of product announcement,
7 date of product release, and appearance of product – including front, back, and side images) every
8 Apple product that embodies any patented design or invention of the DESIGN PATENTS or the
9 '381 PATENT and provide a chart identifying specifically where each limitation of each asserted
10 claim is found within each Apple product.

11 **INTERROGATORY NO. 8:**

12  For each of the DESIGN PATENTS and the '381 PATENT, IDENTIFY (by application
13 number, publication number(s), patent number (if applicable), date of filing, title, and inventor(s))
14 every foreign counterpart patent application and every item of PRIOR ART cited in the foreign
15 counterpart patent application.

17 DATED: July 6, 2011                    QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP

20                                    By /s/ Victoria F. Maroulis
                                          Charles K. Verhoeven
21                                        Kevin P.B. Johnson
                                          Victoria F. Maroulis
22                                        Michael T. Zeller
                                          Attorneys for SAMSUNG ELECTRONICS CO.,
23                                        LTD., SAMSUNG ELECTRONICS AMERICA,
                                          INC., and SAMSUNG
24                                        TELECOMMUNICATIONS AMERICA, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2011, I caused **SAMSUNG'S INTERROGATORIES TO APPLE RELATING TO APPLE INC.'S MOTION FOR A PRELIMINARY INJUNCTION** to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

HAROLD J. MCELHINNY
hmcelhinny@mofo.com
MICHAEL A. JACOBS
mjacobs@mofo.com
JENNIFER LEE TAYLOR
jtaylor@mofo.com
ALISON M. TUCHER
atucher@mofo.com
RICHARD S.J. HUNG
rhung@mofo.com
JASON R. BARTLETT
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

I declare under penalty of perjury that the foregoing is true and correct.   Executed in San Francisco, California on July 6, 2011.

/s/ Erik Olson
Erik Olson