# EXHIBIT C

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

KENNETH H. BRIDGES (CA SBN 243541)
kbridges@bridgesmav.com
MICHAEL T. PIEJA (CA SBN 250351)
mpieja@bridgesmav.com
BRIDGES & MAVRAKAKIS LLP
3000 El Camino Real
One Palo Alto Square, 2nd Floor
Palo Alto, CA 94306
Telephone: (650) 804-7800
Facsimile: (650) 852-9224

WILLIAM F. LEE (*pro hac vice* anticipated)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff
APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

Case No. 11-cv-01846-LHK

**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS RELATING TO APPLE INC.'S MOTION FOR A PRELIMINARY INJUNCTION**

1    In accordance with Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Apple Inc.

2   ("Apple") objects and responds to the Requests for Production of Documents and Things Relating

3   to Apple Inc.'s Motion for a Preliminary Injunction served by Defendants Samsung Electronics

4   Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC

5   (collectively "Samsung") on July 6, 2011.

6                               **GENERAL OBJECTIONS**

7    Apple makes the following general responses and objections ("General Objections") to

8   each definition, instruction, and request propounded in Samsung's Requests for Production of

9   Documents and Things Relating to Apple Inc.'s Motion for a Preliminary Injunction.  These

10  General Objections are hereby incorporated into each specific response.  The assertion of the

11  same, similar or additional objections or partial responses to the individual requests does not

12  waive any of Apple's General Objections.

13    1.    Apple objects to Samsung's definitions of "APPLE," "PLAINTIFF," "YOU," and

14  "YOUR" to the extent they purport to include persons or entities that are separate and distinct

15  from Apple and are not under Apple's control.  "Apple" refers only to Apple Inc.

16    2.    Apple objects to Samsung's definition of "PRIOR ART" as inaccurate, overly

17  broad, vague, ambiguous, and unduly burdensome.  Samsung's definition is particularly vague

18  and ambiguous in its use of the phrase "relevant to the validity," and overly broad in attempting

19  to include information other than that cited to the Patent Office during the prosecutions of the

20  patents that are the subject of Apple's Motion for a Preliminary Injunction.

21    3.    Apple objects to these requests to the extent they incorporate Samsung's definition

22  of "RELATING."  Samsung's definition of this term renders each request incorporating the term

23  overly broad, vague, ambiguous, and unduly burdensome.

24    4.    Apple objects to Samsung's definitions of "DESIGN PATENTS" and the "'381

25  PATENT" because they are inaccurate, overly broad, vague, ambiguous, and unduly burdensome.

26  The phrase "design patents" means U.S. Design Patent Nos. D618,677, D593,087, and D504,889.

27  The "'381 patent" means U.S. Patent No. 7,469,381.

28

1    5.    Apple objects to Samsung's instruction requiring that drafts of documents must be

2    produced "without abbreviation or redaction" to the extent that it calls for production of any

3    documents protected from discovery by the attorney-client privilege or the work product doctrine.

4    6.    Apple objects to Samsung's instruction requiring the identification of information

5    pertaining to documents that are withheld on the basis of a claim of privilege or immunity from

6    discovery to the extent that it purports to impose any requirement or obligation on Apple other

7    than as set forth in the Federal Rules of Civil Procedure.

8    7.    Apple objects to the requests to the extent that they seek confidential or proprietary

9    information pertaining to Apple's business, trade secrets, or economic relationships, as a

10   protective order has not yet been entered.  Apple also reserves the right to object to these requests

11   on any additional grounds.

12   Subject to the foregoing qualifications and General Objections and the specific objections

13   made below, Apple objects and responds to Samsung's Requests for Production of Documents

14   and Things Relating to Apple Inc.'s Motion for a Preliminary Injunction as follows:

15   **SPECIFIC OBJECTIONS AND RESPONSES**

16   **REQUEST FOR PRODUCTION NO. 1:**

17   DOCUMENTS RELATING to the conception and reduction to practice of the DESIGN

18   PATENTS and the '381 PATENT.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

20   Apple incorporates its General Objections.  Apple objects to this request to the extent it

21   seeks the production of documents that:  (i) are protected from discovery by the attorney-client

22   privilege or the work product doctrine; (ii) are outside of Apple's possession, custody, or control;

23   (iii) would require Apple to draw a legal conclusion to respond; or (iv) can be obtained as easily

24   by Samsung, are already in Samsung's possession, or are publicly available.

