# EXHIBIT M

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Cal. Bar No. 170151)
2   charlesverhoeven@quinnemanuel.com
    50 California Street, 22nd Floor
3   San Francisco, California 94111
    Telephone: (415) 875-6600
4   Facsimile: (415) 875-6700

5   Kevin P.B. Johnson (Cal. Bar No. 177129)
    kevinjohnson@quinnemanuel.com
6   Victoria F. Maroulis (Cal. Bar No. 202603)
    victoriamaroulis@quinnemanuel.com
7   555 Twin Dolphin Drive 5th Floor
    Redwood Shores, California 94065
8   Telephone: (650) 801-5000
    Facsimile: (650) 801-5100

9

10   Michael T. Zeller (Cal. Bar No. 196417)
    michaelzeller@quinnemanuel.com
    865 S. Figueroa St., 10th Floor
11   Los Angeles, California 90017
    Telephone: (213) 443-3000
12   Facsimile: (213) 443-3100

13   Attorneys for SAMSUNG ELECTRONICS
    CO., LTD., SAMSUNG ELECTRONICS
14   AMERICA, INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC

15

16                 UNITED STATES DISTRICT COURT

17       NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 18   APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| 19          Plaintiff, | |
| 20      vs. | |
| 21   SAMSUNG ELECTRONICS CO., LTD., a | **SAMSUNG'S NOTICE OF RULE 30(B)(6)** |
|     Korean business entity; SAMSUNG | **DEPOSITION OF APPLE RELATING TO** |
| 22   ELECTRONICS AMERICA, INC., a New | **APPLE INC.'S MOTION FOR A** |
|     York corporation; SAMSUNG | **PRELIMINARY INJUNCTION** |
| 23   TELECOMMUNICATIONS AMERICA, | |
|     LLC, a Delaware limited liability company, | |
| 24 | |
|         Defendants. | |
| 25 | |

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30, Defendants and Counterclaimants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") will take the deposition upon oral examination of Apple Inc. ("Apple") pursuant to 30(b)(6) of the Federal Rules of Civil Procedure.   The deposition will commence on a mutually agreeable date at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 555 Twin Dolphin Drive, Redwood Shores, California, 94065 and will continue day-to-day until completed.   The deposition will be taken by a notary public or other authorized officer and will be videotaped and recorded stenographically. Pursuant to Rule 30(b)(6), Apple shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf concerning each of the subjects set forth in Exhibit A hereto.

DATED: July 6, 2011

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By /a/ Victoria F. Maroulis
    Charles K. Verhoeven
    Kevin P.B. Johnson
    Victoria F. Maroulis
    Michael T. Zeller
    Attorneys for SAMSUNG ELECTRONICS CO.,
    LTD., SAMSUNG ELECTRONICS AMERICA,
    INC., and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC

# EXHIBIT A

## DEFINITIONS

1.    The terms "APPLE," "PLAINTIFF," "YOU," and "YOUR" shall refer to Apple, Inc., any predecessor or successor of Apple, Inc., and any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, or other representative of Apple, Inc., including counsel and patent agents, in any country.

2.    The term "DEFENDANTS" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC.

3.    The terms "DOCUMENT" and "DOCUMENTS" shall have the broadest meaning ascribed to it by the Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.   This includes copies which differ from the original in any way, including handwritten notations or other written or printed matter.   It also includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently also in non-electronic form.

4.    The term "RELATING" shall mean regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, identifying, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing, or constituting (in whole or in part).

5.    The term "DESIGN PATENTS" shall mean U.S. Design Patent Nos. D618,677, D593,087 and D504,889 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

6.    The term "'381 PATENT" shall mean U.S. Patent No. 7,469,381 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

7.     "PRIOR ART" shall mean any reference, publication, patent, physical specimen, use, invention by another, sale, offer for sale, or other activities that are relevant to the validity of the DESIGN PATENTS or the '381 PATENT including anything that is relevant to the patentability of any patent claim under 35 U.S.C. §§ 102 and 103.   Prior Art is not limited to references or other activities cited to the United States Patent and Trademark Office during prosecution of any patent.

## TOPICS

1.     The conception, diligence and reduction to practice of every claim in the DESIGN PATENTS and the '381 PATENT, including the contribution(s) of each named inventor.

2.     The prosecution history of the DESIGN PATENTS and the '381 PATENT, any foreign counterpart patent applications, and any related patent applications.

3.     The scope construction, meaning or interpretation of the DESIGN PATENTS and the '381 PATENT.

4.     The functionality of any claimed feature, element or combination of elements in any of the DESIGN PATENTS.

5.     PRIOR ART RELATING to the DESIGN PATENTS and the '381 PATENT.

6.     YOUR position that the Infuse 4G, Galaxy S 4G, and Droid Charge smartphones and the Galaxy Tab 10.1 tablet computer infringe the DESIGN PATENTS and the '381 PATENT.

7.     YOUR awareness of any of DEFENDANTS' products that YOU claim infringes any of the DESIGN PATENTS or the '381 PATENT.

8.      Identification of YOUR position regarding whether third-parties' electronic devices infringe any of the DESIGN PATENTS or the '381 PATENT and factual bases of YOUR position.

9.      Apple's communications with DEFENDANTS relating to the subjects of Apple's Motion for a Preliminary Injunction dated July 1, 2011.

10.      Apple's communications with DEFENDANTS RELATING to the DESIGN PATENTS, the '381 PATENT, or any other patents.

11.      YOUR contention that Apple will be irreparably harmed in the absence of a preliminary injunction.


DATED: July 6, 2011                    QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP


                                       By  /s/ Victoria F. Maroulis
                                          Charles K. Verhoeven
                                          Kevin P.B. Johnson
                                          Victoria F. Maroulis
                                          Michael T. Zeller
                                          Attorneys for SAMSUNG ELECTRONICS CO.,
                                          LTD., SAMSUNG ELECTRONICS AMERICA,
                                          INC., and SAMSUNG
                                          TELECOMMUNICATIONS AMERICA, LLC

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 6, 2011, I caused **SAMSUNG'S NOTICE OF RULE 30(B)(6) DEPOSITION OF APPLE RELATING TO APPLE INC.'S MOTION FOR A PRELIMINARY INJUNCTION** to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

HAROLD J. MCELHINNY
hmcelhinny@mofo.com
MICHAEL A. JACOBS
mjacobs@mofo.com
JENNIFER LEE TAYLOR
jtaylor@mofo.com
ALISON M. TUCHER
atucher@mofo.com
RICHARD S.J. HUNG
rhung@mofo.com
JASON R. BARTLETT
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

I declare under penalty of perjury that the foregoing is true and correct.

/s/Erik Olson
Erik Olson