MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

September 12, 2011

Writer's Direct Contact
415.268.7602
RHung@mofo.com

U.S.D.C. Northern District of California
Magistrate Judge Paul Singh Grewal
San Jose Courthouse
280 South 1st Street, Courtroom 5 - 4th Floor
San Jose, CA 95113

Re:   *Apple v. Samsung*, Case No. 11-cv-1846-LHK (N.D. Cal.)

Dear Magistrate Judge Grewal:

Apple has moved to preliminarily enjoin Samsung's illegal misappropriation of Apple's iPhone and iPad designs and patents. On August 22 Samsung filed its opposition, starting Apple's brief period to take discovery of Samsung before replying on September 30. Apple seeks the Court's assistance to resolve a dispute regarding time limits for Apple's deposition of Samsung under Federal Rule 30(b)(6) which threatens to derail the motion schedule.

Samsung insists Apple is limited to seven hours of deposition time total to cover *all* of the topics of Apple's deposition notice – a position that, as discussed below, Samsung itself characterized as "*preposterous*" when it was deposing Apple witnesses. Apple's notice covers, among other things:

- Samsung's copying of Apple's products;
- Samsung's design process, the development of the accused features and functions and the identity of individuals involved in each;
- Any "functional," cost, or aesthetic considerations that affected Samsung's design;
- Communications and negotiations with Apple relating to the subject matter of the motion; and
- Samsung's market, market research, and promotion of the products at issue.

(*See* Exhibit A attached hereto (30(b)(6) notice)). Samsung intends to present *a single witness* on all of these topics. Apple does not understand how a single witness could cover the diverse subject matter of its notice. Giving Samsung the benefit of the doubt, seven hours is obviously not sufficient to depose an adequately-prepared witness.

Samsung's current position flatly contradicts its position when it took discovery of Apple (Samsung noticed the personal depositions of all of Apple's 30(b)(6) designees):

sf-3044339

MORRISON | FOERSTER

Magistrate Judge
September 12, 2011
Page Two

- Samsung claimed that it was entitled to fourteen hours to depose Chip Lutton in his personal capacity and his capacity as a 30(b)(6) witness.  Mr. Lutton was Apple's designee on only five of Samsung's eleven topics (Exhibit B, p. 1 (September 9, 2011 email from Maroulis to Bartlett); Exhibit C, p. 1 (July 20, 2011 email from Bartlett Maroulis));
- Mr. Lutton's deposition in fact did not conclude until 8:00 in the evening (Exhibit D (Lutton Deposition Tr.));
- Samsung took a full day to depose Sissy Twiggs, Apple's 30(b)(6) witness on just a portion of Samsung's topic 11 (Exhibit E (Twiggs Deposition Tr.)); and
- Samsung deposed Apple 30(b)(6) designees Bas Ording until 8:00 p.m. and Christopher Stringer until 7:00 p.m. (Exhibit F (Ording Deposition Tr.); Exhibit G (Stringer Depo Tr.));

Indeed, during Mr. Stringer's deposition, Samsung's counsel asserted it was "preposterous" to apply a seven-hour limit to a 30(b)(6) deposition in this case:

> The *seven hour rule does not apply here*, and that's just preposterous for you to be suggesting you're entitled to a multi-billion dollar injunction, and that you're offering seven hours on designs on multiple patents.  But in any event, are you cutting off my questioning now?

(Exhibit G (Stringer Depo Tr. at 315:8-15) (emphasis added).)  Additional time should be allowed "if needed for a fair examination of the deponent . . . ."  Fed. R. Civ. P. 30(d)(2).

Apple has attempted to meet and confer with Samsung in good faith.  On September 6, Samsung proposed a single day for the 30(b)(6) deposition.  (Exhibit B at p. 4.)  On Wednesday, September 7, Apple asked when Samsung would be available to continue the deposition.  (*Id.* at p. 3.)  When Samsung responded that it would limit the 30(b)(6) deposition to seven hours, Apple proposed that the parties collaborate to prepare a brief joint letter presenting the dispute to Your Honor.  (Exhibit H, p. 3 (September 9, 2011 email from Bartlett to Maroulis).)  Apple also proposed that the parties meet in person on Monday at 11 a.m. in a last attempt to avoid burdening the Court with this issue.  (*Id.*)  Initially, Samsung refused to meet until after the hearing on Tuesday.  (*Id.* at p. 2)  When pressed further, Samsung agreed to meet at the close of business Monday.  (*Id.*)  Because that would not have allowed adequate time to present the issue before the Tuesday hearing, Apple has separately submitted this letter.

Apple respectfully requests that the Court direct that the deposition of Samsung continue from day-to-day as long as is reasonably necessary to address the topics of Apple's notice. Apple estimates that three days or fewer will be required to complete the deposition.

sf-3044339

MORRISON | FOERSTER

Magistrate Judge
September 12, 2011
Page Three



Sincerely,


/s/ Rich Hung


Richard S.J. Hung

cc:  Victoria Maroulis, Esq.


**ATTESTATION OF E-FILED SIGNATURE**

I, JASON R. BARTLETT, am the ECF User whose ID and password are being used to file this Letter.  In compliance with General Order 45, X.B., I hereby attest that Richard Hung has concurred in this filing.

| | | |
|---|---|---|
| Dated:  September 12, 2011 | By: | /s/  Jason R. Bartlett |
| | | Jason R. Bartlett |

sf-3044339