Exhibit H

# Bartlett, Jason R.

| | |
|---|---|
| **From:** | Bartlett, Jason R. |
| **Sent:** | Monday, September 12, 2011 8:44 AM |
| **To:** | 'Victoria Maroulis'; 'Selwyn, Mark'; Melissa Chan; Rachel Herrick Kassabian; Todd Briggs; Margret Caruso; Kevin Johnson; Michael T Zeller |
| **Cc:** | McElhinny, Harold J.; Jacobs, Michael A.; Taylor, Jennifer Lee (SF); Tucher, Alison M.; Hung, Richard S. J.; 'Lee, William'; Ahn, Deok Keun Matthew |
| **Subject:** | RE: Apple v. Samsung: Discovery Correspondence |

Dear Victoria,

Apple is disappointed by Samsung's refusal to meet in person to discuss deficiencies in Samsung's responses to Apple's requests for discovery relating to the preliminary injunction motion. The issues to be resolved are very serious and the time to resolve them is short. Among other things, it is now obvious that Samsung intends to bury the evidence that its engineers copied Apple products when designing the accused devices. The evidence Samsung has refused to produce is not just relevant -- it goes to the very heart of the case.

It also does not bode well that Samsung refused to participate in Apple's proposal to submit a four page joint letter to Magistrate Grewal on the *simplest* of issues -- the number of hours to which Apple is entitled to take a 30(b)(6) deposition. It should be obvious why Apple cannot wait to have this issue resolved. Apple has already started taking 30(b)(6) depositions of Samsung and Apple's reply in support of the motion for preliminary injunction is due in a matter of weeks. Moreover, as Samsung already knows, Magistrate Grewal's next available hearing date is not until after Apple's reply brief is due. Samsung's intransigence is as much a discourtesy to the Court as it is to Apple.

Apple will submit a separate letter, not to exceed two pages exclusive of exhibits, to Judge Grewal today at noon. Apple will note its good faith attempt to meet and confer with Samsung on this issue over the last five days. Apple will also note that Samsung lead counsel was not available to meet until the close of business Monday, leaving no time for the issue to be submitted to the Court in advance of tomorrow's hearing.

Mark Sewlyn will respond separately on the third item below.

Sincerely,

Jason R. Bartlett
Morrison & Foerster
425 Market St.
San Francisco, CA  94105
Direct: 415.268.6615

---

**From:** Victoria Maroulis [mailto:victoriamaroulis@quinnemanuel.com]
**Sent:** Monday, September 12, 2011 6:41 AM
**To:** 'Selwyn, Mark'; Melissa Chan; Rachel Herrick Kassabian; Todd Briggs; Margret Caruso; Kevin Johnson; Michael T Zeller
**Cc:** McElhinny, Harold J.; Jacobs, Michael A.; Taylor, Jennifer Lee (SF); Tucher, Alison M.; Hung, Richard S. J.; 'Lee, William'; Bartlett, Jason R.; Ahn, Deok Keun Matthew
**Subject:** RE: Apple v. Samsung: Discovery Correspondence

Gentlemen,

I write in response to three requests for meet and confer we received Friday night, demanding an in-person meeting Monday morning. Timing-wise, such requests are clearly unreasonable,

especially because Monday is the day Samsung is preparing a large document production; filing a reply on its Motion to Compel Apple; preparing for a Tuesday's hearing on the Motion to Compel; and getting ready to present for depositions four witnesses in four different cities. The substance of these requests is detailed below:

