1   HAROLD J. MCELHINNY (CA SBN 66781)   MARK D. SELWYN (SBN 244180)
    hmcelhinny@mofo.com   mark.selwyn@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)   WILMER CUTLER PICKERING
    mjacobs@mofo.com   HALE AND DORR LLP
3   RICHARD S.J. HUNG (CA SBN 197425)   950 Page Mill Road
    rhung@mofo.com   Palo Alto, California 94304
4   MORRISON & FOERSTER LLP   Telephone: (650) 858-6000
    425 Market Street   Facsimile: (650) 858-6100
5   San Francisco, California  94105-2482
    Telephone:  (415) 268-7000   WILLIAM F. LEE (*pro hac vice*)
6   Facsimile:  (415) 268-7522   william.lee@wilmerhale.com
                               WILMER CUTLER PICKERING
7                              HALE AND DORR LLP
                               60 State Street
8                              Boston, MA 02109
                               Telephone: (617) 526-6000
9                              Facsimile: (617) 526-5000

10                             Attorneys for Plaintiff
                               APPLE INC.
11

12                 UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14                       SAN JOSE DIVISION

15   APPLE INC., a California corporation,   |   Case No. 11-cv-01846-LHK

16                 Plaintiff,   |   **APPLE'S OPPOSITION TO SAMSUNG'S
                                    MOTION TO COMPEL REGARDING
17          v.   |   REQUEST FOR PRODUCTION NO. 1 AND
                     INTEROGATORY NOS. 1, 3, AND 6**
18   SAMSUNG ELECTRONICS CO., LTD., a
     Korean corporation; SAMSUNG   |   Date:      September 13, 2011
19   ELECTRONICS AMERICA, INC., a New   |   Time:      10:00.
     York corporation; and SAMSUNG   |   Place:     Courtroom 5, 4th Floor
20   TELECOMMUNICATIONS AMERICA,   |   Judge:     Hon. Paul Singh Grewal
     LLC, a Delaware limited liability company,
21
22                 Defendants.

23                 PUBLIC REDACTED VERSION

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................. 1

STATEMENT OF FACTS ....................................................... 1

ARGUMENT ...................................................................... 4

I.  SAMSUNG'S REQUEST FOR ██████████ SEEKS UNREASONABLY BURDENSOME DISCOVERY NOT NARROWLY TAILORED TO PRELIMINARY INJUNCTION ISSUES. ........................ 4

   A.  Apple Has Already Gone Above and Beyond the Requirements of the Court's Order in Providing Expedited Discovery Relating to the Design Patents at Issue in its Preliminary Injunction Motion .......................... 4

   B.  ██████████████████████████████████ 6

II.  ████████████████████████████████████ 8

   A.  ███████████████████████ ............................ 8

   B.  ████████████ ........................................ 10

III.  APPLE HAS ALREADY ANSWERED SAMSUNG'S INTERROGATORIES AND NO SUPPLEMENTATION IS REQUIRED FOR THE PRELIMINARY INJUNCTION MOTION ................................................ 11

CONCLUSION .................................................................... 14

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**CASES**

4

*OKI Am., Inc. v. Advanced Micro Devices, Inc.*,
  No. C 04-3171 CRB (JL), 2006 U.S. Dist. LEXIS 66441 (N.D. Cal. Aug. 31, 2006) ........... 10

5

6

*Polymer Techs. v. Bridwell*,
  103 F.3d 970 (Fed. Cir. 1996) ......................................................................................... 13, 14

7

*Securities & Exchange Commission v. Samuel H. Sloan & Co.*,
  369 F. Supp. 994 (S.D.N.Y. 1973) .................................................................................. 14, 15

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

At the outset of the preliminary injunction phase of this case, the Court set out the metes and bounds of the expedited discovery in which the parties were to engage.  The Court emphasized that the discovery sought "must be relevant to the preliminary injunction motion," and admonished the parties to "make all efforts to keep discovery requests reasonable in scope and narrowly tailored to address [that motion]."  (D.N. 115 at 2.)  Paying no heed to these instructions, Samsung now seeks to compel Apple to provide it with:  (1) expedited production of documents that are burdensome to produce yet of extremely limited relevance compared to data Apple has already produced; (2) ███████████████████████████████████ and (3) interrogatory responses covering infringement contentions against not only Samsung products that are *not* at issue in Apple's preliminary injunction motion, but also third party products that have *no* connection to the motion.  Perhaps most troubling, however, are Samsung's inaccurate representations about the record, its unwillingness to accept any compromise short of the production of everything that it has asked for, and its attempt to fault Apple for its own refusal to take advantage of the broad discovery that Apple has made available to it.  As demonstrated below, Samsung has failed to put forth any legitimate basis for the relief that it has requested, and accordingly, its motion to compel should be denied.

