QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

vs.

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

CASE NO. 11-cv-01846-LHK

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL**

Date: Tuesday, September, 13, 2011
Time: 10:00 a.m.
Courtroom: 5, 4th Floor
Honorable Paul S. Grewal

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 2

A. Samsung's Discovery Requests Are Narrowly Tailored According To The Court's Order. ..... 2

B. The Court Should Compelling Apple To Produce [REDACTED] During The Preliminary Injunction Phase ..... 2

C. The Court Should Compel Apple To Produce [REDACTED] [REDACTED] ..... 5

D. The Court Should Compel Further Answers To Samsung's Interrogatory Nos. 1, 3, and 6. ..... 9

III. CONCLUSION ..... 11

## MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

Apple is obligated to produce the relevant and responsive documents and information Samsung has repeatedly requested. But Apple has side-stepped its obligations, which it voluntarily assumed in seeking a preliminary injunction, by offering a series of deficient, and even frivolous, excuses, forcing Samsung to seek relief from the Court to get basic information and documents that should have been produced months ago. Apple's conduct would be inappropriate under normal circumstances. It is egregious here where Apple has filed a preliminary injunction motion that seeks to interfere with its main competitor's products and the Court has made clear that it expects the parties to brief the issues as fully as possible so that a fair decision may be reached.

Specifically, Apple still refuses to produce [redacted]

And Apple still refuses to provide Samsung with simple answers to its proper questions about when Apple first believed its asserted patents were being infringed. Not only does Apple misconstrue Samsung's interrogatories, but it also misreads controlling case law that establishes the relevance of Samsung's interrogatories to rebut Apple's claim of irreparable harm. Apple continues to give evasive non-answers and mistakenly criticizes Samsung's interrogatories as asking for sweeping responses that Samsung has never requested.

## II. ARGUMENT

### A. Samsung's Discovery Requests Are Narrowly Tailored According To The Court's Order.

Throughout its opposition, Apple purports to rely on this Court's order setting the parameters of discovery for the preliminary injunction phase. (Opp. at 1, 6, 11, 13, 14.) Indeed, whenever Apple faces a discovery request it does not like, it reflexively proclaims that the request violates the Court's July 18, 2011 order to keep discovery "narrowly tailored" to the preliminary injunction motion. (D.N. 115.) Apple distorts the Court's order. In denying Apple's motion for expedited — and thus more limited — discovery, Judge Koh stated that "the Court agrees with Samsung that Apple's motion presents *complex* issues of patent infringement, validity, and construction, and seeks an extraordinary form of relief." (D.N. 115 at 2 (emphasis added).) Consequently, "the Court is inclined to provide the parties an opportunity to brief the issues *as fully as possible*, thereby ensuring that the Court has sufficient information to make an informed determination of the motion." (*Id.* (emphasis added).) Furtherm ore, as the Court's order itself provides, "narrowly tailored" means that "[t]he discovery sought . . . must be relevant to the preliminary injunction motion and may include discovery related to prior art, depositions of declarants, and other discovery related to infringement and validity issues." (D.N. 115 at 2.) "Narrowly tailored," therefore, does *not* mean the parties can engage in self-help, picking and choosing only those relevant documents and responses that are easiest to produce or most helpful to their case. It includes everything relevant to address the issues *Apple* has put into play. Far from being authorized by the Court's order, Apple's refusal to produce that discovery is contrary to both the letter and spirit of the Court's rulings.

### B. The Court Should Compel Apple To Produce [REDACTED] During The Preliminary Injunction Phase



Rather, it sought and obtained a series of patents from the U.S. Patent Office that it now seeks to enforce against Samsung on a preliminary injunction motion. Therefore, it put at issue all matters relevant to the conception of these designs as well as their patentability.

1



Apple voluntarily brought a preliminary injunction motion months ago and should have identified, reviewed and produced these relevant documents already.

Whatever purported burden Apple now faces in reviewing these documents is a creature of its own misunderstanding and delay.

Nor can any supposed burden be considered undue, given that Apple is seeking to enjoin flagship Samsung products in the multi-billion dollar mobile device market.



[redacted] Moreover, Apple has *never* provided Samsung with a date by which it will produce [redacted] Samsung has already spent the last month and a half making these reasonable requests. (Mot at 3.) It should not have to wait any longer. Samsung is entitled to an order from this Court setting a date certain by which the documents will be produced — and on a timetable that ensures their production in sufficient time before the preliminary injunction hearing on October 13, 2011.

C. <u>The Court Should Compel Apple To Produce</u> [redacted]

[redacted] Indeed, Judge Koh has already rejected this argument from Apple. In an earlier ruling on whether Apple had to produce its unreleased products to Samsung after Samsung was ordered to produce its own to Apple, Judge Koh stated that "the Court agrees with Samsung that the strict protective order required by the Court and stipulated to by the parties would provide adequate protection to both parties." (D.N. 79 at 10). Judge Koh ordered this even though "Apple maintains a strict policy of not commenting on future products[,] takes extensive measures to protect information about its unreleased products . . . [and] closely guards this information as a trade secret." (*Id.*) And most importantly, Judge Koh ruled that "[t]he Court will not assume that outside counsel and experts who agree to strict confidentiality will nevertheless leak information about Apple's products." ( *Id.*) Apple's attempt to rehash this rejected argument should be rejected yet again.



