1  HAROLD J. MCELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
2  MICHAEL A. JACOBS (CA SBN 111664)
   mjacobs@mofo.com
3  RICHARD S.J. HUNG (CA SBN 197425)
   rhung@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California  94105-2482
   Telephone:  (415) 268-7000
6  Facsimile:  (415) 268-7522

   WILLIAM F. LEE
   william.lee@wilmerhale.com
   WILMER CUTLER PICKERING
   HALE AND DORR LLP
   60 State Street
   Boston, MA 02109
   Telephone: (617) 526-6000
   Facsimile: (617) 526-5000

   MARK D. SELWYN (SBN 244180)
   mark.selwyn@wilmerhale.com
   WILMER CUTLER PICKERING
   HALE AND DORR LLP
   950 Page Mill Road
   Palo Alto, California 94304
   Telephone: (650) 858-6000
   Facsimile: (650) 858-6100

9  Attorneys for Plaintiff and
   Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>              Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company.,<br><br>              Defendants. | Case No.    11-cv-01846-LHK<br><br>**APPLE'S UNOPPOSED ADMINISTRATIVE MOTION TO CLOSE THE COURTROOM** |

1    Apple Inc. hereby moves to close the Courtroom during the September 13, 2011, hearing
2    on Samsung's Motion to Compel Regarding Request For Production No. 1 and Interrogatory Nos.
3    1, 3, and 6.

4    Courts frequently deny public access to judicial proceedings when disclosure of confidential commercial information could "harm a litigant's competitive standing." *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); s*ee also New York v. Microsoft Corp.*, 2002 WL 1315804 (D.D.C. 2002); *Standard & Poor's Corp., Inc. v. Commodity Exchange, Inc.*, 541 F. Supp. 1273, 1277 (S.D.N.Y. 1982) ("the right to attend judicial proceedings should, in appropriate circumstances, give way to the right to protect one's trade secrets"); *Zenith Radio Corp.*, 529 F. Supp. at 901 (E.D. Pa. 1981) ("Judicial proceedings and records may be closed in part or in full to the public in order to protect private interests, including proprietary interest in trade secrets and other commercial information"). The Court should do the same here.

The requested relief is necessary and narrowly tailored to protect the confidentiality of the information contained in the materials filed in support of the briefing related to Samsung's motion to compel. Many of the materials filed in support of the briefing were filed under seal pursuant to Civil L.R. 79-5(a)-(c) because they contain Apple's design trade secrets, confidential business practices, and policies for preserving the secrecy and confidentiality of its product development. *See* Declaration of Erica Tierney in Support of Apple's Administrative Motion to File Documents Under Seal (Dkt No. 211) and Declaration of Christopher J. Stringer in Support of Apple Inc.'s Opposition to Samsung's Motion to Compel (filed under seal). For instance,

    a.    Apple's Opposition to Samsung's Motion to Compel Regarding Request for Production No. 1 and Interrogatory Nos. 1, 3, and 6 contains information relating to Apple's design trade secrets, confidential business practices and policies for preserving the secrecy and confidentiality of its product development.

    b.    The Declaration of Christopher J. Stringer in Support of Apple Inc.'s Opposition contains information relating to Apple's design trade secrets, confidential business practices and policies for preserving the secrecy and confidentiality of its product development.

  c. The Declaration of Jason Bartlett in Support of Apple Inc.'s Opposition contains information relating to Apple's design trade secrets.

  d. Exhibits A, B, C, D, E, H and I to the Bartlett Declaration are all correspondence between outside counsel that contain information relating to Apple's confidential business practices and policies for preserving the secrecy and confidentiality of its product development.

  e. Exhibit J to the Bartlett Declaration is a deposition transcript that has been designated by Apple as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY under the interim protective order and contains discussion and references to information that Apple has designated as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY.

  f. The Declaration of Patrick Zhang in Support of Apple Inc.'s Opposition contains information relating to Apple's design trade secrets, confidential business practices and policies for preserving the secrecy and confidentiality.

  Apple does not disclose or comment on speculation about its trade secrets or business practices. This information can be used by Apple's competitors to its disadvantage. Apple anticipates that many of these highly confidential materials filed under seal will be discussed at the hearing on September 13, 2011. Because those materials contain information that is of such a highly confidential nature that public disclosure would cause great harm to Apple, Apple hereby respectfully requests that the Court close the Courtroom during the September 13, 2011, hearing.

  Samsung does not oppose this motion.

Dated: September 12, 2011      MORRISON & FOERSTER LLP

                By: /s/ Michael A. Jacobs
                   MICHAEL A. JACOBS

                   Attorneys for Plaintiff
                   APPLE INC.

**ATTESTATION OF E-FILED SIGNATURE**

I, JASON R. BARTLETT, am the ECF User whose ID and password are being used to file this Motion. In compliance with General Order 45, X.B., I hereby attest that Michael A. Jacobs has concurred in this filing.

Dated: September 12, 2011    By:    /s/ Jason R. Bartlett
                                          Jason R. Bartlett