**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL: (650) 801-5000  FAX: (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5022**

WRITER'S INTERNET ADDRESS
**victoriamaroulis@quinnemanuel.com**

September 12, 2011

Magistrate Judge Grewal
United States District Court
Northern District of California
San Jose Courthouse
280 South 1st Street
Courtroom 5, 4th Floor
San Jose, CA 95113

Re:     *Apple v. Samsung*, No. 5:11-cv-1846-LHK-PSG

Dear Magistrate Judge Grewal:

The Samsung defendants respectfully submit this letter in response to Apple's letter brief filed today, in which Apple demands that the Court grant Apple more than the standard seven hours of deposition time for Samsung's 30(b)(6) witness, who is scheduled to be deposed on September 21.  (D.N. 217 at 2.)  Apple's request should be denied because it is procedurally improper and substantively unsupported.  The Federal Rules and the overwhelming weight of authorities hold that Apple must first exhaust its allotted 7 hours of deposition time *before* seeking more time from either Samsung or the Court.  Moreover, Apple is seeking relief not by noticed motion after a required in–person meet and confer but by unilaterally filing a letter brief in contravention of the local rules and the Court's order regarding discovery disputes.[1]

---

[1]     Apple implies that Samsung agreed to the exchange of the letter briefs and the Apple-imposed page limit of 2 pages.  To the contrary, Samsung requested that Apple provide it with a proposed expedited briefing schedule so that the parties could comply with the local rules governing the briefing of motions.  (D.N. 217, Ex. B at 1.)

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000  FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000  FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000  FAX +49(0) 621 43298 6100

Magistrate Judge Grewal
September 12, 2011

The Federal Rules of Civil Procedure are clear that depositions are "limited to 1 day of 7 hours."
Fed. R. Civ. P. 30(d)(1).  Although a party may seek more time from an opposing party or from
the Court, *see id.*, such a request is appropriately made *after* the first 7 hours have been
exhausted.  Indeed, this Court recently rejected a request like Apple's because it was premature.
In *Pratt v. Archstone Willow Glen Apartments*, 2009 WL 2032469 (N.D. Cal. July 10, 2009), the
defendants sought in advance to double the 7-hour time limit in light of the number of legal
claims at issue, the voluminous documentary evidence involved, the presence of multiple
defendants entitled to depose the witness, and the need to travel to the deposition.  *Id.* at *1.
Nevertheless, the Court found that the "defendants fail[ed] to show why th[e] examination
require[d] fourteen hours or why every effort should not be made to complete the deposition in
the standard time allotted."  *Id.*  Consequently, the Court ruled that "[d]efendants should
complete their first seven hour deposition before seeking leave for additional time."  *Id.*  Only
after the party had attempted to abide by the Federal Rules could it make the necessary "good
cause" showing to justify an order extending time.  *Id.*

Numerous other courts and authorities agree.  *See, e.g.*, *Malec v. Trs. of Boston Coll.*, 208 F.R.D.
23, 24 (D.Mass. 2002) ("[T]he better practice is for the deposition to go forward to determine
how much is able to be covered in the seven hours and, then, if additional time is needed, for
counsel to stipulate to extend the deposition for a specific additional time period.  If the parties
cannot reach a stipulation, *then* Court intervention may be sought.") (emphasis added); *General
Elec. Co. v. Indemnity Ins. Co. of North America*, 2006 WL 1525970, *2 -3 (D. Conn. May 25,
2006) (following other "courts [that] have viewed Rule 26(b)(2) as containing an exhaustion
requirement with regard to moving for leave to extend a deposition"); *Moore v. CVS Corp.*, 2005
U.S. Dist. LEXIS 3798, *9-10 (W.D. Va. Mar. 11, 2005) (same); Cal. Prac. Guide, Fed. Civ. Pro.
Before Trial, Ch. 11:1523 ("Normally, it is preferable to wait until after one day of testimony has
been taken before asking the court for additional time because only then can anyone really know
if one day of seven hours was sufficient."); *see also Roberson v. Bair*, 242 F.R.D. 130, 138
(D.D.C. 2007) ("[In deciding] whether a deposition should be longer than seven hours, the court
should begin with the presumption that the seven-hour limit was carefully chosen and that
extensions of that limit should be the exception, not the rule.").

Contrary to this clear legal authority (and without citation to even a single legal authority
supporting its position), Apple now asks the Court for an order extending the Samsung 30(b)(6)
deposition *indefinitely*.  (D.N. 217 at 2.)  Apple believes it is entitled to an open-ended deposition
because it elected to identify as its 30(b)(6) witnesses the same individuals who Samsung had
already noticed for deposition in their individual capacities.  This, according to Apple, afforded
Samsung more than seven hours of total deposition time.  (*Id.* at 1-2).  *See* Adv. Comm. Note to
2000 Amendment to Rule 30 ("For purposes of this durational limit, the deposition of each
person designated under Rule 30(b)(6) should be considered a separate deposition.").  This was
Apple's choice; Apple may not now cry foul for what it perceives as an unfair allotment of
deposition time that was entirely of its own making because it chose to combine personal
depositions of the declarants in support of Apple's Motion for Preliminary Injunction with the
30(b)(6) depositions.  Indeed, if anything, the total deposition hours permitted by Apple were

Magistrate Judge Grewal
September 12, 2011

less than what Samsung would have received if Apple had designated a 30(b)(6) witness separate and apart from the individual deponents whom Samsung had noticed.[2]

Nevertheless, last Thursday, before the parties had ever met and conferred on this issue, Apple demanded that Samsung brief this issue over the weekend.  (D.N. 217, Ex. B at 1.)  Apple offered no reason at that time for its position — other than that Samsung had deposed multiple 30(b)(6) witnesses, *which Apple voluntarily provided*.  (D.N. 217, Ex. B at 2.).  Apple also requested an in-person meet and confer first thing this morning.  (*Id*.)  In response, Samsung proposed to meet at 4:45 p.m. today, just *three hours* after Apple filed its letter brief.  (D.N. 217, Ex. H at 2.)  Apple disregarded these reasonable requests and instead thrust this improper and premature letter upon the Court.

Apple's conduct flies in the face of the Court's order regarding discovery disputes: "If disputes arise, the parties must make a good faith effort to reach a mutually agreeable compromise, *and lead trial counsel must meet and confer in person*, before bringing the dispute before the Court."  (D.N. 115 at 3.)  Apple has failed to meet these requirements, and its demand should be summarily denied on this basis alone.

Alternatively, should the Court elect to reach the merits of this issue, it should order that Apple must first attempt the 30(b)(6) deposition in the time allowed under the Federal Rules.  If Apple then believes it needs more time to conclude the deposition, it should be ordered to meet and confer with Samsung and identify (1) the specific issue(s) remaining to be covered, (2) a reasonable estimate of how much additional time it needs to address those issues, and (3) the reason(s) why it was unable to obtain that testimony in the initial 7-hour period despite diligent efforts to do so.  If the parties are unable to resolve that dispute, Apple may then raise it with the Court on an expedited basis.

Very truly yours,

*/s/ Victoria F. Maroulis*

Victoria F. Maroulis

---

[2]   Apple also accuses Samsung of being inconsistent on the 7-hour rule because Samsung complained that 7 hours were not enough to depose Mr. Stringer in his 30(b)(6) and individual capacity.  (D.N. 217 at 2.)  It is Apple that is being inconsistent.  Mr. Stringer was noticed individually and then Apple designated him as a 30(b)(6) witness.  Nevertheless, Apple refused to allow more than 7 hours for that deposition, in both of the witness's capacities  Moreover, Samsung's counsel made his complaint only after the deposition had been completed and Apple was cutting him off.  (*Id*.)  That was the appropriate time to raise such a dispute — not before the deposition had even begun.

3