UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.: 11-CV-01846-LHK |
| Plaintiff, | ORDER DENYING MOTION TO DISQUALIFY COUNSEL AS MOOT |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

On July 11, 2011, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") filed a motion seeking to disqualify Plaintiff's counsel, Bridges & Mavrakakis, from this case. Samsung's Mot. to Disqualify Bridges & Mavrakakis LLP, July 11, 2011, ECF No. 101. Kenneth Bridges and Michael Pieja, two attorneys[1] with Bridges & Mavrakakis ("Bridges firm") representing Apple, Inc. ("Apple") in this matter, previously represented Samsung in a patent infringement case brought by Ericsson in 2006. In its motion, Samsung argued that the Bridges firm should be disqualified from representing Apple because there was a substantial relationship between the

---

[1] Three other attorney with Bridges & Mavrakakis also previously represented Samsung in the Ericsson litigation. The three other attorneys are Brian Kwok, James Shimota, and Howard Levin.

1
Case No.: 11-CV-01846-LHK
ORDER DENYING MOTION TO DISQUALIFY AS MOOT

1  Bridges attorneys' representation of Samsung in the *Ericsson* suit and their present representation
2  of Apple.  At issue in the *Ericsson* litigation, like the present litigation, were patents related to the
3  user interfaces of cellular equipment.  Indeed, the *same* patent is at issue in both the present
4  litigation and in the *Ericsson* litigation.

5  In response, Apple argued that the Bridges firm represents Apple only with respect to the
6  affirmative claims that Apple brought against Samsung, and that the Bridges firm has not
7  represented Apple in its defense against Samsung's counterclaims, including Samsung's
8  counterclaim for patent infringement of the same patent at issue in the *Ericsson* litigation.  Apple
9  argued that Samsung's counterclaims for patent infringement are fundamentally separate from its
10 affirmative claims, and therefore, there is no substantial relationship between the Bridges
11 attorneys' representation of Samsung in the *Ericsson* litigation and their current limited
12 representation of Apple.

13 A hearing was held on August 24, 2011 and the matter was taken under submission.  On
14 August 25, Apple filed a notice of withdrawal of Bridges & Mavrakakis.  ECF No. 188.  The Court
15 directed Samsung to respond as to whether its motion to disqualify was mooted by the withdrawal
16 of Plaintiff's counsel.  ECF No. 191.  On August 31, 2011, Samsung filed a letter brief indicating
17 that while "B&M's [Bridges & Mavrakakis] withdrawal moots the need to issue an order
18 disqualifying B&M from appearing as counsel of record in this case," it nonetheless requested that
19 the Court issue an order directing that: (1) Bridges & Mavrakakis "will not provide support
20 services, consult, or participate in any further aspects of this case or any cases between Apple and
21 Samsung relating to tablet computers and mobile devices;" (2) Apple return all attorney work
22 product prepared by Bridges & Mavrakakis; and (3) Bridges & Mavrakakis will not share work
23 product relating to the present litigation with Apple and its current counsel.[2]  *See* ECF No. 198.

---

[2] Samsung originally requested affidavits from Morrison & Foerster; Wilmer Hale; and Apple confirming that no Samsung confidential information has been given to them by Bridges & Mavrakakis.  *See* Proposed Order, ECF No. 103.  As Samsung has not raised this issue in its letter brief, the Court assumes that Samsung no longer seeks this remedy.  In any event, the Court finds that the declarations provided by counsel at Morrison & Foerster; Wilmer Hale; and Apple are sufficient to establish that no confidential information has been given by Bridges & Mavrakakis to co-counsel or Apple.  *See, generally*, Whitt Decl.; Jacobs Decl.; Selwyn Decl., ECF Nos. 142-144.

2
Case No.: 11-CV-01846-LHK
ORDER DENYING MOTION TO DISQUALIFY AS MOOT

1	The Court DENIES Samsung's motion to disqualify Bridge & Mavrakakis as moot—as
2	both parties have already conceded.  For the reasons set forth below, the Court also declines to
3	issue an order restricting Bridges & Mavrakakis' potential future representation of Apple, or
4	restricting the use of Bridges & Mavrakakis' work product, as requested by Samsung.

5	First, an order prohibiting Bridges & Mavrakakis from providing services to Apple on this
6	or any cases between to Apple and Samsung would be an inappropriate encroachment on the
7	authority of other courts to determine matters pending before them.  This Court is required to apply
8	California state law in determining matters of disqualification before it. Civ. L.R. 11-4(a)(1); *In re*
9	*County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000).  Conversely, any future or pending
10	representation that Bridges & Mavrakakis provides to Apple must be analyzed by the court, and
11	pursuant to the laws of the jurisdiction, in which the action is brought.  Moreover, to the extent that
12	Samsung is concerned with Bridges & Mavrakakis' future involvement *in this case*, Apple has
13	already agreed that Bridges & Mavrakakis "will not provide support services, consult or participate
14	in any further aspect of this case."  Samsung's Letter Brief, Ex B, ECF No. 198.  If Samsung
15	obtains evidence in the future that Bridges & Mavrakakis has breached its agreement to withdraw
16	from this action, it may renew its motion to disqualify at that time.  Until that time, the Court
17	deems Bridges & Mavrakakis' withdrawal notice sufficient to moot the issue presented in
18	Samsung's motion to disqualify.

19	Second, the Court declines to order additional relief[3] restricting the work product that
20	Bridges & Mavrakakis created prior to its withdrawal notice.  The destruction of already created
21	work product (either by forcing Apple to return work product to Bridges & Mavrakakis or
22	prohibiting Bridges & Mavrakakis from turning over already created work product to Apple's other
23	counsel) is a remedy that punishes the client and not the attorney for the attorney's improper
24	representation.  *See Cal Pak Delivery, Inc. v. United Parcel Service, Inc.*, 52 Cal. App. 4th 1, 17
25	(1997).  The Court accepts as true the representations made by attorneys at the Bridges firm;

---

[3] Moreover, Samsung's request is not properly before the Court.  Samsung's original motion sought only "an Order disqualifying Bridges & Mavrakakis from any further representation of Plaintiff Apple Inc. in this case," and did not seek any further remedy related to the Bridges attorneys' work product.  Samsung's Mot. to Disqualify Bridges & Mavrakakis LLP, July 11, 2011, ECF No. 101.

3
Case No.: 11-CV-01846-LHK
ORDER DENYING MOTION TO DISQUALIFY AS MOOT

1  Morrison & Foerster; Wilmer Hale; and Apple itself, as officers of the court, that the Bridges

2  firm's representation of Apple -- and the work they have performed on behalf of Apple -- has been

3  limited to Apple's affirmative claims, and that they have never communicated any Samsung

4  confidential information to Apple or anyone representing Apple in the form of work product or

5  otherwise.  *See* Bridges Decl. ¶¶ 28-29, 36; Pieja Decl. ¶ 18; Whitt Decl. ¶¶ 6, 8; Jacobs Decl. ¶¶ 4,

6  6; Selwyn Decl. ¶¶ 5 & 6, ECF Nos. 142-144.  Thus, the Court is satisfied that the drastic

7  destruction of attorney work product is not necessary.[4]  *See Cal Pak Delivery, Inc.*, 52 Cal. App.

8  4th at 17 ("Among the principles guiding imposition of such a penalty is that the court must focus

9  on the specific injury to the movant caused by the disqualifying conduct and formulate a remedy

10  which removes any improper advantage that has been, or might be, gained over the movant.")

11  (internal quotations and citations omitted).

12       The Court considers Bridges & Mavrakakis' notice of withdrawal sufficient to moot the

13  pending motion to disqualify.  Therefore, Samsung's motion to disqualify is DENIED.  Apple need

14  not return or destroy Bridges & Mavrakakis' work product created prior to the notice of

15  withdrawal, and Bridges & Mavrakakis may transfer work product created prior to its notice of

16  withdrawal to Morrison & Foerster as successor counsel.

17  **IT IS SO ORDERED.**

18  Dated: September 12, 2011

19  *[signature: Lucy H. Koh]*
    LUCY H. KOH
    United States District Judge

---

[4] The Court declines to follow *Glaxo Group, Ltd. V. Genentech, Inc.*, 2010 WL 2787917, at *5 (C.D. Cal. July 13, 2010).  That Court offered no analysis of *Cal Pak Delivery*, nor did it offer an analysis as to whether, in light of the unique circumstances of this case, prohibition of transfer of work product is always proper when a firm is disqualified.

*[left margin: United States District Court / For the Northern District of California]*