UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., <br><br>                 Plaintiff,<br>           v.<br><br>SAMSUNG ELECTRONICS CO., LTD, a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                 Defendants. | Case No.: C 11-cv-1846 LHK (PSG)<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANTS' MOTION TO COMPEL**<br><br>**(Re: Docket No. 205)** |

Defendants Samsung Electronics Co., LTD., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") move to compel Plaintiff Apple, Inc. ("Apple") to produce documents responsive to Samsung's request for production ("RFP") no. 1, as well as responses to Samsung's interrogatories nos. 1, 3, and 6. Samsung's motion comes early in the course of this trademark and patent infringement suit, as the parties prepare for the October 13, 2011 hearing on Apple's pending motion for preliminary injunction. The preliminary injunction motion is directed at a subset of Samsung's allegedly infringing products. The court has considered the presiding judge's orders to date regarding preliminary

1

injunction discovery as well as the parties' respective arguments regarding materiality, significance, and burden.

Earlier today, the parties appeared for oral argument. Having considered the briefs, oral argument, evidence and authority presented by both parties, Samsung's motion to compel is GRANTED-IN-PART and DENIED-IN-PART. In the interest of providing guidance in an expedited manner on these time-sensitive disputes, the court provides its specific rulings in an abbreviated format as follows:

1. In response to Samsung's RFP no. 1, Apple shall produce all "sketchbooks," or relevant sections thereof, relating to the four patents at issue in Apple's preliminary injunction motion. Apple does not seriously dispute that the sketchbooks address designs at issue in this case, and its burden arguments are not persuasive. While Apple has every right to review and withhold from production those sketches not at issue in the preliminary injunction motion, it offers nothing beyond attorney argument that the volume of materials to be reviewed is particularly onerous. The production shall be completed no later than September 30, 2011.

2. In response to Samsung's RFP no. 1, Apple shall make available for inspection native copies of Apple's Computer Aided Design ("CAD") files of the designs asserted by Apple, together with any CAD or other applications and hardware necessary to review these files. Samsung has reasonably complained about those previous inspection conditions insisted upon by Apple. These conditions include locating the inspection at the offices of Apple's outside counsel, limiting the inspection to the offices' regular business hours, securing the inspection by the full-time presence of an Apple paralegal, and restricting file printing to only those images identified to Apple so that Apple may perform the printing. At the same time, Apple has reasonably objected to producing native copies of these highly proprietary files to Samsung's outside counsel and expert worldwide, with no security assurances other than counsel and the expert's commitment not to violate the provisions of the interim protective order. Because the parties have failed to balance

2
Case No.: CV 11-1846 LHK (PSG)
ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANTS' MOTION TO COMPEL

these considerations themselves with any mutually acceptable alternative to these two proposals, the court will fix that balance for them by requiring that the inspection take place at a mutually agreeable third-party vendor capable of hosting the files in escrow in accordance with the terms of the interim protective order. Vendor candidates should be evaluated for their ability to provide at least the following services:

- One or more secure rooms in the United States, which can be configured to prevent all external communications;
- Security compliance auditing; and
- Secure printing of those files necessary for preparation of submissions to the court.

The cost of the vendor shall be split between the parties. This escrow shall be implemented so that an escrow inspection by Samsung may commence no later than September 30, 2011.

3. In response to Samsung's interrogatory nos. 1, 3 and/or 6, Apple shall identify those products that it has previously accused of infringing one or more of the four patents at issue in Apple's preliminary injunction motion. These accusations are limited to those made either in a complaint filed in a federal district court or in a correspondence to a third party. For both these products and any products accused in this litigation but not at issue in the preliminary injunction motion, Apple shall further identify the latest date by which it first became aware of each such product. These identifications are more than justified for discovery under the Federal Circuit's opinions in *Polymer Techs. v. Bridwell*[1] and *T.J. Smith and Nephew Ltd. v. Consolidated Med. Equip., Inc.*,[2] which require the presiding judge to consider whether Apple has engaged in "acts incompatible with the emphasis on the right to exclude that is the basis for the presumption" of irreparable harm.[3] The identifications shall be tendered after a reasonable investigation in

---

[1] 103 F.3d 970, 974 (Fed. Cir. 1996).

[2] 821 F.2d 646, 648 (Fed. Cir. 1987).

[3] *See id.*

3

Case No.: CV 11-1846 LHK (PSG)
ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANTS' MOTION TO COMPEL

accordance with the investigation requirements of Fed. R. Civ. P. 33, and no later than September 30, 2011.

All other relief requested by Samsung with respect interrogatory nos. 1, 3 and/or 6 would impose an undue burden on Apple.  In particular, Samsung's insistence that Apple commit to a specific date rather a "no later than" date revealed by its reasonable investigation would effectively require Apple to conduct an unreasonable investigation, which is obviously at odds with the basic standard of Rule 33.  In addition, Samsung's insistence that Apple identify the date when it first became aware of alleged infringement with respect to any products other than Samsung's flies in the face of the plain language of the interrogatories, none of which make this request.

IT IS SO ORDERED.

Dated:  9/13/2011

_____
PAUL S. GREWAL
United States Magistrate Judge