UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.    11-cv-01846-LHK<br><br>**DECLARATION OF COOPER C. WOODRING IN SUPPORT OF APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO EXCLUDE ORDINARY OBSERVER OPINIONS** |

1    I, COOPER C. WOODRING, declare as follows:

2          1.      I am an independent industrial designer and inventor.  My background as an

3    industrial designer and my recent experience acting as an expert in design patent cases was

4    summarized in the Declaration of Cooper C. Woodring in Support of Apple's Motion for a

5    Preliminary Injunction filed in this case.

6          2.      Since leaving my former position as the Manager of New Product Development

7    and Product Design at J.C. Penney, I have served as an expert witness in over 60 design patent

8    cases.

9          3.      Many of those cases settled prior to trial, but during that time my expert opinion

10   testimony has been admitted in at least 14 U.S. district court or ITC trials pertaining to design

11   patent infringement.  I have also had my declarations considered in a number of summary

12   judgment motions, although I do not have complete or precise information about the number of

13   times my opinion testimony was considered in such proceedings.

14         4.      In the past five years, my testimony pertaining to design patent infringement has

15   been admitted at trial in the case of *Nichia v. Seoul Semiconductor*, No. 3:06-CV-162 (N.D. Cal.).

16   My testimony in that case related to the ordinary observer's perception of patented designs and

17   accused products.

18         5.      Over 15 years ago, in the case of *Arner v. Sharper Image Corp.*, I submitted a

19   declaration in opposition to defendants' motion for summary judgment that included an opinion

20   on whether the consumer would find the designs at issue substantially the same.  In the context of

21   discussing likelihood of confusion for trade dress infringement, the court precluded that portion

22   of my opinion because it found that "an industrial design expert's testimony regarding what an

23   'ordinary purchaser' would perceive is not helpful under Rule 702."  *Arner v. Sharper Image*

24   *Corp.*, No. CV94-1713, 1995 U.S. Dist. LEXIS21156, *27 (C.D. Cal. Oct. 5, 1995).  Nonetheless,

25   the court denied defendants' summary judgment motion on the issue of likelihood of confusion

26   and all other issues.  In the *Arner* case my declaration did not set forth my qualifications to opine

27   as to the perceptions of the ordinary observer, and the court did not conclude that I lacked the

28   expertise to offer an opinion on that issue.

                                                                                                    1

6.      My expert opinion testimony has not been precluded in any other case.

7.      In many of the dozens of cases in which I have served as an expert, I have testified concerning products or categories of products that I had not personally designed, based upon my general experience concerning industrial design and consumer perceptions.

I declare under penalty of perjury that the forgoing is true and correct.

Dated:  September 13, 2011

_____
Cooper C. Woodring