| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California  94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 | WILLIAM F. LEE (*pro hac vice*) <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

Attorneys for Plaintiff
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No.    11-cv-01846-LHK <br><br> **APPLE'S OPPOSITION TO CELLCO/VERIZON WIRELESS'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF REGARDING APPLE'S MOTION FOR A PRELIMINARY INJUNCTION** <br><br> Date: October 13, 2011 <br> Time: 1:30 p.m. <br> Courtroom: 8, 4th Floor <br> Honorable Lucy H. Koh |

Apple asks that the Court deny Verizon's[1] motion to submit an *amicus* brief as untimely or, in the alternative, allow Apple to submit a response on October 6, 2011.

Apple moved for a preliminary injunction to bar Samsung's[2] sales of four products almost three months ago, on July 1, 2011.  The Samsung defendants submitted their opposition to that motion over a month ago, on August 22, 2011.  The September 21, 2011 deadline for discovery relating to the motion has already passed.  Finally, Apple's reply brief is due in four days, and the October 13, 2011 hearing on Apple's motion is in less than three weeks.[3]

The Federal Rules of Civil Procedure do not provide for a non-party's submission of *amicus* briefs in district courts.  Had Verizon submitted its proposed *amicus* brief in a federal appellate court, however, it would have been untimely by several weeks.  *See* Fed. R. App. P. 29(e) (explaining that an *amicus* brief should be filed "no later than 7 days after the principal brief of the party being supported").

Verizon's proposed submission of an *amicus* brief now – long after Samsung submitted its opposition to Apple's preliminary injunction motion, after the close of motion-related discovery, and on the eve of Apple's reply brief and the Court's scheduled hearing – is disruptive to Apple's ability to present its positions to the Court in an orderly fashion.  The belated nature of Verizon's request deprives Apple of the opportunity to seek discovery (whether from Verizon, Samsung, or another company) to rebut Verizon's claim that a preliminary injunction is contrary to the public interest.  It is important to note that Samsung's own opposition briefing devoted little space to this issue, and Verizon itself asserts that it "uniquely" possesses factual information that supports its positions.  *See* D.N. 257, Mot. for Leave at 1-2 (explaining Verizon's belief that "it is uniquely positioned to describe how the requested injunction may harm U.S. consumers, wireless carriers, and businesses").  For both of these reasons, Verizon's delay is prejudicial to Apple.

---

[1]  Cellco Partnership d/b/a/ Verizon Wireless ("Verizon").
[2]  Samsung Elecs. Co., LTD.,  Samsung Elecs. Am., Inc., and Samsung Telecomm. Am., LLC (collectively, "Samsung").
[3]  *See* D.N. 86, 115, 164.

Having failed to explain its delay in seeking leave to submit an *amicus* brief until September 23, 2011,[4] and in view of the prejudice to Apple, Verizon's request should be denied. Should the Court be inclined to consider Verizon's brief, Apple alternatively asks that it be allowed to respond to Verizon's submission on October 6, 2011 – a week after it submits its reply brief. This would avoid conflicts with Apple's preparations relating to that brief.

Dated: September 27, 2011

HAROLD J. MCELHINNY
MICHAEL A. JACOBS
JENNIFER LEE TAYLOR
JASON R. BARTLETT
MORRISON & FOERSTER LLP

By: /s/ Michael A. Jacobs
    MICHAEL A. JACOBS

    Attorneys for Plaintiff
    APPLE INC.

---

[4] Verizon's counsel first sought Apple's consent for Verizon to submit an amicus brief on that same day.

**ECF ATTESTATION**

I, JASON R. BARTLETT, am the ECF User whose ID and password are being used to file the following document: APPLE'S OPPOSITION TO CELLCO/VERIZON WIRELESS'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF REGARDING APPLE'S MOTION FOR A PRELIMINARY INJUNCTION. In compliance with General Order 45, X.B., I hereby attest that Michael Jacobs has concurred in this filing.

Dated: September 27, 2011

JASON R. BARTLETT
**MORRISON & FOERSTER LLP**

By: /s/ Jason R. Bartlett
     JASON R. BARTLETT