1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., | ) Case No.: C 11-1846 LHK (PSG) |
| | ) |
| Plaintiff, | ) **ORDER GRANTING-IN-PART AND** |
| v. | ) **DENYING-IN-PART PLAINTIFF'S** |
| | ) **MOTION TO COMPEL** |
| SAMSUNG ELECTRONICS CO., LTD, a | ) |
| Korean corporation; SAMSUNG | ) **(Re: Docket No. 247)** |
| ELECTRONICS AMERICA, INC., a New York | ) |
| corporation; and SAMSUNG | ) |
| TELECOMMUNICATIONS AMERICA, LLC, | |
| a Delaware limited liability company, | |
| | |
| Defendants. | |

Plaintiff Apple Inc. ("Apple") moves to compel production of documents from Samsung

Electronics Co., LTD., Samsung Electronics America, Inc., and Samsung Telecommunications

America, LLC (collectively "Samsung"). Apple seeks documents responsive to the following four

requests:

> Request for Production No. 1: Documents relating to your analysis, review,
> consideration, or copying of, or comparison against, any Apple product or product
> feature in designing, developing, or implementing any feature of the Products at
> Issue, including (1) their Exterior Design; (2) functionality that allows for an
> image, list, or webpage to be scrolled beyond its edge until it is partially
> displayed; and (3) functionality that allows for an image, list, or webpage that is
> scrolled beyond its edge to scroll back or bounce back into place so that it returns
> to fill the screen.

1

**United States District Court**
For the Northern District of California

1

2

> Request for Production No. 166: All Documents to or from Lee Don-Joo relating to the redesign of the Galaxy Tab 10.1 following Apple's announcement of the iPad 2 on or about March 2, 2011.

3

4

> Request for Production No. 206: All Documents relating to any customer surveys, studies, analyses or investigations regarding the Products at Issue.

5

6

7

8

9

> Request for Production No. 214: All Documents relating to marketing of any Products at Issue that discuss or refer directly or indirectly to Apple or Apple products, including copies of all advertisements or other promotional materials, marketing plans, market surveys, focus group studies, or other documents related to testing of advertisements or advertisement messaging.  Documents responsive to this Request include, but are not limited to, your "Hello" marketing campaign relating to the Galaxy S, your "See Flash Run" marketing campaign for the Galaxy Tab, and your "Appelmos" ("Applesauce") marketing campaign relating to the Galaxy S II.

10

11

12

> Request for Production No. 215:  All Documents relating to any instances of consumer confusion in which Samsung was made aware that a person confused an Apple product for a Product at Issue, or a Product at Issue for an Apple  product.

13

14

15

16

Apple also moves to compel a deposition pursuant to Fed. R. Civ. P. 30(b)(6) on the  subject matter of these requests and Samsung's efforts to fulfill them.   The parties appeared for oral argument on the motion earlier today.

17

18

19

20

21

Apple made these requests in pursuit of discovery related to its pending motion for preliminary injunction.  Apple moves for preliminary relief on a subset of the patents at issue.  On July 18, 2011, the presiding judge entered an order that limited initial discovery in this case to topics placed at issue by Apple's preliminary injunction motion.  Apple's reply in support of its motion is due September 30, 2011; a hearing on the motion will take place on October 13, 2011.

22

23

24

25

26

The parties' papers set forth the details of their respective arguments.  In the interest of brevity and in light of the demands of the preliminary injunction briefing and hearing schedule, the court will not repeat those arguments here.  Nor will the court repeat the appropriate legal standards of Fed. R. Civ. P. 26, 34, 59, *Sun Hill Indus., Inc. v. Easter, Inc.*,[1] *Egyptian Goddess, Inc.*

27

28

---

[1] 48 F.3d 1193 (Fed. Cir. 1995).

Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF'S MOTION TO COMPEL

*v. Swisa, Inc.*[2] and the rest discussed in the papers and largely agreed to by the parties.  Instead, the court will simply rule as follows.

It is HEREBY ORDERED that, no later than October 7, 2011, Samsung shall produce:

1.      From the custodial files of each of Samsung designers of Samsung's Galaxy S 4G and Infuse 4G, Droid Charge phones and Galaxy Tab 10.1 table computer identified in Samsung's Rule 26(a) disclosures or interrogatory responses, all documents referencing the Apple products alleged by Apple to embody one or more of the ornamental or utility features claimed in the patents.  All means all:  email, memoranda, whatever.  Samsung put these documents at issue when, at page 39 of its opposition to Apple's preliminary injunction motion, it boldly declared that "[a]lthough willful infringement, including deliberate copying, may be relevant to a preliminary injunction motion, Apple has offered no evidence of such copying or willful infringement."[3]  At the same time, other than its speculation about a Samsung "office of development" that it mentions nowhere in its moving papers, Apple has offered no concrete basis upon which to justify its demand for such documents from beyond these designers.

2.      From the custodial files of Lee Don-Joo, all documents relating to the redesign of the Galaxy Tab 10.1 following Apple's announcement of the iPad 2 on or about March 2, 2011. Although the parties dispute Samsung's position during a conference on these topics, Samsung confirmed at this morning's hearing that it does not object to producing these materials.  This is wise in light of Mr. Lee's alleged statements regarding redesign, whether or not such statements were later disavowed by their publisher.  Once again, all means all.  To the extent Apple seeks documents on the subject of Mr. Lee and the alleged redesign from beyond Mr. Lee's files, it offers no proposal other than to have the court order Samsung to search every individual within a

---

[2] 543 F.3d 665 (Fed. Cir. 2008).

[3] *See* Docket No. 175 at 39 (filed under seal with the court on August 22, 2011).

Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF'S MOTION TO COMPEL

United States District Court
For the Northern District of California

company of thousands of employees worldwide with whom Mr. Lee may have communicated. This the court will not do.

3.      From any central files or the custodial files of any individuals with specific responsibility for surveying customers of Samsung's Galaxy S 4G and Infuse 4G, Droid Charge phones and Galaxy Tab 10.1 table computer, all survey documents that reference the Apple products currently alleged by Apple to embody one or more the ornamental or utility features claimed in the patents.  What the market understands and feels about these products and the particular features at issue might well factor in the presiding judge's decision about the proposed injunction; documents aimed at this issue are certainly discoverable under the standards for discoverability set forth in Rule 26.

All other relief requested by Apple is either unopposed by Samsung (and therefore shall be produced by October 7, 2011) or unwarranted (and is therefore DENIED).

It is FURTHER ORDERED that, no later than October 7, 2011, each party shall identify:

1.      Each individual from whose files documents were produced.  To the extent documents were produced from a non-individual, or central, source, that source should be identified.

2.      Each individual who received a litigation hold notice, the date the notice was received, and a copy of any such notice.

3.      Any search terms used as part of its collection or production efforts.

These requirements also apply for any productions, hold notices, or search terms in the future.  The court imposes these further requirements in light of the parties' challenges to date in achieving the discovery "transparency" discussed at this morning's hearing.  Whatever legitimate claims parties once had to protect this information as work product, complex cases with complex discovery requirements today require cooperation, not obfuscation.

4

Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF'S MOTION TO COMPEL

1    IT IS SO ORDERED.

2    Dated: September 28, 2011

3

4                                              PAUL S. GREWAL
                                               United States Magistrate Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF'S MOTION TO COMPEL