DANIEL J. BERGESON, Bar No. 105439
dbergeson@be-law.com
MELINDA M. MORTON, Bar No. 209373
mmorton@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA  95110-272
Telephone:  (408) 291-6200
Facsimile:  (408) 297-6000

Of Counsel:
MICHAEL E. JOFFRE
AARON M. PANNER
KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, PLLC
1615 M Street N.W., #400
Washington, DC  20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999

Attorneys for Amicus Curiae
Cellco Partnership d/b/a Verizon Wireless

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>              Defendants. | CASE NO. 11-CV-01846-LHK<br><br>**AMICUS CURIAE CELLCO PARTNERSHIP'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF**<br><br><br>Date: October 13, 2011<br>Time: 1:30 pm<br>Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

AMICUS CURIAE CELLCO PARTNERSHIP'S REPLY ISO MOTION
FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF                                         Case No. 11-cv-01846-LHK

1  Third-party Verizon Wireless moved for leave to file an *amicus* brief to inform the Court of the potential adverse effects on the public interest of Apple's proposed preliminary injunction. Apple opposed that motion and, in the alternative, requested an opportunity to submit a substantive response on October 6.  Verizon Wireless takes no position on Apple's request for a response.  Rather, Verizon Wireless's only interest is to ensure that the Court is made aware of the full impact that an injunction on Samsung's next-generation devices would have on third parties and U.S. consumers.

As Apple's opposition admits, "Samsung's own opposition briefing devoted little space" to the public-interest issues relevant to a preliminary injunction motion.  Apple's Opp'n To Cellco/Verizon Wireless's Mot. For Leave to File Amicus Curiae Br., ECF No. 262 at 1 (Sept. 27, 2011) ("Opp'n").  Rather than count against Verizon Wireless's motion for leave to file an *amicus* brief, this point strongly reinforces the importance of considering Verizon Wireless's arguments because they may not be adequately addressed by the parties.  And as Apple's opposition states, Verizon Wireless " 'uniquely' possesses factual information that supports its positions." *Id.*  The Court should have the benefit of that information in analyzing the harm to the public interest.[1]  *See Roper Corp. v. Litton Sys., Inc.*, 757 F.2d 1266, 1269 n.2 (Fed. Cir. 1985) (requiring that each factor for a preliminary injunction be considered).  Apple's arguments to the contrary lack merit.

Apple first argues the "Federal Rules of Civil Procedure do not provide for a non-party's submission of *amicus* briefs in district courts."  Opp'n at 1.  But this Court has not only allowed *amicus* briefs, it has held repeatedly that leave to file *amicus* briefs is freely granted.  *See*, *e.g.*, *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) ("District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the

---

[1] For the same reasons, Verizon Wireless supports *amicus curiae* T-Mobile USA, Inc.'s separate motion for leave to file a brief in this case.  *See* Mot. For Leave to File Br. of *Amicus Curiae* T-Mobile USA, Inc., ECF No. 263 (Sept. 28, 2011).

1
AMICUS CURIAE CELLCO PARTNERSHIP'S REPLY ISO MOTION
FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF                    Case No. 11-cv-01846-LHK

1  parties are able to provide.") (internal quotation marks omitted); *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (same); *Infineon Techs. N. Am. Corp. v. Mosaid Techs., Inc.*, C 02-5772 JFRS, 2006 WL 3050849, at *3 (N.D. Cal. Oct. 23, 2006) (same).

Apple next argues that Verizon Wireless's brief should have complied with Federal Rule of Appellate Procedure 29(e), which requires an *amicus* brief to be filed within 7 days of the principal brief that it supports. Opp'n at 1. But this case presents an entirely different situation than an appellate case. Appellate briefs are publicly available,[2] enabling potential *amici* to review and decide whether to file a brief within those 7 days. In this case, Samsung lodged its preliminary injunction opposition under seal. *See* Samsung's Stipulated Administrative Mot. To File Under Seal, ECF No. 175 (Aug. 22, 2011). Apple has filed a declaration in support of keeping Samsung's brief confidential. *See* Decl. of Cyndi Wheeler, ECF No. 194 (Aug. 30, 2011). Thus, Verizon Wireless has never been able to review Samsung's opposition brief. It would make no sense to impose a deadline based on the filing of a brief that Verizon Wireless cannot read. In any event, the schedule of briefing before appellate courts has little applicability to a compressed preliminary injunction briefing schedule.

Finally, Apple claims that it is prejudiced because it would need discovery to respond to Verizon Wireless's brief. *See* Opp'n at 1. But Verizon Wireless relied solely on publicly available information in support of its brief. Additionally, Apple was provided with a version of the *amicus* brief as early as September 9, 2011. It is unclear what discovery Apple would need to respond to publicly available information that it has known about for weeks.

In sum, Verizon Wireless respectfully submits that its *amicus* brief may aid the Court in considering the effect Apple's proposed injunction will have on the U.S. economy and millions of consumers. Verizon Wireless's request should be granted.

---

[2] While a party may keep information confidential in appellate briefs, a redacted public version must be concurrently filed with the confidential brief. *See* Fed. Cir. Rule 28(d)(2). A redacted version of Samsung's opposition brief has not been filed in this case.

September 29, 2011                              /s Melinda M. Morton
                                                Daniel J. Bergeson, Bar No. 105439
                                                dbergeson@be-law.com
                                                Melinda M. Morton, Bar No. 209373
                                                mmorton@be-law.com
                                                Bergeson, LLP
                                                303 Almaden Boulevard, Suite 500
                                                San Jose, CA 95110-2712
                                                Telephone: (408) 291-6200
                                                Facsimile: (408) 297-6000

Of Counsel:

Michael E. Joffre
Aaron M. Panner
KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, PLLC
1615 M Street N.W., #400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

*Attorneys for Cellco Partnership d/b/a Verizon Wireless*