HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   11-cv-01846-LHK<br><br>**APPLE'S OPPOSITION TO T-MOBILE'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF REGARDING APPLE'S MOTION FOR A PRELIMINARY INJUNCTION & TO PARTICIPATE AT HEARING**<br><br>Date: October 13, 2011<br>Time: 1:30 p.m.<br>Courtroom: 8, 4th Floor<br>Honorable Lucy H. Koh |

Just two days before Apple's reply brief is due, and just over two weeks before the Court's hearing on Apple's preliminary injunction, T-Mobile USA, Inc. seeks leave to submit a "me, too" *amicus curiae* brief and to participate in the hearing. Like Verizon's request, T-Mobile's requests should be denied as untimely and also as redundant.

### I. T-Mobile's Proposed *Amicus Curiae* Brief Is Untimely

Apple moved for a preliminary injunction to bar Samsung's[1] sales of four products almost three months ago, on July 1, 2011. At Samsung's request, the Court enlarged the briefing schedule to allow discovery to occur. The Samsung defendants submitted their opposition to that motion over a month ago, on August 22, 2011. The September 21, 2011 deadline for discovery relating to the motion has already passed. Finally, Apple's reply brief is due tomorrow, and the October 13, 2011 hearing on Apple's motion is in two weeks.[2]

The Federal Rules of Civil Procedure do not expressly provide for T-Mobile's submission of an *amicus* brief in a district court. Although T-Mobile may claim that such briefs are nevertheless welcome as a matter of discretion, this appears to be true only where the brief involves "legal issues that may have potential ramifications beyond the parties directly involved" or where "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.,* 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (cited in D.N. 270 at 1). T-Mobile's brief, which addresses such factual issues as the harm to its "holiday sales season" and duplicates Verizon's claims to be "uniquely positioned" to describe the harms likely to befall it, satisfies neither of these criteria.

Had T-Mobile submitted its proposed *amicus curiae* brief in a federal appellate court, it would have been untimely by several weeks. *See* Fed. R. App. P. 29(e) (explaining that an *amicus curiae* brief should be filed "no later than 7 days after the principal brief of the party being supported"). T-Mobile offers no justification for its failure to submit an *amicus curiae*

---

[1] Samsung Elecs. Co., LTD., Samsung Elecs. Am., Inc., and Samsung Telecomm. Am., LLC (collectively, "Samsung").

[2] (*See* D.N. 86, 115.)

brief earlier in the expanded briefing schedule. (D.N. 115.) Indeed, T-Mobile's counsel first approached Apple for consent to submit an *amicus curiae* brief on the same day that they sought leave to do so.[3]

Like Verizon's submission, T-Mobile's proposed submission now – long after Samsung submitted its opposition to Apple's preliminary injunction motion, after the close of motion-related discovery, and on the eve of Apple's reply brief and the Court's scheduled hearing – is disruptive to Apple's ability to present its positions to the Court in an orderly fashion. Among other things, the untimely nature of T-Mobile's request limits Apple's ability to counter T-Mobile's belated arguments concerning the alleged harm to the public interest (and its own interests) from preliminarily enjoining its supplier Samsung. It is important to note that Samsung's own opposition briefing devoted little space to this issue. Accordingly, T-Mobile's late proposed submission leaves little time for Apple or the Court to fully consider these issues.

Moreover, if it is true that T-Mobile "uniquely" possesses information demonstrating that the public will be harmed by a preliminary injunction, as T-Mobile (and Verizon before it) claims, then Apple has been deprived of the opportunity to seek discovery to rebut this belated argument. (*See* D.N. 265 at 2-3 (explaining T-Mobile's belief that "it is uniquely positioned to describe the harms likely to befall it, its business, and U.S. consumers should the requested injunction be granted in the midst of the critical holiday shopping season").) For this reason as well, T-Mobile's last minute filing is prejudicial to Apple.

Having failed to explain its delay in seeking leave to submit an *amicus* brief until September 28, 2011, and in view of the prejudice to Apple, T-Mobile's request for leave to submit its brief should be denied. Should the Court be inclined to consider T-Mobile's brief, Apple alternatively asks that it be allowed to respond to T-Mobile's submission on October 6,

---

[3] T-Mobile may claim, as Verizon did in its reply papers, that Apple was provided with a "version" of Verizon's *amicus* brief as early as September 9, 2011. (D.N. 270 at 2.) That would be misleading. As Verizon's attorneys are well aware, having authored the other "version," that version was provided on behalf of a different party that ultimately did not file it.

2011 – a week after it submits its reply brief. This would avoid conflicts with Apple's preparations relating to that brief.

### II. T-Mobile Is Not "Uniquely Positioned" to Represent Its Own Interests (or the Public's Interest) at the Hearing

T-Mobile also offers little explanation for why it should be allowed to inject itself into the hearing in this matter. While T-Mobile claims to be "uniquely positioned" to argue the harm to the public interest from a preliminary injunction, Verizon, too, claimed to be "uniquely positioned to describe how the requested injunction may harm U.S. customers, wireless carriers, and businesses." (D.N. 256 at 1-2.) Verizon also advanced the same alleged harm as justification for filing its *amicus curiae* (*i.e.*, "friend of the court") brief. In particular, Verizon also detailed concerns about its "holiday shopping season" sales. (D.N. 257 at 2; *compare with* D.N. 264 at 4 (asserting that "holiday sales are key for T-Mobile's business" and that "an injunction during the holiday season would harm T-Mobile and its customers").) But Verizon, unlike T-Mobile, did not seek leave to participate in the hearing.

There is no reason why Samsung (T-Mobile's supplier and a party to this litigation) cannot adequately represent T-Mobile's interests at the hearing and explain the alleged harm to T-Mobile's "holiday shopping season" sales via an injunction. In view of the many issues likely to be discussed at the hearing, T-Mobile's participation at the hearing would only complicate it. T-Mobile's request for leave to participate at the October 13, 2011 hearing therefore should also be denied.

Dated: September 29, 2011
           HAROLD J. MCELHINNY
           MICHAEL A. JACOBS
           JENNIFER LEE TAYLOR
           JASON R. BARTLETT
           MORRISON & FOERSTER LLP

           By: /s/ Michael A. Jacobs
             MICHAEL A. JACOBS

           Attorneys for Plaintiff
           APPLE INC.

## ECF ATTESTATION

I, JASON R. BARTLETT, am the ECF User whose ID and password are being used to file the following document: APPLE'S OPPOSITION TO T-MOBILE'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF REGARDING APPLE'S MOTION FOR A PRELIMINARY INJUNCTION & TO PARTICIPATE AT HEARING.  In compliance with General Order 45, X.B., I hereby attest that Michael Jacobs has concurred in this filing.

Dated: September 29, 2011

JASON R. BARTLETT
**MORRISON & FOERSTER** LLP

By:  /s/ Jason R. Bartlett
     JASON R. BARTLETT