HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.    11-cv-01846-LHK<br><br>**APPLE'S MOTION FOR ADMINISTRATIVE RELIEF TO EXCEED PAGE LIMIT** |

1       In accordance with Northern District of California Local Rule 7-11, Apple moves the

2   Court for administrative leave to file a 30-page Reply in support of its Motion for a Preliminary

3   Injunction.

4       In seeking a preliminary injunction in this patent case, Apple bears the burden of showing

5   that it will likely succeed on the merits, that it is likely to suffer irreparable harm in the absence of

6   preliminary relief, and that the balance of equities tips in its favor and the injunction is in the

7   public interest. *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1375-76 (Fed. Cir.

8   2009). Samsung did not oppose Apple's request to file an opening brief of 30 pages.

9   Approximately 9 pages of Apple's opening brief consisted of figures and visual comparisons

10  relevant to the key issue of infringement. (D.N. 86.) The written text of that opening brief fit

11  within the 25-page limit prescribed by Civil Local Rule 7-4(b). (*Id.*)

12      In its opening brief, Apple did not focus on validity issues, in reliance on the statutory

13  presumption of patent validity. "[I]f a patentee moves for a preliminary injunction and the

14  alleged infringer does not challenge validity, the very existence of the patent with its concomitant

15  presumption of validity satisfies the patentee's burden of showing a likelihood of success on the

16  validity issue." *Titan Tire*, 566 F.3d at 1377.

17      Samsung, however, responded to Apple's motion with a 40-page Opposition that raised

18  invalidity issues as to the asserted utility and design patents. (Opp'n to Mot. for Prelim. Inj.) The

19  Opposition was 10 pages longer than Apple's opening brief, and 15 pages more than the Local

20  Rules permit. Civ. L.R. 7-4(b). Apple did not oppose Samsung's request to include the 15 extra

21  pages in its Opposition. Moreover, Samsung devoted fewer of these pages to visual comparisons

22  and figures than Apple did in its opening brief.

23      Apple seeks leave to file a Reply brief of 30 pages. Apple's request is commensurate

24  with, and justified by, the additional 15 pages of space taken by Samsung for its Opposition.

25  Apple's Reply will once again contain numerous non-text figures within the 30 page length. In

26  addition, Apple must now respond to Samsung's arguments as to the invalidity of the asserted

27  patents. *Titan Tire*, 566 F.3d at 1377. The need to respond to Samsung's various invalidity

28  theories justifies an extension of the page allotment. *Id.*

1    On September 28, 2011, Apple informed counsel for Samsung that it would be moving to

2  exceed the page limit in connection with its Reply and requested agreement on the filing of a 30-

3  page brief.  (*See* Declaration of Jason Bartlett in Support of Apple's Administrative Motion to

4  Exceed Page Limits, filed herewith, ¶ 2 & Ex. A.)  The next day, counsel for Samsung agreed to

5  the filing of a 25-page brief, but refused to agree to Apple's request to file a 30-page brief.  (*Id*.,

6  Ex. B.)  Noting Apple's prior accommodation of Samsung's request for an extra 15 pages in its

7  Opposition, counsel for Apple repeated its request and asked Samsung to reconsider its refusal.

8  (*Id.*, Ex. C.)  Counsel for Samsung responded by agreeing to Apple's request to file a 30-page

9  Reply brief, contingent upon Apple's agreement to make available for deposition any declarants

10  used in the Reply brief.  (*Id*., Ex. D.)  Apple objected to the linkage of the issues.  Ultimately, no

11  agreement was reached.  (*Id*., Exs. E, F & G.)

12    For the foregoing reasons, Apple respectfully requests leave to file a 30-page Reply brief

13  in support of its Motion for Preliminary Injunction.

14  Dated: September 29, 2011                    MORRISON & FOERSTER LLP

15

16                                    By:   */s/ Jason Bartlett*

17                                          Jason Bartlett

                                        Attorney for Plaintiff APPLE INC.

18

19

20

21

22

23

24

25

26

27

28