QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR ADMINISTRATIVE RELIEF TO EXCEED PAGE LIMIT** |

1    Apple's motion to double the length of its reply brief is unwarranted and excessive.
2 Indeed, Apple wants more pages for its reply brief than the Local Rules allow for an *opening* brief.
3 *See* L.R. 7-2(b) (25-page limit for opening brief).   The local rules provide for a 15-page reply
4 brief (L.R. 7-3(c)), yet Apple requests leave to file a 30-page reply, claiming that it needs to
5 address certain unexpected arguments in Samsung's brief.   But Apple cannot possibly be
6 surprised that Samsung would raise an invalidity defense in its opposition papers.   It cannot hide
7 behind a presumption it knew Samsung would rebut.

8    Apple next argues that it deserves 15 extra pages because this is what Samsung was
9 allotted for its opposition brief.   But as Apple admits (Mot. at 2), Apple had *already* received a 5-
10 page extension for its opening brief.   Thus, Samsung was entitled to extra pages just to respond
11 to the opening brief.   And as Apple further admits, Samsung unconditionally agreed to stipulate
12 to a 10-page extension for Apple's reply brief.   This would have put the parties on exactly equal
13 footing: 15 total pages of extensions for both sides.   Counsel for Apple nevertheless rejected this
14 offer out of hand, saying that Apple's request was the "comparable" one despite the obvious bias
15 in Apple's favor.   (Bartlett Decl., Ex. C.)   Apple's motion makes this same fundamental
16 mischaracterization by continually referring to Samsung's opposition brief page extension without
17 accounting for the additional pages Apple already used in its opening brief.

18    Apple further bases its motion on the fact that its briefs have included various images,
19 which take up extra space.   This is irrelevant.   Apple was not required to add pictures to its
20 moving papers; it did so voluntarily because it thought this would work to its advantage.   It is not
21 as if Samsung does not have to respond to pictures as it does to text.   In fact, as Samsung has
22 already shown — as have independent media outlets — the pictures Apple used in its preliminary
23 injunction motion were doctored to make the dimensions of Samsung's products match those of
24 Apple's products, even though the products are obviously not the same size when viewed in
25 person.   (*See, e.g.*, Dkt No. 258 at 10 n.5.)   More disturbingly, Apple has not only shrunk the
26 images of Samsung's products to match its own, it has even changed the *proportions* of those
27 products, making them fatter if needed to match the relative width of Apple's products.   *See*
28 *Apple May Have Manipulated Evidence Against Samsung in Patent War*, http://newyork.ib

times.com/articles/198219/20110815/apple-samsung-patent-war-ipad-2-galaxy-tab-10-1-flaw.htm. At best, this is inappropriate. At worst, it is deceptive. If Apple is planning to fill its reply with similarly manipulated photos, this is just one more reason it should not be allowed to double the length of its reply brief.

Importantly, Apple admits that it informed Samsung it was planning to file new declarations in support of its reply brief, even though the Court's order does not provide for depositions of declarants at this stage in the proceedings. (Mot. at 3; Bartlett Decl., Ex. F.) Apple's new evidence on reply is unwarranted and inappropriate. New declarations on Apple's part indicate just one thing: Apple is raising new issues in its reply brief — something Apple does not deny in its motion. Instead, Apple tries to downplay this fact with the fallacious argument that new reply brief declarants and additional reply brief pages are somehow independent of each other. (Mot. at 3.) They are not. Plainly, Apple's brief is no "reply" at all, but rather a new motion masquerading as a reply.[1]

Samsung made Apple two reasonable offers in hopes of dissuading Apple from wasting the Court's time with an administrative motion: (1) that Apple accept 10 additional pages of reply space rather than 15, or (2) that Apple receive the 15 pages it desired in exchange for making its new declarants available for deposition next week. Apple refused to agree to either. Apple's plan to sandbag Samsung on reply with an oversized brief and several new declarations (while simultaneously refusing to agree to even limited and expedited discovery of that new evidence) should receive no support from this Court. For all these reasons, the Court should DENY Apple's request for 15 additional pages for its reply brief.

---

[1] Samsung reserves the right to request that the Court strike this untimely evidence and to move the Court for leave to file a sur-reply after it has been given a chance to depose these new, undisclosed, and untimely declarants.

Respectfully submitted,

DATED: September 30, 2011          QUINN EMANUEL URQUHART &
                                   SULLIVAN, LLP


                                   By /s/ Victoria F. Maroulis
                                      Charles K. Verhoeven
                                      Kevin P.B. Johnson
                                      Victoria F. Maroulis
                                      Michael T. Zeller
                                      Rachel Herrick Kassabian
                                      Attorneys for SAMSUNG ELECTRONICS CO.,
                                      LTD., SAMSUNG ELECTRONICS AMERICA,
                                      INC., and SAMSUNG
                                      TELECOMMUNICATIONS AMERICA, LLC