| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| JENNIFER LEE TAYLOR (CA SBN 161368) | 60 State Street |
| jtaylor@mofo.com | Boston, MA 02109 |
| ALISON M. TUCHER (CA SBN 171363) | Telephone: (617) 526-6000 |
| atucher@mofo.com | Facsimile: (617) 526-5000 |
| RICHARD S.J. HUNG (CA SBN 197425) | |
| rhung@mofo.com | MARK D. SELWYN (SBN 244180) |
| JASON R. BARTLETT (CA SBN 214530) | mark.selwyn@wilmerhale.com |
| jasonbartlett@mofo.com | WILMER CUTLER PICKERING |
| MORRISON & FOERSTER LLP | HALE AND DORR LLP |
| 425 Market Street | 950 Page Mill Road |
| San Francisco, California 94105-2482 | Palo Alto, California 94304 |
| Telephone: (415) 268-7000 | Telephone: (650) 858-6000 |
| Facsimile: (415) 268-7522 | Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.   11-cv-01846-LHK |
| Plaintiff, | **APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR ADMINISTRATIVE RELIEF TO EXCEED PAGE LIMIT** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Samsung's opposition confirms the appropriateness of allowing Apple a 15-page extension for its reply papers in support of its preliminary injunction motion – and not merely 10 pages (to which Samsung has already agreed) or no pages (which Samsung requests in its proposed order).

In its opposition to Apple's motion for a page limit extension, Samsung does not dispute that *Titan Tire Corp. v. Case New Holland, Inc.* alone justifies an extension. Indeed, Samsung does not even address that decision. In *Titan Tire,* the Federal Circuit explained that:

> If a patentee moves for a preliminary injunction and the alleged infringer does not challenge validity, the very existence of the patent with its concomitant presumption of validity satisfies the patentee's burden of showing a likelihood of success on the validity issue.

566 F.3d 1372, 1377 (Fed. Cir. 2009). For this reason, Apple did not need to address the issue of design patent validity at all in its opening papers.

*Titan Tire* further explains that:

> If, instead, the alleged infringer responds to the preliminary injunction motion by launching an attack on the validity of the patent, the burden is on the challenger to come forward with evidence of invalidity, just as it would be at trial. The patentee, to avoid a conclusion that it is unable to show a likelihood of success, then has the burden of responding with contrary evidence, which of course may include analysis and argument.

*Id.* In its opposition brief, Samsung raised numerous, varied invalidity arguments – including arguments relating to alleged functionality. Samsung did so in the hopes that the sheer number of arguments would persuade the Court that a substantial question exists as to the validity of Apple's design patents. Under *Titan Tire,* Apple is entitled to (and in fact, must) address Samsung's arguments for the first time on reply, and in detail. The rebuttal on invalidity issues will be a central part of Apple's reply brief.

Rather than address the applicability of *Titan Tire,* Samsung re-raises a bizarre argument that Apple allegedly manipulated photographs in its preliminary injunction papers to mislead this Court. It is unfortunate that Apple must address this allegation in connection with a page limit request, of all things. It should be sufficient to note that, in addressing similar allegations by

1  Samsung of photo manipulation in Germany, the Regional Court in Düsseldorf rejected them as
2  "irrelevant" and "non-prejudicial." (Hung Declaration in Support of Motion for Administrative
3  Relief to Exceed Page Limit, Ex. A at 21)  The German court did so in the context of affirming,
4  with modification, the entry of a preliminary injunction against Samsung's Galaxy Tab 10.1.
5  (Hung Decl. Ex. A at 2.)

For the foregoing reasons, Apple respectfully requests leave to file a 30-page Reply brief in support of its Motion for Preliminary Injunction.

Dated: September 30, 2011                MORRISON & FOERSTER LLP


                                         By:  */s/ Richard S.J. Hung*
                                              Richard S.J. Hung
                                         Attorney for Plaintiff APPLE INC.