QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S MOTION TO COMPEL APPLE TO SCHEDULE INVENTOR AND PROSECUTING ATTORNEY DEPOSITIONS**<br><br>Date: Tuesday, November 8, 2011<br>Time: 10:00 a.m.<br>Courtroom: 5, 4th Floor<br>Honorable Paul S. Grewal |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Tuesday, November 8, 2011, at 10:00 a.m., or as soon as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") shall and hereby does move the Court for an order (1) compelling Apple Inc. ("Apple") to comply with the Court's August 25, 2011 Scheduling Order by providing deposition dates for its design inventors and producing them and (2) extend the current November 1, 2011 deadline for such design inventor depositions to November 14, 2011.   In the alternative, in the event that this Court decides that it lacks the authority to extend the November 1, 2011 deadline, Samsung respectfully requests that the Court either recommend such an extension through a Report and Recommendation to Judge Koh or otherwise refer the issue to Judge Koh for determination.

This motion is based on this notice of motion and supporting memorandum; the declaration of Rachel Herrick Kassabian (the "Kassabian Decl."); and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**INTRODUCTION**

In her August 25, 2011 Case Management Order, Judge Koh ordered Apple to produce for deposition all of Apple's prosecutors and inventors of the 15 patents Apple has asserted against Samsung by no later than November 1, 2011.   Apple has had weeks since that Order to propose reasonable dates and begin producing the compelled witnesses in an orderly fashion. Nevertheless, and despite Samsung's repeated efforts to obtain Apple's cooperation, Apple is playing games.   It is now October 1, and Apple has failed to even propose deposition dates for *fifteen* of these deponents — and indeed has failed even to commit to a date certain by which it will provide Samsung with those dates.   Indeed, Apple has yet to produce a single one of its design inventors for deposition to date, and claims that it can produce only one of them between now and

October 20, which is obviously only slightly more than a week before the current deadline.

Apple has given Samsung a host of evolving, and implausible, excuses for its supposed inability to obtain deposition dates for these fifteen witnesses — all of whom are Apple's own employees and 14 of which are design patent inventors. Yet, somehow, Apple simultaneously claims that it already knows these design patent inventor depositions will be crammed into an 11-day period from October 20-31. Since Apple also refuses to produce the relevant documents for a given witness until five days before the deposition itself, it is obvious that Apple's tactic is intentionally designed to impair Samsung's right to fair, full and orderly discovery. Apple's representations contradict themselves, and its actions prejudice Samsung's ability to prepare for and take these critical depositions. Accordingly, Samsung requests that the Court order Apple to provide dates for all of these remaining deponents by 5 p.m. on October 5, and that the design patent inventor depositions be set on every other business day between October 14 and November 14. Any other relief will reward Apple's inappropriate conduct.

## FACTUAL BACKGROUND

**1.     The Court's November 1, 2011 Deadline.**    On August 25, 2011, the Court issued its Case Management Order, setting November 1, 2011 as the deadline by which Apple must produce for deposition all of the inventors and prosecuting attorneys for Apple's 15 asserted patents.   (Dkt No. 187 at 1.)    All told, this represents more than 40 depositions.    Four days after the Case Management Order, Samsung first engaged Apple to begin working on scheduling these depositions to be completed by November 1.   On September 2, 2011, Samsung also suggested to Apple that Samsung would be amenable to stipulating to a modification of the deadline if necessary to accommodate Apple's witnesses and allow for an orderly deposition schedule.   (Kassabian Decl., ¶ 4.)    Apple rejected the proposal, stating that all inventors, including design inventors, had to be deposed prior to November 1 under the Court's order.   (*Id.* ¶ 4.)

**2.     Apple's Refusal To Set Design Inventor Deposition Dates.**    Despite the November 1, 2011 deadline and Apple's insistence that all inventors be deposed by that time, Apple nevertheless has dragged its feet for weeks in setting the compelled depositions and still has not

1  even proposed deposition dates for 14 of the 15 design patent inventors.   (Kassabian Decl., ¶ 7-8.)
2  Samsung has raised these deposition scheduling issues, and Apple's failure to reasonably cooperate,
3  numerous times over the last several weeks through email, telephone conversations, and in-person
4  meetings, including on September 20, 21, 22, 23, 27, 28, 29 and 30.   (*Id.* ¶ 6.)   Apple's position
5  during the discussions had been that it was working to schedule all of the depositions prior to the
6  November 1 deadline and that it would provide Samsung with dates as soon as they were solidified.
7  (*Id.* ¶ 6.)   Samsung made clear numerous times that it wanted to have both the design and utility
8  depositions spread out in parallel throughout the month of October, in an orderly fashion.   (*Id.* ¶ 6.)
9  Nevertheless, Apple failed to schedule design patent inventor dates.   To the contrary, in an effort
10 to justify that failure, Apple asserted for the first time two days ago that it did not think the design
11 patent inventor depositions should be subject to the November 1 deadline.   (*Id.* ¶ 7.)   To date,
12 Apple has not produced a single design patent inventor for deposition.   Indeed, as of October 1,
13 2011, Apple has confirmed a deposition date for only *one* of the 15 design patent inventors, and
14 even for that lone witness Apple has not offered any date prior to October 14, 2011.   As for the
15 remaining 14 patent inventors, Apple has not offered even proposed dates for their depositions.
16 Nor has it even committed to a date certain by which it will propose those dates.   (*Id.* ¶ 8.)

17                                       **ARGUMENT**

18        The accelerated schedule in this case — which Apple demanded — requires the parties to
19 work together both fairly and quickly to complete discovery according to the Court-ordered
20 deadlines.   (Kassabian Decl., Ex. 1 at 86.)   Apple even went so far as to represent to the Court, at
21 the August 24, 2011 case management conference, that it fully understood the demands of the
22 expedited discovery schedule and asked the Court to "trust" Apple to work with Samsung to meet
23 the November 1 deposition deadlines.   (*Id.* at 85-86.)   Despite its assurances to the Court, despite
24 having weeks since the conference, and now with less than one month before the November 1
25 deadline to *complete* these depositions, Apple has failed to produce a single design patent inventor
26 and failed to even propose deposition dates for 14 of the 15 design patent inventors.   Apple's non-
27 compliance is all the more inexcusable given that ***all of the remaining witnesses are current Apple***
28

*employees completely within its control*.   Worse, just two days ago, Apple for the first time took the position that it did not believe design patent inventors were subject to the Court's November 1 cutoff and has continued to withhold their deposition dates as an apparent result.

Apple appears to be dragging its feet for tactical reasons, so that Samsung is deprived of a fair chance to prepare for and take the depositions of these key witnesses.   Despite Samsung's reasonable requests to mix the types of depositions and spread them evenly throughout the month, Apple has, without justification, front-loaded the deposition schedule with prosecuting attorneys for its utility patents.   Apple has further refused to schedule a single design patent inventor prior to October 14, 2011, despite the fact that there are **15** of them and Samsung has repeatedly asked that those depositions in particular be spread throughout the month in an orderly fashion.   Worse, on September 30, Apple indicated for the first time that it intended to pack all 14 of these design patent inventor depositions into an eleven day window (October 20-31), despite the absence of any legitimate reason for doing so.   Apple's proposal (1) is inconsistent with its simultaneous representations that it did not yet have the information it needed to be able to schedule these depositions now, and (2) would require all of Apple's design patent inventors to be double or triple tracked at the very end of October, at great prejudice to Samsung.   Not only are Apple's efforts to jam up Samsung unfair on their face, but Apple also has refused to commit to producing any given witness's documents more than five days before that witness's deposition.   Together, Apple's tactics will work to deny Samsung's counsel a full and fair opportunity to prepare for these depositions, to coordinate among themselves and ultimately to take the depositions in an efficient and orderly fashion.   And, given that there is a 250-hour time limit for party depositions, Samsung will be even further prejudiced by Apple's strategy of cramming the depositions of these critical witnesses into an unreasonably short time period.

Apple's game playing here is all the more transparent because the hearing on Apple's preliminary injunction — which is heavily focused on design patents — is scheduled for October 13, 2011.   Far from coincidentally, Apple has claimed that the first date any of Apple's design patent inventors supposedly is available is October 14 (and the other 14 design patent inventors are

1  not even scheduled at all).   Apple has put these design patents in play and has sought extraordinary

2  relief through them, yet it has stalled and foot-dragged.   In fact, Apple has even told Samsung that

3  it intends to ask the Court to remove design patent inventors from the November 1 deadline

4  altogether because they are irrelevant to claim construction.   Such a request is baseless, since the

5  Court rejected this very argument at the August 25, 2011 case management conference.

6  (Kassabian Decl., Ex. 1, at 83-84, 87.)

7       Apple's refusal to cooperate in the deposition scheduling process is improper, and it

8  prejudices Samsung's ability to defend itself in this case.   To right the wrong inflicted upon

9  Samsung due to Apple's refusal to schedule design inventor depositions and thereby cram them into

10  a narrow window in late October, Apple should be ordered to schedule these depositions in an

11  orderly fashion on every other business day between October 14 and November 14.

## CONCLUSION

13       For all of these reasons, Samsung respectfully requests that the Court grant Samsung's

14  motion in its entirety.   A proposed order is submitted herewith.   If the Court believes that this

15  matter is more appropriately decided by the presiding district judge, Samsung respectfully requests

16  that the Court issue a Report and Recommendation to that effect.

17       Respectfully submitted,

18  DATED: October 1, 2011        QUINN EMANUEL URQUHART &
                                                 SULLIVAN, LLP

                                    By  /s/ Victoria F. Maroulis
                                       Charles K. Verhoeven
                                       Kevin P.B. Johnson
                                       Victoria F. Maroulis
                                       Michael T. Zeller
                                       Rachel Herrick Kassabian
                                       Attorneys for SAMSUNG ELECTRONICS CO.,
                                       LTD., SAMSUNG ELECTRONICS AMERICA,
                                     INC., and SAMSUNG
                                     TELECOMMUNICATIONS AMERICA, LLC