1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Bar No. 170151)
2   charlesverhoeven@quinnemanuel.com
    50 California Street, 22nd Floor
3   San Francisco, California 94111
    Telephone: (415) 875-6600
4   Facsimile: (415) 875-6700

5   Kevin P.B. Johnson (Bar No. 177129)
    kevinjohnson@quinnemanuel.com
6   Victoria F. Maroulis (Bar No. 202603)
    victoriamaroulis@quinnemanuel.com
7   555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, California 94065-2139
8   Telephone: (650) 801-5000
    Facsimile: (650) 801-5100
9
    Michael T. Zeller (Bar No. 196417)
10  michaelzeller@quinnemanuel.com
    865 S. Figueroa St., 10th Floor
11  Los Angeles, California 90017
    Telephone: (213) 443-3000
12  Facsimile: (213) 443-3100

13  Attorneys for SAMSUNG ELECTRONICS CO.,
    LTD., SAMSUNG ELECTRONICS AMERICA,
14  INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC

15

16              UNITED STATES DISTRICT COURT

17      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

19  APPLE INC., a California corporation,          CASE NO. 11-cv-01846-LHK

20              Plaintiff,                         **DECLARATION OF RACHEL HERRICK
                                                   KASSABIAN IN SUPPORT OF
21          vs.                                    SAMSUNG'S MOTION TO COMPEL
                                                   APPLE TO SCHEDULE INVENTOR AND
22  SAMSUNG ELECTRONICS CO., LTD., a               PROSECUTING ATTORNEY
    Korean business entity; SAMSUNG                DEPOSITIONS**
23  ELECTRONICS AMERICA, INC., a New
    York corporation; SAMSUNG                      Date: Tuesday, November 8, 2011
24  TELECOMMUNICATIONS AMERICA,                    Time: 10:00 a.m.
    LLC, a Delaware limited liability company,     Place: Courtroom 5, 4th Floor
25                                                 Judge: Hon. Paul S. Grewal
                Defendant.
26

27

28

1    I, Rachel Herrick Kassabian, declare:

2    1.    I am a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP,

3    counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung

4    Telecommunications America, LLC (collectively, "Samsung").  I submit this declaration in

5    support of Samsung's Motion to Compel Apple to Schedule Inventor and Prosecuting Attorney

6    Depositions.  I have personal knowledge of the facts set forth in this declaration and, if called

7    upon as a witness, I could and would testify to such facts under oath.

8    2.    Attached hereto as Exhibit 1 is a true and correct copy of transcript excerpts from

9    the August 24, 2011 case management conference before Judge Koh.

10    3.    Attached hereto as Exhibit 2 is a true and correct copy of the Court's August 25,

11    2011 Case Management Order.

12    4.    On September 2, 2011, my colleague Melissa Chan and I met and conferred with

13    Apple's counsel on a number of subjects, including the need to schedule Apple's inventor and

14    prosecuting attorney depositions according to the Court's schedule.  In response to our suggestion

15    that the deposition schedule might need to spill into early November to accommodate the

16    approximately 48 planned depositions, Apple's counsel indicated that it was not amenable to

17    scheduling any of these depositions beyond the November 1 cutoff.  For this reason, we presumed

18    that Apple would promptly secure deposition dates for all 48 of these witnesses (many of whom,

19    like the design patent inventors, are Apple's own employees) to ensure that the November 1 date

20    would be met.

21    5.    Between September 12 and 16, 2011, Samsung formally noticed the depositions for

22    nearly all 48 inventors and prosecuting attorneys for Apple's 15 asserted patents.  The depositions

23    were noticed for dates between September 19, 2011 and October 20, 2011, although Samsung

24    indicated via cover letter that it was amenable to alternate dates based on the witness's schedules.

25    Samsung made clear during various meet and confer communications that it wanted the

26    depositions evenly distributed so that no more than one utility and one design patent witness were

27    being deposed each day (to the extent practicable), and that the inventors and prosecuting attorney

28    deposition dates be similarly distributed so that neither group was clumped at any particular date.

6.      On September 20, 21, 22, 23, 27, 28 and 29, 2011 the parties exchanged numerous emails and conducted a telephonic meet and confer regarding deposition scheduling issues. During this time, Apple consistently represented that it was working to schedule all the depositions prior to the deadline and was providing dates to Samsung as soon as they were available.  Samsung made clear numerous times that it wanted to have design and utility depositions spread out in parallel throughout October.

7.      By September 29, 2011, Apple still had not scheduled a deposition date for 14 of its 15 design patent inventors, despite Samsung's repeated requests that these particular depositions were critical and needed to be noticed to commence early in October and be spread throughout the month of October, in an orderly fashion.  And for the first time in its communications with Samsung, Apple indicated that day that it would not be offering early dates for design patent inventors, because Apple did not believe the November 1, 2011 deadline should apply to design patent inventors.

8.      On September 30, 2011, I joined lead counsel for the parties during a video meet and confer conference.  Apple's lead counsel stated that they would *start* confirming dates for the design inventor depositions on Monday, October 3, and would not commit to a date certain by which those scheduling efforts would be complete.  Further, Apple's counsel indicated that it intended to pack all 14 of these depositions into an 11-day period between October 20 and 31, 2011.  When asked why Apple was insisting on scheduling these critical depositions in this prejudicial fashion despite Samsung's repeated requests, Apple's counsel stated only that they were not yet ready to produce the documents relevant to these depositions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in San Francisco, California, on October 1, 2011.

/S/

_____

Rachel Herrick Kassabian

1

**General Order 45 Attestation**

2

      I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to file this

3

Declaration.  In compliance with General Order 45(X)(B), I hereby attest that Rachel Herrick

4

Kassabian has concurred in this filing.

5

                                                     */s/ Victoria Maroulis*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28