1  HAROLD J. MCELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
2  MICHAEL A. JACOBS (CA SBN 111664)
   mjacobs@mofo.com
3  RICHARD S.J. HUNG (CA SBN 197425)
   rhung@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California 94105-2482
   Telephone: (415) 268-7000
6  Facsimile: (415) 268-7522

   MARK D. SELWYN (SBN 244180)
   mark.selwyn@wilmerhale.com
   WILMER CUTLER PICKERING
   HALE AND DORR LLP
   950 Page Mill Road
   Palo Alto, California 94304
   Telephone: (650) 858-6000
   Facsimile: (650) 858-6100

   WILLIAM F. LEE (*pro hac vice*)
   william.lee@wilmerhale.com
   WILMER CUTLER PICKERING
   HALE AND DORR LLP
   60 State Street
   Boston, MA 02109
   Telephone: (617) 526-6000
   Facsimile: (617) 526-5000

   Attorneys for Plaintiff
   APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL APPLE TO SCHEDULE INVENTOR AND PROSECUTING ATTORNEY DEPOSITIONS**<br><br>Date:   October 4, 2011<br>Time:   5:00 P.M.<br>Place:  Telephonic Hearing<br>Judge:  Hon. Paul. S. Grewal |

**INTRODUCTION**

Apple has already provided dates for 37 of the 48 depositions that Samsung has noticed. Additionally, during the lead trial counsel meet and confer late on Friday afternoon, Apple committed to complete the deposition scheduling process for the 9 remaining deponents who are active Apple employees or represented by Apple's counsel by the end of this week.[1] Apple further promised to ensure that these depositions occur by month's end.

For all of these reasons, Samsung's motion to compel immediate dates for the depositions of Apple's inventors and prosecutors is both premature and unnecessary. Samsung's rush to file is plain in view of Samsung's utter non-responsiveness in scheduling *its* witnesses' depositions. To date, Samsung has yet to propose even *a single deposition date* for any of the 45 deponents that Apple requested on September 14, 2011 — nearly three weeks ago. Samsung thus seeks to impose a standard on Apple for deposition scheduling that Samsung itself is unwilling to satisfy.

In its proposed order, Samsung asks that the Court modify Judge Koh's schedule to allow these depositions to occur on "every other business day" through November 14, 2011. Samsung's requested relief – an extension of Judge Koh's November 1 deadline for the depositions of Apple's prosecuting attorneys and inventors – is improper and unnecessary. At the August 24, 2011 case management conference, Samsung explicitly requested the November 1, 2011 deadline for Apple's prosecutors and inventors. (Declaration of Jason R. Bartlett ("Bartlett Decl.") Ex. A at 83-87). In urging the Court's adoption of the November 1 deadline, Samsung stressed that Apple's proposed deadline of December 1, 2011 would be "too late" in light of the Court's January *Markman* hearing. (*Id.* at 84.) Judge Koh accepted Samsung's request and set the November 1st deadline.

Having insisted on the November 1, 2011 deadline for the depositions of Apple's prosecutors and inventors, Samsung cannot now complain about related scheduling issues. In

---

[1] As explained below, one of the requested deponents is an Apple employee on an extended leave of absence. The other is a former employee.

view of Apple's diligence in scheduling its witnesses, and Samsung's insistence on that deadline, Samsung's motion should be denied.

## BACKGROUND

**The Case Management Conference.** On August 24, 2011, Judge Koh heard Apple's motion for an expedited trial and held a case management conference. At the hearing, Apple offered to allow Samsung to depose the prosecuting attorneys and inventors on its asserted patents by December 1, 2011. (Bartlett Decl. Ex. A at 83.) In response, Samsung countered that this proposed deadline was "too late," as it allegedly would prevent Samsung from taking claim construction discovery from these attorneys and inventors. (*Id.* at 84-87.) Samsung specifically highlighted an alleged need to depose "32 inventors just on their side with respect to the patents," and "another seven lawyers that prosecuted the patents." (*Id.* at 73-74.)

Judge Koh subsequently ordered that that Apple's "inventors and prosecuting attorneys [would be] deposed by November 1." (*Id.* at 87.) The following day, she issued a minute order to this same effect. Judge Koh's order also set: (i) December 1, 2011 as the deadline for the depositions of Samsung's prosecuting attorneys and inventors; (ii) January 20, 2012 for the *Markman* hearing date; and (iii) July 18, 2012 for the final pretrial conference. (*Id.* at 87; D.N. 187)

**Samsung's Deposition Notices.** Samsung served the first of its deposition notices and subpoenas for Apple's inventors and prosecuting attorneys on September 12, 2011. Samsung's notices and subpoenas, which numbered 48 in total, exceeded the 32 inventors and 7 lawyers from whom it represented to the Court that it would seek discovery.

Upon receiving Samsung's notices and subpoenas, Apple immediately began scheduling these depositions. To date, Apple has confirmed dates for at least 37 of the requested deponents — the inventors on Apple's asserted utility patents and the prosecuting attorneys on all patents. These depositions currently are scheduled for every business day between September 30 and October 20, with some of these depositions, by necessity, being double-, triple-, and even quadruple-tracked.

In correspondence and during the in-person meet and confer between lead counsel preceding this motion, Apple has committed to providing dates for the remaining 9 individuals who are active employees or represented by Apple's counsel by October 7.[2] Apple also agreed to ensure that these depositions are completed by November 1.

**The Parties' Agreement regarding Document Production.** To date, Apple has produced documents from virtually all of the requested deponents who are Apple employees – including the design patent inventors. Apple has already substantially completed the document productions for the prosecuting attorneys and its utility patent inventors.

Apple never insisted, as Samsung contends, on producing documents ***no more than*** five days before a given depositions. (Mot. at 2.) Instead, during the parties' discussions concerning deposition scheduling, Apple volunteered to produce documents relevant to a given deposition ***no fewer than*** five days before the deposition. Apple made this offer to avoid preparation issues arising from late document production, as occurred during the preliminary injunction discovery phase.[3] For many of the witnesses at issue in this motion, Apple has produced documents weeks in advance of their scheduled deposition.

## ARGUMENT

### I. SAMSUNG'S DEMAND FOR COURT INTERVENTION IS UNNECESSARY, IN LIGHT OF APPLE'S DILIGENCE TO DATE.

Judge Koh's August 25, 2011 order requires Apple to produce its inventors and prosecutors for deposition by November 1. It is undisputed that Apple has scheduled and continues to schedule depositions to meet that deadline.

Samsung sent its first notices of deposition to Apple on September 12, 2011. Apple quickly responded to Samsung's requests for dates, initiating contact that same week. Over the next two weeks, Apple proposed potential dates for dozens of these depositions.

---

[2] The exceptions are: (i) current Apple employee Shin Nishibori, who is on an extended leave of absence; (ii) Douglas Satzger, a former Apple employee for whom representation by counsel has not yet been confirmed.

[3] For example, Samsung produced a sizable number of documents the evening before the deposition of Samsung's 30(b)(6) designee, Justin Denison.

1    As of this morning, Apple has provided dates for 37 of Samsung's 48 requested deponents
2  (with 34 dates confirmed). Apple also has committed in correspondence and during the in-person
3  meeting among lead counsel to provide dates for 9 more by the end of this week – well in
4  advance of their depositions. Moreover, it is undisputed that Apple has met (and often exceeded)
5  the parties' agreement to produce relevant documents five days in advance of the depositions that
6  have occurred thus far. For all of these reasons, the Court's intervention is unnecessary.

7    The only remaining inventors to be scheduled are Apple design patent inventors. Apple
8  prioritized scheduling the depositions of its utility patent inventors and patent prosecutors based
9  on Samsung's position that depositions were relevant to the *Markman* proceedings. (Bartlett Decl.
10  Ex. A at 83-87.) Under Federal Circuit authority, by contrast, the depositions of Apple's design
11  patent inventors are not relevant to the claim construction process because there are no "claims"
12  to construe. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008) (*en
13  banc*) (explaining that there is no need "to attempt to provide a detailed verbal description of the
14  claimed design, as is typically done in the case of utility patents").

15    Regardless, Apple has already committed to providing deposition dates between
16  October 20 and 31 for the remaining inventors. (Bartlett Decl. at ¶ 5 & Ex. D.) Apple has
17  advised Samsung that it will provide 9 of those dates by the end of this week. (*Id.*) In view of
18  these representations, Samsung's demand for immediate relief is improper.

19  **II.    SAMSUNG'S FAILURE TO OFFER DATES FOR ITS OWN DEPONENTS
20          UNDERSCORES APPLE'S DILIGENCE.**

21    Samsung's own conduct belies its indignation at Apple's not having finished providing
22  deposition dates. Alongside the Court's order that Apple produce inventors and prosecuting
23  attorneys for deposition before November 1, Samsung was ordered to produce its inventors and
24  prosecutors for deposition before December 1. (D.N. 187.)

25    In the 21 days since Samsung first requested deposition dates for 48 witnesses, Apple has
26  proposed and confirmed dates for 37. But in the 19 days since Apple first requested deposition
27  dates for 45 witnesses, Samsung has proposed dates for *zero*. (Bartlett Decl. Exs. B & C.)
28  Samsung's refusal to discuss deposition scheduling for its own witnesses comes despite multiple

follow-up requests from Apple via e-mail, letter, and telephone.  Samsung has no basis to fault Apple's diligence in scheduling when Samsung is unwilling to provide even a semblance of parity in its own conduct.

### III. ADDITIONAL DEPOSITION DATES IN EARLY OCTOBER ARE INFEASIBLE, IN VIEW OF THE CURRENT CASE ACTIVITY AND SCHEDULE.

As noted above, the November 1, 2011 deadline for the depositions of Apple's inventors and patent prosecutors was at Samsung's request.  Although Samsung now might prefer that the depositions of design patent inventors be less concentrated, Apple cannot reasonably accommodate that request.

First, it is undisputed that Apple expedited the production and deposition scheduling of the patent prosecutors and utility patent inventors.  Apple now is in the midst of collection and review efforts for the design patent inventor depositions.  Apple has already produced native CAD data and the relevant portions of designer sketchbooks, and it is now working as quickly as possible to complete its review and production of the designers' responsive emails and other electronic documents.  In order for this production to occur no later than five days before each deposition, as Apple has agreed, the depositions of these individuals cannot occur before mid-month.  (*Id.* Ex. D.)

Second, even if it were possible to further expedite the design patent inventors' document productions, the first half of October is already double-, triple-, or quadruple-tracked.  (*Id.*)  For example, four depositions currently are scheduled to occur on October 14, 2011.  (*Id.*)  Notably, this date is the start of the four-week period over which Samsung requests that Apple's design patent inventors be compelled to testify.  For these reasons, compliance with Samsung's requested deadline of November 1, 2011 naturally requires that depositions be concentrated to some degree.

### IV. JUDGE KOH'S SCHEDULE SHOULD REMAIN IN PLACE.

According to the plain text of Judge Koh's August 25, 2011 order, "[t]he depositions of the inventors and prosecuting attorneys for Apple's patents must be completed by November 1, 2011" (D.N. 187.)  In its proposed order (but not its moving papers), Samsung seeks to adjust this

deadline. In particular, Samsung asks that Apple be required to "offer one design patent inventor deposition on approximately every other business day from October 14 through November 14."

Samsung's requested relief is inconsistent with Judge Koh's November 1st deadline – a deadline that was imposed at Samsung's request and in contemplation of the expedited *Markman* and trial schedule that was concurrently ordered. Samsung's desire to extend the November 1st deadline risks upsetting Judge Koh's planned case schedule. Because the deadline for the depositions of Samsung's own prosecuting attorneys and deponents is December 1, 2011, moving the November 1, 2011 deadline for Apple's witnesses would simply defer scheduling difficulties to November.

Contrary to Samsung's representation, Apple is not using deposition scheduling as a "tactic" to "cram" depositions into the latter half of the month. (Mot. at 2.) As Apple's scheduling of 37 depositions to date and its agreement to schedule the remainder by week's end confirms, Apple is cooperating fully with Samsung to meet the Court's schedule.[4]

To the extent that Samsung complains about the number of depositions scheduled for the month of October, this is a problem of its own making. After all, it was Samsung's decision to notice all 48 depositions – a number exceeding the 39 that it indicated to Judge Koh was required for claim construction. (Bartlett Decl. Ex. A at 73-74.)

Importantly, none of the four prosecutor depositions that Samsung has taken to date has approached three hours, and two of these depositions have been under two hours.[5] This suggests

---

[4] Although Apple previously proposed a joint stipulation to extend the deadline for design patent inventor depositions, Apple did so to promote efficiency. First, as noted above, the design patent inventors are not necessary for the *Markman* hearing. Second, Apple and Samsung are involved in a co-pending International Trade Commission Investigation (No. 337-TA-796). Samsung also has noticed the depositions of the same Industrial Design Group members in connection with that investigation. Apple therefore suggested an extension to allow these individuals to be deposed just once – a proposal that Apple believed would benefit both sides. Samsung rejected Apple's proposal, however, out-of-hand.

[5] *See, e.g.,* Sept. 30, 2011 Deposition of Billy Allen (approximately 1:39 in length); Sept. 30, 2011 Deposition of Judith Szepesi (approximately 1:50 in length); Oct. 3, 2011 Deposition of Jeremy Schweigert (approximately 2:19 in length); Oct. 3, 2011 Deposition of Kenneth Xie (approximately 2:33 in length).

that all of Samsung's noticed depositions may unnecessary, and Samsung may be able to ease the burdens of its requested schedule by focusing its deposition activity.

## V.   CONCLUSION

Apple has been diligently scheduling depositions in light of the November 1, 2011 deadline.  Samsung's motion should be denied.

Dated:  October 4, 2011                              MORRISON & FOERSTER LLP

By:   */s/ Michael A. Jacobs*
          Michael A. Jacobs

Attorneys for Plaintiff
APPLE INC.