1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Cal. Bar No. 170151)
2   charlesverhoeven@quinnemanuel.com
    50 California Street, 22nd Floor
3   San Francisco, California 94111
    Telephone: (415) 875-6600
4   Facsimile: (415) 875-6700

5   Kevin P.B. Johnson (Cal. Bar No. 177129)
    kevinjohnson@quinnemanuel.com
6   Victoria F. Maroulis (Cal. Bar No. 202603)
    victoriamaroulis@quinnemanuel.com
7   555 Twin Dolphin Drive 5th Floor
    Redwood Shores, California 94065
8   Telephone: (650) 801-5000
    Facsimile: (650) 801-5100
9
    Michael T. Zeller (Cal. Bar No. 196417)
10  michaelzeller@quinnemanuel.com
    865 S. Figueroa St., 10th Floor
11  Los Angeles, California 90017
    Telephone: (213) 443-3000
12  Facsimile: (213) 443-3100

13  Attorneys for SAMSUNG ELECTRONICS
    CO., LTD., SAMSUNG ELECTRONICS
14  AMERICA, INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC

15

16              UNITED STATES DISTRICT COURT

17      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18  | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
    |---|---|
19  | Plaintiff, | **SAMSUNG'S OBJECTIONS TO APPLE'S USE OF NON-REBUTTAL EVIDENCE IN APPLE'S REPLY BRIEF** |
20  | vs. | |
21  | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | |
22  | ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | Date: October 13, 2011 Time: 1:30 pm |
23  | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Place: Courtroom 8, 4th Floor Judge: Hon. Lucy H. Koh |
24  | Defendants. | |
25  | | |

26

27

28

02198.51855/4382897.1

1    Apple submitted nine new declarations with its preliminary injunction motion reply —

2    more than half of them from entirely new declarants and much of them containing entirely new,

3    non-rebuttal matter and citing to Apple internal documents produced a full month after Samsung's

4    opposition.   Apple's reply arguments also introduce new evidence that contradicts its opening

5    papers and the sworn interrogatory responses it had served before Samsung's opposition brief, and

6    its declarations attach numerous documents that should have been produced long ago.   Thus, not

7    only has Apple improperly attempted to introduce numerous new matters in reply, but by failing to

8    produce the discovery contemplated by the Court, Apple has thwarted the purpose of the Court's

9    order and sought to deny Samsung the right to fairly respond.   The law is plain: for new matters

10   introduced on reply, a court must either strike the new matter or grant a sur-reply.[1]   Samsung

11   requests that the Court strike the new non-rebuttal evidence or allow Samsung a sur-reply.

12   Samsung also requests that the Court allow Samsung to depose Apple's new witnesses.

13   **I.**     **The Court Should Strike Apple's Non-Rebuttal Declarations, Reopen Discovery, and**
            **Allow Samsung to File a Sur-Reply**

14
15       Many of Apple's new declarations concern issues on which Apple bears the initial burden

16   of proof, which Apple was required to present in its moving papers.   *Docusign*, 468 F. Supp. 2d

     at 1307.    For example, the declaration of Arthur Rangel, argues that Apple will lose sales to
17
     Samsung.    Two of Apple's new experts also address irreparable harm.    Terry Musika, an
18
     accountant, opines that alleged harm to Apple is irreparable (Musika Dec. ¶5), and Sanjay Sood, a
19
     professor of business, addresses "the impact of sales of competing products with substantially the
20
     same design" on Apple (Sood Dec. ¶9).    The Court should also strike the declaration of Tony
21

22       [1]    *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (where new evidence is
     presented in reply to motion for summary judgment, the court should either not consider it or give
23   the non-movant an opportunity to respond); *Sky Capital Group, LLC v. Rojas*, No. 1:09-cv-83,
     2010 WL 779561, at *3 n.3 (D. Idaho Mar. 2, 2010) (evidence submitted in reply in support of
24   preliminary injunction improper where it related to arguments made in opening brief); *Docusign,
     Inc. v. Sertifi, Inc*., 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) (striking patentee's new
25   evidence on claim construction and irreparable harm offered in reply in support of motion for
     preliminary injunction); *Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 975-76 (N.D. Cal. Sept. 26,
26   2006) (new evidence offered by plaintiff in reply in support of motion for preliminary injunction
     improper if defendant not given an opportunity to respond).
27

28

1   Blevins on Apple's manufacturing capacity because Apple never listed Mr. Blevins in its initial

2   disclosures or otherwise disclosed him.   A reply brief is not a vehicle to introduce new evidence

3   or proof that was absent or inadequate in the opening papers.   *See Provenz*, 102 F.3d at 1483.

4       The Court should also strike at least those portions of Apple's new declarations that opine

5   on claim construction, an issue Apple should have addressed in its moving papers.   Apple's new

6   declaration from Dr. Balakrishnan, among other things, construes the '381 patent, and its

7   declarations from proffered experts Cooper Woodring and Peter Bressler, as well as Apple

8   employee Christopher Stringer, address whether Apple's designs are "functional."   Functionality

9   is part of claim construction for design patents precisely because only ornamental, and not

10  functional, features are protected.   *See Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293-

11  94 (Fed. Cir. 2010).   Apple's experts had the responsibility of addressing claim construction in

12  their moving papers when alleging infringement.   *See Docusign*, 468 F. Supp. 2d at 1307.

13      Apple also submitted some declarations, parts of which could plausibly be responsive to

14  Samsung's brief, for example, on the issues of Apple's licensing practices and prior art.

15  Samsung therefore does not move to strike the declarations of Richard Lutton, or the portions of

16  the declarations of Balakrishnan, Bressler, and Woodring that address prior art, but does request

17  leave to file a sur-reply.   Further, Samsung seeks leave to depose Bressler (who Apple had not

18  previously disclosed and who has not been deposed) and, if the Court does not grant Samsung's

19  motion to strike, to depose Musika, Sood, Blevins, and Rangel.

20  **II.     The Court Should Strike Apple's New, Undisclosed Contentions**

21      Apple's reply brief improperly raises new arguments for the first time that contradict its

22  opening brief and its sworn interrogatory responses.   For example, Apple argues in its reply brief

23  that the iPad2 embodies the D'889 patent and that the iPad2's commercial success is evidence that

24  the D'889 patent is not obvious.   (*See* Reply at 11.)   This new contention was not made in

25  Apple's opening declarations, its opening brief, or any discovery response served before Samsung

26  filed its opposition.   Rather, only last week, ***after*** Samsung conducted discovery, worked with its

27  experts, and filed its opposition to Apple's motion for a preliminary injunction — and more than

28  six weeks after the Court's August 8 "Deadline for Samsung's discovery from Apple," did Apple

1    serve a "supplemental" unverified interrogatory response identifying the iPad2 as embodying the

2    D'889 patent.    (Dkt. No. 115.)    Indeed, it was not until Samsung challenged the relevance of

3    certain discovery requests given Apple's position that the iPad2 did not embody the D'889 patent

4    that Apple changed its tune, with no explanation of its sudden reversal.    New arguments and

5    factual contentions such as this are not properly raised for the first time in reply.   *See Lentini v.*

6    *Cal. Cent. for the Arts, Escondido*, 370 F.3d 837, 843 n.6 (9th Cir. 2004) (declining to consider

7    arguments raised for first time in a reply brief, and collecting cases).

8    **III.**    **The Court Should Strike Apple's New Documents**

9            Apple's newly-introduced evidence was not only presented for the first time in reply, but

10   also contravenes the Court's detailed scheduling order for discovery and briefing on Apple's

11   motion for a preliminary injunction.    (Dkt. No. 115.)    That order required Apple to provide its

12   discovery responses by August 8, before Samsung's August 22 filing date for its opposition.

13   Apple's new declarations attach documents that are responsive to Samsung's requests for

14   production but were not timely produced.    For example, Exhibits A-C to the Rangel declaration

15   contain documents that were not produced to Samsung until September 22, over six weeks after

16   the deadline for Apple to produce documents to Samsung and well after Samsung filed its

17   opposition brief.    (Binder Dec. ¶¶5-7; *see also id.* ¶¶8-12.)    Apple's belated production of

18   relevant documents prejudices Samsung's full and fair opportunity to test the evidence Apple

19   seeks to use to bar its products from sale in the U.S.    Accordingly, this evidence should be

20   stricken.    In the alternative, if the Court is inclined to consider Apple's new documents, Samsung

21   should be allowed to take additional depositions and file a sur-reply so that Samsung can

22   adequately respond.   *See Provenz*, 102 F.3d at 1483.

23                              **Conclusion**

24           For the foregoing reasons, the Court should:    (1) strike in their entirety the Musika,

25   Stringer, Blevins, Sood, and Rangel declarations, Apple's contention that the iPad2 practices

26   Apple's patents; and Apple's late produced documents; (2) strike paragraphs identified in

27   Samsung's proposed order from the Balakrishnan, Bressler, and Woodring reply declarations; and

28   (3) allow Samsung to depose Bressler and file a sur-reply.

1    DATED: October 4, 2011              QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP
2

3

4                                        By  *Victoria F. Maroulis*
                                            Charles K. Verhoeven
5                                           Kevin P.B. Johnson
                                            Victoria F. Maroulis
6                                           Michael T. Zeller

7                                           Attorneys for SAMSUNG ELECTRONICS CO.,
8                                           LTD., SAMSUNG ELECTRONICS AMERICA,
                                            INC., and SAMSUNG
9                                           TELECOMMUNICATIONS AMERICA, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28