QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO AUGMENT THE RECORD**<br><br>Date: October 13, 2011<br>Time: 1:30 p.m.<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

On September 30, 2011, the Court issued an order stating that it would "not accept any further briefing from either party" on Apple's motion for a preliminary injunction.   (Dkt No. 276 at 2.)   Indeed, even though Apple improperly included non-rebuttal evidence and arguments in its reply brief, Samsung complied with the order, submitting a 3-page objection brief that did not submit any new evidence or arguments into the record.   (Dkt No. 294.)   Nevertheless, Apple seeks once again to supplement the record with even more late evidence.   While Apple tries to excuse its lateness by the fact the Samsung supplemented its production after Apple's reply, that does not allow Apple to have unlimited opportunities to reargue its case.   Apple itself produced a number of highly relevant documents after its discovery deadline, and even after Samsung's opposition brief deadline, including in response to Samsung's Motion to Compel.   (*See* Dkt No. 233 (Order Granting-in-Part Samsung's Motion to Compel).)   As just one example, Apple's reply brief relied on evidence that Apple withheld from Samsung for more than a month after Samsung filed its opposition brief.   (*See* Dkt No. 294 at 3.)

Worse still, Apple seeks to augment the record with the very same type of documents that it admittedly did not provide to Samsung.   Samsung timely produced tens of thousands of pages of documents in just a few short weeks in response to Apple's more than 60 requests for production.   These documents included over a thousand emails.   Nevertheless, Apple complained that Samsung had not produced enough emails from its designers, so Samsung located and produced even more.   In contrast, Apple failed to even *search* its designers' emails during preliminary injunction discovery, claiming that the Court's July 18, 2011 order (Dkt No. 115) allowed it to narrowly tailor its search efforts in this inappropriate way despite Samsung's multiple requests for these documents.   Apple's motion is thus not only an open violation of the Court's September 30 order, it directly contradicts Apple's own conduct during preliminary injunction discovery.

In addition to presenting untimely evidence, Apple has also submitted another round of arguments in direct defiance of the Court's September 30 order.   The parties were expressly forbidden from doing this, and for this reason Samsung will not address the new evidence and arguments raised in Apple's motion unless the Court grants it leave to file a sur-reply.

1   Therefore, to the extent the Court grants the relief that Apple requests, Samsung respectfully asks that the Court offer reciprocal relief to Samsung, allowing it to also augment the record with newly discovered evidence, including rebuttal evidence to Apple's improperly submitted declarations in its reply brief, and to file a sur-reply.   Otherwise, Apple will have had three opportunities to add evidence into the record to support its motion for a preliminary injunction — two of which have come in just the last two weeks — with Samsung having had a single opportunity to offer its own evidence in its August 22 opposition papers.   That would be contrary to law.   Under this Circuit's precedent, a non-movant has the right to respond to new evidence allowed into the record.   *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

Samsung therefore respectfully requests that the Court deny Apple's motion to augment the record and strike Apple's new arguments.   In the alternative, if the Court grants Apple the relief it seeks, Samsung respectfully requests leave to also augment the record with new evidence and to file a sur-reply.

Respectfully submitted,

DATED: October 12, 2011         QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC