| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone: 415.268.7000 <br> Facsimile: 415.268.7522 | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (CA SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br><br> Attorneys for Plaintiff and <br> Counterclaim-Defendant APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA LLC, a Delaware limited liability company, <br><br> Defendants. | Case No.   11-cv-01846-LHK <br><br> **DECLARATION OF JENNIFER LEE TAYLOR IN SUPPORT OF APPLE'S OBJECTIONS TO SAMSUNG'S UNTIMELY NEW EVIDENCE** |

1      I, Jennifer Lee Taylor, declare as follows:

2      1.      I am an attorney at the law firm of Morrison & Foerster LLP, counsel of record in this action for plaintiff Apple Inc. ("Apple").  I submit this declaration in support of Apple's Objections to Samsung's Untimely New Evidence.  Unless otherwise indicated, I have personal knowledge of the matters set forth below.  If called as a witness I could and would testify competently as follows.

3      1.      Attached hereto as Exhibit 1 is a true and correct copy of a photograph that I took of a blank sheet of white Plexiglas that was later marked as Ex. 267 at the deposition of Roger Fidler.  The Plexiglas sheet was adjacent to a piece of paper when I took the photograph.

4      2.      Attached hereto as Exhibit 2 is a true and correct copy of a photograph that I took of a stack of blank white Plexiglas sheets, one of which was later marked as Ex. 267 at the deposition of Roger Fidler.

5      3.      Attached hereto as Exhibit 3 is a true and correct copy of a photograph that I took of a Plexiglas digital newspaper mock-up that was marked as Ex. 268 at the deposition of Roger Fidler.  We have added markings to indicate the edge of the newssheet encased in the Plexiglas, the location of the raised frame, and the edge of the raised frame.

6      4.      Attached hereto as Exhibit 4 is a true and correct copy of a photograph that I took of a Plexiglas digital newspaper mock-up that was marked as Ex. 269 at the deposition of Roger Fidler.  We have added markings to indicate the edge of the newssheet encased in the Plexiglas, the location of the raised frame, and the edge of the raised frame.

7      5.      Attached hereto as Exhibit 5 is a true and correct copy of a photograph that I took of the outside edge and corner of a Plexiglas digital newspaper mock-up that was marked as Ex. 269 at the deposition of Roger Fidler.  The Plexiglas digital newspaper mock-up was adjacent to a laptop computer when I took the photograph.

8      6.      Attached hereto as Exhibit 6 is a true and correct copy of a photograph that I took of part of the front surface and a corner of the Plexiglas digital newspaper mock-up that was marked as Ex. 269 at the deposition of Roger Fidler.  We have added markings to indicate the location and edge of the raised frame.

1   7.   Attached hereto as Exhibit 7 is a true and correct copy of a photograph that I took of the back of the Plexiglas digital newspaper mock-up that was marked as Ex. 268 at the deposition of Roger Fidler. We have added markings to indicate the edge of the newssheet encased in the Plexiglas.

8.   Attached hereto as Exhibit 8 is a true and correct copy of a photograph that I took of the back of the Plexiglas digital newspaper mock-up that was marked as Ex. 268 at the deposition of Roger Fidler.

9.   I took each of the above-described photographs on September 23, 2011, at the deposition of Roger Fidler. Apple is submitting these photographs on a contingent basis in the event that the Court decides to consider Samsung's photographs of Exhibits 267-269 from the deposition of Roger Fidler.

I declare under the penalty of perjury that the foregoing is true and correct and that this Declaration was executed this 17th day of October, 2011, at San Francisco, California.

By:   /s/   Jennifer Lee Taylor
      Jennifer Lee Taylor

**ATTESTATION OF E-FILED SIGNATURE**

I, MICHAEL A. JACOBS, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Jennifer Lee Taylor has concurred in this filing.

Dated: October 17, 2011          By:          */s/ Michael A. Jacobs*
                                                   Michael A. Jacobs