HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   11-cv-01846-LHK<br><br>**DECLARATION OF GRANT L. KIM IN SUPPORT OF APPLE'S OBJECTIONS TO SAMSUNG'S UNTIMELY NEW EVIDENCE** |

I, Grant Kim, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster LLP, counsel of record in this action for Plaintiff Apple Inc. I submit this declaration in support of Apple's Objections to Samsung's Untimely New Evidence. Unless otherwise indicated, I have personal knowledge of the matters set forth below. If called as a witness I could and would testify competently as follows.

2. On the afternoon of October 14, 2011, I attended a meet-and-confer session with Michael Jacobs and Victoria Maroulis, pursuant to the Court's direction that the parties should confer about any new evidence that either side proposed to submit. Before that session, Ms. Maroulis provided us with a list of additional evidence that Samsung proposed to submit, including deposition transcripts, documents, videos, and other materials. The list was long and we did not have access to all of the materials at the time of the conference. Accordingly, we told Ms. Maroulis that we would consider further after reviewing all of the materials, but that Apple would likely object to the new alleged prior art that Samsung proposed to submit, which Samsung had failed to submit to the Court by the August 22, 2011, deadline for Samsung's Opposition to Apple's Preliminary Injunction Motion. As the same time, we stated that Apple may agree to Samsung's additional designations, provided that Apple was allowed to counter-designate additional testimony from the same witnesses.

3. In response to my follow-up requests, Samsung's counsel provided us with copies of videos and photos that they proposed to submit on the evening of October 14, as well as on October 15 and 16, 2011. Samsung's counsel also clarified the deposition exhibits that they proposed to submit.

4. At the end of the day on October 16, Samsung's counsel provided a number of photos of the mock-ups marked as Fidler Deposition Exhibits 267, 268, and 269. I replied a few hours later by objecting to those photos as misleading or at best incomplete, as they were taken from certain perspectives that did not reveal certain key features. We requested that Samsung lodge the actual physical mock-ups with the Court. Samsung's counsel declined to do so, stating that the mock-ups were not located in their office.

1       5.     On the morning of October 17, 2011, I informed Samsung's counsel that Apple would not object to Samsung's designations of additional deposition testimony, provided that Apple was allowed to counter-designate additional testimony from the same witnesses.  I provided Samsung's counsel with a complete list of these counter-designations.  I suggested that the parties jointly submit the designated deposition testimony.  I also confirmed that Apple was objecting to Samsung's new alleged prior art and certain other evidence, but was not objecting to certain other new evidence.

     6.     On the afternoon of October 17, Samsung's counsel stated that it preferred to submit deposition testimony excerpts separately.  Samsung's counsel also informed me that Samsung objected to Apple's counter-designations.  In addition, Samsung stated that it sought to submit images from alleged German prior art (Design No. 40301867), which it had not previously identified.

     7.     Attached hereto as Exhibits A to H are excerpts from various depositions.  All of these excerpts were counter-designated by Apple in response to Samsung's recent designations.

     8.     Attached as Exhibit A is a true and correct copy of excerpts from the Deposition of Ravin Balakrishnan.

     9.     Attached hereto as Exhibit B is a true and correct copy of excerpts from the Deposition of Justin Denison.  These excerpts contain information that Samsung has designated as confidential or highly confidential and should therefore be maintained under seal.

     10.     Attached hereto as Exhibit C is a true and correct copy of excerpts from the Deposition of Tracy Durkin.

     11.     Attached hereto as Exhibit D is a true and correct copy of excerpts from the Deposition of Roger Fidler.

     12.     Attached hereto as Exhibit E is a true and correct copy of excerpts from the Deposition of Chris Stringer.  These excerpts contain information that Apple has designated as confidential or highly confidential and should therefore be maintained under seal.

     13.     Attached hereto as Exhibit F is a true and correct copy of excerpts from the Deposition of Sissie Twiggs.

1       14.    Attached hereto as Exhibit G is a true and correct copy of excerpts from the Deposition of Michael Wagner. These excerpts contain information that Apple has designated as confidential or highly confidential and should therefore be maintained under seal.

      15.    Attached hereto as Exhibit H is a true and correct copy of excerpts from the Deposition of Cooper Woodring.

      16.    Attached hereto as Exhibit I is a true and correct copy of chart containing Apple's preliminary Rebuttal to Samsung's Invalidity Chart for the alleged DiamondTouch prior art. Apple is submitting this rebuttal chart on a contingent basis in the event that the Court decides to consider Samsung's DiamondTouch invalidity chart.

      17.    Attached as Exhibit J hereto is a chart summarizing Samsung's deposition designations, and Apple's counter-designations.

      I declare under the penalty of perjury that the foregoing is true and correct and that this Declaration was executed this 17th day of October, 2011, at San Francisco, California.

      By:    /s/   Grant Kim
              Grant Kim

**ATTESTATION OF E-FILED SIGNATURE**

I, MICHAEL A. JACOBS, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Grant Kim has concurred in this filing.

Dated: October 17, 2011        By:        */s/ Michael A. Jacobs*
                                          Michael A. Jacobs