QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**MEMORANDUM IN SUPPORT OF SAMSUNG'S NOTICE OF LODGING OF MATERIALS IN OPPOSITION TO APPLE'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>**Date: October 13, 2011**<br>**Time: 1:30 pm**<br>**Place: Courtroom 8, 4th Floor**<br>**Judge: Hon. Lucy H. Koh** |

Pursuant to the Court's direction on October 13, 2011, Samsung respectfully submits this memorandum regarding its lodging of supplemental materials on Apple's motion for a preliminary injunction. Given the extraordinary remedy Apple seeks and the limited time it allowed Samsung for discovery, these materials should be considered in the interests of justice and judicial economy. The supporting Declaration of Mark Tung identifies all of Samsung's lodged materials.

*__Prior Art References.__* After filing its opposition papers, Samsung located additional prior art that bears on the invalidity of the patents at issue, the appropriate claim construction, and the proper infringement analysis. This additional prior art was produced to Apple before its reply, and Apple either did examine or had the opportunity to question deponents about it.

<u>D'889.</u> Excerpts of the deposition of Roger Fidler and related exhibits depict and explain additional prior art, including Mr. Fidler's 1981 and 1997 prior art tablet designs with flat, smooth, translucent surfaces. Apple deposed Mr. Fidler on September 23, 2011 and had the opportunity to question him and inspect all of the tablet prior art Samsung seeks to lodge. Samsung also produced before Apple's reply the "Bloomberg" prior art, which discloses a transparent and smooth-front "bezel-less electronic display" (*see e.g.*, US 2004/0041504 A1, esp. Fig. 2 [200]) and Apple had the opportunity to question Itay Sherman about this prior art during his deposition.

<u>D'677 and D'089.</u> Prior art evidence reflecting a smart phone design with a smooth front (except for a control button) and black front face that placed second in a design competition in 2004 was produced to Apple before Mr. Sherman's deposition.

<u>'381.</u> A video and chart describing the Diamond Touch prior art, and two pages of the deposition transcript of Dr. Bedersen, further confirm the invalidity of the '381 patent. Samsung located this art very recently and produced the chart to Apple on October 7, 2011. In addition, two pages from each of the deposition transcripts of Dr. Balakrishnan and Mr. Woodring reflect that those two Apple's experts submitted reply declarations reversing their deposition positions

concerning the obviousness of prior art and claim constructions.

*Indefiniteness of D'889.*  Two pages each from the deposition transcripts of Christopher Stringer and Tracy-Gene Durkin further evidence the indefiniteness of the D'889 patent.

*Non-infringement of D'889.*  Apple does not object to Samsung's submission of (a) photographs of the actual prototype Apple based the D'889 patent on or (b) the Galaxy Tab 10.1 versions Samsung is currently selling in the U.S., which displays the Samsung logo on the front.

*Irreparable harm.*  Samsung's lodged materials include (1) 10 pages of Mr. Wagner's testimony that rebut Apple's mischaracterizations of it; (2) 4 pages of testimony of Justin Denison, Samsung's 30(b)(6) witness, which clarify that (a) Samsung did not give away Tabs, but that BestBuy initiated, and for one week offered, a discount in connection with the bundled purchase of a high-end television set and Tab and (b) Samsung used the technology accused as infringing the '381 patent in a smartphone it sold in 2007; and (3) 2 pages of Sissie Twiggs' testimony rebutting Apple's belated (and irrelevant) arguments about brand confusion or dilution.

*Public Interest.*  Apple's Statement of Interest before the ITC reflects that Apple's own conception of the public interest is not as limited as it argued on reply.

*Presentation Materials.*  The materials presented to the Court during Samsung's oral argument during the October 13, 2011 hearing were also provided to Apple's counsel that day.

*Apple's Materials.*  Samsung objects to materials Apple identified earlier today: (i) the chart Apple created for this filing to respond to Samsung's invalidity contentions, but has refused to show Samsung; (ii) Apple's characterization of additional deposition excerpts as "counter-designations"; and (iii) Apple's annotated photographs.  Samsung continues to object to Apple's eve-of-hearing filing to "augment the record" without permission to do so, which included documents with numerous translation issues.  In contrast, except for the current version of the Galaxy Tab, Samsung's submissions address the new arguments of Apple's reply.

| | | |
|---|---|---|
| 1 | DATED: October 17, 2011 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By */s/ Kevin P.B. Johnson*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

**General Order Attestation**

I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to file the

**MEMORANDUM IN SUPPORT OF SAMSUNG'S NOTICE OF LODGING OF MATERIALS IN OPPOSITION TO APPLE'S MOTION FOR PRELIMINARY INJUNCTION**

In compliance with General Order 45, X.B., I hereby attest that Kevin P.B. Johnson has concurred in this filing.

                                                  /s/ *Victoria Maroulis*