1   HAROLD J. MCELHINNY (CA SBN 66781)          WILLIAM F. LEE
    hmcelhinny@mofo.com                          william.lee@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)            WILMER CUTLER PICKERING
    mjacobs@mofo.com                             HALE AND DORR LLP
3   RICHARD S.J. HUNG (CA SBN 197425)            60 State Street
    rhung@mofo.com                               Boston, MA 02109
4   MORRISON & FOERSTER LLP                      Telephone: (617) 526-6000
    425 Market Street                            Facsimile: (617) 526-5000
5   San Francisco, California  94105-2482
    Telephone:  (415) 268-7000
6   Facsimile:  (415) 268-7522                   MARK D. SELWYN (SBN 244180)
                                                 mark.selwyn@wilmerhale.com
7                                                WILMER CUTLER PICKERING
                                                 HALE AND DORR LLP
8                                                950 Page Mill Road
                                                 Palo Alto, California 94304
9   Attorneys for Plaintiff and                  Telephone: (650) 858-6000
    Counterclaim-Defendant APPLE INC.            Facsimile: (650) 858-6100
10

11                  UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                       SAN JOSE DIVISION

14

15   APPLE INC., a California corporation,       Case No.    11-cv-01846-LHK

16                  Plaintiff,                   **APPLE'S MOTION TO COMPEL**
                                                 **SAMSUNG TO PRODUCE**
17          v.                                   **DOCUMENTS AND PROVIDE**
                                                 **RESPONSIVE ANSWERS TO**
18   SAMSUNG ELECTRONICS CO., LTD., A            **PROPOUNDED DISCOVERY**
     Korean business entity; SAMSUNG
19   ELECTRONICS AMERICA, INC., a New York
     corporation; SAMSUNG                        Date: October 25, 2011
20   TELECOMMUNICATIONS AMERICA, LLC, a          Time: 10:00 am
     Delaware limited liability company.,        Courtroom: 5, 4th Floor
21                                               Honorable Paul S. Grewal
                    Defendants.
22

23                      **PUBLIC REDACTED VERSION**

24

25

26

27

28

## TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ................................................................. 1

RELIEF REQUESTED ....................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ................................................... 1

APPLE'S CIVIL L.R. 37-2 STATEMENT ......................................................... 2

APPLE'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(A)(1) ................. 6

MEMORANDUM OF POINTS AND AUTHORITIES ...................................... 1

I.      INTRODUCTION ................................................................ 1

II.     FACTS ................................................................................... 2

        A.      Procedural History ................................................... 2

        B.      Summary of Samsung Documents Produced before the September
                12, 2011 Deadline ..................................................... 6

        C.      Summary of Samsung Documents Produced on Friday, September
                16 and Saturday, September 17 – After the Court's Deadline for
                Production .................................................................. 6

III.    LEGAL STANDARDS ......................................................... 7

IV.     ARGUMENT ........................................................................ 8

        A.      Samsung Seeks to Defeat Apple's Preliminary Injunction Motion
                By Stonewalling Apple on Discovery Relating to Copying of
                Apple's Products ...................................................... 8

        B.      Apple is Entitled to Marketing Documents and Customer Surveys
                Responsive to Requests for Production Nos. 206, 214 and 215 ............... 11

V.      CONCLUSION ................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Fractus, S.A. v. Samsung Elecs. Co.*,
  Case No. 09-cv-203 (E.D. Tex.) ............................................................. 2

*Mosaid Techs., Inc. v. Samsung*, 348 F. Supp. 2d 332 (D.N.J. 2004) ............................................ 2

*Parental Guide of Tex., Inc. v. Samsung*, No. 7:01-CV-074-R,
  2003 U.S. Dist. LEXIS 4573 (N.D. Tex. Mar. 24, 2003) .................................................... 2, 10

**STATUTES**

California Civil Code § 17200 *et seq.* ............................................................. 3

Civ. L.R.37-2 ............................................................................................ 1, 2, 8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(b)(1) ............................................................................. 7

Fed. R. Civ. P. 33(a)(2) ............................................................................. 7

Fed. R. Civ. P. 34(a) ................................................................................. 8

Fed. R. Civ. P. 37(a)(3)(B) ......................................................................... 8

Fed. R. Civ. P. 37(a)(1) ............................................................................. 1, 6

1

**NOTICE OF MOTION AND MOTION**

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3      PLEASE TAKE NOTICE that on Tuesday, October  25, 2011 at 10:00 a.m., or as soon as

4 the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District

5 Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st

6 Street, San Jose, CA 95113, Apple, Inc. ("Apple") shall and hereby does move the Court for an

7 order compelling Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and

8 Samsung Telecommunications America, LLC (collectively, "Samsung") to produce certain

9 documents and things in response to Apple's Requests for Documents and Things Relating to

10 Apple's Motion for a Preliminary Injunction Nos. 1, 166, 206, 214 and 215 and to provide

11 testimony regarding the subject matter of those requests.

12      This motion is based on this notice of motion and supporting memorandum of points and

13 authorities; the supporting declaration of Jason R. Bartlett (the "Bartlett Decl."); the supporting

14 declaration of Minn Chung (the "Chung Decl."); and such other written or oral argument as may

15 be presented at or before the time this motion is taken under submission by the Court.

16

**RELIEF REQUESTED**

17      Samsung has alleged that it did not copy Apple's patented designs and has further asserted

18 that Apple has no evidence that it did so.  Yet Samsung has failed to produce documents in

19 response to Apple's requests for production relating to the design history of the accused products.

20 In light of this failure, pursuant to Federal Rule of Civil Procedure 37(a)(1), Apple seeks an order

21 compelling Samsung to produce to Apple the documents and things as set forth in Apple's Civil

22 L.R. 37-2 Statement (below) by September 28, 2011, and to provide testimony about the subject

23 matter of those requests.

24

**STATEMENT OF ISSUES TO BE DECIDED**

25      1.      Whether Apple is entitled to the production of documents relating to the

26 development and design of the Samsung products at issue in Apple's preliminary injunction

27 motion in response to its Request for Production No. 1.

28

2.      Whether Apple is entitled to the production of documents relating to the Samsung products at issue in Apple's preliminary injunction motion that reflect or indicate any comparison to Apple products, or copying thereof, in response to its Request for Production No. 1.

3.      Whether Apple is entitled to all documents to or from Lee Don-Joo relating to the redesign of the Galaxy Tab 10.1 following Apple's announcement of the iPad 2 on or about March 2, 2011, in response to its Request for Production No. 166.

4.      Whether Apple is entitled to all relevant marketing materials, including but not limited to any survey data, market share evaluations, or market share projections responsive to its Requests for Production Nos. 206, 214, and 215.

5.      Whether Samsung must produce a witness to testify to the subject matter of these requests and its efforts to fulfill them.

## APPLE'S CIVIL L.R. 37-2 STATEMENT

Pursuant to Civil L.R. 37-2, Apple's discovery requests to Samsung related to Apple's preliminary injunction motion are set forth in full below, with Samsung's corresponding objections and/or answers following immediately after each:

1) Request for Production No. 1: Documents relating to your analysis, review, consideration, or copying of, or comparison against, any Apple product or product feature in designing, developing, or implementing any feature of the Products at Issue, including (1) their Exterior Design; (2) functionality that allows for an image, list, or webpage to be scrolled beyond its edge until it is partially displayed; and (3) functionality that allows for an image, list, or webpage that is scrolled beyond its edge to scroll back or bounce back into place so that it returns to fill the screen.

Objections to Request for Production No. 1: In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense

to answer.  Samsung further objects to the request as overbroad in that it is not reasonably limited as to the scope of documents and things it seeks.  Samsung further objects to this request as oppressive and harassing inasmuch as it implies Samsung engaged in copying and other such activity.

Subject to these objections, Samsung will produce relevant, non-privileged documents within its possession, custody, or control, if any, after conducting a reasonable search during the preliminary injunction discovery phase.

2) Request for Production No. 166: All Documents to or from Lee Don-Joo relating to the redesign of the Galaxy Tab 10.1 following Apple's announcement of the iPad 2 on or about March 2, 2011.

Objects to Request for Production No. 166: In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that it is vague and ambiguous with regard to the term "redesign."  Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the request as overbroad in that it seeks "all" documents and is not reasonably limited as to the scope of documents and things it seeks.  Samsung further objects to this request because Apple has delayed serving this document request, despite Apple's earlier knowledge of the issues raised in the request and despite the fact that Apple has known about the Court's Order governing discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

3) Request for Production No. 206: All Documents relating to any customer surveys, studies, analyses or investigations regarding the Products at Issue.

Objections to Request for Production No. 206: In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung

1    objects to this Request to the extent that it seeks to elicit information subject to and protected by

2    the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

3    common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further

4    objects to this Request as overbroad in that it seeks "all" documents and is not reasonably limited

5    as to the scope of documents and things it seeks.  Samsung further objects to the Request as

6    overbroad in that it is not limited to any reasonable time period and seeks documents and things

7    from time periods not at issue in this litigation.  Samsung further objects to the Request to the

8    extent it seeks documents that are not relevant to the claims or defenses of any party and/or not

9    reasonably calculated to lead to the discovery of admissible evidence.  Samsung further objects to

10   this request because Apple has delayed serving this document request, despite Apple's earlier

11   knowledge of the issues raised in the request and despite the fact that Apple has known about the

12   Court's Order governing discovery relating to Apple's motion for a preliminary injunction since

13   July 18, 2011.

14        Subject to these objections, Samsung is willing to meet and confer with Apple about the

15   relevance and scope of the information sought by this request.

16        4) Request for Production No. 214: All Documents relating to marketing of any Products

17   at Issue that discuss or refer directly or indirectly to Apple or Apple products, including copies of

18   all advertisements or other promotional materials, marketing plans, market surveys, focus group

19   studies, or other documents related to testing of advertisements or advertisement messaging.

20   Documents responsive to this Request include, but are not limited to, your "Hello" marketing

21   campaign relating to the Galaxy S, your "See Flash Run" marketing campaign for the Galaxy Tab,

22   and your "Appelmos" ("Applesauce") marketing campaign relating to the Galaxy S II.

23        Objections to Request for Production No. 214: In addition to its Objections and Responses

24   Common to All Requests for Production, which it hereby incorporates by reference, Samsung

25   objects to this Request to the extent that it seeks to elicit information subject to and protected by

26   the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

27   common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further

28   objects to the Request to the extent it is unduly burdensome, and/or would require undue expense

1   to answer.  Samsung further objects the [*sic*] request as vague and ambiguous.  For example, the

2   term "indirectly" is vague and ambiguous.  Samsung further objects to the Request as overbroad

3   in that it seeks documents and things that bear on occurrences in other countries that are not at

4   issue in this litigation.  Samsung further objects to the Request to the extent it seeks documents

5   that are not in within the possession, custody, or control of Samsung.  Samsung further objects to

6   the Request to the extent it seeks documents containing confidential third party information,

7   including information subject to a non-disclosure or other agreement between Samsung and a

8   third party.  Samsung further objects to this request because Apple has delayed serving this

9   document request, despite Apple's earlier knowledge of the issues raised in the request and

10  despite the fact that Apple has known about the Court's Order governing discovery relating to

11  Apple's motion for a preliminary injunction since July 18, 2011.

12        Subject to these objections, Samsung is willing to meet and confer with Apple about the

13  relevance and scope of the information sought by this request.

14        5) Request for Production No. 215: All Documents relating to any instances of consumer

15  confusion in which Samsung was made aware that a person confused an Apple product for a

16  Product at Issue, or a Product at Issue for an Apple product.

17        Objections to Request for Production No. 215: In addition to its Objections and Responses

18  common to All Requests for Production, which it hereby incorporates by reference, Samsung

19  objects to this Request to the extent that it seeks to elicit information subject to and protected by

20  the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

21  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further

22  objects to the Request to the extent it is unduly burdensome, and/or would require undue expense

23  to answer.  Samsung further objects the [*sic*] request as vague and ambiguous.  For example, the

24  term "consumer confusion" is vague and ambiguous.  Samsung further objects to the Request as

25  overbroad in that it seeks documents and things that pertain to products not at issue in this

26  litigation.  Samsung further objects to this request because Apple has delayed serving this

27  document request, despite Apple's earlier knowledge of the issues raised in the request and

28

1   despite the fact that Apple has known about the Court's Order governing discovery relating to

2   Apple's motion for a preliminary injunction since July 18, 2011.

3        Subject to these objections, Samsung is willing to meet and confer with Apple about the

4   relevance and scope of the information sought by this request.

5   ### APPLE'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(A)(1)

6        Apple hereby certifies that it has in good faith conferred with Samsung in an effort to

7   obtain the discovery described immediately above without Court action.  Apple's efforts to

8   resolve this discovery dispute without court intervention are described in the declaration of Jason

9   R. Bartlett, submitted herewith.

10

11

12

13

14   Dated:  September 20, 2011                    MORRISON & FOERSTER LLP

15

16                                      By: /s/  Jason R. Bartlett_____

17                                             JASON R. BARTLETT

18                                             Attorneys for Plaintiff
                                              APPLE INC.

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Apple's Motion for a preliminary injunction asserts that Samsung copied Apple's patented designs.  Apple contends that Samsung witnessed the phenomenal success of Apple's iPhone and iPad products, then intentionally chose to use Apple's designs and features in its devices.  In its Opposition to Apple's motion, Samsung has tried to downplay its culpability in using Apple's designs by asserting that it did not copy them.  According to Samsung, smartphone and tablet designs "naturally evolved in the direction" of Apple's designs.  (*See* Samsung's Opposition to Apple's Motion for a Preliminary Injunction (filed under seal with the Court on August 22, 2011) (hereinafter, "Opposition"), at 1-2.  Samsung did not submit any affirmative declarations from its actual designers on its own lack of copying.  Instead, Samsung's Opposition pointed to Apple's alleged lack of evidence of copying.  (*Id.* at 39.)

To counter Samsung's assertions, Apple has sought discovery of the decision-making process that led to the designs of the accused Samsung products.  We are now just 10 days away from the due date for Apple's Reply, however, and Samsung has yet to produce any documents showing how the designs of the accused products were created.[1]  Thus far, Samsung's responses to Apple's requests relating to Samsung's design history have been limited to the assertion of baseless objections, inconsistent representations, and production of documents containing irrelevant or only tangentially relevant information.  Meanwhile, Samsung's strategic obfuscation has severely prejudiced Apple's preparation of its Reply, which is due on September 30.

The discovery requests at issue seek information relevant to Samsung's analysis of Apple products in the development and design of Samsung's own competing products, and therefore each request is highly relevant to Apple's allegations of copying.  Moreover, Samsung cannot dispute Apple's need to obtain information relating to copying, as it moved the issue squarely to

---

[1] There are further deficiencies in Samsung's discovery responses beyond those discussed in this motion.  Apple has limited the current motion to only a few of the deficiencies because there is a greater urgency as to the missing documents sought in this motion.  It is hoped that by limiting the scope of this motion, the documents responsive to the specific requests may be produced in time for their use in the preliminary injunction proceedings.  Apple does not waive the right to file subsequent motions regarding Samsung's additional discovery deficiencies.

the forefront of the preliminary injunction dispute.  (*See* Samsung's Opposition, at 39 ("Although willful infringement, including deliberate copying, may be relevant to a preliminary injunction motion, Apple has offered no evidence of such copying or willful infringement.").)  Thus, while Samsung points to Apple's alleged lack of evidence of copying, it has simultaneously failed to provide documentation relating to Samsung's internal design documents.

As outlined below, opposing counsel is unwilling or unable to discuss important aspects of its document collection efforts in this case, including whether it has sent any attorneys to Korea to gather documents, or even if it has participated in the document collection process at all.  This is highly concerning.  The importance of Apple's motion is underscored by Samsung's long standing history of discovery abuse.  For example, Samsung was sanctioned by the U.S. District Court for the District of New Jersey for destroying relevant electronic mail during the pendency of patent litigation.  *Mosaid Techs., Inc. v. Samsung Elecs. Co.*, 348 F. Supp. 2d 332, 336, 340 (D.N.J. 2004).  Samsung similarly ran afoul of discovery rules in *Parental Guide of Tex., Inc. v. Samsung*, No. 7:01-CV-074-R, 2003 U.S. Dist. LEXIS 4573, 1-3 (N.D. Tex. Mar. 24, 2003) ("The Court believes that there are entity games being played by Samsung, and there are games being played with regard to who has what documents.  Samsung, like a moth, is flying very close to the flame.")  More recently Samsung was caught destroying documents, again during the pendency of a lawsuit.  *Fractus, S.A. v. Samsung Elecs. Co.*, Case No. 09-cv-203 (E.D. Tex.) (where trial transcript referring to Samsung's continued policy of deleting electronic email every two weeks, even after lawsuit was filed (*see* Declaration of Jason R. Bartlett Filed in Support of Apple's Motion to Compel ("Bartlett Decl."), at ¶ 2 and Ex. A.)).  Without judicial intervention, there can be no assurance that Samsung will comply with the relevant rules of discovery.  For these reasons, Apple requests that the Court compel Samsung to produce the highly relevant discovery that it has chosen to withhold.

## II.    FACTS

### A.    Procedural History

On April 15, 2011, Apple filed suit in this Court against Samsung for claims of trade dress infringement, federal trade dress infringement, federal and common law trademark infringement,

1  unfair business practices under California Civil Code § 17200 *et seq.*, unjust enrichment, and

2  infringement of ten different patents currently held by Apple.  (*See* Complaint, D.N. 1.)  On June

3  16, 2011, Apple amended its Complaint to include a claim for federal false designation of origin

4  as well as to make other amendments to the Complaint, including the withdrawal of certain

5  claims of patent infringement and the supplementation of additional infringement claims against

6  other Apple patents.  (*See* Amended Complaint, D.N. 75.)  On July 1, Apple moved the Court for

7  a preliminary injunction to prohibit Samsung from continuing to make, use, offer to sell, or sell

8  within the United States, or to import into the United States, "Samsung's Galaxy S 4G and Infuse

9  4G, and Droid Charge phones and Galaxy Tab 10.1 table computer, and any product that is no

10  more than colorably different from these specified products."  (Proposed Order for Preliminary

11  Injunction, D.N. 86-1; *see also* Motion for Preliminary Injunction, D.N. 86, at i.)

12      Apple selected four of fifteen patents asserted in the Complaint to serve as the basis for its

13  request for a preliminary injunction against four of Samsung's many infringing products.  As

14  discussed in the Motion for Preliminary Injunction, "Apple [] selected intellectual property rights

15  that lend themselves readily to adjudication without trial," where "Samsung's copying [of Apple

16  products] is blatant."  (Motion for Preliminary Injunction, D.N. 86, at 3, 4.)  To assist the Court in

17  adjudicating Apple's request, Apple also provided the following illustrations in its Motion to

18  show a side-by-side comparison of Apple's iPhone with Samsung's version:




iPhone 3GS
Released June 2009

Galaxy S 4G
Released February 2011




iPhone 4
Released June 2010

Infuse 4G
Released May 2011

(*Id.*, at 2.)  Apple further provided a side-by-side comparison of the iPad 2 with Samsung's version of the product:



iPad 2
Released March 2011



Galaxy Tab 10.1
Released June 2011 (with promise of
new user interface in future update)

(*Id.*, at 3.)

To accommodate the parties' need for limited discovery related to Apple's request for a preliminary injunction, the Court issued a briefing and hearing schedule on July 18, 2011.  (Order Setting Briefing and Hearing Schedule for Preliminary Injunction Motion, D.N. 115 (hereafter, "Briefing Schedule").)  According to that schedule:  (1) Apple had until August 26, 2011 to propound discovery related to the motion; (2) all document production from Samsung was due on September 12, 2011; and (3) the cut-off for discovery related to Apple's request for a preliminary injunction is September 21, 2011.  (*Id.*)

Over two months ago, Apple propounded to Samsung its initial discovery requests pertaining to its Preliminary Injunction motion.  (*See* Bartlett Decl., at ¶¶ 3-4 and Ex. B and C.)  Subsequently, Apple propounded additional requests in accordance with the Court's August 26 deadline.  Specifically:

- Apple served its first preliminary-injunction related interrogatory and first set of requests for production on July 12, 2011.  (*Id.*, at ¶¶ 3 and 4, Exs. B and C, respectively.)

- Apple served its second set of preliminary injunction-related interrogatories, second set of requests for production, and a notice of deposition of Samsung on August 26.  (*Id.*, at ¶ 5 and Ex. D.)

- Samsung responded to Apple's requests for production on August 31.  (*Id.*, at ¶ 6 and Ex. E.)

- Samsung objected, but did not respond, to Apple's interrogatories on August 31.  (*Id.*, at ¶ 7 and Ex. F.)

- Samsung did not respond to Apple's first interrogatory until Monday, September 21.  (*Id.*, at ¶ 16 and Ex. K.)

Apple has diligently pursued an informal resolution of the deficiencies in Samsung's production and responses through the following:

- Apple requested a call with Samsung less than 24 hours after Samsung served its objections.  (*Id.*, at ¶ 8.)

- The next day, on September 2, the parties held a lengthy conference call during which Samsung agreed to investigate a number of issues that Apple raised.  (*Id.*, at ¶ 9.)

- On September 7, Apple sent a letter to Samsung confirming the compromises reached by the parties and providing proposals and clarifications requested by Samsung.  (*Id.*, at ¶ 9 and Ex. G.)  Samsung responded to this letter on September 9.  (*Id.*, at ¶ 10 and Ex. H.)

- Apple then made a series of requests for in-person conferences which Samsung repeatedly refused.  Samsung refused requests to meet on September 12, 14, and 15. (*Id.*, at ¶¶ 11-12 and Ex. I.)

- After Apple threatened to move to compel without meeting in person, Samsung finally agreed to meet the morning of Friday, September 16.  (*Id.*, at ¶ 13.)

- Late that evening, Samsung sent Apple a letter in which it stated that it had already produced "any responsive documents that might exist after a reasonable search" relating to Apple's first request for production.  (*Id.*, at ¶ 14 and Ex. J);

- The parties met and conferred in-person Friday morning, but did not resolve their dispute.  (*Id.*, at ¶ 14.)

- Later that evening, and again on Saturday night – almost a week after the Court's September 12 deadline to produce documents relating to the preliminary injunction motion – Samsung produced over 14,000 pages of documents, ***doubling*** the size of its

total document production. (*See* Declaration of Minn Chung Filed in Support of Apple's Motion to Compel ("Chung Decl."), at ¶¶ 3-4.)

[redacted]

[redacted]

## III. LEGAL STANDARDS

A party is entitled to seek discovery of "any nonprivileged matter that is relevant to any party's claim or defense…." Fed. R. Civ. P. 26(b)(1). "An interrogatory may relate to any matter

1  that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).  "A party may serve on any

2  other party a request within the scope of Rule 26(b): (1) to produce . . . (A) any designated

3  documents . . . ; or (B) any designated tangible things." Fed. R. Civ. P. 34(a).

4      "A party seeking discovery may move for an order compelling an answer . . . production,

5  or inspection.  This motion may be made if: . . . (iii) a party fails to answer an interrogatory

6  submitted under Rule 33, or (iv) a party fails to respond that inspection [of such documents or

7  tangible things] will be permitted – or fails to permit inspection – as requested under Rule 34."

8  Fed. R. Civ. P. 37(a)(3)(B).

9      "[T]he moving papers [of a motion to compel] must detail the basis for the party's

10  contention that it is entitled to the requested discovery and must show how the proportionality and

11  other requirements of FRCivP 26(b)(2) are satisfied."  Civ. L.R. 37-2.

12  **IV.**  **ARGUMENT**

    **A.**  **Samsung Seeks to Defeat Apple's Preliminary Injunction Motion By Stonewalling Apple on Discovery Relating to Copying of Apple's Products**

15      Samsung cites Apple's alleged lack of "copying" evidence in its Opposition, but now

16  refuses to produce the relevant underlying documents that would show how it arrived upon on the

17  designs of the accused products.  Samsung's strategy appears to be simple: it hopes to defeat

18  Apple's preliminary injunction motion by withholding damaging material maintained at its

19  headquarters in Korea.  According to this Court's Briefing Schedule, after Apple's timely service

20  of its motion-related discovery, Samsung should have produced all responsive documents and

21  responded to Apple's interrogatories by September 12, 2011.  Paying no heed to this deadline, the

22  majority of Samsung's document production occurred several days later, and that production is

23  still missing the documents that Apple requested.

24      Samsung has failed to produce *any* true design history documents.  The deficiencies in

25  Samsung's pre-September 12 document production were obvious.  It was limited to a total of 35

26  email strings, and did not contain a single document that appeared to have been written by the

27  four designers who Samsung itself specifically identified in its initial disclosures as having

28

1   knowledge of the design of the accused products.  And despite the fact that Samsung is a Korean

2   company, it managed to produce only approximately 300 pages of Korean language documents.

3        In light of the deficiencies in its September 12 production, Apple asked Samsung during

4   the September 16 in-person meet and confer how it is that Samsung could represent that it had

5   produced "any responsive documents that might exist after a reasonable search" in response to

6   request for production number 1 (served more than two months earlier on July 12).  Samsung's

7   responses (or lack thereof) were troubling:

8        • Samsung was unable to explain the lack of email communications and Korean

9          language documents in its production;

10       • Samsung would not say whether outside counsel had participated in the document

11         collection process at all;

12       • Samsung was unwilling or unable to describe what documents relating to

13         Samsung's design process were alleged to have been collected and produced;

14       • Samsung was unwilling or unable to say whether any documents had been

15         collected from the individuals identified in its initial disclosures as having

16         knowledge of the design of the accused products; and

17       • Counsel did not know whether Samsung had taken steps to suspend routine

18         document destruction processes.

19   (*See* Bartlett Decl., at ¶ 14 and Ex. J.)  Still more alarming was that in a matter of hours after

20   representing that it did not know why only a handful of emails and Korean language documents

21   were produced, Samsung produced 14,000 additional pages of documents, much of which

22   consisted of Korean-language emails.  Yet there were still no documents pertaining to the design

23   history of Samsung's products despite the fact that Apple had asked for this information in its

24   mid-July request for production.

25

26

27

28

1 ███████████████████████████████████████████

2 ███████████████████████████████████████████

3 ███████████████████████████████████████████

4 ████████████████████

5      Samsung has even refused to confirm whether or not it has responded (or is even willing

6 to respond) to Apple's very narrowly targeted request for production number 166 relating to

7 Samsung executive Lee Don-Joo.  In March 2011, shortly after Apple released its iPad 2, Mr. Lee

8 was quoted in the Korean press as stating that Samsung would need to redesign its Galaxy Tab

9 10.1 (in development at that time) to more closely match that of the iPad 2.  (*See* Bartlett Decl., at

10 ¶ 17 and Ex. L.)  Samsung did so, and the result was the accused Galaxy Tab 10.1 product.

11 Apple asked for Mr. Lee's documents from around the time of the news article relating to the

12 redesign, including any emails that mentioned Apple.  In the meet and confer session of

13 September 16, Samsung's counsel could not say whether Samsung would look for such

14 documents.

15      Apple's 30(b)(6) deposition of Samsung is scheduled to commence on September 21.

16 Apple has already been hampered in its ability to take that deposition by Samsung's failure to

17 produce documents relating to the design history of the accused products.  Unless Samsung is

18 compelled to produce responsive documents immediately, Apple will also be prejudiced in its

19 ability to prepare its Reply in support of its preliminary injunction motion.

20      There is, of course, another question as to why Samsung may have failed to produce its

21 design history documents:  whether they have been destroyed.  Samsung has been found by other

22 Courts to have destroyed emails – even after the start of litigation – in the *Mosaid*, *Parental*

23 *Guide*, and *Fractus* cases.  In light of Samsung's representation that it has produced all responsive

24 documents relating to Apple's request and the absence of any design history documents in the

25 production, Apple will notice the deposition of a Samsung witness on Samsung's document

26 retention practices and collection process to explore whether there is similar cause for concern in

27 this case.

28

1

**B.**     **Apple is Entitled to Marketing Documents and Customer Surveys Responsive to Requests for Production Nos. 206, 214 and 215**

2

3     Samsung has also refused to produce in a timely manner marketing documents and

4     customer surveys responsive to Apple's Requests for Production Nos. 206, 214, and 215.

5

**1.**     **Apple Did Not Unduly Delay in Propounding Requests for Marketing Documents and Customer Surveys**

6

7     Samsung claims in its objections that Apple unduly delayed in propounding these requests.

8     As stated earlier, Apple propounded each of its motion-related discovery requests prior to the

9     deadline imposed by the Court through its Briefing Schedule (the ones most directly focused on

10     copying on July 12).  Samsung filed its opposition to Apple's motion for preliminary injunction

11     on August 22.  Under the Court's schedule, Apple had until August 26 to propound any additional

12     discovery related to the motion.  Apple did exactly that.  Because Apple complied with the

13     Court's Order, Samsung has no justification to shirk its discovery obligations under that same

14     Order.

15

**2.**     **Marketing Documents and Customer Surveys Are Relevant to Apple's Request for Preliminary Injunction**

16

17     Apple's Requests for Production Nos. 206, 214 and 215 seek documents relating to any

18     customer surveys of the products at issue, marketing presentations, market research, market

19     strategy presentations, and to any instances of consumer confusion between Samsung and Apple

20     products.  These are highly relevant to Apple's contention that continued domestic sales of

21     Samsung's accused products results in irreparable harm to Apple.  With respect to customer

22     surveys, Samsung's own damages expert conceded during his deposition in this matter that

23     customer surveys are relevant to the inquiry of irreparable harm.  (*See* Bartlett Decl., at ¶ 18 and

24     Ex. M, 28-31.)  Samsung's perfunctory objections as to the scope and relevance of Apple's

25     Requests for Production have no merit.  Apple is entitled to complete document production

26     responsive to these requests.

27     Samsung's position during the parties' recent in-person meeting was that it would not

28     produce any customer surveys that discuss Apple products during the preliminary injunction

1   phase of discovery (unless they also happen to mention specifically one of the four accused

2   Samsung products at issue in the preliminary injunction motion).  Samsung claims that customer

3   surveys relating to Apple products should be produced, if at all, during the regular discovery

4   phase.  Samsung should be compelled to produce its customer surveys relating to Apple *now*.  If

5   Samsung's surveys show that its potential customers favor Apple's designs, for instance, that

6   would tend to prove that Apple would be irreparably harmed by Samsung's infringement of

7   Apple's design patents.

8   ## V.      **CONCLUSION**

9          Samsung cannot cite Apple's alleged lack of "copying" evidence in opposition to Apple's

10   motion for preliminary injunction and then stonewall Apple's requests for production of

11   documents relating to the design history of the accused products.  Apple respectfully requests that

12   the Court GRANT Apple's Motion to Compel and order Samsung to produce by September 27,

13   2011, all Samsung documents responsive to Apple's requests 1, 166, 206, 214 and 215;

14          Opposing counsel should be ordered to certify that the obligations of discovery have been

15   met by Samsung as to all documents, including those in Korea.  If they cannot do so by

16   September 27, 2011, Apple requests that the Court impose an issue sanction against Samsung in

17   the form of a finding of fact, *limited in applicability only to the proceedings related to Apple's*

18   *Preliminary Injunction Motion*, that in designing the products at issue in the preliminary

19   injunction proceedings, Samsung copied Apple's designs.

20          Apple further requests that the Court order Samsung to present a fully prepared Rule

21   30(b)(6) witness to testify on topics covered by these requests and its efforts in responding to

22   them.

23

24   Dated:  September 20, 2011                    MORRISON & FOERSTER LLP

25

26                                               By: /s/  Jason R. Bartlett
                                                    JASON R. BARTLETT

27                                                  Attorneys for Plaintiff
                                                    APPLE INC.

28