| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |
| Attorneys for Plaintiff and<br>Counterclaim-Defendant APPLE INC. | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company.,<br><br>　　　　　　　Defendants. | Case No.　11-cv-01846-LHK<br><br>**DECLARATION OF JASON R. BARTLETT IN SUPPORT OF APPLE'S MOTION TO COMPEL SAMSUNG TO PRODUCE DOCUMENTS AND PROVIDE RESPONSIVE ANSWERS TO PROPOUNDED DISCOVERY**<br><br>Date: October 25, 2011<br>Time: 10:00 am<br>Courtroom: 5, 4th Floor<br>Honorable Paul S. Grewal |

**PUBLIC VERSION**

**EXHIBIT J FILED UNDER SEAL**

DECLARATION OF JASON R. BARTLETT
CASE NO. 11-CV-01846-LHK
la-1141127

I, Jason R. Bartlett, declare as follows:

1. I am an attorney with the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple"). I am licensed to practice law in the State of California. Unless otherwise indicated, I have personal knowledge of the matters stated herein and, if called as a witness, could and would testify competently thereto. I make this declaration in support of Apple's Motion to Compel Samsung to Produce Documents and Provide Response Answers to Propounded Discovery.

2. In a letter dated July 1, 2011, through counsel, Apple reminded Samsung of its obligations to preserve documents and electronic evidence during the course of litigation, citing Samsung's demonstrated inability to preserve such materials in previous actions as the impetus for the letter. Within the letter, specific instances of previous misconduct were cited from various cases, including "*Fractus, S.A. v. Samsung Elecs. Co.*, Case No. 09-cv-203 (E.D. Tex.) (trial transcript referring to Samsung's continued policy of deleting electronic mail every two weeks, even after lawsuit filed)." A true and correct copy of this July 1 letter is attached hereto as Exhibit A.

3. On July 12, 2011, Apple propounded to Samsung a single interrogatory in an effort to obtain discovery narrowly tailored to Apple's request for a preliminary injunction filed with the Court on July 1, 2011. Attached hereto as Exhibit B is a true and correct copy of Apple Inc.'s Interrogatories to Defendants Relating to Apple's Motion for a Preliminary Injunction – Set One.

4. On that same day, Apple propounded to Samsung a number of requests for production, again to obtain discovery narrowly tailored to Apple's request for a preliminary injunction. Attached hereto as Exhibit C is a true and correct copy of Apple Inc.'s Requests for Production of Documents and Things Relating to Apple's Motion for a Preliminary Injunction – Set One.

5. Prior to the Court-imposed deadline by which Apple had to complete its service of motion-related discovery, Apple propounded a second set of requests for production to Samsung. Attached hereto as Exhibit D is a true and correct copy of Apple Inc.'s Requests for Production of

Documents and Things Relating to Apple's Motion for a Preliminary Injunction – Set Two, served on August 26, 2011.

6. Samsung responded to Apple's requests for production on August 31, 2011. Attached hereto as Exhibit E is a true and correct copy of Samsung's Objections and Responses to Apple's Requests for Production of Documents and Things Relating to Apple's Motion for a Preliminary Injunction – Sets One (Nos. 1-8) and Two (Nos. 155-217).

7. Also on August 31, 2011, Samsung objected, but did not respond, to Apple's Interrogatory No. 1. Attached hereto as Exhibit F is a true and correct copy of Samsung's Objections to Apple's Interrogatories to Defendants Relating to Apple's Motion for a Preliminary Injunction – Sets One (No. 1) and Two (Nos. 10-14).

8. On September 1, 2011, less than 24 hours after receiving Samsung's objections and responses, I sent an email to Ms. Melissa Chan, counsel for Samsung, to request a meeting to confer with counsel in order to address certain discovery related issues. A call was set for September 2, 2011.

9. On September 2, 2011, counsel for both parties held a lengthy call during which Samsung, through counsel, agreed to investigate a number of issues raised by Apple. On September 7, 2011, I sent a letter to Ms. Chan confirming the compromises reached by the parties stemming from the September 2 teleconference and providing proposals and clarifications requested by Samsung. A true and correct copy of that letter is attached hereto as Exhibit G.

10. Two days later, Samsung responded to my letter of September 7. A true and correct copy of Samsung's response letter of September 9, 2011 is attached hereto as Exhibit H.

11. In response to Samsung's positions, I sent on that same day an email to Ms. Victoria Maroulis, counsel for Samsung, to request an in-person meeting to address the parties' disagreements with respect to various discovery issues. My request was to meet in person in the offices of Samsung's counsel on Monday, September 12. That request was refused. On September 13, 2011, I again asked Samsung's counsel to meet with counsel for Apple at the former's offices, and again was refused.

12. On September 14, 2011, counsel for both parties participated in another teleconference to address several discovery related issues. I thereafter sent a letter addressed to Ms. Rachel Herrick Kassabian and Ms. Chan, counsel for Samsung, to memorialize the conversations had during that call. A true and correct copy of that letter is attached hereto as Exhibit I. In that letter, another request for an in-person meeting was presented. That request was also refused.

13. At approximately 10 p.m. on Wednesday, September 14, 2011, after the several requests to meet in person were either ignored or refused, I sent an email to Ms. Kassabian informing her that Apple would request the Court's assistance to intervene. Shortly thereafter, counsel for Samsung agreed to meet in person with Apple's counsel in the Palo Alto offices of Morrison & Foerster LLP on Friday, September 16.

14. Counsel for both parties met as scheduled on that Friday but were unable to resolve their disputes. For instance, Samsung had previously represented that it had produced "any responsive documents that might exist, after a reasonable search" in response to Apple's Request for Production No. 1. Samsung also confirmed during the meeting of September 16 that its objections purporting to exclude from its production documents relating to irrelevant "functionalities" and "geographies" were not a basis for Samsung to omit relevant design documents from the production. When Apple asked a series of questions about the scope of Samsung's document collection to clarify potential inconsistencies in those positions, however, Samsung would not or could not answer those questions. Further, when asked why its production to date was comprised of only about 13 percent of documents written in Korean, why there was not a single notebook or sketch from a Samsung designer, why there were only about 35 e-mails in the entirety of the production (none originating from Samsung designers), and why there were almost no documents regarding Apple products, Samsung had no explanation at all. Instead, Samsung protested that Apple was incorrectly "assuming such documents actually do exist." These and other issues were memorialized in a letter I sent to Ms. Chan on September 20, 2011. A true and correct copy of this letter is attached hereto as Exhibit J.

15. Also during the meeting of September 16, Samsung represented that it was still in the process of collecting documents, and it expected to produce more documents later that day as well as on Saturday, September 17. Samsung did make clear, however, that it would not produce any surveys or marketing documents that did not specifically mention one of the four Samsung products named in Apple's preliminary injunction motion, even if those surveys or documents mentioned or referred to any Apple products.

16. On the evening of September 19, 2011, at 9:44 p.m., Samsung served to Apple its first substantive response to Apple's Interrogatory No. 1. Attached hereto as Exhibit K is a true and correct copy of Samsung's Response and Objections to Apple's Interrogatories to Defendants Relating to Apple's Motion for a Preliminary Injunction (No. 1).

17. Attached hereto as Exhibit L is a true and correct copy of an article entitled "Samsung sees iPad 2's thinness, price as challenges." Upon information and good faith belief, this copy of this report was printed on September 19, 2011 from the website *Yonhap News Agency* at the following website address: http://english.yonhapnews.co.kr/techscience/2011/03/04/9/0601000000AEN20110304009300320F.HTML.

18. Attached hereto as Exhibit M is a true and correct copy of relevant excerpts of the transcript from the Videotaped Deposition of Michael J. Wagner, CPA, taken in this matter on Wednesday, September 14, 2011.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on September 20, 2011 in San Francisco, California.

By: /s/ Jason R. Bartlett
Jason R. Bartlett

DECLARATION OF JASON R. BARTLETT
CASE NO. 11-CV-01846-LHK
la-1141127                                                                                                        4