# Exhibit D

1  HAROLD J. MCELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
2  MICHAEL A. JACOBS (CA SBN 111664)
   mjacobs@mofo.com
3  RICHARD S.J. HUNG (CA SBN 197425)
   rhung@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California  94105-2482
   Telephone:  (415) 268-7000
6  Facsimile:  (415) 268-7522

7

8  Attorneys for Plaintiff
   APPLE INC.

9

10

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

WILLIAM F. LEE (*pro hac vice* anticipated)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

11

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                          SAN JOSE DIVISION

15  APPLE INC., a California corporation,

16                    Plaintiff,

17         v.

18  SAMSUNG ELECTRONICS CO., LTD., a
    Korean corporation; SAMSUNG
19  ELECTRONICS AMERICA, INC., a New
    York corporation; and SAMSUNG
20  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,

21                    Defendants.

22

Case No. 11-cv-01846-LHK

**APPLE INC.'S REQUESTS FOR
PRODUCTION OF DOCUMENTS
AND THINGS RELATING TO
APPLE'S MOTION FOR A
PRELIMINARY INJUNCTION – SET
TWO**

23

24

25

26

27

28

APPLE INC.'S RFPS RELATING TO APPLE'S MOTION FOR PI – SET TWO
CASE NO. 11-CV-01846-LHK
sf-3037687

1    APPLE INC. ("Apple") hereby requests, pursuant to Rules 26 and 34 of the Federal Rules

2    of Civil Procedure, that SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS

3    AMERICA, INC.; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,

4    ("Defendants") respond to Apple's Requests for Production of Documents Relating to Apple's

5    Motion for a Preliminary Injunction.  Apple requests that Defendants produce for inspection and

6    copying the documents and things set forth below at the offices of Morrison & Foerster, LLP, 425

7    Market St., San Francisco, CA 94105-2482 on or before September 12, 2011.

8                                     **DEFINITIONS**

9        The words and phrases used in these Requests shall have the meanings ascribed to them

10   under the Federal Rules of Civil Procedure and the Local Rules of the United States District

11   Court for the Northern District of California.  In addition, the following terms shall have the

12   meanings set forth below whenever used in any Request.

13       1.      "Samsung," "You" and/or "your" mean Defendants and all predecessors,

14   successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents,

15   and/or affiliates, past or present, any companies that have a controlling interest in Defendants,

16   and any current or former employee, officer, director, principal, agent, consultant, sales

17   representative, or attorney thereof.

18       2.      "Apple" means Apple Inc.

19       3.      "Products at Issue" means the Samsung Galaxy S 4G, Infuse 4G, Droid Charge,

20   and Galaxy Tab 10.1, as released anywhere in the world.

21       4.      "Hardware Design" means a device's casing, screen and screen borders, bezel or

22   band, buttons, ports, speaker, and speaker slots, and all hardware, insignia, or ornamentation

23   thereon.

24       5.      "Patents at Issue" means U.S. Design Patent Nos. D618,677, D593,087, and

25   D504,889, and U.S. Patent No. 7,469,381.

26       6.      "Opposition" means your Opposition to Apple's Motion for a Preliminary

27   Injunction and all supporting declarations and exhibits.

28       7.      "Document(s)" has the broadest possible meaning permitted by Federal Rules of

APPLE INC.'S RFPS RELATING TO APPLE'S MOTION FOR PI – SET TWO
CASE NO. 11-CV-01846-LHK
sf-3037687

1    Civil Procedure Rules 26 and 34 and the relevant case law.  "Document(s)" also includes all

2    drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

3         8.        "Relating" means regarding, referring to, concerning, mentioning, reflecting,

4    pertaining to, evidencing, involving, describing, discussing, commenting on, embodying,

5    responding to, supporting, contradicting, containing or constituting (in whole or in part), as the

6    context makes appropriate.

7         9.        The use of a verb in any tense shall be construed as the use of the verb in all other

8    tenses.

9         10.       The use of the singular form of any word includes the plural and vice versa.

10        11.       "And" and "or" shall be construed conjunctively and disjunctively to acquire the

11   broadest meaning possible.

12                          **INSTRUCTIONS**

13        1.        Each document is to be produced along with all non-identical drafts thereof in

14   their entirety, without abbreviation or redaction.

15        2.        All documents should be produced as maintained in the ordinary course of

16   business.

17        3.        If you withhold any documents on a claim of privilege, you must provide a

18   statement of the claim of privilege and all facts relied upon in support of that claim as required

19   by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

20        4.        Documents responsive to each Request must be produced in full and subject to

21   any Request being narrowed by the parties' meeting and conferring regarding your

22   corresponding requests to Plaintiff, if applicable.

23                    **REQUESTS FOR PRODUCTION OF DOCUMENTS**

24   **REQUEST NO. 156:**

25        Things you allege that are "rectangular-shaped phone[s] with rounded corners, a dominant

26   display screen with narrow borders, a horizontally oriented and centered rounded speaker slot,

27   and minimal or non-existent physical navigation buttons" that existed before January 2007 as

28   described in your Opposition.

APPLE INC.'S RFPs RELATING TO APPLE'S MOTION FOR PI – SET TWO
CASE NO. 11-CV-01846-LHK
sf-3037687

2

1    **REQUEST NO. 157:**

2        All Documents relating to the "rectangular-shaped phone[s] with rounded corners, a

3    dominant display screen with narrow borders, a horizontally oriented and centered rounded

4    speaker slot, and minimal or non-existent physical navigation buttons" that existed before January

5    2007, as described in your Opposition.

6    **REQUEST NO. 158:**

7        All Documents relating to the design, development, or implementation of the following

8    features of the Products at Issue: (1) their Hardware Design; (2) the functionality that allows for a

9    list to be scrolled beyond its terminus or a document to be translated beyond its edge until the list

10   or document is partially displayed; and (3) functionality that allows for a list that is scrolled

11   beyond its terminus to scroll back or bounce back into place or for a document that is translated

12   beyond its edge to translate back or bounce back so that the list or document returns to fill the

13   screen.

14   **REQUEST NO. 159:**

15       Documents sufficient to identify the individuals who contributed to the design,

16   development, or implementation of the following features of the Products at Issue:  (1) their

17   Hardware Design; (2) the functionality that allows for a list to be scrolled beyond its terminus or a

18   document to be translated beyond its edge until the list or document is partially displayed; and

19   (3) functionality that allows for a list that is scrolled beyond its terminus to scroll back or bounce

20   back into place or for a document that is translated beyond its edge to translate back or bounce

21   back so that the list or document returns to fill the screen.

22   **REQUEST NO. 160:**

23       Documents sufficient to identify the date of the first design of the following features of the

24   Products at Issue:  (1) their Hardware Design; (2) the functionality that allows for a list to be

25   scrolled beyond its terminus or a document to be translated beyond its edge until the list or

26   document is partially displayed; and (3) functionality that allows for a list that is scrolled beyond

27   its terminus to scroll back or bounce back into place or for a document that is translated beyond

28   its edge to translate back or bounce back so that the list or document returns to fill the screen.

1   **REQUEST NO. 161:**

2   All Documents and things relating to the design of the Hardware Design of the Products at

3   Issue, including for example, CAD images or files, emails, notebooks, photographs, sketches,

4   design specifications, models, mock-ups, and other design documents.

5   **REQUEST NO. 162:**

6   Documents sufficient to show alternative Hardware Designs considered by Samsung

7   during the development of the Products at Issue.

8   **REQUEST NO. 163:**

9   All Documents relating to functional and cost considerations that constrained or altered

10   the Hardware Design of the Products at Issue.

11   **REQUEST NO. 164:**

12   All Documents relating to aesthetic considerations relating to the Hardware Design of the

13   Products at Issue.

14   **REQUEST NO. 165:**

15   All Documents relating to the redesign of the Galaxy Tab 10.1 following Apple's

16   announcement of the iPad 2 on or about March 2, 2011.

17   **REQUEST NO. 166:**

18   All Documents to or from Lee Don-Joo relating to the redesign of the Galaxy Tab 10.1

19   following Apple's announcement of the iPad 2 on or about March 2, 2011.

20   **REQUEST NO. 167:**

21   All Documents to the design of the user interface for each of the Products at Issue.

22   **REQUEST NO. 168:**

23   All Documents relied on by Benjamin B. Bederson in his declaration submitted in support

24   of your Opposition.

25   **REQUEST NO. 169:**

26   All prior expert reports and declarations submitted by Benjamin B. Bederson in other

27   litigation involving mobile devices or user interfaces.

28   **REQUEST NO. 170:**

1       All trial and deposition transcripts from other litigation in which Benjamin B. Bederson

2  testified about mobile devices or user interfaces.

3  **REQUEST NO. 171:**

4       All Documents relied on by Roger Fidler in his declaration submitted in support of your

5  Opposition.

6  **REQUEST NO. 172:**

7       All Documents relating to Roger Fidler's assertion that "Apple personnel were exposed to

8  my tablet ideas and prototypes" in his declaration submitted in support of your Opposition.

9  **REQUEST NO. 173:**

10       All documents relating to Roger Fidler's assertion that he presented the 1990 Video

11  attached as Exhibit G to his declaration to "a group of executives at Knight-Ridder and to Alan

12  Kay [of Apple]" in the fall of 1990.

13  **REQUEST NO. 174:**

14       All documents relating to Roger Fidler's assertion that "[m]ore than 200 copies of the

15  1994 video [attached as Exhibit L to his declaration] were distributed to various newspaper

16  organizations and media outlets."

17  **REQUEST NO. 175:**

18       All documents relating to Roger Fidler's claim that starting in 1994, he provided to

19  Toshiba "specifications that they could use to create a working electronic tablet."

20  **REQUEST NO. 176:**

21       All non-disclosure agreements between Apple and Information Design Lab executed

22  before 1995.

23  **REQUEST NO. 177:**

24       All non-disclosure agreements executed between Roger Fidler and Toshiba in connection

25  with Mr. Fidler's alleged provision to Toshiba of "specifications that they could use to create a

26  working electronic tablet."

27  **REQUEST NO. 178:**

28       All prior expert reports and declarations submitted by Roger Fidler in other litigation

1    involving the "1981 Tablet," the "1990 Tablet," the "1994 Tablet," and the "1996 Toshiba

2    Tablet," as described in his declaration submitted in support of your Opposition.

3    **REQUEST NO. 179:**

4        All trial and deposition transcripts from other litigation in which Roger Fidler testified

5    about the "1981 Tablet," the "1990 Tablet," the "1994 Tablet," and the "1996 Toshiba Tablet," as

6    described in his declaration submitted in support of your Opposition.

7    **REQUEST NO. 180:**

8        All Documents relied on by Nicholas P. Godici in his declaration submitted in support of

9    your Opposition.

10   **REQUEST NO. 181:**

11       All prior expert reports and declarations submitted by Nicholas P. Godici in other

12   litigation involving patent prosecution.

13   **REQUEST NO. 182:**

14       All trial and deposition transcripts from other litigation in which Nicholas P. Godici was

15   an expert.

16   **REQUEST NO. 183:**

17       All Documents relied on by Andries Van Dam in his declaration submitted in support of

18   your Opposition.

19   **REQUEST NO. 184:**

20       All prior expert reports and declarations submitted by Andries Van Dam in other litigation

21   involving utility patents.

22   **REQUEST NO. 185:**

23       All trial and deposition transcripts from other litigation in which Andries Van Dam was an

24   expert.

25   **REQUEST NO. 186:**

26       All Documents relied on by Itay Sherman in his declaration submitted in support of your

27   Opposition.

28   **REQUEST NO. 187:**

1  All prior expert reports and declarations submitted by Itay Sherman in other litigation

2  involving design patents.

3  **REQUEST NO. 188:**

4  All trial and deposition transcripts from other litigation in which Itay Sherman was an

5  expert.

6  **REQUEST NO. 189:**

7  All Documents relied on by Michael J. Wagner in his declaration submitted in support of

8  your Opposition.

9  **REQUEST NO. 190:**

10  To the extent not attached as an exhibit, hard copies of all Documents cited by Michael J.

11  Wagner in his declaration submitted in support of your Opposition.  Documents responsive to this

12  Request include, but are not limited to, hard copies of all references cited in the footnotes of Mr.

13  Wagner's declaration.

14  **REQUEST NO. 191:**

15  All prior expert reports and declarations submitted by Michael J. Wagner in other

16  litigation involving damages.

17  **REQUEST NO. 192:**

18  All trial and deposition transcripts from other litigation in which Michael J. Wagner was

19  an expert.

20  **REQUEST NO. 193:**

21  All Documents relied on by Jeffrey Johnson in his declaration submitted in support of

22  your Opposition.

23  **REQUEST NO. 194:**

24  All prior expert reports and declarations submitted by Jeffrey Johnson in other litigation

25  involving utility patents.

26  **REQUEST NO. 195:**

27  All trial and deposition transcripts from other litigation in which Jeffrey Johnson was an

28  expert.

1    **REQUEST NO. 196:**

2         All native photographs of the Products at Issue, prior art, and Apple products taken in

3    support of your Opposition, regardless of whether the photographs were referenced, inserted, or

4    relied upon in your Opposition.

5    **REQUEST NO. 197:**

6         All Documents, including source code, relating to any art that Samsung alleges is relevant

7    to the validity of U.S. Patent No. 7,469,381, including LaunchTile and XNav.

8    **REQUEST NO. 198:**

9         All Documents relating to any instructions, manuals, guides, or other documentation for

10   LaunchTile and XNav.

11   **REQUEST NO. 199:**

12        A device that runs LaunchTile.

13   **REQUEST NO. 200:**

14        Source code for the Gallery, Contacts, and Browser applications on the Products at Issue.

15   **REQUEST NO. 201:**

16        Source code relating to features of the Products at Issue that Apple has alleged infringe

17   U.S. Patent No. 7,469,381.

18   **REQUEST NO. 202:**

19        Source code for any instructions relating to not illuminating part of the screens on the

20   Products at Issue while they are powered on.

21   **REQUEST NO. 203:**

22        Documents sufficient to show the operation and functionality of the AMOLED screens of

23   the Products at Issue.

24   **REQUEST NO. 204:**

25        All Documents relating to your analysis, review, consideration, or copying of, or

26   comparison against, any Apple product or product feature, including (1) their Hardware Design;

27   (2) the functionality that allows for a list to be scrolled beyond its terminus or a document to be

28   translated beyond its edge until the list or document is partially displayed; and (3) functionality

1   that allows for a list that is scrolled beyond its terminus to scroll back or bounce back into place

2   or for a document that is translated beyond its edge to translate back or bounce back so that the

3   list or document returns to fill the screen.

4   **REQUEST NO. 205:**

5   All Documents relating to any statements made by you regarding Apple and the Products

6   at Issue.

7   **REQUEST NO. 206:**

8   All Documents relating to any customer surveys, studies, analyses or investigations

9   regarding the Products at Issue.

10  **REQUEST NO. 207:**

11  All Documents identifying or analyzing the market or markets to which Samsung intends

12  to sell the Products at Issue.

13  **REQUEST NO. 208:**

14  All Documents created within the last five years relating to Samsung's actual or projected

15  smartphone market share.

16  **REQUEST NO. 209:**

17  All Documents created within the last five years relating to Samsung's actual or projected

18  tablet computer market share.

19  **REQUEST NO. 210:**

20  All Documents created between 2008 and the present relating to Samsung's expansion of

21  its U.S. market share for smartphones and tablet computers.

22  **REQUEST NO. 211:**

23  All Documents relating to the development of the Products at Issue that mention or refer

24  to Apple or Apple products, including communications among or with your personnel that discuss

25  whether or how to copy any design, feature, or function of an Apple product.  Documents

26  responsive to this Request include, but are not limited to, Documents related to the redesign of the

27  Products at Issue in light of Apple products.

28  **REQUEST NO. 212:**

APPLE INC.'S RFPS RELATING TO APPLE'S MOTION FOR PI – SET TWO
CASE NO. 11-CV-01846-LHK
sf-3037687

9

1    All physical samples of Apple products in your possession (excluding only samples, if any,

2    which may have been purchased exclusively for purposes related to this litigation by or at the

3    direction of counsel) together with all documents relating to when the samples were obtained, for

4    what purpose, and how you used them.

5    **REQUEST NO. 213:**

6    All Documents relating to your inspection of Apple products.  Documents responsive to

7    this Request include, but are not limited to, photographs of Apple products and tear-downs of

8    Apple products, notes and memoranda that you made relating to Apple products, and email

9    communications relating to any such inspection.

10   **REQUEST NO. 214:**

11   All Documents relating to marketing of any Products at Issue that discuss or refer directly

12   or indirectly to Apple or Apple products, including copies of all advertisements or other

13   promotional materials, marketing plans, market surveys, focus group studies, or other documents

14   related to testing of advertisements or advertisement messaging.  Documents responsive to this

15   Request include, but are not limited to, your "Hello" marketing campaign relating to the Galaxy S,

16   your "See Flash Run" marketing campaign for the Galaxy Tab, and your "Appelmos"

17   ("Applesauce") marketing campaign relating to the Galaxy S II.

18   **REQUEST NO. 215:**

19   All Documents relating to any instances of consumer confusion in which Samsung was

20   made aware that a person confused an Apple product for a Product at Issue, or a Product at Issue

21   for an Apple product.

22   **REQUEST NO. 216:**

23   All Documents relating to your decision to give away a free Galaxy Tab 10.1 with the

24   purchase of certain Samsung televisions at Best Buy stores.

25   **REQUEST NO. 217:**

26   All Documents relating to any promotions, actual or considered, related to any of the

27   Products at Issue.

28

APPLE INC.'S RFPS RELATING TO APPLE'S MOTION FOR PI – SET TWO
CASE NO. 11-CV-01846-LHK
sf-3037687

10

1

2

Dated: August 26, 2011                              MORRISON & FOERSTER LLP

3

4

By:   /s/ Richard S.J. Hung
      RICHARD S.J. HUNG

5

Attorneys for Defendant
APPLE INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE INC.'S RFPS RELATING TO APPLE'S MOTION FOR PI – SET TWO
CASE NO. 11-CV-01846-LHK
sf-3037687

11