Exhibit F

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OBJECTIONS TO APPLE'S INTERROGATORIES TO DEFENDANTS RELATING TO APPLE'S MOTION FOR A PRELIMINARY INJUNCTION - SETS ONE (NO. 1) AND TWO (NOS. 10-14)** |

1    Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Samsung
2  Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications
3  America, LLC, ("Samsung") submit the following objections to Plaintiff Apple Inc's ("Apple's")
4  Interrogatories to Defendants Relating to Apple's Motion for a Preliminary Injunction.
5    Samsung expressly incorporates the following General Objections as though set forth fully
6  in response to each of the following individual interrogatories and, to the extent that they are not
7  raised in any particular response, Samsung does not waive those objections.

## GENERAL OBJECTIONS

9    The following general objections apply to each and every interrogatory propounded by
10 Plaintiff, and are incorporated into each of the following responses by reference as if set forth fully
11 therein:

12    1.    Samsung objects to the "Definitions" and "Instructions" contained in Apple's
13 Second Set of Interrogatories to the extent they are inconsistent with the Federal Rules of Civil
14 Procedure.

15    2.    Samsung objects to Apple's Definition of "Samsung," "You," "Your," and
16 "Defendants" as overly broad to the extent it requires Samsung to pursue information from
17 individuals no longer employed by Samsung whose data is not currently in the possession of
18 Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and
19 "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates,"
20 and also to the extent that it requires Samsung to potentially seek information from thousands of
21 people.  Samsung will respond to interrogatories based on a reasonable inquiry of individuals
22 expected to possess the requested information.

23    3.    Samsung objects to Apple's definition of "Products at Issue" as overly broad and
24 neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, insofar
25 as it seeks information about these products "as released anywhere in the world."

26    4.    Samsung objects to Apple's definition of "Hardware Design" as overly broad,
27 vague, and ambiguous insofar as it includes "all hardware, insignia or ornamentation thereon."

28    5.    Samsung objects to these interrogatories as vague and ambiguous to the extent

they include terms that are undefined.  Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

6. Samsung objects generally to each interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.  Samsung will exchange with Apple a log of withheld documents at a time agreed to by counsel for the parties.  Samsung objects generally to the logging of privileged documents that were created on or after the date of filing of the original Complaint (on April 15, 2011). Samsung will not log privileged documents that were created on or after April 15, 2011.

7. Samsung objects generally to the interrogatories to the extent they seek information from outside a reasonable time period or from a point other than a reasonable time, or seek information about products outside the United States.

8. Samsung objects to these interrogatories to the extent they seek to compel Samsung to generate or create information and/or documents that do not already exist.

9. Samsung objects generally to the interrogatories to the extent that they prematurely call for contentions, identification of prior art, or identification of witnesses at this stage of the litigation.

10. Samsung objects to each interrogatory to the extent it is duplicative or cumulative of another interrogatory.

11. Samsung objects to each interrogatory to the extent it is compound and comprises discrete subparts resulting in separate interrogatories.

12. Samsung expressly reserves the right to respond to any or all of the interrogatories by specifying documents wherein the responsive information may be ascertained pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

13. Samsung objects generally to the interrogatories to the extent they seek

confidential proprietary or trade secret information of third parties. Samsung will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information and/or documents.

14. Samsung objects generally to the interrogatories on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

15. Samsung objects to the interrogatories on the ground that they are overly broad, unduly burdensome and oppressive to the extent they purport to require Samsung to search its facilities and inquire of their employees other than those facilities and employees that would reasonably be expected to have responsive information. Samsung's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Samsung's employees and/or representatives who could reasonably be expected to possess responsive information.

16. Samsung objects to the interrogatories on the grounds that they seek information already in the possession of Apple, publicly available, or as readily available to Apple as it is to Samsung.

17. Samsung objects to the interrogatories on the grounds and to the extent that they seek legal conclusions or call for expert testimony. Samsung's responses should not be construed to provide legal conclusions.

18. Samsung further objects to interrogatories Nos. 10-14 as improperly delayed. Apple has known about the Court's discovery schedule relating to Apple's motion for a preliminary injunction since July 18, 2011. While Apple had the opportunity to serve these interrogatories at an earlier time, it waited until the last possible date under the Court's Order to serve these discovery requests, along with over 60 additional document requests. These interrogatories seek information that Apple could have requested at a much earlier date. None of these interrogatories are dependent on any arguments raised in Samsung's Opposition to Apple's preliminary injunction. Therefore, Samsung objects to Apple's bad faith in delaying service of these requests.

1   Subject to and without waiving the foregoing General Objections, Samsung objects as
2   follows:

### SPECIFIC OBJECTIONS

**INTERROGATORY NO. 1:**

For each of the Products at Issue, describe any analysis, review, consideration, or copying of, or comparison against, any Apple product or product feature in designing or developing, or implementing a feature on, the Product at Issue, and identify all documents and things relating to your response, and any persons with knowledge regarding your response.

**OBJECTION TO INTERROGATORY NO. 1:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Interrogatory as overbroad in that it is not reasonably limited as to the scope of documents and things it seeks.  Samsung further objects to the Interrogatory as overbroad in that it is not reasonably limited to the features of the Products at Issue that Apple has alleged of infringement in its preliminary injunction motion.  Samsung further objects to the Interrogatory as oppressive and harassing inasmuch as it implies Samsung engaged in copying and other such activity.

**INTERROGATORY NO. 10:**

Describe the circumstances surrounding the development and/or design of the Hardware Design of the Products at Issue, including dates of conception of the design of the Hardware Design, the persons who were involved, and the tools or software used to create or model the design of the Hardware Design.

**OBJECTION TO INTERROGATORY NO. 10:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this interrogatory on the grounds that it is vague and ambiguous with regard to the terms "Hardware Design."  Samsung further objects to this interrogatory to the extent that it

1  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney
2  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other
3  applicable privilege or immunity.  Samsung further objects to the Interrogatory as overbroad in
4  that it is not reasonably limited to the features of the Products at Issue that Apple has alleged of
5  infringement in its preliminary injunction motion.  Samsung further objects to this discovery
6  because Apple has delayed serving this interrogatory, despite Apple's earlier knowledge of the
7  issues raised in the interrogatory and despite the fact that Apple has known about the Court's
8  Order governing discovery relating to Apple's motion for a preliminary injunction since July 18,
9  2011.

**INTERROGATORY NO. 11:**

Describe the circumstances surrounding the development and/or design of features in the Products at Issue relating to: (1) the functionality that allows for a list to be scrolled beyond its terminus or a document to be translated beyond its edge until the list or document is partially displayed and (2) functionality that allows for a list that is scrolled beyond its terminus to scroll back or bounce back into place or for a document that is translated beyond its edge to translate back or bounce back so that the list or document returns to fill the screen, including dates of conception of the design of the functionalities and the persons who were involved.

**OBJECTION TO INTERROGATORY NO. 11:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this interrogatory on the grounds that it is vague and ambiguous with regard to the terms "scrolled beyond its terminus" or "translated beyond its edge."  Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to this discovery because Apple has delayed serving this interrogatory, despite Apple's earlier knowledge of the issues raised in the interrogatory and despite the fact that Apple has known about the Court's Order governing discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

1  **INTERROGATORY NO. 12:**

2  Identify the date(s) on which Samsung first became aware of each of the Patents in Suit,

3  the persons at Samsung who first became aware of the aforementioned patents, and the

4  circumstances surrounding those individuals' awareness of the aforementioned patents.

5  **OBJECTION TO INTERROGATORY NO. 12:**

6  In addition to its General Objections above, which it hereby incorporates by reference,

7  Samsung objects to this interrogatory, to the extent that it is neither relevant nor reasonably

8  calculated to lead to the discovery of admissible evidence relating to Apple's motion for a

9  preliminary injunction.  Samsung further objects to this interrogatory to the extent that it seeks to

10 elicit information subject to and protected by the attorney-client privilege, the attorney work-

11 product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

12 applicable privilege or immunity.  Samsung further objects to this discovery because Apple has

13 delayed serving this interrogatory, despite Apple's earlier knowledge of the issues raised in the

14 interrogatory and despite the fact that Apple has known about the Court's Order governing

15 discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

16 **INTERROGATORY NO. 13:**

17 Identify and describe any surveys, focus groups, or market research relating to actual or

18 prospective smartphone or tablet computer customers.

19 **OBJECTION TO INTERROGATORY NO. 13:**

20 In addition to its General Objections above, which it hereby incorporates by reference,

21 Samsung objects to this interrogatory on the grounds that it is vague and ambiguous, and

22 overbroad to the extent that it seeks information beyond the Products at Issue in the United States,

23 that are the subject of Apple's motion for a preliminary injunction.  Samsung objects to this

24 interrogatory to the extent that it seeks to elicit information subject to and protected by the

25 attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

26 common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further

27 objects to this discovery because Apple has delayed serving this interrogatory, despite Apple's

28 earlier knowledge of the issues raised in the interrogatory and despite the fact that Apple has

1  known about the Court's Order governing discovery relating to Apple's motion for a preliminary
2  injunction since July 18, 2011.

3  **INTERROGATORY NO. 14:**

4  Describe any instances of consumer confusion in which Samsung was made aware that a
5  person confused an Apple product for a Product at Issue, or a Product at Issue for an Apple
6  product.

7  **OBJECTION TO INTERROGATORY NO. 14:**

8  In addition to its General Objections above, which it hereby incorporates by reference,
9  Samsung objects to this interrogatory to the extent that it seeks to elicit information subject to and
10 protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense
11 privilege, the common interest doctrine, and/or any other applicable privilege or immunity.
12 Samsung further objects to the Interrogatory as overbroad in that it is not reasonably limited to the
13 features of the Products at Issue that Apple has alleged of infringement in its preliminary
14 injunction motion.  Samsung further objects to this discovery because Apple has delayed serving
15 this interrogatory, despite Apple's earlier knowledge of the issues raised in the interrogatory and
16 despite the fact that Apple has known about the Court's Order governing discovery relating to
17 Apple's motion for a preliminary injunction since July 18, 2011.

19 DATED: August 31, 2011                    Respectfully submitted,

20                                            QUINN EMANUEL URQUHART &
21                                            SULLIVAN, LLP

23                                            By  */s/ Victoria Maroulis*
                                                  Charles K. Verhoeven
24                                                Kevin P.B. Johnson
                                                  Victoria F. Maroulis
25                                                Michael T. Zeller
26                                                Attorneys for SAMSUNG ELECTRONICS CO.,
                                                  LTD., SAMSUNG ELECTRONICS AMERICA,
27                                                INC. and SAMSUNG
                                                  TELECOMMUNICATIONS AMERICA, LLC
28

# CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2011, I caused **SAMSUNG'S OBJECTIONS TO APPLE'S INTERROGATORIES TO DEFENDANTS RELATING TO APPLE'S MOTION FOR A PRELIMINARY INJUNCTION - SETS ONE AND TWO** to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

HAROLD J. MCELHINNY
hmcelhinny@mofo.com
MICHAEL A. JACOBS
mjacobs@mofo.com
JENNIFER LEE TAYLOR
jtaylor@mofo.com
ALISON M. TUCHER
atucher@mofo.com
RICHARD S.J. HUNG
rhung@mofo.com
JASON R. BARTLETT
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

I declare under penalty of perjury that the foregoing is true and correct. Executed in Redwood Shores, California on August 31, 2011.

_____/s/ Melissa N. Chan_____