Exhibit G

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG


September 7, 2011

Writer's Direct Contact
415.268.6615
JasonBartlett@mofo.com


<u>Via Email</u>

Melissa Chan, Esq.
Quinn Emanuel
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California  94065

Re:    *Apple v. Samsung*, Case No. 11-cv-1846-LHK (N.D. Cal.)

Dear Melissa:

    I write to summarize and confirm our discussion Friday afternoon pertaining to Samsung's objections and responses to Apple's preliminary injunction-related discovery. Unless a different date is specifically requested below, please address each of the following no later than the close of business on Friday, September 9.

**INTERROGATORIES**

    <u>"Delay" objection</u>: Samsung has objected to a number of Apple's interrogatories on the basis that "Apple has delayed serving this interrogatory, despite Apple's earlier knowledge of the issues raised in the interrogatory and despite the fact that Apple has known about the Court's Order governing discovery relating to Apple's motion for a preliminary injunction since July 18, 2011." Because Apple complied with the deadline set by the Court for propounding discovery, it is unclear what basis Samsung has for making this objection. Nevertheless, because you represented that Samsung does not intend to stand on this objection, I understand that it will not impact the substance of Samsung's responses.

    <u>Timing</u>: we also discussed the timing of Samsung's forthcoming responses, and I appreciate your willingness to provide responses to interrogatories relevant to scheduled depositions in advance of those depositions.

**REQUESTS FOR PRODUCTION**

    <u>Responses noting that Samsung will meet and confer</u>: based on our discussion, I understand that Samsung is in the process of collecting and producing documents based on its understanding of the requests, even where the response for the request specifically notes

sf-3041832

MORRISON | FOERSTER

Melissa Chan, Esq.
September 7, 2011
Page Two

"Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request." You clarified that this response does not mean that Samsung is waiting to meet and confer on those requests prior to taking action on them. You also confirmed that Samsung understands all of Apple's requests for production sufficiently well to begin searching for and producing documents responsive to each of them.

   Experts: as was the case for Samsung's requests pertaining to Apple's experts, Apple has requested the production of expert reports, declarations, and deposition and trial transcripts from Samsung's experts. Apple is amenable to a reasonable narrowing of its original request, and I understand that you will be providing us with a proposal for limiting the scope of this production. Please let us know by noon tomorrow how Samsung would like to proceed, and if there are any such documents that will need to be produced prior to the deposition scheduled for September 9, 2011.

   Percipient witnesses: because this subject intersects with the discussion of expert witnesses, please let us know Samsung's proposal for narrowing the production of expert reports, declarations, and deposition and trial transcripts from Messrs. Fidler and Bederson by 5:00 p.m. on September 9, 2011.

   Documents relied on by declarants: I understand that Samsung will be producing all of the materials relied on by its declarants, and that these materials will be produced sufficiently far in advance of the respective declarants' depositions to allow for reasonable preparation.

   Documents related to RFP 166: as we discussed, Mr. Lee made a number of widely-reported comments about the redesign of the Galaxy Tab 10.1 following the announcement of the iPad 2 on or about March 2, 2011. Because this request pertains to a single custodian and is focused on the timeframe beginning in March 2011, it is already limited in scope. Because Mr. Lee's documents are presumably primarily in Korean, it is difficult for Apple to provide search terms without additional information. At a minimum, a reasonable search in this instance would include terms such as "Apple", "A-company", "iPad", and related terminology in both Korean and English.

   LaunchTile executable: we have been unable to run the LaunchTile executable that you provided to us. As discussed, please check that a complete, executable version of the program is in your possession, and send us a copy.

   Source code: I understand that you will let us know if Samsung intends to make source code (e.g., RFPs 197, 201) available for inspection, and will provide us with additional information in advance of the depositions of Messrs. Bederson, van Dam, and Johnson.

sf-3041832

**MORRISON | FOERSTER**

Melissa Chan, Esq.
September 7, 2011
Page Three

      Marketing/market research/market studies/market analysis/surveys: I understand that Samsung intends to produce documents responsive to requests that ask for these types of documents, and will let us know of any restrictions applied in terms of collection and production. You also agreed to let us know whether Samsung is a subscriber to the Gartner and IDC reporting services.

      Best Buy (RFP 216): based on our discussion, I understand that you will investigate documents that Samsung has that may be responsive to this request, and then let us know what Samsung intends to produce.

### KHAN SUBPOENA

      You explained that Samsung would investigate whether Mr. Khan has any documents responsive to Apple's subpoena, and that Mr. Khan's objections should not be construed as a refusal to produce any documents. Please confirm that Samsung will produce responsive documents on the date noticed in the subpoena.

### 30(B)(6) NOTICE

      Based on our discussion, I understand that Samsung's designee will be prepared to testify on all of Apple's propounded topics. The following are issues which I understand were clarified Friday.

      iPod touch: Samsung's designee will be prepared to testify on the iPod touch product line in addition to the iPhone and iPad product lines mentioned in topics 1 and 9, and contemplated by topic 18.

      Marketing: Samsung's designee will be prepared to testify on topics related to the marketing of Samsung's accused products, such as information about advertising, the markets in which Samsung's accused products are sold, and promotion of Samsung's accused products.

      Accused functionality: Samsung's designee will be prepared to testify on the functionalities in Samsung's products that have been accused of infringing the '381 patent.

      Considerations in design: Samsung's designee will be prepared to testify on decisions relating to aesthetics, functionality, and cost that were made by Samsung in developing the accused Samsung products. You agreed to let us know if Samsung requires any further clarification of the term "cost."

      Development of products not sold in the United States: you agreed to provide clarification on your objection that Samsung would not provide testimony on the

# MORRISON | FOERSTER

Melissa Chan, Esq.
September 7, 2011
Page Four

development of products that were not sold within the United States. To be clear, Apple considers products that were developed outside the United States to be responsive to its deposition notice, even if the products were renamed, rebranded, or modified as part of a localization process for the U.S. market. You agreed to let us know if Samsung intends to provide testimony that is less than the full design history of the accused Samsung products.

    <u>Alternatives considered by product developers</u>: Samsung's designee will be prepared to testify on alternative designs and user interfaces considered during the development of Samsung's accused products. Again, Apple considers products that were developed outside the United States to be responsive to its deposition notice, even if the products were renamed, rebranded, or modified as part of a localization process for the U.S. market.

    <u>Knowledge of patents</u>: Samsung's designee will be prepared to testify on Samsung's knowledge of the patents at issue in Apple's preliminary injunction motion. Apple is willing to limit the scope of topic 10 to Samsung employees involved with the development of the accused products, as well as Samsung employees in any division or group that researches or monitors competitors' technology or intellectual property rights.

    <u>Customer surveys</u>: Samsung's designee will be prepared to testify on customer surveys that relate to issues such as design and functionality, but not on surveys on subjects such as sound quality.

    <u>Consumer confusion</u>: Samsung's designee will be prepared to testify on instances of consumer confusion as they relate to Samsung's accused products and Apple's iPod touch, iPhone, and iPad lines of products.

    We look forward to receiving the proposals described above and are available to discuss anything that does not comport with your understanding of what was discussed during Friday's meet and confer.

Sincerely,


Jason R. Bartlett

sf-3041832