# Exhibit I

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

September 14, 2011

Writer's Direct Contact
415.268.6615
JasonBartlett@mofo.com

Via Email

Rachel Herrick Kassabian, Esq.
Melissa Chan, Esq.
Quinn Emanuel
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065

Re:   *Apple v. Samsung*, Case No. 11-cv-1846-LHK (N.D. Cal.)

Dear Rachel and Melissa:

      I write to summarize and confirm our discussion today pertaining to Samsung's objections and responses to Apple's preliminary injunction-related discovery. As we discussed, time is of the essence to confirm the scope of Samsung's discovery responses and document production. Apple's reply to the preliminary injunction motion is due in two weeks, and the deposition of Samsung relating to that motion starts in five business days. As such, you represented that Samsung would provide us with its answers on the open questions below within twenty-four hours of our call (which means by Thursday, September 15 at noon).

      We have asked several times for an in-person meeting. Apple asked on Friday to meet at your office on Monday. When Samsung refused, Apple asked to meet at your office today. When Samsung refused to do that, Apple asked for a meeting tomorrow. Samsung has refused to agree even to hold time open on its calendar for an in-person meeting in the event that one is necessary. Again, please provide a time when Samsung would be available to meet tomorrow afternoon. If the parties are unable to find a mutually convenient time and location to meet, then Apple considers that it has satisfied its obligation to attempt to meet and confer with Samsung in-person in good faith.

**INTERROGATORY NO. 1**

      To date, Samsung has provided no substantive response to Apple's interrogatory number one, served *over two months ago* on July 6. The interrogatory requests, for each of the Products at Issue, a description of "any analysis, review, consideration, or copying of, or comparison against, any Apple product or product feature in designing or developing, or

sf-3045517

MORRISON | FOERSTER

Melissa Chan, Esq.
September 14, 2011
Page Two

implementing a feature on, the Product at Issue, and identify all documents and things relating to your response, and any persons with knowledge regarding your response." On our call, Samsung represented it was in the process of supplementing its response, and hoped to provide an answer by Friday, September 16. Samsung refused, however, to provide any firm commitment as to when and how it would respond. Samsung was also unsure of the scope of its response. Samsung would not confirm, for example, whether the response would identify the names of persons with knowledge regarding Samsung's response.

As we explained, it is essential that Apple have a substantive response to this interrogatory well in advance of Samsung's 30(b)(6) deposition, which is currently scheduled for five business days from today's date.

Please provide by tomorrow at noon: 1) the date and time when Samsung will answer Apple's Interrogatory No. 1 (in any event, no later than the close of business Friday, September 16); 2) a general description of the content that Samsung plans to provide in its supplement; and 3) whether or not the supplement will identify the names of the various people involved with the development and design of the products at issue.

## REQUESTS FOR PRODUCTION

Request for Production No. 1: Apple has reviewed Samsung's production thus far, and is concerned about how few documents there are with respect to development and design of the products at issue in the preliminary injunction motion. Moreover, it appears from Samsung's limited production that an adequate search was not conducted with respect to documents relating to the analysis, review, consideration, or copying of, or comparison against, any Apple product during the development and design phase of Samsung products. In particular, there appears to be almost no documents produced that were created or authored by Samsung Design Group. Finally, Apple noted that Samsung has produced relatively few documents written in Korean, which is highly surprising for a company headquartered there. We estimate that approximately 10% of the documents produced to date are written in Korean.

While representing that Samsung had searched for and produced documents responsive to request number 1, there were several specific questions that Samsung was not prepare to answer, and others that Samsung needed to confirm.

As we discussed, Samsung has agreed to provide the following information no later than tomorrow at noon:

> 1) what search was conducted for design, development, copying and comparison documents;

sf-3045517

MORRISON | FOERSTER

Melissa Chan, Esq.
September 14, 2011
Page Three

>2) what search was conducted for presentation materials (*e.g.* PowerPoints) related to design, development, copying and comparison;
>
>3) the scope of Samsung's CAD production and whether any relevant CAD design documents were withheld;
>
>4) what search was conducted of designers' notes, notebooks, sketches and hardcopy documents;
>
>5) what search was conducted with respect to Korean language documents and Samsung's Korean facilities; and
>
>6) what search was conducted for emails from Samsung's designers.

Apple also requested that Samsung state whether its search was limited such that it would not include documents relating to the Galaxy S to the extent that product model was part of the development or design history of the Galaxy S 4G (which is at issue in the preliminary injunction motion). Of course, documents reflecting copying of Apple designs in the Galaxy S model that were subsequently incorporated into the S 4G model would go to the heart of the issues involved in the preliminary injunction motion. Samsung itself acknowledged that such subject matter would be fair game in its 30(b)(6) deposition, and that it would be a "mockery" to limit design and development to only the products at issue in the injunction.

If you contend that Samsung has searched for and produced all relevant documents with respect to the categories above, please confirm that in your response and include representative bates numbers.

Apple further requested that Samsung identify the design custodians whose files were searched. Samsung specifically agreed to check and confirm whether Samsung collected the above categories of documents from each of the following individuals listed on Samsung's initial disclosures as having information relevant to the design and development of the products at issue in the preliminary injunction motion:

>1) Minhyouk Lee
>2) Yunjung Lee
>3) Jin Soo Kim
>4) Hyoung Shin Park

Please let us know.

sf-3045517

MORRISON | FOERSTER

Melissa Chan, Esq.
September 14, 2011
Page Four

      Request for Production No. 166: This request seeks "[a]ll Documents to or from Lee Don-Joo relating to the redesign of the Galaxy Tab 10.1 following Apple's announcement of the iPad 2 on or about March 2, 2011," which goes directly to Samsung's copying of the iPad 2 design and hence is highly relevant to the injunction motion. Notwithstanding the relevance of these documents, Apple noted that it appears that Mr. Lee's files have not yet been searched. Apple has been unable to locate a single email written by Mr. Lee in Samsung's production. Moreover, as this request pertains to a single custodian and is narrowly focused on the timeframe beginning in March 2011, it is difficult to understand why Samsung has not already produced such documents.

      Please confirm what search, if any, of Mr. Lee's files has been conducted, and when Samsung plans to supplement its production with respect to this request.

      Request for Production Nos. 4-7, 206-210, 214, 215, and 217: These requests seek documents relating to marketing, market research, market studies and analysis, and consumer surveys. With respect to requests 4 through 7, Samsung represented that it had searched for and produced relevant marketing documents (subject to its objections), and specifically did not limit its collection to just Gartner and IDC reports. With respect to requests 206-210, 214, 215, and 217, however, which primarily relate to consumer surveys, Samsung asserted that the topics were overbroad and irrelevant. Samsung refused to confirm that it had conducted *any* searches of *any* scope in response to these topics. Instead, Samsung represented only that there are "some" market research documents and consumer surveys in its production, but that it had not produced "all" such documents.

      As a preliminary matter, this does not comport with Samsung's representations from the parties' last call on September 2. As recorded in my September 7 letter, Samsung represented that it "intends to produce documents responsive to requests that ask for these types of documents, and will let us know of any restrictions applied in terms of collection and production." The letter also records that Samsung represented that, as to any request where Samsung responded that it was "willing to meet and confer with Apple about the relevance and scope,"

> this response does not mean that Samsung is waiting to meet and confer on those requests prior to taking action on them. You also confirmed that Samsung understands all of Apple's requests for production sufficiently well to begin searching for and producing documents responsive to each of them.

Notwithstanding the above, Samsung today refused to say *anything* about the scope of its response to the above requests other than that it had produced "something" and had not produced "everything." In Samsung's response tomorrow, please confirm the scope of

sf-3045517

MORRISON | FOERSTER

Melissa Chan, Esq.
September 14, 2011
Page Five


Samsung's production of marketing studies and consumer surveys. If Samsung intends to supplement its production, please state what Samsung intends to produce, and when.

Samsung asked why Apple's request for surveys and market studies are relevant to this case. I was unable to respond to your question before you had to go to an interview at 11:10 a.m. Consumer surveys are relevant to irreparable harm, potential market share that Samsung has taken from Apple due to its copying, and other issues. Indeed, Samsung itself has relied on an Apple consumer survey heavily in its opposition to the preliminary injunction motion. When we last discussed this issue on September 9, Samsung responded that the difference was that Apple bears the burden of proof on the motion. Respectfully, Apple disagrees that the burden of proof is relevant to the duty to produce documents in discovery, at least in this instance.

## RULE 30(B)(6) DEPOSITION

In Ms. Chan's letter dated September 8, 2011, Samsung represented that:

Any topics or questions will be limited to the accused functionalities of the Samsung Galaxy S 4G, the Infuse 4G, the Droid Charge (only relating to the feature that allows for an electronic document that is scrolled beyond the edge to scroll back or bounce back into place), and the Galaxy Tab 10.1. Moreover, any topics or questions will be limited to these accused functionalities in the above products as released in the United States. Samsung's designee will not testify about any other unaccused functionalities or other Samsung products, whether made or developed inside or outside the United States.

Apple requested clarification of Samsung's position, and wanted to make sure that unreasonable limitations would not be placed on either the preparation or the questioning of the witness with respect to the full design history of the products at issue in the preliminary injunction motion. For example, Apple explained that the witness should be prepared to discuss aspects of the design history of the Galaxy S phone to the extent that was part of the design or development of the Galaxy S 4G.

Samsung responded that, to the extent prior products were part of the design or development of the products at issue in the injunction motion, Samsung's witness will be prepared to answer such questions and counsel would not "cut such questioning off." Samsung's further stated that it would make a "mockery of the deposition to place such limits" on the testimony and that was not Samsung's intent in its letter dated September 8. Apple plans to conduct the 30(b)(6) deposition next week accordingly. Please let me know in your response tomorrow if I have misunderstood Samsung's position.

sf-3045517

MORRISON | FOERSTER

Melissa Chan, Esq.
September 14, 2011
Page Six

  Please also let us know the name(s) of the representative(s) that Samsung plans to present and whether a Korean translator will be needed for deposition(s).

  Finally, I want to reiterate the point addressed in our letter to Judge Grewal dated September 12, 2011.  Apple does not understand how a single witness could cover the diverse subject matter of its 30(b)(6) notice.  Even giving Samsung the benefit of the doubt that its witness will be fully prepared next week, seven hours is obviously not going to be enough.  Apple believes it will need at least three days of time to adequately question the witness on the wide range of topics presented.

  We look forward to receiving your responses no later than noon tomorrow.  As always, we are available to discuss any proposed solution or anything that does not comport with your understanding of what was discussed.


Sincerely,


Jason R. Bartlett


sf-3045517