HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>           Plaintiff,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>           Defendants. | Civil Action No. 11-CV-01846-LHK<br><br>**APPLE INC.'S UNOPPOSED MOTION FOR LEAVE TO AMEND ITS ANSWER, DEFENSES, AND  COUNTERCLAIMS IN REPLY TO SAMSUNG'S COUNTERCLAIMS**<br><br>Hearing:   TBD<br>Time:        TBD |

PLAINTIFF AND COUNTERCLAIM DEFENDANT APPLE INC.'S UNOPPOSED MOTION FOR LEAVE TO AMEND ITS ANSWER, DEFENSES, AND COUNTERCLAIMS IN REPLY TO SAMSUNG'S COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

1

| | |
|---|---|
| 1 | |
| 2 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, a California corporation, |

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, a California corporation,

   Counterclaim-Plaintiffs,

      v.

APPLE INC., a California corporation,

   Counterclaim-Defendant.

# INTRODUCTION

On October 18, 2011, the Court entered an Order dismissing certain of Apple's counterclaims with leave to amend "to cure the deficiencies indentified" in the Order.[1]  Pursuant to Federal Rule of Civil Procedure 15(a), Apple moves for leave to Amend its Answer, Defenses, and Counterclaims in Reply to Samsung's Counterclaims (the "Amended Counterclaims in Reply") to the extent allegations in the proposed Amended Counterclaims in Reply exceed the scope of the leave to amend specified in the Court's October 18 Order.[2]  The proposed Amended Counterclaims in Reply include allegations that reflect recently-obtained information and events that have occurred since Apple filed its initial counterclaims.

Apple is moving to amend well before the deadline of November 14, 2011, for amendments to pleadings in the Case Management Order and before Samsung has even answered.  Samsung cannot show any prejudice from allegations that go beyond the scope of the

---

[1] *See* Court's October 18, 2011 Order Granting in Part, and Denying in Part, Motion to Dismiss and Strike at 15.

[2] A copy of Apple's proposed Amended Counterclaims in Reply is attached hereto as Exhibit 1.  On October 27, 2011, Apple provided Samsung a copy of its proposed Amended Counterclaims in Reply and requested Samsung's consent.  Samsung indicated on October 28, 2011 that it has no objection.

2

PLAINTIFF AND COUNTERCLAIM DEFENDANT APPLE INC.'S UNOPPOSED MOTION FOR LEAVE TO AMEND ITS ANSWER, DEFENSES, AND COUNTERCLAIMS IN REPLY TO SAMSUNG'S COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

leave the Court has specified, or any other basis to deny leave to amend under Rule 15(a).  The Court should grant Apple's motion for leave to amend.

## PROCEDURAL BACKGROUND

On April 15, 2011, Apple sued Samsung for patent, trademark, and trade dress infringement.  On April 27, Samsung separately brought suit against Apple for alleged infringement of certain of its patents, including patents that Samsung has declared essential to the Universal Mobil Telecommunications Standard ("UMTS").  On July 1, Samsung voluntarily dismissed its complaint, recasting its patent claims as counterclaims to Apple's complaint.  On July 21, Apple filed its Answer, Defenses, and Counterclaims in Reply to Samsung's Counterclaims ("Counterclaims in Reply").

On August 15, 2011, Samsung moved to dismiss certain of Apple's Counterclaims in Reply.  On October 14, 2011, Apple notified the Court and Samsung that Apple intended to file amended counterclaims, and provided Samsung with a copy of the proposed amended pleading on October 18.  Later that day, the Court entered an Order granting in part, and denying in part, Samsung's motion to dismiss, and granting Apple leave to amend "to cure the deficiencies indentified" in the Order.

## APPLE'S PROPOSED AMENDMENTS

Apple's proposed Amended Counterclaims in Reply not only address the Court's October 18 Order, but also add new allegations based on recently-obtained information and events occurring since Apple filed its initial counterclaims including, among other things: (1) Samsung's license agreement with Intel Corporation ("Intel") and Qualcomm, Inc. ("Qualcomm") – suppliers to Apple of allegedly infringing chipsets that are incorporated into Apple's end products, which preclude Samsung from asserting the patents in suit against Apple.

3

PLAINTIFF AND COUNTERCLAIM DEFENDANT APPLE INC.'S UNOPPOSED MOTION FOR LEAVE TO AMEND ITS ANSWER, DEFENSES, AND COUNTERCLAIMS IN REPLY TO SAMSUNG'S COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

(*see e.g.*, Amended CR ¶¶ 20-22, 209, Exhibit 1).  Apple received the Samsung-Intel agreement on September 15, 2011, and the Samsung-Qualcomm agreement on October 18, 2011, after Apple had been requesting the agreements for over four and five months respectively through formal discovery and other approaches.  (2) Samsung's offer of a license to its declared-essential patents on terms that are manifestly not fair, reasonable, and non-discriminatory ("FRAND"), which did not occur until several months after Apple filed its current Counterclaims in Reply (*see e.g.*, Amended CR ¶77, Exhibit 1).  (3) A recent decision of The District Court of The Hague in the Netherlands holding that Samsung's attempt to enjoin Apple's sales of its products based on declared essential patents was manifestly inappropriate given that Samsung had failed to offer FRAND license terms to Apple (*see* Amended CR ¶¶ 49, 78, Exhibit 1).  (4) The European Commission's recent decision to open an investigation into whether Samsung's conduct with respect to its patents declared essential to the UMTS telecommunications standard violates the EU competition laws (*see* Amended CR ¶ 4, Exhibit 1).

Finally, Apple has added allegations to its "Authority to Practice and/or Unenforceability" defense based largely on the recently-obtained information relating to Samsung's license agreements with chipset suppliers.  (*see* Amended CR at pp. 25-26, Exhibit 1).

## ARGUMENT

**I.      The Court Should Grant Apple Leave to Amend**

A party may amend its pleadings with leave of the court, which should be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  Rule 15(a) reflects a "strong policy permitting amendment."  *SAP Aktiencesellschaft v. I2 Tech., Inc.*, 250 F.R.D. 472, 473 (N.D. Cal 2008) (granting motion to amend), (quoting *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)).   The

4

PLAINTIFF AND COUNTERCLAIM DEFENDANT APPLE INC.'S UNOPPOSED MOTION FOR LEAVE TO AMEND ITS ANSWER, DEFENSES, AND COUNTERCLAIMS IN REPLY TO SAMSUNG'S COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

Ninth Circuit has held that courts should grant leave to amend with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). And the non-movant bears the burden to prove any basis for denying the amendment. *Eminence Capital*, 316 F.3d at 1052.

In determining whether to grant leave to amend, "it is the consideration of prejudice to the opposing party that carries the greatest weight," *Eminence Capital*, 316 F.3d at 1052, and "[t]he party opposing amendment bears the burden of showing prejudice." *Am. Small Bus. League v. Johnson*, 2010 WL 3490223, *5 (N.D. Cal. Sept. 3, 2010). Absent a showing of prejudice, courts deny leave to amend only on a strong showing of one of the remaining factors relevant under Rule 15(a) -- undue delay, bad faith or dilatory motive, or futility of amendment. *See Eminence*, 316 F.3d at 1052 ("Absent prejudice, or a strong showing of any of the remaining factors, there exists a *presumption* [to permit amendment] under Rule 15(a)."). "In assessing these factors, all inferences should be made in favor of granting the motion." *Am. Small Bus. League*, 2010 WL 3490223 at 4.

Here, Apple's proposed amendment will plainly not prejudice Samsung. The case is at an early stage. Apple will be filing amended counterclaims to respond to the Court's October 18 Order in any event, and Samsung has not answered. Only limited discovery has occurred, and there have been no depositions. Under these circumstances, Samsung cannot show prejudice from the additional proposed amendments beyond the leave to amend that the Court specified in its Order. *See, e.g.*, *SAP Aktiencesellschaft*, 250 F.R.D. at 472 (finding that plaintiff had "argued persuasively that defendant will *not* be prejudiced, because plaintiff's request comes at an early stage in the proceedings before much, if any, discovery, specific to this case, has been undertaken by defendant").

5

PLAINTIFF AND COUNTERCLAIM DEFENDANT APPLE INC.'S UNOPPOSED MOTION FOR LEAVE TO AMEND ITS ANSWER, DEFENSES, AND COUNTERCLAIMS IN REPLY TO SAMSUNG'S COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

Apple is moving for leave to amend well before the November 14, 2011 deadline for amendments to pleadings.  *See* Minute Order and Case Management Order at p. 2; *see also Am. Small Bus. League*, 2010 WL 3490223 at 5 (finding no undue delay when motion for leave to amend was timely under the case management deadline).  Moreover, Apple seeks leave to amend beyond the scope specified in the Court's Order for good reason – to reflect events subsequent to its initial filing, and to incorporate recently-obtained information.  Indeed, "[t]he underlying purpose of Rule 15 is to facilitate decision on the merits rather than on the pleadings or technicalities."  *ABM Industries, Inc. v. Zurich American Ins. Co.*, 237 F.R.D. 225, 227 (N.D. Cal. 2006) (granting motion to amend allowing plaintiff to add new claim and "recently-developed factual allegations").

## CONCLUSION

Apple respectfully requests that the Court grant Apple leave to file its First Amended Counterclaims in Reply, in the form annexed to the accompanying Notice of Motion.

6

PLAINTIFF AND COUNTERCLAIM DEFENDANT APPLE INC.'S UNOPPOSED MOTION FOR LEAVE TO AMEND ITS ANSWER, DEFENSES, AND COUNTERCLAIMS IN REPLY TO SAMSUNG'S COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

| | |
|---|---|
| Dated:  October 28, 2011 | /s/ Mark D. Selwyn |
| | Mark D. Selwyn (SBN 244180) |
| | (mark.selwyn@wilmerhale.com) |
| | WILMER CUTLER PICKERING |
| |   HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California  94304 |
| | Telephone:  (650) 858-6000 |
| | Facsimile:   (650) 858-6100 |
| | |
| | William F. Lee (admitted *pro hac vice*) |
| | (william.lee@wilmerhale.com) |
| | WILMER CUTLER PICKERING |
| |   HALE AND DORR LLP |
| | 60 State Street |
| | Boston, Massachusetts  02109 |
| | Telephone: (617) 526-6000 |
| | Facsimile: (617) 526-5000 |
| | |
| | Harold J. McElhinny (SBN 66781) |
| | (HMcElhinny@mofo.com) |
| | Michael A. Jacobs (SBN 111664) |
| | (MJacobs@mofo.com) |
| | Richard S.J. Hung (CA SBN 197425) |
| | rhung@mofo.com |
| | MORRISON & FOERSTER LLP |
| | 425 Market Street |
| | San Francisco, California 94105 |
| | Telephone: ( 415) 268-7000 |
| | Facsimile:  (415) 268-7522 |
| | |
| | Attorneys for Plaintiff and |
| | Counterclaim-Defendant Apple Inc. |

7

PLAINTIFF AND COUNTERCLAIM DEFENDANT APPLE INC.'S UNOPPOSED MOTION FOR LEAVE TO AMEND ITS ANSWER, DEFENSES, AND COUNTERCLAIMS IN REPLY TO SAMSUNG'S COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 28, 2011, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

/s/ Mark D. Selwyn
Mark D. Selwyn

8

PLAINTIFF AND COUNTERCLAIM DEFENDANT APPLE INC.'S UNOPPOSED MOTION FOR LEAVE TO AMEND ITS ANSWER, DEFENSES, AND COUNTERCLAIMS IN REPLY TO SAMSUNG'S COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)