QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF MELISSA N. CHAN IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO COMPEL SAMSUNG TO PRODUCE DOCUMENTS AND PROVIDE RESPONSIVE ANSWERS TO PROPOUNDED DISCOVERY**<br><br>Date: September 28, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal<br><br>**PUBLIC REDACTED VERSION** |

1  I, Melissa N. Chan, declare:

2  1. I am an associate in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP,
3  counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung
4  Telecommunications America, LLC (collectively, "Samsung").  I submit this declaration in
5  support of Samsung's Opposition to Apple's Motion to Compel Samsung to Produce Documents
6  and Provide Responsive Answers to Propounded Discovery.  I have personal knowledge of the
7  facts set forth in this declaration and, if called upon as a witness, I could and would testify to such
8  facts under oath.

9  2. Attached as Exhibit 1 is a true and correct copy of the Court's Order on July 18,
10  2011, governing discovery relating to Apple's motion for a preliminary injunction.

11  3. Attached as Exhibit 2 is a true and correct copy of Apple's Interrogatories to
12  Defendants Relating to Apple's Motion for a Preliminary Injunction – Set One (No. 1), served
13  July 12, 2011.

14  4. Attached as Exhibit 3 is a true and correct copy of Apple's Interrogatories to
15  Defendants Relating to Apple's Motion for a Preliminary Injunction – Set Two (Nos. 10-14),
16  served on August 26, 2011.

17  5. Attached as Exhibit 4 is a true and correct copy of Apple's Requests for Production
18  of Documents and Things Relating to Apple's Motion for a Preliminary Injunction – Set One
19  (Nos. 1-8), served on July 12, 2011.

20  6. Attached as Exhibit 5 is a true and correct copy of Apple's Notice of Rule 30(b)(6)
21  Deposition of Samsung Electronics Co., Ltd. Relating to Apple's Motion for a Preliminary
22  Injunction Motion, served August 26, 2011.

23  7. Attached as Exhibit 6 is a true and correct copy of Apple's Requests for Production
24  of Documents and Things Relating to Apple's Motion for a Preliminary Injunction – Set Two
25  (Nos. 156-217), served on August 26, 2011, over a month after the Court's July 18, 2011 Order.

26  8. Attached as Exhibit 7 is a true and correct copy of Samsung's Objections to
27  Apple's Interrogatories to Defendants Relating to Apple's Motion for a Preliminary Injunction –

28

1  Sets One (No. 1) and Two (Nos. 10-14), served on August 31, 2011, in compliance with the
2  Court's July 18, 2011 Order.
3      9.    Attached as Exhibit 8 is a true and correct copy of Samsung's Objections to
4  Apple's Requests for Production of Documents and Things Relating to Apple's Motion for a
5  Preliminary Injunction – Sets One (Nos. 1-8) and Two (Nos. 156-217), served on August 31,
6  2011.
7      10.    These objections were served in compliance with the Court's July 18, 2011 Order.
8      11.    Attached as Exhibit 10 is a true and correct copy of Samsung's Response and
9  Objections to Apple's Interrogatories to Defendants Relating to Apple's Motion for a Preliminary
10  Injunction (No. 1), served on September 19, 2011 (and re-served with corrected confidentiality
11  designation on September 26, 2011). [REDACTED]
12  [REDACTED]
13  [REDACTED]
14      12.    Late on the night of September 1, 2011, Apple's counsel, Jason Bartlett, requested
15  to begin the meet and confer process relating to Apple's deposition notices.
16      13.    The next day, on September 2, 2011, I suggested times for a meet and confer
17  conference and e-mailed additional agenda items, including Samsung's objections to Apple's two
18  sets of requests for production related to Apple's preliminary injunction motion.
19      14.    During the parties' September 2, 2011 call, my colleague Rachel Herrick
20  Kassabian, also counsel for Samsung, and I explained that Apple's discovery requests were
21  overbroad and sought discovery beyond the scope of Apple's motion for a preliminary injunction
22  motion.  For example, we explained that the requests sought information about the hardware
23  design of products that Apple had not accused of infringing its design patents in its motion for
24  preliminary injunction.  We also discussed how Apple's requests seeking "all documents" relating
25  to "any customer surveys" (e.g. Request for Production No. 206) were overly broad and vague,
26  since they were not limited to features at issue in Apple's motion.  Apple's counsel agreed that it
27  would consider its requests and suggest narrower topics more tailored to the relevant issues.
28

15. Attached as Exhibit 11 is a true and correct copy of a letter from Apple's counsel to me, dated September 7, 2011. This letter did not accurately summarize the parties' meet and confer conference on September 2, 2011.

16. Attached as Exhibit 12 is a true and correct copy of my response letter to Apple's counsel, dated September 9, 2011, correcting the errors in Apple's letter and reemphasizing that the limitations that applied to discovery relating to Apple's preliminary injunction motion. My letter also identified topics for which Samsung was continuing to investigate and would produce documents, or for which the parties had reached a compromise as to Apple's requests.

17. Apple's counsel e-mailed me back that same day, after having considered Samsung's letter for, at most, 15 minutes – to demand an in-person meet and confer on Monday, Sept. 12, 2011, "relating to these discovery issues" without specifying which of over 22 issues discussed in the parties' correspondence were to be discussed. Later that evening, Apple's counsel further demanded that the parties discuss the production of licenses unrelated to Apple's motion for a preliminary injunction at the same in-person meet and confer.

18. Early on the morning of Monday, September 12, 2011, my colleague, and co-lead counsel for Samsung, Victoria Maroulis requested that Apple provide the precise list of issues that Apple wished to meet and confer on and to identify where Apple believed there was any disagreement, such that Samsung's counsel could prepare for the meet and confer. Ms. Maroulis further suggested that the parties attend another teleconference before setting up an in-person meet and confer.

19. Apple's counsel responded by email later on September 12, 2011, stating "it is now obvious that Samsung intends to bury the evidence that its engineers copied Apple products when designing the accused devices" but without explaining his basis for such an accusation. Apple's counsel also failed to provide a list of issues about which the parties could discuss.

20. On September 13, 2011, Apple's counsel emailed to request a teleconference that day on Apple's discovery requests relating to, *inter alia*: (1) Samsung's analysis, review, consideration or copying Apple products in designing the Samsung products at issue in the preliminary injunction motion (including, not limited to, 166); (2) market research, studies,

1  analysis and surveys; and (3) consumer confusion.  Because Samsung's counsel was unavailable,
2  the parties agreed to talk via teleconference the following morning.
3         21.    On September 14, 2011, the parties convened by phone to see if they could reach
4  agreement on further issues.  During that call, the parties were able to reach further agreement on
5  several issues, including the scope of the testimony of Samsung's Rule 30(b)(6) witness on the
6  design of the four Samsung products at issue in Apple's motion for a preliminary injunction.
7  However, Apple's counsel raised new issues during the call, and asked that Samsung investigate
8  whether it had additional design documents, such as more documents from the four Samsung
9  employees listed on Samsung's Initial Disclosures as having knowledge about the design of
10 Samsung's products, packaging documents, and powerpoint presentations.  Samsung's counsel
11 agreed to investigate and to locate and produce additional documents, if any, on those and other
12 issues.
13        22.    Attached as Exhibit 13 is a true and correct copy of a letter from Apple's counsel to
14 Samsung's counsel on September 14, 2011.  In that letter, Apple's counsel requested an in-person
15 meet and confer, but did not specify what issues that would be discussed at such an in-person meet
16 and confer.  Despite several requests from Samsung's counsel for a list or agenda of what issues
17 Apple's counsel believed were still in dispute, Apple's counsel refused to provide such a list.
18        23.    On September 14, 2011, while Samsung's counsel attempted to coordinate
19 schedules and to determine the availability of its lead counsel for an in-person meet and confer,
20 from approximately 5 p.m. to 10 p.m., Apple's counsel sent at least an additional four or five
21 emails requesting an in-person meet and confer, and then claimed that Samsung was refusing to
22 respond to those requests.
23        24.    Despite our belief that the issues could be resolved through further telephonic meet
24 and confer conferences, I was able to confirm a time that Samsung's lead counsel would be
25 available.  On September 15, 2011, I emailed Apple's counsel to try to confirm a time for an in-
26 person meet and confer for the morning of Friday, September 16, 2011.  The parties agreed to
27 meet in-person the morning of September 16, 2011.  Again, Apple's counsel refused to provide an
28 agenda or a specific list of issues in advance of that meeting.

-5-                          Case No. 11-cv-01846-LHK
DECL. OF MELISSA N. CHAN ISO SAMSUNG'S OPP. TO APPLE'S MOTION TO COMPEL

25. Attached as Exhibit 14 is a true and correct copy of my letter to Apple's counsel on September 15, 2011.

26. On the morning of September 16, 2011, the parties met and conferred in person. Instead of focusing on the issues for which the parties still had disagreement, Apple's counsel raised most of the issues the parties had previously discussed, including ones for which the parties had already reached agreement. Apple's counsel further complained about missing documents, but admitted that they *had not yet completed their review of Samsung's production*.

27. Samsung's counsel stated that Samsung would not be producing surveys or marketing documents that did not specifically mention one of the four Samsung products named in Apple's preliminary injunction motion, *unless* such documents would be responsive to another request for production relating to Apple's motion for a preliminary injunction. Apple's counsel could not identify such a request.

28. Samsung's counsel also confirmed that Samsung was, as discussed on the parties' previous teleconference, investigating Apple's concerns and searching for additional documents, and planning on making additional document productions that would address those concerns. However, because the documents were still being processed, Samsung's counsel could not report on the scope of such productions.

29. Apple's counsel also represented, for the first time during the parties' meet and confer sessions, that it believed Samsung was destroying documents, since Apple could find no documents in Samsung's production showing that Samsung copied Apple's products when designing the four Samsung products at issue. Since this was the first time such issues had been raised in either discovery requests related to the preliminary injunction motion or in meet and confer, Samsung's counsel was not prepared to respond other than to reiterate that Samsung has been at all times meeting its discovery obligations, and noted that a previous discovery request or deposition topic had not been served on such issues as related to the preliminary injunction motion.

30. Apple's counsel stated Apple's intention to file the motion to compel on Friday, September 16, 2011.

1    31.    Attached as Exhibit 15 is a true and correct copy of a letter from Apple's counsel on September 20, 2011. That letter did not correctly represent the parties' discussions on September 16, 2011.

32.    Attached as Exhibit 16 is a true and correct copy of Apple's Opposition to Samsung's Motion to Compel, submitted under seal on September 9, 2011. ███████████ ██████████████████████████████████████████████████████ ██████████

33.    Attached as Exhibit 17 is a true and correct copy of excerpts from the transcript of the deposition of Samsung's Rule 30(b)(6) witness, Justin Denison, on September 22, 2011.

34.    Attached as Exhibit 18 is a true and correct copy of a letter from Apple's counsel, dated July 1, 2011.

35.    Attached as Exhibit 19 is a true and correct copy of Samsung's response letter, dated July 15, 2011.

36.    Attached as Exhibit 20 is a true and correct copy of Samsung's follow-up e-mail on August 5, 2011, since Apple never responded to Samsung's July 15, 2011 letter. I am informed and believe that Apple did not respond to the August 5, 2011 email.

37.    On September 21, 2011, I emailed Apple's counsel to request a meet and confer on Samsung's requests for production relating to Apple's document retention and e-mail deletion policies.

38.    On September 22, 2011, Apple's counsel indicated that it would like to initiate meet and confer efforts regarding Apple's requests for production (served as regular discovery, not discovery relating to Apple's motion for a preliminary injunction) concerning Samsung's document retention policies.

39.    On September 23, 2011, the parties met and conferred regarding their requests for production relating to their document retention policies. During that meet and confer conference, Samsung confirmed that, as its written responses indicated, Samsung had agreed to produce responsive documents regarding Samsung's document retention policies. While Apple's written responses did *not* agree to produce documents regarding Apple's document retention policies and

related matters, during this meet and confer Apple indicated that it would agree to produce such documents covering the past three years.  During that call, Apple's counsel did not raise concerns that Samsung had not properly preserved documents or had destroyed documents.

40. Attached as Exhibit 21 is a true and correct copy of the article "Apple May Have Manipulated Evidence Against Samsung in Patent War," at http://newyork.ibtimes.com/art/services/print.php?articleid=198219, retrieved on September 26, 2011.

41. One day after Mr. Lee Don-Joo was quoted by the Yonhap News Agency as purportedly saying that parts of the Galaxy Tab 10.1 would be "improve[d]" after the release of the iPad 2 (*see* Declaration of Jason R. Bartlett in Support of Apple's Motion to Compel Samsung to Produce Documents and Provide Responsive Answers to Propounded Discovery, Exhibit L), the Yonhap News Agency reported that the Galaxy Tab 10.1 would be released as planned, and that Samsung "den[ied] speculations that it might postpone its release to make improvements." Attached as Exhibit 22 is a true and correct copy of the March 5, 2011, article "Samsung to release Galaxy Tab 10.1 as planned," at http://english.yonhapnews.co.kr/techscience/2011/03/05/0601000000AEN20110305002100320.HTML, retrieved on September 25, 2011.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Redwood Shores, CA, on September 26, 2011.

1
2                                     Respectfully submitted,

3                                     QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
4

5
                                           /s/ Melissa N. Chan
6                                     Charles K. Verhoeven
                                      Kevin P.B. Johnson
7                                     Victoria F. Maroulis
                                      Michael T. Zeller
8
                                      Attorneys for SAMSUNG ELECTRONICS CO.,
9                                     LTD., SAMSUNG ELECTRONICS AMERICA,
                                      INC. and SAMSUNG
10                                    TELECOMMUNICATIONS AMERICA, LLC

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GENERAL ORDER ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document.  I hereby attest pursuant to General Order 45.X.B. that concurrence in the electronic filing of this document has been obtained from Melissa Chan.

                                                */s/ Victoria Maroulis*