# EXHIBIT 5

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Plaintiff
APPLE INC.

WILLIAM F. LEE (*pro hac vice* anticipated)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE INC.'S NOTICE OF RULE 30(B)(6) DEPOSITION OF SAMSUNG ELECTRONICS CO., LTD. RELATING TO APPLE'S MOTION FOR A PRELIMINARY INJUNCTION** |

TO ALL PARTIES and THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff Apple Inc., by and through its attorneys, will take the deposition upon oral examination of Defendant Samsung Electronics Co., Ltd. ("SEC").  The deposition will commence on a mutually agreeable date at the offices of Morrison & Foerster LLP, 425 Market Street, San Francisco, California, 94025.  The deposition will be taken before a notary public or other authorized officer and will continue from day to day until completed.  Pursuant to Federal Rule of Civil Procedure 30(b)(6), SEC shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf and who are most knowledgeable and competent to testify concerning each of the subjects set forth in Exhibit A hereto.

PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(3), the deposition will be videotaped and recorded stenographically.

Dated: August 26, 2011                                MORRISON & FOERSTER LLP


                                                      By:   /s/ Richard S.J. Hung
                                                            RICHARD S.J. HUNG

                                                      Attorneys for Plaintiff
                                                      APPLE INC.

## **EXHIBIT A**

### **DEFINITIONS**

1.       "You," "your," and/or "Samsung" mean Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Defendants, and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

2.       "Apple" means Apple Inc.

3.       "Products at Issue" means the Samsung Galaxy S 4G, Infuse 4G, Droid Charge, and Galaxy Tab 10.1, as released anywhere in the world.

4.       "Hardware Design" means a device's casing, screen and screen borders, bezel or band, buttons, ports, speaker, and speaker slots, and all hardware, insignia, or ornamentation thereon.

5.       "Patents at Issue" means U.S. Design Patent Nos. D618,677, D593,087, and D504,889, and U.S. Patent No. 7,469,381.

6.       "Opposition" means your Opposition to Apple's Motion for a Preliminary Injunction and all supporting declarations and exhibits.

7.       "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26 and 34 and the relevant case law.  "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

8.       "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing or constituting (in whole or in part), as the context makes appropriate.

9.       The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

10.       The use of the singular form of any word includes the plural and vice versa.

"And" and "or" shall be construed conjunctively and disjunctively to acquire the broadest meaning possible.

## TOPICS

1.      Samsung's imitation, copying, or emulation of any Apple product in developing, creating, or designing any of the Products at Issue.

2.      The development and/or design of the Hardware Design of the Products at Issue.

3.      The identity of the individuals involved in the development and/or design of the Hardware Design of the Products at Issue and the roles and responsibilities of each.

4.      The identity of the individuals involved in marketing the Products at Issue and the roles and responsibilities of each.

5.      The development and/or design of features in the Products at Issue relating to (1) the functionality that allows for a list to be scrolled beyond its terminus or a document to be translated beyond its edge until the list or document is partially displayed; and (2) functionality that allows for a list that is scrolled beyond its terminus to scroll back or bounce back into place or for a document that is translated beyond its edge to translate back or bounce back so that the list or document returns to fill the screen.

6.      Aesthetic, functional, and cost considerations that affected, constrained, or altered the Hardware Design of the Galaxy S 4G, Infuse 4G, and Galaxy Tab 10.1.

7.      Alternative Hardware Designs considered by Samsung during the development of the Galaxy S 4G, Infuse 4G, and Galaxy Tab 10.1.

8.      Alternative user interfaces considered by Samsung during the development of the Galaxy S 4G, Infuse 4G, Droid Charge, and Galaxy Tab 10.1.

9.      Any reference to or consideration of an Apple product during the design of the Products at Issue.

10.      Your awareness of any of the Patents at Issue.

11.      Your analysis, review, consideration, or copying of, or comparison against, any Apple product or product feature with respect to any features of the Products at Issue, including (1) their Hardware Design; (2) the functionality that allows for a list to be scrolled beyond its

terminus or a document to be translated beyond its edge until the list or document is partially displayed; and (3) functionality that allows for a list that is scrolled beyond its terminus to scroll back or bounce back into place or for a document that is translated beyond its edge to translate back or bounce back so that the list or document returns to fill the screen.

12.     Your communications with Apple relating to the Patents at Issue.

13.     Your communications with Apple relating to the Products at Issue.

14.     Any customer surveys, market studies, market analyses, or other investigations conducted by Samsung or on behalf of Samsung relating to the Products at Issue.

15.     Any reference to Apple or Apple products in advertising of the Products at Issue.

16.     Your identification or analysis of the market or markets to which Samsung intends to sell the Products at Issue.

17.     Samsung's smartphones and tablet computer market share.

18.     Any instances of consumer confusion in which Samsung was made aware that a person confused an Apple product for a Product at Issue, or a Product at Issue for an Apple product.

19.     Marketing and promotion of the Products at Issue.