# EXHIBIT 6

| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522<br><br><br>Attorneys for Plaintiff<br>APPLE INC. | MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100<br><br>WILLIAM F. LEE (*pro hac vice* anticipated)<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS RELATING TO APPLE'S MOTION FOR A PRELIMINARY INJUNCTION – SET TWO** |

APPLE INC. ("Apple") hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, that SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, ("Defendants") respond to Apple's Requests for Production of Documents Relating to Apple's Motion for a Preliminary Injunction. Apple requests that Defendants produce for inspection and copying the documents and things set forth below at the offices of Morrison & Foerster, LLP, 425 Market St., San Francisco, CA 94105-2482 on or before September 12, 2011.

## DEFINITIONS

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any Request.

1. "Samsung," "You" and/or "your" mean Defendants and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Defendants, and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

2. "Apple" means Apple Inc.

3. "Products at Issue" means the Samsung Galaxy S 4G, Infuse 4G, Droid Charge, and Galaxy Tab 10.1, as released anywhere in the world.

4. "Hardware Design" means a device's casing, screen and screen borders, bezel or band, buttons, ports, speaker, and speaker slots, and all hardware, insignia, or ornamentation thereon.

5. "Patents at Issue" means U.S. Design Patent Nos. D618,677, D593,087, and D504,889, and U.S. Patent No. 7,469,381.

6. "Opposition" means your Opposition to Apple's Motion for a Preliminary Injunction and all supporting declarations and exhibits.

7. "Document(s)" has the broadest possible meaning permitted by Federal Rules of

1  Civil Procedure Rules 26 and 34 and the relevant case law.  "Document(s)" also includes all

2  drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

3        8.      "Relating" means regarding, referring to, concerning, mentioning, reflecting,

4  pertaining to, evidencing, involving, describing, discussing, commenting on, embodying,

5  responding to, supporting, contradicting, containing or constituting (in whole or in part), as the

6  context makes appropriate.

7        9.      The use of a verb in any tense shall be construed as the use of the verb in all other

8  tenses.

9        10.     The use of the singular form of any word includes the plural and vice versa.

10       11.     "And" and "or" shall be construed conjunctively and disjunctively to acquire the

11  broadest meaning possible.

## INSTRUCTIONS

13        1.      Each document is to be produced along with all non-identical drafts thereof in

14  their entirety, without abbreviation or redaction.

15        2.      All documents should be produced as maintained in the ordinary course of

16  business.

17        3.      If you withhold any documents on a claim of privilege, you must provide a

18  statement of the claim of privilege and all facts relied upon in support of that claim as required

19  by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

20        4.      Documents responsive to each Request must be produced in full and subject to

21  any Request being narrowed by the parties' meeting and conferring regarding your

22  corresponding requests to Plaintiff, if applicable.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 156:**

Things you allege that are "rectangular-shaped phone[s] with rounded corners, a dominant display screen with narrow borders, a horizontally oriented and centered rounded speaker slot, and minimal or non-existent physical navigation buttons" that existed before January 2007 as described in your Opposition.

**REQUEST NO. 157:**

All Documents relating to the "rectangular-shaped phone[s] with rounded corners, a dominant display screen with narrow borders, a horizontally oriented and centered rounded speaker slot, and minimal or non-existent physical navigation buttons" that existed before January 2007, as described in your Opposition.

**REQUEST NO. 158:**

All Documents relating to the design, development, or implementation of the following features of the Products at Issue: (1) their Hardware Design; (2) the functionality that allows for a list to be scrolled beyond its terminus or a document to be translated beyond its edge until the list or document is partially displayed; and (3) functionality that allows for a list that is scrolled beyond its terminus to scroll back or bounce back into place or for a document that is translated beyond its edge to translate back or bounce back so that the list or document returns to fill the screen.

**REQUEST NO. 159:**

Documents sufficient to identify the individuals who contributed to the design, development, or implementation of the following features of the Products at Issue: (1) their Hardware Design; (2) the functionality that allows for a list to be scrolled beyond its terminus or a document to be translated beyond its edge until the list or document is partially displayed; and (3) functionality that allows for a list that is scrolled beyond its terminus to scroll back or bounce back into place or for a document that is translated beyond its edge to translate back or bounce back so that the list or document returns to fill the screen.

**REQUEST NO. 160:**

Documents sufficient to identify the date of the first design of the following features of the Products at Issue: (1) their Hardware Design; (2) the functionality that allows for a list to be scrolled beyond its terminus or a document to be translated beyond its edge until the list or document is partially displayed; and (3) functionality that allows for a list that is scrolled beyond its terminus to scroll back or bounce back into place or for a document that is translated beyond its edge to translate back or bounce back so that the list or document returns to fill the screen.

**REQUEST NO. 161:**

All Documents and things relating to the design of the Hardware Design of the Products at Issue, including for example, CAD images or files, emails, notebooks, photographs, sketches, design specifications, models, mock-ups, and other design documents.

**REQUEST NO. 162:**

Documents sufficient to show alternative Hardware Designs considered by Samsung during the development of the Products at Issue.

**REQUEST NO. 163:**

All Documents relating to functional and cost considerations that constrained or altered the Hardware Design of the Products at Issue.

**REQUEST NO. 164:**

All Documents relating to aesthetic considerations relating to the Hardware Design of the Products at Issue.

**REQUEST NO. 165:**

All Documents relating to the redesign of the Galaxy Tab 10.1 following Apple's announcement of the iPad 2 on or about March 2, 2011.

**REQUEST NO. 166:**

All Documents to or from Lee Don-Joo relating to the redesign of the Galaxy Tab 10.1 following Apple's announcement of the iPad 2 on or about March 2, 2011.

**REQUEST NO. 167:**

All Documents to the design of the user interface for each of the Products at Issue.

**REQUEST NO. 168:**

All Documents relied on by Benjamin B. Bederson in his declaration submitted in support of your Opposition.

**REQUEST NO. 169:**

All prior expert reports and declarations submitted by Benjamin B. Bederson in other litigation involving mobile devices or user interfaces.

**REQUEST NO. 170:**

All trial and deposition transcripts from other litigation in which Benjamin B. Bederson testified about mobile devices or user interfaces.

**REQUEST NO. 171:**

All Documents relied on by Roger Fidler in his declaration submitted in support of your Opposition.

**REQUEST NO. 172:**

All Documents relating to Roger Fidler's assertion that "Apple personnel were exposed to my tablet ideas and prototypes" in his declaration submitted in support of your Opposition.

**REQUEST NO. 173:**

All documents relating to Roger Fidler's assertion that he presented the 1990 Video attached as Exhibit G to his declaration to "a group of executives at Knight-Ridder and to Alan Kay [of Apple]" in the fall of 1990.

**REQUEST NO. 174:**

All documents relating to Roger Fidler's assertion that "[m]ore than 200 copies of the 1994 video [attached as Exhibit L to his declaration] were distributed to various newspaper organizations and media outlets."

**REQUEST NO. 175:**

All documents relating to Roger Fidler's claim that starting in 1994, he provided to Toshiba "specifications that they could use to create a working electronic tablet."

**REQUEST NO. 176:**

All non-disclosure agreements between Apple and Information Design Lab executed before 1995.

**REQUEST NO. 177:**

All non-disclosure agreements executed between Roger Fidler and Toshiba in connection with Mr. Fidler's alleged provision to Toshiba of "specifications that they could use to create a working electronic tablet."

**REQUEST NO. 178:**

All prior expert reports and declarations submitted by Roger Fidler in other litigation

involving the "1981 Tablet," the "1990 Tablet," the "1994 Tablet," and the "1996 Toshiba Tablet," as described in his declaration submitted in support of your Opposition.

**REQUEST NO. 179:**

All trial and deposition transcripts from other litigation in which Roger Fidler testified about the "1981 Tablet," the "1990 Tablet," the "1994 Tablet," and the "1996 Toshiba Tablet," as described in his declaration submitted in support of your Opposition.

**REQUEST NO. 180:**

All Documents relied on by Nicholas P. Godici in his declaration submitted in support of your Opposition.

**REQUEST NO. 181:**

All prior expert reports and declarations submitted by Nicholas P. Godici in other litigation involving patent prosecution.

**REQUEST NO. 182:**

All trial and deposition transcripts from other litigation in which Nicholas P. Godici was an expert.

**REQUEST NO. 183:**

All Documents relied on by Andries Van Dam in his declaration submitted in support of your Opposition.

**REQUEST NO. 184:**

All prior expert reports and declarations submitted by Andries Van Dam in other litigation involving utility patents.

**REQUEST NO. 185:**

All trial and deposition transcripts from other litigation in which Andries Van Dam was an expert.

**REQUEST NO. 186:**

All Documents relied on by Itay Sherman in his declaration submitted in support of your Opposition.

**REQUEST NO. 187:**

All prior expert reports and declarations submitted by Itay Sherman in other litigation involving design patents.

**REQUEST NO. 188:**

All trial and deposition transcripts from other litigation in which Itay Sherman was an expert.

**REQUEST NO. 189:**

All Documents relied on by Michael J. Wagner in his declaration submitted in support of your Opposition.

**REQUEST NO. 190:**

To the extent not attached as an exhibit, hard copies of all Documents cited by Michael J. Wagner in his declaration submitted in support of your Opposition. Documents responsive to this Request include, but are not limited to, hard copies of all references cited in the footnotes of Mr. Wagner's declaration.

**REQUEST NO. 191:**

All prior expert reports and declarations submitted by Michael J. Wagner in other litigation involving damages.

**REQUEST NO. 192:**

All trial and deposition transcripts from other litigation in which Michael J. Wagner was an expert.

**REQUEST NO. 193:**

All Documents relied on by Jeffrey Johnson in his declaration submitted in support of your Opposition.

**REQUEST NO. 194:**

All prior expert reports and declarations submitted by Jeffrey Johnson in other litigation involving utility patents.

**REQUEST NO. 195:**

All trial and deposition transcripts from other litigation in which Jeffrey Johnson was an expert.

**REQUEST NO. 196:**

All native photographs of the Products at Issue, prior art, and Apple products taken in support of your Opposition, regardless of whether the photographs were referenced, inserted, or relied upon in your Opposition.

**REQUEST NO. 197:**

All Documents, including source code, relating to any art that Samsung alleges is relevant to the validity of U.S. Patent No. 7,469,381, including LaunchTile and XNav.

**REQUEST NO. 198:**

All Documents relating to any instructions, manuals, guides, or other documentation for LaunchTile and XNav.

**REQUEST NO. 199:**

A device that runs LaunchTile.

**REQUEST NO. 200:**

Source code for the Gallery, Contacts, and Browser applications on the Products at Issue.

**REQUEST NO. 201:**

Source code relating to features of the Products at Issue that Apple has alleged infringe U.S. Patent No. 7,469,381.

**REQUEST NO. 202:**

Source code for any instructions relating to not illuminating part of the screens on the Products at Issue while they are powered on.

**REQUEST NO. 203:**

Documents sufficient to show the operation and functionality of the AMOLED screens of the Products at Issue.

**REQUEST NO. 204:**

All Documents relating to your analysis, review, consideration, or copying of, or comparison against, any Apple product or product feature, including (1) their Hardware Design; (2) the functionality that allows for a list to be scrolled beyond its terminus or a document to be translated beyond its edge until the list or document is partially displayed; and (3) functionality

that allows for a list that is scrolled beyond its terminus to scroll back or bounce back into place or for a document that is translated beyond its edge to translate back or bounce back so that the list or document returns to fill the screen.

**REQUEST NO. 205:**

All Documents relating to any statements made by you regarding Apple and the Products at Issue.

**REQUEST NO. 206:**

All Documents relating to any customer surveys, studies, analyses or investigations regarding the Products at Issue.

**REQUEST NO. 207:**

All Documents identifying or analyzing the market or markets to which Samsung intends to sell the Products at Issue.

**REQUEST NO. 208:**

All Documents created within the last five years relating to Samsung's actual or projected smartphone market share.

**REQUEST NO. 209:**

All Documents created within the last five years relating to Samsung's actual or projected tablet computer market share.

**REQUEST NO. 210:**

All Documents created between 2008 and the present relating to Samsung's expansion of its U.S. market share for smartphones and tablet computers.

**REQUEST NO. 211:**

All Documents relating to the development of the Products at Issue that mention or refer to Apple or Apple products, including communications among or with your personnel that discuss whether or how to copy any design, feature, or function of an Apple product. Documents responsive to this Request include, but are not limited to, Documents related to the redesign of the Products at Issue in light of Apple products.

**REQUEST NO. 212:**

All physical samples of Apple products in your possession (excluding only samples, if any, which may have been purchased exclusively for purposes related to this litigation by or at the direction of counsel) together with all documents relating to when the samples were obtained, for what purpose, and how you used them.

**REQUEST NO. 213:**

All Documents relating to your inspection of Apple products. Documents responsive to this Request include, but are not limited to, photographs of Apple products and tear-downs of Apple products, notes and memoranda that you made relating to Apple products, and email communications relating to any such inspection.

**REQUEST NO. 214:**

All Documents relating to marketing of any Products at Issue that discuss or refer directly or indirectly to Apple or Apple products, including copies of all advertisements or other promotional materials, marketing plans, market surveys, focus group studies, or other documents related to testing of advertisements or advertisement messaging. Documents responsive to this Request include, but are not limited to, your "Hello" marketing campaign relating to the Galaxy S, your "See Flash Run" marketing campaign for the Galaxy Tab, and your "Appelmos" ("Applesauce") marketing campaign relating to the Galaxy S II.

**REQUEST NO. 215:**

All Documents relating to any instances of consumer confusion in which Samsung was made aware that a person confused an Apple product for a Product at Issue, or a Product at Issue for an Apple product.

**REQUEST NO. 216:**

All Documents relating to your decision to give away a free Galaxy Tab 10.1 with the purchase of certain Samsung televisions at Best Buy stores.

**REQUEST NO. 217:**

All Documents relating to any promotions, actual or considered, related to any of the Products at Issue.

Dated: August 26, 2011

MORRISON & FOERSTER LLP

By: /s/ Richard S.J. Hung
RICHARD S.J. HUNG

Attorneys for Defendant
APPLE INC.