# EXHIBIT 12

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL: (650) 801-5000  FAX: (650) 801-5100

WRITER'S INTERNET ADDRESS
**melissachan@quinnemanuel.com**

September 9, 2011

<u>VIA E-MAIL</u>

Jason Bartlett
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

Re:     <u>Apple Inc. v. Samsung Elecs. Co., et al., Case No. 11-CV-01846-LHK (N.D. Cal.)</u>

Dear Jason:

I write to correct several inaccuracies in your summary of our meet and confer teleconference on Friday, September 2, 2011.

**<u>Subpoenas to Omar Khan</u>**

During the meet and confer, we discussed that Mr. Khan is searching for responsive documents, and is not categorically refusing to produce documents notwithstanding the absence of responses to the requests for production (which were not due on August 31, 2011 per the Court's July 18, 2011 Order).  Samsung is investigating whether Mr. Khan has any documents responsive to Apple's subpoenas.  Mr. Khan preserves all of his objections to the scope of Apple's requests for production, and will search and respond in a manner consistent with those objections.

Since Mr. Khan is scheduled to be deposed on September 20, 2011, we plan to produce responsive documents in his possession, if any, by September 16, 2011.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000  FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000  FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000  FAX +49(0) 621 43298 6100

**Apple's Rule 30(b)(6) Notice**

Samsung's Rule 30(b)(6) designee will be prepared to testify on the topics in Apple's Notice of Rule 30(b)(6) Deposition, served August 26, 2011, subject to the clarifications below and Samsung's written objections:

- Any topics or questions will be limited to the accused functionalities of the Samsung Galaxy S 4G, the Infuse 4G, the Droid Charge (only relating to the feature that allows for an electronic document that is scrolled beyond the edge to scroll back or bounce back into place), and the Galaxy Tab 10.1.  Moreover, any topics or questions will be limited to these accused functionalities in the above products as released in the United States. Samsung's designee will not testify about any other unaccused functionalities or other Samsung products, whether made or developed inside or outside the United States.

- Any topics or questions referring to an "Apple product" only cover the Apple products at issue—iPhone, iPhone 3, iPhone 3G, iPhone 3GS, iPhone 4, iPad, iPad 2, and iPod Touch—and no other Apple products.

- Any topics or questions on "Hardware Design" will be limited to the device's casing, the screen (except for what appears on the screen when the screen is "on," such as the icons) and screen borders, bezel or band, buttons, ports, speaker, speaker slots, and the carrier or manufacturer insignias on the device.

- Any topics or questions relating to the "Hardware Design" of the "Products at Issue" will not apply to the Droid Charge.

- Any topics or questions relating to "alternatives" will be limited to the alternative hardware designs considered by the design team for each of the Galaxy S 4G, Infuse 4G, and Galaxy Tab 10.1; and to the alternative user interfaces for the accused functionality relating to the '381 patent (that allows for an electronic document that is scrolled beyond the edge to scroll back or bounce back into place), considered by the design team for each of the Galaxy S 4G, Infuse 4G, Droid Charge, and Galaxy Tab 10.1.  "Alternatives" will in no way be interpreted to mean alternative phones, such as Samsung's other phone or smartphone or tablet computer products.

- Regarding Topic No. 10, Samsung's designee will only testify as to the following subjects:

    o The review of the drawings or specifications for the 'D677 and 'D087 patents by any employee who was part of the design team for the Infuse 4G and the Galaxy S 4G;

    o The review of the drawings or specification for the 'D889 patent by any employee who was part of the design team for the Galaxy Tab 10.1;

2

     o   The review of the specification or drawings for the '381 patent by any employee who was part of the design team for the accused functionality (that allows for an electronic document that is scrolled beyond the edge to scroll back or bounce back into place) incorporated in the Gallery, Contacts or Browser for the Galaxy S 4G, Infuse 4G, Droid Charge, or the Galaxy Tab 10.1.

- Samsung stands on its objections to the customer surveys requested under Topic No. 14, because Apple has not shown how this topic is in any way "related to prior art, depositions of declarants, and other discovery related to infringement and validity issues" nor how the topic is "reasonable in scope and narrowly tailored to address the preliminary injunction motion."  (Dkt. No. 115.)

- Samsung stands on its objections to the consumer confusion information requested in Topic No. 18, because Apple has not shown how this topic is in any way "related to prior art, depositions of declarants, and other discovery related to infringement and validity issues" nor how this topic, seeking information relevant to trademark issues (which are not at issue in Apple's motion), is "reasonable in scope and narrowly tailored to address the preliminary injunction motion."  (Dkt. No. 115.)

- Any topics or questions relating to "marketing" will be limited to Samsung's marketing in the United States beginning with the date that the "Products at Issue" were released and offered for sale.  "Marketing" further does not include the details of the products' distribution chain.

## Apple's Requests for Production and Interrogatories

Samsung maintains its objection to Apple's delay in serving interrogatories and document requests, which could have been served much earlier during the preliminary injunction discovery phase.  While Samsung is not categorically refusing to produce any documents on this ground, we anticipate that such delay will impact Samsung's ability to respond to Apple's interrogatories and document requests.  Samsung will bring Apple's inexcusable delay to the Court's attention as necessary.

Your summary of our meet and confer regarding Apple's document requests also requires correction in several respects:

- Samsung intends to collect and produce documents based on its understanding of the document requests, and taking into account Samsung's relevance and undue burden objections.  At no point during our meet and confer call did we confirm that we understand all of Apple's requests for production, that documents actually exist for any or all of Apple's requests, or that we will be collecting and producing documents for each and every one of Apple's requests.  During our call we discussed and explained several of Samsung's written objections, but none were withdrawn as a result of those discussions.

Samsung's written objections will define the scope of and limitations of Samsung's collection and production efforts.

- Samsung awaits Apple's revised, narrowed document requests relating to the percipient and expert witnesses. We have provided you with Samsung's concerns regarding the overbreadth of these requests, and confirmed that because any such productions must be mutual, Apple may wish to reconsider its overbroad demands. Please let us know when we may expect to receive Apple's narrowed requests. In the meantime, Samsung already has produced (and will continue to produce) responsive documents with respect to several of these requests.

- Regarding RFP No. 166, Samsung is still investigating this request.

- Regarding the LaunchTile file, we have been able to confirm that the LaunchTile executable (Exhibit F to the Declaration of Benjamin Bederson) works perfectly and without error. We have sent another copy of this file to Matt Ahn.

- Regarding your requests for source code, we will let you know when such source code, if not already provided, is available for inspection (for Bederson, Van Dam, and Johnson).

- Regarding your request for marketing, market research, market studies, market analysis and surveys, we have already explained Samsung's objections to the terms and to the relevance of Apple's requests, as well as Samsung's limitations in its production based on those objections. It is my understanding that Samsung will be producing Gartner reports; if we determine that Samsung has responsive IDC reports, we will likely produce those as well.

- Regarding RFP No. 216, Samsung is still investigating this request. However, Samsung stands on its objections to the relevance of this request, and does not believe Apple has demonstrated how documents on Samsung's "decision to give away a free Galaxy Tab 10.1 with the purchase of certain Samsung televisions at Best Buy stores" is relevant to Apple's preliminary injunction motion.

## Protective Order

We still await Apple's comments on the draft protective order. During our meet and confer call last Friday, you indicated that you would be sending us Apple's redlines on Tuesday, September 6. As of the date of this letter we still have not received them. Please send them as soon as possible.

Very truly yours,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

/s/

Melissa N. Chan

Cc:  Rachel Herrick Kassabian