# EXHIBIT 14

quinn emanuel  trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S INTERNET ADDRESS
melissachan@quinnemanuel.com

September 15, 2011

**VIA E-MAIL**

Jason Bartlett
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

Re:     Apple Inc. v. Samsung Elecs. Co., et al., Case No. 11-CV-01846-LHK (N.D. Cal.)

Dear Jason:

I write to respond to your September 14, 2011 letter.  We do not agree with your characterization of our discussions and meet and confer conferences in various respects, but in the interests of time, I write only to address the questions you pose in your letter.

**Interrogatory No. 1**

Samsung will serve its supplemental response to Apple's Interrogatory No. 1 as soon as possible, but no later than Monday, September 19, 2011.  Included in that response will be a description of any analysis, review, consideration, or copying of, or comparison against, an iPhone or iPad or iPod Touch product or product feature in designing or developing, or implementing a feature on, Samsung's Galaxy S 4G, Infuse 4G, Droid Charge, and the Galaxy Tab 10.1, if such activities occurred.  In previous correspondence, I have already explained our objections and limitations to our response regarding the accused functionalities and geographic scope.  The supplemental response will also identify persons with knowledge.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100

**Request for Production No. 1**

Request for Production No. 1 covers "[d]ocuments relating to your analysis, review, consideration, or copying of, or comparison against, any Apple product or product feature in designing, developing, or implementing any feature of the Products at Issue, including (1) their Exterior Design; (2) functionality that allows for an image, list, or webpage to be scrolled beyond its edge until it is partially displayed; and (3) functionality that allows for an image, list, or webpage that is scrolled beyond its edge to scroll back or bounce back into place so that it returns to fill the screen." Samsung has produced any responsive documents that might exist, after a reasonable search. Samsung's investigation is continuing, and to the extent we locate any additional documents, Samsung will produce them.

As for your request for design and development documents, those don't appear responsive to Request for Production No. 1. However, to the extent you are asking about Request for Production No. 158, Samsung has produced responsive documents that might exist, after a reasonable search. Samsung's investigation is continuing, and Samsung further intends to make a supplemental production of documents on Friday, September 15, 2011.

As for your inquiry regarding the number of Korean documents, we have confirmed that there has been no hold-back of Korean-language documents, and we have produced the relevant and responsive documents that we have located, without regard to what language those documents are written in.

With regard to your specific questions:
- We have addressed (1), (2), (4), (5) and (6) of your letter in the paragraphs above.
- Regarding (3), no relevant CAD design documents were withheld. Samsung is continuing to investigate whether more responsive CAD design documents exist.

In response to your inquiry regarding the Galaxy S, we do not intend to withhold documents relating to the Galaxy S. Samsung's investigation is continuing, and we will ensure that any additional, non-privileged, responsive and relevant documents will be produced.

For the four custodians, we have confirmed that documents have been pulled and searched for Jin Soo Kim. Documents from or to Minhyouk Lee, Yunjung Lee and Hyoung Shin Park also have been searched and pulled; we are still confirming the extent of that collection.

**Request for Production No. 166**

As we stated on the meet and confer call regarding the Lee Don-Joo documents, we are checking with the client on this request.

**Customer Surveys**

I believe Rachel has emailed you separately about the customer surveys, and what information we need in order to narrow that request; your response that customer surveys "are relevant to

2

irreparable harm, potential market share that Samsung has taken from Apple due to its copying, and other issues" does not provide us with a practical way of identifying a reasonable subset of documents that are relevant to irreparable harm, market share, or "other issues" related to the preliminary injunction motion.  That said, we are continuing our investigation and will supplement our production if we can identify additional relevant, responsive documents.

**Rule 30(b)(6) Deposition**

As we stated on the call, our 30(b)(6) witness will be prepared to talk about the design and development of the accused functionalities of the Galaxy S 4G, Infuse 4G, Droid Charge, and the Galaxy Tab 10.1 (as detailed and limited in our objections and my Sept. 8, 2011 letter).  We also stated that to the extent the witness refers to predecessor products, the witness will be prepared to the best of his ability to testify on those issues, and will not be "cut off" unless it is clear that Apple's attorney intends to probe a broader universe of predecessor products.

I have already provided Diana Kruze with the name of the deponent and informed her that a translator will not be necessary.

Finally, we have already stated our position in response to Apple's letter to Judge Grewal on September 12, 2011.  Since this was not a topic of our meet and confer yesterday, and has already been addressed in earlier correspondence, we see no need to reiterate our position.

Very truly yours,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

/s/

Melissa N. Chan

Cc:  Rachel Herrick Kassabian

3