UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., | Case No.: C 11-1846 LHK (PSG) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD, a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **(Re: Docket No. 327)** |
| Defendants. | |

The Local Rules of the Northern District require that attorneys "practice with the honesty, care and decorum required for the fair and efficient administration of justice."[1] By a motion filed at 3:25 AM on October 27, 2011 for a protective order prohibiting a particular attorney from participating in any further depositions in this case on behalf of his clients Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"), Apple Inc. ("Apple") charges the Samsung attorney with trampling

---

[1] Civil L.R. 11-4(a)(4).

1

Case No.: C 11-1846 LHK (PSG)
ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

upon these standards. In the alternative, Apple asks for an order restricting the attorney from engaging in particularly abusive deposition acts, including:

- belligerent and insulting treatment of witnesses;
- repeated interruptions of witnesses and counsel;
- unilaterally terminating a deposition because he disliked a witness's answers;
- asking the same question without modification despite requests for clarification or repetition of answers by witnesses;
- refusing to permit a witness to leave a deposition despite exceeding the seven hour time limit in the Federal Rule by nearly forty minutes;
- uncivil treatment of opposing counsel;
- engaging in lengthy colloquy on the record; and
- disregarding other requirements imposed by the Federal Rules of Civil Procedure.

Apple characterizes the attorney's conduct as nothing less than "inappropriate," "abusive," "harassing," "contemptuous," and "mocking." Samsung, to put it mildly, objects. Relying upon the fact that the majority of the deponents are Apple's patent lawyers and agents "who are accustomed to the adversarial process," techniques taught in deposition textbooks, and the exacting standards applicable to a disqualification motion, Samsung denies that Apple has shown "compelling" grounds for interfering with its due process rights. At oral argument, Samsung even went so far as to deny – repeatedly – that the attorney had done even one thing wrong in his actions towards either opposing counsel or witnesses.

And so the court confronts a circumstance in which two sophisticated parties, represented by equally sophisticated and reputable law firms, confront the identical set of actions and yet urge diametrically opposite conclusions. In support of their respective positions, both sides file transcript after transcript. Both sides encourage the review of deposition DVD after deposition DVD. And yet, remarkably, neither side confronts or even truly acknowledges evidence undermining its preferred conclusion, in textbook examples of what psychologists refer to as "confirmation bias." Nor does either side point to even one instance in which it followed Judge Koh's explicit instructions for lead trial counsel to meet in person before imposing on the court what is essentially a motion to behave.

2
Case No.: C 11-1846 LHK (PSG)
ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

In light of this unfortunate record of non-compliance with Judge Koh's instructions, the court denies Apple's motion. These instructions were not optional, and at no point have the parties sought relief from these instructions even after the undersigned reminded them of that opportunity. The court must therefore decline to share the conclusions it has reached about what is depicted in the transcripts and DVDs stacked on the court's desk.

Dated: November 16, 2011

PAUL S. GREWAL
United States Magistrate Judge