HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Attorneys for Plaintiff
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**DECLARATION OF FRANCIS HO IN SUPPORT OF APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUNCTION** |

**PUBLIC VERSION**
**EXHIBITS A, B, C, D, M, P, S, W, Z, EE, FF, GG, JJ, KK, LL FILED UNDER SEAL**

1    I, FRANCIS HO, declare as follows:

2        1.      I am an associate at the law firm of Morrison & Foerster LLP, attorneys of record

3    in this action for plaintiff Apple Inc. ("Apple").  I submit this declaration in support of Apple's

4    Reply in Support of its Motion for a Preliminary Injunction.  Unless otherwise indicated, I have

5    personal knowledge of the matters set forth below.  If called as a witness I could and would

6    testify competently as follows:

7        **A.    Foreign Actions**

8        2.      Apple has obtained provisional relief in several foreign actions.

9        3.      On August 1, 2011, in response to Apple's application for a preliminary

10   injunction, the Federal Court of Australia for New South Wales entered an order confirming the

11   undertaking of Samsung Electronics Co., Ltd. and its Australian affiliate that Samsung will not

12   import, offer for sale or sell in Australia the Galaxy Tab 10.1 without Apple's permission pending

13   resolution of Apple's application, and that Samsung will provide samples of the Galaxy Tab 10.1

14   to Apple at least seven days before the intended date of distribution.  I understand that the

15   Australian court has been hearing this week Apple's application for a preliminary injunction, and

16   that during the hearing Samsung has further agreed to remove certain accused features from the

17   Australian version of the Tab 10.1 before releasing the product.

18       4.      On August 24, 2011, the Court of Justice of the Hague in the Netherlands

19   enjoined—in the Netherlands, as to Samsung Electronics Co., Ltd., and Europe-wide as to

20   Samsung's Dutch entities—the manufacture, stocking, offering, importing, commercializing,

21   selling and/or otherwise trading of Samsung Galaxy S, S II and Ace smartphones. The

22   smartphones were found to infringe claims of Apple's European Patent 2,059,868 that are related

23   to claims of the '381 patent asserted in this case.

24       5.      On September 9, 2011, the Dusseldorf Regional Court in Germany confirmed an

25   interim injunction of August 9, 2011 enjoining—in Germany, as to Samsung Electronics Co.,

26   Ltd., and Europe-wide as to Samsung's German entity—the manufacture, offering for sale

27   (including advertising), bringing to market, importing, exporting and/or possessing for any of the

28   above purposes the Samsung Galaxy Tab 10.1. The Galaxy Tab 10.1 was found to infringe

Apple's Registered European Community Design 181607-1, the counterpart of which, the D'889 patent, is asserted in this case. The Dusseldorf court similarly enjoined the Galaxy Tab 7.7, on September 2, 2011, for infringing the same design right, and it confirmed on September 15, 2011 that the Galaxy Tab 8.9 falls within the scope of the injunction against the Galaxy Tab 10.1.

6.      Proceedings are ongoing in Australia, the Netherlands, and Germany, and Apple has also asserted its rights in Japan, Korea, and the United Kingdom.  Samsung has initiated additional proceedings in Italy and France.

**B.      Exhibits**

7.      Attached hereto as Exhibit A is a true and correct copy of portions of a certified Korean to English translation of the "Final Report, Galaxy S Market Response Survey" produced by Samsung at bates numbers SAMNDCA00521309, SAMNDCA00521312, SAMNDCA00521313, SAMNDCA00521316, SAMNDCA00521318, SAMNDCA00521374.

8.      Attached hereto as Exhibit B is a true and correct copy of excerpts from the September 21, 2001 Rule 30(b)(6) deposition of Justin Denison.

9.      Attached hereto as Exhibit C is a true and correct copy of a spreadsheet entitled "Market Share:  Mobile Communications Devices by Region and Country, 1Q11," bates labeled SAMNDCA00025016–SAMNDCA00025079.

10.      Attached hereto as Exhibit D is a true and correct copy of excerpts from the September 14, 2011 deposition of Michael Wagner. True and correct copies of excerpts from the same deposition are also attached as an exhibit to the Reply Declaration of Terry Musika in Support of Apple's Motion for a Preliminary Injunction.

11.      Attached hereto as Exhibit E is a true and correct copy of deposition exhibit 162 from the September 14, 2011 deposition of Michel Wagner.

12.      Attached hereto as Exhibit F is a true and correct copy of deposition exhibit 169 from the September 14, 2011 deposition of Michel Wagner.

13.      Attached hereto as Exhibit G is a true and correct copy of deposition exhibit 170 from the September 14, 2011 deposition of Michel Wagner.

14.     Attached hereto as Exhibit H is a true and correct copy of deposition exhibit 173 from the September 14, 2011 deposition of Michel Wagner.

15.     Attached hereto as Exhibit I is a true and correct copy of deposition exhibit 175 from the September 14, 2011 deposition of Michel Wagner.

16.     Attached hereto as Exhibit J is a true and correct copy of deposition exhibit 176 from the September 14, 2011 deposition of Michel Wagner.

17.     Attached hereto as Exhibit K is a true and correct copy of deposition exhibit 177 from the September 14, 2011 deposition of Michel Wagner.

18.     Attached hereto as Exhibit L is a true and correct copy of deposition exhibit 183 from the September 14, 2011 deposition of Michel Wagner.

19.     Attached hereto as Exhibit M is a true and correct copy of deposition exhibit 184 from the September 14, 2011 deposition of Michel Wagner.

20.     Attached hereto as Exhibit N is a true and correct copy of deposition exhibit 185 from the September 14, 2011 deposition of Michel Wagner.

21.     Attached hereto as Exhibit O is a true and correct copy of Apple Inc.'s Second Amended Objections and Responses to Samsung's Interrogatory No. 7 to Apple Relating to Apple Inc.'s Motion for a Preliminary Injunction, served September 30, 2011.

22.     Attached hereto as Exhibit P is a true and correct copy of excerpts from the August 5, 2011 deposition of Cooper Woodring.

23.     Attached hereto as Exhibit Q is a true and correct copy of excerpts from the September 15, 2011 deposition of Itay Sherman.

24.     Attached hereto as Exhibit R is a true and correct copy of a June 17, 2011 hearing transcript in this case.

25.     Attached hereto as Exhibit S is a true and correct copy of excerpts from the September 26, 2011 deposition of Jeffrey Johnson.

26.     Attached hereto as Exhibit T is a true and correct copy of excerpts from the September 17, 2011 deposition of Benjamin Bederson.  A true and correct copy of a redacted version of excerpts from the same deposition is also attached as Exhibit I to the Reply Declaration

1    of Ravin Balakrishnan, Ph.D., in Support of Apple's Motion for a Preliminary Injunction.  The

2    redactions cover material designated by Samsung as HIGHLY CONFIDENTIAL, ATTORNEYS

3    EYES ONLY.  Dr. Balakrishnan did not review the unredacted version of these excerpts.

4        27.    Attached hereto as Exhibit U is a true and correct copy of excerpts from the

5    September 9, 2011 deposition of Nicholas Godici.

6        28.    Attached hereto as Exhibit V is a true and correct copy of excerpts from the

7    August 16, 2011 deposition of Ravin Balakrishnan.

8        29.    Attached hereto as Exhibit W is a true and correct copy of excerpts from the

9    August 9, 2011 deposition of Bas Ording.

10       30.    Attached hereto as Exhibit X is a true and correct copy of excerpts from the

11   September 14, 2011 deposition of Andries Van Dam. A true and correct copy of excerpts from

12   the same deposition is also attached as Exhibit J to the Reply Declaration of Ravin Balakrishnan,

13   Ph.D., in Support of Apple's Motion for a Preliminary Injunction.

14       31.    Attached hereto as Exhibit Y is a true and correct copy of excerpts from the

15   September 23, 2011 deposition of Roger Fidler.

16       32.    Attached hereto as Exhibit Z is a true and correct copy of excerpts from the August

17   3, 2011 deposition of Christopher Stringer.

18       33.    Attached hereto as Exhibit AA is a true and correct copy of an article entitled

19   "Apple's Netbook Foray Will Flop," by Scott Moritz, published by TheStreet.com on March 24,

20   2009.

21       34.    Attached hereto as Exhibit BB is a true and correct copy of an article entitled "5

22   Reasons Why Apple's iPad Tablet Will Fail," by Daniel Nations, published by About.com on

23   January 26, 2010.

24       35.    Attached hereto as Exhibit CC is a true and correct copy of an article entitled

25   "Why the iPad Will Flop," by Alex Cook, published by SeekingAlpha.com on April 4, 2010.

26       36.    Attached hereto as Exhibit DD is a true and correct copy of an articled entitled

27   "Why the iPad Will Fail and Help Windows 7 to Succeed," by Mike Halsey, published by

28   Windows7news.com on January 28, 2010.

37.     Attached hereto as Exhibit EE is a true and correct copy of excerpts from  the July 27, 2011 deposition of Sissie Twiggs.

38.     Attached hereto as Exhibit FF is a true and correct copy of deposition exhibit 45 from the July 27, 2011 deposition of Sissie Twiggs.

39.     Attached hereto as Exhibit GG is a true and correct copy of deposition exhibit 46 from the July 27, 2011 deposition of Sissie Twiggs.

40.     Attached hereto as Exhibit HH are three documents.  The first document contains images of the Samsung BlackJack, SCH-i830, i700, i730, Galaxy S, Galaxy S 4G, Galaxy S II, and Infuse 4G from the following websites:

- http://www.mobiledia.com/phones/samsung/blackjack.html
- http://www.mobiledia.com/phones/samsung/sch-i830.html
- http://www.mobiledia.com/phones/samsung/sph-i700.html
- http://www.mobiledia.com/phones/samsung/sch-i730.html
- http://www.techradar.com/reviews/phones/mobile-phones/samsung-galaxy-s-689293/review
- http://www.samsung.com/us/topic/our-galaxy-smartphones
- http://www.samsung.com/us/mobile/cell-phones/SGH-T959HABTMB
- http://www.androidphonegeek.com/2011/01/samsung-infuse-announced-headed-to-att/

The second document contains images of the Apple iPad 2 and the Samsung Q1 and Galaxy Tab 10.1 from the following websites:

- http://www.digitalworldtokyo.com/index.php/digital_tokyo/articles/samsung_q1_origami_device_makes_us_debut/
- http://reviews.cnet.com/tablet-pcs/samsung-q1-ultramobile-pc/4505-3126_7-31781057.html
- http://www.samsung.com/us/mobile/galaxy-tab/GT-P7510UWVXAB-gallery
- http://www.apple.com/ipad/specs/

1  The third document contains images of the Pantech Crossover P8000 and the LG Chocolate from

2  the following websites:

3  •  http://www.att-phones.org/att-sets-release-date-for-pantech-crossover-p8000-on-june-

4      5-for-69-99.html

5  •  http://www.letsgomobile.org/en/cellular/0620/lgchocolatewhite/

6  The other images are from U.S. D616,856,  U.S. D561,155, and Exhibit A to the Sherman

7  Declaration.  Although I scaled and cropped the images in these documents, I did not otherwise

8  alter the images.

9      41.    Attached hereto as Exhibit II is a photograph of the iPad 2 and Samsung Galaxy

10  Tab 10.1.

11      42.    Attached hereto as Exhibit JJ is a true and correct copy of deposition exhibit 60

12  from the August 3, 2011 deposition of Christopher Stringer.

13      43.    Attached hereto as Exhibit KK is a true and correct copy of deposition exhibit 61

14  from the August 3, 2011 deposition of Christopher Stringer.

15      44.    Attached hereto as Exhibit LL is a true and correct copy of deposition exhibit 62

16  from the August 3, 2011 deposition of Christopher Stringer.

17      45.    A true and correct copy of deposition exhibit 211 from the September 17, 2011

18  deposition of Benjamin Bederson is attached as Exhibit K to the Reply Declaration of Ravin

19  Balakrishnan, Ph.D., in Support of Apple's Motion for a Preliminary Injunction.

20      46.    A true and correct copy of deposition exhibit 212 from the September 17, 2011

21  deposition of Benjamin Bederson is attached as Exhibit L to the Reply Declaration of Ravin

22  Balakrishnan, Ph.D., in Support of Apple's Motion for a Preliminary Injunction.

23      47.    A true and correct copy of deposition exhibit 213 from the September 17, 2011

24  deposition of Benjamin Bederson is attached as Exhibit M to the Reply Declaration of Ravin

25  Balakrishnan, Ph.D., in Support of Apple's Motion for a Preliminary Injunction.

26      48.    A true and correct copy of deposition exhibit 222 from the September 17, 2011

27  deposition of Benjamin Bederson is attached as Exhibit N to the Reply Declaration of Ravin

28  Balakrishnan, Ph.D., in Support of Apple's Motion for a Preliminary Injunction.

1    I declare under the penalty of perjury that the forgoing is true and correct.  Executed this

2    30th day of September, 2011, at San Francisco, California.

3

4

5

6    Dated:  September 30, 2011                    MORRISON & FOERSTER LLP

7

8                                        By:    /s/ Francis Ho
                                                Francis Ho

9                                                Attorneys for Plaintiff

10                                               APPLE INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

### ATTESTATION OF E-FILED SIGNATURE

3          I, MICHAEL A. JACOBS, am the ECF User whose ID and password are being used to

4    file this Declaration.  In compliance with General Order 45, X.B., I hereby attest that Francis Ho

5    has concurred in this filing.

6    Dated:  September 30, 2011              By:  _____ */s/  Michael A. Jacobs*_____

7                                                          Michael A. Jacobs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28