Exhibit V

Confidential Attorneys' Eyes Only Outside Counsel

Page 1

1          UNITED STATES DISTRICT COURT
2          NORTHERN DISTRICT OF CALIFORNIA
3               SAN JOSE DIVISION
4

5   APPLE INC., a California
    corporation,
6

                Plaintiff,
7

    vs.                        CASE NO. 11-CV-01846-LHK
8

    SAMSUNG ELECTRONICS CO., LTD.,
9   A Korean business entity;
    SAMSUNG ELECTRONICS AMERICA,
10  INC., a New York corporation;
    SAMSUNG TELECOMMUNICATIONS
11  AMERICA, LLC, a Delaware
    limited liability company,
12

                Defendants.
13  _____/
14

15          C O N F I D E N T I A L
16     A T T O R N E Y S'  E Y E S  O N L Y
17        O U T S I D E   C O U N S E L
18

19   VIDEOTAPED DEPOSITION OF RAVIN BALAKRISHNAN, Ph.D.
20          SAN FRANCISCO, CALIFORNIA
21          TUESDAY, AUGUST 16, 2011
22

23  BY:  ANDREA M. IGNACIO HOWARD, CSR, RPR, CCRR, CLR
24  CSR LICENSE NO. 9830
25  JOB NO. 41176

Confidential Attorneys' Eyes Only Outside Counsel

1        TUESDAY, AUGUST 16, 2011

2              9:10 a.m.

3

4

5

6    VIDEOTAPED DEPOSITION OF RAVIN BALAKRISHNAN,

7    Ph.D., taken at QUINN EMANUEL URQUHART &

8    SULLIVAN, 50 California Street, 22nd Floor,

9    San Francisco, California, pursuant to

10   Notice, before me, ANDREA M. IGNACIO HOWARD,

11   CLR, CCRR, RPR, CSR License No. 9830.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Confidential Attorneys' Eyes Only Outside Counsel

Page 3

1    A P P E A R A N C E S:

2

3        FOR APPLE INC.:

4                MORRISON & FOERSTER

5                By:  ANDREW E. MONACH, Esq.

6                     DEOK KEUN AHN, Esq.

7                425 Market Street

8                San Francisco, California 94105

9

10

11

12        FOR SAMSUNG ELECTRONICS CO. LTD:

13                QUINN EMANUEL URQUHART & SULLIVAN

14                By:  KEVIN JOHNSON, Esq.

15                     HENRY LIEN, Esq.

16                     TODD BRIGGS, Esq.

17                     MARK TUNG, Ph.D., Esq.

18                555 Twin Dolphin Drive

19                Redwood Shores, California 94065

20

21

22

23        ALSO PRESENT:  Alan Dias, Videographer

24

25

Confidential Attorneys' Eyes Only Outside Counsel

Page 63

1    So let's see if I can show this.  I've got my
2  finger on the screen, my object on the screen.  The
3  first portion is this part of the document that, let's
4  say, starts with Chris Thomas at the top, and at the
5  bottom it has the word "QWERTY," that I just entered.
6  I'm gonna -- I'm gonna move my -- move my finger, and
7  so in response to my -- my finger, it's gonna
8  translate the electronic document to display --
9  translate in a first direction, in one direction here,
10  to display a second portion, which is different from
11  the first portion.
12    So, now, the second portion now, as you see,
13  on the top, has Billy Smith, and the bottom has
14  Michael Myers on the -- on the list of the information
15  on the document.  So it's clearly different from that
16  first portion that we saw earlier that had different
17  names on the top and bottom.
18    Now -- now, I'm gonna keep going here to the
19  next element.  It says "In response to an edge of the
20  electronic document being reached while translating
21  the electronic document in the first direction, while
22  the object is still detected on or near the
23  touchscreen display, displaying an area beyond the
24  edge of a document and displaying a third portion of
25  the electronic document, wherein the third portion is

Confidential Attorneys' Eyes Only Outside Counsel

Page 279

1   product, but you can answer.

2          MR. JOHNSON:  You can have a running

3   objection on that, just to try and cut though this.

4          THE WITNESS:  So I haven't examined this in

5   any great detail, but just looking at this right now,

6   it's -- certainly is an application that's running on

7   a computer-implemented -- or a computer -- so it is a

8   computer-implemented method.

9          MR. JOHNSON:  Okay.

10   Q    And does LaunchTiles running on iPAQ, does

11   that meet the limitation of a device with a

12   touchscreen display?

13          MR. MONACH:  Same objection.

14          THE WITNESS:  It's not clear, to me, this is

15   a touchscreen display.  I tried touching it a minute

16   ago, like when I was playing with it, and it didn't

17   react to me, but the -- the pen seems to do the job.

18          Okay, so now it does react, so maybe I was

19   mistaken.  Given what he just did, it appears to react

20   to touches, so, sure, it would be a device with a

21   touchscreen display.

22          MR. JOHNSON:  Okay.

23   Q    So in the -- in the 2x2 grid that we see

24   there running on the iPAQ, does that meet the

25   limitation of displaying a first portion of an

Confidential Attorneys' Eyes Only Outside Counsel

Page 280

1    electronic document?

2         MR. MONACH:  Same objection; lack of

3    foundation; incomplete hypothetical.

4         THE WITNESS:  So I would have to study this

5    in detail before answering that question, because I

6    need to understand the context of the content being

7    shown on the -- on the display as to what constitutes

8    an electronic document there, whether it's all four

9    tiles is one document or a single tile is a document.

10   I cannot make that determination, just looking at this

11   on the fly.

12        MR. JOHNSON:  Q.  So if the -- in this

13   example, assume the 2x2 is an electronic document.

14     A   So you're representing to me that you want me

15   to consider --

16     Q   I want you to consider the 2x2 is an

17   electronic document?

18     A   So just to clarify it, does that mean the --

19   the whole thing is one document.  Is that what you're

20   saying to me?

21     Q   Right.  Right, the 2x2.

22         And so, then, when --

23     A   So that's your representation.  I'm not

24   necessarily agreeing with that.

25     Q   I'm just -- yeah, right.

Confidential Attorneys' Eyes Only Outside Counsel

Page 285

1    So as I stated earlier, I haven't studied
2  this in detail enough in matching it up with the
3  claims, so your representation is you wanted me to
4  consider all four tiles as one doc -- in a -- in its
5  combination, as an entirety, as one document.
6    That might be an electronic document
7  vis-à-vis the claims.  It might not be.  I would have
8  to study that in detail --
9    MR. JOHNSON:  Well --
10    THE WITNESS:  -- relative to the context of
11  the application.  I have not done that detailed
12  analysis yet.  So it may be that only each -- each
13  tile is an electronic document in this application.  I
14  don't know.
15    MR. JOHNSON:  Q.  Well, it's visually
16  represented on screen with a defined set of
17  boundaries, right, those 2x2 tiles?
18    MR. MONACH:  Object to the form of the
19  question; assumes facts not in evidence; lack of
20  foundation.
21    THE WITNESS:  As I said, you -- you're
22  representing to me that you wanted me to consider
23  that.  So if you considered those four tiles as one
24  entirety with the defined boundaries, that could be
25  an --

Page 330

1          MR. JOHNSON:  Tilt it, Henry.  Yep.

2     Q    See that?

3     A    Keep going.

4     Q    Doesn't that meet claim limitation seven?

5          MR. MONACH:  Same -- same objection.

6          THE WITNESS:  I think I would have to study

7    that in detail.  It's not clear to me that I -- it

8    definitely meets the edge -- reaches the edge.  When I

9    know that I reached the edge because I've gone -- I've

10   already explored that list further, but just looking

11   at that and maybe there's something beyond that, I

12   don't know.  It's only when it goes much further that

13   it clearly tells me that I've reached the edge.  So,

14   again, I would caveat this by saying I have to study

15   this in detail --

16         MR. MONACH:  Sorry.

17         THE WITNESS:  -- before making that

18   determination.

19         MR. MONACH:  Sorry.

20         Mr. Videographer, are we at seven hours?  Two

21   minutes?  Okay.

22         MR. JOHNSON:  Okay.

23    Q    Can you tell me if this meets the limitations

24   of Claims 19 and 20?

25         MR. MONACH:  Same objection.

Confidential Attorneys' Eyes Only Outside Counsel

Page 335

1    perspective, no surprise, I suspect, the deposition is

2    over.

3              THE VIDEOGRAPHER:  This is the end of today's

4    deposition.

5              We are off the record at 6:37 p.m.

6              The master disk will be held by TSG.

7              (WHEREUPON, the deposition ended at

8               6:37 p.m.)

9                        ---oOo---

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Confidential Attorneys' Eyes Only Outside Counsel

Page 336

                          J U R A T

1

2

3          I, RAVIN BALAKRISHNAN, Ph.D., do hereby

4   certify under penalty of perjury that, I have read the

5   foregoing transcript of my deposition taken on

6   August 16, 2011; that I have made such corrections as

7   appear noted herein in ink, initialed by me; that my

8   testimony as contained herein, as corrected, is true

9   and correct.

10

11          DATED this _____ day of _____, 2011,

12   at _____.

13

14

15

16

17

18          _____

19                   SIGNATURE OF WITNESS

20

21

22

23

24

25

Confidential Attorneys' Eyes Only Outside Counsel

Page 337

## CERTIFICATE OF REPORTER

1

2

3

4

5        I, ANDREA M. IGNACIO HOWARD, hereby certify

6    that the witness in the foregoing deposition was by me

7    duly sworn to tell the truth, the whole truth, and

8    nothing but the truth in the within-entitled cause;

9

10        That said deposition was taken in shorthand

11   by me, a Certified Shorthand Reporter of the State of

12   California, and was thereafter transcribed into

13   typewriting, and that the foregoing transcript

14   constitutes a full, true and correct report of said

15   deposition and of the proceedings which took place;

16

17        That I am a disinterested person to the said

18   action.

19

20        IN WITNESS WHEREOF, I have hereunto set my

21   hand this 17th day of August, 2011.

22

23   _____

24   ANDREA M. IGNACIO HOWARD, RPR, CCRR, CLR, CSR No. 9830

25