HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Attorneys for Plaintiff
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S OBJECTIONS TO SAMSUNG'S UNTIMELY NEW EVIDENCE REGARDING PRELIMINARY INJUNCTION MOTION** |

**Table of Abbreviations**

| Abbreviation | Meaning |
|---|---|
| Bloomberg | Three untranslated German documents recently produced by Samsung<br>• SAMNDCA00019932-33<br>• SAMNDCA00020402-04<br>• German document bearing the number 40301867, which appears to be related to the first two documents (produced by Samsung on the afternoon of October 17, 2011) |
| Bressler Dec | Reply Declaration of Peter W. Bressler In Support of Apple's Motion for a Preliminary Injunction, filed September 30, 2011 (D.N. 279) |
| Chung Dec | Declaration of Minn Chung In Support of Apple's Administrative Motion To Augment Record, submitted under seal on Oct. 12, 2011 |
| Diamond Touch | Refers to two recently produced Samsung documents:<br>• Exhibit G-7 to Samsung's Invalidity Contentions of October 7, 2011<br>• Video referenced in the presentation that Samsung provided to the Court on October 13, 2011, which Samsung provided to Apple on October 15, 2011 |
| DT Chart | Exhibit G-7 to Samsung's Invalidity Contentions of October 7, 2011 |
| DT Rebuttal Chart | Ex. I to the Kim Dec., which is a chart rebutting Samsung's DT Chart, and which Apple is submitting on a contingent basis if Samsung's chart is considered. |
| Fidler Dep | Deposition of Roger F. Fidler, taken September 23, 2011, excerpts of which are submitted as Kim Dec. Ex. D. |
| JP 1178470 | SAMNDCA00027686-90, untranslated Japanese document produced by Samsung on October 12, 2011 |
| Kim Dec. | Declaration of Grant Kim In Support of Apple's Objections to Samsung's Untimely New Evidence, filed herewith. |
| March 2011 ITC pleading | Apple's Statement on the Public Interest (Public Version) filed on March 10, 2011 in ITC Investigation No. 337-TA-703, *Certain Mobile Telephones and Wireless Communication Devices Featuring Digital Cameras,and Components Thereof*, Docket No. 2706. |
| Motion to Augment | Apple's Administrative Motion To Augment Record On Its Motion For Preliminary Injunction, dated Oct. 11, 2011, and submitted under seal on October 12, 2011. |

| | |
|---|---|
| Nokia | SAMNDCA00045058-00045063, Oct. 11, 2011 website printout of "Ricardo Vilas-Bos Portfolio," produced by Samsung on October 12, 2011 |
| Ozolins | SAMNDCA00027692-708 (US 2004/0041504 A1), recently produced by Samsung |
| Reply | Apple's Reply In Support of Its Motion for Preliminary Injunction, filed September 30, 2011 (D.N. 275). |
| SP | 250-page presentation that Samsung submitted to the Court at the Preliminary Injunction Hearing on October 13, 2011. |
| Taylor Dec. | Declaration of Jennifer Lee Taylor In Support of Apple's Objections to Samsung's Untimely New Evidence, filed herewith. |
| Zhang Dec. | Declaration of Patrick Zhang in Support of Apple's Motion for a Preliminary Injunction, filed July 1, 2011 (D.N. 87). |

1    At the recent hearing, Apple submitted a focused presentation limited to images of
2 evidence in the record.  Samsung, in contrast, submitted a massive, 250-page document that cites
3 entirely new evidence, cases, and arguments.  Samsung's new material should be rejected.

4 **I.   SAMSUNG'S NEW EVIDENCE SHOULD BE REJECTED AS UNTIMELY**

5    Samsung's new alleged prior art is untimely because Samsung failed to include it in its
6 August 22 Opposition.  Bloomberg, Ozolins, JP 1178470, and Nokia are publicly available
7 patents and website printouts.  DiamondTouch was allegedly developed in 2002.  Samsung's
8 failure to submit this evidence by the Court deadline is Samsung's own fault.  Its October 7
9 invalidity contentions do not cure its disregard of the preliminary injunction schedule.  Samsung's
10 submission of a publicly available March 2011 ITC pleading should also be rejected as untimely.

11    As to depositions, Samsung rejected Apple's proposal to allow further designations if
12 Apple's counter-designations of related testimony are included.  (Kim Dec. ¶¶ 4-5.)  The Court
13 should either allow further designations by both sides, or reject all further designations.

14 **II.   SAMSUNG'S NEW EVIDENCE IS INADMISSIBLE AND IRRELEVANT**

15    Samsung's new evidence is also inadmissible and irrelevant.  DiamondTouch consists of
16 an unauthenticated demonstrative video and an argumentative chart.  (SP 172-77; DT Chart.)
17 Neither is admissible evidence that DiamondTouch was "prior art" or had specific features.
18 DiamondTouch is also irrelevant for the reasons in Apple's DT Rebuttal Chart.

19    Bloomberg and JP 1178470 are unauthenticated and untranslated German and Japanese
20 documents.  Bloomberg is irrelevant because it has a square protrusion on the back, unlike the
21 D889's sleek profile.  (SAMNDCA00019932; *cf.* Zhang Dec. Ex. 50, Figs. 5-8.)  Ozolins has a
22 square back opening and a thick side profile with slanted angles, similar to Bloomberg and unlike
23 the D889's thin, rounded profile.  (SAMNDCA00027701.)  JP 1178479 has a square profile with
24 no rounding, unlike the D889.  (SAMNDCA00027689.)  Nokia is an unauthenticated website
25 printout that does not prove the design was sold or qualifies as prior art.  (SAMNDCA00045058-
26 63.)  It also has bulging sides, unlike the straight sides of the iPhone design.  (*Id.*; *see* SP 44.)

27    Samsung has violated the best evidence rule by submitting misleading photos of the
28 mock-ups identified as Fidler Dep. Exs. 267-69.  The actual mock-ups (the best evidence) would

1  not be objectionable, but Samsung failed to submit them.  Samsung's photos suggest Ex. 267 was
2  a real prototype; in fact, it was merely a sheet of Plexiglas, with no display or border, used to ask
3  how consumers would hold it to read a newspaper.  (Fidler Dep. 138:16-145:10)  Samsung's
4  photos suggest Exs. 268-69 had smooth fronts; in fact, they had raised frames and a square side
5  profile.  (Bressler Dec. ¶ 46 & Ex. 7; Taylor Dec. Exs. 1-8.)  The raised frame distinguishes all
6  Fidler mock-ups—including Knight-Ridder—from the D889's smooth, uninterrupted reflective
7  surface that extends to the edge.  (Bressler Dec. ¶ 45 & Exs. 5, 6; Zhang Dec. Ex. 50, Figs. 1, 3.)
8        Finally, the Apple ITC pleading that Samsung belatedly seeks to present is from a
9  different case with different issues.  It does not rebut the admissions of Samsung and its expert
10 that Samsung is Apple's "avowed competitor" and that Samsung's sales have taken market share
11 away from Apple.  (*See* Reply at 21-22.)

12 **III.    APPLE'S RESPONSE TO SAMSUNG'S OBJECTIONS**

13       Apple's reply declarations properly replied to Samsung's opposition.  Samsung had an
14 opportunity to address that evidence at the hearing.  Apple offered to allow further Samsung
15 deposition designations if Apple's designations were included, but Samsung rejected that offer.
16       Samsung's objections to Apple's Motion to Augment the Record should be overruled.
17 Apple could not have submitted the Samsung documents before Samsung produced them on
18 October 7 and 10, after the September 12 deadline, and after Judge Grewal ordered production for
19 the preliminary injunction by October 7.  In contrast, the new evidence that Samsung seeks to
20 submit was available to Samsung from public and third party sources before Samsung filed its
21 Opposition on August 22.  Further, unlike the inadmissible and irrelevant evidence that Samsung
22 seeks to submit, the belatedly produced Samsung documents bear directly on the preliminary
23 injunction.  They show, for example, that Samsung added Apple's patented "bounce" feature to
24 the Galaxy Tab 10.1 after deeming the lack of this feature to be a "serious" and "critical"
25 shortcoming that deprived the Tab 10.1 of the iPad 2's "Fun, Wow Effect."  (Motion to Augment
26 at 2; Chung Dec. Ex. A at SAMNDCA 00532601, 655.)  This shows that Samsung copied this
27 patented feature and that "bounce" is important to consumers and helps to drive sales.
28

APPLE'S OBJECTIONS TO SAMSUNG'S UNTIMELY NEW EVIDENCE REGARDING PRELIMINARY INJUNCTION
CASE NO. 11-CV-01846-LHK
sf-3058807

2

1 | Dated: October 17, 2011          MORRISON & FOERSTER LLP

By:   */s/ Michael A. Jacobs*
      Michael A. Jacobs

Attorneys for Plaintiff
APPLE INC.

APPLE'S OBJECTIONS TO SAMSUNG'S UNTIMELY NEW EVIDENCE REGARDING PRELIMINARY INJUNCTION
CASE NO. 11-CV-01846-LHK
sf-3058807

3