# EXHIBIT A

Confidential Attorneys' Eyes Only Outside Counsel

Page 1

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                   SAN JOSE DIVISION
 4
 5   APPLE INC., a California
     corporation,
 6
                  Plaintiff,
 7
     vs.                          CASE NO. 11-CV-01846-LHK
 8
     SAMSUNG ELECTRONICS CO., LTD.,
 9   A Korean business entity;
     SAMSUNG ELECTRONICS AMERICA,
10   INC., a New York corporation;
     SAMSUNG TELECOMMUNICATIONS
11   AMERICA, LLC, a Delaware
     limited liability company,
12
                  Defendants.
13   _____/
14
15            C O N F I D E N T I A L
16        A T T O R N E Y S'   E Y E S   O N L Y
17            O U T S I D E   C O U N S E L
18
19   VIDEOTAPED DEPOSITION OF RAVIN BALAKRISHNAN, Ph.D.
20              SAN FRANCISCO, CALIFORNIA
21               TUESDAY, AUGUST 16, 2011
22
23   BY:  ANDREA M. IGNACIO HOWARD, CSR, RPR, CCRR, CLR
24   CSR LICENSE NO. 9830
25   JOB NO. 41176
```

Page 2

1        TUESDAY, AUGUST 16, 2011

2              9:10 a.m.

3

4

5

6   VIDEOTAPED DEPOSITION OF RAVIN BALAKRISHNAN,

7   Ph.D., taken at QUINN EMANUEL URQUHART &

8   SULLIVAN, 50 California Street, 22nd Floor,

9   San Francisco, California, pursuant to

10  Notice, before me, ANDREA M. IGNACIO HOWARD,

11  CLR, CCRR, RPR, CSR License No. 9830.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Confidential Attorneys' Eyes Only Outside Counsel

Page 3

1  A P P E A R A N C E S:

2

3   FOR APPLE INC.:

4       MORRISON & FOERSTER

5       By:  ANDREW E. MONACH, Esq.

6            DEOK KEUN AHN, Esq.

7       425 Market Street

8       San Francisco, California 94105

9

10

11

12  FOR SAMSUNG ELECTRONICS CO. LTD:

13      QUINN EMANUEL URQUHART & SULLIVAN

14      By:  KEVIN JOHNSON, Esq.

15           HENRY LIEN, Esq.

16           TODD BRIGGS, Esq.

17           MARK TUNG, Ph.D., Esq.

18      555 Twin Dolphin Drive

19      Redwood Shores, California 94065

20

21

22

23  ALSO PRESENT:  Alan Dias, Videographer

24

25

Confidential Attorneys' Eyes Only Outside Counsel

Page 148

1   opinion.

2           THE WITNESS:  I don't think I talked about
3   internal boundary at all.

4           MR. JOHNSON:  Okay.

5       Q   Can an electronic document have an internal
6   boundary?

7           MR. MONACH:  Object.

8           MR. JOHNSON:  We talked about it in the
9   context of the contacts on the Tab 7 that had the --
10  the list of names.

11          MR. MONACH:  Object to the form of the
12  question as vague, misstating the prior testimony.

13          MR. JOHNSON:  Q.  So do you understand my
14  question?

15      A   I -- I'm not 100 percent sure, because the
16  word "internal boundary" I don't think, has come up
17  yet, and if I look at the con- -- if I go back to the
18  contacts list discussions, if I recall correctly this
19  morning, the only thing that when we talked about the
20  boundary of the contact list, I mean, there's the
21  application that has more decorations around it,
22  but -- so it -- you know, maybe you can be more
23  specific about what you mean by -- when you say
24  "internal boundary."

25      Q   Okay.  So if we -- you can put that one down

Confidential Attorneys' Eyes Only Outside Counsel

Page 149

1  and pick up the tab -- this is Tab 7.
2       A    Okay.
3       Q    And if you go to the contacts --
4       A    Yes, I'm at the contacts.
5       Q    -- location, right.
6            If you -- so my question is:  I think earlier
7  you said, use a pen, if you want to use a pen, can you
8  draw -- just can you just sort of show the camera what
9  the electronic document is in that context?
10           MR. MONACH:  Object to the form of the
11 question; calls for a legal conclusion, incomplete
12 hypothetical; asking for a new opinion.
13           THE WITNESS:  Okay.  Let me just refresh
14 myself on what this thing does here.
15           So I think I -- I believe I testified that
16 the electronic document -- this would be a portion of
17 the electronic document, because the entirety is not
18 shown.  It's will be this, this stuff that's displayed
19 in this rectangular column, and right now it's showing
20 me a partial --
21           MR. JOHNSON:  Yeah.
22           THE WITNESS:  -- amount.
23           MR. JOHNSON:  Q.  So there -- there are
24 pieces above the F and below the T?
25      A    There --

Confidential Attorneys' Eyes Only Outside Counsel

Page 150

1    MR. MONACH:  Object to form.
2    MR. JOHNSON:  Q.  Or maybe not below it.
3    A    Yeah, there is stuff above the F and below
4  the T, yes.
5    Q    Okay.  So all I was asking was, you can have
6  an electronic document that has an internal boundary
7  within a screen; right?
8    MR. MONACH:  Object to the form of the
9  question as vague.  Objection; calls for a legal
10 conclusion.
11   THE WITNESS:  So I -- I'm not -- again, I'm
12 still not sure what you mean by "internal."  It --
13   MR. JOHNSON:  I'm --
14   THE WITNESS:  Are you saying that this is the
15 boundary of the electronic document?
16   MR. JOHNSON:  Yeah.
17   Q    I just meant that that's internal because
18 it's -- it's located within the middle of the screen?
19   A    So in that -- that boundary doesn't match the
20 edge of the screen --
21   Q    Exactly.
22   A    -- is what you're -- is that what you're
23 saying?
24   Q    Exactly.
25   A    Sure, the boundary of the document doesn't

Confidential Attorneys' Eyes Only Outside Counsel

Page 151

1  have to align with the screen.
2      Q   So you can have -- you can have the edge of
3  the boundary be something other than the edge of the
4  screen?
5          MR. MONACH:  Objection; vague.
6          MR. JOHNSON:  I think we're saying the same
7  thing.  I'm just -- I'm really bad with trying to --
8      A   I want to make sure I say the right thing
9  with my understanding of what you're saying, too.
10     Q   So all I'm saying is, under your view of an
11 electronic document, an electronic document can have a
12 boundary that is internal to the screen or, you know,
13 doesn't have to be at the edge of the screen --
14         MR. MONACH:  Objection; form.
15         MR. JOHNSON:  Q.  -- right?
16         MR. MONACH:  Objection; calling for a legal
17 conclusion; asked and answered.
18         You can do it again.
19         THE WITNESS:  So as I answered earlier, and
20 my opinion is that the boundary of the electronic
21 document, in this case, this -- this edge is one
22 boundary of it, does not have to match the edge of the
23 screen, yes.
24         MR. JOHNSON:  Okay.
25     Q   So just, during the lunch, I had the guys

Confidential Attorneys' Eyes Only Outside Counsel

Page 152

1   just print up a sheet of paper with some squares on it
2   for me.  So if you imagine, sir, that the -- the
3   quadrants that are labeled 1 to 36 on here are the
4   entire -- that's this -- that's the screen of the
5   display.
6       A   So the whole -- the big rectangular is the
7   screen?
8       Q   Right.
9       A   Okay.
10      Q   So you can have an electronic document that
11  consists of smaller grids within the screen; right?
12          MR. MONACH:  Object to the form of the
13  question; calling for a legal conclusion; incomplete
14  hypothetical; asking for a new opinion.
15          THE WITNESS:  It would depend on what one
16  considers to be the electronic document.  It could be
17  one of these, let me call it sub rectangles that you
18  can label with numbers.  It could be some combination
19  of them.  It --
20          MR. JOHNSON:  Right.
21          THE WITNESS:  -- really depends on -- depends
22  on how, you know, you want to put the boundary around
23  it.
24          MR. JOHNSON:  Q.  So you could draw a
25  boundary, hypothetically, around squares 15, 16, 17,

Confidential Attorneys' Eyes Only Outside Counsel

Page 153

1    18, 21 and 22, 23 and 24?
2        A    Say -- sorry.  15, 16, 17, 18, 21?
3        Q    22, 23, and 24.
4        A    So kind of like this?
5        Q    Yeah, go ahead and draw it.
6             MR. MONACH:  Object to the -- object to the
7    form of the question as vague and ambiguous;
8    incomplete hypothetical.
9             MR. JOHNSON:  Q.  Make it a little more
10   noticeable for me.
11       A    We've got black lines around it.
12       Q    Yeah, okay.
13            So that could be an electronic document;
14   right?
15       A    Depend --
16            MR. MONACH:  Same objection.
17            THE WITNESS:  Sorry.  I jumped in there.
18            Depending on the context, depending on the
19   application, it could be.
20            MR. JOHNSON:  Okay.
21            THE WITNESS:  Or some other collection.
22            MR. JOHNSON:  Q.  It's not limited to that;
23   right?
24       A    I would not say it's limited.
25       Q    So it could be also a -- a six-by-six grid or

Confidential Attorneys' Eyes Only Outside Counsel

Page 156

1  application and what a document means in that context.
2          MR. JOHNSON:  Q.  If -- going back to the
3  original two-by-four rectangle of 15, 16, 17, 18, 21,
4  22, 23, 24, if you look at that, is it fair to say
5  that this line right here is an edge of the electronic
6  document?
7      A   The line --
8          MR. MONACH:  Object.
9          Hang on a second.
10         THE WITNESS:  I'm sorry.
11         MR. MONACH:  Objection; vague and ambiguous;
12 incomplete hypothetical; calling for a legal
13 conclusion and a new opinion.
14         THE WITNESS:  So, again, I haven't considered
15 this prior to this, you putting this in front of me.
16         Thinking on the fly here, so you're saying
17 this line -- the vertical line between --
18         MR. JOHNSON:  Since the witness is pointing,
19 I just want to make sure you get what he's pointing
20 to.
21         Yeah.
22         THE WITNESS:  The vertical line between 14
23 and 15, and 20 and 21, here, this --
24     Q   That -- that's right, yeah.
25     A   -- line.

1            MR. JOHNSON:  Sir --
2            THE WITNESS:  -- electronic document in the
3   con- -- but I have not studied this application in
4   detail enough to determine what the contact of use of
5   this application is.  Maybe in this application it
6   might be considering each of these tiles as a separate
7   electronic document.  I do not know that.
8            MR. JOHNSON:  Q.  I'm asking you, does the
9   2x2 tiles that we see currently on the screen, does
10  that meet your definition of "electronic document," as
11  that term is used in the '381 patent?
12           MR. MONACH:  Objection; lack of foundation;
13  incomplete hypothetical; asking the witness to draw a
14  legal conclusion and a new opinion for the first time
15  at the deposition with inadequate information.
16           THE WITNESS:  And as I believe I already
17  answered, it depends on what the context of use is.
18           So if -- if, indeed, the application
19  considers those four things as one entity and is --
20  has defined boundaries, then that might meet the
21  electronic document definition, as used in the claims,
22  but it -- it might not.
23           It might -- it might be that each of those --
24  each of these tiles or quadrants might be a separate
25  electronic document.  I would have to study this in

Confidential Attorneys' Eyes Only Outside Counsel

Page 287

1  the context of use of this -- of these pieces of tiles
2  in this application to determine that with any
3  certainty.
4          MR. JOHNSON:  Q.  So you don't know right
5  now, sitting here?
6      A   I cannot give you a definitive answer.  It
7  could be an electronic document, depending on the
8  context of use.
9      Q   So when -- when he slides it slightly to the
10 left, does that display a first portion of an
11 electronic document if you assume that that 2x2 grid
12 is an electronic document?
13         MR. MONACH:  Same objection.
14         THE WITNESS:  So if we make that assumption
15 that that 2x2 grid in its entirety is an electronic
16 document and after he slid it, that could be a first
17 portion.
18         Now, I would still note that when he moved
19 it, the -- if the electronic document was the
20 entirety, including that blue circle in the middle,
21 when he moved it, the blue circle did not move --
22     Q   Are --
23     A   -- so not all -- let me finish, please.
24         The -- the blue circle did not move, so the
25 entirety of the document --

Confidential Attorneys' Eyes Only Outside Counsel

Page 303

1        MR. JOHNSON:  Q.  So is a web page not an
2   electronic document?
3        MR. MONACH:  Same objection; vague and
4   ambiguous.
5        THE WITNESS:  So Claim 7 says the electronic
6   document is a digital image, so it's -- it's trying
7   to -- my understanding is it's trying to give a more
8   specific instance of what an electronic document is,
9   in that -- in that example, in that claim.
10       MR. JOHNSON:  Right.
11    Q   Using your -- what is the -- what is the -- I
12   already asked you this.  I mean, using your
13   definition -- strike that.
14       Using the definition of a person of ordinary
15   skill in the art would understand a digital image to
16   mean, does Exhibit 114 meet the limitations of
17   Claim 7?
18       MR. MONACH:  Same objections as previously
19   stated.
20       THE WITNESS:  And I think I've already
21   answered that.
22       I -- without knowing more information about
23   what that -- those four tiles are that you have
24   represented to be the electronic document, is that a
25   single image?  Is it multiple images?  Is it some

1  text?

2          MR. JOHNSON:  Well, take a look --

3          THE WITNESS:  I can't tell from -- this could
4  be four images that are concatenated together to form
5  one document.

6          MR. JOHNSON:  Q.  So would that not meet the
7  limitation?  If it's a concatenated series of images,
8  does that avoid Claim 7?

9          MR. MONACH:  Same objection.

10         THE WITNESS:  I don't know.  I haven't
11 considered that scenario.  It says here the electronic
12 document is a digital image.  It doesn't talk about a
13 concatenated set of images.

14         MR. JOHNSON:  Okay.

15         THE WITNESS:  And so I would have to study
16 that scenario in detail before answering that
17 question.

18         MR. JOHNSON:  Q.  Does a concatenated series
19 of images satisfy the definition of a digital image as
20 it's used in the '381 patent?

21         MR. MONACH:  Same objection; asked and
22 answered.

23         THE WITNESS:  I would say, again, to my --
24 similar answer to what I just gave, it -- it would
25 depend on the application.  If the application

Confidential Attorneys' Eyes Only Outside Counsel

Page 305

1  considered that -- sorry -- I think you asked whether
2  it's a digital image.
3        I would say a concatenation would be a series
4  of a bunch of digital images combined together.  Now,
5  if that combination is treated by the application as a
6  single image, then maybe it is.  It would depend on
7  the context.  So I do not know enough about the
8  context of this application and how it's treating any
9  potential concatenation of images to answer that
10 question in -- in -- with any certainty, at this
11 point.
12       MR. JOHNSON:  I heard you earlier say that
13 the claim language of the '381 patent is simple and
14 straightforward.
15   Q   So are you telling me that looking at this
16 screen that we see here in Exhibit 114, and what we
17 see on it, you can't tell me whether that is a digital
18 image?
19       MR. MONACH:  Object to the form of the
20 question.
21       THE WITNESS:  That's not what I said.  I said
22 I can't tell that's one digital image or four digital
23 images concatenated together, so it has nothing to do
24 with whether the -- the language.  The claim is
25 straightforward.  The claim states "a digital image."

Confidential Attorneys' Eyes Only Outside Counsel

Page 335

1 perspective, no surprise, I suspect, the deposition is
2 over.
3     THE VIDEOGRAPHER:  This is the end of today's
4 deposition.
5     We are off the record at 6:37 p.m.
6     The master disk will be held by TSG.
7     (WHEREUPON, the deposition ended at
8      6:37 p.m.)
9             ---oOo---

Confidential Attorneys' Eyes Only Outside Counsel

Page 336

1          J U R A T

2

3      I, RAVIN BALAKRISHNAN, Ph.D., do hereby

4  certify under penalty of perjury that, I have read the

5  foregoing transcript of my deposition taken on

6  August 16, 2011; that I have made such corrections as

7  appear noted herein in ink, initialed by me; that my

8  testimony as contained herein, as corrected, is true

9  and correct.

10

11      DATED this ____ day of _____, 2011,

12  at _____.

13

14

15

16

17

18            _____

19              SIGNATURE OF WITNESS

20

21

22

23

24

25

Confidential Attorneys' Eyes Only Outside Counsel

Page 337

CERTIFICATE OF REPORTER

I, ANDREA M. IGNACIO HOWARD, hereby certify that the witness in the foregoing deposition was by me duly sworn to tell the truth, the whole truth, and nothing but the truth in the within-entitled cause;

That said deposition was taken in shorthand by me, a Certified Shorthand Reporter of the State of California, and was thereafter transcribed into typewriting, and that the foregoing transcript constitutes a full, true and correct report of said deposition and of the proceedings which took place;

That I am a disinterested person to the said action.

IN WITNESS WHEREOF, I have hereunto set my hand this 17th day of August, 2011.

_____
ANDREA M. IGNACIO HOWARD, RPR, CCRR, CLR, CSR No. 9830