UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., | Case No.: C 11-1846 LHK (PSG) |
| Plaintiff, | **ORDER RE DECEMBER 2, 2011 DISCOVERY DISPUTE** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD, a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Earlier today, Plaintiff Apple Inc. ("Apple") brought before the court a discovery dispute regarding Apple's inspection of a public prior art system referenced by Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"). The parties appeared for hearing telephonically. Apple complains that Samsung's counsel has sought to prevent Apple from leaving the inspection site with an inspection video, and further insisted Apple provide a copy of the video to Samsung. Samsung concedes that Apple's video of the inspection constitutes work-product belonging to Apple, but argues that Apple previously had imposed similar restrictions on Samsung following

1

Case No.: C 11-1846 LHK (PSG)
ORDER RE DISCOVERY DISPUTE

several inspections conducted by Samsung. Samsung emphasizes the need for reciprocal guidelines to govern prior art inspections.

The court rules as follows:

1. The video at issue is work-product that Apple may retain without having to disclose any portion thereof to Samsung.

2. Consistent inspection standards shall apply to both parties moving forward, whereby

   a. a party's inspection and/or the fruits thereof may be protected as work-product;[1] and

   b. the inspection of proprietary systems as opposed to public prior art shall be subject to the protections of the protective order in this case.

3. If a party intends to rely on any part of the inspection work-product, it shall comply with Fed. R. Civ. P. 26 regarding production of that material.

Dated: December 2, 2011

PAUL S. GREWAL
United States Magistrate Judge

---

[1] This is consistent with the court's previous order requiring the parties to agree upon a third-party vendor to oversee a secure escrow process for the production and inspection of native CAD files. *See* Docket No. 233.

2

Case No.: C 11-1846 LHK (PSG)
ORDER RE DISCOVERY DISPUTE