QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**TUNG DECLARATION IN SUPPORT OF SAMSUNG'S NOTICE OF LODGING OF MATERIALS IN OPPOSITION TO APPLE'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: October 13, 2011<br>Time: 1:30 pm<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh<br><br>REDACTED |

DECLARATION & EXHIBITS E, G, N, T, V, & X
SUBMITTED UNDER SEAL

I, Mark Tung, declare:

1. I am an attorney in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung"). I make this declaration in connection with Samsung's Notice of Lodging, filed herewith. I have personal knowledge of the facts set forth in this declaration except where noted and, if called upon as a witness, I could and would testify to such facts under oath.

**Prior Art**

*Fidler Prior Art*

2. Roger Fidler, a third party, was deposed on September 23, 2011—a month after Samsung filed its opposition papers. In response to Apple's questioning, Mr. Fidler testified about the many tablet mock-ups he created and about the development of tablets. True and correct portions of Mr. Fidler's deposition transcript are attached as Exhibit A.

3. Attached as Exhibit B are true and correct copies of photographs of Exhibit 267 to the deposition of Roger Fidler on September 23, 2011, which counsel for Apple had the opportunity to inspect, photograph, and question Mr. Fidler about. Exhibit 267 is a mock-up reflecting a tablet with smooth flat front and back surfaces and a thin profile. Counsel for Samsung first became aware of this tablet on the day of Mr. Fidler's deposition. This device is prior art for, among others, U.S. Patent Nos. D504,889, D593,087, and D618,677.

4. Attached as Exhibit C are true and correct copies of photographs of Exhibit 268 to the deposition of Roger Fidler on September 23, 2011, which counsel for Apple had the opportunity to inspect, photograph, and question Mr. Fidler about. Exhibit 268 is a mock-up reflecting a tablet with a clear front surface and smooth back surface and thin profile. Counsel for Samsung first became aware of this tablet on the day of Mr. Fidler's deposition. This device is relevant prior art for, among others, U.S. Patent Nos. D504,889, D593,087, and D618,677.

5. Attached as Exhibit D are true and correct copies of photographs of Exhibit 269 to the deposition of Roger Fidler on September 23, 2011, which counsel for Apple had the opportunity to inspect, photograph, and question Mr. Fidler about. Exhibit 269 is a mock-up

1 reflecting a tablet with a clear front surface and smooth back surface and thin profile.  Counsel for
2 Samsung first became aware of this tablet on the day of Mr. Fidler's deposition.  This device is
3 prior art for, among others, U.S. Patent Nos. D504,889, D593,087, and D618,677.

4     6.    From the time of Mr. Fidler's deposition to yesterday night, Apple did not request
5 from Samsung the physical exhibits used at Mr. Fidler's deposition (all of which were available to
6 Apple for inspection in connection with Mr. Fidler's deposition), nor did Apple request that
7 Samsung lodge the physical exhibits with the Court.  Mr. Fidler's actual tablet mock-ups are not
8 available to Samsung for lodging.  It is my understanding that Mr. Fidler, who resides outside
9 California, would like to retain possession of them.

10 ***"Bloomberg" Prior Art***

11     7.

19     8.    Attached as Exhibit F is a true and correct copy of U.S. Patent Application
20 Publication No. 2004/0041504, filed on November 20, 2002, which names two inventors
21 identified as New York residents.  As such, the disclosed design was "known or used by others in
22 this country" before Apple's claimed invention date.  35 U.S.C. § 102(a).  This application
23 reflects a display screen with a "flat, bezel-less front" (e.g., [0007]), where the front cover 200 is
24 disclosed as flat and has a first image displaying (i.e. transparent) portion 210 and border or frame
25 portion 220.  It was identified as prior art after the filing of Samsung's Opposition to Apple's
26 Motion for a Preliminary Injunction on August 22, 2011, and is relevant prior art for, among
27 others, U.S. Patent Nos. D504,889, D593,087, and D618,677.  This document was produced to
28 Apple on September 22, 2011, and bears Bates numbers SAMNDCA00027692-00027708.

9.

10. Attached as Exhibit H is a true and correct copy of all the figures contained within the German Registered Design No. 40301867 in addition to the Exhibit described in the preceding paragraph, which only shows one of nine figures. The material is stamped with the same registration number as the registration described in the preceding paragraph, which was not available online, but that I understand was obtained after requesting a file inspection with the German patent and trademark office. These pages provide all nine figures of the design, which show that the claimed design consists of a clear and flat screen in the front and a back cover that is flat.

*Additional Japanese Prior Art*

11. Attached as Exhibit I is a true and correct copy of JP D1178470, issued on July 7, 2003, which discloses a flat, smooth, transparent front surface. It was identified as prior art after the filing of Samsung's Opposition to Apple's Motion for a Preliminary Injunction on August 22, 2011, and is prior art for, among others, U.S. Patent Nos. D504,889, D593,087, and D618,677. This document was produced to Apple on September 22, 2011, and bears Bates numbers SAMNDCA00027686-00027690.

*Additional Prior Art To Apple's Phone Designs*

Attached as Exhibit J is a true and correct copy of a document identified as prior art after the filing of Samsung's Opposition to Apple's Motion for a Preliminary Injunction on August 22, 2011. According to the website this document was printed from, it reflects a smartphone design that won second place in a design competition in 2004. *See* http://rdvb-designshowcase.blogspot.com/p/cv-about-me.html. This design discloses a smartphone with a

TUNG DECLARATION IN SUPPORT OF SAMSUNG'S NOTICE OF LODGING OF MATERIALS IN OPPOSITION TO APPLE'S MOTION FOR PRELIMINARY INJUNCTION

1  flat, smooth black surface.   This document was produced to Apple on October 12, 2011, and
2  bears Bates numbers SAMNDCA00045058-00045063.

3  *Additional Prior Art to the '381 Patent*

4  12.   Attached as Exhibit K is a true and correct copy of Exhibit G-7 to Samsung's
5  invalidity contentions served to Apple on October 7, 2011 pursuant to Patent Local Rules 3-3 and
6  3-4.  Exhibit K sets forth the reasons and basis for Samsung's contention that the DiamondTouch
7  multi-touch system, running the DT Flash application, anticipates each and every limitation of
8  the '381 Patent and renders the '381 Patent invalid.

9  13.   Lodged herewith as Exhibit L is a true and correct copy of a video of the
10 DiamondTouch multi-touch system, running the DT Flash application, that illustrates Samsung's
11 contention for how the DiamondTouch multi-touch system anticipates each and every limitation of
12 at least claim 1 of the '381 Patent.   The annotated video depicts specific first, second, third and
13 fourth portions of the electronic document that are displayed by the DiamondTouch multi-touch
14 system and that Samsung contends anticipate the corresponding limitations of claims 1, 19 and 20
15 of the '381 Patent.

16 14.   Benjamin Bederson was deposed on September 17, 2011.   Attached as Exhibit M
17 is a true and correct copy of an excerpt of Benjamin Bederson's deposition transcript.  The
18 excerpt contains testimony that provides additional details regarding the demonstration of
19 LaunchTile, a piece of prior art that Samsung contends anticipates and invalidates the '381 Patent.

20 **Deposition Excerpts that Relate to Indefiniteness of D'889 Patent**

21 15.

25 16.   Christopher Stringer, one of Apple's designers and its 30(b)(6) designee on its
26 design patents, was deposed on August 3, 2011.   Attached as Exhibit O is a true and correct copy
27 of an excerpt from the deposition transcript of Mr. Stringer.

-4-   Case No. 11-cv-01846-LHK
**TUNG DECLARATION IN SUPPORT OF SAMSUNG'S NOTICE OF LODGING OF MATERIALS IN OPPOSITION TO APPLE'S MOTION FOR PRELIMINARY INJUNCTION**

**Deposition Excerpts that Relate to The Changing Positions of Apple's Experts on Reply**

17. Ravin Balakrishnan was deposed on August 16, 2011. Attached as Exhibit P is a true and correct copy of an excerpt of Ravin Balakrishnan's deposition transcript. The excerpt contains testimony that Dr. Balakrishnan provided at his deposition regarding his interpretation of the claim term "electronic document" that differs from his interpretation of the same term provided in Dr. Balakrishnan's reply declaration, which was filed on September 30, 2011.

18. Cooper Woodring was deposed on August 5, 2011. Attached as Exhibit Q is a true and correct copy of an excerpt of Mr. Woodring's deposition transcript.

**Materials Relevant to Infringement Analysis of D'889**

19. Last Friday, Samsung notified Apple of its intent to lodge APLPROS0000018778-0000018798, documents produced by Apple on September 29, 2011, after the filing of Samsung's Opposition to Apple's Motion for a Preliminary Injunction on August 22, 2011. This morning after 10:00 a.m., more than two weeks after Apple produced these documents without any kind of confidentiality designation, Apple notified me that it will claw back APLPROS0000018793-95 as attorney client privilege and/or work product material. Samsung believes that these documents collectively reflect that Apple has mischaracterized the D'889 design to the Court and expects Apple's claw-back attempt to be the subject of additional motion practice.

20. Attached as Exhibit R are true and correct copies of the documents from this set that Apple did not attempt to claw back, which were produced by Apple on September 29, 2011 and bear Bates numbers APLPROS0000018778-18792 and APLPROS0000018796-198798. These documents appear to reflect photographs of a physical embodiment of the D'889, which confirm the relative thickness of that design. Apple has not provided Samsung with an opportunity to inspect the prototype reflected in these photographs.

21. It is my understanding that Samsung began selling the Galaxy Tab 10.1 with a logo on the front in the United States in September 2011. Lodged herewith as Exhibit S are three Samsung Galaxy Tab 10.1s. Each has the Samsung logo on the front, and in the case of the Verizon and T-Mobile versions, their respective logos as well.

## Materials Related to Apple's Irreparable Harm Arguments

22.

23. Sissie Twiggs, an Apple declarant who provided testimony about Apple's marketing, was deposed on July 27, 2011. Attached as Exhibit U is a true and correct copy of excerpts of the deposition of Ms. Twiggs, which reflects her lack of evidence concerning consumer confusion or erosion of brand distinctiveness.

24.

## Material Related to Public Interest

25. Attached as Exhibit W is a true and correct copy of Apple's Statement on the Public Interest (Public Version) filed on March 10, 2011 in ITC Investigation No. 337-TA-703, *Certain Mobile Telephones and Wireless Communication Devices Featuring Digital Cameras, and Components Thereof*, Docket No. 2706. This statement from Apple provides reasons why a ban on smartphones would hurt numerous parties including manufacturers, network carriers, accessories suppliers and consumers.

## Presentation Materials Provided to the Court on October 13, 2011

26.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Redwood Shores, California on October 17, 2011.

By /s/ Mark Tung