# EXHIBIT U

CONFIDENTIAL - OUTSIDE COUNSEL ATTORNEYS' EYES ONLY

Page 1

1              UNITED STATES DISTRICT COURT

2             NORTHERN DISTRICT OF CALIFORNIA

3                  SAN JOSE DIVISION

4

5   APPLE INC., a California
    corporation,

6

7           Plaintiff,

8   vs.                          Case No. 11-CV-01846-LHK

9   SAMSUNG ELECTRONICS CO., LTD.,
    a Korean business entity;

10  SAMSUNG ELECTRONICS AMERICA,
    INC., a New York corporation;

11  SAMSUNG TELECOMMUNICATIONS
    AMERICA, LLC, a Delaware

12  limited liability company,

13           Defendants.
    --------------------------------/

14

15

16                 CONFIDENTIAL

17            ATTORNEYS' EYES ONLY

18               OUTSIDE COUNSEL

19      VIDEOTAPED DEPOSITION OF SISSIE TWIGGS
              Redwood Shores, California

20            Wednesday, July 27, 2011

21

22

23

24           Reported by:
    LORRIE L. MARCHANT, CSR No. 10523, RPR, CRR, CCRR, CLR

25           JOB NO. 40670

CONFIDENTIAL - OUTSIDE COUNSEL ATTORNEYS' EYES ONLY

Page 2

1              July 27, 2011

2              10:12 a.m.

3

4    Videotaped Deposition of SISSIE

5    TWIGGS, held at the offices of Quinn

6    Emanuel Urquhart & Sullivan, LLP, 555

7    Twin Dolphin Drive, Redwood Shores,

8    California, before Lorrie L. Marchant,

9    a Certified Shorthand Reporter,

10   Registered Professional Reporter,

11   Certified Realtime Reporter,

12   California Certified Realtime Reporter

13   and Certified LiveNote Reporter.

14

15

16

17

18

19

20

21

22

23

24

25

CONFIDENTIAL - OUTSIDE COUNSEL ATTORNEYS' EYES ONLY

Page 4

1          (Marked for identification purposes,

2      Exhibits 26 - 27.)

3          THE VIDEOGRAPHER:  Good morning.  This is the

4   start of Disk 1, Volume I, of the videotaped deposition

5   of Sissie Twiggs in the matter Apple Incorporated,

6   versus Samsung Electronics Company Limited, et al., in

7   the U.S. District Court, Northern District of

8   California, San Jose Division.  Number 11-CV-01846-LHK.

9          The deposition is being held at 555 Twin

10  Dolphin Drive, Redwood City, California, on July 27th,

11  2011, at approximately 10:12 a.m.

12          My name is Sean McGrath from TSG Reporting,

13  Incorporated, and I am the legal video specialist.  The

14  court reporter is Lorrie Marchant in association with

15  TSG Reporting.

16          Will counsel please introduce yourselves.

17          MS. MAROULIS:  Victoria Maroulis with Quinn

18  Emanuel, counsel for Samsung.  With me are Erik Olson

19  and Alex Binder.

20          MS. TAYLOR:  Jennifer Taylor from Morrison &

21  Foerster for plaintiff, Apple Incorporated.

22          MS. KRIPKE:  Julia Kripke from Morrison &

23  Foerster for plaintiff, Apple Incorporated.

24          MS. TIERNEY:  Erica Tierney from Apple.

25          THE VIDEOGRAPHER:  Will the court reporter

CONFIDENTIAL - OUTSIDE COUNSEL ATTORNEYS' EYES ONLY

Page 5

1    please swear in the witness.

2             THE REPORTER:  Do you solemnly swear or affirm

3    under the penalties of perjury that the testimony you

4    are about to offer will be the truth, the whole truth

5    and nothing but the truth?

6             THE WITNESS:  I do.

7             THE VIDEOGRAPHER:  You may proceed.

8                  EXAMINATION BY MS. MAROULIS

9        BY MS. MAROULIS:

10       Q.    Good morning, Ms. Twiggs.  How are you today?

11       A.    Fine.  Thank you.

12       Q.    My name is Victoria Maroulis, and I'm counsel

13   for Samsung.  And I'll be asking some questions today.

14       A.    Okay.

15       Q.    Have you ever been deposed before?

16       A.    I have.

17       Q.    How many times?

18       A.    I've been deposed twice before.  Never for

19   Apple.  One was a personal matter, concerning some

20   property in my family, in North Carolina.  And another

21   was a matter when I was working at an advertising agency

22   in San Francisco, for one of my clients.  It was a

23   employment issue.

24       Q.    What advertising agency was that?

25       A.    That was at J. Walter Thompson in

CONFIDENTIAL - OUTSIDE COUNSEL ATTORNEYS' EYES ONLY

Page 192

1        BY MS. MAROULIS:

2     Q.   Okay.  Do you have any information on whether,

3  as a result of Samsung devices, Apple's advertising

4  became less effective?

5     A.   When there's confusion, when someone is coming

6  in with something that looks very much like your

7  product, that -- that causes some confusion.

8        And I have to state that it's not something

9  that's easy to get back.  Once you've derailed a

10  conversation, it's hard to bring that back, if at all

11  possible.  So I don't know that you get those customers

12  back.

13     Q.   Do you believe you lost any customers?  "You"

14  meaning Apple?

15     A.   There are probably -- there are probably a few

16  customers we lost.

17     Q.   Do you have any evidence of that or are you

18  just speculating?

19     A.   I don't have any evidence of that.  My guess --

20  my guess is that we lost some customers.

21     Q.   That is your guess, not supported by any

22  information; correct?

23     A.   I don't have the sales figures.

24        MS. TAYLOR:  Wait.  Wait.  She's not testifying

25  on behalf of the company on this.

CONFIDENTIAL - OUTSIDE COUNSEL ATTORNEYS' EYES ONLY

Page 193

1     But go ahead and answer in your personal

2   knowledge.

3     THE WITNESS:  Okay.  I don't have the sales

4   figures.  Or the market share.

5     BY MS. MAROULIS:

6   Q.   Do you have any evidence of erosion of Apple's

7   distinctiveness in customers' minds as a result of

8   Samsung's phones?

9   A.   I don't have evidence.

10   Q.   So you don't have evidence at all that Apple

11   has been harmed in any way by the sale of Samsung's

12   phones; correct?

13   A.   I focus on our advertising and what we're doing

14   in our advertising and moving our advertising forward.

15   And I don't spend -- I don't have time to spend on

16   pulling data such as that.  So I do not have that data.

17   Does it exist?  Probably.

18   Q.   You don't know whether it exists or not; right?

19   A.   I don't know.

20   Q.   So your testimony on this topic is limited to

21   amount of dollars that Apple spends on advertising; is

22   that right?

23     MS. TAYLOR:  Mischaracterizes her testimony.

24   Move to strike -- you moved to strike her answer on the

25   topic.