Exhibit H

#55
half
7/18/00

04860.P1365C2                                          *Patent*



| Response under 37 CFR 1.116 — Expedited Procedure |
| Examining Group 2773 |

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re Application of: | ) | |
| | ) | |
| Steven W. Christensen | ) | |
| | ) | |
| Serial No.    08/821,004 | ) | Examiner:    Dela Torre, C. |
| | ) | |
| Filed:         March 20, 1997 | ) | Art Unit:    2773 |
| | ) | |
| For: METHOD AND APPARATUS | ) | |
| FOR DISPLAYING AND | ) | |
| ACCESSING CONTROL AND | ) | |
| STATUS INFORMATION IN A | ) | |
| COMPUTER SYSTEM | ) | |

TC 2700 MAIL ROOM JUL -7 2000 RECEIVED

### RESPONSE TO FINAL OFFICE ACTION

Assistant Commissioner
 for Patents
BOX AF
Washington, D.C.  20231

Sir:

In response to the Final Office Action mailed January 28, 2000, Applicant

respectfully requests the Examiner to consider the following remarks:

### REMARKS

Applicant respectfully requests reconsideration of this application as

amended.  Claims 1-31 remain in the application.  No claims have been amended.

No claims have been canceled.

The Examiner rejected Claims 1-25 under 35 U.S.C. §103(a) as being

unpatentable over Cohausz, in view of Takagi, et al., and further in view of

APLNDC00028082

Hansen, et al.  Applicant respectfully submits that the present invention as claimed is not anticipated by the above-referenced combination.  Specifically, the present invention sets forth displaying status information through a window in which the individual programming modules are associated with different programs to provide status and/or control functions.  Each of the program modules is associated with the different individual display areas in the window.  The Examiner admits that Cohausz does not disclose such programming modules.  The programming modules are utilized to overcome the problem having a single program that must be located and entered before execution (of the program to obtain the specific control or status information) as well as having everything done by a single program, requires a greater amount of time and maybe unduly long.  Thus, the use of the individual programming modules provides a less obtrusive way to access system control and status programming.

The Examiner asserts that Takagi as teaching such individual programming modules.  Applicant disagrees with the assertion and believes there is nothing in Takagi that indicates that there are individual programming modules and the Applicant contends that the document filing apparatus is a single application.  The fact that Takagi displays function keys and a function area does not change this fact.  Importantly, Takagi is not directed to the problem that the use of the individual programming modules for which the present invention as claimed is directed.  In Takagi, with status and control functions still require locating a single program for execution and the time to obtain any individual function of that single program may be long.  Using the individual programming modules set forth and claimed in the present invention avoids this problem.

Furthermore, the present invention as claimed includes having a window region with its independent display areas in a window that appears on top of

APLNDC00028083

application window programs that may be generated. Therefore, by implication, those window areas that are generated after the generation of the window layer will still not appear on top of the control/status window in the present invention as claimed when they are active. This allows the user to have an unobstructed view of the system/controller area regardless of the window that's selected as being active (even when the windows overlap each other). Thus, the window may be always visible to the user. The Examiner believes that this is clearly shown in Hansen, specifically referring to the dashboard interface. However, Hansen only allows the user an unobstructed view of the system if a button is selected (col. 4, lines 45-51). Thus, Applicant believes that one familiar with the art would not look to Hansen to arrive at the present invention because the present invention is directed at using individual programming modules that generate displays that are always visible on a top layer. It appears to Applicant that the Examiner is simply using impermissible hindsight to piece together parts of different patent in an attempt to reject the claims. Applicant respectfully submits that in view of the above, the present invention as claimed is not obvious in view of Cohausz, Takagi and Hansen.

The Examiner also rejected claims 26-31 under 35 U.S.C. §103(a) as being unpatentable over Takagi in view of Hansen. Applicant respectfully submits that for the same reasons given above with respect to Takagi and Hansen, the present invention as claimed is not obvious in view of the cited references.

Accordingly, Applicant respectfully submits that the rejections under 35 U.S.C. §103(a) have been overcome by the amendments and the remarks and withdrawal of these rejections is respectfully requested. Applicant submits that Claims 1-31 are in condition for allowance and such action is earnestly solicited.

APLNDC00028084

Please charge any shortages and credit any overcharges to our Deposit Account No. 02-2666.

Respectfully submitted,

BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN

Dated: June 28, 2000

Michael J. Mallie
Attorney for Applicant
Registration No. 36,591

12400 Wilshire Boulevard
Seventh Floor
Los Angeles, CA  90025-1026
(408) 720-8598

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail with sufficient postage in an envelope addressed to the Assistant Commissioner for Patents Washington, D.C.  20231 on June 28, 2000

Angela M. Quinn                    June 28, 2000
                                              Date

Ser. No. 08/821,004                    -4-                    04680.P1365C2

APLNDC00028085