Exhibit K

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   11-cv-01846-LHK<br><br>**REPLY DECLARATION OF RAVIN BALAKRISHNAN, PH.D. IN SUPPORT OF APPLE'S MOTION FOR A PRELIMINARY INJUNCTION** |

panning *within* the document, which have a different purpose than the '381 patent. Because these references are not concerned with what should happen when the edge of the document is reached, they still embody the main problem that the '381 patent solved. Users either are not allowed to scroll past the edge (*i.e.* they hit a "hard stop") or are allowed to scroll endlessly into empty areas devoid of any content.

12. In an attempt to dismiss these key differences, Samsung arbitrarily treats the lines *within* the boundaries of a document in the same manner as external "edges." It also sets up a demonstration to simulate supposed edge-responsive behavior with software that in fact is merely re-centering items. While that may be easy to do with the '381 patent already in hand, a person of skill in the art at the time of the invention would not have recognized the edge-responsive advantages of the '381 patent in Samsung's prior art.

13. My declaration begins by showing that Samsung's alleged prior art was trying to solve a different problem than the '381 patent, and that it still suffers from the principal limitations and constraints that the '381 patent was designed to solve. Next, I discuss the faults and shortcomings in Dr. Van Dam's invalidity and inequitable conduct opinions, concluding that the references he cites do not disclose key elements of the asserted claims or render them obvious. Finally, I address Dr. Johnson's infringement analysis, which is based on strained claim interpretations that defy common sense.

**B. Invalidity and Inequitable Conduct**

**1. Summary of Opinion**

14. The '381 patent provides an elegant and visually intuitive solution to a discrete issue: what to do when a user scrolls to the edge of an electronic document. In the prior art, when a user scrolled to the edge of a document, one of two scenarios would play out. Either she would scroll continuously past the edge of the document into nothingness (*i.e.* beyond a place where there was any meaningful content), or she would hit a "hard stop" and not be allowed to scroll any further.

15. Each of these scenarios has its own disadvantages. Allowing a user to move through virtual space going absolutely anywhere, including beyond a place that has any

53. I have reviewed the portions of the specification cited by Dr. Johnson. (Johnson Decl. (D.I. 174) at ¶ 38.) In general, they simply state that a touch screen can display images. A person of skill in the art would understand that such images may or may not contain black. These passages do not show that the inventors adopted an uncommon definition for the common word "display."

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct and that this Declaration was executed this 29th day of September, 2011, at Washington, DC.

Dated: September 29, 2011          /s/
                                   RAVIN BALAKRISHNAN