HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S ADMINISTRATIVE MOTION FOR TEMPORARY RELIEF REGARDING LEAD COUNSEL MEET AND CONFER REQUIREMENT**<br><br>Judge:    Hon. Lucy H. Koh |

In accordance with Northern District of California Local Rule 7-11, Apple submits this administrative motion for temporary, limited relief from the "lead trial counsel . . . meet and confer" requirement set forth in the Court's Minute Order and Case Management Order [D.N. 187] ("CMC Order").

Apple has requested that Samsung agree to substantially complete its production of core design, marketing, and technical documents by a date certain before the winter holidays. Apple needs these documents to prepare for depositions expected to take place during January 2012.

As detailed in the Declaration of Michael A. Jacobs filed herewith ("Jacobs Decl."), Apple made a diligent, good-faith effort to schedule a meeting with Samsung's lead trial counsel, Charles Verhoeven, to discuss the issues in Apple's motion to compel in person (or otherwise). During two non-lead-trial counsel meetings and in multiple follow-up letters, Apple informed Samsung that it intended, if the parties were unable to reach agreement, to file the motion on December 8, for a proposed hearing on shortened time on or before December 16. (Jacobs Decl. ¶¶ 5–6.) Apple also informed Samsung that Judge Grewal's calendar reflects his unavailability to hear matters during the week of December 19, 2011.

Samsung responded that Mr. Verhoeven is currently in trial on the East Coast and will not be available to meet and confer in person until December 19, 2011. (*Id.* ¶ 9 & Ex. C.) Apple suggested that the parties file a joint stipulation requesting leave for lead counsel to meet and confer telephonically on this occasion, but Samsung did not agree to join that stipulation. (*Id.*) Samsung also did not indicate that Mr. Verhoeven would make himself available by telephone before December 19, 2011, in any event. (*Id.* ¶¶ 9–13 & Exs. C–E.) Samsung further has represented that all of its counsel are unavailable the following week, from December 26, 2011, through January 1, 2012. (*Id.* ¶ 4.)

Against this background, Apple's motion to compel must be heard on or about December 16, 2011, or it cannot be heard until January 2012, and thus Apple cannot wait until December 19 for a lead counsel meet-and-confer to take place. A January 2012 hearing on Apple's motion to compel would prejudice Apple's ability to proceed with discovery in a timely, orderly fashion. There is a March 8, 2012 fact discovery cutoff in this case. Depositions

1    therefore need to begin promptly in January 2012.  Apple has noticed 37 depositions of design,

2    marketing, and technical witnesses expected to take place in January 2012.  For its part, Samsung

3    has now noticed 39 depositions of Apple witnesses.

4            Despite weekly, hours-long meet-and-confer calls between non-lead counsel, however,

5    Samsung has produced almost no documents relating to Apple's offensive case since its

6    Preliminary Injunction production in early October 2011.  Since October 13, 2011, the date of the

7    Preliminary Injunction hearing in this case, Samsung has produced ***only 71 documents totaling***

8    ***241 pages*** in connection with Apple's infringement claims against Samsung.  (*See* Declaration of

9    Minn Chung in Support of Apple's Motion to Compel Production of Documents and Things, filed

10   concurrently herewith, at ¶ 3.)  All of those 71 documents were attachments that had been missing

11   from e-mails Samsung had produced with its Preliminary Injunction production.  (*Id.*)  Apple,

12   meanwhile, has produced over one million pages in connection with its infringement claims

13   against Samsung. (*Id.*)

14           Once Apple receives documents from Samsung, Apple will need to translate Samsung's

15   Korean-language documents, analyze highly technical materials and source code, and piece

16   together the design history of over thirty Samsung accused products before travelling to Korea to

17   take depositions.  Apple will also need significant time to review any materials that are produced

18   to determine if anything is missing and plan further discovery.  If Apple does not receive

19   production of the core design, marketing, and technical documents sought in the motion to

20   compel well before January 2012, Apple's ability to conduct meaningful depositions and properly

21   defend its own witnesses in depositions will be unduly compromised.

22           For the foregoing reasons, Apple respectfully requests relief from the Court's "lead trial

23   counsel . . . meet and confer" requirement for purposes of Apple's motion to compel.

24   Dated:   December 8, 2011            MORRISON & FOERSTER LLP

25

26                                        By:    */s/ Michael A. Jacobs*
                                                 Michael A. Jacobs

27                                        Attorneys for Plaintiff
                                          APPLE INC.

28