| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| JENNIFER LEE TAYLOR (CA SBN 161368) | 60 State Street |
| jtaylor@mofo.com | Boston, MA 02109 |
| ALISON M. TUCHER (CA SBN 171363) | Telephone: (617) 526-6000 |
| atucher@mofo.com | Facsimile: (617) 526-5000 |
| RICHARD S.J. HUNG (CA SBN 197425) | |
| rhung@mofo.com | |
| JASON R. BARTLETT (CA SBN 214530) | MARK D. SELWYN (SBN 244180) |
| jasonbartlett@mofo.com | mark.selwyn@wilmerhale.com |
| MORRISON & FOERSTER LLP | WILMER CUTLER PICKERING |
| 425 Market Street | HALE AND DORR LLP |
| San Francisco, California 94105-2482 | 950 Page Mill Road |
| Telephone: (415) 268-7000 | Palo Alto, California 94304 |
| Facsimile: (415) 268-7522 | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., | Case No.   11-cv-01846-LHK |
| Plaintiff, | **DECLARATION OF MICHAEL JACOBS IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION FOR TEMPORARY RELIEF REGARDING LEAD COUNSEL MEET AND CONFER REQUIREMENT** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company., | |
| Defendants. | |

I, MICHAEL A. JACOBS, declare as follows:

1. I am an attorney with the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple"). I am licensed to practice law in the State of California. I have personal knowledge of the matters stated herein or understand them to be true from members of my litigation team. I make this declaration in support of Apple's Administrative Motion for Temporary Relief Regarding Lead Counsel Meet-and-Confer Requirement.

2. With only three months remaining for discovery, Apple has received almost no documents relevant to its infringement allegations. Since October 2011, Samsung has produced only **71 documents totaling 241 pages** responsive to Apple's document requests in Apple's offensive case against Samsung. And most of these 241 pages were irrelevant, as they merely contained automatic email trailers regarding inadvertent receipt and confidentiality. By contrast, Apple has produced well over a million pages of documents; numerous source code, CAD, and other native files; physical models; prototypes; and other items relevant to its infringement allegations.

3. The fact discovery cutoff in this case is March 8, 2012. Apple has noticed a total of 37 depositions of Samsung fact witnesses, expected to take place primarily during the month of January 2012. Samsung has noticed 39 depositions of Apple fact witnesses. The parties' non-lead trial counsel have met and conferred weekly since October 19, 2011 in an attempt to resolve discovery issues and negotiate deadlines for substantial completion of document productions. During these sessions and in subsequent follow-up letters, Apple identified discrete categories of core technical, design and marketing documents that are central to its case, and requested that Samsung produce these documents by a series of dates certain in December 2011. Samsung has agreed in principle that these documents should be produced, but Samsung has been unwilling to commit to substantially completing its production of any of them on or near the schedule requested. Apple will need to translate Samsung's Korean-language documents, analyze highly technical materials and source code, and piece together the design history of over thirty Samsung accused products before travelling to Korea to take depositions. Apple will also need significant

1  time to review any materials that are produced to determine if anything is missing and plan
2  further discovery.

3      4.    As Apple's counsel has advised Samsung's counsel, Judge Grewal's schedule
4  reflects that he is unavailable from December 19, 2011, through December 26, 2011.  Samsung
5  has advised Apple that its attorneys are unavailable during the entire last week of December.  As
6  a result, any motion not heard by December 16, 2011, could not be heard until January 2012.

7      5.    Apple has diligently attempted to schedule a lead counsel meet and confer session
8  to resolve these disputes in advance of any motion to compel, but its attempts have been
9  unsuccessful.  On Wednesday, November 30, 2011, during a meet-and-confer call amongst non-
10 lead-trial counsel, Samsung rejected Apple's request to substantially complete its production of
11 core documents by December 15, 2011.  Apple requested an in-person meeting of lead trial
12 counsel and advised that Harold McElhinny would make himself available on December 5, 6, and
13 7, 2011.  Samsung's counsel could not give any indication of Charles Verhoeven's availability
14 during that time period, but stated that she would respond as quickly as possible.  Apple's counsel
15 set forth a proposed schedule for any motion to compel to be heard on or about December 16,
16 2011.

17     6.    Apple's counsel followed up via email and letter on Thursday, December 1, 2011,
18 and Friday, December 2, 2011, respectively, confirming Apple's request for a lead trial counsel
19 meeting, confirming Mr. McElhinny's availability on December 5, 6, or 7, 2011, and reiterating
20 Apple's proposed schedule for any motion to compel to be heard on or about December 16, 2011.
21 A true and correct copy of the December 1, 2011, email, and the resulting discussion thread, is
22 attached hereto as Exhibit A.  A true and correct copy of the December 2, 2011, letter is attached
23 hereto as Exhibit B.

24     7.    On Friday, December 2, 2011, counsel for Samsung responded by email, stating
25 that she was still "working on finding a time that works" for Mr. Verhoeven and would "get back
26 to [Apple] as soon as I can."  (*See* Ex. A.)

27     8.    Harold McElhinny emailed Charles Verhoeven directly on Friday,
28 December 2, 2011, asking for a time on December 5, 6, or 7, 2011, when they could meet to try to

1  resolve the outstanding discovery issues in person.  A true and correct copy of Mr. McElhinny's

2  email, and the resulting discussion thread, is attached hereto as Exhibit C.

3         9.  Mr. Verhoeven responded to Mr. McElhinny's correspondence via email on

4  Saturday, December 3, 2011, stating that he was in trial on the East Coast and would not be able

5  to meet in person until December 19, 2011.  (*See* Ex. C.)  Mr. McElhinny responded on Sunday,

6  December 4, 2011, by asking whether Samsung would support an Administrative Motion

7  requesting leave to meet and confer via telephone.  (*Id.*)  Mr. Verhoeven responded on Monday,

8  December 5, 2011, asking Mr. McElhinny to send him a draft of the motion for review.  (*Id.*)

9        10.  The evening of Monday, December 5, 2011, counsel for Apple emailed a proposed

10  draft Stipulated Motion for Administrative Relief to counsel for Samsung.  The proposed

11  Stipulated Motion would request leave to meet and confer telephonically on this occasion.

12  Counsel for Apple requested a response by 3 p.m. Pacific time on Thursday, December 6, 2011 as

13  to whether Samsung would stipulate to the request.  A true and correct copy of the proposed draft

14  Stipulated Motion and cover email are attached hereto as Exhibit D.

15        11.  On Tuesday, December 6, 2011, at 2:17 p.m. Pacific time, counsel for Samsung

16  responded by email, stating that she anticipated Samsung would be able to stipulate to the

17  Administrative Motion ("though likely with some minor revisions"), but would be unable to get

18  the necessary approvals by 3 p.m. Pacific time.  She stated further, "[w]e will be sending you the

19  final stipulation with our comments/revisions later this evening, with our approval to file."  A true

20  and correct copy of this email, and the resulting discussion thread, is attached hereto as Exhibit E.

21        12.  Counsel for Apple responded within the hour, asking whether Samsung could

22  confirm that if the Administrative Motion were granted Mr. Verhoeven would make himself

23  available for a telephonic meet-and-confer with Mr. McElhinny on the afternoon of Thursday,

24  December 8, 2011.  (*See* Ex. E.)  Counsel for Samsung never answered that question.

25        13.  At 9:15 p.m. Pacific time, counsel for Samsung returned a proposed draft

26  stipulation with Samsung's proposed revisions.  (*See* Ex. E.)  She stated that she had not received

27  Mr. Verhoeven's signoff on the proposed stipulation or approval to file.  (*Id.*)  The proposed draft

28  that Samsung had attached no longer requested leave for a one-time telephonic meet-and-confer

1  regarding the motion proposed for filing on December 8, 2011.  (*Id.*)  Instead, it requested leave
2  for an overarching change to the Court's Minute Order and Case Management Order [D.N. 187]
3  ("CMC Order") that would allow counsel to confer telephonically rather than in-person on *all*
4  future occasions.  (*Id.*)  Counsel for Samsung did not represent that, if this relief were granted,
5  Mr. Verhoeven would make himself available for a telephonic discussion with Mr. McElhinny at
6  any time during that week.  Instead, she asserted that the issues for discussion were "not ripe yet."
7  (*Id.*)

8    14.   On Wednesday, December 7, 2011, non-lead-trial counsel for the parties held their
9  weekly meet-and-confer call regarding outstanding discovery issues.  Counsel for Apple asked
10 Samsung's counsel whether Mr. Verhoeven would be made available for a telephonic meet-and-
11 confer discussion if the proposed relief from the CMC Order were granted.  Samsung's counsel
12 did not represent that Mr. Verhoeven would be made available at any time before
13 December 19, 2011.

15    I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th
16 day of December, 2011 at San Francisco, California.

        */s/ Michael A. Jacobs*
        Michael A. Jacobs

DECLARATION OF MICHAEL JACOBS ISO ADMINISTRATIVE MOTION FOR RELIEF         4
CASE NO. 11-CV-01846 LHK
sf-3080370