| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>JENNIFER LEE TAYLOR (CA SBN 161368)<br>jtaylor@mofo.com<br>ALISON M. TUCHER (CA SBN 171363)<br>atucher@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>JASON R. BARTLETT (CA SBN 214530)<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company.,<br><br>        Defendants. | Case No.   11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF MICHAEL A. JACOBS IN SUPPORT OF APPLE'S MOTION TO SHORTEN TIME** |

I, MICHAEL A. JACOBS, declare as follows:

1. I am an attorney with the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple"). I am licensed to practice law in the State of California. Unless otherwise indicated, I have personal knowledge of the matters stated herein or understand them to be true from members of my litigation team. I make this declaration in support of Apple's Motion to Shorten Time for Briefing and Hearing of Apple's Motion to Compel.

2. Apple's Motion to Compel seeks the production of documents showing Samsung's analysis and consideration of Apple and Apple's products; design history documents showing the decision-making process that led to the design of Samsung's products; and source code and other technical documents showing the operation of the accused aspects of Samsung's devices. Apple has tried at length to resolve Samsung's lack of production in this area without seeking court intervention, as described in greater detail in the concurrently-filed Declaration of Michael Jacobs in Support of Apple's Administrative Motion for Relief from Lead Counsel Meet and Confer Requirement and Declaration of Mia Mazza in Support of Apple's Motion to Compel Production of Documents and Things.

3. This production is critical for Apple to prosecute its case, as since October 13, 2011, the date of the Preliminary Injunction hearing in this case, Samsung has produced only ***71 documents totaling 241 pages*** responsive to Apple's document requests in Apple's offensive case against Samsung. (Declaration of Minn Chung in Support of Apple's Motion to Compel Production of Documents and Things ("Chung Decl."), filed concurrently herewith, at ¶ 3.) These were supplementary productions of missing e-mail attachments, many of which were irrelevant one-page documents containing automatic e-mail trailers regarding confidentiality. (*Id.* at ¶¶ 5, 6.) By contrast, Apple has produced well over a million pages of documents; numerous source code, CAD, and other native files; physical models; prototypes; and other items relevant to its infringement allegations.

4. The fact discovery cutoff in this case is March 8, 2012. Apple has noticed 37 depositions of Samsung employees, expected to take place primarily during the month of January 2012. Most of the deponents are designers, developers, and other individuals with knowledge of

1 the evolution of Samsung's products.  Apple will need to translate Samsung's Korean-language
2 documents, analyze highly technical materials and source code, and piece together the design
3 history of over thirty Samsung accused products before travelling to Korea to take these
4 depositions.  Apple will need significant time to review any materials that are produced to
5 determine if anything is missing and plan further discovery.  Among other things, the documents,
6 and especially the copying related evidence, will help Apple identify additional witnesses central
7 to Apple's case.  Samsung has also noticed 39 depositions of Apple witnesses.

8        5.        Apple has filed concurrently an Administrative Motion for Temporary Relief from
9 Lead Counsel Meet and Confer Requirement, requesting limited relief from the provision in the
10 Court's Minute Order and Case Management Order [D.N. 187] that requires the parties' lead trial
11 counsel to meet and confer in person before a discovery motion is filed.  As detailed in the
12 Administrative Motion, and the Declaration of Michael A. Jacobs in Support of that motion,
13 Apple has made a diligent, good faith effort to confer with Samsung's lead trial counsel in person
14 (or otherwise) before filing this motion, but was unsuccessful in doing so.

15        6.        Counsel for Apple sent an e-mail to Samsung's counsel the evening of
16 December 7, 2011, requesting that Samsung stipulate to an expedited schedule for briefing and
17 hearing Apple's motion to compel.  A true and correct copy of this e-mail is attached hereto as
18 Exhibit A.  Samsung's counsel did not respond to this request.

19        I declare under penalty of perjury that the foregoing is true and correct.

21        Executed on December 8, 2011 in San Francisco, California.

                                                */s/ Michael A. Jacobs*
                                                Michael A. Jacobs

JACOBS DECL. ISO APPLE'S MOTION TO SHORTEN TIME                                                    2
CASE NO. 11-CV-01846-LHK (PSG)
sf-3080826