HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS**<br><br>Date:      December 16, 2011<br>Time:      10:00 a.m.<br>Place:     Courtroom 5, 4th Floor<br>Judge:    Hon. Paul S. Grewal |

**PUBLIC REDACTED VERSION**

1  **NOTICE OF MOTION AND MOTION**

2  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3  PLEASE TAKE NOTICE that on Friday, December 16, 2011, at 10:00 a.m., or as soon as

4  the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District

5  Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st

6  Street, San Jose, CA 95113, Apple, Inc. ("Apple") shall and hereby does move the Court for an

7  order compelling Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and

8  Samsung Telecommunications America, LLC (collectively, "Samsung") to produce documents

9  showing Samsung's analysis of Apple in certain areas; documents relating to the design history of

10  its products; and source code, specifications and other technical documents showing the operation

11  of the accused instrumentalities.

12  This motion is based on this notice of motion and supporting memorandum of points and

13  authorities; the supporting Declaration of Michael Jacobs in Support of Apple Inc's Motion to

14  Compel Production of Documents and Things (the "Jacobs Decl.") and exhibits attached thereto;

15  and such other written or oral argument as may be presented at or before the time this motion is

16  taken under submission by the Court.

17  Apple has filed concurrently an Administrative Motion for Temporary Relief from Lead

18  Counsel Meet and Confer Requirement, requesting limited relief from the provision in the Court's

19  Minute Order and Case Management Order [D.N. 187] that requires the parties' lead trial counsel

20  to meet and confer in person before a discovery motion is filed.  As detailed in the Administrative

21  Motion, and the Declaration of Michael A. Jacobs in Support of that motion, Apple has made a

22  diligent, good faith effort to confer with Samsung's lead trial counsel in person (or otherwise)

23  before filing this motion, but was unsuccessful in doing so.

24  **RELIEF REQUESTED**

25  Pursuant to Federal Rule of Civil Procedure 37 and Patent Local Rule 3-4, Apple seeks an

26  order compelling Samsung to produce four discrete categories of highly-relevant documents:

27  (1) source code and other technical documents showing the operation of the allegedly infringing

28

product features; (2) design history documents, including CADs, sketchbooks, and models, showing the decision-making process that led to the design of Samsung's products; (3) emails and documents showing Samsung's analysis and consideration of Apple and Apple products; and (4) relevant survey and marketing documents.  At minimum, Samsung should substantially complete its production of the items listed in the Proposed Order filed herewith by the dates specified.

Apple also respectfully requests that the Court grant Apple's Motion to Shorten Time for Briefing and Hearing on Apple's Motion to Compel Production of Documents and Things and accompanying Declaration of Michael A. Jacobs in Support of Apple's Motion to Shorten Time, submitted concurrently herewith.

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether Apple is entitled to Samsung's substantially complete production by December 23, 2011, of certain categories of source code and other technical documents showing the operation of the allegedly infringing product features documents showing Samsung's analysis and consideration of Apple and Apple's products.

2.      Whether Apple is entitled to Samsung's substantially complete production by December 23, 2011, of certain categories of design history documents, including CADs, sketchbooks, and models, showing the decision-making process that led to the design of Samsung's products;

3.      Whether Apple is entitled to Samsung's substantially complete production by December 23, 2011, of certain categories of emails and documents showing Samsung's analysis and consideration of Apple and Apple products; and

4.      Whether Apple is entitled to Samsung's substantially complete production by December 23, 2011, of certain categories of relevant survey and marketing documents.

## APPLE'S CIVIL L.R. 37-2 STATEMENT

Pursuant to Civil L.R. 37-2, Apple's discovery requests to Samsung relating to the four discrete categories of highly-relevant documents that are the subject of this motion are set forth in full below, with Samsung's corresponding objections and/or answers following immediately after each:

**FIRST SET OF REQUEST FOR PRODUCTION (PI), REQUEST NO. 1**

Documents relating to your analysis, review, consideration, or copying of, or comparison against, any Apple product or product feature in designing, developing, or implementing any feature of the Products at Issue, including (1) their Exterior Design; (2) functionality that allows for an image, list, or webpage to be scrolled beyond its edge until it is partially displayed; and (3) functionality that allows for an image, list, or webpage that is scrolled beyond its edge to scroll back or bounce back into place so that it returns to fill the screen.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 1:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects to the request as overbroad in that it is not reasonably limited as to the scope of documents and things it seeks. Samsung further objects to this request as oppressive and harassing inasmuch as it implies Samsung engaged in copying and other such activity.

Subject to these objections, Samsung will produce relevant, non-privileged documents within its possession, custody, or control, if any, after conducting a reasonable search during the preliminary injunction discovery phase.

**FIRST SET OF REQUEST FOR PRODUCTION (PI), REQUEST NO. 2**

Documents relating to the existence of and/or work conducted by any group within Defendants that analyzes, analyzed, considers, considered, copies, copied, compares, or compared any Apple product or product feature in developing one or more of the Products at Issue.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 2:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

1   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

2   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

3   burdensome, and/or would require undue expense to answer. Samsung further objects to the

4   request as overbroad in that it is not reasonably limited as to the scope of documents and things it

5   seeks. Samsung further objects to the Request as duplicative of Apple's Request For Production

6   No. 1. Samsung further objects to this request as oppressive and harassing inasmuch as it implies

7   Samsung engaged in copying and other such activity.

8        Subject to these objections, Samsung will produce relevant, non-privileged documents

9   within its possession, custody, or control, if any, after conducting a reasonable search during the

10   preliminary injunction discovery phase.

11   **SECOND SET FOR REQUESTS FOR PRODUCTION, REQUEST NO. 11:**

12        Documents relating to the Hardware Design and Graphical User Interface Design of the

13   Captivate, Continuum, Fascinate, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G,

14   Gravity, Indulge, Infuse 4G, Intercept, Mesmerize, Showcase i500, Showcase Galaxy

15   S, Transform, Vibrant, and Galaxy S II phones and the Galaxy tablets.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

17        In addition to its Objections and Responses Common to All Requests for Production,

18   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

19   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

20   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

21   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

22   burdensome, and/or would require undue expense to answer. Samsung further objects the request

23   as vague and ambiguous. For example, the terms "Hardware Design" and "Graphical User

24   Interface Design" and "relating to" are vague and ambiguous. Samsung further objects to the

25   Request as overbroad in that it is not reasonably limited as to the scope of documents and things it

26   seeks. Samsung further objects to the Request to the extent it seeks documents that are not

27   relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

28   discovery of admissible evidence.

1    Subject to these objections, Samsung is willing to meet and confer with Apple about the

2    relevance and scope of the information sought by this request.

3    **SECOND SET FOR REQUESTS FOR PRODUCTION, REQUEST NO. 12:**

4    Documents relating to the development of the designs, features, and functions in the

5    Products at Issue that are alleged in this action to infringe one or more of the Patents at Issue,

6    including, but not limited to, all documents reviewed for purposes of developing these designs,

7    features, and functions and all computer-aided design files relating to these designs, features, and

8    functions.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

10    In addition to its Objections and Responses Common to All Requests for Production,

11    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

12    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

13    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

14    applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

15    burdensome, and/or would require undue expense to answer. Samsung further objects the request

16    as vague and ambiguous. For example, the terms "Products at Issue," "relating to," "functions,"

17    and "all documents reviewed for purposes of developing" are vague, ambiguous and overbroad.

18    Samsung further objects to the Request to the extent it seeks documents that are not relevant to

19    the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of

20    admissible evidence. Samsung further objects to the Request as duplicative of Apple's Request

21    For Production No. 11.

22    Subject to these objections, Samsung will produce relevant, non-privileged documents

23    within its possession, custody, or control, if any, after conducting a reasonable search in

24    accordance with the Patent Local Rules.

25    **SECOND SET FOR REQUESTS FOR PRODUCTION, REQUEST NO. 13:**

26    All documents relating to the development of the Products at Issue that mention or refer to

27    Apple or Apple Products, including communications among or with Your personnel that discuss

28    whether or how to copy any design, feature, or function of an Apple Product.  Documents

responsive to this Request include, but are not limited to, Your decision to redesign the Galaxy Tab 10.1 to more closely match the design of the iPad 2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects the request as vague and ambiguous. For example, the terms "Products at Issue," "relating to" and "redesign" are vague and ambiguous. Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to the Request as duplicative of Apple's Request For Production Nos. 1 and 2. Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung. Samsung further objects to this request as oppressive and harassing inasmuch as it implies Samsung engaged in copying and other such activity. Documents produced in response to this request, if any, do not constitute an admission that Samsung "designed the Galaxy Tab 10.1 to more closely match the design of the iPad 2."

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

**SECOND SET FOR REQUESTS FOR PRODUCTION, REQUEST NO. 15:**

All documents relating to Your inspection of Apple Products.  Documents responsive to this Request include, but are not limited to, photographs of Apple Products and tear-downs of Apple Products, notes and memoranda that You made relating to Apple Products, and email communications relating to any such inspection.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to its Objections and Responses Common to All Requests for Production,

1   which it hereby incorporates by reference Samsung further objects the request as vague and

2   ambiguous. For example, the term "inspection" is vague and ambiguous. Samsung objects to this

3   Request to the extent that it seeks to elicit information subject to and protected by the attorney-

4   client privilege, the attorney work-product doctrine, the joint defense privilege, the common

5   interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to

6   the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.

7   Samsung further objects to the Request as overbroad in that it seeks documents and things that

8   pertain to products not at issue in this litigation. Samsung further objects to the Request to the

9   extent it seeks documents that are not relevant to the claims or defenses of any party and/or not

10  reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to

11  the Request as duplicative of Apple's Request For Production Nos. 13 and 14.

12      Subject to these objections, Samsung is willing to meet and confer with Apple about the

13  relevance and scope of the information sought by this request.

14  **SECOND SET OF REQUESTS FOR PRODUCTION (PI), REQUEST NO. 200**

15      Source code for the Gallery, Contacts, and Browser applications on the Products at Issue.

16  **OBJECTIONS TO REQUEST FOR PRODUCTION NO. 200:**

17      In addition to its Objections and Responses Common to All Requests for Production,

18  which it hereby incorporates by reference, Samsung objects to the Request to the extent it seeks

19  documents containing confidential information, including information subject to the protective

20  order. Samsung further objects to this request because Apple has delayed serving this document

21  request, despite Apple's earlier knowledge of the issues raised in the request and despite the fact

22  that Apple has known about the Court's Order governing discovery relating to Apple's motion for

23  a preliminary injunction since July 18, 2011.

24      Subject to these objections, Samsung is willing to meet and confer with Apple about the

25  relevance and scope of the information sought by this request.

26  **SECOND SET OF REQUESTS FOR PRODUCTION (PI), REQUEST NO. 201**

27      Source code relating to features of the Products at Issue that Apple has alleged infringe

28  U.S. Patent No. 7,469,381.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 201:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to the Request to the extent it seeks documents containing confidential information, including information subject to the protective order. Samsung further objects to this request because Apple has delayed serving this document request, despite Apple's earlier knowledge of the issues raised in the request and despite the fact that Apple has known about the Court's Order governing discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

**SECOND SET OF REQUESTS FOR PRODUCTION (PI), REQUEST NO. 202**

Source code for any instructions relating to not illuminating part of the screens on the Products at Issue while they are powered on.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 202:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to the Request to the extent it seeks documents containing confidential information, including information subject to the protective order. Samsung further objects to this request because Apple has delayed serving this document request, despite Apple's earlier knowledge of the issues raised in the request and despite the fact that Apple has known about the Court's Order governing discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

**SECOND SET OF REQUESTS FOR PRODUCTION (PI), REQUEST NO. 203**

Documents sufficient to show the operation and functionality of the AMOLED screens of the Products at Issue.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 203:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to the Request to the extent it seeks documents containing confidential information, including information subject to the protective order. Samsung further objects to this request because Apple has delayed serving this document request, despite Apple's earlier knowledge of the issues raised in the request and despite the fact that Apple has known about the Court's Order governing discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

**SECOND SET OF REQUESTS FOR PRODUCTION (PI), REQUEST NO. 204**

All Documents relating to your analysis, review, consideration, or copying of, or comparison against, any Apple product or product feature, including (1) their Hardware Design; (2) the functionality that allows for a list to be scrolled beyond its terminus or a document to be translated beyond its edge until the list or document is partially displayed; and (3) functionality that allows for a list that is scrolled beyond its terminus to scroll back or bounce back into place or for a document that is translated beyond its edge to translate back or bounce back so that the list or document returns to fill the screen.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 204:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects the request as vague and ambiguous and overbroad. For example, the terms "analysis, review, consideration or copying" are vague and ambiguous and overbroad. Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or

1  not reasonably calculated to lead to the discovery of admissible evidence. Samsung further

2  objects to this request as oppressive and harassing inasmuch as it implies Samsung engaged in

3  copying and other such activity. Documents produced in response to this request, if any, do not

4  constitute an admission that Samsung "copied" any Apple product or feature. Samsung further

5  objects to this request because Apple has delayed serving this document request, despite Apple's

6  earlier knowledge of the issues raised in the request and despite the fact that Apple has known

7  about the Court's Order governing discovery relating to Apple's motion for a preliminary

8  injunction since July 18, 2011.

9          Subject to these objections, Samsung will produce relevant, non-privileged documents

10  within its possession, custody, or control, if any, after conducting a reasonable search during the

11  preliminary injunction discovery phase.

12  **SECOND SET OF REQUESTS FOR PRODUCTION (PI), REQUEST NO. 205**

13          All Documents relating to any customer surveys, studies, analyses or investigations

14  regarding the Products at Issue.

15  **OBJECTIONS TO REQUEST FOR PRODUCTION NO. 205:**

16          In addition to its Objections and Responses Common to All Requests for Production,

17  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

18  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

19  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

20  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

21  burdensome, and/or would require undue expense to answer. Samsung further objects to this

22  Request as overbroad in that it seeks "all" documents and is not reasonably limited as to the scope

23  of documents and things it seeks. Samsung further objects the request as vague and ambiguous

24  and overbroad in asking for "any statements." Samsung further objects to the Request as

25  overbroad in that it is not limited to any reasonable time period and seeks documents and things

26  from time periods not at issue in this litigation. Samsung further objects to the Request to the

27  extent it seeks documents that are not relevant to the claims or defenses of any party and/or not

28  reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to

1  this request because Apple has delayed serving this document request, despite Apple's earlier

2  knowledge of the issues raised in the request and despite the fact that Apple has known about the

3  Court's Order governing discovery relating to Apple's motion for a preliminary injunction since

4  July 18, 2011.

5      Subject to these objections, Samsung is willing to meet and confer with Apple about the

6  relevance and scope of the information sought by this request.

7  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 192:**

8      All Documents relating to your analysis, review, consideration or assessment of any

9  Apple Product or product feature in designing, developing, or implementing any feature of the

10  Products at Issue, including:  (1) the Hardware Design; and (2) the Accused Feature.

11  **OBJECTIONS AND RESPONSE TO REQUEST NO. 192:**

12      In addition to its Objections and Responses Common to All Requests for Production,

13  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

14  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

15  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

16  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

17  burdensome, and/or would require undue expense to answer. Samsung further objects to the

18  Request on the basis that it is vague and ambiguous. For example, the terms "analysis, review,

19  consideration or assessment," "product feature," and "designing, developing or implementing"

20  are vague and ambiguous. Samsung further objects to the Request as overbroad in that it seeks

21  documents and things that pertain to features or applications not at issue in this litigation.

22  Samsung further objects to the Request as overbroad and irrelevant to the extent it seeks

23  documents pertaining to the hardware design of products not accused of infringing Apple's

24  alleged trade dress or design patents. Samsung further objects to the Request as seeking "all"

25  documents on a topic. Samsung further objects to the Request as duplicative. For instance, the

26  Request is duplicative of Apple's Requests Nos. 13 and 204. Samsung further objects to the

27  Request to the extent it seeks documents equally available to Apple as to Samsung. Samsung

28  further objects to the Request to the extent the requested documents are publicly available.

1    Subject to and without waiving the foregoing objections and subject to the parties'

2  ongoing meet and confer on such issues, and without representing that any responsive documents

3  exist, Samsung will produce responsive, non-privileged documents and things in its possession,

4  custody and control discovered as a result of a reasonable and diligent search. Samsung will not

5  produce documents pertaining to the hardware design of products not accused of infringing

6  alleged Apple's trade dress or design patents.

7  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 193:**

8    All Documents comparing the operating system installed in the Products at Issue

9  (including but not limited to the Android operating system and/or platform) to the operating

10  system used on the Apple Products, or any part, feature or portion thereof.

11  **OBJECTIONS AND RESPONSE TO REQUEST NO. 193:**

12    In addition to its Objections and Responses Common to All Requests for Production,

13  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

14  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

15  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

16  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

17  burdensome, and/or would require undue expense to answer. Samsung further objects to the

18  Request on the basis that it is vague and ambiguous. For example, the terms "comparing" and

19  "part, feature or portion" are vague and ambiguous. Samsung further objects to the Request as

20  seeking "all" documents on a topic. Samsung further objects to the Request as overbroad in that it

21  seeks documents and things that pertain to features or applications not at issue in this litigation.

22  Samsung further objects to the Request as duplicative. For instance, the Request is duplicative of

23  Apple's Request No. 13.

24    Subject to these objections, Samsung is willing to meet and confer with Apple about the

25  relevance and scope of the information sought by this Request.

26

27

28

1

**SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 195:**

2

All Documents relating to the work conducted by any group within Defendants that

3

analyzed, considered, or compared any Apple Product or product feature in developing one or

4

more of the Products at Issue.

5

**OBJECTIONS AND RESPONSE TO REQUEST NO. 195:**

6

In addition to its Objections and Responses Common to All Requests for Production,

7

which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

8

seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

9

work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

10

applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

11

burdensome, and/or would require undue expense to answer. Samsung further objects to the

12

Request on the basis that it is vague and ambiguous. For example, the terms "analyzed,

13

considered, or compared" and "any Group within Defendants" are vague and ambiguous.

14

Samsung further objects to the Request as seeking "all" documents on a topic. Samsung further

15

objects to the Request as duplicative. For instance, the Request is duplicative of Apple's Requests

16

Nos. 2 and 192.

17

Subject to these objections, Samsung is willing to meet and confer with Apple about the

18

relevance and scope of the information sought by this Request.

19

**SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 207:**

20

All Documents relating to the design, development, production, manufacture, or

21

implementation of the Products at Issue, including but not limited to: (1) their Hardware Design;

22

(2) the operating system used in the Product at Issue; (3) any Samsung application installed in the

23

Product at Issue; (4) the development, production and implementation of any Accused Feature;

24

(5) the design and development of the icons accused of infringement in the Products at Issue.

25

This request covers white papers, designs, plans, specifications, pamphlets, memorandums,

26

schematics, engineering drawings, guides, guidelines, technical overviews, design reports,

27

technical sheets, and any documents identifying the persons involved with these activities.

28

**OBJECTIONS AND RESPONSE TO REQUEST NO. 207:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request as vague and ambiguous. For example, term "implementation" is vague and ambiguous. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects to the Request as overbroad in that it seeks documents and things that pertain to features or applications not at issue in this litigation. Samsung further objects to the Request as overbroad and irrelevant to the extent it seeks documents pertaining to the hardware design of products not accused of infringing Apple's alleged trade dress or design patents. Samsung further objects to the Request as duplicative. For instance, the Request is duplicative of Apple's Requests Nos. 1, 11, 12, 208, and 209. Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections and subject to the parties' ongoing meet and confer on such issues, and without representing that any responsive documents exist, Samsung will produce responsive, non-privileged documents and things in its possession, custody and control discovered as a result of a reasonable and diligent search. Samsung will not produce documents pertaining to the hardware design of products not accused of infringing alleged Apple's trade dress or design patents.

**SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 210:**

All Documents and things relating to the Hardware Design of the Products at Issue, including but not limited to, CAD images or files, prototype 3D models (mockups), design history files, emails, notebooks, photographs, sketches, design specifications, models, mock-ups, and other design documents.

1  **OBJECTIONS AND RESPONSE TO REQUEST NO. 210:**

2          In addition to its Objections and Responses Common to All Requests for Production,

3  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

4  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

5  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

6  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

7  burdensome, and/or would require undue expense to answer. Samsung further objects to the

8  Request as overbroad and irrelevant to the extent it seeks documents pertaining to the hardware

9  design of products not accused of infringing Apple's alleged trade dress or design patents.

10  Samsung further objects to the Request as seeking "all" documents on a topic. Samsung further

11  objects to the Request as duplicative. For instance, the Request is duplicative of Apple's Request

12  No. 161.

13          Subject to and without waiving the foregoing objections and subject to the parties'

14  ongoing meet and confer on such issues, and without representing that any responsive documents

15  exist, Samsung will produce responsive, non-privileged documents and things in its possession,

16  custody and control discovered as a result of a reasonable and diligent search. Samsung will not

17  produce documents pertaining to the hardware design of products not accused of infringing

18  alleged Apple's trade dress or design patents.

19  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 211:**

20          All Documents and things relating to any prior design project that led to the Products at

21  Issue, including but not limited to, CAD images or files, prototype 3D models (mockups), design

22  history files, emails, notebooks, photographs, sketches, design specifications, models, mock-ups,

23  and other design documents.

24  **OBJECTIONS AND RESPONSE TO REQUEST NO. 211:**

25          In addition to its Objections and Responses Common to All Requests for Production,

26  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

27  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

28  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

1  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

2  burdensome, and/or would require undue expense to answer. Samsung further objects to the

3  Request as vague and ambiguous. For example, the terms "led to" and "prior design project" are

4  vague and ambiguous. Samsung further objects to the Request as overbroad and irrelevant to the

5  extent it seeks documents pertaining to the hardware design of products not accused of infringing

6  Apple's alleged trade dress or design patents. Samsung further objects to the Request as seeking

7  "all" documents on a topic. Samsung further objects to the Request as overbroad in that it is not

8  limited to any reasonable time period and seeks documents and things from time periods not at

9  issue in this litigation. Samsung further objects to the Request as overbroad in that it seeks

10  documents and things that pertain to products not at issue in this litigation.

11  Subject to these objections, Samsung is willing to meet and confer with Apple about the

12  relevance and scope of the information sought by this Request.

13  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 223:**

14  All Source Code, specifications, schematics, flow charts, artwork, formulas, or other

15  documentation showing the operation of elements of the Products at Issue that are alleged to

16  infringe any of the Patents at Issue.

17  **OBJECTIONS AND RESPONSE TO REQUEST NO. 223:**

18  In addition to its Objections and Responses Common to All Requests for Production,

19  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

20  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

21  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

22  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

23  burdensome, and/or would require undue expense to answer. Samsung further objects to the

24  Request as vague and ambiguous. For example, the terms "showing" and "elements" are vague

25  and ambiguous. Samsung further objects to the Request as seeking "all" documents on a topic.

26  Samsung further objects to the Request to the extent it seeks documents that are not relevant to

27  the claims or defenses of any party and not reasonably calculated to lead to the discovery of

28  admissible evidence. Samsung further objects to the Request to the extent it seeks documents that

1   are not within the possession, custody, or control of Samsung. Samsung further objects to the

2   Request to the extent it seeks documents equally available to Apple as to Samsung. Samsung

3   further objects to the Request to the extent the requested documents are publicly available.

4          Subject to and without waiving the foregoing objections and subject to the parties'

5   ongoing meet and confer on such issues, and without representing that any responsive documents

6   exist, Samsung will produce responsive, non-privileged documents and things in its possession,

7   custody and control discovered as a result of a reasonable and diligent search.

8   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 224:**

9          All Source Code and executables for each version of the operating system (including but

10  not limited to the source code for the Android operating system and/or platform) used in each

11  Product at Issue, including, but not limited to, any kernel, library, or application framework.

12  **OBJECTIONS AND RESPONSE TO REQUEST NO. 224:**

13         In addition to its Objections and Responses Common to All Requests for Production,

14         which it hereby incorporates by reference, Samsung objects to this Request to the extent

15  that it seeks to elicit information subject to and protected by the attorney-client privilege, the

16  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

17  any other applicable privilege or immunity. Samsung further objects to the Request to the extent

18  it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects

19  to the Request as vague and ambiguous. For example, the term "version" is vague and

20  ambiguous.  Samsung further objects to the Request as seeking "all" documents on a topic.

21  Samsung further objects to the Request as overbroad in that it seeks documents and things that

22  pertain to features or applications not at issue in this litigation. Samsung further objects to the

23  Request to the extent it seeks documents that are not relevant to the claims or defenses of any

24  party and not reasonably calculated to lead to the discovery of admissible evidence. Samsung

25  further objects to the Request to the extent it seeks documents that are not within the possession,

26  custody, or control of Samsung.  Samsung further objects to the Request to the extent it seeks

27  documents equally available to Apple as to Samsung. Samsung further objects to the Request to

28  the extent the requested documents are publicly available.

1    Subject to these objections, Samsung is willing to meet and confer with Apple about the

2  relevance and scope of the information sought by this Request.

3  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 225:**

4    All Documents showing , for each Product at Issue, the evolution and version history of

5  the operating system (including but not limited to the Android operating system and/or platform)

6  used in that Product at Issue, including, but not limited to, the dates during which each version of

7  operating system was used.

8  **OBJECTIONS AND RESPONSE TO REQUEST NO. 225:**

9    In addition to its Objections and Responses Common to All Requests for Production,

10  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

11  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

12  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

13  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

14  burdensome, and/or would require undue expense to answer. Samsung further objects to the

15  Request as vague and ambiguous. For example, the term "evolution and version history" is vague

16  and ambiguous. Samsung further objects to the Request as seeking "all" documents on a topic.

17  Samsung further objects to the Request as overbroad in that it seeks documents and things that

18  pertain to features or applications not at issue in this litigation. Samsung further objects to the

19  Request to the extent it seeks documents that are not relevant to the claims or defenses of any

20  party and not reasonably calculated to lead to the discovery of admissible evidence. Samsung

21  further objects to the Request to the extent it seeks documents that are not within the possession,

22  custody, or control of Samsung. Samsung further objects to the Request to the extent it seeks

23  documents equally available to Apple as to Samsung. Samsung further objects to the Request to

24  the extent the requested documents are publicly available.

25    Subject to these objections, Samsung is willing to meet and confer with Apple about the

26  relevance and scope of the information sought by this Request.

27

28

**SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 226:**

All Documents identifying, for each Product at Issue, any updates to the operating system (including, but not limited to, the Android operating system and/or platform) used in the Product at Issue, including, but not limited to, the date(s) when such updates were made available.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 226:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects to the Request as vague and ambiguous. For example, the term "updates" is vague and ambiguous. Samsung further objects to the Request as seeking "all" documents on a topic. Samsung further objects to the Request as overbroad in that it seeks documents and things that pertain to features or applications not at issue in this litigation. Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent it seeks documents equally available to Apple as to Samsung. Samsung further objects to the Request to the extent the requested documents are publicly available.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this Request.

**SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 227:**

All Documents referring or relating to the features, operations, characteristics of, or changes made to each version of the operating system (including, but not limited to, the Android operating system and/or platform) used in each Product at Issue, including technical

1    specifications as well as instructions relating to deployment, installation, maintenance, and

2    upgrade procedures.

3    **OBJECTIONS AND RESPONSE TO REQUEST NO. 227:**

4         In addition to its Objections and Responses Common to All Requests for Production,

5    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

6    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

7    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

8    applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

9    burdensome, and/or would require undue expense to answer. Samsung further objects to the

10   Request as vague and ambiguous. For example, the term "version" is vague and ambiguous.

11   Samsung further objects to the Request as seeking "all" documents on a topic. Samsung further

12   objects to the Request as overbroad in that it seeks documents and things that pertain to features

13   or applications not at issue in this litigation. Samsung further objects to the Request to the extent

14   it seeks documents that are not relevant to the claims or defenses of any party and not reasonably

15   calculated to lead to the discovery of admissible evidence. Samsung further objects to the Request

16   to the extent it seeks documents that are not within the possession, custody, or control of

17   Samsung. Samsung further objects to the Request to the extent it seeks documents equally

18   available to Apple as to Samsung. Samsung further objects to the Request to the extent the

19   requested documents are publicly available.

20        Subject to these objections, Samsung is willing to meet and confer with Apple about the

21   relevance and scope of the information sought by this Request.

22   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 228:**

23        All Documents showing the operation and functionality of the touch screens (including

24   the display and touch sensor panels) of the Products at Issue, including the Source Code for each

25   version of any software, firmware, program(s), library(ies) or other system used to control the

26   touch screens.

27

28

1   **OBJECTIONS AND RESPONSE TO REQUEST NO. 228:**

2         In addition to its Objections and Responses Common to All Requests for Production,

3   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

4   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

5   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

6   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

7   burdensome, and/or would require undue expense to answer. Samsung further objects to the

8   Request as vague and ambiguous. For example, the term "operation and functionality" is vague

9   and ambiguous. Samsung further objects to the Request as seeking "all" documents on a topic.

10  Samsung further objects to the Request as overbroad in that it seeks documents and things that

11  pertain to products not at issue in this litigation. Samsung further objects to the Request as

12  overbroad in that it seeks documents and things that pertain to features or applications not at issue

13  in this litigation. Samsung further objects to the Request to the extent it seeks documents that are

14  not relevant to the claims or defenses of any party and not reasonably calculated to lead to the

15  discovery of admissible evidence. Samsung further objects to the Request to the extent it seeks

16  documents that are not within the possession, custody, or control of Samsung. Samsung further

17  objects to the Request to the extent it seeks documents equally available to Apple as to Samsung.

18  Samsung further objects to the Request to the extent the requested documents are publicly

19  available.

20        Subject to these objections, Samsung is willing to meet and confer with Apple about the

21  relevance and scope of the information sought by this Request.

22  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 229:**

23        All Documents showing, for each Product at Issue, the evolution and version history of

24  any software, firmware, program(s), library(ies) or other system used to control the touch screens

25  (including the display and touch sensor panels) of the Products at Issue, including but not limited

26  to the dates during which each version was in use.

27

28

**OBJECTIONS AND RESPONSE TO REQUEST NO. 229:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects to the Request as vague and ambiguous. For example, the term "evolution and version history" is vague and ambiguous. Samsung further objects to the Request as seeking "all" documents on a topic. Samsung further objects to the Request as overbroad in that it seeks documents and things that pertain to features or applications not at issue in this litigation. Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung. Samsung further objects to the Request to the extent it seeks documents equally available to Apple as to Samsung. Samsung further objects to the Request to the extent the requested documents are publicly available.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this Request.

**SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 230:**

All Documents identifying, for each Product at Issue, any update to any software, firmware, program(s), library(ies) or other system used to control the touch screens (including the display and touch sensor panels) of the Products at Issue, including, but not limited to, the date(s) when such updates were made available.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 230:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

1  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

2  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

3  burdensome, and/or would require undue expense to answer. Samsung further objects to the

4  Request as vague and ambiguous. For example, the term "update" is vague and ambiguous.

5  Samsung further objects to the Request as seeking "all" documents on a topic. Samsung further

6  objects to the Request as overbroad in that it seeks documents and things that pertain to features

7  or applications not at issue in this litigation. Samsung further objects to the Request to the extent

8  it seeks documents that are not relevant to the claims or defenses of any party and not reasonably

9  calculated to lead to the discovery of admissible evidence. Samsung further objects to the Request

10  to the extent it seeks documents that are not within the possession, custody, or control of

11  Samsung.  Samsung further objects to the Request to the extent it seeks documents equally

12  available to Apple as to Samsung. Samsung further objects to the Request to the extent the

13  requested documents are publicly available.

14      Subject to these objections, Samsung is willing to meet and confer with Apple about the

15  relevance and scope of the information sought by this Request.

16  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 231:**

17      All Documents referring or relating to the features, operations, characteristics of, or

18  changes made to each version of the any software, firmware, program(s), library(ies) or other

19  system used to control the touch screens (including the display and touch sensor panels) of the

20  Products at Issue, including technical specifications as well as instructions relating to deployment,

21  installation, maintenance, and upgrade procedures.

22  **OBJECTIONS AND RESPONSE TO REQUEST NO. 231:**

23      In addition to its Objections and Responses Common to All Requests for Production,

24  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

25  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

26  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

27  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

28  burdensome, and/or would require undue expense to answer. Samsung further objects to the

1  Request as seeking "all" documents on a topic. Samsung further objects to the Request as vague

2  and ambiguous. For example, the term "version" is vague and ambiguous. Samsung further

3  objects to the Request as overbroad in that it seeks documents and things that pertain to features

4  or applications not at issue in this litigation. Samsung further objects to the Request to the extent

5  it seeks documents that are not relevant to the claims or defenses of any party and not reasonably

6  calculated to lead to the discovery of admissible evidence. Samsung further objects to the Request

7  to the extent it seeks documents that are not within the possession, custody, or control of

8  Samsung.  Samsung further objects to the Request to the extent it seeks documents equally

9  available to Apple as to Samsung. Samsung further objects to the Request to the extent the

10  requested documents are publicly available.

11       Subject to these objections, Samsung is willing to meet and confer with Apple about the

12  relevance and scope of the information sought by this Request.

13  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 232:**

14       All Source Code and executables for each version of each Samsung application installed

15  in the Products at Issue, including for each of the following applications: Contacts, Browser

16  (Internet), Calendar, Email, Music Player, Feeds & Updates, Camera, Gallery, Alarms and Clock

17  (Clock), Daily  Briefing, Voice Recorder, Video Player, TouchWiz Launcher, My Files,

18  Mediahub, and Memo.

19  **OBJECTIONS AND RESPONSE TO REQUEST NO. 232:**

20       In addition to its Objections and Responses Common to All Requests for Production,

21  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

22  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

23  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

24  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

25  burdensome, and/or would require undue expense to answer. Samsung further objects to the

26  Request as vague and ambiguous. For example, the term "version" is vague and ambiguous.

27  Samsung further objects to the Request as seeking "all" documents on a topic. Samsung further

28  objects to the Request as overbroad in that it seeks documents and things that pertain to features

1  or applications not at issue in this litigation. Samsung further objects to the Request to the extent

2  it seeks documents that are not within the possession, custody, or control of Samsung. Samsung

3  further objects to the Request to the extent it seeks documents equally available to Apple as to

4  Samsung. Samsung further objects to the Request to the extent the requested documents are

5  publicly available. Samsung further objects to the Request to the extent it seeks documents that

6  are not relevant to the claims or defenses of any party and not reasonably calculated to lead to the

7  discovery of admissible evidence.

8      Subject to these objections, Samsung is willing to meet and confer with Apple about the

9  relevance and scope of the information sought by this Request.

10 **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 233:**

11     All Documents showing, for each Product at Issue, the evolution and version history of

12 each Samsung application installed in the Products at Issue, including but not limited to the dates

13 during which each version of each application was installed, and the identity of each product in

14 which the application was installed.

15 **OBJECTIONS AND RESPONSE TO REQUEST NO. 233:**

16     In addition to its Objections and Responses Common to All Requests for Production,

17 which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

18 seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

19 work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

20 applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

21 burdensome, and/or would require undue expense to answer. Samsung further objects to the

22 Request as vague and ambiguous. For example, the term "evolution and version history" is vague

23 and ambiguous. Samsung further objects to the Request as seeking "all" documents on a topic.

24 Samsung further objects to the Request as overbroad in that it seeks documents and things that

25 pertain to features or applications not at issue in this litigation. Samsung further objects to the

26 Request to the extent it seeks documents that are not within the possession, custody, or control of

27 Samsung. Samsung further objects to the Request to the extent it seeks documents equally

28 available to Apple as to Samsung. Samsung further objects to the Request to the extent the

1   requested documents are publicly available.

2        Subject to these objections, Samsung is willing to meet and confer with Apple about the

3   relevance and scope of the information sought by this Request.

4   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 234:**

5        All Documents identifying, for each Product at Issue, any updates to each Samsung

6   application installed in the Products at Issue, including, but not limited to, the date(s) when such

7   updates were made available.

8   **OBJECTIONS AND RESPONSE TO REQUEST NO. 234:**

9        In addition to its Objections and Responses Common to All Requests for Production,

10  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

11  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

12  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

13  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

14  burdensome, and/or would require undue expense to answer. Samsung further objects to the

15  Request as vague and ambiguous. For example, the term "updates" is vague and ambiguous.

16  Samsung further objects to the Request as seeking "all" documents on a topic. Samsung further

17  objects to the Request as overbroad in that it seeks documents and things that pertain to features

18  or applications not at issue in this litigation. Samsung further objects to the Request to the extent

19  it seeks documents that are not within the possession, custody, or control of Samsung. Samsung

20  further objects to the Request to the extent it seeks documents equally available to Apple as to

21  Samsung. Samsung further objects to the Request to the extent the requested documents are

22  publicly available.

23       Subject to these objections, Samsung is willing to meet and confer with Apple about the

24  relevance and scope of the information sought by this Request.

25  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 235:**

26       All Documents referring or relating to the features, operations, characteristics of, or

27  changes made to each version of any Samsung application installed in the Products at Issue,

28  including, but not limited to, those relating to deployment, installation, maintenance, and upgrade

1  procedures.

2  **OBJECTIONS AND RESPONSE TO REQUEST NO. 235:**

3       In addition to its Objections and Responses Common to All Requests for Production,

4  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

5  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

6  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

7  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

8  burdensome, and/or would require undue expense to answer. Samsung further objects to the

9  Request as vague and ambiguous. For example, the term "version" is vague and ambiguous.

10  Samsung further objects to the Request as seeking "all" documents on a topic. Samsung further

11  objects to the Request as overbroad in that it seeks documents and things that pertain to features

12  or applications not at issue in this litigation. Samsung further objects to the Request to the extent

13  it seeks documents that are not within the possession, custody, or control of Samsung. Samsung

14  further objects to the Request to the extent it seeks documents equally available to Apple as to

15  Samsung. Samsung further objects to the Request to the extent the requested documents are

16  publicly available.

17       Subject to these objections, Samsung is willing to meet and confer with Apple about the

18  relevance and scope of the information sought by this Request.

19  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 240:**

20       All Documents concerning the design, manufacture, specifications and operation of the

21  touch screens (including the display and touch sensor panels) on the Products at Issue.

22  **OBJECTIONS AND RESPONSE TO REQUEST NO. 240:**

23       In addition to its Objections and Responses Common to All Requests for Production,

24  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

25  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

26  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

27  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

28  burdensome, and/or would require undue expense to answer. Samsung further objects to the

1  Request as seeking "all" documents on a topic. Samsung further objects to the Request as

2  overbroad in that it seeks documents and things that pertain to features or applications not at issue

3  in this litigation. Samsung further objects to the Request to the extent it seeks documents that are

4  not relevant to the claims or defenses of any party and not reasonably calculated to lead to the

5  discovery of admissible evidence. Samsung further objects to the Request to the extent it seeks

6  documents that are not within the possession, custody, or control of Samsung. Samsung further

7  objects to the Request to the extent it seeks documents equally available to Apple as to Samsung.

8  Samsung further objects to the Request to the extent the requested documents are publicly

9  available.

10     Subject to these objections, Samsung is willing to meet and confer with Apple about the

11  relevance and scope of the information sought by this Request.

12  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 241:**

13     All Source Code and executables for any software, firmware, program(s), library(ies) or

14  other system used to control the touch screens (including the display and touch sensor panels) on

15  the Products at Issue.

16  **OBJECTIONS AND RESPONSE TO REQUEST NO. 241:**

17     In addition to its Objections and Responses Common to All Requests for Production,

18  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

19  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

20  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

21  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

22  burdensome, and/or would require undue expense to answer. Samsung further objects to the

23  Request as seeking "all" documents on a topic. Samsung further objects to the Request as

24  overbroad in that it seeks documents and things that pertain to features or applications not at issue

25  in this litigation. Samsung further objects to the Request to the extent it seeks documents that are

26  not relevant to the claims or defenses of any party and not reasonably calculated to lead to the

27  discovery of admissible evidence. Samsung further objects to the Request to the extent it seeks

28  documents that are not within the possession, custody, or control of Samsung. Samsung further

1   objects to the Request to the extent it seeks documents equally available to Apple as to Samsung.

2   Samsung further objects to the Request to the extent the requested documents are publicly

3   available.

4       Subject to these objections, Samsung is willing to meet and confer with Apple about the

5   relevance and scope of the information sought by this Request.

6   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 242:**

7       All Source Code and executables for any software, firmware, program(s), library(ies) or

8   other system running on any monitoring circuitry, integrated circuit, chip, controller or module

9   used to operate the touch screens (including the display and touch sensor panels) on the Products

10   at Issue.

11   **OBJECTIONS AND RESPONSE TO REQUEST NO. 242:**

12       In addition to its Objections and Responses Common to All Requests for Production,

13   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

14   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

15   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

16   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

17   burdensome, and/or would require undue expense to answer. Samsung further objects to the

18   Request as seeking "all" documents on a topic. Samsung further objects to the Request as

19   overbroad in that it seeks documents and things that pertain to features or applications not at issue

20   in this litigation. Samsung further objects to the Request to the extent it seeks documents that are

21   not relevant to the claims or defenses of any party and not reasonably calculated to lead to the

22   discovery of admissible evidence. Samsung further objects to the Request to the extent it seeks

23   documents that are not within the possession, custody, or control of Samsung. Samsung further

24   objects to the Request to the extent it seeks documents equally available to Apple as to Samsung.

25   Samsung further objects to the Request to the extent the requested documents are publicly

26   available.

27       Subject to these objections, Samsung is willing to meet and confer with Apple about the

28   relevance and scope of the information sought by this Request.

1   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 243:**

2        All Documents showing the arrangement and specification of traces, conductive lines,

3   conductive layers, glass, dielectrics, substrates, adhesives, and other elements used to construct

4   the touch screens (including the display and touch sensor panels) of the Products at Issue.

5   **OBJECTIONS AND RESPONSE TO REQUEST NO. 243:**

6        In addition to its Objections and Responses Common to All Requests for Production,

7   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

8   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

9   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

10  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

11  burdensome, and/or would require undue expense to answer. Samsung further objects to the

12  Request as vague and ambiguous. For example, the term "elements" is vague and ambiguous.

13  Samsung further objects to the Request as seeking "all" documents on a topic. Samsung further

14  objects to the Request as overbroad in that it seeks documents and things that pertain to features

15  or applications not at issue in this litigation. Samsung further objects to the Request to the extent

16  it seeks documents that are not relevant to the claims or defenses of any party and not reasonably

17  calculated to lead to the discovery of admissible evidence. Samsung further objects to the Request

18  to the extent it seeks documents that are not within the possession, custody, or control of

19  Samsung. Samsung further objects to the Request to the extent it seeks documents equally

20  available to Apple as to Samsung. Samsung further objects to the Request to the extent the

21  requested documents are publicly available.

22        Subject to these objections, Samsung is willing to meet and confer with Apple about the

23  relevance and scope of the information sought by this Request.

24  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 244:**

25        All Documents concerning the design, manufacture, specification and operation of any

26  monitoring circuitry, integrated circuit, chip, controller or module used to operate the touch

27  screens (including the display and touch sensor panels) of the Products at Issue.

28

Apple Inc.'s Motion To Compel Production of Documents and Things
Case No. 11-cv-01846-LHK                                                                    xxx
sf-3076534

**OBJECTIONS AND RESPONSE TO REQUEST NO. 244:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects to the Request as seeking "all" documents on a topic. Samsung further objects to the Request as overbroad in that it seeks documents and things that pertain to features or applications not at issue in this litigation. Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung. Samsung further objects to the Request to the extent it seeks documents equally available to Apple as to Samsung. Samsung further objects to the Request to the extent the requested documents are publicly available.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this Request.

**SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 245:**

All data sheets concerning the touch screens (including the display and touch sensor panels) on the Products at Issue or any monitoring circuitry, integrated circuit, chip, controller or module used to operate said touch screens.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 245:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

1   burdensome, and/or would require undue expense to answer. Samsung further objects to the

2   Request as seeking "all" documents on a topic. Samsung further objects to the Request as

3   overbroad in that it seeks documents and things that pertain to features or applications not at issue

4   in this litigation. Samsung further objects to the Request to the extent it seeks documents that are

5   not relevant to the claims or defenses of any party and not reasonably calculated to lead to the

6   discovery of admissible evidence. Samsung further objects to the Request to the extent it seeks

7   documents that are not within the possession, custody, or control of Samsung. Samsung further

8   objects to the Request to the extent it seeks documents equally available to Apple as to Samsung.

9   Samsung further objects to the Request to the extent the requested documents are publicly

10  available.

11      Subject to these objections, Samsung is willing to meet and confer with Apple about the

12  relevance and scope of the information sought by this Request.

13  **APPLE'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(A)(1)**

14      Apple hereby certifies that it has in good faith conferred with Samsung in an effort to

15  obtain the discovery described immediately above without Court action.  Apple's efforts to

16  resolve this discovery dispute without court intervention are described in the Declaration of Mia

17  Mazza in Support of Motion to Compel Production of Documents and Things (the "Mazza

18  Decl.") and exhibits attached thereto, submitted concurrently herewith.

19

20  Dated:  December 8, 2011          MORRISON & FOERSTER LLP

21

22                          By:  _/s/ Michael A. Jacobs_____
                                 Michael A. Jacobs

23                          Attorneys for Plaintiff
24                          APPLE INC.

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ............................................................. i

RELIEF REQUESTED ............................................................................ i

STATEMENT OF ISSUES TO BE DECIDED ...................................................... ii

APPLE'S CIVIL L.R. 37-2 STATEMENT ....................................................... ii

APPLE'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1) ........................ xxxii

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

    I.      INTRODUCTION ........................................................... 1

    II.     FACTS ........................................................................ 2

    III.    LEGAL STANDARDS ...................................................... 4

    IV.    ARGUMENT ................................................................. 5

            A.    Apple Needs Documents to Conduct the Depositions of Samsung's Witnesses in the Next Two Months. ............................... 5

            B.    Apple Has Repeatedly—Without Success—Asked Samsung to Produce Certain Categories of Core Documents ........................... 6

                  1.    Apple Has Repeatedly Asked for the Source Code It Needs Immediately to Prove its Infringement Allegations. ................. 6

                  2.    Apple Needs Evidence Regarding the Design History of Samsung's Products. ................................................... 9

                  3.    Apple Needs Evidence Regarding Samsung's Consideration of Apple and Apple Products. ....................................... 10

                  4.    Apple Needs Survey Evidence to Depose Marketing Witnesses ... 12

    V.     CONCLUSION .............................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*AC Aukerman Co. v. RL Chaides Const. Co.*,
  960 F. 2d 1020 (Fed. Cir. 1992)...........................................................................9

*Avia Group Int'l, Inc. v. L.A. Gear California, Inc.*,
  853 F.2d 1557 (Fed. Cir. 1988)............................................................................9

*Best Lock Corp. v. Ilco Unican Corp.*,
  94 F.3d 1563 (Fed. Cir. 1996).............................................................................9

*Cryptography Research, Inc. v. Visa Int'l Serv. Ass'n*,
  No. C04-04143 JW (HRL),
  2005 U.S. Dist. LEXIS 37013 (N.D. Cal. July 27, 2005).......................................8

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
  543 F.3d 665 (Fed. Cir. 2008).............................................................................9

*John H. Harland Co. v. Clarke Checks, Inc.*,
  711 F.2d 966 (11th Cir. 1983).............................................................................9

*Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*,
  417 F. Supp. 2d 1121 (N.D. Cal. 2006) ...............................................................8

*Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*,
  No. C 05-0986................................................................................................8

*Vandenberg v. Dairy Equip. Co., Div. of DEC Int'l, Inc.*,
  740 F.2d 1560 (Fed. Cir. 1984)............................................................................9

RULES

Fed. R. Civ. P.
  26(b)(1) .........................................................................................................4
  34(a) ..............................................................................................................4
  37(a)(3)(B)(iv).................................................................................................4

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I.   **INTRODUCTION**

3      Apple moves to compel the production of four discrete categories of highly relevant

4   documents: (1) source code and other technical documents showing the operation of the allegedly

5   infringing product features; (2) design history documents, including CADs, sketchbooks, and

6   models, showing the decision-making process that led to the design of Samsung's products;

7   (3) emails and documents showing Samsung's analysis and consideration of Apple and Apple

8   products; and (4) relevant survey and marketing documents.  Although these documents should

9   have been produced months ago, Samsung has refused to commit to the following schedule for

10   substantially completing its production of these documents: by December 15, 2011, for source

11   code and other technical documents, emails and documents that show consideration of Apple and

12   its products, and survey documents; by December 23 for design history documents, such as

13   sketchbooks and models; and by December 31 for Computer Aided Drawings ("CAD").

14      This case has been set for trial on an expedited schedule.  Opening claim construction

15   briefing was due on December 8, 2011.  The depositions of Samsung's technical, design, and

16   marketing witnesses will begin in a few weeks.  The fact discovery cut-off date has been set for

17   March 8, 2011.

18      With only three months remaining for discovery, Apple has received almost no documents

19   relevant to its infringement allegations.  Since October 2011, Samsung has produced ***only 71***

20   ***documents and totaling 241 pages*** responsive to Apple's document requests in Apple's offensive

21   case against Samsung.  And most of these 241 pages were irrelevant, as they merely contained

22   automatic email trailers regarding inadvertent receipt and confidentiality.

23      Samsung has failed to produce any source code showing the structure and operation of the

24   accused features in its products.  Likewise, Samsung has not produced any of its designers'

25   notebooks, meeting minutes, emails, or CADs showing the evolution of its product designs.  And

26   it is not even close to completing its production of documents showing its analysis and copying of

27   Apple and Apple products.  Finally, even though it was ordered by the Court to do so, Samsung

28   has not yet completed its production of relevant survey and marketing documents.

Even after Apple receives this production of source code, design history files, documents evidencing Samsung's consideration of Apple and Apple products, and relevant survey and marketing documents, Apple will need significant time to review the documents.  First, Apple will need to translate the Korean language documents into English.  It will then take several weeks to review and analyze these highly complex technical documents and piece together the design history of nearly thirty Samsung accused products.

Meanwhile, Apple has noticed 37 depositions for December 2011 and January 2012.  The deponents are Samsung designers, programmers, and other individuals with knowledge of the evolution of Samsung's products.  To complicate matters further, Samsung has insisted that Apple travel to Korea to take these depositions.  These considerations significantly compress the time available to Apple to prepare for the depositions.

Moreover, this round of document production will likely elicit additional discovery.  In particular, these documents will help Apple identify additional witnesses that need to be deposed to develop and execute Apple's case against Samsung.  Further, Apple requires an opportunity to obtain any documents it determines is missing from Samsung's production, review of which will likely lead to the need for additional depositions.

With the close of fact discovery only three months away and multiple depositions noticed, Apple requires these critical categories of documents *immediately*.  Samsung should not be permitted to produce hundreds of thousands of highly relevant documents at the eleventh hour.  By dragging its feet, Samsung jeopardizes Apple's ability to prepare for upcoming depositions, prejudices Apple's development of its case strategy, and interferes with Apple's ability to prepare for trial.  Accordingly, the Court should compel Samsung to substantially complete by December 23, 2011, its production of the four specific categories of documents that Apple has identified as being most critical to trying its case.

## II.    FACTS

With a March 8 discovery cut-off that is only a short three months away, Samsung has produced almost no documents related to Apple's infringement allegations.  As described more fully in Apple's prior motion to compel, Samsung's productions during the preliminary injunction

phase of this case were almost completely devoid of documents relevant to Apple's infringement allegations. Samsung produced only 49,442 pages of materials before Apple filed its first motion to compel, padding its productions with irrelevant documents. (Declaration of Minn Chung in Support of Apple's Motion to Compel Production of Documents and Things ("Chung Decl.") at ¶ 10.) Before it was ordered by the Court on September 28, 2011, to produce such documents, Samsung had produced no documents relating to the analysis of Apple's designs by Samsung designers—not even discussions of design decisions or emails from the Samsung designers responsible for the industrial design of Samsung's Galaxy S products. (*Id.* at ¶ 8.)

Even after the Court order, Samsung produced very few documents containing discussions of design decisions by Samsung's industrial designers during the development process, and none relating to the accused features. (*Id.* at ¶¶ 11-12.) There were no documents containing any discussion of the main design features of Samsung's products, nor was there any document describing the design history of the accused products. (*Id.* at ¶ 12.) Moreover, all documents produced during this period were limited to the four products and one feature at issue in Apple's preliminary injunction motion. (*Id.*)

And since October 13, 2011, the date of the Preliminary Injunction hearing in this case, Samsung has produced only approximately 3400 documents, totaling about 152,000 pages. (*Id.* at ¶ 3.) Of these, only 71 documents and 241 pages were responsive to Apple's document requests and related to Apple's infringement claims in its case against Samsung. (*Id.*) These were supplementary productions of missing email attachments, many of which were irrelevant one page documents containing automatic email trailers regarding inadvertent receipt and confidentiality. (*Id.* at 5, 6.)

To date, Samsung has produced no source code showing the structure and operation of the accused features, and only a handful of technical documents, mostly relating to third-party hardware components. (*Id.* at ¶ 19.) Samsung's production of CAD files was limited to TIFF images of only the *final* design of only *four* of the Products at Issue. (*Id.* at ¶ 9.) Samsung's production is almost completely devoid of designers' emails, minutes from design or development meetings, sketches of draft designs from Samsung's industrial designers, CAD files

1  for draft designs, or any other document likely to be generated during the design or development

2  of the accused devices.  (*Id.* at ¶ 18.)  Likewise, Samsung has produced no sketchbooks or

3  prototypes from the designers responsible for developing the allegedly infringing designs.  (*Id.*)

4  Aside from a handful of documents produced as a result of the September 28 Court order and

5  which was limited to the single feature that was accused during the preliminary injunction phase,

6  Samsung has failed to produce any emails or documents showing the development of the accused

7  features or its analysis of Apple or Apple products.  (*Id.* at ¶¶ 12-13.)

8      In short, with only three months left in discovery, Samsung has produced next to nothing

9  relevant to Apple's infringement allegations against Samsung.

10     Apple has filed concurrently an Administrative Motion for Temporary Relief from Lead

11  Counsel Meet and Confer Requirement, requesting limited relief from the provision in the Court's

12  Minute Order and Case Management Order [D.N. 187] that requires the parties' lead trial counsel

13  to meet and confer in person before a discovery motion is filed.  As detailed in the Administrative

14  Motion, and the Declaration of Michael A. Jacobs in Support of that motion, Apple has made a

15  diligent, good faith effort to confer with Samsung's lead trial counsel in person (or otherwise)

16  before filing this motion, but was unsuccessful in doing so.

17  **III.    LEGAL STANDARDS**

18     A party is entitled to seek discovery of "any nonprivileged matter that is relevant to any

19  party's claim or defense." Fed. R. Civ. P. 26(b)(1).  "A party may serve on any other party a

20  request within the scope of Rule 26(b):  (1) to produce . . . (A) any designated documents . . . or

21  (B) any designated tangible things." Fed. R. Civ. P. 34(a).

22     "A party seeking discovery may move for an order compelling . . . production, or

23  inspection.  This motion may be made if: . . . a party fails to respond that inspection [of such

24  documents or tangible things] will be permitted – or fails to permit inspection – as requested

25  under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

26     Patent Civil Local Rule 3-4(a) provides for the automatic production of source code and

27  technical documents concurrently with the defendants' invalidity contentions.  It states:  "With

28  the Invalidity Contentions, the party opposing a claim of patent infringement shall produce or

1  make available for inspection and copying:  (a) Source code, specifications, schematics, flow

2  charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects

3  or elements of an Accused Instrumentality identified by the patent claimant in its Patent

4  L.R. 3-1(c) chart."

5  **IV.**   **ARGUMENT**

6      Samsung does not dispute the relevance of the requested documents, but it refuses to make

7  a sufficiently firm commitment to substantially produce – by the dates needed by Apple for

8  purposes of deposing witnesses and preparing its case – of a limited, specific scope of documents

9  that Apple deems to be most important in executing its case.  Samsung should not be permitted to

10  produce thousands of pages of complex, foreign-language materials at the last minute.  First,

11  Apple needs these specific categories of documents to prepare for upcoming depositions of

12  Samsung witnesses.  Second, Apple's repeated requests to Samsung for a sufficiently firm

13  commitment to produce these documents have been unsuccessful.

14      **A.**   **Apple Needs Documents to Conduct the Depositions of Samsung's Witnesses**
         **in the Next Two Months.**

15

16      In anticipation of a March 8, 2011, discovery cutoff, Apple has noticed the depositions of

17  37 Samsung witnesses for December 2011 and January 2011.  At least two of these witnesses,

18  Wookyun Kho and Ioi Lam, are software programmers who ███████████████████████████

19  ████████████████████████████████████████████████████████████████████████████████

20  (*See* Samsung's Second Supplemental Objections and Responses to Apple's Interrogatory No. 11,

21  dated Nov. 21, 2011.)  Twenty of these individuals are industrial or graphical user interface

22  designers, identified by Samsung or its documents, as being involved in the design of the

23  Products at Issue – some of them involved in the hardware redesign of the Galaxy Tab 10.1.

24  Others were copied on documents ██████████████████████████████████.

25      Most of Samsung's witnesses are Korean employees whose documents are generally in

26  Korean and will need to be translated.  Moreover, Samsung has insisted that these depositions

27  take place in Korea.  Apples needs sufficient time to translate the documents, review and analyze

28  them – many of which are highly technical in nature – and prepare for the depositions of these

1    witnesses based on its review of the documents.  Samsung's delay in producing these documents

2    significantly prejudices Apple's ability to prepare for the depositions of Samsung's technical,

3    design, and marketing witnesses and to prepare its case.

4        **B.    Apple Has Repeatedly—Without Success—Asked Samsung to Produce
               Certain Categories of Core Documents.**

5

6        Since October 19, 2011, in an attempt to resolve discovery issues and negotiate the

7    parameters of each party's production, the parties' non-lead trial counsel have met and conferred

8    on a weekly basis.  (Mazza Decl. at ¶ 2.)  These meetings have typically lasted several hours.

9    (*Id.*)  In these discussions, and in follow-up correspondence, Apple has repeatedly requested

10   discrete categories of core technical, design, and marketing documents that it must receive

11   immediately to prepare for the upcoming depositions of 37 Samsung witnesses.  (*Id.*)  Despite

12   repeated requests from Apple, however, Samsung has refused to commit to substantially

13   completing its production of these documents by the dates requested by Apple.  (*Id.* at ¶ 28.)

14       **1.    Apple Has Repeatedly Asked for the Source Code It Needs
               Immediately to Prove its Infringement Allegations.**

15

16       Apple served Samsung with its infringement contentions on August 26, 2011, alleging

17   that Samsung's smartphones and tablets infringed eight of Apple's utility patents:[1]  (1) U.S.

18   Patent No. 6,493,002; (2) U.S. Patent No. 7,469,381; (3) U.S. Patent No. 7,853,891; (4) U.S.

19   Patents Nos. 7,864,163; (5) U.S. Patent No. 7,844,915; (6) U.S. Patents No. 7,812,828; (7) U.S.

20   Patent No. 7,663,607; and (8) U.S. Patent 7,920,129.  (*Id.* at ¶ 4.)  These patents cover various

21   aspects of the user interface as well as features, such as the "rubber-band" function that allows a

22   document to be scrolled beyond its edge, then snapped back into place, as well as systems and

23   methods for detecting and interpreting user input or gestures on a touch screen display – that are

24   implemented in Samsung's devices using software, including code contained in Samsung's

25   operating system and applications.

26   ──────────────

27       [1] Apple has also accused Samsung's smartphones and tablets of infringing seven design
     patents.  (*See* Amended Complaint ¶ 29.)

28

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS
CASE NO. 11-cv-01846-LHK                                                                6
sf-3076534

1    None of the source code and technical information requested by Apple is publicly

2 available.  While some source code used in the operating system for Samsung's devices does

3 exist publicly, Samsung has told Apple that it "does not admit that the open source Android code

4 executes on the Accused Instrumentalities, nor does Samsung admit that the open source Android

5 code is representative of the actual code that runs on the Accused Devices."  (Ltr. From Maroulis

6 to Bartlett, dated Sept. 28, 2011.)  Without access to Samsung's source code and other technical

7 documents, Apple will not be able to formulate its case strategy.

8    Samsung then served its invalidity contentions on October 7, 2011, but did not produce

9 any technical information as required by Patent Local Rule 3-4(a), other than a handful of

10 documents relating to ████████████████████████.  Instead, Samsung's

11 invalidity contentions promised that Samsung would eventually produce such information once

12 an appropriate protective order was in place.  (*Id.* at ¶ 5.)  Before the parties had finalized their

13 final protective order, however, Samsung began producing source code in support of *its own*

14 patent infringement claims against Apple.  (*Id.*)  Specifically, Samsung made source code

15 available to show the conception and reduction to practice of the 3G patents that Samsung has

16 asserted against Apple.  (*Id.*)

17    When asked to produce source code relevant to Apple's infringement allegations,

18 however, Samsung has dragged its feet.  (*Id.* at ¶¶ 6-12.)  On November 9, 2011, Apple wrote to

19 Samsung identifying specific categories of source code and other technical documents that it

20 urgently needed to prove its infringement allegations (and that should have been produced a

21 month earlier with Samsung's invalidity contentions).  (*Id.* at ¶ 6.)  Apple's letter asked Samsung

22 to immediately produce discrete categories of source code, each of which related to the operation

23 of one or more of the allegedly infringing features.  Samsung has never denied that this evidence

24 is directly relevant to the accused features identified in Apple's infringement contentions.

25    During the parties' subsequent meet-and-confer session, Samsung promised to

26 immediately respond to Apple's November 9, 2011, letter.  (*Id.* at ¶ 7.)  She did not.  Instead, on

27 November 20, six weeks after Samsung should have produced its source code and other technical

28 documents, counsel for Samsung wrote to Apple that it still needed to "confer with Samsung"

1    regarding the requested items.  (*Id.*)  Samsung claimed that it would "produce relevant source

2    code on a rolling basis," but provided no excuse for its delay or assurance that it would produce

3    documents in a timely manner.  (*Id.*)

4            Samsung's unresponsiveness prompted Apple to again write to Samsung on

5    November 28, 2011, urgently requesting the immediate production of the source code and other

6    technical documents listed in its November 9 letter.  (*Id.* at ¶ 9.)  In this letter and during the

7    parties' November 30 meet-and-confer session, Apple again expressed its urgent need to obtain

8    source code in sufficient time to review the code prior to the depositions of Samsung's software

9    developers, in addition to informing the claim construction briefing occurring at the time.  (*Id.*

10   at ¶ 10.)  Although Samsung thereafter stated that:  "we hope to make inspections available by

11   December 15, 2011" or would "let you know if such inspections are not possible on that date"—

12   those representations are not sufficiently firm commitments at this late stage.  In an effort to more

13   carefully tailor the scope of what Apple needed on an expedited basis, Apple sent a narrowed

14   scope of requested categories on December 6.  In light of the repeated failure of Samsung to

15   deliver on its assurances and produce any source code and other technical documents relevant to

16   Apple's infringement allegations thus far, Apple, in a letter dated December 7, reiterated its need

17   for a written commitment.  (*Id.* at ¶ 28.)  Samsung refused to do so.

18           The Patent local rules in particular specifically reject Samsung's position that it is entitled

19   to postpone the production of technical documents.  Samsung's non-compliance with the local

20   and Federal rules is unacceptable.  *See Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*,

21   417 F. Supp. 2d 1121, 1122 (N.D. Cal. 2006) (requiring Defendant to produce technical

22   documents pursuant to local rule 3-4(a)); *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*,

23   No. C 05-0986 MMC (BZ), 2006 U.S. Dist. LEXIS 68255 (N.D. Cal. Sept. 7, 2006) (noting that

24   the court later ordered a 30(b)(6) deposition of the custodian of technical documents);

25   *Cryptography Research, Inc. v. Visa Int'l Serv. Ass'n*, No. C04-04143 JW (HRL), 2005 U.S. Dist.

26   LEXIS 37013 (N.D. Cal. July 27, 2005) (ordering production of documents pursuant to Patent

27   L.R. 3-4).

28

Apple will be severely prejudiced if Samsung continues its delay tactics.  The requested documents will include thousands of lines of code as well as technical specifications that can only be reviewed by a few experts with technical training.  Apple needs sufficient time to review and analyze the source code to take depositions of Samsung's technical witnesses effectively.  Even after these documents are produced, Apple will need time to review the code to determine if Samsung's production is complete, or if further discovery is warranted.  With the close of fact discovery only three months away, Samsung's substantial completion of certain categories of source code must occur right away.

### 2.  Apple Needs Evidence Regarding the Design History of Samsung's Products Because This Evidence Relates to Several Issues.

In the face of upcoming depositions of witnesses responsible for the design of Samsung's products, Apple needs documents showing the design history of the Products at Issue.  These design history files, chronicling the evolution of Samsung's product design, would help show, for example, whether Samsung altered its designs to more closely match Apple's design.  These documents would at minimum, in the short term, include the sketchbooks, physical models, and computer-aided design ("CAD") files created in connection with the design of all Galaxy phone and tablet products, whether they be final or alternative designs.

These materials are a central part of Apple's case and directly relevant to trade-dress infringement, functionality, obviousness, and equitable issues.  *See John H. Harland Co. v. Clarke Checks, Inc.*, 711 F.2d 966, 977 (11th Cir. 1983) (copying evidence is relevant to trade dress infringement); *Best Lock Corp. v. Ilco Unican Corp.*, 94 F.3d 1563, 1566 (Fed. Cir. 1996) ("A design is not dictated solely by its function when alternative designs for the article of manufacture are available."); *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 680 (Fed. Cir. 2008); *Avia Group Int'l, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1564 (Fed. Cir. 1988) ("Copying is additional evidence of nonobviousness."); *Vandenberg v. Dairy Equip. Co., Div. of DEC Int'l, Inc.*, 740 F.2d 1560, 1567 (Fed. Cir. 1984) ("The copying of an invention may constitute evidence that the invention is not an obvious one."); *AC Aukerman Co. v. RL Chaides Const. Co.*, 960 F. 2d 1020, 1045 (Fed. Cir. 1992) (finding that defendant's "copying should have

1    been deemed misconduct to be weighed into the court's decision" on estoppel).  Once Samsung

2    produces these documents, Apple will need to determine which Samsung employees participated

3    in the analysis of Apple's products, and how their analysis affected Samsung's product decisions.

4    That in turn will require Apple to piece together the design history of nearly thirty accused

5    products.  It will take a significant amount of time to conduct this analysis, especially since many

6    of Samsung's documents are in Korean and would need to be translated.  Without immediate

7    access to the requested materials, Apple will not be prepared to depose Samsung's employees on

8    a key aspect of Apple's case.  That would be especially damaging in this case because many of

9    Samsung's Korean deponents may not appear at trial.

10       **3.    Apple Needs Evidence Regarding Samsung's Consideration of Apple
             and Apple Products, As This Evidence Goes to the Core of the Case.**

11

12          Despite the fact that Apple's allegations of copying are a central part of Apple's case,

13   Samsung has shown similar reluctance to produce documents showing its analysis of Apple or

14   Apple products.  Apple alleges that Samsung intentionally chose to use Apple's designs and

15   features in Samsung's own devices after witnessing the phenomenal success of Apple's iPhone

16   and iPad products.  To confirm these allegations, Apple seeks evidence showing that Samsung

17   kept close track of Apple and Apple's products.  It also seeks to piece together the design

18   evolution of Samsung's phones to determine when and how Samsung veered its product designs

19   towards Apple's.

20          In its Opposition to Apple's preliminary injunction motion, Samsung tried to downplay its

21   culpability in using Apple's designs by asserting that it did not copy them.  According to

22   Samsung, smartphone and tablet designs "naturally evolved in the direction" of Apple's designs.

23   (*See* Samsung's Opposition to Apple's Motion for a Preliminary Injunction, filed under seal on

24   August 22, 2011, at 1-2.)  During the hearing on Apple's first preliminary injunction motion,

25   Samsung claimed that Apple was looking for documents that simply did not exist.

26          The few documents Samsung has produced tell a different story.  ███████████████

27   ████████████████████████████████████████████████████████████████████████████

28   ████████████████████████████████████████████████████████████████

1 ███████████████████████████████

2 ████████████████████████████████████

3 ████████████████████████████████████

4 ████████████████████████████████████

5 █████████████████████████████████████

6 ███████████████████████████████████

7 ██████████████████████████████████████

8 ████    Significantly, this document was produced weeks after Samsung had confirmed that it

9 had completed its production of "any responsive documents that might exist after a reasonable

10 search" in response to Apple's Request for Production Number 1, which specifically requests

11 these types of documents.  Again, evidencing Samsung's reluctance to meet its discovery

12 obligations.

13      Samsung has clearly not completed its production of these types of documents.

14 Samsung's production pursuant to the September 28, 2011, Order was limited to the four

15 Samsung products and one accused feature at issue in the preliminary injunction motion.  Even

16 assuming that this production is complete (and it is not), Samsung still needs to search for

17 documents related to more than 20 other accused products and seven other accused features.

18      Apple has written to Samsung multiple times, noting Samsung's lack of compliance with

19 the Court's September 28, 2011, Order and asking Samsung to do a complete search of its files

20 for these materials.  Specifically, Apple has repeatedly asked Samsung to search its development,

21 design, and marketing files (including files for development groups, R&D management groups,

22 product strategy teams, product planning groups, and product testing groups) for documents

23 mentioning Apple or its products.[2]  Samsung has not yet agreed to Apple's requests to

24 substantially complete its production of these documents in a time frame that addresses Apple's

25 urgent needs.

26      _____

[2] Search terms should be run on the central or custodial files from customer survey, R&D
27 management, product planning, product strategy, or software or product verification groups.
(Chung Decl. at ¶ 20.)

28

1

        **4.**     **Apple Needs Survey Evidence to Depose Marketing Witnesses.**

2

        For the same reasons discussed above, Apple needs as yet unproduced survey and

3

marketing evidence to depose several Samsung witnesses involved in the marketing and

4

producing planning of the Products at Issue.  Moreover, the court ordered Samsung to produce

5

these documents in its September 28, 2011, order.

6

**V.**     **<u>CONCLUSION</u>**

7

        Here, the case is on an expedited schedule, and it is imperative that at this stage, with only

8

three months remaining, that Apple begin receiving documents—on a rolling basis—from

9

Samsung.  To guide Samsung's efforts, Apple has identified the specific categories that it most

10

urgently needs to conduct its case and prepare for the impending depositions of 37 Samsung

11

witnesses.  Apple has repeatedly requested that Samsung commit to substantially completing its

12

production of this limited scope of documents for specified dates certain in December 2011.

13

Samsung refused to do so.  At this late stage, it is no longer acceptable for Samsung to continue

14

withholding documents.

15

        For these reasons, Apple respectfully requests that the Court GRANT Apple's Motion to

16

Compel and order the relief requested in Apple's Proposed Order submitted herewith.

17

Dated:  December 8, 2011            MORRISON & FOERSTER LLP

18

19

                By:   */s/ Michael A. Jacobs*

20

                    Michael A. Jacobs

21

                    Attorneys for Plaintiff

22

                    APPLE INC.

23

24

25

26

27

28