1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC.,

                    Plaintiff,

          v.

SAMSUNG ELECTRONICS CO., LTD., A
Korean business entity; SAMSUNG
ELECTRONICS AMERICA, INC., a New York
corporation; SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC, a
Delaware limited liability company.,

                    Defendants.

Case No.     11-cv-01846-LHK

**DECLARATION OF MIA MAZZA
IN SUPPORT OF MOTION TO
COMPEL PRODUCTION OF
DOCUMENTS AND THINGS**

**PUBLIC REDACTED VERSION**

1    I, Mia Mazza, declare as follows:

2        1.      I am an attorney with the law firm of Morrison & Foerster LLP, counsel for Apple

3    Inc. ("Apple").  I am licensed to practice law in the State of California.  Unless otherwise

4    indicated, I have personal knowledge of the matters stated herein and, if called as a witness, could

5    and would testify competently thereto.  I make this declaration in support of Apple's Motion to

6    Compel Production of Documents and Things.

7        2.      The parties' non-lead trial counsel have met and conferred weekly since

8    October 19, 2011, except for the week of Thanksgiving, in an attempt to resolve discovery issues

9    and negotiate the parameters of each party's production.  During these negotiations, and in

10   follow-up correspondence, Apple has identified discrete categories of core technical, design, and

11   marketing documents that it must receive immediately to prepare for the upcoming depositions of

12   37 Samsung witnesses, expected to take place in January 2012.  Despite repeated requests from

13   Apple, however, Samsung has refused to commit to substantially completing its production of

14   these documents by a date certain before the winter holidays.

15       3.      Apple has filed concurrently an Administrative Motion for Temporary Relief from

16   Lead Counsel Meet and Confer Requirement, requesting limited relief from the provision in the

17   Court's Minute Order and Case Management Order [D.N. 187] that requires the parties' lead trial

18   counsel to meet and confer in person before a discovery motion is filed.  As detailed in the

19   Administrative Motion, and the Declaration of Michael A. Jacobs in Support of that motion,

20   Apple has made a diligent, good faith effort to confer with Samsung's lead trial counsel in person

21   (or otherwise) before filing this motion, but was unsuccessful in doing so.

22   **Source Code and Technical Documents**

23       4.      Apple served its Infringement Contentions on August 26, 2011.  The contentions

24   identified the features in Samsung's products that allegedly infringed Apple's patents.  Samsung

25   subsequently alleged that Apple's Infringement Contentions were inadequate, claiming that they

26   failed to cite to source code and technical specifications.

27

28

5.      Attached hereto as **Exhibit 1** is a true and correct copy of the Invalidity Contentions Samsung served on October 7, 2011.  Samsung's Invalidity Contentions stated that Samsung would produce source code for inspection.  As of the date of this Declaration, however, Samsung has not produced any source code for inspection in Apple's offensive action.  In Samsung's own offensive action, Samsung has made source code available for inspection related to the conception and reduction to practice of its 3G patents, so Samsung is generally capable of producing source code for inspection.

6.      Attached hereto as **Exhibit 2** is a true and correct copy of a November 9, 2011, letter from Apple's counsel to Samsung's counsel identifying specific categories of source code and other technical information.  The letter requested that Samsung frontload those specific categories in its production and produce the documents as quickly as possible.  The items requested in that letter relate to the operation of one or more of the allegedly infringing features previously identified in Apple's Infringement Contentions.

7.      During the parties' November 9, 2011, meet and confer session, Samsung's counsel promised to respond to Apple's November 9, 2011, letter right away.  She did not. Instead, in a November 20, 2011, letter Samsung's counsel stated that she still needed to "confer with Samsung" regarding the requested technical documents.  Attached hereto as **Exhibit 3** is a true and correct copy of that November 20, 2011, letter.

8.      Attached hereto as **Exhibit 4** is a true and correct copy of a November 23, 2011, letter from Apple's counsel to Samsung's counsel, again raising the need for the source code and other technical documents identified in the November 9, 2011, letter and requesting that Samsung's counsel identify, by no later than November 30, a date certain by which Samsung's production to the listed items would be substantially complete.

9.      Attached hereto as **Exhibit 5** is a true and correct copy of a November 28, 2011, letter from Apple's counsel to Samsung's counsel, requesting immediate production of the categories of source code and other technical documents identified in the November 9, 2011, letter.

10.     During the parties' November 30, 2011, meet and confer session, Apple further explained the reasons why it needed immediate access to this source code and related technical documents, and Apple asked Samsung to commit to substantially completing its production of the source code and other technical documents by December 15, 2011.  Samsung declined to make that commitment, arguing that Apple did not have a near-term need for the information.

11.     Attached hereto as **Exhibit 6** is a true and correct copy of a December 6, 2011, letter from Apple's counsel to Samsung's counsel, providing a further narrowed listing of categories of source code and other technical documents for expedited production and requesting that Samsung agree to substantially complete its production of those even more limited categories by December 15, 2011.

12.     During the parties' December 7, 2011, meet and confer session and in follow-up correspondence (attached hereto as **Exhibit 7**), Apple asked Samsung to agree in writing that it would substantially complete its production of the limited categories of source code and other technical documents on or about December 15, 2011.  Samsung declined to make that agreement.

**Design Files, Surveys, and Documents Referencing Apple's Products**

13.     Apple has diligently pursued production of Samsung's design history documents, including Samsung's design files, relevant surveys, and documents discussing Apple's products. Those documents were the subject of Apple's first motion to compel, which the Court granted in part on September 28, 2011.  Following the Court's September 28, 2011, Order, Apple has written to Samsung multiple times regarding production of Samsung's design decision documents.  Some of that correspondence is summarized below and attached as Exhibits hereto.

14.     Attached hereto as **Exhibit 8** is a true and correct copy of a September 29, 2011, letter from Apple's counsel to Samsung's counsel.  In the letter, Apple asked Samsung to produce its design history files, including CAD files, by the October 7, 2011, deadline set by the Court's September 28, 2011, Order.  Samsung had previously represented to the Court that it already had produced these documents or would produce them shortly.  Attached hereto as **Exhibit 9** is a true and correct copy of an October 3, 2011 letter sent by Samsung's counsel in response, arguing that the September 28, 2011, Order did not obligate Samsung to produce those documents.

15.     Attached hereto as **Exhibit 10** is a true and correct copy of an October 10, 2011, letter from Apple's counsel to Samsung's counsel identifying specific deficiencies in Samsung's production pursuant to the Court's September 28, 2011 Order.  It notes that Samsung did not use the search term "Apple" when searching the files of its relevant custodians.  It also points out that, according to Samsung's discovery disclosures, ███████████████████████████████ ████████████████████████████  Accordingly, Samsung's searches had not uncovered all documents responsive to the Court's Order.

16.     Attached hereto as **Exhibit 11** is a true and correct copy of an October 13, 2011, letter from Apple's counsel to Samsung's counsel.  The letter asks Samsung to produce several categories of documents responsive to Apple's requests for production, including requests related to Samsung's design decisions and its analysis of Apple's products.

17.     Attached hereto as **Exhibit 12** is a true and correct copy of an October 19, 2011, letter from Apple's counsel to Samsung's counsel.  The letter again discusses the deficiencies in Samsung's production of design-decision documents pursuant to the Court's September 28, 2011 Order.

18.     Attached hereto as **Exhibit 13** is a true and correct copy of a November 4, 2011 letter from Apple's counsel to Samsung's counsel discussing Samsung's failure to comply with the Court's September 28, 2011 Order.  In order to obtain Samsung's cooperation, Apple offered to search its own documents for the term "Samsung" provided Samsung would agree to search its documents for the term "Apple."  The letter notes that the parties should continue to use other relevant search terms when searching their documents.

19.     Attached hereto as **Exhibit 14** is a true and correct copy of a November 15, 2011, letter from Apple's counsel to Samsung's counsel, again proposing that the parties each use the other's name as a search term in searching the files of relevant custodians.  The letter proposes reciprocal production of these documents by November 30, 2011.

20.     Attached hereto as **Exhibit 15** is a true and correct copy of a November 16, 2011, letter from Apple's counsel to Samsung's counsel, requesting Samsung to immediately produce a specific set of survey documents referencing Apple or Apple's products.

21.     Attached hereto as **Exhibit 16** is a true and correct copy of a November 20, 2011, letter from Apple's counsel to Samsung's counsel, stating that Apple expected Samsung to complete its production of "Apple" and survey documents by November 30, 2011.  To avoid unnecessary sealing issues, two minor references to Apple confidential information that are irrelevant to the motion have been redacted.

22.     In its November 23, 2011, letter (attached hereto as **Exhibit 4**), Apple asked Samsung to substantially complete production of survey documents pursuant to the Court's September 28 Order.

23.     During the parties' December 7, 2011, meet-and-confer session and in follow-up correspondence (attached hereto as **Exhibit 7**), Apple asked Samsung to agree in writing that it would substantially complete its production of "Apple" and survey documents on or about December 15, 2011.  Samsung declined to make that agreement.

**Scheduling Substantial Completion of Production**

24.     Attached hereto as **Exhibit 4** is a true and correct copy of a November 23, 2011 letter from Apple's counsel to Samsung's counsel stating, among other things, that Apple expected Samsung, by November 30, 2011, to substantially complete its production of survey and "Apple" documents and to provide a date certain for substantial completion of its production of source code and other technical documents.

25.     Attached hereto as **Exhibit 17** is a true and correct copy of a December 5, 2011, letter from Apple's counsel to Samsung's counsel summarizing the parties' agreements regarding Samsung's production of "Apple" and survey documents, and requesting that Samsung agree to substantially complete its production of those documents on December 15, 2011.

26.     As discussed in paragraph 11 above, on December 6, 2011, Apple's counsel sent a letter to Samsung's counsel (attached hereto as **Exhibit 6**) setting forth a limited set of source code and other technical documents and requesting that Samsung agree to substantially complete its production of this limited set of documents by December 15, 2011.

27.     Attached hereto as **Exhibit 18** is a true and correct copy of a December 6, 2011, letter from Apple's counsel to Samsung's counsel setting forth a proposed schedule for

1   substantial completion of Samsung's production of a limited set of Samsung design history

2   documents and things between December 23, 2011 and December 31, 2011.

3        28.      During the parties' December 7, 2011, meet-and-confer session, and in follow-up

4   correspondence attached hereto as **Exhibit 7**, Apple asked Samsung to agree in writing that it

5   would substantially complete its production of "Apple" documents, survey documents, and source

6   code and other technical documents on or about December 15, 2011.  Apple further asked

7   Samsung to agree in writing that it would substantially complete its production of sketchbooks

8   and physical models on or about December 23, 2011, and its production of physical models on or

9   about December 31, 2011.  Samsung declined to make that agreement.

10        I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th

11   day of December, 2011 at San Francisco, California.

12
                                        _/s/ Mia Mazza_____
13                                        Mia Mazza

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**ATTESTATION OF E-FILED SIGNATURE**

2

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this

3

Declaration.  In compliance with General Order 45, X.B., I hereby attest that Mia Mazza has

4

concurred in this filing.

5

Dated:  December 8, 2011                              */s/ Michael A. Jacobs*
                                                    Michael A. Jacobs

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28