Exhibit 6

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG


December 6, 2011

Writer's Direct Contact
415.268.6024
MMazza@mofo.com


*Via E-Mail* (melissachan@quinnemanuel.com)

Melissa N. Chan
Quinn Emanuel
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065

Re:   *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)

Dear Melissa:

I write in response to your letter dated December 2, 2011, to Wes Overson regarding Samsung source code and other technical documents responsive to Apple's RFP Nos. 11-12 and 223-250 and Apple's PI RFP Nos. 200-203.

Apple appreciates the representations Samsung has made regarding its intent to produce some source code for inspection by Apple "as quickly as possible." As I stated in my December 5 letter to Rachel Herrick Kassabian, however, this is not a sufficiently firm commitment as to either scope or accountability. Apple has requested that Samsung agree to substantially complete its production of a specifically enumerated set of source code and other technical documents by December 15. Apple has further requested that Samsung agree that, to the extent Samsung is unable to substantially complete its production in one or more categories by December 15, Samsung will provide Apple with a written report identifying what steps have been taken to substantially complete production, what additional steps need to be taken, and an estimated, near-term date certain by when the production will be substantially complete.

Your statement that Samsung "hopes" to make a limited set of source code, and no other technical documents, available for inspection by December 15, 2011, and your qualification that "we will let you know if such inspections are not possible on that date," do not provide Apple with the assurance necessary to avoid seeking court intervention.

Since last week's meet-and-confer, Apple has worked to narrow the scope of source code and other technical documents for which it has the most urgent need. The result of that effort is the below list of ten categories:

sf-3079622

**MORRISON | FOERSTER**

Rachel Herrick Kassabian
December 6, 2011
Page Two

     1.     Source code in any Samsung Product at Issue relating to the display and operation of a user interface status bar or a notification in a status bar, together with related configuration files and version history information.

     2.     Source code in any Samsung Product at Issue together with related configuration files and version history information relating to the "rubber-banding" functionality, which allows for an image, list, webpage or document to be scrolled beyond its edge until it is partially displayed, then allows for that document to scroll or bounce back into place. This includes any source code related to the android.widget.OverScroller class included in Android API Level 9, as well as equivalent source code or instructions in other versions of Android implemented onto the Samsung Products at Issue.

     3.     Source code in any Samsung Product at Issue relating to pop-up windows, including the timed display thereof, together with related configuration files and version history information.

     4.     Source code in any Samsung Product at Issue relating to scrolling and scaling, together with related configuration files and version history information.

     5.     Source code in any Samsung Product at Issue relating to scroll lock, together with related configuration files and version history information.

     6.     Source code, related configuration files, and version history information for the following software: TouchWiz, Browser, Camera, Contacts, Gallery, PDF Viewer, ThinkFree Mobile Office, Memo, and Maps applications, at least to the extent that the source code for these applications calls or is called by code included in Paragraphs 1 through 5 and 7 through 10.

     7.     Touch screen-related source code and documents, including: (i) source code for the touch sensor controllers in any Samsung Product at Issue, together with related configuration files and version history information; (ii) all documents relating to design, specifications and manufacturing tolerances for the touch screens, touch sensor controllers, and touch screen components in the Samsung Products at Issue; and (iii) specifications, schematics, flow charts, artwork, formulas, or other documentation showing the design and operation the touch screens, touch sensor controllers, and touch screen components or of other accused features.

     8.     Source code in any Samsung Product at Issue relating to the generation or display of windows (or views), including code called by application programs to control windows (or views) or what they display, together with related configuration files and version history information.

sf-3079622

MORRISON | FOERSTER

Rachel Herrick Kassabian
December 6, 2011
Page Three


       9.     Source code in any Samsung Product at Issue relating to interprocess communication, including code for generating, registering for, listening for, or otherwise processing messages or events, together with related configuration files and version history information.

       10.    Source code in any Samsung Product at Issue, together with related configuration files and version history information, relating to processing, at any level of the software stack, single- or multi-point touch screen contacts, including code that detects, interprets (*e.g.*, by interpreting as a gesture), or distinguishes between tapping, dragging, flicking/flinging, pinching/depinching, rotation, or other touch screen contacts.

An agreement by Samsung that its production in these ten categories will be substantially complete by December 15 would allow the parties to avoid motion practice in the near term.

In your December 2 letter, you assert that Apple's request for source code and other technical documents regarding certain applications (including the TouchWiz, Browser, Camera, Contacts, Gallery, and Maps applications) was "not tailored to the specific functionality accused in those applications." Apple maintains that the source code for these applications is highly relevant to understanding how the accused products implement the accused functionality. For purposes of the expedited substantial completion of production of source code by December 15, 2011, however, Apple is willing to limit its near-term request for source code for these applications to source code that calls or is called by code relating to features at issue in this case — if Samsung agrees to substantially complete its production of the source code and documents identified in Paragraphs 1 through 10 above by December 15.

Further, although Apple maintains that "requests for quotations," "qualification documents," and "bills of materials" are highly relevant to understanding the physical structure of the accused devices, especially as they relate to U.S. Patent Nos. 7,663,607 and 7,920,129, Apple is willing to defer production in these categories until after the parties have further met and conferred on this issue — if Samsung agrees to substantially complete its production of the source code and documents identified in Paragraphs 1 through 10 above by December 15.

As Apple has explained in previous letters and meet-and-confer discussions, Samsung was required to produce many of these documents nearly two months ago under the Patent Local Rules, and many of these documents are relevant to claim construction issues. We understand that Samsung disagrees. Samsung has not, however, disputed that these documents are relevant to this litigation or that Apple is entitled to them.

sf-3079622

MORRISON | FOERSTER

Rachel Herrick Kassabian
December 6, 2011
Page Four


As emphasized in my letter of December 5, 2011, there is a March 8 fact discovery cutoff in this case.  Apple has noticed 37 depositions for December 2011 and January 2012, including numerous depositions of witnesses for whom the above ten categories of documents and source code are relevant.  Apple is entitled to receive the documents it needs in connection with these depositions, and Apple is not required to justify its reasons for needing certain categories of documents on an expedited basis.

Sam Maselli has separately addressed Samsung's new requests for source code and technical documents, which you raised for the first time on December 2, 2011, in recent correspondence.

Sincerely,

*/s/ Mia Mazza*

Mia Mazza

cc:   Samuel Maselli
      S. Calvin Walden
      Peter Kolovos

sf-3079622