Exhibit 9

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL: (650) 801-5000  FAX: (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5022**

October 3, 2011

WRITER'S INTERNET ADDRESS
**victoriamaroulis@quinnemanuel.com**

<u>VIA E-MAIL</u>

Wesley Overson
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105-2482

Re:     *Apple v. Samsung Electronics, et al.*, No. 5:11-cv-01846-LHK (N.D. Cal.)

Dear Wesley:

I write in response to your letters of September 30 and October 3, 2011 regarding the Court's September 28, 2011 Order.  First of all, the Court's Order is clear and requires no interpretation. Second, we disagree with Apple's interpretation of the Order in several important respects, including the following:

Item 1 does not require Samsung to produce documents from all of the individuals listed in your letter.  Rather, the Order limits the custodians to the designers of the four products accused in Apple's preliminary injunction motion.  Indeed, as the Court noted, "Apple has offered no concrete basis upon which to justify its demand for such documents from beyond these designers."  Samsung's initial disclosures include individuals who may have relevant knowledge regarding products other than those subject to Apple's Motion for Preliminary Injunction .  Thus, there are designers listed in the initial disclosures who do not have relevant information regarding item 1.  Samsung will search the files of all individuals listed in Interrogatory 1 as well as those individuals listed in the Initial Disclosures with knowledge of the 4 products at issue in Apple's Motion.  Finally, because Apple accuses Droid Charge of infringing only the bounce back functionality (rather than design patents), Samsung will search the files of individuals responsible for that functionality.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000  FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1101 Pennsylvania Avenue NW, 6th Floor, Washington, District of Columbia  20004-2544 | TEL (202) 756-1950  FAX (202) 756-1951
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000  FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo  100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712

Wesley Overson
October 3, 2011
Page 2

Samsung also disagrees that item 1 includes the iPod Touch.  Despite Apple's numerous responses to Samsung's interrogatory regarding this exact topic, Apple has never designated the iPod Touch as embodying the '381 patent.  Moreover, neither Apple's motion to compel nor Apple's motion for a preliminary injunction alleges that Samsung copied the design of the iPod Touch; instead, Apple discusses only iPhone and iPad products.  Samsung further disagrees that the iPad 2 was encompassed by the Court's Order, which was issued before Apple untimely supplemented its response to Interrogatory No. 7 to include it as an embodiment of the 'D889 patent.  Without waiving any objections to this designation, Samsung will nevertheless produce documents that reference the iPad 2.

Regarding item 2, Samsung has not limited its search only to documents that mention iPad 2.

Regarding item 3, Samsung maintains its objection that the iPad 2 was untimely and inappropriately designated as an embodiment of Apple's design patent.  The Court's Order encompasses only those products "*currently* alleged by Apple to embody" the claimed patent features.  At the time of the Order, the iPad 2 was not designated as embodying the 'D889 patent.  Nevertheless, and again without waiving Samsung's objections to this designation, Samsung will include documents that reference the iPad 2 in its search for documents responsive to item 3.  For the same reason stated for item 1, however, Samsung will not search for surveys that reference the iPod Touch.  To be sure, Samsung will continue to search in both Korea and the United States for responsive surveys.

Finally, we disagree with Apple's interpretation of "[a]ll other relief requested by Apple."  In your letter, you list categories of documents that Apple did not request either in its motion to compel or in the requests for production that Apple presented to the Court.  For example, Apple never requested CAD files in its motion to compel.  Moreover, Samsung already produced CAD files to Apple relevant to the accused products (and we still await Apple's response confirming that it will honor its promise to place those files in escrow).  And merely because Samsung gave illustrative examples at the hearing of what it had already produced does not mean that these documents are part of the "relief requested by Apple" from the Court.  In fact, as the hearing testimony more accurately reflects, these documents were produced by Samsung *despite* their not being included in Apple's requested relief.  (*See, e.g.*, Sept. 28, 2011 Hearing Transcript at 47.)

Sincerely,

*/s/ Victoria F. Maroulis*

Victoria F. Maroulis