# EXHIBIT 10

REDACTED VERSION

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415 268 7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D C

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

October 10, 2011

Writer's Direct Contact
415.268.6096
WOverson@mofo.com

*Via E-Mail*

Kevin Johnson
Victoria Maroulis
Sara Jenkins
Quinn Emanuel
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

Re:  *Apple Inc. v. Samsung Elecs. Co., Samsung Elecs. Am., Inc., & Samsung Telecomm.*, *LLC,*
     Case No. 11-cv-1846 LHK (N.D. Cal.); CONFIDENTIAL—Subject to Protective Order

Dear Sara, Kevin and Victoria:

I write in response to your October 10, 2011 letter, and to the Amended Identification of Custodians, Litigation Hold Notices, and Search Terms (Samsung's "Amended Statement"). Your letter and Amended Statement are still unclear and leave several important problems unaddressed. We will respond to your questions about Apple's production in a separate letter.

1. **Deleted Text and Missing Attachments**

Many of the documents you produced include unexplained redactions of large amounts of text. Examples include:



sf-3056933

MORRISON | FOERSTER

Kevin Johnson
Victoria Maroulis
Sara Jenkins
October 10, 2011
Page Two

- ████████████████████████████████████████████
  ████████████████████████████████████

Samsung has produced numerous other redacted documents. Please produce full versions of all such documents or provide a valid explanation of the redactions.

You have also produced numerous emails that refer to attachments, but the attachments were not produced. For example, ████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████ These attachments do not appear to have been produced. There appear to be numerous other missing attachments, such as ████████████████████████████████████████████████████████████████████████
████████████████ Please produce all missing attachments.

2.   **Production of Lee Don-Joo's Custodial Files**

The Court ordered Samsung to search for and produce from Lee Don-Joo's custodial files "all documents relating to the redesign of the Galaxy Tab 10.1 following Apple's announcement of the iPad 2 on or about March 2, 2011." Your Amended Statement now indicates that you ████████████████████████████████████████████████████
████████████████████████████████████████, despite the Court's Order that you produce "all" documents related to the redesign of the Galaxy Tab 10.1 following the announcement of the iPad2. Please identify what documents and files were searched, and explain why you applied a date restriction that was not included in the Court's Order.

3.   **Production of Survey Documents**

The Court ordered Samsung to produce survey documents referencing Apple products from any central file, or the custodial files of any individuals with specific responsibility for surveying customers. While your letter claims that Korean files were searched, neither your statement nor your letter identify what those files are, how they were searched, or what search terms were used. Moreover, while your Exhibit V ████████████████████████
████████████████████████████████ state that these files were searched or, if they were, how that search was conducted and what

sf-3056933

**MORRISON | FOERSTER**

Kevin Johnson
Victoria Maroulis
Sara Jenkins
October 10, 2011
Page Three

search terms were used. Please identify the specific files that were searched and how that search was conducted.

What custodial files did you search for individuals responsible for surveying customers under paragraph 3 of the Order? In its Initial Disclosures, Samsung listed Justin Denison and Brian Rosenberg as individuals responsible for marketing and sales. Apparently, you have ▮t ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

If that is incorrect, please explain.

4.      **Production of Documents Concerning the "Bounce" Feature**

I pointed out in my October 8 letter that your search for documents related to "Bounce" feature claimed by the '381 utility patent was deficient because it did not include Korean terms that Samsung's own designers used in referring to this feature. Your October 10 letter refers to Samsung's Amended Statement, but we do not see any relevant amendment. In particular, the Amended Statement ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
Are you refusing to conduct searches with the Korean terms that Samsung's designers used?

5.      **Inconsistent Searches**

According to your letter, you discontinued using the search term "Apple" during the document collection process because you wanted to eliminate "an overly burdensome volume of false positive hits." There is no reason for Samsung's designers to refer to "Apple," however, unless they thought that Apple products were relevant to their design work for Samsung. Documents from the files of Samsung's designers mentioning Apple are reasonably calculated to lead to the discovery of admissible evidence and should be produced.

Your use of inconsistent search terms is also improper.

sf-3056933

**MORRISON | FOERSTER**

Kevin Johnson
Victoria Maroulis
Sara Jenkins
October 10, 2011
Page Four

  By failing to apply consistent search terms, you have ensured that your production is not complete.

As previously noted, you have also taken the inconsistent approach of searching for the

the Korean equivalent of "Galaxy" yields numerous references on Korean-language websites to Samsung's "Galaxy" line of products.

**6.     Failure to Search Files of All Designers**



**7.     Clarification of Samsung's Statement**



Finally, please explain whether any searches were performed on the custodians in Exhibit V, apart from those listed in Samsung's Amended Statement?  If so, what were they, how were they conducted, what search terms were used, and what documents were produced?

We are continuing our review of the documents that Samsung has produced to date and reserve the right to raise additional issues as a result of our ongoing review.

MORRISON | FOERSTER

Kevin Johnson
Victoria Maroulis
Sara Jenkins
October 10, 2011
Page Five


We suggest that we meet and confer on these issues tomorrow.  We are available at 11 am.  We can use my call-in number:  1-800-650-4949, passcode 2686096.  If that time does not work, please suggest another time after 11 am tomorrow.


Sincerely,

*/s/ Wesley E. Overson*

Wesley E. Overson

cc:     Rachel Herrick Kassabian      Michael A. Jacobs
        Melissa Chan                  Richard S.J. Hung
        Samuel Maselli                Mia Mazza
        Mark Selwyn                   Matthew I. Kreeger
        Peter Kolovos                 Jason R. Bartlett
                                      Kristin L. Yohannan

sf-3056933