# Exhibit 11

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

October 13, 2011

Writer's Direct Contact
415.268.6096
WOverson@mofo.com

Via E-Mail

Kevin Johnson
Victoria Maroulis
Quinn Emanuel
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

Re:   *Apple Inc. v. Samsung Elecs. Co. et al.* Case No. 11-cv-1846 LHK (N.D. Cal.)
      CONFIDENTIAL—Subject to Protective Order

Dear Kevin and Victoria:

This letter concerns Samsung's outstanding responses to Apple's discovery requests.  During the preliminary injunction phase of this lawsuit, Samsung failed to respond fully and completely to many of Apple's document and interrogatory requests, such as the request that Samsung provide the source code for several accused applications.  Moreover, to date, Samsung has failed to comply with the Court's order to produce documents pertinent to Apple products, instead conducting an inconsistent and incomplete search that fails to capture all pertinent documents.  Your most recent letter of October 12 fails to explain away your lack of compliance.  We again request a meet and confer about the issues remaining from the preliminary injunction discovery phase of the case.  The subject matter is still pertinent even after the hearing has occurred.  Could we meet and confer on those issues next Monday at 1:30 pm in our office?

In addition to these preliminary injunction-related requests, Apple has served requests that are relevant to issues beyond its preliminary injunction motion.  Now that that motion has been argued, we ask that Samsung provide full and complete responses to these requests, beginning with the complete production of documents responsive to Apple's second set of requests for production, as well as any remaining documents responsive to Apple's first and second set of preliminary injunction requests.  To help with our meet and confer discussions, I will summarize these document requests below.

sf-3054626

**MORRISON | FOERSTER**

Kevin Johnson
Victoria Maroulis
October 13, 2011
Page Two

1.  **Design and Utility Patent Infringement**

Apple has served several requests related to Samsung's infringement of Apple's design and utility patents, including RFPs 11, 12, 18, 26, 27, and 30. (*See* Apple's Second Set of Requests for Production served Aug. 3, 2011 ("RFP 2").) In addition, several of Apple's preliminary injunction requests, such as RFPs 158, 159-164, 167, 200-203, are also relevant to infringement. (*See* Apple's Second Set of Preliminary Injunction Requests for Production served Aug. 26, 2011 ("PI RFP 2").) Among other things, these requests ask Samsung to produce: (1) documents related to the design and developments of the hardware and GUI of the accused products, including the development of the features and functions that are alleged to infringe the patents at issue; (2) documents sufficient to identify each person involved in the design and development of the accused products; (3) documents relating to the decision to adopt the hardware design of the accused products as well as each version of the GUI used in each product; and (4) source code for certain accused applications and features, and for displaying images on the AMOLED screens.

2.  **Trademark and Trade Dress Infringement**

Apple also has asked Samsung to produced documents related to the trademark and trade dress infringement claims. Requests related to this topic include RFPs 36-39 (*see* RFP 2), and preliminary injunction RFP 215 (*see* PI RFP 2). These requests cover documents relating to: (1) any asserted element of Apple's trade dress, trade dress registrations, trade dress applications, and trademarks; (2) actual or possible consumer confusion between Apple and Samsung's products; (3) Samsung's knowledge of any third party's use of Apple's trade dress, trade dress registration, trade dress applications, and trademarks; and (4) documents in which Samsung was made aware of possible consumer confusion.

3.  **Design Decisions, Secondary Considerations, and Willfulness**

On a related issue, Apple has served several requests regarding Samsung's design decisions with regard to the accused products. These requests also relate to Samsung's awareness of the patents at issue in this case. Requests related to these topics include RFPs 13-15, 19-21, and 31 (*see* RFP 2), and preliminary injunction requests 1-2, 165-166, 204-205, and 211-213, (*see* Apple's First Set of Preliminary Injunction Requests for Production served Jul. 12, 2011 ("PI RFP 1"); PI RFP 2). The requests encompass: (1) documents relating to when and under what circumstances Samsung became aware of the Apple patents at issue in this case; (2) documents relating to the development of the accused products that mention or refer to Apple or its products, or to Samsung's inspection of Apple's products; (3) all samples of Apple products in Samsung's possession (excluding samples purchased for this lawsuit); (4) documents sent or received by Lee Don-Joo relating to Apple or its products; and (5) documents relating to Samsung's analyses or attempts to avoid infringement of the patents at

sf-3054626

**MORRISON | FOERSTER**

Kevin Johnson
Victoria Maroulis
October 13, 2011
Page Three

issue, including documents related to opinions and prior art searches. The court recently ordered Samsung to produce some of these documents in advance of the preliminary injunction hearing, and we need to meet and confer on whether it is complete, but these requests also cover designs, features and products not at issue in the preliminary injunction motion for which no documents have been produced.

**4.    Marketing, Sales and Royalty Documents**

Many of Apple's document requests are directed to Samsung's marketing, sales and licensing documents, including RFPs 9-10, 16-17, 22-25, 28-29, 32-34, 40-42, and 47-48. (*See* RFP 2.) Several preliminary injunction requests are also relevant to this topic, including RFPs 3-7, 207-210, 214, and 216-217. These requests call for several types of documents, including documents sufficient to show: (1) U.S. revenues generated by each accused product; (2) unit sales of each accused product; (3) current and past retail prices for each accused product; (4) the number and percentage of units returned by purchasers or retailers (and the reasons for the return); (5) the actual and projected market share for Samsung's smart phones and tablets; and (6) sales forecasts for the accused products. They also ask for: (1) copies of advertising relating to the accused products; (2) documents relating to promotions (actual or considered) of the accused products, including ads or promotions that refer directly or indirectly to Apple products; and (3) documents sufficient to show the per month advertising and marketing spending in the U.S. for the accused products. Finally, they ask for documents relating to: (1) valuations of the patents at issue; (2) valuations of Samsung's patent portfolio; (3) documents relating to indemnification for any infringement of the patents at issue; and (4) payments made by or to Samsung for licenses to intellectual property.

**5.    Miscellaneous Requests**

Apple has served requests related to a variety of other topics. The requests in this category include, among other things, requests for: (1) documents relating to Samsung's management structure; (2) documents sufficient to show the structure of entities responsible for the accused devices; (3) agreements (including joint defense agreements) between Samsung and third parties related to the subject matter of these proceedings; and (4) Samsung's document retention policy in effect during the last three years. (*See* RFP 2 at 35, 43-46, & 49-52.)

In addition, several of Apple's preliminary injunction requests are directed to Samsung's invalidity defenses, including RFPs 8, 156-157, 197-199. (*See* PI RFP 2.) These requests encompass documents related to any alleged prior art to the patents at issue in the preliminary injunction motion, including documents related to LaunchTile and XNav and to the alleged prior art designs discussed in Samsung's opposition brief.

MORRISON | FOERSTER

Kevin Johnson
Victoria Maroulis
October 13, 2011
Page Four

To the extent Samsung believes that it has completed production of documents responsive to any of the above requests, we ask that for each such request you state whether your production is complete and provide us with the information required under Judge Grewal's September 28th Order.

The above is simply an overview of the document requests served on Samsung for the purpose of our meet and confer discussions.  To date, Samsung has produced few documents responsive to these requests.  Given the March 8th discovery cut-off and the need to take depositions of international witnesses, we request that Samsung begin producing documents responsive to these requests as soon as possible.  We also propose that we meet and confer regarding a mutually-agreeable deadline for completion of its production.  We are available to discuss this on Monday as well.

Best regards,

/s/

Wesley E. Overson

sf-3054626