# EXHIBIT 12

REDACTED VERSION

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415 268 7000
FACSIMILE: 415 268 7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

October 19, 2011

Writer's Direct Contact
415.268.6096
WOverson@mofo.com

Via E-Mail

Rachel Kassabian
Quinn Emanuel
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

Re:   *Apple Inc. v. Samsung Elecs. Co. et al.* Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Rachel:

This letter concerns the issues raised by Morrison & Foerster at the parties' meet and confer session of October 19, 2011.  Given the pace of the discussion, we were unable to cover many of the issues on our agenda, including the issues raised in my October 13th letter (concerning Apple's document production requests) and the issues raised in my October 17th letter (concerning your responses to Apple's interrogatory requests).  From our discussion, we understand that you plan to respond to those issues in a letter by the end of the week.  We request that the parties' schedule a separate meet and confer session to discuss those broader discovery issues.  The document issues (for both sides) will take more than a 20-minute window to go through.  Are you available on Monday morning?

For the past two weeks, Apple has asked you to adequately explain the steps you took to comply with the Court's September 28th Order.  As we indicated to you in our October 10th and 13th letter, your court-ordered Transparency Statements[1] are anything but transparent. Among other things:



---

[1] Samsung's Amended Identification of Custodians, Litigation Hold Notices and Search Terms served October 10, 2011.

sf-3060866

MORRISON | FOERSTER

Rachel Kassabian
October 19, 2011
Page Two

During the call, you disagreed with our position that you were required to search for non-U.S. market documents, claiming that if we wanted such documents we should have moved for clarification of the Order.  However, the Order as written is clearly not limited to U.S. market surveys.  If you had wanted to modify the Order, it was your responsibility to ask for clarification before your deadline for compliance expired.  Similarly, when I asked you to identify which individuals on your Transparency Statement are responsible for survey documents, and to state whether you had searched and produced their documents, you refused to do so unless Apple agreed to answer any questions Samsung may have in the future regarding the custodians in its production.  I agreed to answer reasonable questions on Apple custodians in the future, and repeated the specific question about your compliance with the Court's Order several times.  In response, you rephrased the question, but did not answer it.  We are entitled to an explanation of what steps you took to comply with the Court's Order so that we can decide whether it will be necessary to move for sanctions.  We ask that you provide us a time when your lead counsel is available to discuss these issues.

We also complained that you limited your search of Lee Don-Joo's email to a one month period, ending on March 31, 2011.  ███████████████████████████████████████
████████████████████████████████

There were two issues upon which the parties were able to reach consensus.  Apple has agreed to provide you with explanations for the redactions on the specific documents identified in Sara Jenkins' October 12th letter; and you have agreed to provide us with explanations for the redactions on the specific documents identified in our October 10th letter.  I believe that you also agreed to produce the attachments that were missing from your production (an issue identified in our October 10th letter).  We propose that the parties exchange explanations for redactions by this Friday, October 21, and that Samsung update its production with attachments by Tuesday, October 25.

Finally, in future meet and confer sessions, we ask that you please be prepared to discuss the items on the agenda.  It is not an efficient use of our time when you need to try to find others who are not on the phone to address the issues that are raised on the agenda.

Best regards,

/s/

Wesley E. Overson

sf-3060866