# EXHIBIT 13

REDACTED VERSION

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415 268 7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D C

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

November 4, 2011

Writer's Direct Contact
415.268.6024
MMazza@mofo.com

Via E-Mail (rachelkassabian@quinnemanuel.com)

Rachel Herrick Kassabian
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139

Re:   *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)

Dear Rachel:

I write to address several issues discussed during our meet-and-confer call Wednesday.  We will follow-up on the other topics discussed during the call shortly.

**Samsung's Provision of Custodial Information Related to Its Productions**

On our call, the parties confirmed their mutual agreement that the custodian (human or non-human) from whose files each document was produced will be identified at the time of production.  Samsung will provide this information, as Apple has done for every document it has produced to date, in the load file accompanying each production by populating the CUSTODIAN field for each document with the custodian name.  Samsung stated that it has provided this custodial information in this format with respect to the documents sourced to each inventor being deposed this month, and intends to continue doing so for all of those inventors.  Samsung confirmed that if any deponent has not been identified as the source of any documents, then that means Samsung has not produced any documents collected from that individual's files or email.

Further, the parties confirmed their mutual understanding that if a document is collected from a central file rather than an individual, Samsung will identify, as Apple has, the department from which the document was collected.  It is the parties' intention that the CUSTODIAN field for each document will be populated with some form of custodial identifier (such as an individual's name, a department or server name, "Public Sources," "Unknown," etc.) and will not be left blank or state merely "Samsung" or "Apple."  (To the extent a party is unable to identify the custodian for a document, the CUSTODIAN field should be used to disclose that status at the time of production.)  Any document that is produced without an

MORRISON | FOERSTER

Rachel Herrick Kassabian
November 4, 2011
Page Two

accompanying custodial identifier should be interpreted by the receiving party as suffering from a technical error that should be brought to the producing party's attention and remedied promptly.

The parties also agreed that if, in a given production, a party cannot for some reason provide this custodial information in the load file's CUSTODIAN field, the party will provide, at the same time as the production, a separate "source log" identifying the custodian from whom each Bates range was collected.

Please let me know immediately in writing if the above mutual agreement does not comport with your understanding of the process Samsung will be following.

As we have discussed numerous times orally and in writing before and after October 7, 2011, Apple expected Samsung to provide (as Apple did) a "source log" identifying, by Bates number, the custodial source of each document it has produced in the litigation to date. Apple's own October 7 disclosure, which provided complete custodial information on a document-by-document basis, is the disclosure the Court ordered the parties to make to one another. Samsung's failure to have done this by October 7 is a violation of Judge Grewal's September 28 Order, which required the parties to identify "[e]ach individual from whose files documents were produced. To the extent documents were produced from a non-individual, or central, source, that source should be identified." Judge Grewal's Order further stated that "[t]hese requirements also apply for any productions . . . in the future." Samsung's bare list of custodians without any corresponding Bates ranges satisfies neither Judge Grewal's express dictates nor the obligation he has placed upon the parties to exercise "transparency" in mutually disclosing their discovery efforts.

We understand that Samsung disagrees that the September 28 Order required the parties to identify custodians by corresponding Bates range. During yesterday's call, however, Samsung acknowledged that in any event Apple's Interrogatory No.10, served on October 12, 2011, requires Samsung to produce the same type of "source log" that Apple produced on October 7 pursuant to Judge Grewal's Order. During yesterday's call, Samsung refused to disclose whether it has any intention of producing the requested document-by-document "source log" on November 14, the day its response to Interrogatory No.10 is due. Samsung simply stated that the Interrogatory response is not yet due, and that Samsung will provide its response "in due course."

sf-3066767

MORRISON | FOERSTER

Rachel Herrick Kassabian
November 4, 2011
Page Three


This is unacceptable.  Please confirm immediately in writing that Samsung will produce, on or before November 14, a complete "source log" covering Samsung's entire production, on a document-by-document basis, listing by Bates number a "custodian" for each document produced, identifying the true custodian and not simply identifying one of its corporate entities as the "custodian."

Apple will move to compel production of this information, in this format, on an expedited basis, on Wednesday, November 16, 2011, if it is not received before then.  Although Apple was willing to go through the formality of issuing an interrogatory request for this information, Apple reserves the right to seek sanctions against Samsung for this violation of a court order.  If Samsung does not plan on producing by November 14, please identify your availability for a lead counsel meet and confer on this issue to take place on or before November 16.

**Samsung's Productions of Documents**

During our call, we also discussed Samsung's production of certain document categories.  With regard to the production of inventor-related documents (Request Nos. 64-67, 69-73, 77-80, 82, and 140-141), you represented that Samsung was producing all relevant inventor documents.  You also agreed that you would let us know what cut-off date Samsung has been applying to its inventor collections.  Please let us know whether Samsung would agree on a cut-off date for inventor collections reflecting the date of introduction of a product that embodies the purported invention, or the filing date of the patent, whichever is later.  That is consistent with the cutoff dates that Apple applied to its inventor document productions.  Please let us know Samsung's position on these issues by close of business Monday, November 7.

In addition, the parties discussed Samsung's production of license-related documents (Request Nos. 59, 105-108, 113, 115, 117-121, 128, and 130-131).  As we discussed, Apple expects immediate production of all licenses related to the asserted patents-in-suit.  Please let us know when we should expect Samsung's production of these documents.  Moreover, you agreed to consider Apple's proposal to limit the parties' respective non-FRAND license requests to the license agreements themselves.  We also discussed Apple's demand for the production of all licenses, negotiation documents, and correspondence relating to any of Samsung's standard essential patents (including the non-asserted standards essential patents).  Please let us know if Samsung has any objection to the production of these documents, and if not, please advise as to the timing of such production.  You also agreed to provide Apple with Samsung's proposal concerning the scope of FRAND documents it is

sf-3066767

**MORRISON | FOERSTER**

Rachel Herrick Kassabian
November 4, 2011
Page Four

requesting from Apple.  Please let us know your position with respect to these issues by close of business on Tuesday, November 8.

**Ongoing Compliance with Magistrate Judge Grewal's September 28 Order**

With regard to ongoing compliance with the September 28 Order, you stated during the call that Samsung has limited its search for, and production of, survey documents in two respects.  First, Samsung limited its search and production to surveys of U.S. consumers only and not consumers in any other country.  Second, Samsung limited its search and production to survey documents that mention *both* (a) one of the Apple products alleged to embody one or more of the features claimed in the patents *and* (b) one of the four Samsung devices at issue in the preliminary injunction hearing.

These two limitations, separately and together, violate Judge Grewal's Order.  The September 28 Order requires Samsung to produce "*all* survey documents that reference the *Apple* products currently alleged by Apple to embody one or more of the ornamental or utility features claimed in the patents."  (Emphasis added.)  You defended Samsung's limitation by arguing that Apple's claims do not encompass Samsung products sold exclusively abroad.  That has nothing to do with the relevance of these documents or with the search and production Judge Grewal required Samsung to complete by October 7.  The Order does not limit Samsung's required search and production to surveys that were conducted in any particular geographical area.  And the Order certainly does not limit Samsung's required production to surveys that reference the four Samsung devices at issue in the PI hearing.  The fact that you did not reveal this limitation to us until yesterday also violates the spirit and letter of Judge Grewal's "transparency" Order.

You agreed to confirm (by today if possible) what search terms and methods were used to search for survey documents in central marketing files and from the relevant custodians.  You further agreed to ask your team whether they would drop the improper limitations and instead search pertinent marketing files for all documents that reference Apple's products, as you were ordered to do by the September 28 Order.  During the call you represented that the following marketing custodians and central files were searched: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Please confirm by close of business on Monday, November 7 that this list is correct and complete.

Samsung's failure to use the search term "Apple" in its inventor documents also violates the September 28 Order.  By dropping this search term, Samsung necessarily excluded pertinent

sf-3066767

MORRISON | FOERSTER

Rachel Herrick Kassabian
November 4, 2011
Page Five


documents from its collection and production (*e.g.*, documents that mention Apple and its product features, but do not name a specific product). Under the Court's September 28 Order, Samsung must review all documents from pertinent custodians referencing the term "Apple." If, as you represented at this week's meet-and-confer session, there were too many hits on this term because too many Samsung employees use Apple mobile devices, Samsung should have used a search limiter that excluded documents whose only hit was, for example, "sent from my Apple iPhone." To avoid continued violation of the Court's September 28 Order Samsung must review documents hitting the term with this limitation. If Samsung does not intend to perform that review, please explain why.

Apple is willing to search the files of all relevant custodians for the term "Samsung" so long as Samsung is willing to do the same with respect to the term "Apple," with specific delimiters of the type mentioned above (to be disclosed mutually). Of course, both parties should proceed with additional searches as well, but this would address at least this aspect of Samsung's compliance with the September 28 Order and transparency obligations. You stated that you would take this proposal to your team and get back to us.

Thank you for your prompt attention to these issues. We look forward to your response.


Sincerely,

/s/ *Mia Mazza*

Mia Mazza

sf-3066767