# EXHIBIT 15

REDACTED VERSION

# MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415 268 7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D C

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

Writer's Direct Contact
415.268.6096
WOverson@mofo.com

November 16, 2011

*Via E-Mail* (rachelkassabian@quinnemanuel.com)

Rachel Herrick Kassabian
Quinn Emanuel
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

Re:  *Apple Inc. v. Samsung Elecs. Co. et al.* Case No. 11-cv-1846 LHK (N.D. Cal.)
     CONFIDENTIAL—Subject to Protective Order

Dear Rachel:

This letter concerns Samsung's compliance with the Court's September 28 Order, specifically, Samsung's search for relevant survey and marketing documents.[1]  During the November 2 meet and confer session, Samsung agreed to disclose the search terms and methods that were used to collect and produce pertinent documents from Samsung's central marketing files and marketing custodians. (*See* Letter from Mazza to Kassabian dated Nov. 4.)  Your November 8 letter fails to do that, however.  Instead, you have merely referred back to Samsung's incomplete October 10th Amended Identification that necessitated this follow-up inquiry in the first place.

As Apple has repeatedly pointed out to Samsung (*see, e.g.,* our letters dated October 10, October 19, and November 1), Samsung's October 10 Amended Identification is incomplete. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Each of these issues was specifically discussed with Samsung during the November 2 meet-and-confer call.

---

[1] Samsung's proposal regarding searching for the term "Apple" has been addressed in a separate letter.

sf-3071559

MORRISON | FOERSTER

Rachel Herrick Kassabian
November 16, 2011
Page Two

Moreover, during that call you stated that Samsung had limited its search for, and production of, survey documents in two ways that were not disclosed in your October 10 Amended Identification. First, Samsung limited its search and production to surveys of U.S. consumers only and not consumers in any other country. Second, Samsung limited its search and production to survey documents that mention both (a) one of the Apple products alleged to embody one or more of the features claimed in the patents and (b) one of the four Samsung devices at issue in the preliminary injunction motion. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Your November 8 letter states that Samsung "has agreed to consider supplementing its production based on Apple's broader request" and that you would get back to us "shortly." Apple disagrees with your statement that Apple's request for information is "broader" than the September 28 Order. In any event, we have not heard from you yet. Please confirm that Samsung will immediately produce the following documents:

- From all central marketing files (in the U.S., Korea, or any other location), all survey documents that include any of the following terms: Apple or A Company or 애플 or A 사 or A社 or A4 or iPhone or 아이폰 or iPad or 아이패드

- From the custodial files of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and all other custodians in all other geographical areas with responsibility for surveying customers of the Galaxy S 4G, Infuse 4G, Droid Charge and Galaxy Tab 10.1, all survey documents that include any of the following terms: Apple or A Company or 애플 or A 사 or A社 or A4 or iPhone or 아이폰 or iPad or 아이패드

If Samsung is not willing to produce these documents, please provide a date and time for a lead counsel meet and confer on this subject so that the parties may exhaust all opportunities for resolution in advance of a motion to compel. Apple reserves the right to seek sanctions in connection with this violation of the Court's September 28 Order.

Best regards,

/s/ Wesley E. Overson

Wesley E. Overson

sf-3071559