1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for Samsung Electronics America, Inc.
   and Samsung Telecommunications America LLC

14

15                     UNITED STATES DISTRICT COURT

16           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| 17 | APPLE INC., a California corporation, | CASE NO. 4:11-cv-01846-LHK |
|---|---|---|
| 18 | Plaintiff, | **SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO SHORTEN TIME FOR BRIEFING AND HEARING ON APPLE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS** |
| 19 | vs. | |
| 20 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 21 | | Date:   December 16, 2011<br>Time:   10:00 a.m. |
| 22 | | Place:  Courtroom 5, 4th Floor<br>Judge:  Hon. Paul S. Grewal |
| 23 | Defendants. | |

**PRELIMINARY STATEMENT**

Apple fails to demonstrate any urgency that necessitates a shortened schedule here.  Its motion is based entirely on an arbitrary and impossible deadline—December 15, 2011[1]—that Apple suddenly set for Samsung's production of several broad categories of documents about a week ago.

Prior to filing its motion to compel, Apple refused to meet and confer regarding the grounds for its urgency, citing baseless reasons and claiming that it did not have to justify its position.  (Chan Decl. ¶ 3.)  When Samsung stated it would make a good-faith effort to expedite and produce the requested documents by the requested deadline, Apple claimed Samsung also needed to provide a detailed audit report of its search efforts.  (*Id.*)  Even when Samsung agreed to make a substantial production of all the requested materials, on a rolling basis, by January 6 (Chan Decl., Ex. 1.), Apple never explained why the three weeks' difference mattered and filed its motion even though it had not complied with the lead counsel meet-and-confer requirement.

Apple knew a motion to compel on these materials right now was unnecessary and unreasonable.  And it knew its arbitrary December 15 demand would likely not survive a lead counsel meet and confer, so it skipped the rules to file its baseless motion.  There is no legitimate dispute here.  Samsung has already agreed to produce these materials on an expedited schedule that will get Apple the documents in plenty of time for their use at depositions, and Apple cites no other reason why it wants or needs an expedited schedule.  There is no reason to grant Apple's motion to shorten time.

**ARGUMENT**

**I.     APPLE REFUSES TO CONDUCT AN IN-PERSON MEET AND CONFER**

Apple prematurely seeks to file a motion to compel immediate production of documents, but has refused to engage in any meaningful meet and confer regarding the urgency of such documents.  For many of the requests for technical documents cited in Apple's motion to compel, the parties have never had the opportunity to discuss the scope and breadth of such requests, much

---

[1] In its motion, Apple now seeks such documents by December 23, 2011.

less through lead counsel.  In fact, Apple has clearly stated that it was not required to so meet and confer—"Apple is not required to justify its reasons for needing certain categories of documents on an expedited basis" (Chan Decl. ¶ 3)—and thus has refused to provide further explanation for its alleged expedited need.  Samsung cited the Court's rules and made its lead counsel available for an in-person meet and confer as soon as he is available, on December 19, 2011.[2]  (Dkt. No. 436-4.)  Even considering Apple's arguments in its motion for leave from the lead counsel in-person meet and confer requirement, Apple has offered no reason why it failed to conduct any kind of meet and confer between lead counsel before filing its motion.

## II. APPLE CAN IDENTIFY NO PREJUDICE, SINCE SAMSUNG HAS AGREED TO PRODUCE THE REQUESTED MATERIALS BY JANUARY 6, 2012

Apple's Motion to Shorten Time merely states that the documents it seeks are "the core of Apple's case, and it is critical that Apple receive them well before January 2012," but it does not explain why a production by January 6, 2012 would cause it any harm.  (D.N. 464 at 2.)  In fact, Apple has not made any showing of prejudice that would result if Samsung were unable to practically complete production by December 15, 2011 or Apple's newly proposed deadline of December 23, 2011, much less articulated any reason it would be prejudiced unless this motion for shortened time is granted.  Apple also fails to cite any reason why the regular briefing schedule would be insufficient to address their concerns, especially since Samsung has already agreed to produce responsive documents that may moot Apple's motion, and Apple could discuss any perceived deficiencies at a hearing in January.

What Apple cites as urgent is simply not so.  Apple cites the fact that it has noticed the depositions of dozens of Samsung's designers and other personnel, and hopes to take them in January 2012.  (D.N. 464 at 2.)  However, the parties have yet to determine a schedule or location for these depositions, and Apple provides no reason why nearly the entirety of Samsung's

---

[2]  Mr. Verhoeven will be in Washington, D.C. conducting a trial until December 19.  To accommodate Apple, Samsung offered to stipulate to a proposal seeking relief from the in-person lead counsel requirement so long as it would apply to both sides, so that it too could move forward on pending discovery issues, but Apple refused.  (Dkt. No. 463-6.)

-2-   Case No. 4:11-cv-01846-LHK
SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR ADMINISTRATIVE RELIEF

1  production of the documents must occur by December 23, 2011, or why Samsung's agreement to
2  produce source code and design and marketing documents by January 6, 2012 results in any harm.
3  While parties must have reasonable time to prepare for depositions, Apple has not identified any
4  reason why it would be prejudiced by Samsung's proposals or by the Court's regular briefing
5  schedule, and as such, its motion must be denied.  *Competitive Techs., Inc. v. Fujitsu Ltd.*, 333 F.
6  Supp. 2d 858, 862 (N.D. Cal. 2004) (Motion to Shorten Time moot if court's normal briefing
7  schedule does not prejudice a party).[3]

## CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court deny Apple's Motion for Shortened Time.  In the alternative, Samsung requests the Court set the date for Samsung's opposition as December 14, 2011, with no reply, and the hearing for December 16, 2011.

DATED: December 9, 2011            QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP


                                    By /s/ Victoria F. Maroulis
                                        Charles K. Verhoeven
                                        Kevin P.B. Johnson
                                        Victoria F. Maroulis
                                        Michael T. Zeller
                                        Attorneys for SAMSUNG ELECTRONICS
                                        AMERICA, INC., and SAMSUNG
                                        TELECOMMUNICATIONS AMERICA, LLC

---

[3] Tellingly, when Samsung asked Apple to agree to the production of similar categories of documents by the same deadline, Apple gave no conclusive agreement to do so.  Apple wants the Court to set an arbitrary deadline—one that Apple believes should only apply to Samsung.