1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California  94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California  94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for Samsung Electronics America, Inc.
   and Samsung Telecommunications America LLC

14

15                         UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

17 | APPLE INC., a California corporation, | CASE NO. 4:11-cv-01846-LHK
18 |        Plaintiff,                     | **DECLARATION OF MELISSA N. CHAN IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO SHORTEN TIME FOR ITS MOTION TO COMPEL**
19 |        vs.                            |
20 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Date:   December 16, 2011
                                             Time:   10:00 a.m.
                                             Place:  Courtroom 5, 4th Floor
                                             Judge:  Hon. Paul S. Grewal
23 |        Defendants.                    |

1    I, Melissa N. Chan, declare:

2    1.    I am an associate in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung").  I submit this declaration in support of Samsung's Opposition to Apple's Motion to Shorten Time for Its Motion to Compel.  I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2.    On November 30, 2011, counsel for Apple suggested during the parties' meet and confer conference that Samsung's lead counsel make himself available for an in-person meet and confer during the December 5-7, 2011 time frame.

3.    On December 5, 2011, counsel for Apple sent a letter to Samsung's counsel in which Apple summarized its requests for production of  documents related to purported "copying," technical documents, and consumer surveys.  Apple noted that Samsung had committed to producing documents responsive to these categories, but provided no meaningful explanation for Apple's urgent need for these documents by a December 15 deadline.  Instead, Apple said "Apple is not required to justify its reasons for needing certain categories of documents on an expedited basis" and provided general statements that "Apple is entitled to these copying, survey, and technical documents to litigate its offensive case" and "there is a March 8 fact discovery cutoff in this case."  Apple also demanded that "to the extent that Samsung has been unable to make a substantially complete production of any of these three categories of documents [by December 15], Samsung will on December 15 provide a written disclosure" detailing Samsung's document search and collection procedures.  Apple did not explain why Samsung's commitment to using its best efforts to produce these documents by Apple's arbitrary December 15 deadline was insufficient.

4.    In response to Apple's December 5 letter, on December 7, 2011, counsel for Samsung sent a letter to Apple's counsel noting that despite Apple's failure to articulate reasons for its urgency or why Samsung's previous commitments to produce were not satisfactory, Samsung agreed to, among other things,  prioritize the three categories of requested documents

1  and use its best efforts to substantially complete production before Apple's arbitrary December 15
2  deadline.  A true and correct copy of that letter is attached as Exhibit 1.
3      5.      On the evening of December 7, 2011, counsel for Apple sent an e-mail to
4  Samsung's counsel, attaching a letter asking Samsung to make a written commitment regarding
5  the production of several categories of documents, including the documents at issue in Apple's
6  motion to compel.  A true and correct copy of that letter is attached as Exhibit 2.
7      6.      On the morning of December 8, 2011, I responded to Apple's request, agreeing to
8  the production of such documents, but proposing more realistic dates for the substantial
9  completion of Samsung's production that would allow Apple to have the documents it seeks by
10 January 6, 2011.  A true and correct copy of that e-mail is attached as Exhibit 3.  Apple did not
11 respond to this proposal.
12      I declare under penalty of perjury under the laws of the United States that the foregoing is
13 true and correct.
14      Executed in Redwood Shores, CA, on December 9, 2011.

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By   */s/ Melissa N. Chan*
    Charles K. Verhoeven
    Kevin P.B. Johnson
    Victoria F. Maroulis
    Michael T. Zeller
    Attorneys for SAMSUNG ELECTRONICS CO.,
    LTD., SAMSUNG ELECTRONICS AMERICA,
    INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC

SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR ADMINISTRATIVE RELIEF

**General Order 45 Attestation**

I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to file this Declaration. In compliance with General Order 45(X)(B), I hereby attest that Melissa N. Chan has concurred in this filing.

/s/ Victoria Maroulis