QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**ADMINISTRATIVE MOTION FOR TEMPORARY RELIEF REGARDING LEAD COUNSEL MEET AND CONFER REQUIREMENT** |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 12, 2011 at 10:00 a.m., or as soon as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court seeking relief from the Court's In-Person Meet and Confer Requirement. This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declarations of Diane C. Hutnyanand such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

Samsung seeks an order seeking relief from the lead counsel in-person meet and confer requirement for the purpose of its concurrently filed Motion(s) to Compel.

December 12, 2011                    QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP


                                     By *Victoria F. Maroulis*
                                        Charles K. Verhoeven
                                        Kevin P.B. Johnson
                                        Victoria F. Maroulis
                                        Michael T. Zeller

                                        Attorneys for SAMSUNG ELECTRONICS CO.,
                                        LTD., SAMSUNG ELECTRONICS AMERICA,
                                        INC., and SAMSUNG
                                        TELECOMMUNICATIONS AMERICA, LLC

In accordance with Northern District of California Local Rule 7-11, Samsung submits this Administrative Motion for Relief Regarding the In-Person Lead Counsel Meet and Confer Requirement (the "Meet and Confer Requirement") as set forth in the Court's Minute Order and Case Management Order.  (D.N.187).

## ARGUMENT

Samsung has good cause to seek relief.  Apple's refusal to provide its lead counsel for a meet and confer necessitates that the Court intervene and grant the instant motion, seeking relief from the Meet and Confer Requirement for Samsung's concurrently filed Motions to Compel.

After weeks of negotiating discovery disputes on both sides, Samsung proposed terms for a joint motion seeking relief for *both parties* from the in-person aspect of the Meet and Confer Requirement.  (Hutnyan Decl., ¶ 3.. ).  Although Samsung believed the issues raised by Apple's then-threatened motion were already resolved – and that Apple's motion was baseless – it was willing to cooperate with Apple so long as it would receive equal treatment, and it proposed a stipulation to accomplish that.  Indeed, Samsung would have much preferred to make one joint motion to avoid having to burden the Court with two similar requests in two days.  But without notifying Samsung, on December 09, 2011, through a middle-of-the-night filing, Apple sought and received leave from the "in-person" meet and confer requirement just for itself, so as to seize an unfair, unilateral advantage.  (D.N.467,464, and 477; ; Hutnyan Decl., ¶ 3.).

Relief from the Meet and Confer Requirement for the issues raised in Samsung's motions to compel is necessary to resolve Samsung's discovery issues to avoid continued and escalating prejudice to Samsung.  Lead counsels for both parties acknowledge that their busy schedules make in-person meet and confer on the issues impractical.  (Hutnyan Decl., ¶¶ 2, 4).).  Samsung requested dates from Apple for a lead-counsel meet and confer as early as November 20, 2011 but Apple never responded.  Samsung renewed its request on December 10, seeking at least a *telephonic* lead counsel meet and confer since Apple's lead counsel is out of the country until December 27, but Apple has refused to have any lead counsel meet and confer, telephonic or otherwise, until December 13, after the date Samsung's motions needed to be filed to match the hearing schedule set by the Court on Apple's motion.  (Hutnyan Decl., ¶ 4.).

Samsung can wait no longer for Apple to provide the requested documents and other information, especially after learning on December 7 that Apple, despite prior promises, has *not* expedited production of the requested items despite weeks of meeting and conferring, and that it regards the items Samsung has been requesting as "peripheral" evidence that it may, or may not, produce on December 15.[1]  Samsung seeks specific documents, tangibles and other information needed <u>now</u> for claim construction briefing, invalidity contentions and significant follow-on discovery.  Samsung will be prejudiced if Apple continues delaying production, or if it "dumps" these documents on Samsung one week prior to close of claim construction briefing.

*Samsung's first motion* seeks relief in three narrow areas:

(1)  documents and source code needed immediately for claim construction briefing with respect to of Apple's asserted utility patents and which must be produced pursuant to Patent Local Rule 3-4;

(2)  documents, tangibles and other information Apple has been withholding that are key to the validity of Apple's asserted design patents that have prevented Samsung from being able to question Apple's witnesses in these key areas, and from being able to conduct follow-on discovery; and

(3)  transcripts of prior testimony of Apple witnesses where they testified in their capacity as Apple employees, needed to prevent Samsung from having to take any more depositions without the benefit of this prior, relevant testimony.

*Samsung's second motion* seeks to compel Apple to allow Samsung's expert witness to view documents produced by Apple in this litigation.  Apple refuses to allow him access to any documents on the premise that he has a multi-touch technology business even though he is a design expert, is not providing any opinions with respect to the utility patents, and is thus not being given documents or other confidential information pertaining to multi-touch technology.

---

[1]  Apple has only committed that it will either produce certain items by that date, or it will provide a report on that date of what remains to be done to search and produce those items.

1    Samsung needs immediate relief from the Meet and Confer Requirement, and has
2    demonstrated good cause for such relief.  Without the Court's intervention, Apple will continue to
3    improperly block Samsung's expert from being able to analyze the relevant facts and prepare his
4    report, and Samsung will continue to be prejudiced by Apple's refusal to produce information
5    central to Samsung's case, within a timeframe allowing it to be used effectively, or used at all,
6    based only on its unilateral opinion that this important evidence may be backburnered because it
7    is "peripheral."

## CONCLUSION

Samsung has shown good cause why the Court should grant this Motion.  For the foregoing reasons, Samsung respectfully requests relief from the Court's Meet and Confer Requirement for the limited purposes of Samsung's concurrently filed Motions to Compel.

DATED: December  12, 2011          Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By/s/ Victoria F. Maroulis
   Charles K. Verhoeven
   Kevin P.B. Johnson
   Victoria F. Maroulis
   Michael T. Zeller
   Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
   INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC