QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | CASE NO. 11-cv-01846-LHK <br><br> **SAMSUNG'S NOTICE OF MOTION AND MOTION TO PERMIT SAMSUNG'S EXPERT ITAY SHERMAN TO REVIEW DESIGN MATERIALS DESIGNATED UNDER THE PROTECTIVE ORDER** <br><br> Date: Friday, December 16, 2011 <br> Time: 10:00 am <br> Place: Courtroom 5, 4th Floor <br> Magistrate Judge Paul S. Grewal |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 16, 2011 at 10:00 a.m., or as soon as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court for an order permitting Samsung's design expert, Itay Sherman, to review documents, depositions and other materials that are designated by Apple, Inc. ("Apple") under the protective order and that relate to Apple's designs and design patents. This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declarations of Itay Sherman and Rachel Herrick Kassabian; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

## RELIEF REQUESTED

Samsung seeks an order allowing Mr. Sherman to view design-related documents, transcripts and other discovery that have been or are designated by Apple under any operative protective order in this litigation.

December 12, 2011                    QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP


                                     By *Victoria F. Maroulis*
                                        Charles K. Verhoeven
                                        Kevin P.B. Johnson
                                        Victoria F. Maroulis
                                        Michael T. Zeller

                                        Attorneys for SAMSUNG ELECTRONICS CO.,
                                        LTD., SAMSUNG ELECTRONICS AMERICA,
                                        INC., and SAMSUNG
                                        TELECOMMUNICATIONS AMERICA, LLC

02198.51855/4411820.2

-1-                                                        Case No. 11-cv-01846-LHK
SAMSUNG'S NOTICE OF MOTION AND MOTION TO PERMIT ITAY SHERMAN TO REVIEW DESIGN MATERIALS

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Apple has been misusing the interim protective order to prevent Samsung from showing relevant, internal Apple documents to Samsung's design expert, Itay Sherman. Apple contends that Mr. Sherman should not be allowed to see these documents because Apple has asserted a multi-touch patent in this litigation, and Mr. Sherman allegedly competes with Apple in the multi-touch field. Apple is wrong. Mr. Sherman does not compete with Apple in this field. More importantly, Mr. Sherman is not testifying in this case regarding multi-touch technology, and Samsung has assured Apple that it will not show him documents related to Apple's multi-touch patents or technology. Specifically, Samsung has retained Mr. Sherman to testify on Apple's *design* patents, not its utility patents. Mr. Sherman has testified about the functionality of numerous aspects of Apple's patented designs, showing how Samsung's products are non-infringing. He has not — and will not — testify about Apple's utility patents, including those related to multi-touch technology. To this end, Samsung has tried to reach a compromise with Apple whereby Mr. Sherman will view only design-related files, and nothing related to multi-touch technology. Apple nevertheless continues to object to this reasonable request.

## II. FACTS

1. *Itay Sherman's Qualifications And Business.* Mr. Sherman has been retained as an expert witness on behalf of Samsung. (Sherman Decl. at ¶ 1.) He previously testified as Samsung's expert witness in support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction. (*Id.* at ¶ 13.) In connection with his design opinions, he testified about the functionality of numerous aspects of Apple's designs and its design patents. (*Id.*) He has not, and will not, be providing expert witness testimony regarding Apple's utility patents, including those related to multi-touch technology. (*Id.* at ¶ 14.)

Mr. Sherman has worked in the telecommunication industry for the last twenty years, of which the last ten were spent on mobile phone technology and products. (*Id.* at ¶ 5.) For three years, Mr. Sherman was CTO for Texas Instruments' Mobile Connectivity group. (*Id.* at ¶ 6.)

1  Mr. Sherman was also CTO for modu LTD, a headset and accessories manufacturer that pioneered
2  the concept of modular handsets that could interface with other consumer electronic devices.  (*Id*.
3  at ¶ 7.)   Work on these modular handsets required Mr. Sherman to study electrical circuitry,
4  mechanical design, and industrial design.    (*Id*. at ¶ 8.)   Mr. Sherman's work also required him
5  to study competing handsets and the design tradeoffs associated with competitors' designs.   (*Id*.
6  at ¶ 9.)

7       Mr. Sherman is currently the founder, CEO, and sole board member of DoubleTouch, Ltd.
8  (*Id*. at 16.)    DoubleTouch is in the business of licensing low-cost, multi-touch technology that
9  was invented by Mr. Sherman.    (*Id*. at ¶¶ 17-18.)    Potential licensing partners include silicon
10 vendors that provide touch controllers to the consumer electronics market as well as consumer
11 electronics companies themselves.    (*Id*. at ¶ 18.)    DoubleTouch is not involved in the industrial,
12 mechanical, or aesthetic design of any consumer electronic device.    (*Id*. at ¶ 19.)    DoubleTouch
13 does not manufacture consumer electronic products and in no way competes with consumer
14 electronic brands or manufacturers.    (*Id.*)    DoubleTouch is not in competition with Apple.
15 (*Id*.)

16       2.   *Apple Refuses To Let Samsung Disclose Confidential Design Documents To Mr.*
17 *Sherman*.    Even though Mr. Sherman does not compete with Apple in the multi-touch business,
18 is not offering expert testimony regarding any utility patents, and will not be reviewing or
19 otherwise be exposed to multi-touch discovery that Apple designates confidential, Apple
20 continues to prevent Samsung from showing Mr. Sherman *any and all* internal Apple materials.
21 Through various meet and confer sessions and communications, Samsung offered reasonable
22 compromises to address Apple's purported concerns about Mr. Sherman's viewing multi-touch
23 documents.    In particular, Samsung offered to show Mr. Sherman only enumerated categories of
24 design-related documents, and in no event any documents related to multi-touch.    (Kassabian
25 Decl. ¶ 2.)    Without giving any cogent reasons for doing so, Apple refused this compromise and
26 continues to object to Mr. Sherman's viewing any confidential Apple documents of any kind.
27 (*Id*. ¶ 3.)

28

## III. ARGUMENT

### A. An Expert With Experience In The Mobile Phone Industry Is Needed To Testify On Designs In This Case

For an expert to opine on the design patents Apple chose to put at issue in this case, that expert obviously needs to be someone with knowledge of the prior art in the field. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 676-77 (Fed. Cir. 2008).   The expert also needs to be able to distinguish functional elements of the design patents from their ornamental elements since only ornamental elements are protectable.   *OddzOn Prods., Inc. v. Just Toys, Inc*., 122 F.3d 1396, 1405 (Fed. Cir. 1997) ("A design patent only protects the novel, ornamental features of the patented design.").   To be qualified, then, the expert will need to be someone with extensive experience in the mobile phone and mobile device markets, such as Mr. Sherman.[1]

Apple has been misusing Mr. Sherman's qualifications as a Catch-22, contending that because Mr. Sherman is involved in the relevant industry, he cannot be trusted with Apple's confidential design documents.   This is unreasonable.   Apple should not be allowed to force Samsung to defend itself against charges of design patent infringement and at the same time prevent Samsung from mounting that defense through testimony by an expert in the relevant field.

### B. Mr. Sherman Is Opining On Design Functionality, Not Multi-Touch Technology

Apple's claimed reason for withholding confidential documents from Mr. Sherman is that he runs a multi-touch technology business.   Apple contends that because it also competes in this field, Mr. Sherman is a competitor and is therefore not entitled to view Apple's confidential documents.   Mr. Sherman, however, is only testifying in this case about design patents, not utility patents, let alone utility patents involving multi-touch technology.   Indeed, Samsung proposed that it would show Mr. Sherman specific types of design documents:

- CAD files
- Design patent inventor sketchbooks

---

[1] In contrast, Apple's design patent expert, Cooper Woodring, had no experience in the mobile consumer electronics market.

- Apple design patent inventor deposition transcripts
- Apple's presentations and other internal documents showing that design features are functional

Despite this reasonable, targeted request to show Mr. Sherman documents that have nothing to do with Apple's utility patents, Apple has continued to object to Samsung's disclosing any confidential documents to Mr. Sherman based on his purported business conflicts. (Kassabian Decl., ¶ 3.)   To date, Apple has never given a reason for why its design documents have anything to do with Mr. Sherman's business or why he should be prevented from seeing them in light of the interim protective order.

Moreover, Apple is not even producing information related to unreleased products or other projects in development.   Instead, it has broadly refused to produce such discovery and is producing documents related to technologies and designs it has already released to the public. Apple cannot credibly contend that these documents are so sensitive that Mr. Sherman cannot be allowed to see them, especially those that do not relate to multi-touch functionality or technology.

C.  **Apple Is Inappropriately Using The Interim Protective Order To Impede Samsung From Presenting Its Non-Infringement Defense**

By prohibiting Samsung from being able to share directly relevant discovery with its expert, Apple is misusing the interim protective order to thwart Samsung's ability to defend itself on the very issues *Apple* raised in its complaint.   The interim protective order is founded on the trust the Court places in Apple and Samsung's outside counsel to protect confidential information from being distributed inappropriately.   Indeed, Apple has had to rely on the protective order to this point to ensure that Mr. Sherman has seen no confidential documents at all.   Apple has given no reason why Samsung's attorneys cannot continue to be trusted to ensure that Mr. Sherman is not exposed to multi-touch technology materials that are designated as confidential.

And, as explained above, Samsung has no reason or need to show multi-touch documents to Mr. Sherman as a design expert.   Such documents are simply irrelevant to his analysis of Apple's design patents.   Those patents offer no protection to the technology that underlies them, including multi-touch technology.   Similarly, Apple's design documents, such as its CAD files

1  and sketchbooks, are relevant to construing the design patents, not the multi-touch technology
2  embodied in the final products.
3      Apple put its design patents at issue and has produced confidential documents relevant to
4  them.   Apple should be required to prove its case on the merits as opposed to playing a game of
5  hide-the-ball from Samsung's expert.

6  **IV.**    **CONCLUSION**

7      This Court should grant Samsung's motion and order that Samsung's design expert, Mr.
8  Sherman, may review documents, depositions and other materials that are designated under the
9  protective order and that relate to Apple's designs and design patents.

10
11  DATED: December 12, 2011          QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
12
13
14                                    By *Victoria F. Maroulis*
                                          Charles K. Verhoeven
15                                        Kevin P.B. Johnson
                                          Victoria F. Maroulis
16                                        Michael T. Zeller
17
                                          Attorneys for SAMSUNG ELECTRONICS CO.,
18                                        LTD., SAMSUNG ELECTRONICS AMERICA,
                                          INC., and SAMSUNG
19                                        TELECOMMUNICATIONS AMERICA, LLC
20
21
22
23
24
25
26
27
28