QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129)
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION TO COMPEL APPLE TO PRODUCE DOCUMENTS AND THINGS AND PROVIDE RESPONSIVE ANSWERS TO PROPOUNDED DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: December 16, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

# **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ..................................................................... 1

RELIEF REQUESTED ............................................................................................ 1

STATEMENT OF ISSUES TO BE DECIDED ......................................................... 2

SAMSUNG'S CIVIL L.R. 37-2 STATEMENT ........................................................ 3

SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(A)(1) .......... 12

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

I.      INTRODUCTION ........................................................................................ 1

II.     FACTS ........................................................................................................ 2

III.    LEGAL STANDARDS ................................................................................. 4

IV.     ARGUMENT .............................................................................................. 4

    A.     Documents Relevant To the Claim Construction And Validity Of the Utility
        Patents-In-Suit Should Be Produced Immediately .............................................. 4

        1.     Apple Has Failed To Produce Many Documents From The ITC and
               Wisconsin Actions In Which It Asserted Three Of The Patents-In-
               Suit ............................................................................................................ 4

        2.     Apple's Mac OS 10.0 Source Code is Relevant to Invalidity,
               Inequitable Conduct, and Claim Construction for the _891 Patent ............... 5

        3.     The SuperClock Source Code is Relevant to Invalidity, Inequitable
               Conduct, and Claim Construction for _002 Patent ...................................... 7

    B.     The Court Should Compel Apple to Produce Documents and Things
        Related to Apple's Design Patents. ...................................................................... 9

        1.     Items Related to the Conception and Reduction to Practice of the
               D'889 Design Patent Are Essential to Samsung's Case and Should
               Be Produced ............................................................................................... 9

               (a)     Memory Cards Containing Samsung's Photographs of
                        Apple's Tablet Mockups ...................................................... 9

               (b)     Production of ▮▮▮▮▮ Photos Attached to Olson
                        Declaration ▮▮▮▮▮▮▮▮▮▮▮ ...................................... 11

               (c)     High-Quality Photographs of the ▮▮▮▮▮ ............................. 11

               (d)     CAD Drawings, Model Shop Orders and Other Records .............. 12

(e) ██████████████████████ ................................... 14

2. Other Requested Items Related To The Validity of Apple's Design
Patents Are Essential to Samsung's Case and Should Be Produced
Without Further Delay ........................................................ 14

(a) Apple's Design Inventor Sketchbooks ............................................ 15

(b) Phone Prior Art and Evidence ......................................... 16

(i) ████████████████ .................................. 16

(ii) ███████████████████ ......... 17

(iii) █████████████████ ........ 18

(c) Tablet Prior Art ........................................................ 18

(i) Materials Related to the 1989 Flat Panel Display .............. 18

(ii) Materials Related to the Apple Cinema Display ................. 19

C. Transcripts of Prior Deposition Testimony of Apple Employees .......................... 20

V. CONCLUSION ........................................................................ 22

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### <u>Cases</u>

*Apple Inc. v. Motorola Inc. et al.*,
  3:10-CV00661 (W.D. WI) ...............................................................................................10

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
  543 F.3d 665 (Fed. Cir. 2008) .......................................................................................13

*International Seaway Trading Corp. v. Walgreens Corp.*,
  589 F.3d 1233 (Fed. Cir. 2009) .....................................................................................17

*Inventio AG v. Thyssenkrup Elevator America Corp.*,
  662 F. Supp. 2d 375 (D. Del. 2009) ..............................................................................20

*Lee v. Dayton-Hudson Corp.*,
  838 F.2d 1186 (Fed. Cir. 1988) .....................................................................................18

*Titan Tire Corp. v. Case New Holland, Inc.*,
  566 F.3d 1372 (Fed. Cir. 2009) .....................................................................................17

### <u>Statutes</u>

Fed. R. Civ. P. 26(b)(1) ......................................................................................................4

Fed. R. Civ. P. 26(b)(5)(B) ...............................................................................................10

Fed. R. Civ. P. 34(a) ...........................................................................................................4

Fed. R. Civ. P. 37(a)(1) .......................................................................................................1

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 16, 2011 at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") move the Court for an order compelling Apple Inc. ("Apple") to produce documents and things and provide responsive answers to propounded discovery in response to Samsung's Requests for Production by December 23, 2011 (or by December 19, 2011, if needed for claim construction briefing) and to supplement its response to Interrogatory No. 1 by December 23, 2011.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declaration of Diane Hutnyan and exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court.

Samsung has filed concurrently herewith an Administrative Motion for Temporary Relief from Lead Counsel Meet and Confer Requirement, requesting limited relief from the provision in the Court's Minute Order and Case Management Order (Dkt. 187) that requires the parties' lead counsel to meet and confer in person before a discovery motion is filed.  As detailed in the Administrative Motion, and the Declaration of Diane Hutnyan in Support of that motion, Samsung has made a diligent, good faith effort to confer with Apple's lead trial counsel in person (and otherwise) before filing this motion, but was unsuccessful in doing so.

## RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 37(a)(1), Samsung seeks an order compelling Apple to produce to Samsung the documents and things set forth in Samsung's Civil L.R. 37-2 Statement (below), namely:

(1)     documents and things related to Apple's asserted utility patents, including all pleadings, discovery, transcripts, statements and briefs relating to U.S. Patent Nos. 6,493,002 (the

1  —002 patent"), 7,663,607 (the —607 patent"), and 7,812,828 (the —828 patent) in two actions

2  where Apple asserted these patents against Motorola; source code, and a working copy of Mac OS

3  10.0, prior art to U.S. Patent No. 7,853,891 (the —891 patent"); and source code for SuperClock,

4  prior art to the _002 patent;

5        (2)     documents and things related to Apple's asserted design patents, including memory

6  cards containing photographs of Apple's tablet mockups; documents and things pertaining to

7  Apple's ███████████, including CAD drawings, model shop orders and records and other

8  materials; de-designated copies of photographs ███████████; a supplemental response to

9  Samsung's Interrogatory No. 1; fulsome copies of Apple's design inventor sketchbooks

10 (excluding only pages pertaining to future products); documents and things related to Apple's

11 ██████████████████████████████████████████████████████

12 ████████████████████████████████████████████████

13 ███████████████████████████ and documents, models, and prototypes relating to

14 Apple's 1989 flat panel display and the Apple Cinema Display; and

15       (3)     transcripts of prior testimony of Apple witnesses where they testified in their

16 capacity as Apple employees.

17 **STATEMENT OF ISSUES TO BE DECIDED**

18       1.     Whether Samsung is entitled to the production of (a) documents relating to Apple's

19 assertions of the _828, _607, and _002 patents in other actions and (b) source code and working

20 copies of MAC OS 10.0 and SuperClock;

21       2.     Whether Samsung is entitled to have Apple return its memory cards containing

22 photographs taken by Samsung during inspections of Apple's tablet mockups;

23       3.     Whether Samsung is entitled to the production of: (a) documents and things

24 pertaining to Apple's ███████████ including CAD drawings, model shop orders and records and

25 other materials; (b) de-designated copies of photographs of ███████████ (c) documents and

26 prototypes associated with Apple's ██████████████████████████████████

27 ██████████████████████████ (d) models, and prototypes

28

1  associated with Apple's 1989 flat panel display and the Apple Cinema Display, and (e) fulsome

2  copies of sketchbooks of Apple's design inventors (excluding only future product sketches).

3      4.      Whether Samsung is entitled to transcripts of prior deposition testimony of Apple

4  witnesses where they testified in their capacity as Apple employees.

5              **SAMSUNG'S CIVIL L.R. 37-2 STATEMENT**

6      Pursuant to Civil L.R. 37-2, Samsung's discovery requests to Apple are set forth in full

7  below along with Apple's responses and objections:

8  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 16:**

9      All DOCUMENTS used in the design and development of each of the APPLE ACCUSED

10  PRODUCTS, including, without limitation, all notebooks, diagrams, progress reports, studies,

11  internal memoranda, contracts for services, and COMMUNICATIONS.

12  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

13      Apple objects to this request on the grounds that it is overly broad, unduly burdensome,

14  vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to

15  lead to the discovery of admissible evidence, including without limitation because it seeks

16  documents regarding components and/or functionality not at issue in this lawsuit.  Apple further

17  objects to the term ―relating to" to the extent that it fails to provide reasonable particularity as to

18  the scope of the documents sought.  Apple further objects to this request to the extent that it seeks

19  documents and things protected from disclosure by the attorney-client privilege, work product

20  doctrine, joint defense or common interest privilege, or other applicable privilege, doctrine, or

21  immunity.

22      Subject to and without waiving the foregoing General and Specific Objections, Apple is

23  willing to meet and confer to discuss the scope and relevance of the documents sought by

24  Samsung.

25  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 75:**

26      All DOCUMENTS relating to any lawsuit, administrative proceeding, or other proceeding

27  involving any of the APPLE ACCUSED PRODUCTS, APPLE IP, or patents related to the

28  APPLE PATENTS-IN-SUIT, including, without limitation, any pleading, paper, motion, affidavit,

1   declaration, report, decision, or order, for cases to include, without limitation, C11- 80169 MISC

2   JF (HRL) (N.D. Cal.), 337-TA-794 (ITC), 1:2010cv23580 (S.D. Fla.), 1:2010cv06385 (N.D. Ill.),

3   1:2010cv06381 (N.D. Ill.), 337-TA-745 (ITC), 1:2010cv00166 (D. Del.), 1:2010cv00167 (D.

4   Del.), 337-TA-724 (ITC), 3:2010cv00249 (W.D. Wisc.), and 337-TA- 701 (ITC).

5   **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

6         Apple objects to this request as overly broad, unduly burdensome, and not reasonably

7   calculated to lead to the discovery of admissible evidence, including without limitation because it

8   seeks documents related to components and/or functionality not at issue in this lawsuit.  Apple

9   further objects to this request because it is improper for Samsung to use this lawsuit as a means to

10  obtain discovery pertaining to other proceedings. Apple further objects to the term "relating to" to

11  the extent that it fails to provide reasonable particularity as to the scope of the documents sought.

12  Apple further objects to this request to the extent that it purports to require the production of

13  documents and things protected from disclosure by the attorney-client privilege, attorney work

14  product doctrine, joint defense or common interest privilege, or any other applicable privilege,

15  doctrine, or immunity.

16        Subject to and without waiving the foregoing General and Specific Objections, Apple is

17  willing to meet and confer to discuss the scope and relevance of the documents sought by

18  Samsung.

19  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 83:**

20        All DOCUMENTS and things relating to the conception of any alleged invention claimed

21  by the APPLE IP[1], including, without limitation, any documents or things which APPLE contends

22  corroborate such conception, including, without limitation, laboratory notebooks, schematics,

23  drawings, specifications, source code, artwork, formulas, and prototypes.

24

25

26  _____

27    [1]  In Samsung's Requests for Production, "APPLE IP" is defined to include the "APPLE
    PATENTS-IN-SUIT," which are defined to include the "APPLE DESIGN PATENTS."

28

-4-                                    Case No. 11-cv-01846-LHK

SAMSUNG'S MOTION TO COMPEL APPLE TO PRODUCE DOCUMENTS AND THINGS

**APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Apple objects to the phrases "relating to the conception of any alleged invention" as vague and ambiguous, and object to this request as vague and ambiguous to the extent it seeks information regarding conception of an invention for Apple trademarks and trade dress. Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially because it requests "all DOCUMENTS and things," and as it calls for information that is not relevant to the claims in this case to the extent it seeks information regarding patents and patent claims not asserted by Apple. Apple objects to the production of "laboratory notebooks, schematics, drawings, specifications, source code, artwork, formulas, and prototypes" without adequate safeguards against unauthorized release of new product information. Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity, or any other applicable privilege or immunity; (ii) are outside of Apple's possession, custody, or control; (iii) would require Apple to draw a legal conclusion to respond; or (iv) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in the possession, custody, or control of the named inventors of Apple's asserted patents currently employed by Apple, if any, located after a reasonable search, sufficient to show conception of Apple's utility and design patents at issue.

**SAMSUNG'S REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS and things relating to the reduction to practice of any alleged invention claimed by the APPLE IP, including, without limitation, any documents or things which APPLE contends corroborate such reduction to practice.

**APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Apple objects to the phrase "relating to the reduction to practice" as vague and ambiguous, and the request is vague and ambiguous to the extent it seeks reduction to practice of Apple's

asserted trademark and trade dress rights. Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially because it requests "all DOCUMENTS and things." Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are outside of Apple's possession, custody, or control; (iii) would require Apple to draw a legal conclusion to respond; or (iv) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in the possession, custody, or control of the named inventors of Apple's asserted patents currently employed by Apple, if any, located after a reasonable search, sufficient to show reduction to practice of the Apple utility and design patents.

**SAMSUNG'S REQUEST FOR PRODUCTION NO. 95:**

All DOCUMENTS and COMMUNICATIONS concerning prior testimony of any inventor of the APPLE IP.

**APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Apple objects to the term "concerning" to the extent that it fails to provide reasonable particularity as to the scope of the documents sought. Apple objects to the phrase "prior testimony" as vague and ambiguous, and the request is vague and ambiguous to the extent it seeks information regarding "inventors" of Apple trademarks and trade dress. Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially because it requests "all DOCUMENTS and COMMUNICATIONS." Apple objects to this request as calling for information that is not relevant to the claims in this case to the extent it seeks information regarding patents and patent claims not asserted by Apple. Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are outside of Apple's

1   possession, custody, or control; (iii) can be obtained as easily by Samsung, are already in

2   Samsung's possession, or are publicly available; or (iv) are subject to a confidentiality or

3   nondisclosure agreement or governed by a protective order preventing its production.

4        Subject to and without waiving the foregoing General and Specific Objections, Apple has

5   produced or will produce responsive, non-privileged documents in its possession, custody, or

6   control, if any, located after a reasonable search, sufficient to show non-confidential deposition

7   and trial transcripts of the named Apple inventors currently employed by Apple regarding the

8   Apple patents in suit.

9   **SAMSUNG'S REQUEST FOR PRODUCTION NO. 98:**

10        All DOCUMENTS and things relating to any information, including patents, publications,

11   prior knowledge, public uses, sales, or offers for sale, that may constitute, contain, disclose, refer

12   to, relate to, or embody any PRIOR ART to any alleged invention claimed by the APPLE IP.

13   **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

14        Apple objects to the phrase "relating to any information" as vague and ambiguous, and the

15   request is vague and ambiguous to the extent it seeks information regarding "PRIOR ART" for

16   Apple trademarks and trade dress.  Apple objects to this request as overly broad, unduly

17   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

18   especially because it requests "all DOCUMENTS and things."  Apple objects to this request as

19   calling for information that is not relevant to the claims in this case to the extent it seeks

20   information regarding patents and patent claims not asserted by Apple.  Apple objects to this

21   request to the extent it seeks production of documents that: (i) are protected from discovery by the

22   attorney-client privilege or the work product doctrine, or any other applicable privilege or

23   immunity; (ii) are outside of Apple's possession, custody, or control; (iii) would require Apple to

24   draw a legal conclusion to respond; (iv) can be obtained as easily by Samsung, are already in

25   Samsung's possession, or are publicly available; or (v) would be duplicative of the production

26   sought in Requests Nos. 81, 92, 96, or 97.

27        Subject to these objections, Apple is willing to meet and confer to discuss the scope and

28   relevance of the documents sought by Samsung.

1   **SAMSUNG'S REQUEST FOR PRODUCTION NO. 184:**

2       Complete transcripts of testimony given at a deposition, hearing, trial, or other proceeding

3   by the named inventors of the APPLE that relate to any product.

4   **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 184:**

5       Apple objects to the phrase "by the named inventors of the APPLE" as vague and

6   ambiguous, to the extent it renders the request incomprehensible. Apple objects to this request as

7   overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

8   admissible evidence, especially to the extent it seeks testimony that does not relate to the IP

9   asserted by Apple in this case. Apple objects to this request to the extent it seeks production of

10  documents that: (i) are not relevant to the claims or defenses at issue in this case; (ii) are outside of

11  Apple's possession, custody, or control; (iii) can be obtained as easily by Samsung, are already in

12  Samsung's possession, or are publicly available; or (iv) are subject to a confidentiality or

13  nondisclosure agreement or governed by a protective order preventing its production.

14      Subject to and without waiving the foregoing General and Specific Objections, Apple is

15  willing to meet and confer to discuss the scope and relevance of the documents sought by

16  Samsung.

17  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 187:**

18      All DOCUMENTS from any prior or current litigation or dispute relating to infringement,

19  validity, enforceability, or ownership of the APPLE DESIGN PATENTS.

20  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 187:**

21      Apple objects to the phrase "dispute relating to infringement, validity, enforceability, or

22  ownership" as vague and ambiguous. Apple objects to this request as overly broad, unduly

23  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

24  especially because it requests "all DOCUMENTS." Apple objects to this request to the extent it

25  seeks production of documents that: (i) are protected from discovery by the attorney-client

26  privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are

27  outside of Apple's possession, custody, or control; (iii) can be obtained as easily by Samsung, are

28

1   already in Samsung's possession, or are publicly available; or (iv) are subject to a confidentiality

2   or non-disclosure agreement or governed by a protective order preventing its production.

3       Apple further objects to Samsung's request as overbroad to the extent it purports to require

4   Apple to conduct a search for documents that is more extensive than is reasonable under the

5   circumstances. Subject to and without waiving the foregoing General and Specific Objections,

6   Apple has produced or will produce responsive, non-privileged documents in its possession,

7   custody, or control, if any, located after a reasonable search as discussed in more detail above.

8   **SAMSUNG'S REQUEST FOR PRODUCTION NO. 219:**

9       All documents relating to the _828 PATENT, including but not limited to Notices of Prior

10  Art, prior art disclosures, prior art, invalidity contentions, discovery responses, expert reports,

11  pleadings, papers, motions, affidavits, declarations, reports, decisions, or orders from ITC

12  Investigation No. 337-TA-750.

13  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 219:**

14      Apple objects that this request is duplicative of Request for Production No. 75.  Apple

15  objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead

16  to the discovery of admissible evidence, including without limitation because it seeks documents

17  related to components and/or functionality not at issue in this lawsuit.  Apple further objects to this

18  request because it is improper for Samsung to use this lawsuit as a means to obtain discovery

19  pertaining to other proceedings.  Apple further objects to the term "relating to" to the extent that it

20  fails to provide reasonable particularity as to the scope of the documents sought.  Apple further

21  objects to this request to the extent it purports to require the production of documents and things

22  protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint

23  defense or common interest privilege, or any other applicable privilege, doctrine, or immunity.

24      Subject to and without waiving the foregoing General and Specific Objections, Apple is

25  willing to meet and confer to discuss the scope and relevance of the documents sought by

26  Samsung.

27

28

1    **SAMSUNG'S REQUEST FOR PRODUCTION NO. 220:**

2         All documents relating to the _828 PATENT, including but not limited to Notices of Prior

3    Art, prior art disclosures, prior art, invalidity contentions, discovery responses, expert reports,

4    pleadings, papers, motions, affidavits, declarations, reports, decisions, or orders from *Apple Inc. v.*

5    *Motorola Inc. et al.*, 3:10-CV00661 (W.D. WI).

6    **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 220:**

7         Apple objects that this request is duplicative of Request for Production No. 75.  Apple

8    objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead

9    to the discovery of admissible evidence, including without limitation because it seeks documents

10   related to components and/or functionality not at issue in this lawsuit.  Apple further objects to this

11   request because it is improper for Samsung to use this lawsuit as a means to obtain discovery

12   pertaining to other proceedings.  Apple further objects to the term "relating to" to the extent that it

13   fails to provide reasonable particularity as to the scope of the documents sought.  Apple further

14   objects to this request to the extent it purports to require the production of documents and things

15   protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint

16   defense or common interest privilege, or any other applicable privilege, doctrine, or immunity.

17        Subject to and without waiving the foregoing General and Specific Objections, Apple is

18   willing to meet and confer to discuss the scope and relevance of the documents sought by

19   Samsung.

20   **SAMSUNG'S REQUEST FOR PRODUCTION NO. 221:**

21        All documents relating to the _002 PATENT, including but not limited to Notices of Prior

22   Art, prior art disclosures, prior art, invalidity contentions, discovery responses, expert reports,

23   pleadings, papers, motions, affidavits, declarations, reports, decisions, or orders from *Apple Inc. v.*

24   *Motorola Inc. et al.*, 3:10-CV00661 (W.D. WI).

25   **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 221:**

26        Apple objects that this request is duplicative of Request for Production No. 75.  Apple

27   objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead

28   to the discovery of admissible evidence, including without limitation because it seeks documents

1   related to components and/or functionality not at issue in this lawsuit.  Apple further objects to this

2   request because it is improper for Samsung to use this lawsuit as a means to obtain discovery

3   pertaining to other proceedings.  Apple further objects to the term "relating to" to the extent that it

4   fails to provide reasonable particularity as to the scope of the documents sought.  Apple further

5   objects to this request to the extent it purports to require the production of documents and things

6   protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint

7   defense or common interest privilege, or any other applicable privilege, doctrine, or immunity.

8        Subject to and without waiving the foregoing General and Specific Objections, Apple is

9   willing to meet and confer to discuss the scope and relevance of the documents sought by

10  Samsung.

11  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 227:**

12       All documents relating to the _607 PATENT, including but not limited to Notices of Prior

13  Art, prior art disclosures, prior art, invalidity contentions, discovery responses, expert reports,

14  pleadings, papers, motions, affidavits, declarations, reports, decisions, or orders from ITC

15  Investigation No. 337-TA-750.

16  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 227:**

17       Apple objects that this request is duplicative of Request for Production No. 75.  Apple

18  objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead

19  to the discovery of admissible evidence, including without limitation because it seeks documents

20  related to components and/or functionality not at issue in this lawsuit.  Apple further objects to this

21  request because it is improper for Samsung to use this lawsuit as a means to obtain discovery

22  pertaining to other proceedings.  Apple further objects to the term "relating to" to the extent that it

23  fails to provide reasonable particularity as to the scope of the documents sought.  Apple further

24  objects to this request to the extent it purports to require the production of documents and things

25  protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint

26  defense or common interest privilege, or any other applicable privilege, doctrine, or immunity.

27

28

1  Subject to and without waiving the foregoing General and Specific Objections, Apple is

2  willing to meet and confer to discuss the scope and relevance of the documents sought by

3  Samsung.

4  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 228:**

5  All documents relating to the _607 PATENT, including but not limited to Notices of Prior

6  Art, prior art disclosures, prior art, invalidity contentions, discovery responses, expert reports,

7  pleadings, papers, motions, affidavits, declarations, reports, decisions, or orders from *Apple Inc. v.*

8  *Motorola Inc. et al.*, 3:10-CV00661 (W.D. WI).

9  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 228:**

10  Apple objects that this request is duplicative of Request for Production No. 75.  Apple

11  objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead

12  to the discovery of admissible evidence, including without limitation because it seeks documents

13  related to components and/or functionality not at issue in this lawsuit.  Apple further objects to this

14  request because it is improper for Samsung to use this lawsuit as a means to obtain discovery

15  pertaining to other proceedings.  Apple further objects to the term "relating to" to the extent that it

16  fails to provide reasonable particularity as to the scope of the documents sought.  Apple further

17  objects to this request to the extent it purports to require the production of documents and things

18  protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint

19  defense or common interest privilege, or any other applicable privilege, doctrine, or immunity.

20  Subject to and without waiving the foregoing General and Specific Objections, Apple is

21  willing to meet and confer to discuss the scope and relevance of the documents sought by

22  Samsung.

23  **SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)**

24  Samsung hereby certifies that it has in good faith conferred with Apple in an effort to

25  obtain the discovery described immediately above without Court action.  Samsung's efforts to

26  resolve this discovery dispute without court intervention are described in paragraphs 44-47 of the

27  declaration of Diane C. Hutnyan, submitted herewith.

28

DATED: December 12, 2011          QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP


                                  By /s/ Victoria F. Maroulis
                                      Charles K. Verhoeven
                                      Kevin P.B. Johnson
                                      Victoria F. Maroulis
                                      Michael T. Zeller
                                      Attorneys for SAMSUNG ELECTRONICS CO.,
                                      LTD., SAMSUNG ELECTRONICS AMERICA,
                                      INC., and SAMSUNG
                                      TELECOMMUNICATIONS AMERICA, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Apple initiated this litigation and secured an early trial date, yet it refuses to deal with its resulting responsibility to provide Samsung with timely and thorough discovery responses.  For weeks, Samsung has requested the expedited production of several very narrow, limited sets of specifically identified materials in Apple's possession that are vital to Samsung's case and that are needed right away for ongoing claim construction briefing, invalidity contentions, continuing depositions and follow-on discovery.  These materials all go to the core of Samsung's defenses with respect to the utility and design patents Apple has asserted against it, yet Apple contends they are ―peripheral,‖ and after weeks of claiming to have diligently searched for these materials, still cannot even provide an estimate of when they will be produced.  Thus, while seeking the broadest and most unreasonable scope of discovery from Samsung, Apple conveniently chooses to exclude from its own discovery these unquestionably relevant materials, including:.

(1)     documents and source code needed immediately for claim construction briefing with respect to of Apple's asserted utility patents and which must be produced pursuant to Patent Local Rule 3-4;

(2)     documents, tangibles, and other information Apple has been deliberately withholding, which are key to the validity of Apple's asserted design patents and which have prevented Samsung from being able to question Apple's witnesses in these key areas or conducting follow-on discovery; and

(3)     transcripts of prior testimony of Apple witnesses where they testified in their capacity as Apple employees, which are needed to protect Samsung from having to take any more depositions without the benefit of this prior, relevant testimony.

Apple does not deny the relevance of the documents, things, and other information Samsung is moving to compel.  Rather, Apple has been stringing Samsung along for weeks, even with respect to photographs related to the mockup for which it was previously ordered to search.  Apple has also been withholding or concealing discrete pieces of relevant evidence – for example, confiscating Samsung's work product photographs and only producing them with improper

1   confidentiality designations, or filing public photographs under seal – to prevent Samsung from

2   being able to use these items.  Apple then squandered the valuable resources of this Court to argue

3   that its own photographic records of product inspections are work product that could not be shared

4   with Samsung.

5         Samsung cannot wait any longer for Apple's compliance.  Apple should be ordered to

6   produce the requested materials and information no later than December 23, with two exceptions:

7   (1) the missing documents from Apple's Motorola cases, along with the Mac OS v. 10 and

8   SuperClock programs and source code, should be produced no later than December 19 so as to

9   permit inclusion in Samsung's claim construction briefing; and (2) the memory cards containing

10  Samsung's work product should be returned immediately.

11  **II.     <u>FACTS</u>**

12        For several weeks, Samsung has been requesting that Apple actively search for and

13  produce, as soon as possible, specific key items that are crucial to Samsung's case, the production

14  of which needs to be expedited for use in connection with claim construction, invalidity

15  contentions, depositions and follow-on third-party discovery.

16        To varying degrees, Apple generally agreed to search for and/or produce at least some of

17  the items in the requested categories.  However, despite numerous letters and meet-and-confer

18  sessions, with few exceptions, the items have not been produced.  Moreover, while Apple has

19  claimed diligence in searching for the requested items, for several weeks it would make no

20  representation whatsoever as to when the items would be produced, or even which of the requested

21  items would be produced.  Only after Samsung indicated it was planning to move to compel these

22  items, on Wednesday, December 7, did Apple say that it would "either produce [the items] by

23  December 15 or tell Samsung on December 15 the status of its search and what remained to be

24  done."  (Hutnyan Decl. ¶ 6.)  On December 7, Apple's counsel also revealed that it was not

25  expediting production of these items because it regarded them as "peripheral."  (Hutnyan Decl. ¶

26  21.)

27        This pattern of obstructionism has not been limited to the documents and tangible items

28  Samsung had requested.  Besides failing to produce these key items, week after week, Apple:

1     •     has also refused to provide basic information responsive to Samsung's

2     Interrogatory No. 1 concerning the conception and reduction to practice of its purportedly seminal

3     design patent (Hutnyan Decl. ¶ 19) ;

4     •     has improperly redacted almost all the information out of its inventors' sketchbooks

5     (Hutnyan Decl. ¶ 36);

6     •     has used improper search parameters for searches related to inventorship (Hutnyan

7     Decl. ¶ 19);

8     •     has confiscated and improperly withheld Samsung's work product photographs

9     (Hutnyan Decl. ¶ 9); and

10    •     despite its representations to this Court that it ─[had] done and is doing all it can to

11    make the requested materials and information available to Samsung in an expedited manner,"[2]

12    has █████████████████████████████████████████████

13    ████████████████████████████████████████████████

14    ███████████████. (Hutnyan Decl. ¶¶ 13-15.)

15    *The Parties' Lead Counsel Meet and Confer*

16        On November 20, 2011, Samsung requested dates when Apple would make its lead

17    counsel available for a meet and confer, as numerous other meet-and-confers had been

18    unsuccessful, and time was running out for Samsung to receive the requested materials.  (Hutnyan

19    Decl. ¶ 44.)  On December 6, 2011, Samsung recognized that it could not move forward with a

20    motion without meeting the Court's in-person meet and confer requirement – and further

21    recognizing the likely impossibility of placing lead counsel within a thousand miles of each other,

22    much less in the same room, anytime before December 19.  Samsung thus requested that Apple

23    join in stipulating to a request to relieve both parties from having to meet the ─in-person"

24    requirement.  (Hutnyan Decl. ¶ 45.)  Apple refused to stipulate, and unilaterally sought a one-time

25    exception to the in-person meet and confer requirement for itself, which was granted.  (*Id.*; *see*

26    _____

27        [2]   Apple's Opposition to Samsung's Motion to Compel Documents and Things (Dkt. 351a) at

28    11.

1   *also* D.N. 472.)  Apple further refused to timely provide its lead counsel for even a telephonic

2   meet and confer on any of Samsung's discovery issues.[3]  (Hutnyan Decl. ¶ 47.)

## III.   LEGAL STANDARDS

4   A party is entitled to seek through discovery "any nonprivileged matter that is relevant to

5   any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  "A party may serve on any other party a

6   request within the scope of Rule 26(b): (1) to produce . . . . (A) any designated documents . . . ; or

7   (B) any designated tangible things." Fed. R. Civ. P. 34(a).

8   "[T]he moving papers [on a motion to compel] must detail the basis for the party's

9   contention that it is entitled to the requested discovery and must show how the proportionality and

10  other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied." Civil Local Rule 37-2.

## IV.   ARGUMENT

A.   <u>Documents Relevant To the Claim Construction And Validity Of the Utility Patents-In-Suit Should Be Produced Immediately</u>

14  Despite repeated requests over several weeks, Apple continues to withhold specific, readily

15  available categories of documents and source code needed for Samsung's rebuttal claim

16  construction brief, which is due December 22.

1.   <u>Apple Has Failed To Produce Many Documents From The ITC and Wisconsin Actions In Which It Asserted Three Of The Patents-In-Suit</u>

19  Apple previously asserted two of the patents asserts in this action – the _828 and _607

20  patents – against Motorola in the International Trade Commission, Investigation No. 337-TA-750.

21  It also previously asserted a third – the _002 patent – against Motorola in Apple Inc. v. Motorola

22  Inc. et al., 3:10-CV00662 (W.D. Wis.).  In those actions, Apple made admissions in pleadings,

23  briefs, and transcripts, and took various positions that may or may not be consistent with positions

---

[3]   After the Court excused Apple from having its lead counsel meet and confer "in person" with respect to the issues raised in its motion, Samsung renewed its request that Mr. McElhinny make himself available for a telephonic meet-and-confer with Mr. Verhoeven on December 11 (as there was no possibility of an in-person meeting) to try to resolve Samsung's discovery issues. (Hutnyan Decl. ¶ 46).  Apple refused that invitation.  (Hutnyan Decl. ¶ 47).

1   it is taking now.  The pleadings, briefs, discovery and transcripts are all directly relevant to claim

2   construction and other defenses, and should be produced without further delay, as claim

3   construction briefing has already begun and Samsung's last opportunity to include this

4   information in its briefing is December 22.

5        Apple does not, and cannot, refute the relevance of the documents Samsung has requested

6   from these three cases and, has propounded requests for production seeking similar materials from

7   Samsung.[4]  Several weeks after Samsung specifically requested these documents, on December 1,

8   Apple finally produced some of the documents for use in this case.  (Hutnyan Decl. Ex. 5.)

9   However, Samsung has since identified many documents that are still missing.[5]  (Hutnyan Decl. ¶¶

10  10-11.)  Further, because Samsung is not involved in those proceedings, Samsung cannot

11  determine what else might be missing, and Apple has refused to represent that the production is

12  otherwise complete.  (Hutnyan Decl. ¶ 12.)

13       Apple is out of time.  It should be ordered to complete its production of all pleadings,

14  briefs, and discovery no later than December 18, so that Samsung can have a meaningful

15  opportunity to use them for its claim construction briefing.

16            2.    Apple's Mac OS 10.0 Source Code is Relevant to Invalidity, Inequitable

17                  Conduct, and Claim Construction for the _891 Patent

18  ███████████████████████████████████████████████████████████████

19  ██████████.  (Hutnyan Decl. ¶ 7; Ex. 1 at 7:17-9:17; 25:7-41:16.)  Samsung's subsequent

20  investigation revealed that in fact, Mac OS 10.0 appears to disclose each and every limitation of

21  _____

22      [4]  For example:  ―REQUEST FOR PRODUCTION NO. 302:  All court files from the Related
    Foreign Proceedings, including pleadings, motions, statements, and Your responses to discovery
23  requests.  REQUEST FOR PRODUCTION NO. 303:  All Documents that Samsung has produced
    in the Related Foreign Proceedings.‖
24      [5]  Samsung has notified Apple that at least the following documents are still missing:  John
25  Elias' witness statement, testimony and cross-examination; Jeffrey Brown's witness statement,
    testimony and cross examination; Martin Simmons' witness statement; and Staff's pre-hearing
26  hearing brief in the 750 Investigation.  (Hutnyan Decl. ¶ 4.)  Furthermore, Apple produced only a
    redacted copy of significant amounts of testimony from that investigation.  (Id.)  The redactions
27  demonstrate that the redacted testimony is Apple, and not Motorola confidential information.  (Id.)

28

1   the asserted claims of the _891 patent.  The _891 patent claims a transparent window that closes in

2   response to a timer, as does Mac OS 10.0:

3

4   

5

6

7

8

9

10

11  

12

13

14

15

16

17

18

19

20

21

22

23  Because Mac OS 10.0 was released on March 24, 2001, it is prior art to the _891 patent.

24

25

26

27

28

SAMSUNG'S MOTION TO COMPEL APPLE TO PRODUCE DOCUMENTS AND THINGS

1    Besides being relevant to Samsung's invalidity and inequitable conduct defenses, the

2  source code for Mac OS 10.0[6] is relevant to claim construction.  Mac OS 10.0 was developed by

3  the inventor of the _891 patent, and the source code is therefore relevant to conception and

4  reduction to practice.  If the source code is not prior art, as Apple contends, a comparison of the

5  disputed claim terms to this source code will be relevant to demonstrate why Apple's proposed

6  claim constructions are litigation-induced as opposed to firmly rooted in the relevant intrinsic and

7  extrinsic evidence.

8    Because Mac OS 10.0 is Apple source code, Samsung has no other way to obtain access to

9  it.  (Hutnyan Decl. ¶¶ 5-6.)  Despite the fact that this source code is solely in Apple's possession,

10  custody, and control and readily identifiable within Apple, and claim construction briefing is

11  already in progress, Apple will not produce the source code by any date certain.  (Hutnyan Decl. ¶

12  6.)  At least 8 weeks have passed since Samsung discovered this prior art and Apple will only

13  represent that it will let Samsung know the status of its search on December 15.  (*Id.*)  So that it

14  will be available for rebuttal claim construction briefing, Samsung asks the Court to compel

15  production of the Mac OS 10.0 working copy and source code by December 18.

16        3.    The SuperClock Source Code is Relevant to Invalidity, Inequitable

17             Conduct, and Claim Construction for _002 Patent

18  ████████████████████████████████████████████████████████████████████

19  ███████████████████████████████████████████████ (Hutnyan Decl. ¶ 8;

20  Ex. 1 at 161:18-184:5.) ████████████████████████████

21  ████████████████████████ (Hutnyan Decl. Ex. 1 at 164:24-165:13), Samsung's

22  subsequent investigation determined that SuperClock displays both a clock and a battery meter on

23  a status bar, which precisely matches Apple's interpretation of the _002 patent:

24

25  _____

26    [6]  In addition to the source code, Samsung also requests an order requiring Apple to produce a

27  working copy of Mac OS 10.0 source code on a computer, so that Apple cannot refute the
   authenticity and admissibility of the source code at trial.

28

1
2
3
4
5
6
7
8
9
10
11



12    SuperClock was an incredibly popular program that was distributed to millions of people.

13   (*Id.* at 168:15-21.) ████████████████████████████████████████

14   ████████████████████████████████████████ (*Id.* at 169:13-22, 191:17-

15   20.)  SuperClock was available years before the issuance of the _002 patent, and both Mr.

16   Christensen and Apple were well aware of this product.  Like the Mac OS 10.0 source code,

17   SuperClock is relevant to invalidity, inequitable conduct, and claim construction.

18   ████████████████████████████████████████████████████

19   ████████████████████████████████████████

20   ████████████ (*Id.* at 181:16-20, 182:17-183:1.)  Samsung has no other way to obtain the source

21   code, other than from Apple.  ████████████████████████████

22   ████████████████████████████████████████ (*Id.*

23   at 183:8-184:5), Apple has continued to refuse to provide a date certain, or even an estimated date,

24   when it would produce the source code.  (Hutnyan Decl. ¶ 6.)  So that it will be available for

25   rebuttal claim construction briefing, Samsung asks the Court to compel production of the

26   SuperClock source code by December 18.

27
28

B.      The Court Should Compel Apple to Produce Documents and Things Related to
        Apple's Design Patents.

The design patent items Samsung seeks through this motion are limited, narrow categories of documents that bear directly on the validity of the D'889 patent and other asserted patents, and are central to Samsung's defense.  (Hutnyan Decl. ¶¶ 9-20.)  Samsung requested most of these items weeks ago so that it could use them with Apple's witnesses and to conduct follow-on discovery where necessary.  (Hutnyan Decl. ¶¶ 17, 21, 26, 28, 30-31, 36.)  Although Apple has theoretically agreed to produce some subset of the materials requested, it has never agreed to produce all the requested materials and has never committed to even an estimated time when these items would be provided.[7]  (Hutnyan Decl. ¶¶ 18, 29, 33, 36.)  Apple has further resisted Samsung's requests to expedite search and production of these items on the basis that they are merely "peripheral."  (Hutnyan Decl. ¶ 21.)  Samsung has no other way to obtain these vital materials, which are internal to Apple.  Having recently noticed nearly fifty new depositions of Apple witnesses – and having attempted, unsuccessfully, for several weeks to obtain these materials – Samsung can afford to wait no longer for these essential items.

1.      Items Related to the Conception and Reduction to Practice of the D'889
        Design Patent Are Essential to Samsung's Case and Should Be Produced

Apple's assertion that Samsung's products infringe the D'889 patent – the patent that Apple claims is embodied in the iPad 2 – is at the core of this case.  (Hutnyan Decl. Ex. 20.)  Yet, Apple refuses to produce to Samsung documents that are essential to probing the validity of the D'889 patent, including photographs and documents relating to physical models on which the patent is based, as well as materials related to the conception date and development of the D'889 patent.  (Hutnyan Decl. ¶¶ 9-19.)  Samsung simply cannot effectively litigate this case without these documents, and Apple, having brought this action asserting infringement of the D'889 patent, should not be permitted to withhold these materials.

---

[7]   With the exception of the supplement to Interrogatory No. 1, which Apple has represented it will complete by December 31, 2011.  (Hutnyan Decl. ¶ 19).

(a)     Memory Cards Containing Samsung's Photographs of Apple's

Tablet Mockups

To begin with, Samsung seeks the immediate return of three memory cards containing its

*own attorney work product* photographs of ███████████ and other Apple tablet models.  On

October 20 and November 1, 2011, Samsung inspected various Apple tablet models, including ██

███████ and other ███████████ and took photographs of these items.  (Hutnyan

Decl. ¶ 9.)  Over Samsung's objections at the time, Apple confiscated three memory cards from

Samsung containing the photographs taken during the inspection.  (*Id.*)

Pursuant to this Court's December 2, 2011 Order (Dkt. 447), the photographs taken by

Samsung during its inspections of Apple's tablet mockups constitute attorney work product, which

Samsung is entitled to retain —without having to disclose any portion thereof" to Apple.  The

return of these memory cards is also required by Federal Rule of Civil Procedure 26(b)(5)(B),

which states that when a party notifies another party that certain information is subject to a claim

of privilege or protection as trial-preparation material, the party that received the information

—must promptly return, sequester, or destroy the specified information and any copies it has."

Apple's conduct in withholding Samsung's own work product is inexcusable, and the Court

should order Apple to immediately return the three memory cards containing the photographs

taken by Samsung, as well as any and all copies of images created from those photographs.

Moreover, Apple has actually *used Samsung's work product* photographs to justify

withholding the three memory cards, and has improperly designated those photographs as —Highly

Confidential – Attorneys' Eyes Only," preventing Samsung from uses consistent with their public

nature.  (Hutnyan Decl. ¶¶ 10-12; Ex. 3.)  ████████████████████████

████████████████████████████████████

████████████  (Hutnyan Decl. ¶ 11; Exhs. 5, 18 (November 28, 2011 Stipulation of

Michael Jacobs; November 4, 2011 Deposition of Christopher Stringer, Tr. 95:5-21).)  The design,

appearance and existence of ██████████ is public knowledge, and Apple has no legitimate

basis for claiming a highly confidential designation with respect to these or any of Samsung's

photographs of ██████  Indeed, in meeting and conferring on this issue, Apple has had a hard

1   time even articulating a rationale for its actions, weakly ████████████████████

2   ██████████████████████████████████████████████████████████████

3   ████████████████████████████████.[8]  (Hutnyan Decl. ¶ 12.)

4          Enough is enough.  Samsung requests an order requiring the immediate return of

5   Samsung's memory cards and the immediate de-designation of the photographs of ██████

6   ████ taken by Samsung designated as ―Highly Confidential – Attorneys' Eyes Only.‖

7                  (b)      Production of ████████ Photos Attached to Olson Declaration

8          Pursuant to the Court's November 16, 2011 Order (Dkt. 398), Apple was required to

9   stipulate that it had *produced* the highest quality photos of ██████ that it had found.  It so

10  stipulated, but revealed in subsequent correspondence that it had not actually produced those

11  photographs to Samsung.  (Hutnyan Decl. ¶¶ 14, 16; Ex. 5.)  Instead, it has pointed to the Olson

12  declaration, to which it attached the photographs from the Patent Office's files as Exhibit 8.

13  (Hutnyan Decl. ¶ 14.)

14         Apple concedes that it sent those photographs to the Patent Office and that those

15  photographs are public.  (*Id.*)  But Apple filed the Olson Declaration under seal, again to prevent

16  Samsung's unfettered use of ████████ photographs, and has refused to ―produce‖ the photographs

17  directly because, having sent these items to the Patent Office, it will not be able to control the use

18  of those photographs through improper confidentiality designations.  (Hutnyan Decl. ¶¶ 14, 16.)

19  Again, enough is enough.  Apple should be ordered, again, to produce these photographs to

20  Samsung and to immediately de-designate these photographs as ―Highly Confidential – Attorneys'

21  Eyes Only.‖

22                  (c)      High-Quality Photographs of ████████████

23  _____

24   [8] ████████████████████████████████████████████████

25  ██████████████████████████████████████████████████████

26  ██████████████████████████████████████████████████████

27  ██████████████████████████████████████████████████████

28  ██████████████████████████████

1    The grainy, black and white photographs Apple attached to the Olson declaration are very

2  likely not the best available in Apple's possession, custody or control.  Pursuant to the Court's

3  November 16, 2011 Order, ████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████

6  (Hutnyan Decl. Ex. 5) ████████████████████████████████████████

7  ████████████████████████████████████████████████████

8  ████████████████████████████████ (Hutnyan Decl. ¶ 15; Ex. 6.) ████████████

9  ████████████████████████████████████████████

10  ████████████████████████████████████████████ (*Id.*)

11  Apple has been noncommittal about running any supplemental searches, much less within a

12  reasonable timeframe.  (Hutnyan Decl. ¶ 16.)

13    Apple should not be permitted to discharge its discovery obligations as to such an essential

14  piece of evidence through inadequate searches and evasive responses regarding the details of those

15  searches.  Because Apple submitted the photos of ████████████ to the U.S. Patent and

16  Trademark Office in connection with the D'889 patent application, it must have been in

17  possession of, or had access to, the original photographs.  Apple should be ordered to conduct the

18  supplemental searches requested by Samsung, and to produce the results by December 23.

19        (d)    CAD Drawings, Model Shop Orders and Other Records

20    Apple has dragged its feet every step of the way with regard to materials related to ████████

21  ████████    In fact, Apple was only able to "find" ████████████ after Samsung filed a motion to

22  compel on the issue.[9]  Since November 8, Samsung has been requesting CAD drawings, model

23  shop records and other materials related to ████████████.  (Hutnyan Decl. ¶ 17; Ex. 7.)

24

25  _____

26  [9] ████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████

28  ████████████████████████████

1    These materials related to ███████████ go to the core of Samsung's defense to Apple's

2   design patent claims.  Apple has admitted that ██████████████ is the mockup depicted in

3   photographs submitted to the U.S. Patent and Trademark Office in connection with the D'889

4   patent application.  (Hutnyan Decl. Exhs. 5, 18 (11/28 Jacobs Stipulation; Stringer Depo Tr. 95:5-

5   21).)  Work orders, model shop records and other materials are directly relevant to the timing of

6   ██████████████ creation, which is relevant to the date of conception and reduction to practice of

7   the D'889 patent.  Moreover, all documents and things related to this mockup, including CAD

8   drawings, photographs, model shop orders and other records, are of the highest importance to

9   claim construction and to determining the scope of Apple's invention, as well as to the scope of

10   protection in the asserted D'889 patent.  *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665,

11   679 (Fed. Cir. 2008) ("[T]his court has held that trial courts have a duty to conduct claim

12   construction in design patent cases as in utility patent cases.").

13    Additionally, Apple contends in this case that the iPad 2 is a commercial embodiment of

14   the D'889 patent.  (Hutnyan Decl. Ex. 20.)  Although Apple claims that the iPad 2 has a "flat clear

15   surface covering the front of the product" (Dkt. No. 75 (Apple's Am. Compl.)), ██████████████

16   ████████████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████████████████

18   ██████████████ (Hutnyan Decl. Exhs. 18, 19 (November 4, 2011 Deposition of Christopher

19   Stringer, Tr. 93:9-21; November 8, 2011 Deposition of Douglas Satzger, Tr. 66:16-67:8.).)  It is

20   therefore critical that Apple produce all documents and things pertaining to this mockup without

21   further delay, so that ██████████████ can be further compared to the iPad 2 and so that witnesses

22   in the upcoming depositions noticed by Samsung can be adequately questioned about ██████████

23   ██████ and about documents relating to it.

24    All materials related to ██████████████ are in Apple's possession, and Samsung has no

25   other way to obtain further information regarding this important piece of evidence.  This is a very

26   reasonable request for limited and very pertinent materials related to a specific item, and there is

27   no reason for Apple not to have produced them long ago.  Apple should be compelled to produce

28   all documents and things related to ██████████████ without further delay.

1   (e)   ██████████████████████████████████████ ‐

2   ████████████████████

3   █████████████████████████████████████

4   ████████████████████████████████████████

5   █████████████████████████████████████████

6   █████████████████████████████████████████

7   █████████████████████████████████████████

8   ████████████████████████████████████████

9   ███████████████████████████████████████

10   ██████████████████████████████████

11          Again, this is targeted information that is solely within Apple's knowledge and is easy to

12   produce.  Samsung needs it now, so that it can ensure that Apple performs sufficient searches of

13   inventor documents, and so that witnesses in the upcoming depositions can be adequately

14   questioned regarding such documents and the conception of the D'889 patent, the relevant prior

15   art, and other issues central to this case.  Apple must be able to search for, review and produce the

16   documents to Samsung with enough time for Samsung to review these documents for use in the

17   upcoming depositions.  Apple should therefore be compelled to provide Samsung with the

18   conception date of the D'889 patent immediately and to conduct new searches of the design

19   inventor documents for at least a year prior to that date.  For the same reasons, Apple should also

20   be required to provide a complete response to the balance of the interrogatory by December 23,

21   setting forth the *precise* dates of conception for the Apple patents-in-suit, as well as the precise

22   dates of actual or constructive reduction to practice and the steps constituting diligence from

23   conception to actual or constructive reduction to practice.

24          2.   Other Requested Items Related To The Validity of Apple's Design Patents

25              Are Essential to Samsung's Case and Should Be Produced Without Further

26              Delay

27

28

1    Apple has also refused to produce to Samsung specific materials Samsung has requested

2  that are prior art for the design patents, as well as evidence of functionality that go directly to the

3  validity of the design patents at issue.  Samsung needs these documents now.

4    (a)    Apple's Design Inventor Sketchbooks

5    On September 13, this Court ordered Apple to produce all relevant inventor sketchbooks

6  relating to certain of Samsung's design patents.  (Order of September 13, 2011 (Dkt. 233).)

7  ███████████████████████████████████████████████████████████████

8  ████████████████████  (Hutnyan Decl. Ex. 15 (October 20, 2011 Deposition of Peter Russell-

9  Clarke, Tr. 61:6-62:6).)  Samsung therefore requests that this Court enforce its prior order by

10 compelling Apple to produce more fulsome copies of Apple's design inventor sketchbooks

11 without further delay.

12    Apple's design inventor sketchbooks – which contain the inventors' original drawings and

13 notes relating to the conception, design and development of the relevant Apple products – are

14 obviously central to the issues in this action, including anticipation, obviousness and functionality

15 of Apple's asserted design patents.  Indeed, Apple just moved for production of sketchbooks in its

16 own motion, noting that they are directly relevant to infringement, functionality and obviousness

17 issues and admitting the importance of receiving them in order to review and analyze them in a

18 timely manner for use in upcoming depositions.  (*See* Apple's Motion to Compel (Dkt. 467-1).)

19 Samsung needs Apple's design inventor sketchbooks for the very same reason and has agreed to

20 produce its own within a few weeks.  Apple should be compelled to do the same.  ██████████

21 █████████████████████████████████████████████████████████████████

22 ████████████████████████  (Hutnyan Decl. Exhs. 15, 17 (Russell-Clarke Depo, Tr.

23 51:13-52:16; October 24 Deposition of Matthew Rohrbach, Tr. 36:24-37:10).)

24    Apple does not dispute the relevance of the sketchbooks, nor has it asserted that the burden

25 of production is too great.  Rather, Apple has stated that it plans to improperly redact or withhold

26 portions of inventor sketchbooks containing otherwise relevant material where it deems certain

27 drawings or portions to be irrelevant. (Hutnyan Decl. ¶ 36.)  Although Samsung agrees that

28 information on future products may be redacted, the rest of these sketchbooks likely are relevant

1  and should be produced in their entirety.  Apple has claimed that it will redact only drawings of

2  devices, such as laptop computers, that are not at issue in this case, but it is difficult – if not

3  impossible – to distinguish between drawings of "relevant" and "irrelevant" products, because

4  Samsung is entitled to sketchbook drawings regarding alternate designs for what eventually

5  became the iPhone, iPod Touch or iPad products. ███████████████████

6  ████████████████████████████████████████

7  ████████████████████████████████████████

8  ████████████████████████████████████████

9  ████████████████████████████████████████

10 ████████████████████████████████████████

11 ████████████████████████████████████████

12 ████████████████████████████████████████

13 ██████████████████  The parties' protective order is more

14 than enough to protect the information Apple seeks to improperly redact, and Apple should be

15 required to produce complete versions of its design inventor sketchbooks, redacted only for future

16 products, as Samsung has committed to do.

17                    (b)      Phone Prior Art and Evidence

18      ████████████████████████████████████

19 ████████████████████████████████████████

20 ██████████████████████  (Hutnyan Decl. ¶ 29.)  Apple has

21 essentially acknowledged its refusal to make a good faith effort to locate these items, stating that

22 these are "peripheral" issues, and indicating that these issues are therefore not important enough

23 for Apple to track down.  (Hutnyan Decl. ¶ 21.)  Apple's responses in this regard are inappropriate

24 and incorrect.  These materials are directly relevant to the development of the iPhone and are

25 crucial to the claims and defenses in this action.

26                    (i)      ████████████████████

27                             ██████

28

SAMSUNG'S MOTION TO COMPEL APPLE TO PRODUCE DOCUMENTS AND THINGS

1    Far from being a "peripheral" issue, ██████████████████████████

2    ████████████████████████████████████████████████████████████

3    ██████████████████████████████ Hutnyan Decl. Exhs. 8, 10, 16 (APLNDC-NCC00000267-

4    273; October 27, 2011 Deposition of Eugene Whang, Tr. 88:10-89:6; October 31, 2011 Deposition

5    of Richard Howarth, Tr. 18:18-21:18).)  All information, documents, drawings and models based

6    on or ██████████████████████████████ thus go directly to the validity of the D'677 and D'087

7    patents, which Apple has stated are embodied in the various versions of the iPhone.  (Hutnyan

8    Decl. Ex. 20 (Apple's Second Am. Obj. & Resp. to Samsung's Preliminary Injunction

9    Interrogatory No. 7).)  Information showing that Apple used or incorporated ████████████

10   ██████ or any other prior art is central to Samsung's case.  *See Int'l Seaway Trading Corp. v.*

11   *Walgreens Corp.*, 589 F.3d 1233, 1239-40 (Fed. Cir. 2009) (noting the "ordinary observer"

12   standard for determining infringement and invalidity in design patents requires comparison of

13   designs in the context of prior art); *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372,

14   1380-81 (Fed. Cir. 2009) (same).  Apple must be compelled to produce any further materials on

15   this subject by December 23 so that Samsung can review them and question witnesses about this

16   issue in upcoming depositions.

17               (ii)    ████████████████████████████████

18   ██████████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████████

20   ████████████████████████████████████████████████ (Hutnyan Decl.

21   Ex. 9 (APLNDC0000036646, 36657, 36892, 37167, 37177).)  Again, these documents bear

22   directly on the design and development of the patents Apple has asserted against Samsung, and are

23   vital to Samsung's case.  Moreover, as with materials related to ██████████████████, the

24   documents Samsung seeks are a discrete, limited set of documents that are not burdensome for

25   Apple to identify and produce, and Apple has not suggested that it would be burdensome for it to

26   produce these documents.  Rather, Apple appears to have avoided any searches for them due to

27   Apple's opinion that this is a "peripheral" and unimportant issue.  (Hutnyan Decl. ¶ 21.)  To date,

28

1   Apple has refused to explain what it has done to search for these documents (Hutnyan Decl. ¶ 29),

2   and Apple should be compelled to produce these materials by December 23.

3                          (iii)   ███████████████████████████████ _

4   ██████████████████████████████████████████████████████████████

5   ██████████████████████████████████████████████████████████████

6   ██████████████████████████████████████████████████████████████

7   ██████████████████████████████████████████████████████████████

8   ██████████████████████████████████████████████████████████████

9   ██████████████████████████████████████████████████████████████

10  ██████████████████████████████████████████████████████████████

11  ██████████████████████████████████████████████████████████████

12  ██████████████████████████████████████████████████████████████

13  █████████████████████

14  ████████████████████████████████████████████████████████

15  ██████████████████████████████████████████████████████████████

16  ██████████████████████████████████████████████████████████████

17  ██████████████████████████████████████████████████████████████

18  ██████████████████████████   which would render the design invalid.  *See Lee v.*

19  *Dayton-Hudson Corp.*, 838 F.2d 1186, 1188 (Fed. Cir. 1988) ("If the patented design is primarily

20  functional rather than ornamental, the patent is invalid.").  Nothing could be more central to the

21  issues in this case than these materials, and Apple should be compelled to produce them by

22  December 23.

23                  (c)      Tablet Prior Art

24                          (i)      Materials Related to the 1989 Flat Panel Display

25          Samsung has also requested, since November 1, that Apple produce or make available for

26  production all documents and things, including all models and prototypes, related to the 1989 Flat

27

28

1   Panel Display associated with the "Brain Box" designed in 1989 by Apple designers.[10]  (Hutnyan

2   Decl. ¶ 30.)  Again, Apple claims that the D'889 patent, as embodied, has a "flat clear surface

3   covering the front of the product".  (Dkt. No. 75 (Apple's Am. Compl.).)  Apple's 1989 flat panel

4   display therefore constitutes potential prior art relating to the D'889 patent and other asserted

5   patents, are central to the validity of those patents, and are therefore essential to Samsung's case.

6   *See Int'l Seaway*, 589 at 1240.  Moreover, unlike Apple's sweeping and unspecific demands of

7   Samsung, this is a narrow, specific request related to a single item of prior art, which should not be

8   burdensome for Apple to locate or produce.  Yet, to date, Apple has refused to provide any

9   materials responsive to this request or any details regarding what it has done to search for

10  materials related to the 1989 Flat Panel Display.  (Hutnyan Decl. ¶¶ 33-34).  Because the Flat

11  Panel Display is important prior art, and because Samsung needs to be able to adequately question

12  witnesses in the upcoming depositions regarding this prior art, Apple should be compelled to

13  produce these materials by December 23.

14              (ii)      Materials Related to the Apple Cinema Display

15          Samsung has also requested that Apple produce all documents related to the Apple Cinema

16  Display, a line of flat panel computer monitors introduced into the market by Apple in 1999, as

17  well as any related models or prototypes.  (Hutnyan Decl. ¶ 31.)  As with the 1989 Flat Panel

18  Display, the Apple Cinema Display is critical prior art for the D'889 patent and other asserted

19  patents and is central to the validity of Apple's asserted patents.  Apple recently stated that it

20  would provide Samsung with CAD drawings of the Apple Cinema Display but none of the related

21  materials.  (Hutnyan Decl. ¶ 33.)  When pressed as to why Apple would not provide other

22  materials, Apple refused to give Samsung an explanation, instead asking Samsung why it believed

23  the materials were relevant.  (*Id.*)  Apple has not stated that it possesses no other materials relating

24  to the Apple Cinema Display aside from CAD drawings, nor has it provided any details regarding

25  the searches it has performed to locate other materials.  (*Id.*)  The burden to Apple of producing

26  _____

27      [10]   A photograph of Apple's 1989 Flat Panel Display is attached hereto as Exhibit 14 to the
      Hutnyan Declaration.

28

materials related to this single item is minimal, but these materials are essential to Samsung so that they can be reviewed and used in adequately questioning witnesses in upcoming depositions. Apple should be compelled to produce the CAD drawings related to the Apple Cinema Display, as well as any other documents and things it has located by December 23, and provide a detailed explanation of its searches so that Samsung can assess the adequacy of those searches.

C.   Transcripts of Prior Deposition Testimony of Apple Employees

Samsung's First Set of Requests for Production, served on August 3, 2011, included requests for documents related to any lawsuit, litigation, or legal proceeding involving Apple's relevant products and patents, including deposition transcripts and prior testimony of Apple's employees. *See* Samsung's Requests for Production Nos. 75, 95, 184, and 187.  Samsung subsequently narrowed the scope of this request to only those transcripts from cases in which Apple's employees testified their capacity as such.  (Hutnyan Decl. ¶ 43.)  Although Apple has produced certain deposition transcripts of inventors of the patents-in-suit from previous cases in which those patents were asserted, as well as a few additional transcripts, Apple has refused to produce the balance of Samsung's request.  (*Id.*)

The remaining transcripts from Apple's witnesses that Samsung seeks are few in number and highly relevant to this case.  Samsung has requested only the prior testimony of witnesses from cases in which they testified in their capacity as Apple employees, because those transcripts would almost of necessity relate to the same or similar technologies at issue in this case.  Whatever inventions they invented or whatever products and features they worked on, certainly have a "technological nexus" to the inventions, products and features at issue in the instant action.

For example, in *Inventio AG v. Thyssenkrup Elevator Am. Corp.*, 662 F. Supp.2d 375 (D. Del. 2009), the court ordered the plaintiff to produce transcripts of testimony from a prior proceeding that involved "tangentially related" technology.  See id. at 381-83.  The court held that this testimony—including the testimony of non-inventors—was relevant and discoverable because the witnesses possessed certain critical knowledge of issues involved in the litigation.  Id. at 383. For the transcripts that the court held were not discoverable, the court reasoned that "the requested information [was] not related to claims or defenses," and "[m]ost importantly, Defendants [did]

1   *not intend to call any of these individuals to testify in the current proceeding.*" *Id.* at 384

2   (emphasis added).[11]

3       Apple agrees that Samsung is entitled to the transcripts of Apple witnesses who testified on

4   topics that bear a "technological nexus" to the issues in this litigation. *See generally id.*  But Apple

5   has debated the meaning of that term and proposed to produce in accordance with very narrow or

6   vague interpretations of that phrase, rather than something both parties can discuss concretely.

7   (Hutnyan Decl. ¶ 43.)

8       To address Apple's concerns about production of transcripts taken in a witness' capacity as

9   an Apple employee that might be entirely irrelevant, Samsung proposed a compromise whereby

10  both parties would exchange lists of cases in which their employees testified, and explain why

11  certain transcripts from certain cases were irrelevant.  (*Id.*)  This compromise would not only

12  increase transparency, but would also obviate the need to engage in a drawn-out exercise to reach

13  a mutually agreeable definition of "technological nexus."  Apple has flatly dismissed Samsung's

14  proposal, instead insisting on defining the term "technological nexus" and applying it unilaterally

15  to determine which transcripts to produce.  (*Id.*)  Meanwhile, Apple has propounded numerous

16  requests to Samsung seeking broad production of its witnesses' prior deposition transcripts.[12]

17      Apple should not be permitted to determine on its own which transcripts it needs to

18  produce.  Apple's vague definitions are antithetical to the Court's efforts to promote discovery

19  transparency, and inevitably lead to wasteful, time-consuming disputes in the future.  The Court

20  should compel Apple to produce all transcripts of prior Apple witness testimony in which the

21  _____

22      [11]  Further, Samsung is entitled to these transcripts to assess the credibility of the witnesses

23  testifying in this case.  *See* 9th Circuit Model Civil Jury Instruction No. 2.8 (evidence that a
    witness lied under oath on a prior occasion may be considered, along with all other evidence, in

24  deciding whether or not to believe the witness and how much weight to give to the testimony of
    the witness.).

25      [12]  See, e.g., Apple RFP No. 296 (seeking all trial or deposition transcripts of each witness

26  identified in Samsung's initial disclosures or each person responsible for the design, development
    or marketing of the Products at Issue, without limiting the subject matter of the prior testimony);

27  RFP No. 304 (seeking all transcripts from related foreign proceedings without any limitation as to
    the identity of the witness).

28

1   witness testified in his or her capacity as an Apple employee,  or alternatively, to exchange lists

2   with Samsung describing the actions in which its witnesses have testified, so that the parties can

3   work together to determine which transcripts should be produced.

4   **V.      CONCLUSION**

5          For the foregoing reasons, the Court should GRANT Samsung's Motion to Compel.  In

6   particular, the Court should compel Apple to produce:

7          (1)      documents and thing related to Apple's asserted utility patents, including all

8   pleadings, discovery, transcripts, statements and briefs relating to the _002 patent, the _607 patent,

9   and the _828 patent in two actions where Apple asserted these patents against Motorola; source

10  code, and a working copy of Mac OS 10.0, prior art to the _891 patent; and source code for

11  SuperClock, prior art to the _002 patent;

12         (2)      documents and things related to Apple's asserted design patents, including memory

13  cards containing photographs of Apple's tablet mockups; documents and things pertaining to

14  Apple's ███████, including CAD drawings, model shop orders and records and other

15  materials; de-designated copies of photographs ███████; a supplemental response to

16  Samsung's Interrogatory No. 1; fulsome copies of Apple's design inventor sketchbooks

17  (excluding future products); documents and things related to Apple's ███████

18  ████████████████████████████████████████

19  ████████████████████ in connection with the

20  development of the iPhone; and documents, models, and prototypes relating to Apple's 1989 flat

21  panel display and the Apple Cinema Display; and

22         (3)      transcripts of prior testimony of Apple witnesses where they testified in their

23  capacity as Apple employees.

24

25

26

27

28

1    DATED: December 12, 2011          Respectfully submitted,

2                                      QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP
3

4

5                                         By/s/ Victoria F. Maroulis
                                             Charles K. Verhoeven
6                                            Kevin P.B. Johnson
                                             Victoria F. Maroulis
7                                            Michael T. Zeller
                                             Attorneys for SAMSUNG ELECTRONICS CO.,
8                                            LTD., SAMSUNG ELECTRONICS AMERICA,
                                             INC. and SAMSUNG
9                                            TELECOMMUNICATIONS AMERICA, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S MOTION TO COMPEL APPLE TO PRODUCE DOCUMENTS AND THINGS