QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS AND PROVIDE RESPONSIVE ANSWERS TO PROPOUNDED DISCOVERY**<br><br>Date: December 16, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

I, Diane C. Hutnyan, declare:

1. I am an partner at Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung").  I am licensed to practice law in the State of California. I submit this declaration in support of Samsung's Motion to Compel Samsung to Produce Documents and Things and Provide Responsive Answers to Propounded Discovery.  I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to the following facts.

2. Since October 19, 2011, the parties' non-lead trial counsel have met and conferred weekly, except for the week of Thanksgiving.

**Motorola-Related Documents**

3. On October 5, 2011, Samsung issued Requests for Production directed to obtaining materials related to litigations between Apple and Motorola concerning the '002, '607, and '828 patents.  Apple failed to respond substantively to these Requests, instead stating that it was "willing to meet and confer."  The parties met and conferred regarding these requests on November 16 and 30, 2011, and in written correspondence on November 10, 20, 27, and 28, and December 3, 2011.

4. Apple finally produced most of these documents in our case for the first time on December 1, 2011; however, many documents were found to be missing, including John Elias' witness statement, testimony and cross-examination; Jeffrey Brown's witness statement, testimony and cross examination; Martin Simmons' witness statement; and Staff's pre-hearing hearing brief in the 750 Investigation.  Furthermore, Apple produced only a redacted copy of significant amounts of testimony from that investigation.  The redactions demonstrate that the redacted testimony is Apple, and not Motorola confidential information.  Samsung informed Apple of the

deficiencies of which it was aware at the parties' weekly December 7, 2011 meet and confer, and asked Apple to confirm that the production was otherwise complete. Apple has not furnished the missing copies, nor made any representations about the completeness of the production.

**SuperClock and Mac OS 10.0 Source Code and Working Copies**

5. During the October depositions of Apple's design inventors, SuperClock and Mac OS 10.0 were identified as prior art for the '891 and '002 patents. On November 1, 2011, we first requested the source code for Mac OS 10.0 and SuperClock, and a computer with a functional copy of Mac OS 10.0. The parties subsequently met and conferred regarding these items on November 2, 9, 16, and 30, and December 7, 2011 and through correspondence on November 8, 10, 15, 20 and December 3, 5, and 6, 2011.

6. Throughout these discussions, Apple always stated that it was "diligently searching" for these items, but never actually produced them or give a date certain by which it would produce them. During the parties' weekly December 7, 2011 meet and confer call, Samsung's counsel asked Apple's counsel what had been done to search for these items. Apple's counsel again refused to provide any details, and stated only that it would further report what it had done to search for these items on December 15, 2011.

7. Attached hereto as Exhibit 1 is a true and correct copy of excerpts from the transcript of the October 25, 2011 deposition of Bas Ording.

8. Attached hereto as Exhibit 2 is a true and correct copy of excerpts from the transcript of the October 26, 2011 deposition of Steven Christensen.

**Conception and Reduction to Practice of the D'889 Patent**

9. Samsung's counsel took photographs of ▮▮▮▮▮▮▮▮ during inspections on October 20 and November 1, 2011, after which Apple's counsel, over Samsung's objection, took possession of Samsung's memory cards with the photographs. Later, Apple produced certain

images off the memory cards to Samsung, but with confidentiality designations.   On December 6, 2011, following this Court's order (D.N. 447), Samsung's counsel sent to Apple's counsel a letter requesting the immediate return of the memory cards containing its attorneys' work product. Apple has neither returned these items nor responded to Samsung's letter.  During  the parties' December 7, 2011 meet and confer session Apple's counsel stated that it had "nothing to say" regarding when it would return these materials.

10. Samsung has also sought de-designation of the photographs it took of ▆▆▆ ▆▆▆ during the October 20 and November 1, 2011 inspections, which Apple's counsel designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."  Attached  hereto as Exhibit  3  are true and correct copies of the photographs that Samsung took of ▆▆▆ during inspections on October 20 and November 1, 2011, which Apple had confiscated and subsequently produced in this action, Bates labeled APLNDC-X000005851-5887.

11. In a letter dated November 22, 2011, Samsung's counsel explained to Apple that the "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation was improper because ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ to the United States Patent and Trademark Office during the prosecution of the D'889 patent.   A true and correct copy of this letter is attached hereto as Exhibit  4.   The parties further discussed this issue at the November 30, 2011 meet and confer session, and by letter dated December 3, 2011.

12. In a letter dated December 6, 2011, Apple's counsel declined to de-designate any photographs other than the ones that were actually submitted to the patent office.   During the parties' weekly December 7, 2011 meet and confer, Apple's counsel indicated that designation was appropriate because ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆.

13. This Court's November 16, 2011 Order (D.N. 398) required Apple to stipulate to certain matters regarding photographs related to ████████. Samsung's counsel sent Apple's counsel a letter dated November 21, 2011 reminding Apple of its obligations.

14. On November 28, 2011, Apple's counsel finally sent to Samsung's counsel a letter in which Apple's counsel purported to satisfy the Court's ordered stipulations. In this letter, Apple stipulated that it had produced the highest quality photographs of ████████ that it possesses, and represented that these photographs are the same as the ones attached as Exhibit 8 to the Declaration Erik J. Olson in Opposition to Samsung's Motion to Compel Apple to Produce Documents and Things ("Olson Decl."). A true and correct copy of this letter, with attached stipulations, is attached hereto as Exhibit 5. Apple has conceded that the photographs of ████████ in Exhibit 8 to the Olson Declaration are not confidential, as they were the ones sent to the Patent Office. However, the Olsen Decl., including these photographs, was filed under seal.

15. Apple's November 28, 2011 letter also described its search process for higher quality photographs of ████████ In a letter dated November 29, 2011, Samsung's counsel pointed out several deficiencies and requested that Apple supplement its searches. A true and correct copy of that letter is attached hereto as Exhibit 6.

16. At the parties' December 7, 2011 meet and confer, Apple admitted that despite its November 28 stipulation, it had not yet produced the photographs contained in Exhibit 8 to the Olson Declaration to Samsung. Those photographs, to my knowledge, have still not been produced. Moreover, Apple's counsel stated that it still had no updates regarding its search process for high quality photographs of ████████.

17. In a letter dated November 8, 2011, Samsung's counsel requested, *inter alia*, CAD drawings and model shop work orders associated with ████████. A true and correct copy of that letter is attached hereto as Exhibit 7. Regarding these items, the parties met and

1 conferred on November 30, 2011, and exchanged letters on November 10, 20, 21, and December 3, 2011.

18. During the parties' meet and confer call on December 7, 2011, Apple stated that it was not sure if model shop work orders existed, but it had located CAD drawings of ████ ████ Apple, however, refused to explain its search process, produce the CAD drawings at that time, or explain why the production of the CAD drawings would be delayed. Apple also failed to respond to Samsung's request for model shop records.

19. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

**Design Patent Prior Art**

20. Samsung has requested the following materials related to Apple's asserted design patents: (a) ████████████████████████████████; (b) ████████████████████████████████████████████████; (c) ████████████████████████; (d) documents, models, and prototypes relating to the 1989 flat panel display associated with Apple's "Brain Box"; (e) documents, models, and prototypes relating to Apple's Cinema Display; and (f) complete, un-redacted sketchbooks from the inventors of Apple's asserted design patents.

21. Many of these requests have been outstanding for over a month. In all cases, Apple has failed to produce any items or provide a date certain by which it would do so, or even explain to Samsung what, if anything, it is doing to search for these items. During the December 7, 2011 meet and confer session, Apple's counsel stated that these requests were "peripheral" in nature.

22. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

23. Attached hereto as Exhibit 8 are true and correct copies of documents produced by Apple in this action, Bates labeled APLNDC-NCC00000267-273.

24. Attached hereto as Exhibit 9 are true and correct copies of documents produced by Apple in this action, Bates labeled APLNDC0000036646, 36657, 36892, 37167 and 37177.

25. A true and correct copy of the relevant portions of the transcript of the October 27, 2011 deposition of Eugene Whang is attached hereto as Exhibit 10.

26. ████████████████████████████████████████████████████████████████ in a letter to Apple's counsel dated November 8, 2011, a true and correct copy of which is attached hereto as Exhibit 11. The parties subsequently met and conferred to discuss these items on November 9, 16, and 30, 2011, and exchanged letters on November 10, 15, and 20, and December 3 and 6, 2011.

27. Attached hereto as Exhibit 12 is a true and correct copy of a document produced by Apple in this action, Bates labeled APLNDC0001205801.

28. ███████████████████████████████████████████
████████████████████████ A true and correct copy of that letter is attached hereto as Exhibit 13. The parties subsequently met and conferred to discuss these test reports on November 9, 16, and 30, 2011, and exchanged letters on November 8, 10, 15, 20, and December 3 and 6, 2011.

29. As of the parties' most recent meet and confer session on December 7, 2011, Apple claimed that it was still "diligently searching" for these items, while refusing to describe its search process or give a date certain by which these items would be produced. Apple also admitted that it had not conducted any non-electronic searches for these items, despite the fact that Samsung had asked for models and prototypes relating to ████████████████████.

30. In a letter dated November 1, 2011, Samsung's counsel requested that Apple produce documents and things relating to Apple's 1989 flat panel display associated with the "Brain Box."

31. In a letter dated November 8, 2011, Samsung's counsel asked for CAD drawings, models, prototypes, and other items related to Apple Cinema Display.

32. The parties met and conferred regarding these items on November 9, 16, and 30, 2011, and exchanged letters on November 10, 15, and 20, and December 3 and 6, 2011.

33. At the parties' December 7, 2011 meet and confer call, Apple reiterated that it was still searching for documents and things relating to the 1989 flat panel display, but refused to explain its search process or give a date certain by which it would produce these items. During the call, Apple also stated for the first time that it would only agree to produce the final CAD drawings of Apple Cinema Display, and not the notebooks, diagrams, models, prototypes, and other related items that Samsung originally requested. Apple refused to explain its position or what it had undertaken to search for these materials.

34. Apple has not produced the requested documents or things relating to the flat panel display or Apple Cinema Display, including even the final CAD drawings that it promised to produce.

35. Attached hereto as Exhibit 14 is a true and correct copy of page 144 from the book Appledesign: The Work of the Apple Industrial Design Group by Paul Kunkel (with photographs by Rick English), New York, Graphis, 1997, introduced as Exhibit 1175, during the November 8, 2011 deposition of Douglas Satzger, which depicts the 1989 flat panel display associated with the "Brain Box."

36. In its November 1, 2011 letter, counsel for Samsung asked for original, unredacted design sketchbooks. Samsung followed up in a letter on November 8, 2011, and further met and conferred with Apple on November 9 and 16, 2011. At the parties' December 7, 2011 meet and confer session, Apple represented that it would provide more information from the sketchbooks, but would still redact the portions that it deemed irrelevant.

37. Attached hereto as Exhibit 15 is a true and correct copy of excerpts from the transcript of the October 20, 2011 deposition of Peter Russell-Clarke.

38. Attached hereto as Exhibit 16 is a true and correct copy of excerpts from the transcript of the October 31, 2011 deposition of Richard Howarth.

39. Attached hereto as Exhibit 17 is a true and correct copy of excerpts from the transcript of the October 24, 2011 deposition of Matthew Rohrbach (36:24-37:10).

40. Attached hereto as Exhibit 18 is a true and correct copy of excerpts from the transcript of the November 4, 2011 deposition of Christopher Stringer.

41. Attached hereto as Exhibit 19 is a true and correct copy of excerpts from the transcript of the November 8, 2011 deposition of Douglas Satzger.

42. Attached hereto as Exhibit 20 is a true and correct copy of Apple Inc.'s Second Amended Objections and Responses to Samsung's Interrogatory No. 7 to Apple Relating to Apple's Motion for a Preliminary Injunction, served September 30, 2011.

**Prior Deposition Testimony of Apple Employee-Inventors**

43. During the parties' October 19, 2011 meet and confer, Samsung's counsel requested that Apple produce prior deposition transcripts for inventor witnesses who testified in their capacities as Apple employees. Samsung's counsel memorialized this discussion in a letter dated October 21, 2011, a copy of which is attached hereto as Exhibit 21. The parties further met and conferred on the relevance of prior testimony of inventors on October 26, November 2, 9, 16, 30, and December 7, 2011, as well as in written correspondence dated November 3, 2011, November 10, 2011, November 15, 2011, and November 20, 2011. Apple has agreed to produce transcripts from prior cases having a "technological nexus" to the patents-in-suit, but it has narrowly defined that term. Apple has refused to produce these deposition transcripts or to exchange a list of transcripts that would allow the parties to work together to determine which transcripts might be irrelevant.

**Apple's Failure to Hold a Lead Counsel Meet and Confer**

44. In its November 20, 2011 letter, Samsung's counsel requested dates for a lead counsel meet and confer. During the parties' November 30, 2011 meet and confer session, Apple first stated that Harold McElhinny, its lead counsel, was available for an in person meet and confer on December 5-7, 2011. However, Samsung's lead counsel, Charles K. Verhoeven, was then in trial in Washington, D.C., and was not available for an in-person meet and confer at that time. Mr. Verhoeven is not scheduled to be back in California until December 19, 2011.

45. On December 5, 2011, Apple's counsel sent through email a proposed Stipulated Motion for Administration Relief regarding Telephonic Meet-and-Confer. On December 6,

2011, Samsung counter-proposed that Apple join in stipulating to relieve both parties from the "in person" requirement. Attached hereto as Exhibit 22 is a true and correct copy of Apple's Stipulated Motion with Samsung's Proposed Revisions. Apple refused to agree to Samsung's Proposed Revisions, and instead sought a one-time exception to the in-person meet and confer requirement for itself, which was granted by this Court (D.N. 472).

46. In a December 10, 2011 letter, Samsung's counsel sought a telephonic lead counsel meet and confer to discuss both parties' issues, and noted that although the Court had excused Apple from conducting an in-person lead counsel meet and confer, the Court had not excused Apple entirely from holding a lead counsel meet and confer.

47. In a December 11, 2011 email, Apple's counsel stated that this offer would be impossible due to Mr. McElhinny's travel schedule, and denied that it had any obligation to meet and confer. A true and correct copy of this email is attached hereto as Exhibit 23.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Los Angeles, California on December 12, 2011.

                       */s/ Diane C. Hutnyan*
                       Diane C. Hutnyan

**GENERAL ORDER ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document.  I hereby attest pursuant to General Order 45.X.B. that concurrence in the electronic filing of this document has been obtained from Diane Hutnyan.

      */s/ Victoria Maroulis*

02198.51855/4440478.2

Case No. 11-cv-01846-LHK