HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC.,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company.,

Defendants.

Case No. 11-cv-01846-LHK

**DECLARATION OF MIA MAZZA IN SUPPORT OF APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO SHORTEN TIME**

I, MIA MAZZA, declare as follows:

1. I am an attorney with the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple"). I am licensed to practice law in the State of California. Except as otherwise indicated, I have personal knowledge of the matters stated herein. I make this declaration in support of Apple's Opposition to Samsung's Motion to Shorten Time, filed the evening of December 12, 2011.

2. On Monday, December 12, 2011, at 11:11 a.m. Pacific time, I received an e-mail from counsel for Samsung entitled, "Apple v. Samsung: Motion on Sherman Issues – Shortened Schedule and Leave from Lead Counsel M&C Requirement." Attached hereto as "Exhibit A" is a true and correct copy of that e-mail and the resulting discussion thread. Samsung's e-mail stated in relevant part, "We intend to file our motion to compel relating to Mr. Sherman's access to Apple's confidential documents under the protective order. Please let us know whether Apple agrees to the motion being heard on shortened time." (*See* Ex. A.) The e-mail further stated that Samsung would be moving for administrative relief from the Court's meet-and-confer requirement in connection with the Sherman motion. At no time did Samsung inform Apple that it planned to file a second discovery motion on or about December 12, 2011, in addition to the Sherman motion referenced in Samsung's 11:11 a.m. e-mail.

3. Samsung's lead counsel did not meet and confer with Apple's lead counsel, in person or otherwise, regarding any of the issues raised in the motions filed by Samsung the evening of December 12, 2011. On **Saturday, December 10, 2011**, at 3:25 p.m. Pacific time, I received correspondence from counsel for Samsung requesting that Apple's lead counsel meet and confer with Samsung's lead counsel at 2 p.m. Pacific time on **Sunday, December 11, 2011— less than 24 hours later**. Attached hereto as "Exhibit B" is a true and correct copy of that letter. To avoid the need to file under seal, Apple has redacted unrelated portions of the letter that contain Apple-confidential information.

4. Attached hereto as "Exhibit C" is a true and correct copy of my e-mail response to Samsung's December 10, 2011, letter, reminding Samsung's counsel that Apple's lead counsel had left for Tokyo the day before and would not be available over the weekend. I stated further

DECLARATION OF MIA MAZZA ISO APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO SHORTEN TIME
CASE NO. 11-CV-01846 LHK (PSG)
sf-3082779

1

that Apple's lead counsel's plane would be landing at 9 a.m. Pacific time on Tuesday, December 13, 2011, and that he would make himself available for a meeting anytime after noon. I did not receive any reply to this e-mail.

5. As of the time of this Declaration, Samsung has not identified a single time when its lead counsel would make himself available to meet and confer regarding Samsung's issues or any other issues, other than 2 p.m. on Sunday, December 11, 2011, and December 19, 2011.

6. Starting on November 30, 2011, Apple made extensive, good-faith efforts to schedule a lead counsel meet-and-confer discussion in person (or otherwise) to take place on December 5, 6, or 7, 2011, regarding Apple's issues. As detailed in Apple's Administrative Motion for Temporary Relief from Lead Counsel Meet and Confer Requirement (Dkt. 463), filed on December 8, 2011, and granted by Judge Koh on December 9, 2011 (Dkt. 472), and the Declaration of Michael Jacobs filed in support therewith (Dkt. 463-1), Samsung refused to make its lead counsel available for a meet-and-confer discussion of Apple's issues at any time before December 19, 2011.

7. Since October 19, 2011, the parties have engaged in weekly meet-and-confer discussions regarding outstanding discovery issues. We have discussed most, if not all, of the issues raised in Samsung's motions filed December 12, 2011. For nearly all of the issues, Apple has agreed to provide most or all of what Samsung requested. For example, Samsung requested a large number of discovery papers, court filings, and transcripts from the *Apple v. Motorola* case for purposes of its claim construction briefing. Apple produced all of the *Motorola* papers it could locate—nearly a thousand documents—on November 23, 2011. On December 11, 2011, Samsung advised Apple that there were four items it could not locate in the *Motorola* production. Apple is currently in the process of working to locate those four items in its production or elsewhere, and Apple has agreed that it will produce the information as soon as it is found. To my knowledge, Samsung has not requested any additional documents for purposes of claim construction.

1    I declare under penalty of perjury that the foregoing is true and correct.  Executed this
2    13th day of December 2011 at San Francisco, California.

                                                         */s/ Mia Mazza*
                                                         Mia Mazza

**ATTESTATION OF E-FILED SIGNATURE**

I, Rich S.J. Hung, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Mia Mazza has concurred in this filing.

Dated:  December 13, 2011        */s/ Rich S.J. Hung*
                                 Rich S.J. Hung