HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S <u>CORRECTED</u> OPPOSITION TO SAMSUNG'S MOTION TO SHORTEN TIME**<br><br>Judge:  Hon. Paul S. Grewal |

Apple opposes Samsung's Motion to Shorten Time for Briefing and Hearing. Samsung's Motion to Shorten Time, filed at 11:37 p.m. on Monday, December 12, 2011, seeks a briefing schedule that would require Apple to file its opposition to *two* separate discovery motions within 48 hours. After failing to make a good-faith effort to satisfy the Court's meet-and-confer requirement, and then misrepresenting to Apple that only one, limited motion would be filed on Monday, Samsung should not be rewarded with a compressed schedule that would prejudice Apple.

***Samsung Intentionally Delayed Meeting and Conferring.*** On Thursday, December 8, 2011, Apple filed a Motion to Compel Production of Documents and Things (Dkt. 467), along with an Administrative Motion for Relief (Dkt. 463) from the "lead trial counsel . . . meet and confer" requirement in Judge Koh's case management order. Apple filed the Administrative Motion because **Samsung had refused to agree to a meeting of lead counsel to discuss Apple's issues on December 5, 6, or 7, 2011**, and instead had represented that Samsung's lead counsel was unavailable to meet and confer until December 19, 2011. (*See* Declaration of Mia Mazza in Support of Apple's Opposition to Samsung's Motion to Shorten Time, filed herewith (("Mazza Decl."), ¶ 6.) Judge Koh granted Apple's Administrative Motion on December 9, 2011. (Dkt. 472.) This Court then granted Apple's Motion to Shorten Time on the briefing and hearing schedule for its Motion to Compel, setting the hearing on December 16, 2011, with Samsung's opposition brief due on Wednesday, December 14. (Dkt. 477.)

On Saturday, December 10, 2011, Samsung's lead counsel was suddenly available to meet and confer on Samsung's own discovery issues. (Mazza Decl., ¶ 3 & Ex. B.) Samsung demanded that Apple's lead counsel meet and confer less than 24 hours later, on Sunday morning, even though Samsung was well aware that Apple's lead counsel had left for Tokyo on Friday, December 9. (*Id.*) Apple advised Samsung that its lead counsel would be arriving back in San Francisco on Tuesday, December 13, 2011, and that he would make himself available on that date starting after noon. (*Id.*)

1   Samsung did not respond to this offer. Instead, on Monday morning, December 12, 2011,
2   Samsung advised Apple that it was going to file a discovery motion later that day, and asked
3   Apple whether it would oppose: (1) Samsung's administrative motion for relief from Judge
4   Koh's meet-and-confer requirement and (2) Samsung's motion to shorten time. (Mazza Decl.,
5   ¶ 2 & Ex. A.) In that communication, Samsung represented that it was filing only a motion
6   related to the disclosure of Apple documents to Samsung's expert, Itay Sherman. (*Id.*) Samsung
7   never mentioned that it would be filing a second discovery motion, aimed at a variety of different
8   document production issues. (*Id.*)

9   ***Samsung's Schedule is Unnecessarily Compressed and Would Prejudice Apple***.

10  Samsung's current motion is entirely retaliatory. The Court granted Samsung nearly a full
11  week to prepare its opposition to the motion to compel filed by Apple on Thursday,
12  December 8, 2011. Samsung's two motions raise a far broader scope of issues than Apple's
13  motion, and yet Samsung asks this Court to require that Apple respond to Samsung's motions in a
14  fraction of the time. Samsung argues that it had to "match the briefing schedule set by the Court
15  with respect to Apple's motion," but the proposed briefing schedule, which would provide Apple
16  with two days, instead of the six afforded to Samsung, does not come close to "matching" the
17  schedule this Court provided to Samsung. It would be prejudicial to require Apple to prepare and
18  file oppositions to *two separate discovery motions*, each dealing with complex issues of
19  importance, within 48 hours.

20  Samsung's stated reasons for needing to have its motions heard on shortened time do not
21  withstand scrutiny. First, Samsung argues that if its motions were not heard on shortened time it
22  would "depriv[e] Samsung of information it needs for its claim construction briefing due on
23  December 22, 2011." (Mot. at 2.) Samsung provides no explanation for this assertion; indeed,
24  Samsung itself admits that almost all of the requests relate to design patents, ***which are not the***
25  ***subject of claim construction briefing at all***. If Samsung *had* needed the requested documents
26  for claim construction briefing on December 22, surely it would have joined Apple in its attempts
27  to conduct a lead counsel meet and confer during the week of December 5, and it would have then
28  filed a motion, if needed, last week. In any event, Samsung asked Apple to produce a specific set

APPLE'S CORRECTED OPPOSITION TO SAMSUNG'S MOTION TO SHORTEN TIME
CASE NO. 11-CV-01846-LHK (PSG)
sf-3082459

2

of filings and transcripts from the *Motorola* case for purposes of claim construction, and Apple produced those documents – nearly a thousand documents – on November 23, 2011. (Mazza Decl., ¶ 7.) Samsung informed Apple on December 11, 2011, that it could not locate four items in this production, and Apple has agreed to produce those items as quickly as possible if they were not already produced. (*Id.*)

Second, Samsung argues that if its motions were not heard on shortened time it would deprive Samsung of opportunities to conduct "follow-on discovery" that will "allow it to prepare for further depositions and other events in the case." (Mot. at 2.) This assertion only highlights the fact that Apple has already produced the core documents Samsung needs to defend its case – more than a million pages of documents, alongside numerous physical models, prototypes, CAD files, native source code, and similar items. The documents Samsung seeks *are* "follow-on discovery." Nevertheless, Apple has already agreed to produce most of the documents and other information sought by Samsung in its "follow-on" requests. (Mazza Decl. ¶ 7.)

Third, Samsung argues that if its motions were not heard on shortened time it would "prevent[] Samsung's expert, Itay Sherman, from seeing confidential documents needed for him to prepare his expert analysis and report." Samsung and Apple, however, reached impasse on this issue *no later than November 1, 2011*, and yet Samsung failed to file any motion on the issue until now. Samsung's own delay in raising this issue is not a valid reason to burden Apple with a last-minute scramble to file opposition papers, let alone the additional burden this will place on the Court to review and analyze this issue along with the others already on calendar for the upcoming hearing.[1]

---

[1] As a further argument in support of its motions being heard on shortened time, Samsung notes that "the Court is already hearing discovery motions on the date proposed by Samsung." (Mot. at 2.) The fact that Apple has brought a valid discovery motion (not "motions") on shortened time, after making an exhaustive, good-faith effort to meet and confer on the relevant issues (as confirmed by Judge Koh's December 9, 2011, Order), does not provide a basis for Samsung to cram last-minute discovery disputes into the schedule as well. This is particularly the case here, where Samsung has failed to make a good-faith effort to make its lead counsel available to meet and confer on the issues raised in its motion, in violation of Judge Koh's case management requirements. (*See* Apple's Opposition to Samsung's Administrative Motion for Relief from Lead Counsel Meet and Confer Requirement, filed concurrently herewith on the morning of December 13, 2011 (Dkt. 484).)

APPLE'S CORRECTED OPPOSITION TO SAMSUNG'S MOTION TO SHORTEN TIME
CASE NO. 11-CV-01846-LHK (PSG)
sf-3082459

3

Samsung's gamesmanship is compounded by a bait-and-switch on the scope of its motion. On Monday morning, Samsung informed Apple that it would be filing a motion on the parties' dispute relating to *Itay Sherman.* (Mazza Decl. ¶ 2 & Ex. A.) Samsung's filings late Monday night, however, contain a second motion, seeking to compel production of a panoply of various "follow-on" documents and things. Samsung failed to disclose its intent to file this second motion to Apple in its Monday-morning communications. (*Id.*)

Responding to Samsung's motions requires time – time from outside counsel and time from Apple to review and approve the representations that will be made in the opposition. Requiring Apple to file its response within a 48-hour period would be prejudicial because it would force Apple to choose between being unnecessarily vague in its response or filing a detailed response that may not be fully vetted. Samsung argues that the parties "have been negotiating these issues for weeks and Apple is already well aware of the basis for [Samsung's] motions." (Mot. at 2.) This is untrue. Apple does not understand why Samsung is filing a motion to compel. Although the parties have been discussing many of the issues in Samsung's motion to compel for several weeks in regular meet-and-confer calls, Apple is not aware of the basis for Samsung's motion, as it has already agreed to produce nearly everything Samsung seeks therein. Regardless, Samsung's insistence that its discovery issues are ripe is inconsistent with its own prior conduct. If the issues were truly well-defined, as Samsung claims, it would have agreed to Apple's repeated requests for a lead trial counsel meet and confer during the week of December 5, 2011, or it would have joined Apple's Administrative Motion for Relief from the lead trial counsel meet-and-confer requirement last week. It did neither.

Apple is more than willing to respond to Samsung's motion on shortened time – but this is far too short. Setting a hearing on Samsung's motion during the last week of December or first week of January would allow Apple adequate time to: (1) prepare a response; (2) vet the response with all of the affected individuals; and (3) *moot* most of the issues in Samsung's motion prior to the hearing by *producing* documents and things as Apple has *already agreed* it will do.

1   For the foregoing reasons, Apple requests that Samsung's motion be denied in part and
2   that a reasonably accelerated schedule be set with a hearing during the last week of December or
3   first week of January.

4   Dated: December 13, 2011        MORRISON & FOERSTER LLP

6                                   By:  */s/ Richard S.J. Hung*
                                         Richard S.J. Hung

7                                   Attorneys for Plaintiff
                                    APPLE INC.