QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO SHORTEN TIME FOR BRIEFING AND HEARING** |

Apple's opposition to Samsung's motion to shorten time contradicts Apple's own motion to shorten time. Apple's apparent stance is that it should be entitled to press its case on an expedited basis while Samsung should be denied that same opportunity. The Court should reject Apple's maneuvering and hear both parties' discovery motions at this Friday's hearing. Doing so would also further the interests of judicial economy as the parties' disputes are overlapping in several respects.

1. *Apple Refused A Reciprocal Meet And Confer Arrangement* — Apple distorts the record regarding the parties' efforts to hold a lead counsel meet and confer. Samsung's counsel could not meet in person on December 5-7, but Samsung was willing to stipulate to a telephonic lead counsel meeting, if *both* parties could discuss their respective discovery issues. (*See* Samsung's Motion for Relief from the Lead Counsel Meet and Confer Requirement (Dkt No. 480) at 2.) After all, Samsung had been requesting Apple's participation in a lead counsel meet and confer since November 20, with no response from Apple. Apple refused to make the stipulation, apparently using this as a way to skirt the lead counsel meet and confer requirement altogether. By way of contrast, Samsung *was* trying to make its lead counsel available, to discuss both parties' issues.

2. *Samsung's Motion Is Highly Relevant To Its Claim Construction Brief (Due December 22) As Well As Upcoming Samsung Depositions* — Apple's response is tellingly silent about the highly relevant source code it has been withholding from Samsung for weeks. That source code is in Apple's sole possession and is directly related to Samsung's invalidity and inequitable conduct defenses for the '891 and '002 utility patents. (See Samsung's Motion to Compel at Argument Section 6-8.) Samsung's motion is therefore highly urgent in light of the claim construction briefing due on December 22 with regard to these patents, which *Apple* put at issue. Other of the requested documents are relevant to Samsung's upcoming depositions of Apple employees — an argument Apple itself made in seeking to expedite its own motion to compel.

3. *By Apple's Own Admissions, The Briefing Schedule Is Not Prejudicial* — Apple claims it will be prejudiced by a shortened briefing schedule, but goes on to say that "it has

1  already agreed to produce nearly everything Samsung seeks." (Apple's Opposition (Dkt No.
2  490) at 4.)   Plainly that is not a proper basis to decline to expedite a motion, because as Apple
3  knows, Samsung already agreed to substantially complete its production of the four categories of
4  documents Apple demands in its motion — yet Apple sought to expedite its motion anyway.
5  Moreover, it should be easy for Apple to respond to Samsung's motion to compel.   Indeed, Apple
6  need not even oppose the motion if it is truly open to promptly producing the documents and
7  things Samsung has been requesting for many weeks.   Apple's actions have led Samsung to
8  believe otherwise, however, necessitating Samsung's motion.   With regard to Samsung's expert
9  Itay Sherman, Apple admits that it has long refused to allow him to view confidential documents.
10 (Apple's Opposition (Dkt No. 490) at 3.)   The Sherman dispute is therefore not new to Apple.
11 Unless Apple has changed its position on the issue, it should not be unduly burdensome for Apple
12 to reiterate its basis for taking the stance it has chosen.

13         Apple's reasons for denying Samsung's motion to expedite the briefing schedule are
14 unavailing.   Samsung respectfully requests that the Court grant the relief it seeks in its motion to
15 shorten time for briefing and hearing on its discovery motions.   (Dkt No. 481.)

17 DATED: December 13, 2011           QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP

20                                    By  */s/ Victoria F. Maroulis*
                                          Charles K. Verhoeven
21                                        Kevin P.B. Johnson
                                          Victoria F. Maroulis
22                                        Michael T. Zeller
                                          Attorneys for SAMSUNG ELECTRONICS CO.,
23                                        LTD., SAMSUNG ELECTRONICS AMERICA,
                                          INC., and SAMSUNG
24                                        TELECOMMUNICATIONS AMERICA, LLC