| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone: (415) 268-7000 <br> Facsimile: (415) 268-7522 | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br> <br> MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br> Plaintiff, <br> v. <br> SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company., <br> Defendants. | Case No.   11-cv-01846-LHK <br><br> **APPLE'S OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION TO EXCEED PAGE LIMIT IN SAMSUNG'S RESPONSIVE CLAIM CONSTRUCTION BRIEF** |

Ignoring the Court's guidance and the Northern District's Patent Local Rules regarding the claim construction process, Samsung seeks a lengthy page extension for its opposition *Markman* brief. Yet Samsung fails to demonstrate why a 37-page overlength brief is necessary to respond to Apple's opening brief, which was 25 pages long. Indeed, Samsung cannot demonstrate such necessity, as it raised its request for a page extension with Apple *before* it had even seen Apple's brief.

In addition to contradicting the presumptive briefing limits in the Northern District's Local Rules, Samsung's requested extension would severely prejudice Apple. Apple prepared its opening brief by applying the Local Rules, and it told Samsung as much. Moreover, under the Court's scheduling order, Apple would need to respond to Samsung's overlength brief between December 22 and December 29 – *i.e.,* right in the middle of the Christmas holidays. For all of these reasons, and as explained below, Samsung's request should be denied.

## I. ADDITIONAL PAGES ARE NOT NECESSARY TO RESPOND TO APPLE'S STANDARD LENGTH OPENING BRIEF

Absent from Samsung's motion is any explanation for why such a lengthy page extension is justified. Samsung first raised its request for a page-limit extension on November 27, 2011 — 11 days before Apple's opening brief was due. (*See* Briggs Declaration in Support of Samsung's Motion, Ex. 1 (Dkt. No. 479-2).) Apple responded that it intended to comply with the Patent Local Rules and encouraged Samsung to do the same. Dissatisfied with Apple's response, Samsung then re-raised its request on December 7, 2011 — the day before Apple's opening brief was due. Apple repeated its prior response and further encouraged Samsung to review Apple's brief to see if the extra pages were actually necessary. Rather than attempt to draft its opposition brief to comply with the 25-page limitation in the Local Rules, as Apple did with its opening brief (and will be forced to do in its own opposition brief concerning the claim terms in Samsung's patents), Samsung sought immediate relief from this Court.

Surprisingly, Samsung fails to make any reference to Apple's opening brief in its motion at all, much less explain why extra pages are necessary to respond to it. Indeed, having sought the page extension before it had even reviewed Apple's brief, it could not. Accordingly,

1    Samsung has failed to provide the particularized argumentation necessary to justify a departure

2    from the Local Rules.  *See American Lines, LLC, v. CIC Ins. Co.,* No. 03cv1891, 2004 WL

3    2381717, at *7 (D. Conn. Sept. 30, 2004) ("The Local Rules are not merely the hopes, dreams, or

4    suggestions of this court; they make up the framework within which cases are decided in this

5    district. They cannot be disregarded on a whim, nor will they be waived without a substantial

6    showing of necessity"); *see also Rubin v. Kirkland Chrysler-Jeep, Inc.,* No. C05-0052C, 2006

7    WL 1009338, at *12 (W.D. Wash. April 13, 2006) (denying a request to file a 50% longer brief,

8    noting that "[t]he Court also finds it difficult to believe that Defendant could not have pared its

9    reply brief down to the required page limit," and "extolling the virtues of rigorously editing one's

10   work") (citation omitted).

11   **II.     THERE IS NO "SEVERE IMBALANCE" IN THE BRIEFING LIMITATIONS**

12          Samsung claims that it is somehow unfair for it to be held to a 25-page limit to address 8

13   claim terms, despite the fact that this is the standard practice in the Northern District.  All litigants

14   are subject to that requirement, even when the number of claim terms at issue exceeds 10.  As

15   Samsung admits in its briefing, the division of terms here was by agreement; each party agreed to

16   select 5 terms each for submission to the Court. (Motion at 1.)  Far from creating a "severe

17   imbalance" in the briefing, the purpose of this division was to ensure that both sides would have

18   the same total number of pages to present their cases on the terms that they selected.  The fact that

19   there are 8 terms from Apple's patents versus 2 from Samsung's patents is irrelevant: if Samsung

20   will somehow be prejudiced by having to limit its argument on each term from Apple's patents to

21   3 pages each, then so too was Apple prejudiced in having to comply with the same limitations.

22   Samsung has failed to articulate any distinction between the parties in this regard.  Put another

23   way, there is no "imbalance," as the alleged prejudice to one party is identical to that faced by the

24   other party.

25          As evidenced in Apple's opening brief, Apple devoted a substantial portion of its page

26   allotment to describing the background of its patents.  Samsung presumably will not need to use

27   any of its page allotment to repeat that information.  Given these facts, any "imbalance" worked

28   to Apple's detriment, not Samsung's.  In addition, Samsung's argument that it will have "slightly

1  over 3 pages total to discuss each of the terms from Apple's patents" is misleading, as Samsung
2  will have at its disposal a full 25 pages to address the eight claim terms identified in Apple's
3  opening brief, not "3 pages total." (Motion at 1.)
4     At the core of Samsung's motion is its displeasure with the fact that the Local Rules
5  entitle the plaintiff to both a 25-page opening and a 15-page reply brief. This, again, is simply a
6  characteristic of the default *Markman* process in this District, and hardly grounds for permitting
7  Samsung's request for an overlength brief. *See Gross v. SES Americom, Inc.*, 225 F.R.D. 169,
8  171 (D. Md. 2004) ("The Local Rules of this Court are designed to provide for a consistent and
9  logical briefing system that allows the Court to analyze and dispose of important matters fairly
10 and efficiently. When, however, an unauthorized deluge of paper occurs, the Court is disabled in
11 its ability to function in fairness to both sides").
12    Moreover, Samsung's motion assumes that the briefing limits set forth in the Local Rules
13 can simply be circumvented by borrowing pages from other briefs. In Samsung's world, a short
14 5-page motion to compel would entitle it to file a subsequent 45-page motion to compel. This
15 practice is inconsistent with the intent of the Local Rules, and courts have rejected similar
16 creative interpretations.[1] *See, e.g.*, *Cirulli v. Hyundai Motor Co.*, No. SACV 08-0854 AG, 2009
17 WL 5788762, at *2 (C.D. Cal. June 12, 2009) (disapproving of party's practice of incorporating
18 prior briefs by reference because the practice could be viewed as "a thinly veiled attempt to make
19 an end-run around the page limits set forth in [the] Local Rule[s]," which limited briefs to 25
20 pages); *cf. Goodworth Holdings Inc. v. Suh*, 239 F. Supp. 2d 947, 949 n.1 (N.D. Cal. 2002)
21 (disapproving of additional argumentation raised in affidavit that the court inferred "was
22 submitted to subvert page limitations").

---

[1] The Court previously denied Samsung's motion to exclude the opinions of Apple's design expert because the motion was consistent with neither "the spirit nor the letter of Civil Local Rule 7-3," and additional argumentation outside of Samsung's overlength 40-page brief was excessive. (Dkt. No. 452 at 6.)

## III. SAMSUNG'S REQUESTED PAGE EXTENSION WILL PREJUDICE APPLE

Samsung is aware that the 7 days Apple will have to reply to its opposition brief span the Christmas holiday. Although preparing a 15-page reply brief to a 25-page opposition under these circumstances is far from ideal, Apple's expectations were set long ago by the requirements of this District's Local Rules and Patent Local Rules. As it currently stands, there is already reason to believe that this undertaking will be difficult. In the parties' Joint Claim Construction and Prehearing Statement (Dkt. No. 394), Samsung unilaterally reserved for itself "the right to identify additional evidence to rebut positions taken by Apple." (*See* Dkt. No. 394 at n.1.) Not only was Apple denied an opportunity to address this evidence in its opening brief, it will also be forced to address this heretofore undisclosed evidence without the benefit of any notice.

Samsung's request that Apple now be forced to reply to a 37-page opposition in this circumscribed 7-day period over the holidays is therefore unfair. Even if Apple seeks (and the Court grants) a commensurate page limit extension for Apple's brief, the timing of Apple's reply brief submission over Christmas Eve and Christmas Day makes Samsung's request highly prejudicial to Apple.[2]

\* \* \* \* \*

---

[2] Samsung's request for a page extension continues its pattern of gamesmanship with respect to the *Markman* proceedings. In its initial exchange of proposed terms for construction on October 7, 2011, Samsung identified *200* terms for construction, in comparison to Apple's 9. (*See* Declaration of Deok Keun Matthew Ahn, filed herewith, Ex. A.) Samsung also initially refused to pare this number down. Samsung's grossly overbroad identification of claim terms forced Apple to devote significant resources to researching and preparing preliminary constructions for all of these terms -- even though Samsung knew that it ultimately would be able to propose only 5 terms for construction. Samsung therefore already has had significantly more time than Apple to develop its claim construction positions on the specific terms at issue.

1    Both parties began the *Markman* process fully understanding that the limits in the Local
2    Rules and Patent Local Rules would apply.  Apple met those limits.  But Samsung wants to
3    change them unilaterally, to its own benefit and Apple's prejudice.  The Court should deny
4    Samsung's request.

Dated:  December 13, 2011            MORRISON & FOERSTER LLP

By: */s/ Michael A. Jacobs*
      MICHAEL A. JACOBS

      Attorneys for Plaintiff
      APPLE INC.