1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

15

16                    UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK
19 | Plaintiff, | **DECLARATION OF MELISSA N. CHAN IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS**
20 | vs. |
21 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG |
22 | ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | Date: December 16, 2011
   | | Time: 10:00 a.m.
23 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Place: Courtroom 5, 4th Floor
   | | Judge: Hon. Paul S. Grewal
24 | Defendants. |

I, Melissa N. Chan, declare:

1. I am an associate in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung").   I am licensed to practice law in the State of California.   I submit this declaration in support of Samsung's Opposition to Apple's Motion to Compel Production of Documents and Things.   I have personal knowledge of the facts set forth in this declaration, except as otherwise noted, and, if called upon as a witness, I could and would testify to the following facts.

2. Since October 19, 2011, the parties' non-lead trial counsel have met and conferred via lengthy telephonic conference calls on a weekly basis, except for the week of Thanksgiving. The parties have also exchanged dozens of meet and confer letters during this period.

3. During the course of these meet and confer conferences, in the interests of transparency, the parties have agreed to report to each other on a monthly basis regarding the custodians each party searches and the search terms it uses in conducting searches for responsive documents.   Exchanging this information on a monthly basis was Samsung's idea.   Samsung also has agreed to consider reasonable requests by Apple to apply additional search terms.   When Apple has raised specific questions about Samsung's methodology in performing its searches, Samsung has provided detailed written responses outlining the steps it has taken to fulfill its discovery obligations.

4. Many, but not all, of the issues raised in Apple's pending motion to compel were discussed during various of the meet and confer sessions and correspondence.   During these discussions, Samsung has made clear that it would be producing documents for each of the four categories of documents referenced in Apple's motion.   Rather than burden the Court with every single letter and phone call, this declaration summarizes on the pertinent communications.

**SAMSUNG'S AGREEMENT TO PRODUCE "APPLE" SEARCH TERM DOCUMENTS, CONSUMER SURVEY DOCUMENTS AND SOURCE CODE DOCUMENTS**

5. On November 29, 2011, Apple's counsel informed Samsung that it wanted Samsung to substantially complete its production of the following three categories of documents

by December 15, 2011:

    (1) source code and other technical documents;

    (2) documents that include the term "Apple" and related terms; and

    (3) survey-related documents referencing "Apple".

    6. During the parties' regularly scheduled meet and confer call the following day, on November 30, 2011, Samsung agreed to use its best efforts to substantially complete its production of the documents Apple requested on an expedited basis, despite the fact that Apple could not articulate any meaningful reason for demanding the expedited production. Attached as Exhibit 1 is a true and correct copy of a letter sent by Samsung's counsel on December 3, 2011, confirming this conversation.

    7. On December 5, 2011, Apple stated via letter that "Apple is not required to justify its reasons for needing certain categories of documents on an expedited basis."

    8. On December 7, 2011, Samsung sent Apple a letter that reiterated its commitment to providing Apple with the documents it sought in an expeditious and transparent manner, but objected to Apple's refusal to adequately explain the bases for its demands. In this letter, Samsung articulated its position that Apple's contemplated motion to compel was unripe in light of the significant commitments Samsung had made. A true and correct copy of this letter (dated December 6, 2011) is attached hereto as Exhibit 2.

    9. Following the parties' weekly meet and confer call on December 7, 2011, Apple's counsel sent a letter describing the written commitment it believed Samsung needed to make in order to "avoid motion practice." A true and correct copy of this letter is attached hereto as Exhibit 3.

    10. On December 8, 2011, Samsung's counsel responded to Apple's December 7, 2011 letter, stating that Samsung would substantially complete production of the documents Apple sought to expedite by near-term dates certain. Samsung's written commitment was essentially identical to the commitment demanded by Apple, with minor adjustments to conform to the parties' prior meet and confer discussions and minor extensions to the timeline set forth by Apple in order to make the undertaking more feasible. A true and correct copy of this email is attached

hereto as Exhibit 4.   Apple did not respond to this correspondence.   Later that same day, Apple filed its Motion to Compel Production of Documents and Things (hereafter "Motion to Compel") regarding the materials Samsung had already agreed to produce.

**SAMSUNG'S AGREEMENT TO PRODUCE CAD FILES, SKETCHBOOKS AND MODELS**

11.   On December 6, 2011, Apple demanded for the first time that Samsung produce sketchbooks and physical models created in connection with the design of all Galaxy phone and tablet products, regardless of where sold, by December 23, 2011.

12.   On December 6, 2011, Apple also demanded for the first time that Samsung produce CAD files created in connection with the design of those Galaxy products by December 31, 2011.

13.   On December 8, 2011, Samsung's counsel confirmed that it would make its best efforts to substantially complete production of these three categories of design documents by January 6, 2011.   A true and correct copy of this email is attached hereto as Exhibit 4.

**THE OBJECTIONABLE ASPECTS OF APPLE'S DEMANDS**

14.   *Source Code and Technical Documents*.   Apple's demand for source code and related technical documents has evolved and expanded over the past several weeks, such that Apple's demands have presented a moving target.   Apple's demands are also overbroad in several respects.   And finally, Apple has ignored that Samsung already offered to make certain key source code regarding the accused functionalities available for inspection at Apple's convenience.

15.   Attached hereto as Exhibit 5 is a true and correct copy of a November 9, 2011 letter from Apple's counsel to Samsung's counsel demanding that Samsung "immediately collect and produce" at least sixteen different categories of documents relating to "source code and other technical documents."   Among these categories, Apple's counsel requested source code, related configuration files, and version history information for six different features in the Samsung products at issue as well as six additional applications in their entirety.   Apple further requested documents such as "all requests for quotations," "all bills of materials," "all qualification

1  documentation," and "all testing data."   Apple did not limit these requests for source code or
2  documents and things to the functionalities it accuses of infringing its intellectual property.
3  Apple's requests therefore sought production of a large number of documents and things related to
4  product features and components that are not accused of infringing any patents or other intellectual
5  property right asserted in this case; Samsung thus expressed serious concerns regarding the
6  requests' overbreadth and relevance.   Moreover, Apple stated that the documents it sought were
7  responsive to, *inter alia*, Apple Requests for Production, Set Six, Nos. 223-250, despite the fact
8  that Samsung's responses to these requests were not due until November 30, 2011.   In Apple's
9  November 9, 2011 letter, Apple did not specifically request expedited production of these
10 documents or provide any reason why it needed immediate production of these documents.

11       16.    During the parties' meet and confer call on November 16, 2011, Samsung
12 continued to question the scope of Apple's broad demands for technical documents, but assured
13 Apple that it would be producing source code relating to the accused products, and also asked that
14 Apple do the same for the Apple accused products.   In fact, I am informed and believe that
15 Samsung's counsel had already offered to make available for inspection certain source code
16 relevant to its Patent Local Rule 3-4 disclosures and sufficient to show operation of the features
17 accused of infringement.

18       17.    During the parties' November 30, 2011 meet and confer call, Samsung's counsel
19 asked Apple's counsel to explain its urgency in obtaining this source code.   Apple's counsel
20 stated that source code relating to the accused products was relevant to upcoming claim
21 construction briefing.   Samsung's counsel explained to Apple's counsel that it would be
22 improper as a legal matter to use the source code for this purpose, especially if to make sure the
23 construction it advances "reads onto" the accused devices.   Apple's counsel was unable to
24 respond to this argument and could not provide any other basis for demanding immediate
25 production of all of the categories of documents described in its letters.   Instead, Apple's counsel
26 then stated that it did not have to give any justification.   Because at the time of the meet and
27 confer, Samsung's counsel was still in the process of gathering and organizing additional
28 responsive source code, Samsung's counsel could not, in good faith, give a date certain by which

such a voluminous production could be completed. Samsung did, however, provide concrete assurances that it would work diligently to substantially complete production of source code for the accused functionalities by December 15, 2011. Samsung believed, based on Apple's representations during the November 30, 2011 meet and confer call, that this was the commitment Apple was seeking from Samsung. These discussions were memorialized by Samsung's counsel in a letter dated December 3, 2011 (attached as Exhibit 1).

18. Following the November 30, 2011 meet and confer, Samsung's counsel also prepared a detailed response to Apple's letters concerning source code and other technical documents. Attached hereto as Exhibit 6 is a true and correct copy of the December 2, 2011 letter from Samsung's counsel. In this letter, Samsung reiterated its commitment to producing for inspection source code relating to the accused functionalities for the accused products on an expedited basis, despite Apple's failure to justify its demands for expedited treatment. However, Samsung's counsel expressed serious concern regarding Apple's demands for source code relating generally to several applications not tailored to the specific functionality accused in those applications. Samsung also requested a meet and confer on all of the "technical documents"— including "requests for quotations," "qualification documents," and "bills of materials" among many other broad categories—since Apple had not provided explanation of how such categories were relevant to the issues in the case.

19. In its letter dated December 5, 2011 (attached hereto as Exhibit 7), Apple failed to address any of Samsung's questions or concerns and demanded "**Samsung's substantial completion of its *entire* production of source code and other technical documents by December 15.**" (emphases in original).

20. The very next day, Apple changed the scope of its demands. Attached hereto as Exhibit 8 is a true and correct copy of Apple's counsel's December 6, 2011 letter to Samsung's counsel. Apple first agreed that it was willing to "defer production" for the technical documents "until after the parties have further met and conferred on this issue." However, the letter added several *new* categories of source code (Nos. 8, 9 and 10) for which it demanded that Samsung complete production by December 15, 2011. This letter also reiterated Apple's position that it

"is not required to justify its reasons for needing certain categories of documents on an expedited basis."  Despite the fact that Apple had changed the scope of its demands, Samsung stated on December 8, 2011, that it would seek to satisfy Apple's latest demands by December 31, 2011. Apple did not respond.

21.   I am personally involved in preparing for and attending most (if not all) of the meet and confer calls between the parties.  To the best of my knowledge, to date, the parties have not yet met and conferred regarding the relevance or scope of any non-source code documents sought in Requests for Production Nos. 193, 225, 226, 227, 229, 230, 231, 233, 234, 235, 240, 243, 244, or 245, which are all listed in Apple's Motion to Compel.

22.   To the best of my knowledge, to date, the parties have not yet completed their meet and confer regarding the relevance or scope of the source code sought in Requests for Production Nos. 200, 223, 224, 228, 232, 241, and 242.  While Samsung has agreed to produce source code relating to the accused functionalities of the accused products, the parties have not yet met and conferred regarding the breadth of Apple's source code requests.  For example, on November 9, 2011, Apple specifically requested source code relating to six applications (TouchWiz, Browser, Camera, Contacts Gallery, and Maps) (*see* Exhibit 5), but Samsung objected that the request was not targeted to the functionalities accused of infringement (*see* Exhibit 6).  Moreover, none of the requests for production at issue in Apple's Motion to Compel specifically requests source code for the Maps application.  These are all issues that the parties still have yet to try to resolve during meet and confer.

23.   ***Surveys and Documents Referencing Apple***.  Apple's demand for survey documents and documents referencing Apple also has expanded over the past several weeks, making it difficult for Samsung to determine exactly what Apple wants.  Apple first claimed that its demands are governed by the Court's September 28, 2011 Order (Dkt. No. 267).  However, Samsung has argued that what Apple seeks is beyond the scope of the Court's Order, and Apple subsequently backed off of its position.  As discussed below, Apple's demands are overbroad and unduly burdensome to Samsung.  Nevertheless, the parties had already reached an agreement regarding the search and production of such documents prior to Apple's motion.

24.     During the parties' prior meet and confer conferences in November, the parties discussed an agreement whereby each party would search for and produce documents resulting from the search of the opposing party's name as well as the names of the opposing party's accused products.   While Samsung has told Apple that the "Apple" term search has resulted in too many false hits, in the interests of compromise, Samsung was willing to reach agreement with Apple regarding the reciprocal search and production of such search results in each party's designers' files.   Samsung has already produced relevant documents resulting from this search with respect to several of the custodians.

25.     However, on November 15, 2011, Apple's counsel significantly expanded the scope of its request, asking instead that Samsung should search designers and engineers who worked on the products at issue, employees responsible for marketing those products, and employees responsible for developing the infringing features—thus adding dozens of additional custodians to be searched and including employees who never worked on any accused feature of the products at issue.

26.     Also on November 16, 2011, Apple's counsel wrote Samsung's counsel, further requesting that Samsung produce an expanded scope of survey documents, including survey documents that reference Apple or the Apple products in the U.S., Korea or any other location anywhere in the world, without limitation to the products at issue in this litigation.

27.     During the parties' November 16, 2011 meet and confer session, Apple acknowledged that the searches requested in its letters of November 15, 2011 and November 16, 2011 were broader than previous requests.   To that end, Apple's counsel apologized that it seemed like Apple's requests were "a moving target."   Samsung's counsel agreed to consider these requests.   Apple agreed that it would run the "Samsung" searches, but did not agree to search for or produce any surveys conducted globally that mention "Samsung" or the Samsung products at issue.   Samsung's counsel memorialized this discussion in its November 20, 2011 letter (attached hereto as Exhibit 9).

28.     During the parties' regularly scheduled discovery meet and confer conference on November 30, 2011, Apple threatened a motion to compel unless Samsung agreed to

"substantially complete" production of these documents by December 15, 2011. Apple, however, refused to meet and confer regarding the urgency of such demands, nor did Apple agree to produce its own documents for these categories by the same date. Nonetheless, on December 3, 2011 and again on December 4, 2011, Samsung agreed to use its best efforts to complete substantial production of these documents before December 15, 2011.

29. However, on December 5, 2011, Apple presented new rules: that Samsung would also be required to provide "a written disclosure" identifying not only Samsung's search terms and custodians, but also Samsung's counsel's work product regarding its "specific steps" taken to search for and produce documents.

30. Only two days later, Apple retracted that demand. Samsung thus stated on December 8, 2011, after evaluating the status and challenges of its document collection process, that it would seek to satisfy Apple's latest demands by December 31, 2011. Apple did not respond.

31. ***CAD Files, Sketchbooks and Models***. On December 6, 2011—just two days before it filed its Motion to Compel—Apple sent a letter to Samsung insisting that it immediately produce all sketchbooks and physical models for all Galaxy phone and tablet products, whether for a final design or an alternative design that was not used, by December 23, 2011. This letter also demanded CAD files relating to the same by December 31, 2011.

32. Although Samsung has already produced design history documents, including numerous CAD files, as detailed in the Declaration of Sara Jenkins filed herewith, Samsung agreed to make its best efforts to produce these design history documents on an expedited basis, since at least a subset of the request would be relevant to Apple's claims in this litigation. A true and correct copy of this email is attached hereto as Exhibit 4. Apple did not respond to this correspondence.

33. However, not all Galaxy phone and tablet products are at issue in this litigation, let alone accused of infringement of any of Apple's design patents or alleged trade dress. Therefore, Apple's request for "all Galaxy phone and tablet products, regardless of where sold" is overly broad and seeks information irrelevant to this litigation.

**APPLE'S FAILURE TO COMMIT TO COMPLETE PRODUCTION OF THE SAME CATEGORIES OF DOCUMENTS**

34. During multiple prior meet and confer conferences, Samsung has requested, and the parties have met and conferred, regarding at least four categories of documents: (i) the source code and other technical documents relating to the accused Apple products; (ii) Apple surveys that mention "Samsung" or the Samsung products at issue; (iii) the results from a search of "Samsung" or the Samsung products at issue in the custodial files of the designers and engineers who worked on the Apple products at issue, employees responsible for marketing those products, and employees responsible for developing the infringing features; or (iv) the design history documents, including the sketchbooks, for the Apple products at issue.   As of the date of this declaration, Apple has not committed to a date certain to complete its production of such documents.

35. *Source Code*.   During the parties' meet and confer conferences on November 9, November 16, and November 30, and again by letter on December 2, Samsung's counsel requested Apple's position on whether it would be producing source code and other technical documents relating to the Apple accused products.   A true and correct copy of the December 2, 2011 letter is attached as Exhibit 6.   On December 6, 2011, Apple's counsel admitted that it had not yet produced in this litigation the source code relating to the Apple products which infringe Samsung's utility patents.   Apple's counsel provided no reasonable basis for Apple's decision to withhold production of relevant source code responsive to Samsung's requests, nor did Apple's counsel make any commitment to produce these materials by a near-term date certain.

36. *Survey Documents*.   On November 30, 2011 and December 3, 2011, Samsung requested that Apple agree to commit to a date certain regarding the completion of the production of consumer surveys or consumer research or other marketing of Apple products that mention Samsung or Samsung's products, and cited the requests for production covering such documents. Attached as Exhibit 1 is a true and correct copy of Samsung's counsel's December 3, 2011 letter. Apple refused to commit to substantially complete its production of such documents by any particular date, let alone on an expedited basis.

37. ***"Samsung" and Samsung Product Searches***.   On November 15, 2011, and November 20, 2011, Apple stated that it would search for "Samsung" or any aliases used by Apple for Samsung amongst the custodial files of the designers and engineers who worked on the Apple products at issue, employees responsible for marketing those products, and employees responsible for developing the infringing features.   On November 30, 2011 and again on December 5, 2011, Apple confirmed its promise to conduct those searches as well as searches for the names of the Samsung accused products in the custodians' files.   However, Apple did not commit to produce such documents by December 15, 2011, or to any date certain, and refused to make any such commitment.

38. ***Design History Documents***.   As detailed in the Declaration of Diane Hutnyan, filed December 12, 2011, Samsung has repeatedly asked Apple for its design sketchbooks, and the parties have engaged in multiple meet and confer conferences on Apple's sketchbook production. At the December 7, 2011 meet and confer conference, Apple represented that it would produce the sketchbooks, but refused to commit to a date certain for production.

39. Attached as Exhibit 10 is a true and correct copy of Samsung's Second Supplemental Objections and Responses to Apple's Interrogatories to Defendants Relating to Apple's Motion for a Preliminary Injunction – Set Two (Nos. 10-11), dated November 21, 2011, in which Samsung cites numerous designers' documents that have been produced in this litigation.

40. Attached as Exhibit 11 is a true and correct copy of Samsung's Supplemental Objections and Responses to Apple's Interrogatories to Defendants Relating to Apple's Motion for a Preliminary Injunction – Set Two (Nos. 10-14), dated October 12, 2011, in which Samsung cites numerous surveys and marketing documents that have been produced in this litigation.

41. On November 22-23, 2011, right before the Thanksgiving holiday, Apple served 9 deposition notices.   On December 6, 2011, Apple served another 28 notices of deposition. None of these depositions have been scheduled yet, although Samsung is in the process of proposing dates for them.

42. On December 7, 2011, Samsung served 49 notices for the depositions of Apple designers and engineers that we are informed and believe may have knowledge of the accused

1  Apple products, as well as sales and marketing personnel that we are informed and believe are
2  responsible for selling the accused Apple products.   Those depositions are noticed for dates
3  beginning near the end of December 2011 through January 2012.
4      I declare under penalty of perjury under the laws of the United States that the foregoing is
5  true and correct.
6      Executed in Redwood Shores, California on December 14, 2011.

By /s/ *Melissa N. Chan*
    Melissa N. Chan
    Charles K. Verhoeven
    Kevin P.B. Johnson
    Victoria F. Maroulis
    Michael T. Zeller
    Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC.

**General Order 45 Attestation**

I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to file this Declaration.   In compliance with General Order 45(X)(B), I hereby attest that Melissa N. Chan has concurred in this filing.

*/s/ Victoria Maroulis*