# EXHIBIT 3

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION TO APPLE INC.** |
| Defendants. | |

the most general, including any model numbers or designations, version numbers or designations, and internal numbers or designations.

44.     The term "person" or "persons" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.  The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

45.     The terms "any," "all," "every," and "each" shall each mean and include the other as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

46.     The terms "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of its scope.

47.     The term "thing" refers to any physical specimen or tangible item in Your possession, custody or control, including research and development samples, prototypes, productions samples and the like.

48.     The terms "referring to," "relating to," "concerning" or "regarding" shall mean containing, describing, discussing, embodying, commenting upon, identifying, incorporating, summarizing, constituting, comprising or are otherwise pertinent to the matter or any aspect thereof.

49.     The use of the singular form of any word includes the plural and vice versa, as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of its scope.

50.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

51.     The term "Software" shall include source code, hardware code, machine code, assembly code, or code written in any programming language, and code that can be compiled or acted upon by a processor, any listings or printouts thereof, and any release notes describing the features or modifications of such code.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS relating to or evidencing any Licenses, or the negotiation thereof, relating to the APPLE ACCUSED PRODUCTS or the technology claimed or disclosed by the SAMSUNG PATENTS-IN-SUIT.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS concerning any COMMUNICATIONS with third parties regarding SAMSUNG patents or licenses under SAMSUNG patents, including any communications with Intel, Infineon and/or Qualcomm.

**REQUEST FOR PRODUCTION NO. 11:**

All licenses in which You have received or conveyed rights under a patent relating to the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 12:**

All Licenses, whether You are the licensor or licensee, relating to any of the APPLE ACCUSED PRODUCTS, including but not limited to licenses relating to the technologies claimed or disclosed by the SAMSUNG PATENTS-IN-SUIT.

**REQUEST FOR PRODUCTION NO. 13:**

All licenses on which you intend to rely for any purpose in This Lawsuit.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS sufficient to identify any databases for storing data relating to any of the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS related to the use, operation, intended operation, or intended use of the APPLE ACCUSED PRODUCTS by consumers, including, but not limited to, instructions, user manuals, service manuals, training materials, packaging materials, marketing materials, or any materials used to assist consumers to use the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS used in the design and development of each of the APPLE ACCUSED PRODUCTS, including, without limitation, all notebooks, diagrams, progress reports, studies, internal memoranda, contracts for services, and COMMUNICATIONS.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS relating to whether You infringe the SAMSUNG PATENTS-IN-SUIT, including, without limitation, all DOCUMENTS relating to any investigation or analysis thereof.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS relating to Your contention, if any, that the SAMSUNG PATENTS-IN-SUIT are invalid, including, without limitation, all DOCUMENTS relating to any investigation or analysis thereof.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS relating to any PRIOR ART search concerning the SAMSUNG PATENTS-IN-SUIT, including search requests, reports, analyses, and references located.

**REQUEST FOR PRODUCTION NO. 20:**

All English language patents or publications on which You intend to rely for any purpose in this Lawsuit including as PRIOR ART to any of the SAMSUNG PATENTS-IN-SUIT.

**REQUEST FOR PRODUCTION NO. 21:**

All English translations of any foreign patent or publication on which You intend to rely for any purpose in This Lawsuit including as PRIOR ART to any of the SAMSUNG PATENTS-IN-SUIT.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS relating to devices, products, systems, apparatuses, or other instrumentalities that You contend are PRIOR ART to one or more of the SAMSUNG PATENTS-IN-SUIT.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS that demonstrate or evidence any alleged prior conception and/or reduction to practice of the subject matter claimed in the SAMSUNG PATENTS-IN-SUIT.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS concerning sales forecasts, budgets, expenses, costs, and profitability of the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS relating to (1) any written or oral opinions received or solicited by You relating to the validity, enforceability, infringement, or scope of any claims of the SAMSUNG PATENTS-IN-SUIT and (2) the preparation of any such opinions, including, but not limited to, drafts, notes, and any DOCUMENTS relied on in the preparation of any such opinions.

**REQUEST FOR PRODUCTION NO. 32:**

All opinions of counsel relating to any of the SAMSUNG PATENTS-IN-SUIT.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS concerning any of Your policies, practices, or guidelines regarding the patent rights of others, including the analysis of patents to ensure You do not infringe such patents.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS concerning any test, study, experimentation, or investigation conducted to determine whether any product designed, manufactured or sold by You infringes any of the SAMSUNG PATENTS-IN-SUIT or uses any Samsung technology.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS relating to any test, study, experimentation, or investigation conducted by or on Your behalf in an effort to design around any of the SAMSUNG PATENTS-IN-SUIT.

**REQUEST FOR PRODUCTION NO. 36:**

DOCUMENTS sufficient to show the structure of Your e-mail system and any manner of automatic deletion of e-mail.

**REQUEST FOR PRODUCTION NO. 37**

All DOCUMENTS identified, consulted, or referred to by You in Your responses to any interrogatory or other discovery request propounded by Samsung in This Lawsuit, including Samsung's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS relating to This Lawsuit, including, but not limited to, press releases, submissions to government agencies, and COMMUNICATIONS with third parties.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS relating to any Software used to operate or enable any accused functionality of any of the APPLE ACCUSED PRODUCTS, including but not limited to release notes, algorithms, flowcharts, diagrams, notes, and manuals.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS relating to any COMMUNICATIONS with any third parties regarding Samsung orthe SAMSUNG PATENTS-IN-SUIT.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS relating to any joint defense agreement in This Lawsuit or in any related litigation.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS relating to the pricing of the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 43:**

All business plans, strategic plans, operating plans, financial plans, sales plans, and capital or investment plans concerning the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS and things concerning the market or demand for the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS relating to any product reviews, comparisons, or usability tests or evaluations of any of the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS that You have provided to or received from any person who may testify at any hearing in This Lawsuit.

**REQUEST FOR PRODUCTION NO. 47:**

1  and other personnel who have or have had responsibility for or duties relating to the use, research,

2  design, development, testing, manufacture, operation, distribution, importation, sale, licensing,

3  and marketing of any product that you may rely upon for any reason in This Lawsuit, including

4  the APPLE ACCUSED PRODUCTS.

5  **REQUEST FOR PRODUCTION NO. 75:**

6      All DOCUMENTS relating to any lawsuit, administrative proceeding, or other proceeding

7  involving any of the APPLE ACCUSED PRODUCTS,  APPLE IP, or patents related to the

8  APPLE PATENTS-IN-SUIT, including, without limitation, any pleading, paper, motion, affidavit,

9  declaration, report, decision, or order, for cases to include, without limitation, C11-80169 MISC

10  JF (HRL) (N.D. Cal.), 337-TA-794 (ITC), 1:2010cv23580 (S.D. Fla.), 1:2010cv06385 (N.D. Ill.),

11  1:2010cv06381 (N.D. Ill.), 337-TA-745 (ITC), 1:2010cv00166 (D. Del.), 1:2010cv00167 (D.

12  Del.), 337-TA-724 (ITC), 3:2010cv00249 (W.D. Wisc.), and 337-TA-701 (ITC).

13  **REQUEST FOR PRODUCTION NO. 76:**

14      All DOCUMENTS relating to the compliance of the APPLE ACCUSED PRODUCTS

15  with technical specifications for systems utilizing WCDMA, GSM, or UMTS, including, but not

16  limited to, source code, hardware code, user manuals, service manuals, training materials,

17  programming guides, data sheets, schematics, drawings, figures, design materials, packaging

18  materials, marketing materials, and licensing agreements.

19  **REQUEST FOR PRODUCTION NO. 77:**

20      DOCUMENTS sufficient to show the location within each of the APPLE ACCUSED

21  PRODUCTS of any chipsets, chips, processors, integrated circuits, or other hardware that enable

22  the APPLE ACCUSED PRODUCTS to communicate, operate, or interface with modules, stations,

23  or systems supporting WCDMA, GSM, or UMTS.

24  **REQUEST FOR PRODUCTION NO. 78:**

25      All DOCUMENTS that You contend relate to whether the SAMSUNG PATENTS-IN-

26  SUIT are essential to one or more of the WCDMA, GSM, or UMTS standards.

27  **REQUEST FOR PRODUCTION NO. 79:**

28

All DOCUMENTS and things relating to the first public disclosure of any alleged invention claimed by the APPLE IP, including, without limitation, any pre-filing date sales, offers for sale, public uses, demonstrations, announcements, advertisements, correspondence with potential customers, or publications.

**REQUEST FOR PRODUCTION NO. 101:**

All DOCUMENTS and things relating to the alleged commercial success of products embodying any alleged invention claimed by the APPLE PATENTS-IN-SUIT.

**REQUEST FOR PRODUCTION NO. 102:**

All DOCUMENTS and things relating to the alleged nexus between any alleged commercial success of products embodying any alleged invention claimed by the APPLE PATENTS-IN-SUIT and the alleged advantages of the invention, including, without limitation, any customer surveys designed or intended to reflect the bases for purchasing decisions.

**REQUEST FOR PRODUCTION NO. 103:**

All DOCUMENTS and things relating to whether any alleged invention claimed by the APPLE PATENTS-IN-SUIT allegedly satisfied a long felt need in the art of electronic digital media devices and components thereof.

**REQUEST FOR PRODUCTION NO. 104:**

All DOCUMENTS and things relating to whether the electronic digital media device industry or the industry (or industries) for products interoperable with electronic digital media devices failed to solve problems that allegedly are solved by any alleged invention claimed by the APPLE PATENTS-IN-SUIT.

**REQUEST FOR PRODUCTION NO. 105:**

All DOCUMENTS and things relating to whether experts in the digital media device industry or the industry (or industries) for products interoperable with electronic digital media devices expressed skepticism concerning any alleged invention claimed by the APPLE PATENTS-IN-SUIT.

**REQUEST FOR PRODUCTION NO. 106:**

SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

**REQUEST FOR PRODUCTION NO. 152:**

All DOCUMENTS supporting, refuting, or otherwise relating to Apple's claim that Samsung has "misappropriated" Apple's customer goodwill.

**REQUEST FOR PRODUCTION NO. 153:**

All DOCUMENTS relating to any analysis of SAMSUNG ACCUSED PRODUCTS or comparison of Apple products to any Samsung products relating to the APPLE TRADE DRESS, APPLE TRADEMARKS, and APPLE DESIGN PATENTS.

**REQUEST FOR PRODUCTION NO. 154:**

For each SAMSUNG ACCUSED PRODUCT, documents sufficient to show which element or combination of elements of the APPLE TRADE DRESS or APPLE TRADE MARKS the product has allegedly copied, misappropriated, or infringed.

**REQUEST FOR PRODUCTION NO. 155:**

DOCUMENTS sufficient to show any damages or loss allegedly suffered by Apple by the design of the SAMSUNG ACCUSED PRODUCTS or any alleged use of the APPLE TRADE DRESS and APPLE TRADEMARKS.

**REQUEST FOR PRODUCTION NO. 156:**

All DOCUMENTS relating to Apple's contention that SAMSUNG had actual or constructive notice of APPLE'S TRADE DRESS when SAMSUNG designed the SAMSUNG ACCUSED PRODUCTS, or otherwise relating to Apple's contention that SAMSUNG willfully violated Apple's alleged rights in the APPLE TRADE DRESS.

**REQUEST FOR PRODUCTION NO. 157:**

DOCUMENTS sufficient to show any "objection" made by Apple to SAMSUNG regarding the design of the SAMSUNG ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 158:**

All DOCUMENTS relating to any increase in commercial value of the SAMSUNG ACCUSED PRODUCTS Apple contends is related to SAMSUNG 's alleged use of the APPLE TRADE DRESS and APPLE TRADEMARKS.

**REQUEST FOR PRODUCTION NO. 167:**

DOCUMENTS sufficient to identify any licenses Apple is or was a party to concerning the use of the APPLE TRADE DRESS, APPLE TRADEMARKS, or APPLE DESIGN PATENTS

**REQUEST FOR PRODUCTION NO. 168:**

All DOCUMENTS and things submitted to the U.S. Patent and Trademark Office in connection with the application and/or registration of the APPLE TRADE DRESS, APPLE TRADEMARKS, and APPLE DESIGN PATENTS

**REQUEST FOR PRODUCTION NO. 169:**

All DOCUMENTS that support, refute, or otherwise relate to your contention that any of the APPLE TRADE DRESS or APPLE TRADEMARKS are distinctive and famous, including the degree of inherent distinctiveness, the duration and extent of use in connection with your goods and services, the duration and extent of advertising and publicity of the trade dress/marks, the geographical extent of the trading area in which the trade dress/marks are used, the channels of trade for the goods or services with which the trade dress/marks are used, the degree of recognition of the marks in the trading areas and channels of trade used by You and SAMSUNG , and the nature and extent of the use of the same or similar trade dress/marks by third parties.

**REQUEST FOR PRODUCTION NO. 170:**

All DOCUMENTS and things relating to any formal or informal trademark or prior art-related searches or investigations conducted by, or on behalf of, Apple concerning any of the APPLE TRADE DRESS, APPLE TRADEMARKS, or APPLE DESIGN PATENTS, including, but not limited to, any prior art searches, market studies, surveys, focus groups, or other studies.

**REQUEST FOR PRODUCTION NO. 171:**

DOCUMENTS and things sufficient to IDENTIFY all persons or entities who were responsible for, participated in, or have information concerning the creation, design, consideration, selection, adoption, acquiring, intent to use, or first use of each of the APPLE TRADE DRESS AND APPLE TRADE MARKS.

**REQUEST FOR PRODUCTION NO. 172:**

DOCUMENTS and things sufficient to IDENTIFY all persons or entities who were responsible for, participated in, or have information concerning the development and reduction to practice for each of the APPLE DESIGN PATENTS, including designers' notebooks, sketches, powerpoint presentations, engineering correspondence, and technical drawings.

**REQUEST FOR PRODUCTION NO. 173:**

All business plans, reports, analyses, and research relating to any of the APPLE TRADE DRESS, APPLE TRADEMARKS, and APPLE DESIGN PATENTS.

**REQUEST FOR PRODUCTION NO. 174:**

All DOCUMENTS relating to Apple's allegation that Apple will be irreparably harmed by Samsung's actions absent injunctive relief.

**REQUEST FOR PRODUCTION NO. 175:**

All analysis, studies, reports, and research relating to the reason for increases or decreases in Apple profits or market share since 2007.

**REQUEST FOR PRODUCTION NO. 176:**

All DOCUMENTS reflecting communications with product designers of the iPhones and iPads, and designers of allegedly infringed APPLE TRADEMARKS, APPLE TRADE DRESS, and APPLE DESIGN PATENTS reflecting constraints on product design, including, by way of example, technical specifications of screen, space required for components and usability concerns.

**REQUEST FOR PRODUCTION NO. 177:**

All DOCUMENTS relating to all studies, including formal or informal analysis, investigation, surveys, focus groups, consumer research, articles, or other information relating to the APPLE TRADE DRESS and APPLE TRADEMARKS, including the secondary meaning thereof.

**REQUEST FOR PRODUCTION NO. 178:**

All DOCUMENTS relating to all studies, including formal or informal analysis, investigation, surveys, focus groups, consumer research, articles, or other information relating to the APPLE DESIGN PATENTS.

**REQUEST FOR PRODUCTION NO. 179:**

All DOCUMENTS referring, reflecting, or otherwise relating to actual confusion or dilution between any Samsung product and any Apple product.

**REQUEST FOR PRODUCTION NO. 180:**

DOCUMENTS sufficient to identify when Apple became aware of the alleged similarities between the currently accused Samsung products and Apple's products.

**REQUEST FOR PRODUCTION NO. 181:**

All DOCUMENTS concerning the sophistication of smartphone customers, including documents sufficient to show retail prices charged, and actual prices paid, for iPhones, since 2007; analysis of consumer cell phone/smart phone  purchasing behavior, including effect and degree of brand loyalty; and analysis of cell phone/smart phone purchaser characteristics.

**REQUEST FOR PRODUCTION NO. 182:**

All DOCUMENTS concerning the sophistication of tablet computer customers, including documents sufficient to show retail prices charged, and actual prices paid, for iPad, since 2004; analysis of consumer purchasing behavior, including effect and degree of brand loyalty; and analysis of tablet purchaser characteristics.

**REQUEST FOR PRODUCTION NO. 183:**

All DOCUMENTS relating to competition between each version of the iPad, iPhone, and iPod Touch,  and any product YOU accuse of infringing, diluting, or otherwise violating Apple's alleged rights in APPLE DESIGN PATENTS, APPLE TRADEMARKS, and APPLE TRADE DRESS.

**REQUEST FOR PRODUCTION NO. 184:**

Complete transcripts of testimony given at a deposition, hearing, trial, or other proceeding by the named inventors of the APPLE that relate to any product.

**REQUEST FOR PRODUCTION NO. 185:**

Communications between YOU and any other person, including, but not limited to, the inventors of the DESIGN PATENTS, concerning the DESIGN PATENTS, any SAMSUNG

1 **REQUEST FOR PRODUCTION NO. 192:**

2   DOCUMENTS sufficient to evidence all trademark and trade dress rights Apple has in

3 each of the APPLE TRADE DRESS and APPLE TRADEMARKS.

6 DATED: August 3, 2011    QUINN EMANUEL URQUHART &
                SULLIVAN, LLP

9        By  /s/ Victoria F. Maroulis
          Charles K. Verhoeven
10        Kevin P.B. Johnson
         Victoria F. Maroulis
11        Michael T. Zeller
12        Attorneys for SAMSUNG ELECTRONICS CO.,
         LTD., SAMSUNG ELECTRONICS AMERICA,
13        INC., and SAMSUNG
         TELECOMMUNICATIONS AMERICA, LLC

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | |
| vs. | **SAMSUNG'S THIRD SET OF REQUESTS FOR PRODUCTION TO APPLE INC.** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

1  reports, pleadings, papers, motions, affidavits, declarations, reports, decisions, or orders from ITC

2  Investigation No. 337-TA-797.

3  **REQUEST FOR PRODUCTION NO. 230:**

4          All documents relating to U.S. Patent No. 6,073,036, including but not limited to

5  Notices of Prior Art, prior art disclosures, prior art, invalidity contentions, discovery responses,

6  expert reports, pleadings, papers, motions, affidavits, declarations, reports, decisions, or orders

7  from ITC Investigation No. 337-TA-701.

8  **REQUEST FOR PRODUCTION NO. 231:**

9          All documents relating to U.S. Patent No. 6,073,036, including but not limited to

10  Notices of Prior Art, prior art disclosures, prior art, invalidity contentions, discovery responses,

11  expert reports, pleadings, papers, motions, affidavits, declarations, reports, decisions, or orders

12  from ITC Investigation No. 337-TA-701.

13  **REQUEST FOR PRODUCTION NO. 232:**

14          All documents, including but not limited to software, source code, touch screen hardware

15  diagrams, prototypes, and operational product exemplars from or relating to FingerWorks,

16  including but not limited to documents related to the APPLE PATENTS-IN-SUIT, FingerWorks'

17  products, FingerWorks' potential products, research and/or development, and papers sufficient to

18  show Apple's acquisition of FingerWorks.

19  **REQUEST FOR PRODUCTION NO. 233:**

20          A fully operational exemplar of a NeXTcube workstation computer running the

21  NeXTSTEP Operating System, version 3.1; or, if version 3.1 is unavailable, version 3.0.

22  **REQUEST FOR PRODUCTION NO. 234:**

23          A fully operational exemplar of a NeXTstation workstation computer running the

24  NeXTSTEP Operating System, version 3.1; or, if version 3.1 is unavailable, version 3.0.

25  **REQUEST FOR PRODUCTION NO. 235:**

26          A fully operational and installable copy of the executable software for NeXTSTEP

27  Operating System, version 3.1; or, if version 3.1 is unavailable, version 3.0.

28  **REQUEST FOR PRODUCTION NO. 236:**

An electronic copy of all source code and software code for NeXTSTEP Operating System, versions 3.0 and 3.1.

**REQUEST FOR PRODUCTION NO. 237:**

All technical documents, user guides, and manuals describing the function or operation of the NeXTSTEP Operating System, versions 3.0 and 3.1.

**REQUEST FOR PRODUCTION NO. 238:**

Documents sufficient to identify all persons involved in the design and coding of the NeXTSTEP application dock, the icon bar on the right side of the NeXTSTEP Operating System, version 3.0 and 3.1, that allows a user to interact with the program applications associated with each icon.

**REQUEST FOR PRODUCTION NO. 239:**

All documents and things relating to the NeXTSTEP application dock, NeXTcube, NeXTstation, all versions of the NeXTSTEP Operating System, NeXT Computer, Inc., (a.k.a. NeXT Software, Inc., or NeXT, Inc.) or subsidiaries of NeXT Computer, Inc., produced to Motorola in *Apple, Inc. v. Motorola, Inc.*, Case No. 10-CV-662 in the Western District of Wisconsin.

DATED: October 5, 2011                    QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP


                                          By  */s/ Victoria F. Maroulis*
                                          _____
                                          Charles K. Verhoeven
                                          Kevin P.B. Johnson
                                          Victoria F. Maroulis
                                          Michael T. Zeller
                                          Attorneys for SAMSUNG ELECTRONICS CO.,
                                          LTD., SAMSUNG ELECTRONICS AMERICA,
                                          INC., and SAMSUNG
                                          TELECOMMUNICATIONS AMERICA, LLC

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S FOURTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.** |

02198.51855/4450553.1

Case No. 11-cv-01846-LHK
SAMSUNG'S FOURTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

1                                 **REQUESTS FOR PRODUCTION**

2 **REQUEST FOR PRODUCTION NO. 240:**

3        All documents that refer to or reflect consideration of any SAMSUNG or third-party

4 product by anyone at APPLE who made design decisions in connection with the designs of the

5 APPLE DESIGN PATENTS, the industrial design of any iPhone, iPad, or iPod Touch products, or

6 the design of the user interfaces for those products before or during the design process of any of

7 those products or designs.

8 **REQUEST FOR PRODUCTION NO. 241:**

9        All documents relating to or reflecting communications or interactions between any

10 APPLE employee and Roger Fidler or the Knight-Ridder Information Design Lab.

11 **REQUEST FOR PRODUCTION NO. 242:**

12        Documents sufficient to identify all APPLE employees who worked in Boulder,

13 Colorado for APPLE between 1992 and 1995.

14 **REQUEST FOR PRODUCTION NO. 243:**

15        Documents sufficient to identify all APPLE employees who visited any APPLE

16 office or laboratory in Boulder, Colorado between 1992 and 1995.

17 **REQUEST FOR PRODUCTION NO. 244:**

18        All agreements concerning any office space APPLE rented or leased in Boulder,

19 Colorado between 1992 and 1995.

20 **REQUEST FOR PRODUCTION NO. 245:**

21        All expense reports and reimbursement records for APPLE employees who worked

22 in Boulder, Colorado for APPLE between 1992 and 1995.

23 **REQUEST FOR PRODUCTION NO. 246:**

24        All documents relating to APPLE's contention that SAMSUNG had actual or

25 constructive notice of the APPLE DESIGN PATENTS, or otherwise relating to APPLE's

26 contention that SAMSUNG willfully infringed the APPLE DESIGN PATENTS.

27

28

02198.51855/4450553.1

-14-

Case No. 11-cv-01846-LHK

SAMSUNG'S FOURTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

**REQUEST FOR PRODUCTION NO. 247:**

All documents relating to APPLE's cooperation with authors of, photographers for, or publishers of books concerning APPLE or APPLE's designs, including Walter Isaacson, and including but not limited to audio and video recording, transcripts, handwritten notes, and documents sufficient to identify the source of any quotation or information appearing in those books.

**REQUEST FOR PRODUCTION NO. 248:**

All documents relating to any agreement, contract, or understanding between APPLE or any APPLE employee and any author, photographer or publisher of the book entitled "Steve Jobs", written by Walter Isaacson and published by Simon & Schuster in October 2011, ISBN-10: 1451648537.

**REQUEST FOR PRODUCTION NO. 249**:

All documents relating to any formal or informal market or consumer testing, surveys, studies or research conducted, commissioned, or otherwise received by APPLE concerning phones, tablets and media players, including any version of the iPhone, iPad or iPod Touch, or any SAMSUNG product.

**REQUEST FOR PRODUCTION NO. 250**:

Documents sufficient to show all injuries, including the scope of such injuries, APPLE believes it has suffered and will suffer as a result of SAMSUNG's accused actions.

**REQUEST FOR PRODUCTION NO. 251**:

All documents relating to any COMMUNICATIONS between APPLE and SAMSUNG relating to any SAMSUNG ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 252**:

Documents sufficient to show the cost to APPLE of all iPhone, iPad and iPod Touch versions.

02198.51855/4450553.1

-15-                                          Case No. 11-cv-01846-LHK
SAMSUNG'S FOURTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

**REQUEST FOR PRODUCTION NO. 253**:

Documents sufficient to show the cost to consumers of all iPhone, iPad, and iPod Touch versions, including shipping and related costs, and the availability of discounts and coupons.

**REQUEST FOR PRODUCTION NO. 254**:

Documents sufficient to show the cost to distributors of all iPhone, iPad, and iPod Touch versions, including shipping and related costs, and the availability of discounts and coupons.

**REQUEST FOR PRODUCTION NO. 255**:

All documents regarding APPLE's knowledge of third-party use, including the extent of such use in the U.S., of smartphones with a rectangular shape, four evenly rounded corners, a flat, clear face covering the front of the product, a large display screen, or any other element of APPLE's asserted trade dress rights.

**REQUEST FOR PRODUCTION NO. 256**:

All documents regarding APPLE's knowledge of third-party use, including the extent of such use in the U.S., of smartphones with a grid or matrix of icons as part of the graphical user interface, a bottom row (or "dock") of icons set off from other icons, and/or icons showing musical notes, a telephone and the color green, a speech bubble, note pads or post-it notes, gears, a flower, a silhouette of a person and/or an address book, or any other of element of APPLE's asserted trade dress or trademark rights.

**REQUEST FOR PRODUCTION NO. 257**:

All documents referring to, reflecting, or otherwise relating to actual confusion between any Apple product and any other product.

02198.51855/4450553.1

-16-                                                                                                  Case No. 11-cv-01846-LHK

SAMSUNG'S FOURTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

1

DATED: November 23, 2011

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

2

3

4

By  /s/ Victoria F. Maroulis

5

Charles K. Verhoeven
Kevin P.B. Johnson

6

Victoria F. Maroulis
Michael T. Zeller

7

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,

8

INC., and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

02198.51855/4450553.1

-17-                          Case No. 11-cv-01846-LHK
SAMSUNG'S FOURTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.