1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                    UNITED STATES DISTRICT COURT

17           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
|---|---|
19 | Plaintiff, | **SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO COMPEL** |
20 | vs. | |
   | | Date:  December 16, 2011 |
21 | SAMSUNG ELECTRONICS CO., LTD., a | Time:  10:00 a.m. |
   | Korean business entity; SAMSUNG | Place: Courtroom 5, 4th Floor |
22 | ELECTRONICS AMERICA, INC., a New | Judge: Honorable Paul S. Grewal |
   | York corporation; SAMSUNG | |
23 | TELECOMMUNICATIONS AMERICA, | |
   | LLC, a Delaware limited liability company, | |
24 | | |
   | Defendants. | |
25 | | |

26
27
28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................... 1

FACTUAL BACKGROUND .......................................................................................................... 1

ARGUMENT ................................................................................................................................... 5

I.    APPLE'S MOTION IS UNNECESSARY AND SHOULD BE DENIED ....................... 5

    A.    Samsung Already Has Committed To Make its Best Efforts to Substantially Complete Its Production Of Source Code, "Apple" Documents And Survey Documents By December 31, 2011. ............................... 6

    B.    Samsung Already Has Committed To Make its Best Efforts to Substantially Complete Its Production Of Its the Specified Design History Documents By January 6, 2012 ................................................................. 8

    C.    Apple Has Failed To Identify Any Urgency Requiring Production By December 23, 2011. ................................................................................................ 9

II.    APPLE SHOULD BE COMPELLED TO PRODUCE RECIPROCAL DISCOVERY ..................................................................................................................... 11

    A.    Apple Has Failed to Produce Source Code In Response to Samsung's Requests ................................................................................................................ 11

    B.    Apple Has Not Produced "Samsung" Documents ............................................. 11

    C.    Apple Has Not Produced Survey Documents ...................................................... 12

    D.    Apple's Design History Document Production Is Deficient .............................. 12

CONCLUSION .............................................................................................................................. 14

**INTRODUCTION**

Apple's motion is entirely unnecessary and wasteful of this Court's valuable time, and should be denied. Apple fails to disclose to the Court the two most critical facts here—that before Apple filed its motion, **(1)** ***Samsung already has agreed to substantially complete production of documents for all four of the categories at issue in Apple's motion***, and **(2)** ***Samsung's production of all four categories of these documents has already begun.*** Moreover, due to the massive scope and technical challenges associated with Apple's demands, Samsung committed to make its best efforts to substantially complete this production by late December or early January—just a matter of days later than both Apple's arbitrary December 15, 2011 deadline set during meet and confer, and its equally arbitrary December 23, 2011 deadline referenced in its moving papers. In contrast to Apple's arbitrary deadlines, Samsung's estimated production date is based on logistical and technological constraints associated with Apple's sweeping demands, and represents the earliest date Samsung can feasibly meet; an earlier production is physically impossible. Worse, Apple has used its motion as a vehicle for bypassing the meet and confer process regarding certain other objectionable categories and sub-categories of documents. In short, there is nothing to compel and no real point to Apple's motion. But in the event the Court determines that a production order is necessary, Samsung requests that Apple be ordered to produce these same categories of documents (which to date Apple has not completed) by the same deadlines the Court may impose on Samsung (to which Apple has not yet committed).

**FACTUAL BACKGROUND**

**Samsung's Document Productions and Collection Efforts Relevant to this Motion**

Samsung has been engaged in discovery efforts since the inception of this case, and to date has produced ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Jenkins Decl. ¶ 2.) Samsung's production efforts have tracked the issues the parties have been focused on as this case has proceeded. Specifically, Samsung's first phase of collection and production focused on the preliminary injunction issues; its second phase focused on inventor

1  documents (given the numerous inventor depositions which took place in November), and its third
2  phase is now focusing on the main, non-PI phase.   (*Id.* ¶ 3.)
3         Samsung has taken its document collection efforts seriously in this case.   Samsung has
4  employed a two-pronged approach, involving both the manual collection of documents and things
5  specifically identified as relevant by its custodians, and also the automated collection of electronic
6  documents via search terms.   Samsung's counsel's collection and review process is slowed by
7  technical transfer and translation issues, both of which are required before production.[1]   (Kim
8  Decl. ¶ 5.)
9         In the interests of providing the type of transparency that the Court expects of the parties
10 regarding their document collection efforts, Samsung has agreed to report to Apple on a monthly
11 basis regarding the custodians it searches and the search terms it uses in conducting searches for
12 responsive documents, as it has already done on more than one occasion.   (Chan Decl. ¶ 3.)
13 Samsung also has agreed to consider reasonable requests by Apple to apply additional search
14 terms. (*Id.*)   When Apple has raised specific questions about Samsung's methodology in
15 performing its searches, Samsung has provided detailed written responses outlining the steps it has
16 taken to fulfill its discovery obligations.   (*Id.*)
17         <u>Samsung's Production of Documents Containing the Word "Apple" And Related Terms</u>.
18 ███████████████████████████████████████████████████████████████
19 ███████████████████████████████████████████████████████████████
20 ██████████████████████████████████████████████ (*See* Jenkins Decl.

---

[1]   Apple's motion blatantly mischaracterizes Samsung's diligent production efforts. ██
█████████████████████████████ both before and after the hearing on Apple's motion for preliminary injunction.   During the time period that Apple declarant Minn Chung focuses on in criticizing Samsung's production, the parties were involved in the depositions of dozens of inventors.   Naturally, the bulk of Samsung's production ████████████████████ during that time period was focused on the inventors.   Now that the inventor depositions are over, Samsung is, once again, focusing on producing documents related to its defensive case. ████████████████████████████████████████████████████ Samsung is reviewing additional documents and expects to produce them soon.   (Jenkins Decl. ¶ 6.)

-2-                          Case No. 11-cv-01846-LHK
SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO COMPEL

1  ¶ 7 & Ex. 1 (Samsung's First Amended and Supplemental Identifications of Custodians, Litigation
2  Hold Notices and Search Terms).)   In response to Apple's more recent demands, Samsung has
3  agreed to go back to these and many other custodians' original hard drives and run similar
4  searches.   That search process is complicated by various issues including the breadth of Apple's
5  demands, the volume of the data to be searched, the high false hit rate, the numerosity of the
6  custodians, and technical issues.   (Kim Decl. ¶¶ 4-5.)   Nevertheless, the search is proceeding as
7  quickly as possible, and Samsung estimates that it will take approximately 3 weeks to complete,
8  barring any unforeseen technical errors.   (*Id.* ¶ 6.)

   Consumer Survey Documents. ███████████████████████
   ████████████████████████████████████████████████████
   ████████████████████████████████████████████████████
   ███████████████████ [2]   (Jenkins Decl. ¶ 8.)   In response to Apple's more recent demands,
13  Samsung has agreed to go back to these and other similar custodians' original hard drives and run
14  a search for the term "Apple" and related terms.   That search process is complicated by various
15  issues including the volume of the data to be searched, the high false hit rate, and technical issues.
16  (Kim Decl. ¶¶ 4-5.)   Nevertheless, the search is proceeding as quickly as possible, and Samsung
17  estimates that it will take approximately 3 weeks to complete, barring any unforeseen technical
18  errors.   (*Id.* ¶ 6.)

   Source code.   On October 7, 2011, Samsung offered to make available for inspection
20  source code relating to Apple's infringement contentions and Samsung's invalidity contentions
21  pursuant to Patent Local Rule 3-4.   (Jenkins Decl. ¶ 12.)   Samsung also has made other source
22  code available on various dates including on November 15, 17, and 21 and December 2, 6 and 14.
23  (Jenkins Decl. ¶ 12.)   Additionally, Samsung is currently gathering complete source code for all

---

[2]   Apple mischaracterizes and mistranslates Samsung's documents in various respects.   (*See, e.g.,* Declaration of Minn Chung in Support of Apple's Motion to Compel Production of Documents and Things, ¶¶ 13-15, 20.)   However, since the content of such documents is irrelevant to Apple's motion, Samsung will not respond to such mischaracterizations in detail here.

of the products at issue, (*id.*), and estimates that it will take approximately 1-2 weeks to complete this production.

      <u>CAD files, Sketchbooks and Mockups</u>.   Samsung has produced many documents from its designers' files.  (*See* Chan Decl., Ex. 10.)  More specifically, Samsung has produced ███ ████████████████████████████████████ (Jenkins Decl. ¶ 9.)  Additionally, Samsung is in the process of gathering, translating and reviewing additional design materials within these categories, and estimates that it will complete this production by January 6, 2012.

### Apple's Failure to Commit to Produce These Same Categories of Documents

      To date, Apple has failed to substantially complete its production of the four categories of documents at issue in its own motion to compel.

      <u>Source Code</u>.   Not only has Apple failed to produce source code requested by Samsung relating to various aspects of the accused Apple products, including their applications and accused functionalities, Apple has admitted that it has already collected this source code but is intentionally and improperly holding off on producing it to Samsung.   (Chan Decl. ¶ 35.)

      <u>Apple's Production Containing the Word "Samsung" and Related Terms</u>.   Apple has not yet committed to produce by a date certain all documents located via searches for the terms "Samsung," the Samsung products at issue, or aliases thereof.   (*Id.* ¶ 37.)   Since its purported agreement to produce such documents a month ago, Apple has not confirmed that it has run this search or that it has produced any documents as a result of this search.   (Jenkins Decl. ¶ 15.)

      <u>Consumer Survey Documents</u>.   Apple refused Samsung's request to commit to a reciprocal completion date for production of documents responsive to the parties' requests that relate to consumer surveys and other marketing-related documents.   (Chan Decl. ¶ 36.)   To date, Apple has still not made any such commitment, and has produced a mere five surveys in total. (*Id; see also* Jenkins Decl. ¶ 17.)

      <u>Design History Documents</u>.   Apple's production of design history documents, including inventor sketchbooks, CAD files, and physical mockups, has been deficient to date.   (*See, e.g.,*

1  Samsung's Motion to Compel (Dkt. No. 483).)   Moreover, Apple has failed to produce further
2  materials, such as additional relevant portions of inventor sketchbooks, as well as CAD files,
3  model shop orders, and other records related to Apple's physical mockups, in response to
4  Samsung's requests to remedy these deficiencies.   (*See* Chan Decl., Ex. 1.)

### Meet and Confer History

6  For nearly two months now, the parties have regularly met and conferred by weekly phone
7  conference, and exchanged dozens of emails and letters in an effort to resolve the parties' disputes
8  regarding each other's document production obligations.   During these discussions, Samsung has
9  made clear that it is generally agreeable to producing the four categories of documents referenced
10 in Apple's motion, despite the fact that Apple's demands have morphed and expanded over time.
11 The details of Apple's evolving demands are set forth in the accompanying Declaration of Melissa
12 Chan, filed herewith.

### Deposition Schedule

14 Pursuant to the Court's August 25, 2011 Case Management Order, fact discovery closes in
15 this case on March 8, 2012.   (Dkt. No. 187.)   Apple recently noticed thirty-seven depositions and
16 even more recently, stated its preference that these depositions begin in January.   Samsung
17 recently noticed forty-nine depositions of Apple designers and engineers with knowledge of the
18 accused products, as well as sales and marketing personnel responsible for selling the accused
19 products.   To date, the parties have not agreed on firm dates for any of these depositions, but are
20 still meeting and conferring about them for scheduling purposes.   (Chan Decl. ¶¶ 41-42.)

### ARGUMENT

### I.  APPLE'S MOTION IS UNNECESSARY AND SHOULD BE DENIED

23 Apple has wasted the Court's valuable time by asking it to compel Samsung to produce
24 documents that Samsung has already agreed to produce by a date certain.   Apple has articulated
25 no colorable reason why Samsung's proposed production dates would prejudice Apple.   And
26 finally, Apple's attempt to shoehorn additional document requests into its motion about which the
27 parties have not yet met and conferred, should be rejected out of hand.

### A. **Samsung Already Has Committed To Make its Best Efforts to Substantially Complete Its Production Of Source Code, "Apple" Documents And Survey Documents By December 31, 2011**.

#### 1. Source Code.

On several occasions in the last few weeks (including on November 30, December 2, 3, 7, and 8), Samsung has made clear its agreement to produce source code relating to the accused features in the Samsung products at issue. (Chan Decl. ¶¶ 6, 8, 10, 17, 18; Ex. 6.) Moreover, Samsung committed to substantially completing that production by December 31, 2011, and is making every effort to meet that deadline. Apple has articulated no colorable reason why that date would prejudice Apple. *See Heinemann v. Computer Associates Intern., Inc*., 171 Fed. App'x. 704, 708, 2006 WL 711718, at *2 (9th Cir. 2006) (affirming denial of motion to compel because requesting party failed to establish they would suffer "actual and substantial prejudice" without the requested discovery").

Moreover, more than two months ago Samsung informed Apple that it would make available for inspection its source code pertaining to the accused features in Apple's infringement contentions in connection with Patent Local Rule 3-4(a). (Jenkins Decl. ¶ 12.) Since then, Samsung has offered to make additional source code available on November 15, 17, and 21 and December 2 and 6. (*Id.*) On December 14, Samsung re-iterated its offer to make source code available in connection with Patent Local Rule 3-4(a). (*Id.*)

Thus, on the source code issue, there is no dispute, and no basis for an order compelling production. *See, e.g., Continental Tire North America, Inc. v. Transportation Solutions, Inc*., 2007 WL 4287520, at *3 (W.D.N.C. Dec. 4, 2007) (declining to grant a motion to compel where the producing party agreed to supplement responses to the issues identified by the motion to compel). To date, the parties have not yet completed their meet and confer regarding the relevance or scope of the source code sought in Requests for Production Nos. 200, 223, 224, 228, 232, 241, and 242, which are all listed in Apple's Motion to Compel. Further, to date, the parties have not yet met and conferred regarding the relevance or scope of any non-source code documents sought in Requests for Production Nos. 193, 225, 226, 227, 229, 230, 231, 233, 234,

235, 240, 243, 244, or 245.  (Chan Decl. ¶¶ 21-22.)  In fact, Apple previously agreed that it would table the requests for the other related "technical documents" in its November 9 meet and confer letter "until after the parties have further met and conferred."  (Chan Decl. ¶¶ 20, 21, 22; Ex. 8.)  Apple's motion should be denied.

        2.        <u>"Apple" Documents</u>.

Similarly, on at least December 3, 4 and 8. Samsung agreed to produce relevant documents responsive to a search for "Apple" and related terms.  (*See, e.g.,* Chan Decl. ¶¶ 10, 30; Ex. 4.) Moreover, Samsung committed to substantially completing that production by December 31, 2011, and is making every effort to meet that deadline, despite the significant technological and logistical hurdles this sweeping demand presents.  (Kim Decl. ¶¶ 4-5.)  Apple has articulated no colorable reason why that date, which is the earliest date Samsung could feasibly commit to substantially completing this production, would prejudice Apple.  *Heinemann*, 171 Fed. App'x. at 708, 2006 WL 711718, at *2.

Indeed, Apple cannot fault Samsung for its estimated production date, given that Apple's demands have been a moving target in terms of the scope of what Apple wants.  (Chan Decl. ¶ 27.)  Apple then imposed the arbitrary deadline of December 15, 2011, and inappropriately refused to justify the date despite Samsung's repeated requests during meet and confer.  When Samsung agreed to engage in good faith efforts to meet that December 15 deadline, Apple then stated that it wanted Samsung to provide a status update to Apple if December 15 could not be achieved.  After Samsung agreed to provide that status update, and also agreed to disclose in its regular identifications of Samsung's search terms and custodians, Apple then demanded that Samsung provide a detailed audit report, detailing Samsung's document collection efforts in a manner that inappropriately impinged upon attorney work product regarding counsel's thoughts and actions.  Apparently realizing this, its last demand before filing this motion dropped the audit report request – but despite Samsung's agreement, Apple filed its motion anyway.

And finally, as Apple knows, Samsung *already* has commenced this production, having searched the manually collected files of many of its key designers of the products at issue for the

-7-        Case No. 11-cv-01846-LHK
SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO COMPEL

1  term "Apple," and produced the resulting relevant, responsive documents months ago. (Jenkins
2  Decl. ¶ 7.) Samsung's searches of additional witness's custodial files for these "Apple" terms is
3  in process as of this very moment. Thus, this production is ongoing – hardly the appropriate
4  posture for a motion to compel. *Continental Tire*, 2007 WL 4287520, at *3. Apple's motion
5  should be denied.

      3.      <u>Survey Documents</u>.

7  Again, on at least December 3, 4 and 8, Samsung agreed to produce relevant survey
8  documents responsive to a search for "Apple" and related terms. (*See, e.g.,* Chan Decl. ¶¶ 10, 30;
9  Ex. 4.) Moreover, Samsung committed to substantially completing that production by December
10 31, 2011, and is making every effort to meet that deadline, despite the significant technological
11 and logistical hurdles this sweeping demand presents. (Kim Decl. ¶¶ 4-5.) Apple has articulated
12 no colorable reason why that date, which is the earliest date Samsung could feasibly commit to
13 substantially completing this production, would prejudice Apple. *Heinemann*, 171 Fed. App'x. at
14 708, 2006 WL 711718, at *2.

15 Further, this production too is ongoing. To date Samsung has produced nearly 25,000
16 pages of surveys and survey-related marketing documents – some of which Apple attaches to its
17 own moving papers (though mischaracterizing them in the process). (Jenkins Decl. ¶ 8.)
18 Samsung is diligently working toward completing this production. There is nothing to compel.
19 *Continental Tire*, 2007 WL 4287520, at *3.

      **B.**      <u>**Samsung Already Has Committed To Make its Best Efforts to Substantially Complete Its Production Of Its the Specified Design History Documents By January 6, 2012.**</u>

22 Despite the fact that Apple raised this issue with Samsung for the first time on December
23 6—just two days before it filed its motion to compel—Samsung nevertheless agreed on December
24 8 that it would substantially complete its production of sketchbooks, physical models and CAD
25 files created in connection with the Galaxy phones and tablet products relevant to this lawsuit by
26 January 6, 2012. (Chan Decl. ¶¶ 11-13, 31-32; Ex. 4.) Apple has articulated no colorable

-8-    Case No. 11-cv-01846-LHK
SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO COMPEL

1  reason why that date would prejudice Apple.  *Heinemann*, 171 Fed. App'x. at 708, 2006 WL
2  711718, at *2.
3       Further, and contrary to Apple's repeated claims in its motion, Samsung already has made
4  substantial productions of its design documents.   For instance, Apple's claim that to date
5  Samsung has only produced TIFF images of CAD files is demonstrably false.   (*See* Mot. at 1, 3.)
6  ████████████████████████████████████████████████████████████████████
7  (Jenkins Decl. ¶ 9.)   Apple acknowledged receipt of these CAD files and asked for information
8  regarding the type of program that was used to create the CAD files.  *Id*.   Counsel for Samsung
9  responded.  *Id*.   Samsung later requested that Apple place these CAD files into escrow, in
10 accordance with Apple's own production of its CAD files.
11      Likewise, Apple's claim that Samsung has produced "no . . . prototypes" that relate to the
12 accused Samsung designs is untrue.   (*See* Mot. at 4.)   ████████████████████████
13 ████████████████████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████████
18      And finally, Samsung has produced sketchbooks from several of its key designers.
19 (Jenkins Decl. ¶ 10.)
20      Samsung's collection of prototypes, CAD files and sketchbooks is continuing, and
21 Samsung has committed to substantially completing this production by January 6, 2012.
22 Samsung is diligently working toward completing this production.   Again, there is nothing to
23 compel.  *Continental Tire*, 2007 WL 4287520, at *3.
24   **C.   Apple Has Failed To Identify Any Urgency Requiring Production By December 23, 2011.**
25
26      Apple has consistently refused to engage in any meaningful meet and confer regarding the
27 purported urgency of the documents requested in its motion.   In fact, Apple has made clear that it
28 "is not required to justify its reasons for needing certain categories of documents on an expedited

1  basis."  (Chan Decl. ¶¶ 7, 17).   Samsung disagrees.   *See* Fed. R. Civ. P. 37(a)(1); Civ. L.R. 37-
2  1(a); *Wilson v. Aargon Agency, Inc.,* 262 F.R.D. 561, 564 (D. Nev. 2010) ("When initiating an
3  informal conference [pursuant to Fed. R. Civ. P. 37(a)(1)] the parties must present to each other
4  the merits of their respective positions with the same specificity with which they would brief the
5  discovery dispute.").

6  　　　　As for the reasons Apple now gives in its moving papers for insisting on its December 23
7  deadline, they do not pass muster.   For instance, Apple has stated that the source code it demands
8  should have been produced for inspection in conjunction with Samsung's invalidity contentions,
9  pursuant to Local Patent Rule 3-4(a).   But Samsung ***did*** in fact state that it would make available
10 for inspection source code sufficient to show the operation of product features that Apple charted
11 in its infringement contentions.   Nor are deposition notices proper grounds for expediting
12 discovery.   Apple, like Samsung, has noticed dozens of depositions for the upcoming months.
13 However, Apple's motion conspicuously omits the fact that not one of these depositions has been
14 firmly scheduled; the parties are still meeting and conferring regarding the dates.   (Chan Decl. ¶¶
15 41-42.)   Discovery does not close until March 8, 2012, and because of holidays, claim
16 construction, and the sheer number of depositions, most of the depositions necessarily will take
17 place later in January, February and early March.   Because Samsung has committed to
18 substantially complete its productions by January 6, 2012, at the latest, Apple will receive these
19 "core" documents with more than sufficient time to review and prepare for the yet-unscheduled
20 depositions.   Indeed, Apple does not argue that December 31 and January 6 are too late.   In any
21 event, Samsung also will make an effort to prioritize its production based on whatever deposition
22 dates the parties ultimately agree upon.

23 　　　　In sum, there is nothing for the Court to compel.   Samsung is working as fast as it can to
24 substantially complete production of these various categories of documents by January 6, 2012.
25 Samsung selected this date based purely on the technological and logistical hurdles presented by
26 this production – not for any strategic and dilatory purpose.   Apple's December 23 date is both
27 arbitrary and, Samsung believes, physically impossible to meet.   And Apple has made no
28

1 showing that it would suffer prejudice if Samsung substantially completed production of these
2 documents pursuant to its disclosed deadline of January 6, 2012. Apple's motion should be denied.

## II.     APPLE SHOULD BE COMPELLED TO PRODUCE RECIPROCAL DISCOVERY

Unlike Samsung, which has committed to a date certain, Apple has refused to produce these very same categories of documents by any specific date—a position that entirely undermines its motion to compel.  (Chan Decl. ¶¶ 34-38.)   Samsung has repeatedly asked Apple to produce, by the same deadlines that Apple seeks to impose on Samsung, documents referencing Samsung or Samsung products in Apple's designers, engineers and marketing personnel; documents referencing Samsung or Samsung products in Apple's consumer research; source code and other technical documents for the accused Apple products; and designers' documents, including sketchbooks.  (*Id.*)   The documents sought by Samsung directly relate to Samsung's claims and defenses, and to the extent Apple's offered rationales for their urgency have any merit— depositions and claim construction briefing—they apply with equal force to Samsung's requests for the same information.   Apple should therefore be required to live by the same discovery standard and, if the Court orders an expedited schedule for production, Apple should also be ordered to meet that schedule.

### A.     Apple Has Failed to Complete its Production of Source Code In Response to Samsung's Requests

Apple has admitted that it has collected source code, but is *waiting to produce it*.   After Samsung requested that Apple produce source code relating to various aspects of the accused Apple products, including their applications and the accused functionalities, Apple not only refused to provide an estimated date of production, but admitted that it had collected the source code and was not producing it.   (Chan Decl. ¶ 35.)    Apple should be required to produce this source code, as well as any other source code and other technical documents relating to the Apple products that it has already collected, by December 31, 2011.

### B.     Apple Has Not Produced "Samsung" Documents

The search for "Samsung" or the Samsung products amongst Apple's files is likely to yield evidence of "consideration" of Samsung products, including features that Samsung accuses of

infringement. These documents are important in order to assess whether, and to what extent, Apple designers and engineers may have referenced or considered Samsung products in their work on the Apple products at issue and go to the central issue of infringement. Since there is less of a risk of false hits—much less than a general search of "Apple" yields—the burden on Apple is significantly less. Apple should produce all relevant "Samsung" and Samsung product search documents, including all known aliases, by December 31, 2011.

### C. Apple Has Produced Just a Handful of Survey Documents

Apple has refused to commit to a reciprocal production of documents responsive to Samsung's requests for survey and other marketing-related documents. (Chan Decl. ¶ 36.) Not once has Apple made any showing that such documents are irrelevant to Samsung's counterclaims. With respect to Samsung's defensive case, survey documents may show the functionality of the asserted designs. As for Samsung's offensive case, Samsung requires these survey and marketing documents to question witnesses regarding marketing, consumer feedback on the accused features, damages, and other essential issues. ███████████ ███████████████████████████████ (Jenkins Decl. 17.) Apple should therefore be required to produce these documents by December 31, 2011.

### D. Apple's Design History Document Production Is Deficient

Apple's production of design history documents has been so deficient that Samsung has independently moved to compel such documents. (Dkt. No. 483.) Apple has not fulfilled its own discovery obligations, yet demands that Samsung provide broad productions of design sketchbooks, physical models and CAD documents for Samsung products that are not even accused of infringement.

███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████ ████████████████████
████████████████████████ ████████████████████
███████████████████████████████████████████████

1  ████████████████████████████████  ██████████  ██████████
2  ████████████████████████████████████████████████████████
3  ████████████████████████  ████████████████████████
4  ████████████████████████  ██████████████████████████
5  ██████████████████████████████  ██████████  ██████
6  ████████████████████████████████████████████████████████
7  ██████████████████████████████  ██████████ Apple should be
8  required to provide to Samsung more complete copies of its design inventor sketchbooks, ████
9  ██████████████████████████████ without further delay.   Apple should also
10 be required to produce complete reciprocal CAD documents to Samsung.
11         Apple also has refused to complete its production of its own physical models and other
12 materials related thereto.   For example, in response to Samsung's request that Apple produce for
13 inspection the physical mockup of the tablet shown in photographs submitted to the U.S. Patent
14 and Trademark Office in connection with the D'889 design patent, ████████████████
15 ████████████████████████████████████ (*See* Samsung's
16 Motion to Compel Production of Documents and Things (Dkt. No. 346a) at 3-4.)   Only after
17 Samsung filed a motion to compel ████████████████████████████
18 ████████████████████████████████ (*See* Declaration of
19 Evans Hankey in Opposition to Samsung's motion to compel (Dkt. No. 351f).)   Even now, Apple
20 has failed to produce other requested materials, including CAD drawings and model shop records
21 relating to this mockup, which go to the core of Samsung's case.   (Jenkins Decl. ¶ 18.)   Apple
22 should therefore be required to produce all requested physical mockup materials to Samsung by
23 January 6, 2012.
24
25
26
27
28

-13-                                  Case No. 11-cv-01846-LHK
SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO COMPEL

# CONCLUSION

For the foregoing reasons, the Court should DENY Apple's Motion to Compel.

DATED: December 14, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Victoria F. Maroulis
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
Rachel Herrick Kassabian
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC