QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S RESPONSE TO APPLE'S SUPPLEMENTAL STATEMENT CONCERNING SAMSUNG'S MOTION TO COMPEL**<br><br>Date: November 1, 2011<br>Time: 3:00 pm<br>Place: Courtroom 5, 4th Floor<br>Magistrate Judge Paul S. Grewal<br><br>PUBLIC REDACTED VERSION |

Samsung respectfully submits this response to Apple's Supplemental Statement Concerning Samsung's Motion to Compel (Dkt No. 372), which Apple filed earlier today.

███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████

Regarding Samsung's motion to compel Apple to produce specific photographs and a model, the parties also attempted to resolve the motion in light of further representations by Apple. An agreement was not reached, unfortunately, and Apple instead filed a supplemental statement this morning in an effort to moot the motion on its own. Samsung appreciates that Apple has made efforts to resolve Samsung's discovery requests, but respectfully disagrees that its motion to compel is now moot.

First, Apple's supplement essentially repeats arguments that are insufficient to resolve Samsung's motion for the reasons Samsung has already stated in the briefing and hearing argument on the motion. It does not give finality to Samsung's request that Apple search for and produce original or the clearest available copies of the actual photographs submitted to the PTO during prosecution of the D504,899 patent. Samsung expects that, consistent with its general representations, Apple has searched certain files and locations as indicated in Apple's supplemental statement. To date, however, Apple has not provided any transparency into the

---

[1] ███████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████

1  searches that have been performed thus far.   For example, even in its supplemental submission,
2  Apple has not identified which specific custodians' files were searched, any of the search terms
3  used, the time frame included in those searches, or any other specific information.   Unless and
4  until Apple provides this type of information so that the Court and Samsung can be confident that
5  Apple has made a diligent, good faith effort to search the relevant persons and entities that may
6  have controlled the photographs at any time, including any potential leads those person or entities
7  might now have as to the whereabouts of the original photographs, Samsung's motion to compel
8  the photographs cannot be considered moot.

9        Requiring Apple to provide this information is both reasonable and consistent with the
10 Court's prior ruling on Apple's motion to compel discovery from Samsung.   Here, Samsung
11 seeks only a specific and small set of already-identified documents known to have been in the
12 possession of Apple's patent prosecutors at least as recently as 2004.   Samsung is not asking
13 Apple to search for a broad category of documents that may not even have existed.   In light of
14 this and Apple's apparent reservations about verifying the specifics of its searches, a Court order is
15 necessary to ensure that Apple's search has been thorough and compliant with its legal
16 obligations.   This is important because Apple's witnesses have consistently indicated that the
17 poor quality of the photographs produced thus far prevents them from testifying about design
18 details that were very likely visible to the PTO when it decided to issue the 'D889 patent.

19       As Samsung previously noted, it may well be the case that originals or clear copies of these
20 photographs no longer exist.   If this is true, Samsung is entitled to finality on the issue.
21 Unfortunately, Apple has only been willing to provide general, conclusory representations about
22 its search efforts to date.   These are insufficient.

23       Second, Apple's supplemental statement does not moot Samsung's motion regarding the
24 physical model depicted in the photographs submitted to the PTO.   Apple relies on the testimony
25 of Mr. Stringer to say that the exact model in the photographs submitted to the PTO has been
26 identified.   But he did not in fact so testify.   ███████████████████████
27 ████████████████████████████████████████████████████████
28 ████████████████████████████████████████████████████████

1   ██████████████████████████████████████████████████ (*See* Arnold

2   Decl., Ex. B, November 4, 2011 Deposition of Christopher Stringer, Tr. 98:15-19 ████

3   ████████████████████████████████████████████████████████████████

4   ████████████████████████████████████████████████████████████████

5   ██████████████████████████████████  ██████████████████████████

6   ██████████████████████████  Apple thus still has not fully linked the physical model to the images

7   in the certified file history, as Samsung has requested in its motion to compel.   (*See* Samsung's

8   Motion to Compel at 10, submitted under seal on Oct. 28, 2011 ████████████████

9   ████████████████████████████████████████████████████████████████

10  ████   *see also id.* at iii, 9 ██████████████████████████████████

11  ████████████

12        For at least these reasons, Samsung believes Apple's supplemental statement has *not*

13  mooted Samsung's motion to compel Apple to search for and produce original copies of the

14  photographs submitted to the PTO, or to verify the identity of the model depicted in the 'D889

15  patent file history.   Samsung requests that its motion to compel be granted.

16

17  November 7, 2011                          Respectfully submitted,

18                                            QUINN EMANUEL URQUHART &
                                              SULLIVAN, LLP
19

20

21                                            By  *Kevin P.B. Johnson*
                                                  Charles K. Verhoeven
22                                                Kevin P.B. Johnson
                                                  Victoria F. Maroulis
23                                                Michael T. Zeller

24
                                              Attorneys for SAMSUNG ELECTRONICS CO.,
25                                            LTD., SAMSUNG ELECTRONICS AMERICA,
                                              INC., and SAMSUNG
26                                            TELECOMMUNICATIONS AMERICA, LLC

27

28