1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                     UNITED STATES DISTRICT COURT

17          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
|---|---|
| 19     Plaintiff, | **SAMSUNG'S MOTION FOR LEAVE TO FILE MOTION FOR** |
| 20     vs. | **RECONSIDERATION** |
| 21 SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | |
| 22 ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | |
| 23 TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 24     Defendants. | |
| 25 | |

26

27

28

1

## NOTICE OF MOTION

2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3

**PLEASE TAKE NOTICE THAT** on December 21, 2011, Defendants Samsung

4 Electronics Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications

5 America, LLC (collectively, "Samsung") will move for leave to file a motion for reconsideration

6 of this Court's December 16, 2011 Order ("Order") on Apple's unopposed motion.   This motion

7 will be based on this Notice of Motion and Motion for Leave to File a Motion for Reconsideration

8 of Order Granting In Part and Denying In Part Apple's Motion to Seal, the Memorandum of Points

9 and Authorities, the Declaration of Hankil Kang in Support of the Motion for Leave, the Proposed

10 Order, and the files and records in this matter and any oral argument that the Court may hear.

11

12

## MEMORANDUM OF POINTS AND AUTHORITIES

13        Pursuant to Civil Local Rule 7-9, Defendant Samsung respectfully requests this Court

14 grant Samsung leave to file a motion for reconsideration of the Court's December 16, 2011 Order

15 ("Order") to the extent it denied Apple's motion to seal Exhibit E of the Declaration of Minn

16 Chung.   Samsung is entitled to leave to file a motion for reconsideration because it is unclear

17 from the Court's Order granting in part and denying in part Apple's Unopposed Administrative

18 Motion to File Apple's Motion to Augment Record and Supporting Documents Under Seal (Dkt.

19 No. 298) whether the Court considered the fact that Exhibit E of the Declaration of Minn Chung

20 In Support of Apple's Motion to Augment Record ("Exhibit E") reveals Samsung's design

21 evaluation strategy and the results of Samsung's significant investment in consumer research.

22 While the Declaration of Rosa Kim (the "Kim Declaration") generally discusses the contents of

23 Exhibit E, the Declaration of Hankil Kang (the "Kang Declaration"), submitted herewith, provides

24 additional details behind the creation and information of Exhibit E.   These Declarations provide

25 information demonstrating that Exhibit E is sealable pursuant to Local Rule 79-5 due to the

26 competitive harm that would be caused by its disclosure.   Because the Kim and Kang

27 Declarations satisfy the requirements of Local Rule 79-5, and because it is unclear from the

28 Court's ruling on Apple's motion whether it considered the aspects of Exhibit E that include

1   Samsung's consumer research strategy and the results of its consumer research, as well as legal

2   authority not presented in Apple's motion that address the confidential nature of Samsung's

3   information, leave to seek reconsideration of the Order is appropriate.    (See L.R. 7-9.)

4                                          **BACKGROUND**

5           On October 11, 2011, Plaintiff Apple Inc. ("Apple") filed an Unopposed Administrative

6   Motion to File Apple's Motion to Augment Record and Supporting Documents Under Seal (Dkt.

7   No. 298).    Samsung thereafter filed the Declaration of Rosa Kim in Support of Sealing Apple's

8   Motion to Augment Record, the Declaration of Minn Chung and Exhibits A-E thereto (Dkt. No.

9   458).    Samsung did not submit any briefing regarding Apple's unopposed motion.    On

10  December 16, 2011, the Court granted Apple's motion as to Exhibits A-D of the Chung

11  Declaration (Dkt. No. 510).    However, the Court denied Apple's request to file Exhibit E under

12  seal, and for that reason also denied Apple's request to file its Motion to Augment Record under

13  seal.

14                                          **ARGUMENT**

15          Local Rule 79-5(a) permits a document to be filed under seal "where [the] document, or

16  portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection

17  under the law." A document is "sealable" under Rule 79-5(a) if the designating party can

18  demonstrate that "disclosure would cause significant harm to its competitive and financial

19  position" through "specific demonstrations of fact."    *SuccessFactors, Inc. v. Softscape, Inc.*, 2008

20  WL 3876472 at *1 (N.D. Cal. Aug. 19. 2008).

21          The Kim Declaration generally describes the confidential and proprietary nature of the

22  information at issue in Exhibit E and the type of competitive harm that would result from its

23  public disclosure.    (Kim Decl. ¶ 2.)    As further described in the Kang Declaration, Exhibit E

24  reveals the methodology Samsung uses in conducting qualitative consumer research in its efforts

25  to elicit and understand consumer perceptions and preferences and what competitive analyses

26  Samsung conducts in connection with its design and product evaluation processes.    (Kang Decl.

27  ¶¶ 2-5.)    Although some images may have been shown to consumers in the course of the survey

28  research, the document is confidential because the significance of those images and the strategies

-2-                                    Case No. 11-cv-01846-LHK

SAMSUNG'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

1    behind the use and analysis of the consumers' feedback regarding those images have not been

2    revealed to consumers.    Samsung has expended considerable sums to develop these techniques

3    and to keep them secret, and the confidential and commercially sensitive nature of this information

4    will be destroyed unless the Court reconsiders its decision not to permit the filing of Exhibit E

5    under seal.    (*Id*.)    Samsung's efforts in conducting this research will now accrue to the benefit of

6    Samsung's competitors unless this document is filed under seal.

7            In addition to revealing Samsung's consumer research methodology, Exhibit E discusses

8    the study's key findings regarding design preferences relating to size, shape, color, and

9    configuration of smartphone keypads.    The study also contains confidential information from the

10   files of Samsung's designers regarding the design of Samsung products, including depictions of

11   prototypes that have never been released in the market or disclosed to the public.    (*Id*.)    If

12   Exhibit E is not filed under seal, Samsung will lose the valuable opportunity to further develop

13   these designs and incorporate them into future products, and worse, these designs may be hijacked

14   by competitors.

15           Unsurprisingly, the Court's Order does not address legal authority that Apple did not raise

16   in its motion, but that supports the sealing of Samsung's confidential information.    *E.g., Whyte v.*

17   *Schlage Lock Co.*, 101 Cal. App. 4th 1443, 1456 (2002) ("the results of confidential marketing

18   research; advertising and marketing strategy, plans, and techniques . . . constitute trade

19   secrets[.]"); *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1259 (3rd Cir. 1985) ("Where

20   market research explores the needs of numerous, diverse buyers, the resulting profile is

21   information that can only be obtained by others who undertake the same study."); *Compuware*

22   *Corp. v. IBM Corp.*, 2003 WL 23212863 at *7 (E.D. Mich. 2003) ("The aggregation and

23   distillation of the needs and desires of numerous customers is protectable" under the Uniform

24   Trade Secrets Act.)    In addition, the Kang Declaration provides additional factual details

25   regarding Exhibit E's confidentiality, and demonstrates that Samsung does protect the information

26   revealed in Exhibit E as a trade secret.    The Kim and Kang Declarations contain material facts

27   which, if considered, tip the balance in favor of granting Apple's motion to file Exhibit E under

28   seal.    (*See* Civ. L.R. 7-9(b)(3)).    Because it is unclear whether and to what extent the Court

1   considered the Kim Declaration and because the Court did not have the additional details provided

2   in the Kang Declaration and the legal authorities cited herein before issuing its Order, leave to file

3   a motion for reconsideration is appropriate.

4                                   **CONCLUSION**

5           For the foregoing reasons, Samsung respectfully requests that this Court grant Samsung

6   leave to file a motion to reconsider its Order denying Apple's administrative motion to file Exhibit

7   E under seal.

8

9   DATED: December 21, 2011              QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP
10

11

12                                       By   */s/ Victoria Maroulis*
                                             Charles K. Verhoeven
13                                           Kevin P.B. Johnson
                                             Victoria F. Maroulis
14                                           Michael T. Zeller
                                             Attorneys for SAMSUNG ELECTRONICS CO.,
15                                           LTD., SAMSUNG ELECTRONICS AMERICA,
                                             INC., and SAMSUNG
16                                           TELECOMMUNICATIONS AMERICA, LLC

17

18

19

20

21

22

23

24

25

26

27

28