| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE (*pro hac vice*) |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com |  HALE AND DORR LLP |
| RICHARD S.J. HUNG (CA SBN 197425) | 60 State Street |
| rhung@mofo.com | Boston, Massachusetts 02109 |
| MORRISON & FOERSTER LLP | Telephone: (617) 526-6000 |
| 425 Market Street | Facsimile: (617) 526-5000 |
| San Francisco, California  94105-2482 | |
| Telephone:  (415) 268-7000 | MARK D. SELWYN (SBN 244180) |
| Facsimile:  (415) 268-7522 | mark.selwyn@wilmerhale.com |
| | WILMER CUTLER PICKERING |
| |  HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California 94304 |
| | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | |
|        Plaintiff, | |
|   vs. | Civil Action No. 11-CV-01846-LHK |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **APPLE INC.'S MOTION TO STRIKE EVIDENCE NOT DISCLOSED AS REQUIRED BY PATENT LOCAL RULE 4-3(b)** |
|        Defendants. | Hearing: TBD<br>Time: TBD |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **PUBLIC REDACTED VERSION** |
|        Counterclaim-Plaintiffs,<br>    v. | |
| APPLE INC., a California corporation, | |
|        Counterclaim-Defendant. | |

# NOTICE OF MOTION AND MOTION

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT at a date and time to be set by the Court, Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") shall and hereby does move for an order striking paragraphs 13-15, 17-23, 35-37, 39-42, 45-46, 51-57 and 64-65 of the Declaration of Joe Tipton Cole in Support of Samsung's Proposed Claim Construction for U.S. Patent No. 7,698,711 ("Cole Declaration"), Exhibits 2-4 and 6-12 of the Cole Declaration, and Section V.B.1, paragraphs 4-6 of Samsung's Opening Claim Construction Brief, on the grounds that these portions of Samsung's claim construction submissions contain or rely upon evidence that Samsung did not disclose in the parties' Joint Claim Construction and Prehearing Statement as required by Patent Local Rule 4-3(b) and the Court's Case Management Order.

This motion is based on this notice of motion and accompanying memorandum of points and authorities in support thereof, the Declaration of Mark D. Selwyn, and any other matters properly before the Court.

# RELIEF REQUESTED

Apple seeks an Order striking: (1) paragraphs 13-15, 17-23, 35-37, 39-42, 45-46, 51-57 and 64-65 of the Cole Declaration; (2) Exhibits 2-4 and 6-12 of the Cole Declaration; and (3) Section V.B.1, paragraphs 4-6 of Samsung's Opening Claim Construction Brief.

Apple also respectfully requests that the Court grant Apple's Motion to Shorten Time for Briefing and Hearing on Apple's Motion to Strike, submitted concurrently herewith, together with the accompanying Declaration of Mark D. Selwyn in Support of Apple's Motion to Shorten Time.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether the Court should strike certain portions of Samsung's claim construction submissions that contain or rely upon evidence that Samsung did not disclose in the parties' Joint Statement as required by Patent Local Rule 4-3(b) and the Court's Case Management Order.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      FACTUAL BACKGROUND**

Patent Local Rule 4-3(b) and the Court's Case Management Order required Apple and Samsung to submit a Joint Claim Construction and Prehearing Statement ("Joint Statement") on November 14, 2011 that set forth "all references" and "any extrinsic evidence" on which each party intends to rely to support its proposed claim constructions or to oppose the other party's proposed constructions.  With respect to the disputed claim term "applet,"[1] Apple cited twelve pieces of intrinsic and extrinsic evidence in the Joint Statement in support of its proposed construction.  *See* Joint Statement (Dkt. 394-A) at 12-13.  Samsung cited only the '711 patent itself and the 2004 Wiley Electrical and Electronic Engineering Dictionary (without providing a specific page number from that 896-page dictionary).  *Id.* at 12.

Two weeks later, on November 28, Samsung served the declaration of its claim construction expert, Joe Tipton Cole, who relied upon extensive evidence not listed in the Joint Statement in support of Samsung's proposed construction of "applet."  Through Mr. Cole's declaration, Samsung introduced *22 new* pieces *of evidence* (in 10 exhibits), none of which was disclosed by Samsung in the Joint Statement:

- Excerpts from the file history of the '711 patent, including U.S. Pat. No. 7,123,945 (Cole Declaration Ex. 2);

---

[1]      The term "applet" appears in asserted claims 1, 9, and 17 of U.S. Patent No. 7,698,711 (the "'711 patent").

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Cole Declaration Exs. 3 and 4);

- a page from memidex.com which purportedly shows a composite search result on the meaning of "applet" from various online dictionaries and reference sites, including Wikipedia, Encarta Dictionary, Cambridge Dictionary, Oxford Dictionary, Macmillan British Dictionary, Merriam-Webster Dictionary, American Heritage Dictionary, Random House Dictionary, Wiktionary and New World Dictionary (Cole Declaration Ex. 6);

- seven web pages (from techimo.com, codeproject.com, pctools.com, realgeek.com, forums.windrivers.com, geekgirls.com and freewarefiles.com) purportedly discussing the use of applets in the Microsoft Control Panel tools and environment (Cole Declaration Ex. 7);

- five additional web pages (from managingosx.wordpress.com, fm.geckotribe.com, applefritter.com, macscripter.net and mactipsandtricks.com) purportedly discussing applets in the context of AppleScript (Cole Declaration Ex. 8);

- three web pages (from linux.softpedia.com, pygtk.org and ubuntuforums.org) purportedly discussing the use of applets in the Linux environment (Cole Declaration Ex. 9);

- a page from justskins.com purportedly discussing the use of applets in the Ruby programming language (Cole Declaration Ex. 10);

- a page from scripts.top4download.com purportedly discussing the use of applets in the Flash programming language (Cole Declaration Ex. 11); and

- a page from www-personal.umich.edu purportedly discussing programming designed to overcome Java security restrictions (Cole Declaration Ex. 12).

Cole Declaration, ¶¶ 13-15, 17-23, 35-37, 39-42, 45-46, 51-57 and 64-65 and Exs. 2-4 and 6-12.[2]

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Deposition of Joe Tipton Cole ("Cole Dep.") at 43:3-12 (Selwyn Dec. Ex. A).[3]

By letter dated December 5, 2011, Apple informed Samsung that its untimely disclosure of supporting claim construction evidence violated the Court's scheduling order and the Patent

---

[2] The Cole Declaration is attached as Ex. 4 to the Declaration of Brett Arnold in Support of Samsung's Administrative Motion to File Documents Under Seal (Dkt. 468-6).

[3] Citations to "Selwyn Dec. Ex. __" refer to the Declaration of Mark D. Selwyn in Support of Apple's Motion to Strike and the exhibits thereto.

Local Rules and prejudiced Apple.  *See* Dec. 5, 2011 Letter from Bethany Stevens to Todd Briggs (Selwyn Dec. Ex. B).  Apple requested that Samsung (1) withdraw those portions of Mr. Cole's declaration that rely upon the late-disclosed evidence and (2) confirm that it would not rely upon that newly disclosed evidence in its upcoming *Markman* briefing.  *Id.*  Samsung never responded to this letter, and instead relied extensively on Mr. Cole's declaration and the late-disclosed evidence in its Opening Claim Construction Brief.  *See* Samsung's Opening Claim Construction Brief (Dkt. 466-1) at 14-15.

Samsung's untimely disclosure has prejudiced Apple's ability to respond fully to Samsung's claim construction arguments.  Because Samsung waited to disclose its new supporting evidence until after Apple's expert, Professor Tony Givargis of the University of California, Irvine, had submitted his declaration in support of Apple's proposed construction, Apple's expert was unable to address this evidence (and the arguments made by Samsung and its expert based on this evidence) in his declaration.  Given Samsung's clear, unexcused violation of the Patent Local Rules and the resulting prejudice to Apple, Apple requests that the Court strike the late-disclosed evidence and those portions of Samsung's opening claim construction brief that rely upon these materials.

## II.     ARGUMENT

The Patent Local Rules dictate when and how parties must disclose evidence in support of their proposed claim constructions.  Patent Local Rule 4-3(b) requires parties to identify in the Joint Statement "all references from the specification or prosecution history that support that construction," and "any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction."  These rules are designed to ensure that the parties "crystallize their theories of the case early in

the litigation and to adhere to those theories once they have been disclosed." *Atmel Corp. v. Info. Storage Devices, Inc.*, No. C 95-1987 FMS, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998).  The timely disclosure of such evidence is essential to identifying the issues and focusing the claim construction process.  *See Pulse Engineering, Inc. v. Mascon, Inc.*, No. 08CV0595 JM (AJB), 2009 WL 250058 (S.D. Cal. Feb. 3, 2009) ("Under Patent L.R. 4, parties must provide adequate and timely disclosure of extrinsic evidence they will rely on during claim construction hearings. This requirement serves to focus the issues, not only for the parties but also for the court.").  As such, untimely disclosures in violation of Patent Local Rule 4-3 may be stricken by the Court.  *See Nordic Naturals, Inc. v. J.R. Carlson Laboratories, Inc*., No. C 07-2385 PJH, 2008 WL 2357312, at *11 (N.D. Cal. June 6, 2008) (striking late-disclosed declaration filed "in violation of Patent Local Rules 4-2 and 4-3").

   Despite the Court's clear rule requiring disclosure in the Joint Statement of all evidence that a party intends to rely upon for purposes of claim construction, Samsung identified 22 new pieces of evidence in support of its proposed construction two weeks after the filing of the Joint Statement, and relies upon this late-disclosed evidence in its opening claim construction brief.  Not only does this violate Patent Local Rule 4-3(b), but it prejudiced Apple because by the time of Samsung's untimely disclosure, Apple's expert had already submitted his declaration in support of Apple's proposed construction.  Therefore, Professor Givargis was unable to address this new evidence (and the arguments advanced by Samsung and Mr. Cole based on this evidence) in his expert report.

   Nor should the Court excuse this late disclosure by Samsung for good cause.  ████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ (Cole Dep. at 43:3-12 (Selwyn Dec.

Ex. A)) – even though (1) the parties have been on notice of the deadlines for exchanging their proposed claim constructions and supporting evidence since late August, and (2) Samsung had been on notice of Apple's proposed construction and supporting evidence since October 31.

As a result of Samsung's violation of Patent Local Rule 4-3(b) and the Court's Case Management Order, the Court should strike the late-disclosed evidence and those portions of Samsung's opening claim construction brief that rely upon these materials.  *See Nordic Naturals*, 2008 WL 2357312, at *11 (striking late-disclosed extrinsic evidence); *see also See Genentech, Inc. v. The Trustees of the University of Pennsylvania*, No. 10-CV-02037-LHK, 2011 WL 866599 (N.D. Cal. Mar. 10, 2011) (denying motion to exclude late-disclosed evidence but allowing moving party additional time to file responsive brief).

## III.     CONCLUSION

For the foregoing reasons, Apple requests that the Court strike paragraphs 13-15, 17-23, 35-37, 39-42, 45-46, 51-57 and 64-65 of the Cole Declaration, Exhibits 2-4 and 6-12 of the Cole Declaration, and Section V.B.1, paragraphs 4-6 of Samsung's Opening Claim Construction Brief.

| | | |
|---|---|---|
| 1 | Dated: December 22, 2011 | /s/ Mark D. Selwyn |
| 2 | | Mark D. Selwyn (SBN 244180) |
| | | (mark.selwyn@wilmerhale.com) |
| 3 | | WILMER CUTLER PICKERING |
| | |   HALE AND DORR LLP |
| 4 | | 950 Page Mill Road |
| | | Palo Alto, California  94304 |
| 5 | | Telephone:  (650) 858-6000 |
| | | Facsimile:   (650) 858-6100 |

Dated:  December 22, 2011

/s/ Mark D. Selwyn
Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Harold J. McElhinny (SBN 66781)
(HMcElhinny@mofo.com)
Michael A. Jacobs (SBN 111664)
(MJacobs@mofo.com)
Richard S.J. Hung (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: ( 415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 22, 2011 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

/s/ Mark. D Selwyn
Mark D. Selwyn