UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>                Plaintiff,<br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD, a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                Defendants. | Case No.: C 11-1846 LHK (PSG)<br><br>**ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO PERMIT DEFENDANT'S EXPERT TO REVIEW DESIGN MATERIALS DESIGNATED UNDER THE PROTECTIVE ORDER**<br><br>**(Re: Docket No. 482)** |

In this patent infringement suit, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") move to permit Samsung's expert Itay Sherman ("Sherman") to review certain materials that Plaintiff Apple Inc. ("Apple") has designated confidential or highly confidential under the interim protective order. Sherman is Samsung's design expert, having been retained to testify on the design – as opposed to utility – patents-in-issue. Samsung argues that Apple is misusing the protective order to prevent Samsung from being able to share relevant documents with an expert who is able to meet the rigorous standards of Fed. R. Evid. 702 and *Daubert*. Apple

1
Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO PERMIT DEFENDANT'S
EXPERT TO REVIEW DESIGN MATERIALS

has refused to allow the disclosure of any of Apple's confidential information to Sherman because of what it deems an undue risk of commercial harm posed by Sherman's work in the smart phone market.

Apple takes issue with Sherman's status as CEO and founder of DoubleTouch, a company that licenses multi-touch technology invented by Sherman. According to Apple, this places Sherman in (too) close proximity to Apple's competitors in the handheld devices market. Apple points out that (1) Sherman is the named inventor on patents and patent applications practiced by devices that compete directly with Apple's products, and (2) Sherman's business includes recent and ongoing consulting arrangements with several of Apple's competitors in the smart phone market. According to Apple, "the damage to Apple from disclosing Apple's confidential information to Sherman, whose business and commercial activities compete with Apple, would greatly outweigh any possible prejudice to Samsung from denying this motion."

Samsung responds that, as a licensing company, DoubleTouch does not compete with Apple and is not involved in the design or sale of consumer electronics.[1] Samsung nevertheless has offered to limit Sherman to the review of only design-related materials that it argues reveal nothing about Apple's utility patents or multi-touch technology. Because Sherman will review materials and testify only on design functionality, not multi-touch technology, Samsung argues that Apple has no legitimate basis to interfere. Samsung insists that Sherman be permitted to review four categories of design-related material: (1) CAD files; (2) design patent inventor sketchbooks; (3) design patent inventor deposition transcripts; and (4) Apple's presentations and other internal documents showing that design features are functional.

Apple disputes that Samsung can effectively segregate design-related information, arguing that the heart of Sherman's previous testimony was that design and functionality are inextricably

---

[1] *See* Docket No. 481-1 ¶ 19 (Sherman Decl.).

2

Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO PERMIT DEFENDANT'S EXPERT TO REVIEW DESIGN MATERIALS

intertwined. Apple argues that Sherman will inevitably gain insights from reviewing Apple's sensitive design documents that will benefit Sherman's own patent strategy, as well as his ongoing consulting work with Apple's competitors.

The parties appeared for hearing on December 16, 2011. Having considered the arguments and evidence presented by both sides, the court finds that Sherman may appropriately review those categories of confidential, design-related materials that bear insufficient risk of revealing utility-side details that would benefit Sherman's work with DoubleTouch.

Under the parties' stipulated interim protective order, Apple bears the burden of proving that the risk of harm posed by disclosure outweighs Samsung's interest in disclosing the material – under the suggested safeguards – to Sherman.[2] The court agrees that Apple's interest in preventing disclosure of its highly confidential design files and processes to competitors is substantial. But the court does not find that the risks presented by the limited disclosure agreed to by Samsung outweighs Samsung's substantial interest in retaining and preparing an expert with relevant industry experience and availability.[3] This is especially true given that many other potentially qualified experts may be conflicted out of testifying in this high-profile dispute between two global companies, that Apple itself has placed its design patents in issue, and that Samsung's counsel has agreed to limit the nature of confidential materials to be disclosed.

In weighing the risks and interests at issue, the court notes that of the four categories of information identified by Samsung, the CAD files, designer sketchbooks, and design patent

---

[2] *See* Docket No. 76 ¶ 7(c) (Stipulation to Modification of Patent L.R. 2-2 Interim Protective Order for Purposes of Expedited Discovery).

[3] *See Advanced Semiconductor Materials Am. Inc. v. Applied Materials Inc.*, No. 95-20169 RMW (EAI), 1996 WL 908654 (N.D. Cal. Oct. 28, 1996) (finding defendant's concern that plaintiff's expert would consult in the relevant industry in the future and misuse confidential information insufficient to deny the expert access under the terms of the protective order); *Telular Corp. v. VOX2, Inc.*, No. 00 C 6144, 2001 WL 641188, at *1 (N.D. Ill. June 4, 2001) (same).

3
Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO PERMIT DEFENDANT'S EXPERT TO REVIEW DESIGN MATERIALS

inventor deposition transcripts are not subject to any ambiguity in their identification, and further present an insufficient likelihood of containing technical information pertaining to multi-touch or other utility functions. In contrast, the category of "presentations and other internal documents [purportedly] showing that design features are functional" is more ambiguous and suggests material of a nature that is not strictly design-oriented and that may contain input from a broader range of Apple's people and processes. Accordingly,

The court hereby GRANTS Samsung's motion as it pertains to the disclosure only of (1) CAD files, (2) design patent inventor sketchbooks, and (3) design patent inventor deposition transcripts. The court DENIES all other requested relief. Samsung's disclosure of Apple's confidential and highly confidential materials to Sherman – as limited by this order – is further contingent upon Sherman's agreement to be bound by the provisions of the interim protective order and any subsequent protective order in this case.

**IT IS SO ORDERED.**

Dated: December 22, 2011

PAUL S. GREWAL
United States Magistrate Judge

4
Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO PERMIT DEFENDANT'S EXPERT TO REVIEW DESIGN MATERIALS