1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>SAMSUNG ELECTRONICS CO., LTD, a<br>Korean corporation; SAMSUNG<br>ELECTRONICS AMERICA, INC., a New York<br>corporation; and SAMSUNG<br>TELECOMMUNICATIONS AMERICA, LLC,<br>a Delaware limited liability company,<br><br>                    Defendants. | Case No.: C 11-1846 LHK (PSG)<br><br>**ORDER GRANTING-IN-PART<br>DEFENDANT'S MOTION TO<br>COMPEL**<br><br>**(Re: Docket No. 483)** |

In this patent infringement suit, Defendants Samsung Electronics Co., Ltd., Samsung

Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively

"Samsung") move to compel Plaintiff Apple Inc. ("Apple") to provide complete production

responses by specified dates to numerous, discrete discovery requests. Samsung complains that

notwithstanding ongoing requests and meet and confer sessions, Apple has refused to provide a

date certain for the production of relevant discovery that is essential to Samsung's formulation of

its defenses and its claim construction briefing. Samsung seeks to compel several categories of

production within which it specifies fairly narrowly-defined requests. Samsung also argues that

United States District Court
For the Northern District of California

Apple has failed to comply with earlier court orders relating to the return of work product and the production of materials relating to certain Apple tablet mockups. Samsung alleges that Apple has refused to search adequately or with specified search terms for Samsung's requested material, has not contacted obvious potential witnesses to search, and has refused to negotiate a reasonable solution to both parties' requests for litigation materials from other cases.

Apple responds generally that it already has produced or agreed to produce most of the items being sought. Apple further argues that much of Samsung's motion is based on requests for peripheral materials not central to its case, as well as dates conjured up suddenly by Samsung. Apple has represented that it will keep Samsung informed of the status of its ongoing efforts to respond. Samsung argues that this is insufficient. As of the hearing, Apple confirmed that it had completed its production responsive to several items included in Samsung's motion.

The parties appeared for hearing on December 16, 2011. Having considered the arguments and evidence presented by both sides, the court rules as follows.

**1.** <u>Documents and things relating to Apple's asserted utility patents, specifically: (a) documents from other actions involving three of the patents-at-issue, and (b) source code and documents pertaining to earlier Apple inventions that Samsung seeks to offer as prior art to the asserted utility patents.</u> Samsung's requests relating to the alleged prior art include source code for the Mac OS 10.0 software, and documents and source code for Apple's SuperClock program. Based on the representations of the parties at hearing, the court understands that these requests have largely been resolved.[1] The court therefore will deny as moot Samsung's motion with respect to Apple's asserted utility patents.

---

[1] The remaining issue is whether Apple properly redacted from production certain information that it had received from third parties in those actions. The parties have initiated a process whereby Samsung will seek consent from those third parties for Apple to produce the unredacted information. Should this process prove unsuccessful, Samsung is free to request court intervention and properly brief the issue of disclosing confidential third-party documents.

Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO COMPEL

2. Documents and things relating to Apple's asserted design patents. Samsung's design patent-related requests comprise numerous topics that the court will address individually.

A. Memory cards containing Samsung's photos of Apple's tablet mockups. Samsung argues that Apple has not returned memory cards containing photos taken during Samsung's inspection of Apple mockups and therefore is not in compliance with the court's December 2, 2011 order[2] and Fed. R. Civ. P. 26(b)(5)(B). Samsung also argues that Apple has improperly designated the photos as "highly confidential," even though similar photos were disclosed to the United States Patent and Trademark Office during the patent application process. Apple responds that what is styled as nothing more than a "clawback" of work product is actually an attempt to disclose highly confidential photos of unreleased tablet designs, as opposed to photos of the 035 tablet model that previously had been made public.

Consistent with its earlier ruling, the court finds that Apple must return the memory cards containing Samsung's work product. But as noted in the December 2 Order, the inspection of proprietary systems as opposed to public prior art may be subject to the provisions of the parties' interim protective order. Apple therefore may maintain its confidentiality designation on only those photos that display details or aspects of the tablet mockups that were not disclosed in the earlier patent filings and that remain proprietary to Apple.[3]

B. Documents and things relating to Apple's 035 tablet mockup, including CAD files, model shop orders and records, and copies of Apple's original tablet photos as submitted to the Patent and Trademark Office that have been de-designated from highly confidential. Based on

---

[2] *See* Docket No. 447 (Order re December 2, 2011 Discovery Dispute) ("December 2 Order").

[3] The court emphasizes that the burden of establishing the proprietary nature of any of the photos at issue is squarely on Apple. Having reviewed the photos of the 035 tablet mockup taken by Samsung and currently designated by Apple as "highly confidential – attorneys' eyes only" (*see* Docket No. 487-1, Ex. 3) and Apple's original photos (*see* Docket No. 475-8, Ex. 8), the court notes the primary difference between the photos submitted seems to be in quality. But for a few of Samsung's photos taken close-up and at an angle (*see* APLNDC-X000005883 - APLNDC-X000005887), no additional details appear to be revealed by the majority of Samsung's photos.

Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO COMPEL

Apple's representations and earlier stipulation that it has produced the highest-quality photos after an extensive search, but nonetheless agrees to continue and expand its search to designer files and emails between the patent prosecution counsel and Apple designers from fall 2004, the court finds Apple's search, as expanded, to be sufficient.  Apple shall produce the results, if any, of the expanded search no later than December 31, 2011. Apple further shall remove the "highly confidential – attorneys' eyes only" designation from the photos of the 035 tablet mockup that were submitted to the Patent and Trademark Office and filed under seal with the court.[4] Apple similarly shall produce any CAD files connected to the 035 tablet no later than December 31, 2011. With respect to the model shop orders, the court accepts Apple's representations that no such documents exist, and therefore will deny Samsung's motion with respect to those documents and any unspecified references to "other materials" relating to the 035 tablet mockup.

C. Supplemental response to Interrogatory No. 1 providing a conception date for the D'889 patent. As represented in its opposition papers, Apple shall supplement its response to Interrogatory No. 1 no later than December 23, 2011.

D. Copies of Apple's design inventor sketchbooks containing all pages and date references, and redactions only to those sections or pages revealing future product designs. Apple shall produce re-scanned inventor sketchbooks with all pages and date references intact on a rolling basis and no later than December 31, 2011. In accordance with its earlier order that "Apple has every right to review and withhold from production those sketches not at issue in the preliminary injunction motion,"[5] the court finds that Apple may redact from production sketchbook material not at issue in this lawsuit, either because such material reveals future product designs or because it

---

[4] *See* Docket No. 487-1, Ex. 5 (Stipulation Regarding Physical Model and Related Photographs); Docket No. 475-8, Ex. 8.

[5] *See* Docket No. 233 (Sept. 13 Order Granting-In-Part and Denying-In -Part Samsung's Motion to Compel).

4

Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO COMPEL

United States District Court
For the Northern District of California

is not relevant to the patents-in-issue, within the meaning of relevance provided by Fed. R. Civ. P. 26(b)(1).

   E. <u>Documents and things relating to Apple's investigations into other smartphone designs and languages.</u> Apple shall complete its search for and production of these materials no later than January 15, 2012.

   F. <u>Documents and things relating to earlier Apple flat panel and Apple Cinema displays.</u> Apple shall complete its reasonable search for and production of these materials no later than January 15, 2012, including CAD drawings for the Apple Cinema display.

  3. <u>Transcripts of Prior Deposition Testimony of Apple Witnesses Testifying in their Employee Capacity.</u> The court finds Apple's proposed definition of "technological nexus"[6] to be an appropriate measure under the balancing provisions of Fed. R. Civ. P. 26(b)(2)(C)(iii) for the production of relevant employee testimony from other actions. Apple shall apply this standard and complete its production of all responsive transcripts on a rolling basis and no later than January 15, 2012. To the extent that Samsung identifies as relevant any cases that fall outside of Apple's production as limited by the "technological nexus" standard, the court will entertain a further motion to compel the production of transcripts from those cases, if the parties are unable to come to an agreement regarding production after engaging in appropriate meet and confer.

   As noted in the court's companion order on Apple's motion to compel, issued today, the parties shall continue to prioritize those categories of production identified as most urgent in light

---

[6] *See* Docket No. 502-3 at 21(Pl.'s Opp'n to Def.'s Mot. To Compel) ("Apple interprets 'technological nexus' to include prior cases involving the patents-in-suit or patents covering the same or similar technologies, features, or designs as the patents-in-suit … [W]ith respect to design patent inventors, this would include prior cases involving the asserted design patents or other design patents covering the same designs or design elements. With respect to utility patent inventors, this would include the asserted utility patents or other utility patents covering touch-based interface functions, display elements, touch-screen hardware, or touch-screen logic.").

Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO COMPEL

of the scheduled depositions, such that a complete production of responsive documents shall be made available to opposing counsel no later than three (3) days before inventor depositions.

**IT IS SO ORDERED.**

Dated:  December 22, 2011

_Paul S. Grewal_

PAUL S. GREWAL
United States Magistrate Judge

Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO COMPEL