UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., | Case No.: C 11-1846 LHK (PSG) |
| Plaintiff, | **ORDER GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD, a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **(Re: Docket No. 467)** |
| Defendants. | |

In this patent infringement suit, Plaintiff Apple Inc. ("Apple") moves to compel Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") to complete within the next week production of four categories of documents. Apple argues that Samsung does not dispute the relevance of the material, but is delaying production so substantially as to prejudice Apple's ability to prepare for upcoming depositions, the January 20, 2012 claim construction hearing, and for trial. According to Apple, "Samsung has produced next to nothing relevant to Apple's infringement allegations." Apple stresses that the timing of Samsung's response at this point is critical because

1

Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL

Apple needs time to translate materials from Korean and prepare for the depositions, most of which are to be held in Korea. Because these witnesses may not be present at trial, the depositions may be Apple's only opportunity to memorialize their testimony. Apple contends that of the few-thousand documents produced by Samsung since the preliminary injunction hearing, less than one-hundred have been responsive to Apple's requests regarding Samsung's design decisions, design history, and analysis of Apple designs. According to Apple, the greater part of Samsung's production relates to its own counterclaims.

Samsung responds that it has agreed to produce documents in all four categories as soon as possible, by late December or early January. Samsung argues that because of "technical transfer and translation issues" that are slowing its production efforts, "an earlier production is physically impossible." Samsung also dedicates a large part of its opposition to showing that Apple has failed to produce the equivalent material of which it complains. Samsung therefore asks that any order the court impose on Samsung to respond within the determined time period is made reciprocal upon Apple as well.[1]

The parties' appeared for hearing on December 16, 2011. Having considered the arguments and evidence presented by both sides, the court rules as follows.

1. <u>Source code and technical documents showing the operation of the allegedly infringing product features</u>. Samsung shall produce the source code and technical documents requested by Apple's motion, with the following exception. With respect to those requests for technical documents for which there is no indication that the parties met and conferred in advance of court intervention, the court denies Apple's request without prejudice to Apple re-raising the issues after

---

[1] As discussed at the hearing, both parties by now should understand the reciprocal nature of the obligation to complete production of discovery responses in a timely manner so that the other party is not prejudiced in its pretrial preparations. If Samsung believes that Apple is not complying with its own discovery obligations, whether by the sufficiency of its own source code production or by committing to use certain terms in its searches, Samsung is free to raise such failures before the court in an appropriately-noticed motion.

2

Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL

appropriate meet and confer.[2] Samsung shall produce all other documents and things that fall within this category of requests no later than December 31, 2011.

2. <u>Design history documents showing the decision-making process that led to the design of Samsung's accused products, including CAD files, inventor and designer sketchbooks, models and mockups, and email correspondence amongst Samsung employees</u>. Samsung shall complete its production of these documents and things no later than December 31, 2011.

3. <u>Emails and documents showing Samsung's analysis of and consideration of Apple's products.</u> With respect to any materials subject to the court's September 28, 2011 order[3] that have not been produced, Samsung shall complete its production immediately and, in any event, no later than December 31, 2011. Any further failure to comply with the September 28 Order will subject Samsung to sanctions. All other responsive documents, specifically relating to the additional products and patent claims that were not at issue during the preliminary injunction phase, shall be produced on a rolling basis and no later than January 15, 2012.

4. <u>Survey and marketing documents</u>. Samsung shall complete its production of these materials no later than January 15, 2012. As above, with respect to any materials that were subject to the September 28 Order and not yet produced, Samsung shall complete its production immediately and, in any event, no later than December 31, 2011. Once again, any further failure to comply with the September 28 Order will subject Samsung to sanctions.

Because there remains substantial disagreement over the scope and relevance of many of the outstanding requests, as discussed at the hearing, the parties shall continue to prioritize those

---

[2] These requests include Apple's Requests for Production ("RFPs") nos. 193, 225, 226, 227, 229, 230, 231, 233, 234, 235, 240, 243, 244, and 245. *See* Docket No. 501-3 (Chan Decl.).

[3] *See* Docket No. 267 (ordering production from the custodial files of Samsung's Galaxy phone and tablet designers "all documents referencing the Apple products alleged by Apple to embody one or more of the ornamental or utility features claimed in the patents. All means all: email, memoranda, whatever.") ("September 28 Order").

3
Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL

categories of production identified as most urgent in light of the scheduled depositions, such that a complete production of responsive documents shall be made available to opposing counsel no later than three (3) days before inventor depositions.

**IT IS SO ORDERED.**

Dated: December 22, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge