# EXHIBIT R



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME;

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

May 09, 2011

THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE RECORDS OF THIS OFFICE OF THE FILE WRAPPER AND CONTENTS OF:

APPLICATION NUMBER: 12/012,384
FILING DATE: February 01, 2008
PATENT NUMBER: 7,853,891
ISSUE DATE: December 14, 2010

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

M. K. CARTER
Certifying Officer

## REMARKS

Reconsideration of this application, as amended, is respectfully requested.

Claims 1-90 are pending. Claims 1-15, 18-40, 43-65, 68-75 and 79-90 stand rejected. Claims 16-17, 41-42, 66-67 and 76-78 are objected to.

In this response, claims 1, 19, 25, 26, 44, 51, 69, 75, 79, 83, and 87 have been amended. No claims have been canceled. No claims have been added. Support for the amendments is found in the specification, the drawings, and in the claims as originally filed. Applicant submits that the amendments do not add new matter.

Applicant reserves all rights with respect to the applicability of the Doctrine of Equivalents.

Applicants acknowledge with appreciation the Examiner's indication of allowance of claims 16-17, 41-42, 66-67, and 76-78 if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

The Examiner has objected to the Drawings.

Applicant submits herewith the drawings replacement sheets including Figures 2-6 designated "Prior Art".

With respect to Figure 1, the specification discloses that "**Figure 1** shows a block diagram example of a data processing system which may be used with the present invention." (e.g., paragraph [0028]).

Therefore, applicant respectfully submits that Figure 1 should not be designated by a label "Prior Art".

Therefore, applicant respectfully submits that the Examiner's objections to the drawings have now been overcome.

Claims 1, 5-7, 18, 25-26, 30-32, 43, 50-51, 55-57, 68, 75, 79, 82-83, 86-87 and 90 stand rejected under 35 U.S.C. §102(e) as being anticipated by U.S. Publication No. 2003/0016253 to Aoki et al. ("Aoki").

Amended claim 1 reads, in part, as follows: "closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any input from a user input device of the digital processing system, <u>wherein the first window has been displayed independently from a position of a cursor on the screen</u>." (emphasis added).

Aoki discloses displaying an image map 103 and a pop-up window 115 that provides textual directional tips 114 to guide a user to a desired area on the image map 103 (Figure 13). In particular, Aoki discloses that "when the user' gesture positions the stylus in contact with the displayed image map 103, directional tips in a pop-up text window 115 could appear...."( paragraph [0081]). In particular, Aoki discloses that the "pop-up window...[indicates] to a user that the ...active area...is "up" and "to the right" of the position at which the stylus 102 was placed within the displayed image map 103 by the user". (paragraph [0082]). In contrast, amended claim 1 refers to displaying <u>the first window independently from a position of a cursor on the screen.</u> Aoki fails to disclose closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any input from a user input device of the digital processing system, <u>wherein the first window has been displayed independently from a position of a cursor on the screen</u>, as recited in amended claim 1.

Because Aoki fails to disclose all limitations of amended claim 1, applicant respectfully submits that claim 1, as amended, is not anticipated by Aoki under 35 U.S.C. § 102(e).

For at least the reasons that are similar to those set forth above with respect to amended claim 1, applicant respectfully submits that claims 5-7, 18, 25-26, 30-32, 43, 50-51, 55-57, 68, 75, 79, 82-83, 86-87 and 90 are not anticipated by Aoki under 35 U.S.C. §102(e).

Claims 2-3, 19-23, 27-28, 44-48, 52-53, 69-73, 80, 84, and 88 stand rejected under 35 U.S.C. §103(a) as being unpatentable over Aoki in view of U.S. Publication No. 2003/0051228 to Martinez et al. ("Martinez").

As set forth above, Aoki fails to disclose closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any input from a user input device of the digital processing system, <u>wherein the first window has been displayed independently from a position of a cursor on the screen</u>, as recited in amended claim 1.

Martinez, in contrast, discloses source code interface to view a source code within a context of the screen presentation which is created by this source code. (Abstract).

Furthermore, even if Martinez and Aoki were combined, such a combination would still lack closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any input from a user input device of the digital processing system, <u>wherein the first window has been displayed independently from a position of a cursor on the screen</u>, as recited in amended claim 1.

For at least the reasons that are similar to those set forth above with respect to amended claim 1, applicant respectfully submits that claims 2-3, 19-23, 27-28, 44-48, 52-53, 69-73, 80, 84, and 88 are not obvious under 35 U.S.C. § 103(a) over Aoki in view of Martinez.

APLNDC00028845

Claims 4, 24, 29, 49, 54, and 74 stand rejected under 35 U.S.C. §103(a) as being unpatentable over Aoki in view of Martinez and further in view of U.S. Patent No. 6,246,407 to Wilks et al. ("Wilks").

As set forth above, Aoki fails to disclose closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any input from a user input device of the digital processing system, <u>wherein the first window has been displayed independently from a position of a cursor on the screen</u>, as recited in amended claim 1.

Martinez, in contrast, discloses source code interface to view a source code within a context of the screen presentation which is created by this source code. (Abstract).

Wilks, in contrast, discloses overlaying a window with a multi-state window.

Furthermore, even if Wilks, Martinez and Aoki were combined, such a combination would still lack closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any input from a user input device of the digital processing system, <u>wherein the first window has been displayed independently from a position of a cursor on the screen</u>, as recited in amended claim 1.

For at least the reasons that are similar to those set forth above with respect to amended claim 1, applicant respectfully submits that claims 4, 24, 29, 49, 54, and 74 are not obvious under 35 U.S.C. § 103(a) over Aoki in view of Martinez and further in view of Wilks.

Claims 8-15, 33-40, 58-65, 81, 85, and 89 stand rejected under 35 U.S.C. §103(a) as being unpatentable over Aoki in view of U.S. Patent No. 6,654,036 to Jones ("Jones").

As set forth above, Aoki fails to disclose closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any

APLNDC00028846

input from a user input device of the digital processing system, <u>wherein the first window has been displayed independently from a position of a cursor on the screen</u>, as recited in amended claim 1.

Jones, in contrast, discloses controlling relative positioning of one or more open windows. (Abstract).

Furthermore, even if Jones and Aoki were combined, such a combination would still lack closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any input from a user input device of the digital processing system, <u>wherein the first window has been displayed independently from a position of a cursor on the screen</u>, as recited in amended claim 1.

For at least the reasons that are similar to those set forth above with respect to amended claim 1, applicant respectfully submits that claims 8-15, 33-40, 58-65, 81, 85, and 89 are not obvious under 35 U.S.C. §103(a) over Aoki in view of Jones.

APLNDC00028847

It is respectfully submitted that in view of the amendments and arguments set forth herein, the applicable rejections and objections have been overcome. If the Examiner believes a telephone conference would expedite the prosecution of the present application, the Examiner is invited to call the undersigned at (408) 720-8300.

If there are any additional charges, please charge Deposit Account No. 02-2666.

Respectfully submitted,
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP

Date: March 4, 2010 By: /Tatiana Rossin/
Tatiana Rossin
Reg. No. 56,833

1279 Oakmead Parkway
Sunnyvale, California 94085-4040
(408) 720-8300

Customer No. 045217