# EXHIBIT X



IW 7293892

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE
#### United States Patent and Trademark Office

May 09, 2011

THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE
RECORDS OF THIS OFFICE OF THE FILE WRAPPER AND CONTENTS
OF:

APPLICATION NUMBER: *12/012,384*
FILING DATE: *February 01, 2008*
PATENT NUMBER: *7,853,891*
ISSUE DATE: *December 14, 2010*

By Authority of the

Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

**M. K. CARTER**
Certifying Officer

APLNDC00028677



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/012,384 | 02/01/2008 | Imran Chaudhri | 004860.P2874C3 | 2279 |

| | | |
|---|---|---|
| 45217          7590          12/04/2009 | EXAMINER | |
| APPLE INC./BSTZ | | |
| BLAKELY SOKOLOFF TAYLOR & ZAFMAN LLP | HAILU, TADESSE | |
| 1279 OAKMEAD PARKWAY | ART UNIT | PAPER NUMBER |
| SUNNYVALE, CA 94085-4040 | 2173 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 12/04/2009 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

APLNDC00028801

| | Application No. | Applicant(s) | |
|---|---|---|---|
| **Office Action Summary** | 12/012,384 | CHAUDHRI ET AL. | |
| | Examiner | Art Unit | |
| | TADEESE HAILU | 2173 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>01 February 2008</u>.

2a)☐ This action is **FINAL**.      2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-90</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1-15,18-40,43-65,68-75 and 79-90</u> is/are rejected.

7)☒ Claim(s) <u>16,17,41,42,66,67 and 76-78</u> is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☒ The drawing(s) filed on <u>01 February 2008</u> is/are: a)☐ accepted or b)☒ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All   b)☐ Some * c)☐ None of:

        1.☐ Certified copies of the priority documents have been received.

        2.☐ Certified copies of the priority documents have been received in Application No. _____.

        3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☒ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date <u>2/1/2008</u>.

4)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____ .

5)☐ Notice of Informal Patent Application

6)☐ Other: _____.

APLNDC00028802

Application/Control Number: 12/012,384                                       Page 2
Art Unit: 2173

## DETAILED ACTION

1.      This Office Action is in response to the patent application number 12/012,384

filed on February 1, 2008.

2.      The pending claims 1-90 are examined herein as follows.

3.      The Information Disclosure Statement with references submitted on February 1,

2008 have been considered and entered.

### *Drawings*

3.      Figures 1-6 should be designated by a legend such as --Prior Art-- because only

that which is old is illustrated. See MPEP § 608.02(g). Corrected drawings in

compliance with 37 CFR 1.121(d) are required in reply to the Office action to avoid

abandonment of the application. The replacement sheet(s) should be labeled

"Replacement Sheet" in the page header (as per 37 CFR 1.84(c)) so as not to obstruct

any portion of the drawing figures. If the changes are not accepted by the examiner, the

applicant will be notified and informed of any required corrective action in the next Office

action. The objection to the drawings will not be held in abeyance.

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(e) the invention was described in (1) an application for patent, published under section 122(b),
by another filed in the United States before the invention by the applicant for patent or (2) a
patent granted on an application for patent by another filed in the United States before the
invention by the applicant for patent, except that an international application filed under the treaty
defined in section 351(a) shall have the effects for purposes of this subsection of an application
filed in the United States only if the international application designated the United States and
was published under Article 21(2) of such treaty in the English language.

APLNDC00028803

Application/Control Number: 12/012,384                                        Page 3
Art Unit: 2173

4.      Claims 1, 5-7, 18, 25, 26, 30-32, 43, 50, 51, 55-57, 68,  75, 79, 82, 83, 86, 87,

and  90 are rejected under 35 U.S.C. 102(e) as being anticipated by Aoki et al (US Pub

No 2003/0016253).

Aoki teaches feedback mechanism for use with visual selection methods in

graphical user interface systems. Aoki further teaches locating, identifying, and /or

selecting hyperlink targets or active areas within and image map displayed on a web

page.

With regard to claims **1**, **26,** and **51**:

Aoki teaches a method to display a user interface window (e.g., text window 115,

Fig. 13 or image map application window 3 or 103) for a digital processing system

(hand-held device 1).

Aoki teaches displaying a first window (e.g., text window 115, Fig. 13) in

response to receiving a first input from a user input device (e.g., as a result of the user's

gesture of touching the stylus 102 to the displayed image map 103 displayed on display

104) of the digital processing system (1) which is capable of displaying at least a portion

of a second window (e.g., image map application window 103) concurrently with the first

window (e.g. text window 115, Fig. 13).

Aoki also teaches setting and operating/staring a timer for a predetermined time

period (e.g., 2 seconds) (Fig. 7, paragraph 62).

Aoki further teaches closing the first window (text window 115) in response to a

determination that the timer expired (paragraphs 82-84).

APLNDC00028804

Application/Control Number: 12/012,384                                              Page 4
Art Unit: 2173

Aoki further teaches that the first window (text window 115) is displayed for a designated time period, for example, two seconds. The text window will be removed or closed from the display after the designated time period has expired. The closing of the window depends on the designated time period not to any input from a user input device of the digital processing system (paragraphs 82-84).

With regard to claims **5, 30**, **55, 82, 86, and 90**:

Aoki further teaches that said closing the text window 115 (or the first window) includes at least fading out an image of the text window (paragraphs 83, 90).

With regard to claims **6, 31,** and **56:**

Aoki also teaches manipulating, selecting, closing, identifying displayed objects on the screen via an input device of the hand -held device (e.g., paragraph 59).

With regard to claims **7, 32,** and **57:**

Aoki further teaches that the text window (115) does not respond to any input from a user input device of the digital processing system, it rather responds based on set-up time, i.e., removes itself from the display based on the set-up time (Abstract, paragraphs 82-84).

With regard to claims **18, 43, and 68:**

Aoki further teaches applying conventional graphical user interface systems using a cursor control device, such as a mouse, a joystick, a keyboard, a touch pad, a trackball, or the like in place of a touch-screen.

With regard to claims **25, 50, 75, 79, 83, and 87**:

APLNDC00028805

Application/Control Number: 12/012,384                                    Page 5
Art Unit: 2173

Aoki teaches a method to display a user interface window (e.g., text window 115,

Fig. 13 or image map application window 3 or 103) for a digital processing system

(hand-held device 1).

Aoki teaches displaying a first window (e.g., text window 115) in response to

receiving a first input (e.g., a staring of a setup time, two seconds); the first input (i.e.,

the setup time) is not associated with a user input device of the digital processing

system (Aoki, Fig. 7, paragraph 62).

Aoki also teaches setting and operating/staring a timer for a predetermined time

period (e.g., 2 seconds) (Fig. 7, paragraph 62).

Aoki further teaches closing the first window (text window 115) in response to a

determination that the timer expired (paragraphs 82-84).


### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed
> or described as set forth in section 102 of this title, if the differences between the
> subject matter sought to be patented and the prior art are such that the subject
> matter as a whole would have been obvious at the time the invention was made
> to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was
> made.

APLNDC00028806

Application/Control Number: 12/012,384                                              Page 6
Art Unit: 2173

5.        Claims 2, 3, 19-23, 27, 28, 44-48,  52, 53, 69-73, 80, 84 and 88 are rejected

under 35 U.S.C. 103(a) as being unpatentable over Aoki et al (US Pub No

2003/0016253) in view of Martinez et al (Us Pub No 2003/0051228).

With regard to claims **2,** 27**, 52, 80, 84, and 88**:

While Aoki teaches displaying text window 115 over image map application

window 103 (Fig. 13), but Aoki is silent in describing the text window as a translucent

window. However, Martinez discloses a translucent window (e.g., 518, Fig. 5B), where

the portion of the second window is visible while under the window 518 (Abstract, Fig.

5B). Martinez and Aoki are analogous art because they are from the same field of

endeavor, graphical user interface. At the time of the invention, it would have been

obvious to a person of ordinary skill in the art to modify or replace the text window (115)

of Aoki with translucent window (518) as shown by Martinez because the translucent

window enables the underneath portion of the window to be visible, and user will be

able to interact through the window (see Fig. 5B). Therefore, it would have been

obvious to combine Martinez with Aoki to obtain the invention as specified in the above

claims.

With regard to claims **3**, **28,** and **53**:

Aoki in view of Martinez further teaches and illustrated that the window, for

example, text window 115 is at the top level in a window displaying hierarchy, and

image map application window has the lowest level in a window displaying hierarchy

(Fig. 13).

With regard to claims **19, 44, and 69**:

APLNDC00028807

Application/Control Number: 12/012,384                                    Page 7
Art Unit: 2173

Aoki teaches a method to display a user interface window (e.g., text window

115, Fig. 13 or image map application window 3 or 103) for a digital processing system

(hand-held device 1).

Aoki further teaches that the first window (text window 115) is displayed for a

designated time period, for example, two seconds. The text window will be removed or

closed from the display after the designated time period has expired. The closing of the

window depends on the designated time period not to any input from a user input device

of the digital processing system (paragraphs 82-84).

While Aoki teaches displaying a first window (e.g., text window 115), but Aoki

does not clearly teach that the first window is a translucent window so that a portion of

the underneath second window capable being displayed. However, Martinez discloses a

translucent window (e.g., 518, Fig. 5B), where the portion of the second window is

visible while under the window 518 (Abstract, Fig. 5B). Martinez and Aoki are analogous

art because they are from the same field of endeavor, graphical user interface. At the

time of the invention, it would have been obvious to a person of ordinary skill in the art

to modify or replace the text window (115) of Aoki with translucent window (518) as

shown by Martinez because the translucent window enables the underneath portion of

the window to be visible, and user will be able to interact through the window (see Fig.

5B). Therefore, it would have been obvious to combine Martinez and Aoki to obtain the

invention as specified in claim 19.

With regard to claims **20**, **45,** and **70**:

APLNDC00028808

Application/Control Number: 12/012,384                                    Page 8
Art Unit: 2173

    Aoki in view of Martinez teaches starting a timer that is setting a timer and for a predetermined time period (e.g., 2 seconds) (Aoki, Fig. 7, paragraph 62).

 With regard to claims **21, 46,** and **71**:

    Aoki in view of Martinez teaches receiving an input, a timer input (e.g., starting a timer) the input not associated with a user input device of the digital processing system wherein said closing the first window is in response to the input (removing the window is based on the setup time) (Aoki, Fig. 7, paragraph 62).

With regard to claims **22, 47,** and **72**:

    Aoki in view of Martinez teaches determining whether or not a condition is met (i.e., the predetermined setup time reached); wherein said closing the first window is in response to a determination that the condition is met (Aoki, Abstract, paragraphs 82-84).

With regard to claims **23, 48,** and **73**:

    Aoki in view of Martinez teaches that closing the first window comprises fading out an image of the first window (Aoki, paragraphs 83, and 90).


6.    Claims 4, 24, 29, 49, 54, and  74   are rejected under 35 U.S.C. 103(a) as being unpatentable over Aoki et al (US Pub No 2003/0016253) in view of Martinez et al (Us Pub No 2003/0051228) and further in view of Wilks et al (US Pat No 6,246,407).

    While Aoki in view of Martinez teaches a translucent window, but fails to teach that the translucent window is adjustable. Wilks, however, teaches multi-state window 26 with a focus, and may change from a translucent state to an opaque state, may

APLNDC00028809

Application/Control Number: 12/012,384                                           Page 9
Art Unit: 2173

change color, may change translucency, and/or may be highlighted (Wilks, column 3,

lines 4-19, Abstract). Thus, Wilks at least teaches an adjustable translucent window as

recited in claim 4. Martinez, Aoki, and Wilks are analogous art because they are from

the same field of endeavor, graphical user interface. At the time of the invention, it

would have been obvious to a person of ordinary skill in the art to provide translucent

window of Aoki and Martinez with an adjustable or changeable translucency of Wilks'.

The suggestion/motivation for doing so would have been to provide a user with

changeable and preferable translucent window display. Therefore, it would have been

obvious to combine Martinez and Aoki with Wilks to obtain the invention as specified in

the above claims

7.       Claims 8-15, 33-40, 58-65, 81, 85, and 89 are rejected under 35 U.S.C. 103(a)

as being unpatentable over Aoki et al (US Pub No 2003/0016253) in view of Jones (US

Pat No 6,654,036).

        Wile Aoki teaches dynamically adjusting active areas (or hyperlink targets)

paragraph 77), but Aoki does not clearly teach the following limitations "repositioning the

first window in response to a third window being displayed." (Claims **8, 33**, **58, 81, 85**

**and 89**); "hiding the first window in response to a third window being displayed at a

location where the first window is displayed." (Claims **9, 34** and **59**); "repositioning the

first window on a display in response to a second input for the first window." (Claims **10,**

**35,**   and **60**); "the second input indicates that a third window is displayed." (Claims **11,**

**36, and 61**); "the second input is received from a user input device of the digital

processing system." (Claims **12, 37 and 62**); "adjusting a position of the first window in

Application/Control Number: 12/012,384                                         Page 10
Art Unit: 2173

a window displaying hierarchy in response to a third input." (Claims **13, 38 and 63**);

"determining a position on a display of the digital processing system independent of a

position of a cursor on the display; wherein the first window is displayed at the position."

(Claims **14, 39 and 64**); and "the position is centered horizontally on the display."

(Claims **15, 40 and 65**). Jones, however, teaches controlling the relative positioning of

multiple windows displayed on an output device. Jones teaches and illustrates

manipulating the displayed windows comprising repositioning any one of the window

relative to other windows, hiding or overlapping one window with another window;

adjusting a position (e.g., in any direction, centered horizontal or vertically) of one

window in response to the selecting/displaying of another window (e.g., Figs. 3A-3E,

10A-10C, 11, column 10, lines 21-54). Aoki and Jones are analogous art because they

are from the same field of endeavor, graphical user interface. At the time of the

invention, it would have been obvious to a person of ordinary skill in the art to provide

the hand-held device of Aoki with the several window manipulation techniques of Jones

in order to provide a less cluttered display area as suggested by Aoki (paragraph 77).

Therefore, it would have been obvious to combine Aoki with Jones to obtain the

invention as specified in the above claims.

### Allowable Subject Matter

8.      Claims 16, 17, *41, 42,* 66, 67, 76, 77, and 78 are objected to as being dependent

upon a rejected base claim, but would be allowable if rewritten in independent form

including all of the limitations of the base claim and any intervening claims. The prior art

Application/Control Number: 12/012,384                    Page 11
Art Unit: 2173

of records does not clearly teach *"restarting the timer in response to receiving a second*

*input for the first window"* as recited in the above claims.

## CONCLUSION

9.      Any inquiry concerning this communication or earlier communications from the

Examiner should be directed to Tadesse Hailu, whose telephone number is (571) 272-

4051. The Examiner can normally be reached on M-F from 10:30 – 7:00 ET. If attempts

to reach the Examiner by telephone are unsuccessful, the Examiner's supervisor, Kieu

Vu,   can be reached at (571) 272-4057 Art Unit 2173.

10.     An inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the Group receptionist whose telephone number is

(703) 305-3900.

 /Tadesse  Hailu/
Primary Examiner, Art Unit 2173

APLNDC00028812

## REMARKS

Reconsideration of this application, as amended, is respectfully requested.

Claims 1-90 are pending.  Claims 1-15, 18-40, 43-65, 68-75 and 79-90 stand rejected. Claims 16-17, 41-42, 66-67 and 76-78 are objected to.

In this response, claims 1, 19, 25, 26, 44, 51, 69, 75, 79, 83, and 87 have been amended. No claims have been canceled.  No claims have been added.  Support for the amendments is found in the specification, the drawings, and in the claims as originally filed.  Applicant submits that the amendments do not add new matter.

Applicant reserves all rights with respect to the applicability of the Doctrine of Equivalents.

Applicants acknowledge with appreciation the Examiner's indication of allowance of claims 16-17, 41-42, 66-67, and 76-78 if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

The Examiner has objected to the Drawings.

Applicant submits herewith the drawings replacement sheets including Figures 2-6 designated "Prior Art".

With respect to Figure 1, the specification discloses that "**Figure 1** shows a block diagram example of a data processing system which may be used with the present invention." (e.g., paragraph [0028]).

Therefore, applicant respectfully submits that Figure 1 should not be designated by a label "Prior Art".

Therefore, applicant respectfully submits that the Examiner's objections to the drawings have now been overcome.

12/012,384                                   21                              4860P2874C3

APLNDC00028843

Claims 1, 5-7, 18, 25-26, 30-32, 43, 50-51, 55-57, 68, 75, 79, 82-83, 86-87 and 90 stand rejected under 35 U.S.C. §102(e) as being anticipated by U.S. Publication No. 2003/0016253 to Aoki et al. ("Aoki").

Amended claim 1 reads, in part, as follows: "closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any input from a user input device of the digital processing system, wherein the first window has been displayed independently from a position of a cursor on the screen." (emphasis added).

Aoki discloses displaying an image map 103 and a pop-up window 115 that provides textual directional tips 114 to guide a user to a desired area on the image map 103 (Figure 13). In particular, Aoki discloses that "when the user' gesture positions the stylus in contact with the displayed image map 103, directional tips in a pop-up text window 115 could appear...."( paragraph [0081]). In particular, Aoki discloses that the "pop-up window...[indicates] to a user that the ...active area...is "up" and "to the right" of the position at which the stylus 102 was placed within the displayed image map 103 by the user". (paragraph [0082]). In contrast, amended claim 1 refers to displaying the first window independently from a position of a cursor on the screen. Aoki fails to disclose closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any input from a user input device of the digital processing system, wherein the first window has been displayed independently from a position of a cursor on the screen, as recited in amended claim 1.

Because Aoki fails to disclose all limitations of amended claim 1, applicant respectfully submits that claim 1, as amended, is not anticipated by Aoki under 35 U.S.C. § 102(e).

APLNDC00028844

For at least the reasons that are similar to those set forth above with respect to amended claim 1, applicant respectfully submits that claims 5-7, 18, 25-26, 30-32, 43, 50-51, 55-57, 68, 75, 79, 82-83, 86-87 and 90 are not anticipated by Aoki under 35 U.S.C. §102(e).

Claims 2-3, 19-23, 27-28, 44-48, 52-53, 69-73, 80, 84, and 88 stand rejected under 35 U.S.C. §103(a) as being unpatentable over Aoki in view of U.S. Publication No. 2003/0051228 to Martinez et al. ("Martinez").

As set forth above, Aoki fails to disclose closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any input from a user input device of the digital processing system, wherein the first window has been displayed independently from a position of a cursor on the screen, as recited in amended claim 1.

Martinez, in contrast, discloses source code interface to view a source code within a context of the screen presentation which is created by this source code. (Abstract).

Furthermore, even if Martinez and Aoki were combined, such a combination would still lack closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any input from a user input device of the digital processing system, wherein the first window has been displayed independently from a position of a cursor on the screen, as recited in amended claim 1.

For at least the reasons that are similar to those set forth above with respect to amended claim 1, applicant respectfully submits that claims 2-3, 19-23, 27-28, 44-48, 52-53, 69-73, 80, 84, and 88 are not obvious under 35 U.S.C. § 103(a) over Aoki in view of Martinez.

APLNDC00028845

Claims 4, 24, 29, 49, 54, and 74 stand rejected under 35 U.S.C. §103(a) as being unpatentable over Aoki in view of Martinez and further in view of U.S. Patent No. 6,246,407 to Wilks et al. ("Wilks").

As set forth above, Aoki fails to disclose closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any input from a user input device of the digital processing system, wherein the first window has been displayed independently from a position of a cursor on the screen, as recited in amended claim 1.

Martinez, in contrast, discloses source code interface to view a source code within a context of the screen presentation which is created by this source code. (Abstract).

Wilks, in contrast, discloses overlaying a window with a multi-state window.

Furthermore, even if Wilks, Martinez and Aoki were combined, such a combination would still lack closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any input from a user input device of the digital processing system, wherein the first window has been displayed independently from a position of a cursor on the screen, as recited in amended claim 1.

For at least the reasons that are similar to those set forth above with respect to amended claim 1, applicant respectfully submits that claims 4, 24, 29, 49, 54, and 74 are not obvious under 35 U.S.C. § 103(a) over Aoki in view of Martinez and further in view of Wilks.

Claims 8-15, 33-40, 58-65, 81, 85, and 89 stand rejected under 35 U.S.C. §103(a) as being unpatentable over Aoki in view of U.S. Patent No. 6,654,036 to Jones ("Jones").

As set forth above, Aoki fails to disclose closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any

APLNDC00028846

input from a user input device of the digital processing system, <u>wherein the first window has been displayed independently from a position of a cursor on the screen</u>, as recited in amended claim 1.

Jones, in contrast, discloses controlling relative positioning of one or more open windows. (Abstract).

Furthermore, even if Jones and Aoki were combined, such a combination would still lack closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any input from a user input device of the digital processing system, <u>wherein the first window has been displayed independently from a position of a cursor on the screen</u>, as recited in amended claim 1.

For at least the reasons that are similar to those set forth above with respect to amended claim 1, applicant respectfully submits that claims 8-15, 33-40, 58-65, 81, 85, and 89 are not obvious under 35 U.S.C. §103(a) over Aoki in view of Jones.

APLNDC00028847

It is respectfully submitted that in view of the amendments and arguments set forth herein, the applicable rejections and objections have been overcome.  If the Examiner believes a telephone conference would expedite the prosecution of the present application, the Examiner is invited to call the undersigned at (408) 720-8300.

If there are any additional charges, please charge Deposit Account No. 02-2666.

Respectfully submitted,
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP


Date: March 4, 2010          By:  /Tatiana Rossin/
                                  Tatiana Rossin
                                  Reg. No. 56,833


1279 Oakmead Parkway
Sunnyvale, California  94085-4040
(408) 720-8300

Customer No. 045217

12/012,384                          26                          4860P2874C3

APLNDC00028848