1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Cal. Bar No. 170151)
2   charlesverhoeven@quinnemanuel.com
    50 California Street, 22nd Floor
3   San Francisco, California 94111
    Telephone: (415) 875-6600
4   Facsimile: (415) 875-6700

5   Kevin P.B. Johnson (Cal. Bar No. 177129)
    kevinjohnson@quinnemanuel.com
6   Victoria F. Maroulis (Cal. Bar No. 202603)
    victoriamaroulis@quinnemanuel.com
7   555 Twin Dolphin Drive 5th Floor
    Redwood Shores, California 94065
8   Telephone: (650) 801-5000
    Facsimile: (650) 801-5100
9
    Michael T. Zeller (Cal. Bar No. 196417)
10  michaelzeller@quinnemanuel.com
    865 S. Figueroa St., 10th Floor
11  Los Angeles, California 90017
    Telephone: (213) 443-3000
12  Facsimile: (213) 443-3100

13  Attorneys for SAMSUNG ELECTRONICS
    CO., LTD., SAMSUNG ELECTRONICS
14  AMERICA, INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC

15

16                    UNITED STATES DISTRICT COURT

17         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 18  APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| 19         Plaintiff, | **SAMSUNG'S MOTION FOR LEAVE TO FILE MOTION FOR** |
| 20         vs. | **RECONSIDERATION** |
| 21  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | |
| 22  ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | |
| 23  TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 24         Defendants. | |

**NOTICE OF MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 23, 2011, Defendants Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") will move for leave to file a motion for reconsideration of this Court's December 20, 2011 Order ("Order").   This motion will be based on this Notice of Motion and Motion for Leave to File a Motion for Reconsideration of Order Granting In Part and Denying In Part Samsung's Motion to Seal, the Memorandum of Points and Authorities, the Declaration of Derrick Robinson in Support of the Motion for Leave, the Proposed Order, and the files and records in this matter and any oral argument that the Court may hear.[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Civil Local Rule 7-9, Defendant Samsung respectfully requests this Court grant Samsung leave to file a motion for partial reconsideration of the Court's December 20, 2011 Order ("Order").   Defendant is entitled to leave to file a motion for partial reconsideration because it is unclear from the Court's Order granting in part and denying in part Samsung's Motion to File Documents Under Seal (Dkt. No. 515) whether the Court considered the fact that Exhibit V of the Declaration of Mark Tung In Support of Samsung's Notice of Lodging of Materials In Support of Samsung's Opposition to Apple's Motion for Preliminary Injunction ("Exhibit V") reveals third-party information that is the subject of a nondisclosure agreement between Samsung and Best Buy, Inc. ("Best Buy").   While the Declaration of Melissa N. Chan (the "Chan Declaration") generally discusses the contents of Exhibit V, the Declaration of Derrick Robinson (the "Robinson Declaration"), submitted herewith, provides additional details about the nature of the confidential information contained therein.   These Declarations provide information

---

[1]   As of the time of filing this motion, Samsung's counsel was unable to confirm Apple's opposition or non-opposition to Samsung's motion for leave.   Apple did not file an opposition to Samsung's original Administrative Motion to File Under Seal (Dkt. No. 456).

1  demonstrating that Exhibit V is sealable pursuant to Local Rule 79-5 due to the third-party
2  confidential information that would be revealed with its disclosure.  Because the Chan and
3  Robinson Declarations satisfy the requirements of Local Rule 79-5, and because it is unclear from
4  the Court's ruling whether it considered that the information in Exhibit V would cause harm to a
5  third-party in issuing its Order, leave to seek reconsideration of the Order is appropriate.  (*See*
6  L.R. 7-9.)

## BACKGROUND

8  On December 7, 2011, Samsung filed and Administrative Motion to File Documents
9  Under Seal, supported by the Chan Declaration.  (Dkt. No. 456.)  On December 20, 2011, the
10 Court granted Samsung's motion as to Exhibit T of the Tung Declaration.  (*See* Dkt. No. 515.)
11 However, the Court denied Samsung's request to file other exhibits to the Tung Declaration under
12 seal, including Exhibit V.

## ARGUMENT

14 Local Rule 79-5(a) permits a document to be filed under seal "where [the] document, or
15 portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection
16 under the law."  A showing of good cause will suffice to justify sealing material attached to non-
17 dispositive motions.  *Prosurance Group, Inc. v. Liberty Mut. Group, Inc.*, 2011 WL 704456
18 (N.D. Cal., Feb. 18, 2011) (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172,
19 1178 (9th Cir. 2006)).
20 The Chan Declaration generally describes the confidential nature of the information at
21 issue in Exhibit V.  As set forth in the Chan Declaration, Exhibit V consists of excerpts from the
22 deposition transcript of Mr. Justin Denison, Samsung's 30(b)(6) witness.  (Chan Decl. ¶ 7.)  Mr.
23 Denison's testimony relates to confidential third-party information about the relationship between
24 Samsung and Best Buy, a nonparty to this action, and a marketing promotion involving both
25 parties.  As further described in the Robinson Declaration, Samsung and Best Buy have entered
26 into an agreement with nondisclosure provisions regarding the details of their business
27 relationship, and certain information regarding the marketing promotion is subject to those
28 nondisclosure provisions.  (Robinson Decl. ¶¶ 3-4).  While the promotion itself was obviously

1  public, the details of the origination of such promotion are not public.   Samsung accordingly
2  designated it as HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY.   (*Id.*)   Disclosure
3  of the information contained in Exhibit V could therefore harm the ongoing business relationship
4  between Samsung and Best Buy, resulting in considerable financial harm to Samsung and
5  potentially to Best Buy.
6       While the Court notes the Chan Declaration, the Court's Order does not address the
7  confidentiality concerns described therein or the potential harm that might result to nonparties; the
8  Order states only that Exhibit V "appear[s] to contain ether public information, or do[es] no
9  contain privileged or otherwise protectable information."   However, the Robinson Declaration
10 provides additional details regarding Exhibit V's confidentiality, and demonstrates that Samsung
11 is committed to protecting the third-party information revealed in Exhibit V.   The Chan and
12 Robinson Declarations contain material facts which, if considered, tip the balance in favor of
13 granting Samsung's motion to file Exhibit V under seal.   (*See* Civ. L.R. 7-9(b)(3).)   Because it
14 is unclear whether and to what extent the Court considered the Chan Declaration and because the
15 Court did not have the additional details provided in the Robinson Declaration prior to the
16 issuance of its Order, leave to file a motion for reconsideration is appropriate.

## CONCLUSION

18     For the foregoing reasons, Samsung respectfully requests that this Court grant Samsung
19 leave to file a motion to reconsider its Order denying Samsung's administrative motion to file
20 Exhibit V under seal.

DATED: December 23, 2011          QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP


                                  By  /s/ Victoria Maroulis
                                     Charles K. Verhoeven
                                     Kevin P.B. Johnson
                                     Victoria F. Maroulis
                                     Michael T. Zeller
                                     Attorneys for SAMSUNG ELECTRONICS CO.,
                                     LTD., SAMSUNG ELECTRONICS AMERICA,
                                     INC., and SAMSUNG
                                     TELECOMMUNICATIONS AMERICA, LLC