# EXHIBIT X-1
# (Public Redacted Version)

# Apple v. Samsung

# Samsung's Slides Submitted in Opposition to Apple's Motion for a Preliminary Injunction

October 13, 2011

Hon. Lucy H. Koh

1

# Samsung Is an Innovator

- Founded in 1938 in Taegu, Korea

- 1970s–Present: Leader in TVs and monitors, personal computers and memory, home appliances and VCRs

- 8,500+ employees working on telecommunications R&D

- $35 billion spent on electronics R&D from 2005–2010



2

004-01

# Samsung Is an Innovator

## Developers of the world's first:

- **64M DRAM** (1992)
- **Digital video disk recorder (DVD-R)** (1993)
- **Real-time MPEG-3 technology** (1995)
- **3D TFT-LCD monitor** (1999)
- **High definition digital TV** (2000)
- **Ultra-slim handset** (2001)
- **Speech recognition phone** (2005)
- **Solar-powered mobile phone** (2009)
- **3D home theater** (2010)



3

# Apple's Burden of Proof and Persuasion

- Likelihood of success on the merits

    A substantial question regarding either infringement or validity precludes a preliminary injunction.

    *-Astra-Zeneca LP v. Apotex*, 633 F.3d 1042, 1050 (Fed. Cir. 2010).

- An injunction is necessary to prevent irreparable harm

- The balance of equities tips in movant's favor

- An injunction favors the public interest

4

# Apple's PI Motion Should Be Denied

- Apple cannot prove likelihood of success on the merits

  - Apple is not likely to prevail on the D'677 and D'087 patents

  - Apple is not likely to prevail on the D'889 patent

  - Apple is not likely to prevail on the '381 patent

- Apple has not demonstrated irreparable harm

- The balance of equities tips against Apple

- The public interest favors denial of Apple's motion

5

001-01

# Apple's PI Motion Should Be Denied

- **Apple cannot prove likelihood of success on the merits**

  - **Apple is not likely to prevail on the D'677 and D'087 patents**

    - Apple is not likely to prevail on the D'889 patent

    - Apple is not likely to prevail on the '381 patent

- Apple has not demonstrated irreparable harm

- The balance of equities tips against Apple

- The public interest favors denial of Apple's motion

6

001-02

# Some Prior Art Preceding the iPhone

**D'087**



*1996*
JP1009317

*2005*
JP1241383

*2005*
JP1241638







**SHARP**

**FUJiFILM**

**SHARP**

**D'677**

7

*Source: Sherman Decl. Exs. P, Y, AA*

# Prior Art for D'677 and D'087

- Relevant to invalidity
  - Shows design patents are obvious

- Relevant to claim construction
  - Shows claims should be construed narrowly

- Relevant to non-infringement
  - Shows differences ordinary observer will focus on

8

262

# Prior Art Is Relevant to Determining Invalidity of Design Patents for Obviousness

"Obviousness, like anticipation, requires application of the ordinary observer test, not the view of one skilled in the art."

–*International Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1240 (Fed. Cir. 2009).

9

# Prior Art Is Relevant to Infringement Analysis

- The ordinary observer is "deemed to view the differences between the patented design and the accused product in the context of the prior art."

  –*Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F.3d 665, 676 (Fed. Cir. 2008) (en banc).

- "When the differences between the claimed and accused design are viewed in light of the prior art, the attention of the hypothetical ordinary observer will be drawn to those aspects of the claimed design that differ from the prior art."

  –*Id.*

- "And when the claimed design is close to the prior art designs, small differences between the accused design and the claimed design are likely to be important to the eye of the hypothetical ordinary observer."

  –*Id.*

10

# Prior Art Similarities

## Prior Art

## Rectangular shape

## Designs





*Source: Sherman Decl. ¶¶ 83-105*

# Prior Art Similarities

## Prior Art

**Rectangular shape**

**Four evenly rounded corners**



JP1009317   JP1241638

JP1241383

## Designs



D'087

D'677

12

# Prior Art Similarities



## Prior Art

JP1009317    JP1241638

JP1241383



Rectangular shape

Four evenly rounded corners

Front surface substantially free of ornamentation



 Designs

 D'087

 D'677

13

*Source: Sherman Decl. ¶¶ 83-105*

# Prior Art Similarities



## Prior Art

JP1009317          JP1241638

JP1241383



Rectangular shape

Four evenly rounded corners

Front surface substantially free of ornamentation

**Display screen centered on front surface**



 Designs

 D'087

 D'677

14

009-04

# Prior Art Similarities

### Prior Art



JP1009317        JP1241638

JP1241383

| Rectangular shape |
| Four evenly rounded corners |
| Front surface substantially free of ornamentation |
| Display screen centered on front surface |
| **Narrow borders on either side of display, substantial borders above and below display** |



### Designs

D'087

D'677



15

*Source: Sherman Decl. ¶¶ 83-105*

# Prior Art Similarities

## Prior Art



JP1009317    JP1241638

Rectangular shape

Four evenly rounded corners

Front surface substantially free of ornamentation

Display screen centered on front surface

Narrow borders on either side of display, substantial borders above and below display

**Rounded, horizontal speaker slot centered on front surface above the display screen**

## Designs



D'087

D'677

16

009-06



# Prior Art Similarities

**Prior Art**

JP1009317    JP1241638

JP1241383

Rectangular shape

Four evenly rounded corners

Front surface substantially free of ornamentation

Display screen centered on front surface

Narrow borders on either side of display, substantial borders above and below display

Rounded, horizontal speaker slot centered on front surface above the display screen

Thin, uniform bezel surrounding the front surface

 Designs

 D'087

17

009-07

*Source: Sherman Decl. ¶¶ 83-105*

# D'677 Was Obvious at Time of Invention

## Prior Art

JP1241638




 D'677 



Rectangular shape

Four evenly rounded corners

Front surface substantially free of ornamentation

Display screen centered on front surface

Narrow borders on either side of display, substantial borders above and below display

Rounded, horizontal speaker slot centered on front surface above the display screen

18

*Source: Woodring Decl. ¶ 16; Sherman Decl. ¶ 83–105*

033-01

# D'677 Was Obvious at Time of Invention



**Prior Art: JP 1009317**

**Flat**

**Prior Art: JP 1241383**

**Flat, clear**

 D'677

...having an operation portion and image display portion whose front face, plane face, bottom face and left and right side faces are covered with a transparent cover member, as shown in the reference drawings.

19

033-03

# D'677 Was Obvious at Time of Invention

## Flat, clear, black-colored front surface

Q. Isn't it true that the prior art taught as of the time that the '087 and the '667 design patents were conceived of, that electronic devices that have flat, clear surfaces covered over the entire face of the electronic device, "yes" or "no"?

A. Flat, clear surfaces. I believe they did, yes.

Q. In fact, that was something that was known in the art to ordinary designers, designers of ordinary skill, as of the time that the '087 and the '677 design patents were conceived of; true?

A. I believe that's true.

—Woodring Depo. 231:12-23

"[C]reating a smartphone with a black, flat front screen would have been obvious to a designer of mobile devices of ordinary skill by January 2006."

—Sherman Decl. ¶¶ 90-98; see also 99-105

 D'677



20



Source: Woodring Decl. ¶ 16; Woodring Depo.; Sherman Decl.

# D'087 Was Obvious at Time of Invention

| Prior Art | | D'087 |
|---|---|---|
| | Rectangular shape | |
| JP1241638   | Four evenly rounded corners | Fig. 43   |
| | Front surface substantially free of ornamentation | |
| | Display screen centered on front surface | |
| JP1241383  | Narrow borders on either side of display, substantial borders above and below display | Fig. 11  |
| | Rounded, horizontal speaker slot centered on front surface above the display screen | |
| | Thin, uniform bezel surrounding the front surface | |

21

Source: Woodring Decl. ¶ 16; Sherman Decl. ¶ 83–105, 172

033-02

# Apple's Expert Deems Prior Art Substantially the Same



## Cooper Woodring





Exhibit 67

Q.  [M]oving the position of the speaker slot so that it's closer to the top, as depicted here in Exhibit 67 [JP '638], and so that it's slightly shorter horizontally, doesn't change the overall impression when compared to the 677 and the 087 design patents?

\*     \*     \*          \*          \*

A.  …I don't think it would change the overall impression in the eyes of the ordinary observer. …the movement of that little slot quarter of an inch one way or another is not—not going to make it a different design.

–210:2-6;12-14;211:17-19

22

# Apple's Expert Testified That Apple's Phone Designs Were Substantially the Same as Prior Art



## Cooper Woodring Apple's expert

**Q.** Do you believe that the design that's reflected here on Exhibit 67 is substantially the same from the perspective of the ordinary observer or purchaser as the design that's depicted in the 087 design patent which is Exhibit 6?

MR. MONACH: Same objection.

**A.** Yes, it certainly is—substantially the same in the eyes of the ordinary observer of at least one embodiment of the 087.

*–207:10–18*

**Q.** Directing your attention to the design that's reflected here in Exhibit 67, setting aside the color limitation that's set forth in the 677 design patent, do you believe that the ordinary observer or purchaser would consider the overall design, again, [setting] aside the color, of the design in Exhibit 67 to be substantially the same as the design depicted in the 677 design patent?

MR. MONACH: Object to the form of the question. Object for the reasons previously stated.

**A.** Yeah, they're—they're substantially the same.

*–208:9–21*

23

*Source: Jenkins Decl. Ex. O*

# Functionality of D'677 and D'087 Designs

"[A] design patent, unlike a utility patent, limits protection to the ornamental design of the article."

*–Richardson v. Stanley Works*, 597 F.3d 1288, 1293 (Fed. Cir. 2010).

Functionality is relevant to:

- Validity of patent

- Claim construction

- Infringement analysis

25

302

# Functionality Is Relevant to Validity of a Patent

"If the patented design is primarily functional rather than ornamental, the patent is invalid."

—*Richardson v. Stanley Works*, 597 F.3d 1288, 1293-94 (Fed. Cir. 2010).

26

# Functionality Is Relevant to Claim Construction

- If a protectable "design also contains ornamental aspects, it is entitled to a design patent whose scope is limited to those aspects alone and does not extend to any functional elements of the claimed article."

  –*Richardson v. Stanley Works*, 597 F.3d 1288, 1293-94 (Fed. Cir. 2010).

- "A claim to a design containing numerous functional elements, such as here, necessarily mandates a narrow construction."

  –*Id* at 1294.

27

# Functionality Is Relevant to Infringement Analysis

- In assessing the similarity of designs, the functional elements should be ignored or factored out.

  –*Richardson v. Stanley Works*, 597 F.3d 1288, 1293-94 (Fed. Cir. 2010).
  *Amini Innovation Corp. v. Anthony Cal., Inc.,* 439 F.3d 1365, 1372 (Fed. Cir. 2006).

- If a design includes both functional and ornamental features, infringement occurs if an ordinary person "would be deceived by reason of the common features in the claimed and accused designs which are ornamental."

  –*Amini Innovation Corp. v. Anthony Cal., Inc.,* 439 F.3d 1365, 1372 (Fed. Cir. 2006).

28

311

# Functionality Definition

An aspect is functional "if it is essential to the use or purpose of the article <u>or</u> if <u>it affects the cost or quality of the article</u>."

> –*Amini Innovation Corp. v. Anthony Cal., Inc.,* 439 F.3d 1365, 1372 (Fed. Cir. 2006) (design patent case) (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.,* 456 U.S. 844, 851 (1982) (trademark case)) (emphasis added).

29

308

# Apple's Design Features Are Functional

## Rectangular shape

- Standard shape for reading media and viewing screens

- Convenient shape for being held by a human hand

- Follows form of display screen component



 D'087

30

# Apple's Design Features Are Functional

## Rounded corners

- Avoid injuring the user

- Avoid snagging on clothing and bags

- Easier to manufacture from molds

- Greater structural integrity than sharp corners



 D'087

31

*Source: Sherman Decl. ¶¶ 36-41, 110*