# EXHIBIT X-5

# LaunchTile Anticipates the '381 Patent

## 2) 8-tile grid



128

Source: van Dam Decl. p. 22–23

105-08

# LaunchTile Anticipates the '381 Patent

## 2) 8-tile grid



# LaunchTile Anticipates the '381 Patent

## 2) 8-tile grid



Source: van Dam Decl. p. 22–23

# LaunchTile Anticipates the '381 Patent

## 3) 4-tile grid



Electronic document

Source: van Dam Decl. p. 21

131

105-11

# LaunchTile Anticipates the '381 Patent

## 3) 4-tile grid



## LaunchTile Anticipates the '381 Patent

3) 4-tile grid



# LaunchTile Anticipates the '381 Patent

## 3) 4-tile grid



Source: van Dam Decl. p. 21

# LaunchTile Anticipates the '381 Patent

## 3) 4-tile grid



136

# LaunchTile Anticipates the '381 Patent

- Dr. van Dam's declaration includes videos of LaunchTile performing the claimed functions:

  - Exhibit 6 = Email list

  - Exhibit 7 = 4-tile grid

  - Exhibit 8 = 8-tile grid

# Apple's Expert Admitted LaunchTile Anticipates

| '381 Patent | Dr. Balakrishnan's Testimony |
|---|---|
| **Claim 1** | |
| A computer-implemented method, comprising: | Q. . . . So the question is: In the 2x2 grid that -- that we have in LaunchTiles in front of you, does the -- running on the iPAQ device, does that perform on a computer-implemented method?<br><br>THE WITNESS: So I haven't examined this in any great detail, but just looking at this right now, it's -- certainly is an application that's running on a computer-implemented -- or a computer -- so it is a computer-implemented method.<br><br>278:16-279:8 (objection omitted). |
| at a device with a touch screen display: | Q And does LaunchTiles running on iPAQ, does that meet the limitation of a device with a touchscreen display?<br><br>THE WITNESS: It's not clear, to me, this is a touchscreen display. I tried touching it a minute ago, like when I was playing with it, and it didn't react to me, but the -- the pen seems to do the job.<br>Okay, so now it does react, so maybe I was mistaken. Given what he just did, it appears to react to touches. so. sure, it would be a device with a touchscreen display.<br><br>278:10-21. |
| [1] displaying a first portion of an electronic document; | Q.  So when – when he slides it slightly to the left, does that display a first portion of an electronic document if you assume that that 2x2 grid is an electronic document?<br><br>THE WITNESS: So if we make that assumption that that 2x2 grid in its entirety is an electronic document and after he slid it, that could be a first portion.<br><br>287:9-17 (objection omitted). |

Source: Jenkins Decl. Ex. SS

# Apple's Expert Admitted LaunchTile Anticipates

| '381 Patent | Dr. Balakrishnan's Testimony |
|---|---|
| **Claim 1 (continued)** | |
| [2] detecting a movement of an object on or near the touch screen display; | Q. Does LaunchTiles, with this 2x2 grid operated on an iPAQ, detect a movement of an object on or near the touchscreen display? |
| | A. Yes, it does. |
| [3] in response to detecting the movement, translating the electronic document displayed on the touch screen display a first direction to display a second portion of the electronic document, wherein the second portion is different from the first portion; | Q So does the 2x2 LaunchTiles grid operating on the iPAQ describe the next limitation in the claims, which is numbered as three? |
| | A So this one's saying in response to detecting the movement translating electronic document displayed in the touchscreen in the first direction to display the second portion? |
| | MR. JOHNSON: Correct. |
| | THE WITNESS: So you want me to assume the first portion was after he had moved to the left, and now you move it back, and you're saying that's the second portion of the document? |
| | MR. JOHNSON: Right. |
| | THE WITNESS: With -- with the same caveats I said earlier about the blue thing moving and whether that's part of the document or not, I'll repeat that as part of my current answer, and, again, I haven't had a chance to explore this in great detail, but given those, the qualifications, I would say it appears to be -- it could be meeting that claim -- claim element. |
| | 289:20-290:16 (objections omitted). |

Source: Jenkins Decl. Ex. SS

# Apple's Expert Admitted LaunchTile Anticipates

| '381 Patent | Dr. Balakrishnan's Testimony |
|---|---|
| **Claim 1 (continued)** | |
| [4] in response to an edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display: | MR. JOHNSON: Q. So, again, the question is: Does the movement that Mr. Lien just did meet the fourth limitation of the claim?

THE WITNESS: Again, with the same qualifications about the blue circle in the middle not moving, and if that was part of the document, then it doesn't move appropriately. And, again, with the same qualifications I made earlier, that I haven't had a chance to look at this in detail. Just sitting here right now, an off-the-cuff view of this, I would say it appears to meet -- meet the fourth limitation.

290:17-292:3 (objections omitted). |
| [5] displaying an area beyond the edge of the document, and | Q Does LaunchTiles in the 2x2 grid operating on the iPAQ meet the fifth limitation of Claim 1?

THE WITNESS: Can you do that again, please? Again, given -- well, something else happened. So, again, given the qualifications I did earlier -- I said earlier about the circle in the middle, the blue circle, and also the fact that I haven't looked at this in any detail, in this quick view of this -- of this application running here, I would say it appears to meet the -- the fifth element.

292:5-16 (objections omitted). |

Source: Jenkins Decl. Ex. SS

# Apple's Expert Admitted LaunchTile Anticipates

Source: Jenkins Decl. Ex. SS

| '381 Patent | Dr. Balakrishnan's Testimony |
|---|---|
| **Claim 1 (continued)** | |
| [6] displaying a third portion of the electronic document, wherein the third portion is smaller than the first portion; and | MR. JOHNSON: Q. And meet that -- meets the sixth claim limitation; right? |
| | A. Well, maybe -- maybe he can show me that. |
| | Q. Sure. |
| | A. Show me your first portion. Let's see your first portion. Okay. Second portion. Okay. Third portion. It's very hard to tell. It's bouncing around. I'd have to measure it. It could be. It -- it may not be. It's clearly smaller necessarily, because the other one is also not full screen. It moved off to the other side -- |
| | MR. JOHNSON: And can you do -- |
| | THE WITNESS: -- so there was -- |
| | MR. JOHNSON: -- it again that's more pronounced. Q So let's -- let's look at the first, second, third portions again. A Okay. That's your first portion. So second portion is in the center. It appears, in this case, he's moved it a bit more, and it -- |
| | THE WITNESS: -- it potentially could -- could infringe -- sorry -- it could not infringe -- |
| | MR. JOHNSON: Meet the limitation. |
| | THE WITNESS: -- meet the limitation of Claim 6, again with the qualifications that I -- I just went through with the circle in the middle and the fact that I haven't studied this in any great detail. |
| | MR. JOHNSON: Q. It would meet the sixth limitation of Claim 1; right? |
| | MR. JOHNSON: Q. You said Claim 6, and I think you misspoke. |
| | A I meant to say the sixth limitation. |
| | 292:17-295:2 (objections omitted). |

# Apple's Expert Admitted LaunchTile Anticipates

| '381 Patent | Dr. Balakrishnan's Testimony |
|---|---|
| **Claim 1 (continued)** | |
| [7] in response to detecting that the object is no longer on or near the touch screen display, translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion. | Q And when he lifts the stylus or his finger, does it meet the seventh limitation of Claim 1? THE WITNESS: In this case, it's back to the original document, which was, and I would say, to go back, when you - - when you displayed the first portion of the electronic document, that already included a movement, which the claims doesn't talk about. So you already had a movement there. Given that, and given all the caveats -- sorry -- the qualifications that I have made with regards to this -- this demonstration, the circle not moving, the fact that I have not looked at this in any great detail, it -- it appears that it could meet that -- that -- that -- sorry -- element 7 of Claim 1, again, with the qualification again that -- that the first portion of this case already included a movement, which this -- this claim doesn't appear to talk about. 295:5-22 (objections omitted). |

Source: Jenkins Decl. Ex. SS

# Apple's Expert Admitted LaunchTile Anticipates

| '381 Patent | Dr. Balakrishnan's Testimony |
|---|---|
| *Claim 2* | |
| The computer-implemented method of claim 1, wherein the first portion of the electronic document, the second portion of the electronic document, the third portion of the electronic document, and the fourth portion of the electronic document are displayed at the same magnification. | Q Does the 2x2 grid in LaunchTile operating on the iPAQ meet the limitation described in Claim 2? |
| | THE WITNESS: So with regards to Claim 2, I'm looking at this again, my qualifications of -- of what is the electronic document here, from my earlier answers, it's not clear that -- whether that blue circle in the middle is part of the document or not, or, again, I'm looking at this on the flight here, haven't had the time to study it. It is -- I haven't had time to determine if the magnification changes, as he moves it around or not. It might be. It might not be. At, you know, first glance, it looks like it hasn't changed, but I haven't had time to -- to study this in detail, so I cannot give a definitive answer as to whether the magnification of the electronic document, to the extent that's even an electronic document in this application, remains the same. |
| | 299:16-300:14 (objections omitted). |

Source: Jenkins Decl. Ex. SS

# Apple's Expert Admitted LaunchTile Anticipates

| '381 Patent | Dr. Balakrishnan's Testimony |
|---|---|
| **Claim 3**<br><br>The computer-implemented method of claim 1, wherein the movement of the object is on the touch screen display. | Q Does Exhibit 114 meet the limitations of Claim 3?<br><br>THE WITNESS: To the extent that -- my understanding is Claim 3 is a dependent claim on Claim 1, so to the extent that Claim 1 is met, which I'm not agreeing whether it does or not, based on my earlier testimony. That said, the -- the portion of the Claim 3, which says the movement of the objects on a touchscreen display, that would be met, yes.<br><br>300:19-301:4 (objections omitted). |
| **Claim 4**<br><br>The computer-implemented method of claim 1, wherein the object is a finger. | MR. JOHNSON: Q. And the limitation of Claim 4 would also be met; right?<br><br>A With regards to whether the object being a finger, if you can do that again, just so I can see it. Yes, it appears that a finger would affect that kind of movement.<br><br>301:5-11 (objections omitted). |
| **Claim 5**<br><br>The computer-implemented method of claim 1, wherein the first direction is a vertical direction, a horizontal direction, or a diagonal direction. | Q And does Exhibit 114 meet the limitations of Claim 5?<br><br>THE WITNESS: When you say "Exhibit 114," you mean the device with the application running on it?<br><br>MR. JOHNSON: That's correct.<br><br>THE WITNESS: Okay. Again, given the -- the same qualifications I've given with my earlier answers with regards to whether it meets Claim 1, and Claim 5 is a dependent claim in Claim 1. Given those qualifications, which I'd like to incorporate in this current answer. I would say, given those qualifications, yes, his first direction is one of a vertical horizontal or diagonal, so it would meet -- would meet the limitations of Claim 5.<br><br>301:12-302:2 (objections omitted). |

143

Source: Jenkins Decl. Ex. SS

# Apple's Expert Admitted LaunchTile Anticipates

| '381 Patent | Dr. Balakrishnan's Testimony |
|---|---|
| **Claim 7** | |
| The computer-implemented method of claim 1, wherein the electronic document is a digital image. | MR. JOHNSON: Q. Is it -- is it a digital image? |
| | THE WITNESS: So as I just said, I cannot determine if it's a digital image. It may be an image. It may be several images concatenated together. It may be some web pages. It may be lines of text. I -- I cannot make that determination just from a quick look at it. |
| | 302:16-25 (objections omitted). |
| **Claim 9** | |
| The computer-implemented method of claim 1, wherein the electronic document includes a list of items. | MR. JOHNSON: Q. Does Exhibit 114 meet the limitations of Claim 9? |
| | THE WITNESS: To the extent that if you say the whole of four images can constitute the electronic document, I would say, given this particular set of content there, there appears to be a list of -- if you don't mind, phone list and an inbox, which has a list of items there. |
| | So that -- |
| | MR. JOHNSON: Zoom in. |
| | THE WITNESS: -- the electronic document includes a list of items, which is what Claim 9 says. It doesn't necessarily mean the whole document is a list. |
| | 306:6-20 (objections omitted). |
| **Claim 10** | |
| The computer-implemented method of claim 1, wherein the second direction is opposite the first direction. | MR. JOHNSON: Q. Does it meet the limitations of Claim 10? |
| | THE WITNESS: Based on what he showed me earlier, and given the qualifications I've already made regarding Claim 1, I would say it meets Claim 10, yes. |
| | 306:6-307:2 (objections omitted). |

Source: Jenkins Decl. Ex. SS

144

# Apple's Expert Admitted LaunchTile Anticipates

| '381 Patent | Dr. Balakrishnan's Testimony |
|---|---|
| **Claim 13** | |
| The computer-implemented method of claim 1, wherein the area beyond the edge of the document is black, gray, a solid color, or white. | MR. JOHNSON: Q. But the -- the area beyond the edge includes a solid color. In this case, light blue -- <br><br> A Do you mind if I -- Q -- right, in the e-mail example? <br><br> THE WITNESS: To me, I'm looking at the area beyond the edge. It's -- the interactive area is way beyond. It has a vertical bar there, but then there's also more stuff beyond it. So it's not - the whole area is not one of those four things, as in Claim 13. <br><br> 308:7-19 (objections omitted). |
| **Claim 14** | |
| The computer-implemented method of claim 1, wherein the area beyond the edge of the document is visually distinct from the document. | MR. JOHNSON: Q. Does Exhibit 114 meet the limitations in Claim 14? <br><br> THE WITNESS: And that's an even trickier one, because I'd have to look very carefully at the content of this stuff that's bouncing around on the edge there and -- to determine if that actually is. So, for example, the bottom here -- whether -- whether that content is actually different. I'd have to study it carefully. To the extent that it is different, then I would say, yes, it meets it. It would really depend on what that content is. <br><br> 308: 20-309:7 (objections omitted). |
| **Claim 16** | |
| The computer-implemented method of claim 1, wherein changing from translating in the first direction to translating in the second direction until the area beyond the edge of the document is no longer displayed makes the edge of the electronic document appear to be elastically attached to an edge of the touch screen display or to an edge displayed on the touch screen display. | MR. JOHNSON: Q. Does claim -- does Exhibit 114 meet the limitations in Claim 16? <br><br> THE WITNESS: Can you do that first direction, second direction, and fit it up again, please. If you don't mind, I'll look at it. Whoops. <br><br> MR. LIEN: Sorry. <br><br> THE WITNESS: Or maybe I can play with it, if you don't mind. I'm having trouble looking at this thing. Yeah, okay. Do that again. It would appear to be, again, with all the caveats of -- all of the qualifications I've already made with regards to Claim 1, I would say it appears to be, this particular example, there might be an elastic connection there or elastic look to that. <br><br> 309:8-23 (objections omitted). |

Source: Jenkins Decl. Ex. SS

145

# Apple's Expert Admitted LaunchTile Anticipates

| '381 Patent | Dr. Balakrishnan's Testimony |
|---|---|
| **Claim 19** | |
| A device, comprising: a touch screen display; one or more processors; memory; and one or more programs, wherein the one or more programs are stored in the memory and configured to be executed by the one or more processors, the programs including: instructions for displaying a first portion of an electronic document; instructions for detecting a movement of an object on or near the touch screen display; instructions for translating the electronic document displayed on the touch screen display in a first direction to display a second portion of the electronic document, wherein the second portion is different from the first portion, in response to detecting the movement; instructions for displaying an area beyond an edge of the electronic document and displaying a third portion of the electronic document, wherein the third portion is smaller than the first portion, in response to the edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display; and instructions for translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion, in response to detecting that the object is no longer on or near the touch screen display. | MR. JOHNSON: Q. Does Exhibit 114 meet the claim limitations described in Claim 19 of the '381 patent?<br><br>THE WITNESS: Again, the same qualifications with regards to Claim 1 in whether this device meets that or not. To the extent that this is running a computer program, like in the Samsung phones, it clearly has one or more programs running, and then, therefore, it would meet Claim 19, again given my qualifications of Claim 1.<br><br>309:24-310:10 (objections omitted). |

Source: Jenkins Decl. Ex. SS

# Apple's Expert Admitted LaunchTile Anticipates

| '381 Patent | Dr. Balakrishnan's Testimony |
|---|---|
| **Claim 13** The computer-implemented method of claim 1, wherein the area beyond the edge of the document is black, gray, a solid color, or white. | MR. JOHNSON: Q. But the -- the area beyond the edge includes a solid color. In this case, light blue -- <br><br> A Do you mind if I -- Q -- right, in the e-mail example? <br><br> THE WITNESS: To me, I'm looking at the area beyond the edge. It's -- the interactive area is way beyond. It has a vertical bar there, but then there's also more stuff beyond it. So it's not - - the whole area is not one of those four things, as in Claim 13. <br><br> 308:7-19 (objections omitted). |
| **Claim 14** The computer-implemented method of claim 1, wherein the area beyond the edge of the document is visually distinct from the document. | MR. JOHNSON: Q. Does Exhibit 114 meet the limitations in Claim 14? <br><br> THE WITNESS: And that's an even trickier one, because I'd have to look very carefully at the content of this stuff that's bouncing around on the edge there and -- to determine if that actually is. So, for example, the bottom here -- whether -- whether that content is actually different, I'd have to study it carefully. To the extent that it is different, then I would say, yes, it meets it. It would really depend on what that content is. <br><br> 308: 20-309:7 (objections omitted). |
| **Claim 16** The computer-implemented method of claim 1, wherein changing from translating in the first direction to translating in the second direction until the area beyond the edge of the document is no longer displayed makes the edge of the electronic document appear to be elastically attached to an edge of the touch screen display or to an edge displayed on the touch screen display. | MR. JOHNSON: Q. Does claim -- does Exhibit 114 meet the limitations in Claim 16? <br><br> THE WITNESS: Can you do that first direction, second direction, and fit it up again, please. If you don't mind, I'll look at it. Whoops. <br><br> MR. LIEN: Sorry. <br><br> THE WITNESS: Or maybe I can play with it, if you don't mind. I'm having trouble looking at this thing. Yeah, okay. Do that again. It would appear to be, again, with all the caveats of -- all of the qualifications I've already made with regards to Claim 1. I would say it appears to be, this particular example, there might be an elastic connection there or elastic look, to that. <br><br> 309:8-23 (objections omitted). |

145

Source: Jenkins Decl. Ex. SS

# Apple's Expert Admitted LaunchTile Anticipates

| '381 Patent | Dr. Balakrishnan's Testimony |
|---|---|
| **Claim 19** | |
| A device, comprising: a touch screen display; one or more processors; memory; and one or more programs, wherein the one or more programs are stored in the memory and configured to be executed by the one or more processors, the programs including: instructions for displaying a first portion of an electronic document; instructions for detecting a movement of an object on or near the touch screen display; instructions for translating the electronic document displayed on the touch screen display in a first direction to display a second portion of the electronic document, wherein the second portion is different from the first portion, in response to detecting the movement; instructions for displaying an area beyond an edge of the electronic document and displaying a third portion of the electronic document, wherein the third portion is smaller than the first portion, in response to the edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display; and instructions for translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion, in response to detecting that the object is no longer on or near the touch screen display. | MR. JOHNSON: Q. Does Exhibit 114 meet the claim limitations described in Claim 19 of the '381 patent? THE WITNESS: Again, the same qualifications with regards to Claim 1 in whether this device meets that or not. To the extent that this is running a computer program, like in the Samsung phones, ==it clearly has one or more programs running, and then, therefore, it would meet Claim 19==, again given my qualifications of Claim 1. 309:24-310:10 (objections omitted). |

Source: Jenkins Decl. Ex. SS

146

# Apple's Expert Admitted LaunchTile Anticipates

| '381 Patent | Dr. Balakrishnan's Testimony |
|---|---|
| **Claim 20** | |
| A computer readable storage medium having stored therein instructions, which when executed by a device with a touch screen display, cause the device to: display a first portion of an electronic document; detect a movement of an object on or near the touch screen display; translate the electronic document displayed on the touch screen display in a first direction to display a second portion of the electronic document, wherein the second portion is different from the first portion, in response to detecting the movement display an area beyond an edge of the electronic document and display a third portion of the electronic document, wherein the third portion is smaller than the first portion, if the edge of the electronic document is reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display; and translate the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion, in response to detecting that the object is no longer on or near the touch screen display. | MR. JOHNSON: Q. And does Exhibit 114 meet Claim 1?<br><br>THE WITNESS: And my, kind of, similar answer, taking all my -- my qualifications with regards to Claim 1, you would have to have some kind of storage media, so it would meet Claim 20, with the same set of qualifications for all of the different elements.<br><br>310:11-19 (objections omitted). |

Source: Jenkins Decl. Ex. SS

# Apple's Attempt To Distinguish LaunchTile's Email List Fails

- First, Apple claims the Email List does not always bounce back when scrolling the Email List beyond the edge of the document

  - But Apple concedes the Email List sometimes bounces back when scrolling beyond the edge of the email list

    *— Apple's Reply at 15:23-27*

  - This is enough for LaunchTile to anticipate

  - "[A] prior art product that sometimes, but not always, embodies a claimed method nonetheless teaches that aspect of the invention."

    *- Hewlett-Packard Co. v. Mustek Sys., Inc.*, 340 F.3d 1314, 1326 (Fed. Cir. 2003).

148

## Apple's Attempt To Distinguish LaunchTile's Email List Fails

- Second, Apple claims: "The translation of the list in the second direction is not responding to 'an edge of the electronic document being reached' (as required by the claims)."

  –Apple's Reply at 16:1–3

- Apple mischaracterizes the claim language

- The claim language requires translation of the list in the second direction "in response to detecting that the object is no longer on or near the touch screen display," not responding to an edge of the electronic document being reached

149

# Apple's Attempt To Distinguish LaunchTile's Email List From the '381 Patent Fails

150

What is claimed is:

1. A computer-implemented method, comprising:

at a device with a touch screen display:

displaying a first portion of an electronic document;

detecting a movement of an object on or near the touch screen display;

in response to detecting the movement, translating the electronic document displayed on the touch screen display in a first direction to display a second portion of the electronic document, wherein the second portion is different from the first portion;

in response to an edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display;

displaying an area beyond the edge of the document, and

displaying a third portion of the electronic document, wherein the third portion is smaller than the first portion; and

in response to detecting that the object is no longer on or near the touch screen display, translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion.

Apple combines these two portions

Apple ignores this portion

# Apple's Attempt To Distinguish LaunchTile's Email List From the '381 Patent Fails

150

What is claimed is:

1. A computer-implemented method, comprising:

at a device with a touch screen display:

displaying a first portion of an electronic document:

detecting a movement of an object on or near the touch screen display:

in response to detecting the movement, translating the electronic document displayed on the touch screen display in a first direction to display a second portion of the electronic document, wherein the second portion is different from the first portion;

in response to an edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display:

displaying an area beyond the edge of the document, and

displaying a third portion of the electronic document, wherein the third portion is smaller than the first portion; and

in response to detecting that the object is no longer on or near the touch screen display, translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion.

Apple combines these two portions

Apple ignores this portion

# Apple's Attempt To Distinguish LaunchTile's 4-Tile and 8-Tile Grids Fails

- Relying on the reply declaration of Dr. Balakrishnan, Apple claims the 4-tile and 8-tile grids are not "electronic documents"

- Before studying LaunchTile or seeing Samsung's opposition papers, Dr. Balakrishnan gave a broad definition of "electronic document" in his deposition

- Dr. Balakrishnan's new definition in his reply declaration squarely contradicts his deposition testimony

# Dr. Balakrishnan's August 16, 2011 Broad Definition of "Electronic Document"



Q. Okay. So an electronic document is anything that can be visually represented with a defined boundary?

A. In the context of this patent and the claims, reading the patent and the claims, would say that would be a—my definition of an electronic document would be something visually representable on the screen that—that has a defined set of boundaries.

- Jenkins Decl. Ex. II; Dep. at 28:8-18
(objections omitted)[152]

# Dr. Balakrishnan Admitted That an "Electronic Document" Can Have Internal Boundaries and Does Not Have To Match the Edge of the Screen



Q.   So all I'm saying is, under your view of an electronic document, an electronic document can have a boundary that is internal to the screen or, you know, doesn't have to be at the edge of the screen right?

A.   So as I answered earlier, and my opinion is that the boundary of the electronic document, in this case, this -- this edge is one boundary of it, does not have to match the edge of the screen, yes.

- *Jenkins Decl. Ex. II; Dep. at 151:10-24* [153]
*(objections omitted)*

# The Patentee's Definition of "Electronic Document"

**Bas Ording** '381 patentee



Q.  Well, what—what—what does an "electronic document" mean?

A.  To me it means things that are electronically stored on some kind of computer, I believe. And I guess in the context of this idea, it's -- it has to do with something that's visible.

Q.  What do you mean, "something that's visible"?

A.  Or something that can be displayed somehow.

–*Jenkins Decl. Ex. HH; 20:18-21:3*
*(objections omitted)*

154

# An "Electronic Document" Can Have Internal Boundaries And Does Not Have to Match the Edge of the Screen

155

Source: Dr. van Dam Decl. p. 21-22



Electronic document



Electronic document

# Apple's Attempt To Distinguish LaunchTile's 4-Tile and 8-Tile Grids Fails

Dr. Balakrishnan admitted that an "an area beyond the edge" can include content:



- Jenkins Decl. Ex. JJ; Dr. Balakrishnan, Dep. Ex. 104[156]