# EXHIBIT X-6

# Apple's Attempt To Distinguish LaunchTile's 4-Tile and 8-Tile Grids Fails

Dr. Balakrishnan admitted an "an area beyond the edge" can include content:

Q.   Okay. And then, is it fair to say that the – the – the Blocks 14 and 20 are an area beyond the edge – of the electronic document?

A.   So, again, considering this for the first time here, I haven't thought this in detail, if, in this hypothetical scenario, the document is this two-by-four grid, labeled 15, 16, 17, 18, 21, 5 22, 23, 24, if that is the document, then anything beyond that edge would be an area outside the document beyond the edge of the document. So given those hypotheticals, area 14 and 20 would be beyond the edge of the document, given that scenario.

– Dep. at 157:19-158:10 (objections omitted)[157]




# Apple's Attempt To Distinguish LaunchTile's 4-Tile and 8-Tile Grids Fails

- Dr. Balakrishnan completely changed his definition of "electronic document" in his reply declaration

- In an attempt to distinguish the 4 and 8 tile grids in LaunchTile, Dr. Balakrishnan states:

  "Dr. Van Dam attempts to avoid these flaws by treating the internal gridlines within the 'World' and 'Zone' views as 'edges.' **These internal lines cannot be treated as "edges," however, because there is still content outside of these boundaries that the user can scroll to.**"

  *-Balakrishnan Reply Decl. at ¶¶ 28*

158

# Apple's Attempt To Distinguish LaunchTile's 4-Tile and 8-Tile Grids Fails

- Dr. Balakrishnan's new testimony directly contradicts his deposition testimony because he now claims that areas 14 and 20 cannot be an area beyond the edge



- Jenkins Decl. Ex. JJ; Dr. Balakrishnan, Dep. Ex. 104[159]

# LaunchTile Qualifies as Prior Art Under 35 USC §102(a)&(b)

- A patent is invalid if "the invention was known or used by others in this country,…before the invention thereof by the applicant for patent."

  —35 USC §102(a).

- A patent is invalid if "the invention was…in public use…in this country, more than one year prior to the date of the application for patent in the United States."

  —35 USC §102(b).

- Dr. Bederson testified that he demonstrated LaunchTile and provided devices with LaunchTile to conference attendees for use in April and May 2005

  — Dr. Bederson Decl. at ¶¶ 25 and Dep. at 159:11-160:16

160

# LaunchTile Qualifies as Prior Art Under 35 USC §102(a)&(b)

- The public demonstration and use of LaunchTile in May 2005 makes LaunchTile prior art under 35 U.S.C. § 102(a) & (b):

  "[T]he public need not have access to the 'inner workings' of a device for it to be considered 'in public use' or 'used by others….'"

  – *Lockwood v. American Airlines*, 107 F.3d 1565, 1570 (Fed. Cir. 1997).

  "[T]here is no requirement that the activities which constitute the 'on sale' or 'public use' bars be enabling, in the sense of disclosing the invention in such detail as to put the public in possession of the invention itself…."

  – *System Management Arts Inc. v. Avesta Techs., Inc.*, 87 F. Supp. 2d 258, 269-70 (S.D.N.Y. 2000).

161

# LaunchTile Qualifies as Prior Art Under 35 USC §102(a)&(b)

- A patent is invalid if "the invention was known or used by others in this country,...before the invention thereof by the applicant for patent."

  —35 USC §102(a).

- A patent is invalid if "the invention was...in public use...in this country, more than one year prior to the date of the application for patent in the United States."

  —35 USC §102(b).

- Dr. Bederson testified that he demonstrated LaunchTile and provided devices with LaunchTile to conference attendees for use in April and May 2005

  — Dr. Bederson Decl. at ¶¶ 25 and Dep. at 159:11-160:16

160

## LaunchTile Qualifies as Prior Art Under 35 USC §102(a)&(b)

- The public demonstration and use of LaunchTile in May 2005 makes LaunchTile prior art under 35 U.S.C. § 102(a) & (b):

  "[T]he public need not have access to the 'inner workings' of a device for it to be considered 'in public use' or 'used by others….'"

  – *Lockwood v. American Airlines*, 107 F.3d 1565, 1570 (Fed. Cir. 1997).

  "[T]here is no requirement that the activities which constitute the 'on sale' or 'public use' bars be enabling, in the sense of disclosing the invention in such detail as to put the public in possession of the invention itself…."

  – *System Management Arts Inc. v. Avesta Techs., Inc.*, 87 F. Supp. 2d 258, 269-70 (S.D.N.Y. 2000).

161

# LaunchTile Qualifies as Prior Art Under 35 USC §102(g)

- A patent is invalid if "before such person's invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it."

  – 35 USC §102(g)(2).

  In order to avoid a finding that a prior invention was abandoned, suppressed or concealed, under 35 U.S.C. § 102(g), the prior inventor must take affirmative steps to make the invention publicly known.  Making the invention publicly known requires only that the public enjoy the benefits or the use of the prior invention. Public use of the invention, without disclosing the details of it, is sufficient to negate any intention to abandon, suppress or conceal.

  –*Friction Division Products Inc. v. E.I. du Pont de Nemours & Co.*, 658 F. Supp. 998 (D. Del. 1998), *aff'd*, 883 F.2d 1027 (Fed. Cir. 1989).

162

# LaunchTile Qualifies as Prior Art Under 35 USC §102(g)

- A patent is invalid if "before such person's invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it."

  – 35 USC §102(g)(2).

In order to avoid a finding that a prior invention was abandoned, suppressed or concealed, under *35 U.S.C. § 102(g)*, the prior inventor must take affirmative steps to make the invention publicly known. Making the invention publicly known requires only that the public enjoy the benefits or the use of the prior invention. Public use of the invention, without disclosing the details of it, is sufficient to negate any intention to abandon, suppress or conceal.

–*Friction Division Products Inc. v. E.I. du Pont de Nemours & Co.*, 658 F. Supp. 998 (D. Del. 1998), *aff'd*, 883 F.2d 1027 (Fed. Cir. 1989).

162

# LaunchTile Qualifies as Prior Art Under 35 USC §102(g)

- LaunchTile was made in the United States before alleged conception of '381 patent

- LaunchTile was not abandoned, suppressed, or concealed

164

## Apple's Attempts to Distinguish LaunchTile Fail

- LaunchTile can be used in different ways

- Apple fails to address the invalidating uses identified by Samsung

- Apple instead points to the no "overscroll" and "desert fog" uses

- No "overscroll" and "desert fog" are irrelevant to the claim language

# Samsung's Opposition to PI – '381 Patent

## No Likelihood of Success

- '381 Patent is Invalid

  – LaunchTile

  – DiamondTouch

  – Lira

- Samsung Does Not Infringe the '381 Patent

  – "Displaying an area beyond the edge"

  – "First direction"

- Apple's Inequitable Conduct

  – Van Den Hoven

166

## Lira Anticipates the '381 Patent

- Apple does not dispute that Lira qualifies as prior art

- Apple does not dispute that Lira discloses bounce back

- Apple attempts to distinguish Lira based on Dr. Balakrishnan's new definition of "electronic document"

# Lira Anticipates the '381 Patent

- Lira invalidates if the center column of the webpage constitutes an "electronic document"

- The center column is an "electronic document" under Dr. Balakrishnan's deposition definition

- The center column is visually representable, has internal boundaries that do not have to match the edge of the screen

- Realizing the problem, Dr. Balakrishnan and Apple completely changed their definition

# Apple's Attempt To Distinguish Lira Fails



FIG. 14B

— Samsung Opposition Brief, p. 24168

# Apple's Attempt To Distinguish Lira Fails



Lira flash animation

"electronic document"

169

170

# Samsung's Opposition to PI – '381 Patent

## No Likelihood of Success

- '381 Patent is Invalid

  - SnapTile

  - DiamondTouch

- Samsung Does Not Infringe the '381 Patent

  - Displaying an area beyond the edge"

  - "First direction"

- Apple's Inequitable Conduct

  - Van Den Hoven

# Samsung Has Located Additional Invalidating Prior Art

- After filing its opposition, Samsung located the DiamondTouch prior art

- DiamondTouch is a touch screen table top device

- DiamondTouch invalidates the '381 patent claims

- Samsung identified DiamondTouch in its invalidity contentions

*- Samsung's Invalidity Contentions, Ex. G-7*

171

## Samsung Has Located Additional Invalidating Prior Art

- DiamondTouch was developed at *Mitsubishi Electric Research Laboratories (MERL)* in 2002

- The DTFlash Tablecloth application, which shows the bounceback, was publically displayed in Cambridge, MA in at least as early as Dec. 2005

- Offered for sale in and displayed to potential customers throughout 2006.

*- Samsung's Invalidity Contentions, Ex. G-7*

172

# DiamondTouch Invalidates '381 Patent



Electronic document

173

106-01



# DiamondTouch Invalidates '381 Patent

First portion

174

# DiamondTouch Invalidates '381 Patent



**Second portion**

175

106-03





178

## Samsung's Opposition to PI – '381 Patent

# No Likelihood of Success

- Samsung Does Not Infringe the '381 Patent
  - "Displaying an area beyond the edge"

# Samsung Does Not Infringe the '381 Patent



'381 Patent

"...displaying an area beyond the edge of the document..."

**Requires light to be emitted in this area**

- Apple chose the term "display[ing]" and it is used throughout the claim; use must be consistent

- Apple chose the claim language and must live with it

- One of ordinary skill in the art would understand "displaying an area" requires that some part of the area beyond the edge of the document emits light or is illuminated

- Samsung's construction is supported by the plain claim language and specification: See, e.g., '381 Patent at 3:6; 3:45; 4:8; 4:19; 9:40; 10:2; 10:12; 10:23; 12:24; 15:32; 15:33; 18:31; 22:47

*- Dr. Johnson Decl. at ¶¶ 48, 49*

179

101-01

# The Federal Circuit's Constructions of Display



The Federal Circuit has held that displaying requires the emission of light:

"Display area" and "background areas" should be limited to "illuminated" pixels.

- *Tex. Digital Sys. v. Telegenix, Inc.*, 308 F.3d 1193, 1210 (Fed. Cir. 2002).

"We conclude that the proper construction of 'local color display' is that it must 'emit perceptible red light.'"

- *Honeywell Int'l, Inc. v. United States*, 609 F.3d 1292, 1299 (Fed. Cir. 2010).

180

-*Samsung Opp. at 26*

# Samsung Does Not Infringe the '381 Patent

The claims require:

"…displaying an area beyond the edge of the document…"

**Requires light to be emitted in this area**

'381 Patent

Samsung's phones use AMOLED displays which do not emit light when black is shown on the screen

*Dr. Johnson Decl.at ¶¶ 47-62*



SAMSUNG GALAXY S 4G with AMOLED screen

*Source: Balakrishnan Decl. Ex. 13c*

181

101 - 02

# Samsung Does Not Infringe the '381 Patent

The claims require:

"...displaying an area beyond the edge of the document..."

**Requires light to be emitted in this area**

'381 Patent



SAMSUNG GALAXY S 4G with AMOLED screen

**Samsung's phones use AMOLED displays which do not light when black is shown on the screen**

*Dr. Johnson Decl. at ¶¶ 47-62*

182

*Source: Balakrishnan Decl. Ex. 13d*

101-03

# Samsung Does Not Infringe the '381 Patent

- Apple's offers no construction for "displaying an area beyond the edge of the document"

- Claim 13 requires "displaying" black with the emission of light

- Apple's products emit light when "displaying" black

- Samsung's phones do not work this way

# Samsung's Opposition to PI – '381 Patent

## No Likelihood of Success

- ~~'381 Patent is Invalid~~
  - ~~Launch Tile~~
  - ~~Lira~~
  - ~~DiamondTouch~~

- Samsung Does Not Infringe the '381 Patent
  - ~~Displaying an area beyond the edge~~
  - "First direction"

- ~~Apple's Inequitable Conduct~~
  - ~~Van Den Hoven~~

184

# Samsung Does Not Infringe the '381 Patent

- The claim requires two separate translations of an electronic document in the **same** first direction

- Samsung's products do not infringe because they do not have two translations in the same "first direction"

*-Dr. Johnson Decl. at ¶¶ 22-46*

What is claimed is:

1. A computer-implemented method, comprising:

at a device with a touch screen display:

displaying a first portion of an electronic document;

detecting a movement of an object on or near the touch screen display;

in response to detecting the movement, ==translating the electronic document displayed on the touch screen display in a first direction to display a second portion== of the electronic document, wherein the second portion is different from the first portion;

in response to an edge of the electronic document being reached while ==translating the electronic document in the first direction== while the object is still detected on or near the touch screen display:

displaying an area beyond the edge of the document, and

displaying a third portion of the electronic document, wherein the third portion is smaller than the first portion; and

in response to detecting that the object is no longer on or near the touch screen display, translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion.

185