# EXHIBIT X-7
# (Public Redacted Version)

# Samsung Does Not Infringe the '381 Patent

- Two-dimensional movement is possible and use of these applications does NOT meet both "first direction" limitations



Figure 2. Image prior to translation.



Figure 3. Image translated in "Direction A"



Figure 4. Image translated in "Direction B"

*-Dr. Johnson Decl. Figure 4* 186

# Samsung Does Not Infringe the '381 Patent

- Samsung's construction:

  "[I]n order to meet both 'first direction' limitations, a document must be translated in the same direction when displaying the second portion of the electronic document as when reaching the edge of the document."

  *-Dr. Johnson Decl. at ¶ 26*

187

# Samsung's Construction Is Supported by the Specification



Arrow indicates same "first direction"

*-Dr. Johnson Decl. at ¶ 24 (citing '381 Patent at 15:16-19; 20:60-67; 24:10-15; 27:12-17; 29:21-40; Figs. 8A-8C*

188

# If Anything, the Claims are Indefinite

- Apple offers no construction for "first direction"

- Neither Apple nor its expert have been able to define "first direction"

- Dr. Balakrishnan's testimony shows "first direction" is indefinite



| Example | Balakrishnan Testimony |
|---|---|
| zig – zag | same "first direction"<br>Exhibit 3 (Balakrishnan Depo. Tr.) at 108:22-111:7. |
| arc | same "first direction"<br>Exhibit 3 (Balakrishnan Depo. Tr.) at 103:8-17. |
| up then down | NOT same "first direction"<br>Exhibit 3 (Balakrishnan Depo. Tr.) at 97:15-98:20. |
| straight line | NOT humanly possible<br>Exhibit 3 (Balakrishnan Depo. Tr.) at 100:18-101:3. |

-Dr. Johnson
Decl. Fig. 1

189

# Apple Mischaracterizes Samsung's Construction

Apple states: "Under the plain language of the patent claims, in light of the specification and common sense, translating or moving a document in a "first direction" by scrolling on a touch screen does not require that a human finger or stylus move in precisely straight lines without variation."

*-Apple Reply at 11:9-12*

- Apple confuses movement of a finger or stylus with movement of an "electronic document"

- Samsung's construction requires that the "electronic document," not a finger or stylus, move in the same "first direction"

190

# The Patentee of the '381 Patent Confirms Claim Construction Is Necessary

- Mr. Ording has 13 years experience in user interface design

- Mr. Ording confirmed the claim language is not easily understood:

> Q.  [D]o you think that a person who is skilled in human interface design would be able to understand the claims as they're written?
>
> A.  I don't – I don't know that.
>
> *- Jenkins Decl. Ex. HH at 147:10-16*

> Q.  That's not language [i.e. first/second/third/fourth portion] you would have chosen?
>
> A.  That's not words that a person would use to describe it."
>
> *- Jenkins Decl. Ex. HH at 189:4-9* 191

## The Invalidity and Non-Infringement Issues Show That Claim Construction is Necessary

- "electronic document" requires construction

- "edge of the electronic document" requires construction

- "displaying an area beyond the edge of the document" requires construction

- "first direction" requires construction

192

# Samsung's Opposition to PI – '381 Patent

## No Likelihood of Success

- '381 Patent is Invalid
  - LaunchTile
  - Lira
  - DiamondTouch

- Samsung Does Not Infringe the '381 Patent
  - "Displaying an area beyond the edge"
  - "First direction"

- Apple's Inequitable Conduct
  - Van Den Hoven

193

# The '381 Patent is Unenforceable Due to Inequitable Conduct

- At Apple's request, examination of the '381 patent was accelerated, imposing upon the applicant a duty to search for and disclose material prior art

- Despite having multiple opportunities to do so, Van Den Hoven was a material reference that was not disclosed to the PTO during prosecution of the '381 patent

- The prosecutor of the '381 patent was aware of the Van Den Hoven reference, as it was disclosed in a contemporaneous and related patent prosecution

194



# Apple Knew About the Van Den Hoven Reference

From same provisional app.

'381 Patent

'975 Patent

List Scrolling and Document Translation, Scaling, and Rotation on a Touch-Screen Display

Continuous Scrolling List with Acceleration

| | '381 Patent | '975 Patent |
|---|---|---|
| Inventor: | Bas Ording | Bas Ording |
| Prosecuting attorney: | Robert Beyers | Robert Beyers |
| PTO Examiner: | **Boris Pesin** | **Alexander Eisen** |

195

102



# Apple Knew About the Van Den Hoven Reference

**'975 Patent**

**12/23/05**
Application filed ('551)

**1/23/08**
IDS filed disclosing Van Den Hoven reference

**12/18/08**
USPTO rejects all claims with at least some rejected due to Van Den Hoven

2005  2007  2008  2011

**6/2/08**
Personal interview

**6/30/08**
Phone interview

**8/4/08**
Phone interview

**10/29/08**
Notice of Allowance

**1/13/11**
IDS filed during re-exam: addt'l prior art disclosed

**12/14/07**
Application filed ('969): 3 references disclosed (not Van Den Hoven)

**4/30/08**
IDS filed: 1 addt'l reference

**7/18/08**
IDS filed: 63 addt'l references (5 foreign)

**10/6/08**
IDS filed: 8 addt'l references (3 foreign)

**72 additional references but never disclosed Van Den Hoven**

**12/23/08**
Application issued as the '381 patent

**'381 Patent**

196

103-06

## Van Den Hoven Is Material

- Van den Hoven discloses "bounce" when reaching the end of a sequence of images

  *-Dr. van Dam Decl. ¶34*

- "The scrolling 107 of the sequence 102 can be made infinitely long by letting the first representation in the sequence 102 follow the last representation, or by **automatically reversing the direction of the scrolling 107**."

  *- Dr. van Dam Decl. Ex. 5 at 6*

197

# Van Den Hoven Is Material

- Van Den Hoven is material because the examiner found that none of the prior art references disclosed this aspect of the claims:

> The following is an examiner's statement of reasons for allowance: In regards to the independent claims 1, 19 and 20, the prior art found does not teach… in response to detecting that the object is no longer detected on or near the touch screen display, translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed…

> *- Godici Decl. Ex. 8-7 (Notice of Allowance at 4-5) APLNDC0004383-84*

198

# Van Den Hoven Is Not Cumulative

- Collins discloses bounce when a finger is **still in contact** with the screen:

  *- Dr. Balakrishnan Reply Decl. Ex. F at [0038]*

- Van Den Hoven discloses bounce when the finger **no longer contacts** the screen which is required by the claim language "in response to detecting that the object is no longer on or near the touch screen display"

  *- Dr. van Dam Decl. Ex. 5 at 5*

199

# Apple's PI Motion Should Be Denied

- Apple cannot **prove** likelihood of success on the merits
  - Apple is not **like**ly to prevail on the D'677 and D'087 patents
  - Apple is not **like**ly to prevail on the D'889 patent
  - Apple is not **like**ly to prevail on the '381 patent

- **Apple has not demonstrated irreparable harm**

- The balance of equities tips against Apple

- The public interest favors denial of Apple's motion

200

001-05

# Apple Must Provide Actual Evidence of Irreparable Harm

- "We take this opportunity to put the question to rest and confirm that eBay jettisoned the presumption of irreparable harm as it applies to determining the appropriateness of injunctive relief.  In so holding, we join at least two of our sister circuits that have reached the same conclusion as it relates to a similar presumption in copyright infringement matters."

    - *Robert Bosch LLC v. Pylon Mfg. Corp.*, No. 2011-1096, slip op. at 10 (Fed. Cir. Oct. 12, 2011).

- "When the patented invention is but a small component of the product the companies seek to produce and the threat of an injunction is employed simply for undue leverage in negotiations, legal damages may well be sufficient to compensate for the infringement and an injunction may not serve the public interest."

    - *eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 396-97 (2006) (Kennedy, J., concurring).

201

274



# Apple Admits That No Devices Compete Directly With Its iPhone



*Apple's Statement on the Public Interest*

==No other smart-phone device can be considered directly competitive to Apple's iPhones.== First, the content supported by the iPhone is not compatible with any other non-Apple device. Apple iPhones function on a different operating system than other smart-phones. Second, whereas iPhone content is downloaded and purchased from the Apple App Store, other smart-phones such as the Android cannot access the App Store or operate App Store content and instead offer different, incompatible applications.

–p. 5

206

# Apple's Witnesses Admit No Loss of Customers or Erosion of Brand Distinctiveness



## Sissie Twiggs



Q.   Do you believe you lost any customers? "You" meaning Apple?

A.   There are probably—there are probably a few customers we lost.

Q.   Do you have any evidence of that or are you just speculating?

A.   I don't have any evidence of that. My guess—my guess is that we lost some customers.

Q.   That is your guess, not supported by any information; correct?

A.   I don't have the sales figures.

—192:13-23

207

282-01

# Apple's Witnesses Admit No Loss of Customers or Erosion of Brand Distinctiveness



## Sissie Twiggs



Q. Do you have any evidence of erosion of Apple's distinctiveness in customers' minds as a result of Samsung's phones?

A. I don't have evidence.

–193:6-9

208





# Apple Presents No Evidence It Will Lose Market Share

- Apple only cites evidence that Samsung and Apple compete with one another

- Apple ignores the impact of competition with others. Apple offers no evidence that it, as opposed to any other competitor, would absorb Samsung's customers:

| | | |
|---|---|---|
| HTC | Motorola | Acer |
| RIM | Lenovo | Asus |
| Nokia | Toshiba | Viewsonic |
| Sony Ericsson | Lenovo | Dell |
| HTC | LG | |

211





# Apple Mischaracterizes Testimony of Samsung's Expert



**Apple's Reply Brief**

Wagner "confirmed the importance of Apple's distinctive designs in driving demand."

*–p. 18*

# Apple Mischaracterizes Testimony of Samsung's Expert



**Apple's Reply Brief**

Wagner was consistently asked about "design" as including functional design and hardware specifications—not the design that can be protected by patent.

*–p. 19*



# Apple's Unreasonable Delay: Bounce Feature





**2007**

Accused bounce feature introduced in Samsung Haptic

(Dennison Dep. at 175:9-176:15)

**3/2010**

Apple COO Tim Cook sends CEO Steve Jobs a YouTube link describing Samsung's Galaxy Si9000 and showing bounce feature

| 2007 | 2008 | 2009 | 2010 | 2011 |

217