1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S MOTION TO EXTEND TIME FOR COMPLIANCE WITH CERTAIN DEADLINES SET BY THE COURT'S DECEMBER 22, 2011 ORDER PURSUANT TO L.R. 6-1 AND 6-3** |

Pursuant to Local Rules 6-1(b) and 6-3, Samsung hereby moves the Court to extend the period for compliance with certain deadlines set by the Court's December 22, 2011 Order (Dkt. No. 537).  Despite its ongoing productions and its herculean efforts to collect, process and produce a substantial amount of additional documents in a nine-day period over the winter holidays as required by the Court's Order, Samsung has now confirmed that full compliance by the December 31 deadline will be physically impossible with respect to a few document sub-categories.  Samsung therefore respectfully requests a short extension of that deadline to January 9, 2011 – an extension that will not impact the case calendar nor prejudice Apple in any way.

## FACTUAL BACKGROUND

On December 8, 2011 Plaintiff Apple, Inc. ("Apple") filed a Motion to Compel Production of Documents and Things.  (Dkt. No. 467).  On December 22, 2011, the Court issued an Order Granting-in-Part Plaintiff's Motion to Compel.  (Dkt. No. 537).  The Court ordered Samsung to produce four broad categories of documents by December 31, 2011.  (*Id*.)

Both before and after the Court issued the Order, Samsung has been involved in an immense effort to collect and complete production of all documents subject to the Court's Order. (Declaration of Hankil Kang (filed herewith), ¶ 4.)  Given the massive volume of data that had to be collected pursuant to the Order, and the physical limitations on how much Samsung's current e-discovery vendor could process in such a short period of time (nine days over the holiday period), Samsung has engaged an additional discovery vendor to assist in collecting and processing the requested documents.  (*Id*.)  This new e-discovery vendor has had to obtain additional servers to process the volume of data required by the Court's Order, and is processing the data at data centers in three different countries in an effort to expedite the production of these documents to the greatest extent possible.  (*Id*.)  Samsung also has directed its outside counsel to hire additional attorneys to assist in the expedited review process, given the amount of data involved and the limited availability of certain personnel over this nine-day holiday period.  (*Id*.)  Both Samsung and its outside counsel have worked straight through the holidays, including on Christmas Eve and Christmas Day, in Samsung's attempt to meet the Court's deadlines.  (*Id*.)  Samsung also has had to contact various custodians at their homes over the holidays in order to conduct additional

document collection interviews.   (*Id*.)   Further, Samsung representatives have personally couriered hard drives with data from Korea to the United States during this holiday period, in order to deliver the data to the relevant personnel as quickly as possible.   (*Id*.)

Samsung anticipates being able to comply in full with two of the four categories of documents referenced in the Court's December 22 Order by the December 31 deadline, and to comply in part with the other two categories.   Despite its extensive efforts, however, the sheer breadth of Apple's requests makes it impossible for Samsung to complete production of all portions of the latter two categories of responsive documents by December 31, 2011.   (*Id*. ¶ 5.) Specifically, based on Samsung's e-discovery vendor's current estimates, for the portion of item 2 of the Court's Order referencing designer emails, while this production has already commenced and is ongoing, Samsung anticipates that some design history emails for some of the relevant custodians will not be complete by December 31.   (*Id*.)   Additionally, for item 4 of the Court's order, while this production has already commenced and is ongoing, Samsung anticipates that some responsive documents for some of the customer survey custodians (in particular, those custodians who were discovered just this month) will not be complete by December 31. (*Id*.) While Samsung intends to produce these documents on a rolling basis, based on its current estimates Samsung believes that the production of these two subsets of documents will not be completed until January 9, 2011.

**ARGUMENT**

**I.    Despite Samsung's Best Efforts To Comply Fully With The Court's December 22, 2011 Order, Samsung Requires Additional Time To Comply With Just Two Subsets Of The Many Categories Of Documents Called For By That Order.**

Samsung has worked diligently – and literally around the clock – to expedite the collection and production of documents requested by Apple and ordered produced by this Court.   Well before the Court's December 22, 2011 Order, Samsung had already begun to produce source code and design history documents (including emails, documents, mockups, CAD files, sketchbooks and the like) relating to the Samsung accused products.   Samsung also had already collected and produced documents that reference the Apple products from its designers and relevant customer

survey custodians, in compliance with the Court's earlier September 28, 2011 Order. Nevertheless, Apple's demands as ordered by the Court require substantial additional efforts.

Since the Court's December 22, 2011 Order, despite already reaching its limits as to time and resources, Samsung has redoubled its efforts. Samsung has engaged an additional document vendor (which vendor has in turn obtained additional servers in three countries on two continents), and has hired additional attorneys to assist in collecting, reviewing and producing documents over this holiday period. Samsung's counsel has worked straight through the holidays, including on Christmas Eve and Christmas Day, and Samsung has worked hard to try to overcome the significant barriers it has faced with the holiday vacation schedules of its employees and vendors.

Samsung's ongoing efforts thus far have resulted in the substantial collection and production of documents – which Apple has demanded be expedited for little reason other than to prompt Samsung's production several months in advance of the close of fact discovery. Since Apple filed its motion to compel, Samsung has produced nearly 40,000 pages of documents from at least ten custodians. As of this filing, Samsung believes it will be in full compliance with two of the four categories of documents called for by the December 22 Order – specifically, item #1 regarding certain source code, and item #3 regarding certain documents referencing Apple's products – on or before the December 31 deadline. (Dkt. No. 537). Samsung also anticipates that its production will be complete regarding most of the subcategories of design history documents pursuant to item #3, such as CAD files, sketchbooks, mockups and the like. Samsung further anticipates that its production will be partially complete with respect to item #4, customer survey documents referencing Apple products.

Nevertheless, despite these extensive efforts to comply with the Order, Samsung has encountered yet additional unforeseen difficulties that have slowed the production process to the point where Samsung will not be able to comply in full with certain subsets of two of the categories of documents called for by the Order's December 31, 2011 deadline. The primary obstacle is the sheer volume of data that Apple is seeking, and the breadth of the search terms which must be used to locate responsive documents. In many instances, individual custodians possess hundreds of gigabytes of potentially responsive documents, while central files may

contain terabytes of potentially responsive documents.   It has taken several days to even transfer the data from Samsung to vendors for processing (which requires complicated decryption efforts, among other things), and several more days to make the data available to outside counsel for review (due to physical limits on computing time).   Further complicating matters, access to custodians' files has been limited due to the holiday travel schedules of Samsung employees, many of whom were out of the office before the Court issued the December 22, 2011 Order.

Thus, despite Samsung's diligent efforts to comply with the Court's Order, Samsung will need a brief extension of the deadline for completing production of certain subsets of documents. Specifically, based on Samsung's e-discovery vendor's current estimates, for the portion of item 2 of the Court's Order referencing designer emails, while this production has already commenced and is ongoing, Samsung anticipates that some design history emails for some of the relevant custodians will not be complete by December 31.   (Kang Decl. ¶ 5.)   Additionally, for item 4 of the Court's order, while this production has already commenced and is ongoing, Samsung anticipates that some responsive documents for some of the customer survey custodians (in particular, those custodians who were discovered just this month) will not be complete by December 31.   (*Id*.)   While Samsung intends to produce these documents on a rolling basis, based on its current estimates Samsung believes that the production of these two subsets of documents will not be completed until January 9, 2011.   This date represents the earliest possible date by which Samsung currently believes it will be able to complete production of all documents that are the subject of the Court's Order.   If Samsung is able to complete its production sooner than January 9, it will do so.

**II.    Samsung Has Sought Apple's Stipulation, But Apple Has Refused Without Explanation.**

Yesterday, Samsung's counsel informed counsel for Apple of the logistical impossibility Samsung was facing in its attempts to complete this production by December 31, and requested that Apple stipulate to a brief extension of Samsung's December 31 deadline for just two small subsets of the four large categories of documents ordered produced by that date.   Inexplicably,

Apple refused Samsung's request, despite the fact that Apple will suffer no prejudice by this brief extension.

### III. Samsung's Requested Extension Will Have No Impact On The Case Schedule.

In this motion, Samsung does not ask that the Court change any of the deadlines set for the close of discovery or for trial.   (*See* Dkt. No. 187.)   The parties have previously stipulated to minor extensions of the Court's deadlines for various depositions and briefing (*see* Dkt. Nos. 119, 125, 146, 208, 322, 443), but the schedule for the close of discovery or for the trial has not been modified by stipulation or by Court order.   The current requested extension also will have no impact on Apple's ability to conduct any of the upcoming scheduled depositions of Samsung witnesses (which begin in mid-January), as Samsung is prioritizing the productions related to those deponents.   Samsung will complete these productions at least three days in advance of those depositions, in compliance with the Court's December 22 Order.

### CONCLUSION

For the foregoing reasons, Samsung respectfully requests that this Court extend Samsung's deadline to comply with the Court's December 22, 2011 Order in certain respects as set forth above from December 31, 2011 to January 9, 2012.

DATED: December 29, 2011          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Victoria Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC