# EXHIBIT 1

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Charles K. Verhoeven (Bar No. 170151)
2    charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5    Kevin P.B. Johnson (Bar No. 177129)
     kevinjohnson@quinnemanuel.com
6    Victoria F. Maroulis (Bar No. 202603)
     victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone: (650)     801-5000
   Facsimile: (650)     801-5100
9

10   Michael T. Zeller (Bar No. 196417)
     michaelzeller@quinnemanuel.com
11 865 S. Figueroa St., 10th Floor
   Los Angeles, California 90017
12 Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
13

14 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
15 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16

17                    UNITED STATES DISTRICT COURT

18              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19

| 20 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
|---|---|---|
| 21 | Plaintiff, | **SAMSUNG'S REPLY CLAIM CONSTRUCTION BRIEF** |
| 22 | vs. | |
| 23 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **Date: January 20, 2012**<br>**Time: 10:00 am**<br>**Place: Courtroom 8, 4th Floor**<br>**Judge: Hon. Lucy H. Koh** |
| 24 | | |
| 25 | | [PROPOSED] PUBLIC REDACTED |
| 26 | Defendant. | |
| 27 | | |

28

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................1

II. LEGAL AUTHORITIES ................................................................................................ 1

III. ARGUMENTS ................................................................................................................ 2

    A. The '711 Patent .................................................................................................... 2

    B. "Applet" ............................................................................................................... 3

        1. Nothing in the Intrinsic Evidence Supports Apple's "Operating System Independent" Limitation.................................................... 3

        2. Apple's Expert Witness Testimony Cannot Overcome the Clear Intrinsic Evidence................................................................................. 4

        3. Apple's Cherry-Picked Extrinsic Evidence Cannot Overcome the Clear Intrinsic Evidence ................................................................... 5

        4. Apple's Reasoning Has Already Been Rejected by the Federal Circuit ..................................................................................................5

IV. CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Howmedica Osteonics v. Wright Medical Tech.*,
   540 F.3d 1337 (Fed. Cir. 2008) ............................................................................................. 5

*Liquid Dynamics Corp. v. Vaughan Co., Inc.*,
   355 F.3d 1361 (Fed. Cir. 2004) ............................................................................................. 1

*On-Line Tech. v. Bodenseewerk Perkin-Elmer*,
   386 F.3d 1133, 73 U.S.P.Q. 2d 1116 (Fed. Cir. 2004) ..................................................... 1, 4

*Phillips v. AWH Corp.*,
   415 F.3d 1303, 75 U.S.P.Q. 2d 1321 (Fed. Cir. 2005) ..................................................... 1, 5

*SuperGuide Corp. v. DirecTV Enterprises, Inc.*,
   358 F.3d 870 (Fed. Cir. 2004) ....................................................................................... 2, 4, 6

*Vitrionics Corp. v. Conceptronic Inc.*,
   90 F.3d 1576 (Fed. Cir. 1996) ............................................................................................... 1

## I. INTRODUCTION

Samsung respectfully submits this reply brief regarding the disputed claim term "applet" from Samsung's 7,698,711 patent (the "'711 Patent"). Apple's response brief (Dkt. No. 0540, "Resp. Br.") disregards well settled Federal Circuit claim construction law by ignoring the intrinsic record and relying entirely on cherry-picked extrinsic evidence. The overwhelming evidence demonstrates that "applet" should be construed to include both operating system independent and operating system dependent applets. There is simply no basis in the intrinsic or extrinsic record for limiting "applet" to one that is operating system independent. Apple's carefully selected extrinsic evidence proves unpersuasive in light of the non-limiting intrinsic record, a complete view of the extrinsic evidence, and the testimony of Apple's own expert, as well as Samsung's. Accordingly, Samsung's construction should be adopted by the Court.

## II. LEGAL AUTHORITIES

It is undisputed that claims are construed as "a person of ordinary art understands a claim term" because "[it] [is] well-settled [*sic*] that inventors are typically persons skilled in the field of the invention and that patents are addressed to and intended to be read by others of skill in the pertinent art." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313, 75 U.S.P.Q.2d 1321 (Fed. Cir. 2005) (*en banc*), *cert. denied*, 546 U.S. 1170, 126 S. Ct. 1332 (2006).

"It is well-settled that, in interpreting an asserted claim, the court should look first to the intrinsic evidence of record, i.e., the patent itself, including the claims, the specification and, if in evidence, the prosecution history. Such intrinsic evidence is the most significant source of the legally operative meaning of disputed claim language." *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 355 F.3d 1361, 1367 (Fed. Cir. 2004) (*quoting Vitrionics Corp. v. Conceptronic Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996)).

Extrinsic evidence such as expert testimony and dictionaries can be helpful construing the terms, but cannot overcome contradictory intrinsic evidence. The Court must ignore expert testimony attempting to alter the unambiguous scope of a patent term. *On-Line Tech. v. Bodenseewerk Perkin-Elmer*, 386 F.3d 1133, 1139, 73 U.S.P.Q.2d 1116, 1121 (Fed. Cir. 2004)

("Extrinsic evidence, however, cannot be used to alter a claim construction dictated by a proper analysis of the intrinsic evidence.").

Further, an unmodified claim term describing a known, general area of technology cannot be limited to the most popular or common mode of implementation if a person of ordinary skill in the art has knowledge of other modes of implementing the technology. *SuperGuide Corp. v. DirecTV Enters., Inc*. 358 F.3d 870, 880 (Fed. Cir. 2004) (overturning the District Court's narrow construction of "regularly received television signal" because "[a]lthough analog may have been the dominant format of video data when the '578 patent application was filed, we have little doubt that those skilled in the art knew of the existence of digital video data at the time.").

## III.  ARGUMENTS

### A.  The '711 Patent

As described in Samsung's Opening Brief, one of the '711 Patent's inventive features is implementing multi-tasking with the music background play object. Apple appears to agree, devoting a significant number of pages in its brief reinforcing what Samsung has already presented to the Court. Unlike the prior art that merely used simple programs to play music files, the invention's "music background play object," which "includes an application module including at least one applet," "provid[es] an interface for music play." '711 Patent Cl. 1; Resp. Br. p. 2-8.

Apple attempts to reframe the issue—broadly grouping together all "mobile phone[s] that play[] music"[1] and debating if certain types of applets are or are not operating system dependent. Resp. Br. p. 4-9. The record is clear, both operating system dependent and independent applets existed at the time of invention, and a person of ordinary skill in the art at the pertinent time would not limit the term "applet" to require operating system independence, as Apple proposes.

---

[1] Samsung notes that Apple is unlikely to take this broad stroke position if/when attempting to assert its own, later dated, patents regarding mobile phone music players.

B.    "Applet"

| Samsung's Proposed Construction | Apple's Proposed Construction |
|---|---|
| "A small application designed to run within another program." | "An operating system-independent computer program that runs within an application module." |

Although Apple makes much of minute differences between the constructions, the dispute boils down to a single issue: whether the term "applet" is limited to one type of applet—the operating system independent applet (as Apple asserts), or if the term can be either operating system independent or operating system dependent (as Samsung asserts). ███████████
███████████
███████████ Givargis Dep. at 81:8-13 (Ex. A)[2] ███████████
███████████ Givargis Dec. at ¶ 42 (agreeing "applets" are "small").

### 1.    Nothing in the Intrinsic Evidence Supports Apple's "Operating System Independent" Limitation

The weight of the intrinsic and extrinsic evidence supports Samsung's construction—that "applet" in the '711 Patent is not limited to operating system independent applets. Both parties agree:

1. ███████████
███████████ Givargis Dep. at 36:15-23, 39:17-40:1 (Ex. B);

2. ███████████
███████████ *See, e.g., Id.* at 39:17-40:1 (Ex. B);

3. ███████████
███████████ *Id.* at 35:25-36:4 (Ex. C);

---

[2] Citations to "Ex. __" refer to the Declaration of Todd M. Briggs in Support of Samsung's Reply Claim Construction Brief and the exhibits thereto.

4. ██████████████████████████████████████████████
██████████████████████████████████████████████ *Id.* at 40:13-
23; 41:17-19 (Ex. D); and

5. ██████████████████████████████████████████████
████████████████ *Id.* at 41:25-42:8 (Ex. E).

Because of this overwhelming evidence that Apple does not, and cannot dispute, Apple's brief concentrates exclusively on the mere existence of operating system independent applets and argues that this mere existence somehow limits the claims to operating system independent applets. Given that both types of applets existed at the time of invention, and that persons of ordinarily skill in the art, like the inventor of the '711 Patent, had knowledge of and actively developed operating system dependent applets, it would be improper to limit "applet" to an operating system independent type. *SuperGuide,* 358 F.3d at 880.

### 2. Apple's Expert Witness Testimony Cannot Overcome the Clear Intrinsic Evidence

Apple's entire argument relies on carefully selected extrinsic evidence, including unsupported expert testimony. Such evidence "cannot be used to alter a claim construction dictated by a proper analysis of the intrinsic evidence." *On-Line Tech.*, 386 F.3d at 1139.

Apple's only evidence that "applet" must be limited to "operating system independent applets" is the testimony of its expert witness. ████████████████████████
██████████████████████████████████████████████████████████████████████
██████████████████████████████████████████ *See, e.g.,* Givargis Dep. at 40:5-9 (Ex. F); Givargis Dec. ¶ 44. ████████████████████████████████
██████████████████████████████████████████████████████████ *See, e.g., Id.* Such unsupported expert opinion cannot overcome a clear intrinsic record that places no operating system independent limitation on the term "applet."

Even if it were supported, Dr. Givargis's opinion alone cannot overcome the clear intrinsic evidence, which does not in any way require that an applet be operating system independent. *On-Line Tech.*, 386 F.3d at 1140 (reversing a district court's adaptation of an expert witness'

narrowing construction because it contradicted the intrinsic evidence).  As such, Apple's unsupported limitation proffered by an expert witness should be rejected.

### 3. Apple's Cherry-Picked Extrinsic Evidence Cannot Overcome the Clear Intrinsic Evidence

Through a carefully selected set of extrinsic evidence, Apple implies that a person of ordinary skill in the art was only aware of one type of applet, the operating system independent variety of Java applets.  Givargis Dep. at 70:24-71:6 (Ex. G)  73:1-11 (Ex. G); Givargis Dec. at ¶¶44-54.

Such litigation inspired selections of extrinsic evidence fails to properly inform the Court regarding the full knowledge of the person of ordinary skill in the art.  *Howmedica Osteonics v. Wright Med. Tech.*, 540 F. 3d 1337, 1346 (Fed. Cir. 2008)(*citing Phillips*, 415 F.3d at 1319 (holding that extrinsic evidence should only be "considered in the context of the intrinsic evidence, if it can help educate the court regarding the field of the invention and can help the court determine what a person of ordinary skill in the art would understand claim terms to mean.")).

### 4. Apple's Reasoning Has Already Been Rejected by the Federal Circuit

The Federal Circuit has already rejected Apple's claim construction reasoning.  Apple reasons that those of ordinary skill in the art may have assumed that the term "applet" meant Java applet, that a Java applet is <u>commonly</u> operating system independent, and therefore all applets must be operating system independent.  *See, e.g.,* Givargis Dep. at 53:10-11 (Ex. H) 94:3-4 (Ex. H) Givargis Dec. at ¶ 42 (defining "applet" as "a small program <u>typically</u> written in Java"), ¶ 45 ("applets <u>can be</u> independent of the host platform").

1    Even taken at face value, Apple's evidence contradicts its construction, that an "applet"
2 must be operating system independent.  Apple offers no evidence that a person of ordinary skill in
3 the art understood "applet" to be exclusively an operating system independent applet.
4    Similar reasoning was rejected by the Federal Circuit in *SuperGuide*.  There, the Federal
5 Circuit overturned a narrow construction of "regularly received television signal."  *SuperGuide*,
6 358 F.3d at 880.  According to the Federal Circuit, the lower court improperly limited the term to
7 analog signals, the only commercially used signals at the pertinent time, because a person of
8 ordinary skill in the art had knowledge of digital signals as well.  *Id.*  The Federal Circuit held that
9 the lower court's approach, which mirrors Apple's in this case, was improper because not even the
10 dominance of analog signals at the time of invention warranted importing a limitation not found in
11 the intrinsic record.  *Id.*  The pertinent inquiry is the knowledge of the person of ordinary skill in
12 the art, not commonality.  *Id.*  As in that case, here, the record establishes that a person of ordinary
13 skill in the art had knowledge of both types of applets, and the unmodified term should not be
14 limited.
15    Lastly, Apple's assertion that AppleScript applets are operating system independent lacks
16 credibility.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
17 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Givargis Dep. at 86:12-25; 87:21-88:2 (Ex.
18 I). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
19 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[3]  *Id.*  Even if
21 true, this assertion supports Samsung's construction that the term "applet" encompasses both
22 operating system dependent and independent applets.  Further, adapting this reasoning would
23 remove any meaning to the phrases "operating system dependent" and "operating system

---

[3] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Givargis Dep. at 86:4-17 (Ex. J) ▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

independent," both of which were known and used by a person of ordinarily skill in the art at the time of the invention.

## IV. CONCLUSION

Nothing in the intrinsic or extrinsic record limits the term "applet" to "operating system independent" applets. Consequently, the Court should reject Apple's construction and adopt Samsung's construction.

DATED: December 29, 2011

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC