# EXHIBIT V

*MAY CONTAIN CONFIDENTIAL BUSINESS INFORMATION*
*SUBJECT TO PROTECTIVE ORDER*

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**WASHINGTON, D.C.  20436**

**Before The Honorable Theodore R. Essex**
**Administrative Law Judge**

In the Matter of

**CERTAIN MOBILE DEVICES AND**                    **Inv. No. 337-TA-750**
**RELATED SOFTWARE**

**PRE-TRIAL STATEMENT AND BRIEF OF THE**
**COMMISSION INVESTIGATIVE STAFF**

Lynn I. Levine, Director
Anne Goalwin, Supervisory Attorney
Lisa M. Kattan, Investigative Attorney

**OFFICE OF UNFAIR IMPORT INVESTIGATIONS**
U.S. International Trade Commission
500 E Street, SW., Suite 401
Washington, D.C.  20436
202.205.2058 (Phone)
202.205.2158 (Facsimile)

September 9, 2011

Highly Confidential – Attorney's Eyes Only                    APLNDC-X0000006648

1.  **proximity image representing a scan of a plurality of electrodes / proximity image (claims 1, 10, 24)**

| Claim Term | Apple and Staff's Proposed Constructions | Motorola's Proposed Constructions |
|---|---|---|
| "proximity image representing a scan of a plurality of electrodes" (claims 1, 24) | a proximity image where the data corresponds to signals from a plurality of electrodes | a two-dimensional pixilated image corresponding to a two-dimensional array of pixilated electrodes wherein each pixel represents self-capacitance measured at a single electrode during a particular scan cycle |
| "proximity image" (claims 1, 10, 24) | an array of proximity data | *see* "proximity image representing a scan of a plurality of electrodes" |

Staff agrees with Apple's construction of these terms.[7]  The specification of the '828 Patent supports Apple's construction.  *See* APHB at 49-50.  In contrast, Motorola's construction attempts to limit the term to self-capacitance, and read out mutual capacitance, which the plain meaning of the claims terms does not warrant.  *See* APHB at 50-51.  Motorola's construction likewise improperly reads in other limitations from particular embodiments in the specification.  *Id.*

2.  **segmenting each proximity image into one or more pixel groups that indicate significant proximity (claim 1)**

| Claim Term | Apple and Staff's Proposed Construction | Motorola's Proposed Constructions |
|---|---|---|
| "segmenting each proximity image into one or more pixel | collecting pixels in each proximity image into one or more pixel groups that are | plain and ordinary meaning |

---

[7] The Staff proposed a different construction for this term during preliminary claim construction, but has determined at this time that Apple's construction is the correct one.

*MAY CONTAIN CONFIDENTIAL BUSINESS INFORMATION*
*SUBJECT TO PROTECTIVE ORDER*
Highly Confidential – Attorney's Eyes Only

| Claim Term | Apple and Staff's Proposed Construction | Motorola's Proposed Constructions |
|---|---|---|
| groups that "indicate significant proximity" | identified by their proximity values | |

Apple and the Staff's construction should be adopted because the evidence will show that Apple and Staff have proposed the plain and ordinary meaning of the term. *See* APHB at 51-52, *citing* CX-201C (Balakrishnan Direct Witness Statement) at Q.405-411; JX-003 ('828 Patent) at 8:61-63 ("image segmentation means for collecting into groups those proximity image pixels intensified by contact of the same distinguishable part of a hand."); *id.* at 19:2-5 and 23:8-25:2.

Motorola's also proposes that the term be given its plain and ordinary meaning, however its construction does not require that the claimed system be able to segment images with more than one pixel group into distinguishable parts. *See* MPHB at 319-322.[8]  The Staff believes that the evidence will not support Motorola's construction.

### 3. each pixel group representing proximity of a distinguishable hand part or other touch object (claim 1, 10)

| Claim Term | Apple and Staff's Proposed Construction | Motorola's Proposed Construction |
|---|---|---|
| "each pixel group representing proximity of a distinguishable hand part or other touch object" | each pixel group representing the distance or pressure between the touch-sensitive surface and a different part of a hand or other touch object | each pixel group representing proximity of a specific hand part such as a thumb, fingertip, or palm that can be assigned a specific hand and finger identity so that hand configurations and motions can be distinguished |

[8] Motorola urges this construction because without it, prior art, such as the Desai thesis, which can only process single images, does not disclose this limitation.

*MAY CONTAIN CONFIDENTIAL BUSINESS INFORMATION*
*SUBJECT TO PROTECTIVE ORDER*
Highly Confidential – Attorney's Eyes Only

The proper construction of this limitation does not require the additional limitation, as Motorola proposes, that the each pixel group be a "specific hand part such as a thumb, fingertip, or palm that can be assigned a specific hand and finger identity" which in effect reads out the claim language stating that an "other touch object" besides a hand is claimed.  *See* APHB at 53-54, *citing* CX-201C (Balakrishnan Direct Witness Statement) at Q.419-424.

In addition, distinguishing different hand parts is specifically claimed in dependent claims 4 and 14, which depend from Claim 1, which includes the limitation at issue.  *See* APHB at 53-54, *citing* CX-201C (Balakrishnan Direct Witness Statement) at Q.419-424.

### 4.   mathematically fit(ting) an ellipse to at least one of the pixel groups (claims 1, 10)

| Claim Term | Apple's Proposed Constructions | Motorola and Staff's Proposed Constructions |
|---|---|---|
| "mathematically fitting an ellipse" (claim 1)<br><br>"mathematically fit an ellipse" (claim 10) | comput(ing) numerical parameters that mathematically define an ellipse | applying a unitary transformation of the group covariance matrix of second moments of proximity data to fit an ellipse |
| "mathematically fitting an ellipse to at least one of the pixel groups" (claim 1)<br><br>"mathematically fit an ellipse to at least one of the one or more pixel groups" (claim 10) | comput(ing) numerical parameters that mathematically define an ellipse which approximates the shape of at least one of the pixel groups | for at least one of the pixel groups, applying a unitary transformation of the group covariance matrix of second moments of proximity data for all pixels in that pixel group to fit an ellipse |

*MAY CONTAIN CONFIDENTIAL BUSINESS INFORMATION*
*SUBJECT TO PROTECTIVE ORDER*
Highly Confidential – Attorney's Eyes Only                                    APLNDC-X0000006669

In the Staff's view, the term "substantially perpendicular" can be construed and should be given its ordinary meaning in this art.  The '607 Patent does not give a special definition of this term, nor does it disclaim anything that would otherwise be considered substantially perpendicular.  *See* APHB at 261, *citing* CX-202C [Subramanian Direct Witness Statement] at Q124-127.[22]

### 11. "disposed on" (claim 4)

| Claim Term | Apple's Proposed Construction | Motorola's Proposed Construction | Staff's Proposed Construction |
|---|---|---|---|
| "disposed on" | located on | placed on using deposition, etching, or printing | placed or arranged on |

In the Staff's view, the term disposed on in the context of the '607 Patent means placed or arranged on, that is that an item A is disposed on item B with a particular technique.  The evidence is expected to show that the term signifies more than the mere location of item A, but is not limited to the specific techniques of deposition, etching or printing that are identified in the patent, as Motorola contends.  *See* JX-002 ('607 Patent) at 15:40-45 ("the sensor layer 176 is typically disposed on the glass member 178 using suitable transparent conductive materials and patterning techniques"); *id.* at 59-61 ("Like the sensing layer 176, the driving layer 180 is disposed on the glass member using suitable materials and patterning techniques").

### 12. "glass member" (claim 4, 5, 10)

| Claim Term | Apple and Staff's Proposed Construction | Motorola's Proposed Construction |
|---|---|---|

---

[22] *See also,* JX-002 ['607 patent] at Figs. 2, 3, 9, 10, 11, 18, 19 and associated text; 2:50-67; 5:47-58; 11:61-67; 12:3-23; 14:44-47

*MAY CONTAIN CONFIDENTIAL BUSINESS INFORMATION*
*SUBJECT TO PROTECTIVE ORDER*
Highly Confidential – Attorney's Eyes Only

| Claim Term | Apple and Staff's Proposed Construction | Motorola's Proposed Construction |
|---|---|---|
| "glass member" | glass or plastic element | plain and ordinary meaning |

In the Staff's view, the patentees acted as their own lexicographers and gave a clear definition of "glass member" in the specification of the '607 Patent:  "By way of example, each particular type of layer may be formed from the same or different material. For example, any suitable glass or plastic material may be used for the glass members." JX-002 ('607 Patent) at 16:44-47[23]; *see also* CX-202C [Subramanian Direct Witness Statement] at Q136-143.[24]  Thus the evidence is expected to show that a construction that attempts to read out either glass or plastic as an option for glass member does not comport with the intrinsic evidence and is not correct.

### 13.  "disposed over" (claims 4, 5, 10)

| Claim Term | Apple's Proposed Construction | Motorola and Staff's Proposed Construction |
|---|---|---|
| "disposed over" | located over | placed on top of |

The parties appear to be offering constructions of the term "disposed over" that differ in wording but not in substance as none of the infringement, validity, or domestic industry issues appear to turn on the meaning of the term.  *See, e.g.*, APHB at 265, MPHB at 158.  As such, the Staff is of the view that the Judge need not adopt a particular construction for this term.  However, the Staff expects the evidence to show that its proposed construction of "disposed over" as meaning "placed on top of" is consistent

---

[23] *See also,* JX-002 ['607 patent] at Figs. 2, 3, 9, 10, 11, 18, 19 and associated text; 10:37-58; 12:35-13:6; 13:62-14:11; 14:60-62; 15:35-16:49; 20:32-47; Claims 4, 5, 10.

[24] *See also,* JX-002 ['607 patent] at Figs. 2, 3, 9, 10, 11, 18, 19 and associated text; 10:37-58; 12:35-13:6; 13:62-14:11; 14:60-62; 15:35-16:49; 20:32-47; Claims 4, 5, 10.

*MAY CONTAIN CONFIDENTIAL BUSINESS INFORMATION*
*SUBJECT TO PROTECTIVE ORDER*
Highly Confidential – Attorney's Eyes Only                          APLNDC-X0000006710

**Certain Mobile Devices and Related Software**          **Inv. No. 337-TA-750**

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 9, 2011, she caused the foregoing **COMMISSION INVESTIGATIVE STAFF'S PREHEARING STATEMENT AND BRIEF** to be filed with the Commission, served by hand upon Administrative Law Judge Theodore R. Essex (2 copies plus .pdf and .docx copies to Gregory.Moldafsky@usitc.gov), and served upon the parties via encrypted email:

**Complainant Apple Inc.**

Mark Davis, Esq.                                   Robert T. Haslam
Weil, Gotshall & Manges LLP                        Covington & Burling LLP
1300 Eye Street                                    333 Twin Dolphins Drive, Suite 700
Washington, D.C.  20005                            Redwood Shores, CA 94065

Apple.moto.750@weil.com                            AppleCov@cov.com
Weil_TLG.Apple.Moto.750.external@weil.com


**Respondents Motorola, Inc. and Motorola Mobility, Inc.**

Charles K. Verhoeven, Esq.                         Charles F. Schill
Quinn Emanuel Urquhart & Sullivan LLP              Steptoe & Johnson LLP
50 California Street. 22nd Floor                    1330 Connecticut Ave, NW
San Francisco, CA 94111                            Washington, DC 20036

Moto-Apple-750@quinnemanuel.com                    Motorola750@steptoe.com



/s/ Lisa M. Kattan
Office of Unfair Import Investigations
U.S. International Trade Commission
500 E Street, S.W.
Washington, D.C.  20436
202.205.2058
202.205.2158 (Facsimile)