EXHIBIT 1.08

program, text or information range.  The status indicator includes a number of individual fields represent portions of the individual program, text or information.  Clicking on the field leads to the respective program area.  The individual fields are arranged successively in accordance with the logical and/or timed running of the program.  The sizes of the fields correspond to the size of the area represented.

Claim 1 of the present invention claims:

*a window generation and control logic coupled to the processor and data display screen to create an operating environment <u>for a plurality of individual programming modules that provide status and control functions,</u> wherein the window generation and control logic generates and displays a first window region having a plurality of display areas on said data display screen, wherein <u>each of the plurality of display areas is associated with one of the plurality of individual programming modules;</u>*

*an indicia generation logic coupled to the data display screen to execute at least one of the plurality of programming modules to generate information for display in one of the plurality of display areas in the first window region, wherein at least one of the plurality of display areas and its associated programming module is sensitive to user input, and further wherein the window generation and control logic and the indicia generation logic use <u>message-based communication to exchange information to coordinate activities of the indicia generation logic to enable interactive display activity.</u>* (Emphasis added.)

The present invention provides display areas which are associated with individual programming modules.  <u>Cohausz</u> does not provide such display areas.  <u>Cohausz</u> teaches a status indicator which is associated with a single program.  The status indicator of <u>Cohausz</u> indicates the location within the one single program, text or information range.  The Examiner refers to page 3, paragraph 2 as teaching plurality of individual programming modules.  However, page 3, paragraph 2 of <u>Cohausz</u> specifically states that "the individual fields represent portions of the individual program, text of information, i.e. sections, paragraphs, chapters or segments of information."

APLNDC00024380

Thus, <u>Cohausz</u> does not teach individual programming modules associated with each field.  Therefore, claim 1 is not anticipated by <u>Cohausz</u>.

Claim 1 of the present invention also claims an indicia generation logic that uses message-based communication to exchange information to coordinate activities of the indicia generation logic."  <u>Cohausz</u> does not teach the use of message based communication for information exchange.  Contrary to the Examiner's assertion, <u>Cohausz</u>'s teaching of individual fields which lead to respective program areas does not teach the use of message-based communication.  The present invention sets forth message based communication, which means that the control strip passes messages to a module to, for example, either tell the module what to do or to obtain information about the module and its capabilities.  (Specifications, pg. 32, lines 5-7).  There is no indication in <u>Cohausz</u> that such message based communication is used.  Therefore, <u>Cohausz</u> does not anticipate the present invention as claimed in Claim 1, or any of its dependent claims.

Independent Claims 11 and 15 also include similar limitations regarding the operating environment.  Therefore, based on the same rational given above, Applicant respectfully submits that Claims 11 and 15 and their dependent claims are not anticipated by <u>Cohausz</u>.

Claims 4-7 were also rejected under 35 U.S.C. §103 as being unpatentable over <u>Cohausz</u> and U.S. Patent 5,202,961 to Mills et. al. ("<u>Mills</u>").  <u>Mills</u> teaches the use of a slider control bar for controlling the rate of display of sequential information.  Specifically, <u>Mills</u> teaches the use of such a control strip to control the playback rate of video.  This control strip is defined as having certain components such as standard playback direction/velocity indicators, reverse, stop and fast forward.  <u>Mills</u> uses a control icon to select one of these rates of display.  Claims 4-7 depend on independent Claim 1,

APLNDC00024381

discussed above.  The Examiner has acknowledged that <u>Mills</u> does not teach the indicia generator, or a plurality of programs corresponding to the plurality of fields as claimed in the present invention.  Because <u>Cohausz</u> does not teach, or make obvious the use of a plurality of fields or message based communication, the present invention is not obvious in view of <u>Cohausz</u> further in view of <u>Mills</u>.

Accordingly, Applicant respectfully submits that the rejection under 35 U.S.C. §102(a) and §103 have been overcome by the amendments and the remarks and withdrawal of these rejections is respectfully requested. Applicant submits that Claims 1-24 are now in condition for allowance and such action is earnestly solicited.

Please charge any shortages and credit any overcharges to our Deposit Account No. 02-2666.

Respectfully submitted,
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP

Dated: _____, 1997

Michael J. Mallie
Attorney for Applicant
Registration No. 36,591

12400 Wilshire Blvd.
   Seventh Floor
Los Angeles, CA   90025-1026
(408) 720-8598

APLNDC00024382

DS



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
              Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/316,237 | 09/30/94 | CHRISTENSEN                    S | 04860.P1365 |

24M1/0131

BLAKELY SOKOLOFF TAYLOR AND ZAFMAN
12400 WILSHIRE BOULEVARD
7TH FLOOR
LOS ANGELES CA 90025

| EXAMINER |
|---|
| DELA TORRE, C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2415 | 11 |

DATE MAILED:   01/31/97

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

1 - File Copy

APLNDC00024383

| *Advisory Action* | Application No.<br>**08/316,237** | Applicant(s)<br>**Christensen** |
|---|---|---|
| | Examiner<br>**Crescelle Dela Torre** | Group Art Unit<br>**2415** |

THE PERIOD FOR RESPONSE: [check only a) or b)]

    a) ☐ expires _____ months from the mailing date of the final rejection.

    b) ☒ expires either three months from the mailing date of the final rejection, or on the mailing date of this Advisory Action, whichever is later.  In no event, however, will the statutory period for the response expire later than six months from the date of the final rejection.

Any extension of time must be obtained by filing a petition under 37 CFR 1.136(a), the proposed response and the appropriate fee.  The date on which the response, the petition, and the fee have been filed is the date of the response and also the date for the purposes of determining the period of extension and the corresponding amount of the fee.  Any extension fee pursuant to 37 CFR 1.17 will be calculated from the date of the originally set shortened statutory period for response or as set forth in b) above.

☐ Appellant's Brief is due two months from the date of the Notice of Appeal filed on _____ (or within any period for response set forth above, whichever is later).  See 37 CFR 1.191(d) and 37 CFR 1.192(a).

Applicant's response to the final rejection, filed on ___Jan 21, 1997___ has been considered with the following effect, but is NOT deemed to place the application in condition for allowance:

☒ The proposed amendment(s):

    ☒ will be entered upon filing of a Notice of Appeal and an Appeal Brief.

    ☐ will not be entered because:

        ☐ they raise new issues that would require further consideration and/or search.  (See note below).

        ☐ they raise the issue of new matter.  (See note below).

        ☐ they are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal.

        ☐ they present additional claims without cancelling a corresponding number of finally rejected claims.

    NOTE: _____
    _____
    _____

☒ Applicant's response has overcome the following rejection(s):
    *The claim objections of claims 15-18 since applicant amended claim 15, line 3, replacing "create" with --creating--.*

☐ Newly proposed or amended claims _____ would be allowable if submitted in a separate, timely filed amendment cancelling the non-allowable claims.

☐ The affidavit, exhibit or request for reconsideration has been considered but does NOT place the application in condition for allowance because: _____

☐ The affidavit or exhibit will NOT be considered because it is not directed SOLELY to issues which were newly raised by the Examiner in the final rejection.

☒ For purposes of Appeal, the status of the claims is as follows (see attached written explanation, if any):

Claims allowed: _____
Claims objected to: _____
Claims rejected: *1-24*

☐ The proposed drawing correction filed on _____ ☐ has  ☐ has not been approved by the Examiner.

☐ Note the attached Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☒ Other *See Attachment A.*

RAYMOND J. BAYERL
PRIMARY EXAMINER
ART UNIT 2415

APLNDC00024384

Serial Number: 08/316,237                                                                          -2-

Art Unit: 2415

**Attachment A**

1.      The after-final amendment submitted by applicant on 1/21/97 has been considered but

does not overcome the rejection because of the following:

Applicant 's primary arguments regarding the Cohausz reference, when taken alone or

in combination with the Mills reference, are that Cohausz does not teach "individual

programming modules" nor does Cohausz teach "message based communication for

information exchange".  The examiner disagrees with applicant on both points because

Cohausz teaches "individual programming modules" at the bridging paragraph of pp. 2 - 3 ['an

oblong field comprising an plurality of individual fields... each of which constitutes an

operating field or control button... that branches into the associated program area or executes

the associated program function'].  In addition, Cohausz teaches message based

communication at p. 3, second paragraph, that either tells the module what to do or to obtain

information about the module and its capabilities ['the status indicator has the <u>double</u> function

of operating like a menu {tells the module what to do} and of displaying exactly where in the

program or in the body of information the operator or user is located {obtains information

about the module- i.e. location of the user in the program}']

RAYMOND J. BAYERL
PRIMARY EXAMINER
ART UNIT 2415

APLNDC00024385

*340.111 -116 Sr 2415*
*#12*

Attorney Docket No.:  04860.P1365

*Patent* Nl. *No Fee*
*4-14-97*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In Re Patent Application of : | ) |
| Steven W. Christensen | )  Examiner:    Dela Torre, C |
| Application No.: 08/316,237 | )  Art Unit:    2415 |
| Filed:  September 30, 1994 | ) |
| For:   METHOD AND APPARATUS FOR DISPLAYING AND ACCESSING CONTROL AND STATUS INFORMATION IN A COMPUTE SYSTEM | ) |

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail with sufficient postage in an envelope addressed to the Assistant Commissioner for Patents, Washington, D.C. 20231

on _____MARCH 30, 1997_____
                    Date of Deposit
_____Lisa Kaiser_____
          Name of Person Mailing Correspondence
_____Lisa Kaiser_____  3/20/97
          Signature                       Date

Assistant Commissioner for Patents
Washington, D.C.  20231

### PETITION FOR EXTENSION OF TIME
### PURSUANT TO 37 C.F.R. § 1.136 (a)

Sir:

Applicants respectfully request a two month extension of time in which to respond to the Advisory Action mailed January 31, 1997.  The two month extension extends the date of response to March 31, 1997.  A check for $390.00 is enclosed for the fee for a two month extension of time.

If any additional fee is required, please charge Deposit Account No. 2666.  A duplicate of this Petition is enclosed for deposit account charging purposes.

Respectfully submitted,
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP

Dated:   3/20 ,1997

Michael J. Mallie
Reg. No. 36,591

12400 Wilshire Blvd.
Seventh Floor
Los Angeles, CA 90025-1026
(408) 720-8598

250 TL 04/07/97 08316237
1 116        390.00 CK 04860P1365

APLNDC00024386

# PATENT APPLICATION FEE DETERMINATION RECORD
### Effective October 1, 1992

**Application or Docket Number**

13162239

| CLAIMS AS FILED - PART I | | | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| | (Column 1) | (Column 2) | | | | | |
| FOR | NUMBER FILED | NUMBER EXTRA | RATE | FEE | | RATE | FEE |
| BASIC FEE | | | | $355.00 | OR | | $710.00 |
| TOTAL CLAIMS | 18 minus 20 = | * 0 | x$11= | | OR | x$22= | |
| INDEPENDENT CLAIMS | 3 minus 3 = | * 0 | x 37= | | OR | x 74= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | +115= | | OR | +230= | |
| * If the difference in column 1 is less then zero, enter "0" in column 2 | | | TOTAL | | OR | TOTAL | 710 |

| | CLAIMS AS AMENDED - PART II | | | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|
| | (Column 1) | (Column 2) | (Column 3) | | | | | |
| **AMENDMENT A** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
| Total | * 24 Minus | ** 20 | = 4 | x$11= | | OR | x$22= | 88 |
| Independent | * 3 Minus | *** 3 | = | x 37= | | OR | x 74= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | + 115= | | OR | +230= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | 88 |

| | | (Column 1) | (Column 2) | (Column 3) | | | | OR | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT B** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
| Total | | * | Minus ** | = | x$11= | | OR | x$22= | |
| Independent | | * | Minus *** | = | x 37= | | OR | x 74= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | + 115= | | OR | + 230= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

| | | (Column 1) | (Column 2) | (Column 3) | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT C** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
| Total | | * | Minus ** | = | x$11= | | OR | x$22= | |
| Independent | | * | Minus *** | = | x 37= | | OR | x 74= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +115= | | OR | +230= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875
(Rev.10-92)

Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

APLNDC00024387

Form PTO 1130
(REV 2/94)

# PACE DATA ENTRY CODING SHEET

**U.S. DEPARTMENT OF COMMERCE**
Patent and Trademark Office

| 1ST EXAMINER | D Durham | DATE | 10-27-94 |
| 2ND EXAMINER | DH | DATE | 1/5/55 |

| APPLICATION NUMBER | TYPE APPL | FILING DATE | | | SPECIAL HANDLING | GROUP ART UNIT | CLASS | SHEETS OF DRAWING |
|---|---|---|---|---|---|---|---|---|
| 08 / 316237 | 1 | MONTH | DAY | YEAR | 0 | 2306 | 364 | -17 |
| | | 09 | 30 | 94 | | | | |

| TOTAL CLAIMS | INDEPENDENT CLAIMS | SMALL ENTITY? | FILING FEE | FOREIGN LICENSE | ATTORNEY DOCKET NUMBER |
|---|---|---|---|---|---|
| -18 | +3 | D | 0840 | Y | 04860.P1365 |

## CONTINUITY DATA

| CONT CODE | STATUS CODE | PARENT APPLICATION SERIAL NUMBER | PCT APPLICATION SERIAL NUMBER | PARENT PATENT NUMBER | PARENT FILING DATE |
|---|---|---|---|---|---|
| | | | P C T / | / | | MONTH | DAY | YEAR |
| | | | P C T / | / | | |
| | | | P C T / | / | | |
| | | | P C T / | / | | |
| | | | P C T / | / | | |

## PCT/FOREIGN APPLICATION DATA

| FOREIGN PRIORITY CLAIMED | COUNTRY CODE | PCT/FOREIGN APPLICATION SERIAL NUMBER | FOREIGN FILING DATE |
|---|---|---|---|
| | | | MONTH | DAY | YEAR |

☆ U.S.G.P.O.: 1994 - 365-974

APLNDC00024388



**TITLE OF INVENTION**

**ATTORNEY REGISTRATION NUMBERS**

**CORRESPONDENCE NAME AND ADDRESS**

**APPLICANT/INVENTOR DATA**

AUTHORITY CODE

FAMILY NAME

NAME SUFFIX

GIVEN NAME

STATE/CTRY CODE

CITY

AUTHORITY CODE

FAMILY NAME

NAME SUFFIX

GIVEN NAME

STATE/CTRY CODE

CITY

MORE

APLNDC00024389

08/821004

Attorney's Docket No.   04860.P1365C

Patent

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Assistant Commissioner for Patents
Washington, D.C. 20231
BOX FWC

Prior Application:
Examiner:   Dela Torre, C
Art Unit:   2415

### RULE 62

Sir:   This is a request for filing a **file wrapper**

___X___   Continuation application   _____   Divisional application

under 37 C.F.R. § 1.62 of pending prior nonprovisional application no.   08/316,237   ,

filed on   September 30, 1994   ,

of   Steven W. Christensen   ,

(inventor(s) currently of record for prior application)

for   METHOD AND APPARATUS FOR DISPLAYING AND ACCESSING CONTROL AND STATUS

INFORMATION IN A COMPUTER SYSTEM.   .

(title)

___X___  1.   **The above-identified prior application is hereby expressly abandoned under 37 C.F.R. § 1.62(g) as of the filing date of this new application. Please use all the contents of the prior application file wrapper, including the drawings, as the basic papers for the new application. No such copy of the prior application is included herewith.**  The present application is being filed under 37 C.F.R. § 1.62 before the payment of the issue fee, abandonment of, or termination of the proceedings on the prior application, or after payment of the issue fee (the latter if a petition under 37 C.F.R. § 1.313(b)(5) has been filed and granted in the prior application).

_____  2.   Please enter the preliminary amendment enclosed before calculating the filing fee.

_____  3.   Before calculating the filing fee, please enter in the present application the amendment filed on _____ under 37 C.F.R. § 1.116, but unentered, in the parent application.

"EXPRESS MAIL" MAILING LABEL NUMBER   EM564154556US

DATE OF DEPOSIT   March 20, 1997

I HEREBY CERTIFY THAT THIS PAPER OR FEE IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE "EXPRESS MAIL POST OFFICE TO ADDRESSEE" SERVICE UNDER 37 CFR 1.10 ON THE DATE INDICATED ABOVE AND IS ADDRESSED TO THE ASSISTANT COMMISSIONER FOR PATENTS, WASHINGTON, D.C. 20231

Lisa Kaiser

(TYPED OR PRINTED NAME OF PERSON MAILING PAPER OR FEE)

(SIGNATURE OF PERSON MAILING PAPER OR FEE)

APLNDC00024390

_____ 4.  Cancel in this application claims _____ of the prior application before calculating the filing fee (wherein at least one independent claim is retained for filing purposes).

__X__ 5.  The filing fee is calculated below:

**CLAIMS NOW PENDING IN THE PRIOR APPLICATION PLUS/MINUS CLAIMS ADDED/CANCELED ABOVE**

| For: | (Col. 1) No. Filed | | (Col. 2) No. Extra | SMALL ENTITY Rate | Fee | OTHER THAN A SMALL ENTITY Rate | Fee |
|---|---|---|---|---|---|---|---|
| Basic Fee: | | | | | $ 385 | | $ 770 |
| Total Claims: | 24 | - 20 | * 4 | x 11 | $ | x 22 | $ 88 |
| Indep. Claims: | 3 | -3 | * 0 | x 40 | $ | x 80 | $ |
| ☐ Multiple Dependent Claim(s) Presented | | | | +130 | $ | +260 | $ |
| | | | | TOTAL | $ | TOTAL | $ 858 |

\* If the difference is less than zero, enter "0" in Col. 2.

_____ 6.  A verified statement to establish small entity status under 37 C.F.R. §§ 1.9 and 1.27 _____ is enclosed/_____ was filed in the pending prior application **and such status is still proper and desired.** 37 C,F.R. § 1.28(a).

__X__ 7.  The Commissioner of Patents and Trademarks is hereby authorized to charge any fees that may be required, or credit any overpayment, to Deposit Account No. 02-2666.  A duplicate of this sheet is enclosed for Deposit Account purposes.

__X__ 8.  A check in the amount of $__858.00_____ is enclosed for the filing fee.

_____ 9.  A check in the amount of $_____ is enclosed for the petition fee pursuant to 37 C.F.R. § 1.17.

__X__ 10.  Amend the specification by inserting the following before the first sentence on the first page:

__X__      (a)  -- This is a __X__ continuation/_____ divisional of application no. __08/316,237__ , filed __9/30/94__ , now abandoned. --

_____      (b)  --, which is a _____ continuation/_____ divisional of application no._____ , filed_____
_____
_____. -- (Status:  abandoned, pending, etc.)
**(list all prior applications)**

__X__ 11.  It is hereby requested that any request for a convention priority made in the prior application be transferred to this Rule 62 application.

-2-

APLNDC00024391

_____ 12.   Priority of foreign application number _____ filed on _____
in (country) _____ is claimed under 35 U.S.C. § 119.

__X__ 13.   The prior application is assigned of record to:
    Apple Computer, Inc.
    1 Infinite Loop, Cupertino, California 95014

__X__ 14.   The Power of Attorney in the prior application is to:
    Michael J. Mallie                                    36,591
         (Name)                                      (Reg. No.)
    Edwin H Taylor, Reg. No. 25,129, and certain other listed attorneys or agent(s) of:
    BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP
    12400 Wilshire Blvd., Seventh Floor
    Los Angeles, California 90025
    (310) 207-3800

__X__       (a)   The Power appears in the original papers of the prior application
                  no. 08/316,237 _____ filed 9/30/94 _____.

_____     (b)   The Power does not appear in the original papers, but was filed on
                  _____ in prior application no. _____
                  filed _____.

_____     (c)   A new Power has been executed and is attached.

__X__       (d)   Recognize as an associate attorney or agent and address all future
                  communications to:
                  Michael J. Mallie                             36,591
                       (Name)                               (Reg. No.)
                  BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP
                  12400 Wilshire Blvd., Seventh Floor
                  Los Angeles, California 90025
                  (408) 720-8598

__X__       (e)   Address all future communications to the undersigned.

__X__ 15.   **Enclosed is a photocopy of a petition for an extension of time pursuant to 37 C.F.R. § 1.136 concurrently (or previously) submitted under separate cover for the above-referenced prior application.**

__X__ 16.   Applicant(s) hereby petition(s) for an extension of time pursuant to 37 C.F.R. § 1.136, if needed, for the above-noted prior application. The Commissioner of Patents and Trademarks is hereby authorized to charge any extension or petition fee under 37 C.F.R. § 1.17 that may be required for the above-referenced prior application to Deposit Account No. 02-2666. Two photocopies of this document are enclosed for filing in the prior application file and for Deposit Account purposes.

__X__ 17.   The filing of an application under 37 C.F.R § 1.62 will be construed to include a waiver of secrecy under 35 U.S.C. § 122 to the extent that any member of the public who is

- 3 -

entitled under the provisions of 37 C.F.R. § 1.14 to access to or information concerning either the prior application or any continuing application filed under the provisions of 37 C.F.R. § 1.62 may be given similar access to, or similar information concerning, the other application(s) in the file wrapper.
37 C.F.R. § 1.62(f).

18. This application is being filed by fewer than all the inventors named in the prior application. In accordance with 37 C.F.R. § 1.62(a), the Commissioner of Patents and Trademarks is requested to delete the name(s) of the following person(s) who are not inventors of invention being claimed in this application:

_____

_____.

Respectfully submitted,

BLAKELY SOKOLOFF TAYLOR & ZAFMAN LLP

Date: ___3/20/97___

By _____
Michael J. Mallie

Reg. No. ___36,591___

12400 Wilshire Boulevard
    Seventh Floor
Los Angeles, California  90025
(408) 720-8598

__X___    Attorney or Agent of Record

_____    Associate Attorney or Agent

_____    Filed Under 37 C.F.R. § 1.34(a)

- 4 -

APLNDC00024393

08/821004

MAIL ROOM
MAR
20
1997
& TRADEMARK OFFICE

Attorney's Docket No.   04860.P1365C

Patent

*do13/Pre
/amd oC
6-26-97
(3. Hilliard*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Assistant Commissioner for Patents          Prior Application:
Washington, D.C.  20231                     Examiner:     Dela Torre, C
BOX FWC                                     Art Unit:     2415

## RULE 62

Sir:     This is a request for filing a **file wrapper**

___X___          Continuation application          _____          Divisional application

**under 37 C.F.R. § 1.62** of pending prior nonprovisional application no.   08/316,237          ,

filed on   September 30, 1994          ,

of   Steven W. Christensen          ,

(inventor(s) currently of record for prior application)

for   METHOD AND APPARATUS FOR DISPLAYING AND ACCESSING CONTROL AND STATUS

INFORMATION IN A COMPUTER SYSTEM.          .

(title)

___X___  1.     **The above-identified prior application is hereby expressly abandoned under 37 C.F.R. § 1.62(g) as of the filing date of this new application. Please use all the contents of the prior application file wrapper, including the drawings, as the basic papers for the new application. No such copy of the prior application is included herewith. The present application is being filed under 37 C.F.R. § 1.62 before the payment of the issue fee, abandonment of, or termination of the proceedings on the prior application, or after payment of the issue fee (the latter if a petition under 37 C.F.R. § 1.313(b)(5) has been filed and granted in the prior application).**

_____  2.     Please enter the preliminary amendment enclosed before calculating the filing fee.

_____  3.     Before calculating the filing fee, please enter in the present application the amendment filed on _____ under 37 C.F.R. § 1.116, but unentered, in the parent application.

"EXPRESS MAIL" MAILING LABEL NUMBER *EM564115A554S*

DATE OF DEPOSIT   *MARCH 20, 1997*

I HEREBY CERTIFY THAT THIS PAPER OR FEE IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE "EXPRESS MAIL POST OFFICE TO ADDRESSEE" SERVICE UNDER 37 CFR 1.10 ON THE DATE INDICATED ABOVE AND IS ADDRESSED TO THE ASSISTANT COMMISSIONER FOR PATENTS, WASHINGTON, D.C. 20231

*Lisa Kaiser*

(TYPED OR PRINTED NAME OF PERSON MAILING PAPER OR FEE)

*Lisa Kaiser*

(SIGNATURE OF PERSON MAILING PAPER OR FEE)

APLNDC00024394

_____ 4.  Cancel in this application claims _____ _____ of the prior application before calculating the filing fee (wherein at least one independent claim is retained for filing purposes).

__X__ 5.  The filing fee is calculated below:

### CLAIMS NOW PENDING IN THE PRIOR APPLICATION PLUS/MINUS CLAIMS ADDED/CANCELED ABOVE

| For: | (Col. 1) No. Filed | | (Col. 2) No. Extra | SMALL ENTITY Rate | Fee | OTHER THAN A SMALL ENTITY Rate | Fee |
|---|---|---|---|---|---|---|---|
| Basic Fee: | | | | | $ 385 | | $ 770 |
| Total Claims: | 24 | - 20 | * 4 | x 11 | $ | x 22 | $ 88 |
| Indep. Claims: | 3 | - 3 | * 0 | x 40 | $ | x 80 | $ |
| Multiple Dependent Claim(s) Presented | | | | +130 | $ | +260 | $ |
| | | | | TOTAL | $ | TOTAL | $ 858 |

\* If the difference is less than zero, enter "0" in Col. 2.

_____ 6.  A verified statement to establish small entity status under 37 C.F.R. §§ 1.9 and 1.27 _____ is enclosed/_____ was filed in the pending prior application **and such status is still proper and desired.** 37 C.F.R. § 1.28(a).

__X__ 7.  The Commissioner of Patents and Trademarks is hereby authorized to charge any fees that may be required, or credit any overpayment, to Deposit Account No. 02-2666. A duplicate of this sheet is enclosed for Deposit Account purposes.

__X__ 8.  A check in the amount of $__858.00_____ is enclosed for the filing fee.

_____ 9.  A check in the amount of $_____ is enclosed for the petition fee pursuant to 37 C.F.R. § 1.17.

__X__ 10.  Amend the specification by inserting the following before the first sentence on the first page:

__X__ (a)  ⌐ This is a __X__ continuation/_____ divisional of application no. __08/316,237__, filed __9/30/94_____, now abandoned. ⌐

_____ (b)  ⌐, which is a _____ continuation/_____ divisional of application no._____, filed _____ _____. -- (Status: abandoned, pending, etc.) **(list all prior applications)**

__X__ 11.  It is hereby requested that any request for a convention priority made in the prior application be transferred to this Rule 62 application.

-2-

APLNDC00024395

_____ 12. Priority of foreign application number _____ filed on _____
in (country) _____ is claimed under 35 U.S.C. § 119.

__X__ 13. The prior application is assigned of record to:
_Apple Computer, Inc._____
_1 Infinite Loop, Cupertino, California  95014_____.

__X__ 14. The Power of Attorney in the prior application is to:
_Michael J. Mallie_____36,591_____,
        (Name)                          (Reg. No.)
Edwin H Taylor, Reg. No. 25,129, and certain other listed attorneys or agent(s) of:
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP
12400 Wilshire Blvd., Seventh Floor
Los Angeles, California  90025
(310) 207-3800

__X__ (a) The Power appears in the original papers of the prior application
no. _08/316,237_____ filed _9/30/94_____.

_____ (b) The Power does not appear in the original papers, but was filed on
_____ in prior application no. _____
filed _____.

_____ (c) A new Power has been executed and is attached.

__X__ (d) Recognize as an associate attorney or agent and address all future
communications to:
_Michael J. Mallie_____36,591_____,
        (Name)                          (Reg. No.)
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP
12400 Wilshire Blvd., Seventh Floor
Los Angeles, California  90025
(408) 720-8598

__X__ (e) Address all future communications to the undersigned.

__X__ 15. **Enclosed is a photocopy of a petition for an extension of time
pursuant to 37 C.F.R. § 1.136 concurrently (or previously) submitted
under separate cover for the above-referenced prior application.**

__X__ 16. Applicant(s) hereby petition(s) for an extension of time pursuant to 37 C.F.R. § 1.136,
if needed, for the above-noted prior application.  The Commissioner of Patents and
Trademarks is hereby authorized to charge any extension or petition fee under 37
C.F.R. § 1.17 that may be required for the above-referenced prior application to
Deposit Account No. 02-2666.  Two photocopies of this document are enclosed for
filing in the prior application file and for Deposit Account purposes.

__X__ 17. The filing of an application under 37 C.F.R § 1.62 will be construed to include a waiver
of secrecy under 35 U.S.C. § 122 to the extent that any member of the public who is

- 3 -

APLNDC00024396

entitled under the provisions of 37 C.F.R. § 1.14 to access to or information concerning either the prior application or any continuing application filed under the provisions of 37 C.F.R. § 1.62 may be given similar access to, or similar information concerning, the other application(s) in the file wrapper.
37 C.F.R. § 1.62(f).

18.   This application is being filed by fewer than all the inventors named in the prior application.  In accordance with 37 C.F.R. § 1.62(a), the Commissioner of Patents and Trademarks is requested to delete the name(s) of the following person(s) who are not inventors of invention being claimed in this application:

_____

_____.

Respectfully submitted,

BLAKELY SOKOLOFF TAYLOR & ZAFMAN LLP

Date: ___3)20)47_____                By _____
                                                        Michael J. Mallie

12400 Wilshire Boulevard            Reg. No. ___36,591_____
    Seventh Floor
Los Angeles, California  90025
(408) 720-8598

                ___X___   Attorney or Agent of Record

                _____   Associate Attorney or Agent

                _____   Filed Under 37 C.F.R. § 1.34(a)

- 4 -

APLNDC00024397



Attorney Docket No.: 04860.P1365                              *Patent*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In Re Patent Application of : | ) |
| Steven W. Christensen | ) Examiner:   Dela Torre, C |
| Application No.: 08/316,237 | ) Art Unit:   2415 |
| Filed:  September 30, 1994 | ) |
| For:   METHOD AND APPARATUS FOR DISPLAYING AND ACCESSING CONTROL AND STATUS INFORMATION IN A COMPUTE SYSTEM | ) |

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail with sufficient postage in an envelope addressed to the Assistant Commissioner for Patents, Washington, D.C. 20231

on _____*MARCH 20, 1997*_____
                Date of Deposit

_____*Lisa Kaiser*_____
         Name of Person Mailing Correspondence

_*Lisa Kaiser*_____  *3/20/97*__
         Signature                    Date

Assistant Commissioner for Patents
Washington, D.C.  20231

### PETITION FOR EXTENSION OF TIME
### PURSUANT TO 37 C.F.R. § 1.136 (a)

Sir:

Applicants respectfully request a two month extension of time in which to respond to the Advisory Action mailed January 31, 1997.  The two month extension extends the date of response to March 31, 1997.  A check for $390.00 is enclosed for the fee for a two month extension of time.

If any additional fee is required, please charge Deposit Account No. 02-2666.  A duplicate of this Petition is enclosed for deposit account charging purposes.

Respectfully submitted,
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP

Dated: _3/20_ ,1997      _____
                                        Michael J. Mallie
                                        Reg. No. 36,591

12400 Wilshire Blvd.
Seventh Floor
Los Angeles, CA 90025-1026
(408) 720-8598



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
                  Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/821,004 | 03/20/97 | CHRISTENSEN | S | 04860.P1365C |

```
                          E6M1/0814  ⌐
   BLAKELY SOKOLOFF TAYLOR & ZAFMAN
   12400 WILSHIRE BOULEVARD
   SEVENTH FLOOR
   LOS ANGELES CA 90025
```

| EXAMINER |
|---|
| DELA TORRE, C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2415 | 14 |

DATE MAILED:        08/14/97

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

PTO-90C (REV. 2/95)

08/821004

1 - File Copy

APLNDC00024399

| *Office Action Summary* | Application No.<br>08/821,004 | Applicant(s)<br>**Christensen** | |
|---|---|---|---|
| | Examiner<br>**Crescelle Delatorre** | Group Art Unit<br>**2415** | |

[X] Responsive to communication(s) filed on *Mar 20, 1997* _____ .

[X] This action is **FINAL.**

[ ] Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed** in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___*three*___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

[X] Claim(s) *1-24* _____ is/are pending in the application.

[ ] Of the above, claim(s) _____ is/are withdrawn from consideration.

[ ] Claim(s) _____ is/are allowed.

[X] Claim(s) *1-24* _____ is/are rejected.

[ ] Claim(s) _____ is/are objected to.

[ ] Claims _____ are subject to restriction or election requirement.

**Application Papers**

[ ] See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

[ ] The drawing(s) filed on _____ is/are objected to by the Examiner.

[ ] The proposed drawing correction, filed on _____ is [ ]approved [ ]disapproved.

[ ] The specification is objected to by the Examiner.

[ ] The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

[ ] Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

   [ ] All [ ] Some* [ ] None  of the CERTIFIED copies of the priority documents have been

     [ ] received.

     [ ] received in Application No. (Series Code/Serial Number) _____ .

     [ ] received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   *Certified copies not received: _____ .

[ ] Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

[X] Notice of References Cited, PTO-892

[ ] Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

[ ] Interview Summary, PTO-413

[ ] Notice of Draftsperson's Patent Drawing Review, PTO-948

[ ] Notice of Informal Patent Application, PTO-152

--- *SEE OFFICE ACTION ON THE FOLLOWING PAGES* ---

U.S. Patent and Trademark Office<br>PTO-326 (Rev. 9-95)

Office Action Summary

Part of Paper No. __14__

APLNDC00024400

Serial Number: 08/821,004                                                      Page 2

Art Unit: 2415

## DETAILED ACTION

1.      This action is responsive to communications: Preliminary Amendment C, filed on 3/20/97.

This action is made final.

2.      Claims 1 - 24 are pending in this case.  Claims 1, 11, 15 are independent claims.

This application is an FWC of 08/316,237, filed on 9/30/94, now abandoned.

3.      The present title of the invention is "Method and Apparatus for Displaying and Accessing

Control and Status Information in a Computer System" as originally filed.

### *Claim Rejections - 35 USC § 102*

4.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
>
> (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for a patent.

5.      Claims 1 - 3, 8 - 24 are rejected under 35 U.S.C. § 102(a) as being anticipated by

Cohausz (EPO 0 584 392 A1), based upon the English translation, which is included with this

Office Action.

APLNDC00024401

Serial Number: 08/821,004                                             Page 3

Art Unit: 2415

As per claim 1, Cohausz teaches an "interactive computer-controlled display system" with

a 'status indicator for a computer program', that comprises:

"a processor" which is inherently taught by Cohausz, since a processor is necessary in

order to execute the functions of the status indicator;

"a data display screen" with 'monitor screen' at p. 4, paragraph 5;

"a cursor control device" with a 'mouse cursor' at p. 5, paragraph 2;

"a window generation and control logic" to "create an operating environment for a

plurality of individual programming modules that provide status and control functions" at the

bridging paragraph of pp. 2 - 3, "wherein the window generation and control logic generates and

displays a first window region" with oblong field 1, at Figs. 1 - 3, and at p. 4, paragraph 5,

"having a plurality of display areas" with individual fields 2, at Fig. 1, and at p. 4, paragraph 5,

"wherein each of the plurality of display areas is associated with one of the plurality of individual

programming modules" at p. 3, paragraph 2;

"an indicia generation logic" to "execute at least one of the plurality of programming

modules to generate information for display in one of the plurality of display areas" at p. 3,

paragraph 2, "wherein at least one of the plurality of display areas and its associated programming

module is sensitive to user input" at p. 5, paragraph 2, and further using "message-based

communication to exchange information to coordinate activities of the indicia generation logic to

enable interactive display activity" at p. 3, paragraph 2, which teaches information passing

between the status indicator and the respective program area, text, or information segment.

APLNDC00024402

Serial Number: 08/821,004                                     Page 4

Art Unit: 2415

As per claim 2, Cohausz teaches a "control strip" with oblong field 1, at Figs. 1 - 3.

Regarding claim 3, Cohausz also teaches that "at least one display area is variably sized" at p. 5,

paragraph 1, and p. 6, paragraph 2.

In addition, Cohausz teaches that "at least one of the plurality of display areas only

displays information" [claim 8] at p. 3, paragraph 2, and at Figs. 1 - 3; or "acts to provide access

to control information when selected" [claim 9] at p. 3, paragraph 2, or "displays an additional

display element" [claim 10] at p. 6, paragraph 3.

In reference to claim 11, Cohausz teaches the following subject matter:

"a processor" which is inherently taught by Cohausz, since a processor is necessary in

order to execute the functions of the status indicator;

"a data display screen" with 'monitor screen' at p. 4, paragraph 5;

"a cursor control device" with a 'mouse cursor' at p. 5, paragraph 2;

"a window generation and control logic" to "create an operating environment for a

plurality of individual programming modules that provide status and control functions" at the

bridging paragraph of pp. 2 - 3, "wherein the window generation and control logic generates and

displays a first window region" with oblong field 1, at Figs. 1 - 3, and at p. 4, paragraph 5,

"having a plurality of display areas" with individual fields 2, at Fig. 1, and at p. 4, paragraph 5,

"wherein each of the plurality of display areas is associated with one of the plurality of individual

programming modules" at p. 3, paragraph 2;

APLNDC00024403

Serial Number: 08/821,004                                    Page 5

Art Unit: 2415

"at least one indicia graphics generation logic" that "generates user sensitive graphics for display in at least one data display area by executing at least one of the plurality of programming modules" at p. 3, paragraph 2; and

wherein the window generation and control logic determines when a data display area has been selected, signals the indicia graphics generation logic, which then initiates a response from said at least one of the plurality of programming modules, also at p. 3, paragraph 2.

Cohausz also teaches that the "first window region is always visible to the user" [claim 12] at p. 4, paragraph 5, since he teaches that the status indicator is 'visible during the entire program'. As per claims 13, 14, they correspond respectively to claims 2, 3.

As to claim 15, Cohausz teaches the following steps:

"creating an operating environment for a plurality of individual programming modules that provide status and control functions" at p. 2, paragraph 4 to p. 3, paragraph 2;

"generating a first window" with oblong field 1, at Figs. 1 - 3, and at p. 4, paragraph 5, to accommodate a "plurality of display areas for indicia" with individual fields 2, at Figs. 1 - 3, and at p. 4, paragraph 5, resulting from "executing at least one of the plurality of individual programming modules, wherein each of the plurality of display areas is associated with one of the plurality of individual programming modules" at p. 3, paragraph 2;

"displaying an indicia" as shown at Figs. 1 - 3;

"selecting one of the indicia" at p. 5, paragraph 2; and

APLNDC00024404

Serial Number: 08/821,004                                         Page 6

Art Unit: 2415

"said programming module performing a function in response to the selection" at p. 5, paragraph 2.

In addition, Cohausz teaches "status information" [claim 16] and "control information" [claim 17] at Figs. 1 - 3, and at p. 5, paragraphs 2, 3.

As to claim 18, Cohausz teaches that the first programming module requests a set of features at p. 5, paragraph 2, sends a message to the programming module indicative of features, and the programming module returns a message; such that the programming modules interact with each other in response to user interaction with the first programming module, also at p. 5, paragraph 2.

Cohausz also teaches the following: that each of the plurality of display areas is individually and variable sized [claims 19, 22] at p. 5, paragraph 1, and p. 6, paragraph 2; the first window region always appears in front of application windows [claims 20, 23] at p. 4, paragraph 5, wherein the status indicator is 'visible during the entire program'; and the first window region is in a 'private window layer' [claims 21, 24] also at p. 4, paragraph 5.

### *Claim Rejections - 35 USC § 103*

6.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person

Serial Number: 08/821,004                                            Page 7

Art Unit: 2415

> having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

7.    Claims 4 - 7 are rejected under 35 U.S.C. § 103(a) as being unpatentable over Cohausz (EPO 0 584 392 A1), based upon the English translation, and the patent to Mills et al. (U.S. patent 5,202,961).

Cohausz teaches that the display areas [individual fields 2] of the first window region [oblong field 1] are variably sized at p. 5, paragraph 1, and p. 6, paragraph 2, but does not teach that the first window region is variably sized [claim 4], such that none of the plurality of display areas is visible [claim 5], all are visible [claim 6], or a portion is visible [claim 7].

On the other hand, Mills et al., hereinafter Mills, teach that the size of the first window region is variable [claim 4] also at col. 4, lines 8 - 9, and also teaches sizing the first window region so that none of the display areas are visible [claim 5] with close box 28, at Fig. 2, and at col. 4, lines 7 - 8, or all [claim 6] or a portion [claim 7] of the display areas are visible, both at col. 4, lines 8 - 9.

Although Cohausz does not teach that the first window region is variably sized, it would have been obvious to one of ordinary skill in the art at the time of the invention to vary the size of the first window region as taught by Mills, because it gives the user control over how much and what to display of the status indicator.

APLNDC00024406

Serial Number: 08/821,004                                          Page 8

Art Unit: 2415

### *Response to Arguments*

8.      Applicant's arguments filed 8/23/96 have been fully considered but they are not persuasive.

The examiner agrees with applicant that Mills does not teach "providing logic that creates an operating environment like a shell for other programming modules to provide status and control functions".  As pointed out by applicant, in Mills, the "control window is used for controlling video generated by an application".

Rather, the Cohausz reference was used to reject the present claims.  Like applicant 's claimed invention, Cohausz teaches "creating an operating environment for a plurality of individual programming modules that provide status and control functions" to generate and display a first window region [oblong field 1] having a plurality of display areas [individual fields 2], as shown at Figs. 1 - 3, and at p. 4, paragraph 5.

In an after-final amendment, dated 1/21/97, which was not entered, applicant's primary arguments regarding the Cohausz reference, when taken alone or in combination with the Mills reference, were that Cohausz does not teach "individual programming modules" nor does Cohausz teach "message based communication for information exchange".  The examiner disagrees with applicant on both points because Cohausz teaches "individual programming modules" at the bridging paragraph of pp. 2 - 3 ['an oblong field comprising an plurality of individual fields... each of which constitutes an operating field or control button... that branches into the associated program area or executes the associated program function'].  In addition, Cohausz teaches message based communication at p. 3, second paragraph, that either tells the

APLNDC00024407

Serial Number: 08/821,004                                      Page 9

Art Unit: 2415

module what to do or to obtain information about the module and its capabilities ['the status

indicator has the <u>double</u> function of operating like a menu {tells the module what to do} and of

displaying exactly where in the program or in the body of information the operator or user is

located {obtains information about the module- i.e. location of the user in the program}'].


### *Conclusion*

9.      The prior art made of record and not relied upon is considered pertinent to applicant's

disclosure.

        Foster et al. (U.S. patent 5,588,105) teach a status bar that includes an icon for controlling

the application program or an area which displays information generated by the application

program [see Fig. 5].

        Oran et al. (U.S. patent 65,617,526) describe a system visual notification area for

displaying visual notifications to a user, such as events, status information, and other information

[see Figs. 2 - 6].

        Jones et al. (U.S. patent 5,644,334) detail status indicators located adjacent to their

associated objects in a side bar panel [see Figs. 6A - 6B].


10.     **THIS ACTION IS MADE FINAL.**  Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

APLNDC00024408

Serial Number: 08/821,004                                    Page 10

Art Unit: 2415

12.      A shortened statutory period for response to this final action is set to expire THREE

MONTHS from the date of this action.  In the event a first response is filed within TWO

MONTHS of the mailing date of this final action and the advisory action is not mailed until after

the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37

CFR 1.136(a) will be calculated from the mailing date of the advisory action.  In no event will the

statutory period for response expire later than SIX MONTHS from the date of this final action.


### *Responses*

11.      Responses to this action should be mailed to: Commissioner of Patents and Trademarks,

Washington, D.C. 20231.  If applicant desires to fax a response, (703) 308-9051 may be used for

formal communications or (703) 305-9724 for informal or draft communications.  NOTE:  A

Request for Continuation (Rule 60 or 62) cannot be faxed.

     Please label "PROPOSED" or "DRAFT" for informal facsimile communications.  For after

final responses, please label "AFTER FINAL" or "EXPEDITED PROCEDURE" on the

document.

     Hand-delivered responses should be brought to Crystal Park II,  2121 Crystal Drive,

Arlington. VA., Sixth Floor  (Receptionist).


### *Inquiries*

APLNDC00024409

Serial Number: 08/821,004                                                Page 11

Art Unit: 2415

12.    Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Crescelle N. dela Torre whose telephone number is (703) 305-9782.  The

examiner can normally be reached on Mondays-Thursdays from 8:30 am to 4:00 pm, and on

alternating Fridays from 8:30 am to 3:00 pm.

       If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor,

Mark Powell, can be reached on (703) 305-9703.

       Communications via Internet e-mail regarding this application, other than those under 35

U.S.C. 132 or which otherwise require a signature, may be used by the applicant and should be

addressed to [**mark.powell@uspto.gov**].

       All Internet e-mail communications will be made of record in the application file.  PTO

employees do not engage in Internet communications where there exists a possibility that sensitive

information could be identified or exchanged unless the record includes a properly signed express

waiver of the confidentiality requirements of 35 U.S.C. 122.  This is more clearly set forth in the

Interim Internet Usage Policy published in the Official Gazette of the Patent and Trademark on

February 25, 1997 at 1195 OG 89.

       Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the Group receptionist whose telephone number is (703) 305-3800.

Cnd
cnd
August 12, 1997

                                           RAYMOND J. BAYERL
                                           PRIMARY EXAMINER
                                           ART UNIT 2415

## Notice of References Cited

| Application No. | Applicant(s) |
|---|---|
| **08/821,004** | **Christensen** |

| Examiner | Group Art Unit | |
|---|---|---|
| **Crescelle Delatorre** | **2415** | **Page 1 of 1** |

### U.S. PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|
| A | 5,588,105 | 12/1996 | Foster et al. | 395 346 | 326 779 |
| B | 5,617,526 | 4/1997 | Oran et al. | 395 346 | 326 779 |
| C | 5,644,334 | 7/1997 | Jones et al. | 395 346 | 326x 419 |
| D | | | | | |
| E | | | | | |
| F | | | | | |
| G | | | | | |
| H | | | | | |
| I | | | | | |
| J | | | | | |
| K | | | | | |
| L | | | | | |
| M | | | | | |

### FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| N | | | | | | |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |

### NON-PATENT DOCUMENTS

| | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| U | | |
| V | | |
| W | | |
| X | | |

U. S. Patent and Trademark Office
PTO-892 (Rev. 9-95)

**Notice of References Cited**

Part of Paper No. ___14___

US005588105A

# United States Patent [19]

## Foster et al.

[11] Patent Number: 5,588,105

[45] Date of Patent: Dec. 24, 1996

[54] **STATUS BAR FOR APPLICATION WINDOWS**

[75] Inventors: **Gregg S. Foster**, Woodside; **Stephen P. Capps**, San Carlos, both of Calif.

[73] Assignee: **Apple Computer, Inc.**, Cupertino, Calif.

[21] Appl. No.: **393,880**

[22] Filed: **Feb. 24, 1995**

**Related U.S. Application Data**

[63] Continuation of Ser. No. 976,970, Nov. 16, 1992, abandoned.

[51] Int. Cl.6 ................................ G06F 3/14; G06F 3/033
[52] U.S. Cl. .................................................. 395/326; 395/348
[58] Field of Search ...................................... 395/155, 157, 395/159, 156, 158; 345/119, 120, 146, 902

[56] **References Cited**

**U.S. PATENT DOCUMENTS**

| | | | |
|---|---|---|---|
| 4,931,783 | 6/1990 | Atkinson | 345/146 X |
| 5,121,477 | 6/1992 | Koopmans et al. | 395/156 |
| 5,140,678 | 8/1992 | Torres | 395/159 |
| 5,179,655 | 1/1993 | Noguchi et al. | 395/158 |
| 5,230,063 | 7/1993 | Hoeber et al. | 395/156 |
| 5,255,358 | 10/1993 | Busboom et al. | 395/156 X |
| 5,276,795 | 1/1994 | Hoeber et al. | 395/156 |
| 5,305,435 | 4/1994 | Bronson | 395/159 |
| 5,317,687 | 5/1994 | Torres | 395/159 |
| 5,375,200 | 12/1994 | Dugan et al. | 395/159 |
| 5,425,141 | 6/1995 | Gedye | 395/157 |

OTHER PUBLICATIONS

Microsoft Windows Version 3.0 User's Guide, Microsoft Corporation, 1990, pp. 17–18, 23–25, 28–29, 44–47, 55–56, 156–157, 398–399.

O'Connor, Rory J., "Apple banking on Newton's brain," San Jose Mercury News, Apr. 22, 1992.

Weiman et al, "A Step Toward the Future" Macworld, Aug. 1992, pp. 129–131.

M. Soviero, "Your World According to Newton" Popular Science, Sep. 1992, pp. 45–49.

F. Abatemarco, "From the Editor" Popular Sceince, Sep. 1992, p. 4.

*Primary Examiner*—Raymond J. Bayerl
*Attorney, Agent, or Firm*—Hickman Beyer & Weaver

[57] **ABSTRACT**

A status bar characterized by a template generated independently of an application program and displayed on a computer screen in contact with an application window. The template carries at least one active area that can include an icon for controlling the application program or an area which displays information generated by the application program. Alternatively, or additionally, the active area can include "global functions" of the computer system. A method for providing a status bar is characterized by the steps of creating a status bar template having at least one area to be activated, activating at least one area to create a status bar, and displaying the status bar on a computer screen in contact with an associated application window displayed on the computer screen. The step of creating a status bar template can include the steps of creating a plurality of status bar templates, one of which is chosen to be attached to a particular application window.

**40 Claims, 11 Drawing Sheets**





*Fig. 1*

U.S. Patent

Dec. 24, 1996

Sheet 1 of 11

5,588,105

APLNDC00024413

Case 5:11-cv-01846-LHK   Document 559-8   Filed 12/29/11   Page 36 of 46



FIG. 2

APLNDC00024414

U.S. Patent       Dec. 24, 1996       Sheet 3 of 11       5,588,105



*FIG. 3*

APLNDC00024415

**U.S. Patent**          Dec. 24, 1996          Sheet 4 of 11          **5,588,105**



*FIG. 4*

APLNDC00024416



*FIG. 5*

APLNDC00024417

**U.S. Patent**        Dec. 24, 1996        Sheet 6 of 11        **5,588,105**



*FIG.6*

APLNDC00024418

**U.S. Patent**          Dec. 24, 1996          Sheet 7 of 11          **5,588,105**



FIG. 7

FIG. 9

APLNDC00024419

Case 5:11-cv-01846-LHK   Document 559-8   Filed 12/29/11   Page 42 of 46

*FIG. 8a*



*FIG. 8b*



*FIG. 8c*



*FIG. 8d*



APLNDC00024420



FIG. 10



*FIG. 11*



*FIG. 12a*



*FIG. 12b*

APLNDC00024422



*FIG. 13*

APLNDC00024423

5,588,105

**1**

## STATUS BAR FOR APPLICATION WINDOWS

This is a continuation of application Ser. No. 07/967,970 filed Nov. 16, 1992, now abandoned.

### BACKGROUND OF THE INVENTION

This invention relates generally to computer systems, and more particularly to graphical user interfaces for computer systems.

Graphical user interfaces or GUI are becoming increasingly popular with computer users. It is generally accepted that computers having graphical user interfaces are easier to use, and that it is quicker to learn an application program in a GUI environment than in a non-GUI environment.

Apple Computer, Inc. is widely credited with popularizing graphical user interfaces with the GUI provided on their Macintosh line of computers. The Macintosh GUI includes a "desk top" area occupying most of the computer screen, a menu bar provided along the top of the screen which provides a number of pull-down menus that can be activated with a pointing device, such as a mouse or track ball. The output of application programs can be displayed on the screen within a "window" which can cover part or all of the desk top. The menu bar, however, is always visible and will always display certain system required functions regardless of which application program is currently active.

When multiple windows are open on the screen, it can, at times, become confusing as to which application is currently active and which application is being controlled by the menu bar. For example, even though the Macintosh GUI causes a title bar associated with an active window to have a distinctive shading, users still sometimes mistake a non-active window for the active window and try to operate on the non-active window with the menu bar.

Some graphical user interfaces, such as X-window and some graphical UNIX user interfaces, permit multiple active windows on a computer screen. While such systems are advantageous in that several application programs can be run at the same time, the user interface becomes more complex since each application program can provide its own, idiosyncratic interface to a user. This added complexity decreases user efficiency and increases learning time.

In view of the foregoing, it would be desirable to have similar user interfaces associated with any application program window which might be displayed on a screen. With such an system, it would be immediately clear which application was being acted upon, and user efficiency would be increased due to standardization of the interface.

### SUMMARY OF THE INVENTION

The present invention overcomes the disadvantage of the prior art with a "status bar" which is attached to open application windows. Since the status bar is attached directly to the application window, there is no ambiguity as to which window that status bar controls. Furthermore, the status bar has a common format to provide a more uniform graphical user interface for the user of the computer system.

A status bar in accordance with the present invention includes a status bar template generated independently of an application program which is displayed on a computer screen in contact with an application window. The status bar template carries at least one active area. The active area can include an icon which, if activated, can control an operation of the application program. The active area can also be used

**2**

to display information derived from the application program, display information derived from the computer system ("global information"), or control a function of the computer system ("global control").

A method for providing a status bar includes the steps of creating a status bar template having at least one area to be activated; activating the area to create a status bar for that application; and displaying the status bar on a computer screen in contact with an associated application window. The step of creating a status bar template can include creating a number of alternative status bar templates, in which case an additional step of selecting one of the status bar templates is performed. Again, the active area can control a function of the application program, display information from the application program, display global information, or it can control a function outside of the application program.

A major advantage of the present invention is that the status bar is attached directly to an application window so there is no ambiguity as to which application program that status bar controls. Another advantage of the status bar is that it can be configured by the application program with application specific features. Furthermore, the status bar ensures a common graphical user interface which makes the status bar functions easy to learn and use.

### BRIEF DESCRIPTION OF THE INVENTION

FIG. 1 is a block diagram of a computer system in accordance with the present invention;

FIG. 2 is a top plan view of the screen, case, and keypad of the computer system of FIG. 1;

FIG. 3 illustrates a first screen display showing a pop-up window with a status bar;

FIG. 4 is a view of the screen where a pop-up window has been activated from the status bar;

FIG. 5 is a view of the screen where a second window has been opened with an associated status bar;

FIG. 6 is a flow diagram of a method for providing a status bar in accordance with the present invention;

FIG. 7 is a flow diagram illustrating, in greater detail, the "Couple Status Bar" step of FIG. 6;

FIGS. 8a–8b illustrate several status bar templates;

FIG. 9 illustrates the "Fill Areas" step 130 of FIG. 7;

FIG. 10 is a flow diagram illustrating the "Create a New Area" step 156 of FIG. 9;

FIG. 11 illustrates a completed status bar object;

FIGS. 12A and 12B illustrates the "Install New Area" step 158 of FIG. 9;

FIG. 13 is a flow diagram illustrating the "Do Status Bar Action" step 118 of FIG. 6.

### DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENT

The present invention is well suited for pointer based computer systems such as the pen-based, stylus-based and mouse driven systems that are currently popular. For the purposes of illustration, the invention will be described in connection with a pen-based system. However, the present invention is well suited to any computer system using a window-type graphical user interface (GUI), or for non-window interfaces where a common user interface for application programs is desired.

APLNDC00024424