EXHIBIT 1.10

| | Application No. 08/821,004 | Applicant(s) Christensen |
|---|---|---|
| **Interview Summary** | Examiner Crescelle Delatorre | Group Art Unit 2415 |

All participants (applicant, applicant's representative, PTO personnel):

(1) _Crescelle Delatorre - Patent Examiner_          (3) _____

(2) _Judith Szepesi - Applicant's Representative_     (4) _____

Date of Interview _____ _Oct 28, 1997_ _____

Type:  ☒ Telephonic    ☐ Personal (copy is given to    ☐ applicant    ☐ applicant's representative).

Exhibit shown or demonstration conducted:    ☐ Yes    ☒ No.  If yes, brief description:

_____

_____

Agreement  ☐ was reached.    ☒ was not reached.

Claim(s) discussed: _1_

Identification of prior art discussed:

_Cohausz (EPO O 584 392 A1)_ _____

_____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:

_Applicant's representative discussed the difference between the present invention and the Cohausz reference, and pointed out that Cohausz does not teach a status bar for a plurality of application programs, but rather teaches a status indicator for a single program.  It was suggested that applicant amend the independent claims to make the above point more clear by amending the phrase "individual programming modules" which the examiner interpreted as individual programming fields representing portions of a single program._

_____

_____

_____

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached.  Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

1. ☒   It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a response to the last office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2. ☐   Since the Examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.  Applicant is not relieved from providing a separate record of the interview unless box 1 above is also checked.

10/28/97
Cnd

Examiner Note:  You must sign and stamp this form unless it is an attachment to a signed Office action.

APLNDC00024465

Attorney's Docket No.     04860.P1365C                                           <u>Patent</u>

In Re the Application of:   <u>Steven W. Christensen</u>
                                                    (inventor(s))

Application No.:   <u>08/821,004</u>

Filed:   <u>March 20, 1997</u>

For:   <u>METHOD AND APPARATUS FOR DISPLAYING AND ACCESSING CONTROL AND STATUS</u>
       <u>INFORMATION IN A COMPUTER SYSTEM</u>
                                                    (title)

Group Art Unit:   <u>2415</u>                    Examiner:   <u>Dela Torre, C.</u>

## NOTICE OF APPEAL FROM THE EXAMINER TO THE BOARD OF PATENT APPEALS AND INTERFERENCES

ASSISTANT COMMISSIONER FOR PATENTS
Washington, D.C.  20231

Sir:
        Applicant(s) hereby appeal(s) to the Board of Patent Appeals and Interferences from the decision
dated   <u>August 14, 1997</u>   of the Examiner rejecting claims   <u>1-24</u>   .

        The item(s) checked below are appropriate:

  <u>XXX</u>    The following is the Notice of Appeal fee under 37 C.F.R § 1.17(e):

        <u>X</u>    a.  other than small entity:          fee $  310.00

        _____    b.  small entity:                    fee $  155.00

                _____  verified statement attached

                _____  verified statement was filed _____

_____    A petition under 37 C.F.R. § 1.136(a) for an extension of time for reply to the rejection is
enclosed along with a check for the fee for the extension of time.

  <u>X</u>    Enclosed is a check in the amount of $  <u>310.00</u>   for the Notice of Appeal fee.

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail
with sufficient postage in an envelope addressed to the Assistant Commissioner for Patents, Washington,
D.C.  20231

on   <u>November 14, 1997</u>   .
                Date of Deposit

                        Edith Fuentes
            Name of Person Mailing Correspondence

_____        <u>11-14-97</u>
                Signature                      Date

                        - 1 -                          (LJV/cak 10/01/97)

APLNDC00024466

_____   Please charge the Notice of Appeal fee to Deposit Account Number 02-2666.  A duplicate of this sheet is enclosed for Deposit Account charging purposes.

_XXX___   If any additional fee is required, please charge Deposit Account No. 02-2666.  A duplicate of this sheet is enclosed for Deposit Account charging purposes.

BLAKELY SOKOLOFF TAYLOR & ZAFMAN LLP

Date: _11/14/97_

Judith A. Szepesi

12400 Wilshire Boulevard
  Seventh Floor
Los Angeles, California  90025
(408) 720-8598

Reg. No. ___39,393___

(LJV/cak 10/01/97)

APLNDC00024467

Attorney's Docket No. 04860.P1365C

Patent

In Re the Application of: __Steven W. Christensen__

(inventor(s))

Application No.: __08/821,004__

Filed: __March 20, 1997__

For: __METHOD AND APPARATUS FOR DISPLAYING AND ACCESSING CONTROL AND STATUS INFORMATION IN A COMPUTER SYSTEM__

(title)

Group Art Unit: __2415__                 Examiner: __Dela Torre, C.__

## NOTICE OF APPEAL FROM THE EXAMINER TO THE BOARD OF PATENT APPEALS AND INTERFERENCES

ASSISTANT COMMISSIONER FOR PATENTS
Washington, D.C. 20231

Sir:

Applicant(s) hereby appeal(s) to the Board of Patent Appeals and Interferences from the decision dated __August 14, 1997__ of the Examiner rejecting claims __1-24__.

The item(s) checked below are appropriate:

__XXX__   The following is the Notice of Appeal fee under 37 C.F.R. § 1.17(e):

    __X__   a. other than small entity:          fee $ 310.00

    _____   b. small entity:          fee $ 155.00

      _____ verified statement attached

      _____ verified statement was filed _____

_____   A petition under 37 C.F.R. § 1.136(a) for an extension of time for reply to the rejection is enclosed along with a check for the fee for the extension of time.

__X__   Enclosed is a check in the amount of $ __310.00__ for the Notice of Appeal fee.

---

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail with sufficient postage in an envelope addressed to the Assistant Commissioner for Patents, Washington, D.C. 20231

on __November 14, 1997__.
           Date of Deposit

_____Edith Fuentes_____
Name of Person Mailing Correspondence

_____Signature_____          __11-14-97__
      Signature                           Date

- 1 -                    (LJV/cak 10/01/97)

APLNDC00024468

_____   Please charge the Notice of Appeal fee to Deposit Account Number 02-2666.  A duplicate of
this sheet is enclosed for Deposit Account charging purposes.

__XXX__   If any additional fee is required, please charge Deposit Account No. 02-2666.  A duplicate of
this sheet is enclosed for Deposit Account charging purposes.

BLAKELY SOKOLOFF TAYLOR & ZAFMAN LLP

Date: _____11/14/97_____

Judith A. Szepesi

12400 Wilshire Boulevard
 Seventh Floor
Los Angeles, California  90025
(408) 720-8598

Reg. No. ___39,393___

-2-                              (LJV/cak 10/01/97)

APLNDC00024469

Corres. and Mail

**BOX AF**

*H(IGA)2415*

*2RCI*
*11/21/97*

NOV 17 1997

Attorney's Docket No.:  __04860.P1365C__                                    <u>Patent</u>

In re the Application of:  __Steven W. Christensen__                      **AMENDMENT  UNDER**
                                    (inventor(s))                                      **37  C.F.R.  §  1.116**
Application No.: __08/821,004__                                              **EXPEDITED  PROCEDURE**

Filed:  __March 20, 1997__                                        __          **EXAMINING GROUP  2415**

For:  __METHOD AND APPARATUS FOR DISPLAYING AND ACCESSING CONTROL AND STATUS__

        __INFORMATION IN A COMPUTER SYSTEM__
                                                    (title)

ASSISTANT COMMISSIONER FOR PATENTS
Washington, D.C.  20231
Box AF

SIR:  Transmitted herewith is an **Amendment After Final Action** for the above application.

_____     Small entity status of this application under 37 C.F.R. §§ 1.9 and 1.27 has been established by a
            verified statement previously submitted.
_____     A verified statement to establish small entity status under 37 C.F.R. §§ 1.9 and 1.27 is enclosed.
__X__       No additional fee is required.
__X__       **A Notice of Appeal is enclosed.**

The fee has been calculated as shown below:

|  | (Col. 1) Claims Remaining After Amd. |  | (Col. 2) Highest No. Previously Paid For | (Col. 3) Present Extra | SMALL ENTITY | | OTHER THAN A SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  | Rate | Additional Fee | Rate | Additional Fee |
| Total Claims | * 24 | Minus | ** 24 | 0 | x11 $ | | x22 $ 0 | |
| Indep. Claims | * 3 | Minus | *** 3 | 0 | x41 $ | | x82 $ 0 | |
| | **First Presentation of Multiple Dependent Claim(s)** | | | | +135 $ | | +270 $ 0 | |
| | | | | | Total Add. Fee $ | | Total Add. Fee $ 0 | |

*     If the entry in Col. 1 is less than the entry In Col. 2,
      write "0" in Col. 3.
**    If the "Highest No. Previously Paid For" IN THIS
      SPACE is less than 20, write "20" in this space.
***   If the "Highest No. Previously Paid For" IN THIS SPACE is less than 3, write "3" in this space.
      The "Highest No. Previously Paid For" (Total or Independent) is the highest number found from
      the equivalent box in Col. 1 of a prior amendment or the number of claims originally filed.

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail
with sufficient postage in an envelope addressed to the Assistant Commissioner for Patents, Washington,
D.C. 20231

on _____November 14, 1997_____.
                  Date of Deposit

_____Edith Fuentes_____
          Name of Person Mailing Correspondence

_____            __11-14-97__
          Signature                                           Date

- 1 -                                             (LJV/cak 10/01/97)

_____ A check in the amount of $_____ is attached for presentation of additional claim(s).
_____ Applicant(s) hereby Petition(s) for an Extension of Time of _____ month(s) pursuant to
37 C.F.R. § 1.136(a).
__X__ A check for $_310.00_____ is attached for processing fees under 37 C.F.R. § 1.17.(e).
_____ Please charge my Deposit Account No. 02-2666 the amount of $_____.
**A duplicate copy of this sheet is enclosed.**
__X__ The Commissioner of Patents and Trademarks is hereby authorized to charge payment of the
following fees associated with this communication or credit any overpayment to Deposit
Account No. 02-2666 **(a duplicate copy of this sheet is enclosed):**
__X__ Any additional filing fees required under 37 C.F.R. § 1.16 for presentation of
extra claims.
__X__ Any extension or petition fees under 37 C.F.R. § 1.17.

BLAKELY SOKOLOFF TAYLOR & ZAFMAN LLP

Date: _11/14/97_____

Judith A. Szepesi

12400 Wilshire Boulevard
 Seventh Floor
Los Angeles, California  90025
(408) 720-8598

Reg. No. _39,393_____

-2-

(LJV/cak 10/01/97)

APLNDC00024471

04860.P1365

*Patent*

---

**Response under 37 CFR 1.116 — Expedited Procedure**
**Examining Group 237**

---

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re Application of | ) | |
| | ) | |
| Steven W. Christensen | ) | Examiner:   Dela Torre, C. |
| | ) | |
| Serial No.   08/821,004 | ) | Art Unit:   2415 |
| | ) | |
| Filing Date:  March 20, 1997 | ) | |
| | ) | |
| For:  METHOD AND APPARATUS FOR | ) | |
| DISPLAYING AND ACCESSING | ) | |
| CONTROL AND STATUS | ) | |
| INFORMATION IN A COMPUTER | ) | |
| SYSTEM | ) | |

### AMENDMENT TO FINAL OFFICE ACTION

Assistant Commissioner for Patents
  Washington, D.C.  20231

Sir:

In response to the Final Office Action mailed August 14, 1997,

Applicant respectfully requests the Examiner to enter the following

amendments and consider the following remarks:

---

**FIRST CLASS CERTIFICATE OF MAILING**

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail with sufficient postage in an envelope addressed to the Assistant Commissioner for Patents, Washington, D.C.  20231

on_____ November 14, 1997_____
                              Date of Deposit

_____ Edith Fuentes_____
            Name of Person Mailing Correspondence

_Edith Fuentes_____        11-14-97_____
            Signature                                Date

---

Serial No.  08/821,004                          1                          04860.P1365C

IN THE CLAIMS

1.    (Twice Amended)  An interactive computer-controlled display system comprising:

a processor;

a data display screen coupled to the processor;

a cursor control device coupled to said processor for positioning a cursor on said data display screen;

a window generation and control logic coupled to the processor and data display screen to create an operating environment for a plurality of individual programming modules <u>associated with different programs</u> that provide status and control functions, wherein the window generation and control logic generates and displays a first window region having a plurality of display areas on said data display screen, wherein each of the plurality of display areas is associated with one of the plurality of individual programming modules;

an indicia generation logic coupled to the data display screen to execute at least one of the plurality of individual programming modules to generate information for display in one of the plurality of display areas in the first window region, wherein at least one of the plurality of display areas and its associated programming module is sensitive to user input, and further wherein the window generation and control logic and the indicia generation logic use message-based communication to exchange information to coordinate activities of the indicia generation logic to enable interactive display activity.

11.    (Twice Amended)  An interactive computer-controlled display system comprising:

APLNDC00024473

a processor;

a data display screen coupled to the processor;

a cursor control device coupled to said processor for positioning a cursor on said data display screen;

window generation and control logic coupled to the processor and data display screen to create an operating environment for a plurality of individual programming modules associated with different programs that provide status and control functions, wherein the window generation and control logic generates and displays a first window region having a plurality of display areas on said data display screen, wherein each of the plurality of display areas is associated with one of the plurality of individual programming modules;

at least one indicia graphics generation logic coupled to the processor and the window generation and control logic, wherein said at least one indicia graphics generation logic generates user sensitive graphics for display in at least one data display area by executing at least one of the plurality of individual programming modules;

wherein the window generation and control logic determines when said at least one data display area has been selected by the user and signals said at least one indicia graphics generation logic in response to user selection, and further wherein said at least one indicia graphics generation logic initiates a response from said at least one of the plurality of programming modules.

15.    (Twice Amended)  A method for generating control information comprising the steps of:

Serial No.  08/821,004                     3                     04860.P1365C

APLNDC00024474

creating an operating environment for a plurality of individual programming modules <u>associated with different programs</u> that provide status and control functions;

generating a first window sized to accommodate a plurality of display areas for indicia resulting from executing at least one of the plurality of individual programming modules, wherein each of the plurality of display areas is associated with one of the plurality of individual programming modules;

displaying the indicia in each of said plurality of display areas by executing  one of a plurality of individual programming modules corresponding to each indicia;

selecting one of the indicia, wherein the step of selecting comprises a first programming module determining which of said plurality of display areas is selected and sending a message to a programming module of said plurality of individual programming modules responsible for generating a display of a selected indicia;

said programming module performing a function in response to a selection.



APLNDC00024475

REMARKS

Applicant respectfully requests reconsideration of this application as amended. Claims 1-24 remain in the application. No claims have been canceled. Applicant respectfully submits that the above amendments place the case in a better position to be allowed. Furthermore, good and sufficient reasons exist why the below arguments were not presented earlier. Applicant requests entry of the amendments and their consideration.

Claim 1, as amended, claims:

> a window generation and control logic coupled to the processor and data display screen to create an operating environment for <u>a plurality of individual programming modules associated with different programs</u> that provide status and control functions, wherein the window generation and control logic generates and displays a first window region having a plurality of display areas on said data display screen, wherein each of the plurality of display areas is associated with one of the plurality of individual programming modules.

(emphasis added).

Thus, Applicant claims <u>individual programming modules associated with different programs</u>, which are defined in the specification as a collection of individual modules that provide status and control functions. (Specification pg. 18, lines 3-5). "The control strip functions in one embodiment includes a network switch that shows whether a network connection for the computer system . . . is on or off and lets the user turn the network connection on or off. . . . The control strip may also include a battery monitor that displays the status of the battery or batteries. Another control strip module displays the state of File Sharing that may be currently employed on the computer system. The control strip of the present invention may also provide a module to allow the internal hard disk power to be turned off. The control strip may also provide power settings that allow the users to select

APLNDC00024476

between maximum battery conservation or maximum computer performance. Other modules, for example, may provide, time and/or date information, may list currently running programming applications, may indicate the amount of available memory, may control a CD drive, may provide access to audio controls and status information." (Specification, pg. 18-19).

Cohausz, according to the Examiner, teaches individual programming modules at bridging paragraph of pp. 2-3, where it states: "The problem under consideration is solved according to the invention in that the oblong field comprises a plurality of individual fields which are adjacent to one another, each of which constitutes an operating field or a control button which, upon being activated, branches into the associated program area or executes the associated program function, with the indicator field or the cursor always being located on the <u>individual field in whose associated program area/program function the user is currently located</u>." (emphasis added). Cohausz refers to fields corresponding to program areas/functions, within a single program. Generally Cohausz refers to individual fields together forming a status indicator, "the individual fields representing portions of the individual program, text or information, i.e., sections, paragraphs, chapters, or segments of information." (Cohausz, pg. 3, lines 8-12).

Thus, it is clear from Cohausz that there are no <u>individual programming modules associated with different programs</u>, as claimed in the present invention, but rather a single program, which can be accessed at different locations through the use of this indicator. Therefore, Cohausz does not teach the individual programming modules associated with different programs as claimed in Claim 1 of the present invention. Therefore, Claim 1 of the present invention is not anticipated by or obvious over Cohausz.

APLNDC00024477

Independent Claims 11 and 15 similarly claim <u>individual programming modules associated with different programs</u>, and are therefore not anticipated by or obvious over Cohausz.

Applicant respectfully requests allowance of claims 1-24. If any obstacles remain to such allowance, Applicant respectfully requests that the Examiner contact the undersigned by telephone.

Please charge any shortages or credit any overages to Deposit Account No. 02-2666.

Respectfully submitted,
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP

Dated: _____11/14_____, 1997

Judith A. Szepesi
Registration No. 39,393

12400 Wilshire Blvd.
Seventh Floor
Los Angeles, CA 90025-1026
(408) 720-8598

APLNDC00024478



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/821,004 | 03/20/97 | CHRISTENSEN | S | 04860.P1365C |

LM51/1211

BLAKELY SOKOLOFF TAYLOR & ZAFMAN
12400 WILSHIRE BOULEVARD
SEVENTH FLOOR
LOS ANGELES CA 90025

| EXAMINER |
|---|
| DELA TORRE,C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2773 | 18 |

DATE MAILED:   12/11/97

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)

☆U.S.GOVERNMENT PRINTING OFFICE 1996-411-518/40275

1- File Copy

08/821004

APLNDC00024479

| *Advisory Action* | Application No.<br>08/821,004 | Applicant(s)<br>**Christensen** |
|---|---|---|
| | Examiner<br>**Crescelle Delatorre** | Group Art Unit<br>**2773** |

THE PERIOD FOR RESPONSE: [check only a) or b)]

a) ☒ expires _____three_____ months from the mailing date of the final rejection.

b) ☐ expires either three months from the mailing date of the final rejection, or on the mailing date of this Advisory Action, whichever is later. In no event, however, will the statutory period for the response expire later than six months from the date of the final rejection.

Any extension of time must be obtained by filing a petition under 37 CFR 1.136(a), the proposed response and the appropriate fee. The date on which the response, the petition, and the fee have been filed is the date of the response and also the date for the purposes of determining the period of extension and the corresponding amount of the fee. Any extension fee pursuant to 37 CFR 1.17 will be calculated from the date of the originally set shortened statutory period for response or as set forth in b) above.

☒ Appellant's Brief is due two months from the date of the Notice of Appeal filed on _____Nov 17, 1997_____ (or within any period for response set forth above, whichever is later). See 37 CFR 1.191(d) and 37 CFR 1.192(a).

Applicant's response to the final rejection, filed on _____Nov 17, 1997_____ has been considered with the following effect, but is NOT deemed to place the application in condition for allowance:

☒ The proposed amendment(s):

☐ will be entered upon filing of a Notice of Appeal and an Appeal Brief.

☒ will not be entered because:

☒ they raise new issues that would require further consideration and/or search. (See note below).

☐ they raise the issue of new matter. (See note below).

☒ they are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal.

☐ they present additional claims without cancelling a corresponding number of finally rejected claims.

NOTE: _See Attachment A_ _____

_____

_____

☐ Applicant's response has overcome the following rejection(s):

_____

_____

☐ Newly proposed or amended claims _____ would be allowable if submitted in a separate, timely filed amendment cancelling the non-allowable claims.

☐ The affidavit, exhibit or request for reconsideration has been considered but does NOT place the application in condition for allowance because:

_____

_____

☐ The affidavit or exhibit will NOT be considered because it is not directed SOLELY to issues which were newly raised by the Examiner in the final rejection.

☒ For purposes of Appeal, the status of the claims is as follows (see attached written explanation, if any):

Claims allowed: _____

Claims objected to: _____

Claims rejected: _1-24_____

☐ The proposed drawing correction filed on _____ ☐ has ☐ has not been approved by the Examiner.

☐ Note the attached Information Disclosure Statement(s), PTO-1449, Paper No(s). _____ .

☐ Other _____

MATTHEW M. Kl??<br>PRIMARY EXAMINE?<br>GROUP 2300 *2773*

APLNDC00024480

Serial Number: 08/821,004                                          Page 2

Art Unit: 2773

## ATTACHMENT A

In an After-Final Amendment, filed on 11/17/97, applicant amended each independent
claim to include that the plurality of individual programming modules are <u>associated with different
programs</u>, which requires further consideration and search.

As was discussed during a phone interview on 10/28/97, the examiner agreed with
applicant that the primary reference, Cohausz, does not teach a status bar for a plurality of
application programs, but rather teaches a status indicator for a single program. However, the
claims, as originally presented, did not specifically include different programs, so the "plurality of
individual programming modules that provide status and control functions" were interpreted as
individual programming fields representing portions of a single program.

In addition, the art of record includes the Foster reference (U.S. patent 5,588,105), which
teaches a status bar "characterized by a template generated independently of an application
program", the template having "at least one active area that can include an icon for controlling the
application program or an area which displays information generated by the application program"
as well as "global functions" of the computer system, such as real time clock 78, filter button 80,
and routing slip 86. Thus, the Foster reference teaches a "plurality of individual programming
modules <u>associated with different programs</u>".

12/9/97
Cu A

MATTHEW M. KIM
PRIMARY EXAMINER
GROUP 2300
2nn 3

APLNDC00024481

Please type a plus sign (+) inside this box  [+]

PTO/SB/29 (12/97)
Approved for use through 09/30/00.  OMB 0651-0032
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# CONTINUED PROSECUTION APPLICATION (CPA)
# REQUEST TRANSMITTAL

Submit an original, and a duplicate for fee processing.
(Only for Continuation or Divisional applications under 37 CFR 1.53(d))

CHECK BOX, if applicable:
[ ___ ]   DUPLICATE

**ADDRESS TO:   Assistant Commissioner for Patents**
**Box CPA**
**Washington, D.C.  20231**

Attorney Docket No. __04860.P1365C__

First Named Inventor __Steven W. Christensen__

Express Mail Label No. __EM081777092US__

Total Pages __3__

This is a request for a __X__ continuation or _____ divisional under 37 CFR 1.53(d)

(continuation prosecution application (CPA)) of prior application No: __08/821,004,__

filed on __March 20, 1997__ , entitled __METHOD AND APPARATUS FOR DISPLAYING AND ACCESSING__
__CONTROL AND STATUS INFORMATION IN A COMPUTER SYSTEM__

## NOTES

**FILING QUALIFICATIONS:**  The prior application identified above must be a nonprovisional application that is either: (1) complete as defined by 37 CFR 1.51(b) and filed on or after June 8, 1995, or (2) the national stage of an international application in compliance with 35 U.S.C. 371 and filed on or after June 8, 1995.

**C-I-P NOT PERMITTED:**   A continuation-in-part application cannot be filed as a CPA under 37 CFR 1.53(d), but must be filed under 37 CFR 1.53(b).

**EXPRESS ABANDONMENT OF PRIOR APPLICATION:**  The filing of this CPA is a request to expressly abandon the prior application as of the filing date of the request for a CPA.  37 CFR 1.53(b) must be used to file a continuation, divisional, or continuation-in-part of an application that is not to be abandoned.

**ACCESS TO PRIOR APPLICATION:**   The filing of this CPA will be construed to include a waiver of confidentiality by the applicant under 35 U.S.C. 122 to the extent that any member of the public who is entitled under the provisions of 37 CFR 1.14 to access to, copies of, or information concerning, the prior application may be given similar access to, copies of, or similar information concerning, the other application or applications in the file jacket.

**35 U.S.C. 120 STATEMENT:**   In a CPA, no reference to the prior application is needed in the first sentence of the specification and none should be submitted.  If a sentence referencing the prior application is submitted, it will not be entered.  A request for a CPA is the specific reference required by 35 U.S.C. 120 and to every application assigned the application number identified in such request, 37 CFR 1.78(a).

1. __X__   Enter the unentered amendment previously filed on __November 14, 1997__
under 37 CFR 1.116 in the prior nonprovisional application.

2. ____   A preliminary amendment is enclosed.

3. ____   This application is filed by fewer than all the inventors named in the prior application, 37 CFR 1.53(d)4.

____  a.   **DELETE** the following inventor(s) named in the prior nonprovisional application:

_____

_____

____  b.   The inventor(s) to be deleted are set forth on a separate sheet attached hereto.

4. ____   A new power of attorney or authorization of agent (PTO/SB/81) is enclosed.

5. ____   Information Disclosure Statement (IDS) is enclosed:

a. ____   PTO - 1449

b. ____   Copies of IDS Citations

12/29/97

- 1 -

Please type a plus sign (+) inside this box  [+]

PTO/SB/29 (12/97)
Approved for use through 09/30/00. OMB 0651-0032
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## CLAIMS

| (1) FOR | (2) NUMBER FILED | (3) NUMBER EXTRA | (4) RATE | (5) CALCULATIONS |
|---|---|---|---|---|
| Total Claims (37 CFR 1.16(c)) | 24 − 20 = | 4 | X $ 22.00 = | $ 88.00 |
| Independent Claims (37 CFR 1.16(b)) | 3 − 3 = | 0 | X $ 0 = | $ 0 |
| Multiple Dependent Claims (if applicable) (37 CFR 1.16(d)) | | | + $ 0 = | $ 0 |
| | | | BASIC FEE (37 CFR 1.16(a)) | $ 790.00 |

Total of above Calculations   =   $ 878.00
Reduction by 50% for filing by small entity (Note 37 CFR 1.9, 1.27, 1.28).   $ 0
TOTAL =   $ 878.00

6. ____ Small entity status:

    a. ____ A small entity statement is enclosed.

    b. ____ A small entity statement was filed in the prior nonprovisional application and such status is still proper and desired.

    c. ____ Is no longer claimed.

7. ____ The Commissioner is hereby authorized to credit overpayments or charge the following fees to Deposit Account No. _____.

    a. ____ Fees required under 37 CFR 1.16.

    b. ____ Fees required under 37 CFR 1.17.

    c. ____ Fees required under 37 CFR 1.18.

8. _X_ A check in the amount of $ 878.00 is enclosed.

9. ____ Other: _____

NOTE:   The prior application's correspondence address will carry over to this CPA UNLESS a new correspondence address is provided below.

### 10.   NEW CORRESPONDENCE ADDRESS

____ Customer Number or Bar Code Label

    OR   (Insert Customer No. or Attach Bar Code Label here)

____ New Correspondence Address Below

NAME _____

ADDRESS _____

CITY _____ STATE _____ ZIP CODE _____
COUNTRY _____ TELEPHONE _____ FAX _____

### 11.   SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED

NAME   Michael J. Mallie

REGISTRATION NO. 36,591

SIGNATURE _____

DATE _____

12/29/97                                    - 2 -

APLNDC00024483

JAN 1 2 1998

PTO/SB/17(10/96)
Approved for use through 09/30/98. OMB 0651-0032
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# FEE TRANSMITTAL

## TOTAL AMOUNT OF PAYMENT ($)  878.00

**Complete if Known:**
Application No.  08/821,004
Filing Date  March 20, 1997
First Named Inventor  Steven W. Christensen
Group Art Unit  2415
Examiner Name  Dela Torre, C.
Attorney Docket No.  04860.P1365C2

---

## METHOD OF PAYMENT (check one)

1. [   ] The Commissioner is hereby authorized to charge indicated fees and credit any over payments to:

   Deposit Account Number  _____
   Deposit Account Name  _____

   [   ] Charge Any Additional Fee Required Under 37 CFR 1.16 and 1.17

   [   ] Charge the Issue Fee Set in 37 CFR 1.18 at the Mailing of the Notice of Allowance, 37 CFR 1.131(b)

2. __X__ Payment Enclosed
   __X__ Check
   _____ Money Order
   _____ Other

---

## FEE CALCULATION (fees effective 10/01/97)

### 1.  FILING FEE

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description | Fee Paid |
|---|---|---|---|---|---|
| 101 | 790 | 201 | 395 | Utility application filing fee | 790.00 |
| 106 | 330 | 206 | 165 | Design application filing fee | |
| 107 | 540 | 207 | 270 | Plant filing fee | |
| 108 | 790 | 208 | 395 | Reissue filing fee | |
| 114 | 150 | 214 | 75 | Provisional application filing fee | |

**SUBTOTAL (1)  $ 790.00**

---

### 2.  CLAIMS

| | | Extra | | Fee from below | | Fee Paid |
|---|---|---|---|---|---|---|
| Total Claims | 24 | − 20 = | 4 | X | 22.00 | = | 88.00 |
| Independent Claims | 3 | − 3 = | 0 | X | 0 | = | 0 |
| Multiple Dependent Claims | | | | X | 0 | = | 0 |

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description | Fee Paid |
|---|---|---|---|---|---|
| 103 | 22 | 203 | 11 | Claims in excess of twenty | 88.00 |
| 102 | 82 | 202 | 41 | Independent claims in excess of 3 | 0 |
| 104 | 270 | 204 | 135 | Multiple dependent claim | 0 |
| 109 | 82 | 209 | 41 | Reissue independent claims over original patent | 0 |
| 110 | 22 | 210 | 11 | Reissue claims in excess of 20 and over original patent | 0 |

**SUBTOTAL (2)  $ 878.00**

---

12/01/97                                - 1 -                      PTO/SB/17 (10-96)

APLNDC00024484

**FEE CALCULATION (continued)**

**3.   ADDITIONAL FEES**

| Large Entity | | Small Entity | | | |
|---|---|---|---|---|---|
| Fee Code | Fee ($) | Fee Code | Fee ($) | Fee Description | Fee Paid |
| 105 | 130 | 205 | 65 | Surcharge - late filing fee or oath | _____ |
| 127 | 50 | 227 | 25 | Surcharge - late provisional filing fee or cover sheet | _____ |
| 139 | 130 | 139 | 130 | Non-English specification | _____ |
| 147 | 2,520 | 147 | 2,520 | For filing a request for reexamination | _____ |
| 112 | 920* | 112 | 920* | Requesting publication of SIR prior to Examiner action | _____ |
| 113 | 1,840* | 113 | 1,840* | Requesting publication of SIR after Examiner action | _____ |
| 115 | 110 | 215 | 55 | Extension for response within first month | _____ |
| 116 | 400 | 216 | 200 | Extension for response within second month | _____ |
| 117 | 950 | 217 | 475 | Extension for response within third month | _____ |
| 118 | 1,510 | 218 | 755 | Extension for response within fourth month | _____ |
| 128 | 2,060 | 228 | 1,030 | Extension for response within fifth month | _____ |
| 119 | 310 | 219 | 155 | Notice of Appeal | _____ |
| 120 | 310 | 220 | 155 | Filing a brief in support of an appeal | _____ |
| 121 | 270 | 221 | 135 | Request for oral hearing | _____ |
| 138 | 1,510 | 138 | 1,510 | Petition to institute a public use proceeding | _____ |
| 140 | 110 | 240 | 55 | Petition to revive unavoidably abandoned application | _____ |
| 141 | 1,320 | 241 | 660 | Petition to revive unintentionally abandoned application | _____ |
| 142 | 1,320 | 242 | 660 | Utility issue fee (or reissue) | _____ |
| 143 | 450 | 243 | 225 | Design issue fee | _____ |
| 144 | 670 | 244 | 335 | Plant issue fee | _____ |
| 122 | 130 | 122 | 130 | Petitions to the Commissioner | _____ |
| 123 | 50 | 123 | 50 | Petitions related to provisional applications | _____ |
| 126 | 240 | 126 | 240 | Submission of Information Disclosure Stmt | _____ |
| 581 | 40 | 581 | 40 | Recording each patent assignment per property (times number of properties) | _____ |
| 146 | 790 | 246 | 395 | For filing a submission after final rejection (see 37 CFR 1.129(a)) | _____ |
| 149 | 790 | 249 | 395 | For each additional invention to be examined (see 37 CFR 1.129(a)) | _____ |

Other fee (specify) _____    _____

Other fee (specify) _____    _____

**SUBTOTAL (3)$** 0    _____

*Reduced by Basic Filing Fee Paid

**SUBMITTED BY:**

Typed or Printed Name: Michael J. Mallie _____

**Signature** _____    **Date** 1/12/98 _____

**Reg. Number** 36,591 _____    **Deposit Account User ID** _____
                                                 (complete if applicable)

APLNDC00024485

## EXPRESS MAIL CERTIFICATE OF MAILING

"Express Mail" mailing label number: EM 081 777 092 US

Date of Deposit: _January 12, 1998_

I hereby certify that I am causing this paper or fee to be deposited with the United States Postal Service "Express Mail Post Office to Addressee" service on the date indicated above and that this paper or fee has been addressed to the Assistant Commissioner for Patents, Washington, D. C. 20231

_Angela M. Quinn_

(Typed or printed) name of person mailing paper or fee)

_Angela M. Quinn_

(Signature of person mailing paper or fee)

_1-12-98_

(Date signed)

---

Serial/Patent No.: __08/821,004__          Filing/Issue Date: __3/20/97__

Client: __Apple Computer, Inc.__

Title: __METHOD AND APPARATUS FOR DISPLAYING AND ACCESSING CONTROL AND STATUS INFORMATION IN A COMPUTER SYSTEM__

BSTZ File No.: __04860.P1365C2__          Atty/Secty Initials: __MJM/amq__

Date Mailed: __1/12/98__          Docket Due Date: __1/14/98__

The following has been received in the U.S. Patent & Trademark Office on the date stamped hereon:

| | |
|---|---|
| ☐ Amendment/Response (_____ pgs.) | ☒ Express Mail No.: EM081777092US XX Check No. 20289 |
| ☐ Appeal Brief (_____ pgs.) (in triplicate) | ☐ _____ Month(s) Extension of Time     Amt: 878.00 |
| ☐ Application - Utility (_____ pgs., with cover and abstract) | ☐ Information Disclosure Statement & PTO-1449 (_____ pgs.)   Check No._____ |
| ☐ Application - Rule 1.60 Continuation (_____ pgs.) | ☐ Issue Fee Transmittal     Amt: _____ |
| ☐ Application - Rule 1.60 Division (_____ pgs.) | ☐ Notice of Appeal |
| ☐ Application - Rule 1.60 CIP (_____ pgs.) | ☐ Petition for Extension of Time |
| ☐ Application - Rule 1.62 Transmittal (_____ pgs.) | ☐ Petition for _____ |
| ☐ Application - Design (_____ pgs.) | XX Postcard |
| ☐ Application - PCT (_____ pgs.) | ☐ Power of Attorney (_____ pgs.) |
| ☐ Application - Provisional (_____ pgs.) | ☐ Preliminary Amendment (_____ pgs.) |
| ☐ Assignment and Cover Sheet | ☐ Reply Brief (_____ pgs.) |
| ☐ Certificate of Mailing | ☐ Response to Notice of Missing Parts |
| ☐ Declaration & POA (_____ pgs.) | ☐ Request to Incorporate Disclosure Document (_____ pgs.) |
| ☐ Disclosure Doc & Orig & Copy of Inventor's Signed Letter (_____ pgs.) | ☐ Small Entity Declaration for Indep. Inventor/Small Business |
| ☐ Drawings: ___ # of sheets includes ___ figures | ☐ Transmittal Letter (original & copy) |

XX Other: __Fee Transmittal (3 pgs.) (copy & orig.); CPA Request Transmittal (3 pgs.) (orig. & Copy).__

APLNDC00024486

## EXPRESS MAIL CERTIFICATE OF MAILING

"Express Mail" mailing label number: EM081777082US

Date of Deposit: 1-12-98

I hereby certify that I am causing this paper or fee to be deposited with the United States Postal Service "Express Mail Post Office to Addressee" service on the date indicated above and that this paper or fee has been addressed to the Assistant Commissioner for Patents, Washington, D. C. 20231

Angela M. Quinn

(Typed or printed name of person mailing paper or fee)

Angela M. Quinn

(Signature of person mailing paper or fee)

1-12-98

(Date signed)

---

Serial/Patent No.: 08/821,004                Filing/Issue Date: 3/20/97
Client: Apple Computer, Inc.
Title: METHOD AND APPARATUS FOR DISPLAYING AND ACCESSING
CONTROL AND STATUS INFORMATION IN A COMPUTER SYSTEM
BSTZ File No.: 04860.P1365C2           Atty/Secty Initials: MJM/amq
Date Mailed: 1/12/98                        Docket Due Date: 1/14/98

The following has been received in the U.S. Patent & Trademark Office on the date stamped hereon:

| | |
|---|---|
| ☐ Amendment/Response (_____ pgs.) | ☒ Express Mail No. EM081777082US ☒ Check No. 20289 |
| ☐ Appeal Brief (_____ pgs.) (in triplicate) | ☐ _____ Month(s) Extension of Time         Amt: 878.00 |
| ☐ Application - Utility (_____ pgs., with cover and abstract) | ☐ Information Disclosure Statement & PTO-1449 (_____ pgs.) ☐ Check No._____ |
| ☐ Application - Rule 1.60 Continuation (_____ pgs.) | ☐ Issue Fee Transmittal         Amt: _____ |
| ☐ Application - Rule 1.60 Division (_____ pgs.) | ☐ Notice of Appeal |
| ☐ Application - Rule 1.60 CIP (_____ pgs.) | ☐ Petition for Extension of Time |
| ☐ Application - Rule 1.62 Transmittal (_____ pgs.) | ☐ Petition for _____ |
| ☐ Application - Design (_____ pgs.) | ☒☒ Postcard |
| ☐ Application - PCT (_____ pgs.) | ☐ Power of Attorney (_____ pgs.) |
| ☐ Application - Provisional (_____ pgs.) | ☐ Preliminary Amendment (_____ pgs.) |
| ☐ Assignment and Cover Sheet | ☐ Reply Brief (_____ pgs.) |
| ☐ Certificate of Mailing | ☐ Response to Notice of Missing Parts |
| ☐ Declaration & POA (_____ pgs.) | ☐ Request to Incorporate Disclosure Document (_____ pgs.) |
| ☐ Disclosure Docs & Orig & Copy of Inventor's Signed Letter (_____ pgs.) | ☐ Small Entity Declaration for Indep. Inventor/Small Business |
| ☐ Drawings _____ # of sheets includes _____ figures | ☐ Transmittal Letter (original & copy) |

☒☒ Other: Fee Transmittal (3 pgs) (copy & orig.); CPA
Request Transmittal (3 pgs.) (orig. & Copy).

APLNDC00024487

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
           Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/821,004 | 03/20/97 | CHRISTENSEN        S | 04860.P1365C |

LM51/0325

BLAKELY SOKOLOFF TAYLOR & ZAFMAN
12400 WILSHIRE BOULEVARD
SEVENTH FLOOR
LOS ANGELES CA 90025

| EXAMINER |
|---|
| DELA TORRE,C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2773 | 20 |

DATE MAILED:   03/25/98

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)                    ☆U.S.GOVERNMENT PRINTING OFFICE 1996-411-516/40275                    1- File Copy

08/821004

APLNDC00024488

| *Office Action Summary* | Application No. 08/821,004 | Applicant(s) Christensen |
|---|---|---|
| | Examiner Crescelle Delatorre | Group Art Unit 2773 |

☒ Responsive to communication(s) filed on *Nov 17, 1997; and on Jan 12, 1998* _____ .

☐ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed** in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ____*three*____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-24* _____ is/are pending in the application.

   Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *1-24* _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is  ☐ approved  ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

   ☐ All  ☐ Some*  ☐ None  of the CERTIFIED copies of the priority documents have been

      ☐ received.

      ☐ received in Application No. (Series Code/Serial Number) _____ .

      ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   *Certified copies not received: _____ .

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☐ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

*--- SEE OFFICE ACTION ON THE FOLLOWING PAGES ---*

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-95)                    Office Action Summary                    Part of Paper No. __20__

APLNDC00024489

| *Office Action Summary* | Application No.<br>08/821,004 | Applicant(s)<br>Christensen |
|---|---|---|
| | Examiner<br>Crescelle Delatorre | Group Art Unit<br>2773 |

☒ Responsive to communication(s) filed on *Nov 17, 1997; and on Jan 12, 1998* _____ .

☐ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ____*three*____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-24* _____ is/are pending in the application.

Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *1-24* _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐approved ☐disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None   of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number) _____ .

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: _____ .

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☐ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

**--- SEE OFFICE ACTION ON THE FOLLOWING PAGES ---**

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-95)                                    Office Action Summary                                    Part of Paper No. __20__

Serial Number: 08/821,004                                                      Page 2

Art Unit: 2773

## DETAILED ACTION

1.      This action is responsive to communications: Amendment, filed on 11/17/97, and

Preliminary Response, filed on 1/12/98.

        This action is non-final.

2.      Claims 1 - 24 are pending in this application.  Claims 1, 11, and 15 are independent

claims.  In the Amendment, filed on 11/17/97, claims 1, 11, and 15 were amended.

        This application is a CPA of 08/821,004, filed on 3/20/97, which is an FWC of

08/316,237, filed on 9/30/94, now abandoned.

3.      The present title of the invention is "Method and Apparatus for Displaying and

Accessing Control and Status Information in a Computer System" as originally filed.

### *Claim Rejections - 35 USC § 103*

4.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the
> manner in which the invention was made.

APLNDC00024491

Serial Number: 08/821,004                                                          Page 3

Art Unit: 2773

5.      Claims 1 - 3, 8 - 24 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Cohausz (EPO 0 584 392 A1), based upon the English translation, in view of Foster et al. (U.S.

patent 5,588,105).

       As per claim 1, Cohausz teaches an "interactive computer-controlled display system" with

a 'status indicator for a computer program', that comprises:

       "a processor" which is inherently taught by Cohausz, since a processor is necessary in

order to execute the functions of the status indicator;

       "a data display screen" with 'monitor screen' at p. 4, paragraph 5;

       "a cursor control device" with a 'mouse cursor' at p. 5, paragraph 2;

       "a window generation and control logic" to "create an operating environment for a

plurality of individual programming modules" that "provide status and control functions" at the

bridging paragraph of pp. 2 - 3, "wherein the window generation and control logic generates and

displays a first window region" with oblong field 1, at Figs. 1 - 3, and at p. 4, paragraph 5,

"having a plurality of display areas" with individual fields 2, at Fig. 1, and at p. 4, paragraph 5,

"wherein each of the plurality of display areas is associated with one of the plurality of individual

programming modules" at p. 3, paragraph 2;

       "an indicia generation logic" to "execute at least one of the plurality of programming

modules to generate information for display in one of the plurality of display areas" at p. 3,

paragraph 2, "wherein at least one of the plurality of display areas and its associated programming

module is sensitive to user input" at p. 5, paragraph 2, and further using "message-based

APLNDC00024492

Serial Number: 08/821,004                                              Page 4

Art Unit: 2773

communication to exchange information to coordinate activities of the indicia generation logic to

enable interactive display activity" at p. 3, paragraph 2, which teaches information passing

between the status indicator and the respective program area, text, or information segment.

Regarding claim 1, Cohausz teaches all that is claimed above, but does not teach a status

bar with a plurality of individual programming modules associated with different programs.

Cohausz teaches a status indicator for a single program, wherein the "plurality of individual

programming modules" that "provide status and control functions" were interpreted as individual

programming fields representing portions of a single program.

On the other hand, Foster et al., hereinafter Foster, teach a status bar "characterized by a

template generated independently of an application program", the template having "at least one

active area that can include an icon for controlling the application program or an area which

displays information generated by the application program" as well as "global functions" of the

computer system, such as real time clock 78 [see col. 5, lines 20 - 25, 59 - 61], filter button 80

[see col. 5, lines 61 - 65], and routing slip 86 [see col. 6, lines 5 - 10], all at Fig. 3.  Thus, the

Foster reference teaches a "plurality of individual programming modules associated with different

programs".

Therefore, it would have been obvious to one of ordinary skill in the art at the time of the

invention to include "individual programming modules associated with different programs" as

taught by Foster in the invention of Cohausz because it provides a user with access to status and

control information of a plurality of application programs.

APLNDC00024493

Serial Number: 08/821,004                                                      Page 5

Art Unit: 2773

As per claim 2, Cohausz teaches a "control strip" with oblong field 1, at Figs. 1 - 3. Regarding claim 3, Cohausz also teaches that "at least one display area is variably sized" at p. 5, paragraph 1, and p. 6, paragraph 2.

In addition, Cohausz teaches that "at least one of the plurality of display areas only displays information" [claim 8] at p. 3, paragraph 2, and at Figs. 1 - 3; or "acts to provide access to control information when selected" [claim 9] at p. 3, paragraph 2, or "displays an additional display element" [claim 10] at p. 6, paragraph 3.

In reference to claim 11, Cohausz teaches the following subject matter:

"a processor" which is inherently taught by Cohausz, since a processor is necessary in order to execute the functions of the status indicator;

"a data display screen" with 'monitor screen' at p. 4, paragraph 5;

"a cursor control device" with a 'mouse cursor' at p. 5, paragraph 2;

"a window generation and control logic" to "create an operating environment for a plurality of individual programming modules that provide status and control functions" at the bridging paragraph of pp. 2 - 3, "wherein the window generation and control logic generates and displays a first window region" with oblong field 1, at Figs. 1 - 3, and at p. 4, paragraph 5, "having a plurality of display areas" with individual fields 2, at Fig. 1, and at p. 4, paragraph 5, "wherein each of the plurality of display areas is associated with one of the plurality of individual programming modules" at p. 3, paragraph 2;

APLNDC00024494

"at least one indicia graphics generation logic" that "generates user sensitive graphics for display in at least one data display area by executing at least one of the plurality of programming modules" at p. 3, paragraph 2; and

wherein the window generation and control logic determines when a data display area has been selected, signals the indicia graphics generation logic, which then initiates a response from said at least one of the plurality of programming modules, also at p. 3, paragraph 2.

As to claim 11, Cohausz teaches all that is claimed above, but does not teach a status bar with a plurality of individual programming modules <u>associated with different programs</u>.  Cohausz teaches a status indicator for a single program, wherein the "plurality of individual programming modules" that "provide status and control functions" were interpreted as individual programming fields representing portions of a single program.

On the other hand, Foster et al., hereinafter Foster, teach a status bar "characterized by a template generated independently of an application program", the template having "at least one active area that can include an icon for controlling the application program or an area which displays information generated by the application program" as well as "global functions" of the computer system, such as real time clock 78 [see col. 5, lines 20 - 25, 59 - 61], filter button 80 [see col. 5, lines 61 - 65], and routing slip 86 [see col. 6, lines 5 - 10], all at Fig. 3.  Thus, the Foster reference teaches a "plurality of individual programming modules <u>associated with different programs</u>".

Serial Number: 08/821,004                                         Page 7

Art Unit: 2773

Therefore, it would have been obvious to one of ordinary skill in the art at the time of the

invention to include "individual programming modules associated with different programs" as

taught by Foster in the invention of Cohausz because it provides a user with access to status and

control information of a plurality of application programs.

Cohausz also teaches that the "first window region is always visible to the user" [claim 12]

at p. 4, paragraph 5, since he teaches that the status indicator is 'visible during the entire program'.

As per claims 13, 14, they correspond respectively to claims 2, 3.

As to claim 15, Cohausz teaches the following steps:

"creating an operating environment for a plurality of individual programming modules that

provide status and control functions" at p. 2, paragraph 4 to p. 3, paragraph 2;

"generating a first window" with oblong field 1, at Figs. 1 - 3, and at p. 4, paragraph 5, to

accommodate a "plurality of display areas for indicia" with individual fields 2, at Figs. 1 - 3, and at

p. 4, paragraph 5, resulting from "executing at least one of the plurality of individual programming

modules, wherein each of the plurality of display areas is associated with one of the plurality of

individual programming modules" at p. 3, paragraph 2;

"displaying an indicia" as shown at Figs. 1 - 3;

"selecting one of the indicia" at p. 5, paragraph 2; and

"said programming module performing a function in response to the selection" at p. 5,

paragraph 2.

Serial Number: 08/821,004                                                                 Page 8

Art Unit: 2773

Regarding claim 15, Cohausz teaches all that is claimed above, but does not teach a status

bar with a plurality of individual programming modules associated with different programs.

Cohausz teaches a status indicator for a single program, wherein the "plurality of individual

programming modules" that "provide status and control functions" were interpreted as individual

programming fields representing portions of a single program.

On the other hand, Foster et al., hereinafter Foster, teach a status bar "characterized by a

template generated independently of an application program", the template having "at least one

active area that can include an icon for controlling the application program or an area which

displays information generated by the application program" as well as "global functions" of the

computer system, such as real time clock 78 [see col. 5, lines 20 - 25, 59 - 61], filter button 80

[see col. 5, lines 61 - 65], and routing slip 86 [see col. 6, lines 5 - 10], all at Fig. 3.  Thus, the

Foster reference teaches a "plurality of individual programming modules associated with different

programs".

Therefore, it would have been obvious to one of ordinary skill in the art at the time of the

invention to include "individual programming modules associated with different programs" as

taught by Foster in the invention of Cohausz because it provides a user with access to status and

control information of a plurality of application programs.

In addition, Cohausz teaches "status information" [claim 16] and "control information"

[claim 17] at Figs. 1 - 3, and at p. 5, paragraphs 2, 3.

APLNDC00024497

Serial Number: 08/821,004                                                                 Page 9

Art Unit: 2773

As to claim 18, Cohausz teaches that the first programming module requests a set of features at p. 5, paragraph 2, sends a message to the programming module indicative of features, and the programming module returns a message; such that the programming modules interact with each other in response to user interaction with the first programming module, also at p. 5, paragraph 2.

Cohausz also teaches the following: that each of the plurality of display areas is individually and variable sized [claims 19, 22] at p. 5, paragraph 1, and p. 6, paragraph 2; the first window region always appears in front of application windows [claims 20, 23] at p. 4, paragraph 5, wherein the status indicator is 'visible during the entire program'; and the first window region is in a 'private window layer' [claims 21, 24] also at p. 4, paragraph 5.


6.      Claims 4 - 7 are rejected under 35 U.S.C. § 103(a) as being unpatentable over Cohausz (EPO 0 584 392 A1), based upon the English translation, and Foster et al. (U. Patent 5,588,105), and further in view of Mills et al. (U.S. patent 5,202,961).

Cohausz teaches that the display areas [individual fields 2] of the first window region [oblong field 1] are variably sized at p. 5, paragraph 1, and p. 6, paragraph 2, but does not teach that the first window region is variably sized [claim 4], such that none of the plurality of display areas is visible [claim 5], all are visible [claim 6], or a portion is visible [claim 7].  Nor does Foster teach the above elements of applicant's invention.

APLNDC00024498

Serial Number: 08/821,004                                          Page 10

Art Unit: 2773

On the other hand, Mills et al., hereinafter Mills, teach that the size of the first window

region is variable [claim 4] also at col. 4, lines 8 - 9, and also teaches sizing the first window

region so that none of the display areas are visible [claim 5] with close box 28, at Fig. 2, and at

col. 4, lines 7 - 8, or all [claim 6] or a portion [claim 7] of the display areas are visible, both at col.

4, lines 8 - 9.

Although neither Cohausz nor Foster teach that the first window region is variably sized

as claimed in claims 4 - 7, it would have been obvious to one of ordinary skill in the art at the time

of the invention to vary the size of the first window region as taught by Mills, because it gives the

user control over how much and what to display of the status indicator.


*Response to Arguments*

7.       Applicant's arguments with respect to claims 1 - 24 have been considered but are moot in

view of the new ground(s) of rejection.

Applicant's primary argument regarding the Cohausz reference is that Cohausz does not

teach "individual programming modules associated with different programs".  The examiner

agrees with applicant.  However, the Foster reference makes up for the deficiency in Cohausz by

teaching a "plurality of individual programming modules associated with different programs",

such as real time clock 78, filter button 80, and routing slip 86, shown in status bar 74, at Fig. 3.


*Responses*

Serial Number: 08/821,004                                           Page 11

Art Unit: 2773

8.      Responses to this action should be mailed to: Commissioner of Patents and Trademarks,

Washington, D.C. 20231.  If applicant desires to fax a response, (703) 308-9051 may be used for

formal communications or (703) 305-9724 for informal or draft communications.

        Please label "PROPOSED" or "DRAFT" for informal facsimile communications.  For after

final responses, please label "AFTER FINAL" or "EXPEDITED PROCEDURE" on the

document.

        Hand-delivered responses should be brought to Crystal Park II,  2121 Crystal Drive,

Arlington. VA., Sixth Floor  (Receptionist).

### *Inquiries*

9.      Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Crescelle dela Torre whose telephone number is (703) 305-9782.  The

examiner can normally be reached on Mondays-Thursdays from 8:30 am to 4:00 pm, and on

alternating Fridays from 8:30 am to 3:00 pm.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor,

Matthew Kim, can be reached at (703) 305-3821.

        Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the Group receptionist whose telephone number is (703) 305-3800.

cnd
March 23, 1998

                                    **MATTHEW M. KIM**
                              **SUPERVISORY PATENT EXAMINER**
                                       **GROUP 2700**

APLNDC00024500

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/821,004 | 03/20/97 | CHRISTENSEN | 5 | 04860.P1563 |

```
                              LM41/0613
    BLAKELY SOKOLOFF TAYLOR & ZAFMAN
    12400 WILSHIRE BOULEVARD
    SEVENTH FLOOR
    LOS ANGELES CA 90025
```

| EXAMINER |
|---|
| DELA TORRE,C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2773 | 21 |

DATE MAILED:   06/19/98

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)
*U.S. GPO: 1996-437-638/80022

1- File Copy

APLNDC00024501

| **Interview Summary** | Application No.<br>08/821,004 | Applicant(s)<br>Christensen |
|---|---|---|
| | Examiner<br>**Crescelle Delatorre** | Group Art Unit<br>**2773** |

All participants (applicant, applicant's representative, PTO personnel):

(1) _Crescelle Delatorre_                          (3) _____

(2) _Judith Szepesi_                               (4) _____

Date of Interview _____ _Jun 17, 1998_ _____

Type:   ☒ Telephonic   ☐ Personal (copy is given to   ☐ applicant   ☐ applicant's representative).

Exhibit shown or demonstration conducted:   ☐ Yes   ☒ No.  If yes, brief description:
_____
_____

Agreement   ☐ was reached.   ☒ was not reached.

Claim(s) discussed: _1_ _____

Identification of prior art discussed:
_Cohausz (EPO 0 584 392 A1) and Foster et al. (U.S. patent 5,588,105)_
_____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
_Applicant's representative discussed the differences between the present invention and the above references.  For_
_instance, with reference to claim 1, it was pointed out that the Foster reference is similar to the Cohausz reference, and_
_does not teach a "plurality of individual programming modules associated with different programs" since Foster teaches_
_that a status bar template is associated with a single application program.  It was suggested that applicant submit further_
_details of the above difference in the next response._
_____
_____
_____
_____

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached.  Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

1. ☒   It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a response to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2. ☐   Since the Examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.  Applicant is not relieved from providing a separate record of the interview unless box 1 above is also checked.

Cnd
6/17/98

Examiner Note:  You must sign and stamp this form unless it is an attachment to a signed Office action.

APLNDC00024502



Attorney's Docket No.: __004860.P1365C2__                                    Patent

In re the Application of: __Steven W. Christensen__
                                               (inventor(s))

Application No.: __08/821,004__

Filed: __March 20, 1997__

For: __METHOD AND APPARATUS FOR DISPLAYING AND ACCESSING CONTROL AND STATUS__
     __INFORMATION IN A COMPUTER SYSTEM__
                                               (title)

ASSISTANT COMMISSIONER FOR PATENTS
Washington, D.C. 20231

SIR:  Transmitted herewith is an Amendment for the above application.

_____  Small entity status of this application under 37 C.F.R. §§ 1.9 and 1.27 has been established by
          a verified statement previously submitted.

_____  A verified statement to establish small entity status under 37 C.F.R. §§ 1.9 and 1.27 is enclosed.

_____  No additional fee is required.

The fee has been calculated as shown below:

|  | (Col. 1) Claims Remaining After Amd. |  | (Col. 2) Highest No. Previously Paid For | (Col. 3) Present Extra |
|---|---|---|---|---|
| Total Claims | * 31 | Minus | ** 24 | 7 |
| Indep. Claims | * 5 | Minus | *** 3 | 2 |
|  | **First Presentation of Multiple Dependent Claim(s)** |  |  |  |

**SMALL ENTITY**

| Rate | Additional Fee |
|---|---|
| x11 | $ |
| x41 | $ |
| +135 | $ |
| Total Add. Fee | $ |

**OTHER THAN A SMALL ENTITY**

| Rate | Additional Fee |
|---|---|
| x22 | $ 154 |
| x82 | $ 164 |
| +270 | $ 0 |
| Total Add. Fee | $ 318 |

* If the entry in Col. 1 is less than the entry In Col. 2, write "0" in Col. 3.

** If the "Highest No. Previously Paid For" IN THIS SPACE is less than 20, write "20" in this space.

*** If the "Highest No. Previously Paid For" IN THIS SPACE is less than 3, write "3" in this space. The "Highest No. Previously Paid For" (Total or Independent) is the highest number found from the equivalent box in Col. 1 of a prior amendment or the number of claims originally filed.

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail with sufficient postage in an envelope addressed to the Assistant Commissioner for Patents, Washington, D.C. 20231

on _____ June 25, 1998 _____.
              Date of Deposit

                    Edith Fuentes
          Name of Person Mailing Correspondence

_____          __6-25-98__
          Signature                           Date

- 1 -                                    (LJV/cak 10/01/97)

APLNDC00024503

__X___ A check in the amount of $ 318.00_____ is attached for presentation of additional claim(s).

_____ Applicant(s) hereby Petition(s) for an Extension of Time of _____ month(s) pursuant to 37 C.F.R. § 1.136(a).

_____ A check for $_____ is attached for processing fees under 37 C.F.R. § 1.17.

_____ Please charge my Deposit Account No. 02-2666 the amount of $_____.

_____ **A duplicate copy of this sheet is enclosed.**

__X___ The Commissioner of Patents and Trademarks is hereby authorized to charge payment of the following fees associated with this communication or credit any overpayment to Deposit Account No. 02-2666 **(a duplicate copy of this sheet is enclosed):**

    __X___ Any additional filing fees required under 37 C.F.R. § 1.16 for presentation of extra claims.

    __X___ Any extension or petition fees under 37 C.F.R. § 1.17.

BLAKELY SOKOLOFF TAYLOR & ZAFMAN LLP

Date: 6/25/98

Judith A. Szepesi

Reg. No. 39,393

12400 Wilshire Boulevard
Seventh Floor
Los Angeles, California 90025
(408) 720-8598

- 2 -

(LJV/cak 10/01/97)

APLNDC00024504



PTO/SB/17(10/96)
Approved for use through 09/30/98.  OMB 0651-0032
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# FEE TRANSMITTAL

### TOTAL AMOUNT OF PAYMENT ($)  $318.00

**Complete if Known:**
Application No.   08/821,004
Filing Date  March 20, 1997
**First Named Inventor**   Steven W. Christensen
Group Art Unit   2415
Examiner Name   Dela Torre, C.
Attorney Docket No.   004860.P1365C2

## METHOD OF PAYMENT (check one)

1.  [ X ]   The Commissioner is hereby authorized to charge indicated fees and credit
any over payments to:

Deposit Account Number   02-2666
Deposit Account Name _____

[ X ]   Charge Any Additional Fee Required Under 37 CFR 1.16 and 1.17

[   ]   Charge the Issue Fee Set in 37 CFR 1.18 at the Mailing of the
Notice of Allowance, 37 CFR 1.131(b)

2.   __X__   Payment Enclosed
   __X__   Check
   _____   Money Order
   _____   Other

RECEIVED
98 JUL -7  PM 2: 24
GROUP 2700

## FEE CALCULATION (fees effective 10/01/97)

### 1.   FILING FEE

| Large Entity Fee Code | Large Entity Fee ($) | Small Entity Fee Code | Small Entity Fee ($) | Fee Description | Fee Paid |
|---|---|---|---|---|---|
| 101 | 790 | 201 | 395 | Utility application filing fee | _____ |
| 106 | 330 | 206 | 165 | Design application filing fee | _____ |
| 107 | 540 | 207 | 270 | Plant filing fee | _____ |
| 108 | 790 | 208 | 395 | Reissue filing fee | _____ |
| 114 | 150 | 214 | 75 | Provisional application filing fee | _____ |

SUBTOTAL (1)   $ 0.00

## 2.   CLAIMS

| | | Extra | Fee from below | | Fee Paid |
|---|---|---|---|---|---|
| Total Claims   31 | − 24 = | 7 | X | 22.00 | = 154.00 |
| Independent Claims   5 | − 3 = | 2 | X | 82.00 | = 164.00 |
| Multiple Dependent Claims | | | X | | = |

| Large Entity Fee Code | Large Entity Fee ($) | Small Entity Fee Code | Small Entity Fee ($) | Fee Description | Fee Paid |
|---|---|---|---|---|---|
| 103 | 22 | 203 | 11 | Claims in excess of twenty | 154.00 |
| 102 | 82 | 202 | 41 | Independent claims in excess of 3 | 164.00 |
| 104 | 270 | 204 | 135 | Multiple dependent claim | |
| 109 | 82 | 209 | 41 | Reissue independent claims over original patent | |
| 110 | 22 | 210 | 11 | Reissue claims in excess of 20 and over original patent | |

SUBTOTAL (2)   $ 318.00

12/01/97                                     - 1 -                                     PTO/SB/17 (10-96)

APLNDC00024505

**FEE CALCULATION** (continued)

**3. ADDITIONAL FEES**

| Large Entity | | Small Entity | | | |
|---|---|---|---|---|---|
| Fee Code | Fee ($) | Fee Code | Fee ($) | Fee Description | Fee Paid |
| 105 | 130 | 205 | 65 | Surcharge - late filing fee or oath | _____ |
| 127 | 50 | 227 | 25 | Surcharge - late provisional filing fee or cover sheet | _____ |
| 139 | 130 | 139 | 130 | Non-English specification | _____ |
| 147 | 2,520 | 147 | 2,520 | For filing a request for reexamination | _____ |
| 112 | 920* | 112 | 920* | Requesting publication of SIR prior to Examiner action | _____ |
| 113 | 1,840* | 113 | 1,840* | Requesting publication of SIR after Examiner action | _____ |
| 115 | 110 | 215 | 55 | Extension for response within first month | _____ |
| 116 | 400 | 216 | 200 | Extension for response within second month | _____ |
| 117 | 950 | 217 | 475 | Extension for response within third month | _____ |
| 118 | 1,510 | 218 | 755 | Extension for response within fourth month | _____ |
| 128 | 2,060 | 228 | 1,030 | Extension for response within fifth month | _____ |
| 119 | 310 | 219 | 155 | Notice of Appeal | _____ |
| 120 | 310 | 220 | 155 | Filing a brief in support of an appeal | _____ |
| 121 | 270 | 221 | 135 | Request for oral hearing | _____ |
| 138 | 1,510 | 138 | 1,510 | Petition to institute a public use proceeding | _____ |
| 140 | 110 | 240 | 55 | Petition to revive unavoidably abandoned application | _____ |
| 141 | 1,320 | 241 | 660 | Petition to revive unintentionally abandoned application | _____ |
| 142 | 1,320 | 242 | 660 | Utility issue fee (or reissue) | _____ |
| 143 | 450 | 243 | 225 | Design issue fee | _____ |
| 144 | 670 | 244 | 335 | Plant issue fee | _____ |
| 122 | 130 | 122 | 130 | Petitions to the Commissioner | _____ |
| 123 | 50 | 123 | 50 | Petitions related to provisional applications | _____ |
| 126 | 240 | 126 | 240 | Submission of Information Disclosure Stmt | _____ |
| 581 | 40 | 581 | 40 | Recording each patent assignment per property (times number of properties) | _____ |
| 146 | 790 | 246 | 395 | For filing a submission after final rejection (see 37 CFR 1.129(a)) | _____ |
| 149 | 790 | 249 | 395 | For each additional invention to be examined (see 37 CFR 1.129(a)) | _____ |

Other fee (specify) _____ _____

Other fee (specify) _____ _____

**SUBTOTAL (3)$   0.00**

*Reduced by Basic Filing Fee Paid

**SUBMITTED BY:**

Typed or Printed Name: __Judith A. Szepesi__

Signature _Judith A. Szepesi_____ Date _6/25/98___

Reg. Number _39,393_____ Deposit Account User ID_____

(complete if applicable)

12/01/97     - 2 -     PTO/SB/17 (10-96)
Approved for use through 09/30/98 OMB 0651-0032
Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

APLNDC00024506

## FIRST CLASS CERTIFICATE OF MAILING

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail with sufficient postage in an envelope addressed to the Assistant Commissioner for Patents, Washington, D.C. 20231

on _____ JUNE 25, 1998 _____
                        Date of Deposit

_____ EDITH Fuentes _____
                 Name of Person Mailing Correspondence

_____ Edith Fuentes _____    _____ 6-25-98 _____
                  Signature                              Date

*OIPE*
*JUN 29 1998*
*PATENT & TRADEMARK OFFICE*

*RECEIVED*
*98 JUL -7 PM 2: 24*
*GROUP 2700*

---

Serial/Patent No.: __08/821, 004__    Filing/Issue Date: __3/20/97__
Client: __Apple Computer, Inc.__
Title: __METHOD AND APPARATUS FOR DISPLAYING AND ACCESSING CONTROL AND STATUS INFORMATION IN A COMPUTER SYSTEM__
BSTZ File No.: __004860.P1365C2__    Atty/Secty Initials: __JAS/ef__
Date Mailed: __June 25, 1998__    Docket Due Date: __6/25/98__
The following has been received in the U.S. Patent & Trademark Office on the date stamped hereon:

| | | |
|---|---|---|
| ■ Amendment/Response (__12__ pgs.) | ☐ Express Mail No.: | ■ Check No. _23018_ |
| ☐ Appeal Brief (_____ pgs.) (in triplicate) | ☐ _____ Month(s) Extension of Time | Amt. _$318.00_ |
| ☐ Application - Utility (_____ pgs., with cover and abstract) | ☐ Information Disclosure Statement & PTO 1449 (__ pgs.) | ☐ Check No. _____ |
| ☐ Application - Rule 1.60 Continuation (_____ pgs.) | ☐ Issue Fee Transmittal | Amt: _____ |
| ☐ Application - Rule 1.60 Division (_____ pgs.) | ☐ Notice of Appeal | |
| ☐ Application - Rule 1.60 CIP (_____ pgs.) | ☐ Petition for Extension of Time | |
| ☐ Application - Rule 1.62 Transmittal (_____ pgs.) | ☐ Petition for _____ | |
| ☐ Application - Design (_____ pgs.) | ■ Postcard | |
| ☐ Application - PCT (_____ pgs.) | ☐ Power of Attorney (_____ pgs.) | |
| ☐ Application - Provisional (_____ pgs.) | ☐ Preliminary Amendment (_____ pgs.) | |
| ☐ Assignment and Cover Sheet | ☐ Reply Brief (_____ pgs.) | |
| ■ Certificate of Mailing | ☐ Response to Notice of Missing Parts | |
| ☐ Declaration & POA (_____ pgs.) | ☐ Request to Incorporate Disclosure Document (_____ pgs.) | |
| ☐ Disclosure Docs & Orig & Copy of Inventor's Signed Letter(_____ pgs.) | ☐ Small Entity Declaration for Indep. Inventor/Small Business | |
| ☐ Drawings: _____ # of sheets includes _____ figures | ■ Transmittal Letter (original & copy) | |

☐ Other: __Fee Trasnmittal (2)__

_____

_____



Atty. Docket No. 004860.P1365C2                                    *Patent*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: ) | |
| ) | |
| Steven W. Christensen ) | |
| ) | |
| Serial No.    08/821,004 ) | Examiner:   Dela Torre, C. |
| ) | |
| Filed:          March 20, 1997 ) | Art Unit:    2415 |
| ) | |
| For: METHOD AND APPARATUS ) | |
| FOR DISPLAYING AND ) | |
| ACCESSING CONTROL AND ) | |
| STATUS INFORMATION IN A ) | |
| COMPUTER SYSTEM ) | |
| _____ ) | |

RECEIVED
98 JUL -7 PM 2: 24
GROUP 2700

### AMENDMENT AND RESPONSE TO OFFICE ACTION

ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C.  20231

Sir:

      In response to the Office Action mailed March 25, 1998, please amend the above-referenced application as follows:

### FIRST CLASS CERTIFICATE OF MAILING

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail with sufficient postage in an envelope addressed to the Assistant Commissioner for Patents, Washington, D.C. 20231

on _____ June 25, 1998 _____
                Date of Deposit

_____ Edith Fuentes _____
Name of Person Mailing Correspondence

_____       6-25-98
          Signature                                                         Date

07/02/1998 TNGUYEN 00000053 08821004
01 FC:103                            154.00 OP
02 FC:102                            164.00 OP

-1-                                              004860.P1365C2

APLNDC00024508

IN THE CLAIMS

Please amend the claims as follows:

1.   (Three Times Amended)   An interactive computer-controlled display system comprising:

a processor;

a data display screen coupled to the processor;

a cursor control device coupled to said processor for positioning a cursor on said data display screen;

a window generation and control logic coupled to the processor and data display screen to create an operating environment for a plurality of individual programming modules associated with different application programs that provide status and/or control functions, wherein the window generation and control logic generates and displays a first window region having a plurality of display areas on said data display screen, wherein the first window region is independent of any application program, and wherein each of the plurality of display areas is associated with one of the plurality of individual programming modules;

an indicia generation logic coupled to the data display screen to execute at least one of the plurality of individual programming modules to generate information for display in one of the plurality of display areas in the first window region, wherein at least one of the plurality of display areas and its associated programming module is sensitive to user input, and further wherein the window generation and control logic and the indicia generation logic use message-based communication to exchange information to coordinate activities of the indicia generation logic to enable interactive display activity.

-2-

004860.P1365C2

APLNDC00024509



11.    (Three Times Amended)  An interactive computer-controlled display system comprising:

a processor;

a data display screen coupled to the processor;

a cursor control device coupled to said processor for positioning a cursor on said data display screen;

window generation and control logic coupled to the processor and data display screen to create an operating environment for a plurality of individual programming modules associated with different application programs that provide status and/or control functions, wherein the window generation and control logic generates and displays a first window region having a plurality of display areas on said data display screen, wherein the first window region is independent of any application program, and wherein each of the plurality of display areas is associated with one of the plurality of individual programming modules;

at least one indicia graphics generation logic coupled to the processor and the window generation and control logic, wherein said at least one indicia graphics generation logic generates user sensitive graphics for display in at least one data display area by executing at least one of the plurality of individual programming modules;

wherein the window generation and control logic determines when said at least one data display area has been selected by the user and signals said at least one indicia graphics generation logic in response to user selection, and further wherein said at least one indicia graphics generation logic initiates a response from said at least one of the plurality of programming modules.

004860.P1365C2

APLNDC00024510

15.     (Three Times Amended)  A method for generating control information comprising the steps of:

creating an operating environment for a plurality of individual programming modules associated with different application programs that provide status and/or control functions;

generating a first window sized to accommodate a plurality of display areas for indicia resulting from executing at least one of the plurality of individual programming modules, wherein each of the plurality of display areas is associated with one of the plurality of individual programming modules, and wherein the first window is independent of any application program;

displaying the indicia in each of said plurality of display areas by executing one of a plurality of individual programming modules corresponding to each indicia;

selecting one of the indicia, wherein the step of selecting comprises a first programming module determining which of said plurality of display areas is selected and sending a message to a programming module of said plurality of individual programming modules responsible for generating a display of a selected indicia;

said programming module performing a function in response to a selection.

Please add the following claims:

25.     (New)  A system comprising:

a window generation and control logic to create an operating environment for a plurality of individual programming modules associated with different application programs that provide status and/or control functions, wherein the

-4-                          004860.P1365C2

APLNDC00024511

window generation and control logic generates and displays a first window region having a plurality of display areas, wherein the first window region is independent of any application program, and wherein each of the plurality of display areas is associated with one of the plurality of individual programming modules;

an indicia generation logic coupled to the data display screen to execute at least one of the plurality of individual programming modules to generate information for display in one of the plurality of display areas in the first window region, wherein at least one of the plurality of display areas and its associated programming module is sensitive to user input, and further wherein the window generation and control logic and the indicia generation logic use message-based communication to exchange information to coordinate activities of the indicia generation logic to enable interactive display activity.

26.    (New)  A system comprising:

a window region independent of any application program, the window region having interactive display areas;

each of a plurality of the display areas associated with one of a plurality of individual programming modules;

wherein at least one of the individual programming modules is executable to generate information for display in the plurality of display areas, and wherein at least one of the display areas sensitive to user input.

27.    (New)  The system of claim 26 wherein the window region is displayed at a bottom of a display screen.

004860.P1365C2

APLNDC00024512

28.    (New)  The system of claim 26, wherein one of the display areas displays status information.

29.    (New)  The system of Claim 26, wherein one of the display areas control information.

30.    (New)  The system of claim 26, wherein the window region is always displayed on top of other windows.

31.    (New)  The system of claim 26, wherein the window region is a resizeable control strip, such that the window region is displayed but none of the display areas are shown when the window region is closed, some of the display areas are displayed when the window region is partially open, and all of the display areas are displayed when the window region is completely open.

-6-                                    004860.P1365C2

APLNDC00024513

## REMARKS

The foregoing amendments and the following remarks are responsive to the Office Action mailed March 25, 1998. Applicant respectfully requests reconsideration of the present application. Claims 1-24 remain in the application. Claims 1, 11, and 15 have been amended. New claims 25-31 have been added.

The Examiner rejected claims 1-3 and 8-24 under 35 U.S.C. 103(a) as being unpatentable over Cohausz EPO Patent No. 0 584 392 A1, based upon the English translation, in view of Foster et al., U.S. Patent No. 5,588,105.

The Examiner further rejected Claims 4-7 under 35 U.S.C. 103(a) as being unpatentable over Cohausz EPO Patent No. 0 584 392 A1, based upon the English translation, and Foster et al, U.S. Patent No. 5,588,105 and further in view of Mills et al., U.S. Patent No. 5,202,961.

Cohausz, according to the Examiner, teaches individual programming modules at bridging paragraph of pp. 2-3, where Cohausz states:

> "The problem under consideration is solved according to the invention in that the <u>oblong field comprises a plurality of individual fields</u> which are adjacent to one another, each of which constitutes an operating field or a control button which, upon being activated, <u>branches into the associated program area or executes the associated program function</u>, with the <u>indicator field or the cursor always being located on the individual field in whose associated program area/program function the user is currently located</u>."

It is clear from Cohausz that there are no individual programming modules associated with different application programs, but rather a single program, which can be accessed at different locations through the use of this indicator. Therefore, Cohausz does not teach the individual programming modules associated with different programs as claimed in Claim 1 of the present invention. Foster does not remedy this failing of Cohausz. Foster teaches a status bar for application windows. Specifically, Foster teaches:

004860.P1365C2

APLNDC00024514

> A "status bar" which is attached to open application windows.
> Since the status bar is attached directly to the application window, there
> is no ambiguity as to which window that status bar controls.'

(Foster, Summary, Column 1, lines 54-57).

Foster further notes that in order to generate his status bar, the process initially starts a new application program and then couples the status bar to the application program window. (Column 6, lines 32-40). Foster further teaches that the icons on the status bar relate to actions within the application window. Thus, for example, Foster teaches a notepad which has a status bar including items such as view button, font button, nib button, close button, etc. In addition to these specific buttons that are associated with the application, a global clock button is also taught by Foster to display the current time.

Foster teaches "buttons 60 and 62 are examples of active areas which provide indirect control over the notepad function." Thus, the buttons on the status bar of Foster provide indirect control over functions of a single application program.

Claim 1, on the other hand, claims:

> a window generation and control logic coupled to the processor
> and data display screen to create an operating environment for a
> plurality of individual programming modules associated with different
> application programs that provide status and/or control functions,
> wherein the window generation and control logic generates and
> displays <u>a first window region having a plurality of display areas on
> said data display screen, wherein the first window region is
> independent of any application program, and wherein each of the
> plurality of display areas is associated with one of the plurality of
> individual programming modules;</u>

(Claim 1, as amended). Neither Cohausz nor Foster teach or suggest the plurality of display areas associated with individual programming modules. Rather, Cohausz' display areas are associated with different locations of the application program, and Foster's display areas are associated with functions of the application program. Therefore, Claim 1 is not obvious over Cohausz in view of Foster.

004860.P1365C2

APLNDC00024515

Furthermore, Claim 1, as amended, claims indicia generation logic that uses message-based communication. This is defined in the specification as: passing information to the module to either tell it what to do or to obtain information about the module and its capabilities. (Specification, pg. 32, lines 5-7).

According to the Examiner Cohausz teaches message based communication at p. 3, second paragraph, where it states: "The status indicator thus has the double function of operation like a menu and of displaying exactly where in the program or in the body of information the operator or user is located." The Examiner interprets operating like a menu as telling the module what to do. The Examiner also interprets the phrase "where . . . user is located" as obtaining information about the module -- i.e. location of the user in the program.

Applicant respectfully suggests that the Examiner misunderstands the meaning of the term "menu" as used in Cohausz. Specifically, the term menu in Cohausz refers to a table of contents, rather than to communication with a module. This is clarified on pg. 5 of Cohausz, where it states that "the oblong status indicator can represent a menu in which the individual fields represent menu points or menu subjects." No indication is found that this relates to communication with a programming module. The sentence above this one clarifies that "the individual fiends are control panels or control buttons, which, when activated (clicked on) lead to the respective program area, text, or information segment." This is the functionality of the indicator of Cohausz.

It is the Applicants understanding that the interpretation that the indicator obtains information about the module is not supported by the reference. Cohausz refers to displaying where the user is located, i.e. actual location within a document. Along the oblong field, a square or other indicator is located at the same location as the cursor can be found in the text. This is similar to the scroll bar of most word

004860.P1365C2

APLNDC00024516

processors. The difference is that the scroll bar of Cohausz is divided into subsections indicating a defined program area or program function. There is no indication of that the oblong field obtains information about a module.

In fact, Cohausz does not teach or suggest any communication between the indicator and anything else. Thus, Cohausz does not teach message based communication, as claimed in Claim 1. Foster does not remedy this failing of Cohausz. Foster controls functions of an application program and may display a clock, and does not teach or suggest message based communication. Therefore, Claim 1 is not obvious over Cohausz in view of Foster.

Furthermore, Claim 1 claims the first window region independent of any application program. Examiner noted that Cohausz does not teach a status bar with a plurality of individual programming module associated with different programs. Examiner references Foster characterizing the status bar of Foster as being associated with different programs.

Foster teaches a status bar for application windows. Specifically, Foster teaches:

> A "status bar" which is attached to open application windows. Since the status bar is attached directly to the application window, there is no ambiguity as to which window that status bar controls.'

(Foster, Summary, Column 1, lines 54-57).

Foster further notes that in order to generate his status bar, the process initially starts a new application program and then couples the status bar to the application program window. (Column 6, lines 32-40). Foster further teaches that the icons on the status bar relate to actions within the application window. Thus, for example, Foster teaches a notepad which has a status bar including items such as view button, font button, nib button, close button, etc. In addition to these specific

004860.P1365C2

APLNDC00024517

buttons that are associated with the application, a global clock button is also taught by Foster to display the current time.

However, Claim 1, as amended, claims:

> a window generation and control logic coupled to the processor and data display screen to create an operating environment for a plurality of individual programming modules associated with different application programs that provide status and/or control functions, wherein the window generation and control logic generates and displays <u>a first window region having a plurality of display areas on said data display screen, wherein the first window region is independent of any application program, and wherein each of the plurality of display areas is associated with one of the plurality of individual programming modules;</u>

(Claim 1, as amended)  (emphasis added).  Neither Foster nor Cohausz teach or suggest a plurality of display areas independent of any application program and associated with a plurality of individual programming modules.  Cohausz teaches a status bar for controlling a display within an application program.  Similarly, Foster teaches a status bar associated with an application program, and used to control actions within the application program.  Claim 1, on the other hand, claims an independent window region, not associated with any application programs.  Therefore, Claim 1 is not obvious over Cohausz in view of Foster.

Similarly, independent claims 11, 15, 25, and 26 claim a plurality of display areas independent of any application program and associated with a plurality of individual programming modules.  Therefore, for the same reasons advanced above with respect to Claim 1, claims 11, 15, 25, and 26 are not obvious over Cohausz in view of Foster.

In view of the foregoing amendments and remarks, applicant respectfully submits that all pending claims are in condition for allowance.  Such allowance is respectfully requested.

004860.P1365C2

APLNDC00024518

If the Examiner finds any remaining impediment to the prompt allowance of these claims that could be clarified with a telephone conference, the Examiner is respectfully requested to contact Judith A. Szepesi at (408) 720-8598.

Authorization is hereby given to charge our Deposit Account No. 02-2666 for any charges that may be due.

Respectfully submitted,

BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP

Dated: _6/25_, 1998

Judith A. Szepesi
Registration No. 39,393

12400 Wilshire Boulevard
Seventh Floor
Los Angeles, CA  90025-1026
(408) 720-8598

-12-                                004860.P1365C2

APLNDC00024519



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
                 Washington, D.C. 20231

√ɔ

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/821,004 | 03/20/97 | CHRISTENSEN | S | 04860.P1365C |

```
┌                               ┐
  BLAKELY SOKOLOFF TAYLOR & ZAFMAN        LM01/0918
  12400 WILSHIRE BOULEVARD
  SEVENTH FLOOR
  LOS ANGELES CA 90025
└                               ┘
```

| EXAMINER |
|---|
| DELA TORRE,C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2773 | 23 |

DATE MAILED:        09/18/98

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

APLNDC00024520

| *Office Action Summary* | Application No.<br>08/821,004 | Applicant(s)<br><br>Christensen |
|---|---|---|
| | Examiner<br>Crescelle Delatorre | Group Art Unit<br>2773 |

☒ Responsive to communication(s) filed on *Jun 29, 1998* _____ .

☒ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed** in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire _____ *three* _____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-31* _____ is/are pending in the application.

   Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *1-31* _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐approved ☐disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

   ☐ All ☐ Some* ☐None   of the CERTIFIED copies of the priority documents have been

      ☐ received.

      ☐ received in Application No. (Series Code/Serial Number) _____ .

      ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   *Certified copies not received: _____ .

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

--- *SEE OFFICE ACTION ON THE FOLLOWING PAGES* ---

U.S. Patent and Trademark Office
PTO-326 (Rev. 9-95)                                Office Action Summary                    Part of Paper No. ___23___

APLNDC00024521

Application/Control Number: 08/821,004                                    Page 2

Art Unit: 2773

## DETAILED ACTION

1.      This action is responsive to communications: Amendment, filed on 6/29/98.

This action is final.


2.      Claims 1 - 31 are pending in this application.  Claims 1, 11, 15, 25, and 26 are

independent claims.  In the Amendment, filed on 6/29/98, claims 1, 11, and 15 were amended, and

claims 25 - 31 were added.

        This application is a CPA of 08/821,004, filed on 3/20/97, which is an FWC of

08/316,237, filed on 9/30/94, now abandoned.


3.      The present title of the invention is "Method and Apparatus for Displaying and

Accessing Control and Status Information in a Computer System" as originally filed.


### *Claim Rejections - 35 USC § 112*

4.      Claims 1 - 31 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for

failing to particularly point out and distinctly claim the subject matter which applicant regards as

the invention.

        As per independent claim 1, and the other independent claims 11, 15, 25, and 26, it is not

clear how the first window region, which consists of a plurality of display areas, can both be

APLNDC00024522

Application/Control Number: 08/821,004                                    Page 3

Art Unit: 2773

independent of any application program and associated with a plurality of individual programming

modules, which are associated with different application programs.  In other words, how can the

plurality of display areas be independent of any application program, when it is associated with

those application programs?  Unless otherwise noted by applicant, it is presumed by examiner that

the amended portion, "wherein the first window region is independent of any application

program" means that the first window region is displayed separately from any application

program.


### *Claim Rejections - 35 USC § 102*

5.     The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or
> on sale in this country, more than one year prior to the date of application for patent in the United States.


6.     Claims 26 - 30 are rejected under 35 U.S.C. 102(b) as being anticipated by Takagi

et al. (U.S. patent 4,885,704).

        As to claim 26, Takagi et al., hereinafter Takagi, teaches the following subject matter:

        a window region independent of any application program, with function area 202, in Fig.

2, the window region having interactive display areas, such as F1 - F4, at col. 4, lines 49 - 52;

Application/Control Number: 08/821,004                                    Page 4

Art Unit: 2773

each of the plurality of display areas, F1 - F4, associated with one of a plurality of

individual programming modules, such as Scanner, Printer, Display, and File, in Fig. 2;

wherein at least one of the plurality of the individual programming modules is executable

to generate information for display in the plurality of display areas, at Figs. 2, 4 - 7, and col. 4,

line 42 to col. 5, line 14, and wherein at least one of the display areas is sensitive to user input, at

col. 4, lines 49 - 57.

In addition, Takagi teaches that the window region 202, is displayed at a bottom of a

display screen [claim 27] as shown at Figs. 2 - 7; that one of the display areas shows status [claim

28] and control [claim 29] information, at Figs. 4 - 7; and that the window region is always on top

of other windows [claim 30] as illustrated at Figs. 2 - 7, which shows that windows, such as 201,

do not overlap function area 202.


### *Claim Rejections - 35 USC § 103*

7.      The text of those sections of Title 35, U.S. Code not included in this action can be

found in a prior Office action.


8.      Claims 1 - 3, 8 - 25 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Cohausz (EPO 0 584 392 A1), based upon the English translation, in view of Takagi et al. (U.S.

patent 4,885,704).

APLNDC00024524

Application/Control Number: 08/821,004                                    Page 5

Art Unit: 2773

As per claim 1, Cohausz teaches an "interactive computer-controlled display system" with a 'status indicator for a computer program', that comprises:

"a processor" which is inherently taught by Cohausz, since a processor is necessary in order to execute the functions of the status indicator;

"a data display screen" with 'monitor screen' at p. 4, paragraph 5;

"a cursor control device" with a 'mouse cursor' at p. 5, paragraph 2;

"a window generation and control logic" to "create an operating environment for a plurality of individual programming modules" that "provide status and control functions" at the bridging paragraph of pp. 2 - 3, "wherein the window generation and control logic generates and displays a first window region" with oblong field 1, at Figs. 1 - 3, and at p. 4, paragraph 5, "having a plurality of display areas" with individual fields 2, at Fig. 1, and at p. 4, paragraph 5, "wherein each of the plurality of display areas is associated with one of the plurality of individual programming modules" at p. 3, paragraph 2;

"an indicia generation logic" to "execute at least one of the plurality of programming modules to generate information for display in one of the plurality of display areas" at p. 3, paragraph 2, "wherein at least one of the plurality of display areas and its associated programming module is sensitive to user input" at p. 5, paragraph 2, and further using "message-based communication to exchange information to coordinate activities of the indicia generation logic to enable interactive display activity" at p. 3, paragraph 2, which teaches information passing between the status indicator and the respective program area, text, or information segment.

APLNDC00024525

Application/Control Number: 08/821,004                                    Page 6

Art Unit: 2773

Regarding claim 1, Cohausz teaches all that is claimed above, but does not teach a status

bar with a plurality of individual programming modules <u>associated with different programs</u>, nor

does Cohausz teach that the first window region is displayed separately from any application

program.  Cohausz teaches a status indicator for a single program, wherein the "plurality of

individual programming modules" that "provide status and control functions" were interpreted as

individual programming fields representing portions of a single program.

On the other hand, Takagi teaches a first window region, with function area 202, which is

displayed separately from application programs in window 201, and also teaches that the plurality

of individual programming modules, F1 - F4, in function area 202, are associated with different

programs, such as Scanner, Printer, Display, and File, at Figs. 2, 4 - 7, and col. 4, line 42 to col. 5,

line 14.  Thus, Takagi makes up for the missing elements in Cohausz.

Therefore, it would have been obvious to one of ordinary skill in the art at the time of the

invention to include a first window region displayed separately from any application program and

have "individual programming modules associated with different programs" as taught by Takagi in

the invention of Cohausz because it provides a user with access to status and control information

of a plurality of application programs in a separate region.

As per claim 2, Cohausz teaches a "control strip" with oblong field 1, at Figs. 1 - 3.

Regarding claim 3, Cohausz also teaches that "at least one display area is variably sized" at p. 5,

paragraph 1, and p. 6, paragraph 2.

APLNDC00024526

Application/Control Number: 08/821,004                                    Page 7

Art Unit: 2773

In addition, Cohausz teaches that "at least one of the plurality of display areas only displays information" [claim 8] at p. 3, paragraph 2, and at Figs. 1 - 3; or "acts to provide access to control information when selected" [claim 9] at p. 3, paragraph 2, or "displays an additional display element" [claim 10] at p. 6, paragraph 3.

In reference to claim 11, Cohausz teaches the following subject matter:

"a processor" which is inherently taught by Cohausz, since a processor is necessary in order to execute the functions of the status indicator;

"a data display screen" with 'monitor screen' at p. 4, paragraph 5;

"a cursor control device" with a 'mouse cursor' at p. 5, paragraph 2;

"a window generation and control logic" to "create an operating environment for a plurality of individual programming modules that provide status and control functions" at the bridging paragraph of pp. 2 - 3, "wherein the window generation and control logic generates and displays a first window region" with oblong field 1, at Figs. 1 - 3, and at p. 4, paragraph 5, "having a plurality of display areas" with individual fields 2, at Fig. 1, and at p. 4, paragraph 5, "wherein each of the plurality of display areas is associated with one of the plurality of individual programming modules" at p. 3, paragraph 2;

"at least one indicia graphics generation logic" that "generates user sensitive graphics for display in at least one data display area by executing at least one of the plurality of programming modules" at p. 3, paragraph 2; and

Application/Control Number: 08/821,004                                    Page 8

Art Unit: 2773

wherein the window generation and control logic determines when a data display area has

been selected, signals the indicia graphics generation logic, which then initiates a response from

said at least one of the plurality of programming modules, also at p. 3, paragraph 2.

As to claim 11, Cohausz teaches all that is claimed above, but does not teach a status bar

with a plurality of individual programming modules <u>associated with different programs</u>, nor does

Cohausz teach that the first window region is displayed separately from any application program.

Cohausz teaches a status indicator for a single program, wherein the "plurality of individual

programming modules" that "provide status and control functions" were interpreted as individual

programming fields representing portions of a single program.

On the other hand, Takagi teaches a first window region, with function area 202, which is

displayed separately from application programs in window 201, and also teaches that the plurality

of individual programming modules, F1 - F4, in function area 202, are associated with different

programs, such as Scanner, Printer, Display, and File, at Figs. 2, 4 - 7, and col. 4, line 42 to col. 5,

line 14.  Thus, Takagi makes up for the missing elements in Cohausz.

Therefore, it would have been obvious to one of ordinary skill in the art at the time of the

invention to include a first window region displayed separately from any application program and

have "individual programming modules associated with different programs" as taught by Takagi in

the invention of Cohausz because it provides a user with access to status and control information

of a plurality of application programs in a separate region.

APLNDC00024528

Application/Control Number: 08/821,004                                    Page 9

Art Unit: 2773

Cohausz also teaches that the "first window region is always visible to the user" [claim 12]

at p. 4, paragraph 5, since he teaches that the status indicator is 'visible during the entire program'.

As per claims 13, 14, they correspond respectively to claims 2, 3.

As to claim 15, Cohausz teaches the following steps:

"creating an operating environment for a plurality of individual programming modules that

provide status and control functions" at p. 2, paragraph 4 to p. 3, paragraph 2;

"generating a first window" with oblong field 1, at Figs. 1 - 3, and at p. 4, paragraph 5, to

accommodate a "plurality of display areas for indicia" with individual fields 2, at Figs. 1 - 3, and at

p. 4, paragraph 5, resulting from "executing at least one of the plurality of individual programming

modules, wherein each of the plurality of display areas is associated with one of the plurality of

individual programming modules" at p. 3, paragraph 2;

"displaying an indicia" as shown at Figs. 1 - 3;

"selecting one of the indicia" at p. 5, paragraph 2; and

"said programming module performing a function in response to the selection" at p. 5,

paragraph 2.

Regarding claim 15, Cohausz teaches all that is claimed above, but does not teach a status

bar with a plurality of individual programming modules associated with different programs, nor

does Cohausz teach that the first window region is displayed separately from any application

program.  Cohausz teaches a status indicator for a single program, wherein the "plurality of

APLNDC00024529

Application/Control Number: 08/821,004                                      Page 10

Art Unit: 2773

individual programming modules" that "provide status and control functions" were interpreted as

individual programming fields representing portions of a single program.

On the other hand, Takagi teaches a first window region, with function area 202, which is

displayed separately from application programs in window 201, and also teaches that the plurality

of individual programming modules, F1 - F4, in function area 202, are associated with different

programs, such as Scanner, Printer, Display, and File, at Figs. 2, 4 - 7, and col. 4, line 42 to col. 5,

line 14.  Thus, Takagi makes up for the missing elements in Cohausz.

Therefore, it would have been obvious to one of ordinary skill in the art at the time of the

invention to include a first window region displayed separately from any application program and

have "individual programming modules associated with different programs" as taught by Takagi in

the invention of Cohausz because it provides a user with access to status and control information

of a plurality of application programs in a separate region.

In addition, Cohausz teaches "status information" [claim 16] and "control information"

[claim 17] at Figs. 1 - 3, and at p. 5, paragraphs 2, 3.

As to claim 18, Cohausz teaches that the first programming module requests a set of

features at p. 5, paragraph 2, sends a message to the programming module indicative of features,

and the programming module returns a message; such that the programming modules interact

with each other in response to user interaction with the first programming module, also at p. 5,

paragraph 2.

APLNDC00024530

Application/Control Number: 08/821,004                                    Page 11

Art Unit: 2773

Cohausz also teaches the following: that each of the plurality of display areas is individually and variable sized [claims 19, 22] at p. 5, paragraph 1, and p. 6, paragraph 2; the first window region always appears in front of application windows [claims 20, 23] at p. 4, paragraph 5, wherein the status indicator is 'visible during the entire program'; and the first window region is in a 'private window layer' [claims 21, 24] also at p. 4, paragraph 5.

As to claim 25, it corresponds to claim 1.


9.      Claims 4 - 7 are rejected under 35 U.S.C. § 103(a) as being unpatentable over Cohausz (EPO 0 584 392 A1), based upon the English translation, and Takagi et al. (U. S. Patent 4,885,704), and further in view of Mills et al. (U.S. patent 5,202,961).

Cohausz teaches that the display areas [individual fields 2] of the first window region [oblong field 1] are variably sized at p. 5, paragraph 1, and p. 6, paragraph 2, but does not teach that the first window region is variably sized [claim 4], such that none of the plurality of display areas is visible [claim 5], all are visible [claim 6], or a portion is visible [claim 7]. Nor does Takagi teach the above elements of applicant's invention.

On the other hand, Mills et al., hereinafter Mills, teach that the size of the first window region is variable [claim 4] also at col. 4, lines 8 - 9, and also teaches sizing the first window region so that none of the display areas are visible [claim 5] with close box 28, at Fig. 2, and at col. 4, lines 7 - 8, or all [claim 6] or a portion [claim 7] of the display areas are visible, both at col. 4, lines 8 - 9.

APLNDC00024531

Application/Control Number: 08/821,004                                      Page 12

Art Unit: 2773

Although neither Cohausz nor Takagi teach that the first window region is variably sized

as claimed in claims 4 - 7, it would have been obvious to one of ordinary skill in the art at the time

of the invention to vary the size of the first window region as taught by Mills, because it gives the

user control over how much and what to display of the status indicator.


10.     Claim 31 is rejected under 35 U.S.C. 103(a) as being unpatentable over Takagi et al. (U.S.

patent 4,885,704) in view of Mills et al. (U.S. patent 5,202,961).

Regarding claim 31, Takagi teaches a window region with function area 202, but does not

teach that the window region is resizeable, such that none of the plurality of display areas are

shown, all are displayed, or some are displayed.

On the other hand, Mills et al., hereinafter Mills, teach that the size of the window region

is variable at col. 4, lines 8 - 9, and also teaches sizing the window region so that none of the

display areas are visible, with close box 28, at Fig. 2, and at col. 4, lines 7 - 8, or all or a portion

of the display areas are visible, both at col. 4, lines 8 - 9.

Although Takagi does not teach that the window region is variably sized, it would have

been obvious to one of ordinary skill in the art at the time of the invention to vary the size of the

window region as taught by Mills, because it gives the user control over how much and what to

display of the function area.

Application/Control Number: 08/821,004                                      Page 13

Art Unit: 2773

### *Response to Arguments*

11.     Applicant's arguments with respect to claims 1 - 31 have been considered but are moot in view of the new ground(s) of rejection.

As to independent claims 1, 11, 15, 25, 26, applicant amended each claim to include that the "first window region is independent of any application program". The examiner agrees with applicant that neither Cohausz nor Foster teach that the first window region is displayed separately from any application program. For instance, Foster teaches that the status bar is attached to the application program [see col. 8, lines 30 - 31, and Fig. 3].

However, in an update search, the examiner found the Takagi reference, which when combined with the Cohausz reference, still renders applicant's invention obvious since Takagi teaches a first window region, with function area 202, which is displayed separately from application programs in window 201, and also teaches that the plurality of individual programming modules, F1 - F4, in function area 202, are associated with different programs, such as Scanner, Printer, Display, and File, at Figs. 2, 4 - 7, and col. 4, line 42 to col. 5, line 14.

Regarding the Cohausz reference, the examiner agrees with applicant that Cohausz does not teach individual programming modules associated with different application programs, and that Cohausz does not teach that the "first window region is independent of any application program".

However, the examiner disagrees with applicant that Cohausz does not teach message-based communication, which is defined as "passing information to the module to either tell it what

APLNDC00024533

Application/Control Number: 08/821,004                                    Page 14

Art Unit: 2773

to do or to obtain information about the module and its capabilities". Cohausz teaches message-

based communication since he teaches that "each of these fields constitutes a control panel or

control button, which, upon being activated, branches into the associated program area or

executes the associated program function" [see abstract]. Thus, Cohausz teaches passing

information to the module to tell it what to do with the step of executing the associated program

function.

### *Conclusion*

12.     Applicant's amendment necessitated the new ground(s) of rejection presented in this Office

action. Accordingly, **THIS ACTION IS MADE FINAL**. See MPEP § 706.07(a). Applicant is

reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

        A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action. In the event a first reply is filed within TWO

MONTHS of the mailing date of this final action and the advisory action is not mailed until after

the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37

CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event,

however, will the statutory period for reply expire later than SIX MONTHS from the date of this

final action.

### *Responses*

13.     Responses to this action should be mailed to: Commissioner of Patents and Trademarks,