EXHIBIT 2.03

PTO/SB/14 (07-07)
Approved for use through 06/30/2010. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | P4304US1/63266-5054US |
|---|---|---|
| | Application Number | |
| Title of Invention | List Scrolling and Document Translation, Scaling, and Rotation on a Touch-Screen Display | |

This collection of information is required by 37 CFR 1.76. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 23 minutes to complete, including gathering, preparing, and submitting the completed application data sheet form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

APLNDC00024815

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.     The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2.     A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.     A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.     A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.     A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.     A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.     A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.     A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.     A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

APLNDC00024816

Electronically filed December 14, 2007

<u>IN THE UNITED STATES PATENT AND TRADEMARK OFFICE</u>

| | | | |
|---|---|---|---|
| Application of: | Bas Ording | Confirmation No.: | To be assigned |
| Serial No.: | To be Assigned | Art Unit: | To be assigned |
| Filed: | December 14, 2007 | Examiner: | To be assigned |
| For: | *List Scrolling and Document Translation, Scaling, and Rotation on a Touch-Screen Display* | Attorney Docket No.: | P4304US1/63266-5054-US |

# <u>Accelerated Examination Support Document</u>

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir or Madam:

This accelerated examination support document is provided in support of the petition for accelerated examination filed herewith.

The Commissioner is hereby authorized to charge any required fee(s) to Morgan, Lewis & Bockius LLP Deposit Account No. 50-0310 (order no. 63266-5054). A copy of this sheet is enclosed for such purpose.

**Listing of Claims** begins on page 2 of this paper.

**References Deemed Most Closely Related** are stated on page 6 of this paper.

**Identification of Limitations Disclosed by References** begins on page 6.

**Detailed Explanation of Patentability** begins on page 17 of this paper.

**Concise Statement of Utility** begins on page 18 of this paper.

**Showing of Support under 35 USC 112, First Paragraph** begins on page 19 of this paper.

**Identification of References Disqualified as Prior Art under 35 USC 103(c)** begins on page 44 of this paper.

APLNDC00024817

**Listing of Claims**

There are 3 independent claims and 20 total claims currently pending in the application. The claims read as follows:

1.      A computer-implemented method, comprising:

at a device with a touch screen display,

detecting a movement of an object on or near the touch screen display;

in response to detecting the movement, translating an electronic document displayed on the touch screen display in a first direction;

in response to an edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display, displaying an area beyond the edge of the document; and

after the object is no longer detected on or near the touch screen display, translating the document in a second direction until the area beyond the edge of the document is no longer displayed.

2.      The computer-implemented method of claim 1, wherein the device is a portable multifunction device.

3.      The computer-implemented method of claim 1, wherein the movement of the object is on the touch screen display.

4.      The computer-implemented method of claim 1, wherein the object is a finger.

5.      The computer-implemented method of claim 1, wherein the first direction is a vertical direction, a horizontal direction, or a diagonal direction.

6.      The computer-implemented method of claim 1, wherein the electronic document is a web page.

7.      The computer-implemented method of claim 1, wherein the electronic document is a digital image.

8.      The computer-implemented method of claim 1, wherein the electronic document is a word processing, spreadsheet, email or presentation document.

APLNDC00024818

9.      The computer-implemented method of claim 1, wherein the electronic document includes a list of items.

10.     The computer-implemented method of claim 1, wherein the second direction is opposite the first direction.

11.     The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching an edge of the document has an associated speed of translation that corresponds to a speed of movement of the object.

12.     The computer-implemented method of claim 1, wherein translating in the first direction is in accordance with a simulation of an equation of motion having friction.

13.     The computer-implemented method of claim 1, wherein the area beyond the edge of the document is black, gray, a solid color, or white.

14.     The computer-implemented method of claim 1, wherein the area beyond the edge of the document is visually distinct from the document.

15.     The computer-implemented method of claim 1, wherein translating the document in the second direction is a damped motion.

16.     The computer-implemented method of claim 1, wherein changing from translating in the first direction to translating in the second direction until the area beyond the edge of the document is no longer displayed makes the edge of the electronic document appear to be elastically attached to an edge of the touch screen display or to an edge displayed on the touch screen display.

17.     The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching the edge of the electronic document has a first associated translating distance that corresponds to a distance of movement of the object prior to reaching the edge of the electronic document; and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction for a second associated translating distance, wherein the second associated

APLNDC00024819

translating distance is less than a distance of movement of the object after reaching the edge of the electronic document.

18.     The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching the edge of the electronic document has a first associated translating speed that corresponds to a speed of movement of the object, and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction at a second associated translating speed, wherein the second associated translating speed is slower than the first associated translating speed.

19.     A device, comprising:

     a touch screen display;

     one or more processors;

     memory; and

     one or more programs, wherein the one or more programs are stored in the memory and configured to be executed by the one or more processors, the programs including:

          instructions for detecting a movement of an object on or near the touch screen display;

          instructions for translating an electronic document displayed on the touch screen display in a first direction, in response to detecting the movement;

          instructions for displaying an area beyond an edge of the electronic document in response to the edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display; and

          instructions for translating the document in a second direction until the area beyond the edge of the document is no longer displayed, after the object is no longer detected on or near the touch screen display.

20.     A computer readable storage medium having stored therein instructions, which when executed by a device with a touch screen display, cause the device to:

APLNDC00024820

detect a movement of an object on or near the touch screen display;

translate an electronic document displayed on the touch screen display in a first direction, in response to detecting the movement;

display an area beyond an edge of the electronic document if the edge of the electronic document is reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display; and

translate the document in a second direction until the area beyond the edge of the document is no longer displayed, after the object is no longer detected on or near the touch screen display.

APLNDC00024821

**References Deemed Most Closely Related:**

An Information Disclosure Statement in compliance with 37 CFR 1.98 has been filed herewith citing each of the following references deemed most closely related to the subject matter of the claims.

1. Zimmerman et al       US 6,690,387
2. Kwatinetz et al        US 5,495,566
3. Pallakoff               US Patent Application Publication 2005/0012723

**Identification of Limitations Disclosed by References:**

The following chart identifies the limitations that are disclosed, in whole or in part, by Zimmerman, Kwatinetz, and Pallakoff.

| Claim Language | Zimmerman et al | Kwatinetz et al | Pallakoff |
|---|---|---|---|
| 1. A computer-implemented method, comprising: | Abstract. | Abstract. | Abstract. |
| at a device with a touch screen display, | Col. 5, lines 26-29, and Fig. 2. | Kwatinetz discloses a system with a "display" (Col. 4, lines 50-56, col. 5, lines 37-44, and Figs. 1-2).<br><br>But Kwatinetz does not disclose "a device with a <u>touch screen</u> display" as required by claim 1. | Paragraph 0109 and Fig. 14-A. |
| detecting a movement of an object on or near the touch screen display; | Col. 3, lines 15-16, Col. 5, lines 27-31, and Fig. 2. |  | Paragraph 0120. |
| in response to detecting the movement, translating an electronic document displayed on the touch screen display in a first direction; | Col. 3, lines 55-57, Col. 5, lines 27-31. |  | Paragraph 0120. |

APLNDC00024822

| Claim Language | Zimmerman et al | Kwatinetz et al | Pallakoff |
|---|---|---|---|
| in response to an edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display, displaying an area beyond the edge of the document; and | | | |
| after the object is no longer detected on or near the touch screen display, translating the document in a second direction until the area beyond the edge of the document is no longer displayed. | | | |
| 2. The computer-implemented method of claim 1, wherein the device is a portable multifunction device. | Zimmerman discloses the elements of a computer (Col. 5, lines 48-51).<br><br>But Zimmerman does not disclose "a portable multifunction device" as required by claim 2. | Kwatinetz discloses a "data processing system" configured using computer hardware (Col. 4, lines 50-56, and Fig. 1).<br><br>But Kwatinetz does not disclose "a portable multifunction device" as required by claim 2. | Paragraph 0002. |
| 3. The computer-implemented method of claim 1, wherein the movement of the object is on the touch screen display. | Col. 5, lines 26-29, and Fig. 2. | | Paragraph 0120. |

APLNDC00024823

| Claim Language | Zimmerman et al | Kwatinetz et al | Pallakoff |
|---|---|---|---|
| 4. The computer-implemented method of claim 1, wherein the object is a finger. | Col. 5, lines 26-29, and Fig. 2. | ✕ | Paragraph 0120. |
| 5. The computer-implemented method of claim 1, wherein the first direction is a vertical direction, a horizontal direction, or a diagonal direction. | Abstract. | Col. 5, lines 50-53. | Paragraph 0120. |
| 6. The computer-implemented method of claim 1, wherein the electronic document is a web page. | Zimmerman discloses the displacement of data on a touch screen (Col. 5, lines 45-47).<br><br>But Zimmerman does not disclose "a web page" as required by claim 6. | Kwatinetz discloses the scrolling of "screen objects or information" on the display (Col. 5, line 63 - col. 6, line 6).<br><br>But Kwatinetz does not disclose "a web page" as required by claim 6. | Fig. 14-A. |
| 7. The computer-implemented method of claim 1, wherein the electronic document is a digital image. | ✕ | Col. 5, line 63 - col. 6, line 6. | Paragraph 0002. |
| 8. The computer-implemented method of claim 1, wherein the electronic document is a word processing, spreadsheet, email or presentation document. | Zimmerman discloses the displacement of data on a touch screen (Col. 5, lines 45-47).<br><br>But Zimmerman does not disclose "a word processing, spreadsheet, email or presentation document" as required by claim 8. | Col. 5, line 63 - col. 6, line 6. | Paragraphs 0002 and 0088. |

APLNDC00024824

| Claim Language | Zimmerman et al | Kwatinetz et al | Pallakoff |
|---|---|---|---|
| 9. The computer-implemented method of claim 1, wherein the electronic document includes a list of items. | Col. 1, lines 49-51. | Kwatinetz discloses the scrolling of "screen objects or information" on the display (Col. 5, line 63 - col. 6, line 6).<br><br>But Kwatinetz does not disclose "a list of items" as required by claim 9. | Paragraph 0192 and Fig. 4-A. |
| 10. The computer-implemented method of claim 1, wherein the second direction is opposite the first direction. |  |  |  |
| 11. The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching an edge of the document has an associated speed of translation that corresponds to a speed of movement of the object. | Abstract. | Kwatinetz discloses that the initial scrolling speed of contents corresponds to the acceleration of the mouse cursor on the display (Col. 7, lines 48-65, and Fig. 4A).<br><br>But Kwatinetz does not disclose a translation speed "correspond[ing] to a speed of movement of the object" as required by claim 11. | Paragraph 0194. |

APLNDC00024825

| Claim Language | Zimmerman et al | Kwatinetz et al | Pallakoff |
|---|---|---|---|
| 12. The computer-implemented method of claim 1, wherein translating in the first direction is in accordance with a simulation of an equation of motion having friction. | Zimmerman discloses the displacement speed of the image being decreased at a controlled rate (Abstract).<br><br>But Zimmerman does not disclose that the displacement of the image is "in accordance with a simulation of an equation of motion having friction" as required by claim 12. | Kwatinetz discloses several ways of adjusting the scroll speed (Col. 8, lines 62-65 in connection with step 424 of Fig. 4B, col. 9, lines 57-60, col. 10, lines 45-49, and Figs. 5-6).<br><br>But Kwatinetz does not disclose adjusting the scroll speed "in accordance with a simulation of an equation of motion having friction" as required by claim 12. | |
| 13. The computer-implemented method of claim 1, wherein the area beyond the edge of the document is black, gray, a solid color, or white. | | | |
| 14. The computer-implemented method of claim 1, wherein the area beyond the edge of the document is visually distinct from the document. | | | |
| 15. The computer-implemented method of claim 1, wherein translating the document in the second direction is a damped motion. | | | |

APLNDC00024826

| Claim Language | Zimmerman et al | Kwatinetz et al | Pallakoff |
|---|---|---|---|
| 16. The computer-implemented method of claim 1, wherein changing from translating in the first direction to translating in the second direction until the area beyond the edge of the document is no longer displayed makes the edge of the electronic document appear to be elastically attached to an edge of the touch screen display or to an edge displayed on the touch screen display. | | | |

APLNDC00024827

| Claim Language | Zimmerman et al | Kwatinetz et al | Pallakoff |
|---|---|---|---|
| 17. The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching the edge of the electronic document has a first associated translating distance that corresponds to a distance of movement of the object prior to reaching the edge of the electronic document; and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction for a second associated translating distance, wherein the second associated translating distance is less than a distance of movement of the object after reaching the edge of the electronic document. | | | |

APLNDC00024828

| Claim Language | Zimmerman et al | Kwatinetz et al | Pallakoff |
|---|---|---|---|
| 18. The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching the edge of the electronic document has a first associated translating speed that corresponds to a speed of movement of the object, and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction at a second associated translating speed, wherein the second associated translating speed is slower than the first associated translating speed. | | | |
| 19. A device, comprising: | Col. 5, lines 12-15, 26-29, and Fig. 2. | Abstract and Fig. 1. | Abstract. |
| a touch screen display; | Col. 5, lines 12-15, 26-29, and Fig. 2. | Kwatinetz discloses a system with a "display" (Col. 4, lines 50-56, co. 5, lines 37-44, and Figs. 1-2).<br><br>But Kwatinetz does not disclose "a touch screen display" as required by claim 19. | Paragraph 0109 and Fig. 14-A. |
| one or more processors; | Col. 5, lines 12-15, 26-29, and Fig. 2. | Fig. 1. | Paragraph 0274 and Fig. 24. |

APLNDC00024829

| Claim Language | Zimmerman et al | Kwatinetz et al | Pallakoff |
|---|---|---|---|
| memory; and | Col. 5, lines 16-19. | Fig. 1. | Paragraph 0274 and Fig. 24. |
| one or more programs, wherein the one or more programs are stored in the memory and configured to be executed by the one or more processors, the programs including: | Col. 5, lines 29-31. | Fig. 1. | Paragraph 0274 and Fig. 24. |
| instructions for detecting a movement of an object on or near the touch screen display; | Col. 3, lines 15-16, Col. 5, lines 27-31. | | Paragraph 0120. |
| instructions for translating an electronic document displayed on the touch screen display in a first direction, in response to detecting the movement; | Col. 3, lines 55-57, Col. 5, lines 27-31. | | Paragraph 0120. |
| instructions for displaying an area beyond an edge of the electronic document in response to the edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display; and | | | |

APLNDC00024830

| Claim Language | Zimmerman et al | Kwatinetz et al | Pallakoff |
|---|---|---|---|
| instructions for translating the document in a second direction until the area beyond the edge of the document is no longer displayed, after the object is no longer detected on or near the touch screen display. | | | |
| 20. A computer readable storage medium having stored therein instructions, which when executed by a device with a touch screen display, cause the device to: | Col. 5, lines 17-21, and 29-31. | Kwatinetz discloses a system with a "display" (Col. 4, lines 50-64, col. 5, lines 37-44, and Figs. 1-2).<br><br>But Kwatinetz does not disclose "a device with a touch screen display" as required by claim 20. | Paragraph 0274, and Fig. 24. |
| detect a movement of an object on or near the touch screen display; | Col. 3, lines 15-16, Col. 5, lines 27-31. | | Paragraph 0120. |
| translate an electronic document displayed on the touch screen display in a first direction, in response to detecting the movement; | Col. 3, lines 55-57, Col. 5, lines 27-31. | | Paragraph 0120. |

APLNDC00024831

| Claim Language | Zimmerman et al | Kwatinetz et al | Pallakoff |
|---|---|---|---|
| display an area beyond an edge of the electronic document if the edge of the electronic document is reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display; and | | | |
| translate the document in a second direction until the area beyond the edge of the document is no longer displayed, after the object is no longer detected on or near the touch screen display. | | | |

In view of the remarks in the chart above, claims 1-20 are not anticipated by Zimmerman, Kwatinetz, or Pallakoff because none of these references discloses each and every limitation of these claims.

APLNDC00024832

**Detailed Explanation of Patentability:**

35 U.S.C. § 102

"A claim is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference." MPEP § 2131 citing *Verdegaal Bros. v. Union Oil Co. of California*, 814 F.2d 628, 631, 2 USPQ2d 1051, 1053 (Fed. Cir. 1987). . . . "The identical invention must be shown in as complete detail as is contained in the ... claim." MPEP § 2131 citing *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1236, 9 USPQ2d 1913, 1920 (Fed. Cir. 1989).

All of claims 1-20 include the element that in response to an edge of an electronic document being reached while translating the electronic document in a first direction while an object is still detected on or near a touch screen display, an area beyond the edge of the document is displayed:

> "in response to an edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display, displaying an area beyond the edge of the document" (Claim 1);

> "instructions for displaying an area beyond an edge of the electronic document in response to the edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display" (Claim 19); and

> "display an area beyond an edge of the electronic document if the edge of the electronic document is reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display" (Claim 20).

As shown in the chart in the preceding section, Zimmerman, Kwatinetz, and Pallakoff do not teach or suggest this claim element, either expressly or inherently.

Similarly, all of claims 1-20 include the element that after the object is no longer detected on or near the touch screen display, the document is translated in a second direction until the area beyond the edge of the document is no longer displayed:

> "after the object is no longer detected on or near the touch screen display, translating the document in a second direction until the area beyond the edge of the document is no longer displayed" (Claim 1);

> "instructions for translating the document in a second direction until the area beyond the edge of the document is no longer displayed, after the

APLNDC00024833

object is no longer detected on or near the touch screen display" (Claim
19); and

"translate the document in a second direction until the area beyond the
edge of the document is no longer displayed, after the object is no longer
detected on or near the touch screen display" (Claim 20).

As shown in the chart in the preceding section, Zimmerman, Kwatinetz, and Pallakoff
do not teach or suggest this claim element, either expressly or inherently.

Thus, at least two elements in each of claims 1-20 are not taught or suggested by
Zimmerman, Kwatinetz, and/or Pallakoff.

Applicants respectfully submit that for at least the reasons set forth above, Zimmerman,
Kwatinetz, and Pallakoff do not anticipate any of claims 1-20 of the above captioned
patent application under 35 U.S.C. § 102(a)-(g) at least because none of these references
discloses each and every limitation of any of claims 1-20. MPEP §2131.

<u>35 U.S.C. § 103(a)</u>

One of the criteria required to establish a prima facie case of obviousness is that the
prior art must teach or suggest all the claim limitations. MPEP §2143.

Applicants respectfully submit that Zimmerman, Kwatinetz, and Pallakoff, either
standing alone or in combination, do not render claims 1-20 of the above-captioned
patent application obvious under 35 U.S.C. § 103(a) because, as explained above, at
least two elements in each of claims 1-20 are not taught or suggested by Zimmerman,
Kwatinetz. and/or Pallakoff. MPEP §2143.

**Concise Statement of Utility:**

The invention as claimed in independent claims 1, 19, and 20 has utility at least because
it visually indicates when one or more edges of an electronic document have been
reached.

APLNDC00024834

## Showing of Support under 35 USC 112, First Paragraph:

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| 1. A computer-implemented method, comprising: | At least paragraph 0010; and Figures 7 and 8A-8D. | At least paragraph 0011 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraph 0011 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraph 0011 and claims 1-2; and Figures 7 and 8A-8D. |
| at a device with a touch screen display, | At least paragraphs 0010 and 0103; and Figure 2. | At least paragraphs 0011 and 0104 and claims 1-2; and Figure 2. | At least paragraphs 0011 and 0082 and claims 1-2; and Figure 2. | At least paragraphs 0011 and 0082 and claims 1-2; and Figure 2. |
| detecting a movement of an object on or near the touch screen display; | At least paragraphs 0010 and 0148; and Figures 7 and 8A-8D. | At least paragraphs 0011 and 0149 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 0011 and 0122 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 0011 and 0122 and claims 1-2; and Figures 7 and 8A-8D. |
| in response to detecting the movement, translating an electronic document displayed on the touch screen display in a first direction; | At least paragraphs 0010 and 0149; and Figures 7 and 8A-8D. | At least paragraphs 011 and 0150 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 011 and 0123 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 011 and 0123 and claims 1-2; and Figures 7 and 8A-8D. |

APLNDC00024835

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| in response to an edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display, displaying an area beyond the edge of the document; and | At least paragraphs 0010 and 0151; and Figures 7 and 8A-8D. | At least paragraphs 011 and 0152 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 011 and 0125 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 011 and 0125 and claims 1-2; and Figures 7 and 8A-8D. |
| after the object is no longer detected on or near the touch screen display, translating the document in a second direction until the area beyond the edge of the document is no longer displayed. | At least paragraphs 0010 and 0152; and Figures 7 and 8A-8D. | At least paragraphs 011 and 0153 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 011 and 0126 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 011 and 0126 and claims 1-2; and Figures 7 and 8A-8D. |
| 2. The computer-implemented method of claim 1, wherein the device is a portable multifunction device. | At least paragraphs 0103 and 0148; and Figures 2 and 4. | At least paragraphs 0104 and 0149; and Figures 2 and 4. | At least paragraphs 0082 and 0122; and Figures 2 and 4. | At least paragraphs 0082 and 0122; and Figures 2 and 4. |

APLNDC00024836

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| 3. The computer-implemented method of claim 1, wherein the movement of the object is on the touch screen display. | At least paragraph 0148; and Figure 7. | At least paragraph 0149; and Figure 7. | At least paragraph 0122; and Figure 7. | At least paragraph 0122; and Figure 7. |
| 4. The computer-implemented method of claim 1, wherein the object is a finger. | At least paragraph 0148; and Figure 7. | At least paragraph 0149; and Figure 7. | At least paragraph 0122; and Figure 7. | At least paragraph 0122; and Figure 7. |
| 5. The computer-implemented method of claim 1, wherein the first direction is a vertical direction, a horizontal direction, or a diagonal direction. | At least paragraph 0149; and Figures 7 and 8A-8D. | At least paragraph 0150; and Figures 7 and 8A-8D. | At least paragraph 0123; and Figures 7 and 8A-8D. | At least paragraph 0123; and Figures 7 and 8A-8D. |
| 6. The computer-implemented method of claim 1, wherein the electronic document is a web page. | At least paragraph 0149; and Figures 8A-8D. | At least paragraph 0150; and Figures 8A-8D. | At least paragraph 0123; and Figures 8A-8D. | At least paragraph 0123; and Figures 8A-8D. |

APLNDC00024837

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| 7. The computer-implemented method of claim 1, wherein the electronic document is a digital image. | At least paragraphs 0149 and 0156. | At least paragraphs 0150 and 0157. | At least paragraph 0059. | At least paragraph 0059. |
| 8. The computer-implemented method of claim 1, wherein the electronic document is a word processing, spreadsheet, email or presentation document. | At least paragraphs 0149 and 0156. | At least paragraphs 0150 and 0157. | At least paragraphs 0123 and 0128. | At least paragraphs 0123 and 0128. |
| 9. The computer-implemented method of claim 1, wherein the electronic document includes a list of items. | At least paragraph 0133; and Figures 5 and 6A-6D. | At least paragraph 0134; and Figures 5 and 6A-6D. | At least paragraph 0110; and Figures 5 and 6A-6D. | At least paragraph 0110; and Figures 5 and 6A-6D. |
| 10. The computer-implemented method of claim 1, wherein the second direction is opposite the first direction. | At least paragraph 0152; and Figures 7 and 8A-8D. | At least paragraph 0153; and Figures 7 and 8A-8D. | At least paragraph 0126; and Figures 7 and 8A-8D. | At least paragraph 0126; and Figures 7 and 8A-8D. |

APLNDC00024838

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| 11. The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching an edge of the document has an associated speed of translation that corresponds to a speed of movement of the object. | At least paragraph 0150; and Figure 7. | At least paragraph 0151; and Figure 7. | At least paragraph 0124; and Figure 7. | At least paragraph 0124; and Figure 7. |
| 12. The computer-implemented method of claim 1, wherein translating in the first direction is in accordance with a simulation of an equation of motion having friction. | At least paragraph 0150; and Figure 7. | At least paragraph 0151; and Figure 7. | At least paragraph 0124; and Figure 7. | At least paragraph 0124; and Figure 7. |
| 13. The computer-implemented method of claim 1, wherein the area beyond the edge of the document is black, gray, a solid color, or white. | At least paragraph 0151; and Figures 7 and 8C. | At least paragraph 0152; and Figures 7 and 8C. | At least paragraph 0125; and Figures 7 and 8C. | At least paragraph 0125; and Figures 7 and 8C. |

APLNDC00024839

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| 14. The computer-implemented method of claim 1, wherein the area beyond the edge of the document is visually distinct from the document. | At least paragraphs 0151; and Figures 7 and 8C. | At least paragraph 0152; and Figures 7 and 8C. | At least paragraph 0125; and Figures 7 and 8C. | At least paragraph 0125; and Figures 7 and 8C. |
| 15. The computer-implemented method of claim 1, wherein translating the document in the second direction is a damped motion. | At least paragraph 0152; and Figure 7. | At least paragraph 0153; and Figure 7. | At least paragraph 0126; and Figure 7. | At least paragraph 0126; and Figure 7. |

APLNDC00024840

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| 16. The computer-implemented method of claim 1, wherein changing from translating in the first direction to translating in the second direction until the area beyond the edge of the document is no longer displayed makes the edge of the electronic document appear to be elastically attached to an edge of the touch screen display or to an edge displayed on the touch screen display. | At least paragraph 0152; and Figures 7 and 8A-8D. | At least paragraph 0153; and Figures 7 and 8A-8D. | At least paragraph 0126; and Figures 7 and 8A-8D. | At least paragraph 0126; and Figures 7 and 8A-8D. |

APLNDC00024841

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| 17. The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching the edge of the electronic document has a first associated translating distance that corresponds to a distance of movement of the object prior to reaching the edge of the electronic document; and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction for a second associated translating distance, wherein the second associated translating distance is less than a distance of movement of the object after reaching the edge of the electronic document. | At least paragraph 0153; and Figure 8C. | At least paragraph 0154; and Figure 8C. | | |

APLNDC00024842

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| 18. The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching the edge of the electronic document has a first associated translating speed that corresponds to a speed of movement of the object, and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction at a second associated translating speed, wherein the second associated translating speed is slower than the first associated translating speed. | At least paragraph 0154; and Figure 8C. | At least paragraph 0154; and Figure 8C. | | |

APLNDC00024843

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| 19. A device, comprising: | At least paragraphs 0012 and 0103; and Figure 2. | At least paragraphs 0013 and 0104; and Figure 2. | At least paragraphs 0013 and 0082; and Figure 2. | At least paragraphs 0013 and 0082; and Figure 2. |
| a touch screen display; | At least paragraphs 0012 and 0103; and Figure 2. | At least paragraphs 0013 and 0104; and Figure 2. | At least paragraphs 0013 and 0082; and Figure 2. | At least paragraphs 0013 and 0082; and Figure 2. |
| one or more processors; | At least paragraphs 0012 and 0059; and Figure 1. | At least paragraphs 0013 and 0060; and Figure 1. | At least paragraphs 0013 and 0038; and Figure 1. | At least paragraphs 0013 and 0038; and Figure 1. |
| memory; and | At least paragraphs 0012 and 0061; and Figure 1. | At least paragraphs 0013 and 0062; and Figure 1. | At least paragraphs 0013 and 0040; and Figure 1. | At least paragraphs 0013 and 0040; and Figure 1. |
| one or more programs, wherein the one or more programs are stored in the memory and configured to be executed by the one or more processors, the programs including: | At least paragraph 0012; and Figure 1. | At least paragraph 0013; and Figure 1. | At least paragraph 0013; and Figure 1. | At least paragraph 0013; and Figure 1. |
| instructions for detecting a movement of an object on or near the touch screen display; | At least paragraphs 0012 and 0148; and Figures 7 and 8A-8D. | At least paragraphs 0013 and 0149; and Figures 7 and 8A-8D. | At least paragraphs 0013 and 0122; and Figures 7 and 8A-8D. | At least paragraphs 0013 and 0122; and Figures 7 and 8A-8D. |

APLNDC00024844

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| instructions for translating an electronic document displayed on the touch screen display in a first direction, in response to detecting the movement; | At least paragraphs 0012 and 0149; and Figures 7 and 8A-8D. | At least paragraphs 013 and 0150 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 013 and 0123 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 013 and 0123 and claims 1-2; and Figures 7 and 8A-8D. |
| instructions for displaying an area beyond an edge of the electronic document in response to the edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display; and | At least paragraphs 0012 and 0151; and Figures 7 and 8A-8D. | At least paragraphs 013 and 0152 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 013 and 0125 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 013 and 0125 and claims 1-2; and Figures 7 and 8A-8D. |

APLNDC00024845

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| instructions for translating the document in a second direction until the area beyond the edge of the document is no longer displayed, after the object is no longer detected on or near the touch screen display. | At least paragraphs 0012 and 0152; and Figures 7 and 8A-8D. | At least paragraphs 013 and 0153 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 013 and 0126 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 013 and 0126 and claims 1-2; and Figures 7 and 8A-8D. |
| 20. A computer readable storage medium having stored therein instructions, which when executed by a device with a touch screen display, cause the device to: | At least paragraph 0013; and Figure 1. | At least paragraph 0014; and Figure 1. | At least paragraph 0014; and Figure 1. | At least paragraph 0014; and Figure 1. |
| detect a movement of an object on or near the touch screen display; | At least paragraphs 0013 and 0148; and Figures 7 and 8A-8D. | At least paragraphs 0014 and 0149 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 0014 and 0122 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 0014 and 0122 and claims 1-2; and Figures 7 and 8A-8D. |
| translate an electronic document displayed on the touch screen display in a first direction, in response to detecting the movement; | At least paragraphs 0013 and 0149; and Figures 7 and 8A-8D. | At least paragraphs 014 and 0150 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 014 and 0123 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 014 and 0123 and claims 1-2; and Figures 7 and 8A-8D. |

APLNDC00024846

| Claim Limitation | Support for claim limitation in the above captioned patent application | Support for claim limitation in provisional application no. 60/946,971, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/945,858, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/883,801, to which the above captioned application claims benefit |
|---|---|---|---|---|
| display an area beyond an edge of the electronic document if the edge of the electronic document is reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display; and | At least paragraphs 0013 and 0151; and Figures 7 and 8A-8D. | At least paragraphs 014 and 0152 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 014 and 0125 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 014 and 0125 and claims 1-2; and Figures 7 and 8A-8D. |
| translate the document in a second direction until the area beyond the edge of the document is no longer displayed, after the object is no longer detected on or near the touch screen display. | At least paragraphs 0013 and 0152; and Figures 7 and 8A-8D. | At least paragraphs 014 and 0153 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 014 and 0126 and claims 1-2; and Figures 7 and 8A-8D. | At least paragraphs 014 and 0126 and claims 1-2; and Figures 7 and 8A-8D. |

APLNDC00024847

**Showing of Support under 35 USC 112, First Paragraph (continued):**

| Claim Limitation | Support for claim limitation in patent application no. 60/937,993, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,469, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,253, to which the above captioned application claims benefit |
|---|---|---|---|
| 1. A computer-implemented method, comprising: | At least claims 318 and 319; and Figures 43B-43D. | At least claims 318 and 319; and Figures 43B-43D. | At least claims 303 and 304; and Figures 43B-43D. |
| at a device with a touch screen display, | At least paragraph 0756; and Figure 2. | At least paragraph 0724; and Figure 2. | At least paragraph 0703; and Figure 2. |
| detecting a movement of an object on or near the touch screen display; | At least paragraph 0761; and Figures 43B-43D. | At least paragraph 0729; and Figures 43B-43D. | At least paragraph 0708; and Figures 43B-43D. |
| in response to detecting the movement, translating an electronic document displayed on the touch screen display in a first direction; | At least paragraph 0762; and Figures 43B-43D. | At least paragraph 0730; and Figures 43B-43D. | At least paragraph 0709; and Figures 43B-43D. |
| in response to an edge of the electronic document being reached while translating the electronic document in the first direction | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |

APLNDC00024848

| Claim Limitation | Support for claim limitation in patent application no. 60/937,993, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,469, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,253, to which the above captioned application claims benefit |
|---|---|---|---|
| while the object is still detected on or near the touch screen display, displaying an area beyond the edge of the document; and | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |
| after the object is no longer detected on or near the touch screen display, translating the document in a second direction until the area beyond the edge of the document is no longer displayed. | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |
| 2. The computer-implemented method of claim 1, wherein the device is a portable multifunction device. | At least paragraph 0003; and Figures 2 and 4A-4B. | At least paragraph 0003; and Figures 2 and 4A-4B. | At least paragraph 0003; and Figures 2 and 4A-4B. |
| 3. The computer-implemented method of claim 1, wherein the movement of the object is on the touch screen display. | At least paragraph 0761; and Figures 43B-43D. | At least paragraph 0729; and Figures 43B-43D. | At least paragraph 0708; and Figures 43B-43D. |

APLNDC00024849

| Claim Limitation | Support for claim limitation in patent application no. 60/937,993, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,469, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,253, to which the above captioned application claims benefit |
|---|---|---|---|
| 4. The computer-implemented method of claim 1, wherein the object is a finger. | At least claims 318 and 319; and Figures 43B-43D. | At least claims 318 and 319; and Figures 43B-43D. | At least claims 303 and 304; and Figures 43B-43D. |
| 5. The computer-implemented method of claim 1, wherein the first direction is a vertical direction, a horizontal direction, or a diagonal direction. | At least paragraph 0762. | At least paragraph 0730. | At least paragraph 0709. |
| 6. The computer-implemented method of claim 1, wherein the electronic document is a web page. | At least paragraph 0756. | At least paragraph 0724. | At least paragraph 0703. |
| 7. The computer-implemented method of claim 1, wherein the electronic document is a digital image. | At least paragraph 0243. | At least paragraph 0237. | At least paragraph 0237. |

APLNDC00024850

| Claim Limitation | Support for claim limitation in patent application no. 60/937,993, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,469, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,253, to which the above captioned application claims benefit |
|---|---|---|---|
| 8. The computer-implemented method of claim 1, wherein the electronic document is a word processing, spreadsheet, email or presentation document. | At least paragraph 0756. | At least paragraph 0724. | At least paragraph 0703. |
| 9. The computer-implemented method of claim 1, wherein the electronic document includes a list of items. | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |
| 10. The computer-implemented method of claim 1, wherein the second direction is opposite the first direction. | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |
| 11. The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching an edge of the document has an associated speed of translation that corresponds to a speed of movement of the object. | At least paragraph 0762. | At least paragraph 0730. | At least paragraph 0709. |

APLNDC00024851

| Claim Limitation | Support for claim limitation in patent application no. 60/937,993, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,469, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,253, to which the above captioned application claims benefit |
|---|---|---|---|
| 12. The computer-implemented method of claim 1, wherein translating in the first direction is in accordance with a simulation of an equation of motion having friction. | At least paragraph 0762. | At least paragraph 0730. | At least paragraph 0709. |
| 13. The computer-implemented method of claim 1, wherein the area beyond the edge of the document is black, gray, a solid color, or white. | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |
| 14. The computer-implemented method of claim 1, wherein the area beyond the edge of the document is visually distinct from the document. | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |
| 15. The computer-implemented method of claim 1, wherein translating the document in the second direction is a damped motion. | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |

APLNDC00024852

| Claim Limitation | Support for claim limitation in patent application no. 60/937,993, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,469, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,253, to which the above captioned application claims benefit |
|---|---|---|---|
| 16. The computer-implemented method of claim 1, wherein changing from translating in the first direction to translating in the second direction until the area beyond the edge of the document is no longer displayed makes the edge of the electronic document appear to be elastically attached to an edge of the touch screen display or to an edge displayed on the touch screen display. | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |

APLNDC00024853

| Claim Limitation | Support for claim limitation in patent application no. 60/937,993, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,469, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,253, to which the above captioned application claims benefit |
|---|---|---|---|
| 17. The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching the edge of the electronic document has a first associated translating distance that corresponds to a distance of movement of the object prior to reaching the edge of the electronic document; and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction for a second associated translating distance, wherein the second associated translating distance is less than a distance of movement of the object after reaching the edge of the electronic document. | | | |

APLNDC00024854

| Claim Limitation | Support for claim limitation in patent application no. 60/937,993, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,469, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,253, to which the above captioned application claims benefit |
|---|---|---|---|
| 18. The computer-implemented method of claim 1, wherein translating in the first direction prior to reaching the edge of the electronic document has a first associated translating speed that corresponds to a speed of movement of the object, and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction at a second associated translating speed, wherein the second associated translating speed is slower than the first associated translating speed. | | | |
| 19. A device, comprising: | At least paragraph 0084 and claim 338; and Figures 1A-1B. | At least paragraph 0083 and claim 338; and Figures 1A-1B. | At least paragraph 0083 and claim 322; and Figures 1A-1B. |
| a touch screen display; | At least paragraph 0084; and Figures 1A-1B. | At least paragraph 0083; and Figures 1A-1B. | At least paragraph 0083; and Figures 1A-1B. |

APLNDC00024855

| Claim Limitation | Support for claim limitation in patent application no. 60/937,993, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,469, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,253, to which the above captioned application claims benefit |
|---|---|---|---|
| one or more processors; | At least paragraph 0084; and Figures 1A-1B. | At least paragraph 0083; and Figures 1A-1B. | At least paragraph 0083; and Figures 1A-1B. |
| memory; and | At least paragraph 0084; and Figures 1A-1B. | At least paragraph 0083; and Figures 1A-1B. | At least paragraph 0083; and Figures 1A-1B. |
| one or more programs, wherein the one or more programs are stored in the memory and configured to be executed by the one or more processors, the programs including: | At least paragraph 0104; and Figures 1A-1B. | At least paragraph 0103; and Figures 1A-1B. | At least paragraph 0103; and Figures 1A-1B. |
| instructions for detecting a movement of an object on or near the touch screen display; | At least paragraph 0761; and Figures 43B-43D. | At least paragraph 0729; and Figures 43B-43D. | At least paragraph 0708; and Figures 43B-43D. |
| instructions for translating an electronic document displayed on the touch screen display in a first direction, in response to detecting the movement; | At least paragraph 0762; and Figures 43B-43D. | At least paragraph 0730; and Figures 43B-43D. | At least paragraph 0709; and Figures 43B-43D. |

APLNDC00024856

| Claim Limitation | Support for claim limitation in patent application no. 60/937,993, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,469, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,253, to which the above captioned application claims benefit |
|---|---|---|---|
| instructions for displaying an area beyond an edge of the electronic document in response to the edge of the electronic document being reached while translating the electronic document in the first direction | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |
| while the object is still detected on or near the touch screen display; and | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |
| instructions for translating the document in a second direction until the area beyond the edge of the document is no longer displayed, after the object is no longer detected on or near the touch screen display. | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |
| 20. A computer readable storage medium having stored therein instructions, which when executed by a device with a touch screen display, cause the device to: | At least claim 339; and Figures 1A-1B. | At least claim 339; and Figures 1A-1B. | At least claim 323; and Figures 1A-1B. |

APLNDC00024857

| Claim Limitation | Support for claim limitation in patent application no. 60/937,993, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,469, to which the above captioned application claims benefit | Support for claim limitation in provisional application no. 60/879,253, to which the above captioned application claims benefit |
|---|---|---|---|
| detect a movement of an object on or near the touch screen display; | At least paragraph 0761; and Figures 43B-43D. | At least paragraph 0729; and Figures 43B-43D. | At least paragraph 0708; and Figures 43B-43D. |
| translate an electronic document displayed on the touch screen display in a first direction, in response to detecting the movement; | At least paragraph 0762; and Figures 43B-43D. | At least paragraph 0730; and Figures 43B-43D. | At least paragraph 0709; and Figures 43B-43D. |
| display an area beyond an edge of the electronic document if the edge of the electronic document is reached while translating the electronic document in the first direction | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |
| while the object is still detected on or near the touch screen display; and | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |
| translate the document in a second direction until the area beyond the edge of the document is no longer displayed, after the object is no longer detected on or near the touch screen display. | At least paragraph 0537; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. | At least paragraph 0518; and Figures 43B-43D. |

APLNDC00024858

Thus, as shown in the table above, claims 1-20 satisfy the requirements of 35 U.S.C. §112, first paragraph.

The claims do not invoke 35 USC 112, sixth paragraph.  There are no means- (or step-) plus-function claim elements.

## Identification of References Disqualified as Prior Art under 35 USC 103(c):

The following references are disqualified as prior art under 35 USC 103(c):

1. Lemay et al          US 20070157094
2. Ording et al         US 20070152984
3. Jobs et al           US 20070152979
4. Kocienda et al       US 20070152978
5. Jobs et al           US 20070155434
6. Chaudhri et al       US 20070150842

In view of this accelerated examination support document, Applicants respectfully request that the Examiner grant the Petition for Accelerated Examination in the above-captioned patent application. Applicants respectfully submit that the claims of the above-captioned patent application are in condition for allowance, and respectfully request that the Examiner allow the claims of the above-captioned application to issue in a U.S. patent.

Respectfully submitted,

Date:   December 14, 2007

Robert B. Beyers, Ph.D.                    46,552
**MORGAN, LEWIS & BOCKIUS** LLP          (Reg. No.)
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306
(650) 843-4000

APLNDC00024860

<table>
<tr><td rowspan="2" colspan="4"><strong>INFORMATION DISCLOSURE CITATION</strong><br><br>PTO-1449</td><td colspan="2"><em>Complete If Known</em></td></tr>
<tr><td>Application Number</td><td>To be assigned</td></tr>
</table>

| | | | | |
|---|---|---|---|---|
| **INFORMATION DISCLOSURE CITATION** | | | Application Number | To be assigned |
| | | | Filing Date | December 14, 2007 |
| PTO-1449 | | | First Named Inventor | Bas Ording |
| | | | Art Unit | To be assigned |
| | | | Examiner Name | To be assigned |
| Sheet | 1 | of | 1 | Attorney Docket No. | P4304US1/63266-5054-US |

### U.S. PATENT DOCUMENTS

| Examiner Initials | Cite No. | Document Number<br>Number - Kind Code[1] | Publication Date<br>MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Class | Subclass | Filing Date if Appropriate |
|---|---|---|---|---|---|---|---|
| | | 5,495,566 B1 | 02/27/1996 | Kwatinetz | 395 | 157 | |
| | | 6,690,387 B2 | 02/10/2004 | Zimmerman et al. | 345 | 684 | |
| | | 2005/0012723 A1 | 01/20/2005 | Pallakoff | 345 | 173 | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials | Cite No. | Foreign Patent Document<br>Country Code[2] - Number[3] - Kind Code[4](if known) | Publication Date<br>MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Class | Subclass | Translation Yes | Translation No |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

### OTHER NON PATENT LITERATURE DOCUMENTS

| Examiner Initials | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [2] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. [5] Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

APLNDC00024861

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | |
| **Filing Date:** | |
| **Title of Invention:** | List Scrolling and Document Translation, Scaling, and Rotation on a Touch-Screen Display |
| First Named Inventor/Applicant Name: | Bas Ording |
| **Filer:** | Gary Scott Williams/Beverly Gemello |
| **Attorney Docket Number:** | P4304US1/63266-5054-US |

Filed as Large Entity

## Utility     Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| Utility application filing | 1011 | 1 | 310 | 310 |
| Utility Search Fee | 1111 | 1 | 510 | 510 |
| Utility Examination Fee | 1311 | 1 | 210 | 210 |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| Petition fee- 37 CFR 1.17(h) (Group III) | 1464 | 1 | 130 | 130 |

APLNDC00024862

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Patent-Appeals-and-Interference:** | | | | |
| Post-Allowance-and-Post-Issuance: | | | | |
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| **Total in USD ($)** | | | | **1160** |

APLNDC00024863

Electronically filed December 14, 2007

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| Application of: | Bas Ording | Confirmation No.: | To be assigned |
| Serial No.: | To be assigned | Art Unit: | To be assigned |
| Filed: | December 14, 2007 | Examiner: | To be assigned |
| For: | *List Scrolling and Document Translation, Scaling, and Rotation on a Touch-Screen Display* | Attorney Docket No.: | P4304US1/63266-5054-US |

**INFORMATION DISCLOSURE STATEMENT
IN SUPPORT OF PETITION TO MAKE SPECIAL**

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

In accordance with the duty of disclosure provisions of 37 C.F.R. §1.56, there is hereby provided certain information which the Examiner may consider material to the examination of the subject U.S. patent application.  It is requested that the Examiner make this information of record if it is deemed material to the examination of the application.

1.   Enclosures accompanying this Information Disclosure Statement are:

    1a.   ☒   A list of all patents, publications, applications, or other information submitted for consideration by the office.

    1b.   A legible copy of :

        ☐   Each U.S. patent application publication and U.S. and foreign patent;

        ☐   Each publication or that portion which caused it to be listed on the PTO-1449;

        ☐   For each cited pending U.S. application, the application specification including the claims, and any drawing of the application, or portion of the application which caused it to be listed on the PTO-1449 including any claims directed to that portion;

        ☐   all other information or portion which caused it to be listed on the PTO-1449.

    1c.   ☐   An English language copy of search report(s) from a counterpart foreign application or PCT International Search Report.

    1d.   ☐   Explanations of relevancy (ATTACHMENT 1(d), hereto) or English language abstracts of the non-English language publications.

1

APLNDC00024864

2. ☒     This Information Disclosure Statement is filed under 37 C.F.R. §1.97(b):

     ☒   Within three months of the filing date of a national application other than a continued prosecution application under §1.53(d);

     ☐   Within three months of the date of entry of the national stage as set forth in §1.491 in an international application;

     ☐   Before the mailing of the first Office action on the merits;

     ☐   Before the mailing of a first Office action after the filing of a request for continued examination under §1.114.

3. ☐     This Information Disclosure Statement is filed under 37 C.F.R. §1.97(c) after the period specified in 37 C.F.R §1.97(b), but before the mailing date of any of a final action under 37 C.F.R. §1.113, a notice of allowance under 37 C.F.R. §1.311 or an action that otherwise closes prosecution in the application.

*(Check either Item 3a or 3b)*

3a.    ☐   The Certification Statement in Item 5 below is applicable.  Accordingly, no fee is required.

3b.    ☐   The $180.00 fee set forth in 37 C.F.R. §1.17(p) in accordance with 37 C.F.R. §1.97(c) is:
       ☐   enclosed
       ☐   to be charged to Morgan, Lewis & Bockius LLP Deposit Account No. 50-0310 (order no.      ).

*(Item 3b to be checked if any reference known for more than 3 months)*

4. ☐     This Information Disclosure Statement is filed under 37 C.F.R. §1.97(d) after the period specified in 37 C.F.R. §1.97(c), but on or before the date of payment of the issue fee.

*(Check either Item 4a or 4b)*

4a.    ☐   The Certification Statement in Item 5 below is applicable.

4.b    ☐   The $180.00 fee set forth in 37 C.F.R. §1.17(p) is:
       ☐   enclosed.
       ☐   to be charged to Morgan, Lewis & Bockius LLP Deposit Account No. 50-0310 (order no.      ).

5. ☐     Certification Statement (applicable if Item 3a or Item 4a is checked)

*(Check either Item 5a, 5b or 5c)*

5a.    ☐   In accordance with 37 C.F.R. §1.97(e)(1), it is certified that each item of information contained in this Information Disclosure Statement was first cited in a communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of this Information Disclosure Statement.

5b.    ☐   In accordance with 37 C.F.R. §1.97(e)(2), it is certified that no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application,

APLNDC00024865

and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in § 1.56(c) more than three months prior to the filing of the information disclosure statement.

5c.   ☐   Pursuant to 37 C.F.R. §1.704(d), each item of information contained in this information disclosure statement was cited in a communication from a foreign patent office in a counterpart application, and the communication was not **received** by any individual designated in 37 C.F.R. §1.56(c) more than thirty days prior to the filing of this information disclosure statement.

6.   ☒   Copies of each cited U.S. patent and each U.S. patent application publication are not enclosed pursuant to the USPTO OG Notice dated 05 August 2003 waiving the requirement under 37 C.F.R. 1.98(a)(2)(i) for U.S. patent applications filed after June 30, 2003.

7.   ☐   This application is a continuation application under 37 C.F.R. §1.53(b) or (d).

*(Check appropriate Items 7a, 7b and/or 7c)*

7a.   ☐   A Petition to Withdraw from issue under 37 C.F.R. §1.313(b)(5) is concurrently filed herewith.

7b.   ☐   Copies of publications listed on Form PTO-1449 from prior application Serial No.         , filed on         , of which this application claims priority under 35 U.S.C. §120, are not being submitted pursuant to 37 C.F.R. §1.98(d).

7c.   ☐   Copies of the publications listed on Form PTO-1449 were not previously cited in prior application Serial No.         , filed on         , and are provided herewith.

8.   ☐   This is a Supplemental Information Disclosure Statement.  (Check Item 8a)

8a.   ☐   This Supplemental Information Disclosure Statement under 37 C.F.R. §1.97(f) supplements the Information Disclosure Statement filed on         .  A bona fide attempt was made to comply with 37 C.F.R. §1.98, but inadvertent omissions were made.  These omissions have been corrected herein.  Accordingly, additional time is requested so that this Supplemental Information Disclosure Statement can be considered as if properly filed on         .

9.   ☐   In accordance with 37 C.F.R. §1.98, a concise explanation of what is presently understood to be the relevance of each non-English language publication is:

*( Check Item 9a, 9b, or 9c)*

9a.   ☐   satisfied because all non-English language publications were cited on the enclosed English language copy of the PCT International Search Report or the search report from a counterpart foreign application indicating the degree of relevance found by the foreign office.

9b.   ☐   set forth in the application.

9c.   ☐   enclosed as an attachment hereto.

10.   ☒   The Commissioner is authorized to charge any additional fee required or credit any overpayment for this Information Disclosure Statement and/or Petition to Morgan, Lewis & Bockius LLP Deposit Account No. 50-0310 (order no. 63266-5054-US).

3

APLNDC00024866

11.    ☒    No admission is made that the information cited in this Statement is, or is considered to be, material to patentability nor a representation that a search has been made (other than a search report of a foreign counterpart application or PCT International Search Report if submitted herewith).  37 C.F.R. §§1.97(g) and (h).

Respectfully submitted,

Date:    December 14, 2007

*Robert Beyers*                                    46,552
Robert B. Beyers, Ph.D.                    (Reg. No.)
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
(650) 843-4000

4

1-PA/3670830.1

APLNDC00024867

Doc Code: **PET.SPRE.ACX**

PTO/SB/28 (04-07)
Approved for use through 09/30/2007. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# PETITION TO MAKE SPECIAL UNDER ACCELERATED EXAMINATION PROGRAM

| Attorney Docket Number | P4304US1/63266-5054US | First Named Inventor | Bas Ording |
|---|---|---|---|

| Application Number (if Known) | |
|---|---|

| Title of Invention | List Scrolling and Document Translation, Scaling, and Rotation on a Touch-Screen Display |
|---|---|

**APPLICANT HEREBY PETITIONS TO MAKE THE ABOVE-IDENTIFIED APPLICATION SPECIAL UNDER THE REVISED ACCELERATED EXAMINATION PROGRAM. See Instruction sheet on page 3.**

1. **Claims of the application:**
   a. The application must contain three (3) or fewer independent claims and twenty (20) or fewer total claims. The application may not contain any multiple dependent claims.

   b. **Applicant hereby agrees not to separately argue the patentability of any dependent claim during any appeal** in the application. Specifically, the applicant agrees that the dependent claims will be grouped together with and not argued separately from the independent claim from which they depend in any appeal brief filed in the application (37 CFR 41.37(c)(1)(vii)).

   c. The claims must be directed to **a single invention**.

2. **Interviews:**
   Applicant hereby agrees to have (if requested by examiner):
   a. An interview (including an interview before a first Office action) to discuss the prior art and any potential rejections or objections with the intention of clarifying and possibly resolving all issues with respect to patentability at that time, and

   b. A telephonic interview to make an election without traverse if the Office determines that the claims are not obviously directed to a single invention.

3. **Preexamination Search Statement and Accelerated Examination Support Document:**
   With this petition, applicant is providing: a **preexamination search statement**, in compliance with the requirements set forth in item 8 of the instruction sheet, and an **"accelerated examination support document"** that includes:
   a. An **information disclosure statement** in compliance with 37 CFR 1.98 citing each reference deemed most closely related to the subject matter of each of the claims;

   b. For each reference cited, **an identification of all the limitations of the claims** that are disclosed by the limitation specifying where the limitation is disclosed in the cited reference;

   c. A **detailed explanation of how each of the claims are patentable** over the references cited with the particularity required by 37 CFR 1.111(b) and (c);

   d. A concise **statement of the utility** of the invention as defined in each of the independent claims (unless the application is a design application);

   e. An identification of any cited references that may be disqualified as prior art under 35 U.S.C. 103(c) as amended by the CREATE act; and

   f. **A showing of where each limitation of the claims finds support under the first paragraph of 35 U.S.C. 112** in the written description of the specification. If applicable, the showing must also identify: (1) each means- (or step-) plus-function claim element that invokes consideration under 35 U.S.C. 112, ¶6; and (2) the structure, material, or acts that correspond to any means- (or step-) plus-function claim element that invokes consideration under 35 U.S.C. 112, ¶6. If the application claims the benefit of one or more applications under title 35, United States Code, the showing must also include where each limitation of the claims finds support under the first paragraph of 35 U.S.C. 112 in each such application in which such support exists.

The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This form is estimated to take 12 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. *If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*
EFS Web 2.2

APLNDC00024868

Doc Code: **PET.SPRE.ACX**

PTO/SB/28 (04-07)
Approved for use through 09/30/2007. OMB 0651-0031
U.S. Patent and Trademark Office; U. S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PETITION TO MAKE SPECIAL UNDER ACCELERATED EXAMINATION PROGRAM (Continued) | | | |
|---|---|---|---|
| Attorney Docket Number | P4304US1/63266-5054US | First Named Inventor | Bas Ording |

**Attachments:**

| | | |
|---|---|---|
| a. | | Accelerated Examination Support Document (see item 3 above). |
| b. | | A statement, in compliance with the requirements set forth in item 8 of the instruction sheet, detailing the preexamination search which was conducted. |
| c. | | Information Disclosure Statement. |
| d. | ☐ | Other (*e.g.*, a statement that the claimed subject matter is directed to environmental quality, energy, or countering terrorism (37 CFR 1.102(c)(2)). |

**Fees:  The following fees must be filed electronically via EFS or EFS-Web:**

| | |
|---|---|
| a. | The basic filing fee, search fee, examination fee, and application size fee (if required) under 37 CFR 1.16. |
| b. | Petition fee under 37 CFR 1.17(h)  - unless the petition is filed with a showing under 37 CFR 1.102(c)(2). |

**Signature:**

| Click Remove if you wish to remove this signatory | | | Remove |
|---|---|---|---|
| Signature | /Robert B. Beyers/ | Date | 2007-12-14 |
| Name (Print/Typed) | Robert B. Beyers, Ph.D. | Registration Number | 46552 |
| Click Add if you wish to add additional signatory | | | Add |

**Note:** *Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required in accordance with 37 CFR 1.33 and 10.18.  Please see 37 CFR 1.4(d) for the form of the signature.*

APLNDC00024869

PTO/SB/28 (04-07)
Approved for use through 09/30/2007. OMB 0651-0031
U.S. Patent and Trademark Office; U. S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Instruction Sheet Petition to Make Special Under the Accelerated Examination

*A grantable petition must meet the following conditions:*

1. The petition to make special under the accelerated examination program must be filed with the application and accompanied by the fee set forth in 37 CFR 1.17(h) or a statement that the claimed subject matter is directed to environmental quality, energy, or countering terrorism.

2. The application must be a non-reissue utility or design application filed under 35 U.S.C. 111(a).

3. The application must be **filed electronically** using the Office electronic filing system (EFS) or EFS-Web.

4. The application must be complete under 37 CFR 1.51 and in condition for examination on filing. For example, the application must be filed together with the basic filing fee, search fee, examination fee, and application size fee (if applicable), and an oath or declaration under 37 CFR 1.63.

5. The application must contain three (3) or fewer independent claims and twenty (20) or fewer total claims. The application may not contain any multiple dependent claims. The petition must include a statement that **applicant will agree not to separately argue the patentability of any dependent claim during any appeal** in the application. Specifically, the applicant is agreeing that the dependent claims will be grouped together with and not argued separately from the independent claim from which they depend in any appeal brief filed in the application (37 CFR 41.37(c)(1)(vii)).

6. The claims must be directed to a **single invention**. The petition must include a statement that applicant will agree to have a telephonic interview to make an election without traverse in a telephonic interview if the Office determines that all the claims are not directed to a single invention.

7. The petition must include a statement that **applicant will agree** to have an interview (including an interview before a first Office action) to discuss the prior art and any potential rejections or objections with the intention of clarifying and possibly resolving all issues with respect to patentability at that time.

8. At the time of filing, applicant must provide a statement that a **preexamination search was conducted,** including an identification of the field of search by United States class and subclass and the date of the search, where applicable, and, for database searches, the search logic or chemical structure or sequence used as a query, the name of the file or files searched and the database service, and the date of the search.
   a. This preexamination search must involve U.S. patents and patent application publications, foreign patent documents, and nonpatent literature, unless the applicant can justify with reasonable certainty that no references more pertinent than those already identified are likely to be found in the eliminated source and includes such a justification with this statement.
   b. This preexamination search must be directed to the claimed invention and encompass all of the features of the independent claims, giving the claims the broadest reasonable interpretation.
   c. The preexamination search must also encompass the disclosed features that may be claimed, in that an amendment to the claims (including any new claim) that is not encompassed by the preexamination search will be treated as non-responsive and will not be entered.
   d. A search report from a foreign patent office will not be accepted unless the search report satisfies the requirements set forth above.
   e. Any statement in support of a petition to make special must be based on a good faith belief that the preexamination search was conducted in compliance with these requirement. See 37 CFR 1.56 and 10.18.

9. At the time of filing, applicant must provide in support of the petition an **accelerated examination support document that includes:**
   a. An **information disclosure statement** in compliance with 37 CFR 1.98 citing each reference deemed most closely related to the
      subject matter of each of the claims;
   b. For each reference cited, **an identification of all the limitations of the claims** that are disclosed by the reference specifying where the limitation is disclosed in the cited reference;
   c. A **detailed explanation of how each of the claims are patentable** over the references cited with the particularity required by 37 CFR 1.111(b) and (c);
   d. A concise **statement of the utility** of the invention as defined in each of the independent claims (unless the application is a design application);
   e. An identification of any cited references that may be disqualified as prior art under 35 U.S.C. 103(c) as am ende d by the CREATE act; and
   f. A **showing of where each limitation of the claims finds support under the first paragraph of 35 U.S.C. 112** in the written description of the specification. If applicable, the showing must also identify: (1) each means- (or step-) plus-function claim element that invokes consideration under 35 U.S.C. 112, ¶6; and (2) the structure, material, or acts that correspond to any means- (or step-) plus-function claim element that invokes consideration under 35 U.S.C. 112, ¶6. If the application claims the benefit of one or more applications under title 35, United States Code, the showing must also include where each limitation of the claims finds support under the first paragraph of 35 U.S.C. 112 in each such application in which such support exists.
   *For more information, see notice "Changes to Practice for Petitions in Patent Applications to Make Special and for Accelerated Examination" available on the USPTO web site at http://www.uspto.gov/web/office s/pac/dapp/ogsheet.html*

APLNDC00024870

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.     The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Fr eedom of Information Act requires disclosure of these records.

2.     A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.     A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.     A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.     A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.     A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.     A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about indivi duals.

8.     A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.     A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

APLNDC00024871

Electronically filed December 14, 2007

<u>IN THE UNITED STATES PATENT AND TRADEMARK OFFICE</u>

| | | | |
|---|---|---|---|
| Application of: | Bas Ording | Confirmation No.: | To be assigned |
| Serial No.: | To be Assigned | Art Unit: | To be assigned |
| Filed: | December 14, 2007 | Examiner: | To be assigned |
| For: | *List Scrolling and Document Translation, Scaling, and Rotation on a Touch-Screen Display* | Attorney Docket No.: | P4304US1/63266-5054-US |

## **Pre-Examination Search Statement**

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir or Madam:

This pre-examination search statement is provided in support of the petition for accelerated examination filed herewith.

The Commissioner is hereby authorized to charge any required fee(s) to Morgan, Lewis & Bockius LLP Deposit Account No. 50-0310 (order no. 63266-5054-US). A copy of this sheet is enclosed for such purpose.

A pre-examination search was conducted involving U.S. patents and patent application publications, foreign patent documents and non-patent literature as indicated below. The results of the search are provided on an Information Disclosure Statement filed concurrently herewith.

<u>**Pre-examination Search**</u>

> <u>**US Field of Search:**</u>

> **Class(es)/Subclass(es) Searched:**

>> 345/173, 660, 684;
>> 715/784, 785, 863, 864;

APLNDC00024872

**Date Conducted:**   July 20, 2007
**IPC Field of Search:**

Class(es)/Subclass(es) Searched:

G06F3/033, G06F3/041;
G09G5/00;

**Date Conducted:**   July 20, 2007

**Database Searches:**

1) **Database Service:**   USPTO EAST

**Files Searched:**

US Patent Document Databases: US-PGPUB; USPAT; USOCR
Foreign Patent Document Databases: FPRS; EPO; JPO; DERWENT

**Search Logic:**

| Line | Hits | Search String | Sources |
|------|------|---------------|---------|
| S1 | 265348 | (touch$3 or touch-screen or (touch adj screen)) and (display$3 or console or screen$3 or monitor$3 or terminal) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S2 | 1089078 | (electronic or presentation or email or word or spreadsheet or (web adj page) or (digital adj image)) and (mov$3 or movement) and (edge or end or terminus or boundar$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S3 | 92684 | S1 and S2 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S4 | 8669 | S3 and (device and portable and (object or finger or pen) and direction and speed$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S5 | 2582 | S3 and ((device near (portable or hand-held)) and (object or finger or pen) and direction and speed$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S6 | 2139 | S3 and (device near (portable or hand-held)) and (object or finger or pen) and direction and speed$3) and detect$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| **S7** | **232** | **S2 and ((touch$3 or touch-screen or (touch adj screen)) same (display$3 or console or screen$3 or monitor$3 or terminal) same (device near (portable or hand-held))) and (object or finger or pen) and direction and speed$3 and detect$3** | **US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT** |
| S8 | 412 | "L1" and scroll$3 and (list or content or (instant adj messag$3) or (phone adj number) or contact or label or folder or email or ringtone or name or bookmark) and (beyond or over) and (terminus or edge) and | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |

APLNDC00024873

| | | detect$3 and direct$3 | |
|---|---|---|---|
| S9 | 265738 | (touch$3 or touch-screen or (touch adj screen)) and (display$3 or console or screen$3 or monitor$3 or terminal) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S10 | 3487 | S9 and scroll$3 and (list or content or (instant adj messag$3) or (phone adj number) or contact or label or folder or email or ringtone or name or bookmark) and (beyond or over) and (terminus or edge) and detect$3 and direct$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S11 | 3487 | S9 and scroll$3 and (list or content or (instant adj messag$3) or (phone adj number) or contact or label or folder or email or ringtone or name or bookmark) and (beyond or over) and (terminus or edge) and detect$3 and direct$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S12 | 2028 | (touch$3 or touch-screen or (touch adj screen) or touchscreen) and (display$3 or console or screen$3 or monitor$3 or terminal) and scroll$3 and (list or content or (instant adj messag$3) or (phone adj number) or contact or label or folder or email or ringtone or name or bookmark) and (beyond or over) and (terminus or edge) and detect$3 and direct$3 and motion | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S13 | 1752 | (touch$3 or touch-screen or (touch adj screen) or touchscreen) same (display$3 or console or screen$3 or monitor$3 or terminal) and scroll$3 and (list or content or (instant adj messag$3) or (phone adj number) or contact or label or folder or email or ringtone or name or bookmark) and (beyond or over) and (terminus or edge) and detect$3 and direct$3 and motion | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S14 | 586 | (touch$3 or touch-screen or (touch adj screen) or touchscreen) same (display$3 or console or screen$3 or monitor$3 or terminal) and scroll$3 and (list or content or (instant adj messag$3) or (phone adj number) or contact or label or folder or email or ringtone or name or bookmark) and (beyond or over) and (terminus or edge) and detect$3 and direct$3 and motion and ((portable or handheld or hand-held or (hand adj held)) near device) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |
| S15 | 391 | (touch$3 or touch-screen or (touch adj screen) or touchscreen) near (display$3 or console or screen$3 or monitor$3 or terminal) and scroll$3 and (list or content or (instant adj messag$3) or (phone adj number) or contact or label or folder or email or ringtone or name or bookmark) and (beyond or over) and (terminus or edge) and detect$3 and direct$3 and motion and ((portable or handheld or hand-held or (hand | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT |

APLNDC00024874