EXHIBIT 5.04

**WRITTEN OPINION OF THE**
**INTERNATIONAL SEARCHING AUTHORITY**

International application No.
PCT/US2008/000060

| Box No. V | Reasoned statement under Rule 43*bis*.1(a)(i) with regard to novelty, inventive step or industrial applicability; citations and explanations supporting such statement |

1. Statement

| | | | |
|---|---|---|---|
| Novelty (N) | Yes: | Claims | 3, 16,19,23-25,30-32,39-40,44-46,49,51,53-55,60,66,79,85 |
| | No: | Claims | 1- 2,4- 15,17- 18,20- 22,26- 29,33, 35-38, 41-43,47-48,50,52-54,56-59,61-65,67-68,70-84,86-96 |
| Inventive step (IS) | Yes: | Claims | |
| | No: | Claims | 1-33,35-96 |
| Industrial applicability (IA) | Yes: | Claims | 1-33,35-96 |
| | No: | Claims | |

2. Citations and explanations

**see separate sheet**

APLNDC00027305

**WRITTEN OPINION OF THE**
**INTERNATIONAL SEARCHING**
**AUTHORITY (SEPARATE SHEET)**

International application No.

PCT/US2008/000060

**Re Item V.**

1    Reference is made to the following document:
     D1 :  US 6 958 749 B1 (MATSUSHITA NOBUYUKI [JP] ET AL) 25 October 2005
     (2005-10-25)

2    INDEPENDENT CLAIMS 1, 7, 13, 14, 17, 20, 71, 74, 77, 78, 80, 82

2.1  The present application does not meet the criteria of Article 33(1) PCT, because the
     subject-matter of claim 1 is not new in the sense of Article 33(2) PCT.
     Document D1 discloses (the references in parentheses applying to this document):

          - in an environment with a device having a display with multiple views and user
          interface software interacts with a software application (column 3, lines 7 to 22,
          figure 1), a method for operating through an application programming interface,
          comprising:
               - transferring a handle gesture event call (column 2, lines 48 to 56, figures
               1 and 2); and
               - transferring a gesture change call in response to the handle gesture
               event call (column 2, lines 56 to 58, figures 1 and 2).

     D1 therefore discloses all features of claim 1, the subject-matter of which is therefore
     not new (Article 33(2) PCT).

     The same reasoning applies, mutatis mutandis, to independent claims 7, 13, 14, 17,
     20, 71, 74, 77, 78, 80 and 82, the subject matter of which is therefore also not new
     (Article 33(2) PCT).

3    INDEPENDENT CLAIMS 21, 28, 36, 37, 42, 47, 48, 50, 52, 87, 91, 95

3.1  The present application does not meet the criteria of Article 33(1) PCT, because the
     subject-matter of claim 21 is not new in the sense of Article 33(2) PCT.
     Document D1 discloses (the references in parentheses applying to this document):

Form PCT/ISA/237 (Separate Sheet) (Sheet 1) (EPO-April 2005)

APLNDC00027306

- in an environment with a device having a display with multiple views and user interface software interacts with a software application (column 3, lines 7 to 22, figure 1), a method for operating through an application programming interface, comprising:

　　- transferring a scaling transform call to determine a scaling transform for a view associated with a user input having a plurality of input points (column 5, lines 46 to 51, figures 8 and 9).

D1 therefore discloses all features of claim 21, the subject-matter of which is therefore not new (Article 33(2) PCT).

The same reasoning applies, mutatis mutandis, to independent claims 28, 36, 37, 42, 47, 48, 50, 52, 87, 91 and 95, the subject matter of which is therefore also not new (Article 33(2) PCT).

4　　INDEPENDENT CLAIMS 53, 58, 63, 64, 67, 70, 89

4.1　The present application does not meet the criteria of Article 33(1) PCT, because the subject-matter of claim 53 is not new in the sense of Article 33(2) PCT.
Document D1 discloses (the references in parentheses applying to this document):

- in an environment with a device having a display with multiple views and user interface software interacts with a software application (column 3, lines 7 to 22, figure 1), a method for operating through an application programming interface, comprising:

　　- transferring a rotation transform call to determine a rotation transform for a view associated with a user input having a plurality of input points (column 4, lines 52 to 56, figures 5 and 6).

D1 therefore discloses all features of claim 53, the subject-matter of which is therefore not new (Article 33(2) PCT).

The same reasoning applies, mutatis mutandis, to independent claims 58, 63, 64, 67, 70 and 89, the subject matter of which is therefore also not new (Article 33(2) PCT).

APLNDC00027307

**WRITTEN OPINION OF THE**
**INTERNATIONAL SEARCHING**
**AUTHORITY (SEPARATE SHEET)**

International application No.

PCT/US2008/000060

5    INDEPENDENT CLAIMS 83

5.1   The present application does not meet the criteria of Article 33(1) PCT, because the subject-matter of claim 83 is not new in the sense of Article 33(2) PCT.
Document D1 discloses (the references in parentheses applying to this document):

> - a device comprising (column 3, lines 7 to 12, figure 1; column 3, lines 28 to 34, figure 2):
>> - an input panel which is configured to receive user input in the form of two or more input points;
>> - a display device integrated with the input panel;
>> - a central processing unit coupled to the input panel;
>> - a memory coupled to the processor;
>> - one or more programs, wherein the one or more programs are stored in the memory and configured to be executed by the one or more processors, the programs including (column 3, lines 23 to 27, figure 2):
>>> - instructions for detecting a movement of an user input on or near the input panel;
>>> - instructions for handling a gesture event associated with a view in response to detecting the user input.

D1 therefore discloses all features of claim 83, the subject-matter of which is therefore not new (Article 33(2) PCT).

6    DEPENDENT CLAIMS 2-6, 8-12, 15, 16, 18-19, 22-27, 29-34, 35, 38-41, 43-46, 49, 51, 55-57, 59-62, 65-66, 68, 69, 72, 73, 75, 76, 79, 81, 84-86, 88, 90, 92-94, 96

6.1   Dependent claims 2-6, 8-12, 15, 16, 18-19, 22-27, 29-34, 35, 38-41, 43-46, 49, 51, 55-57, 59-62, 65-66, 68, 69, 72, 73, 75, 76, 79, 81, 84-86, 88, 90, 92-94 and 96 do not contain any features which, in combination with the features of any claim to which they refer, meet the requirements of the PCT in respect of novelty and/or inventive step, see documents and passages cited in the search report.

APLNDC00027308

Possible steps after receipt of the international search report (ISR) and written opinion of the International Searching Authority (WO-ISA)

| | |
|---|---|
| General information | For all international applications filed on or after 01/01/2004 the competent ISA will establish an ISR. It is accompanied by the WO-ISA. Unlike the former written opinion of the IPEA (Rule 66.2 PCT), the WO-ISA is not meant to be responded to, but to be taken into consideration for further procedural steps. This document explains about the possibilities. |
| Amending claims under Art. 19 PCT | Within 2 months after the date of mailing of the ISR and the WO-ISA the applicant may file amended claims under Art. 19 PCT directly with the International Bureau of WIPO. The PCT reform of 2004 did not change this procedure. For further information please see Rule 46 PCT as well as form PCT/ISA/220 and the corresponding Notes to form PCT/ISA/220. |
| Filing a demand for international preliminary examination | In principle, the WO-ISA will be considered as the written opinion of the IPEA. This should, in many cases, make it unnecessary to file a demand for international preliminary examination. If the applicant nevertheless wishes to file a demand this must be done before expiry of 3 months after the date of mailing of the ISR/WO-ISA or 22 months after priority date, whichever expires later (Rule 54bis PCT). Amendments under Art. 34 PCT can be filed with the IPEA as before, normally at the same time as filing the demand (Rule 66.1 (b) PCT).

If a demand for international preliminary examination is filed and no comments/amendments have been received the WO-ISA will be transformed by the IPEA into an IPRP (International Preliminary Report on Patentability) which would merely reflect the content of the WO-ISA. The demand can still be withdrawn (Art. 37 PCT). |
| Filing informal comments | After receipt of the ISR/WO-ISA the applicant may file informal comments on the WO-ISA directly with the International Bureau of WIPO. These will be communicated to the designated Offices together with the IPRP (International Preliminary Report on Patentability) at 30 months from the priority date. Please also refer to the next box. |
| End of the international phase | At the end of the international phase the International Bureau of WIPO will transform the WO-ISA or, if a demand was filed, the written opinion of the IPEA into the IPRP, which will then be transmitted together with possible informal comments to the designated Offices. The IPRP replaces the former IPER (international preliminary examination report). |
| Relevant PCT Rules and more information | Rule 43 PCT, Rule 43bis PCT, Rule 44 PCT, Rule 44bis PCT, PCT Newsletter 12/2003, OJ 11/2003, OJ 12/2003 |

BNSDOCID: <XS_____ 20070401 OCK 1 >



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/620,723 | 01/07/2007 | Andrew Platzer | 04860.P5054 | 9807 |

45217        7590        04/01/2009

APPLE INC./BSTZ
BLAKELY SOKOLOFF TAYLOR & ZAFMAN LLP
1279 OAKMEAD PARKWAY
SUNNYVALE, CA 94085-4040

| EXAMINER |
|---|
| NGUYEN, PHU K |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2628 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/01/2009 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

APLNDC00027310

| | Application No. | Applicant(s) | |
|---|---|---|---|
| **Office Action Summary** | 11/620,723 | PLATZER ET AL. | |
| | **Examiner** | **Art Unit** | |
| | Phu K. Nguyen | 2628 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a).  In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment.  See 37 CFR 1.704(b).

## Status

1)☒ Responsive to communication(s) filed on <u>07 January 2007</u>.
2a)☐ This action is **FINAL**.  2b)☒ This action is non-final.
3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4)☒ Claim(s) <u>1-25</u> is/are pending in the application.
    4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5)☐ Claim(s) _____ is/are allowed.
6)☒ Claim(s) <u>1-25</u> is/are rejected.
7)☐ Claim(s) _____ is/are objected to.
8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9)☐ The specification is objected to by the Examiner.
10)☐ The drawing(s) filed on _____ is/are:  a)☐ accepted or b)☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance.  See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a)☐ All   b)☐ Some * c)☐ None of:
      1.☐ Certified copies of the priority documents have been received.
      2.☐ Certified copies of the priority documents have been received in Application No. _____.
      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**
1)☒ Notice of References Cited (PTO-892)
2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3)☐ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date _____.
4)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____ .
5)☐ Notice of Informal Patent Application
6)☐ Other: _____.

APLNDC00027311

Application/Control Number: 11/620,723                                    Page 2
Art Unit: 2628

35 U.S.C. 101 reads as follows:

Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

Claims 9-13, 17, and 21 are rejected under 35 U.S.C. 101 because the claimed invention is directed to non-statutory subject matter. According to Applicant's Specification ([0056]), the claimed "readable medium" can be communication network or wave carriers containing signals which are non-statutory under 35 USC 101.

Claims 14, 18 and 23 are rejected under 35 U.S.C. 101 because the claimed invention is directed to non-statutory subject matter.

Claim 14 claims "an apparatus," but the components are "means for starting animations; means for determining the progress of each animation; and means for updating the animations" which is software-implemented component; therefore, the claimed "apparatus" as a whole is directed to a software embodiment or a program module which is non-statutory.

Claim 18, or claim 23, claims "an apparatus," but the only component is "means for animating a plurality of animations with a single animation timer provided by a user interface animator" which is software-implemented component; therefore, the claimed "apparatus" as a whole is directed to a software embodiment or a program module which is non-statutory.

APLNDC00027312

Application/Control Number: 11/620,723                                    Page 3
Art Unit: 2628

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(e) the invention was described in (1) an application for patent, published under section 122(b), by
another filed in the United States before the invention by the applicant for patent or (2) a patent
granted on an application for patent by another filed in the United States before the invention by the
applicant for patent, except that an international application filed under the treaty defined in section
351(a) shall have the effects for purposes of this subsection of an application filed in the United States
only if the international application designated the United States and was published under Article 21(2)
of such treaty in the English language.

Claims 1-4, 8-15, 17-19, 21-25 are rejected under 35 U.S.C. 102(e) as being

anticipated by CALKINS et al. (7,173,623).

As per claim 1, Calkins teaches the claimed "machine implemented method for

animating views displayed on a display of a device" (Calkins, column 6, lines 49-60),

comprising: "starting at least two animations" (Calkins, column 7, lines 16-32);

"determining the progress of each animation" (Calkins, column 9, lines 2-8, 18-26); and

"updating each of the at least two animations based on a single timer" (Calkins, the

parent timeline; column 12, lines 43-45; column 13, lines 10-11; column 7, lines 46 to

column 8, line 43).

Claim 2 adds into claim 1 "the single timer comprises a timer based on a redraw

interval of hardware associated with the display" (Calkins, column 15, lines 16-27).

Claim 3 adds into claim 1 "determining the progress of each animation comprises

calculating the current progress of the animation if progress has occurred" (Calkins, column 15, lines 36-42).

Claim 4 adds into claim 1 "determining whether each animation is associated with a delegate; and notifying each delegate" (Calkins, column 13, lines 18-34).

Claim 8 adds into claim 1 "the device is one of: a data processing device, a portable device, a portable data processing device, a multi touch device, a multi touch portable device, a wireless device, and a cell phone" (Calkins, column 6, lines 2-18).

Claims 9-13, and similar claims 17 and 22, claim a computer readable medium which performs the claimed method of claims 1-4, 8; therefore, they are rejected under the same reason.

Claims 14, 18, and 23-25 claim an apparatus/device which performs the steps of the claimed method in claims 1-4, 8; therefore they are rejected under the same reason.

Due to the similarity of claims 15, 19, 21 to claims 1-4, and 8, they are rejected under the same reason.

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

APLNDC00027314

(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Claims 5-7, 16, and 20 are rejected under 35 U.S.C. 103(a) as being unpatentable over CALKINS et al. (7,173,623).

Claim 16 adds into claim 15 "the animations comprise transform, frame, and opacity animations" which Calkins does not teach.  However, the transform, frame, and opacity animations are widely used in the art, and Applicant does not provide any specific reason of improvements using these animations; therefore, any of "the animations comprise transform, frame, and opacity animations" is commonly known as mere design choice of display.

Due to the similarity of claims 5-7, and 20 to claim 16, they are rejecte under the same reason.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Phu K. Nguyen whose telephone number is (571) 272 7645.  The examiner can normally be reached on M-F 8:00-4:30.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Kee Tung can be reached on (571) 272 7794.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

APLNDC00027315

Application/Control Number: 11/620,723                                    Page 6
Art Unit: 2628

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/Phu  K. Nguyen/
Primary Examiner, Art Unit 2628

| | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| **Notice of References Cited** | 11/620,723 | PLATZER ET AL. |
| | Examiner | Art Unit | |
| | Phu K. Nguyen | 2628 | Page 1 of 1 |

## U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-7,173,623 | 02-2007 | Calkins et al. | 345/473 |
| | B | US- | | | |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

## FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

## NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 20090329

APLNDC00027317

PATENT COOPERATION TREATY

From the INTERNATIONAL SEARCHING AUTHORITY

# PCT

To:

BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP
Attn. Schaller, Jr James C.
1279 Oakmead Parkway
Sunnyvale, California 94085-4040
ETATS-UNIS D'AMERIQUE

NOTIFICATION OF TRANSMITTAL OF
THE INTERNATIONAL SEARCH REPORT AND
THE WRITTEN OPINION OF THE INTERNATIONAL
SEARCHING AUTHORITY, OR THE DECLARATION

(PCT Rule 44.1)

| Date of mailing *(day/month/year)* | 03/06/2008 |
|---|---|

| Applicant's or agent's file reference | | |
|---|---|---|
| 4860P5054PCT | FOR FURTHER ACTION | See paragraphs 1 and 4 below |
| International application No. | RECEIVED | International filing date *(day/month/year)* 04/01/2008 |
| PCT/US2008/000103 | JUN 06 2008 | |
| Applicant | | |
| APPLE INC. | BLAKELY SOKOLOFF TAYLOR & ZAFMAN | |

1. [x]  The applicant is hereby notified that the international search report and the written opinion of the International Searching Authority have been established and are transmitted herewith.

   **Filing of amendments and statement under Article 19:**
   The applicant is entitled, if he so wishes, to amend the claims of the International Application (see Rule 46):
   
   **When?**  The time limit for filing such amendments is normally two months from the date of transmittal of the International Search Report.
   
   **Where?**  Directly to the International Bureau of WIPO, 34 chemin des Colombettes
   1211 Geneva 20, Switzerland, Facsimile No.: (41–22) 338.82.70
   For more detailed instructions, see the notes on the accompanying sheet.

2. [ ]  The applicant is hereby notified that no international search report will be established and that the declaration under Article 17(2)(a) to that effect and the written opinion of the International Searching Authority are transmitted herewith.

3. [ ]  **With regard to the protest** against payment of (an) additional fee(s) under Rule 40.2, the applicant is notified that:

   [ ]  the protest together with the decision thereon has been transmitted to the International Bureau together with the applicant's request to forward the texts of both the protest and the decision thereon to the designated Offices.

   [ ]  no decision has been made yet on the protest; the applicant will be notified as soon as a decision is made.

4.  **Reminders**

Shortly after the expiration of **18 months** from the priority date, the international application will be published by the International Bureau. If the applicant wishes to avoid or postpone publication, a notice of withdrawal of the international application, or of the priority claim, must reach the International Bureau as provided in Rules 90bis.1 and 90bis.3, respectively, before the completion of the technical preparations for international publication.

The applicant may submit comments on an informal basis on the written opinion of the International Searching Authority to the International Bureau. The International Bureau will send a copy of such comments to all designated Offices unless an international preliminary examination report has been or is to be established. These comments would also be made available to the public but not before the expiration of 30 months from the priority date.

Within **19 months** from the priority date, but only in respect of some designated Offices, a demand for international preliminary examination must be filed if the applicant wishes to postpone the entry into the national phase until **30 months** from the priority date (in some Offices even later); otherwise, the applicant must, **within 20 months** from the priority date, perform the prescribed acts for entry into the national phase before those designated Offices.

In respect of other designated Offices, the time limit of **30 months** (or later) will apply even if no demand is filed within 19 months.

See the Annex to Form PCT/IB/301 and, for details about the applicable time limits, Office by Office, see the *PCT Applicant's Guide*, Volume II, National Chapters and the WIPO Internet site.

| Name and mailing address of the International Searching Authority | Authorized officer |
|---|---|
| European Patent Office, P.B. 5818 Patentlaan 2 NL–2280 HV Rijswijk Tel. (+31–70) 340–2040, Tx. 31 651 epo nl. Fax: (+31–70) 340–3016 | Karine Lambert  Date in to av PF: 6.6.08 Docketed by: /hel Reviewed by: |

Form PCT/ISA/220 (October 2005)

APLNDC00027318

### NOTES TO FORM PCT/ISA/220

These Notes are intended to give the basic instructions concerning the filing of amendments under Article 19. The Notes are based on the requirements of the Patent Cooperation Treaty, the Regulations and the Administrative Instructions under that Treaty. In case of discrepancy between these Notes and those requirements, the latter are applicable. For more detailed information, see also the *PCT Applicant's Guide*, a publication of WIPO.

In these Notes, "Article", "Rule", and "Section" refer to the provisions of the PCT, the PCT Regulations and the PCT Administrative Instructions, respectively.

## INSTRUCTIONS CONCERNING AMENDMENTS UNDER ARTICLE 19

The applicant has, after having received the international search report and the written opinion of the International Searching Authority, one opportunity to amend the claims of the international application. It should however be emphasized that, since all parts of the international application (claims, description and drawings) may be amended during the international preliminary examination procedure, there is usually no need to file amendments of the claims under Article 19 except where, e.g. the applicant wants the latter to be published for the purposes of provisional protection or has another reason for amending the claims before international publication. Furthermore, it should be emphasized that provisional protection is available in some States only (see *PCT Applicant's Guide*, Volume I/A, Annexes B1 and B2).

The attention of the applicant is drawn to the fact that amendments to the claims under Article 19 are not allowed where the International Searching Authority has declared, under Article 17(2), that no international search report would be established (see *PCT Applicant's Guide*, Volume I/A, paragraph 296).

**What parts of the international application may be amended?**

Under Article 19, only the claims may be amended.

During the international phase, the claims may also be amended (or further amended) under Article 34 before the International Preliminary Examining Authority. The description and drawings may only be amended under Article 34 before the International Examining Authority.

Upon entry into the national phase, all parts of the international application may be amended under Article 28 or, where applicable, Article 41.

**When?**

Within 2 months from the date of transmittal of the international search report or 16 months from the priority date, whichever time limit expires later. It should be noted, however, that the amendments will be considered as having been received on time if they are received by the International Bureau after the expiration of the applicable time limit but before the completion of the technical preparations for international publication (Rule 46.1).

**Where not to file the amendments?**

The amendments may only be filed with the International Bureau and not with the receiving Office or the International Searching Authority (Rule 46.2).

Where a demand for international preliminary examination has been/is filed, see below.

**How?**

Either by cancelling one or more entire claims, by adding one or more new claims or by amending the text of one or more of the claims as filed.

A replacement sheet must be submitted for each sheet of the claims which, on account of an amendment or amendments, differs from the sheet originally filed.

All the claims appearing on a replacement sheet must be numbered in Arabic numerals. Where a claim is cancelled, no renumbering of the other claims is required. In all cases where claims are renumbered, they must be renumbered consecutively (Section 205(b)).

**The amendments must be made in the language in which the international application is to be published.**

**What documents must/may accompany the amendments?**

Letter (Section 205(b)):

The amendments must be submitted with a letter.

The letter will not be published with the international application and the amended claims. It should not be confused with the "Statement under Article 19(1)" (see below, under "Statement under Article 19(1)").

**The letter must be in English or French, at the choice of the applicant. However, if the language of the international application is English, the letter must be in English; if the language of the international application is French, the letter must be in French.**

APLNDC00027319

PATENT COOPERATION TREATY

# PCT

## INTERNATIONAL SEARCH REPORT

(PCT Article 18 and Rules 43 and 44)

| Applicant's or agent's file reference | **FOR FURTHER ACTION** | see Form PCT/ISA/220 as well as, where applicable, item 5 below. |
|---|---|---|
| 4860P5054PCT | | |
| International application No. | International filing date *(day/month/year)* | (Earliest) Priority Date *(day/month/year)* |
| PCT/US2008/000103 | 04/01/2008 | 07/01/2007 |

Applicant

APPLE INC.

---

This international search report has been prepared by this International Searching Authority and is transmitted to the applicant according to Article 18. A copy is being transmitted to the International Bureau.

This international search report consists of a total of _____4_____ sheets.

[X]  It is also accompanied by a copy of each prior art document cited in this report.

---

1. **Basis of the report**

   a. With regard to the **language**, the international search was carried out on the basis of:

   [X]  the international application in the language in which it was filed

   [ ]  a translation of the international application into _____, which is the language of a translation furnished for the purposes of international search (Rules 12.3(a) and 23.1(b))

   b. [ ]  This international search report has been established taking into account the **rectification of an obvious mistake** authorized by or notified to this Authority under Rule 91 (Rule 43.6bis(a)).

   c. [ ]  With regard to any **nucleotide and/or amino acid sequence** disclosed in the international application, see Box No. I.

2. [ ]  **Certain claims were found unsearchable** (See Box No. II)

3. [ ]  **Unity of invention is lacking** (see Box No III)

4. With regard to the **title**,

   [X]  the text is approved as submitted by the applicant

   [ ]  the text has been established by this Authority to read as follows:

5. With regard to the **abstract**,

   [X]  the text is approved as submitted by the applicant

   [ ]  the text has been established, according to Rule 38.2(b), by this Authority as it appears in Box No. IV. The applicant may, within one month from the date of mailing of this international search report, submit comments to this Authority

6. With regard to the **drawings**,

   a. the figure of the **drawings** to be published with the abstract is Figure No. _____

   [ ]  as suggested by the applicant

   [ ]  as selected by this Authority, because the applicant failed to suggest a figure

   [ ]  as selected by this Authority, because this figure better characterizes the invention

   b. [X]  none of the figures is to be published with the abstract

Form PCT/ISA/210 (first sheet) (April 2007)

APLNDC00027320

PCT/US2008/000103

**A. CLASSIFICATION OF SUBJECT MATTER**
INV. G06F9/44

According to International Patent Classification (IPC) or to both national classification and IPC

**B. FIELDS SEARCHED**

Minimum documentation searched (classification system followed by classification symbols)
G06F

Documentation searched other than minimum documentation to the extent that such documents are included in the fields searched

Electronic data base consulted during the international search (name of data base and, where practical, search terms used)

EPO-Internal, INSPEC

**C. DOCUMENTS CONSIDERED TO BE RELEVANT**

| Category* | Citation of document, with indication, where appropriate, of the relevant passages | Relevant to claim No. |
|---|---|---|
| X | US 2003/132959 A1 (SIMISTER J BRET [US] ET AL) 17 July 2003 (2003-07-17) page 1, paragraph 6 page 1, paragraph 11 - page 2, paragraph 16 page 2, paragraph 39 - page 3, paragraph 40 page 3, paragraphs 44,46,47,49 page 4, paragraphs 56,57,59,60 page 5, paragraph 72-75 page 6, paragraph 82-85 | 1,3-9, 11-18,24 |
| Y | page 7, paragraph 96 - page 8, paragraph 103 ----- | 2,10, 19-23,25 |

-/--

| X | Further documents are listed in the continuation of Box C. | | X | See patent family annex. |

* Special categories of cited documents :

"A" document defining the general state of the art which is not considered to be of particular relevance
"E" earlier document but published on or after the international filing date
"L" document which may throw doubts on priority claim(s) or which is cited to establish the publication date of another citation or other special reason (as specified)
"O" document referring to an oral disclosure, use, exhibition or other means
"P" document published prior to the international filing date but later than the priority date claimed

"T" later document published after the international filing date or priority date and not in conflict with the application but cited to understand the principle or theory underlying the invention
"X" document of particular relevance; the claimed invention cannot be considered novel or cannot be considered to involve an inventive step when the document is taken alone
"Y" document of particular relevance; the claimed invention cannot be considered to involve an inventive step when the document is combined with one or more other such documents, such combination being obvious to a person skilled in the art.
"&" document member of the same patent family

| Date of the actual completion of the international search | Date of mailing of the international search report |
|---|---|
| 28 May 2008 | 03/06/2008 |

| Name and mailing address of the ISA/ | Authorized officer |
|---|---|
| European Patent Office, P.B. 5818 Patentlaan 2 NL - 2280 HV Rijswijk Tel. (+31-70) 340-2040, Tx. 31 651 epo nl Fax: (+31-70) 340-3016 | Del Chiaro, Silvia |

Form PCT/ISA/210 (second sheet) (April 2005)

APLNDC00027321

PCT/US2008/000103

| C(Continuation). | DOCUMENTS CONSIDERED TO BE RELEVANT | |
|---|---|---|
| Category* | Citation of document, with indication, where appropriate, of the relevant passages | Relevant to claim No |
| Y | WO 2006/067711 A (KONINKL PHILIPS ELECTRONICS NV [NL]; HOLTMAN KOEN J G [NL]) 29 June 2006 (2006-06-29) page 4, line 4 - line 16 page 4, line 31 - page 5, line 25 page 5, line 29 - page 6, line 3 page 7, line 18 - page 8, line 10 page 11, line 5 - page 13, line 18 ----- | 2,10, 19-23,25 |
| A | US 2006/190833 A1 (SANGIOVANNI JOHN [US] ET AL) 24 August 2006 (2006-08-24) page 4, paragraph 49 - page 5, paragraph 58 ----- | 1-25 |

3

Form PCT/ISA/210 (continuation of second sheet) (April 2005)

APLNDC00027322

Information on patent family members

PCT/US2008/000103

| Patent document cited in search report | | Publication date | Patent family member(s) | | Publication date |
|---|---|---|---|---|---|
| US 2003132959 | A1 | 17-07-2003 | WO | 03063004 A1 | 31-07-2003 |
| | | | US | 2006026526 A1 | 02-02-2006 |
| WO 2006067711 | A | 29-06-2006 | NONE | | |
| US 2006190833 | A1 | 24-08-2006 | NONE | | |

Form PCT ISA/210 (patent family annex) (April 2005)

APLNDC00027323

From the
INTERNATIONAL SEARCHING AUTHORITY

To:

# PCT

see form PCT/ISA/220

## WRITTEN OPINION OF THE
## INTERNATIONAL SEARCHING AUTHORITY

(PCT Rule 43*bis*.1)

Date of mailing
*(day/month/year)*  see form PCT/ISA/210 (second sheet)

Applicant's or agent's file reference
see form PCT/ISA/220

**FOR FURTHER ACTION**
See paragraph 2 below

| International application No. | International filing date *(day/month/year)* | Priority date *(day/month/year)* |
|---|---|---|
| PCT/US2008/000103 | 04.01.2008 | 07.01.2007 |

International Patent Classification (IPC) or both national classification and IPC
INV. G06F9/44

Applicant
APPLE INC.

1. This opinion contains indications relating to the following items:

☒ Box No. I     Basis of the opinion

☒ Box No. II    Priority

☐ Box No. III   Non-establishment of opinion with regard to novelty, inventive step and industrial applicability

☐ Box No. IV    Lack of unity of invention

☒ Box No. V     Reasoned statement under Rule 43*bis*.1(a)(i) with regard to novelty, inventive step or industrial applicability; citations and explanations supporting such statement

☐ Box No. VI    Certain documents cited

☒ Box No. VII   Certain defects in the international application

☒ Box No. VIII  Certain observations on the international application

2. **FURTHER ACTION**

If a demand for international preliminary examination is made, this opinion will usually be considered to be a written opinion of the International Preliminary Examining Authority ("IPEA") except that this does not apply where the applicant chooses an Authority other than this one to be the IPEA and the chosen IPEA has notified the International Bureau under Rule 66.1*bis*(b) that written opinions of this International Searching Authority will not be so considered.

If this opinion is, as provided above, considered to be a written opinion of the IPEA, the applicant is invited to submit to the IPEA a written reply together, where appropriate, with amendments, before the expiration of 3 months from the date of mailing of Form PCT/ISA/220 or before the expiration of 22 months from the priority date, whichever expires later.

For further options, see Form PCT/ISA/220.

3. For further details, see notes to Form PCT/ISA/220.

| Name and mailing address of the ISA | Date of completion of this opinion | Authorized Officer |
|---|---|---|
| European Patent Office D-80298 Munich Tel. +49 89 2399 - 0 Tx: 523656 epmu d Fax: +49 89 2399 - 4465 | see form PCT/ISA/210 | Del Chiaro, Silvia Telephone No. +49 89 2399-7390 |



APLNDC00027324

**WRITTEN OPINION OF THE**
**INTERNATIONAL SEARCHING AUTHORITY**

International application No.
PCT/US2008/000103

---

| Box No. I   Basis of the opinion |
| --- |

1. With regard to the **language**, this opinion has been established on the basis of:

   ☒   the international application in the language in which it was filed

   ☐   a translation of the international application into , which is the language of a translation furnished for the
   purposes of international search (Rules 12.3(a) and 23.1 (b)).

2. ☐   This opinion has been established taking into account the **rectification of an obvious mistake** authorized
   by or notified to this Authority under Rule 91 (Rule 43bis.1(a))

3. With regard to any **nucleotide and/or amino acid sequence** disclosed in the international application and
   necessary to the claimed invention, this opinion has been established on the basis of:

   a. type of material:

   ☐   a sequence listing

   ☐   table(s) related to the sequence listing

   b. format of material:

   ☐   on paper

   ☐   in electronic form

   c. time of filing/furnishing:

   ☐   contained in the international application as filed.

   ☐   filed together with the international application in electronic form.

   ☐   furnished subsequently to this Authority for the purposes of search.

4. ☐   In addition, in the case that more than one version or copy of a sequence listing and/or table relating thereto
   has been filed or furnished, the required statements that the information in the subsequent or additional
   copies is identical to that in the application as filed or does not go beyond the application as filed, as
   appropriate, were furnished.

5. Additional comments:

---

| Box No. II   Priority |
| --- |

1. ☒   The validity of the priority claim has not been considered because the International Searching Authority
   does not have in its possession a copy of the earlier application whose priority has been claimed or, where
   required, a translation of that earlier application. This opinion has nevertheless been established on the
   assumption that the relevant date (Rules 43bis.1 and 64.1) is the claimed priority date.

2. ☐   This opinion has been established as if no priority had been claimed due to the fact that the priority claim
   has been found invalid (Rules 43bis.1 and 64.1). Thus for the purposes of this opinion, the international
   filing date indicated above is considered to be the relevant date.

3. Additional observations, if necessary:

**WRITTEN OPINION OF THE**
**INTERNATIONAL SEARCHING AUTHORITY**

International application No.
PCT/US2008/000103

---

**Box No. V    Reasoned statement under Rule 43***bis***.1(a)(i) with regard to novelty, inventive step or industrial applicability; citations and explanations supporting such statement**

1. Statement

| | | | |
|---|---|---|---|
| Novelty (N) | Yes: | Claims | 2,10,19-23,25 |
| | No: | Claims | 1,3-9,11-18,24 |
| Inventive step (IS) | Yes: | Claims | |
| | No: | Claims | 2,10,19-23,25 |
| Industrial applicability (IA) | Yes: | Claims | 1-25 |
| | No: | Claims | |

2. Citations and explanations

**see separate sheet**

---

**Box No. VII    Certain defects in the international application**

The following defects in the form or contents of the international application have been noted:

**see separate sheet**

---

**Box No. VIII    Certain observations on the international application**

The following observations on the clarity of the claims, description, and drawings or on the question whether the claims are fully supported by the description, are made:

**see separate sheet**

APLNDC00027326



WRITTEN OPINION OF THE
INTERNATIONAL SEARCHING
AUTHORITY (SEPARATE SHEET)

International application No.

PCT/US2008/000103

## Re Item V

Reasoned statement with regard to novelty, inventive step or industrial applicability;
citations and explanations supporting such statement

### 1    Documents

1.1   Reference is made to the following documents:
D1:   US 2003/132959 A1 (SIMISTER J BRET [US] ET AL) 17 July 2003
D2:   WO 2006/067711 A (KONINKL PHILIPS ELECTRONICS NV [NL]; HOLTMAN
KOEN J G [NL]) 29 June 2006
D3:   US 2006/190833 A1 (SANGIOVANNI JOHN [US] ET AL) 24 August 2006

### 2    Conciseness

2.1   It appears that method claims 1, 15 and 19 each have technical features for which
the other method claims have no equivalent:
- claim 1: determining the progress of the two animations started.
- claim 15: a single timer provided by a user interface animator.
- claim 19: a timer provided by a timing signal associated with a redraw interval of a
graphic unit.

2.2   However, it is clear from the PCT that the invention for which protection is sought
must be clearly defined in the claims (Article 6) and that such a definition is
accomplished by specifying all essential technical features in each independent claim
(Rule 6.3 PCT). It follows that when, as in this case, only one invention is disclosed
and a technical feature is included in one independent claim but there is no
equivalent in another independent claim, it is not clear what technical features are
actually necessary for defining the invention, thus putting the matter for which
protection is sought into doubt, in violation of Article 6.

2.3   The same applies to claims 14, 18, 23 (apparatus category) and to claims 9, 17 and
22 (machine readable medium storing executable instructions to carry on the steps of
method claims 1,15 and 19).

APLNDC00027327

WRITTEN OPINION OF THE
INTERNATIONAL SEARCHING
AUTHORITY (SEPARATE SHEET)

International application No

PCT/US2008/000103

2.4   Therefore it would have been necessary for the Applicant to present in each category
a single independent claim to the invention, having corresponding features, with
dependent claims as appropriate to cover the Applicant's preferred embodiments.

3      **Inventiveness and Novelty of claims 1, 9, 14, 15, 17, 18, 19, 22, 23 and 24, Article
33(2), (3) PCT**

3.1   Document D1 discloses (the references in parentheses applying to this document):
A machine implemented method for animating views displayed on a display of a
device, comprising:
starting at least two animations (paragraph 11-13, 15: one window alters its property
in response to another window changing, hence there are at least two animations;
paragraph 46: one window expands and signals another window to shrink);
determining the progress of each animation (paragraph 40: since an animation is
interruptible to prosecute smoothly with a different animation - i.e. first shrink a view
then expand- at any point in time the state of an animation is known); and
updating each of the at least two animations based on a single timer (paragraph 59:
the animators are instructed to complete the animation in a certain period of time, the
timer indication is passed to the animator as a parameter, paragraph 72-75, hence all
the animations complete at the same time).

3.2   Therefore the subject-matter of claim 1 is not new in the sense of Article 33(2) PCT.

3.3   The subject matter of claim 15 adds to the subject matter of claim 1 the feature that
the animations are performed by animators, which is also disclosed in D1
(paragraphs 15 and 47).

3.4   Therefore the subject-matter of claim 15 is not new in the sense of Article 33(2) PCT.

3.5   Document D1, which is considered to represent the closest prior art for the subject
matter of claim 19, discloses (the references in parentheses applying to this
document):
A machine implemented method for animations displayed on a display of a device,
comprising: animating a plurality of animations with a single animation timer.

APLNDC00027328



WRITTEN OPINION OF THE
INTERNATIONAL SEARCHING
AUTHORITY (SEPARATE SHEET)

International application No.

PCT/US2008/000103

3.6   The method defined in independent claim 19 differs from that disclosed in D1 in that:
-      the timer is provided by a timing signal associated with a redraw interval of a graphics
       unit.

3.7   The objective technical problem to be solved by the present invention may therefore
       be regarded as how to provide a refresh interval for an animation.

3.8   Document D2 discloses a display containing several synchronized animations in
       which the time between two animation states is calculate according to the display
       frame rate (page 5, lines 21-25).
       Document D2 discloses then a solution to the above identified objective technical
       problem (in the same kind of system as the one of the present application:
       synchronized animations). The person skilled in the art looking for a solution to the
       identified objective technical problem would therefore consider the teaching of D2
       together with the features of D1 coming then to the subject matter of claim 19 without
       the help of any inventive activity.

3.9   Therefore the subject matter of claim 19 does not involve an inventive step in the
       sense of Article 33(3) PCT.

3.10 Since claims 14, 18 and 23 relates to apparatus having only features that correspond
       to the steps of method claims 1, 15 and 19, the objections concerning lack of novelty
       and inventiveness of claim 1, 15 and 19 apply accordingly.

3.11 Since claims 9, 17 and 22  relates to a computer readable medium storing instruction
       for carrying out the steps of method claims 1, 15 and 19 the objections concerning
       lack of novelty and inventiveness of claims 1, 15 and 19 apply accordingly.

3.12 Document D1 discloses (the references in parentheses applying to this document):
       A device comprising:
       an input panel which is configured to receive user input;
       a display device integrated with the input panel;
       a central processing unit coupled to the input panel, the processor being configured

APLNDC00027329

WRITTEN OPINION OF THE
INTERNATIONAL SEARCHING
AUTHORITY (SEPARATE SHEET)

International application No.

PCT/US2008/000103

to create and animate objects, based on at least the user input (paragraph 11),
a memory coupled to the processor, the memory being configured to store the
objects; and one or more programs, wherein the one or more programs are stored in
the memory and configured to be executed by the one or more processors
(paragraphs 96-101), the programs including:
instructions for detecting a movement of an user input on or near the input panel
(paragraph 103);
instructions for animating one or more views displayed on the display device in
response to detecting the user input;
instructions for completing the animating of the one or more views displayed on the
display device based on a single timer (see passages cited above for claims 1 and
15).

3.13 Therefore the subject-matter of claim 24 is not new in the sense of Article 33(2) PCT.

## 4   Novelty and Inventiveness of dependent claims 2-8, 10-13, 16, 20-21 and 25, Article 33(2), (3) PCT

4.1   The dependent claims 2-8, 10-13, 16, 20-21 and 25 do not appear to contain any
additional feature which, in combination with the features of any claim to which they
refer, meet the requirements of the PCT with respect to novelty and inventive step.
the reason being as following:
-   Regarding claims 2, 10 and 25 see the argumentation for claim 19 as in paragraph
3.8 above, Article 33(3) PCT.
-   The subject matter of claims 3, 4, 5, 6, 7, 8, 11, 12, 13, 16, 20 and 21 has already
been disclosed in document D1 (paragraph 57; paragraphs 72 and 75; paragraph 6)
Article 33(2) PCT.

## Re Item VII
## Certain defects in the international application

5   Contrary to the requirements of Rule 5.1(a)(ii) PCT, the relevant background art
disclosed in the documents D1-D2 are not mentioned in the description, nor are
these documents identified therein.

APLNDC00027330

WRITTEN OPINION OF THE
INTERNATIONAL SEARCHING
AUTHORITY (SEPARATE SHEET)

International application No.

PCT/US2008/000103

5.1   All independent claims are not in the two-part form in accordance with Rule 6.3(b) PCT, which in the present case would be appropriate.

5.2   The features of the claims 1-28 are not provided with reference signs placed in parentheses (Rule 6.2(b) PCT)

5.3   The general statement in the description on page 38, paragraph 155 refers to the "spirit of the invention". When used to interpret the claims, it indicates that subject-matter for which protection is sought could differ from the subject-matter of the claims, thereby rendering the scope of the claims unclear (Article 6 PCT). The statement should therefore have been deleted.

## Re Item VIII
### Certain observations on the international application

5.4   Since the document cited on page 9, paragraph 36 is not essential for carrying out the invention, the formulation "which is hereby incorporated by reference" should be had deleted from the description, according to PCT guidelines Part II, 4.26.

APLNDC00027331



Possible steps after receipt of the international search report (ISR) and written opinion of the International Searching Authority (WO-ISA)

| | |
|---|---|
| General information | For all international applications filed on or after 01/01/2004 the competent ISA will establish an ISR. It is accompanied by the WO-ISA. Unlike the former written opinion of the IPEA (Rule 66.2 PCT), the WO-ISA is not meant to be responded to, but to be taken into consideration for further procedural steps. This document explains about the possibilities. |
| Amending claims under Art. 19 PCT | Within 2 months after the date of mailing of the ISR and the WO-ISA the applicant may file amended claims under Art. 19 PCT directly with the International Bureau of WIPO. The PCT reform of 2004 did not change this procedure. For further information please see Rule 46 PCT as well as form PCT/ISA/220 and the corresponding Notes to form PCT/ISA/220. |
| Filing a demand for international preliminary examination | In principle, the WO-ISA will be considered as the written opinion of the IPEA. This should, in many cases, make it unnecessary to file a demand for international preliminary examination. If the applicant nevertheless wishes to file a demand this must be done before expiry of 3 months after the date of mailing of the ISR/WO-ISA or 22 months after priority date, whichever expires later (Rule 54bis PCT). Amendments under Art. 34 PCT can be filed with the IPEA as before, normally at the same time as filing the demand (Rule 66.1 (b) PCT).

If a demand for international preliminary examination is filed and no comments/amendments have been received the WO-ISA will be transformed by the IPEA into an IPRP (International Preliminary Report on Patentability) which would merely reflect the content of the WO-ISA. The demand can still be withdrawn (Art. 37 PCT). |
| Filing informal comments | After receipt of the ISR/WO-ISA the applicant may file informal comments on the WO-ISA directly with the International Bureau of WIPO. These will be communicated to the designated Offices together with the IPRP (International Preliminary Report on Patentability) at 30 months from the priority date. Please also refer to the next box. |
| End of the international phase | At the end of the international phase the International Bureau of WIPO will transform the WO-ISA or, if a demand was filed, the written opinion of the IPEA into the IPRP, which will then be transmitted together with possible informal comments to the designated Offices. The IPRP replaces the former IPER (international preliminary examination report). |
| Relevant PCT Rules and more information | Rule 43 PCT, Rule 43bis PCT, Rule 44 PCT, Rule 44bis PCT, PCT Newsletter 12/2003, OJ 11/2003, OJ 12/2003 |

APLNDC00027332



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/620,709 | 01/07/2007 | Andrew Platzer | 04860.P5060 | 9789 |

45217          7590          04/01/2009

APPLE INC./BSTZ
BLAKELY SOKOLOFF TAYLOR & ZAFMAN LLP
1279 OAKMEAD PARKWAY
SUNNYVALE, CA 94085-4040

| EXAMINER |
|---|
| NGUYEN, PHU K |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2628 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/01/2009 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

APLNDC00027333

| | Application No. | Applicant(s) | |
|---|---|---|---|
| **Office Action Summary** | 11/620,709 | PLATZER ET AL. | |
| | **Examiner** | **Art Unit** | |
| | Phu K. Nguyen | 2628 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1)☒ Responsive to communication(s) filed on <u>07 January 2007</u>.
2a)☐ This action is **FINAL**.  2b)☒ This action is non-final.
3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4)☒ Claim(s) <u>1-24</u> is/are pending in the application.
    4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5)☐ Claim(s) _____ is/are allowed.
6)☒ Claim(s) <u>1-24</u> is/are rejected.
7)☐ Claim(s) _____ is/are objected to.
8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9)☐ The specification is objected to by the Examiner.
10)☐ The drawing(s) filed on _____ is/are:  a)☐ accepted or b)☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a)☐ All  b)☐ Some * c)☐ None of:
      1.☐ Certified copies of the priority documents have been received.
      2.☐ Certified copies of the priority documents have been received in Application No. _____.
      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**
1)☒ Notice of References Cited (PTO-892)
2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3)☒ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date <u>9/4/08</u>.
4)☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____ .
5)☐ Notice of Informal Patent Application
6)☐ Other: _____ .

APLNDC00027334

Application/Control Number: 11/620,709                                      Page 2
Art Unit: 2628

> 35 U.S.C. 101 reads as follows:
>
> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

Claims 6-10, 16-18, and 20-21 are rejected under 35 U.S.C. 101 because the claimed invention is directed to non-statutory subject matter.  According to Applicant's Specification ([0062]), the claimed "readable medium" can be communication network or wave carriers containing signals which are non-statutory under 35 USC 101.

Claims 11 and 19 are rejected under 35 U.S.C. 101 because the claimed invention is directed to non-statutory subject matter.  Claims 11 and 19 claim "an apparatus," but the only component is "means for transferring a synchronization call to synchronize animations for the multiple views of the display" which is software-implemented component; therefore, the claimed "apparatus" as a whole is directed to a software embodiment or a program module which is non-statutory.

Claim 24 is rejected under 35 U.S.C. 101 because the claimed invention is directed to non-statutory subject matter.   Claim 24 claims a framework which only has "a directory containing program instructions"; The claimed "framework" is a data structure which is non-statutory.

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –

APLNDC00027335

Application/Control Number: 11/620,709                                    Page 3
Art Unit: 2628

(e) the invention was described in (1) an application for patent, published under section 122(b), by
another filed in the United States before the invention by the applicant for patent or (2) a patent
granted on an application for patent by another filed in the United States before the invention by the
applicant for patent, except that an international application filed under the treaty defined in section
351(a) shall have the effects for purposes of this subsection of an application filed in the United States
only if the international application designated the United States and was published under Article 21(2)
of such treaty in the English language.

Claims 1-24 are rejected under 35 U.S.C. 102(e) as being anticipated by

CALKINS et al. (7,173,623).


As per claim 1, Calkins teaches the claimed "device having a display with

multiple views and user interface software interacts with multiple processes that alter

the multiple views" (Calkins, column 3, lines 47-62; column 7, lines 16-32), a method for

operating through an application programming interface (API), comprising: "transferring

a synchronization call to synchronize animations for the multiple views of the display"

(Calkins, column 9, line 54 to column 10, line 4).


Claim 2 adds into claim 1 "the synchronization call comprises an identification

and a number of processes that are requesting animation of the multiple views"

(Calkins, column 7, lines 16-32).


Claim 3 adds into claim 2 "setting a set of attributes associated with each

process independently transferring a synchronization confirmation message when a

synchronization flag is enabled based on the list of the processes being synchronized;

and updating the set of attributes associated with each process independently; and

transferring a start animation call to draw the requested animations" (Calkins, column 9,

APLNDC00027336

line 54 to column 10, line 58).

Claim 4 adds into claim 1 "transferring the synchronization call is either one of issuing, initiating, invoking or receiving the synchronization call" (Calkins, column 9, lines 64-66).

Claim 5 adds into claim 1 "the device is one of: a data processing device, a portable device, a portable data processing device, a multi touch device, a multi touch portable device, a wireless device, and a cell phone" (Calkins, column 4, lines 16-29).

Claims 6-10, 16-18, and 20-21 claim a computer readable medium which stores a computer software to perform the steps of claims 1-5; therefore, they are rejected under the same reason.

Claims 11 and 19 claim an apparatus which performs the steps of the method of claims 1-5; therefore, they are rejected under the same reason.

Due to the similarity of claims 12-15 to claims 1-5, they are rejected under the same reason.

Application/Control Number: 11/620,709                                           Page 5
Art Unit: 2628

Claims 22 and 23 claim a platform including processing unit and memory storing software programs (Calkins, figure 1) which performs the steps of the method of claims 1-5; therefore, they are rejected under the same reason.


Claim 24 claims a framework containing a directory or database having a computer readable medium which stores a computer software to perform the steps of claims 1-5; therefore, they are rejected under the same reason.


Any inquiry concerning this communication or earlier communications from the examiner should be directed to Phu K. Nguyen whose telephone number is (571) 272 7645.  The examiner can normally be reached on M-F 8:00-4:30.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Kee Tung can be reached on (571) 272 7794.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

APLNDC00027338

Application/Control Number: 11/620,709                                      Page 6
Art Unit: 2628

     Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/Phu  K. Nguyen/
Primary Examiner, Art Unit 2628

| | | |
|---|---|---|
| **Notice of References Cited** | Application/Control No.<br><br>11/620,709 | Applicant(s)/Patent Under Reexamination<br>PLATZER ET AL. |
| | Examiner<br><br>Phu K. Nguyen | Art Unit<br><br>2628 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-7,173,623 | 02-2007 | Calkins et al. | 345/473 |
| | B | US- | | | |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

## PATENT COOPERATION TREATY

From the INTERNATIONAL SEARCHING AUTHORITY

# PCT

To:
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP
Attn. Scheller, Jr James C.
1279 Oakmead Parkway
Sunnyvale, California 94085-4040
ETATS-UNIS D'AMERIQUE

NOTIFICATION OF TRANSMITTAL OF
THE INTERNATIONAL SEARCH REPORT AND
THE WRITTEN OPINION OF THE INTERNATIONAL
SEARCHING AUTHORITY, OR THE DECLARATION

RECEIVED

AUG 0 5 2008

(PCT Rule 44.1)

| Date of mailing (day/month/year) | 31/07/2008 |
|---|---|

| Applicant's or agent's file reference | | FOR FURTHER ACTION | See paragraphs 1 and 4 below |
|---|---|---|---|
| 4860P5060PCT | BLAKELY SOKOLOFF TAYLOR & ZAFMAN SUNNYVALE INT'L FILING DEPT | | |

| International application No. | | International filing date (day/month/year) | 03/01/2008 |
|---|---|---|---|
| PCT/US2008/000058 | 8/5/08 | | |

| Applicant | | Entered into FIP |
|---|---|---|
| APPLE INC. | | By: _____ |

---

1. [x]   The applicant is hereby notified that the international search report and the written opinion of the International Searching Authority have been established and are transmitted herewith.

   **Filing of amendments and statement under Article 19:**
   The applicant is entitled, if he so wishes, to amend the claims of the International Application (see Rule 46):

   **When?**   The time limit for filing such amendments is normally two months from the date of transmittal of the International Search Report.

   **Where?**   Directly to the International Bureau of WIPO, 34 chemin des Colombettes
   1211 Geneva 20, Switzerland, Facsimile No.: (41–22) 338.82.70
   For more detailed instructions, see the notes on the accompanying sheet.

2. [ ]   The applicant is hereby notified that no international search report will be established and that the declaration under Article 17(2)(a) to that effect and the written opinion of the International Searching Authority are transmitted herewith.

3. [ ]   **With regard to the protest** against payment of (an) additional fee(s) under Rule 40.2, the applicant is notified that:

   [ ]   the protest together with the decision thereon has been transmitted to the International Bureau together with the applicant's request to forward the texts of both the protest and the decision thereon to the designated Offices.

   [ ]   no decision has been made yet on the protest; the applicant will be notified as soon as a decision is made.

4. **Reminders**

   Shortly after the expiration of **18 months** from the priority date, the international application will be published by the International Bureau. If the applicant wishes to avoid or postpone publication, a notice of withdrawal of the international application, or of the priority claim, must reach the International Bureau as provided in Rules 90bis.1 and 90bis.3, respectively, before the completion of the technical preparations for international publication.

   The applicant may submit comments on an informal basis on the written opinion of the International Searching Authority to the International Bureau. The International Bureau will send a copy of such comments to all designated Offices unless an international preliminary examination report has been or is to be established. These comments would also be made available to the public but not before the expiration of 30 months from the priority date.

   Within **19 months** from the priority date, but only in respect of some designated Offices, a demand for international preliminary examination must be filed if the applicant wishes to postpone the entry into the national phase **until 30 months** from the priority date (in some Offices even later); otherwise, the applicant must, **within 20 months** from the priority date, perform the prescribed acts for entry into the national phase before those designated Offices.

   In respect of other designated Offices, the time limit of **30 months** (or later) will apply even if no demand is filed within 19 months.

   See the Annex to Form PCT/IB/301 and, for details about the applicable time limits, Office by Office, see the *PCT Applicant's Guide*, Volume II, National Chapters and the WIPO Internet site.

---

| Name and mailing address of the International Searching Authority | Authorized officer |
|---|---|
| European Patent Office, P.B. 5818 Patentlaan 2 NL–2280 HV Rijswijk Tel. (+31–70) 340–2040, Tx. 31 651 epo nl, Fax: (+31–70) 340–3016 | Pia Dahl |

Form PCT/ISA/220 (October 2005)                    (See notes on accompanying sheet)

APLNDC00027341

## NOTES TO FORM PCT/ISA/220

These Notes are intended to give the basic instructions concerning the filing of amendments under article 19. The Notes are based on the requirements of the Patent Cooperation Treaty, the Regulations and the Administrative Instructions under that Treaty. In case of discrepancy between these Notes and those requirements, the latter are applicable. For more detailed information, see also the *PCT Applicant's Guide*, a publication of WIPO.

In these Notes, "Article", "Rule", and "Section" refer to the provisions of the PCT, the PCT Regulations and the PCT Administrative Instructions, respectively.

## INSTRUCTIONS CONCERNING AMENDMENTS UNDER ARTICLE 19

The applicant has, after having received the international search report and the written opinion of the International Searching Authority, one opportunity to amend the claims of the international application. It should however be emphasized that, since all parts of the international application (claims,description and drawings) may be amended during the international preliminary examination procedure, there is usually no need to file amendments of the claims under Article 19 except where, e.g. the applicant wants the latter to be published for the purposes of provisional protection or has another reason for amending the claims before international publication. Furthermore, it should be emphasized that provisional protection is available in some States only (see *PCT Applicant's Guide*, Volume I/A, Annexes B1 and B2).

The attention of the applicant is drawn to the fact that amendments to the claims under Article 19 are not allowed where the International Searching Authority has declared, under Article 17(2), that no international search report would be established (see *PCT Applicant's Guide*, Volume I/A, paragraph 296).

**What parts of the international application may be amended?**

Under Article 19, only the claims may be amended.

During the international phase, the claims may also be amended (or further amended) under Article 34 before the International Preliminary Examining Authority. The description and drawings may only be amended under Article 34 before the International Examining Authority.

Upon entry into the national phase, all parts of the international application may be amended under Article 28 or, where applicable, Article 41.

**When?**

Within 2 months from the date of transmittal of the international search report or 16 months from the priority date, whichever time limit expires later. It should be noted, however, that the amendments will be considered as having been received on time if they are received by the International Bureau after the expiration of the applicable time limit but before the completion of the technical preparations for international publication (Rule 46.1).

**Where not to file the amendments?**

The amendments may only be filed with the International Bureau and not with the receiving Office or the International Searching Authority (Rule 46.2).

Where a demand for international preliminary examination has been/is filed, see below.

**How?**

Either by cancelling one or more entire claims, by adding one or more new claims or by amending the text of one or more of the claims as filed.

A replacement sheet must be submitted for each sheet of the claims which, on account of an amendment or amendments, differs from the sheet originally filed.

All the claims appearing on a replacement sheet must be numbered in Arabic numerals. Where a claim is cancelled, no renumbering of the other claims is required. In all cases where claims are renumbered, they must be renumbered consecutively (Section 205(b)).

**The amendments must be made in the language in which the international application is to be published.**

**What documents must/may accompany the amendments?**

**Letter (Section 205(b)):**

The amendments must be submitted with a letter.

The letter will not be published with the international application and the amended claims. It should not be confused with the "Statement under Article 19(1)" (see below, under "Statement under Article 19(1)").

**The letter must be in English or French, at the choice of the applicant. However, if the language of the international application is English, the letter must be in English; if the language of the international application is French, the letter must be in French.**

APLNDC00027342

## PATENT COOPERATION TREATY

# PCT

## INTERNATIONAL SEARCH REPORT

(PCT Article 18 and Rules 43 and 44)

| Applicant's or agent's file reference | **FOR FURTHER ACTION** | see Form PCT/ISA/220 as well as, where applicable, item 5 below. |
|---|---|---|
| 4860P5060PCT | | |
| International application No. | International filing date *(day/month/year)* | (Earliest) Priority Date *(day/month/year)* |
| PCT/US2008/000058 | 03/01/2008 | 07/01/2007 |
| Applicant | | |
| APPLE INC. | | |

This international search report has been prepared by this International Searching Authority and is transmitted to the applicant according to Article 18. A copy is being transmitted to the International Bureau.

This international search report consists of a total of _____4_____ sheets.

[X]   It is also accompanied by a copy of each prior art document cited in this report.

1. **Basis of the report**
   a. With regard to the **language**, the international search was carried out on the basis of:
      - [X]   the international application in the language in which it was filed
      - [ ]   a translation of the international application into _____ , which is the language of a translation furnished for the purposes of international search (Rules 12.3(a) and 23.1(b))
   b. [ ]   This international search report has been established taking into account the **rectification of an obvious mistake** authorized by or notified to this Authority under Rule 91 (Rule 43.6*bis*(a)).
   c. [ ]   With regard to any **nucleotide and/or amino acid sequence** disclosed in the international application, see Box No. I.

2. [ ]   **Certain claims were found unsearchable** (See Box No. II)

3. [ ]   **Unity of invention is lacking** (see Box No III)

4. With regard to the **title**,
   - [X]   the text is approved as submitted by the applicant
   - [ ]   the text has been established by this Authority to read as follows:

5. With regard to the **abstract**,
   - [X]   the text is approved as submitted by the applicant
   - [ ]   the text has been established, according to Rule 38.2(b), by this Authority as it appears in Box No. IV. The applicant may, within one month from the date of mailing of this international search report, submit comments to this Authority

6. With regard to the **drawings**,
   a. the figure of the **drawings** to be published with the abstract is Figure No. __5A__
      - [ ]   as suggested by the applicant
      - [ ]   as selected by this Authority, because the applicant failed to suggest a figure
      - [X]   as selected by this Authority, because this figure better characterizes the invention
   b. [ ]   none of the figures is to be published with the abstract

Form PCT/ISA/210 (first sheet) (April 2007)

# INTERNATIONAL SEARCH REPORT

| | International application No |
|---|---|
| | PCT/US2008/000058 |

**A. CLASSIFICATION OF SUBJECT MATTER**
INV.  G06F9/44

According to International Patent Classification (IPC) or to both national classification and IPC

**B. FIELDS SEARCHED**

Minimum documentation searched (classification system followed by classification symbols)
G06F

Documentation searched other than minimum documentation to the extent that such documents are included in the fields searched

Electronic data base consulted during the international search (name of data base and, where practical, search terms used)

EPO-Internal, WPI Data

**C. DOCUMENTS CONSIDERED TO BE RELEVANT**

| Category* | Citation of document, with indication, where appropriate, of the relevant passages | Relevant to claim No. |
|---|---|---|
| X | US 2004/222992 A1 (CALKINS MATT [US] ET AL CALKINS MATT [US] ET AL) 11 November 2004 (2004-11-11) abstract paragraph [0009] – paragraph [0012] paragraph [0022] – paragraph [0023] paragraph [0035] paragraph [0047] – paragraph [0050] ----- | 1-24 |
| X | US 2006/190833 A1 (SANGIOVANNI JOHN [US] ET AL) 24 August 2006 (2006-08-24) abstract paragraph [0038] – paragraph [0041] paragraph [0511] figures 11,21,22 ----- -/-- | 1-24 |

[X] Further documents are listed in the continuation of Box C.          [X]  See patent family annex.

* Special categories of cited documents :

"A" document defining the general state of the art which is not considered to be of particular relevance

"E" earlier document but published on or after the international filing date

"L" document which may throw doubts on priority claim(s) or which is cited to establish the publication date of another citation or other special reason (as specified)

"O" document referring to an oral disclosure, use, exhibition or other means

"P" document published prior to the international filing date but later than the priority date claimed

"T" later document published after the international filing date or priority date and not in conflict with the application but cited to understand the principle or theory underlying the invention

"X" document of particular relevance; the claimed invention cannot be considered novel or cannot be considered to involve an inventive step when the document is taken alone

"Y" document of particular relevance; the claimed invention cannot be considered to involve an inventive step when the document is combined with one or more other such documents, such combination being obvious to a person skilled in the art.

"&" document member of the same patent family

| Date of the actual completion of the international search | Date of mailing of the international search report |
|---|---|
| 23 July 2008 | 31/07/2008 |

| Name and mailing address of the ISA/ | Authorized officer |
|---|---|
| European Patent Office, P.B. 5818 Patentlaan 2 NL – 2280 HV Rijswijk Tel. (+31–70) 340–2040, Tx. 31 651 epo nl, Fax: (+31–70) 340–3016 | Archontopoulos, E. |

Form PCT/ISA/210 (second sheet) (April 2005)

1

APLNDC00027344

# INTERNATIONAL SEARCH REPORT

| International application No |
| --- |
| PCT/US2008/000058 |

| C(Continuation). | DOCUMENTS CONSIDERED TO BE RELEVANT | |
| --- | --- | --- |
| Category* | Citation of document, with indication, where appropriate, of the relevant passages | Relevant to claim No. |
| A | US 2005/088443 A1 (BLANCO LEONARDO [US] ET AL) 28 April 2005 (2005-04-28) abstract; figures 4a,4b,4c,5 paragraph [0004] – paragraph [0006] paragraph [0065] – paragraph [0113] ───── | 1-24 |
| A | US 2003/132959 A1 (SIMISTER J BRET [US] ET AL) 17 July 2003 (2003-07-17) abstract ───── | 1-24 |

APLNDC00027345

# INTERNATIONAL SEARCH REPORT
Information on patent family members

| International application No |
| --- |
| PCT/US2008/000058 |

| Patent document cited in search report | | Publication date | Patent family member(s) | | Publication date |
| --- | --- | --- | --- | --- | --- |
| US 2004222992 | A1 | 11-11-2004 | AU | 2003248542 A1 | 13-12-2004 |
| | | | BR | 0306442 A | 15-02-2005 |
| | | | CA | 2461516 A1 | 09-11-2004 |
| | | | CN | 1689046 A | 26-10-2005 |
| | | | EP | 1639555 A1 | 29-03-2006 |
| | | | JP | 2006526181 T | 16-11-2006 |
| | | | KR | 20060006990 A | 23-01-2006 |
| | | | MX | PA04006333 A | 14-02-2005 |
| | | | WO | 2004104938 A1 | 02-12-2004 |
| | | | US | 2004233201 A1 | 25-11-2004 |
| | | | ZA | 200404107 A | 09-09-2005 |
| US 2006190833 | A1 | 24-08-2006 | NONE | | |
| US 2005088443 | A1 | 28-04-2005 | AU | 2004287128 A1 | 19-05-2005 |
| | | | BR | PI0414504 A | 07-11-2006 |
| | | | CA | 2537136 A1 | 19-05-2005 |
| | | | EP | 1676183 A2 | 05-07-2006 |
| | | | JP | 2007519072 T | 12-07-2007 |
| | | | KR | 20060126919 A | 11-12-2006 |
| | | | MX | PA06003356 A | 08-06-2006 |
| | | | US | 2006061576 A1 | 23-03-2006 |
| | | | US | 2006103656 A1 | 18-05-2006 |
| | | | WO | 2005045567 A2 | 19-05-2005 |
| US 2003132959 | A1 | 17-07-2003 | WO | 03063004 A1 | 31-07-2003 |
| | | | US | 2006026526 A1 | 02-02-2006 |

APLNDC00027346

# PATENT COOPERATION TREATY

From the
INTERNATIONAL SEARCHING AUTHORITY

To:

see form PCT/ISA/220

# PCT

## WRITTEN OPINION OF THE INTERNATIONAL SEARCHING AUTHORITY

### (PCT Rule 43*bis*.1)

| | |
|---|---|
| Date of mailing *(day/month/year)*  see form PCT/ISA/210 (second sheet) | |

| Applicant's or agent's file reference | FOR FURTHER ACTION |
|---|---|
| see form PCT/ISA/220 | See paragraph 2 below |

| International application No. | International filing date *(day/month/year)* | Priority date *(day/month/year)* |
|---|---|---|
| PCT/US2008/000058 | 03.01.2008 | 07.01.2007 |

International Patent Classification (IPC) or both national classification and IPC
INV. G06F9/44

Applicant
APPLE INC.

---

1.  This opinion contains indications relating to the following items:

   ☒ Box No. I     Basis of the opinion

   ☐ Box No. II    Priority

   ☐ Box No. III   Non-establishment of opinion with regard to novelty, inventive step and industrial applicability

   ☐ Box No. IV    Lack of unity of invention

   ☒ Box No. V     Reasoned statement under Rule 43*bis*.1(a)(i) with regard to novelty, inventive step or industrial applicability; citations and explanations supporting such statement

   ☐ Box No. VI    Certain documents cited

   ☐ Box No. VII   Certain defects in the international application

   ☐ Box No. VIII  Certain observations on the international application

2.  **FURTHER ACTION**

   If a demand for international preliminary examination is made, this opinion will usually be considered to be a written opinion of the International Preliminary Examining Authority ("IPEA") except that this does not apply where the applicant chooses an Authority other than this one to be the IPEA and the chosen IPEA has notifed the International Bureau under Rule 66.1*bis*(b) that written opinions of this International Searching Authority will not be so considered.

   If this opinion is, as provided above, considered to be a written opinion of the IPEA, the applicant is invited to submit to the IPEA a written reply together, where appropriate, with amendments, before the expiration of 3 months from the date of mailing of Form PCT/ISA/220 or before the expiration of 22 months from the priority date, whichever expires later.

   For further options, see Form PCT/ISA/220.

3.  For further details, see notes to Form PCT/ISA/220.

---

| Name and mailing address of the ISA: | Date of completion of this opinion | Authorized Officer |
|---|---|---|
| European Patent Office - P.B. 5818 Patentlaan 2 NL-2280 HV Rijswijk - Pays Bas Tel. +31 70 340 - 2040 Tx: 31 651 epo nl Fax: +31 70 340 - 3016 | see form PCT/ISA/210 | Archontopoulos, E Telephone No. +31 70 340-2673 |

Form (PCT/ISA/237) (Cover Sheet) (April 2005)

APLNDC00027347

**WRITTEN OPINION OF THE**
**INTERNATIONAL SEARCHING AUTHORITY**

International application No.
PCT/US2008/000058

---

| Box No. I   Basis of the opinion |
|---|

1. With regard to the **language**, this opinion has been established on the basis of:

    ☒   the international application in the language in which it was filed

    ☐   a translation of the international application into  , which is the language of a translation furnished for the purposes of international search (Rules 12.3(a) and 23.1 (b)).

2. ☐   This opinion has been established taking into account the **rectification of an obvious mistake** authorized by or notified to this Authority under Rule 91 (Rule 43bis.1(a))

3. With regard to any **nucleotide and/or amino acid sequence** disclosed in the international application and necessary to the claimed invention, this opinion has been established on the basis of:

    a. type of material:

    ☐   a sequence listing

    ☐   table(s) related to the sequence listing

    b. format of material:

    ☐   on paper

    ☐   in electronic form

    c. time of filing/furnishing:

    ☐   contained in the international application as filed.

    ☐   filed together with the international application in electronic form.

    ☐   furnished subsequently to this Authority for the purposes of search.

4. ☐   In addition, in the case that more than one version or copy of a sequence listing and/or table relating thereto has been filed or furnished, the required statements that the information in the subsequent or additional copies is identical to that in the application as filed or does not go beyond the application as filed, as appropriate, were furnished.

5. Additional comments:

Form PCT/ISA/237 (April 2007)

APLNDC00027348

**WRITTEN OPINION OF THE
INTERNATIONAL SEARCHING AUTHORITY**

International application No.
PCT/US2008/000058

---

**Box No. V     Reasoned statement under Rule 43bis.1(a)(i) with regard to novelty, inventive step or industrial applicability; citations and explanations supporting such statement**

1. Statement

| | | | |
|---|---|---|---|
| Novelty (N) | Yes: | Claims | 1-24 |
| | No: | Claims | |
| Inventive step (IS) | Yes: | Claims | |
| | No: | Claims | 1-24 |
| Industrial applicability (IA) | Yes: | Claims | 1-24 |
| | No: | Claims | |

2. Citations and explanations

   **see separate sheet**

APLNDC00027349

**WRITTEN OPINION OF THE**
**INTERNATIONAL SEARCHING**
**AUTHORITY (SEPARATE SHEET)**

International application No.

PCT/US2008/000058

**Re Item V.**

1    Reference is made to the following document:
     D1:   US 2004/222992 A1, 11 November 2004

2.1   Document D1 discloses (abstract) a graphical system wherein attributes of visual entities are capable of changing over time, thus changing their appearance, i.e. animation. When object are being animated (paragraph [0050] a render queue ensures that the animations stay in sync with one other.

2.2   The subject-matter of claim 1 therefore differs from what is disclosed in D1 in the explicit indication that synchronizing animations is performed by means of transferring a synchronization call.

2.3   This feature, insofar as it can be technically understood, is merely an obvious, equivalent feature to using a queue to ensure that animations stay in sync, which the skilled person in the field of graphical user interface would certainly consider and effortlessly apply to the system of D1 to arrive at the teaching of claim 1.

2.4   Therefore, the subject-matter of claim 1 is not inventive (Article 33(3) PCT).

3    The subject-matter of all other independent claims, i.e. 6, 11, 12, 16, 19, 20, 22 and 24, substantially corresponds to that of claim 1; for the same reasoning set forth in point 2.1-2.3 above the subject-matter of the latter claims is not inventive, too.

4    Dependent claims 2-5, 7-10, 13-15, 17, 18, 21 and 23 do not contain any features which, in combination with the features of any claim to which they refer, meet the requirements of the PCT in respect of inventive step, as the features merely pertain to straightforward implementation choices.

APLNDC00027350



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/620,720 | 01/07/2007 | John Harper | 04860.P5061 | 9804 |

8791          7590          12/23/2008
BLAKELY SOKOLOFF TAYLOR & ZAFMAN LLP
1279 OAKMEAD PARKWAY
SUNNYVALE, CA 94085-4040

| EXAMINER |
|---|
| RAAB, CHRISTOPHER J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2169 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 12/23/2008 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

APLNDC00027351

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 11/620,720 | HARPER ET AL. |
| | Examiner | Art Unit | |
| | Christopher J. Raab | 2169 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on 07 January 2007.
2a)☐ This action is **FINAL**.    2b)☒ This action is non-final.
3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) 1-25 is/are pending in the application.
    4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5)☐ Claim(s) _____ is/are allowed.
6)☒ Claim(s) 1-25 is/are rejected.
7)☐ Claim(s) _____ is/are objected to.
8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.
10)☒ The drawing(s) filed on 07 January 2007 is/are:  a)☒ accepted or b)☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a)☐ All   b)☐ Some *   c)☐ None of:
    1.☐ Certified copies of the priority documents have been received.
    2.☐ Certified copies of the priority documents have been received in Application No. _____.
    3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)
2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3)☐ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date _____.
4)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____.
5)☐ Notice of Informal Patent Application
6)☐ Other: _____.

APLNDC00027352

Application/Control Number: 11/620,720                                      Page 2
Art Unit: 2169

## DETAILED ACTION

### *Drawings*

01.     The drawings were received on **01/07/07**.  These drawings are accepted.

### *Title*

02.     The title of the invention is not descriptive.  A new title is required that is clearly

indicative of the invention to which the claims are directed.

### *Claim Rejections - 35 USC § 101*

03.     35 U.S.C. 101 reads as follows:

> Whoever invents or discovers any new and useful process, machine, manufacture, or
> composition of matter, or any new and useful improvement thereof, may obtain a patent therefor,
> subject to the conditions and requirements of this title.

04.     **Claims 1 – 8** are rejected under 35 U.S.C. 101 because the claimed invention is

directed to non-statutory subject matter.  The claims are directed towards a method of

compositing content.  According to MPEP § 2106.IV.B, the first step in determining

whether a claim recites patent eligible subject matter is to determine whether the claim

falls within one of the four statutory categories of invention recited in 35 U.S.C. 101:

process, machine, manufacture and composition of matter.  The latter three categories

define "things" or "products," while a "process" consists of a series of steps or acts to be

performed.  For purposes of §101, a "process" has been given a specialized, limited

meaning in the courts.  Based on a Supreme Court precedent and recent Federal

Circuit decisions, a claimed process is patent-eligible under §101 if: (1) it is tied to a

APLNDC00027353

particular machine or apparatus, or (2) it transforms a particular article into a different

state or thing."  Since the claim fails to meet the requirements mentioned above to place

the claim in the statutory category of a process, the claim fails to fall within one of the

four statutory categories (i.e., process, machine, manufacture, or composition of

matter).

05.    **Claims 9 – 15** are rejected under 35 U.S.C. 101 because the claimed invention

is directed to non-statutory subject matter.  The claims are not limited to tangible

embodiments.  In view of Applicant's disclosure, specification **paragraph [0055]**, the

"machine readable medium" is not limited to tangible embodiments, instead being

defined as including both tangible embodiments (e.g., "RAM") and intangible

embodiments (e.g., "carrier waves").  As such, the claims are not limited to statutory

subject matter and are therefore non-statutory.

06.    **Claims 16 – 20** are rejected under 35 U.S.C. 101 because the claimed invention

is directed to non-statutory subject matter.  The claims lack the necessary physical

articles or objects to constitute a machine or a manufacture within the meaning of 35

USC 101.  They are clearly not a series of steps or acts to be a process nor are they a

combination of chemical compounds to be a composition of matter.  As such, they fail to

fall within a statutory category.  They are, at best, function descriptive material *per se*.

Descriptive material can be characterized as either "functional descriptive

material" or "nonfunctional descriptive material."  Both types of "descriptive material" are

APLNDC00027354

nonstatutory when claimed as descriptive material *per se*, 33 F.3d at 1360, 31 USPQ2d

at 1759. When functional descriptive material is recorded on some computer-readable

medium, it becomes structurally and functionally interrelated to the medium and will be

statutory in most cases since use of technology permits the function of the descriptive

material to be realized. Compare *In re Lowry*, 32 F.3d 1579, 1583-84, 32 USPQ2d

1031, 1035 (Fed. Cir. 1994).

Merely claiming nonfunctional descriptive material, i.e., abstract ideas, stored on

a computer-readable medium, in a computer, or on an electromagnetic carrier signal,

does not make it statutory. See *Diehr*, 450 U.S. at 185-86, 209 USPQ at 8 (noting that

the claims for an algorithm in *Benson* were unpatentable as abstract ideas because

"[t]he sole practical application of the algorithm was in connection with the programming

of a general purpose computer.").


### *Claim Rejections - 35 USC § 103*

07.    The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as
> set forth in section 102 of this title, if the differences between the subject matter sought to be
> patented and the prior art are such that the subject matter as a whole would have been obvious
> at the time the invention was made to a person having ordinary skill in the art to which said
> subject matter pertains.  Patentability shall not be negatived by the manner in which the invention
> was made.

08.    The factual inquiries set forth in *Graham* v. *John Deere Co.*, 383 U.S. 1, 148

USPQ 459 (1966), that are applied for establishing a background for determining

obviousness under 35 U.S.C. 103(a) are summarized as follows:

Application/Control Number: 11/620,720                                      Page 5
Art Unit: 2169

1.     Determining the scope and contents of the prior art.
2.     Ascertaining the differences between the prior art and the claims at issue.
3.     Resolving the level of ordinary skill in the pertinent art.
4.     Considering objective evidence present in the application indicating obviousness or
       nonobviousness.

09.     **Claims 1 – 3, 6 – 11, 13 – 18, 20 – 25** are rejected under 35 U.S.C. 103(a) as

being unpatentable over **Brechner et al. (US Patent 6,741,996)**, hereinafter 'Brechner'

in view of **Schwols (US Patent 6,83,721)**.

       Consider **claim 1**, Brechner discloses a machine implemented method for

compositing media content of a user interface for display on the device, comprising:

       providing a directory structure from a user device and hierarchically organizing

the files within it (read as constructing a data structure having a hierarchy of layers

associated with the user interface device) (column 2 lines 5 – 30);

       such that media files are located and are indexed in the hierarchical structure

(read as determining whether each layer of the data structure is associated with media

or non-media content) (column 1 lines 13 – 51, column 2 lines 5 – 30);

       storing the files of selected type in the hierarchy (read as storing media/non-

media content in a first/second memory location) (column 2 lines 5 – 45);

       displaying the content to the user (read as compositing the media content for

display on the device) (column 6 lines 1 – 29).

       Although Brechner teaches starting with a directory of all files types and

displaying media files, Brechner does not specifically disclose displaying both the media

files and non-media files.

       In the same field of endeavor, Schwols discloses a method, such that all file

types of displayed, including media and non-media types (read as compositing the

APLNDC00027356

Application/Control Number: 11/620,720                                  Page 6
Art Unit: 2169

media and non-media content for display on the device) (column 10 lines 23 – 63,

Figure 4).

Therefore it would have been obvious to one of ordinary skill in the art at the time

the invention was made to incorporate the file display technique taught by Schwols into

the media managing technique taught by Brechner for the purpose of allowing any type

of files to be sorted and displayed.

Consider **claim 2**, and **as applied to claim 1 above**, Brechner discloses a

method such that media files can be searched for and that they can be extracted (read

as detaching any layer associated with media content from the data structure) (column

5 lines 55 – 67, column 6 lines 49 – 67).

Consider **claim 3**, and **as applied to claim 1 above**, Brechner discloses a

method such that the content is displayed to the user through a display device (read as

retrieving the media content from the first memory location, retrieving the non-media

content from the second memory location, and scanning the media and non-media

content directly to the display) (column 6 lines 1 – 29, column 14 lines 29 – 61).

Consider **claim 6**, and **as applied to claim 1 above**, Brechner discloses a

method such that the media files can be video files (read as the media content

comprises video content) (column 6 lines 31 – 48).

Consider **claim 7**, and **as applied to claim 3 above**, Brechner discloses a

method such that the media files are viewed in a list structure (read as scaling the

media content prior to sending the media content to the display) (Figures 9, 10).

APLNDC00027357

Application/Control Number: 11/620,720                                    Page 7
Art Unit: 2169

Consider **claim 8**, and **as applied to claim 1 above**, Brechner discloses a
method such that the device is a computing device that has logical processing
capabilities (read as the device is a data processing device) (column 3 lines 17 – 29).

Consider **claim 9**, Brechner discloses a machine readable medium storing
executable program instructions which when executed cause a data processing system
to perform a method, comprising:

providing a directory structure from a user device and hierarchically organizing
the files within it (read as constructing a data structure having a hierarchy of layers
associated with the user interface device) (column 2 lines 5 – 30);

such that media files are located and are indexed in the hierarchical structure
(read as determining whether each layer of the data structure is associated with media
or non-media content) (column 1 lines 13 – 51, column 2 lines 5 – 30);

storing the files of selected type in the hierarchy (read as storing media/non-
media content in a first/second memory location) (column 2 lines 5 – 45);

displaying the content to the user (read as compositing the media content for
display on the device) (column 6 lines 1 – 29).

Although Brechner teaches starting with a directory of all files types and
displaying media files, Brechner does not specifically disclose displaying both the media
files and non-media files.

In the same field of endeavor, Schwols discloses a method, such that all file
types of displayed, including media and non-media types (read as compositing the

APLNDC00027358

Application/Control Number: 11/620,720                                    Page 8
Art Unit: 2169

media and non-media content for display on the device) (column 10 lines 23 – 63,

Figure 4).

Therefore it would have been obvious to one of ordinary skill in the art at the time

the invention was made to incorporate the file display technique taught by Schwols into

the media managing technique taught by Brechner for the purpose of allowing any type

of files to be sorted and displayed.

Consider **claim 10**, and **as applied to claim 9 above**, Brechner discloses a

medium such that media files can be searched for and that they can be extracted (read

as detaching any layer associated with media content from the data structure) (column

5 lines 55 – 67, column 6 lines 49 – 67).

Consider **claim 11**, and **as applied to claim 9 above**, Brechner discloses a

medium such that the content is displayed to the user through a display device (read as

retrieving the media content from the first memory location, retrieving the non-media

content from the second memory location, and scanning the media and non-media

content directly to the display) (column 6 lines 1 – 29, column 14 lines 29 – 61).

Consider **claim 13**, and **as applied to claim 1 above**, Brechner discloses a

medium such that the device is a computing device that has logical processing

capabilities (read as the device is a data processing device) (column 3 lines 17 – 29).

Consider **claim 14**, and **as applied to claim 1 above**, Brechner discloses a

medium such that the media files can be video files (read as the media content

comprises video content) (column 6 lines 31 – 48).

APLNDC00027359

Application/Control Number: 11/620,720                                     Page 9
Art Unit: 2169

Consider **claim 15**, and **as applied to claim 3 above**, Brechner discloses a
medium such that the media files are viewed in a list structure (read as scaling the
media content prior to sending the media content to the display) (Figures 9, 10).

Consider **claim 16**, Brechner discloses an apparatus, comprising:

providing a directory structure from a user device and hierarchically organizing
the files within it (read as means for constructing a data structure having a hierarchy of
layers associated with the user interface device) (column 2 lines 5 – 30);

such that media files are located and are indexed in the hierarchical structure
(read as means for determining whether each layer of the data structure is associated
with media or non-media content) (column 1 lines 13 – 51, column 2 lines 5 – 30);

storing the files of selected type in the hierarchy (read as means for storing
media/non-media content in a first/second memory location) (column 2 lines 5 – 45);

displaying the content to the user (read as means for compositing the media
content for display on the device) (column 6 lines 1 – 29).

Although Brechner teaches starting with a directory of all files types and
displaying media files, Brechner does not specifically disclose displaying both the media
files and non-media files.

In the same field of endeavor, Schwols discloses a method, such that all file
types of displayed, including media and non-media types (read as compositing the
media and non-media content for display on the device) (column 10 lines 23 – 63,
Figure 4).

APLNDC00027360

Application/Control Number: 11/620,720                                     Page 10
Art Unit: 2169

Therefore it would have been obvious to one of ordinary skill in the art at the time

the invention was made to incorporate the file display technique taught by Schwols into

the media managing technique taught by Brechner for the purpose of allowing any type

of files to be sorted and displayed.

Consider **claim 17**, and **as applied to claim 16 above**, Brechner discloses a

apparatus such that media files can be searched for and that they can be extracted

(read as means for detaching any layer associated with media content from the data

structure) (column 5 lines 55 – 67, column 6 lines 49 – 67).

Consider **claim 18**, and **as applied to claim 16 above**, Brechner discloses a

apparatus such that the content is displayed to the user through a display device (read

as means for retrieving the media content from the first memory location, means for

retrieving the non-media content from the second memory location, and means for

scanning the media and non-media content directly to the display) (column 6 lines 1 –

29, column 14 lines 29 – 61).

Consider **claim 20**, and **as applied to claim 17 above**, Brechner discloses a

apparatus such that the media files are viewed in a list structure (read as means for

scaling the media content prior to sending the media content to the display) (Figures 9,

10).

Consider **claim 21**, Brechner discloses a device, comprising:

user input (read as an input panel which is configured to receive user input)

(column 4 lines 35 – 67);

APLNDC00027361

Application/Control Number: 11/620,720                                       Page 11
Art Unit: 2169

displaying files (read as a display device integrated with the input panel, the

display device configured to display media content) (column 5 lines 18 – 24, column 6

lines 1 – 29);

providing a directory structure from a user device and hierarchically organizing

the files within it such that media files are located and are indexed in the hierarchical

structure (read as a central processing unit coupled to the input panel, the processor

being configured to execute one or more programs in order to construct a first data

structure having a hierarchy of layers with each layer associated with media or non-

media content, based on at least the user input) (column 1 lines 13 – 51, column 2 lines

5 – 30);

storing the files of selected type in the hierarchy (read as a memory coupled to

the processor, the memory being configured store the media/non-media content in a

first/second memory location) (column 2 lines 5 – 45);

Although Brechner teaches starting with a directory of all files types and

displaying media files, Brechner does not specifically disclose displaying both the media

files and non-media files.

In the same field of endeavor, Schwols discloses a method, such that all file

types of displayed, including media and non-media types (read as display media and

non-media content at the same time) (column 10 lines 23 – 63, Figure 4).

Therefore it would have been obvious to one of ordinary skill in the art at the time

the invention was made to incorporate the file display technique taught by Schwols into

APLNDC00027362

Application/Control Number: 11/620,720                                          Page 12
Art Unit: 2169

the media managing technique taught by Brechner for the purpose of allowing any type of files to be sorted and displayed.

Consider **claim 22**, and **as applied to claim 21 above**, Schwols discloses a device such that all files type of displayed (read as compositing the media and non-media content for display on the device) (column 10 lines 23 – 63, Figure 4).

Consider **claim 23**, and **as applied to claim 21 above**, Brechner discloses a device such that the locations of the media files are displayed (read as a graphics processing unit coupled to the memory, the graphics processing unit configured to receive instructions indicating the locations of the media and non-media content in the memory) (column 5 lines 18 – 24, column 14 lines 29 – 61).

Consider **claim 24**, and **as applied to claim 23 above**, Schwols discloses a device such that all files type of displayed (read as compositing the media and non-media content for display on the device) (column 10 lines 23 – 63, Figure 4).

Consider **claim 25**, and **as applied to claim 21 above**, Brechner discloses a device such that the device is a computing device that has logical processing capabilities (read as the device is a data processing device) (column 3 lines 17 – 29).


10.      **Claims 4, 5, 12, and 19** are rejected under 35 U.S.C. 103(a) as being unpatentable over **Brechner et al. (US Patent 6,741,996)**, hereinafter 'Brechner' in view of **Schwols (US Patent 6,83,721)**, in further view of **Cristofalo et al. (US PGPub 2002/0194589)**, hereinafter Cristofalo'.

APLNDC00027363

Application/Control Number: 11/620,720                                       Page 13
Art Unit: 2169

Consider **claim 4**, and **as applied to claim 3 above**, Brechner, as modified by Schwols, discloses a method of displaying content, however, a specific frame rate associated with the media content is not disclosed.

In the same field of endeavor Cristofalo discloses a method, such that media content can be thirty frames per second (read as the media content is scanned to the display at a rate of substantially thirty frames per second) (paragraphs [0012], [0026]).

Therefore it would have been obvious to one of ordinary skill in the art at the time the invention was made to incorporate the media frame rate taught by Cristofalo into the media managing method taught by Brechner, as modified by Schwols, for the purpose of displaying the media files to the user at a certain display rate.

Consider **claim 5**, and **as applied to claim 4 above**, Brechner, as modified by Schwols, discloses a method of displaying content, however, a specific frame rate associated with the media content is not disclosed.

In the same field of endeavor Cristofalo discloses a method, such that media content can be one frame per second (read as the media content is scanned to the display at a rate of substantially one frame per second) (paragraphs [0012], [0026]).

Therefore it would have been obvious to one of ordinary skill in the art at the time the invention was made to incorporate the media frame rate taught by Cristofalo into the media managing method taught by Brechner, as modified by Schwols, for the purpose of displaying the media files to the user at a certain display rate.

Application/Control Number: 11/620,720                                   Page 14
Art Unit: 2169

Consider **claim 12**, and **as applied to claim 9 above**, Brechner, as modified by Schwols, discloses a method of displaying content, however, a specific frame rate associated with the media content is not disclosed.

In the same field of endeavor Cristofalo discloses a method, such that media content can be thirty frames per second (read as the media content is scanned to the display at a rate of substantially thirty frames per second) (paragraphs [0012], [0026]).

Therefore it would have been obvious to one of ordinary skill in the art at the time the invention was made to incorporate the media frame rate taught by Cristofalo into the media managing method taught by Brechner, as modified by Schwols, for the purpose of displaying the media files to the user at a certain display rate.

Consider **claim 19**, and **as applied to claim 18 above**, Brechner, as modified by Schwols, discloses a method of displaying content, however, a specific frame rate associated with the media content is not disclosed.

In the same field of endeavor Cristofalo discloses a method, such that media content can be thirty frames per second (read as the media content is scanned to the display at a rate of substantially thirty frames per second) (paragraphs [0012], [0026]).

Therefore it would have been obvious to one of ordinary skill in the art at the time the invention was made to incorporate the media frame rate taught by Cristofalo into the media managing method taught by Brechner, as modified by Schwols, for the purpose of displaying the media files to the user at a certain display rate.

APLNDC00027365

Application/Control Number: 11/620,720                                         Page 15
Art Unit: 2169

### *Conclusion*

11.     The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure.

| | | | |
|---|---|---|---|
| a) Mendis, Venura C. et al. | US PGPub | 2007/0185876 |
| b) Howard, Bruce Thomas | US PGPub | 2007/0174257 |
| c) Drucker, Steven M. et al. | US Patent | 7,117,453 |
| d) Logston, Gary L. et al. | US PGPub | 2005/0193015 |
| e) Brechner, Eric L. et al. | US PGPub | 2004/0215643 |
| f) Orr, Michael B. et al. | US Patent | 5,903,902 |

12.     Any response to this Office Action should be **faxed to** (571) 273-8300 **or mailed**

**to**:

> Commissioner for Patents
> P.O. Box 1450
> Alexandria, VA 22313-1450

> **Hand-delivered responses** should be brought to

> Customer Service Window
> Randolph Building
> 401 Dulany Street
> Alexandria, VA 22314

13.     Any inquiry concerning this communication or earlier communications from the

Examiner should be directed to Christopher Raab whose telephone number is (571)

Application/Control Number: 11/620,720                                    Page 16
Art Unit: 2169

270-1090. The Examiner can normally be reached on Monday-Friday from 8:30am to

6:00pm.

If attempts to reach the Examiner by telephone are unsuccessful, the Examiner's

supervisor, Pierre Vital can be reached on (571) 272-4215. The fax phone number for

the organization where this application or proceeding is assigned is (571) 273-8300.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system. Status information for published

applications may be obtained from either Private PAIR or Public PAIR. Status

information for unpublished applications is available through Private PAIR only. For

more information about the PAIR system, see http://pair-direct.uspto.gov. Should you

have questions on access to the Private PAIR system, contact the Electronic Business

Center (EBC) at 866-217-9197 (toll-free) or 703-305-3028.

Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the receptionist/customer service whose telephone

number is (571) 272-2600.


Christopher Raab
C.R./cr

December 16, 2008


/Pierre M. Vital/
Supervisory Patent Examiner, Art Unit 2169

APLNDC00027367

| | | Application/Control No. | | Applicant(s)/Patent Under Reexamination | |
|---|---|---|---|---|---|
| ***Notice of References Cited*** | | 11/620,720 | | HARPER ET AL. | |
| | | Examiner | | Art Unit | |
| | | Christopher J. Raab | | 2169 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-6,741,996 | 05-2004 | Brechner et al. | 707/102 |
| * | B | US-2002/0194589 | 12-2002 | Cristofalo et al. | 725/32 |
| * | C | US-6,839,721 | 01-2005 | Schwols, Keith | 707/200 |
| * | D | US-2007/0185876 | 08-2007 | Mendis et al. | 707/010 |
| * | E | US-2007/0174257 | 07-2007 | HOWARD, BRUCE THOMAS | 707/3 |
| * | F | US-7,117,453 | 10-2006 | Drucker et al. | 715/833 |
| * | G | US-2005/0193015 | 09-2005 | Logston et al. | 707/104.1 |
| * | H | US-2004/0215643 | 10-2004 | Brechner et al. | 707/100 |
| * | I | US-5,903,902 | 05-1999 | Orr et al. | 715/202 |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

## PATENT COOPERATION TREATY

RECEIVED

From the INTERNATIONAL SEARCHING AUTHORITY

MAY 0 6 2008 **PCT**

BLAKELY SOKOLOFF TAYLOR & ZAFMAN
SUNNYVALE

| To:<br><br>BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP<br>Attn. Scheller, Jr James C.<br>1279 Oakmead Parkway<br>Sunnyvale, California 94085-4040<br>ETATS-UNIS D'AMERIQUE | **NOTIFICATION OF TRANSMITTAL OF<br>THE INTERNATIONAL SEARCH REPORT AND<br>THE WRITTEN OPINION OF THE INTERNATIONAL<br>SEARCHING AUTHORITY, OR THE DECLARATION** |
|---|---|

| | (PCT Rule 44.1) |
|---|---|
| | Date of mailing<br>*(day/month/year)*    02/05/2008 |

| Applicant's or agent's file reference<br>4860P5083PCT | **FOR FURTHER ACTION**    See paragraphs 1 and 4 below |
|---|---|
| International application No.<br>PCT/US2008/000069 | International filing date<br>*(day/month/year)*    04/01/2008 |

| Applicant<br><br>APPLE INC. |
|---|

1. [x] The applicant is hereby notified that the international search report and the written opinion of the International Searching Authority have been established and are transmitted herewith.

   **Filing of amendments and statement under Article 19:**
   The applicant is entitled, if he so wishes, to amend the claims of the International Application (see Rule 46):
   **When?**   The time limit for filing such amendments is normally two months from the date of transmittal of the International Search Report.
   **Where?**   Directly to the International Bureau of WIPO, 34 chemin des Colombettes
   1211 Geneva 20, Switzerland, Facsimile No.: (41–22) 338.82.70
   **For more detailed instructions,** see the notes on the accompanying sheet.

2. [ ] The applicant is hereby notified that no international search report will be established and that the declaration under Article 17(2)(a) to that effect and the written opinion of the International Searching Authority are transmitted herewith.

3. [ ] **With regard to the protest** against payment of (an) additional fee(s) under Rule 40.2, the applicant is notified that:

   [ ] the protest together with the decision thereon has been transmitted to the International Bureau together with the applicant's request to forward the texts of both the protest and the decision thereon to the designated Offices.

   [ ] no decision has been made yet on the protest; the applicant will be notified as soon as a decision is made.

4. **Reminders**

   Shortly after the expiration of **18 months** from the priority date, the international application will be published by the International Bureau. If the applicant wishes to avoid or postpone publication, a notice of withdrawal of the international application, or of the priority claim, must reach the International Bureau as provided in Rules 90*bis*.1 and 90*bis*.3, respectively, before the completion of the technical preparations for international publication.

   The applicant may submit comments on an informal basis on the written opinion of the International Searching Authority to the International Bureau. The International Bureau will send a copy of such comments to all designated Offices unless an international preliminary examination report has been or is to be established. These comments would also be made available to the public but not before the expiration of 30 months from the priority date.

   Within **19 months** from the priority date, but only in respect of some designated Offices, a demand for international preliminary examination must be filed if the applicant wishes to postpone the entry into the national phase **until 30 months** from the priority date (in some Offices even later); otherwise, the applicant must, **within 20 months** from the priority date, perform the prescribed acts for entry into the national phase before those designated Offices.

   In respect of other designated Offices, the time limit of **30 months** (or later) will apply even if no demand is filed within 19 months.

   See the Annex to Form PCT/IB/301 and, for details about the applicable time limits, Office by Office, see the *PCT Applicant's Guide*, Volume II, National Chapters and the WIPO Internet site.

| Name and mailing address of the International Searching Authority | Authorized officer |
|---|---|
| European Patent Office, P.B. 5818 Patentlaan 2<br>NL–2280 HV Rijswijk<br>Tel. (+31–70) 340–2040, Tx. 31 651 epo nl,<br>Fax: (+31–70) 340–3016 | Marja Brouwers<br><br>Date in to SV FF: 5 6 08<br>Docketed by: *[handwritten]*<br>Revd by: *(See notes on accompanying sheet)*<br>Sent Out by SV FF on: |

Form PCT/ISA/220 (October 2005)



## NOTES TO FORM PCT/ISA/220

These Notes are intended to give the basic instructions concerning the filing of amendments under article 19. The Notes are based on the requirements of the Patent Cooperation Treaty, the Regulations and the Administrative Instructions under that Treaty. In case of discrepancy between these Notes and those requirements, the latter are applicable. For more detailed information, see also the *PCT Applicant's Guide*, a publication of WIPO.

In these Notes, "Article", "Rule", and "Section" refer to the provisions of the PCT, the PCT Regulations and the PCT Administrative Instructions, respectively.

## INSTRUCTIONS CONCERNING AMENDMENTS UNDER ARTICLE 19

The applicant has, after having received the international search report and the written opinion of the International Searching Authority, one opportunity to amend the claims of the international application. It should however be emphasized that, since all parts of the international application (claims, description and drawings) may be amended during the international preliminary examination procedure, there is usually no need to file amendments of the claims under Article 19 except where, e.g. the applicant wants the latter to be published for the purposes of provisional protection or has another reason for amending the claims before international publication. Furthermore, it should be emphasized that provisional protection is available in some States only (see *PCT Applicant's Guide*, Volume I/A, Annexes B1 and B2).

The attention of the applicant is drawn to the fact that amendments to the claims under Article 19 are not allowed where the International Searching Authority has declared, under Article 17(2), that no international search report would be established (see *PCT Applicant's Guide*, Volume I/A, paragraph 296).

**What parts of the international application may be amended?**

Under Article 19, only the claims may be amended.

During the international phase, the claims may also be amended (or further amended) under Article 34 before the International Preliminary Examining Authority. The description and drawings may only be amended under Article 34 before the International Examining Authority.

Upon entry into the national phase, all parts of the international application may be amended under Article 28 or, where applicable, Article 41.

**When?**   Within 2 months from the date of transmittal of the international search report or 16 months from the priority date, whichever time limit expires later. It should be noted, however, that the amendments will be considered as having been received on time if they are received by the International Bureau after the expiration of the applicable time limit but before the completion of the technical preparations for international publication (Rule 46.1).

**Where not to file the amendments?**

The amendments may only be filed with the International Bureau and not with the receiving Office or the International Searching Authority (Rule 46.2).

Where a demand for international preliminary examination has been/is filed, see below.

**How?**   Either by cancelling one or more entire claims, by adding one or more new claims or by amending the text of one or more of the claims as filed.

A replacement sheet must be submitted for each sheet of the claims which, on account of an amendment or amendments, differs from the sheet originally filed.

All the claims appearing on a replacement sheet must be numbered in Arabic numerals. Where a claim is cancelled, no renumbering of the other claims is required. In all cases where claims are renumbered, they must be renumbered consecutively (Section 205(b)).

**The amendments must be made in the language in which the international application is to be published.**

**What documents must/may accompany the amendments?**

Letter (Section 205(b)):

The amendments must be submitted with a letter.

The letter will not be published with the international application and the amended claims. It should not be confused with the "Statement under Article 19(1)" (see below, under "Statement under Article 19(1)").

**The letter must be in English or French, at the choice of the applicant. However, if the language of the international application is English, the letter must be in English; if the language of the international application is French, the letter must be in French.**

APLNDC00027370

## PATENT COOPERATION TREATY

# PCT

### INTERNATIONAL SEARCH REPORT

(PCT Article 18 and Rules 43 and 44)

| Applicant's or agent's file reference | **FOR FURTHER ACTION** | see Form PCT/ISA/220 as well as, where applicable, item 5 below. | |
|---|---|---|---|
| 4860P5083PCT | | | |
| International application No. | International filing date *(day/month/year)* | (Earliest) Priority Date *(day/month/year)* | |
| PCT/US2008/000069 | 04/01/2008 | 07/01/2007 | |

Applicant

APPLE INC.

---

This international search report has been prepared by this International Searching Authority and is transmitted to the applicant according to Article 18. A copy is being transmitted to the International Bureau.

This international search report consists of a total of _____6_____ sheets.

[X] It is also accompanied by a copy of each prior art document cited in this report.

1. **Basis of the report**
   a. With regard to the **language,** the international search was carried out on the basis of:
      [X] the international application in the language in which it was filed
      [ ] a translation of the international application into _____ , which is the language of a translation furnished for the purposes of international search (Rules 12.3(a) and 23.1(b))

   b. [ ] This international search report has been established taking into account the **rectification of an obvious mistake** authorized by or notified to this Authority under Rule 91 (Rule 43.6*bis*(a)).

   c. [ ] With regard to any **nucleotide and/or amino acid sequence** disclosed in the international application, see Box No. I.

2. [X] **Certain claims were found unsearchable** (See Box No. II)

3. [ ] **Unity of invention is lacking** (see Box No III)

4. With regard to the **title,**
   [X] the text is approved as submitted by the applicant
   [ ] the text has been established by this Authority to read as follows:

5. With regard to the **abstract,**
   [X] the text is approved as submitted by the applicant
   [ ] the text has been established, according to Rule 38.2(b), by this Authority as it appears in Box No. IV. The applicant may, within one month from the date of mailing of this international search report, submit comments to this Authority

6. With regard to the **drawings,**
   a. the figure of the **drawings** to be published with the abstract is Figure No. _5a_____
      [ ] as suggested by the applicant
      [X] as selected by this Authority, because the applicant failed to suggest a figure
      [ ] as selected by this Authority, because this figure better characterizes the invention
   b. [ ] none of the figures is to be published with the abstract

Form PCT/ISA/210 (first sheet) (April 2007)

APLNDC00027371

# INTERNATIONAL SEARCH REPORT

| | International application No |
|---|---|
| | PCT/US2008/000069 |

**A. CLASSIFICATION OF SUBJECT MATTER**
INV.    G06F3/048

According to International Patent Classification (IPC) or to both national classification and IPC

**B. FIELDS SEARCHED**

Minimum documentation searched (classification system followed by classification symbols)
G06F

Documentation searched other than minimum documentation to the extent that such documents are included in the fields searched

Electronic data base consulted during the international search (name of data base and, where practical, search terms used)

EPO-Internal

**C. DOCUMENTS CONSIDERED TO BE RELEVANT**

| Category* | Citation of document, with indication, where appropriate, of the relevant passages | Relevant to claim No. |
|---|---|---|
| X | US 2004/100479 A1 (NAKANO MASAO [JP] ET AL) 27 May 2004 (2004-05-27) paragraphs [0016] - [0019], [0054], [0481] ----- | 1-14,71, 72 |
| X | US 2001/045949 A1 (CHITHAMBARAM NEMMARA [US] ET AL) 29 November 2001 (2001-11-29) paragraphs [0024] - [0026], [0084] ----- | 15-28, 73,74, 77-85 |
| X | US 2004/021676 A1 (CHEN HUNG-MING [TW] ET AL) 5 February 2004 (2004-02-05) paragraphs [0007] - [0011], [0020] - [0024] ----- | 29-48, 75,76 |
| X | US 2003/122787 A1 (ZIMMERMAN JOHN [US] ET AL) 3 July 2003 (2003-07-03) paragraphs [0006] - [0012], [0025] ----- | 49-67 |

-/--

| X | Further documents are listed in the continuation of Box C. | | X | See patent family annex. |
|---|---|---|---|---|

* Special categories of cited documents :

"A" document defining the general state of the art which is not considered to be of particular relevance

"E" earlier document but published on or after the international filing date

"L" document which may throw doubts on priority claim(s) or which is cited to establish the publication date of another citation or other special reason (as specified)

"O" document referring to an oral disclosure, use, exhibition or other means

"P" document published prior to the international filing date but later than the priority date claimed

"T" later document published after the international filing date or priority date and not in conflict with the application but cited to understand the principle or theory underlying the invention

"X" document of particular relevance; the claimed invention cannot be considered novel or cannot be considered to involve an inventive step when the document is taken alone

"Y" document of particular relevance; the claimed invention cannot be considered to involve an inventive step when the document is combined with one or more other such documents, such combination being obvious to a person skilled in the art.

"&" document member of the same patent family

| Date of the actual completion of the international search | Date of mailing of the international search report |
|---|---|
| 23 April 2008 | 02/05/2008 |

| Name and mailing address of the ISA/ | Authorized officer |
|---|---|
| European Patent Office, P.B. 5818 Patentlaan 2 NL - 2280 HV Rijswijk Tel. (+31-70) 340-2040, Tx. 31 651 epo nl, Fax: (+31-70) 340-3016 | Davenport, Kevin |

Form PCT/ISA/210 (second sheet) (April 2005)

page 1 of 2

APLNDC00027372

**INTERNATIONAL SEARCH REPORT**

| | International application No |
|---|---|
| | PCT/US2008/000069 |

C(Continuation).  DOCUMENTS CONSIDERED TO BE RELEVANT

| Category* | Citation of document, with indication, where appropriate, of the relevant passages | Relevant to claim No. |
|---|---|---|
| A | US 6 958 749 B1 (MATSUSHITA NOBUYUKI [JP] ET AL) 25 October 2005 (2005-10-25) paragraphs [0007] - [0013], [0033] ----- | 1-67, 71-85 |

9

APLNDC00027373

International Application No. PCT/US2008 /000069

**FURTHER INFORMATION CONTINUED FROM**   **PCT/ISA/** 210

Continuation of Box II.2

Claims Nos.:   68-70

Claim 68 concerns a device whereby user input is achieved based on "having positive and negative charges for each contact of the input panel"; it is not clear, either considering the claim alone or in the light of the description, what the subject-matter of the claim actually is and therefore a meaningful search is impossible.

The applicant's attention is drawn to the fact that claims relating to inventions in respect of which no international search report has been established need not be the subject of an international preliminary examination (Rule 66.1(e) PCT). The applicant is advised that the EPO policy when acting as an International Preliminary Examining Authority is normally not to carry out a preliminary examination on matter which has not been searched. This is the case irrespective of whether or not the claims are amended following receipt of the search report or during any Chapter II procedure. If the application proceeds into the regional phase before the EPO, the applicant is reminded that a search may be carried out during examination before the EPO (see EPO Guideline C-VI, 8.2), should the problems which led to the Article 17(2)PCT declaration be overcome.

APLNDC00027374

**INTERNATIONAL SEARCH REPORT**

International application No.
PCT/US2008/000069

| Box No. II | Observations where certain claims were found unsearchable (Continuation of item 2 of first sheet) |
|---|---|

This international search report has not been established in respect of certain claims under Article 17(2)(a) for the following reasons:

1. [ ] Claims Nos.:
because they relate to subject matter not required to be searched by this Authority, namely:

2. [X] Claims Nos.:      68-70
because they relate to parts of the international application that do not comply with the prescribed requirements to such an extent that no meaningful international search can be carried out, specifically:
see FURTHER INFORMATION sheet PCT/ISA/210

3. [ ] Claims Nos.:
because they are dependent claims and are not drafted in accordance with the second and third sentences of Rule 6.4(a).

| Box No. III | Observations where unity of invention is lacking (Continuation of item 3 of first sheet) |
|---|---|

This International Searching Authority found multiple inventions in this international application, as follows:

1. [ ] As all required additional search fees were timely paid by the applicant, this international search report covers all searchable claims.

2. [ ] As all searchable claims could be searched without effort justifying an additional fees, this Authority did not invite payment of additional fees.

3. [ ] As only some of the required additional search fees were timely paid by the applicant, this international search report covers only those claims for which fees were paid, specifically claims Nos.:

4. [ ] No required additional search fees were timely paid by the applicant. Consequently, this international search report is restricted to the invention first mentioned in the claims; it is covered by claims Nos.:

**Remark on Protest**
[ ] The additional search fees were accompanied by the applicant's protest and, where applicable, the payment of a protest fee.

[ ] The additional search fees were accompanied by the applicant's protest but the applicable protest fee was not paid within the time limit specified in the invitation.

[ ] No protest accompanied the payment of additional search fees.

Form PCT/ISA/210 (continuation of first sheet (2)) (April 2005)

APLNDC00027375

# INTERNATIONAL SEARCH REPORT

Information on patent family members

International application No

PCT/US2008/000069

| Patent document cited in search report | | Publication date | Patent family member(s) | | Publication date |
|---|---|---|---|---|---|
| US 2004100479 | A1 | 27-05-2004 | CN | 1458565 A | 26-11-2003 |
| | | | TW | 238348 B | 21-08-2005 |
| US 2001045949 | A1 | 29-11-2001 | US | 2007080958 A1 | 12-04-2007 |
| US 2004021676 | A1 | 05-02-2004 | TW | 591488 B | 11-06-2004 |
| US 2003122787 | A1 | 03-07-2003 | AU | 2002367041 A1 | 30-07-2003 |
| | | | CN | 1695105 A | 09-11-2005 |
| | | | EP | 1459165 A2 | 22-09-2004 |
| | | | WO | 03060622 A2 | 24-07-2003 |
| | | | JP | 2005515530 T | 26-05-2005 |
| | | | US | 2004125088 A1 | 01-07-2004 |
| US 6958749 | B1 | 25-10-2005 | JP | 2001134382 A | 18-05-2001 |

Form PCT/ISA/210 (patent family annex) (April 2005)

APLNDC00027376

# PATENT COOPERATION TREATY

| From the<br>INTERNATIONAL SEARCHING AUTHORITY | |
|---|---|
| To:<br><br>see form PCT/ISA/220 | # PCT<br><br>WRITTEN OPINION OF THE<br>INTERNATIONAL SEARCHING AUTHORITY<br>(PCT Rule 43bis.1) |

| | |
|---|---|
| | Date of mailing<br>(day/month/year)   see form PCT/ISA/210 (second sheet) |
| Applicant's or agent's file reference<br>see form PCT/ISA/220 | **FOR FURTHER ACTION**<br>See paragraph 2 below |

| International application No.<br>PCT/US2008/000069 | International filing date (day/month/year)<br>04.01.2008 | Priority date (day/month/year)<br>07.01.2007 |
|---|---|---|

| International Patent Classification (IPC) or both national classification and IPC<br>INV. G06F3/048 |
|---|

| Applicant<br>APPLE INC. |
|---|

1. This opinion contains indications relating to the following items:

☒ Box No. I    Basis of the opinion

☐ Box No. II    Priority

☒ Box No. III    Non-establishment of opinion with regard to novelty, inventive step and industrial applicability

☐ Box No. IV    Lack of unity of invention

☒ Box No. V    Reasoned statement under Rule 43bis.1(a)(i) with regard to novelty, inventive step or industrial applicability; citations and explanations supporting such statement

☐ Box No. VI    Certain documents cited

☐ Box No. VII    Certain defects in the international application

☐ Box No. VIII    Certain observations on the international application

2. **FURTHER ACTION**

If a demand for international preliminary examination is made, this opinion will usually be considered to be a written opinion of the International Preliminary Examining Authority ("IPEA") except that this does not apply where the applicant chooses an Authority other than this one to be the IPEA and the chosen IPEA has notified the International Bureau under Rule 66.1bis(b) that written opinions of this International Searching Authority will not be so considered.

If this opinion is, as provided above, considered to be a written opinion of the IPEA, the applicant is invited to submit to the IPEA a written reply together, where appropriate, with amendments, before the expiration of 3 months from the date of mailing of Form PCT/ISA/220 or before the expiration of 22 months from the priority date, whichever expires later.

For further options, see Form PCT/ISA/220.

3. For further details, see notes to Form PCT/ISA/220.

| Name and mailing address of the ISA:<br><br>European Patent Office - P.B. 5818 Patentlaan 2<br>NL-2280 HV Rijswijk - Pays Bac<br>Tel. +31 70 340 - 2040 Tx: 31 651 epo nl<br>Fax: +31 70 340 - 3016 | Date of completion of<br>this opinion<br>see form<br>PCT/ISA/210 | Authorized Officer<br><br>Davenport, Kevin<br><br>Telephone No. +31 70 340-2191 |
|---|---|---|

Form (PCT/ISA/237) (Cover Sheet) (April 2005)

APLNDC00027377

**WRITTEN OPINION OF THE**
**INTERNATIONAL SEARCHING AUTHORITY**

International application No.
PCT/US2008/000069

---

**Box No. I    Basis of the opinion**

1. With regard to the **language**, this opinion has been established on the basis of:

   ☒   the international application in the language in which it was filed

   ☐   a translation of the international application into  , which is the language of a translation furnished for the purposes of international search (Rules 12.3(a) and 23.1 (b)).

2. ☐   This opinion has been established taking into account the **rectification of an obvious mistake** authorized by or notified to this Authority under Rule 91 (Rule 43bis.1(a))

3. With regard to any **nucleotide and/or amino acid sequence** disclosed in the international application and necessary to the claimed invention, this opinion has been established on the basis of:

   a. type of material:

   ☐   a sequence listing

   ☐   table(s) related to the sequence listing

   b. format of material:

   ☐   on paper

   ☐   in electronic form

   c. time of filing/furnishing:

   ☐   contained in the international application as filed.

   ☐   filed together with the international application in electronic form.

   ☐   furnished subsequently to this Authority for the purposes of search.

4. ☐   In addition, in the case that more than one version or copy of a sequence listing and/or table relating thereto has been filed or furnished, the required statements that the information in the subsequent or additional copies is identical to that in the application as filed or does not go beyond the application as filed, as appropriate, were furnished.

5. Additional comments:

Form  PCT/ISA/ 237 (April 2007)

APLNDC00027378

**WRITTEN OPINION OF THE
INTERNATIONAL SEARCHING AUTHORITY**

International application No.
PCT/US2008/000069

---

**Box No. III    Non-establishment of opinion with regard to novelty, inventive step and industrial
applicability**

The questions whether the claimed invention appears to be novel, to involve an inventive step (to be non
obvious), or to be industrially applicable have not been examined in respect of

☐   the entire international application

☒   claims Nos. <u>68-70</u>

because:

☐   the said international application, or the said claims Nos.    relate to the following subject matter which does
not require an international search (specify):

☐   the description, claims or drawings (indicate particular elements below) or said claims Nos.    are so unclear
that no meaningful opinion could be formed (specify):

☐   the claims, or said claims Nos. are so inadequately supported by the description that no meaningful opinion
could be formed (specify):

☒   no international search report has been established for the whole application or for said claims Nos. <u>68-70</u>

☐   a meaningful opinion could not be formed without the sequence listing; the applicant did not, within the
prescribed time limit:

    ☐   furnish a sequence listing on paper complying with the standard provided for in Annex C of the
Administrative Instructions, and such listing was not available to the International Searching
Authority in a form and manner acceptable to it.

    ☐   furnish a sequence listing in electronic form complying with the standard provided for in Annex C
of the Administrative Instructions, and such listing was not available to the International Searching
Authority in a form and manner acceptable to it.

    ☐   pay the required late furnishing fee for the furnishing of a sequence listing in response to an
invitation under Rules 13ter.1(a) or (b).

☐   a meaningful opinion could not be formed without the tables related to the sequence listings; the applicant
did not, within the prescribed time limit, furnish such tables in electronic form complying with the technical
requirements provided for in Annex C-bis of the Administrative Instructions, and such tables were not
available to the International Searching Authority in a form and manner acceptable to it.

☐   the tables related to the nucleotide and/or amino acid sequence listing, if in electronic form only, do not
comply with the technical requirements provided for in Annex C-bis of the Administrative Instructions.

☐   See Supplemental Box for further details

APLNDC00027379

**WRITTEN OPINION OF THE**
**INTERNATIONAL SEARCHING AUTHORITY**

International application No.
PCT/US2008/000069

---

**Box No. V     Reasoned statement under Rule 43bis.1(a)(i) with regard to novelty, inventive step or industrial applicability; citations and explanations supporting such statement**

1.  Statement

| | | | |
|---|---|---|---|
| Novelty (N) | Yes: | Claims | |
| | No: | Claims | 1-67,71-85 |
| Inventive step (IS) | Yes: | Claims | |
| | No: | Claims | 1-67,71-85 |
| Industrial applicability (IA) | Yes: | Claims | 1-67,71-85 |
| | No: | Claims | |

2.  Citations and explanations

**see separate sheet**

APLNDC00027380