EXHIBIT 5.06

| S108 | 11 | ((gestur$3 touch$3 tap tapping) near12 input$4) and (scroll$3 near12 (rubber or rubberband$3)) | US-PGPUB; USPAT | OR | ON | 2009/12/02 18:41 |
| S109 | 30 | S63 and scroll$3 | US-PGPUB; USPAT | OR | ON | 2009/12/02 19:06 |
| S110 | 30 | S109 and ((gestur$3 touch$3 tap$4) near20 ((two twice dual double plural plurality multiple multi) near6 (point region zone area))) | US-PGPUB; USPAT | OR | ON | 2009/12/02 19:50 |
| S111 | 1 | ("20080005703").PN. | US-PGPUB; USPAT | OR | OFF | 2009/12/02 20:04 |
| S112 | 1 | S111 and scroll$3 | US-PGPUB; USPAT | OR | ON | 2009/12/02 20:04 |

**EAST Search History (Interference)**

<This search history is empty>

**12/3/2009 11:36:31 AM**
**C:\ Documents and Settings\ xbautista\ My Documents\ EAST\ Workspaces\ 11620717.wsp**

APLNDC00027456

| *Notice of References Cited* | Application/Control No.<br>11/620,717 | Applicant(s)/Patent Under Reexamination<br>PLATZER ET AL. | |
|---|---|---|---|
| | Examiner<br>X. L. Bautista | Art Unit<br>2179 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-7,576,732 B2 | 08-2009 | Lii, Jia-Yih | 345/173 |
| * | B | US-2007/0252821 A1 | 11-2007 | Hollemans et al. | 345/173 |
| * | C | US-6,677,965 B1 | 01-2004 | Ullmann et al. | 715/786 |
| * | D | US-2008/0005703 A1 | 01-2008 | Radivojevic et al. | 715/863 |
| * | E | US-2005/0057524 a1 | 03-2005 | Hill et al. | 345/173 |
| * | F | US-6,958,749 B1 | 10-2005 | Matsushita et al. | 345/175 |
| * | G | US-2009/0259969 A1 | 10-2009 | Pallakoff, Matt | 715/808 |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)      **Notice of References Cited**      Part of Paper No. 20091221

APLNDC00027457

| Substitute for form 1449A/PTO | Complete if Known | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | **Application Number** | 11/620,717 |
| | **Filing Date** | January 7, 2007 |
| | **First Named Inventor** | Platzer, Andrew |
| | **Group Art Unit** | 2179 |
| | **Examiner Name** | Bautista, Xiomara |
| Sheet  1 of 2 | Attorney Docket No: 4860P4895 | |

| US PATENT DOCUMENTS | | | | | |
|---|---|---|---|---|---|
| Examiner Initial * | Cite No [1] | USP Document Number | Publication or Issue Date MM-DD-YYYY | Name of Patentee or Applicant of cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
| | | US-20010045949 | 11/29/2001 | Chithambaram, Nemmara , et al. | |
| | | US-20020194589 | 12/19/2002 | Cristofalo, Michael , et al. | |
| | | US-2003/0095096 | 05/22/2003 | Robbin, et al. | |
| | | US-2003/0132959 | 07/17/2003 | Simister, J. B., et al. | |
| | | US-20030122787 | 07/03/2003 | Zimmerman, John , et al. | |
| | | US-20030160832 | 08/28/2003 | Ridgley, Brad , et al. | |
| | | US-20030174149 | 09/18/2003 | Fujisaki, Hitomi , et al. | |
| | | US-2004/0224638 | 11/11/2004 | Fadell, Anthony M., et al. | |
| | | US-20040021676 | 02/05/2004 | Chen, Hung-Ming , et al. | |
| | | US-20040021698 | 02/05/2004 | Baldwin, Amanda K., et al. | |
| | | US-20040100479 | 05/27/2004 | Nakano, Masao , et al. | |
| | | US-20040215643 | 10/28/2004 | Brechner, Eric L., et al. | |
| | | US-20040222992 | 11/11/2004 | Calkins, Matt , et al. | |
| | | US-2005/0088443 | 04/28/2005 | Blanco, Leonardo , et al. | |
| | | US-20050193015 | 09/01/2005 | Logston, Gary L., et al. | |
| | | US-2006/0190833 | 08/24/2006 | SanGiovanni, John , et al. | |
| | | US-20070075965 | 04/05/2007 | Huppi, et al. | |
| | | US-20070174257 | 07/26/2007 | Howard, Bruce T. | |
| | | US-20070185876 | 08/09/2007 | Mendis, Venura C., et al. | |
| | | US-20070288856 | 12/13/2007 | Butlin, Stefan G., et al. | |
| | | US-20080034029 | 02/07/2008 | Fang, Nicholas J., et al. | |
| | | US-5,534,893 | 07/09/1996 | Hansen, Daniel J., et al. | |
| | | US-5,903,902 | 05/11/1999 | Orr, Michael B., et al. | |
| | | US-6,486,896 | 11/26/2002 | Ubillos, Randall H. | |
| | | US-6,741,996 | 05/25/2004 | Brechner, Eric L., et al. | |
| | | US-6,839,721 | 01/04/2005 | Schwols, Keith | |
| | | US-6,903,927 | 06/07/2005 | Anlauff, Marcus | |
| | | US-6,958,749 | 10/25/2005 | Matsushita, Nobuyuki , et al. | |
| | | US-7,009,626 | 03/07/2006 | Anwar, Majid | |
| | | US-7,088,374 | 08/08/2006 | David, Paul C., et al. | |
| | | US-7,117,453 | 10/03/2006 | Drucker, Steven M., et al. | |
| | | US-7,173,623 | 02/06/2007 | Calkins, Matt , et al. | |
| | | US-7,337,412 | 02/26/2008 | Guido, Patrick R., et al. | |
| | | US-7,346,850 | 03/18/2008 | Swartz, Gregory J., et al. | |

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /X.B./

| EXAMINER | /Xiomara Bautista/ | DATE CONSIDERED | 12/03/2009 |
|---|---|---|---|

Based on PTO/SB/08A(09-06) - Substitute Disclosure Statement Form (PTO-1449) as modified by BSTZ 03/26/07
* EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.ɪ Applicant's unique citation designation number (optional) ɔ Applicant is to place a check mark here if English language Translation is attached

APLNDC00027458

| Substitute for form 1449A/PTO | Complete if Known | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | 11/620,717 |
| | Filing Date | January 7, 2007 |
| | First Named Inventor | Platzer, Andrew |
| | Group Art Unit | 2179 |
| | Examiner Name | Bautista,  Xiomara |
| Sheet  2 of 2 | Attorney Docket No: 4860P4895 | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No [1] | Foreign Patent Document Country Code/Number/Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T [2] |
|---|---|---|---|---|---|---|
| | | EP-1517228 | 03/23/2005 | Hill, Douglas B., et al. | | |
| | | WO-2006/067711 | 06/29/2006 | Holtman, Koen J. | | |

## OTHER DOCUMENTS -- NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No [1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T [2] |
|---|---|---|---|
| | | OFFICE ACTION, U.S. Ser. No. 11/620,723, mailed April 1, 2009, 8 pages., | |
| | | OFFICE ACTION, U.S. Ser. No. 11/620,709, mailed April 1, 2009, 8 pages., | |
| | | OFFICE ACTION, U.S. Ser. No. 11/620,720, mailed June 23, 2009, 17 pages. | |
| | | OFFICE ACTION, U.S. Ser. No. 11/620,720, mailed December 23, 2008, 18 pages., | |
| | | PCT International Search Report and Written Opinion for PCT International Appln. No. US2008/000058, mailed 31 July 2008 (10 pages)., | |
| | | PCT International Search Report and Written Opinion for PCT International Appln. No. US2008/000089, mailed 6 April 2008 (14 pages)., | |
| | | PCT International Search Report and Written Opinion for PCT International Appln. No. PCT/US2008/000103, mailed 3 June 2008 (15 pages)., | |
| | | PCT International Search Report and Written Opinion for PCT International Appln. No. PCT/US2008/000069, mailed 2 May 2008 (16 pages)., | |
| | | PCT International Search Report and Written Opinion for PCT International Appln. No. PCT/US2008/000060, mailed 22 April 2008 (12 pages)., | |

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /X.B./

| EXAMINER | /Xiomara Bautista/ | DATE CONSIDERED | 12/03/2009 |
|---|---|---|---|

Based on PTO/SB/08A(09-06) - Substitute Disclosure Statement Form (PTO-1449) as modified by BSTZ 03/26/07
* EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.‡ Applicant's unique citation designation number (optional) ₂ Applicant is to place a check mark here if English language Translation is attached

APLNDC00027459

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant | : Andrew Platzer | Examiner: Bautista, Xiomara L |
| Appl. No. | : 11/620,717 | TC/A.U.: 2179 |
| Filed | : January 7, 2007 | Confirmation No. 9801 |
| For | : APPLICATION PROGRAMMING INTERFACES FOR SCROLLING OPERATIONS | **CERTIFICATE OF TRANSMISSION** |
| Customer No. | : 45217 | |

**CERTIFICATE OF TRANSMISSION**
I hereby certify that this correspondence is being submitted electronically via EFS Web on the date shown below.

 /Jeremy Schweigert/     March 29, 2010
***Jeremy Schweigert    Date***

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

### AMENDMENT

Sir:

In response to the Office Action of December 29, 2009, applicants respectfully request the Examiner to enter the following amendments and consider the following remarks:

APLNDC00027460

**Amendments to the Claims:**

The listing of claims will replace all prior versions, and listings, of claims in the application:

**Listing of Claims:**

1.  (Original)  A machine implemented method for scrolling on a display of a device comprising:

> receiving a user input;
>
> creating an event object in response to the user input;
>
> determining whether the event object invokes a scroll or gesture operation;
>
> issuing at least one scroll or gesture call based on invoking the scroll or gesture operation;
>
> responding to at least one scroll call, if issued, by scrolling a window having a view associated with the event object based on an amount of a scroll with the scroll stopped at a predetermined position in relation to the user input; and
>
> responding to at least one gesture call, if issued, by scaling the view associated with the event object based on receiving a plurality of input points in the form of the user input.

2.  (Original)  The method as in claim 1, further comprising:

rubberbanding a scrolling region displayed within the window by a predetermined maximum displacement when the scrolling region exceeds a window edge based on the scroll.

3.  (Original)  The method as in claim 1, further comprising:

attaching scroll indicators to a content edge of the window.

APLNDC00027461

4.  (Original)  The method as in claim 1, further comprising:

attaching scroll indicators to the window edge.


5.  (Original)  The method as in claim 1, wherein determining whether the event object invokes a scroll or gesture operation is based on receiving a drag user input for a certain time period.


6.  (Original)  The method as in claim 1, further comprising:

responding to at least one gesture call, if issued, by rotating a view associated with the event object based on receiving a plurality of input points in the form of the user input.


7.  (Original)  The method as in claim 1, wherein the device is one of: a data processing device, a portable device, a portable data processing device, a multi touch device, a multi touch portable device, a wireless device, and a cell phone.


8.  (Currently amended)  A machine readable storage medium storing executable program instructions which when executed cause a data processing system to perform a method comprising:

receiving a user input;

creating an event object in response to the user input;

determining whether the event object invokes a scroll or gesture operation;

issuing at least one scroll or gesture call based on invoking the scroll or gesture operation;

responding to at least one scroll call, if issued, by scrolling a window having a view associated with the event object ~~based on an amount of a scroll with the scroll stopped at a predetermined position in relation to the user input~~; and

APLNDC00027462

responding to at least one gesture call, if issued, by scaling the view associated with the event object based on receiving a plurality of input points in the form of the user input.

9. (Original)  The medium as in claim 8, further comprising:
rubberbanding a scrolling region displayed within the window by a predetermined maximum displacement when the scrolled region exceeds a window edge based on the scroll.

10. (Original)  The medium as in claim 8, further comprising:
attaching scroll indicators to a content edge of the view.

11. (Original)  The medium as in claim 8, further comprising:
attaching scroll indicators to a window edge of the view.

12. (Original)  The medium as in claim 8, wherein determining whether the event object invokes a scroll or gesture operation is based on receiving a drag user input for a certain time period.

13. (Original)  The medium as in claim 8, further comprising:
responding to at least one gesture call, if issued, by rotating a view associated with the event object based on receiving a plurality of input points in the form of the user input.

14. (Original)  The medium as in claim 8, wherein the data processing system is one of: a data processing device, a portable device, a portable data processing device, a multi touch device, a multi touch portable device, a wireless device, and a cell phone.

15.-88. – (Withdrawn)

APLNDC00027463

89.  (Currently amended)  ~~In an environment with user interface software interacting with a software application, an~~ An apparatus, comprising:

> means for receiving, through a hardware device, a user input on a display of the apparatus;

> means for creating an event object in response to the user input;

> means for determining whether the event object invokes a scroll or gesture operation;

> means for issuing at least one scroll or gesture call based on invoking the scroll or gesture operation;

> means for responding to at least one scroll call, if issued, by scrolling a window having a view associated with the event object ~~based on an amount of a scroll with the scroll stopped at a predetermined position in relation to the user input~~; and

> means for responding to at least one gesture call, if issued, by scaling the view associated with the event object based on receiving a plurality of input points in the form of the user input.

90.  (Previously presented)  The apparatus as in claim 89, further comprising:

> means for rubberbanding a scrolling region displayed within the window by a predetermined maximum displacement when the scrolling region exceeds a window edge based on the scroll.

91.  (Previously presented)  The apparatus as in claim 89, further comprising:

> means for attaching scroll indicators to a content edge of the window.

92.  (Previously presented)  The apparatus as in claim 89, further comprising:

> means for attaching scroll indicators to the window edge.

93.  (Previously presented)  The apparatus as in claim 89, wherein determining whether the event object invokes a scroll or gesture operation is based on receiving a drag user input for a certain time period.

APLNDC00027464

94.  (Previously presented)  The apparatus as in claim 89, further comprising:

means for responding to at least one gesture call, if issued, by rotating a view associated with the event object based on receiving a plurality of input points in the form of the user input.

95.  (Previously presented) The apparatus as in claim 89, wherein the apparatus is one of: a data processing device, a portable device, a portable data processing device, a multi touch device, a multi touch portable device, a wireless device, and a cell phone.

APLNDC00027465

**Remarks/Arguments**

Applicants respectfully request consideration of the subject application as amended herein.  This Amendment is submitted in response to the Office Action mailed December 29, 2009.  Claims 1-14 and 89-95 are rejected.

In this Amendment, claims 8 and 89 have been amended.  It is respectfully submitted that the amendment does not add new matter.

Applicants reserve all rights with respect to the applicability of the Doctrine of equivalents.

**Claim Rejections under 35 U.S.C. §101**

The Examiner has rejected claims 89-95 under 35 U.S.C. §101 because the claimed invention is directed to non-statutory subject matter.  The Examiner indicates that claim 89 recites the limitation "an environment with user interface software."

This limitation has been deleted from claim 89, as amended.  Claim 89 is directed to an apparatus, which is statutory subject matter.  The apparatus includes the limitation "means for receiving, through a hardware device, a user input on a display of the apparatus."  The apparatus is claimed in terms of means plus function.  Accordingly, applicants respectfully submit that claims 89-95 are directed to statutory subject matter and request the removal of the rejection of these claims under 35 U.S.C. §101.

**Claim Rejections under 35 U.S.C. §103**

The Office Action indicates that claims 1, 6-8, 13, 14, 89, 94, and 95 are rejected under 35 U.S.C 103(a) as being unpatentable over Lii (US 7,576,732) and Hollemans (2007/0252821).

Claim 1 reads as follows.

A machine implemented method for scrolling on a display of a device comprising:
receiving a user input;

APLNDC00027466

creating an event object in response to the user input;

determining whether the event object invokes a scroll or gesture operation;

issuing at least one scroll or gesture call based on invoking the scroll or gesture operation;

responding to at least one scroll call, if issued, by scrolling a window having a view associated with the event object based on an amount of a scroll with the scroll stopped at a predetermined position in relation to the user input; and

responding to at least one gesture call, if issued, by scaling the view associated with the event object based on receiving a plurality of input points in the form of the user input.

Lii focuses exclusively on scrolling operations with a single finger input received in a region 22 or in a cursor control region 24 as described below.

FIG. 2 shows a touchpad 20 according to the present invention, on which a region 22 to trigger a scroll function and a cursor control region 24 are defined. **When user's finger 26 lands on the touchpad 20, the touchpad 20 detects the landed position first. If this landed position is located within the cursor control region 24, the touchpad 20 executes general cursor control function, by which the movement of the user's finger 26 causes corresponding movement of a cursor on a window. If the landed position is located within the region 22, the touchpad 20 executes the scroll function, by which the movement of the user's finger 26 causes corresponding scroll control of the window.** Once the scroll function is triggered, the window can be scrolled by sliding the **user's finger 26** anywhere on the touchpad 20. The scroll function will not be terminated even if the **user's finger 26** slides from the region 22 into the cursor control region 24, as shown in FIG. 2. As a result, the user can execute horizontal and vertical scrolling operations by a continuous movement. When the **finger 26** slides on the touchpad 20, the moving distance will be calculated. In a movement of the **finger 26**, as shown in FIG. 3, if the horizontal moving distance x is greater than the vertical moving distance y, the touchpad 20 sends out a scrolling signal for horizontally scrolling the window. On the contrary, if the horizontal moving distance x is smaller than the vertical moving distance y, the touchpad 20 sends out a scrolling signal for vertically scrolling the window. In another embodiment, the scrolling signal may scroll the window in horizontal and vertical directions simultaneously by a movement on the touchpad 20, depending on the horizontal moving distance x and vertical moving distance y.  (Lii, col. 2, lines 32-62).

APLNDC00027467

Thus, Lii is concerned with determining whether a single user's finger 26 touches a scroll region 22 or a cursor control region 24. Lii is attempting to improve upon a touchpad 10 illustrated in Figure 1 in which only vertical 14 or horizontal 16 scroll regions are part of the touchpad 10.

In contrast to claim 1, Lii fails to teach or disclose **determining whether the event object invokes a scroll or gesture operation** because Lii is concerning with determining whether a single user's finger 26 touches a scroll region 22 or a cursor control region 24. Lii also fails to teach or disclose any type of **scroll or gesture calls**.

Thus, Lii fails to teach or disclose the limitations "determining whether the event object invokes a scroll or gesture operation; issuing at least one scroll or gesture call based on invoking the scroll or gesture operation; responding to at least one scroll call, if issued, by scrolling a window having a view associated with the event object ...; and responding to at least one gesture call, if issued, by scaling the view associated with the event object based on receiving a plurality of input points in the form of the user input.

Therefore, Lii does not disclose or teach each and every limitation of claim 1.

Hollemans is entitled "Use of a **Two Finger Input** on Touch Screens." Hollemans discloses a method and apparatus for a touch mechanism to detect a **two-finger input** on touch screens. Although in the typical sensing grid system, it is difficult to determine the placement of the fingers on the grid, in a first aspect of the invention a square formed by the activation of the lines on the sensing grid caused by **two finger touch** can be used to make a selection of items that are displayed within this square in order to select, zoom, copy, move, delete, etc., or select a dial to rotate the contents of the grid. In the present invention, a combinatorial matrix touch screen is used to indicate a square with **two fingers**. (Hollemans, paragraph [0007]).

Thus, Hollemans is focused exclusively on detecting a two-finger input on touch screens and determining operations such as select, zoom, copy, move, delete based on the two-finger input.

APLNDC00027468

In contrast to claim 1, Hollemans fails to teach or disclose **determining whether the event object invokes a scroll or gesture operation** because Hollemans is concerned with detecting a two-finger input on touch screens. Hollemans also fails to teach or disclose any type of **scroll or gesture calls**. Thus, Hollemans fails to teach or disclose the limitations "determining whether the event object invokes a scroll or gesture operation; issuing at least one scroll or gesture call based on invoking the scroll or gesture operation; responding to at least one scroll call, if issued, by scrolling a window having a view associated with the event object based on an amount of a scroll with the scroll stopped at a predetermined position in relation to the user input; and responding to at least one gesture call, if issued, by scaling the view

associated with the event object based on receiving a plurality of input points in the form of the user input.

The Office Action indicates it would have been obvious to one ordinarily skilled in the art at the time the invention was made to modify Lii to include Hollemans' teaching of scaling an object or view when detecting a finger input because it simply facilitates the user's interaction with the computer device. (Office Action, 12/29/10, page 4).  Applicant respectfully disagree.

Lii is concerned with determining whether a single user's finger 26 touches a scroll region 22 or a cursor control region 24. Lii is attempting to improve upon a touchpad 10 illustrated in Figure 1 in which only vertical 14 or horizontal 16 scroll regions are part of the touchpad 10. Conversely, Hollemans focuses exclusively on detecting a two-finger input on touch screens and determining operations such as select, zoom, copy, move, delete based on the two-finger input.  Hollemans is silent regarding detecting a single finger input.  Hollemans discloses various techniques for detecting a two-finger input.  Thus, the techniques and teaching of Hollemans are valid and useful only with a two-finger input.

The Examiner's proposed modification of Lii with Hollemans would render Lii inoperable for its intended use, namely, providing an improved touchpad that can distinguish between a single finger input in a predefined scroll region 22

APLNDC00027469

versus a cursor control region 24.  Lii is silent regarding being able to receive a two-finger input and determining whether the two-fingers landed in the scroll region 22 or cursor control region 24.  In some cases, a two-finger input would land partially in the scroll region 22 and partially in the cursor control region 22.  This would lead to confusion regarding whether a user intends to move a cursor or scroll in the scroll region. The Examiner's proposed modification would actually lead to user frustration with the touchpad and not facilitate the user's interaction with the computer device.  It would be impermissible hindsight to combine Lii with Hollemans based on applicant's own disclosure.

Therefore, in view of the above distinction, neither Lii nor Hollemans, individually or in combination, disclose each and every limitation of claim 1.  As such, claim 1 is not rendered obvious by Lii in view of Hollemans under 35 U.S.C. § 103(a).

Independent claims 8 and 89 contain similar limitations but not identical compared to the limitations of claim 1.  For similar reasons, independent claims 8 and 89 are not rendered obvious by Lii in view of Hollemans under 35 U.S.C. § 103(a).

It is submitted that dependent claims 6-8, 13, 14, 94, and 95 are not rendered obvious by Lii in view of Hollemans under 35 U.S.C. § 103(a) given that claims 6-8, 13, 14, 94, and 95 depend from and include the limitations of one of the corresponding independent claims 1, 8, and 89.

The Office Action indicates that claims 2-5, 9-12, and 90-93 are rejected under 35 U.S.C 103(a) as being unpatentable over Lii/Hollemans and Ullmann et al (US 6,677,965).

Claims 2-5, 9-12, and 90-93 depend from and include the limitations of one of the corresponding independent claims 1, 8, and 89 noted above.  It is submitted that the Ullmann fails to cure the deficiencies of Lii/Hollemans noted above with respect to claim 1 and, therefore, claims 2-5, 9-12, and 90-93 are patentable over the combination of cited references.

APLNDC00027470

**Conclusion**

Applicant respectfully submits that in view of the amendments and discussion set forth herein, the applicable rejections have been overcome. Accordingly, the present and amended claims should be found to be in condition for allowance.

If a telephone interview would expedite the prosecution of this application, the Examiner is invited to contact the undersigned at (408) 720-8300.

If there are any additional charges/credits, please charge/credit our deposit account no. 02-2666.

Respectfully submitted,

BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP

Dated: March 29, 2010         /Jeremy Schweigert/
Jeremy Schweigert
Reg. No. 56,244

Customer No. 45217
1279 Oakmead Parkway
Sunnyvale, CA 94085
(408) 720-8300

APLNDC00027471

Attorney's Docket No. <u>4860P4895</u>                         PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Application of:

    Andrew Platzer                          Examiner:  Bautista, Xiomara L

Application No.: 11/620,717                Art Unit:            2179

Filed:              January 7, 2007        Confirmation No.: 9801

For:  APPLICATION PROGRAMMING
      INTERFACES FOR SCROLLING
      OPERATIONS

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia  22313-1450

<u>INFORMATION DISCLOSURE STATEMENT</u>

Sir:

      Enclosed is a copy of Information Disclosure Citation Form PTO-1449 or PTO/SB/08 together with copies of the documents cited on that form, except for copies not required to be submitted (e.g., copies of U.S. patents and U.S. published patent applications need not be enclosed for applications filed after June 30, 2003).  It is respectfully requested that the cited documents be considered and that the enclosed copy of Information Disclosure Citation Form PTO-1449 or PTO/SB/08 be initialed by the Examiner to indicate such consideration and a copy thereof returned to applicant(s).

I hereby certify that this correspondence is being submitted electronically via EFS Web to the United States Patent and Trademark Office on the date shown below.
                March 29, 2010                                   .
                  (Date of Deposit)
                Jeremy A. Schweigert
    (Typed or printed name of person mailing correspondence)

 /Jeremy A. Schweigert/                            March 29, 2010
    (Signature of person mailing correspondence)          (Date)

APLNDC00027472

Pursuant to 37 C.F.R. § 1.97, the submission of this Information Disclosure Statement is not to be construed as a representation that a search has been made and is not to be construed as an admission that the information cited in this statement is material to patentability.

Pursuant to 37 C.F.R. § 1.97, this Information Disclosure Statement is being submitted under one of the following (as indicated by an "X" to the left of the appropriate paragraph):

_____     37 C.F.R. §1.97(b).

__X__     37 C.F.R. §1.97(c).  If so, then enclosed with this Information Disclosure Statement is one of the following:

_____     A statement pursuant to 37 C.F.R. §1.97(e) or

__X__     **The Director is Authorized to charge our Deposit Acct. No. 02-2666 in the amount of $180.00 for the fee under 37 C.F.R. § 1.17(p).**

_____     37 C.F.R. §1.97(d).  If so, then enclosed with this Information Disclosure Statement are the following:

(1)     A statement pursuant to 37 C.F.R. §1.97(e); and

(2)     **Authorization to charge our Deposit Acct. No. 02-2666 in the amount of $180.00 for the fee under 37 C.F.R. §1.17(p) for submission of the Information Disclosure Statement.**

If there are any additional charges, please charge Deposit Account No. 02-2666.

Respectfully submitted,

BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP

Dated: March 29, 2010     /Jeremy A. Schweigert/ _____
                                     Jeremy A. Schweigert
                                     Reg. No. 56,244

1279 Oakmead Parkway
Sunnyvale, CA  94085-4040
(408) 720-8300

APLNDC00027473



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/620,709 | 01/07/2007 | Andrew Platzer | 04860.P5060 | 9789 |

45217        7590        11/13/2009

APPLE INC./BSTZ
BLAKELY SOKOLOFF TAYLOR & ZAFMAN LLP
1279 OAKMEAD PARKWAY
SUNNYVALE, CA 94085-4040

| EXAMINER |
|---|
| NGUYEN, PHU K |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2628 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/13/2009 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

APLNDC00027474

| **Office Action Summary** | **Application No.** | **Applicant(s)** | |
|---|---|---|---|
| | 11/620,709 | PLATZER ET AL. | |
| | **Examiner** | **Art Unit** | |
| | Phu K. Nguyen | 2628 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1)☒ Responsive to communication(s) filed on <u>03 August 2009</u>.
2a)☒ This action is **FINAL**.  2b)☐ This action is non-final.
3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4)☒ Claim(s) <u>1-24</u> is/are pending in the application.
    4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5)☐ Claim(s) _____ is/are allowed.
6)☒ Claim(s) <u>1-24</u> is/are rejected.
7)☐ Claim(s) _____ is/are objected to.
8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9)☐ The specification is objected to by the Examiner.
10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a)☐ All  b)☐ Some * c)☐ None of:
      1.☐ Certified copies of the priority documents have been received.
      2.☐ Certified copies of the priority documents have been received in Application No. _____.
      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

## Attachment(s)

1)☐ Notice of References Cited (PTO-892)
2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3)☐ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date _____.
4)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____ .
5)☐ Notice of Informal Patent Application
6)☐ Other: _____.

Application/Control Number: 11/620,709                                    Page 2
Art Unit: 2628

The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly
> claiming the subject matter which the applicant regards as his invention.

Claims 1-24 are rejected under 35 U.S.C. 112, second paragraph, as being

indefinite for failing to particularly point out and distinctly claim the subject matter which

applicant regards as the invention.

In claim 1, "animations" (line 8) is unclear to its proper antecedent basic as

whether it indicates "animations" in line 6; and "each synchronization call" (lines 8-9) is

unclear as to its proper antecedent basic as whether it indicates either "a first

synchronization call" (line 5) or "a second synchronization call" (line 7).

Similarly, claims 6, 11, 12, 16, 19, 20, 22, and 24 are rejected for a similar

reason.

The remaining claims are rejected as they are dependent upon the rejected

claims.


The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (e) the invention was described in (1) an application for patent, published under section 122(b), by
> another filed in the United States before the invention by the applicant for patent or (2) a patent
> granted on an application for patent by another filed in the United States before the invention by the
> applicant for patent, except that an international application filed under the treaty defined in section
> 351(a) shall have the effects for purposes of this subsection of an application filed in the United States
> only if the international application designated the United States and was published under Article 21(2)
> of such treaty in the English language.

Claims 1-24 are rejected under 35 U.S.C. 102(e) as being anticipated by

CALKINS et al. (7,173,623).

APLNDC00027476

Application/Control Number: 11/620,709                                                  Page 3
Art Unit: 2628

As per claim 1, Calkins teaches the claimed "device having a display with multiple views and user interface software interacts with multiple processes that alter the multiple views" (Calkins, column 3, lines 47-62; column 7, lines 16-32), a method for operating through an application programming interface (API), comprising: "transferring a first synchronization call associated with a first view to synchronize animations for the multiple views of the display" (Calkins, column 9, line 54 to column 10, line 4); and "transferring a second synchronization call associated with a second view to synchronize animations for the multiple views of the display" (Calkins, column 12, lines 49-53); "wherein each synchronization call comprises an identification of the synchronization of the first and second processes which are associated with the first and second views respectively" (Calkins, column 7, lines 25-32).

RESPONSE TO APPLICANT'S ARGUMENTS:

Applicant's arguments filed August 3, 2009 have been fully considered but they are not deemed to be persuasive.

Applicant argues that Calkins does not teach "the synchronization of animations associated with two separate processes and two separate views. Calkins fails to teach or disclose separate synchronization function calls with each function call specifying an identification of the synchronization for the separate processes" which is not persuasive. Calkins' animation classes 222 with their parent timelines are different processes having different views.  Since an animation class' parent timeline can be a child timeline of an "overall" parent timeline, two separate animation classes 222 can have their timelines

APLNDC00027477

Application/Control Number: 11/620,709                                    Page 4
Art Unit: 2628

synchronized by the "overall" parent timeline.  Since each of Calkins' animation classes

has its own "view" and its own "synchronization timeline,"  the synchronization of

Calkins' animation classes meets the claimed "first and second synchronization calls

associated with the first and second views" as claimed.


Claim 2 adds into claim 1 "the synchronization call comprises a number of

processes that are requesting animation of the multiple views" (Calkins, column 7, lines

16-32).


Claim 3 adds into claim 2 "setting a set of attributes associated with each

process independently transferring a synchronization confirmation message when a

synchronization flag is enabled based on the list of the processes being synchronized;

and updating the set of attributes associated with each process independently; and

transferring a start animation call to draw the requested animations" (Calkins, column 9,

line 54 to column 10, line 58).


Claim 4 adds into claim 1 "transferring the synchronization call is either one of

issuing, initiating, invoking or receiving the synchronization call" (Calkins, column 9,

lines 64-66).


Claim 5 adds into claim 1 "the device is one of: a data processing device, a

portable device, a portable data processing device, a multi touch device, a multi touch

APLNDC00027478

Application/Control Number: 11/620,709                                      Page 5
Art Unit: 2628

portable device, a wireless device, and a cell phone" (Calkins, column 4, lines 16-29).


Claims 6-10, 16-18, and 20-21 claim a computer readable medium which stores a computer software to perform the steps of claims 1-5; therefore, they are rejected under the same reason.


Claims 11 and 19 claim an apparatus which performs the steps of the method of claims 1-5; therefore, they are rejected under the same reason.


Due to the similarity of claims 12-15 to claims 1-5, they are rejected under the same reason.


Claims 22 and 23 claim a platform including processing unit and memory storing software programs (Calkins, figure 1) which performs the steps of the method of claims 1-5; therefore, they are rejected under the same reason.


Claim 24 claims a framework containing a directory or database having a computer readable medium which stores a computer software to perform the steps of claims 1-5; therefore, they are rejected under the same reason.

**THIS ACTION IS MADE FINAL.**  Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the mailing date of this final action.

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Phu K. Nguyen whose telephone number is (571) 272

7645.  The examiner can normally be reached on M-F 8:00-4:30.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Kee Tung can be reached on (571) 272 7794.  The fax phone number for

the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 11/620,709                                    Page 7
Art Unit: 2628

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/Phu  K. Nguyen/
Primary Examiner, Art Unit 2628

| Substitute for form 1449A/PTO | Complete if Known | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | **Application Number** | 11/620,717 |
| | **Filing Date** | January 7, 2007 |
| | **First Named Inventor** | Platzer, Andrew |
| | **Group Art Unit** | 2179 |
| | **Examiner Name** | Bautista, Xiomara |
| Sheet  1 of 1 | **Attorney Docket No: 4860P4895** | |

## US PATENT DOCUMENTS

| Examiner Initial * | Cite No [1] | USP Document Number | Publication or Issue Date MM-DD-YYYY | Name of Patentee or Applicant of cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | | US-20080016096 | 01/17/2008 | Wilding, Mark F., et al. | |
| | | US-7,561,159 | 07/14/2009 | Abel, Glenn , et al. | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No [1] | Foreign Patent Document Country Code/Number/Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[2] |
|---|---|---|---|---|---|---|
| | | WO-2008085848 | 07/17/2008 | Blumenberg, Christopher | | |
| | | WO-2008085877 | 07/17/2008 | Platzer, Andrew , et al. | | |

## OTHER DOCUMENTS -- NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No [1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
|---|---|---|---|
| | | FINAL OFFICE ACTION,   U.S. Ser. 11/620,709 mailed 11/13/2009, (November 13, 2009), 8 pages | |
| | | FINAL OFFICE ACTION,   U.S. Ser. No. 11/620,723, mailed November 17, 2009., (11/17/2009), 10 pages | |
| | | OFFICE ACTION,   U.S. Ser. No. 11/620,720 mailed November 18, 2009,  (November 18, 2009), 17 pages | |

| EXAMINER | DATE CONSIDERED |
|---|---|
| | |

Based on PTO/SB/08A(09-06) - Substitute Disclosure Statement Form (PTO-1449) as modified by BSTZ 03/26/07
* EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.¹ Applicant's unique citation designation number (optional) ² Applicant is to place a check mark here if English language Translation is attached

APLNDC00027482



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/620,723 | 01/07/2007 | Andrew Platzer | 04860.P5054 | 9807 |

45217        7590        11/17/2009

APPLE INC./BSTZ
BLAKELY SOKOLOFF TAYLOR & ZAFMAN LLP
1279 OAKMEAD PARKWAY
SUNNYVALE, CA 94085-4040

| EXAMINER |
|---|
| NGUYEN, PHU K |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2628 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/17/2009 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

APLNDC00027483

| | Application No. | Applicant(s) | |
|---|---|---|---|
| **Office Action Summary** | 11/620,723 | PLATZER ET AL. | |
| | Examiner | Art Unit | |
| | Phu K. Nguyen | 2628 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

### Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

### Status

1)☒ Responsive to communication(s) filed on <u>03 August 2009</u>.

2a)☒ This action is **FINAL**.  2b)☐ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

### Disposition of Claims

4)☒ Claim(s) <u>1-25</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1-25</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

### Application Papers

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

### Priority under 35 U.S.C. § 119

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All  b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☒ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date <u>4/6/09</u>.

4)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____ .

5)☐ Notice of Informal Patent Application

6)☐ Other: _____.

APLNDC00027484

Application/Control Number: 11/620,723                                     Page 2
Art Unit: 2628

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(e) the invention was described in (1) an application for patent, published under section 122(b), by
another filed in the United States before the invention by the applicant for patent or (2) a patent
granted on an application for patent by another filed in the United States before the invention by the
applicant for patent, except that an international application filed under the treaty defined in section
351(a) shall have the effects for purposes of this subsection of an application filed in the United States
only if the international application designated the United States and was published under Article 21(2)
of such treaty in the English language.

Claims 1-4, 8-15, 17-19, 21-25 are rejected under 35 U.S.C. 102(e) as being

anticipated by CALKINS et al. (7,173,623).

As per claim 1, Calkins teaches the claimed "machine implemented method for

animating views displayed on a display of a device" (Calkins, column 6, lines 49-60),

comprising: "starting at least two animations" (Calkins, column 7, lines 16-32);

"determining the progress of each animation" (Calkins, column 9, lines 2-8, 18-26); and

"updating each of the at least two animations to the display based on a single timer"

(Calkins, the parent timeline; column 12, lines 43-45; column 13, lines 4-17; column 7,

lines 46 to column 8, line 43, column 15, lines 28-35).

RESPONSE TO APPLICANT'S ARGUMENTS:

Applicant's arguments filed August 3, 2009 have been fully considered but they

are not deemed to be persuasive.

Applicant argues that since Calkins parent timeline does NOT govern the

animation behavior of an animation object (Calkins, column 7, lines 35-61) then Calkins

fails to teach that the parent timeline updates each of the at least two animations to a

APLNDC00027485

Application/Control Number: 11/620,723                                  Page 3
Art Unit: 2628

display.  This argument is not persuasive because when Calkins parent timeline is re-
executed, all its children timelines is re-executed (column 13, lines 7-11) and Calkins
parent timeline can be re-executed when the updates of its children time nodes are
initiated (column 14, lines 28-34).  Therefore, when Calkins parent timeline is re-
executed, it updates its existing timing nodes to the new references established to the
dependent animations (column 16, lines 42-50).

Claim 2 adds into claim 1 "the single timer comprises a timer based on a redraw
interval of hardware associated with the display" (Calkins, column 15, lines 16-27).

Claim 3 adds into claim 1 "determining the progress of each animation comprises
calculating the current progress of the animation if progress has occurred" (Calkins,
column 15, lines 36-42).

Claim 4 adds into claim 1 "determining whether each animation is associated
with a delegate; and notifying each delegate" (Calkins, column 13, lines 18-34).

Claim 8 adds into claim 1 "the device is one of: a data processing device, a
portable device, a portable data processing device, a multi touch device, a multi touch
portable device, a wireless device, and a cell phone" (Calkins, column 6, lines 2-18).

Claims 9-13, and similar claims 17 and 22, claim a computer readable medium

APLNDC00027486

Application/Control Number: 11/620,723                                      Page 4
Art Unit: 2628

which performs the claimed method of claims 1-4, 8; therefore, they are rejected under

the same reason.


Claims 14, 18, and 23-25 claim an apparatus/device which performs the steps of

the claimed method in claims 1-4, 8; therefore they are rejected under the same reason.


Due to the similarity of claims 15, 19, 21 to claims 1-4, and 8, they are rejected

under the same reason.


The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Claims 5-7, 16, and 20 are rejected under 35 U.S.C. 103(a) as being

unpatentable over CALKINS et al. (7,173,623).

Claim 16 adds into claim 15 "the animations comprise transform, frame, and

opacity animations" which Calkins does not teach.  However, the transform, frame, and

opacity animations are widely used in the art, and Applicant does not provide any

specific reason of improvements using these animations; therefore, any of "the

animations comprise transform, frame, and opacity animations" is commonly known as

mere design choice of display.

APLNDC00027487

Application/Control Number: 11/620,723                                      Page 5
Art Unit: 2628

Due to the similarity of claims 5-7, and 20 to claim 16, they are rejected under the
same reason.

**THIS ACTION IS MADE FINAL.**  Applicant is reminded of the extension of time
policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE
MONTHS from the mailing date of this action.  In the event a first reply is filed within
TWO MONTHS of the mailing date of this final action and the advisory action is not
mailed until after the end of the THREE-MONTH shortened statutory period, then the
shortened statutory period will expire on the date the advisory action is mailed, and any
extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of
the advisory action.  In no event, however, will the statutory period for reply expire later
than SIX MONTHS from the mailing date of this final action.


Any inquiry concerning this communication or earlier communications from the
examiner should be directed to Phu K. Nguyen whose telephone number is (571) 272
7645.  The examiner can normally be reached on M-F 8:00-4:30.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Kee Tung can be reached on (571) 272 7794.  The fax phone number for
the organization where this application or proceeding is assigned is 571-273-8300.

APLNDC00027488

Application/Control Number: 11/620,723                                    Page 6
Art Unit: 2628

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/Phu  K. Nguyen/
Primary Examiner, Art Unit 2628

| | Notice of References Cited | Application/Control No. 11/620,723 | Applicant(s)/Patent Under Reexamination PLATZER ET AL. | | |
|---|---|---|---|---|---|
| | | Examiner Phu K. Nguyen | Art Unit 2628 | Page 1 of 1 | |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-7,561,159 | 07-2009 | Abel et al. | 345/473 |
| | B | US- | | | |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 20091108

APLNDC00027490

| Substitute for Form 1449/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **INFORMATION DISCLOSURE** | | | Application Number | 11/620,723 |
| **STATEMENT BY APPLICANT** | | | Filing Date | 1/7/2007 |
| | | | First Named Inventor: | Andrew Platzer et al. |
| *(use as many sheets as necessary)* | | | Art Unit | 2628 |
| | | | Examiner Name | Nguyen, Phu K. |
| **Sheet** | 1 | of | 2 | Attorney Docket No. | 004860.P5054 |

### U.S. PATENT DOCUMENTS

| Exmnr Initials* | Cite No.¹ | Document Number | | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | | Number | Kind Code² (if known) | | | |
| /P.N./ | | 2003/0132959 | A1 | 7/17/2003 | Simister et al. | |
| /P.N./ | | 2006/0190833 | A1 | 8/24/2006 | SanGiovanni et al. | |
| /P.N./ | | 2003/0095096 | A1 | 5/22/2003 | Robbin et al. | |
| /P.N./ | | 2004/0224638 | A1 | 11/11/2004 | Fadell, et al. | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

### FOREIGN PATENT DOCUMENTS

| Exmnr Initials* | Cite No.¹ | Foreign Patent Document Country Code³ Number⁴ Kind Code⁵ (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T⁶ |
|---|---|---|---|---|---|---|
| /P.N./ | | WO 2006/067711 A2 | 6/29/2006 | Holtman, Koen J.G. | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | /Phu Nguyen/ | Date Considered | 11/09/2009 |
|---|---|---|---|

MINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. le copy of this form with next communication to applicant. ¹Applicant's unique citation designation number (optional). ²See Kinds Codes of USPTO Patent Documents uspto.gov or MPEP 901.04. ³Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). ⁴For Japanese patent documents, the indication of of reign of the Emperor must precede the serial number of the patent document. ⁵Kind of document by the appropriate symbols as indicated on the document under W ard ST. 16 if possible. ⁶Applicant is to place a check mark here if English language translation is attached.

collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO ss) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete including gathering, prepa ubmitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to com rm and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22 DO NOT SENT FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450** *If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

Based on Form PTO/SB/08A (08-03) as modified by BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP on 09/10/03.

APLNDC00027491

| Substitute for Form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(use as many sheets as necessary)* | | | | Application Number | 11/620,723 |
| | | | | Filing Date | 1/7/2007 |
| | | | | First Named Inventor: | Andrew Platzer et al. |
| | | | | Art Unit | 2628 |
| | | | | Examiner Name | Nguyen, Phu K. |
| **Sheet** | 2 | **of** | 2 | Attorney Docket No. | 004860.P5054 |

| | | NON PATENT LITERATURE DOCUMENTS | |
|---|---|---|---|
| Examiner Initials* | Cite No[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published | T[2] |
| | | ~~PCT International Search Report and Written Opinion for PCT International Appln No. PCT/US2008/000103, mailed on 3 June 2008 (15 pages).~~   NonPublished Document | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Examiner Signature | /Phu Nguyen/ | Date Considered | 11/09/2009 |
|---|---|---|---|

iiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form v
ommunication to applicant.

cant's unique citation designation number (optional).  [2]Applicant is to place a check mark here if English Translation is attached.

ollection of information is required by 37 CFR 1.98.  The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application
entiality is governed by 35 U.S.C. 122 and 37 CFR 1.14.  This collection is estimated to take 2 hours to complete including gathering, preparing, and submitting the completed application form
;PTO.  Time will vary depending upon the individual case.  Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sen
ief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA  22313-1450. DO NOT SENT FEES OR COMPLETED FORMS TO THIS ADDRESS.  SEND TO:
issioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.
**If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.**

Based on Form PTO/SB/08B (08-03) as modified by BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP on 09/10/03.

APLNDC00027492



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/620,720 | 01/07/2007 | John Harper | 04860.P5061 | 9804 |

45217          7590          11/18/2009
APPLE INC./BSTZ
BLAKELY SOKOLOFF TAYLOR & ZAFMAN LLP
1279 OAKMEAD PARKWAY
SUNNYVALE, CA 94085-4040

| EXAMINER |
|---|
| RAAB, CHRISTOPHER J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2156 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/18/2009 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

APLNDC00027493

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 11/620,720 | HARPER ET AL. |
| | Examiner | Art Unit | |
| | Christopher J. Raab | 2156 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

    A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>23 September 2009</u>.

2a)☐ This action is **FINAL**.      2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1,3-9,11-16 and 18-25</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1,3-9,11-16 and 18-25</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All  b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)
2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3)☐ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date _____.

4)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____ .
5)☐ Notice of Informal Patent Application
6)☐ Other: _____.

APLNDC00027494

Application/Control Number: 11/620,720                                Page 2
Art Unit: 2156

## DETAILED ACTION

01.     A request for continued examination under 37 CFR 1.114, including the fee set

forth in 37 CFR 1.17(e), was filed in this application after final rejection.  Since this

application is eligible for continued examination under 37 CFR 1.114, and the fee set

forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action

has been withdrawn pursuant to 37 CFR 1.114.  Applicant's submission filed on

**09/23/09** has been entered.

### *Claim Rejections - 35 USC § 103*

02.     The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as
> set forth in section 102 of this title, if the differences between the subject matter sought to be
> patented and the prior art are such that the subject matter as a whole would have been obvious
> at the time the invention was made to a person having ordinary skill in the art to which said
> subject matter pertains.  Patentability shall not be negatived by the manner in which the invention
> was made.

03.     The factual inquiries set forth in *Graham* v. *John Deere Co.*, 383 U.S. 1, 148

USPQ 459 (1966), that are applied for establishing a background for determining

obviousness under 35 U.S.C. 103(a) are summarized as follows:

1.     Determining the scope and contents of the prior art.
2.     Ascertaining the differences between the prior art and the claims at issue.
3.     Resolving the level of ordinary skill in the pertinent art.
4.     Considering objective evidence present in the application indicating obviousness or
       nonobviousness.

04.     **Claims 1, 3, 6 – 9, 11, 13 – 16, 18, and 20 – 25** are rejected under 35 U.S.C.

102(b) as being unpatentable over **Ridgley et al. (US PGPub 2003/0160832)**,

APLNDC00027495

Application/Control Number: 11/620,720                                                    Page 3
Art Unit: 2156

hereinafter 'Ridgley', in view of **Wilding et al. (US PGPub 2008/0016096)**, hereinafter
'Wilding'.

Consider **claim 1**, Ridgley discloses a machine implemented method for
compositing media and non-media content of a user interface for display on a device
(paragraphs [0012], [0013]), comprising:

a structured hierarchy of information, which contains layers, each corresponding
to different items for display, which are all parts of the user interface (read as
constructing a data structure having a hierarchy of layers for storing media and non-
media content associated with the user interface to be displayed on a display of the
device) (paragraphs [0022] – [0024], [0062] – [0064], Figures 1 – 4);

each layer of the hierarchy being associated with a content portion of the user
interface, which can correspond to various types of information, including text images,
video, etc. (read as traversing layers of the hierarchy of the data structure to determine
whether each layer of the data structure is associated with media or non-media)
(paragraphs [0062] – [0064], [0089] – [0093], Figures 11A – 11E);

the different content types being stored in different locations within the hierarchy
(read as storing media content in a first memory location, storing non-media content in a
second memory location) (paragraphs [0062] - [0064], [0121] - [0124], Figure 11A);

the user interface and display containing the content from the different layers of
the hierarchy (read as compositing the media and non-media content from the first and
second memory locations and displaying the composited media and non-media content

APLNDC00027496

representing the user interface on the display of the device) (paragraphs [0050], [0051],

[0061], [0062], [0097], Figures 12A – 12T).

However, Ridgley does not specifically disclose that the different layers of the

hierarchy can be detached from the data structure.

In the same field of endeavor, Wilding discloses a method such that a tree can

have various operations performed on it, such as having nodes detached from the tree

(read as detaching any layer associated with media content from the data structure)

(paragraphs [0013], [0039], [0082], [0083]).

Therefore it would have been obvious to one of ordinary skill in the art at the time

the invention was made to incorporate the data structure altering technique taught by

Wilding into the media compositing technique taught by Ridgley for the purpose of

allowing changes to the media hierarchy.

Consider **claim 3**, and **as applied to claim 1 above**, Ridgley discloses a method

such that the different content pieces from the hierarchy are directly outputted on the

display (read as retrieving the media content from the first memory location, retrieving

the non-media content from the second memory location, and scanning the media and

non-media content directly to the display) (paragraphs [0089] – [0091], Figures 12A –

12T).

Consider **claim 6**, and **as applied to claim 1 above**, Ridgley discloses a method

such that the content can be video content (read as the media content comprises video

content) (paragraphs [0089] - [0094], Figures 12A – 12T).

APLNDC00027497

Application/Control Number: 11/620,720                                          Page 5
Art Unit: 2156

Consider **claim 7**, and **as applied to claim 3 above**, Ridgley discloses a method such that the size of the different content can be altered (read as scaling the media content prior to sending the media content to the display) (paragraph [0077]).

Consider **claim 8**, and **as applied to claim 1 above**, Ridgley discloses a method such that the device is a touch screen (read as the device is one of: a multi touch device) (paragraphs [0070], [0103]).

Consider **claim 9**, Ridgley discloses a machine readable storage medium storing executable program instructions which when executed cause a data processing system to perform a method (paragraphs [0012], [0013]), comprising:

a structured hierarchy of information, which contains layers, each corresponding to different items for display, which are all parts of the user interface (read as constructing a data structure having a hierarchy of layers for storing media and non-media content associated with the user interface to be displayed on a display of the device) (paragraphs [0022] – [0024], [0062] – [0064], Figures 1 – 4);

each layer of the hierarchy being associated with a content portion of the user interface, which can correspond to various types of information, including text images, video, etc. (read as traversing layers of the hierarchy of the data structure to determine whether each layer of the data structure is associated with media or non-media) (paragraphs [0062] – [0064], [0089] – [0093], Figures 11A – 11E);

the different content types being stored in different locations within the hierarchy (read as storing media content in a first memory location, storing non-media content in a second memory location) (paragraphs [0062] - [0064], [0121] - [0124], Figure 11A);

APLNDC00027498

Application/Control Number: 11/620,720                                    Page 6
Art Unit: 2156

the user interface and display containing the content from the different layers of

the hierarchy (read as compositing the media and non-media content from the first and

second memory locations and displaying the composited media and non-media content

representing the user interface on the display of the device) (paragraphs [0050], [0051],

[0061], [0062], [0097], Figures 12A – 12T).

However, Ridgley does not specifically disclose that the different layers of the

hierarchy can be detached from the data structure.

In the same field of endeavor, Wilding discloses a medium such that a tree can

have various operations performed on it, such as having nodes detached from the tree

(read as detaching any layer associated with media content from the data structure)

(paragraphs [0013], [0039], [0082], [0083]).

Therefore it would have been obvious to one of ordinary skill in the art at the time

the invention was made to incorporate the data structure altering technique taught by

Wilding into the media compositing technique taught by Ridgley for the purpose of

allowing changes to the media hierarchy.

Consider **claim 11**, and **as applied to claim 9 above**, Ridgley discloses a

medium such that the different content pieces from the hierarchy are directly outputted

on the display (read as retrieving the media content from the first memory location,

retrieving the non-media content from the second memory location, and scanning the

media and non-media content directly to the display) (paragraphs [0089] – [0091],

Figures 12A – 12T).

APLNDC00027499

Application/Control Number: 11/620,720                                   Page 7
Art Unit: 2156

Consider **claim 13**, and **as applied to claim 9 above**, Ridgley discloses a medium such that the device is a touch screen (read as the device is one of: a multi touch device) (paragraphs [0070], [0103]).

Consider **claim 14**, and **as applied to claim 9 above**, Ridgley discloses a medium such that the content can be video content (read as the media content comprises video content) (paragraphs [0089] - [0094], Figures 12A – 12T).

Consider **claim 15**, and **as applied to claim 9 above**, Ridgley discloses a medium such that the size of the different content can be altered (read as scaling the media content prior to sending the media content to the display) (paragraph [0077]).

Consider **claim 16**, Ridgley discloses an apparatus (paragraphs [0012], [0013]), comprising:

a structured hierarchy of information, which contains layers, each corresponding to different items for display, which are all parts of the user interface (read as means for constructing a data structure having a hierarchy of layers for storing media and non-media content associated with the user interface to be displayed on a display of the device) (paragraphs [0022] – [0024], [0062] – [0064], Figures 1 – 4);

each layer of the hierarchy being associated with a content portion of the user interface, which can correspond to various types of information, including text images, video, etc. (read as means for traversing layers of the hierarchy of the data structure to determine whether each layer of the data structure is associated with media or non-media) (paragraphs [0062] – [0064], [0089] – [0093], Figures 11A – 11E);

Application/Control Number: 11/620,720                                    Page 8
Art Unit: 2156

the different content types being stored in different locations within the hierarchy

(read as means for storing media content in a first memory location, means for storing

non-media content in a second memory location) (paragraphs [0062] - [0064], [0121] -

[0124], Figure 11A);

the user interface and display containing the content from the different layers of

the hierarchy (read as means for compositing the media and non-media content from

the first and second memory locations and means for displaying the composited media

and non-media content representing the user interface on the display of the device)

(paragraphs [0050], [0051], [0061], [0062], [0097], Figures 12A – 12T).

However, Ridgley does not specifically disclose that the different layers of the

hierarchy can be detached from the data structure.

In the same field of endeavor, Wilding discloses an apparatus such that a tree

can have various operations performed on it, such as having nodes detached from the

tree (read as means for detaching any layer associated with media content from the

data structure) (paragraphs [0013], [0039], [0082], [0083]).

Therefore it would have been obvious to one of ordinary skill in the art at the time

the invention was made to incorporate the data structure altering technique taught by

Wilding into the media compositing technique taught by Ridgley for the purpose of

allowing changes to the media hierarchy.

Consider **claim 18**, and **as applied to claim 16 above**, Ridgley discloses an

apparatus such that the different content pieces from the hierarchy are directly

outputted on the display (read as means for retrieving the media content from the first

APLNDC00027501

Application/Control Number: 11/620,720                                      Page 9
Art Unit: 2156

memory location, means for retrieving the non-media content from the second memory

location, and means for scanning the media and non-media content directly to the

display) (paragraphs [0089] – [0091], Figures 12A – 12T).

   Consider **claim 20**, and **as applied to claim 17 above**, Ridgley discloses an

apparatus such that the size of the different content can be altered (read as means for

scaling the media content prior to sending the media content to the display) (paragraph

[0077]).

   Consider **claim 21**, Ridgley discloses a device (paragraphs [0012], [0013]),

comprising:

   a user directly interacting with and entering information into the system (read as

an input panel which is configured to receive user input) (paragraphs [0022] - [0024]);

   a display which can display all the information in the hierarchy (read as a display

device integrated with the input panel, the display device configured to display media

and non-media content at the same time) (Figures 12A – 12T);

   a structured hierarchy of information, which contains layers, each corresponding

to different items for display, which are all parts of the user interface (read as a central

processing unit coupled to the input panel, the processor being configured to execute

one or more programs in order to construct a data structure having a hierarchy of

layers) (paragraphs [0022] – [0024], [0062] – [0064], Figures 1 – 4);

   each layer of the hierarchy being associated with a content portion of the user

interface, which can correspond to various types of information, including text images,

video, etc. (read as with each layer associated with media or non-media content, based

Application/Control Number: 11/620,720                                    Page 10
Art Unit: 2156

on at least the user input) (paragraphs [0062] – [0064], [0089] – [0093], Figures 11A –
11E);

the different content types being stored in different locations within the hierarchy
(read as a memory coupled to the processor, the memory being configured to store the
media content in a first memory location and the non-media content in a second
memory location) (paragraphs [0062] - [0064], [0121] - [0124], Figure 11A);

the user interface and display containing the content from the different layers of
the hierarchy (read as wherein the media content and the non-media content are to be
composited to represent a user interface to be displayed on the display device)
(paragraphs [0050], [0051], [0061], [0062], [0097], Figures 12A – 12T).
However, Ridgley does not specifically disclose that the different layers of the hierarchy
can be detached from the data structure.

In the same field of endeavor, Wilding discloses a device such that a tree can
have various operations performed on it, such as having nodes detached from the tree
(read as detaching any layer associated with media content from the data structure)
(paragraphs [0013], [0039], [0082], [0083]).

Therefore it would have been obvious to one of ordinary skill in the art at the time
the invention was made to incorporate the data structure altering technique taught by
Wilding into the media compositing technique taught by Ridgley for the purpose of
allowing changes to the media hierarchy.

Consider **claim 22**, and **as applied to claim 21 above**, Ridgley discloses a
device such that the user interface and display contain the content from the different

APLNDC00027503

Application/Control Number: 11/620,720                                    Page 11
Art Unit: 2156

layers of the hierarchy (read as the processor is further configured to composite the media and non-media content for display on the display device) (paragraphs [0050], [0051], [0061], [0062], [0097], Figures 12A – 12T).

Consider **claim 23**, and **as applied to claim 21 above**, Ridgley discloses a device such that the user interface and display contain the content from the different layers of the hierarchy (read as a graphics processing unit coupled to the memory, the graphics processing unit configured to receive instructions indicating the locations of the media and non-media content in the memory) (paragraphs [0050], [0051], [0061], [0062], [0097], Figures 12A – 12T).

Consider **claim 24**, and **as applied to claim 23 above**, Ridgley discloses a device such that the user interface and display contain the content from the different layers of the hierarchy (read as the graphics processing unit is further configured to composite the media and non-media content for display on the display device) (paragraphs [0050], [0051], [0061], [0062], [0097], Figures 12A – 12T).

Consider **claim 25**, and **as applied to claim 21 above**, Ridgley discloses a device such that the device is a touch screen (read as the device is one of: a multi touch device) (paragraphs [0070], [0103]).

05.     **Claims 4, 5, 12, and 19** are rejected under 35 U.S.C. 103(a) as being unpatentable over **Ridgley et al. (US PGPub 2003/0160832)**, hereinafter 'Ridgley',  in view of **Wilding et al. (US PGPub 2008/0016096)**, hereinafter 'Wilding', in further view of **Cristofalo et al. (US PGPub 2002/0194589)**, hereinafter 'Cristofalo'.

APLNDC00027504

Consider **claim 4**, and **as applied to claim 3 above**, Ridgley, as modified by Wilding, discloses a method of displaying content, but does not specifically mention a specific frame rate associated with the media content.

In the same field of endeavor Cristofalo discloses a method, such that media content can be thirty frames per second (read as the media content is scanned to the display at a rate of substantially thirty frames per second) (paragraphs [0012], [0026]).

Therefore it would have been obvious to one of ordinary skill in the art at the time the invention was made to incorporate the media frame rate taught by Cristofalo into the user interface content displaying method taught by Ridgley, as modified by Wilding, for the purpose of displaying the media to the user at a certain display rate.

Consider **claim 5**, and **as applied to claim 3 above**, Ridgley, as modified by Wilding, discloses a method of displaying content, but does not specifically mention a specific frame rate associated with the media content.

In the same field of endeavor Cristofalo discloses a method, such that media content can be one frame per second (read as the media content is scanned to the display at a rate of substantially one frame per second) (paragraphs [0012], [0026]).

Therefore it would have been obvious to one of ordinary skill in the art at the time the invention was made to incorporate the media frame rate taught by Cristofalo into the user interface content displaying method taught by Ridgley, as modified by Wilding, for the purpose of displaying the media to the user at a certain display rate.

APLNDC00027505

Application/Control Number: 11/620,720                                    Page 13
Art Unit: 2156

Consider **claim 12**, and **as applied to claim 9 above**, Ridgley, as modified by Wilding, discloses a medium for displaying content, but does not specifically mention a specific frame rate associated with the media content.

In the same field of endeavor Cristofalo discloses a medium, such that media content can be thirty frames per second (read as the media content is scanned to the display at a rate of substantially thirty frames per second) (paragraphs [0012], [0026]).

Therefore it would have been obvious to one of ordinary skill in the art at the time the invention was made to incorporate the media frame rate taught by Cristofalo into the user interface content displaying medium taught by Ridgley, as modified by Wilding, for the purpose of displaying the media to the user at a certain display rate.

Consider **claim 19**, and **as applied to claim 18 above**, Ridgley, as modified by Wilding, discloses an apparatus for displaying content, but does not specifically mention a specific frame rate associated with the media content.

In the same field of endeavor Cristofalo discloses an apparatus, such that media content can be thirty frames per second (read as the media content is scanned to the display at a rate of substantially thirty frames per second) (paragraphs [0012], [0026]).

Therefore it would have been obvious to one of ordinary skill in the art at the time the invention was made to incorporate the media frame rate taught by Cristofalo into the user interface content displaying apparatus taught by Ridgley, as modified by Wilding, for the purpose of displaying the media to the user at a certain display rate.

Application/Control Number: 11/620,720                                     Page 14
Art Unit: 2156

### *Response to Arguments*

06.     Applicant's arguments with respect to claims 1, 3 – 9, 11 – 16, and 18 – 25 have

been considered, but are moot in view of the new ground(s) of rejection.


### *Conclusion*

07.     Any response to this Office Action should be **faxed to** (571) 273-8300 **or mailed**

**to**:

> Commissioner for Patents
> P.O. Box 1450
> Alexandria, VA 22313-1450


> **Hand-delivered responses** should be brought to

> Customer Service Window
> Randolph Building
> 401 Dulany Street
> Alexandria, VA 22314


08.     Any inquiry concerning this communication or earlier communications from the

Examiner should be directed to Christopher Raab whose telephone number is (571)

270-1090. The Examiner can normally be reached on Monday-Friday from 8:30am to

6:00pm.

        If attempts to reach the Examiner by telephone are unsuccessful, the Examiner's

supervisor, Pierre Vital can be reached on (571) 272-4215. The fax phone number for

the organization where this application or proceeding is assigned is (571) 273-8300.

Application/Control Number: 11/620,720                                        Page 15
Art Unit: 2156

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system. Status information for published

applications may be obtained from either Private PAIR or Public PAIR. Status

information for unpublished applications is available through Private PAIR only.  For

more information about the PAIR system, see http://pair-direct.uspto.gov. Should you

have questions on access to the Private PAIR system, contact the Electronic Business

Center (EBC) at 866-217-9197 (toll-free) or 703-305-3028.

Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the receptionist/customer service whose telephone

number is (571) 272-2600.


Christopher Raab
C.R./cr

November 06, 2009


/Pierre M. Vital/
Supervisory Patent Examiner, Art Unit 2156

| | Notice of References Cited | Application/Control No.<br>11/620,720 | Applicant(s)/Patent Under Reexamination<br>HARPER ET AL. | |
|---|---|---|---|---|
| | | Examiner<br>Christopher J. Raab | Art Unit<br>2156 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-2008/0016096 | 01-2008 | WILDING et al. | 707/101 |
| | B | US- | | | |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

APLNDC00027509

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 11620717 |
| **Filing Date:** | 07-Jan-2007 |
| **Title of Invention:** | Application Programming Interfaces for Scrolling Operations |
| **First Named Inventor/Applicant Name:** | Andrew Platzer |
| **Filer:** | Jeremy A. Schweigert/Leslie Rogan |
| **Attorney Docket Number:** | 04860.P4895 |

Filed as Large Entity

### Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| Submission- Information Disclosure Stmt | 1806 | 1 | 180 | 180 |
| **Total in USD ($)** | | | | **180** |

APLNDC00027511

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 7309647 |
| **Application Number:** | 11620717 |
| **International Application Number:** | |
| **Confirmation Number:** | 9801 |
| **Title of Invention:** | Application Programming Interfaces for Scrolling Operations |
| **First Named Inventor/Applicant Name:** | Andrew  Platzer |
| **Customer Number:** | 45217 |
| **Filer:** | Jeremy A. Schweigert/Leslie Rogan |
| **Filer Authorized By:** | Jeremy A. Schweigert |
| **Attorney Docket Number:** | 04860.P4895 |
| **Receipt Date:** | 29-MAR-2010 |
| **Filing Date:** | 07-JAN-2007 |
| **Time Stamp:** | 18:27:57 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Deposit Account |
| Payment was successfully received in RAM | $ 180 |
| RAM confirmation Number | 5771 |
| Deposit Account | 022666 |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |
|     Charge any Additional Fees required under 37 C.F.R. Section 1.16 (National application filing, search, and examination fees) | |
|     Charge any Additional Fees required under 37 C.F.R. Section 1.17 (Patent application and reexamination processing fees) | |

APLNDC00027512

Charge any Additional Fees required under 37 C.F.R. Section 1.19 (Document supply fees)

Charge any Additional Fees required under 37 C.F.R. Section 1.20 (Post Issuance fees)

Charge any Additional Fees required under 37 C.F.R. Section 1.21 (Miscellaneous fees and charges)

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 4860P4895_Resp_to_OA.pdf | 57306 <br> ad596a31a5354890e3066fb41c5771912b9772d2 | yes | 12 |

| | Multipart  Description/PDF files in .zip description | | | | |
|---|---|---|---|---|---|
| | Document Description | | Start | End | |
| | Amendment/Req. Reconsideration-After Non-Final Reject | | 1 | 1 | |
| | Claims | | 2 | 6 | |
| | Applicant Arguments/Remarks Made in an Amendment | | 7 | 12 | |

| Warnings: | | | | | |
|---|---|---|---|---|---|
| Information: | | | | | |
| 2 | Information Disclosure Statement (IDS) Filed (SB/08) | 4860P4895_IDS_and_1449.pdf | 58354 <br> 751f5a220029bdbb643f2710a945871774a186b77 | no | 3 |

| Warnings: | | | | | |
|---|---|---|---|---|---|
| Information: | | | | | |
| This is not an USPTO supplied IDS fillable form | | | | | |
| 3 | NPL Documents | NPL1_FOA_mailed_11-13-2009.pdf | 253577 <br> 52911efe00e8d23ece4dc2afaf09ce1253ec4c5d | no | 8 |

| Warnings: | | | | | |
|---|---|---|---|---|---|
| Information: | | | | | |
| 4 | NPL Documents | NPL2_FOA_Mailed_11-17-2009.pdf | 381105 <br> a5089428b556cc2c47ee017ad87e94ae3884ed52 | no | 10 |

| Warnings: | | | | | |
|---|---|---|---|---|---|
| Information: | | | | | |
| 5 | NPL Documents | NPL3_OA_mailed_11-18-2009.pdf | 590947 <br> 78b0b115f082d34171858a0c4ff61872c4f191de | no | 17 |

| Warnings: | | | | | |
|---|---|---|---|---|---|
| Information: | | | | | |
| 6 | Fee Worksheet (PTO-875) | fee-info.pdf | 29983 <br> ee6a7fc07533b672ba05a4d281e90db22c0aac0c | no | 2 |

APLNDC00027513

| Warnings: | |
|---|---|
| Information: | |
| Total Files Size (in bytes): | 1371272 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

APLNDC00027514

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number 11/620,717 | Filing Date 01/07/2007 | ☐ To be Mailed |
|---|---|---|---|

## APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | SMALL ENTITY ☐ | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|
| | 03/29/2010 | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
| AMENDMENT | Total (37 CFR 1.16(i)) | * 95 | Minus ** 95 | = 0 | X $ = | | OR X $52= | 0 |
| | Independent (37 CFR 1.16(h)) | * 26 | Minus ***26 | = 0 | X $ = | | OR X $220= | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | OR | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | |
| | | | | | TOTAL ADD'L FEE | OR | TOTAL ADD'L FEE | 0 |

| | | (Column 1) | (Column 2) | (Column 3) | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | | | |
| AMENDMENT | Total (37 CFR 1.16(i)) | * | Minus ** | = | X $ = | | OR X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | X $ = | | OR X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | OR | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | |
| | | | | | TOTAL ADD'L FEE | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
/ANNETTE SMITH/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



## UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**U.S. Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

45217        e        04/20/2010

APPLE INC./BSTZ
BLAKELY SOKOLOFF TAYLOR & ZAFMAN LLP
1279 OAKMEAD PARKWAY
SUNNYVALE, CA 94085-4040

**Paper No.**

| Application No.: | 11/620,717 | Date Mailed: | 04/20/2010 |
|---|---|---|---|
| First Named Inventor: | Platzer, Andrew, | Examiner: | BAUTISTA, XIOMARA L |
| Attorney Docket No.: | 04860.P4895 | Art Unit: | 2179 |
| Confirmation No.: | 9801 | Filing Date: | 01/07/2007 |

**Please find attached an Office communication concerning this application or proceeding.**

**Commissioner for Patents**

PTO-90c  (Rev.08-06)

APLNDC00027516

| **Notice of Non-Compliant Amendment (37 CFR 1.121)** | Application No. 11/620,717 | Applicant(s) PLATZER ET AL. |
|---|---|---|
| | Art Unit 2800 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

The amendment document filed on <u>29 March, 2010</u> is considered non-compliant because it has failed to meet the requirements of 37 CFR 1.121 or 1.4. In order for the amendment document to be compliant, correction of the following item(s) is required.

THE FOLLOWING MARKED (X) ITEM(S) CAUSE THE AMENDMENT DOCUMENT TO BE NON-COMPLIANT:

☐ 1. Amendments to the specification:
    ☐ A. Amended paragraph(s) do not include markings.
    ☐ B. New paragraph(s) should not be underlined.
    ☐ C. Other _____.

☐ 2. Abstract:
    ☐ A. Not presented on a separate sheet. 37 CFR 1.72.
    ☐ B. Other _____.

☐ 3. Amendments to the drawings:
    ☐ A. The drawings are not properly identified in the top margin as "Replacement Sheet," "New Sheet," or "Annotated Sheet" as required by 37 CFR 1.121(d).
    ☐ B. The practice of submitting proposed drawing correction has been eliminated.  Replacement drawings showing amended figures, without markings, in compliance with 37 CFR 1.84 are required.
    ☐ C. Other _____.

☒ 4. Amendments to the claims:
    ☐ A. A complete listing of all of the claims is not present.
    ☒ B. The listing of claims does not include the text of all pending claims (including withdrawn claims)
    ☐ C. Each claim has not been provided with the proper status identifier, and as such, the individual status of each claim cannot be identified.  Note:  the status of every claim must be indicated after its claim number by using one of the following status identifiers: (Original), (Currently amended), (Canceled), (Previously presented), (New), (Not entered), (Withdrawn) and (Withdrawn-currently amended).
    ☐ D. The claims of this amendment paper have not been presented in ascending numerical order.
    ☐ E. Other: _____.

☐ 5. Other (e.g., the amendment is unsigned or not signed in accordance with 37 CFR 1.4): For further explanation of the amendment format required by 37 CFR 1.121, see MPEP § 714.

TIME PERIODS FOR FILING A REPLY TO THIS NOTICE:

1. Applicant is given **no new time period** if the non-compliant amendment is an after-final amendment or an amendment filed after allowance, or a drawing submission (only)  If applicant wishes to resubmit the non-compliant after-final amendment with corrections, the **entire corrected amendment** must be resubmitted.

2. Applicant is given **one month**, or thirty (30) days, whichever is longer, from the mail date of this notice to supply the correction, if the non-compliant amendment is one of the following: a preliminary amendment, a non-final amendment (including a submission for a request for continued examination (RCE) under 37 CFR 1.114), a supplemental amendment filed within a suspension period under 37 CFR 1.103(a) or (c), and an amendment filed in response to a Quayle action. If any of above boxes 1 to 4 are checked, the correction required is only the corrected section of the non-compliant amendment in compliance with 37 CFR 1.121.

    <u>Extensions of time</u> are available under 37 CFR 1.136(a) <u>only</u> if the non-compliant amendment is a non-final amendment or an amendment filed in response to a *Quayle* action.
    <u>Failure to timely respond</u> to this notice will result in:
        **Abandonment** of the application if the non-compliant amendment is a non-final amendment or an amendment filed in response to a *Quayle* action; or
        **Non-entry** of the amendment if the non-compliant amendment is a preliminary amendment or supplemental amendment.

Legal Instruments Examiner (LIE), if applicable /ANNETTE SMITH/        Telephone No: <u>(571)272-1622</u>

APLNDC00027517



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**U.S. Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

45217          e          04/20/2010
APPLE INC./BSTZ
BLAKELY SOKOLOFF TAYLOR & ZAFMAN LLP
1279 OAKMEAD PARKWAY
SUNNYVALE, CA 94085-4040

**Paper No.**

| Application No.: | 11/620,717 | Date Mailed: | 04/20/2010 |
|---|---|---|---|
| First Named Inventor: | Platzer, Andrew, | Examiner: | BAUTISTA, XIOMARA L |
| Attorney Docket No.: | 04860.P4895 | Art Unit: | 2179 |
| Confirmation No.: | 9801 | Filing Date: | 01/07/2007 |

**Please find attached an Office communication concerning this application or proceeding.**

**Commissioner for Patents**

PTO-90c  (Rev.08-06)

APLNDC00027518

| Notice of Non-Compliant Amendment (37 CFR 1.121) | Application No. 11/620,717 | Applicant(s) PLATZER ET AL. | |
|---|---|---|---|
| | Art Unit 2800 | | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

The amendment document filed on <u>29 March, 2010</u> is considered non-compliant because it has failed to meet the requirements of 37 CFR 1.121 or 1.4. In order for the amendment document to be compliant, correction of the following item(s) is required.

THE FOLLOWING MARKED (X) ITEM(S) CAUSE THE AMENDMENT DOCUMENT TO BE NON-COMPLIANT:

☐ 1. Amendments to the specification:
   ☐ A. Amended paragraph(s) do not include markings.
   ☐ B. New paragraph(s) should not be underlined.
   ☐ C. Other _____.

☐ 2. Abstract:
   ☐ A. Not presented on a separate sheet. 37 CFR 1.72.
   ☐ B. Other _____.

☐ 3. Amendments to the drawings:
   ☐ A. The drawings are not properly identified in the top margin as "Replacement Sheet," "New Sheet," or "Annotated Sheet" as required by 37 CFR 1.121(d).
   ☐ B. The practice of submitting proposed drawing correction has been eliminated.  Replacement drawings showing amended figures, without markings, in compliance with 37 CFR 1.84 are required.
   ☐ C. Other _____.

☒ 4. Amendments to the claims:
   ☐ A. A complete listing of all of the claims is not present.
   ☒ B. The listing of claims does not include the text of all pending claims (including withdrawn claims)
   ☐ C. Each claim has not been provided with the proper status identifier, and as such, the individual status of each claim cannot be identified.  Note:  the status of every claim must be indicated after its claim number by using one of the following status identifiers: (Original), (Currently amended), (Canceled), (Previously presented), (New), (Not entered), (Withdrawn) and (Withdrawn-currently amended).
   ☐ D. The claims of this amendment paper have not been presented in ascending numerical order.
   ☐ E. Other: _____.

☐ 5. Other (e.g., the amendment is unsigned or not signed in accordance with 37 CFR 1.4): For further explanation of the amendment format required by 37 CFR 1.121, see MPEP § 714.

TIME PERIODS FOR FILING A REPLY TO THIS NOTICE:

1. Applicant is given **no new time period** if the non-compliant amendment is an after-final amendment or an amendment filed after allowance, or a drawing submission (only)  If applicant wishes to resubmit the non-compliant after-final amendment with corrections, the **entire corrected amendment** must be resubmitted.

2. Applicant is given **one month**, or thirty (30) days, whichever is longer, from the mail date of this notice to supply the correction, if the non-compliant amendment is one of the following: a preliminary amendment, a non-final amendment (including a submission for a request for continued examination (RCE) under 37 CFR 1.114), a supplemental amendment filed within a suspension period under 37 CFR 1.103(a) or (c), and an amendment filed in response to a Quayle action. If any of above boxes 1 to 4 are checked, the correction required is only the corrected section of the non-compliant amendment in compliance with 37 CFR 1.121.

   <u>Extensions of time</u> are available under 37 CFR 1.136(a) <u>only</u> if the non-compliant amendment is a non-final amendment or an amendment filed in response to a *Quayle* action.
   <u>Failure to timely respond</u> to this notice will result in:
      **Abandonment** of the application if the non-compliant amendment is a non-final amendment or an amendment filed in response to a *Quayle* action; or
      **Non-entry** of the amendment if the non-compliant amendment is a preliminary amendment or supplemental amendment.

Legal Instruments Examiner (LIE), if applicable /ANNETTE SMITH/          Telephone No: <u>(571)272-1622</u>

APLNDC00027519

<u>PATENT</u>

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant | : Andrew Platzer | Examiner: | Bautista, Xiomara L |
| Appl. No. | : 11/620,717 | TC/A.U.: | 2179 |
| Filed | : January 7, 2007 | Confirmation No. | 9801 |

| | |
|---|---|
| For | : APPLICATION PROGRAMMING INTERFACES FOR SCROLLING OPERATIONS |
| Customer No. | : 45217 |

**CERTIFICATE OF TRANSMISSION**
I hereby certify that this correspondence is being submitted electronically via EFS Web on the date shown below.

  /Jeremy Schweigert/     May 20, 2010
  *Jeremy Schweigert*       *Date*

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

## RESPONSE TO NOTICE OF NON-COMPLIANT AMENDMENT

Sir:

In response to the Notice of Non-Compliant Amendment mailed April 20, 2010, Applicant submits a corrected section of the non-compliant amendment filed on March 29, 2010.  The corrected section includes a complete listing of all the claims in compliance with 37 C.F.R. 1.121.

APLNDC00027520

**Amendments to the Claims:**

The listing of claims will replace all prior versions, and listings, of claims in the application:

**Listing of Claims:**

1.  (Original)  A machine implemented method for scrolling on a display of a device comprising:

> receiving a user input;
>
> creating an event object in response to the user input;
>
> determining whether the event object invokes a scroll or gesture operation;
>
> issuing at least one scroll or gesture call based on invoking the scroll or gesture operation;
>
> responding to at least one scroll call, if issued, by scrolling a window having a view associated with the event object based on an amount of a scroll with the scroll stopped at a predetermined position in relation to the user input; and
>
> responding to at least one gesture call, if issued, by scaling the view associated with the event object based on receiving a plurality of input points in the form of the user input.

2.  (Original)  The method as in claim 1, further comprising:

> rubberbanding a scrolling region displayed within the window by a predetermined maximum displacement when the scrolling region exceeds a window edge based on the scroll.

3.  (Original)  The method as in claim 1, further comprising:

> attaching scroll indicators to a content edge of the window.

APLNDC00027521

4.  (Original)  The method as in claim 1, further comprising:

    attaching scroll indicators to the window edge.


5.  (Original)  The method as in claim 1, wherein determining whether the event object invokes a scroll or gesture operation is based on receiving a drag user input for a certain time period.


6.  (Original)  The method as in claim 1, further comprising:

    responding to at least one gesture call, if issued, by rotating a view associated with the event object based on receiving a plurality of input points in the form of the user input.


7.  (Original)  The method as in claim 1, wherein the device is one of: a data processing device, a portable device, a portable data processing device, a multi touch device, a multi touch portable device, a wireless device, and a cell phone.


8.  (Currently amended)  A machine readable storage medium storing executable program instructions which when executed cause a data processing system to perform a method comprising:

    receiving a user input;

    creating an event object in response to the user input;

    determining whether the event object invokes a scroll or gesture operation;

    issuing at least one scroll or gesture call based on invoking the scroll or gesture operation;

    responding to at least one scroll call, if issued, by scrolling a window having a view associated with the event object ~~based on an amount of a scroll with the scroll stopped at a predetermined position in relation to the user input~~; and

APLNDC00027522

responding to at least one gesture call, if issued, by scaling the view associated with the event object based on receiving a plurality of input points in the form of the user input.

9.  (Original)  The medium as in claim 8, further comprising:
rubberbanding a scrolling region displayed within the window by a predetermined maximum displacement when the scrolled region exceeds a window edge based on the scroll.

10.  (Original)  The medium as in claim 8, further comprising:
attaching scroll indicators to a content edge of the view.

11.  (Original)  The medium as in claim 8, further comprising:
attaching scroll indicators to a window edge of the view.

12.  (Original)  The medium as in claim 8, wherein determining whether the event object invokes a scroll or gesture operation is based on receiving a drag user input for a certain time period.

13.  (Original)  The medium as in claim 8, further comprising:
responding to at least one gesture call, if issued, by rotating a view associated with the event object based on receiving a plurality of input points in the form of the user input.

14.  (Original)  The medium as in claim 8, wherein the data processing system is one of: a data processing device, a portable device, a portable data processing device, a multi touch device, a multi touch portable device, a wireless device, and a cell phone.

APLNDC00027523

15.  (Withdrawn) In an environment with user interface software interacting with a software application, a method for operating through an application programming interface (API), comprising:

    transferring a set bounce call.

16.  (Withdrawn) The method as in claim 15, further comprises:

    setting at least one of maximum and minimum bounce values.

17.  (Withdrawn) The method as in claim 15, wherein transferring the set bounce call causes a bounce of a scrolled region in an opposite direction of a scroll based on a region past an edge of the scrolled region being visible in a display region of a device at the end of the scroll.

18.  (Withdrawn) The method as in claim 15, wherein transferring the set bounce call is either one of issuing, initiating, invoking or receiving the set bounce call.

19.  (Withdrawn) The method as in claim 15, wherein the device is one of: a data processing device, a portable device, a portable data processing device, a multi touch device, a multi touch portable device, a wireless device, and a cell phone.

20.  (Withdrawn) A machine readable medium storing executable program instructions which when executed cause a data processing system to perform a method comprising:

    transferring a set bounce call.

21.  (Withdrawn) The medium as in claim 20, further comprises:

    setting at least one of maximum and minimum bounce values.

22.  (Withdrawn) The medium as in claim 20, wherein transferring the set bounce call causes a bounce of a scrolled region in an opposite direction of a scroll

APLNDC00027524

based on a region past an edge of the scrolled region being visible in a display region of a device at the end of the scroll.

23.  (Withdrawn) The medium as in claim 20, wherein transferring the set bounce call is either one of issuing, initiating, invoking or receiving the set bounce call.

24.  (Withdrawn) The medium as in claim 20, wherein the device is one of: a data processing device, a portable device, a portable data processing device, a multi touch device, a multi touch portable device, a wireless device, and a cell phone.

25.  (Withdrawn) In an environment with user interface software interacting with a software application, an apparatus, comprising:
        means for transferring a set bounce call.

26.  (Withdrawn) In an environment with user interface software interacting with a software application, a method for operating through an application programming interface (API), comprising:
        receiving a set bounce call.

27.  (Withdrawn) The method as in claim 26, further comprises:
        setting at least one of maximum and minimum bounce values.

28.  (Withdrawn) The method as in claim 26, wherein receiving the set bounce call causes a bounce of a scrolled region in an opposite direction of a scroll based on a region past an edge of the scrolled region being visible in a display region at the end of the scroll.

29.  (Withdrawn) A machine readable medium storing executable program instructions which when executed cause a data processing system to perform a method comprising:
        receiving a set bounce call.

APLNDC00027525

30.  (Withdrawn) The medium as in claim 29, further comprises:

setting at least one of maximum and minimum bounce values.

31.  (Withdrawn) The medium as in claim 29, wherein receiving a set bounce call causes a bounce of a scrolled region in an opposite direction of a scroll based on a region past an edge of the scrolled region being visible in a display region at the end of the scroll.

32.  (Withdrawn) In an environment with user interface software interacting with a software application, an apparatus, comprising:

means for receiving a set bounce call.

33.  (Withdrawn) In an environment with user interface kit interacting with a software application, a method for operating through an application programming interface (API), comprising:

transferring a rubberband call to cause rubberbanding a scrolled region displayed within a display region of a device.

34.  (Withdrawn) The method as in claim 33, wherein rubberbanding a scrolled region occurs by a predetermined maximum displacement when the scrolled region exceeds a display edge based on the scroll.

35.  (Withdrawn) The method as in claim 33, further comprising:

transferring an edge rubberband call to set displacement values for at least one display edge.

36.  (Withdrawn) The method as in claim 33, wherein at the end of the scroll, the scrolled region associated with content returns within the display region.

APLNDC00027526

37.  (Withdrawn) The method as in claim 33, wherein transferring the rubberband call is either one of issuing, initiating, invoking or receiving the rubberband call.

38.  (Withdrawn) The method as in claim 33, wherein the device is one of: a data processing device, a portable device, a portable data processing device, a multi touch device, a multi touch portable device, a wireless device, and a cell phone.

39.  (Withdrawn) A machine readable medium storing executable program instructions which when executed cause a data processing system to perform a method comprising:

      transferring a rubberband call to cause rubberbanding a scrolled region displayed within a display region of a device.

40.  (Withdrawn) The medium as in claim 39, wherein rubberbanding a scrolled region occurs by a predetermined maximum displacement when the scrolled region exceeds a window edge of the view based on the scroll.

41.  (Withdrawn) The medium as in claim 39, further comprising:

      transferring an edge rubberband call to set displacement values for at least one display edge.

42.  (Withdrawn) The medium as in claim 39, wherein transferring the rubberband call is either one of issuing, initiating, invoking or receiving the rubberband call.

43.  (Withdrawn) The method as in claim 39, wherein the device is one of: a data processing device, a portable device, a portable data processing device, a multi touch device, a multi touch portable device, a wireless device, and a cell phone.

44.  (Withdrawn) In an environment with user interface software interacting with a software application, an apparatus, comprising:

APLNDC00027527

means for transferring a rubberband call to cause rubberbanding a scrolled region displayed within a view.

45. (Withdrawn)  In an environment with user interface kit interacting with a software application, a method for operating through an application programming interface (API), comprising:
receiving a rubberband call to cause rubberbanding a scrolled region displayed within a view.

46.  (Withdrawn) The method as in claim 45, wherein rubberbanding a scrolled region occurs by a predetermined maximum displacement when the scrolled region exceeds a window edge of the view based on the scroll.

47.  (Withdrawn) The method as in claim 45, further comprising:
receiving an edge rubberband call to set displacement values for at least one display edge.

48.      (Withdrawn) A machine readable medium storing executable program instructions which when executed cause a data processing system to perform a method comprising:
receiving a rubberband call to cause rubberbanding a scrolled region displayed within a view.

49. (Withdrawn) The medium as in claim 48, wherein rubberbanding a scrolled region occurs by a predetermined maximum displacement when the scrolled region exceeds a window edge of the view based on the scroll.

50. (Withdrawn) The medium as in claim 48, further comprising:
receiving an edge rubberband call to set displacement values for at least one display edge.

APLNDC00027528

51.  (Withdrawn) In an environment with user interface software interacting with a software application, an apparatus, comprising:

means for receiving a rubberband call to cause rubberbanding a scrolled region displayed within a view.

52.  (Withdrawn) In an environment with user interface software interacting with a software application and a user input contacting a view of a display of a device, a method for operating through an application programming interface (API) , comprising:

transferring a directional scroll call to determine if directional scrolling is enabled.

53.  (Withdrawn) The method as in claim 52, further comprising:

transferring a directional scroll angle call to set a scroll angle for locking the scrolling in at least one of a vertical or a horizontal direction.

54.  (Withdrawn) The method of claim 52, wherein a drag user input forming an angle with a horizontal direction that is less than or equal to a first scroll angle locks the scrolling in the horizontal direction.

55.  (Withdrawn) The method of claim 52, wherein a drag user input forming an angle with a vertical direction that is less than or equal to a second scroll angle locks the scrolling in the vertical direction.

56.  (Withdrawn) The method as in claim 52, wherein transferring the directional scroll angle call is either one of issuing, initiating, invoking or receiving the directional scroll angle call.

57.  (Withdrawn) The method as in claim 49, wherein the device is one of: a data processing device, a portable device, a portable data processing device, a multi touch device, a multi touch portable device, a wireless device, and a cell phone.

APLNDC00027529

58.  (Withdrawn) A machine readable medium storing executable program instructions which when executed cause a data processing system to perform a method comprising:

transferring a directional scroll call to determine if directional scrolling is enabled.

59.  (Withdrawn) The medium as in claim 58, further comprising:

transferring a directional scroll angle call to set a scroll angle for locking the scrolling in at least one of a vertical or a horizontal direction.

60.  (Withdrawn) The medium of claim 58, wherein a drag user input forming an angle with a horizontal direction that is less than or equal to a first scroll angle locks the scrolling in the horizontal direction.

61.  (Withdrawn) The medium of claim 58, wherein a drag user input forming an angle with a vertical direction that is less than or equal to a second scroll angle locks the scrolling in the vertical direction.

62.  (Withdrawn) The medium as in claim 58, wherein transferring the directional scroll angle call is either one of issuing, initiating, invoking or receiving the directional scroll angle call.

63.  (Withdrawn) The method as in claim 58, wherein the data processing system is one of: a data processing device, a portable device, a portable data processing device, a multi touch device, a multi touch portable device, a wireless device, and a cell phone.

64.  (Withdrawn) In an environment with user interface software interacting with a software application, an apparatus, comprising:

APLNDC00027530