EXHIBIT 6.04

38.    (Original)  A media as in claim 35 wherein the method further comprises:

adjusting a position of the first window in a window displaying hierarchy in response to a

third input.


39.    (Original)  A media as in claim 26 wherein the method further comprises:

determining a position on a display of the digital processing system independent of a

position of a cursor on the display;

wherein the first window is displayed at the position.


40.    (Original)  A media as in claim 39 wherein the position is centered horizontally on the

display.


41.    (Original)  A media as in claim 26 wherein the method further comprises:

restarting the timer in response to receiving a second input for the first window.


42.    (Original)  A media as in claim 41 wherein the second input is received from a user input

device of the digital processing system.


43.    (Original)  A media as in claim 26 wherein the user input device is one of:

a) a keyboard;

b) a mouse;

c) a track ball;

d) a touch pad;

APLNDC00028827

e) a touch screen;

f) a joy stick; and

g) a button.


44.    (Currently Amended)  A machine readable media containing executable computer

program instructions which when executed by a digital processing system cause said system to

perform a method to display a user interface window, the method comprising:

displaying a first window, the first window being translucent, at least a portion of a

second window being capable of being displayed on the digital processing system under the first

window, the portion of the second window, when present, being visible under the first window

on a screen; and

closing the first window without user input, wherein the first window has been displayed

independent from a position of a cursor on the screen.


45.    (Original)  A media as in claim 44 wherein the method further comprises:

starting a timer;

wherein said closing the first window is in response to expiration of the timer.


46.    (Original)  A media as in claim 44 wherein the method further comprises:

receiving an input, the input not associated with a user input device of the digital

processing system;

wherein said closing the first window is in response to the input.

APLNDC00028828

47.     (Original)  A media as in claim 44 wherein the method further comprises:

determining whether or not a condition is met;

wherein said closing the first window is in response to a determination that the condition

is met.


48.     (Original)  A media as in claim 44 wherein said closing the first window comprises:

fading out an image of the first window.


49.     (Original)  A media as in claim 44 wherein a degree of translucency of the first window

is adjustable.


50.     (Original)  A machine readable media containing executable computer program

instructions which when executed by a digital processing system cause said system to perform a

method to display a user interface window, the method comprising:

displaying a first window in response to receiving a first input, the first input not

associated with a user input device of the digital processing system;

starting a timer; and

closing the first window in response to a determination that the timer expired.


51.     (Currently Amended)  A digital processing system to display a user interface window, the

system comprising:

APLNDC00028829

means for displaying a first window in response to receiving a first input from a user input device of the digital processing system which is capable of displaying at least a portion of a second window concurrently with the first window on a screen;

means for starting a timer; and

means for closing the first window in response to a determination that the timer expired;

wherein the first window does not close in response to any input from a user input device of the digital processing system, wherein the first window has been displayed independently from a position of a cursor on the screen.

52.    (Original)  A digital processing system as in claim 51 wherein the first window is translucent; and the portion of the second window is visible while under the first window.

53.    (Original)  A digital processing system as in claim 52 wherein the first window is at a top level in a window displaying hierarchy.

54.    (Original)  A digital processing system as in claim 52 wherein a degree of translucency of the first window is adjustable.

55.    (Original)  A digital processing system as in claim 51 wherein said means for closing the first window comprises:

means for fading out an image of the first window.

APLNDC00028830

56.    (Original)  A digital processing system as in claim 51 wherein the second window, if displayed, does close in response to an input from a user input device of the digital processing system.

57.    (Original)  A digital processing system as in claim 56 wherein the first window does not respond to any input from a user input device of the digital processing system.

58.    (Original)  A digital processing system as in claim 51 further comprising:

      means for repositioning the first window in response to a third window being displayed.

59.    (Original)  A digital processing system as in claim 51 further comprising:

      means for hiding the first window in response to a third window being displayed at a location where the first window is displayed.

60.    (Original)  A digital processing system as in claim 51 further comprising:

      means for repositioning the first window on a display in response to a second input for the first window.

61.    (Original)  A digital processing system as in claim 60 wherein the second input indicates that a third window is displayed.

62.    (Original)  A digital processing system as in claim 60 wherein the second input is received from a user input device of the digital processing system.

APLNDC00028831

63.     (Original)  A digital processing system as in claim 60 further comprising:

means for adjusting a position of the first window in a window displaying hierarchy in

response to a third input.


64.     (Original)  A digital processing system as in claim 51 further comprising:

means for determining a position on a display of the digital processing system

independent of a position of a cursor on the display;

wherein the first window is displayed at the position.


65.     (Original)  A digital processing system as in claim 64 wherein the position is centered

horizontally on the display.


66.     (Original)  A digital processing system as in claim 51 further comprising:

means for restarting the timer in response to receiving a second input for the first

window.


67.     (Original)  A digital processing system as in claim 66 wherein the second input is

received from a user input device of the digital processing system.


68.     (Original)  A digital processing system as in claim 51 wherein the user input device is

one of:

a) a keyboard;

b) a mouse;

APLNDC00028832

c) a track ball;

d) a touch pad;

e) a touch screen;

f) a joy stick; and

g) a button.

69.　　(Currently Amended)  A digital processing system to display a user interface window, the system comprising:

　　　means for displaying a first window, the first window being translucent, at least a portion of a second window being capable of being displayed on the digital processing system under the first window, the portion of the second window, when present, being visible under the first window on a screen; and

　　　means for closing the first window without user input , wherein the first window has been displayed independent from a position of a cursor on the screen.

70.　　(Original)  A digital processing system as in claim 69 further comprising:

　　　means for starting a timer;

　　　wherein the first window is closed in response to expiration of the timer.

71.　　(Original)  A digital processing system as in claim 69 further comprising:

　　　means for receiving an input, the input not associated with a user input device of the digital processing system;

　　　wherein the first window is closed in response to the input.

APLNDC00028833

72.     (Original)  A digital processing system as in claim 69 further comprising:

means for determining whether or not a condition is met;

wherein the first window is closed in response to a determination that the condition is

met.


73.     (Original)  A digital processing system as in claim 69 wherein said means for closing the

first window comprises:

means for fading out an image of the first window.


74.     (Original)  A digital processing system as in claim 69 wherein a degree of translucency of

the first window is adjustable.


75.     (Currently Amended)  A digital processing system to display a user interface window, the

system comprising:

means for displaying a first window in response to receiving a first input, the first input

not associated with a user input device of the digital processing system;

means for starting a timer; and

means for closing the first window in response to a determination that the timer expired,

wherein the first window has been displayed in response to the first input that is not associated

with the user input device.

APLNDC00028834

76.     (Original)  A method as in claim 16 wherein the first window is created by a first application and the second window is created by a second application, wherein the first application is different from the second application.

77.     (Original)  A machine readable media as in claim 41 wherein the first window is created by a first application and the second window is created by a second application, wherein the first application is different from the second application.

78.     (Original)  A digital processing system as in claim 66 wherein the first window is created by a first application and the second window is created by a second application, wherein the first application is different from the second application.

79.     (Currently Amended)  A method to display a user interface window for a digital processing system, the method comprising:

displaying a first window in response to receiving a first input, the first input not associated with a user input device of the digital processing system;

starting a timer; and

closing the first window in response to a determination that the timer expired, wherein the first window has been displayed in response to the first input that is not associated with the user input device.

80.     (Original)  A method as in claim 79 wherein the first window is translucent; and a portion of a second window is visible when displayed under the first window.

APLNDC00028835

81.     (Original)  A method as in claim 79 further comprising:

repositioning the first window on a display without user input.


82.     (Original)  A method as in claim 79 wherein said closing the first window comprises:

fading out an image of the first window.


83.     (Currently Amended)  A machine readable media containing executable computer

program instructions which when executed by a digital processing system cause said system to

perform a method to display a user interface window, the method comprising:

displaying a first window in response to receiving a first input, the first input not

associated with a user input device of the digital processing system;

starting a timer; and

closing the first window in response to a determination that the timer expired, wherein

the first window has been displayed in response to the first input that is not associated with the

user input device.


84.     (Original)  A machine readable media as in claim 83 wherein the first window is

translucent; and a portion of a second window is visible when displayed under the first window.


85.     (Original)  A machine readable media as in claim 83 wherein the method further

comprises:

repositioning the first window on a display without user input.

APLNDC00028836

86.     (Original)  A machine readable media as in claim 83 wherein said closing the first window comprises:

fading out an image of the first window.


87.     (Currently Amended)  A digital processing system to display a user interface window, the system comprising:

means for displaying a first window in response to receiving a first input, the first input not associated with a user input device of the digital processing system;

means for starting a timer; and

means for closing the first window in response to a determination that the timer expired, wherein the first window has been displayed in response to the first input that is not associated with the user input device.


88.     (Original)  A digital processing system as in claim 87 wherein the first window is translucent; and a portion of a second window is visible when displayed under the first window.


89.     (Original)  A digital processing system as in claim 87 further comprising:

means for repositioning the first window on a display without user input.


90.     (Original)  A digital processing system as in claim 87 wherein said means for closing the first window comprises:

means for fading out an image of the first window.

APLNDC00028837

Replacement Sheet
Application No. 12/012,384
Attorney Docket No. 4860P2874C3



Fig. 2

Prior Art

APLNDC00028838

Replacement Sheet
Application No. 12/012,384
Attorney Docket No. 4860P2874C3

211         213



215

Fig. 3

## Prior Art

APLNDC00028839

Replacement Sheet
Application No. 12/012,384
Attorney Docket No. 4860P2874C3



Fig. 4

Prior Art

APLNDC00028840

Replacement Sheet
Application No. 12/012,384
Attorney Docket No. 4860P2874C3



Fig. 5

Prior Art

APLNDC00028841

Replacement Sheet
Application No. 12/012,384
Attorney Docket No. 4860P2874C3



Fig. 6

Prior Art

APLNDC00028842

## REMARKS

Reconsideration of this application, as amended, is respectfully requested.

Claims 1-90 are pending.  Claims 1-15, 18-40, 43-65, 68-75 and 79-90 stand rejected. Claims 16-17, 41-42, 66-67 and 76-78 are objected to.

In this response, claims 1, 19, 25, 26, 44, 51, 69, 75, 79, 83, and 87 have been amended. No claims have been canceled.  No claims have been added.  Support for the amendments is found in the specification, the drawings, and in the claims as originally filed.  Applicant submits that the amendments do not add new matter.

Applicant reserves all rights with respect to the applicability of the Doctrine of Equivalents.

Applicants acknowledge with appreciation the Examiner's indication of allowance of claims 16-17, 41-42, 66-67, and 76-78 if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

The Examiner has objected to the Drawings.

Applicant submits herewith the drawings replacement sheets including Figures 2-6 designated "Prior Art".

With respect to Figure 1, the specification discloses that "**Figure 1** shows a block diagram example of a data processing system <u>which may be used with the present invention</u>." (e.g., paragraph [0028]).

Therefore, applicant respectfully submits that Figure 1 should not be designated by a label "Prior Art".

Therefore, applicant respectfully submits that the Examiner's objections to the drawings have now been overcome.

APLNDC00028843

Claims 1, 5-7, 18, 25-26, 30-32, 43, 50-51, 55-57, 68, 75, 79, 82-83, 86-87 and 90 stand rejected under 35 U.S.C. §102(e) as being anticipated by U.S. Publication No. 2003/0016253 to Aoki et al. ("Aoki").

Amended claim 1 reads, in part, as follows: "closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any input from a user input device of the digital processing system, wherein the first window has been displayed independently from a position of a cursor on the screen." (emphasis added).

Aoki discloses displaying an image map 103 and a pop-up window 115 that provides textual directional tips 114 to guide a user to a desired area on the image map 103 (Figure 13). In particular, Aoki discloses that "when the user' gesture positions the stylus in contact with the displayed image map 103, directional tips in a pop-up text window 115 could appear…."( paragraph [0081]). In particular, Aoki discloses that the "pop-up window…[indicates] to a user that the …active area…is "up" and "to the right" of the position at which the stylus 102 was placed within the displayed image map 103 by the user". (paragraph [0082]). In contrast, amended claim 1 refers to displaying the first window independently from a position of a cursor on the screen. Aoki fails to disclose closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any input from a user input device of the digital processing system, wherein the first window has been displayed independently from a position of a cursor on the screen, as recited in amended claim 1.

Because Aoki fails to disclose all limitations of amended claim 1, applicant respectfully submits that claim 1, as amended, is not anticipated by Aoki under 35 U.S.C. § 102(e).

APLNDC00028844

For at least the reasons that are similar to those set forth above with respect to amended claim 1, applicant respectfully submits that claims 5-7, 18, 25-26, 30-32, 43, 50-51, 55-57, 68, 75, 79, 82-83, 86-87 and 90 are not anticipated by Aoki under 35 U.S.C. §102(e).

Claims 2-3, 19-23, 27-28, 44-48, 52-53, 69-73, 80, 84, and 88 stand rejected under 35 U.S.C. §103(a) as being unpatentable over Aoki in view of U.S. Publication No. 2003/0051228 to Martinez et al. ("Martinez").

As set forth above, Aoki fails to disclose closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any input from a user input device of the digital processing system, <u>wherein the first window has been displayed independently from a position of a cursor on the screen</u>, as recited in amended claim 1.

Martinez, in contrast, discloses source code interface to view a source code within a context of the screen presentation which is created by this source code. (Abstract).

Furthermore, even if Martinez and Aoki were combined, such a combination would still lack closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any input from a user input device of the digital processing system, <u>wherein the first window has been displayed independently from a position of a cursor on the screen</u>, as recited in amended claim 1.

For at least the reasons that are similar to those set forth above with respect to amended claim 1, applicant respectfully submits that claims 2-3, 19-23, 27-28, 44-48, 52-53, 69-73, 80, 84, and 88 are not obvious under 35 U.S.C. § 103(a) over Aoki in view of Martinez.

APLNDC00028845

Claims 4, 24, 29, 49, 54, and 74 stand rejected under 35 U.S.C. §103(a) as being unpatentable over Aoki in view of Martinez and further in view of U.S. Patent No. 6,246,407 to Wilks et al. ("Wilks").

As set forth above, Aoki fails to disclose closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any input from a user input device of the digital processing system, <u>wherein the first window has been displayed independently from a position of a cursor on the screen</u>, as recited in amended claim 1.

Martinez, in contrast, discloses source code interface to view a source code within a context of the screen presentation which is created by this source code. (Abstract).

Wilks, in contrast, discloses overlaying a window with a multi-state window.

Furthermore, even if Wilks, Martinez and Aoki were combined, such a combination would still lack closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any input from a user input device of the digital processing system, <u>wherein the first window has been displayed independently from a position of a cursor on the screen</u>, as recited in amended claim 1.

For at least the reasons that are similar to those set forth above with respect to amended claim 1, applicant respectfully submits that claims 4, 24, 29, 49, 54, and 74 are not obvious under 35 U.S.C. § 103(a) over Aoki in view of Martinez and further in view of Wilks.

Claims 8-15, 33-40, 58-65, 81, 85, and 89 stand rejected under 35 U.S.C. §103(a) as being unpatentable over Aoki in view of U.S. Patent No. 6,654,036 to Jones ("Jones").

As set forth above, Aoki fails to disclose closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any

APLNDC00028846

input from a user input device of the digital processing system, <u>wherein the first window has been displayed independently from a position of a cursor on the screen</u>, as recited in amended claim 1.

Jones, in contrast, discloses controlling relative positioning of one or more open windows. (Abstract).

Furthermore, even if Jones and Aoki were combined, such a combination would still lack closing the first window in response to a determination that the timer expired; wherein the first window does not close in response to any input from a user input device of the digital processing system, <u>wherein the first window has been displayed independently from a position of a cursor on the screen</u>, as recited in amended claim 1.

For at least the reasons that are similar to those set forth above with respect to amended claim 1, applicant respectfully submits that claims 8-15, 33-40, 58-65, 81, 85, and 89 are not obvious under 35 U.S.C. §103(a) over Aoki in view of Jones.

APLNDC00028847

It is respectfully submitted that in view of the amendments and arguments set forth herein, the applicable rejections and objections have been overcome.  If the Examiner believes a telephone conference would expedite the prosecution of the present application, the Examiner is invited to call the undersigned at (408) 720-8300.

If there are any additional charges, please charge Deposit Account No. 02-2666.

Respectfully submitted,
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP


Date: <u>March 4, 2010</u>       By:  <u>/Tatiana Rossin/</u>
                                      Tatiana Rossin
                                      Reg. No. 56,833


1279 Oakmead Parkway
Sunnyvale, California  94085-4040
(408) 720-8300

Customer No. 045217

APLNDC00028848

Attorney's Docket No. <u>4860P2874C3</u>                                        <u>PATENT</u>

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In Re Application of: | Examiner:   Hailu, Tadesse |
| Imran Chaudhri, et al. | Art Unit:    2173 |
| Application No.: 12/012,384 | Confirmation No.: 2279 |
| Filed: February 1, 2008 | **CERTIFICATE OF TRANSMISSION**<br>I hereby certify that this correspondence is being submitted electronically via EFS Web on the date shown below. |
| For: METHOD AND APPARATUS FOR<br>DISPLAYING A WINDOW FOR A USER<br>INTERFACE | /Adriena M. Garcia/              March 4, 2010<br>*Adriena M. Garcia*                    *Date* |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia  22313-1450

### INFORMATION DISCLOSURE STATEMENT

Sir:

Enclosed is a copy of Information Disclosure Citation Form PTO-1449 or PTO/SB/08 together with copies of the documents cited on that form, except for copies not required to be submitted (e.g., copies of U.S. patents and U.S. published patent applications need not be enclosed).  It is respectfully requested that the cited documents be considered and that the enclosed copy of Information Disclosure Citation Form PTO-1449 or PTO/SB/08 be initialed by the Examiner to indicate such consideration and a copy thereof returned to applicant(s).

Pursuant to 37 C.F.R. § 1.97, the submission of this Information Disclosure Statement is not to be construed as a representation that a search has been made and is not to be construed as an admission that the information cited in this statement is material to patentability.

- 1 -

APLNDC00028849

Pursuant to 37 C.F.R. § 1.97, this Information Disclosure Statement is being submitted under one of the following (as indicated by an "X" to the left of the appropriate paragraph):

_____ 37 C.F.R. §1.97(b).

___X___ 37 C.F.R. §1.97(c).  If so, then enclosed with this Information Disclosure Statement is one of the following:

_____ A statement pursuant to 37 C.F.R. §1.97(e) or

___X___ The Commissioner is authorized to charge the deposit account $180.00 for the fee under 37 C.F.R. § 1.17(p).

_____ 37 C.F.R. §1.97(d).  If so, then enclosed with this Information Disclosure Statement are the following:

(1)     A statement pursuant to 37 C.F.R. §1.97(e); and

(2)     A check for $180.00 for the fee under 37 C.F.R. §1.17(p) for submission of the Information Disclosure Statement.

If there are any additional charges, please charge Deposit Account No. 02-2666.

Respectfully submitted,
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP


Dated:  March 4, 2010     /Tatiana Rossin/ _____
Tatiana Rossin
Reg. No. 56,833


1279 Oakmead Parkway
Sunnyvale, CA  94085-4040
(408) 720-8300

- 2 -

APLNDC00028850

| Substitute for Form 1449/PTO | | | | **Complete if Known** | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(use as many sheets as necessary)* | | | | Application Number | 12/012,384 |
| | | | | Filing Date | February 1, 2008 |
| | | | | First Named Inventor: | Imran Chaudhri |
| | | | | Art Unit | 2173 |
| | | | | Examiner Name | Hailu, Tadesse |
| **Sheet** | 1 | of | 1 | Attorney Docket Number | 4860P2874C3 |

### U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (If known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | | US- 5,191,620 | 3/2/1993 | Lee | |
| | | US- 5,831,615 | 11/3/1998 | Drews et al. | |
| | | US- 5,892,511 | 4/6/1999 | Gelsinger et al. | |
| | | US- 5,940,517 | 8/17/1999 | Shinanda et al. | |
| | | US- 5,999,191 | 12/7/1999 | Frank et al. | |
| | | US- 6,072,489 | 6/6/2000 | Gough et al. | |
| | | US- 6,252,595 | 6/26/2001 | Birmingham et al. | |
| | | US- 6,429,883 | 8/6/2002 | Plow et al. | |
| | | US- 6,720,982 | 4/13/2004 | Sakaguchi | |
| | | US- 7,046,254 | 5/16/2006 | Brown et al. | |
| | | US- 7,068,266 | 6/27/2006 | Ruelle | |
| | | US- 7,155,729 | 12/26/2006 | Andrew et al. | |
| | | US- 7,342,594 | 3/11/2008 | Ort et al. | |
| | | US- | | | |
| | | US- | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document — Country Code[3] Number[4] Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1]Applicant's unique citation designation number (optional). [2]See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3]Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4]For Japanese patent documents, the indication of the year of reign of the Emperor must precede the serial number of the patent document. [5]Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. [6]Applicant is to place a check mark here if English language translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SENT FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.** **If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.**

Based on Form PTO/SB/08A (08-03) as modified by BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP on 09/10/03.

APLNDC00028851

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 12012384 |
| **Filing Date:** | 01-Feb-2008 |
| **Title of Invention:** | Method and apparatus for displaying a window for a user interface |
| **First Named Inventor/Applicant Name:** | Imran Chaudhri |
| **Filer:** | Tatiana Rossin/Adriena Garcia |
| **Attorney Docket Number:** | 004860.P2874C3 |

Filed as Large Entity

## Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

APLNDC00028852

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| Submission- Information Disclosure Stmt | 1806 | 1 | 180 | 180 |
| **Total in USD ($)** | | | | **180** |

APLNDC00028853

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 7145926 |
| **Application Number:** | 12012384 |
| **International Application Number:** | |
| **Confirmation Number:** | 2279 |
| **Title of Invention:** | Method and apparatus for displaying a window for a user interface |
| **First Named Inventor/Applicant Name:** | Imran  Chaudhri |
| **Customer Number:** | 45217 |
| **Filer:** | Tatiana Rossin/Adriena Garcia |
| **Filer Authorized By:** | Tatiana Rossin |
| **Attorney Docket Number:** | 004860.P2874C3 |
| **Receipt Date:** | 04-MAR-2010 |
| **Filing Date:** | 01-FEB-2008 |
| **Time Stamp:** | 20:07:02 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Deposit Account |
| Payment was successfully received in RAM | $ 180 |
| RAM confirmation Number | 5394 |
| Deposit Account | 022666 |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |
| Charge any Additional Fees required under 37 C.F.R. Section 1.17 (Patent application and reexamination processing fees) | |
| Charge any Additional Fees required under 37 C.F.R. Section 1.19 (Document supply fees) | |

APLNDC00028854

Charge any Additional Fees required under 37 C.F.R. Section 1.21 (Miscellaneous fees and charges)

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 4860P2874C3_Response_to_NFOA_3-4-10.pdf | 89065<br><br>4dbafa6a8b20d91b7d39381f86a2a02c1440cac0 | yes | 26 |

| | Multipart  Description/PDF files in .zip description | | |
|---|---|---|---|
| | Document Description | Start | End |
| | Amendment/Req. Reconsideration-After Non-Final Reject | 1 | 1 |
| | Specification | 2 | 2 |
| | Claims | 3 | 20 |
| | Applicant Arguments/Remarks Made in an Amendment | 21 | 26 |

| Warnings: |
|---|

| Information: |
|---|

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 2 | Drawings-only black and white line drawings | 4860P2874C3_Replacement_Figures_3-4-10.pdf | 1196591<br><br>7b8c78a6a051f80aec787d1bf4ae9ffaae8afc6f | no | 5 |

| Warnings: |
|---|

| Information: |
|---|

| 3 | Transmittal Letter | 4860P2874C3_IDS_Statement_3-4-10.pdf | 24129<br><br>cbd6a358fdef5095210f1090cd7ef625ffc0e2ca | no | 2 |
|---|---|---|---|---|---|

| Warnings: |
|---|

| Information: |
|---|

| 4 | Information Disclosure Statement (IDS) Filed (SB/08) | 4860P2874C3_IDS_1449_3-4-10.pdf | 55756<br><br>e19652897349deacb9ce60e7ae7fc33d4c1c1af0 | no | 1 |
|---|---|---|---|---|---|

| Warnings: |
|---|

| Information: |
|---|

| This is not an USPTO supplied IDS fillable form |
|---|

| 5 | Fee Worksheet (PTO-875) | fee-info.pdf | 30022<br><br>ff34349d9d58b9db45cffd2e48b85e4639f5fb76 | no | 2 |
|---|---|---|---|---|---|

| Warnings: |
|---|

| Information: |
|---|

| Total Files Size (in bytes): | | | 1395563 | | |
|---|---|---|---|---|---|

APLNDC00028855

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111

If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

APLNDC00028856

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>12/012,384 | Filing Date<br>02/01/2008 | ☐ To be Mailed |
|---|---|---|---|

### APPLICATION AS FILED – PART I

| | | | | SMALL ENTITY ☐ | OR | OTHER THAN<br>SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| | (Column 1) | (Column 2) | | | | | |
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) | | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = | | OR | X $ = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = | | | X $ = | |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | |

### APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | | OR | OTHER THAN<br>SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | **03/04/2010** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 90 | Minus ** 90 | = 0 | X $ = | | OR | X $52= | 0 |
| | Independent (37 CFR 1.16(h)) | * 12 | Minus *** 12 | = 0 | X $ = | | OR | X $220= | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | OR | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | 0 |

| | | (Column 1) | (Column 2) | (Column 3) | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | | | | |
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | X $ = | | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | X $ = | | OR | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | OR | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
/ROSALIND BALL/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Attorney Docket No.: 4860P2874C3                                                    Patent

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| In Re Application of: | Examiner: Hailu, Tadesse |
|---|---|
| Imran Chaudhri, et al. | Art Unit: 2173 |
| Application No. 12/012,384 | Confirmation No. 2279 |
| Filed: February 1, 2008 | **CERTIFICATE OF TRANSMISSION**<br>I hereby certify that this correspondence is being submitted electronically via EFS Web on the date shown below. |
| For:  METHOD AND APPARATUS FOR DISPLAYING A WINDOW FOR A USER INTERFACE | /Adriena M. Garcia/          March 29, 2010<br>*Adriena M. Garcia*                    *Date* |

Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

## INTERVIEW CONFIRMATION

Sir:

Following the conversation between Tatiana Rossin and the Examiner earlier today, this confirms that Examiner's interview has been scheduled for April 8, 2010 at 2:00PM EST. It is proposed to discuss applicant's amendment as filed on March 4, 2010 in response to the Office Action mailed December 4, 2009. Tatiana Rossin will take responsibility for initiating the call on April 8, 2010 and will dial 1-571-272-4051 unless the Examiner recommends differently. Should the Examiner have any questions or comments, the Examiner is invited to call the undersigned at 408-962-7575 or 408-720-8300.

If there are any additional charges, please charge Deposit Account No. 02-2666.

Respectfully submitted,
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP

Date: March 29, 2010            /Tatiana Rossin/
                                By:  Tatiana Rossin
                                Reg. No. 56,833

1279 Oakmead Parkway
Sunnyvale, California  94085-4040
(408) 720-8300
Fax (408) 720-8383

Application No. 12/012,384                              Atty. Dkt. No. 4860P2874C3

APLNDC00028858

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 7309355 |
| **Application Number:** | 12012384 |
| **International Application Number:** | |
| **Confirmation Number:** | 2279 |
| **Title of Invention:** | Method and apparatus for displaying a window for a user interface |
| **First Named Inventor/Applicant Name:** | Imran  Chaudhri |
| **Customer Number:** | 45217 |
| **Filer:** | Tatiana Rossin/Adriena Garcia |
| **Filer Authorized By:** | Tatiana Rossin |
| **Attorney Docket Number:** | 004860.P2874C3 |
| **Receipt Date:** | 29-MAR-2010 |
| **Filing Date:** | 01-FEB-2008 |
| **Time Stamp:** | 17:54:36 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Letter Requesting Interview with Examiner | 4860P2874C3_Interview_Confirmation_3-29-10.pdf | 17868 0ae1be9dac83951037cdab57fe7f66265217 1df2 | no | 1 |

**Warnings:**

**Information:**

APLNDC00028859

Total Files Size (in bytes): 17868

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

APLNDC00028860



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/012,384 | 02/01/2008 | Imran Chaudhri | 004860.P2874C3 | 2279 |

45217        7590        04/13/2010

APPLE INC./BSTZ
BLAKELY SOKOLOFF TAYLOR & ZAFMAN LLP
1279 OAKMEAD PARKWAY
SUNNYVALE, CA 94085-4040

| EXAMINER |
|---|
| HAILU, TADESSE |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2173 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/13/2010 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

APLNDC00028861

| *Interview Summary* | Application No. | Applicant(s) |
| --- | --- | --- |
| | 12/012,384 | CHAUDHRI ET AL. |
| | Examiner | Art Unit | |
| | TADEESE HAILU | 2173 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) _TADEESE HAILU_.                             (3)_____.

(2) _Tatiana Rossin_.                             (4)_____.

Date of Interview: _08 April 2010_.

Type:  a)☒ Telephonic   b)☐ Video Conference
       c)☐ Personal [copy given to:  1)☐ applicant   2)☒ applicant's representative]

Exhibit shown or demonstration conducted:   d)☐ Yes   e)☒ No.
       If Yes, brief description: _____.

Claim(s) discussed: _____.

Identification of prior art discussed: _Aoki et al_.

Agreement with respect to the claims f)☐ was reached.   g)☒ was not reached.   h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: _The applicant's representative and examiner discussed the claimed invention in view of Aoki et al but no agreement was reached_.

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached.  Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a reply to the last Office action has already been filed, APPLICANT IS GIVEN A NON-EXTENDABLE PERIOD OF THE LONGER OF ONE MONTH OR THIRTY DAYS FROM THIS INTERVIEW DATE, OR THE MAILING DATE OF THIS INTERVIEW SUMMARY FORM, WHICHEVER IS LATER, TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  See Summary of Record of Interview requirements on reverse side or on attached sheet.

| /Tadesse  Hailu/ | |
| --- | --- |
| Primary Examiner, Art Unit 2173 | |

APLNDC00028862

# Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

### Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant.  An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

### 37 CFR §1.2  Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing.  The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary.  The action of the Patent and Trademark Office will be based exclusively on the written record in the Office.  No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

_____

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so.  It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks.  Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below.  Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper.  In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview.  In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
– An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable).  Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
    (The identification of arguments need not be lengthy or elaborate.  A verbatim or highly detailed description of the arguments is not required.  The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file.  Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview.  If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her.  If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

APLNDC00028863

Attorney Docket No.: 4860P2874C3                                    Patent

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| In Re Application of: | Examiner:  Hailu, Tadesse |
|---|---|
| Imran Chaudhri, et al. | Art Unit:  2173 |
| Serial No.:  12/012,384 | Confirmation No.: 2279 |
| Filed:  February 1, 2008 | **CERTIFICATE OF TRANSMISSION**<br>I hereby certify that this correspondence is being submitted electronically via EFS Web on the date shown below. |
| For: METHOD AND APPARATUS FOR DISPLAYING A WINDOW FOR A USER INTERFACE | /Adriena M. Garcia/            May 13, 2010<br>*Adriena M. Garcia*                    *Date* |

Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

### RESPONSE TO INTERVIEW SUMMARY

Sir:

Please enter the following response to the Interview Summary mailed April 13, 2010.

The undersigned representative for applicant Tatiana Rossin thanks the Examiner for the

courtesy of the telephonic interview on April 8, 2010. The amendment filed by applicant on

March 4, 2010 in the response to the Office Action mailed on December 4, 2009 was discussed.

More specifically, claim 1 was discussed in light of the cited references. No formal agreement

was reached as to any claims.

If there are any additional charges, please charge Deposit Account No. 02-2666.

Respectfully submitted,
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP


Date: ___May 13, 2010___      /Tatiana Rossin/_____
                              By:  Tatiana Rossin
                              Reg. No. 56,833

1279 Oakmead Parkway
Sunnyvale, California  94085-4040
(408) 720-8300
Fax (408) 720-8383
Customer No. 008791


Application No. 12/012,384                          Atty. Dkt. No. 4860P2874C3

APLNDC00028864

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 7606531 |
| **Application Number:** | 12012384 |
| **International Application Number:** | |
| **Confirmation Number:** | 2279 |
| **Title of Invention:** | Method and apparatus for displaying a window for a user interface |
| **First Named Inventor/Applicant Name:** | Imran  Chaudhri |
| **Customer Number:** | 45217 |
| **Filer:** | Tatiana Rossin/Adriena Garcia |
| **Filer Authorized By:** | Tatiana Rossin |
| **Attorney Docket Number:** | 004860.P2874C3 |
| **Receipt Date:** | 13-MAY-2010 |
| **Filing Date:** | 01-FEB-2008 |
| **Time Stamp:** | 14:50:38 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| Submitted with Payment | no |
|---|---|

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Applicant summary of interview with examiner | 4860P2874C3_Response_to_the_Interview_Summary_5-13-10.pdf | 22789 <br> f50ba220d48dbb1995ee004f8a6ce4ccbe7eaf8d | no | 1 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |

APLNDC00028865

Total Files Size (in bytes):          22789

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

APLNDC00028866



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/012,384 | 02/01/2008 | Imran Chaudhri | 004860.P2874C3 | 2279 |

45217       7590       06/07/2010
APPLE INC./BSTZ
BLAKELY SOKOLOFF TAYLOR & ZAFMAN LLP
1279 OAKMEAD PARKWAY
SUNNYVALE, CA 94085-4040

| EXAMINER |
|---|
| HAILU, TADESSE |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2173 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 06/07/2010 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

APLNDC00028867

| **Office Action Summary** | Application No. | Applicant(s) |
| | 12/012,384 | CHAUDHRI ET AL. |
| | Examiner | Art Unit | |
| | TADEESE HAILU | 2173 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>04 March 2010</u>.

2a)☒ This action is **FINAL**.     2b)☐ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-90</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☒ Claim(s) <u>1-24,26-49,51-74 and 76-78</u> is/are allowed.

6)☐ Claim(s) <u>25,50,75 and 79-90</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All   b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☐ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☒ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date <u>3/4/2010</u>.

4)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____ .

5)☐ Notice of Informal Patent Application

6)☐ Other: _____.

APLNDC00028868

Application/Control Number: 12/012,384                                    Page 2

Art Unit: 2173

## DETAILED ACTION

1.      This Office Action is in response to the Amendment filed March 4, 2010. The

Amendment contains claims 1-90.


2.      The objection to the drawings has be withdrawn,

### Claim Rejections - 35 USC § 102

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(e) the invention was described in (1) an application for patent, published under section 122(b),
by another filed in the United States before the invention by the applicant for patent or (2) a
patent granted on an application for patent by another filed in the United States before the
invention by the applicant for patent, except that an international application filed under the treaty
defined in section 351(a) shall have the effects for purposes of this subsection of an application
filed in the United States only if the international application designated the United States and
was published under Article 21(2) of such treaty in the English language.

3.      <u>Claims   25, 50, 75, 79, 82, 83, 86, 87, and 90 are rejected under 35</u>

<u>U.S.C. 102(e) as being anticipated by Aoki et al (US Pub No 2003/0016253).</u>

Aoki teaches feedback mechanism for use with visual selection methods in

graphical user interface systems. Aoki further teaches locating, identifying, and /or

selecting hyperlink targets or active areas within and image map displayed on a web

page.


With regard to claims 25, 50, 75, 79, 83, and 87:

APLNDC00028869

Application/Control Number: 12/012,384                                    Page 3
Art Unit: 2173

Aoki teaches a method to display a user interface window (e.g., text window 115, Fig. 13 or image map application window 3 or 103) for a digital processing system (hand-held device 1).

Aoki teaches displaying a first window (e.g., text window 115) in response to receiving a first input (e.g., a staring of a setup time, two seconds); the first input (i.e., the setup time) is not associated with a user input device of the digital processing system (Aoki, Fig. 7, paragraph 62).

Aoki also teaches setting and operating/staring a timer for a predetermined time period (e.g., 2 seconds) (Fig. 7, paragraph 62).

Aoki further teaches closing the first window (text window 115) in response to a determination that the timer expired (paragraphs 82-84).

 With regard to claims 82, 86, and 90:

Aoki further teaches that said closing the text window 115 (or the first window) includes at least fading out an image of the text window (paragraphs 83, 90).


### Claim Rejections - 35 USC § 103

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

APLNDC00028870

Application/Control Number: 12/012,384                                     Page 4
Art Unit: 2173

4.    Claims 80, 84 and 88 are rejected under 35 U.S.C. 103(a) as being unpatentable over Aoki et al (US Pub No 2003/0016253) in view of Martinez et al (Us Pub No 2003/0051228).

With regard to claims 80, 84, and 88:

While Aoki teaches displaying text window 115 over image map application window 103 (Fig. 13), but Aoki is silent in describing the text window as a translucent window. However, Martinez discloses a translucent window (e.g., 518, Fig. 5B), where the portion of the second window is visible while under the window 518 (Abstract, Fig. 5B). Martinez and Aoki are analogous art because they are from the same field of endeavor, graphical user interface. At the time of the invention, it would have been obvious to a person of ordinary skill in the art to modify or replace the text window (115) of Aoki with translucent window (518) as shown by Martinez because the translucent window enables the underneath portion of the window to be visible, and user will be able to interact through the window (see Fig. 5B). Therefore, it would have been obvious to combine Martinez with Aoki to obtain the invention as specified in the above claims.

5.    Claims  81, 85, and 89 are rejected under 35 U.S.C. 103(a) as being unpatentable over Aoki et al (US Pub No 2003/0016253) in view of Jones (US Pat No 6,654,036).

Wile Aoki teaches dynamically adjusting active areas (or hyperlink targets) paragraph 77), but Aoki does not clearly teach the following limitations "repositioning the first window in response to a third window being displayed." Jones, however, teaches

APLNDC00028871

Application/Control Number: 12/012,384                                           Page 5
Art Unit: 2173

controlling the relative positioning of multiple windows displayed on an output device.

Jones teaches and illustrates manipulating the displayed windows comprising

repositioning any one of the window relative to other windows, (e.g., Figs. 3A-3E, 10A-

10C, 11, column 10, lines 21-54). Aoki and Jones are analogous art because they are

from the same field of endeavor, graphical user interface. At the time of the invention, it

would have been obvious to a person of ordinary skill in the art to provide the hand-held

device of Aoki with the several window manipulation techniques of Jones in order to

provide a less cluttered display area as suggested by Aoki (paragraph 77). Therefore, it

would have been obvious to combine Aoki with Jones to obtain the invention as

specified in the above claims.

### *Response to Arguments*

6.      Applicant's arguments filed March 4, 2010 have been fully considered but they

are not completely persuasive. The applicant's argument that is directed to Aoki does

not teach "displaying the first window independently from a position of a cursor on the

screen" is persuasive but the remaining arguments are not persuasive, Aoki does teach

the remaining arguments as given in the rejection.


### *Allowable Subject Matter*

7.      The amended independent claims 1, 19, 26, 44, 51, 69 include "displaying the

first window independently from a position of a cursor on the screen." Aoki fails to

disclose such limitation. As a result Aoki fails to disclose closing the first window in

response to a determination that the timer expired; wherein the first window does not

Application/Control Number: 12/012,384                                      Page 6
Art Unit: 2173

close in response to any input from a user input device of the digital processing system,

wherein the first window has been displayed independently from a position of a cursor

on the screen, as recited in the above claims.   Thus, claims 1-24, 26-49, 51-74, and 76-

78 are allowed.

## CONCLUSION

8.      **THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

        A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action. In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action. In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the mailing date of this final action.


 9.      Any inquiry concerning this communication or earlier communications from the

Examiner should be directed to Tadesse Hailu, whose telephone number is (571) 272-

4051. The Examiner can normally be reached on M-F from 10:30 – 7:00 ET. If attempts

to reach the Examiner by telephone are unsuccessful, the Examiner's supervisor, Kieu

Vu can be reached at (571) 272-4057 Art Unit 2173.

 /Tadesse  Hailu/
Primary Examiner, Art Unit 2173

APLNDC00028873

Application/Control Number: 12/012,384                                    Page 7
Art Unit: 2173

APLNDC00028874

| Substitute for Form 1449/PTO | | | | **Complete if Known** | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(use as many sheets as necessary)* | | | Application Number | 12/012,384 | |
| | | | Filing Date | February 1, 2008 | |
| | | | First Named Inventor: | Imran Chaudhri | |
| | | | Art Unit | 2173 | |
| | | | Examiner Name | Hailu, Tadesse | |
| **Sheet** | 1 | of | 1 | Attorney Docket Number | 4860P2874C3 |

### U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (If known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| /T.H./ | | US- 5,191,620 | 3/2/1993 | Lee | |
| | | US- 5,831,615 | 11/3/1998 | Drews et al. | |
| | | US- 5,892,511 | 4/6/1999 | Gelsinger et al. | |
| | | US- 5,940,517 | 8/17/1999 | Shinanda et al. | |
| | | US- 5,999,191 | 12/7/1999 | Frank et al. | |
| | | US- 6,072,489 | 6/6/2000 | Gough et al. | |
| | | US- 6,252,595 | 6/26/2001 | Birmingham et al. | |
| | | US- 6,429,883 | 8/6/2002 | Plow et al. | |
| | | US- 6,720,982 | 4/13/2004 | Sakaguchi | |
| | | US- 7,046,254 | 5/16/2006 | Brown et al. | |
| | | US- 7,068,266 | 6/27/2006 | Ruelle | |
| | | US- 7,155,729 | 12/26/2006 | Andrew et al. | |
| | | US- 7,342,594 | 3/11/2008 | Ort et al. | |
| | | US- | | | |
| | | US- | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document — Country Code[3] Number[4] Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | /Tadesse Hailu/ | Date Considered | 06/02/2010 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1]Applicant's unique citation designation number (optional). [2]See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3]Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4]For Japanese patent documents, the indication of the year of reign of the Emperor must precede the serial number of the patent document. [5]Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. [6]Applicant is to place a check mark here if English language translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.**
**If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.**

Based on Form PTO/SB/08A (08-03) as modified by BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP on 09/10/03.

APLNDC00028875

| | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| ***Index of Claims*** | 12012384 | CHAUDHRI ET AL. |
| | **Examiner** | **Art Unit** |
| | TADEESE HAILU | 2173 |

| ✓ | **Rejected** | - | **Cancelled** | **N** | **Non-Elected** | **A** | **Appeal** |
|---|---|---|---|---|---|---|---|
| = | **Allowed** | ÷ | **Restricted** | **I** | **Interference** | **O** | **Objected** |

☐ **Claims renumbered in the same order as presented by applicant**   ☐ CPA   ☐ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 12/03/2009 | 06/01/2010 | | | | | | | |
| | 1 | ✓ | = | | | | | | | |
| | 2 | ✓ | = | | | | | | | |
| | 3 | ✓ | = | | | | | | | |
| | 4 | ✓ | = | | | | | | | |
| | 5 | ✓ | = | | | | | | | |
| | 6 | ✓ | = | | | | | | | |
| | 7 | ✓ | = | | | | | | | |
| | 8 | ✓ | = | | | | | | | |
| | 9 | ✓ | = | | | | | | | |
| | 10 | ✓ | = | | | | | | | |
| | 11 | ✓ | = | | | | | | | |
| | 12 | ✓ | = | | | | | | | |
| | 13 | ✓ | = | | | | | | | |
| | 14 | ✓ | = | | | | | | | |
| | 15 | ✓ | = | | | | | | | |
| | 16 | O | = | | | | | | | |
| | 17 | O | = | | | | | | | |
| | 18 | ✓ | = | | | | | | | |
| | 19 | ✓ | = | | | | | | | |
| | 20 | ✓ | = | | | | | | | |
| | 21 | ✓ | = | | | | | | | |
| | 22 | ✓ | = | | | | | | | |
| | 23 | ✓ | = | | | | | | | |
| | 24 | ✓ | = | | | | | | | |
| | 25 | ✓ | ✓ | | | | | | | |
| | 26 | ✓ | = | | | | | | | |
| | 27 | ✓ | = | | | | | | | |
| | 28 | ✓ | = | | | | | | | |
| | 29 | ✓ | = | | | | | | | |
| | 30 | ✓ | = | | | | | | | |
| | 31 | ✓ | = | | | | | | | |
| | 32 | ✓ | = | | | | | | | |
| | 33 | ✓ | = | | | | | | | |
| | 34 | ✓ | = | | | | | | | |
| | 35 | ✓ | = | | | | | | | |
| | 36 | ✓ | = | | | | | | | |

Part of Paper No. :  20100601

APLNDC00028876