HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION TO EXTEND TIME FOR COMPLIANCE WITH ORDER ON MOTION TO COMPEL**<br><br>Judge:  Paul S. Grewal |

**INTRODUCTION**

Over the past four months, Samsung has repeatedly promised that it has completed or will soon complete its production of survey and design history documents. But only now, after this Court compelled it to make good on these promises, has Samsung finally marshaled the resources to get the job done. Granting Samsung's request for a further extension, after months of promises and non-production, would reward Samsung's misrepresentations and delays.

Samsung's requested relief should therefore be denied. Samsung should be obligated to produce documents as required by the Court's December 22, 2011 Order. To the extent that Samsung does not or cannot comply with that Order, the Court can determine the appropriate remedy after Samsung's production is complete and the prejudicial impact of its delays is known.

**ARGUMENT**

As Apple explained to Samsung shortly before Samsung filed its motion, Samsung cannot justify further delaying production of its survey and design history documents.[1] Months ago, Samsung promised that it would produce these documents promptly. Months ago, the Court ordered Samsung to make these productions. Any delay in Samsung's production is inexcusable.

**I.   Samsung Should Have Produced Survey and Marketing Documents Long Ago.**

*Apple's First Motion to Compel*. Apple has moved to compel Samsung's production of survey and marketing documents not once, but *twice*. Apple first moved to compel their production back in September. (Bartlett Decl. ¶ 2.) In opposing Apple's motion, Samsung represented that it "*already [had] produced the responsive documents it has located to date*" relating to surveys and marketing documents and that Apple's motion to compel was "*largely moot*." (Samsung's Opp. to Apple's Mot. to Compel [Dkt. 258] at 5 (emphasis added).) At the September 28, 2011 hearing, Samsung's counsel reinforced this representation, stating:

---

[1] Samsung's allegation that Apple refused to stipulate to its requested extension "inexplicably" is false. (Samsung's Mot. to Extend Time for Compliance with Certain Deadlines Set by the Court's Dec. 22, 2011 Order [Dkt. 554-0] ("Mot.") at 4.) Apple wrote Samsung to explain its opposition before Samsung filed its motion. (Bartlett Decl. ISO Apple's Opp'n to Mot. ("Bartlett Decl.") Ex. G.)

> [C]onsumer surveys was a contested topic, we thought it was not relevant in this instance, *we thought rather than fight it just produce it so we did*. We are surprised to see that in the motion to compel.

(Bartlett Decl. Ex. A at 66:16-23, 67:2-6 (emphasis added).) The Court granted Apple's motion that same day and ordered Samsung to make this production by October 7th.

***Samsung's Repeated Promises.*** Samsung did not complete its survey production as ordered. Apple therefore pressed Samsung, in discovery correspondence and in telephonic meet-and-confers, to complete this production. (*Id.* ¶ 6, Ex. B.) Apple noted that Samsung's non-production violated the Court's September 28th Order. Samsung promised that it was already addressing Apple's concern:

> Samsung disagrees with Apple's overly broad reading of the Order . . . . Nevertheless, during our call we agreed to take Apple's request back to Samsung in hopes of resolving the issue. We have done so, and Samsung has agreed to consider supplementing its production based upon Apple's broader request. We will get back to you shortly.

(*Id.* Ex. C.) When Samsung still did not make this production, Apple continued to press Samsung. (*Id.* ¶¶ 8-9, Exs. D-E.) Samsung promised on December 3rd to "use its best efforts to complete substantial production of [survey] documents before December 15, 2011." (*Id.* ¶ 10, Ex. F.)

***Apple's Second Motion to Compel.*** When Samsung again did not produce the documents as promised and ordered, Apple filed another motion to compel. (Bartlett Decl. ¶ 11.) In opposing Apple's subsequent motion, Samsung underscored its multiple promises to produce its survey documents, and it again promised to make this production promptly, claiming that it was making "every effort" to do so:

> Again, on at least December 3, 4 and 8, Samsung agreed to produce relevant survey documents . . . . Moreover, Samsung committed to substantially completing that production by December 31, 2011, and is making every effort to meet that deadline . . . .

(Opp. to Apple's Mot. to Compel ("MTC Opp."), filed Dec. 14, 2011, at 8.)

***Samsung's Concessions of Delay.*** Only now, after all these promises and two Court orders, has Samsung finally undertaken the task of collecting these documents. Samsung's declarant admits as much, explaining Samsung's efforts to produce these documents *now for the first time*. (*See* Kang Decl. ISO Mot. to Extend Time for Compliance with Certain Deadlines Set

APPLE'S OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION TO EXTEND TIME FOR COMPLIANCE
CASE NO. 11-CV-01846-LHK (PSG)
sf-3088833

2

by the Court's Dec. 22, 2011 Order [Dkt. 554-1] ("Kang Decl.") ¶ 4.)  Mr. Kang emphasizes the "massive volume of data that had to be collected pursuant to the Order," explains the difficulties in reviewing these documents over a "nine-day period," and describes how Samsung hired e-discovery help and attorneys, bothered custodians at home, and couriered data from Korea.  (*Id.*)

After months of representations that a full production of consumer survey documents was complete or around the corner, Apple is at a loss to understand how Samsung could still have a "massive volume of data" to collect and review.  Samsung has no excuse for not undertaking these efforts sooner.  The *only* survey documents that Samsung is required to produce by December 31st are those already "*subject to the September 28[th] Order and not yet produced.*" (Dkt. 537 at 3 (emphasis added).)  Per the Court's prior September 28th Order, these documents should have been produced by October 7th.  Not only is Samsung in violation of that prior order, its violation is so massive that it requires another 10 days to complete this production – even after (allegedly) working flat-out for 9 days.

**II.     Samsung Promised to Produce Design History Documents Long Ago.**

There also is no excuse for Samsung's claimed need for further time to produce its design history documents.  As with the survey documents, the Court addressed Samsung's production of its design history documents at the September 28th hearing.  Samsung's counsel acknowledged that "[t]here's a body of design documents," but claimed that Samsung had already "produced a huge number of them."  (Bartlett Decl. ¶ 4, Ex. A at 66:8-9.)

In response to Apple's subsequent inquiries about the timing of Samsung's complete production of these documents, Samsung agreed to "substantially complete" this production by December 15th.  Samsung promised to "re-run" certain searches against the collections of "designers and engineers who worked on the products at issue, employees responsible for marketing those products, and employees responsible for developing the infringing features" by that date.  (*Id.* ¶ 10, Ex. F.)  In opposing Apple's motion to compel, Samsung repeated this promise, noting that it "already has committed to make its best efforts to substantially complete its production of the specified design history documents by January 6, 2012."  (MTC Opp. at i, 1.)

As with the survey documents, Samsung's claims that it is finally collecting and reviewing a "massive volume of data" *now* for production on January 9th belie its prior representations. Despite claiming that it had collected these documents, just needed to "re-run" searches, and could produce them sooner, Samsung now alleges that it requires additional time to complete this production. Samsung's failure to advance its production of these documents, after previously representing that it would do so by dates certain, is its own fault.

### III. Samsung's Claims of Diligence Are Not Credible.

While Samsung claims that it has been "working around the clock" to comply with the Court's Order (Mot. at 2), these claims are not credible. This week alone—despite claiming that no Samsung attorneys were available to confer on Apple's discovery requests because they were working to comply with the Court's Order —*four different Samsung attorneys* sent *seven single-spaced, multi-page letters* on discovery issues of concern to Samsung. (Bartlett Decl. ¶ 13.) Samsung plainly has elected to place its own discovery priorities above the Court's Orders.

Samsung's latest production is the clearest evidence of its lack of diligence. In its Order, the Court obligated to Samsung to make its production of its survey and design history documents by "no later than December 31, 2011." (Dkt. 537 at 3.) In its motion, Samsung itself acknowledges its intent to "produce these documents on a rolling basis." (Mot. at 2.) In the 8 days after the Court entered its Order, however, Samsung produced a grand total of 84 documents. All of these documents relate to single potential deponent, Jaegwan Shin. (Bartlett Decl. ¶ 14.) None of the deponent's documents are survey documents. (*Id.*) Samsung now claims, on the ninth day, to have produced "40,000 pages" from "at least ten custodians." Apple has just begun reviewing this production, but Samsung's claim is notable for what it omits: who are the custodians, what other custodians are being searched, when and how did Samsung actually search for responsive documents, why were these documents not produced previously, and what remains.

Samsung's lack of diligence in complying with the Court's order is striking in comparison with Apple's own efforts. A team of over *25 individuals* – including scanner operators, Apple in-house attorneys and legal assistants, discovery technicians, and outside counsel—has worked overtime and over weekends during the holiday season to comply with Apple's obligations

pursuant to the December 22nd order.  (Bartlett Decl. ¶ 16.)  The Apple employees did so *despite a company-wide shutdown and preexisting vacation plans*.  (*Id.*)  Apple will meet the Court's deadline because of these extensive efforts and because it did not begin, but rather accelerated, its efforts after the December 22 Order issued.  Samsung has no excuse for not doing the same.

### IV.     Apple Will Be Prejudiced By Further Delays.

In light of Samsung's intentional delays and violations of this Court's orders, there is no reason to grant Samsung's requested extension.  While an extension might be warranted for unforeseeable circumstances (*e.g.,* technical production difficulties), Samsung's pattern of promises, non-production, and delay is not such a circumstance.

Samsung's delays have already prejudiced Apple.  The March 8, 2012 fact discovery deadline looms large, but Apple still lacks core documents important to its claims.  The parties also have scheduled a series of depositions beginning on January 11th, just two days after Samsung's proposed new production deadline.  Samsung also has yet to offer days for 30 additional depositions.  Unless Apple receives these documents (many of which will be in Korean) *now,* it will be difficult to prepare for these depositions and conduct follow up discovery.

Besides denying Samsung's requested relief, the Court should direct Samsung to disclose *immediately and in detail* what it plans to produce in response to the Court's Order.  Samsung is already required under the Court's prior orders to disclose sources of data searched, search terms, and other search parameters and limitations.  Accelerating this disclosure will allow Apple to assess the adequacy of Samsung's upcoming production and determine whether additional relief is required.  In view of Samsung's past and ongoing delays, neither Apple nor the Court should be forced to wait until mid-January to determine the scope of Samsung's compliance.

### CONCLUSION

After months of promises and two Court orders, Samsung cannot delay its production of survey and design history documents any longer.  The Court should deny Samsung's requested extension and require that it produce the compelled documents immediately, as ordered by this Court on September 28th and December 22nd.  The Court also should order Samsung to disclose the scope and parameters of its production immediately.

APPLE'S OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION TO EXTEND TIME FOR COMPLIANCE
CASE NO. 11-CV-01846-LHK (PSG)
sf-3088833

5

| | | |
|---|---|---|
| Dated: December 30, 2011 | | MORRISON & FOERSTER LLP |
| | By: | */s/ Michael A. Jacobs* |
| | | Michael A. Jacobs |
| | | Attorneys for Plaintiff |
| | | APPLE INC. |

APPLE'S OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION TO EXTEND TIME FOR COMPLIANCE
CASE NO. 11-CV-01846-LHK (PSG)
sf-3088833

6