HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company., <br><br> Defendants. | Case No.   11-cv-01846-LHK (PSG) <br><br> **DECLARATION OF JASON R. BARTLETT IN SUPPORT OF APPLE'S OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION TO EXTEND TIME FOR COMPLIANCE WITH ORDER ON MOTION TO COMPEL** |

I, JASON R. BARTLETT, declare as follows:

1. I am an attorney with the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple"). I am licensed to practice law in the State of California. I have personal knowledge of the matters stated herein or understand them to be true from members of my litigation team. I make this declaration in support of Apple's Opposition to Samsung's Motion to Extend Time for Compliance with Certain Deadlines Set by the Court's December 22, 2011 Order.

2. On September 20, 2011, Apple moved to compel production of "[a]ll documents relating to any customer surveys, studies, analyses or investigations regarding the Products at Issue." ((Apple's Mot. to Compel Samsung to Produce Documents and Provide Responsive Answers to Propounded Discovery, filed under seal September 20, at 3) (quoting Apple's Request for Production No. 206).) Apple also moved to compel production of documents relating to the development and design of the Samsung products at issue, explaining that Samsung had failed to produce any true design history documents. (*Id.* at 1, 8.)

3. In its opposition, filed September 26, Samsung wrote: "Apple's motion seeks to compel production of (1) development and design documents referencing Apple, (2) documents pertaining to certain alleged statements of Lee Don Joo, (3) marketing documents, (4) customer survey documents, and (5) customer confusion documents referencing Apple. Samsung already has produced the responsive documents it has located to date regarding categories one through four, and has properly objected to producing documents in response to category five on relevance and undue burden grounds, among others. Apple's motion to compel thus is largely moot, and the only live controversy — regarding consumer confusion documents — should be decided in Samsung's favor." (Samsung's Opp. to Apple's Mot. to Compel [Dkt. 258] at 5.)

4. At the hearing on Apple's September 20 Motion to Compel, Samsung made the following representations to the Court:

- "There's a body of design documents. We produced a huge number of them." (Sept. 28, 2011 Tr. at 66:8-9.)

1
2
3
4
5

- "The other categories of documents are broadly marketing and consumer surveys. And again, with respect to these categories, we have searched the relevant files and produced an enormous number of documents ranging from market share to marketing presentations to competitive analysis, who is our competition, what you should be targeting, marketing surveys as well." (*Id.* at 66:16-23.)

6
7
8

- "So consumer surveys was a contested topic, we thought it was not relevant in this instance, we thought rather than fight it just produce it so we did. We are surprised to see that in the motion to compel." (*Id.* at 67:2-6.)

9   A true and correct copy of the relevant transcript pages quoted above is attached as
10  **Exhibit A**.

11       5.    On September 28, 2011, the Court ordered Samsung to produce "[f]rom any
12  central files or the custodial files of any individuals with specific responsibility for surveying
13  customers of Samsung's Galaxy S 4G and Infuse 4G, Droid Charge phones and Galaxy Tab 10.1
14  table[t] computer, all survey documents that reference the Apple products currently alleged by
15  Apple to embody one or more [of] the ornamental or utility features claimed in the patents" by
16  October 7. (Order Granting in Part and Denying in Part Apple's Motion to Compel [Dkt. 267.] at
17  4.)

18       6.    Apple sent letters to Samsung on October 8, October 10, October 19, November 1,
19  and November 4 raising apparent deficiencies in Samsung's production of survey and design
20  documents in response to the Court's September 28 order. Copies of these letters are attached as
21  **Exhibit B**.

22       7.    Samsung responded to Apple via letter on November 8, stating: "Samsung
23  disagrees with Apple's o overly broad reading of the Order . . . . Nevertheless, during our call we
24  agreed to take Apple's request back to Samsung in hopes of resolving the issue. We have done so,
25  and Samsung has agreed to consider supplementing its production based upon Apple's broader
26  request. We will get back to you shortly." A true and correct copy of this letter is attached as
27  **Exhibit C**.
28

1  8.  Apple followed up with Samsung regarding Samsung's production of survey documents via letter on November 16. Samsung replied on November 20 confirming its "previous agreement to supplement its production of consumer survey documents" and adding that it would consider Apple's specific requests. A true and correct copy of these letters is attached as **Exhibit D**.

9.  Apple sent a letter to Samsung on November 20 summarizing Samsung's recent position on production of survey documents and stating, "Apple expects that Samsung's production of these survey documents will be complete no later than the end of November." A true and correct copy of this letter is attached as **Exhibit E**.

10.  Samsung sent a letter to Apple on December 3 stating that it would "use its best efforts to complete substantial production" of survey-related documents and an electronic search of data collected from "designers and engineers who worked on the products at issue, employees responsible for marketing those products, and employees responsible for developing the infringing features" by December 15, 2011. A true and correct copy of this letter is attached as **Exhibit F**.

11.  On December 8, Apple filed a motion to compel again addressing, among other categories, design history documents and relevant survey and marketing documents. (Apple's Mot. to Compel Production of Documents and Things [Dkt. 467-1] at i-ii). In its Opposition, Samsung stated: "Again, on at least December 3, 4, and 8, Samsung agreed to produce relevant survey documents responsive to a search for 'Apple' and related terms . . . . Moreover, Samsung committed to substantially completing that production by December 31, 2011, and is making every effort to meet that deadline, despite the significant technological and logistical hurdles this sweeping demand presents." (Samsung's Opp. to Apple's Mot. to Compel, filed under seal Dec. 14, 2011, at 8.) Samsung's Opposition repeatedly reiterated, including in its headings, that it had already "committed to make its best efforts to substantially complete" production of survey documents and design history documents by December 31, 2011, and January 6, 2012, respectively. (Dkt. 467 at i, 1.)

12. On December 22, the Court ordered Samsung to complete its production of specified design history documents and of survey materials that should have been produced in response to the September 28 Order by December 31, 2011. (Order Granting-in-Part Plaintiff's Mot. to Compel [Dkt. 537] at 3.)

13. In its present Motion to Extend, Samsung refers to its production as needing to take place in "nine days." (Samsung's Mot. to Extend Time for Compliance with Certain Deadlines Set by the Court's Dec. 22, 2011 Order [Dkt. 554-0] at 1.) Samsung states that it "has worked diligently – and literally around the clock – to expedite the collection and production of documents requested by Apple and ordered produced by this Court." (*Id.* at 2.) Samsung's attorneys also represented to Apple on December 28 that they could not meet and confer because they were busy complying with the Court's Order. However, the week of this filing alone, four different Samsung attorneys have sent seven single-spaced, multi-page letters to Apple on discovery-related topics of concern to Samsung.

14. Samsung states in its Motion that it "intends to produce these documents on a rolling basis[.]" (*Id.*) However, in the eight days that have passed since the Court entered its order on December 22, 2011, Samsung has produced a total of 84 documents, all relating to a single potential deponent that was since taken off calendar—Jaegwan Shin. None of these 84 documents were survey documents.

15. Samsung states in its Motion that Apple "inexplicably" and "without explanation" refused to stipulate to the extension sought by Samsung. (*Id.* at 4.) Samsung sought Apple's stipulation via e-mail the morning of December 29. Apple sent an e-mail to Samsung at 1:43pm on December 29 stating that it would oppose Samsung's request and follow up shortly with a letter. Apple sent that explanatory letter at 4:37pm, a true and correct copy of which is attached as **Exhibit G**. Twenty minutes later, Samsung filed its Motion with the above statements claiming that Apple had provided no explanation for its rejection of the requested stipulation.

16. To comply with the Court's December 22 Order, Apple employed more than 25 individuals including outside counsel and paralegals, a team of scan machine operators, in-house legal staff (who worked through a company-wide holiday shut-down and vacation), and outside e-

1 | discovery specialists.  Work proceeded full time, including overtime and weekends to comply
2 | with the Order.
3 |     I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th
4 | day of December, 2011 at San Francisco, California.

*/s/ Jason R. Bartlett*
Jason R. Bartlett

DECLARATION OF JASON R. BARTLETT ISO APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO EXTEND TIME
CASE NO. 11-CV-01846 LHK (PSG)
sf-3088921

5

**ATTESTATION OF E-FILED SIGNATURE**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Jason R. Bartlett has concurred in this filing.

Dated: December 30, 2011                */s/ Michael A. Jacobs*
                                        Michael A. Jacobs