# Exhibit A

1

2                 IN THE UNITED STATES DISTRICT COURT

3           FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                       SAN JOSE DIVISION

5

    APPLE, INC.,                    )  CV-11-1846-LHK
6                                   )
                      PLAINTIFF,    )  SAN JOSE, CALIFORNIA
7                                   )
                 VS.                )
8                                   )  SEPTEMBER 28, 2011
    SAMSUNG ELECTRONICS CO.,        )
9   LTD., ET AL,                    )
                                    )  PAGES 1-87
10                  DEFENDANT.      )
    _____

11

12                   TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE PAUL S. GREWAL
13              UNITED STATES DISTRICT JUDGE

14

15   A P P E A R A N C E S:

16   FOR THE PLAINTIFF:  MORRISON FOERSTER
                         BY:  WESLEY OVERSON
17                            RICHARD HUNG
                              MINN CHUNG
18                            MICHAEL JACOBS
                         425 MARKET STREET
19                       SAN FRANCISCO, CA 94105

20   FOR THE DEFENDANT:  QUINN EMANUEL
                         BY:  VICTORIA MAROULIS
21                            BRETT ARNOLD
                              KEVIN JOHNSON
22                       555 TWIN DOLPHIN DRIVE, 5TH FL
                         REDWOOD SHORES, CA 94065

23

24

25   OFFICIAL COURT REPORTER: SUMMER FISHER, CSR, CRR
                              CERTIFICATE NUMBER 13185

                                                           1

1              AND FRANKLY, YOU KNOW, I THINK I TOOK THE

2      FIRST DEPOSITION IN THE CASE WHERE I DEPOSED

3      MR. LUTTON WHO IS A FORMER PATENT COUNSEL AT APPLE.

4      AND I ASKED MR. LUTTON ABOUT DOCUMENT COLLECTION

5      AND, YOU KNOW, WHETHER THE RIGHT THING WAS DONE,

6      AND I WAS CONFRONTED WITH A WORK PRODUCT AND

7      ATTORNEY/CLIENT PRIVILEGE OBJECTION, SO I NEVER GOT

8      INTO IT AND I NEVER UNDERSTOOD.

9              SO TO HEAR APPLE SAY NOW THAT THEY WANT

10     THE PROCESS TO BE TRANSPARENT IS AGAIN, THAT DIDN'T

11     COME UP IN THE MEET AND CONFER PROCESS I ATTENDED

12     UNTIL THIS VERY HEARING.

13             I'M SORRY TO SAY THAT.  I AGREE WITH YOU,

14     WE NEED TO DO A BETTER JOB OF MEET AND CONFERRING

15     AND I THINK A LOT OF THIS IS TIED TO THE SCHEDULE

16     THAT EVERYONE HAS BEEN UNDER.

17             SO ONCE WE GET BEYOND THE PRELIMINARY

18     INJUNCTION MOTION ON THE 13TH, HOPEFULLY THIS GETS

19     BACK TO A NORMAL CASE IN SOME RESPECTS AND WE CAN,

20     YOU KNOW, WE CAN AVOID THESE KINDS OF HEARINGS WITH

21     YOUR HONOR AND TRY TO RESOLVE THESE THINGS WHICH IS

22     WHAT WE WERE TRYING TO DO ON THE 16TH.

23             THE COURT:  ALL RIGHT.

24             MS. MAROULIS, YOU WERE SAYING?

25             MS. MAROULIS:  EXCELLENT.  I'M GLAD

1    MR. JOHNSON CLARIFIED THAT MEET AND CONFER ISSUE

2    BECAUSE I WAS NOT THERE.

3              I WAS ANSWERING YOUR HONOR'S SPECIFIC

4    QUESTIONS ABOUT COLLECTION PROCESS, IF THERE'S

5    ANYTHING ELSE YOUR HONOR WOULD LIKE TO ADDRESS, WE

6    CAN DO THAT.

7              SO THAT'S WITH RESPECT TO THE DESIGN

8    DOCUMENTS, RIGHT?  THERE'S A BODY OF DESIGN

9    DOCUMENTS.  WE PRODUCED A HUGE NUMBER OF THEM.

10   APPLE IS LOOKING FOR SPECIFIC DOCUMENTS OF ALLEGED

11   COPYING.

12             THROUGH OUR SEARCH WE HAVEN'T FOUND ANY.

13   IF WE FIND ANY OTHER TIME OF COURSE IT WOULD BE

14   PRODUCED AND SUPPLEMENTED BECAUSE THAT'S THE

15   PARTIES OBLIGATION.

16             THE OTHER CATEGORIES OF DOCUMENTS ARE

17   BROADLY MARKETING AND CONSUMER SURVEYS.  AND AGAIN,

18   WITH RESPECT TO THESE CATEGORIES, WE HAVE SEARCHED

19   THE RELEVANT FILES AND PRODUCED AN ENORMOUS NUMBER

20   OF DOCUMENTS RANGING FROM MARKET SHARE TO MARKETING

21   PRESENTATIONS TO COMPETITIVE ANALYSIS, WHO IS OUR

22   COMPETITION, WHAT YOU SHOULD BE TARGETING,

23   MARKETING SURVEYS AS WELL.

24             SO THERE ARE TWO DIFFERENT REQUESTS.  ONE

25   IS MARKETING AS A WHOLE, THE OTHER IS CONSUMER

1    SURVEYS.

2         SO CONSUMER SURVEYS WAS A CONTESTED

3    TOPIC, WE THOUGHT IT WAS NOT RELEVANT IN THIS

4    INSTANCE, WE THOUGHT RATHER THAN FIGHT IT JUST

5    PRODUCE IT SO WE DID.  WE ARE SURPRISED TO SEE THAT

6    IN THE MOTION TO COMPEL.

7         AND AGAIN WITH DESIGN DOCUMENTS WE

8    BELIEVE THESE DOCUMENTS HAVE BEEN PRODUCED.

9         NOW THE DOCUMENTS OF CONFUSION, THE LAST

10   CATEGORY, IS A CONTESTED TOPIC STILL BECAUSE WE

11   DON'T THINK THOSE DOCUMENTS ARE RELEVANT IN THE PI

12   TEXT.

13        IT IS TRUE THAT BROADLY SPEAKING APPLE

14   HAS TRADEMARK CLAIMS IN THIS CASE, BUT THEY CHOSE

15   TO NOT MOVE ON TRADEMARK CLAIMS.  THEY CHOSE TO

16   MAKE THE PI MOTION SOLELY ABOUT PATENT INFRINGEMENT

17   ANALYSIS.

18        THE COURT:  EVEN THOUGH IT'S PRETTY CLEAR

19   JUDGE KOH UNDERSTOOD TRADEMARKS WERE GOING TO BE AN

20   ISSUE IN THE PI MOTION, CORRECT?

21        MS. MAROULIS:  THEY MADE IT SOUND TO

22   JUDGE KOH THAT TRADEMARK WAS GOING TO BE PART OF

23   IT, CORRECT.

24        WHEN SEE THAT IT WAS ONLY PATENT

25   INFRINGEMENT ALLEGATIONS, SO WE FOCUSED OUR EFFORTS

67

1

2

3

4                     **CERTIFICATE OF REPORTER**

5

6

7

8              I, THE UNDERSIGNED OFFICIAL COURT

9     REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10    THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11    FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12    CERTIFY:

13             THAT THE FOREGOING TRANSCRIPT,

14    CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15    CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16    SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17    HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18    TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22                    _____
                      SUMMER A. FISHER, CSR, CRR
23                    CERTIFICATE NUMBER 13185

24

25