Exhibit B

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415 268 7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D C

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

October 8, 2011

*Via Email*

Kevin Johnson
Victoria Maroulis
Quinn Emanuel
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

Writer's Direct Contact
415.268.6096
WOverson@mofo.com

Re:  *Apple Inc. v. Samsung Elecs. Co., Samsung Elecs. Am., Inc., & Samsung Telecomm., LLC*
       Case No. 11-cv-1846 LHK (N.D. Cal.); CONFIDENTIAL—Subject to Protective Order

Dear Kevin and Victoria:

The Court's Order of September 28, 2011 ("Order"), required Samsung to produce by October 7, 2011, several categories of documents that are relevant to the preliminary injunction hearing next week, and whose production was requested by Apple more than a month ago.  I write to raise a number of concerns about Samsung's production based on our review to date.  Please respond to the following questions by the end of tomorrow, October 9, so that we can determine whether it will be necessary to seek relief from the Court concerning these issues.

**1.     Reasons for the Delay in Samsung's Production**

Given the urgent need to review Samsung's production before the preliminary injunction hearing, we had a team of Korean-speaking document reviewers ready to review Samsung's production over this weekend.  Late yesterday afternoon, however, you informed us that we would not be receiving a full production by the deadline specified in the Order due to unexplained technical problems in Korea.  You also stated that additional documents may be produced today and tomorrow.

Please provide a full explanation of the nature of the technical problems and why they have delayed Samsung's production.

**2.     Identification of Documents Responsive to the Order**

At 11:38 p.m. last night, we received an email stating that an initial 5,906 pages of documents were being made available under the Order, but that further productions would be forthcoming thereafter.  A second batch, SAMNDCA00028457- SAMNDCA00045042, arrived at 11:45 p.m. last night, which appears to include documents related to your invalidity contentions, but may also include documents responsive to the Order.  To the extent that this batch contains documents responsive to the Order, please identify those by Bates-number immediately, so we may focus on those documents in our urgent review.

sf-3056286

**MORRISON** | **FOERSTER**

Kevin Johnson
Victoria Maroulis
October 8, 2011

**3.      Schedule for Completing Production of All Responsive Documents**

This afternoon, you confirmed that further documents responsive to the Order would be coming today and tomorrow.  However, as of 10 pm this evening, we have still not received any further production from Samsung.  Please confirm the number of additional pages that are forthcoming and the date and time by which "all" documents will be produced as ordered by the Court.



**5.      Production of Survey Documents**

The Court ordered Samsung to produce survey documents referencing Apple products from any central file, or the custodial files of any individuals with specific responsibility for surveying customers.  There is no statement that any central files were searched at all in response to the Order.  While Exhibit V lists two central files, "STA Central Files" and "Marketing backup files," Samsung's Statement does not state that these files were searched or, if they were, how that search was conducted and what search terms were used.  Moreover, no Korean central file is mentioned anywhere in your Statement, even though these files must exist and almost certainly would contain responsive documents.  The Court's Order is not limited to American central files, and Samsung previously agreed to search files in Korea.

We also note that your Initial Disclosures list Justin Denison and Brian Rosenberg as individuals responsible for marketing and sales.  You did not search through any of Mr. Rosenberg's

**MORRISON | FOERSTER**

Kevin Johnson
Victoria Maroulis
October 8, 2011

documents, and you only searched through Mr. Denison's "Custodian Files."  There is no
indication that Mr. Denison's e-mails or other documents were searched in response to the
Order.  It also appears that you have not searched for relevant surveys in any Korean
employee's files.



Redacted

sf-3056286

MORRISON | FOERSTER

Kevin Johnson
Victoria Maroulis
October 8, 2011

**8.      Failure to Search Files of All Designers**

It appears that you did not search the "e-mails" and "documents" of all designers listed in your Interrogatory Responses and Initial Disclosures.  For example:

- Based on your Statement, it does not appear that you searched through the e-mails or documents of Wookyun Kho, Kihyung Nam, Dooju Byun, Jaegwan Shin, Qi Ling, and Jeeyeun Wang, even though your interrogatory responses state that these persons have "direct personal knowledge of the design of the accused feature for the Products at Issue [in the Preliminary Injunction Motion]."  (*Id.*)  While Samsung's Statement explains that these individuals' "Custodial Files" were searched, it is unclear whether that search included e-mails or other documents.

- Similarly, you did not search the e-mails and documents of the following designers listed in your Initial Disclosures:  Hyoung Shin Park, SeungHun Yoo, Ahyoung Kim, Sun-young Yi, and Min Kyung Kim.  According to your initial disclosures, these designers were responsible for Samsung's GUI design.  Again, your Statement explains that these individuals' "Custodial Files" were searched, but there is no explanation of what that search covers.

**9.      Clarification of Samsung's Statement**

In addition, Samsung's Statement is unclear and leaves several questions unanswered.  In order to know what documents you have produced, we need answers to the following questions immediately:

- There are two separate tables under the heading "Search Terms Used in Discovery."  The first table titled "Documents Subject to Search Term" states that certain employee's e-mails and documents were searched.  The second table lists "Custodian Files Subject to Search Term."  (Samsung's Statement at p. 2-3.)  You do not explain the difference between "e-mails" and "documents," on the one hand, and "custodial files," on the other.  Accordingly, as I have stated above, it appears that you did not search through e-mails or other documents for many individuals listed in your interrogatory responses and initial disclosures.

- The search terms in the second chart are separated by commas with no connecting term.  Please confirm that you used the Boolean operator "or" between these search terms.

- Please confirm that your search for "iPhone" would result in a "hit" for variations of this search term, such as "iPhone4" and "iPhone 4."  Similarly, please confirm that a search

4

MORRISON | FOERSTER

Kevin Johnson
Victoria Maroulis
October 8, 2011

for "iPad" would also result in "hits" for "iPad2" and "iPad 2." Please also confirm that your designers and marketing employees did not use other internal code names for Apple's products.

- The first table includes an asterisk with the note, "Documents from these custodians were also reviewed without search terms for responsiveness." What does this note mean? Were all search "hits" produced? Did you withhold documents discussing Apple products if you believed they were not responsive? If so, which ones? Did you review all custodial files for these individuals beyond emails?

- In the first table, why did you use one set of search terms for documents and another for e-mails?

- In the second table, why did you use different search terms for different custodians? For example, why did you not search for "Apple" in Minhyouk Lee *et al.*'s files?

- Was your search case-sensitive?

- What was the purpose of Exhibit V? Based on your Statement, it appears that you did not search through the e-mails, documents and files of all of the custodians listed in that exhibit. Does this list just indicate that some documents were produced from the listed custodians' files? Does it mean that all documents responsive to the Order were produced from the files? Were any searches done on these custodians apart from those listed in Samsung's statement?

Given the urgent need to review Samsung's production before the preliminary injunction hearing next week, we request a full response to these questions by tomorrow, and also request that you meet and confer about these issues tomorrow or early Monday morning. We are currently reviewing the documents that Samsung has produced to date and reserve the right to raise additional issues as a result of our ongoing review.

Sincerely,

/s/

Wesley Overson

Cc: Samuel Maselli

5

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415 268 7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D C

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

October 10, 2011

Writer's Direct Contact
415.268.6096
WOverson@mofo.com

*Via E-Mail*

Kevin Johnson
Victoria Maroulis
Sara Jenkins
Quinn Emanuel
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

Re:  *Apple Inc. v. Samsung Elecs. Co., Samsung Elecs. Am., Inc., & Samsung Telecomm., LLC,*
Case No. 11-cv-1846 LHK (N.D. Cal.); CONFIDENTIAL—Subject to Protective Order

Dear Sara, Kevin and Victoria:

I write in response to your October 10, 2011 letter, and to the Amended Identification of
Custodians, Litigation Hold Notices, and Search Terms (Samsung's "Amended Statement").
Your letter and Amended Statement are still unclear and leave several important problems
unaddressed.  We will respond to your questions about Apple's production in a separate
letter.

1.      **Deleted Text and Missing Attachments**

Many of the documents you produced include unexplained redactions of large amounts of
text.  Examples include:



**MORRISON | FOERSTER**

Kevin Johnson
Victoria Maroulis
Sara Jenkins
October 10, 2011
Page Two

- 

Samsung has produced numerous other redacted documents.  Please produce full versions of all such documents or provide a valid explanation of the redactions.

You have also produced numerous emails that refer to attachments, but the attachments were not produced.



Please produce all missing attachments.

3.    **Production of Survey Documents**

The Court ordered Samsung to produce survey documents referencing Apple products from any central file, or the custodial files of any individuals with specific responsibility for surveying customers.  While your letter claims that Korean files were searched, neither your statement nor your letter identify what those files are, how they were searched, or what search terms were used.  Moreover, while your Exhibit V lists two U.S. central files, "STA Central Files" and "Marketing backup files," neither your letter or your Amended Statement state that these files were searched or, if they were, how that search was conducted and what

# MORRISON | FOERSTER

Kevin Johnson
Victoria Maroulis
Sara Jenkins
October 10, 2011
Page Three

search terms were used.  Please identify the specific files that were searched and how that search was conducted.

What custodial files did you search for individuals responsible for surveying customers under paragraph 3 of the Order?  In its Initial Disclosures, Samsung listed Justin Denison and Brian Rosenberg as individuals responsible for marketing and sales.  Apparently, you have not searched Mr. Rosenberg's documents, and Mr. Denison's name, which was listed in your original Statement, no longer appears in the Amended Statement.  Accordingly, it appears that you have not searched for relevant surveys in any American or Korean employee's files. If that is incorrect, please explain.



MORRISON | FOERSTER

Kevin Johnson
Victoria Maroulis
Sara Jenkins
October 10, 2011
Page Four



Redacted

**6.      Failure to Search Files of All Designers**

It appears that you did not search the custodial files of Sun Young Yi, whom you previously
identified as an individual responsible for UI design.  Please explain why.

**7.      Clarification of Samsung's Statement**

You fail to explain why the Statement includes two separate tables, each describing two
separate ways that documents were collected.  These tables indicate that you have conducted
your searches inconsistently.  While you searched through the hard drives and e-mail
accounts of the custodians listed in the second table, you did not conduct the same type of
search for the custodians listed in the first table.  Indeed, your first table indicates that those
custodian's documents were reviewed manually.  That is especially troubling because,
according to your prior discovery responses, the custodians listed on your first table were
responsible for the hardware design of the accused products.  Please explain in detail how
you searched through each custodian's files, and explain why you conducted these searches
differently.

Finally, please explain whether any searches were performed on the custodians in Exhibit V,
apart from those listed in Samsung's Amended Statement?  If so, what were they, how were
they conducted, what search terms were used, and what documents were produced?

We are continuing our review of the documents that Samsung has produced to date and
reserve the right to raise additional issues as a result of our ongoing review.  We note that we
have yet to find an email drafted by Minhyouk Lee, a key designer of the products at issue, in
your production in response to the Order.

**MORRISON | FOERSTER**

Kevin Johnson
Victoria Maroulis
Sara Jenkins
October 10, 2011
Page Five


We suggest that we meet and confer on these issues tomorrow.  We are available at 11 am.
We can use my call-in number:  1-800-650-4949, passcode 2686096.  If that time does not
work, please suggest another time after 11 am tomorrow.



Sincerely,

*/s/ Wesley E. Overson*

Wesley E. Overson

cc:     Rachel Herrick Kassabian       Michael A. Jacobs
        Melissa Chan                   Richard S.J. Hung
        Samuel Maselli                 Mia Mazza
        Mark Selwyn                    Matthew I. Kreeger
        Peter Kolovos                  Jason R. Bartlett
                                       Kristin L. Yohannan

sf-3056933

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

October 19, 2011

Writer's Direct Contact
415.268.6096
WOverson@mofo.com

Via E-Mail

Rachel Kassabian
Quinn Emanuel
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

Re:     *Apple Inc. v. Samsung Elecs. Co. et al.* Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Rachel:

This letter concerns the issues raised by Morrison & Foerster at the parties' meet and confer session of October 19, 2011.  Given the pace of the discussion, we were unable to cover many of the issues on our agenda, including the issues raised in my October 13th letter (concerning Apple's document production requests) and the issues raised in my October 17th letter (concerning your responses to Apple's interrogatory requests).  From our discussion, we understand that you plan to respond to those issues in a letter by the end of the week.  We request that the parties' schedule a separate meet and confer session to discuss those broader discovery issues.  The document issues (for both sides) will take more than a 20-minute window to go through.  Are you available on Monday morning?

For the past two weeks, Apple has asked you to adequately explain the steps you took to comply with the Court's September 28th Order.  As we indicated to you in our October 10th and 13th letter, your court-ordered Transparency Statements[1] are anything but transparent. Among other things:  (1) you have limited your search to U.S. marketing documents, despite the Court's Order that you produce "all" survey documents that discuss the Apple products; (2) your transparency statement fails to list any individual responsible for survey documents whose files you searched (or for that matter, which central files were searched); and (3) your searches were incomplete (for instance, you stopped your search for "Apple" in the designers' files, even though there is no reason for Samsung's designers to refer to "Apple" except when referring to the products at issue, and it would not be a burden to produce such email).

---

[1] Samsung's Amended Identification of Custodians, Litigation Hold Notices and Search Terms served October 10, 2011.

sf-3060866

MORRISON | FOERSTER

Rachel Kassabian
October 19, 2011
Page Two


During the call, you disagreed with our position that you were required to search for non-U.S. market documents, claiming that if we wanted such documents we should have moved for clarification of the Order.  However, the Order as written is clearly not limited to U.S. market surveys.  If you had wanted to modify the Order, it was your responsibility to ask for clarification before your deadline for compliance expired.  Similarly, when I asked you to identify which individuals on your Transparency Statement are responsible for survey documents, and to state whether you had searched and produced their documents, you refused to do so unless Apple agreed to answer any questions Samsung may have in the future regarding the custodians in its production.  I agreed to answer reasonable questions on Apple custodians in the future, and repeated the specific question about your compliance with the Court's Order several times.  In response, you rephrased the question, but did not answer it.  We are entitled to an explanation of what steps you took to comply with the Court's Order so that we can decide whether it will be necessary to move for sanctions.  We ask that you provide us a time when your lead counsel is available to discuss these issues.

We also complained that you limited your search of Lee Don-Joo's email to a one month period, ending on March 31, 2011.  In response, you represented that the redesign of the Tablet 10.1 was complete as of March 31, 2011.

There were two issues upon which the parties were able to reach consensus.  Apple has agreed to provide you with explanations for the redactions on the specific documents identified in Sara Jenkins' October 12th letter; and you have agreed to provide us with explanations for the redactions on the specific documents identified in our October 10th letter.  I believe that you also agreed to produce the attachments that were missing from your production (an issue identified in our October 10th letter).  We propose that the parties exchange explanations for redactions by this Friday, October 21, and that Samsung update its production with attachments by Tuesday, October 25.

Finally, in future meet and confer sessions, we ask that you please be prepared to discuss the items on the agenda.  It is not an efficient use of our time when you need to try to find others who are not on the phone to address the issues that are raised on the agenda.

Best regards,

/s/

Wesley E. Overson

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

November 1, 2011

Writer's Direct Contact
415.268.6096
WOverson@mofo.com

*Via E-Mail*

Rachel Kassabian
Kevin Johnson
Victoria Maroulis
Quinn Emanuel
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

Re:     *Apple Inc. v. Samsung Elecs. Co. et al.* Case No. 11-cv-1846 LHK (N.D. Cal.)
        CONFIDENTIAL—Subject to Protective Order

Dear Rachel, Kevin and Victoria:

This letter concerns Samsung's production of documents pursuant to the Court's September 28th Order.  The parties have been discussing this issue for several weeks now.  While some of the issues have been resolved, Samsung has refused to supplement its production and to provide pertinent information about its collection practices.  As your latest letter of October 25th confirms, Samsung is unwilling to change its position on the following issues:

- Samsung concedes that its search for survey documents was limited to U.S. marketing documents even though the Court's September 28th Order contains no such limitation.  Samsung has refused to search for other documents responsive to the Court's Order and has instead chosen to re-argue its objections to Apple's original requests.  (*See* Letter from Kassabian to Overson dated Oct. 25, 2011.)

- Even though the Court's Order specifically requires Samsung to produce documents from the files of individuals responsible for survey documents, Samsung's disclosure statement does not list any such individual.  Samsung has so far refused to identify the individuals whose files were searched for this category of documents. (*Id.*)  Apple is entitled to know the answer to this question to determine whether Samsung has complied with the Court's Order.

- The Court's Order requires Samsung to produce documents that reference Apple's products.  As we have previously indicated to you, there is no reason why

sf-3065306

MORRISON | FOERSTER

November 1, 2011
Page Two

      Samsung's designers and developers would use the term "Apple" except in reference to Apple's products.  Indeed, Samsung stopped using the search term "Apple" precisely because the search produced several "hits."  This decision ensured that Samsung would not produce all pertinent documents.  Please produce all responses to this search.

      In response, Samsung has demanded that Apple provide you "with a complete list of all of the search terms Apple 'sampled,' …along with an explanation of why those terms were rejected."  (*See* Letter from Jenkins to Overson dated Oct. 12, 1011.)  As I have stated previously, it is improper for you to make Samsung's compliance with the Court's Order contingent on Apple's response to your requests.  In any event, your request goes far beyond anything Apple is requesting from you, and we have already provided you with the search terms that the Court ordered us to provide.

-     Samsung's disclosure statement does not explain why Samsung used a different method to search through the files of its hardware designers.  So far, Samsung has refused to explain this difference or state why this method was appropriate.

We will discuss these topics with you tomorrow on our meet and confer.  If we are unable to resolve them, then we will need to schedule a lead counsel, in-person meet and confer session.

Best regards,

/s/

Wesley E. Overson

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

November 4, 2011

Writer's Direct Contact
415.268.6024
MMazza@mofo.com

Via E-Mail (rachelkassabian@quinnemanuel.com)

Rachel Herrick Kassabian
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139

Re:     *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)

Dear Rachel:

I write to address several issues discussed during our meet-and-confer call Wednesday.  We will follow-up on the other topics discussed during the call shortly.

**Samsung's Provision of Custodial Information Related to Its Productions**

On our call, the parties confirmed their mutual agreement that the custodian (human or non-human) from whose files each document was produced will be identified at the time of production.  Samsung will provide this information, as Apple has done for every document it has produced to date, in the load file accompanying each production by populating the CUSTODIAN field for each document with the custodian name.  Samsung stated that it has provided this custodial information in this format with respect to the documents sourced to each inventor being deposed this month, and intends to continue doing so for all of those inventors.  Samsung confirmed that if any deponent has not been identified as the source of any documents, then that means Samsung has not produced any documents collected from that individual's files or email.

Further, the parties confirmed their mutual understanding that if a document is collected from a central file rather than an individual, Samsung will identify, as Apple has, the department from which the document was collected.  It is the parties' intention that the CUSTODIAN field for each document will be populated with some form of custodial identifier (such as an individual's name, a department or server name, "Public Sources," "Unknown," etc.) and will not be left blank or state merely "Samsung" or "Apple."  (To the extent a party is unable to identify the custodian for a document, the CUSTODIAN field should be used to disclose that status at the time of production.)  Any document that is produced without an

sf-3066767

MORRISON | FOERSTER

Rachel Herrick Kassabian
November 4, 2011
Page Two

accompanying custodial identifier should be interpreted by the receiving party as suffering from a technical error that should be brought to the producing party's attention and remedied promptly.

The parties also agreed that if, in a given production, a party cannot for some reason provide this custodial information in the load file's CUSTODIAN field, the party will provide, at the same time as the production, a separate "source log" identifying the custodian from whom each Bates range was collected.

Please let me know immediately in writing if the above mutual agreement does not comport with your understanding of the process Samsung will be following.

As we have discussed numerous times orally and in writing before and after October 7, 2011, Apple expected Samsung to provide (as Apple did) a "source log" identifying, by Bates number, the custodial source of each document it has produced in the litigation to date. Apple's own October 7 disclosure, which provided complete custodial information on a document-by-document basis, is the disclosure the Court ordered the parties to make to one another. Samsung's failure to have done this by October 7 is a violation of Judge Grewal's September 28 Order, which required the parties to identify "[e]ach individual from whose files documents were produced. To the extent documents were produced from a non-individual, or central, source, that source should be identified." Judge Grewal's Order further stated that "[t]hese requirements also apply for any productions . . . in the future." Samsung's bare list of custodians without any corresponding Bates ranges satisfies neither Judge Grewal's express dictates nor the obligation he has placed upon the parties to exercise "transparency" in mutually disclosing their discovery efforts.

We understand that Samsung disagrees that the September 28 Order required the parties to identify custodians by corresponding Bates range. During yesterday's call, however, Samsung acknowledged that in any event Apple's Interrogatory No.10, served on October 12, 2011, requires Samsung to produce the same type of "source log" that Apple produced on October 7 pursuant to Judge Grewal's Order. During yesterday's call, Samsung refused to disclose whether it has any intention of producing the requested document-by-document "source log" on November 14, the day its response to Interrogatory No.10 is due. Samsung simply stated that the Interrogatory response is not yet due, and that Samsung will provide its response "in due course."

**MORRISON | FOERSTER**

Rachel Herrick Kassabian
November 4, 2011
Page Three

This is unacceptable.  Please confirm immediately in writing that Samsung will produce, on or before November 14, a complete "source log" covering Samsung's entire production, on a document-by-document basis, listing by Bates number a "custodian" for each document produced, identifying the true custodian and not simply identifying one of its corporate entities as the "custodian."

Apple will move to compel production of this information, in this format, on an expedited basis, on Wednesday, November 16, 2011, if it is not received before then.  Although Apple was willing to go through the formality of issuing an interrogatory request for this information, Apple reserves the right to seek sanctions against Samsung for this violation of a court order.  If Samsung does not plan on producing by November 14, please identify your availability for a lead counsel meet and confer on this issue to take place on or before November 16.

## Samsung's Productions of Documents

During our call, we also discussed Samsung's production of certain document categories. With regard to the production of inventor-related documents (Request Nos. 64-67, 69-73, 77-80, 82, and 140-141), you represented that Samsung was producing all relevant inventor documents.  You also agreed that you would let us know what cut-off date Samsung has been applying to its inventor collections.  Please let us know whether Samsung would agree on a cut-off date for inventor collections reflecting the date of introduction of a product that embodies the purported invention, or the filing date of the patent, whichever is later.  That is consistent with the cutoff dates that Apple applied to its inventor document productions. Please let us know Samsung's position on these issues by close of business Monday, November 7.

In addition, the parties discussed Samsung's production of license-related documents (Request Nos. 59, 105-108, 113, 115, 117-121, 128, and 130-131).  As we discussed, Apple expects immediate production of all licenses related to the asserted patents-in-suit.  Please let us know when we should expect Samsung's production of these documents.  Moreover, you agreed to consider Apple's proposal to limit the parties' respective non-FRAND license requests to the license agreements themselves.  We also discussed Apple's demand for the production of all licenses, negotiation documents, and correspondence relating to any of Samsung's standard essential patents (including the non-asserted standards essential patents).  Please let us know if Samsung has any objection to the production of these documents, and if not, please advise as to the timing of such production.  You also agreed to provide Apple with Samsung's proposal concerning the scope of FRAND documents it is

**MORRISON | FOERSTER**

Rachel Herrick Kassabian
November 4, 2011
Page Four

requesting from Apple.  Please let us know your position with respect to these issues by close of business on Tuesday, November 8.

**Ongoing Compliance with Magistrate Judge Grewal's September 28 Order**

With regard to ongoing compliance with the September 28 Order, you stated during the call that Samsung has limited its search for, and production of, survey documents in two respects. First, Samsung limited its search and production to surveys of U.S. consumers only and not consumers in any other country.  Second, Samsung limited its search and production to survey documents that mention *both* (a) one of the Apple products alleged to embody one or more of the features claimed in the patents *and* (b) one of the four Samsung devices at issue in the preliminary injunction hearing.

These two limitations, separately and together, violate Judge Grewal's Order.  The September 28 Order requires Samsung to produce "*all* survey documents that reference the *Apple* products currently alleged by Apple to embody one or more of the ornamental or utility features claimed in the patents."  (Emphasis added.)  You defended Samsung's limitation by arguing that Apple's claims do not encompass Samsung products sold exclusively abroad.  That has nothing to do with the relevance of these documents or with the search and production Judge Grewal required Samsung to complete by October 7.  The Order does not limit Samsung's required search and production to surveys that were conducted in any particular geographical area.  And the Order certainly does not limit Samsung's required production to surveys that reference the four Samsung devices at issue in the PI hearing.  The fact that you did not reveal this limitation to us until yesterday also violates the spirit and letter of Judge Grewal's "transparency" Order.

You agreed to confirm (by today if possible) what search terms and methods were used to search for survey documents in central marketing files and from the relevant custodians. You further agreed to ask your team whether they would drop the improper limitations and instead search pertinent marketing files for all documents that reference Apple's products, as you were ordered to do by the September 28 Order.  During the call you represented that the following marketing custodians and central files were searched:  Sungwook Kwon, Jena Yu, Tim Benner, and a Central Marketing File in Korea.  Please confirm by close of business on Monday, November 7 that this list is correct and complete.

Samsung's failure to use the search term "Apple" in its inventor documents also violates the September 28 Order.  By dropping this search term, Samsung necessarily excluded pertinent

MORRISON | FOERSTER

Rachel Herrick Kassabian
November 4, 2011
Page Five

documents from its collection and production (*e.g.*, documents that mention Apple and its product features, but do not name a specific product).  Under the Court's September 28 Order, Samsung must review all documents from pertinent custodians referencing the term "Apple."  If, as you represented at this week's meet-and-confer session, there were too many hits on this term because too many Samsung employees use Apple mobile devices, Samsung should have used a search limiter that excluded documents whose only hit was, for example, "sent from my Apple iPhone."  To avoid continued violation of the Court's September 28 Order Samsung must review documents hitting the term with this limitation.  If Samsung does not intend to perform that review, please explain why.

Apple is willing to search the files of all relevant custodians for the term "Samsung" so long as Samsung is willing to do the same with respect to the term "Apple," with specific delimiters of the type mentioned above (to be disclosed mutually).  Of course, both parties should proceed with additional searches as well, but this would address at least this aspect of Samsung's compliance with the September 28 Order and transparency obligations.  You stated that you would take this proposal to your team and get back to us.

Thank you for your prompt attention to these issues.  We look forward to your response.


Sincerely,


/s/ *Mia Mazza*


Mia Mazza