Exhibit C

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL: (650) 801-5000  FAX: (650) 801-5100

WRITER'S INTERNET ADDRESS
rachelkassabian@quinnemanuel.com

November 8, 2011

<u>VIA E-MAIL</u>

| | |
|---|---|
| Jason R. Bartlett | S. Calvin Walden |
| Morrison & Foerster | WilmerHale |
| 425 Market Street | 399 Park Avenue |
| San Francisco, CA | New York, New York 10022 |

Re:   *Apple, Inc. v. Samsung Elecs. Co.*, Case No. 11-cv-1846-LHK (N.D.Cal.)

Dear Jason and Calvin:

This letter is intended to summarize the issues discussed on Wednesday, November 2, 2011, during the parties' weekly meet and confer call, and to address certain of the inaccuracies in Ms. Mazza's correspondence of November 4, 2011.

APPLE'S ISSUES

**1.     Custodial Information in the Parties' Productions**

As we made clear during the parties' call, Judge Grewal's September 28 Order ("the Order") does not require either party to identify custodians on a document-by-document basis.  Separate and apart from the Order, the parties have agreed to identify custodial information for each document produced, in all cases where the parties actually possess that information.  That information will be conveyed in the load files and/or cover emails accompanying each production.  The parties have further agreed not to leave the custodial field in a load file blank, and instead will put some information in that field, even if the custodial information for those documents is unknown such

Jason R. Bartlett
S. Calvin Walden
November 8, 2011

that the information is simply a placeholder such as "unknown" or "Wilmer Hale" or "Quinn Emanuel." Doing so will ensure that the receiving party will not mistake a blank field for a technical error. Contrary to Ms. Mazza's November 4 letter, we did not agree to exchange "source logs" as Apple defines them, nor does Judge Grewal's order require such a thing. Samsung has already provided document-by-document custodial information in load files accompanying several of its productions (including for documents collected from the custodial files of the inventors of Samsung's asserted patents). That said, it remains Apple's responsibility to determine what documents it believes are relevant for each inventor deposition.

As you know, each party has propounded an interrogatory seeking custodial information for documents produced. Samsung will timely respond to that interrogatory, and we expect Apple to do the same. Ms. Mazza's November 4 letter inappropriately demands that Samsung disclose the contents of its interrogatory response before that response is due. Samsung is under no such obligation, and indeed, we are still conferring with our client on an appropriate response. If Apple follows through with Ms. Mazza's threat to file a motion to compel this interrogatory response before it is even due, Samsung will seek all available sanctions for Apple's filing of a facially meritless motion.

**2.      Specific categories of documents and things to be produced by Samsung**

*Inventor Documents*

Please see my separate correspondence of November 4, 2011 on this issue. To date we have received no response to my letter. Please provide one immediately.

*Documents regarding compensation of inventors*

Apple requested that Samsung produce documents relating to the compensation Samsung inventors received with respect to the issuance of specific patents. However, Apple has taken the position during depositions that such information is not within the scope of permissible discovery, and has instructed its inventors not to answer questions on the specific amount or form of payment an inventor received. Further, to date Apple has not produced documents revealing this information. In light of the position Apple has taken on this issue, we presume that Apple will withdraw its demand for this information. If Apple intends to reconsider its position and provide this information for its own inventors, please advise.

*Documents relating to licensing and standards*

Apple clarified that it was seeking licenses and licensing information for the patents-in-suit. Since Samsung has similar outstanding licensing requests, the parties discussed a potential

Jason R. Bartlett
S. Calvin Walden
November 8, 2011

agreement that Apple and Samsung would exchange licenses that cover the patents asserted in this matter. With respect to the Samsung patents-in-suit that have not been declared essential to a wireless standard at issue in this litigation, Apple represented that it would be satisfied if Samsung only produced the license itself. With respect to the Samsung patents that have been declared essential to a standard at issue in this lawsuit, Apple requested that Samsung provide both the license and all related negotiating documents.

We are conferring with our client regarding Apple's proposal and related issues, and will get back to you shortly.

**3.     Samsung's compliance with the September 28 order**

Apple reiterated its belief that Judge Grewal's Order requires the production of *every* consumer survey conducted in connection with *any* product ever sold by Samsung—including foreign consumer surveys regarding products that were never sold in the United States and are not at issue in this case—if the survey mentions the iPad or iPhone. Samsung disagrees with Apple's o overly broad reading of the Order, which of course is broader than what Apple even requested in its document requests. *See* Apple's RFPs Relating to Apple's Mot. for PI—Set Two, No. 206 (requesting "All documents relating to any customer surveys, studies, analyses or investigations *regarding the Products at Issue*"). Nevertheless, during our call we agreed to take Apple's request back to Samsung in hopes of resolving the issue. We have done so, and Samsung has agreed to consider supplementing its production based upon Apple's broader request. We will get back to you shortly.

To address Apple's inquiry regarding whose files were searched, in the spirit of transparency, during our call we clarified many of the steps Samsung undertook to comply with Judge Grewal's Order. Moreover, in its October 10 Amended Identifications Samsung identified the precise search terms used. As can be seen from these disjunctive search terms, Samsung did not limit its search to surveys of U.S. consumers, nor did it limit its search to documents regarding an accused product. To the extent that any previous meet and confer discussions or correspondence did not make this clear, we'd like to clarify it now.

Apple also has taken issue with the fact that Samsung did not include the term "Apple" in all of its custodial document searches. We previously explained that the term generated too many false hits. Nevertheless, Samsung is generally agreeable to including the term "Apple" (perhaps with delimiters) in its searches of its designers' custodial documents, provided that Apple re-runs searches of its designers' documents for the term "Samsung." Please advise whether this is acceptable to Apple.

3

Jason R. Bartlett
S. Calvin Walden
November 8, 2011

Going forward, Samsung has proposed that the parties agree upon an orderly and regular process for updating their respective court-ordered identifications as additional custodians are identified or if new sets of search terms are run. Samsung suggested that the parties provide amended disclosures on a monthly basis. Counsel for Apple stated that they would check with their client and get back to Samsung on this issue.

SAMSUNG'S ISSUES

**1.      Apple's responses to Samsung's interrogatories and requests for production**

*Code Names.* (*See* RFP No. 144)

Samsung has been forced to dedicate valuable deposition time attempting to determine the meaning of product or feature code names such as "Purple" or "Grape." Samsung thus requested a comprehensive list of internal code names used by Apple designers or inventors to refer to various products or functionalities. Apple agreed to provide Samsung with a list of all internal model numbers and to meet and confer on an ongoing basis regarding any code names that Samsung encounters in depositions or in its review of documents. Samsung is considering Apple's proposal.

*Documents Produced in the 794 Investigation*

In responding to Samsung's interrogatories and requests for production, Apple has frequently cited to documents it has produced in the ITC action. *See, e.g.,* Apple's Objections and Responses to Samsung's Second Set of Interrogatories at No. 15. However, no cross-use provision is currently in place. Apple therefore offered to "cross-designate" those documents as being produced in the NDCA matter. Until a cross-use agreement is in place, Apple should produce the documents relevant to the NDCA action with the appropriate NDCA bates numbers. Since Samsung has been producing its documents directed to each action separately, we expect Apple to do the same.

*Technical Documents.* (*See, e.g.,* RFP Nos. 6-8, 16, 39, 69, 76-77)

Apple agreed to provide Samsung with technical documents sufficient to show the functionality of the accused products, a detailed accounting of Apple's manufacturers with respect to the accused products, the volume of products imported from foreign manufacturers, detailed sales information for each accused product dating back six years, and information relating to buildup materials so Samsung can understand the components in the accused products and the standard costs related to each component. Apple represented that this production would begin in the next

4

Jason R. Bartlett
S. Calvin Walden
November 8, 2011

few weeks and would continue on a rolling basis. Apple requested reciprocal information, specifically as to manufacturing costs. Samsung is considering Apple's position on these issues.

*Documents relating to trademark and trade dress* (*See, e.g.,* RFP No. 173)

In light of Apple's inconsistent responses to Samsung's RFPs, Apple clarified that it intended to produce and would not be withholding documents in response to RFPs 184 and 192. With respect to RFP 173, however—business plans, reports, analyses, and research relating to Apple's trade dress, trademarks, or design patents—Apple stated that the request as written was overbroad, and asked for examples in order to better understand what Samsung was seeking in making the request. Samsung stated that the request as written was fair, but for purposes of illustration and example only, identified consumer and market research, competitive analyses, and business plans that pertain to the trademark, trade dress and design patent portfolios asserted in this matter. Samsung requested that Apple's counsel make a good faith effort to conduct exploratory interviews with Apple about the nature and volume of documents responsive to this request, then inform Samsung of what it is willing to produce. Counsel for Apple stated that they would consult with Apple and provide an update shortly.

In response to RFP 166, which seeks documents relating to designs or products that Apple regards as confusingly similar or dilutive, Apple agreed to produce cease and desist letters and formal complaints against others. Samsung stated that cease and desist letters are insufficient, and requested all responsive documents, including internal correspondence and reports.

2.   **Deposition Transcripts and Exhibits Thereto**  (*See* RFP No. 184).

Samsung continues to disagree with Apple's assertion that prior deposition transcripts are relevant only to the extent that they pertain to patents asserted in the current matter. Indeed, Apple has produced some deposition transcripts that do not relate to the asserted patents. Please see separate correspondence from Marissa Ducca, dated November 4, 2011, which details authority in support of Samsung's contentions regarding the relevance and discoverability of prior testimony. Apple has not yet responded to this letter. Please do so immediately.

3.   **Apple's document production relating to the '891 and '002 patents** . *(See, e.g.,* RFP Nos. 96 and 98)

Apple agreed to produce source code for Mac OS 10 as well a computer with a copy of Mac OS 10 installed.

Jason R. Bartlett
S. Calvin Walden
November 8, 2011


**4.      Next Meet and Confer**

Both parties agreed to follow up in correspondence on discovery issues yet to be resolved in the hopes of narrowing the issues that require discussion at next week's meeting.  By letter dated November 4, Marissa Ducca provided Apple with a detailed list of categories of documents it would be seeking during this Wednesday's meeting.  Since our last call, Apple has not responded to the substance of Ms. Ducca's letter.  As Samsung has repeatedly stated on prior meet and confer calls, Samsung urges Apple to provide its positions in writing in advance of the parties' weekly meet and confer calls, such that our time can more productively be spent discussing and resolving known disputes, rather than determining whether disputes exist.

Very truly yours,

/s/


Rachel Herrick Kassabian



cc:     Mia Mazza
        Wes Overson
        Samuel Maselli
        Peter Kolovos

6