Exhibit G

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482
U.S.A.

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

December 29, 2011

Writer's Direct Contact
415.268.6024
MMazza@mofo.com

*Via E-Mail* (rachelkassabian@quinnemanuel.com)

Rachel Herrick Kassabian
Quinn Emanuel
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065

Re:   *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)

Dear Rachel:

We have received your e-mail of this morning regarding Judge Grewal's December 22, 2011, Order.

That Order requires that Samsung produce specific categories of documents by December 31, 2011.  Samsung has asked that Apple stipulate to a nine-day extension, or until January 9, 2012, for Samsung to complete its production of documents falling within two identified categories — "relevant customer surveys" (item no. 4 in the Order) and "design history e-mails" (item no. 2).  This is double the number of days that Judge Grewal allowed Samsung in the Order.

Apple cannot agree to Samsung's request.  There are several reasons for this:

**First**, as to "relevant customer surveys," it is undisputed that these documents were requested and should have been produced long ago.  In his September 28, 2011, Order, Judge Grewal compelled Samsung to produce documents within this category by October 7, 2011.

Convinced that Samsung had not fully complied with the Court's Order and produced all relevant survey documents (whether relating to the specific products at issue in the preliminary injunction or all Samsung products at issue), Apple has continued to press Samsung for these documents over the last two months.  On December 3, 2011, Samsung promised that it would "substantially complete" this production by December 15, 2011.  (December 3, 2011, Kassabian Letter to Mazza at 6-7.)

Skeptical of Samsung's vague promises, and with no production forthcoming, Apple again was forced to move to compel Samsung's production of these documents on December 9, 2011.  Via his December 22nd Order, Judge Grewal again agreed that Apple was entitled to these documents immediately.

sf-3088854

MORRISON | FOERSTER

Rachel Herrick Kassabian
December 29, 2011
Page Two


It is important to note that Judge Grewal's December 22nd Order requires Samsung to produce, by December 31st, only "*those [survey] materials that were subject to [his] September 28[th] Order and not yet produced*." Samsung's latest representation that it cannot complete its review of these materials by December 31st therefore means that Samsung has withheld documents in response to Apple's requests and in violation of Judge Grewal's earlier order *for several months*. Indeed, the volume apparently is so enormous that Samsung "believes," based on its "current estimates," that it requires *another 10 days still* to review them.

Judge Grewal ordered Samsung's "immediate[]" production of these materials for a reason — they should have been produced long ago, during the preliminary injunction phase. To date, however, Samsung has produced only a limited number of documents in response to Judge Grewal's latest Order. Apple cannot agree to Samsung's willful violation of not one, but two court orders.

**Second**, as to "design history e-mails," it is equally undisputed that these documents were requested and should have been produced long ago. As Apple detailed in its December 9th motion to compel giving rise to Samsung's required production, these documents are responsive to multiple outstanding Apple discovery requests.

As with Samsung's survey documents, Samsung previously represented that its production would be "substantially complete" by December 15th. And as with Samsung's survey documents, Samsung's representation that it cannot complete its review of its design history documents by December 31st means that Samsung has withheld responsive documents for several months. Finally, and again as with Samsung's survey documents, the volume of withheld materials apparently is so enormous that Samsung requires another ten days still to review them.

**Third**, Samsung's representations that it has been "working around the clock" and using its "best efforts" to meet Judge Grewal's latest order are not credible.

Just this week alone — and despite claiming that no Samsung attorneys were available to meet and confer because they were attempting to comply with the Court's order — *four different Samsung attorneys* sent no fewer than *six single-spaced, multi-page letters* on discovery-related topics. (See December 27, 2011, S. Hall Letter to J. Bartlett regarding Apple discovery responses; December 27, 2011, K. Suh Letter to M. Mazza concerning Apple's NeXT production; December 27, 2011, D. Hutnyan Letter to M. Mazza regarding meet and confer process; December 28, 2011, K. Suh Letter to M. Mazza concerning Apple's production of Nokia-related documents; December 28, 2011, K. Suh Letter to M. Mazza concerning Apple's production of Tiger operating system; December 29, 2011, M. Ducca Letter to M. Mazza regarding Apple's production of a computer with Mac OS X).

sf-3088854

**MORRISON | FOERSTER**

Rachel Herrick Kassabian
December 29, 2011
Page Three


Samsung's lack of diligence in complying with Judge Grewal's latest discovery order is striking in comparison with Apple's own efforts to comply with that same order. Since Judge Grewal issued his December 22nd Order, a team of over 25 individuals, including scanner operators, Apple in-house attorneys and legal assistants, discovery technicians, and outside counsel have worked overtime and over weekends to comply with that order. As for the Apple employees assisting these efforts, they did so *despite a company-wide shutdown and pre-existing vacation plans.*

**Fourth**, and most importantly, Apple is highly prejudiced by Samsung's continued delayed production. The March 8, 2012 fact discovery cutoff is looming. "Design history e-mails" and "survey documents" are core documents that Apple needs to prepare for the upcoming depositions.

Although Samsung alleges that its delayed production "will not impact any of the currently scheduled depositions, as Samsung is prioritizing the document collection and production for those custodians," the currently scheduled depositions start on January 11th — just two days after its proposed January 9th deadline. Samsung also ignores completely the 30 noticed depositions of other Samsung witnesses — witnesses for whom Samsung has yet to offer dates, and whom Apple has insisted on deposing in January and early February in light of the March 8th fact discovery close.

\* \* \* \*

In closing, Samsung must start producing the ordered documents on a rolling basis *immediately*. Judge Grewal ordered such rolling production, but few if any documents have been forthcoming.

Apple might be willing to entertain reasonable stipulations concerning Judge Grewal's discovery orders based on unforeseeable circumstances (*e.g.,* production delays due to technical difficulties, as occurred with Samsung's preliminary injunction phase production). But Samsung's intentional delay in gathering and producing documents in response to long-outstanding requests — and in spite of Judge Grewal's prior orders — do not warrant further delays.

Sincerely,

*/s/ Mia Mazza*

Mia Mazza


cc:     Samuel Maselli; Calvin Walden; Peter Kolovos


sf-3088854