# EXHIBIT A

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Page 1

1        UNITED STATES DISTRICT COURT

2       NORTHERN DISTRICT OF CALIFORNIA

3            SAN JOSE DIVISION

4

    ----------------------------------x
5   APPLE INC., a California          )
    corporation,                      )
6                                     )
                   Plaintiff,         )
7                                     )
          vs.                         )
8                                     )No. 11-CV-01846LHK
    SAMSUNG ELECTRONICS CO., LTD.,    )
9   a Korean entity; SAMSUNG          )
    ELECTRONICS AMERICA, INC., a      )
10  New York corporation; SAMSUNG     )
    TELECOMMUNICATIONS AMERICA, LLC,  )
11  a Delaware limited liability      )
    Company,                          )
12                                    )
                   Defendants.        )
13  ----------------------------------x

14

15

16

17   VIDEOTAPED DEPOSITION OF TONY GIVARGIS, PH.D.

18            Los Angeles, California

19           Tuesday, December 6, 2011

20

21      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

22

23  Reported by:

24  SUSAN A. SULLIVAN, CSR #3522, RPR, CRR

25  JOB NO. 44330

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Page 5

1     MR. SHAH:  Ali Shah, WilmerHale, for the witness
2  and representing Apple.
3     THE VIDEOGRAPHER:  Thank you.
4        And will the reporter now swear or affirm
5  the witness.
6
7  TONY GIVARGIS, PH.D.,
8     called as a witness, having been duly sworn by
9     the court reporter, was examined and testified
10    as follows:
11
12 EXAMINATION
13 BY MS. MAROULIS:
14    Q    Good morning, Mr. Givargis.  How are you
15 today?
16    A    Good, thank you.
17    Q    My name is Victoria Maroulis and I will be
18 asking you some questions today.
19        Have you ever been deposed before?
20    A    No.
21    Q    In that case let me briefly run you through
22 the rules of the deposition.
23        First of all, do you understand that you
24 are testifying today like you would be in a court of
25 law under oath even though we're sitting in a

 1   his resume and I believe he would have a very good
 2   reputation in the area.
 3        Q    Do you agree that he is qualified to render
 4   an opinion on the meaning of the term "applet"?
 5        A    I believe so, yes.
 6        Q    In reviewing Mr. Cole's declaration which
 7   is Exhibit 4, are there any portions of his
 8   declaration that you agree with?
 9        A    Do you want me to go section by section
10   or --
11        Q    However is easiest for you.
12        A    I believe the one area that Mr. Cole and
13   myself agree on is that an applet runs within
14   another piece of software.  We -- you know, I think
15   that is sort of Section 11.
16        Q    Do you mean Paragraph 11?
17        A    Paragraph 11, yes.
18        Q    Do you agree with Mr. Cole that for purpose
19   of this patent another a program or application
20   module is essentially equivalent?
21        MR. SHAH:  Objection to form.
22        THE WITNESS:  Yes.  I believe that Paragraph 11
23   is vague in the use of the term "'another program'
24   or 'an application module.'"  I do draw a
25   distinction between an application and a program but

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Page 81

1   I do recognize that there are sometimes in
2   conversational computer science used
3   interchangeably.
4        Q    BY MS. MAROULIS:  Do you agree these two
5   terms can be used interchangeably in the context of
6   the '711 patent?
7        MR. SHAH:  Objection; asked and answered.
8        THE WITNESS:  Yes, my answer would be the same.
9   I believe that it is important to recognize that an
10  application is more than just a program but that in
11  the field of computer science oftentimes a program
12  is used when an application would work equally as
13  well.
14       Q    BY MS. MAROULIS:  Besides Paragraph 11, are
15  there any other portions of Mr. Cole's declaration
16  that you agree with?
17       MR. SHAH:  Take whatever time you need to review
18  the document.
19       THE WITNESS:  Yes.  If you don't mind, I will
20  quickly look at the exhibits.  Not the exhibits but
21  the description in the declaration.
22       Q    BY MS. MAROULIS:  Please go ahead.
23       A    I believe we both agree that the '711
24  patent and the prosecution history does not define
25  the term "applet" adequately.

TSG Reporting  877-702-9580

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Page 82

1    Q   Do you believe Mr. Cole says that applet is
2  not adequately defined by the intrinsic record?
3    A   Mr. Cole mentions that there is limited
4  discussion in the specification and claims of the
5  '711 patent, as well as the prosecution history, as
6  to the definition of the term "applet."  That is
7  consistent with my understanding of my view of
8  things that the term "applet" is not adequately
9  defined in the patent.
10   Q   Mr. Cole himself does not use the word
11  "inadequate" or "not adequate," right?
12   A   That is correct, yes.
13   Q   So you agree with Mr. Cole that there is
14  limited intrinsic material in which to rely on.
15   A   That is correct, yes.
16   Q   Anything else that you and Mr. Cole agree
17  on?
18   A   Yes.  In the "Extrinsic Evidence" section I
19  do agree with many of the examples that are
20  presented; for example, AppleScript applets, Linux
21  applets, Ruby applets, as being the kinds of
22  applets, different, not necessarily Java applets.
23  However, all of these, or at least the ones I just
24  enumerated, do follow the Java-like interpreted
25  nature of applets.

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Page 120

```
 1   State of California   )
                          ) ss.
 2   County of Los Angeles )

 3

 4           I, SUSAN A. SULLIVAN, CALIFORNIA CSR No.
 5   3522, RPR, CRR, do hereby certify:
 6           That prior to being examined TONY GIVARGIS,
 7   PH.D., the witness named in the foregoing
 8   deposition, was, before the commencement of the
 9   deposition, duly administered an oath in accordance
10   with C.C.P. Section 2094;
11           That the said deposition was taken before
12   me at the time and place therein set forth, and was
13   taken down by me in shorthand and thereafter
14   transcribed into typewriting under my direction and
15   supervision; that the said deposition is a true and
16   correct record of the testimony given by the
17   witness;
18           I further certify that I am neither counsel
19   for, nor in any way related to any party to said
20   action, nor in any way interested in the outcome
21   thereof.
22           IN WITNESS WHEREOF, I have subscribed my
23   name on this 6th day of December, 2011.
24                           _____
25                           SUSAN A. SULLIVAN
```