# EXHIBIT D

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Page 1

1                UNITED STATES DISTRICT COURT

2              NORTHERN DISTRICT OF CALIFORNIA

3                    SAN JOSE DIVISION

4
   --------------------------------x
5  APPLE INC., a California          )
   corporation,                      )
6                                    )
                    Plaintiff,       )
7                                    )
          vs.                        )
8                                    )No. 11-CV-01846LHK
   SAMSUNG ELECTRONICS CO., LTD.,    )
9  a Korean entity; SAMSUNG          )
   ELECTRONICS AMERICA, INC., a      )
10 New York corporation; SAMSUNG     )
   TELECOMMUNICATIONS AMERICA, LLC,  )
11 a Delaware limited liability      )
   Company,                          )
12                                   )
                    Defendants.  )
13 --------------------------------x

14

15

16

17     VIDEOTAPED DEPOSITION OF TONY GIVARGIS, PH.D.

18              Los Angeles, California

19            Tuesday, December 6, 2011

20

21       HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

22

23  Reported by:

24  SUSAN A. SULLIVAN, CSR #3522, RPR, CRR

25  JOB NO. 44330

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Page 5

1        MR. SHAH:  Ali Shah, WilmerHale, for the witness

2    and representing Apple.

3        THE VIDEOGRAPHER:  Thank you.

4            And will the reporter now swear or affirm

5    the witness.

6

7    TONY GIVARGIS, PH.D.,

8        called as a witness, having been duly sworn by

9        the court reporter, was examined and testified

10       as follows:

11

12    EXAMINATION

13    BY MS. MAROULIS:

14       Q    Good morning, Mr. Givargis.  How are you

15    today?

16       A    Good, thank you.

17       Q    My name is Victoria Maroulis and I will be

18    asking you some questions today.

19            Have you ever been deposed before?

20       A    No.

21       Q    In that case let me briefly run you through

22    the rules of the deposition.

23            First of all, do you understand that you

24    are testifying today like you would be in a court of

25    law under oath even though we're sitting in a

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Page 39

1    operating-system independent?

2         A     This passage does not make reference to

3    operating-system independent.  However, the

4    association between an applet and an application

5    module, together with the claim language and the

6    prosecution, the file history, does suggest to me

7    that the applet requires the application module as

8    a, sort of as a context, and that relationship is

9    what one would expect from Java applets or Java-like

10   applets, that interpreted.

11        Q     Setting aside the claim language and

12   prosecution history, is it correct that there's

13   nothing in this particular passage that indicates

14   operating-system independence?

15        A     Nothing in the passage mentions anything

16   about being operating-system independent, yes.

17        Q     Let's take a look at the claim language.

18   For example, Claim 1 in Column 7, do you see that?

19        A     Yes.

20        Q     The relevant limitation is "Generating a

21   music background play object, wherein the music

22   background play object includes an application

23   module including at least one applet."

24              Is there any mention of operating-system

25   independence here?

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Page 40

1       A     No.

2       Q     Is there anything in this claim that you

3    see that supports your notion of operating-system

4    independence?

5       A     What I see in this sentence, passage, is,

6    again, the association between an applet running or

7    an applet that is within an application module and

8    that association to me suggests a Java-like

9    interpreted environment.

10      Q     Did you review the testimony of the

11   inventor of this patent?

12      A     Yes.  I reviewed a subset of it.

13      Q     Did you see that the inventor who was

14   developing this technology was working with system-

15   dependent applets?

16      A     That is correct, yes.

17      Q     Which system-dependent applets was he

18   working with, to your understanding?

19      MR. SHAH:  If you need to see any documents to

20   refresh your recollection, you can ask.

21      THE WITNESS:  Yes.  I think this one I can

22   answer without the document, but it was a Qualcomm

23   chipset.

24      Q     BY MS. MAROULIS:  Do you disagree that the

25   technology he was working on is described by Claim

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Page 41

1    1?

2         MR. SHAH:  Object to the extent it calls for a

3    legal conclusion.

4         THE WITNESS:  I have not formed that position

5    yet.

6         Q    BY MS. MAROULIS:  Do you understand that he

7    was asked during deposition about the embodiments of

8    the patent?

9         MR. SHAH:  Same objection.

10        THE WITNESS:  Yes.  I'm not sure exactly what he

11   was asked.

12        Q    BY MS. MAROULIS:  If the technology that he

13   was working on embodies this claim would you agree

14   with me that the claim includes applets that are

15   also system dependent?

16        MR. SHAH:  Same objection.

17        THE WITNESS:  Based on -- I recognize that the

18   inventor was working with a system that was

19   OS-dependent, specifically the Qualcom chipset.

20   However, that use of the term "applet" within that

21   context was unusual or it was not consistent with

22   the common understanding of the term "applet" at the

23   time and the '711 patent does not make that

24   distinction clear.

25        Q    BY MS. MAROULIS:  If the '711 patent does

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Page 42

1    not make a distinction clear between system

2    dependent and system independent, do you agree then

3    that includes both?

4         MR. SHAH:  Objection to form.

5         THE WITNESS:  It could include, it could be

6    both, but the common understanding again would be

7    that it is consistent with applets as being

8    OS-independent, as being the more likely case.

9         Q    BY MS. MAROULIS:  It is more likely but it

10   is not exclusively so, correct?

11        MR. SHAH:  Objection; mischaracterizes his

12   testimony.

13        THE WITNESS:  If I were to read this or if

14   somebody who would be familiar with the area were to

15   read this in 2005 it would be assumed or it would be

16   understood for an applet to be an OS-independent

17   applet.

18        Q    BY MS. MAROULIS:  Would a person reading

19   this in 2005 be aware of applets in other language

20   environments?

21        A    Yes.

22        MS. MAROULIS:  Okay.  We can take a five-minute

23   break.

24        THE WITNESS:  Thank you.

25        THE VIDEOGRAPHER:  The time is 9:54 a.m. and we

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Page 120

1  State of California      )
                            )   ss.
2  County of Los Angeles )

3

4        I, SUSAN A. SULLIVAN, CALIFORNIA CSR No.

5  3522, RPR, CRR, do hereby certify:

6        That prior to being examined TONY GIVARGIS,

7  PH.D., the witness named in the foregoing

8  deposition, was, before the commencement of the

9  deposition, duly administered an oath in accordance

10  with C.C.P. Section 2094;

11        That the said deposition was taken before

12  me at the time and place therein set forth, and was

13  taken down by me in shorthand and thereafter

14  transcribed into typewriting under my direction and

15  supervision; that the said deposition is a true and

16  correct record of the testimony given by the

17  witness;

18        I further certify that I am neither counsel

19  for, nor in any way related to any party to said

20  action, nor in any way interested in the outcome

21  thereof.

22        IN WITNESS WHEREOF, I have subscribed my

23  name on this 6th day of December, 2011.

24

25                    SUSAN A. SULLIVAN