# EXHIBIT E

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Page 1

```
 1              UNITED STATES DISTRICT COURT

 2            NORTHERN DISTRICT OF CALIFORNIA

 3                   SAN JOSE DIVISION

 4
    ----------------------------------x
 5  APPLE INC., a California          )
    corporation,                      )
 6                                    )
                     Plaintiff,       )
 7                                    )
           vs.                        )
 8                                    )No. 11-CV-01846LHK
    SAMSUNG ELECTRONICS CO., LTD.,    )
 9  a Korean entity; SAMSUNG          )
    ELECTRONICS AMERICA, INC., a      )
10  New York corporation; SAMSUNG     )
    TELECOMMUNICATIONS AMERICA, LLC,  )
11  a Delaware limited liability      )
    Company,                          )
12                                    )
                     Defendants.      )
13  ----------------------------------x

14

15

16

17   VIDEOTAPED DEPOSITION OF TONY GIVARGIS, PH.D.

18              Los Angeles, California

19            Tuesday, December 6, 2011

20

21     HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

22

23  Reported by:

24  SUSAN A. SULLIVAN, CSR #3522, RPR, CRR

25  JOB NO. 44330
```

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Page 5

1    MR. SHAH:  Ali Shah, WilmerHale, for the witness
2 and representing Apple.
3    THE VIDEOGRAPHER:  Thank you.
4         And will the reporter now swear or affirm
5 the witness.
6
7 TONY GIVARGIS, PH.D.,
8    called as a witness, having been duly sworn by
9    the court reporter, was examined and testified
10    as follows:
11
12 EXAMINATION
13 BY MS. MAROULIS:
14    Q    Good morning, Mr. Givargis.  How are you
15 today?
16    A    Good, thank you.
17    Q    My name is Victoria Maroulis and I will be
18 asking you some questions today.
19         Have you ever been deposed before?
20    A    No.
21    Q    In that case let me briefly run you through
22 the rules of the deposition.
23         First of all, do you understand that you
24 are testifying today like you would be in a court of
25 law under oath even though we're sitting in a

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Page 40

```
 1        A    No.
 2        Q    Is there anything in this claim that you
 3   see that supports your notion of operating-system
 4   independence?
 5        A    What I see in this sentence, passage, is,
 6   again, the association between an applet running or
 7   an applet that is within an application module and
 8   that association to me suggests a Java-like
 9   interpreted environment.
10        Q    Did you review the testimony of the
11   inventor of this patent?
12        A    Yes.  I reviewed a subset of it.
13        Q    Did you see that the inventor who was
14   developing this technology was working with system-
15   dependent applets?
16        A    That is correct, yes.
17        Q    Which system-dependent applets was he
18   working with, to your understanding?
19        MR. SHAH:  If you need to see any documents to
20   refresh your recollection, you can ask.
21        THE WITNESS:  Yes.  I think this one I can
22   answer without the document, but it was a Qualcomm
23   chipset.
24        Q    BY MS. MAROULIS:  Do you disagree that the
25   technology he was working on is described by Claim
```

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Page 41

1  1?
2      MR. SHAH:  Object to the extent it calls for a
3  legal conclusion.
4      THE WITNESS:  I have not formed that position
5  yet.
6      Q    BY MS. MAROULIS:  Do you understand that he
7  was asked during deposition about the embodiments of
8  the patent?
9      MR. SHAH:  Same objection.
10     THE WITNESS:  Yes.  I'm not sure exactly what he
11 was asked.
12     Q    BY MS. MAROULIS:  If the technology that he
13 was working on embodies this claim would you agree
14 with me that the claim includes applets that are
15 also system dependent?
16     MR. SHAH:  Same objection.
17     THE WITNESS:  Based on -- I recognize that the
18 inventor was working with a system that was
19 OS-dependent, specifically the Qualcom chipset.
20 However, that use of the term "applet" within that
21 context was unusual or it was not consistent with
22 the common understanding of the term "applet" at the
23 time and the '711 patent does not make that
24 distinction clear.
25     Q    BY MS. MAROULIS:  If the '711 patent does

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Page 42

1  not make a distinction clear between system
2  dependent and system independent, do you agree then
3  that includes both?
4      MR. SHAH:  Objection to form.
5      THE WITNESS:  It could include, it could be
6  both, but the common understanding again would be
7  that it is consistent with applets as being
8  OS-independent, as being the more likely case.
9      Q    BY MS. MAROULIS:  It is more likely but it
10 is not exclusively so, correct?
11     MR. SHAH:  Objection; mischaracterizes his
12 testimony.
13     THE WITNESS:  If I were to read this or if
14 somebody who would be familiar with the area were to
15 read this in 2005 it would be assumed or it would be
16 understood for an applet to be an OS-independent
17 applet.
18     Q    BY MS. MAROULIS:  Would a person reading
19 this in 2005 be aware of applets in other language
20 environments?
21     A    Yes.
22     MS. MAROULIS:  Okay.  We can take a five-minute
23 break.
24     THE WITNESS:  Thank you.
25     THE VIDEOGRAPHER:  The time is 9:54 a.m. and we

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Page 43

```
 1   are off the record.
 2           (Recess)
 3        THE VIDEOGRAPHER:  The time is 9:59 a.m. and we
 4   are back on the record.
 5   BY MS. MAROULIS:
 6        Q   Mr. Givargis, before the break we were
 7   discussing the '711 patent.  Other than the
 8   "specification," quote, we discussed and the coding
 9   language, there's no other portion of the '711
10   patent that you are relying on in your declaration,
11   correct?
12        A   I believe so, yes.
13        MS. MAROULIS:  I would like to now switch to the
14   prosecution history which is Exhibit 5 and, for the
15   record, the document control numbers are
16   SAMNDCA00007840 through 8459.
17        Q   What is your understanding, sir, of what a
18   file history is?
19        A   Yes.  It has three components, some of it
20   are identifying information or titles of various
21   documents and so on.  Then it has another component
22   which is sort of the examiner's rejections and a
23   description of why those rejections are followed by
24   a response to the office action which comes from the
25   applicant in response to the rejections.
```

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Page 120

```
1    State of California  )
                          )  ss.
2    County of Los Angeles )

3

4            I, SUSAN A. SULLIVAN, CALIFORNIA CSR No.
5    3522, RPR, CRR, do hereby certify:
6            That prior to being examined TONY GIVARGIS,
7    PH.D., the witness named in the foregoing
8    deposition, was, before the commencement of the
9    deposition, duly administered an oath in accordance
10   with C.C.P. Section 2094;
11           That the said deposition was taken before
12   me at the time and place therein set forth, and was
13   taken down by me in shorthand and thereafter
14   transcribed into typewriting under my direction and
15   supervision; that the said deposition is a true and
16   correct record of the testimony given by the
17   witness;
18           I further certify that I am neither counsel
19   for, nor in any way related to any party to said
20   action, nor in any way interested in the outcome
21   thereof.
22           IN WITNESS WHEREOF, I have subscribed my
23   name on this 6th day of December, 2011.
24                           _____
25                           SUSAN A. SULLIVAN
```