# EXHIBIT F

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Page 1

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                    SAN JOSE DIVISION
 4
     ----------------------------------x
 5   APPLE INC., a California          )
     corporation,                      )
 6                                     )
                     Plaintiff,        )
 7                                     )
           vs.                         )
 8                                     )No. 11-CV-01846LHK
     SAMSUNG ELECTRONICS CO., LTD.,    )
 9   a Korean entity; SAMSUNG          )
     ELECTRONICS AMERICA, INC., a      )
10   New York corporation; SAMSUNG     )
     TELECOMMUNICATIONS AMERICA, LLC,  )
11   a Delaware limited liability      )
     Company,                          )
12                                     )
                     Defendants.       )
13   ----------------------------------x
14
15
16
17     VIDEOTAPED DEPOSITION OF TONY GIVARGIS, PH.D.
18                 Los Angeles, California
19              Tuesday, December 6, 2011
20
21       HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
22
23   Reported by:
24   SUSAN A. SULLIVAN, CSR #3522, RPR, CRR
25   JOB NO. 44330
```

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Page 5

1     MR. SHAH:  Ali Shah, WilmerHale, for the witness
2  and representing Apple.
3     THE VIDEOGRAPHER:  Thank you.
4        And will the reporter now swear or affirm
5  the witness.
6
7  TONY GIVARGIS, PH.D.,
8     called as a witness, having been duly sworn by
9     the court reporter, was examined and testified
10    as follows:
11
12 EXAMINATION
13 BY MS. MAROULIS:
14    Q    Good morning, Mr. Givargis.  How are you
15 today?
16    A    Good, thank you.
17    Q    My name is Victoria Maroulis and I will be
18 asking you some questions today.
19        Have you ever been deposed before?
20    A    No.
21    Q    In that case let me briefly run you through
22 the rules of the deposition.
23        First of all, do you understand that you
24 are testifying today like you would be in a court of
25 law under oath even though we're sitting in a

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Page 39

1   operating-system independent?
2        A    This passage does not make reference to
3   operating-system independent.  However, the
4   association between an applet and an application
5   module, together with the claim language and the
6   prosecution, the file history, does suggest to me
7   that the applet requires the application module as
8   a, sort of as a context, and that relationship is
9   what one would expect from Java applets or Java-like
10  applets, that interpreted.
11       Q    Setting aside the claim language and
12  prosecution history, is it correct that there's
13  nothing in this particular passage that indicates
14  operating-system independence?
15       A    Nothing in the passage mentions anything
16  about being operating-system independent, yes.
17       Q    Let's take a look at the claim language.
18  For example, Claim 1 in Column 7, do you see that?
19       A    Yes.
20       Q    The relevant limitation is "Generating a
21  music background play object, wherein the music
22  background play object includes an application
23  module including at least one applet."
24            Is there any mention of operating-system
25  independence here?

1    A   No.

2    Q   Is there anything in this claim that you

3 see that supports your notion of operating-system

4 independence?

5    A   What I see in this sentence, passage, is,

6 again, the association between an applet running or

7 an applet that is within an application module and

8 that association to me suggests a Java-like

9 interpreted environment.

10   Q   Did you review the testimony of the

11 inventor of this patent?

12   A   Yes.  I reviewed a subset of it.

13   Q   Did you see that the inventor who was

14 developing this technology was working with system-

15 dependent applets?

16   A   That is correct, yes.

17   Q   Which system-dependent applets was he

18 working with, to your understanding?

19   MR. SHAH:  If you need to see any documents to

20 refresh your recollection, you can ask.

21   THE WITNESS:  Yes.  I think this one I can

22 answer without the document, but it was a Qualcomm

23 chipset.

24   Q   BY MS. MAROULIS:  Do you disagree that the

25 technology he was working on is described by Claim

1  1?

2      MR. SHAH:  Object to the extent it calls for a

3  legal conclusion.

4      THE WITNESS:  I have not formed that position

5  yet.

6      Q   BY MS. MAROULIS:  Do you understand that he

7  was asked during deposition about the embodiments of

8  the patent?

9      MR. SHAH:  Same objection.

10     THE WITNESS:  Yes.  I'm not sure exactly what he

11 was asked.

12     Q   BY MS. MAROULIS:  If the technology that he

13 was working on embodies this claim would you agree

14 with me that the claim includes applets that are

15 also system dependent?

16     MR. SHAH:  Same objection.

17     THE WITNESS:  Based on -- I recognize that the

18 inventor was working with a system that was

19 OS-dependent, specifically the Qualcom chipset.

20 However, that use of the term "applet" within that

21 context was unusual or it was not consistent with

22 the common understanding of the term "applet" at the

23 time and the '711 patent does not make that

24 distinction clear.

25     Q   BY MS. MAROULIS:  If the '711 patent does

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Page 120

```
 1   State of California    )
                            ) ss.
 2   County of Los Angeles  )

 3

 4          I, SUSAN A. SULLIVAN, CALIFORNIA CSR No.
 5   3522, RPR, CRR, do hereby certify:
 6          That prior to being examined TONY GIVARGIS,
 7   PH.D., the witness named in the foregoing
 8   deposition, was, before the commencement of the
 9   deposition, duly administered an oath in accordance
10   with C.C.P. Section 2094;
11          That the said deposition was taken before
12   me at the time and place therein set forth, and was
13   taken down by me in shorthand and thereafter
14   transcribed into typewriting under my direction and
15   supervision; that the said deposition is a true and
16   correct record of the testimony given by the
17   witness;
18          I further certify that I am neither counsel
19   for, nor in any way related to any party to said
20   action, nor in any way interested in the outcome
21   thereof.
22          IN WITNESS WHEREOF, I have subscribed my
23   name on this 6th day of December, 2011.
24                      _____
25                         SUSAN A. SULLIVAN
```