1   HAROLD J. MCELHINNY (CA SBN 66781)   WILLIAM F. LEE
    hmcelhinny@mofo.com                   william.lee@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)     WILMER CUTLER PICKERING
    mjacobs@mofo.com                      HALE AND DORR LLP
3   JENNIFER LEE TAYLOR (CA SBN 161368)   60 State Street
    jtaylor@mofo.com                      Boston, MA 02109
4   ALISON M. TUCHER (CA SBN 171363)      Telephone: (617) 526-6000
    atucher@mofo.com                      Facsimile: (617) 526-5000
5   RICHARD S.J. HUNG (CA SBN 197425)
    rhung@mofo.com
6   JASON R. BARTLETT (CA SBN 214530)     MARK D. SELWYN (SBN 244180)
    jasonbartlett@mofo.com                mark.selwyn@wilmerhale.com
7   MORRISON & FOERSTER LLP               WILMER CUTLER PICKERING
    425 Market Street                     HALE AND DORR LLP
8   San Francisco, California  94105-2482 950 Page Mill Road
    Telephone:  (415) 268-7000            Palo Alto, California 94304
9   Facsimile:  (415) 268-7522            Telephone: (650) 858-6000
                                          Facsimile: (650) 858-6100
10

11  Attorneys for Plaintiff and
    Counterclaim-Defendant APPLE INC.
12

13                UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                    SAN JOSE DIVISION

16

| 17 | APPLE INC., a California corporation, | Case No.     11-cv-01846-LHK (PSG) |
|----|---------------------------------------|------------------------------------|
| 18 | Plaintiff, | **APPLE'S MOTION FOR PROTECTIVE ORDER REGARDING SAMSUNG'S FIRST RULE 30(b)(6) DEPOSITION NOTICE** |
| 19 | v. | |
| 20 | SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG | |
| 21 | ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | Date:     January 18, 2012 |
| 22 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company., | Time:     2:00 p.m. |
| 23 | Defendants. | Place:     Courtroom 5, 4th Floor |
| 24 | | Judge:     Hon. Paul S. Grewal |

25

26

27

28

**NOTICE OF MOTION AND MOTION**

TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Apple Inc. ("Apple") hereby moves the Court, pursuant to Federal Rules of Civil Procedure 26(b)(2)(C) and 26(c)(1), for a protective order relieving Apple of any obligation to respond to or comply with Samsung's First 30(b)(6) Deposition Notice to Apple, served on December 14, 2011.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting Declarations of Harold J. McElhinny and Mia Mazza and exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

Dated: January 10, 2012                    MORRISON & FOERSTER LLP

By:    /s/ Michael A. Jacobs
       MICHAEL A. JACOBS

Attorneys for Plaintiff
APPLE INC.

**RELIEF REQUESTED**

Apple requests that the Court enter a protective order relieving Apple of any obligation to respond to or comply with Samsung's First 30(b)(6) Deposition Notice to Apple, served on December 14, 2011.  (Declaration of Mia Mazza in Support of Apple's Motion for Protective Order ("Mazza Decl."), Ex. A.)

**STATEMENT OF ISSUE TO BE DECIDED**

Whether Samsung's First 30(b)(6) Deposition Notice is so egregiously overbroad, unduly burdensome, and/or meant to harass and oppress Apple, that Apple should be protected from any obligation to respond or comply with it as written.

1   **APPLE'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 26(c)(1)**

2          Apple hereby certifies that it has in good faith conferred with Samsung in an effort to

3   obtain the protection described immediately above without Court action.  Apple's efforts to

4   resolve this discovery dispute without court intervention are described in the Declaration of

5   Harold McElhinny in Support of Apple's Motion to Compel and Motion for Protective Order

6   ("McElhinny Decl."), submitted herewith.

7

8   Dated:  January 10, 2012                    MORRISON & FOERSTER LLP

9

10                                        By:    /s/ Michael A. Jacobs
                                                 Michael A. Jacobs

11                                               Attorneys for Plaintiff
12                                               APPLE INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

2    **I.    INTRODUCTION AND BACKGROUND**

3         Samsung's First Rule 30(b)(6) deposition notice—which spans 46 single-spaced pages,

4    sets forth 229 topics for examination, and includes more than 600 subparts—is plainly meant to

5    harass.  (Mazza Decl. Ex. A.)  Among Samsung's deposition topics:

6    •    "All communications" with certain broadly defined categories of persons
          on 15 topics which, subparts included, encompass 112 separate subject
7         areas.  (Topic Nos. 51, 66, 111, 123, 129, 144, 151, 158, 165, 172, 182,
8         184, 192, 198, and 205.)

9    •    "All software" relating to 157 separate features or subjects specified under
          17 topics.  (Topic Nos. 74, 110, 122, 128, 136, 139, 143, 149, 150, 157,
10        164, 171, 176, 190, 191, 197, and 204.)

11   •    Apple's iPhone, iPad, and iPod products—which constitute an enormous
          part of Apple's product line.  (Topic No. 55, which seeks testimony
12        regarding "The subject matter of the Apple Patents-In-Suit".)

13   •    The problem solved by all of the Apple Patents-In-Suit.  (No. 56)
14

15   •    Business plans, strategies, forecasts, studies, or reports related to Apple's
          iPhone, iPad, and iPod products.  (Topic No. 23.)

16   •    The involvement of Apple, or any officer, agent, employee, consultant,
17        staff member, or other representative of Apple, in the design of Hardware,
          Software, or architecture; or in conceiving, designing, developing,
18        engineering, manufacturing or testing any iPhone, iPad, or iPod Touch,
          and identification of every individual who participated in any such
19        involvement and a complete account of the role each such Person played
20        in the involvement.  (Topic Nos. 46–47.)

21        All totaled, the number of topics for examination exceeds 800.  A deposition

22   notice of this scope can serve no legitimate purpose.

23        Apple has attempted to confer with Samsung regarding its overly broad notice, but

24   without success.  When Apple received Samsung's Rule 30(b)(6) deposition notice on December

25   14, 2011, Apple responded with written objections flagging the notice's harassing and oppressive

26   nature.  (*Id.* Ex. B.)  Apple also observed that many of the noticed topics, whether combined or

27   individually, were so overbroad that Apple could not meaningfully prepare a witness to testify.

28   Apple further noted that many of the topics were cumulative of discovery that Samsung has

1  already obtained.  To try to resolve the issue, however, Apple offered to provide Rule 30(b)(6)

2  testimony on a narrowed set of topics, provided that Samsung agreed to provide reciprocal

3  30(b)(6) testimony on similar topics.  (*Id.*)

4     But Samsung rejected Apple's attempt at compromise and refused to withdraw its notice.

5  Samsung instead demanded that Apple provide dates for one or more witnesses to testify

6  regarding, for starters, 157 of the 229 topics listed in the 30(b)(6) notice.  (*Id*. Exs. C–D.)

7  Although the parties' lead trial counsel met and conferred in person about the notice on January 5,

8  2012, Apple's lead counsel was unable to convince Samsung of the overbreadth of its notice.

9  (McElhinny Decl. ¶¶ 4–5.)

10     Apple therefore requests a Protective Order relieving Apple of any obligation to

11  comply with the notice.  The notice, which would be improper in any case, is particularly

12  egregious here, where discovery is proceeding at a fast pace and the March 8, 2012

13  discovery cutoff looms.

14  **II.    ARGUMENT**

15     **A.    Applicable Legal Standard**

16     "A party seeking to preclude a Rule 30(b)(6) deposition may apply to the court for a

17  protective order under Federal Rule of Civil Procedure 26(c)(1)."  *Bowers v. Mortg. Elec.*

18  *Registration Sys., Inc*., No. 10-4141-JTM, 2011 WL 6013092, at *3 (D. Kan. Dec. 2, 2011).

19  Under Rule 26(c)(1), a district court may, for good cause, issue an order to protect a party from

20  annoyance, embarrassment, oppression, or undue burden or expense, including an order

21  "forbidding the disclosure or discovery."  Fed. R. Civ. P. 26(c)(1).  Moreover, under Rule

22  26(b)(2)(C), a court must grant a protective order if "the discovery sought is unreasonably

23  cumulative or duplicative, or can be obtained from some other source that is more convenient,

24  less burdensome, or less expensive."  *Id.*

25

26

27

28

**B.      Samsung's Rule 30(b)(6) Notice Is Improper on Its Face.**

**1.      Preparing Witnesses to Testify on 800+ Areas for Examination Would Subject Apple to an Undue Burden.**

As noted above, Samsung's notice includes more than 800 examination subjects.  Even if it were possible to prepare one or more witnesses to testify on this many subjects before the close of fact discovery, doing so would impose an immense burden on Apple.  Apple would likely be required to devote hundreds, if not thousands, of hours to preparing deponents on the myriad subjects.  Apple's counsel would need to spend substantial additional time working with the deponents to ensure that their preparation was adequate.  And, as discussed below, all this time and effort would result in little, if any, benefit to Samsung, given the impossibility of covering even a fraction of the listed topics within the remaining deposition time allotted to Samsung.

Courts have issued protective orders against Rule 30(b)(6) notices where, as here, the notices imposed undue burdens on the moving party, including orders relieving the moving party from any obligation to appear for the noticed deposition.  In *Bowers*, for example, a party moved for a protective order against a Rule 30(b)(6) notice that listed 22 topics, some with multiple subparts.  2011 WL 6013092, at *6.   The court ordered that the party did not need to comply with the notice, ruling that "the burden on [the party] of producing a representative to testify to the far-reaching 22 topics contained [in the notice] outweighs the likely benefit of the discovery sought." *Id*. at *7; *see also FDIC v. Wachovia Ins. Servs., Inc*., No. 05 CV 929(CFD), 2007 WL 2460685, at *4 (D. Conn. Aug. 27, 2007) (party did not need to appear for 30(b)(6) deposition where, among other grounds, burden of compliance with notice outweighed likely benefit to requesting party); *Stacy v. H&R Block Tax Servs., Inc*., No. 07-CV-13327, 2011 WL 807563, at *2 (E.D. Mich. Mar. 2, 2011) (relieving party of any obligation to comply with "overbroad" 30(b)(6) notice).  The 22 topics in *Bowers* are a far cry from the 229 topics with over 600 subparts noticed here, which amount to more than 800 examination subjects.

On similar facts, the court in *Acton v. Target Corp*. also imposed substantial restrictions on a party's enforcement of its Rule 30(b)(6) notice.  No. C08-1149RAJ, 2009 WL 5214419 (W.D. Wash. Dec. 22, 2009).  There, the party's "enormously overbroad" notice listed "96

separate topics of inquiry" which, when subtopics were taken into account, amounted to "well over 400 separate areas of inquiry." *Id.* at *1, 4. Although the court allowed the deposition to proceed, it required that it be completed within the 7-hour time frame set by Rule 30(d)(1). Observing that "it would be unreasonable to expect Target to be able to fully prepare one or more deponents to respond to every topic," the court explained that "it is unlikely [the noticing party] will have anyone to blame but himself" if it turned out that Target was "unprepared on one or more subjects." *Id.* at *4.

The reasoning in *Bowers* and *Acton* applies here. Like the notices at issue in these cases, Samsung's 30(b)(6) notice is vastly overbroad and seeks to impose burdens on Apple that far outweigh any benefit to Samsung. Under these circumstances, a protective order is not merely warranted, it is mandated. *See* Fed. R. Civ. P. 26(b)(2)(C).[1]

### 2. Numerous Topics Listed in the Notice are Inappropriate for Examination under Rule 30(b)(6).

Putting aside the sheer number of subjects included in the notice—which itself warrants a protective order against the notice in its entirety—many of the topics are inappropriate for discovery through a Rule 30(b)(6) deposition.

First, many topics are not described with the "reasonable particularity" required by Rule 30(b)(6). Instead, they are so overbroad that Apple "is unable to identify the outer limits of the areas of inquiry noticed, and designating a representative in compliance with the deposition notice becomes impossible." *Lipari v. U.S. Bancorp., N.A.*, No. 07-2146-CM-DJW, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008). For example:

- 15 topics seek testimony concerning "all communications" with certain broad categories of persons on 112 separate subjects. (*See* Mazza Decl.

---

[1] Illustrating one approach to implementing these principles, Judge Alsup's standing orders limit parties to 10 30(b)(6) topics for the entire case. (Supp. Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup ¶ 23.) Judge Alsup's order notes that, in some cases, counsel "routinely appear to notice Rule 30(b)(6) depositions on numerous and wide-ranging topics, including even the basis for 'contentions' made by adverse parties." It goes on to hold that "[i]f a notice includes an overbroad topic, the overbroad topic shall be unenforceable and may not be later replaced with a proper topic. (*Id.*)

Ex. A (topics 51, 66, 111, 123, 129, 144, 151, 158, 165, 172, 182, 184, 192, 198, and 205)).

- 17 other topics seek testimony concerning "all software" relating to 157 separate features or subjects.  (*Id.* (topics 74, 110, 122, 128, 136, 139, 143, 149, 150, 157, 164, 171, 176, 190, 191, 197, 204).)

- Still other topics seek testimony on every facet of *entire product lines* sold by Apple.  (*Id.* (topic 55, which seeks testimony on "[t]he subject matter of the Apple patents-in-suit" and could be construed to cover everything relating to Apple's iPhone, iPad, and iPod products).)

- Still other topics seek testimony on Apple's accounting procedures, without restriction to any product or market.  (*Id.* topic 27).)

Preparing representatives to meaningfully testify on such broad, open-ended topics would impose an undue burden on Apple and warrant a protective order.  *See, e.g., Phoenix Life Ins. Co. v. Raider-Dennis Agency, Inc.*, No. 08-cv-11562, 2010 WL 4901181, at *3 (E.D. Mich. Nov. 24, 2010) (striking topic seeking testimony concerning "all communications" on specified subject from 30(b)(6) notice).

Second, numerous topics seek information that should be the subject of interrogatories, not deposition questioning.  For example, topics 40-44, 60, 67, 74, 125, 131, 146, 217, and 218 seek facts supporting certain legal theories advanced by Apple in this litigation.  (Mazza Decl. Ex. A.)  These are contention interrogatories disguised as deposition topics.  Courts routinely hold that such topics "seek legal conclusions that should not be the basis for 30(b)(6) deposition topics."  *3M Co. v. Kanbar, MK Enters., Inc.*, No. C06-01225 JQ (HRL), 2007 WL 1794936, at *2 (N.D. Cal. June 19, 2007) (granting protective order as to deposition notice in patent action); *see also Lenz v. Universal Music Corp.*, No. C 07-03783 JF (PVT), 2010 U.S. Dist. LEXIS 47873, at *7 (N.D. Cal. Apr. 20, 2010) (factual basis of legal position in patent action is "an improper topic for a Rule 30(b)(6) deposition"); *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 288 (N.D. Cal. 1991) (requiring parties to "pursue the bases for the other's contentions" through contention interrogatories, rather than 30(b)(6) depositions).

Many other topics seek facts or data that could be provided with far greater efficiency through interrogatories.  (Mazza Decl. Ex. A (topics 4, 17, 24, 26, 28-31, 35, 37, 45, 49, 65, 68,

70, 72, 73, 75-86, 114, 115, 117, 118, 226-228).)  For example, topic 4 seeks identification of "all subsidiaries, parent companies, sister companies, affiliates, entities in which Apple owns an equity interest, and/or entities that own an equity interest in Apple."  Topics 28 and 31 seek the amount of sales and revenue from each Apple accused product.  Topic 37 seeks identification of all products with which Apple's accused products compete.  Topic 45 seeks the model, code, and brand names of Apple's accused products.  All of this information can be easily obtained through interrogatories, with absolutely no prejudice to Samsung.  Fed. R. Civ. P. 26(b)(2)(C) (court intervention required where discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive").[2]

Third, many of the deposition topics noticed by Samsung appear to be document requests. (Mazza Decl. Ex. A (topics 3, 87, 90, 94, 103, 123, 124, 130).)  As such, they do not describe the proposed areas of examination with the "reasonable particularity" required by Rule 30(b)(6).  It is unclear, for example, if Samsung intends to inquire as to the drafting history of the documents, the identification of any custodians of the documents, or some other aspect of the documents, or whether Samsung merely expects that the 30(b)(6) deponent will bring copies of the documents.

### 3.   Samsung has Already Obtained Much of the Information Sought.

The egregiousness of Samsung's notice is underscored by the fact that many of the noticed subjects are cumulative of discovery that Samsung has *already* obtained.  Samsung would reap only slight benefits, if any, from any Rule 30(b)(6) examination on those subjects.

For example, 29 noticed topics cover the "baseband processors" incorporated into the accused Apple devices.  Two of those topics separately seek identification of the baseband processors incorporated into the accused products, and another 6 seek identification of the software used to operate the baseband processors.  (Mazza Decl. Ex. A (topics 73, 81-94, 96-101, 103-105, 107, 115, 116, 118, 119).)  But Apple has already provided this information in interrogatory responses.  (Mazza Decl. ¶ 6.)

---

[2] Judge Koh has limited each side to 80 interrogatories.  (Dkt. No. 187.)  Samsung would be able to effectively circumvent that limit if it is allowed to examine Apple's representatives on subjects that should be covered through interrogatories.

1   **C.   The Notice Is Calculated to Harass and Oppress.**

2          A protective order is warranted on the independent ground that Samsung's 30(b)(6) notice

3   is intended to harass Apple and cause it to waste litigation resources.  Fed. R. Civ. P. 26(c)(1)

4   (protective order should be issued to prevent oppression and annoyance of party).  Judge Koh has

5   imposed a 250-hour total time limit for each party's depositions.  (Dkt. No. 187 at 1.)  Samsung

6   has already used more than 105 hours of its allotted time, leaving less than 145 hours for its

7   remaining depositions.  (Mazza Decl. ¶ 7.)  Samsung cannot possibly expect to cover even a

8   majority of the more than 800 subjects listed in the notice in its remaining time.  Moreover,

9   Samsung has noticed depositions of 49 other Apple witnesses, making the disparity between

10  Samsung's available examination time and the breadth of its notice even more glaring.

11         Samsung knows that it cannot cover more than a small fraction of the topics listed in its

12  notice.  But the notice is not aimed at obtaining facts relevant to its case—as discussed above,

13  many of the noticed topics can be (or have already been) effectively and efficiently covered

14  through interrogatories.  Rather, it is clear that Samsung's objective is to force Apple to spend

15  hundreds of hours preparing perhaps dozens of witnesses to testify on numerous topics which

16  Samsung has no intention of covering.  The Court should not tolerate such gamesmanship.

17  **III.   CONCLUSION**

18         Samsung's 46-page, 229-topic 30(b)(6) Notice is harassing and oppressive on its face.

19  Apple therefore asks that it be relieved of any obligation to respond to or comply with the notice.

20  Dated: January 10, 2012                    MORRISON & FOERSTER LLP

21

22                                             By:   */s/ Michael A. Jacobs*

23                                                   MICHAEL A. JACOBS

24                                             Attorneys for Plaintiff
                                               APPLE INC.
25

26

27

28