| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>JENNIFER LEE TAYLOR (CA SBN 161368)<br>jtaylor@mofo.com<br>ALISON M. TUCHER (CA SBN 171363)<br>atucher@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>JASON R. BARTLETT (CA SBN 214530)<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company.,<br><br>　　　　　　Defendants. | Case No.　　11-cv-01846-LHK (PSG)<br><br>**APPLE'S MOTION FOR ENTRY OF PROTECTIVE ORDER REGARDING DISCLOSURE AND USE OF DISCOVERY MATERIALS**<br><br>Date:　　January 18, 2012<br>Time:　　2:00 p.m.<br>Place:　　Courtroom 5, 4th Floor<br>Judge:　　Hon. Paul S. Grewal |

## NOTICE OF MOTION AND MOTION

TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Apple hereby moves the Court, pursuant to Federal Rule of Civil Procedure 26(c)(1)(G), for entry of a Protective Order Regarding Disclosure and Use of Discovery Materials produced by the parties in this litigation.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting Declarations of Samuel J. Maselli, Harold J. McElhinny, and Mia Mazza, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

Dated: January 10, 2012            MORRISON & FOERSTER LLP

                                   By:   */s/ Michael A. Jacobs*
                                         MICHAEL A. JACOBS

                                   Attorneys for Plaintiff
                                   APPLE INC.

## RELIEF REQUESTED

Apple requests that the Court enter Apple's proposed Protective Order Regarding Disclosure and Use of Discovery Materials, attached as Exhibit A to the Declaration of Samuel J. Maselli filed in support of this Motion.

## STATEMENT OF ISSUE TO BE DECIDED

Whether the Protective Order Regarding Disclosure and Use of Discovery Materials in this case should place reasonable restrictions on each party's ability to disclose sensitive, proprietary information to its outside experts.

## APPLE'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 26(c)(1)

Apple hereby certifies that it has in good faith conferred with Samsung in an effort to resolve the issue described immediately above without Court action. Apple's efforts to resolve

APPLE'S MOT. FOR ENTRY OF PROTECTIVE ORD. RE DISCLOSURE AND USE OF DISCOVERY MATERIALS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3091515

1

this discovery dispute without court intervention are described in the Declaration of Harold McElhinny, submitted herewith.

Dated: January 10, 2012   MORRISON & FOERSTER LLP

By: */s/ Michael A. Jacobs*
Michael A. Jacobs

Attorneys for Plaintiff
APPLE INC.

APPLE'S MOT. FOR ENTRY OF PROTECTIVE ORD. RE DISCLOSURE AND USE OF DISCOVERY MATERIALS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3091515

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The parties worked for several months on a stipulated protective order to govern this case. On December 20, 2011, the parties appeared to have reached agreement on such an order – one with a single confidentiality tier ("Confidential – Attorney's Eyes Only" ("Confidential – AEO")). Two days later, Apple's counsel sent the final order to Samsung's counsel for approval before filing. (*See* Decl. of Samuel J. Maselli in Supp. of Mot. for Entry of Protective Order ("Maselli Decl.") Ex. A; *see also* Ex. B.)

Just days later, however, Samsung abruptly reneged on this agreement. Samsung proposed new amendments to create two confidentiality tiers: (i) a "Confidential" tier that can be shown to *any* expert who has signed the undertaking—even if that expert has not been disclosed to the opposing party, and even if the other party has valid, unresolved objections to that expert; and (ii) the existing "Confidential – AEO" tier, which requires that the expert be disclosed to the opposing party and that any objections be resolved before access. (Maselli Decl. Ex. D.)

Samsung's sudden change of heart was no accident. It was occasioned by this Court's December 22, 2011 ruling on Samsung's motion to permit its expert Itay Sherman to review Apple's design materials. In its Order, the Court granted Samsung's request as to three categories of documents. But the Court denied Samsung's request as to a fourth category—"Apple's presentations and other internal documents showing that design features are functional." (Dkt. No. 535 at 4 ("Sherman Order").)

Samsung's new proposal is a transparent attempt to avoid the Court's Sherman Order. Indeed, Samsung has admitted as much in correspondence. It stated that it would be willing to agree that experts receiving "Confidential" or "Confidential – AEO" materials be disclosed to the other side—but *if and only if* Mr. Sherman is excluded from this requirement:

> [Samsung] will agree to the confidential tier with the "edit" you describe in your letter ***if you will agree that Itay Sherman may see any design-related items that are designated "Confidential."***

APPLE'S MOT. FOR ENTRY OF PROTECTIVE ORD. RE DISCLOSURE AND USE OF DISCOVERY MATERIALS  
CASE NO. 11-CV-01846-LHK (PSG)  
sf-3091515

3

(The Declaration of Mia Mazza in Support of Motion for Entry of Protective Order ("Mazza") Decl. Ex. A (emphasis added).)

There is simply no reason to create a separate confidentiality tier to allow Samsung to make an end-run around the Court's Sherman Order. In view of the virtually identical nature of Samsung's two proposed tiers, only one confidentiality tier is necessary. Moreover, the parties have already produced an enormous quantity of documents under the Confidential—AEO designation. De-designating (or debating the de-designation) of these materials would waste precious time before the March 8, 2012 discovery close. Apple therefore asks that the Court enter the version of the protective order to which the parties previously agreed.

## II.     FACTUAL BACKGROUND

***The Originally Agreed Protective Order.***  This case currently is governed by the Northern District of California's Patent Local Rule 2-2 Interim Model Protective Order. After months of negotiation, the parties agreed upon a substitute single-tier protective order. The stipulated order contemplated only a single confidentiality designation—"Confidential – Attorneys' Eyes Only"— for simplicity.[1]  (Maselli Decl. Ex. A.)  Specifically, the agreed protective order allows the parties to stamp documents with a "Confidential – AEO" designation when:

> [the document] contains or reflects information that is ***confidential and/or proprietary, trade secret, and/or commercially sensitive***," and "at least the following information, if non-public, shall be presumed to merit the 'Confidential—Attorneys' Eyes Only' designation: ***trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, cost information, licensing of the Producing Party's intellectual property, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity***.

(*Id.* at. 9 (emphasis added).)

---

[1] The protective order also creates a separate designation for confidential source code— "Confidential – Attorneys' Eyes Only – Source Code"—which is not at issue in this motion.

1    This single confidentiality tier regime is consistent with the parties' designations since the
2    start of discovery. To date, virtually all documents that are confidential have been stamped with
3    the "Confidential – AEO" designation to expedite their production. Both parties have produced
4    hundreds of thousands of pages of materials with this designation. (Mazza Decl. ¶ 3.)

5    As originally agreed, the protective order places reasonable restrictions on each party's
6    ability to disclose that information to its outside experts. Specifically, an expert may not access
7    "Confidential – AEO" materials unless his or her identity, resume, current employer, and various
8    other information are disclosed to the producing party, and the producing party is provided an
9    opportunity to object to the expert's review of the "Confidential – AEO" material. (Maselli Decl.
10   Ex. A at 12.)

11   ***Samsung's New Proposal After the Court's December 22nd Order.*** After three months
12   of negotiations, the parties reached agreement on this protective order on December 21, 2011.
13   (Maselli Decl. ¶ 3 & Exs. B–C.) The very next day, the parties prepared to submit the stipulated
14   Protective Order to the Court. (Maselli Decl. ¶ 3 & Ex. B.)

15   Later that afternoon, however, this Court issued an Order regarding one of Samsung's
16   experts, Itay Sherman, who is the CEO of an Apple competitor. (Dkt. No. 535.) In the Sherman
17   Order, the Court determined that Samsung should not be able to show certain "Apple's
18   presentations and other internal documents showing that design features are functional" to Mr.
19   Sherman. These materials undisputedly merit (and have already been stamped with) the
20   "Confidential – AEO" designation.

21   The Court's order caused Samsung to reconsider its agreement to the protective order. On
22   December 27, 2011, Samsung wrote to Apple to say that unidentified "recent events" had caused
23   Samsung to reconsider the agreed-upon protective order. (Maselli Decl. Ex. D.) In its new
24   proposal, Samsung requested an additional "Confidential" tier for documents "contain[ing] or
25   reflect[ing] information that qualifies for protection under Federal Rule of Civil Procedure

26(c)."[2] (*Id.* at 9–10.) Samsung asserted that this additional tier was "absolutely necessary," but did not explain its position. (Maselli Decl. Ex. D.) Noticeably absent from Samsung's December 27th e-mail was any mention of Mr. Sherman or experts. (Maselli Decl. Ex. D.)

Samsung's new proposed revisions did not change the definition of the existing "Confidential – AEO" tier. The net effect is that Samsung's two proposed tiers are largely coextensive. Among other things, both encompass "trade secrets," confidential documents relating to research and development, and commercial information. (*Compare* Maselli Decl. Ex. D at 9–10 *with Id*. at 11-13.) Confusingly, documents stamped with either designation (whether "Confidential" or "Confidential – AEO") cannot be shown to employees or in-house counsel of the receiving party.

A careful examination of Samsung's proposed edits reveals their true purpose. Via its creation of a new confidentiality designation, Samsung hoped to allow Mr. Sherman access to materials falling within the new "Confidential" category. (Maselli Decl. Ex. D at 9–10.) Samsung's proposal therefore was an attempt to make an end-run around the Court's Sherman Order. Samsung confirmed this fact on January 8, 2012, when it offered to accept what was essentially the parties' previously agreed protective order—*if and only if* Mr. Sherman could access materials falling within the "Confidential" category. (Mazza Decl. Ex. A.)

There is simply no reason for Mr. Sherman, the CEO of an Apple competitor, to be allowed to access Apple's highly-sensitive information. This is especially true as the Court has *already* determined that he is not entitled access to this information. Apple therefore asks the Court to enter the version of the proposed order to which the parties had previously agreed, before the Court issued the Sherman Order.

---

[2] Rule 26(c)(G) provides that the Court may issue an order "requiring that a ***trade secret or other confidential research, development, or commercial information*** not be revealed or be revealed only in a specified way." (Emphasis added).

## III. ARGUMENT

### A. The Parties Have Produced Virtually All of Their Confidential Materials using a Single Tier, Which Is All that Is Necessary.

"To protect a party from annoyance, embarrassment, oppression, or undue burden or expense," a court may enter a protective order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c)(1). In resolving protective order disputes such as this one, a court must balance the risk of inadvertent disclosure of confidential information to competitors against the risk that protection of such information could impair a plaintiff's pursuit of its claims in litigation. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1479 (9th Cir. 1992).

Apple's (and the parties' originally agreed-upon) proposed protective order does just that. By its terms, an expert may not have access to "Confidential – AEO" material unless his or her identity, resume, current employer, and various other information is disclosed to the producing party, and the producing party is provided an opportunity to object to the expert's review of the material. (Maselli Decl. Ex. A at 9–11.) If an objection is raised with respect to a particular expert, the parties can agree to appropriate restrictions governing the disclosure of confidential information to that expert or, if an impasse is reached, can seek Court intervention. (*Id.* at 9–11.)

Both parties have produced hundreds of thousands of pages of highly sensitive documents under a single designation—the "Confidential – AEO" tier. (Mazza Decl. ¶ 3.) For Apple, this includes some of the most sensitive materials in its possession, such as business plans,[3] sales and financial information,[4] and information regarding Apple's product features and designs. (*Id.*)

---

[3] Strategic plans, pricing studies, and sales performance data have been recognized as warranting special protection. In *Platinum Air Charters v. Aviation Ventures, Inc.*, the Court found that defendant Vision's pricing information was entitled to protection because disclosure to competitors would disadvantage Vision in the marketplace. No. 05-cv-01451-RCJ-LRL, 2007 U.S. Dist. LEXIS 2298, at *12-13 (D. Nev. Jan. 10, 2007) ("pricing of air tours is a critical component of success or failure in the tour industry"). Disclosure to competitors is presumed to be more harmful than to non-competitors. *American Standard, Inc. v. Pfizer, Inc. et al.*, 828 F.2d 734, 741 (Fed. Cir. 1987).

[4] Private financial information—including financial data, records, reports and tax returns—is routinely subject to heightened protection under protective orders. *San Francisco Bay Area Rapid Transit Dist. v. Spencer*, No. C-04-04632 SI, 2006 U.S. Dist. LEXIS 81681, at *2-5

(Footnote continues on next page.)

Apple views this information as crucial to its success in the marketplace. Indeed, it maintains some of this information (*e.g.,* its design-related documents) with security measures that are as high as or even higher than those that it uses to guard its source code. (*Id.*)

### B. Any Expert Accessing Confidential Information Should Be Disclosed to the Producing Party.

The expert-disclosure provisions of the originally agreed protective order are necessary to provide each party with a reasonable opportunity to object before such sensitive, commercial information is shown to potential competitors. This requirement should be true for *all* confidential documents prior to access by potential competitors, such as Mr. Sherman.

Mr. Sherman's background illustrates the importance of such a requirement. As Apple explained in its opposition to Samsung's prior motion with respect to Mr. Sherman, he:

(1) is the owner and CEO of DoubleTouch, Ltd., a company that is developing touch screen technology designed to compete with Apple's touch screen technology;

(2) is a named inventor on numerous pending patent applications claiming multi-touch technology; and

(3) has ongoing consulting relationships with companies that design technologies and products that have been, or may be, offered to handset manufacturers that are Apple's competitors.

(Mazza Decl. ¶ 2.)

Even though Mr. Sherman may not intend to disclose confidential information, it may be impossible for him to "lock up trade secrets in [his] mind." *Brown Bag*, 960 F.2d at 1471; *Intel Corp. v. VIA Techs.*, 198 F.R.D. 525, 528 (N.D. Cal. 2000). "It is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so." *BASF Corp. v. U.S.*, 321 F. Supp. 2d 1373, 1380 (Ct.

---

(Footnote continued from previous page.)

(N.D. Cal. Oct. 23, 2006) (holding that tax returns and financial records are subject to heightened protection); *Bradley Trust v. Zenith Capital LLC*, No. C-04-2239 JSW (EMC), 2006 U.S. Dist. LEXIS 21671, at *5-6 (N.D. Cal. Mar. 24, 2006) (Court imposed protective order on private financial records because they are not public. "Private financial records are normally entitled to privacy protections.").

Int'l Trade Mar. 23, 2004). And once experts like Mr. Sherman are granted access to Apple's sensitive confidential materials, this information would unavoidably become a part of their general knowledge and could be used to the advantage of Apple's competitors. No amount of drafting could "un-ring" this bell. *See Intel Corp. v. VIA Techs.*, 198 F.R.D. 525, 528 (N.D. Cal. 2000) ("An unacceptable risk of disclosure that cannot be adequately mitigated by a protective order is a factor in limiting access to confidential information").

### C. There Is No Reason to Create a Second Confidentiality Tier, Just So that Samsung Can Show Documents to Mr. Sherman.

Samsung's proposal to add a new "Confidential" tier of documents is inappropriate for several reasons. First, as discussed above, this proposition is little more than a thinly-veiled attempt to circumvent the Sherman Order and to permit Samsung to disclose Apple's confidential information to its experts that have *not* been identified to Apple.

Second, were the Court to agree to Samsung's proposed "Confidential" tier, Samsung would undoubtedly request the immediate re-designation of documents that have already been produced under the existing "Confidential – AEO" designation. But the March 8, 2012 fact discovery close is less than two months away, and the parties have produced almost all (if not all) of their documents with that designation. Forcing Apple or Samsung to debate the designations of potentially thousands of documents *now*, rather than focusing on their production obligations, would be inefficient and counter-productive at this late stage.

Third, even if Samsung's proposal were not designed to undermine this Court's Sherman Order, it still is impractical and unworkable. There is conceptually no difference between what Samsung describes as "Confidential" and "Confidential – AEO." Not only are certain categories of both document types repeated verbatim in their descriptions (*e.g.*, "trade secrets"), both cover documents that cannot be shown to party employees or in-house counsel (i.e., "AEO"). Except for the expert disclosure requirement, the only apparent distinction is mock juror access.

## IV. CONCLUSION

The Court has already ruled on the Sherman motion, and Samsung should not be permitted to revisit that ruling via late amendments to a previously agreed-upon protective order. Apple therefore urges the Court to enter the stipulated protective order to which the parties agreed on December 21, 2011, before the Court issued the Sherman Order.

Dated: January 10, 2012                    MORRISON & FOERSTER LLP


By:   */s/ Michael A. Jacobs*
      MICHAEL A. JACOBS

      Attorneys for Plaintiff
      APPLE INC.

APPLE'S MOT. FOR ENTRY OF PROTECTIVE ORD. RE DISCLOSURE AND USE OF DISCOVERY MATERIALS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3091515

10