# Exhibit A

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

APPLE INC., a California corporation,

      Plaintiffs,

      vs.

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

      Defendants.

Civil Action No. 11-CV-01846-LHK

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC.**

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-1846 (LHK)

1

SAMSUNG ELECTRONICS CO., LTD., a
Korean business entity, SAMSUNG
ELECTRONICS AMERICA, INC., a New
York corporation, and SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company, a
California corporation,

                Counterclaim-Plaintiff,

      v.

APPLE INC., a California corporation,

            Counterclaim-Defendants.

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S THIRD SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 53-155)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff and

Counterclaim-Defendant Apple Inc. ("Apple") hereby requests that Defendants Samsung

Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications

America, LLC (collectively, "Samsung") produce documents and things responsive to the

following requests (the "Requests") at the office of Wilmer Cutler Pickering Hale and Dorr LLP,

950 Page Mill Road, Palo Alto, California, 94304 within thirty (30) days of service of these

requests.

## DEFINITIONS

The words and phrases used in these Requests shall have the meanings ascribed to them

under the Federal Rules of Civil Procedure and the Local Rules of the United States District

Court for the Northern District of California.  In addition, the following terms shall have the

meanings set forth below whenever used in any Request:

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

2

1.    "Samsung," "You," "Your," and/or Defendants mean Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Defendants, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

2.    "Apple" means Apple Inc. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

3.    "Qualcomm" means Qualcomm Inc. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

4.    "Intel" means Intel Corp. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

5.    "Samsung Patents-In-Suit" shall mean United States Patent Nos. 6,928,604, 7,050,410, 7,069,055, 7,079,871, 7,200,792, 7,362,867, 7,386,001, 7,447,516, 7,456,893, 7,577,460, 7,675,941, and 7,698,711, individually and collectively, and all foreign counterparts thereof.

6.    "The '604 Patent" shall mean U.S. Patent No. 6,928,604, issued on August 9, 2005 and entitled "Turbo Encoding/Decoding Device and Method for Processing Frame Data According to QOS."

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

3

7.      "The '410 Patent" shall mean U.S. Patent No. 7,050,410, issued on May 23, 2006 and entitled "Apparatus and Method for Controlling a Demultiplexer and a Multiplexer Used for Rate Matching in a Mobile Communication System."

8.      "The '055 Patent" shall mean U.S. Patent No. 7,069,055, issued June 27, 2006 and entitled "Mobile Telephone Capable of Displaying World Time and Method for Controlling the Same."

9.      "The '871 Patent" shall mean U.S. Patent No. 7,079,871, issued on July 18, 2006 and entitled "Portable Telephone and Method of Displaying Data Thereof."

10.     "The '792 Patent" shall mean U.S. Patent No. 7,200,792, issued on April 3, 2007 and entitled "Interleaving Apparatus and Method for Symbol Mapping in an HSDPA Mobile Communication System."

11.     "The '867 Patent" shall mean U.S. Patent No. 7,362,867, issued on April 22, 2008 and entitled "Apparatus and Method for Generating Scrambling Code in UMTS Mobile Communication System."

12.     "The '001 Patent" shall mean U.S. Patent No. 7,386,001, issued on June 10, 2008 and entitled "Apparatus and Method for Channel Coding and Multiplexing in CDMA Communication System."

13.     "The '516 Patent" shall mean U.S. Patent No. 7,447,516, issued on November 4, 2008 and entitled "Method and Apparatus for Data Transmission in a Mobile Telecommunication System Supporting Enhanced Uplink Service."

14.     "The '893 Patent" shall mean U.S. Patent No. 7,456,893, issued on November 25, 2008 and entitled "Method of Controlling Digital Image Processing Apparatus for Efficient Reproduction and Digital Image Processing Apparatus Using the Method."

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

4

15.     "The '460 Patent" shall mean U.S. Patent No. 7,577,460, issued on August 18, 2009 and entitled "Portable Composite Communication Terminal for Transmitting/Receiving and Images, and Operation Method and Communication System Thereof."

16.     "The '941 Patent" shall mean U.S. Patent No. 7,675,941, issued on April 13, 2010 and entitled "Method and Apparatus for Transmitting/Receiving Packet Data Using Pre-Defined Length Indicator in a Mobile Communication System."

17.     "The '711 Patent" shall mean U.S. Patent No. 7,698,711, issued on March 9, 2010 and entitled "Multi-Tasking Apparatus and Method in Portable Terminal."

18.     "Samsung Named Inventors" shall mean the persons named as inventors on any of the Samsung Patents-in-Suit: Youn-Hyoung Heo; Ju-Ho Lee; Joon-Young Cho; Young-Bum Kim; Yong-Jun Kwak; Soeng-Hun Kim; Gert-Jan Van Lieshout; Himke Van Der Velde; Jae-Yoel Kim; Hee-Won Kang;Hun-Kee Kim; Gin-Kyn Choi; Jae-Seung Yoon; Noh-Sun Kim; Jun-Sung Lee; Yong-Suk Moon; Hye-Young Lee; Se-Hyoung Kim; Min-Goo Kim; Beong-Jo Kim; Soon-Jae Choi; Chang-Soo Park; Joong-Ho Jeong; Hyeon-Woo Lee; Beong-Jo Kim; Se-Hyong Kim; Min-Goo Kim; Soon-Jae Choi; Young-Hwan Lee; Pyung-soo Kim; Hyuk-soo Son; Sung-ho Eun; Jae-Min Kim; Jeong-Seok Oh; Sang-Ryul Park; and Moon-Sang Jeong.

19.     "Product" means a machine, manufacture, apparatus, device, instrument, mechanism, appliance, or an assemblage of components/parts (either individually or collectively) that are designed to function together electronically, mechanically, chemically, or otherwise, including any offered for sale or under development.

20.     "Software" shall mean and include all forms of code including, but not limited to, source code, object code, firmware, compiled code, byte code, interpreted code, any form of code stored in any storage medium (for example, ROM or Flash RAM chips) on any product, or

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

5

code transmitted to products.  Software further includes files written in any programming language, including, but not limited to, "C", "C++", assembler, VHDL, Verilog, digital signal processor ("DSP") programming language, "make" files, "include" files, script files, link files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, microcontroller, and/or DSP.

21.     "Mobile Wireless Telecommunications Device(s)" shall mean any device capable of transmitting and receiving cellular telephonic communications.

22.     "Accused Apple Product" shall mean any Product made or marketed by or on behalf of Apple that, when made, used, offered for sale, sold, imported, or otherwise practiced in the United States (either by itself or in combination with other devices, methods) by or on behalf of Apple or any user, allegedly constitutes, practices, incorporates, or embodies a device, or method claimed in one or more of the Samsung Patents-in-Suit.  This definition includes without limitation any Apple Product that is accused of directly or indirectly infringing one or more of the Samsung Patents-in-Suit, including the iPhone, iPhone 3G, iPhone 3GS and iPhone 4.

23.     "Samsung Covered Product" shall mean any Product sold or offered for sale at any time by Samsung that Samsung contends practices any of the Samsung Patents-In-Suit.

24.     "3GPP" shall mean Third Generation Partnership Project.

25.     "ARIB" shall mean Association of Radio Industries and Businesses.

26.     "ETSI" shall mean the European Telecommunications Standards Institute.

27.     "Standards Setting Organization" or "SSO" shall mean an organization that adopts standards governing an industry or technological field, and includes without limitation 3GPP, ARIB, and ETSI.

28.     "IPR" shall mean intellectual property rights, and includes patent rights.

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

6

29.     "Defined Wireless Standards" includes all standards to which Samsung claims or has claimed that its patents are essential, including but not limited to the UMTS standard and any standard that is backwards compatible thereto, including but not limited to Global System for Mobile communications ("GSM"), Enhanced Data Rates for GSM Evolution ("EDGE"), and GSM Packet Radio Services ("GPRS").

30.     "Essential" shall mean necessary for implementation of any mobile wireless standard, such that the standard, or some part of the standard, could not be practiced without infringing the patent or technology to which "essential" refers.

31.     "Samsung's Alleged Essential Technology" shall mean Samsung technology, IPR, patents, patent applications, or patent rights that Samsung has: (1) identified or declared to an SSO as actually or potentially essential to implement a Defined Wireless Standard; (2) identified or asserted to any actual or prospective licensee as actually or potentially essential to implement a Defined Wireless Standard; or (3) otherwise identified, in internal or external discussions, as actually or potentially essential to implement a Defined Wireless Standard.

32.     "FRAND" in relation to licensing or license terms means "fair, reasonable, and non-discriminatory terms and conditions" as those terms are used in the ETSI Intellectual Rights Policy contained in Annex 6 of the ETSI Rules of Procedure.

33.     "Litigation" means the above-referenced action, 11-cv-01846 (LHK) in the United States District Court for the Northern District of California.

34.     "Answer" shall mean Samsung's Answer and Counterclaims to Apple's Amended Complaint, filed June 30, 2011, in the above-referenced action.

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

7

35.     "Counterclaims" shall mean the Counterclaims set forth in Apple's Answer, Defenses and Counterclaims in Reply to Samsung's Counterclaims, filed July 21, 2011, in the above-referenced action.

36.     "Person(s)" means natural persons as well as business entities and associations of all sorts, including partnerships, companies, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations.

37.     "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26 and 34 and the relevant case law, and the broadest meaning consistent with the terms "writings" or "recordings" as set forth in Rule 1001 of the Federal Rules of Evidence, and specifically and without limitation include tangible things and electronically stored information, including e-mail and information stored on computer disk or other electronic, magnetic, or optical data storage medium.  "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

38.     "Communication(s)" means the transmittal of information in the form of facts, ideas, inquiries, and any exchange or transfer of information whether written, oral, electronic, or in any form.

39.     "Tangible Thing(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law.

40.     "Entity" or "Entities" means, including without limitation, corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

41.     "Third Party" or "Third Parties" means all persons who are not parties to this Litigation, as well as their officers, directors, employees, agents and attorneys.

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

42.     "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

43.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

44.     The use of the singular form of any word includes the plural and vice versa.

45.     The singular is to be construed as including the plural and vice versa.  "And" as well as "or" are to be construed either disjunctively or conjunctively to acquire the broadest meaning possible, so as to bring within the scope of the Request all information that might otherwise be construed to be outside its scope.  The term "all" is to be construed to mean "any" and "each" and vice versa.

46.     "Including" shall be construed to mean "including, without limitation" or "including, but not limited to."

## INSTRUCTIONS

1.     Each document is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction, and as maintained in the ordinary course of business.

2.     If Samsung withholds any documents on a claim of privilege, provide a statement of the claim of privilege and all facts relied upon in support of that claim as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

3.     Documents responsive to each Request must be produced in full and subject to any Request being narrowed by the parties' meeting and conferring regarding your

1    corresponding requests to Plaintiff, if applicable.

2

3                              **REQUESTS FOR PRODUCTION**

4    **REQUEST NO. 53**

5        All non-identical complete certified copies of prosecution histories of each of the

6    Samsung Patents-In-Suit.

7

8    **REQUEST NO. 54**

9        All foreign counterparts to the Samsung Patents-in-Suit.

10   **REQUEST NO. 55**

11       The file history for each foreign counterpart to the Samsung Patents-in-Suit.

12   **REQUEST NO. 56**

13

14       All patents or patent applications to which the Samsung Patents-in-Suit claim priority.

15   **REQUEST NO. 57**

16       All file histories of all patents or patent applications to which the Samsung Patents-in-

17   Suit claim priority.

18   **REQUEST NO. 58**

19

20       All reference and prior art cited during the prosecution of all patents or patent

21   applications to which the Samsung Patents-in-Suit claim priority.

22   **REQUEST NO. 59**

23       All licenses to the Samsung Patents-in-Suit or any foreign counterparts thereto, including

24   without limitation any such licenses held by Qualcomm or Intel.

25   **REQUEST NO. 60**

26

27       All documents sufficient to identify and describe Samsung's past and present procedures

28   and policies relating to document retention or document destruction, including without limitation

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

1   documents constituting any Samsung policies, formal or informal, relating to document retention

2   or document destruction.

3   **REQUEST NO. 61**

4
5       All documents considered or relied upon in the preparation of any document filed by

6   Samsung in this Litigation, including without limitation Samsung's Answer.

7   **REQUEST NO. 62**

8       All documents that Samsung intends to rely upon to support any claim made in this

9   Litigation, including without limitation the claims, allegations, and statements made in

10  Samsung's Answer.

11  **REQUEST NO. 63**

12
13      All organizational charts and other documents sufficient to show the reporting

14  relationships of the Samsung Named Inventors.

15  **REQUEST NO. 64**

16      All documents relating to the conception of the subject matter of each claim of the

17  Samsung Patents-In-Suit, including without limitation any engineering notebooks, laboratory

18  notebooks, memoranda, design reviews, progress reports, technical reports, drawings,

19
20  schematics, specifications, diagrams, data sheets, electronically stored information, diaries,

21  calendars, test results, invention disclosures, patent prosecution records, or any other documents

22  that Samsung contends corroborate the conception of any claim of any of the Samsung Patents-

23  in-Suit.

24  **REQUEST NO. 65**

25
26      All documents relating to any purported reduction to practice of the subject matter of

27  each claim of the Samsung Patents-In-Suit, including without limitation any engineering

28

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
11                      Case No. 11-cv-01846 (LHK)

notebooks, laboratory notebooks, memoranda, design reviews, progress reports, technical reports, drawings, schematics, specifications, diagrams, data sheets, electronically stored information, diaries, calendars, test results, invention disclosures, patent prosecution records, or any other documents that Samsung contends corroborate the reduction to practice of any claim of any of the Samsung Patents-in-Suit.

**REQUEST NO. 66**

All documents relating to any purported act of diligence leading to the reduction to practice of the subject matter of each claim of the Samsung Patents-In-Suit, including without limitation any engineering notebooks, laboratory notebooks, memoranda, design reviews, progress reports, technical reports, drawings, data sheets, schematics, specifications, diagrams, electronically stored information, diaries, calendars, test results, invention disclosures, patent prosecution records, or any other documents that Samsung contends corroborate any act of diligence leading to the reduction to practice of any claim of any of the Samsung Patents-in-Suit.

**REQUEST NO. 67**

All documents relating to the research, design, development, manufacture, assembly, testing, or operation of any Product that allegedly embodies, falls within the scope of, is, or the use of which is or will be, covered by any claim of the Samsung Patents-In-Suit, including without limitation any engineering notebooks, laboratory notebooks, memoranda, design reviews, progress reports, technical reports, drawings, schematics, specifications, diagrams, electronically stored information, diaries, calendars, or test results.

**REQUEST NO. 68**

For each of the Samsung Patents-In-Suit, documents sufficient to identify all persons

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

12

involved in Samsung's development of the subject matter of such patent at any time prior to the filing of the application(s) that resulted in such patent.

**REQUEST NO. 69**

All engineering notebooks, laboratory notebooks, records, logs, files, and electronically stored information generated at or by the direction of any of the Samsung Named Inventors, and all engineering notebooks, laboratory notebooks, records, logs, files, and electronically stored information in which any of the Samsung Named Inventors made any entries that pertain in any way to any of the Samsung Patents-In-Suit or the subject matter disclosed or claimed therein.

**REQUEST NO. 70**

All documents relating to the inventorship of any claim of the Samsung Patents-In-Suit.

**REQUEST NO. 71**

All documents relating to the identification or determination of the inventors for each of the Samsung Patents-In-Suit.

**REQUEST NO. 72**

All documents relating to the contribution of each of the Samsung Named Inventors to the Samsung Patents-In-Suit.

**REQUEST NO. 73**

All documents sent to or from any of the Samsung Named Inventors relating to the Samsung Patents-In-Suit, the prosecution of the Samsung Patents-In-Suit, and/or the subject matter of any claim of the Samsung Patents-In-Suit.

**REQUEST NO. 74**

All documents relating to any affidavit or declaration ever signed, served, or filed in any

proceeding by any Named Inventors or prosecutors of the Samsung Patents-In-Suit at any time, where any part of the affidavit or declaration relates to the Samsung Patents-In-Suit.

**REQUEST NO. 75**

All documents relating to the retention and/or participation of any Named Inventor as a consultant, expert, or witness in any proceeding concerning the Samsung Patents-In-Suit.

**REQUEST NO. 76**

All documents constituting or relating to any Samsung guidelines, policies, protocols, or practices for inventor or employee innovation or invention compensation.

**REQUEST NO. 77**

All documents relating to any payment or other form of compensation or remuneration made by Samsung or anyone acting on its behalf to any Named Inventor in connection with each of the Samsung Patents-in-Suit, including without limitation documents sufficient to identify the form of such payment, the amount of such payment, the date such payment was made, the identity of each person with knowledge of such payment, and the reason for such payment.

**REQUEST NO. 78**

All documents relating to any payment or other form of compensation or remuneration made by Samsung or anyone acting on its behalf to any Named Inventor in connection with his or her involvement in this Litigation, including without limitation documents sufficient to identify the form of such payment, the amount of such payment, the date such payment was made, the identity of each person with knowledge of such payment, and the reason for such payment.

**REQUEST NO. 79**

All documents, whether published or not, constituting or relating to writings,

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

14

publications, abstracts, papers, presentations, memoranda, reports, or speeches authored or given by or for Samsung or any of the Named Inventors relating to the subject matter disclosed or claimed in any of the Samsung Patents-In-Suit, including without limitation such documents provided to SSOs.

**REQUEST NO. 80**

All documents, whether published or not, constituting or relating to publications, abstracts, papers, presentations, or speeches authored relating to the subject matter disclosed or claimed in any of the Samsung Patents-In-Suit, including without limitation such documents provided to SSOs.

**REQUEST NO. 81**

All engineering notebooks, laboratory notebooks, records, logs, and files relating to the subject matter of any claim of the Samsung Patents-In-Suit.

**REQUEST NO. 82**

All documents relating to technical or scientific writings, whether published or not, that were authored by, contributed to, or given in whole or in part by Samsung or any of the Samsung Named Inventors relating to the subject matter of any of the Samsung Patents-In-Suit, including, without limitation, patents, patent applications, articles, abstracts, publications, manuscripts, papers, posters, presentations, speeches, technical disclosures, or Samsung internal technical publications.

**REQUEST NO. 83**

All documents relating to Samsung's decision to seek patent protection for the subject matter of any claim of any Samsung Patent-In-Suit.

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

**REQUEST NO. 84**

All documents relating to the preparation, filing, and/or prosecution of each of the Samsung Patents-In-Suit.

**REQUEST NO. 85**

All references and prior art cited during the prosecution of each of the Samsung Patents-In-Suit.

**REQUEST NO. 86**

All references and prior art cited during the prosecution of any foreign counterparts to the Samsung Patents-In-Suit.

**REQUEST NO. 87**

All prior art to the Samsung Patents-In-Suit and any foreign counterparts to the Samsung Patents-In-Suit in the possession, custody, or control of Samsung or the Samsung Named Inventors.

**REQUEST NO. 88**

All documents relating to any decision as to what reference to cite, or to not cite during the prosecution of each of the Samsung Patents-In-Suit and any foreign counterparts thereto, including without limitation all prior art search results.

**REQUEST NO. 89**

All documents relating to any prior art, or possible prior art, to the subject matter of any claim of the Samsung Patents-In-Suit.  This includes without limitation documents or information relating to patents, publications, prior knowledge, public uses, sales, or offers for sale.

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

**REQUEST NO. 90**

All documents relating to any evaluation, analysis, or review of any prior art relating to the Samsung Patents-In-Suit or any foreign counterparts thereto, including without limitation any documents that refer to any prior art relating to the Samsung Patents-In-Suit or any foreign counterparts thereto.

**REQUEST NO. 91**

All documents relating to any search for or investigation of any prior art or other information, regarding the patentability, validity, enforceability, or scope of the subject matter of any claim of each of the Samsung Patents-In-Suit and any foreign counterpart thereto.

**REQUEST NO. 92**

All documents relating to any communication, meeting, or contact with the U.S. Patent and Trademark Office or any foreign patent office relating to each of the Samsung Patents-In-Suit or any foreign counterparts thereto.

**REQUEST NO. 93**

All documents relating to any right, title, chain-of-title, lien, ownership, or interest (including without limitation transfer, sale, or assignment of such interest) in or relating to any Samsung Patent-In-Suit.

**REQUEST NO. 94**

All documents that Samsung contends or believes affect, limit, or bear on the interpretation and/or construction of any claims of any of the Samsung Patents-In-Suit.

**REQUEST NO. 95**

All documents on which Samsung intends to rely in support of any proposed interpretation and/or construction of any claims of any of the Samsung Patents-In-Suit.

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

17

**REQUEST NO. 96**

All documents relating to any unique or specialized meaning (i.e., different from its everyday common use) of any word or phrase contained in any claim of any of the Samsung Patents-In-Suit.

**REQUEST NO. 97**

All documents relating to the level of ordinary skill in the art to which the subject matter of any Samsung Patent-In-Suit pertains, including without limitation each document upon which Samsung intends to rely in this Litigation to establish the level of ordinary skill in the art.

**REQUEST NO. 98**

All documents relating to the patentability, validity, enforceability, or scope of any claim of the Samsung Patents-In-Suit. This includes without limitation any documents relating to studies or opinions relating to patentability, enforceability, or scope; or, to any assertion by any person that the patent is valid, invalid, enforceable, or unenforceable.

**REQUEST NO. 99**

All documents relating to any mode of practicing the subject matter of each claim of the Samsung Patents-In-Suit, including without limitation the best mode.

**REQUEST NO. 100**

All documents relating to each mode, feature, aspect, or alternative design, which is not disclosed in the specifications of the Samsung Patents-In-Suit, but which allegedly embodies, falls within the scope of, or is made in accordance with any claim of, the Samsung Patents-In-Suit or any Related Patents.

**REQUEST NO. 101**

All documents relating to any written description of any claim of any of the Samsung

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

Patents-In-Suit, including without limitation all invention disclosures or invention reports and other written descriptions authored by any of the Samsung Named Inventors.

**REQUEST NO. 102**

All documents relating to the first disclosure to a person (whether employed by Samsung or not), other than a Samsung Named Inventor, of the subject matter of any claim of the Samsung Patents-In-Suit.

**REQUEST NO. 103**

All documents relating to the first public disclosure, first public use, first public demonstration, first offer for sale, and/or first sale of the subject matter claimed in any claim of a Samsung Patent-In-Suit.

**REQUEST NO. 104**

For each of the Samsung Patents-In-Suit, all documents relating to any disclosure or publication of the subject matter of any claim of such patent sent to, shared with, or disseminated to any person or entity other than Samsung before the filing date of such patent, including without limitation any pre-filing date sales, offers for sale, public uses, demonstrations, announcements, advertisements, or publications.

**REQUEST NO. 105**

Documents sufficient to identify and show in detail each design around, alternative manufacturing process, and/or alternative technology or method that can be used as a commercial alternative to the patented technology of each of the Samsung Patents-In-Suit.

**REQUEST NO. 106**

All minutes, memoranda, notes, or other documents relating to any discussions or

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

negotiations for licenses to, covenants not to sue to, or rights to practice any Samsung Patent-in-Suit.

**REQUEST NO. 107**

Documents sufficient to identify all people who have communicated with Apple regarding any Samsung Patent-in-Suit.

**REQUEST NO. 108**

All documents relating to communications between Samsung and Apple relating to any Patent-in-Suit.  This request includes without limitation any discussion concerning licensing or alleged infringement.

**REQUEST NO. 109**

All documents relating to any notice given by Samsung to Apple about any Samsung Patent-in-Suit, including without limitation any notice reflecting Samsung's contention that Apple was or is infringing any of the Samsung Patents-In-Suit.  This request includes without limitation any communications between the parties or their representatives on the issue of such notice or on the issue of alleged infringement.

**REQUEST NO. 110**

All documents relating to plans, suggestions, decisions, discussions, or contemplated action regarding the bringing or institution of this or any action for alleged patent infringement against Apple, including without limitation all corporate minutes and all other documents and things concerning meetings of the Board of Directors, Executive Committee, other board committees, stockholders or any other of Samsung's corporate boards, committees, or sub-committees.

**REQUEST NO. 111**

All documents relating to any communication between Samsung and any other person or entity concerning the alleged infringement by Apple of any Samsung Patent-in-Suit.

**REQUEST NO. 112**

To the extent not duplicative of previous requests, all documents relating to any alleged infringement or willful infringement of any Samsung Patent-in-Suit by Apple.

**REQUEST NO. 113**

All documents relating to any policy, practice, custom, guideline, or procedure of Samsung with respect to licensing patents or any intellectual property.

**REQUEST NO. 114**

All documents relating to any valuation of any Samsung Patent-in-Suit.

**REQUEST NO. 115**

Documents sufficient to show royalties and any other payments paid to Samsung by each licensee or sublicensee, on a quarterly and annual basis, pursuant to any license or sublicense granted under any of the Samsung Patents-In-Suit or under a portfolio including any Samsung Patent-In-Suit.

**REQUEST NO. 116**

Documents sufficient to identify all persons involved in licensing the Samsung Patents-In-Suit.

**REQUEST NO. 117**

All documents provided to Samsung's licensees regarding the use, design, development, testing, manufacture, and operation of any product embodying the invention claimed in any claim of any Samsung Patent-In-Suit, including without limitation instruction product manuals,

data sheets, installation manuals, retail kits, diagnostic software, installation software, or specifications.

**REQUEST NO. 118**

All documents relating to the research, design, development, structure, operation, performance, assembly, manufacture, packaging, use, testing, sampling, importation, sale, or offer for sale of any product or process (a) that is licensed under any Samsung Patent-in-Suit, or (b) that allegedly practices, incorporates, or embodies any claim of any Samsung Patent-in-Suit. This includes without limitation engineering notebooks, lab notebooks, blueprints, design reports, illustrations, diagrams, test specifications, data sheets, flow charts, drawings, specifications, control drawings, sales outline drawings, engineering documents, schematic diagrams, process schematics, design documents, project books, project files, manufacturing documents, procurement documents (including all invoices), requests for proposals, requests for quotations, and correspondence for all versions of any prototype, prototypes, engineering models, or other physical models.

**REQUEST NO. 119**

All documents concerning or comprising licenses of or agreements to license any IPR related to any of the Defined Wireless Standards, including without limitation licenses of such IPR from Samsung to third parties and licenses of such IPR from third parties to Samsung.

**REQUEST NO. 120**

All documents relating to the negotiation of any license of or agreement to license any technology allegedly Essential to any Defined Wireless Standards, including without limitation, documents reflecting discussions between the parties, licensing presentations, claim charts, and

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-1846 (LHK)

documents identifying the Samsung personnel who negotiated or authorized any such licenses or license agreement.

**REQUEST NO. 121**

Documents sufficient to show all royalty amounts and royalty payments on any license identified in response to any Apple document request, including but not limited to the royalties Samsung has collected for any of Samsung's Alleged Essential Technology related to any of the Defined Wireless Standards.

**REQUEST NO. 122**

All documents relating to or constituting any potential or actual agreement—whether formal or informal—among Samsung and any third party or third parties to refrain from disclosing the terms of any license to any patent claimed to be Essential to any Defined Wireless Standards to any non-party to the license agreement.

**REQUEST NO. 123**

All documents relating to the evaluation, valuation, or attempt to estimate the actual or potential value of any patent portfolio or individual patent that is claimed by the patentee to be Essential, in whole or in part, to any of the Defined Wireless Standards, including without limitation documents relating to the technical merit of any such patents or patent portfolios, and estimates of the strength or value of any such patents or patent portfolios.

**REQUEST NO. 124**

All documents concerning or comprising covenants not to sue on any IPR relating to any of the Defined Wireless Standards.

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

23

**REQUEST NO. 125**

Documents sufficient to show all sales, assignments, distributions, grants, or other disbursements by Samsung of ownership rights in IPR that Samsung claims, has claimed, believes, or has believed are, or were at any point, Essential to any of the Defined Wireless Standards.

**REQUEST NO. 126**

Documents sufficient to show all purchases or other acquisitions by Samsung of ownership rights in IPR that Samsung claims, has claimed, believes, or has believed are, or were at any point, Essential to any of the Defined Wireless Standards.

**REQUEST NO. 127**

All documents relating to discussions between Samsung and Apple relating to the licensing of patents claimed to be Essential to any Defined Wireless Standards and patents not claimed to be Essential to any Defined Wireless Standards, including without limitation requests from Samsung to license Apple's patents, offers from Samsung to license Samsung's patents, requests from Apple to license Samsung's patents, offers from Apple to license Apple's patents, responses to any such requests and offers, analyses or discussions of royalties, valuations or attempts to estimate the actual or potential value of the license requested or offered, applicable revenue streams and projections, and Samsung's requests for an option to license certain of Apple's patents at a later date.

**REQUEST NO. 128**

All documents relating to Samsung's understanding of the meaning of FRAND licensing terms, including without limitation statements to SSOs, statements in litigation, statements to actual or potential licensees, and/or presentations or other statements made in public fora.

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

**REQUEST NO. 129**

All documents relating to actual, proposed, contemplated, or appropriate FRAND royalty rates for any of Samsung's Alleged Essential Technology.

**REQUEST NO. 130**

All documents concerning discussions between or among Samsung and any other ETSI member regarding (i) the grant of royalty-free cross licenses for IPR claimed to be essential to any of the Defined Wireless Standards; (ii) the FRAND royalty rates to be charged or paid for licenses to IPR claimed to be essential to any of the Defined Wireless Standards; and/or (iii) any actual or potential cumulative royalty cap of 5% or otherwise (and any components thereof) on royalties paid for IPR claimed to be essential to any of the Defined Wireless Standards.

**REQUEST NO. 131**

All documents relating to or comprising communications, statements, submissions, or presentations by Samsung regarding licensor demands—including demands made by Samsung—for licenses of patents not Essential to any standard in exchange for a license to some or all of the licensor's—including Samsung's—patents that are claimed to be Essential to a standard.

**REQUEST NO. 132**

All documents concerning any actual or potential resistance, reluctance or refusal by any person participating in the standardization process for any Defined Wireless Standard not to license its IPR to others on FRAND terms, including without limitation documents concerning Samsung's reaction and positions, public statements by Samsung, and any internal discussions within Samsung concerning any such resistance, reluctance or refusal.

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

**REQUEST NO. 133**

All documents relating to industry customs, practices, or policies with respect to the licensing of patents claimed to be Essential to any standard that covers Mobile Wireless Telecommunications Devices.

**REQUEST NO. 134**

All documents relating to any Samsung plan, whether adopted or not, for the development, marketing or licensing of IPR that is Essential or allegedly Essential to any of the Defined Wireless Standards, including without limitation, business plans, short-term and long-range strategies and objectives, budgets and financial projections, research and development plans, technology licensing plans, valuations or attempts to estimate the actual or potential value of the license, and presentations to management committees, executive committees, and boards of directors.

**REQUEST NO. 135**

All documents relating to any submission, filing, or communication by or between Samsung and any of the Defined Wireless SSOs relating to Samsung's licensing of any technology that is Essential or allegedly Essential to any Defined Wireless Standards, including without limitation licensing by Samsung on FRAND terms and any declarations made pursuant to the IPR policy of any of the Defined Wireless SSOs.

**REQUEST NO. 136**

Documents sufficient to identify Samsung's membership or participation in any of the Defined Wireless SSOs that have developed any of the Defined Wireless Standards, the dates of any such participation, and the names and titles of individuals representing or affiliated with Samsung in connection with such participation.

26

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

**REQUEST NO. 137**

All documents relating to technical proposals, responses to others' technical proposals, reports, change requests, responses to others' change requests, emails or other communications, related to any Samsung technology, that were submitted or sent by Samsung to a working group or body operating under the auspices of any of the Defined Wireless SSOs, or were received by or sent to Samsung by a participant in such a Defined Wireless SSO working group or body.

**REQUEST NO. 138**

All documents relating to the evaluation, adoption, or incorporation by a Defined Wireless SSO of any of Samsung's Alleged Essential Technology into any of the Defined Wireless Standards.

**REQUEST NO. 139**

All documents relating to evaluating, analyzing, or discussing actual or potential alternatives to technologies that Samsung has proposed for inclusion in any of the Defined Wireless Standards.

**REQUEST NO. 140**

Documents sufficient to show any incentives, awards, bonuses, compensation, or special payments provided by Samsung to inventors, including without limitation inventors of the Samsung Patents-In-Suit, or anyone acting on Samsung's behalf, in consideration of filing patents or patent applications that may be or are declared essential to a Defined Wireless Standard.

**REQUEST NO. 141**

Documents sufficient to show any incentives, awards, bonuses, compensation, or special payments provided by Samsung to employees or anyone acting on Samsung's behalf in

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

consideration for having Samsung IPR proposed for adoption or adopted as part of a Defined Wireless Standard.

**REQUEST NO. 142**

All documents relating to Samsung's identification, disclosure, or notification to any of the Defined Wireless SSOs of any of Samsung's technology as Essential or allegedly Essential to any of the Defined Wireless Standards.

**REQUEST NO. 143**

All documents relating to any technology that was submitted to or considered by a Defined Wireless SSO as an actual or potential alternative to Samsung's Alleged Essential Technology in any of the Defined Wireless Standards.

**REQUEST NO. 144**

All documents relating to Samsung's understanding of, and compliance with, any IPR practice, policy, or procedure of any of the Defined Wireless SSOs to disclose Essential IPR during the standardization process of any of the Defined Wireless Standards.

**REQUEST NO. 145**

All documents relating to any decision by Samsung to disclose or not to disclose the existence of allegedly Essential IPR during the standardization process for any Defined Wireless Standard, including but not limited to, Samsung's decision to disclose or not to disclose foreign patents and U.S. and foreign patent applications related to the Samsung Patents-In-Suit during the standardization process for any Defined Wireless Standard.

**REQUEST NO. 146**

All documents relating to or comprising communications, statements, submissions, or presentations by Samsung regarding the IPR disclosure practices, policies, or procedures of any of the Defined Wireless SSOs.

**REQUEST NO. 147**

All documents relating to or comprising any Samsung policy, guidelines, or internal directives regarding Samsung's understanding or interpretation of and/or compliance with any IPR disclosure practices, policies, or procedures of any of the Defined Wireless SSOs.

**REQUEST NO. 148**

All documents relating to or comprising communications, statements, submissions, or presentations by Samsung regarding caps or other limits on cumulative royalties for IPR Essential to any Defined Wireless Standards, the determination of a FRAND royalty rate, and/or the effect of standardization on monopoly power in the licensing of IPR Essential to any Defined Wireless Standards.

**REQUEST NO. 149**

All documents relating to actual or potential competition between Samsung and any person or company that designs or sells Mobile Wireless Telecommunications Devices complying, conforming with, or using any of the Defined Wireless Standards.  This request includes, but is not limited to:

(a)      documents relating to actual or potential market shares of Mobile Wireless Telecommunications Devices;

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

1        (b)      documents relating to the competitive position or relative strengths and

2   weaknesses of Samsung's Mobile Wireless Telecommunications Devices and/or any other

3   competing Mobile Wireless Telecommunications Devices;

4        (c)      documents relating to product and/or technology comparisons between Samsung

5   and any of its actual or potential competitors offering Mobile Wireless Telecommunications

6

7   Devices;

8        (d)      documents relating to or comprising actual or projected numbers of customers or

9   revenues from the sale of Mobile Wireless Telecommunications Devices by Samsung or any of

10  its actual or potential competitors;

11

12       (e)      documents relating to or comprising an analysis of actual or potential competition

13  for improvements or innovations in features, functions, ease of operation, performance, cost, or

14  other advantages to customers or users of Mobile Wireless Telecommunications Devices; and

15       (f)      documents relating to or comprising policies and strategies for responding to new

16  entrants in the sale of Mobile Wireless Telecommunications Devices, including mobile wireless

17  handsets complying, conforming with, or using any of the Defined Wireless Standards.

18  **REQUEST NO. 150**

19       All documents relating to actual or potential competition between Samsung and Apple.

20  **REQUEST NO. 151**

21

22       All documents relating to actual or potential litigation or arbitration threatened or filed by

23  or against Samsung, including but not limited to *In re Certain 3G WCDMA Handsets*

24  *(InterDigital v. Samsung)*, No. 337-TA-601 (I.T.C.); *Samsung v. InterDigital*, No. 07-0167 (D.

25  Del.); *Ericsson v. Samsung*, No. 06-0063 (E.D. Tex.); *Rambus v. Hynix et al.*, No. 05-0334 (N.D.

26  Cal.); *In re Rambus*, No. 9302 (F.T.C.); and *Rambus v. Micron*, No. 04-431105 (Cal. Super. Ct.

27

28

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

30

San Francisco), regarding the licensing of any IPR related to the Defined Wireless Standards,

including without limitation any and all expert reports and court filings, and transcripts of any

deposition, hearing, or other recorded or transcribed proceeding in the arbitrations or litigations.

**REQUEST NO. 152**

All documents relating to or containing any claims or statements by Samsung in any

litigation or judicial proceeding, including but not limited to *In re Certain 3G WCDMA Handsets*

*(InterDigital v. Samsung)*, No. 337-TA-601 (I.T.C.); *Samsung v. InterDigital*, No. 07-0167 (D.

Del.); *Ericsson v. Samsung*, No. 06-0063 (E.D. Tex.); *Rambus v. Hynix et al.*, No. 05-0334 (N.D.

Cal.); *In re Rambus*, No. 9302 (F.T.C.); and *Rambus v. Micron*, No. 04-431105 (Cal. Super. Ct.

San Francisco), regarding the licensing of IPR that is claimed Essential to any Defined Wireless

Standard, the determination of a FRAND royalty rate for any IPR that is claimed Essential to any

Defined Wireless Standard, and the propriety of injunctive relief for the infringement of IPR

claimed to be Essential to any Defined Wireless Standard.

**REQUEST NO. 153**

All transcripts of depositions or other documents containing any testimony and or

statements by Samsung, former Samsung affiliates or employees, or experts retained by Samsung

or counsel to Samsung, relating to any litigation or judicial proceeding, including but not limited

to *In re Certain 3G WCDMA Handsets (InterDigital v. Samsung)*, No. 337-TA-601 (I.T.C.);

*Samsung v. InterDigital*, No. 07-0167 (D. Del.); *Ericsson v. Samsung*, No. 06-0063 (E.D. Tex.);

*Rambus v. Hynix et al.*, No. 05-0334 (N.D. Cal.); *In re Rambus*, No. 9302 (F.T.C.); and *Rambus*

*v. Micron*, No. 04-431105 (Cal. Super. Ct. San Francisco), concerning IPR claimed Essential to

any Defined Wireless Standard, the determination of a FRAND royalty rate for any IPR

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

allegedly Essential to a Defined Wireless Standard, and the propriety of injunctive relief for the infringement of IPR claimed to be Essential to any Defined Wireless Standard.

**REQUEST NO. 154**

All documents prepared by any expert, including any technical, economic, marketing or licensing experts, retained by Samsung or by counsel to Samsung for any litigation or judicial proceeding, including but not limited to *In re Certain 3G WCDMA Handsets (InterDigital v. Samsung)*, No. 337-TA-601 (I.T.C.); *Samsung v. InterDigital*, No. 07-0167 (D. Del.); *Ericsson v. Samsung*, No. 06-0063 (E.D. Tex.); *Rambus v. Hynix et al.*, No. 05-0334 (N.D. Cal.); *In re Rambus*, No. 9302 (F.T.C.); and *Rambus v. Micron*, No. 04-431105 (Cal. Super. Ct. San Francisco), concerning IPR claimed Essential to any Defined Wireless Standard, the determination of a FRAND royalty rate for any IPR allegedly Essential to a Defined Wireless Standard, and the propriety of injunctive relief for the infringement of IPR claimed to be Essential to any Defined Wireless Standard.

**REQUEST NO. 155**

All documents relating to any Samsung policy or practice for compliance with any federal or state antitrust, unfair competition, or unfair trade practices law.

Dated:  August 3, 2011

/s/

Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Harold J. McElhinny (SBN 66781)
(HMcElhinny@mofo.com)
Michael A. Jacobs (SBN 111664)
(MJacobs@mofo.com)
Richard S.J. Hung (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: ( 415) 268-7000
Facsimile:  (415) 268-7522

*Attorneys for Plaintiff and*
*Counterclaim-Defendant Apple Inc.*

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

## CERTIFICATE OF SERVICE

I, Robin L. Sexton, hereby certify that on August 3, 2011, true and correct copies of the foregoing document was served on the following counsel of record at the addresses and in the manner indicated:

**VIA ELECTRONIC MAIL:**

**Charles K. Verhoeven**
charlesverhoeven@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

**Kevin P.B. Johnson**
kevinjohnson@quinnemanuel.com
**Victoria F. Maroulis**
victoriamaroulis@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

**Edward J. DeFranco**
eddefranco@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges, LLP
335 Madison Avenue, 22nd Floor
New York, NY 10017
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

**Michael Thomas Zeller**
michaelzeller@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

34

1    **VIA MESSENGER:**

2

3    **Charles K. Verhoeven**
charlesverhoeven@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges, LLP

4    50 California Street, 22nd Floor
San Francisco, California 94111

5    Telephone: (415) 875-6600
Facsimile: (415) 875-6700

6

7    **VIA U.S. MAIL:**

8    **Victoria F. Maroulis**
victoriamaroulis@quinnemanuel.com

9    Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive 5th Floor

10    Redwood Shores, California 94065
Telephone: (650) 801-5000

11    Facsimile: (650) 801-5100

12

13      I declare under the penalty of perjury that the foregoing is true and correct.

14

15                        Robin L. Sexton

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

35