# EXHIBIT U

WILMERHALE

October 13, 2011

S. Calvin Walden

**VIA ELECTRONIC MAIL**

+1 212 937 7215(t)
+1 212 230 8888(f)
calvin.walden@wilmerhale.com

Victoria F. Maroulis, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139

Re:   *Apple Inc. v. Samsung Electronics Co. Ltd. et al.*,
      Case No. 11-cv-01846-LHK

Dear Victoria:

      I write concerning Samsung's deficient document production to date, as well as its responses to Apple's Third Set of Requests for Production of Documents and Things (Nos. 53-155). We would like to discuss the issues addressed in this letter at the working meeting between the parties proposed by Jason Bartlett in his October 6 emails. We also reiterate our request that the parties schedule regularly-held discovery working meetings, as well as regularly-held in-person meetings for those issues that the parties are having difficulties resolving. We are continuing to review Samsung's discovery responses and production, and may identify additional deficiencies in the future. I understand that Morrison & Foerster will send a separate letter concerning Requests 1-52 and 156-217 shortly. This letter focuses on Requests 53-155.

      First, Samsung has to date only produced a small number of documents pursuant to Patent Local Rule 3-2 (I have detailed the deficiencies of that production in a September 23, 2011 letter). Samsung has yet to even begin production of documents in response to Apple's second set of document requests. As you know, the Court has set a deadline of December 1, 2011 for Samsung to make the named inventors and prosecuting attorneys available for deposition. An immediate start to production of documents from the files of the inventors (*see, e.g.,* Apple Request Nos. 63-84, 88-92, 99-104, 140) and patents agents (*see, e.g.,* Apple Request Nos. 64-66, 71-74, 82, 88-92, 98-101), and completion of that production no later than 5-days prior to the depositions, is critical to Apples preparation for these depositions. Further, Apple requires timely production before these depositions of at least (i) Samsung's licenses and license-related documents (*see, e.g.,* Apple Request Nos. 59, 105-108, 114-121, 127-135, 148), and (ii) documents relating to standards organizations and the standards-setting process (*see, e.g.,* Apple Request Nos. 79-80, 82-86, 119-148). Samsung cannot simply wait until five days before the depositions to produce, especially where we expect that a number of these documents will require translation prior to the inventor depositions. Unless Samsung commits to begin an immediate production of these documents, and to complete production of the inventors' foreign-language documents in sufficient time to allow for translation, we will be forced to move to compel a schedule for timely production from the Court.

WILMERHALE

Victoria F. Maroulis, Esq.
October 13, 2011
Page 2

      Second, in response to numerous Apple requests, Samsung states that it is willing to meet and confer regarding the scope of the request, but provides no indication that Samsung will produce at a minimum those documents that are unquestionably relevant and nonprivileged. The requests in question include Request Nos. 61-63, 73-83, 85, 86, 90, 91, 94, 96, 106, 108, 110, 111, 113, 117, 118, 120, 122, 128, 131-34, 137, 139-41, and 149-55. To the extent that Samsung has in its possession, custody, or control any nonprivileged documents whose relevance is not disputed, these should be produced notwithstanding any pending meet and confer between the parties. Please confirm that Samsung will produce relevant, non-privileged documents in response to these requests. If Samsung is intending to withhold responsive information, please indicate what information and why in advance of the upcoming working session so that we can be prepared to discuss.

      For purposes of streamlining our discussions on these requests, we propose grouping the requests into the following categories:

1. Documents on Which Samsung Intends to Rely/Has Relied on in This Litigation
   - *See, e.g.,* Request Nos. 61 and 62
2. Documents Reflecting Samsung's Organizational Structure (i.e., Org Charts)
   - *See, e.g.,* Request No. 63
3. Documents Related to Inventor/Third Party Compensation for the Patents In Suit
   - *See, e.g.,* Request Nos. 76-78, 140, 141
4. Documents Related to Samsung's Participation in Standards Groups
   - *See, e.g.,* Request Nos. 79, 80, 137, 139
5. Samsung Inventor Documents Related to the Patents In Suit
   - *See, e.g.,* Request Nos. 73, 74, 75, 82
6. Documents Related to Prior Art Searching/Patent Prosecution
   - *See, e.g.,* Request Nos. 83, 85, 86, 90, 91
7. Documents Related to Licenses and Samsung's Licensing Practices
   - *See, e.g.,* Request Nos. 106, 108, 113, 116, 120, 122, 128, 131-34
8. Documents Related to Any Allegedly Practicing Products
   - *See, e.g.,* Request Nos. 117, 118
9. Documents Related to Samsung's Competition with Other Companies
   - *See, e.g.,* Request Nos. 149, 150

**WILMERHALE**

Victoria F. Maroulis, Esq.
October 13, 2011
Page 3

    10.    Documents Related to Prior Litigation Involving Samsung
- Request Nos. 151-55

    11.    Documents Related to the Subject Matter of the Patents Asserted by Samsung
- *See, e.g.,* Request No. 81

    12.    Documents Related to Potential Claim Constructions
- *See, e.g.,* Request Nos. 94, 96

    13.    Documents Related to the Decision to Sue Apple
- *See, e.g.,* Request No. 110

    14.    Communications Concerning Alleged Infringement of the Asserted Patents:
- *See, e.g.,* Request No. 111

    15.    Documents Related to Royalties for or the Valuation of the Asserted Patents
- *See, e.g.,* Request Nos. 114, 115

Very Truly Yours,

S. Calvin Walden

cc:    Rachel Kassabian
       Melissa Chan
       Jason Bartlett
       Mark D. Selwyn
       (all via email)