# EXHIBIT W

WILMERHALE

November 15, 2011

**By E-mail**

Melissa Chan, Esq.
Quinn Emanuel
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139

S. Calvin Walden

+1 212 937 7215(t)
+1 212 230 8888(f)
calvin.walden@wilmerhale.com

Re: *Apple Inc. v. Samsung Electronics Co. Ltd., et al*, Case No. 11-CV-01846-LHK (N.D. Cal.)

Dear Melissa:

I write further to my October 13, 2011 letter, as well as your October 21, 2011 letter in response, regarding Apple's Requests for Production Nos. 53-155 and the deficiencies in Samsung's document production to date.

First, you state in your October 21, 2011 letter that you intend to produce "licenses and license-related documents," but not "before all of the depositions of Samsung's inventors or prosecuting attorneys." However, while the parties have specifically agreed on a deadline for production of inventor and prosecuting attorney documents, there has been *no agreement* that Samsung may withhold or delay production of other types of documents that are relevant (and/or reasonably calculated to lead to the discovery of admissible evidence) and responsive to Apple's document requests. It is clear from your letter that Samsung has in its possession, and intends to produce, licenses and license-related documents. Accordingly, we demand *immediate* production of these documents. In a case of this size, discovery must proceed simultaneously on multiple fronts – Samsung cannot withhold production of documents pending completion of the inventor and prosecuting attorney depositions scheduled for this month.

Second, you also state in your October 21, 2011 letter that you intend to produce documents relating to standards and standards setting organizations ("SSO's"). Yet again, your production is wholly deficient with respect to these documents. We demand, at a minimum, production of the following:

1. Documents sufficient to show Samsung's participation in wireless SSO's, including names of the Samsung participants, and the dates of participation.
   - *See, e.g.,* Request No. 136

2. All documents provided to SSO's referencing any of the patents-in-suit and/or internal Samsung documents discussing any of the patents-in-suit and any SSO's.
   - *See, e.g.,* Request Nos. 79, 80, 128, 143, 147

3. All documents provided to SSO's regarding the subject matter of any of the patents-in-suit.

Wilmer Cutler Pickering Hale and Dorr LLP, 399 Park Avenue, New York, New York 10022
Beijing   Berlin   Boston   Brussels   Frankfurt   London   Los Angeles   New York   Oxford   Palo Alto   Waltham   Washington

WILMERHALE

Melissa Chan, Esq.
November 15, 2011
Page 2

- *See, e.g.,* Request Nos. 79, 80, 137, 143, 147

4. All documents concerning Samsung's understanding of the meaning of FRAND licensing terms, including without limitation statements to SSO's, statements to actual or potential licensees, internal statements and/or public statements.

- *See, e.g.,* Request No. 128

Third, we are concerned that, in addition to licensing and standards-related documents, Samsung is delaying production of other whole categories of documents, including at least the following:

1. Documents Related to Inventor/Third Party Compensation for the Asserted Patents

   - *See, e.g.,* Request Nos. 76-78, 140, 141

2. Documents Related to the Subject Matter of the Asserted Patents

   - *See, e.g.,* Request No. 81

3. Documents Related to the Disclosure of the Subject Matter of the Asserted Patents

   - *See, e.g.,* Request Nos. 102-105

4. Documents Related to Any Allegedly Practicing Products

   - *See, e.g.,* Request Nos. 117, 118

5. Documents Related to Samsung's Competition with Other Companies

   - *See, e.g.,* Request Nos. 149, 150

6. Documents Related to Prior Litigation Involving Samsung and its Compliance Policies

   - Request Nos. 151-55

7. Documents Related to the Decision to Sue Apple

   - *See, e.g.,* Request No. 110

8. Communications Concerning Alleged Infringement of the Asserted Patents:

   - *See, e.g.,* Request Nos. 111-112

9. Documents Related to Royalties for or the Valuation of the Asserted Patents:

   - *See, e.g.,* Request Nos. 114, 115

10. Documents Related Samsung's Document Retention Policies

**WILMERHALE**

Melissa Chan, Esq.
November 15, 2011
Page 3

- *See, e.g.,* Request No. 60

To date, it does not appear that Samsung's production includes many, if any, documents from these categories. We further note that Apple has not deliberately withheld these types of documents in its own production in response to Samsung's requests. We understand that the parties are both in the ongoing process of collecting, reviewing, and producing documents – but if documents are ready for production, we expect they will be produced forthwith. We would like to discuss Samsung's expected dates for the production of the document categories identified above on our weekly meet-and-confer.

Fourth, you state that you have "concerns about" Apple's document requests that may be subject to "work product privileges" (RFP Nos. 61, 94, 95, 96, 110, 111) or "implicate privacy concerns" (RFP Nos. 76-78, 140-141). We do not, of course, intend for either party to violate any legitimate privilege. Nonetheless, relevant, non-privileged documents that are responsive to these requests should be produced. We can further discuss these issues during tomorrow's meet-and-confer. We can also discuss Request No. 155 – which simply asks for documents relating to Samsung's compliance policies, if any, relating to antitrust law, unfair competition law, or unfair trade practices law.

Very truly yours,

S. Calvin Walden

cc: Rachel Kassabian
    Victoria Maroulis
    Jason Bartlett
    Mark D. Selwyn
    (all via email)