# EXHIBIT AA

# MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

December 24, 2011

Writer's Direct Contact
(415) 268-6024
MMazza@mofo.com

*Via E-Mail* (dianehutnyan@quinnemanuel.com)

Diane Hutnyan
Quinn Emanuel
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

Dear Diane:

I write to memorialize in writing, and follow-up on, a few issues discussed during our meet-and-confer teleconference of Wednesday, December 21, 2011.

**Lead Counsel Meet-and-Confer**

In anticipation that there will be outstanding unresolved discovery issues by January 6, 2012, Samsung advised Apple during the call that it intended to file its next motion to compel on or about that date.  Apple advised that Harold McElhinny would be available for an in-person meeting anytime between January 2, 2012, and January 6, 2012.  We requested that Samsung identify dates within that range when Mr. Verhoeven would be available for such a meeting. Please respond by no later than December 27, 2011, so that this meeting can be scheduled without the difficulties that led to Apple having to seek Court intervention as it did on December 8, 2011.

In Apple's January 6, 2012, motion, unless these issues can be resolved before then, Apple will be seeking an Order compelling Samsung to produce, by January 15, 2012, at least the following items:  (1) all additional technical documents described in Wes Overson's November 8, 2011, letter; (2) all design history described in Apple's December 6, 2011, letter, expanded to cover all tablet, touchscreen phone and touchscreen media player products sold by Samsung, regardless of where sold; (3) all financial documents described in Apple's December 19, 2011, letter, including the information for worldwide sales described therein; (4) all additional documents from inventor files located after a search that corrects for the deficiencies described in Mr. Maselli's November 8 and 18, 2011 letters, as well as Mr. Walden's November 29, 2011, letter, using appropriate  search terms as described in Mr. Kolovos's December 13, 2011, letter; (5) documents (both public and non-public) relating to Samsung's participation in standards-setting organizations as described in Mr. Maselli's November 8 and 18, 2011, letters, as well as Mr. Walden's November 15,

sf-3087750

**MORRISON | FOERSTER**

Diane Hutnyan
December 24, 2011
Page Two

2011, letter; and (6) licenses and related documents (including documents relating to license negotiations) pertaining to Samsung patents that have been declared standards-essential.  In addition, unless we can reach prior agreement, Apple will also be seeking in its January 6 motion an order compelling Samsung to provide full and complete responses to Apple's Interrogatory Nos. 8 and 9, as described in Mr. Kolovos's December 13, 2011, letter.

**Status of Samsung's Inventor Collection and Production/Search Terms Deficiencies**

While we had placed the issue of Samsung's inventor collection and search terms deficiencies on the agenda for the December 21, 2011, meet-and-confer, you admitted that no one on the call for Samsung was able to address this issue.  As we explained, the concerns we have raised regarding the inadequacies of Samsung's collection of inventor documents, and of its use of search terms to search those documents, are serious and have not been substantively addressed in Samsung's correspondence.  We have detailed in prior letters our concerns regarding the inventor "self-searches" (*see, for example*, November 8, 2011, letter from Maselli to Kassabian, November 18, 2011, letter from Maselli to Kassabian).  In its responses to date, and despite our repeated requests, Samsung has not explained in any detail how documents were collected from inventors, leaving us no choice but to conclude that our concerns regarding inadequate inventor "self-searches" have been warranted.  Further, we have not received any response to Peter Kolovos's December 13, 2011, letter to Victoria. Maroulis regarding the inadequacies of the search terms employed on inventor files, much less agreement from Samsung to conduct additional searches per the terms detailed in Mr. Kolovos's letter.  From our perspective, this issue is at impasse and will be on the agenda for the next lead counsel meet-and-confer.

**Status of Samsung's Production of SSO-related Documents**

As we explained on meet-and-confer, Apple can no longer wait for Samsung to commit to providing the categories of standards-setting organization documents set forth in its RFP's and detailed in several letters (*see, e.g.*, November 8, 2011, letter from Maselli to Kassabian; November 15, 2011, letter from Walden to Chan).  We further noted that Samsung's proposed reciprocal category for the production of SSO documents — which is limited to production of public communications (only) with ETSI (only) — is woefully deficient. Samsung has refused to commit to producing the categories of SSO documents detailed in our prior letters by a date certain.  This issue is thus at impasse and will be on the agenda for the next lead counsel meet-and-confer.

**Status of Samsung's Production of Licenses and Licensing-Related Documents**

As with SSO documents, Samsung has delayed too long committing to make a complete production of licenses and licensing-related documents (including negotiation documents) for those licenses that include patents that have been declared standards-essential.  Samsung

**MORRISON** | **FOERSTER**

Diane Hutnyan
December 24, 2011
Page Three

struck any reference to production of any document other than licenses in its redlines to the Reciprocal Agreement Exhibits A and B — we thus do not have any indication that Samsung is agreeing to produce any documents other than the bare licenses themselves.  This issue is thus at impasse and will be on the agenda for the next lead counsel meet-and-confer.

**Samsung's Responses to Apple Interrogatories 8-9**

We asked when Samsung would respond to Peter Kolovos's December 13, 2011, letter to Victoria Maroulis.  You stated that you were uncertain when, but would let us know.  Please note that if we are unable to resolve this issue, it will be on the agenda for the next lead counsel meet-and-confer.

**Mac OS X**

Apple produced the requested Mac OS X and SuperClock source code and a computer capable of running Mac OS X for inspection on December 15, 2011.  Samsung has requested additional code and hardware.  Those requests are addressed in detail in Apple's December 22, 2011, letter to Marissa Ducca.  Apple has produced the additional requested code for inspection.

**Mac OS X Tiger**

In a letter dated December 14, 2011, Samsung requested that Apple produce "all source code relating to Mac OS X Tiger, as well as the actual released version of the Tiger operating system and any and all prototype versions of Tiger" and "all documents relating to Tiger." As I noted on Wednesday's call, software releases have subversions and sub-sub-versions, but Samsung was unwilling even to provide any clarity even on what specific version of Tiger Samsung is seeking, much less attempt to explain why it needs "all documents relating to Tiger."  Samsung's document requests and Apple's responses thereto do not require such an overbroad and burdensome production, particularly for software with respect to which the *only* alleged relevance is that the "dock" icons in Tiger may resemble icons in an asserted design patent.

Apple is willing to negotiate with Samsung regarding requests made in good faith, but this is not such a request.  Moreover, when Apple asked during the parties' meet and confer call what Samsung truly needs, Samsung responded that it needs *everything* requested in the letter.  Samsung's refusal to provide clarity or discuss the scope of its request constitutes a refusal to meet and confer in good faith.

Apple will produce screenshots of the Tiger dock icons released before the filing date of the asserted patents.  Note, however, that this information is publicly available and equally accessible to Samsung.  If Samsung serves an interrogatory, Apple will also respond with

**MORRISON** | **FOERSTER**

Diane Hutnyan
December 24, 2011
Page Four

information sufficient to determine when the Tiger software was released publicly.  If Samsung requires more than this, please explain the basis for Samsung's request.

**MCOs**

As with the requested Tiger information, Samsung has requested far more information regarding mechanical outlines, or MCOs, than Apple has agreed to produce in response to Samsung's document requests.

You confirmed during Wednesday's call that Samsung is only looking for model information relating to external features of the device, such as the bezel.  Apple will investigate whether there is model information available.

**NeXT Documents and Things**

During Wednesday's call we discussed Samsung's request for "immediate[]" production of NeXT-related documents and things, raised in correspondence for the first time on December 16, 2011, more than a month after Apple served its objections to Samsung's requests for production in this area.  As above, Samsung has set out exceedingly broad demands with a very narrow justification, seeking all documents relating to NeXT, all NeXT code, and more based solely on the speculation that NeXT may be prior art to the '002 patent, the claims of which would implicate, if anything, only a tiny fraction of what Samsung has demanded.

As a compromise, Apple will produce all available NeXT source code by January 10, 2012. If Samsung requires more, please explain the basis of Samsung's request.

**Working Prototypes**

As discussed on the call, Apple is willing to produce representative working prototypes of both tablets and phones on a reciprocal basis.  If Samsung is willing to agree to a mutual exchange, Apple proposes the end of January as a target date for the exchange.  Please confirm Samsung's position with respect to this proposal.

**Physical Models and Indices**

The Court has now granted Apple's motion to compel Samsung to produce *all* physical models for inspection by January 15, 2012.  This date is fast approaching.  Please confirm that Samsung has produced, or will produce by January 15, all tablet and phone models created during the development of the accused products.  Note that, as we have discussed on many occasions (including during the hearing on Apple's motion to compel), this production must include the *full* design history of the products at issue.  This will include, for example,

sf-3087750

MORRISON | FOERSTER

Diane Hutnyan
December 24, 2011
Page Five

design history materials directly related to products intended for the Korean market, because those products formed the basis of the designs of later products intended for the U.S. market.

As we discussed on Wednesday, Apple proposes that each party provide the other, at or before the time of production for inspection, an index of its physical models. Each party's index should contain a list of all physical models being provided for inspection with clear photographic images of each model. Please confirm that Samsung agrees to create and reciprocally exchange such an index at or before the time of production for inspection.

**Documents and Things Relating to Apple's Investigations of Sony and Other Smartphone Designs and Languages**

The Court has now ordered Apple to produce these materials no later than January 15, 2012, and Apple is diligently working to meet that deadline.

Although the Court did not require Apple to do so, as discussed during the call, Apple provides this brief update on its plan for meeting this production obligation. Apple has run the search terms "Sony," "Treo," "Razr," "Philips," and "Phillips," to its entire collection of emails and other electronic documents of Industrial Design inventors, and has begun producing any relevant documents located as a result of that search on a rolling basis. Apple plans to complete that rolling production no later than January 15, 2012. As discussed during Wednesday's call, if Samsung has additional search terms it would like Apple to run to satisfy this requirement, please let us know immediately.

Apple has also run these words through its database of models and will produce by January 15, 2012, any models located as a result of that search. Further, Apple will produce by December 31 relevant and responsive excerpts of sketchbooks according to the Court's order, including any pages that reference Sony, Treo, Razr, or the Philips receiver. Finally, Apple will confirm by January 15, 2012, that any CAD relating to these phones (if any exists) has been loaded onto the escrow computer.

**Brain Box and Apple Cinema Display**

The Court has now ordered Apple to complete its reasonable search for and production of these materials no later than January 15, 2012, including CAD drawings for the Apple Cinema Display.

Although the Court did not require Apple to do so, as discussed during the call, Apple provides this brief update on its plan for meeting this production obligation. Apple has run the search term "Brain Box" through its entire collection of emails and other electronic documents of Industrial Design inventors, and has begun producing any relevant documents located as a result of that search on a rolling basis. Apple plans to complete that rolling

**MORRISON** | **FOERSTER**

Diane Hutnyan
December 24, 2011
Page Six

production no later than January 15, 2012.  As discussed during Wednesday's call, if
Samsung has additional search terms it would like Apple to run to satisfy this requirement,
please let us know immediately.

Apple has also run the words "Brain Box," the names of the alleged designers of the "Brain
Box," and the year 1989 through its database of models.  It will produce by
January 15, 2012, any models located as a result of that search.

**Documents from *Apple v. Motorola* ITC Investigation**

During the call, Samsung acknowledged Apple's request to Atmel for its consent to the
production of certain documents containing Atmel CBI.  Samsung also acknowledged
Atmel's email providing that consent.  Apple stated that the Simmons witness statement and
exhibits would be produced by Thursday morning, and that did occur.  Samsung also
demanded that Apple again produce pre- and post- hearing briefing, this time without
redacting Atmel CBI.  Apple agreed to do this, but stated it could not be done on the same
time schedule as the Simmons materials.  (As an update, we are informed that the Atmel
information in the pre- and post-hearing briefs is intertwined with Motorola CBI and thus
Motorola's consent would be needed before a less redacted copy of those briefs could be
provided.)

During Wednesday's call and in prior email correspondence, Samsung accused Apple of
failing to make a similar request for Google's consent.  Apple pointed out, however, that this
request had been made and that you had been copied on the request.  Apple suggested that
you contact *your own law partner at Quinn Emanuel*, who is the lawyer to whom Apple's
request to Google was directed, to accelerate the communication of any consent it wishes to
provide on behalf of Google.

In email communication since Wednesday's call, Apple advised that it needed to know by
close of business Thursday if Google was going to provide its consent or Apple may not be
able to provide the requested Google-related documents until after the holidays.  As of the
date of this letter, Google still has not provided that consent.  If Google consents in the
future, Apple will provide those documents as soon as it can.

In a letter dated December 22, 2011, you asserted that it is Apple's obligation to obtain
consent from third parties to the disclosure of CBI in the *Apple v. Motorola*.  This is
incorrect, according to the Court's December 22, 2011, Order (Dkt 536).  In footnote 1 of the
Order, the Court states that it is Samsung that must seek consent from third parties.  "Should
this process prove unsuccessful, *Samsung* is free to request court intervention and properly
brief the issue of disclosing confidential third-party documents."  (Emphasis added.)

sf-3087750

**MORRISON** | **FOERSTER**

Diane Hutnyan
December 24, 2011
Page Seven

Samsung has requested that Apple advise of any additional complete documents that, like the Simmons and Brown witness statements, could not be produced to Samsung even in redacted fashion because the document consisted entirely of third-party CBI. We have checked again and have been advised that there are no such documents within the categories identified in Marissa Ducca's November 10, 2011, letter.

**Documents sourced to Douglas Satzger**

As we have confirmed numerous times orally and in writing, Apple has conducted two separate extensive searches for any electronic documents sourced to Douglas Satzger, a former employee of Apple who has not worked for the company in three years. During Wednesday's call you requested that Apple confirm in writing that Apple searched its email servers, its email archives, and hard drives or other computers that Mr. Satzger may have used as an employee, and was unable to locate any of his emails or other electronic documents. Apple has done so and has found no work-related emails for Mr. Satzger. Apple also has searched for any paper documents of Mr. Satzger's that may have been collected for prior litigation or otherwise, and did not find anything.

**Addition of search terms**

As we discussed on Wednesday's call, in response to Marissa Ducca's November 29, 2011, letter, Apple has run a significant number of additional search terms through the emails and electronic documents of its Industrial Design team, and Messrs. Chaudhri and Anzures, and has begun producing any relevant documents located as a result of that expanded search on a rolling basis.

As we discussed, with respect to the list of terms Samsung suggested that Apple add to its searches of Industrial Design inventor documents, Apple has added all 38 of them with the exception of the following, which are common terms resulting in an unreasonable number of false hits. In the right hand column is the revised delimited term that Apple will agree to run and produce relevant documents located as a result of that search.

**MORRISON | FOERSTER**

Diane Hutnyan
December 24, 2011
Page Eight

| Term Suggested by Samsung | Delimited Term |
|---|---|
| corner or radius | corner within 25 of radius |
| balanc* | balanc* within 10 of (design or border) |
| thin or light | thin within 10 of light |
| concept | concept within 10 of design |
| target | *none — no basis for relevance* |
| mask | mask and glass and (tablet or display or screen or edge or perimeter) |
| look or feel | look within 10 of feel |
| simpl* | simpl* within 10 of design |
| minimal* | minimal* within 10 of design |
| Speaker or slot | speaker within 25 of slot |
| bezel | bezel and (iPhone or iPad or Q79 or K48 or K93 or K94 or K95 or M68) |
| chamfer | chamfer within 25 of (bezel or rim or receiver) |
| button | button within 10 of (home or menu or volume or hold) |

As we discussed further, with respect to the list of terms Samsung suggested that Apple add to its searches of the documents of Messrs. Chaudhri and Anzures, Apple has added all 76 of them with the exception of the following, which are common terms resulting in an unreasonable number of false hits. In the right hand column is the revised delimited term that Apple will agree to run and produce relevant documents located as a result of that search.

MORRISON | FOERSTER

Diane Hutnyan
December 24, 2011
Page Nine

| Term Suggested by Samsung | Delimited Term |
|---|---|
| grid | grid within 20 of icon |
| array | array within 20 of icon |
| columns | columns within 20 of icon |
| message within 20 of (icon or metaphor) | *none — no basis for relevance* |
| dock | dock within 10 of (icon or bottom or row) |
| status within 5 of bar | none – no basis for relevance |
| springboard | springboard within 10 of (icon or GUI or interface) |
| target | *none — no basis for relevance* |

Finally, with respect to the list of terms Samsung suggested that Apple add to its searches of the documents of utility inventors, Apple has added all of the specific terms identified in quotes on page 2 of Marissa Ducca's November 29, 2011, letter, and will produce on a rolling basis all relevant documents located as a result of that search.

**Date cutoffs for review of design inventor documents**

During Wednesday's call you requested that Apple outline in writing the date range cutoffs currently being applied to the additional documents and things being produced from Apple's Industrial Design department.

The upper-range date cutoffs for review of inventor documents is as disclosed in Apple's November 7, 2011, transparency disclosure (which Apple will revise as soon as possible after it substantially completes its production of additional documents as a result of running the various searched listed in this letter).

Apple has adjusted the lower-range cutoff for electronic Industrial Design inventor documents, and those of Messrs. Chaudhri and Anzures, to January 1, 2002.

With respect to sketchbooks, Apple has collected and is scanning Industrial Design sketchbooks dated on or after January 1, 2003, as well as undated sketchbooks. As ordered, Apple will produce redacted versions of these sketchbooks on a rolling basis, and has already begun to do so. Apple plans to complete this rolling production on or before December 31, 2011.

sf-3087750

**MORRISON | FOERSTER**

Diane Hutnyan
December 24, 2011
Page Ten


At this time, Apple does not intend to apply any particular date cutoffs to its search for relevant CAD or models relating to iPhone, iPad, and iPod touch.  Apple plans to produce all models and CAD relating to iPhone, iPad, and iPod touch, regardless of date, other than those relating to unannounced products.  We will let you know if that changes.

At this time, Apple does not have any reasonable belief that any sketchbooks dated before January 1, 2003, will contain any relevant sketches.  If anything in Apple's review of electronic documents, CAD, or models changes this reasonable belief, we will let you know.


Sincerely,


*/s/ Mia Mazza*


Mia Mazza

cc:     Samuel Maselli
        Calvin Walden
        Peter Kolovos

sf-3087750