# EXHIBIT DD

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S INTERNET ADDRESS
melissachan@quinnemanuel.com

December 6, 2011

VIA E-MAIL

S. Calvin Walden
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, New York 10022

Re: Apple Inc. v. Samsung Elecs. Co., et al., Case No. 11-CV-01846-LHK (N.D. Cal.)

Dear Calvin:

I write in response to your November 15, 2011 letter, and as a follow-up to my October 21, 2011, letter, regarding Apple's Requests for Production Nos. 53-155.  As you know, the parties have already discussed many of the issues in your November 15, 2011, letter during meet and confer sessions.

As we have repeatedly stated on previous calls, Samsung is not withholding or delaying the production of documents that it has already collected, processed and otherwise would have ready for production.  With respect to license and licensing-related documents, the parties have already had extensive discussions regarding the scope of *both parties'* requests for such documents, and Samsung understands that the parties have yet to reach an agreement regarding the reciprocal scope of each party's productions.  To be clear, we understand that to mean that neither Samsung nor Apple is "sitting on" documents that would be otherwise produced.  Samsung of course generally agrees certain licenses would be relevant to this lawsuit, has already produced licenses, and intends to further collect and produce additional licenses responsive to Apple's requests.  Samsung is diligently working to comply with its obligation to

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo  100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow  125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

S. Calvin Walden
December 6, 2011

satisfy the significant discovery burdens placed on it by Apple's discovery requests. Based on the parties' ongoing discussions, however, Samsung is surprised that Apple intends to raise these issues during an in-person meet and confer, and asks Apple to provide basis for its assertion that such licenses—like all the other broad categories of documents Apple is seeking on an expedited basis—warrants the Court's immediate attention, especially in light of Samsung's agreement to produce licenses.

With regard to documents relating to standards and standard-setting organizations (SSOs), Samsung has been producing and continues to collect and produce responsive documents relating to standards and SSOs. Again, Samsung is not deliberately withholding these documents, as your November 15 letter suggests, and has already produced standards documents responsive to your requests. And again, Samsung views these documents as largely within the scope of the reciprocal agreement currently being negotiated between the parties. We have included numerous Apple requests relating to SSOs in our counterproposal to Exhibits A and B, which you will be receiving shortly. Ultimately, the scope of Samsung's production of these documents will depend on the parties' agreement. Subject to the pending agreement, Samsung remains committed to using its best efforts to collect and produce these documents as quickly as possible on an ongoing basis.

Finally, with respect to the assortment of unrelated categories listed as your third issue, many of the Requests for Production categories which concern Apple are the subject of the on-going reciprocal agreement currently being negotiated between the parties. As stated above, once the reciprocal agreement is completed, the parties will have better clarity regarding the scope of their productions to such reciprocal requests. That said, again, Samsung has not deliberately withheld any documents relevant to, and responsive to each of these topics, subject to our written objections.

For each of the categories you list, Samsung has already provided its position, but will reiterate them below. For clarity, we use the categories you identify in your November 15, 2011 letter; Samsung does not, however, necessarily agree that the Requests for Production you cite for each category are accurately summarized or categorized:

1) Documents Related to Inventor/Third Party Compensation for the Asserted Patents.

- Request Nos. 76-78, 140, and 141. As you know, we have discussed the fact that Apple has objected during the depositions of its inventors that such topics are not proper subjects of discovery. Now, it appears Apple has changed its position, after such depositions have already been taken. Nevertheless, Samsung is considering these reciprocal requests, and will also provide its preliminary position in redlines to Exhibit A.

2

S. Calvin Walden
December 6, 2011

2) Documents Related to the Subject Matter of the Asserted Patents.

- Request Nos. 81.  Due to the breadth of this document request—which, as worded, asks for documents "relating to the subject matter of any claim of the Samsung Patents-in-Suit"—Samsung has sought to meet and confer further with Apple to determine the reasonable scope of such request, including how Apple contemplates that this request may yield documents that are not already covered by other requests.  To the extent Apple is seeking such documents as related to the inventors, Samsung has already produced many of such documents and believes that such category should be included in Exhibit A.

3) Documents Related to the Disclosure of the Subject Matter of the Asserted Patents.

- Request Nos. 102-105.  Samsung has already stated in its responses that it will produce responsive documents that it locates upon a reasonable search.  Samsung is not delaying the production of any such documents.  Moreover, Samsung believes that such requests should be addressed in the context of the parties' reciprocal document requests.  *See, e.g.,* Exhibit B (covering Nos. 102-104); Exhibit A (covering No. 105).

4) Documents Related to Any Allegedly Practicing Products.

- Request Nos. 117, 118.  Samsung has produced and intends to produce any additional documents that it can locate relating to products that embody the Samsung patents in suit.

5) Documents Related to Samsung's Competition with Other Companies.

- Request Nos. 149, 150.  Samsung has already produced documents relating to competition issues.  Samsung also anticipates that the parties will discuss the scope of additional productions by both parties in connection with Exhibit A.

6) Documents Related to Prior Litigation Involving Samsung and its Compliance Policies.

- Request Nos. 151-55.  Samsung has already produced documents relating to prior litigation.  Samsung also anticipates that the parties will discuss the scope of additional productions by both parties in connection with Exhibit B.  Finally, your November 15, 2011, letter already recognizes that there are problems with Apple's Request No. 155, but to date, Apple has not raised this request during meet and confer.

7) Documents Related to the Decision to Sue Apple.

- Request No. 110.  Samsung will produce any non-privileged responsive documents that it can locate upon a reasonable search.  Samsung further expects that Apple will do the same, per Exhibit B.

S. Calvin Walden
December 6, 2011

8) Communications Concerning Alleged Infringement of the Asserted Patents.

- Request Nos. 111 and 112.  Samsung will produce any non-privileged responsive documents that it can locate upon a reasonable search.  Samsung further expects that Apple will do the same, per Exhibit B.

9) Documents Related to Royalties for or the Valuation of the Asserted Patents.

- Request No. 114, 115.  Samsung will produce any non-privileged responsive documents that it can locate upon a reasonable search.  Samsung further expects that Apple will do the same, per Exhibit B.  Samsung also notes, however, that this request prematurely seeks information that will be disclosed in the parties' expert reports.

10) Documents Related [to] Samsung's Document Relation Policies.

- Request No. 60.  The parties have already discussed this request and the parties agreed to consult with their clients regarding the scope of the parties' production.  *See* Exhibit B.

Samsung intends to send Apple its revisions and additions to Exhibits A and B as soon as possible.  Meanwhile, Samsung intends to continue searching for and producing documents responsive to these Requests, subject to our written objections and the scope of the reciprocal agreement.

Very truly yours,

QUINN EMANUEL URQUHART & SULLIVAN, LLP


/s/

Melissa N. Chan