# EXHIBIT 1

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Charles K. Verhoeven (Bar No. 170151)
2      charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5    Kevin P.B. Johnson (Bar No. 177129)
       kevinjohnson@quinnemanuel.com
6    Victoria F. Maroulis (Bar No. 202603)
       victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:    (650) 801-5000
   Facsimile:    (650) 801-5100
9

10   Michael T. Zeller (Bar No. 196417)
       michaelzeller@quinnemanuel.com
11  865 S. Figueroa St., 10th Floor
    Los Angeles, California 90017
12  Telephone: (213) 443-3000
    Facsimile: (213) 443-3100

13

14  Attorneys for SAMSUNG ELECTRONICS CO.,
    LTD., SAMSUNG ELECTRONICS AMERICA,
15  INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC

16

17              UNITED STATES DISTRICT COURT

18        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19

20  APPLE INC., a California corporation,          CASE NO. 11-cv-01846-LHK

21              Plaintiff,                         **SAMSUNG'S NOTICE OF MOTION AND
                                                   MOTION TO COMPEL APPLE TO
22       vs.                                       PRODUCE DOCUMENTS AND THINGS;
                                                   MEMORANDUM OF POINTS AND
23  SAMSUNG ELECTRONICS CO., LTD., a               AUTHORITIES IN SUPPORT THEREOF**
    Korean business entity; SAMSUNG
24  ELECTRONICS AMERICA, INC., a New               Date: January 18, 2012
    York corporation; SAMSUNG                      Time: 10:00 a.m.
25  TELECOMMUNICATIONS AMERICA,                    Place: Courtroom 5, 4th Floor
    LLC, a Delaware limited liability company,     Judge: Hon. Paul S. Grewal
26
                Defendant.                         **[PROPOSED] PUBLIC REDACTED
27                                                 VERSION**

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

NOTICE OF MOTION AND MOTION ................................................................................. 1

RELIEF REQUESTED ....................................................................................................... 1

SAMSUNG'S CIVIL L.R. 37-2 STATEMENT ................................................................. 2

SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(A)(1) ........................... 41

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 1

I.      INTRODUCTION ................................................................................................ 1

II.     LEGAL STANDARDS ........................................................................................ 3

III.    ARGUMENT ....................................................................................................... 4

        A.      Source Code and Technical Documents Showing the Operation of
                Allegedly Infringing Product Features Must Be Produced ....................... 4

        B.      Source Code and Technical Documents Relating To Known Prior Art Must
                Be Produced Must be Produced ............................................................... 6

        C.      All Documents Showing Apple's Analysis and Consideration of Samsung
                and Samsung Products Must be Produced .................................................. 7

        D.      The Court Should Compel Apple to Run Samsung's Search Terms In the
                Files Of Its Designers And Produce The Result ....................................... 9

        E.      All Design History Documents Relevant to the Validity of Apple's Design
                Patents Must Be Produced ........................................................................ 9

                1.      All Relevant MCOs, CAD Drawings, Prototypes, and Models Must
                        be Produced ................................................................................ 10

                2.      All Documents Regarding Tiger Must be Produced ................... 11

        F.      Survey and Marketing Documents Related to Apple's Alleged Design and
                Utility Patents, Trade dress, and Trademarks Should be Produced ........ 12

        G.      The Requested Categories of Financial Documents Must Be Produced ........ 13

        H.      Apple Must Be Compelled To Produce Dates for All 30(b)(6) Witnesses ........ 13

        I.      Apple Must be Compelled to Make Noticed Fact Witnesses Available ........ 15

IV.     CONCLUSION .................................................................................................... 16

STATEMENT OF ISSUES TO BE DECIDED .............................................................. 18

# TABLE OF AUTHORITIES

**Page**

## Cases

*Apple, Inc. v. Motorola, Inc.,*
  No. 10-cv-662-bbc (W.D. Wisc.) ................................................................................6

*Avia Group Intern., Inc. v. LA Gear California,*
  853 F.2d 1557 (Fed Cir. 1988) ..................................................................................7

*In re: Certain Personal Data and Mobile Comm. Devices and Related Software,*
  Investigation No. 337-TA-710 ...................................................................................6

*Egyptian Goddess, Inc. v. Swisa, Inc.,*
  543 F.3d 665 (Fed. Cir. 2008) ...................................................................................7

*Elan Microelectronics Corp. v. Apple, Inc.,*
  2011 WL 4048378 (N.D. Cal. Sept. 9, 2011) ...........................................................13

*Elan Microelectronics, Corp. v. Apple, Inc.,*
  No. 09-cv-01531 (N.D. Cal.) (*filed* Apr. 7, 2009) ....................................................6

*George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.,*
  554 F.2d 551 (2d Cir. 1977) .....................................................................................14

*Keithley v. The Homestore. com, Inc.,*
  629 F. Supp. 2d 972 (N.D. Cal. 2008) .......................................................................5

*Lamoureux v. Genesis Pharmacy Services, Inc.,*
  226 F.R.D. 154 (D. Conn. 2004) ................................................................................3

*Lee v. Dayton-Hudson Corp.,*
  838 F.2d 1186 (Fed. Cir. 1988) ...........................................................................10, 11

*Mintz v. Dietz & Watson, Inc.,*
  2008 WL 5147234 (S.D. Cal. Dec. 5, 2008) .............................................................3

*OpenTV v. Liberate Techs.,*
  219 FRD 474, 478 (ND Cal. 2003) ............................................................................5

*Streck, Inc. v. Research & Diagnostic Systems, Inc.,*
  250 F.R.D. 426 (D. Neb. 2008) .................................................................................3

*Struthers Scientific & Int'l Corp. v. Gen. Foods Corp.,*
  290 F. Supp. 122 (S.D. Tex. 1968) ..........................................................................14

## Statutes

Fed. R. Civ. P. 26(b)(1) .................................................................................................3

Fed. R. Civ. P. 34(a) .....................................................................................................3

Patent Local Rule 3-4(a) ....................................................................................................1, 3, 4, 16

Patent Local Rule 3-2(b) ....................................................................................................3, 6

Patent Local Rule 3-3 ........................................................................................................6

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 18, 2012 at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") move the Court for an order compelling Apple Inc. ("Apple") to produce documents and things responsive to Samsung's Requests for Production by January 31, 2012 and to produce deposition dates for all noticed depositions no later than January 22, 2012.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declaration of Diane C. Hutnyan and exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court.

**RELIEF REQUESTED**

Pursuant to Federal Rule of Civil Procedure 37(a)(1), Samsung seeks an order compelling Apple to produce, by January 31, 2012, the following categories of documents and things, as set forth in more below in this Motion:

1. all source code and other technical documents showing the operation of the allegedly infringing product features, including all those corresponding to the baseband processors incorporated in Apple's products, as required by Patent Local Rule 3-4(a);

2. all source code and other technical documents related to known prior art to the asserted patents, as required by Patent Local Rule 3-2(a);

3. all emails and documents showing Apple's analysis and consideration of Samsung and Samsung products, including those resulting from a reasonable search of documents for the party (Samsung) and products at issue, and their aliases;

    4.   all design history documents, including mechanical outlines ("MCOs"), prototypes, whether complete or not, physical models, sketchbooks, and other documents relevant to the validity of Apple's design patents, asserted trademark and trade dress rights.

    5.   all survey and marketing documents related to Apple's alleged design and utility patents, trade dress, and trademarks; and

    6.   all financial documents, relevant to showing the alleged value, or lack thereof, of Apple's asserted patents;

Samsung also seeks an order compelling Apple to provide, by January 22, 2012, dates for each of the individually noticed fact witnesses and for witnesses to testify on the topics in Samsung's First 30(b)(6) Notice.

### SAMSUNG'S CIVIL L.R. 37-2 STATEMENT

Pursuant to Civil L.R. 37-2, Samsung's discovery requests to Apple are set forth in full below along with Apple's responses and objections:

**SAMSUNG'S REQUEST FOR PRODUCTION NO. 98:**

All DOCUMENTS and things relating to any information, including patents, publications, prior knowledge, public uses, sales, or offers for sale, that may constitute, contain, disclose, refer to, relate to, or embody any PRIOR ART to any alleged invention claimed by the APPLE IP.

**APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Apple objects to the phrase "relating to any information" as vague and ambiguous, and the request is vague and ambiguous to the extent it seeks information regarding "PRIOR ART" for Apple trademarks and trade dress. Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially because it requests "all DOCUMENTS and things." Apple objects to this request as calling for information that is not relevant to the claims in this case to the extent it seeks information regarding patents and patent claims not asserted by Apple. Apple objects to this

1  request to the extent it seeks production of documents that: (i) are protected from discovery by the

2  attorney-client privilege or the work product doctrine, or any other applicable privilege or

3  immunity; (ii) are outside of Apple's possession, custody, or control; (iii) would require Apple to

4  draw a legal conclusion to respond; (iv) can be obtained as easily by Samsung, are already in

5  Samsung's possession, or are publicly available; or (v) would be duplicative of the production

6  sought in Requests Nos. 81, 92, 96, or 97.

7       Subject to these objections, Apple is willing to meet and confer to discuss the scope and

8  relevance of the documents sought by Samsung.

9       <u>Source Code/Technical Documents</u>

10  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 39:**

11       All DOCUMENTS relating to any Software used to operate or enable any accused

12  functionality of any of the APPLE ACCUSED PRODUCTS, including but not limited to release

13  notes, algorithms, flowcharts, diagrams, notes, and manuals.

14  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

15       Apple objects to this request as overly broad, unduly burdensome, and not reasonably

16  calculated to lead to the discovery of admissible evidence. Apple further objects to the term

17  "relating to" to the extent that it fails to provide reasonable particularity as to the scope of the

18  documents sought. Apple further objects to this request to the extent that it seeks documents and

19  things protected from disclosure by the attorney-client privilege, work product doctrine, joint

20  defense or common interest privilege, or other applicable privilege, doctrine, or immunity.

21       Subject to and without waiving the foregoing General and Specific Objections, Apple is

22  willing to meet and confer to discuss the scope and relevance of the documents sought by

23  Samsung.

24  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 194:**

25       Documents sufficient to show each Baseband Processor incorporated in each APPLE

26  ACCUSED PRODUCT.

27  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 194:**

28

1    Apple objects to this request to the extent that it seeks the production of documents that are

2   publicly available. Apple further objects to this request to the extent that it seeks documents

3   outside of Apple's possession, custody, or control.

4    Subject to and without waiving the foregoing General and Specific Objections, Apple has

5   produced or will produce responsive, non-privileged documents in its possession, custody, or

6   control located after a reasonable search that are sufficient to show to the requested information.

7   **SAMSUNG'S REQUEST FOR PRODUCTION NO. 195:**

8    All Software used to operate or enable the function of every Baseband Processor

9   incorporated into each APPLE ACCUSED PRODUCT that performs any part of the functions of a

10   Baseband Processor, whether stored on the Baseband Processor itself or in external memory.

11   **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 195:**

12    Apple objects to this request as vague, ambiguous, and unintelligible, in particular with

13   respect to the use of the phrase "functions of a Baseband Processor" and the term "external

14   memory." Apple further objects to this request on grounds that it is overly broad, unduly

15   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

16   especially insofar as it seeks "All Software" which performs "any part" of the functions of a

17   Baseband Processor. Apple further objects to this request to the extent that it seeks documents and

18   things that are not within Apple's possession, custody, or control.

19    Subject to and without waiving the foregoing General and Specific Objections, Apple is

20   willing to meet and confer to discuss the meaning, scope, and relevance of Samsung's request.

21   **SAMSUNG'S REQUEST FOR PRODUCTION NO. 196:**

22    All Executable Software used to operate or enable the function of every Baseband

23   Processor incorporated into the APPLE ACCUSED PRODUCTS that performs any part of the

24   functions of a Baseband Processor, whether stored on the Baseband Processor itself or in external

25   memory.

26   **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 196:**

27    Apple objects to this request as vague, ambiguous, and unintelligible, in particular with

28   respect to the use of the phrase "functions of a Baseband Processor" and the term "external

1  memory." Apple further objects to this request on grounds that it is overly broad, unduly

2  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

3  especially insofar as it seeks "All Executable Software" which performs "any part" of the

4  functions of a Baseband Processor. Apple further objects to this request to the extent that it seeks

5  documents and things that are not within Apple's possession, custody, or control.

6      Subject to and without waiving the foregoing General and Specific Objections, Apple is

7  willing to meet and confer to discuss the meaning, scope, and relevance of Samsung's request.

8  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 200:**

9      All Documents concerning the modification or customization of any Software of any

10 Baseband Processor, including but not limited to modification performed by Apple or at Apple's

11 direction.

12 **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 200:**

13     Apple objects to the phrase "modification or customization" as vague and ambiguous.

14 Apple further objects to this request on grounds that it is overly broad, unduly burdensome, and

15 not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it

16 seeks documents relating to the "modification or customization" of Baseband Processors not at

17 issue in this lawsuit. Apple further objects to this request to the extent that it seeks documents

18 outside of Apple's possession, custody, or control.

19     Subject to and without waiving the foregoing General and Specific Objections, Apple is

20 willing to meet and confer to discuss the scope and relevance of Samsung's request.

21 **SAMSUNG'S REQUEST FOR PRODUCTION NO. 201:**

22     All Documents prepared by or at the direction of any Baseband Processor manufacturer or

23 supplier concerning the functionality of any Baseband Processor incorporated or used in an

24 APPLE ACCUSED PRODUCT.

25 **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 201:**

26     Apple objects to this request to the extent that it seeks documents outside of Apple's

27 possession, custody, or control. Apple further objects to this request on grounds that it is overly

28 broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

1    evidence, especially insofar as this request seeks documents describing functionality not at issue in

2    this lawsuit.

3        Subject to and without waiving the foregoing General and Specific Objections, Apple has

4    produced or will produce responsive, non-privileged samples of documents in its possession,

5    custody, or control, if any, located after a reasonable search, regarding the accused functionality.

6    **SAMSUNG'S REQUEST FOR PRODUCTION NO. 202:**

7        All Documents reflecting Communications with any manufacturer or supplier of any

8    Baseband Processor relating to the Baseband Processor, the Software used therein, or Executable

9    Software used therein.

10   **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 202:**

11       Apple objects to the term "reflecting" as vague and ambiguous and failing to identify with

12   sufficient particularity the documents sought. Apple further objects to this request on grounds that

13   it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

14   admissible evidence, especially insofar as this request seeks documents relating to Baseband

15   Processors not at issue in this lawsuit. Apple further objects to this request to the extent that it

16   seeks the production of documents that are protected from discovery by the attorney-client

17   privilege, work product doctrine, joint defense or common interest privilege, or any other

18   applicable privilege, doctrine, or immunity. Apple further objects to this request to the extent that

19   it seeks the production of documents that are subject to a confidentiality or nondisclosure

20   agreement or governed by a protective order preventing its production.

21       Subject to and without waiving the foregoing General and Specific Objections, Apple is

22   willing to meet and confer to discuss the scope and relevance of Samsung's request.

23   **SAMSUNG'S REQUEST FOR PRODUCTION NO. 203:**

24       All specifications and datasheets for each Baseband Processor in each APPLE ACCUSED

25   PRODUCT.

26   **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 203:**

27       Apple objects to the term "datasheets" as vague and ambiguous and failing to identify with

28   sufficient particularity the documents sought. Apple further objects to this request on grounds that

1    it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

2    admissible evidence. Apple further objects to this request to the extent that it seeks documents

3    outside of Apple's possession, custody, or control.

4          Subject to and without waiving the foregoing General and Specific Objections, Apple has

5    produced or will produce relevant, non-privileged documents in its possession, custody, or control

6    located after a reasonable search that are responsive to this request.

7    **SAMSUNG'S REQUEST FOR PRODUCTION NO. 204:**

8          All technical documents describing the structure, function, and/or operation of each

9    Baseband Processor used in each APPLE ACCUSED PRODUCT.

10   **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 204:**

11         Apple objects to this request on grounds that it is overly broad, unduly burdensome, and

12   not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as this

13   request seeks documents describing functionality not at issue in this lawsuit. Apple further objects

14   to this request to the extent that it seeks documents outside of Apple's possession, custody, or

15   control.

16         Subject to and without waiving the foregoing General and Specific Objections, Apple has

17   produced or will produce relevant, non-privileged documents in its possession, custody, or control

18   located after a reasonable search that are responsive to this request.

19   **SAMSUNG'S REQUEST FOR PRODUCTION NO. 205:**

20         An electronic copy of source code or software code used to operate or enable each

21   Baseband Processor used in each APPLE ACCUSED PRODUCT.

22   **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 205:**

23         Apple objects to the phrase "used to operate or enable" as vague and ambiguous. Apple

24   further objects to this request on grounds that it is overly broad, unduly burdensome, and not

25   reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to this

26   request to the extent that it seeks documents outside of Apple's possession, custody, or control.

27         Subject to and without waiving the foregoing General and Specific Objections, and subject

28   to any source code provisions of the interim protective order and the protective order that is

1  currently being negotiated, Apple has made or will make available for inspection source code or

2  software code in its possession, custody, or control, if any, located after a reasonable search,

3  regarding the accused functionality.

4  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 206:**

5        Hardware description languages (HDL) code for each Baseband Processor used in each

6  APPLE ACCUSED PRODUCT.

7  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 206:**

8        Apple objects to this request to the extent that it seeks documents outside of Apple's

9  possession, custody, or control. Apple further objects to this request on grounds that it is overly

10  broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

11  evidence, especially insofar as this request seeks code unrelated to the accused functionality in the

12  Baseband Processors.

13        Subject to and without waiving the foregoing General and Specific Objections, Apple does

14  not have HDL code responsive to this request.

15  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 207:**

16        Register programming manuals for each Baseband Processor used in each APPLE

17  ACCUSED PRODUCT.

18  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 207:**

19        Apple objects to the term "register programming manuals" as vague and ambiguous. Apple

20  further objects to this request to the extent that it seeks documents outside of Apple's possession,

21  custody, or control. Apple further objects to this request on grounds that it is overly broad, unduly

22  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

23        Subject to and without waiving the foregoing General and Specific Objections, Apple is

24  willing to meet and confer to discuss the scope and relevance of Samsung's request.

25  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 208:**

26        All documents describing the functions and algorithms performed by the software or

27  hardware used to operate or enable each Baseband Processor used in each APPLE ACCUSED

28  PRODUCT.

1   **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 208:**

2        Apple objects to the phrase "used to operate or enable" as vague and ambiguous. Apple

3   further objects to this request on grounds that it is overly broad, unduly burdensome, and not

4   reasonably calculated to lead to the discovery of admissible evidence, especially insofar as this

5   request seeks documents describing functions and algorithms unrelated to the accused

6   functionality in the Baseband Processors. Apple objects to this request to the extent that it seeks

7   documents outside of Apple's possession, custody, or control.

8        Subject to and without waiving the foregoing General and Specific Objections, Apple is

9   willing to meet and confer to discuss the scope and relevance of Samsung's request.

10  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 209:**

11       All build instructions associated with the software used to operate or enable each Baseband

12  Processor used in each APPLE ACCUSED PRODUCT.

13  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 209:**

14       Apple objects to the term "build instructions" and the phrases "associated with the

15  software" and "used to operate or enable" as vague and ambiguous. Apple further objects to this

16  request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to

17  lead to the discovery of admissible evidence, especially insofar as this request seeks documents

18  and things pertaining to software which is unrelated to the accused functionality in the  Baseband

19  Processors. Apple further objects to this request to the extent that it seeks documents outside of

20  Apple's possession, custody, or control.

21       Subject to and without waiving the foregoing General and Specific Objections, Apple is

22  willing to meet and confer to discuss the meaning, scope, and relevance of Samsung's request.

23  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 210:**

24       All documents or materials regarding the firmware architecture for the Baseband Processor

25  and/or Executable Software used in each APPLE ACCUSED PRODUCT.

26  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 210:**

27       Apple objects to the term "firmware architecture" as vague and ambiguous. Apple further

28  objects to this request on grounds that it is overly broad, unduly burdensome, and not reasonably

1  calculated to lead to the discovery of admissible evidence, especially insofar as this request seeks

2  documents and things pertaining to firmware or software which is unrelated to the accused

3  functionality in the Baseband Processors. Apple further objects to this request to the extent that it

4  seeks documents outside of Apple's possession, custody, or control.

5       Subject to and without waiving the foregoing General and Specific Objections, Apple has

6  produced or will produce responsive, non-privileged documents in its possession, custody, or

7  control, if any, located after a reasonable search, sufficient to show the firmware pertaining to the

8  accused functionality.

9  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 212:**

10      All documents regarding the transmission of images, messages, and addresses by the

11  APPLE ACCUSED PRODUCTS, including by email or multimedia message.

12  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 212:**

13      Apple objects to Samsung's use of the term "regarding" as vague and ambiguous and

14  failing to identify with sufficient particularity the documents sought. Apple further objects to this

15  request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to

16  lead to the discovery of admissible evidence, especially insofar as this request seeks documents

17  describing functionality not at issue in this lawsuit.

18      Subject to and without waiving the foregoing General and Specific Objections, Apple has

19  produced or will produce responsive, non-privileged documents in its possession, custody, or

20  control, if any, located after a reasonable search, sufficient to show the functionality of the accused

21  products with respect to transmission of images, messages, and addresses.

22  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 213:**

23      All documents regarding image processing by the APPLE ACCUSED PRODUCTS,

24  including capture, processing, storage, display, and transmission of images, messages and

25  addresses, especially insofar as this request seeks documents describing functionality not at issue

26  in this lawsuit.

27  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 213:**

28

1    Apple objects to Samsung's use of the term "regarding" as vague and ambiguous and

2 failing to identify with sufficient particularity the documents sought. Apple further objects to the

3 term "image processing" as vague and ambiguous. Apple further objects to this request on grounds

4 that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery

5 of admissible evidence.

6    Subject to and without waiving the foregoing General and Specific Objections, Apple has

7 produced or will produce responsive, non-privileged documents in its possession, custody, or

8 control, if any, located after a reasonable search, sufficient to show the image processing

9 functionality of the accused products.

10 **SAMSUNG'S REQUEST FOR PRODUCTION NO. 214:**

11    All documents regarding the "Mail," "Photos," and "Camera" applications for the APPLE

12 ACCUSED PRODUCTS.

13 **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 214:**

14    Apple objects to Samsung's use of the term "regarding" as vague and ambiguous and

15 failing to identify with sufficient particularity the documents sought. Apple further objects to this

16 request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to

17 lead to the discovery of admissible evidence, especially insofar as this request seeks documents

18 describing functionality not at issue in this lawsuit.

19    Subject to and without waiving the foregoing General and Specific Objections, Apple is

20 willing to meet and confer to discuss the scope and relevance of Samsung's request.

21 **SAMSUNG'S REQUEST FOR PRODUCTION NO. 215:**

22    All documents regarding any Software or portions of Software for the APPLE ACCUSED

23 PRODUCTS that transmits images, messages, and addresses by email or multimedia messages,

24 including the design and development of this Software.

25 **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 215:**

26    Apple objects to Samsung's use of the term "regarding" as vague and ambiguous and

27 failing to identify with sufficient particularity the documents sought. Apple objects to this request

28 on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the

1  discovery of admissible evidence, especially insofar as this request seeks documents relating to

2  software not at issue in this lawsuit.

3      Subject to and without waiving the foregoing General and Specific Objections, Apple is

4  willing to meet and confer to discuss the scope and relevance of Samsung's request.

5  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 216:**

6      All documents regarding any Software or portions of Software for the APPLE ACCUSED

7  PRODUCTS that processes images, including any Software that captures, processes, stores, and

8  displays images.

9  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 216:**

10      Apple objects to Samsung's use of the term "regarding" as vague and ambiguous and

11  failing to identify with sufficient particularity the documents sought. Apple further objects to the

12  phrase "processes images" as vague and ambiguous. Apple further objects to this request on

13  grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the

14  discovery of admissible evidence, especially insofar as this request seeks documents relating to

15  software not at issue in this lawsuit.

16      Subject to and without waiving the foregoing General and Specific Objections, Apple is

17  willing to meet and confer to discuss the scope and relevance of Samsung's request.

18  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 217:**

19      All documents regarding any Hardware or portions of Hardware in the APPLE ACCUSED

20  PRODUCTS that transmits images, messages, and addresses by email or multimedia messages,

21  including the design and development of this Hardware.

22  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 217:**

23      Apple objects to Samsung's use of the term "regarding" as vague and ambiguous and

24  failing to identify with sufficient particularity the documents sought. Apple further objects to this

25  request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to

26  lead to the discovery of admissible evidence, especially insofar as this request seeks documents

27  relating to hardware not at issue in this lawsuit.

28

1    Subject to and without waiving the foregoing General and Specific Objections, Apple is

2    willing to meet and confer to discuss the scope and relevance of Samsung's request.

3    **SAMSUNG'S REQUEST FOR PRODUCTION NO. 218:**

4    All documents regarding any Hardware or portions of Hardware in the APPLE ACCUSED

5    PRODUCTS that processes images, including any Hardware that captures, processes, stores, and

6    displays images.

7    **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 218:**

8    Apple objects to Samsung's use of the term "regarding" as vague and ambiguous and

9    failing to identify with sufficient particularity the documents sought. Apple further objects to the

10    phrase "processes images" as vague and ambiguous. Apple further objects to this request on

11    grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the

12    discovery of admissible evidence, especially insofar as this request seeks documents relating to

13    hardware not at issue in this lawsuit.

14    Subject to and without waiving the foregoing General and Specific Objections, Apple is

15    willing to meet and confer to discuss the scope and relevance of Samsung's request.

16    **SAMSUNG'S REQUEST FOR PRODUCTION NO. 232:**

17    All documents, including but not limited to software, source code, touch screen hardware

18    diagrams, prototypes, and operational product exemplars from or relating to FingerWorks,

19    including but not limited to documents related to the APPLE PATENTS-IN-SUIT, FingerWorks'

20    products, FingerWorks' potential products, research and/or development, and papers sufficient to

21    show Apple's acquisition of FingerWorks.

22    **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 232:**

23    Apple objects to this request as overly broad, unduly burdensome, and not reasonably

24    calculated to lead to the discovery of admissible evidence, including without limitation because it

25    seeks documents related to products, components and/or functionality not at issue in this lawsuit.

26    Apple objects that the request is vague and unclear, in particular as it appears to ask for "all

27    documents" with no limiting language. Apple further objects to the term "relating to" to the extent

28    that it fails to provide reasonable particularity as to the scope of the documents sought. Apple

1   further objects to this request to the extent that it purports to require the production of documents

2   and things protected from disclosure by the attorney-client privilege, attorney work product

3   doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or

4   immunity.

5        Subject to and without waiving the foregoing General and Specific Objections, Apple has

6   produced or will produce responsive, non-privileged documents in its possession, custody, or

7   control, if any, located after a reasonable search, regarding FingerWorks' products, research and

8   development, sufficient to show Apple's acquisition of FingerWorks.

9        NeXT OS Documents

10  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 233:**

11       A fully operational exemplar of a NeXTcube workstation computer running the

12  NeXTSTEP Operating System, version 3.1; or, if version 3.1 is unavailable, version 3.0.

13  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 233:**

14       Apple objects to this request as not reasonably calculated to lead to the discovery of

15  admissible evidence, including without limitation because it seeks an exemplar of a product that

16  was manufactured roughly twenty years ago and is unrelated to this lawsuit. Apple objects further

17  to this request to the extent it seeks items that are i) outside of Apple's possession, custody, or

18  control; or (ii) can be obtained as easily by Samsung or are publicly available.

19       Subject to and without waiving the foregoing General and Specific Objections, Apple is

20  willing to meet and confer to discuss the scope and relevance of the documents and things sought

21  by Samsung.

22  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 234:**

23       A fully operational exemplar of a NeXTstation workstation computer running the

24  NeXTSTEP Operating System, version 3.1; or, if version 3.1 is unavailable, version 3.0.

25  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 234:**

26       Apple objects to this request as not reasonably calculated to lead to the discovery of

27  admissible evidence, including without limitation because it seeks an exemplar of a product that

28  was manufactured roughly twenty years ago and is unrelated to this lawsuit. Apple objects further

1   to this request to the extent it seeks items that are i) outside of Apple's possession, custody, or

2   control; or (ii) can be obtained as easily by Samsung or are publicly available.

3       Subject to and without waiving the foregoing General and Specific Objections, Apple is

4   willing to meet and confer to discuss the scope and relevance of the documents and things sought

5   by Samsung.

6   **SAMSUNG'S REQUEST FOR PRODUCTION NO. 235:**

7       A fully operational and installable copy of the executable software for NeXTSTEP

8   Operating System, version 3.1; or, if version 3.1 is unavailable, version 3.0.

9   **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 235:**

10      Apple objects to this request as not reasonably calculated to lead to the discovery of

11  admissible evidence, including without limitation because it seeks an exemplar of a product that

12  was manufactured roughly twenty years ago and is unrelated to this lawsuit. Apple objects further

13  to this request to the extent it seeks items that are i) outside of Apple's possession, custody, or

14  control; or (ii) can be obtained as easily by Samsung or are publicly available.

15      Subject to and without waiving the foregoing General and Specific Objections, Apple is

16  willing to meet and confer to discuss the scope and relevance of the documents and things sought

17  by Samsung.

18  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 236:**

19      An electronic copy of all source code and software code for NeXTSTEP Operating

20  System, versions 3.0 and 3.1.

21  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 236:**

22      Apple objects to this request as not reasonably calculated to lead to the discovery of

23  admissible evidence, including without limitation because it seeks an exemplar of a product that

24  was manufactured roughly twenty years ago and is unrelated to this lawsuit. Apple objects further

25  to this request to the extent it seeks items that are i) outside of Apple's possession, custody, or

26  control; or (ii) can be obtained as easily by Samsung or are publicly available.

27

28

1  Subject to and without waiving the foregoing General and Specific Objections, Apple is

2  willing to meet and confer to discuss the scope and relevance of the documents and things sought

3  by Samsung.

4  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 237:**

5  All technical documents, user guides, and manuals describing the function or operation of

6  the NeXTSTEP Operating System, versions 3.0 and 3.1.

7  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 237:**

8  Apple objects to this request as not reasonably calculated to lead to the discovery of

9  admissible evidence, including without limitation because it seeks an exemplar of a product that

10  was manufactured roughly twenty years ago and is unrelated to this lawsuit. Apple objects further

11  to this request to the extent it seeks items that are i) outside of Apple's possession, custody, or

12  control; or (ii) can be obtained as easily by Samsung or are publicly available.

13  Subject to and without waiving the foregoing General and Specific Objections, Apple is

14  willing to meet and confer to discuss the scope and relevance of the documents sought by

15  Samsung.

16  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 238:**

17  Documents sufficient to identify all persons involved in the design and coding of the

18  NeXTSTEP application dock, the icon bar on the right side of the NeXTSTEP Operating System,

19  version 3.0 and 3.1, that allows a user to interact with the program applications associated with

20  each icon.

21  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 238:**

22  Apple objects to this request as not reasonably calculated to lead to the discovery of

23  admissible evidence, including without limitation because it seeks information regarding products

24  that were manufactured roughly twenty years ago and are unrelated to this lawsuit. Apple objects

25  further to this request to the extent it seeks documents that are outside of Apple's possession,

26  custody, or control.

27

28

1    Subject to and without waiving the foregoing General and Specific Objections, Apple is

2  willing to meet and confer to discuss the scope and relevance of the documents sought by

3  Samsung.

4  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 239:**

5    All documents and things relating to the NeXTSTEP application dock, NeXTcube,

6  NeXTstation, all versions of the NeXTSTEP Operating System, NeXT Computer, Inc., (a.k.a.

7  NeXT Software, Inc., or NeXT, Inc.) or subsidiaries of NeXT Computer, Inc., produced to

8  Motorola in Apple, Inc. v. Motorola, Inc., Case No. 10-CV-662 in the Western District of

9  Wisconsin.

10  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 239:**

11    Apple objects to this request as overly broad, unduly burdensome, and not reasonably

12  calculated to lead to the discovery of admissible evidence, including without limitation because it

13  seeks documents related to product, components and/or functionality not at issue in this lawsuit.

14  Apple further objects to this request because it is improper for Samsung to use this lawsuit as a

15  means to obtain discovery pertaining to other proceedings. Apple further objects to the term

16  "relating to" to the extent that it fails to provide reasonable particularity as to the scope of the

17  documents sought. Apple objects further to this request to the extent it seeks documents and things

18  that are outside of Apple's possession, custody, or control.

19    Subject to and without waiving the foregoing General and Specific Objections, Apple is

20  willing to meet and confer to discuss the scope and relevance of the documents and things sought

21  by Samsung.

22    Surveys and Marketing Documents

23  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 29:**

24    All DOCUMENTS relating to the size or potential size of the market for each of the

25  APPLE ACCUSED PRODUCTS.

26  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

27    Apple objects to this request on the grounds that it is overly broad, unduly burdensome,

28  vague, and ambiguous, and seeks information that is neither relevant nor reasonably calculated to

1   lead to the discovery of admissible evidence. Apple further objects to the term "relating" to the

2   extent that it fails to provide reasonable particularity as to the scope of the documents sought.

3   Apple further objects to this request on the grounds that it is unlimited in time and geography.

4   Apple further objects to this request to the extent that it purports to require the production of

5   documents and things protected from disclosure by the attorney-client privilege, attorney work

6   product doctrine, joint defense or common interest privilege, or any other applicable privilege,

7   doctrine, or immunity.

8           Subject to and without waiving the foregoing General and Specific Objections, Apple has

9   produced or will produce responsive, non-privileged documents in its possession, custody, or

10  control, if any, located after a reasonable search as discussed in more detail above.

11  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 44:**

12          All DOCUMENTS and things concerning the market or demand for the APPLE

13  ACCUSED PRODUCTS.

14  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

15          Apple objects to this request as overly broad, unduly burdensome, and not reasonably

16  calculated to lead to the discovery of admissible evidence. Apple further objects to the phrase

17  "market or demand" as vague and ambiguous. Apple further objects to the term "concerning" to

18  the extent that it fails to provide reasonable particularity as to the scope of the documents sought.

19  Apple further objects to this request to the extent it requests documents not in Apple's possession,

20  custody, or control. Apple further objects to this request to the extent it is not limited as to time or

21  geography. Apple further objects to this request to the extent that it purports to require the

22  production of documents and things protected from disclosure by the attorney-client privilege,

23  attorney work product doctrine, joint defense or common interest privilege, or any other applicable

24  privilege, doctrine, or immunity.

25          Subject to and without waiving the foregoing General and Specific Objections, Apple has

26  produced or will produce responsive, non-privileged documents in its possession, custody, or

27  control, if any, located after a reasonable search, sufficient to show accused functionality.

28  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 130:**

1  All DOCUMENTS, COMMUNICATIONS and things concerning any analyses, studies,

2 reports, memoranda, opinions, advice, communications or correspondence by APPLE, regarding

3 any commercialization any of the APPLE PATENTS-IN-SUIT or APPLE instrumentalities,

4 including marketing plans, market demand or market share analysis (including both projected and

5 actual).

6 **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

7  Apple objects to the term "concerning" to the extent that it fails to provide reasonable

8 particularity as to the scope of the documents sought. Apple objects to the phrases "concerning

9 any analyses, studies, reports, memoranda, opinions, advice, communications or correspondence"

10 and "regarding any commercialization [sic] any of the APPLE PATENTS-IN-SUIT or APPLE

11 instrumentalities" as vague and ambiguous. Apple objects to this request as overly broad, unduly

12 burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

13 especially because it requests "all DOCUMENTS, COMMUNICATIONS and things." Apple

14 objects to this request as calling for information that is not relevant to the claims in this case to the

15 extent it seeks information regarding patents and patent claims not asserted by Apple. Apple

16 objects to this request to the extent it seeks production of documents that: (i) would require Apple

17 to draw a legal conclusion to respond; (ii) can be obtained as easily by Samsung, are already in

18 Samsung's possession, or are publicly available; (iii) are subject to a confidentiality or

19 nondisclosure agreement or governed by a protective order preventing its production; or (iv) are

20 subject to a confidentiality or non-disclosure agreement or governed by a protective order

21 preventing its production.

22  Subject to these objections, Apple is willing to meet and confer to discuss the scope and

23 relevance of the documents sought by Samsung.

24 **SAMSUNG'S REQUEST FOR PRODUCTION NO. 147:**

25  All DOCUMENTS supporting, refuting, or otherwise relating to Apple's contention that

26 any element or combination of elements of the APPLE TRADE DRESS and APPLE

27 TRADEMARKS have acquired secondary meaning.

28 **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

1    Apple objects to the phrase "supporting, refuting, or otherwise relating to Apple's

2    contention" as vague and ambiguous. Apple objects to this request as overly broad, unduly

3    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

4    especially because it requests "all DOCUMENTS." Apple objects to this request to the extent it

5    seeks production of documents that: (i) are protected from discovery by the attorney-client

6    privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not

7    relevant to the claims or defenses at issue in this case; (iii) are outside of Apple's possession,

8    custody, or control; (iv) would require Apple to draw a legal conclusion to respond; or (v) can be

9    obtained as easily by Samsung, are already in Samsung's possession, or are publicly available.

10   Apple further objects to Samsung's request as overbroad to the extent it purports to require

11   Apple to conduct a search for documents that is more extensive than is reasonable under the

12   circumstances. Subject to and without waiving the foregoing General and Specific Objections,

13   Apple has produced or will produce responsive, non-privileged documents in its possession,

14   custody, or control, if any, located after a reasonable search as discussed in more detail above.

15   **SAMSUNG'S REQUEST FOR PRODUCTION NO. 148:**

16   All DOCUMENTS supporting, refuting, or otherwise relating to Apple's contention that

17   any element or combination of elements of the APPLE TRADE DRESS and APPLE

18   TRADEMARKS are inherently distinctive.

19   **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

20   Apple objects to the phrase "supporting, refuting, or otherwise relating to Apple's

21   contention" as vague and ambiguous. Apple objects to this request as overly broad, unduly

22   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

23   especially because it requests "all DOCUMENTS." Apple objects to this request to the extent it

24   seeks production of documents that: (i) are protected from discovery by the attorney-client

25   privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not

26   relevant to the claims or defenses at issue in this case; (iii) are outside of Apple's possession,

27   custody, or control; (iv) would require Apple to draw a legal conclusion to respond; or (v) can be

28   obtained as easily by Samsung, are already in Samsung's possession, or are publicly available.

1    Apple further objects to Samsung's request as overbroad to the extent it purports to require

2  Apple to conduct a search for documents that is more extensive than is reasonable under the

3  circumstances. Subject to and without waiving the foregoing General and Specific Objections,

4  Apple has produced or will produce responsive, non-privileged documents in its possession,

5  custody, or control, if any, located after a reasonable search as discussed in more detail above.

6  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 162:**

7    All DOCUMENTS relating to Apple's contention that SAMSUNG is diluting or likely to

8  dilute the APPLE TRADE DRESS.

9  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

10    Apple objects to this request as overly broad, unduly burdensome, and not reasonably

11  calculated to lead to the discovery of admissible evidence, especially because it requests "all

12  DOCUMENTS." Apple objects to this request to the extent it seeks production of documents that:

13  (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or

14  any other applicable privilege or immunity; (ii) are outside of Apple's possession, custody, or

15  control; or (iii) can be obtained as easily by Samsung, are already in Samsung's possession, or are

16  publicly available.

17    Apple further objects to Samsung's request as overbroad to the extent it purports to require

18  Apple to conduct a search for documents that is more extensive than is reasonable under the

19  circumstances. Subject to and without waiving the foregoing General and Specific Objections,

20  Apple has produced or will produce responsive, non-privileged documents in its possession,

21  custody, or control, if any, located after a reasonable search as discussed in more detail above.

22  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 163:**

23    DOCUMENTS sufficient to show all advertising expenditures, by type and by product, for

24  the APPLE ACCUSED PRODUCTS since 2007.

25  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

26    Apple objects to the phrase "advertising expenditures" as vague and ambiguous. Apple

27  objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead

28  to the discovery of admissible evidence, especially because it requests "all advertising

1  expenditures." Apple objects to this request as calling for information that is not relevant to the

2  claims or defenses at issue in this case.

3  　　Apple further objects to Samsung's request as overbroad to the extent it purports to require

4  Apple to conduct a search for documents that is more extensive than is reasonable under the

5  circumstances. Subject to and without waiving the foregoing General and Specific Objections,

6  Apple has produced or will produce responsive, non-privileged documents in its possession,

7  custody, or control, if any, located after a reasonable search as discussed in more detail above.

8  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 165:**

9  　　All DOCUMENTS relating to all studies, including formal or informal analysis,

10  investigation, surveys, focus groups, consumer research, articles, or other information relating to

11  consumer confusion or dilution in connection with the SAMSUNG ACCUSED PRODUCTS.

12  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

13  　　Apple objects to the phrase "informal analysis" and "information relating to consumer

14  confusion or dilution in connection with the SAMSUNG ACCUSED PRODUCTS" as vague and

15  ambiguous. Apple objects to this request as overly broad, unduly burdensome, and not reasonably

16  calculated to lead to the discovery of admissible evidence, especially because it requests "all

17  DOCUMENTS," and to the extent it requests all documents related to consumer confusion or

18  dilution "in connection with" Samsung products without limitation to its alleged infringement of

19  another product or another products infringement of the products. Apple objects to this request to

20  the extent it seeks production of documents that: (i) are protected from discovery by the attorney-

21  client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii)

22  are not relevant to the claims or defenses at issue in this case; (iii) are outside of Apple's

23  possession, custody, or control; (iv) would require Apple to draw a legal conclusion to respond; or

24  (v) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly

25  available.

26  　　Apple further objects to Samsung's request as overbroad to the extent it purports to require

27  Apple to conduct a search for documents that is more extensive than is reasonable under the

28  circumstances. Subject to and without waiving the foregoing General and Specific Objections,

1  Apple has produced or will produce responsive, non-privileged documents in its possession,

2  custody, or control, if any, located after a reasonable search as discussed in more detail above.

3  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 169:**

4      All DOCUMENTS that support, refute, or otherwise relate to your contention that any of

5  the APPLE TRADE DRESS or APPLE TRADEMARKS are distinctive and famous, including the

6  degree of inherent distinctiveness, the duration and extent of use in connection with your goods

7  and services, the duration and extent of advertising and publicity of the trade dress/marks, the

8  geographical extent of the trading area in which the trade dress/marks are used, the channels of

9  trade for the goods or services with which the trade dress/marks are used, the degree of

10  recognition of the marks in the trading areas and channels of trade used by You and SAMSUNG,

11  and the nature and extent of the use of the same or similar trade dress/marks by third parties.

12  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

13      Apple objects to the phrases "duration and extent of advertising and publicity of the trade

14  dress/marks, the geographical extent of the trading area in which the trade dress/marks are used"

15  and "the degree of recognition of the marks in the trading areas and channels of trade used by You

16  and SAMSUNG" as vague and ambiguous. Apple objects to this request as overly broad, unduly

17  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

18  especially because it requests "all DOCUMENTS." Apple objects to this request to the extent it

19  seeks production of documents that: (i) are protected from discovery by the attorney client

20  privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are

21  outside of Apple's possession, custody, or control; (iii) would require Apple to draw a legal

22  conclusion to respond; or (iv) can be obtained as easily by Samsung, are already in Samsung's

23  possession, or are publicly available.

24      Apple further objects to Samsung's request as overbroad to the extent it purports to require

25  Apple to conduct a search for documents that is more extensive than is reasonable under the

26  circumstances. Subject to and without waiving the foregoing General and Specific Objections,

27  Apple has produced or will produce responsive, non-privileged documents in its possession,

28  custody, or control, if any, located after a reasonable search as discussed in more detail above.

**SAMSUNG'S REQUEST FOR PRODUCTION NO. 170:**

All DOCUMENTS and things relating to any formal or informal trademark or PRIOR ART-related searches or investigations conducted by, or on behalf of, Apple concerning any of the APPLE TRADE DRESS, APPLE TRADEMARKS, or APPLE DESIGN PATENTS, including, but not limited to, any PRIOR ART searches, market studies, surveys, focus groups, or other studies.

**APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

Apple objects to the terms "informal" and "concerning" as vague and ambiguous and failing to provide reasonable particularity as to the scope of the documents sought. Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially because it requests "all DOCUMENTS and things." Apple objects to this request to the extent it seeks production of documents that are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search as discussed in more detail above.

**SAMSUNG'S REQUEST FOR PRODUCTION NO. 177:**

All DOCUMENTS relating to all studies, including formal or informal analysis, investigation, surveys, focus groups, consumer research, articles, or other information relating to the APPLE TRADE DRESS and APPLE TRADEMARKS, including the secondary meaning thereof.

**APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

Apple objects to the phrase "relating to all studies, including formal or informal analysis, investigation [sic]" as vague and ambiguous. Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially because it requests "all DOCUMENTS." Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney client

1    privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not

2    relevant to the claims or defenses at issue in this case; (iii) are outside of Apple's possession,

3    custody, or control; (iv) would require Apple to draw a legal conclusion to respond; (v) can be

4    obtained as easily by Samsung, are already in Samsung's possession, or are publicly available; or

5    (vi) are subject to a confidentiality or non-disclosure agreement or governed by a protective order

6    preventing its production.

7         Apple further objects to Samsung's request as overbroad to the extent it purports to require

8    Apple to conduct a search for documents that is more extensive than is reasonable under the

9    circumstances. Subject to and without waiving the foregoing General and Specific Objections,

10   Apple has produced or will produce responsive, non-privileged documents in its possession,

11   custody, or control, if any, located after a reasonable search as discussed in more detail above.

12   **SAMSUNG'S REQUEST FOR PRODUCTION NO. 178:**

13        All DOCUMENTS relating to all studies, including formal or informal analysis,

14   investigation, surveys, focus groups, consumer research, articles, or other information relating to

15   the APPLE DESIGN PATENTS.

16   **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**

17        Apple objects to the phrase "relating to all studies, including formal or informal analysis,

18   investigation, surveys, focus groups, consumer research, articles, or other information relating to

19   the APPLE DESIGN PATENTS" as vague and ambiguous. Apple objects to this request as overly

20   broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

21   evidence, especially because it requests "all DOCUMENTS." Apple objects to this request to the

22   extent it seeks production of documents that: (i) are protected from discovery by the attorney-

23   client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii)

24   are not relevant to the claims or defenses at issue in this case; (iii) are outside of Apple's

25   possession, custody, or control; (iv) would require Apple to draw a legal conclusion to respond;

26   (v) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly

27   available; or (vi) are subject to a confidentiality or non-disclosure agreement or governed by a

28   protective order preventing its production.

1    Apple further objects to Samsung's request as overbroad to the extent it purports to require

2    Apple to conduct a search for documents that is more extensive than is reasonable under the

3    circumstances. Subject to and without waiving the foregoing General and Specific Objections,

4    Apple has produced or will produce responsive, non-privileged documents in its possession,

5    custody, or control, if any, located after a reasonable search as discussed in more detail above.

6    **SAMSUNG'S REQUEST FOR PRODUCTION NO. 190:**

7    All advertising plans, media spending reports, return on investment reports concerning (1)

8    advertisements, (2) consumer research regarding advertisements, and (3) the identity of all third

9    parties Apple has use to design, generate, review, or disseminate advertisements for the iPhone,

10    iPad, and iPod touch.

11    **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 190:**

12    Apple objects to the term "concerning" to the extent that it fails to provide reasonable

13    particularity as to the scope of the documents sought. Apple objects to the phrase "concerning (1)

14    advertisements, (2) consumer research regarding advertisements, and (3) the identity of all third

15    parties Apple has use to design, generate, review, or disseminate advertisements" as vague and

16    ambiguous. Apple objects to this request as overly broad, unduly burdensome, and not reasonably

17    calculated to lead to the discovery of admissible evidence, especially because it requests

18    "advertising plans, media spending reports, return on investment reports." Apple objects to this

19    request to the extent it seeks production of documents that: (i) are protected from discovery by the

20    attorney-client privilege or the work product doctrine, or any other applicable privilege or

21    immunity; (ii) are outside of Apple's possession, custody, or control; or (iii) can be obtained as

22    easily by Samsung, are already in Samsung's possession, or are publicly available.

23    Subject to and without waiving the foregoing General and Specific Objections, Apple is

24    willing to meet and confer to discuss the scope and relevance of the documents sought by

25    Samsung.

26    **SAMSUNG'S REQUEST FOR PRODUCTION NO. 191:**

27    All DOCUMENTS and things RELATING TO the customers and target consumer groups

28    to whom Apple has marketed, advertised, promoted, or sold services or goods in connection with

1  any of the APPLE TRADE DRESS or TRADEMARKS, including without limitation, all

2  documents concerning consumer demographics, behavior, sophistication, buying habits, process of

3  buying a smart phone or tablet computer, and consumer preferences in electronics.

4  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 191:**

5       Apple objects to the term "concerning" to the extent that it fails to provide reasonable

6  particularity as to the scope of the documents sought. Apple objects to the phrase "concerning

7  consumer demographics, behavior, sophistication, buying habits, process of buying a smart phone

8  or tablet computer, and consumer preferences in electronics" as vague and ambiguous. Apple

9  objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead

10  to the discovery of admissible evidence, especially because it requests "all DOCUMENTS and

11  things." Apple objects to this request to the extent it seeks production of documents that: (i) are

12  protected from discovery by the attorney-client privilege or the work product doctrine, or any

13  other applicable privilege or immunity; (ii) are outside of Apple's possession, custody, or control;

14  or (iii) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly

15  available.

16       Apple further objects to Samsung's request as overbroad to the extent it purports to require

17  Apple to conduct a search for documents that is more extensive than is reasonable under the

18  circumstances. Subject to and without waiving the foregoing General and Specific Objections,

19  Apple has produced or will produce responsive, non-privileged documents in its possession,

20  custody, or control, if any, located after a reasonable search as discussed in more detail above.

21  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 249:**

22       All documents relating to any formal or informal market or consumer testing, surveys,

23  studies or research conducted, commissioned, or otherwise received by APPLE concerning

24  phones, tablets and media players, including any version of the iPhone, iPad or iPod Touch, or any

25  SAMSUNG product.

26  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 249:**

27       ????

28       <u>Financial Documents</u>

1  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 6:**

2      DOCUMENTS, including, any charts, schematics, drawing or figures, sufficient to show

3  the manufacturer(s) for each APPLE ACCUSED PRODUCT in the past five years, including the

4  location of manufacture, the volume of manufacture, and the time period during which such

5  manufacture occurred.

6  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

7      Apple objects to this request as overly broad, unduly burdensome, and not reasonably

8  calculated to lead to the discovery of admissible evidence. Apple further objects to the phrase

9  "volume of manufacture" as vague and ambiguous. Apple further objects that the term

10 "manufacturer(s)" is vague and overbroad in context.

11     Subject to and without waiving the foregoing General and Specific Objections, Apple is

12 willing to meet and confer to discuss the scope and relevance of the documents sought by

13 Samsung.

14 **SAMSUNG'S REQUEST FOR PRODUCTION NO. 7:**

15     For each sale of an APPLE ACCUSED PRODUCT, DOCUMENTS sufficient to show

16 when, where, and by whom the APPLE ACCUSED PRODUCT was sold.

17 **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

18     Apple objects to this request on the grounds that it is overbroad and unduly burdensome,

19 and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

20 admissible evidence. Apple further objects to this request on the grounds that it is unlimited in

21 time.

22     Subject to and without waiving the foregoing General and Specific Objections, Apple has

23 produced or will produce responsive, non-privileged financial data sufficient to show Apple's U.S.

24 sales of accused products over the relevant time period.

25 **SAMSUNG'S REQUEST FOR PRODUCTION NO. 8:**

26     DOCUMENTS sufficient to show the place of manufacture and the place of sale for each

27 unit of each APPLE ACCUSED PRODUCT and the dollar amount of sales associated with such

28 unit.

**APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Apple objects to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to this request on the grounds that it is unlimited in time.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged financial data sufficient to show Apple's U.S. sales of accused products over the relevant time period and non-privileged documents regarding place of manufacture of such products.

**SAMSUNG'S REQUEST FOR PRODUCTION NO. 25:**

DOCUMENTS sufficient to determine the following on a monthly or quarterly basis from April 15, 2005 for the APPLE ACCUSED PRODUCTS, including components thereof:

a. Total gross and net revenues (by product, customer, period and location);

b. Total quantity of units sold (by product, customer, period and location);

c. Cost of goods sold, including but not limited to, direct purchases, direct labor, indirect and/or overhead costs, and any allocation of those direct, indirect and/or overhead costs to the APPLE ACCUSED PRODUCTS;

d. Actual total cost or variances from standard costs;

e. Gross and net profits; and

f. All costs other than standard costs, including but not limited to, selling, advertising, general and administrative expenses, and any allocation of those expenses to the APPLE ACCUSED PRODUCTS.

**APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or

1    control, if any, located after a reasonable search, sufficient to show U.S. sales of accused products

2    over the relevant time period, including information related to revenue and profitability.

3    **SAMSUNG'S REQUEST FOR PRODUCTION NO. 29:**

4        All DOCUMENTS relating to the size or potential size of the market for each of the

5    APPLE ACCUSED PRODUCTS.

6    **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

7        Apple objects to this request on the grounds that it is overly broad, unduly burdensome,

8    vague, and ambiguous, and seeks information that is neither relevant nor reasonably calculated to

9    lead to the discovery of admissible evidence. Apple further objects to the term "relating" to the

10   extent that it fails to provide reasonable particularity as to the scope of the documents sought.

11   Apple further objects to this request on the grounds that it is unlimited in time and geography.

12   Apple further objects to this request to the extent that it purports to require the production of

13   documents and things protected from disclosure by the attorney-client privilege, attorney work

14   product doctrine, joint defense or common interest privilege, or any other applicable privilege,

15   doctrine, or immunity.

16       Subject to and without waiving the foregoing General and Specific Objections, Apple has

17   produced or will produce responsive, non-privileged documents in its possession, custody, or

18   control, if any, located after a reasonable search as discussed in more detail above.

19   **SAMSUNG'S REQUEST FOR PRODUCTION NO. 42:**

20       All DOCUMENTS relating to the pricing of the APPLE ACCUSED PRODUCTS.

21   **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

22       Apple objects to this request as overly broad, unduly burdensome, and not reasonably

23   calculated to lead to the discovery of admissible evidence especially insofar as it seeks documents

24   relating to technology, components and/or functionality not at issue in this lawsuit. Apple further

25   objects to this request to the extent it is not limited as to time or geography. Apple further objects

26   to the term "relating to" to the extent that it fails to provide reasonable particularity as to the scope

27   of the documents sought.

28

1    Subject to and without waiving the foregoing General and Specific Objections, Apple has

2    produced or will produce responsive, non-privileged documents in its possession, custody, or

3    control, if any, located after a reasonable search as discussed in more detail above.

4    **SAMSUNG'S REQUEST FOR PRODUCTION NO. 43:**

5    All business plans, strategic plans, operating plans, financial plans, sales plans, and capital

6    or investment plans concerning the APPLE ACCUSED PRODUCTS.

7    **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

8    Apple objects to this request as overly broad, unduly burdensome, and not reasonably

9    calculated to lead to the discovery of admissible evidence. Apple further objects to the term

10    "concerning" to the extent that it fails to provide reasonable particularity as to the scope of the

11    documents sought. Apple further objects to this request to the extent it is not limited as to time or

12    geography. Apple further objects to the terms "business plans, strategic plans, operating plans,

13    financial plans, sales plans, and capital or investment plans" as vague and ambiguous. Apple

14    further objects to this request to the extent that it purports to require the production of documents

15    and things protected from disclosure by the attorney-client privilege, attorney work product

16    doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or

17    immunity.

18    Subject to and without waiving the foregoing General and Specific Objections, Apple has

19    produced or will produce responsive, non-privileged documents in its possession, custody, or

20    control, if any, located after a reasonable search, sufficient to show accused functionality.

21    **SAMSUNG'S REQUEST FOR PRODUCTION NO. 44:**

22    All DOCUMENTS and things concerning the market or demand for the APPLE

23    ACCUSED PRODUCTS.

24    **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

25    Apple objects to this request as overly broad, unduly burdensome, and not reasonably

26    calculated to lead to the discovery of admissible evidence. Apple further objects to the phrase

27    "market or demand" as vague and ambiguous. Apple further objects to the term "concerning" to

28    the extent that it fails to provide reasonable particularity as to the scope of the documents sought.

1  Apple further objects to this request to the extent it requests documents not in Apple's possession,

2  custody, or control. Apple further objects to this request to the extent it is not limited as to time or

3  geography. Apple further objects to this request to the extent that it purports to require the

4  production of documents and things protected from disclosure by the attorney-client privilege,

5  attorney work product doctrine, joint defense or common interest privilege, or any other applicable

6  privilege, doctrine, or immunity.

7         Subject to and without waiving the foregoing General and Specific Objections, Apple has

8  produced or will produce responsive, non-privileged documents in its possession, custody, or

9  control, if any, located after a reasonable search, sufficient to show accused functionality.

10  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 54:**

11         All DOCUMENTS relating to any analysis of Your actual or projected gross profits, net

12  profits, gross profit margins, and net profit margins in the United States relating to each APPLE

13  ACCUSED PRODUCT from April 15, 2005 to the present.

14  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

15         Apple objects to this request as overly broad, unduly burdensome, and not reasonably

16  calculated to lead to the discovery of admissible evidence. Apple further objects to the term

17  "relating to" to the extent that it fails to provide reasonable particularity as to the scope of the

18  documents sought.

19         Subject to and without waiving the foregoing General and Specific Objections, Apple has

20  produced or will produce responsive, non-privileged documents in its possession, custody, or

21  control, if any, located after a reasonable search, sufficient to show financial data regarding U.S.

22  sales of accused products over the relevant time period, including information related to revenue

23  and profitability.

24  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 55:**

25         All DOCUMENTS relating to business plans and projections, sales forecasts, or other

26  business planning relating to the APPLE ACCUSED PRODUCTS.

27  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

28

1    Apple objects to this request as overly broad, unduly burdensome, and not reasonably

2   calculated to lead to the discovery of admissible evidence. Apple further objects to the term

3   "relating to" to the extent that it fails to provide reasonable particularity as to the scope of the

4   documents sought. Apple further objects to the terms "business plans and projections" and "other

5   business planning" as vague and ambiguous. Apple further objects to this request to the extent it is

6   not limited as to time or geography. Apple further objects to this request to the extent that it

7   purports to require the production of documents and things protected from disclosure by the

8   attorney-client privilege, attorney work product doctrine, joint defense or common interest

9   privilege, or any other applicable privilege, doctrine, or immunity.

10    Subject to and without waiving the foregoing General and Specific Objections, Apple has

11   produced or will produce responsive, non-privileged documents in its possession, custody, or

12   control, if any, located after a reasonable search, sufficient to show financial data regarding U.S.

13   sales of accused products over the relevant time period, including information related to revenue

14   and profitability.

15   **SAMSUNG'S REQUEST FOR PRODUCTION NO. 69:**

16    DOCUMENTS sufficient to show Your monthly, quarterly, and annual manufacturing or

17   production volume for the APPLE ACCUSED PRODUCTS for the five years immediately

18   preceding this request, and the location of such manufacturing or production.

19   **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

20    Apple objects to this request as overly broad, unduly burdensome, and not reasonably

21   calculated to lead to the discovery of admissible evidence.

22    Subject to and without waiving the foregoing General and Specific Objections, Apple is

23   willing to meet and confer to discuss the scope and relevance of the documents sought by

24   Samsung.

25

26   **SAMSUNG'S REQUEST FOR PRODUCTION NO. 116:**

27

28

1    DOCUMENTS sufficient to show any profits or losses on domestic sales of APPLE'S

2  products incorporating electronic digital media devices, both as individual units and in the

3  aggregate.

4  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

5    Apple objects to the phrases "sufficient to show any profits or losses" and "products

6  incorporating electronic digital media devices" as vague and ambiguous. Apple objects to this

7  request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

8  discovery of admissible evidence, especially because it requests documents providing information

9  on domestic sales of Apple products without limitation to the technology at issue in this case.

10  Apple objects to this request to the extent it seeks production of documents that: (i) are not

11  relevant to the claims or defenses at issue in this case; or (ii) are subject to a confidentiality or

12  non-disclosure agreement or governed by a protective order preventing its production.

13    Subject to and without waiving the foregoing General and Specific Objections, Apple is

14  willing to meet and confer to discuss the scope and relevance of the documents sought by

15  Samsung.

16  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 130:**

17    All DOCUMENTS, COMMUNICATIONS and things concerning any analyses, studies,

18  reports, memoranda, opinions, advice, communications or correspondence by APPLE, regarding

19  any commercialization any of the APPLE PATENTS-IN-SUIT or APPLE instrumentalities,

20  including marketing plans, market demand or market share analysis (including both projected and

21  actual).

22  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

23    Apple objects to the term "concerning" to the extent that it fails to provide reasonable

24  particularity as to the scope of the documents sought. Apple objects to the phrases "concerning

25  any analyses, studies, reports, memoranda, opinions, advice, communications or correspondence"

26  and "regarding any commercialization [sic] any of the APPLE PATENTS-IN-SUIT or APPLE

27  instrumentalities" as vague and ambiguous. Apple objects to this request as overly broad, unduly

28  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

1   especially because it requests "all DOCUMENTS, COMMUNICATIONS and things." Apple

2   objects to this request as calling for information that is not relevant to the claims in this case to the

3   extent it seeks information regarding patents and patent claims not asserted by Apple. Apple

4   objects to this request to the extent it seeks production of documents that: (i) would require Apple

5   to draw a legal conclusion to respond; (ii) can be obtained as easily by Samsung, are already in

6   Samsung's possession, or are publicly available; (iii) are subject to a confidentiality or

7   nondisclosure agreement or governed by a protective order preventing its production; or (iv) are

8   subject to a confidentiality or non-disclosure agreement or governed by a protective order

9   preventing its production.

10      Subject to these objections, Apple is willing to meet and confer to discuss the scope and

11   relevance of the documents sought by Samsung.

12   **SAMSUNG'S REQUEST FOR PRODUCTION NO. 131:**

13      All DOCUMENTS regarding the market for any of the APPLE PATENTS-IN-SUIT

14   including documents regarding competitors in the industry, prices, revenues, profits, product

15   designs of any instrumentality that competes with any APPLE instrumentality.

16   **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

17      Apple objects to the phrase "regarding the market" and "any instrumentality that competes

18   with any APPLE instrumentality" as vague and ambiguous. Apple objects to this request as overly

19   broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

20   evidence, especially because it requests "all DOCUMENTS." Apple objects to this request to the

21   extent it seeks production of documents that: (i) are protected from discovery by the attorney-

22   client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii)

23   are not relevant to the claims or defenses at issue in this case; (iii) are outside of Apple's

24   possession, custody, or control; (iv) can be obtained as easily by Samsung, are already in

25   Samsung's possession, or are publicly available; or (v) are subject to a confidentiality or

26   nondisclosure agreement or governed by a protective order preventing its production.

27      Subject to these objections, Apple is willing to meet and confer to discuss the scope and

28   relevance of the documents sought by Samsung.

1  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 132:**

2      All DOCUMENTS related to APPLE'S actual and projected net profits or losses on sales,

3  licenses, distributions or other transfers of any APPLE PATENT-IN-SUIT or APPLE

4  instrumentality, including all of APPLE'S profit and loss statements.

5  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

6      Apple objects to the phrases "related to APPLE'S actual and projected net profits or

7  losses" and "APPLE instrumentality" as vague and ambiguous. Apple objects to this request as

8  overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

9  admissible evidence, especially because it requests "all DOCUMENTS." Apple objects to this

10  request to the extent it seeks production of documents that: (i) are protected from discovery by the

11  attorney-client privilege or the work product doctrine, or any other applicable privilege or

12  immunity; (ii) are not relevant to the claims or defenses at issue in this case; (iii) are outside of

13  Apple's possession, custody, or control; (iv) would require Apple to draw a legal conclusion to

14  respond; (v) can be obtained as easily by Samsung, are already in Samsung's possession, or are

15  publicly available; or (vi) are subject to a confidentiality or non-disclosure agreement or governed

16  by a protective order preventing its production.

17      Subject to these objections, Apple is willing to meet and confer to discuss the scope and

18  relevance of the documents sought by Samsung.

19  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 133:**

20      All DOCUMENTS and COMMUNICATIONS concerning business plans, strategic plans,

21  studies, budgets, forecasts, meetings or presentations related to any of the APPLE PATENTS- IN-

22  SUIT or to the licensing of any other intellectual property rights held by APPLE.

23  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

24      Apple objects to this request as vague and ambiguous in its entirety. Apple objects to the

25  term "concerning" to the extent that it fails to provide reasonable particularity as to the scope of

26  the documents sought. Apple objects to this request as overly broad, unduly burdensome, and not

27  reasonably calculated to lead to the discovery of admissible evidence, especially because it

28  requests "all DOCUMENTS and COMMUNICATIONS" and those "related" to "any other

1   intellectual property rights held by APPLE." Apple objects to this request to the extent it seeks

2   production of documents that: (i) are protected from discovery by the attorney-client privilege or

3   the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to

4   the claims or defenses at issue in this case; (iii) are outside of Apple's possession, custody, or

5   control; or (iv) are subject to a confidentiality or non-disclosure agreement or governed by a

6   protective order preventing its production.

7        Apple further objects to Samsung's request as overbroad to the extent it purports to require

8   Apple to conduct a search for documents that is more extensive than is reasonable under the

9   circumstances. Subject to and without waiving the foregoing General and Specific Objections,

10  Apple has produced or will produce responsive, non-privileged documents in its possession,

11  custody, or control, if any, located after a reasonable search as discussed in more detail above.

12  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 134:**

13       All DOCUMENTS related to any valuation of any of the APPLE PATENTS-IN-SUIT,

14  including any appraisals, assessments, evaluations, valuations or opinions regarding the actual or

15  potential value of any of the APPLE PATENTS-IN-SUIT.

16  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

17       Apple objects to the phrase "related to any valuation" as vague and ambiguous. Apple

18  objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead

19  to the discovery of admissible evidence, especially because it requests "all DOCUMENTS." Apple

20  objects to this request to the extent it seeks production of documents that: (i) are protected from

21  discovery by the attorney-client privilege or the work product doctrine, or any other applicable

22  privilege or immunity; (ii) are outside of Apple's possession, custody, or control; (iii) would

23  require Apple to draw a legal conclusion to respond; (iv) can be obtained as easily by Samsung,

24  are already in Samsung's possession, or are publicly available; or (v) are subject to a

25  confidentiality or non-disclosure agreement or governed by a protective order preventing its

26  production.

27       Apple further objects to Samsung's request as overbroad to the extent it purports to require

28  Apple to conduct a search for documents that is more extensive than is reasonable under the

1   circumstances. Subject to and without waiving the foregoing General and Specific Objections,

2   Apple has produced or will produce responsive, non-privileged documents in its possession,

3   custody, or control, if any, located after a reasonable search as discussed in more detail above.

4   **SAMSUNG'S REQUEST FOR PRODUCTION NO. 175:**

5       All analysis, studies, reports, and research relating to the reason for increases or decreases

6   in Apple profits or market share since 2007.

7   **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

8       Apple objects to the phrase "analysis, studies, reports, and research relating to the reason

9   for increases or decreases" as vague and ambiguous. Apple objects to this request as overly broad,

10  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

11  especially to the extent it seeks "all analysis, studies, reports, and research." Apple objects to this

12  request to the extent it seeks production of documents that: (i) are protected from discovery by the

13  attorney-client privilege or the work product doctrine, or any other applicable privilege or

14  immunity; (ii) are not relevant to the claims or defenses at issue in this case; (iii) are outside of

15  Apple's possession, custody, or control; (iv) can be obtained as easily by Samsung, are already in

16  Samsung's possession, or are publicly available; or (v) are subject to a confidentiality or non-

17  disclosure agreement or governed by a protective order preventing its production.

18      Subject to and without waiving the foregoing General and Specific Objections, Apple is

19  willing to meet and confer to discuss the scope and relevance of the documents sought by

20  Samsung.

21  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 252:**

22      Documents sufficient to show the cost to APPLE of all iPhone, iPad and iPod Touch

23  versions.

24  **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 252:**

25      ?????????

26  **SAMSUNG'S REQUEST FOR PRODUCTION NO. 253:**

27      Documents sufficient to show the cost to consumers of all iPhone, iPad, and iPod Touch

28  versions, including shipping and related costs, and the availability of discounts and coupons.

1    **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 253:**

2        ????????????

3    **SAMSUNG'S REQUEST FOR PRODUCTION NO. 254:**

4        Documents sufficient to show the cost to distributors of all iPhone, iPad, and iPod Touch

5    versions, including shipping and related costs, and the availability of discounts and coupons.

6    **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 254:**

7        ????????????????

8        Conception/Reduction to Practice

9    **SAMSUNG'S REQUEST FOR PRODUCTION NO. 83:**

10        All DOCUMENTS and things relating to the conception of any alleged invention claimed

11    by the APPLE IP, including, without limitation, any documents or things which APPLE contends

12    corroborate such conception, including, without limitation, laboratory notebooks, schematics,

13    drawings, specifications, source code, artwork, formulas, and prototypes.

14    **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

15        Apple objects to the phrases "relating to the conception of any alleged invention" as vague

16    and ambiguous, and object to this request as vague and ambiguous to the extent it seeks

17    information regarding conception of an invention for Apple trademarks and trade dress. Apple

18    objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead

19    to the discovery of admissible evidence, especially because it requests "all DOCUMENTS and

20    things," and as it calls for information that is not relevant to the claims in this case to the extent it

21    seeks information regarding patents and patent claims not asserted by Apple. Apple objects to the

22    production of "laboratory notebooks, schematics, drawings, specifications, source code, artwork,

23    formulas, and prototypes" without adequate safeguards against unauthorized release of new

24    product information. Apple objects to this request to the extent it seeks production of documents

25    that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine,

26    or any other applicable privilege or immunity, or any other applicable privilege or immunity; (ii)

27    are outside of Apple's possession, custody, or control; (iii) would require Apple to draw a legal

28

1 conclusion to respond; or (iv) can be obtained as easily by Samsung, are already in Samsung's

2 possession, or are publicly available.

3       Subject to and without waiving the foregoing General and Specific Objections, Apple has

4 produced or will produce responsive, non-privileged documents in the possession, custody, or

5 control of the named inventors of Apple's asserted patents currently employed by Apple, if any,

6 located after a reasonable search, sufficient to show conception of Apple's utility and design

7 patents at issue.

8 **SAMSUNG'S REQUEST FOR PRODUCTION NO. 86:**

9       All DOCUMENTS and things relating to the reduction to practice of any alleged invention

10 claimed by the APPLE IP, including, without limitation, any documents or things which APPLE

11 contends corroborate such reduction to practice.

12 **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

13       Apple objects to the phrase "relating to the reduction to practice" as vague and ambiguous,

14 and the request is vague and ambiguous to the extent it seeks reduction to practice of Apple's

15 asserted trademark and trade dress rights. Apple objects to this request as overly broad, unduly

16 burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

17 especially because it requests "all DOCUMENTS and things." Apple objects to this request to the

18 extent it seeks production of documents that: (i) are protected from discovery by the attorney-

19 client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii)

20 are outside of Apple's possession, custody, or control; (iii) would require Apple to draw a legal

21 conclusion to respond; or (iv) can be obtained as easily by Samsung, are already in Samsung's

22 possession, or are publicly available.

23       Subject to and without waiving the foregoing General and Specific Objections, Apple has

24 produced or will produce responsive, non-privileged documents in the possession, custody, or

25 control of the named inventors of Apple's asserted patents currently employed by Apple, if any,

26 located after a reasonable search, sufficient to show reduction to practice of the Apple utility and

27 design patents.

28 **SAMSUNG'S PI REQUEST FOR PRODUCTION NO. 1:**

1    DOCUMENTS RELATING to the conception and reduction to practice of the DESIGN

2  PATENTS and the '381 PATENT.

3  **APPLE'S RESPONSE TO PI REQUEST FOR PRODUCTION NO. 1:**

4    Apple incorporates its General Objections. Apple objects to this request to the extent it

5  seeks the production of documents that: (i) are protected from discovery by the attorney-client

6  privilege or the work product doctrine; (ii) are outside of Apple's possession, custody, or control;

7  (iii) would require Apple to draw a legal conclusion to respond; or (iv) can be obtained as easily

8  by Samsung, are already in Samsung's possession, or are publicly available.

9    Subject to these objections, Apple will produce relevant, non-privileged documents within

10  its possession, custody, or control, if any, after conducting a reasonable search.

11

12    **SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)**

13    Samsung hereby certifies that it has in good faith conferred with Apple in an effort to

14  obtain the discovery described immediately above without Court action.  Samsung's efforts to

15  resolve this discovery dispute without court intervention are described in paragraphs of the

16  declaration of Diane C. Hutnyan, submitted herewith.

17  DATED: January 10, 2012         QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
18

19

20                                  By  /s/ Victoria F. Maroulis
                                      Charles K. Verhoeven
21                                    Kevin P.B. Johnson
                                      Victoria F. Maroulis
22                                    Michael T. Zeller
                                      Attorneys for SAMSUNG ELECTRONICS CO.,
23                                    LTD., SAMSUNG ELECTRONICS AMERICA,
                                      INC., and SAMSUNG
24                                    TELECOMMUNICATIONS AMERICA, LLC

25

26

27

28

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Samsung moves to compel the production of items within six discrete categories of highly relevant documents, by January 31, 2012:

    1. all source code and other technical documents showing the operation of the allegedly infringing product features, including all those corresponding to the baseband processors incorporated in Apple's products, as required by Patent Local Rule 3-4(a);

    2. all source code and other technical documents related to known prior art to the asserted patents, as required by Patent Local Rule 3-2(a);

    3. all emails and documents showing Apple's analysis and consideration of Samsung and Samsung products, including those resulting from a reasonable search of documents for the party (Samsung) and products at issue, and their aliases;

    4. all design history documents, including mechanical outlines ("MCOs"), prototypes, whether complete or not, physical models, sketchbooks, and other documents relevant to the validity of Apple's design patents, asserted trademark and trade dress rights.

    5. all survey and marketing documents related to Apple's alleged design and utility patents, trade dress, and trademarks; and

    6. all financial documents, relevant to showing the alleged value, or lack thereof, of Apple's asserted patents;

Samsung also seeks an order compelling Apple to provide, by January 22, 2012, dates for each of the individually noticed fact witnesses and for witnesses to testify on the topics in Samsung's First 30(b)(6) Notice.

Apple created the urgency for these highly relevant documents by seeking expedited discovery.  With only two months left for fact discovery, Samsung needs these documents and depositions immediately to invalidate Apple's patents-in-suit, show that Apple's products infringe Samsung's patents, defend against Apple's allegations, and calculate potential damages.

1    Neither this Court's order, nor the Patent Local Rules, nor even the representations that

2    Apple makes to Samsung and the Court regarding producing documents seems to propel Apple

3    into action.  While repeatedly emphasizing to this Court the vast *quantity* of documents that Apple

4    has supposedly produced, it has flatly refused to produce whole categories of highly relevant

5    documents, withheld 30(b)(6) witnesses for all topics, and failed to make fact witnesses available

6    on a timely basis.

7    Moreover, Apple has not even made a reasonable effort on the discovery Samsung has

8    requested.  For example, while spending week after week on meet and confer calls claiming to be

9    searching for a number of specific prior art items, and then suggesting they may simply not exist,

10   it turned out that Apple was ███████████████████████████████████████████████

11   ████████████████████████████████████████████████████████████  (Hutnyan

12   Decl. ¶ 27; Ex. O)███████████████████████████████████████

13   Though purporting to discuss Samsung's requests for relevant source code for weeks, Apple

14   refused to even acknowledge it had any baseband processor source code until after the lead

15   counsel meet-and confer on this motion.  (Hutnyan Decl. Ex. B).  And after spending weeks

16   negotiating a proposal to streamline the production of categories of requested documents the

17   parties deemed "reciprocal" (that is, calling for the same categories of requested documents),

18   Apple completely ignored Samsung's last counterproposal and moved against it on several of the

19   categories on a shortened deadline, while refusing to provide any of the reciprocal categories,

20   much less by any date certain.

21   The games must end.  With less than two months remaining before the close of fact

22   discovery, Apple must be ordered to produce these categories of documents ***immediately***.  As

23   Apple knows, its delays and outright refusal to produce documents prevent Samsung from

24   conducting upcoming depositions, unearthing additional relevant discovery, preparing expert

25   _____

26   [1]  During the lead counsel meet and confer, on January 5, 2012, Apple admitted this library
     holds relevant historical documents and artifacts, had been accessed by it for recent litigation

27   against another adversary, and has an established process for granting access to third parties upon
     Apple's request.  (Hutnyan Decl. ¶ 27).

28

SAMSUNG'S MOTION TO COMPEL APPLE TO PRODUCE DOCUMENTS AND THINGS

1   reports, and preparing for trial.  Accordingly, Samsung asks the Court to compel Apple's

2   production of these critical documents and things no later than January 31, 2012, and to compel

3   Apple to provide deposition dates for all noticed depositions no later than January 22, 2012.

4   **II.     LEGAL STANDARDS**

5          A party is entitled to seek through discovery "any nonprivileged matter that is relevant to

6   any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  "A party may serve on any other party a

7   request within the scope of Rule 26(b): (1) to produce . . . . (A) any designated documents . . . ; or

8   (B) any designated tangible things." Fed. R. Civ. P. 34(a).

9          A party's promises to produce do not moot a motion to compel, and an order compelling

10  production is perfectly appropriate (and, as it is here, necessary) to back up or expand on a party's

11  vague promises of future production.  "Either information has been disclosed or it has not been

12  disclosed.  If it has not been disclosed, then, plainly, it remains to be compelled." *Lamoureux v.*

13  *Genesis Pharmacy Services, Inc.*, 226 F.R.D. 154, 159 (D. Conn. 2004) (emphasis in original).

14  *See also Mintz v. Dietz & Watson, Inc.*, 2008 WL 5147234 (S.D. Cal. Dec. 5, 2008) (granting

15  motion to compel where defendant agreed to produce invoices, but full production had not been

16  made and the late production had delayed a deposition); *Streck, Inc. v. Research & Diagnostic*

17  *Systems, Inc.*, 250 F.R.D. 426, 435 (D. Neb. 2008) (granting motion to compel where "defendants

18  ha[d] agreed to the production, but later refused" to comply).

19         Patent Local Rule ("P.L.R.") 3-2(b) provides for the automatic production of documents

20  and things regarding any asserted patents, including:

21         "(b) All documents evidencing the conception, reduction to practice, design, and

22  development of each claimed invention, which were created on or before the date of application

23  for the patent in suit or the priority date identified pursuant to Patent L.R. 3-1(f), whichever is

24  earlier[.]"

25         P.L.R. 3-4(a) provides for the automatic production of source code and technical

26  documents disclosed in a defendants' invalidity contentions, stating, "With the Invalidity

27  Contentions, the party opposing a claim of patent infringement shall produce or make available for

28  inspection and copying: (a) Source code, specifications, schematics, flow charts, artwork,

1   formulas, or other documentation sufficient to show the operation of any aspects or elements of an

2   Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart."

3   **III.   ARGUMENT**

4         A.   Source Code and Technical Documents Showing the Operation of Allegedly

5               Infringing Product Features Must Be Produced

6         The Court should compel Apple to produce the requested source code and technical

7   documents relating to the accused products.  Samsung accuses Apple of infringing twelve utility

8   patents:  U.S. Pat. Nos. 6,928,604; 7,200,792; 7,447,516; 7,675,941; 7,050,410; 7,386,001;

9   7,362,867; 7,577,460; 7,456,893; 7,069,055; 7,079,871; and 7,698,711.  Apple continues to defy

10  the Patent Local Rules by evading production of "[s]ource code, specifications, schematics, flow

11  charts, artwork, formulas, or other documentation sufficient to show the operation" corresponding

12  to most of the asserted patents."  L.P.R. 3-4(a).

13        For example, Apple has not produced source code relating to the baseband processors that

14  infringe Samsung's patents.  Seven of Samsung's asserted patents relate to wireless

15  communications performed, at least in part, by the baseband processor within the accused Apple

16  products.  The baseband processor performs extremely low-level data processing functions and its

17  precise operation is impossible to determine without technical documents detailing how the

18  baseband processors operate and how they are actually integrated into the accused Apple products.

19  This information is necessary to substantiate Samsung's infringement allegations because some of

20  Samsung's asserted claims cover core technologies implemented through low-level functions such

21  as channel coding, power scaling, packet formation, and transport stream aggregation – all of

22  which are performed within the baseband processor itself.  A mobile phone manufacturer must

23  have this information to even integrate the hardware to a functioning device.

24        Moreover, Apple refuses to produce technical documents with any detailed description of

25  customizations to the baseband processors made by Apple or by the processor's manufacturer at

26  Apple's direction or on Apple's behalf.  These documents are critical in proving infringement of

27  Samsung's seven asserted wireless communications patents.  In some cases, these customizations

28  may alter Samsung's infringement analysis.  With initial expert reports due in a little over two

1   months, and the source code inspection procedure being what it is, Samsung must have access to

2   this baseband customization information now.

3   　　　　None of the requested source code and technical documents are publicly available.

4   Samsung's repeated requests for all relevant technical documents and source code regarding the

5   accused features have gone largely ignored, with Apple taking the factually impossible position it

6   has none.  (Hutnyan Decl. ¶ 9).  Samsung has repeatedly stated the urgency for this source code

7   and technical documents, only to be met with Apple's boilerplate objections or denials that such

8   source code or technical documents exist.  (*Id.*).  To no avail, Samsung has sought to these

9   documents , for example, by asking Apple to admit that its mobile phones conform to the 3GPP

10   wireless standard—which it must to properly function on mobile networks—but Apple has

11   refused.  (Hutnyan Decl. ¶¶ 5-6).

12   　　　　It is undisputed that source code and technical documents relating to the accused features

13   are highly relevant, and that it is proper for a Court to compel production of such documents,

14   particularly when one of the parties has sole control of them.  *Keithley v. The Homestore. com,*

15   *Inc.,*629 F. Supp. 2d 972 , 629 (N.D. Cal. 2008); *OpenTV v. Liberate Techs.,*219 FRD 474, 478

16   (ND Cal. 2003).  Apple has conceded the relevance of these source code and technical documents,

17   negotiating for the parties to exchange these source code and technical documents on the basis that

18   the parties' requests for such documents were "reciprocal."  (*See* Declaration of Melissa N. Chan

19   in Support of Samsung's Opposition to Apple's Motion to Compel (Dkt. 501-3) ¶ 35.).  Yet now,

20   Apple only offers vague and empty promises to begin searching for the requested source code and

21   documents by some future date.[2]  This simply cannot continue.  Samsung must have time to

22   review these highly technical materials, consult experts, and prepare for depositions, expert

23   reports, and trial and so they should be produced now.

24   ───────────────

25   　　　[2]   Apple's attempt to avoid Samsung's motion to compel on this topic – by claiming that it has
been prepared and ready to make available certain subsets of the source code, of its choosing,

26   requested by Samsung is inadequate. (Hutnyan Decl. Ex. F)  Apple's offer fails to cover the
balance of Samsung's request, and Apple has not offered to make the other categories of source

27   code available. Apple must produce all the source code requested by Samsung without further
delay.

28

B.      Source Code and Technical Documents Relating To Known Prior Art Must Be
        Produced Must be Produced

Source code and technical documents relating to Apple's patents and the products embodying the inventions claimed in those patents are relevant and should have been produced to Samsung long ago under the L.P.R. 3-2(b) and 3-4(b).  Apple has asserted eight utility patents directed to software features, many of which it has asserted in other cases.  Accordingly, Apple is well aware of the prior art references that were raised in those previous litigations and has easy access to the source code and technical documents relating to those prior art references.  *See, e.g., Elan Microelectronics, Corp. v. Apple, Inc.,* No. 09-cv-01531 (N.D. Cal.) (*filed* Apr. 7, 2009); *In re: Certain Personal Data and Mobile Comm. Devices and Related Software*, Investigation No. 337-TA-710, International Trade Commission (Dec. 19, 2011); *Apple, Inc. v. Motorola, Inc.*, No. 10-cv-662-bbc (W.D. Wisc.) (filed Oct. 29, 2010) (transferred to N.D. Ill).

Yet such materials have not been forthcoming.  Samsung had to move to compel the production of such technical materials from the *Motorola* case, and Samsung keeps discovering new prior art references that Apple has "missed" in its document production.

For example, Apple has failed to produce source code and technical documents regarding the NeXTSTEP Operating System ("NeXT OS").  Apple has been aware for months that NeXT OS is highly relevant prior art to the '002 patent, as it was disclosed in Samsung's P.L.R. 3-3 Invalidity Disclosures and it was raised as relevant prior art to the '002 patent in another pending case.  (Decl. at ¶ 12, 13, 14, 16, and Exhs. A, B ).  After weeks of delay, including denying its awareness of NeXT OS, denying that Apple asserted the '002 patent in another case, and denying its obligation to produce the source code and technical documents, Apple finally admitted, as it must, that this prior art reference is highly relevant prior art and "agrees" to a limited production of documents regarding this reference.[3]  Apple has no reasonable justification for withholding the

_____

[3]  (Hutnyan Decl. ¶¶ 14, 16). █████████████████████████

███████████████████████████████████████████

(footnote continued)

1    rest of the source code and technical documents relating to the design, development and operation

2    of the NeXT OS, and yet it refuses to produce them.[4]

3         The Court should not allow Apple to continue withholding these relevant documents.

4    Samsung needs these materials immediately to formulate its case strategy and to question

5    witnesses in upcoming depositions.  Further, reviewing this large amount of source code and

6    technical documents will take a significant amount of time, during the course of which Samsung

7    may identify additional topics for further discovery requests.  All source code and technical

8    documents relating to the conception and reduction to practice of the inventions in Apple's

9    patents, and to all known prior art, should be produced no later than January 31, 2012.

10        C.    All Documents Showing Apple's Analysis and Consideration of Samsung and

11              Samsung Products Must be Produced

12        Weeks ago, Apple agreed to search for "Samsung," the names of accused products, and

13   relevant aliases.  (Hutnyan Decl. Exhs. U & V).  Apple's "agreement" was offered in order to

14   induce a reciprocal promise for Samsung to produce similar items, but it was never honored by

15   Apple.  The search for "Samsung" documents, Samsung's products, and aliases amongst Apple's

16   files is of the utmost importance.  Such documents are relevant to central issues of infringement

17   and nonobviousness because they evidence the extent to which Apple designers, engineers, and

18   marketing personnel were aware of and copied Samsung's products.  *See Egyptian Goddess, Inc.*

19   *v. Swisa, Inc.,* 543 F.3d 665, 677 (Fed. Cir. 2008) ("If the accused design has copied a particular

20   feature of the claimed design that departs conspicuously from the prior art, the accused design is

21   naturally more likely to be regarded as deceptively similar to the claimed design, and thus

22   infringing."); *Avia Group Intern., Inc. v. LA Gear California*, 853 F.2d 1557, 1564 (Fed Cir. 1988)

23   ("copying is additional evidence of nonobviousness.").  This is exactly the same basis upon which

24   _____

25   ███████████████████████████████████████████████████████████████

26   ███████████████████████████████████████████████████

27       Interestingly, at the lead counsel meet and confer, Apple admitted that it had misrepresented
     to another party before the ITC that it did not have any materials relating to NeXT OS, but that it

28   was eventually forced to produce them.  (Huntyan Decl. ¶ 16).

Apple demanded Samsung search for and produce all documents using "Apple" in certain custodians' files.

Apple's own witness testified to the significant relevance of these documents to infringement and nonobviousness.  Apple's witness testified that the Apple design team performed an exercise integrating the style and features of a competing phone into the design for the iPhone.  (Hutnyan Decl. Exhs. S & T).  These documents would indicate that Apple knew of Samsung's features and actively copied and incorporated them into the design of the iPhone.  As courts have held, evidence of such copying is highly relevant to infringement and nonobviousness.

Apple recognized the relevance of this search in written correspondence and twice made a commitment to search the files of its designers, engineers, marketing custodians and all relevant central files for the term "Samsung" and names of Samsung products.  (Hutnyan Decl. Exhs. U & V).  But more recently, Apple has reneged, confirming it will run certain searches for only some custodians, another set of searches for other custodians, and refusing to provide any date certain when these documents will be produced.[5]  (Hutnyan Decl. ¶ 41).

Absent a court order compelling a search for all of these highly relevant documents, Apple will never search for and produce all of the relevant documents from all relevant custodians.  New offers are coming in from Apple on the eve of motion practice but they do not come close to providing all of the materials relevant to this case.  As Apple conceded in agreeing to this production earlier, all of these documents referring to "Samsung," Samsung products, and their aliases should be searched, reviewed and produced by January 31, to allow Samsung to prepare for depositions, expert reports, and discovery.

---

[5]  Apple now claims that "Samsung" has been searched and is producing or has produced documents from its design inventor documents, but not among its engineers or other employees.  (Hutnyan Decl. Ex. A.)  And after refusing to run "Android" anywhere, Apple now agrees to run "Android" in its design inventor documents and marketing documents only, but not "droid," a common alias for "Android" for any custodian.  (Hutnyan Decl. Ex. B.)

1      D.     The Court Should Compel Apple to Run Samsung's Search Terms In the Files Of

2            Its Designers And Produce The Result

3      Apple refuses to adequately search the documents of the inventors of the patents-in-suit,

4  documents that are relevant to the validity of Apple's design patents and Apple's allegations that

5  Samsung infringes its other design oriented intellectual property.

6      The parties have exchanged various search term lists but Apple refuses to include several

7  reasonable and well planned searches for relevant custodians, without justification, and seemingly

8  for the purpose of drawing out the negotiations.  (Hutnyan Decl. Exhs. X, Y, and A).  These

9  search terms are essential to ensure the capture of documents discussing the conception, design,

10  functionality and other aspects of Apple's design patents and asserted trademark and trade dress

11  rights and, thus, bear directly on central issues of invalidity and infringement.  As Apple

12  acknowledged in its Motion to Compel, filed in December, these searches are critical to producing

13  highly relevant documents.  Samsung needs these documents now to determine whether inventor

14  depositions must be reopened in light of new documents, as well as whether any further follow up

15  discovery requests may be necessary.

16      These documents should have been produced before the design inventor depositions,

17  nearly all of which took place in October and November.  Instead, Samsung's depositions of

18  Apple's design inventors have concluded, and Samsung must now consider the necessity of

19  requiring additional deposition time with those inventors in light of relevant documents that are

20  only now being produced – *or still have yet to be produced*.  Apple cannot be allowed to withhold

21  producing these highly relevant documents any longer.  Apple should be compelled to run

22  Samsung's searches and produce relevant documents immediately. (Decl. Exhs.W , X, and Z).

23      E.     All Design History Documents Relevant to the Validity of Apple's Design Patents

24            Must Be Produced

25      The Court should compel Apple to produce MCOs, working prototypes, and physical

26  models that are related to Apple's own design patents and to the claimed embodiments of those

27  inventions.

28

1          1.      <u>All Relevant MCOs, CAD Drawings, Prototypes, and Models Must be</u>

2              <u>Produced</u>

3          Apple's own witness testified about the documents and tangibles that are at issue here.

4      Apple's lead designer, Jonathan Ive, testified that Apple prepared MCOs and CAD drawings in

5      designing and developing the products whose design Apple has put at issue in this litigation.

6      (Hutnyan Decl. Ex. K at 21:4-28:25). ███████████████████████████████████████████

7      ████████████████████████████████████████████████████████████████████████████████████

8      ████████████████████████████████████████████████████████████████████████████████████

9      Some of these items relate to the design patents that were at issue in Apple's motion for a

10     preliminary injunction, but there are also similar materials related to other asserted patents that

11     have yet to be produced that are sought here.

12         MCOs, CAD files, working prototypes, and physical models are relevant to the conception

13     and reduction to practice of Apple's design patents, and detail the creation of Apple's products at

14     issue in this case.  These items support Samsung's invalidity and infringement defenses, showing

15     alternate designs, choices and changes with regard to design aspects, and even design limitation

16     due to production constraints or functionality.  *See Lee v. Dayton-Hudson Corp.,* 838 F.2d 1186,

17     1188 (Fed. Cir. 1988) ("If the patented design is primarily functional rather than ornamental, the

18     patent is invalid.").

19         Samsung has repeatedly requested these materials pertaining to all iPhone, iPad and iPod

20     Touch products, but Apple has engaged in delay tactics and has failed to produce them.  For

21     example, despite initially agreeing to produce MCOs in response to Samsung's December 3, 2001

22     letter, Apple later refused to produce of the requested materials by a date certain, and now states it

23     "anticipates" being able to *begin* producing a sub-set of the requested MCO weeks from now.

24     (Hutnyan Decl. ¶ 20, Ex. A.)  Likewise, after weeks of futile meeting and conferring, Apple

25     suddenly expressed a willingness to produce "thousands" of unidentified models before January

26     31, but announced on the eve of this motion that they would now be available by the end of this

27     week.  And Apple has never even agreed to produce all the tangibles relating to features, parts, and

28     the products, or simply put, some of the most relevant material to the features at issue in this case.

1   Again, Apple mistakes the *quantity* of prototypes it purports to be producing with the *relevance* of

2   the items that Samsung seeks, and so Apple continues to withhold the very things Mr. Ives

3   testified about.

4          Apple likewise continues to delay production of certain, relevant physical models,

5   including models for alternate iPhone designs, even while it has requested that Samsung provide

6   models of its phones on an expedited basis.  (Hutnyan Decl. ¶ 19).  Apple explains that it would be

7   difficult to search the offices of relevant designers for models that are not "complete"; however,

8   Mr. Ives testified that these "small samples" were utilized in the design of Apple's products and

9   therefore highly relevant in this case.   (Hutnyan Decl. Ex. K at 29:10-33:7).  Therefore, all

10  physical models, regardless of "completeness" or size, must be produced.

11                 2.      All Documents Regarding Tiger Must be Produced

12         Apple even refuses to produce documents regarding prior art that its own design inventor

13  testified was highly relevant to the validity of its design patents. ███████████████

14  ██████████████████████████████████████████████████████████████████

15  ██████████████████████████████████████████████████████████ This

16  prior art reference, which also supports a defense of inequitable conduct before the U.S. Patent

17  Office, potentially invalidates the D'305 patent.  (*Id.*).  The documents sought contain relevant

18  information regarding Apple's own use and knowledge of the prior art.  Samsung needs these

19  documents to establish a timeline of when Apple began developing and using certain styles of

20  icons.

21         Samsung has requested documents regarding Tiger since October 2011, only to hear that it

22  is overly burdensome to produce such documents, or it cannot determine which "version and sub-

23  version" Mr. Anzures testified about.  (Hutnyan Decl. ¶ 24).  Apple attempted to satisfy

24  Samsung's need for these documents with a last minute inspection of the DVD of Tiger but then

25  claimed it had no computer that it could run on, so it could not demonstrate the relevant icons, and

26  refused to enter into a stipulation  that would have provided Samsung with the relevant facts

27  without the burden of finding a specific computer, even though that stipulation was based wholly

28

1  on publicly available information that Apple itself has published to consumers.  (Hutnyan Decl. ¶¶

2  25-26.)

3       Apple has already demonstrated it cannot be trusted to follow through on its

4  representations of future productions to this Court and to Samsung, or to timely produce

5  documents and tangibles it knows to be highly relevant to the validity of its design patents.  The

6  Court must ensure that all the relevant materials are produced and produced in a timeframe

7  consistent with the expedited schedule in this case. Samsung continues to be prejudiced without

8  access to invalidating prior art documents.  These documents are necessary to prepare for and

9  conduct depositions, and the Court must compel Apple to produce, by January 31, 2012, all

10  requested documents relating to the Tiger prior art reference.

11       F.     Survey and Marketing Documents Related to Apple's Alleged Design and Utility

12              Patents, Trade dress, and Trademarks Should be Produced

13       The Court should compel Apple to produce documents necessary to defend against

14  Apple's allegations that Samsung's products infringe Apple's alleged design patents, trade dress,

15  and trademarks.  Samsung has requested that Apple produce documents responsive to Samsung's

16  requests directed at the market for Apple's products, including consumer surveys, focus groups

17  and other marketing-related documents. (Hutnyan Decl. ¶ 29; Exhs. P, Q, & R).

18       These documents, described by Apple's own worldwide director of marketing, include

19  consumer surveys, advertising strategies, and demographic studies regarding purchasers of the

20  accused products.  Besides being relevant to damages, these documents are also relevant to

21  establishing lack of consumer confusion with respect to Apple's asserted trademark claims, lack of

22  distinctiveness and famousness of Apple's asserted trade dresses and invalidity, including due to

23  functionality, of Apple's asserted design patents.  Moreover, Samsung needs these marketing

24  materials to question witnesses in upcoming depositions on issues pertaining to product features

25  and other market information.

26       Apple does not question the significant relevancy of these documents.  Nor can it, given

27  that it moved to compel Samsung to produce the same category of documents in December.

28  Despite acknowledging the significant relevance, Apple has failed to produce such documents,

1  claiming that Samsung has never raised the issue or requested survey or marketing documents,

2  despite Samsung's several document requests seeking these materials.  (*See* Samsung's Requests

3  for Production Nos. 29, 44, 130, 147, 148, 162, 163, 165, 169, 170, 177, 178, 190, 191, and 249.)

4  Samsung needs these documents now so that it will have the time to analyze these complex

5  documents in advance of depositions and trial.  Therefore the Court should compel Apple to

6  produce these documents by January 31, 2012.

7        G.       The Requested Categories of Financial Documents Must Be Produced

8        The Court should compel Apple to produce the financial documents Samsung has

9  requested related to the patents-in-suit and products at issue in this case.  (Hutnyan Decl. Ex.

10  R).The relevance of these documents to damages calculations cannot be denied.  *See, e.g., Elan*

11  *Microelectronics Corp. v. Apple, Inc.,* 2011 WL 4048378 (N.D. Cal. Sept. 9, 2011) (compelling

12  Apple to produce improperly held licenses and financial documents).

13        These documents also include Apple's business plans and strategies with regard to

14  developing and marketing its products.  Apple does not dispute that these documents are highly

15  relevant, and has propounded similar (albeit broader) document requests to Samsung.

16        On the eve of this motion, Apple has finally "agreed" to produce a small subset of financial

17  documents, but refuses, without reasonable justification, to produce all relevant financial

18  documents, including business and strategic plans and projections.  (Hutnyan Decl. ¶ 36).

19  Samsung can no longer wait for Apple to decide if and when it would be appropriate to produce

20  these clearly relevant financial documents and Apple should be compelled to produce all of this

21  material by January 31, 2012.

22        H.       Apple Must Be Compelled To Produce Dates for All 30(b)(6) Witnesses

23        Apple refuses to give Samsung a single witness for its Rule 30(b)(6) topics.  Samsung

24  served Apple with its First 30(b)(6) Notice on December 14, 2011, and attempted to schedule

25  depositions regarding the topics listed in its Notice shortly thereafter.  (Hutnyan Decl. ¶ 46).  The

26  notice contained, detailed and succinct topics designed to assist Apple in preparing its witnesses

27  on the many issues relevant to the parties' claims and defenses in this case.  But rather than

28  negotiating about the scope of the topics, and providing dates for at least the topics that Samsung

prioritized for Apple in a January 3, 2012 letter, Apple has refused to provide any testimony at all on any topic and has demanded that Samsung "withdraw" the notice and start over.  (Hutnyan Decl. ¶¶ 47-51; Ex. CC).  Importantly, in addition to asserting a number of boilerplate objections about the topics being "oppressive" and "harassing," Apple has now conditioned its production of witnesses on Samsung's promise to provide witnesses who would give reciprocal testimony on vague "similar" issues.  (Hutnyan Decl. Ex. AA).  These objections are frivolous.

First, Apple has failed to identify even a single topic in Samsung's Notice that is irrelevant, or any specific request that is overbroad, irrelevant, or harassing.

Second, the Federal Rules do not allow parties to condition their production on what their opponent will do.  As Fed. R. Civ. P. 26(d)(2)(B) provides, "discovery by one party does not require any other party to delay its discovery."  *Accord* Schwarzer et al., *Cal. Prac. Guide:  Fed. Civ. Pro. Before Trial* ¶ 11:1390 (Rutter) ("The fact one party is conducting discovery (by deposition or otherwise) does *not* operate to delay another party's right to discovery.").  Courts likewise have rejected claims that alleged deficiencies in another party's discovery can support a refusal to be deposed  *See, e.g., George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.,* 554 F.2d 551, 556 at n.5 (2d Cir. 1977) (stating that parties' respective rights to discovery are "concurrent" with one another); *Struthers Scientific & Int'l Corp. v. Gen. Foods Corp.,* 290 F. Supp. 122, 128 (S.D. Tex. 1968) ("the failure to answer plaintiff's interrogatories provides no grounds for vacating or staying defendant's notice of taking of depositions.")

Third, the parties each have their own time limit for depositions on issues relevant to the case.  Samsung has the right to use its time as it sees fit and Apple has made its own choices.  Apple does not get to add to its time by demanding "reciprocal" discovery on top of what it is entitled to under the Court's guidelines.

There are two months left in fact discovery and Samsung must have the opportunity to depose 30(b)(6) witnesses now.  The Court should compel Apple to produce (prompt) deposition dates for all of Samsung's 30(b)(6) witnesses by January 22.

1        I.        <u>Apple Must be Compelled to Make Noticed Fact Witnesses Available</u>

2        Apple also refuses to produce any of Samsung's individually noticed witnesses, or to

3    provide more time with Jonathan Ive, Apple's lead designer.  Since completing inventor

4    depositions, the balance of which were completed in October 2011, Apple has offered dates for

5    none of the 49 new individually noticed depositions, nor has Apple served objections or been

6    willing to meet and confer on them beyond stating that it will only provide dates for these

7    depositions if Samsung will provide dates for every witness Apple noticed, no matter how

8    objectionable those depositions might be.  (Hutnyan Decl. ¶ 52).  Meanwhile, Samsung has

9    offered Apple dates for nine of 37 notices of deposition, and continues to propose dates.  (Decl. at

10   ¶ 53).

11       Apple cannot earnestly dispute the importance of these witnesses—including engineers,

12   employees in the marketing department, and design specialists.  (Hutnyan Decl. ¶ 52.)  They have

13   significant roles directly related to the products at issue in this case and many were identified by

14   other Apple witnesses as possessing highly relevant information.  (Id.)  Further, based on

15   experience with Apple witnesses in this case, as described above, Samsung anticipates these

16   depositions will lead to discovering more highly relevant documents that Apple has never

17   produced.

18       Apple also refuses to provide additional deposition time with ███████  Apple asserts that

19   ███████  is the only designer with any significant, substantive knowledge regarding the design of

20   Apple's products at issue.  Yet Apple refuses to produce ███████ to continue his deposition

21   testimony.  Additionally, Samsung was forced to depose ███████ without crucial evidence

22   regarding the validity of alleged invention and the design of the products at issue—evidence that

23   Apple has just recently begun producing (with no date certain of if, or when, such production will

24   be complete).  Apple does not raise a substantive complaint, but merely states that Mr. Ive is no

25   longer available for deposition.  (Hutnyan Decl. Ex. A).

26       This is contrary to significant weight of the law, which favors liberally granting sufficient

27   time to "fairly examine a deponent" that is "key witness," or "best source of information regarding

28   relevant issues."  *See Ryan v. Paychex, Inc.*, 2009 WL 2883053, at *1 (D. Conn. Sept. 1, 2009)

1  ("Rule 30 of the Federal Rules of Civil Procedure governs the conduct of parties, deponents, and

2  attorneys at depositions.  Pursuant to that rule, a Court must allow additional time if it is needed to

3  fairly examine a deponent . . . .") (emphasis added); *JSR Micro, Inc. v. QBE Ins. Corp.*, 2010 WL

4  1338152, at *6 (N.D. Cal. Apr. 5, 2010) (granting plaintiff additional time for deposition where

5  deponent was a "key witness"); *Rahman v. The Smith & Wollensky Restaurant Group*, 2009 WL

6  72441, at *4 (S.D.N.Y. Jan. 7, 2009) (granting additional time for deposition because witness was

7  "best source of information" regarding relevant issues); *Securities and Exchange Comm. v. Aqua*

8  *Vie Beverage Corp.*, 2006 WL 2457525, at *4 (D. Idaho Aug. 23, 2006) (witness' role as

9  "important player" in litigation justified additional time for his deposition).

10       Apple's continued failure to even discuss a single deposition date demonstrates it will not

11  do so on its own accord.  The Court should compel Apple to produce (prompt) deposition dates for

12  all of Samsung's individually noticed depositions by January 22, produce Mr. Ive to allow

13  Samsung to depose him.

14  **IV.    CONCLUSION**

15       Samsung can no longer wait for Apple to produce these highly relevant documents, things,

16  and testimony.  Apple's strategy to delay producing documents, deny their existence despite

17  deposition testimony to the contrary, or negotiate toward a compromise Apple does not intend to

18  honor, continues to waste time and prejudice Samsung.  Apple clearly intends to withhold

19  deposition witnesses and key documents from Samsung as long as it can.  Apple's mantra, that it

20  has produced large quantities of materials is a red herring.  Whatever else has been produced does

21  not make up for the many categories of highly relevant documents Apple is known to be

22  withholding.  The documents and tangibles described above are needed immediately in order for

23  Samsung to prepare for depositions, prepare expert reports, and prepare for trial.  They go directly

24  to the validity of Apple's patents, Apple's infringement of Samsung patents, and damages.

25       For the foregoing reasons, the Court should GRANT Samsung's Motion to Compel.  In

26  particular, the Court should compel Apple to produce, by January 31, 2012:

27            1.  all source code and other technical documents showing the operation of the

28                 allegedly infringing product features, including all those corresponding to the

1    baseband processors incorporated in Apple's products, as required by Patent Local

2    Rule 3-4(a);

3       2.  all source code and other technical documents related to known prior art to the

4         asserted patents, as required by Patent Local Rule 3-2(a);

5       3.  all emails and documents showing Apple's analysis and consideration of Samsung

6         and Samsung products, including those resulting from a reasonable search of

7         documents for the party (Samsung) and products at issue, and their aliases;

8       4.  all design history documents, including mechanical outlines ("MCOs"), prototypes,

9         whether complete or not, physical models, sketchbooks, and other documents

10        relevant to the validity of Apple's design patents asserted trademark and trade

11        dress rights.

12      5.  all survey and marketing documents related to Apple's alleged design and utility

13        patents, trade dress, and trademarks; and

14      6.  all financial documents, relevant to showing the alleged value, or lack thereof, of

15        Apple's asserted patents.

16   The Court should also compel Apple to provide prompt deposition dates for all properly noticed

17   fact witnesses, including        as well as for all of Samsung's 30(b)(6) deposition topics, by

18   January 22, 2012.

19   DATED: January 10, 2011                Respectfully submitted,

20                                     QUINN EMANUEL URQUHART &

21                                     SULLIVAN, LLP

22

23                                     By/s/ Victoria F. Maroulis

24                                        Charles K. Verhoeven

                                   Kevin P.B. Johnson

25                                      Victoria F. Maroulis

                                   Michael T. Zeller

26                                      Attorneys for SAMSUNG ELECTRONICS CO.,

                                   LTD., SAMSUNG ELECTRONICS AMERICA,

27                                      INC. and SAMSUNG

                                   TELECOMMUNICATIONS AMERICA, LLC

28

1

## <u>STATEMENT OF ISSUES TO BE DECIDED</u>

2    1.    Whether Samsung is entitled to Apple's substantially complete production by

3    January 31, 2012, of certain categories of source code and other technical documents showing the

4    operation of the allegedly infringing product features;

5    2.    Whether Samsung is entitled to Apple's substantially complete production by

6    January 31, 2012, of certain categories of source code and other technical documents regarding

7    prior art known to Apple;

8    3.    Whether Samsung is entitled to Apple's substantially complete production by

9    January 31, 2012, of certain categories of documents showing Apple's analysis and consideration

10   of Samsung and Samsung's products;

11   4.    Whether Samsung is entitled to Apple's substantially complete production by

12   January 31, 2012, of certain categories of relevant survey, marketing, and financial documents;

13   5.    Whether Samsung is entitled to Apple's substantially complete production by

14   January 31, 2012, of certain categories of relevant financial documents;

15   6.    Whether Samsung is entitled to Apple's substantially complete production by

16   January 31, 2012, of certain categories of design history documents, including mechanical outlines

17   ("MCOs"), working prototypes, physical models, sketchbooks, and other documents relevant to

18   Apple's design patents and asserted trademark and trade dress rights; and

19   7.    Whether Samsung is entitled to Apple's production of fact and 30(b)(6) witnesses,

20   including a reasonable opportunity to depose a witness Apple has characterized as a key witness.

21

22

23

24

25

26

27

28