QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF SAMSUNG'S MOTION TO COMPEL APPLE TO PRODUCE DOCUMENTS AND THINGS**<br><br>Date: January 18, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal<br><br>**[PROPOSED] PUBLIC REDACTED VERSION** |

I, Diane C. Hutnyan, declare:

1. I am a partner at Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung"). I am licensed to practice law in the State of California. I submit this declaration in support of Samsung's Motion to Compel Apple to Produce Documents and Things. I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to the following facts.

2. On January 5, 2012, the parties held a lead counsel meet and confer session. At 3 a.m., approximately six hours before the meet and confer, Apple's counsel sent Samsung's counsel a letter setting forth Apple's position for the first time on many of these items. A true and correct copy of this letter is attached hereto as Exhibit A.

3. Attached hereto as Exhibit B is a true and correct copy of the January 7, 2012, letter from Apple's counsel to Samsung's counsel.

**Source Code and Technical Documents**

4. On August 3 and September 16, 2011, Samsung propounded Requests for Production ("RFPs") directed to obtaining source code and technical documents relating to Apple's products and prior art.

5. Attached hereto as Exhibit C is a true and correct copy of certain Requests for Admission Samsung propounded on September 16, 201, asking Apple to admit that the accused phones comply with the 3GPP Standard.

6. Attached hereto is Exhibit D is a true and correct copy of certain of Apple's Responses and Objections to Samsungs Requests for Admission, received October 26, 2011. In these responses,

7.  Attached hereto as Exhibit E is a true and correct copy of the December 2, 2011. letter from Samsung's counsel to Apple's counsel requesting production of 15 categories of source code and technical documents.

8.  Attached hereto as Exhibit F is a true and correct copy of the December 6, 2011. email from Apple's counsel to Samsung's counsel, in which Apple agreed to produce five categories of source code and technical documents.

9.  During the parties' lead counsel meet and confer, Apple confirmed that it was only willing produce the limited set of source code described in Mr. Maselli's December 6, 201, email. Apple further stated that it was unable to produce source code relating to baseband processors because the processors are manufactured by third parties.

10.  Attached hereto as Exhibit G is a true and correct printout of the following URL: http://www.3gpp.org/article/umts, accessed at 5 p.m. on January 10, 2012.

11.  Attached hereto as Exhibit H is a true and correct printout of the following URL: http://www.apple.com/iphone/iphone-4/specs.html, accessed at 5 p.m. on January 10, 2012.

**NeXTSTEP Operating System**

12.  On October 5, 2011, Samsung issued RFPs directed to documents and things associated with the NeXTSTEP Operating System.

13.  Attached hereto as Exhibit I is a true and correct copy of my December 16, 2011, letter to Apple's counsel in which several categories of documents and things relating to the NeXTSTEP OS were requested.

14.  During the parties' December 21, 2011, non-lead counsel meet and confer, Apple stated that it would produce only the NeXT OS source code.

15. Attached hereto as Exhibit J is a true and correct copy of the December 27, 2011 letter from Samsung's counsel to Apple's counsel reiterating its original request.

16. During the parties' lead counsel meet and confer, Apple confirmed that it would only produce the NeXT OS source code. Apple also stated that it had represented to another party before the ITC that it did not have any materials relating to the NeXT OS, but that it produced the materials months later.

**MCOs, Physical Models, and Working Prototypes**

17. During the December 1, 2011 deposition of ████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████ Attached hereto as Exhibit K is a true and correct copy of excerpts from the ████████████████████████████

18. Attached hereto as Exhibit L is a true and correct copy of my December 3, 2011 letter to Apple's counsel, in which Samsung asked for Apple to produce these items.

19. During the non-lead counsel meet and confer on December 21, 2011, Apple refused to produce the MCOs that Samsung requested because Apple claimed that Samsung's request was "overbroad." Apple conditioned producing working prototypes on Samsung's production of working prototypes.

20. On January 5, 2012, Apple's counsel suddenly ████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████ That letter is attached previously hereto as Exhibit A.

21. At the lead counsel meet and confer session, Apple again refused to produce all of the MCOs requested by Samsung. Apple also refused to provide a date certain by which it would produce all prototypes, search for "incomplete" models, or produce MCOs and physical models by

January 9, 2012 as requested by Samsung.

**Mac OS X Tiger**

22. Despite that fact that Mac OS X Tiger is prior art to the D'305 patent, Apple failed to disclose it. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Attached hereto as Exhibit M is a true and correct copy of excerpts from the ▮▮▮▮▮▮▮▮▮▮

23. Attached hereto as Exhibit N is a true and correct copy of the October 18, 2011, letter from Samsung's counsel to Apple's counsel requesting items relating to Mac OS X Tiger.

24. During the non-lead counsel meet and confer on December 21, 2011, Apple stated that Samsung's request was overbroad and burdensome, and agreed to produce only screenshots of the Tiger dock icons.

25. During the lead counsel meet and confer, Apple stated that it would produce only a DVD of Mac OS X Tiger version 10.4.3.

26. Apple refused to enter into a stipulation that would have allowed Samsung to install the produced copy of Mac OS X Tiger on a computer that met Apple's published specifications.

**Stanford Archive**

27. Apple had previously represented that it had exhausted its search for historical, prior art documents, and that it had produced all responsive documents. However, in late December 2011, Samsung learned through media reports that Apple had donated to Stanford large amounts of documents and things relating to the design history of the products at issue. At the parties' lead counsel meet and confer, Apple admitted that this library holds relevant historical documents and artifacts, had been accessed by it for recent litigation against another adversary, and has an established process for granting access to third parties upon Apple's request.

28. Attached hereto as Exhibit O is a true and correct copy of the January 9, 2012 email from ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**Survey and Marketing Documents**

29. On August 3, 2011, and October 5, 2011, Samsung issued RFPs directed to obtaining survey and marketing documents from Apple.

30. Attached hereto as Exhibit P is a true and correct copy of the December 3, 2011, letter from Samsung's counsel to Apple's counsel requesting that Apple produce survey and marketing documents on a reciprocal basis.

31. Attached hereto as Exhibit Q is a true and correct copy of the December 30, 2011, letter from Samsung's counsel to Apple's counsel, in which Samsung identified certain categories of marketing documents for which Apple's production was deficient.

32. Attached hereto as Exhibit R is a true and correct copy of my January 2, 2012, letter to Apple's counsel.

33. In its January 5, 2012, letter (attached previously hereto as Exhibit A), Apple stated that Samsung had never before requested these documents, and agreed to produce only some of the requested survey and marketing documents by January 31, 2012.

**Financial Documents**

34. On August 3, 2011, Samsung issued RFPs directed to Apple's financial documents.

35. In its January 5, 2012, letter (attached previously hereto as Exhibit A), Apple stated that Samsung had never before requested these documents, and agreed to produce only some of the requested documents by January 31, 2012.

36. During the lead counsel meet and confer, Apple reiterated that it would produce only this subset of financial documents and not the balance of Samsung's request, which would

have included financial documents relating to Apple's U.S. business models, financial projections, and business or strategic plans relating to the products at issue and patents-in-suit.

**"Samsung" Documents**

37. Attached hereto as Exhibit S is a true and correct copy of excerpts from the transcript of the October 31, 2011, deposition of ▇▇▇▇▇▇▇▇.

38. Attached hereto as Exhibit T is a true and correct copy of excerpts from the transcript of the October 27, 2011, deposition of ▇▇▇▇▇▇▇▇.

39. For months now, Samsung has been asking Apple to search its documents for the term "Samsung," any aliases Apple and its employees may use when discussing Samsung, and related Samsung products. Attached hereto as Exhibit U is a true and correct copy of the November 20, 2011, letter from Apple's counsel to Samsung's counsel in which Apple agreed to search its documents for "Samsung" and its aliases.

40. Attached hereto as Exhibit V is a true and correct copy of the December 5, 2011, letter from Apple's counsel to Samsung's counsel in which Apple agreed to search its documents for "Samsung," its aliases, and related Samsung products.

41. During the lead counsel meet and confer, Apple revealed that it did not search for any Samsung aliases or product names.   Apple also refused to run the terms "Android" and "Droid."

**Design History Documents**

42. Attached hereto as Exhibit W is a true and correct copy of the November 15, 2011, letter from Apple's counsel to Samsung's counsel, in which Apple disclosed the search terms it had applied to its electronic document search.

43. Attached hereto as Exhibit X is a true and correct copy of the November 29, 2011, letter from Samsung's counsel to Apple's counsel a letter proposing additional search terms.

44.	Apple initially agreed to run these additional search terms, and agreed to inform Samsung of any delimiters it applied.   Apple failed to inform Samsung of any problems for nearly a month, after which it finally revealed in a letter (a true and correct copy of which is attached hereto as Exhibit Y) the delimiters it had applied.

45.	Attached hereto as Exhibit Z is a true and correct copy of the December 30, 2011, letter from Samsung's counsel to Apple's counsel proposing revised search terms.

**Apple's Response to Samsung's 30(b)(6) Notice**

46.	On December 14, 2011, Samsung served Apple with its First 30(b)(6) Deposition Notice ("30(b)(6) Notice").

47.	During the non-lead counsel meet and confer on December 21, 2011, Samsung attempted to schedule a 30(b)(6) deposition.   Apple stated that it would not produce any witnesses for any of the topics listed in Samsung's 30(b)(6) Notice unless Samsung unilaterally withdrew its entire notice and served a new one.

48.	Attached hereto as Exhibit AA is a true and correct copy of the December 27, 2011 letter from Apple's counsel to Samsung's counsel, in which Apple's counsel stated that Samsung's 30(b)(6) Notice is "oppressive" on its face.

49.	Attached hereto as Exhibit BB is a true and correct copy of my December 31, 2011 letter to Apple's counsel, in which I explained Samsung's position.

50.	Attached hereto as Exhibit CC is a true and correct copy of my January 3, 2012 letter to Apple's counsel proposing depositions for certain topics in Samsung's 30(b)(6) Notice.

51.	During the lead counsel meet and confer, Apple again refused to provide witnesses for any topics unless Samsung first withdrew its entire notice.

**Apple's Failure to Produce Fact Witnesses**

52. On December 7, 2011, Samsung served 49 notices of deposition for fact witnesses. These fact witnesses include engineers, employees in the marketing department, and design specialists, and were identified by other Apple witnesses as possessing highly relevant information. To date, Apple has failed to provide a date for any of the 49 noticed fact witnesses.

53. As January 8, 2012, Samsung has offered Apple dates for nine of the thirty-seven notices of deposition for fact witnesses.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Los Angeles, California on January 10, 2012.

                          /s/ Diane C. Hutnyan

                          Diane C. Hutnyan