# EXHIBIT E

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S INTERNET ADDRESS
melissachan@quinnemanuel.com

December 2, 2011

**VIA ELECTRONIC MAIL**

Wesley Overson
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

Re:   Apple Inc. v. Samsung Elecs. Co., et al., Case No. 11-CV-01846-LHK (N.D. Cal.)

Dear Wes:

I write in response to your November 9, 2011 and November 28, 2011 letters to Rachel Kassabian regarding source code and other documents that you claim are responsive to RFP Nos. 11-12; 223-250; and PI RFP Nos. 200-203.

Samsung intends to produce for inspection the source code within its possession, custody or control for the accused functionalities of the Samsung accused products, to the extent that such source code is relevant to infringement of the intellectual property asserted by Apple in this case. For other types of source code, however, Samsung asks that Apple provide its position as to why such source code is relevant. For example, your request for source code, related configuration files and version history information for TouchWiz, Browser, Camera, Contacts, Gallery and Maps applications is not tailored to the specific functionality accused in those applications; Apple is not entitled to inspect the entirety of the application's source code, including that for features that are not at issue in this lawsuit. We also would like to meet and confer with you to discuss how "requests for quotations," "qualification documents," and "bills of materials" are relevant to the issues in this case.

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 756-1950 FAX (202) 756-1951
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100

Samsung further disagrees with the statements in your November 28, 2011 letter regarding Samsung's production to date. Samsung produced source code or technical documents related to the allegedly infringing features and in conjunction with its invalidity contentions. And like Apple, Samsung has produced source code and technical documents evidencing the conception and reduction to practice of the patents in suit in connection with the inventors' depositions— much like Apple's production of some source code in connection with its own inventors' depositions.

Samsung remains committed to using its best efforts to produce source code for inspection as quickly as possible to the extent that such software is in Samsung's possession, custody or control. In the interests of compromise, Samsung is willing to expedite its production of the source code, but we will reiterate the fact that Apple has provided no basis for demanding expedited treatment. Apple's claim that such information relates to claim construction is simply false. To the extent you claim any of such source code or technical documents should have been produced earlier in connection with the Patent Local Rules, you are also incorrect. In any event, we respect Apple's general need to inspect source code, and we hope to make inspections available by December 15, 2011, or we will let you know if such inspections are not possible on that date.

We still, however, await your position regarding whether Apple will be producing similar types of documents for the Apple accused products. As you know, Samsung has closely analogous requests for source code and technical documents relating to the Apple accused products. *See, e.g.,* Samsung Requests for Production Nos. 39, 195, 196, 200, 202, 205, 207-210, and. 212-218. Apple's counsel admitted on the meet and confer call on November 9, 2011, that Apple would have and need to produce source code for the Apple accused products. But later, Apple objected to these requests and said it would be only "willing to consider" producing source code related to the accused functionalities. *See, e.g.,* your November 22, 2011 letter to Rachel Kassabian (attaching Exhibit B).

To be clear, Samsung would like Apple's confirmation that it will be producing the following documents:

- Source code, related configuration files, and version history information for the following software: Mail, Photos, and Camera applications.

- Source code in any Apple accused product relating to the transmission of images, messages, and addresses by the Apple accused product, including by email or multimedia message.

- Source code in any Apple accused product relating to image processing by the Apple accused product, including capture, processing, storage, display, and transmission of images, messages and addresses.

- Source code, related configuration files, and version history information for software used to implement the compliance of the Apple accused products with WCDMA, GSM, or UMTS.

- Source code in any Apple accused product relating to the operation or enablement of the function of every baseband processor incorporated into each Apple accused product that performs any part of the functions of a baseband processor.

- Source code in any Apple accused product relating to the accused functionalities.

- All requests for quotations relating to the touchscreens, touchscreen controllers, and touch screen components in each Apple accused product.

- All qualification documentation for the touchscreens, touchscreen controllers, and touch screen components in each Apple accused product, including internal qualification documentation and vendor qualification documentation, specifications used to qualify both first and third-party-supplied parts and components, and quality control criteria used for manufacturing.

- All documents relating to design, specifications and manufacturing tolerances for the touch screens, touch sensor controllers, and touch screen components in the Apple accused product.

- All Bills of Materials and design drawings relating to the Apple accused product provided to or received from vendors or suppliers.

- All functional testing results and testing criteria relating to the touch screens, touch sensor controllers, and touch screen components in the Apple accused product, including documents pertaining to prototypes and pre-production touch screens, touch sensor controllers, and touch screen components.

- All testing data related to the shielding of traces of conductive material in the Apple accused product.

- Specifications, schematics, flow charts, artwork, formulas, or other documentation showing the design and operation the touch screens, touch sensor controllers, and touch screen components or of other accused features.

- Documents concerning each design around, and/or allegedly non-infringing alternative design that can be used as an alternative to the Samsung patents at issue.

- All documents relating to each change or design around that Apple has made, is making, or will make in response to the allegations in this lawsuit.

These categories are not intended to narrow what Samsung has already requested in its requests for production, but these are only a few of the items for which we seek a reciprocal agreement as to the scope of each party's productions.

We recognize Apple's need for source code and technical documents relating to the accused functionalities in this case.  Documents responsive to the Samsung requests listed above, however, are no less integral to Samsung's ability to pursue its claims and defenses.  As Apple acknowledged during the parties' most recent meet and confer call, Apple has not produced source code relating to the Apple accused products, although it is "prepared" to do so.  Please immediately provide us with a date certain by which Apple will complete production responsive to Samsung's requests.  Given Apple's demands, we presume and expect that Apple is prepared to produce its source code by December 15, but if that is not the case, please advise.

Very truly yours,

QUINN EMANUEL URQUHART & SULLIVAN, LLP


/s/

Melissa N. Chan

MNC