# EXHIBIT B

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS RELATING TO APPLE INC.'S MOTION FOR A PRELIMINARY INJUNCTION** |

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants and
2 Counterclaimants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and
3 Samsung Telecommunications America, LLC (collectively "Samsung") request that Defendant
4 Apple Inc. ("Apple") produce for inspection and copying the documents and things set forth below
5 at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 50 California Street, 22nd Floor, San
6 Francisco, California 94111 within 30 days, or such other time as the parties agree or the Court
7 orders.

## DEFINITIONS

8

9    1.    The terms "APPLE," "PLAINTIFF," "YOU," and "YOUR" shall refer to Apple,
10 Inc., any predecessor or successor of Apple, Inc., and any past or present parent, division,
11 subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee,
12 consultant, staff member, or other representative of Apple, Inc., including counsel and patent
13 agents, in any country.

14    2.    The term "DEFENDANTS" means Samsung Electronics Co., Ltd., Samsung
15 Electronics America, Inc., and Samsung Telecommunications America, LLC.

16    3.    The terms "DOCUMENT" and "DOCUMENTS" shall have the broadest meaning
17 ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.   This
18 includes copies which differ from the original in any way, including handwritten notations or other
19 written or printed matter.   It also includes information stored electronically, whether in a
20 computer database or otherwise, regardless of whether such documents are presently also in non-
21 electronic form.

22    4.    The term "RELATING" shall mean regarding, referring to, concerning,
23 mentioning, reflecting, pertaining to, evidencing, identifying, involving, describing, discussing,
24 commenting on, embodying, responding to, supporting, contradicting, containing, or constituting
25 (in whole or in part).

26    5.    The term "DESIGN PATENTS" shall mean U.S. Design Patent Nos. D618,677,
27 D593,087 and D504,889 and all parents, progeny, continuations, applications, divisional

28

applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

6. The term "'381 PATENT" shall mean U.S. Patent No. 7,469,381 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

7. "PRIOR ART" shall mean any reference, publication, patent, physical specimen, use, invention by another, sale, offer for sale, or other activities that are relevant to the validity of the DESIGN PATENTS or the '381 PATENT including anything that is relevant to the patentability of any patent claim under 35 U.S.C. §§ 102 and 103.  Prior Art is not limited to references or other activities cited to the United States Patent and Trademark Office during prosecution of any patent.

8. "This Lawsuit" shall mean the action entitled *Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-01846-LHK.

9. The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

10. The word "each" includes the word "every," and the word "every" includes the word "each," as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

11. The word "any" includes the word "all," and the word "all" includes the word "any," as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

12. The word "all" includes the word "each," and the word "each" includes the word "all," as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

13. The use of the singular form of any word includes the plural and vice-versa, as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

**INSTRUCTIONS**

1. Each DOCUMENT is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction.

2. All DOCUMENTS shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof.

3. In the event that any DOCUMENT called for by these requests or subsequent requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that DOCUMENT is to be identified by stating (i) the author(s), addressee(s) and any indicated or blind copyee(s); (ii) the DOCUMENT's date, number of pages and attachments or appendices; (iii) the subject matter(s) of the DOCUMENT; (iv) the nature of the privilege or immunity asserted; and (v) any additional facts on which you would base your claim of privilege or immunity.[1]

4. These Requests for Production shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS RELATING to the conception and reduction to practice of the DESIGN PATENTS and the '381 PATENT.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS sufficient to identify the individuals, including but not limited to named inventors, who contributed to the conception of the designs or alleged inventions of the DESIGN PATENTS or the '381 PATENT.

---

[1] Provided the parties reach an agreement that neither party needs to log documents and information generated after the start of this Lawsuit on April 15, 2011, this Instruction applies only to privileged information and documents generated before the start of litigation.

02198.51855/4236831.1

-3-   Case No. 11-cv-01846-LHK
SAMSUNG'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS
RELATING TO APPLE'S MOTION FOR A PRELIMINARY INJUNCTION

1   **REQUEST FOR PRODUCTION NO. 3:**

2   Samples of all products that Apple contends infringe the DESIGN PATENTS and the '381

3   PATENT.

4   **REQUEST FOR PRODUCTION NO. 4:**

5   Communications between YOU and any other person, including, but not limited to, the

6   inventors of the DESIGN PATENTS and of the '381 PATENT, concerning the DESIGN

7   PATENTS or the '381 PATENT, any products accused of infringing the DESIGN PATENTS or

8   the '381 PATENT, or This Lawsuit.

9   **REQUEST FOR PRODUCTION NO. 5:**

10   DOCUMENTS RELATING to the functionality—including the ease of manufacturing,

11   cost savings, or any other benefit—of any claimed feature, element or combination of elements in

12   any of the DESIGN PATENTS, including without limitation:

13   (a) a flat front screen,

14   (b) a clear front screen,

15   (c) a black-colored front surface,

16   (d) rectangular shape,

17   (e) four corners,

18   (f) rounded corners,

19   (g) symmetry,

20   (h) a rectangular screen,

21   (i) an inset screen,

22   (j) substantial borders on two sides of a screen,

23   (k) narrow borders on two sides of a screen,

24   (l) a horizontal speaker slot,

25   (m) a speaker slot on the front,

26   (n) a centered speaker,

27   (o) a speaker above a display screen,

28   (p) a speaker near the top of a phone handset,

1              (q)     a bezel around the edge of product,

2              (r)     a circular button on the front, or

3              (s)     a button located at the center bottom.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS RELATING to the scope, construction, meaning or interpretation of the DESIGN PATENTS or the '381 PATENT.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS RELATING to any re-examination proceedings before the United States Patent and Trademark Office RELATING to the '381 PATENT.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS discussing, reflecting, supporting, undermining, or otherwise RELATING to the scope, infringement, validity, and enforceability of any claim of the DESIGN PATENTS or the '381 PATENT.

**REQUEST FOR PRODUCTION NO. 9:**

Transcripts of testimony given at a deposition, hearing, trial, or other proceeding by the named inventors of the DESIGN PATENTS or the '381 PATENT RELATING to the DESIGN PATENTS or the '381 PATENT, including any testimony provided by Bas Ording RELATING to the '381 PATENT.

**REQUEST FOR PRODUCTION NO. 10:**

PRIOR ART relating to the DESIGN PATENTS or the '381 PATENT.

**REQUEST FOR PRODUCTION NO. 11:**

Samples of all products that embody the claims of any of the DESIGN PATENTS or the '381 PATENT and publications, product literature or publications relating to such products.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS sufficient to identify every foreign counterpart patent application to the DESIGN PATENTS and the '381 PATENT.

**REQUEST FOR PRODUCTION NO. 13:**

1      The prosecution history for every foreign counterpart patent application to the DESIGN
2 PATENTS and the '381 PATENT, including any English translations.

3 **REQUEST FOR PRODUCTION NO. 14:**

4      Each item of PRIOR ART cited in the prosecution history for every foreign counterpart
5 patent application to the DESIGN PATENTS and the '381 PATENT, including any English
6 translations.

7 **REQUEST FOR PRODUCTION NO. 15:**

8      All DOCUMENTS relied on by Cooper Woodring in his declaration submitted in support
9 of YOUR Motion for Preliminary Injunction dated July 1, 2011.

10 **REQUEST FOR PRODUCTION NO. 16:**

11      All prior expert reports and declarations submitted by Cooper Woodring in other litigations
12 involving design patent infringement, industrial design, or electronic consumer goods.

13 **REQUEST FOR PRODUCTION NO. 17:**

14      All trial and deposition transcripts from other litigations in which Cooper Woodring
15 testified as an expert.

16 **REQUEST FOR PRODUCTION NO. 18:**

17      All DOCUMENTS relied on by Ravin Balakrishnan in his declaration submitted in support
18 of YOUR Motion for Preliminary Injunction dated July 1, 2011.

19 **REQUEST FOR PRODUCTION NO. 19:**

20      All prior expert reports and declarations submitted by Ravin Balakrishnan in other
21 litigations involving utility patents.

22 **REQUEST FOR PRODUCTION NO. 20:**

23      All trial and deposition transcripts from other litigations in which Ravin Balakrishnan
24 testified as an expert.

25 **REQUEST FOR PRODUCTION NO. 21:**

26      DOCUMENTS from any prior or current litigation or dispute relating to infringement,
27 validity, enforceability, or ownership of the DESIGN PATENTS, including *Apple Inc. v. Brilliant*
28 *Store, Inc.*, Case No. 10-cv-2996-SBA.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS from any prior or current litigation or dispute relating to infringement, validity, enforceability, or ownership of the '381 PATENT, including *Nokia Corp. v. Apple Inc.*, Case No. 1:09-cv-00791 (D. Del.), and *Apple Inc. v. High Tech Computer Corp.* (*HTC*), Case No. 1:10-cv-00167 (D. Del.)

**REQUEST FOR PRODUCTION NO. 23:**

DOCUMENTS RELATING to all licenses and potential licenses for the DESIGN PATENTS or the '381 PATENT, including all correspondence and DOCUMENTS RELATING to licensing offers or negotiations.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS RELATING to competition between each version of the iPhone and any product YOU accuse of infringing the DESIGN PATENTS or the '381 PATENT.

**REQUEST FOR PRODUCTION NO. 25:**

DOCUMENTS RELATING to competition between each version of the iPad and any product YOU accuse of infringing the DESIGN PATENTS or the '381 PATENT.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS sufficient to identify the respective markets of each version of the iPhone and the iPad.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS sufficient to identify the respective market shares of each version of the iPhone and the iPad.

**REQUEST FOR PRODUCTION NO. 28:**

DOCUMENTS sufficient to identify the respective market share of each product that competes with the iPhone or the iPad.

**REQUEST FOR PRODUCTION NO. 29:**

DOCUMENTS sufficient to identify all projections YOU have reviewed or considered as to what the respective market share of the iPhone and iPad, and each product that competes with the iPhone or the iPad, are likely to be at any future point.

1  DATED: July 6, 2011                    QUINN EMANUEL URQUHART &
2                                          SULLIVAN, LLP
3
4                                          By /s/ Victoria F. Maroulis
                                              Charles K. Verhoeven
5                                             Kevin P.B. Johnson
                                              Victoria F. Maroulis
6                                             Michael T. Zeller
7                                             Attorneys for SAMSUNG ELECTRONICS CO.,
                                              LTD., SAMSUNG ELECTRONICS AMERICA,
8                                             INC., and SAMSUNG
                                              TELECOMMUNICATIONS AMERICA, LLC
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

02198.51855/4236831.1

# CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2011, I caused **SAMSUNG'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS RELATING TO APPLE INC.'S MOTION FOR A PRELIMINARY INJUNCTION** to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

HAROLD J. MCELHINNY
hmcelhinny@mofo.com
MICHAEL A. JACOBS
mjacobs@mofo.com
JENNIFER LEE TAYLOR
jtaylor@mofo.com
ALISON M. TUCHER
atucher@mofo.com
RICHARD S.J. HUNG
rhung@mofo.com
JASON R. BARTLETT
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

I declare under penalty of perjury that the foregoing is true and correct.   Executed in San Francisco, California on July 6, 2011.

/s/ Erik Olson
Erik Olson