# EXHIBIT 4

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S MOTION FOR CLARIFICATION REGARDING THE COURT'S DECEMBER 22, 2011 ORDER (DKT NO. 535)**<br><br>Date: Tuesday, February 7, 2012<br>Time: 10:00 a.m.<br>Courtroom: 5, 4th Floor<br>Honorable Paul S. Grewal<br><br>**[PROPOSED] PUBLIC REDACTED VERSION** |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ............................................................................................. 1

I.      INTRODUCTION ............................................................................................................ 2

II.     BACKGROUND .............................................................................................................. 4

III.    ARGUMENT .................................................................................................................... 5

      A.      The Court Should Clarify That Samsung's Expert Itay Sherman May View
            Confidential Exhibits Used In The Depositions Of Apple's Design Patent
            Inventors. ................................................................................................................ 5

            1.      The Court's Order Allows Mr. Sherman To View The Deposition
                    Transcripts For Apple's Design Patent Inventors, But Did Not
                    Discuss The Accompanying Exhibits. ................................................... 5

            2.      Permitting Apple To Hide These Deposition Exhibits From Mr.
                    Sherman Denies Samsung A Chance To Provide Expert Opinions
                    On Relevant Evidence And Testimony. ................................................. 7

      B.      The Court Should Clarify That Mr. Sherman May View The Written
            Testimony Of Apple's Design Inventors. ............................................................... 7

      C.      The Court Should Clarify That Mr. Sherman May View The Written And
            Oral Testimony Of Apple's Design Experts. ......................................................... 8

      D.      The Court Should Clarify That Mr. Sherman May View Apple's Models
            and Prototypes, Including Photographs Of The Items. ........................................... 8

      E.      The Court Should Clarify That Mr. Sherman May View Internal Design
            Team Emails That Relate To Phone, Music Player, And Tablet Industrial
            Designs. ................................................................................................................. 9

      F.      The Court Should Clarify That Its December 22 Order Is Without Prejudice
            To Samsung's Seeking Relief On Additional Design Materials Not
            Discussed In The Order Or Not Yet Produced By Apple ....................................... 9

IV.     CONCLUSION ............................................................................................................... 10

Case No. 11-cv-01846-LHK
**SAMSUNG'S MOTION FOR CLARIFICATION**

1

## NOTICE OF MOTION AND MOTION

2
TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3
PLEASE TAKE NOTICE that on January 18, 2012, at 2:00 p.m., or as soon as the matter

4
may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for

5
the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San

6
Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung

7
Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court

8
to clarify its order of December 22, 2011 (Dkt No. 535) permitting Samsung's design expert, Itay

9
Sherman, to review certain confidential Apple documents.

10
In particular, Samsung moves the court to clarify that its December 22, 2011 order permits

11
Mr. Sherman to review the following categories of documents:

12
    1.   Confidential exhibits used in the depositions of Apple's design patent inventors;

13
    2.   The deposition transcripts and declarations of Apple's design experts that Apple

14
         has designated as confidential, including any exhibits;

15
    3.   Any declarations from Apple's design inventors, including exhibits;

16
    4.   Apple's physical design models and prototypes, including photographs taken of

17
         them;

18
    5.   Internal design team emails that relate to phone, music player, and tablet industrial

19
         designs.

20
Samsung also moves for clarification that the December 22, 2011 order is without

21
prejudice to Samsung seeking relief on categories of design materials not discussed in the Court's

22
order or not yet produced by Apple.

23

24

25

26

27

28

Case No. 11-cv-01846-LHK
**SAMSUNG'S MOTION FOR CLARIFICATION**

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.     INTRODUCTION

As the Court knows, Apple objected under the interim protective order to Samsung's design expert, Itay Sherman.    Although Apple could only articulate a concern that Mr. Sherman not be allowed to see sensitive documents relating to multi-touch and even though Samsung expressly agreed that there was no need for Mr. Sherman, as a design expert, to see multi-touch information, Apple contorted that limited contention into a wholesale, blanket objection to Mr. Sherman's access to any and all design documents in the case.    This Court rejected Apple's tactic in its December 22, 2011 order ruling that Apple was not justified in withholding certain design materials that were unrelated to multi-touch technology.

Nevertheless, Apple's obstructionism continues, and Apple continues to misuse the interim protective order to withhold relevant design-related materials from Mr. Sherman.    In particular, Apple unjustifiably refuses to allow Mr. Sherman to view exhibits designated as confidential that were used in the depositions of Apple's design inventors, even though this Court has already permitted Mr. Sherman to review the deposition transcripts discussing those exhibits.    Apple also unjustifiably refuses to allow Mr. Sherman to view the declarations of Apple's design inventors or the portions of its own design experts' deposition transcripts that Apple has designated as confidential.    Further, Apple will not allow Mr. Sherman to view relevant models and prototypes of its industrial designs, or any photographs of those models, even though this Court has made clear that he may review inventor notebooks and CAD drawings of those very same models. And finally, Apple will not allow Mr. Sherman access to internal design team emails that relate to phone, music player, and tablet industrial designs, including emails from years ago that discuss now-public design features or indeed that simply reproduce public news articles.    Apple has persisted in these unwarranted positions to delay and interfere with Samsung's ability to defend itself through its chosen expert.

Samsung believes that the Court's December 22 order did not address these categories but was limited to four other categories listed in Samsung's motion solely as an example of an earlier

compromise that Apple had rejected.    Those four categories were more limited than the relief

Samsung sought in its motion because they were crafted several months ago during preliminary

injunction discovery when there were fewer documents and materials relevant to design issues.

Now that the parties have conducted general discovery for several months, there are more

documents and materials relevant to Apple's design patents that Mr. Sherman should be allowed

to see that Samsung did not know about when it offered Apple the first compromise.    Samsung

had sought to include these additional materials in its broad request for relief in its original

motion; namely that Mr. Sherman be allowed to view any design-related materials, except those

dealing with multi-touch technology.    Apple's opposition brief and the Court's order referred

only to several sub-sets of those documents.

Samsung therefore requests that the Court clarify or amplify upon its earlier order to allow

Mr. Sherman to view the additional limited categories of documents Samsung has identified here

for the Court.    Samsung also seeks clarification that the Court's December 22 order was without

prejudice to Samsung's seeking additional relief in the future, especially given that Apple is far

from completing its production of design materials because it has been withholding literally

hundreds of directly relevant product models and other categories of relevant discovery that this

Court previously ordered Apple to produce.

II.      BACKGROUND

*Samsung's Motion To Permit Its Design Expert Itay Sherman To Review Confidential Design Materials —* On December 12, 2011, Samsung filed a motion to permit its expert, Itay Sherman, to review design materials designated by Apple under the interim protective order. (Dkt No. 482.)   In the motion, Samsung showed that Apple had been misusing the interim protective order to prevent Mr. Sherman from viewing *any* confidential Apple documents.   (*Id.* at 2-3, 5-6.)   Samsung sought an order permitting Mr. Sherman to "review documents, depositions and other materials that are designated under the protective order and that relate to Apple's designs and design patents," excluding any documents related to multi-touch technology.   (*Id.* at 1, 6.)   Samsung noted that CAD files, inventor sketchbooks, inventor deposition transcripts, and presentations on design functionality were four categories it had previously identified to Apple as a compromise, which Apple rejected.   (*Id.* at 4.)   This compromise was offered during preliminary injunction discovery when the relevant universe of documents and materials was smaller than now.   (*See* Arnold Decl., ¶ 2.)   Samsung's motion sought broader relief in the form of an order allowing it to show to Mr. Sherman any documents, depositions, and other materials related to Apple's designs and design patents, excluding any documents discussing Apple's multi-touch technology.   (Dkt No. 482 at 1, 6.)

*The Court's Order On The Sherman Motion —* In its December 22, 2011 order, the Court ruled that the risk of harm posed by limited disclosure of Apple's confidential documents to Mr. Sherman was outweighed by "Samsung's substantial interest in retaining and preparing an expert with relevant industry experience and availability."   (Order at 3, Dkt No. 535.)   The Court then discussed the four categories of confidential design documents that Samsung had previously sought to show Mr. Sherman.   (*Id.* at 2-4.)   The Court ordered that Samsung was permitted to disclose three of those categories to Mr. Sherman: CAD files; design patent inventor sketchbooks; and design patent inventor deposition transcripts.   (*Id.* at 4.)

*The Parties Meet and Confer —* On January 5, 2012, the parties conducted a lead counsel meet and confer, and counsel for Samsung indicated that Samsung would like to show several more discrete categories of design documents to Mr. Sherman that were not included in the

1   Court's order.    Counsel for Apple indicated that it would consider a list of the categories, which

2   were the same categories as discussed in this motion.    (Arnold Decl., ¶ 3.)    On January 10,

3   2012, Apple indicated without explanation that it would not give Mr. Sherman access to any of the

4   categories.    (*Id.*)

5   III.    <u>ARGUMENT</u>

6          A.    <u>The Court Should Clarify That Samsung's Expert Itay Sherman May View</u>
               <u>Confidential Exhibits Used In The Depositions Of Apple's Design Patent</u>
7              <u>Inventors.</u>

8                 The Court should clarify that Samsung's design expert, Itay Sherman, is permitted

9   to view the confidential Apple design documents that Samsung introduced as exhibits when it

10  deposed Apple's design inventors.    Pursuant to the Court's order, Mr. Sherman is already

11  permitted to view the deposition transcripts, including the portions where these exhibits are

12  discussed.    (Order at 3-4, Dkt No. 535.)    Without this clarification from the Court, important

13  parts of the deposition testimony of Apple's inventors will be unintelligible to Mr. Sherman or at

14  least subject him to unfair attack by Apple in his opinions in this case.

15               1.    <u>The Court's Order Allows Mr. Sherman To View The Deposition</u>
                       <u>Transcripts For Apple's Design Patent Inventors, But Did Not Discuss The</u>
16                     <u>Accompanying Exhibits.</u>

17                Deposition transcripts for Apple's design patent inventors are one of the categories

18  of documents the Court authorized Mr. Sherman to review.    (Order at 4 (Dkt No. 535).)    During

19  the inventor depositions, Samsung's attorneys questioned the witnesses about relevant confidential

20  design documents Apple had produced.    Currently, Mr. Sherman is only able to view those

21  deposition exhibits if they are public documents or included in a permitted category (that is, CAD

22  files or sketchbooks).    Although the majority of the deposition exhibits fall into these categories,

23  there are currently twenty-three additional exhibits that Mr. Sherman still cannot view due to

24  Apple's inappropriate objections.    Many of these documents are emails from its design inventors'

25  files.    A few are presentations about design functionality, and several more are photographs of

26  Apple's tablet computer models.    For the Court's review, a representative sample of these

27  documents has been attached to the attorney declaration in support of this motion.    The exhibits

28  include the following:

                                        -5-                 Case No. 11-cv-01846-LHK
                                                    **SAMSUNG'S MOTION FOR CLARIFICATION**



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

¹    At the December 16 hearing on the parties' discovery motions, counsel for Samsung identified several types of documents of high interest that it wanted to show Mr. Sherman, including pictures Samsung's attorneys had taken of the Apple tablet model depicted in the D'889 patent file history, the "035 model".   (Dec. 16, 2011 Hearing Tr. 50:18-51:6 (Dkt No. 569).) Apple designated all of those pictures as highly confidential.   On December 22, 2011, the Court ordered that Apple de-designate many of them.   (Dkt No. 537.)   The Court's order on the Sherman motion did not address whether Mr. Sherman could view the photos that remained highly confidential.

1

2

3

4

5

6

7         Apple

8    has no reason for withholding these documents from Mr. Sherman.

9          2.     <u>Permitting Apple To Hide These Deposition Exhibits From Mr. Sherman</u>

10               <u>Denies Samsung A Chance To Provide Expert Opinions On Relevant</u>
<u>Evidence And Testimony.</u>

11         Apple should not be permitted to hide confidential deposition exhibits from Mr.

12 Sherman where he is already permitted to view the deposition transcript itself, and where none of

13 the exhibits reveals confidential information about Apple's utility patents or multi-touch

14 technology that form the sole basis of Apple's objection.   Without being able to view the

15 exhibits, Mr. Sherman will be unable to form an expert opinion about important portions of the

16 testimony or at a minimum will be subjected to unfair attacks by Apple.   Even more troublesome

17 is that Apple's own experts will be able to view these exhibits and opine on them.   Without

18 having equal access to them, Mr. Sherman is prevented from offering a rebuttal opinion.   And as

19 this Court has already and quite correctly noted, other experts with Mr. Sherman's qualifications

20 are likely to be conflicted out of this litigation.   (*See* Order at 3 (Dkt No. 535).)

21     B.     <u>The Court Should Clarify That Mr. Sherman May View The Written Testimony Of</u>
<u>Apple's Design Inventors.</u>

22

23         As indicated above, Apple has submitted several declarations from its design

inventor Christopher Stringer throughout this case to discuss design issues that have no relation to

24

multi-touch.   Those declarations have been designated as highly confidential because they have

25

discussed Apple's confidential product design process and CAD files.   Mr. Sherman should be

26

allowed to view such confidential declarations that Apple submits from its design inventors to

27

give Samsung the ability to provide rebuttal testimony on these relevant design-related topics.

28

C.   The Court Should Clarify That Mr. Sherman May View The Written And Oral Testimony Of Apple's Design Experts.

Apple has designated as highly confidential portions of the deposition transcript of its hardware design expert, Cooper Woodring.   The Court should clarify that Mr. Sherman is permitted to review the entire Woodring transcript, including any confidential portions and exhibits.   The Court should also clarify that all future testimony given by Mr. Woodring as a design expert either through deposition or declaration is viewable by Mr. Sherman.

Apple has also disclosed a second hardware design expert, Peter Bressler.   In the event Mr. Bressler offers oral or written testimony that Apple designates under the protective order, the Court should clarify that Mr. Sherman can view these materials, including any exhibits. Without these clarifications, Apple will be allowed to offer expert testimony regarding confidential design materials that Samsung will be unable to rebut through its own expert.   Apple should not be given such an unfair advantage or stymie Samsung's ability to defend itself on design issues.

D.   The Court Should Clarify That Mr. Sherman May View Apple's Models and Prototypes, Including Photographs Of The Items.

To date, Apple has produced for inspection around 45 tablet computer design models.   Apple has just recently admitted that it also has numerous additional phone and music player design models and design prototypes that it will make available for inspection.   (Arnold Decl., ¶ 4.)   These models and prototypes are relevant to the design process and evolution of Apple's products, which is relevant to show, among other things, whether Apple's products were designed to copy prior art designs or whether certain features are functional.   These, too, have no information about multi-touch.   Mr. Sherman should therefore have access to them.   The following categories cover the models and prototypes that Apple has produced, or represented that it will produce, for inspection:

- The 035 tablet model
- Apple's other tablet models and prototypes
- Apple's phone and music player models and prototypes

**SAMSUNG'S MOTION FOR CLARIFICATION**

1    Samsung has already taken photographs of the tablet models produced to date and

2   intends to photograph any additional models or prototypes.    Mr. Sherman should have access to

3   these documents as well since he will likely need more time than is allowed at the inspection to

4   review the models, and indeed may not even be available to travel to the inspection site when

5   Apple makes the models available.    It also will ensure that Apple cannot further delay Mr.

6   Sherman's ability to work by thwarting access to the physical mockups.

7        E.    The Court Should Clarify That Mr. Sherman May View Internal Design Team
              Emails That Relate To Phone, Music Player, And Tablet Industrial Designs.

8
         As described above, Apple has produced emails from its designers related to

9
   various hardware design issues.    *See supra* at 4.    At the time Samsung offered the four-category

10
   compromise to Apple during preliminary injunction discovery, Apple had not produced any

11
   inventor emails.    Indeed, Apple confirmed just before the preliminary injunction hearing that it

12
   had not even searched its design inventors' emails, despite Samsung's various document requests

13
   seeking this type of evidence and Apple's own demands that Samsung do so.    (*See* Arnold Decl.,

14
   Ex. K (Oct. 7, 2011 letter from counsel for Apple); *id.*, Ex. L (Oct. 10, 2011 letter from counsel

15
   for Samsung).)

16
         Emails from Apple's design inventors regarding the industrial design of Apple's

17
   products are directly relevant to Mr. Sherman's testimony.    Apple has designated all such

18
   internal emails as highly confidential, and Mr. Sherman will have no access to them without this

19
   relief.    Moreover, the emails in this category are limited to those including industrial design team

20
   members, so the subject matter will be hardware design, not utility patents and multi-touch

21
   technology.    Even still, as Samsung stated numerous times in the briefing and at the hearing on

22
   the Sherman motion, it will not permit Mr. Sherman to view any materials that happen to discuss

23
   Apple's multi-touch technology.

24
        F.    The Court Should Clarify That Its December 22 Order Is Without Prejudice To
              Samsung's Seeking Relief On Additional Design Materials Not Discussed In The
25            Order Or Not Yet Produced By Apple

26
         The Court should clarify that Samsung can still seek relief in the future regarding

27
   design materials that were not discussed in the Court's order or that Apple has not yet produced.

28

1  Discovery does not close until March 8, 2012, and Apple is far from completing its production of

2  design related materials.   In fact, Apple is still running basic term searches on its design

3  inventors' emails and documents that it should have completed three months ago.   (Arnold Decl.,

4  ¶ 5.)   Samsung therefore has no way of knowing what additional design documents and things

5  will ultimately be produced by Apple that Mr. Sherman should be allowed to see.   This problem

6  is compounded by Apple's practice of designating virtually all internal Apple documents as

7  "Highly Confidential — Attorneys Eyes Only" regardless of the documents' contents or age.   To

8  prevent Apple from shielding Mr. Sherman from even more relevant design materials like it has in

9  the past, the Court should clarify that its December 22, 2011 order was without prejudice to

10 Samsung's right to seek additional relief in the future.

11 IV.   <u>CONCLUSION</u>

12       For the foregoing reasons, the Court should grant Samsung's Motion for Clarification.   In

13 particular, Samsung respectfully requests the Court to clarify that pursuant to its December 22,

14 2011 order (Dkt No. 535), Samsung's expert Itay Sherman is permitted to view the following:

15       1.   Exhibits used in the depositions of Apple's design patent inventors that Apple

16            designated as confidential;

17       2.   The deposition transcripts and declarations of Apple's design experts that Apple

18            has designated as confidential, including any exhibits;

19       3.   Any declarations from Apple's design inventors, including exhibits;

20       4.   Apple's physical design models and prototypes, including photographs taken of

21            them;

22       5.   Internal design team emails that relate to phone, music player, and tablet industrial

23            designs.

24       Samsung also respectfully asks the Court to clarify that its December 22 order was without

25 prejudice to Samsung's ability to seek further relief regarding newly produced design materials or

26 categories of documents not addressed in the Court's order.

27

28

1   DATED: January 10, 2012          QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP
2

3                                    By   /s/ Victoria F. Maroulis
                                         Charles K. Verhoeven
4                                        Kevin P.B. Johnson
                                         Victoria F. Maroulis
5                                        Michael T. Zeller
                                         Attorneys for SAMSUNG ELECTRONICS CO.,
6                                        LTD., SAMSUNG ELECTRONICS AMERICA,
                                         INC., and SAMSUNG
7                                        TELECOMMUNICATIONS AMERICA, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28