# EXHIBIT L

## quinn emanuel trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5022**

October 10, 2011

WRITER'S INTERNET ADDRESS
**victoriamaroulis@quinnemanuel.com**

<u>VIA E-MAIL</u>

Michael Jacobs
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105-2482

Re:   *Apple v. Samsung Electronics, et al.*, No. 5:11-cv-01846-LHK (N.D. Cal.)

Dear Michael:

I have several concerns with your October 7, 2011 letter regarding design inventor documents reviewed and produced by Apple during the preliminary injunction discovery phase. You wrote that during our discussion on July 20, 2011, Samsung "specifically said [it was] not seeking emails." That is not the case. In response to your representations that Apple's design process is colloborative and in-person, we nevertheless asked Apple to look beyond its CAD files to find any other documents that might speak to the design process. You asked for specific examples of such documents and we provided some, including product presentations, customer focus group studies, design requirement documents, and any written design history documents. We also stated at the meeting that designer emails might be another source of responsive documents. We never said we were not seeking emails.

Further, as you may recall, our July 20 meeting did not broadly cover all of Samsung's document requests. Rather it covered several specific Requests that Apple had objected to, including Samsung's Request for Production No. 5, which sought documents related to the functionality of any feature or element of Apple's designs. (Samsung's Requests for Production of Documents and Things Relating to Apple Inc.'s Motion for a Preliminary Injunction, served on July 6, 2011.) Apple had initially refused to produce documents for this Request unless Samsung narrowed its scope. The July 20 meeting was held for that limited purpose; Samsung was not narrowing the scope of all its requests for production.

**quinn emanuel urquhart & sullivan, llp**
LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1101 Pennsylvania Avenue NW, 6th Floor, Washington, District of Columbia 20004-2544 | TEL (202) 756-1950 FAX (202) 756-1951
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712

Michael Jacobs
October 10, 2011
Page 2

Indeed, emails from Apple design inventors would have been responsive to other Samsung requests for production. For example, Request No. 1 asked for documents relating to the conception and reduction to practice of the design patents, and Request No. 4 specifically asked for *communications* about the design patents, including communications of the inventors. For both of these categories, Apple agreed to produce "relevant, non-privileged documents within its possession, custody, or control, if any, after conducting a reasonable search." (Apple Inc.'s Objections and Responses to Samsung's Requests for Production of Documents and Things Relating to Apple Inc.'s Motion for a Preliminary Injunction, served on July 14, 2011.) Apple did not ask for a meet and confer on these categories. Indeed, prior to the July 20 meeting, Apple confirmed that its responses to Request Nos. 1 and 4 (along with 20 other requests) had not changed. So, even if Samsung had specifically excluded emails from the documents it sought under Request No. 5 — which it did not — emails still should have been searched and produced for at least Request Nos. 1 and 4. You admit that they were not.

Additionally, Apple's position on producing emails is inconsistent with Apple's own demands during preliminary injunction discovery. Samsung searched email files and produced over a thousand responsive emails that were found. Nevertheless, in Apple's motion to compel, it complained that Samsung's production of design history documents was insufficient in large part because Samsung purportedly did not include enough emails or communications from its designers. (*See, e.g.*, Apple's Motion to Compel at 6-9, served on September 20, 2011.) Certainly if Apple expected Samsung to search for emails to fulfill Apple's requests for design history documents, Apple should have searched for its own emails. Apple therefore cannot use the Court's July 18, 2011 order calling for narrowly tailored discovery requests to excuse its decision not to search for emails; Samsung was under the same time constraints as Apple.

It is now just three days before the preliminary injunction hearing and Apple has still failed to produce emails from its design patent inventors despite that it moved the Court to compel Samsung to produce these very same documents. By Wednesday, October 12, 2011 at 9 a.m., please supplement Apple's document production with emails responsive to at least Requests for Production Nos. 1, 4, and 5, or provide written confirmation that this has already been done, including Bates numbers. Thank you for promptly attending to this.

Sincerely,

*/s/ Victoria F. Maroulis*

Victoria F. Maroulis