# EXHIBIT 5

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER**<br><br>Date: January 18, 2012<br>Time: 2:00 p.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal<br><br>[PROPOSED] PUBLIC REDACTED VERSION |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 18, 2012 at 2:00 p.m., or as soon as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court to enter a protective order. This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declarations of Diane C. Hutnyan; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

Pursuant to Federal Rule of Civil Procedure 26, Samsung respectfully requests that the Court adopt and enter Samsung's Proposed Protective Order, attached hereto, and deny Apple's Proposed Protective Order.

| | |
|---|---|
| January 10, 2012 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By *Victoria F. Maroulis* |
| | Charles K. Verhoeven |
| | Kevin P.B. Johnson |
| | Victoria F. Maroulis |
| | Michael T. Zeller |
| | |
| | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF FACTS ................................................................................................... 2

III. LEGAL STANDARD .......................................................................................................... 5

IV. ARGUMENT ....................................................................................................................... 5

    A. Samsung's Confidential Tier Provides All The Protection Necessary While Eliminating Frivolous Objections To Disclosure Of Lower-Level Confidential Materials ........................................................................................ 5

    B. Samsung's Protective Order Employs the "Confidential" Tier In The Normal Fashion. ............................................................................................................... 7

    C. Apple's Protective Order Unfairly Requires Samsung to Disclose the Identities of its Non-Testifying Consultants. ...................................................... 8

    D. Apple's Overdesignation Must Be Addressed .................................................... 9

V. CONCLUSION .................................................................................................................. 10

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

For the past several months, the parties have been negotiating the details of an agreed protective order.   The parties have agreed all the terms but one:   Apple refuses to include a "Confidential" tier that would be used for documents that do not contain trade secrets or other highly sensitive content, but that contain less sensitive, non-public business information. Samsung's proposed protective order contains the traditional three-tier structure that is widely used in intellectual property cases and that allows for truly sensitive information to be accorded a high level of protection by designating them "Highly Confidential – Outside Attorneys' Eyes Only" or "Highly Confidential – Outside Attorneys' Eyes Only - Source Code," while less sensitive materials is appropriately treated as "Confidential" documents.

A "Confidential" tier of the sort Samsung is proposing is necessary to avoid over-designation of documents that are not "Highly Confidential" by any stretch of the imagination, and that the receiving party should be free to show to experts and consultants who have agreed to abide by the provisions of the Protective Order.   Apple has resisted including any "Confidential" tier, which would make it impossible for the parties to de-designate business confidential documents that do not merit a "Highly Confidential" designation without arguing they should be public.   Without the "Confidential" tier, Apple will continue to over-designate the entirety of its production that is non-public as Highly Confidential and will use that as an excuse to stymie Samsung's consultants, whose identity are protected work product, when the documents involved are just not that sensitive and there is no reason to think they would violate the terms of the Protective Order.   This is not a hypothetical problem.   Apple has consistently designated all internal Apple documents as "Highly Confidential — Attorneys' Eyes Only," regardless of their age or content.   For example, Apple has used this designation on emails that include nothing but the text of publicly available articles, presentation slides about the features of already released products, and short, vague emails and has misused the AEO designation to interfere with   at least one of Samsung's experts from seeing these types of less sensitive documents necessary and appropriate for his analysis even though they do not merit "Highly Confidential" protections.

Indeed, as another example of Apple's abuses and this Court is aware, Apple designated all photographs of a publicly disclosed tablet model as AEO, and thus forced this Court to order Apple to de-designate them.

Further, Apple asserted that it would only agree to a "Confidential" tier *if* that tier includes additional restrictions that are appropriate only for "Highly Confidential" information. Specifically, it insisted that before an expert or consultant can see "Confidential" materials, a party must provide written notice of their (1) name; (2) present employer and title; (3) past and current employment and consulting relationships over the last five years; (4) curriculum vitae; and (5) testimony at deposition or trial within the last five years.  The producing party would then have the right to initiate an elaborate objection process which would allow it to delay disclosure or prevent disclosure entirely.  This procedure is unnecessary and inappropriate for materials that are not that sensitive, or no longer sensitive, especially when anyone seeing them would agree to the terms of the Protective Order and would be subject to contempt for violating it.  With this provision, the "Confidential" tier will be almost the same as the "Highly Confidential" tier – the only difference would be that mock jurors can see "Confidential" materials[1] – and would thereby encourage continued over-designation and create more unwarranted delays and interference with consultants and experts.

## II.   STATEMENT OF FACTS

*The Parties Meet and Confer —* The parties have been negotiating the terms of an agreed protective order for months.   Although they were able to agree on all the other terms, a dispute has arisen over the inclusion of a "Confidential" tier.   Samsung seeks a "Confidential" tier to cover documents that did not include highly confidential trade secret or confidential commercial information but that the parties still want to maintain as private.   Apple initially rejected any "confidential" tier provision, but eventually indicated it would accept a modified version of it that

---

[1]   Samsung's proposed version of the Protective Order would not permit in-house counsel access to   designated items whether they were designated "Confidential" or "Highly Confidential."   Apple has not suggested disagreement with that approach.

1  included a disclosure restriction that would require the receiving party to give the producing party
2  notice that it wanted to disclose "confidential" documents to an identified person.   The producing
3  party would then be able to raise objections to prevent disclosure.

4  *Apple's Mis-Designation of Numerous Documents —* Apple has consistently produced its
5  internal documents with the Highly Confidential – Attorneys' Eyes Only designation ("AEO"),
6  even where the documents do not even arguably contain highly confidential subject matter.   Now,
7  Apple wants to keep these documents under that designation by formally placing them in the
8  "Confidential" tier, but then using their disclosure restriction to still maintain unduly restrictive
9  control over use of these documents.   The following are just a few representative documents
10 produced by Apple that justify neither an AEO designation nor continued protection beyond
11 Samsung's good faith compliance with the "Confidential" designation:





## III. LEGAL STANDARD

A court may enter a protective order to govern discovery. Fed. Civ. R. Pro. 26(c). "The federal courts have long recognized a qualified evidentiary privilege for trade secrets and other confidential commercial information." *Federal Open Market Committee Of the Federal Reserve System v. Merrill*, 443 U.S. 340, 356 (1979); *see, e.g.*, *E. I. du Pont de Nemours Powder Co. v. Masland*, 244 U.S. 100 (1917). The Federal Rules of Civil Procedure provide similar qualified protection for trade secrets and confidential commercial information in the civil discovery context. *See Merrill*, 443 U.S. at 356 (citing Fed. R. Civ. P. 26(c)(7)).

## IV. ARGUMENT

### A. Samsung's Confidential Tier Provides All The Protection Necessary While Eliminating Frivolous Objections To Disclosure Of Lower-Level Confidential Materials

The parties agree that a protective order is necessary in this case to control the disclosure of trade secrets for both sides. The disagreement is about whether the protective order should, in accordance with usual practice, provide for flexible degrees of confidentiality or only extreme confidentiality.[2]

Samsung's protective order provides three tiers of protection depending on how sensitive the document or thing in question truly is. Samsung's proposed "Confidential" tier would keep internal business confidential documents from public disclosure and prohibit dissemination to the parties' employees and in-house counsel. The "Confidential" tier differs from the "Highly Confidential" tier in two respects: (1) it would allow mock jurors to see Confidential materials and (2) it would permit experts and non-disclosed consultants to see Confidential materials without disclosing them and allowing for interference with them through objections. Items appropriate for the "Confidential" tier would be those items that deserve protection under Rule

---

[2] Samsung's Proposed Protective Order differs from Apple's in that the "Notice of Disclosure" requirement does not apply at the "Confidential" tier and that the definition of the "Highly Confidential – Attorneys' Eyes Only" tier is modified so as to create a true distinction between materials properly designated at each level.

26(c) but do not contain or reflect sensitive business information that is trade secret and/or commercially sensitive, where substantial harm from disclosure cannot otherwise be avoided. For such documents, sufficient protection is afforded by the restriction Samsung has included: retained experts and consultants would be permitted to see "Confidential" materials "provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) such expert or consultant is not a current officer, director, or employee of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party."[3]

Apple's desired protective order would either not have any "Confidential" tier, or it would include the above restrictions in the "Confidential" designation and also apply the "Notice of Disclosure" provision that was designed for the different purpose of preventing disclosure of truly "Highly Confidential" materials to experts and consultants. This provision would require the parties to make extensive disclosures of any experts or non-disclosed consultants to the opposing party before permitting them to see any documents, and would permit the opposing party to object to the disclosure.[4]

Significantly, with Samsung's proposed "Confidential" tier in place, Apple *already has* a mechanism to ensure that any really competitively sensitive or trade secret information is subject to stringent confidentiality requirements: it can designate it at the "Highly Confidential – Attorneys' Eyes Only" and "Highly Confidential – Outside Attorneys' Eyes Only – Source Code" levels. Apple will just need to justify that the information it seeks to designate at these levels merits that additional layer of protection. Apple is imposing the extra disclosure requirement on "Confidential" materials because this power to object gives it continuing power to object to and thus interfere with Samsung's experts, even when document is unsuitable for the higher tiers.

---

[3] See Hutnyan Decl. Ex. A (Samsung's Proposed Protective Order)
[4] See Hutnyan Decl. Ex. J (Apple's Proposed Protective Order)

1   The purpose of a protective order is to maintain the pace of discovery by preventing objections based solely on confidentiality. *Zest IP Holdings, LLC*, 2011 WL 5525990 at *1 (a protective order "allows a party to object to the disclosure of information on any ground other than the mere presence of Confidential Information."). When a documents is designated as merely "Confidential," it has been determined that disclosure to non-disclosed consultants and experts is to be permitted. Giving Apple further supervision over documents at the low-end of confidentiality will give it yet another tool to hinder and frustrate Samsung's efforts to prepare its defenses. Adding extra rounds of objections based on low-level confidential business materials leaves open the door for endless, time-consuming motion practice, even after the parties and Court have spent considerable time creating and enacting the protective order to avoid this.

### B. Samsung's Protective Order Employs the "Confidential" Tier In The Normal Fashion.

"Confidential" tiers are commonplace in protective orders governing discovery between competitors. *See, e.g.*, *Blanchard & Co., Inc. v. Barrick Gold Corp.*, 02-3721, 2004 WL 737485 (E.D. La. Apr. 5, 2004) ("The Court observes that, while such dual tier designation may not be commonplace in ordinary litigation, such restrictions are commonplace where parties are competitors as is the case here.") *See also Bryant v. Mattel, Inc.*, C 04-09049 SGL RNBX, 2007 WL 5416681 (C.D. Cal. Jan. 26, 2007) enforcement granted in part, denied in part, CV 04-09049 SGLRNBX, 2007 WL 5430887 (C.D. Cal. June 20, 2007) ("The protective order filed on January 4, 2005, is sufficient to address any confidentiality concerns raised by Bryant. Among other things, the protective order provides protection for confidential trade secret information. It has two tiers of protection, allowing a party to designate documents as either 'Confidential' or 'Highly Confidential-Attorney's Eyes Only.' The protective order also requires the parties to use information produced in discovery only for purposes of this litigation and not for any other purpose."); *Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, CIV. 10-0541-LAB WVG, 2011 WL 5525990 (S.D. Cal. Nov. 14, 2011) ("The Court recognizes that Plaintiffs and Defendants are 'fierce competitors' as Defendants contend. However, this intense rivalry does not trump Plaintiffs' right and access to relevant information they need to prosecute their case. The Court has

1 approved a two-tier Protective Order proposed by the parties in this action. . . . The Protective
2 Order, at paragraph 4, allows the party producing a document to designate the document as
3 'Confidential' and 'Confidential—For Counsel Only.'") (internal citations omitted).
4 In these multi-tiered protective orders, courts have interpreted the lower "Confidential" tier as
5 permitting disclosure to experts and undisclosed consultants without further limitation.  *See*
6 *Brandwynne v. Combe Int'l, Ltd.*, 98CIV.2653(SAS)(MHD), 1998 WL 751657 (S.D.N.Y. Oct. 28,
7 1998); *A Major Difference, Inc. v. Wellspring Products, LLC*, 243 F.R.D. 415, 419 (D. Colo.
8 2006) (permitting "outside independent experts and consultants" to review documents designated
9 under the protective order's lower "Confidential" tier.)   Samsung is simply requesting that the
10 protective order in this case include the *basic and normal* level of confidentiality protection,
11 alongside the more rigorous and restrictive designations already in place for "Highly Confidential"
12 materials.

13          **C.      Apple's Protective Order Unfairly Requires Samsung to Disclose the Identities**
14                  **of its Non-Testifying Consultants.**

15          Samsung also has a right to not disclose to Apple the identities of its non-testifying expert
16 consultants.   Fed. R. Civ. Pro. 26(b)(4)(D) states "[o]rdinarily, a party may not, by interrogatories
17 or deposition, discover facts known or opinions held by an expert who has been retained or
18 specially employed by another party in anticipation of litigation or to prepare for trial and who is
19 not expected to be called as a witness at trial."   Under this standard, the party seeking this
20 information must make a "showing of exceptional circumstances before names of retained or
21 specially employed consultants may be discovered."   *Ager v. Jane C. Stormont Hosp. & Training*
22 *Sch. for Nurses*, 622 F.2d 496, 502 (10th Cir. 1980) (citing cases); *see also In re Pizza Time*
23 *Theatre Sec. Litig.,* 113 F.R.D. 94, 97 (N.D. Cal. 1986) ("There is a division in the authorities
24 about whether the 'exceptional circumstances' requirement applies to efforts to discover only the
25 identities of non-testifying experts, as opposed to the relevant facts they know and opinions they
26 hold.   Having studied carefully the leading cases in both camps, I am persuaded that the better
27 reasoned view is that discovery of the identities of non-testifying experts should be subject to the
28

same standard as discovery of their opinions, namely, the 'exceptional circumstances' standard.); *Kuster v. Harner*, 109 F.R.D. 372, 374 (D. Minn. 1986) (concluding that the view expressed in *Ager* has become the prevailing one in the years since *Ager* was decided.). If Samsung were subject to Apple's "Notice of Disclosure" requirement, its right to keep the identities of these individuals private would be vitiated.

### D. Apple's Overdesignation Must Be Addressed

Finally, a party must make its confidentiality designations in good faith and based on the definitions set forth for those designations. *See* N.D. Cal Patent Local Rule 2-2 Interim Model Protective Order, section 5.1 ("Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.") *See also Lockheed Martin Corp. v. Boeing Co.*, 6:03CV796 ORL28KRS, 2005 WL 5278461 (M.D. Fla. Jan. 26, 2005) (in making designations under a protective order, "counsel shall *in good faith* attempt to designate documents properly at the time of production.") (emphasis added).

Apple has overdesignated swaths of documents as "Highly Confidential – Attorneys' Eyes Only" under the currently operative N.D. Cal Patent Local Rule 2-2 Interim Model Protective Order ("Interim Protective Order"), with no regard for the limitations on that designation. Samsung has attached examples as Exhibits B-K to the Declaration of Diane C. Hutnyan. Under the Interim Protective Order, materials can only be given the "Highly Confidential" designation if they are "extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means." These documents clearly do not fall within that category but were likely designated that way because the "Confidential" designation under the Interim Protective Order

would allow "Confidential" items to be viewed by officers, directors and in-house attorneys of the receiving party.

Samsung's proposed "Confidential" tier remedies that inconsistency by affording a higher level of protection (by not allowing that disclosure to employees and in-house counsel) to lower-level "Confidential" materials while still permitting them to be used efficiently in this litigation consistent with their lower level of sensitivity.   Samsung's proposed order should be entered and all of the Exhibits should be re-designated as "Confidential" under that tier.

## V.     CONCLUSION

For the foregoing reasons, Samsung respectfully requests that this Court adopt and enter Samsung's Proposed Protective Order and deny Apple's Proposed Protective Order.   Samsung also requests that Exhibits B-K to the declaration of Diane C. Hutnyan be re-designated as "Confidential."

DATED: January 10, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC