# EXHIBIT A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>      Plaintiffs,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>      Defendants.<br><br><br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, a California corporation,<br><br>      Counterclaim-Plaintiff,<br><br>      v.<br><br>APPLE INC., a California corporation,<br><br>      Counterclaim-Defendants. | Civil Action No. 11-CV-01846-LHK<br><br>**AGREED UPON PROTECTIVE ORDER REGARDING DISCLOSURE AND USE OF DISCOVERY MATERIALS** |

02198.51855/4543875.1

**AGREED UPON PROTECTIVE ORDER**
**REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**

Plaintiff and counterclaim-defendant Apple Inc. ("Apple") and defendants and counterclaim-plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") (collectively referred to herein as the "Parties") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1.      **PURPOSES AND LIMITATIONS**

(a)      Unless otherwise agreed by the parties, Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)      The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2.    **DEFINITIONS**

(a)    "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)    "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party, (ii) partners and associates of such counsel to whom it is reasonably necessary to disclose the information for this litigation, and their paralegals and support staff, and (iii) outside, independent attorneys contracted to provide legal advice to a Party in connection with this action.

(c)    "Patents-in-suit" means U.S. Patents Nos. 7,812,828; 6,493,002; 7,469,381; 7,844,915; 7,853,891; 7,663,607; 7,864,163; 7,920,129; D627,790; D617,334; D604,305; D593,087; D618,677; D622,270; D504,889; 6,928,604; 7,050,410; 7,069,055; 7,079,871; 7,200,792; 7,362,867; 7,386,001; 7,447,516; 7,456,893; 7,577,460; 7,675,941; and 7,698,711 and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(d)    "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e)    "Producing Party" means any Party or non-party entity that discloses or produces any Discovery Material in this case.

(f)    "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or

"HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order.

(g)    "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)    "Source Code" means confidential and proprietary computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any application-specific integrated circuit (ASIC) or other chip.

3.    **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

4.    **SCOPE**

(a)    The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Discovery Material to an individual who prepared the Discovery Material.

(c)      Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with consent of the Producing Party or by order of the Court.

(d)      This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.      **DURATION**

Even after the termination of this case, and unless otherwise indicated in this Order, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or an order from this Court otherwise directs.

6.      **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)      Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function, except as expressly provided herein.  Protected Material shall not voluntarily be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)      Patent Prosecution Bar.  Absent the written consent of the Producing Party, anyone who receives one or more items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall not be involved, directly or indirectly, in any of the following activities: advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications (whether for design or utility patents), specifications, claims,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

and/or responses to office actions, or otherwise affecting the disclosure in patent applications or specifications or the scope of claims in patents or patent applications relating to the subject matter of the patents-in-suit before any foreign or domestic agency, including the United States Patent and Trademark Office.  These prohibitions are not intended to and shall not preclude (i) participating in or advising on any reexamination or reissue proceeding by ~~Defendants'~~ Samsung's Outside Counsel with respect to any patents in which ~~Plaintiff~~ Apple has any interest, or participating in or advising on any reexamination or reissue proceeding (except for participating in or advising on, directly or indirectly, claim drafting or amending claims) by ~~Plaintiff's~~ Apple's Outside Counsel with respect to any patents in which ~~Plaintiff~~ Apple has any interest; and (ii) participating in or advising on any reexamination or reissue proceeding by ~~Plaintiff~~ Apple's Outside Counsel with respect to any patents in which ~~Defendants have~~ Samsung has any interest, or participating in or advising on any reexamination or reissue proceeding (except for participating in or advising on, directly or indirectly, claim drafting or amending claims) by ~~Defendants'~~ Samsung's Outside Counsel with respect to any patents in which ~~Defendants~~ Samsung ~~have~~ has any interest.

(c)      The prohibitions in Paragraph 6(b) shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

(d)      Secure Storage. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(e) <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Materials themselves, the content of those Protected Materials, or the fact of those particular Protected Materials' existence except as provided in this Order.

(f) <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to Order of the Court.  Notwithstanding the foregoing, a Producing Party may not disclose its own Protected Material to the extent such Protected Material is also the Protected Material of any other party (e.g., settlement discussions and agreements containing confidentiality obligations), without the prior written consent of such other party, unless compelled to do so by a Court of competent jurisdiction.

7. **DESIGNATING PROTECTED MATERIAL**

(a) <u>Available Designations</u>.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:  "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(b)   <u>Written Discovery and Documents and Tangible Things</u>.   Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.   For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.   In the event that original documents are produced for inspection, the original documents shall be presumed "<u>HIGHLY </u>CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c)    <u>Depositions and Testimony</u>.   Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony are designated within twenty one (21) days of receipt of the transcript of the testimony.   If no indication on the record is made, all information disclosed during a deposition shall be deemed "<u>HIGHLY </u>CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.   Any Party that wishes to disclose the transcript that has been deemed "<u>HIGHLY </u>CONFIDENTIAL – ATTORNEYS' EYES ONLY" as a result of no designation having been made on the record at the time the testimony was given, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.   Any

Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

**8.    DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects information that qualifies for protection under Federal Rule of Civil Procedure 26(c).

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)    The Receiving Party's Outside Counsel;

AGREED UPON PROTECTIVE ORDER
REGARDING DISCLOSURE AND
USE OF DISCOVERY MATERIALS

(ii)     Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) such expert or consultant is not a current officer, director, or employee of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party;

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)     The Court, jury, and court personnel;

(vi)    Document processing and hosting vendors, and graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)   Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)  Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(i)(ix)  Any other person with the prior written consent of the Producing Party or by Order of this Court.

### 8.9.   DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

(a)      A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects sensitive business information that is confidential and/or, proprietary, trade secret, and/or commercially sensitive, where substantial harm from disclosure cannot otherwise be avoided.  The Parties agree that at least the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, cost information, licensing of the Producing Party's intellectual property, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)      Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)      The Receiving Party's Outside Counsel, except that unless otherwise agreed no Outside Counsel who is involved in competitive decision-making[1], as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), shall have access to Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY";

---

[1]      For the absence of doubt, for the purposes of this Protective Order, "competitive decision-making" shall not include duties traditionally performed by outside counsel with respect to advising the Parties regarding this or other litigation.

(ii)     Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party with respect to the subject matter of the patents-in-suit, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party with respect to the subject matter of the patents-in-suit; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party with respect to the subject matter of the patents-in-suit; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 11 12 below;

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)     The Court, jury, and court personnel;

(vi)    Document processing and hosting vendors, and graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

1            (vii)    Any mediator who is assigned to hear this matter, and his or her

2 staff, subject to their agreement to maintain confidentiality to the same degree as required by this

3 Protective Order; and

4            (viii)   Any other person with the prior written consent of the Producing

5 Party or by order of this Court.

6

7 **9.10.   DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL**

8 **– OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

9

10          (a)    To the extent production of Source Code becomes necessary to the

11 prosecution or defense of the case, a Producing Party may designate Source Code as "HIGHLY

12 CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it

13 comprises or includes confidential, proprietary, and/or trade secret Source Code.

14          (b)    Nothing in this Order shall be construed as a representation or admission

15 that Source Code is properly discoverable in this action, or to obligate any Party to produce any

16 Source Code.

17          (c)    Unless otherwise ordered by the Court, Discovery Material designated as

18 "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"

19 shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject

20 to Paragraph 10 11 below, solely to:

21            (i)    The Receiving Party's Outside Counsel, except that unless

22 otherwise agreed no Outside Counsel who is involved in competitive decision-making, as

23 defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), shall have

24 access to Discovery Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE

25 ATTORNEYS' EYES ONLY - SOURCE CODE";

26

27

28

(ii)     Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party with respect to the subject matter of the patents-in-suit, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party with respect to the subject matter of the patents-in-suit; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party with respect to the subject matter of the patents-in-suit; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 11 12 below;

(iv)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)     The Court, jury, and court personnel;

(vi)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vii)     Any other person with the prior written consent of the Producing Party or by order of this Court.

02198.51855/4543875.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ~~10.~~11.  **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)     The following provisions apply to the production of Source Code that is designated "[PRODUCING PARTY'S]HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY — SOURCE CODE," unless otherwise agreed by the Producing Party:

(b)     All Source Code shall be made available by the Producing Party to the Receiving Party in a secure room, on at least two secured, stand-alone computers (running a reasonably current operating system) per software platform produced, without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (hereinafter "Confidential Source Code Computer").  If it should be necessary, the Confidential Source Code Computer may be configured by the Producing Party to run other mutually agreed upon operating systems.  Except as otherwise authorized by the Producing Party, no more than a total of 25 individuals identified by the Receiving Party shall have access to the secure room in which the Producing Party produces its Source Code.

(c)     The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving

02198.51855/4543875.1

Party to perform its review of the Source Code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least fourteen (14) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Confidential Source Code Computer. Specific tools may include but are not limited to:  Visual Slick Edit, Source-Navigator, PowerGrep, and ExamDiff Pro, or other similar programs.  The Receiving Party shall not at any time use any compilers, interpreters or simulators in connection with the Producing Party's Source Code.

(d)     The Producing Party shall make the Source Code available electronically and in text searchable form in a secure room at the offices of the Producing Party's outside counsel as defined in paragraph 2(b) or any other location mutually agreed by the parties.

(e)     In order to verify that its Source Code has not later been altered, the Producing Party may benchmark the materials before and after they are provided but shall not install any keystroke or other monitoring software on the Confidential Source Code Computer.

(f)     The Confidential Source Code Computer shall be made available from 9:00 a.m. to 7:00 p.m. local time, Monday through Friday (excluding holidays), and other days and/or times, including weekends, upon reasonable request at least until the close of expert discovery in this action.  Access on weekends or after hours shall be permitted only on three days' advance written notice.

(g)     Prior to the first inspection of any requested piece of Source Code, the requesting party shall provide fourteen (14) days notice of the Source Code that it wishes to inspect.  The requesting party shall provide two (2) days notice prior to any additional inspections of the same Source Code, although the parties will be reasonable in accommodating

requests of less than two (2) days.  The Receiving Party shall identify any individual who will be given access to the Source Code at least ten (10) days prior to the first time any such individual is given access to the Source Code, and, during that 10-day period, the Producing Party may object to providing access to any persons so identified. The Receiving Party shall provide two (2) days notice any time each such individual is given access to the Source Code after the first time, although the parties will be reasonable in accommodating notice of less than two (2) days.  If an objection to an individual is made by the Producing Party, it will be the burden of the Producing Party to prove that the individual should not be authorized to inspect the Producing Party's Source Code.

(h)     Proper identification of all authorized persons shall be provided prior to any access to the secure room or to the Confidential Source Code Computer.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship.  Access to the secure room or the Confidential Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

(i)     The Confidential Source Code Computer shall be equipped with a printer with commercially reasonable printing speeds to print copies of the Source Code on watermarked pre-Bates numbered paper, which shall be provided by the Producing Party.  The Receiving Party may print limited portions of the Source Code only when reasonably necessary to facilitate the Receiving Party's preparation of court filings, expert reports, and trial exhibits, and shall print only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose.  The Receiving Party shall not print Source Code in order

to review blocks of Source Code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that Source Code electronically on the Confidential Source Code Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere.  If the Producing Party objects that the printed portions are excessive and/or not done for a permitted purpose, the Producing Party shall make such objection known to the Receiving Party within five (5) days.  Printed portions which exceed 50 continuous pages or 10% or more of a specific software release shall be presumed excessive and not done for a permitted purpose.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek the Court's resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose.  The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. Except as otherwise authorized by the Producing Party, no more than a total of 40 individuals identified by the Receiving Party shall have access to the printed portions of Source Code (except insofar as such code appears in any filing with the Court or expert report in this case).

　　　　　　(j)　　　The printed Source Code shall be labeled with "[PRODUCING PARTY'S NAME] HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY — SOURCE CODE."  Outside counsel for the Producing Party will keep the originals of these printed documents, and copies shall be made for outside counsel for the Receiving Party on watermarked paper within 48 hours.  It is the responsibility of the Producing Party to ensure delivery of the printed documents to outside counsel for the Receiving Party within 48 hours. The Receiving Party's outside counsel may make no more than ten (10) additional paper copies

of any portions of the Source Code received from a Producing Party, not including copies attached to court filings or used at depositions.

(k)      In addition to other reasonable steps to maintain the security and confidentiality of the Producing Party's Source Code, printed copies of the Source Code maintained by the Receiving Party must be kept in a locked storage container when not in use. No electronic copies of the Source Code shall be provided by the Producing Party beyond the Confidential Source Code Computer.

(l)      Except as provided herein, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including, by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such filing will not be made absent agreement from the supplier that the confidentiality protections will be adequate.  If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or to provide written permission to the Receiving Party to produce an electronic or any other copy of Source Code for purposes of a court filing, the Receiving Party's communication and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this

Order, and all such individuals must be identified, in accordance with paragraph 1 ~~10~~11(q), on the Confidential Source Code Access Log as reviewers and/or recipients of paper copies.  In the case where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the electronic copies shall be included on the log required by paragraph 1 ~~10~~11(q); and any other information required by paragraph 11(q) shall be included on the log.  Additionally, any such electronic copies must be labeled "[PRODUCING PARTY'S  NAME] HIGHLY CONFIDENTIAL  — OUTSIDE ATTORNEYS' EYES ONLY —  SOURCE CODE" as provided for in this Order.

(m)     For depositions, the Receiving Party shall not bring copies of any printed Source Code.  Rather, at least five (5) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  All paper copies of Source Code brought to the deposition shall be returned to the Producing Party and securely destroyed in a timely manner following the deposition.

(n)     Other than the Confidential Source Code Computer and printer provided by the Producing Party, no electronic devices, including but not limited to laptops, floppy drives, zip drives or other hardware, shall be permitted in the secure room.  Nor shall any cellular telephones, personal digital assistants, Blackberries, cameras, voice recorders, Dictaphones, telephone jacks, or other devices be permitted inside the secure room.  No non-electronic devices capable of similar functionality shall be permitted in the secure room.  The Receiving Party shall

be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Confidential Source Code Computer itself or any other computer.  No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

(o)     Other than as provided in paragraph 110(n), the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Confidential Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of the Producing Party's outside counsel.

(p)     Unless otherwise agreed in advance by the parties in writing, following each day on which inspection of Source Code is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the secure room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

02198.51855/4543875.1

AGREED UPON PROTECTIVE ORDER
REGARDING DISCLOSURE AND
USE OF DISCOVERY MATERIALS

(q)     The Receiving Party shall maintain a Confidential Source Code Access Log identifying each hard copy (or electronic copy as permitted by paragraph 11(l)) of Source Code that it has in its possession and, for each and every time the hard copy (or electronic copy as permitted by paragraph 1011(l)) of the Source Code is viewed, the following additional information: (i) the name of each person who viewed the Source Code; and (ii) whether any portion of the Source Code was copied and, if so, what portion was copied.  The Producing Party shall be entitled to a copy of the log upon one (1) day's advance notice to the Receiving Party. Within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in the above-captioned action, the Receiving Party must serve upon the Producing Party the Confidential Source Code Access Log.  Additionally, within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in the action, all persons to whom the paper copies of the Source Code were provided must certify in writing that all copies of the Source Code were returned to Counsel of Record for the Producing Party and that they will make no use of the Source Code or of any knowledge gained from the Source Code in any future endeavor.

(r)     Nothing herein shall be deemed a waiver of a party's right to object to the production of Source Code.  Absent a subsequent and specific court or agency order, nothing herein shall obligate a party to breach any non-party license agreement relating to such Source Code.

(s)     The parties further acknowledge that some or all of the Source Code may be owned by non-parties and not in a party's possession, custody, or control.  Nothing herein shall be deemed a waiver of any non-party's right to object to the production of Source Code or object to the manner of any such production.

(t)     Any consultant or expert retained on behalf of a Receiving Party who is to be given access to a Producing Party's Source Code — whether in electronic form or otherwise — must agree in writing not to use the accessed code to write source code directly intended for commercial purposes relating to the technology at issue in this action for a period of six (6) months after the issuance of a final, non-appealable decision resolving all issues in the action.  This shall not preclude such consultants and experts from any academic work or consulting in future litigation, so long as such consulting does not involve writing source code directly intended for commercial purposes relating to the technology at issue in this action.

### 11.12.  **NOTICE OF DISCLOSURE**

(a)     Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(iii),  or 9(be)(iii) or 10(c)(iii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's past or current employment or consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person, within the last five (5) years; (iv) an up-to-date curriculum vitae of the Person; and (v) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.  Said written notice shall include an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of mobile phones and tablet computers, or relating to the acquisition of intellectual property assets relating to mobile phones and tablet computers.  The Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate

whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.  During the pendency of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of mobile phones and tablet computers, or the acquisition of intellectual property assets relating to mobile phones and tablet computers.

(b)      Within seven (7) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to disclosure to the Person for good cause.  In the absence of an objection at the end of the seven (7) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this seven (7) day period.  If the Producing Party objects to disclosure to the Person within such seven (7) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)      For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

02198.51855/4543875.1

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Paragraph 12 shall not preclude the non-objecting Party from later objecting to continued access to Protected Material by that Person based on new facts or circumstances for good cause shown.  In this event, a Party must make a written objection to the other Party concerning the continued access of Protected Material by that Person, and the Parties must meet and confer in good faith concerning such objection.  To the extent that the objection is unable to be resolved, the later-objecting Party must present its objection to the Court for resolution within no later than five (5) days of making such objection.  Notwithstanding such objection, the designated Person may continue to have access to Protected Material until judicial resolution of the objection.

### ~~12.~~13.  CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any

other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)     Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

### ~~13.~~14.  **SUBPOENAS OR COURT ORDERS**

(a)     If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

02198.51855/4543875.1

## 14.15.  FILING PROTECTED MATERIAL

(a)     Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material.

(b)     Any Receiving Party is authorized under Local Rule 79-5 to request the filing under seal with the Court of any brief, document or materials that are designated as Protected Material under this Order.  Nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

## 15.16.  INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

(a)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a notice and request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a notice and request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return within five (5) days of such notice and request such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)     Within five (5) days of the Producing Party's notice and request for the return and/or destruction of privileged Discovery Material, the Producing Party shall provide a

privilege log with entries for the inadvertently produced document(s).  The Producing Party shall maintain the referenced document(s) until the Parties resolve any dispute concerning the privileged nature of such documents or the Court rules on any motion to compel production of such documents. If a dispute arises concerning the privileged nature of the document(s) demanded or returned, the Parties shall meet and confer in good faith in an effort to resolve the dispute. If the Parties are unable to resolve the dispute, the Receiving Party may file a motion to compel the production of such document(s). In the event of such a motion to compel, the Producing Party shall have the burden to demonstrate the claimed privilege, work product immunity or other immunity. However, in no case will the return of any demanded document be delayed or refused by reason of a party's objection to the demand or by the filing of a motion to compel, nor may a party assert the fact of the inadvertent production as a ground for any such motion. The Parties further agree that the Receiving Party will not use or refer to any information contained within the document(s) at issue, including in deposition or at trial or in any Court filing, unless and until such a motion to compel production of that document is granted by a Court, except as such information may appear in any applicable privilege log.

### ~~16.~~17.  **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving

the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives the notice described in Paragraph 1617(a), unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 176(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Protected Material produced without the designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" may be so designated subsequent to production when the Producing Party failed to make such designation at the time of production through inadvertence or error.  If Discovery Material is designated subsequent to production, the Receiving Party promptly shall collect any copies that have been provided to individuals so that they can be re-labeled with the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" designation.  Notwithstanding the above, such subsequent designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –

SOURCE CODE" materials only while the materials were not marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

## ~~17.~~18.  INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

(a)    In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)    Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

## ~~18.~~19.  FINAL DISPOSITION

(a)    Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)     All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return or destroy any pleadings, correspondence, and consultant work product that contain Source Code.

### 19.20.  DISCOVERY FROM EXPERTS OR CONSULTANTS

(a)     The Parties will not seek drafts of expert reports, declarations, affidavits, or notes taken by experts retained to testify in this litigation, whether those reports, declarations, affidavits, or notes relate to this litigation, to any prior litigation, or to any currently pending investigation, litigation or proceeding involving any –of the Parties. The Parties will not seek documents relating to communications between such experts and counsel, including email communications, whether generated in connection with this litigation, a prior litigation, or any currently pending investigation, litigation or proceeding involving any of the Parties, except for documents, information and things included in or attached to such communications that are directly relied upon by the expert in his or her expert report, declaration, affidavit, or testimony.

(b)     Except where a draft was produced as the only available copy, the Parties will not inquire at deposition or trial as to the contents of drafts of expert reports, declarations or affidavits, nor notes pertaining thereto, whether drafted in connection with this litigation, a prior litigation, or any currently pending investigation, litigation or proceeding involving any of the Parties, and the Parties will not inquire at deposition or at trial as to the expert's communications, written or oral, with counsel, whether generated in connection with this litigation, a prior litigation, or any currently pending investigation, litigation or proceeding involving any of the

Parties, except to the extent that the expert explicitly references or cites information from counsel in his or her expert report, declaration, affidavit, or testimony.

(c)     Furthermore, nothing in Paragraph ~~19~~20(a)-(b) is intended to restrict the Parties' ability to inquire into the basis of any of the opinions expressed by any expert in his or her report, declaration, or affidavit, including the manner by which such opinions were reached, and information considered in reaching such opinions.

(d)     Materials, communications, and other information exempt from discovery under the foregoing Paragraph ~~19~~20(a)-(b) shall be treated as attorney-work product for the purposes of this litigation and Order.

~~20.~~21.  **ELECTRONIC DISCOVERY**

(a)     The Parties agree that no voicemail, instant messages, text messages, or materials that may be archived and/or retained in tape, floppy disc, optical disc or similar media for backup or disaster recovery shall be searched for or produced unless good cause for the production can be shown, and further subject to the Producing Party's claim of undue burden or cost.  The Parties shall meet and confer as to good cause on this issue.

(b)     Materials retained in tape, floppy disk, optical disk or similar formats primarily for back-up or disaster recovery purposes should be considered not reasonably accessible under Rule 26(b)(2) of the Federal Rules of Civil Procedure and, accordingly, should not be subject to production unless specific facts demonstrate a particular need for such evidence that justifies the burden of retrieval.  Archives stored on computer servers, external hard drives, notebooks, or personal computer hard drives that are created for disaster recovery purposes and not used as reference materials in the ordinary course of a party's business operations need not be searched or produced absent good cause, and further subject to the Producing Party's claim of

undue burden or cost.  Neither party need deviate from the practices it normally exercises with regard to preservation of such "tape, floppy disk, optical disk or similar formats primarily for back-up or disaster recovery purposes" that it does not otherwise exercise when not in anticipation of litigation (*e.g.*, recycling of backup tapes is permitted).

### ~~21.~~22.  **CROSS-REFERENCE AND USE OF DISCOVERY MATERIALS**

Documents that have been or are produced (with appropriate Bates numbers) in the below-referenced pending United States proceedings involving Apple and Samsung are deemed produced in the above-captioned action, and neither party shall be deemed to have violated a protective order in the below listed matters by using such documents in the above-captioned action:  *In the Matter of Certain Electronic Devices, Including Wireless Communication Devices, Portable Music and Data Processing Devices, and Tablet Computers*, USITC Inv. No. 337-TA-794, and *In the Matter of Certain Electronic Digital Media Devices and Components Thereof*, USITC Inv. No. 337-TA-796.  Any document produced by a Party in the one of the aforementioned proceedings shall be used and treated with the same level of confidentiality for purposes of this action (e.g., a document designated by a Party as "Confidential Business Information" shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in this action) as an initial matter, but may be re-designated pursuant to Paragraph 13 of this Order.  This paragraph shall not extend to cross-use of confidential materials produced by third parties in such matters.  This cross-use provision also does not apply to other forms of discovery, including, without limitation, deposition transcripts and videos, deposition exhibits, expert reports and responses to interrogatories or requests for admission.  Nothing in this paragraph, however, prohibits a party from seeking such other forms of discovery through service of formal discovery requests in this action.  Any costs incurred in

the above-referenced ITC matters shall be excluded from a computation of taxable costs under Fed. R. Civ. P. 54 and N.D. Cal. Civ. L.R. 54.

22.23. **MISCELLANEOUS**

(a)     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter.  The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)     <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e) <u>Burdens of Proof</u>.   Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f) <u>Modification by Court</u>.   This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order.   All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

(g) <u>Discovery Rules Remain Unchanged</u>.   Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or the Court's own orders.   Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or the Court's own orders.

(h) <u>Supersession of Any Protective Orders</u>.   Except as otherwise set forth in this paragraph, this Protective Order supersedes any protective orders referenced by the Parties as applying to material disclosed before the entry of this Protective Order.   Any discovery material disclosed by any Party before the entry of this Protective Order shall retain whatever confidentiality designation it originally bore.   Such Protected Material that was designated as

02198.51855/4543875.1

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" pursuant to this Court's Patent L.R. 2-2 Model Interim Protective Order, or by the Stipulated Modification to Patent L.R. 2-2 Model Interim Protective Order for Purposes of Expedited Discovery (D.N. 76), shall be treated as if they were designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY," and such Protected Material previously designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to either or both of those prior orders shall be treated as if they were designated "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."  In addition, any expert disclosed pursuant to Paragraph 7.4(a)(2) of the Interim Protective Order shall be deemed to have been disclosed pursuant to Paragraph 11 of this Protective Order.

02198.51855/4543875.1

AGREED UPON PROTECTIVE ORDER
REGARDING DISCLOSURE AND
USE OF DISCOVERY MATERIALS

1

2    **STIPULATED AND AGREED:**

3

     Dated:  December 22, 2011                    Respectfully submitted,

4

5        */s/ Mark D. Selwyn*                          */s/ Diane C. Hutnyan*
     William F. Lee                               Charles K. Verhoeven
6    WILMER CUTLER PICKERING                      QUINN EMANUEL URQUHART
        HALE AND DORR LLP                            & SULLIVAN LLP
7    60 State Street                              50 California Street, 22nd Floor
     Boston, Massachusetts  02109                 San Francisco, California  94111
8    Telephone:  (617) 526-6000                   Telephone:  (415) 875-6600
     Facsimile:  (617) 526-5000
9
     Mark D. Selwyn                               Victoria Maroulis
10   WILMER CUTLER PICKERING                      QUINN EMANUEL URQUHART
        HALE AND DORR LLP                            & SULLIVAN LLP
11   950 Page Mill Road                           555 Twin Dolphin Drive, 5th Floor
     Palo Alto, California  94304                 Redwood Shores, California  94065
12   Telephone:  (650) 858-6000                   Telephone:  (650) 801-5066
     Facsimile:  (650) 858-6100
13
     Harold J. McElhinny                          Diane C. Hutnyan
14   Michael A. Jacobs                            QUINN EMANUEL URQUHART
     Richard S.J. Hung                               & SULLIVAN LLP
15   MORRISON & FOERSTER LLP                      865 S. Figueroa St., 10th Floor
     425 Market Street                            Los Angeles, California  90017
16   San Francisco, California  94105             Telephone:  (213) 443-3000
     Telephone:  (415) 268-7000
17   Facsimile:  (415) 268-7522                   *Counsel for Samsung Electronics Co., Ltd.,*
                                                  *Samsung Electronics America, Inc., and*
18   *Counsel for Plaintiff and Counterclaim-*    *Samsung Telecommunications America, LLC*
     *Defendant Apple Inc.*
19

20

21

22   **IT IS SO ORDERED.**

23

24   Date: _____     _____

25                                           UNITED STATES DISTRICT JUDGE

26

27

28

1

## EXHIBIT A

2

3    I, _____, acknowledge and declare that I have received a

4    copy of the Protective Order ("Order") in *Apple Inc. v. Samsung Electronics Co., Ltd.,*

5    *Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC,*   United

6    States District Court, Northern District of California, San Jose Division, Civil Action No. 11-

7    cv-01846-LHK.  Having read and understood the terms of the Order, I agree to be bound by

8    the terms of the Order and consent to the jurisdiction of said Court for the purpose of any

9    proceeding to enforce the terms of the Order.

10

11

12    Name of individual: _____

13    Present occupation/job description: _____

14    _____

15    _____

16    Name of Company or Firm: _____

17    Address:_____

18    Dated: _____

19

20    _____
      [Signature]

21

22

23

24

25

26

27

28