Exhibit I

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S INTERNET ADDRESS
rachelkassabian@quinnemanuel.com

January 2, 2012

<u>VIA ELECTRONIC MAIL</u>

Mia Mazza
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

Re:   <u>Apple Inc. v. Samsung Elecs. Co., Case No. 11-cv-1846 LHK</u>

Dear Mia:

I write in response to your letters of December 26, 2011 and December 28, 2011 concerning production of revenue, sales, pricing and other financial information.

**Misstatements in the December 26, 2011 Letter**

Your December 26, 2011 letter misrepresents Samsung's position on this issue. Samsung is not "withholding" financial documents. In fact, you acknowledge as much by recognizing that Samsung has already begun its production of financial documents, both in this case and in the ITC. *See, e.g.,* SAMNDCA00024754 – SAMNDCA00027518; SAMNDCA00027363 – SAMNDCA00027415; S-ITC-005190581 – S-ITC-005234991. Moreover, contrary to the statements in your letter, we have never suggested that Samsung does not retain financial data from individual carriers. Rather, as Diane's letter of December 20, 2011 makes clear, Apple's idiosyncratic demands as to the format of this information are largely pointless: Samsung has no duty to create information or documents that match Apple's preferred format, but Samsung will produce the documents it maintains in the ordinary course of its business. Your letter does not dispute Samsung's position, but instead mischaracterizes it.

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

Mia Mazza
January 2, 2012

**Samsung's Objections to the Scope and Relevance of Apple's Requests**

Apple needs to address Samsung's concerns about scope and relevance, and support its position with citation to authority.  For example, your December 26, 2011 letter attempts to justify Apple's demands for worldwide sales data by asserting that "Apple is entitled to an award equal to Samsung's profits."  This statement misunderstands basic patent law principles.  Even if Apple prevails in proving infringement, 35 U.S.C. § 284 does not provide for a disgorgement remedy.  Apple may recover damages equal to its loss, not Samsung's gain.  *See Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 507 (1964) (patentees' damages calculated "without regard to the question whether the defendant has gained or lost [. . .].")  Moreover, because foreign sales cannot infringe Apple's U.S. patents, those sales are irrelevant to Apple's recovery.  *See, e.g., Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 441 (2007).  Thus, Apple has utterly failed to articulate any legal basis for its demands.

Samsung has similar concerns with many of the requests described in your December 28, 2011 letter.  For instance, many are not limited to the accused products, instead seeking financial reports "for smartphones and for mobile phones more broadly[.]"  Similarly, your letter seeks documents from Samsung entities which are not named as defendants in this case.  Please articulate, **with citation to authority**, why Apple believes such information is relevant and why it is a proper subject for discovery.

**Apple's Reciprocal Discovery Obligations**

Although Samsung objects to the breadth of Apple's requests, Samsung nonetheless believes that *all* of the document categories identified in your letters are reciprocal.  *See, e.g.,* Samsung RFP Nos. 6-8, 25, 29, 42-44, 54, 55, 69, 116, 130-134, 139, 163, 173, 175, 182, 190, and 252-254.  Tellingly, your December 26, 2011 letter simply ignores Samsung's corresponding requests for financial documents—requests that are nearly identical to Apple's requests, and which have also been outstanding since August 2011.  Although your December 28, 2011 states that "an agreed-upon mutual exchange of certain financial information appears imminent," this statement directly contradicts Apple's repeated assertions—first in Wes Overson's November 22, 2011 letter, and again in your December 19, 2011 letter—that it does not consider financial documents to be the subject of the parties' ongoing negotiations.  Moreover, Apple did nothing during the previous meet and confer call to suggest that its position has changed.  Please identify which categories of financial documents you now suddenly view as subject to an "imminent" mutual exchange, as well as the corresponding requests for production.

Apple has had our counterproposal for several weeks now.  Instead of pursuing a reciprocal agreement, however, Apple's only response thus far has been to demand a unilateral commitment from Samsung to complete production by a date certain.  Given this conduct, it

Mia Mazza
January 2, 2012


appears that Apple is using the parties' reciprocity negotiations to create a superficial appearance of meeting and conferring. Apple's persistent threat to forge ahead with motion practice while ignoring its reciprocal obligations represents a clear failure to meet and confer in good faith. Apple has not made *any* commitment to producing the financial documents sought by Samsung, much less by a date certain, as Apple demands of Samsung. If Apple insists on such a one-sided approach to the discovery process, Samsung will be forced to place this issue on the agenda for the upcoming meet and confer and thereafter pursue motion practice -- unless Apple makes a written commitment to produce, by January 10, 2011, all documents responsive to the requests identified above and in Diane Hutnyan's January 2, 2011 letter.


Very truly yours,


/s/

Rachel Herrick Kassabian