| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> JENNIFER LEE TAYLOR (CA SBN 161368) <br> jtaylor@mofo.com <br> ALISON M. TUCHER (CA SBN 171363) <br> atucher@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> JASON R. BARTLETT (CA SBN 214530) <br> jasonbartlett@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone: (415) 268-7000 <br> Facsimile: (415) 268-7522 | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company., <br><br> Defendants. | Case No.   11-cv-01846-LHK <br><br> **DECLARATION OF HAROLD J. MCELHINNY IN SUPPORT OF APPLE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS** |

MCELHINNY DECL. ISO MOT. TO COMPEL
CASE NO. 11-CV-01846 LHK
sf-3092156

I, HAROLD J. McELHINNY, declare as follows:

1. I am a partner in the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple"). I am licensed to practice law in the State of California. I have personal knowledge of the matters stated herein or understand them to be true from members of my litigation team. I make this declaration in support of Apple's Motion to Compel Production of Documents and Things.

2. I am co-lead trial counsel for Apple in this action.

3. On January 5, 2012, I met in person with Charles Verhoeven of Quinn, Emanuel, Urquhart & Sullivan, lead trial counsel for Samsung in this matter. We, along with several others from each firm, met for approximately three hours to discuss outstanding discovery items. The parties exchanged agendas in advance of the meeting. Attached hereto as Exhibit "A" is a true and correct copy of the agenda provided to Samsung by Apple on January 3, 2012. Attached hereto as Exhibit "B" is a true and correct copy of the agenda provided to Apple by Samsung on January 4, 2012. During the three-hour meeting, the parties discussed all of the items on both parties' agendas.

4. Near the end of the meeting, Mr. Verhoeven and I concurred that the meet-and-confer requirement had been satisfied, with two exceptions identified below. With respect to those two exceptions, the parties have met and conferred and are at an impasse.

5. During the January 5 meeting, the parties discussed Samsung's production of technical documents. In a letter sent to Samsung's counsel the morning of January 5, Apple had identified 19 categories of technical documents that Apple had requested months earlier, that Apple had not located in Samsung's production to date, and that Apple needed urgently to prepare for upcoming depositions. Attached hereto as Exhibit "C" is a true and correct copy of the letter sent to Samsung on the morning of January 5, 2012. This letter represents a further narrowing of broader categories of technical documents identified by Apple in correspondence over the prior several weeks. Samsung did not agree at the meeting to supplement its production with the technical documents listed in Apple's January 5 letter. Rather, counsel for Samsung stated that she would need to confer with her client and would respond in writing on the following

1   day, Friday, January 6, 2012.  I told Samsung's representatives that Samsung's production of

2   these technical documents was long overdue, that its production of these documents was

3   incomplete, and that unless Samsung agreed on or before January 6, 2012, that it would complete

4   its production of these documents by a date certain, Apple would move to compel their

5   production.  Counsel for Samsung did not send a letter on January 6 agreeing to complete its

6   production of these technical documents by a date certain.

7          6.      During the January 5 meeting, the parties discussed Samsung's production of

8   documents relevant to Apple's design patent, trademark, and trade dress infringement case.  In a

9   letter sent to Samsung's counsel on January 3, 2012, Apple had identified 12 categories of

10  documents relevant to these issues that Apple had requested months earlier, but that Apple had

11  not located in Samsung's production to date, and that Apple needed urgently to prepare for

12  upcoming depositions.  Attached hereto as Exhibit "D" is a true and correct copy of the letter sent

13  to Samsung on January 3, 2012.  Samsung did not agree at the January 5 meeting to supplement

14  its production with the design, trademark, and trade dress documents identified in Apple's

15  January 3 letter.  Rather, counsel for Samsung stated that she had not had sufficient time to confer

16  with her client in advance of the meeting regarding this topic, and asserted that the meet-and-

17  confer requirement had not been satisfied on this issue.  I told Samsung's representatives that

18  Samsung's production of these documents was long overdue, that its production of these

19  documents was incomplete, and that unless Samsung agreed on or before January 6, 2012, that it

20  would complete its production of these documents by a date certain, Apple would move to

21  compel their production.  Counsel for Samsung did not communicate on or before January 6 any

22  agreement to complete its production of these design, trademark, and trade dress documents by a

23  date certain.

24         7.      During the January 5 meeting, the parties discussed Samsung's production of

25  sketchbooks, CAD drawings, and physical models.  On December 22, the Court had ordered

26  Samsung to produce all sketchbooks, CAD drawings, and physical models for all Galaxy phone

27  and tablet products by no later than December 31, 2011.  Samsung represented at the January 5

28  meeting that its production in those categories pursuant to the December 22 Order was complete.

1  The parties then discussed Apple's December 28, 2011, letter to Samsung, which had identified a broader range of sketchbooks, CAD drawings, and physical models—extending to all designs for all Samsung mobile phone products, tablet products, and touchscreen digital media players—and that Apple had requested months earlier, but that Apple had not located in Samsung's production to date, and that Apple needed urgently to prepare for upcoming depositions. Attached hereto as Exhibit "E" is a true and correct copy of this December 28 letter. At the January 5 meeting, Samsung stated that it would not provide this expanded production.

8.  During the January 5 meeting, the parties discussed Samsung's production of marketing, market analysis, and advertising documents. In a letter sent to Samsung's counsel on January 3, 2012, Apple had identified 13 categories of marketing, market analysis, and advertising documents that Apple had requested months earlier, but had not located in Samsung's production to date, and needed urgently to prepare for upcoming depositions. Attached hereto as Exhibit "F" is a true and correct copy of the letter sent to Samsung on January 3, 2012. Samsung did not agree at the meeting to supplement its production with the marketing, market analysis, and advertising documents identified in Apple's January 3 letter. Rather, counsel for Samsung stated that she had not had sufficient time to confer with her client in advance of the meeting regarding this topic, and asserted that the meet-and-confer requirement had not been satisfied on this issue. I told Samsung's representatives that the production of these documents was long overdue, that Samsung's production of marketing, market analysis, and advertising documents was incomplete, and that unless Samsung agreed on or before January 6, 2012, that it would complete its production of these documents by a date certain, Apple would move to compel their production. Counsel for Samsung did not communicate any agreement on January 6 to complete its production of these marketing, market analysis, and advertising documents by a date certain.

9.  During the January 5 meeting, the parties discussed Samsung's production of sales and financial documents relevant to damages. In letters sent to Samsung's counsel on December 19 and 28, 2011, Apple had identified a total of 11 categories of sales and financial documents that Apple had requested months earlier, but had not located in Samsung's production to date, and needed urgently to prepare for upcoming depositions. Attached hereto as Exhibits "G" and "H"

1 | are true and correct copies of the December 19 and December 28 letters sent to Samsung. During
2 | the meeting, Samsung did not agree to supplement its production with the identified sales and
3 | financial documents. Rather, counsel for Samsung stated that she would need to confer with her
4 | client and would respond in writing on the following day, Friday, January 6, 2012. I told
5 | Samsung's representatives that the production of these sales and finance documents was long
6 | overdue, that Samsung's production of sales and financial documents was incomplete, and that
7 | unless Samsung agreed on or before January 6, 2012, that it would complete its production of
8 | these documents by a date certain, Apple would move to compel their production. Counsel for
9 | Samsung did not send a letter on January 6 agreeing to produce the identified categories of sales
10 | and financial documents by a date certain.

11 |     I declare under penalty of perjury that the foregoing is true and correct. Executed this
12 | 11th day of January, 2012, at San Francisco, California.

*/s/ Harold J. McElhinny*
Harold J. McElhinny