# EXHIBIT J

```
                                                              Page 1
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
 2                      SAN JOSE DIVISION
 3                  CASE NO. 11 CV 01846 LHK
 4
    APPLE, INC, a California
 5  corporation,
 6
                     Plaintiff,
 7
    vs.
 8
    SAMSUNG ELECTRONICS CO., LTD.,
 9  a Korean business entity;
    SAMSUNG ELECTRONICS AMERICA, INC.,
10  a New York corporation;
    SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,
11  a Delaware limited liability company,
12
                     Defendants.
13  _____/
14
15                  HIGHLY CONFIDENTIAL
16                  ATTORNEYS' EYES ONLY
17        DEPOSITION OF JOSHUA STRICKON, PH.D.
18                    Miami, Florida
                 Thursday, October 20, 2011
19
20
21
22
    Reported by:
23
    DARLINE MARIE WEST, RPR, FRP, CLR
24
    Job No. 42680
25
```

Highly Confidential - Attorneys' Eyes Only

1            P R O C E E D I N G S

2

3        VIDEO TECHNICIAN:  We are now on the video

4    record.  The time is 9:16 a.m. on Thursday, the

5    20th day of October, 2011.  We're here for the

6    videotape deposition of Joshua Strickon taken at

7    701 Brickell Ave., Suite 1650, Miami, Florida.

8    And it's taken in Case Number 11 CV 01846 LHK,

9    Apple, Inc. vs. Samsung Electronics Company,

10   Ltd., et al.

11        The case is filed in the United States

12   District Court, Northern District of California,

13   San Jose Division.

14        The court reporter is Darline West.  The

15   videographer is Sean Maguire, both with TSG

16   Reporting.

17        Will counsel and all present please

18   introduce yourself, and the court reporter will

19   swear the witness.

20         MS. DUCCA:  Marissa Ducca, Quinn

21   Emanuel Urquhart & Sullivan in Washington,

22   D.C., for Samsung.

23         MR. BARQUIST:  Charles Barquist,

24   Morrison & Foerster for Dr. Strickon and

25   Apple.

1  THEREUPON,
2              JOSHUA STRICKON, PH.D.,
3  called as a witness on behalf of the Defendants
4  herein, having been first duly sworn, was examined
5  and testified as follows:
6           THE WITNESS:  I do.
7                DIRECT EXAMINATION
8  BY MS. DUCCA:
9      Q.  Good morning, Dr. Strickon.  How are you
10 today?
11     A.  Okay.
12     Q.  Will you please state your full name on
13 address for the record.
14     A.  Joshua Andrew Strickon.  901 Brickell Key
15 Boulevard, Apartment 805, Miami, Florida, 33131.
16     Q.  Dr. Strickon, have you been deposed before?
17     A.  Yes.
18     Q.  How many times?
19     A.  Once.
20     Q.  When was that?
21     A.  This past summer.
22     Q.  Do you recall what case that was in?
23     A.  Motorola and Apple.
24          MS. DUCCA:  I'm going to mark as
25     Exhibit 780 a document with Bates numbers

1   plastics?
2           MR. BARQUIST:  Objection.  Calls for a
3       legal conclusion.
4           THE WITNESS:  Repeat your question.
5   BY MS. DUCCA:
6       Q.   Does the glass member include PET and other
7   plastics?
8           MR. BARQUIST:  Objection.  Calls for a
9       legal conclusion.
10          THE WITNESS:  I believe in the
11      investigation and development of this
12      this product, that, yes, the glass member
13      would include PET and other plastics.
14  BY MS. DUCCA:
15      Q.   Are glass and plastic interchangeable?
16          MR. BARQUIST:  Objection.  Objection to
17      form.
18          THE WITNESS:  In what capacity?
19  BY MS. DUCCA:
20      Q.   Can   when you're building a prototype,
21  for example, would it   would there be reasons why
22  you would choose glass and plastic aside from, say,
23  cost, or can you use either interchangeably?
24          MR. BARQUIST:  Objection.  Calls for
25      speculation.  Calls for expert opinion

Highly Confidential - Attorneys' Eyes Only

1     testimony.  Incomplete hypothetical.
2          THE WITNESS:  Glass and plastic have
3     different physical properties.
4  BY MS. DUCCA:
5     Q.  Okay.  So let's say you're building   you
6  were building a prototype and let's say you had a
7  piece of glass and a piece of plastic in front of
8  you, equal sizes.  Equal would fit in your prototype.
9  Is there a reason you would choose the glass over the
10 plastic?
11         MR. BARQUIST:  Objection.  Calls for
12    expert opinion testimony.  Incomplete
13    hypothetical.
14         THE WITNESS:  There may be, yes.
15 BY MS. DUCCA:
16    Q.  What are the benefits of using glass over
17 plastic?
18         MR. BARQUIST:  Objection.  Calls for
19    expert opinion testimony.  Incomplete
20    hypothetical.
21         THE WITNESS:  In my experience in using
22    these materials, glass can have better
23    chemical and scratch resistance than   than
24    similar types of plastic.
25

Page 167

1   BY MS. DUCCA:
2       Q.   What are the benefits of using plastic over
3   glass?
4       A.   In my experience of using these materials,
5   plastic can often be lighter and more durable in the
6   sense that it's not as brittle as glass can be.

REDACTED

18      Q.   Now, if you look at Claim 11, would you
19  read Claim 11 and let me know when you're finished?
20      A.   Okay.
21      Q.   All right.  And Claim 11 recites dummy
22  features disposed in the space between the parallel
23  lines, correct?
24      A.   Yes.
25      Q.   I believe earlier that you testified that

1  this was one of the -- one of your contributions to
2  the patent, correct?
3         MR. BARQUIST:  Objection.  Misstates
4     the testimony.
5         THE WITNESS:  Is there a question?
6  BY MS. DUCCA:
7     Q.   I believe earlier you testified that this
8  was one of your contributions to the patent, correct?
9         MR. BARQUIST:  Objection.  Misstates
10    the testimony.  Calls for a legal
11    conclusion.
12        THE WITNESS:  Yeah.  That was one of
13    the ideas that I contributed to this work.
14 BY MS. DUCCA:
15    Q.   What are dummy features, as that term is
16 used in the '607 patent?
17        MR. BARQUIST:  Objection.  Calls for a
18    legal conclusion.
19        THE WITNESS:  In my work of what I
20    worked on internally at Apple, we referred
21    to dummy features as electrically isolated
22    segments that -- of uniform material that
23    was of the same material that the conductive
24    lines, rows and columns of the areas of -- I
25    don't recall.  Let me restate that.