QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE INC.'S MOTION TO STRIKE EVIDENCE NOT DISCLOSED AS REQUIRED BY PATENT LOCAL RULE 4-3(b)**<br><br>**Date: January 20, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh** |

## I. INTRODUCTION

Samsung brings this opposition to Apple's Motion to Strike Evidence Not Disclosed as Required by Patent Local Rule 4-3(b). In its motion, Apple seeks to strike relevant and admissible evidence from Samsung's expert that rebuts extrinsic evidence from Apple's expert that was disclosed *less than two hours* before the filing of the parties' Joint Claim Construction Statement. Samsung's rebuttal evidence is proper and helpful to the Court in determining the proper construction of the term "applet" from the '711 patent. Incredibly, Apple also seeks to strike deposition testimony from its own expert and the inventor of the '711 patent because they were not disclosed in the parties' Joint Claim Construction Statement, even though these depositions took place *after* the filing of the Joint Claim Construction Statement. Apple agreed to the process and sequence, but after having seen the rebuttal evidence, now desperately seeks to keep it from the Court. As explained below, all of this evidence is proper and none should be stricken.

## II. FACTUAL BACKGROUND

Apple's "factual background" conveniently omits key facts relating to its motion. The complete factual background is set forth below.

The parties exchanged their Patent Local Rule 4-2 disclosures ("Preliminary Claim Constructions and Identifications of Intrinsic and Extrinsic Evidence") on October 31, 2011. Prior to that date, the parties agreed they would not exchange expert declarations with those disclosures. Ex. A, B, and C.[1] This agreement is reflected in Apple's Patent L.R. 4-2 cover pleading which states: "In accordance with the parties' agreement, the exchange of extrinsic evidence from expert witnesses has been deferred until the submission of the Patent Local Rule 4-3 Joint Claim Construction Statement." Ex. A. Samsung also stated in its Patent L.R. 4-2 disclosure that "Samsung expressly reserves the right to identify and use experts in rebuttal should Apple identify experts for claim construction. Any such expert witnesses may also offer testimony, if necessary, to respond to Apple's constructions or expert(s), or for the Court's benefit." Ex. B.

---

[1] Citations to "Ex. __" refer to exhibits attached to the Declaration of Todd M. Briggs filed concurrently herewith.

Following the Patent L.R. 4-2 exchange, the parties met and conferred again and agreed upon a schedule for the submission of expert declarations in support of the parties' claim constructions. The parties agreed that Apple would serve declarations from its claim construction experts on November 14, 2011, the same day the Joint Claim Construction Statement was due. The parties further agreed that Samsung would serve rebuttal claim construction declarations from its experts after November 14, 2011. This agreement is memorialized in the Joint Claim Construction Statement:

> Apple will submit declarations from, and may call as witnesses at the Claim Construction Hearing, Richard Gitlin, Ph.D. and Tony Givargis, Ph.D. Dr. Gitlin will provide his expert opinion that a person of ordinary skill in the art at the time of the patent application would have interpreted the term "symbol" in U.S. Patent No. 7,200,792 according to Apple's proposed construction, as will be set forth in more detail in an expert declaration being served on Samsung's counsel today. Dr. Givargis will provide his expert opinion that a person of ordinary skill in the art at the time of the patent application would have interpreted the term "applet" in U.S. Patent No. 7,698,711 according to Apple's proposed construction, as will be set forth in more detail in another expert declaration also being served on Samsung's counsel today.
>
> Samsung will submit declarations from, and may call as witnesses at the Claim Construction Hearing, Tipton Cole and Richard Dale Wesel, Ph.D. Mr. Cole will provide an expert declaration in response to Dr. Givargis's opinion on "applet" in U.S. Patent No. 7,698,711, and Dr. Wesel will provide an expert declaration in response to Dr. Gitlin's opinion on "symbol" in U.S. Patent No. 7,200,792.

Ex. C. As shown above, the parties did not place any limitations on the extrinsic evidence that their experts could rely in support of their affirmative or rebuttal declarations.

Apple served Dr. Givargis's declaration on November 14, 2011 at 10:17 pm. Ex. D. In his declaration, Dr. Givargis provided *new* extrinsic evidence in the form of his testimony of what one of ordinary skill in the art would have understood the term "applet" to mean and his interpretation of numerous extrinsic references. In particular, Dr. Givargis opined that extrinsic references cited by Apple indicating that one type applet may be operating system independent, indicates that all types of applets must be operating system independent. Ex. F. This testimony is important because the parties central dispute is whether an "applet" must be construed to be operating system independent or whether it may be either operating system independent or dependent. *See,*

*e.g.,* Dkt. 466 and 557.  Less than two hours later, at 11:54 pm, the parties filed their Joint Claim Construction Statement.  Dkt. 394 and Ex. E.

Pursuant to the parties' agreement, Samsung served its rebuttal claim construction declaration from Mr. Cole on November 28, 2011.  In his rebuttal declaration, Mr. Cole addressed the new extrinsic evidence presented in Dr. Givargis's declaration and provided evidence rebutting Dr. Givargis's new extrinsic evidence.

Dr. Givargis was deposed on December 6, 2011.  During the deposition, Dr. Givargis was examined by Samsung's counsel and Apple's counsel regarding Mr. Cole's declaration and exhibits.  Ex. G.

## III.  ARGUMENT

### A.  Apple Should Not Be Allowed to Renege on its Agreement

The Court should not strike any portions of Mr. Cole's declaration, any exhibits to that declaration, or any portions of Samsung's Opening Claim Construction Brief.  The parties agreed that Samsung could serve a rebuttal expert declaration after the filing of the parties' Joint Claim Construction Statement.  The parties' agreement did not place any limitations on the intrinsic or extrinsic evidence that their experts could rely on in their affirmative or rebuttal declarations.  Nor did their agreement place any limitations on the testimony that either expert could provide in their declarations, so long as it was related to the meaning of the term "applet" in the '711 patent. Apple cannot now ignore this agreement and attempt to preclude Mr. Cole's rebuttal evidence because it damages Apple's claim construction position on the term "applet."

### B.  The Evidence Apple Seeks to Strike Was Not and Could Not Have Been Available at the Time of the Joint Claim Construction Statement and  was Timely Disclosed per the Parties' Agreement

Apple itself submitted new extrinsic evidence, in the form of Dr. Givargis's testimony, *less than two hours* before the parties filed their Joint Claim Construction Statement.  *See, e.g., Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 980 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996) (extrinsic evidence includes "all evidence external to the patent and prosecution history,

including expert and inventor testimony, dictionaries, and learned treatises."). As explained above, Apple served Dr. Givargis's declaration at 10:17 pm on November 14. Less than two hours later, at 11:54 pm, the parties filed the Joint Claim Construction Statement. Under Apple's view, Samsung and Mr. Cole were required to examine the new evidence contained in Dr. Givargis's declaration, identify any rebuttal evidence, and incorporate it into the parties' Joint Claim Construction Statement between 10:17 pm and midnight on November 14. Even absent the prior agreement between the parties, Apple's view is plainly unreasonable and underscores the absurdity of Apple's motion.

In addition to Mr. Cole's declaration and exhibits, Apple seeks to strike paragraphs 4-6 in Section V.B.1 of Samsung's Opening Claim Construction Brief because they include testimony that was not disclosed in the parties' Joint Claim Construction Statement. These paragraphs include testimony from Dr. Givargis (page 15, lines 9-12) and testimony from Dr. Moon-Sang Jeong, the inventor of the '711 patent (page 15, line 13 through page 16, line 2) regarding the meaning of "applet." But Dr. Jeong's and Dr. Givargis's depositions took place on, November 17 and December 6, respectively, *after* the November 14 filing of the Joint Claim Construction Statement. Thus it would have been impossible for Samsung to include this testimony in the Joint Claim Construction Statement. This further underscores the absurdity of Apple's motion.

Apple makes much of Mr. Cole's testimony that he did not search for references before the Joint Claim Construction Statement was filed. Apple's Motion at 3, 18-19. But before Mr. Cole received Dr. Givargis's declaration, which was after the Joint Claim Construction Statement was filed, Mr. Cole had no way of knowing what Dr. Givargis's testimony would be, the intrinsic evidence Dr. Givargis would rely on to support his testimony, or the extrinsic evidence Dr. Givargis would rely on. Nor would Mr. Cole know how Dr. Givargis would interpret any of this unknown intrinsic or extrinsic evidence. By the parties' agreement, the same agreement that allowed Mr. Cole to rely on rebuttal extrinsic evidence, Apple itself did not provide a description of the Dr. Givargis's declaration as normally required by Patent L.R. 4-2(b). Mr. Cole cannot be faulted for identifying rebuttal evidence after Dr. Givargis's declaration was served.

### C. Apple has Suffered No Prejudice

Apple claims it has been prejudiced because its expert could not "address [Mr. Cole's] evidence . . . in his declaration." Apple's Motion at p. 4. This is not so. Not only did Dr. Givargis have an opportunity to address Mr. Cole's declaration, he did so during his deposition on December 6. In fact, Dr. Givargis testified about Mr. Cole's declaration and exhibits in response to examinations by Samsung's and Apple's counsel. Ex. G. Apple then presented this testimony in its Responsive Claim Construction Brief, which was filed on December 22. Apple's Response at 11-12. Thus, Apple's claims of prejudice are unfounded.[2]

The cases cited by Apple do not support its motion. In *Nordic Naturals, Inc. v. J.R. Carlson Laboratories, Inc.*, a party disclosed an expert for the first time and filed a declaration from that expert concurrently with its response claim construction brief. 2008 WL 2357312, at *11 (N.D. Cal. June 6, 2008). Here, Apple agreed that Mr. Cole could file his declaration two weeks after the Joint Claim Construction Statement was filed and deposed Mr. Cole on December 16, six days before its responsive claim construction brief was filed.

Likewise, in *Genentech* this Court denied a motion to exclude late-disclosed evidence. *Genentech, Inc. v. The Trustees of the Univ. of Penn.*, No. 5:10-cv-02037-LHK (N.D. Cal. Mar. 10, 2011) (Dkt. 146) (J. Koh) (*citing See Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (denying motion to strike under Patent L.R. 4-3(b) and noting that "justice is best served when issues are decided on the merits"). In doing so, the Court allowed the moving party additional time to file its responsive brief to address any prejudice. Unlike *Genentech*, the moving party here, Apple, agreed to allow Mr. Cole to provide a rebuttal declaration after the filing of the Joint Claim Construction Statement. Furthermore, Apple and its expert had the opportunity to

---

[2] Even if there were some prejudice to Apple, which there is not, this Court has found that a party seeking to exclude extrinsic evidence based on Local Patent Rule 4-3(b) must show that the evidence complained of is not rebuttal evidence and that the prejudice cannot be cured. *See Genentech*, No. 5:10-cv-02037-LHK (prejudice created by disclosing extrinsic evidence in response claim construction brief was cured by 11 additional days to file reply claim construction brief). Apple has not even attempted to make such a showing because it cannot.

address Mr. Cole's rebuttal declaration and exhibits, and did so in its response brief.

### D. Mr. Cole's Declaration and Supporting Evidence were Properly Submitted

In sum, Mr. Cole had no way of knowing that Dr. Givargis would opine that extrinsic evidence indicating that one type applet "may" be operating system independent, indicates that all types of applets "must" be operating system independent. Ex. F. Mr. Cole's rebuttal evidence was timely disclosed pursuant to the parties' agreement and is necessary to rebut Dr. Givargis's unsupportable position. Exhibits 6, 7, 8, 9, 10, 11, and 12 to Mr. Cole's declaration demonstrate a person of ordinary skill in the art would not equate "may" with "must" and therefore properly rebut the testimony in Dr. Givargis's declaration. Dkt. 468. These exhibits show that operating system dependent applets were well-known by the person of ordinary skill in the art. *Id*.

## IV. CONCLUSION

For the foregoing reasons, Apple's motion to strike should be denied in its entirety.

DATED: January 12, 2012

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Todd M. Briggs*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
Todd M. Briggs
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC