# EXHIBIT B

WILMERHALE

December 5, 2011

**Bethany Stevens**

+1 213 443 5324 (t)
+1 213 443 5400 (f)
bethany.stevens@wilmerhale.com

**VIA ELECTRONIC MAIL**

Todd Briggs, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

Re:     *Apple v. Samsung Electronics Co. Ltd. et al.*, Case No. 11-cv-01846-LHK (N.D. Cal.)

Dear Todd:

        I write in regards to the Declaration of Joe Tipton Cole in Support of Samsung's
Proposed Claim Construction for U.S. Patent No. 7,698,711, served on November 28, 2011.  In
particular, I write to request that Samsung immediately (1) withdraw those portions of Mr.
Cole's declaration that rely upon evidence that was not previously disclosed to Apple in
accordance with the Court's Scheduling Order and the Patent Local Rules, and (2) confirm that
Samsung will not rely upon that newly disclosed evidence in its upcoming *Markman* briefing.

        Pursuant to the Scheduling Order, Samsung's Patent L.R. 4-2 disclosures were due on
October 31, 2011.  Patent L.R. 4-2 required Samsung to "at the same time the parties exchange
their respective 'Preliminary Claim Constructions,' . . . identify all references from the
specification or prosecution history that support its proposed construction and designate [and, if
necessary, produce] any supporting extrinsic evidence including, without limitation, dictionary
definitions, citations to learned treatises and prior art, and testimony of percipient and expert
witnesses."  In its October 31 Patent L.R. 4-2 disclosure, Samsung designated one piece of
supporting extrinsic evidence — the "applet" definition found in Wiley Electrical and
Electronics Engineering Dictionary, 2004.  Samsung did not identify any references from the
prosecution history that supported its proposed construction.

        In addition, pursuant to Patent L.R. 4-3, Samsung was required to disclose in the parties'
joint claim construction statement "any extrinsic evidence known to the party on which it intends
to rely either to support its proposed construction or to oppose any other party's proposed
construction . . . ."  As with its Patent L.R. 4-2 disclosure, however, Samsung again identified in
the November 14 filing just one piece of extrinsic evidence — the 2004 Wiley Electrical and
Electronics Engineering Dictionary definition.

        Nevertheless, through Mr. Cole's declaration, Samsung has now identified for the first
time numerous additional pieces of evidence purportedly supporting Samsung's proposed
construction of applet, including: a patent reference from the '711 patent's prosecution history;
numerous dictionary definitions; and several compilations of documents and webpages
discussing the use of applets in various contexts.  Mr. Cole also relied upon previously
undisclosed deposition testimony and documentary evidence from Mr. Moon Sang Jeong, the

WILMERHALE

Todd Briggs, Esq.
December 5, 2011
Page 2

named inventor on the '711 patent.  While Mr. Jeong's deposition did not occur until November 17, he is a current Samsung employee and Samsung and Mr. Cole thus had access to him and his documents well in advance of the October 31 deadline for Samsung's Patent L.R. 4-2 disclosure and the November 14 filing of the parties' joint statement.

        To the extent Samsung may contend that the newly-disclosed evidence in Mr. Cole's declaration merely opposes Apple's proposed construction, Samsung was on notice of Apple's proposed construction and supporting evidence on October 31.  Samsung thus had ample opportunity to disclose any additional evidence it deemed newly relevant in the parties' joint statement under Patent L.R. 4-3, which as noted above requires disclosure, *inter alia*, of all evidence on which a party intends to rely in support of its proposed construction or "to oppose any other party's proposed construction."

        Samsung's untimely disclosure of the evidence that it intends to rely upon in support of its proposed construction of applet is improper, in violation of the Court's Scheduling Order and the Patent Local Rules, and prejudicial to Apple.  Accordingly, please immediately confirm that Samsung will withdraw those portions of Mr. Cole's declaration that rely upon the previously undisclosed evidence, and will not rely upon that newly disclosed evidence in its upcoming *Markman* briefing.  Finally, please be advised that Apple reserves all of its rights in this regard, including moving to strike Mr. Cole's declaration or any portion of Samsung's claim construction submissions that cite to or rely upon the previously undisclosed evidence.

                                        Best regards,

                                        Bethany Stevens

cc: Counsel of Record