1  HAROLD J. MCELHINNY (CA SBN 66781)  
hmcelhinny@mofo.com  
2  MICHAEL A. JACOBS (CA SBN 111664)  
mjacobs@mofo.com  
3  JENNIFER LEE TAYLOR (CA SBN 161368)  
jtaylor@mofo.com  
4  ALISON M. TUCHER (CA SBN 171363)  
atucher@mofo.com  
5  RICHARD S.J. HUNG (CA SBN 197425)  
rhung@mofo.com  
6  JASON R. BARTLETT (CA SBN 214530)  
jasonbartlett@mofo.com  
7  MORRISON & FOERSTER LLP  
425 Market Street  
8  San Francisco, California  94105-2482  
Telephone:  (415) 268-7000  
9  Facsimile:  (415) 268-7522  

WILLIAM F. LEE  
william.lee@wilmerhale.com  
WILMER CUTLER PICKERING  
HALE AND DORR LLP  
60 State Street  
Boston, MA 02109  
Telephone: (617) 526-6000  
Facsimile: (617) 526-5000  

MARK D. SELWYN (SBN 244180)  
mark.selwyn@wilmerhale.com  
WILMER CUTLER PICKERING  
HALE AND DORR LLP  
950 Page Mill Road  
Palo Alto, California 94304  
Telephone: (650) 858-6000  
Facsimile: (650) 858-6100  

11  Attorneys for Plaintiff and  
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.   11-cv-01846-LHK (PSG) |
| Plaintiff, | **APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR A PROTECTIVE ORDER** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Date:     January 19, 2012<br>Time:     10:00 a.m.<br>Place:    Courtroom 5, 4th Floor<br>Judge:    Hon. Paul S. Grewal |
| Defendants. | |

## I. INTRODUCTION

Samsung's motion is a ploy to avoid the Court's December 22, 2011 Order ("Sherman Order") precluding Samsung's design expert, Itay Sherman, from reviewing certain confidential material produced by Apple. Samsung feigns concern that a single-tier protective order would allow Apple to "overdesignate" confidential material, but Samsung agreed to such an order and was prepared to submit it to the Court until the Sherman Order prompted Samsung to renege. Then Samsung agreed to essentially the same protective order just days ago, on the condition that Apple waive enforcement of the Sherman Order. Clearly, Samsung's interest in a two-tier protective order has nothing to do with whether such orders are "commonplace" or whether they "eliminate frivolous objections to disclosure of lower-level confidential materials," and everything to do with circumventing the Sherman Order.

If entered, Samsung's protective order will cause the parties to squander resources on revisiting the confidentiality designations of the hundreds of thousands of pages produced by the parties, and likely spawn needless motion practice regarding disputed designations. At this stage of the litigation, with the close of discovery less than 2 months away, this would be a counter-productive distraction. The Court should deny Samsung's motion.[1]

## II. ARGUMENT

### A. There is No Genuine Dispute That a Single-Tier Protective Order is Appropriate for this Case.

Samsung's primary argument is that a two-tier protective order is necessary to prevent Apple from objecting to Samsung's experts having access to "documents at the low-end of confidentiality." (Samsung Mot. at 7.) Such objections will, in Samsung's view, "hinder and frustrate Samsung's efforts to prepare its defenses." (*Id.*)

Samsung argues as if it had been pushing all along, over Apple's objections, for a two-tier protective order allowing unfettered expert access to "low-end" confidential documents. Nothing

---

[1] Apple has filed a competing Motion for Entry of Protective Order Governing Use and Disclosure of Discovery. (Dkt. No. 599.)

could be further from the truth.  Apple originally proposed a two-tier confidentiality structure. (Bartlett Decl. ¶ 2 & Ex. A.)  On August 16, 2011, Samsung sent a red-lined version of Apple's proposed two-tier confidentiality order.  Samsung's revised order deleted the provision allowing in-house counsel for the parties to access documents marked with the lower confidentiality designation.  (*Id*. ¶ 3 & Ex. A at § 8(b).)  Apple pointed out that if in-house counsel would not have access to documents marked with the lower confidentiality designation, there did not seem to be a compelling reason to have a two-tier protective order.  (*Id*. ¶ 4.)  Apple therefore suggested that the parties implement a single-tier confidentiality structure.  Samsung agreed.  (*Id*.)  Significantly, the draft of the protective order proposed by Samsung in August 2011 contained the same disclosure and objection provisions that Samsung now attacks as "unnecessary and inappropriate."  (Bartlett Decl. Ex. A at § 12.)

The parties' consensus on a single-tier confidentiality system was reflected in a single-tier protective order on which the parties appeared to reach agreement on December 20, 2011.  (Dkt. No. 599-6 ¶ 3.)  That order contemplated only one confidentiality designation—"Confidential – Attorneys' Eyes Only."[2]  (*Id*. Ex. A.)   Specifically, the agreed protective order allows the parties to stamp documents with a "Confidential – AEO" designation when:

> [the document] contains or reflects information that is confidential and/or proprietary, trade secret, and/or commercially sensitive," and "at least the following information, if non-public, shall be presumed to merit the 'Confidential—Attorneys' Eyes Only' designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, cost information, licensing of the Producing Party's intellectual property, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

---

[2] The agreed protective order also creates a separate designation for confidential source code—"Confidential – Attorneys' Eyes Only – Source Code"—which is not at issue in Samsung's motion.

1  (*Id.* Ex. A at § 9.)  The agreed protective order also places reasonable restrictions on each party's
2  ability to disclose that information to its outside experts.  Specifically, an expert may not access
3  "Confidential – AEO" materials unless his or her identity, resume, current employer, and various
4  other information are disclosed to the producing party, and the producing party is provided an
5  opportunity to object to the expert's review of the "Confidential – AEO" material.  (*Id*. Ex. A at §
6  12.)  On December 22, 2011, the parties prepared to submit the stipulated protective order to the
7  Court.  (*Id*. ¶ 3 & Ex. B.)

8  Then the Court issued the December 22 Sherman Order, causing Samsung to abruptly
9  reverse its position for reasons that clearly have nothing to do with purported concerns of "over-
10 designation" or expert access to "low level" confidential documents.  (Dkt. No. 607.)  In the
11 Sherman Order, the Court determined that Samsung cannot show Mr. Sherman certain
12 "presentations and other internal documents showing that design features are functional," which
13 had been designated "Attorneys' Eyes Only."  On December 27, 2011, Samsung reacted to the
14 Sherman Order by advising Apple that unidentified "recent events" had caused Samsung to
15 reconsider the agreed-upon protective order, and proposing—for the first time—a two-tier order
16 allowing unfettered expert access to confidential material.  (Dkt. No. 599-6 Ex. D.)[3]

17 This chronology refutes Samsung's assertion that a two-tier protective order is necessary
18 to prevent "over-designation" of "low-end" confidential material.  Until December 22, it was
19 perfectly content with a single-tier order that required "Attorneys' Eyes Only" treatment for all
20 confidential material, and required disclosure of (and opportunity to object to) experts seeking
21 access to any such material, without any distinction between "lower" and "higher" confidentiality

---

[3] The protective order proposed by Samsung on December 27, 2011, defined "Confidential" material as "information that qualifies for protection under Federal Rule of Civil Procedure 27(c)," but retained the definition of "Confidential – Attorneys' Eyes Only" material set forth above.  Thus, as noted in Apple's related motion, there was no difference in the scope of the two categories. (Dkt. No. 599 at 9.)  Any document that could conceivably qualify as "Confidential" would also qualify under the higher category, providing another basis for rejecting Samsung's proposal.  Samsung has submitted a different proposed protective order with its motion which revises the definition of the higher category.  (Dkt. No. 607-2 at 11.)  Samsung never met and conferred regarding this new language.

1  levels. It began urging a two-tier order only after the Court refused to allow Mr. Sherman to
2  review certain "Attorneys' Eyes Only" documents produced by Apple.
3         Samsung's real objective is clear: it seeks to do an end-run around the Court's Sherman
4  Order by creating a new "Confidential" category of documents to which Mr. Sherman would have
5  unrestricted access. Samsung confirmed as much on January 8, 2012, when it offered to accept
6  what was essentially the parties' previously agreed protective order (it included the new
7  "Confidential" category, but imposed the same expert disclosure requirements on that category as
8  the "Confidential – Attorneys' Eyes Only" category)—*if and only if* Mr. Sherman could access
9  materials falling within the "Confidential" category. (Dkt. No. 599-4 Ex. A.) In other words,
10 Samsung was more than willing to shrug off Apple's alleged "overdesignation" of "Attorneys'
11 Eyes Only" documents if Apple waived enforcement of the Sherman Order.[4]
12        Samsung's assertion that two-tier protective orders are "commonplace" (Samsung Mot. at
13 7) does not support the relief it seeks here. Two-tier orders are implemented primarily to permit
14 the parties' in-house counsel to review some, but not all, confidential material. As Samsung
15 admits, its proposed protective order excludes in-house counsel from access to *all* documents
16 produced under *both* levels of confidentiality. The only remaining difference between the lower
17 and higher level of confidentiality, apart from differences in mock juror access, is unrestricted
18 expert access to lower level confidential material. As discussed above, Samsung's interest in that
19 provision stems entirely from its desire to skirt the Sherman Order. That is not an acceptable
20 basis for imposing a new two-tier regime at this stage of the case.

---

[4] Samsung's own document production confirms that Samsung's purported concerns regarding "overdesignation" are merely a pretext for avoiding the Court's Sherman Order. Like Apple, Samsung has designated nearly all of its confidential documents as "Attorneys' Eyes Only." This practice, which is consistent with the parties' pre-Sherman Order agreement on a single-tier system, belies Samsung's assertion that the "Attorneys' Eyes Only" designation should be used only for "highly sensitive" material.

APPLE'S OPP. TO SAMSUNG'S MOT. FOR A PROTECTIVE ORDER                                              4
CASE NO. 11-CV-01846-LHK (PSG)
sf-3093365

**B.      It is Far Too Late to Impose a New Confidentiality System on the Parties.**

As noted above, the parties agreed long ago that a single-tier confidentiality structure, providing for "Attorneys' Eyes Only" treatment of *all* confidential material, was appropriate for this case.  Pursuant to that agreement, both parties have produced hundreds of thousands of pages of documents with the "Attorneys' Eyes Only" designation.  The parties have used that designation for virtually all of the confidential material produced in this action.  Thus, Apple has not "overdesignated" its documents.  Rather, it has complied with the confidentiality structure that was implemented by agreement of both sides.  It is too late for Samsung to change its mind.

Moreover, introducing Samsung's proposed two-tier regime at this juncture would not shut the door on "endless, time-consuming motion practice," as Samsung argues (Samsung Mot. at 7), but instead do just the opposite.  Samsung would inevitably seek to re-designate or de-designate substantial portions of Apple's existing document production, and would doubtlessly object to (and move on) future productions that included "Attorneys' Eyes Only" material.  These battles would drain the parties' and the Court's resources, at a time when the parties should be focusing on their production obligations, given the close of fact discovery in less than two months.  There is no reason for such counter-productive practices.

Further problems would arise from documents produced in the two pending ITC matters involving Apple and Samsung.  The parties have agreed that such documents may be "cross-used" in this action.  But discovery in the ITC matters is governed by a single-tier protective order which requires "Attorneys' Eyes Only" treatment for all confidential material.  Accordingly, all confidential documents produced in those matters reflect that designation scheme.  (Bartlett Decl. ¶ 5.)  As a practical matter, the use and disclosure of those materials in this action should be governed by the same single-tier structure, to avoid confusion and the need to reassess the confidentiality level of every cross-used document.[5]

---

[5] Samsung's proposed confidentiality order provides that ITC documents "may be re-designated" if cross-used in this action.  This provision (which, of course, was not in the protective order that the parties agreed to on December 20, 2011) does nothing more than invite the parties to waste resources in debating the potential re-designation of those documents.

### C. Apple's Proposed Protective Order Does Not Impose Unfair Requirements on Samsung's Use of Non-Testifying Consultants.

Samsung argues that it "has a right to not disclose to Apple the identities of its non-testifying expert consultants." (Samsung Mot. at 8.) Apple has never argued otherwise. The single-tier protective order proposed by Apple—and agreed to by Samsung before the Sherman Order—does not hinder Samsung's ability to exercise that right. Rather, Apple's proposed order requires disclosure of expert identities only where Samsung seeks to show the expert Apple's confidential information. Apple would be bound by the same restrictions which, if truly offensive to Samsung, would never have been agreed to by Samsung before the Sherman Order, and would never have been accepted a *second* time by Samsung on January 8, 2012. (Dkt. No. 599-6 ¶ 3 & Ex. A at § 12; Dkt. No. 599-4 Ex. A.)

Mr. Sherman's background illustrates the importance of such restrictions. As Apple explained in its opposition to Samsung's prior motion with respect to Mr. Sherman, he:

(1) is the owner and CEO of DoubleTouch, Ltd., a company that is developing touch screen technology designed to compete with Apple's touch screen technology;

(2) is a named inventor on numerous pending patent applications claiming multi-touch technology; and

(3) has ongoing consulting relationships with companies that design technologies and products that have been, or may be, offered to handset manufacturers that are Apple's competitors.

(Dkt. No. 599-4 ¶ 2.)

Even though Mr. Sherman may not intend to disclose confidential information, it may be impossible for him to "lock up trade secrets in [his] mind." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1471 (9th Cir. 1992); *Intel Corp. v. VIA Techs.*, 198 F.R.D. 525, 528 (N.D. Cal. 2000). "It is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so." *BASF Corp. v. U.S.*, 321 F. Supp. 2d 1373, 1380 (Ct. Int'l Trade Mar. 23, 2004). And once experts like Mr. Sherman are granted access to Apple's sensitive confidential materials, this information would unavoidably become a part of their general knowledge and could be used to the advantage

of Apple's competitors.  No amount of drafting could "un-ring" this bell.  *See Intel Corp.* at 529 ("An unacceptable risk of disclosure that cannot be adequately mitigated by a protective order is a factor in limiting access to confidential information").

### D. Samsung's Request for an Order De-Designating Apple's Documents is Premature.

Samsung requests the Court to de-designate 10 documents marked as "Attorneys' Eyes Only" by Apple.  The Court should reject that request for two reasons.  First, the parties never met and conferred on this issue.  (Mazza Decl. ¶ 2.)  Samsung does not allege or certify otherwise.  The request should be denied on this basis alone.  *See* Civ. L.R. 37-1.  Second, the issue is premature.  The Court is entertaining rival protective order motions, and neither party knows which confidentiality regime will govern the case going forward.  Any motion to de-designate documents should be brought after a regime is in place, and after the parties have had an opportunity to assess appropriate confidentiality designations under that regime and determine whether re-designation or de-designation is warranted.

### III. CONCLUSION

For the reasons discussed above and in Apple's Motion for Entry of Protective Order Regarding Disclosure and Use of Discovery Materials (Dkt. No. 599), the Court should deny Samsung's motion.

Dated: January 17, 2012                              MORRISON & FOERSTER LLP

                                                     By:     */s/ Michael A. Jacobs*
                                                             MICHAEL A. JACOBS

                                                             Attorneys for Plaintiff
                                                             APPLE INC.