| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>JENNIFER LEE TAYLOR (CA SBN 161368)<br>jtaylor@mofo.com<br>ALISON M. TUCHER (CA SBN 171363)<br>atucher@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>JASON R. BARTLETT (CA SBN 214530)<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                Plaintiff,<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                Defendants. | Case No.    11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR CLARIFICATION REGARDING THE COURT'S DECEMBER 22, 2011 ORDER**<br><br>Date:    January 19, 2012<br>Time:   10:00 a.m.<br>Place:   Courtroom 5, 4th Floor<br>Judge:  Hon. Paul S. Grewal |

## I. INTRODUCTION

There is nothing in the Court's December 22, 2011 Order that requires clarification. Samsung identified four categories of documents that it wished to show its expert, Itay Sherman, and those four categories were the subject of the Court's Order. Samsung cannot now complain that it needs the Court's assistance to understand the boundaries of the categories set forth in Samsung's own papers. Moreover, there is no ambiguity regarding the additional categories of confidential documents that it wishes to provide to Mr. Sherman—Samsung admits that these additional categories do not fall within the scope of relief granted by the Sherman Order.

Samsung is really seeking reconsideration of the Sherman Order. It fails to comply with the requirements for filing such a motion, however. In addition, the categories of documents that Samsung seeks to show Mr. Sherman raise exactly the same risk of competitive harm that led the Court to deny a portion of the relief sought in the previous motion.

For these reasons, the Court should deny Samsung's motion.

## II. ARGUMENT

### A. Nothing in the December 22 Order Requires Clarification.

There is nothing remotely ambiguous in the Court's December 22 Order ("Sherman Order"). That Order granted Samsung's motion with respect to 3 specific categories of materials (CAD files, design patent inventor sketchbooks, and design inventor deposition transcripts) and denied the motion with respect to a fourth category (presentations and other internal documents). (Dkt. No. 535.) The four document categories that were the subject of the Sherman Order were the same four document categories identified in Samsung's motion. (Dkt. No. 482 at 4-5.) As the author of those categories, it is preposterous for Samsung to suggest that they are somehow unclear and require the Court to interpret them for Samsung.

Nor is there any ambiguity as to whether the additional categories listed in the current motion fall within the categories approved by the Court in the Sherman Order. Indeed, Samsung admits that they do not. (Samsung Mot. at 2 (Sherman Order "did not address these [additional] categories").) Since Samsung does not and cannot identify anything in the Sherman Order that requires clarification, its motion should be denied.

**B.     Samsung Seeks Reconsideration of the Court's December 22 Order, but Makes No Attempt to Comply With the Requirements of a Motion for Reconsideration.**

Samsung asserts that its previous motion sought a broader range of relief than the categories that were the subject of the Sherman Order.  (Samsung Mot. at 4 (stating that the previous motion sought permission to show Mr. Sherman "any documents, depositions, and other materials related to Apple's designs and design patents, excluding any documents discussing Apple's multi-touch technology").)  In essence, Samsung argues that the Court erred in limiting its analysis to the categories discussed in the Sherman Order, and now asks the Court to allow Mr. Sherman access to additional categories which (according to Samsung) were also sought by its previous motion.  This is a motion for reconsideration, and as such is governed by the requirements set forth under Local Rule 7-9.

Samsung fails to comply with those requirements.  First, Samsung failed to seek and obtain leave of the Court for filing a motion for reconsideration.  *See* Civ. L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion").

Second, Samsung does not even attempt to make the showing required under Local Rule 7-9(b), which requires a party seeking reconsideration to show:  (a) that a material difference in fact or law exists from that which was presented to the Court, and that the party did not know such law or fact at the time of the previous motion despite reasonable diligence; or (b) new material facts or a change of law after the order; or (c) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court.  Civ. L.R. 7-9(b).  Samsung points to no new facts or law and does not suggest that the arguments and facts presented in its current motion were previously presented to the Court.   Samsung only argues that the Court misread the scope of relief sought by the previous motion.  This is not a ground for reconsideration under the Northern District Local Rules.  On this basis alone, the Court should deny Samsung's motion.

### C. The Relief Sought by the Motion Does Not Comport With the Court's Reasoning in the Sherman Order.

To the extent that the Court considers the additional document categories sought by Samsung's motion, it should deny Samsung's request to allow Mr. Sherman access to them. Mr. Sherman is the CEO of a multi-touch technology company that directly competes with Apple. In its previous motion, Samsung asserted that Mr. Sherman's review of Apple's documents would not pose a risk of competitive harm to Apple because Samsung would show him documents relating only to design, not technology. At the hearing on the motion, the Court responded to that point by observing that, according to one of Samsung's own witnesses, the line between design and technology is "pretty blurry when you get down to specific instances of whether someone should look at the document or not." (Mazza Decl. Ex. A at 54:11-15.)

Consistent with this point, the Court held that Mr. Sherman could review only those "design-related materials that bear insufficient risk of revealing utility-side details that would benefit Sherman's work with DoubleTouch." (Dkt. No. 535 at 3.) The category of "presentations and other internal documents showing that design features are functional" did not satisfy this standard because the category was "ambiguous" and "suggests material of a nature that is not strictly design-oriented and that may contain input from a broader range of Apple's people and processes." (*Id*. at 4.)

That reasoning applies to each of the categories identified in Samsung's motion:

<u>Internal design team emails that relate to phone, music player, and table designs</u>. This category is no less ambiguous than the "presentations and other internal documents" category rejected in the Sherman Order. Moreover, like that rejected category, it covers a wide range of material that "is not strictly design-oriented."

<u>Exhibits from depositions of design patent inventors</u>. As noted above, it is indisputable that none of these documents fall within the scope of relief granted in the Sherman Order. Nevertheless, Apple agrees to allow Mr. Sherman to review the confidential portions of the Reply Declaration of Christopher in Support of Apple's Motion for a Preliminary Injunction, excluding the exhibits thereto.

The remainder of this category clearly contains material precluded by both the letter and spirit of the Sherman Order. The category includes "presentations about design functionality" (Samsung Mot. at 5), which falls squarely in the category rejected in the Sherman Order. For example, one such presentation contains 73 pages of highly detailed technical information regarding the iPhone, including schematics showing the physical structure of the iPhone touchscreen. (Mazza Decl. Ex. C.) This category also includes emails and photographs which could similarly "reveal[] utility-side details that would benefit Sherman's work" for Apple competitors. (Dkt. No. 535 at 3.) For example, one such email contains detailed technical schematics revealing the physical compositions of what appear to be touchscreens for Apple devices. (Mazza Decl. Ex. B)

As for any purported public documents in this category, Samsung is free to request or move for de-designation of such documents.

<u>Apple's models and prototypes</u>. This category clearly crosses the line between design and functionality. Mr. Sherman would be able to study, analyze, and digest not just pure design information, but actual hardware. There can be no doubt that this would allow him to glean details of the hardware's functionality that could benefit his multi-touch company.

<u>Declarations by Apple's design inventors and deposition transcripts and declarations of Apple's design experts</u>. As noted, it is indisputable that none of these documents fall within the scope of relief granted in the Sherman Order. Nevertheless, Apple agrees to allow Mr. Sherman to review the confidential portions of the declarations of its design inventors that have been filed to date, excluding confidential exhibits. Apple further agrees to allow Mr. Sherman to review the confidential portions of the deposition transcript of Cooper Woodring, excluding confidential exhibits. Mr. Woodring is the only Apple design expert who has provided written or oral testimony in this case to date.

As for documents in this category that do not currently exist, such as any future written or oral testimony from Peter Bressler or Apple's design inventors, the Court should deny Samsung's motion. There is no way of knowing what any future declarations or transcripts may reveal about utility-side details of Apple's products. Such future material, like the documents rejected by the

1  Court in the Sherman Order, may very well be "of a nature that is not strictly design-oriented and
2  that may contain input from a broader range of Apple's people and processes." (Dkt. No. 535 at
3  3.)

### D. The Court Should Reject Samsung's Request for "Clarification" That the Sherman Order is Without Prejudice to Further Motions.

6  As discussed above, Samsung had admitted that its previous motion sought the Court's
7  permission to show Mr. Sherman "any documents, depositions, and other materials related to
8  Apple's designs and design patents, excluding any documents discussing Apple's multi-touch
9  technology." (Samsung Mot. at 4.) That broad description clearly encompasses discovery
10 material that Apple may produce in the future. The Court denied Samsung's previous motion,
11 with the sole exception of the three categories set forth in the Sherman Order. Thus, if Samsung
12 wishes to show Mr. Sherman any confidential design material that was not discussed in the
13 Sherman Order—including the categories requested by its current motion, and including any
14 future discovery materials—it must seek the Court's leave to move for reconsideration of the
15 Sherman Order. It cannot bypass that procedure, which is mandated by this District's Local
16 Rules, by seeking advance permission to revisit those issues whenever it pleases.

## III. CONCLUSION

For the reasons discussed above, the Court should deny Samsung's motion.

Dated: January 17, 2012                    MORRISON & FOERSTER LLP

                                           By:  /s/ Michael A. Jacobs
                                                MICHAEL A. JACOBS

                                           Attorneys for Plaintiff
                                           APPLE INC.