| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>JENNIFER LEE TAYLOR (CA SBN 161368)<br>jtaylor@mofo.com<br>ALISON M. TUCHER (CA SBN 171363)<br>atucher@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>JASON R. BARTLETT (CA SBN 214530)<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>            v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | Case No.   11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF JASON R. BARTLETT IN SUPPORT OF APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL**<br><br>Date:     January 19, 2012<br>Time:    10:00 a.m.<br>Place:    Courtroom 5, 4th Floor<br>Judge:   Hon. Paul S. Grewal |

BARTLETT DECL. ISO APPLE'S OPP. TO SAMSUNG'S MOT. TO COMPEL
CASE NO. 11-CV-01846-LHK (PSG)
sf-3094525

I, Jason R. Bartlett, declare as follows:

1. I am a partner in the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple"). I am licensed to practice law in the State of California. Unless otherwise indicated, I have personal knowledge of the matters stated herein or understand them to be true from members of my litigation team. I make this Declaration in support of Apple's Opposition to Samsung's Motion for a Protective Order.

2. On January 5, 2012, before the lead trial counsel meeting held on that day, I sent Samsung a letter setting forth Apple's position on discovery issues raised by Samsung. A true and correct copy of that letter is attached as Exhibit B to the Declaration of Jason R. Bartlett in Support of Apple's Opposition to Samsung's Motion to Enforce Various Court Orders. In that letter, I explained that Apple had produced or committed to producing by a specific date much of the documents and things Samsung now requests. These documents and things come on top of the millions of pages of documents and thousands of models, prototypes, source code, CAD files, and other native-format data Apple already produced.

3. Samsung has ignored or rejected the offers set forth in the January 5 letter and has never explained why they are inadequate.

4. Apple has produced documents sufficient to show all known alleged prior art references relating to the 8 utility patents asserted by Apple in this litigation. Apple has also produced all source code that it has been able to locate for the NeXTSTEP operating system ("NeXTSTEP OS"). Apple has also agreed to produce all technical documents relating to the NeXTSTEP OS that Apple has previously produced in other litigation. Apple also made available to Samsung a NeXT OS 3.0 work station, which Samsung already has inspected.

5. Apple's iPhone was introduced in 2007, the iPhone 3G in 2008, and the iPhone 4 in June 2010, but Samsung did not release the first of the products in suit until July 2010. Apple introduced the iPad in 2010 and the iPad 2 in March 2011. Samsung introduced its first accused tablet in November 2010 and its iPad 2 look-alike Tab 10.1 in June 2011.

6. Solely avoid unnecessary motion practice, Apple has searched for and produced inventor documents referencing "Samsung." Apple has also agreed to produce market research

1  and customer surveys, whether or not those documents mention Samsung.  Samsung alleges
2  Apple failed to run the search term "Samsung" on files collected from other custodians, but has
3  never identified those additional custodians or explained why such a search is necessary.

4      7.    In addition to the document production described in Paragraph 6 above, Apple
5  accepted a long list of Samsung's proposed search terms and has made reasonable attempts to
6  narrow the handful it has not accepted.  Pursuant to the Court's Order of September 28, 2011,
7  Apple disclosed to Samsung the search terms it used to search the files of Apple design inventors.
8  Samsung was unsatisfied with Apple's search and demanded that Apple run 114 new search
9  strings.  Apple agreed to run, and did run, almost all of Samsung's requested searches.  Some of
10  Samsung's proposed search terms, however, were very overbroad.  They would yield an
11  enormous volume of documents that would sweep in material that has no conceivable relevance
12  to this action.  Some of these overbroad search terms are listed below:

    a.  corner* within 25 of (radi* or sharp or round*).  This search would yield 9,505 documents.

    b.  (thin* or light* or thick*) within 25 of (design or form or factor or profile or phone).  This search would yield 65,764 documents.

    c.  simpl* within 10 of (design or form or factor or appearance or impression or phone).  This search would yield 11,387 documents.

    d.  tablet.  This search would yield 28,815 documents.

    e.  grid within 20 of (icon* or pattern* or layout or display or align* or line* or springboard or row).  This search would yield 10,121 documents.

    f.  column* within 20 of (icon* or pattern* or layout or display or align* or line* or grid or springboard or row).  This search would yield 25,461 documents.

    g.  message within 20 of (icon or metaphor).  This search would yield 17,475 documents.

    h.  dock within 20 of (icon* or bottom or row or phone or homescreen or springboard or place* or arrang* or config* or layout or transparen* or thumb or convenien* or locat*).  This search would yield 24,832 documents.

1         i. <u>status within 5 of bar</u>. This search would yield 45,046 documents.

2         j. <u>springboard within 20 of (phone or iphone or icon* or GUI or UI or interface or design or patent* or grid or column* or look or dock or dots or intuitive or function* or intent* or easy or convenien* or thumb or navigate or unique or novel or wada)</u>. This search would yield 45,737 documents.

These overbroad searches would include numerous irrelevant documents, including a magazine review of the Motorola Droid X smartphone, an newsletter featuring articles on wireless carriers, an edition of the "Online Reporter," and article by IDC Link regarding the launch of the 3G iPhone, an article from eMarketer titled "Buy On-line, Pick Up In-Store," an article titled "Amazon Bad News Behind Mask of State Tax Win," and an article titled "Energy Insights and News From Parks Associates." These irrelevant documents are attached hereto as Exhibits 1, 2, 3, 4, 5, 6, and 7, respectively.

8. "Tiger" is a version of the Mac OS X operating system. Although Apple does not believe that Tiger is relevant prior art, Apple produced documents and things sufficient to show the Tiger dock icons. In particular, Apple has produced a new, in-the-box, version of Tiger 10.4.3 for Samsung's inspection.

9. As of the date of this submission, Samsung has already used more than 123 hours of its allotted deposition time, leaving less than 127 hours for its remaining depositions.

10. Samsung deposed Jonathan Ive, Apple's Senior Vice President of Industrial Design, on December 1, 2011. That deposition lasted seven hours on the record.

11. Attached hereto as Exhibit 8 is a true and correct copy of a January 7, 2012 letter from Apple's counsel to Samsung's counsel.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of January, 2012, at San Francisco, California.

                                              */s/ Jason R. Bartlett*
                                              Jason R. Bartlett

**ATTESTATION OF E-FILED SIGNATURE**

I, Richard S.J. Hung, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Jason R. Bartlett has concurred in this filing.

Dated: January 17, 2012                  */s/ Richard S.J. Hung*
                                         Richard S.J. Hung