Exhibit K

Page 1

1   UNITED STATES INTERNATIONAL TRADE COMMISSION
2                 WASHINGTON, D.C.
3
4   _____
                                    )
5   In the Matter of:               )
                                    ) Investigation No.
6   CERTAIN ELECTRONIC DIGITAL      )
    MEDIA DEVICES AND COMPONENTS    ) 337-TA-796
7   THEREOF                         )
    _____)
8
9
10          ***  HIGHLY CONFIDENTIAL  ***
11
12     VIDEOTAPED DEPOSITION OF TRACY-GENE DURKIN
13                Washington, D.C.
14             Friday, January 6, 2012
15
16
17
18
19
20
21
22
23  Reported by:
24  John L. Harmonson, RPR
25  Job No. 45197

Page 2

```
 1      * T.G. DURKIN  -  HIGHLY CONFIDENTIAL *
 2
 3
 4
 5                    January 6, 2012
 6                    9:36 a.m.
 7
 8
 9      Videotaped Deposition of TRACY-GENE DURKIN,
10   held at the offices of Quinn, Emanuel, Urquhart &
11   Sullivan, LLP, 1299 Pennsylvania Avenue, N.W.,
12   Washington, D.C., pursuant to Notice, before John
13   L. Harmonson, a Registered Professional Reporter
14   and Notary Public of the District of Columbia.
15
16
17
18
19
20
21
22
23
24
25
         TSG Reporting - Worldwide    877-702-9580
```

Page 3

```
 1      * T.G. DURKIN  -  HIGHLY CONFIDENTIAL *
 2   A P P E A R A N C E S:
 3
 4      MORRISON & FOERSTER
 5      Attorneys for Complainant Apple, Inc.
 6         425 Market Street
 7         San Francisco, California  94105
 8      BY:  PETER J. STERN, ESQ.
 9
10      QUINN, EMANUEL, URQUHART & SULLIVAN
11      Attorneys for the Samsung Respondents
12         865 South Figueroa Street
13         Los Angeles, California  90017
14      BY:  MICHAEL T. ZELLER, ESQ.
15
     and
16
17      QUINN, EMANUEL, URQUHART & SULLIVAN
18         555 Twin Dolphin Drive
19         Redwood Shores, California  94065
20      BY:  ANNA T. NEILL, Ph.D., ESQ.
21
22
23
24
25
         TSG Reporting - Worldwide    877-702-9580
```

Page 4

```
 1      * T.G. DURKIN  -  HIGHLY CONFIDENTIAL *
 2   A P P E A R A N C E S   C O N T I N U E D:
 3
 4      STERNE, KESSLER, GOLDSTEIN & FOX
 5      Attorneys for Sterne Kessler and the Witness
 6         1100 New York Avenue, N.W.
 7         Washington, D.C.  20005
 8      BY:  MARK FOX EVENS, ESQ.
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24   ALSO PRESENT:
25         CONWAY BARKER, VIDEOGRAPHER
         TSG Reporting - Worldwide    877-702-9580
```

Page 5

```
 1      * T.G. DURKIN  -  HIGHLY CONFIDENTIAL *
 2              P R O C E E D I N G S
 3         THE VIDEOGRAPHER:  This is the
 4   beginning of tape labeled No. 1 in the video
 5   deposition of Tracy Durkin, in the matter of
 6   Certain Electronic Digital Media Devices and
 7   Components Thereof, before the United States
 8   International Trade Commission, Washington,
 9   D.C., Case No. 337-TA-796.
10         This deposition is being held at Quinn
11   Emanuel, 1299 Pennsylvania Avenue,
12   Northwest, Washington, D.C., on
13   January 6, 2012.  The time is approximately
14   9:37.
15         Would counsel please introduce
16   yourselves and state whom you represent.
17         MR. ZELLER:  Mike Zeller for Samsung.
18         MS. NEILL:  Anna Neill for Samsung.
19         MR. STERN:  Peter Stern of Morrison &
20   Foerster for Apple and the witness.
21         MR. EVENS:  Mark Evens for the witness
22   and for Sterne, Kessler, Goldstein & Fox.
23         THE VIDEOGRAPHER:  The court reporter
24   is John Harmonson and the video camera
25   operator is Conway Barker, both in
         TSG Reporting - Worldwide    877-702-9580
```

Page 262

1     * T.G. DURKIN - HIGHLY CONFIDENTIAL *
2         MR. STERN: Ms. Durkin, in answering
3     that question, I caution you not to disclose
4     any information obtained from Apple with
5     regard to the device that's the subject of
6     the photographs.
7     A.  No.
8     Q.  Is it your understanding that these
9  images that we're talking about here that we
10 marked as Exhibit 12 were part of what Apple
11 publicly submitted to the Patent Office back in
12 about the 2004 time period in connection with the
13 prosecution of the '889 design patent
14 application?
15    A.  I would have to see the file wrapper.
16 I don't recall.
17       MR. ZELLER: Let's please mark as
18    Exhibit 13 a copy of the file wrapper for
19    United States Patent 504,889.
20       (Exhibit 13 marked for identification
21    and attached hereto.)
22    Q.  And if you take a look at the pages
23 ending 10208 through 10223, such as they are.
24 And I'll represent to you this is the way it was
25 produced to us.
       TSG Reporting - Worldwide    877-702-9580

Page 263

1     * T.G. DURKIN - HIGHLY CONFIDENTIAL *
2         Is it generally your understanding
3  that the images we marked as Exhibit 12 are the
4  images that were these pages I just indicated in
5  the 50 -- excuse me, in the '889 design patent
6  file wrapper?
7     A.  Some of the pages are just blank white
8  so it's hard for me to say.  But there's some
9  similarity between them, what I see here and what
10 I saw in Exhibit 12.
11    Q.  And when you saw the images that are
12 marked here as Exhibit 12, did you see it in the
13 context of the overall '889 design patent file
14 wrapper?
15       MR. STERN: Objection; vague.
16    Q.  In other words, did you see it in the
17 context of these other pages that we've marked
18 here as Exhibit 13?
19    A.  When I saw this the first time, is
20 that what you're asking me?
21    Q.  Yes.
22    A.  Did I see it in the context of a file
23 wrapper?  I don't recall.  I know they were in
24 the file.  I don't recall whether they were a
25 submission and how they were submitted.  I just
       TSG Reporting - Worldwide    877-702-9580

Page 264

1     * T.G. DURKIN - HIGHLY CONFIDENTIAL *
2  don't recall.
3     Q.  And that's just something you don't
4  know one way or another?
5     A.  Not today, no.
6     Q.  Are you familiar with a person named
7  Ted Mayle?
8     A.  I am.
9     Q.  He's someone who used to work at
10 Sterne Kessler?
11    A.  Correct.
12    Q.  Do you know where he is today?
13    A.  I don't.
14    Q.  Have you had any contact with him
15 since he left?
16    A.  I have not.
17    Q.  Do you remember about when he left?
18    A.  I couldn't say.
19    Q.  During the time or at the time that
20 there was the transition of responsibility for
21 certain design patents from Beyer Weaver to
22 Sterne Kessler, were there physical or electronic
23 materials that were transferred in any way from
24 Beyer Weaver to Sterne Kessler?
25    A.  Yes.
       TSG Reporting - Worldwide    877-702-9580

Page 265

1     * T.G. DURKIN - HIGHLY CONFIDENTIAL *
2     Q.  And were some of those materials in
3  hard copy form?
4     A.  Yes.
5     Q.  Were some of those materials in
6  electronic form?
7     A.  Yes.
8     Q.  Was there a CD or more than one CD of
9  electronic documents that was transferred?
10    A.  Yes.
11    Q.  Did you ever see that CD or CDs?
12    A.  Yes.
13    Q.  Can you tell me, was it one or more
14 than one?
15    A.  More than one.
16    Q.  And did you yourself actually load
17 those CDs and review them in any way?
18    A.  I have not.
19    Q.  Does Sterne Kessler still have the
20 CDs?
21    A.  Yes.
22    Q.  And in whose possession there at
23 Sterne Kessler are those CDs?
24    A.  They are in mine.
25    Q.  And when was the last time you looked
       TSG Reporting - Worldwide    877-702-9580

Page 266

* T.G. DURKIN - HIGHLY CONFIDENTIAL *
at them?
A. Yesterday.
Q. Was that in connection with your preparation to testify today?
A. Correct.
Q. And please tell me, how are the CDs generally arranged in terms of their information?
A. I don't know.
Q. When you went and looked at them, did they have file folders that you saw?
MR. STERN: Counsel, you're talking about looking at the contents or looking at the exterior objects themselves?
MR. ZELLER: No, I'm talking about looking at the information on the CD.
A. I told you I've never done that.
Q. I'm sorry, maybe I'm very confused, because when I asked if you reviewed them, you said yesterday. So let me try again, because I do know you did say you had not loaded them, so I thought maybe someone else had done it. So let me try again.
Have you ever reviewed the contents of any of those CDs?

TSG Reporting - Worldwide    877-702-9580

Page 267

* T.G. DURKIN - HIGHLY CONFIDENTIAL *
A. Not personally.
Q. Do you have any knowledge or information as to what is on those CDs?
A. Yes.
Q. And how do you know what's on the CDs?
A. Based on information that others have provided to me.
Q. Have you ever seen a printout or seen on any computer screen whether or not there is some kind of directory or file folder structure?
A. No.
Q. Have you ever seen -- Whether you loaded it yourself or not, have you ever seen any hard copy printouts or any displays on any screen of the content of the CDs?
A. No.
Q. And so please explain to me, what were you doing yesterday about the CDs to assist you in testifying here today?
A. Nothing. I just happened to see them.
Q. And where did you see them?
A. On my desk.
Q. Are there any documents or files or any information on these CDs that relate to the

TSG Reporting - Worldwide    877-702-9580

Page 268

* T.G. DURKIN - HIGHLY CONFIDENTIAL *
'889 design patent or its application?
A. I don't know.
Q. Do you know if there are any images of the item that we marked here as Exhibit 12 on there?
A. There are not.
Q. And how do you know that?
A. Because I have inquired about that, and the answer I was given was no.
Q. Are there photographs of any kind on there?
A. I don't believe so.
Q. Do you know where any copies or images or photographs of the -- of the device or mock-up or tangible we'll call it here in Exhibit 12 are?
A. I have no idea.
Q. Do you know what other design patents, setting aside the '889 design patent, the CDs have information about?
A. Yes.
Q. What else?
A. Applications that were filed in the first instance by Beyer Weaver.
Q. And are these -- When you say

TSG Reporting - Worldwide    877-702-9580

Page 269

* T.G. DURKIN - HIGHLY CONFIDENTIAL *
"applications," are these the -- the applications themselves are on the CDs?
A. No.
Q. What kinds of materials are you aware of being on the CD as it relates to Apple design patent work?
A. Drawings.
Q. Are there other categories of documents or information that you know are on there?
A. No.
Q. I think you said you didn't know whether or not any of that information related to the '889 design patent or its application.
A. I don't know.
Q. Do you know if any of the files on that CD relate to the '678 design patent?
A. No.
Q. Or the '757 design patent?
A. Was your question do I know?
Q. Right.
A. Can you repeat the question?
Q. I'll repeat it.
Do you know if any of the files on the

TSG Reporting - Worldwide    877-702-9580

Page 294

* T.G. DURKIN - HIGHLY CONFIDENTIAL *
2  Q.   Do you know if there was anything that
3 was different about the '387 design patent as
4 compared to the prior art?
5      MR. STERN:  That question as phrased
6   invades the privilege and work product
7   protection, and I instruct the witness not
8   to answer the question.
9  Q.   Did Apple represent to the Patent
10 Office, including through Sterne Kessler, at any
11 time that this design that's shown here in the
12 '387 design patent was different from the prior
13 art?
14      MR. STERN:  Same instruction.
15  Q.   Did Sterne Kessler have any oral
16 communications with the Patent Office about the
17 '387 design patent?
18      MR. STERN:  Objection; outside the
19   scope of the subpoena.
20  A.   I don't recall.
21  Q.   Did Sterne Kessler have any written
22 e-mail communications with the Patent Office
23 about the '387 design patent?
24      MR. STERN:  Same objection.
25  A.   I don't recall.
     TSG Reporting - Worldwide    877-702-9580

Page 295

* T.G. DURKIN - HIGHLY CONFIDENTIAL *
2      MR. ZELLER:  We need to change tapes.
3      MR. STERN:  Counsel, I think we're
4   concluded.  Let's stay on the record.
5      We've already gone about 20 minutes
6   beyond when this witness said that she had
7   reached the limit of being able to give her
8   best testimony.  We both have our positions
9   on the time term of the deposition, but for
10  today, we're concluded.
11     MR. ZELLER:  And I've certainly said
12  that I don't intend to hold her beyond what
13  she can reasonably testify to, and if she's
14  not giving her best testimony, again, it's
15  obviously without waiving my position about
16  what still needs to be done.  But if we're
17  at that point, just let us know.
18     THE WITNESS:  I think we are.
19     MR. ZELLER:  All right.  So we'll
20  adjourn for now.
21     THE VIDEOGRAPHER:  This deposition --
22  The deposition of Ms. Durkin is adjourned
23  for the day.  Off the record at 6 --
24     MR. STERN:  Before we go off the
25  record, I would just like to be clear that
     TSG Reporting - Worldwide    877-702-9580

Page 296

* T.G. DURKIN - HIGHLY CONFIDENTIAL *
2   our position is that the deposition is
3   concluded.
4      THE VIDEOGRAPHER:  Off the record at
5   6 --
6      MR. ZELLER:  So is Apple now saying
7   that all the witnesses it's now had
8   multi-day depositions with was
9   inappropriate?
10     THE VIDEOGRAPHER:  Can I go off the
11  record now?
12     MR. STERN:  Yes.
13     THE VIDEOGRAPHER:  Off the record at
14  6:19 and it consists of six tapes.
15     (Time noted:  6:19 p.m.)



            _____
21              TRACY-GENE DURKIN

23 Subscribed and sworn to before me this ____ day
24 of _____, 2012.
25 _____
     TSG Reporting - Worldwide    877-702-9580

Page 297

* T.G. DURKIN - HIGHLY CONFIDENTIAL *
2         C E R T I F I C A T E

4 DISTRICT OF COLUMBIA

6      I, JOHN L. HARMONSON, a Notary Public
7   within and for the District of Columbia, do
8   hereby certify:
9      That TRACY-GENE DURKIN, the witness
10  whose deposition is hereinbefore set forth,
11  was duly sworn by me and that such
12  deposition is a true record of the testimony
13  given by such witness.
14     I further certify that I am not related
15  to any of the parties to this action by
16  blood or marriage; and that I am in no way
17  interested in the outcome of this matter.
18     IN WITNESS WHEREOF, I have hereunto set
19  my hand this 6th day of January, 2012.

            _____
22              JOHN L. HARMONSON, RPR
23              My commission expires: 11/14/15


     TSG Reporting - Worldwide    877-702-9580