# Exhibit E



3150 Porter Drive
Palo Alto, CA 94304-1212
PHONE: 650.838.4300
FAX: 650.838.4350
www.perkinscoie.com

Christopher L Kelley
PHONE: (650) 838-4452
FAX: (650) 838-4652
EMAIL: CKelley@perkinscoie.com

BY U.S. MAIL AND E-MAIL
toddbriggs@quinnemanuel.co

Todd M. Briggs
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California, 94065-2139

**Re:   Apple v. Samsung**
       **Case No. 11. 10-CV-01846 (N.D. Cal.)**

Dear Todd:

    Thanks for sending the proposed protective order and your local rule infringement charts.

    As we discussed on Monday, subject to the entry of an adequate protective order, Intel intends to produce HDL and source code sufficient to show the accused functionality of the relevant chips with respect to the seven declared-essential patents in suit. We are analyzing the infringement contentions so that we can identify the specific relevant portions of code. We have already collected some of the relevant code, which we will make available to you for inspection immediately upon entry of an adequate protective order. As we also discussed, if, after reviewing that code, you believe you need further documentation about the operation of Intel's products, we will be happy to discuss the issue at that time.

    I understand that Samsung has served discovery on Apple seeking the same Intel source code that Samsung seeks from Intel. Apple has requested Intel's consent to produce relevant source code. Intel has not given Apple consent to produce such source code for two reasons. First, as discussed below, the proposed protective order is inadequate to protect Intel's interests. Second, Samsung has no need for Apple to produce such source code. As we promised you during our call earlier this week, Intel intends to produce the HDL and source code sufficient for Samsung to understand the operation of the accused functionality of the relevant Intel chips. Intel does not provide Apple with HDL so what Apple could provide in response to Samsung's requests would be less comprehensive than what Intel can provide. In addition, any confidential Intel source code in Apple's possession will either be (a) cumulative of the source code that Intel

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DALLAS · DENVER · LOS ANGELES · MADISON · PALO ALTO
PHOENIX · PORTLAND · SAN DIEGO · SAN FRANCISCO · SEATTLE · SHANGHAI · WASHINGTON, D.C.

Perkins Coie LLP

Todd M. Briggs
Quinn Emanuel Urquhart & Sullivan, LLP
Page 2

will be producing or (b) irrelevant. Please let me know if you have reason to believe that Apple has Intel confidential information that does not fall into (a) or (b).[1]

With regard to the proposed protective order you sent, Intel has three concerns. First, the scope of the patent prosecution bar is too narrow because it is limited to "the subject matter of the patents in suit." That scope needs to be broader because the code that Intel has been requested to produce discloses information beyond "the subject matter of the patents in suit." To protect Intel's confidential information, we believe that the scope of the bar should extend to "wireless modem hardware and protocol software for implementation of physical and MAC layers in mobile devices for mobile telephony." Please let us know if that language is acceptable to you.

Second, the proposed protective order does not restrict where a Receiving Party may keep paper copies of the source code (other than that it must be kept "in a locked storage container"). Because of the sensitivity of its source code, Intel always insists that any paper copies produced in litigation must be kept at all times at the offices of the party's outside counsel of record. (A court recently ruled in Intel's favor on that exact issue after a party sought the right to allow its expert to keep a copy of confidential Intel information in his office.) To the extent that Samsung has retained experts in locations where your firm does not have offices, we will work with you to try to find an Intel firm that does.

Third, the proposed protective order permits a Receiving Party to make up to ten copies of the portions of the source code for which it has received a paper copy. Intel is concerned about the difficulties in keeping track of so many copies and ensuring that access is restricted. We would prefer that any office of the Receiving Party's outside counsel of record can keep no more that one paper copy (e.g., Quinn's New York office could keep one copy, and its Redwood Shores Office could keep another).

We are considering your requests concerning the other categories of documents identified in your letter, although we disagree about the relevance and appropriateness of a number of them.

With regard to witnesses, we believe it best to defer the question until you have looked at the code. At that point, we can assess what remaining questions you may have that have not been answered and work together on a reasonable deposition strategy, if depositions are required.

Very truly yours,

*Chris Kelley*

Chris Kelley

---

[1] Apple has also sought Intel's consent to produce a substantial number of Intel documents that Apple located in its possession and that Apple determined to be potentially relevant. On January 11, Intel provided its consent to Apple to produce these documents.