1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California  94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California  94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for Samsung Electronics America, Inc.
   and Samsung Telecommunications America LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 4:11-cv-01846-LHK |
| Plaintiff, | **SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR PROTECTIVE ORDER REGARDING SAMSUNG'S FIRST RULE 30(b)(6) DEPOSITION NOTICE** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Date: January 19, 2012
Time: 10:00 am
Courtroom 5, 4th Floor
Judge: Hon. Paul S. Grewal |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................................ 1

STANDARD ................................................................................................................................... 2

ARGUMENT ................................................................................................................................... 2

I. APPLE HAS FAILED TO SHOW THAT THE BURDEN OF RESPONDING TO SAMSUNG'S 30(B)(6) NOTICE IS "UNDUE" ................................................................... 2

II. APPLE'S CLAIM THAT IT NEED NOT PRODUCE ANY WITNESSES IN RESPONSE TO ANY OF SAMSUNG'S 30(B)(6) TOPICS BECAUSE CERTAIN TOPICS MAY BE MORE APPROPRIATE FOR INTERROGATORIES FAILS ............. 5

III. APPLE HAS REFUSED TO MEET AND CONFER IN GOOD FAITH REGARDING SAMSUNG'S 30(B)(6) NOTICE ................................................................ 7

CONCLUSION ................................................................................................................................ 9

# TABLE OF AUTHORITIES

**Page**

### Cases

*Barnett v. Norman*,
 No. 05-cv-1022, 2010 WL 3220122 (E.D. Cal. Aug. 10, 2010) ................................................. 6

*Bowers v. Mortg. Electronic Registration Sys. Inc.*,
 No. 10-cv-4141, 2011 WL 6013092 (D. Kan. Dec. 2, 2011) ................................................ 3, 4

*Bray & Gillespie Management LLC v. Lexington Ins. Co.*,
 No. 07-cv-222, 2008 WL 3480321 (M.D. Fla. Aug. 12, 2008) ................................................. 3

*Bryan v. Eichenwald*,
 191 F.R.D. 650 (D. Kan. 2000) ............................................................................................ 2, 3

*Detoy v. San Francisco*,
 196 F.R.D. 362 (N.D. Cal. 2000) ............................................................................................. 4

*FDIC v. Wachovia Ins. Servs., Inc.*,
 No. 05-cv-929, 2007 WL 2460685 (D. Conn. Aug. 27, 2007) ................................................. 4

*Flanagan v. Wyndham Int'l, Inc.*,
 231 F.R.D. 89 (D.D.C. 2005) ................................................................................................... 6

*Great American Ins. Co. v. Vegas Constr. Co., Inc.*,
 251 F.R.D. 534 (D. Nev. 2008) ................................................................................................ 6

*Gulf Oil Co. v. Bernard*,
 452 U.S. 89 (1981) ................................................................................................................... 2

*Horsewood v. Kids "R" Us*,
 No. 97-cv-2441, 1998 WL 526589 (D. Kan. Aug. 13, 1998) ................................................... 5

*Iris Corp. Berhad v. U.S.*,
 84 Fed. Cl. 489 (Ct. Fed. Cl. 2008) ................................................................................. 3, 4, 6

*McBride v. Medicalodges, Inc.*,
 250 F.R.D. 581 (D. Kan. 2008) ................................................................................................ 8

*McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*,
 134 F.R.D. 275 (N.D. Cal. 1991) ............................................................................................. 5

*P.S and C.S. v. The Farm, Inc.*,
 No. 07-cv-2210, 2009 WL 483236 (D. Kan. Feb. 24, 2009) ................................................... 8

*Seattle Times Co. v. Rhinehart*,
 467 U.S. 20 (1984) ................................................................................................................... 7

*Shoen v. Shoen*,
 5 F.3d 1289 (9th Cir. 1993) ...................................................................................................... 6

*Thomas v. IBM*,
  48 F.3d 478 (10th Cir. 1995) ............................................................................................... 2

### **Statutes**

Fed. R. Civ. Pro. 26(c) ............................................................................................................... 2

Fed. R. Civ. P. 26(d)(2)(B) ......................................................................................................... 7

### **Other Authorities**

Schwarzer et al., *Cal. Prac. Guide: Fed. Civ Pro. Before Trial* ¶ 11:1390 (Rutter) ........................ 7

**Preliminary Statement**

On December 14, 2011, Samsung served Apple with its First 30(b)(6) Deposition Notice. Due to the magnitude of this case, which involves approximately 40 claims and counterclaims and 27 patents, Samsung's notice lists many topics. Therefore, to aid Apple in its preparation of witnesses, Samsung organized these topics into logical groupings and broke many of them down into multiple detailed subparts.

After refusing to meet and confer in good faith, Apple now moves for a protective order relieving it of any obligation to comply with Samsung's First 30(b)(6) Notice. Apple primarily argues that Samsung's notice is *prima facie* unduly burdensome, oppressive, and "calculated to harass" because it contains many topics. Apple also argues that it should not have to produce *any* witnesses to testify on *any* of Samsung's topics because some of Samsung's topics are more appropriate as the subjects of interrogatories. These arguments lack merit.

*First*, Apple's counting exercise is meaningless. Samsung could have easily prepared a notice with far fewer topics had it simply drafted broader topics without subparts. Apple likewise cannot show why it would take potentially "thousands" of hours to adequately prepare a witness to testify on these topics, many of which are closely related and broken down into easy-to-follow subparts. Most importantly, Apple cannot point to even a single topic as irrelevant or beyond the scope of the case. Indeed, any burden imposed by Samsung's notice is a function of the sweeping scope of the case Apple itself elected to bring against Samsung.

*Second*, Apple cannot dictate how Samsung takes discovery. It is well established that parties may simultaneously utilize any or all of the discovery mechanisms authorized by the Federal Rules of Civil Procedure, even if some methods may prove cumulative. Further, it is well established that interrogatories are not adequate substitutes for depositions. Finally, even accepting Apple's arguments that some of the topics in Samsung's notice may be better suited for interrogatories, Apple's request for total relief is grossly disproportionate to any potential flaw it may have identified.

*Finally*, had Apple engaged in good faith discussions regarding Samsung's notice, Samsung would have had the opportunity to clarify for Apple the scope of its topic requests, and

1  the parties may have been able to collaboratively narrow the number of topics for which a
2  deposition would be most appropriate.  Yet, from the very start, Apple has maintained its refusal
3  to negotiate unless Samsung agreed to withdraw its entire notice and start over.  Apple's conduct
4  is particularly appalling given that it has argued elsewhere that Samsung waived its defenses by
5  objecting to a handful out of a large number of Apple's own 30(b)(6) deposition topics.  Apple's
6  obstructionist tactics have wasted many hours and resulted in this (and other related) motion
7  practice.

8          For these above reasons, Apple's Motion should be denied.

## Standard

A court "may . . . issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . . "  Fed. R. Civ. Pro. 26(c).  However, the party seeking the order must first carry its burden of showing good cause.  *See Bryan v. Eichenwald*, 191 F.R.D. 650, 651-52 (D. Kan. 2000).  "To establish good cause, that party must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'"  *Id.* (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).  Ultimately, "[w]hether to enter a protective order is within the sound discretion of the court."  *Id.* (citing *Thomas v. IBM*, 48 F.3d 478, 482 (10th Cir. 1995)).

## Argument

**I.     APPLE HAS FAILED TO SHOW THAT THE BURDEN OF RESPONDING TO SAMSUNG'S 30(B)(6) NOTICE IS "UNDUE"**

Apple's contention that Samsung's First 30(b)(6) Deposition Notice is "unduly burdensome" is primarily supported by its self-serving but substantively meaningless counting exercise, through which Apple arrives at "more than 800 examination subjects" in Samsung's notice.[1]  (Dkt. 598 at 5.)  Apple then (somehow) calculates that it would take "hundreds, if not

---

[1] A look at some of the topics actually noticed by Samsung illustrates the pointlessness of Apple's topic-counting exercise.  For example, topic 148 states: "The identification, operation, design, manufacture, sourcing, and purchasing of any Hardware, operating system and/or
    (footnote continued)

1  thousands, of hours" to prepare deponents to testify on these "more than 800" subjects.  (*Id.*)
2  Apple's spurious calculations are without merit.

3  To begin with, Samsung prepared a notice with topics containing detailed and succinct
4  subparts for *Apple's* benefit.   For example, instead of the 22 detailed and particularized subparts
5  contained in topic 149, Samsung could have simply noticed a topic that states:  "The software that
6  enables the accused features of each '002 accused product."  Although noticing such a topic
7  unquestionably would have lowered Apple's topic count, it would have been far more difficult for
8  Apple to adequately prepare a witness who could testify accurately on subjects of particular
9  interest.[2]  It is also baffling (and Apple fails to explain) why it would take "hundreds, if not
10 thousands, of hours" to prepare witnesses to testify on the topics Samsung noticed, many of which
11 are closely related and logically organized, and contain discrete, easy-to-follow subparts.

12 Apple continues its misguided counting exercise by arguing, in essence, that Samsung's
13 notice is *prima facie* unduly burdensome and oppressive because it contains many topics.  Yet,
14 there is not, and cannot be, a maximum number of topics a 30(b)(6) notice may contain,
15 particularly in a case involving 27 patents.  *Compare, e.g.*, *Bowers v. Mortg. Electronic*
16 *Registration Sys. Inc.*, No. 10-cv-4141, 2011 WL 6013092 (D. Kan. Dec. 2, 2011) (issuing a
17 protective order for a 30(b)(6) notice that contained 22 topics), *with Iris Corp. Berhad v. U.S.*, 84
18 Fed. Cl. 489 (Ct. Fed. Cl. 2008) (declining to issue a protective order for a 30(b)(6) notice that
19 contained 41 topics) *and Bray & Gillespie Management LLC v. Lexington Ins. Co.*, No. 07-cv-
20 222, 2008 WL 3480321 (M.D. Fla. Aug. 12, 2008) (denying a motion for a protective order

---

Software . . . in each '002 ACCUSED PRODUCT and in the NeXTSTEP Operating System, versions 3.x that relates to: (a) cursor control device; (b) cursor; (c) operating environment; . . . (u) indicia graphics generation logic; and (v) user sensitive graphics."  (Ex. A to Chan Decl.)  According to Apple, this is 22 (or perhaps even 23) separate topics.  Next, topic 149 states: "All Software, including but not limited to, source code, Hardware code and firmware, including the design and operation, in each '002 ACCUSED PRODUCT that enables each '002 ACCUSED PRODUCT to have the following features: (a) cursor control device; (b) cursor; (c) operating environment; . . . (u) indicia graphics generation logic; and (v) user sensitive graphics."  (*Id.*)  All of a sudden, Apple has counted 44 (or even 46!) separate topics.
  [2] Further, Apple would now be instead complaining that the topics were too broad to cover.

blocking a 30(b)(6) deposition for a notice that contained "over 100 discrete topics.") As Samsung has shown, any such rule would be meaningless because the number of topics easily can be manipulated by clever drafting.

Rather, the appropriateness of a 30(b)(6) notice must be considered in the context of the case in which it is propounded. *See Detoy v. San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000) ("[T]he scope of the [Rule 30(b)(6)] deposition is determined solely by relevance under Rule 26. . . . "). This case is large and complex. It involves over 40 claims and counterclaims. Apple has asserted 15 utility and design patents along with trademark and trade dress claims against Samsung, and Samsung in turn has asserted 12 patents against Apple. There are numerous accused products, and numerous claims associated with each accused product. Apple undoubtedly will attempt to seek a gargantuan damages figure. Apple has failed to carry its burden of showing why, in relation to the sheer magnitude and complexity of this case, Samsung's notice is unduly burdensome and oppressive as a result of the number of topics it contains. *See Iris Corp. Berhad*, 84 Fed. Cl. 489 (denying a motion for protective order for a 41-topic 30(b)(6) notice in a case involving only a single patent.).

Importantly, Apple has failed to show why the burden of compliance outweighs the likely benefit to Samsung. Critically, **Apple does not argue that any of the noticed topics are irrelevant.** *Cf. Bowers*, 2011 WL 6013092, at *7 (finding undue burden because "[m]any of the topics have no application to the claims asserted in this case. . . . ); *FDIC v. Wachovia Ins. Servs., Inc.*, No. 05-cv-929, 2007 WL 2460685, at *3 (D. Conn. Aug. 27, 2007) (finding undue burden where the topic extends to "virtually the entire federal government" and "many of [the topics] are of marginal, tangential, or dubious relevance."). This alone is fatal to Apple's motion: "the scope of the [Rule 30(b)(6)] deposition is determined solely by relevance under Rule 26. . . . " *Detoy*, 196 F.R.D. at 367.

Ultimately, all that Apple has to offer is its conclusory (and unsupported) remark that it would take hundreds or even thousands of hours to prepare witnesses to testify on the topics

1  Samsung noticed.³  Yet, any burden imposed is a function of the sweeping scope of the case Apple
2  itself elected to bring against Samsung.  Thus, Apple's contention that Samsung's notice is
3  "calculated" to harass and oppress is without any basis in fact or law.

## II.  APPLE'S CLAIM THAT IT NEED NOT PRODUCE ANY WITNESSES IN RESPONSE TO ANY OF SAMSUNG'S 30(B)(6) TOPICS BECAUSE CERTAIN TOPICS MAY BE MORE APPROPRIATE FOR INTERROGATORIES FAILS

Apple next argues that it is entitled to a protective order against Samsung's entire 30(b)(6) notice because according to it, "numerous topics seek information that should be the subject of interrogatories, not deposition questioning" and "[m]any other topics seek facts or data that could be provided with far greater efficiency through interrogatories." (Dkt. 598 at 7.)  Apple also argues that it has already provided information regarding some of Samsung's topics in its interrogatory responses. (*Id.* at 8.)  Apple's arguments fail both as a matter of law and fact.

As a preliminary matter, Apple may not dictate how Samsung takes discovery.  *See Horsewood v. Kids "R" Us*, No. 97-cv-2441, 1998 WL 526589, at *8 (D. Kan. Aug. 13, 1998) ("A party generally may choose the order and manner of discovery.").  And even if Apple could direct Samsung's litigation of its own case, Apple is simply wrong on the merits here.⁴  *See*

---

³ Apple seems untroubled that its own unreasonable and overreaching document collection demands have forced Samsung and its counsel to spend well over the potentially "thousands" of hours about which it is now complaining.  When it comes to Apple's demands, nothing is too oppressive or burdensome.

⁴ Perhaps Apple is so keenly interested in forcing Samsung to issue interrogatories so that it can continue its delay tactics.  For example, Apple's response to Samsung's Interrogatory No. 1 was grossly deficient, and Samsung was forced to spend hours in meet and confer sessions and writing letters to get Apple to acknowledge these deficiencies.  Ultimately, Samsung had no choice but to file a motion to compel Apple to disclose even the most basic information. (Dkt. 487 at 14.)  Further, with regard to contention interrogatories, Apple's own case law acknowledges that "in many settings and cases contention interrogatories yield precious little information. . . .  That apparent fact of litigation life makes us pause, to say the least, before ruling, *even in the limited circumstances of this case*, that the most appropriate vehicle for disclosing the kind of information and argument at issue here is a sensibly crafted set of contention interrogatories."  *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287 (N.D. Cal. 1991) (emphasis added).  The court in *McCormick* continued by ordering the movant, as a condition to the granting of the protective order, "to respond in full, forthcoming details to the
    (footnote continued)

1   *Shoen v. Shoen*, 5 F.3d 1289, 1297 (9th Cir. 1993) ("Written interrogatories are rarely, if ever, an
2   adequate substitute for a deposition. . . . Only by examining a witness live can a lawyer use the
3   skills of his trade to plumb the depths of a witness' recollection, using to advantage not only what
4   a witness may have admitted in answering interrogatories, but also any new tidbits that usually
5   come out in the course of answering carefully framed and pinpointed deposition questions.
6   Written interrogatories are not designed for that purpose; pointed questions at deposition are the
7   only effective way to discover facts bottled up in a witness' recollection, particularly when the
8   witness is . . . hostile."); *Iris Corp. Berhad*, 84 Fed. Cl. at 494 ("[D]epositions are a superior
9   discovery vehicle because they permit follow-up. . . . "); *Barnett v. Norman*, No. 05-cv-1022, 2010
10  WL 3220122, at *1 (E.D. Cal. Aug. 10, 2010) ("[W]ritten interrogatories . . . are not adequate
11  substitutes for conducting a deposition."); *Great American Ins. Co. v. Vegas Constr. Co., Inc.*,
12  251 F.R.D. 534, 541 (D. Nev. 2008) ("Producing documents and responding to written discovery
13  is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent"; "the two forms of
14  discovery are not equivalent."); *see also Flanagan v. Wyndham Int'l, Inc.*, 231 F.R.D. 89, 104
15  (D.D.C. 2005).

16        Apple's argument that it has already provided the information sought by some of
17  Samsung's topics is also unavailing. "Parties to litigation do not have to accept their opponent's
18  statement that all relevant evidence has been produced via a given discovery vehicle—they are
19  entitled to test this assertion in questioning witnesses during depositions." *Iris Corp. Berhad*, 84
20  Fed. Cl. at 494. Rather, "[i]t is fundamental that parties may simultaneously utilize any or all of
21  the discovery mechanisms authorized by the rules," and "[a] protective order will not be issued
22  precluding the depositions solely because the testimony may prove repetitive." *Id.*

23        Finally, many of Samsung's topics ask questions the answers to which are not covered by
24  Apple's interrogatory responses. Even accepting Apple's argument that certain of Samsung's

---

interrogatories," and recommending that "the trial judge . . . refuse to permit [the movant] to introduce at trial, in the form of evidence or argument, any matter not set forth in the answers to the soon to be forthcoming contention interrogatories." *Id.*

1  topics are more appropriately the subject of interrogatories, less than a fourth of Samsung's topics
2  so qualify, even by Apple's own estimation.[5]  The relief Apple requests—that it be allowed to
3  ignore the entire balance of Samsung's notice—is grossly disproportionate as to any potential flaw
4  it may have identified.  This Court has broad discretion to decide what degree of protection, if any,
5  is required, see *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984), and should not grant
6  Apple's shotgun demand for relief.

7  **III.    APPLE HAS REFUSED TO MEET AND CONFER IN GOOD FAITH**
8  **         REGARDING SAMSUNG'S 30(B)(6) NOTICE**

9          Finally, Samsung takes issue with Apple's blatant failure to meet and confer in good faith
10 with Samsung regarding its First 30(b)(6) Notice.  Rather, from the very start, Apple has
11 consistently and staunchly maintained that it would not produce *any* witnesses to testify on *any* of
12 the topics listed in Samsung's First 30(b)(6) Notice.

13         Samsung first attempted to discuss its 30(b)(6) notice at the parties' non-lead counsel meet
14 and confer session on December 21, 2011, during which it asked Apple if Apple would agree to
15 schedule a date or provide witnesses to testify on any of the topics in its notice.  (Chan Decl. ¶ 3.)
16 Apple stated that it thought that Samsung's notice was overly broad and unduly burdensome.  (*Id.*)
17 In an attempt to negotiate in good faith, Samsung then invited Apple to propose and narrow topics
18 for which it was willing to produce witnesses.  (*Id.*)  Rather than agreeing to do so, Apple
19 responded by demanding that Samsung withdraw its entire notice and "start over."  (*Id.*)

20         Apple followed up with a letter on December 27, 2011 asserting vague objections and
21 stating that it would be willing to provide 30(b)(6) testimony on only those topics for which
22 Samsung would provide reciprocal testimony.  (Ex. B to Chan Decl.)  Apple's conditioning of its
23 production on Samsung's production plainly was in bad faith.[6]  Also in bad faith was the notable

---

[5] Apple also seems to overlook the fact that Samsung has not specifically asked for witnesses to testify on over half the topics that Apple claims are more appropriate for contention interrogatories.  (Ex. D to Chan Decl.)

[6] As Samsung explained in its Motion to Compel (Dkt. 603 at 14), the Federal Rules of Civil Procedure state that parties may not condition their production on what the opposing party does.
      (footnote continued)

1  absence of any attempt by Apple to identify even a single topic for which it was actually willing to
2  produce a witness.

3  Samsung responded to Apple's objections in a December 31, 2011 letter, in which it
4  explicitly clarified that it "has not insisted that a witness be provided on every topic," and asked
5  Apple to explain beyond its boilerplate objections why it thought certain requests were
6  "overbroad, irrelevant, or harassing." (Ex. C to Chan Decl.)  Samsung again invited Apple to
7  propose any concrete limitations it felt would be helpful. (*Id.*)

8  Apple failed to respond in any way to Samsung's December 31, 2011 letter.  (Chan Decl.
9  ¶ 7.)  Subsequently, in a good faith effort to open discussions, Samsung essentially "bet against
10 itself" and identified for Apple a number of topics it wanted prioritized.  (Ex. D to Chan Decl.)
11 Apple again failed to respond in any way to Samsung's proposal.  (Chan Decl. ¶ 7.)  Rather,
12 during the parties' January 5, 2012 lead counsel meet and confer session, Apple simply reiterated
13 its demand for Samsung to withdraw its notice in its entirety.  (*Id.* ¶ 8.)

14  As a consequence of Apple's refusal to meet and confer in good faith regarding Samsung's
15 30(b)(6) notice, Samsung never had the opportunity to clarify for Apple the topics that Apple now
16 claims for the first time are not described with reasonable particularity or are overbroad.  As
17 Samsung attempted to explain to Apple, (Ex. C to Chan Decl.), broad topics can be appropriate
18 depending on what they relate to.  *See McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 583-86
19 (D. Kan. 2008) (denying a motion for a protective order and instead clarifying and defining the
20 scope of potentially overbroad topics.)  By its refusal to even acknowledge Samsung's good faith
21 attempts to resolve these perceived problems, Apple has only itself to blame for its inability to
22 understand the scope of Samsung's topic requests.

23  Apple must not be rewarded with a protective order for its obstructionist, dilatory, and
24 uncooperative discovery tactics.  Apple's refusal to negotiate in good faith has wasted time and
25 energy, prevented discovery from proceeding smoothly, and forced Samsung to file a motion to

---

27 *See* Fed. R. Civ. P. 26(d)(2)(B); Schwarzer et al., *Cal. Prac. Guide: Fed. Civ Pro. Before Trial*
   ¶ 11:1390 (Rutter).
28

1  compel.  Courts have declined to grant protective orders because of a party's failure to negotiate
2  in good faith.  *See, e.g.*, *P.S and C.S. v. The Farm, Inc.*, No. 07-cv-2210, 2009 WL 483236, at *2,
3  *6 (D. Kan. Feb. 24, 2009) (denying a motion for a protective order on a number of 30(b)(6)
4  topics where "Defendant's counsel failed to identify which matters she claimed were vague,
5  ambiguous, protected by the attorney-client privilege, or called for legal conclusions," noting that
6  for these topics, the defendant's concerns "certainly could have been discussed and likely resolved
7  with Plaintiffs' counsel before a motion was filed with the Court.")  The situation here is no
8  different.  Samsung invited Apple on multiple occasions to engage in a good faith discussion to
9  define the scope of the topics contained in its notice, which Apple rejected in lieu of filing a
10 motion.  The Court must not allow Apple to continue its discovery abuses.

## Conclusion

For the foregoing reasons, Samsung respectfully requests that the Court deny Apple's Motion for Protective Order Regarding Samsung's First Rule 30(b)(6) Deposition Notice, and grant Samsung's motion to compel Apple to provide a witness on the enumerated topics.

DATED: January 17, 2012     QUINN EMANUEL URQUHART &
                            SULLIVAN, LLP


                            By /s/ Victoria F. Maroulis
                               Charles K. Verhoeven
                               Kevin P.B. Johnson
                               Victoria F. Maroulis
                               Michael T. Zeller
                               Attorneys for SAMSUNG ELECTRONICS
                               AMERICA, INC., and SAMSUNG
                               TELECOMMUNICATIONS AMERICA, LLC