1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                    UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
|---|---|
19 | Plaintiff, | **DECLARATION OF MELISSA N. CHAN IN SUPPORT OF SAMSUNG'S** |
20 | vs. | **OPPOSITION TO APPLE'S MOTION TO COMPEL PRODUCTION OF** |
21 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | **DOCUMENTS AND THINGS** |
22 | ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | Date: January 19, 2012<br>Time: 10:00 a.m. |
23 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |
24 | Defendants. | |
25 | | **PROPOSED PUBLIC REDACTED VERSION** |

I, Melissa N. Chan, declare:

1. I am an associate in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung").  I am licensed to practice law in the State of California.  I submit this declaration in support of Samsung's Opposition to Apple's Motion to Compel Production of Documents and Things.  I have personal knowledge of the facts set forth in this declaration, except as otherwise noted, and, if called upon as a witness, I could and would testify to the following facts.

2. From October 19, 2011 to December 21, 2011, the parties' non-lead trial counsel have met and conferred via lengthy telephonic conference calls on a weekly basis, except for the week of Thanksgiving.  The parties have also exchanged dozens of meet and confer letters during this period and until the present.

3. During the course of discovery, Apple's counsel has often just copied and pasted its document requests or cited broad requests by their number only in correspondence, demanded that production of such broad categories of documents be produced by a date certain, and threatened motion practice—even before the parties have had the opportunity to meet and confer about the scope of such documents, what Samsung would be willing to produce, or the reasoning behind such Apple's arbitrary deadlines.

4. Over the course of several weeks in November and December, counsel for the parties also attempted to negotiate a narrowed scope of reciprocal production based on the parties' overlapping discovery requests, which we hoped would facilitate the meet and confer process. Samsung invested hundreds of hours of attorney time into formulating a proposal that would resolve as many of the parties' discovery requests as possible.  Samsung's proposal would have facilitated the mutual exchange of a narrower, relevant set of nearly every category of document described in Apple's motion: financial documents, marketing documents, advertisements, documents relating to the technical operation of the accused features, design documents, design-around documents, and many more.

5. After Samsung's counsel sent that proposal to Apple's counsel, Apple's counsel commented during the meet and confer conference on December 21, 2011 that the proposal was "thoughtful" and "useful."   However, Apple's counsel, despite its promises, never responded to Samsung's proposals for a reciprocal agreement, and instead sent dozens of letters demanding immediate production of documents responsive to Apple's broad requests and threatening a motion to compel.   Apple also has refused to agree that it is subject to the same discovery obligations that it seeks from Samsung.

6. The parties' participated in a lead counsel, in-person meet and confer conference on January 5, 2012.   During the conference, Apple admitted that it had not completed review of all of the documents or source code that Samsung had rushed to produce for Apple per its demands. Attached as Exhibit 1 is Samsung's letter to Apple on January 10, 2012, agreeing to produce most of the categories of documents requested by Apple.

7. Attached as Exhibit 2 is a true and correct copy of the text of the categories of documents requested in Apple's proposed order relating to this motion, with interlineated notes indicating the status of each of the items requested by Apple and indicating which items are moot or not ripe for motion practice.[1]

8. Rather than burden the Court with every single letter, phone call, and conference, this declaration summarizes on the pertinent communications.

**THE PARTIES' DOCUMENT PRODUCTIONS TO DATE**

9. To date, I am informed and believe that Samsung has produced over 622,000 pages of documents from more than 55 different custodians in this lawsuit.

10. I am informed and believe that Apple has only produced 250,000 pages for all but one custodian, and the remaining custodian's production included hundreds of thousands of useless pages of unreadable code, blank pages, or useless thumbnails.   For example, I understand

---

[1] Due to the broad nature of Apple's motion and the limited time to respond, Samsung has not been able to review Apple's Rule 37-2 Statement to verify the accuracy of its representations regarding Samsung's discovery responses; however, Apple does misstate Samsung's response to RFP No. 468.   (Motion at 108.)   Samsung served its response to this RFP on January 6, 2012.

that at least five individual documents consisted of over 14,000 pages each, with one item of code printed on each page.

**APPLE'S DOCUMENT REQUESTS FOR WHICH SOME MEET AND CONFER HAS OCCURRED**

11. On December 24, 2011, Apple identified six general topics on which it intended to move to compel, and asked that the parties discuss such topics during the in-person lead counsel meet and confer conference. Of the six, three are subject of Apple's motion to compel filed January 10, 2012. (*See* Dkt. No. 611.) The remaining three were described as "(1) all additional technical documents described in Wes Overson's November 8, 2011, letter; (2) all design history described in Apple's December 6, 2011, letter, expanded to cover all tablet, touchscreen phone and touchscreen media player products sold by Samsung, regardless of where sold; (3) all financial documents described in Apple's December 19, 2011, letter, including the information for worldwide sales described therein." Apple's letter did not mention anything regarding "marketing, market research and advertising documents," "design-around" documents, or "documents relevant to design patent, trademark and trade dress infringement."

12. ***Technical Documents.*** On December 22, 2011, the Court denied Apple's motion to compel technical documents for which the parties had not met and conferred in advance of court intervention. (Dkt. No. 537.) Those technical documents included the documents requested under RFP Nos. nos. 193, 225, 226, 227, 229, 230, 231, 233, 234, 235, 240, 243, 244, and 245. (*Id.* n.2.)

13. After the Court's December 22, 2011 Order, on January 2, 2012, Apple's counsel sent a letter to Samsung's counsel on January 2, 2012, copying and pasting the text from those 13 of the 14 RFPs (all but RFP No. 193) listed in the Court's Order as requiring meet and confer, and demanding that Samsung agree to substantially complete its production of the entirety of such documents by January 23, 2012. Apple also requested that Samsung agree to participate in a working meet-and-confer call on Wednesday, January 4, 2012.

14. On January 3, 2012, Samsung's counsel requested that Apple engage in a meaningful meet and confer regarding the requests for technical documents, in order to gain an

1  understanding of Apple's positions regarding scope and relevance, and suggested a specific time at
2  which the parties could discuss the requests on Wednesday, January 4, 2012.   Apple *never*
3  *responded* to either confirm or reject Samsung's proposed time for the meet and confer.   No meet
4  and confer occurred on January 4, 2012.

5        15.   After 2:00 a.m. on the morning of the parties' scheduled lead counsel meet and
6  confer conference on January 5, 2012, Apple's counsel finally admitted in correspondence that its
7  technical document requests were too broad, and agreed to narrow 11 of the 13 RFPs to
8  "documents sufficient to show."   However, instead of narrowing RFP No. 240, Apple merely
9  copied and pasted its prior correspondence on the technical documents issues.   Many of the
10 requests were still too broad, and duplicative of information that Samsung was otherwise going to
11 produce.

12       16.   At the parties' lead counsel meet and confer that same day, Apple's counsel
13 admitted that Samsung's previous productions were in fact "sufficient to show" much of the
14 technical information that it requested; however, Apple wanted greater "level of detail."
15 Samsung's counsel stated that it would consider Apple's requests, and would respond by letter.

16       17.   In the January 10, 2012 letter, Samsung agreed to produce, by January 27, 2012,
17 responsive, non-privileged documents in its possession, custody or control which show the
18 elements used to construct touch screens.   (*See* Exhibit 2, ¶ I(J).)   Samsung further agreed to
19 produce documents sufficient to show the design, specifications, and manufacturing tolerances of
20 the touch screens, in the form of approval documents provided to Samsung by touch screen
21 manufacturers and suppliers, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
22 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
23 ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓   Samsung also agreed to produce bills of materials for the accused
24 products' touch screens.   (*See id.* ¶ I(P).)   However, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
25 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
26 ▓▓▓▓▓▓▓▓▓▓

27       18.   Samsung also agreed to produce documents sufficient to show version and update
28 history information in order to demonstrate when the accused functionalities were incorporated

into the products at issue (*see id.* ¶¶ I(A)-(I)) but explained that such information collection would be a burdensome undertaking and could not necessarily be completed by Apple's arbitrary deadline.

19. To date, Apple has not provided a meaningful response or opportunity to meet and confer regarding Samsung's objections to the relevance of "all requests for quotations," "all qualification documentation," "all functional testing results and testing criteria," and "all testing data," which Apple demands in response to RFP No. 240.   (*See id.* ¶¶ I(N), (O), (Q), and (R).)

20. Apple also has not met and conferred with Samsung regarding RFP No. 193, which was not subject of Apple's correspondence or the parties' lead counsel meet and confer.

21. ***Financial Documents***.   On December 19, 2011, Apple's counsel sent Samsung's counsel a letter requesting that Samsung immediately produce documents that established Samsung's U.S. and worldwide revenues, unit sales, and average selling price for the accused products.

22. On December 25, 2011, Apple's counsel sent another letter (incorrectly dated December 26, 2011) that emphasized that Apple was seeking "*only the most basic data on pricing and on sales in units and revenue* for the accused products" (emphasis added).

23. On December 28, 2011, Apple's counsel sent another letter, demanding that Samsung produce another *eight* categories of financial documents.

24. On January 10, 2012, after the parties had met and conferred regarding Apple's requests, Samsung agreed to produce nearly every category of financial documents that Apple requested, by February 3, 2012.   *See* Exhibit 1.

25. ***Design History Documents for Any and All Samsung Phone, Tablet and Digital Media Player Products.***   Since Apple first propounded discovery upon Samsung, Apple has defined the "Products at Issue" to be the Samsung products that Apple accuses of infringing its intellectual property in this litigation.   Since August 2011, during the parties' meet and confer conferences, the parties have repeatedly discussed the Products at Issue to be limited to such accused products sold in the U.S.

26. On December 20, 2011, Apple for the first time demanded that Samsung produce sketchbooks, models and CAD files for "*all* Samsung phones, touchscreen digital media players and tablet products."   On the parties' meet and confer conference on December 21, 2011, Samsung's counsel asked Apple's counsel to provide a basis for seeking such a broad set of design documents relating to products not at issue in this litigation, not sold in the U.S., and not even released.   Apple's counsel stated that it would follow-up in correspondence with its explanation.

27. On December 28, 2011, Apple sent a letter, again stating it wanted "*all* sketchbooks, CAD drawings, and physical models for *any* Samsung phone product, tablet product, or touchscreen digital media player, *regardless of where sold*, whether for a final design or an alternative design *that was not commercial released.*"   In that letter, Apple again provided no explanation for why it was seeking such a broad set of design documents.

28. Samsung responded by letter on December 30, 2011, again requesting that Apple provide an explanation for such a request, and that it engage in a meaningful meet and confer regarding its requests.   Samsung's counsel cited the fact that the request would seek documents relating to hundreds of products that have nothing to do with this lawsuit.   A true and correct copy of this letter is attached as Exhibit 3.

29. At the parties' lead counsel meet and confer conference on January 5, Apple vaguely stated that it needed such design documents for all of Samsung's products, regardless of time or geographic location, and whether or not such products were released or not, to show the functionality of design.   Apple refused to provide any further explanation.

**REQUESTS FOR WHICH FURTHER MEET AND CONFER IS REQUIRED**

30. During the parties' lead counsel meet and confer conference on January 5, 2012, the parties discussed the fact that Apple's belated January 3, 2012, letter requests for "marketing and advertising documents," "design-arounds," and "trademark and trade dress issues" would require additional meet and confer after Samsung had the opportunity to consider and respond to such requests.

31. ***Design Around Documents***.   On November 29, 2011, ███████████
████████████████████████████████████████████████████████████

1  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ After engaging in an investigation of the matter, Samsung's
2  counsel determined that it could not locate responsive, non-privileged documents, and informed
3  Apple's counsel on January 2, 2012.
4  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
5  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
6  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
7  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
8     33.   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
9  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ However, the parties have
10 not had the opportunity to meet and confer regarding Apple's additional design-around requests.
11     34.   ***Trademark and Trade Dress Issues***.   For the first time on January 3, 2012, Apple
12 requested that Samsung substantially complete the production of a dozen broad categories of
13 documents by January 23, 2012.   (*See* Exhibit 2, ¶¶ III(A)-(L).)
14     35.   During the parties' lead counsel meet and confer conference on January 5, 2012,
15 the parties were unable to engage in a meaningful meet and confer regarding Apple's document
16 requests.
17     36.   On January 10, 2012, Samsung agreed to produce nearly every category of
18 "trademark and trade dress" documents that Apple requested, by February 3, 2012.   (*See* Exhibit
19 1.)   However, Samsung's counsel objected to Apple's request for documents relating to the GUI
20 for "all smartphones or tablet computers offered for sale by Samsung."   (*See* Exhibit 1; Exhibit 2,
21 ¶¶ III(H)-(J))
22     37.   The parties still have yet to discuss Apple's demand for trademark, trade dress, and
23 design patent search reports relating to any element of Apple's asserted trade dress or asserted
24 trademarks, including prior art searches.   (*See* Exhibit 2, ¶ III(B).)
25     38.   ***Apple's Demand For All Marketing And Advertising Documents***.   On January 3,
26 2012, Apple demanded for the first time that Samsung engage in meet and confer regarding the
27 production of broad categories of *all* marketing and advertising documents.
28

39. During the parties' scheduled lead counsel meet and confer conference on January 5, 2012, the parties did not discuss or meet and confer regarding narrowing these requests, since Apple did not provide any relevance bases for such broad requests and Samsung's counsel had not yet had the opportunity to confer with Samsung regarding such requests.

40. On January 10, 2012, Samsung agreed to produce nearly every category of advertising and marketing documents that Apple requested, by January 31, 2012. (*See* Exhibit 1.)

41. However, the parties still have yet to discuss Apple's request for drafts of each U.S. advertisement (Exhibit 2, ¶ IV(C)); copies of advertisements that "target" or "evoke" Apple (*id.* ¶ IV(D)); any incentives Samsung offers to retail outlets (*id.* ¶ IV(H)); and Samsung's per-month spending on advertising and marketing (*id.* ¶ IV(J)).

42. ***Specific Surveys***. On January 8, 2012, Apple's counsel requested that Samsung locate and produce a particular survey referenced in an "internet comment by a Samsung customer."

43. Based on further investigation, Samsung's counsel determined that the internet comment was a post made by an alleged Amazon.com user, commenting regarding his/her alleged purchase of Samsung's UN46D8000 46-Inch LED HDTV product.

44. On January 10, 2012, Samsung's counsel responded to Apple's letter, explaining that televisions have nothing to do with this lawsuit. Samsung's counsel also explained that to the extent such a survey exists, and was considered by any Samsung employee responsible for surveying the Samsung products accused in this lawsuit, such survey would have already been produced.

**DEPOSITIONS**

45. On November 22-23, 2011, right before the Thanksgiving holiday, Apple served 9 deposition notices. On December 6, 2011, Apple served another 28 notices of deposition. On December 14, 2011, after checking witnesses' schedules, Samsung began to offer deposition dates for the Samsung employees noticed for deposition. Apple waited *two weeks*—and only after Samsung's counsel demanded it—to accept any of those dates, and despite Samsung's offer,

Apple rejected proceeding with depositions in December 2011. Attached as Exhibit 4 is a true and correct copy of the email from Samsung's counsel to Apple's counsel on December 28, 2011, demanding that Apple communicate whether it was going to accept the offered deposition dates.

46. To date, Samsung also has made available over 50 of its inventors and employee designers or engineers for deposition, and has offered deposition dates for 37 individual Samsung witnesses that Apple has noticed.

47. On December 7, 2011, Samsung served 49 notices for the depositions of Apple designers and engineers that we are informed and believe may have knowledge of the accused Apple products, as well as sales and marketing personnel that we are informed and believe are responsible for selling the accused Apple products. Those depositions were noticed for dates beginning near the end of December 2011 through January 2012.

48. As of January 4, 2012—almost one month later—Apple had not provided a single date for those depositions. On January 5, 2012, at the lead counsel meet and confer, Apple offered just a single deposition date for one witness.

**APPLE'S DISCOVERY POSITIONS**

49. On December 29, 2011, Apple refused Samsung's request for an extension on its deadline to produce some of the categories of documents covered by the Court's December 22, 2011 Order. Apple claimed that it needed the documents "immediately."

50. On December 31, 2011, Samsung complied with the Court's Order with respect to source code and other design documents, and invited Apple's counsel to inspect such documents. Apple refused, claiming it was "such short notice" even though it knew the Court's deadline. Apple did not send someone to inspect Samsung's production until three full days later.

51. On January 9, 2012, Samsung's counsel advised Apple's counsel that its entire firmwide computer system would be shut down from the evening of Friday, January 13, 2012 to the morning of Saturday, January 14, 2012, due to power testing, and that such shutdown could not be stopped or postponed.

52. On Friday, January 13, 2012, the parties scheduled a lead counsel meet and confer conference for Monday, January 16, 2012, in order to discuss two issues raised by Apple relating

1 to Samsung's depositions and to discuss two issues raised by Samsung.   Since the firmwide
2 power outage was scheduled to begin at 7:00 p.m. that evening, Samsung's counsel called Apple's
3 counsel twice in order to meet and confer about Apple's concerns and to attempt to understand and
4 resolve the issues in advance of the lead counsel meet and confer.   Apple's counsel never
5 returned these calls.

6       53.   On Friday, January 13, 2012, at 9:50 p.m.—while Samsung's counsel's computer
7 and email systems were offline for the power testing—Apple's counsel sent correspondence
8 copying and pasting at least two dozen of Apple's requests for production and "appris[ing]
9 Samsung that [Apple] will put these items on the agenda" for the parties' scheduled lead counsel
10 meet and confer on Monday, January 16, 2012.   About ten minutes later—also during the
11 computer shut-down—Apple sent an additional agenda with 8 more broad topics.   Apple
12 demanded immediate production of these items or it would seek court relief after the lead counsel
13 meet and confer conference.

14       54.   On the parties' prior meet and confer conferences, Apple's counsel has flatly
15 rejected the theory that production of documents concedes relevance; Apple also has represented
16 that its responses to document requests "are made without waiver and with the preservation of all
17 issues as to the . . . relevancy . . . and the subject matter thereof for any purpose."

18       I declare under penalty of perjury under the laws of the United States that the foregoing is
19 true and correct.

20       Executed in Redwood Shores, California on January 17, 2012.

By  /s/ *Melissa N. Chan*
Melissa N. Chan
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC.

**General Order 45 Attestation**

I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to file this Declaration.   In compliance with General Order 45(X)(B), I hereby attest that Melissa N. Chan has concurred in this filing.

*/s/ Victoria Maroulis*