# EXHIBIT 2

**Samsung's Mark-Up of Apple's Proposed Order**

**I.      Technical Documents Relevant to Utility Patent Infringement.**

A.      Documents sufficient to show, for each Product at Issue, which versions of the operating system (including but not limited to the Android operating system or TouchWiz overlay) included the accused functionality, and the dates during which each version of the operating system was used.[1] **[This request should be denied as overbroad and unduly burdensome.]**

B.      Documents sufficient to show, for each Product at Issue, which updates to the operating system (including but not limited to the Android operating system or TouchWiz overlay) included the accused functionality, and the dates when such updates were made available.  **[This request should be denied as overbroad and unduly burdensome.]**

C.      Documents sufficient to show, for each Product at Issue, which features, operations, characteristics of, or changes made to each version of the operating system (including, but not limited to, the Android operating system or TouchWiz overlay) included the accused functionality, including technical specifications as well as instructions relating to deployment, installation, maintenance, and upgrade procedures.  **[This request should be denied as overbroad and unduly burdensome.]**

D.      Documents sufficient to show, for each Product at Issue, which versions of any software, firmware, program(s) library(ies) or other system used to control the touchscreens (including at least the touch sensor panels) included the accused functionality, and the dates during which each such version was in use.  **[This request should be denied as overbroad and unduly burdensome.]**

---

[1]  For purposes of this Order, Samsung "Products at Issue" includes all Galaxy phone and tablet products and all products identified in Apple's Amended Complaint. Apple "Products at Issue" includes all iPhone, iPod Touch, and iPad products.   **[These definitions should be denied as extending far beyond the scope of the accused products.]**

  E. Documents sufficient to show, for each Product at Issue, which updates to any software, firmware, program(s), library(ies) or other system used to control the touch screens (including at least the touch sensor panels) included the accused functionality, and the dates when such updates were made available.  **[This request should be denied as overbroad and unduly burdensome.]**

  F. Documents sufficient to show, for each Product at Issue, which features, operations, characteristics of, or changes made to each version of the any software, firmware, program(s), library(ies) or other system used to control the touch screens (including the display and touch sensor panels) included the accused functionality, including technical specifications as well as instructions relating to deployment, installation, maintenance, and upgrade procedures.  **[This request should be denied as overbroad and unduly burdensome.]**

  G. Documents sufficient to show, for each Product at Issue, which versions of each Samsung application installed in the Products at Issue included the accused functionality, and the dates during which each such version was in use.  **[This request should be denied as overbroad and unduly burdensome.]**

  H. Documents sufficient to show, for each Product at Issue, which updates to each Samsung application included the accused functionality, and the dates when such updates were made available.  **[This request should be denied as overbroad and unduly burdensome.]**

  I. Documents sufficient to show, for each Product at Issue, which features, operations, characteristics of, or changes made to each version of any Samsung application of the Products at Issue included the accused functionality, including, but not limited to, those relating to deployment, installation, maintenance, and upgrade procedures.  **[This request should be denied as overbroad and unduly burdensome.]**

  J. Documents sufficient to show arrangement and specification of traces, conductive lines, conductive layers, glass, dielectrics, substrates, adhesives, and other elements used to construct the touch screens (including the display and touch sensor panels) of the Products at Issue.  **[This request is moot per Samsung's agreement to produce by January 27, 2012.]**

K.  Documents sufficient to show the design, manufacture, specification and operation of any monitoring circuitry, integrated circuit, chip, controller or module used to operate the touch screens (including the display and touch sensor panels) of the Products at Issue. **[This request should be denied as outside Samsung's possession, custody or control.]**

L.  All data sheets concerning the touch screens (including the display and touch sensor panels) on the Products at Issue or any monitoring circuitry, integrated circuit, chip, controller or module used to operate said touch screens. **[This request should be denied as outside Samsung's possession, custody or control.]**

M.  Documents sufficient to show and to understand design, specifications, and manufacturing tolerances for the touch screens, touch sensor controllers, and touch screen components in the Samsung Products at Issue, including but not limited to specifications, schematics, flow charts, formulas, or other documentation showing the design and operation of the touch screens, touch sensor controllers, and touch screen components or of other accused features. **[This request is moot per Samsung's agreement to produce by January 27, 2012.]**

N.  All requests for quotations relating to the touchscreens, touchscreen controllers, and touch screen components in each Samsung Product at Issue. **[This request should be denied for Apple's failure to meet and confer.]**

O.  All qualification documentation for the touchscreens, touchscreen controllers, and touch screen components in each Samsung Product at Issue, including internal qualification documentation and vendor qualification documentation, specifications used to qualify both first- and third-party supplied parts and components, and quality control criteria used for manufacturing. **[This request should be denied for Apple's failure to meet and confer.]**

P.  All Bills of Materials and design drawings relating to the Samsung Products at Issue provided to or received from vendors or suppliers. **[This request is moot per Samsung's agreement to produce by January 27, 2012.]**

Q.  All functional testing results and testing criteria relating to the touch screens, touch sensor controllers, and touch screen components in the Samsung Products at Issue, including documents pertaining to prototypes and pre-production touch screens, touch sensor

controllers, and touch screen components. **[This request should be denied for Apple's failure to meet and confer.]**

R. All testing data related to the shielding of traces of conductive material in the Samsung Products at Issue. **[This request should be denied for Apple's failure to meet and confer.]**

*** *** ***

## II. Documents Related to Design-Around Efforts

A. Documents sufficient to identify and show in detail each design around, allegedly non- infringing alternative manufacturing process, and/or alternative technology or method that can be used as an alternative to the patented technology of each of the Utility Patents at Issue. **[This request should be denied for Apple's failure to meet and confer.]**

B. All Documents concerning each design around, and/or allegedly non-infringing alternative design that can be used as an alternative to the Design Patents at Issue. **[This request should be denied for Apple's failure to meet and confer.]**

C. All Documents relating to each change Samsung made, is now making, or will make to the Products at Issue in response to Apple's allegations in this lawsuit. **[This request should be denied for Apple's failure to meet and confer.]**

D. All Documents relating to Samsung's analyses, actions, plans or attempts to exercise due care to avoid infringing the Patents at Issue. **[This request should be denied for Apple's failure to meet and confer.]**

E. All Communications with Google or any other third party regarding design arounds for the Patents at Issue. **[This request should be denied for Apple's failure to meet and confer.]**

*** *** ***

## III. Documents Relevant to Design Patent, Trademark, and Trade Dress Infringement.

A. E-mails and documents from designers, developers, or anyone else responsible for or involved in the design, development or marketing of Samsung's Products at Issue (including but not limited to individuals responsible for or involved in consumer surveys, R&D,

management, and product planning), and counsel (if not privileged) discussing actual consumer confusion or the possibility of consumer confusion between the parties' Products at Issue or the source, sponsorship, or affiliation of the parties' Products at Issue.  **[This request should be denied as moot or for Apple's failure to meet and confer.]**

B. Trademark, trade dress, and design patent search reports relating to any element of Apple's asserted trade dress or asserted trademarks, including prior art searches.  **[This request should be denied for Apple's failure to meet and confer.]**

C. Documents discussing or assessing the design of Apple's Products at Issue, including the distinctiveness or lack of distinctiveness thereof or the similarity of design between any of the parties' products, from the files of designers, developers, anyone else responsible for or involved in the design, development or marketing of Samsung's Products at Issue (including but not limited individuals responsible for or involved in consumer surveys, R&D, management, and product planning), and counsel (if not privileged).  **[This request should be denied as moot or for Apple's failure to meet and confer.]**

D. For inspection, all physical samples of Apple's Products at Issue in Samsung's possession (excluding products purchased for litigation or products personally owned by its employees).  **[This request should be denied as moot.]**

E. Documents sufficient to show the identity and title of individuals who developed the external hardware design and the GUI design for each of Samsung's Products at Issue (including the design of the icons used in the GUI).  **[This request is moot per Samsung's agreement to produce by February 3, 2012.]**

F. E-mails and documents from designers, developers, engineers, and others (including but not limited to CAD drawings, sketchbooks/notebooks, models/mockups, and Adobe Illustrator or other computer files) relating to the design and development of all GUI designs for each of Samsung's Products at Issue, including but not limited to the design and development of TouchWiz, the icons and icon arrangement(s) used in each Samsung Product at Issue, and all alternative GUI designs considered or used by Samsung.  **[This request should be denied as moot or for Apple's failure to meet and confer.]**

G. E-mails and documents from designers, developers, engineers, and others relating to the feasibility of all GUI designs considered (including ease of manufacturing, cost savings, enhanced usability and technological challenges).  **[This request should be denied as moot or for Apple's failure to meet and confer.]**

H. E-mails and documents from designers, developers, engineers and others relating to the design and development of all external hardware designs—including design alternatives and redesigns and the feasibility (including ease of manufacturing, cost savings, enhanced usability and technological challenges) of the designs considered—for all smartphone and tablet computer products offered for sale by Samsung.  **[This request should be denied as overbroad, since it extends beyond the Samsung products that have been accused by Apple in this lawsuit, and is therefore overly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and lacks proportionality in demanding that Samsung search for, collect, review and produce documents for thousands of products not accused in this lawsuit.]**

I. E-mails and documents from designers, developers, engineers and others relating to the design and development of the earphone or speaker slot design for all mobile phone products offered for sale by Samsung—including design alternatives and redesigns and the feasibility (including ease of manufacturing, cost savings, enhanced usability and technological challenges) of the designs considered.  **[This request should be denied as overbroad, since it extends beyond the Samsung products that have been accused by Apple in this lawsuit, and is therefore overly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and lacks proportionality in demanding that Samsung search for, collect, review and produce documents for thousands of products not accused in this lawsuit.]**

J. Designer meeting minutes, notes of design meetings, specifications or requirements communicated to the designers, project management reports, and reports to executives relating to the external hardware design or the GUI for all smartphones or tablet computers offered for sale by Samsung.  **[This request should be denied as overbroad, since it**

**extends beyond the Samsung products that have been accused by Apple in this lawsuit, and is therefore overly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and lacks proportionality in demanding that Samsung search for, collect, review and produce documents for thousands of products not accused in this lawsuit.]**

K.   Three samples of each Samsung Product at Issue, including user and service manuals and all other end user documentation relating to the intended use or operation of the products at issue.  **[This request should be denied as moot.]**

L.   Documents sufficient to show all model numbers, code names, or other internal designations used to refer to each of Samsung's Products at Issue.  **[This request is moot per Samsung's agreement to produce by February 3, 2012.]**

M.   To the extent not already produced under the Court's December 22, 2011, Order (Dkt. 537), all Samsung sketchbooks (or similar hand drawings, however created, stored, or archived) created on or after January 1, 2000, that depict designs for any Samsung mobile phone product, tablet product, or touchscreen digital media player, regardless of where sold, whether for a final design or an alternative design that was not commercially released.  **[This request should be denied as overbroad, since it extends beyond the Samsung products that have been accused by Apple in this lawsuit, and is therefore overly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and lacks proportionality in demanding that Samsung search for, collect, review and produce documents for thousands of products not accused in this lawsuit.]**

N.   To the extent not already produced under the Court's December 22, 2011, Order, all CAD drawings (or other schematics that Samsung uses to design its products) created on or after January 1, 2000, that depict designs for any Samsung mobile phone product, tablet product, or touchscreen digital media player, regardless of where sold, whether for a final design or an alternative design that was not commercially released.  **[This request should be denied as overbroad, since it extends beyond the Samsung products that have been accused by Apple in this lawsuit, and is therefore overly burdensome, not reasonably calculated to lead to the**

**discovery of admissible evidence, and lacks proportionality in demanding that Samsung search for, collect, review and produce documents for thousands of products not accused in this lawsuit.]**

O. To the extent not already produced under the Court's December 22, 2011, Order, All physical models created on or after January 1, 2000, that depict designs for any Samsung mobile phone product, tablet product, or touchscreen digital media player, regardless of where sold, whether for a final design or an alternative design that was not commercially released. **[This request should be denied as overbroad, since it extends beyond the Samsung products that have been accused by Apple in this lawsuit, and is therefore overly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and lacks proportionality in demanding that Samsung search for, collect, review and produce documents for thousands of products not accused in this lawsuit.]**

\*\*\* \*\*\* \*\*\*

IV. **Marketing, Market Research, and Advertising Documents.**

A. All U.S. and global marketing and advertising strategy documents, marketing requirements documents, market analyses (including actual or projected market demand), market share analyses, competitor analyses, consumer surveys, and focus group studies relating to the Apple or Samsung Products at Issue, including but not limited to those that mention Apple, iPod, iPhone, iPad or any other nicknames or designations used by Samsung to indicate Apple or any of its products. **[This request is moot per Samsung's agreement to produce by January 31, 2012.]**

B. Documents evidencing or referencing U.S. or global media plans for any of Samsung's Products at Issue. **[This request is moot per Samsung's agreement to produce by January 31, 2012.]**

C. A copy of each U.S. advertisement and any drafts of each U.S. advertisement for any of Samsung's Products at Issue, including but not limited to print, television, billboard, radio, on-line, and airline advertisements, and documents sufficient to determine where and

when each such advertisement appeared.  **[This request should be denied for Apple's failure to meet and confer.]**

D. Copies of any advertisements, wherever run, that mention or target Apple or any of its products, including but not limited to advertisements that are meant to evoke Apple or any of its products and/or to compete with Apple or any of its products.  **[This request should be denied for Apple's failure to meet and confer.]**

E. Documents referencing or relating to the number of times an online advertisement for any of Samsung's Products at Issue has been "clicked on" by a user.  **[This request is moot per Samsung's agreement to produce by January 31, 2012.]**

F. Documents sufficient to identify all markets and retail outlets where Samsung's Products at Issue are or will be sold.  **[This request is moot per Samsung's agreement to produce by January 31, 2012.]**

G. Documents describing how Samsung's Products at Issue are to be marketed or presented in retail outlets or by carriers, including but not limited to scripts or sales points to be used by salespeople.  **[This request is moot per Samsung's agreement to produce by January 31, 2012.]**

H. Documents referencing or relating to any incentives that Samsung offers to any retail outlet or carrier in connection with the sale of any of Samsung's Products at Issue.  **[This request should be denied for Apple's failure to meet and confer.]**

I. Documents sufficient to identify all markets and media outlets where Samsung's Products at Issue are or will be advertised.  **[This request is moot per Samsung's agreement to produce by January 31, 2012.]**

J. Documents sufficient to show per-month advertising and marketing spending in the U.S. regarding the Products at Issue.  **[This request should be denied for Apple's failure to meet and confer.]**

K. Documents sufficient to identify the demographics of likely or targeted customers for each of Samsung's Products at Issue.  **[This request is moot per Samsung's agreement to produce by January 31, 2012.]**

V.      **Financial Information Relevant to Damages.**

    A.      Documents evidencing Samsung's U.S. and worldwide revenue, unit sales and selling price for the accused products (smartphones and tablets), including:

        1.      Samsung's U.S. and worldwide revenues for the accused products (1) per smartphone or tablet (2) per carrier (3) per quarter.  **[This request is moot per Samsung's agreement to produce U.S. (and if the same products are sold outside the U.S., worldwide) sales revenue data by February 3, 2012.]**

        2.      Samsung's U.S. and worldwide unit sales for the accused products (1) per smartphone or tablet (2) per carrier (3) per quarter.  **[This request is moot per Samsung's agreement to produce U.S. (and if the same products are sold outside the U.S., worldwide) sales units data by February 3, 2012.]**

        3.      Samsung's U.S. and worldwide average selling price for the accused products (1) per smartphone or tablet (2) per carrier (3) per quarter.  **[This request is moot per Samsung's agreement to produce U.S. (and if the same products are sold outside the U.S., worldwide) sales data by February 3, 2012, from which the average selling price can be calculated.]**

    B.      Documents sufficient to show the date when each accused product was introduced into the U.S. market.  **[This request is moot per Samsung's agreement to produce by February 3, 2012.]**

    C.      Reports showing gross profit and Samsung's cost of goods sold:

        1.      For each accused product, costed bills of materials and financial reports provided to U.S. or corporate management reflecting Samsung's calculation of its gross margin for the accused products from June 2009 to the present.  **[This request should be denied for Apple's failure to meet and confer.]**

        2.      To the extent the reports are not prepared on a product-by-product basis, reports reflecting gross margins or gross profit consolidated for the accused products, for tablets and for smartphones or for Galaxy S and Galaxy SII line of phones as reflected on a quarterly or

monthly basis.  **[This request should be denied as overbroad and for Apple's failure to meet and confer.]**

3. Based on standard accounting and financial conventions, these reports should show both standard costs for the components that make up the phones and allocations of other expenses (such as freight, variances, and manufacturing overhead) to calculate a consolidated cost of goods sold.  **[This request should be denied as overbroad and for Apple's failure to meet and confer.]**

D. Reports reflecting operating costs and profitability with respect to smartphones:

1. Consolidated reports provided to U.S. and corporate management reflecting any expenses not included in costs of goods sold that Samsung incurs or allocates to U.S. smartphone or tablet products, including any research and development expenses, sales and marketing expenses, and general and administrative expenses.  **[This request should be denied as overbroad and for Apple's failure to meet and confer.]**

2. Consolidated reports that reflect how such expenses for the accused products compare to U.S. expenses for mobile phones more generally and/or to worldwide expenses.  **[This request should be denied as overbroad and for Apple's failure to meet and confer.]**

3. Consolidated reports on operating profit for any of the accused phones, for smartphones, and for mobile phones more broadly reflecting the foregoing expenses.  **[This request should be denied as overbroad and for Apple's failure to meet and confer.]**

E. Audited or unaudited financial reports for each entity named as a defendant in this case and for each Samsung entity that sells any of the accused products, audited (or, if audited are unavailable, unaudited) financial reports (including at a minimum an income statement, balance sheet, cash flow statement and all associated notes) for each quarter or fiscal year ending on or after March 31, 2009.  **[This request is moot per Samsung's agreement to produce by February 3, 2012.]**

F. Documents relating to any financial valuation of the intellectual property in suit. The foregoing should include any reports on in-process research and development calculations

that include technology related to any accused products, any valuation used for balance sheet valuations, amortization, or a write-off of intangible assets. **[This request is moot per Samsung's agreement to produce by February 3, 2012.]**

G. Documents sufficient to show relevant expense for research and development and to design around any patent, including:

1. Any consolidated reports on the expense Samsung incurred to develop any of the accused products. **[This request should be denied for Apple's failure to meet and confer.]**

2. Any reports or financial information that reflect the actual or projected expense to design around any patent. **[This request should be denied for Apple's failure to meet and confer.]**

H. Any quarterly, annual or multi-year business plans prepared for the accused products or the divisions of Samsung that sell the accused products. **[This request should be denied for Apple's failure to meet and confer.]**