UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK-PSG<br><br>**[PROPOSED] ORDER DENYING APPLE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS**<br><br>Date: January 19, 2012<br>Time: 10:00 a.m.<br>Courtroom: 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

On January 11, 2012, Plaintiff Apple Inc. ("Apple") moved for an order compelling Defendants Samsung Electronics Co., Ltd, Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") to produce documents and things responsive to various of Apple's Requests for Production (Docket No. 613-1).

Having considered the briefs and the arguments of the parties, and the entire file in this action, the Court hereby DENIES Apple's motion to compel in its entirety. As numbered in Apple's Proposed Order, the document requests are denied for the following reasons:

I.      **Technical Documents.**

Apple's motion to compel is **DENIED** as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence with respect to the following requests:

A.      Documents sufficient to show, for each Product at Issue, which versions of the operating system (including but not limited to the Android operating system or TouchWiz overlay) included the accused functionality, and the dates during which each version of the operating system was used.

B.      Documents sufficient to show, for each Product at Issue, which updates to the operating system (including but not limited to the Android operating system or TouchWiz overlay) included the accused functionality, and the dates when such updates were made available.

C.      Documents sufficient to show, for each Product at Issue, which features, operations, characteristics of, or changes made to each version of the operating system (including, but not limited to, the Android operating system or TouchWiz overlay) included the accused functionality, including technical specifications as well as instructions relating to deployment, installation, maintenance, and upgrade procedures.

D.      Documents sufficient to show, for each Product at Issue, which versions of any software, firmware, program(s) library(ies) or other system used to control the touchscreens (including at least the touch sensor panels) included the accused functionality, and the dates during which each such version was in use.

E.      Documents sufficient to show, for each Product at Issue, which updates to any software, firmware, program(s), library(ies) or other system used to control the touch screens (including at least the touch sensor panels) included the accused functionality, and the dates when such updates were made available.

F.      Documents sufficient to show, for each Product at Issue, which features, operations, characteristics of, or changes made to each version of the any software, firmware, program(s), library(ies) or other system used to control the touch screens (including the display

1 and touch sensor panels) included the accused functionality, including technical specifications as
2 well as instructions relating to deployment, installation, maintenance, and upgrade procedures.
3       G.      Documents sufficient to show, for each Product at Issue, which versions of each
4 Samsung application installed in the Products at Issue included the accused functionality, and the
5 dates during which each such version was in use.
6       H.      Documents sufficient to show, for each Product at Issue, which updates to each
7 Samsung application included the accused functionality, and the dates when such updates were
8 made available.
9       I.      Documents sufficient to show, for each Product at Issue, which features,
10 operations, characteristics of, or changes made to each version of any Samsung application of the
11 Products at Issue included the accused functionality, including, but not limited to, those relating to
12 deployment, installation, maintenance, and upgrade procedures.
13
14       Apple's motion to compel is **DENIED** as moot with respect to the following requests:
15       J.      Documents sufficient to show arrangement and specification of traces, conductive
16 lines, conductive layers, glass, dielectrics, substrates, adhesives, and other elements used to
17 construct the touch screens (including the display and touch sensor panels) of the Products at
18 Issue.
19       K.      Documents sufficient to show the design, manufacture, specification and operation
20 of any monitoring circuitry, integrated circuit, chip, controller or module used to operate the touch
21 screens (including the display and touch sensor panels) of the Products at Issue.
22       L.      All data sheets concerning the touch screens (including the display and touch
23 sensor panels) on the Products at Issue or any monitoring circuitry, integrated circuit, chip,
24 controller or module used to operate said touch screens.
25       M.      Documents sufficient to show and to understand design, specifications, and
26 manufacturing tolerances for the touch screens, touch sensor controllers, and touch screen
27 components in the Samsung Products at Issue, including but not limited to specifications,
28

schematics, flow charts, formulas, or other documentation showing the design and operation of the touch screens, touch sensor controllers, and touch screen components or of other accused features.

P. All Bills of Materials and design drawings relating to the Samsung Products at Issue provided to or received from vendors or suppliers.

Apple's motion to compel is **DENIED** for Apple's failure to meet and confer with respect to the following requests:

N. All requests for quotations relating to the touchscreens, touchscreen controllers, and touch screen components in each Samsung Product at Issue.

O. All qualification documentation for the touchscreens, touchscreen controllers, and touch screen components in each Samsung Product at Issue, including internal qualification documentation and vendor qualification documentation, specifications used to qualify both first- and third-party supplied parts and components, and quality control criteria used for manufacturing.

Q. All functional testing results and testing criteria relating to the touch screens, touch sensor controllers, and touch screen components in the Samsung Products at Issue, including documents pertaining to prototypes and pre-production touch screens, touch sensor controllers, and touch screen components.

R. All testing data related to the shielding of traces of conductive material in the Samsung Products at Issue.

*** *** ***

## II. Documents Related to Design-Around Efforts

Apple's motion to compel is **DENIED** for Apple's failure to meet and confer with respect to the following requests:

A. Documents sufficient to identify and show in detail each design around, allegedly non- infringing alternative manufacturing process, and/or alternative technology or method that can be used as an alternative to the patented technology of each of the Utility Patents at Issue.

B.  All Documents concerning each design around, and/or allegedly non-infringing alternative design that can be used as an alternative to the Design Patents at Issue.

C.  All Documents relating to each change Samsung made, is now making, or will make to the Products at Issue in response to Apple's allegations in this lawsuit.

D.  All Documents relating to Samsung's analyses, actions, plans or attempts to exercise due care to avoid infringing the Patents at Issue.

E.  All Communications with Google or any other third party regarding design arounds for the Patents at Issue.

*** *** ***

**III.   Documents Relevant to Design Patent, Trademark, and Trade Dress Infringement.**

Apple's motion to compel is **DENIED** as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence with respect to the following requests:

H.  E-mails and documents from designers, developers, engineers and others relating to the design and development of all external hardware designs—including design alternatives and redesigns and the feasibility (including ease of manufacturing, cost savings, enhanced usability and technological challenges) of the designs considered—for all smartphone and tablet computer products offered for sale by Samsung.

I.  E-mails and documents from designers, developers, engineers and others relating to the design and development of the earphone or speaker slot design for all mobile phone products offered for sale by Samsung—including design alternatives and redesigns and the feasibility (including ease of manufacturing, cost savings, enhanced usability and technological challenges) of the designs considered.

J.  Designer meeting minutes, notes of design meetings, specifications or requirements communicated to the designers, project management reports, and reports to executives relating to the external hardware design or the GUI for all smartphones or tablet computers offered for sale by Samsung.

M.  To the extent not already produced under the Court's December 22, 2011, Order (Dkt. 537), all Samsung sketchbooks (or similar hand drawings, however created, stored, or archived) created on or after January 1, 2000, that depict designs for any Samsung mobile phone product, tablet product, or touchscreen digital media player, regardless of where sold, whether for a final design or an alternative design that was not commercially released.

N.  To the extent not already produced under the Court's December 22, 2011, Order, all CAD drawings (or other schematics that Samsung uses to design its products) created on or after January 1, 2000, that depict designs for any Samsung mobile phone product, tablet product, or touchscreen digital media player, regardless of where sold, whether for a final design or an alternative design that was not commercially released.

O.  To the extent not already produced under the Court's December 22, 2011, Order, All physical models created on or after January 1, 2000, that depict designs for any Samsung mobile phone product, tablet product, or touchscreen digital media player, regardless of where sold, whether for a final design or an alternative design that was not commercially released.

Apple's motion to compel is **DENIED** as moot with respect to the following requests:

A.  E-mails and documents from designers, developers, or anyone else responsible for or involved in the design, development or marketing of Samsung's Products at Issue (including but not limited to individuals responsible for or involved in consumer surveys, R&D, management, and product planning), and counsel (if not privileged) discussing actual consumer confusion or the possibility of consumer confusion between the parties' Products at Issue or the source, sponsorship, or affiliation of the parties' Products at Issue.

D.  For inspection, all physical samples of Apple's Products at Issue in Samsung's possession (excluding products purchased for litigation or products personally owned by its employees).

E.  Documents sufficient to show the identity and title of individuals who developed the external hardware design and the GUI design for each of Samsung's Products at Issue (including the design of the icons used in the GUI).

K. Three samples of each Samsung Product at Issue, including user and service manuals and all other end user documentation relating to the intended use or operation of the products at issue.

L. Documents sufficient to show all model numbers, code names, or other internal designations used to refer to each of Samsung's Products at Issue.

Apple's motion to compel is **DENIED** for Apple's failure to meet and confer with respect to the following requests:

B. Trademark, trade dress, and design patent search reports relating to any element of Apple's asserted trade dress or asserted trademarks, including prior art searches.

C. Documents discussing or assessing the design of Apple's Products at Issue, including the distinctiveness or lack of distinctiveness thereof or the similarity of design between any of the parties' products, from the files of designers, developers, anyone else responsible for or involved in the design, development or marketing of Samsung's Products at Issue (including but not limited individuals responsible for or involved in consumer surveys, R&D, management, and product planning), and counsel (if not privileged).

F. E-mails and documents from designers, developers, engineers, and others (including but not limited to CAD drawings, sketchbooks/notebooks, models/mockups, and Adobe Illustrator or other computer files) relating to the design and development of all GUI designs for each of Samsung's Products at Issue, including but not limited to the design and development of TouchWiz, the icons and icon arrangement(s) used in each Samsung Product at Issue, and all alternative GUI designs considered or used by Samsung.

G. E-mails and documents from designers, developers, engineers, and others relating to the feasibility of all GUI designs considered (including ease of manufacturing, cost savings, enhanced usability and technological challenges).

*** *** ***

**IV.   Marketing, Market Research, and Advertising Documents.**

Apple's motion to compel is **DENIED** as moot with respect to the following requests:

A.   All U.S. and global marketing and advertising strategy documents, marketing requirements documents, market analyses (including actual or projected market demand), market share analyses, competitor analyses, consumer surveys, and focus group studies relating to the Apple or Samsung Products at Issue, including but not limited to those that mention Apple, iPod, iPhone, iPad or any other nicknames or designations used by Samsung to indicate Apple or any of its products.

B.   Documents evidencing or referencing U.S. or global media plans for any of Samsung's Products at Issue.

D.   Copies of any advertisements that mention Apple or any of its products.

E.   Documents referencing or relating to the number of times an online advertisement for any of Samsung's Products at Issue has been "clicked on" by a user.

F.   Documents sufficient to identify all markets and retail outlets where Samsung's Products at Issue are or will be sold.

G.   Documents describing how Samsung's Products at Issue are to be marketed or presented in retail outlets or by carriers, including but not limited to scripts or sales points to be used by salespeople.

I.   Documents sufficient to identify all markets and media outlets where Samsung's Products at Issue are or will be advertised.

K.   Documents sufficient to identify the demographics of likely or targeted customers for each of Samsung's Products at Issue.

Apple's motion to compel is **DENIED** for Apple's failure to meet and confer with respect to the following requests:

C.   A copy of each U.S. advertisement and any drafts of each U.S. advertisement for any of Samsung's Products at Issue, including but not limited to print, television, billboard, radio,

1  on-line, and airline advertisements, and documents sufficient to determine where and when each
2  such advertisement appeared.
3       D.     Copies of any advertisements, wherever run, that target Apple or any of its
4  products, including but not limited to advertisements that are meant to evoke Apple or any of its
5  products and/or to compete with Apple or any of its products.
6       H.     Documents referencing or relating to any incentives that Samsung offers to any
7  retail outlet or carrier in connection with the sale of any of Samsung's Products at Issue.
8       J.     Documents sufficient to show per-month advertising and marketing spending in the
9  U.S. regarding the Products at Issue.
10
11 **V.  Financial Information Relevant to Damages.**
12      Apple's motion to compel is **DENIED** as moot with respect to the following requests:
13      A.     Documents evidencing Samsung's U.S. and worldwide revenue, unit sales and
14 selling price for the accused products (smartphones and tablets), including:
15           1.     Samsung's U.S. and worldwide revenues for the accused products (1) per
16 smartphone or tablet (2) per carrier (3) per quarter.
17           2.     Samsung's U.S. and worldwide unit sales for the accused products (1) per
18 smartphone or tablet (2) per carrier (3) per quarter.
19           3.     Samsung's U.S. and worldwide average selling price for the accused
20 products (1) per smartphone or tablet (2) per carrier (3) per quarter.
21      B.     Documents sufficient to show the date when each accused product was introduced
22 into the U.S. market.
23      E.     Audited or unaudited financial reports for each entity named as a defendant in this
24 case and for each Samsung entity that sells any of the accused products, audited (or, if audited are
25 unavailable, unaudited) financial reports (including at a minimum an income statement, balance
26 sheet, cash flow statement and all associated notes) for each quarter or fiscal year ending on or
27 after March 31, 2009.
28

F. Documents relating to any financial valuation of the intellectual property in suit. The foregoing should include any reports on in-process research and development calculations that include technology related to any accused products, any valuation used for balance sheet valuations, amortization, or a write-off of intangible assets.

Apple's motion to compel is **DENIED** for Apple's failure to meet and confer with respect to the following requests:

C. Reports showing gross profit and Samsung's cost of goods sold:

1. For each accused product, costed bills of materials and financial reports provided to U.S. or corporate management reflecting Samsung's calculation of its gross margin for the accused products from June 2009 to the present.

2. To the extent the reports are not prepared on a product-by-product basis, reports reflecting gross margins or gross profit consolidated for the accused products, for tablets and for smartphones or for Galaxy S and Galaxy SII line of phones as reflected on a quarterly or monthly basis.

3. Based on standard accounting and financial conventions, these reports should show both standard costs for the components that make up the phones and allocations of other expenses (such as freight, variances, and manufacturing overhead) to calculate a consolidated cost of goods sold.

D. Reports reflecting operating costs and profitability with respect to smartphones:

1. Consolidated reports provided to U.S. and corporate management reflecting any expenses not included in costs of goods sold that Samsung incurs or allocates to U.S. smartphone or tablet products, including any research and development expenses, sales and marketing expenses, and general and administrative expenses.

2. Consolidated reports that reflect how such expenses for the accused products compare to U.S. expenses for mobile phones more generally and/or to worldwide expenses.

   3. Consolidated reports on operating profit for any of the accused phones, for smartphones, and for mobile phones more broadly reflecting the foregoing expenses.

 G. Documents sufficient to show relevant expense for research and development and to design around any patent, including:

   1. Any consolidated reports on the expense Samsung incurred to develop any of the accused products.

   2. Any reports or financial information that reflect the actual or projected expense to design around any patent.

 H. Any quarterly, annual or multi-year business plans prepared for the accused products or the divisions of Samsung that sell the accused products.

 Finally, the definition of "Products at Issue" as used in these requests shall be limited to the products identified by Apple in its infringement contentions or in interrogatory responses as accused by Apple for infringing its utility or design patents, trade dress or trademarks.

 Apple's motion to compel is **DENIED** for lack of good cause in all other respects.

**IT IS SO ORDERED.**

DATED: _____, 2012

_____
The Honorable Paul S. Grewal
United States Magistrate Judge