1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 STEPTOE & JOHNSON LLP
   John M. Caracappa
14 jcaracappa@steptoe.com
   1330 Connecticut Ave., NW
15 Washington, DC 20036
   Telephone: (202) 429-6267
16
   Attorneys for SAMSUNG ELECTRONICS
17 CO., LTD., SAMSUNG ELECTRONICS
   AMERICA, INC. and SAMSUNG
18 TELECOMMUNICATIONS AMERICA, LLC

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR LEAVE TO SUPPLEMENT ITS INFRINGEMENT CONTENTIONS**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 8<br>Judge: Hon. Lucy H. Koh<br><br>[MOTION TO SHORTEN TIME FILED CONCURRENTLY HEREWITH] |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 2, 2012 at 1:30 p.m., or as soon as the matter may be heard by the Honorable Lucy H. Koh in Courtroom 8, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court for an order granting Samsung leave to amend its infringement contentions pursuant to Patent L.R. 3-6 to allege infringement by the iPhone 4S, which was released after Samsung served its original infringement contentions.   This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declaration of Todd Briggs; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

Samsung seeks an order granting it leave to amend its infringement contentions pursuant to Patent L.R. 3-6 to allege infringement by the iPhone 4S.

January 24, 2012                    QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP


                                    By *Victoria F. Maroulis*
                                       Charles K. Verhoeven
                                       Kevin P.B. Johnson
                                       Victoria F. Maroulis
                                       Michael T. Zeller

                                       *John M. Caracappa*
                                       John M. Caracappa


                                    Attorneys for SAMSUNG ELECTRONICS CO.,
                                    LTD., SAMSUNG ELECTRONICS AMERICA,
                                    INC., and SAMSUNG
                                    TELECOMMUNICATIONS AMERICA, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Samsung seeks leave to supplement its infringement contentions to include as an accused product the Apple iPhone 4S, which was first released approximately one month after Samsung served its original infringement contentions. Apple has already agreed that Samsung's proposed supplemental infringement contentions are acceptable, but its last minute change in litigation strategy necessitates this Motion.

Good cause exists to amend Samsung's contentions because the product at issue was not yet available when Samsung submitted its contentions and Samsung diligently sought to add this product to this action. Moreover, Apple will not be prejudiced because for nine of the 12 patents in suit, Samsung's theory of infringement against the iPhone 4S is the same as its theory against other Apple devices already accused of infringement in this litigation. Moreover, supplements to Samsung's theory of infringement as to the three other patents are minor to account for slight changes in Apple's new device. Further, Samsung put Apple on notice regarding its intention to add the iPhone 4S in early November and has already provided Apple with its proposed infringement contentions. In fact, Apple agreed that Samsung's proposed infringement contentions were acceptable. Thus, Apple has ample opportunity to prepare its defenses to Samsung's allegations of infringement with regard to iPhone 4S.

Samsung sought Apple's agreement to add the iPhone 4S to avoid burdening the Court with motion practice and offered in exchange to allow Apple to add five additional Samsung products release subsequently to Apple's contentions.  Samsung believed that the parties had come to an agreement on the supplemental infringement contentions.  However, after the parties reached agreement, and on the verge of filing a stipulation with the Court, Apple refused to sign the stipulation unless Samsung agreed to add yet an additional 13 more previously unaccused products, never previously discussed by the parties.  Because adding a total of 18 new products to the case at this stage will greatly complicate discovery and burden Samsung, Samsung did not agree to the addition of 18 new products.  Thus, Samsung respectfully requests that the Court grant it leave to add iPhone 4S to Samsung's infringement contentions and deny any attempt by Apple to add 18 new Samsung products to the case.

## II.     FACTS

On August 25, 2011, the Court set deadlines for service of Patent Local Rule 3-1 infringement contentions, ordering Apple to serve its contentions by August 26, 2011 and Samsung by September 7, 2011.  The Court further set the close of fact discovery for March 8, 2012.  The parties served their initial infringement contentions on their respective deadlines.  In its infringement contentions, Samsung alleged infringement of its 12 patents-in-suit by Apple's iPhone, iPad, and iPod Touch devices and any "newer but unreleased versions of the iPhone or iPad products."  Declaration of Todd Briggs ("Briggs Decl.") Ex. A.  Samsung further reserved its right to supplement its contentions to "include any additional Apple products it identifies through discovery and its continuing investigation."  Id.

On October 4, 2011, Apple announced the release of the iPhone 4S.  On October 7, 2011, Apple began accepting pre-orders for the device, and, one week later, on October 14, Apple released the device for sale.  Briggs Decl. Ex. B.  Immediately thereafter, Samsung began investigating whether the iPhone 4S practiced its patented technologies.  Briggs Decl. ¶4.

On November 9, 2011, Apple sent a letter to Samsung seeking an agreement to supplement Apple's infringement contentions for its utility patents to include five additional Samsung devices: the Galaxy Player 4.0 and 5.0, Galaxy Tab 7.0, Galaxy Tab 8.9, and Galaxy S II Skyrocket.

1  Briggs Decl. Ex. C.   On November 22, 2011, Samsung responded that it would agree to the
2  stipulation so long as Apple would accept a reciprocal stipulation regarding infringement
3  contentions for the iPhone 4S.   Briggs Decl. Ex. D.
4         After the parties had identified products that they sought to add, negotiations continued in
5  the subsequent weeks as Apple asked for the precise scope of Samsung's amendments to their
6  infringement contentions.   On November 30, 2011, Apple inquired whether Samsung would seek
7  to "modify in any way" its Patent L.R. 3-1 disclosures.   Briggs Decl. Ex. E.   On December 5,
8  2011, Samsung indicated that it may need to add new claim charts for some Samsung patents, and
9  sought similar information regarding amendments to Apple's infringement contentions.   Briggs
10 Decl. Ex. F.   On December 14, 2011, Apple stated it would be proceeding under existing
11 infringement contention theories against the five Samsung devices and, again, asked for more
12 information regarding Samsung's infringement charts.   Briggs Decl. Ex. G.   On December 22,
13 2011, Samsung identified the minor changes necessary for the iPhone 4S with regard to three of
14 the 12 Samsung patents, such as the removal of certain left-right arrow keys and alterations to
15 certain display windows, and requested a response from Apple by December 28, 2011.   Briggs
16 Decl. Ex. H.   On December 29, 2011 Samsung sent a follow up e-mail requesting a response to
17 the earlier letter.   Briggs Decl. Ex. I.   On December 30, 2011, Samsung again followed up
18 seeking a response from Apple.   *Id*.
19        On December 30, 2011, following Samsung's e-mail, counsel for Apple and Samsung
20 spoke on the phone.   Briggs Decl. ¶ 12.   During that conversation, Apple asked that Samsung
21 produce its proposed amendments to infringement contentions.   *Id.*   Apple also confirmed that it
22 sought to add five new Samsung devices in exchange for the addition of the iPhone 4S.   *Id.*   On
23 January 4, 2011, Samsung provided the infringement contentions that Apple requested.   Briggs
24 Decl. Ex. J.   Counsel for the parties then spoke over the phone, and Apple counsel indicated that
25 Samsung's infringement contentions were acceptable and stated that Apple would draft a
26 stipulation to reflect their agreement by Friday, January 6, 2012.   Briggs Decl. ¶ 14.
27        During the evening of Friday, January 6, 2012, Apple provided a draft stipulation that
28 sought to add a total of 18 Samsung products to Apple's infringement contentions.   Briggs Decl.

Ex. K.  Thus, in addition to the five products discussed between the parties, Apple added 13 additional Samsung products that had not been mentioned in any earlier negotiations.  Apple made no mention of these 13 additional products in the e-mail sent with Apple's proposed stipulation and offered no explanation for their inclusion.  Briggs Decl. ¶ 16.  On January 10, 2012, Samsung replied by asking Apple to remove the 13 new products from the stipulation so that the stipulation would conform to the parties' earlier agreement.  Briggs Decl. Ex. L.  On January 18 and January 20, 2012, Samsung sent follow-up emails, seeking a response from Apple.  Briggs Decl. Exhs. L, M.  On Saturday, January 21, 2012, Apple counsel left a voicemail message indicating that it would only stipulate to the inclusion of the iPhone 4S in exchange for the 18 additional Samsung devices.  Briggs Decl. ¶ 20.

### III.    LEGAL STANDARD

A party may amend its infringement contentions "only by order of the Court upon a timely showing of good cause."  Patent L.R. 3-6.  The governing Patent Local Rule provides "non-exhaustive" examples of circumstances that may support a finding of good cause, including "discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions."  *Id*.  Further, Northern District of California courts have found good cause when a defendant commercially releases new products.  *See, e.g., Network Appliance Inc. v. Sun Mircosystems Inc*., 2009 WL 2761924, *3 (N.D. Cal. 2009) (specifically granting leave to add products released after infringement contentions were served); *Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys.*, No. C 05-04158 MHP, 2008 WL 624771, at *2 (N.D. Cal. Mar. 4, 2008) (granting leave to amend infringement contentions where patentee put defendant on notice one week after the newly accused product became available.).

"[T]he Local Rules' limitations on a plaintiff's ability to amend infringement contentions stem from concerns of notice and prejudice."  *Advanced Micro Devices v. Samsung Elecs. Co*., No. C 08-00986 SI, 2010 WL 1293374, at *3 (N.D. Cal. Mar. 31, 2010).  To establish good cause, Samsung must show that it has been diligent in seeking the amendment and that Apple will not be prejudiced.  *Bd. of Trs. of Leland Stanford Junior Univ.* , 2008 WL 624771, at *2.

(diligence and no prejudice despite the patentee waiting four months to seek leave of court because defendant was served amended infringement contention charts one week after a new product was released.). A party is diligent when it actively seeks to prosecute its case and amends its infringement contentions without delay. *Id.; Vasudevan Software, Inc. v. International Business Machines, Corp., et al.*, 2011 WL 940263, *2 (N.D. Cal. 2011) (granting leave to amend infringement contentions based on partially public information because the party had undertaken extensive discovery); *see also Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, 2011 WL 5574807, *1 (N.D. Cal. 2011) (finding lack of diligence where a party waited four years before propounding any discovery). A patentee may seek leave to add a newly released product that was not available at the time infringement contentions were served. *Sun Microsystems, Inc.*, 2009 WL 2761924, at *3 (a moving party "could not have included these products when it initially served its FICs."). However, a party must pursue its case against those new products quickly. *Abbott Diabetes Care Inc. v. Roche Diagnostics Corp.*, 2007 WL 2221029, *1 (N.D. Cal. 2007) (no diligence where a party idly waited five months, with no explanation, between learning of potential amendments and investigating the product at issue). Further, a party is not prejudiced merely by the timing of the amendment, and a party must make more than mere "reasonable arguments" that its case might be prejudiced. *Vasudevan Software*, 2011 WL 940263, at *3-4 (amending charts after claim construction hearing is not prejudicial despite "reasonable arguments" of prejudice by the non-moving party).

## IV.   ARGUMENT

Samsung respectfully seeks leave to add a single device – the iPhone 4S – to its infringement contentions. The supplemental infringement contentions would only require slight substantive supplements for three of Samsung's 12 patents in suit. As stated above, for nine of the Samsung patents in suit, Samsung's theory of infringement against the iPhone 4S is the same as its theory of infringement against Apple devices already in the litigation.[1] Infringement

---

[1]   The iPhone 4S includes a different chip than the other products, but the Samsung's infringement theories remain the same.

theories for the remaining three patents in suit reflect only minor changes implemented in Apple's new product. Therefore, the scope of the substantive infringement contentions in this suit will not be materially expanded. Samsung has diligently notified and negotiated with Apple regarding the supplemental infringement contentions. Samsung has shown good cause for leave because Apple has known about the substance of Samsung's proposed supplemental infringement contentions for months and is therefore not prejudiced.

### A.     Samsung Has Been Diligent in Seeking the Amendment

Samsung diligently notified Apple of its intention to serve supplemental infringement contentions only about a month after the product at issue was released. Samsung served its initial infringement contentions on September 7, 2011, pursuant to the schedule set by the Court. These infringement contentions identified the existing products that Samsung asserted infringe upon its patents. The iPhone 4S could not have been included in these initial contentions simply because the product had not yet been released. *Sun Microsystems, Inc.*, 2009 WL 2761924, at *3. On October 14, 2011, the iPhone 4S was released for sale. Briggs Decl. Ex. B. Samsung acquired and investigated the iPhone shortly thereafter. Briggs Decl. ¶ 4. On November 22, 2011, in response to Apple's request to add five products to Apple's infringement contentions, Samsung proposed adding the iPhone 4S to Samsung's infringement contentions. Thus Samsung was diligent in identifying the Apple product to be added to the case, and in notifying Apple of its intent to do so.

Any delay between the release of the iPhone 4S and the supplemental infringement contentions is due to Apple's litigation strategy. Apple has been on notice of Samsung's intent to add the iPhone 4S since November, but dragged out negotiations until the filing of this motion. Despite written assurances that the Samsung's infringement theory would remain the same for "9 of the 12 Samsung patents with respect to the additional Apple iPhone 4S product" and a written description of the changes for the three of the patents, Apple continued to ignore Samsung's repeated attempts to conclude negotiations. Briggs Decl. Exhs. H, I, and J; ¶ 12. Apple even acknowledged that Samsung's proposed supplement would be acceptable. Briggs Decl. ¶ 14.

However, Apple was not satisfied with a mere six-weeks delay. Without explanation or notice, on January 21, Apple suddenly took the position that it would not agree to Samsung's supplemental infringement contentions unless Samsung agreed to allow Apple to assert utility patent claims against 18 new products, not 5 as previously agreed upon. Briggs Decl. ¶ 30. Apple refused to provide any basis for its attempt to dramatically change the scope of accused Samsung products in the case, nor provide any details of its proposed additions. Unable to reach a reasonable compromise despite its diligent, good faith negotiation, Samsung filed the instant motion for relief immediately after Apple's sudden change in tactics.

### B. Apple Will Not Be Prejudiced by the Amendment

Apple will suffer no prejudice by Samsung's supplemental contentions. First, Samsung informed Apple that it was seeking to amend its infringement contentions for the iPhone 4S in November, just over a month after the product was released to the public. Thus, Apple has been aware for months of Samsung's intention to include the iPhone 4S in its infringement contentions, and is not prejudiced by Samsung's amendment. *Bd. of Trs. of Leland Stanford Junior Univ.*, 2008 WL 624771, at *2. Samsung's iPhone 4S allegations affect the infringement contentions for only three of the 12 patents in suit, and as further explained to Apple, those modifications are slight compared to the initial infringement contentions. Thus, Apple has had time – and continues to have time – to prepare its defenses to the allegations of infringement against iPhone 4S. Any prejudice to Apple caused by amendments to the infringement contentions would be minor and manageable. *See Vasudevan Software, Inc.,* 2011 WL 940263, at *3 (granting leave to amend would have minor affect on prior work because the amendments "affect only a small number of elements and discovery has not been completed.").

Second, discovery is still on-going in this case and is not scheduled to close until March 8, 2012. Additional discovery relating to the iPhone 4S would be not be significant and could be completed within the fact discovery period. Indeed, Apple's prior agreement to add the iPhone 4S to this action indicates that it was prepared to provide full discovery on this product before the close of fact discovery.

Lastly, Apple cannot legitimately claim prejudice when Apple itself manufactured the delay.   Apple represented to Samsung it was prepared to enter into a stipulation on November 22, but created delays for its own tactical advantage.   Apple was aware of the basis of Samsung's request since November 22.   Apple agreed to allow Samsung to serve the exact same supplemental infringement contentions now sought.   Apple appears to have dragged out the process, first by its repeated requests for more information through the month of December, and then by adding 13 additional Samsung devices at the last minute, after the parties had seemingly reached an agreement.   Apple's refusal to negotiate or explain further suggests that Apple has intentionally prolonged negotiations for tactical gain.   Apple's tactics are contrary to the purpose of the Patent Local Rules which require early disclosure of infringement contentions, which are intended to stop gamesmanship, not encourage it.

**V.     CONCLUSION**

For the foregoing reasons, this Court should grant Samsung's motion for leave to amend its infringement contentions.

DATED: January 24, 2012              QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP


                                     By  *Victoria F. Maroulis*
                                         Charles K. Verhoeven
                                         Kevin P.B. Johnson
                                         Victoria F. Maroulis
                                         Michael T. Zeller

                                         *John M. Caracappa*
                                         John M. Caracappa

                                         Attorneys for SAMSUNG ELECTRONICS CO.,
                                         LTD., SAMSUNG ELECTRONICS AMERICA,
                                         INC., and SAMSUNG
                                         TELECOMMUNICATIONS AMERICA, LLC