# Mueller Exhibit 55

**From:** Melissa Chan [mailto:melissachan@quinnemanuel.com]
**Sent:** Monday, October 03, 2011 8:11 PM
**To:** Selwyn, Mark; Victoria Maroulis
**Cc:** HMcElhinny@mofo.com; MJacobs@mofo.com; JTaylor@mofo.com; ATucher@mofo.com; RHung@mofo.com; Lee, William; JasonBartlett@mofo.com; DAhn@mofo.com; Rachel Herrick Kassabian; Todd Briggs; Margret Caruso; kevinjohnson@quinnemanuel.com; Michael T Zeller; Kolovos, Peter
**Subject:** RE: Apple v. Samsung: Discovery Correspondence

Mark,

We plan on producing documents today that will be responsive to your requests regarding Intel.  We also requested Qualcomm's consent weeks ago, but to my knowledge, we have not heard back.

With regard to your FRAND and licensing requests, as we explained on a previous meet and confer conference, your requests relating to those other RFPs are not related to preliminary injunction discovery; since the Court has directed the parties to conduct discovery relating to Apple's preliminary injunction motion, we are currently focused on such efforts.  That said, as we stated in our written responses, Samsung will be producing responsive documents to RFP Nos. 59 and 119, subject to our objections, and is searching for responsive documents even pending our meet and confer on RFP Nos. 106, 120, 128, and 131.  We plan to produce such documents during the second half of October, if not sooner.

Thanks,
Melissa


**From:** Selwyn, Mark [mailto:Mark.Selwyn@wilmerhale.com]
**Sent:** Monday, October 03, 2011 12:17 PM
**To:** Victoria Maroulis; Melissa Chan
**Cc:** HMcElhinny@mofo.com; MJacobs@mofo.com; JTaylor@mofo.com; ATucher@mofo.com; RHung@mofo.com; Lee, William; JasonBartlett@mofo.com; DAhn@mofo.com; Rachel Herrick Kassabian; Todd Briggs; Margret Caruso; Kevin Johnson; Michael T Zeller; Kolovos, Peter
**Subject:** RE: Apple v. Samsung: Discovery Correspondence

In my September 20, 2011 e-mail (attached), I informed you that Qualcomm had not received any request from Samsung, and I asked you to contact Alex Rogers that day.  Your e-mail suggests that even as of today, Samsung has not sought consent to produce the license in the NDCal. case.

As for production of the documents related to the Intel-Samsung agreement, there is nothing that needs to be clarified.  In my September 22, 2011 e-mail (attached), I asked you to produce the additional documents that Intel had produced in response to the 1782 subpoena.  You know exactly what documents those are because Samsung reviewed them and consented to their production by Intel.  Intel's counsel has also consented to their production by Samsung to Apple in this case.  If there are additional documents related to the Intel-Samsung agreement (as your e-mail below implies), such as amendments to the agreement or correspondence between the parties reflecting the negotiation of that agreement, those should be produced immediately as well.  This has nothing to do with cross-use.  The documents we have requested are indisputably relevant to the N.D. Cal. case, and they should be produced immediately.

You also have not responded to our requests for immediate production of documents responsive to our FRAND and licensing related Rule 34 requests. (See, e.g., RFP Nos. 59, 106, 119, 120, 128, and 131.)

Will you agree to an in-person meet and confer today or not?

Thank you.

Mark


**From:** Victoria Maroulis [mailto:victoriamaroulis@quinnemanuel.com]
**Sent:** Monday, October 03, 2011 8:29 AM
**To:** Selwyn, Mark; Melissa Chan
**Cc:** HMcElhinny@mofo.com; MJacobs@mofo.com; JTaylor@mofo.com; ATucher@mofo.com; RHung@mofo.com; Lee, William; JasonBartlett@mofo.com; DAhn@mofo.com; Rachel Herrick Kassabian; Todd Briggs; Margret Caruso; kevinjohnson@quinnemanuel.com; Michael T Zeller; Kolovos, Peter
**Subject:** RE: Apple v. Samsung: Discovery Correspondence

Mark,

Samsung has requested Qualcomm's permission to produce the license in ITC. Samsung is waiting for the permission. Whether or not that agreement is relevant in the ND Cal case (and Samsung reserves all of its objections), Samsung has not received the permission yet to produce it anywhere.

Please clarify what it is you want regarding Intel's production. If you want a copy of what Intel produced, we will check with Intel's counsel about producing it in this case. I note that Samsung suggested extensive cross-use provision for all discovery in foreign and domestic proceedings. Apple flatly rejected that. Now, all of a sudden, when it suits Apple, it wants to avail itself of documents produced in or for the foreign proceedings. We need a comprehensive and equitable solution to the cross-use issues.

Please contact Rachel Kassabian of our team to schedule a call or please join one of the frequent calls we have with your co-counsel at Morrison & Foerster.


**Victoria Maroulis**
*Partner,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5022 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
victoriamaroulis@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Selwyn, Mark [mailto:Mark.Selwyn@wilmerhale.com]
**Sent:** Monday, October 03, 2011 12:45 AM
**To:** Melissa Chan; Victoria Maroulis
**Cc:** HMcElhinny@mofo.com; MJacobs@mofo.com; JTaylor@mofo.com; ATucher@mofo.com; RHung@mofo.com; Lee, William; JasonBartlett@mofo.com; DAhn@mofo.com; Rachel Herrick Kassabian; Todd Briggs; Margret Caruso; Kevin Johnson; Michael T Zeller; Kolovos, Peter
**Subject:** RE: Apple v. Samsung: Discovery Correspondence

Victoria and Melissa:

Samsung still has not produced (1) the additional documents related to the Intel-Samsung license agreement that Intel produced ten days ago in response to the § 1782 subpoena; and (2) the Qualcomm-Samsung license agreement and related documents. Samsung has received Intel's and Qualcomm's consents to produce these documents, they are highly relevant, and there is no burden to Samsung to produce them. You have refused my multiple requests for in-person meet and confers, for which I offered to make myself available on multiple days, at your office or mine.

We ask you a final time to produce these documents immediately. Once more, I request an in-person meet and confer with you or another one of Samsung's lead counsel. Please let me know what time on Monday (10/3) you are available. If you refuse yet again, we will proceed to file our motion and explain as part of our motion the efforts we have made to satisfy our obligations under Local Rule 37-1.

With the sole exception of the Intel-Samsung license agreement, Samsung has failed to produce any documents responsive to our FRAND and licensing-related Rule 34 requests. (See, e.g., RFP Nos. 59, 106, 119, 120, 128, and 131, as set forth in my August 30 letter.) We again ask that these documents be produced immediately. We would like to meet and confer with you on Monday on this issue as well.

Thank you.

Mark

**From:** Selwyn, Mark
**Sent:** Friday, September 23, 2011 9:27 AM
**To:** 'Melissa Chan'; 'Victoria Maroulis'
**Cc:** HMcElhinny@mofo.com; MJacobs@mofo.com; JTaylor@mofo.com; ATucher@mofo.com; RHung@mofo.com; Lee, William; JasonBartlett@mofo.com; DAhn@mofo.com; 'Rachel Herrick Kassabian'; 'Todd Briggs'; 'Margret Caruso'; kevinjohnson@quinnemanuel.com; 'Michael T Zeller'; Kolovos, Peter
**Subject:** RE: Apple v. Samsung: Discovery Correspondence

This really does not seem like something we should need to involve the court, but we cannot seem to get even a response from you, much less the documents. Will you be producing these documents today? If not, why not?

We will include on the agenda for today's meet and confer.

**From:** Selwyn, Mark
**Sent:** Thursday, September 22, 2011 8:42 AM
**To:** 'Melissa Chan'; 'Victoria Maroulis'
**Cc:** HMcElhinny@mofo.com; MJacobs@mofo.com; JTaylor@mofo.com; ATucher@mofo.com; RHung@mofo.com; Lee, William; JasonBartlett@mofo.com; DAhn@mofo.com; 'Rachel Herrick Kassabian'; 'Todd Briggs'; 'Margret Caruso'; kevinjohnson@quinnemanuel.com; 'Michael T Zeller'
**Subject:** RE: Apple v. Samsung: Discovery Correspondence

Victoria and Melissa:

I understand that additional documents exist related to the Intel-Samsung license agreement that Intel is producing today in response to the § 1782 subpoena.

Samsung should have produced those documents to us weeks ago.  Please produce them to us today.

Thank you.

Mark

**From:** Selwyn, Mark
**Sent:** Wednesday, September 14, 2011 5:14 PM
**To:** 'Melissa Chan'; Victoria Maroulis
**Cc:** HMcElhinny@mofo.com; MJacobs@mofo.com; JTaylor@mofo.com; ATucher@mofo.com; RHung@mofo.com; Lee, William; JasonBartlett@mofo.com; DAhn@mofo.com; Rachel Herrick Kassabian; Todd Briggs; Margret Caruso; kevinjohnson@quinnemanuel.com; Michael T Zeller
**Subject:** RE: Apple v. Samsung: Discovery Correspondence

Victoria and Melissa:

I trust that you have received and reviewed Tim Franks' e-mail from earlier this afternoon.

Given that, in the five months since this litigation began, Samsung had never even asked Intel for consent to produce the Intel-Samsung license agreement and related documents that Apple has requested, we fail to see how you can say "Samsung is working as fast as it can to produce such documents without violating the consent, notice, or confidentiality provisions of such license agreements."  Similarly, we fail to see why you would profess "regret that Apple is unwilling to work with Samsung to obtain responsive documents in a manner that respects and protects the confidential information of third parties" when it was Apple, not Samsung, that needed to be the party to approach Intel in order to move this matter forward.

Now that Intel has given its consent to Samsung immediately producing the Intel-Samsung license agreement and related documents to Apple on an outside attorneys' eyes only basis pursuant to the terms of the interim protective order, we expect that Samsung will produce these documents by tomorrow.  If Samsung is unwilling to do so, then I would like to meet and confer with you or another one of Samsung's lead counsel in person tomorrow morning.

Thank you.

Mark

**From:** Melissa Chan [mailto:melissachan@quinnemanuel.com]
**Sent:** Tuesday, September 13, 2011 12:28 PM
**To:** Selwyn, Mark; Victoria Maroulis
**Cc:** HMcElhinny@mofo.com; MJacobs@mofo.com; JTaylor@mofo.com; ATucher@mofo.com; RHung@mofo.com; Lee, William; JasonBartlett@mofo.com; DAhn@mofo.com; Rachel Herrick Kassabian; Todd Briggs; Margret Caruso; kevinjohnson@quinnemanuel.com; Michael T Zeller
**Subject:** RE: Apple v. Samsung: Discovery Correspondence

Mark,

We regret that Apple is unwilling to work with Samsung to obtain responsive documents in a manner that respects and protects the confidential information of third parties.  Rather than engaging in unnecessary posturing and forcing a premature meet and confer that would accomplish nothing, we encourage Apple to work on narrowing, rather than expanding, the scope of disputes Apple intends to burden the Court with.

First, as you know, Apple's August 30 letter was sent, and requested a response and an "immediate meet and confer," before the deadlines for Samsung to respond to Apple's Third Set of Requests for Production of Documents – either the original deadline of Sept. 2 or the extended deadline of Sept. 8.  Under the Federal Rules, therefore, Samsung was under no obligation to respond to Apple's August 30 letter.

Second, your September 9, 2011, email not only relied on that improper, premature August 30 letter, but sought immediate production of documents just one day after Samsung's responses to Apple's 100 or so document requests were due.  As we explained in our objections, Apple's requests for license agreements are overly broad, yet Apple did nothing to address Samsung's legitimate concerns.

Nevertheless, and without conceding the relevance of the documents, Samsung has been working diligently to collect the Intel and Qualcomm license agreements.  As you must understand, the production of such license agreements requires that Samsung comply with consent and notice procedures before any such documents can be produced.  Moreover, regarding the subpoena to Intel (and as will be relevant to other third-party documents), you also know that we are negotiating protections for the confidential information Intel intends to produce to Apple.  We understand that such a protective order is being finalized.  As Samsung and other non-parties are working on those procedures, we will inform Apple if these efforts are unsuccessful or if Samsung will not be producing the documents.  As a result, we cannot provide a date certain, as this process depends on non-parties.  Apple cannot expect that all companies operate by Apple's schedule.

To be clear, Samsung is not refusing to produce the requested license agreements; quite the contrary, Samsung is working as fast as it can to produce such documents without violating the consent, notice or confidentiality provisions of such license agreements.  If, after we have produced these documents, Apple still believes there is a dispute and that a meet and confer is necessary, we ask that you advise us then.

Thanks,
Melissa

**From:** Selwyn, Mark [mailto:Mark.Selwyn@wilmerhale.com]
**Sent:** Monday, September 12, 2011 2:12 PM
**To:** Victoria Maroulis
**Cc:** HMcElhinny@mofo.com; MJacobs@mofo.com; JTaylor@mofo.com; ATucher@mofo.com; RHung@mofo.com; Lee, William; JasonBartlett@mofo.com; DAhn@mofo.com; Melissa Chan; Rachel Herrick Kassabian; Todd Briggs; Margret Caruso; Kevin Johnson; Michael T Zeller
**Subject:** RE: Apple v. Samsung: Discovery Correspondence

Victoria:

I am writing to respond to item 3 of your e-mail below.

First, Apple's August 30 letter was sent before Samsung asked for an extension of the time to respond to Apple's Third Set of Request for Production of Documents, so your suggestion that the letter asked Samsung to produce documents "before the deadline set by the Federal Rules of Civil Procedure" is incorrect. We did not expect that our agreement to your request for an extension would be used by Samsung to delay production of the Intel, Infineon, and Qualcomm licenses and related documents.

Second, and more substantively, we do not understand what you mean that "Samsung is currently looking into the license agreements and will produce those that are relevant and responsive." All the license agreements we have requested are relevant and responsive, and they are in the present possession of Samsung and its outside counsel. Does Samsung disagree with that or not? Can you give us a date certain when the documents will be produced? These questions are very simple. Please respond to them today.

Third, we understand from counsel handling the § 1782 subpoena that Intel is willing to produce the license agreement to Apple under terms essentially the same as the interim protective order, and that Samsung is instructing Intel not to produce the document until the protective order in the 1782 proceeding is finalized. Is this correct? If so, it is improper. If, in fact, Samsung has no objection to Intel's production of the license agreement to Apple under the terms of the interim protective order, please let us know today.

Finally, you write that "a meet and confer on Monday or any time this week on this issue is premature." If Samsung is not willing to produce the requested documents now, and is also instructing Intel not to produce the license agreement, then we believe an immediate meet and confer is necessary. In my August 30 letter, I asked you for a meet and confer during the week of September 5. You did not respond. In my September 9 e-mail, I asked for a meet and confer today. You declined. I can be available Tuesday or Wednesday this week for a meet and confer. If you are unwilling to meet and confer during those days on these issues, then we will explain the efforts we have made to satisfy our obligations under Local Rule 37-1 when we file our motion to compel later this week.

Mark


**From:** Victoria Maroulis [mailto:victoriamaroulis@quinnemanuel.com]
**Sent:** Monday, September 12, 2011 6:41 AM
**To:** Selwyn, Mark; Melissa Chan; Rachel Herrick Kassabian; Todd Briggs; Margret Caruso;

kevinjohnson@quinnemanuel.com; Michael T Zeller
**Cc:** HMcElhinny@mofo.com; MJacobs@mofo.com; JTaylor@mofo.com; ATucher@mofo.com; RHung@mofo.com; Lee, William; JasonBartlett@mofo.com; DAhn@mofo.com
**Subject:** RE: Apple v. Samsung: Discovery Correspondence

Gentlemen,

I write in response to three requests for meet and confer we received Friday night, demanding an in-person meeting Monday morning.  Timing-wise, such requests are clearly unreasonable, especially because Monday is the day Samsung is preparing a large document production; filing a reply on its Motion to Compel Apple; preparing for a Tuesday's hearing on the Motion to Compel; and getting ready to present for depositions four witnesses in four different cities.  The substance of these requests is detailed below:

1. <u>Requests to meet regarding the length of the 30(b)(6) deposition</u>: As we already discussed, Apple's request is unreasonable under the Federal Rules of Civil Procedure and the prior conduct of the parties.  Moreover, it is premature as requests for more deposition time are appropriate only after the party exhausted its allotted time and has good cause to seek additional time. We thus urge Apple to withdraw its request.  If Apple is unwilling to do so, we are available to meet and confer in person at 4:45 pm on Monday, September 12.  Please be prepared to discuss the return of Mr. Stringer for another 7 hours.  Please also note that Samsung will strenuously object to Apple raising this issue at the hearing on Tuesday which should and will be devoted to Apple's deficient discovery responses.
2. <u>Request to meet and confer on unspecified PI discovery matters</u>: Please provide in writing the precise list of issues Apple wishes to meet and confer on and where you believe there is a disagreement.  Then, please schedule a teleconference with Melissa Chan and Rachel Kassabian of our team.  In the event you are unable to resolve  the matters after that call and subsequent consultation with respective clients, we can discuss setting up an in-person meet and confer.
3. <u>Request to meet and confer on licenses unrelated to PI Motion</u>: As you know, Samsung's written responses to Apple's Third Set of Requests for Production of Documents and Things (Nos. 53-155) – which included over 100 document requests – were originally due September 2, 2011, and extended to September 8, 2011.  Therefore, Apple's letter of August 30, 2011 demanding immediate production of responsive documents was improper, in asking Samsung to immediately produce documents before the deadline set by the Federal Rules of Civil Procedure.  Samsung is investigating and has produced or will produce documents that are responsive to Apple's Third Set of Requests, subject to Samsung's objections.  Samsung is currently looking into the license agreements and will produce those that are relevant and responsive.  Therefore, a meet and confer on Monday or any time this week on this issue is premature, since Samsung has not refused to produce the documents you requested.  Further, Apple's threat to compel production of documents (that are not even at issue in the forthcoming preliminary injunction proceedings) one day after Samsung served its objections is unreasonable and harassing.

Best Regards,

**Victoria Maroulis**
*Partner,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5022 Direct

650.801.5000 Main Office Number
650.801.5100 FAX
victoriamaroulis@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Selwyn, Mark [mailto:Mark.Selwyn@wilmerhale.com]
**Sent:** Friday, September 09, 2011 6:57 PM
**To:** Victoria Maroulis; Melissa Chan
**Cc:** Victoria Maroulis; Todd Briggs; HMcElhinny@mofo.com; MJacobs@mofo.com; JTaylor@mofo.com; ATucher@mofo.com; RHung@mofo.com; Lee, William; JasonBartlett@mofo.com
**Subject:** RE: Apple v. Samsung: Discovery Correspondence

Victoria:

Further to my August 30 letter and my e-mail this afternoon, we would like to meet and confer with you at the same meeting proposed below regarding Apple's request that Samsung immediately produce copies of its license agreements and related documents with Intel, Qualcomm, and Infineon. We need to resolve the issue without further delay, or Apple will seek the Court's assistance.

Thank you.

Mark

**From:** Bartlett, Jason R. [mailto:JasonBartlett@mofo.com]
**Sent:** Friday, September 09, 2011 5:36 PM
**To:** Melissa Chan
**Cc:** Victoria Maroulis; Todd Briggs; HMcElhinny@mofo.com; MJacobs@mofo.com; JTaylor@mofo.com; ATucher@mofo.com; RHung@mofo.com; Lee, William; Selwyn, Mark
**Subject:** RE: Apple v. Samsung: Discovery Correspondence

Melissa,

In accordance with the court's order, Apple would like to convene an in-person meeting relating to these discovery issues at your offices in Redwood Shores on Monday starting at 11:00 am. Please confirm Samsung's availability.

Sincerely,

Jason R. Bartlett
Morrison & Foerster
425 Market St.
San Francisco, CA  94105
Direct: 415.268.6615

**From:** Melissa Chan [mailto:melissachan@quinnemanuel.com]
**Sent:** Friday, September 09, 2011 5:23 PM
**To:** Bartlett, Jason R.
**Cc:** Victoria Maroulis; Todd Briggs; McElhinny, Harold J.; Jacobs, Michael A.; Taylor, Jennifer Lee (SF); Tucher, Alison M.; Hung, Richard S. J.; william.lee@wilmerhale.com; mark.selwyn@wilmerhale.com
**Subject:** RE: Apple v. Samsung: Discovery Correspondence

Jason,

Please see the attached response.

Thanks,

Melissa

**From:** Bartlett, Jason R. [mailto:JasonBartlett@mofo.com]
**Sent:** Wednesday, September 07, 2011 6:09 PM
**To:** Melissa Chan
**Cc:** Victoria Maroulis; Todd Briggs; McElhinny, Harold J.; Jacobs, Michael A.; Taylor, Jennifer Lee (SF); Tucher, Alison M.; Hung, Richard S. J.; william.lee@wilmerhale.com; mark.selwyn@wilmerhale.com
**Subject:** Apple v. Samsung: Discovery Correspondence

Melissa,

Please see the attached letter.

Sincerely,

Jason R. Bartlett
Morrison & Foerster
425 Market St.
San Francisco, CA  94105
Direct: 415.268.6615

----------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

===============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

----------------------------------------------------------------------

----------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

===============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

----------------------------------------------------------------------