1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
      Charles K. Verhoeven (Bar No. 170151)
2       charlesverhoeven@quinnemanuel.com
      50 California Street, 22nd Floor
3    San Francisco, California 94111
      Telephone: (415) 875-6600
4    Facsimile: (415) 875-6700

5       Kevin P.B. Johnson (Bar No. 177129)
        kevinjohnson@quinnemanuel.com
6       Victoria F. Maroulis (Bar No. 202603)
        victoriamaroulis@quinnemanuel.com
7    555 Twin Dolphin Drive, 5th Floor
      Redwood Shores, California  94065-2139
8    Telephone:    (650) 801-5000
      Facsimile:    (650) 801-5100
9
        Michael T. Zeller (Bar No. 196417)
10      michaelzeller@quinnemanuel.com
      865 S. Figueroa St., 10th Floor
11   Los Angeles, California 90017
      Telephone: (213) 443-3000
12   Facsimile: (213) 443-3100

13

14   Attorneys for SAMSUNG ELECTRONICS CO.,
      LTD., SAMSUNG ELECTRONICS AMERICA,
15   INC. and SAMSUNG
      TELECOMMUNICATIONS AMERICA, LLC

16

17                       UNITED STATES DISTRICT COURT

18          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19

20   APPLE INC., a California corporation,        CASE NO. 11-cv-01846-LHK
                          Plaintiff,              **SAMSUNG'S MOTION TO**
21                vs.                             **SUPPLEMENT INVALIDITY**
      SAMSUNG ELECTRONICS CO., LTD., a            **CONTENTIONS**
22   Korean business entity; SAMSUNG              **Date:  February 16, 2012**
      ELECTRONICS AMERICA, INC., a New            **Time: 1:30 p.m.**
23   York corporation; SAMSUNG                    **Place: Courtroom 8, 4th Floor**
      TELECOMMUNICATIONS AMERICA,                 **Judge: Hon. Lucy H. Koh**
24   LLC, a Delaware limited liability company,
                          Defendant.
25

26                                               **[PROPOSED] PUBLIC REDACTED**

27                                               **VERSION**

28

02198.51855/4572765.1

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 16, 2012 at 1:30 p.m., or as soon as the matter may be heard by the Honorable Lucy H. Koh in Courtroom 8, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court for an order granting Samsung leave to supplement its invalidity contentions pursuant to Patent L.R. 3-6.  Samsung seeks leave to amend with respect to U.S. Patents 6,493,002, 7,469,381, 7,663,607, 7,853,891, and 7,920,129.  This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declarations of Todd Briggs and Alex Baxter; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

## RELIEF REQUESTED

Samsung seeks an order granting it leave to amend its invalidity contentions pursuant to Patent L.R. 3-6.

DATED: January 26, 2012

Respectfully submitted,
QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By  /s/ Victoria Maroulis
   Charles K. Verhoeven
   Kevin P.B. Johnson
   Victoria F. Maroulis
   Michael T. Zeller
   Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
   INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

1

**TABLE OF CONTENTS**

2
**Page**

3

4  I.  INTRODUCTION ......................................................................................................... 4

5  II.  FACTS ......................................................................................................................... 6

6      A.  Apple's Refusal to Discuss Supplementing Invalidity Contentions ....................... 6

7      B.  Samsung's Additional Prior Art .............................................................................. 7

8          1.  Prior Art for the '891 Patent: Mac OS X, version 10.0 ................................ 7

9          2.  Prior Art for the '002 Patent: SuperClock .................................................... 8

10         3.  Prior Art for the '381 Patent: Glimpse ......................................................... 10

11         4.  Prior Art for the '129 Patent: Cirque Touchpads ......................................... 11

12         5.  Prior Art for the '607 Patent: Synaptics Touchscreens ................................ 13

13  III.  LAW ........................................................................................................................... 14

14  IV.  ARGUMENT .............................................................................................................. 15

15      A.  Good Cause Supports Inclusion of Mac OS 10.0  in Samsung's Invalidity
            Contentions ............................................................................................................. 15
16

17      B.  Good Cause Supports Inclusion of SuperClock in Samsung's Invalidity
            Contentions ............................................................................................................. 17

18      C.  Good Cause Supports Inclusion of Glimpse in Samsung's Invalidity
            Contentions ............................................................................................................. 19
19

20      D.  Good Cause Supports Inclusion of the Cirque GlidePoint in Samsung's
            Invalidity Contentions ............................................................................................ 20

21      E.  Good Cause Supports Inclusion of More Detail Regarding Syanptics' '860
            Patent in Samsung's Invalidity Contentions .......................................................... 22
22

23  V.  CONCLUSION ........................................................................................................... 24

24

25

26

27

28

Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION TO SUPPLEMENT INVALIDITY CONTENTIONS

1

## <u>**TABLE OF AUTHORITIES**</u>

2
<u>**Page**</u>

3
<u>**Cases**</u>

4
*Acco Brands, Inc. v. PC Guardian Anti-Theft Prods., Inc., No. C 04-03526 SI,*
  2008 WL 2168379.................................................................................................10, 15

5

6
*Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.,*
  No. C 05-04158 *MHP*, 2008 WL 624771 (N.D. Cal. Mar. 4 2008) ............................12

7
*Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc.,*
  No. C 06-7477 SI, 2008 WL 2622794 (N.D. Cal. Jul. 1, 2008)..................................16

8

9
*O2 Micro Int'l Ltd. v. Monolithic Power Sys.,*
  467 F.3d 1355 (Fed. Cir. 2006)..................................................................................10

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.     <u>INTRODUCTION</u>

In this extremely accelerated patent case, Samsung has diligently searched for prior art that will allow this case to be fully decided on the merits. Only one month after the opening of discovery, Samsung served invalidity contentions demonstrating the invalidity of each of Apple's patents. Since then, Samsung has continued its efforts to uncover prior art and develop its previous theories with more particularity.

Samsung now seeks leave to supplement its invalidity contentions to reflect five important prior art references discovered since the October 7 exchange of contentions. Samsung's supplemented contentions are narrow in scope, and include one new prior art reference for five of the eight patents Apple has asserted. The first two references are Apple's own products: Mac OS 10.0 and SuperClock. Samsung learned that these products might be prior art shortly after serving its invalidity contentions on October 7 and has vigorously sought discovery on these products from Apple for the past three months. Rather than comply with its discovery obligations, Apple did everything in its power to prevent the production of this damaging prior art – information that Apple certainly knows will lead to the invalidation of its '891 and '002 patents. Indeed, to obtain the highly relevant information relating to these products, Samsung was forced to file two separate motions to compel. Each time Apple caved and ultimately produced the damaging prior art evidence that will ultimately lead to the invalidation of its patents. Incredibly, after engaging in months of discovery gamesmanship with respect to prior art in its possession, Apple now refuses to allow Samsung to supplement its infringement contentions to add the prior art. Apple should not be allowed to bury relevant prior art in its possession for months and then, after being ordered to produce it, prevent Samsung from using the prior art in its defense.

The third prior art item Samsung seeks to add – the Glimpse program – is highly relevant prior art to the '381 patent. The Court did not have the opportunity to consider this prior art during the preliminary injunction proceedings. Samsung learned of the existence of the Glimpse program in October, but did not identify Glimpse as invalidating prior art until November 29, 2011, because compatible hardware was not available. On January 5, 2012, Samsung was able to view the operation of the program and discovered that it included a bounce back feature. The

1  importance of this prior art heightened after the issuance of the Court's preliminary injunction

2  order because it *always* bounces back, a feature that the Court found missing from the prior art

3  Samsung submitted in the preliminary injunction proceedings.  Despite the importance of this

4  prior art and its timely disclosure, Apple has also refused to allow Samsung to supplement its

5  infringement contentions to include it.

6       The fourth and fifth prior art references Samsung seeks to add are prior art to the '129 and

7  '607 patents.  These references are expansions on prior art that Samsung has already served, and

8  has developed in concert with Apple through third-party discovery.  The Cirque GlidePoint

9  touchscreen is a commercial embodiment of the '658 patent, part of Samsung's invalidity

10  contentions already.  A third-party subpoena and deposition produced evidence that shows the

11  GlidePoint design is nearly identical to Apple's '129 patent, even though it was released years

12  before Apple filed.  Similarly, the Synaptics clearPad touchpad is the subject of an article

13  Samsung already charted and an embodiment of another patent listed in Samsung's contentions.

14  A recent deposition revealed how important the clearPad was to Apple—as they incorporated it

15  into their computers long before the iPhone.  Apple has also refused to allow Samsung to

16  supplement its infringement contentions to include the GlidePoint and clearPad references even

17  though their relevance was confirmed in recent third-party depositions that Apple fully

18  participated in.

19       As explained in detail below, Samsung has acted diligently with respect to the addition of

20  all five prior art references and Apple will suffer no prejudice by their inclusion during the fact

21  discovery period.  Consequently, Samsung's motion should be granted.

## II.     FACTS

On April 14, 2011, Apple filed this patent infringement action against Samsung.  Apple asserts that Samsung infringes eight utility patents and other purported intellectual property rights. On Apple's request, the Court granted an expedited trial schedule, with trial set to begin July 30, 2012. (Dkt. 187.)  Discovery opened on August 27, 2011, and the parties exchanged invalidity contentions just over a month later, on October 7, 2011.

### A.     Apple's Refusal to Discuss Supplementing Invalidity Contentions

Since Apple started this litigation, Samsung has worked diligently to discover and evaluate prior art invalidating Apple's patents.  Samsung has continued these efforts after the Court's October 7, 2011 for exchange of initial invalidity contentions.  Within one month after this deadline, Samsung had discovered two additional pieces of prior art in Apple's possession (Mac OS 10.0 and SuperClock) that raised serious questions as to the validity of U.S. Patent Nos. 7,853,891 (the "'891 patent"), and 6,493,002 (the "'002 patent").  Samsung repeatedly alerted Apple to the fact that Mac OS 10.0 and SuperClock were prior art throughout October and November.  (*See* Declaration of Alex Baxter ("Baxter Decl.") Ex. A, B.)  On November 10, Samsung requested that Apple stipulate to allowing Samsung to serve supplemental invalidity contentions for Mac OS 10.0, SuperClock, and other prior art.  (Baxter Decl. Ex. C.)  Apple indicated by email that it would respond the following week.  (Baxter Decl. Ex. D.)  Apple, however, never provided this promised response. On November 21, 2011, Samsung repeated its request.  (Baxter Decl. Ex. E).  Again, Apple never responded.

Throughout December, Apple and Samsung engaged in an extensive discovery battle over Apple's production of its own prior art to the '891 and '002 patents.  Apple's refusal to produce discovery on its own Mac OS 10.0 and SuperClock products was the subject of two Samsung motions to compel.  (See Dkt. 487, Dkt. 604.)  Only on December 22, 2011, did Apple complete is production of source code necessary for Samsung's review.  (*See* Baxter Decl. Ex. F, G.)  Even then, it refused to produce a working example of its own prior art product until January 12, 2012. (*See* Baxter Decl. Ex. J.)

1    Samsung renewed its request to amend invalidity contentions once again on January 5,

2   2012. (Baxter Decl. Ex. H.) This request included notice of an additional, newly discovered piece

3   of prior art (an operational copy of Glimpse) that raises substantial questions of invalidity as to

4   U.S. Patent No. 7,469,381 (the "'381 patent"), and prior art discovered through third party

5   subpoenas (the Cirque GlidePoint) regarding U.S. Patent No. 7,920,129 (the "'129 patent").

6   Apple's counsel responded on January 8, 2012, indicating that it had finally, after two months,

7   communicated Samsung's request to Apple. (Baxter Decl. Ex. I.) Finally, on January 24, 2011, in

8   light of a third-party deposition that took place on January 19, Samsung requested Apple consent

9   to supplemental contentions describing more fully art Samsung has already served on Apple (the

10   Synaptics clearPad and U.S. Patent No. 7,030,860), relevant to Apple's U.S. Patent No. 7,663,607

11   (the "'607 patent"). (Baxter Decl. Ex. K.) On January 26, Apple at last responded to Samsung's

12   repeated requests, rejecting them entirely. (Baxter Decl. Ex. N.) Samsung is now moving to

13   supplement its invalidity contentions with Mac OS 10.0, SuperClock, Glimpse, GlidePoint, and

14   the '860 patent. Samsung is not requesting inclusion of any of the other prior art references it

15   informed Apple of in its requests. (*See* Baxter Decl. Ex. C, H.)

16       **B.    Samsung's Additional Prior Art**

17           1.    Prior Art for the '891 Patent: Mac OS X, version 10.0

18    The '891 patent is directed to an automatically closing pop-up user interface window.

19   Apple filed the application that eventually became the '891 patent on July 10, 2002. The patent's

20   named inventors are Imran Chaudhri and Bas Ording.

21    Apple's flagship operating system, Mac OS X, includes a user interface window that

22   automatically closes after a user stops providing input to the window—an automatically fading

23   brightness or volume window. Figures from the '891 patent prominently display art for this type

24   of window (a translucent speaker with lines) that was first released in version 10.1 of Mac OS X,

25   on sale within the statutory grace period for the '891 patent. However, Samsung's investigations

26   and discovery requests revealed that this feature is *also* present in the first version of Mac OS X

27   (version 10.0), released months before the statutory grace period. Although Mac OS 10.0 lacks

28   the updated art pictured in the patent, it indisputably performs *exactly* the same method of

1    displaying a window. Despite selling software embodying the '891 patent for *more than a year*

2    before filing for the patent, Apple never disclosed Mac OS 10.0 to the PTO, and attempted to hide

3    it from Samsung for months during this litigation.

4         Samsung has diligently pursued Mac OS 10.0 as prior art.  In October 2011, Samsung took

5    the depositions of Imran Chaudhri and Bas Ording. ████████████████████████

6    ████████████████████████████████████████████████████████████████

7    ████████████████████████████████ On October 18, 2011, Samsung notified

8    Apple that Mac OS X was relevant to the invalidity of the '891 patent and requested to inspect it.

9    (Baxter Decl. Ex. A.)  Samsung followed this notice up with requests that Apple produce the

10   source code for Mac OS X 10.0 and a prior-art Apple computer exemplifying its brightness

11   window.  (Baxter Decl. Ex. B.)  Apple's refusal to comply with Samsung's requests touched off a

12   months-long discovery dispute that has only now ended, wherein Apple waited until the eve of the

13   hearing on a motion to compel to produce Mac OS X 10.0 source code, and then misrepresented to

14   Samsung and the Court that is had satisfied Samsung's requests. (Baxter Decl. Ex. F; Dkt. 604 at

15   3-7.)  Apple's deficient production was again subject to a Samsung motion to compel, with a

16   hearing held on January 16.  (Dkt. 604.)  On January 12, Apple *finally* produced a working

17   exemplar of Mac OS X 10.0.  (Baxter Decl. Ex. J.)

18        Now that the game is over, the result is clear: the '891 is invalid, practiced by Apple's own

19   prior art.  For the Court's convenience, Samsung has attached a copy of its supplemental invalidity

20   chart showing how Mac OS 10.0 invalidates the '891 patent. (Briggs Decl. Ex. 4.)  Samsung has

21   additionally included a video demonstrating how the brightness window on Mac OS 10.0 operates.

22   (Briggs Decl. Ex. 9.)  Specifically, when a user presses a hardware button to adjust the brightness

23   of the monitor while using Mac OS 10.0, a small brightness indicator window appears, displays

24   the current brightness, and then fades and disappears a few seconds later.  (Briggs Decl. Ex. 4.)

25   The window is briefly translucent as it fades.  (*Id.*)  This function indisputably performs all of the

26   '891 claims Apple asserted against Samsung.

27        2.    Prior Art for the '002 Patent: SuperClock

28

1    The '002 patent is directed to a computer control window with separate display areas.

2    Steven Christensen, an Apple engineer, is a named inventor on the '002 patent.  On October 24,

3    2011, only two days before Mr. Christensen's deposition, Samsung received Apple's belated

4    production of Mr. Christensen's deposition exhibits from *Apple v. Motorola*. (Baxter Decl. Ex. L,

5    M.) From Samsung's deposition of Mr. Christensen, Samsung learned that he developed and

6    released a program called SuperClock starting from around 1988 to 1993, well before the

7    September, 1994 filing date of the '002 patent.  (Baxter Decl. Ex. Q at 169:1-11) █████████

8    ████████████████████████████████████████████████████████████████████████

9    ██████████████████████ Soon thereafter, Mr. Christensen developed the Mac OS "control

10   strip," an embodiment disclosed by the '002 patent. Despite the fact that the named inventor on

11   the '002 patent developed a substantially similar product years before Apple filed for the '002,

12   Apple never disclosed SuperClock to the PTO.

13   Samsung has diligently pursued the SuperClock art, requesting the needed discovery from

14   Apple as soon as possible. ███████████████████████████████

15   ████████████████████████████████████████████████████████████████████████

16   Samsung followed this request with a letter also requesting the source code on November 1

17   (Baxter Decl. Ex. B.) As with Mac OS 10.0, Apple refused to produce the source code.  This

18   refusal was the subject of Samsung's December 12, 2011, motion to compel. (Dkt. 487.) Finally,

19   under duress of the motion to compel and on the eve of the hearing on the motion, December 15,

20   Apple produced the SuperClock source code to Samsung. (Baxter Decl. Ex. F.)

21   SuperClock is an enhanced clock designed to display in the "menu bar" on Macintosh

22   Operating Systems. (Briggs Decl. Ex. 5.) It displays in multiple display areas on the menu bar

23   window, in the highest level of the Macintosh window hierarchy. (*Id.*) SuperClock displays an

24   interactive clock and battery area, in separate display areas. (*Id.*) When a user clicks on the clock,

25   it changes the style in which it displays time, or converts to a stopwatch. (*Id.*) It therefore appears

26   to read on each and every element of the asserted '002 patent claims. For the Court's convenience,

27   Samsung has attached to this motion its supplemental invalidity chart, as well as a video

28   demonstrating the functionality of SuperClock. (Briggs Decl. Ex. 5, 10.)

3.   <u>Prior Art for the '381 Patent: Glimpse</u>

The '381 patent is directed to a method of "bouncing back" when scrolling beyond the edge of a document.  The earliest priority date asserted by Apple for the '381 patent is December 27, 2006.

At the end of November 2011, Samsung discovered a program called Glimpse, developed by Cliff Forlines.  Forlines developed the Glimpse software program while working for the Mitsubishi Electric Research Laboratories ("MERL").  Forlines completed the development of Glimpse in September 2004, and he demonstrated Glimpse to the public at the 2005 CHI Conference, more than a year before the earliest possible priority date for the '381 patent.

Despite its diligent search before the deadline to serve invalidity contentions, Samsung only knowledge of Glimpse prior to November was limited to an article describing it, which did not provide a clear description of the program.  In early October, Samsung contacted Forlines, and learned of and obtained many demonstration and prototype programs developed at MERL.  Samsung produced all the information it obtained to Apple on October 7, 2011.  However, despite diligent review of the MERL production, Samsung did not identify Glimpse as invalidating prior art until November 29, 2011, because compatible hardware was not available.  Glimpse's importance increased significantly when the Court construed the '381 patent as part of its December 2, 2011, preliminary injunction ruling.  (Dkt. 452 at 51-55, 59-60.)  After learning that Glimpse addressed the Court's preliminary injunction claim construction, Samsung sought to install Glimpse onto a compatible computer system: a touch-sensitive tablet computer in public use prior to 2006.  This attempt was complicated by the unique required platform of touch-sensitive hardware from that time period as well as the difficulty in obtaining appropriate touchscreen driver software.  On January 5, 2012, Samsung succeeded in installing a functional version of Glimpse onto a Toshiba Tablet PC.

As a courtesy to the Court, Samsung has attached its intended supplemental invalidity contention as well as a video demonstrating the functionality of Glimpse. (Briggs Decl. Ex. 6, 11.)  Glimpse runs on a device with a touch-sensitive screen. (Briggs Decl. Ex. 6.)  A user can zoom in on an image, and then "fix" her position to the zoomed in portion. (*Id.*)  Then, when the image is

1    scrolled in a direction, including past the edge of the image, the image "bounces back" to the fixed

2    position. (*Id.*)  The program *always* performs this behavior when the user scrolls past the edge of

3    the image. (*Id.*)  Therefore, Glimpse anticipates the '381 patent under the Court's claim

4    construction. (*See* Dkt. 452 at 60 ("[T]he '381 patent is fatalistic: . . . the screen *must snap back* to

5    the document when the user lifts her finger.") (emphasis added).)

6              4.    Prior Art for the '129 Patent: Cirque Touchpads

7         The '129 patent is directed to a two-layer touch sensor panel with substantially wider

8    lower traces that provide shielding.  Apple filed for the '129 patent on January 3, 2007.

9         As part of its diligent prior art search in advance of serving invalidity contentions,

10   Samsung uncovered U.S. Patent No. 5,565,658 (the "'658 patent"), a patent directed to a

11   capacitive touch sensor with wider lower conductive traces (i.e., electrodes).  The '658 patent is

12   assigned to Cirque Corporation and was filed in 1994.  The founder of Cirque Corporation,

13   George Gerpheide, is the first named inventor of the '658 patent.  ████████████████████

14   ████████████████████████████████████████████████

15        Samsung charted the '658 patent and included that chart in its invalidity contentions. (*See*

16   Briggs Decl. Ex. 1 (Exhibit V-4 of Samsung's Invalidity Contentions).)  On October 27, 2011,

17   Samsung served a third party document subpoena on Cirque to obtain information regarding any

18   commercially sold products embodying the two-layer mutual capacitance based touch sensor

19   described in the '658 patent.  ████████████████████████████████

20   ████████████████████████████████████████████

21   ████████████████████████████████████████████

22   ████████████████████████████████████████████

23   ████████████████████████████████████████████

24   ████████████████████████████████████████████

25   ████████████████████████████████████████████

26   ████████████████████████████████

27        Immediately after this discovery, Samsung issued a deposition subpoena to Cirque on

28   December 23, 2011.  The third party deposition with Cirque took place on January 19, 2012, with

1   counsel from both Apple and Samsung present.  Samsung has diligently reviewed the Cirque art

2   since the December production, and in light of Cirque's recent testimony describing the documents

3   and specifications it produced, Samsung can now supplement its invalidity contentions with

4   specific products embodying designs described in the '658 patent that demonstrate Apple's '129

5   patent is invalid.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    █████████████████████████ The Cirque GlidePoint products therefore

2 anticipate or render obvious all limitations of the asserted claims of Apple's '129 patent.  As a

3 courtesy to the Court, Samsung has attached to this motion its supplemental invalidity chart.

4 (Briggs Decl. Ex. 7.)

5                 5.    Prior Art for the '607 Patent: Synaptics Touchscreens

6       The '607 patent is directed to detecting multiple touches on capacitive touchscreens. Apple

7 filed for the '607 patent on May 6, 2004.

8       As part of its diligent prior art search, Samsung uncovered U.S. Patent No. 7,030,860, a

9 patent also directed to capacitive touchscreens.  The '860 patent was cited in the prosecution

10 history of the '607 patent and served as the basis of an Examiner's rejection.  Samsung notified

11 Apple that the '860 patent was relevant to the '607 patent's validity in its invalidity contentions,

12 but did not provide a claim chart because, at that time, Samsung did not have the benefit of the

13 deposition testimony of the '860 patent's inventor.  (*See* Briggs Decl. Ex. 3 (Exhibit Q of

14 Samsung's Invalidity Contentions).)   Samsung also charted an article describing the Synaptics

15 ClearPad ("cPad"), produced by Synaptics and embodying the '860 patent.  (See Briggs Decl. Ex.

16 2 (Exhibit P-9 of Samsung's Invalidity Contentions).)  On December 7, Samsung filed a third

17 party subpoena on Synaptics, seeking information about the cPad and other prior art relevant to

18 the '607 patent.  A third party deposition was held on January 19, 2012, with counsel from both

19 Samsung and Apple present.

20 ████████████████████████████████████████

21 ████████████████████████████████████

22 ████████████████████████████████████

23 ████████████████████████████████████████

24 ███████████████████████████████████████████

25 ████████████████████████████████

26 ███████████████████████████████████████████

27 ███████████████████████████████████████████

28 ██████████████████



1
2
3
4
5
6
7
8
9
10
11
12
13  The '860 patent therefore anticipates or renders obvious all

14  limitations of the asserted claims of Apple's '607 patent.  As a courtesy to the Court, Samsung has

15  attached to this motion its supplemental invalidity chart.  (Briggs Decl. Ex. 8.)

16  **III.   LAW**

17      The Patent Local Rules of this Court strike a balance between an accused infringer's

18  interest in investigating new prior art and a patentee's interest in timely disclosure of invalidity

19  contentions.  *Acco Brands, Inc. v. PC Guardian Anti-Theft Prods., Inc.*, No. C 04-03526 SI, 2008

20  WL 2168379, at *1. (N.D. Cal., May 22, 2008).  Thus, the Local Rules require that "Amendment

21  of the . . . Invalidity Contentions may be made only by order of the Court upon a timely showing

22  of good cause."  Patent L.R. 3-6.  Good cause includes the recent discovery of materials that were

23  not earlier discovered despite a diligent search.  *Id.*  Good cause requires "a showing that the party

24  seeking leave to amend acted with diligence in promptly moving to amend when evidence is

25  revealed in discovery."  *O2 Micro Int'l Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1363 (Fed.

26  Cir. 2006).  In determining whether good cause is shown and a motion should be granted, the

27  Northern District of California has examined factors including (1) the relevance of newly-

28  discovered prior art, (2) the difficulty of locating the prior art, (3) whether the request to amend is

1  motivated by gamesmanship, and (4) whether the opposing party will be prejudiced by the

2  amendment. *Acco Brands*, 2008 WL 2168379, at *1.

3  **IV.   ARGUMENT**

4      **A.    Good Cause Supports Inclusion of Mac OS 10.0 in Samsung's Invalidity**

5             **Contentions**

6      Good cause supports granting Samsung leave to assert Mac OS 10.0 as prior art to the '891

7  patent.  Mac OS 10.0 is evidence that Apple itself sold product embodying the '891 patent more

8  than a year before filing for a patent.  Worse, Apple has attempted to hide this evidence from

9  Samsung and the Court, and cannot now argue that it will be prejudiced by Samsung's

10  supplemental contention.

11      *First*, Mac OS 10.0 is invalidating prior art to the '891 patent:  it generates a user interface

12  window upon receiving a user input (a button press), displays the window in a position

13  independent of a cursor on the screen, starts a timer, and closes the window without further input

14  from the user when the timer expires. (Briggs. Decl. Ex. 4.)  It also closes out by fading—that is,

15  rapidly increasing its transparency.  (*See* Briggs. Decl. Ex. 9 (video).)  Mac OS 10.0 is Apple's

16  *own product*, released to the public more than a year before it filed for the '891 patent.  It practices

17  the claims of the '891 patent in the same manner as the preferred embodiment pictured in the '891

18  patent's own figures. A comparison of the two windows is below:

19

20  

21

22

23

24

25

26

27

28

*Second*, Samsung has been diligent in pursuing Apple's Mac OS 10.0 materials and supplementing its contentions, while Apple has dragged its feet at every step. Samsung first suspected that Mac OS 10.0 was prior art following the October 14, 2011 deposition of Imran Chaudhri. ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ Four days later, Samsung sent a letter requesting Apple produce evidence of how the '891 patent is incorporated into Mac OS X. (Baxter Decl. Ex. A.) Following the deposition of co-inventor Bas Ording and subsequent investigations, Samsung stated its intent to supplement its invalidity contentions to include Mac OS 10.0 in its November 10 letter to Apple. (Baxter Decl. Ex. C (describing Mac OS 10.0 prior art in detail).) At the same time, Samsung has diligently proceeded with discovery requests necessary to investigate Mac OS 10.0—requests that Apple has consistently stymied. Apple did not produce Mac OS 10.0 source code until December 15, the eve of a motion to compel hearing. (Baxter Decl. Ex. F.) Even this production was incomplete, requiring Samsung to ask for additional Mac OS 10.0 source code, (*see* Baxter Decl. Ex. G), and forcing a renewed motion to compel before Apple produced a functioning computer on January 12. Without the source code Apple stalled on producing, Samsung could not in good faith fully address Mac OS 10.0 in its invalidity chart.

After Apple's belated production, Samsung immediately inspected the produced computer and confirmed that it practices the '891 patent. Apple was fully aware of the central importance of Mac OS 10.0 to this case, yet it repeatedly blocked Samsung's efforts to obtain the necessary discovery. *See Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, No. C 05-04158 MHP, 2008 WL 624771, at *4 (N.D. Cal. Mar. 4 2008) (allowing amendment of invalidity contentions five months after the discovery of new prior art when all parties were aware of the new art and incorporated it into their litigation strategies). Furthermore, having finally produced a working computer installed with Mac OS 10.0, Apple today agreed and stipulated to the fact that the produced computer is admissible evidence. (*See* Baxter Decl. Ex. X.)

*Finally*, Apple could not possibly suffer any prejudice from allowing this supplemented invalidity contention. Apple itself released Mac OS 10.0, and has continuously had access to it

1   since its release. ███████████████████████████████████████████

2   ██████████████████ Despite the fact that the '891 patent was filed more than a year

3   after Mac OS 10.0's release, Apple only included a picture of a later version of Mac OS X in the

4   patent's figures, and Apple *never identified* Mac OS 10.0 as prior art or a preferred embodiment to

5   the PTO.  In short, Samsung seeks to introduce prior art that *Apple itself developed and released*,

6   that *Apple concealed*, and to which *Apple has easiest access to all relevant information.*  Apple

7   has hid behind a smokescreen for the last three months, refusing to produce Mac OS 10.0 source

8   code and a functioning model, and cannot now claim that there is any prejudice to formally adding

9   this theory to Samsung's invalidity contentions. *See Roche*, 2008 WL 624771, at *4 (finding no

10  prejudice in amending contentions when non-amending party delayed required discovery

11  necessary for amendment). The Local Rules governing invalidity contentions are intended to avoid

12  gamesmanship, not encourage it.  In this case, Apple pursued and attempted to enforce a patent

13  that was clearly invalidated by its own prior art.  To allow Apple to compound its gamesmanship

14  by claiming prejudice arising from its own discovery delays would warp the concept beyond

15  recognition.

16          Apple has indicated it will argue that Samsung knew about Mac OS X before the October

17  7 exchange of contentions, because OS X is pictured in the '891 patent.  (*See* Baxter Decl. Ex. N,

18  at 2-3.)  But Apple misses the mark: picturing a feature from version 10.1, released within a year

19  of the patent's filing, is hardly a smoking gun pointing to version 10.0, sold before the priority

20  date████████████████████████████████████████████████████

21  ██████████████████████████████████████████████████████

22  ████████████████████████████ Only Samsung's diligent efforts in discovery have broken

23  through Apple's obstructionist stonewall.

24          Having made a timely showing of good cause, Samsung respectfully requests the Court

25  grant leave to supplement its invalidity contentions to include Mac OS 10.0.

26      **B.**     **Good Cause Supports Inclusion of SuperClock in Samsung's Invalidity**

27              **Contentions**

28

As with Mac OS 10.0, SuperClock is relevant prior art that Samsung has diligently pursued, on which Apple has delayed necessary productions.  SuperClock is a program developed by Steven Christensen, the inventor of the '002 patent, which he distributed to millions of users before it was incorporated into Apple's operating system.  Despite these connections, Apple never disclosed SuperClock as prior art to the PTO and has attempted to stall discovery in this case as well.

*First*, SuperClock is highly relevant prior art.  Like the '002 patent, SuperClock is a program that renders multiple display areas in a top-level window area, using separate programming modules (a clock module and a battery module) to display status information. The display areas are user-interactive, changing the data they display when clicked.  (Briggs Decl. Ex. 5.)  Thus, SuperClock practices the '002 patent as Apple has asserted it in its invalidity contentions. (*See* Briggs Decl. Ex. 12 (Apple's infringement contentions).)

*Second*, Samsung had been diligent in seeking to include the SuperClock prior art. Samsung first learned of SuperClock a few days before Mr. Christensen's October 26 deposition, when Apple reluctantly produced deposition testimony and exhibits from another case.  (Baxter Decl. Ex. L, M.)  Samsung immediately requested Apple produce the SuperClock source code for Samsung's review.  (Baxter Decl. Ex. B.)  On November 10, less than 3 weeks later, Samsung stated its intention to supplement invalidity contentions.  (Baxter Decl. Ex. C.) ███████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████ and continued to pursue this source code during subsequent months.  (*See* Baxter Decl. Ex. B, C.)  Yet, as with Mac OS 10.0, Apple ignored Samsung's repeated requests for this clearly relevant discovery for months, only producing the materials on December 15, following Samsung's motion to compel.  (Baxter Decl. Ex. F.)

*Finally*, much as with Mac OS X, Apple cannot claim prejudice based on the inclusion of SuperClock.  Apple was on notice from Samsung since October 26 regarding the importance and relevance of the SuperClock prior art.  SuperClock was developed by the inventor on the '002 patent, licensed to Apple and incorporated by Mr. Christensen himself into the Mac operating

1    system.  Moreover, Apple knew about SuperClock through Mr. Christensen's deposition in *Apple*

2    *v. Motorola*, a month before it produced the transcript and exhibits in this case.  Upon learning of

3    SuperClock through Apple's production, Samsung immediately pursued discovery of SuperClock

4    source code during Mr. Christensen's deposition – discovery that Apple resisted for over a month

5    before, again, producing source code on the eve of Samsung's motion to compel.  *See Roche*, 2008

6    WL 624771, at *4.  Apple is already fully aware of the importance of this prior art, has had

7    opportunity to adapt its litigation strategy in response to it, and cannot reasonably claim that it is

8    prejudiced by Samsung formally adding SuperClock to its invalidity contentions.

9           Having made a timely showing of good cause, Samsung respectfully requests the Court

10   grant leave to supplement its invalidity contentions to include Mac OS SuperClock.

11   **C.      Good Cause Supports Inclusion of Glimpse in Samsung's Invalidity**

12           **Contentions**

13          Glimpse is highly relevant prior art for the '381 patent that addresses concerns raised by

14   the Court in its Preliminary Injunction decision.  In that decision, the Court held that the prior art

15   references cited by Samsung likely did not anticipate the '381 patent, because "the snap-back

16   function that is required by the '381 patent is not always performed in the [cited] references."

17   Order Denying Motion for Preliminary Injunction (Dkt. No. 452 at 58.)  In doing so, the Court

18   construed the claim language in the patent, holding, "As written, Claim 1 of the '381 patent is

19   fatalistic," and therefore prior art which only sometimes practices the patented method is not

20   anticipatory.  (*Id.* at 60.)

21          *First*, Glimpse addresses the Court's construction of the '381 patent.  Good cause for

22   supplementing invalidity contentions includes "a claim construction by the Court different from

23   that proposed by the party seeking amendment."  Pat. L.R. § 3.6(a).  The Court effectively

24   construed Claim 1 to require that the patented method always be performed, a reading very

25   different from Samsung's, and Apple's, proposed interpretation.  The Glimpse prior art addresses

26   this construction, because Glimpse *always* performs the snapback function, unlike some of

27   Samsung's previous prior art references.  (*See* Briggs Decl. Ex. 11.)  There is therefore good cause

28

1   for Samsung to amend its contentions to include a reference that practices the patent as construed

2   by the Court.

3         *Second*, Samsung has been diligent in both its search for '381 prior art and this amendment

4   of its invalidity contentions.  Glimpse is software that was demonstrated at a convention many

5   years ago.  It was therefore difficult to find despite Samsung's prior diligent search. *See Acco*

6   *Brands*, 2008 WL 2168379, at *1 (noting relevance of difficulty in finding prior art).  Although

7   Samsung uncovered references to Glimpse, such as an article describing the program, they were

8   insufficient to anticipate the '381 patent.  All of Apple's arguments relate only to this

9   insufficiently descriptive article.  (*See* Baxter Decl. Ex. N.)  However, Samsung learned that

10  Glimpse *as publicly demonstrated* was strongly invalidating prior art in November, and

11  immediately sought to obtain a contemporary computer capable of operating the program.

12  Samsung was only able to obtain a working version of the Glimpse software in January, at which

13  time it immediately notified Apple of the prior art.  (Baxter Decl. Ex. H.)  Now that Samsung has

14  obtained this software, it is promptly moving to amend its contentions.

15        *Finally*, Apple will not be prejudiced by the introduction of Glimpse as prior art.  Apple

16  has been on notice of the Glimpse software from the day that Samsung acquired it, January 5.

17  (*See* Letter of January 5.)  Fact discovery is still ongoing and initial expert witness reports are not

18  due until April 16, 2012.  Thus, Apple still has a reasonable time period to investigate the Glimpse

19  prior art and formulate a litigation strategy that takes it into account. *See Golden Hour Data Sys.,*

20  *Inc. v. Health Servs. Integration, Inc.*, No. C 06-7477 SI, 2008 WL 2622794, at *4 (N.D. Cal. Jul.

21  1, 2008) (finding no prejudice in amending invalidity contentions when discovery period remained

22  open and expert discovery had not yet begun).

23        Having made a timely showing of good cause, Samsung respectfully requests the Court

24  grant leave to supplement its invalidity contentions to include Glimpse.

25        **D.**      **Good Cause Supports Inclusion of the Cirque GlidePoint in Samsung's**

26              **Invalidity Contentions**

27        The Cirque GlidePoint touchscreen is a strong prior art reference for Apple's '129 patent.

28  Not only does the GlidePoint embody many of the specific elements of Apple's patent, it existed

1 │ in commercial production more than ten years before the '129 patent was filed.  The discovery of

2 │ the GlidePoint was a natural outgrowth of Samsung's diligent prior art searches, and Apple will

3 │ not suffer prejudice from its inclusion in Samsung's invalidity contentions, as it has been involved

4 │ in the process every step of the way.

5 │      *First*, as noted above, Section II.B.4, ███████████████████████

6 │ ███████████████████████████████████████████████████████████████████████████

7 │ ███████████████████████████████████████████████████████████████████████████

8 │ ████████████████████████████████████████████████████████████████████████████

9 │ ████████████████████████████████████████████████████████████████████████████

10 │ ████████████████████████████████████████████████████████████████████████████

11 │ ██████████████████████████████████████████████████████████████████████████

12 │ █████████████████████████████████████████████████████

13 │      *Second*, Samsung has been diligent in investigating the GlidePoint.  Samsung has known

14 │ about GlidePoint since October, and at that time, Samsung timely disclosed to Apple what it could

15 │ reasonably discover regarding GlidePoint's internal sensor trace structure.  For example, Samsung

16 │ disclosed and charted Cirque's '658 patent in its October 7, 2011 invalidity contentions.  The '658

17 │ patent covers certain aspects of the GlidePoint products upon which Samsung's supplement is

18 │ based.  Now, Samsung is supplementing to that original disclosure information it could not have

19 │ obtained without third party discovery of Cirque. ██████████████████████████

20 │ ██████████████████████████████████████████████████████████████████████

21 │ ██████████████████████████████████████████████████████████████████████

22 │ ██████████████████████████████ The GlidePoint products were last produced and sold over eleven

23 │ years ago. ████████████████████████████████████████████████████

24 │ ████████████████████████████████████████████████████████████████████████████

25 │ ████████████████████████████

26 │      *Finally*, ██████████████████████████████████████████████████████

27 │ ██████████████████████████████████████████████████████████████████

28 │ ███████████████████████████████████████████████████████████████████

SAMSUNG'S MOTION TO SUPPLEMENT INVALIDITY CONTENTIONS

1  ██████████████████████████████████████████████████████

2  ██████████████████████████████████████████████████████

3 Furthermore, Apple had notice that embodiments of the '658 patent were prior art to the '129

4 when Samsung served its original contentions. Apple has access to all the same information does:

5 Samsung has further provided Apple with a copy of the Cirque subpoena and all documents

6 produced by Cirque. ████████████████████████████████████████

7 ███████████████████████████████████████████████ The

8 inclusion of GlidePoint does not affect any of Samsung's claim construction positions, and is fully

9 consistent with its previous invalidity theories.

10       Having made a timely showing of good cause, Samsung respectfully requests the Court

11 grant leave to supplement its invalidity contentions to include the Cirque Glidepoint.

12    **E.**   **Good Cause Supports Inclusion of More Detail Regarding Syanptics' '860**

13        **Patent in Samsung's Invalidity Contentions**

14       The Synaptics ClearPad ("cPad") is a product that Samsung identified as prior art in its

15 invalidity contentions. Samsung charted the cPad as referenced in the Leeper article, (Briggs

16 Decl. Ex. 2.), and also notified Apple that the '860 patent was relevant to the validity of Apple's

17 '607 patent. (Briggs Decl. Ex. 3.) Following a third party deposition that Samsung and Apple

18 both attended, Samsung is now able to point out with far more particularity how the '860 patent,

19 as combined with the patents it incorporates by reference, and the cPad product that embodies it,

20 invalidates the '607 patent. Apple will not be prejudiced by this amendment, having been on

21 notice of the cPad and '860 patent since October and having a full opportunity to depose the

22 Synaptics representative.

23       *First*, as noted in Section II.B.5, the '860 patent anticipates the '607 patent. ████████

24 ██████████████████████████████████████████████

25 ██████████████████████████████████████████████████████

26 ██████████████████████████████████████████████████████

27 ██████████████████████████████████████████████████

28

1 ████████████████████████████████████████████████████

2 ████████████████████████████

3     *Second*, Samsung has been diligent in pursuing the cPad and '860 patent references and

4 gathering non-public information from Synaptics.  Following the service of its invalidity

5 contentions listing the '860 patent and the Leeper article, Samsung sought third-party discovery

6 from Synaptics on December 7, 2011 for additional information ████████████████

7 █████████████████████████████████████████████████████████

8 █████████████████████████████████████████████████████████

9 █████████████████████████████████████████████████████████

10 █████████████████████████████████████████████████████████

11 ███████████████████████████████████████████████████

12 █████████████████████████████████████████████████████████

13 ██████████████████████████████████████████████████████

14 ██████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████

16 ██████████████████████████████████████████████████████

17 █████████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████████

19 ██████████████████████████████████████████████████████ Samsung

20 is now able to assert that the Synaptics '860 patent invalidates each and every asserted claim of

21 Apple's '607 patent.  Thus, Samsung has diligently moved from the public information available

22 to it in October to the non-public information necessary for the current supplemental contention.

23     *Finally*, Apple will not suffer any prejudice from the supplemental '860 patent invalidity

24 chart that Samsung is serving now.  Apple has been on notice of the relevance of the '860 patent

25 since at least 2009 when the PTO rejected several '607 patent claims in view of the '860 patent.

26 Apple has also been on notice of the relevance of the Synaptics cPad product that embodies the

27 '860 patent since at least October when the parties exchanged invalidity contentions.  The '860

28 patent does not describe a new product or technology that was not previously included in

1 | Samsung's invalidity contentions, but rather provides more information about a particular

2 | technology in public use, before the priority date of Apple's '607 patent ████████████████

3 | ████████████████████████████████████████████████████████████████████████

4 | ████████████████████████  Because of these reasons, Apple can suffer no prejudice from

5 | the supplemental '860 patent invalidity chart.

6 |         Having made a timely showing of good cause, Samsung respectfully requests the Court

7 | grant leave to supplement its invalidity contentions to include a chart showing how the '860

8 | patent, which was previously listed in Samsung's invalidity contentions as a relevant reference in

9 | exhibit Q and embodies a prior art system actually charted in Samsung's invalidity contentions,

10 | invalidates the '607 patent.

11 | **V.    CONCLUSION**

12 |        Because good cause supports Samsung's motion, Samsung respectfully asks the Court to

13 | grant leave to supplement its invalidity contentions.  Samsung's amendments are narrow in scope

14 | and will not cause any prejudice to Apple.

15

16

17 | DATED: January 26, 2011          Respectfully submitted,
                                    QUINN EMANUEL URQUHART &
18                                  SULLIVAN, LLP

19                                  By  /s/ Victoria Maroulis
20                                      Charles K. Verhoeven
                                        Kevin P.B. Johnson
21                                      Victoria F. Maroulis
                                        Michael T. Zeller
22                                      Attorneys for SAMSUNG ELECTRONICS CO.,
                                        LTD., SAMSUNG ELECTRONICS AMERICA,
23                                      INC. and SAMSUNG
24                                      TELECOMMUNICATIONS AMERICA, LLC

25

26

27

28