# EXHIBIT C

**quinn emanuel** trial lawyers | washington, dc

1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL: (202) 756-1950 FAX: (202) 756-1951

WRITER'S DIRECT DIAL NO.
**(202) 756-5011**

WRITER'S INTERNET ADDRESS
**marissaducca@quinnemanuel.com**

November 10, 2011

Jason R. Bartlett
Morrison & Foerster
425 Market Street
San Francisco, California 94105-2482

Re:     *Apple v. Samsung Elecs. Co. et al.*, Case No. 11-cv-1846 LHK (N.D. Cal.)
         Supplemental Invalidity Contentions Based on Recent Inventor Depositions

Dear Jason:

        In the past month, Samsung has uncovered several prior art references that further demonstrate Apple's patents are invalid.  A number of these references were only revealed through the recent depositions of Apple's inventors.  Patent Local Rule 3-6 provides that amendments of the Invalidity Contentions may be made upon a timely showing of good cause. The following prior art references meet this requirement:

Prior Art for US 7,853,891 – Mac OS X, version 10.0

        In its interrogatory responses, Apple first indicated that the '891 patent was conceived during 2000 and reduced to practice no later than March 2001.  *See* Apple's Objections and Responses to Samsung's First Set of Interrogatories, Objections and Response to Interrogatory No. 1.  During their depositions, Messrs. Chaundri and Ording then testified that they had worked on the development of Mac OS X and that they had conceived of the idea for their patent as early as 2000.  *See, e.g.* Deposition of Imran Chaundri, October 14, 2011, at 22:18-25.  They further testified that translucent windows, which read on the '891 patent, were implemented in an early version of the Mac OS X operating system.  *See, e.g., id.* at 99:2-21.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo  100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100

02198.51855/4432834.1

Subsequently, we acquired an Apple computer running Mac OS X, v.10.0, which was released on March 24, 2001, more than a year prior to the '891 filing date of July 10, 2002.  We have discovered that Mac OS X contains a brightness window that appears when the user presses a hardware button near the monitor.  The window displays for approximately two seconds, then disappears automatically.  Furthermore, the window is briefly translucent while it fades away and closes.  The next version, Mac OS X v.10.1, updated the brightness window with new images, and this version appears to be depicted in the '891 patent, in Figs. 19 and 20.

Based on these facts, Samsung has good cause to amend its Invalidity Contentions to include Mac OS X v.10.0.  This early version of Apple's operating system unequivocally practices the claimed invention and was sold more than a year before the filing of the claims.  Moreover, Apple itself released the operating system that is prior art for the '891 patent, and Apple itself identified the early conception and reduction to practice dates for the '891 patent; thus, it will not be unduly prejudiced by Samsung's proposed amendment.

Prior Art for US 6,493,002 – SuperClock!

The evening before the deposition of Steven Christensen, the inventor of the '002 patent, Apple produced a document – an exhibit from a deposition by Motorola – indicating that Mr. Christensen had previously developed a program known as SuperClock, which modifies the Mac System 6 and System 7 operating systems to include a clock and battery meter on the menu bar.  At his deposition, Mr. Christensen acknowledged that SuperClock performs these functions; however, he indicated that SuperClock only had a single display area.  *See* Deposition of Steven Christensen, October 26, 2011, at 164:24-165:13.  As a result of this information, Samsung procured a Mac computer running System 7 and installed SuperClock.  We discovered that SuperClock displays both a clock and a battery simultaneously on the menu bar.  These displays rest on a menu bar that is visible above all application window layers.  Both the battery and clock icons are sensitive to user input and they provide status functions (such as displaying the time) and control functions (such as putting the computer to sleep).  These features were implemented on or before April 1993, more than a year prior to the September 1994 filing of the '002 patent, and meet all limitations of asserted claims in the '002 patent.

Therefore, Samsung has good cause to amend its Invalidity Contentions to include SuperClock.  Moreover, Apple was aware of SuperClock through the evidence that Apple ultimately provided during discovery.  Apple even licensed SuperClock from Mr. Christensen to incorporate it into its own programs.  *See* Deposition of Steven Christensen, *supra* at 191:17-20.  Thus, Apple will not be unduly prejudiced by this amendment.

Prior art for US 7,812,828

Apple recently produced notebooks for the deposition of Wayne Westerman indicating that Mr. Westerman derived his equations for fitting an ellipse to a scatter plot of points from two textbooks that were not cited in either his thesis or in information disclosures to the PTO.  Upon questioning during his deposition of October 31, Mr. Westerman agreed that certain equations cited within the patent may have been drawn from these texts: DISCRETE RANDOM SIGNALS AND STATISTICAL SIGNAL PROCESSING, by Charles Therrien, and LINEAR ALGEBRA AND

ITS APPLICATIONS, by Gilbert Strang.  *See* Deposition of Wayne Westerman, October 31, 2011, at 86:19-87:15 .  Mr. Westerman further stated that he made Apple aware of these textbooks at least as early as the summer of this year.  *Id.* at 180:14-24.  Samsung is in the process of acquiring these textbooks.  Based on this recent disclosure, Samsung has good cause to amend its Invalidity Contentions to include these two references.  Moreover, Apple will not be unduly prejudiced by any amendment, because Apple was provided a full opportunity to review these references during the summer of this year, if not earlier.

Additional Prior Art

Samsung has recently found additional prior art references that, despite a diligent search, were not uncovered until recently.  These references raise serious questions about the validity of the '163 and '129 references.  US 6,075,520 is a patent on touchpad technology, which anticipates later developments in touch-screens.  US 2005/0012723 discloses touch "patterns," including tapping and sliding, that control zoom and movement of a touch screen display.  Apple is not unduly prejudiced by these disclosures, which are being provided well in advance of the claim construction ruling.

Finally, Samsung would like to make two additional amendments regarding the '129 patent.  First, the Hal Philipp article elaborates on to the prior art already disclosed regarding the Whirlpool Velos.  Apple already has notice of the Velos.  Second, a chart for WO 2005/114369 was already provided to Apple in the original invalidity contentions; however, it was inadvertently omitted from the list of exhibits on the cover pleading.

Below is a chart summarizing the proposed amendments.

| U.S. Patent No. | Prior Art Reference | Basis |
|---|---|---|
| 7,853,891 | Mac OS X, version 10.0 | Depositions of Bas Ording & Imran Chaundri |
| 6,493,002 | SuperClock! | Deposition of Steven Christensen |
| 7,812,828 | DISCRETE RANDOM SIGNALS AND STATISTICAL SIGNAL PROCESSING, by Charles Therrien | Deposition of Wayne Westerman |
|  | LINEAR ALGEBRA AND ITS APPLICATIONS, by Gilbert Strang | Deposition of Wayne Westerman |
| 7,864,163 | US 2005/0012723 | Recent discovery |
| 7,920,129 | WO 2005/114369 | Previously disclosed |
|  | US 6,075,520 | Recent discovery |
|  | Hal Philipp, Controls and Sensors: Tough Touch Screens, 2006 | Recent discovery – additional information on the Whirlpool Velos |

In light of the foregoing, Samsung has good cause to supplement its Invalidity Contentions under Patent Local Rule 3-6.  Please let us know by the close of business on Friday, November 11 if Apple will stipulate to allowing Samsung to serve supplemental invalidity contentions that include the prior art referenced above.

Best regards,

/s/ Marissa Ducca

Marissa Ducca

02198.51855/4432834.1