# EXHIBIT N

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

January 26, 2012

Writer's Direct Contact
415.268.7602
RHung@mofo.com

*By Email* (toddbriggs@quinnemanuel.com)

Todd Briggs
Quinn Emanuel
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

Re:   *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)

Dear Todd:

We write in response to your January 18 and 24, 2012, letters requesting that Apple stipulate to Samsung's service of supplemental invalidity contentions.

Apple has no objection to Samsung supplementing its invalidity contentions with respect to WO 2005/114369, which Samsung asserts was omitted due to a clerical error, although we note that the reference appears to already be in Samsung's cover pleading.

However, as to the remainder of your requests, Apple sees no justification for Samsung's failure to discover and timely disclose the listed alleged prior art references.  Samsung could and should have unearthed the references in your letters far earlier than the dates you stated.

- **U.S. Patent No. 7,030,860 to Synaptics Inc.:**  The Synaptics '860 patent was cited on the face of Apple's asserted '607 patent, Samsung produced a copy of the '860 patent months ago, and your January 24 letter even acknowledges that Samsung cited the '860 patent as potentially relevant in Exhibit Q to its initial invalidity contentions.  Against that backdrop, Samsung's position that supplementation of its invalidity contentions is justified in light of the January deposition of Synaptics is unreasonable.

- **Glimpse:**  The Glimpse article was cited in the reexamination of the asserted '381 patent and discussed at the deposition of Ravin Balakrishnan on August 16, 2011.  Samsung's counsel used the Glimpse article as an exhibit (*See* page 219 of the 8-16-2011 Deposition of Ravin Balakrishnan).  Samsung's claim that, despite this discussion months ago, it did not understand the relevance of the Glimpse reference until after the Court's Preliminary Injunction order in November, is not credible.

sf-3098724

MORRISON | FOERSTER

Todd Briggs
January 26, 2012
Page Two

- **Cirque:**  Samsung has been aware of Cirque capacitive touchpads for months. Samsung produced a Cirque touch capacitance patent months ago that appears to have been printed from the USPTO website on October 5, 2011. (SAMNDCA00030092.)  Samsung produced four other patents that also appear to have been printed in early October 2011, each of which has a specific reference not just to Cirque, but to GlidePoint in particular.  (SAMNDCA00030649, 37354, 37656, and 37904.)  Samsung's claim that it only discovered the relevance of Cirque touchscreens, including but not limited to GlidePoint, in late December is not credible.

- **U.S. Patent No. 6,075,520:**  U.S. Patent No. 6,075,520 is one of only 13 cited U.S. patents on the face of Samsung's Patent No. 8,081,167, and it was cited in February 2011.  Samsung's position that it only became aware of the relevance of the '520 patent in October or November 2011 is not credible.

- **Hal Philipp article re Whirlpool Velos:**  Your letter of January 18 does not specify a time of discovery, stating instead in the "Time of Discovery" column, "Whirlpool Velos already disclosed in October 7, 2011."  Samsung's failure diligently to discover an article discussing the reference it knew of at least as early as October 7, 2011 does not justify supplementation of its invalidity contentions.

- **DiamondTouch applications:**  Your letter of January 18 does not specify a time of discovery for any DiamondTouch applications, stating instead that certain applications were "already disclosed in October 7, 2011 invalidity chart."  Samsung's request to supplement its invalidity contentions with applications that it knew of, and even discussed in its invalidity charts, at least as early as October 7, 2011 is unreasonable.  The remaining applications do not appear to be discussed in Samsung's invalidity charts for the '915 or '163 patents, and Apple sees no justification for their late addition to Samsung's invalidity contentions.

- **2005/0012723:**  This patent was cited on the face of numerous patents that Samsung is aware of and has produced to Apple.  This includes the document labeled SAMNDCA00000001.  Samsung's position that it only became aware of the relevance of this patent in October or November 2011 is not credible.

- **Atmel touchscreens in KitechAid KEBU107SSS and KEBU208SSS:**  Apple sees no justification for Samsung's failure to discover this reference and its late request to supplement its invalidity contentions.

- **Mac OS X:**  Despite your claim that Samsung learned of Mac OS X's relevance following the depositions of Imran Chaudhri and Bas Ording, figures from Mac OS

sf-3098724

MORRISON | FOERSTER

Todd Briggs
January 26, 2012
Page Three

> X appear in the asserted '891 patent itself. Samsung's counsel did not learn this from Mr. Chaudhri—it noted this *to* Mr. Chaudhri at his October 14, 2011 deposition. ("Q: Is Figure 7 [of the '891 patent] a picture of the user interface for Mac OS X? A: It's a drawing that looks like it could be.") (10-14-2011 Deposition of Imran Chaudhri 13:5-7.)

- **SuperClock!:** Samsung's counsel likely knew of SuperClock! far earlier than October 2011. In fact, despite your claim that Samsung learned of this item at the deposition of Steven Christensen, Samsung presented Mr. Christensen with an exhibit at his deposition consisting of the "readme" file from SuperClock. (10-26-2011 Deposition of Steven Christensen 161:21-25.). We note separately that Samsung's counsel represents Motorola in the *Apple v. Motorola* matter pending in Wisconsin, in which SuperClock! was discussed in expert reports in early September 2011. Samsung's position that it only became aware of Super Clock! at the Christensen deposition is therefore not credible.

- **Therrien and Strang textbooks:** Despite your claim that Samsung learned of these textbooks in late October following the deposition of Wayne Westerman, it is clear from the record that Samsung knew of these items in advance of Mr. Westerman's deposition. In fact, Samsung's counsel did not learn of the textbooks from Mr. Westerman, he *provided the names of the textbooks to Mr. Westerman*. ("Q: [W]as the name of this textbook 'Discrete Random Signals and Statistical Signal Processing by Charles Therrien'? A: That might be it." (10-31-11 Deposition of Wayne Westerman 86:20-25); "Q: Do you recall a book 'Linear Algebra and Its Applications' by Gilbert Strang? A: Yeah, maybe." (*Id.* 87:1-3).)

In light of the above, Apple views Samsung's proposed amendments as improper, with the exception of the alleged clerical error. Apple intends to object both to supplementation and expedition.

Sincerely,

*/s/ Richard S.J. Hung*

Richard S.J. Hung

cc:   Samuel Maselli
      S. Calvin Walden
      Peter Kolovos

sf-3098724