| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664) mjacobs@mofo.com<br>JENNIFER LEE TAYLOR (CA SBN 161368) jtaylor@mofo.com<br>ALISON M. TUCHER (CA SBN 171363) atucher@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425) rhung@mofo.com<br>JASON R. BARTLETT (CA SBN 214530) jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | Case No.    11-cv-01846-LHK<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO SHORTEN TIME FOR BRIEFING AND HEARING ON SAMSUNG'S MOTION TO SUPPLEMENT INVALIDITY CONTENTIONS** |

# ARGUMENT

Samsung filed its 24-page Motion to Supplement Invalidity Contentions ("Motion") late Thursday night, January 26, 2012. It seeks an expedited schedule that would allow Apple only four business days to respond to its Motion. Apple requests that, consistent with the Local Rules for this District, the Court set a February 9 deadline for Apple's response.[1] Apple also submits that the Motion is appropriate for resolution without reply or hearing.

There is no legitimate basis for the highly expedited schedule sought by Samsung. First, any urgency perceived by Samsung is entirely of its own making. Samsung knew or should have known long ago of the five alleged prior art references that are the subject of its Motion. The Synaptics reference (a patent issued to Synaptics) was cited on the face of one of Apple's patents-in-issue, Samsung actually produced a copy of the Synaptics patent months ago, and Samsung even cited the patent as potentially relevant in its initial invalidity contentions. (Baxter Decl. Ex. N at 1.) The Glimpse reference was cited in the reexamination of one of the Apple patents-in-issue and was discussed during a deposition in this litigation on August 16, 2011. (*Id.*) Samsung produced documents describing the Cirque reference months ago. (*Id.* at 2.) Samsung's counsel itself raised the Mac OS X reference during an October 14, 2011 deposition and expressed a belief that certain figures on an asserted patent were from Mac OS X, demonstrating Samsung's awareness of that reference prior to the deposition. (*Id.* at 2-3.) Samsung's counsel introduced a "readme" file from the SuperClock reference at a deposition on October 26, 2011. (*Id.* at 3.)

Second, Samsung offers no reason for the expedited schedule it requests. It states that it wishes to supplement its invalidity contentions before the March 8 close of fact discovery, but

---

[1] Samsung's allegation that Apple "did not respond" to Samsung's request that Apple stipulate to a shortened briefing schedule is false. (Motion to Shorten Time at 1.) Apple sent a letter to Samsung *hours before Samsung filed its motion*—a letter that Samsung has even attached as an exhibit—and stated that it "intends to object both to supplementation and expedition." (*See* Exhibit N to Declaration of Alex Baxter in Support of Motion [Dkt. No. 671-14] at 3) ("Baxter Decl. Ex. N.") This is not the first time Samsung has ignored Apple's correspondence and incorrectly claimed to the Court to have received no response or explanation. (*See, e.g.*, Apple's Opposition to Samsung's Motion to Extend Time for Compliance [Dkt. No. 565] at 1 n.1) (refuting Samsung's incorrect claim that Apple "inexplicably" refused to stipulate to requested extension).

1  does not even attempt to explain why it needs to do so.  Any such attempt would have failed.

2  Even under Samsung's proposed expedited schedule, its Motion would not be heard until

3  February 16, too late to serve any further written discovery relating to new invalidity contentions.

4  Nor does Samsung need to supplement its invalidity contentions for purposes of taking

5  depositions:  as noted above, it has already been eliciting testimony regarding the alleged prior art

6  references identified in its Motion.  Samsung does not and cannot point to any prejudice to its

7  case that might arise from its Motion being heard after the close of fact discovery (or from being

8  heard in May 2012, for that matter).

9      Third, this is a simple matter that can be resolved by the Court on the basis of the parties'

10  opening briefs, without reply or hearing.  Apple's proposed schedule would allow reasonable time

11  for it to respond to Samsung's 24-page brief (*i.e*., the 14 days permitted for opposition briefing

12  under N.D. Cal. L.R. 7-3(a)), and still potentially permit a ruling on Samsung's Motion before the

13  close of fact discovery, as requested by Samsung.

14  **CONCLUSION**

15      For the foregoing reasons, Apple respectfully requests that the Court deny Samsung's

16  Motion to Shorten Time for Briefing and Hearing on its Motion to Supplement Invalidity

17  Contentions.  The Court should establish the following schedule:

18  - Apple may file a response to Samsung's Motion no later than February 9,
19      2012;
20  - Samsung may not file a reply; and
21  - The matter shall be resolved by the Court without a hearing.

22

23  Dated: January 27, 2012        MORRISON & FOERSTER LLP

24

25          By:  */s/ Richard S.J. Hung*
            RICHARD S.J. HUNG

26
        Attorneys for Plaintiff
27          APPLE INC.

28