| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> JENNIFER LEE TAYLOR (CA SBN 161368) <br> jtaylor@mofo.com <br> ALISON M. TUCHER (CA SBN 171363) <br> atucher@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> JASON R. BARTLETT (CA SBN 214530) <br> jasonbartlett@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California  94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK <br><br> **APPLE'S MOTION TO COMPEL TIMELY PRODUCTION OF FOREIGN-LANGUAGE AND OTHER DOCUMENTS IN ADVANCE OF RELATED DEPOSITIONS** <br><br> Date: February 1, 2012 <br> Time: 10:00 a.m. <br> Place: Courtroom 5, 4th Floor <br> Judge: Hon. Paul S. Grewal |

**NOTICE OF MOTION AND MOTION**

TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 1, 2012, at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Apple, Inc. ("Apple") shall and hereby does move the Court for an Order compelling defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC ("Samsung") to produce relevant, responsive documents from the files of each witness noticed for deposition at least ten (10) days in advance of his or her deposition, if the documents are written in whole or in part in a foreign language. Apple further moves the Court for an order compelling Samsung to produce other relevant, responsive English-language documents from the files of each witness noticed for deposition at least five (5) days in advance of the witness's deposition.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the Declaration of Mia Mazza submitted herewith and exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

Pursuant to Federal Rules of Civil Procedure 26 and 37, Apple requests an Order compelling Samsung to produce relevant, responsive documents from the files of each witness noticed for deposition at least ten (10) days in advance of the witness's deposition if they are written in whole or in part in a foreign language.  Apple further requests that Samsung be compelled to produce other relevant, responsive English-language documents from each witness's files at least five (5) days in advance of the witness's deposition.

**APPLE'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(A)(1)**

Apple hereby certifies that it has in good faith conferred with Samsung in an effort to obtain the discovery described immediately above without Court action.  Apple's efforts to

resolve this discovery dispute without court intervention are described in the Declaration of Mia Mazza and exhibits attached thereto, submitted concurrently herewith.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether Samsung should be required to produce its witnesses' relevant documents containing materials in a foreign language at least ten (10) days in advance of each witness's deposition.

2. Whether Samsung should be required to produce its witnesses' relevant English-language documents at least five (5) days in advance of each witness's deposition.

Dated: January 27, 2012                    MORRISON & FOERSTER LLP

                                           By:   /s/ Michael A. Jacobs
                                                 Michael A. Jacobs

                                           Attorneys for Plaintiff
                                           APPLE INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Samsung has gone from producing no documents to dumping tens of thousands of pages—mostly in Korean—on Apple attorneys on the eve of deposition of the associated custodian. In one case, Samsung produced thousands of pages of materials 40 minutes *after* the deposition had begun. Samsung's late productions make it impossible for Apple to prepare properly for depositions, particularly as the vast majority of Samsung documents require translation from Korean to English.

The documents Samsung is producing now should have been produced a long time ago, not at the last minute; in most cases, they are responsive to discovery requests that have been outstanding for many months. Moreover, when depositions began in October 2011, and Samsung deposed 48 Apple inventors and prosecutors on a highly compressed schedule, the parties agreed to a "five-day rule," under which Apple agreed to produce custodians' documents at least five days before their depositions. But now that it is Samsung's turn to produce its witnesses and their documents, Samsung is following no rule at all.

As in the other instances where Samsung has ignored its discovery obligations, the Court's assistance is necessary for Samsung to provide Apple with the documents Apple is entitled to receive, at the time it is entitled to receive them. To allow Apple to adequately prepare for depositions, Apple asks that the Court set minimum lead times for Samsung to produce a witness's relevant documents. In particular, Apple requests that Samsung be required to produce a witness's relevant documents at least 10 days in advance of the deposition if the documents include materials written in a foreign-language, and that Samsung be required to produce other relevant, English-language documents at least five days in advance of the deposition.

## II. BACKGROUND

Samsung deposed all of Apple's inventors and patent prosecutors in October 2011. For purposes of those depositions Apple agreed to produce relevant, responsive, non-privileged documents from an inventor's or prosecutor's files no later than five days before his or her deposition. (Declaration of Mia Mazza in Support of Apple's Motion to Compel Timely

Production of Foreign-Language and Other Documents in Advance of Relevant Depositions ("Mazza Decl.") Ex. A.)  With a few isolated exceptions of a small number of late-discovered documents produced three or four days in advance, Apple met this five-day requirement.[1]  All of Apple's documents were in English.  (Mazza Decl. ¶ 2.)

Samsung has failed to adhere to the same five-day rule that Apple followed for Apple witnesses.  After purportedly finishing its preliminary injunction production on October 12, 2011, Samsung stopped producing documents relevant to Apple's offensive case until December 7, 2011.  (Mazza Decl. ¶ 4.)  It is now playing catch-up.  Samsung has begun *routinely* dumping thousands of pages of each witness's relevant Korean-language materials on the eve of his or her deposition.

For example, Apple deposed Samsung witness AhYoung Kim on January 11, 2012.  **Just two days before the deposition**—the first in Apple's offensive case—Samsung produced 4,409 Korean-language documents, totaling 32,330 pages, sourced to Ms. Kim as custodian.  (Mazza Decl. ¶ 5.)  Because these documents needed to be translated before they could be analyzed and culled for use at deposition, only a small percentage of them could be reviewed by Apple's outside counsel before the deposition.  On January 10, Samsung produced an additional 9,513 pages of Korean-language documents sourced to Ms. Kim.  (*Id*.)  Apple was barely able to process and upload these documents into a repository where they could begin to be reviewed and translated before the deposition began.  And on the morning of January 11—**40 minutes after the start of the deposition**—Samsung produced another 3,069 pages of Korean-language documents from Ms. Kim's files.  (*Id*.)  Apple's outside counsel had no chance even to access these untranslated documents until the day after the deposition was over.

This egregiously tardy production was the start of a pattern Samsung has continued to follow.  That same week, Samsung produced 5,284 pages of Korean-language documents sourced

---

[1] To be precise, Apple typically finished producing documents on the fifth day before the deposition was to take place, no fewer than 105 hours before the deposition began.  (Mazza Decl. ¶ 3.)

to Junho Park, totaling 32,469 pages, just 63 hours before her deposition began and then produced another 20,135 pages 17 hours later. (*Id.*) Samsung produced 4,607 pages of Korean-language documents sourced to Bo-Ra Kim three-and-a-half days before her deposition. (*Id.*) And before the deposition of Nara Cho on Saturday, January 14, Samsung produced 10,046 Korean-language pages just four days in advance. A chart detailing Samsung's pattern of tardy productions is set forth in the accompanying Declaration of Mia Mazza, filed with this motion. (*Id.*)

Even Samsung's English-language productions have come in too late to be meaningfully reviewed, analyzed, and culled in advance of depositions. In the case of Tim Sheppard, Samsung produced 5,256 documents sourced to him, totaling 35,011 pages, just 84 hours before his January 24 deposition. (*Id.*) Apple's outside counsel did what it could to review as many documents as possible before the deposition began, but was unable to complete the review. In that process, Apple determined that the production contained numerous PowerPoint files that were printed illegibly or produced in black and white although created in color. Legible documents were not received by Apple ***until the night before the deposition*** began. (*Id.*)

In all, Samsung has produced 13,169 Korean-language documents (97,516 pages) less than 3 days in advance of its witnesses' depositions, and an additional 15,497 pages of Korean-language materials less than 5 days in advance. (*Id.*) Samsung has also produced 11,958 English-language documents, totaling 90,686 pages, fewer than 5 days in advance of related depositions. (*Id.*) The large majority of these documents—*all of which Samsung has already selected as relevant in this case*—could not be reviewed by Apple's outside counsel before deposition. Meanwhile, for depositions of Apple witnesses, Apple continues to follow the five-day rule that the parties agreed upon months ago. (*Id.*)

Most of the remaining 45-plus depositions of Samsung witnesses will take place in Korea. This will create additional delays as it will take Apple's outside counsel in the U.S. at least two days to transfer translated, culled-down documents to outside counsel taking those depositions. (*Id.*)

## III. ARGUMENT

Apple needs Samsung's Korean-language documents 10 days before each deposition. Samsung is prejudicing Apple's ability to depose these witnesses effectively by dumping relevant Korean-language documents for each witness far too late for the documents to be reviewed and understood by Apple's outside counsel. This problem will be compounded significantly when depositions start taking place in Korea and the analysis and culling of documents must be finalized several days before the deposition.

This Court has authority to regulate the timing and sequence of discovery and to compel the production of materials responsive to Apple's document requests. *See* Fed. R. Civ. P. 26(d) & 37. To protect Apple's ability to prepare for these depositions, Apple asks the Court to set reasonable, minimum deadlines for production of relevant materials from a witness's files.

For documents containing Korean-language text—which comprise the majority of documents produced by Samsung for most of its witnesses—it takes an average of five days for an average-sized Samsung production to be processed, reviewed, culled, translated, and provided to Apple's outside counsel in a form he or she can meaningfully review and understand for deposition purposes. (*See* Mazza Decl. ¶¶ 9-12.) Uploading the documents to the review database alone can eat up an entire day. (*Id*. ¶ 9.) Once the materials are uploaded, it takes a team of Korean-fluent attorneys at least five days to review, analyze, cull, and translate documents before they can be passed on to Apple's outside counsel for analysis. (*Id*. ¶¶ 10-12.) Thus, to the extent a Korean-language production is produced less than five days before a deposition, many relevant documents may not even reach outside counsel for consideration in deposition preparation.

Once a translated set of documents does reach outside counsel, still more time—at least five additional days—is required to review and analyze the documents for deposition purposes. As the parties acknowledged in creating a "five day rule" when Apple was producing its English-language documents in October 2011, that is the minimum time outside counsel needs to be able to competently process documents produced by the other side for relevant depositions. (*Id*. ¶ 13.)

For documents in English, Samsung should be ordered to comply with the five-day rule to which the parties agreed.  As noted above, five days is the minimum amount of time needed for attorneys to meaningfully review thousands of documents for their potential use at depositions, in light of the steps required to process the materials and to review and understand the complicated web of information Apple needs to untangle.  (Mazza Decl. ¶ 13.)  For designers, developers, and marketing custodians, Apple must piece together what role the witness played in the design, development, or commercialization of products that took several months and sometimes years to plan, design, develop, and launch.  Understanding the development of allegedly-infringing features involves reviewing e-mails and documents containing source code and other technical information.  Review of Samsung's financial information is also complicated, as the data on various documents must be pieced together.  (*Id.*)

Problems with the production, moreover, are often identified in reviewing documents, and it takes several more days for Samsung to turn around corrected documents (if it is willing to do so).  (*Id.* ¶ 7.)  Apple needs an adequate window between production and deposition for these issues to be fixed, or important documents may not be available for the deposition.

In short, to make use of Samsung documents at deposition, the documents must go through a processing, screening, and review process that takes at least five days for a substantial English-language production; that process is extended by at least five additional days when Korean-language documents are produced.

Apple is adhering to a five-day rule for producing its witnesses' documents, which are in English.  Samsung is thus operating at a significant advantage if it is not required to give Apple at least as much lead-time to review English-language documents, and the additional time needed for Korean-language materials.  Samsung has asserted that it need only produce witness documents three days in advance of depositions, citing the Court's December 22, 2011 Discovery Order.  That argument fails.  The three-day rule in the December 22 Discovery Order expressly applied only to documents that were required to be produced on or before January 15, 2012.  (Dkt. No. 537 at 3-4.)  And, in any event, many of Samsung's witness productions do not even comply with their purported three-day rule.  (*See* Mazza Decl. ¶ 8.)

On the day this motion was filed, the Court issued another discovery order (Dkt. No. 673) requiring that "[a]ll productions subject to this order be completed on a rolling basis and no later than February 3, 2012, with priority placed on completing relevant production no later than three-days prior to any deposition." Again, this rule has no application to other productions not covered by the Order. To the extent the Court's December 22 and January 27 Discovery Orders were, as Samsung suggests, meant to allow Samsung to produce tens of thousands of pages of Korean-language documents three or fewer day before each custodian's deposition, Apple respectfully requests reconsideration.

### IV. CONCLUSION

For the reasons discussed above, Apple requests that the Court compel Samsung to produce documents for each custodian no later than 10 days before his or her deposition if they contain materials in Korean, and to produce other documents no later than five days in advance.

Dated:  January 27, 2012                    MORRISON & FOERSTER LLP

                                            By:   */s/ Michael A. Jacobs*
                                                  Michael A. Jacobs

                                                  Attorneys for Plaintiff
                                                  APPLE INC.