QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California  94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Samsung Electronics America, Inc.
and Samsung Telecommunications America LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO SHORTEN TIME FOR BRIEFING AND HEARING ON APPLE'S MOTION TO COMPEL TIMELY PRODUCTION**<br><br>Date:    February 1, 2012<br>Time:    10:00 a.m.<br>Place:   Courtroom 5, 4th Floor<br>Judge:   Hon. Paul S. Grewal |

**ARGUMENT**

Apple' motion to shorten time should be denied because it lacks good cause and Apple has failed to meet and confer.

Plainly Apple has disregarded the Court's recent admonition regarding the burden on this Court and the prejudice to other litigants imposed by expedited briefing—because Apple could have avoided expedited briefing entirely had it been diligent. *See* Dkt. No. 657 at 4:10-7:22. Apple has known about the "three-day rule" imposed by the Court's December 22 Order (requiring production of documents at least three days before the corresponding deposition) for more than a month. Apple's assertion that it filed its motion "at its earliest opportunity" after satisfying the lead counsel meet and confer requirement on January 16, 2012 is simply false. *See* Dkt. No. 679 at 3. Apple sat on this on its motion for reconsideration for nearly *two weeks* after it claims to have completed lead counsel meet and confer. In fact, Apple even represented to the Court on January 19 that it had already prepared or was preparing a motion addressing the Court's three-day rule—yet Apple still waited more than a week before filing its motion. *See* Dkt. No. 657 at 151:3-13.) Had Apple diligently pursued its motion for reconsideration, there would be no need to inconvenience other parties in order to have this issue fully briefed and heard over the course of just *three business days*. Indeed, had Apple filed its motion shortly after the December 22 Order issued, its motion could have been heard on regular notice and still be resolved by now. Instead, Apple sat on its hands until the last possible minute—on the eve of an onslaught of Samsung depositions Apple noticed for February and March—so any apparent urgency is entirely of Apple's making. Unreasonable delay in bringing a motion is not a proper basis for seeking the extraordinary relief of having the motion heard on just three business days' notice. Apple's motion should be denied on this basis alone.

Moreover, Apple made no meaningful effort to meet and confer with Samsung to obtain a stipulation to the time change, as required by Local Rule 6-3, which provides yet another basis for denying Apple's motion. Despite the fact that Apple claims to have completed lead counsel meet and confer on its motion for reconsideration on January 16, Apple waited eleven more days—until Friday, January 27 at 7:05 p.m.—to email Samsung regarding its intention to have its motion

heard on shortened time.  (Declaration of Joby Martin In Support of Samsung's Opposition to Apple's Motion to Shorten ("Martin Decl.") ¶ 3.)  Worse, Apple gave Samsung just *55 minutes to respond*, demanding that Samsung agree by 8 p.m. that evening to file its opposition papers just one business day later.  (*Id.*)  Apple's tactics are in bad faith.  Plainly Apple knew—and didn't care—that it would be impossible for Samsung to confer internally and with its client in the space of 55 minutes on a Friday night (which of course was Saturday in Korea) and get back to Apple on the issue of shortened time.  Nevertheless, counsel for Samsung immediately responded just nine minutes later,  and in a series of emails Samsung requested clarification of Apple's cryptic email and asked for the courtesy of  a day to respond.  (Martin Decl. ¶ 4.)  Apple ignored this request, and simply filed its motion shortly thereafter.  (*Id.*)  Samsung is confident that the parties could have agreed to some sort of a shortened schedule had Apple given Samsung proper notice of its request and a fair opportunity to respond.  Because Apple did not do so, its motion to shorten should be denied for this reason as well.

In closing, Samsung respectfully requests that the Court deny Apple's motion.  However, if the Court is inclined to grant some relief from the regular notice period, Samsung suggests that the Court adopt the following briefing schedule:

- Samsung's Opposition to Apple's motion will be filed on Friday, February 3, 2012;
- Apple waives its reply due to shortened time; and
- The hearing will be held on Tuesday, February 7, 2012, consistent with the Court's regular law and motion calendar.

## **CONCLUSION**

For the foregoing reasons, Samsung respectfully requests that the Court deny Apple's Motion to Shorten Time for Briefing and Hearing on Apple's Motion to Compel Timely Production of Foreign-Language and Other Documents in Advance on Related Depositions.

1  DATED: January 29, 2012          QUINN EMANUEL URQUHART &
2                                                           SULLIVAN, LLP
3
4                                                           By /s/ Victoria F. Maroulis
5                                                              Charles K. Verhoeven
                                                               Kevin P.B. Johnson
6                                                              Victoria F. Maroulis
                                                               Michael T. Zeller
7                                                              Attorneys for SAMSUNG ELECTRONICS
                                                               AMERICA, INC., and SAMSUNG
8                                                              TELECOMMUNICATIONS AMERICA, LLC