1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Charles K. Verhoeven (Bar No. 170151)
2    charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5    Kevin P.B. Johnson (Bar No. 177129
     kevinjohnson@quinnemanuel.com
6    Victoria F. Maroulis (Bar No. 202603)
     victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
8  Telephone:    (650) 801-5000
   Facsimile:    (650) 801-5100
9
     Michael T. Zeller (Bar No. 196417)
10   michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13
   Attorneys for SAMSUNG ELECTRONICS CO.,
14 LTD., SAMSUNG ELECTRONICS AMERICA,
   INC. and SAMSUNG
15 TELECOMMUNICATIONS AMERICA, LLC

16

UNITED STATES DISTRICT COURT

17
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

19

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**NOTICE OF MOTION AND MOTION TO PERMIT SAMSUNG'S EXPERT SAMUEL LUCENTE TO REVIEW MATERIALS DESIGNATED UNDER THE PROTECTIVE ORDER**<br><br>Date: February 7, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

02198.51855/4572793.4

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 7, 2012 at 10:00 a.m. or as soon as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, , Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court for an order granting Samsung's Motion To Permit Samsung's Expert Samuel Lucente To Review Materials Designated Under The Protective Order.  This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declaration of Albert Bedecarré; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

Samsung seeks an order allowing Samuel Lucente to view documents, transcripts and other discovery that have been designated or are subsequently designated by Apple under any operative protective order in this litigation.

DATED: January 30, 2012	Respectfully submitted,

QUINN EMANUEL URQUHART
& SULLIVAN, LLP


By */s/ Michael Zeller*
  Charles K. Verhoeven
  Kevin P.B. Johnson
  Victoria F. Maroulis
  Michael T. Zeller
  Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

02198.51855/4572793.4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Apple continues to misuse the protective order to prevent Samsung from showing relevant, internal Apple documents to its design experts.[1] The Court should put an end to this pattern and afford Samsung the right to prepare a robust defense to Apple's design patent, trademark, and trade dress claims by allowing Samsung's design expert, Samuel Lucente, to view Apple's highly confidential materials.

Samsung disclosed Mr. Lucente over a month and half ago, and has received nothing from Apple but unwarranted delay and unexplained objections. Mr. Lucente has signed the protective order, made all the necessary factual disclosures, and proved that his business does not compete with Apple in any way. Nevertheless, more than a month after Samsung disclosed Mr. Lucente, Apple said that it had suddenly became aware of a graphical user interface utility patent that Mr. Lucente invented in the 1990s. Apple's claim of surprise was quite false. The patent was listed on the face of Mr. Lucente's curriculum vitae. And more importantly, Mr. Lucente's patent provides no substantive basis for precluding Mr. Lucente from acting as an expert. Quite the contrary. As Apple improperly did with Itay Sherman, another Samsung design expert, Apple purports to turn these expert's qualifications into meritless grounds for disqualifying them. Despite Samsung's repeated attempts to obtain from Apple an actual explanation as to how Apple could possibly object on these grounds, Apple merely claimed that Mr. Lucente could not be approved without some wholly unspecified restrictions on his access because he has a pending patent application in Europe, which is related to his U.S. patent.

Samsung is running out of time to prepare its experts under the highly accelerated schedule that *Apple* sought in this case. Apple should not be rewarded for its inexcusable delay.

---

[1] As the Court is aware, Samsung was forced to make a motion regarding Itay Sherman's access to confidential information under the protective order. The Court rejected Apple's obstructionist tactics in its December 22, 2011 and January 27, 2012 orders.

Mr. Lucente must have access to the relevant evidence Apple has designated as highly confidential so that Samsung can defend itself against Apple's asserted claims.

## II.     STATEMENT OF FACTS

On December 13, 2011, Samsung disclosed Samuel Lucente as an expert in this case. *See* Declaration of Albert Bedecarré ("Bedecarré Decl.") ¶ 2, Exh. A. Attached to the disclosure was Mr. Lucente's curriculum vitae, which listed his issued patents, and his signed undertaking to abide by the terms of the Interim Model Protective Order. *Id.* Mr. Lucente is a member of the Industrial Designers Society of America, and worked as a designer for 20 years at IBM Corporation, Netscape Corporation and Hewlett-Packard Company ("HP"). *Id.* Mr. Lucente oversaw the design of user interfaces, laptop and tablet computers, and other electronic devices, and is now the lead designer and principal of Lucente Design, LLC. *Id.*

On December 27, 2011, counsel for Apple objected to Mr. Lucente and asked "whether Mr. Lucente has ever participated in, or consulted on, developing or designing a mobile phone" and requested a list of clients of Lucente Design. *Id.* ¶ 3, Exh. B. Lead counsel subsequently met and conferred regarding the status of Mr. Lucente as an expert on January 5, 2012, and Samsung agreed to provide responsive information, which it did on January 8, 2012, confirming that Mr. Lucente's business was not in competition with Apple. *Id.* ¶ 4, Exh. C; ¶ 5, Exh. D. Nevertheless, Apple still would not withdraw its objections.

On January 16, 2012, at a second lead counsel meet and confer, Samsung again tried to resolve the issue. *Id.* ¶ 6, Exh. E. Prior to the meeting, Apple's counsel said they would "be prepared to close the loop on Apple's objections to Samsung's expert Lucente, assuming Samsung will close the loop on its objections to Apple's expert Peter Bressler." *Id.* ¶ 7, Exh. F. Instead of honoring that promise, the next day counsel for Apple asked for the first time about Mr. Lucente's ownership interest in two patents and any pending priority applications, erroneously claiming that "[t]he information about Mr. Lucente's patents has only recently surfaced." *Id.* ¶ 8, Exh. G.[2] In

---

[2]   Although the letter is dated January 16, it was not emailed to counsel for Samsung until the afternoon of January 17, 2012. *See* Bedecarré Decl., ¶ 8, Exh. G.

reality, and as Samsung's counsel responded, the patents could not have "recently surfaced" because the first patent was listed on Mr. Lucente's curriculum vitae provided over a month before and the second was a continuation-in-part that shown on the face of the listed patent.  *Id.* ¶ 9, Exh. H.  Nevertheless, Samsung once again provided the information Apple requested and sought approval of Mr. Lucente.  *Id.*  Apple did not respond.

On January 24, 2012, Samsung's counsel asked yet again for withdrawal of Apple's objections, informing Apple that it would allow Mr. Bressler to see its highly confidential materials.  *Id.* ¶ 10, Exh. I.  Rather than reciprocate, Apple refused and stated vaguely that it had "concerns regarding Mr. Lucente's ownership of pending patent applications relating to user interfaces."  *Id.* ¶ 11, Exh. J.  Despite Samsung's repeated inquiries regarding this objection, Apple has failed to offer any reason for how Mr. Lucente's pending patent application could possibly harm Apple's business.  Apple's only solution was to say — without any commitment or guidance — that it was "willing to consider [] reasonable restrictions on the disclosure to Mr. Lucente of Apple's Highly Confidential Attorneys' Eyes Only materials."  *Id*.

Samsung tried one final time this past weekend to avoid motion practice, informing Apple that it still did not understand the basis for Apple's objections and noting that Samsung could not propose any limitations on Mr. Lucente's access because Apple had failed to explain its alleged concerns and that Apple itself had proposed none.  *Id.* ¶ 13, Exh. L.  Instead of curing these deficiencies, Apple then purported to state just this evening yet an entirely new objection, stating *for the first time* that two websites appear to contradict the representations that Samsung and Mr. Lucente have made that he no longer works or consults for HP.  *Id.* ¶ 14, Exh. M.  Yet again, Apple's accusations are baseless.  Both websites are outdated, and neither are owned or operated by Mr. Lucente.  The first was a page from the Industrial Designers Society of America website, and plainly states at the bottom that the information was submitted on June 2, 2010, while Mr. Lucente was still consulting for HP.  *See id.* (citing http://idsa.org/sam-lucente).  The second website is an advertisement for a design conference that was going to happen in May 2011, and states in the program that Mr. Lucente was a consultant for HP.  *See id.* (citing http://www.dmi.org/dmi/html/conference/europe11/s_hp.htm).  Neither of these websites, even if

1 they were accurate at the time they were created, contradict Samsung's representations that Mr.
2 Lucente no longer consults for HP.  In any event, this evening counsel for Samsung contacted Mr.
3 Lucente yet again and confirmed that he ended his relationship with HP in November 2010 and
4 that all the information and disclosures he has provided to Apple in response to their numerous
5 requests are accurate.  *Id.* ¶ 15.  Apple's newly minted objection based on such thin, facially
6 spurious "evidence" only confirms that Apple's purpose is delay and obstruction, not on any
7 legitimate concern about Mr. Lucente's abiding by the protective order.

**III.    ARGUMENT**

   **A.    Apple Has No Legal Basis for its Objections to Mr. Lucente**

For an expert to opine on the design patents that Apple chose to put at issue in this case, that expert should be one with knowledge of the prior art in the field.  *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 676-77 (Fed. Cir. 2008).  Issues such as functionality also are the proper subject of expert testimony, since only ornamental elements are protectable.  *See OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997) ("A design patent only protects the novel, ornamental features of the patented design.").  Accordingly, opinion and testimony from an expert with extensive experience with mobile device and graphical user interface design is warranted and key to Samsung's ability to defend itself in this litigation.  Mr. Lucente has these qualifications and no business conflicts with Apple.

Despite Samsung's forthright responses to Apple's ever evolving, irrelevant questions and inappropriate delay, Apple persists in objecting to Mr. Lucente for the meritless reason that he has a pending utility patent application in Europe, which relates to a U.S. patent he invented in the 1990s.  To date, Apple has never articulated any reason why Mr. Lucente's pending utility patent application should prevent him from seeing Apple's confidential material and deposition testimony under the protective order.  Apple is merely using Mr. Lucente's qualifications as a Catch-22, blocking him from confidential Apple documents because of his highly relevant experience in the design field.  This is untenable and unreasonable, especially because Mr. Lucente has confirmed that he does not design mobile devices for anyone, nor does he have any clients who do so.  Apple should not be allowed to force Samsung to defend itself against charges

of design patent, trademark, and trade dress infringement and also prevent Samsung from mounting that defense through relevant expert testimony. And Apple's latest, eleventh hour suggestion that Samsung and Mr. Lucente have lied to Apple about his representation of HP, based on two outdated websites Apple found this evening, is further proof that Apple is using the protective order for procedural games to obstruct and delay at any cost.

Apple's position is all the more frivolous because Apple is not even producing information related to unreleased products or other projects in development. Instead, it has broadly refused to produce such discovery and is producing documents related to technologies and designs it has already released to the public. Apple cannot credibly contend that these documents are so sensitive that Mr. Lucente cannot be allowed to see them. Indeed, as Samsung demonstrated on the Sherman motion that this Court recently granted in the face of Apple's baseless objections to him, many of Apple's internal documents relating to its design of these public products are literally many years old and contain no sensitive business information. (*See* Samsung's Motion for Clarification at 6, submitted under seal on January 11, 2012; *see also* Samsung's Motion for Entry of a Protective Order at 3-4, submitted under seal on January 11, 2012.)

### B. Apple's Attempted Horse Trade Illustrates That Its Objections Are Meant to Delay and Gain a Tactical Advantage

Apple's flimsy legal ground is further belied by its "offers" to withdraw its objections to Mr. Lucente if Samsung withdrew objections to Mr. Bressler. This is essentially an admission that Apple had no reason to object to Mr. Lucente but was doing so only as a bargaining chip. But even after Samsung withdrew its objections to Mr. Bressler, Apple reneged and continued to maintain its objections merely to delay Samsung's expert from receiving essential information. Such delays are unreasonable given the expedited timeframe of the litigation. With expert reports due on March 22, 2012, less than two months away, these dilatory tactics are inexcusable.

C. **Apple Is Inappropriately Using The Protective Order To Impede Samsung From Presenting Its Invalidity and Non-Infringement Defenses on Design Patent and Trademark/Trade Dress Issues**

By prohibiting Samsung from sharing directly relevant discovery with its experts, Apple is misusing the protective order to thwart Samsung's ability to defend itself on the very issues *Apple* raised in its complaint. The protective order is founded on the trust the Court places on the parties' outside counsel and experts to protect confidential information from being distributed inappropriately. And Apple has provided Samsung with absolutely no basis for its concerns that Mr. Lucente would violate the protective order or otherwise infringe on Apple's proprietary rights. *See* Court Order at Dkt No. 535 at 3 n.3 (citing *Advanced Semiconductor Materials Am. Inc. v. Applied Materials Inc.*, No. 95-20169 RMW (EAI), 1996 WL 908654 (N.D. Cal. Oct. 28, 1996) and *Telular Corp. v. VOX2, Inc.*, No. 00 C 6144, 2001 WL 641188, at *1 (N.D. Ill. June 4, 2001) for proposition that defendant's concern that plaintiff's expert would consult in the relevant industry in the future was insufficient to deny the expert access under the terms of the protective order.)

Apple put its interface design patents, trademarks, and trade dress at issue and has produced relevant documents and testimony that it alleges are highly confidential. Apple should be required to prove its case on the merits without withholding these highly relevant materials from Samsung's chosen expert.

**IV.    CONCLUSION**

Apple has no basis supporting its objections to the disclosure of confidential information to Mr. Lucente. Nothing in this record justifies any restriction on Mr. Lucente's access to the information, and Apple has already delayed too long in a case that has been expedited at Apple's insistence. The Court should allow Samsung to make disclosure of confidential materials to Mr. Lucente without further obstruction by Apple.

| | | |
|---|---|---|
| 1 | DATED: January 30, 2012 | Respectfully submitted, |
| 2 | | QUINN EMANUEL URQUHART |
| 3 | | & SULLIVAN, LLP |

By */s/ Michael Zeller*
   Charles K. Verhoeven
   Kevin P.B. Johnson
   Victoria F. Maroulis
   Michael T. Zeller
   Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

02198.51855/4572793.4

-8-
MOTION TO PERMIT SAMSUNG'S EXPERT SAMUEL LUCENTE TO REVIEW CONFIDENTIAL MATERIALS

**General Order 45 Attestation**

I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to e-file this Declaration. In compliance with General Order 45(X)(B), I hereby attest that Michael Zeller has concurred in this filing.

/s/ Victoria Maroulis