QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129)
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                    Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF ALBERT P. BEDECARRÉ IN SUPPORT OF SAMSUNG'S MOTION TO PERMIT ITS EXPERT SAMUEL LUCENTE TO REVIEW MATERIALS DESIGNATED UNDER THE PROTECTIVE ORDER**<br><br>Date: February 7, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

02198.51855/4573700.2

DECLARATION OF ALBERT P. BEDECARRÉ

I, Albert P. Bedecarré, declare as follows:

1.       I am a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung"). I am licensed to practice law in the State of California. I submit this declaration in support of Samsung's Motion to Permit Samsung's Expert Samuel Lucente to Review Materials Designated Under the Protective Order. I have personal knowledge of the facts set forth in this declaration, except as otherwise noted, and, if called upon as a witness, I could and would testify to the following facts.

2.       Attached hereto as **Exhibit A** is a true and correct copy of a December 13, 2011 email sent from Alex Binder, counsel for Samsung, to counsel for Apple regarding the disclosure of expert Samuel Lucente, which includes Mr. Lucente's curriculum vitae and his signed agreement to be bound by the Protective Order.

3.       Attached hereto as **Exhibit B** is a true and correct copy of a December 27, 2011 letter from Mia Mazza, counsel for Apple, to Melissa Chan, counsel for Samsung, regarding Apple's objections to the disclosure of Mr. Lucente.

4.       On January 5, 2012, lead counsel met and conferred regarding various topics, and I am informed by my co-counsel, Rachel Kassabian, that the parties discussed Apple's objections to the disclosure of confidential materials to Mr. Lucente. I am also informed that counsel for Samsung agreed to provide responsive information to Apple regarding questions Apple had raised about Mr. Lucente and his business. Attached hereto as **Exhibit C** is a true and correct copy of a January 4, 2012 email from Ms. Mazza to Rachel Kassabian, counsel for Samsung, listing Apple's agenda topics for the lead counsel meeting, which included on page 2 "Expert issues related to Messrs. Bressler, Sowayan, and Lucente."

5.       Attached hereto as **Exhibit D** is a true and correct copy of a January 8, 2012 email from Ms. Chan to Ms. Mazza providing the requested additional information regarding Mr. Lucente to Apple's counsel.

02198.51855/4573700.2

-1-                                                 Case No. 11-cv-01846-LHK
DECLARATION OF ALBERT P. BEDECARRÉ IN SUPPORT OF SAMSUNG'S
MOTION TO PERMIT MR. LUCENTE TO REVIEW DESIGNATED MATERIALS

6.      Attached hereto as **Exhibit E** is a true and correct copy of a January 16, 2012 email from Ms. Kassabian to Ms. Mazza regarding Apple's objections to Mr. Lucente.

7.      Attached hereto as **Exhibit F** is a true and correct copy of a January 16, 2012 email from Ms. Mazza to Ms. Kassabian regarding "clos[ing] the loop" on Mr. Lucente and Apple's proposed expert Peter Bressler.

8.      Attached hereto as **Exhibit G** is a true and correct copy of a January 17, 2012 email from Ms. Mazza to Ms. Kassabian and a true and correct copy of the attached letter requesting further information regarding Mr. Lucente.  The letter is dated January 16, 2012, but was actually emailed to Ms. Kassabian on the afternoon of January 17, 2012.

9.      Attached hereto as **Exhibit H** is a true and correct copy of a January 20, 2012 letter from Ms. Kassabian to Ms. Mazza providing additional information regarding Mr. Lucente.

10.     Attached hereto as **Exhibit I** is a true and correct copy of a January 24, 2012 letter from Ms. Kassabian to Ms. Mazza regarding Apple's continued objections to Mr. Lucente and lack of response regarding expert Dr. David Anders.

11.     Attached hereto as **Exhibit J** is a true and correct copy of a January 24, 2012 letter from Marc Pernick, counsel for Apple, to Mr. Binder requesting additional information regarding Mr. Anders and Mr. Lucente.

12.     Attached hereto as **Exhibit K** is a true and correct copy of a January 25, 2012 letter from Ms. Kassabian to Ms. Mazza regarding its objections to Mr. Lucente and Mr. Anders.

13.     Attached hereto as **Exhibit L** is a true and correct copy of a January 28, 2012 letter from Ms. Kassabian to Ms. Mazza regarding Apple's continued objections to Mr. Lucente.

14.     Attached hereto as **Exhibit M** is a true and correct copy of a January 30, 2012 letter from Mr. Pernick to Ms. Kassabian regarding Apple's continued objections to Mr. Lucente.

15.     This evening, I called Mr. Lucente after receiving the January 30, 2012 letter from Mr. Pernick to discuss the content of Mr. Lucente's prior disclosures and the accuracy or inaccuracy of the websites that counsel for Apple had brought to our attention for the first time this evening.  Mr. Lucente confirmed that these websites are neither accurate nor up to date.  He confirmed that his prior disclosures, including his curriculum vitae and the responses to two

1    rounds of further questions from Apple, have all been accurate and that he ceased to consult or

2    work for HP by no later than November 2010.  Mr. Lucente also confirmed that he currently does

3    no design work related to mobile devices nor does he consult for any clients in this field.

4            I declare under penalty of perjury under the laws of the United States of America

5    that the foregoing is true and correct.

6            Executed January 30, 2012, at Los Angeles, California.

7

8                                        _/s/ Albert P. Bedecarré_____
                                         Albert P. Bedecarré

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

02198.51855/4573700.2

-3-                                    Case No. 11-cv-01846-LHK
DECLARATION OF ALBERTP. BEDECARRÉ IN SUPPORT OF SAMSUNG'S
MOTION TO PERMIT MR. LUCENTE TO REVIEW DESIGNATED MATERIALS

**General Order 45 Attestation**

I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to e-file this Declaration.  In compliance with General Order 45(X)(B), I hereby attest that Albert P. Bedecarré has concurred in this filing.

/s/ Victoria Maroulis

DECLARATION OF ALBERTP. BEDECARRÉ IN SUPPORT OF SAMSUNG'S
MOTION TO PERMIT MR. LUCENTE TO REVIEW DESIGNATED MATERIALS