1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                    UNITED STATES DISTRICT COURT

17           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

| | |
|---|---|
| 19  APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| 20          Plaintiff, | **SAMSUNG'S REQUEST FOR JUDICIAL NOTICE REGARDING APPLE'S CLAIM CONSTRUCTION POSITIONS ON U.S PATENT NO. 7,469,381** |
| 21     vs. | |
| 22  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 23 | |
| 24 | |
| 25          Defendant. | |
| 26 | |

27

28

Pursuant to Fed. R. Evid. 201, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") respectfully request that the Court take judicial notice of the following:

1. Complainant Apple's Non-Confidential Complaint in *Certain Portable Electronic Devices and Related Software*, ITC Inv. No. 337-TA-797, United States International Trade Commission, dated July 8, 2011 ("ITC Complaint"), attached hereto as Exhibit 1.

2. Exhibit 20 filed in support of Complainant Apple's Non-Confidential Complaint in *Certain Portable Electronic Devices and Related Software*, ITC Inv. No. 337-TA-797, United States International Trade Commission ("ITC Claim Chart"), attached hereto as Exhibit 2.

In addition, a video recording of the Apple iPhone Stocks Application, as shown to the Court during the claim construction hearing on January 20, 2012, is attached hereto as Exhibit 3.

Despite being responsive to several of Samsung's discovery requests relating to U.S. Patent No. 7,469,381 ("'381 patent"), Apple has not produced the ITC Complaint or ITC Claim Chart to Samsung nor did Apple inform the Court of these highly relevant documents during the preliminary injunction or claim construction proceedings in this action.   Samsung's counsel became aware of these documents just days before the claim construction hearing and promptly brought them to the attention of the Court at the hearing.

**BASIS FOR REQUESTING JUDICIAL NOTICE**

During the January 20, 2012 claim construction hearing, Apple argued that for the '381 patent, content cannot appear beyond the edge of an "electronic document" and that an electronic document cannot have an "internal" edge.   Apple also argued that a digital image is not an "electronic document" when it is embedded within a larger electronic document, such as a web page.   Apple's arguments contradict the positions it took in the ITC Complaint and ITC Claim Chart.   *See Certain Portable Electronic Devices and Related Software*, ITC Inv. No. 337-TA-797.

02198.51855/4559139.4

1        In the ITC Complaint and ITC Claim Chart, Apple represented that the Stocks application
2   on the iPhone practices claim 1 of the '381 patent and provided a claim chart purporting to show
3   how the Stocks application meets each limitation of claim 1.   *See* ITC Complaint ¶ 69 and ITC
4   Claim Chart.   As shown in the ITC claim chart, the Stocks application occupies the entire display
5   and is an electronic document that has external edges.   Embedded within the Stocks application
6   are three additional electronic documents: a stocks list (upper portion of touch screen display), a
7   graph (lower-middle portion of touch screen display) and a menu bar (lowermost portion of touch
8   screen display).   Apple alleged in its ITC Claim Chart that the embedded stocks list is an
9   "electronic document" and that the bottom edge of the stocks list is an "edge of an electronic
10  document."   The stocks list has an internal edge within the Stocks application document, and
11  content exists beyond this internal edge.   The stocks list bounces back when a finger is removed
12  from the touch screen as shown below.



(Bounce-Back Scrolling in iPhone Stock Application When Finger Is Removed From Touch Screen.)

*See* ITC Claim Chart at 4-6.

    Thus, Apple has represented in its ITC claim charts that an electronic document (*i.e.* the stocks list) may be embedded within another electronic document (*i.e.* the Stocks application), that an "internal" edge can be an edge of an electronic document, and that content (*i.e.* the graph below

02198.51855/4559139.4

1  the stocks list) may appear beyond the edge of an electronic document.   These assertions

2  contradict Apple's proposed claim construction in this case.[1]

3        In ruling on claim construction, this Court may take judicial notice of Exhibits 1 and 2

4  pursuant to Fed. R. Evid. 201 because each are public filings in an administrative proceeding that

5  are capable of accurate and ready determination.   *See* Fed. R. Evid. 201; *Kurtcu v. U.S. Parking*

6  *Inc.*, 2008 WL 2445080 (N.D. Cal. 2008) ("[J]udicial notice may be taken of orders and decisions

7  taken by other courts and administrative agencies.") (citing *Papai v. Harbor Tug & Barge Co.*, 67

8  F.3d 203, 207 (9th Cir. 1995) (overruled on other grounds)).   Because Exhibits 1 and 2 are highly

9  relevant to the claim construction issues relating to '381 patent and Apple failed to disclose both

10 to Samsung and the Court, Samsung respectfully requests that the Court take judicial notice of

11 these documents at this time.

13 DATED: January 31, 2012         Respectfully submitted,

14                                       QUINN EMANUEL URQUHART &
15                                       SULLIVAN, LLP

17                             By   /s/   Charles K. Verhoeven
18                                Charles K. Verhoeven
                                  Kevin P.B. Johnson
19                                Victoria F. Maroulis
                                  Michael T. Zeller
20                                Attorneys for SAMSUNG ELECTRONICS CO.,
                                  LTD., SAMSUNG ELECTRONICS AMERICA,
21                                INC. and SAMSUNG
                                  TELECOMMUNICATIONS AMERICA, LLC

---

[1] At the January 20, 2012 claim construction hearing, Apple appeared to argue that the Stocks application display is not an electronic document and therefore the edge between the stocks list and the graph below the stocks list is not an internal edge.   Apple's argument is directly contradicted by the Stocks application display itself, which is plainly an electronic document, and by the testimony of Apple's own expert and inventor.   Samsung's Resp. Claim Const. Br. at 7; Balakrishnan Dep. 157:19-158:20, Ex. 104; Ording Dep. 20:18-21:3.

02198.51855/4559139.4

**GENERAL ORDER 45 ATTESTATION**

I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to file this Declaration.   In compliance with General Order 45(X)(B), I hereby attest that Charles K. Verhoeven has concurred in this filing.

          */s/ Victoria Maroulis*

02198.51855/4559139.4

-5-    Case No. 10-CV-03251-LHK
REQUEST FOR JUDICIAL NOTICE