1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Charles K. Verhoeven (Bar No. 170151)
2    charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5    Kevin P.B. Johnson (Bar No. 177129)
     kevinjohnson@quinnemanuel.com
6    Victoria F. Maroulis (Bar No. 202603)
     victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
8  Telephone:    (650) 801-5000
   Facsimile:    (650) 801-5100
9

10   Michael T. Zeller (Bar No. 196417)
     michaelzeller@quinnemanuel.com
11 865 S. Figueroa St., 10th Floor
   Los Angeles, California 90017
12 Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
13

14 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
15 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16

17               UNITED STATES DISTRICT COURT

18        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19

20 APPLE INC., a California corporation,          CASE NO. 11-cv-01846-LHK

21               Plaintiff,                       **SAMSUNG'S NOTICE OF MOTION AND
                                                  MOTION TO COMPEL APPLE TO
22        vs.                                     RESPOND TO SAMSUNG'S REQUESTS
                                                  FOR ADMISSION 101-190**
23 SAMSUNG ELECTRONICS CO., LTD., a
   Korean business entity; SAMSUNG               Date: March 6, 2012
24 ELECTRONICS AMERICA, INC., a New             Time: 10:00 am
   York corporation; SAMSUNG                     Place: Courtroom 5, 4th Floor
25 TELECOMMUNICATIONS AMERICA,                   Judge: Hon. Paul S. Grewal
   LLC, a Delaware limited liability company,
26
27               Defendant.
28

02198.51855/4557142.3

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 6, 2012 at 10:00 am or as soon thereafter as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") move the Court for an order compelling Apple Inc. ("Apple") to respond with an admission or denial to Samsung's Requests for Admission nos. 101-109 within three days of the Court's order to that effect.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declaration of Scott Hall and exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court.

## RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 36(a), Samsung seeks an order compelling Apple to respond to Samsung's Requests for Admission 101-190.

## SAMSUNG'S CIVIL L.R. 37-2 STATEMENT

Pursuant to Civil L.R. 37-2, Samsung's discovery requests to Apple are set forth in full below along with Apple's responses and objections:

**REQUEST FOR ADMISSION NO. 101:**

Admit that the claimed design in United States Patent D627,777 is substantially the same as the claimed design in United States Patent D504,889.

**RESPONSE TO REQUEST FOR ADMISSION NO. 101:**

Apple objects that this request is vague and ambiguous as to the phrases "claimed design" and "substantially the same." Apple objects further that this request does not consist of the application of law to facts, but is rather being used to compel an admission of a conclusion of law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

1 request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

2 or deny this request.

3 **REQUEST FOR ADMISSION NO. 102:**

4 Admit that the claimed design in United States Patent D627,777 is not substantially the

5 same as the claimed design in United States Patent D504,889.

6 **RESPONSE TO REQUEST FOR ADMISSION NO. 102:**

7 Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

8 and "substantially the same." Apple objects further that this request does not consist of the

9 application of law to facts, but is rather being used to compel an admission of a conclusion of

10 law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

11 request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

12 or deny this request.

13 **REQUEST FOR ADMISSION NO. 103:**

14 Admit that the claimed design in United States Patent D637,596 is substantially the same

15 as the claimed design in United States Patent D504,889.

16 **RESPONSE TO REQUEST FOR ADMISSION NO. 103:**

17 Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

18 and "substantially the same." Apple objects further that this request does not consist of the

19 application of law to facts, but is rather being used to compel an admission of a conclusion of

20 law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

21 request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

22 or deny this request.

23 **REQUEST FOR ADMISSION NO. 104:**

24 Admit that the claimed design in United States Patent D637,596 is not substantially the

25 same as the claimed design in United States Patent D504,889.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 104:**

27 Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

28 and "substantially the same." Apple objects further that this request does not consist of the

1  application of law to facts, but is rather being used to compel an admission of a conclusion of

2  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

3  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

4  or deny this request.

5  **REQUEST FOR ADMISSION NO. 105:**

6  Admit that the claimed design in United States Patent D637,596 is substantially the same

7  as the claimed design in United States Patent D627,777.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 105:**

9  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

10  and "substantially the same." Apple objects further that this request does not consist of the

11  application of law to facts, but is rather being used to compel an admission of a conclusion of

12  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

13  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

14  or deny this request.

15  **REQUEST FOR ADMISSION NO. 106:**

16  Admit that the claimed design in United States Patent D637,596 is not substantially the

17  same as the claimed design in United States Patent D627,777.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 106:**

19  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

20  and "substantially the same." Apple objects further that this request does not consist of the

21  application of law to facts, but is rather being used to compel an admission of a conclusion of

22  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

23  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

24  or deny this request.

25  **REQUEST FOR ADMISSION NO. 107:**

26  Admit that the claimed design in United States Patent D617,334 is substantially the same

27  as the claimed design in United States Patent D604,305.

28

**RESPONSE TO REQUEST FOR ADMISSION NO. 107:**

Apple objects that this request is vague and ambiguous as to the phrases "claimed design" and "substantially the same." Apple objects further that this request does not consist of the application of law to facts, but is rather being used to compel an admission of a conclusion of law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit or deny this request.

**REQUEST FOR ADMISSION NO. 108:**

Admit that the claimed design in United States Patent D617,334 is not substantially the same as the claimed design in United States Patent D604,305.

**RESPONSE TO REQUEST FOR ADMISSION NO. 108:**

Apple objects that this request is vague and ambiguous as to the phrases "claimed design" and "substantially the same." Apple objects further that this request does not consist of the application of law to facts, but is rather being used to compel an admission of a conclusion of law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit or deny this request.

**REQUEST FOR ADMISSION NO. 109:**

Admit that the claimed design in United States Patent D617,334 is substantially the same as the claimed design in United States Patent D627,790.

**RESPONSE TO REQUEST FOR ADMISSION NO. 109:**

Apple objects that this request is vague and ambiguous as to the phrases "claimed design" and "substantially the same." Apple objects further that this request does not consist of the application of law to facts, but is rather being used to compel an admission of a conclusion of law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit or deny this request.

1  **REQUEST FOR ADMISSION NO. 110:**

2  Admit that the claimed design in United States Patent D617,334 is not substantially the

3  same as the claimed design in United States Patent D627,790.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 110:**

5  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

6  and "substantially the same." Apple objects further that this request does not consist of the

7  application of law to facts, but is rather being used to compel an admission of a conclusion of

8  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

9  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

10  or deny this request.

11  **REQUEST FOR ADMISSION NO. 111:**

12  Admit that the claimed design in United States Patent D627,790 is substantially the same

13  as the claimed design in United States Patent D604,305.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 111:**

15  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

16  and "substantially the same." Apple objects further that this request does not consist of the

17  application of law to facts, but is rather being used to compel an admission of a conclusion of

18  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

19  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

20  or deny this request.

21  **REQUEST FOR ADMISSION NO. 112:**

22  Admit that the claimed design in United States Patent D627,790 is not substantially the

23  same as the claimed design in United States Patent D604,305.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 112:**

25  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

26  and "substantially the same." Apple objects further that this request does not consist of the

27  application of law to facts, but is rather being used to compel an admission of a conclusion of

28  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

1   request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

2   or deny this request.

3   **REQUEST FOR ADMISSION NO. 113:**

4   Admit that the claimed design in United States Patent D622,270 is substantially the same

5   as the claimed design in United States Patent D593,087.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 113:**

7   Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

8   and "substantially the same." Apple objects further that this request does not consist of the

9   application of law to facts, but is rather being used to compel an admission of a conclusion of

10  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

11  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

12  or deny this request.

13  **REQUEST FOR ADMISSION NO. 114:**

14  Admit that the claimed design in United States Patent D622,270 is not substantially the

15  same as the claimed design in United States Patent D593,087.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 114:**

17  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

18  and "substantially the same." Apple objects further that this request does not consist of the

19  application of law to facts, but is rather being used to compel an admission of a conclusion of

20  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

21  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

22  or deny this request.

23  **REQUEST FOR ADMISSION NO. 115:**

24  Admit that the claimed design in United States Patent D622,270 is substantially the same

25  as the claimed design in United States Patent D618,677.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 115:**

27  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

28  and "substantially the same." Apple objects further that this request does not consist of the

1    application of law to facts, but is rather being used to compel an admission of a conclusion of

2    law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

3    request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

4    or deny this request.

5    **REQUEST FOR ADMISSION NO. 116:**

6    Admit that the claimed design in United States Patent D622,270 is not substantially the

7    same as the claimed design in United States Patent D618,677.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 116:**

9    Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

10   and "substantially the same." Apple objects further that this request does not consist of the

11   application of law to facts, but is rather being used to compel an admission of a conclusion of

12   law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

13   request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

14   or deny this request.

15   **REQUEST FOR ADMISSION NO. 117:**

16   Admit that the claimed design in United States Patent D618,677 is substantially the same

17   as the claimed design in United States Patent D593,087.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 117:**

19   Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

20   and "substantially the same." Apple objects further that this request does not consist of the

21   application of law to facts, but is rather being used to compel an admission of a conclusion of

22   law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

23   request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

24   or deny this request.

25   **REQUEST FOR ADMISSION NO. 118:**

26   Admit that the claimed design in United States Patent D618,677 is not substantially the

27   same as the claimed design in United States Patent D593,087.

28

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 118:**

2  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

3  and "substantially the same." Apple objects further that this request does not consist of the

4  application of law to facts, but is rather being used to compel an admission of a conclusion of

5  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

6  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

7  or deny this request.

8  **REQUEST FOR ADMISSION NO. 119:**

9  Admit that the claimed design in United States Patent D629,799 is substantially the same

10  as the claimed design in United States Patent D593,087.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 119:**

12  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

13  and "substantially the same." Apple objects further that this request does not consist of the

14  application of law to facts, but is rather being used to compel an admission of a conclusion of

15  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

16  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

17  or deny this request.

18  **REQUEST FOR ADMISSION NO. 120:**

19  Admit that the claimed design in United States Patent D629,799 is not substantially the

20  same as the claimed design in United States Patent D593,087.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 120:**

22  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

23  and "substantially the same." Apple objects further that this request does not consist of the

24  application of law to facts, but is rather being used to compel an admission of a conclusion of

25  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

26  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

27  or deny this request.

28

1   **REQUEST FOR ADMISSION NO. 121:**

2   Admit that the claimed design in United States Patent D629,799 is substantially the same

3   as the claimed design in United States Patent D618,677.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 121:**

5   Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

6   and "substantially the same." Apple objects further that this request does not consist of the

7   application of law to facts, but is rather being used to compel an admission of a conclusion of

8   law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

9   request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

10  or deny this request.

11  **REQUEST FOR ADMISSION NO. 122:**

12  Admit that the claimed design in United States Patent D629,799 is not substantially the

13  same as the claimed design in United States Patent D618,677.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 122:**

15  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

16  and "substantially the same." Apple objects further that this request does not consist of the

17  application of law to facts, but is rather being used to compel an admission of a conclusion of

18  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

19  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

20  or deny this request.

21  **REQUEST FOR ADMISSION NO. 123:**

22  Admit that the claimed design in United States Patent D629,799 is substantially the same

23  as the claimed design in United States Patent D622,270.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 123:**

25  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

26  and "substantially the same." Apple objects further that this request does not consist of the

27  application of law to facts, but is rather being used to compel an admission of a conclusion of

28  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

1   request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

2   or deny this request.

3   **REQUEST FOR ADMISSION NO. 124:**

4   Admit that the claimed design in United States Patent D629,799 is not substantially the

5   same as the claimed design in United States Patent D622,270.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 124:**

7   Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

8   and "substantially the same." Apple objects further that this request does not consist of the

9   application of law to facts, but is rather being used to compel an admission of a conclusion of

10  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

11  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

12  or deny this request.

13  **REQUEST FOR ADMISSION NO. 125:**

14  Admit that the claimed design in United States Patent D630,630 is substantially the same

15  as the claimed design in United States Patent D593,087.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 125:**

17  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

18  and "substantially the same." Apple objects further that this request does not consist of the

19  application of law to facts, but is rather being used to compel an admission of a conclusion of

20  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

21  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

22  or deny this request.

23  **REQUEST FOR ADMISSION NO. 126:**

24  Admit that the claimed design in United States Patent D630,630 is not substantially the

25  same as the claimed design in United States Patent D593,087.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 126:**

27  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

28  and "substantially the same." Apple objects further that this request does not consist of the

1  application of law to facts, but is rather being used to compel an admission of a conclusion of

2  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

3  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

4  or deny this request.

5  **REQUEST FOR ADMISSION NO. 127:**

6  Admit that the claimed design in United States Patent D630,630 is substantially the same

7  as the claimed design in United States Patent D618,677.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 127:**

9  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

10  and "substantially the same." Apple objects further that this request does not consist of the

11  application of law to facts, but is rather being used to compel an admission of a conclusion of

12  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

13  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

14  or deny this request.

15  **REQUEST FOR ADMISSION NO. 128:**

16  Admit that the claimed design in United States Patent D630,630 is not substantially the

17  same as the claimed design in United States Patent D618,677.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 128:**

19  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

20  and "substantially the same." Apple objects further that this request does not consist of the

21  application of law to facts, but is rather being used to compel an admission of a conclusion of

22  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

23  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

24  or deny this request.

25  **REQUEST FOR ADMISSION NO. 129:**

26  Admit that the claimed design in United States Patent D630,630 is substantially the same

27  as the claimed design in United States Patent D622,270.

28

02198.51855/4557142.3

-11-                                            Case No. 11-cv-01846-LHK
SAMSUNG'S NOTICE OF MOTION AND MOTION TO COMPEL APPLE TO RESPOND TO SAMSUNG'S
REQUESTS FOR ADMISSION 101-190

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 129:**

2  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

3  and "substantially the same." Apple objects further that this request does not consist of the

4  application of law to facts, but is rather being used to compel an admission of a conclusion of

5  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

6  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

7  or deny this request.

8  **REQUEST FOR ADMISSION NO. 130:**

9  Admit that the claimed design in United States Patent D630,630 is not substantially the

10  same as the claimed design in United States Patent D622,270.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 130:**

12  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

13  and "substantially the same." Apple objects further that this request does not consist of the

14  application of law to facts, but is rather being used to compel an admission of a conclusion of

15  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

16  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

17  or deny this request.

18  **REQUEST FOR ADMISSION NO. 131:**

19  Admit that the claimed design in United States Patent D633,090 is substantially the same

20  as the claimed design in United States Patent D593,087.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 131:**

22  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

23  and "substantially the same." Apple objects further that this request does not consist of the

24  application of law to facts, but is rather being used to compel an admission of a conclusion of

25  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

26  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

27  or deny this request.

28

1   **REQUEST FOR ADMISSION NO. 132:**

2   Admit that the claimed design in United States Patent D633,090 is not substantially the

3   same as the claimed design in United States Patent D593,087.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 132:**

5   Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

6   and "substantially the same." Apple objects further that this request does not consist of the

7   application of law to facts, but is rather being used to compel an admission of a conclusion of

8   law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

9   request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

10  or deny this request.

11  **REQUEST FOR ADMISSION NO. 133:**

12  Admit that the claimed design in United States Patent D633,090 is substantially the same

13  as the claimed design in United States Patent D618,677.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 133:**

15  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

16  and "substantially the same." Apple objects further that this request does not consist of the

17  application of law to facts, but is rather being used to compel an admission of a conclusion of

18  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

19  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

20  or deny this request.

21  **REQUEST FOR ADMISSION NO. 134:**

22  Admit that the claimed design in United States Patent D633,090 is not substantially the

23  same as the claimed design in United States Patent D618,677.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 134:**

25  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

26  and "substantially the same." Apple objects further that this request does not consist of the

27  application of law to facts, but is rather being used to compel an admission of a conclusion of

28  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

1    request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

2    or deny this request.

3    **REQUEST FOR ADMISSION NO. 135:**

4    Admit that the claimed design in United States Patent D633,090 is substantially the same

5    as the claimed design in United States Patent D622,270.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 135:**

7    Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

8    and "substantially the same." Apple objects further that this request does not consist of the

9    application of law to facts, but is rather being used to compel an admission of a conclusion of

10   law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

11   request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

12   or deny this request.

13   **REQUEST FOR ADMISSION NO. 136:**

14   Admit that the claimed design in United States Patent D633,090 is not substantially the

15   same as the claimed design in United States Patent D622,270.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 136:**

17   Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

18   and "substantially the same." Apple objects further that this request does not consist of the

19   application of law to facts, but is rather being used to compel an admission of a conclusion of

20   law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

21   request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

22   or deny this request.

23   **REQUEST FOR ADMISSION NO. 137:**

24   Admit that the claimed design in United States Patent D633,092 is substantially the same

25   as the claimed design in United States Patent D593,087.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 137:**

27   Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

28   and "substantially the same." Apple objects further that this request does not consist of the

application of law to facts, but is rather being used to compel an admission of a conclusion of law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit or deny this request.

**REQUEST FOR ADMISSION NO. 138:**

Admit that the claimed design in United States Patent D633,092 is not substantially the same as the claimed design in United States Patent D593,087.

**RESPONSE TO REQUEST FOR ADMISSION NO. 138:**

Apple objects that this request is vague and ambiguous as to the phrases "claimed design" and "substantially the same." Apple objects further that this request does not consist of the application of law to facts, but is rather being used to compel an admission of a conclusion of law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit or deny this request.

**REQUEST FOR ADMISSION NO. 139:**

Admit that the claimed design in United States Patent D633,092 is substantially the same as the claimed design in United States Patent D618,677.

**RESPONSE TO REQUEST FOR ADMISSION NO. 139:**

Apple objects that this request is vague and ambiguous as to the phrases "claimed design" and "substantially the same." Apple objects further that this request does not consist of the application of law to facts, but is rather being used to compel an admission of a conclusion of law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit or deny this request.

**REQUEST FOR ADMISSION NO. 140:**

Admit that the claimed design in United States Patent D633,092 is not substantially the same as the claimed design in United States Patent D618,677.

1 **RESPONSE TO REQUEST FOR ADMISSION NO. 140:**

2 Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

3 and "substantially the same." Apple objects further that this request does not consist of the

4 application of law to facts, but is rather being used to compel an admission of a conclusion of

5 law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

6 request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

7 or deny this request.

8 **REQUEST FOR ADMISSION NO. 141:**

9 Admit that the claimed design in United States Patent D633,092 is substantially the same

10 as the claimed design in United States Patent D622,270.

11 **RESPONSE TO REQUEST FOR ADMISSION NO. 141:**

12 Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

13 and "substantially the same." Apple objects further that this request does not consist of the

14 application of law to facts, but is rather being used to compel an admission of a conclusion of

15 law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

16 request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

17 or deny this request.

18 **REQUEST FOR ADMISSION NO. 142:**

19 Admit that the claimed design in United States Patent D633,092 is not substantially the

20 same as the claimed design in United States Patent D622,270.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 142:**

22 Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

23 and "substantially the same." Apple objects further that this request does not consist of the

24 application of law to facts, but is rather being used to compel an admission of a conclusion of

25 law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

26 request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

27 or deny this request.

28

1  **REQUEST FOR ADMISSION NO. 143:**

2  Admit that the claimed design in United States Patent D633,493 is substantially the same

3  as the claimed design in United States Patent D593,087.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 143:**

5  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

6  and "substantially the same." Apple objects further that this request does not consist of the

7  application of law to facts, but is rather being used to compel an admission of a conclusion of

8  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

9  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

10  or deny this request.

11  **REQUEST FOR ADMISSION NO. 144:**

12  Admit that the claimed design in United States Patent D633,493 is not substantially the

13  same as the claimed design in United States Patent D593,087.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 144:**

15  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

16  and "substantially the same." Apple objects further that this request does not consist of the

17  application of law to facts, but is rather being used to compel an admission of a conclusion of

18  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

19  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

20  or deny this request.

21  **REQUEST FOR ADMISSION NO. 145:**

22  Admit that the claimed design in United States Patent D633,493 is substantially the same

23  as the claimed design in United States Patent D618,677.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 145:**

25  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

26  and "substantially the same." Apple objects further that this request does not consist of the

27  application of law to facts, but is rather being used to compel an admission of a conclusion of

28  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

1  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

2  or deny this request.

3  **REQUEST FOR ADMISSION NO. 146:**

4  Admit that the claimed design in United States Patent D633,493 is not substantially the

5  same as the claimed design in United States Patent D618,677.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 146:**

7  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

8  and "substantially the same." Apple objects further that this request does not consist of the

9  application of law to facts, but is rather being used to compel an admission of a conclusion of

10 law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

11 request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

12 or deny this request.

13 **REQUEST FOR ADMISSION NO. 147:**

14 Admit that the claimed design in United States Patent D633,493 is substantially the same

15 as the claimed design in United States Patent D622,270.

16 **RESPONSE TO REQUEST FOR ADMISSION NO. 147:**

17 Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

18 and "substantially the same." Apple objects further that this request does not consist of the

19 application of law to facts, but is rather being used to compel an admission of a conclusion of

20 law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

21 request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

22 or deny this request.

23 **REQUEST FOR ADMISSION NO. 148:**

24 Admit that the claimed design in United States Patent D633,493 is not substantially the

25 same as the claimed design in United States Patent D622,270.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 148:**

27 Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

28 and "substantially the same." Apple objects further that this request does not consist of the

1  application of law to facts, but is rather being used to compel an admission of a conclusion of

2  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

3  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

4  or deny this request.

5  **REQUEST FOR ADMISSION NO. 149:**

6  Admit that the claimed design in United States Patent D633,908 is substantially the same

7  as the claimed design in United States Patent D593,087.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 149:**

9  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

10  and "substantially the same." Apple objects further that this request does not consist of the

11  application of law to facts, but is rather being used to compel an admission of a conclusion of

12  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

13  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

14  or deny this request.

15  **REQUEST FOR ADMISSION NO. 150:**

16  Admit that the claimed design in United States Patent D633,908 is not substantially the

17  same as the claimed design in United States Patent D593,087.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 150:**

19  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

20  and "substantially the same." Apple objects further that this request does not consist of the

21  application of law to facts, but is rather being used to compel an admission of a conclusion of

22  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

23  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

24  or deny this request.

25  **REQUEST FOR ADMISSION NO. 151:**

26  Admit that the claimed design in United States Patent D633,908 is substantially the same

27  as the claimed design in United States Patent D618,677.

28

1

**RESPONSE TO REQUEST FOR ADMISSION NO. 151:**

2

Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

3

and "substantially the same." Apple objects further that this request does not consist of the

4

application of law to facts, but is rather being used to compel an admission of a conclusion of

5

law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

6

request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

7

or deny this request.

8

**REQUEST FOR ADMISSION NO. 152:**

9

Admit that the claimed design in United States Patent D633,908 is not substantially the

10

same as the claimed design in United States Patent D618,677.

11

**RESPONSE TO REQUEST FOR ADMISSION NO. 152:**

12

Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

13

and "substantially the same." Apple objects further that this request does not consist of the

14

application of law to facts, but is rather being used to compel an admission of a conclusion of

15

law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

16

request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

17

or deny this request.

18

**REQUEST FOR ADMISSION NO. 153:**

19

Admit that the claimed design in United States Patent D633,908 is substantially the same

20

as the claimed design in United States Patent D622,270.

21

**RESPONSE TO REQUEST FOR ADMISSION NO. 153:**

22

Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

23

and "substantially the same." Apple objects further that this request does not consist of the

24

application of law to facts, but is rather being used to compel an admission of a conclusion of

25

law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

26

request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

27

or deny this request.

28

1  **REQUEST FOR ADMISSION NO. 154:**

2  Admit that the claimed design in United States Patent D633,908 is not substantially the

3  same as the claimed design in United States Patent D622,270.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 154:**

5  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

6  and "substantially the same." Apple objects further that this request does not consist of the

7  application of law to facts, but is rather being used to compel an admission of a conclusion of

8  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

9  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

10  or deny this request.

11  **REQUEST FOR ADMISSION NO. 155:**

12  Admit that the claimed design in United States Patent D634,742 is substantially the same

13  as the claimed design in United States Patent D593,087.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 155:**

15  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

16  and "substantially the same." Apple objects further that this request does not consist of the

17  application of law to facts, but is rather being used to compel an admission of a conclusion of

18  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

19  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

20  or deny this request.

21  **REQUEST FOR ADMISSION NO. 156:**

22  Admit that the claimed design in United States Patent D634,742 is not substantially the

23  same as the claimed design in United States Patent D593,087.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 156:**

25  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

26  and "substantially the same." Apple objects further that this request does not consist of the

27  application of law to facts, but is rather being used to compel an admission of a conclusion of

28  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

1  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

2  or deny this request.

3  **REQUEST FOR ADMISSION NO. 157:**

4  Admit that the claimed design in United States Patent D634,742 is substantially the same

5  as the claimed design in United States Patent D618,677.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 157:**

7  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

8  and "substantially the same." Apple objects further that this request does not consist of the

9  application of law to facts, but is rather being used to compel an admission of a conclusion of

10 law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

11 request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

12 or deny this request.

13 **REQUEST FOR ADMISSION NO. 158:**

14 Admit that the claimed design in United States Patent D634,742 is not substantially the

15 same as the claimed design in United States Patent D618,677.

16 **RESPONSE TO REQUEST FOR ADMISSION NO. 158:**

17 Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

18 and "substantially the same." Apple objects further that this request does not consist of the

19 application of law to facts, but is rather being used to compel an admission of a conclusion of

20 law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

21 request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

22 or deny this request.

23 **REQUEST FOR ADMISSION NO. 159:**

24 Admit that the claimed design in United States Patent D634,742 is substantially the same

25 as the claimed design in United States Patent D622,270.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 159:**

27 Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

28 and "substantially the same." Apple objects further that this request does not consist of the

1  application of law to facts, but is rather being used to compel an admission of a conclusion of

2  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

3  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

4  or deny this request.

5  **REQUEST FOR ADMISSION NO. 160:**

6  Admit that the claimed design in United States Patent D634,742 is not substantially the

7  same as the claimed design in United States Patent D622,270.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 160:**

9  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

10  and "substantially the same." Apple objects further that this request does not consist of the

11  application of law to facts, but is rather being used to compel an admission of a conclusion of

12  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

13  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

14  or deny this request.

15  **REQUEST FOR ADMISSION NO. 161:**

16  Admit that the claimed design in United States Patent D636,390 is substantially the same

17  as the claimed design in United States Patent D593,087.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 161:**

19  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

20  and "substantially the same." Apple objects further that this request does not consist of the

21  application of law to facts, but is rather being used to compel an admission of a conclusion of

22  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

23  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

24  or deny this request.

25  **REQUEST FOR ADMISSION NO. 162:**

26  Admit that the claimed design in United States Patent D636,390 is not substantially the

27  same as the claimed design in United States Patent D593,087.

28

1

**RESPONSE TO REQUEST FOR ADMISSION NO. 162:**

2

Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

3

and "substantially the same." Apple objects further that this request does not consist of the

4

application of law to facts, but is rather being used to compel an admission of a conclusion of

5

law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

6

request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

7

or deny this request.

8

**REQUEST FOR ADMISSION NO. 163:**

9

Admit that the claimed design in United States Patent D636,390 is substantially the same

10

as the claimed design in United States Patent D618,677.

11

**RESPONSE TO REQUEST FOR ADMISSION NO. 163:**

12

Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

13

and "substantially the same." Apple objects further that this request does not consist of the

14

application of law to facts, but is rather being used to compel an admission of a conclusion of

15

law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

16

request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

17

or deny this request.

18

**REQUEST FOR ADMISSION NO. 164:**

19

Admit that the claimed design in United States Patent D636,390 is not substantially the

20

same as the claimed design in United States Patent D618,677.

21

**RESPONSE TO REQUEST FOR ADMISSION NO. 164:**

22

Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

23

and "substantially the same." Apple objects further that this request does not consist of the

24

application of law to facts, but is rather being used to compel an admission of a conclusion of

25

law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

26

request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

27

or deny this request.

28

1   **REQUEST FOR ADMISSION NO. 165:**

2   Admit that the claimed design in United States Patent D636,390 is substantially the same

3   as the claimed design in United States Patent D622,270.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 165:**

5   Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

6   and "substantially the same." Apple objects further that this request does not consist of the

7   application of law to facts, but is rather being used to compel an admission of a conclusion of

8   law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

9   request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

10  or deny this request.

11  **REQUEST FOR ADMISSION NO. 166:**

12  Admit that the claimed design in United States Patent D636,390 is not substantially the

13  same as the claimed design in United States Patent D622,270.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 166:**

15  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

16  and "substantially the same." Apple objects further that this request does not consist of the

17  application of law to facts, but is rather being used to compel an admission of a conclusion of

18  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

19  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

20  or deny this request.

21  **REQUEST FOR ADMISSION NO. 167:**

22  Admit that the claimed design in United States Patent D638,835 is substantially the same

23  as the claimed design in United States Patent D593,087.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 167:**

25  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

26  and "substantially the same." Apple objects further that this request does not consist of the

27  application of law to facts, but is rather being used to compel an admission of a conclusion of

28  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

1   request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

2   or deny this request.

3   **REQUEST FOR ADMISSION NO. 168:**

4   Admit that the claimed design in United States Patent D638,835 is not substantially the

5   same as the claimed design in United States Patent D593,087.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 168:**

7   Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

8   and "substantially the same." Apple objects further that this request does not consist of the

9   application of law to facts, but is rather being used to compel an admission of a conclusion of

10   law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

11   request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

12   or deny this request.

13   **REQUEST FOR ADMISSION NO. 169:**

14   Admit that the claimed design in United States Patent D638,835 is substantially the same

15   as the claimed design in United States Patent D618,677.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 169:**

17   Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

18   and "substantially the same." Apple objects further that this request does not consist of the

19   application of law to facts, but is rather being used to compel an admission of a conclusion of

20   law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

21   request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

22   or deny this request.

23   **REQUEST FOR ADMISSION NO. 170:**

24   Admit that the claimed design in United States Patent D638,835 is not substantially the

25   same as the claimed design in United States Patent D618,677.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 170:**

27   Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

28   and "substantially the same." Apple objects further that this request does not consist of the

1   application of law to facts, but is rather being used to compel an admission of a conclusion of

2   law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

3   request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

4   or deny this request.

5   **REQUEST FOR ADMISSION NO. 171:**

6   Admit that the claimed design in United States Patent D638,835 is substantially the same

7   as the claimed design in United States Patent D622,270.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 171:**

9   Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

10  and "substantially the same." Apple objects further that this request does not consist of the

11  application of law to facts, but is rather being used to compel an admission of a conclusion of

12  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

13  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

14  or deny this request.

15  **REQUEST FOR ADMISSION NO. 172:**

16  Admit that the claimed design in United States Patent D638,835 is not substantially the

17  same as the claimed design in United States Patent D622,270.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 172:**

19  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

20  and "substantially the same." Apple objects further that this request does not consist of the

21  application of law to facts, but is rather being used to compel an admission of a conclusion of

22  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

23  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

24  or deny this request.

25  **REQUEST FOR ADMISSION NO. 173:**

26  Admit that the claimed design in United States Patent D642,563 is substantially the same

27  as the claimed design in United States Patent D593,087.

28

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 173:**

2   Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

3   and "substantially the same." Apple objects further that this request does not consist of the

4   application of law to facts, but is rather being used to compel an admission of a conclusion of

5   law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

6   request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

7   or deny this request.

8   **REQUEST FOR ADMISSION NO. 174:**

9   Admit that the claimed design in United States Patent D642,563 is not substantially the

10   same as the claimed design in United States Patent D593,087.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 174:**

12   Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

13   and "substantially the same." Apple objects further that this request does not consist of the

14   application of law to facts, but is rather being used to compel an admission of a conclusion of

15   law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

16   request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

17   or deny this request.

18   **REQUEST FOR ADMISSION NO. 175:**

19   Admit that the claimed design in United States Patent D642,563 is substantially the same

20   as the claimed design in United States Patent D618,677.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 175:**

22   Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

23   and "substantially the same." Apple objects further that this request does not consist of the

24   application of law to facts, but is rather being used to compel an admission of a conclusion of

25   law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

26   request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

27   or deny this request.

28

1  **REQUEST FOR ADMISSION NO. 176:**

2  Admit that the claimed design in United States Patent D642,563 is not substantially the

3  same as the claimed design in United States Patent D618,677.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 176:**

5  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

6  and "substantially the same." Apple objects further that this request does not consist of the

7  application of law to facts, but is rather being used to compel an admission of a conclusion of

8  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

9  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

10 or deny this request.

11 **REQUEST FOR ADMISSION NO. 177:**

12 Admit that the claimed design in United States Patent D642,563 is substantially the same

13 as the claimed design in United States Patent D622,270.

14 **RESPONSE TO REQUEST FOR ADMISSION NO. 177:**

15 Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

16 and "substantially the same." Apple objects further that this request does not consist of the

17 application of law to facts, but is rather being used to compel an admission of a conclusion of

18 law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

19 request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

20 or deny this request.

21 **REQUEST FOR ADMISSION NO. 178:**

22 Admit that the claimed design in United States Patent D642,563 is not substantially the

23 same as the claimed design in United States Patent D622,270.

24 **RESPONSE TO REQUEST FOR ADMISSION NO. 178:**

25 Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

26 and "substantially the same." Apple objects further that this request does not consist of the

27 application of law to facts, but is rather being used to compel an admission of a conclusion of

28 law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

1  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

2  or deny this request.

3  **REQUEST FOR ADMISSION NO. 179:**

4  Admit that the claimed design in United States Patent D644,218 is substantially the same

5  as the claimed design in United States Patent D593,087.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 179:**

7  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

8  and "substantially the same." Apple objects further that this request does not consist of the

9  application of law to facts, but is rather being used to compel an admission of a conclusion of

10  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

11  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

12  or deny this request.

13  **REQUEST FOR ADMISSION NO. 180:**

14  Admit that the claimed design in United States Patent D644,218 is not substantially the

15  same as the claimed design in United States Patent D593,087.

16

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 180:**

18  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

19  and "substantially the same." Apple objects further that this request does not consist of the

20  application of law to facts, but is rather being used to compel an admission of a conclusion of

21  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

22  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

23  or deny this request.

24  **REQUEST FOR ADMISSION NO. 181:**

25  Admit that the claimed design in United States Patent D644,218 is substantially the same

26  as the claimed design in United States Patent D618,677.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 181:**

28  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

1  and "substantially the same." Apple objects further that this request does not consist of the

2  application of law to facts, but is rather being used to compel an admission of a conclusion of

3  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

4  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

5  or deny this request.

6  **REQUEST FOR ADMISSION NO. 182:**

7  Admit that the claimed design in United States Patent D644,218 is not substantially the

8  same as the claimed design in United States Patent D618,677.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 182:**

10  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

11  and "substantially the same." Apple objects further that this request does not consist of the

12  application of law to facts, but is rather being used to compel an admission of a conclusion of

13  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

14  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

15  or deny this request.

16  **REQUEST FOR ADMISSION NO. 183:**

17  Admit that the claimed design in United States Patent D644,218 is substantially the same

18  as the claimed design in United States Patent D622,270.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 183:**

20  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

21  and "substantially the same." Apple objects further that this request does not consist of the

22  application of law to facts, but is rather being used to compel an admission of a conclusion of

23  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

24  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

25  or deny this request.

26  **REQUEST FOR ADMISSION NO. 184:**

27  Admit that the claimed design in United States Patent D644,218 is not substantially the

28  same as the claimed design in United States Patent D622,270.

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 184:**

2  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

3  and "substantially the same." Apple objects further that this request does not consist of the

4  application of law to facts, but is rather being used to compel an admission of a conclusion of

5  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

6  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

7  or deny this request.

8  **REQUEST FOR ADMISSION NO. 185:**

9  Admit that the claimed design in United States Patent D602,486 is substantially the same

10  as the claimed design in United States Patent D593,087.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 185:**

12  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

13  and "substantially the same." Apple objects further that this request does not consist of the

14  application of law to facts, but is rather being used to compel an admission of a conclusion of

15  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

16  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

17  or deny this request.

18  **REQUEST FOR ADMISSION NO. 186:**

19  Admit that the claimed design in United States Patent D602,486 is not substantially the

20  same as the claimed design in United States Patent D593,087.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 186:**

22  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

23  and "substantially the same." Apple objects further that this request does not consist of the

24  application of law to facts, but is rather being used to compel an admission of a conclusion of

25  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

26  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

27  or deny this request.

28

1   **REQUEST FOR ADMISSION NO. 187:**

2   Admit that the claimed design in United States Patent D602,486 is substantially the same

3   as the claimed design in United States Patent D618,677.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 187:**

5   Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

6   and "substantially the same." Apple objects further that this request does not consist of the

7   application of law to facts, but is rather being used to compel an admission of a conclusion of

8   law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

9   request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

10  or deny this request.

11  **REQUEST FOR ADMISSION NO. 188:**

12  Admit that the claimed design in United States Patent D602,486 is not substantially the

13  same as the claimed design in United States Patent D618,677.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 188:**

15  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

16  and "substantially the same." Apple objects further that this request does not consist of the

17  application of law to facts, but is rather being used to compel an admission of a conclusion of

18  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

19  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

20  or deny this request.

21  **REQUEST FOR ADMISSION NO. 189:**

22  Admit that the claimed design in United States Patent D602,486 is substantially the same

23  as the claimed design in United States Patent D622,270.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 189:**

25  Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

26  and "substantially the same." Apple objects further that this request does not consist of the

27  application of law to facts, but is rather being used to compel an admission of a conclusion of

28  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

1   request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

2   or deny this request.

3   **REQUEST FOR ADMISSION NO. 190:**

4   Admit that the claimed design in United States Patent D602,486 is not substantially the

5   same as the claimed design in United States Patent D622,270.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 190:**

7   Apple objects that this request is vague and ambiguous as to the phrases "claimed design"

8   and "substantially the same." Apple objects further that this request does not consist of the

9   application of law to facts, but is rather being used to compel an admission of a conclusion of

10  law, which is not permitted under Federal Rule of Civil Procedure 36. Moreover, because this

11  request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit

12  or deny this request.

13

14  **SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)**

15      Samsung hereby certifies that it has in good faith conferred with Apple in an effort to

16  obtain the discovery described immediately above without Court action.  Samsung's efforts to

17  resolve this discovery dispute without court intervention are described in paragraphs 2-4  of the

18  declaration of Scott Hall, submitted herewith.

19  DATED: January 31, 2012          QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP
20

21

22                                   By  /s/ Victoria F. Maroulis
                                     _____
23                                   Charles K. Verhoeven
                                     Kevin P.B. Johnson
                                     Victoria F. Maroulis
24                                   Michael T. Zeller
                                     Attorneys for SAMSUNG ELECTRONICS CO.,
25                                   LTD., SAMSUNG ELECTRONICS AMERICA,
                                     INC., and SAMSUNG
26                                   TELECOMMUNICATIONS AMERICA, LLC

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ................................................................................. 1

III.  LEGAL STANDARD ............................................................................................ 4

IV.   ARGUMENT ...................................................................................................... 4

    A.    Samsung's RFAs Seek Relevant Information .............................................. 4

    B.    Samsung's RFAs Properly Ask For Application of Law To Facts ............................ 6

    C.    Samsung's RFAs Are Not Ambiguous Nor Is This A Proper Basis To Refuse To Answer ......................................................................................... 8

    D.    The Information Necessary For Apple to Answer Samsung's RFAs is Well Known To Apple ......................................................................................... 9

    E.    Samsung's RFAs are Not Overly Burdensome ....................................... 10

V.    CONCLUSION ................................................................................................ 11

02198.51855/4557142.3

-i-                                                           Case No. 11-cv-01846-LHK
SAMSUNG'S NOTICE OF MOTION AND MOTION TO COMPEL APPLE TO RESPOND TO SAMSUNG'S
REQUESTS FOR ADMISSION 101-190

1

## **TABLE OF AUTHORITIES**

2

**Page**

3

### **Cases**

4

*Apple, Inc. v. Samsung Electronics Co., Ltd.*, 11-CV-01846-LHK,
   2011 WL 7036077 (N.D. Cal. Dec. 2, 2011) ...................................................11

5

*Asea, Inc. v. S. Pac. Transp. Co.*,
6   669 F.2d 1242 (9th Cir. 1981).....................................................................10, 16

7   *C & C Jewelry Mfg., Inc. v. W.*,
   2011 WL 768642 (N.D. Cal. Feb. 28, 2011).....................................11, 12, 15, 16

8

*Davis v. Fendler*,
9   650 F.2d 1154 (9th Cir. 1981) ...........................................................................11

10   *Egyptian Goddess, Inc. v. Swisa, Inc.*,
   543 F.3d 665 (Fed. Cir. 2008) ...............................................................11 13, 17

11

*First Options of Chicago, Inc. v. Wallenstein*,
12   1996 WL 729816 (E.D. Pa. Dec. 17, 1996) ........................................................13

13   *Gem Acquisitionco, LLC v. Sorenson Group Holdings*,
   2010 U.S. Dist. LEXIS 40175 (N.D. Cal. Apr. 5, 2010 .......................................13

14

*Gorham Co. v. White*,
15   14 Wall. 511, 81 U.S. 511, 20 L. Ed. 731 (1871) ..........................................11, 17

16   *Grimes v. United Parcel Servs.*,
   2007 WL 2891411 (N.D. Cal. Sept. 28, 2007) ....................................................13

17

*Int'l Seaway Trading Corp. v. Walgreens Corp.*,
18   589 F.3d 1233 (Fed. Cir. 2009) .....................................................................11, 12

19   *Jacobs v. Scribner*,
   2009 WL 3614567 (E.D. Cal. Oct. 28, 2009) ......................................................13

20

*Jovanovich v. Redden Marine Supply, Inc.*,
21   C10-924-R 2011 WL 4459171 (W.D. Wash. Sept. 26, 2011) ...............................13

22   *Marchand v. Mercy Med. Cir.*,
   22 F.3d 933 (9th Cir. 1994)..........................................................................12, 15

23

*Pasternak v. Dow Kim*,
24   10 CIV. 5045 LTS JLC, 2011 WL 4552389 (S.D.N.Y. Sept. 28, 2011) ..................17

25   *Ransom v. U.S.*,
   8 Cl. Ct. 646 (Cl. Ct. 1985) ...............................................................................12

26

*Richmark Corp. v. Timber Falling  Consultants*,
27   959 F.2d 1468 (9th Cir. 1992).......................................................................11, 16

28

*Rodriguez v. Barrita, Inc.*,
  09-04057 RS-PSG, 2011 WL 4021410 (N.D. Cal. Sept. 9, 2011)......................................10, 15

*Safeco Ins. Co. of Am. v. Rawstron*,
  181 F.R.D. 441 (C.D. Cal. 1998) ...................................................................................11, 16

*Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.*,
  2007 WL 1140464 (N.D. Cal. Apr. 17, 2007) .........................................................................16

*T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*,
  174 F.R.D. 38 (S.D.N.Y. 1997)...............................................................................................12

### Statutes

Fed. R. Civ. P. 36 ...............................................................................................................10, 12, 16

Fed. R. Civ. P. 36(a) .................................................................................................................10, 17

Fed. R. Civ. P. 36(a)(1)(A) .............................................................................................................12

Fed. R. Civ. P. 26(b)(1) ............................................................................................................10, 12

### Other Authorities

7 James Wm. Moore, et al., *Moore's Federal Practice* § 36.02......................................................17

# I.   <u>PRELIMINARY STATEMENT</u>

Apple has alleged that Samsung devices infringe on its design patents.  Thus, a critical question in this case is whether the appearance of those designs are "substantially the same" as other designs.  Indeed, as Judge Koh has already ruled, this is the central inquiry for all facets of Apple's design patent claims, since it is the test that "applies to the infringement, anticipation, and obviousness inquiries in the design patent context."  (Dkt. 449)  Apple is readily willing to make such comparisons between designs that it believes advances its cause.  Yet, Apple refuses to make those same comparisons when Samsung asks.  This is true even where Samsung is seeking information about whether prior art is substantially the same  as – and thus invalidates – Apple's patented designs.

More specifically, Samsung propounded Requests for Admission ("RFAs") that ask Apple to admit or deny whether a specified design patent it is asserting against Samsung is or is not substantially the same as another Apple design patent, including prior art design patents.  After six weeks (having been given a requested two-week extension), Apple refused to answer a single one of them and asserted the same set of meritless boilerplate objections with respect to each.

Tellingly, Apple did not object that the RFAs seek relevant information.  Such RFAs are valuable in this case because, as noted, they go the core inquiries of Apple's design patent claims.  Apple has obtained numerous design patents for its iPhone and iPad products, and the asserted coverage of those patents fluctuates, depending on Apple's arguments.  Responses to the RFAs will narrow the issues in this case by clarifying Apple's position with respect the design patents-in-suit and their scope.  For example, if Apple responds to an RFA by denying two designs are substantially the same, this is directly relevant to whether an accused Samsung design is infringing.  After all, the differences between many Apple designs in its various patents are extremely trivial and far less noticeable than the differences that Samsung's accused devices show.  Or, if Apple responds by admitting the claimed designs are substantially the same, this admission is relevant not only to the scope of its asserted design patents, but directly relevant to whether the prior art – including the prior art consisting of Apple's design patents -- disclosed those designs and whether Apple is improperly double-patenting the same design.

1   The admissions and denials sought by the RFAs are also directly relevant to Apple's claims

2   about commercial embodiment.  For instance, Apple has (sometimes) claimed that the iPad is the

3   embodiment of its D504,889 patent.  Yet, it turns out that Apple obtained two patents for the iPad

4   design itself.  Thus, either Apple has misrepresented to the Patent Office that the iPad design

5   shown in those patents is new and original (as is required for a design to be patentable to begin

6   with) or its position in this litigation that the scope of D'889 encompasses the iPad design is

7   inconsistent with its representations to the Patent Office.  Either way, the evidence sought by the

8   RFAs is centrally relevant to Apple's claims and Samsung's defenses.

9   While its responses did not challenge (and thus have conceded) the relevance of these

10  RFAs, Apple flatly refuses to answer them.  It principally objects that the RFAs call for legal

11  conclusions, but that contention is meritless.   Under the plain terms of the Federal Rules and

12  black letter law, requests for admissions may ask for the application of law to fact and are not

13  objectionable even if they require opinions or conclusions of law, as long as the legal conclusions

14  relate to the facts of the case.  And, Apple itself has taken the position that the determination of

15  whether a design is substantially the same as another is not a legal conclusion.  It has, for example,

16  touted expert testimony in this case making precisely such comparisons in precisely the same

17  language.

18  Apple's large and potentially overlapping portfolio of design patents is potentially fatal to

19  its positions in this case and indeed places it on the horns of a dilemma, which is why it has stalled

20  and ultimately refused to answer these RFAs.  But each of the RFAs is completely proper and

21  useful to identify specific facts pertinent to Samsung's non-infringement and invalidity case, to

22  narrow the issues and to streamline this litigation.  This is the very purpose of an RFA, and

23  Samsung is entitled to answers.

24  **II.    <u>STATEMENT OF FACTS</u>**

25  On November 23, 2011, Samsung propounded its second set of RFAs to Apple, including

26  RFAs nos. 101 through 190.  Two months later – after Samsung granted Apple a 14-day extension

27  that Apple requested – Apple responded by refusing to answer any of them.

28

1    The RFAs each ask Apple to admit that the design claimed by an Apple design patent is or

2    is not substantially the same as another Apple design patent.  In total, RFAs nos. 101-190 seek

3    evidence concerning 21 Apple design patents filed between June 2007 and September 2010, all of

4    which relate to the user interface or exterior casing of the iPhone or iPad products that Apple has

5    placed at issue in this litigation.  With the exception of just two RFAs (nos. 105 and 106) each

6    RFA compares one of six design patents at issue in this case with another Apple design patent,

7    including Apple design patents that are themselves prior art.  Twelve RFAs (nos. 107-118)

8    compare an asserted design patent to another asserted design patent.  Eighteen RFAs (nos. 155-

9    166 and 185-190) compare a design patent at issue with one of three earlier-filed Apple design

10   patents, while the remaining fifty-eight RFAs compare a design patent at issue with one of eleven

11   later-filed Apple design patents.

12   In every case, Apple provided the same form objections to each RFA: 1) the request was

13   vague and ambiguous, 2) the request compelled an admission of a conclusion of law and 3) Apple

14   has insufficient knowledge.  Significantly, it did not object that the RFAs were unduly

15   burdensome.

16   On January 7, 2012, Samsung sent a letter to Apple requesting answers to its RFAs or in

17   the alternative that Apple promptly meet and confer with Samsung on this issue.[1]  Apple ignored it

18   until January 16, 2012, a few hours before the lead counsel meet and confer was scheduled to

19   begin, when it responded with a letter that maintained all objections[2] and purported to raise

20   entirely new complaints about the RFAs that were not stated in its objections (and therefore as

21   shown below were waived as a matter of law).  Lead counsel for the parties discussed the issue on

22   January 16, but no resolution was reached.[3]

23

24

25

26   [1]  Hall Decl. Ex. A (1-7-2012 Letter from D. Hutnyan to M. Mazza).

27   [2]  Hall Decl. Ex. B (1-16-2012 Letter from J. Bartlett to D. Hutnyan).

28   [3]  Hall Decl. ¶ 4

02198.51855/4557142.3

1    III.    **LEGAL STANDARD**

2          "A party may serve on any other party a written request to admit, for purposes of the

3    pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the

4    application of law to fact, or opinions about either." Fed. R. Civ. Pro. 36(a).  Under Rule 36, an

5    RFA "requires one of three answers: (1) an admission; (2) a denial; or (3) a statement detailing

6    why the answering party is unable to admit or deny the matter despite making a reasonable

7    inquiry." *Rodriguez v. Barrita, Inc.*, 09-04057 RS-PSG, 2011 WL 4021410 at *2 (N.D. Cal. Sept.

8    9, 2011) (Grewal, J.).  However, an answering party cannot claim it lacks the knowledge to answer

9    an RFA with a definite admission or denial "if [the] answering party [has] not ma[d]e a

10   "reasonable inquiry" into the request for admission or if "readily available" information [would]

11   allow[] the answering party to admit or deny the matter." *Id.* (quoting *Asea, Inc. v. S. Pac. Transp.*

12   *Co.*, 669 F.2d 1242 (9th Cir. 1981)).  When an answering party fails to provide a satisfactory

13   response to an RFA, "courts generally order an amended answer." *Id.*

14         "Rule 36 serves two vital purposes, both of which are designed to reduce trial time.

15   Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated

16   from the case, and secondly, to narrow the issues by eliminating those that can be." Fed. R. Civ.

17   P. 36 advisory comm. nn. (1970).  *See also Asea, Inc.,* 669 F.2d at 1245.

18   IV.    **ARGUMENT**

19         Samsung's RFAs seek highly relevant evidence, and none of Apple's purported objections

20   has merit.

21         A.     Samsung's RFAs Seek Relevant Information

22         Apple did not object to the RFAs on relevance grounds.  As a matter of law, it cannot

23   contest relevance now.  "It is well established that a failure to object to discovery requests within

24   the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling*

25   *Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160

26   (9th Cir. 1981); *C & C Jewelry Mfg., Inc. v. W.*, 2011 WL 768642 at *2 ("West argues that the

27   RFAs are cumulative and duplicative.  However, he asserted no such objection in response to the

28   RFAs, and the objections therefore are waived."); *see also Safeco Ins. Co. of Am. v. Rawstrom*,

1   183 F.R.D. 668, 671-72 (C.D. Cal. 1998) ("Objections not interposed in a timely initial response

2   may not be held in reserve and interposed after the period allowed for response  by Rule 33(b).")

3       Nor, in any event, could Apple plausibly contest the RFAs' relevance.  The issue of

4   whether Apple's patented designs are "substantially the same" to other designs goes to the core

5   issues in this case, including infringement, construction and invalidity by anticipation and double-

6   patenting.  As Judge Koh explained in denying Apple's preliminary injunction motion:

7       The Federal Circuit has established the familiar "ordinary observer" test for design patent

8       infringement.  Under the ordinary observer test, an accused device infringes upon a design

9       patent if " 'in the eye of an ordinary observer, giving such attention as a purchaser usually

10      gives,' "the design of the accused device and the patented design are "'substantially the

11      same.' "The designs are "'substantially the same, if the resemblance [between the accused

12      device's design and the patented design] is such as to deceive [an ordinary observer],

13      inducing him to purchase one supposing it to be the other.'"  *Egyptian Goddess, Inc. v.*

14      *Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) (quoting Gorham Co. v. White, 14 Wall.

15      511, 81 U.S. 511, 528, 20 L.Ed. 731 (1871)).  This "ordinary observer" test ***applies to the***

16      ***infringement, anticipation, and obviousness inquiries in the design patent context***. *See*

17      *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1239-40 (Fed. Cir. 2009).

18      In the infringement analysis, the focus should be on "the overall design" of the patent.  For

19      the anticipation and obviousness analysis, the focus should likewise be on "the overall

20      design" of the patent as compared to the prior art.  *Id.*

21  *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 11-CV-01846-LHK, 2011 WL 7036077, at *6 (N.D.

22  Cal. Dec. 2, 2011).  Apple conceded in its preliminary injunction reply that this is the law.

23  (Dkt. 282a at 2-3).

24      RFAs like Samsung's here, which require a party to apply the law to facts in the case, are

25  encouraged because they make it possible to narrow issues before trial.  *T. Rowe Price Small-Cap*

26  *Fund, Inc. v. Oppenheimer & Co., Inc.,* 174 F.R.D. 38, 42-43 (S.D.N.Y. 1997) ("The purpose of

27  [Rule 36] is to reduce the costs of litigation by eliminating the necessity of proving facts that are

28  not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation

of cases to the trier of fact.").  Apple's denials of similarity will illuminate its infringement claims, while its admissions will illuminate patent invalidity, either by establishing double patenting or by identifying invalidating prior art references.  *Int'l Seaway Trading Corp.*, 589 F.3d at 1239 (for design patents, "that which infringes, if later, would anticipate, if earlier.").

Also, answers to these RFAs are relevant to Apple's claims regarding commercial embodiments of its products.  For instance, Apple has (sometimes) claimed that the iPad is the embodiment of its D504,889 patent.  Yet, it turns out that Apple obtained two patents for the iPad design itself.  Thus, either Apple has misrepresented to the Patent Office that the iPad design shown in those patents is new and original (as is required for a design to be patentable to begin with) or its position in this litigation that the scope of D'889 encompasses the iPad design is inconsistent with its representations to the Patent Office.  Either way, the evidence sought by the RFAs is centrally relevant to Apple's claims and Samsung's defenses.

B.     Samsung's RFAs Properly Ask For Application of Law To Facts

Apple's primary objection that these RFAs improperly call for conclusions of law is misplaced.  Although an RFA calling for a pure conclusion of law is generally improper, "[a]n RFA properly may require the responding party to admit "the truth of any matters within the scope of Fed.R.Civ.P. Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either." *C & C Jewelry Mfg., Inc. v. W.*, C09-01303 JF HRL, 2011 WL 768642 (N.D. Cal. Feb. 28, 2011).  "Requests for admissions may ask for 'the application of law to fact,' Fed. R. Civ. P. 36(a)(1)(A), and 'are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case.'" *Ransom v. U.S.*, 8 Cl. Ct. 646, 647 (Cl. Ct. 1985); *see also Marchand v. Mercy Med. Cir.*, 22 F.3d 933, 937 (9th Cir. 1994) (permitting request asking that defendant admit it failed to comply with "applicable standards of care."); *Jacobs v. Scribner,* 2009 WL 3614567, at *10 (E.D. Cal. Oct. 28, 2009) (overruling "legal conclusion" objection to a request seeking an admission that defendant was "acting under color of law"); *Grimes v. United Parcel Servs.,* 2007 WL 2891411, at *2-*3 (N.D. Cal. Sept. 28, 2007) (holding "completely proper" a request that defendant admit "concepts of legal duty as applied to the facts in the case"); *First Options of Chicago, Inc. v. Wallenstein,* 1996 WL 729816 (E.D. Pa.

1  Dec. 17, 1996) (ordering defendants to answer requests to admit that they "owed a fiduciary

2  duty").

3       Samsung's RFA nos. 101-190 clearly call for the application of law to fact.  Each of them

4  simply asks Apple to apply the legal test of similarity for design patents to the pair of designs

5  referenced in each RFA.  *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir.

6  2008) (explaining that the 'ordinary observer' test for design patent infringement requires a

7  determination as to whether "two designs are substantially the same").

8       Apple complains that this would require it to "construe the claims of 21 different design

9  patents."[4]  It overstates the task at hand.  Samsung's RFAs require that Apple do nothing more

10  than admit or deny whether its understanding of one claimed design – as depicted in its own

11  drawings – would lead it to conclude that the design is substantially the same as its understanding

12  of another claimed design.  This direct application of a legal test to designs, extant in fact, is

13  appropriate for an RFA.  As one court has observed, "[A]n objection [to an RFA] based on the fact

14  that Plaintiff must apply its understanding of ′464 patent claim elements on actual prior art net

15  configurations is improper."  *Jovanovich v. Redden Marine Supply, Inc.*, C10-924-RSM, 2011 WL

16  4459171 (W.D. Wash. Sept. 26, 2011).  So, too, in this case.[5]

17       Further refuting Apple's current position that inquiry into whether designs are

18  "substantially the same" to other designs calls for a legal conclusion, Apple affirmatively offered

19  expert testimony using that very phraseology.  For example, when it sought its failed preliminary

20  injunction, Apple touted the testimony of Cooper Woodring, a designer, who opined repeatedly

21  that Samsung devices were "substantially the same" as Apple's patented designs to the  "ordinary

22  observer."  (Dkt. 90 ¶ 7 (offering opinions "as to how an ordinary observer would perceive and

---

4    Hall Decl. Ex. B.

5    Apple cited *Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).
There, the party attempted to circumvent interrogatory limitations by propounding extensive RFAs
and then propounding one interrogatory that requested "disclosure of all of the information on
which the denials of each of 50 requests for admissions were based."  Samsung has propounded no
such parallel interrogatory.  Contrary to Apple's puzzling assertion that Samsung is attempting to
avoid interrogatory limits, the purpose of Samsung's RFAs is to foreclose Apple's efforts to
inconsistently argue for different ranges of equivalents to its asserted designs and the prior art.

-7-

Case No. 11-cv-01846-LHK

SAMSUNG'S NOTICE OF MOTION AND MOTION TO COMPEL APPLE TO RESPOND TO SAMSUNG'S
REQUESTS FOR ADMISSION 101-190

evaluate cellular phone and table computer designs"), ¶ 21 ("In my opinion, the Galaxy S 4G design is substantially the same as the 'D677 design and embodies that patented design.  it is similarly my opinion that an ordinary observer purchasing a cellular phone would also find the Galaxy S 4G design to be substantially the same as the patented 'D677 design."), ¶ 27 ("In my opinion, the Infuse 4G design is substantially the same as the 'D677 design and embodies that patented design.  it is similarly my opinion that an ordinary observer purchasing a cellular phone would also find the Infuse 4G design to be substantially the same as the patented 'D677 design."), ¶ 42 ("In my opinion, the Infuse 4G design is substantially the same as the 'D087 design and embodies that patented design.  it is similarly my opinion that an ordinary observer purchasing a cellular phone would also find the Infuse 4G design to be substantially the same as the patented 'D087 design."), & ¶ 50 ("In my opinion, the Galaxy Tab 10.1 design is substantially the same as the 'D889 design and embodies that patented design.  it is similarly my opinion that an ordinary observer purchasing a cellular phone would also find the Galaxy Tab 10.1 design to be substantially the same as the patented 'D677 design.")).  As this amply demonstrates, Apple's "legal conclusion" argument is not only legally meritless, but inconsistent with its own positions. Having readily made exactly the same types of comparisons sought by the RFAs when it suited its own purposes, Apple should not now be heard to refuse to make them when they are directly material to Samsung's defenses.

  C. <u>Samsung's RFAs Are Not Ambiguous Nor Is This A Proper Basis To Refuse To Answer</u>

  Apple claims, with respect to each of the 90 RFAs at issue, that the phrases "claimed design" and "substantially the same" are vague and ambiguous, but this implausible boilerplate objection cannot excuse Apple from answering the RFA.  "A responding party cannot object to an RFA on the ground that the request is ambiguous, unless the request is so ambiguous that the responding party, in good faith, cannot provide a response." *C & C Jewelry Mfg., Inc. v. W.*, 2011 WL 768642, at *2 (N.D. Cal. Feb. 28, 2011) (party must answer RFAs unless it is "so unclear that defendant cannot provide an answer based upon his understanding."); *Marchand v. Mercy Medical*

1   *Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994) (responding party "should admit to the fullest extent

2   possible, and explain in detail why other portions of a request may not be admitted").

3           There is nothing ambiguous about the very common phrases "claimed design" and

4   "substantially the same," as used in Samsung's plainly written, one-sentence RFAs, and Apple's

5   objection is meritless.  *See Rodriguez*, 2011 WL 4021410 at *4 (Grewal, J.) (rejecting a party's

6   vagueness objection when "[a] simple internet search yields the definition to almost every term

7   Rodriguez uses in the RFAs.").  Apple itself uses the words "claimed design" repeatedly in its own

8   design patents (*e.g.*, "Description" fields of U.S. Patents D504,889, D622,270, D604,305,

9   D617,334, D627,790, D618,678, D558,757 and D630,630), and "claimed" is common parlance to

10  differentiate what a patent covers from what it doesn't cover.  Further, Samsung specifically

11  defined the phrase "substantially the same" in the "Definitions" section of its RFA as referring to

12  the 'ordinary observer' test,[6] and Apple had plenty of time to request clarification from Samsung

13  (which it didn't), especially given the six weeks it had to answer them.  *Id.* (also noting "there has

14  been ample time for Defendants to request that Rodriguez specify in greater detail the objects

15  referred to or define the terminology in the RFAs.").  And, as shown above, Apple tellingly had no

16  difficulty comprehending the meaning of the same language when its expert, Cooper Woodring,

17  used it in his declarations relied upon by Apple.

18          D.      The Information Necessary For Apple to Answer Samsung's RFAs is Well Known

19                  To Apple

20          Apple next attempts to excuse its non-compliance by claiming it has insufficient

21  knowledge to admit or deny Samsung's RFAs.  But these RFAs concern design patents prosecuted

22  by and assigned to Apple.  No entity could have better knowledge of these designs than Apple.  "A

23  response which fails to admit or deny a proper request for admission does not comply with the

24  requirements of Rule 36(a) if the answering party has not, in fact, made 'reasonable inquiry,' or if

25  _____

26  [6]  In the Definitions section of the RFAs, Samsung set forth the term's meaning:  "The term
    'substantially the same,' in the context of comparing two designs, shall mean that the resemblance
27  is such as to deceive an ordinary observer, giving such attention as a purchaser usually gives,
    inducing him or her to purchase one design while supposing it to be the other."

28

1   information 'readily obtainable' is sufficient to enable him to admit or deny the matter.  *Asea, Inc.*

2   *v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981); *see also Santana Row Hotel Partners,*

3   *L.P. v. Zurich Am. Ins. Co.*, 2007 WL 1140464 (N.D. Cal. Apr. 17, 2007) (When it was "not

4   apparent that AJG has, in fact, made a reasonable inquiry or [that] information that is readily

5   obtainable by AJG may be sufficient to enable it to answer the matter," responding party was

6   ordered to "(a) conduct a reasonable inquiry; and (b) serve a response to these RFAs that complies

7   with Fed.R.Civ.P. 36.").

8        Apple has made no representation that is has tried and failed to obtain the information

9   necessary to answer Samsung's RFAs.  Nor could it.  Samsung's request requires nothing more

10  than for Apple to review its own design patents.

11       E.    Samsung's RFAs are Not Overly Burdensome

12       Though not at all raised in its RFA objections, Apple claimed during the meet and confer

13  process that Samsung's RFAs are overly burdensome.  Apple did not raise this objection in its

14  written responses, electing to first mention this argument months later, in a letter on January 16.  It

15  has therefore waived any argument based on burden as a matter of law.  "It is well established that

16  a failure to object to discovery requests within the time required constitutes a waiver of any

17  objection."  *Richmark Corp.*, 959 F.2d at 1473; *C & C Jewelry Mfg., Inc. v. W.*, 2011 WL 768642

18  at *2 ("West argues that the RFAs are cumulative and duplicative. However, he asserted no such

19  objection in response to the RFAs, and the objections therefore are waived."); *cf. Safeco Ins. Co.*

20  *of Am.*, 183 F.R.D. at 671-72 ("Therefore, the better rule is that interrogatory objections not

21  included in a timely response are waived even if the objections are contained in a later untimely

22  response, absent a showing of good cause. Objections not interposed in a timely initial response

23  may not be held in reserve and interposed after the period allowed for response  by Rule 33(b).").

24       Apple's untimeliness aside, because RFAs can "save litigants valuable time and substantial

25  money," 7 James Wm. Moore, et al., *Moore's Federal Practice* § 36.02, at 36–8 to 36–9, a strong

26  showing of burden is required before a court will allow a party to refuse to answer RFAs.

27  *Pasternak v. Dow Kim*, 10 CIV. 5045 LTS JLC, 2011 WL 4552389 (S.D.N.Y. Sept. 28, 2011)

28  ("While the RFAs are extensive and cover a significant range of issues presented in the case, that

1    is entirely appropriate, since the purpose of Requests for Admissions is not necessarily to obtain

2    information but to narrow issues for trial.  It is often typical that they set forth in sometimes

3    excruciating detail, the facts, events or communications to which admission is sought.") (internal

4    citations and quotations omitted).  Samsung's 90 RFAs, which only require Apple to apply the

5    'ordinary observer' test to forty-five unique pairings of a grand total of 21 design patents, is a

6    focused and reasonable request.  The RFAs do not require Apple to respond at great length, nor do

7    anything more than assess the similarity of designs as "one who, though not an expert, has

8    reasonable familiarity with such objects."  *Egyptian Goddess, Inc.*, 543 F.3d at 675 (quoting

9    *Gorham Co. v. White*, 14 Wall. 511, 81 U.S. 511, 20 L.Ed. 731 (1871)).  Apple's cries of undue

10   burden must fail.

11   **V.      CONCLUSION**

12          For the foregoing reasons, Samsung respectfully requests that the Court overrule Apple's

13   objections and compel Apple to admit or deny Samsung's Requests for Admission 101-190 within

14   three days following the Court's ruling.

15

16   DATED: January 31, 2011                 Respectfully submitted,

17                                           QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP
18

19

20                                           By /s/ Victoria F. Maroulis
                                                Charles K. Verhoeven
21                                              Kevin P.B. Johnson
                                                Victoria F. Maroulis
22                                              Michael T. Zeller
                                                Attorneys for SAMSUNG ELECTRONICS CO.,
23                                              LTD., SAMSUNG ELECTRONICS AMERICA,
                                                INC. and SAMSUNG
24                                              TELECOMMUNICATIONS AMERICA, LLC

25

26

27

28