# EXHIBIT B

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

January 16, 2012

Writer's Direct Contact
415.268.6615
JasonBartlett@mofo.com

*Via E-Mail* (dianehutnyan@quinnemanuel.com)

Diane Hutnyan
Quinn Emanuel
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

Re:   *Apple v. Samsung*, Case No. 11-cv-1846-LHK (N.D. Cal.)

Dear Diane:

I write in response to your letter of January 7, 2012, regarding Apple's Objections and Responses to Samsung's Second Set of Requests for Admission.

The purpose of Rule 36 is to permit simple, direct Requests for Admission seeking authentication of documents or admissions that simplify a case and streamline the issues for trial.  *Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).  RFAs are "not principally discovery devices," and it is an abuse of the discovery process to pose RFAs on issues in order to avoid interrogatory limits.  *Id.* at 445-46; *see also Anahuac Mgmt. v. Mazer*, 2011 U.S. Dist. LEXIS 91488, at *15-16 (D. Nev. Aug. 16, 2011).  Similarly, requests for admission seeking legal conclusions and responses on complex issues are inappropriate.  *Gem Acquisitionco, LLC v. Sorenson Group Holdings*, 2010 U.S. Dist. LEXIS 40175, at *6-9 (N.D. Cal. Apr. 5, 2010).

Samsung's Requests for Admission relating to design patent comparisons are flawed and improper.  They do not seek to simplify the case or streamline any relevant issues.  Rather, they inquire into Apple's conclusion on the legal question of whether the "claimed designs" in certain design patents are "substantially the same"—a legal standard—as the claimed designs in other design patents.  As set out in Apple's objections to the Requests for Admission at issue, such requests do not merely seek application of law to facts, but rather admissions on conclusions of law.

Moreover, the vast majority of Samsung's requests have no relevance to this case.  Most do not even ask Apple to compare alleged prior art to asserted design patents or to compare asserted design patents to Samsung's infringing designs.  Instead, they ask Apple to compare patents-in-suit to patents that are not at issue in the case, or to compare patents where neither

sf-3093176

MORRISON | FOERSTER

Diane Hutnyan
January 16, 2012
Page Two


is at issue in the case.  These requests therefore do not seek Apple's admissions as to relevant facts to streamline the issues in the case.

Samsung's requests are also burdensome.  To answer them, Apple would need to construe the claims of 21 different design patents, only 6 of which are at issue in the case.

Samsung's tactics are an improper use of requests for admission, unduly burdensome, overbroad, and an abuse of the discovery process.  Apple does not intend to amend its responses with respect to Samsung's Requests for Admission 101-190.

Sincerely,

*/s/ Jason R. Bartlett*

Jason R. Bartlett

cc:     Samuel Maselli
        S. Calvin Walden
        Peter Kolovos

sf-3093176