HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Plaintiff
APPLE INC.

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE INC.'S OBJECTION TO SAMSUNG'S REQUEST FOR JUDICIAL NOTICE REGARDING APPLE'S CLAIM CONSTRUCTION POSITIONS ON U.S. PATENT NO. 7,469,381** |

1    Samsung's Request for Judicial Notice is an unauthorized, untimely sur-reply to Apple's
2    Opening Claim Construction brief.  Because Samsung has failed to satisfy the requirements of
3    Civil Local Rule 7-3(d) and Federal Rule of Evidence 201, its request should be denied.

4    First, Samsung has not complied with Civil Local Rule 7-3(d), which prohibits, with
5    limited exceptions, the filing of "additional memoranda, papers or letters . . . without prior Court
6    approval."  Samsung's argument that "[t]he stocks list has an internal edge within the Stocks
7    application document, and content exists beyond this internal edge" (Request at 3), is an attempt
8    to offer additional claim construction arguments, eleven days after the *Markman* hearing.  Rule 7-
9    3 does not authorize such additional briefing; the only exceptions to Rule 7-3(d) contemplate
10   supplementation shortly after the filing of the reply brief or *before* the hearing.  Moreover,
11   Samsung mischaracterizes the content of the two exhibits before the Court.  There is not, as
12   Samsung contends, "an internal edge" in the stocks list.  Rather, the stocks list has an external
13   edge, beyond which is a graph.  *See* Request at 3; *see also* Samsung's Ex. 2 at 2 (noting that the
14   "list of stocks" is the electronic document in question, not the Stocks application as a whole).  If
15   Samsung's argument were correct, one would expect the rubber-banding or bounce feature to
16   occur, for example, between each listed stock, and not at the actual edge of the entire list.  This is
17   not the case, as seen in Samsung's own video.  Accordingly, far from supporting Samsung's
18   contention, the two exhibits at issue in Samsung's request are fully consistent with Apple's
19   position regarding "an edge of the electronic document."

20   Second, Samsung's request is untimely.  Samsung asserts that "Samsung's counsel
21   became aware of these documents just days before the claim construction hearing." (Request at
22   2.)  While Samsung admits that the documents at issue have existed for over half a year (since
23   July 8, 2011), it fails to mention that its counsel, Quinn Emanuel Urquhart & Sullivan, LLP, is
24   also counsel of record in the ITC investigation in question, No. 337-TA-797.  The respondent
25   there, HTC Corporation, is represented by Quinn Emanuel.  Samsung offers no justification for its
26   own counsel's failure to timely raise this issue.

27   Third, Samsung's request does not comply with Rule 201, and is not even backed by the
28   only case cited in support of Samsung's position.  *Kurtcy v. U.S. Parking Inc.*, 08-cv-2113

APPLE INC.'S OBJECTION TO SAMSUNG'S REQUEST FOR JUDICIAL NOTICE
CASE NO. 11-CV-01846-LHK                                                                                     1

1  (WHA), 2008 WL 2445080, at *2 (N.D. Cal. June 16, 2008), as quoted by Samsung, stands for

2  the proposition that "judicial notice may be taken of *orders and decisions* taken by other courts

3  and administrative agencies." (emphasis added.)  Neither a complaint filed with the International

4  Trade Commission nor a claim chart attached thereto (Exhibits 1 and 2 to Samsung's request)

5  satisfies this legal standard.  Moreover, Exhibit 3 to the request is an unauthenticated video

6  created by counsel for Samsung, and plainly does not constitute "a fact" of which the Court may

7  take notice.  *See* Fed. R. Evid. 201(b); *Natural Wellness Centers of America, Inc. v. J.R. Andorin

8  Inc.*, No. 11-cv-4642 (EDL), 2012 WL 216578, at * 4 (N.D. Cal. Jan. 24, 2012) (declining to take

9  judicial notice of proffered evidence "because it has not been properly authenticated and is not

10 capable of accurate and ready determination pursuant to Federal Rule of Evidence 201").

11       Finally, Samsung's request should be denied because it essentially seeks to resolve a

12 disputed issue through the procedure for judicial notice.  *See, e.g., Heller v. Cepia, LLC*, No. 11-

13 cv-1146 (JSW), 2012 WL 13572, at *5 n.2 (N.D. Cal. Jan. 4, 2012) (where parties disputed an

14 issue of fact and requested "judicial notice of documents which purport to support their respective

15 positions," the court denied the parties requests because "the parties, through their respective

16 requests for judicial notice, inappropriately seek to have the Court resolve factual disputes . . .").

17 Samsung was afforded ample opportunity to identify evidence in support of its claim

18 constructions, and it should not be allowed now to undermine that process under the guise of

19 Federal Rule of Evidence 201.  For all these reasons, Samsung's request should be denied.

21 Dated:   February 1, 2012            MORRISON & FOERSTER LLP

                                        By:    /s/ Michael A. Jacobs
                                               Michael A. Jacobs

                                               Attorneys for Plaintiff
                                               APPLE INC.