QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S UNOPPOSED MOTION FOR ISSUANCE OF A REQUEST FOR JUDICIAL ASSISTANCE**<br><br>Date: March 13, 2012<br>Time: 10:00 am<br>Place: Courtroom 5, 4th Floor<br>Magistrate Judge Paul S. Grewal |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 13, 2012 at 10:00 a.m., or as soon as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court for an order issuing the accompanying Letter of Request for assistance of the central judicial authority of Great Britain to obtain deposition testimony from Kenneth McAlpine. The Declaration of Sam Stake in support thereof (and exhibits thereto), and Samsung's proposed Letter of Request are filed concurrently herewith.  Apple had stated that it would not oppose Samsung's motion for issuance of the letter of request.  This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declaration of Sam Stake; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

Samsung seeks an order issuing the accompanying Letter of Request for assistance of the central judicial authority of Great Britain to obtain deposition testimony from Kenneth McAlpine.

February 1, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION**

Samsung requests that this Court issue the accompanying Letter of Request for assistance of the central judicial authority of Great Britain to obtain deposition testimony from Kenneth McAlpine. The request seeks evidence regarding the designs and inventions embodied in U.S. Design Patents Nos. D504,889 ("D'889 patent"), D593,087 ("D'087 patent"), D618,677 ("D'677 patent") and D622,270 ("D'270 patent") and U.S. Patent No. 7,663,607 ("'607 patent"), which Apple asserts against Samsung in this litigation. The D'889 patent is directed to the design of a tablet computer. The D'087, D'677 and D'270 are directed to the design of electronic devices, such as a cellular telephone or a portable media player. Finally, the '607 patent is directed to a "multipoint touchscreen."

Good cause supports Samsung's request for issuance of a Letter of Request for evidence from Mr. McAlpine. Mr. McAlpine has or likely has information in his possession highly relevant to the subject matter claimed in Apple's patents. In the early 2000s, as head of the Portable Device Group at Apple, Mr. McAlpine was involved in the design and development of the capacitive touchscreen technology used in Apple's tablets and mobile phones at issue in this lawsuit. [REDACTED]

In addition, the Court should issue the Letter of Request because Samsung's requests are narrowly tailored and will not impose an undue burden on Mr. McAlpine. Specifically, Samsung requests information related to Mr. McAlpine's contributions at Apple to the Apple tablet computers and mobile phones, and the capacitive touchscreen technology at issue in this lawsuit. This narrow scope is consistent with the laws of the United Kingdom, where Mr. McAlpine now resides and which is a signatory of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters. Accordingly, Samsung requests that this court grant its motion to issue a Letter of Request.

1  II.     **ARGUMENT**

2         A.     **Mr. McAlpine Has Evidence Critical To Determining Non-Infringement and Invalidity of the D'889, D'087, D'677, D'270 and '607 Patents**

Samsung's Motion should be granted because it seeks evidence relevant to the designs and technologies embodied in the D'889, D'087, D'677, D'270, and '607 patents.  This evidence stems from Mr. McAlpine's contributions at Apple to the design and development of the Apple tablet computers and mobile phones, as well as other capacitive touchscreen devices, at issue in this lawsuit.[1]

█████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████
████████████████████████████████
       ██████████████████████████████████████████
       ████████████████████
████████████████████████████ Thus, Mr. McAlpine has highly relevant knowledge about the design and development of the touchscreen on Apple's tablet computers, which is closely related to the subject matter of Apple's patents.

---

[1]   Samsung's letter of request is directed to Mr. McAlpine's knowledge of all iterations of the Apple tablet computers and mobile phones at issue in this lawsuit, as well as any other Apple devices with capacitive touchscreens.

3

1
2
3
4
5
6
7
8    This evidence is highly relevant to the merits of Apple's infringement claims against
9 Samsung.  Specifically, evidence about the design and development of these tablet computers is
10 relevant to determining whether Apple's design patents are infringed.  For example, under U.S.
11 law, design patents such as the D'889, D'087, D'677 and D'270 patents can only protect the
12 ornamental design of a product, and do not protect functional aspects of their designs.  See, e.g.,
13 *Richardson v. Stanley Works*, 597 F. 3d 1288, 1293 (Fed. Cir. 2010) ("[W]e have made clear that a
14 design patent, unlike a utility patent, limits protection to the ornamental design of the article.").
15 Mr. McAlpine was an important figure in the development of the tablet computers at issue in the
16 lawsuit; thus, Mr. McAlpine's testimony is relevant to determining which design features of Apple
17 tablet computers and mobile phones at issue are functional as opposed to ornamental, and
18 therefore whether Apple's design patents are valid and, if so, whether Samsung infringes these
19 patents.
20    The evidence sought is also relevant to determining whether the '607 patent is infringed
21 and valid.  Mr. McAlpine's testimony about his work on early versions of the capacitive
22 touchscreen technology used in Apple's tablet computers and in Apple's line of mobile phones
23 will illuminate the differences between the existing technology at the time of invention and the
24 improvements that Apple made upon that technology.  This, in turn, will aid in determining
25 whether the '607 patent is valid.
26
27
28

1   Thus, the evidence sought by this Letter of Request is relevant to issues of fact and law
2 going to Samsung's liability for infringement under the D'889 D'087, D'677, D'270 and '607
3 patents, and other related claims and defenses.
4   Finally, Samsung's requested discovery is not duplicative of discovery provided to date by
5 Apple or its employees. ████████████████████
6 ████████████████████████████████████
7 ████████████████████████████████████
8 ████████████████████████████████████
9 ████████████████████████████████████
10 ████████████████████████████████████
11 ██████████████████████████████

12   B.   **This Court Has Authority To Issue the Letter of Request**
13   Both the United States and the United Kingdom are signatories to the Hague Convention
14 of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague
15 Evidence Convention"), 23 U.S.T. 2555. See also 28 U.S.C. § 1781 (permitting "the transmittal of
16 a letter rogatory or request directly from a tribunal in the United States to the foreign or
17 international tribunal, officer, or agency to whom it is addressed and its return in the same
18 manner" and reproducing the Hague Evidence Convention); Fed. R. Civ. P. 28(b)(1) ("A
19 deposition may be taken in a foreign country … under an applicable treaty or convention [or]
20 under a letter of request"); Restatement (Third) of Foreign Relations Law of the United States §
21 474(2) ("A United States district court, in order to obtain evidence for use in a proceeding before
22 it, may … issue a letter rogatory requesting a court or other appropriate authority in a foreign state
23 to direct the taking of evidence in that state … provided the procedure is not inconsistent with the
24 law of the state where the evidence is to be taken."). "The Convention, as a treaty ratified by and
25 acceded to the United States, is the 'law of this land' with the same force and effect as a federal
26 statute." Nursing Home Pension Fund v. Oracle Corp., 2007 WL 1880381, at *5 (N.D. Cal. 2007)
27 (citing Societe Nationale Industrielle Aerospatiale v. United States District Court, 482 U.S. 522,
28 524 & n. 1 (1987), and El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng, 525 U.S. 155, 167 (1999)).

5

As a general matter, therefore, transmittal of a Letter of Request by the Northern District of California is entirely proper under United States law.

Issuance of a Letter of Request is warranted here because Mr. McAlpine was involved in the early development of the iPad and the capacitive touchscreen technology employed in the iPad and the iPhone, all of which relates to the subject matter of the D'889, D'087, D'677, D'270 and '607 patents. The Proposed Letter of Request, filed concurrently herewith, seeks evidence from Mr. McAlpine on his knowledge of the iPad, iPhone, and related patents.

### C. Samsung's Request for Information Is Consistent with the Law of the United Kingdom

#### 1. *The High Court of England Has The Authority To Issue A Letter Of Request For Testimony In The Present Case*

As noted above, the United Kingdom is a signatory to the Hague Evidence Convention and English Courts have the power to compel the giving of oral testimony for purposes of foreign proceedings in appropriate circumstances. Pursuant to the Evidence (Proceedings in Other Jurisdictions) Act 1975 c.34 (the "1975 Act"), if the High Court of England receives

> an application … for an order for evidence to be obtained in the part of the United Kingdom in which it exercises jurisdiction, and the court is satisfied
>
> (a) that the application is made in pursuance of a request issued by or on behalf of a court or tribunal ("the requesting court") exercising jurisdiction … in a country or territory outside the United Kingdom; and
>
> (b) that the evidence to which the application relates is to be obtained for purposes of civil proceedings which … have been instituted before the requesting court,

the High Court has the power to carry out the application. [2] This may include issuance of an order "for the examination of witnesses, either orally or in writing." Id. (1975 Act 2(2)(a) and (2)(b)).

---

[2] Reflecting principles of judicial and international comity, "[t]he general principle which is followed in England in relation to a request from a foreign Court for assistance in obtaining evidence for the purpose of proceedings in that Court is that the English Court will ordinarily give effect to a request so far as is proper and practicable and to the extent that it is permissible under English law." Section A Civil Procedure Rules 1998 c.34.21.2 (citing Seyfang v. G. D. Searle & Co. [1973] Q.B. 148 at 151; [1973] 1 All E.R. 290 at 293).

6

1  See also Rio Tinto Zinc Corp. v. Westinghouse Electric Corp., [1978] A.C. 547, 2 W.L.R. 81.

2  These prerequisites are clearly present here:  this Court is presently exercising jurisdiction over

3  this dispute; the evidence Samsung seeks relates directly to the ongoing civil proceeding; and

4  Samsung's letter of request consists of a request for oral testimony.

5          2.     *The Proposed Deposition Procedures Are Consistent With Governing Law*

6          Samsung's request for oral examination of Kenneth McAlpine on the subjects set out in

7  Schedule B is proper under the laws and practices of the United Kingdom.  As a general matter,

8  the 1975 Act gives the High Court of England and Wales the "power … by order to make such

9  provision for obtaining evidence in … the United Kingdom [including by] the examination of

10  witnesses, either orally or in writing."  (1975 Act 2(1) and (2)(a)).  See also Apple Computers Inc.

11  v. Doe, 2002 WL 31476324 (QBD), [2002] EWHC 2064, at 8 ("Under the procedure of the High

12  Court of England depositions of witnesses … may be taken before examiners for use at the trial

13  [so long as] the subject matter of such deposition is restricted to the evidence admissible at trial.").

14  Because Samsung intends to use Mr. McAlpine's testimony at trial, and because the subjects in

15  Schedule A will produce evidence admissible at trial, Samsung's proposed Letter of Request

16  precisely follows these guidelines.

17          Moreover, the request is proper for the additional reason that the Hague Evidence

18  Convention instructs a receiving court to "follow a request of the requesting authority that a

19  special method or procedure be followed, unless this is incompatible with the internal law of the

20  State of execution or is impossible of performance by reason of its internal practice and procedure

21  or by reason of practical difficulties."  Hague Evidence Convention, Article 9, 23 U.S.T. 2555.

22  The 1975 Act further provides that the High Court has the power

23      by order to make such provision for obtaining evidence in the part of the United Kingdom
       in which it exercises jurisdiction as may appear to the court to be appropriate for the
24      purpose of giving effect to the request in pursuance of which the application is made; and
       any such order may require a person specified therein to take such steps as the court may
25      consider appropriate for that purpose.

26  Accordingly, the High Court has the power to carry out Samsung's request by compelling Kenneth

27  McAlpine to appear for oral examination on the subjects set out in Schedule A.

28

7

3.     *The Letter Of Request Does Not Seek Evidence That Is Privileged Or Would Be Prejudicial to the Security of the United Kingdom*

Samsung's request for deposition is consistent with United Kingdom privilege law. The 1975 Act preserves the right to withhold evidence on the basis of privilege, as provided by either the law of the England or of the requesting party (here, the United States). Stake Ex. 7 (1975 Act 3(1)(a) and (b)). Further, the 1975 Act does not require a person to "give any evidence if his doing so would be prejudicial to the security of the United Kingdom." Id. (1975 Act at 3(3)). Samsung does not seek information that is privileged under the laws of the United States or England, nor does Samsung seek information that, if disclosed, would compromise the United Kingdom's security. Samsung does not believe its requests for testimony includes such information, but to the extent that they do, Samsung does not object to withholding on that basis.

### III.     CONCLUSION

For the foregoing reasons, this Court should grant Samsung's motion for issuance of a letter of request.

February 3, 2012                    QUINN EMANUEL URQUHART & SULLIVAN, LLP


                                    By *Victoria F. Maroulis*
                                        Charles K. Verhoeven
                                        Kevin P.B. Johnson
                                        Victoria F. Maroulis
                                        Michael T. Zeller

                                        Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC