UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS** |

**LETTER OF REQUEST**
*Request for International Judicial Assistance*
*Pursuant to the Hague Convention of 18 March 1970 on*
*the Taking of Evidence in Civil or Commercial Matters*

By the United States District Court,
Northern District of California, San Jose Division

Hon. Paul S. Grewal

**TO THE HIGH COURT OF ENGLAND AND WALES:**

The United States District Court for the Northern District of California presents its compliments to the High Court of England and Wales and requests international judicial assistance to obtain the testimony of Kenneth McAlpine ("Mr. McAlpine") concerning the specific subject-matters set forth in Schedule A to this Letter.

This request is made pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, as adopted and implemented in the United States of America at 28 U.S.C. § 1781, and in the United Kingdom by the Evidence (Proceedings in Other Jurisdictions) Act 1975, and Part 34 of the Civil Procedure Rules.  The United States District Court for the Northern District of California, San Jose Division, is a competent court of law and equity which properly has jurisdiction over this proceeding, and has the power to compel the attendance of witnesses and production of documents both within and outside its jurisdiction. Mr. McAlpine has or is likely to have knowledge of the subject matters specified in Schedule A herein.

The testimony of, and production of documents by Mr. McAlpine is intended for use at trial, and in the view of this Court will be highly relevant to numerous claims and defenses in the case, including Plaintiff Apple's claims of infringement of United States Patent Nos. D504,889, D593,087, D618,677, D622,270, and 7,663,607.  The evidence sought in this Letter of Request goes to the heart of significant issues of fact and law that will influence the final determination of claims brought by the Plaintiff.

This request is made with the understanding that it will in no way require any person to commit any offense, or to undergo a broader form of inquiry than he or she would if the litigation were conducted in England and Wales.  In the proper exercise of its authority, this Court has determined that the testimony of Mr. McAlpine on the topics set forth in Schedule A cannot be secured except by the intervention of the High Court of England and Wales.

<u>**Letter of Request**</u>

**1.     Senders**
The Honorable Paul S. Grewal
United States Magistrate Judge
United States District Court for the Northern District of California
San Jose Division
280 South 1st Street
San Jose, CA 95113
USA

**2.     Central Authority of the Requested State**
Foreign and Commonwealth Office
Clive House Petty France
London SWIA 2AL
United Kingdom

**3.     Person to whom the executed request is to be returned**
James Shaerf
Quinn Emanuel Urquhart & Sullivan UK LLP
16 Old Bailey
London, EC4M 7EG
United Kingdom
Tel. +44 (0) 20 7653 2000
Fax. +44 (0) 20 7653 2100

**4.     Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**
By February 21, 2012, or as soon as reasonably practicable consistent with the Court's calendar.

**5.     IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

   **a.     Requesting judicial authority (article 3(a))**
   United States District Court for the Northern District of California
   San Jose Division
   280 South 1st Street
   San Jose, CA 95113
   USA

   **b.     To the competent authority of (article 3(a))**
   England and Wales

   **c.     Name of the case and any identifying number**
   *Apple Inc. v. Samsung Electronics. Co., Ltd.*, Case No. 11-cv-01846-LHK, United States District Court for the Northern District of California.

6.   **Names and addresses of the parties and their representatives (including representatives in the requested State) (article 3(b))**

    a.    **Plaintiff**

Apple, Inc.
1 Infinite Loop
Cupertino, CA 95014
USA
Telephone: 408-966-1010

        **Representatives**

Morrison & Foerster
Mia Mazza
425 Market Street
San Francisco, CA 94105
USA
Telephone: 415-268-6024
email: mmazza@mofo.com

    b.    **Defendant and Counterclaimant**

Samsung Electronics. Co., Ltd.
Samsung Main Building
250, Taepyeongno 2-ga, Jung-gu
Seoul 100-742
Korea
Telephone: 82-2-751-7114

        **Representatives**

Quinn Emanuel Urquhart & Sullivan, LLP
Diane C. Hutnyan
865 S. Figueroa St., 10th Floor
Los Angeles, CA 94065
USA
Telephone: 213-443-3666
E-mail: dianehutnyan@quinnemanuel.com

    c.    **Other Parties**

None.

7.   a.   **Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (article 3(c))**

Civil lawsuit alleging direct and secondary infringement of design patents, utility patents, trademarks, trade dress, and related claims under U.S. federal law and unfair business practices under California state law.

### b. Summary of complaint

On June 16, 2011, Apple filed an Amended Complaint against Samsung alleging that Samsung's products, including the Galaxy Tab and Tab 10.1 tablets, and several Samsung mobile phones, infringe:  seven of Apple's design patents, eight of Apple's utility patents, and trademarks and trade dress for the iPhone, iPod Touch, and iPad.   Apple also accused Samsung of violating California Business and Professions Code §17200, common law trademark, unfair competition and unjust enrichment laws.

### c. Summary of defenses and counterclaims

Samsung denies Apple's allegations and asserts counterclaims against Apple for infringement of twelve Samsung utility patents by Apple's products, including several iterations of the iPhone , iPad, and iPod Touch.  Samsung seeks declaratory judgments of non-infringement and invalidity of Apple's patents, trademarks, and trade dress, and of non-violation of California Business and Professions Code §17200, common law trademark, unfair competition and unjust enrichment laws.

**8.    a.    Evidence to be obtained or other judicial act to be performed (article 3(d))**

Oral testimony from Mr. McAlpine for use in the trial of the action of <u>Apple Inc. v. Samsung Electronics Co., Ltd., et. al.</u>, Case No. 11-cv-01846 (LHK).  Schedule A sets forth the topics of oral testimony sought from Mr. McAlpine.

### b. Purpose of the evidence or judicial act sought

Mr. McAlpine's testimony and documents are highly relevant to Samsung's defenses of non-infringement and invalidity of four design patents and one utility patent asserted by Apple in this litigation:  United States Design Patents Nos. D504,889 ("D'889"), D593,087 ("D'087"), D618,677 ("D'677") and D622,270 ("D'270"), and United States Patent No. 7,663,607 ("'607").  The D'889 patent is directed to the design of a tablet computer.  The D'087, D'677 and D'270 are

directed to the design of electronic devices, such as a cellular telephone or a portable media player. Finally, the '607 patent is directed to a "multipoint touchscreen."

In the early 2000s, as head of the Portable Device Group at Apple, Mr. McAlpine was involved in the design and development of Apple tablet computers at issue in the lawsuit, and of the capacitive touchscreen technology used in those tablets. Portions of this early tablet technology, including the capacitive touchscreen technology, were later incorporated into Apple's mobile phones, which are also at issue in this case. Thus, Mr. McAlpine has or likely has knowledge of the subject matter of the D'889 patent (directed to tablet computers such as the ones at issue in this case), the D'087, D'677 and D'270 patents (directed to Apple mobile phones at issue and Apple portable media players), and the '607 patent (directed to capacitive touchscreen technology).

This evidence is highly relevant to the merits of Apple's infringement claims against Samsung. Specifically, evidence about the design and development of Apple's tablet computers and mobile phones is relevant to determining whether Apple's design patents are infringed. For example, under U.S. law, design patents such as the D'889, D'087, D'677 and D'270 patents can only protect the ornamental design of a product, and do not protect functional aspects of their designs. Mr. McAlpine was an important figure in the development of the tablet computers at issue in the lawsuit; thus, Mr. McAlpine's testimony is relevant to determining which design features of Apple tablet computers and mobile phones at issue are functional as opposed to ornamental, and therefore whether Apple's design patents are valid and, if so, whether Samsung infringes these patents.[1]

The evidence sought is also relevant to determining whether the '607 patent is infringed and valid. For example, as a designer of the early prototypes, Mr. McAlpine investigated and implemented early versions of the capacitive touchscreen technology used in Apple's tablet

---

[1] Samsung's letter of request is directed to Mr. McAlpine's knowledge of all iterations of the Apple tablet computers and mobile phones at issue in this lawsuit, as well as any other Apple devices with capacitive touchscreens.

computers and also in Apple's line of mobile phones.  Mr. McAlpine's testimony will illuminate the differences between the existing technology at the time of invention and the improvements that Apple made upon that technology.  This, in turn, will aid in determining whether the '607 patent is valid.

In sum, the evidence sought by this Letter of Request is relevant to issues of fact and law going to Samsung's liability for infringement under the D'889 D'087, D'677, D'270 and '607 patents, and other related claims and defenses.

**9.   Identity and address of any person to be examined (article 3(e))**

Kenneth Thomas McAlpine
49 St. James Avenue
Hampton Hill
Hampton TW12 1HL
United Kingdom
Email:  product.vision@me.com

**10.   Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (article 3(f))**

See Schedule A, attached.

**11.   Any requirement that the evidence be given on oath or affirmation and any special form to be used (article 3(h))**

The examinations shall be taken under the Federal Rules of Civil Procedure of the United States of America, except to the extent such procedure is incompatible with the law of England and Wales.  The testimony shall be given under oath.

**13.   Special methods or procedure to be followed (e.g., oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (articles 3, i and 9)**

Mr. McAlpine resides in the jurisdiction of England and Wales and has unique and personal knowledge on the topics set forth in Schedule A regarding the development of the iPad, iPhone and the related D'889 D'087, D'677, D'270 and '607 patents.  Therefore, it will further the interests of justice if:

(1)   You cause, by your proper and usual process, Mr. McAlpine to be summoned to appear before you or some competent office authorized by you, on a date mutually agreed upon by

1  the deponent and the parties or at a time and/or place to be determined by you, to give testimony
2  under oath by questions and answers upon oral deposition on the topics set forth in Schedule A.
3  Such deposition shall continue day to day until completion and conducted in accordance with the
4  <u>Federal Rules of Civil Procedure</u> or as permitted by you.
5    (2) You permit Mr. McAlpine to be examined under oath by counsel for Samsung,
6  allowing full examination on the topics delineated in Schedule A to this Letter of Request.
7    (3) You permit counsel for Mr. McAlpine to apply to the English Court for specific
8  disclosure of any documents, relevant to the subject matter of this case, the existence of which
9  becomes known during the course of the examination.
10   (5) You cause a verbatim transcript of the testimony of the witness to be taken and
11 reduced to writing.  The deposition shall also be videotaped.
12   (6) You order that the oral evidence produced pursuant to your enforcement of this
13 Letter of Request shall not be used by anyone in any manner inconsistent with the operative
14 protective order in place in <u>Apple Inc. v. Samsung Electronics Co., Ltd., et. al.</u>, Case No. 11-cv-
15 01846 (LHK), pending in the United States District Court for the Northern District of California.

**14.  Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (article 7)**

Please notify the following counsel regarding the time and place for the execution of the Request:

Quinn Emanuel Urquhart & Sullivan, LLP
Diane C. Hutnyan
865 S. Figueroa St., 10th Floor
Los Angeles, CA 94065
USA
Tel.  213-443-3666
Fax. 213-443-3100
dianehutnyan@quinnemanuel.com

Quinn Emanuel Urquhart & Sullivan, LLP

James Shaerf
16 Old Bailey
London, EC4M 7EG
United Kingdom
Tel. +44 (0) 20 7653 2000
Fax. +44 (0) 20 7653 2100
jamesshaerf@quinnemanuel.com

Morrison & Foerster LLP
Richard S.J. Hung
Jason R. Bartlett
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
rhung@mofo.com
jasonbartlett@mofo.com

**15.    Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (article 8)**

No attendance of judicial personnel is requested.  Although pursuant to the <u>United States Federal Rules of Civil Procedure</u>, depositions may be taken and documents may be requested and produced without involvement of judicial personnel, it is accepted that the English Court may appoint an Examiner under Part 34 of the Civil Procedure Rules.

**16.    Specification of privilege or duty to refuse to give evidence under the law of the State of origin (article 11, b)**

All claims of privilege or duty to refuse to give evidence shall be governed by Section 3 of the Evidence (Proceedings in Other Jurisdictions) Act 1975.

**17.    Fees and Costs**

The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by Defendant Samsung Electronics Co., Inc..  Samsung's payment of such fees and costs (if any) is without prejudice to its making a subsequent request to be reimbursed for these costs by other parties in this consolidated proceeding.

<b><u>Conclusion</u></b>

1  In the spirit of comity and reciprocity, this Court hereby requests international judicial
2  assistance in the form of this Letter of Request to obtain the oral examination, under oath, of Mr.
3  McAlpine on the topics set forth in Schedule A.  This Court expresses its sincere willingness to
4  provide similar assistance to the High Court of England and Wales if future circumstances should
5  require.

DATED:

By _____
Hon. Paul S. Grewal
United States Magistrate Judge.

**RICHARD W. WIEKING, Clerk of Court**

**by**

**Deputy Clerk**

**Seal**

**SCHEDULE A: SWORN DEPOSITION OF MR. MCALPINE**

**Subject Matters About Which Mr. McAlpine Is To Be Examined**

It is requested that the High Court of England and Wales compel the testimony of Mr. McAlpine, under oath, on the following subjects:

**TOPIC NO. 1:**

Your knowledge of the design, development, and construction of the Apple iPad and iPhone,[2] including the design, development, and construction of prototypes of the Apple iPad and iPhone.

**TOPIC NO. 2:**

Your knowledge of the design, development, construction, and functionality of the Apple iPad and iPhone's touchscreens, including the design, development, construction, and functionality of the touchscreens of prototypes of the Apple iPad and iPhone.

**TOPIC NO. 3:**

Your contribution to the design, development, and construction of the Apple iPad and iPhone, including your contribution to the design, development, and construction of prototypes of the Apple iPad and iPhone.

**TOPIC NO. 4:**

Your knowledge of the design, development, and construction of the following features of the Apple iPad and/or iPhone:

(a)     a flat front screen,

(b)     a clear front screen,

(c)     a black-colored front surface,

(d)     rectangular shape,

(e)     four corners,

(f)     rounded corners,

(g)     symmetry,

---

[2] The terms "iPad" and "iPhone," as used in each of these Topics, refer to all iterations and features of these devices and any prototypes or two-dimensional renderings of proposed or actual features of the devices; as well as any other Apple tablet computers and Apple mobile phones that have any of the features set forth in Topic No. 4, all iterations and features of such devices, and any prototypes or two-dimensional renderings of proposed or actual features of such devices.

1. (h)    a rectangular screen,
2. (i)    an inset screen,
3. (j)    substantial borders on two sides of a screen,
4. (k)    narrow borders on two sides of a screen,
5. (l)    a horizontal speaker slot,
6. (m)   a speaker slot on the front,
7. (n)    a centered speaker,
8. (o)    a speaker above a display screen,
9. (p)    a speaker near the top of a phone handset,
10. (q)   a bezel around the edge of product,
11. (r)   a circular button on the front, or
12. (s)   a button located at the center bottom.

**TOPIC NO. 5:**

Your knowledge of the functionality (including the ease of manufacturing, cost savings, or any other benefit) of the features of the Apple iPad and iPhone set forth in Topic No. 5.

**TOPIC NO. 6:**

Your knowledge of the functionality (including the ease of manufacturing, cost savings, or any other benefit) of any claimed feature, element or combination of elements in United States Patent Nos. D504,889, D593,087, D618,677, or D622,270 , including the features set forth in Topic No. 5.

**TOPIC NO. 7:**

Your knowledge of prior art[3] relating to United States Patent Nos. D504,889, D593,087, D618,677, D622,270, and 7,663,607.

**TOPIC NO. 8:**

---

[3]   The term "prior art" refers to all publications, patents, physical devices, prototypes, products, manufactures, uses, sales, offers for sale, imports or other activities concerning the subject matter of these patents, existing on or occurring at a date such as to be relevant to a determination of novelty or obviousness under United States patent law.  *See* 35 U.S.C. §§ 102, 103.

1. Your knowledge of Samsung products accused of infringing United States Patent Nos. D504,889, D593,087, D618,677, D622,270, and 7,663,607.