# EXHIBIT 3

# EXHIBIT Q

# FILED UNDER SEAL

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 1

1              UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3                  SAN JOSE DIVISION

4

5    APPLE, INC., a California

6    corporation,

7            Plaintiff,

8    vs.       NO. 11-CV-01846-LHK

9    SAMSUNG ELECTRONICS CO., LTD.,

10   a Korean business entity;

11   SAMSUNG ELECTRONICS AMERICA,

12   INC., a New York corporation;

13   SAMSUNG TELECOMMUNICATIONS

14   AMERICA, LLC, a Delaware

15   limited liability company,

16            Defendants.

17   _____

18       HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

19           DEPOSITION OF STEVEN CHRISTENSEN

20         Taken on behalf of the Defendants

21                October 26, 2011

22

23

24

25   Job Number: 42864

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 6

1              STEVEN CHRISTENSEN,

2          having been first duly sworn,

3       was examined and testified as follows:

4                    EXAMINATION

5    BY MR. BRIGGS:

6         Q.    Good morning.

7         A.    Good morning.

8         Q.    Can you state your name for the record.

9         A.    Steven Christensen.

10        Q.    Where do you live, Mr. Christensen?

11        A.    Ashland, Oregon.

12        Q.    Where is Ashland?

13        A.    About ten miles south of here.

14        Q.    Where do you work?

15        A.    I work for a small startup company that I

16   am a cofounder.  It is called Folium & Partners.

17        Q.    Do you work for Apple Computer?

18        A.    No.

19        Q.    Are you a consultant for Apple Computer?

20        A.    No.

21        Q.    Now, you have worked for Apple in the past,

22   correct?

23        A.    Yes.

24        Q.    And when was that?

25        A.    1982 through 1996.

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 168



HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 169



HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 170



HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 183



HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 184



HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 185



HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 190

1    patent.

2         Q.   Do you have any views on the patent system

3    in general?  I mean some people don't like patents.

4    Some people don't like software patents.

5              Do you have any views like that?

6         A.   I don't really have an opinion.  They just

7    are.

8         Q.   Do you think they are a good thing or bad

9    thing?

10        A.   I think patents are fine.

11        Q.   Do you have any other patents?

12        A.   I had done a second patent filing for

13   another company a few years later.  I found out

14   recently that the company allowed it to lapse a few

15   years ago.

16        Q.   Did that patent relate to windows or

17   control strips or anything like what we have been

18   discussing today?

19        A.   No.

20        Q.   Do you know -- did you ever receive any

21   awards for the 002 patent?

22        A.   No.

23        Q.   Any -- did you receive any kind of

24   recognition for the 002 patent?

25        A.   I think the filing happened after I left

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 191

1    Apple.  So, no.  Or the issuance was after I left

2    Apple.

3         Q.   Do you know if the Control Strip led to

4    success of any, commercial success, of any Apple

5    products or anything like that?

6              MR. KRAMER:  Objection.  Lack of

7    foundation, calls for speculation.

8              THE WITNESS:  I have no idea if it improved

9    any product's success.

10   BY MR. BRIGGS:

11        Q.   Did you ever see any reports on -- from

12   consumers saying they liked or didn't like Control

13   Strip?

14        A.   I don't remember.  There were probably

15   reviews in magazines at the time, but I don't

16   remember now.

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 192

```
4       Q.    Do you still own -- or do you own Apple
5   stock?
6       A.    No.
7       Q.    And today do you develop software for Apple
8   products?
9       A.    I develop software for IOS devices, which
10  is I-Phone and I-Pad, and my company in general also
11  develops for windows phone seven.
12      Q.    At a high level what do you develop for IOS
13  and windows?
14      A.    At a high level.  Applications.
15      Q.    Applications?
16      A.    Yes.
17      Q.    Are there any specific applications?
18      A.    They are related to publishing and audio
19  books, not one single title.
20          MR. BRIGGS:  Can we take a break, and then
21  I think I can wrap it up in another half hour at the
22  most.
23          THE VIDEOGRAPHER:  The time is 3:19, and we
24  are off the record.
25              (Recess taken)
```

HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 196

1                      CERTIFICATE

2

3        I, Michele J. Lucas, do hereby certify that pursuant

4    to the Rules of Civil Procedure, the witness named herein

5    appeared before me at the time and place set forth in the

6    caption herein; that at the said time and place, I reported

7    in stenotype all testimony adduced and other oral

8    proceedings had in the foregoing matter; and that the

9    foregoing transcript pages constitute a full, true and

10   correct record of such testimony adduced and oral proceeding

11   had and of the whole thereof.

12

13       IN WITNESS HEREOF, I have hereunto set my hand this

14   27th day of October, 2011.

15

16

17

18

19   _____

20   /Signed                    August, 2013

21   Michele J. Lucas          Commission Expiration

22

23

24

25