HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
JASON BARTLETT (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company.,<br><br>Defendants. | Case No.   11-cv-01846-LHK<br><br>**DECLARATION OF RICHARD HUNG IN SUPPORT OF APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR LEAVE TO SUPPLEMENT INFRINGEMENT CONTENTIONS** |

I, Richard S.J. Hung, do hereby declare as follows:

1. I am a partner at the law firm of Morrison & Foerster LLP, attorneys of record in this action for Apple Inc. ("Apple"). I submit this declaration in support of Apple's Opposition to Samsung's Motion for Leave to Supplement Its Infringement Contentions. Unless otherwise indicated, I have personal knowledge of the matters set forth below. If called as a witness, I could and would testify competently as follows.

2. On August 26, 2011, Apple served its Patent Local Rule 3-1 Disclosure of Asserted Claims and Infringement Contentions and an addendum thereto ("Infringement Contentions") on Samsung. That disclosure identified 27 products including the Galaxy Tab, Galaxy S 2, Captivate, Epic 4G, Nexus S, Showcase Galaxy S, and Transform. One product, the Gravity Smart, was mistakenly identified as the "Gravity Smart."

3. On November 9, 2011, Apple wrote to Samsung to ask that new products be added to this lawsuit. Based on its continuing review of Samsung's products, Apple proposed that the Galaxy Player 4.0, Galaxy Player 5.0, Galaxy Tab 7.0 Plus, Galaxy Tab 8.9, and Galaxy S II Skyrocket be added to this lawsuit. Attached as Exhibit A is a true and correct copy of the November 9, 2011 e-mail and stipulation sent by Jason Bartlett to counsel for Samsung.

4. On November 22, Samsung responded by e-mail indicating its willingness to agree to the addition of these products, but asked that the iPhone 4S be added in return. Attached as Exhibit B is a true and correct copy of the November 22, 2011 correspondence from Victoria Maroulis to Richard Hung.

5. Over the next six weeks, the parties discussed how adding these products might affect this litigation. The parties discussed whether the parties could change their infringement theories, as compared to previously disclosed theories, when adding these products. Attached as Exhibit C is a true and correct copy of correspondence from Samuel Maselli to Victoria Maroulis on November 30, 2011. Attached as Exhibit D is a true and correct copy of correspondence from Victoria Maroulis to Samuel Maselli on December 5, 2011. Attached as Exhibit E is a true and correct copy of correspondence from Samuel Maselli to Victoria Maroulis on December 14, 2011.

Attached as Exhibit F is a true and correct copy of correspondence from Todd Briggs to Samuel Maselli on December 22, 2011.

6. While the parties' discussions were ongoing, Samsung continued to release new products. These new products included the Galaxy Nexus, which was released on December 15, 2011. *See* http://latimesblogs.latimes.com/technology/2011/12/samsung-galaxy-nexus-finally-has-a-us-release-date-thursday.html.

7. On January 6, 2012, the parties appeared to have reached agreement on the scope of the parties' supplementation of their infringement theories. At Samsung's request, Apple agreed to draft a stipulation identifying the products that the parties sought to be added. Attached as Exhibit G is a true and correct copy of correspondence and draft stipulation sent by Mark Selwyn to Todd Briggs on January 6, 2012.

8. As a result in part of Samsung's continued product releases, Apple identified 18 Samsung products in the proposed stipulation:

- 5 products that were previously identified in Apple's November 9, 2011 draft of the stipulation (*i.e.,* the Galaxy Tab 7.0 Plus, the Galaxy Tab 8.9, the Galaxy Player 4.0, the Galaxy Player 5.0, and the Galaxy S II Skyrocket);

- 1 product that was identified to avoid confusion over its slightly different product names (*i.e.,* the Showcase i500, which is identical to the Showcase Galaxy S listed in Apple's original Infringement Contentions);

- 1 product that had been misnamed in Apple's Infringement Contentions (*i.e.,* the Gravity Smart, mistakenly identified as the "Gravity");

- 1 product that Apple had overlooked in its original Infringement Contentions (the Dart); and

- 10 products that were released between August 21, 2011 (just before Apple served its Infringement Contentions) and December 15, 2011 (the Conquer 4G, Admire, Galaxy S II Epic 4G Touch, Focus S, Stratosphere, Transform Ultra, Captivate Glide, and Galaxy Nexus).

9. Samsung rejected Apple's proposed stipulation on January 10, 2012. Attached as Exhibit H is a true and correct copy of correspondence from Todd Briggs to Mark Selwyn on January 10, 2012.

1  10. On January 27, 2012, the Court encouraged the parties to confer about possible compromises in its grant of Samsung's motion to shorten time. Over the next seven days, the parties conferred in good faith about such compromises.

11. Samsung ultimately was willing to agree that, in return for adding the iPhone 4S to this case, Apple could add one new product -- the Galaxy Nexus. Apple also could add (or clarify the earlier inclusion of) six products as Accused Instrumentalities -- the Galaxy Tab 7.0 Plus, the Galaxy Tab 8.9, the Galaxy S II Epic 4G Touch, the Galaxy S II SkyRocket, the Showcase i500, and the Gravity Smart. The parties also were even willing to agree that any supplemental infringement contentions would not change from theories previously disclosed. Finally, the parties were willing to agree that the added products would not require amendments to the parties' claim construction positions or invalidity contentions, the discovery cutoff, or the trial schedule. Attached as Exhibit I is a true and correct copy of correspondence exchanged between Samsung and Apple between January 26, 2012 and February 2, 2012. Attached as Exhibit J is a true and correct copy of an e-mail from Richard Hung to Todd Briggs, attaching Apple's redline to the proposed stipulation.

12. The parties ultimately disagreed on one key issue – whether depositions could be re-taken. Samsung proposed that depositions be allowed to be re-taken with good cause. Attached as Exhibit K is a true and correct copy of a February 3, 2012 e-mail from Todd Briggs to Richard Hung. Apple, by contrast, proposed that depositions could not be retaken based on the addition of any products and communicated this via a telephone call from Richard Hung to Todd Briggs on the morning of February 3, 2012.

13. Attached as Exhibit L is a true and correct excerpt of the January 17, 2012 *Markman* hearing transcript.

14. Attached as Exhibit M is a true and correct excerpt of the January 19, 2012 hearing transcript before Magistrate Judge Grewal.

15. More than 115 depositions have already been taken in the above captioned action, with more than 50 more remaining (and more still to be scheduled in the co-pending ITC actions).

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct.  Executed on February 3, 2012 at San Francisco, California.

By: /s/ *Richard S.J. Hung* _____
      Richard S.J. Hung