QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S REPLY BRIEF IN SUPPORT OF SAMSUNG'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS** |

02198.51845/4587497.3

Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY BRIEF IN SUPPORT OF SAMSUNG'S
MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS

## I. INTRODUCTION

The Court should grant Samsung's motion to add the iPhone 4S. Apple has known of Samsung's intent to add the iPhone 4S to this case since November 2011 and was agreeable to adding this product to the case and providing all related discovery on the iPhone 4S *up to the day* its filed its opposition. However, Apple would not stipulate to adding the iPhone 4S because it wanted to add seven new Samsung products and at the same time bar Samsung from re-taking depositions of Apple witnesses relating to trademark, trade dress, and design patent infringement issues concerning these new Samsung products. Samsung will not need to re-take any depositions of Apple's witnesses based upon the addition of the iPhone 4S. Thus, Apple's lengthy discussion regarding the re-taking of depositions is irrelevant to this motion.

Contrary to Apple's contentions, the burden of additional discovery for the iPhone 4S is minimal. Samsung has already sought and received discovery relating to the iPhone 4S from both Apple and Qualcomm in Samsung's ITC action against Apple. Thus, Apple already possesses documents that it could cross-designate for use in this case. Furthermore, Qualcomm has agreed to produce relevant source code and documents *in this case*.

## II. ARGUMENT

### A. Because Identical Discovery has Already Occurred in This Case and the ITC Case, the Burden of Additional Discovery is Minimal.

With respect to the utility patent analysis, the iPhone 4S differs from the iPhone 4 primarily because the baseband chip is supplied by Qualcomm, not Intel. However, discovery regarding the Qualcomm chip is well underway in this case. On December 30, 2011, Samsung issued a subpoena to Qualcomm. (Caracappa Decl. at ¶ 4.) In response, Qualcomm has agreed to produce relevant source code under a stipulated protective order that Samsung intends to file this week. (*Id.*) Discovery is also proceeding in the Samsung ITC case. Apple has produced numerous documents regarding the iPhone 4S and Qualcomm which are available under the cross-use provision of the parties' protective order. (*Id.* at ¶ 3). Furthermore, Qualcomm has already produced baseband source code for inspection in the ITC case. (*Id.* at ¶ 2.) There is no reason why the addition of the iPhone 4S would be an undue burden on the parties.

Apple's claim that it has insufficient time to develop its defenses is also without merit. Apple has known of Samsung's intention to add the iPhone 4S since November 2011 and has had ample time to conduct the additional discovery it allegedly needs. Indeed, during the parties' negotiations in late January, Apple was prepared to enter into a stipulation that would still preserve the March 8, 2012 fact discovery cutoff and July 30, 2012 trial dates. (Briggs Decl. at ¶ 8.) Moreover, Apple's delay and tactical maneuvers from November through January 25, detailed in Samsung's moving papers, are the only reason why Samsung's motion was filed less than two months before the discovery cutoff.

Furthermore, Apple has already analyzed its defenses with regard to the Qualcomm baseband processor in the iPhone 4S. In its brief for partial summary judgment on its patent exhaustion and FRAND defenses, Apple discusses the Qualcomm chip and argues that the analysis is essentially the same as the Intel baseband processor. (Dkt. No 660-3 Apple Inc's Notice of Motion and Motion for Partial Summary Judgment at 9, n.3.) Apple has already obtained the relevant Qualcomm license agreements in the ITC case and through its 28 U.S.C. 1782 subpoena proceedings as early as October 2011. (Briggs Decl. Ex. A). Although Apple complains that it needs time for additional discovery, Apple's opposition brief fails to offer a single example identifying the additional discovery that Apple would need to obtain.

### B. Samsung Does Not Need to Recall Apple Witnesses Based on the Addition of the iPhone 4S

Apple expounds at length regarding Samsung's need to re-take the depositions of certain Apple witnesses. This issue, however, is completely unrelated to the addition of the iPhone 4S. Instead, it relates to Apple's attempt to add seven new Samsung products. On January 26, the day of the Court's order to shorten time, Samsung reached out to Apple and recommended a resumption of negotiations. (Briggs Decl. at Ex. B and ¶ 4.) Three days later, Apple responded with an offer to add seven Samsung products in exchange for the addition of the iPhone 4S, an agreement similar to the parties' original agreement in early January. (*Id*. at Ex. B and ¶ 5.)

However, during the week of January 30, Apple once again began moving the goalposts. Despite the fact that the parties' negotiations always concerned supplementation of the patent

infringement contentions under the Patent Local Rules that are limited to *utility patents*, Apple insisted that the products it sought to add would be included for all purposes, including trademarks, trade dress, and design patents. (*Id*. at ¶ 6.) Despite this dramatic expansion of the parties' original discussion and the substantial discovery burden such an agreement would create on Samsung, Samsung informed Apple that it would consider Apple's proposal to avoid burdening the Court. (*Id*.) On February 1, for the first time, Apple suddenly introduced a provision that would affirmatively bar Samsung from re-taking depositions of any Apple witnesses that have already occurred. (*Id.* at ¶ 7.) Samsung would have been severely prejudiced by such an absolute bar because Apple would be free to prepare its case on several new products without allowing Samsung to depose any of Apple's witnesses who may present testimony regarding Apple's trademark, trade dress, and design patent claims. In any event, this entire discussion is only pertinent to *Apple's* potential addition of Samsung products, not Samsung's proposed addition of the iPhone 4S. That motion is not before the Court.[1]

## III.   CONCLUSION

For the foregoing reasons, this Court should grant Samsung's motion for leave to amend its infringement contentions.

---

[1] Apple's insistence on including the new Samsung products in its non-utility patent allegations does threaten the expedited trial schedule. The additional new Samsung products have different cell phone bodies that require their own independent analysis, survey work regarding likelihood of confusion, and potentially additional discovery from Apple, including depositions of Apple's design inventors.

1
2  DATED: February 07, 2012                QUINN EMANUEL URQUHART &
3                                          SULLIVAN, LLP
4                                          By  *Victoria F. Maroulis*
                                              Charles K. Verhoeven
5                                             Kevin P.B. Johnson
                                              Victoria F. Maroulis
6                                             Michael T. Zeller
7
8                                          STEPTOE & JOHNSON, LLP
9                                          By  *John M. Caracappa*
                                              John M. Caracappa
10
11                                         Attorneys for SAMSUNG ELECTRONICS CO.,
                                           LTD., SAMSUNG ELECTRONICS AMERICA,
12                                         INC., and SAMSUNG
                                           TELECOMMUNICATIONS AMERICA, LLC
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28