1   HAROLD J. MCELHINNY (CA SBN 66781)      WILLIAM F. LEE
    hmcelhinny@mofo.com                     william.lee@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)       WILMER CUTLER PICKERING
    mjacobs@mofo.com                        HALE AND DORR LLP
3   JENNIFER LEE TAYLOR (CA SBN 161368)     60 State Street
    jtaylor@mofo.com                        Boston, MA 02109
4   ALISON M. TUCHER (CA SBN 171363)        Telephone: (617) 526-6000
    atucher@mofo.com                        Facsimile: (617) 526-5000
5   RICHARD S.J. HUNG (CA SBN 197425)
    rhung@mofo.com
6   JASON R. BARTLETT (CA SBN 214530)       MARK D. SELWYN (SBN 244180)
    jasonbartlett@mofo.com                  mark.selwyn@wilmerhale.com
7   MORRISON & FOERSTER LLP                 WILMER CUTLER PICKERING
    425 Market Street                       HALE AND DORR LLP
8   San Francisco, California  94105-2482   950 Page Mill Road
    Telephone:  (415) 268-7000              Palo Alto, California 94304
9   Facsimile:  (415) 268-7522              Telephone: (650) 858-6000
                                            Facsimile: (650) 858-6100
10

11  Attorneys for Plaintiff and
    Counterclaim-Defendant APPLE INC.
12

13

14                      UNITED STATES DISTRICT COURT

15                    NORTHERN DISTRICT OF CALIFORNIA

16                           SAN JOSE DIVISION

17  APPLE INC., a California corporation,       Case No. 11-cv-01846-LHK (PSG)

18              Plaintiff,                       **APPLE INC.'S MOTION FOR
                                                 RULE  37(B)(2) SANCTIONS FOR
19         v.                                    SAMSUNG'S VIOLATION OF TWO
                                                 DISCOVERY ORDERS**
20  SAMSUNG ELECTRONICS CO., LTD., a
    Korean corporation; SAMSUNG ELECTRONICS
21  AMERICA, INC., a New York corporation; and
    SAMSUNG TELECOMMUNICATIONS
22  AMERICA, LLC, a Delaware limited liability   Date:      March 27, 2012
    company,                                     Time:      10:00 a.m.
23                                               Place:     Courtroom 5, 4th Floor
                Defendants.                       Judge:     Hon. Paul S. Grewal
24

25                        **SUBMITTED UNDER SEAL**

26

27

28

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. iii

NOTICE OF MOTION AND MOTION ............................................................................... iv

RELIEF REQUESTED ......................................................................................................... iv

STATEMENT OF ISSUES TO BE DECIDED .................................................................... v

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 1

I.  FACTS AND PROCEDURAL HISTORY REGARDING SAMSUNG'S
    PRODUCTIONS ......................................................................................................... 3

    A.  Samsung's Initial Failure To Produce Copying And Survey Documents ............... 3

    B.  Samsung's Representations That No Copying Documents Exist .......................... 5

    C.  The Court's September 28 Order ........................................................................ 6

    D.  Samsung's Limited Productions Between The September 28 Order And
        The Preliminary Injunction Hearing ................................................................. 6

    E.  Samsung's Assurances of Compliance ................................................................ 7

    F.  Samsung's Productions Between December 7 and 22 ......................................... 8

    G.  The Court's December 22 Order ........................................................................ 8

    H.  Samsung's Unsuccessful Motion To Extend The Deadline Beyond
        December 31 ...................................................................................................... 9

    I.  Samsung's Productions Before December 31 ...................................................... 9

    J.  Samsung's Additional Assurances of Compliance ............................................. 10

    K.  Samsung's January Productions ......................................................................... 11

II.  LEGAL STANDARDS .............................................................................................. 12

III.  ARGUMENT ............................................................................................................. 12

    A.  Samsung Violated Both Of The Court's Orders Regarding Copying
        Documents ...................................................................................................... 12

    B.  Samsung Violated The September Order Regarding Survey Documents ........... 13

    C.  Samsung's Violations Harmed Apple By Withholding Inculpatory
        Evidence Until After The Preliminary Injunction Was Denied ......................... 14

        1.  - Redacted - ............................................................. 15

**TABLE OF CONTENTS**
**(continued)**

Page

2. - Redacted -
- Redacted - .......... 17

3. - Redacted - 19

4. - Redacted - 20

5. Importance of the withheld evidence ....................................... 20

D. The Court Should Impose Sanctions For Samsung's Violations ......................... 21

IV. CONCLUSION ............................................................................. 24

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Computer Task Group, Inc. v. Brotby*,
364 F.3d 1112 (9th Cir. 1993)........................................................................ 12, 14

*In re Google Litig.*,
No. C08-03172-RMW (PSG), 2011 U.S. Dist. LEXIS 151337
(N.D. Cal. Aug. 2, 2011)........................................................................ 23

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
460 F.3d 1217 (9th Cir. 2006)........................................................................ 12

*Unigard Security Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*,
982 F.2d. 363 (9th Cir. 1992)........................................................................ 12

OTHER AUTHORITIES

Federal Rule of Civil Procedure 37(b)(2) ............................................................. passim

Local Rule 37-4............................................................................................ iv

APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-cv-01846-LHK
sf-3101324

iii

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 13, 2012, at 10:00 a.m., or as soon as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Apple Inc. ("Apple") shall and hereby does move the Court for an order pursuant to Federal Rule of Civil Procedure 37(b)(2) imposing sanctions against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") and its counsel for materially violating two of this Court's discovery orders.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the Declaration of Minn Chung In Support of Apple's Motion for Rule 37(b)(2) Sanctions for Samsung's Violation of Two Discovery Orders and exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

Pursuant to Federal Rule of Civil Procedure 37, Local Rule 37-4, and the Court's inherent authority, Apple seeks (1) an order finding that Samsung violated this Court's September 28 and December 22, 2011 Orders by failing to produce documents by the deadlines specified in those orders, and (2) an order requiring Samsung and its attorneys to pay Apple the attorneys' fees and expenses it has incurred (and will incur) arising out of Samsung's violations.  Apple seeks fees and expenses incurred in connection with:

(a)     Apple's preliminary injunction motion and appeal from the order denying the preliminary injunction;

(b)     Apple's motion to compel that resulted in the December 22 Order, including its analysis of Samsung's compliance with the September 28 Order and its efforts to

APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-cv-01846-LHK
sf-3101324

iv

redress Samsung's non-compliance with that Order through correspondence and meeting and conferring;

(c)  Apple's analysis of Samsung's compliance with the December 22 Order, including Apple's review and analysis of the documents that Samsung produced from December 22 through the present, and Apple's efforts to redress Samsung's non-compliance with that Order through correspondence and meeting and conferring;

(d)  Apple's Motion to Compel Timely Production of Foreign-Language and Other Documents in Advance of Related Depositions, filed on January 27, 2012, which addressed many documents that were subject to the September 28 and December 22 Orders, and that should have been produced long before the depositions in question; and

(e)  Apple's fees and expenses in connection with this motion.

## STATEMENT OF ISSUES TO BE DECIDED

1.  Whether Samsung violated the Court's September 28 discovery Order (Dkt. No. 267) requiring Samsung to produce certain categories of documents by October 7, 2011.

2.  Whether Samsung violated the Court's December 22 discovery Order (Dkt. No. 537) requiring Samsung to produce certain categories of documents by December 31, 2011.

Dated:  February 8, 2012                      MORRISON & FOERSTER LLP


                                              By:    /s/ Michael A. Jacobs
                                                     Michael A. Jacobs

                                              Attorneys for Plaintiff
                                              APPLE INC.

APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-cv-01846-LHK
sf-3101324

v

**MEMORANDUM OF POINTS AND AUTHORITIES**

After Apple introduced its revolutionary iPhone and iPad products, Samsung introduced competing smartphones and tablets that looked just like Apple's products.  Indeed, the Court described Samsung's Galaxy Tab 10.1 as "virtually indistinguishable" from Apple's iPad and iPad 2.  The Court's evaluation of Apple's preliminary injunction motion turned on whether those design similarities were important to consumers and whether they arose "naturally," rather than through study and copying of Apple's products.  In opposing a preliminary injunction, Samsung and its counsel told the Court that copying documents "don't exist" because its designers did not even *consider* Apple's products in developing Samsung's competing products and argued that design was not an important factor to consumers.  Samsung and its counsel also repeatedly represented that they had fully complied with the Court's orders setting deadlines for Samsung to produce documents concerning these crucial issues.

But now—long after the preliminary injunction was denied—we know the real reason that Samsung's products look like Apple's:  Samsung deliberately copied Apple's products because Samsung - Redacted -  .  The very documents that Samsung proclaimed "don't exist" during the preliminary injunction phase *did exist*, and they contradict the arguments that Samsung made to defeat Apple's motion.

By withholding these inculpatory documents until late December 2011 and January 2012, Samsung violated two of this Court's discovery orders.  The Court's Order of September 28, 2011 set a deadline of October 7 (just before the preliminary injunction hearing) for Samsung to produce documents evidencing its investigations of Apple products and its surveys of consumers about Samsung's accused products.  (Dkt No. 267 (Sept. 28, 2011 Order).)  After Samsung failed to comply, the Court set a deadline of December 31 for Samsung to comply with the September Order, stating in no uncertain terms that "[a]ny further failure to comply with the September 28 Order will subject Samsung to sanctions."  (Dkt No. 537 (Dec. 22, 2011 Order).)  Samsung's recent productions—including *more than 1000 documents produced in January* that were subject

1  to the September Order—demonstrate that it violated not only the September Order but also the

2  December Order.

3      Samsung's violations of the Court's Orders are egregious and have severely prejudiced

4  Apple.  If Samsung had produced those documents before the preliminary injunction hearing (as

5  required by the September 28 Order), they would have substantially strengthened Apple's motion

6  and could well have led to a different result.  The Court held that two of Apple's patents were

7  likely valid and infringed but denied an injunction on the narrow ground that Apple had not

8  presented sufficient evidence that the patented features had a significant impact on consumer

9  purchasing decisions.  Samsung's late-produced documents include evidence that goes directly to

10  this outcome-determinative issue:  Samsung copied Apple's designs - Redacted -

11  [Redacted]  The importance of design is shown

12  - Redacted -

13  [Redacted]

14  [Redacted].

15      Apple sought a preliminary injunction because damages cannot compensate Apple for the

16  irreparable harm caused by Samsung's sales of infringing copy-cat products.  Even more so,

17  sanctions cannot make Apple whole after being deprived of crucial inculpatory evidence that was

18  directly relevant to the grounds on which the Court denied a preliminary injunction.

19  Nevertheless, sanctions can and should be imposed.

20      Pursuant to Rule 37(b)(2)(A), the Court "may issue further just orders."  Apple requests

21  that the Court make findings that Samsung violated both the September 28 and December 22

22  Orders.  These findings will be relevant as this case proceeds, including should Apple seek to

23  prove at the end of the case that Samsung's litigation conduct amounts to willful misconduct or

24  special circumstances.

25      Under Rule 37(b)(2)(C), the Court "must" order Samsung and/or its attorneys to

26  compensate Apple for the expenses it has incurred due to Samsung's violation of the September

27  and December Orders.  Apple requests that the Court order Samsung and its attorneys to pay

28  Apple the attorneys' fees and expenses it has incurred (and will incur) in connection with:

APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-cv-01846-LHK
sf-3101324

2

(1)     Apple's preliminary injunction motion and appeal from the order denying the preliminary injunction;

(2)     Apple's motion to compel that resulted in the December 22 Order, including its analysis of Samsung's compliance with the September 28 Order and its efforts to redress Samsung's non-compliance with that Order through correspondence and meeting and conferring;

(3)     Apple's analysis of Samsung's compliance with the December 22 Order, including Apple's review and analysis of the documents that Samsung produced from December 22 through the present, and Apple's efforts to redress Samsung's non-compliance with that Order through correspondence and meeting and conferring;

(4)     Apple's Motion to Compel Timely Production of Foreign-Language and Other Documents in Advance of Related Depositions, filed on January 27, 2012, which addressed many documents that were subject to the September 28 and December 22 Orders and that should have been produced long before the depositions in question; and

(5)     Apple's fees and expenses in connection with this motion.

## I.      FACTS AND PROCEDURAL HISTORY REGARDING SAMSUNG'S PRODUCTIONS

### A.      Samsung's Initial Failure To Produce Copying And Survey Documents

Apple filed its preliminary injunction motion on July 1, 2011.  At Samsung's request, the hearing was delayed so the parties would have "a fair and reasonable opportunity to conduct discovery and brief the complex issues raised in Apple's motion."  (Dkt. No. 100 (July 8, 2011 Joint Submission) at 3.)  The Court set the hearing for October 13 and required document production to be completed by September 12.  (Dkt. No. 115 (July 18, 2011 Order Setting Briefing.)

Despite the longer period, Samsung did not provide Apple with fair or reasonable discovery.  Apple's requests for production included documents that related to the design history of the products that Apple sought to enjoin and that referred to Apple products (to establish

APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-cv-01846-LHK
sf-3101324

3

deliberate copying).[1] (Dkt. No. 249 (Sept. 20, 2011 Motion to Compel) at 1-2.)  Yet Samsung's

initial productions were devoid of design and development documents concerning the products at

issue and instead included reams of irrelevant materials - Redacted -

(Dkt. No. 249 (Sept. 20, 2011 Chung Decl.) ¶¶ 3-4, 6-12

(filed under seal).)  When Apple filed a motion to compel on September 20, Samsung had

produced no documents relating to the analysis of Apple's designs by Samsung designers—in

short, no documents relating to Samsung's copying of Apple products.  (*Id*. ¶ 11; Dkt. No. 467

(Dec. 8, 2011 Chung Decl.) ¶ 8 (filed under seal).)

Apple's requests also sought documents, including customer surveys, that related to the

marketing of the products it sought to enjoin and that referred to Apple or its products, as

evidence that Samsung's sales of accused products result in irreparable harm to Apple.[2]  (Dkt.

No. 249 (Sept. 20, 2011 Mot. to Compel) at 11.)  Samsung objected and notified Apple that it

would not produce any such surveys or marketing documents that did not specifically mention

one of the four Samsung products named in Apple's preliminary injunction motion, even if those

surveys or documents mentioned or referred to any Apple products.  (Dkt. No. 249 (Sept. 28,

2011 Bartlett Decl.) ¶ 15.)

---

[1] Request for Production No. 1: Documents relating to your analysis, review,
consideration, or copying of, or comparison against, any Apple product or product feature
in designing, developing, or implementing any feature of the Products at Issue, including
(1) their Exterior Design; (2) functionality that allows for an image, list, or webpage to be
scrolled beyond its edge until it is partially displayed; and (3) functionality that allows for
an image, list, or webpage that is scrolled beyond its edge to scroll back or bounce back
into place so that it returns to fill the screen.

(Dkt. No. 245 (Sept. 20, 2011 Apple Mot. to Compel) at 2.)

[2] Request for Production No. 214: All Documents relating to marketing of any Products at
Issue that discuss or refer directly or indirectly to Apple or Apple products, including
copies of all advertisements or other promotional materials, marketing plans, market
surveys, focus group studies, or other documents related to testing of advertisements or
advertisement messaging. . . .

(Dkt. No. 245 (Sept. 20, 2011 Apple Mot. to Compel) at 4.)

## B.     Samsung's Representations That No Copying Documents Exist

At the same time that Samsung was failing to produce design and development documents, Samsung trumpeted Apple's alleged lack of "copying" evidence as a basis to deny Apple's preliminary injunction motion, which had been set for hearing on October 13.  Samsung claimed that its smartphones and tablets "naturally evolved in the direction" of Apple's designs and that, "[a]lthough willful infringement, including deliberate copying, may be relevant to a preliminary injunction motion, Apple has offered no evidence of such copying or willful infringement."  (Dkt. No. 175 (Aug. 22, 2011 Opp. To Motion for Prelim. Inj.) at 1-2 & 39.)

Samsung assured the Court that the evidence Apple was seeking simply did not exist. Samsung's opposition to Apple's September 20 motion to compel stated:  "Samsung already has produced the responsive documents it has located to date regarding" Apple's request for copying documents.  (Dkt. No. 258 (Sept. 26, 2011 Opp. to Mot. to Compel) at 5.)  Samsung's counsel made even stronger representations at the September 28 hearing:

> So with respect to the first set of issues which is four different categories of documents [including the copying documents], we believe that the record is clear from the Jenkins declaration and from our brief and otherwise that we've produced documents after reasonable search that answer these requests. . . .  **But in producing our design documents we are not obligated to manufacture documents that don't exist.  They are looking for a smoking gun document, a document that says we copied something from Apple.  We don't have those documents.**
>
> . . . .
>
> [Samsung's 30(b)(6) representative] testified that he spoke with [the designers identified in Samsung's interrogatory responses] and **inquired extensively whether any of them considered Apple products when designing their products, not just copying, but any consideration of frame of reference.  They testified they have not**.

(Declaration of Minn Chung In Support of Apple Inc's Motion For Rule 37(B)(2) Sanctions ("Chung Decl.") Ex. T at 45-48 (emphases added); *see also id.* Ex. BB).)

APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-cv-01846-LHK
sf-3101324

5

C.      **The Court's September 28 Order**

The September 28 Order expressly found that Samsung had put its development

documents at issue in the preliminary injunction proceedings by "boldly declar[ing]" in its

opposition that Apple had presented no evidence of copying.  The Court ordered that

> [N]o later than October 7, 2011, Samsung shall produce:
>
> 1. From the custodial files of each of Samsung designers of Samsung's Galaxy S 4G and Infuse 4G, Droid Charge phones and Galaxy Tab 10.1 table computer identified in Samsung's Rule 26(a) disclosures or interrogatory responses, all documents referencing the Apple products alleged by Apple to embody one or more of the ornamental or utility features claimed in the patents.  All means all: email, memoranda, whatever.  Samsung put these documents at issue when, at page 39 of its opposition to Apple's preliminary injunction motion, it boldly declared that "[a]lthough willful infringement, including deliberate copying, may be relevant to a preliminary injunction motion, Apple has offered no evidence of such copying or willful infringement."

(Sept. 28, 2011 Order at 3.)

The Order also required Samsung to produce by October 7, "[f]rom any central files or the

custodial files of any individuals with specific responsibility for surveying customers of

[Samsung's products at issue in the preliminary injunction], all survey documents that reference

[Apple's products at issue]."  (*Id.* at 4.)

Because the October 7 deadline for Samsung to complete its production of these

documents was less than a week before the preliminary injunction hearing, if Samsung failed to

comply with the Court's Order, Apple would not have the evidence in time to support its motion.

D.      **Samsung's Limited Productions Between The September 28 Order And The Preliminary Injunction Hearing**

Samsung produced approximately 10,000 documents on October 7, 8, and 10, many of

which were in Korean.[3]  (Dkt. No. 298 (Oct. 10, 2011 Chung Decl. ¶ 2 (filed under seal)).)

---

[3] Samsung represented that its October 7 production was delayed on account of technical issues.  (Chung Decl. Ex. AA.)  Apple is not relying on that production delay as a basis for relief in this motion.

APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-cv-01846-LHK
sf-3101324

6

1    Samsung also identified the custodians whose files it had searched and the search terms it had

2    used (the "Amended Identification").  (Chung Decl. Ex. U.)  The custodians included all of the

3    persons whom Samsung had identified in discovery responses as the designers of the Samsung's

4    products at issue in Apple's preliminary injunction motion (the "Designer Custodians").  (*See*

5    Chung Decl. Exs. A-B.)  Samsung subsequently identified three persons responsible for surveying

6    customers about the accused products (the "Survey Custodians").  (Chung Decl. Ex. M.)

7            Apple scrambled to review and translate documents.  Very few documents relating to the

8    design history of the accused products or showing any analysis of Apple's products by Samsung's

9    designers and engineers were found.  (Dkt. No. 529 (Dec. 8, 2011 Chung Decl.) ¶¶ 11-13, 16

10   (filed under seal).)  On October 11, Apple filed a motion to augment the record on its preliminary

11   injunction motion with five of the newly-produced documents, which had been produced on

12   October 8 and 10.[4]  Four of those documents addressed the significance of Apple's patented

13   "bounce" feature and Samsung's implementation of this feature, and the other was a Samsung

14   survey concerning consumer preferences and reactions to the design of the iPhone and of

15   Samsung smartphones.  (Dkt. No. 298 (Oct. 11, 2011 Mot. to Augment) (filed under seal));

16   Oct. 11, 2011 Chung Decl. ¶¶ 3-7 (filed under seal).)

17           **E.       Samsung's Assurances of Compliance**

18           Apple suspected that Samsung had not fully complied with the September 28 Order.

19   Apple raised its concerns with Samsung's counsel, who responded with assurances that:

20                   Samsung's document production pursuant to the September 28,
                     2011 Order is complete.  As always, if additional documents are
21                   subsequently discovered, Samsung will supplement this production
                     as quickly as practicable.
22

23   (Chung Decl. Ex. V at 2.)  At the same time, however, Samsung's counsel admitted that Samsung

24   had stopped using the search term "Apple" to search the files of certain relevant designers and

25   _____

26          [4] Samsung produced two additional documents on October 12, but they were not design,
     development or survey documents.  (Chung Decl. ¶ 5.)
27

28

APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-CV-01846-LHK
sf-3101324

7

1  developers despite the clear necessity of such a search term to capture documents specified in the

2  September 28 Order.  (*Id.*; *see also* Chung Decl. Ex. X at 2.)  Samsung also revealed that it had

3  limited its search for survey documents to U.S. marketing documents (despite the absence of any

4  such limitation in the September 28 Order).  (*Id.*)  Apple objected to these and other improper

5  practices on multiple occasions.  (*See*, *e.g.*, Chung Decl. Exs. M, W & Y.)

6       **F.       Samsung's Productions Between December 7 and 22**

7       Apple notified Samsung on November 30, that it would file a second motion to compel on

8  December 8.  (Dkt. No. 613-2 (Jan. 11, 2012 Mazza Decl.) ¶ 4.)  On December 7, Samsung began

9  to produce additional documents.  However, Samsung produced only two documents referencing

10 Apple or Apple products that were sourced to any of the Designer Custodians.  (Chung Decl. ¶ 8

11 & Ex. C.)

12      On December 9, Samsung produced 117 documents from two of the three Survey

13 Custodians.  (Chung Ex. N.)  These documents were subject to the September 28 Order and

14 required to be produced by October 7.  Moreover, Samsung had represented to Apple on

15 October 10 that its production required by the September 28 Order was complete.  (Chung Decl.

16 Exs. U-V.)  Samsung violated the September 28 Order by not producing these documents until

17 December.

18      **G.       The Court's December 22 Order**

19      Apple filed its second motion to compel on December 8 (Dkt. No. 467-1 (Dec. 8, 2011

20 Mot. to Compel).)  The Court's December 22 Order granted Apple's motion in part, and

21 addressed the copying and survey documents as follows:

22          3.  Emails and documents showing Samsung's analysis of and
            consideration of Apple's products.  **With respect to any materials**
23          **subject to the court's September 28, 2011 order that have not**
            **been produced, Samsung shall complete its production**
24          **immediately and, in any event, no later than December 31,**
            **2011.  Any further failure to comply with the September 28**
25          **Order will subject Samsung to sanctions**.  All other responsive
            documents, specifically relating to the additional products and
26          patent claims that were not at issue during the preliminary
            injunction phase, shall be produced on a rolling basis and no later
27          than January 15, 2012.

28

4. <u>Survey and marketing documents</u>.  Samsung shall complete its production of these materials no later than January 15, 2012. **As above, with respect to any materials that were subject to the September 28 Order and not yet produced, Samsung shall complete its production immediately and, in any event, no later than December 31, 2011.  Once again, any further failure to comply with the September 28 Order will subject Samsung to sanctions.**

(Dec. 22, 2011 Order) at 3 (emphasis added).)

### H.    Samsung's Unsuccessful Motion To Extend The Deadline Beyond December 31

Samsung subsequently moved for an extension of the deadline set by the December 22 Order, but the Court held Samsung to the December 31 deadline.  (Dkt. No. 554 (Dec. 22, 2011 Mot. to Extend Time); Dkt. No. 567 (Dec. 30, 2011 Order Den. Motion).  That motion revealed the stunning extent of Samsung's non-compliance with the Court's September 28 Order.  Samsung asserted that the volume of documents subject to production by December 31 was so large that it was "physically impossible" to produce them by that deadline—even though Samsung had been required to produce those documents almost three months earlier.  (Dec. 22, 2011 Mot. at 1.)  *Samsung's supporting declaration revealed that it had not begun making a concerted effort to collect and produce the documents required under the Court's September 28 Order until December 22*.  (*Id.* at 2:18–3:5 (admitting that Samsung waited until after the December 22 Order to commit resources necessary for completing production, including engaging new discovery vendor and hiring additional attorneys).)

### I.    Samsung's Productions Before December 31

Between December 23 and 31, Samsung produced approximately 291 documents sourced from the Designer Custodians.  (Chung Decl. Ex. C.)  *Those productions included 82 documents that mention Apple's products and were clearly subject to the September 28 Order*.  (*Id.*)  Moreover, Samsung had specifically represented to Apple on October 10 that it had searched their files before making its productions required by the September 28 Order.  (Chung Decl. Exs. U-V.)

APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-cv-01846-LHK
sf-3101324

9

1    Samsung's late-December productions stand in sharp contrast to its minimal production of

2    relevant documents during the preliminary injunction phase of the case.  For example, prior to

3    October 13, Samsung had produced only a single document from Designer Custodian Jaegwan

4    Shin, and that document did not reference Apple or Apple products.  On December 23, however,

5    Samsung produced more than two dozen documents sourced to Jaegwan Shin that referenced

6    Apple or its products.  (Chung Decl. ¶ 11 & Ex. C.)

7    In this same period, Samsung for the first time produced documents from Tim Benner,

8    who was one of the three Survey Custodians identified as having been searched in connection

9    with the September 28 Order.  (Chung Decl. ¶ 32 & Ex. M; *see also id.* Ex. N.)  Samsung's late-

10   December productions included 180 documents sourced to Benner and 156 documents from Jinna

11   Yoon, one of the Survey Custodians whose documents were included in the December 9

12   production.  (Chung Decl. Ex. N; *see id.* Ex. R (listing survey documents referencing Apple or

13   Apple products produced from Survey Custodians on or after December 8).)  All of these

14   documents were covered by the September 28 Order.

15   These late-December documents should have been produced without Court intervention

16   by the September 12 deadline for productions in connection with Apple's preliminary injunction

17   motion.  Once Samsung missed that deadline, the documents were subject to the September 28

18   Order and required to be produced by October 7.  Samsung violated the September 28 Order by

19   not producing these documents until late December—long after the hearing on Apple's

20   preliminary injunction motion.

21   **J.    Samsung's Additional Assurances of Compliance**

22   In January, Samsung represented to the Court that it had met the December 31 deadline

23   set by the December 22 Order:

24   > I want to be crystal clear about that.  The Order said any documents
that should have been produced pursuant to the September 28th
25   > Order must be produced by December 31st or there may be
sanctions.  We—all of the documents that were ordered produced
26   > by September 28th had already been produced pursuant to that
order in December.

27

28

APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-cv-01846-LHK
sf-3101324

10

(Chung Decl. Ex. Z at 159.)  Samsung's counsel further explained that Samsung had requested a "mercy extension of time" over the holidays because it had found a few "additional survey custodians" whose documents were arguably covered by the Court's discovery Orders.  (*Id.*)  "But I'm saying that despite our investigations we found new custodians . . . .  We didn't withhold anything, there were just witnesses that came to light months later."  (*Id.* at 160.)

### K.      Samsung's January Productions

In January 2012, as Apple began taking depositions of Samsung's witnesses, Samsung began producing documents from each witness.  In connection with those productions, Samsung produced more than 4,000 documents from the Designer Custodians, *including 1,034 documents that reference Apple or Apple products*.  (Chung Decl. ¶ 9 & Ex. C; *see id.* Ex. S (listing documents referencing Apple or Apple products produced from Designer Custodians on or after December 8).)[5]  These documents were from the files of employees whom Samsung had identified as responsible for designing and developing the accused products and whose files Samsung had already supposedly searched in connection with not only the September 28 Order but also the December 22 Order.[6]  (Chung Decl. Exs. A-B, U-V.)

The January productions, like the late-December productions, stand in sharp contrast to Samsung's minimal production of relevant documents during the preliminary injunction phase of the case.  For example, Samsung produced *only three documents* sourced to Designer Custodian Jeeyeun Wang before October 13, none of which referenced Apple or its products.  Samsung failed to produce additional documents from Wang by the December 31 deadline set by the December 22 Order.  However, on January 13 and 24, Samsung produced more than 1,800

---

[5] Samsung's practice regarding these depositions has been to produce thousands of pages of Korean-language documents related to each deponent fewer than five days before the deposition—or even during a deposition.  (Dkt. No. 683 (Jan. 27, 2012 Mazza Decl.) ¶¶ 5-8.) These late productions do not allow Apple sufficient time to process and translate the documents in time to use them at a deposition.  (*Id.* ¶¶ 9-13.)

[6] Samsung also produced an additional document from a Survey Custodian in a January 5 production.  (Chung Decl. Ex. N.)

APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-CV-01846-LHK
sf-3101324

11

1  documents sourced to Jeeyeun Wang, including *more than 950 documents that referenced Apple*
2  *or Apple products.*  (Chung Decl. ¶¶ 11-12.)

3      Samsung should have provided the January-produced documents without Court
4  intervention by September 12.  When Samsung failed to do so, they became subject to the
5  September 28 Order and were required to be produced by October 7.  When Samsung missed that
6  Court-ordered deadline, the documents were subject to the December 31 deadline set by the
7  December 22 Order.  Samsung's failure to produce these documents until January violated both
8  the September 28 and December 31 Orders.

9  **II.     LEGAL STANDARDS**

10      A court has inherent authority to sanction a party for discovery misconduct even absent a
11  prior court order.  *Unigard Security Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d. 363,
12  368 (9th Cir. 1992).  Where a party violates a discovery order, Federal Rule of Civil Procedure
13  37(b)(2) authorize a court to impose sanctions.  "Failure to produce documents as ordered is
14  considered sufficient prejudice" to establish sanctionable conduct.  *Computer Task Group, Inc. v.*
15  *Brotby*, 364 F.3d 1112, 1116 (9th Cir. 1993).  A court may issue findings of misconduct as a
16  sanction for failure to obey a court order.  *See, e.g.,* Fed. R. Civ. P. 37(b)(2)(A) (court may issue
17  "further just orders" as sanction for failure to comply with court order); *In re*
18  *Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1229 (9th Cir. 2006) (available
19  sanctions include warnings to counsel and reprimands).  In addition to (or instead of) such orders,
20  a court "must order the disobedient party, the attorney advising that party, or both to pay the
21  reasonable expenses, including attorney's fees, caused by the failure, unless the failure was
22  substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P.
23  37(b)(2)(C).

24  **III.    ARGUMENT**

25      **A.     Samsung Violated Both Of The Court's Orders Regarding Copying**
            **Documents**
26

27      The Court's Orders concerning production of copying documents were crystal clear.
28  The September 28 Order directed that:

APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-CV-01846-LHK
sf-3101324

12

1

no later than October 7, 2011, Samsung shall produce:  From the custodial files of each of Samsung [designers of the accused products], all documents referencing the Apple products alleged by Apple to embody one or more of the ornamental or utility features claimed in the patents.  All means all:  email, memoranda, whatever.

2

3

4

5   (Sept. 28, 2011 Order) at 3.)  The December 22 Order provided:

6

With respect to any materials subject to the court's September 28, 2011 order that have not been produced, Samsung shall complete its production immediately and, in any event, no later than December 31, 2011.  Any further failure to comply with the September 28 Order will subject Samsung to sanctions.

7

8

9   (Dec. 22, 2011 Order) at 3.)

10       Samsung's violations of the Orders are just as clear.  Samsung did not produce "all"

11   copying documents by the October 7 deadline set by the September 28 Order.  Nor did Samsung

12   "complete its production" of "any materials subject to the court's September 28, 2011 order"

13   "immediately and, in any event, no later than December 31, 2011," as required by the

14   December 22 Order.  Instead, at the end of December, Samsung produced almost 100 copying

15   documents; and in January, Samsung produced more than 1000 copying documents.  (Chung

16   Decl. Ex. C.)  Samsung plainly violated both the September and the December Orders.

17       **B.       Samsung Violated The September Order Regarding Survey Documents**

18       The Court's September Order as to survey documents, and Samsung's violations of that

19   Order, also are clear.  The September Order required Samsung, by October 7, to produce "[f]rom

20   any central files or the custodial files of any individuals with specific responsibility for surveying

21   customers of [Samsung's products at issue in the preliminary injunction], all survey documents

22   that reference [Apple's products at issue]."  (Sept. 28, 2011 Order at 4.)

23       Yet Samsung did not produce *any* documents from its three identified Survey Custodians

24   by the time of the preliminary injunction hearing.  Instead, Samsung waited until December to

25   produce from those individuals more than 400 documents mentioning Apple or its products, all of

26   which should have been produced during the preliminary injunction phase of the case.  (Chung

27   Decl. Ex. N.)

28

APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-CV-01846-LHK
sf-3101324

13

**C.   Samsung's Violations Harmed Apple By Withholding Inculpatory Evidence Until After The Preliminary Injunction Was Denied**

Although the failure to comply with a court order to produce documents is in itself "sufficient prejudice" to establish sanctionable conduct, *Computer Task Group*, 364 F.3d at 1116, Samsung's violations caused Apple real and concrete harm.  Samsung deprived Apple of evidence that would have substantially strengthened a preliminary injunction motion that was denied on narrow grounds.  Moreover, Samsung impaired Apple's ability to prepare for and conduct meaningful depositions in January and February by delaying until the eve of depositions the production of documents that were subject to the September 28 Order and should have been produced months earlier.

Samsung's belated productions contain the most inculpatory evidence Samsung has produced to date on design copying, showing that the self-evident similarities between Samsung's and Apple's products were not caused "naturally," as Samsung had claimed, but instead were deliberately copied because Samsung recognized that consumers preferred Apple's designs and features over Samsung's.  This evidence was highly relevant to Apple's preliminary injunction motion because it showed that Samsung was selling competing products that copied Apple's patented designs and features, and that the copied designs and features were important to consumers.  That evidence speaks directly to an outcome-determinative issue in the preliminary injunction order:  whether the patented features had a significant impact on consumer purchasing decisions.

The Court concluded that Apple's D'677 iPhone design patent was likely valid and infringed and that Samsung's sale of infringing smartphones would likely cause Apple to suffer a "loss of customers and future downstream purchases," which "would be difficult to recover and can support a finding of irreparable harm."  (Dec. 2, 2011 Order at 24-27, 32 [redacted version at Dkt. No. 452].)  The Court nevertheless denied a preliminary injunction on the iPhone design patent due to lack of irreparable harm, finding that Apple had not presented sufficient evidence that Samsung's use of Apple's patented design was a significant driver of consumer demand for Samsung's phones.  (*Id.* at 33-34, 38.)  The Court further noted that "even if 'design' matters to a

APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-cv-01846-LHK
sf-3101324

14

1   new smartphone purchaser, it is not clear how much design of the front face of the phone matters

2   to that same purchaser."  (*Id.* at 38.)

3        Similarly, the Court held that "Apple is likely to succeed on the merits at trial on its

4   claims that the four accused Samsung devices infringe the '381 patent," but denied an injunction

5   because Apple had not shown that consumers' purchasing decisions were "based on" the "snap

6   back" (or "bounce effect") feature protected by the '381 patent.  (*Id.* at 63.)

7        Samsung's late-produced documents provide precisely the evidence that the Court found

8   lacking, and contradict Samsung's assertion that "[t]he evidence . . . refutes Apple's claim that

9   the ornamental design of its products is the basis for its market share."  (Dkt. No. 175 (Aug. 22,

10  2011 Opp. to Mot. for Prelim. Inj.) at 31.)

11       **1.**  - Redacted -



13       In January, Samsung produced from the files of Designer Custodian Jeeyeun Wang

14  - Redacted -

25       This late-produced document refutes Samsung's argument—which the Court noted in

26  denying an injunction—that Apple's "potential loss of customers is unrelated to Samsung's

27  product design, and that smartphone design in general is not a determinative factor in consumer

28  decision-making."  (Dec. 2, 2011 Order at 34.) - Redacted -

APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-cv-01846-LHK
sf-3101324

15

1   - Redacted -

2

3

4   This is significant

5   because a key feature of the D'677 iPhone design patent is a "black transparent and glass-like

6   front surface."  (Dec. 2, 2011 Order at 21.)  - Redacted -

7

8   .  If Samsung had not

9   violated its obligation to produce this document before the preliminary injunction hearing, this

10  document may well have persuaded the Court to grant a preliminary injunction on Apple's iPhone

11  design patent.  Indeed, in the context of Apple's D'889 tablet design patent, the Court held that

12  Apple had established irreparable harm in view of a Samsung survey that concluded that - Redacte

13  - Redacted -   (*Id.* at 49.)  The

14  smartphone survey that Samsung failed to produce provides similar evidence that - Redacted -

15  - Redacted -

16      - Redacted -

17

18

19

20

21

22

23

24

25  - Redacted -

26

27

28



APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-cv-01846-LHK
sf-3101324

16

**2.**  - Redacted -

- Redacted -

This evidence, coupled with Samsung's introduction of copy-cat products that looked like Apple's products, demonstrates how important design is in sales of smartphones and tablets in general and Apple's designs in particular—if design was not important, Samsung would not have copied Apple's.

For example, Designer Custodian Bora Kim's files included an October 2007 study

- Redacted -

Other withheld documents show that Samsung took this recommendation to heart. Samsung recently produced a document titled  - Redacted -

APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-cv-01846-LHK
sf-3101324

17



1   - Redacted -

12   - Redacted -

20   Re
     dac
     ted
     -

APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-cv-01846-LHK
sf-3101324

18

1    (Chung Decl. Ex. H at SAMNDCA10247374; - Redacted -

2    - Redacted -

3         - Redacted -

10        **3.**     - Redacted -

12    Samsung's late productions show that - Redacted -

18         - Redacted -

23    - Redacted -



1  - Redacted -

2

3

4

5

6  **4.**  - Redacted -

7

8       Samsung had opposed a preliminary injunction in part by arguing that "there is no reason

9  to conclude that any particular Samsung customer would switch to Apple instead of another

10  manufacturer if an injunction issued," and that  - Redacted -

11  Aug. 22, 2011 Opp. to Mot. at 30.)  The Court was

12  persuaded by that argument, finding that  - Redacted -

13

14  (Dec. 2, 2011 Order Denying Prelim. Inj.)

15  at 31.)  - Redacted -

16

17

18

19

20       **5.**        **Importance of the withheld evidence**

21       The withheld documents were relevant to every aspect of Apple's preliminary injunction

22  motion.  The documents were relevant to Apple's likelihood of success on the merits and to

23  irreparable harm  - Redacted -

24  . These documents were also

25  relevant to the balance of hardships because Samsung could not claim legitimate hardship from

26  having to stop selling products that it deliberately copied, and to the public interest, which

27  condemns copying.

28

APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-cv-01846-LHK
sf-3101324

20

1    There is no question that the documents described above should have been produced by

2    the deadline set by the September 28 Order, and in all events no later than December 31 as

3    required by the December 22 Order.  As noted, the documents come from the files of the very

4    custodians identified by Samsung as the designers and marketing personnel responsible for the

5    accused products (*see* Chung Decl. Exs. A-B, M, U-V), and they are plainly covered by the

6    Court's Orders.

7    **D.    The Court Should Impose Sanctions For Samsung's Violations**

8    Samsung's late productions stand in stark contrast to Samsung's and its counsel's repeated

9    assurances to Apple and the Court that Samsung had fully complied with the Court's Orders.

10   (Chung Decl. Ex. V at 2; Ex. Z at 159.)  For example, at a time of great urgency in the case, when

11   Apple was seeking to compel Samsung to produce documents for Apple to use in its preliminary

12   injunction reply (or at hearing), Samsung's counsel assured the Court that documents showing

13   copying "don't exist."  (Chung Decl. Ex. T at 48.)  That assurance was predicated on testimony

14   from a Samsung 30(b)(6) witness who supposedly had "spoke[n] to" the Designer Custodians,

15   had "inquired extensively whether any of them considered Apple products when designing their

16   products, not just copying, but any consideration of frame of reference," and was told that "they

17   have not."  (*Id.*; *see also id.* Ex. BB.)  - Redacted -

18   .  Thus, either the

19   30(b)(6) witness's statements about his extensive inquiry and its results were false, or the

20   statements that the Designer Custodians made to that witness were false.  Regardless of the

21   reason, during the preliminary injunction phase of the case and in connection with Apple's

22   motions to compel, Samsung's counsel made representations to the Court and to Apple

23   concerning the evidence and Samsung's compliance with its discovery obligations and the

24   Court's Orders that proved to be false.

25   In truth, not only did copying evidence exist, but Samsung's Designer and Survey

26   Custodians had hundreds of responsive, highly-relevant documents—consisting of thousands of

27   pages of materials—showing that Samsung conducted detailed investigations of Apple's

28   products.  Despite the clear mandates in the September 28 and December 22 Orders, these

1   documents were not produced until long after the deadlines imposed by those Orders and after

2   Apple's motion for a preliminary motion was denied.  Moreover, it is now clear that Samsung did

3   not begin making a concerted effort to collect and produce the documents required under the

4   September 28 Order until the Court issued its December 22 Order.  (*See* Dec. 22, 2011 Mot. to

5   Extend Time.)

6       There are only two possible explanations for Samsung's failure to produce these highly-

7   relevant documents in a timely manner.  Samsung chose to withhold them in an attempt to avoid

8   an injunction, or Samsung and/or its counsel failed to search with anything close to reasonable

9   diligence (despite making claims to the contrary).  Either way, their behavior is unjustified.

10      The withheld documents would have substantially strengthened Apple's preliminary

11  injunction motion and would have weakened Samsung's opposition even more substantially, as

12  the documents directly contradict Samsung's arguments.  Although sanctions cannot begin to

13  compensate Apple for the irreparable harm it has suffered since the Court denied the preliminary

14  injunction without having considered the withheld evidence, Apple is entitled to remedies under

15  Rule 37(b)(2).

16      As a "further just order[]" pursuant to Rule 37(b)(2)(A) and the Court's inherent authority,

17  Apple requests that the Court make findings that Samsung violated both the September 28 and

18  December 22 Orders.  Samsung, with its experience in patent litigation, fully appreciates the

19  potential penalties at the end of a case for a party whose litigation conduct amounts to willful

20  misconduct or special circumstances.  An express finding by this Court is therefore likely to

21  encourage Samsung to comply with its responsibilities as the case continues.

22      In addition, pursuant to Rule 37(b)(2)(C) and the Court's inherent authority, Apple

23  requests that the Court order Samsung and its attorneys to pay Apple the attorneys' fees and

24  expenses it has incurred (and will incur) in connection with:

25      (1)    Apple's preliminary injunction and appeal from the order denying the preliminary

26      injunction.  Given that the withheld documents were highly relevant to the equities

27      of that motion and to outcome-determinative issues, Apple's having to litigate the

28      motion without the withheld documents and its appeal from the denial of the

APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-cv-01846-LHK
sf-3101324

22

1   preliminary injunction should be deemed to have been caused by Samsung's

2   violation of the Orders.

3   (2)   Apple's motion to compel that resulted in the December 22 Order, including its

4   analysis of Samsung's compliance with the September 28 Order and its efforts to

5   redress Samsung's non-compliance with that Order through correspondence and

6   meeting and conferring.  That work was caused by Samsung's violation of the

7   September 28 Order.

8   (3)   Apple's analysis of Samsung's compliance with the December 22 Order, including

9   Apple's review and analysis of the documents that Samsung produced from

10   December 22 through the present, and Apple's efforts to redress Samsung's non-

11   compliance with that Order through correspondence and meeting and conferring.

12   That work was caused by Samsung's violation of the September 28 and

13   December 22 Orders.

14   (4)   Apple's Motion to Compel Timely Production of Foreign-Language and Other

15   Documents in Advance of Related Depositions, filed on January 27, 2012.  This

16   motion addressed many documents that were subject to the September 28 and

17   December 22 Orders, and that should have been produced long before the

18   depositions in question.  Had the documents been produced when ordered, Apple

19   would not have had to file that motion.

20   (5)   Apple's fees and expenses in connection with this motion.

21   Apple's fees and expenses in connection with the work described above arose from

22   Samsung's failure to comply with the Court's Orders and may be recovered under Rule

23   37(b)(2)(C) and the Court's inherent authority.  *See*, *e.g.*, *In re Google Litig*., No. C08-03172-

24   RMW (PSG), 2011 U.S. Dist. LEXIS 151337, at *26-27 (N.D. Cal. Aug. 2, 2011) (monetary

25   sanctions are appropriate to reimburse party for both sanctions motion and cost of analyzing

26   producing party's inadequate production).

27

28

APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-cv-01846-LHK
sf-3101324

23

1    Apple proposes that if the Court grants this motion and allows Apple to recover fees and

2    expenses, Apple submit documentation of its fees and expenses three weeks after such order is

3    issued.

4    **IV.    CONCLUSION**

5    For the reasons discussed above, the Court should grant Apple's motion and issue orders

6    finding that Samsung violated the September 28 and December 22 Orders and directing Samsung

7    and its attorneys to pay Apple the attorneys' fees and expenses it has incurred (and will incur)

8    arising from the violations.

9

10    Dated:  February 8, 2012                    MORRISON & FOERSTER LLP

11

12                                    By:    */s/ Michael A. Jacobs*
                                            Michael A. Jacobs

13                                         Attorneys for Plaintiff
14                                         APPLE INC.

APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-cv-01846-LHK
sf-3101324

24