# Exhibit T

Case5:11-cv-01846-LHK Document277 Filed09/30/11 Page1 of 87

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLE, INC., | ) | CV-11-1846-LHK |
| | ) | |
| PLAINTIFF, | ) | SAN JOSE, CALIFORNIA |
| | ) | |
| VS. | ) | |
| | ) | SEPTEMBER 28, 2011 |
| SAMSUNG ELECTRONICS CO., | ) | |
| LTD., ET AL, | ) | |
| | ) | PAGES 1-87 |
| DEFENDANT. | ) | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE PAUL S. GREWAL
UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S:

FOR THE PLAINTIFF: MORRISON FOERSTER
BY: WESLEY OVERSON
RICHARD HUNG
MINN CHUNG
MICHAEL JACOBS
425 MARKET STREET
SAN FRANCISCO, CA 94105

FOR THE DEFENDANT: QUINN EMANUEL
BY: VICTORIA MAROULIS
BRETT ARNOLD
KEVIN JOHNSON
555 TWIN DOLPHIN DRIVE, 5TH FL
REDWOOD SHORES, CA 94065

OFFICIAL COURT REPORTER: SUMMER FISHER, CSR, CRR
CERTIFICATE NUMBER 13185

SAN JOSE, CALIFORNIA SEPTEMBER 28, 2011

P R O C E E D I N G S

(WHEREUPON, COURT CONVENED AND THE FOLLOWING PROCEEDINGS WERE HELD:)

THE COURT: GOOD MORNING. PLEASE HAVE A SEAT.

MR. RIVERA, WHENEVER YOU ARE READY, WOULD YOU CALL THE MATTER ON THIS MORNING'S CALENDAR

THE CLERK: YES, YOUR HONOR.

CALLING APPLE, INC. VERSUS SAMSUNG ELECTRONICS, ET AL. CASE NUMBER CV-11-1846.

COUNSEL, PLEASE STATE YOUR APPEARANCES.

MR. OVERSON: WESLEY OVERSON ON BEHALF OF APPLE, INC.

THE COURT: MR OVERSON, GOOD MORNING, SIR.

MS. MAROULIS: VICTORIA MAROULIS WITH QUINN EMANUEL ON BEHALF OF SAMSUNG.

AND WITH ME IS MR. KEVIN JOHNSON ALSO FOR SAMSUNG AND BRETT ARNOLD.

THE COURT: ALL RIGHT.

WELCOME BACK, MS. MAROULIS.

GOOD MORNING, GENTLEMAN.

MR. OVERSON: YOUR HONOR, MAY I ALSO INTRODUCE MR. JACOBS, MR. HUNG AND MR. MINN CHUNG.

Case5:11-cv-01846-LHK Document277 Filed09/30/11 Page45 of 87

SAMSUNG HAS ALREADY PRODUCED AND WHICH WE BELIEVE THE COMPLAINTS ARE WARRANTED.

AND THERE'S ONE CATEGORY OF DOCUMENTS THAT SAMSUNG BELIEVES IS IN DISPUTE, THE ONLY ONE IN DISPUTE AND THAT'S THE DOCUMENTS GOING TO THE CUSTOMER CONFUSION OR ALLEGED CONFUSION.

SO WITH RESPECT TO THE FIRST SET OF ISSUES WHICH IS FOUR DIFFERENT CATEGORIES OF DOCUMENTS, WE BELIEVE THAT THE RECORD IS CLEAR FROM THE JENKINS DECLARATION AND FROM OUR BRIEF AND OTHERWISE THAT WE'VE PRODUCED DOCUMENTS AFTER REASONABLE SEARCH THAT ANSWER THESE REQUESTS.

THE COURT: IS IT YOUR POSITION YOU HAVE PRODUCED ALL DOCUMENTS WHICH HAVE BEEN IDENTIFIED AFTER A REASONABLE SEARCH?

MS. MAROULIS: YOUR HONOR, IT'S ALWAYS HARD TO SAY ALL DOCUMENTS WITH A COMPANY OF THAT SIZE.

THE COURT: THAT'S WHY I'M ASKING.

MS. MAROULIS: I THINK NOBODY CAN MAKE A REPRESENTATION.

BUT IT'S CLEAR FROM OUR DECLARATIONS THAT WE'VE CONDUCTED THE SEARCH AND WE CAME UP WITH A NUMBER OF DOCUMENTS. THERE'S A NUMBER OF DOCUMENTS THAT APPLE COUNSEL RIDICULED, BUT THOSE DOCUMENTS

COME FROM THE DESIGNER FILES OF SAMSUNG EMPLOYEES AND THEY WERE THEMSELVES INQUIRING DEPOSITIONS ABOUT SOURCE OF INSPIRATION.

SO THOSE ARE THE DOCUMENTS THAT PROVIDE SOURCE OF INSPIRATION.

THE COURT: REALLY? THE EXTERIOR OF A BUILDING WAS SOURCE OF INSPIRATION FOR ONE OF THE PRODUCTS?

MS. MAROULIS: APPARENTLY THIS IS THE WAY DESIGNERS COLLECT IDEAS.

THE COURT: THAT'S YOUR POSITION? THAT'S WHAT THEY ARE TELLING YOU?

MS. MAROULIS: YOUR HONOR, IT COMES FROM THE DESIGNERS' FILES DIRECTLY AND I WOULD RATHER NOT GO FURTHER INTO THAT TO AVOID PROTECTIVE ORDER ISSUES.

THE COURT: ALL RIGHT.

MS. MAROULIS: AMONG THE DOCUMENTS WE PRODUCED ARE A LOT OF CATEGORIES THAT EXHAUSTIVELY ADDRESS THE ISSUE OF -- FOR EXAMPLE, TWO WEEKS AGO WE WERE BEFORE YOUR HONOR AND APPLE COUNSEL WAS MAKING ARGUMENT THAT CAD TIMES ARE THE AND ALL AND BE ALL.

WE PRODUCED THE CAD FILES. THEY HAVE OUR CAD FILES. THE CAD FILES SPAN BACK, THEY CAN LOOK

Case5:11-cv-01846-LHK Document277 Filed09/30/11 Page47 of 87

AT ITERATIONS OF DESIGN AND MAKE CONCLUSIONS.

THE COURT: WHAT ABOUT SKETCHBOOKS? YOU WERE VERY PERSUASIVE IN EXPLAINING THE SIGNIFICANCE OF SKETCHBOOKS.

MS. MAROULIS: YOUR HONOR, THE SKETCHBOOK BELONG TO THE INVENTORS OF THE PATENTS.

THE COURT: THEY DON'T HAVE SIMILAR SKETCHBOOKS?

MS. MAROULIS: WE DON'T HAVE SIMILAR SKETCHBOOKS. WE HAVE LOOSE NOTES AND PRESENTATIONS THAT HAVE BEEN PRODUCED.

SO IN THE JENKINS DECLARATION THERE'S A LIST OF DIFFERENT CATEGORIES OF DESIGN DOCUMENTS THAT HAVE BEEN PRODUCED.

BUT WHAT YOUR HONOR FOCUSED ON EARLIER CORRECTLY IS THAT REQUEST 1 ACTUALLY DOESN'T GO TO ALL DESIGN DOCUMENTS, IT GOES TO DOCUMENTS WHERE THERE WAS ANY COMPARISON OF THE TIMES.

SO IN THE PRODUCTION AS A WHOLE, WE PRODUCED DOCUMENTS REGARDING MARKET ANALYSIS OF APPLE PRODUCTS INCLUDING DOCUMENTS LOOKING AT THE INTERNALS OF THE IPHONES, THE TEAR DOWNS. SO THOSE DOCUMENTS WERE IN THE PRODUCTION.

BUT IN PRODUCING OUR DESIGN DOCUMENTS WE ARE NOT OBLIGATED TO MANUFACTURE DOCUMENTS THAT

Case5:11-cv-01846-LHK Document277 Filed09/30/11 Page48 of 87

DON'T EXIST. THEY ARE LOOKING FOR A SMOKING GUN DOCUMENT, A DOCUMENT THAT SAYS WE COPIED SOMETHING FROM APPLE. WE DON'T HAVE THOSE DOCUMENTS.

WE HAVE TAKEN A 30(B)(6) DEPOSITION LAST WEEK --

THE COURT: WELL, JUST TO BE PRECISE, THEIR POSITION, THEIR REPRESENTATIONS THAT YOU HAVE NOT IDENTIFIED ANY SUCH DOCUMENTS BASED ON THE INVESTIGATION YOU HAVE DONE TODAY.

I THINK YOU JUST TOLD ME EARLIER YOU CAN'T STAND HERE AND MAKE A REPRESENTATION THAT NO SUCH DOCUMENT EXISTS OF YOUR CLIENT BECAUSE YOU DON'T KNOW.

MS. MAROULIS: THAT'S CORRECT, YOUR HONOR.

BUT I DO WANT TO TALK BRIEFLY ABOUT THE 30(B)(6) DEPOSITION OF A SAMSUNG REPRESENTATIVE WHO ASKS SPECIFICALLY WHETHER HE INTERVIEWED THE DESIGNERS OF THE PRODUCTS AT ISSUE.

HE TESTIFIED HE SPOKE WITH ALL OF THEM AND INQUIRED EXTENSIVELY WHETHER ANY OF THEM CONSIDERED APPLE PRODUCTS WHEN DESIGNING THEIR PRODUCTS, NOT JUST COPYING, BUT ANY CONSIDERATION OF FRAME OF REFERENCE. THEY TESTIFIED THEY HAVE NOT.

THE COURT: SO HE SPOKE WITH EACH OF THESE 13 INDIVIDUALS?

MS. MAROULIS: HE SPOKE WITH MAYBE 7 OR 8 INDIVIDUALS, HE SPOKE WITH PRINCIPAL DESIGNERS FOR ALL OF THE FOUR PRODUCTS AT ISSUE.

THE COURT: IT IS TRUE THOUGH, IS IT NOT, THAT THERE WERE 13 PEOPLE IDENTIFIED IN YOUR INTERROGATORY IN 26(A) RESPONSES?

MS. MAROULIS: THINKING BACK ACTUALLY, HE HAS TALKED TO EVERYONE WHO WAS IDENTIFIED IN INTERROGATORY 1 RESPONSE. BUT I CANNOT SAY STANDING HERE NOW HE TALKED TO EVERYONE IN THE INITIAL DISCLOSURES. THAT'S THE DIFFERENCE. BUT HE DID SPEAK WITH INDIVIDUALS FROM INTERROGATORY 1.

THE COURT: ALL RIGHT.

SO AS TO INTERROGATORY 1, OR ANY OF THE OTHER INDIVIDUALS IN 26(A) RESPONSES, HAVE DOCUMENTS BEEN COLLECTED?

MS. MAROULIS: DOCUMENTS HAVE BEEN COLLECTED FROM INDIVIDUALS LISTED IN THE INTERROGATORY 1 TO THE EXTENT THEY HAD THEM, AND ADDITIONAL INDIVIDUALS TOO. THE DOCUMENT EFFORTS WERE FAIRLY WIDE RANGING.

THE COURT: OKAY.

MS. MAROULIS: AND HERE IF YOUR HONOR

**CERTIFICATE OF REPORTER**

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED TRANSCRIPTION TO THE BEST OF MY ABILITY.

__________________________
SUMMER A. FISHER, CSR, CRR
CERTIFICATE NUMBER 13185