# Exhibit V

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5040**

WRITER'S INTERNET ADDRESS
**sarajenkins@quinnemanuel.com**

October 10, 2011

<u>VIA ELECTRONIC MAIL</u>

Wesley Overson
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

Re: Apple Inc. v. Samsung Elecs. Co., et al., Case No. 11-CV-01846-LHK (N.D. Cal.)

Dear Wes:

I write in response to your October 8, 2011, letter to Ms. Maroulis regarding Samsung's Identification of Custodians, Litigation Hold Notices, and Search Terms ("Samsung's Identification"), and to identify several problems with Apple's own document searches confirmed by its own disclosures in response to the Court's Order of September 28, 2011. I will address your questions in turn.

## Responses to Letter of October 8, 2011

### 1. Technical Issues with Samsung's Production

Samsung's October 7 production was delayed due to technical difficulties associated with searching for, decrypting, and uploading and downloading large quantities of data on FTP sites. In an effort to fully and completely comply with the Court's September 28, 2011 Order, Samsung conducted very broad searches of large quantities of documents associated with numerous custodians, including searches that were partially duplicative of Samsung's prior extensive search efforts. This resulted in extremely large batches of data being searched, decrypted, uploaded, downloaded, processed, reviewed, and processed again – all in an extremely short compliance period (nine days). When Samsung encountered errors in the

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1101 Pennsylvania Avenue NW, 6th Floor, Washington, District of Columbia 20004-2544 | TEL (202) 756-1950 FAX (202) 756-1951
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712

upload/download process, these uploads/downloads had to be re-done.

## 2. Identification of Documents Responsive to the Order

We have already provided this information via email on October 9.

## 3. Schedule for Document Production Responsive to the Order

Samsung's document production pursuant to the September 28, 2011 Order is complete. As always, if additional documents are subsequently discovered, Samsung will supplement this production as quickly as practicable.

## 4. Production of Lee Don Joo Documents Responsive to the Order

This search and production is complete. *See* SAMSUNG'S AMENDED IDENTIFICATION OF CUSTODIANS, LITIGATION HOLD NOTICES AND SEARCH TERMS, served herewith.

## 5. Survey Documents

Samsung has searched the relevant Korean files for consumer surveys pertaining to the United States market which (1) mention one or more of the Products at Issue in the preliminary injunction proceedings and (2) mention iPhone or iPad, and produced all responsive documents it located.

## 6. Production of Documents Concerning the "Bounce" Feature

Please see SAMSUNG'S AMENDED IDENTIFICATION OF CUSTODIANS, LITIGATION HOLD NOTICES AND SEARCH TERMS, served herewith, which provides supplemental and corrected information confirming the propriety of Samsung's search.

## 7. Search Terms

Please see SAMSUNG'S AMENDED IDENTIFICATION OF CUSTODIANS, LITIGATION HOLD NOTICES AND SEARCH TERMS, served herewith, which provides supplemental and corrected information confirming the propriety of Samsung's search. Samsung applied search terms that were tailored to the developers' or designers' roles and common references, as appropriate. This was necessary to locate relevant documents and to eliminate an overly burdensome volume of false positive hits. Relatedly, the term "Apple" generated far too many irrelevant and false positive hits, so its use was discontinued during the collection process. I further note that it is our understanding that Samsung employees do not use Korean translations of the product names when referring to specific products.

## 8. Searches of Designers' Files

Please see SAMSUNG'S AMENDED IDENTIFICATION OF CUSTODIANS, LITIGATION HOLD NOTICES AND SEARCH TERMS, served herewith, which provides supplemental and corrected information confirming the propriety of Samsung's search.

**9.      Clarification of Samsung's Statement**

Please see SAMSUNG'S AMENDED IDENTIFICATION OF CUSTODIANS, LITIGATION HOLD NOTICES AND SEARCH TERMS, served herewith, which provides supplemental and corrected information confirming the propriety of Samsung's search.

Further, Samsung's searches would produce hits for related terms. For example, a search for "iphone" would result in a hit for "iphone4" and "iphone 4." The searches were not case sensitive.

The purpose of Exhibit V was to identify custodians from whom documents were collected.

### Deficiencies in Apple's Searches

Samsung wishes to meet and confer with Apple immediately regarding its recent disclosure that it failed to search an entire set of critical documents – emails – for many of its witnesses. Please immediately confirm whether or not emails were searched for the "Apple Custodians Produced," or any other custodians.

Furthermore, please provide answers to the following questions immediately:

- Where "None" is listed for the "Keyword List Applied," what criteria were applied to collect and produce responsive documents? It is obvious that some set of criteria was used to narrow the production, based on the volume of documents for each custodian listed in the Apple Source Log.

- What "additional search terms" are "being applied" to the custodial searches, as referenced in the "Apple Keyword Search Terms" document, and when?

- What search terms were applied to the files of the designers of the Apple products for issues relating to the Apple design patents?

- Was each of the search terms in the lists run independently, or were all the search terms run conjunctively? In other words, was each line of search terms in List 1-8 run as a separate search, reviewed for responsiveness, and produced? Or was each line of search terms run with the other terms in the list, separated with the word "and"?

- Were the searches in Lists 1-8 case sensitive?

We anticipate that we will have additional questions regarding Apple's disclosures.  Please let us know what time today you are available to discuss these matters.

Sincerely,

*/s/ Sara Jenkins*

Sara Jenkins