UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**[PROPOSED] ORDER GRANTING APPLE INC.'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS** |

PROPOSED ORDER RE: RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3103055

1

Pursuant to Federal Rule of Civil Procedure 37, Local Rule 37-4, and the Court's inherent authority, Apple Inc. ("Apple") seeks an order for sanctions against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") for material violations of this Court's September 28 and December 22, 2011 discovery Orders (Dkt. Nos. 267 and 537) by failing to produce documents by the deadlines specified in those orders. Having considered the arguments of the parties and the papers submitted, and GOOD CAUSE HAVING BEEN SHOWN, IT IS ORDERED that Apple's Motion for Rule 37(B)(2) Sanctions for Samsung's Violation of Two Discovery Orders is GRANTED.

The Court finds based on clear and convincing evidence that Samsung committed material violations of the Court's September 28 and December 22 discovery Orders by failing to produce highly relevant documents that were covered by the Court's by the deadlines set by those Orders. The Court's Order of September 28, 2011 set a deadline of October 7 (just before the preliminary injunction hearing set for October 13) for Samsung to produce documents evidencing its investigations of Apple products and its surveys of consumers about Samsung's accused products. In December, Apple filed a motion to compel asserting that Samsung had failed to comply with the September Order. The Court then issued the December 22 Order, which set a deadline of December 31 for Samsung to comply with the September Order, and warned that "[a]ny further failure to comply with the September 28 Order will subject Samsung to sanctions." (Dkt No. 537.)

As detailed in Apple's motion and supporting declaration and exhibits, Samsung produced large numbers of documents subject to the Court's Orders long after the deadlines set by the Court, even though Samsung and its counsel had represented to this Court and to Apple that Samsung had complied with those deadlines. For example, when Apple was seeking to compel Samsung to produce documents for Apple to use in its preliminary injunction reply (or at the hearing), Samsung's counsel represented to the Court that documents showing that Samsung copied Apple's products "don't exist." Counsel assured the Court that Samsung's designers had been interviewed and had no such documents:

1
2
3
4

> But I do want to talk briefly about the 30(b)(6) deposition of a Samsung representative who asks specifically whether he interviewed the designers of the products at issue.  He testified he spoke with all of them and inquired extensively whether any of them considered Apple products when designing their products, not just copying, but any consideration of frame of reference.  They testified they have not.

5  (Sept. 28 Hearing Transcript at 48.)  Yet Samsung produced in January 2012 more than 1,000

6  documents from its designers that reference Apple or Apple products and were subject to the

7  Court's Orders.  Those documents were sourced to files of designers that Samsung represented

8  had been searched in advance of the deadlines set by the Court's Orders.

9   As a result of Samsung's violations, Apple was deprived of evidence that would have

10 substantially strengthened Apple's preliminary injunction motion, including documents that were

11 directly relevant to the narrow grounds on which the Court denied the preliminary injunction.  For

12 example, the Court denied an injunction on an Apple iPhone design patent due to lack of

13 irreparable harm, finding that Apple had not presented sufficient evidence that Samsung's use of

14 Apple's patented design was a significant driver of consumer demand for Samsung's phones.

15 (Dec. 2, 2011 Order at 33-34, 38.)  The Court further noted that "even if 'design' matters to a new

16 smartphone purchaser, it is not clear how much design of the front face of the phone matters to

17 that same purchaser." (*Id.* at 38.)  Yet when the Court made that ruling, Samsung had not yet

18 produced - Redacted -

19

20

21  In light of the quantity and obvious relevance of the withheld materials, the Court further

22 finds that Samsung's violations were willful and in bad faith.

23  Where, as here, a party has violated a court's discovery order, Rule 37(b)(2)(A) permits

24 the court to make "further just orders."  Pursuant to Rule 37(b)(2)(A) and the Court's inherent

25 authority, the Court makes the following findings:

26  1. Samsung violated the Court's September 28 discovery Order (Dkt. No. 267) requiring

27 Samsung to produce certain categories of documents by October 7, 2011.

28

PROPOSED ORDER RE: RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3103055

2

2. Samsung violated the Court's December 22 discovery Order (Dkt. No. 537) requiring Samsung to produce certain categories of documents by December 31, 2011.

Under Rule 37(b)(2)(C), when a party fails to comply with a discovery order, a court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." The Court finds that the failure was not substantially justified and that an award of expenses would not be unjust. Apple has persuasively argued that, as a result of Samsung's violations, Apple was deprived of inculpatory evidence concerning outcome-determinative issues in its motion for preliminary injunction, had to file motions to compel, and was forced to review on the eve of depositions documents from the deponents' files that should have been produced months earlier. Accordingly, pursuant to Rule 37(b)(2)(C) and the Court's inherent authority, the Court further ORDERS Samsung and its attorneys to pay Apple the attorneys' fees and expenses it has incurred (and will incur) in connection with:

(1) Apple's preliminary injunction and appeal from the order denying the preliminary injunction. Given that the withheld documents were highly relevant to the equities of that motion, and to outcome-determinative issues, Apple's having to litigate the motion without the withheld documents and its appeal from the denial of the preliminary injunction was caused by Samsung's violation of the Orders.

(2) Apple's motion to compel that resulted in the December 22 Order, including its analysis of Samsung's compliance with the September 28 Order and its efforts to redress Samsung's non-compliance with that Order through correspondence and meeting and conferring. That work was caused by Samsung's violation of the September 28 Order.

(3) Apple's analysis of Samsung's compliance with the December 22 Order, including Apple's review and analysis of the documents that Samsung produced from December 22 through the present, and Apple's efforts to redress Samsung's non-compliance with that Order through correspondence and meeting and conferring.

1 | That work was caused by Samsung's violation of the September 28 and December 22 Orders.

(4) Apple's Motion to Compel Timely Production of Foreign-Language and Other Documents in Advance of Related Depositions, filed on January 27, 2012. This motion addressed many documents that were subject to the September 28 and December 22 Orders, and that should have been produced long before the depositions in question. Had the documents been produced when ordered, Apple would not have had to file that motion.

(5) Apple's fees and expenses in connection with this motion.

Within three weeks of the filing of this Order, Apple shall file a declaration establishing the reasonable fees it incurred for the above items.

**IT IS SO ORDERED.**

Dated: March _____, 2012

Honorable Paul S. Grewal
United States Magistrate Judge

PROPOSED ORDER RE: RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3103055

4