| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) hmcelhinny@mofo.com | WILLIAM F. LEE william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) mjacobs@mofo.com | WILMER CUTLER PICKERING HALE AND DORR LLP |
| JENNIFER LEE TAYLOR (CA SBN 161368) jtaylor@mofo.com | 60 State Street Boston, MA 02109 |
| ALISON M. TUCHER (CA SBN 171363) atucher@mofo.com | Telephone: (617) 526-6000 Facsimile: (617) 526-5000 |
| RICHARD S.J. HUNG (CA SBN 197425) rhung@mofo.com | |
| JASON R. BARTLETT (CA SBN 214530) jasonbartlett@mofo.com | MARK D. SELWYN (SBN 244180) mark.selwyn@wilmerhale.com |
| MORRISON & FOERSTER LLP 425 Market Street San Francisco, California 94105-2482 Telephone: (415) 268-7000 Facsimile: (415) 268-7522 | WILMER CUTLER PICKERING HALE AND DORR LLP 950 Page Mill Road Palo Alto, California 94304 Telephone: (650) 858-6000 Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br>Plaintiff, <br><br>v. <br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br>Defendants. | Case No.   11-cv-01846-LHK (PSG) <br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO SUPPLEMENT INVALIDITY CONTENTIONS** |

**INTRODUCTION**

Samsung served Invalidity Contentions in early October, claim construction has been fully briefed and argued, and the parties are heading into expert discovery. Samsung now seeks to add five new invalidity theories to the case. But Samsung fails to show good cause for these additions. Such good cause requires diligence in obtaining the new information and a prompt motion to supplement. Here, Samsung has done neither. Each of Samsung's five new alleged prior art references could and should have been addressed months ago—whether in Samsung's initial Invalidity Contentions or shortly thereafter.

***Samsung claimed on November 10 that it had good cause to add the Mac OS X, version 10.0 and SuperClock references.*** Samsung wrote Apple on November 10, 2011, alleging that it had good cause to amend its Invalidity Contentions to add both the Mac OS X 10.0 and SuperClock references. But Samsung undisputedly knew of these references even earlier, as it questioned three deponents about these references in October. Having waited for two months after its self-proclaimed good cause and at least three months after discovering these references to file this motion, Samsung cannot show diligence. Although Samsung now claims that it required source code from Apple to assert these references, no source code was required. Samsung's proposed invalidity charts for SuperClock, for example, never refer to source code and rely solely on information that it possessed in November.

***Samsung raised Glimpse in an August deposition***. Samsung's claim that it was unaware of Glimpse until November is both puzzling and false. During an August 2011 deposition, Samsung's counsel introduced an article relating to Glimpse and questioned a witness about that article. Samsung then waited two months to contact the individual behind Glimpse and another two months to "identify Glimpse as invalidating prior art." The Court's December 2 preliminary injunction order does not justify Samsung's lack of diligence, as Samsung's motion to amend came nearly two months later.

***Samsung discovered the Cirque and Synaptics references at least by October 7.*** Samsung must have believed that Cirque's touchpads were relevant at least by October 7, 2011, when it included a Cirque patent in its initial Invalidity Contentions. Samsung nevertheless

1  waited three weeks to issue a document subpoena to Cirque.  It then waited another three weeks
2  after receiving these documents, or until December 22, to issue a deposition subpoena to Cirque.
3  Samsung could not have acted diligently in waiting until late January to take a deposition
4  regarding potential prior art that it identified in early October.
5      The same is true of the Synaptics reference.  Samsung concedes that it learned of this
6  reference during its initial prior art search in connection with its October 7, 2011 Invalidity
7  Contentions.  (Motion at 13.)  But Samsung delayed two months—until December 7—to
8  subpoena Synaptics, and over three months—until January 19—to depose Synaptics.
9      None of these actions show diligence.  Samsung's request to supplement therefore should
10 be denied.

11                                    **PROCEDURAL HISTORY**

12     On October 7, 2011, Samsung served its 60-page initial Invalidity Contentions with
13 79 invalidity claim charts.  (Declaration of Richard Hung in Support of Apple's Opposition
14 ("Hung Decl.") ¶ 2.)  On November 1, 2011, Samsung asked that Apple produce a computer with
15 a Mac OS X 10.0 working copy, Mac OS X 10.0 source code, and SuperClock source code.
16 (Declaration of Alex Baxter in Support of Samsung's Motion ("Baxter Decl.") Ex. B.)
17 On November 8, 2011, Samsung wrote again to confirm Apple's production of the requested
18 items and code.  (Hung Decl. Ex. A.)
19     On November 10, Samsung sent a letter to Apple listing eight prior art references.  (Baxter
20 Decl. Ex. C.)  In its letter, Samsung claimed that it had "good cause" to add these references to its
21 Invalidity Contentions, and it asked Apple to stipulate to their addition.  (*Id.*)  The eight
22 references included Mac OS X 10.0 and SuperClock.  (*Id.*)  Samsung did not attach any proposed
23 invalidity claim charts to its letter, however, instead providing only brief statements of the
24 references' alleged relevance.  (*Id.*)
25     On November 16, the parties discussed Apple's production of Mac OS X 10.0 and
26 SuperClock items.  (Hung Decl. Ex. B.)  As part of these discussions, Samsung requested that
27 Apple waive any opposition to Samsung's motion to amend its Invalidity Contentions.  (*Id.*)
28 Apple declined.  (*Id.*)

1  Despite Samsung's representation on November 10 that it was ready to supplement its
2  Invalidity Contentions, Samsung did not do so.  Instead, Samsung waited until January 2012 to
3  raise the issue of supplementation again.  On January 5, 2012, Samsung wrote Apple about
4  adding the same eight prior art references—and then identified nine more references still,
5  including several related software applications.  (Baxter Decl. Ex. H.)  This raised the count to 17
6  new prior art references, including the Glimpse and Cirque references.  (*Id.*)  On January 8, 2012,
7  Apple asked that Samsung explain when it had first learned of each alleged prior art reference.
8  (Baxter Decl. Ex. I.)  Samsung subsequently identified yet another prior art reference—the
9  Synaptics reference—raising the count to 18.  (Baxter Decl. Ex. K.)

10  Samsung sent a letter to Apple misrepresenting when it discovered the prior art references,
11  as Apple pointed out in its reply.  (Baxter Decl. Ex. N.)  Many of the stated dates were
12  considerably later than when Samsung should have discovered (and in many cases, did discover)
13  the references.  (*Id.*)  Apple thus responded on January 26 stating that it would not stipulate to this
14  motion.  (*Id.*)  Later that evening, Samsung filed the present motion, seeking to supplement its
15  invalidity contentions with 5 of the 18 references addressed in its prior letters.  With its motion,
16  Samsung for the first time provided invalidity claim charts for these references.

17  **LEGAL STANDARD**

18  Amendments to invalidity contentions require a timely showing of good cause.  (Patent
19  L.R. 3-6.)  This requires proof of diligence, *i.e.,* that the party promptly sought amendment after
20  discovering the new information.  *O2 Micro Int'l Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355,
21  1363, 1366-67 (Fed. Cir. 2006).  A delay of even a few months may demonstrate a lack of
22  diligence.  *See, e.g.*, *id.* at 1367 (delay of three months not diligent).

23  This Court is "decidedly conservative" towards amendment of infringement or invalidity
24  contentions.  *Kilopass Tech., Inc. v. Sidense Corp.*, No. C-10-02066 SI, 2011 U.S. Dist. LEXIS
25  126837, at *3-4 (N.D. Cal. Nov. 2, 2011) (denying motion for leave to amend invalidity
26  contentions) (internal citation omitted).  Such conservatism is "designed to prevent the 'shifting
27  sands' approach to claim construction."  *Id.*  For example, a motion to amend will be denied
28  where a party delayed seeking amendment in order to obtain more information and avoid possible

1  further amendment. *Genentech, Inc. v. Trs. of the Univ. of Pa.*, No. C 10-2037 LHK (PSG)
2  2011 U.S. Dist. LEXIS 81925, at *5-6 (N.D. Cal. July 27, 2011) (Grewal, J.).  Similarly, a motion
3  will be denied where a party awaited a response to a request to stipulate.  *O2 Micro*, 467 F.3d
4  at 1361 (affirming finding that negotiations over proposed stipulation did not justify delay in
5  amending contentions); *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 U.S. Dist.
6  LEXIS 87251, at *11 (N.D. Cal. Aug. 8, 2011) ("If Google was serious about amending its
7  invalidity contentions, it should not have gambled for *months* on the possibility that a stipulation
8  might be reached.").

9  Samsung bears the burden of establishing diligence.  *O2 Micro*, 467 F.3d at 1366.  Absent
10  diligence, the "good cause" inquiry ends—and the Court need not consider any alleged prejudice
11  arising from the belated amendment.  *Id.* at 1367-68 (affirming denial of motion to amend and
12  holding there was "no need to consider the question of prejudice" where movant did not act
13  diligently); *accord Genentech, Inc. v. Trs. of the Univ. of Pa.*, No. 10-CV-02037-LHK, 2011 U.S.
14  Dist. LEXIS 108127, at *4 (N.D. Cal. Sept. 16, 2011) (Koh, J.).

**I.  SAMSUNG HAS NOT SHOWN GOOD CAUSE TO AMEND UNDER PATENT LOCAL RULE 3-6.**

Samsung did not move in a timely manner with respect to any of the five prior art references addressed in its motion, and thus fails to carry its burden of showing good cause under Patent Local Rule 3-6.  Samsung knew of all five references months ago.  Samsung claimed in early November that it was ready to amend with respect to Mac OS X and SuperClock, but failed to do so.  Samsung's failure to pursue timely non-party discovery for the remaining three references—Glimpse, Cirque, and Synaptics—results solely from its own lack of diligence. Samsung's motion therefore should be denied.

**A.  Samsung Could Have Raised Its Invalidity Theories Concerning Mac OS X (Chart M-15) Much Earlier.**

Samsung has been aware of Mac OS X for months.  During an October 14, 2011 deposition, Samsung asked about certain pictures on the '891 patent that Samsung believed were from Mac OS X.  (Baxter Decl. Ex. N; Hung Decl. Ex. C (Chaudhri Depo. at 13:5-7).)  A month


1  later, on November 10, 2011, Samsung represented that it already had good cause to supplement
2  its Invalidity Contentions with Mac OS X 10.0. (Baxter Decl. Ex. C.) Nevertheless, Samsung
3  waited over two more months to finally move to supplement—a total of over three months from
4  the time it first became aware of this material.
5  Samsung cites only one inapposite case in support of its belated request: *Bd. of Trs. of*
6  *The Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, No. C-05-04158 MHP,
7  2008 U.S. Dist. LEXIS 16556 (N.D. Cal. Mar. 4, 2008). In *Roche*, the court ruled that, because
8  Stanford had served its actual amended contentions five months before it filed its motion to
9  amend, Stanford's motion should be granted. 2008 U.S. Dist. LEXIS 16556, at *7. Stanford's
10 non-compliance with the Patent Local Rules was purely a formal one, as the other party already
11 had the exact contentions that were eventually filed with the Court.
12 By contrast, Samsung did not provide Apple with *any* amended contentions before filing
13 its motion on January 26, 2012. Although identifying and then repeatedly adding references
14 during the intervening months, Samsung never indicated exactly how it intended to apply these
15 references to the specific asserted claims. In this way, Samsung's prior correspondence masked
16 the relative importance of the identified references. This is clear from the fact that Samsung's
17 motion addresses only 5 of the 18 identified references. (Baxter Decl. Exs. H, K.) Samsung's
18 remaining excuse—that it needed access to a working computer running Mac OS X 10.0 and the
19 corresponding source code before it could supplement its Invalidity Contentions—contradicts
20 Samsung's earlier position in its November 10, 2011 letter that it already had good cause to
21 amend. Indeed, Samsung's letter acknowledged it already had a working computer running Mac
22 OS X 10.0. (Baxter Decl. Ex. C.)
23 As to source code, Samsung's draft Mac OS X invalidity chart confirms that Samsung did
24 not need it for its proposed amendments. (Briggs Decl. Ex. 4.) The vast majority of the chart
25 contains descriptions of and screenshots from Samsung's experimentation with the working copy
26 of Mac OS X it has had since at least November. (Baxter Decl. Ex. C; Briggs Decl. Ex. 4.) The
27 limited citations to source code are either unnecessary or redundant. For example, Samsung's
28 invalidity chart refers to code for the '891 patent's "starting a timer" limitation, but instead could

APPLE'S OPP. TO SAMSUNG'S MOT. TO SUPP. INVALIDITY CONTENTIONS       5
CASE NO. 11-CV-01846-LHK
sf-3100239

1  have referenced Samsung's experimentation with its working copy of Mac OS X.  (Briggs Decl.
2  Ex. 4)  That Samsung subsequently learned additional technical details about Mac OS X does not
3  excuse its failure to move earlier.  *See Genentech*, 2011 U.S. Dist. LEXIS 81925, at *5-6;
4  *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201-03 (N.D. Cal. 2009) (denying motion to
5  amend invalidity contentions and holding that party should have sought to amend "immediately
6  after" depositions in which it learned of prior art, not months later after investigating technical
7  details).

**B.  Samsung Also Could Have Raised Its Invalidity Theories Concerning SuperClock (Chart D-8) Much Earlier.**

10  Samsung knew of SuperClock by October 26, 2011, when Samsung questioned
11 Steven Christensen about this reference at his deposition.  (Baxter Decl. Ex. N.; Hung Decl.
12 Ex. D (Christensen Depo. at 161:21-25).)  And like Mac OS X 10.0, Samsung claimed on
13 November 10 that it already had a working copy of SuperClock and had good cause to amend its
14 Invalidity Contentions.  (Baxter Decl. Ex. C.)  Nevertheless, Samsung waited over two more
15 months to seek the Court's leave to amend.

16  Samsung's claim that it needed source code to amend is contradicted by its new invalidity
17 contentions, which do not refer to source code.  (Briggs Decl. Ex. 5.)  Samsung's proposed
18 invalidity claim chart for SuperClock shows only i) screenshots from the working copy of
19 SuperClock (which Samsung admittedly possessed before November 10), and ii) quotes from a
20 readme.txt file (which Samsung had in October).  (*Id.*)  Samsung thus could have filed the exact
21 same invalidity chart for SuperClock back in early November 2011.

**C.  Samsung Also Could Have Raised Its Invalidity Theories Concerning Glimpse (Chart G-8) Much Earlier.**

24  Samsung knew of Glimpse and its alleged relevance in August 2011.  During a deposition
25 that month, Samsung questioned a witness about Glimpse at length.  (Baxter Decl. Ex. N.; Hung
26 Decl. Ex. E (Balakrishnan Depo. at 219-21, 225-228).)  The deposition transcript makes clear that
27 Samsung not only knew about this reference, but its citation during reexamination of the asserted
28 '381 patent.  (Hung Decl. Ex. E at 219:2-5 ("I've marked as Exhibit 107 . . . the Glimpse prior art

1  that was referenced in the reexamination prosecution history.").)  Despite its long knowledge of
2  Glimpse, Samsung chose to exclude Glimpse from its initial Invalidity Contentions.  It also
3  delayed raising this matter for five months.  Samsung's request to add Glimpse should be denied.
4        Samsung's excuses for delay ring hollow.  For example, Samsung's claim that, "[a]t the
5  end of November 2011, Samsung [first] discovered a program called Glimpse, developed by
6  Cliff Forlines" (Mot. at 10), is false in light of the August 2011 deposition.  Samsung further
7  concedes that it delayed contacting Mr. Forlines until early October, nearly *two months* after the
8  August deposition.  (*Id.*)  While Samsung then alleges that it "did not identify Glimpse as
9  invalidating prior art until November 29, 2011," this is almost two *more* months after it contacted
10  Mr. Forlines.  (*Id.*)  Samsung then admittedly waited *another* two months to install a functional
11  version of Glimpse.  (*Id.*)  Samsung's actions do not show diligence, but the opposite.
12        Nor does the Court's December 2, 2011 preliminary injunction ruling justify Samsung's
13  lack of diligence.   Samsung does not explain why it waited nearly two more months after that
14  ruling to seek leave to supplement its contentions.  This Court has denied motions to amend based
15  on comparable delays.  *See, e.g.*, *Oracle*, 2011 U.S. Dist. LEXIS 87251, at *12-13 (denying
16  motion to supplement where Defendant waited one month after claim construction to request
17  leave to move to supplement invalidity contentions, then waited another month to move).

      **D.**    **Samsung Also Could Have Raised Its Invalidity Theories Concerning Cirque GlidePoint (Chart V-10) and the Synaptics Patent (Chart P-12) Much Earlier.**

20        Samsung indisputably knew of the potential relevance of Cirque touchpads by October 7.
21  This is because it included a Cirque patent in its initial Invalidity Contentions.  Yet Samsung
22  waited three weeks after serving its Invalidity Contentions to issue a document subpoena (without
23  a deposition notice) on Cirque.  (Hung Decl. Ex. F.)  When the documents arrived, Samsung
24  waited another three weeks to issue a deposition subpoena on Cirque for a deposition that took
25  place on January 19, 2012.  (Hung Decl. Exs. G, H.)
26        Samsung admits it was aware of the potential relevance of the exact Synaptics patent it
27  now seeks to cite in its supplemental Invalidity Contentions on October 7.  (Motion at 13.)
28

1   Yet Samsung waited a full two months to subpoena Synaptics on December 7 for a deposition on
2   January 19, 2012. (Hung Decl. Exs. I, J.)
3       Having known of the potential relevance of both Cirque and Synaptics by October 7,
4   2011, Samsung has no excuse for its long delays in pursuing related nonparty discovery.
5   Samsung failed to take nonparty depositions between *October 7* and *late January*—discovery that
6   it now claims was necessary to supplement its Invalidity Contentions. As this Court has ruled, a
7   party's own delays in seeking non-party discovery do not establish diligence. *See, e.g.*, *Network*
8   *Appliance Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2009 U.S. Dist. LEXIS 83090,
9   at *8-11 (N.D. Cal. Aug. 31, 2009) (denying motion for leave to amend infringement contentions
10  given delay in seeking non-party discovery).

11      **II.     GRANTING SAMSUNG'S MOTION WOULD PREJUDICE APPLE.**
12      Where, as here, the moving party cannot show diligence, a court need not consider the
13  prejudice to the non-moving party. *O2 Micro Int'l*, 467 F.3d at 1368; *Genentech*, 2011 U.S. Dist.
14  LEXIS 108127, at *4. If the Court chooses to reach this question, however, Samsung's late
15  supplementation is prejudicial. Apple analyzed its claim construction positions, completed its
16  claim construction briefing, and then presented these arguments at the January 20, 2012 hearing
17  without the benefit of Samsung's full positions on invalidity.
18      Samsung's purported "notice" to Apple does not eliminate this prejudice. For the
19  Glimpse and Cirque references, Samsung did not signal its intent to amend its Invalidity
20  Contentions to add them until January 5—after claim construction briefing had concluded.
21  Samsung also did not raise the Synaptics reference until January 24, after the *Markman* hearing.
22      Nor did Samsung provide sufficient notice to avoid prejudice relating to its addition of
23  Mac OS X 10.0 and SuperClock. Although Samsung referred to these references in its
24  November 10 letter, that letter also addressed six other prior art references that Samsung has since
25  dropped. None of Samsung's correspondence during this period provided invalidity charts
26  sufficient to satisfy Patent Local Rule 3-6. Apple was thus forced to guess a) which of the 8 (and
27  later 18) references Samsung actually considered relevant; b) which of the references Samsung
28  actually would move to include; and c) how Samsung actually intended to apply those references

1  in its invalidity charts.  Samsung, by contrast, had the full benefit of its proposed invalidity
2  positions and prepared its claim construction positions accordingly.
3       Samsung's approach is exactly what the Patent Local Rules are meant to prohibit.  The
4  Patent Local Rules exist to ensure patent cases are litigated in a fair and orderly fashion and to
5  give parties adequate information with which to litigate their cases.  *See IXYS Corp. v. Advanced*
6  *Power Tech., Inc.*, No. C-02-03942 MHP, 2004 U.S. Dist. LEXIS 10934, at *8 (N.D. Cal.
7  June 16, 2004).  Samsung's delays in seeking amendment of its Invalidity Contentions deprived
8  Apple of critical information during the claim construction process.  This lack of diligence should
9  not be rewarded.

10  **CONCLUSION**

11       Samsung knew about two of the proposed five new references as early as October, and it
12  believed by early November that it had good cause to seek supplementation.  As for the other
13  three, Samsung knew that they might be relevant by August or October, but waited for months to
14  seek related nonparty discovery.  This does not demonstrate diligence, and Samsung's motion
15  should be denied.

16
17  Dated: February 9, 2012                                    MORRISON & FOERSTER LLP
18
19                                                             By:   */s/ Richard S.J. Hung*
                                                                     RICHARD S.J. HUNG
20
                                                                    Attorneys for Plaintiff
21                                                                  APPLE INC.