# Exhibit E

Confidential Attorneys' Eyes Only Outside Counsel

Page 1

1              UNITED STATES DISTRICT COURT
2             NORTHERN DISTRICT OF CALIFORNIA
3                   SAN JOSE DIVISION
4
5    APPLE INC., a California
     corporation,
6
                   Plaintiff,
7
     vs.                          CASE NO. 11-CV-01846-LHK
8
     SAMSUNG ELECTRONICS CO., LTD.,
9    A Korean business entity;
     SAMSUNG ELECTRONICS AMERICA,
10   INC., a New York corporation;
     SAMSUNG TELECOMMUNICATIONS
11   AMERICA, LLC, a Delaware
     limited liability company,
12
                   Defendants.
13   _____/
14
15            C O N F I D E N T I A L
16      A T T O R N E Y S'  E Y E S  O N L Y
17         O U T S I D E   C O U N S E L
18
19   VIDEOTAPED DEPOSITION OF RAVIN BALAKRISHNAN, Ph.D.
20            SAN FRANCISCO, CALIFORNIA
21            TUESDAY, AUGUST 16, 2011
22
23   BY:  ANDREA M. IGNACIO HOWARD, CSR, RPR, CCRR, CLR
24   CSR LICENSE NO. 9830
25   JOB NO. 41176

Confidential Attorneys' Eyes Only Outside Counsel

Page 5

1       MR. LIEN:  Henry Lien, representing Samsung.

2       MR. BRIGGS:  Todd Briggs, representing

3  Samsung.

4       MR. AHN:  Matthew Ahn, of Morrison &

5  Foerster, on behalf of Apple.

6       THE VIDEOGRAPHER:  Will the court reporter

7  please swear in the witness.

8

9           RAVIN BALAKRISHNAN, Ph.D.,

10        having been sworn as a witness,

11       by the Certified Shorthand Reporter,

12           testified as follows:

13

14

15       THE VIDEOGRAPHER:  You may proceed.

16

17         EXAMINATION BY MR. JOHNSON

18       MR. JOHNSON:  Good morning, Mr. Balakrishnan.

19  Q   Have -- you've been deposed before?

20  A   Yes, I have.

21  Q   Okay.  About how many times?

22  A   About a half a dozen times, roughly.

23  Q   I'll try to ask coherent questions, and if

24  you -- hopefully you'll provide some answers, and

25  if -- to the extent that you don't understand any of

Page 219

1  that may exist out there or may not exist.

2          MR. JOHNSON:  I'll show you what I've marked

3  as Exhibit 107, which is the Glimpse prior art that

4  was referenced in the reexamination prosecution

5  history.

6          (Document marked Balakrishnan Exhibit 107

7           for identification.)

8          MR. JOHNSON:  Q.  Have you read this, this

9  article?

10     A   Yes, I have.

11     Q   And this one you read carefully?

12         MR. MONACH:  Object to the form.

13         THE WITNESS:  This one I've read in some

14  detail, in -- in, actually, much more in detail way

15  back when it was written.  I'm familiar with the

16  article from back in 2005.

17         MR. JOHNSON:  Q.  How come you're familiar

18  with it back then?

19     A   It -- it's, first of all, an article that

20  appeared in a conference that I regularly attend, the

21  CHI Conference.  Clifton Foreigns was a former Ph.D.

22  student of mine, and I think, at that time, he was a

23  Ph.D. student of mine, and I know the other authors,

24  so it's a work in my field that I'm generally familiar

25  with.

Confidential Attorneys' Eyes Only Outside Counsel

Page 220

1    Q   Okay.  Do you believe this is the best prior

2  art against the '381 patent, or do you have an

3  opinion?

4        MR. MONACH:  Objection; same objections as

5  previously stated -- previously stated; asked and

6  answered, multiple times.

7        THE WITNESS:  So, as I said earlier, I have

8  not done any kind of analysis on validity or

9  invalidity.  I have not formed an opinion in that

10  regard.  This could be prior art that's relevant.  I

11  have not studied it in view of determining validity or

12  invalidity relative to the '381 patent, so I don't

13  think I can answer that definitively either way right

14  now, but I reserve the right down the road, if the

15  time comes, to actually do that.

16        MR. JOHNSON:  But you've reviewed it.  You're

17  familiar with the article.  You've obviously read the

18  '381 patent a bunch of times.

19    Q   Can you tell me what limitations from the

20  '381 patent claims are missing in this particular

21  reference?

22        MR. MONACH:  I'll object to the form of the

23  question; asking the witness to formulate an opinion

24  where he's said -- already testified multiple times he

25  hasn't done this work.  Object; it asks for a legal

Confidential Attorneys' Eyes Only Outside Counsel

Page 221

1  conclusion and is compound with respect to all of the

2  different limitations and elements.

3        But if you -- if you can, and -- and want to

4  do so and study it now and give some response, I'm not

5  going to instruct you not to do that.

6        THE WITNESS:  So this is a -- I would say a

7  several-pages long article that covers some ground.  I

8  have not done the comparison to every element of the

9  claims of the '381 patent, and it's not something I

10 want to do on the fly.

11       If -- I certainly don't want to do this live

12 in a deposition.  I would have to spend the time and

13 carefully consider the -- the -- the article and what

14 it -- what it discloses, relative to each of the

15 embodiments -- sorry -- each of the elements of the

16 claims, and I -- I don't -- I simply cannot do that

17 right now.

18       (Document marked Balakrishnan Exhibit 108

19        for identification.)

20       MR. JOHNSON:  Let me mark, as Exhibit 108,

21 the Zimmerman '387 patent.

22    Q   You've seen that before; right?

23       Have you read the Zimmerman article -- I'm

24 sorry -- the Zimmerman patent?

25    A   I have browsed through it, yes.

Confidential Attorneys' Eyes Only Outside Counsel

Page 225

1     Q    If you -- if you turn to page '311.

2     A    And you mean by the Bates number here?

3     Q    Yeah.

4     A    Okay.

5     Q    The first combination of prior art references

6    that Nokia asserted was grounds for rejection was

7    Glimpse, plus Inside and Out; right?

8     A    That appears to be what is said in this --

9    this section of the document.

10    Q    Now, if I ask you to look at the claim charts

11   that are on pages 18, 19, et cetera, of this

12   particular document, and I ask you whether the prior

13   art discloses certain claim elements that are

14   described here, are you gonna be able to tell me if

15   they're accurate or not?

16    A    I don't think I can -- I'm sorry.

17         MR. MONACH:  Object to the -- object to the

18   form of the question as calling for speculation and --

19   and vague.

20         THE WITNESS:  If you're asking me can I,

21   based on each of these elements on the table in this

22   chart, whether whatever Nokia said here is accurate or

23   not, I don't think I can do that right now.  I haven't

24   spent the time, and I think it's gonna take a

25   considerable amount of time to very carefully look at

Confidential Attorneys' Eyes Only Outside Counsel

Page 226

1    each of these allegations and correspond it to the

2    article in question and to the claim in question and

3    make that determination.

4          I have not done that, and I certainly don't

5    think I can do that on the fly here.  It would take

6    certainly much more time than we have today.

7          MR. JOHNSON:  Do you know whether -- did

8    the -- strike that.

9     Q   Did the examiner find that Glimpse disclosed

10   pan and zoom navigation using the touch input?

11         MR. MONACH:  Objection; lack of foundation.

12         Under the best evidence rule, whatever the

13   examiner found is the best evidence of what he found.

14         THE WITNESS:  I'm not sure I completely

15   understood that objection.

16         MR. JOHNSON:  Yeah.

17         MR. MONACH:  It's basically saying the

18   document speaks for itself.  The examiner did or

19   didn't do something and whether you have an opinion on

20   it doesn't change that in the slightest.

21         MR. JOHNSON:  That's -- that's an objection I

22   haven't heard at a deposition in a patent case before,

23   but go ahead.

24         THE WITNESS:  Can I have the question read

25   back to me, if you don't mind.

Confidential Attorneys' Eyes Only Outside Counsel

Page 227

1    MR. JOHNSON:  Q.  Did the examiner find that

2  Glimpse disclosed pan and zoom navigation using touch

3  input?

4    MR. MONACH:  Objection; best evidence rule.

5  Objection; lack of foundation.

6    THE WITNESS:  I don't recall exactly what the

7  examiner found.  I know, in its entirety, the examiner

8  did not find that this prior art invalidated the

9  patent claims.

10    So the particular -- particular elements of

11  the claims and particular elements of the Glimpse

12  article that the examiner may or may not have found to

13  match up, but I'd have to study that in great detail

14  before I -- or at least in some detail before I

15  determine what he found or what he didn't find.

16    MR. JOHNSON:  Q.  Based on your familiarity

17  with the Glimpse work, can the user preview results of

18  a movement by using a light touch, and then when the

19  user lifts his finger, the movement can be undone?

20    MR. MONACH:  Object to the form of the

21  questions.

22    THE WITNESS:  Going by memory, I -- I would

23  have to study the article again carefully to match it

24  up with your particular question there, but going from

25  memory, the thrust of that article was to -- to enable

Confidential Attorneys' Eyes Only Outside Counsel

Page 228

1  glimpsing or previewing some other part of the -- of

2  the document space or the space of multiple documents.

3  The specifics of it, I would have to study in detail

4  in any kind of validity or invalidity contention.

5       MR. JOHNSON:  Q.  Based on your familiarity,

6  did Glimpse describe going beyond the edge of an

7  electronic document?

8       MR. MONACH:  Object to the form of the

9  question.  Objection; best evidence rule.

10      THE WITNESS:  I would have to study the

11 article again in detail to see if it matches up with

12 the way the edge of an electronic document is used in

13 the claims of the '381 patent.

14      MR. JOHNSON:  Q.  So you don't know?

15      MR. MONACH:  Same objection.

16      THE WITNESS:  As I said, I can't answer that

17 question right off.  Well, from memory here, I

18 wouldn't be able to tell you either way.

19      MR. JOHNSON:  Q.  If I -- if I ask you about

20 whether the statements that are made in the request

21 for reexamination that appear on page '294 through

22 '344 --

23    A   This is the Bates numbering again?

24    Q   -- and whether those are accurate statements,

25 are you able to answer those questions?

Confidential Attorneys' Eyes Only Outside Counsel

Page 337

1                    CERTIFICATE OF REPORTER

2

3

4

5          I, ANDREA M. IGNACIO HOWARD, hereby certify

6    that the witness in the foregoing deposition was by me

7    duly sworn to tell the truth, the whole truth, and

8    nothing but the truth in the within-entitled cause;

9

10         That said deposition was taken in shorthand

11   by me, a Certified Shorthand Reporter of the State of

12   California, and was thereafter transcribed into

13   typewriting, and that the foregoing transcript

14   constitutes a full, true and correct report of said

15   deposition and of the proceedings which took place;

16

17         That I am a disinterested person to the said

18   action.

19

20         IN WITNESS WHEREOF, I have hereunto set my

21   hand this 17th day of August, 2011.

22

23   _____

24   ANDREA M. IGNACIO HOWARD, RPR, CCRR, CLR, CSR No. 9830

25