| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>JENNIFER LEE TAYLOR (CA SBN 161368)<br>jtaylor@mofo.com<br>ALISON M. TUCHER (CA SBN 171363)<br>atucher@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>JASON R. BARTLETT (CA SBN 214530)<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PERMIT SAMSUNG'S EXPERT SAMUEL LUCENTE TO REVIEW MATERIALS DESIGNATED UNDER THE PROTECTIVE ORDER**<br><br>Date:   March 6, 2012<br>Time:   10:00 a.m.<br>Place:  Courtroom 5, 4th Floor<br>Judge:  Hon. Paul S. Grewal |

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................................ii

I. INTRODUCTION .................................................................................................................... 1

II. STATEMENT OF FACTS ....................................................................................................... 2

III. ARGUMENT ............................................................................................................................ 4

    A. Mr. Lucente's Involvement in Competitive Decision-Making Disqualifies Him from Having Access to Apple's Highly Confidential Materials..................... 4

    B. Mr. Lucente Cannot Access Apple's Highly Confidential Materials Without Violating the Prosecution Bar. ................................................................ 7

    C. Apple Has Consistently Acted in Good Faith in Objecting to Mr. Lucente ........... 9

    D. Samsung's Eleventh Hour Offer, Although Helpful, Does Not Go Far Enough .................................................................................................................... 10

IV. CONCLUSION ....................................................................................................................... 11

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PERMIT SAMUEL LUCENTE TO REVIEW MATERIALS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3106322

i

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Brown Bag Software v. Symantec Corp.*,
    960 F.3d 1465 (9th. Cir. 1991).................................................................................................. 5

*In re Deutsche Bank Trust Co. Ams.*,
    605 F.3d 1373 (Fed. Cir. 2010).................................................................................................. 5

*In re Papst Licensing, GmbH, Patent Litig.*,
    MDL Docket Number 1298, 2000 U.S. Dist. LEXIS 6374 (E.D. La. May 4, 2000)............ 6, 7

*Intel Corp. v. VIA Techs., Inc.*,
    198 F.R.D. 525 (N.D. Cal. 2000) ............................................................................................... 5

*IP Innovation L.L.C. v. Thomson, Inc.*,
    No. 1:03-cv-0216-JDT-TAB, 2004 U.S. Dist. LEXIS 6290 (S.D. Ind. Apr. 8, 2004) ......... 6, 7

*Markey v. Verimatrix, Inc.*,
    No.09cv0066 L (AJB), 2009 U.S. Dist. LEXIS 57944 (S.D. Cal. July 8, 2009).............. 5, 6, 7

*Mikohn Gaming Corp. v. Acres Gaming, Inc.*,
    No. CV-S-97-1383-HDM(LRL), 1998 U.S. Dist. LEXIS 22251 (D. Nev. Apr. 15)............ 6, 7

*U.S. Steel v. United States*,
    730 F.2d 1465 (Fed. Cir. 1984).......................................................................................... 4, 5, 6

## I. INTRODUCTION

The Protective Order (Dkt. No. 687) in this action has two key provisions pertaining to experts. The first prohibits the disclosure of highly confidential information to experts who are involved in "competitive decision-making" relating to the subject matter of asserted patents. The second is a so-called "prosecution bar," requiring that any expert who receives highly confidential information refrain from any direct or indirect involvement in patent prosecution related to the subject matter of the asserted patents.

Samsung seeks to allow its proposed expert, Samuel Lucente, access to Apple's most sensitive information—including highly confidential design information—under the Protective Order. But Mr. Lucente cannot abide by either of these Protective Order provisions.

Mr. Lucente is the owner and an inventor of an active patent application relating to graphical user interfaces for mobile phones and other devices with touch screens. This overlaps with the subject matter of this lawsuit. This means that Mr. Lucente is involved in competitive decision-making, and that he must be involved in the patent prosecution process, in contravention of the prosecution bar. At a minimum, he must direct the attorney who is prosecuting his application. Were Mr. Lucente to obtain access to Apple's highly confidential information, there is a risk that he might—perhaps inadvertently—misuse Apple's information to modify the pending claims to better cover Apple.

The Protective Order is specifically designed to eliminate these types of risks. It is difficult to see how Mr. Lucente could possibly comply with the "competitive decision-making" and "prosecution bar" provisions of the Protective Order, and Samsung has never explained this. Indeed, the night before Apple's opposition was due, Samsung conceded for the first time that Mr. Lucente should not be permitted access to Apple confidential documents relating to "graphical user interface . . . technologies," such as source code. Although Samsung's belated

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PERMIT SAMUEL LUCENTE TO REVIEW MATERIALS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3106322

1

proposal helps to bridge the parties' differences, it does not go far enough to protect Apple's competitively sensitive design information. Accordingly, the Court should either deny Mr. Lucente access to Apple's "Highly Confidential – Attorneys' Eyes Only" and "Highly Confidential – Outside Attorneys' Eyes Only – Source Code" information, or place additional restrictions on his access to information in light of his pending application, as discussed below.

## II. STATEMENT OF FACTS

Mr. Lucente is the designer and principal of a firm called Lucente Design, which provides consulting services to technology clients such as Honeywell and Hewlett-Packard. (Dkt. No. 691-2; Declaration of Marc J. Pernick in Support of Apple's Opposition ("Pernick Decl.") Exs. 1 & 2.) On December 13, 2011, Samsung disclosed Mr. Lucente as an expert in this litigation. (Dkt No. 691-2.) Samsung's notice attached Mr. Lucente's current curriculum vitae ("CV"), which lists 35 of his design and utility patents in the United States. (*Id*.)

Apple promptly initiated the meet-and-confer process with Samsung to confirm that there were no issues with Mr. Lucente's receipt of Apple's competitively-sensitive technical, design, and commercial information under the Protective Order.[1] (Pernick Decl. Ex. 3.) After the parties made significant progress in meeting and conferring, Samsung revealed for the first time on January 20, 2012 that Mr. Lucente also is the inventor on and the owner of a pending European Patent Application ("EP application") based on international patent application number PCT/US00/10073 ("PCT Application"). (Dkt. No. 691-9; Pernick Decl. Exs. 4 & 5.) The EP application[2] relates to a graphical user interface that can be used on a mobile phone and can be

---

[1] The Protective Order addresses access to material designated by a party as either "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" (collectively, "Highly Confidential"). (Dkt. No. 687 ¶¶ 9-10.)

[2] Because the EP application is processed by incorporating the PCT Application (*see* Pernick Decl. Ex. 4), the published PCT Application (Pernick Decl. Ex. 5) is cited herein.

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PERMIT SAMUEL LUCENTE TO REVIEW MATERIALS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3106322

2

"implemented on a touch screen." (Pernick Decl. Ex. 5 at 20:10-21:20, 29:30-30:6.) Samsung has confirmed that Mr. Lucente still "maintains his ownership interest [in this application], and he has not assigned any part of his interest to any third party." (Dkt. No. 691-9.)

This disclosure immediately raised new concerns for Apple about allowing Mr. Lucente access to its most sensitive information. The subject matter of Mr. Lucente's pending application and this litigation plainly overlap. For example, five of Apple's eight asserted utility patents relate to user interfaces,[3] and the other three relate to touch screens.[4] Three of Apple's seven asserted design patents also relate to "graphical user interfaces."[5]

Because the EP application's claims are pending and may still be adjusted, allowing Mr. Lucente to access Apple's Highly Confidential information creates the risk that he could use that information—even inadvertently—to craft claims covering Apple's products. Apple thus reaffirmed its objection to Mr. Lucente on January 24, 2012. Apple also offered to consider "reasonable restrictions on the disclosure [of Highly Confidential materials] to Mr. Lucente" (Dkt. No. 691-11), but Samsung's response did not propose any restrictions. Samsung instead conceded that Mr. Lucente's patents are "in the relevant field." (Pernick Decl. Ex. 6.)

Samsung proposed no restrictions at all until last Sunday evening, thirteen days after filing its brief and just one day before Apple's opposition was due. (Pernick Decl. Ex. 13.) Samsung

---

[3] *See* U.S. Patent Nos. 6,493,002 ("Method & Apparatus for Displaying & Accessing Control & Status Information in a Computer System"); 7,469,381 ("List Scrolling & Document Translation, Scaling & Rotation on a Touch-Screen Display"); 7,844,915 ("Application Programming Interfaces for Scrolling Operations"); 7,853,891 ("Method & Apparatus for Displaying a Window for a User Interface"); 7,864,163 ("Portable Electronic Device, Method & Graphical User Interface for Displaying Structured Electronic Documents").

[4] *See* U.S. Patent Nos. 7,663,607 ("Multipoint Touch Screen"); 7,812,828 ("Ellipse Fitting for Multi-Touch Surfaces"); 7,920,129 ("Double-sided Touch-sensitive Panel with Shield & Drive Combined Layer").

[5] *See* D604,305, D617,334, D627,790 (each entitled "Graphical User Interface for a Display Screen or Portion Thereof").

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PERMIT SAMUEL LUCENTE TO REVIEW MATERIALS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3106322

3

confirmed that Mr. Lucente's EP application is still undergoing prosecution, but alleged that Mr. Lucente intended to "put forward no additional arguments" in the prosecution. (*Id*.) Samsung did not represent, however, that Mr. Lucente would withdraw his application. Samsung also did not dispute that Mr. Lucente could later take actions to advance prosecution—actions that would be in contravention of the Protective Order's prosecution bar, such as adding or amending the existing claims. As a compromise, Samsung instead offered to wall Mr. Lucente off from any information "related to Apple's graphical user interface utility patents or technologies, such as source code." (*Id*. at 2.)

## III.   ARGUMENT

As the inventor on and owner of a pending EP application relating to graphical interfaces that can be implemented on a touch screen, Mr. Lucente should not be allowed to access Apple's Highly Confidential information under the terms of the Protective Order based on two independent grounds. First, Mr. Lucente is a "competitive decision-maker" who is barred from receiving Highly Confidential information under Paragraphs 9(b)(iii) and 10(c)(iii) of the Protective Order. Second, he is unable to comply with the "prosecution bar" contained in Paragraph 6(b) of the Protective Order. Samsung's motion to allow Mr. Lucente access to Apple's Highly Confidential materials should therefore be denied.

### A.   Mr. Lucente's Involvement in Competitive Decision-Making Disqualifies Him from Having Access to Apple's Highly Confidential Materials.

Under the Protective Order, a party's expert may not access materials designated by the opposing party as Highly Confidential unless the expert satisfies several criteria. As relevant here, absent a court order to the contrary, a party can only disclose Highly Confidential materials to experts who are

> not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party with respect to the subject matter of the patents-in-suit….

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PERMIT SAMUEL LUCENTE TO REVIEW MATERIALS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3106322

4

(Dkt. No. 687 ¶¶ 9(b)(iii), 10(c)(iii).)

As courts uniformly recognize, the prohibition against disclosing sensitive information to persons who are involved in "competitive decision-making" guards against the risk that those who are in a position to exploit a producing party's highly confidential information might—even inadvertently—misuse the information in a way that harms the producing party. *See*, *e.g.*, *U.S. Steel*, 730 F.2d at 1468 (explaining risk); *Brown Bag Software v. Symantec Corp.*, 960 F.3d 1465, 1471 (9th Cir. 1991) (considering whether attorney "could lock-up trade secrets in his mind, safe from inadvertent disclosure to his employer once he had read the documents"); *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 531 (N.D. Cal. 2000).  When the expert or attorney in question is involved in "competitive decision-making," the risk of misuse or inadvertent disclosure is too high to permit access to a party's competitively-sensitive information.

As the Federal Circuit has explained, an individual who has "the opportunity to control the content of patent applications and the direction and scope of protection sought in those applications" can tailor the patent to cover the producing party. *In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373, 1380 (Fed. Cir. 2010).  Accordingly, a proposed expert or lawyer who is involved in strategic decisions concerning the prosecution of a pending patent application is a "competitive decision-maker" who should be denied access to the adversary's competitively sensitive discovery.

Courts have applied this standard to preclude experts, attorneys, and parties involved in pending patent applications from receiving an adversary's confidential information.  For example, in *Markey v. Verimatrix, Inc.*, No.09cv0066 L (AJB), 2009 U.S. Dist. LEXIS 57944, at *9 (S.D. Cal. July 8, 2009), the court barred the plaintiff, who had pending patent applications, from accessing the defendant's confidential information.  The court ruled that the "the prosecution of [plaintiff's] patent applications leaves open the door to permitting him to tailor the claims to

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PERMIT SAMUEL LUCENTE TO REVIEW MATERIALS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3106322

5

cover specific, known activities that are revealed to him through the course of discovery in this litigation." *Id*. at *8-9; *see also IP Innovation L.L.C. v. Thomson, Inc.*, No. 1:03-cv-0216-JDT-TAB, 2004 U.S. Dist. LEXIS 6290, at *11 (S.D. Ind. Apr. 8, 2004) (denying expert access to confidential documents because he was named inventor on pending applications related to same subject matter as patents-in-suit); *In re Papst Licensing, GmbH, Patent Litig*., MDL Docket Number 1298, 2000 U.S. Dist. LEXIS 6374, at *12 (E.D. La. May 4, 2000) (adopting protective order that barred individuals with access to confidential information from working on prosecutions because "ability to file new claims in existing and pending patents based on the confidential information discovered during the course of this litigation poses an unacceptable opportunity for inadvertent disclosure and misuse"); *Mikohn Gaming Corp. v. Acres Gaming, Inc*., No. CV-S-97-1383-HDM(LRL), 1998 U.S. Dist. LEXIS 22251, at *13-14 (D. Nev. Apr. 15, 1998) ("[n]o matter how much good faith Mr. McCollom might exercise, it is unrealistic to expect that his knowledge of Mikohn's secret technology would not or could not influence the nature of his advice to Acres").

As in these cases, Mr. Lucente's activities make him a competitive decision-maker under *U.S. Steel*. Mr. Lucente is the applicant and named inventor on a pending patent application in the European Patent Office, and he maintains an ownership interest in that application. (*See* Dkt. No. 691-9.) Mr. Lucente is thus in a position to use Apple's Highly Confidential information in the course of his pending EP application.

Mr. Lucente's EP application also qualifies him as a competitive decision-maker "with respect to the subject matter of the patents-in-suit." (Dkt. No. 687 ¶¶ 9(b)(iii), 10(c)(iii).) Samsung concedes that his EP application is in "the relevant field." (Pernick Decl. Ex. 6.) The application relates to a graphical interface that can be implemented "on a touch screen" so that users can interact with particular information "by touching it." (Pernick Decl. Ex. 5 at 29:30-

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PERMIT SAMUEL LUCENTE TO REVIEW MATERIALS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3106322

6

30:4.) The graphical interface can also be utilized on a cell phone. (*Id*. at 20:10-21:20.) This is also the general subject matter of several of Apple's asserted patents.

Moreover, the Highly Confidential information that Samsung wants to share with Mr. Lucente—involving Apple's highly sensitive design information, including designs of user interfaces—is squarely within the subject matter of Mr. Lucente's pending EP application. The Court should not allow the inventor on and owner of a pending application relating to user interfaces to access Apple's highly sensitive design information. The risk of inadvertent misuse is too high. *See Markey*, 2009 U.S. Dist. LEXIS 57944, at *8; *IP Innovation*, 2004 U.S. Dist. LEXIS 6290, at *11; *Mikohn Gaming*, 1998 U.S. Dist. LEXIS 22251, at *13-14; *Papst Licensing, GmbH, Patent Litig*., 2000 U.S. Dist. LEXIS 6374, at *12.

Finally, Mr. Lucente's prosecution activities are indeed undertaken "on behalf of a [ ] competitor" of Apple's. When it comes to the patent he is prosecuting, *Mr. Lucente is an Apple competitor*. If Mr. Lucente were to shape, or even inadvertently adjust, his claims to better cover any Apple devices, he or a future assignee could later use the patent to sue Apple. That is competition. Accordingly, that Mr. Lucent himself does not make or sell smartphones or tablet computers is immaterial. (*See* Dkt. No. 691 ("Samsung Mot.") at 5.) As the *Markey* court stated in denying the plaintiff access to the defendant's confidential information, "that the Plaintiff [does not] work[ ] in the same field as the Defendant does not diminish the fact that the Plaintiff is still in the process of prosecuting his patent applications in the field." 2009 U.S. Dist. LEXIS 57944, at *7.

### B. Mr. Lucente Cannot Access Apple's Highly Confidential Materials Without Violating the Prosecution Bar.

The Court should not allow Mr. Lucente to receive Apple Highly Confidential discovery for the independent reason that he cannot comply with the Protective Order's prosecution bar, which prohibits anyone who receives Highly Confidential information from participating in any

way in prosecuting patents relating to the subject matter of the patents-in-suit. Specifically, Paragraph 6(b) provides:

> Absent the written consent of the Producing Party, anyone who receives one or more items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" *shall not be involved, directly or indirectly, in any of the following activities: advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications (whether for design or utility patents), specifications, claims, and/or responses to office actions, or otherwise affecting the disclosure in patent applications or specifications or the scope of claims in patents or patent applications* relating to the subject matter of the patents-in-suit before any foreign or domestic agency, including the United States Patent and Trademark Office.

(Dkt. No. 687 ¶ 6b (emphasis added).)

As discussed above, Mr. Lucente is an inventor, owner, and applicant on the pending EP application, which seeks a patent concerning a graphical interface that can be implemented on a touch screen. Given Mr. Lucente's roles with respect to the pending EP application, it is inconceivable that he could not be involved—at least indirectly—in the prosecution of that Application. For instance, even if Mr. Lucente intends for his patent attorney to take the laboring oar on the prosecution, Mr. Lucente, as the attorney's client, would still have to direct and approve of counsel's actions. And Mr. Lucente does not appear to have any colleagues who could conduct prosecution activities without any participation from him. Mr. Lucente is not just the principal of his company, Lucente Design, LLC, he is a "one-man show." (Pernick Decl. Exs. 7 & 8 (reports showing that Lucente Design has no employees other than Mr. Lucente).)

If there were a way that Mr. Lucente could somehow comply with the prosecution bar while he is simultaneously in the process of obtaining a patent for his alleged invention, Samsung has not disclosed it, even though Apple specifically asked whether "there [are] measures that Mr. Lucente has taken to ensure that he will be able to comply with the prosecution bar." (Pernick Decl. Ex. 9.) There appears to be no way that Mr. Lucente can abide by the prosecution bar in the Protective Order. As a result, Mr. Lucente is not allowed to have access to Apple's Highly Confidential materials.

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PERMIT SAMUEL LUCENTE TO REVIEW MATERIALS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3106322

8

**C.     Apple Has Consistently Acted in Good Faith in Objecting to Mr. Lucente.**

Unable to show that Mr. Lucente is entitled to access Apple Highly Confidential material under the Protective Order, Samsung accuses Apple of asking "irrelevant questions" and improperly delaying discovery by not cooperating with Samsung in resolving Apple's objection to Mr. Lucente. (*See, e.g.*, Samsung Mot. at 5.)  Samsung's charge is baseless.  Upon Samsung's disclosure of Mr. Lucente as a proposed expert, Apple promptly and appropriately asked questions designed to assess whether allowing him access to Apple's sensitive materials presented a competitive risk, including questions about Mr. Lucente's clients and whether he has designed or consulted with respect to mobile phones.  (Pernick Decl. Exs. 3 & 10.)  Apple's questions clearly were not irrelevant; it was only in response to a question from Apple that Samsung finally disclosed in late January that Mr. Lucente owns a pending patent application involving a touch screen user interface.  (Dkt. No. 619-9.)

Remarkably, Samsung blames Apple for not discovering Mr. Lucente's EP application until late January.  Yet Samsung failed to disclose the Application, which was not included among the 35 patents listed in Mr. Lucente's CV that Samsung provided to Apple.  Had Samsung or Mr. Lucente referenced the EP application on the CV, the parties could have had the discussions that led to this motion much sooner.  This is a problem of Samsung's making.

Samsung's other arguments are equally baseless.  The time it took Apple to discover any of Mr. Lucente's *issued* patents, including the ones not listed on his CV, is completely irrelevant. Apple's objection is not based on any issued patents, even the ones Samsung did not disclose. Apple objects based on the *pending application that is not on Mr. Lucente's CV*.

An Apple email from before Samsung disclosed the EP application also is irrelevant.  That email shows that Apple was trying to "close the loop"—*i.e*., to establish the parties' respective final positions—on Apple's objection to Mr. Lucente and Samsung's objection to an Apple expert in order to resolve lingering issues.  (Dkt. No. 691-7.)  Apple was not offering to "horse trade" by withdrawing its objection to Mr. Lucente if Samsung withdrew its objection to Mr. Bressler. Samsung's interpretation is wrong.

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PERMIT SAMUEL LUCENTE TO REVIEW MATERIALS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3106322

9

1    Finally, Samsung's suggestions that Apple has engaged in obstruction are belied by
2    Apple's multiple offers to consider alternatives to an outright block on Mr. Lucente's ability to
3    see any Highly Confidential discovery materials.  (Pernick Decl. Exs. 11 & 12; Dkt. No. 691-11.)
4    Until last night, Samsung had *never* taken Apple up on these offers, or responded to Apple's
5    request that Samsung identify what measures, if any, were being taken to ensure that Mr. Lucente
6    could comply with the patent prosecution bar.

7    The record shows that Apple has at all times taken reasonable and proper steps to work
8    with Samsung to address Apple's concerns about whether divulging sensitive information to
9    Mr. Lucente might cause Apple to suffer competitive harm.  That is the approach Apple has taken
10   in considering all of Samsung's proposed experts—which has resulted in Apple's objecting to
11   only three out of approximately twenty disclosed witnesses in this case (Pernick Decl. ¶ 2)—and
12   it is the approach taken by Apple with regard to Mr. Lucente.

13   **D.    Samsung's Eleventh Hour Offer, Although Helpful, Does Not Go Far Enough.**
14   Last night, Samsung wrote to Apple with additional information about Mr. Lucente's
15   pending EP application.  (Pernick Decl. Ex. 13.)  Although vague, Samsung's letter confirms that
16   Mr. Lucente's application is still undergoing prosecution.  (*Id*. at 1.)  Samsung claims, however,
17   that Mr. Lucente has "indicated" to the EPO that he would "put forward no additional arguments"
18   in the prosecution.  (*Id*.)  But Samsung makes no representation that Mr. Lucente has withdrawn
19   the application.  Samsung also makes no promise that Mr. Lucente will refrain from taking any
20   other actions prohibited by the prosecution bar, such as adding or amending his claims in the
21   future.

22   Instead, in its letter, Samsung for the first time offers to wall Mr. Lucente from any
23   information "*related to Apple's graphical user interface utility patents or technologies, such as*
24   *source code.*"  (*Id*. at 2 (emphasis added).)  Via its proposal, Samsung concedes that some
25   restrictions on Mr. Lucente's access are appropriate.

26   Samsung's proposal is still insufficient to protect Apple.  It would allow Mr. Lucente to
27   access Apple's confidential information concerning user interface design—even if it falls within
28   the scope of his pending EP application.  Because Samsung has proposed to use Mr. Lucente as

1  an expert on the design patent aspects of this case, this is far beyond what either he or Samsung
2  needs.  By definition, design patents relate to static images, such as the static visual appearance of
3  icons and icon layouts.

4        Accordingly, in the spirit of compromise, Apple would consent to allowing Mr. Lucente
5  to see its Highly Confidential information relating to the static design (or the static visual
6  appearance) of its products and devices.  By contrast, Mr. Lucente does not need to access (and
7  should be prohibited from accessing) Apple's Highly Confidential materials relating to the *active*
8  *implementation* of Apple's graphical user interfaces.  This includes materials that discuss or
9  reflect the dynamic functionality of the GUIs.  For example, Mr. Lucente should not be permitted
10 access to Apple's Highly Confidential information concerning how devices respond to user inputs
11 or interpret user inputs, or any other features embodied in Apple's utility patents concerning
12 dynamic functionalit*y* (*e.g*., U.S. Patent Nos. 6,493,002, 7,469,381, 7,844,915, 7,853,891, and
13 7,864,163).  As Samsung has conceded, Mr. Lucente also should not be allowed to access
14 information "related to Apple's graphical user interface utility patents" or its source code.

15 **IV.   CONCLUSION**

16       For all of the foregoing reasons, the Court should hold that Samsung cannot disclose
17 discovery materials designated by Apple as "Highly Confidential – Attorneys' Eyes Only" or
18 "Highly Confidential – Attorneys' Eyes Only – Source Code" to Mr. Lucente.  Alternatively, if
19 the Court is inclined to allow Mr. Lucente access to Apple's information, his access should be
20 restricted to that pertaining to the static design or static visual appearance of Apple's products and
21 services.  Mr. Lucente should not be allowed access to information relating to the active
22 implementation of Apple's graphical user interfaces or, as Samsung has already conceded, to
23 "Apple's graphical user interface utility patents or technologies, such as source code."

24
25 Dated:   February 13, 2012                                    MORRISON & FOERSTER LLP

26                                                                       By:   */s/ Richard S.J. Hung*
                                                                                                       Richard S.J. Hung
27
                                                                                  Attorneys for Plaintiff
28                                                                                   APPLE INC.