# EXHIBIT 6

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S INTERNET ADDRESS
rachelkassabian@quinnemanuel.com

January 25, 2012

**VIA ELECTRONIC MAIL**

Mia Mazza
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482

Re:     *Apple, Inc. v. Samsung Elecs. Co., et al.*, No. 11-cv-1846-LHK (N.D. Cal.)

Dear Mia:

Apple's pattern of unfounded objections to Samsung's disclosed design experts is harassing and improper.  None of Apple's serial, nitpicking objections justifies preventing Samsung's experts--who have sworn under oath to abide by the Protective Order--from obtaining access to Apple's documents.  Therefore, the only explanation we can imagine for Apple's conduct is an intent to delay and impede Samsung's ability to prepare its defense in actions that were expedited at Apple's insistence.

Marc Pernick's letter of January 24, 2012 maintaining objections to Sam Lucente and demanding still more information about Robert Anders is the latest example of Apple's unwarranted and dilatory objections.  Samsung disclosed Mr. Lucente with all of the required information on December 13, 2011.  Samsung then responded to Apple's two separate objections lodged on December 27, 2011 and January 17, 2012 with additional information about Mr. Lucente's work experience, his current consulting clients, and his co-ownership of U.S. and a pending foreign patent application.  The fact that Mr. Lucente has patents in the relevant field makes him

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

<u>**Highly Confidential - Attorneys' Eyes Only**</u>

Mia Mazza
January 25, 2012

qualified to provide expert testimony in this matter; it does not disqualify him from access to Apple's allegedly confidential material.  As you have been informed, Mr. Lucente is not engaged in any kind of business that might be considered competitive to Apple's smartphone and tablet computer businesses.  Based on this record, Apple has no credible basis to believe that Mr. Lucente would violate that Protective Order, nor that he would obtain some competitive advantage from accessing Apple's confidential documents in connection with his service as an expert in this case.

Indeed, Apple has implicitly conceded that it has no legitimate concern about Mr. Lucente by twice proposing to trade off its objections to Mr. Lucente in exchange for Samsung either waiving objections to an Apple expert or moving up expert procedures in this case to match the schedule in the ITC.  Most recently, on January 16, you offered:  "We will be prepared to close the loop on Apple's objections to Samsung's expert Lucente, assuming Samsung will close the loop on its objections to Apple's expert Peter Bressler (also discussed at the last LCM&C)."  Even though Samsung voluntarily withdrew its objections to Mr. Bressler yesterday, Apple refused to withdraw its objections to Mr. Lucente, stating instead that it would consider "reasonable restrictions" on documents he can receive.

Apple predictably objected to Dr. Robert Anders as well, claiming that it needs to know if he has patents relating to smartphones or tablet computers, and whether he has any other clients in this field.  As a preliminary matter, Apple is fully capable of searching for any patents that Dr. Anders might have, and Dr. Anders has disclosed the required information about his clients already.  Thus neither of Apple's objections justify disqualifying Dr. Anders from receiving Apple's allegedly confidential materials.  Further, they fail to meet the requirement of section 7.4(b) of the Protective Order to "set forth in detail" the grounds for the objection; they simply seek more free discovery.

Nevertheless, to continue its effort to get Apple to approve a single design expert it has disclosed, Samsung responds that Dr. Anders reports that he has no issued patents in any field, no pending applications in any field, and no other clients in the smartphone or tablet computer business.  Accordingly, Apple has no basis to continue its objection against Dr. Anders under the Protective Order and no evidence whatsoever to suggest that he would violate that Protective Order he has signed under oath.

Opening expert reports are due March 22, 2012.  Samsung cannot tolerate Apple's blatant attempts to thwart Samsung's experts from viewing documents they may deem relevant to their opinions.  Nor can it wait any longer to resolve Apple's objections.  These issues already have been discussed at prior lead counsel meet and confer sessions and they were raised at the hearing before Magistrate Judge Grewal last week.  Unless Apple withdraws its objections to Samuel

2

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

Mia Mazza
January 25, 2012


Lucente and Robert Anders by 5:00 p.m. today, Samsung will proceed with motion practice on an expedited basis.

Very truly yours,

*/s/ Rachel Herrick Kassabian*

Rachel Herrick Kassabian

RHK