# EXHIBIT 12

MORRISON | FOERSTER

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA  94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

January 30, 2012

Writer's Direct Contact
650.813.5718
MPernick@mofo.com

Via E-Mail

Rachel Herrick Kassabian
Quinn Emanuel
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, CA 94065

Re:   *Apple v. Samsung*, Case No. 11-cv-1846-LHK (N.D. Cal.)
      **Subject to Protective Order—Contains Samsung AEO Information**

Dear Rachel:

This responds to your January 28, 2012 letter regarding Samsung's proposed expert Samuel Lucente.  Apple maintains its objection.  At your request, I write to again set out Apple's position.

Apple objects to the disclosure of its protected materials to Mr. Lucente based, in part, on his status as a co-inventor and owner of pending patent applications in several jurisdictions that relate to user interfaces in mobile phones.  As we understand it, Samsung proposes giving Mr. Lucente access to Apple protected information on precisely this subject matter.  Samsung has never proposed any reasonable way to address that problem, or to limit the types of information to which Mr. Lucente would be allowed access.

In addition, Samsung has still never made a proper disclosure with regard to Mr. Lucente.  This too is a basis on which Apple objects to Samsung's disclosure of Apple protected information to Mr. Lucente.  Specifically, Paragraph 12(a) of the Protective Order (emphasis added) states:

> Prior to disclosing any Protected Material to any person described in Paragraphs 9(b)(iii) or 10(c)(iii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: ... (iii) an identification of *all of the Person's past or current employment or consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person, within the last five (5) years....*

pa-1509210

MORRISON | FOERSTER

Rachel Herrick Kassabian
January 30, 2012
Page Two


This would require, among other things, that Samsung give Apple information on all of Mr. Lucente's consulting relationships through his current company Lucente Design. But Samsung has not done so and, moreover, the information it has provided appears inaccurate or incomplete.

In response to our questions about Lucente Design's clients, Samsung reported that Mr. Lucente's employment with HP ended in November 2010, and that, since then, while with Lucente Design, Mr. Lucente only consulted for Honeywell Aerospace and sits on a Design Advisory Board at Pepsico's Frito-Lay division. Samsung stated that, other than those matters, Mr. Lucente "has refrained from taking on any other clients due to this case." The public record appears to show otherwise. Publicly available information states that Mr. Lucente still "consults with the Hewlett-Packard Co." (*see* http://idsa.org/sam-lucente and http://www.dmi.org/dmi/html/conference/europe11/s_hp.htm), which is inconsistent with what Samsung has told us.

Samsung's disclosure remains incomplete under Paragraph 12(a) of the Protective Order, and there are questions about the accuracy of what Samsung has disclosed so far.

For these reasons, it appears that motion practice is necessary to resolve the parties' dispute. It is possible that Samsung's moving papers will inform our position or shed light on potential compromises. In any event, in terms of scheduling, we can agree to a modified version of the schedule you propose. We would agree to the following:

| | |
|---|---|
| Samsung Motion: | Monday, January 30th |
| Apple Opposition: | Friday, February 3rd |
| Hearing: | Tuesday, February 7th |

Please let us know if that is acceptable to Samsung.

Sincerely,

*/s/ Marc J. Pernick*


Marc J. Pernick

pa-1509210