HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL APPLE TO RESPOND TO SAMSUNG'S REQUESTS FOR ADMISSION 101-190**<br><br>Date:   March 6, 2012<br>Time:   10:00 am<br>Place:   Courtroom 5, 4th Floor<br>Judge:   Hon. Paul S. Grewal |

1    Samsung moves to compel responses to Requests for Admission requiring complex legal
2 analyses and nearly 50 comparisons of design patents.  The purpose of Samsung's requests is to
3 lock Apple into a position on the meaning of "substantially the same."  This is an improper basis
4 for requests for admission, which are intended to simplify cases and streamline relevant issues.
5 Samsung's attempt to compel responses to its improper requests should be denied.

6                                   **PROCEDURAL HISTORY**

7    On November 23, 2011, Samsung served its Second Set of Requests for Admission.
8 (Declaration of Jason R. Bartlett in Support of Apple's Opposition ("Bartlett Decl.") ¶ 2.)
9 Requests 101 through 190 consist of 45 pairs of requests asking Apple first to admit that certain
10 design patents are "substantially the same," then that the same design patents are *not* substantially
11 the same.  (*Id.* ¶ 2.)  Both parties agreed to extensions of time for discovery responses that would
12 have been due over the holidays, including Samsung's Second Set of RFAs.  (*Id.* ¶ 3, Ex. A.)
13 Apple served its Objections and Responses on January 6, 2012.  (*Id.* ¶ 3.)

14   Samsung sent a letter on January 7 challenging Apple's objections.  (Exhibit A to
15 Declaration of Scott Hall in Support of Samsung's Motion to Compel [Dkt. No. 700-1] ("Hall
16 Declaration").)  Apple responded on January 16 supporting its position.  (*Id.* Ex. B. [Dkt.
17 No. 700-2])  The parties met and conferred on January 16 and were unable to resolve the dispute.
18 (*Id.* ¶ 4.)  Samsung filed the present motion on January 31.

19   Since the filing of Samsung's motion, Samsung has served two more sets of Requests for
20 Admission with *181* more comparisons.  (Bartlett Decl. ¶¶ 5-7, Exs. B & C.)  73 are comparisons
21 of design patents to design patents, as with the set at issue in this Motion.  (*Id.* ¶¶ 5-6.)  16 are
22 comparisons to third party products.  (*Id.* ¶ 6.)  92 are comparisons to Samsung products.  (*Id.*)
23 Samsung therefore is attempting to force Apple to make *226* total comparisons—of which 134 do
24 not even involve Samsung products.

25                                   **LEGAL STANDARD**

26   Requests for Admission are intended to allow a party to seek authentication of documents
27 or admissions that simplify a case and streamline the issues for trial.  *Safeco Ins. Co. of Am. v.*
28 *Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).  RFAs are "not, strictly speaking, discovery

devices, since they presuppose that the propounding party knows or believes the facts sought and merely seeks a concession on that fact from the other party." *Jones v. McGuire*, No. CIV S-08-2607 MCE CKD P, 2012 U.S. Dist. LEXIS 16284, at *16 (E.D. Cal. Feb. 9, 2012); *accord Safeco*, 181 F.R.D. at 445-46. The requesting party bears the burden of setting out requests that, with some exceptions for clarification purposes, can be answered with a simple "admit or deny without an explanation." *Jones v. McGuire*, 2012 U.S. Dist. LEXIS 16284, at *16 (internal citation omitted). Requests for admission seeking legal conclusions are inappropriate. *Gem Acquisitionco, LLC v. Sorenson Group Holdings*, No. C 09-01484 SI, 2010 U.S. Dist. LEXIS 40175, at *6-9 (N.D. Cal. Apr. 5, 2010).

## ARGUMENT

Samsung's Motion to Compel presents the Court with the following issue: is it proper to request admissions where the only purpose is to force the other party to form a legal conclusion? The answer is no. Samsung's Requests for Admission Nos. 101-190 consist of hypothetical comparisons that Samsung admits in its Motion are intended to pin Apple down to a position on a legal standard. This is not a proper purpose for Requests for Admission and is not permitted under Rule 36. Samsung's Motion should be denied.

**I.  SAMSUNG'S REQUESTS FOR ADMISSION SEEK ANSWERS TO HYPOTHETICALS**

Samsung's Requests for Admission Nos. 101-190 seek answers to hypotheticals. Worse, the hypotheticals are incomplete and ambiguous. Comparing two "claimed designs" could consist of comparing the entire design, including all angles, front and back, or only relevant portions of the designs. Any comparison requires the initial step of determining the full scope of what each claimed design covers. Such comparisons do not lend themselves to simple "admit or deny" answers without explanation, as requests for admission should. *Jones*, 2012 U.S. Dist. LEXIS 16284, at *16.

Moreover, the vast majority of the requests involve comparisons whose *only* relevance is a desire to seek Apple's position on a legal standard. For example:

APPLE'S OPP. TO SAMSUNG'S MOT. TO COMPEL APPLE TO RESPOND TO SAMSUNG'S RFA 101-190  
CASE NO. 11-CV-01846-LHK (PSG)  
sf-3105381

2

1
2
3
- Requests 101 and 102 ask Apple to compare the claimed design of the asserted D'889 patent to the subsequently filed D627,777 patent, which is not at issue in this case.

4
5
6
- Requests 103 and 104 ask Apple to compare the claimed design of the asserted D'889 patent to the subsequently filed D637,596 patent, which is not at issue in this case.

7
8
- Requests 105 and 106 ask Apple to compare the claimed design of D627,777 to D637,596, *neither of which is at issue in this case*.

To date, Samsung has demanded that Apple make **more than 200 comparisons**, including comparisons of the type set out above. Each comparison would require Apple to review or have an expert review the design patents at issue and form a legal contention for the sole purpose of responding to the request for admission. All of the requests at issue in this Motion involve comparisons or contentions Apple has not made.

Samsung's requests are unprecedented. It cites no authority for the proposition that it can use requests for admission in such a sweeping manner. Samsung correctly cites the 1970 committee notes for Federal Rule 36 as stating that the purpose of Rule 36 is to facilitate proof and "narrow the issues." (Motion at 4.) Samsung does not explain how forcing Apple to take positions over 100 hypothetical comparisons "narrows" anything. In fact, the committee notes cited by Samsung continue by clarifying that the Rule "does not authorize requests for admissions of law *unrelated to the facts of the case.*" Fed. R. Civ. P. 36(a) 1970 committee notes (emphasis added); *see also Friedman v. Godiva Chocolatier, Inc.,* No. 09cv977-L (BLM ), 2010 U.S. Dist. LEXIS 108862, at *4 (S.D. Cal. Oct. 13, 2010) (denying motion to compel where requests for admission relating to hypothetical analyses were "not tied to the facts at issue in this case."); *Fulhorst v. United Techs. Auto.,* No. 96-577-JJF, 1997 U.S. Dist. LEXIS 22290, at *7-8 (D. Del. Nov. 17, 1997) (request to admit infringement in context of hypothetical use of device was impermissible under Rule 36). Samsung's demands for hypothetical comparisons reveal that it is not posing requests tied to the facts at issue, but requests for an ulterior purpose.

## II. SAMSUNG'S REQUESTS FOR ADMISSION ATTEMPT TO ELICIT APPLE'S POSITION ON A LEGAL STANDARD

Samsung admits the true purpose of its Requests for Admission in its Motion: "to foreclose Apple's efforts to inconsistently argue for different ranges of equivalents to its asserted designs and the prior art." (Motion at 7 n.5.) Samsung is not posing Requests for Admission to narrow issues, streamline the case, or actually get admissions on relevant facts. Instead, it is posing Requests for Admission in an attempt to pin Apple down on a legal issue—what "substantially the same" means. This is impermissible, an abuse of the discovery process, and should not be allowed by the Court. Requests for Admission should not be an exercise in the Socratic method.

None of Samsung's cited cases approaches the magnitude of Samsung's requests. Several are wholly inapposite: Samsung cites *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.,* 174 F.R.D. 38, 42-43 (S.D.N.Y. 1997) to support its statement that RFAs may require a party to apply the law to facts in the case, but *T. Rowe* did not address that point. If anything, *T. Rowe* supports Apple's position, as the court denied sanctions where a party refused to admit or deny certain requests, holding that the requests could not "easily and coherently be admitted or denied." *T. Rowe*, 174 F.R.D. at 21. Similarly, Samsung cites *Marchand v. Mercy Medical Center*, 22 F.3d 933, 937 (9th Cir. 1994), but *Marchand* addresses liability for sanctions under 37(c) when a matter a party denies is proven at trial.

Each of the other cases cited by Samsung involves a narrow set of non-hypothetical requests legitimately seeking factual answers—not requests seeking to determine the other party's position on a legal standard by forcing analyses, and certainly not over 100 such requests. (*See, e.g.*, Motion at 6, citing *Jacobs v. Scribner*, 2009 WL 3614567, at *10 (E.D. Cal. Oct. 28, 2009) (three requests for admission that defendant was state actor and thus acting under color of law on relevant date were permissible) and *Grimes v. United Parcel Servs.*, 2007 WL 2891411, at *2-3 (N.D. Cal. Sept. 28, 2007) (four requests for admission that health care professionals who treated plaintiff had duty to inform defendant of request for accommodation were permissible).) Samsung's reference to the testimony of Apple's expert witness Cooper Woodring is similarly

APPLE'S OPP. TO SAMSUNG'S MOT. TO COMPEL APPLE TO RESPOND TO SAMSUNG'S RFA 101-190
CASE NO. 11-CV-01846-LHK (PSG)
sf-3105381

4

misguided. Mr. Woodring did not testify on hypothetical comparisons or attempt to set out Apple's position on the meaning of "substantially the same," which is what Samsung seeks to determine through these requests. (Motion at 7-8.)

By contrast, courts hold requests for admission improper where the purpose of the request is to force the other party to take a position on a legal conclusion. This Court, in *Gem Acquisitionco, LLC v. Sorenson Group Holdings*, 2010 U.S. Dist. LEXIS 40175, at *8, held that requests for admission were improper where the requesting party was attempting to force the responding party to admit or deny a legal conclusion. The Court held that the requesting party was "essentially asking [the other party] to admit its interpretation" of a disputed contractual provision, namely that the other party acquired a portfolio in violation of the contract, and that "legal conclusions are not a proper subject of a request for admission." *Id; accord Pittway Corp. v. Fyrnetics, Inc.,* No. 91 C 2978, 1992 U.S. Dist. LEXIS 12172, at *35 (N.D. Ill. June 5, 1992) (improper to request admissions that certain art was "prior art" as combination of admissions would be used to show patent was invalid, which was legal conclusion); *see also Rutherford v. Credit Bureau of N. Am., LLC*, No.: 3:08-CV-19, 2011 U.S. Dist. LEXIS 76546, at *12-13 (E.D. Tenn. July 14, 2011) (request to admit party was "debt collector" as defined by law was improper request for conclusion of law).

//

//

APPLE'S OPP. TO SAMSUNG'S MOT. TO COMPEL APPLE TO RESPOND TO SAMSUNG'S RFA 101-190                5
CASE NO. 11-CV-01846-LHK (PSG)
sf-3105381

## CONCLUSION

Samsung's Requests for Admission Nos. 101-190 do not seek admissions on issues of fact in a good faith attempt to narrow issues for trial. Instead, Samsung poses hypothetical comparisons to try to force Apple to lock itself into a particular legal conclusion as to what "substantially the same" means. This purpose is improper and contravenes Rule 36. Samsung's motion should be denied.

Dated: February 14, 2012         MORRISON & FOERSTER LLP

By: */s/ Jason R. Bartlett*
     JASON R. BARTLETT

Attorneys for Plaintiff
APPLE INC.

APPLE'S OPP. TO SAMSUNG'S MOT. TO COMPEL APPLE TO RESPOND TO SAMSUNG'S RFA 101-190
CASE NO. 11-CV-01846-LHK (PSG)
sf-3105381

6