QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO COMPEL TIMELY PRODUCTION OF FOREIGN-LANGUAGE AND OTHER DOCUMENTS IN ADVANCE OF RELATED DEPOSITIONS**<br><br>Date:   March 6, 2012<br>Time:   10:00 a.m.<br>Place:  Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

02198.51855/4574811.11

Case No. 11-cv-01846-LHK
SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO COMPEL TIMELY
PRODUCTION OF FOREIGN-LANGUAGE AND OTHER DOCUMENTS

1

**<u>INTRODUCTION</u>**

2      Apple's belated motion for reconsideration should be denied because the Court's "three-

3 day rule" for document productions in advance of depositions is reasonable under the

4 circumstances of this expedited case, and Apple has presented no compelling reasons to depart

5 from it.   With just three weeks remaining until the close of fact discovery, Apple now realizes that

6 it is woefully unprepared for the wave of depositions it initiated.   Having noticed more than 90

7 depositions (and counting) in the space of a few months—nearly all of which pertain to Samsung's

8 Korean employees who would have Korean-language documents—Apple wants to rewrite not one

9 but two orders of the Court setting a three-day deadline for the production of documents relating

10 to those depositions.   Apple may not be heard to complain, however, for numerous reasons.

11      <u>First</u>, Apple's motion is in fact an artfully disguised motion for reconsideration, but Apple

12 has not met the stringent standard for such motions.   <u>Second</u>, Apple's motion is untimely.   Apple

13 has known since it filed this suit that Samsung is a Korean company with Korean language

14 documents, and could have sought this relief at the outset of the case, but it didn't.   Similarly,

15 Apple has known about the three-day rule since the Court imposed it nearly two months ago, yet

16 Apple inexplicably waited five weeks to file its motion.   Though Apple may now regret pushing

17 for such an aggressive discovery schedule, it nonetheless must abide by it now.   <u>Third</u>, Apple's

18 proposed schedule is unworkable because, among other things, it would almost certainly derail the

19 deposition schedule and push depositions beyond the discovery cutoff.   <u>Finally</u>, Apple deserves

20 no relief because Apple itself is not honoring the very schedule it is demanding—and worse,

21 Apple has violated the three day rule on multiple occasions.

22      Samsung has doubled and redoubled its discovery efforts, hired multiple document

23 vendors and foreign-language reviewers, and expanded its discovery team in order to meet the

24 case schedule and respond to the draconian "Death by Discovery" litigation offensive Apple has

25 launched in this case.   If Apple has noticed more depositions than it can handle, it should

26 withdraw them.   If Apple needs more Korean language reviewers to handle the onslaught of

27 documents it has demanded, it should hire them.   Having failed to demonstrate any basis for

28 reconsideration of the Court's three-day-rule, Apple's motion should be denied.

# BACKGROUND

## Apple Demands And Receives An Expedited Pretrial And Trial Schedule

On July 1, 2011, Apple filed a Motion for an Expedited Trial.   (Dkt. No. 83.)   Samsung opposed the motion, and explained that "[g]iven the number of patents and complexity of issues in this case, an expedited schedule would not provide time for either party to pursue adequate discovery."  (Dkt. No. 159, at 27.)   Nevertheless, based on Apple's representations, the Court granted Apple's request and set trial on an expedited schedule for July 30, 2012.   (Dkt. No. 187.) In obtaining its compressed schedule, Apple did not ask the Court to set any special document production rules to account for the fact that Samsung is a Korean company with many Korean-language documents.

## This Court Sets The "Three-Day" Rule

On December 22, 2011, the Court entered an order compelling each party to prioritize the production of responsive documents "no later than three (3) days" before the corresponding depositions.  (Dkt. No. 537, at 4.)   During the five weeks that followed, Apple noticed and took numerous Samsung depositions, but did not ask the Court for reconsideration of the three-day rule. On January 10, 2012—after Apple had noticed 43 Samsung depositions—Apple's counsel demanded for the first time that Samsung agree to produce each deponent's foreign-language documents no fewer than ten days before his or her deposition.   (Declaration of Rachel Herrick Kassabian In Support of Samsung's Opposition to Apple's Motion to Compel ("Kassabian Decl.") ¶ 9.)   In response, Samsung explained that a ten-day rule would be unworkable due to the substantial burdens in collecting, translating, reviewing and producing documents responsive to Apple's broad document requests, but offered to reach some sort of compromise concerning the timetable for deposition-related productions.   (Kassabian Decl. ¶ 10.)   Apple did not respond to this offer.    (*Id.*)   At the parties' January 16, 2012 lead counsel meet and confer, Samsung again

1   offered to discuss some other arrangement or compromise with Apple.   (Kassabian Decl. ¶ 11.)

2   Apple ignored this offer and refused to even discuss a compromise.[1]   (*Id.*)

3   **Apple Notices Nearly 100 Depositions And Nearly 250 30(b)(6) Deposition Topics – Despite**

4   **Having Just 250 Deposition Hours At Its Disposal Under the Scheduling Order**

5          Apple noticed 37 individual depositions in late 2011.   (Kassabian Decl. ¶ 4.)   Due to the

6   limited time available for such depositions, Samsung offered to commence the depositions in

7   December 2011, but Apple refused—thus delaying the first deposition until 2012.   (*Id.*)

8   Meanwhile, after the Court imposed the three-day rule on December 22, 2011, Apple served

9   another 58 notices of deposition of Samsung's employees—including many witnesses that have

10  little or no connection to the issues in this lawsuit—and almost all of whom are located in Korea.

11  (Kassabian Decl. ¶ 6.)   Apple also inappropriately noticed an inordinate number of "Apex"

12  depositions of Samsung's high-ranking executives.   (Kassabian Decl. ¶ 7.)

13         Apple has also served ten Rule 30(b)(6) deposition notices comprising nearly 250 broad

14  topics and sub-topics.   (Kassabian Decl. ¶ 8.)   Seven of those notices came right on the heels of

15  Apple's motion seeking a protective order against Samsung's deposition notice with 229 topics

16  (which Samsung had offered to narrow to 157 topics).   (Dkt. No. 598.)   In its motion, Apple

17  represented to the Court that Samsung's 229-topic 30(b)(6) Notice was "harassing and oppressive

18  on its face."   (*Id.* at 10.)   Then, after receiving a protective order from the Court quashing

19  Samsung's deposition notice, Apple served additional Rule 30(b)(6) deposition notices upon

20  Samsung, bringing its total number of deposition topics to nearly 250.   (Kassabian Decl. ¶ 9.)

21  **Apple Confirms Its Understanding That The Three-Day Rule Applies To All Deposition-**

22  **Related Document Productions**

23         On January 11, and 12, 2012, while depositions were ongoing, Apple filed motions to

24  compel Samsung's immediate production of dozens of categories of documents responsive to

25  hundreds of requests for production—but *did not move* to postpone any upcoming depositions or

26

27         [1]   During January's meet and confer correspondence and discussions, Apple did not even

28  mention that it intended to seek an order regarding production deadlines for English-language
    documents – let alone did Apple meet and confer on it.   (Kassabian Decl. ¶ 11.)

1   change the Court's three-day rule.   (*See* Dkt. Nos. 600, 613.)   At the motion hearing on January

2   19, 2012, Apple's counsel represented that it understood the Court's three-day order for

3   deposition-related productions.   (Dkt. No. 673, at 2.)

### Samsung's Compliance With The Three-Day Rule

5          As detailed in the accompanying supporting declarations, Samsung has completed

6   document productions at least three days in advance of all depositions except for six.

7   (Declaration of Alexander B. Binder In Support of Samsung's Opposition to Apple's Motion to

8   Compel ("Binder Decl.") ¶ 3.)   In those instances—Ahyoung Kim, Junho Park, Juho Lee, Gert-

9   Jan Van Lieshout, Jae Seung Yoon and Seong Hun Kim—Samsung narrowly missed the deadline

10  due to technical problems or late-discovered documents.   (Binder Decl. ¶ 4.)   Indeed, Samsung's

11  productions have exceeded the   three-day rule in many instances:

| Number of Samsung Depositions for Which the Corresponding Production Was Complete at least **Three Days** Prior to Deposition | Number of Samsung Depositions for Which the Corresponding Production Was Complete at least **Five Days** Prior to Deposition | Number of Samsung Depositions for Which the Corresponding Production Was Complete at least **Ten Days** Prior to Deposition |
|---|---|---|
| **44** | **39** | **20** |

17  (*See* Binder Decl. ¶ 3 for a detailed description of each deponent and his/her related document

18  production date(s).)

### Apple's Failure To Comply With The Three-Day Rule

20         Apple has repeatedly failed to produce documents pursuant to the three-day deadline the

21  Court imposed, or the five-day deadline it purports to follow.   For example, Apple produced

22  documents sourced to Brian Land and highly relevant to Mr. land's work on the '129 Patent *after*

23  the deposition concluded.   (Declaration of Joby Martin In Support of Samsung's Opposition to

24  Apple's Motion to Compel ("Martin Decl.") ¶ 3.)   Similarly, Apple failed to complete its

25  production of documents sourced to Richard Williamson until after Mr. Williamson's deposition

26  was over.   (Martin Decl. ¶ 5.)   Apple produced documents sourced to Steve Christensen less than

27  two days before Mr. Christensen's deposition; for Wayne Westerman, Apple produced documents

28  less than three days before the deposition.   (Martin Decl. ¶¶ 4. 6.)   Indeed, just today, Apple

1  produced more than 17,000 pages of documents sourced to Richard Dinh, who is scheduled to be

2  deposed by Samsung *tomorrow*, February 16.   (Martin Decl. ¶¶ 7.)

3         Even the productions that Apple claims were timely were in fact deficient in ways that

4  Apple failed to cure until weeks or months after the relevant deposition occurred.   For example,

5  in November 2011 Samsung learned that Apple improperly limited its deposition-related

6  document collections for its inventors using arbitrary date restrictions.   (Martin Decl. ¶ 9.)   Once

7  Apple agreed to remedy this flaw, it produced over 74,000 documents sourced to 28 Apple

8  custodians whose depositions had occurred weeks or even months before Apple completed its

9  production.   (Martin Decl. ¶ 10.)   For many of these custodians, Apple produced more

10  documents *after* the scheduled depositions than it produced *before* the deposition.   (Martin Decl.

11                                            **ARGUMENT**

12  **I.**     **APPLE'S MOTION IS AN IMPROPER MOTION FOR RECONSIDERATION**

13          **AND SHOULD BE DENIED FOR FAILING TO MEET THE APPLICABLE**

14          **STANDARD.**

15         What Apple really seeks here is a motion for reconsideration—a fact that Apple itself

16  concedes, albeit buried in very last sentence of its motion.   (*See* Motion at 8.)   Apple asks the

17  Court to reconsider its two previous rulings that production of documents three days prior to the

18  custodian's deposition is sufficient.   (Dkt. Nos. 537 at 4; 673 at 2.)   Apple seeks to change that

19  deadline without satisfying the governing standard for motions for reconsideration, or even

20  bothering to seek *leave* to file a motion for reconsideration.

21         In order to obtain leave for a motion for reconsideration, a party must show:   (1) "a

22  material difference in fact or law exists from that which was presented to the Court" and that "in

23  the exercise of reasonable diligence" the party seeking reconsideration did not know such fact or

24  law at the time of the order; (2) "the emergence of new material facts or a change of law occurring

25  after the time of the order"; or (3) "a manifest failure by the Court to consider material facts or

26  dispositive legal arguments."   N. D. Cal. Civ. L.R. 7-9 (b).

27         Apple does not argue that any of these factors are satisfied here—nor could it.   Since the

28  moment Apple decided to file suit against Samsung, Apple has been undoubtedly aware that

1    Samsung is a Korean company, with Korean employees, and that a large number of Samsung's

2    documents would be in Korean.   Nevertheless, it was *Apple* that demanded that all fact discovery

3    be compressed into a matter of months.   Apple further decided to cast a wide net for discovery—

4    propounding 600 document requests, serving 95 deposition notices for individuals mostly located

5    in Korea,[2] and propounding at least ten Rule 30(b)(6) notices with nearly 250 topics requiring the

6    testimony of Korean witnesses and the production of Korean-language documents.

7         No new material facts have emerged here.   Apple, in the exercise of any amount of

8    reasonable diligence, should have prepared its attorneys and lined up the appropriate resources to

9    accommodate this discovery.   The difficulties associated with translating documents should not

10   have come as a surprise to Apple.   In this case, Apple is represented by ***two multi-national law***

11   ***firms*** with ***over 2,000 attorneys***, and has untold resources.   Apple has presented no credible

12   reason why it didn't see this coming, nor why has chosen to leanly task only a handful of Korean-

13   speaking attorneys with document review.   (*See* Dkt. No. 683 ¶ 12.)   In the absence of any new

14   facts, circumstances or law that justifies Apple's poorly disguised motion for reconsideration, it

15   should be denied.

16   **II.    APPLE'S MOTION SHOULD BE DENIED AS UNTIMELY.**

17        Apple's motion is also impermissibly untimely.   Apple had the opportunity to ask the

18   parties or the Court for the ten-day rule at the time of the August 2011 scheduling conference, or

19   even at the time depositions commenced back in October 2011.   But Apple didn't do so.   To the

20   contrary, Apple pressed for a four-day rule to govern deposition-related productions for the

21   parties' inventors in September 2011, insisting that a mere four days was sufficient lead time to

22   permit adequate review – despite the fact that Samsung's inventors were largely Korean.

23   (Kassabian Decl. ¶ 3.)   Furthermore, since the Court's December 22, 2011 Order, Apple waited

24   

25   _____

      [2]   While Apple canceled some depositions recently (plainly conceding that it noticed far too

26   many to begin with), Apple waited until the last minute to cancel depositions that have been on the

      calendar for weeks.   Samsung hopes that Apple is not doing this for tactical reasons, but rather is

27   just a victim of its own poor planning.   In any event, this practice is unproductive and impedes

      Samsung's ability to schedule depositions and comply with its document production obligations in

28   a timely manner.   With just three weeks remaining in the discovery period, Apple needs to get a

      firm grasp of its case and finalize the list of depositions it thinks it actually needs to prove its case.

1  *fully five weeks*—with the close of fact discovery looming—to bring this motion.   Apple's delay

2  belies its claims of urgency.   In fact, for Apple to seek this rule now is plainly gamesmanship

3  since Apple waited to serve this motion until after it had served an additional 41 Samsung

4  deposition notices, the bulk of which (other than objectionable apex depositions) have been

5  scheduled.   Apple's motion threatens to derail the jam-packed deposition schedule during these

6  last three weeks of the discovery period, and should be denied as yet another example of Apple's

7  Death by Discovery game plan.

8  **III.     NO GOOD CAUSE EXISTS FOR APPLE'S PROPOSED TIMETABLE.**

9       Even setting aside Apple's failure to proffer a reasonable basis for seeking reconsideration

10  of the three-day rule, Apple presents no good cause for the imposition of its unilateral ten-day rule.

11       **A.     Samsung Has Met The Three-Day Rule, And Therefore No Further Court**

12            **Order Is Required.**

13       Apple unscrupulously misrepresents Samsung's productions relating to the depositions of

14  its witnesses.[3]   Contrary to Apple's claims, Samsung has met the Court's three-day rule for all but

15  six of the depositions of Samsung's employees to date, missing it for only due to technical glitches

16  or late-discovered documents.   (Binder Decl. ¶ 4.)   Indeed, Samsung has routinely exceeded the

17  three-day rule.   Samsung has met Apple's proposed ten-day rule with respect to at least 20

18  custodians, and has completed deposition-related productions as many as 49 days in advance of

19  the corresponding deposition.   (*Id.*)

20       In essence, Apple's entire motion rests on only two examples.[4]   First, with respect to

21  Ahyoung Kim, Apple omits the inconvenient fact that Samsung produced a substantial portion of

22  Ms. Kim's production -- many thousands of documents -- in October 2011, literally months before

23  her January 2012 deposition.   (Binder Decl. ¶ 3.)   Second, for Junho Park, Samsung produced his

24

25  [3]   Apple's motion omits any mention of Samsung's consistently timely productions relating to the depositions of its inventors.

26  [4]   Apple's motion also takes issue with the timing of Samsung's productions relating to Bo-ra Kim, Wookyun Kho, Nara Cho, Tim Sheppard, Justin Denison and Brian Rosenberg – but in all of those instances, *Samsung met the three-day rule*.   *See* Dkt. No. 683 at 5 (admitting that Samsung satisfied the three-day rule for all witnesses identified in its motion except for Ahyoung Kim and Junho Park.)

1   custodial documents just shy of the three-day period, due to technical issues.   (Kassabian Decl. ¶

2   12.)   Considering the number of witnesses Apple has noticed and the volume of documents that

3   must be reviewed for each, Samsung's productions have been more than adequate.

4         Nor can Apple demonstrate any prejudice flowing from the few instances where technical

5   or other issues prevented Samsung from producing every page of custodial documents by the three

6   day mark.   For example, Samsung offered to postpone the deposition of Junho Park due to

7   document production issues; Apple refused.   (Kassabian Decl. ¶ 12.)   Further, on the afternoon

8   of Mr. Kho's deposition, Apple requested another day with Mr. Kho, and he has agreed to make

9   himself available again on March 4, 2012.   (Kassabian Decl. ¶ 13.)   To the extent Apple did not

10   have ample time to review documents produced before Mr. Kho's first deposition, Apple will have

11   more than enough time – nearly two months, in fact -- to review Mr. Kho's documents before his

12   March 4 continued deposition.   Thus, Apple has failed to show any prejudice.

13         **B.      Apple Has Not Honored the Three-Day Rule, and Thus Cannot Be Heard To**

14               **Complain About The Timing Of Samsung's Productions.**

15         Apple is not in a position to complain about the timing of deposition-related productions.

16   Despite the fact that Apple faces no language barriers with it custodians, Apple has nonetheless

17   violated the three-day rule in just as many instances as Samsung.   (*See* Martin Decl. ¶ 10.)

18   Moreover, due to the improper limits Apple placed on the scope of its custodial productions,

19   Apple ended up producing its inventor documents ***several weeks, and even months, after*** the

20   depositions of those witnesses.[5]   Indeed, Apple produced over 74,000 pages of custodial

21   documents at least two weeks ***after*** those Apple depositions took place.   (Martin Decl. ¶ 11.)

22   Apple has not abided by the very rule it seeks to impose, and thus is not entitled to it.

23

24   _____

25         [5]   Late last year, the parties had agreed to produce documents no later than five days in
     advance of each witness's deposition.   (*See* Motion at 5.)   Samsung satisfied this agreement in
26   connection with the depositions of Samsung's inventors in all but a few instances where technical
     issues prevented it.   However, since then, Apple has served almost 100 individual deposition
27   notices and ten Rule 30(b)(6) notices with nearly 250 topics; thus, Samsung has had to invest
     significant resources toward satisfying the Court's three-day rule with respect to deposition-related
28   productions.

**C.      Apple's Ten-Day Rule Is Impossible And Unworkable.**

Finally, Apple's motion demonstrates that its ten-day rule is completely unworkable. Apple has noticed a staggering 95 depositions—many of which are scheduled to take place in the next three weeks.   Apple cites the immense burden and time required for its attorneys to review and prepare inherent in the translation and review of Korean-language documents.   (Dkt. No. 683 ¶¶ 9-13.)   This is a burden that Samsung's counsel shares, but faces in greater proportion.   After all, Samsung's counsel faces the substantially greater burden of reviewing *all* of the documents Samsung collects, not just the non-privileged, relevant and responsive documents it actually produces.   Still, Samsung has invested significant resources and attorney-review hours toward complying with the Court's three-day rule.   Apple must do the same.

In light of Apple's 95 deposition notices and upcoming depositions pursuant to Apple's ten sweeping Rule 30(b)(6) notices with nearly 250 topics, along with the limited time remaining in fact discovery, it would be impossible to make Apple's ten-day rule work without derailing the case schedule.   In addition to the time and effort required to address Apple's concurrent demands for the immediate production of categories of documents responsive to its overly broad document requests and repeated motions to compel on shortened briefing schedules, Samsung's counsel also is reviewing, processing and producing documents for multiple depositions a day, as well as working toward identifying, preparing and producing documents relating to deponents that Samsung must designate in response to Apple's ten separate and broad Rule 30(b)(6) notices. Intentionally or not, Apple's demand would jeopardize the very schedule Apple insisted upon, and thus is unworkable.    Apple must make the same commitments of time, effort and resources that Samsung is in order to prepare for the dozens of depositions Apple chose to notice during the short discovery period Apple itself requested.

**IV.      APPLE'S MOTION SHOULD BE DENIED FOR FAILURE TO MEET AND CONFER.**

As with Apple's prior motions to compel, Apple has resorted to motion practice under the false guise of urgency before it engaged in any meaningful meet and confer with Samsung regarding its demands.   Its motion should be denied for this additional basis.

On January 10, 2012, Apple's counsel, for the first time since the start of this litigation, raised the issue of Samsung's production of Korean-language documents.   Apple demanded that Samsung produce Korean-language documents ten days in advance of each deposition, but raised no issue with the timing of Samsung's production of English-language documents.   (Kassabian Decl. ¶ 10.)   In response, Samsung proposed that the parties discuss a compromise as to the timing of the Korean-language productions.   (Kassabian Decl. ¶ 11.)   Apple ignored Samsung's request.   Samsung reiterated its willingness to reach a compromise during the parties' lead counsel meet and confer conference on January 16, 2012, but Apple again refused to engage in any further meet and confer on the issue.   Worse, Apple never even mentioned the issue of English-language documents, either in correspondence or at the meet and confer.   (Kassabian Decl. ¶ 11.)

Apple then waited another two weeks, until the evening of Friday, January 27, to sandbag Samsung with yet another premature and supposedly urgent motion to compel—filed on shortened time, after giving Apple just fifty-five minutes to respond to a stipulated motion to shorten time. Apple's motion not only seeks a ten-day rule with respect to Korean documents, but also demands expedited production of every single document containing even just a few Korean words, along with the expedited production of English-language documents five days in advance of each deposition.   Not only has Apple refused to engage in any meaningful discussion of its proposed ten-day rule, but neither of Apple's additional issues were even ***mentioned*** by Apple in advance of Apple's motion.

Samsung remains willing to engage in meaningful discussions and to reach compromise with regard to most issues that come up during the discovery process.   Apple's refusal to meaningfully meet and confer flies in the face of this Court's repeated messages.   (*See* Dkt. No. 187; Jan. 19, 2012 Motion Hr'g Tr. 124:1-2 (noting the local rules require meet and confer); 166:4-8 (citing the fact that lead counsel "serve as an effective screen before motions are brought before the Court"); Dkt. No. 699 ("motion practice has supplanted the process of reasonable negotiation that the parties have been ordered to undertake through the lead counsel meet and confer process.")   Apple's motion should be denied simply because Apple has failed to engage in

1  appropriate meet and confer efforts with Samsung.   Apple should be ordered to engage in

2  meaningful meet and confer efforts or face sanctions for failing to do so.

3  **CONCLUSION**

4          For the foregoing reasons, Samsung respectfully requests that the Court deny Apple's

5  Motion to Compel in its entirety.   In the event that the Court determines that reconsideration of its

6  three day rule is appropriate, Samsung respectfully requests that a five-day rule be applied to both

7  parties' depositions, for English and foreign-language documents alike.

8
DATED: February 15, 2012                Respectfully submitted,

9
                                        QUINN EMANUEL URQUHART &
10                                      SULLIVAN, LLP

11                                          By:      /s/ Rachel Herrick Kassabian

12                                              Charles K. Verhoeven
                                               Kevin P.B. Johnson
13                                             Victoria F. Maroulis
                                               Michael T. Zeller
14                                             Rachel Herrick Kassabian
                                               Attorneys for SAMSUNG ELECTRONICS CO.,
15                                             LTD., SAMSUNG ELECTRONICS AMERICA,
                                               INC. and SAMSUNG
16                                             TELECOMMUNICATIONS AMERICA, LLC

17

18

19

20

21

22

23

24

25

26

27

28