QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF RACHEL HERRICK KASSABIAN IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO COMPEL**<br><br>Date:     March 6, 2012<br>Time:    10:00 a.m.<br>Place:    Courtroom 5, 4th Floor<br>Judge:   Hon. Paul S. Grewal |

I, Rachel Herrick Kassabian, declare as follows:

1. I am a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung"). I submit this declaration in support of Samsung's Opposition to Apple's Motion to Compel Time Production of Foreign-Language and Other Documents in Advance of Related Depositions ("Apple's Motion to Compel"). I have personal knowledge of the facts set forth in this declaration, except as otherwise noted, and, if called upon as a witness, I could and would testify thereto.

2. I am informed and believe that depositions have been occurring in this lawsuit since at least July 2011, and the depositions of Samsung's Korea-based witnesses have been occurring since at least November 2011.

3. During a meet and confer between the parties on September 23, 2011, it was counsel for Samsung who first raised the issue of a "five-day rule" for producing documents in advance of inventor productions. Apple initially refused to agree to anything more than a four-day rule, despite knowing that the majority of Samsung's inventors were Korean.

4. In late 2011, Apple noticed 37 individual depositions. Samsung offered to begin the depositions during the month of December 2011, but Apple refused.

5. As of the date of this declaration, I am informed and believe that Apple has served at least 90 deposition notices of Samsung's current and former employees, and has deposed an additional 25 inventors for Samsung's patents-in-suit.

6. Since the Court's December 22, 2011 Order setting the "three-day rule" for the production of documents relating to depositions, Apple has served 58 individual notices of deposition. Thirty-eight of those notices—nearly all targeting Samsung witnesses in Korea—were served before Apple filed its Motion to Compel.

7. Apple has served deposition notices for many senior executives at Samsung, including Dale Sohn, the President and CEO of Samsung Telecommunications America; Gee Sung Choi, the Chairman and CEO of Samsung Electronics Co.; and Jong Kyu Shin, the President of the Mobile Communications division of Samsung Electronics Co.

8. To date, Apple also has served ten Rule 30(b)(6) deposition notices. Seven of these notices were served after Apple filed its motion for a protective order against Samsung's Rule 30(b)(6) deposition notice (which contained 229 topics). In total, Apple's Rule 30(b)(6) notices list nearly 250 deposition topics.

### Apple's Failure to Meet and Confer

9. On January 10, 2012, Apple sent a letter to Samsung demanding, for the first time, that Samsung agree to produce each deponent's Korean-language documents ten days in advance of each related deposition. Apple demanded Samsung's commitment to this new "ten-day rule" by 9:00 a.m. the next day. This letter did not address English-language documents. Apple had served 43 deposition notices prior to sending this letter.

10. On January 13, 2012, I sent a letter to counsel for Apple explaining that a ten-day rule would be unworkable due to the substantial burdens in collecting, translating, reviewing and producing documents responsive to Apple's broad document requests. In this letter I communicated Samsung's willingness to reach some sort of compromise concerning the timetable for deposition-related productions. Apple did not respond to this offer.

11. On January 16, 2012, Samsung and Apple held a meet and confer session between lead counsel, during which Apple stated that it would file a motion requesting reconsideration of the Court's December 22, 2011 Order unless Samsung agreed to Apple's ten-day rule. Samsung again responded that while a ten-day rule was unworkable, it was willing to discuss other arrangements. Apple refused to discuss any compromises. Apple never raised the issue of English-language document production during the Lead Counsel Meet and Confer. To the best of my knowledge, the first time Samsung learned of this request was when Apple disclosed it in its filed motion to compel.

### Samsung Offers Apple Additional Time For Witnesses Where Documents Were Produced After the Three-Day Deadline

12. Due to technical difficulties at its vendor, Samsung was not able to meet the three-day deadline for Samsung employee Junho Park. Apple received the documents two days

1  in advance of the Park deposition.  Samsung offered to reschedule Mr. Park's deposition to
2  avoid a dispute, but Apple elected not to do so.
3        13.    In response to Apple's demand, Samsung engineer Wookyun Kho has agreed to
4  sit for a second day of deposition on March 4, 2012, which will be nearly two months after his
5  custodial documents were produced.
6        I declare under penalty of perjury under the laws of the United States of America that the
7  foregoing is true and correct.
8        Executed on February 15, 2012, at San Francisco, California.

                                           _____
                                           Rachel Herrick Kassabian