UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**[PROPOSED] ORDER GRANTING APPLE INC.'S MOTION TO COMPEL DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES** |

Pursuant to Federal Rule of Civil Procedure 37 and 30, and this Court's inherent authority, Apple Inc. ("Apple") has moved for an order compelling the depositions of Samsung Electronics Co., Ltd.'s, Samsung Electronics America, Inc.'s, and Samsung Telecommunications America's, LLC (collectively, "Samsung's") witnesses listed below. Having considered the arguments of the parties and the papers submitted, and GOOD CAUSE HAVING BEEN SHOWN, the Court hereby GRANTS Apple's Motion to Compel Depositions of 14 of Samsung's Purported "Apex" Witnesses.

Samsung originally objected to the depositions of 23 Samsung employees, contending that these individuals were "apex" witnesses whose depositions would be improper. Apple subsequently withdrew notices for six of those witnesses and Samsung withdrew its objections to another three, leaving fourteen at issue. These witnesses were primarily vice presidents in charge of various Samsung divisions, in addition to a few higher-level executives. The Court finds that these witnesses have unique, firsthand, non-repetitive knowledge of facts and events relevant to Apple's case. Apple has produced for deposition numerous high-level employees at comparable levels of the 14 witnesses at issue.

For the reasons detailed in Apple's motion and supporting declarations and exhibits, the "apex" deposition rule does not apply to these witnesses. There is substantial evidence that these witnesses were actively involved in detailed, hands-on decision-making at Samsung concerning key issues in this case. The same evidence also shows that these witnesses posses knowledge or viewpoints unique, or at least better than, the witnesses previously deposed. Moreover, Apple has exhausted other, less intrusive means of discovery. Samsung has not shown any legitimate basis to prevent Apple from taking these depositions.

Although Apple gave timely notice of these depositions and sought to take them well in advance of the discovery cut-off during times when its attorneys would be in Korea taking other depositions, Samsung's refusal to produce these witnesses cost Apple the chance to take these depositions during those times. The Court finds that Apple would be prejudiced if it now had to send teams of attorneys to Korea for perhaps multiple depositions per day, in a compressed timetable due to the upcoming discovery cut-off on March 8.

PROPOSED ORDER RE: COMPELLING THE DEPOSITIONS OF 14 SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV01846-LHK
sf-3107621

1

Accordingly, the Court ORDERS Samsung to provide dates, earlier than the close of fact discovery on March 8, 2012, for the depositions of the following 14 Samsung witnesses to take place in the Bay Area:

1. Seungho Ahn
2. Dong Hoon Chang
3. Joseph (Joon Kyo) Cheong
4. Jaewan Chi
5. Seunghwan Cho
6. Gee Sung Choi
7. Minhyung Chung
8. Won-Pyo Hong
9. Heonbae Kim
10. Dong Jin Koh
11. Ken Korea
12. Seung Gun Park
13. Jong-Kyun Shin
14. Dale Sohn

**IT IS SO ORDERED.**

Dated:  February _____, 2012

_____
Honorable Paul S. Grewal
United States Magistrate Judge

PROPOSED ORDER RE: COMPELLING THE DEPOSITIONS OF 14 SAMSUNG'S PURPORTED "APEX" WITNESSES
CASE NO. 11-CV01846-LHK
sf-3107621

2