HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company.,<br><br>Defendants. | Case No.      11-cv-01846-LHK (PSG)<br><br>**APPLE'S MOTION TO SHORTEN TIME FOR BRIEFING AND HEARING ON APPLE'S MOTION TO COMPEL DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES**<br><br>Date:     February 28, 2012<br>Time:    10:00 a.m.<br>Place:   Courtroom 5, 4th Floor<br>Judge:  Hon. Paul S. Grewal |

1

## NOTICE OF MOTION AND MOTION

2   TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

3          PLEASE TAKE NOTICE that Apple Inc. ("Apple") hereby moves the Court, pursuant to

4   Civil Local Rules 6-1(b) and 6-3, to shorten time for briefing and hearing on its accompanying

5   Motion to Compel Depositions of 14 of Samsung's Purported "Apex" Witnesses ("Motion to

6   Compel").  Specifically, Apple requests that:

7          1)      Samsung's opposition to the Motion to Compel be filed no later than February 20,

8   2012; and

9          2)      The hearing take place on or about February 28, 2012 at 10:00 a.m.

10          This motion is based on this notice of motion and supporting memorandum of points and

11   authorities; the Declaration of Mia Mazza in Support of Apple's Motion to Shorten Time for

12   Hearing and Briefing on Apple's Motion to Compel Depositions of 14 of Samsung's Purported

13   "Apex" Witnesses, the Declaration of Mia Mazza in Support of Apple's Motion to Compel

14   Depositions of 14 of Samsung's Purported "Apex" Witnesses, the exhibits filed therewith, and

15   such other written or oral argument as may be presented at or before the time this motion is taken

16   under submission by the Court.

17

18   Dated: February 16, 2012              MORRISON & FOERSTER LLP

19

20                                 By:    _/s/ Michael A. Jacobs_____
                                         MICHAEL A. JACOBS

21                                         Attorneys for Plaintiff
                                           APPLE INC.
22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2        In early February 2012, Samsung objected to 23 deposition notices that Apple had timely

3   served in December and January, claiming that each witness has "no relationship to the accused

4   products or the patents-in-suit other than their place atop Samsung's organization hierarchy."

5   Apple responded on February 9 with a detailed, 13-page letter that showed each witness's direct

6   involvement in key issues that go to the heart of Apple's claims in this case.  Apple's February 9

7   letter cited recently-produced Samsung documents demonstrating that these witnesses have

8   relevant and likely inculpatory information about the development and design of Samsung's

9   products, including information related to Apple's claims that Samsung deliberately copied

10  Apple's products.  Despite Apple's detailed showing in its February 9 letter, Apple's agreement

11  to defer scheduling the depositions of six of the witnesses, and the parties' discussion of the issue

12  during three separate lead trial counsel meetings, Samsung still refuses to produce for deposition

13  14 of the purported "apex" witnesses.

14       Apple has done everything in its power to resolve this issue within the confines of the fact

15  discovery cutoff without court intervention.  As detailed below, however, Apple now has no

16  choice but file a motion to compel and to seek to have it heard on shortened time.

17       **Apple timely served deposition notices for dates well within the discovery period**.

18  Apple timely served notices of deposition for the 14 witnesses at issue between December 6,

19  2011 and January 28, 2012, for deposition dates between early January and mid-February.

20  (Mazza Decl. ¶ 2.)  The depositions were thus noticed and could have taken place well before the

21  March 8 discovery cut-off.  (*See id.*)

22       **Samsung did not assert the vast majority of its apex objections until February.**  After

23  serving the notices, Apple repeatedly attempted to obtain a commitment from Samsung as to a

24  date when each of the 14 witnesses would be made available to sit for the noticed depositions.  (*Id.*

25  at ¶ 2.)  In January 13, 2012, Samsung asserted that one of Apple's proposed deponents was an

26  "apex" employee who should not be deposed.  (*Id.* at ¶ 3.)  On February 3, Samsung sent a letter

27  asking Apple to justify why it needed to depose 23 purportedly "high-ranking Samsung

28  executives," including the one witness that was the subject of the January 13 letter.  (*Id.* at ¶ 4.)

**Apple raised Samsung's objections at the February 6 lead trial counsel meet and confer**.  The parties held a lead trial counsel meet and confer on February 6, 2012.  At the meeting, Apple raised this issue, but the parties did not resolve the dispute at that time.  Samsung did not agree to withdraw its objections as to any of the 23 witnesses.  Instead, it asked for more information as to why Apple should be able to depose the witnesses.  (Mazza Decl. ¶ 5.)

**Apple sent its detailed letter on February 9.**  On February 9, 2012, Apple sent Samsung a 13-page letter making a detailed showing that each of these witnesses was personally and intimately involved in issues that go to the heart of the dispute between the parties in this case.  The letter cited documents that Samsung had recently produced tying each witness to a critical issue in the case.  (*Id.* at ¶¶ 6 & 11.)

**Apple raised Samsung's objections again at two subsequent lead trial counsel meet and confer sessions**.  The parties held additional lead trial counsel meet and confer sessions on February 14 and 15, 2012.  During these sessions, Samsung withdrew its "apex" objections as to three witnesses.  Samsung still refused to produce 14 of the witnesses for deposition.  (*Id.* at ¶¶ 9-10.)

**Apple gave Samsung notice of its intent to move on shortened time.**  In its February 9th letter, Apple provided notice to Samsung that it intended to file, on February 16, a motion to compel the deposition of Samsung's witnesses.  (*Id.* at ¶ 13.)  The letter proposed an expedited briefing and hearing schedule for Apple's motion that would provide for the hearing of the motion on Tuesday, February 21, 2012.  (*Id.*)  At the end of the meet and confer on February 14, Samsung's counsel asked for 24 hours' notice if Apple was going to move for shortened time on a motion to compel.  (*Id.*)  On the morning of February 15, Apple again notified Samsung in writing of Apple's intent to file a motion to compel on shortened time regarding the "apex" depositions.  Apple once again laid out the shortened briefing and hearing schedule for that motion.  (*Id.*)  Nevertheless, as detailed in the declaration of Mia Mazza, Samsung has neither agreed to a schedule proposed by Apple nor suggested an alternate schedule.  (*Id.*)

1    Despite its efforts to resolve Samsung's objections, Apple has no choice but to move to

2    compel.  Apple's motion, filed herewith, demonstrates that Samsung has no legitimate grounds to

3    prevent the discovery that Apple seeks.  The 14 witnesses at issue are each personally and

4    intimately involved in issues that go to the heart of the dispute between the parties in this case.

5    (Mazza Decl. ¶ 11.)  The witnesses include individuals who made key decisions regarding the

6    design and development of Samsung's products that are central to the issues in this case.  (*Id.*)

7    Their connection to the issues in this case is well demonstrated in Samsung's own documents and

8    deposition testimony, which are cited in Apple's Motion to Compel.  (*Id.*)  Apple filed the Motion

9    to Compel at the earliest possible date, after meeting and conferring with Samsung beginning

10   with the February 6 lead counsel meet and confer, and then filing the motion soon after the

11   February 14-15 lead counsel meet and confer session concluded.

12   Apple also has no choice but to ask that the Court resolve this motion on shortened time.

13   Apple is mindful that granting this request will burden the Court's resources, but believes that

14   shortened time is necessary in order for the depositions to take place before the March 8

15   discovery cut-off.  In light of that impending date, Apple's ability to depose these witnesses

16   would be effectively barred without an expedited briefing and hearing schedule.  The earliest

17   possible hearing date under an ordinary 35-day briefing and hearing schedule would be March 27,

18   2012—nearly three weeks after the discovery cut-off.  Apple thus urgently needs this Court's

19   assistance in resolving this dispute before the window of discovery closes.

20   Apple has proposed a briefing and hearing schedule on shortened time that would allow

21   Apple's Motion to Compel to be heard on or before February 28, 2012.  To provide the Court

22   with as much time as possible to consider the parties' briefing, Apple has proposed that the

23   parties complete their briefing a little more than a week before the proposed hearing time.

24   ## CONCLUSION

25   For the foregoing reasons, Apple respectfully requests that the Court grant Apple's

26   Motion to Shorten Time for Briefing and Hearing on Apple's Motion to Compel.  In the event the

27   proposed February 28 hearing date is not convenient for the Court, Apple respectfully requests

28

1    that the Court calendar the hearing of Apple's motion for the next date thereafter as the matter

2    may be heard.

3

4    Dated: February 16, 2012                    MORRISON & FOERSTER LLP

5

6                                                By:    */s/ Michael A. Jacobs*
                                                        MICHAEL A. JACOBS

7
                                                 Attorneys for Plaintiff
8                                                APPLE INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28