1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
      Charles K. Verhoeven (Bar No. 170151)
2      charlesverhoeven@quinnemanuel.com
    50 California Street, 22nd Floor
3   San Francisco, California 94111
    Telephone: (415) 875-6600
4   Facsimile: (415) 875-6700

5     Kevin P.B. Johnson (Bar No. 177129)
       kevinjohnson@quinnemanuel.com
6      Victoria F. Maroulis (Bar No. 202603)
       victoriamaroulis@quinnemanuel.com
7   555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, California 94065-2139
8   Telephone:    (650) 801-5000
    Facsimile:     (650) 801-5100
9

10    Michael T. Zeller (Bar No. 196417)
       michaelzeller@quinnemanuel.com
11  865 S. Figueroa St., 10th Floor
    Los Angeles, California 90017
12  Telephone: (213) 443-3000
    Facsimile: (213) 443-3100
13

14  Attorneys for SAMSUNG ELECTRONICS CO.,
    LTD., SAMSUNG ELECTRONICS AMERICA,
15  INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC
16

17                  UNITED STATES DISTRICT COURT

18          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19

20  APPLE INC., a California corporation,          CASE NO. 11-cv-01846-LHK

21                  Plaintiff,                     **SAMSUNG'S OPPOSITION TO APPLE'S
                                                   MOTION TO SHORTEN TIME FOR
22           vs.                                   BRIEFING AND HEARING ON APPLE'S
                                                   MOTION TO COMPEL DEPOSITIONS
23  SAMSUNG ELECTRONICS CO., LTD., a               OF 14 OF SAMSUNG'S "APEX"
    Korean business entity; SAMSUNG                EXECUTIVES**
24  ELECTRONICS AMERICA, INC., a New
    York corporation; SAMSUNG
25  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,
26
27                  Defendant.

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      Apple has moved to shorten time on its Motion to Compel Depositions of 14 of Samsung's

3   "Apex" Executives. (Dkt. 738).  Apple's motion willfully ignores the Court's prior

4   admonishments regarding shortened time and presents no good cause for forcing Samsung to brief

5   these important issues over the space of a holiday weekend.  Apple's motion should be denied.

6   **I.      APPLE'S MOTION TO SHORTEN FLOUTS THE COURT'S ADMONISHMENTS**

7   **AGAINST LEAP-FROGGING OTHER LITIGANTS FOR ITS OWN**

8   **CONVENIENCE.**

9      This Court has repeatedly made clear that the parties may not abuse the procedures for

10   shortening time on urgent matters by seeking shortened time on every single discovery motion

11   they file – as Apple has done since the inception of this case.  At a January 19, 2012 discovery

12   hearing, the Court took the parties to task for burdening the Court with nine discovery motions on

13   shortened time.  And most recently, on January 31, 2012, the Court _**vacated**_ a prior order in which

14   it had granted shortened time for one of Apple's discovery motions (Dkt. 699):

15   
> In light of the pending motion, on the heels of so many others, the court is thus
> forced to consider whether the mechanism of shortened time has come under abuse

16   
> in this case. That is, by continuously and successfully requesting to jump to the
> head of the court's line, do Apple and Samsung unfairly obtain an expediency in

17   
> decisions-rendered that other litigants patiently standing in the queue do not or only
> rarely receive?

18   
19   
> The answer revealed by the docket in this case is, unfortunately, yes. Although it
> may not be the province or responsibility of Apple or Samsung – or any individual

20   
> party for that matter – to consider the externalities that its tactics impose on those
> sharing the judicial resources of this court, perhaps it should be.  In any event, the
> court cannot overlook its duty to balance the legitimate needs of the parties in this

21   
> case against the impact on other litigants who seek to be heard on a reasonable
> schedule.

22   
23   (Dkt. 699 at 2).  Apple apparently has chosen to ignore the Court's clear instructions, in flagrant

24   disrespect of the Court's time and the needs of other litigants facing issues far more significant

25   than a deposition-related discovery dispute.  Apple's motion should be denied on this basis alone.[1]

26   _____

27      [1]  Apple's motion to shorten also violates Civil Local Rule 6-3.  The Rule requires that a
28   motion to shorten "disclose[] all previous time modifications in the case, whether by stipulation or
      (footnote continued)

Case No. 11-cv-01846-LHK

SAMSUNG'S OPPOSITION TO MOTION TO SHORTEN TIME ON APPLE'S MOTION TO COMPEL
DEPOSITIONS OF 14 OF SAMSUNG'S APEX EXECUTIVES

II.     **APPLE HAS NOT SHOWN GOOD CAUSE FOR SHORTENING TIME.**

      A.     **Apple Could Have Avoided Any Such Urgency Through Its Own Diligence.**

Samsung first raised its apex objections in early January 2012.  (Declaration of Rachel Herrick Kassabian In Support of Opposition to Apple's Motion to Shorten Time, at ¶ 2).  During the lead counsel meet and confer on January 5, 2012, Samsung's counsel explained that it would be objecting to those deposition notices; then again on January 13, 2012, Samsung specifically identified its apex objections in relation to at least one of Samsung's executives.  (*Id.*)  Apple has known of this apex issue since at least then.  It could have prioritized this issue during the parties' meet and confer discussions, and filed this motion earlier, but chose not to.  Apple may not burden the Court with an expedited motion that it could have avoided through its own diligence.

      B.     **The Apex Issue Is Not Appropriate For Briefing On Just Four Days' Notice.**

The "Apex" issue is not a simple or trivial one.  It concerns the ability of the top executives to focus on running their companies without being forced to sit for deposition in every case filed against those companies.  Apex depositions are often abused, as has happened here. *Approximately 1 in 5 of Apple's deposition notices inappropriately target senior level apex executives*, despite the fact that there are literally dozens of more relevant, lower level witnesses Apple could have noticed in their stead.  The present motion concerns 14 apex executives, including the most senior executives at Samsung, STA CEO Dale Sohn and SEC Vice-Chairman and CEO G.S. Choi.  Such matters deserve more thorough consideration than Apple's four-day time period to respond will permit.  Indeed, Apple's proposed briefing schedule plainly seeks to prejudice Samsung for Apple's own tactical advantage in forcing Samsung to oppose Apple's motion by February 20 (over a holiday weekend), even though its proposed hearing date is fully

---

Court order."  The "Mazza Declaration in Support of Motion to Shorten TIme" [sic] filed in support of Apple's motion to shorten contains no such disclosure. (Dkt. 738-1).  On this basis alone, Apple's motion must be denied. *McCreary v. Celera Corp.*, 11-1618 SC, 2011 WL 1399263 (N.D. Cal. Apr. 13, 2011) ("Plaintiff's Motion does not comply with the Civil Local Rules governing motions to enlarge or shorten time. … Here, Plaintiff has not included a declaration in support of his Motion and has satisfied none of these requirements. Accordingly, the Court DENIES Plaintiff's Motion to Shorten Time.").

1   eight days later, on February 28.   Such a draconian briefing schedule is plainly unnecessary.

2         Nor will Apple suffer prejudice if its motion is heard on regular time.   As a preliminary

3   matter, even assuming a February 28 hearing date, and even assuming Apple were to prevail on its

4   motion (which it shouldn't) in a same-day ruling from the bench, it is highly unlikely that the apex

5   depositions could be arranged, scheduled and completed in the six business days between

6   February 28 and the close of discovery on March 8.  Moreover, by Apple's logic, any discovery

7   motions filed on regular time at this juncture would ultimately result in toothless orders – which

8   certainly is not the case.  Surely, it is not the Court's intent that its orders cease to be enforceable

9   after March 8, and that the parties must madly rush to file all their motions on shortened time in

10  the next few weeks to avoid this fate.  Indeed, the Local Rules permit motions to compel to be

11  filed as late as seven days after the close of discovery.  *See* N.D. Cal. L.R. 37.3.

12        **C.      The Apex Issues Should Be Heard Together, Rather Than Piecemeal, To**

13               **Minimize The Burdens On The Court.**

14        Samsung intends to file a motion for protective order regarding these fourteen apex

15  executives, and does not intend to seek shortened time, given the Court's clear directives.  Apple's

16  motion should be heard simultaneously with Samsung's motion.[2]

17        Moreover, while Apple's motion suggests that Apple has consented to the depositions of

18  all of its apex witnesses, that is not the case.  Apple omits that Samsung has noticed the

19  depositions of Apple CEO Tim Cook, and Apple Senior Vice Presidents Bruce Sewell and Jeff

20  Williams.  (Kassabian Decl., ¶ 3).  Though Samsung tried to raise these issues during the February

21  14 lead counsel meet and confer session, Apple has not yet responded to these notices.  (*Id*. ¶ 4).

22  Given that Apple omitted reference to these executives in its supporting declaration describing the

23  apex witnesses to whom it has consented, (see Mazza Decl. ISO Motion for Shortened Time, ¶¶

24  12-13), Samsung expects that an apex objection from Apple is forthcoming.  If so, Apple should

25  ─────────────────────

26        [2]   Of course, if the Court does elect to hear this matter on shortened time, Samsung
27  respectfully requests that the Court shorten time on Samsung's Motion for Protective Order as
    well.

28

1  meet and confer on these issues immediately, so that if motion practice becomes necessary, it can

2  get its motion on file without delay and the Court can resolve all of the apex issues at once rather

3  than burdening the Court with seriatim motions on the same subject.

4  **III.    APPLE SHOULD NOT BE REWARDED FOR ITS CONTINUED DISREGARD OF**

5  **THIS COURT'S DIRECTIVE TO MEET AND CONFER IN GOOD FAITH.**

6  Apple's motion to shorten time should be denied for the additional reason that Apple has

7  failed to meet and confer in good faith to resolve this issue.  Among other things, at the parties'

8  lead counsel meet and confer session on February 14, Samsung's counsel attempted to engage

9  Apple's counsel in a merits discussion of the apex issue, but Apple refused to respond.  More

10  specifically, Samsung pointed out that the evidence Apple had offered to date did not reflect

11  unique knowledge, and asked for a response.  (Kassabian Decl., ¶ 4).  Apple refused, stating only

12  that its position was laid out in its February 9 letter.  (*Id*.).  Samsung also pointed out that Apple

13  had recently cancelled the depositions of several lower-level employees who reported (directly or

14  indirectly) to these apex executives, and asked why Apple had done so and why that didn't defeat

15  Apple's demand for these apex depositions.  (*Id*.).  Apple responded only that it has done so for

16  "strategic" reasons, and would not discuss the matter further, demanding instead that the parties

17  move on to the next issue.  (*Id*.).  Samsung also offered to drop its apex objections to three

18  executives, and asked Apple if it would drop other of its apex notices in return. (*Id*.).  Apple again

19  refused.  (*Id*.).

20  Given the thin evidence Apple has proffered for many of these apex depositions, Apple's

21  refusal to meaningfully discuss these issues suggests again that Apple is using these lead counsel

22  meet and confer sessions to merely "check the box" so that it can proceed with motion practice.

23  Such tactics should not be rewarded.  The Court should order Apple to set its motion on regular

24  noticed time, and use the intervening briefing period to engage in further meaningful discussions

25  with Samsung that might obviate the need for the Court to even hear the motion.  Apple must

26  accept that it may not get everything it wants here; some compromise will be necessary.

27  **CONCLUSION**

28  For the foregoing reasons, Samsung respectfully requests that the Court deny Apple's

1    Motion to Shorten Time for Briefing and Hearing on Apple's Motion to Compel Certain

2    Depositions of Samsung Apex Executives.

3

4    DATED: February 16, 2012          Respectfully submitted,

5                                      QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP
6

7

8                                      By /s/ Rachel Herrick Kassabian
                                          Charles K. Verhoeven
9                                         Kevin P.B. Johnson
                                          Victoria F. Maroulis
10                                        Michael T. Zeller
                                          Rachel Herrick Kassabian
11                                        Attorneys for SAMSUNG ELECTRONICS CO.,
                                          LTD., SAMSUNG ELECTRONICS AMERICA,
12                                        INC. and SAMSUNG
                                          TELECOMMUNICATIONS AMERICA, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S OPPOSITION TO MOTION TO SHORTEN TIME ON APPLE'S MOTION TO COMPEL
DEPOSITIONS OF 14 OF SAMSUNG'S APEX EXECUTIVES