QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF RACHEL HERRICK KASSABIAN IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO SHORTEN TIME FOR BRIEFING AND HEARING ON APPLE'S MOTION TO COMPEL DEPOSITIONS OF 14 OF SAMSUNG'S "APEX" EXECUTIVES** |

I, Rachel Herrick Kassabian, declare:

1. I am a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") in this action. I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2. Samsung first raised its apex objections in early January 2012, in response to the apex notices Apple had served as of that time. During the lead counsel meet and confer on January 5, 2012, Samsung's counsel explained that it would be objecting to those deposition notices; then again on January 13, 2012, Samsung more specifically identified its apex objections in relation to at least one of Samsung's executives that had been noticed as of that date. Apple served several additional apex deposition notices thereafter.

3. Samsung has noticed the depositions of Apple CEO Tim Cook, and Apple Senior Vice Presidents Bruce Sewell and Jeff Williams. Though Samsung tried to raise these deposition notices during the February 14 lead counsel meet and confer session, Apple indicated only that it is considering them, and has not yet formally responded to these notices.

4. At the parties' lead counsel meet and confer session on February 14, Samsung's counsel attempted to engage Apple's counsel in a merits discussion of the apex issue. More specifically, Samsung pointed out that the evidence Apple had offered to date did not reflect that any of the 14 apex executives at issue possessed unique knowledge , and asked for a response. Apple refused, stating only that its position was laid out in its February 9 letter. Samsung also pointed out that Apple had recently cancelled the depositions of several lower-level employees who reported (directly or indirectly) to these apex executives, and asked why Apple had done so and why that didn't defeat Apple's demand for these apex depositions. Apple responded only that it had done so for "strategic" reasons, and would not discuss the matter further, demanding instead that the parties move on to the next issue. During this same meeting Samsung also offered to drop

1 its apex objections to three executives, and asked Apple if it would drop other of its apex notices
2 in return.  Apple again refused.
3   I declare under penalty of perjury that the foregoing is true and correct. Executed in San
4 Francsico, California on February 16, 2012.

_____

Rachel Herrick Kassabian