1   HAROLD J. MCELHINNY (CA SBN 66781)          WILLIAM F. LEE
    hmcelhinny@mofo.com                          william.lee@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)            WILMER CUTLER PICKERING
    mjacobs@mofo.com                             HALE AND DORR LLP
3   JENNIFER LEE TAYLOR (CA SBN 161368)          60 State Street
    jtaylor@mofo.com                             Boston, MA 02109
4   ALISON M. TUCHER (CA SBN 171363)             Telephone: (617) 526-6000
    atucher@mofo.com                             Facsimile: (617) 526-5000
5   RICHARD S.J. HUNG (CA SBN 197425)
    rhung@mofo.com
6   JASON R. BARTLETT (CA SBN 214530)            MARK D. SELWYN (SBN 244180)
    jasonbartlett@mofo.com                       mark.selwyn@wilmerhale.com
7   MORRISON & FOERSTER LLP                      WILMER CUTLER PICKERING
    425 Market Street                            HALE AND DORR LLP
8   San Francisco, California  94105-2482        950 Page Mill Road
    Telephone:  (415) 268-7000                   Palo Alto, California 94304
9   Facsimile:  (415) 268-7522                   Telephone: (650) 858-6000
                                                 Facsimile: (650) 858-6100
10

11  Attorneys for Plaintiff and
    Counterclaim-Defendant APPLE INC.
12

13

14                       UNITED STATES DISTRICT COURT

15                      NORTHERN DISTRICT OF CALIFORNIA

16                             SAN JOSE DIVISION

17  APPLE INC., a California corporation,        Case No. 11-cv-01846-LHK (PSG)

18                 Plaintiff,                    **APPLE INC.'S MOTION FOR
                                                 ATTORNEYS' FEES AND COSTS IN
19          v.                                   CONNECTION WITH MOTION TO
                                                 COMPEL DEPOSITIONS OF 14 OF
20  SAMSUNG ELECTRONICS CO., LTD., a             SAMSUNG'S PURPORTED "APEX"
    Korean corporation; SAMSUNG ELECTRONICS      WITNESSES**
21  AMERICA, INC., a New York corporation; and
    SAMSUNG TELECOMMUNICATIONS
22  AMERICA, LLC, a Delaware limited liability
    company,                                     Date:      March 27, 2012
23                                               Time:      10:00 a.m.
                   Defendants.                   Place:     Courtroom 5, 4th Floor
24                                               Judge:     Hon. Paul S. Grewal

25

26

27

28

1

**NOTICE OF MOTION AND MOTION**

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE that on March 27, 2012, at 10:00 a.m., or as soon as the matter

4

may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for

5

the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street,

6

San Jose, CA 95113, Apple Inc. ("Apple") shall and hereby does move the Court for an order

7

pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) for an award of attorneys' fees and costs

8

incurred by Apple in connection with Apple's Motion to Compel Depositions of 14 of Samsung's

9

Purported "Apex" Witnesses, including attorneys' fees and costs incurred in connection with this

10

motion for fees and costs.

11

This motion is based on this notice of motion and supporting memorandum of points and

12

authorities; Apple's Motion to Compel Depositions of 14 of Samsung's Purported "Apex"

13

Witnesses ("Motion to Compel") filed concurrently herewith; the Declaration of Mia Mazza in

14

Support of Apple's Motion To Compel Depositions of 14 of Samsung's Purported "Apex"

15

Witnesses ("Mazza Decl.") and all exhibits thereto; and such other written or oral argument as

16

may be presented at or before the time this motion is taken under submission by the Court.

17

**RELIEF REQUESTED**

18

Pursuant to Federal Rule of Civil Procedure 37, Civil Local Rule 37-4, and the Court's

19

inherent authority, Apple seeks an order requiring Samsung and its attorneys to pay Apple the

20

attorneys' fees and expenses Apple has incurred (and will incur) (1) in connection with Apple's

21

Motion to Compel Depositions of 14 of Samsung's Purported "Apex" Witnesses, and (2) in

22

connection with this motion for fees and costs, if the Court grants Apple's Motion to Compel

23

Depositions of 14 of Samsung's Purported "Apex" Witnesses.

24

In the alternative, if the Court grants in part and denies in part Apple's Motion to Compel

25

Depositions of 14 of Samsung's Purported "Apex" Witnesses, Apple seeks an order requiring

26

Samsung and its attorneys to pay Apple a portion of the attorneys' fees and expenses Apple has

27

incurred (and will incur) (1) in connection with Apple's Motion to Compel Depositions of 14 of

28

1    Samsung's Purported "Apex" Witnesses, and (2) in connection with this motion for fees and costs,

2    apportioned as the Court deems appropriate.

3                            **STATEMENT OF ISSUES TO BE DECIDED**

4              Whether Samsung and its attorneys must pay Apple the attorneys' fees and expenses

5    Apple has incurred (and will incur) (1) in connection with Apple's Motion to Compel Depositions

6    of 14 of Samsung's Purported "Apex" Witnesses, and (2) in connection with this motion for fees

7    and costs.

8

9
     Dated:  February 16, 2012                    MORRISON & FOERSTER LLP
10

11
                                          By:    _/s/ Michael A. Jacobs_
12                                               Michael A. Jacobs

13                                               Attorneys for Plaintiff
                                                 APPLE INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

Due to Samsung's refusal to produce 14 high-level Samsung employees for deposition, Apple was forced to file a motion to compel on February 16, 2012.  (*See* Motion to Compel, filed concurrently herewith.)  Apple is entitled to recover its expenses if the Court grants Apple's Motion to Compel.  Samsung cannot show that any of the exceptions barring such recovery exist.

If a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A) (emphasis added); *see also* Civ. L. R. 37-4.  Rule 37(a)(5)(A) provides exceptions to this mandatory rule only if the opposing party can establish "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).  A losing party's discovery conduct will not be substantially justified unless "it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'"  *Devaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993), quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see also* Adv. Comm. Notes to 1970 Amend. to former Fed. R. Civ. P. 37(a)(4) (losing party bears burden to demonstrate substantial justification); *Rodriguez v. Simmons*, No. 2:09-cv-02195-KSN, 2011 WL 1322003, at *8 (E.D. Cal. Apr. 4, 2011) (bad faith not required).

The prevailing party also is entitled to reimbursement of the expenses incurred in connection with preparing a motion for fees and costs.  *Matlink, Inc. v. Home Depot U.S.A., Inc.*, No. 07cv1994-DMS (BLM), 2008 WL 8504767, at *6 (S.D. Cal. Oct. 27, 2008), *citing Anderson v. Dir., Office of Workers Comp. Programs,* 91 F.3d 1322, 1325 (9th Cir. 1996) (compensation for time spent litigating fee petition "must be included in calculating a reasonable fee because uncompensated time spent on petitioning for a fee automatically diminishes the value of the fee eventually received").

1    Samsung cannot establish that any of the exceptions barring recovery of fees and costs

2    exist.  First, as discussed in detail in the Mazza Declaration, Apple filed the Motion to Compel

3    only after "attempting in good faith to obtain the [depositions] without court action[.]"  Fed. R.

4    Civ. P. 37(a)(5)(A)(i).  (*See* Mazza Decl. ¶¶ 4–11 & Exs. 4–7.)  In fact, Samsung only agreed to

5    reduce the number of witnesses that it refused to produce from 17 down to 14 after Apple's

6    counsel sent Samsung 15 pages of correspondence and the parties' lead counsel conferred in

7    person on two separate occasions ending on February 14, 2012.  (*Id.*)

8    Second, Samsung lacks any justification—let alone a "*substantial* justification"—for its

9    refusal to produce the 14 "apex" witnesses for deposition.  37(a)(5)(A)(ii).  As further detailed in

10   Apple's motion to compel, there is substantial evidence that the witnesses at issue in the Motion

11   to Compel were intimately involved with key issues in this case that go to the heart of the dispute

12   between the parties.  The "apex" witnesses were in a position to have unique knowledge of facts

13   and events central to Apple's case.  Samsung has *never* had a colorable argument that the apex

14   deposition doctrine shields such witnesses from deposition.  Thus, Samsung's failure to make the

15   witnesses available for deposition was not "a response to a genuine dispute," and "reasonable

16   people could [not] differ as to the appropriateness of the contested action."  *Devaney*, 989 F.2d at

17   1163.

18   Third, and finally, Samsung can point to no "other circumstances mak[ing] an award of

19   expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(iii).

20   Accordingly, if the Court grants Apple's motion to compel, Rule 37(a)(5)(A) mandates an

21   award of Apple's attorneys' fees and costs.  If the Court grants in part and denies in part the

22   motion to compel, Apple respectfully requests an award of a portion of Apple's attorneys' fees

23   and costs, apportioned as the Court deems appropriate.  *See* Fed. R. Civ. P. 37(a)(5)(C).

24   In light of the fact that Apple will continue to incur fees in connection with the Motion to

25   Compel through the time of hearing and in connection with this motion for fees, and due to the

26   exigencies of Apple's having to prepare the Motion to Compel, Apple asks that the Court permit

27   Apple to file a supporting declaration detailing the fees incurred in connection with the Motion to

28

1   Compel within two weeks after the Court issues an order granting Apple's motion to compel, if

2   any.

3   **CONCLUSION**

4        For the reasons discussed above, if the Court grants Apple's Motion to Compel, the Court

5   should issue an order directing Samsung and Samsung's attorneys to pay Apple's fees and costs

6   incurred in connection with the Motion to Compel and this motion for fees and costs.

7

8   Dated:  February 16, 2012          MORRISON & FOERSTER LLP

9

10                         By:    */s/ Michael A. Jacobs*
                                 Michael A. Jacobs

11                               Attorneys for Plaintiff
                                 APPLE INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28