HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**[PROPOSED] ORDER GRANTING APPLE'S MOTION FOR ATTORNEYS' FEES AND COSTS IN CONNECTION WITH MOTION TO COMPEL DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES** |

1  On February 15, 2012, Apple moved to compel the depositions of 14 high-level Samsung employees following Samsung's repeated refusal to produce the witnesses for their noticed depositions under the "apex" doctrine. (*See* Mot. To Compel Depositions of 14 of Samsung's Purported "Apex" Witnesses.) As explained in the Order granting that Motion, Samsung's position was unjustified. As a result, Apple is entitled to recover its expenses, including attorney's fees, in connection with the motion to compel.

When a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added); *see also* Civ. L. R. 37-4. Rule 37(a)(5)(A) provides exceptions to this mandatory rule only if the opposing party can establish "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The prevailing party is also entitled to reimbursement of the expenses incurred in connection with preparing a motion for fees and costs. *Matlink, Inc. v. Home Depot U.S.A., Inc.*, No. 07cv1994-DMS (BLM), 2008 WL 8504767, at *6 (S.D. Cal. Oct. 27, 2008), *citing Anderson v. Dir., Office of Workers Comp. Programs,* 91 F.3d 1322, 1325 (9th Cir. 1996).

Samsung did not establish that any of the exceptions barring recovery of fees and costs exist. Apple filed the motion to compel after "attempting in good faith to obtain the [depositions] without court action[.]" *See* Fed. R. Civ. P. 37(a)(5)(A)(i). Samsung lacked a substantial justification for its refusal to produce the 14 witnesses for deposition. *See id.* at 37(a)(5)(A)(ii). Finally, there are no "other circumstances mak[ing] an award of expenses unjust." *Id.* at 37(a)(5)(A)(iii). Accordingly, Rule 37(a)(5)(A) mandates an award of Apple's attorneys' fees and costs.

///

///

[PROPOSED] ORDER GRANTING APPLE'S MOT. FOR FEES & COSTS RE MOT. TO COMPEL "APEX" DEPOSITIONS
CASE NO. 11-CV-01846-LHK
sf-3108217

1

1  For the reasons discussed above, the Court grants Apple's motion for expenses and
2  **ORDERS** Samsung to pay the expenses as itemized in the Supplemental Declaration filed by
3  Apple.
4  **IT IS SO ORDERED.**

Dated: _____, 2012          By: _____
                                                  Hon. Paul S. Grewal
                                                  United States District Court Judge