1   HAROLD J. MCELHINNY (CA SBN 66781)          WILLIAM F. LEE
    hmcelhinny@mofo.com                          william.lee@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)           WILMER CUTLER PICKERING
    mjacobs@mofo.com                             HALE AND DORR LLP
3   JENNIFER LEE TAYLOR (CA SBN 161368)         60 State Street
    jtaylor@mofo.com                             Boston, MA 02109
4   ALISON M. TUCHER (CA SBN 171363)            Telephone: (617) 526-6000
    atucher@mofo.com                             Facsimile: (617) 526-5000
5   RICHARD S.J. HUNG (CA SBN 197425)
    rhung@mofo.com
6   JASON R. BARTLETT (CA SBN 214530)           MARK D. SELWYN (SBN 244180)
    jasonbartlett@mofo.com                       mark.selwyn@wilmerhale.com
7   MORRISON & FOERSTER LLP                      WILMER CUTLER PICKERING
    425 Market Street                            HALE AND DORR LLP
8   San Francisco, California  94105-2482        950 Page Mill Road
    Telephone:  (415) 268-7000                   Palo Alto, California 94304
9   Facsimile:  (415) 268-7522                   Telephone: (650) 858-6000
                                                 Facsimile: (650) 858-6100

10

11  Attorneys for Plaintiff and
    Counterclaim-Defendant APPLE INC.
12

13                   UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                        SAN JOSE DIVISION

16

17  APPLE INC., a California corporation,        Case No.    11-cv-01846-LHK (PSG)

18                 Plaintiff,                     **APPLE'S REPLY IN SUPPORT
                                                  OF MOTION TO SHORTEN
19         v.                                     TIME FOR BRIEFING AND
                                                  HEARING ON APPLE'S MOTION
20  SAMSUNG ELECTRONICS CO., LTD., A             TO COMPEL DEPOSITIONS OF
    Korean business entity; SAMSUNG              14 OF SAMSUNG'S PURPORTED
21  ELECTRONICS AMERICA, INC., a New York        "APEX" WITNESSES**
    corporation; SAMSUNG
22  TELECOMMUNICATIONS AMERICA, LLC, a
    Delaware limited liability company.,         Date:     February 28, 2012
23                                                Time:     10:00 a.m.
                   Defendants.                    Place:    Courtroom 5, 4th Floor
24                                                Judge:    Hon. Paul S. Grewal

25

26

27

28

1    Samsung has unjustifiably refused to produce key witnesses for deposition and now seeks

2    to delay even further by requiring Apple's Motion to Compel to be heard *after* the close of

3    discovery.  Samsung's opposition fails to tell the whole story.  In truth:

4    **It was not until February 3 that Samsung notified Apple that it was pursuing apex**

5    **objections to 22 out of its 23 witnesses**.  With one exception, Samsung had asserted boilerplate

6    objections to the 23 witnesses, including boilerplate apex objections for some of those witnesses.

7    Samsung then purported to engage with Apple in attempting to schedule those depositions.  The

8    sole exception was the head of Samsung Telecommunications America.  Samsung sent a letter on

9    January 13 claiming apex protection for this single witness and asking Apple to withdraw his

10   deposition notice.  As Apple moved forward to pursue scheduling of the other noticed Samsung

11   witnesses' depositions, Apple did not pursue scheduling of the STA head's deposition.  Apple

12   resumed seeking this witness's deposition only after taking three depositions of lower-level

13   witnesses who failed to provide useful testimony about Samsung's finances.  Samsung gave no

14   comparable notice for any other witness until it sent its February 3 letter.  (Mazza Reply Decl. in

15   Supp. of Mot. to Shorten Time ("Mazza Reply Decl.") ¶ 2.)

16   **Apple diligently pursued this issue once Samsung sent its February 3 letter regarding**

17   **purported apex witnesses**.  Once Samsung sent its February 3 letter as to the 23 purported apex

18   witnesses, Apple (1) raised the issue at the February 6, lead trial counsel meet and confer,

19   (2) followed up with a detailed thirteen-page letter on February 9 explaining its grounds for

20   deposing those witnesses, and (3) sent an additional letter on February 12.  (Mazza Shortening

21   Decl. ¶¶ 5–7.)  Apple then (4) made the issue its highest priority at the February 14 and 15 lead

22   trial counsel meet and confers.  (Mazza Reply Decl. ¶ 3.)  Samsung's assertion that Apple did not

23   meet and confer in good faith is disingenuous.  Apple's letters set forth its position on each

24   witness in detail.  Samsung does not suggest what purpose it would have served for Apple to

25   restate its position over and over again during the meet and confers (except of course to cause

26   further delay).

27

28

1   **Samsung has had notice of Apple's arguments and purportedly "thin evidence" since**

2   **February 9 and can respond on February 20.**  Samsung's Opposition never says it cannot file

3   its brief on February 20, just that it doesn't want to.  Apple's thirteen-page letter on February 9

4   and follow-up letter on February 11 gave Samsung ample notice of Apple's position.  Samsung

5   should have no problem responding to Apple's supposedly "thin evidence."  Apple has sought a

6   schedule that would complete the parties' briefing on the apex issue as early as February 20 to

7   allow the Court's clerks substantial time to review the parties' papers in advance of the proposed

8   February 28 hearing date.  Apple's proposed schedule does not include a reply brief.  (Mazza

9   Shortening Decl. ¶ 4.)

10   **Samsung spurned Apple's offer to suggest an alternative briefing schedule.**  Apple

11   advised Samsung of its proposed briefing schedule on February 9, the morning of February 15,

12   and the morning of February 16.  Samsung never suggested an alternative.  On the morning of

13   February 16, Apple notified Samsung that it would propose a hearing date on February 28 rather

14   than February 21, and invited Samsung to propose an alternative briefing schedule.  Apple

15   postponed its filing of its papers from 9:00 a.m. until noon so that it could receive a suggested

16   briefing schedule from Samsung.  Samsung, however, declined to propose an alternative to

17   Apple's proposed schedule.  (Mazza Shortening Decl ¶¶ 13–16; Mazza Reply Decl. ¶ 4 & Ex. A.)

18   Nor does its Opposition propose an alternative.

19   **Apple is mindful of the Court's admonitions about shortened time**.  Apple's Motion to

20   Shorten Time acknowledged that shortened time places burdens on the Court and showed that the

21   need for shortened time is due to Samsung's unjustified refusal to produce 14 witnesses for

22   deposition so close to the close of discovery.

23   Dated: February 17, 2012                         MORRISON & FOERSTER LLP

24

25                                                    By:    */s/ Michael A. Jacobs*
                                                            MICHAEL A. JACOBS

26
                                                     Attorneys for Plaintiff
27                                                   APPLE INC.

28