UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD, a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No.: C 11-1846 LHK (PSG) <br><br> **ORDER DENYING MOTION TO SHORTEN TIME FOR BRIEFING AND HEARING ON PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS OF FOURTEEN "APEX" WITNESSES** <br><br> **(Re: Docket No. 738)** |

In this patent infringement suit, Plaintiff Apple Inc. ("Apple") has moved pursuant to Civ. L.R. 6-1(b) and 6-3 for an order to shorten the briefing and hearing schedule on Apple's motion to compel depositions of fourteen of Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC's (collectively "Samsung") purported "apex" witnesses. Samsung opposes the motion for an order shortening time. Samsung also states that it intends to file a motion for protective order to prevent the fourteen depositions at issue. The parties appeared this afternoon for a telephonic hearing on the motion to shorten time.

In its January 31, 2012 order denying a similar motion for shortened time brought by Samsung, the court expressed its concerns regarding the litany of shortened time requests that have poured forth in this lawsuit and directed the parties to consider carefully the resultant unfairness to

1
Case No.: C 11-1846 LHK (PSG)
ORDER DENYING DEFENDANT'S MOTION TO SHORTEN TIME AND VACATING
PLAINTIFF'S HEARING ON SHORTENED TIME

litigants in other pending cases while the court prioritizes – yet again – the resolution of a discovery dispute between Apple and Samsung. In light of these considerations, the court finds that Apple has failed to establish good cause to shorten time on its motion to compel the fourteen depositions in dispute.[1] Apple's concerns regarding the impact that being heard on a regular schedule will have on the expedited trial schedule are mitigated by Samsung's representations during the telephonic hearing that it will comply immediately with any order requiring it to produce those witnesses, even after the close of fact discovery in this case.[2]

The court accordingly DENIES Apple's motion for an order shortening the briefing and hearing schedule.  Apple may re-notice the hearing in accordance with Civ. L.R. 7-2(a). Samsung shall notice its motion for protective order to be heard together with Apple's motion.[3]

**IT IS SO ORDERED.**

Dated:  2/17/2012

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[1] Apple has presented no assessment of or even mentioned how its urgent need for consideration of its motion to compel compares to or outweighs the needs of others who require the court's attention.

[2] The court suggests that Samsung refrain from relying on any such "delayed" discovery, resulting from an order of the undersigned, as a basis for seeking to modify the trial schedule in this case.

[3] The burden in addressing a set of motions relating to no fewer than fourteen purported "apex" witnesses that Samsung refuses to produce is likely to be substantial. If the court finds that either Apple or Samsung has created this burden unnecessarily, the court will not hesitate to fashion appropriate sanctions. The parties are strongly encouraged to use the additional time available to them to carry out further attempts through the meet and confer process to reduce the number of individuals in dispute.

2
Case No.: C 11-1846 LHK (PSG)
ORDER DENYING DEFENDANT'S MOTION TO SHORTEN TIME AND VACATING PLAINTIFF'S HEARING ON SHORTENED TIME