QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL APPLE TO RESPOND TO SAMSUNG'S REQUESTS FOR ADMISSION 101-190**<br><br>Date: March 6, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT .................................................................................................................................3

I.    Apple's Distractions Should Be Ignored; Each of Apple's Objections Is Clearly Waived, Unavailing or Both..........................................................................................3

    A.    Samsung's RFAs Are Highly Relevant To Defining the Bounds Of Apple's Asserted Design Patents. ...................................................................................3

    B.    Samsung's RFAs Are Not Remotely Ambiguous......................................................6

    C.    Apple's Burden Argument Is Belied By Its Own Ongoing Conduct. ........................7

    D.    Samsung's RFAs Involve Nothing Hypothetical. .......................................................8

II.    Samsung's Requests For Admission Properly Require Application of Law to Facts, the Same Application of Law to Facts That Apple Supposedly Made In Bringing Its Design Patent Claims Against Samsung. ..............................................................................9

CONCLUSION ............................................................................................................................11

02198.51855/4604715.3

-i-    Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL APPLE TO RESPOND TO SAMSUNG'S REQUESTS FOR ADMISSION 101-190

# TABLE OF AUTHORITIES

**Page**

### Cases

*C & C Jewelry Mfg., Inc. v. W.*,
 2011 WL 768642 ..................................................................................................................4

*Davis v. Fendler*,
 650 F.2d 1154 (9th Cir. 1981) ..............................................................................................4

*Drutis v. Rand McNally & Co.*,
 236 F.R.D. 325 (E.D. Ky. 2006) ..........................................................................................8

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
 543 F.3d 665 (Fed. Cir. 2008) ....................................................................................6, 9, 10

*Friedman v. Godiva Chocolatier, Inc.*,
 09CV977-L ...........................................................................................................................9

*Fulhorst v. United Technologies Auto., Inc.*,
 CIV. A. 96-577-JJF, 1997 WL 873548 (D. Del. Nov. 17, 1997) ........................................9

*Gorham Co. v. White*,
 14 Wall. 511, 81 U.S. 511, 20 L. Ed. 731 (1871)) ...........................................................6, 9

*Jovanovich v. Redden Marine Supply, Inc.*,
 C10-924-R 2011 WL 4459171 (W.D. Wash. Sept. 26, 2011) .........................................10

*KeyStone Retaining Wall Sys., Inc. v. Westrock, Inc.*,
 997 F.2d 1444 (Fed. Cir. 1993) ............................................................................................7

*Nextec Applications v. Brookwood Companies, Inc.*,
 703 F. Supp. 2d 390 (S.D.N.Y. 2010) ..................................................................................6

*Ormco Corp. v. Align Tech., Inc.*,
 498 F.3d 1307 (Fed. Cir. 2007) ............................................................................................6

*In re Rail Freight Fuel Surcharge Antitrust Litig., MDL 1869*,
 2011 WL 5603995 (D.D.C. Nov. 17, 2011) ........................................................................9

*Richmark Corp. v. Timber Falling Consultants*,
 959 F.2d 1468 (9th Cir. 1992) ..........................................................................................4, 8

*In re Rubinfield*,
 270 F.2d 391, 123 U.S.P.Q. 210 (CCPA 1959) ...................................................................7

*Safeco Ins. Co. of Am. v. Rawstrom*,
 183 F.R.D. 668 (C.D. Cal. 1998) .........................................................................................4

**Rules and Statutes**

37 C.F.R. § 1.56 ...........................................................................................................................5, 6

Fed.R.Civ.P. 36(a)..............................................................................................................................9

Fed. R. Civ. P. 36(a)(3) .....................................................................................................................7

02198.51855/4604715.3

-iii-    Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL APPLE TO RESPOND TO SAMSUNG'S REQUESTS FOR ADMISSION 101-190

**PRELIMINARY STATEMENT**

Samsung's Requests for Admission ("RFAs") 101-190 could not be more probative, properly formulated, and needed.  They ask Apple to make one simple comparison – to admit whether a specified design patent it is asserting against Samsung is or is not substantially the same as another Apple design patent – which is precisely the same kind of comparison Apple has made in filing its complaint against Samsung when it advanced Apple's own cause.

As Apple knows, these RFAs go directly to the scope, the alleged infringement and the validity of Apple's design patents.  Apple has applied for or obtained numerous design patents related to the external housing and graphical user interface of its iOS devices.  While it has claimed in this case that only some of these design patents are infringed, Apple's position on the similarities and differences between these and other design patents for its iOS devices is important to determining the scope and validity of the patents-in-suit, as well as to rebutting Apple's accusations of infringement against Samsung.  For example, if Apple admits that its various design patents are not substantially the same as each other, then the scope of Apple's asserted design patents is necessarily narrowed to leave space for its other, allegedly unique design patents.  If so, then Samsung is entitled to invoke the same distinctions Apple relies on to show its own designs are not substantially the same to Apple's.  On the other hand, Apple could admit that some or all of its design patents are substantially the same as each other; this would reveal that Apple asserts an improperly overbroad scope for the design patents at issue, that it has double-patented the same design, and that it has anticipated its own patents.  Such evidence would also be directly relevant to the veracity of the sworn representations that Apple made to the PTO to obtain these design patents.  Apple's inventors had to swear under oath that the design was "new" and "original" with each application as compared to then existing designs, including its own designs.  Given that the same group of Apple inventors are not only named inventors on the allegedly infringed design patents but on virtually all of the other design patents that are the subject of the RFAs, this is material to their credibility, among other issues.  And since the focus of Apple's case is its asserted patent rights, RFAs that set up clear contours to these rights are worth their weight in gold to narrow the case.

Apple's real struggle with these RFAs is that it has over-patented its designs, including by claiming that trivial variations on its asserted design patents were "new" and "original" designs. It will now do anything to avoid having to take a position on whether ***its own*** design patents are all distinct from each other. So, to distract from Samsung's plain entitlement to this highly probative discovery, Apple's opposition features a loose grouping of misplaced objections and hand-waving to suggest answering these RFAs is onerous or unfair. Careful analysis of each objection shows its lack of merit and that responses to each of these RFAs should be ordered:

- Apple says RFAs 101-190 are not relevant. This objection was waived as a matter of law because Apple failed to so object. But, in any event, there is a good reason that Apple waived its relevance objection: because they are unquestionably relevant. These RFAs go directly to the scope and validity of the purported design patent rights that Apple put at issue in this case and the truthfulness of Apple's named inventors on the asserted design patents.

- Apple says RFAs 101-190 are ambiguous because it cannot tell if by "claimed design" Samsung meant "the claimed design" or "a portion of the claimed design." Such semantic gamesmanship barely deserves acknowledgement, especially given that Apple never once in 44 days asked for any clarification. Moreover, elementary design patent law shows this post hoc contention is groundless. A design patent contains a single claim, which is set forth by the drawings in the patent. Thus, Apple's musings that the RFAs seeks answers about "portions" or "angles" of the design are contrary to law.

- Apple says RFAs 101-190 are burdensome to answer. Again, Apple's choice to waive this objection speaks louder than words, and this new argument rings particularly hollow from the party who has itself propounded 1,529 RFAs to Samsung. Apple's inventors also already had to swear under oath that each of these designs were not the same or substantially the same to existing designs (i.e., were "new" and "original") when they applied for these patents, so it is scarcely burdensome to state whether those representations were true.

- Apple says Samsung's RFAs involve hypotheticals. The design patents identified in the

RFAs are not imaginary or hypothetical.  Apple applied for and obtained each of these patents, based purportedly on its own designs, itself.  There is no hypothetical component to asking Apple to compare how alike the designs claimed in real patents are.

- Apple says Samsung's RFAs call for a legal conclusion because Samsung seeks Apple's position on a legal standard.  Not true; the legal standard for the similarity of design patents has been long established by the courts, and every one of these RFAs clearly asks Apple to apply this legal test of similarity to its own designs.  Moreover, despite Apple's professed confusion, this is a task it has easily managed many times when comparing Samsung's designs to Apple's.  To be sure, if Apple was unable to determine the similarity of designs, it would have no business filing a design patent infringement suit or making design patent applications in the first place.  If it is unable to make these simple comparisons between its own design patents, its good faith in asserting its design patents against Samsung should certainly be questioned.

Apple's attempt to avoid the consequences of its own conduct in the patenting process through frivolous, misdirecting objections should be rejected.  It should be compelled to answer Samsung's RFAs 101-190 without further delay.

## ARGUMENT

### I. Apple's Distractions Should Be Ignored; Each of Apple's Objections Is Clearly Waived, Unavailing or Both.

Apple styles its first argument to object to Samsung's RFAs 101-190 as "seek[ing] answers to hypotheticals." (Dkt. 731 at 3).  On closer inspection, this argument is primarily a loose collection of objections based on ambiguity, relevance and burden, none of which are compelling.

### A. Samsung's RFAs Are Highly Relevant To Defining the Bounds Of Apple's Asserted Design Patents.

Apple asserts "the vast majority of the requests [for admission] involve comparisons whose *only* relevance is a desire to seek Apple's position on a legal standard." (Dkt. 731 at 3) (emphasis in original).  But, as Samsung explained in its motion, Apple never raised a relevance objection in response to Samsung's RFAs, so this objection is waived.  "It is well established that a failure to

1  object to discovery requests within the time required constitutes a waiver of any objection."
2  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis
3  v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981); *C & C Jewelry Mfg., Inc. v. W.*, 2011 WL
4  768642 at *2 ("West argues that the RFAs are cumulative and duplicative. However, he asserted
5  no such objection in response to the RFAs, and the objections therefore are waived."); see also
6  *Safeco Ins. Co. of Am. v. Rawstrom*, 183 F.R.D. 668, 671-72 (C.D. Cal. 1998) ("Objections not
7  interposed in a timely initial response may not be held in reserve and interposed after the period
8  allowed for response by Rule 33(b).").

9  And it is no surprise that Apple failed to raise this objection, back before it anticipated
10 motion practice. It failed to assert it because these RFAs are clearly highly relevant, including for
11 reasons that Apple does not even dispute now. RFAs 153 and 154 ask Apple to either "[a]dmit
12 that the claimed design in United States Patent D633,908 is substantially the same as the claimed
13 design in United States Patent D622,270" or "[a]dmit that the claimed design in United States
14 Patent D633,908 is not substantially the same as the claimed design in United States Patent
15 D622,270." The D'270 patent, filed on October 1, 2009, is asserted against Samsung in this
16 litigation. However, a related patent, the D'908 patent, filed on April 20, 2010, is not. *See*
17 Declaration of Diane C. Hutnyan, Ex. A-B. The design claimed in the D'270 patent asserted in
18 this case is:



24 The design claimed in the D'908 patent is highly similar in every respect:

If Apple maintains that these two designs are so distinct as to merit separate patents, perhaps based on their different thickness, then Samsung ought to be entitled to distinguish its designs in the same way, or based on distinctions of the same degree. Apple has already represented as much to the United States Patent and Trademark Office when Apple applied for these design patents. To obtain any design patent, the inventors aver that the design is not substantially the same or the same to other already patented designs – i.e., that the design was "new" and "original." 37 C.F.R. § 1.56 ("Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section… Under this section, information is material to patentability when it is not cumulative to information already of record or being made of record in the application, and it establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim [].") *See, e.g.,* Hutnyan Decl. Ex. C at 19-30 (File History of Apple's D622,270 patent, including assertion that the patent is for a "new, original and ornamental design" and signed declarations of inventors pursuant to 37 C.F.R. § 1.56). So, if Apple's representations are true, then these RFAs seek only confirmation of these statements; statements which are admissible to establish that the minor differences between these designs do not render the pair of designs the same or substantially the same, that the scope of Apple's patents is narrow as even Apple understands its own designs for its iOS devices at issue, and that Samsung's even

02198.51855/4604715.3

-5-   Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL APPLE TO RESPOND TO SAMSUNG'S REQUESTS FOR ADMISSION 101-190

more significantly different designs cannot be infringing. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) (quoting *Gorham Co. v. White*, 14 Wall. 511, 81 U.S. 511, 20 L.Ed. 731 (1871)) ("[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other."). Indeed, as the Federal Circuit has recognized, patents from the same family are directly relevant to the scope of asserted patents. *See Ormco Corp. v. Align Tech., Inc.*, 498 F.3d 1307, 1314 (Fed. Cir. 2007) ("Thus, we turn to the prosecution history of the Ormco patents, and other patents from the same family, to determine if there are statements there that should further inform our construction of the claims."). Either alone or in concert with others, each of the RFAs at issue here are relevant in precisely this way.

On the other hand, if Apple admits these designs are substantially the same, then it will support Samsung's double-patenting, anticipation and other defenses. *Nextec Applications v. Brookwood Companies, Inc.*, 703 F. Supp. 2d 390, 430 (S.D.N.Y. 2010) ("Double-patenting is a basis for a finding of patent invalidity [].")*.* Furthermore, these RFAs will show that Apple has violated its duty of candor in patenting designs that, on account of other design patents already in its portfolio, it knew to be anticipated. 37 C.F.R. § 1.56. This goes directly to the credibility of Apple and its inventors, especially as their positions on the scope of its patents is concerned. Again, each of Samsung's RFAs at issue stand to establish this point.

In either case, Apple's own understanding of whether the D'207 patent's scope covers the D'908 patent may be applied by Samsung and the jury to questions regarding the scope of its rights in the D'207 patent. Not only are these RFAs related to the facts of the case, but they give shape to Apple's patents, the most central of issues.

**B.    Samsung's RFAs Are Not Remotely Ambiguous.**

Apple argues that Samsung's RFAs were ambiguous because they "could consist of comparing the entire design, including all angles, front and back, or only relevant portions of the designs." (Dkt. 731 at 3). As this Court has recognized, a party cannot object to an RFA as ambiguous when it has had ample time to request clarification. *Rodriguez v. Barrita, Inc.*, 09-

1  04057 RS-PSG, 2011 WL 4021410 at *2 (N.D. Cal. Sept. 9, 2011) (Grewal, J.).  Apple did not
2  contest this principle.  Further, through its statutory 30-day period to respond, Fed. R. Civ. P.
3  36(a)(3), and the 14-day extension to that period granted by Samsung, Apple never reached out for
4  clarification.  To now profess confusion is unfair.

5  Moreover, it is groundless for Apple to suggest that Samsung's RFAs might plausibly ask
6  for comparisons between certain portions or angles of its claimed designs when Samsung's RFAs
7  do not say this anywhere and when Apple has not set forth such a limitation on the face of its
8  design patents.  Samsung's RFAs plainly inquire about the single *claimed design* in each patent, as
9  depicted by the figures.  This is a matter of basic design patent law.  "It is the appearance of a
10 design as a whole which is controlling in determining questions of patentability and
11 infringement." *KeyStone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1450 (Fed.
12 Cir. 1993) (quoting *In re Rubinfield*, 270 F.2d 391, 395, 123 USPQ 210, 214 (CCPA 1959)).  *See*
13 *also Degelman Indus., Ltd. v. Pro-Tech Welding & Fabrication, Inc.,* 06-CV-6346, 2011 WL
14 6754040 (W.D.N.Y. May 27, 2011) report and recommendation adopted sub nom. *Degelman*
15 *Indus. Ltd. v. Pro-Tech Welding & Fabrication, Inc.,* 06-CV-6346T, 2011 WL 6752565
16 (W.D.N.Y. Dec. 23, 2011) ("Unlike utility patents, however, design patents consist of a single
17 claim, shown through one or more drawings that depict the ornamental aspect(s) of the design.").
18 When a design patent *claims* a fraction of that which is depicted in the figures on the face of the
19 patent, the patentee uses broken lines to distinguish the claimed and unclaimed aspects of the
20 figure.  *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 11-CV-01846-LHK, 2011 WL 7036077
21 (N.D. Cal. Dec. 2, 2011) ("Additionally, in design patents, the patentee need not claim an entire
22 article of manufacture.  The patentee may indicate the claimed part of the design with the use of
23 solid lines and may indicate the unclaimed, remaining article of manufacture with the use of
24 broken lines.").  Samsung's RFAs therefore unambiguously inquire about *the design* shown in the
25 drawings of the patents as Apple itself has claimed them.

26 **C.    Apple's Burden Argument Is Belied By Its Own Ongoing Conduct.**
27 Apple next points to the number of RFAs propounded by Samsung as an excuse for its
28 refusal to answer a single one of them.  It does not dispute Samsung's authority that Apple waived

1  its objections to these RFAs based on burden by not so objecting in its responses. *See Richmark*
2  *Corp., supra.*  That alone requires rejection of Apple's newly minted burden arguments here.

3  And Apple throws stones from a glass house: it has served 1,529 RFAs on Samsung in this
4  case, each of which require careful consideration on Samsung's part to properly answer.  Further,
5  RFAs are designed to reduce the burden associated with other forms of discovery, and Apple
6  cannot reasonably expect to avoid answering RFAs in response to the design patent claims it chose
7  to bring against Samsung.

8  Apple's argument that the RFAs are burdensome because they "require Apple to review or
9  have an expert review the design patents at issue" is also mistaken.  Each of Apple's inventors had
10 to swear to the U.S. Patent and Trademark Office that the design claimed was not substantially the
11 same to existing designs, so no expert should be needed for Apple to respond as to whether those
12 representations were true or false, particularly since it has had almost two months (and counting)
13 in which to prepare a response.

14 Further, in any event, the fact an RFA requires a party to consult with an expert is no basis
15 to refuse to answer.  In *Drutis v. Rand McNally & Co.*, 236 F.R.D. 325, 330 (E.D. Ky. 2006), the
16 receiving party objected to an RFA on the grounds that it "may only be answered in the form of
17 opinion testimony by an expert witness."  The Court compelled it to answer, stating that "an
18 answering party must conduct a reasonable inquiry and answer a RFA if the information is readily
19 obtainable, even though the answering party has no personal knowledge of the
20 facts…Consequently, plaintiffs' objection to RFA No. 38 is overruled, and plaintiffs are directed
21 to supplement their response thereto, albeit that plaintiffs must consult with their expert prior to
22 supplementing said response."

23 **D.     Samsung's RFAs Involve Nothing Hypothetical.**

24 Apple's argument that Samsung's RFAs improperly rely on hypotheticals also has no basis.
25 Samsung's RFAs make reference to nothing hypothetical at all.  The two claimed designs at issue
26 in each RFA are depicted on real design patents granted by the United States Patent and
27 Trademark Office to Apple.  Perhaps if Samsung had drawn its own designs and asked Apple to
28 make comparisons between such creations, the notion of a "hypothetical" would have a place in

1  this discussion. But that is not the case, and there is nothing imagined or unofficial about the
2  designs Samsung asks Apple to compare.

3  In contrast, the cases cited by Apple involve such dreamed-up scenarios. In *Friedman v.
4  Godiva Chocolatier, Inc.*, 09CV977-L BLM, 2010 WL 4009660 (S.D. Cal. Oct. 13, 2010), the
5  RFAs at issue required the receiving party to posit a "hypothetical retailer and a hypothetical
6  customer." In *Fulhorst v. United Technologies Auto., Inc.*, CIV. A. 96-577-JJF, 1997 WL 873548
7  (D. Del. Nov. 17, 1997) to "admit that the device, if used in such a manner, infringes on Plaintiff's
8  patent." Samsung's RFAs do not require Apple to imagine a possible use or user for its designs.
9  The task is therefore far more straightforward than Apple's complaints make it out to be. *See also*
10 *In re Rail Freight Fuel Surcharge Antitrust Litig.*, MDL 1869, 2011 WL 5603995 (D.D.C. Nov.
11 17, 2011) (receiving party objected to RFAs on the grounds that were "incomplete counterfactual
12 hypotheticals." The Court compelled it to answer, stating that "there is nothing in the pertinent
13 Rule that precludes a request because it asks a party to make an assumption as the premise of the
14 request. The only restriction on a request that appears in the Rule is that it be within the scope of
15 the discovery permitted by Rule 26(b)(1) and that it relate to "facts, the application of law to fact,
16 or opinions about either." Fed.R.Civ.P. 36(a). That a party is asked to make an assumption as a
17 condition of its answer cannot possibly run afoul of the only requirements in the Rule. Indeed, as
18 explained, a party can be requested to admit the ultimate issue in a manner that has a dispositive
19 effect on the case.").

20 **II.  Samsung's Requests For Admission Properly Require Application of Law to Facts,**
21 **the Same Application of Law to Facts That Apple Supposedly Made In Bringing Its**
22 **Design Patent Claims Against Samsung.**

23 Apple argues that Samsung's RFAs attempt to "pin Apple down on a legal issue—what
24 'substantially the same' means." (Dkt. 731 at 5). Not true. The meaning of "substantially the
25 same" in the context of design patents has been provided by the Supreme Court and Federal
26 Circuit. *Egyptian Goddess, Inc.,* 543 F.3d at 670 (quoting *Gorham Co. v. White*, 14 Wall. 511, 81
27 U.S. 511, 20 L.Ed. 731 (1871)) ("[I]f, in the eye of an ordinary observer, giving such attention as a
28 purchaser usually gives, two designs are substantially the same, if the resemblance is such as to

1  deceive such an observer, inducing him to purchase one supposing it to be the other, the first one
2  patented is infringed by the other.").

3  Here, Samsung has no interest in Apple's interpretation of an established judicial standard;
4  suffice it to say that the parties have a difference of opinion on that issue.  But what is at issue in
5  these RFAs is how Apple *understands* its own designs.  Apple has eagerly volunteered such
6  applications when comparing Apple's designs to Samsung's. For example, in its motion for a
7  preliminary injunction, Apple claimed "a side by side comparison of the Samsung-identified art,
8  Samsung's accused phones, and Apple's patented design shows that the Samsung phones are
9  substantially the same as Apple's patented design and far afield from those prior art designs."
10 (Dkt. 86 at 16.).  Samsung's RFAs only ask Apple to subject its own designs (with which it is even
11 more familiar) to the same comparisons.  If Apple is really not capable of comparing design
12 patents to each other in this way, it is a great wonder it was able to bring a complaint for design
13 patent infringement or to apply for design patents in the first place.

14 Apple's only objection to the cases Samsung cites for the proposition that RFAs can
15 require the application of law to facts is to say that Samsung has propounded *more* RFAs than the
16 litigants in those cases.  But the fact that Samsung and Apple have both thoroughly used RFAs in
17 this case does not bear on whether these specific requests are properly formed.

18 As Samsung explained in its motion, these RFAs are appropriate applications of law to fact
19 as they require that Apple begin with its understanding of one claimed design – as depicted in its
20 own drawings – and determine if the design is substantially the same as its understanding of
21 another claimed design, based on an application of the "ordinary observer test." *See Egyptian*
22 *Goddess, supra.*  It is entirely fair for Samsung to request that Apple share its position on the
23 outcome of a legal test, based on its own understanding of the patent claims.  *Jovanovich v.*
24 *Redden Marine Supply, Inc.*, C10-924-RSM, 2011 WL 4459171 (W.D. Wash. Sept. 26, 2011).
25 ("[A]n objection [to an RFA] based on the fact that Plaintiff must apply its understanding of '464
26 patent claim elements on actual prior art net configurations is improper.").  Apple's opposition
27 made no attempt to refute this argument, undoubtedly because it cannot.
28

**CONCLUSION**

For the foregoing reasons, Samsung respectfully requests that the Court overrule Apple's objections and compel Apple to admit or deny Samsung's Requests for Admission 101-190 within three days following the Court's ruling.

DATED: February 21, 2012

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

02198.51855/4604715.3

-11-     Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL APPLE TO RESPOND TO SAMSUNG'S REQUESTS FOR ADMISSION 101-190