QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendant. | ASE NO. 11-cv-01846-LHK (PSG) <br><br> **DECLARATION OF RACHEL HERRICK KASSABIAN IN SUPPORT OF SAMSUNG'S MOTION FOR A PROTECTIVE ORDER** <br><br> Date: March 27, 2012 <br> Time: 10:00 a.m. <br> Place: Courtroom 5, 4th Floor <br> Judge: Hon. Paul S. Grewal |

I, Rachel Herrick Kassabian, declare as follows:

1. I am a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung").  I submit this declaration in support of Samsung's Motion for a Protective Order Precluding the Deposition of Ten High-Ranking Samsung Executives ("Samsung's Motion for Protective Order").  I have personal knowledge of the facts set forth in this declaration, except as otherwise noted, and, if called upon as a witness, I could and would testify to such facts under oath.

2. Since November 1, 2011, Apple has noticed nearly 100 depositions of current or former Samsung employees.  Nearly one-third of these deposition notices – 30 out of 95 – were directed to Samsung's senior executives, with titles of Vice President or higher.  Apple has also served eleven sets of Rule 30(b)(6) deposition notices traversing more than 250 topics and sub-topics.

3. Only three of the 30 senior executives Apple noticed – Brian Rosenberg, Tim Sheppard and Todd Pendleton – were identified in Samsung's Initial disclosures or Supplemental Initial Disclosures.  Samsung has not objected to the depositions of those three executives on apex grounds, and has permitted those depositions to proceed.

4. Samsung first voiced its objection to Apple's noticing of senior executives for deposition at the parties' lead counsel meet and confer session on January 5, 2012.  Thereafter, Apple continued to notice additional Samsung senior executive depositions.  On January 13, 2012, Samsung more specifically identified its apex objections in relation to one of Samsung's executives that had been noticed as of that date.  Apple again served several additional apex deposition notices thereafter.

5. On February 3, I sent Apple additional correspondence regarding Samsung's objections to Apple's apex deposition notices, specifically identifying 23 senior executives whose depositions Apple had improperly noticed.  A true and correct copy of this letter is attached hereto as Exhibit A.

6.     At the parties' lead counsel meet and confer on February 6, 2012, Samsung asked Apple to explain in writing what unique personal knowledge it believed these individuals possess, and to propose some reasonable limitations on the scope of testimony.

7.     Apple finally responded on February 9, but did not agree to withdraw any of its senior executive deposition notices.  A true and correct copy of Apple's letter is attached hereto as Exhibit B.  Samsung responded that same day, again requesting that Apple explain why whatever knowledge these individuals possess is unique to them and why other means of discovery were insufficient.  A true and correct copy of that correspondence is attached hereto as Exhibit C.  Apple did not respond.

8.     Nevertheless, Samsung subsequently narrowed its apex objections down from 23 to 17 executives.

9.     After Samsung raised the apex issue, Apple began withdrawing numerous deposition notices—including many lower-ranking individuals, even while leaving intact its notices for their supervisors—and in some cases the supervisor of their supervisor.

10.    At the parties' lead counsel meet and confer session on February 14, Samsung's counsel attempted to engage Apple's counsel in a merits discussion of the apex issue.   More specifically, Samsung pointed out that the evidence Apple had offered to date did not reflect that any of the apex executives at issue possessed unique knowledge, and asked for a response.  Apple refused, stating only that its position was laid out in its February 9 letter.

11.    Samsung also pointed out that Apple had recently cancelled the depositions of several lower-level employees who reported (directly or indirectly) to these apex executives, and asked why Apple had done so and why that didn't defeat Apple's demand for these apex depositions.  Apple responded only that it had done so for "strategic" reasons, and repeatedly stated that the only issue to discuss was whether Samsung intended to immediately drop all of its objections and offer all of the apex executives without limitation—otherwise it would file a motion.  Apple then refused to discuss the matter further, demanding instead that the parties move on to the next issue.

1    12.    Nevertheless, during this same meeting Samsung offered to drop three more of its apex objections, bringing its objections down from 17 to 14 executives.  Samsung asked Apple if it would drop other of its apex notices in return.  Apple again refused.

4    13.    On February 16, 2012, Apple filed a motion to compel the depositions of the 14 apex executives for whom Samsung had refused to provide deposition dates, and requested shortened time on its motion.  On February 17, this Court issued an order denying Apple's request, and instructing the parties to file their apex motions for a regular noticed hearing on the same date.  In that Order, the court instructed the parties to "use the additional time available to them to carry out further attempts through the meet and confer process to reduce the number of individuals in dispute."

11   14.    To that end, on February 20, Samsung reached out to Apple to further discuss the apex issues, and requested that the parties participate in a conference call.  A true and correct copy of that correspondence is attached hereto as Exhibit D.  Apple failed to respond to Samsung's meet and confer request.  Instead, on February 21, Apple unilaterally re-noticed its motion to compel for hearing on March 27.

16   15.    Even after Apple unilaterally re-noticed its motion, Samsung again reached out to Apple, offering to drop four more of its apex objections, and asking Apple to respond.  A true and correct copy of that correspondence is attached hereto as Exhibit E.   Apple ignored this request to meet and confer as well.

20   16.    Attached hereto as Exhibit F is a true and correct copy of excerpts from the transcript of Hangil Song's deposition, which took place on February 8, 2012.

22   17.    Attached hereto as Exhibit G is a true and correct copy of excerpts from the transcript of Bo-Ra Kim's deposition, which took place on January 11, 2012.

24   18.    Attached hereto as Exhibit H is a true and correct copy of excerpts from the transcript of Sun-Young Yi's deposition, which took place on February 8, 2012.

26   19.    Attached hereto as Exhibit I is a true and correct copy of excerpts from the transcript of Jinsoo Kim's deposition, which took place on February 2, 2012.

20. Attached hereto as Exhibit J is a true and correct copy of excerpts from the transcript of Jungmin Yeo's deposition, which took place on February 8, 2012.

21. Attached hereto as Exhibit K is a true and correct copy of excerpts from the transcript of Timothy Sheppard's deposition, which took place on February 8, 2012. Mr. Sheppard, Vice President of Finance at STA, has been designated as Samsung's 30(b)(6) witness on at least 24 financial topics, and will testify for the second time in this action next week.

22. Samsung has designated numerous 30(b)(6) witnesses to date, including: (1) SEC employees Seongwoo Kim, Sungho Choi and Junwon Lee to testify to various licensing and ETSI-related topics; (2) SEC employee GiSang Lee to testify regarding the development of various features at issue, including the '055 and '871 Patents; (3) SEC employee Yungjung Lee to testify regarding the hardware design of the products at issue; (4) STA employees Todd Pendleton and Tim Benner and SEC employee Oh Chae Kwon to testify regarding the marketing of the products at issue; (5) SEC employee Ioi Lam, Dooju Byun, and Wookyun Kho to testify regarding the development of various features at issue; (6) SEC employee Heonseok Lee to testify regarding various topics related to the development of features and products at issue; (7) STA employee Tim Sheppard to testify regarding finances; and (8) STA employee Justin Denison to testify regarding product design and strategy.

23. Attached as Exhibit L is a true and correct copy of the declaration of Jaewan Chi, submitted to the International Trade Commission in Investigation No. 337-TA-794.

24. Attached as Exhibit M is a true and correct copy of the declaration of Seungho Ahn, submitted to the International Trade Commission in Investigation No. 337-TA-794.

25. Attached as Exhibit N is a true and correct copy of excerpts of Apple's Form 10-K, submitted to the SEC on September 24, 2011.

26. Apple has served deposition notices for 14 Samsung employees who work in groups or departments involved with sales and marketing at either SEC or STA.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

///

1    Executed on February 23, 2012, at San Francisco, California.

_____
Rachel Herrick Kassabian