HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S CORRECTED REPLY IN SUPPORT OF ITS MOTION TO COMPEL TIMELY PRODUCTION OF FOREIGN-LANGUAGE AND OTHER DOCUMENTS IN ADVANCE OF RELATED DEPOSITIONS**<br><br>Date:      March 6, 2012<br>Time:      10:00 a.m.<br>Place:     Courtroom 5, 4th Floor<br>Judge:     Hon. Paul S. Grewal |

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................................................... 1

II.   ARGUMENT ................................................................................................................. 2

    A.   The Court's September 28, December 22, and January 27 Orders Required
         Samsung to Produce Documents by Dates Certain That Have Long Passed.......... 2

    B.   None of the Court's Orders Established a "Three-Day Rule" Allowing
         Samsung to Produce Documents Later than the Court-Ordered Deadlines........... 3

    C.   Good Cause Exists for Apple's Proposed Cutoffs ................................................. 5

         1.   Samsung's Purported Compliance with a "Three-Day Rule" Is
             Irrelevant ................................................................................................... 5

         2.   Apple's Document Production History Is beyond Reproach...................... 7

         3.   Samsung's Unsupported Complaint that a Ten-Day Rule Would Be
             "Impossible" Ignores the Relative Burden Placed on Apple ..................... 9

    D.   Apple's Motion Is Not Untimely .......................................................................... 10

    E.   Apple Complied With the Lead Counsel Meet-and-Confer Requirements .......... 11

III.  CONCLUSION ............................................................................................................ 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.       INTRODUCTION

Samsung's opposition is based on false premises.  For one, it presumes that Samsung had no duty to collect and produce documents relevant to the depositions of its witnesses until Apple noticed those depositions.  That is false:  Apple requested most of those documents months ago, and the Court ordered many of them to be produced by deadlines that have long expired.  Had Samsung complied with its discovery obligations from the outset of this case, it would have produced documents long before the depositions of its Korea-based employees began in January 2012, giving Apple ample time to translate and analyze those documents for use at those depositions.  But Samsung chose to withhold thousands of Korean-language documents until the eve of depositions, well after the deadlines for production set by the discovery rules and multiple court orders.  Samsung's delayed productions prejudiced Apple and created the need for this motion.  Nothing in Samsung's Opposition rebuts these fundamental facts.

Samsung's opposition also presumes the existence of a "three-day rule."  According to Samsung, this purported rule allows Samsung to ignore court-ordered deadlines in favor of a "rolling production" three days before each custodian's deposition.  But Apple never agreed to such a rule, and the Court never created one.  Samsung's self-bestowed "three-day" deadline deprives Apple of its right to receive relevant documents in time to use them meaningfully, as intended under the Federal Rules.

Samsung does not dispute that it routinely has been producing *immense* volumes of Korean-language documents less than ten days before depositions.  Although Samsung emphasizes that it has produced *some* documents ten days before certain depositions (and five days before others, for English-language documents), its numbers are misleading.  Samsung's summary chart conceals the massive volume of documents produced within a few days of a deposition—a practice that has continued even after Apple filed this motion.

Samsung is now trying to conceal its late productions by producing documents for witnesses in *this action* using the Bates labels for the pending *ITC action*.  Just this week, Apple learned that Samsung has used ITC Bates labels in producing documents sourced to six witnesses *already deposed* in this action.  Two of those individuals were never even noticed for deposition

1    in the ITC action, and there was no reason to produce the documents in the ITC action rather than

2    in this case, unless Samsung was seeking to mask that it was (again) late in producing documents.

3        Samsung's shenanigans require prompt remedial action.  In its opening brief, Apple

4    presented ample evidence establishing that Samsung's voluminous late productions have made it

5    impossible for Apple's counsel to adequately translate and review documents in time to use them

6    at depositions.  For obvious reasons, this tardiness greatly prejudices Apple's ability to prosecute

7    its case.  Samsung does not even try to rebut this evidence of its delays or the resulting prejudice

8    to Apple, and Samsung offers no support for its assertion that Apple's proposed compromise

9    timeframes (six days before a deposition for Korean language documents, and four days before a

10   deposition for English language documents) are unworkable.

11       As this Motion will not be resolved until after the close of fact discovery (*see* Dkt. No.

12   699 (denying Apple's Motion to Shorten Time)), the relief originally requested by Apple will not

13   provide an adequate remedy for Samsung's continuing misconduct.  Accordingly, Apple asks that

14   the Court order Samsung to make available for a second day of deposition any witness for whom

15   Korean-language documents were produced less than ten days before the deposition, or for whom

16   English documents were produced less than five days before the deposition.  Because the need for

17   any continued depositions arises solely from Samsung's tardy productions, Samsung should be

18   ordered to produce those witnesses in the Bay Area.[1]

19   **II.    ARGUMENT**

20       **A.    The Court's September 28, December 22, and January 27 Orders Required
           Samsung to Produce Documents by Dates Certain That Have Long Passed.**

22       Most of the custodial documents Samsung has been producing on the eve of its witnesses'

23   depositions are documents that Samsung should have produced long ago.  It is undisputed that

24   Apple requested the bulk of these documents months ago.  (Declaration of Mia Mazza in Support

25   of Apple's Reply in Support of Motion to Compel Timely Production of Documents in Advance

26   ───────────────

27       [1] Apple is concurrently submitting an Amended [Proposed] Order reflecting the revised
     relief sought by its Motion.

28

1   of Depositions ("Mazza Reply Decl.") ¶ 25.)  In addition, three Court Orders have compelled

2   Samsung to produce specific categories of documents by specified dates.  The Court's September

3   28, 2011 Order on Apple's first motion to compel required Samsung to produce, by October 7,

4   documents showing Samsung's consideration and copying of Apple's products.  (*See* Dkt. No.

5   267.)  The Court's December 22, 2011 Order on Apple's second motion to compel required

6   Samsung to produce, by December 31, 2011, all of the documents it should have, but did not,

7   produce by October 7, as well as source code, technical documents, and design history

8   documents.  (*See* Dkt. No. 537.)  The December 22 Order also required Samsung to produce, by

9   January 15, additional copying and survey-related documents.  (*Id.*)  And the Court's January 27,

10  2012, Order on Apple's third motion to compel required Samsung to produce, by February 3,

11  2012, a number of different categories of financial, marketing, technical, and other documents

12  relevant to Apple's damages, irreparable harm, trademark, trade dress, utility patent infringement,

13  and design patent infringement cases.  (*See* Dkt. No. 673.)

14      Each of these Orders established specific deadlines for production—October 7,

15  December 31, January 15, and February 3.  (Dkt. No. 267 at 3; Dkt. No. 537 at 3; Dkt. No. 673 at

16  2.)  Not one of the Court's Orders allowed Samsung to produce documents on a "rolling basis"

17  after these deadlines.  (*Id.*)  These Court-ordered deadlines, if met, would have provided Apple

18  with the documents it needed in time to conduct meaningful depositions of Samsung witnesses in

19  January through early March 2012.  To the extent Samsung is *still* producing documents that are

20  covered by any of these Orders, Apple is prejudiced and its rights under those Orders have been

21  and are being violated.

22          **B.      None of the Court's Orders established a "Three-Day Rule" Allowing**
            **Samsung to Produce Documents Later than the Court-Ordered Deadlines.**
23

24      Samsung argues that its custodial document productions are governed by a "three-day

25  rule" purportedly set forth in the Court's December 22, 2011, and January 27, 2012 Orders, that

26  Samsung has complied with this rule, and that Apple's Motion is a motion for reconsideration in

27  disguise.  (Opp. 5.)

28

1    This argument fails because there is no three-day rule.  As Apple explained, the "three-

2    day" provisions in the December 22 and January 27 Orders were explicitly limited to the

3    categories of documents required to be produced under those Orders, requiring the production of

4    documents *earlier* than the deadlines that the Orders otherwise established.  (Mot. 7-8.)  For

5    example, the December 22 Order required Samsung to produce certain types of copying

6    documents by January 15, 2012.  (Dkt. No. 537 at 3.)  If a relevant custodian was scheduled to be

7    deposed on January 12, however, Samsung would have been required to produce the copying

8    documents sourced to that custodian by January 9.  Samsung turns that exception on its head.

9    Instead of requiring Samsung to produce documents earlier than the Court-ordered deadlines

10   when a deposition occurred before such a deadline, Samsung contends that the December 22

11   Order allows Samsung to produce documents *after* the deadlines, so long as production occurs at

12   least three days before the deposition.  But the Court's December 22 and January 27 Orders

13   unambiguously ruled that the required document productions must occur no later than December

14   31, January 15, or February 3.  (Dkt. No. 537 at 3; Dkt. No. 673 at 2.)  There was no provision in

15   any of the Court's Orders for a "rolling" production outside those strict parameters.[2]

16   To the extent Samsung is applying a "three-day rule" to categories of documents that were

17   *not* the subject of the December 22 or January 27 Orders, the Court has never suggested that any

18   three-day rule should generally govern the parties' document production practices, outside the

19   four corners of any Order.  Samsung fails to respond to this point in Apple's opening brief, (*see*

20   Mot. at 7-8), and Samsung does not identify any portion of the December 22 or January 27 Orders

21

22   ────────────────

23   [2] Samsung states that, at a hearing on January 19, 2012, Apple's counsel represented that
     he "understood the Court's three-day order."  (Opp. 4.)  Contrary to Samsung's insinuation,
     Apple's counsel said nothing indicating that he "understood" the three-day provisions in the

24   December 22 Order to apply to all documents produced for all deponents.  Rather, he referenced
     that provision to highlight that, for the specific documents covered by the December 22 Order, the

25   three-day time frame was causing problems because Samsung had delayed its document
     collection and production efforts until just before the depositions.  (Jan. 19 Hrg. Tr. 150-51, 157-

26   58.)  He clearly indicates that, in Apple's view, the three-day provision is "subsumed by" the
     production deadlines specified in the December 22 Order.

27

28

supporting Samsung's contrary interpretation.  Because the relief sought by Apple is not covered by those Orders, there is no need for Apple to seek reconsideration of them.

**C.    Good Cause Exists for Apple's Proposed Cutoffs.**

Unable to rebut Apple's showing of Samsung's belated productions and resulting prejudice to Apple, Samsung argues that Apple lacks good cause for its requested relief for other reasons.  None has any merit.

**1.    Samsung's Purported Compliance with a "Three-Day Rule" Is Irrelevant.**

Samsung contends that it has complied with a "three-day rule" for all but six of its deposed witnesses.  (Opp. 7.)  Even if this were true, it is irrelevant.  As shown above, there is no "three-day rule."

In any event, Samsung's proffered showing regarding production of documents three days before depositions ignores the huge volume of documents that Samsung has dumped on Apple on the eve of depositions.  The chart submitted with Samsung's opposition conspicuously omits the volume of documents and number of pages Samsung produced three, or even five days before depositions.  (*See* Dkt. No. 735-3 at ¶ 3.)  In contrast, Apple's chart shows the volume of documents produced.  (Mazza Reply Decl. Ex. A; *see also* Declaration of Mia Mazza in Support of Motion to Compel Timely Production of Documents (Dkt. No. 683) ("Mazza Decl.") ¶ 5.)

The fact that *some* documents were produced well in advance of a deposition is irrelevant if thousands (or tens of thousands) of pages are produced just a few days beforehand.  (*See id.*)  Large volumes of documents produced even three days before a deposition are produced too late to afford Apple time to meaningfully prepare for related depositions.  (*See* Mazza Decl. ¶ ¶ 9–13.)  Apple was entitled to these documents a long time ago.  Given the size of Samsung's productions in the last weeks of the fact discovery period, when there is little time for Apple to reschedule depositions after receiving substantial, tardy productions, Apple needs at least ten days to process Korean-language documents and at least five days to process English documents before depositions.  (*Id.*)  Apple's opening brief provided ample supporting evidence demonstrating the

1   necessity of these time frames.  (Mot. at 6-7 (citing evidence).)  **Samsung does not even attempt**

2   **to rebut that evidence**.[3]

3        Moreover, since Apple's motion was filed, Samsung has continued its practice of

4   dumping large volumes of documents just before depositions.  (Mazza Reply Decl. Ex.A.)

5   Indeed, the deposition of Tim Benner took place on February 22, 2012.  Samsung dumped 3,059

6   documents, totaling 30,636 pages, on Apple less than 3 days before the deposition, on February

7   19, 2012.  (*Id.* ¶ 4 & Ex. A.)  Similarly, the deposition of SangEun Lee took place on February

8   23, 2012, in Korea.  Samsung dumped 730 Korean-language documents, totaling 16,968 pages,

9   on Apple less than 3 days before the deposition, on February 20.  (*Id.* ¶ 5 & Ex. A.)  The

10  deposition of Dae Woon Meyong was scheduled to begin on February 22, 2012, in Korea.

11  Samsung dumped 4,393 documents, totaling 45,886 pages, on Apple less than a day before the

12  deposition.  To Samsung's credit, Samsung agreed to reschedule the deposition to a later date.  As

13  the discovery period comes to a close, however, there will be few opportunities to continue that

14  practice in the future.  (*Id.* ¶ 6 & Ex. A.)  The deposition of Heon Seok Lee was scheduled to

15  begin on February 23, 2012, in Korea.  Samsung dumped 3,524 Korean-language documents,

16  totaling 39,158 pages, on Apple just 4 days before the deposition.  Due to this late production,

17  Apple requested that both days of Mr. Lee's deposition be rescheduled.  Samsung refused to

18  reschedule the first day of deposition, forcing Apple to restrict its deposition of Mr. Lee to a

19  single day.  (*Id.* ¶ 7 & Ex. A.)

20       In addition, this week Apple learned that Samsung has been making additional late

21  productions of deponents' documents, but masking those late productions by producing them

22  under the Bates-numbering convention for the parallel ITC action.  (*Id.* ¶¶ 8–15 & Ex. A.)  Two

23  _____

24       [3] For purposes of tallying deposition time against the limits imposed under the Case
     Management Order, the parties have agreed that two hours of deposition time using Korean
25   translators counts as one hour of non-translated deposition time.  (Dkt. No. 683 ¶ 16.)  This
     agreement reflects the parties' acknowledgement that, as a general matter, the need to translate
26   evidence at least doubles the amount of time required to process that evidence.  This principle
     applies just as forcefully to documents as it does to live testimony.

27

28

1    of these witnesses, however, were not even noticed for deposition in the ITC action, and there is

2    nothing about these late-produced documents that would justify their being produced in the ITC

3    action rather than in this action.  (*Id.*)  Samsung has produced a total of 187,147 pages in the ITC

4    *after* the depositions of witnesses from whose files the documents were located.  (*Id.*)

5          Samsung argues that Apple has not been prejudiced by Samsung's late productions,

6    stating that Samsung has offered to make Junho Park and Wookyun Kho available at a later date

7    because of untimely document productions.  (Opp. 8.)  This is untrue.  Apple has no record of

8    Samsung's offering to postpone Junho Park's deposition (Mazza Reply Decl. ¶ 27), and the

9    declaration supporting Samsung's opposition does not identify when or where that offer was

10   made.  Even worse, with respect to the Wookyun Kho deposition, Apple had to fight for weeks to

11   get Samsung to agree to a second day of deposition.  (*Id.* ¶ 28.)  Only on February 11, 2012, on

12   the eve of Apple's filing of a motion to compel Samsung to produce Mr. Kho for a second day,

13   did Samsung inform Apple that it would Mr. Kho available on March 4.  (*Id.*)[4]

14         Even if Samsung had graciously offered the return or postponement of Ms. Park and Mr.

15   Kho, those are but two examples of Samsung's production of large volumes on the eve of

16   depositions.  At a minimum, Samsung should make its witnesses available for a second session of

17   deposition *every* time it produces a significant volume of documents outside the operative time

18   frames.  Moreover, because Apple's counsel will not maintain a presence in Korea after the

19   currently scheduled depositions (*see id.* ¶ 29), Samsung should be required to bring its witnesses

20   to the Bay Area for any continued depositions.

21              **2.**      **Apple's Document Production History Is beyond Reproach.**

22         Samsung claims that Apple has not complied with its purported "three-day rule" for the

23   depositions of Apple witnesses.  (Opp. 8.)  On the contrary, as explained in Apple's opening

24   _____

25         [4] The chart in Samsung's opposition brief purportedly showing that Samsung has
     complied with its fictitious "three-day rule" (Opp. 4) is erroneous.  The chart purports to reflect
26   the completion of document production for 113 deponents.  Samsung asserts elsewhere in its
     briefing, however, that Apple has noticed 95 depositions of Samsung employees, at least 30 of
27   which have not yet been taken.  (*See id.* at 3.)

28

1    brief, Apple has, with only a few exceptions, complied with not just the three-day time frame on

2    which Samsung erroneously relies, but the *five-day* time frame agreed to by the parties for

3    producing English-language custodial documents.  (Mot. 3-4; *see also* Opp. 8 n.5 (conceding that

4    the parties have agreed to five-day rule); Mazza Reply Decl. ¶ 16.)

5            Samsung's cited examples do not show otherwise.  Nearly all of them relate to documents

6    produced in conjunction with depositions of Apple inventors in October 2011.  (*See* Dkt. No.

7    735-2 ¶ 10; Mazza Reply Decl. ¶¶ 17–24.)  In four of the five individual cases cited by Samsung

8    (Messrs. Land, Christensen, Williamson, and Westerman) Apple produced literally a handful of

9    documents one or two days late in each case cited in Samsung's opposition.  (*Id.* ¶ 17-20.)  In the

10   typical case, (a) Apple highlighted the tardy production in an email accompanying the production;

11   (b) Samsung wrote a letter reserving all rights to call the witness for further deposition; (c) the

12   witness was later called for deposition in the ITC 796 investigation; and (d) Samsung did not

13   request additional time with the witness at the time of that later deposition.  (*Id.*)

14           In the other individual case cited by Samsung (Mr. Dinh), Apple advised Samsung the

15   moment Apple learned that an exception error caused some of the custodian's responsive

16   documents to be stalled in a review stage and not produced with the other documents.  (*Id.* ¶ 21.)

17   In that instance, (a) Apple went to great pains to inform Samsung of the error as soon as it was

18   located; (b) Apple delivered a hard copy of the production to counsel for Samsung shortly

19   thereafter; and (c) Apple has not stated that it will not make the witness available for additional

20   deposition time related to the late-produced documents.  (*Id.*)

21           For the longer list of individuals submitted by Samsung (Dkt. No. 735-3 ¶ 10), Apple had

22   disclosed the precise search terms it was using for those document productions, on October 7 and

23   November 10, 2011.  (Mazza Reply Decl. ¶ 23.)  As Samsung acknowledges in its own papers,

24   long after the October 2011 depositions of Apple inventors had concluded, Samsung asked Apple

25   to run additional search terms against the inventors' documents.  (Dkt. No. 735-2 ¶ 9; Mazza

26   Reply Decl. ¶ 24.)  In the spirit of compromise and transparency, Apple agreed to run additional

27   search terms and to produce documents resulting from those additional searches.  (*Id.*)  Apple

28   performed those searches and produced the relevant, responsive, non-privileged documents

located thereby.  (Mazza Reply Decl. ¶ 24.)  Apple also searched, as the parties mutually agreed

to do, for the term "Samsung" and the names of Samsung products in the inventors' documents,

and Apple produced any relevant documents located thereby.  (*Id.*)  As a result of these

supplemental searches and productions, Apple produced additional documents.  (*Id.*) Samsung's

own chart demonstrates that Apple's "late" productions did not even begin until mid-December

2011.  (Dkt. No. 735-3 ¶ 10.)  Nowhere does Samsung contend that Apple produced large

volumes of documents on the eve of these witnesses' depositions.

<strong>3.</strong>      <strong>Samsung's Unsupported Complaint that a Ten-Day Rule Would Be<br/>"Impossible" Ignores the Relative Burden Placed on Apple.</strong>

Samsung asserts that Apple's proposed ten-day rule for Korean-language documents is

"impossible."  (Opp. 9.)  Samsung cites no supporting explanation or evidence whatsoever for

this proposition.  (*Id.*)  Samsung's argument also makes no sense.  Samsung asserts that its

counsel must review all the documents collected by Samsung, not just the ones ultimately

produced, and therefore its counsel face an even greater burden than Apple's.  (*Id.*)  Samsung has

it exactly backwards:  Unlike Apple, Samsung's counsel has had access to these custodial

documents since the start of this case, and has had months to collect, review, and analyze

responsive documents.  For production purposes, Samsung does not need to fully translate

Korean-language documents for U.S. counsel or carefully analyze them to understand their

usefulness to their case or for purposes of depositions.  Samsung simply needs to determine

whether documents are responsive or privileged, and can defer full translation and analysis until

after production.  Apple has no such luxury, but must instead translate and analyze the substantial

volume of witness documents produced by Samsung in a matter of days, if not hours.  Due to

Samsung's foot-dragging and delay, Apple's burden is far greater.

**D.**      **Apple's Motion Is Not Untimely.**

Samsung argues that Apple's Motion is untimely because Apple knew Samsung would be

producing Korean-language documents from Day One and therefore should have asked for a ten-

day rule at the August 2011 scheduling conference or at the start of depositions in October 2011.

(Opp. 5-6.)  That argument misses the point.  Apple anticipated and made reasonable preparations

1   for reviewing and processing Korean-language documents produced by Samsung.  (Mazza Decl.

2   ¶ 26.)  Apple reasonably expected Samsung to diligently begin collecting and producing

3   responsive documents at the time Apple's document requests were served, rather than waiting for

4   the entry of a Court Order.  (*Id.*)  Had Samsung done so (and Samsung nowhere suggests that it

5   did), Apple's attorneys would have had sufficient time to translate and review documents

6   meaningfully in advance of the depositions of Samsung's witnesses.  (*Id.*)

7          Apple's Motion to Compel is necessitated not by the mere fact that Samsung has produced

8   Korean-language documents, but by Samsung's abusing the discovery process by (1) largely

9   ignoring Apple's document requests for months, (2) waiting to begin its document collection and

10   review process until it was under pain of Court Order to do so, (3) producing virtually no

11   documents at all in Apple's offensive case for six weeks, (4) disregarding multiple Court Orders,

12   and then (5) all of a sudden producing large volumes of Korean-language custodial documents on

13   the eve of depositions rather than on the Court-Ordered deadlines.  In the Fall of 2011, Apple did

14   not imagine that Samsung would be following that practice in the last few weeks before the fact

15   discovery cutoff.  It was not until January 2012 that Samsung began producing massive volumes

16   of documents just before depositions.  Apple did not and could not foresee in August or October

17   2011 that Samsung would engage in such a practice.

18          **E.     Apple Complied With the Lead Counsel Meet-and-Confer Requirements.**

19          Samsung erroneously asserts that Apple did not "meaningfully" meet and confer regarding

20   Apple's proposed ten-day rule for Korean documents.  (Opp. 10.)  Samsung admits that Apple

21   proposed a ten-day rule for Korean-language documents on January 10, 2012, and then raised the

22   issue again at the January 16, 2012 lead trial counsel meet and confer.  (Dkt. No. 735-1 ¶¶ 9, 11.)

23   Samsung also admits that it rejected Apple's proposal during the lead trial counsel meeting.  (*Id.*)

24   Although Samsung contends that it showed a "willingness to reach some sort of compromise" (*id.*

25   ¶ 10), Samsung made no counterproposal, and Samsung made it clear that it would not accept any

26   proposal that would require Samsung to produce Korean-language documents with an earlier lead

27   time than English-language documents.  (Mazza Decl. ¶ 30.)  Although Samsung's opposition

28   brief now offers an alternative proposal, it is for a five-day rule equally applicable to English- and

1  Foreign-language documents.  (Opp. 11.)  Samsung has repeatedly refused to acknowledge the

2  greater burden placed upon Apple in having to translate Korean-language documents before they

3  are reviewed and analyzed by U.S. counsel for deposition purposes.  Against this background,

4  further meet-and-confer discussions would not have been fruitful.

5       Regarding English-language documents, Samsung admits that the parties had agreed to a

6  five-day rule for custodial productions.  (Opp. 8 n.5.)  Given that agreement, the fact that Apple

7  did not see anything in any Court Order contrary to that agreement, and the fact that Apple

8  intended to continue complying with the five-day rule, Apple properly saw no need to revisit the

9  issue with Samsung.  Apple's Motion asks the Court to enter as an Order the agreement Samsung

10  already agreed to observe with respect to English-language documents.[5]

11       In the interest of resolving this matter without further Court intervention, Apple has

12  proposed to Samsung a compromise under which the parties would agree to produce Korean-

13  language documents six days in advance of relevant depositions, and to produce English

14  documents four days in advance of relevant depositions.  (Mazza Decl. ¶ 32.)  The parties would

15  further agree to make available for continued deposition at a later date any witness for whom

16  documents were not produced within those time frames.  (*Id.*)

17  **III.   CONCLUSION**

18       For the reasons discussed above and in Apple's opening brief, the Court should grant

19  Apple's Motion to Compel.  In light of the adjusted timing of the briefing and hearing of this

20  Motion, and the impact that timing will have on the usefulness of a rule requiring timely

21  production going forward, Apple has submitted a revised Proposed Order respectfully requesting

22  _____

23       [5] Moreover, at the time of the January 16 lead counsel meeting, Samsung had not yet
begun producing English documents for its deponents, and there was accordingly no reason to
24  think the issue needed to be raised.  Samsung's tardy productions of English documents began
after that meeting:  on January 20, Samsung produced over 35,000 pages of documents for the
25  January 24 deposition of Tim Sheppard; on January 21, Samsung produced nearly 19,000 pages
of documents for the January 25 deposition of Justin Denison; and on January 22, Samsung
26  produced over 36,000 pages of documents for the January 26 deposition of Brian Rosenberg.
(Dkt. No. 683 ¶ 5.)

27

28

1    that the Court order Samsung to make available for additional deposition, in the Bay Area, any

2    witness for whom Korean-language documents were substantially produced less than ten days

3    before the deposition, or for whom English documents were substantially produced less than five

4    days before the deposition.

5

6    Dated:  February 23, 2012                    MORRISON & FOERSTER LLP

7

8                                                 By:    /s/ Michael A. Jacobs
                                                         Michael A. Jacobs

9
                                                 Attorneys for Plaintiff
10                                               APPLE INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28