| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| JENNIFER LEE TAYLOR (CA SBN 161368) | 60 State Street |
| jtaylor@mofo.com | Boston, MA 02109 |
| ALISON M. TUCHER (CA SBN 171363) | Telephone: (617) 526-6000 |
| atucher@mofo.com | Facsimile: (617) 526-5000 |
| RICHARD S.J. HUNG (CA SBN 197425) | |
| rhung@mofo.com | |
| JASON R. BARTLETT (CA SBN 214530) | MARK D. SELWYN (SBN 244180) |
| jasonbartlett@mofo.com | mark.selwyn@wilmerhale.com |
| MORRISON & FOERSTER LLP | WILMER CUTLER PICKERING |
| 425 Market Street | HALE AND DORR LLP |
| San Francisco, California 94105-2482 | 950 Page Mill Road |
| Telephone: (415) 268-7000 | Palo Alto, California 94304 |
| Facsimile: (415) 268-7522 | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company.,<br><br>    Defendants. | Case No.   11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF MIA MAZZA IN SUPPORT OF APPLE'S REPLY IN SUPPORT OF MOTION TO COMPEL TIMELY PRODUCTION OF FOREIGN-LANGUAGE AND OTHER DOCUMENTS IN ADVANCE OF DEPOSITIONS**<br><br>Date:     March 6, 2012<br>Time:    10:00 a.m.<br>Place:    Courtroom 5, 4th Floor<br>Judge:   Hon. Paul S. Grewal |

I, Mia Mazza, declare as follows:

1. I am a partner in the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple"). I am licensed to practice law in the State of California. Unless otherwise indicated, I have personal knowledge of the matters stated herein or understand them to be true from members of my litigation team. I make this Declaration in support of Apple's Reply in Support of its Motion to Compel Timely Production of Foreign Language and Other Documents ("Motion to Compel").

**Samsung's Pattern of Tardy Productions of Large Volumes of Documents in this Action Has Continued.**

2. Attached hereto as Exhibit A is a table prepared by my litigation team that lists each Samsung witness deposed by Apple in Apple's offensive case to date, the date and time of the witness's deposition, the date and time of any productions of documents sourced to that witness, and the volume of each production in terms of both documents and pages.

3. As set forth in Exhibit A, Samsung has produced 53,340 Korean-language documents totaling 498,355 pages less than 10 days before depositions, and 8,758 English-language documents totaling 84,792 pages less than 5 days before depositions. Of these tardy Korean-language document productions, 42,355 documents totaling 303,595 pages were produced less than 5 days before depositions, and 25,777 documents totaling 202,937 pages were produced *less than 3 days* before depositions.

4. Samsung's production of documents in just a few days before depositions has continued through this week. The deposition of Tim Benner took place on February 22, 2012. Samsung dumped 3,059 documents, totaling 30,636 pages, on Apple less than 3 days before the deposition, on February 19.

5. Similarly, the deposition of SangEun Lee took place on February 23, 2012, in Korea. Samsung dumped 730 Korean-language documents, totaling 16,968 pages, on Apple less than 3 days before the deposition, on February 20.

6. The deposition of Dae Woon Meyong was scheduled to begin on February 22, 2012, in Korea. Samsung dumped 4,393 documents, totaling 45,886 pages, on Apple less than a

1   day before the deposition.  To Samsung's credit, Samsung agreed to reschedule the deposition to
2   a later date.  As the discovery period comes to a close, however, there will be few opportunities to
3   continue that practice in the future.

4       7.      The deposition of Heon Seok Lee was scheduled to begin on February 23, 2012, in
5   Korea.  Samsung dumped 3,524 Korean-language documents, totaling 39,158 pages, on Apple
6   just 4 days before the deposition.  Due to this late production, and for additional reasons, Apple
7   requested that the deposition of Mr. Lee be rescheduled to a later date.  Samsung refused to
8   reschedule Mr. Lee's deposition.

**Samsung Has Produced Tens of Thousands of Pages under the Bates Prefix for the ITC Investigation, Masking the Fact That They Are Being Produced Late.**

11      8.      In a parallel action to this litigation pending in the Northern District of California,
12  Apple is pursuing patent infringement claims against Samsung before the International Trade
13  Commission in *Certain Electronic Digital Media Devices and Components Thereof*, Inv. No.
14  337-TA-796.  Samsung produces documents in this Northern District of California action under
15  the Bates prefix "SAMNDCA."  Samsung produces documents in the ITC action under the Bates
16  prefix "S-ITC."  The parties have agreed that documents produced in one action may be cross-
17  used in the other.  The parties have, however, generally observed the distinction between the two
18  cases and have been producing custodial documents under the Bates prefix of the case in which
19  the witnesses are being deposed, rather than just using the two different prefixes interchangeably
20  or randomly.

21      9.      Samsung witness AhYoung Kim was deposed on January 11, 2012, in this action
22  and on January 13, 2012, in the ITC investigation.  As set forth in Exhibit A, in addition to the
23  44,912 pages of Korean-language documents sourced to AhYoung Kim that Samsung produced
24  on the eve of deposition under the N.D. Cal. Bates prefix, Samsung produced an additional 883
25  pages of Korean-language documents under the ITC Bates prefix on January 11, 12, 15, 18, and
26  23, 2012, as well as February 19 and 21, 2012.

27      10.     Samsung witness Justin Denison was deposed on December 16, 2011, in the ITC
28  investigation and on January 25, 2012, in this action.  As set forth in Exhibit A, in addition to the

1    18,992 pages of English-language documents sourced to Mr. Denison that Samsung produced less
2    than five days before his deposition under the N.D. Cal. Bates prefix, Samsung produced an
3    additional 1,233 pages under the ITC Bates prefix on February 17, 2012, nearly a month after his
4    deposition in this action..

5    11.   Samsung witness Qi Ling was deposed on February 1, 2012, in this action and was
6    not noticed for deposition in the ITC investigation.  As set forth in Exhibit A, in addition to the
7    Korean-language documents sourced to Qi Ling that Samsung produced less than three days
8    before his deposition in this action under the N.D. Cal. Bates prefix, Samsung produced an
9    additional 19 pages under the ITC Bates prefix on January 23, 2012, and February 21, 2012.

10   12.   Samsung witness Tim Sheppard was deposed on December 21, 2011, in the ITC
11   investigation and January 24, 2012, in this action.  As set forth in Exhibit A, in addition to the
12   35,011 pages of English-language documents sourced to Mr. Sheppard that Samsung produced on
13   the eve of deposition under the N.D. Cal. Bates prefix, Samsung produced an additional 37,170
14   pages under the ITC Bates prefix on January 25 and 26, 2012, and February 1, 2012.

15   13.   Samsung witness Wookyun Kho was deposed on January 12, 2012, in this action,
16   and *was not noticed for deposition in the ITC investigation*.  As set forth in Exhibit A, in addition
17   to the 41,109 pages of Korean-language documents sourced to Wookyun Kho that Samsung
18   produced on the eve of deposition (or after deposition) under the N.D. Cal. Bates prefix, Samsung
19   produced an additional 147,522 pages under the ITC Bates prefix on January 11, 2012, through
20   February 19, 2012.

21   14.   Samsung witness Jinsoo Kim was deposed in Korea on February 1, 2012, in this
22   action, and on February 2, 2012, in the ITC investigation.  As set forth in Exhibit A, in addition to
23   the Korean-language documents sourced to Jinsoo Kim that Samsung produced on the eve of
24   deposition under the N.D. Cal. Bates prefix, Samsung produced an additional 320 pages under the
25   ITC Bates prefix on February 2, 2012.

26   15.   In total, as set forth in Exhibit A, for the above six witnesses Samsung produced
27   187,147 pages in the ITC proceedings *after* Apple had completed its depositions of those
28   witnesses.  There is nothing about these late-produced documents that would justify their being

1  produced in the ITC action rather than in this action in the Northern District of California.

2  Samsung never brought to Apple's attention the fact that Samsung was producing these Northern

3  District of California custodians' documents after their depositions, under an ITC Bates prefix.

**Apple's Miniscule Productions Shortly Before or After Depositions of Apple Witnesses Pale in Comparison.**

16.  At the beginning of the discovery period in this case, the parties agreed to observe a five-day rule, at least for English-language documents, under which a custodian's relevant documents would be produced no fewer than five days before the custodian's deposition. Throughout the discovery period, Apple has substantially completed its production of custodial documents on the fifth day before each deposition. Even after counsel for Samsung began claiming the existence of a "three-day rule," Apple has continued to observe a five-day rule.

17.  Samsung's opposition asserts that Apple produced documents sourced to Brian Land after the deposition concluded. Mr. Land was deposed in this action on October 20, 2011. During the deposition, it came to light that two of Mr. Land's notebooks had been collected but not produced. Counsel for Apple immediately searched for, and located for the first time, the notebooks, and produced them the very same evening. In total, that production was 82 pages.

18.  Samsung's opposition asserts that Apple produced documents sourced to Richard Williamson after his deposition concluded. Mr. Williamson was deposed in this action on October 28, 2011. A single 5-page document relevant to Mr. Williamson was produced within the following 24 hours. Mr. Williamson was deposed again in the ITC investigation on January 31, 2012. Samsung did not request additional time with Mr. Williamson following his ITC deposition to ask questions about the 5-page document produced on the evening of his earlier deposition.

19.  Samsung's opposition asserts that Apple produced documents sourced to Steve Christensen less than two days before Mr. Christensen's deposition. Mr. Christensen was deposed on October 26, 2011. On October 24, 2011, Apple produced two documents totaling 12 pages sourced to Mr. Christensen. When Apple produced those two documents, it called their production to Samsung's attention.

20. Samsung's opposition asserts that Apple produced documents sourced to Wayne Westerman less than three days before his deposition. Mr. Westerman was deposed on October 31, 2011. On October 28, 2011, Apple produced 44 documents totaling 268 pages. When Apple produced those 44 documents, it called their production to Samsung's attention. Mr. Westerman was deposed again in the ITC investigation on January 26, 2012. Samsung did not request additional time with Mr. Westerman following his ITC deposition to ask questions about the 44 documents produced shortly before his earlier deposition.

21. Samsung's opposition asserts that Apple produced more than 17,000 pages of documents sourced to Richard Dinh on February 15, 2012, when his deposition was scheduled for February 16, 2012. This is approximately true. The late production was due to an exception error affecting about 600 documents that caused them to be designated as privileged when they were not. As soon as counsel for Apple located this error, it brought the error to the attention of counsel for Samsung and advised that the late production was forthcoming. Counsel for Apple also delivered a hard copy, created on a rush basis costing thousands of dollars, to counsel for Samsung that evening. At the conclusion of Mr. Dinh's deposition, counsel for Samsung noted the late production but did not ask to keep the deposition open pending review of the late-produced documents.

22. Samsung's opposition brief asserts that Apple produced documents sourced to its 28 of its inventor deponents several weeks after the inventors were produced. This is correct, for the reasons set forth in Paragraphs 26 and 27 below.

23. During the month of October 2011, Samsung deposed approximately 50 Apple employees and patent prosecutors. Apple substantially completed its production of documents sourced to each deponent five days before his or her deposition. Apple disclosed all of the search terms and date cutoffs being applied to all but one category of witness on or about October 7, 2011. Apple disclosed all of the search terms and date cutoffs being applied to the last category of witness on or about November 10, 2011.

24. In November and December 2011, Samsung requested that Apple apply additional search terms to the documents of custodians whose depositions took place in October 2011.

1  Apple, in the spirit of compromise and transparency, agreed to apply most of the search terms
2  requested by Samsung.  One of the sets of search terms that Apple agreed to apply was the word
3  "Samsung" and the names of Samsung's products at issue in this case.  Apple applied those
4  search terms and produced the relevant, responsive, non-privileged documents located thereby.
5  Since Samsung did not request that Apple apply these additional search terms until well after the
6  depositions of those custodians were complete, the documents produced as a result of applying
7  the additional search terms were produced well after the custodians' depositions.

**Samsung Should Have Produced These Documents a Long Time Ago, Not on the Eve of Depositions.**

25.  Most of the custodial documents that Samsung has been producing on the eve of its witnesses' depositions are documents that Apple requested months ago.  Apple issued its first 217 Requests for Production in August 2011.  Apple issued an additional 213 Requests for Production in September and October 2011.  And Apple issued an additional 97 Requests for Production in November 2011.

26.  At the outset of the discovery period in this case, Apple anticipated and made reasonable preparations for reviewing and processing Korean-language documents produced by Samsung.  Apple expected Samsung to diligently begin collecting and producing responsive documents at the time Apple's document requests were served, rather than waiting for the entry of a Court Order.  Had Samsung done so, Apple's attorneys would have had sufficient time to translate and review documents meaningfully in advance of the depositions of Samsung's witnesses.

**Samsung Is Not Offering to Make Witnesses Available for Additional Deposition Time.**

27. Samsung's opposition asserts that Samsung offered to postpone the deposition of Junho Park due to document production issues but Apple refused.  I am unable to locate any evidence of such an offer.  Samsung typically has not been willing to reschedule depositions based on late document production, citing its self-imposed "three-day rule."  The one exception

1  has been Dae Woon Meyong, where the production was so large and so tardy it would have been

2  impossible to justify keeping the deposition on calendar as scheduled.

3        28. Samsung's opposition asserts that Apple "requested another day with Mr. [Wookyun]

4  Kho, and he has agreed to make himself available again on March 4, 2012." What this

5  representation conceals is that Samsung forced Apple to write numerous meet-and-confer letters,

6  discuss the matter at a lead trial counsel meeting, and come within 24 hours of filing a motion to

7  compel a second day of Mr. Kho's deposition, before Samsung agreed to make him available for

8  a second day of deposition.

9        29. During the month of February 2012, Apple has arranged for a certain number of its

10 attorneys and staff to reside in Korea, and has arranged for deposition facilities and other

11 accommodations in Korea, until a date certain. If Apple's attorneys are required to remain in

12 Korea longer than scheduled to take additional depositions due to late productions, Apple will be

13 prejudiced financially.

14 **The Parties Adequately Met and Conferred Regarding Timely Production of**

15 **Documents before Depositions**.

16       30. The parties discussed the issue of timely production of documents before depositions

17 at the lead trial counsel meeting on January 16, 2012. Counsel for Apple stated that Apple would

18 like Samsung to produce Korean-language documents ten days before depositions. Counsel for

19 Samsung stated that Samsung would not agree to a ten-day rule, and would not agree to any rule

20 that provided different time periods for foreign- and English-language documents. :Counsel for

21 Samsung was adamant that it believed a three-day rule was in effect. Lead trial counsel agreed

22 that the meet-and-confer requirement had been met.

23       31. Counsel for Samsung sent correspondence on this topic to counsel for Apple on

24 January 13, 2012, in advance of the lead trial counsel meeting. The letter reiterated that Samsung

25 believed that a three-day rule was in effect pursuant to Court order, and stated that Apple would

26 need to seek reconsideration in order to get a different rule. The letter further indicated that

27 Samsung was not willing to enter into an agreement that would require foreign-language

28 documents to be produced on a different schedule than English-language documents.

32. In the interest of resolving this matter without further Court intervention, Apple has proposed to Samsung a compromise under which the parties would agree to substantially complete their productions of custodial Korean-language documents four days in advance of relevant depositions. Under this compromise, the parties would further agree to make available for continued deposition at a later date any witness whose documents were produced outside of the agreed time frames. Samsung has taken the matter under consideration.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 23, 2012, at San Francisco, California.

                                          */s/ Mia Mazza*
                                             Mia Mazza

**ATTESTATION OF E-FILED SIGNATURE**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Mia Mazza has concurred in this filing.

Dated: February 23, 2012         */s/ Michael A. Jacobs*
                                 Michael A. Jacobs