QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S ALLEGED VIOLATION OF TWO DISCOVERY ORDERS** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Date:   March 27, 2012<br>Time:   10:00 a.m.<br>Place:  Courtroom 5, 4th Floor<br>Judge:  Hon. Paul S. Grewal |
| Defendant. | |

**REDACTED**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ..................................................................................................................... 2

ARGUMENT ......................................................................................................................... 11

I.      SAMSUNG SUBSTANTIALLY COMPLIED WITH BOTH COURT ORDERS............ 12

        A.      Samsung Complied With The Orders to Produce Documents From Its
                Designers Referencing Apple Products................................................................ 12

        B.      Samsung Complied With The Orders to Produce Documents From Its
                Survey Employees Referencing Apple Products. ................................................. 13

II.     ANY ISOLATED AND INADVERTENT DELAYS IN PRODUCTION WERE
        SUBSTANTIALLY JUSTIFIED. ........................................................................... 15

III.    IN THESE CIRCUMSTANCES, A SANCTIONS AWARD WOULD BE
        MANIFESTLY UNJUST.......................................................................................... 16

IV.     APPLE CANNOT DEMONSTRATE THAT ITS EXPENSES WERE CAUSED
        BY ANY ALLEGED VIOLATION OF ANY DISCOVERY ORDER ............................ 18

CONCLUSION ....................................................................................................................... 20

# TABLE OF AUTHORITIES

**Page**

## Cases

*In re Asbestos Products Liability Litig.*,
  2010 WL 2034636 .................................................................15

*Buchanan v. Santos*,
  2011 WL 2112475 (E.D. Cal. 2011) ....................................18

*Century Indem. Co. v. Aero-Motive Co.*,
  254 F. Supp. 2d 670 (W.D. Mich. 2003) ............................15

*Computer Task Group, Inc. v. Brotby*,
  364 F.3d 1112 (Fed. Cir. 2004) ...........................................17

*Eldon Indus., Inc. v. Rubbermaid, Inc.*,
  735 F. Supp. 786 (N.D. Ill. 1990) .......................................18

*Hyde & Drath v. Baker*,
  24 F.3d 1162 (9th Cir. 1994) ...............................................16

*Liew v. Breen*,
  640 F.2d 1046 (9th Cir. 1981) .............................................18

*Rice v. Icicle  Seafoods, Inc.*,
  2008 WL 5246396 (W.D. Wash. 2008) ...............................18

*United States for Use and Benefit of Wiltec Guam, Inc. v. Kahaluu Constr. Co.*,
  857 F.2d 600 (9th Cir. 1988) ...............................................17

*Wilson v. Seattle Housing Authority*,
  2011 WL 338793 (W.D. Wash. February 3, 2011) .............19

## Statutes

Fed. R. Civ. P.
  Rule 26(a) ..............................................................................3
  Rule 37 .................................................................................11
  Rule 37(b) .............................................................................18
  Rule 37(b)(2) ........................................................................18
  Rule 37(b)(2)(C) ...............................................11, 15, 18, 19

## Miscellaneous

Charles A. Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus,
  8B Fed. Prac. & Proc. Civ. § 2289   (3d. ed. 2011) ..............18

## PRELIMINARY STATEMENT

Apple's motion seeks sanctions based upon Samsung's production of some documents during the general discovery phase that Apple argues were responsive to preliminary injunction phase requests and orders.   Apple's motion fails because Samsung substantially complied with all of its preliminary injunction-related discovery obligations and all discovery orders.

At the outset, Judge Koh directed that the parties' preliminary injunction-related discovery was to be narrowly tailored and reasonable in scope.   Apple vigorously applied that rule to itself, yet Apple now seeks to impose a more stringent standard to Samsung's conduct.   It may not do so. Samsung diligently obeyed all relevant Court orders by immediately conducting numerous witness interviews, collecting documents from dozens of custodians, and reviewing and producing hundreds of thousands of documents—all in the mere matter of days it was given to comply with the Orders.   Samsung undertook these large-scale efforts in the face of formidable obstacles – including a drastically compressed time-frame caused by Apple's desire for a quick trial, sweepingly broad discovery demands from Apple, language, encryption, and technical barriers, and the complications of overseas discovery.   Without question, Samsung's discovery conduct was reasonable in the circumstances.

Apple bases its entire motion on isolated and inadvertent delays in Samsung's production due to technical glitches.   These circumstances do not even come close to warranting the multi-million dollar sanctions award Apple seeks.   On these facts, such an award would be manifestly unjust, particularly given Apple's failure to show prejudice.   Apple claims only that Judge Koh would have granted Apple's preliminary injunction motion had certain documents been produced some weeks earlier.   But Apple lost its motion for failure to proffer its own evidence of irreparable harm to its business and due to the invalidity of two of its asserted patents (among other things).   No amount of evidence on the alleged infringement prong of the preliminary injunction test would have saved Apple's motion.   And finally, Apple has not demonstrated, as it must, that the expenses it seeks – essentially its entire litigation bill – were caused by a handful of cumulative documents being produced later than Apple wished.   Apple points to no other fee award issued under such circumstances.   Its unprecedented motion should be denied.

## BACKGROUND

On April 15, 2011, Apple filed suit, alleging that Samsung unlawfully copied Apple's products, including its iPhone and iPad.  (Dkt. No. 1 at 2.)  On July 1, 2011, Apple filed a motion for a preliminary injunction, alleging that Samsung's Infuse 4G, Galaxy S 4G, and Droid Charge phones, and Galaxy Tab 10.1 tablet infringed three design patents (the D618,677, D593,087, and D504,889 patents), and one utility patent (the 7,469,381 patent).  (Dkt. No. 86.) The D'677 and D'087 patents each claimed designs related to smartphones; the D'889 patent claimed a design of a tablet computer, and the '381 patent claimed a "bounce back" method for affecting a display on a touchscreen device.

### 1.   The Court Sets Strict Limits For "Narrowly Tailored" Preliminary Injunction Discovery.

Early in the case, Apple urged the Court to adopt an expedited and limited discovery schedule for its   "focused," motion "limited to three design patents and one utility patent."   (Dkt. No. 100 at 1, 2.)   Based on these representations, the Court limited the injunction-related discovery phase, instructing the parties to "***keep discovery requests reasonable in scope and narrowly tailored to address the preliminary injunction motion***."   (Dkt. No. 115. at 2 (emphasis added).)   Apple repeatedly used this limitation to cabin its responses to Samsung's discovery requests.   For instance, on August 5, 2011, in response to Samsung's request for Apple's infringement positions relating to the four Apple patents at issue in the preliminary injunction motion, Apple accused Samsung of "inappropriately seek[ing] to expand the permissible scope of discovery…"[1]   Similarly, in its preliminary injunctions-related discovery responses, Apple made clear that it was only "conducting *a reasonable investigation* appropriate for *the limited preliminary injunction discovery*."[2]

---

[1]   Declaration of Sara Jenkins in Support of Samsung's Opposition to Apple's Motion for Rule 37(b)(2) Sanctions, ("Jenkins Decl."), Ex. A.

[2]   Jenkins Decl. Ex., B (Apple's Supplemental Responses to Interrogatories 1, 3, and/or 6) (emphasis added).

1
2

**2.     Apple Propounds Belated and Sweepingly Broad Preliminary Injunction Discovery Demands, In Disregard of Judge Koh's Scheduling Order**

In contrast to the two-month time-frame Samsung gave Apple to respond to Samsung's preliminary injunction-related document requests (serving them on July 6, 2011), Apple waited until August 26, 2011 – the very last day for propounding such discovery and over two months after it filed its preliminary injunction motion – before serving its preliminary injunction discovery requests.   (Jenkins Decl., ¶ 5.)   Apple then served many dozens of document requests with multiple subparts, leaving Samsung with only seventeen days to comply.   (Dkt. No. 115.)

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████     (Jenkins Decl., ¶ 8.)

**3.     Apple's September 2011 Motion to Compel**

On September 20, 2011, just a week after Samsung's production deadline and while the meet-and-confer process was ongoing, Apple moved to compel discovery of design documents "relating to copying of Apple's [p]roducts" and "customer surveys relating to Apple products." (Dkt. No. 247 at 8, 12.)   Even so, Apple asked the Court to grant a much broader discovery order, arguing that a central issue in its motion were "documents where the designers are talking about *Apple*."   (September 28, 2011 Hr'g Tr. at 25 (Dkt. No. 270a).)   Apple further represented that it sought "all documents relating to the marketing of products at issue that discussed or refer directly or indirectly to *Apple* or Apple products"   (*Id.* at 32:4-10), as well as all e-mails resulting from a search "for terms like *Apple*, iPhone, iPad."   (*Id.* at 78:23-79:3).

**4.     The Court's September 2011 Discovery Order**

On September 28, 2011, this Court ordered Samsung to produce the following documents[4]:

---

[3] Jenkins Decl., ¶ 7; Samsung's First Amended and Supplemental Identification of Custodians, Litigation Hold Notices and Search Terms, Jenkins Decl., Ex. C.
[4] Apple does not move for sanctions relating to Samsung's document productions in compliance with Paragraph 2 of the Court's September 28, 2011 Order.

1.      From the custodial files of each of Samsung designers of Samsung's Galaxy S 4G and Infuse 4G, Droid Charge phones and Galaxy Tab 10.1 table[t] computer identified in Samsung's Rule 26(a) disclosures or interrogatory responses, all documents referencing ***the Apple products*** alleged by Apple to embody one or more of the ornamental or utility features claimed in the patents.   All means all: email, memoranda, whatever.   Samsung put these documents at issues when, at page 39 of its opposition to Apple's preliminary injunction motion, it boldly declared that "[a]lthough ***willful infringement, including deliberate copying***, may be relevant to a preliminary injunction motion, Apple has offered no evidence of such copying or willful infringement."

2.      From the custodial files of Lee Don-Joo, all documents relating to the redesign of the Galaxy Tab 10.1 following Apple's announcement of the iPad 2 on or about March 2, 2011….

3.      From any central files or the custodial files of any individuals with specific responsibility for surveying customers of Samsung's Galaxy S 4G and Infuse 4G, Droid Charge phones and Galaxy Tab 10.1 table[t] computer, all survey documents that reference ***the Apple products*** currently alleged by Apple to embody one or more the ornamental or utility features claimed in the patents.

(Dkt. No. 267 at 3 (emphasis added).)   The Court gave Samsung seven days to comply with its Order.   Notably, the Court declined Apple's request that Samsung be ordered to search its custodial files for the term "Apple."

### 5.      Samsung's Substantial Compliance with the September 28 Order

After the issuance of the September 28 Order▇

1 ██████████████████████████████████████████████████████

2 ██████████████████████████████████████████████████████

3 ████████████████████████████  ████  ██████████████████

4 ██████████████████████████████████████████████████████

5 ████████████  ████████████████████████████████████████

6 ████████████

7    ███████████████████████████████████████████████████

8 ██████████████████████████████████████████████████████

9 ████████████████████████  ████████████████████████████

10 ████████████████████████████████████████████████████████

11 (Jenkins Decl., ¶ 10.)

12     **6.     Apple Successfully Moves to Augment The Preliminary Injunction Record**

13         **With Documents Samsung Produced in Response to the September 28 Order**

14     On October 11, 2011, Apple submitted a Motion to Augment the Record, ████████████

15 ██████████████████████████████████████████████████████

16 ██████████████████████████████████████████████████████

17 ████████████  ████████████████████████████████████████

18 ██████████████████████████████████████████████████████

19 ██████████████████████████████████████████████████████

20 ████████████████████  ██████████████████  ████████████

21 ██████████████████████████████████████████████████████

22 ██████████████████████████████████████████████████████

23 ████████████████████████████████████████  On December

24 2, 2011, Judge Koh granted Apple's Motion to Augment, and allowed all of the new evidence to

25 be considered on Apple's preliminary injunction motion.    (Dkt. No. 452 at 8.)

26     [5] During the course of Samsung's investigation, the appropriate designers were identified; Samsung ultimately amended its Rule 26(a) disclosures to reflect more accurate information

27 regarding the identities of the designers. (*see supra* n. 1, Jenkins Decl., Ex. C.)

28     [6] Because Samsung personnel are not assigned on a per-product basis, Samsung interpreted its discovery mandate broadly and searched the custodial files of those who are generally responsible for design-related survey work in the relevant departments.

**7.     The District Court Denies Apple's Preliminary Injunction Motion**

On December 2, 2011, the Court denied Apple's preliminary injunction motion.   Beginning with Apple's iPhone, the Court held that Samsung could not meet its threshold burden of showing the likelihood of invalidity of Apple's D′087 and D′677 design patents based on functionality (*See* December 2, 2011 Order Denying Motion for Preliminary Injunction (Dkt. No. 449 at 14-15)), but noted the "substantial questions" raised about validity of the D'087 patent.   (*Id*.) Although the Court held that the Galaxy S 4G and Infuse 4G likely infringed Apple's patents (*Id*. at 37-39), it denied injunctive relief based on the absence of irreparable harm and the balance of equities in Samsung's favor. Specifically, the Court rejected Apple's twin theories of irreparable harm: that (1) "the entrance of Samsung's infringing phones into the smartphone market is likely to erode Apple's design and brand distinctiveness, resulting in a loss of goodwill…," and (2) Samsung's conduct caused Apple to permanently lose market share and customers.   (*See id*.)

Rejecting Apple's "conclusory statements," "theoretical arguments," and lack of authority (*Id*.), the Court held that Apple failed to demonstrate a "nexus between Apple's harm of lost customers and loss in market share and Samsung's allegedly infringing conduct."   (*Id*. at 33.) Judge Koh also faulted Apple's delay in asserting infringement.   (*Id*. at 35-36.)   Finally, the Court held that the balance of hardships tipped in Samsung's favor.   (*Id*. at 37.)   Noting that the D′677 patent only covers the front view of the smartphone—one of many aspects of Samsung's phones—the Court held that it would be unfair to enjoin both smartphones "based on one aspect of the overall product …."   (*Id*. at 38.)

With respect to Apple's D'889 patent, the Court found that Samsung had not raised any substantial questions of invalidity based on functionality (*See id*. at 50), and that Apple likely could prove infringement as a result of consumer confusion over the tablets.   (*See id*.)   The Court also cited Apple's stronger claims of irreparable harm, in light of its declining tablet market share (*See id*.), and stronger evidence that "design is an important driver in demand for tablets." (*Id*. at 49, 50.)   However, the Court denied an injunction in light of a substantial question of invalidity based on prior art and Apple's lack of likely trial success.   (*See id*. at 50, 65.)   Finally, the Court held that Apple's '381 utility patent, "which claims a method for scrolling on a touch-

screen device," (*Id*. at 30) known as "bounce back," did not warrant an injunction due to the lack

of irreparable harm.   (*See id*. at 63-64.)    The ruling currently is on appeal to the Federal Circuit.

**8.      Apple Warns Samsung to Expect to See Documents Responsive to Samsung's Preliminary Injunction Requests During the General Discovery Phase**

As the preliminary injunction discovery phase drew to a close and general discovery was about to commence, Apple wrote a letter to Samsung regarding document production issues. Specifically, Apple made clear its expectation that neither side should take the position that a party's production of documents during the general discovery phase that were also responsive to preliminary injunction discovery was somehow improper or actionable:

(Jenkins Decl., Ex. D (10/7/11 letter from M. Jacobs to V. Maroulis) (emph. added).)    To date, Samsung has not taken such a position in any motion practice.

**9.      October-November 2011:  The Parties Focus on Inventor Depositions and Document Productions**

In November and December 2011, Apple deposed dozens of the inventors of the Samsung patents in suit.   Thus, during this time, Samsung and its counsel and employees were extensively focused on the collection, review, processing and production of documents and things sourced to those inventors.   Among other things, Samsung worked with its outside counsel on  crafting search terms, identifying the location of responsive documents, conducting inventor interviews (both by phone and in person), and quality-checking the inventors' collection efforts in face-to-face meetings.   (*See* Dkt. No. 643-5 at ¶ 6.)

**10.** **Apple's December Motion to Compel and the Court's December 22, 2011 Order**

Six days after the Court's denial of its preliminary injunction ruling, and just as the parties began to shift their focus toward the general phase of discovery, Apple filed another motion to compel.   (Dkt. No. 467-1.)   At the time of Apple's filing on December 8, the parties had been in the midst of negotiating various discovery agreements, including:

Despite these negotiations and agreements, Apple's December motion to compel demanded:

---

[7] Dkt. No. 537 at 3 (emphasis added). Apple later reneged on this agreement, and Samsung had to seek court relief to enforce it.   (Dkt. No. 603.)   On January 27, the Court ordered Apple to produce documents responsive to a "Samsung" search in the relevant custodians' files.   (Dkt. No. 673 at 18.)

1.      Sketchbooks, physical models and CAD files for all Galaxy phone and tablet products, regardless of where sold, whether for a final design or an alternative design that was not used;

2.      All documents that mention the term "Apple," Apple product, any alias therefor, any Korean equivalent thereof, in relevant central files or the files of all relevant custodians, including designers and engineers who worked on the Samsung products at issue or other Galaxy phone or tablet products, employees responsible for marketing those products, and employees responsible for developing the infringing features.

3.      All survey documents that refer to Apple, Apple's products, or any alias therefore, from any relevant central file or from the files of any custodian with survey responsibility, anywhere in the world.

4.      Source code and configuration files for the products at issue relating to the accused functionalities, as well as touchscreen-related source code and documents.

(Dkt. No. 467-1).

**11.     The Court's December 22 Discovery Order.**

In its written order, the Court required Samsung to produce the following:

1.      [Certain] source code and technical documents showing the operation of the allegedly infringing product features... [by] December 31, 2011;

2.      Design history documents showing the decision-making process that led to the design of Samsung's accused products, including CAD files, inventor and designer sketchbooks, models and mockups, and email correspondence amongst Samsung employees… [by] December 31, 2011;

3.      Emails and documents showing Samsung's analysis of and consideration of *Apple's products*. With respect to any materials subject to the court's September 28, 2011 order that have not been produced, Samsung shall complete its production immediately and, in any event, no later than December 31, 2011.  Any further failure to comply with the September 28 Order will subject Samsung to sanctions. All other responsive documents, specifically relating to the additional products and patent claims that were not at issue during the preliminary injunction phase, shall be produced on a rolling basis and no later than January 15, 2012.

4.      Survey and marketing documents. Samsung shall complete its production of these materials no later than January 15, 2012. As above, with respect to any materials that were subject to the September 28 Order and not yet produced, Samsung shall complete its production immediately and, in any event, no later than December 31, 2011. Once again, any further failure to comply with the September 28 Order will subject Samsung to sanctions.

(Dkt. No. 537.)   Notably, the Court declined Apple's request to order Samsung to search its designers' files for the term "Apple."

**12.     Samsung's Substantial Compliance with the Court's December 22 Court Order**

1  ██████████████████████████████████████████████████████████████

2  ████████████████  ████████████  ████████████████████████████████

3  ██████████████████████████████████████████████████████████████████

4  ██████████████████████████████  ████  ████████████████████████████

5  ██████  ██  ██████  ████  ████  ████████  ████  ████  ██████  ██████  ██

6  ██████████████████████████████████████████████████████████████████

7  ██████████████████████████████████████████████████████████████████

8  ██████████████████████████████████████████████████████████████████

9  ██████████████████████████████████████████████████████████████████

10  ██████████  ████  ████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████████  ████

12  ██████████████████████████████████████████████████████████████████

13  ██████████████████████████████████████████████████████████████████

14  ██████████████████████████  ████  ████████████████████████████████

15  ██████████████████████████████████████████████████████████████████

16  ████████████  ████  ████████████████████████████████████████████████

17  ██████████████████████████████████████████████████████████████████

18  ██████████████████████████████████████████████████████████████████

19  ████████████████████████  ████████████████████████

**13.      Apple's Dilatory and Incomplete Preliminary Injunction-Related Production**

After the preliminary injunction hearing, Samsung discovered that Apple had failed to produce material evidence that was responsive to Samsung's discovery requests during the preliminary injunction phase.   For example:

- **Designer Emails**.   Samsung had requested emails from the design inventors on the asserted patents, since Apple's preliminary injunction motion was premised on three design patents.   *See, e.g.*, Jenkins Decl., Ex. G (Samsung's Requests for Production Nos. 89-91.)   Ultimately, Apple admitted that it never even searched its design inventors' emails in response to Samsung's document requests.   In addition, over a month after the injunction hearing, Apple produced ██████████████████████

SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS

[REDACTED]

- **035 Mockup**.   Samsung learned after the injunction briefing had closed, that Apple had [REDACTED]

  [REDACTED]   Without the evidence of this physical model, the Court concluded that Apple likely would be able to establish infringement, based on similarities between the D'889 drawings and Samsung's tablet, although Samsung had raised substantial questions regarding validity based on prior art. (Dkt. No. 449 at 40-46.)   This important mockup was responsive to several of Samsung's preliminary injunction requests.   *See, e.g.*, Jenkins Decl., Ex. G (Samsung's Requests for Production Nos. 1, 6, 8.)

- **Early iPhone Models.**   Apple refused to produce earlier iPhone models, which impeded Samsung's ability during the preliminary injunction briefing to show that the features depicted in its D'087 and D'677 designs are functional.   Apple also failed to produce testing results showing how its products function after they are dropped, which are probative of whether certain features of Apple's design are purely functional, and thus, are not protected.   These materials are responsive to several of Samsung's preliminary injunction requests.   *See, e.g.*, Jenkins Decl., Ex. G (Samsung's Requests for Production Nos. 1, 5, 6 & 8.)

- **iPad 2 Patent Applications.**   Apple still has not produced the patent applications for the iPad 2.   The Court relied on a comparison of Samsung's Galaxy Tab 10.1 and the iPad 2 to support its infringement analysis.   (Dkt. No. 449 at 47.)   However, if Apple has certified in its patent application that the iPad 2 design is novel, then the iPad 2 could not be a commercial embodiment of the 2005 D'889 patent, and Apple would have been unable to use the iPad 2 to support its preliminary injunction motion.   These materials are responsive to several of Samsung's preliminary injunction requests.   *See, e.g.*, Jenkins Decl., Ex. G (Samsung's Requests for Production Nos. 1, 6, 8 & 11.)

## ARGUMENT

Apple has failed to demonstrate that sanctions should issue.   Federal Rule of Civil Procedure 37(b)(2)(C) provides that if a discovery order is violated, "the court must order the disobedient party, the attorney advising the party, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or

---

[8]   (Dkt. No. 449 at 23-24).   The feature of the D'677 patent the Court cited in rejecting Samsung's invalidity arguments was its use of a flat black translucent screen [REDACTED]

[REDACTED]

[REDACTED]   The email Apple failed to produce thus demonstrated that the black screen – the only feature that distinguished the D'677 design from the D'087 design – was anticipated by, and obvious, in light of Sony's own designs, and that Apple used this design as a model just weeks before its claimed D'677 priority date.

1   other circumstances make an award of expenses unjust."   Rule 37 therefore precludes an award

2   of attorney's fees where no court order was violated or, in the event there was some violation: (1)

3   where any failure to comply was substantially justified; (2) where other circumstances make the

4   award unjust and/or (3) where the moving party's attorney's fees were not "caused by the failure"

5   to obey the court order.

6          Here, Samsung did indeed comply with the Court's Orders by taking immediate action and

7   producing thousands of responsive documents prior to the ordered deadlines.   But in any event,

8   any isolated and inadvertent delays in production were substantially justified in light of the

9   expedited time-frame, the breadth of Apple's demands, and complications with overseas

10  discovery.   Additionally, a sanctions award would be manifestly unjust because Samsung's

11  herculean discovery efforts were completed in good faith, Apple suffered no prejudice by any

12  alleged delay, and Apple cannot be heard to complain given its own delays in productions.

13  Finally, Apple has failed to demonstrate that it incurred any fees caused by any discovery conduct

14  of Samsung.   Apple's motion should be denied.

15  **I.      SAMSUNG SUBSTANTIALLY COMPLIED WITH BOTH COURT ORDERS.**

16         Apple argues that Samsung violated the Court's Orders because it failed to produce: (1)

17  documents from certain of its designers referencing Apple and the Apple products at issue, and (2)

18  survey documents from certain survey custodians that reference the Apple products at issue.

19  Apple is incorrect on both counts.

20         **A.      Samsung Complied With The Orders to Produce Documents From Its Designers**

21                **Referencing Apple Products.**

22         Samsung conducted a proper search for documents referencing the Apple products from the

23  files of the relevant Samsung designers. ████████████████████████████████████

24  ████████████████████████████    ████████████████████    ████████████

25  █████████████████████████████████████████████████████████████████████

26  ████████████████████████████████████    █    ████████████████████████████

27  ██████████████████████████████████████████████████████    ████████████

28  ██████    ███████████████████████████████████████████████████████████

1 ███████ ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████████████████

4 █████████████████████████████████ ████ ████████████████████████

5 ████████████████████████████████████████████████████████████████

6 ██████████ ████████████████

7      Samsung's efforts were more than sufficient under the circumstances.   Nevertheless, Apple

8 points to some documents Samsung produced in December 2011 January 2012 containing the

9 terms "iPhone" and "iPad" from certain design custodians and claims that this must mean that

10 Samsung intentionally concealed documents or that Samsung didn't bother to search for

11 documents in response to the September 28 Order.   Neither accusation is true.   ████████████

12 ██████████████████████████████████████████████████████████ ████

13 ██████████████ ████████████████████████████████████████████████

14 ████████████████████████████████████████████████████████████████

15 ████████ ████████     Given the circumstances, Samsung substantially complied with the

16 Court's Orders regarding such designer documents.

17     Apple next argues that Samsung also failed to search for documents containing references to

18 "Apple."  (Pl. Mot. at 11).   In fact, neither of the Court's Orders required Samsung to search for

19 and produce such documents.   (*See* Dkt. No. 267; Dkt. No. 537.).   Rather, discovery was limited

20 to documents referring to the "Apple's products" that were at issue in Apple's preliminary

21 injunction motion.   (*Id*.)   While Samsung is searching for and producing documents referencing

22 the term "Apple" by agreement, those documents were not compelled to be produced by either the

23 October 7, December 31 or January 15 deadlines.   Thus, Apple's evidence improperly conflates

24 documents the Court *required* Samsung to produce with those Samsung has *voluntarily* produced.[9]

25 **B.**    **Samsung Complied With The Orders to Produce Documents From Its Survey**

26         **Employees Referencing Apple Products.**

27

28

---

[9]   Declaration of Minn Chung in Support of Apple Inc.'s Motion for Rule 37(b)(2) Sanctions for Samsung's Violation of Two Discovery Orders ("Chung Decl.") (Dkt. No. 715-02), ¶¶ 6, 8, 9, 10, 12, 36.

1  Likewise, and contrary to Apple's claims, Samsung conducted a fulsome search for

2  documents from the relevant employees charged with conducting surveys for files referencing the

3  Apple products at issue. ████████████████████████████████████████

4  ████████████████████████████████████████████████████

5  ████████████████████████████████████     ████████████

6  ████  Samsung's search was more than sufficient in the circumstances.   Nevertheless, Apple

7  claims Samsung violated the September 28 Order by (1) failing to produce even a single page of

8  survey documents by the October 7 deadline, and (2) producing 400 survey documents mentioning

9  "Apple or its products" in December 2011.   Apple has it wrong on both counts.

10  <u>First</u>, Samsung produced ████████████████████████████████

11  ████████████    ████████████     ████████████████████

12  ████████████████████████  ███  <u>Second</u>, as discussed

13  above, Samsung was never ordered to produce survey documents referencing "Apple."

14  ████████████████████████████████████████████

15  ████████████████████████████████████████████████

16  ████████████  ████████████████  ████████████████

17  ████████████████████████████████████████████████

18  ████████████████████████████  ████████████████████

19  ████████████████████████████████████████████████

20  ████  █  ████  Thus, despite any inadvertent glitches, Samsung substantially complied with the

21  Court's Orders.

22  Moreover, Samsung complied with the Court's December 22 Order, which required

23  production of any materials subject to the September 28th Order by December 31, 2011.   As even

24  Apple concedes, Samsung produced all but one survey document for all survey custodians before

25  the court-ordered deadline. ████████████████████████████████

26  ────────────────────
      10

27  ███████████████████████████  █  ████████████████████

28  ████████████████████████████████████████  ██  ████

1 ███████████████████████████████████████████████

2 ██████████████████████████████████   ██████████████

3 ███████████████████████████████████████████████

4 ██████████████████████████████   ████   ████████████

5 ███████████████████████████

6 **II.    ANY ISOLATED AND INADVERTENT DELAYS IN PRODUCTION WERE**

7 **SUBSTANTIALLY JUSTIFIED.**

8 Even if the Court concludes that Samsung failed to comply in full with the Court's Orders,

9 that failure is substantially justified and cannot support a sanctions award.  Samsung faced

10 monumental obstacles in its discovery efforts, including a drastically compressed time-frame

11 caused by Apple's desire for a quick trial, sweepingly broad discovery demands from Apple that

12 were served at the very last minute, foreign language translation issues, complicated decryption

13 and technical issues, and logistical issues in connection with moving vast amounts of data halfway

14 across the world.  Despite those obstacles, Samsung made reasonable and diligent efforts to

15 produce responsive documents.

16 To be sure, the mere fact that Samsung located additional responsive documents during the

17 broader, post-injunction discovery phase does not establish an unjustified failure to comply with

18 the Court's Orders.  Samsung did not intentionally fail to produce or conceal any documents or

19 ignore the Court's Orders. Although Apple seeks to assign nefarious motives to these isolated

20 production delays, the fact remains that Samsung worked tirelessly to produce expedited

21 discovery.  These delays were substantially justified and the circumstances here militate against

22 the imposition of sanctions.  *See In re Asbestos Products Liability Litig.*, 2010 WL 2034636, *6

23 (declining to impose monetary sanctions where failure to produce documents was "de minimis

24 considering the nature of the material sought and … the wide-ranging scope of [the] Order");

25 *Century Indem. Co. v. Aero-Motive Co.*, 254 F. Supp. 2d 670. 695 (W.D. Mich. 2003) (declining

26 to impose sanctions for late production of documents where delay was not the result of bad faith,

27 but good-faith oversight during a search for outdated documents).

28

1   **III.   IN THESE CIRCUMSTANCES, A SANCTIONS AWARD WOULD BE**

2   **MANIFESTLY UNJUST.**

3        Rule 37(b)(2)(C) precludes an award of expenses where circumstances make such an award

4   unjust.   Sanctions would be manifestly unjust here for two reasons.

5        <u>First</u>, as demonstrated above, Samsung's discovery efforts were carried out with the utmost

6   speed, diligence and good faith.   (*See* Kang Decl., ¶¶ 5-9; Jenkins Decl., ¶¶ 9-14, 18-20 (detailing

7   Samsung's herculean efforts to comply with the Court's discovery orders in difficult

8   circumstances).   Punishing Samsung for a few unintended technical glitches amongst the many

9   hundreds of thousands of documents Samsung timely produced would be pointless and unjust.

10  *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994) (good or bad faith is a

11  consideration in determining whether imposition of sanctions would be unjust.)   This is

12  particularly true where Apple too has suffered its own technical glitches that resulted in violations

13  of this Court's orders.   For example, notwithstanding the Court's December 22, 2011, Order to

14  produce documents three days before deposition, Apple dropped approximately 17,000 pages of

15  documents on Samsung the night before the scheduled deposition of Richard Dinh, blaming "a

16  technical issue."   (Jenkins Decl., Ex. O (February 15, 2012 letter from M. Mazza to S. Jenkins).)

17  Similarly, Apple recently admitted that it missed the Court's February 3, 2012 deadline to produce

18  copies of certain documents responsive to the Court's January 27, 2012 Order due to technical

19  issues as well.   (Jenkins Decl., Ex. O.)   Punishing Samsung but not Apple for such technical

20  glitches would be unjust.

21       <u>Second</u>, Apple has failed to demonstrate that it was prejudiced by Samsung's document

22  production efforts.   Apple's claim of prejudice rests entirely on the notion that, had Samsung

23  produced certain documents some weeks earlier than it did, Judge Koh would have granted

24  Apple's preliminary injunction motion.   (Pl. Motion at 14-20.)   Apple's argument is a non-

25  starter for at least three reasons.

26       As a preliminary matter, the entire premise of Apple's motion is suggestive of an improper

27  collateral attack on Judge Koh's preliminary injunction order.   By claiming that Samsung's

28  document production was "outcome determinative," it asks this Court to speculate as to how a

1    different judge *might* have exercised her discretion had certain documents been presented – a

2    tenuous exercise that necessarily would require the Court to undertake its own merits analysis to

3    determine whether the disputed documents—a small subset of the thousands produced—likely

4    would have altered the injunction outcome.   This assessment, in turn, would require Samsung to

5    present rebuttal evidence that Apple itself failed to produce documents during the preliminary

6    injunction phase.   Apple cites no precedent for its "alternate universe" motion, nor could

7    Samsung locate any.

8         Moreover, the documents in question have nothing to do with the grounds on which Apple

9    lost its motion.   Specifically, the four categories of documents it points to are:

10        (1) "evidence" that design of smartphones is generally important and that consumers

11   preferred Apple products;

12        (2) "evidence" that Samsung analyzed competitors' products, including Apple's;

13        (3) "evidence" that Samsung analyzed certain aspects of Apple's user interface, and

14        (4) "evidence" that some of Samsung's customers may switch to Apple.

15        None of this purported "evidence" could possibly establish prejudice, because Apple lost its

16   preliminary injunction motion on two grounds:   (1) failure to submit its own evidence of

17   irreparable harm to its business, and (2) the invalidity of two of its asserted patents (among other

18   things).   No amount of evidence on the alleged infringement prong of the preliminary injunction

19   test – which is the only issue the above-referenced evidence could be relevant to – could have

20   saved Apple's motion.[11]

21        And finally, Apple was not deprived of making whatever arguments it wanted to during the

22   preliminary injunction briefing, because the documents in question are cumulative of those Judge

23   Koh considered.   For example, ██████████████████████████

24   ████████████████████████████████████    ██████████████████

25        [11]   Apple cites *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1116 (Fed. Cir. 2004), for
     the proposition that the "failure to produce documents as ordered . . . is considered sufficient
26   prejudice."   In *Computer Task Group*, the plaintiff intentionally "refused to produce key
     documents."   *Id.* at 1114.   Apple has made no such showing here.   Further, *Computer Task
27   Group* concerned the stringent standard applicable to default judgments,   (*see id.* at 1115), which
     requires a showing "that the delay "impaired [its] ability to go to trial or threatened to interfere
28   with the rightful decision of the case."   *United States for Use and Benefit of Wiltec Guam, Inc. v.
     Kahaluu Constr. Co.*, 857 F.2d 600, 604 (9th Cir. 1988).

1 ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3 ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮

4 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮

6 ▮▮▮▮▮▮▮▮▮ Apple fails to identify any substantive difference

7 between the documents it cites and those Judge Koh considered.   Likewise, ▮▮▮▮

8 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10 ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ ▮▮

11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12 ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮

13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14 ▮▮

## IV.  APPLE CANNOT DEMONSTRATE THAT ITS EXPENSES WERE CAUSED BY

## ANY ALLEGED VIOLATION OF ANY DISCOVERY ORDER

Apple's Motion fails for another reason: it cannot show that its claimed expenses were "caused by" Samsung's alleged violation of the Court's Orders, as required by Rule 37(b)(2)(C). Not only does Apple fail to even attempt to meet this standard, but it brazenly seeks reimbursement for virtually every dime it has spent since preparing its preliminary injunction motion—including expenses that may have been incurred *before this lawsuit was ever filed.* Apple's overreaching should not be rewarded.[13]

---

[12]   Apple's entire premise that competitive analysis equates to evidence of copying is incorrect.   "[P]roduct designers frequently study competing products in the course of new product design. . ."   *Eldon Indus., Inc. v. Rubbermaid, Inc.*, 735 F. Supp. 786, 820 n.18 (N.D. Ill. 1990).   Indeed, Apple's own designers have admitted ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[13]   *See, e.g., Buchanan v. Santos*, 2011 WL 2112475, *6 (E.D. Cal. 2011) (denying fees where Plaintiff failed to offer evidence he incurred the requested costs); *Liew v. Breen*, 640 F.2d 1046, 1051 (9th Cir. 1981)   (overturning fees and costs unrelated to the violation of a court order);

1    Apple's Motion, moreover, is also deficient because it is devoid of any attorney declaration

2  or other sworn evidence that would set forth the connection between Samsung's document

3  production and each of the categories of "Relief Requested" in Apple's Motion. *See Rice v. Icicle*

4  *Seafoods, Inc.*, 2008 WL 5246396, *2 (W.D. Wash. 2008) ("The Court will not award fees and

5  costs based on an approximation.").   Apple's most outrageous requests include its demand for

6  fees and expenses incurred in connection with its preliminary injunction motion, filed almost three

7  months *before* the Court's first Discovery Order.   (Pl. Motion at iv.)   Apple clearly incurred fees

8  before its filing date (but fails to properly itemize them).   There is thus no basis to hold Samsung

9  responsible for paying Apple's costs of seeking an injunction, since such expenses – many

10  incurred prior to any discovery disputes – were not "caused by" Samsung's alleged discovery

11  errors which arose after those discovery disputes.

12    Apple further seeks expenses relating to "Apple's analysis of Samsung's compliance."

13  (Pl. Motion at iv, v.)   However, Apple's Motion reveals that such requests relate to its counsel's

14  review of Samsung's production – which it would have to do anyway, to prepare for depositions,

15  dispositive motions and trial.   Moreover, Apple's document review apparently extends far

16  beyond the Court's injunction-related Orders to numerous other aspects of the case, including

17  depositions, patent disclosures, and claim construction briefing, thereby exceeding the scope of

18  Rule 37(b)(2)(C)).  *See, e.g. Wilson v. Seattle Housing Authority*, 2011 WL 338793, at *3 (W.D.

19  Wash. February 3, 2011) (denying plaintiff's request for attorneys' fees for "time reviewing"

20  documents, since "[p]laintiffs' document review was not *caused by* [defendant's] failure," and

21  limiting sanctions to fees incurred in connection with plaintiff's  motion for sanctions) (emphasis

22  in original)).

23    Fees and expenses related to Apple's Motion to Compel Timely Production of Foreign-

24  Language and Other Documents in Advance of Related Depositions ("Motion to Compel") are

25  similarly not compensable given the absence of any nexus between it and Apple's sanctions

26  motion.  (Pl. Motion at v.)  Likewise, Apple cannot justify fees related to Apple's appeal of

27  Charles A. Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, 8B Fed. Prac. & Proc.

28  Civ. § 2289   (3d. ed. 2011) ("The expenses that may be recovered under [Rule 37(b)] are those
   `caused by the failure' to obey an order and therefore do not include the expense of obtaining the
   order itself.") (quoting Fed. R. Civ. P. 37(b)(2)).

1  Judge Koh's injunction ruling.   (Pl. Motion at iv.)   Apple's request erroneously asks this Court

2  to draw the unsubstantiated inference that (a) Apple would not have appealed the ruling *but for*

3  Samsung's discovery violations and (b) *all* of the issues on appeal are traceable to Samsung's

4  alleged violation.   Such conjecture fails to satisfy the causation standard contained in Rule

5  37(b)(2)(C).

**CONCLUSION**

7      For the reasons stated, Apple's Motion for Sanctions should be denied.

8  DATED: February 25, 2012          Respectfully submitted,

10                                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

11                                    By:    */s/ Victoria Maroulis*
                                         Charles K. Verhoeven
12                                       Kevin P.B. Johnson
                                         Victoria F. Maroulis
13                                       Michael T. Zeller

14                                       Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
15                                       SAMSUNG ELECTRONICS AMERICA, INC. and
                                         SAMSUNG TELECOMMUNICATIONS AMERICA,
16                                       LLC