1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                    UNITED STATES DISTRICT COURT

17        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18 APPLE INC., a California corporation,           CASE NO. 11-cv-01846-LHK

19              Plaintiff,                          **DECLARATION OF SARA JENKINS IN
                                                    SUPPORT OF SAMSUNG'S OPPOSITION
20        vs.                                       TO APPLE'S MOTION FOR RULE
                                                    37(B)(2) SANCTIONS**
21 SAMSUNG ELECTRONICS CO., LTD., a
   Korean business entity; SAMSUNG                  Date: March 6, 2012
22 ELECTRONICS AMERICA, INC., a New                 Time: 10:00 a.m.
   York corporation; SAMSUNG                        Place: Courtroom 5, 4th Floor
23 TELECOMMUNICATIONS AMERICA,                      Judge: Hon. Paul S. Grewal
   LLC, a Delaware limited liability company,
24
                Defendants.                         **REDACTED**
25

26

27

28

1    I, Sara Jenkins, declare:

2    1.    I am an associate in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP,

3    counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung

4    Telecommunications America, LLC (collectively, "Samsung").    I am licensed to practice law in

5    the State of California.    I submit this declaration in support of Samsung's Opposition to Apple's

6    Motion To For Rule 37(B)(2) Sanctions for Samsung's Violation of Two Discovery Orders.    I

7    have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I

8    could and would testify to the following facts.

9    **The Court Sets Strict Limits For "Narrowly Tailored" Preliminary Injunction Discovery.**

10    2.    Early in the case, Apple urged the Court to adopt an expedited and limited

11    discovery schedule for its "focused," motion "limited to three design patents and one utility

12    patent."   (Dkt. No. 100 at 1, 2.)    Based on these representations, the Court limited the

13    injunction-related discovery phase, instructing the parties to "keep discovery requests reasonable

14    in scope and narrowly tailored to address the preliminary injunction motion."    (Dkt. No. 115. at

15    2 .)

16    3.    Over the next several months, Apple repeatedly stated that the scope of discovery

17    for the preliminary injunction was "narrowly tailored," in justifying its limited production of

18    documents in response to Samsung's discovery requests.    Attached as **Exhibit A** is a true and

19    correct copy of an August 5, 2011 letter from Jason Bartlett to Victoria Maroulis.    In this letter,

20    Apple refused to provide complete discovery responses regarding Apple's infringement positions

21    relating to the four Apple patents at issue in the preliminary injunction motion stating that

22    "Samsung's 'discovery requests [should be] reasonable in scope and narrowly tailored to address

23    the preliminary injunction motion."

24    4.    Similarly, in its preliminary injunction-related discovery responses, Apple made

25    clear that it was only "conducting a reasonable investigation appropriate for the limited

26    preliminary injunction discovery."    Attached hereto as **Exhibit B** is a true and correct copy of

27    Apple's Supplemental Responses to Interrogatories 1,3, and/or 6 dated 9/30/11.

28

02198.51855/4617652.3

**JENKINS DECLARATION IN SUPPORT OF SAMSUNG'S**
**OPPOSITION TO APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS**

**Apple Propounds Belated and Sweepingly Broad Preliminary Injunction Discovery Demands**

5.      In contrast to the two-month time-frame Samsung gave Apple to respond to Samsung's preliminary injunction-related document requests (serving them on July 6, 2011), Apple waited until August 26, 2011 – the very last day for propounding such discovery and over two months after it filed its preliminary injunction motion – before serving the vast majority of its preliminary injunction discovery requests.

6.      Apple effectively sought a full-fledged production of general discovery in just seventeen days.   Below are just some of Apple's preliminary injunction requests that capture the breadth of subject matter that Apple pursued:

a.      **REQUEST NO. 158:** All Documents relating to the design, development, or implementation of the following features of the Products at Issue: (1) their Hardware Design; (2) the functionality that allows for a list to be scrolled beyond its terminus or a document to be translated beyond its edge until the list or document is partially displayed; and (3) functionality that allows for a list that is scrolled beyond its terminus to scroll back or bounce back into place or for a document that is translated beyond its edge to translate back or bounce back so that the list or document returns to fill the screen.

b.      **REQUEST NO. 161:** All Documents and things relating to the design of the Hardware Design of the Products at Issue, including for example, CAD images or files, emails, notebooks, photographs, sketches, design specifications, models, mock-ups, and other design documents.

c.      **REQUEST NO. 163:** All Documents relating to functional and cost considerations that constrained or altered the Hardware Design of the Products at Issue.

d.      **REQUEST NO. 164:** All Documents relating to aesthetic considerations relating to the Hardware Design of the Products at Issue.

e.      **REQUEST NO. 167:** All Documents to the design of the user interface for each of the Products at Issue.

**JENKINS DECLARATION IN SUPPORT OF SAMSUNG'S**
**OPPOSITION TO APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS**

f.      **REQUEST NO. 204:** All Documents relating to your analysis, review, consideration, or copying of, or comparison against, any Apple product or product feature, including (1) their Hardware Design; (2) the functionality that allows for a list to be scrolled beyond its terminus or a document to be translated beyond its edge until the list or document is partially displayed; and (3) functionality that allows for a list that is scrolled beyond its terminus to scroll back or bounce back into place or for a document that is translated beyond its edge to translate back or bounce back so that the list or document returns to fill the screen.

g.      **REQUEST NO. 206:** All Documents relating to any customer surveys, studies, analyses or investigations regarding the Products at Issue.

h.      **REQUEST NO. 207:** All Documents identifying or analyzing the market or markets to which Samsung intends to sell the Products at Issue.

i.      **REQUEST NO. 208:** All Documents created within the last five years relating to Samsung's actual or projected smartphone market share.

j.      **REQUEST NO. 209:** All Documents created within the last five years relating to Samsung's actual or projected tablet computer market share.

k.      **REQUEST NO. 214:** All Documents relating to marketing of any Products at Issue that discuss or refer directly or indirectly to Apple or Apple products, including copies of all advertisements or other promotional materials, marketing plans, market surveys, focus group studies, or other documents related to testing of advertisements or advertisement messaging. Documents responsive to this Request include, but are not limited to, your "Hello" marketing campaign relating to the Galaxy S, your "See Flash Run" marketing campaign for the Galaxy Tab, and your "Appelmos" ("Applesauce") marketing campaign relating to the Galaxy S II.

l.      **REQUEST NO. 215:** All Documents relating to any instances of consumer confusion in which Samsung was made aware that a person confused an Apple product for a Product at Issue, or a Product at Issue for an Apple product.

-4-                                    Case No. 11-cv-01846-LHK

**JENKINS DECLARATION IN SUPPORT OF SAMSUNG'S**
**OPPOSITION TO APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS**

7.      Apple's belated service of its requests proved extremely burdensome to Samsung, given the large number of document custodians and the difficulties of collecting documents overseas.

8.      On September 1, 2011, four business days after receiving Apple's August 26 document requests, Samsung began producing documents to Apple.    Samsung ultimately produced preliminary injunction-related documents both before and after the rolling deadline (as Apple did with its preliminary injunction production), providing them to Apple as expeditiously as possible given the circumstances.    Samsung had produced more than 32,000 pages of documents by September 20, 2011.

**Samsung's Substantial Compliance with the September 28 Order**

**JENKINS DECLARATION IN SUPPORT OF SAMSUNG'S
OPPOSITION TO APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS**

Case No. 11-cv-01846-LHK

02198.51855/4617652.3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

**Apple Warns Samsung to Expect to See Documents Responsive to Samsung's Preliminary Injunction Requests During the General Discovery Phase**

20

21

15.     Attached hereto as **Exhibit D** is a true and correct copy of a    letter from Michael Jacobs to Victoria Maroulis dated October 7, 2011 in which Mr. Jacobs warns Samsung that "[s]ome of the documents located as part of" Apple's general discovery process "may also be responsive to Samsung's preliminary injunction discovery requests."

22

23

24

25

26

27

28

**JENKINS DECLARATION IN SUPPORT OF SAMSUNG'S
OPPOSITION TO APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS**

02198.51855/4617652.3

**Apple's December Motion to Compel and the Court's December 22, 2011 Order**

16.     At the time of Apple's filing of a motion to compel on December 8, the parties had been in the midst of negotiating various discovery agreements, including an agreement to reciprocally produce ████████████████████████████████████████████

**Samsung's Substantial Compliance with the Court's December 22 Order**

**JENKINS DECLARATION IN SUPPORT OF SAMSUNG'S**
**OPPOSITION TO APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS**

02198.51855/4617652.3

**Apple's Failure to Produce Relevant Documents Prior to the Preliminary Injunction Hearing**

21.     As preliminary injunction discovery came to a close, Samsung discovered that Apple had failed to produce material evidence that was responsive to Samsung's discovery requests during the preliminary injunction phase.

22.     Samsung had requested emails from Apple's design inventors of Apple's asserted patents during preliminary injunction related discovery.    Attached hereto as **Exhibit G** is a true and correct copy of excerpts of Samsung's Requests for Production of Documents and Things Relating to Apple Inc.'s Motion for a Preliminary Injunction, dated July 6, 2011..   Apple ultimately admitted that it had never searched its design inventors' email for responsive documents.

23.     Apple failed to produce a highly relevant ████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████    This document is responsive to Samsung's preliminary injunction requests, but Apple did not produce it until after the preliminary injunction hearing.

24.     Attached hereto as **Exhibit I** is a true and correct copy of excerpts taken from the deposition of Christopher J. Stringer, dated February 15, 2012.

25.     Apple has produced numerous documents describing ████████████████
████████████████    ████████████████████████████████
████████████████████    ████████████████████████████
████████████████████████████████████████████████████
████████████████████    ████████████████████████████
████████████████████████████████████████████████
████████████████████████████    ████████████

**JENKINS DECLARATION IN SUPPORT OF SAMSUNG'S
OPPOSITION TO APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS**

26.     Apple periodically has experienced technical problems with its document production. For instance, notwithstanding the Court's December 22, 2011, Order to produce documents three (3) days before deposition, Apple dropped approximately 17,000 pages of documents on Samsung the night before the scheduled deposition of Richard Dinh, citing   "a technical issue."   Attached hereto as **Exhibit O** is a true and correct copy of a letter from Mia Mazza to Sara Jenkins, dated February 15, 2012.

27.     On January 27, 2012, the Court Ordered that Apple produce several categories of documents, and that "[a]ll production subject to this order must be completed on a rolling basis and no later than February 3, 2012, with priority placed on completing relevant production no later than three-days prior to any deposition."   (Dkt. No. 673 at 2)   Yet, Apple recently admitted that Apple did not comply in several respects with the Court's Order.   First, Apple admitted that "due to processing errors." Apple could not produce Bates numbered survey reports, marketing reports, and media plans for iPhone, iPod touch, and iPad products until February 9, six days after the court-ordered deadline.   Second, Apple admitted that is still searching for and producing documents responsive to Samsung's Request for Production No. 55, now twenty days after the court-ordered deadline.   Third, Apple admitted that it produced its "Financial Documents" on February 5 and February 16, 2012, between two and thirteen days after the court-ordered deadline.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

-9-                                 Case No. 11-cv-01846-LHK

**JENKINS DECLARATION IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS**

1    Executed in Redwood Shores, California on February 25, 2012.

2

3                                    By  /s/ Sara Jenkins
                                         Sara Jenkins
4                                        .

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

02198.51855/4617652.3

28
**JENKINS DECLARATION IN SUPPORT OF SAMSUNG'S
OPPOSITION TO APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS**