1  HAROLD J. MCELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
2  MICHAEL A. JACOBS (CA SBN 111664)
   mjacobs@mofo.com
3  JENNIFER LEE TAYLOR (CA SBN 161368)
   jtaylor@mofo.com
4  ALISON M. TUCHER (CA SBN 171363)
   atucher@mofo.com
5  RICHARD S.J. HUNG (CA SBN 197425)
   rhung@mofo.com
6  JASON R. BARTLETT (CA SBN 214530)
   jasonbartlett@mofo.com
7  MORRISON & FOERSTER LLP
   425 Market Street
8  San Francisco, California  94105-2482
   Telephone:  (415) 268-7000
9  Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

11  Attorneys for Plaintiff and
    Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company., <br><br> Defendants. | Case No.   11-cv-01846-LHK (PSG) <br><br> **DECLARATION OF ERIK J. OLSON IN SUPPORT OF APPLE'S RULE 37(B)(2) MOTION RE SAMSUNG'S VIOLATION OF JANUARY 27, 2012 DAMAGES DISCOVERY ORDER** <br><br> Date:     April 3, 2012 <br> Time:     10:00 a.m. <br> Place:    Courtroom 5, 4th Floor <br> Judge:   Hon. Paul S. Grewal |

**PUBLIC REDACTED VERSION**

1  I, Erik J. Olson, declare as follows:

2  1. I am a partner in the law firm of Morrison & Foerster LLP representing Apple in
3  this matter. I am licensed to practice law in the State of California. I have personal knowledge of
4  the facts set forth below, except where I note that I am relying on the work of others whom I
5  supervise. I make this declaration in support of Apple's Rule 37(b)(2) Motion Re Samsung's
6  Violation of the January 27, 2012 Damages Discovery Order ("Rule 37 Motion").

7  2. On August 26, 2011, and October 26, 2011, Apple propounded on Samsung
8  detailed requests for the production of relevant documents as to Samsung's U.S. and worldwide
9  revenue, units sales, profits, selling prices, costs, and other financial information. Attached hereto
10 as Exhibits 1 and 2, respectively, are true and correct copies of excerpts of Apple Inc.'s Requests
11 for Production of Documents and Things Relating to Apple's Motion for a Preliminary
12 Injunction—Set Two, dated August 26, 2011, and Apple Inc.'s Sixth Set of Requests for
13 Production of Documents, dated October 26, 2011.

14 3. By mid-December, and after it became clear that Samsung had produced only a
15 smattering of unconnected reports, Apple wrote multiple letters to Samsung requesting that
16 Samsung produce financial documents in response to Apple's requests. Attached hereto as
17 Exhibits 3, 4, and 5 are true and correct copies of letters from Apple counsel Mia Mazza to
18 Samsung counsel Diane Hutnyan on December 19, 26, and 28, 2011, respectively. Samsung did
19 not produce significant additional financial documents. At my direction, attorneys for Apple
20 confirmed by searching Samsung's production that Samsung had not yet provided meaningful
21 discovery into revenues, profits, and sales on the accused products.

22 4. In January and after Apple noted it would seek relief from the Court by filing a
23 motion to compel the next day, Samsung offered to supplement its production of financial
24 documents by February 3, 2012. Attached hereto as Exhibit 6 is a true and correct copy of a
25 letter, dated January 10, 2012, from Rachel Herrick Kassabian to Harold McElhinny.

26 5. On January 11, 2012, Apple moved to compel the production of financial
27 documents. (*See* Apple's Motion to Compel Production of Documents and Things, filed
28 Jan. 11, 2012, Dkt. No. 613). Apple sought an order requiring Samsung to produce documents by

1  January 23, which would have allowed Apple to use the documents in connection with the

2  deposition of ▮▮▮▮, which took place on January 24, 2012.

3      6.   Along with the motion, Apple filed a detailed proposed order granting the motion,

4  Dkt. No. 616 ("[Proposed] Order Granting Apple's Motion to Compel Production of Documents

5  and Things"), a true and correct copy of which is attached to the Rule 37 Motion as Appendix A.

6      7.   Attached hereto as Exhibit 7 is a true and correct copy of a letter, dated

7  January 18, 2012, from Mia Mazza to Rachel Herrick Kassabian, requesting that Samsung

8  identify the Bates numbers containing the financial information that Samsung claims to have

9  produced. Samsung failed to respond to this request.

10     8.   On January 19, 2012, the Court held a hearing on Apple's January 11 Motion

11 to Compel. Attached hereto as Exhibit 8 is a true and correct copy of excerpted portions of the

12 transcript of that January 19, 2012 hearing.

13     9.   On January 24, 2012, I took the deposition of Samsung Telecommunications

14 America ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Apple did not have the financial

15 information Apple sought in its Motion to Compel for that deposition; instead, Apple was forced

16 to use its limited deposition time ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

18     10.  ▮▮▮▮ testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

19 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

20 Attached hereto as Exhibit 9 is a true and correct copy of excerpted portions of the transcript of

21 the deposition of ▮▮▮▮.

22     11.  Shortly after the deposition of ▮▮▮▮ attorneys for Apple, at my direction,

23 searched for the financial documents ▮▮▮▮▮▮▮▮, and with few exceptions, did

24 not find them. On January 27, 2012, Apple then wrote to Samsung to confirm that Samsung

25 would produce under the Order the financial documents that ▮▮▮▮ had identified but that

26 Samsung had not yet produced. Attached hereto as Exhibit 10 is a true and correct copy of that

27 letter, dated January 27, 2012, from Erik Olson to Rachel Herrick Kassabian.

28

12. Later in the day on January 27, the Court issued an Order, Docket No. 673, on Apple's motion to compel the production of financial documents. The Order stated: "All production subject to this order must be completed on a rolling basis and no later than February 3, 2012."

13. Attached hereto as Exhibit 11 is a true and correct copy of a letter, dated February 1, 2012, from Mark Pernick to Rachel Herrick Kassabian, requesting that Samsung respond to Apple's January 27, 2012 letter confirming that Samsung would produce the identified financial documents.

14. On February 2, Samsung responded to Apple's January 27 letter by saying it intended to produce documents in accordance with the Order. Attached hereto as Exhibit 12 is a true and correct copy of that letter, from Rachel Herrick Kassabian to me.

15. On February 3, the last day Samsung could comply with the Order, Samsung produced ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16. Attached hereto as Exhibit 13 is a true and correct copy of a letter, dated February 4, 2012, from Mark Pernick to Rachel Herrick Kassabian, asking whether Samsung intends to produce the documents described in the January 27, 2012 letter.

17. On February 6, 2012, lead counsel for Apple and Samsung met and conferred about the financial documents that Samsung had failed to produce.

18. Attached hereto as Exhibit 14 is a true and correct copy of a letter, dated February 9, 2012, from Mark Pernick to Rachel Herrick Kassabian, again requesting that Samsung identify the specific Bates ranges of financial documents that Samsung contends it produced to Apple. Again, Samsung failed to respond.

▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

██████████████████████████████████████████████████
███████████████████████

20. Attached hereto as Exhibit 15 is a true and correct copy of a letter, dated February 10, 2012, from Marc Pernick to Rachel Herrick Kassabian addressing Samsung's failure to comply with the Court's January 27 Order. The letter includes, "Exhibit 1: ████████
████████████████████████████████████████████████████
████████

21. Attached hereto as Exhibit 16 is a true and correct copy of a letter, dated February 12, 2012, from Marc Pernick to Rachel Herrick Kassabian addressing Samsung's failure to produce the documents requested for production in Erik Olson's January 27, 2012 letter (Exhibit 10 above). This letter also identified, for each category of documents that Samsung did not produce, which Apple requests for production covering each document category, and notes the categories unequivocally covered in the Order.

22. Attached hereto as Exhibit 17 is a true and correct copy of a letter, dated February 12, 2012, from Marc Pernick to Rachel Herrick Kassabian discussing problems with the 26-tab Excel spreadsheet, and Samsung's failure to comply with the Court's January 27 Order.

23. Attached hereto as Exhibit 18 is a true and correct copy of a letter, dated February 13, 2012, from Rachel Herrick Kassabian to Marc Pernick. In it, Samsung asserts that Samsung fulfilled its obligation to produce financial documents, that Samsung's production satisfies the Court's January 27 Order, and that Samsung would not produce the documents Apple had identified.

24. On February 14 and 15, 2012, lead counsel for Apple and Samsung again met and conferred regarding the documents Samsung had failed to produce and were unable to make an agreement.

25. Samsung's failure to produce financial documents in accordance with the February 3 deadline set by the Order has prejudiced Apple. Specifically, the deposition of Samsung's 30(b)(6) witness on various financial topics is scheduled to occur before March 8, 2012. The initial exchange of expert reports, including those addressing monetary

1  damages from infringement, is set to occur on March 22, 2012.  Even if the Court orders
2  Samsung to produce the requested financial information, such production would be *after* Apple
3  has deposed Samsung's 30(b)(6) witness and *after* Apple's damages experts have prepared their
4  reports.

5  26. Lacking basic financial information from Samsung such as sales in units, profits,
6  revenues, costs, fixed costs, and allocations for the accused products, as prepared in the ordinary
7  course, Apple's damages expert will not have the information required to prove the full measure
8  of Apple's damages under governing law.  Should Samsung produce new, corrected or additional
9  financial information, *e.g.* at the close of fact discovery or before other deposition of individuals
10 with financial responsibilities, Apple will be prejudiced by the untimely production, *e.g.* by
11 having to revise its expert reports to reflect profitability data newly produced.

12 27. Apple brought an action against Samsung before the International Trade
13 Commission ("ITC"), in which Apple seeks to block importation and sale of the same products as
14 at issue in the instant suit, based on the same Apple intellectual property as at issue here.  In that
15 suit, the ITC has twice ordered Samsung to comply with Apple's discovery requests.  Attached
16 hereto as Exhibit 19 is a true and correct copy of the ITC's most recent order in that case, Order
17 No. 14, issued on February 14, 2012.

18 28. I asked attorneys working with me to review the documents produced in both this
19 action and the two ITC actions to find any additional documents responsive to Apple's requests
20 and the Court's order.  In the course of this review, we discovered ▆▆▆▆▆▆▆▆
21 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
22 ▆▆▆▆▆▆▆▆▆▆▆▆▆  There is nothing close to a comprehensive or complete set of
23 documents in the multiple productions.

24 29. Specifically, the recent review of the ITC 794 documents revealed ▆
25 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
26 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
27 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
28 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

1  ███████████████████████████████████████████████████████████

2  ████████████████████████████  The significance of these documents and their usefulness is

3  discussed in the declaration of Eric Roberts.  Nonetheless, these sporadic productions show that

4  Samsung has access to these documents, that they include relevant, responsive information and

5  that Samsung's failure to produce reflects an intentional decision to withhold them.

6        30.    In am familiar with Apple's document production to Samsung.  Apple's

7  productions include more detailed information on financial issues, more comprehensive

8  documents in terms of the years and quarters that were included, costed bills of materials,

9  additional detailed information on costs and manufacture and marketing of the products, and

10  certain reports created in the ordinary course of business or given to management.

11        I declare under penalty of perjury that the foregoing is true and correct.  Executed this

12  28th day of February, 2012 at San Francisco, California.

                                                        */s/ Erik J. Olson*
                                                        Erik J. Olson

**ATTESTATION OF E-FILED SIGNATURE**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Erik J. Olson has concurred in this filing.

Dated: February 28, 2012                              */s/ Michael A. Jacobs*
                                                                            Michael A. Jacobs