UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　　　Defendants. | Case No.: 11-CV-01846-LHK<br><br>ORDER GRANTING SAMSUNG'S MOTIONS TO RECONSIDER, GRANTING APPLE'S MOTION TO SEAL |

Samsung filed a motion to reconsider this Court's order denying its motion to file under seal Exhibit E of the Chung Declaration filed in support of Apple's Motion to Augment the Record on its Motion for Preliminary Injunction ("Motion to Augment the Record"). ECF Nos. 530 (motion to reconsider) and 510 (Order). Exhibit E of the Chung Declaration contains a survey conducted by Samsung that contains information regarding consumer design preferences. Samsung also filed a motion to reconsider this Court's order denying its motion to file under seal Exhibit V of the Tung Declaration. ECF Nos. 547 (motion to reconsider) and 515 (Order). On reconsideration, Samsung seeks to seal portions of the deposition testimony of Justin Denison regarding an agreement (which includes a non-disclosure provision) between Best Buy and Samsung.

1

1       Pursuant to Civil Local Rule 79-5(a), orders to seal "may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as trade secret or otherwise entitled to protection under the law."  After review of the document and the supporting declaration, the Court is satisfied that Samsung's consumer survey is properly sealable.  The consumer survey contains information that, if disclosed, would allow Samsung's competitors access to and insight into Samsung's design decisions.  *See Nixon v. Warner Comm'ns*, 435 U.S. 589, 598 (1978) (citing *Schmedding v. May*, 85 Mich. 1, 5–6 (1891) and *Flexmir, Inc. v. Herman*, 40 A.2d 799, 800 (N.J. Ch. 1945)) (explaining that access to court documents has been denied where the documents contain business information that might harm a litigant's competitive standing).

Similarly, the portion of the deposition transcript that Samsung seeks to seal contains information that is subject to a nondisclosure agreement between Samsung and a third party. Further, Samsung's General Counsel has submitted a declaration explaining that the business relationship between Samsung and Best Buy would be compromised if the confidentiality of the communications were not retained.  Robinson Decl. ¶ 3, ECF No. 547-1.  The Court finds that the portion of the Denison declaration is properly sealable.

Relatedly, the Court initially granted Apple's motion to file Exhibits A-D of the Chung Declaration under seal. ECF No. 510.  Because the Court's order granted the sealing request with respect to Exhibits A-D, but denied the sealing request with respect to Exhibit E, Apple's request to seal its Motion to Augment Record on Its Motion for Preliminary Injunction, which referenced and discussed all five exhibits, was overly broad.  Apple was allowed to refile its administrative motion to seal its Motion to Augment the Record in light of the fact that the Court had denied the request to file Exhibit E under seal. ECF No. 510.  Apple re-filed its administrative motion to file under seal its Motion to Augment the Record, but lodged with the Court the unredacted copy of the Motion to Augment the Record, and the Chung declaration in support thereof, until such time as the Court ruled on Samsung's motion to reconsider the sealing order with respect to Exhibit E. ECF No. 519.  Apple's administrative motion to file under seal portions of its Motion to Augment the Record, as well as portions of the Chung declaration is GRANTED as this motion complies

1  with the Court's Order at ECF No. 510, allowing Exhibits A-D to be filed under seal.  Moreover, in

2  light of this Court's order regarding Samsung's motion to reconsider, the portions of Apple's

3  Motion to Augment the Record and the Chung declaration, which quote and discuss Exhibit E, are

4  likewise sealable.   Accordingly, Section B.2. of Apple's Motion to Augment the Record, as well

5  as the second sentence of paragraph 7 of the Chung declaration, which quote and discuss Exhibit E,

6  may be sealed.

7      For the reasons discussed above, the Court GRANTS Samsung's motions to reconsider.

8  The Court also GRANTS Apple's motion to file under seal portions of its Motion to Augment the

9  Record, and portions of the Chung declaration.  Samsung shall file Exhibit E of the Chung

10 Declaration and Exhibit V of the Tung Declaration under seal.  The redacted version of Exhibit V

11 of the Tung Declaration at ECF No. 547-2 shall be deemed filed.  Finally, Apple shall file its

12 Motion to Augment the Record and the Chung Declaration under seal.  Apple shall also file a

13 redacted version of these documents, in accordance with the directions described above.

**IT IS SO ORDERED.**

Dated: March 1, 2012

_____
LUCY H. KOH
United States District Judge

3
Case No.: 11-CV-01846-LHK
ORDER RE: SAMSUNG'S MOTIONS FOR RECONSIDERATION; APPLE'S SEALING MOTION