UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, ) | Case No.: 11-CV-01846-LHK |
| ) | |
| Plaintiff, ) | ORDER GRANTING IN PART, |
| v. ) | DENYING IN PART MOTION TO SEAL |
| ) | |
| SAMSUNG ELECTRONICS CO., LTD., a ) | |
| Korean corporation; SAMSUNG ) | |
| ELECTRONICS AMERICA, INC., a New York ) | |
| corporation; SAMSUNG ) | |
| TELECOMMUNICATIONS AMERICA, LLC, ) | |
| a Delaware limited liability company, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

Apple filed an administrative motion to file under seal portions of its motion for partial summary judgment, as well as supporting exhibits and portions of a declaration. ECF No. 660. Several of the exhibits were documents that were designated confidential by Samsung. Samsung subsequently filed a declaration[1] in support of Apple's motion to seal pursuant to Civil Local Rule 79-5(d). ECF No. 712-1. For the reasons explained below, Apple's motion is GRANTED in part, and DENIED in part.

**A. Samsung's documents**

---

[1] Samsung's declaration was filed two days after the deadline imposed by the local rules. The parties filed a stipulation extending the deadline for Samsung to file its declaration. ECF No. 712. The parties' stipulation to extend Samsung's deadline is hereby GRANTED.

1
Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART, DENYING IN PART MOTION TO SEAL

1          Samsung has designated two types of documents confidential. The first, Exhibit 24, is the
2   deposition testimony of Dr. Hyeon-Woo Lee, the inventor of the '604 patent. The second, Exhibits
3   46-48, are several licensing agreements between Samsung and Intel.

4          Samsung claims that the deposition testimony of Dr. Lee should be filed under seal because
5   "it would cause substantial competitive harm to Samsung if not filed under seal." Martin Decl. ¶ 2.
6   However, it is not clear how disclosure of the deposition testimony, which relates mostly to
7   Samsung's involvement in a standard setting organization, would harm Samsung's competitive
8   interests. Moreover, Samsung does not appear to have narrowly tailored its sealing request in
9   compliance with Civil Local rule 79-5(a). Accordingly, Apple's motion to file Exhibit 24 under
10  seal is DENIED, without prejudice.

11         Samsung also seeks to file under seal several licensing agreements with Intel that contain
12  non-disclosure provisions. After "balanc[ing] the competing interests' of the public and the party
13  who seeks to keep certain judicial records secret," the Court finds these documents properly
14  sealable. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting
15  *Foltz*, 331 F.3d at 1135) (alterations omitted). Samsung has offered a compelling reason why
16  Exhibits 46-48 are properly sealable – specifically, that disclosure of these licensing agreements
17  would cause them harm because the information contained in the agreements discloses the
18  valuation of intellectual property rights, as well as information regarding Samsung's financial and
19  accounting policies. *See Nixon v. Warner Comm'ns*, 435 U.S. 589, 598 (1978) (citing *Schmedding*
20  *v. May*, 85 Mich. 1, 5–6 (1891) and *Flexmir, Inc. v. Herman*, 40 A.2d 799, 800 (N.J. Ch. 1945))
21  (explaining that access to court documents has been denied where the documents contain business
22  information that might harm a litigant's competitive standing). Accordingly, Apple's motion to
23  seal Exhibits 46-48 is GRANTED.

24         **B. Apple's documents**

25         Apple seeks to seal portions of the declaration of Saku Hieta, as well as Exhibits 1-4 to the
26  Hieta declaration. The information contained in these documents relates to the source of certain
27  baseband processor chipsets used in Apple products. Apple has alleged that this information is
28  highly confidential and would harm them competitively. Tierney Decl. ¶ 2-3, ECF No. 660-1.

Based on the declaration provided, however, it is unclear why this information is sealable. For example, Apple has not explained how disclosure of the type of baseband processor chipsets, or the source of these chipsets, would harm Apple. Accordingly, Apple's motion to seal portions of the Hieta declaration, as well as Exhibits 1-4 of the Hieta declaration, is DENIED, without prejudice. Additionally, the Court also DENIES, without prejudice, Apple's request to file under seal portions of its Motion for Partial Summary Judgment in light of the fact that the Court has denied the request to file portions of the Hieta Declaration, Exhibits 1-4 of the Hieta Declaration, and Exhibit 24 under seal. Civil L.R. 79-5(a).

If either Samsung or Apple believes that it can adequately support a motion to seal any of the above referenced documents, it shall file a new declaration to seal **within one week of the date of this order.** Within one week of the date of this order, Apple shall also lodge with the court its motion for partial summary judgment with proposed redactions highlighted.

**IT IS SO ORDERED.**

Dated: March 1, 2012

_____
LUCY H. KOH
United States District Judge