| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| JENNIFER LEE TAYLOR (CA SBN 161368) | 60 State Street |
| jtaylor@mofo.com | Boston, MA 02109 |
| ALISON M. TUCHER (CA SBN 171363) | Telephone: (617) 526-6000 |
| atucher@mofo.com | Facsimile: (617) 526-5000 |
| RICHARD S.J. HUNG (CA SBN 197425) | |
| rhung@mofo.com | |
| JASON R. BARTLETT (CA SBN 214530) | MARK D. SELWYN (SBN 244180) |
| jasonbartlett@mofo.com | mark.selwyn@wilmerhale.com |
| MORRISON & FOERSTER LLP | WILMER CUTLER PICKERING |
| 425 Market Street | HALE AND DORR LLP |
| San Francisco, California 94105-2482 | 950 Page Mill Road |
| Telephone: (415) 268-7000 | Palo Alto, California 94304 |
| Facsimile: (415) 268-7522 | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK (PSG) |
| Plaintiff, | **APPLE INC.'S REPLY IN SUPPORT OF MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| | Date: March 27, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |
| Defendants. | |

**REDACTED PUBLIC VERSION**

APPLE'S REPLY ISO MOT. FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF DISCOVERY ORDERS
CASE NO. 11-cv01846-LHK
sf-3113090

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

I. INTRODUCTION ........................................................................................................... 1

II. SAMSUNG CONTINUES TO PRODUCE DOCUMENTS SUBJECT TO THE COURT'S ORDERS LONG AFTER THE COURT-ORDERED DEADLINES. ............. 2

III. ARGUMENT .................................................................................................................... 3

    A. Samsung Concedes That It Failed To Comply With The Court's Orders .............. 3

    B. Samsung's Violations Were Not Substantially Justified ........................................ 5

        1. Samsung's ongoing violations preclude Samsung from claiming substantial justification ............................................................................. 5

        2. The late-produced documents involved core issues in the case and should have been produced without Court intervention ............................ 5

        3. Samsung offers no excuse or explanation for its false statements to the Court ................................................................................................... 6

        4. Samsung's asserted justifications are insubstantial .................................... 7

    C. A Sanctions Award In These Circumstances Would Not Be Manifestly Unjust ....................................................................................................................... 8

        1. Samsung's violations involve more than just a few technical glitches ...................................................................................................... 8

        2. Samsung cannot show manifest injustice based on purported lack of prejudice to Apple .................................................................................. 9

        3. Samsung's pattern of discovery misconduct confirms that sanctions are not manifestly unjust .......................................................................... 11

    D. The Fees That Apple Seeks To Recover Are Attributable To Samsung's Violations ................................................................................................................. 13

IV. CONCLUSION ................................................................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Computer Task Group, Inc. v. Brotby*,
    364 F.3d 1112 (9th Cir. 1993) .......................................................................................... 9, 10

*In re Google Litig.*,
    No. C08-03172-RMG (PSG),
    2011 U.S. Dist. LEXIS 151337 (N.D. Cal. Aug. 2, 2011) ...................................................... 4, 7

*Qualcomm Inc. v. Broadcom Corp.*,
    No. 05cv1958-B (BLM),
    2008 U.S. Dist. LEXIS 911 (S.D. Cal. Jan. 7, 2008) ............................................................. 10, 13

*Tacori Enters. v. Beverlly Jewellery Co.*,
    253 F.R.D. 577 (C.D. Cal. 2008) ............................................................................................... 11

*Tracinda Corp. v. Daimlerchrysler AG*,
    No. 00-993-JJF,
    2005 U.S. Dist. LEXIS 6741 (D. Del. Apr. 20, 2005) .................................................................. 13

*United States v. Sumitomo Marine & Fire Ins. Co.*,
    617 F.2d 1365 (9th Cir. 1980) ..................................................................................................... 14

*Valley Eng'rs v. Electric Eng'g Co.*,
    158 F.3d 1051 (9th Cir. 1998) ..................................................................................................... 10

**OTHER AUTHORITIES**

Fed. R. Civ. P.
    Rule 37(a)(5) ................................................................................................................................ 13
    Rule 37(b)(2) ....................................................................................................................... *passim*
    Rule 37(b)(2)(A) ..................................................................................................................... 13 n.4

APPLE'S REPLY ISO MOT. FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF DISCOVERY ORDERS
CASE NO. 11-CV-01846-LHK
sf-3113090

ii

**I.     INTRODUCTION**

Samsung's story of "substantial compliance" with the Court's Orders is a fiction. Apple is not complaining about "a handful of cumulative documents being produced later than Apple wished." On the contrary, long after Court-ordered deadlines, Samsung produced thousands of documents from the very custodians whose files it claimed to have searched months earlier. And these documents are critical to the central issue of whether Samsung intentionally copied Apple's products and did so to make Samsung's products more appealing to consumers. They establish that ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ That was the very issue on which the Court's preliminary injunction ruling on irreparable harm turned.

Samsung's story of a few isolated "technical glitches"—which occurred last October— fails to account for most of its violations and is belied by Samsung's continuing production of copying and survey documents subject to the Court's Orders. After Apple filed this Motion, for example, ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████

Samsung's Opposition does not even acknowledge Samsung's false statement to this Court that Samsung had "inquired extensively" and determined that copying documents "don't exist," because Samsung's Designer Custodians never "considered Apple products when designing their products, not just copying, but any consideration." Nor does Samsung ever acknowledge that it has committed repeated, serious violations of the Court's Orders and still has not completely complied. Samsung's willful disregard should not be condoned.

In December, this Court warned Samsung that "any further failure to comply with the September 28 Order will subject Samsung to sanctions." The Court should impose the requested sanctions.

## II. SAMSUNG CONTINUES TO PRODUCE DOCUMENTS SUBJECT TO THE COURT'S ORDERS LONG AFTER THE COURT-ORDERED DEADLINES.

Even in the short period since Apple filed its Motion, Samsung has demonstrated additional violations of the September and December Orders by belatedly producing ▮▮▮▮ ▮▮▮▮ that were subject to one or both of those Orders.

Samsung produced ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, all of which were subject to both the September and December Orders and should have been produced by their October 7 and December 31 deadlines:

- A document ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- An email ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- An email stating ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- An email ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- An email ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

In this same period, Samsung produced ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that were subject to a January 15 deadline set by the December Order, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (*See* Dec. 22, 2011 Order (Dkt. No. 537) at 3 ¶ 3 (requiring production of "[e]mails and documents showing Samsung's analysis of and consideration of Apple's products" that were not subject to the September 28 Order "no later than January 15, 2012"); Chung Reply Decl. Exs. F–P.) Those documents include:

- An email ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

APPLE'S REPLY ISO MOT. FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF DISCOVERY ORDERS
CASE NO. 11-CV-01846-LHK
sf-3113090

2

- A document ████████████████████████████████████████
████████████████████████████████████████

Samsung also recently produced ██████████████ from Survey Custodians subject to the Court's Orders, including ████████████████████████████
████████████████████████ (Chung Reply Decl. ¶ 25.) The documents include ████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████

### III. ARGUMENT

#### A. Samsung Concedes That It Failed To Comply With The Court's Orders

There is no real question that Samsung violated the Court's Orders. Each Order set specific deadlines for Samsung to produce responsive documents from the Designer and Survey Custodians. (Sept. 28. 2011 Order (Dkt. No. 267) at 3–4; Dec. 22, 2011 Order (Dkt. No. 357) at 2–4.) Samsung repeatedly produced documents subject to the Orders after the deadlines, including *more than 1,000* ██████████████ from Designer Custodians in January. (*See* Mot. at 1–2.) Samsung does not argue that Apple mischaracterized Samsung's obligations under the Orders. Nor does Samsung argue that the documents identified in Apple's Motion either were not subject to the Orders or were produced within the Court-ordered deadlines.[1] The issues to be decided, therefore, are how bad the violations are and what the remedies should be.

---

[1] Samsung suggests that it was not required to search for documents that referenced "Apple," rather than Apple products. (Dkt. No. 758-3 at 13.) But the Court's Orders did not dictate Samsung's search terms. Regardless, of the 1,118 late-produced documents referenced in Apple's Motion as produced from the Designer Custodians and ████████████████████
(Footnote continues on next page.)

1    Indeed, Samsung's Opposition identifies additional violations of the Orders. While
2 Apple's Motion addressed only late-produced survey documents sourced to Survey Custodians
3 ███████████████ (Chung Decl. (Dkt. No. 715-2) ¶ 32, Ex. M–N), Samsung's Opposition
4 discusses two other sources of survey documents—████████ and Samsung's central marketing
5 files—that were subject to the September 28 Order. (Dkt. No. 758-3 at 14.) Identifying those
6 additional Survey Custodians also identifies additional violations of the Orders, because Samsung
7 waited until January 1, 2012 to produce several documents from the central marketing files, in
8 violation of at least the September Order, and waited until late-February to produce more than
9 400 survey documents sourced to ████████████████████████████, in violation of
10 both Orders. (Chung Reply Decl. ¶ 25.)
11    Rather than attempting to show that it produced all the required documents by the Court-
12 ordered deadlines—and despite its prior representations to the Court that it had *fully* complied and
13 that copying evidence did not exist—Samsung argues that it *substantially* complied by making
14 efforts to locate and produce them. But the Court's Orders did not require Samsung to make
15 efforts; they required Samsung to produce "all" documents by specified dates. *See In re Google*
16 *Litig.*, No. C08-03172-RMG (PSG), 2011 U.S. Dist. LEXIS 151337, at *21 (N.D. Cal. Aug. 2,
17 2011) ("Once the order compelling production issue[s], the focus of this court's appropriate
18 inquiry necessarily shifts to compliance.").
19    Because Samsung has violated the Orders, the Court "must" order sanctions unless
20 Samsung's failure to comply with the Orders was "substantially justified or other circumstances
21 make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see id*. 37(b)(2)(A) (court has
22 authority to order sanctions and issue further just orders). Neither exception applies.

---

(Footnote continued from previous page.)

████████████████████. (Chung Reply Decl. ¶ 24, Ex. Q; Chung Decl. (Dkt. No. 715-2) Ex. C.) Samsung also takes issue with Apple's statement that Samsung had not produced any documents from ████████ by the deadline set by the September Order. (Dkt. No. 758-3 at 14.) But Samsung does not dispute that it produced 181 survey documents from ████████ files in December, all of which should have been produced prior to the October 7 deadline. (Chung Decl. (Dkt. No. 715-2) Ex. N.)

APPLE'S REPLY ISO MOT. FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF DISCOVERY ORDERS
CASE NO. 11-CV-01846-LHK                                                                                                4
sf-3113090

**B.      Samsung's Violations Were Not Substantially Justified**

Samsung's short argument about substantial justification talks generally about discovery burdens, translation issues, expedited trial dates, good faith, and the like. (Dkt. No. 758-3 at 15.) None of them justifies Samsung's serious violations.

**1.      Samsung's ongoing violations preclude Samsung from claiming substantial justification**

In the same time period that Samsung was drafting its Opposition, it continued belatedly to produce documents that were subject to the Orders. (*See* Section II, *supra*.) These unacknowledged additional violations defeat Samsung's proffered excuses. The Court should find that the violations were not substantially justified on this ground alone.

**2.      The late-produced documents involved core issues in the case and should have been produced without Court intervention**

Samsung and its counsel had reason to know from the outset of the case that Samsung would have documents relevant to Samsung's copying of Apple's products. It is self-evident that once Apple launched its iPhone and iPad products, Samsung introduced phones and tablets that looked like Apple's products. That alone should have prompted Samsung and its counsel to search for copying evidence at the outset of the case.

But there is more. Samsung's belatedly-produced documents show that ▌

▌

▌.

For example, ▌

▌

▌

▌

▌

▌

▌

▌

APPLE'S REPLY ISO MOT. FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF DISCOVERY ORDERS
CASE NO. 11-CV-01846-LHK
sf-3113090

5

1  █████████████████████████████████████████████████████████████████

2  ████████████████████████████████████████ Samsung's unfounded suggestion

3  (appropriately buried in a footnote) ████████████████████████████████

4  ██████████████████████████████████████████████████ (Dkt.

5  No.758-3 at 18 n.12.)

6  Given the █████████████████████████████████████████████

7  ████████, Samsung and its counsel have no excuse not to have found and produced evidence

8  █████████████████████████████ without Court intervention, and certainly by the

9  deadlines set by the Court's Orders.  Yet as Apple showed, and Samsung does not contest,

10 Samsung had produced no documents relating to the analysis of Apple's designs by Samsung

11 designers before Apple filed its September 20 motion to compel, and very few such documents by

12 the deadline set by the September 28 Order.  (Mot. at 4, 6–7.)  In January, however, Samsung

13 produced more than 4,000 documents from the Designer Custodians, *including 1,034 documents*

14 *that* ████████████████████████.  (Chung Decl. (Dkt. No. 715-2) ¶ 9, Ex. C.)

15       **3.**      **Samsung offers no excuse or explanation for its false statements to the Court**

16

17       Samsung repeatedly and unequivocally assured the Court that it had fully complied with

18 its obligations and the Court's Orders.  For example, Samsung's counsel stated at a September 28

19 hearing that copying documents "don't exist," and reported that its 30(b)(6) witness had "inquired

20 extensively" as to whether the Designer Custodians had even "considered" Apple products when

21 designing Samsung's products, and they "testified they have not."  (Chung Decl. (Dkt. No. 715-2)

22 Ex. T at 45–48.)  At a January 19 hearing, Samsung's counsel stated that "all of the documents

23 that were ordered produced by September 28th had already been produced pursuant to that order

24 in December."  (Chung Decl. (Dkt. No. 715-2) Ex. Z at 159–60.)  She added that Samsung had

25 sought an extension of time to comply with the December 22 Order only because "we found new

26 custodians . . . .  We didn't withhold anything, there were just witnesses that came to light

27 months later."  (*Id.*)

28

APPLE'S REPLY ISO MOT. FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF DISCOVERY ORDERS
CASE NO. 11-CV-01846-LHK
sf-3113090

6

1  Samsung's Opposition does not even acknowledge, much less explain, its assurances of
2  compliance or attempt to reconcile them with Samsung's January and February productions of
3  documents sourced to the very custodians whom Samsung claimed to have interviewed and
4  whose files Samsung claimed to have searched. It is possible that Samsung's Designer
5  Custodians made false statements about their consideration of Apple's products. Samsung's
6  30(b)(6) witness may have made false statements about interviewing the Designer Custodians.
7  Samsung and its counsel may not have done a sufficient investigation. We don't know, because
8  the Opposition never addresses how Samsung came to make these statements and other
9  assurances of complete compliance to the Court. In the absence of any explanation, Samsung
10 cannot show that its violations of the Court's Orders were substantially justified.

### 4. Samsung's asserted justifications are insubstantial

12 Samsung's assertion of good faith cannot stand in light of its unexplained false statements
13 to the Court. Samsung's complaints about the burdens of discovery and dealing with foreign
14 language documents ring hollow, because Samsung ████████████████████
15 ████ should have led Samsung to locate and produce these case-critical documents at the
16 outset of the case. Further, the Court's Orders set the scope of what Samsung was required to
17 produce; Samsung was required to comply. *See In re Google Litig.*, 2011 U.S. Dist. LEXIS
18 151337, at *21 ("time for arguments about [burdens of compliance] was before the order issued,
19 not after"). And regardless of burden, *Samsung itself* repeatedly claimed it had searched the
20 relevant custodians' files and fully complied.[2]

21 Because the Court's Orders control, Samsung's claims about the limited nature of
22 preliminary injunction discovery are immaterial. But those claims also are wrong. Samsung

---

[2] Rather than excuse Samsung's behavior, Samsung's Opposition raises serious questions about the adequacy of Samsung's document collection and production efforts. Samsung's outside counsel flew to Korea to participate in Samsung's document collection efforts only *after* the Court's September 28 Order was issued. (Dkt. No. 758-3 at 5; Dkt. No. 758-4 at ¶ 9; Decl. of Hankil Kang in Supp. of Samsung's Opp. to Apple's Mot. for Rule 37(B)(2) Sanctions ("Kang Decl.") at ¶ 5 (filed Feb. 25, 2012).) And Samsung waited until December to take steps such as imaging computers to ensure that their production was complete. (Dkt. No. 758-3 at 7; Dkt. No. 758-4 at ¶ 18; Kang Decl. ¶¶ 6–7.) Whatever efforts Samsung did undertake proved woefully inadequate (despite its repeated assurances to the Court).

APPLE'S REPLY ISO MOT. FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF DISCOVERY ORDERS
CASE NO. 11-CV-01846-LHK
sf-3113090

7

attempts to establish the scope of discovery by pointing to two letters from Apple, but neither letter addresses Samsung's obligation to produce documents showing that Samsung copied Apple's products that embody the features of the four patents at issue. (*See* Dkt. No. 758-4, Exs. A, D.)[3]

### C. A Sanctions Award In These Circumstances Would Not Be Manifestly Unjust

#### 1. Samsung's violations involve more than just a few technical glitches

Samsung asserts that punishing it for "a few unintended technical glitches" would be unjust. (Dkt. No. 758-3 at 16.) Samsung's supporting declarations identify only two such "glitches"—both of which occurred in October 2011 and neither of which was raised when Samsung was opposing Apple's motion to compel filed after that. These glitches do not account for most of Samsung's violations and do not make sanctions unjust.

First, the declarations assert that an undetermined technical glitch caused some documents referencing Apple products not to be collected during October 2011 searches of desktop computers of Designer Custodians ▓▓▓▓▓▓▓▓▓▓. (Kang Decl. ¶ 7; Dkt. No. 758-4 ¶ 13.) But that "glitch" fails to explain why Samsung failed to produce more than 140 documents from *other* Design Custodians until December and January. (Chung Decl. (Dkt. No. 715-2) Ex. C.) Nor does it explain how Samsung's December searches, which it asserts were

---

[3] The "Background" section of Samsung's Opposition lists four purported instances of Apple's failing to produce responsive evidence during the preliminary injunction phase of the case. (Dkt. No. 758-3 at 10–11.) Although Apple's conduct is not material to this Motion, these allegations are false, as explained by the Declaration of Jason R. Bartlett in Support of Reply in Support of Apple's Motion for Rule 37(B)(2) Sanctions for Samsung's Violation of Two Discovery Orders, filed herewith. For example, Samsung cites Apple's alleged failure to search design inventor's emails during the preliminary injunction phase of this case, but fails to report that Samsung agreed at a meet and confer session that it was *not* seeking email production during that phase. (Bartlett Decl. ¶ 3, Ex. A.) Samsung claims that it learned only after the injunction briefing had closed about photos of a physical model "that Apple had provided to the Patent Office," but the entire patent file (including photos) was produced at the very beginning of the case and were publicly available from the PTO, and in any event Apple produced the physical model itself before the preliminary injunction motion was heard. (*Id.* ¶ 4.) And Samsung complains that Apple did not produce the iPad 2 patent application, but Samsung did not even request that application until December 2011, and Apple timely objected to producing it. (*Id.* ¶ 6.)

APPLE'S REPLY ISO MOT. FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF DISCOVERY ORDERS
CASE NO. 11-CV-01846-LHK
sf-3113090

8

1 extremely thorough and used a different process than the October searches, failed to detect nearly
2 1000 ▮▮▮▮▮ files that were not produced until January. (*Id.*)
3     Second, Samsung claims that files from two Survey Custodians ▮▮▮▮ were
4 not produced in October because of "some e-mail bounce-backs," although it provides no detail
5 whatsoever about the emails and fails to show their connection to document productions (which is
6 not self-evident, since Samsung does not produce documents to Apple via email).  (Dkt. No.
7 758-4 ¶ 13; *see* Bartlett Decl. ¶ 7.)  Nor does Samsung explain why it took over two months to
8 identify that emails had bounced back; Samsung should have noticed immediately, given that the
9 emails supposedly were essential to Samsung's document productions from two Survey
10 Custodians.  Nor does this glitch account for Samsung's delayed productions of other Survey
11 Custodians' documents, including 181 documents sourced to ▮▮▮▮ that were subject to the
12 September Order but not produced until December 30 (Chung Decl. (Dkt. No. 715-2) Ex. N), and
13 documents from ▮▮▮▮ and central marketing files that were produced in December and
14 February (Chung Reply Decl. ¶ 25).
15     Samsung asserts that Apple has experienced its own technical glitches, citing a letter from
16 Apple involving late-produced documents concerning one deposition.  (Dkt. No.758-3 at 10
17 (citing Dkt. No. 758-4 Ex. O).)  Even assuming that Apple's conduct were relevant, it is
18 preposterous for Samsung to compare its repeated and ongoing violations of two discovery
19 Orders—and associated false statements about lack of copying documents and full compliance—
20 with an instance of Apple's delayed production resulting from documents having been
21 miscategorized as privileged.

22      **2.    Samsung cannot show manifest injustice based on purported lack of
23           prejudice to Apple**

24     Samsung's contention that a sanctions award would be manifestly unjust because
25 Samsung's violations did not prejudice Apple is wrong on both the law and the facts.
26     As to the law, Samsung acknowledges the Ninth Circuit's holding in *Computer Task
27 Group, Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 1993), that a party's "[f]ailure to produce
28 documents as ordered is considered sufficient prejudice" to establish sanctionable conduct.  (*See*

APPLE'S REPLY ISO MOT. FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF DISCOVERY ORDERS
CASE NO. 11-CV-01846-LHK
sf-3113090

9

1  Dkt. No. 758-3 at 17 n.11.)  Samsung attempts to distinguish that holding because the case
2  involved the intentional refusal to produce documents in the context of default judgments.  (*Id.*)
3  However, the standard that the Ninth Circuit applied is not limited to the specific context of that
4  case.  Even if it were, Samsung does not attempt to distinguish its own conduct—which includes
5  false statements to the Court that copying documents do not exist, and opposing Apple's
6  preliminary injunction motion in part on the ground that such documents did not exist—from that
7  at issue in *Computer Task Group*.

8     As to the facts, the Court found that two Apple patents were likely valid and infringed but
9  nevertheless denied an injunction as to those patents on the narrow ground that Apple had not
10 presented sufficient evidence that the patented features had a significant impact on consumer
11 purchasing decisions.  Samsung's late-produced documents ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
12 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
13 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
14 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  Samsung deprived Apple of critical evidence
15 on an outcome-determinative issue.  That is prejudice.  *See*, *e.g.*, *Valley Eng'rs v. Electric Eng'g*
16 *Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (discovery violations that "threaten to interfere with the
17 rightful decision of the case" are prejudicial) (citation omitted); *Qualcomm Inc. v. Broadcom*
18 *Corp.*, No. 05cv1958-B (BLM), 2008 U.S. Dist. LEXIS 911, at *61 (S.D. Cal. Jan. 7, 2008)
19 ("Qualcomm's failure to produce the massive number of critical documents at issue in this case
20 significantly increased the scope, complexity and length of the litigation and justifies a significant
21 monetary award"), *vacated in part on other grounds*, 2008 U.S. Dist. LEXIS 16897 (S.D. Cal.
22 Mar. 5, 2008).

23    Samsung complains that it is impossible to prove that the Court would have granted an
24 injunction had Samsung not violated the Court's September Order, but that is not Apple's
25 argument.  Apple's argument is that its motion would have been stronger, and Samsung's
26 opposition weaker (because the documents directly contradict Samsung's arguments) had
27 Samsung complied with the Court's Order.  Samsung offers no basis to conclude that a party who
28

APPLE'S REPLY ISO MOT. FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF DISCOVERY ORDERS
CASE NO. 11-CV-01846-LHK
sf-3113090

10

1   is deprived of evidence relevant to a key issue in a preliminary injunction motion is not
2   prejudiced by that deprivation.

3   Samsung's other arguments are unavailing. Samsung faults Apple for not having enough
4   of its own evidence, but the discovery rules and the Court's September 28 Order required
5   Samsung to produce its copying and survey evidence; Apple was not required to win its motion
6   on its own evidence. Samsung also contends that the withheld documents were cumulative
7   because Apple was able to supplement its preliminary injunction motion with the few relevant
8   documents Samsung produced right before the hearing. Having produced so few of the
9   documents during the preliminary injunction phase, and having waited for months to produce
10  critical documents, Samsung's speculation that its significant inculpatory evidence would not
11  have made a difference deserves no credence from the Court. That is particularly true because, as
12  the Court noted, Samsung itself "put these documents at issue" in its preliminary injunction
13  opposition when it "boldly declared that '[a]lthough willful infringement, including deliberate
14  copying, may be relevant to a preliminary injunction motion, Apple has offered no evidence of
15  such copying or willful infringement." (Sept. 28. 2011 Order (Dkt. No. 267) at 3.)

### 3. Samsung's pattern of discovery misconduct confirms that sanctions are not manifestly unjust

18  In deciding whether to grant sanctions, the Court "may 'properly consider all of a party's
19  discovery misconduct . . . , including conduct which has been the subject of earlier sanctions.'"
20  *Tacori Enters. v. Beverlly Jewellery Co.*, 253 F.R.D. 577, 582 (C.D. Cal. 2008) (quoting *Payne v.*
21  *Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997)). Samsung has repeatedly dragged its feet on
22  complying with its discovery obligations, with full knowledge that Apple will not ask to move
23  case deadlines (which would jeopardize the expedited trial date set by the Court over Samsung's
24  objection), and therefore will be hamstrung by getting information long after it was needed. In
25  addition to its violations of the two Court Orders that are the subject of this Motion, Samsung's
26  discovery misconduct includes:

27  • Samsung failed to make a full production of damages discovery called for by the
28  Court's January 27, 2012 Order by the February 3 deadline, and instead relied on a single Excel

1  ▓▓▓▓▓ supposedly to satisfy most of the categories of information required to be produced.
2  (*See* Dkt. No. 759-2 (confidential version).)  Moreover, on February 28 (long after the February 3
3  deadline), Samsung produced ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, on the eve of the deposition of
4  Samsung's 30(b)(6) damages witness.  (Olson Decl. ¶¶ 11–12.)

5  • On February 21, less than 12 hours before the deposition of Samsung's 30(b)(6)
6  witness on certain consumer-survey topics, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
7  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
8  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
9  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  Not only did the last-minute
10 production of information in this form make it impossible for Apple to meaningfully question the
11 30(b)(6) witness about the database, it also makes it impossible for Apple to obtain an expert
12 report ▓▓▓▓▓ by the March 22 deadline.  (*Id*. ¶ 11.)

13 • As noted in Apple's Motion, Samsung has repeatedly produced thousands of pages of
14 Korean-language documents related to a deponent fewer than five days before the deposition—or
15 even during a deposition—which prejudices Apple.  (Mot. at 11 n.5; *see* Dkt. No. 682.)

16 • In a related suit pending before the International Trade Commission, the ITC
17 Administrative Law Judge has twice ordered Samsung to comply with Apple's discovery
18 requests. (Dkt. No. 759-4 at ¶ 27.)  In its most recent order, the ITC ALJ found that there, like
19 here, Samsung had attempted to improperly and "unilaterally limit discovery."  (*Id*. ¶ 27, Ex. 19
20 at 6.)  The ALJ stated that Samsung "attempts to turn discovery on its head" and noted that
21 Samsung "has a duty to ensure that Samsung's discovery responses are accurate."  (*Id*.)

22 Sanctions in this case are not only appropriate because of Samsung's misconduct in this
23 case, they may have a salutary effect in the recently-filed related case between these same parties
24 that is pending in this Court.  If Samsung gets away with its conduct here, it undoubtedly will do
25 more of the same in the new case.

APPLE'S REPLY ISO MOT. FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF DISCOVERY ORDERS
CASE NO. 11-CV-01846-LHK
sf-3113090

12

**D.  The Fees That Apple Seeks To Recover Are Attributable To Samsung's Violations**

It is ironic, at best, that after engaging in the serious misconduct at issue in this Motion, Samsung complains that Apple is overreaching in requesting sanctions. Apple should be awarded the sanctions it seeks.

As a threshold matter, Samsung does not contest that some of the requested sanctions are appropriate forms of relief, specifically: findings that Samsung violated the two Court Orders; an award of fees and expenses incurred in connection with Apple's motion to compel that resulted in the December 22 Order; an award of fees and expenses incurred in connection with Apple's efforts to redress Samsung's non-compliance with the September and December Orders; and an award of fees and expenses incurred in connection with this Motion.[4] (*Compare* Mot. at iv–v, *with* Dkt. No. 758-3 at 18–20.)

As to other requested fees and expenses, Samsung contends that Apple should not recover anything incurred in prosecuting its motion for preliminary injunction because "Samsung's alleged discovery errors" arose after Apple filed that motion. (Dkt. No. 758-3 at 19.) But by failing to produce highly relevant and inculpatory evidence relevant to the preliminary injunction motion—including evidence that Samsung placed at issue in its opposition to that motion— Samsung turned Apple's motion into a fool's errand. The Court's inherent authority and Rule 37(b)(2) allow Apple to recover the fees and expenses arising from having to fight for the injunction with both hands tied behind its back. *Qualcomm Inc.*, 2008 U.S. Dist. LEXIS 911, at *63 (awarding Broadcom all attorneys fees and costs incurred in litigation against Qualcomm based on Qualcomm's failure to produce incriminating emails); *Tracinda Corp. v. Daimlerchrysler AG*, No. 00-993-JJF, 2005 U.S. Dist. LEXIS 6741, at *8–9 (D. Del. Apr. 20, 2005) (granting plaintiff's request for half of all attorneys fees incurred after defendant failed to produced 67 pages of highly relevant materials that it had previously withheld, and rejecting

---

[4] The findings are authorized as a "further just order[]" under Rule 37(b)(2)(A); the award of fees and expenses in connection with the motion to compel is authorized by Rule 37(a)(5) and the Court's inherent authority.

APPLE'S REPLY ISO MOT. FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF DISCOVERY ORDERS
CASE NO. 11-CV-01846-LHK
sf-3113090

13

1  defendant's objections that plaintiff would have spent the fees anyway); *cf. United States v.*
2  *Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1371 (9th Cir. 1980) (upholding sanction
3  award meant to deter future misconduct).  The same is true of fees and expenses incurred in
4  appealing the order denying the preliminary injunction motion.

5  Samsung complains that Apple is not entitled to fees associated with its assessment of
6  Samsung's compliance with the Court's Orders because Apple would have reviewed documents
7  anyway.  Samsung does not assert that reviewing documents for the purpose of compliance with
8  the Court's Orders is inappropriate, just that Apple's document review "apparently extends" to
9  other aspects of the case such as "patent disclosures, and claim construction briefing." (Dkt. No.
10  758-3 at 19.)  But the fees Apple seeks are those in connection with assessing compliance, which
11  Samsung effectively concedes is an appropriate sanction.

12  Samsung asserts that Apple is not entitled to fees related to its motion to compel timely
13  production of foreign language documents in advance of depositions because there is no nexus
14  between that motion and this sanctions motion.  But Samsung ignores the nexus Apple presented:
15  if Samsung had complied with the Court's September and December Orders, many of the
16  documents produced on the eve of January depositions would have been produced long ago, and
17  Apple would not have had to file that motion.  Samsung offers no response.

18  Finally, Samsung complains that Apple did not provide a declaration documenting its fees
19  and expenses, but ignores Apple's proposal that Apple submit documentation of its fees and
20  expenses three weeks after an order granting this Motion. (Mot. at 24.)  Samsung offers no basis
21  to deny Apple's reasonable proposal.

22  **IV.   CONCLUSION**

23  Samsung offers no explanation for its repeated false statements to this Court that it had
24  fully complied with its discovery obligations and the Court's Orders, and that copying evidence
25  did not exist.  Nor does Samsung acknowledge its serious violations of the Court's Orders or its
26  failure to fully comply, even to this day.  For the reasons discussed above and in Apple's moving
27  papers, the Court should grant Apple's motion and issue orders finding that Samsung violated the
28

September 28 and December 22 Orders and directing Samsung and its attorneys to pay Apple the attorneys' fees and expenses it has requested as sanctions.

Dated:  March 5, 2012                    MORRISON & FOERSTER LLP

                                         By:    */s/ Michael A. Jacobs*
                                                Michael A. Jacobs

                                                Attorneys for Plaintiff
                                                APPLE INC.

APPLE'S REPLY ISO MOT. FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF DISCOVERY ORDERS
CASE NO. 11-CV-01846-LHK
sf-3113090

15