| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| JENNIFER LEE TAYLOR (CA SBN 161368) | 60 State Street |
| jtaylor@mofo.com | Boston, MA 02109 |
| ALISON M. TUCHER (CA SBN 171363) | Telephone: (617) 526-6000 |
| atucher@mofo.com | Facsimile: (617) 526-5000 |
| RICHARD S.J. HUNG (CA SBN 197425) | |
| rhung@mofo.com | |
| JASON R. BARTLETT (CA SBN 214530) | MARK D. SELWYN (SBN 244180) |
| jasonbartlett@mofo.com | mark.selwyn@wilmerhale.com |
| MORRISON & FOERSTER LLP | WILMER CUTLER PICKERING |
| 425 Market Street | HALE AND DORR LLP |
| San Francisco, California 94105-2482 | 950 Page Mill Road |
| Telephone: (415) 268-7000 | Palo Alto, California 94304 |
| Facsimile: (415) 268-7522 | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK (PSG) |
| Plaintiff, | **REPLY DECLARATION OF ERIK J. OLSON IN SUPPORT OF APPLE INC.'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Date: March 27, 2012<br>Time: 10:00 am<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |
| Defendants. | |

**REDACTED PUBLIC VERSION**

1     I, Erik J. Olson, declare as follows:

2     1.   I am a partner in the law firm of Morrison & Foerster LLP, attorneys of record for
3 Apple in this matter. I am licensed to practice law in the State of California. I have personal
4 knowledge of the facts set forth below, except where I note that I am relying on the work of
5 others whom I supervise. I make this reply declaration in support of Apple's Motion for Rule
6 37(b)(2) Sanctions for Samsung's Violation of Two Discovery Orders.

7     2.   On February 16, 2012, Samsung designated ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
8 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, as its
9 Rule 30(b)(6) witness to testify on Samsung's behalf on "market research and analysis, including
10 any surveys of customers" regarding what value they place on various technology asserted in the
11 case including designs. Attached hereto as <u>Exhibit 1</u> is a true and correct copy of February 16,
12 2012 and February 20, 2012 correspondence from Samsung's counsel in which Samsung
13 designated ▮▮▮▮▮ as its Rule 30(b)(6) witness on such topics. Samsung has to date not
14 produced any other witness to discuss its survey evidence on customers in the United States.

15    3.   ▮▮▮▮▮▮▮▮▮ deposition was scheduled for and did occur on February 22, 2012.

16    4.   Less than 72 hours before ▮▮▮▮▮▮▮ deposition, Samsung produced 3,076
17 documents totaling in excess of 30,600 pages. These documents included a substantial amount of
18 new survey evidence and materials that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This late
19 production of new documents is inexplicable given that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ He would, by necessity, be one of the primary sources in any
22 search for survey evidence at Samsung.

23    5.   At 9:59 p.m. on February 21, 2012—less than 12 hours before ▮▮▮▮▮▮▮
24 deposition—Samsung produced, for the first time, a massive electronic database and associated
25 files in native format (SAMNDCA00352061.sav). The electronic database file was located on a
26 production volume so large that it took over 7.5 hours to download and unzip. That is, it was not
27 available in any form until after 5:30 am in the morning on February 22, 2012.

28

1   6. The electronic database file cannot be read with any conventional software. It
2 requires specialized software used to conduct statistical analysis. Based on my investigation
3 since the production, this software program also requires additional training and experience to
4 operate effectively.

5   7. The same evening, Samsung also attempted to produce a .pdf version of the same
6 database file with no functionality, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
7 ▮▮▮▮▮▮▮▮ The .pdf document is essentially unreadable, and it is entirely unusable as a way
8 of interpreting or evaluating the contents of the database. It provides, at best, highly truncated
9 information and incomplete information on consumer responses. The .pdf document is itself
10 more than 1,150 pages long. At approximately midnight on February 21, Apple asked Samsung
11 to bring to ▮▮▮▮▮▮▮ deposition a hard-copy printout of the .pdf document, and a computer
12 with the native file and the software necessary to run it.

13   8. Samsung did not produce either until about an hour after the deposition of
14 ▮▮▮▮▮▮▮ began. Apple's counsel only had time to review it for less than three hours on the day
15 of ▮▮▮▮▮▮▮ deposition while questioning was ongoing. Apple's counsel has not been able to
16 load the electronic file successfully into any other program since that time. These attempts also
17 suggest that the database is incomplete or a self-selected set of information.

18   9. Based on this cursory review during the deposition, however, Apple discovered
19 that the file in question was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
25 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

26   10. Samsung's late production made it impossible for Apple to meaningfully question
27 ▮▮▮▮▮▮▮ about the database during his deposition. Given Samsung's designation of
28 ▮▮▮▮▮▮▮ as the Rule 30(b)(6) designee on topics related to consumer surveys and his role as

the person responsible for such work inside Samsung, this deposition was effectively Apple's one opportunity to get meaningful information about the late-produced survey documents and this electronic database from a Samsung witness with knowledge about the U.S. market.

11. Moreover, evaluation and use of the electronic database requires the use of an expert in statistical analysis. From my review of the file, this would have been apparent to Samsung and to its counsel. At the time the production occurred, no expert hired by Apple with expertise in statistical methods could view Samsung's file because it was marked confidential. Given that the discovery cut off is March 8, 2012 and expert reports are due on March 22, 2012, Samsung's production of the massive database file months after the deadlines in the Court's orders, two weeks before the discovery cut-off, and less than 30 days before expert reports are due has made it impossible to obtain testimony on or analyze its contents. Samsung's late production has significantly prejudiced Apple.

12. On January 27, 2012, the Court ordered Samsung to produce multiple categories of financial information about the accused products on February 3, 2012. On February 3, 2012, Samsung instead produced a single spreadsheet in an effort to satisfy this order. Apple has separately moved for sanctions for violation of the Court's order based on this deficient production.

//

//

REPLY OLSON DECL. ISO APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS
CASE NO. 11-cv-01846-LHK (PSG)
sd-583797

3

1       13.     On February 28, 2012, one day prior to the deposition of Samsung's Rule 30(b)(6)
2  designee on financial information and 25 days after the Court ordered deadline, Samsung
3  produced a new spreadsheet with new totals and new data.  Samsung's counsel later said that
4  Samsung intended this new spreadsheet to supersede the prior February 3, 2012 production.
5  Apple's counsel had less than 24 hours to review and evaluate this new spreadsheet prior to the
6  Rule 30(b)(6) deposition.  This late, and still deficient, production has significantly prejudiced
7  Apple's ability to seek discovery and follow up on Samsung's financial information in pursuit of
8  Apple's claim for damages.
9       I declare under penalty of perjury that the foregoing is true and correct.  Executed this 5th
10  day of March, 2012, at Palo Alto, California.

                                        */s/ Erik J. Olson*
                                        Erik J. Olson

**ATTESTATION OF E-FILED SIGNATURE**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Erik J. Olson has concurred in this filing.

Dated:  March 5, 2012                         */s/ Michael A. Jacobs*
                                                               Michael A. Jacobs