HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | Case No.    11-cv-01846-LHK (PSG)<br><br>**REPLY DECLARATION OF JASON R. BARTLETT IN SUPPORT OF APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS FOR SAMSUNG'S VIOLATION OF TWO DISCOVERY ORDERS**<br><br>Date:    March 27, 2012<br>Time:    10:00 am<br>Place:   Courtroom 5, 4th Floor<br>Judge:   Hon. Paul S. Grewal |

I, JASON R. BARTLETT, declare as follows:

1. I am a partner in the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple"). I am licensed to practice law in the State of California. I have personal knowledge of the matters stated herein or understand them to be true from members of my litigation team. I make this declaration in support of Apple's Reply in Support of Motion for Rule 37(B)(2) Sanctions for Samsung's Violation of Two Discovery Orders ("Motion for Sanctions").

2. Samsung's Opposition to Apple's Motion for Sanctions (Dkt. No. 758-3) includes a section entitled "Apple's Dilatory and Incomplete Preliminary Injunction-Related Production." (Opp. at 10-11.) As detailed in Paragraphs 3 through 6 below, there is no factual basis for Samsung's allegations set forth in that section.

3. Samsung asserts that, during the Preliminary Injunction discovery period in the Summer of 2011, Apple "never even searched its design inventors' emails in response to Samsung's document requests." (Opp. at 10.) The reason for this, as Samsung well knows, is that Samsung explicitly stated at the outset of Preliminary Injunction discovery period that it ***was not seeking design inventors' emails at that time***. Attached as Exhibit A hereto is a true and correct copy of correspondence regarding this topic from Michael Jacobs (counsel for Apple) to Victoria Maroulis (counsel for Samsung), sent immediately after the end of the Preliminary Injunction discovery period. Michael Jacobs's letter memorializes that the Court had given Apple "a short three-week window to produce responsive documents," and that Mr. Jacobs and Ms. Maroulis (among others) thereafter "met to discuss what [Samsung] wanted [Apple] to do within those time constraints." As Mr. Jacobs's letter recounts, during that meeting, counsel for Samsung "specifically said [they] were not seeking emails." I was personally in attendance at the referenced meeting, and Mr. Jacobs's letter reflects my independent memory of the statement made by Samsung's counsel—they were not seeking design inventors' emails at that time.

4. Samsung's Opposition also asserts that it did not learn until "after the injunction briefing had closed, that Apple had provided to the Patent Office photos of a physical model of the design reflected in one of the patents Apple had asserted in the preliminary injunction motion." (Opp. at 11.) Apple produced the entire history file for that patent, however, *twice*

1  before the preliminary injunction motion was filed (the public file history on August 24, 2011,
2  and the prosecution history file on September 29, 2011), and those photos were in that patent
3  history file. ***Samsung even lodged those photos in opposition to Apple's preliminary injunction***
4  ***motion on October 18, 2011.***  (Dkt. No. 313.)  In any event, Samsung's complaints about these
5  photos, and the model depicted in them, have already been litigated repeatedly in discovery
6  motions before this Court and resolved.

7        5.     Samsung's Opposition further asserts that, during the Preliminary Injunction
8  discovery period, Apple "refused to produce earlier iPhone models." (Opp. at 11.)  This is
9  categorically incorrect.  When Samsung has asked for particular models or categories of models,
10 Apple has produced them.  Samsung's Opposition points to no correspondence or other record of
11 any request for "earlier iPhone models" being made by Samsung to Apple, for good reason:  no
12 such request was ever made.  (Samsung's referenced Preliminary Injunction Requests for
13 Production do not call for this information.  *See* Dkt. No. 758-4, Ex. G.)  During the Preliminary
14 Injunction discovery period and thereafter, Apple made a broad production of CAD and models,
15 including CAD and models relating to early iPhone designs.

16       6.     Samsung's Opposition also asserts that "Apple still has not produced the patent
17 applications for the iPad 2."  Those applications were not even requested until December 2011,
18 however.  Samsung's Fifth Set of Requests for Production, served on December 30, 2011,
19 included Request for Production No. 362: "All DOCUMENTS RELATING to any applications
20 or other attempts by APPLE to obtain any design patent registration for the iPad 2, whether in a
21 foreign country or in the U.S."  Apple timely objected to that request on February 3, 2012, stating
22 that, subject to its objections, "Apple has produced or will produce publicly available United
23 States file histories relating to the iPad 2, if any, located after a reasonable search."  The
24 Preliminary Injunction Requests for Production referenced by Samsung (Opp. at 11) do not call
25 for patent applications.  (*See* Dkt. No. 758-4, Ex. G.)  The parties are continuing to meet and
26 confer regarding the scope of Apple's response, but Apple's production to date is fully consistent
27 with Apple's document request responses.  There is no Preliminary Injunction discovery request,
28

CASE NO. 11-CV-01846 LHK (PSG)
sf-3115398

2

1  let alone Court order, that would have required Apple to have produced the iPad 2 patent
2  applications in the Preliminary Injunction phase.
3      7.   Samsung does not produce documents to Apple via email.  Rather, counsel for
4  Samsung uploads the data to a "File Transfer Protocol" ("FTP") site and notifies counsel for
5  Apple when documents have been posted there.  Once counsel for Apple receives such
6  notification, counsel for Apple logs into the FTP site to access and downloads the data.  Samsung
7  has also produced documents via delivery of a disk or external hard drive containing the data to
8  the offices of counsel for Apple.
9      I declare under penalty of perjury that the foregoing is true and correct.  Executed this
10  5th day of March, 2012, at San Francisco, California.

              */s/ Jason R. Bartlett*
              Jason R. Bartlett

REPLY BARTLETT DECL. ISO REPLY ISO APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS
CASE NO. 11-CV-01846 LHK (PSG)
sf-3115398

3

**ATTESTATION OF E-FILED SIGNATURE**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Jason R. Bartlett has concurred in this filing.

Dated: March 5, 2012                     /s/ Michael A. Jacobs
                                         Michael A. Jacobs