# EXHIBIT A

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

October 7, 2011

Writer's Direct Contact
(415) 268-7455
mjacobs@mofo.com

*Via E-Mail victoriamaroulis@quinnemanuel.com*

Victoria F. Maroulis
Quinn Emanuel
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA  94065

Dear Victoria:

I write in response to your letter of October 6 regarding Apple's production of design inventor documents. You and I had crisp, clear discussions about the scope of Apple's production of design patent-related documents during the preliminary injunction phase of discovery and reached an agreement that we recited to each other at the time. Your letter ignores those discussions.

**Preliminary injunction-related discovery.** As you note in your letter, Samsung served "Requests for Production of Documents and Things Relating to Apple Inc.'s Motion for a Preliminary Injunction" on July 6, 2011. In setting the schedule for preliminary injunction-related discovery, the Court made clear that such discovery needed to be "reasonable in scope" and "narrowly tailored." (Order Setting Briefing and Hearing Schedule for Preliminary Injunction Motion at 2 (D.N. 115).) Consistent with the narrowness of this discovery, the Court's order gave Apple a short three-week window to produce responsive documents. (*Id.*)

You and I and our colleagues met to discuss what you wanted us to do within those time constraints. We agreed to produce the CAD files, but you also asked us to find a limited category of "speaking documents," *i.e.*, documents that discussed the product plans for products relating to design patents. You specifically said you were not seeking emails.

Within these confines and consistent with its discovery obligations, Apple performed more than a reasonable search for documents from Apple's Industrial Design team. Members of our core litigation team personally met with Industrial Design team members to identify documents responsive to your specific requests.

sf-3054756

MORRISON | FOERSTER

Victoria F. Maroulis
October 7, 2011
Page Two

We explained in our prior correspondence (*e.g.,* my August 11, 2011 letter to Michael Zeller) the lengths to which we went to make CAD files available for review. We further documented Samsung's unwillingness to take advantage of the availability of these files. We also identified and produced "ANPP" documents. These are documents created during Apple's new product development process.

The only issue that arose after our July 20 meeting was the production of sketchbooks. You asked for their production after Mr. Stringer's 30(b)(6) deposition. We resisted. Samsung moved to compel production of relevant pages from the designer's sketchbooks and asked for nothing more. As you are aware, Apple searched for and produced those sketchbook pages pursuant to the Court's order.

Aside from the sketchbook issue, at no time have you said that we did not produce what you asked for during the preliminary injunction discovery phase.

**General discovery.** The parties now face general discovery. This necessarily is broader in scope than the "narrowly tailored" preliminary injunction discovery that Judge Koh ordered in July, which allowed Apple only a three-week window to make its production.

As part of this general discovery, Apple is performing searches for documents that are responsive to Samsung's recent discovery requests. Some of the documents located as part of this process also may be responsive to Samsung's preliminary injunction discovery requests. This does not mean, however, that Apple has not done what you and I specifically agreed would be done during the preliminary injunction phase of Apple's discovery.

All I said at Tuesday night's hearing was that we did not have previous litigation collections to rely on for design patent inventors, as those patents have not previously been litigated in cases where discovery was sought. That has nothing to do with whether Apple complied with our agreement on preliminary injunction discovery.

Victoria, this is going to be a long discovery process. I hope we don't need to take extreme measures and record every agreement we reach in a signed written instrument filed with the Court in order to avoid ambushes.

Sincerely,

Michael A. Jacobs

sf-3054756