QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR ATTORNEYS' FEES AND COSTS IN CONNECTION WITH MOTION TO COMPEL**<br><br>Date: March 27, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

# INTRODUCTION

Apple's Motion for Attorneys' Fees and Costs should be denied for at least three reasons.

<u>First</u>, Apple failed to adequately meet and confer prior to filing the underlying Motion to Compel ("Pl. Motion") upon which the Fees Motion is based.  As set forth in Samsung's contemporaneously-filed Opposition to Apple's Motion to Compel Depositions of Samsung's "Apex" Executives, Samsung has made repeated efforts to resolve the parties' discovery disputes, both before and after this Court's instruction that the parties work to narrow the number of apex witnesses in dispute.  Apple has continually rebuffed these efforts, preferring instead to make ultimatums, cut off discussion, ignore written entreaties, and continually rush to court with one motion after another.  Even when Samsung withdrew its objections to all but nine executives, in multiple rounds of concessions, Apple still refused to withdraw even a single request.  Only on March 2, 2012, weeks after it filed its motion to compel and after this Court's repeated admonishments did Apple finally offer some semblance of a compromise as to one – and just one – of Samsung's apex executives.   This is too little, too late.  Apple must shoulder the expense of its own obstinance in refusing to meaningfully meet and confer and filing unnecessary motions.

<u>Second</u>, Apple's Fees Motion should be denied for the additional reason that Samsung's position in opposing the underlying motion to compel apex depositions was substantially justified. Samsung had a reasonable basis to believe these executives qualified as apex witnesses, and Apple failed to explain why such executives had unique, non-repetitive knowledge that could not be obtained through other, less intrusive means.

<u>Third</u>, a fee award would be particularly unjust in light of Apple's oppressive litigation tactics.  Apple repeatedly chose to cancel – often at the eleventh-hour – numerous depositions of lower level employees with more direct involvement in the issues, who could have provided Apple the information it now needlessly seeks to compel.  Worse, with respect to its own senior executives, Apple plainly is attempting to have it both ways by representing to the Court that it would be producing its senior executives, while simultaneously stalling and then objecting to those very depositions during meet and confer.  Samsung should not be required to fund Apple's gamesmanship via a fee award.  Apple's motion should be denied.

# FACTUAL BACKGROUND

As indicated in Samsung's Opposition to Apple's Motion to Compel, Apple has noticed nearly 100 depositions of current or former Samsung employees since November 1, 2011. (February 23, 2012 Declaration of Rachel Herrick Kassabian In Support of Samsung's Motion for a Protective Order ("Kassabian Decl.") (Dkt. No. 754), ¶ 2.)   Nearly one-third of these deposition notices – 30 out of 95 – were directed at Samsung's senior executives, with titles of Vice President or higher.   (*Id.*)

## Apple's Repeated Refusal to Engage In Meaningful Meet and Confer Regarding Apex Deposition Issues

Samsung first objected to Apple's disproportionate noticing of senior executives for deposition at the parties' lead counsel meet and confer session on January 5, 2012.   (Kassabian Decl. ¶ 4.).   Samsung has continued to press Apple in written correspondence and several meet and confer sessions to explain how the requested apex witnesses had unique, non-repetitive knowledge that could not be obtained through other, less intrusive means.   (Kassabian Decl. ¶ 4). Not only has Apple failed to substantively respond to these inquiries (*id.*), but it has steadfastly refused to withdraw even a single one of its senior executive deposition notices.   (*Id.* ¶ 7; Ex. B.). By contrast, Samsung, heeding the court's directive and its meet and confer obligations under the Local Rules, has withdrawn its objections to all but nine executives.   (*Id.* ¶ 8.)

Importantly, Samsung came to the parties' most recent lead counsel meet and confer ready to compromise, having identified at least three executives it was prepared to offer for deposition. (Kassabian Decl. ¶¶ 11-12.)   Yet Apple insisted that the "only question" was whether Samsung would drop its objections to every noticed executive and make them available without limitation – otherwise Apple would cut off further discussion and file a motion to compel.   (*Id.*)   Since Samsung could not accept that ultimatum, Apple terminated further discussion of the apex issues after less than five minutes, and filed its Motion to Compel the very next day after the meet and confer concluded.   (*Id.*)

After the Court issued its directive to further meet and confer, Samsung reached out to Apple on multiple occasions to engage in dialogue, first via e-mail with further discussion to occur

by conference call.  (Kassabian Decl., ¶ 14.)  Samsung withdrew its objections to four additional Samsung executives – including the senior-most design executive at Samsung Mobile Communications – but Apple again did not respond.[1]  (*Id*., ¶ 15.)  Instead, Apple's only action was to re-notice its Motion to Compel the depositions of 14 apex executives (even though the number in dispute was now down to nine) without any discussion with Samsung.  (*Id*.)  Thereafter, Samsung made yet another meet and confer concession, dropping one more apex objection with respect to Dr. Seungo Ahn.  (Declaration of Joby Martin in Support of Samsung's Opposition to Apple's Motion to Compel Apex Witnesses ("Martin Decl."), ¶ 3).

**Apple Finally Comes to the Negotiating Table, Weeks After Filing Its Motion to Compel**

On March 2, 2012 – two weeks *after* Apple filed its motion to compel – Apple made its first offer of compromise on apex issues, offering to drop one of Apple's apex deposition notices (Mr. Chi) in exchange for Samsung's agreement to drop a critical non-apex percipient witness with knowledge of the world clock feature.  Samsung could not agree to drop this key witness, but did make a counter-proposal to drop another more senior world clock percipient witness in exchange for Apple dropping Mr. Chi's deposition.  To date, Apple has not responded.  (Martin Decl., ¶ 2.)

**ARGUMENT**

**I.   APPLE'S MOTION SHOULD BE DENIED BECAUSE IT FAILED TO MEET AND CONFER IN GOOD FAITH ON THE UNDERLYING MOTION TO COMPEL.**

A moving party is not entitled to fees and costs on a discovery motion where that party has failed to meaningfully meet and confer on the motion.  *See* Fed. R. Civ. P. 37(a)(5)(A)(i); *Yarum v. AlliedBarton Sec. Svcs.,* 2010 WL 3893591 at *3 (N.D. Cal. Sept. 30, 2010); *Bd. of Trustees of the Leland Stanford Jr. Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008); *Kemp v. Harris*, 263 F.R.D. 293, 297 (D. Md. 2009) (denying motion for fees and costs where defense counsel disregarded plaintiff's counsel's request for a conference call to discuss discovery dispute and filed a motion the next business day).

---

[1]   Samsung has since dropped its objections to another apex executive, Executive Vice President Seungho Ahn.  (Martin Decl., ¶ 3.)

As indicated above, Apple did precisely that both before and after the filing of its Motion to Compel.  Apple continually refused to engage in substantive discussions about the scope of its deposition notices, and the bases for its belief that the apex witnesses it noticed had unique, non-repetitive knowledge that could not be obtained from other, lower-level witnesses.  *See WebSideStory, Inc. v. NetRatings, Inc.*, 2007 WL 1120567 at *2 (S.D. Cal. April 6, 2007) (noting that the party seeking the deposition of a high-ranking executive must prove that the executive has "unique first-hand, non-repetitive knowledge of facts at issue in the case" and it must "exhaust other less intrusive discovery methods, such as interrogatories and depositions of lower level employees.")  Prior to filing its Motion to Compel, Apple refused to even discuss whether Samsung's offer to make three executive individuals available for deposition mooted Apple's perceived need to depose the remaining executives.  (Kassabian Decl., ¶¶ 11-12.)  Apple similarly refused to discuss whether Samsung could alleviate Apple's asserted need for the executives' testimony by expediting designations for certain Rule 30(b)(6) topics.  (Martin Decl., ¶ 3.)  Nor was Apple willing to even discuss placing any limitation on the scope of the executives' testimony if Samsung agreed to make them available.  (*Id.*)  Instead, Apple simply issued ultimatums, cut off further discussion, and filed its ill-conceived motion to compel.  Prior to filing its motion Apple did not concede even a single apex deposition, despite several rounds of concessions on Samsung's part.

Even after Apple filed its Motion to Compel, Apple ignored Samsung's repeated attempts to meet and confer, despite Samsung's additional concessions in withdrawing its objections to four additional executives.  In so doing, Apple not only ignored its meet and confer obligations under Rule 37(A) and Local Rule 37-1, it also failed to comply with the Court's directive that the parties "carry out further attempts through the meet and confer process to reduce the number of individuals in dispute."  *See* Dkt. No. 745.  Apple's staunch refusal to meet and confer, even in the face of repeated admonishments from the Court to do so, warrants the denial of its Fees Motion without more.

## II. SAMSUNG'S APEX OBJECTIONS WERE SUBSTANTIALLY JUSTIFIED.

Fees and costs on a discovery motion will be awarded against the party resisting discovery only where that party's discovery position was not substantially justified. *See* Fed. R. Civ. P. 37. Thus, this Court should deny Apples Fees Motion for the additional reason that Samsung's apex objections were substantially justified.

It is well-settled that in order to depose a high-ranking executive, the party seeking the deposition must satisfy two requirements. First, the executives must have unique, personal knowledge that is relevant to the case. Second, the party seeking the deposition must first exhaust less burdensome means of discovery. *See WebSideStory*, 2007 WL 1120567 at *2. As explained in Samsung's contemporaneously-filed Opposition to Apple's Motion to Compel, as well as in Samsung's previously-filed Motion for a Protective Order (Dkt. No. 754) and supporting declarations incorporated by reference herein, Apple's failure to satisfy either standard provided a reasonable basis for Samsung's objections to the depositions of its most senior executives, as well as its Motion for a Protective Order. Nothing in Apple's request for fees proves otherwise.

To the contrary, Apple has consistently failed to even attempt to demonstrate how the executives it sought to depose[2] – ranging from Executive Vice Presidents to the Chief Executive Officer of Samsung – possess unique, non-repetitive knowledge relevant to this dispute that could not be obtained through other means.  Indeed, these senior level executives oversee hundreds, and often thousands, of employees in various divisions, teams, and groups that develop a range of products, many of which are unrelated to the products at issue. (February 22, 2012 Declaration of Samuel S. Lee In Support Of Samsung's Motion For A Protective Order Precluding The Depositions of Ten High-Ranking Samsung Executives (Dkt. No. 754-3), ¶ 3.) Whatever knowledge these executives may possess about the accused products at issue is necessarily limited to reports from lower-level employees, and thus is neither unique nor firsthand. Apple's contrary

---

[2] The list of the apex witnesses still in dispute is contained in Samsung's Opposition to Apple's Motion to Compel at 5.

assertions were based primarily on mere attendance at meetings, rather than actual participation (Motion to Compel at 11); statements by others in communications on which the executive was one of many recipients (*id.* at 12-14); and statements about products that are not even at issue in this litigation, or product features that are entirely unrelated to Apple's asserted intellectual property rights (*id.* at 13).  Apple's failure to even remotely demonstrate how its deposition requests satisfy the first prerequisite for deposing a senior level executive – unique, non-repetitive knowledge – thus compels denial of fees and costs.

In addition, Samsung's objections to the apex depositions were substantially justified because Apple failed to demonstrate that it exhausted less burdensome means of discovery before noticing Samsung's most senior officials.[3]  *See Affinity Labs of Tex. v. Apple Inc.*, 2011 WL 1753982 at *6-7 (N.D. Cal. May 9, 2011).  As indicated above, Samsung has made dozens of subordinate witnesses available, and designated 21 Rule 30(b)(6) witnesses on over 160 topics and subtopics.  Rather than pursue these depositions first, as the apex doctrine requires, Apple has done the exact opposite—canceling the depositions of lower-level Samsung employees while persisting in its insistence to depose their superiors.  (Kassabian Decl., ¶ 11.) Apple's self-described "strategic" decision to forgo depositions of subordinates – who are much more directly involved in, and knowledgeable about, the day-to-day decisions that underlie the relevant facts in this case – indicates that it has failed to exhaust less burdensome means of discovery, and in fact, has no interest in doing so.  (*Id.*)  If deposing subordinates is not worthwhile to Apple, then Apple cannot have any legitimate need to depose their superiors.  An award of fees and costs under such circumstances would thus be unjust.

In any event, even if the Court disagrees with Samsung's conclusions regarding the merits of Apple's apex deposition requests, Samsung was clearly justified in asserting its objections,

---

[3]  Although Apple downplays this requirement in its motion to compel, Apple emphasized the importance of exhausting less burdensome discovery when its own apex witness, Jony Ive, was at issue.  *See* Dkt. No. 637.  Unlike the Samsung executives, Ive is a named inventor of multiple patents-in-suit and identified as a relevant and knowledgeable witness in Apple's own initial disclosures.

since "`reasonable people could … differ as to the appropriateness of the contested action." (Pl. Motion at 2) (quoting *Devaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993).)  The case law supports this conclusion.  *See, e.g., EchoStar Satellite, LLC v. Splash Media Partners*, 2009 WL 1328226 at *2-3 (D. Colo. May 11, 2009) (refusing to award sanctions where the propriety of an executive's deposition was "a matter about which people may reasonably disagree."); *Hardin v. Wal-Mart Stores, Inc.*, 2011 WL 6758857 at *3 (E.D. Cal. Dec. 22, 2011) (ordering deposition of executive but denying plaintiff's request for sanctions).

### III.  APPLE'S OWN GAMESMANSHIP REGARDING THE DEPOSITIONS OF ITS SENIOR EXECUTIVES ALSO COUNSELS AGAINST A FEE AWARD.

Throughout this entire process, Apple has withheld from Samsung and this Court its intention to raise its own apex objections to as many as six of Samsung's deposition notices. (Martin Decl., ¶ 6.)  Apple raised its objections to many of these witnesses for the first time just two days *after* unilaterally re-noticing its Motion to Compel.[4]  Had Apple been transparent and forthcoming about its intentions, the parties might have been able to reach a global compromise that would resolve *both parties'* apex objections without Court intervention, as Samsung had repeatedly requested of Apple.  Instead, Apple chose to proceed in an opaque and recalcitrant manner, suggesting to the Court that it was freely offering its apex witnesses for deposition, when in fact it secretly intended to voice belated objections to those deposition notices.  This Court should not reward Apple's attempts to have it both ways, which gamesmanship has wasted far too much of this Court's valuable time.

### CONCLUSION

For the foregoing reasons, the Court should deny Apple's Motion for Attorneys' Fees and Costs In Connection With Motion to Compel Depositions of 14 of Samsung's "Apex" Witnesses.

---

[4]  Thus, Apple's representations to the Court concerning its willingness to make its own executives available for deposition are entirely misleading in light of Apple's omission that it planned to refuse to offer for deposition at least six Apple executives.  (Pl. Motion at 3-4.)

| | |
|---|---|
| DATED: March 5, 2012 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By *Victoria F. Maroulis*<br>Charles K. Verhoeven<br>Kevin P.B. Johnson<br>Victoria F. Maroulis<br>Michael T. Zeller |
| | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |