# Exhibit 1

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendants,
SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.
and SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

vs.

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

CASE NO. 11-cv-01846-LHK

**SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO COMPEL APEX WITNESSES**

Date: March 27, 2012
Time: 10:00 a.m.
Place: Courtroom 5, 4th Floor
Judge: Hon. Paul S. Grewal

**FILED UNDER SEAL**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..... 1

STATEMENT OF FACTS ..... 1

ARGUMENT ..... 4

I. APPLE CANNOT SATISFY THE REQUIREMENTS FOR AN APEX DEPOSITION OF ANY OF THE EXECUTIVES IT SEEKS. ..... 4

A. CEO Gee Sung Choi Is An Apex Executive And Has No Unique, Personal Knowledge That Cannot Be Obtained Through Other Means. ..... 6

B. President Jong Kyun Shin Is An Apex Executive And Has No Unique, Personal Knowledge That Cannot Be Obtained Through Other Means. ..... 7

C. Apex Executives Won Pyo Hong and Dong Kin Koh Have No Unique, Personal Product Design Knowledge Unavailable Through Other Means. ..... 8

D. Apex Executives Heonbae Kim And Seunghwan Cho Have No Unique, Personal Knowledge That Cannot Be Obtained Through Other Means. ..... 9

E. CEO Dale Sohn And CFO Joseph Cheong Have No Unique, Personal Knowledge That Cannot Be Obtained Through Other Means. ..... 10

F. Jaewan Chi Has No Unique, Personal Knowledge That Cannot Be Obtained Through Other Means ..... 11

II. SAMSUNG HAS NOT IMPEDED APPLE'S EFFORTS TO DEPOSE LOWER LEVEL EMPLOYEES AND 30(B)(6) WITNESSES. ..... 12

III. APPLE'S MOTION SHOULD BE DENIED FOR THE ADDITIONAL REASON THAT APPLE HAS FAILED TO PROPERLY MEET AND CONFER. ..... 14

CONCLUSION ..... 14

# TABLE OF AUTHORITIES

**Cases** **Page**

*Affinity Labs of Tex. v. Apple, Inc.*, 2011 WL. 1753982 (N.D. Cal. May 9, 2011) ....................5, 7, 10

*Baine v. General Motors Corp.*, 141 F.R.D. 332 (M.D. Ala. 1991) ....................4

*Doble v. Mega Life and Health Ins. Co.*, 2010 WL. 1998904 (N.D. Cal. May 18, 2010) ....................8

*First Nat'l Mortgage Co. v. Fed. Realty Inv. Trust*, 2007 U.S. Dist. LEXIS 88625, 2007 WL. 4170548 (N.D.Cal. Nov. 19, 2007)....................10

*Groupion, LLC v. Groupon, Inc.*, 2012 WL. 359699 (N.D. Cal. Feb. 2, 2012)....................4, 10

*Hardin v. Wal-Mart Stores, Inc.*, 2011 WL. 6758857 (E.D. Cal. Dec. 22, 2011)....................4

*In re Google Litig.*, 2011 WL. 4985279 (N.D. Cal. Oct. 19, 2011)....................9, 14

**Statutes**

FRCP 30(b)(6)....................1, 5, 9, 12

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Apple's motion to compel the depositions of certain high-ranking Samsung "apex" executives should be denied. Under federal law, high-ranking executives should only be subject to deposition if two conditions are met. First, the executives must have unique, personal knowledge that is relevant to the case. Second, the party seeking the deposition must exhaust less burdensome means of discovery before deposing apex witnesses. Here, Apple meets neither requirement. The purported evidence it cites shows only that certain of these apex executives have *some* relevant knowledge – not the unique knowledge the standard requires. And as for Apple's claim that it has been unable to obtain the discovery it needs from lower level employees, the record confirms otherwise. The lower level employees whom Apple has deposed indeed answered Apple's questions; that Apple may not like the answers is beside the point. Nor can Apple credibly dispute that the numerous 30(b)(6) witnesses Samsung has designated entirely moot Apple's demand for apex executives.

Finally, Apple does not deserve access to Samsung's senior executives because the record confirms that for the Samsung executives Apple has deposed thus far, Apple has abused the discovery process by coming unprepared and wasting witnesses' time asking needless and harassing questions. Because Apple cannot justify the significant disruption to Samsung's business that would be triggered by these apex depositions, Apple's Motion to Compel should be denied.

## STATEMENT OF FACTS

To expedite this Court's review of the parties' cross-motions, Samsung hereby refers to and incorporates herein by reference its Statement of Facts from its parallel Motion for Protective Order Regarding Certain Samsung Apex Executives (Dkt No. 754) ("Samsung's MPO"). Samsung will include in this opposition brief only the additional non-duplicative facts and arguments necessary for the Court to decide these motions.

**Apple's Repeated Refusals To Discuss Reasonable Limitations On Apex Discovery**

Between January 5, 2012, when Samsung first raised its apex objections to the depositions of certain senior executives, and the date of this filing, Samsung has repeatedly narrowed its apex objections down from 23 to 17, to 14, to 10, to 9 executives. Declaration of Joby Martin in Support of Samsung's Opposition to Apple's Motion to Compel Apex Witnesses (Martin Decl. ¶ 3.) During that time, Apple refused to make even a single concession as to any of Samsung's apex executives. (*Id.*) On March 2, 2012, for the first time, Apple offered to drop its demand for the deposition of one of Apple's apex executives, if Samsung would agree not to depose Deborah Goldsmith, a critical witness whom another Apple witness described as knowledgeable regarding the world clock feature – the precise feature accused by Samsung's '055 patent in this case. (*Id.*) Apple's offer was unacceptable given the critical importance of Ms. Goldsmith, but Samsung did propose in a counteroffer to drop another witness in exchange for Apple dropping Mr. Chi – Ms. Goldsmith's supervisor, George Dicker. (*Id.*) As of this filing, Apple has not responded to Samsung's offer. (*Id.*)

**Apple's Wasteful Depositions of Certain Samsung Senior Executives**

To date Apple has deposed several senior Samsung executives. For example, on February 17, 2012, Apple deposed Don Joo Lee, Executive Vice President of Sales and Marketing at SEC Mobile Communications. [REDACTED]

Similarly, on March 1, 2012, Apple deposed Sungsik Lee, Vice President of UX Design Part 1. (Martin Decl. ¶ 8.) [REDACTED]

[redacted]

**Samsung's Further Meet and Confer Efforts**

Even after Apple filed its motion to compel, and after Samsung filed its protective order motion, Samsung continued the meet and confer process, and dropped its apex objection to yet another executive, Dr. Seungho Ahn. (Martin Decl. ¶ 3.) Thus, as a result of several rounds of compromise on Samsung's part, and despite no meaningful compromise on Apple's part, Samsung now objects to the depositions of just nine of the senior level executives Apple noticed and seeks to compel:

1. Gee Sung Choi, Vice-Chairman and Chief Executive Officer of SEC;
2. Jong Kyun Shin, President of Mobile Communications for SEC;
3. Won-Pyo Hong, Executive Vice President of Product Strategy of Mobile Communications for SEC;
4. Heonbae Kim, Executive Vice President of the Korea R&D Team of Mobile Communications for SEC;
5. Seunghwan Cho, Executive Vice President of Advanced Software Research and Development Team 2 of Mobile Communications for SEC;
6. Dong Jin Koh, Executive Vice President of the Technology Strategy Team of Mobile Communications for SEC;
7. Jaewan Chi, Executive Vice President in SEC's Intellectual Property Center;
8. Dale Sohn, President and Chief Executive Officer of STA; and
9. Joseph Cheong, Chief Financial Officer of STA.

**Legal Standard**

Samsung incorporates by reference the legal standard set forth in its MPO.

**Argument**

Apple's Motion to Compel the depositions of nine Samsung executives, all of whom hold the title of Executive Vice President or higher, should be denied under the apex doctrine.[1] This Court should preclude the depositions of these high-ranking executives because: (1) Apple has failed to demonstrate that the information sought from these executives is both unique, first-hand, and non-repetitive, and not known by any other Samsung employee; (2) Apple has not made an attempt to obtain information regarding the disputed issues through other less intrusive and burdensome means, (3) Apple's deposition conduct with respect to the senior Samsung executives Apple has deposed suggests that Apple is more interested in wasting time than gathering evidence, and (4) Apple has again disregarded this Court's directives in failing to meaningfully meet and confer on apex issues.

## I. APPLE HAS NOT SATISFIED THE REQUIREMENTS FOR AN APEX DEPOSITION OF ANY OF THE EXECUTIVES IT SEEKS.

At the outset, Apple tries to lay out a variety of circumstances under which courts purportedly have permitted depositions of apex witnesses, including where the "witness was the ultimate decision-maker," "had hands-on involvement with a relevant issue," "[p]erformed a relevant analysis," "[a]uthored or received relevant correspondence," or participated in relevant discussions. (MTC at 6). But these examples merely illustrate the kinds of situations that may give rise to an executive having unique, first-hand and non-repetitive information necessary to satisfy the federal requirements for deposing an apex witness. They do *not* prove that Apple has met the first prong of the standard in this case.

---

[1] *See Groupion, LLC v. Groupon, Inc.*, 2012 WL 359699, at *1 (N.D. Cal. Feb. 2, 2012) (denying request to depose four Senior Vice Presidents); *Hardin v. Wal-Mart Stores, Inc.*, 2011 WL 6758857, at *1-2 (E.D. Cal. Dec. 22, 2011) (noting that there is "no question" that an Executive Vice President "is a busy, high-ranking executive" subject to the apex doctrine); *Baine* 141 F.R.D. at 332 (granting protective order for Vice President under the apex doctrine).

Nor does Apple meet the second prong of the apex test. Apple begins by merely restating the obvious: that exhaustion has been found "where the party seeking discovery has already deposed lower-level employees or conducted written discovery…." (MTC at 6). But Apple's regurgitation of the apex standard hardly satisfies it. Apple's contention, moreover, that exhaustion may be shown where a party has flouted the discovery rules is irrelevant since Apple cannot show that Samsung has failed to produce Rule 30(b)(6) witnesses.[2] Finally, Apple's claim that "some courts have acknowledged that less intrusive discovery methods *may not exist*" if a witness has direct knowledge and active participation in the events at issue, (*id*. at 7) (emphasis supplied), simply restates the federal requirement that an apex witness must have "specific and unique," (*id*.), information before he or she may be deposed – a standard Apple fails to meet.

Apple's own successful efforts to secure a protective order for, and defeat a motion to compel the deposition of, the late Chief Executive Officer Steve Jobs only highlights the inconsistency of Apple's attempt to subject Samsung's senior executives to depositions. *See Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, *1 (N.D. Cal. 2011) (denying Plaintiff's motion to compel and granting Apple's motion for a protective order). The arguments Apple made to defeat the compelled deposition of Mr. Jobs are equally applicable to Samsung's senior executives. *See id*. (upholding Apple's position that Affinity Labs failed to show that "Jobs possesses unique, personal non-repetitive firsthand knowledge of relevant facts," or that "Affinity has exhausted less burdensome means to obtain that information.") Indeed, as a witness-by-witness examination of Apple's Motion reveals, Apple cannot establish either that Samsung's executives have unique and particularized knowledge or that it has exhausted other, less intrusive means to obtain the desired information. Accordingly, Apple's Motion should be denied.

Samsung hereby incorporates by reference the reasons set forth in its MPO for why each of these apex executives should not be compelled to sit for deposition. The following discussion addresses only the new arguments raised in Apple's present motion.

---

[2] Apple's inaccurate claim as to the number of such witnesses Samsung has produced is addressed *infra* at 13 n. 8.

**A. CEO Gee Sung Choi Is An Apex Executive And Has No Unique, Personal Knowledge That Cannot Be Obtained Through Other Means.**

Apple claims it seeks to depose Mr. Choi because he is "responsible for the direction of the company in matters highly relevant to this case." (Kassabian Decl. Ex. B at 2.) But these allegations do not demonstrate unique and particularized knowledge that cannot be obtained through other means. Of course, Mr. Choi – as CEO and Vice Chairman – is responsible for the direction of the company in *all matters*. Allowing the deposition of an apex witness based on involvement in product strategy meetings would effectively eviscerate the protections the apex doctrine affords.

Apple's reliance on an email message, in , is misplaced.

As Apple recognized in opposing the compelled deposition of Mr. Jobs, an apex deposition may be disallowed when it is based on generalized statements the executive made to the public when the disputed information was available through other means, including discovery of lower-level employees. *See Affinity Labs*, 2011 WL 1763982, at *7 ("Because it failed to seek any discovery regarding these seven statements, Apple argues that that Affinity's Motion to compel

[3] Apple's description of this document is misleading.

should be denied, and Apple's Motion for protective order should be granted…."). Apple's rationales as to why the deposition of Mr. Jobs was inappropriate are apt:

> The rationale for precluding apex depositions is particularly applicable where, as here, the defendant is one of the largest companies in the world, offers diverse products and services, and operates in some of the most fiercely competitive markets. Mr. Jobs's status as one of the world's most recognizable CEO's increases the potential that harassing discovery will be directed at him. And the danger of abuse is only heightened by the large number of lawsuits, including patent lawsuits, filed against Apple. [4]

These rationales apply with equal force to Apple's efforts to compel the deposition of Samsung's CEO. Other cases have denied depositions of analogous apex witnesses. *See id.* at *7.

**B. President Jong Kyun Shin Is An Apex Executive And Has No Unique, Personal Knowledge That Cannot Be Obtained Through Other Means.**

Apple's demand to depose Samsung President Jong Kyun Shin likewise should be denied. [REDACTED] These bases are insufficient.

Mr. Shin oversees multiple different SEC business divisions that include tens of thousands of employees, and is far removed from the design and engineering processes. Apple simply has not demonstrated any unique, personal knowledge pertaining to Mr. Shin. Thus, until Apple exhausts the depositions of the various employees responsible for the business strategies in question, Mr. Shin's deposition must be precluded. *Cf. Doble v. Mega Life and Health Ins. Co.*, 2010 WL 1998904, at *2 (N.D. Cal. May 18, 2010) (attending high-level business meetings or making generalized comments "is not the level of personal involvement which would justify deposition of" a high ranking executive).

---

[4] Defendant Apple Inc's Opposition to Affinity Labs of Texas, LLC's Motion to Compel the Deposition of Steven P. Jobs of Apple Inc.; and Defendant Apple Inc's Cross Motion for Protective Order to Prevent the Deposition of Mr. Jobs at 11 (April 13, 2011).

**C. Apex Executives Won Pyo Hong and Dong Jin Koh Have No Unique, Personal Product Design Knowledge Unavailable Through Other Means.**

Apple erroneously claims that it "needs to depose the Samsung employees who were responsible, at the strategic decision-making level," (MTC at 12), for products it alleges Samsung copied from Apple. In so arguing, Apple points to two executives it claims oversaw product strategy and design: Won Pyo Hung, Executive Vice-President of the Product Strategy team in Samsung's Mobile Communications division, (Hong Decl. ¶ 2), and Dong Jin Koh, the Executive Vice President of the Technology Strategy team of the Wireless, or Mobile Communications, division, (Declaration of Dong Jin Koh ("Koh Decl.") ¶ 2).[5] Apple provides no basis to depose either executive.

**1. Won Pyo Hong**

Apple's claim [REDACTED] is sheer conjecture. [REDACTED] This tenuous connection is inadequate.

Again, Apple has not identified any unique, personal knowledge he might have that cannot be obtained from lower level employees. Apple will have, or has had, the opportunity to depose numerous witnesses who were involved in the day-to-day design and development of the products at issue, including eighteen lower-level employees, and the three Vice Presidents who were responsible for the parts that actually designed the products at issue. (Declaration of Samuel S. Lee in Support of Samsung's Motion for a Protective Order (Dkt. 754) "Lee Decl." ¶ 6.) Apple will also depose Senior Vice President DongHoon Chang, the head of the Product Design Group.

---

[5] As indicated above, Apple's Motion to Compel the deposition of Dong Hoon Chang, Senior Vice President and Head of Product Design for the Mobile & Communications Division, is moot since Samsung has not sought a Protective Order for Mr. Chang.

In addition, Samsung has designated a 30(b)(6) witness on several topics related to the Product Strategy Team's activities. (*See* Kassabian Decl. ¶ 22.) Apple does not even attempt to show why these depositions are insufficient. Until Apple completes the depositions of lower level employees and Senior Vice President DongHoon Chang, it cannot plausibly demonstrate any need to depose Mr. Hong. *See In re Google Litig.*, 2011 WL 4985279, at *2 (noting that Sergey Brin may not be deposed until the plaintiff completed the depositions of other witnesses and "identif[ied] topics that only Brin [could] address.")

**2. Dong Jin Koh**

For similar reasons, Apple cannot demonstrate a legitimate basis to depose apex witness Dong Jin Koh. Once again, Apple's rationale is based on little more than his position as the head of a management group involved in the development of the products at issue. Apple claims that Mr. Koh "is the head of Samsung's R&D Management Group" and that "[i]ndividuals within the R&D Management Group have generated numerous documents" that discuss the products at issue. (MTC at 12). However, the mere fact that some of the lower level employees who indirectly report to Mr. Koh were involved in the development of the products at issue does not prove either that Mr. Koh (as a manager removed from day-to-day decision-making over product design issues) has unique, non-repetitive knowledge, or that any relevant information cannot be obtained from employees in his division, particularly since Apple will have ample opportunity to depose lower-level employees with knowledge of product design issues. *See supra* at 7-8. Apple thus fails to advance any basis for deposing Mr. Koh.

**D. Apex Executives Heonbae Kim And Seunghwan Cho Have No Unique, Personal Knowledge That Cannot Be Obtained Through Other Means.**

Apple also seeks to compel depositions of two high-ranking executives in Samsung's engineering and strategy divisions whom it claims were "responsible for developing the specific features that Apple contends infringe its utility patents." (MTC at 13). Apple again is wrong.

In attempting to justify the depositions of these apex witnesses, Apple claims that Mr. Kim "purportedly contributed to Samsung's overwhelming first-place ranking in the domestic market," (MTC at 13), and that he was involved in strategy regarding Samsung's cell phones. (*See id*.)

Similarly, Apple claims that Mr. Cho's deposition is necessary because he "led software development for Galaxy S and Galaxy Tab products" and "communicated with other Samsung employees about comparisons between Samsung and Apple products." (*Id.*) These officials, however, had little or no direct involvement in the design or development of the products at issue. SEC's R&D teams are responsible for developing dozens, if not hundreds, of products. The mere fact that some of those lower level employees who indirectly report to these executives were involved in the development of the products at issue does not demonstrate that these executives have unique, non-repetitive knowledge. *See* MPO at 14-15.

Apple's decision to seek depositions of Samsung's highest-ranking R&D executives is especially unwarranted given Apple's decision to cancel the depositions of lower-level employees [REDACTED] (Lee Decl. ¶ 12.) Accordingly, as even Apple has argued, *see Affinity Labs*, 2011 WL 1753982, at * 6-7, where, as here, a party has not exhausted less intrusive means of discovery from lower-level employees, such apex depositions must be precluded. *See Groupion, LLC*, 2012 WL 359699, at *4; *First Nat'l Mortgage Co.*, 2007 U.S. Dist. LEXIS 88625, at *6–7.

**E. CEO Dale Sohn And CFO Joseph Cheong Have No Unique, Personal Knowledge That Cannot Be Obtained Through Other Means.**

Apple claims that it is entitled to seek the depositions of two executives it alleges are knowledgeable about Apple's damages claims, STA's Chief Executive Officer, Dale Sohn, and Chief Financial Officer, Joseph Cheong. (*See* MTC at 14; Declaration of Dale Sohn (in Support of PO) ("Sohn Decl.") ¶ 2; Declaration of Joseph Cheong (in Support of PO) ("Cheong Decl.") ¶ 2.) This assertion lacks merit.

[REDACTED] With respect to Mr. Cheong, Apple claims that he is "chiefly responsible for STA's revenue and profit contributions to SEC's financial performance," and "signs STA's financial statements and submits them to headquarters in Korea.…" (MTC at 15).

As with CEO Choi, a deposition is not warranted simply because CEO Sohn allegedly made high-level decisions. Nor is Mr. Cheong's deposition warranted based on being the ultimate signatory on STA's financial documents. Apple has failed once again to demonstrate any *unique* knowledge these witnesses may have.

Even if, as Apple asserts, Mr. Cheong has "unique knowledge of the financial position, profitability, and operations of STA in relation to SEC," (*id*.), that does not mean he has unique knowledge of the particular design, development or marketing of the disputed products at the core of this dispute. Indeed, Apple's theory that financial executives with information related to "sales, sales strategies, projections, marketing plans, and profits," (MTC at 14), are appropriate deposition targets would subject virtually all senior financial officers to depositions merely because they have knowledge of corporate financial information. Surely, the apex doctrine does not permit such an uncabined erosion of its protections.

In any case, Apple has already deposed a number of STA employees who had superior personal knowledge of the Samsung products and STA's finances, and has not demonstrated how those individuals failed to provide the information sought. (Lee Decl. ¶ 6; Martin Decl. ¶ 4.)

**F. Jaewan Chi Has No Unique, Personal Knowledge That Cannot Be Obtained Through Other Means.**

Apple also improperly seeks to depose Jaewan Chi, Executive Vice President of Samsung's Licensing team. Apple claims it needs to depose Mr. Chi as to two topics – ETSI and licensing issues, (see MTC at 18-19) – but neither topic justifies these depositions. [REDACTED] Additionally, as explained in Samsung's MPO, Apple has already deposed lower level executives who are more knowledgeable about these issues. (MPO at 16-17.)

Furthermore, though it believes that they do not possess any knowledge relevant to this action, in an effort to further compromise pursuant to this Court's February 21, 2012 Order, Samsung has withdrawn its apex objections to the depositions of four other high-ranking executives in the Intellectual Property Center – Seungho Ahn, head of the IP Center and Licensing

Team; Senior Vice Presidents Seung Gun Park and Minhyung Chung, and Vice President and General Counsel Kenneth Korea. As such, Apple cannot show that Mr. Chi has unique personal knowledge on those topics that cannot be obtained through these other depositions.

## II. SAMSUNG HAS NOT IMPEDED APPLE'S EFFORTS TO DEPOSE LOWER LEVEL EMPLOYEES AND 30(B)(6) WITNESSES.

Contrary to Apple's assertions, Samsung has provided Apple with more than sufficient information from the persons most knowledgeable about the facts and circumstances related to this case. There is no basis to Apple's claim that the Samsung employees it has deposed were evasive (*see* MTC at 20-23.) These employees answered all of the questions they were asked based on the extent of their personal knowledge, subject to counsel's objections. That some of these employees declined to speculate about information for which they lacked direct knowledge, or sought clarifications to vague or amorphous questions or terms (*see* MTC at 21), does not mean that they "stymied Apple's efforts to pursue less intrusive discovery methods." (*Id.*) Rather, they merely sought to ensure that they were clear about what Apple was asking, and then answered responsibly to the extent of their knowledge.

[REDACTED] In addition, since some of Apple's questions, such as whether the design and external appearance of the Samsung and Apple smartphones were similar, (*see* MTC at 21), involved questions for the judge or jury, employees such as senior designer Jangil Song, appropriately declined to answer. Moreover, Apple can hardly be heard on this issue, as its own witness have claimed ignorance during deposition regarding the meaning of words like "rectangle" and "feature." (*See* Declaration of Brett Arnold in Support of Samsung's Opposition to Apple's Motion for a Protective Order (Dkt. 340b) ¶ 16.)

Apple's complaints about answers to pricing questions are likewise off-base. Apple argues that Samsung witnesses failed to provide detailed responses about the pricing of entry-level iPads

and Galaxy Tabs, (*see id*. at 22), and "whether the external look of the iPhone drives its commercial success." (*Id.*) But Apple's frustration with the answers it received does not provide a basis for turning to depositions of higher-level officials. Apple offers no basis to conclude that the senior executives in question would have unique knowledge on product pricing that those directly responsible for pricing do not have.[6]

Finally, Apple points to testimony from Samsung witnesses that the apex officials Apple seeks to depose "were either the final authority on a matter, or were involved in the decision-making process." (*Id.*) But this testimony just states the obvious: *of course*, apex witnesses wield authority – that is precisely what makes them senior officials protected by the apex doctrine. But the fact that Samsung's CEO, President or Division Head has ultimate authority over products, or participates in corporate business decisions, does not establish that they have particularized, unique knowledge about the fact issues in this dispute – a prerequisite for their deposition. *See supra* at 8-9.[7]

Moreover, in addition to the individual witnesses discussed *supra*, Apple has already served notices under FRCP Rule 30(b)(6) covering roughly 250 topics and subtopics. (Kassabian Decl. ¶ 2.) To date, Samsung has offered witnesses on most of these topics and subtopics (subject to its objections), and is working quickly to identify and schedule the remaining designees.[8]

---

[6] It is also unclear how the question posed to Omar Khan – whether the iPhone's look "drives its commercial success" – is "critically relevant," (*id*.), to the issues in this dispute; if anything, it relates to a damages issue that is better left to expert opinion, not fact testimony.

[7] The case law on which Apple relies, (*see* MTC at 22-23), is not to the contrary. (*See* MTC at 22-23). In both *Oracle America Inc. v. Google, Inc*., 2011 U.S. Dist LEXIS 79465 (N.D. Cal., July 21, 2011), and *In re Chase Bank*, *USA*, 2011 U.S. Dist. LEXIS 127259 (N.D. Cal., Nov. 3, 2011), the court found that the executives at issue actually had unique knowledge; and the party seeking the deposition had actually exhausted less burdensome means of discovery. Apple has made no such showing here.

[8] Apple's claim that Samsung has "only designated four 30(b)(6) witnesses to date," (MTC at 21), is inaccurate. Samsung has designated 21 30(b)(6) witnesses covering approximately 160 topics and subtopics to date. Samsung has designated SEC employees Seongwoo Kim, Sungho Choi and Junwon Lee to testify regarding topics related to licensing and participation in standards-bodies; SEC employees Minsuk Kim and Yunjung Lee to testify regarding topics relating to the design of the accused products; SEC employees Heonseok Lee, Kiwon Lee, Sung Hee Hwang,

(footnote continued)

(Martin Decl. ¶ 4.) Samsung is not refusing to provide these depositions – which moot any possible basis for the apex depositions Apple now demands.

## III. APPLE'S MOTION SHOULD BE DENIED FOR THE ADDITIONAL REASON THAT APPLE HAS FAILED TO PROPERLY MEET AND CONFER.

As demonstrated above, despite Samsung's repeated overtures, Apple has failed to meaningfully meet and confer regarding apex issues. Samsung has made concession after concession, whittling down its apex objections from 23, to 17, to 14, to 10, to 9 – yet Apple has remained steadfast in its original position, refusing to drop even a single apex deposition notice. Its belated offer on March 2 to drop a single apex executive in exchange for Samsung dropping a critical non-apex witness relevant to the world clock feature is as unreasonable as it is tardy. Apple's staunch refusal to compromise, even in the face of this Court's express directives to do so, should not be rewarded, and its Motion to Compel should be denied.

## CONCLUSION

For the reasons stated, Samsung asks that this Court deny Apple's Motion to Compel.

---

Han-Soo Jung, Joon-Il Choi, Wookyun Kho, Ioi Lam, and Dooju Byun to testify regarding topics related to the technical development of allegedly infringing product features; SEC employee Oh Chae Kwon and STA employees Todd Pendleton and Tim Benner to testify regarding topics related to consumer research and the marketing of the accused products; Tim Sheppard (STA's Vice President of Finance and Accounting), Justin Denison (STA's Chief Strategy Officer), and Jae-Hwan Sim (Vice president of SEC's Business Operations Group) to testify regarding topics relating to financials and business planning; and SEC employee GiSang Lee to testify regarding topics relating to the Samsung patents-in-suit and the technology disclosed in the '055 and '871 Patents. (Martin Decl. ¶ 4.)

DATED: March 5, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *Rachel Herrick Kassabian*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
Rachel Herrick Kassabian

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC