# Exhibit A

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

February 23, 2012

Writer's Direct Contact
415.268.6615
JasonBartlett@mofo.com

*By Email* (*chrisprice@quinnemanuel.com*)

Christopher Price
Quinn Emanuel
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re:   *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)

Dear Christopher:

Samsung has already deposed more than 60 Apple witnesses on Apple's offensive side of this case, and the parties have already confirmed scheduling of depositions for at least 17 additional Apple witnesses.  Even if no additional depositions are taken by Samsung in this case, by the end of the fact discovery period Samsung will have deposed a total of 77 Apple witnesses in Apple's offensive case alone.

Samsung has noticed the depositions of the following additional individuals in Apple's offensive case, none of whom possesses sufficiently direct knowledge of discoverable facts relevant to this case to justify Samsung's taking their depositions:

| | |
|---|---|
| Aaron von Minden | Jeff Robbin |
| Amy Chuang | Jeff Williams |
| Bruce Sewell | John Brown |
| Chris Birgers | John Geleynse |
| Chris Hood | Michael Lewis |
| David Falkenburg | Nima Parivar |
| Deborah Goldsmith | Noreen Krall |
| Eddy Cue | Rebecca Van Dyck |
| Eugene Kim | Steven Sinclair |
| Fred Simon | Tim Cook |
| Jack Fu | Zack Kamen |

Apple does not understand what factual basis could underlie any argument by Samsung that these additional witnesses have sufficient direct knowledge to outweigh the burden of making them available for deposition.  On top of that, some of these individuals would

sf-3111024

**MORRISON | FOERSTER**

Christopher Price
February 23, 2012
Page Two

qualify as "apex" witnesses, making Samsung's burden even more difficult to overcome. Others of these individuals are attorneys, and the taking of their depositions is disfavored.

On February 3, 2012, Samsung sent Apple a list of witnesses whose depositions Samsung questioned along similar lines. As a result of the mutual agreement that the parties reached at the February 6, 2012 lead counsel meet-and-confer session, we sent you letters on both February 9th and February 12th setting out in great detail — with references to documents produced by Samsung and deposition testimony of Samsung witnesses — the bases for Apple's belief that those witnesses had directly relevant knowledge justifying their depositions.

At the February 6, 2012, lead counsel meeting, Samsung agreed to provide the same type of letter with respect to certain Apple witnesses whose depositions had been noticed by that point, including Eddy Cue and others in the above list. Samsung never provided Apple with that letter. We now ask that Samsung provide the promised letter for all of the above witnesses, many of whom were not noticed for deposition until well after the February 6th meet and confer.

Please provide Samsung's factual basis in writing, in at least the level of detail provided by Apple in its letters, citing to documents and deposition testimony, if any, for its belief that any of these witnesses possess information directly relevant to this case sufficient to justify their depositions. Such a letter would help Apple to better understand Samsung's position, and to assess which witnesses should be scheduled and which should be the subject of a motion for protective order.

Sincerely,

*/s/ Jason R. Bartlett*

Jason R. Bartlett

cc:   S. Calvin Walden
      Peter Kolovos

sf-3111024