QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S SUPPLEMENTAL RESPONSE IN SUPPORT OF ITS OPPOSITION TO APPLE'S MOTION TO COMPEL DOCUMENTS**<br><br>Date: March 6, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

02198.51855/4637142.2

Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL RESPONSE IN SUPPORT OF ITS OPPOSITION TO APPLE'S MOTION TO COMPEL TIMELY PRODUCTION OF FOREIGN-LANGUAGE AND OTHER DOCUMENTS

# INTRODUCTION

Samsung requests leave to file this supplemental response regarding Apple's Reply in Support of its Motion to Compel to bring two important issues to the Court's attention .

<u>First</u>, recognizing that its Motion to Compel is largely moot given the imminent close of fact discovery, Apple now tries to use its reply brief to sneak in a brand new motion in place of the one it filed on January 27, 2012.  Specifically, Apple's reply brief casually asks the Court for the extraordinary relief of an order compelling Samsung to reopen dozens of depositions – when its original motion sought only the production of documents.  Apple's new demand should be disregarded, because once again, Apple has ignored this Court's clear instructions to meet and confer in advance of filing a new discovery motion, and to file its discovery motions on regular noticed time.  If Apple wishes to file a motion to reopen depositions, it must meet and confer, then file a motion through the ordinary channels presenting good cause for reopening each specific deposition, then give Samsung an opportunity to oppose it, and finally, Apple must wait in line for a hearing like every other litigant.  Having done none of these things here, Apple's artfully disguised new motion should be summarily rejected.

<u>Second</u>, Apple's reply brief mischaracterizes Samsung's recent deposition-related document productions, strategically cherry picking its examples and ignoring the many depositions where Apple received documents well in advance of the corresponding deposition. Apple's reply brief also conveniently omits Apple's own recent failings in this department, including numerous instances where Apple has dumped custodial documents upon Samsung on the eve of – and even after – the relevant Apple deposition.  With this supplemental response Samsung seeks to set the record straight so the Court can decide these issues on an accurate and complete record.

# BACKGROUND

## Apple's Motion to Compel Documents

On January 27, 2012, Apple filed a Motion to Compel Timely Production of Foreign-Language and Other Documents In Advance of Related Depositions ("Motion to Compel").  (Dkt. No. 682.)  Apple's Motion to Compel requested an order compelling Samsung to produce foreign-

1  language documents from the files of each witness at ten days in advance of the witness's
2  deposition, and English-language documents at least five days in advance of the witness's
3  deposition.  (Dkt. No. 682 at 1; Dkt. No. 684)   Pursuant to Local Rule 6-3, Apple filed a motion
4  to shorten time for briefing and hearing on its motion, waiving its reply brief and requesting a
5  February 1, 2012 hearing date.  (Dkt. No. 679.)   On January 31, 2012, the Court declined to
6  shorten time, and ordered Apple to re-notice the hearing on its motion to compel in accordance
7  with Civ. L. R. 7-2(a), stating that the mechanism of shortened time "has come under abuse in this
8  case."  (Dkt. No. 699.)   Although recognizing the "constraints placed on the parties by the
9  accelerated discovery and trial schedule in this case," the Court concluded that the need for
10 expedited resolution of discovery disputes did not justify the burdens on the Court and other
11 litigants caused by continuously . . . requesting to jump to the head of the court's line."  (*Id.*)

**Just Hours Before Filing its Reply in Support of Its Motion to Compel Documents,**
**Apple Raises the Issue of Reopening Depositions**

14       On February 23, 2012, after Samsung filed its Opposition to Apple's Motion to Compel
15 and the same day Apple was due to file its reply brief, Apple sent a letter announcing, for the first
16 time, its desire to reopen depositions in instances of allegedly late-produced custodial documents.
17 (Declaration of Joby Martin In Support of Samsung's Sur-Reply In Support of Its Opposition to
18 Apple's Motion to Compel  ("Martin Decl. ¶ 2.)   Apple also announced, again for the first time,
19 that it would seek this relief in its Reply In Support of Its Motion to Compel ("Reply").  (*Id.*)
20 Despite the fact that the parties had never before discussed reopening depositions, Apple filed its
21 Reply less than ten hours after sending this letter, declining to give Samsung a meaningful chance
22 to respond.  (*Id.* at ¶ 3.)

**Apple Files Incomplete Supplemental Evidence on its Motion to Compel Documents**

24       On March 4, 2012, two days before the hearing on its Motion to Compel, Apple filed an
25 "Administrative Request" for leave to file a supplemental declaration supporting its Motion to
26 Compel.  (Dkt. No. 766.)   Therein, Apple referenced certain recent Samsung deposition-related
27 productions and omitted others.   Apple also failed to disclose its own untimely recent deposition-
28 related document productions.

02198.51855/4637142.2

-2-  Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL RESPONSE IN SUPPORT OF ITS OPPOSITION TO APPLE'S MOTION TO
COMPEL TIMELY PRODUCTION OF FOREIGN-LANGUAGE AND OTHER DOCUMENTS

# ARGUMENT

## I. APPLE'S ATTEMPT TO MOVE TO REOPEN DOZENS OF DEPOSITIONS VIA A REPLY ON ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS SHOULD BE REJECTED OUT OF HAND.

Apple's Motion to Compel requested an order imposing deadlines on Samsung's production of deposition-related documents. It did not seek to reopen depositions in instances where those deadlines were not met—though it could have. To the contrary, Apple itself acknowledged that its Motion to Compel would be moot unless the Motion was heard on shortened time: "Without an expedited briefing and hearing schedule, it is likely that the Motion to Compel will not be heard and ruled on until all or nearly all of the remaining Samsung witness depositions have been completed. That would effectively moot Apple's Motion to Compel." (Dkt. No. 679 at 2-3.) That is precisely what happened – the Court denied Apple's Motion to Shorten, largely mooting its Motion to Compel. (Docket No. 699). This should have come as no surprise to Apple, given the Court's previous admonitions regarding the burdens caused by expedited briefing. (*See* Dkt. No. 657a at 4:8-7:22.) Thus, Apple gambled everything on its Motion to Shorten, and it lost. On reply, Apple attempts to breathe new life into its largely moot motion by effectively filing a brand new motion to compel. While Apple's original Motion to Compel sought the production of *documents*, Apple's Reply brief seeks the production of *witnesses*—dozens of them, after the close of discovery. Worse, Apple insists that the Court order these witnesses to fly halfway around the world and sit for a further deposition in the Bay Area, for Apple's convenience. Apple may not be heard to demand such new and extraordinary relief via a reply brief.

First, Apple failed to properly meet and confer in advance of raising this issue with the Court, instead sandbagging Samsung with a letter just hours before it filed its reply brief. Lead counsel met and conferred several times before, and three separate times after, Apple filed its Motion to Compel documents, yet Apple inexcusably never raised the issue of reopening depositions. (Martin Decl. ¶ 4-5.) Meet and confer could have been particularly fruitful here, because Apple's deposition-related document productions have been tardy in even more instances

than have Samsung's -- and the issue is thus ripe for "horse-trading."  Of course, this may be why Apple failed to meet and confer – because it wishes to live by one rule yet impose another on Samsung.[1]

Second, Apple's demand for new relief runs contrary to the "well-established" rule that "a movant should not be permitted to cure by way of reply what is in fact a defective motion." *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F. Supp. 2d 545, 551 (N.D. Tex. 2006); *see also Burnham v. City of Rohnert Park*, 1992 WL 672965, *5 (N.D. Cal. May 18, 1992) ("[R]eply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion").[2]  Rather than filing a duly noticed motion to reopen depositions, however, Apple sneaks its motion in for the first time in a few sentences in its Reply.  In analogous circumstances, courts have rejected such attempts to file a new motion disguised as a reply brief.  For instance, in *Wood v. Household Fin. Corp.*, 341 B.R. 770 (W.D. Wash. 2006), the court refused to consider a request for partial summary judgment raised for the first time in the defendant's reply.  The court raised the issue *sua sponte* because considering the new request for relief "essentially prevents plaintiff from providing any response."  *Id.*  The court noted that "nothing prevented defendants from raising the argument in a separate motion at the time they filed their Reply[.]"  *Id.*  The same reasoning applies here.  Apple's new motion does not meet the governing standards for reopening depositions, nor does it give Samsung an adequate opportunity to respond.  This is particularly true where, as here, Apple seeks the extraordinary

---

[1]  Apple's actions also effectively circumvented this Court's admonition that the parties must file their discovery motions on regular notice; Apple's new motion is set for hearing less than two weeks from the date of filing.  Neither tactic should be rewarded.

[2]  As a general rule, courts will not consider new evidence of legal arguments raised for the first time in a reply brief.  *See Dytch v. Yoon*, 2011 WL 839421 (N.D. Cal. Mar. 7, 2011) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Daghlian v. DeVry Univ., Inc.*, 461 F. Supp. 2d 1121, 1144 (C.D. Cal. 2006) (In general, "[i]t is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than [those that were] presented in the moving papers.").  Apple's Reply, however, does not merely raise new grounds for relief— it seeks a relief that is entirely different than "the relief originally sought by Apple."  (Dkt. No. 756 at 2.)

02198.51855/4637142.2

-4-   Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL RESPONSE IN SUPPORT OF ITS OPPOSITION TO APPLE'S MOTION TO COMPEL TIMELY PRODUCTION OF FOREIGN-LANGUAGE AND OTHER DOCUMENTS

1  relief of compelling dozens of foreign deponents to travel to the United States for depositions after
2  the close of discovery – without presenting so much as a shred of evidence that any one
3  deposition, let alone all of them, merit reopening.   Samsung has a right to be heard before such
4  drastic relief is afforded.[3]

## II.    APPLE MISCHARACTERIZES SAMSUNG'S RECENT DEPOSITION-RELATED PRODUCTIONS.

Apple's Reply brief cherry picks a handful of examples where Samsung produced documents less than five days before the relevant deposition – but conveniently omits that for the vast majority of recent depositions, Samsung's productions have met the 3-day rule, and in many instances, the 5-day rule as well.   (Martin Decl. ¶ 8.)   Apple's suggestion to the contrary is incorrect.

Apple's Reply also makes the baseless accusation that Samsung is "masking" late productions by producing documents with ITC Bates numbers.   Samsung is doing no such thing. The parties have in place a cross-use provision which provides that documents produced in the two ITC actions currently pending between the parties are automatically deemed produced in this action.   (Dkt. No. 687 at ¶ 22.)   This does not mean, however, that documents produced in the ITC matters are *relevant* to a N.D. Cal. Deposition or *responsive* to N.D. Cal document requests. To the contrary, although there are some overlapping custodians, many of the documents produced in the ITC matters are entirely irrelevant to this case, for several reasons.   First, none of the patents asserted by Apple in the '796 Investigation are asserted in this case.   (Martin Decl. ¶ 6) Second, there are multiple Samsung products accused in the '796 Investigation that are not accused in this action.   Third, there are myriad legal issues, such as the presence of a domestic industry for the products embodying the Samsung patents asserted in the '794 Investigation, that are irrelevant

---

[3]   Samsung has repeatedly made clear—as early as January 13, 2012—that it is willing to negotiate a global solution that would resolve *both parties'* allegations regarding late produced documents.   (Martin Decl. ¶ 5.)   Apple's eleventh-hour proposed "compromise," however, is anything but.   By limiting its retroactive effect to January 1, 2012, Apple seeks to reopen Samsung depositions while avoiding a similar fate for its own tardy productions of tens of thousands of documents after the depositions of its inventors, which occurred in November and December of 2011.

1  to the issues in this case.   Thus, Apple has no basis for suggesting that Samsung's ITC

2  productions in response to ITC document requests should somehow be held against Samsung for

3  purposes of its Motion to Compel.

4  **III.     APPLE'S REPLY BRIEF CONVENIENTLY OMITS ITS OWN LATE**

5  **PRODUCTIONS.**

6  Apple's claim that its own deposition-related document productions are "beyond reproach"

7  simply is not credible.   Apple has experienced many of the very same difficulties and delays that

8  underlie its complaints against Samsung.   Apple's own recent productions have violated the rules

9  it asks the Court to impose on Samsung in at least the following instances:

| Apple Deponent | Number of Days Before/After Deposition that Apple Last Produced Custodial Documents |
|---|---|
| John Ternus | 10 days after |
| Richard Dinh | 1 day before |
| Michael Tchao | 1 day before |
| Mark Buckley | 1 day before |
| Wei Chen | 2 days before |
| Achim Pantfoerder | - 1 day before March 1st deposition |
| Myra Haggerty | 1 day before |
| Art Rangel | 1 day before |
| Tan Tang | 1 day before |

22  (Declaration of Melissa Dalziel In Support of Samsung's Supplemental Response

23  ("Dalziel Decl.") ¶ 2).   Moreover, Apple has yet to produce *a single document* for Chris Harris

24  and B.J. Watrous, despite the fact that these witnesses are scheduled to be deposed on March 6,

25  2012 and March 8, 2012.   (*Id.* at ¶ 3).   All told, just in the weeks since Samsung filed its

26  Opposition, Apple has produced 27,803 pages of custodial documents less than three days before

27  the related deposition.   (*Id.* at ¶ 2.)   Apple's reply brief improperly omitted these material facts.

28

02198.51855/4637142.2

-6-                                       Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL RESPONSE IN SUPPORT OF ITS OPPOSITION TO APPLE'S MOTION TO
COMPEL TIMELY PRODUCTION OF FOREIGN-LANGUAGE AND OTHER DOCUMENTS

# CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court deny Apple's Motion to Compel in its entirety. In the event that the Court determines that reconsideration of its three day rule is appropriate, Samsung respectfully requests that a five-day rule be applied to both parties' depositions, for English and foreign-language documents alike, on a prospective basis.

DATED: March 6, 2012

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  */s/ Rachel Herrick Kassabian*
    Charles K. Verhoeven
    Kevin P.B. Johnson
    Victoria F. Maroulis
    Michael T. Zeller
    Rachel Herrick Kassabian
    Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

02198.51855/4637142.2

-7-    Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL RESPONSE IN SUPPORT OF ITS OPPOSITION TO APPLE'S MOTION TO COMPEL TIMELY PRODUCTION OF FOREIGN-LANGUAGE AND OTHER DOCUMENTS