# EXHIBIT A

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION TO APPLE INC.** |
| Defendants. | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants and Counterclaimants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") request that Plaintiff Apple Inc. ("Apple") produce for inspection and copying the documents and things set forth below at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065 within 30 days, or such other time as the parties agree or the Court orders.

## **DEFINITIONS**

The requests for production, as well as the Instructions provided above, are subject to and incorporate the following definitions and instructions as used herein:

1.      The terms "APPLE," "PLAINTIFF," "YOU," and "YOUR" shall refer to Apple, Inc., any predecessor or successor of Apple, Inc., and any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, or other representative of Apple, Inc., including counsel and patent agents, in any country.

2.      The term "DEFENDANTS" and "SAMSUNG" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC.

3.      "This Lawsuit" shall mean the action entitled *Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-01846-LHK.

4.      The term "'604 PATENT" shall mean U.S. Patent No. 6,928,604 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

5.      The term "'410 PATENT" shall mean U.S. Patent No. 7,050,410 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

6.      The term "'792 PATENT" shall mean U.S. Patent No. 7,200,792 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

7.      The term "'867 PATENT" shall mean U.S. Patent No. 7,362,867 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

8.      The term "'001 PATENT" shall mean U.S. Patent No. 7,386,001 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

9.      The term "'516 PATENT" shall mean U.S. Patent No. 7,447,516 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

10.     The term "'941 PATENT" shall mean U.S. Patent No. 7,675,941 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

11.     The term "'055 PATENT" shall mean U.S. Patent No. 7,069,055 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

12.     The term "'871 PATENT" shall mean U.S. Patent No. 7,079,871 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

13.     The term "'893 PATENT" shall mean U.S. Patent No. 7,456,893 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

14.     The term "'460 PATENT" shall mean U.S. Patent No. 7,577,460 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

15.     The term "'711 PATENT" shall mean U.S. Patent No. 7,698,711 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

16.     "SAMSUNG PATENTS-IN-SUIT" shall mean the '604 PATENT, the '410

PATENT, the '792 PATENT, the '867 PATENT, the '001 PATENT, the '516 PATENT, the '941 PATENT, the '055 PATENT, the '871 PATENT, the '893 PATENT, the '460 PATENT, and the '711 PATENT.

17.     The term "'002 PATENT" shall mean U.S. Patent No. 6,493,002 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

18.     The term "'381 PATENT" shall mean U.S. Patent No. 7,469,381 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

19.     The term "'607 PATENT" shall mean U.S. Patent No. 7,663,607 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

20.     The term "'828 PATENT" shall mean U.S. Patent No. 7,812,828 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

21.     The term "'915 PATENT" shall mean U.S. Patent No. 7,844,915 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

22.     The term "'891 PATENT" shall mean U.S. Patent No. 7,853,891 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

23.     The term "'163 PATENT" shall mean U.S. Patent No. 7,864,163 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

24.     The term "'129 PATENT" shall mean U.S. Patent No. 7,920,129 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

25.     "APPLE UTILITY PATENTS" shall mean the '002 PATENT, the '381 PATENT,

the '607 PATENT, the '828 PATENT, the '915 PATENT, the '891 PATENT, the '163 PATENT, and the '129 PATENT.

26.     The term "'D790 PATENT" shall mean U.S. Design Patent No. D627,790 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications, registrations, and patents which claim the same subject matter.

27.     The term "'D334 PATENT" shall mean U.S. Design Patent No. D617,334 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications, registrations, and patents which claim the same subject matter.

28.     The term "'D305 PATENT" shall mean U.S. Design Patent No. D604,305 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications, registrations, and patents which claim the same subject matter.

29.     The term "'D087 PATENT" shall mean U.S. Design Patent No. D593,087 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications, registrations, and patents which claim the same subject matter.

30.     The term "'D677 PATENT" shall mean U.S. Design Patent No. D618,677 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications, registrations, and patents which claim the same subject matter.

31.     The term "'D270 PATENT" shall mean U.S. Design Patent No. D622,270 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications, registrations, and patents which claim the same subject matter.

32.     The term "'D889 PATENT" shall mean U.S. Design Patent No. D504,889 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues

1   thereof and all foreign counterpart applications, registrations, and patents which claim the same

2   subject matter.

3        33.    "APPLE DESIGN PATENTS" shall mean the 'D790 PATENT, the 'D334

4   PATENT, the 'D305 PATENT, the 'D087 PATENT, the 'D677 PATENT, the 'D270 PATENT,

5   and the 'D889 PATENT.

6        34.    "APPLE PATENTS-IN-SUIT" shall mean the APPLE UTILITY PATENTS and

7   the APPLE DESIGN PATENTS.

8        35.    "PRIOR ART" shall mean any reference, publication, patent, physical specimen,

9   use, invention by another, sale, offer for sale, or other activities that are relevant to the validity of

10   the APPLE PATENTS-IN-SUIT, including anything that is relevant to the patentability of any

11   patent claim under 35 U.S.C. §§ 102 and 103.  Prior Art is not limited to references or other

12   activities cited to the United States Patent and Trademark Office during prosecution of any patent.

13        36.    The term "APPLE TRADE DRESS" shall mean U.S. Registration Nos. 3,470,983;

14   3,457,218; 3,475,327; US Application Serial Nos. 77/921,838; 77/921,829; 77/921,869;

15   85/299,118; and all parents, progeny, continuations, applications, divisional applications,

16   reexaminations, or reissues thereof and all foreign counterpart applications, registrations, and

17   which claim the same subject matter, and the unregistered iPhone, iPhone 3G, iPhone 4,

18   iPhone/iPhone 3G/iPhone 4, iPad, iPad 2, and packaging trade dress claimed by Apple.

19        37.    The term "APPLE TRADEMARKS" shall mean U.S. Trademark Registration Nos.

20   3,886,196; 3,889,642; 3,886,200; 3,889,685; 3,886,169; 3,886,197; 2,935,038; U.S. Application

21   Serial No. 85/041,463, and all parents, progeny, continuations, applications, divisional

22   applications, reexaminations, or reissues thereof and all foreign counterpart applications,

23   registrations, and which claim the same subject matter.

24        38.    "APPLE IP" shall mean the APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS

25   and APPLE TRADEMARKS.

26        39.    The term "APPLE ACCUSED PRODUCTS" shall mean electronic devices that

27   allow for communications and data transfer over networks including establishing data

28   connections, execution of user operations and audio play back of digital data that are

-6-                                    Case No. 11-cv-01846-LHK

SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

1   manufactured, distributed, and/or sold by You or Your parent, subsidiary, or affiliate companies or

2   on Your behalf, or on behalf of Your parent, subsidiary, or affiliate companies anywhere in the

3   world, at any time between April 15, 2005 through the pendency of This Lawsuit, including each

4   and every Apple product that Samsung has identified as infringing in any of its complaints or

5   infringement contentions served in this action.  The term shall include, without limitation, the

6   following devices:  the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple

7   iPhone 4, the iPod Touch, the iPad, the iPad 3G, the iPad 2, the iPad 2 3G.

8     40. The term "SAMSUNG ACCUSED PRODUCTS" shall mean the products Apple

9   alleges infringe, dilute, unfairly compete with, or otherwise violate Apple's rights in any of the

10   APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS, or APPLE TRADEMARKS, including,

11   without limitation, the Acclaim, Captivate, Continuum, Droid Charge, Exhibit 4G, Epic 4G,

12   Fascinate, Gem, Galaxy Ace, Galaxy Prevail, Galaxy S, Galaxy S i9000, Galaxy S 4G, Gravity,

13   Indulge, Infuse 4G, Intercept, Mesmerize, Nexus S, Nexus S 4G, Replenish, Showcase i500,

14   Showcase Galaxy S, Sidekick, Transform, and Vibrant phones, and Galaxy Tab and Galaxy Tab

15   10.1 tablet computers.

16     41. The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean, without

17   limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea,

18   Document, instruction, information, demand, question or other information by any medium,

19   whether by written, oral or other means, including but not limited to electronic communications

20   and electronic mail.

21     42. The terms "DOCUMENT" and "DOCUMENTS" shall have the broadest meaning

22   ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.  The term

23   shall include within its meaning, by way of example and not limitation, any and all accounts,

24   analyses, books, CDs, calendars, commercial paper, communications, correspondence, DVDs, e-

25   mail, films, financial statements, floppy disks, hard disks, inter-office memoranda, invoices,

26   ledgers, letters, licenses, logs, memoranda, microfilms, minutes, notes, notes of conversations,

27   notes of meetings, notes of telephone calls, office communications, photographs, printouts,

28   recordings of conversations (whether written or electronic), reports, schedules, storage tape, task

-7-  Case No. 11-cv-01846-LHK

SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

lists, telegrams, telephone bills, videotapes or other video recordings, and any differing versions of the foregoing whether denominated formal, informal or otherwise, as well as copies of the foregoing which differ from the original in any way, including handwritten notations or other written or printed matter.  The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not.  A draft or non-identical copy of a Document is a separate Document within the meaning of this term.

43.     "Identify" when used in reference to:

(1)     An individual, means to state his or her full name, present or last known residential and business addresses, present or last known position and business affiliation, and if applicable, history of employment of that individual;

(2)     A firm, partnership, corporation, proprietorship, joint venture, association, or other organization or entity, means to state its full name, present or last known address and place of incorporation or formation and to identify each agent that acted for it with respect to the matters relating to the request or answer;

(3)     A DOCUMENT, means to state the date, title, if any, subject matter, each author, each addressee or recipient if practicable, and otherwise a general description of the persons to whom the writing was distributed, the production number, and the type of document, *i.e.*, publication, letter, memorandum, book, telegram, chart etc., or some other means of identifying the document, and its present location and custodian;

(4)     A COMMUNICATION, means to state its date and place, the person(s) who participated in it or who were present during any part of it or who have knowledge about it;

(5)     A date, means to state the date and set forth the basis for Your contention that the date is responsive to the request; and

(6)     A product, service, or intellectual property, means to state all names and numbers related to the product, service, or intellectual property, and the owner, manufacturer, distributor, licensor, or dealer of the product, service, or intellectual property during the relevant time period and currently.  For a product, provide all designations for the product, from the most specific to

the most general, including any model numbers or designations, version numbers or designations, and internal numbers or designations.

44.     The term "person" or "persons" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.  The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

45.     The terms "any," "all," "every," and "each" shall each mean and include the other as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

46.     The terms "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of its scope.

47.     The term "thing" refers to any physical specimen or tangible item in Your possession, custody or control, including research and development samples, prototypes, productions samples and the like.

48.     The terms "referring to," "relating to," "concerning" or "regarding" shall mean containing, describing, discussing, embodying, commenting upon, identifying, incorporating, summarizing, constituting, comprising or are otherwise pertinent to the matter or any aspect thereof.

49.     The use of the singular form of any word includes the plural and vice versa, as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of its scope.

50.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

51.     The term "Software" shall include source code, hardware code, machine code, assembly code, or code written in any programming language, and code that can be compiled or acted upon by a processor, any listings or printouts thereof, and any release notes describing the features or modifications of such code.

52.     The term "3GPP" shall mean the organization known as the 3rd Generation Partnership Project which specifies, develops, and promulgates technical specifications for wireless networks.

53.     The term "UMTS" shall mean the Universal Mobile Telecommunications System as developed and promulgated by 3GPP.

54.     The term "WCDMA" shall mean Wideband Code Division Multiple Access a member of the UMTS family of standards.

55.     The term "GSM" shall means the standard known as Global System for Mobile Communications.

56.     The term "Intel" shall mean Intel Corporation and includes any entities constituting parents, predecessors, subsidiaries, affiliates, divisions, associated organizations, joint ventures, as well as present and former officers, directors, trustees, employees, staff members, agents, or other representatives, including counsel and patent agents, in any country.

57.     The term "Qualcomm" shall mean Qualcomm Incorporated and includes any entities constituting parents, predecessors, subsidiaries, affiliates, divisions, associated organizations, joint ventures, as well as present and former officers, directors, trustees, employees, staff members, agents, or other representatives, including counsel and patent agents, in any country.

## **INSTRUCTIONS**

1.     Each DOCUMENT is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction.

2.     All DOCUMENTS shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof.

3.     In the event that any DOCUMENT called for by these requests or subsequent requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that DOCUMENT is to be identified by stating (i) the author(s), addressee(s) and any indicated or

blind copyee(s); (ii) the DOCUMENT's date, number of pages and attachments or appendices; (iii) the subject matter(s) of the DOCUMENT; (iv) the nature of the privilege or immunity asserted; and (v) any additional facts on which you would base your claim of privilege or immunity.[1]

4.      These Requests for Production shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

5.      State, for each request, whether or not there exist any DOCUMENTS within the scope of the request and whether any such DOCUMENTS are in Your possession, custody, or control.

6.      Any response made by reference to DOCUMENTS shall identify by document production number each responsive DOCUMENT.

7.      All DOCUMENTS that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures.

8.      Color copies of DOCUMENTS are to be produced where color is necessary to interpret or understand the contents.

9.      The source(s) or derivation of each DOCUMENT produced shall be specifically identified.

10.     In the event that any DOCUMENT called for by these requests or subsequent requests has been destroyed or discarded, that DOCUMENT is to be identified by stating: (i) the author(s), addressee(s) and any indicated or blind copyee(s); (ii) the DOCUMENT's date, number of pages and attachments or appendices; (iii) the DOCUMENT's subject matter; (iv) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (v)

---

[1]   Provided the parties reach an agreement that neither party needs to log documents and information generated after the start of this Lawsuit on April 15, 2011, this Instruction applies only to privileged information and documents generated before the start of litigation.

SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

the persons who were authorized to carry out such destruction or discard; and (vi) whether any copies of the DOCUMENT presently exist and, if so, the name of the custodian of each copy.

11.     Electronic records and computerized information must be produced in their native electronic format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

12.     If Your response to a particular request for production is a statement that You lack the ability to comply with that request, You must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or control, in which case the name and address of any person or entity known or believed by You to have possession, custody, or control of that information or category of information must be identified.

13.     Unless otherwise indicated in a particular request, the request is not date or time limited.

14.     Where an identified DOCUMENT is in a language other than English, state whether an English translation of such document exists.  If a DOCUMENT is in a language other than English and an English translation exists, identify and provide both DOCUMENTS.

15.     If possible, supply all financial data requested on a calendar year basis.  If fiscal year data is provided, please specify the dates on which the fiscal years begin and end.

16.     For any information requested that is not readily available from Your records in the form requested, furnish carefully prepared estimates, designated as such.  Attach a statement of the basis for such estimates and identify the person or persons making them.

17.     If any document or portion thereof responsive to a request for production is withheld because You claim it contains privileged information, then separately for each withheld

portion of such document, identify (a) the date of the COMMUNICATION and/or DOCUMENT; (b) the source of the information, including the names, titles, and addresses of the DOCUMENT's or COMMUNICATION's authors; (c) the names, titles, and addresses of its recipients; (d) a description of the information withheld; (e) the number of pages; (f) the nature of the privilege claimed and facts upon which You rely to support the claim of privilege; and (g) the number(s) of the request(s) for production to which the DOCUMENT is responsive.  You must provide this information within 10 days of the date on which the answers and objections to these requests are due.

18.     If any DOCUMENTS responsive to any of these requests have been destroyed, then separately for each such document, identify when, why, and by whom it was destroyed, the person or persons who destroyed it, why it was destroyed, and the circumstances under which it was destroyed.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Two fully operational exemplars of each of the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS sufficient to show the model number of each APPLE ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS sufficient to correlate the model number of each APPLE ACCUSED PRODUCT with any and all other internal numbers or designations associated with that product.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS sufficient to correlate any technical documentation concerning each APPLE ACCUSED PRODUCT with marketing and financial documentation (*e.g.*, documents showing unit sales, revenues, etc.) associated with that product.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS concerning any of the SAMSUNG PATENTS-IN-SUIT, including DOCUMENTS concerning any analyses of the SAMSUNG PATENTS-IN-SUIT.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS, including, any charts, schematics, drawing or figures, sufficient to show the manufacturer(s) for each APPLE ACCUSED PRODUCT in the past five years, including the location of manufacture, the volume of manufacture, and the time period during which such manufacture occurred.

**REQUEST FOR PRODUCTION NO. 7:**

For each sale of an APPLE ACCUSED PRODUCT, DOCUMENTS sufficient to show when, where, and by whom the APPLE ACCUSED PRODUCT was sold.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS sufficient to show the place of manufacture and the place of sale for each unit of each APPLE ACCUSED PRODUCT and the dollar amount of sales associated with such unit.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS relating to or evidencing any Licenses, or the negotiation thereof, relating to the APPLE ACCUSED PRODUCTS or the technology claimed or disclosed by the SAMSUNG PATENTS-IN-SUIT.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS concerning any COMMUNICATIONS with third parties regarding SAMSUNG patents or licenses under SAMSUNG patents, including any communications with Intel, Infineon and/or Qualcomm.

**REQUEST FOR PRODUCTION NO. 11:**

All licenses in which You have received or conveyed rights under a patent relating to the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 12:**

All Licenses, whether You are the licensor or licensee, relating to any of the APPLE ACCUSED PRODUCTS, including but not limited to licenses relating to the technologies claimed or disclosed by the SAMSUNG PATENTS-IN-SUIT.

**REQUEST FOR PRODUCTION NO. 13:**

All licenses on which you intend to rely for any purpose in This Lawsuit.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS sufficient to identify any databases for storing data relating to any of the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS related to the use, operation, intended operation, or intended use of the APPLE ACCUSED PRODUCTS by consumers, including, but not limited to, instructions, user manuals, service manuals, training materials, packaging materials, marketing materials, or any materials used to assist consumers to use the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 16:**

1  All DOCUMENTS used in the design and development of each of the APPLE ACCUSED

2  PRODUCTS, including, without limitation, all notebooks, diagrams, progress reports, studies,

3  internal memoranda, contracts for services, and COMMUNICATIONS.

4  **REQUEST FOR PRODUCTION NO. 17:**

5  All DOCUMENTS relating to whether You infringe the SAMSUNG PATENTS-IN-SUIT,

6  including, without limitation, all DOCUMENTS relating to any investigation or analysis thereof.

7  **REQUEST FOR PRODUCTION NO. 18:**

8  All DOCUMENTS relating to Your contention, if any, that the SAMSUNG PATENTS-

9  IN-SUIT are invalid, including, without limitation, all DOCUMENTS relating to any investigation

10  or analysis thereof.

11  **REQUEST FOR PRODUCTION NO. 19:**

12  All DOCUMENTS relating to any PRIOR ART search concerning the SAMSUNG

13  PATENTS-IN-SUIT, including search requests, reports, analyses, and references located.

14  **REQUEST FOR PRODUCTION NO. 20:**

15  All English language patents or publications on which You intend to rely for any purpose

16  in this Lawsuit including as PRIOR ART to any of the SAMSUNG PATENTS-IN-SUIT.

17  **REQUEST FOR PRODUCTION NO. 21:**

18  All English translations of any foreign patent or publication on which You intend to rely

19  for any purpose in This Lawsuit including as PRIOR ART to any of the SAMSUNG PATENTS-

20  IN-SUIT.

21  **REQUEST FOR PRODUCTION NO. 22:**

22  All DOCUMENTS relating to devices, products, systems, apparatuses, or other

23  instrumentalities that You contend are PRIOR ART to one or more of the SAMSUNG PATENTS-

24  IN-SUIT.

25  **REQUEST FOR PRODUCTION NO. 23:**

26  All DOCUMENTS that demonstrate or evidence any alleged prior conception and/or

27  reduction to practice of the subject matter claimed in the SAMSUNG PATENTS-IN-SUIT.

28  **REQUEST FOR PRODUCTION NO. 24:**

1    All DOCUMENTS that You rely on or intend to rely in support of any of Your claims or

2  defenses in This Lawsuit, or may offer or will offer as evidence in This Lawsuit.

3  **REQUEST FOR PRODUCTION NO. 25:**

4    DOCUMENTS sufficient to determine the following on a monthly or quarterly basis from

5  April 15, 2005 for the APPLE ACCUSED PRODUCTS, including components thereof:

6    a.    Total gross and net revenues (by product, customer, period and location);

7    b.    Total quantity of units sold (by product, customer, period and location);

8    c.    Cost of goods sold, including but not limited to, direct purchases, direct labor,

9  indirect and/or overhead costs, and any allocation of those direct, indirect and/or overhead costs to

10  the APPLE ACCUSED PRODUCTS;

11    d.    Actual total cost or variances from standard costs;

12    e.    Gross and net profits; and

13    f.    All costs other than standard costs, including but not limited to, selling, advertising,

14  general and administrative expenses, and any allocation of those expenses to the APPLE

15  ACCUSED PRODUCTS.

16

17  **REQUEST FOR PRODUCTION NO. 26:**

18    All DOCUMENTS relating to when and how You first became aware of each of the

19  SAMSUNG PATENTS-IN-SUIT.

20  **REQUEST FOR PRODUCTION NO. 27:**

21    All DOCUMENTS reflecting COMMUNICATIONS concerning the SAMSUNG

22  PATENTS-IN-SUIT or other Samsung patents.

23  **REQUEST FOR PRODUCTION NO. 28:**

24    All DOCUMENTS reflecting COMMUNICATIONS concerning This Lawsuit.

25  **REQUEST FOR PRODUCTION NO. 29:**

26    All DOCUMENTS relating to the size or potential size of the market for each of the

27  APPLE ACCUSED PRODUCTS.

28  **REQUEST FOR PRODUCTION NO. 30:**

1    All DOCUMENTS concerning sales forecasts, budgets, expenses, costs, and profitability

2    of the APPLE ACCUSED PRODUCTS.

3    **REQUEST FOR PRODUCTION NO. 31:**

4    All DOCUMENTS relating to (1) any written or oral opinions received or solicited by You

5    relating to the validity, enforceability, infringement, or scope of any claims of the SAMSUNG

6    PATENTS-IN-SUIT and (2) the preparation of any such opinions, including, but not limited to,

7    drafts, notes, and any DOCUMENTS relied on in the preparation of any such opinions.

8    **REQUEST FOR PRODUCTION NO. 32:**

9    All opinions of counsel relating to any of the SAMSUNG PATENTS-IN-SUIT.

10   **REQUEST FOR PRODUCTION NO. 33:**

11   All DOCUMENTS concerning any of Your policies, practices, or guidelines regarding the

12   patent rights of others, including the analysis of patents to ensure You do not infringe such

13   patents.

14   **REQUEST FOR PRODUCTION NO. 34:**

15   All DOCUMENTS concerning any test, study, experimentation, or investigation conducted

16   to determine whether any product designed, manufactured or sold by You infringes any of the

17   SAMSUNG PATENTS-IN-SUIT or uses any Samsung technology.

18   **REQUEST FOR PRODUCTION NO. 35:**

19   All DOCUMENTS relating to any test, study, experimentation, or investigation conducted

20   by or on Your behalf in an effort to design around any of the SAMSUNG PATENTS-IN-SUIT.

21   **REQUEST FOR PRODUCTION NO. 36:**

22   DOCUMENTS sufficient to show the structure of Your e-mail system and any manner of

23   automatic deletion of e-mail.

24   **REQUEST FOR PRODUCTION NO. 37**

25   All DOCUMENTS identified, consulted, or referred to by You in Your responses to any

26   interrogatory or other discovery request propounded by Samsung in This Lawsuit, including

27   Samsung's First Set of Interrogatories.

28   **REQUEST FOR PRODUCTION NO. 38:**

1  All DOCUMENTS relating to This Lawsuit, including, but not limited to, press releases,

2 submissions to government agencies, and COMMUNICATIONS with third parties.

3 **REQUEST FOR PRODUCTION NO. 39:**

4  All DOCUMENTS relating to any Software used to operate or enable any accused

5 functionality of any of the APPLE ACCUSED PRODUCTS, including but not limited to release

6 notes, algorithms, flowcharts, diagrams, notes, and manuals.

7 **REQUEST FOR PRODUCTION NO. 40:**

8  All DOCUMENTS relating to any COMMUNICATIONS with any third parties regarding

9 Samsung orthe SAMSUNG PATENTS-IN-SUIT.

10 **REQUEST FOR PRODUCTION NO. 41:**

11  All DOCUMENTS relating to any joint defense agreement in This Lawsuit or in any

12 related litigation.

13 **REQUEST FOR PRODUCTION NO. 42:**

14  All DOCUMENTS relating to the pricing of the APPLE ACCUSED PRODUCTS.

15 **REQUEST FOR PRODUCTION NO. 43:**

16  All business plans, strategic plans, operating plans, financial plans, sales plans, and capital

17 or investment plans concerning the APPLE ACCUSED PRODUCTS.

18 **REQUEST FOR PRODUCTION NO. 44:**

19  All DOCUMENTS and things concerning the market or demand for the APPLE

20 ACCUSED PRODUCTS.

21 **REQUEST FOR PRODUCTION NO. 45:**

22  All DOCUMENTS relating to any product reviews, comparisons, or usability tests or

23 evaluations of any of the APPLE ACCUSED PRODUCTS.

24 **REQUEST FOR PRODUCTION NO. 46:**

25  All DOCUMENTS that You have provided to or received from any person who may

26 testify at any hearing in This Lawsuit.

27 **REQUEST FOR PRODUCTION NO. 47:**

28

1    For each person You intend to rely on as an expert witness, all DOCUMENTS concerning

2  (a) the qualifications of the expert; (b) the subject matter on which the expert is expected to testify;

3  (c) the substance of the facts and opinions to which the expert is expected to testify; (d) each and

4  every DOCUMENT the expert has reviewed or relied upon in formulating his or her opinion and

5  each and every DOCUMENT the expert will assert supports each of his or her opinions and each

6  fact; and (e) all reports prepared by the expert.

7  **REQUEST FOR PRODUCTION NO. 48:**

8    All transcripts of prior testimony (whether at deposition, trial, declaration, or affidavit) by

9  any expert retained to testify in This Lawsuit.

10  **REQUEST FOR PRODUCTION NO. 49:**

11    All DOCUMENTS and COMMUNICATIONS with an expert witness who is expected to

12  testify in This Lawsuit that (i) relate to compensation for the expert's study or testimony; (ii)

13  identify facts or data that APPLE'S attorney provided and that the expert considered informing the

14  opinions to be expressed; (iii) identify assumptions that APPLE'S attorney provided and that the

15  expert relied on in forming the opinions to be expressed.

16  **REQUEST FOR PRODUCTION NO. 50:**

17    All settlement agreements relating to any of the APPLE ACCUSED PRODUCTS,

18  SAMSUNG PATENTS-IN-SUIT, OR APPLE IP, including but not limited to settlement

19  agreements relating to the technologies claimed or disclosed by the SAMSUNG PATENTS-IN-

20  SUIT, OR APPLE IP.

21  **REQUEST FOR PRODUCTION NO. 51:**

22    All DOCUMENTS and COMMUNICATIONS relating to any settlement agreement

23  relating to any of the APPLE ACCUSED PRODUCTS.

24  **REQUEST FOR PRODUCTION NO. 52:**

25    All DOCUMENTS and COMMUNICATIONS relating to any investigation concerning

26  any of the APPLE ACCUSED PRODUCTS.

27  **REQUEST FOR PRODUCTION NO. 53:**

28

Two operational exemplars of any device, machine, apparatus, or other thing that You contend is PRIOR ART to any claim of any of the SAMSUNG PATENTS-IN-SUIT.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS relating to any analysis of Your actual or projected gross profits, net profits, gross profit margins, and net profit margins in the United States relating to each APPLE ACCUSED PRODUCT from April 15, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS relating to business plans and projections, sales forecasts, or other business planning relating to the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 56:**

DOCUMENTS sufficient to show the efforts taken by You to sell other products or services together, or in connection, with the APPLE ACCUSED PRODUCTS or to effect the sale thereof by third parties, including, but not limited to, distributors and retailers.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS relating to Your use of the technology claimed or disclosed in the SAMSUNG PATENTS-IN-SUIT.

**REQUEST FOR PRODUCTION NO. 58:**

DOCUMENTS sufficient to identify all of Your employees who have ever received information designated or otherwise identified by SAMSUNG as confidential information.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS relating to SAMSUNG's participation in any industry groups or associations, including standard-setting organizations.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS relating to any obligations owed by You and/or SAMSUNG to any industry groups or associations, including standard-setting organizations, and/or their members.

**REQUEST FOR PRODUCTION NO. 61:**

1    All DOCUMENTS that support Your contention, if any, that one or more of the claims of

2 the SAMSUNG PATENTS-IN-SUIT are invalid for failing to meet conditions for patentability set

3 forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

4 **REQUEST FOR PRODUCTION NO. 62:**

5    All DOCUMENTS that support any contention, if any, by You that one or more of the

6 SAMSUNG PATENTS-IN-SUIT is unenforceable for any reason including, without limitation,

7 laches, equitable estoppel, express or implied license, exhaustion, intervening rights, express or

8 implied waiver, inequitable conduct, patent misuse, unclean hands, lack of standing and/or

9 prosecution laches.

10 **REQUEST FOR PRODUCTION NO. 63:**

11    All DOCUMENTS produced or made available to You by any non-party or third-party

12 either voluntarily or pursuant to any subpoena in This Lawsuit.

13 **REQUEST FOR PRODUCTION NO. 64:**

14    All DOCUMENTS relating to any promise or agreement to indemnify regarding This

15 Lawsuit.

16 **REQUEST FOR PRODUCTION NO. 65:**

17    All DOCUMENTS relating to any request for indemnification regarding any aspect of This

18 Lawsuit.

19 **REQUEST FOR PRODUCTION NO. 66:**

20    All DOCUMENTS relating to any indemnification request or agreement regarding any

21 APPLE ACCUSED PRODUCT.

22 **REQUEST FOR PRODUCTION NO. 67:**

23    All DOCUMENTS concerning the construction of any term in any claim in, as well as the

24 scope, construction meaning or interpretation of the SAMSUNG PATENTS-IN-SUIT or APPLE

25 IP.

26 **REQUEST FOR PRODUCTION NO. 68:**

27

28

DOCUMENTS sufficient to identify each consultant that has communicated with You, provided any services to You, or provided any materials or information to You with respect to the APPLE ACCUSED PRODUCTS or This Lawsuit.

**REQUEST FOR PRODUCTION NO. 69:**

DOCUMENTS sufficient to show Your monthly, quarterly, and annual manufacturing or production volume for the APPLE ACCUSED PRODUCTS for the five years immediately preceding this request, and the location of such manufacturing or production.

**REQUEST FOR PRODUCTION NO. 70:**

DOCUMENTS sufficient to identify each of Your divisions, departments, business units, related companies, partnerships, collaborations, or subdivisions, including without limitation each company involved in the design, development, manufacture, marketing, promotion, importation, distribution, or sale of any APPLE ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 71:**

All DOCUMENTS concerning the factual basis of any denial by You of the allegations set forth in the Answer and Counterclaims in This Lawsuit.

**REQUEST FOR PRODUCTION NO. 72:**

DOCUMENTS, including but not limited to organization charts, sufficient to show Your complete organizational structure, including but not limited to the relationship between and among You, Your parent companies, Your subsidiaries, and Your affiliate companies.

**REQUEST FOR PRODUCTION NO. 73:**

DOCUMENTS and things sufficient to identify and describe APPLE's past and present procedures and policies for generating, maintaining, retaining, and disposing of documents and things (whether maintained in paper form or by other storage methods, such as microfilm or electronically), including, without limitation, procedures and policies regarding patent application files.

**REQUEST FOR PRODUCTION NO. 74:**

All DOCUMENTS and things relating to past and present organizational charts sufficient to identify the names, positions, titles, duties, and reporting relationships of officers, employees,

-23-                                Case No. 11-cv-01846-LHK

SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

1   and other personnel who have or have had responsibility for or duties relating to the use, research,

2   design, development, testing, manufacture, operation, distribution, importation, sale, licensing,

3   and marketing of any product that you may rely upon for any reason in This Lawsuit, including

4   the APPLE ACCUSED PRODUCTS.

5   **REQUEST FOR PRODUCTION NO. 75:**

6          All DOCUMENTS relating to any lawsuit, administrative proceeding, or other proceeding

7   involving any of the APPLE ACCUSED PRODUCTS,  APPLE IP, or patents related to the

8   APPLE PATENTS-IN-SUIT, including, without limitation, any pleading, paper, motion, affidavit,

9   declaration, report, decision, or order, for cases to include, without limitation, C11-80169 MISC

10   JF (HRL) (N.D. Cal.), 337-TA-794 (ITC), 1:2010cv23580 (S.D. Fla.), 1:2010cv06385 (N.D. Ill.),

11   1:2010cv06381 (N.D. Ill.), 337-TA-745 (ITC), 1:2010cv00166 (D. Del.), 1:2010cv00167 (D.

12   Del.), 337-TA-724 (ITC), 3:2010cv00249 (W.D. Wisc.), and 337-TA-701 (ITC).

13   **REQUEST FOR PRODUCTION NO. 76:**

14          All DOCUMENTS relating to the compliance of the APPLE ACCUSED PRODUCTS

15   with technical specifications for systems utilizing WCDMA, GSM, or UMTS, including, but not

16   limited to, source code, hardware code, user manuals, service manuals, training materials,

17   programming guides, data sheets, schematics, drawings, figures, design materials, packaging

18   materials, marketing materials, and licensing agreements.

19   **REQUEST FOR PRODUCTION NO. 77:**

20          DOCUMENTS sufficient to show the location within each of the APPLE ACCUSED

21   PRODUCTS of any chipsets, chips, processors, integrated circuits, or other hardware that enable

22   the APPLE ACCUSED PRODUCTS to communicate, operate, or interface with modules, stations,

23   or systems supporting WCDMA, GSM, or UMTS.

24   **REQUEST FOR PRODUCTION NO. 78:**

25          All DOCUMENTS that You contend relate to whether the SAMSUNG PATENTS-IN-

26   SUIT are essential to one or more of the WCDMA, GSM, or UMTS standards.

27   **REQUEST FOR PRODUCTION NO. 79:**

28

-24-                    Case No. 11-cv-01846-LHK

SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

1    All DOCUMENTS relating to any alternative methods, processes, systems, apparatuses, or
2    other design-arounds for any asserted claims of any of the SAMSUNG PATENTS-IN-SUIT or
3    APPLE IP.

4    **REQUEST FOR PRODUCTION NO. 80:**

5    A software copy of and access to APPLE's application developer kit (ADK) and/or
6    software developer kit (SDK) for iOS application developers.

7    **REQUEST FOR PRODUCTION NO. 81:**

8    Prosecution histories of the APPLE IP, including all PRIOR ART cited therein, patents
9    related to the APPLE PATENTS-IN-SUIT, and any foreign counterpart patents, registrations, or
10   applications to the APPLE IP or patents related to the APPLE PATENTS-IN-SUIT, including,
11   without limitation, any reexamination and reissue applications.

12   **REQUEST FOR PRODUCTION NO. 82:**

13   All DOCUMENTS and things relating to the preparation, filing and/or prosecution of the
14   APPLE IP, patents related to the APPLE PATENTS-IN-SUIT, and any foreign counterpart patents
15   or patent applications to the APPLE PATENTS-IN-SUIT or patents related to the APPLE
16   PATENTS-IN-SUIT, including, without limitation, any reexamination and reissue applications.

17   **REQUEST FOR PRODUCTION NO. 83:**

18   All DOCUMENTS and things relating to the conception of any alleged invention claimed
19   by the APPLE IP, including, without limitation, any documents or things which APPLE contends
20   corroborate such conception, including, without limitation, laboratory notebooks, schematics,
21   drawings, specifications, source code, artwork, formulas, and prototypes.

22   **REQUEST FOR PRODUCTION NO. 84:**

23   All DOCUMENTS and things relating to the ownership, title, transfer, or assignment of
24   the APPLE IP.

25   **REQUEST FOR PRODUCTION NO. 85:**

26   DOCUMENTS sufficient to identify every person who has now, or had previously, a
27   financial interest in any of the APPLE IP, other than APPLE.

28   **REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS and things relating to the reduction to practice of any alleged invention claimed by the APPLE IP, including, without limitation, any documents or things which APPLE contends corroborate such reduction to practice.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS and things relating to diligence leading to the reduction to practice of any alleged invention claimed by the  APPLE IP, including, without limitation, any documents or things which APPLE contends corroborate such diligence.

**REQUEST FOR PRODUCTION NO. 88:**

Documents sufficient to identify each person that worked on any project that led to the development of the alleged inventions claimed in any of the APPLE IP.

**REQUEST FOR PRODUCTION NO. 89:**

All DOCUMENTS and COMMUNICATIONS concerning any modes contemplated by APPLE or by any inventor for carrying out each invention claimed in any of the APPLE PATENTS-IN-SUIT, including the best mode of carrying out the inventions claimed in any of the APPLE PATENTS-IN-SUIT, from a period starting with the conception of the invention and ending when the application for the corresponding APPLE patent was filed.

**REQUEST FOR PRODUCTION NO. 90:**

All DOCUMENTS , COMMUNICATIONS, and things concerning the APPLE IP, or the development thereof, that are in the possession of APPLE or any inventor of the APPLE IP.

**REQUEST FOR PRODUCTION NO. 91:**

All DOCUMENTS and things concerning any COMMUNICATIONS between APPLE and any third party, including any inventor of the APPLE IP, regarding the APPLE IP.

**REQUEST FOR PRODUCTION NO. 92:**

All prior art to the APPLE IP known to APPLE for the APPLE IP relating to the field of the alleged invention or the problem(s) addressed by the alleged invention of the APPLE IP.

**REQUEST FOR PRODUCTION NO. 93:**

All DOCUMENTS, COMMUNICATIONS, and things concerning the performance, advantages, disadvantages, problems, features, commercial or technical benefits, or improvements of any alleged invention in any of the APPLE IP.

**REQUEST FOR PRODUCTION NO. 94:**

All DOCUMENTS, COMMUNICATIONS, and things concerning patents, publications, abstracts, papers, articles, presentations, or speeches invented, authored or given, in whole or in part, by any inventor of the APPLE IP that relate to the subject matter of the APPLE IP.

**REQUEST FOR PRODUCTION NO. 95:**

All DOCUMENTS and COMMUNICATIONS concerning prior testimony of any inventor of the APPLE IP.

**REQUEST FOR PRODUCTION NO. 96:**

All prior art to the APPLE IP identified at any time to APPLE as potentially or allegedly invalidating prior art to the APPLE IP.

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS and COMMUNICATIONS concerning the patentability, novelty, scope, infringement, validity, invalidity, enforceability or unenforceability of any claim in any of the APPLE IP.

**REQUEST FOR PRODUCTION NO. 98:**

All DOCUMENTS and things relating to any information, including patents, publications, prior knowledge, public uses, sales, or offers for sale, that may constitute, contain, disclose, refer to, relate to, or embody any prior art to any alleged invention claimed by the APPLE IP.

**REQUEST FOR PRODUCTION NO. 99:**

All DOCUMENTS and things relating to the initial offer for sale, initial manufacture, initial use, initial sale, initial public use, initial shipment, initial announcement, or initial disclosure of a product embodying any claim of the APPLE IP.

**REQUEST FOR PRODUCTION NO. 100:**

1      All DOCUMENTS and things relating to the first public disclosure of any alleged

2  invention claimed by the APPLE IP, including, without limitation, any pre-filing date sales, offers

3  for sale, public uses, demonstrations, announcements, advertisements, correspondence with

4  potential customers, or publications.

5  **REQUEST FOR PRODUCTION NO. 101:**

6      All DOCUMENTS and things relating to the alleged commercial success of products

7  embodying any alleged invention claimed by the APPLE PATENTS-IN-SUIT.

8  **REQUEST FOR PRODUCTION NO. 102:**

9      All DOCUMENTS and things relating to the alleged nexus between any alleged

10  commercial success of products embodying any alleged invention claimed by the APPLE

11  PATENTS-IN-SUIT and the alleged advantages of the invention, including, without limitation,

12  any customer surveys designed or intended to reflect the bases for purchasing decisions.

13  **REQUEST FOR PRODUCTION NO. 103:**

14      All DOCUMENTS and things relating to whether any alleged invention claimed by the

15  APPLE PATENTS-IN-SUIT allegedly satisfied a long felt need in the art of electronic digital

16  media devices and components thereof.

17  **REQUEST FOR PRODUCTION NO. 104:**

18      All DOCUMENTS and things relating to whether the electronic digital media device

19  industry or the industry (or industries) for products interoperable with electronic digital media

20  devices failed to solve problems that allegedly are solved by any alleged invention claimed by the

21  APPLE PATENTS-IN-SUIT.

22  **REQUEST FOR PRODUCTION NO. 105:**

23      All DOCUMENTS and things relating to whether experts in the digital media device

24  industry or the industry (or industries) for products interoperable with electronic digital media

25  devices expressed skepticism concerning any alleged invention claimed by the APPLE

26  PATENTS-IN-SUIT.

27  **REQUEST FOR PRODUCTION NO. 106:**

28

1   All DOCUMENTS and things relating to accolades and awards given to products that

2   embody any alleged invention claimed by the APPLE PATENTS-IN-SUIT.

3   **REQUEST FOR PRODUCTION NO. 107:**

4   All DOCUMENTS and things relating to whether the electronic digital media device

5   device industry or the industry (or industries) for products interoperable with digital media devices

6   has recognized the significance of any alleged invention claimed by the APPLE PATENTS-IN-

7   SUIT.

8   **REQUEST FOR PRODUCTION NO. 108:**

9   All DOCUMENTS and things relating to whether any alleged invention claimed by the

10   APPLE PATENTS-IN-SUIT allegedly has been copied by others.

11   **REQUEST FOR PRODUCTION NO. 109:**

12   All DOCUMENTS and things, not produced in response to another document request,

13   upon which APPLE intends to rely upon as evidence of objective indicia of non-obviousness of

14   the APPLE PATENTS-IN-SUIT.

15   **REQUEST FOR PRODUCTION NO. 110:**

16   All DOCUMENTS and things evidencing APPLE'S licensing program, including, without

17   limitation, documents sufficient to identify all APPLE licensing personnel, location of said

18   personnel, duties of said personnel, and costs of said personnel.

19   **REQUEST FOR PRODUCTION NO. 111:**

20   All DOCUMENTS reflecting a license to practice any claim of the APPLE IP.

21   **REQUEST FOR PRODUCTION NO. 112:**

22   All DOCUMENTS and things relating to any COMMUNICATIONS between APPLE and

23   any other entity related to license agreements that you contend includes a license to practice the

24   APPLE IP, including, without limitation, cease and desist letters, draft agreements, documents and

25   things relating to negotiations, discussions, or other communications concerning licensing of any

26   of the APPLE IP.

27   **REQUEST FOR PRODUCTION NO. 113:**

28

1    All DOCUMENTS and things relating to your attempts to license the APPLE IP which

2    have not yet resulted in a license agreement, including, without limitation, cease and desist letters,

3    draft agreements, documents and things relating to negotiations, discussions, or other

4    communications concerning licensing of any of the APPLE IP.

5    **REQUEST FOR PRODUCTION NO. 114:**

6    All DOCUMENTS relating to any covenant not to sue under or agreement not to assert the

7    APPLE IP.

8    **REQUEST FOR PRODUCTION NO. 115:**

9    All DOCUMENTS and things referring or relating to royalty rates in the electronic digital

10   media device industry.

11   **REQUEST FOR PRODUCTION NO. 116:**

12   DOCUMENTS sufficient to show any profits or losses on domestic sales of APPLE'S

13   products incorporating electronic digital media devices, both as individual units and in the

14   aggregate.

15   **REQUEST FOR PRODUCTION NO. 117:**

16   All DOCUMENTS and things relating to APPLE'S participation in any industry groups or

17   associations, including standard-setting organizations, insofar as any standards related to such

18   group, association, or organization relate to any of the APPLE PATENTS-IN-SUIT or

19   SAMSUNG PATENTS-IN-SUIT, or patents related to same, or the subject matter thereof.

20   **REQUEST FOR PRODUCTION NO. 118:**

21   All DOCUMENTS and things relating to the intellectual property disclosure requirements

22   for any standard-setting organization in which APPLE participates and relates to any of the

23   APPLE PATENTS-IN-SUIT or SAMSUNG PATENTS-IN-SUIT, or patents related to same, or

24   the subject matter thereof.

25   **REQUEST FOR PRODUCTION NO. 119:**

26   All DOCUMENTS and things that reflect any COMMUNICATIONS between APPLE and

27   a standard-setting organization insofar as such standard relates to any of the APPLE PATENTS-

28

1  IN-SUIT or SAMSUNG PATENTS-IN-SUIT, or patents related to same, or the subject matter

2  thereof.

3  **REQUEST FOR PRODUCTION NO. 120:**

4          DOCUMENTS sufficient to identify every attempt by APPLE to enforce the APPLE IP or

5  foreign counterparts, either in the United States or abroad.

6  **REQUEST FOR PRODUCTION NO. 121:**

7
          All DOCUMENTS and COMMUNICATIONS regarding APPLE'S formal or informal
8
   policies, procedures, practices, or guidelines for licensing, sublicensing or assigning rights to the
9
   APPLE IP or other patents.
10
   **REQUEST FOR PRODUCTION NO. 122:**
11
          All DOCUMENTS concerning the infringement or non-infringement of any of the claims
12
13  of any of the APPLE IP by any entity or person.

14  **REQUEST FOR PRODUCTION NO. 123:**

15          All DOCUMENTS regarding any instrumentalities that APPLE contends or has contended

16  infringe any of the APPLE IP.

17  **REQUEST FOR PRODUCTION NO. 124:**
18
          All DOCUMENTS and things in your possession concerning any communications or
19
   correspondence between APPLE and any alleged infringer of any of the APPLE IP.
20

21  **REQUEST FOR PRODUCTION NO. 125:**

22          All DOCUMENTS and things relating to any alleged notice given by APPLE to

23  SAMSUNG reflecting APPLE'S contention that SAMSUNG was, is, or possibly could be

24  infringing any of the APPLE IP.

25  **REQUEST FOR PRODUCTION NO. 126:**

26          All DOCUMENTS and things relating to APPLE'S acquisition of SAMSUNG accused

27  products.

28  **REQUEST FOR PRODUCTION NO. 127:**

All DOCUMENTS and things relating to APPLE'S analysis, consideration, or evaluation of whether any SAMSUNG product, device, apparatus, method, process, or system infringes any of the APPLE IP, including, without limitation, all documents and things concerning any test, evaluation, or reverse engineering of any SAMSUNG product, device, apparatus, method, process, or system.

**REQUEST FOR PRODUCTION NO. 128:**

All DOCUMENTS concerning your contention that APPLE is entitled to damages from Samsung.

**REQUEST FOR PRODUCTION NO. 129:**

All DOCUMENTS, COMMUNICATIONS and things concerning the *Georgia Pacific* factors as those factors relate to your claim for damages arising from SAMSUNG's alleged infringement of the APPLE PATENTS-IN-SUIT.

**REQUEST FOR PRODUCTION NO. 130:**

All DOCUMENTS, COMMUNICATIONS and things concerning any analyses, studies, reports, memoranda, opinions, advice, communications or correspondence by APPLE, regarding any commercialization any of the APPLE PATENTS-IN-SUIT or APPLE instrumentalities, including marketing plans, market demand or market share analysis (including both projected and actual).

**REQUEST FOR PRODUCTION NO. 131:**

All DOCUMENTS regarding the market for any of the APPLE PATENTS-IN-SUIT including documents regarding competitors in the industry, prices, revenues, profits, product designs of any instrumentality that competes with any APPLE instrumentality.

**REQUEST FOR PRODUCTION NO. 132:**

All DOCUMENTS related to APPLE'S actual and projected net profits or losses on sales, licenses, distributions or other transfers of any APPLE PATENT-IN-SUIT or APPLE

instrumentality, including all of APPLE'S profit and loss statements.

**REQUEST FOR PRODUCTION NO. 133:**

All DOCUMENTS and COMMUNICATIONS concerning business plans, strategic plans, studies, budgets, forecasts, meetings or presentations related to any of the APPLE PATENTS-IN-SUIT or to the licensing of any other intellectual property rights held by APPLE.

**REQUEST FOR PRODUCTION NO. 134:**

All DOCUMENTS related to any valuation of any of the APPLE PATENTS-IN-SUIT, including any appraisals, assessments, evaluations, valuations or opinions regarding the actual or potential value of any of the APPLE PATENTS-IN-SUIT.

**REQUEST FOR PRODUCTION NO. 135:**

All DOCUMENTS and COMMUNICATIONS that identify any steps that APPLE has taken to mark instrumentalities incorporating, embodying, practicing or otherwise covered by any of the APPLE PATENTS-IN-SUIT, under license or otherwise, with the appropriate patent numbers.

**REQUEST FOR PRODUCTION NO. 136:**

All DOCUMENTS that constitute product definition sheets, trade literature, specification sheets, technical data sheets, papers, abstracts, speeches or descriptive documents of any kind concerning any APPLE instrumentality that embodies one or more of the APPLE PATENTS-IN-SUIT.

**REQUEST FOR PRODUCTION NO. 137:**

DOCUMENTS sufficient to identify the individuals, including but not limited to named inventors, who contributed to the conception of the designs or alleged inventions of the Apple DESIGN PATENTS.

**REQUEST FOR PRODUCTION NO. 138**

Two fully operational exemplars of each product that embodies of each APPLE DESIGN PATENT.

**REQUEST FOR PRODUCTION NO. 139**

All DOCUMENTS relating to the functionality—including the ease of manufacturing, cost savings, enhanced usability, or any other benefit—of any claimed feature, element, or combination of elements in any of the APPLE DESIGN PATENTS, APPLE TRADE DRESS, and APPLE TRADEMARKS.

**REQUEST FOR PRODUCTION NO. 140**

All DOCUMENTS relating to competition between each version of the iPhone and any product YOU accuse of infringing, diluting, or otherwise violating Apple's alleged rights in APPLE IP.

**REQUEST FOR PRODUCTION NO. 141**

All DOCUMENTS relating to competition between each version of the iPad and any product YOU accuse of infringing, diluting, or otherwise violating Apple's alleged rights in APPLE IP.

**REQUEST FOR PRODUCTION NO. 142:**

All DOCUMENTS and COMMUNICATIONS relating to any intellectual property claim or action, whether or not such claim or action has been filed before any adjudicative body, concerning any of the APPLE IP.

**REQUEST FOR PRODUCTION NO. 143:**

All DOCUMENTS relating to Your participation in any design industry groups or associations since January 1, 2003.

**REQUEST FOR PRODUCTION NO. 144:**

All code names or internal project names for all APPLE ACCUSED PRODUCTS.

1 **REQUEST FOR PRODUCTION NO. 145:**

2      Two sets of dissembled APPLE ACCUSED PRODUCTS such that all product hardware is

3 separated into its components, but circuitry and electronic components remain intact and, as much

4 as possible, assembled as they would be in a phone sold at retail.

5 **REQUEST FOR PRODUCTION NO. 146:**

6      All DOCUMENTS relating to or referencing any instance in which any consumer has ever

7 been confused by the SAMSUNG ACCUSED PRODUCTS, including instances of actual

8 confusion, initial interest, or post-purchase confusion.

9 **REQUEST FOR PRODUCTION NO. 147:**

10      All DOCUMENTS supporting, refuting, or otherwise relating to Apple's contention that

11 any element or combination of elements of the APPLE TRADE DRESS and APPLE

12 TRADEMARKS have acquired secondary meaning.

13 **REQUEST FOR PRODUCTION NO. 148:**

14      All DOCUMENTS supporting, refuting, or otherwise relating to Apple's contention that

15 any element or combination of elements of the APPLE TRADE DRESS and APPLE

16 TRADEMARKS are inherently distinctive.

17 **REQUEST FOR PRODUCTION NO. 149:**

18      All DOCUMENTS supporting, refuting, or otherwise relating to Apple's contention that

19 any element or combination of elements of the APPLE TRADE DRESS and APPLE

20 TRADEMARKS are not functional.

21 **REQUEST FOR PRODUCTION NO. 150:**

22      DOCUMENTS sufficient to show when Apple first became aware of each of the

23 SAMSUNG ACCUSED PRODUCTS.

24 **REQUEST FOR PRODUCTION NO. 151:**

25      All DOCUMENTS relating to Apple's knowledge of third party use of the APPLE

26 TRADE DRESS, APPLE TRADEMARKS, and APPLE DESIGN PATENTS

27

28

1  **REQUEST FOR PRODUCTION NO. 152:**

2    All DOCUMENTS supporting, refuting, or otherwise relating to Apple's claim that

3  Samsung has "misappropriated" Apple's customer goodwill.

4  **REQUEST FOR PRODUCTION NO. 153:**

5    All DOCUMENTS relating to any analysis of SAMSUNG ACCUSED PRODUCTS or

6  comparison of Apple products to any Samsung products relating to the APPLE TRADE DRESS,

7  APPLE TRADEMARKS, and APPLE DESIGN PATENTS.

8  **REQUEST FOR PRODUCTION NO. 154:**

9    For each SAMSUNG ACCUSED PRODUCT, documents sufficient to show which

10  element or combination of elements of the APPLE TRADE DRESS or APPLE TRADE MARKS

11  the product has allegedly copied, misappropriated, or infringed.

12  **REQUEST FOR PRODUCTION NO. 155:**

13    DOCUMENTS sufficient to show any damages or loss allegedly suffered by Apple by the

14  design of the SAMSUNG ACCUSED PRODUCTS or any alleged use of the APPLE TRADE

15  DRESS and APPLE TRADEMARKS.

16  **REQUEST FOR PRODUCTION NO. 156:**

17    All DOCUMENTS relating to Apple's contention that SAMSUNG had actual or

18  constructive notice of APPLE'S TRADE DRESS when SAMSUNG designed the SAMSUNG

19  ACCUSED PRODUCTS, or otherwise relating to Apple's contention that SAMSUNG willfully

20  violated Apple's alleged rights in the APPLE TRADE DRESS.

21  **REQUEST FOR PRODUCTION NO. 157:**

22    DOCUMENTS sufficient to show any "objection" made by Apple to SAMSUNG

23  regarding the design of the SAMSUNG ACCUSED PRODUCTS.

24  **REQUEST FOR PRODUCTION NO. 158:**

25    All DOCUMENTS relating to any increase in commercial value of the SAMSUNG

26  ACCUSED PRODUCTS Apple contends is related to SAMSUNG 's alleged use of the APPLE

27  TRADE DRESS and APPLE TRADEMARKS.

28

**REQUEST FOR PRODUCTION NO. 159:**

All DOCUMENTS relating to Apple's contention that SAMSUNG had actual or constructive notice of the APPLE TRADEMARKS, or otherwise relating to Apple's contention that SAMSUNG willfully violated Apple's alleged rights in the APPLE TRADEMARKS.

**REQUEST FOR PRODUCTION NO. 160:**

All documents relating to Apple's contention that SAMSUNG has profited from alleged use of the APPLE TRADEMARKS and APPLE TRADE DRESS.

**REQUEST FOR PRODUCTION NO. 161:**

DOCUMENTS sufficient to show the damages Apple claims are a result of Samsung's alleged use of the APPLE TRADEMARKS and APPLE TRADE DRESS.

**REQUEST FOR PRODUCTION NO. 162:**

All DOCUMENTS relating to Apple's contention that SAMSUNG is diluting or likely to dilute the APPLE TRADE DRESS.

**REQUEST FOR PRODUCTION NO. 163:**

DOCUMENTS sufficient to show all advertising expenditures, by type and by product, for the APPLE ACCUSED PRODUCTS since 2007.

**REQUEST FOR PRODUCTION NO. 164:**

One example each of every print, multimedia, television, Internet, or radio advertisement for all APPLE ACCUSED PRODUCTS since 2007.

**REQUEST FOR PRODUCTION NO. 165:**

All DOCUMENTS relating to all studies, including formal or informal analysis, investigation, surveys, focus groups, consumer research, articles, or other information relating to consumer confusion or dilution in connection with the SAMSUNG ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 166:**

All DOCUMENTS showing or describing any design, icon or product configuration that YOU consider confusingly similar to, or likely to cause dilution of, any of the APPLE TRADE DRESS or APPLE TRADEMARKS.

**REQUEST FOR PRODUCTION NO. 167:**

DOCUMENTS sufficient to identify any licenses Apple is or was a party to concerning the use of the APPLE TRADE DRESS, APPLE TRADEMARKS, or APPLE DESIGN PATENTS

**REQUEST FOR PRODUCTION NO. 168:**

All DOCUMENTS and things submitted to the U.S. Patent and Trademark Office in connection with the application and/or registration of the APPLE TRADE DRESS, APPLE TRADEMARKS, and APPLE DESIGN PATENTS

**REQUEST FOR PRODUCTION NO. 169:**

All DOCUMENTS that support, refute, or otherwise relate to your contention that any of the APPLE TRADE DRESS or APPLE TRADEMARKS are distinctive and famous, including the degree of inherent distinctiveness, the duration and extent of use in connection with your goods and services, the duration and extent of advertising and publicity of the trade dress/marks, the geographical extent of the trading area in which the trade dress/marks are used, the channels of trade for the goods or services with which the trade dress/marks are used, the degree of recognition of the marks in the trading areas and channels of trade used by You and SAMSUNG , and the nature and extent of the use of the same or similar trade dress/marks by third parties.

**REQUEST FOR PRODUCTION NO. 170:**

All DOCUMENTS and things relating to any formal or informal trademark or prior art-related searches or investigations conducted by, or on behalf of, Apple concerning any of the APPLE TRADE DRESS, APPLE TRADEMARKS, or APPLE DESIGN PATENTS, including, but not limited to, any prior art searches, market studies, surveys, focus groups, or other studies.

**REQUEST FOR PRODUCTION NO. 171:**

DOCUMENTS and things sufficient to IDENTIFY all persons or entities who were responsible for, participated in, or have information concerning the creation, design, consideration, selection, adoption, acquiring, intent to use, or first use of each of the APPLE TRADE DRESS AND APPLE TRADE MARKS.

1  **REQUEST FOR PRODUCTION NO. 172:**

2       DOCUMENTS and things sufficient to IDENTIFY all persons or entities who were

3  responsible for, participated in, or have information concerning the development and reduction to

4  practice for each of the APPLE DESIGN PATENTS, including designers' notebooks, sketches,

5  powerpoint presentations, engineering correspondence, and technical drawings.

6  **REQUEST FOR PRODUCTION NO. 173:**

7       All business plans, reports, analyses, and research relating to any of the APPLE TRADE

8  DRESS, APPLE TRADEMARKS, and APPLE DESIGN PATENTS.

9  **REQUEST FOR PRODUCTION NO. 174:**

10      All DOCUMENTS relating to Apple's allegation that Apple will be irreparably harmed by

11 Samsung's actions absent injunctive relief.

12 **REQUEST FOR PRODUCTION NO. 175:**

13      All analysis, studies, reports, and research relating to the reason for increases or decreases

14 in Apple profits or market share since 2007.

15 **REQUEST FOR PRODUCTION NO. 176:**

16      All DOCUMENTS reflecting communications with product designers of the iPhones and

17 iPads, and designers of allegedly infringed APPLE TRADEMARKS, APPLE TRADE DRESS,

18 and APPLE DESIGN PATENTS reflecting constraints on product design, including, by way of

19 example, technical specifications of screen, space required for components and usability concerns.

20 **REQUEST FOR PRODUCTION NO. 177:**

21      All DOCUMENTS relating to all studies, including formal or informal analysis,

22 investigation, surveys, focus groups, consumer research, articles, or other information relating to

23 the APPLE TRADE DRESS and APPLE TRADEMARKS, including the secondary meaning

24 thereof.

25 **REQUEST FOR PRODUCTION NO. 178:**

26      All DOCUMENTS relating to all studies, including formal or informal analysis,

27 investigation, surveys, focus groups, consumer research, articles, or other information relating to

28 the APPLE DESIGN PATENTS.

SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

**REQUEST FOR PRODUCTION NO. 179:**

All DOCUMENTS referring, reflecting, or otherwise relating to actual confusion or dilution between any Samsung product and any Apple product.

**REQUEST FOR PRODUCTION NO. 180:**

DOCUMENTS sufficient to identify when Apple became aware of the alleged similarities between the currently accused Samsung products and Apple's products.

**REQUEST FOR PRODUCTION NO. 181:**

All DOCUMENTS concerning the sophistication of smartphone customers, including documents sufficient to show retail prices charged, and actual prices paid, for iPhones, since 2007; analysis of consumer cell phone/smart phone  purchasing behavior, including effect and degree of brand loyalty; and analysis of cell phone/smart phone purchaser characteristics.

**REQUEST FOR PRODUCTION NO. 182:**

All DOCUMENTS concerning the sophistication of tablet computer customers, including documents sufficient to show retail prices charged, and actual prices paid, for iPad, since 2004; analysis of consumer purchasing behavior, including effect and degree of brand loyalty; and analysis of tablet purchaser characteristics.

**REQUEST FOR PRODUCTION NO. 183:**

All DOCUMENTS relating to competition between each version of the iPad, iPhone, and iPod Touch,  and any product YOU accuse of infringing, diluting, or otherwise violating Apple's alleged rights in APPLE DESIGN PATENTS, APPLE TRADEMARKS, and APPLE TRADE DRESS.

**REQUEST FOR PRODUCTION NO. 184:**

Complete transcripts of testimony given at a deposition, hearing, trial, or other proceeding by the named inventors of the APPLE that relate to any product.

**REQUEST FOR PRODUCTION NO. 185:**

Communications between YOU and any other person, including, but not limited to, the inventors of the DESIGN PATENTS, concerning the DESIGN PATENTS, any SAMSUNG

SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

1  ACCUSED PRODUCTS or otherwise accused of infringing the DESIGN PATENTS or at issue in

2  This Lawsuit.

3  **REQUEST FOR PRODUCTION NO. 186:**

4  DOCUMENTS sufficient to identify every foreign counterpart application or registration

5  to the APPLE DESIGN PATENTS, APPLE TRADEMARKS, and APPLE TRADE DRESS.

6  **REQUEST FOR PRODUCTION NO. 187:**

7  All DOCUMENTS from any prior or current litigation or dispute relating to infringement,

8  validity, enforceability, or ownership of the APPLE DESIGN PATENTS.

9  **REQUEST FOR PRODUCTION NO. 188:**

10  DOCUMENTS sufficient to show all versions of icons APPLE has used since 1990 in

11  connection with computer, cell phone, or tablet applications for cameras, pictures,

12  telecommunications, music, address books, contacts, and note, including exemplars of each icon

13  used.

14  **REQUEST FOR PRODUCTION NO. 189:**

15  All DOCUMENTS relating to the creation, development, consideration, selection, reasons

16  for selecting, trademark clearance, adoption, registration, assignment, purchase and/or potential

17  purchase, and/or first use of the APPLE TRADE DRESS and APPLE TRADEMARKS.

18  **REQUEST FOR PRODUCTION NO. 190:**

19  All advertising plans, media spending reports, return on investment reports concerning (1)

20  advertisements, (2) consumer research regarding advertisements, and(3)  the identity of all third

21  parties Apple has use to design, generate, review, or disseminate advertisements for the iPhone,

22  iPad, and iPod touch.

23  **REQUEST FOR PRODUCTION NO. 191:**

24  All DOCUMENTS and things RELATING TO the customers and target consumer groups

25  to whom Apple has marketed, advertised, promoted, or sold services or goods in connection with

26  any of the APPLE TRADE DRESS or TRADEMARKS, including without limitation, all

27  documents concerning consumer demographics, behavior, sophistication, buying habits, process of

28  buying a smart phone or tablet computer, and consumer preferences in electronics.

SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

**REQUEST FOR PRODUCTION NO. 192:**

DOCUMENTS sufficient to evidence all trademark and trade dress rights Apple has in each of the APPLE TRADE DRESS and APPLE TRADEMARKS.

DATED: August 3, 2011                    QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP


                                    By  /s/ Victoria F. Maroulis
                                         Charles K. Verhoeven
                                         Kevin P.B. Johnson
                                         Victoria F. Maroulis
                                         Michael T. Zeller
                                         Attorneys for SAMSUNG ELECTRONICS CO.,
                                         LTD., SAMSUNG ELECTRONICS AMERICA,
                                         INC., and SAMSUNG
                                         TELECOMMUNICATIONS AMERICA, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2011, I caused **SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION TO APPLE INC.** to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

HAROLD J. MCELHINNY
hmcelhinny@mofo.com
MICHAEL A. JACOBS
mjacobs@mofo.com
JENNIFER LEE TAYLOR
jtaylor@mofo.com
ALISON M. TUCHER
atucher@mofo.com
RICHARD S.J. HUNG
rhung@mofo.com
JASON R. BARTLETT
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

I declare under penalty of perjury that the foregoing is true and correct.  Executed in Redwood Shores, California on August 3, 2011.

_____/s/ Mark Tung_____