# EXHIBIT C

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

January 16, 2012

<u>VIA ELECTRONIC MAIL</u>

Jason Bartlett
Morrison & Foerster, LLP
425 Market Street
San Francisco, California 94105-2482

Re:     *Apple v. Samsung Elecs. Co. et al.*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Jason:

I write to follow up on Samsung's Requests for Production Nos. 81 and 82, which request, among other things, all applications and patents related to the Apple patents-in-suit, including applications and patents for which the products at issue are claimed embodiments, as well as all documents and things relating to the preparation and/or filing of such applications.  Accordingly, please produce all of Apple's filed but pending design patent applications for electronic devices related to tablets, phones and music players, as well as all documents associated with those applications, by this Friday, January 20.  Please confirm by Tuesday, January 17, that you will produce these materials by this date.

Best regards,

/s/

Scott C. Hall

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo  100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL: (650) 801-5000  FAX: (650) 801-5100

January 24, 2012

<u>VIA ELECTRONIC MAIL</u>

Jason Bartlett
Morrison & Foerster, LLP
425 Market Street
San Francisco, California 94105-2482

Re:     *Apple v. Samsung Elecs. Co. et al.*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Jason:

I write to follow up on my letter of January 16, 2012, which requested that Apple produce all filed but pending design patent applications for electronic devices related to tablets, phones and music players, as well as all documents associated with those applications, by Friday, January 20.  We received no response to this letter, and it appears that Apple still has not produced these documents.  Nor has Apple made itself available to meet and confer on this subject.  If these materials have already been produced, please identify the relevant Bates ranges.  If not, please let us know your position on this issue immediately, and if Apple will not make an immediate and complete production, please provide a time tomorrow when you are available to meet and confer.

Absent a swift and satisfactory resolution, this issue will be on the next lead counsel meet and confer agenda so that we can seek the assistance of the Court in obtaining these plainly relevant materials.

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo  100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100

Best regards,

*/s/*

Scott C. Hall

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL: (650) 801-5000  FAX: (650) 801-5100

January 30, 2012

<u>VIA ELECTRONIC MAIL</u>

Jason Bartlett
Morrison & Foerster, LLP
425 Market Street
San Francisco, California 94105-2482

Re:   *Apple v. Samsung Elecs. Co. et al.*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Jason:

I write regarding your January 30, 2012 letter, wherein you refuse to provide a date certain for the production of any and all filed but pending design patent applications for electronic devices related to Apple's products-at-issue, as requested in my letters of January 16 and January 24, 2012.

Apple's attempt to respond to Samsung's repeated, specific requests for these materials by noting that it will "update its production" with any new documents – and conditioning its response on Samsung's agreement to do the same with respect to certain of Apple's document requests – is completely inadequate.  As you acknowledge in your letter, Samsung's Request for Production No. 82 requests, among other things, applications and patents *related to* Apple's patents-in-suit. Apple's own amended response to Samsung's Interrogatory No. 7 relating to Apple's motion for preliminary injunction states that "the 'D677 patent is embodied in at least the original iPhone, iPhone 3G, iPhone 3GS and iPhone 4 . . . . the 'D087 patent is embodied in at least the original iPhone, iPhone 3G and iPhone 3 GS" and "the 'D889 patent is embodied in at least the iPad 2." Samsung is therefore entitled to all patents and applications related to these products because they are *related to* the patents-in-suit, by Apple's own admission, as embodiments thereof. Moreover, Apple's failure to produce pending design patent applications related to the iPad 2 is particularly improper in light of Samsung's Request for Production No. 362, which specifically

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo  100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100

asks for documents relating to any applications or other attempts to obtain a design patent registration for the iPad 2.

Because of Apple's refusal to provide a date certain for production of these materials despite our repeated requests, as well as your failure to accept the invitations in my previous correspondence to meet and confer on this issue, we understand the parties to be at an impasse and will add this issue to the upcoming lead counsel meet and confer agenda.


Best regards,

*/s/*

Scott C. Hall

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

January 30, 2012

Writer's Direct Contact
415.268.6615
JasonBartlett@mofo.com

*By Email* (scotthall@quinnemanuel.com)

Scott Hall
Quinn Emanuel
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065-2139

Re:     *Apple v. Samsung*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Scott:

I write in response to your letter of January 16, 2012, regarding Samsung's Requests for Production Nos. 81 and 82.

Apple will update its production of applications and patents relating to the patents-in-suit to address any new responsive documents that have been created or received since Apple made its previous production responsive to requests 81 and 82.  Please confirm that Samsung will do the same with respect to its production responsive to Apple requests 53-55 and 82.

With respect to the request in your letter for other applications and patents "for which the products at issue are claimed embodiments," that request is broader than Samsung's Requests for Production Nos. 81 and 82 and is not responsive to Samsung's remaining document requests.  Samsung's Requests for Production Nos. 81 and 82 address applications and patents related to the *patents-in-suit*, not all applications and patents related to certain products.

Very truly yours,

*/s/ Jason R. Bartlett*

Jason R. Bartlett

cc:     Samuel Maselli
        S. Calvin Walden
        Peter Kolovos

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

February 3, 2012

**VIA ELECTRONIC MAIL**

Jason Bartlett
Morrison & Foerster, LLP
425 Market Street
San Francisco, California 94105-2482

Re:     *Apple v. Samsung Elecs. Co. et al.*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Jason:

I have not yet received a response to my letter of January 30, 2012, which requests – for the third time – that Apple immediately produce any and all filed but pending design patent applications for electronic devices related to Apple's products-at-issue.

Samsung has repeatedly explained why it is entitled to these materials, but, to date, Apple's only response has been a vague statement that it would "update its production" with any new documents.  This response is completely inadequate.  These documents are highly relevant to the claims at issue, and Samsung needs these documents to adequately question Apple's witnesses in upcoming depositions, including the deposition of Jonathan Ive on February 7, 2012.  Samsung has already added this issue to the upcoming lead counsel meet and confer agenda.  But if these documents – especially those related to the iPad 2 – are not produced by Monday, February 6, 2012, Samsung will also be required to seek further time with Mr. Ive following his February 7 deposition to the extent necessary to question him on these materials.

Please confirm that Apple will produce these materials immediately.

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo  100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100

Best regards,

*/s/*

Scott C. Hall

2

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

February 3, 2012

Writer's Direct Contact
415.268.6615
JasonBartlett@mofo.com

*By Email* (scotthall@quinnemanuel.com)

Scott Hall
Quinn Emanuel
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065-2139

Re:     *Apple v. Samsung*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Scott:

I write in response to your January 30, 2012 letter regarding production of patents and patent applications.

My January 30 letter stated that Apple will update its production of patents and applications relating to the patents-in-suit.  I did not suggest any conditions precedent to this production. I did ask that you confirm that Samsung will do the same with respect to its production responsive to Apple requests 53-55 and 82, and your reply ignored that request.  Can you so confirm?

Your letter refers to Samsung's Request for Production No. 362, which requests documents relating to attempts to obtain a design patent registration for the iPad 2.  As you know, that request was only served on December 30, 2011.  Apple's response deadline was extended to the end of this week, and Apple will file its responses and objections by that deadline.  In the meantime, please note a heightened relevancy standard is applied to requests for unpublished patent applications, weighing the requesting party's interest in disclosure against the objector's interest in secrecy.  Where parties are competitors, that fact weighs strongly against disclosure.  *See, e.g.*, *ICU Med., Inc. v. B. Braun Med., Inc.*, 224 F.R.D. 461 (N.D. Cal. 2002).  Samsung does not have such a heightened need for Apple's unpublished patent applications.  The parties are certainly competitors.  The vague hope that Samsung will find relevant admissions in a pending application is insufficient to justify the burden of this request.

With respect to other published applications and patents relating to products in suit, those are beyond Samsung's outstanding requests for production.  However, we are willing to discuss the relevance and what, if anything, Samsung needs that it cannot get from public sources.

sf-3101385

**MORRISON** | **FOERSTER**

Scott Hall
February 3, 2012
Page Two


I hope this letter makes Apple's position clear.  I will call you on Monday to see if we can resolve this informally between the parties rather than burden the Court with more motion practice on a fairly simple issue.

Very truly yours,

*/s/ Jason R. Bartlett*

Jason R. Bartlett

cc:     Samuel Maselli
        S. Calvin Walden
        Peter Kolovos

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3666**

WRITER'S INTERNET ADDRESS
**dianehutnyan@quinnemanuel.com**

February 7, 2012

<u>VIA ELECTRONIC MAIL</u>

Harold McElhinny                         Jason Bartlett
Morrison & Foerster                      Morrison & Foerster
425 Market Street                        425 Market Street
San Francisco, CA 94105-2482             San Francisco, CA 94105-2482

Mia Mazza                                Marc Pernick
Morrison & Foerster                      Morrison & Foerster
425 Market Street                        755 Page Mill Road
San Francisco, CA 94105-2482             Palo Alto, CA 94304-1018

Re:      *Apple v. Samsung Elecs. Co. et al.*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Counsel,

I write to confirm Samsung's understanding of several agreements the parties reached at yesterday's lead counsel meet and confer.

<u>Satzger Email</u>:  Apple agreed to run the search term "Satzger" across the document collections from the individuals he worked with and produce any responsive non-privileged documents returned by this search.

<u>Transcripts and other Materials from other Proceedings</u>:  Apple agreed to provide Samsung by Wednesday with a list of all other proceedings involving Apple's patents-in-suit or otherwise having a technological nexus with this lawsuit.

<u>White iPhone/iPad</u>:  Apple agreed to confirm in writing whether it has code names or abbreviations specific to the white iPhone and iPad, and also agreed to confirm in writing its claim that documents relating to the white iPhone and iPad can only be found with particular

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000  FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000  FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666  FAX +7 495 797 3667

custodians.  Apple also agreed to let us know what populations of documents it searched for this information and the search terms it used to do so.  We explained that merely searching for the term "white" is not sufficient.  Apple needs to interview the individuals involved with the white iPhone and iPad, as well as any individuals involved in identifying or resolving the various manufacturing and design problems connected to production of these white devices, in order to come up with a list of meaningful terms designed to locate the universe of documents responsive to Samsung's requests on this issue.

Bates numbers:  Apple agreed that when Samsung sends meet and confer correspondence contending that Apple has not produced documents, Apple will (upon request) timely provide the specific Bates ranges of the documents demonstrating Apple's production, along with any other information that would typically be included in an opposition to a motion to compel.  Samsung has being doing so in response to Apple's requests, and will continue to do so.  Exchanging this information will permit the parties to meet and confer more productively and, hopefully, obviate the need for some motion practice.

Documents Related to Prosecution of Applications Related to Apple's IP and Commercial Embodiments:  Apple agreed to let us know what specific information it is willing to provide with respect to unissued patent applications.  Our understanding based on yesterday's meet and confer is that Apple agrees to provide all documents relating to the prosecution of any published patent or application relating to the patents-in-suit or to patents in the same family as the patents-in-suit.  To be clear, we believe that Apple should provide the following categories of documents regardless of whether they pertain to published or unpublished patents or applications: (1) all documents (not just patents and applications) relating to the prosecution of the patents-in-suit and the patents in the same families as the patents-in-suit, and (2) all documents relating to the prosecution of patents related to the commercial embodiments of the patents-in-suit (i.e., the products-in-suit).  This should include all documents related to Apple's prosecution of iPad2 design patent applications, which are directly relevant to Apple's claim in this case that the iPad2 is the supposed embodiment of the D'889 patent.  We believe all these materials are responsive to RFP No. 98, among others.

Apex Depositions:  Apple agreed to send a letter explaining its factual basis for requesting the depositions of Samsung's apex witnesses, and to withdraw or offer some limitations on apex depositions if possible.

Non-Apex Depositions: Apple agreed to consider withdrawing additional non-apex deposition notices.

Financial Documents:  Apple agreed to provide Samsung with a letter explaining why it believes Samsung's financial document productions to date do not satisfy the requirements of the Court's January 27 Order.

Experts:  Apple agreed to provide Samsung with a list of all patents and pending patent applications on which Apple's experts are named inventors.

<u>Samsung's Amended First 30(b)(6) Notices</u>:  Apple agreed to provide its objections to Samsung's Notices and to let Samsung know which topics it will produce witnesses for.  We have since received a letter from Apple partially addressing this subject, which we will respond to under separate cover.

<u>Deposition Sequencing</u>: At the meet and confer, Apple claimed that Samsung has objected to Apple's preferred sequencing of witnesses to be deposed in both the ITC and in the Northern District action.   We were previously unaware of this issue, and Apple was unable to provide any specific instances in which this had occurred.  However, if you are now aware of any such instances, please let us know.

Please let me know if your understanding of the parties' discussions yesterday differ in any way from ours.


Kind Regards,

*/s/ Diane C. Hutnyan*

Diane C. Hutnyan

cc:     Peter Kolovos
        S. Calvin Walden
        Samuel Maselli


02198.51855/4592078.1

MORRISON | FOERSTER

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA  94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

February 9, 2012

Writer's Direct Contact
650.813.5718
MPernick@mofo.com

*By Email (dianehutnyan@quinnemanuel.com)*

Diane C. Hutnyan
Quinn Emanuel
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

Dear Diane:

We have received your letter of February 7, 2012 discussing agreements that the parties
purportedly reached at the February 6th lead counsel meet-and-confer session.  This is to set
forth those areas where we believe your letter was inaccurate, or omitted important
information regarding Samsung's mutual agreements.

<u>Satzger Email</u>:  Apple did not agree to review all documents hitting the word "Satzger"
across its documents collections database.  Apple agreed to run the search and determine
whether there were too many hits to conduct a document-by-document review for purposes
of this case.  If so, Apple will suggest an alternative, less burdensome search.

<u>White iPhone</u>:  Your summary mischaracterizes our discussion.  Apple agreed to disclose in
writing the parameters it used to search for and produce White iPhone-related documents.
Apple also agreed to investigate and confirm whether there are any particular code names
related to the White iPhone.  Samsung agreed to review the information provided and the
documents already produced, for which Apple provided Bates numbers.  Apple asked
Samsung to make specific follow up requests, if needed.  Apple's production of documents
related to White iPhone was done in an attempt to compromise and avoid unnecessary
disputes relating to the deposition of Jonathan Ive.  White iPhone documents are neither
relevant nor called for by Samsung's requests.

<u>Experts</u>:  Apple did not agree to provide Samsung with a list of all patents and pending
patent applications on which Apple's experts are named inventors.  Samsung did not request
such an agreement, and Apple did not agree to provide this information.

<u>Bates Numbers</u>:  Apple did not agree to provide Bates numbers each and every time
Samsung sends meet-and-confer correspondence contending that Apple has not produced
documents.  The parties mutually agreed that they would each review the other's document

pa-1511190

MORRISON | FOERSTER

Diane C. Hutnyan
February 9, 2012
Page Two

productions when they arrive and, if there are questions about whether documents in certain subject areas have been produced, the requesting party may ask the producing party for Bates numbers that correspond to particular subject areas.  The producing party would then make reasonable efforts to identify Bates numbers for the documents that it believes fall within each relevant category.

This procedure may assist the parties in meeting and conferring about disputes regarding whether *any* documents in a particular category have been produced.  This process likely will not be of much help in determining whether the producing party made an adequate production in response to a Rule 34 document request.  In other words, that the producing party can point to some number of responsive documents that it produced does not mean that that the producing party has performed a diligent search for and produced *all* of the responsive, relevant, and non-privileged documents called for by the request for production.

Further, please note that Apple will respond to *reasonable* requests for Bates numbers.  Apple expects Samsung to use the custodial information provided with each of Apple's productions, as well as the full-text-searchability incorporated into each document produced by Apple, to locate documents in any given category before requesting Bates numbers.

Depositions:  Both Apple and Samsung agreed to exchange letters explaining their respective factual bases for requesting the depositions of witnesses challenged by one another on apex or other grounds.  Both parties will consider whether any deposition notices for these witnesses can be withdrawn or limited in scope.

30(b)(6) and Other Deposition Scheduling:  Both parties agreed to provide dates for all outstanding individual witnesses by the end of the week.  Both parties agreed to begin identifying 30(b)(6) topics for which they will provide witnesses, and begin identifying those witnesses and scheduling their depositions.

Transcripts and Other Materials from Other Proceedings:  Apple will endeavor to provide Samsung with a list of third parties against which Apple is asserting—or has in the past asserted—one or more of the patents in suit by the end of this week.

Sincerely,

*/s/ Marc J. Pernick*

Marc J. Pernick

cc:    S. Calvin Walden
        Peter Kolovos

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

February 14, 2012

Writer's Direct Contact

415.268.6615
JasonBartlett@mofo.com

*By Email* (scotthall@quinnemanuel.com)

Scott Hall
Quinn Emanuel
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065-2139

Re:  *Apple v. Samsung*, Case No. 11-cv-1846 LHK (N.D. Cal.)
     **CONFIDENTIAL – Attorneys' Eyes Only – Contains Information Subject to
     Protective Order**

Dear Scott:

I write in response to your February 6 letter regarding production of certain pending design
patent applications, dates of creation of Apple models, and production of white iPhone
documents.

First, as stated in prior correspondence, Apple will update its production of U.S. patents and
published applications relating to the patents-in-suit.  In addition, as discussed at the lead
counsel meet-and-confer on February 6, Apple will produce U.S. design patents and
published design patent applications relating to iPad 2, if any.  Apple's existing production of
patents, applications, and prosecution-related materials is most easily identified as associated
with the custodians and Bates ranges below as well as APLPROS0000000001 to
APLSPROS0000017433.

- Apple Legal Department (ITC Production and N.D. Cal. Production):  APL-ITC796-
  0000200143 to APL-ITC796-0000200967;  APL-ITC796-0000206739 to APL-
  ITC796-0000206981; APL-ITC796-0000315895 to APL-ITC796-0000360738;
  APL-ITC796-0000373756 to APL-ITC796-0000374073; APL-ITC796-
  X0000000001 to APL-ITC796-X0000000834; APL-ITC796-X0000001021 to APL-
  ITC796-X0000001349; APL-ITC796-X0000001922 to APL-ITC796-X0000001964;
  APLNDC-X0000000642 to APLNDC-X0000001826; APLNDC-X0000002159 to
  APLNDC-X0000002300; APLNDC-X0000002320 to APLNDC-X0000003184;
  APLNDC-X0000004973 to APLNDC-X0000005041; APLNDC-X0000005115 to
  APLNDC-X0000005846; APLNDC-X0000006009 to APLNDC-X0000006505;

**MORRISON** | **FOERSTER**

Scott Hall
February 14, 2012
Page Two

> APLNDC-X0000006648 to APLNDC-X0000007106; APLNDC-X0000007220 to
> APLNDC-X0000007355; APLNDC0001207840 to APLNDC0001254786.

- Apple Legal Files, Apple Legal Files (prosecution files), and Apple Legal Files
  (USPTO presentation) (all N.D. Cal. Productions):  APLNDC0000004737 to
  APLNDC0000004878; APLNDC0000005712 to APLNDC0000009220;
  APLNDC0000009660 to APLNDC0000010201; APLNDC0000010530 to
  APLNDC0000010608; APLNDC0000010609 to APLNDC0000010713;
  APLNDC0000010715 to APLNDC0000010755; APLNDC0000010810 to
  APLNDC0000010879; APLNDC0000013690 to APLNDC0000013715;
  APLNDC0000013811 to APLNDC0000014183; APLNDC0000032831 to
  APLNDC0000032860; APLNDC0000032861to APLNDC0000032879;
  APLNDC0000038188 to APLNDC0000038319.

- MoFo (N.D. Cal. Production):  APLNDC0000017235 to APLNDC0000017283;
  APLNDC0000017326 to APLNDC0000017358; APLNDC0000017873 to
  APLNDC0000017874; APLNDC0000017910 to APLNDC0000017910;
  APLNDC0000019627 to APLNDC0000019631; APLNDC0000033424 to
  APLNDC0000033425; APLNDC0000033438 to APLNDC0000033439;
  APLNDC0000033719 to APLNDC0000033726; APLNDC0000033748 to
  APLNDC0000033753; APLNDC0000033896 to APLNDC0000033902;
  APLNDC0000036110 to APLNDC0000036171; APLNDC0000039291 to
  APLNDC0000039313; APLNDC00014357 to APLNDC00014364.

- Blakely Sokoloff Taylor Zafman (N.D. Cal. Production): APLPROS0000017434 to
  APLPROS0000017437.

- Novak Druce & Quigg (N.D. Cal. Production):  APLPROS0000017438 to
  APLPROS0000017732.

- Sterne Kessler & Goldstein Fox (N.D. Cal. Production):  APLPROS0000017733 to
  APLPROS0000018805.

- Morgan Lewis & Bockius LLP (N.D. Cal. Production):  APLPROS0000018806 to
  APLPROS0000019832.

- Sterne Kessler (ITC Production):  APLPROS-ITC796-0000000001 to APLPROS-
  ITC796-0000000376; APLPROS-ITC796-0000000581 to APLPROS-ITC796-
  0000000885; APLPROS-ITC796-0000007815 to APLPROS-ITC796-0000007822.

**MORRISON | FOERSTER**

Scott Hall
February 14, 2012
Page Three

- Blakely Sokoloff (ITC Production): APLPROS-ITC796-0000000886 to APLPROS-ITC796-0000001120; APLPROS-ITC796-0000001499 to APLPROS-ITC796-0000001813; APLPROS-ITC796-0000004067 to APLPROS-ITC796-0000004186.

- Morgan Lewis or Morgan Lewis and Bockius (ITC Production): APLPROS-ITC796-0000002043 to APLPROS-ITC796-0000004066; APLPROS-ITC796-0000004812 to APLPROS-ITC796-0000004867.

- Druce Novak or Novak Druce, Wong Cabello (ITC Production): APLPROS-ITC796-0000004868 to APLPROS-ITC796-0000004911; APLPROS-ITC796-0000004912 to APLPROS-ITC796-0000007814.

Second, we assume you inquired into the dates of creation of Apple models at Mr. Ive's deposition. We have not been able to identify the dates of creation for all models listed in your letter of February 3, but we have identified the following dates:

- Proto 337: September 1, 2008

- Proto 355: June 4, 2008

- Proto 383: April 19, 2008

- Proto 399: January 6, 2003

- Proto 506: March 21, 2006

Third, you requested the Bates range of documents produced by Apple related to white iPhone and iPad products. Apple provided this Bates range in writing to Diane Hutnyan at the lead counsel meet-and-confer on February 6. The Bates range is APLNDC0001772341-APLNDC0001787392. These resulted from a review of documents using the search criteria below:

- **Jony Ive**: All unproduced documents containing the term "White."

- **Bart Andre, Daniel Coster, Eugene Whang, Shin Nishibori, Daniele DeIullis, Duncan Kerr, Rico Zorkendorfer, Richard Howarth, and Peter Russell-Clarke:** All unproduced documents resulting from the search string *(doctext co white) and (doctext co (iPhone or iPad or M68 or M68X or Purple or Enterprise or P2 or Tiger or N82 or N82a or sterling or N88 or calico or N90 or trooper or N92 or "iPod touch" or N72 or N45 or N72B or N72C or N18 or N81 or Q67 or K48 or K48M or K93 or K94 or K95 or Diablo or granite or purgatory or vanquish or wintergreen or*

# MORRISON | FOERSTER

Scott Hall
February 14, 2012
Page Four

> *P1 or P3)) and ((custodianuploadID co EF\*) or (dateemailcreated > 1/1/2008)) and doctext nc logo and doctext nc led and doctext nc lcd*

- **Entire Collection:** All unproduced documents resulting from following search string, limited to exclude unannounced product hits. *(doctext co white) and (doctext co (iPhone or iPad or M68 or M68X or Purple or Enterprise or P2 or Tiger or N82 or N82a or sterling or N88 or calico or N90 or trooper or N92 or "iPod touch" or N72 or N45 or N72B or N72C or N18 or N81 or Q67 or K48 or K48M or K93 or K94 or K95 or Diablo or granite or purgatory or vanquish or wintergreen or P1 or P3)) and ((custodianuploadID co EF\*) or (dateemailcreated > 1/1/2008)) and ((Author co Ive) or (recipient co Ive)) or the search string (doctext co (iPhone or iPad or M68 or M68X or Purple or Enterprise or P2 or Tiger or N82 or N82a or sterling or N88 or calico or N90 or trooper or N92 or "iPod touch" or N72 or N45 or N72B or N72C or N18 or N81 or Q67 or K48 or K48M or K93 or K94 or K95 or Diablo or granite or purgatory or vanquish or wintergreen or P1 or P3)) and doctext co (white housing)*

Very truly yours,

*/s/ Jason R. Bartlett*

Jason R. Bartlett

cc:     Samuel Maselli
        S. Calvin Walden
        Peter Kolovos

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3666**

WRITER'S INTERNET ADDRESS
**dianehutnyan@quinnemanuel.com**

February 17, 2012

<u>VIA ELECTRONIC MAIL</u>

Jason Bartlett                                  Mia Mazza
Morrison & Foerster                       Morrison & Foerster
425 Market Street                           425 Market Street
San Francisco, CA 94105-2482      San Francisco, CA 94105-2482

Marc Pernick
Morrison & Foerster
755 Page Mill Road
Palo Alto, CA 94304-1018

Re:     *Apple v. Samsung Elecs. Co. et al.*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Counsel,

I write to confirm Samsung's understanding of several agreements the parties reached at this week's two lead counsel meet and confer sessions.

<u>Samsung's 30(b)(6) Notices</u>:  Apple agreed that, by the end of this week, it would provide Samsung with dates and witnesses for all of Samsung's remaining 30(b)(6) topics except topics 43-82 of Samsung's Amended First Notice regarding Technical Topics, which Apple said it objected to.  We have not yet received any of this information from Apple.

<u>Filed but Unissued Patent Applications</u>:  We understand Apple is unwilling to produce unpublished patent applications and related documentation because it believes Quinn Emanuel may use this information to advise its clients on how to design around Apple's patents. However, Apple agreed that it would produce any patents, applications or file history for published iPad 2 and other relevant design patent applications (or issued patents) no later than today's date.  Please confirm that Apple has produced these materials and provide the Bates

**quinn emanuel urquhart & sullivan, llp**
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

numbers, or let us know when they will be produced.  Apple also agreed to let us know whether there are any unpublished, unissued design patents for the iPad 2 by today, yet we have not heard from you on that issue either.

<u>Design Inventor Deposition Transcripts from ITC 794 and 796</u>:  We understand that Apple will not agree to produce the requested transcripts from the ITC proceedings in this lawsuit unless Samsung agrees more broadly to cross-use of all materials between the ITC proceedings and the ND Cal proceedings.

<u>John Ternus</u>:  Apple agreed to search for and produce John Ternus custodial documents within a week of the lead counsel meet and confer sessions.  Apple will not agree at present to re-open Mr. Ternus's deposition.

<u>Apple's Compliance with the January 27 Order</u>:  Apple agreed to provide Samsung with a full response to my letter of February 13 by Monday, February 20, including citations to Bates ranges where such ranges would be provided if in opposition to a motion to compel.

<u>Drop Testing</u>:  Apple contends that so-called "drop testing" of its products is not relevant to this lawsuit and will not agree to produce documents other than those returned by the searches listed in its February 11 letter on the subject.

<u>Stanford Archive</u>:  Apple agreed to look into ways that it could make it easier for Samsung to search the Stanford Archive, and also agreed to get back to us with an answer this week.  We have not received a response on this issue, so please let us know when we can expect an answer.

Also, you said you had some follow-up questions on the issues I had identified for you in my letter of February 13th regarding order compliance and design discovery that you were going to send to me after the meeting.  I have not received anything and so will assume you have resolved those issues.

Kind regards,

*/s/ Diane C. Hutnyan*

Diane C. Hutnyan

cc:     Peter Kolovos
        S. Calvin Walden

02198.51855/4609738.1