# EXHIBIT D

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE INC.'S AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORY NO. 7 TO APPLE RELATING TO APPLE INC.'S MOTION FOR A PRELIMINARY INJUNCTION** |

1   Under Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33, Apple Inc. ("Apple") hereby amends its objections and response to Samsung's Interrogatory No. 7 Relating to Apple Inc.'s Motion for a Preliminary Injunction. Apple reserves the right to further supplement or amend these objections and response based on its ongoing investigation of the facts, witnesses, and documents relating to this case.

**GENERAL OBJECTIONS**

Apple makes the following general responses and objections ("General Objections") to each definition, instruction, and interrogatory propounded in Samsung's Interrogatories Relating to Apple Inc.'s Motion for a Preliminary Injunction. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar or additional objections or partial responses to individual interrogatories does not waive any of Apple's General Objections.

1.   Apple objects to Samsung's definitions of "APPLE," "PLAINTIFF," "YOU," and "YOUR" to the extent they purport to include persons or entities that are separate and distinct from Apple and are not under Apple's control. "Apple" refers only to Apple Inc.

2.   Apple objects to these requests to the extent they incorporate Samsung's definition of "RELATING." Samsung's definition of this term renders each request incorporating the term overly broad, vague, ambiguous, and unduly burdensome.

3.   Apple objects to Samsung's definition of "PRIOR ART" as inaccurate, overly broad, vague, ambiguous, and unduly burdensome. Samsung's definition is particularly vague and ambiguous in its use of the phrase "relevant to the validity," and overly broad in attempting to include information other than that cited to the Patent Office during the prosecutions of the patents that are the subject of Apple's Motion for a Preliminary Injunction.

4.   Apple objects to Samsung's definitions of "DESIGN PATENTS" and the "'381 PATENT" because they are inaccurate, overly broad, vague, ambiguous, and unduly burdensome. The phrase "design patents" means U.S. Design Patent Nos. D618,677, D593,087, and D504,889. The "'381 patent" means U.S. Patent No. 7,469,381.

5. Apple objects to Samsung's definition of "IDENTIFY" because it is overly broad and unduly burdensome, especially because it purports to impose requirements and obligations on Apple other than as set forth in the Federal Rules of Civil Procedure. Samsung's definition is overbroad and unduly burdensome because it would require Apple to include in its responses, for example, the addresses, employer names, and job titles of every individual identified, regardless of their employment at Apple; documents and testimony supporting every fact in Apple's responses; model names/numbers, manufacturers, announcement/release/sales dates, sellers, and descriptions for any product identified in Apple's responses, regardless of whether the product is an Apple product; production numbers, document type, a description of the general nature and subject matter, date of creation, and all authors, addressees, and recipients for every document; and country, patent or application number, filing/publication/grant dates, patentees, and applicants for every patent document. "Identify" has its plain and ordinary meaning.

6. Apple objects to Samsung's Instruction No. 1 because it is vague, ambiguous, overly broad, and unduly burdensome, especially in its purported requirement that Apple furnish information from entities that are not Apple, and from persons with "the best knowledge." Apple further objects to this instruction because it calls for the disclosure of information that is privileged and protected by the work product doctrine.

7. Apple objects to Samsung's Instruction No. 2 because it purports to impose requirements and obligations on Apple other than as set forth in the Federal Rules of Civil Procedure.

8. Apple provides these objections and responses to the best of its current knowledge. Discovery or further investigation may reveal additional or different information warranting amendment of these objections and responses. Apple reserves the right to produce at trial and make reference to any evidence, facts, documents, or information not discovered at this time, omitted through good-faith error, mistake, or oversight, or the relevance of which Apple has not presently identified.

9. By responding to these interrogatories, Apple does not concede the relevance or materiality of any of the interrogatories or of the subjects to which it refers. Apple's responses

are made subject to, and without waiving any objections as to the competency, relevancy, materiality, privilege, or admissibility of any of the responses, or of the subject matter to which they concern, in any proceeding in this action or in any other proceeding.

10. Apple objects to these interrogatories as premature to the extent they are not reasonably calculated to lead to the discovery of admissible evidence relating to the claims or defenses related to Apple's pending preliminary injunction motion. Apple objects to Samsung's use of expedited discovery where the targeted subject matter does not relate to Apple's preliminary injunction motion.

11. Apple objects to Samsung's attempt to serve a "corrected" version of Interrogatory No. 4 that substantially expands its scope and to serve a second set of interrogatories after the Court's July 8, 2011 cut-off for such interrogatories as untimely. Apple also objects to Samsung's attempt to serve a second set of interrogatories after the Court's July 8, 2011 cut-off as untimely.

**AMENDED OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7**

Subject to the foregoing qualifications and General Objections and the specific objections made below, Apple amends its objections and response to Samsung's Interrogatory No. 7 Relating to Apple Inc.'s Motion for a Preliminary Injunction as follows:

**INTERROGATORY NO. 7:**

For each of the DESIGN PATENTS and the '381 PATENT, IDENTIFY (by product name, product manufacturer, telecommunications carrier (if applicable), date of product announcement, date of product release, and appearance of product – including front, back, and side images) every Apple product that embodies any patented design or invention of the DESIGN PATENTS or the '381 PATENT and provide a chart identifying specifically where each limitation of each asserted claim is found within each Apple product.

**AMENDED OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

Apple objects to this interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially because it requests information pertaining to "every Apple product" and information about the "appearance

of product – including front, back, and side images." Apple objects that this interrogatory calls for information that is not relevant to the claims or defenses at issue in Apple's Motion for a Preliminary Injunction. Apple objects to this interrogatory to the extent it seeks information that: (i) is protected from discovery by the attorney-client privilege or the work product doctrine; (ii) would require Apple to draw a legal conclusion to respond; or (iii) can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly available.

Subject to and incorporating its General Objections and its specific objections, Apple responds as follows: The patented design of the 'D677 patent is embodied in at least the original iPhone, iPhone 3GS, and iPhone 4. The patented design of the 'D087 patent is embodied in at least the original iPhone and iPhone 3GS. The patented design of the 'D889 patent is embodied in at least the iPad 2. Apple refers to its preliminary injunction motion moving papers and public sources for images of the aforementioned Apple products. The patented invention of the '381 patent is embodied in at least the iPhone 3GS, iPhone 4, iPad, and iPad 2.

Dated: September 28, 2011          MORRISON & FOERSTER LLP


                                   By:  /s/ Richard S.J. Hung
                                        RICHARD S.J. HUNG

                                        Attorneys for Plaintiff
                                        APPLE INC.