# EXHIBIT 1

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                  Plaintiff,<br><br>          vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                  Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF MATERIALS FROM RELATED PROCEEDINGS AND TO ENFORCE DECEMBER 22, 2011 COURT ORDER**<br><br>Date: April 10, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal<br><br>**FILED UNDER SEAL** |

02198.51855/4635741.10

Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION TO COMPEL PRODUCTION OF MATERIALS FROM RELATED PROCEEDINGS
AND TO ENFORCE DECEMBER 22, 2011 COURT ORDER

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 10, 2012 at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") move the Court to compel Apple to produce materials from proceedings with a technological nexus to this action ("Related Proceedings"), and to enforce compliance with the Court's December 22, 2011 Order ("December 22 Order") requiring Apple to produce by January 15, 2012 deposition transcripts of relevant witnesses from these Related Proceedings.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declaration of Diane C. Hutnyan and exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court.

## RELIEF REQUESTED

Pursuant to Federal Rules of Civil Procedure 37(a)(1), Samsung requests the following relief:

(1)     An order requiring Apple to produce immediately all deposition transcripts from relevant Apple employees from cases bearing a technological nexus to this action;

(2)     An order compelling Apple to produce other materials from Related Proceedings that bear a technological nexus to this action; and

(3)     An order allowing Samsung to serve written discovery relating to the matters raised in the belatedly produced transcripts and other materials within three weeks after production is complete (with any responses due within two weeks), and requiring Apple to make available for deposition witnesses whose transcripts in other matters were belatedly produced, or other witnesses regarding matters raised in the belatedly produced transcripts and other materials.

02198.51855/4635741.10

-1-                                    Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION TO COMPEL PRODUCTION OF MATERIALS FROM RELATED PROCEEDINGS
AND TO ENFORCE DECEMBER 22, 2011 COURT ORDER

1

## SAMSUNG'S CIVIL L.R. 37-2 STATEMENT

2       Pursuant to Civil L.R. 37-2, Samsung's discovery requests to Apple are set forth in full

3   below along with Apple's responses and objections:

4       **SAMSUNG'S REQUEST FOR PRODUCTION NO. 75:**

5       All DOCUMENTS relating to any lawsuit, administrative proceeding, or other proceeding

6   involving any of the APPLE ACCUSED PRODUCTS, APPLE IP, or patents related to the

7   APPLE PATENTS-IN-SUIT, including, without limitation, any pleading, paper, motion, affidavit,

8   declaration, report, decision, or order, for cases to include, without limitation, C11-80169 MISC

9   JF (HRL) (N.D. Cal.), 337-TA-794 (ITC), 1:2010cv23580 (S.D. Fla.), 1:2010cv06385 (N.D. Ill.),

10  1:2010cv06381 (N.D. Ill.), 337-TA-745 (ITC), 1:2010cv00166 (D. Del.), 1:2010cv00167 (D.

11  Del.), 337-TA-724 (ITC), 3:2010cv00249 (W.D. Wisc.), and 337-TA-701 (ITC).

12      **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

13

14

15

16

17

18

19

20

21

22

23

24

25

26      **SAMSUNG'S REQUEST FOR PRODUCTION NO. 97:**

27      All DOCUMENTS and COMMUNICATIONS concerning the patentability, novelty,

28  scope, infringement, validity, invalidity, enforceability or unenforceability of any claim in any of

1   the APPLE IP.

2       **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

3   ██████████████████████████████████████████████████

4   ████████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████

6   ███████████████████████████████████████████████

7   ████████████████████████████████████████████████████████

8   ███████████████████████████████████████████████████

9   ███████████████████████████████████████████████████

10  █████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████

13  ██████████████████████████████████████████████████

14  ████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████

16  █████████████████████████████████████████

17  ████████████████████████████████████████████████████████

18  ██████████████████████████

19       **SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)**

20          Samsung hereby certifies that it has in good faith conferred with Apple in an effort to

21  obtain the discovery described immediately above and has complied with the Court's directive for

22  in-person lead counsel meet and confers on this issue.  Samsung's efforts to resolve these

23  discovery disputes without court intervention are described in paragraphs 9-11 of the declaration

24  of Diane C. Hutnyan, submitted herewith.

25

26

27

28

DATED: March 6, 2012                 QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP


                                     By _/s/ Victoria F. Maroulis_____
                                        Charles K. Verhoeven
                                        Kevin P.B. Johnson
                                        Victoria F. Maroulis
                                        Michael T. Zeller
                                        Attorneys for SAMSUNG ELECTRONICS CO.,
                                        LTD., SAMSUNG ELECTRONICS AMERICA,
                                        INC., and SAMSUNG
                                        TELECOMMUNICATIONS AMERICA, LLC

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 1

I.     PRELIMINARY STATEMENT ................................................................................... 1

II.    STATEMENT OF FACTS ............................................................................................ 2

       A.     The Court's December 22, 2012 Order .............................................................. 2

       B.     Apple's Failure To Comply With Court Order ................................................... 3

       C.     Apple Also Refuses To Produce Other Materials From Related Proceedings ......... 6

III.   ARGUMENT ................................................................................................................ 7

       A.     Apple Has Not Disputed And Cannot Dispute The Relevance Of Any of
              The Requested Materials .................................................................................... 7

       B.     Apple Has Even Refused To Produce Deposition Transcripts from the 796
              Investigation Involving Patents on The Same Products, With The Same
              Inventors, With The Same Prior Art, Allegedly Infringed By The Same
              Samsung Products As The Patents In This Case ................................................. 8

       C.     The Court Should Compel Apple To Produce Materials From Related
              Proceedings That Satisfy The Technological Nexus Standard .......................... 12

       D.     This Court Should Enforce Its December 22 Order and Compel Apple To
              Produce Apple Employee Transcripts With A Technological Nexus To The
              Issues In This Case As Well As Follow-On Discovery .................................... 12

              1.     Apple Has Violated The Court's Order ................................................... 13

              2.     The Court Should Permit Samsung Limited Additional Discovery
                     To Remedy The Prejudice Apple's Violation Has Caused ....................... 13

IV.    CONCLUSION ........................................................................................................... 14

# TABLE OF AUTHORITIES

**Page**

### Miscellaneous

*Apple Inc. v. Motorola Inc. et al.,*
   10-cv-00661 (W.D. Wis.)...................................................................................................4

*Apple v. High Tech Computer Corp*
   10-cv-00167 (D. Del.) ......................................................................................................4

*Apple v. Samsung* ....................................................................................................................4

*Elan Microelectronics Corp. v. Apple, Inc.,*
   09-cv-01531 (N.D. Cal.) ...................................................................................................4

*Nokia v. Apple,*
   09-cv-00791 (D. Del.) .......................................................................................................4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

02198.51855/4635741.10

-ii-                                                    Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION TO COMPEL PRODUCTION OF MATERIALS FROM RELATED PROCEEDINGS
AND TO ENFORCE DECEMBER 22, 2011 COURT ORDER

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.       PRELIMINARY STATEMENT

This is just one of many actions Apple has litigated against Samsung and other defendants in which it has asserted infringement claims based on the same or similar patents, embodied in the exact same iPhone, iPod Touch, and iPad devices.  Given the overlap, it is not surprising that Apple and its witnesses have made critical admissions in these other proceedings that fundamentally undermine the positions Apple is asserting here concerning the scope of its claimed patents, their supposed novelty over prior art, and the basis for its claims of infringement.  Given how damning these admissions are, Apple is doing whatever it can to keep them under wraps, including thumbing its nose at this Court's December 22 Order requiring Apple to produce by January 15 deposition transcripts of its employees from related matters that bear a technological nexus to the issues in this action.

Despite the Court's prior discovery Order, Apple not only has failed to produce the deposition transcripts of its employees, but it continues to refuse to produce other materials from these same proceedings, including deposition transcripts of other witnesses, declarations and affidavits, pleadings, hearing transcripts, expert deposition transcripts and reports, and court rulings, which obviously are relevant for the same reasons that support the production of the testimony of Apple employees.  Apple's principal strategy for delay has been to rely on the supposed need to secure third party consent to the extent the materials would reveal confidential business information ("CBI") of third parties.

This is plainly just a tactic to avoid having to produce these highly relevant materials.  First, Apple has not and cannot deny that most of the materials do not contain any CBI; ***indeed it refuses to produce these materials from the 796 ITC Investigation, where only Samsung and Apple are parties***.  Second, even from cases involving other parties, there are clearly many hearing transcripts, Apple expert reports, declarations and transcripts, and other materials that do not contain any third-party CBI whatsoever, yet they have not been produced.  Third, with regard to the materials that might actually contain CBI, tellingly, although Apple had said just a few days before that it would "promptly" produce the materials once Samsung secured consent for

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF MATERIALS FROM RELATED PROCEEDINGS
AND TO ENFORCE DECEMBER 22, 2011 COURT ORDER

1  disclosure of any CBI from the third parties it had identified, once Samsung *did* secure consent

2  from three of these third parties, Apple still refused to produce any documents from those cases.

3  And finally, the last two third parties asked for more specificity as to what information Apple

4  planned to produce before they could give consent.  Because Samsung does  not have access to

5  this information, it asked Apple to provide a description of the materials containing these parties'

6  CBI, but Apple will not cooperate with that either.

7         Apple's intransigence has unfortunately required Samsung to return to this Court for a

8  second time with regard to the deposition transcripts of Apple employees taken in Related

9  Proceedings, and to seek an Order compelling production of other materials which likely will

10  contain damning admissions that Apple is trying to conceal.

11  **II.**    **<u>STATEMENT OF FACTS</u>**

12      **A.**    **<u>The Court's December 22, 2012 Order</u>**

13         Apple's evasiveness with regard to producing the transcripts of its inventors and other fact

14  witnesses – deposed on facts directly relating to the scope, validity and alleged infringement of the

15  patents-at-issue – has a long history.

16         In request No. 75 of its First Set of Requests for Production, served on August 3, 2011,

17  Samsung requested that Apple produce:  "All DOCUMENTS relating to any lawsuit,

18  administrative proceeding, or other proceeding involving any of the APPLE ACCUSED

19  PRODUCTS, APPLE IP, or patents related to the APPLE PATENTS-IN-SUIT, including, without

20  limitation, any pleading, paper, motion, affidavit, declaration, report, decision, or order, for cases

21  to include, without limitation, C11-80169 MISCJF (HRL) (N.D. Cal.), 337-TA-794 (ITC), 1:2010

22  cv 23580 (S.D. Fla.), 1:2010 cv06385 (N.D. Ill.), 1:2010cv06381 (N.D. Ill.), 337-TA-745 (ITC),

23  1:2010cv00166 (D. Del.), 1:2010cv00167 (D. Del.), 337-TA-724 (ITC), 3:2010cv00249 (W.D.

24  Wisc.), and 337-TA-701 (ITC)."  Declaration of Diane C. Hutnyan ("Hutnyan Decl."), ¶ 2, Exh. A

25  ███████████████████████████████████  Samsung engaged in a lengthy meet

26  and confer process in which both parties agreed the "technological nexus" standard should be

27  applied, but disagreed as to how that would be applied to the present case.  Samsung argued for a

28  factually-based interpretation, noting that Apple's "Apple's vague definitions are antithetical to

1  the Court's efforts to promote discovery transparency, and inevitably lead to wasteful, time-

2  consuming disputes in the future."  *Id.*, ¶ 5

3          But in its opposition, Apple finally clarified its definition of "technological nexus:"

4          Apple interprets "technological nexus" to include prior cases involving the patents-
           in-suit or patents covering the same or similar technologies, features, or designs as
5          the patents-in-suit.  For the sake of clarity, with respect to design patent inventors,
           this would include prior cases involving the asserted design patents or other design
6          patents covering the same designs or design elements.  With respect to utility patent
           inventors, this would include the asserted utility patents or other utility patents
7          covering touch-based interface functions, display elements, touch-screen hardware,
           or touch-screen logic.

8  *Id.*, ¶ 8, Exh. D, at 21.  Apple claimed that "[t]his is a sufficiently clear standard for both parties to

9  follow."  *Id.* Apple represented that it had "not refused to produce deposition transcripts that are

10 relevant to this case."  *Id.*. at 19.  It asserted that "[f]or the inventors of the patents in suit, it has

11 already produced prior testimony that bears a technological nexus to the patents at issue in this

12 case."  *Id.*  Apple assured the Court that "[i]t is willing to produce similar transcripts for other

13 deponents."  *Id.*

14         In an Order issued on December 22, 2011, the Court granted Samsung's motion, accepted

15 Apple's proposed definition of technological nexus, and ordered Apple to "apply this standard and

16 *complete its production of all responsive transcripts on a rolling basis and no later than January*

17 *15, 2012.*"  Hutnyan Decl., ¶ 9, Exh. E.  The Court further indicated that "the parties shall continue

18 to prioritize those categories of production identified as most urgent in light of the scheduled

19 depositions, such that a complete production of responsive documents shall be made available to

20 opposing counsel no later than three (3) days before inventor depositions."  *Id.* at 5 & n. 6

21 (emphasis added).

22         **B.**     **Apple's Failure To Comply With Court Order**

23         It is now almost two months beyond the deadline set by the Court in its December 22

24 Order, yet Apple still has failed to produce all responsive deposition transcripts.  It also has

25 resisted production of other materials from Related Proceedings that satisfy the technological

26 nexus standard.  As part of the meet and confer efforts, Samsung narrowed its list of matters form

27 which it believed responsive materials would exist.  Hutnyan Decl., ¶ 17 & Exh. I.  Seven of these

28

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF MATERIALS FROM RELATED PROCEEDINGS
AND TO ENFORCE DECEMBER 22, 2011 COURT ORDER

cases involve one or more patents Apple is also asserting in this action:

- *Nokia v. Apple*, 09-cv-00791 (D. Del.): involves the '381 patent at issue in this suit

- *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00661 (W.D. Wis.): involves the '828 and '607 patents at issue in this suit

- *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.): involves the '002 patent at issue in this suit

- Investigation of Certain Mobile Devices And Related Software (*Apple v. Motorola*), 337-TA-750 (ITC):  involves the '828 and '607 patents at issue in this suit

- *Apple v. High Tech Computer Corp.*, 10-cv-00167 (D. Del.): involves the '381 patent at issue in this suit

- Investigation Regarding Certain Portable Electronic Devices (*Apple v. High Tech Computer Corp.*), 337-TA-797 (ITC): involves the '915, '129, and '381 patents at issue in this suit

- Investigation Regarding Certain Electronic Digital Media Devices (*Apple v. Samsung*), 337-TA-796 (ITC): involves the '949 patent, as well as the D558,757 and D618,678 patents, which both claim designs that are very similar to the D'087 and D'677 patents-in-suit.  In fact, the designs claimed in the D'757, D'677, D'678 and D'087 patents are purportedly embodied by the same versions of Apple's iPhone, have identical inventors, share the same or substantially similar prior art, are allegedly infringed by many of the same Samsung products, and were even filed by Apple on the same day.

Two other cases involve patents that are similar to those Apple is asserting here, and would provide evidence that would satisfy the technological nexus standard:

- Investigation of Certain Electronic Devices with Multi-Touch Enabled Touchpad and Touchscreens (*Elan Microelectronics Corp. v. Apple*), 337-TA-714 (ITC): involves U.S. Patent No. 5,825, 352, which discloses a method for determining the number of fingers simultaneously present during each scan of a touchpad surface, allows for the determination of the location of each finger and the distance between them, and covers similar touch-based interface functions as  the '828 and '915 patents at issue in this suit

- *Elan Microelectronics Corp. v. Apple, Inc.*, 09-cv-01531 (N.D. Cal.): involves the patent-at-issue in 337-TA-714 (ITC) (above), as well as counterclaims involving U.S. Patent Nos. 5,764,218 and 7,495,659, which describe methods for detecting gap intervals and mapping user input on touch-sensitive devices and cover similar touch-based interface functions as the '828, and '915 patents at issue in this suit

1  *Id.*.  There may be more cases, but Apple has refused to identify them.[1]  Apple has never disputed

2  that these cases satisfy the "technological nexus" standard, but inexplicably continues to refuse to

3  provide the deposition transcripts the Court required be produced over one month ago.

4         At the parties' lead counsel meet and confer on February 14-15, Apple's counsel flatly

5  admitted that it was not in compliance as to the production of relevant transcripts[2] and refused to

6  produce any of the missing deposition transcripts. ████████████████████████████████████

7  ████████████████████████████████████████████████████████████████████████████████████

8  ██████████████████████████████████████████████████████████████████████████████

9  ██████████████████████████████████████████████ ██████████████████████████

10 ██████████████████████████████████████████████████████████

11 ████████████████████████████████████████████ ████████████████

12 ██████████████████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████████████████████

14 ████████████████████████████████████████[5]

15 _____

16   [1]   Apple also finally agreed at the February 6 lead counsel meet and confer that it would start

17 sharing with Samsung, during the meet and confer process, any information that it would
   eventually use to oppose a motion to compel.  Despite this, Apple refused to confirm that any of

18 these Apple cases have a technological nexus with the present case, although many of them assert
   the very same patents or related patents, much less identify which other cases Samsung may not

19 have been able to identify.  Hutnyan Decl., ¶ 11.

20   [2]   Hutnyan Decl., ¶ 14.
     [3]   ████████████████████████████████████████████████████████████

21 ████████████████████████████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████████████████████████████

23 ████████████████████████████████████████████████████████

24 ████████████████████████████████████████████████████████████

25 ████████████████████████████████████████████████████████████████████

26   [4]   Hutnyan Decl., ¶ 13.
     [5]   ████████████████████████████████████████████████████

27 ████████████████████████████████████████████████████████████████████

28   (footnote continued)

1      In the days following the February lead counsel meet and confer, Samsung continued to

2  request Apple's compliance with the Order.  On March 3, 2012, in one final attempt to obtain

3  responsive transcripts, Samsung counsel wrote a letter identifying those employee witness

4  transcripts it was able to locate in Apple's production (all of which appeared to have been

5  produced *before* this Court's December 22 Order), and noted that the production appeared to be

6  incomplete.  For example, Samsung was only able to locate transcripts for four of the nine matters

7  on the list, leaving five matters as to which no transcripts had been produced at all.  This includes

8  the 796 ITC investigation where Apple is asserting the same or very similar patents in a parallel

9  action to this one.  Hutnyan Decl., Exh. I.  There is no question but that the deposition testimony

10  of its employees in that matter satisfy the technological nexus standard, and that therefore the

11  transcripts should have been provided under the terms of the Court's December 22 Order.[6]  Yet

12  Apple blankly stated that it refused to provide the requested documents because they did not meet

13  Apple's own definition of a "technological nexus."  Hutnyan Decl., Exh. J.

14           **C.      Apple Also Refuses To Produce Other Materials From Related Proceedings**

15      Apple not only has refused to comply with the Court's December 22 Order requiring

16  production of employee deposition transcripts from Related Proceedings, but it also has refused to

17  produce other materials from these cases that would satisfy the technological nexus standard.  Just

18  as employee testimony would contain relevant admissions regarding the scope of Apple's patents,

19  prior art, novelty, validity, and infringement, so too would testimony of other witnesses, such as

20  patent prosecution attorneys, Apple's adversaries, third parties, and experts.  Similarly, witness

21  declarations and affidavits, expert reports, hearing transcripts, court rulings, and pleadings would

22  _____

23  ███████████████████████████████████████████

24  ███████████████████████████████████████████

25  ███████████████████████████████████████████

26      [6]  Samsung has proposed a cross-use agreement that would allow both parties to use
   deposition transcripts from the ITC matter in this case, but Apple has not agreed to that proposal.
27  *See* Hutnyan Decl. ¶ 11; *id.* Exh. L (February 28, 2012 letter from me to Harold McElhinny,
   Kristin Yohannan, Nina S. Tallon.)

28

be a source of critical admissions regarding the very patents Apple is pursuing here.

Apple's only articulated excuse for not producing these other materials is that they might contain third party CBI.[7]  *E.g.,* Hutnyan Decl., Exh. H.  But this is not a viable objection with respect to the 796 Investigation, where only Apple and Samsung are parties.  And Apple has not produced the vast majority of the responsive materials in the other cases that would not contain any CBI, including testimony regarding Apple's own products or processes, or pleadings Apple has filed on its own behalf. ████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████ Nor has Apple offered to produce those materials in redacted form.  It is clear that Apple is simply using the CBI issue to further delay production.

## III.    ARGUMENT

### A.    Apple Has Not Disputed And Cannot Dispute The Relevance Of Any of The Requested Materials

The Court already has agreed that deposition transcripts of Apple employees from matters bearing a technological nexus to this matter should be produced.  The same "technological nexus" standard that Apple proposed and that the Court adopted should also govern whether Apple should produce other materials from these same proceedings.  These other materials – whether non-employee depositions, declarations, affidavits, pleadings, or reports, are as relevant to the issues in this action as the deposition transcripts that this Court has already ordered produced.

Indeed, Apple has not disputed that the materials from technologically related matters

---

[7]  Apple's counsel has suggested during meet and confer that the materials beyond employee deposition transcripts are not within the scope of any of Apple's requests.  This is frivolous. Request No. 75, for example, expressly requests "ALL DOCUMENTS" from the related proceedings, "including, without limitation, any pleading, paper, motion, affidavit, declaration, report, decision, or order . . . ."

1  satisfy the standards for discovery in this action, and for good reason.  Given the overlap in

2  asserted intellectual property and products Apple is asserting in the technologically related cases,

3  positions it has taken, defenses that have been asserted, and rulings by the courts or administrative

4  law judges, bear directly on Samsung's defenses of anticipation, obviousness, functionality, and

5  non-infringement.

6        In every case where Apple has asserted its patents, it has had to take positions on what

7  prior art existed and whether it was disclosed to the Patent Office, what in its patents were novel

8  from the prior art, what features of its design patents were functional, and why the defendant's

9  products infringed the asserted patents.  In each one of these cases, inventors, designers, and

10 others (including CAD operators, testers, modelers) would have provided testimony related to the

11 conception, reduction to practice, commercial embodiments, infringement, and validity (or

12 invalidity) of the patents.  Apple would have submitted briefs providing its position on these

13 issues, and would have submitted expert reports addressing these matters as well.  Because these

14 other cases addressed either the very same patents as Apple is asserting here, or patents covering

15 "the same or similar technologies, features, or designs as the patents-in-suit," the testimony in

16 these areas is relevant to Samsung's defenses of functionality, anticipation, obviousness, and non-

17 infringement in this case.  Put simply, Apple and its witnesses in these cases would necessarily

18 have made critical admissions on matters directly relevant to Samsung's defenses here, and Apple

19 should not be permitted to continue to withhold this evidence.

20        **B.    Apple Has Even Refused To Produce Deposition Transcripts from the 796**

21        **Investigation Involving Patents on The Same Products, With The Same**
          **Inventors, With The Same Prior Art, Allegedly Infringed By The Same**

22        **Samsung Products As The Patents In This Case**

23

24

25

26

27        The refusal to produce these transcripts illustrates that

28 Apple's objections are baseless, as the proceeding undoubtedly shares a technological nexus with

1  this action, and there are no concerns related to third party confidential business information.  Yet,

2  Apple still refuses to produce these transcripts.

3      Apple's ITC Complaint alleges infringement based on two design patents, the D'757 and

4  D'678 patents.  *See* Hutnyan Decl. ¶ 26, Exh. M, ¶¶ 51-58.  The D'757 patent, issued on January

5  1, 2008, purports to depict certain design features for an electronic device, including a cellular

6  phone.  The alleged design as depicted in the patent is shown below:



15      The other design patent asserted by Apple, the D'678 patent, was issued on June 29, 2010.

16  This patent similarly purports to depict certain design features for an electronic device.  The

17  alleged design as depicted in the patent is shown below:



1  ███████████████████████████████████████  *See* Hutnyan Decl., ¶ 27, Exh. N. ██████

2  ████████████████████████████████████████████████████████████████████████

3  ██████████████████████     *See* Hutnyan Decl. ¶ 26, Exh. M, ¶¶ 60, 84.

4         In this action, Apple asserts infringement claims based on design patents that include the

5  D'087 and D'677 patents.  D'087 is a design patent that claims to cover the front face of an

6  electronic device.  An embodiment of the alleged design claimed by this patent is depicted below:

7

8

9

10

11

12

13

14

15

16

17        Figure 3 of the D'677 patent is reproduced below:

18



19

20

21

22

23

24

25

26

27

28

02198.51855/4635741.10

-10-

Case No. 11-cv-01846-LHK

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF MATERIALS FROM RELATED PROCEEDINGS
AND TO ENFORCE DECEMBER 22, 2011 COURT ORDER

As is evident from the face of the patents, the D'087 patent asserted by Apple in this action is virtually identical to and substantially overlaps with the D'678 and D'757 design patents that Apple has asserted in the ITC.  Likewise, the D'677 design patent asserted by Apple in this action is virtually identical to the D'678 patent asserted in the ITC action, with the only difference being the added feature of a black screen ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ███████████████████████████ *See* Hutnyan Decl., Exh. N.  Apple also asserts that the design patents in this lawsuit are infringed by the same Samsung smartphones at issue in the ITC action: the Fascinate, Transform, Infuse 4G, and Galaxy S 4G.

Samsung's defenses to the design patent claims in this action rely on the same facts as the defenses it has asserted in the ITC investigation, including functionality, anticipation, obviousness, and non-infringement.  *See* Answer to Complaint.  Because of the identity and similarity in the designs Apple is asserting in both actions, and the fact that these design patents are claimed to be embodied by the same iPhone and iPod Touch products, the evidence supporting these defenses will be virtually identical.  In both actions, the defenses will be based on the testimony of the inventors for the patents regarding the functionality of the designs, and comparisons with the same prior art.  Also, testimony regarding comparisons between the designs, their commercial embodiment, and the accused Samsung products (which also are the same in both actions), will necessarily be duplicative.

More specifically, the Patent Office initially rejected both the D'677 and D'678 applications on the ground that their designs were anticipated and obvious in light of prior art. Apple persuaded the Patent Office to issue the patents by asserting that what was new was their clear continuous surface.  *See* Hutnyan Decl., ¶ 25 & Exh. J.  Yet, Samsung has shown that the D'889 patent, as well as other prior art, already anticipated this feature. ████████████████ ██████████████████████████████████████ Because Samsung is relying on this same invalidity argument in both proceedings, it is critical that Samsung be allowed to cross-use Apple's

testimony on this issue to prevent Apple from saying different things in different places. In light of the obvious technological nexus between the design patents in the ITC 796 Investigation and this action, Apple's unequivocal refusal to produce to produce any of these transcripts is legally unjustified.

### C.   The Court Should Compel Apple To Produce Materials From Related Proceedings That Satisfy The Technological Nexus Standard

Samsung respectfully submits that the Court should issue an order compelling Apple to produce materials from the Related Proceedings that meet the technological nexus test.  These include deposition transcripts from witnesses other than Apple employees, affidavits and declarations, expert reports, claim construction briefing, other pleadings, hearing transcripts, and court rulings.  As explained above, this material is as relevant to the case as the deposition transcripts the Court already ordered produced, as they are as likely to contain admissions and other evidence that undermine Apple's positions here, and support Samsung's defenses. Undoubtedly, that is why Apple has been so reluctant to produce them.

Apple has yet to articulate a valid reason for its refusal to produce responsive materials from these cases.  Apple's third-party CBI objection is pure obstructionism.  Apple has not denied that most of the materials – and indeed all of the materials from the 796 Investigation, a dispute between the parties to this action – do not even contain third-party CBI, yet those materials have not been produced.  Further, consistent with the process noted by the Court in its December 22 Order (see Order at 2 n.1), Samsung has secured the consent of three of the third parties to produce any CBI without redaction, yet those materials have not been produced either.[8]  And to the extent the remaining two third parties maintain their objection, it is only because Apple has refused to cooperate by providing further information concerning what documents would be subject to the request and Apple has declined to produce the materials in redacted form as an alternative.

### D.   This Court Should Enforce Its December 22 Order and Compel Apple To Produce Apple Employee Transcripts With A Technological Nexus To The

---

[8]   Such documents must be produced with a "Highly Confidential – Attorneys Eyes Only" designation.

**Issues In This Case As Well As Follow-On Discovery**

### 1. Apple Has Violated The Court's Order

Apple's violation of the Court's December 22 Order is not in dispute.  It is now almost two months beyond the Court's deadline and Apple has failed to produce all employee deposition transcripts that satisfy the technological nexus test.  Apple counsel admitted as much at the February lead counsel meet and confer.  Hutnyan Decl., ¶ 14.

Nor can there possibly be any justification for Apple's misconduct.  Indeed, Apple sought to defeat Samsung's original motion to compel the deposition transcripts by stating it was willing to provide transcripts with a technological nexus to this case.  After the Court agreed with Apple's own articulation of the relevant standard, Apple inexplicably failed to comply with the Court's Order.  So far as Samsung is able to determine, Apple did not produce a single transcript since the Court issued its Order.

### 2. The Court Should Permit Samsung Limited Additional Discovery To Remedy The Prejudice Apple's Violation Has Caused

Apple's misconduct has severely prejudiced Samsung.  The discovery cut-off in this matter is only a few days away.  Had Apple complied with its obligations under the Court's December 22 Order, Samsung would have had the deposition transcripts over a month ago, with almost two months left in the discovery period.  These transcripts undoubtedly would have assisted Samsung in crafting its discovery strategy, including identifying documents it should request from Apple, and questions of deponents.  It also would be material to Samsung's preparation of its experts.  By the time the Court is able to consider this motion, the discovery period will have closed, and Apple will have succeeded in thwarting Samsung's ability to use this key testimony throughout discovery.

This Court's Order expressly contemplated that Apple would produce relevant materials on a rolling basis, and "no later than three (3) days before inventor depositions."  Order at 5 & n. 6 (emphasis added).  Apple has not done so, nor has it provided a host of other transcripts by the January 15 deadline, let alone in advance of critical depositions or the discovery cut-off.  This has prejudiced Samsung's defense of Apple's claims, as discussed above.  The only way to provide an

-13-

1   effective remedy is for the Court to require Apple to produce all responsive transcripts forthwith,

2   and to allow a limited period for Samsung to complete follow-on discovery, including

3   supplemental written discovery requests to be responded to on shortened time, and additional

4   deposition time with Apple witnesses whose transcripts were not timely produced, or other Apple

5   witnesses on matters identified by the belatedly produced transcripts.

6   **IV.    <u>CONCLUSION</u>**

7          For the foregoing reasons, Samsung requests that the Court issue an Order compelling

8   Apple to produce materials from Related Proceedings satisfying the technological nexus standard,

9   and award the other relief as requested hereinabove.

10  DATED: March 6, 2012                    Respectfully submitted,

11                                           QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP
12

13

14                                          By /s/ *Victoria F. Maroulis*
                                                Charles K. Verhoeven
15                                              Kevin P.B. Johnson
                                                Victoria F. Maroulis
16                                              Michael T. Zeller
17                                              Attorneys for SAMSUNG ELECTRONICS CO.,
                                                LTD., SAMSUNG ELECTRONICS AMERICA,
18                                              INC. and SAMSUNG
                                                TELECOMMUNICATIONS AMERICA, LLC
19

20

21

22

23

24

25

26

27

28