# EXHIBIT 2

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Cal. Bar No. 170151)
2   charlesverhoeven@quinnemanuel.com
    50 California Street, 22nd Floor
3   San Francisco, California 94111
    Telephone: (415) 875-6600
4   Facsimile: (415) 875-6700

5   Kevin P.B. Johnson (Cal. Bar No. 177129)
    kevinjohnson@quinnemanuel.com
6   Victoria F. Maroulis (Cal. Bar No. 202603)
    victoriamaroulis@quinnemanuel.com
7   555 Twin Dolphin Drive 5th Floor
    Redwood Shores, California 94065
8   Telephone: (650) 801-5000
    Facsimile: (650) 801-5100
9
    Michael T. Zeller (Cal. Bar No. 196417)
10  michaelzeller@quinnemanuel.com
    865 S. Figueroa St., 10th Floor
11  Los Angeles, California 90017
    Telephone: (213) 443-3000
12  Facsimile: (213) 443-3100

13  Attorneys for SAMSUNG ELECTRONICS
    CO., LTD., SAMSUNG ELECTRONICS
14  AMERICA, INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC
15

16              UNITED STATES DISTRICT COURT

17       NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18  APPLE INC., a California corporation,        CASE NO. 11-cv-01846-LHK

19              Plaintiff,                        **DECLARATION OF DIANE C.**
                                                  **HUTNYAN IN SUPPORT OF**
20       vs.                                      **SAMSUNG'S MOTION TO COMPEL**
                                                  **PRODUCTION OF MATERIALS FROM**
21  SAMSUNG ELECTRONICS CO., LTD., a             **RELATED PROCEEDINGS AND TO**
    Korean business entity; SAMSUNG              **ENFORCE DECEMBER 22, 2011 COURT**
22  ELECTRONICS AMERICA, INC., a                 **ORDER**
    New York corporation; SAMSUNG
23  TELECOMMUNICATIONS                           Date: April 10, 2012
    AMERICA, LLC, a Delaware limited liability   Time: 10:00 a.m.
24  company,                                     Place: Courtroom 5, 4th Floor
                                                  Judge: Hon. Paul S. Grewal
25              Defendants.

26

27

28

02198.51855/4638149.3                            Case No. 11-cv-01846-LHK

I, Diane C. Hutnyan, declare:

1.     I am a member of the bar of the State of California and am admitted to practice before this Court. I am a partner at Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, inc., and Samsung Telecommunications America, LLC (collectively "Samsung") in this action.   I have personal knowledge of the following facts, and would competently testify to them if called upon to do so.

**<u>Samsung's Document Request For Materials From Related Proceedings</u>**

2.     On August 3, 2011, Samsung served its First Set of Requests for Production in this matter.   A true and correct copy of Samsung's First Set of Requests for Production is attached hereto as Exhibit A.   Request No. 75 asked for production of: "All DOCUMENTS relating to any lawsuit, administrative proceeding, or other proceeding involving any of the APPLE ACCUSED PRODUCTS, APPLE IP, or patents related to the APPLE PATENTS-IN-SUIT, including, without limitation, any pleading, paper, motion, affidavit, declaration, report, decision, or order, for cases to include, without limitation, C11-80169 MISCJF (HRL) (N.D. Cal.), 337-TA-794 (ITC), 1:2010 cv 23580 (S.D. Fla.), 1:2010 cv06385 (N.D. Ill.), 1:2010cv06381 (N.D. Ill.), 337-TA-745 (ITC), 1:2010cv00166 (D. Del.), 1:2010cv00167 (D. Del.), 337-TA-724 (ITC), 3:2010cv00249 (W.D. Wisc.), and 337-TA-701 (ITC)."

3.     Request No. Request 97 sought: "All DOCUMENTS and COMMUNICATIONS concerning the patentability, novelty, scope, infringement, validity, invalidity, enforceability or unenforceability of any claim in any of the APPLE IP."

4.     Apple served a written response to the First Set of Requests for Production on September 12, 2011.   A true and correct copy of Apple's Response is attached hereto as Exhibit B.   ████████████████████████████████████████████

**<u>Samsung's Motion To Compel Apple Employee Deposition Transcripts And</u>**
**<u>The Court's Order Requiring Production By January 15, 2012</u>**

5.     ████████████████████████████████████   Samsung engaged in a lengthy meet and confer process in which both parties agreed the "technological nexus" standard should be applied, but disagreed as to how that would be applied to the present case.   Samsung

1   argued for a factually-based interpretation, noting that Apple's "Apple's vague definitions are

2   antithetical to the Court's efforts to promote discovery transparency, and inevitably lead to

3   wasteful, time-consuming disputes in the future."

4        6.    ████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████

6        7.    As a result, Samsung brought a motion compel the production of deposition

7   transcripts of Apple employees from the matters listed in its request.    A true and correct copy of

8   Samsung's motion to compel is attached hereto as Exhibit C.

9        8.    In its opposition (a copy of which is attached hereto as Exhibit D), Apple claimed

10  that it had "not refused to produce deposition transcripts that are relevant to this case."    Apple

11  Opp. at 19.    It asserted that "[f]or the inventors of the patents in suit, it has already produced prior

12  testimony that bears a technological nexus to the patents at issue in this case."    *Id.*    Apple

13  assured the Court that "[i]t is willing to produce similar transcripts for other deponents."    *Id.*

14      In order to define the scope of what Apple was offering to produce, Apple proposed the
        following definition of "technological nexus":    Apple interprets "technological nexus" to

15      include prior cases involving the patents-in-suit or patents covering the same or similar
        technologies, features, or designs as the patents-in-suit.    For the sake of clarity, with

16      respect to design patent inventors, this would include prior cases involving the asserted
        design patents or other design patents covering the same designs or design elements.

17      With respect to utility patent inventors, this would include the asserted utility patents or
        other utility patents covering touch-based interface functions, display elements, touch-

18      screen hardware, or touch-screen logic.

19  *Id.* at 21.    Apple claimed that "[t]his is a sufficiently clear standard for both parties to follow."

20  *Id.*

21      9.    In an Order issued on December 22, 2011 (a copy of which is attached hereto as

22  Exhibit E), the Court accepted Apple's definition of technological nexus, and ordered Apple to

23  "apply this standard and *complete its production of all responsive transcripts on a rolling basis*

24  *and no later than January 15, 2012.*"    Order at 5 & n. 6 (emphasis added).

25          **Apple's Failure To Comply With The Court's Order And**

26              **Samsung's Efforts To Secure Compliance**

27      10.   By the January 15, 2012 deadline, Apple had failed to comply with the Court's

28  December 22 Order.

HUTNYAN DECLARATION IN SUPPORT OF SAMSUNG'S MOTION TO ENFORCE DECEMBER 22, 2011
COURT ORDER

11.     As a result, I and other members of Samsung's counsel team were required to devote a substantial number of hours seeking to secure Apple's compliance.   This included the preparation of numerous letters requesting compliance, and attending lead counsel meet and confers.   Attached hereto as Exhibit L is a true and correct copy of the February 28, 2012 letter from me to Harold McElhinny, Kristin Yohannan, Nina S. Tallon.

12.     On February 13, 2012, I wrote to Apple's counsel and identified those cases we thought may have satisfied the "technological nexus" requirement set forth in the Court's December 22 Order.   A true and correct copy of my letter is attached hereto as Exhibit F.

13.     I attended a lead counsel meet and confer with Charles Verhoeven and Harold McElhinny on February 14 and 15, 2012.   During the meeting, I asked Apple's lead counsel Harold McElhinny whether Apple would produce the depositions from the two ITC actions pending between Samsung and Apple, in which similar patents were being litigated.   Apple's counsel refused.

14.     At that same meet and confer, Apple's counsel Jason Bartlett admitted that Apple had not yet produced all deposition transcripts that fell within the scope of the Court's December 22 Order.

15.     On February 19, 2012, I wrote a follow up letter to Apple counsel on the subject of materials from other matters having a technological nexus to this case.   In that letter, I specifically addressed the topic of deposition transcripts that were responsive to the Court's December 22 order, and noted Apple's admission that it had not complied.   I requested that Apple produce all responsive transcripts without further delay.   A true and correct copy of this letter is attached hereto as Exhibit G.

16.     In a letter dated February 29, 2012 (a copy of which is attached as Exhibit H), Apple's counsel responded to my letter and agreed to "review its production to confirm that it has produced all transcripts of Apple's witnesses with a technological nexus to this case."

17.     In a letter dated March 3, 2012 responding to the February 29 letter from Apple's counsel, in a final effort to avoid judicial intervention, I narrowed the list of related matters as to which Samsung was seeking deposition transcripts and related materials.   I further identified

those employee transcripts Samsung was able to locate in Apple's production, and noted that Apple had produced no transcripts for five of the nine matters, and only a few transcripts from the others.   It thus strongly appeared that Apple was not in compliance with the Court's Order.   I asked that Apple's counsel let me know by Monday, March 5, 2012 whether it had any further responsive transcripts and, if so, when it would be producing them.   As of the time of execution of this Declaration, I have not received any response to my letter, a true and correct copy of which is attached hereto as Exhibit I.

**Samsung's Efforts To Obtain Other Materials From Related Proceedings**

18.     In parallel with Samsung's efforts to secure compliance with the Court's December 22 Order, Samsung also has sought to obtain production of other materials from the related proceedings that satisfy the technological nexus requirement.

19.     Apple has resisted producing this information, claiming that it contained confidential business information ("CBI") of third parties, and that Samsung would need to secure consent of those parties before production could be made.

20.     In a letter dated February 10, 2012, a copy of which is attached hereto as Exhibit J, Apple's counsel stated that "[o]nce Samsung obtains this consent, Apple will promptly produce such documents."

21.     ████████████████████████████████████████████████████████████ ████████████████████████████████████████

22.     ████████████████████████████████████████████████████████████ ██████████████████████████████████████ ████████████████████████████████████████████████████████████ █████████████████████████████████████

23.     [Intentionally left blank.]

24.     [Intentionally left blank.]

25.     Attached hereto as Exhibit K is a true and correct copy of a January 27, 2010 Reply to Office Action letter from Apple's counsel to Patent Office, contained in the file wrapper for the D'678 patent at issue in this action.

26.     Attached hereto as Exhibit M is a true and correct copy of the Complaint under 19 U.S.C. § 1337: *Certain Electronic Digital Media Devices and Components Thereof,* Inv. No. 337-TA-796.

27.     Attached hereto as Exhibit N is a true and correct copy of Exhibit 7 to the February 15, 2012 ITC Deposition of Christopher Stringer, which was produced in the ITC 796 Investigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Los Angeles, California on March 6, 2012.

By  */s/ Diane C. Hutnyan*
Diane C. Hutnyan

HUTNYAN DECLARATION IN SUPPORT OF SAMSUNG'S MOTION TO ENFORCE DECEMBER 22, 2011 COURT ORDER