# EXHIBIT H

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

February 29, 2012

Writer's Direct Contact
415.268.6615
JasonBartlett@mofo.com

*By Email* (dianehutnyan@quinnemanuel.com)

Diane Hutnyan
Quinn Emanuel
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017-2543

Re:     *Apple v. Samsung*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Diane:

I write regarding the production of documents from related proceedings and to respond to your February 13, 19, and 23 letters.

**Apple Has Complied with the Court's Order Regarding Production of Transcripts**

Samsung's motion on this issue and the Court's Order extended not to production of all transcripts or other documents from any case with a technological nexus to this lawsuit, but rather to production of *specific transcripts* with a technological nexus to this lawsuit. Samsung moved for "all transcripts of prior Apple witness testimony in which the witness testified in his or her capacity as an Apple employee." (Samsung's Motion to Compel [Dkt. No. 488] at 21-22.) The Court limited this to testimony with a "technological nexus" and accepted Apple's definition:

> "With respect to design patent inventors, this would include prior cases involving the asserted design patents or other design patents covering the same designs or design elements. With respect to utility patent inventors, this would include the asserted utility patents, or other utility patents covering touch-based interface functions, display elements, touch-screen hardware, or touch-screen logic."

(Order Granting in Part Defendant's Motion to Compel [Dkt. 536] at 5 n.6.) This definition requires an analysis specific to each witness or transcript. Consistent with the above Order, Apple searched for and produced transcripts of Apple witnesses from cases where such testimony bears a technological nexus to the present case.

sf-3109168

MORRISON | FOERSTER

Diane Hutnyan
February 29, 2012
Page Two


The Court did not require Apple to create an exhaustive list of all cases that have a "technological nexus" to this one.  Your assertion that Samsung will have grounds to seek sanctions for misconduct if it discovers any proceedings that Apple has not identified is ludicrous.  The Court's Order *explicitly noted* that Samsung may identify proceedings beyond Apple's production, and instructed the parties accordingly:

> To the extent that Samsung identifies as relevant any cases that fall outside of Apple's production as limited by the "technological nexus" standard, the court will entertain a further motion to compel the production of transcripts from those cases, if the parties are unable to come to an agreement regarding production after engaging in appropriate meet and confer.

(*Id.*)  The above language makes it clear that the Court did not envision Apple creating any list for Samsung, much less the list that Samsung demands.  Rather, Apple's only obligation under the Court Order was to produce certain transcripts of prior testimony by Apple witnesses testifying in this case, and for Samsung, based on that production, to determine whether it believes any additional transcripts from other cases should have been produced.

Apple has produced prior testimony of witnesses in this case in instances where the prior testimony has a technological nexus to this matter.  In light of your request, Apple will review its production to confirm that it has produced all transcripts of Apple witnesses with a technological nexus to this case.  To the extent Samsung believes something is missing, it should follow the process the Court described and bring those transcripts to Apple's attention.

**Identification of Cases with "Technological Nexus"**

Although your February 13 letter refers to transcripts, your February 19 and 23 letters refer more broadly to "relevant materials" and "materials from related actions," respectively.  To be clear, Apple has identified and produced *transcripts* with a technological nexus.  Apple is not searching for and broadly producing all "materials" from any case with an alleged technological nexus, nor is such a search called for by any of Samsung's requests for production.

Moreover, we appreciate that you have provided a list of cases, but it is apparent that you have not actually made an attempt to limit your cases to those with a technological nexus.  To cite only a few examples, *Smart Audio Technologies, LLC v. Apple, Inc.*, 1:12-cv-00134 (D. Del.) involves one patent covering a vehicle audio system.  *S3 Graphics Co. Ltd. v. Apple, Inc.*, 337-TA-724 (ITC) involves image decoding, processing, and compression

sf-3109168

MORRISON | FOERSTER

Diane Hutnyan
February 29, 2012
Page Three

patents.  Others involve wireless communication patents with no relevance to Apple's patents-in-suit.

**Manner of Production of Documents From Cases Involving the Apple Patents-in-Suit**

Your letters also address the separate and distinct issue of Apple's production of materials from other litigation in which the Apple patents-in-suit are asserted.  With respect to those materials, the Court ordered Samsung *months ago* to obtain the necessary permissions for production of confidential business information.  Samsung did not seek such permissions until recently, and you now report that many requests are being denied.  Apple is now requested to undertake a massive, detailed redaction project in the last few weeks of discovery.  This presents an immense burden on Apple, particularly given the dubious value of these productions.  This process is made even more burdensome as Apple is receiving detailed redaction instructions secondhand, through your letters.

A more logical and efficient approach would be for Samsung's counsel to implement the redactions itself.  Quinn Emanuel represents Samsung, HTC, *and* Motorola—all of the parties to litigation involving the Apple patents-in-suit.  Samsung's request amounts to asking Apple to provide materials *already* in the possession of one set of Quinn Emanuel attorneys to another set of Quinn Emanuel attorneys.  Quinn Emanuel has received instructions from HTC, Motorola and others regarding the redactions they are requested to make.  Quinn Emanuel is thus in the best position to prepare redacted documents, consistent with the instructions its clients have provided.

In fact, we understand that this exact process has been agreed to in the *HTC* case.  In that case, Quinn Emanuel agreed to provide Apple a list of documents that it intends to redact and produce.  Apple will review the list and, barring any objections, promptly give written permission for the production of materials.

Please confirm that you will cooperate in the above manner going forward.

Sincerely,

*/s/ Jason R. Bartlett*

Jason R. Bartlett

cc:   Peter Kolovos
      S. Calvin Walden

sf-3109168