1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., | Case No.: C 11-cv-1846 LHK (PSG) |
| Plaintiff, | **ORDER GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL TIMELY PRODUCTION OF FOREIGN-LANGUAGE DOCUMENTS** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD, a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **(Re: Docket Nos. 682, 702, and 723)** |
| Defendants. | |

In this patent infringement action, Plaintiff Apple Inc. ("Apple") moves to compel the timely production of English and foreign-language documents in advance of related witness depositions. Apple contends that Defendants and counter-claimants Samsung Electronics Co., LTD., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") have routinely delayed the production of relevant, responsive discovery and dumped hundreds and even thousands of documents on Apple on the eve of deposition. Because many of these documents are in Korean, Apple argues that they require additional lead-time to process and translate. Their last-minute production thus interferes with Apple's ability to fairly review documents and prepare competently for depositions.

Apple initially sought to compel Samsung to produce the documents from its witness files at least ten days in advance of the deposition for documents written in whole or in part in a foreign language, and at least five days in advance for English-language documents. Based on the likely

1

resolution of this motion after the close of fact discovery,[1] however, Apple alternatively seeks to compel a second deposition with those Samsung witnesses for whom documents were not produced within the ten-day or five-day windows.

Samsung responds that under the court's rulings of December 22, 2011 and January 27, 2012, which ordered the production of documents according to certain deadlines and no later than three-days before a deposition,[2] a "three-day rule" is "reasonable under the circumstances of the expedited case." Samsung argues that the relief Apple seeks is unworkable and that Apple does not itself abide by its own purported standard for pre-deposition production, such that any remedy should be reciprocal for both sides.

On March 6, 2012, the parties appeared for hearing. Having considered the arguments and evidence presented, the court grants-in-part Apple's motion to compel.

## I.    BACKGROUND

Early in the case, the parties agreed that documents from witness files would be produced no later than five days before the deposition.[3] But for a few isolated incidents in which limited documents were produced three or four days in advance, Apple contends that it met its obligation during the October 2011 depositions of Apple's inventors and patent prosecutors. These documents were all in English. In contrast, Apple offers numerous examples of Samsung producing thousands of Korean-language documents with far less lead time, or even no lead time at all, prejudicing Apple's preparation for deposition and prosecution of its case.[4] Examples include:

- the production of 4,409 Korean-language documents from Samsung witness Ahyeung Kim's custodial files two days before the deposition, and an additional 3,069 pages on the

---

[1] Apple initially moved for and received a hearing on shortened time. In view of the frequent requests for shortened-time in this case, the court vacated that hearing and Apple re-noticed the hearing pursuant to Civ. L.R. 7-2 for March 6, 2012. The court is informed that fact discovery closes on March 8, 2012.

[2] *See* Docket No. 537 (Order Granting-In-Part and Denying-In-Part Mot. to Compel) ("December 22 Order"); Docket No. 673 (Order Re: Discovery Motions) ("January 27 Order").

[3] Samsung does not dispute Apple's representation with respect to this agreement. *See* Docket No. 735 at 8 n.5 (Samsung's Opp'n to Mot. to Compel).

[4] *See* Docket No. 683 ¶ 5 (Mazza Decl.).

Case No.: CV 11-1846 LHK (PSG)
ORDER

United States District Court
For the Northern District of California

morning of the deposition, after it had begun;

- the production of 5,284 Korean-language documents from Samsung witness Junho Park's custodial files less than three days before the deposition, and an additional 2,163 pages, totaling 20,135 pages, less than two days before; and

- in the case of English-language documents, the production of 5,256 documents, totaling over 35,000 pages, from Samsung witness Tim Sheppard's custodial files just over three days before the deposition.[5]

More recent examples, cited in Apple's reply and supplemental filing of March 4, 2012, include:

- the production of 4,393 documents from Samsung witness Dae Woon Meyong's custodial files totaling 45,866 pages less than one day before the deposition. Apple notes that Samsung, "to its credit," agreed to reschedule the deposition to a later date.[6]

- the production of 0 documents from Samsung witness Min Cheol Shin's custodial files even three days before the deposition, but then 1,421 documents totaling 37,156 pages 5 hours before the deposition; and

- the production of 1 Korean-language document totaling 27 pages from Samsung witness Seung Hun Yoo's custodial files 44 days before the deposition, 6,184 Korean-language documents totaling 30,277 pages less than 4 days before the deposition, and then another 688 documents totaling 5,680 pages 5 hours after the deposition started.[7]

According to Apple, it takes an average of five days to process, review, select, and translate the documents for an average-sized, Korean-language production.[8] Once useable documents are forwarded to outside counsel, it takes another five days to competently prepare for a deposition, reflecting the parties' previous agreement. Apple argues that it has adhered to the five-day rule in producing English-only documents from its witness files, and that Samsung should not be allowed to operate at an advantage by giving Apple far less lead-time. Had Samsung complied with the actual production deadlines provided in the court's earlier discovery orders, Apple argues that this motion would be unnecessary.

Samsung does not dispute its belated pattern of production for certain depositions, but emphasizes the numerous occasions in which it has produced the bulk of documents well in

---

[5] According to Apple, many of Tim Sheppard's documents were illegible; Samsung did not provide legible copies until the night before the deposition. *Id.* ¶ 7.

[6] Docket No. 756-1 ¶ 6 (Mazza Reply Decl.). In another instance involving a belated, voluminous document production for Samsung witness Wookyun Kho, Apple notes that it had to "fight for weeks" before Samsung agreed to offer Kho for a second day of deposition. *Id.* ¶ 28.

[7] *See* Docket No. 766-1 ¶¶ 3-9 (Supp. Mazza Decl.).

[8] Docket No. 683 ¶¶ 9-12.

3

Case No.: CV 11-1846 LHK (PSG)
ORDER

United States District Court
For the Northern District of California

1  advance of at least the purported "three day rule."[9] Samsung attributes the late instances to

2  technical glitches or late-discovered documents. Samsung also emphasizes that Apple's

3  representation of the productions for Ahyoung Kim and Junho Park, which serve as Apple's most

4  egregious examples, is not entirely accurate.[10] Samsung contends that Apple has produced

5  documents in less than the three-day window in numerous instances, including one occasion in

6  which Apple produced "highly relevant" documents after the deposition concluded, and another in

7  which Apple produced 17,000 pages of documents the day before the deposition.[11] According to

8  Samsung, not until January 10, 2012 did Apple first request the production of Korean-language

9  documents on a ten day advance schedule.[12] Samsung contends that it sought to discuss a workable

10  compromise during meet and confer, but that Apple was not responsive and never raised the five-

11  day, English language request until this motion.[13] Because Samsung has largely complied with the

---

[9] Samsung specifically concedes that it "narrowly missed" the three-day deadline for production with respect to six depositions – those of Ahyoung Kim, Junho Park, Juho Lee, Gert-Jan Van Lieshout, Jae Seung Yoon, and Seong Hun Kim – but otherwise has completed document production at least three days in advance. *See* Docket No. 735-3 ¶ 3 (Binder Decl.). *See also* Docket No. 735 at 4 (Samsung's Opp'n to Mot. To Compel). Moreover, Samsung offered to postpone the deposition of Junho Park due to the document production problem, but Apple declined. Apple responds that it has no record of Samsung having offered to postpone Junho Park's deposition. *See* Docket No. 756-1 ¶ 27.

[10] For Ahyoung Kim, Samsung states that it produced a substantial portion of production, totaling thousands of documents, in October 2011, months before Kim's January 2012 deposition. Docket No. 735-3 ¶ 3. For Junho Park, Samsung states that it produced documents "just shy" of the three day mark due to "technical glitches." Docket No. 735-1 ¶ 12.

[11] Docket No. 735-2 ¶¶ 4-7 (Martin Decl.). Apple responds in kind to Samsung's examples. In four of the five cases of production that came one or two days late, Apple states that it produced "literally a handful of documents" late, which Apple highlighted for Samsung, and to which Samsung responded with a letter reserving all rights to call the witnesses for further deposition. Moreover, Apple states that these witnesses were later called for deposition in the ITC action, and Samsung did not request additional time. As to the single production of 17,000 pages late, Apple explains that it notified Samsung immediately upon learning that an error had resulted in the documents not being produced, provided a hard copy of the production shortly thereafter, and has not stated that it will not make the witnesses available for additional deposition time related to the late-produced documents. *See* Docket No. 756 at 8 (Apple's Reply in Support of Mot. to Compel); Docket No. 756-1 ¶¶ 17-24.

[12] Docket No. 735-1 ¶ 9 (Kassabian Decl.).

[13] *Id.* ¶ 11.

4

Case No.: CV 11-1846 LHK (PSG)
ORDER

"three-day rule" and is making every effort to provide responsive discovery on the compressed schedule, Samsung urges that Apple's motion should be denied.

## II.        DISCUSSION

The court's earlier rulings referencing prioritized document production no later than three days in advance of a deposition provided nothing more than a "drop dead" deadline for production that otherwise risked arriving after the scheduled deposition to which it was relevant. Until the filing of this motion, neither party moved to set a requirement for longer lead-time.[14] Accordingly, the so-called "three-day rule" urged by Samsung is not a rule at all, but a minimum requirement that applies only to the document production covered by the December 22 and January 27 orders.[15] The court finds Apple's demonstration of a pattern of last-minute document production by Samsung to be troubling in its consistency. Samsung's own evidence shows that it has produced documents with less than three days' advance timing in 6 out of 25 depositions in February and early March, and with less than five days' advance timing in at least 15 out of 25 depositions.[16] Apple's evidence shows that most of these productions involved hundreds and often thousands of pages of material in Korean.[17]

The court finds equally troubling the failure of the parties to establish protocols in a case of this magnitude and complexity for the exchange of foreign-language documents, or for contingency arrangements when a production becomes substantially delayed. One need not subscribe to Apple's 10-day and 5-day proposed rules – although Samsung does not dispute these time frames are appropriate for competent deposition preparation – to recognize that there is a point after which the production of thousands of pages of documents for deposition is likely to

---

[14] The court notes that Apple first raised the issue that it was having a problem with last-minute, high-volume document productions from Samsung at the January 19, 2012 hearing on other discovery motions then before the court. Because the court did not have a motion or any briefing before it on the issue, it declined to entertain any argument on the matter at that time.

[15] To the extent that there is overlap between material subject to these orders and the purported "document dumps" that are the subject of this motion, those failing to meet the three-day-in-advance requirement are in violation of the December 22 and January 27 orders.

[16] *See* Docket No. 774-3 at 2 (Martin Dec. in Support of Samsung's Sur-Reply).

[17] *See* Docket No. 766-2 (Supp. Mazza Decl.), Ex. A-1.

5

Case No.: CV 11-1846 LHK (PSG)
ORDER

1   result in prejudice. As Apple noted at the hearing, the deposition may be the only opportunity to

2   authenticate documents and determine their potential value and admissibility for trial.

3          In light of the repeated, late productions by Samsung and the volume of material involved,

4   the court finds Apple's request for additional deposition time to be warranted. Without a more

5   specific showing of prejudice as to each witness, however, Apple asks too much in seeking to re-

6   depose "any witnesses for whom Korean-language documents were substantially produced less

7   than ten days before the deposition, or for whom English documents were substantially produced

8   less than five days before the deposition." Instead, Apple may identify no more than ten Samsung

9   witnesses, out of those listed in the briefing on this motion, for whom a substantial portion of

10  custodial documents were produced with insufficient time to process and translate in advance of

11  the deposition. Apple may take no more than 25 hours to depose all ten witnesses. As discussed at

12  the hearing, these 25 hours count against the 250-hour limit set by Judge Koh. Samsung must make

13  the identified persons available in conformity with the order as set out below.[18]

14                          **III.     ORDER**

15         Samsung shall make available the witnesses identified by Apple, not to exceed ten

16  witnesses for a total of 25 hours or fewer, in Korea or in this district. As further discussed at the

17  hearing, no less than 72 hours in advance of the scheduled deposition, Apple shall provide

18  Samsung with a list of the topics it intends to cover at the follow-up depositions. These depositions

19  shall be completed no later than March 31.

20  **IT IS SO ORDERED.**

21  Dated: 5/8/2012

22

23                                          PAUL S. GREWAL
                                            United States Magistrate Judge

24  _____

25  [18] At the hearing, Samsung's counsel argued that the remedy should be reciprocal. The court has no
    motion from Samsung before it. To the extent that Samsung is attempting to pursue a non-judicial

26  remedy from Apple before consuming the court's time, the court strongly encourages Apple to
    extend the same opportunity to Samsung in those instances in which Apple has produced a

27  substantial volume of documents shortly before, or after, a deposition. In particular, the court draws
    Apple's attention to its representation with respect to Apple witness Richard Dinh: "Apple has not

28  stated that it will not make the witness available for additional deposition time related to the late-
    produced documents." Docket No. 756 at 8 (Apple's Reply in Support of Mot. to Compel).

Case No.: CV 11-1846 LHK (PSG)
ORDER