1  HAROLD J. MCELHINNY (CA SBN 66781)      WILLIAM F. LEE
   hmcelhinny@mofo.com                     william.lee@wilmerhale.com
2  MICHAEL A. JACOBS (CA SBN 111664)       WILMER CUTLER PICKERING
   mjacobs@mofo.com                        HALE AND DORR LLP
3  JENNIFER LEE TAYLOR (CA SBN 161368)     60 State Street
   jtaylor@mofo.com                        Boston, MA 02109
4  ALISON M. TUCHER (CA SBN 171363)        Telephone: (617) 526-6000
   atucher@mofo.com                        Facsimile: (617) 526-5000
5  RICHARD S.J. HUNG (CA SBN 197425)
   rhung@mofo.com
6  JASON R. BARTLETT (CA SBN 214530)       MARK D. SELWYN (SBN 244180)
   jasonbartlett@mofo.com                  mark.selwyn@wilmerhale.com
7  MORRISON & FOERSTER LLP                 WILMER CUTLER PICKERING
   425 Market Street                       HALE AND DORR LLP
8  San Francisco, California  94105-2482   950 Page Mill Road
   Telephone:  (415) 268-7000              Palo Alto, California 94304
9  Facsimile:  (415) 268-7522              Telephone: (650) 858-6000
                                           Facsimile: (650) 858-6100
10

11 Attorneys for Plaintiff and
   Counterclaim-Defendant APPLE INC.
12

13

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                          SAN JOSE DIVISION

17 APPLE INC., a California corporation,       Case No. 11-cv-01846-LHK

18                 Plaintiff,                  **APPLE'S RULE 37(b)(2) MOTION
                                               BASED ON SAMSUNG'S
19        v.                                   VIOLATION OF THE COURT'S
                                               DECEMBER 22, 2011 ORDER
20 SAMSUNG ELECTRONICS CO., LTD., a            REGARDING SOURCE CODE**
   Korean corporation; SAMSUNG ELECTRONICS
21 AMERICA, INC., a New York corporation; and  Date:      April 24, 2012
   SAMSUNG TELECOMMUNICATIONS                  Time:      10:00 a.m.
22 AMERICA, LLC, a Delaware limited liability  Place:     Courtroom 5, 4th Floor
   company,                                    Judge:     Hon. Paul S. Grewal
23
                   Defendants.
24

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ......................................................................................ii

RELIEF REQUESTED...........................................................................................................ii

STATEMENT OF ISSUES TO BE DECIDED .......................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1

I.      INTRODUCTION ....................................................................................................... 1

II.     BACKGROUND .......................................................................................................... 2

III.    LEGAL STANDARD .................................................................................................. 3

IV.     ARGUMENT ............................................................................................................... 4

        A.      Samsung Violated the Court's December 22 Order................................. 4

        B.      The Orders Requested by Apple are the Narrowest Measures That Will
                Ensure a Level Playing Field. ................................................................... 4

V.      CONCLUSION ............................................................................................................ 6

1

**NOTICE OF MOTION AND MOTION**

2

TO:      ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE that on April 24, 2012, at 10:00 a.m., or as soon as the matter

4

may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for

5

the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street,

6

San Jose, CA 95113, Apple Inc. ("Apple") shall and hereby does move the Court pursuant to

7

Federal Rule of Civil Procedure 37(b)(2) for remedial action arising from the violations by

8

Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung

9

Telecommunications America, LLC (collectively, "Samsung") and its counsel of this Court's

10

December 22, 2011 Order regarding source code.

11

This motion is based on this notice of motion and supporting memorandum of points and

12

authorities; the Declaration of Marc J. Pernick In Support of Apple's Rule 37(b)(2) Motion Based

13

on Samsung's Violation of the Court's December 22, 2011 Order Regarding Source Code

14

("Pernick Decl.") and exhibits attached thereto; and such other written or oral argument as may

15

be presented at or before the time this motion is taken under submission by the Court.

16

**RELIEF REQUESTED**

17

Pursuant to Federal Rule of Civil Procedure 37(b)(2), Apple seeks:  (1) an order finding

18

that Samsung violated this Court's December 22, 2011 Order by failing to produce source code

19

implementing the accused functionalities for all versions of the accused products by the deadline

20

specified in that Order; (2) an order precluding Samsung or any of its experts from presenting,

21

using, or relying on any source code that was not timely produced under the December 22 Order;

22

and (3) an order deeming that, for purposes of assessing infringement by any version of a

23

Samsung accused product, the product version for which Samsung timely produced source code

24

is representative of all versions of that product.

25

**STATEMENT OF ISSUES TO BE DECIDED**

26

1.      Whether Samsung violated the Court's December 22, 2011 Order (Dkt. No. 537),

27

which required Samsung to produce certain source code by December 31, 2011.

28

APPLE INC.'S RULE 37(b)(2) MOT. BASED ON SAMSUNG'S VIOLATION OF DEC. 22 ORDER RE: SOURCE CODE
CASE NO. 11-cv-01846-LHK
sf-3114198

ii

1      2.      Whether Samsung or any of its experts should be precluded from presenting, using,

2  or relying on any source code that was not timely produced under the December 22 Order.

3      3.      Whether, for purposes of assessing infringement of Apple's asserted utility patents

4  by any version of an accused Samsung product, the version of the product for which Samsung

5  timely produced source code should be deemed representative of all versions of that product.

Dated:  March 9, 2012                    MORRISON & FOERSTER LLP


                                         By:    /s/ Michael A. Jacobs
                                                Michael A. Jacobs

                                                Attorneys for Plaintiff
                                                APPLE INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

Apple asserts that certain functionalities in numerous Samsung products—each of which has been sold in multiple versions—infringe Apple's patents.  The Patent Local Rules required Samsung to produce all source code relating to these functionalities at the time it served its Invalidity Contentions.  That was over five months ago.  However, as of early December, Samsung had produced no source code whatsoever.  Apple thus moved to compel.

In its December 22, 2011 ruling on that motion, the Court ordered Samsung to produce the source code requested by Apple *by December 31, 2011*.  Samsung only partially complied with that Order:  as of December 31st—and as of today—Samsung produced source code for just *one version* of each of the accused products.  Samsung withheld the source code for all other versions of each accused product.  Apple repeatedly asked Samsung to produce the remaining source code, but Samsung did nothing.

At this point in the case, it is too late for Apple to make meaningful use of any late produced source code.  Expert reports are due in less than two weeks, which would leave insufficient time for Apple's experts to analyze any new code and address it in their reports.  To avoid prejudice to Apple, the Court should preclude Samsung from relying on or in any way using the source code it failed to timely produce under the December 22, 2011 Order.

Additional relief is needed as well.  To establish its *prima facie* case against each version of the accused products, Apple needs to demonstrate how the accused functionalities operate in those versions.  But Samsung's failure to abide by the Court's order and produce all of the required source code has deprived Apple of evidence that is critical to those efforts.  Accordingly, for purposes of assessing infringement of Apple's utility patents, the Court should deem the one version of each accused product for which Samsung timely produced source code to be representative of all versions of that product.  That is the narrowest measure that will prevent Samsung from profiting by its misconduct, and yet allow this case to get decided on the merits.  This relief will put the parties on a level playing field.

APPLE INC.'S RULE 37(b)(2) MOT. BASED ON SAMSUNG'S VIOLATION OF DEC. 22 ORDER RE: SOURCE CODE
CASE NO. 11-CV-01846-LHK
sf-3114198

1

## II.    BACKGROUND

Apple's Infringement Contentions allege that features of 27 Samsung products infringe eight of Apple's utility patents.  Samsung served its Invalidity Contentions on October 7, 2011, but did not produce any source code for the accused products.  Samsung thus violated Patent Local Rule 3-4(a).  (Pernick Decl. ¶ 2.)  As of early December 2011, Samsung had still not produced any source code.  (*Id.*)

Samsung's recalcitrance forced Apple to move to compel Samsung to produce the code for the accused functionalities.  Specifically, Apple requested source code for the following functionalities "in any Samsung product at issue":

- the display and operation of a user interface status bar or a notification in a status bar;

- "rubber-banding" or "bounce" functionality;

- pop-up windows;

- scrolling and scaling;

- scroll lock;

- touch sensor controllers

- the generation or display of windows (or views);

- interprocess communication; and

- processing, at any level of the software stack, of single- or multi-point touch screen contacts.

(*See* Dkt. No. 467-1 at ii (requesting production of, "[a]t [a] minimum, . . . the items listed in the Proposed Order filed herewith"); Dkt. No. 467-21 at 2-3 (listing categories of requested code).)

On December 22, 2011, the Court ruled on Apple's motion.  The Court unambiguously ordered Samsung to produce "the source code and technical documents requested by Apple's motion," and set a December 31, 2011 deadline for that production.  (Dkt. No. 537 ("December 22 Order") at 3.)  Nothing in the December 22 Order suggested that Samsung could produce source code for only one version of its accused products.

Samsung produced *some* source code shortly after the December 22 Order.  To Apple's disappointment, however, that production was limited to code for only a single version of each

APPLE INC.'S RULE 37(b)(2) MOT. BASED ON SAMSUNG'S VIOLATION OF DEC. 22 ORDER RE: SOURCE CODE
CASE NO. 11-cv-01846-LHK
sf-3114198

2

1    accused product.  (Pernick Decl. ¶ 3.)  Apple asked Samsung in early February to immediately

2    produce the source code for the remaining versions of the accused products, and repeated its

3    request at the lead trial counsel meetings on February 14 and 15.  (*Id*. ¶ 4, Ex. B.)

4         In response to Apple's requests, Samsung still produced none of the missing source code.

5    But Samsung did represent that, for 20 of the accused products—except with respect to the

6    accused "bounce" functionality—the produced source code did not materially differ from the

7    code in the versions of the accused products for which Samsung had not produced source code.

8    (*Id*. ¶ 5, Ex. C.)  Samsung also promised, at the February 14 and 15 meetings, to continue

9    investigating the issue and to report by February 22 whether it would make the same

10   representation for additional accused products.  (*Id*. ¶ 6.)  Samsung further stated that it would

11   seek to produce source code not covered by that representation by February 22.  (*Id*.)

12        February 22 came and went with no word from Samsung regarding its investigation, and

13   with no production of code.  (*Id*. ¶7.)  On February 26, Apple tried again to resolve this issue.

14   Even though Samsung's limited representation for 20 of the accused products did not adequately

15   address Apple's concerns, Apple sought to at least narrow the source code dispute by proposing a

16   stipulation based on that representation.  (*Id*. ¶ 8, Ex. D.)  Samsung did not respond.  (*Id*. ¶ 11)

17   **III.    LEGAL STANDARD**

18        Federal Rule of Civil Procedure 37(b)(2) authorizes a court to issue further orders "when a

19   party fails to comply with the rules of discovery or with court orders enforcing those rules."

20   *Wyle v. R.J. Reynolds Indus., Inc*., 709 F.2d 585, 589 (9th Cir. 1983).  "Failure to produce

21   documents as ordered is considered sufficient prejudice" to establish sanctionable conduct.

22   *Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 1993).  The Federal Rules

23   permit a wide range of sanctions against a party that fails to comply with a discovery order,

24   including the preclusion of the disobedient party from introducing certain evidence, and the

25   deeming of certain facts to be established for purposes of the litigation. Fed. R. Civ.

26   P. 37(b)(2)(A).  Such measures are intended to "ensure that a party will not be able to profit from

27   its own failure to comply," and to serve as a "general deterrent" against further misconduct in the

28

APPLE INC.'S RULE 37(b)(2) MOT. BASED ON SAMSUNG'S VIOLATION OF DEC. 22 ORDER RE: SOURCE CODE        3
CASE NO. 11-CV-01846-LHK
sf-3114198

1  instant case and other litigation. *United States v. Sumitomo Marine & Fire Ins. Co*, 617 F.2d

2  1365, 1369 (9th Cir. 1980).

3  **IV.    ARGUMENT**

4      **A.    Samsung Violated the Court's December 22 Order.**

5          Apple's motion sought source code for nine accused functionalities to the extent they are

6  featured in *any* accused product.  The resulting December 22 Order was crystal clear.  It directed

7  Samsung to produce "the source code and technical documents requested by Apple's motion."

8  (Dkt. No. 537 at 2.)  Although the Court carved out certain categories from its command, none of

9  the carve-outs applied to source code.  Samsung's production of source code for just one version

10  of each accused product hence falls far short of the production that the Court ordered.

11          Apple gave Samsung every opportunity to cure its breach.  Apple repeatedly asked

12  Samsung to produce all of the source code it had withheld, but Samsung still did not comply.

13  Samsung even spurned Apple's offer to enter into a limited stipulation based on Samsung's own

14  representation for 20 of the accused products.  Throughout these discussions, Samsung never

15  provided any plausible explanation for its violations of the Court's Order.  Samsung's lament that

16  "[t]his is a lengthy process" which "represents a significant burden on Samsung" (Pernick Decl.

17  Ex. C at 2) is simply no excuse. The Court's Order required Samsung to complete that process

18  months ago.  The Court should accordingly find that Samsung violated the December 22 Order.

19      **B.    The Orders Requested by Apple are the Narrowest Measures That Will**
          **Ensure a Level Playing Field.**

20

21          As noted, a primary purpose of Rule 37 sanctions is to prevent a party that flouts its

22  discovery obligations from benefitting by its misconduct.  *See Sumitomo Marine*, 617 F.2d

23  at 1369.  Here, with respect to the versions of products for which Samsung has not produced

24  source code, Samsung has deprived Apple of evidence that would be critical for showing

25  infringement.  To restore a level playing field, the Court should now preclude Samsung and its

26  experts from presenting, using, or relying on the source code that Samsung did not timely

27  produce.  In fact, given the late stage of these proceedings, the Court should impose this sanction

28  even if Samsung produces additional source code now.

1    In *Hewlett-Packard Co. v. Mustek Sys., Inc.*, No. 99-CV-351-RHW, 2001 WL 36166855

2    (S.D. Cal. June 11, 2001), the court in a patent action excluded source code that the defendant had

3    untimely produced, noting that the late production was "highly improper" and lacked "strong

4    justification." *Id.* at *3.  Samsung's actions here call for the same result.  Having deprived Apple

5    of a meaningful opportunity to review or analyze the unproduced source code versions, Samsung

6    should not be allowed to use that evidence to its advantage.  *See Sumitomo Marine*, 617 F.2d

7    at 1369-70 (precluding party from presenting damages evidence that party had withheld in

8    violation of court order); *Volumetrics Med. Imaging, L.L.C. v. Toshiba Am. Med. Sys., Inc.*,

9    No. 1:05CV955, 2011 WL 2600718, at *9 (M.D.N.C. June 29, 2011) (precluding party from

10   presenting evidence regarding embodiment of asserted patent claims where it failed to comply

11   with order requiring production of evidence on that subject).

12       The Court should not stop there, however.  Samsung has deprived Apple of evidence that

13   would be central to showing infringement by all but one version of the accused products.  Short

14   of an outright finding of infringement by the other versions (which would be legally justified), the

15   appropriate remedy for this conduct is an order deeming that—for purposes of assessing

16   infringement—the version of each accused product for which Samsung did produce source code

17   is representative of all versions of that accused product.  This would allow Apple to press its

18   claims as to all versions of the accused products without being hamstrung by the absence of the

19   discovery that the Court ordered ten weeks ago, but that Samsung has withheld.  The parties

20   would be on the closest approximation to an equal footing possible under the circumstances.

21       This relief is appropriate under the Ninth Circuit's standard for evaluating preclusion

22   sanctions.  There are five factors under that standard:  (1) the public's interest in expeditious

23   resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the

24   party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and

25   (5) the availability of less drastic sanctions.  *See Valley Eng'rs, Inc. v. Electrical Eng'g Co.*,

26   158 F.3d 1051, 1057 (9th Cir. 1998).  Where, as here, the sanctions stem from violations of court

27   orders, "prejudice and availability of less drastic sanction[s] are decisive."  *Id.*

28

APPLE INC.'S RULE 37(b)(2) MOT. BASED ON SAMSUNG'S VIOLATION OF DEC. 22 ORDER RE: SOURCE CODE
CASE NO. 11-CV-01846-LHK
sf-3114198

5

1   There can be no doubt that Apple would be severely prejudiced in the absence of the

2   requested sanctions.  "A [party] suffers prejudice if [other party's] actions impair the [] ability to

3   go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v.*

4   *Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).  Apple bears the burden to show that the accused

5   products infringe its utility patents.  But Samsung has withheld evidence that would be central to

6   Apple's effort to carry that burden as to all but one version of those products.  Under these

7   circumstances, Samsung's conduct has unquestionably impaired Apple's ability to prove

8   infringement by any remaining versions of the accused products.

9   For similar reasons, less drastic relief would do nothing to cure the harm caused by

10   Samsung's misconduct.  For example, issuing yet another order compelling Samsung to produce

11   source code would be pointless.  With the deadline for expert reports less than two weeks away, it

12   is far too late for Apple to review, analyze, and build an infringement case based on source code

13   produced now or in the near future.  Apple's proposed relief represents the absolute minimum

14   steps necessary to allow the Court to decide Apple's infringement claims on the merits rather than

15   by the concealment of evidence that the Court long ago ordered Samsung to produce.

**V.    CONCLUSION**

17   For the reasons discussed above, the Court should grant Apple's Motion and impose the

18   requested sanctions on Samsung.

19   Dated:  March 9, 2012                  MORRISON & FOERSTER LLP

21                                         By:    */s/ Michael A. Jacobs*
                                                  Michael A. Jacobs

23                                         Attorneys for Plaintiff
                                           APPLE INC.