# Exhibit B

| | | |
|---|---|---|
| **MORRISON | FOERSTER** | 755 PAGE MILL ROAD<br>PALO ALTO<br>CALIFORNIA  94304-1018<br><br>TELEPHONE: 650.813.5600<br>FACSIMILE: 650.494.0792<br><br>WWW.MOFO.COM | MORRISON & FOERSTER LLP<br><br>NEW YORK, SAN FRANCISCO,<br>LOS ANGELES, PALO ALTO,<br>SACRAMENTO, SAN DIEGO,<br>DENVER, NORTHERN VIRGINIA,<br>WASHINGTON, D.C.<br><br>TOKYO, LONDON, BRUSSELS,<br>BEIJING, SHANGHAI, HONG KONG |

February 9, 2012

Writer's Direct Contact
650.813.5718
MPernick@mofo.com

*By Email ([rachelkassabian@quinnemanuel.com](rachelkassabian@quinnemanuel.com)) and Overnight Delivery*

Rachel Herrick Kassabian
Quinn Emanuel
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, CA 94065

Re:   *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)
      **Subject to Protective Order—Contains Samsung AEO Information**

Dear Rachel:

I write regarding Samsung's production of source code for the accused devices.  To date, Samsung's production of source code has been limited to only a *single version* of source code for each accused device.  If any accused device ran more than a single version of code—which appears to be what Samsung's change logs indicate—Samsung must produce those other versions of source code as well.  The Court's December 22, 2011 Order makes this clear.

Apple's December 8, 2011 motion to compel sought an order directing Samsung to produce its source code for the accused devices.  As Apple's motion pointed out, this source code is responsive to several Apple Requests for Production (such as RFP Nos. 224, 228, and 232), and is required by Patent Local Rule 3-4(a).  Apple's motion requested the production of, "[a]t minimum[,] the items listed in the Proposed Order filed herewith."  (Apple 12/8/11 Mot. to Compel Production of Docs. & Things at ii.)  Apple's proposed order then specified that Samsung must produce its source code relating to a range of accused functions "*in any Samsung product at issue*."  (Apple's 12/8/11 [Proposed] Order Granting Apple's Mot. to Compel Production of Docs. & Things at 2-3 (emphasis added).)  There was no limitation restricting the requested relief to only *certain versions* of the Samsung source code.

The Court's December 22, 2011 decision on Apple's motion was unambiguous.  The Court held that Samsung needed to produce (with one exception not relevant here) "the source code and technical documents requested by Apple's motion."  (12/22/11Order at 2.)  The Order contained no carve-outs that would limit the mandated production to only a *single version* of code per accused device.  And, the Court's Order required production of the code at issue by

sf-3103811

**MORRISON | FOERSTER**

February 9, 2012
Page Two

December 31, 2011.  Samsung's production of *all versions* of its code for the accused devices is thus over six weeks past due.

Time is running out for discovery.  Please produce the source code by **February 14, 2012**.  Given the Court's Order, Samsung has no basis to withhold it.  The only alternative to Samsung producing all versions of its code that would be acceptable to us is for Samsung to stipulate that any versions of source code that it has not produced do not materially differ from the produced versions with regard to their implementations of the accused functionalities; we are prepared to discuss the details of such a stipulation.  Absent that, Apple needs to receive the source code that was due on December 31st immediately.

Finally, the production of all of the required code versions will necessitate additional software and reference code on the source code review computers at your office.  In accordance with Paragraph 11(c) of the Protective Order, Apple requests that the enclosed software be installed on the source code review computers:  Slick Edit, Source-Navigator, PowerGrep, ExamDiff Pro, and WinDiff.  Apple also asks that copies of the public versions of Android that correspond to those on the accused devices be made accessible on the review computer to facilitate comparisons across versions.  Apple will provide a hard drive with the relevant public versions of Android that it has identified, and it reserves the right to supplement this set after Samsung has identified all of the Android versions associated with the accused devices.

If Samsung is unwilling to make the production requested above by **February 14, 2012**, we will add this to the agenda for the February 14th lead counsel meet-and-confer session.  However, please note that, especially because this is discovery that the Court has already ordered Samsung to produce—and because it has already been covered in the meet-and-confer discussions that led to Apple's original motion—we will expect to resolve any disputes on this either before or at the lead counsel meeting.  To that end, if Samsung objects to producing the materials requested in this letter, please explain the bases for its objection right away.

Sincerely,

*/s/ Marc J. Pernick*

Marc J. Pernick

Encl.

sf-3103811