# Exhibit D

**MORRISON | FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA  94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

February 26, 2012

Writer's Direct Contact
650.813.5718
MPernick@mofo.com

*By Email* (rachelkassabian@quinnemanuel.com)

Rachel Herrick Kassabian
Quinn Emanuel
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, CA 94065

Re:   *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)

Dear Rachel:

During the lead counsel meet-and-confer sessions that we held on February 14-15, 2012, the parties discussed how to handle Samsung's failure to produce all of the source code required by the Court's December 22, 2011 Order. We in particular discussed reaching a stipulation as to versions of the accused products for which Samsung had not yet produced source code.

Your February 14th letter set out a list of accused products for which Samsung represented that any versions for which it had not yet produced source code did not—except with regard to U.S. Patent No. 7,469,381—materially differ from the version for which Samsung had produced source code. You also stated in our meetings (as reflected in your February 14th letter) that Samsung would continue to investigate this issue, and would report back to us on whether additional accused products could be added to that list. We expected to hear from you on this issue by last Wednesday, February 22nd. We have not, however, received any further information from you.

For purposes of moving this discussion along, I attach here a draft stipulation for Samsung's consideration. As you will see, the current draft includes the accused products mentioned in your February 14th letter. I have also left blank spaces to account for additional products that you are able to add at this point.

We have been very patient on this issue, but the time has come to resolve it. Please review this draft stipulation, and get back to us with any comments by the close of business on February 28, 2012.

pa-1514322

MORRISON | FOERSTER

Rachel Kassabian
February 26, 2012
Page Two

Sincerely,

*/s/ Marc J. Pernick*

Marc J. Pernick

cc: Calvin Walden
    Peter Kolovos

pa-1514322

| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> JENNIFER LEE TAYLOR (CA SBN 161368) <br> jtaylor@mofo.com <br> ALISON M. TUCHER (CA SBN 171363) <br> atucher@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> JASON R. BARTLETT (CA SBN 214530) <br> jasonbartlett@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California  94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 <br><br> Attorneys for Plaintiff and <br> Counterclaim-Defendant APPLE INC. | QUINN EMANUEL URQUHART & SULLIVAN, LLP <br> Charles K. Verhoeven (Cal. Bar No. 170151) <br> 50 California Street, 22nd Floor <br> San Francisco, California 94111 <br> Telephone: (415) 875-6600 <br> Facsimile: (415) 875-6700 <br> Kevin P.B. Johnson (Cal. Bar No. 177129) <br> Victoria F. Maroulis (Cal. Bar No. 202603) <br> 555 Twin Dolphin Drive 5th Floor <br> Redwood Shores, California 94065 <br> Telephone: (650) 801-5000 <br> Facsimile: (650) 801-5100 <br> Michael T. Zeller (Cal. Bar No. 196417) <br> 865 S. Figueroa St., 10th Floor <br> Los Angeles, California 90017 <br> Telephone: (213) 443-3000 <br> Facsimile: (213) 443-3100 <br><br> Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER REGARDING SOURCE CODE FOR THE ACCUSED DEVICES** |

1   WHEREAS, Apple Inc. ("Apple") commenced the above-captioned action against
2   Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung
3   Telecommunications America, LLC (collectively "Samsung," and together with Apple, "the
4   Parties" and individually each a "Party") on April 15, 2011;

5   WHEREAS, through Requests for Production propounded on Samsung and other
6   discovery mechanisms, Apple sought production of the source code for the accused products (*see*,
7   *e.g.*, Apple RFP Nos. 224, 228, and 232);

8   WHEREAS, on December 8, 2011, Apple filed a motion to compel seeking an order
9   directing Samsung to produce its source code for the accused products, including its source code
10  relating to certain specified accused functions (*see* Apple's 12/8/11 [Proposed] Order Granting
11  Apple's Mot. Compel Production of Docs. & Things at 2-3);

12  WHEREAS, on December 22, 2011, the Court issued an order requiring Samsung to
13  produce "the source code and technical documents requested by Apple's motion" by
14  December 31, 2011 (12/22/11 Order at 2);

15  WHEREAS, Samsung produced only one version of source code for each accused product
16  by December 31, 2011;

17  WHEREAS, Apple contends that Samsung should be precluded from arguing that any
18  version of an accused product does not infringe any Apple patent-in-suit, unless the source code
19  for that version of the product either (i) was produced by December 31, 2011, or (ii) differs in no
20  material way from the source code for the version of the product that was produced by
21  December 31, 2011;

22  WHEREAS, although Samsung does not agree with Apple's contention, Samsung
23  represents that, for purposes of assessing infringement of all but one of the Apple patents-in-suit,
24  the version of the following accused products for which Samsung did produce source code by
25  December 31, 2011 is representative of all versions of that product:

26      (a) Captivate;
    (b) Continuum;
27      (c) Epic 4G;
    (d) Exhibit 4G;
28      (e) Fascinate;

|   |   |
|---|---|
| 1 | (f) Galaxy Ace Showcase; |
|   | (g) Galaxy S 4G; |
| 2 | (h) Gravity Smart; |
|   | (i) Indulge; |
| 3 | (j) Intercept; |
|   | (k) Mesmerize; |
| 4 | (l) Nexus; |
|   | (m) Nexus S; |
| 5 | (n) Nexus S 4G; |
|   | (o) Replenish; |
| 6 | (p) Showcase Galaxy S; |
|   | (q) Sidekick; |
| 7 | (r) Transform; |
|   | (s) Vibrant; |
| 8 | (t) Galaxy Tab (AT&T, Sprint, TMobile and Verizon versions); |
|   | (u) …. |
| 9 | (v) ….. |
|   | (w) … |
| 10 | (x) …... |

WHEREAS, Samsung's representation does not apply to Apple's allegation that Samsung's accused products infringe U.S. Patent No. 7,469,381; and

WHEREAS, the Parties have determined that it is in their mutual interest to memorialize their partial resolution of this outstanding dispute regarding the consequences of Samsung's failure to produce all of the source code covered by the Court's December 22, 2011 Order by December 31, 2011.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties as follows:

1. For purposes of assessing infringement of U.S. Patent Nos. 6,493,002, 7,853,891, 7,864,163, 7,844,915, 7,812,828, 7,663,607, and 7,920,129 (whether direct or indirect, and whether literal or by equivalents), the version of source code that Samsung produced by December 31, 2011 for the following products is representative of the source code for all versions of that product:

    a. Captivate;
    b. Continuum;
    c. Epic 4G;
    d. Exhibit 4G;
    e. Fascinate;
    f. Galaxy Ace Showcase;
    g. Galaxy S 4G;
    h. Gravity Smart;
    i. Indulge;

j. Intercept;
k. Mesmerize;
l. Nexus;
m. Nexus S;
n. Nexus S 4G;
o. Replenish;
p. Showcase Galaxy S;
q. Sidekick;
r. Transform;
s. Vibrant; and
t. Galaxy Tab (AT&T, Sprint, TMobile and Verizon versions);
u. …….
v. …….
w. …….
x. …….

2. This stipulation is without prejudice to Apple's right to seek any remedy or relief with regard to any disputes over Samsung's production of source code in accordance with the December 22, 2011 Order that are not addressed in Section 1 of this Stipulation.

Dated: February ___, 2012

MORRISON & FOERSTER LLP

By:_____
  HAROLD J. MCELHINNY
  MICHAEL A. JACOBS
  JENNIFER LEE TAYLOR
  ALISON M. TUCHER
  RICHARD S.J. HUNG
  JASON R. BARTLETT

Attorneys for Plaintiff
APPLE INC.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:_____
  CHARLES K. VERHOEVEN
  KEVIN P.B. JOHNSON
  VICTORIA F. MAROULIS
  EDWARD DEFRANCO
  MICHAEL T. ZELLER

Attorneys for SAMSUNG ELECTRONICS CO. LTD, SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC.

1  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3  Dated: _____, 2012        By: _____
                                                 The Honorable Lucy H. Koh
4                                                United States District Court Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28