UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>    Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No.: 11-CV-01846-LHK<br><br>ORDER GRANTING IN PART SAMSUNG'S MOTION TO FILE UNDER SEAL |

Samsung has filed a motion to file under seal portions of its motion for leave to amend its invalidity contentions, as well as supporting exhibits. ECF No. 667. Several of the exhibits were documents that were designated confidential by Apple. Apple subsequently filed a declaration in support of Apple's motion to seal pursuant to Civil Local Rule 79-5(d). ECF No. 709. Additionally, several of the exhibits have been designated confidential by third parties, Cirque Corporation and Synaptics, Incorporated.

Pursuant to Civil Local Rule 79-5(a), orders to seal "may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as trade secret or otherwise entitled to protection under the law." Moreover, requests to seal must be narrowly tailored to seal only that information in a document which is properly sealable. *See id.* For the

1

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART SAMSUNG'S MOTION TO SEAL

reasons explained below, the Court GRANTS in part, and DENIES in part, Samsung's motion to seal.

### A. Apple's Documents

Samsung seeks to seal portions of Exhibit 4 of the Briggs Declaration. This document contains source code and is properly sealable as trade secret. *See* Civ. L.R. 79-5. Accordingly, the Court GRANTS Samsung's motion to seal portions of Exhibit 4.[1]

Samsung also seeks to file under seal Exhibits O, P, and Q of the Baxter Declaration because Apple has designated portions of these documents as confidential under the protective order. Exhibit O is an inventor deposition which contains testimony regarding a patent conception date and date of conception of the Mac OS X. Exhibit P is inventor deposition testimony regarding when Apple began development of a product. Exhibit Q is the inventor deposition which contains testimony regarding prior art. Apple's designations of what content should be sealed are overly broad. For example, publication of conception dates, or descriptions of prior art are not properly sealable. On the other hand, it does appear that some information could be sealable; for example, testimony regarding licensing terms. The motion to seal is not narrowly tailored in compliance with Civil Local Rule 79-5(a). Accordingly, Samsung's motion to seal Exhibits O, P, and Q is DENIED, without prejudice. **Within one week of the date of this Order**, Apple is invited to file a declaration and proposed redactions that narrowly tailor the request to seal to content that is truly sealable.

Samsung also moved to file under seal Exhibit W of the Baxter Declaration. Exhibit W contains Apple's interrogatory responses, portions of which Apple has designated confidential. Apple's designation of sealable material is, again, overly broad. For example, responses that reveal conception dates and dates of reduction to practice are not properly sealable. Responses that reveal Apple's efforts to enforce its IP rights through publicly filed court cases are also not sealable. Responses that reveal information that is publicly available through Apple's website, or through television and other forms of media are not sealable. On the other hand, information regarding

---

[1] Additionally, Samsung inadvertently filed Exhibit 4 publicly. Samsung filed a motion to have this document permanently locked on ECF. ECF No. 674. Samsung's motion is GRANTED.

2
Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART SAMSUNG'S MOTION TO SEAL

Apple's internal policies regarding its attempts to police and enforce its IP rights, and information regarding amounts spent on advertising may be sealable. Apple's current designations are overly broad. Accordingly, Samsung's motion to file under seal Exhibit W is DENIED, without prejudice. **Within one week of the date of this Order**, Apple may file a declaration and proposed redactions that narrowly tailor the request to seal to content that is truly sealable.

### B. Third Party Documents

Third Party Cirque Corp. has designated Exhibits R, T, U, and V of the Baxter Declaration and Exhibit 7 of the Briggs Declaration as confidential. Cirque has not provided a declaration in support of this motion, nor has it narrowly tailored its request to seal only sealable portions of the documents. For example, Exhibit R is a deposition, and it does not appear that all of the deposition is properly sealable. Accordingly, Samsung's motion to seal these documents is DENIED, without prejudice. **Within one week of the date of this order**, Samsung shall notify Cirque and obtain and file a declaration from the third party supporting sealing the exhibits identified above.

Third Party Synaptics Incorporated has designated Exhibit S of the Baxter Declaration and Exhibit 8 of the Briggs Declaration as confidential. Synaptics has not provided a declaration in support of this motion, nor has it narrowly tailored its request. For example, Exhibit S is a deposition, and it does not appear that all of the deposition is properly sealable. Accordingly, Samsung's motion to seal these documents is DENIED, without prejudice. **Within one week of the date of this order**, Samsung shall notify Synaptics and obtain and file a declaration from the third party supporting sealing the exhibits identified above.

**IT IS SO ORDERED.**

Dated: March 9, 2012

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

3
Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART SAMSUNG'S MOTION TO SEAL