1   HAROLD J. MCELHINNY (CA SBN 66781)          WILLIAM F. LEE
    hmcelhinny@mofo.com                          william.lee@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)            WILMER CUTLER PICKERING
    mjacobs@mofo.com                             HALE AND DORR LLP
3   JENNIFER LEE TAYLOR (CA SBN 161368)          60 State Street
    jtaylor@mofo.com                             Boston, MA 02109
4   ALISON M. TUCHER (CA SBN 171363)             Telephone: (617) 526-6000
    atucher@mofo.com                             Facsimile: (617) 526-5000
5   RICHARD S.J. HUNG (CA SBN 197425)
    rhung@mofo.com
6   JASON R. BARTLETT (CA SBN 214530)            MARK D. SELWYN (SBN 244180)
    jasonbartlett@mofo.com                       mark.selwyn@wilmerhale.com
7   MORRISON & FOERSTER LLP                      WILMER CUTLER PICKERING
    425 Market Street                            HALE AND DORR LLP
8   San Francisco, California  94105-2482        950 Page Mill Road
    Telephone:  (415) 268-7000                   Palo Alto, California 94304
9   Facsimile:  (415) 268-7522                   Telephone: (650) 858-6000
                                                 Facsimile: (650) 858-6100
10
    Attorneys for Plaintiff and
11  Counterclaim-Defendant APPLE INC.

12                  UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                       SAN JOSE DIVISION

15

16
    APPLE INC., a California corporation,        Case No. 11-cv-01846-LHK (PSG)
17
                    Plaintiff,                   **APPLE'S COMBINED REPLY IN
18                                               SUPPORT OF ITS MOTION TO
            v.                                   COMPEL DEPOSITIONS OF
19                                               SAMSUNG'S PURPORTED "APEX"
    SAMSUNG ELECTRONICS CO., LTD., a             WITNESSES AND OPPOSITION TO
20  Korean corporation; SAMSUNG ELECTRONICS      SAMSUNG'S MOTION FOR A
    AMERICA, INC., a New York corporation; and   PROTECTIVE ORDER**
21  SAMSUNG TELECOMMUNICATIONS
    AMERICA, LLC, a Delaware limited liability   Date:     March 27, 2012
22  company,                                     Time:     10:00 a.m.
                                                 Place:    Courtroom 5, 4th Floor
23                  Defendants.                  Judge:    Hon. Paul S. Grewal

24

25                    **REDACTED PUBLIC VERSION**

26

27

28

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................................. ii

I.   INTRODUCTION ................................................................................................................. 1

II.  BACKGROUND ................................................................................................................... 1

III. LEGAL STANDARDS ........................................................................................................ 2

IV.  ARGUMENT ........................................................................................................................ 2

   A.   Samsung Fails To Show That Any Of These Witnesses Should Be
        Withheld From Discovery ......................................................................................... 2

   B.   Samsung Is Not Entitled To Withhold Witnesses Who Have Knowledge
        That ███████████████████████████████████ In
        Developing The Accused Products ............................................................................ 4

        1.   ████████████████████████████████████
             ██████████████████████ .................................................................. 4

        2.   ████████████████████████████████████
             ██████████████████████ .................................................................. 10

        3.   ████████████████████████████████████
             ████████████████ .............................................................................. 12

        4.   ████████████████████████████████████
             ██████████████ .................................................................................. 15

   C.   Samsung Is Not Entitled To Withhold Samsung Employees
        Knowledgeable About Apple's Damages Claims ..................................................... 16

   D.   The Testimony Apple Seeks Is Not Available Through Other Means ...................... 18

   E.   Samsung Fails To Support Its Claim That Apple Has "Abused The
        Discovery Process" .................................................................................................. 19

   F.   Nothing In The Parties' Meet-And-Confer History Warrants Denying
        Apple's Motion Or Granting Samsung's .................................................................. 20

   G.   Apple's Response To The Court's Query In Its March 9, 2012 Order
        Regarding Samsung's Choice To Move For A Protective Order After
        Apple Moved To Compel Depositions Of The Same Witnesses .............................. 21

V.   CONCLUSION ................................................................................................................... 22

APPLE'S REPLY ISO ITS MOT. TO COMPEL DEPOS AND OPP. TO SAMSUNG'S MOT. FOR PROTECTIVE ORDER
CASE NO. 11-cv-01846-LHK (PSG)
sf- 3117817

i

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**CASES**

4

*Affinity Labs of Texas v. Apple, Inc.*,
   No. C09-4436 CW (JL),
5    2011 U.S. Dist. LEXIS 53649 (N.D. Cal. May 9, 2011) ...................................................... 10

6

*Doble v. Mega Life and Health Ins. Co.*,
   No. C 09-1611,
7    2010 U.S. Dist. LEXIS 56190 (N.D. Cal. May 18, 2010) ...................................................... 5

8
*Dobson v. Twin City Fire Ins. Co.,*
9    No. SACV 11-192-DOC,
     2011 U.S. Dist. LEXIS 143042 (C.D. Cal. Dec. 12, 2011) ...................................................... 2
10

11  *First Nat'l Mortg. Co. v. Fed. Realty Inv. Trust*,
       No. C03-02013 RMW (RS),
12      2007 U.S. Dist. LEXIS 88625 (N.D. Cal. Nov. 19, 2007).......................................................... 9

13  *First United Methodist Church of San Jose v. Atlantic Mut. Ins. Co.*,
       No. C-95-2243 DLJ,
14       1995 U.S. Dist. LEXIS 22469 (N.D. Cal. Sept. 19, 1995) ...................................................... 8

15  *Google Inc. v. Am. Blind & Wallpaper Factory*,
       No. C-95-2243 DLJ,
16      2006 U.S. Dist. LEXIS 67284 (N.D. Cal Sept. 6, 2006) ...................................................... 9

17
*Hardin v. Wal-Mart Stores, Inc.*,
18     No. 08-CV-0617 AWI BAM,
       2011 U.S. Dist. LEXIS 147446 (E.D. Cal. Dec. 22, 2011)...................................................... 3
19

20  *In re Chase Bank USA, N.A. "Check Loan Contract Litig.,"*
       No. 3:09-md-2032 MMC (JSC),
21      2011 U.S. Dist. LEXIS 127259 (N.D. Cal. Nov. 3, 2011)................................................. 10, 18

22  *In re Google Litig.*,
       No. C 08-03172 RMW (PSG),
23      2011 U.S. Dist. LEXIS 120905 (N.D. Cal. Oct. 19, 2011)...................................................... 3

24  *In re Nat'l W. Life Ins. Deferred Annuities Litig.*,
       No. 05-CV-1018-AJB (WVG),
25      2011 U.S. Dist. LEXIS 37746 (S.D. Cal. Apr. 6, 2011) ...................................................... 4

26
*Kennedy v. Jackson Nat'l Life Ins. Co.*,
27     No. C. 07-0371 CW (MEJ),
       2010 U.S. Dist. LEXIS 47866 (N.D. Cal. Apr. 22, 2010) ................................................. 3, 9
28

APPLE'S REPLY ISO ITS MOT. TO COMPEL DEPOS AND OPP. TO SAMSUNG'S MOT. FOR PROTECTIVE ORDER
CASE NO. 11-cv-01846-LHK (PSG)
sf- 3117817

ii

*Rolscreen Co. v. Pella Prods. of St. Louis, Inc.*,
    145 F.R.D. 92 (S.D. Iowa 1992) ................................................. 3

*Six W. Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*,
    203 F.R.D. 98 (S.D.N.Y. 2001) ........................................ 11, 14

*Travelers Rental Co. v. Ford Motor Co.*,
    116 F.R.D. 140 (D. Mass. 1987) ............................................... 8

**OTHER AUTHORITIES**

Fed. R. Civ. P.
    26 ...................................................................................... 3
    37(a)(5)(B) ...................................................................... 21
    37(a)(5)(C) ...................................................................... 21
    37(d)(1)(A)(i)37(d)(2) ...................................................... 21

APPLE'S REPLY ISO ITS MOT. TO COMPEL DEPOS AND OPP. TO SAMSUNG'S MOT. FOR PROTECTIVE ORDER
CASE NO. 11-cv-01846-LHK (PSG)
sf- 3117817

iii

## I.     INTRODUCTION

Samsung's briefs confirm that its opposition to Apple's depositions has nothing to do with the apex doctrine and everything to do with shielding culpable witnesses from examination under oath.  Apple's motion demonstrated that four of the six witnesses who remain in dispute were intimately involved in—indeed responsible for— ████████████████████████ and features.  These witnesses participated in high-level strategy decisions to ████████████████ ████████████ that strategy.  The documents and deposition testimony in Apple's Motion to Compel tie each of these witnesses to these key issues.  Further discovery obtained after Apple filed its motion reinforces the importance of these witnesses to this case.

Rather than confront that evidence and testimony, Samsung relies on the witnesses' titles and cookie-cutter declarations asserting that the witnesses do not conduct the "day-to-day" work of designing or marketing Samsung's accused products.  Samsung misses the point entirely.  Lower-level employees don't make the decisions to copy Apple's products and cannot testify *why* those decisions are made.  These witnesses do.  Apple is entitled to their testimony.

Moreover, Samsung turns a blind eye to the fact that two of the four copying witnesses— Gee Sung Choi, the President of SEC, and Jong-Kyun ("JK") Shin, the Head of Mobile Communications—have played key roles not only in their current positions but also in prior positions during the critical period when Samsung first responded to Apple's launch of the iPhone.  Samsung does not and cannot show that these witnesses are properly withheld from discovery when it fails even to acknowledge these witnesses' prior positions, either in its briefs or in the witnesses' declarations.

The other two witnesses at issue have key knowledge about Apple's damages claims.  They report to SEC—the Korean parent company of STA—about STA's sales of the accused products.  Unlike lower-level witnesses, these two have unique knowledge about SEC's calculations of the accused products' profitability.

## II.    BACKGROUND

On February 16, Apple filed a Motion to Compel Depositions of 14 of Samsung's Purported "Apex" Witnesses (Dkt. No. 736-2) ("Motion to Compel").  Samsung filed a Motion

APPLE'S REPLY ISO ITS MOT. TO COMPEL DEPOS AND OPP. TO SAMSUNG'S MOT. FOR PROTECTIVE ORDER
CASE NO. 11-CV-01846-LHK
sf- 3117817

1

1   for Protective Order as to 10 of the same witnesses on February 22 (Dkt. No. 754-2) ("MPO")

2   and an opposition to Apple's Motion to Compel on March 6 (Dkt. No. 773-3) ("Opposition").

3   This memorandum serves as both Apple's opposition to Samsung's MPO and its reply in support

4   of Apple's Motion to Compel.

5          Apple's Motion to Compel describes the meet and confer process leading to that motion.

6   (Dkt. No. 736-2 at 2-3.)  Samsung erroneously contends that Apple has not compromised about

7   any of Samsung's 23 claimed "apex" witnesses.  (*See*, *e.g.*, Dkt. No. 754-2 at 2-4, 19-20; Dkt.

8   No. 754-12 ¶ 8; Dkt. No. 773-3 at 14; Dkt. No. 773-4 ¶ 2.)  In fact, Apple dropped six of those

9   witnesses before filing its Motion to Compel.  (Declaration of Mia Mazza in Support of Apple's

10  Combined Reply In Support of Its Motion To Compel Deposition of Samsung's Purported

11  "Apex" Witnesses And Opposition To Samsung's Motion For A Protective Order ("Mazza Reply

12  Decl.") ¶¶ 3-9, Exs. 1-4; *see also* Dkt. No. 736-3 ¶ 9.)  Recently, in the spirit of compromise and

13  in light of case developments and additional information Apple gained through depositions,

14  Apple withdrew its deposition notices for Jaewan Chi, Heonbae Kim, and Dong Jin Koh.  (Mazza

15  Reply Decl. ¶ 47.)  As a result, and because Samsung recently agreed to schedule Seungho Ahn,

16  there are now only six witnesses in dispute.

17  ## III.   LEGAL STANDARDS

18         Apple's Motion to Compel includes a detailed discussion of the legal standards that

19  determine when a party may resist an "apex" deposition.  (*See* Dkt. No. 736-2 at 4-7.)  Samsung

20  does not dispute Apple's statement of the standards.  (Dkt. No. 773-3 at 4.)

21  ## IV.   ARGUMENT

22  ### A.   Samsung Fails To Show That Any Of These Witnesses Should Be Withheld
         From Discovery

23

24         Samsung's MPO and Opposition elevate form over substance.  Samsung argues that these

25  are "apex" witnesses simply because they "hold the title of Executive Vice President or higher[.]"

26  (Dkt. No. 754-2 at 9.)  But courts do not infer apex status based solely on title.  *See Dobson v.*

27  *Twin City Fire Ins. Co.,* No. SACV 11-192-DOC (MLGx), 2011 U.S. Dist. LEXIS 143042, at

28  *16 (C.D. Cal. Dec. 12, 2011) (court refused to infer that Vice President of Claims was "an apex

1   witness based solely on his title as Vice President of Claims").[1]  The "mere incantation of [a

2   witness's] status" and a "claim of limited knowledge cannot be a basis for insulating [a witness]

3   from appropriate discovery."  *See Rolscreen Co. v. Pella Prods. of St. Louis, Inc*., 145 F.R.D. 92,

4   97 (S.D. Iowa 1992);  *In re Google Litig.*, No. C 08-03172 RMW (PSG), 2011 U.S. Dist. LEXIS

5   120905, at *10 (N.D. Cal. Oct. 19, 2011) ("A claimed lack of knowledge, by itself, is insufficient

6   to preclude a deposition.").  Although Samsung asserts that depositions of these witnesses would

7   cause "significant disruption to Samsung's business (Dkt. No. 773-3 at 1), it fails to establish that

8   the depositions would, in fact, severally burden or harass Samsung.  *See* Fed. R. Civ. P. 26; *cf.*

9   *Kennedy*, No. C 07-0371 CW (MEJ), 2010 U.S. Dist. LEXIS 47866, at *7.  Samsung's MPO

10   should be denied, and Apple's Motion to Compel granted, for these reasons alone.

11          Samsung also relies on the design and copying witnesses' asserted lack of "day-to-day"

12   responsibilities for developing the accused products.  (*See*, *e.g.*, Dkt. No. 754-2 at 6, 10, 12-13.)

13   But Apple does not seek to depose them about quotidian tasks.  As discussed in more detail

14   below, these are the witnesses who are responsible for the very Samsung policies at issue in this

15   case, and they are the ones with knowledge about the creation and enforcement of those policies.

16          As to the two damages witnesses, Samsung never addresses the crucial link between

17   STA's finances and SEC's accounting for the profitability of STA's sales.  As discussed below,

18   these two witnesses have unique knowledge about that key issue.

19          Finally, Samsung fails to confront the full range of documents and testimony tying these

20   witnesses to key issues in the case.  Samsung ignores much of the evidence and testimony that

21   Apple cited in its Motion to Compel, and fails to discuss any of the relevant documents and

22   testimony that have come to light since Apple filed its motion.  Moreover, Samsung has not

23   produced any documents sourced to these witnesses, so only Samsung has access to documents

24          [1] None of Samsung's cited cases stand for the proposition that *any* executive with the title
    of "Vice President" is an apex witness.  Samsung cites *Hardin v. Wal-Mart Stores, Inc.*, No. 08-
25   CV-0617 AWI BAM, 2011 U.S. Dist. LEXIS 147446, at * 7 (E.D. Cal. Dec. 22, 2011), for the
    proposition that "*an* Executive Vice President 'is a busy, high-ranking executive' subject to the
26   apex doctrine."  (Dkt. No. 754-2 at 9 n.6 (emphasis added).)  The court made no categorical
    determination.  Rather, it merely applied apex deposition doctrine to the specific Wal-Mart
27   Executive Vice-President at issue.

28

1    that may demonstrate their full roles and knowledge.

2         Nonetheless, even the limited evidence Samsung has produced to date regarding these

3    witnesses shows that they have unique, firsthand knowledge of facts and events central to the

4    litigation.

5         **B.    Samsung Is Not Entitled To Withhold Witnesses Who Have Knowledge That** ████████████████████████████████████████ **In**

6         **Developing The Accused Products**

7         As set forth in Apple's Motion to Compel, Samsung ████████████████████████

8    ████████████████████████████████████████████████████████████████████████

9    ████████████████████████  (Dkt. No. 736-2 at 8-14.)  Apple is entitled to depose the

10   witnesses who █████████████████████████████████████████████████████████

11   ███████████████████████████████████████████████  *See, e.g., In re Nat'l W.*

12   *Life Ins. Deferred Annuities Litig.,* No. 05-CV-1018-AJB (WVG), 2011 U.S. Dist. LEXIS 37746,

13   at *7 (S.D. Cal. Apr. 6, 2011) (allowing deposition of executives closely involved in details and

14   "possible prime architects" of financial instrument at issue); *DR Sys.,* 2009 U.S. Dist. LEXIS

15   83755, at *9 (allowing deposition of apex witness who had discussed important letter with CFO

16   and did not direct CFO to investigate letter's allegation of patent infringement).

17        As Apple showed, those witnesses include Gee Sung Choi, the President of SEC, and

18   Jong-Kyun ("JK") Shin, the Head of Mobile Communications—both of whom have played key

19   roles not only in their current positions but also in prior positions that Samsung fails even to

20   acknowledge.

21             **1.**   ████████████████████████████████████████████

22   ██████████████████████████████████

23        Gee Sung Choi, who has been President and CEO of SEC since 2009, has been and

24   remains ██████████████████████████████████████████████████

25   ██████████████████████████████████████████████

26   ██████████████████████████████████████████████

27

28

█████████████.[2]

Samsung's MPO and Opposition and Mr. Choi's declaration are conspicuously silent about the role he played at Samsung before becoming CEO in 2009.  As set forth in Apple's Motion to Compel, when the iPhone was introduced in 2007, Mr. Choi was the President of Samsung's Telecommunications Division, which was responsible for Samsung's mobile phones. *See* http://www.samsung.com/hk_en/aboutsamsung/management/boardofdirectors.html. Samsung cannot prevail when it does not even acknowledge Mr. Choi's prior position, much less attempt to explain how he lacks unique knowledge from being in that position at that critical time.

In his prior position, Mr. Choi played a key role in Samsung's response to the introduction of the iPhone.  As discussed in Apple's Motion to Compel, in 2007, Samsung adopted ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

---

[2] Samsung largely relies on *Doble v. Mega Life and Health Ins. Co.*, No. C 09-1611, 2010 U.S. Dist. LEXIS 56190 (N.D. Cal. May 18, 2010), for the proposition that "attending high-level business meetings" does not confer unique knowledge sufficient to justify a deposition.  (Dkt. No. 754-2 at 10.)  But the *Doble* court said nothing about attendance at meetings.  Instead, the court held that "a CEO's telling his staff to try harder or to stop trying is not the level of personal involvement which would justify deposition of the CEO.  This kind of generalized motivational admonition is pure high-level management," and therefore not enough to compel the CEO's deposition.  *Doble*, 2010 U.S. Dist. LEXIS 56190, at *8.  ████████████████████
████████████████████ is a far cry from the "generalized motivational admonition" at issue in *Doble*.

APPLE'S REPLY ISO ITS MOT. TO COMPEL DEPOS AND OPP. TO SAMSUNG'S MOT. FOR PROTECTIVE ORDER
CASE NO. 11-cv-01846-LHK (PSG)
sf- 3117817

5

1 ████████

2     Mr. Choi has unique knowledge about ████████████████████

3 ████████████████████████████████

4 ████████████████████████████████

5 ████████████████████████████████

6 ████████████████████████████████

7 ████████████████████████

8 ████████████████████████████████

9 ████████████████████████████

10 ████████████████████████████████

11 ████████████████████████████████

12 ████████████ Apple is not seeking to depose Vice-Chairman Yun or Chairman

13 Lee, ████████████████████ It is seeking to depose Mr. Choi, as the

14 executive responsible for ████████████████████

15 ████████████

16     Newly-produced documents confirm the importance of Mr. Choi's role in responding to

17 the iPhone after it was released. ████████████████████

18 ████████████████████████████

19 ████████████████████████████

20 ████████████████████████

21 ████████████████████████████████

22 ████████████████████████

23 ████████████████████████

24 ████████████████████████

25     Moreover, Mr. Choi continued to participate in important decisions concerning Samsung's

26 infringing products after becoming Samsung's CEO.  As described in Apple's Motion to Compel,

27 ████████████████████████████

28 ████████████████████████████

APPLE'S REPLY ISO ITS MOT. TO COMPEL DEPOS AND OPP. TO SAMSUNG'S MOT. FOR PROTECTIVE ORDER
CASE NO. 11-cv-01846-LHK (PSG)
sf- 3117817

6



1

2

3    ██████████████████████████    Contrary to Samsung's assertion, this document

4    does not merely show a CEO who is "responsible for the direction of the company in *all matters*."

5    (Dkt. No. 773-3 at 6.)  Instead, as Apple showed and Samsung does not contest, it shows that

6

7    Nor does Samsung rebut the significance of the email sent

8

9

10

11

12

13

14

15

16

17

18    Samsung's recently-produced documents confirm that Mr. Choi remains

19    ██████████████████    as CEO.  Samsung recently produced

20    [3] The email goes on to state:

21    ██████████████████    (Mazza Reply Decl. Ex. 31 at SAMNDCA1024/549; *see id.*

22    ¶ 37.)

23    [4] Samsung fails to support its assertion that

24    ██████████████████    his counsel objected because it
     required Mr. Lee to speculate about Mr. Choi's intentions.  (Mazza Reply Decl. 38 at 65:24-

25    68:1.)
     ██████████████████    (*Id.* at 67:16-

26    68:1.)  Rather than cite or attach the deposition testimony, Samsung relies on an attorney
     declaration stating "I am informed and believe that Mr. Lee . . . confirmed that the contents of the

27    email were his words, not those of Mr. Choi.  (Dkt. No. 773-4 ¶ 8.)  That is no showing at all.

28

1   █████████████████████████████████████████████████████████

2   █████████████████████████████████████████████████████████

3   ██████████████████████████████████████████████████████████

4   ████████████████████████████████████████████

5   █████████████████████████████████████████████████

6   ██

7   A recently-produced email ███████████████████████████████

8   ████████████████████████████████████████████████

9   █████████████████████████████████████

10  ██████████████████████████████████████████████████

11  █████████████████████████████████████████████████

12  █████████████████████████████████████████████████

13  █████████████████████████████████████████████████

14  ██████████████████████████████████████████████████

15  ████████████████████████████████████████████████

16  █████████████████████████████████████████████████

17  ███████████████████████████

18  Mr. Choi also is █████████████████████████████

19  █████████████████████████████████████████████████ An

20  email ██████████████████████████████████████████

21  █████████████████████████████████████████████████

22  ██████████████████████████████████████████████████

23  ████████████████████████████████████████████████

24  ████████████████████████████████ While others may have

25  implemented his orders, ████████████████████████

26  ███████████████████████████████████████████████[5]

---

[5] *See First United Methodist Church of San Jose v. Atlantic Mut. Ins. Co.*, No. C-95-2243 DLJ, 1995 U.S. Dist. LEXIS 22469, at *8 (N.D. Cal. Sept. 19, 1995) (plaintiff "should be
(Footnote continues on next page.)

APPLE'S REPLY ISO ITS MOT. TO COMPEL DEPOS AND OPP. TO SAMSUNG'S MOT. FOR PROTECTIVE ORDER
CASE NO. 11-cv-01846-LHK (PSG)
sf- 3117817

8

1    ████████████████████████████████████████████████ defeat Samsung's

2    efforts to withhold his testimony.  *See, e.g.*, *Kennedy v. Jackson Nat'l Life Ins. Co.,* No. C. 07-

3    0371 CW (MEJ), 2010 U.S. Dist. LEXIS 47866, at *7 (N.D. Cal. Apr. 22, 2010) (allowing

4    deposition of CEO identified as "main decision-maker."); *Google Inc. v. Am. Blind*, No. C-95-

5    2243 DLJ, 2006 U.S. Dist. LEXIS 67284, at *9-10 (N.D. Cal Sept. 6, 2006) (allowing CEO

6    deposition based on involvement in policy accused of giving rise to trademark infringement).

7        Apple has tried to gather the relevant testimony from lower-level employees who

8    Samsung asserts are more knowledgeable about designing and developing the accused products.

9    However, recent depositions only reinforce the need to depose Mr. Choi, as other employees

10   continue to disavow the very knowledge Samsung claims they possess.  ████████████████

11   ██████████████████████████████████████████████████

12   ████████████████████████████████████████████████████

13   ██████████████████████████████████████████████████████

14   ███████████████████████████████████████████████████

15   ████████████████████████████████████████████████

16   ██████████████████████████████████████████████████████

17   █████████████████████████████████████████████████

18   ███████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████

20   ███████████████████████████████████████████████████████

21   ████████████████████████████████████████████████

22   ███████████████████████████████████████████████ *See, e.g.,*

23   *First Nat'l Mortg. Co. v. Fed. Realty Inv. Trust*, No. C03-02013 RMW (RS), 2007 U.S. Dist.

24   ─────────────────────────────────────────
     (Footnote continued from previous page.)

25   permitted to depose [apex witness] as to the motives for" decisions made); *Travelers Rental*
     *Co. v. Ford Motor Co.*, 116 F.R.D. 140, 142 (D. Mass. 1987) (compelling depositions of four
26   high-level Ford executives "[w]hen the motives behind corporate action are at issue, an opposing
     party usually has to depose those officers and employees who in fact approved and administered
27   the particular action").

28

1   LEXIS 88625, at *7 (N.D. Cal. Nov. 19, 2007) (less intrusive discovery methods exhausted

2   where plaintiff already deposed lower-level employees); *In re Chase Bank USA, N.A. "Check*

3   *Loan Contract Litig.,"* No. 3:09-md-2032 MMC (JSC), 2011 U.S. Dist. LEXIS 127259, at *12

4   (N.D. Cal. Nov. 3, 2011) (other methods exhausted where apex witness directly involved in key

5   decision and may have had information unknown to others or different recollections).

6          Finally, Samsung's reliance on *Affinity Labs of Texas v. Apple, Inc.*, No. C09-4436 CW

7   (JL), 2011 U.S. Dist. LEXIS 53649 (N.D. Cal. May 9, 2011) is completely misplaced.  (*See* Dkt.

8   No. 773-3 at 6-7.)  There, plaintiff Affinity was a non-practicing entity that did "not even try to

9   contend that Mr. Jobs has any knowledge of Affinity, its patents, the inventors of those patents, or

10  infringement by Apple products."  2011 U.S. Dist. LEXIS 53649, at *44.  Instead, it sought to

11  depose Mr. Jobs about broad public statements about Apple's products, such as "[t]he App store

12  is a grand slam," and other Apple witnesses had already provided detailed testimony regarding

13  those statements.  *Id.* at *12-17, *20-26.  In contrast, as detailed above, Apple does not seek

14  Mr. Choi's deposition because of broad public statements but because of his involvement in

15  ██████████████████████████████████████ Samsung's copycat products.

16       **2.**  ████████████████████████████████

17       ███████████████████████████████████████

18       Just as Samsung ignores ████████████████████████

19  ███████████████████████████████████████████

20  ████████████████████████████████████████████████

21  ████████████████████████████████████████████████

22  Again, Samsung cannot show it is entitled to withhold witnesses when it fails to acknowledge

23  those witnesses' actual role.  The Court should order Mr. Shin to appear for deposition on that

24  ground alone.

25          Samsung's short response to Apple's Motion to Compel is that Mr. Shin oversees many

26  different divisions and is "far removed from the design and engineering processes."  (Dkt.

27  No. 773-3 at 7.)  Yet the evidence shows that ██████████████████████

28  ████████████████████████████████████████████

1     Apple's Motion to Compel describes

2    numerous documents ██████████████████████████████

3    ██████████████████████████████████████████████████

4    ██████████████████████████████████████████████████

5    █████████████████████████████████████████████

6    █████████████████████████████████████████████

7    █████████████████████████████████████████████████

8    ███████████████████████████████████████████████████

9    ████████████████████████████████████████████

10   ███████████████████████████████████████████████

11   ███████████████████████████████████████████████

12   Samsung's own evidence also refutes its assertion that ████████████████████

13   ████████████████████████████████████████████

14   ███████████████████[6] (Dkt. No. 754-2 at 11.)  In addition to the evidence just discussed, in

15   February 2010—just five months before Samsung released its infringing Galaxy S smartphones—

16   ███████████████████████████████████████████████████

17   ██████████████████████████████████████████ (Dkt.

18   No. 736-3 at Ex. 9.) ██████████████████████████████

19   ██████████████████████████████████████████

20   ███████████████████████████████████████████████████

21   ███████████████████████████████████████████████

22   ██████████████████████████████████████████████████

23   ███████████████████████████████████████████████████

24

25       [6] Although, as shown above, Mr. Shin has more than knowledge gained from high-level
     meetings, courts have found apex depositions appropriate even where witnesses possess precisely
26   that type of information.  *See, e.g.*, *Six W. Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*,
     203 F.R.D. 98, 103 (S.D.N.Y. 2001) (allowing deposition of Sony Corporation CEO who
27   participated in relevant board of directors and executive committee meetings, and in business
     strategy discussions).

28

1

2

3

4

5   Apple tried to seek information about this comment from other

6   deponents; however,

7

8

9

10

11

12   Recently-produced documents reflect Mr. Shin's

13

14

15   In contrast to Samsung's assertion that Mr. Shin made only high-level and general

16   comments, an email from May 2010

17

18

19

20

21

22   **3.**

23

24   Won-Pyo Hong

25

26   He is in a position to

27

28

1    As shown by Apple's Motion to Compel, ███████████████████████

2    ████████████████████████████████████████████████████

3    ██████████████████████████████████████████████

4    ████████████████████████████████████████████████

5    ██████████████████████████████████████████████████████

6    ████████████████████████████████████ Samsung ignores these facts

7    entirely.  Instead, Samsung addresses only one of Apple's assertions regarding Mr. Hong,

8    claiming that it is "sheer conjecture" that, given ██████████████████████

9    ████████████████████████████████████████████████████████ (*See*

10   Dkt. No. 773-3 at 8.)  Notably, Samsung does not deny his involvement, and Mr. Hong's

11   declaration is silent on this issue.

12   Recent deposition testimony confirms that ██████████████████████

13   ██████████████████████████████████████████

14   ████████████████████████████████████████████████████

15   ██████████████████████████████████████████████

16   ██████████████████████████████████████████████

17   ████████████████████████████████████████████

18   ████████████████████████████████████████████

19   ██████████████████████████████████████████████

20   ████████████████████████████████████████████████████

21   ████████████████████████████████████████████

22   ████████████████████████████████████████

23   ██████████████████████████████████████████████████

24   ████████████████████████

25   Samsung's MPO does not disclaim ██████████████████████████████

26   ██████████████████████████████████████████████

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22  _____

23    [7] Samsung also states that

24         (Dkt. No. 754-2 at 13.)  Once again, even if this were the extent of
Mr. Hong s knowledge—which it is not—it would not protect him from deposition.  *See Six W.*

25  *Retail Acquisition*, 203 F.R.D. at 103 (allowing deposition of CEO who not only participated in
high-level meetings but also "fielded several reports from senior members of Sony's management

26  team" providing information about merger at issue).  Furthermore, Samsung seems to argue that
attendance at "high-level meetings"—even high-level meetings where critical strategy decisions

27  are made—never justifies a deposition.  But such a rule would insulate high-level meetings from
discovery altogether, which is both illogical and unsupported.

28

1

2

3

4

5

6

7

8

9

10

11

12

13      **4.**

14

15      As with other witnesses, Samsung resists Mr. Cho's deposition on the irrelevant ground

16 that he "had little or no direct involvement in the design or development of the products at issue."

17 (Dkt. No. 773-3 at 10.)  Samsung ignores Apple's showing that

18

19

20

21

22

23      Additional documents

24

25

26

27

28

1 █████████████████████████████████████████

2 ██████████████████████████████████████████

3 ████████████████████████████████████

4 ████████████████████████████████████

5 ███████████████████████████████████

6 ███████████████████████████████████████████

7 ████████████████████████████████████████

8 ████████████████████████

### C. Samsung Is Not Entitled To Withhold Samsung Employees Knowledgeable About Apple's Damages Claims

Apple cannot prove up complete damages from Samsung without the key information on Samsung Telecommunications America's ("STA's") sales, sales strategies, marketing plans, projections, and profits that ███████████████████████ ██████████ can provide.

Apple's Motion to Compel explains the vital connection among ████████████ ████████████████████ (Dkt. No. 736-2 at 14-15.)  As other STA witnesses have explained, ████████████████████████████ ████ (*See id*. at 14.) ████████████████████ ████████████████████ (*Id*.)

**Joseph Cheong**.  Despite Apple's need to understand how STA makes business decisions based on the profitability information of the accused products, Apple has been unable to depose any witness who can specifically address this issue. ███████████████████ ███████████████████████ ████████████████████████ ███████████████████ (*See* Dkt. No. 736-3 Ex. 5.)

(*See id*. Ex. 44 (showing that ████████████████████ ███████████████████

APPLE'S REPLY ISO ITS MOT. TO COMPEL DEPOS AND OPP. TO SAMSUNG'S MOT. FOR PROTECTIVE ORDER
CASE NO. 11-cv-01846-LHK (PSG)
sf- 3117817

16

1           ███████████████████████ Thus, Samsung's assertion that Apple has already deposed

2 STA employees who had "superior personal knowledge of the Samsung product and STA

3 finances" is plainly wrong.  (Dkt. No. 754-2 at 7.)  Similarly, Samsung's claim that deposing

4 Mr. Cheong would "subject virtually all senior financial officers to depositions" (Dkt. No. 773-3

5 at 11) is without merit, as only Mr. Cheong possesses the specialized knowledge as a conduit

6 between SEC and STA's finances.  Samsung cannot simply deny Apple this information, which is

7 necessary to calculate Apple's damages.

8        **Dale Sohn**.  Samsung also claims that deposing Mr. Sohn is unnecessary because he only

9 assesses sales and marketing information "during high-level meetings with other senior

10 executives."  (Dkt. No. 754-2 at 17.)  Yet in an email recently produced in the ITC action,

11 ████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████

13 ██████████████████████████████████████████████████████████

14 ████████████████████████████████████████████████

15 █████████████████████████████████ Thus, contrary to Samsung's Motion, █████

16 █████████████████████████████████████████ (Dkt. No. 754-2

17 at 17.)

18        Samsung ignores that ███████████████████████████████

19 ████████████████████████████████████████████ As Apple explains

20 in its Motion to Compel, but Samsung ignores, ██████████████████

21 ████████, which directly corresponds to Apple's allegations of infringement. (*See* Dkt. No. 736-2

22 at 14-15 (citing Dkt. No. 736-3 Ex. 39).)[8] ████████████████████████

23 ████████████████████████████████████████████████████

24 ██████████████████████████████████████████████

25       _____

                 [8]

26 ████████████████████████████████████████████████████

27 ████████████████████████████████████████████████████████

28

APPLE'S REPLY ISO ITS MOT. TO COMPEL DEPOS AND OPP. TO SAMSUNG'S MOT. FOR PROTECTIVE ORDER
CASE NO. 11-cv-01846-LHK (PSG)
sf- 3117817

17

1 ██████████████████████████████████████████████████████

2 ██████████████████████████████████████████████████

3 ████████████████████████████████████████████████████

4 ████████████████████████████ and has the knowledge to respond

5 to these directly relevant questions about how Samsung strategically positioned itself to infringe

6 Apple's intellectual property.

   **D.    The Testimony Apple Seeks Is Not Available Through Other Means**

8 Samsung's argument about exhaustion of other means to garner testimony is based on its

9 false premise that Apple is only seeking testimony about the daily tasks of product development.

10 Samsung flatly ignores that Apple seeks testimony about ████████████████████

11 ██████████████████████████████ That testimony is not

12 available from lower-level employees.  Indeed, as shown above in the discussions of specific

13 witnesses, lower-level deponents have disclaimed knowledge on key issues such as █████████

14 ████████████████████████ while at the same time identifying these witnesses as

15 people who would have knowledge about these issues.  Apple need not depose additional lower-

16 level employees who Samsung contends have day-to-day product responsibilities before Samsung

17 produces witnesses who have knowledge about ████████████████████████

18 *See, e.g.*, *In re Chase Bank*, 2011 U.S. Dist. LEXIS 127259, at *12 (other methods exhausted

19 where apex witness directly involved in key decision and may have had information unknown to

20 others or different recollections).  Apple also has shown that lower-level employees could not

21 testify about the damages issues identified above.

22 Samsung's suggestion that Rule 30(b)(6) depositions "moot any possible basis" for these

23 depositions also is off base.  (Dkt. No. 773-3 at 13-14.)  Samsung has produced 30(b)(6)

24 deponents who have been grossly unprepared to testify as to their designated topics.  For

25 example, ████████████████████████████████████

26 ████████████████████████████████████████████

27 ██████████████████████████████████████████

28 ████████████████████████████████████████

1  ███████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████

3  ███████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████

5  ██████████████████████████████████████████████████████

6  ██████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████

10  ████████████████████████████████████████████

Samsung has no basis to withhold witnesses with unique knowledge about Samsung's strategies and policies at issue in the litigation or to force Apple to first depose even more witnesses who do not have that knowledge.

### E.    Samsung Fails To Support Its Claim That Apple Has "Abused The Discovery Process"

Samsung's Opposition to Apple's Motion to Compel asserts that "Apple does not deserve access to Samsung's senior executives" because "Apple has abused the discovery process by coming unprepared and wasting witnesses' time asking needless and harassing questions."  (Dkt. No. 773-3 at 1.)[10]  Despite the serious nature of that accusation and the relief that Samsung asks the Court to impose for it, Samsung's supports it only with an attorney declaration made *on information and belief* about how Apple conducted two depositions.  (Dkt. No. 773-3 at 2-3; Dkt. No. 773-4 ¶¶ 7-8.)  That inadequate showing speaks volumes about how Samsung is conducting this litigation in general, and its inability to prove on the merits that these witnesses should be

---

[9] Samsung asserts that it has designated more 30(b)(6) witnesses than Apple claimed in its Motion.  (Dkt. No. 773-3 at 13.)  Between the time Apple's Motion was filed and the time Samsung's Opposition was filed, Samsung designated 17 additional Rule 30(b)(6) witnesses.  (*See* Mazza Reply Decl. ¶ 46.)

[10] Samsung made this argument only in opposing Apple's Motion to Compel, and not as part of its MPO.

APPLE'S REPLY ISO ITS MOT. TO COMPEL DEPOS AND OPP. TO SAMSUNG'S MOT. FOR PROTECTIVE ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf- 3117817

19

1    protected from deposition in particular.  Samsung's argument should be rejected out of hand.

2          To the extent that the Court has any concerns about Apple's conduct of the two

3    depositions that Samsung identified, there is no merit to Samsung's accusations.  Apple's

4    substantive arguments in this memorandum repeatedly cite Don-Joo Lee's deposition testimony

5    showing ███████████████████████████████████████████████████████████

6    ████████████████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████████████████████

8    ████████████████████████████████████████████████████████████████

9    ██████████████████████████████████████████████  The other deponent, Sungsik

10   Lee, is the one ███████████████████████████████████████████████

11   ███████████  (*See* Section B.1, *supra*.)  The Court need only review the few pages of his

12   deposition testimony concerning that email—which Samsung failed to submit—to understand

13   that Apple was not responsible for any problems at that deposition.  (Mazza Reply Decl. Ex. 39

14   at 58-68.)

15          F.     **Nothing In The Parties' Meet-And-Confer History Warrants Denying Apple's**
                  **Motion Or Granting Samsung's**
16

17          Apple more than satisfied its meet and confer obligations about Samsung's 23 claimed

18   apex witnesses before filing its Motion to Compel.  (Dkt. No. 736-2 at 2-3; *see* Dkt. No. 736-3

19   ¶¶ 3-10, Exs. 1-7.)

20          Unable to show that Apple failed to meet and confer about the issues, Samsung makes the

21   false accusation that Apple refused to compromise.  (Dkt. No. 754-2 at 19-20.)  Samsung ignores

22   that, before filing its Motion to Compel on February 16, 2012, Apple took six witnesses off the

23   table, reducing the number of disputed "apex" depositions from 23 to 18 (between February 5

24   through 13), and then from 15 to 14 (on February 14).  (Mazza Reply Decl. ¶¶ 3-9, Exs. 1-4; *see*

25   *also* Dkt. No. 736-3 ¶ 9.)  Regardless, having claimed apex protection for a broad range of 23

26   employees, Samsung turned the "apex" rule on its head and should not be heard to complain that

27   Apple insisted on pressing its valid grounds to pursue discovery.

28

**G.     Apple's Response To The Court's Query In Its March 9, 2012 Order Regarding Samsung's Choice To Move For A Protective Order After Apple Moved To Compel Depositions Of The Same Witnesses**

In its March 9, 2012 Order, the Court inquired as to whether Samsung needed to move for protection after Apple moved to compel.  Samsung's motion was unnecessary.  Where, as here, a party has filed a motion to compel depositions, there is no need for the opposing party to file a motion for a protective order as to those same depositions.  In these circumstances, the party filing the protective order motion may be doing so to obtain the strategic advantage of having the last word in a reply brief.

Under Rule 37(a), if a court denies a motion to compel in whole or in part, "the court may issue any protective order authorized under Rule 26(c)."  Fed. R. Civ. P. 37(a)(5)(B)-(C).  Accordingly, once Apple filed its Motion to Compel as to Samsung's "apex" witnesses, Samsung had no need to file its MPO as to those same witnesses.

Apple notes that, under Rules 37(d)(1) and (2), a court may order sanctions if "a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)" fails to appear for a properly-noticed deposition, unless the party "has a pending motion for a protective order under Rule 26(c)."  Fed. R. Civ. P. 37(d)(1)(A)(i), 37(d)(2).  Rules 37(d)(1) and (2) do not speak to the circumstances in which the party seeking the deposition has filed a motion to compel.  However, where a motion to compel is pending, it is unlikely that a party would be deemed not to have appeared at a deposition that is the subject of the motion to compel.  Further, in a case like this, where the parties are actively engaged in meeting and conferring about scheduling depositions and what depositions should take place, and any discovery motion must be raised at a lead counsel meet and confer before it is filed, a party would not be required to appear at deposition unless the parties had agreed on the deposition date (or a motion to compel had been granted).  Thus, Rules 37(d)(1) and (2) did not require Samsung to file its MPO.

//

//

APPLE'S REPLY ISO ITS MOT. TO COMPEL DEPOS AND OPP. TO SAMSUNG'S MOT. FOR PROTECTIVE ORDER
CASE NO. 11-cv-01846-LHK (PSG)
sf- 3117817

21

1

## V.     CONCLUSION

2          Samsung's Motion for Protective Order should be denied and Apple's Motion to Compel

3   should be granted as to the six witnesses who remain in dispute.

4   Dated:  March 12, 2012                    MORRISON & FOERSTER LLP

5

6                                             By:    /s/ Michael A. Jacobs
                                                     Michael A. Jacobs
7
                                             Attorneys for Plaintiff
8                                            APPLE INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28