25   Subject to these objections, Apple will produce relevant, non-privileged documents within

26   its possession, custody, or control, if any, after conducting a reasonable search.

27   **REQUEST FOR PRODUCTION NO. 2:**

28

1  DOCUMENTS sufficient to identify the individuals, including but not limited to named

2  inventors, who contributed to the conception of the designs or alleged inventions of the DESIGN

3  PATENTS or the '381 PATENT.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

5  Apple incorporates its General Objections.  Apple objects to this request to the extent it

6  seeks the production of documents that:  (i) are protected from discovery by the attorney-client

7  privilege or the work product doctrine; (ii) would require Apple to draw a legal conclusion to

8  respond; or (iii) can be obtained as easily by Samsung, are already in Samsung's possession, or

9  are publicly available.

10  Subject to these objections, Apple will produce relevant, non-privileged documents within

11  its possession, custody, or control, if any, after conducting a reasonable search.

12  **REQUEST FOR PRODUCTION NO. 3:**

13  Samples of all products that Apple contends infringe the DESIGN PATENTS and the

14  '381 PATENT.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

16  Apple incorporates its General Objections.  Apple objects to this request as overly broad,

17  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

18  evidence, especially because it requests samples of "all products," including Samsung's own

19  products and non-party products.  Apple objects that this request calls for information that is not

20  relevant to the claims or defenses at issue in Apple's Motion for a Preliminary Injunction.  Apple

21  objects to this request to the extent it seeks the production of documents that:  (i) are protected

22  from discovery by the attorney-client privilege or the work product doctrine; (ii) are outside of

23  Apple's possession, custody, or control; (iii) would require Apple to draw a legal conclusion to

24  respond; (iv) can be obtained as easily by Samsung, are already in Samsung's possession, or are

25  publicly available; or (v) are subject to a confidentiality or non-disclosure agreement or governed

26  by a protective order preventing its production.

27  **REQUEST FOR PRODUCTION NO. 4:**

28

1    Communications between YOU and any other person, including, but not limited to, the

2    inventors of the DESIGN PATENTS and of the '381 PATENT, concerning the DESIGN

3    PATENTS or the '381 PATENT, any products accused of infringing the DESIGN PATENTS or

4    the '381 PATENT, or This Lawsuit.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

6    Apple incorporates its General Objections.  Apple objects to this request as overly broad,

7    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

8    evidence, especially as its seeks communications with parties other than Samsung or involving

9    Samsung products other than those at issue in Apple's Motion for a Preliminary Injunction.

10   Apple objects to this request as calling for information that is not relevant to the claims or

11   defenses at issue in Apple's Motion for a Preliminary Injunction.  Apple objects to this request to

12   the extent it seeks the production of documents that:  (i) are protected from discovery by the

13   attorney-client privilege or the work product doctrine; (ii) are outside of Apple's possession,

14   custody, or control; (iii) would require Apple to draw a legal conclusion to respond; (iv) can be

15   obtained as easily by Samsung, are already in Samsung's possession, or are publicly available; or

16   (v) are subject to a confidentiality or non-disclosure agreement or governed by a protective order

17   preventing its production.

18   Subject to these objections, Apple will produce relevant, non-privileged documents within

19   its possession, custody, or control, if any, after conducting a reasonable search.

20   **REQUEST FOR PRODUCTION NO. 5:**

21   DOCUMENTS RELATING to the functionality—including the ease of manufacturing,

22   cost savings, or any other benefit of any claimed feature, element or combination of elements in

23   any of the DESIGN PATENTS, including without limitation:

24        (a)      a flat front screen,

25        (b)      a clear front screen,

26        (c)      a black-colored front surface,

27        (d)      rectangular shape,

28        (e)      four corners, rounded corners,

1       (g)     symmetry,

2       (h)     a rectangular screen,

3       (i)     an inset screen, substantial borders on two sides of a screen,

4       (k)     narrow borders on two sides of a screen,

5       (1)     a horizontal speaker slot,

6       (m)     a speaker slot on the front,

7       (n)     a centered speaker,

8       (o)     a speaker above a display screen,

9       (p)     a speaker near the top of a phone handset,

10      (q)     a bezel around the edge of product,

11      (r)     a circular button on the front, or

12      (s)     a button located at the center bottom.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

14      Apple incorporates its General Objections.  Apple objects to the phrase "any other

15 benefit" as vague and ambiguous.  Apple objects to this request as overly broad, unduly

16 burdensome, and not reasonably calculated to lead to the discovery of admissible evidence and as

17 calling for information that is not relevant to the claims or defenses at issue in Apple's Motion for

18 a Preliminary Injunction.  Apple objects to this request to the extent it seeks the production of

19 documents that:  (i) are protected from discovery by the attorney-client privilege or the work

20 product doctrine; (ii) are outside of Apple's possession, custody, or control; (iii) would require

21 Apple to draw a legal conclusion to respond; (iv) can be obtained as easily by Samsung, are

22 already in Samsung's possession, or are publicly available; or (v) are subject to a confidentiality

23 or non-disclosure agreement or governed by a protective order preventing its production.

24      Subject to these objections, Apple will meet and confer with Samsung about reasonable

25 limitations in response to this request.

26 **REQUEST FOR PRODUCTION NO. 6:**

27      DOCUMENTS RELATING to the scope, construction, meaning or interpretation of the

28 DESIGN PATENTS or the '381 PATENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Apple incorporates its General Objections.  Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence and as calling for information that is not relevant to the claims or defenses at issue in Apple's Motion for a Preliminary Injunction.  Apple objects to this request to the extent it seeks the production of documents that:  (i) are protected from discovery by the attorney-client privilege or the work product doctrine; (ii) are outside of Apple's possession, custody, or control; (iii) would require Apple to draw a legal conclusion to respond; (iv) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available; or (v) are subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production.

Subject to these objections, Apple will produce relevant, non-privileged documents within its possession, custody, or control, if any, after conducting a reasonable search.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS RELATING to any re-examination proceedings before the United States Patent and Trademark Office RELATING to the '381 PATENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Apple incorporates its General Objections.  Apple objects to this request to the extent it seeks the production of documents that:  (i) are protected from discovery by the attorney-client privilege or the work product doctrine; (ii) are outside of Apple's possession, custody, or control; or (iii) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available.

Subject to these objections, Apple will produce relevant, non-privileged documents within its possession, custody, or control, if any, after conducting a reasonable search.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS discussing, reflecting, supporting, undermining, or otherwise RELATING to the scope, infringement, validity, and enforceability of any claim of the DESIGN PATENTS or the '381 PATENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Apple incorporates its General Objections.  Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Apple also objects to this request as calling for information that is not relevant to the claims or defenses at issue in Apple's Motion for a Preliminary Injunction because, for example, Samsung has not pleaded unenforceability in its Answer and Counterclaims.  Apple objects to this request to the extent it seeks the production of documents that:  (i) are protected from discovery by the attorney-client privilege or the work product doctrine; (ii) are outside of Apple's possession, custody, or control; (iii) would require Apple to draw a legal conclusion to respond; (iv) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available; or (v) are subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production.

Subject to these objections, Apple will produce relevant, non-privileged documents within its possession, custody, or control, if any, after conducting a reasonable search.

**REQUEST FOR PRODUCTION NO. 9:**

Transcripts of testimony given at a deposition, hearing, trial, or other proceeding by the named inventors of the DESIGN PATENTS or the '381 PATENT RELATING to the DESIGN PATENTS or the '381 PATENT, including any testimony provided by Bas Ording RELATING to the '381 PATENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Apple incorporates its General Objections.  Apple objects to the phrase "other proceeding" as vague and ambiguous.  Apple objects to this request to the extent it seeks the production of documents that:  (i) are outside of Apple's possession, custody, or control; (ii) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available; or (iii) are subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production.

Subject to these objections, Apple will produce relevant, non-privileged documents within its possession, custody, or control, if any, after conducting a reasonable search.

**REQUEST FOR PRODUCTION NO. 10:**

PRIOR ART relating to the DESIGN PATENTS or the '381 PATENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Apple incorporates its General Objections.  Apple objects to this request to the extent it seeks the production of documents that:  (i) are protected from discovery by the attorney-client privilege or the work product doctrine; (ii) are outside of Apple's possession, custody, or control; (iii) would require Apple to draw a legal conclusion to respond; (iv) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available; or (v) are subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production.

Subject to these objections, Apple will produce relevant, non-privileged documents within its possession, custody, or control, if any, after conducting a reasonable search.

**REQUEST FOR PRODUCTION NO. 11:**

Samples of all products that embody the claims of any of the DESIGN PATENTS or the '381 PATENT and publications, product literature or publications relating to such products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Apple incorporates its General Objections.  Apple objects to the phrase "publications, product literature or publications relating to such products" as vague and ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence and calling for information that is not relevant to the claims or defenses at issue in Apple's Motion for a Preliminary Injunction.  Apple objects to this request to the extent it seeks the production of documents that:  (i) are protected from discovery by the attorney-client privilege or the work product doctrine; (ii) are outside of Apple's possession, custody, or control; (iii) would require Apple to draw a legal conclusion to respond; (iv) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available; or (v) are subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production.

1    Subject to these objections, Apple will make available for inspection released iPhone or

2    iPad products that are not already in Samsung's possession or publicly available.

3    **REQUEST FOR PRODUCTION NO. 12:**

4    DOCUMENTS sufficient to identify every foreign counterpart patent application to the

5    DESIGN PATENTS and the '381 PATENT.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

7    Apple incorporates its General Objections.  Apple objects to this request as calling for

8    information that is not relevant to the claims or defenses at issue in Apple's Motion for a

9    Preliminary Injunction.  Apple objects to this request to the extent it seeks the production of

10   documents that:  (i) are protected from discovery by the attorney-client privilege or the work

11   product doctrine; (ii) are outside of Apple's possession, custody, or control; (iii) would require

12   Apple to draw a legal conclusion to respond; or (iv) can be obtained as easily by Samsung, are

13   already in Samsung's possession, or are publicly available.

14   Subject to these objections, Apple will produce relevant, non-privileged documents within

15   its possession, custody, or control, if any, after conducting a reasonable search.

16   **REQUEST FOR PRODUCTION NO. 13:**

17   The prosecution history for every foreign counterpart patent application to the DESIGN

18   PATENTS and the '381 PATENT, including any English translations.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

20   Apple incorporates its General Objections.  Apple objects to this request as calling for

21   information that is not relevant to the claims or defenses at issue in Apple's Motion for a

22   Preliminary Injunction.  Apple objects to this request to the extent it seeks the production of

23   documents that:  (i) are protected from discovery by the attorney-client privilege or the work

24   product doctrine; (ii) are outside of Apple's possession, custody, or control; (iii) would require

25   Apple to draw a legal conclusion to respond; or (iv) can be obtained as easily by Samsung, are

26   already in Samsung's possession, or are publicly available.

27   Subject to these objections, Apple will produce relevant, non-privileged documents within

28   its possession, custody, or control, if any, after conducting a reasonable search.

**REQUEST FOR PRODUCTION NO. 14:**

Each item of PRIOR ART cited in the prosecution history for every foreign counterpart patent application to the DESIGN PATENTS and the '381 PATENT, including any English translations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Apple incorporates its General Objections.  Apple objects to this request to the extent it seeks the production of documents that:  (i) are protected from discovery by the attorney-client privilege or the work product doctrine; (ii) are outside of Apple's possession, custody, or control; (iii) would require Apple to draw a legal conclusion to respond; or (iv) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available.

Subject to these objections, Apple will produce relevant, non-privileged documents within its possession, custody, or control, if any, after conducting a reasonable search.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS relied on by Cooper Woodring in his declaration submitted in support of YOUR Motion for Preliminary Injunction dated July 1, 2011.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Apple incorporates its General Objections.  Apple objects to this request to the extent it seeks the production of documents that:  (i) are protected from discovery by the attorney-client privilege or the work product doctrine; (ii) are outside of Apple's possession, custody, or control; or (iii) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available.

Subject to these objections, Apple will produce relevant, non-privileged documents within its possession, custody, or control, if any, after conducting a reasonable search.

**REQUEST FOR PRODUCTION NO. 16:**

All prior expert reports and declarations submitted by Cooper Woodring in other litigations involving design patent infringement, industrial design, or electronic consumer goods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

1   Apple incorporates its General Objections.  Apple objects to this request as overly broad,

2   unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence,

3   and not limited in time.  Apple objects to this request as calling for information that is not

4   relevant to the claims or defenses at issue in Apple's Motion for a Preliminary Injunction,

5   including reports and declarations that do not relate to the design patents at issue in that motion.

6   Apple objects to this request to the extent it seeks the production of documents that:  (i) are

7   protected from discovery by the attorney-client privilege or the work product doctrine; (ii) are

8   outside of Apple's possession, custody, or control; (iii) can be obtained as easily by Samsung, are

9   already in Samsung's possession, or are publicly available; or (iv) are subject to a confidentiality

10   or non-disclosure agreement or governed by a protective order preventing its production.

11   Subject to these objections, Apple will produce relevant, non-privileged documents

12   relating to Apple, if any, within its possession, custody, or control after conducting a reasonable

13   search.

14   **REQUEST FOR PRODUCTION NO. 17:**

15   All trial and deposition transcripts from other litigations in which Cooper Woodring

16   testified as an expert.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

18   Apple incorporates its General Objections.  Apple objects to this request as overly broad,

19   unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence,

20   and not limited in time.  Apple objects to this request as calling for information that is not

21   relevant to the claims or defenses at issue in Apple's Motion for a Preliminary Injunction,

22   including transcripts that do not relate to the design patents at issue in that motion.  Apple objects

23   to this request to the extent it seeks the production of documents that:  (i) are protected from

24   discovery by the attorney-client privilege or the work product doctrine; (ii) are outside of Apple's

25   possession, custody, or control; (iii) can be obtained as easily by Samsung, are already in

26   Samsung's possession, or are publicly available; or (iv) are subject to a confidentiality or non-

27   disclosure agreement or governed by a protective order preventing its production.

28

1    Subject to these objections, Apple will produce relevant, non-privileged documents

2 relating to Apple, if any, within its possession, custody, or control after conducting a reasonable

3 search.

4 **REQUEST FOR PRODUCTION NO. 18:**

5    All DOCUMENTS relied on by Ravin Balakrishnan in his declaration submitted in

6 support of YOUR Motion for Preliminary Injunction dated July 1, 2011.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

8    Apple incorporates its General Objections.  Apple objects to this request to the extent it

9 seeks the production of documents that:  (i) are protected from discovery by the attorney-client

10 privilege or the work product doctrine; (ii) are outside of Apple's possession, custody, or control;

11 (iii) or can be obtained as easily by Samsung, are already in Samsung's possession, or are

12 publicly available.

13    Subject to these objections, Apple will produce relevant, non-privileged documents within

14 its possession, custody, or control, if any, after conducting a reasonable search.

15 **REQUEST FOR PRODUCTION NO. 19:**

16    All prior expert reports and declarations submitted by Ravin Balakrishnan in other

17 litigations involving utility patents.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

19    Apple incorporates its General Objections.  Apple objects to this request as overly broad,

20 unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence,

21 and not limited in time.  Apple objects to this request as calling for information that is not

22 relevant to the claims or defenses at issue in Apple's Motion for a Preliminary Injunction,

23 including reports and declarations that do not relate to the utility patent at issue in that motion.

24 Apple objects to this request to the extent it seeks the production of documents that:  (i) are

25 protected from discovery by the attorney-client privilege or the work product doctrine; (ii) are

26 outside of Apple's possession, custody, or control; (iii) can be obtained as easily by Samsung, are

27 already in Samsung's possession, or are publicly available; (iv) are subject to a confidentiality or

28 non-disclosure agreement or governed by a protective order preventing its production.

Subject to these objections, Apple will produce relevant, non-privileged documents relating to Apple, if any, within its possession, custody, or control after conducting a reasonable search.

**REQUEST FOR PRODUCTION NO. 20:**

All trial and deposition transcripts from other litigations in which Ravin Balakrishnan testified as an expert.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Apple incorporates its General Objections.  Apple objects to this request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not limited in time.  Apple objects to this request as calling for information that is not relevant to the claims or defenses at issue in Apple's Motion for a Preliminary Injunction, including transcripts that do not relate to the utility patent at issue in that motion.  Apple objects to this request to the extent it seeks the production of documents that:  (i) are protected from discovery by the attorney-client privilege or the work product doctrine; (ii) are outside of Apple's possession, custody, or control; (iii) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available; or (iv) are subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production.

Subject to these objections, Apple will produce relevant, non-privileged documents relating to Apple, if any, within its possession, custody, or control after conducting a reasonable search.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS from any prior or current litigation or dispute relating to infringement, validity, enforceability, or ownership of the DESIGN PATENTS, including *Apple Inc. v. Brilliant Store, Inc.*, Case No. 10-cv-2996-SBA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Apple incorporates its General Objections.  Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence and as calling for information that is not relevant to the claims or defenses at issue in Apple's

Motion for a Preliminary Injunction.  Apple objects to this request to the extent it seeks the production of documents that:  (i) are protected from discovery by the attorney-client privilege or the work product doctrine; (ii) are outside of Apple's possession, custody, or control; (iii) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available; or (iv) are subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production.

Subject to these objections, Apple will produce relevant, non-privileged documents within its possession, custody, or control, if any, after conducting a reasonable search.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS from any prior or current litigation or dispute relating to infringement, validity, enforceability, or ownership of the '381 PATENT, including *Nokia Corp. v. Apple Inc.*, Case No. 1:09-cv-00791 (D. Del.), and *Apple Inc. v. High Tech Computer Corp. (HTC)*, Case No. 1:10-cv-00167 (D. Del.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Apple incorporates its General Objections.  Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially as it generally seeks documents relating to prior litigations or "disputes." Apple objects to this request as calling for information that is not relevant to the claims or defenses at issue in Apple's Motion for a Preliminary Injunction.  Apple objects to this request to the extent it seeks the production of documents that:  (i) are protected from discovery by the attorney-client privilege or the work product doctrine; (ii) are outside of Apple's possession, custody, or control; (iii) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available; or (iv) are subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production.

Subject to these objections, Apple will produce relevant, non-privileged documents within its possession, custody, or control, if any, after conducting a reasonable search.

**REQUEST FOR PRODUCTION NO. 23:**

1   DOCUMENTS RELATING to all licenses and potential licenses for the DESIGN

2   PATENTS or the '381 PATENT, including all correspondence and DOCUMENTS RELATING

3   to licensing offers or negotiations.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

5   Apple incorporates its General Objections.  Apple objects to this request as overly broad,

6   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

7   evidence, especially to the extent that it seeks "licenses," "potential licenses," and "licensing

8   offers or negotiations" not involving Samsung.  Apple objects to this request as calling for

9   information that is not relevant to the claims or defenses at issue in Apple's Motion for a

10  Preliminary Injunction.  Apple objects to this request to the extent it seeks the production of

11  documents that:  (i) are protected from discovery by the attorney-client privilege or the work

12  product doctrine; (ii) are outside of Apple's possession, custody, or control; (iii) can be obtained

13  as easily by Samsung, are already in Samsung's possession, or are publicly available; or (iv) are

14  subject to a confidentiality or non-disclosure agreement or governed by a protective order

15  preventing its production.

16  Subject to these objections, Apple will produce relevant, non-privileged documents within

17  its possession, custody, or control, if any, after conducting a reasonable search.

18  **REQUEST FOR PRODUCTION NO. 24:**

19  DOCUMENTS RELATING to competition between each version of the iPhone and any

20  product YOU accuse of infringing the DESIGN PATENTS or the '381 PATENT.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

22  Apple incorporates its General Objections.  Apple objects to the term "competition" as

23  vague and ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not

24  reasonably calculated to lead to the discovery of admissible evidence, especially to the extent that

25  it seeks documents relating to "any product YOU accuse of infringing the DESIGN PATENTS or

26  the '381 PATENT" or any products other than the Samsung products at issue in Apple's Motion

27  for a Preliminary Injunction.  Apple also objects to this request as calling for information that is

28  not relevant to the claims or defenses at issue in Apple's Motion for a Preliminary Injunction.

1   Apple objects to this request to the extent it seeks the production of documents that:  (i) are

2   protected from discovery by the attorney-client privilege or the work product doctrine; (ii) are

3   outside of Apple's possession, custody, or control; (iii) would require Apple to draw a legal

4   conclusion to respond; (iv) can be obtained as easily by Samsung, are already in Samsung's

5   possession, or are publicly available; or (v) are subject to a confidentiality or non-disclosure

6   agreement or governed by a protective order preventing its production.

7            Subject to these objections, Apple will produce relevant, non-privileged documents within

8   its possession, custody, or control, if any, after conducting a reasonable search.

9   **REQUEST FOR PRODUCTION NO. 25:**

10           DOCUMENTS RELATING to competition between each version of the iPad and any

11  product YOU accuse of infringing the DESIGN PATENTS or the '381 PATENT.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

13           Apple incorporates its General Objections.  Apple objects to the term "competition" as

14  vague and ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not

15  reasonably calculated to lead to the discovery of admissible evidence, especially to the extent that

16  it seeks documents relating to "any product YOU accuse of infringing the DESIGN PATENTS or

17  the '381 PATENT" or any products other than the Samsung products at issue in Apple's Motion

18  for a Preliminary Injunction.  Apple also objects to this request as calling for information that is

19  not relevant to the claims or defenses at issue in Apple's Motion for a Preliminary Injunction.

20  Apple objects to this request to the extent it seeks the production of documents that:  (i) are

21  protected from discovery by the attorney-client privilege or the work product doctrine; (ii) are

22  outside of Apple's possession, custody, or control; (iii) would require Apple to draw a legal

23  conclusion to respond; (iv) can be obtained as easily by Samsung, are already in Samsung's

24  possession, or are publicly available; or (v) are subject to a confidentiality or non-disclosure

25  agreement or governed by a protective order preventing its production.

26           Subject to these objections, Apple will produce relevant, non-privileged documents within

27  its possession, custody, or control, if any, after conducting a reasonable search.

28  **REQUEST FOR PRODUCTION NO. 26:**

1    DOCUMENTS sufficient to identify the respective markets of each version of the iPhone

2    and the iPad.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

4    Apple incorporates its General Objections.  Apple objects to this request as overly broad,

5    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

6    and as calling for information that is not relevant to the claims or defenses at issue in Apple's

7    Motion for a Preliminary Injunction.  Apple objects to this request to the extent it seeks the

8    production of documents that:  (i) are protected from discovery by the attorney-client privilege or

9    the work product doctrine; (ii) are outside of Apple's possession, custody, or control; (iii) can be

10   obtained as easily by Samsung, are already in Samsung's possession, or are publicly available; or

11   (iv) are subject to a confidentiality or non-disclosure agreement or governed by a protective order

12   preventing its production.

13   Subject to these objections, Apple will produce relevant, non-privileged documents within

14   its possession, custody, or control, if any, after conducting a reasonable search.

15   **REQUEST FOR PRODUCTION NO. 27:**

16   DOCUMENTS sufficient to identify the respective market shares of each version of the

17   iPhone and the iPad.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

19   Apple incorporates its General Objections.  Apple objects to this request as overly broad,

20   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

21   and as calling for information that is not relevant to the claims or defenses at issue in Apple's

22   Motion for a Preliminary Injunction.  Apple objects to this request to the extent it seeks the

23   production of documents that:  (i) are protected from discovery by the attorney-client privilege or

24   the work product doctrine; (ii) are outside of Apple's possession, custody, or control; (iii) can be

25   obtained as easily by Samsung, are already in Samsung's possession, or are publicly available; or

26   (iv) are subject to a confidentiality or non-disclosure agreement or governed by a protective order

27   preventing its production.

28

1      Subject to these objections, Apple will produce relevant, non-privileged documents within

2  its possession, custody, or control, if any, after conducting a reasonable search.

3  **REQUEST FOR PRODUCTION NO. 28:**

4      DOCUMENTS sufficient to identify the respective market share of each product that

5  competes with the iPhone or the iPad.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

7      Apple incorporates its General Objections.  Apple objects to the term "competes" as

8  vague and ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not

9  reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this

10  request as calling for information that is not relevant to the claims or defenses at issue in Apple's

11  Motion for a Preliminary Injunction, especially to the extent that it seeks documents relating to

12  products other than the Samsung products at issue in the motion.  Apple objects to this request to

13  the extent it seeks the production of documents that:  (i) are protected from discovery by the

14  attorney-client privilege or the work product doctrine; (ii) are outside of Apple's possession,

15  custody, or control; (iii) can be obtained as easily by Samsung, are already in Samsung's

16  possession, or are publicly available; or (iv) are subject to a confidentiality or non-disclosure

17  agreement or governed by a protective order preventing its production.

18      Subject to these objections, Apple will produce relevant, non-privileged documents within

19  its possession, custody, or control, if any, after conducting a reasonable search.

20  **REQUEST FOR PRODUCTION NO. 29:**

21      DOCUMENTS sufficient to identify all projections YOU have reviewed or considered as

22  to what the respective market share of the iPhone and iPad, and each product that competes with

23  the iPhone or the iPad, are likely to be at any future point.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

25      Apple incorporates its General Objections.  Apple objects to the term "competes" as

26  vague and ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not

27  reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this

28  request as calling for information that is not relevant to the claims or defenses at issue in Apple's

1  Motion for a Preliminary Injunction, especially to the extent that it seeks documents relating to

2  products other than the Samsung products at issue in the motion.  Apple objects to this request to

3  the extent it seeks the production of documents that:  (i) are protected from discovery by the

4  attorney-client privilege or the work product doctrine; (ii) are outside of Apple's possession,

5  custody, or control; (iii) can be obtained as easily by Samsung, are already in Samsung's

6  possession, or are publicly available; or (iv) are subject to a confidentiality or non-disclosure

7  agreement or governed by a protective order preventing its production.

8          Subject to these objections, Apple will produce relevant, non-privileged documents within

9  its possession, custody, or control, if any, after conducting a reasonable search.

10

11  Dated: July 14, 2011                              MORRISON & FOERSTER LLP

12

13                                          By:    /s/ Richard S.J. Hung

14                                                 RICHARD S.J. HUNG

15                                                 Attorneys for Plaintiff
                                                   APPLE INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

I, Deok Keun Matthew Ahn, hereby certify that on July 14, 2011, true and correct

3

copies of the foregoing document were served on the following counsel of record at the

4

addresses and in the manner indicated:

5

**<u>VIA ELECTRONIC MAIL</u>**

6

**Charles K. Verhoeven**
charlesverhoeven@quinnemanuel.com

7

Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor

8

San Francisco, California  94111
Telephone: (415) 875-6600

9

Facsimile: (415) 875-6700

10

**Kevin P.B. Johnson**
kevinjohnson@quinnemanuel.com

11

**Victoria F. Maroulis**
victoriamaroulis@quinnemanuel.com

12

Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive 5th Floor

13

Redwood Shores, California  94065
Telephone: (650) 801-5000

14

Facsimile: (650) 801-5100

15

**Edward J. DeFranco**
eddefranco@quinnemanuel.com

16

Quinn Emanuel Urquhart Oliver & Hedges, LLP
335 Madison Avenue, 22nd Floor

17

New York, NY 10017
Telephone: (212) 849-7000

18

Facsimile: (212) 849-7100

19

**Michael Thomas Zeller**
michaelzeller@quinnemanuel.com

20

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor

21

Los Angeles, CA 90017
Telephone: (213) 443-3000

22

Facsimile: (213) 443-3100

23

24

I declare under the penalty of perjury that the foregoing is true and correct.

25

<u>/s/ Deok Keun Matthew Ahn</u>
Deok Keun Matthew Ahn

26

27

28