1. <u>Requests to meet regarding the length of the 30(b)(6) deposition</u>: As we already discussed, Apple's request is unreasonable under the Federal Rules of Civil Procedure and the prior conduct of the parties. Moreover, it is premature as requests for more deposition time are appropriate only after the party exhausted its allotted time and has good cause to seek additional time. We thus urge Apple to withdraw its request. If Apple is unwilling to do so, we are available to meet and confer in person at 4:45 pm on Monday, September 12. Please be prepared to discuss the return of Mr. Stringer for another 7 hours. Please also note that Samsung will strenuously object to Apple raising this issue at the hearing on Tuesday which should and will be devoted to Apple's deficient discovery responses.
2. <u>Request to meet and confer on unspecified PI discovery matters</u>: Please provide in writing the precise list of issues Apple wishes to meet and confer on and where you believe there is a disagreement. Then, please schedule a teleconference with Melissa Chan and Rachel Kassabian of our team. In the event you are unable to resolve the matters after that call and subsequent consultation with respective clients, we can discuss setting up an in-person meet and confer.
3. <u>Request to meet and confer on licenses unrelated to PI Motion</u>: As you know, Samsung's written responses to Apple's Third Set of Requests for Production of Documents and Things (Nos. 53-155) – which included over 100 document requests – were originally due September 2, 2011, and extended to September 8, 2011. Therefore, Apple's letter of August 30, 2011 demanding immediate production of responsive documents was improper, in asking Samsung to immediately produce documents before the deadline set by the Federal Rules of Civil Procedure. Samsung is investigating and has produced or will produce documents that are responsive to Apple's Third Set of Requests, subject to Samsung's objections. Samsung is currently looking into the license agreements and will produce those that are relevant and responsive. Therefore, a meet and confer on Monday or any time this week on this issue is premature, since Samsung has not refused to produce the documents you requested. Further, Apple's threat to compel production of documents (that are not even at issue in the forthcoming preliminary injunction proceedings) one day after Samsung served its objections is unreasonable and harassing.

Best Regards,

**Victoria Maroulis**
*Partner,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5022 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
victoriamaroulis@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Selwyn, Mark [mailto:Mark.Selwyn@wilmerhale.com]
**Sent:** Friday, September 09, 2011 6:57 PM
**To:** Victoria Maroulis; Melissa Chan
**Cc:** Victoria Maroulis; Todd Briggs; HMcElhinny@mofo.com; MJacobs@mofo.com; JTaylor@mofo.com; ATucher@mofo.com; RHung@mofo.com; Lee, William; JasonBartlett@mofo.com
**Subject:** RE: Apple v. Samsung: Discovery Correspondence

Victoria:

Further to my August 30 letter and my e-mail this afternoon, we would like to meet and confer with you at the same meeting proposed below regarding Apple's request that Samsung immediately produce copies of its license agreements and related documents with Intel, Qualcomm, and Infineon.  We need to resolve the issue without further delay, or Apple will seek the Court's assistance.

Thank you.

Mark

---

**From:** Bartlett, Jason R. [mailto:JasonBartlett@mofo.com]
**Sent:** Friday, September 09, 2011 5:36 PM
**To:** Melissa Chan
**Cc:** Victoria Maroulis; Todd Briggs; HMcElhinny@mofo.com; MJacobs@mofo.com; JTaylor@mofo.com; ATucher@mofo.com; RHung@mofo.com; Lee, William; Selwyn, Mark
**Subject:** RE: Apple v. Samsung: Discovery Correspondence

Melissa,

In accordance with the court's order, Apple would like to convene an in-person meeting relating to these discovery issues at your offices in Redwood Shores on Monday starting at 11:00 am.  Please confirm Samsung's availability.

Sincerely,


Jason R. Bartlett
Morrison & Foerster
425 Market St.
San Francisco, CA  94105
Direct: 415.268.6615

---

**From:** Melissa Chan [mailto:melissachan@quinnemanuel.com]
**Sent:** Friday, September 09, 2011 5:23 PM
**To:** Bartlett, Jason R.
**Cc:** Victoria Maroulis; Todd Briggs; McElhinny, Harold J.; Jacobs, Michael A.; Taylor, Jennifer Lee (SF); Tucher, Alison M.; Hung, Richard S. J.; william.lee@wilmerhale.com; mark.selwyn@wilmerhale.com
**Subject:** RE: Apple v. Samsung: Discovery Correspondence

Jason,

Please see the attached response.

Thanks,
Melissa

---

**From:** Bartlett, Jason R. [mailto:JasonBartlett@mofo.com]
**Sent:** Wednesday, September 07, 2011 6:09 PM
**To:** Melissa Chan
**Cc:** Victoria Maroulis; Todd Briggs; McElhinny, Harold J.; Jacobs, Michael A.; Taylor, Jennifer Lee (SF); Tucher,

Alison M.; Hung, Richard S. J.; william.lee@wilmerhale.com; mark.selwyn@wilmerhale.com
**Subject:** Apple v. Samsung: Discovery Correspondence

Melissa,

Please see the attached letter.

Sincerely,


Jason R. Bartlett
Morrison & Foerster
425 Market St.
San Francisco, CA  94105
Direct: 415.268.6615




---------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

==========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

---------------------------------------------------------------------


---------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

==========================================================================

This message contains information which may be confidential and privileged. Unless you are the

addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

----------------------------------------------------------------------