**STATEMENT OF FACTS**

On July 18, 2011, the Court issued an Order Setting Briefing And Hearing Schedule For Preliminary Injunction Motion which set a deadline for expedited discovery on issues relevant to that motion.  (D.N. 115.)  The Order set a deadline of August 8, 2011 for "Samsung's discovery from Apple."  (*Id.*)  The Order explicitly states that "discovery sought under this schedule must be relevant to the preliminary injunction motion," and that the parties must "make all efforts to keep discovery requests reasonable in scope and narrowly tailored to address [that motion]."  (*Id.* at 2.)

Thereafter, Samsung served 30 broad requests for production.  (Declaration of Sara Jenkins in Support of Samsung's Motion to Compel ("Jenkins Decl."), D.N. 205, Ex. A.)  For example, Request for Production No. 1 calls for all "DOCUMENTS RELATING to the

1   conception and reduction to practice of the DESIGN PATENTS and the '381 PATENT."  The

2   requests define DESIGN PATENTS and the '381 PATENT to include:

3          all parents, progeny, continuations, applications, divisional
       applications, reexaminations, or reissues thereof and all foreign
4          counterpart applications and patents which claim the same subject
       matter.
5
6   (Id. at 4.)  Samsung also served 9 broad interrogatories.  (Jenkins Decl., Ex. B.)  Interrogatory No.

7   1, for example, seeks the date Apple "first became aware" of "each and every" Samsung product

8   that Apple alleges infringes "one or more of the DESIGN PATENTS or the '381 PATENT."  (Id.

9   at 6-7.)  Despite being "preliminary injunction discovery," the interrogatory contains no explicit

10  statement that limits it to the accused products which are the subject of Apple's preliminary

11  injunction motion.  (Id.)  Interrogatory Nos. 3 and 6 ask Apple to identify "by product name,

12  product manufacturer, telecommunications carrier (if applicable), date of product announcement,

13  date of product release, and appearance of product – including front, back, and side images"

14  every product that Apple alleges use "any patented design or invention of the DESIGN

15  PATENTS or the '381 PATENT" and every product "currently available for purchase in the

16  market" that Apple believes use those patents.  (Id. at 7-8.)  Again, Samsung defines DESIGN

17  PATENTS and the '381 PATENT to include a whole host of other patents.  (Id. at 4.)  Moreover,

18  Nos. 3 and 6 are not explicitly limited to Samsung's products, or even to products sold in the

19  United States.  (Id. at 7-8.)

20          Given the Court's Order on preliminary injunction discovery, Apple objected to

21  Samsung's requests and took the position that responsive discovery must be relevant to the

22  preliminary injunction motion.  (Jenkins Decl., Exs. C-D.)  Notwithstanding those objections,

23  Apple has produced over 35,000 pages of documents, provided detailed responses to Samsung's

24  interrogatories, has offered over ten witnesses on topics relevant to the injunction motion, ████

25  ████████████████████████████████████████████████.  (Declaration of Jason Bartlett in

26  Support of Apple's Opposition to Samsung's Motion to Compel ("Bartlett Decl."), ¶ 2.)

27          Apple has also made every effort to compromise and accommodate Samsung's demands.

28  ████████████████████████████████████████████████████████████████████████████████

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL
CASE NO. 11-cv-01846-LHK                                                              2
sf-3040944



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21                                        **ARGUMENT**

22   **I.      SAMSUNG'S REQUEST FOR** ▮▮▮▮▮▮▮▮▮ **SEEKS UNREASONABLY
     BURDENSOME DISCOVERY NOT NARROWLY TAILORED TO**
23   **PRELIMINARY INJUNCTION ISSUES.**

24           **A.      Apple Has Already Gone Above and Beyond the Requirements of the Court's
                       Order in Providing Expedited Discovery Relating to the Design Patents at**
25                     **Issue in its Preliminary Injunction Motion.**

26           Samsung requested "documents relating to the conception and reduction to practice of

27   [Apple's] design patents."  (D.N. 205 at 4.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

28   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮



1

2

3

4

5

6

7

8

9

10     In short, Apple has been extremely reasonable.  Samsung has only itself to blame for

11 refusing to inspect the very evidence that it now claims it was denied.

12     **B.**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28





**II.**



1

2   To understand the consequences of a leak, the Court need look no further than Samsung's slavish

3   copying of Apple's designs that is the subject of this dispute.  (Bartlett Decl., Ex. F (article noting

4   Samsung redesigned its tablet to look more like the iPad 2).)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 ██████████████████████████████████████████████████████████

2 ██████████████████████████████████████████

3          This Court faced a request substantively identical to that made by Samsung in *OKI Am.,*

4 *Inc. v. Advanced Micro Devices, Inc.*, No. C 04-3171 CRB (JL), 2006 U.S. Dist. LEXIS 66441

5 (N.D. Cal. Aug. 31, 2006).  Specifically, a party had moved to compel a more open procedure for

6 reviewing OKI's "product layouts" or product schematics for "the convenience of its counsel."  *Id.*

7 at *10-11.  The court denied the motion because the layouts were "among OKI's most valuable

8 and secret assets" and "[e]ven an inadvertent disclosure of such information could spell economic

9 catastrophe for OKI."  *Id.* at *11.  This Court therefore provided for the layouts to be "produced

10 at the office of OKI outside counsel" and reviewed "under OKI's direct control and supervision."

11 *Id.*

12 ████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████

15 ██████████

16 **B.**   ████████████████████████████████████████

17 ████████████████

18 ████████████████████████████████████████████████

19 ████████████████████████████████████████████

20 ████████████████████████

21 ████████████████████████████████████████████████

22 ██████████████████████████████████████████

23 ██████████████████████████████████████████████████

24 ████████████████████████████████████████████

25 ████████████████████████████████████████████

26 ██████████████████████████████████████████████

27 ████████████████████████████████████████████████

28 ████████████████████████████████████████████████████

1  ████████████████████████████████████████████████

2  ████████████████████████████████████████████

3  ████████████████████████████████████████████████

4  ████

5     ████████████████████████████████████████████████

6  ██████████████████████████████████████████

7  ████████████████████████████████████████████████

8  ██████████████████████████████████████████████

9  ████████████████████████████████████████████████

10 ████████████████████████████████████████████

11 ██████████████████████████████████████████████

12 █████████████████████████████████████████████

13 ████████████████████████████████████████████████

14 ████████████████████████████████████████████████

15 ██████████████████████████████████

16          The record speaks for itself regarding Apple's continuing efforts to accommodate

17 Samsung's unreasonable discovery requests.  Despite the substantial expense and confidentiality

18 risks presented by these compromises, Samsung failed to take advantage of these opportunities

19 for further review or print-outs.  (*Id.*, Ex. D.)  Given the unreasonableness of Samsung's demands

20 and refusal to engage in good faith negotiations regarding discovery issues, Samsung's motion

21 should be denied.

22 **III.    APPLE HAS ALREADY ANSWERED SAMSUNG'S INTERROGATORIES AND
          NO SUPPLEMENTATION IS REQUIRED FOR THE PRELIMINARY
23        INJUNCTION MOTION**

24          Like its allegations concerning Apple's document production, Samsung's attempt to

25 compel a supplemental response to interrogatories numbers 1, 3 and 6 also fails to meet the

26 exacting standard for preliminary injunction discovery established by this Court.

27

28

**Interrogatory 1**

Samsung's Interrogatory No. 1 asks for the date that Apple first became aware of the "manufacture, use, sale, offer for sale, or importation" of the accused instrumentalities.  (Jenkins Decl., Ex. B at 6-7.)  Apple has already responded to that question in full by identifying the dates that the accused instrumentalities were first sold in the U.S.  (*Id.*, Ex. D at 6.)

Samsung now apparently wishes that it had asked a different question.  It asks that Apple be compelled to amend its response to Interrogatory No. 1 to state the date that it became aware of the *public announcement* anywhere in the world of the Samsung products at issue in Apple's preliminary injunction motion.  Even if Apple did have a duty to respond to a question other than the one posed (which it does not), there is no need for Apple to further supplement its response because Apple has *already provided* ample discovery on this issue in the form of both documents and deposition testimony. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Beyond having failed to propound the question at issue, and lacking any basis for its demand that Apple provide a supplemental response to a different interrogatory, Samsung cannot seriously contend that it is entitled to additional discovery on this subject, especially where Apple has already provided the answers that Samsung seeks in the form of documents and deposition testimony.

**Interrogatories 3 and 6**

In violation of the Court's Order, Samsung seeks via interrogatories what amounts to infringement contentions on "every product manufactured" not only by Samsung, but also by *any*

1  *other company that might infringe Apple's patents*—not just those products subject to potential

2  injunctive relief.  (Jenkins Decl., Ex. B at 7-8.)  This is a clear violation of the Court's Order, and

3  would not be proper in any case.  Apple has no duty to develop infringement contentions

4  regarding the entire universe of phones and tablets for the purposes of this litigation.  Whether

5  other products not at issue in the motion do or do not infringe Apple's patents has nothing to do

6  with whether a narrow set of specific Samsung products should be enjoined.  Samsung cannot

7  maintain that what it now seeks is "relevant to the preliminary injunction motion," "reasonable in

8  scope," or "narrowly tailored" as the Court required.  (D.N. 115 at 2.)

9          The parties' dispute regarding the "irreparable harm" Apple has suffered as a result of

10  Samsung's misappropriation of Apple's patents and design is not a reason for Samsung to

11  demand that Apple develop infringement contentions relating to products not at issue in the

12  preliminary injunction motion.  Moreover, *Polymer Techs. v. Bridwell*, 103 F.3d 970 (Fed. Cir.

13  1996) simply does not support Samsung's assertion that "(t)he date (on which) Apple first

14  became aware of these devices is directly relevant to Apple's claim of irreparable harm."  Rather,

15  that decision stands for the *opposite* proposition:

16              The fact that other infringers may be in the marketplace does not
               negate irreparable harm.  A patentee does not have to sue all
17              infringers at once.  Picking off one infringer at a time is not
               inconsistent with being irreparably harmed.
18
19  *Id.* at 975.  Under *Polymer Techs.*, there is no basis for Samsung's contention that Apple's

20  awareness of infringement by other Samsung devices (or any other party's devices that Apple has

21  accused of infringing its intellectual property, such as Nokia's) is relevant to Apple's claim of

22  irreparable harm.

23  ████████████████████████████████████████████████████████████

████████████████████  information about other companies Apple has sued on the patents-in-suit is a

24  matter of public knowledge.  (*See* Bartlett Decl. ¶ 12.); *see also Securities & Exchange*

25  *Commission v. Samuel H. Sloan & Co.*, 369 F. Supp. 994, 995 (S.D.N.Y. 1973) ("It is well

26  established that discovery need not be required of documents of public record which are equally

27

28

1   accessible to all parties").  Any further supplementation with respect to interrogatory numbers

2   three and six is therefore unnecessary.

3   **CONCLUSION**

4        Samsung's motion to compel does not meet the standard for preliminary injunction

5   discovery set forth in this Court's previous Order.  Rather, Samsung's motion seeks to harass

6   Apple on issues that are wholly irrelevant to the case.  Consequently, Samsung's motion to

7   compel should be DENIED.

8

9   Dated:  September 9, 2011           MORRISON & FOERSTER LLP

10

11                       By:    /s/ Michael A. Jacobs
                          Michael A. Jacobs

12                           Attorneys for Plaintiff
                        APPLE INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2
**ATTESTATION OF E-FILED SIGNATURE**

3
I, JASON R. BARTLETT, am the ECF User whose ID and password are being used to

4
file this Brief.  In compliance with General Order 45, X.B., I hereby attest that Michael A. Jacobs

5
has concurred in this filing.

6
Dated:  September 9, 2011                By:  _____/s/  Jason R. Bartlett_____

7
                                                                        Jason R. Bartlett

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28