[redacted] That is no reason why the Court should alter its ruling that the protective order is sufficient to protect Apple's highly confidential information. (D.N. 79 at 10.) Indeed, the precise reason there is a protective order in this or any other case is to allow relevant secret documents and information such as this to be produced in strict confidence. *See, e.g.*, *Putnam v. Eli Lilly and Co.*, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007); *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 191-92 (C.D. Cal. 2006). [redacted]

[redacted]




(iPhone 4 CAD drawings available at https://devimages.apple.com.edgekey.net/resources/cases/dimensions/iPhone-4-CDMA-model.pdf (Jenkins Dec. ¶ 23 & Ex. Q).)

[redacted] (Opp. at 10 (citing *OKI Am., Inc. v. Advanced Micro Devices, Inc.*, No. C 04-3171 CRB (JL), 2006 U.S. Dist. LEXIS 66441, at *12 (N.D. Cal. Aug. 31, 2006).) That case, however, gives only a cursory description of the confidential files at issue and fails to mention a host of important details. For example, there is no mention of how many files were involved, the nature of the review, whether it was effectively possible for the adverse party to review the files under the protocol set up by the plaintiff, or any other useful information. *OKI Am.* at *12. [redacted] there is no evidence that the defendant in *OKI* made even a single, good faith attempt to review the files under the parameters demanded by the plaintiff. *Id.* Thus, there is no possible way Apple could know whether the discovery request in *OKI* was "substantively identical" to the one Samsung has made. (Opp. at 10.)



[redacted] It could easily take much longer to do an in-depth review. Samsung cannot be faulted for not wasting its time reviewing files under these restraints.

[redacted]

---

[2] [redacted]



[redacted]

D. The Court Should Compel Further Answers To Samsung's Interrogatory Nos. 1, 3, and 6.

Samsung's motion to compel a further response to Interrogatory No. 1 is direct and clear. It seeks the "date [Apple] first became aware" of any Samsung products allegedly infringing the patents at issue. (Mot. at iii, 11.) Despite this simple relevant request, Apple has again refused to supplement its evasive [redacted] language provided in its response. (Mot. at 11; Opp. at 12.) [redacted] Apple's evasiveness on this question is telling.

Noticeably, Apple fails to dispute that the basic information Samsung has requested is relevant, simple to produce and within Apple's current knowledge. [redacted] instead of answering the interrogatory, which specifically applies to any and all Samsung products that Apple believes to be infringing. (Opp. at 12; Mot. at 11.) As Samsung showed before, if Apple believed earlier Samsung products infringed the same patents but did nothing to stop it, Apple must not have believed it would be irreparably harmed. (Mot. at 11.) Q uite tellingly, Apple nowhere disputes this.

Samsung's requests for further responses to Interrogatory Nos. 3 and 6 are similarly reasonable, relevant, and simple. [redacted]

[redacted] As Samsung explained in its moving papers, these interrogatories merely seek the date when Apple first became aware of other products that include the allegedly infringing features and how Apple proceeded with that knowledge. (Mot. at 12.) As with Interrogatory No. 1, this information is directly relevant to Apple's claim of irreparable harm and is currently known to Apple. If Apple believed other companies were infringing the patents-in-suit and did nothing about it, it must not have believed it was being irreparably harmed. (Mot. at 12 (quoting *Polymer Techs. v. Bridwell*, 103 F.3d 970, 974 (Fed. Cir. 1996).)

Apple misconstrues these simple and relevant requests as requiring Apple to "develop infringement contentions regarding the entire universe of phones and tablets." (Opp. at 13.) This is untrue. Samsung has never asked, intended, or expected Apple to investigate "the entire universe" of products that it might possibly believe to be infringing. Instead, Samsung simply seeks relevant information, to which it is entitled, of when Apple first believed the patents at issue in the preliminary injunction motion were being infringed by other companies. It should not be hard for Apple to produce this information.

In refusing to answer these interrogatories, Apple misreads *Polymer Techs. v. Bridwell*. According to Apple, the date at which it first became aware of other alleged infringers is irrelevant to its claim of irreparable harm because according to *Polymer Techs* a "patentee does not have to sue all infringers at once" and "[p]icking off one infringer at a time is not inconsistent with being irreparably harmed." (Opp. at 13 (quoting *Polymer Techs.*, 103 F.3d at 975).) Samsung has never asserted that Apple was required to sue all alleged infringers at once. Instead, Samsung relies on the separate and equally valid proposition in *Polymer Techs* that "unreasonable delay in bringing suit" and "indifference to enforcing one's patent" are "relevant to an analysis of irreparable harm." (Mot. at 12 (quoting *Polymer Techs*, 103 F.3d at 974).) These are not "opposite proposition[s]" as Apple wrongly posits. (Opp. at 13 (emphasis omitted).) It is wholly consistent to allow a plaintiff to sue alleged infringers one at a time to avoid irreparable

harm while still requiring that it take *some* action without unreasonable delay. Samsung is entitled to know whether Apple unreasonably delayed in asserting its rights.

Finally, Apple attempts to evade these interrogatories by directing Samsung to public records of when it sued others on its patents-in-suit. (Opp. at 13.) As Samsung already showed, this argument is deficient. (Mot. at 13.) *First*, any decision by Apple *not* to pursue a patent infringement claim is by definition *not* a part of the public record. (*Id.*) And Apple fails to dispute that such decisions to not act are highly relevant. *Second*, Samsung has requested the dates Apple first became *aware* of any alleged infringement, not the dates on which Apple sued someone. (Mot. at 12.) Again, Apple has no response for this, and no valid reason for withholding these relevant answers from Samsung.

## III. CONCLUSION

For the foregoing reasons, the Court should GRANT Samsung's Motion to Compel.

DATED: September 12, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Victoria F. Maroulis
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC