1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Charles K. Verhoeven (Bar No. 170151)
2    charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5    Kevin P.B. Johnson (Bar No. 177129
     kevinjohnson@quinnemanuel.com
6    Victoria F. Maroulis (Bar No. 202603)
     victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:    (650) 801-5000
   Facsimile:    (650) 801-5100
9

10   Michael T. Zeller (Bar No. 196417)
     michaelzeller@quinnemanuel.com
11 865 S. Figueroa St., 10th Floor
   Los Angeles, California 90017
12 Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
13

14 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
15 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

16

17                     UNITED STATES DISTRICT COURT

18             NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19

| | |
|---|---|
| 20 APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| 21    Plaintiff, | **SAMSUNG'S ADMINISTRATIVE MOTION FOR TEMPORARY RELIEF FROM THE LEAD COUNSEL MEET AND CONFER REQUIREMENT OR ALTERNATIVELY FOR AN EXTENSION OF THE DEADLINE TO FILE MOTIONS TO COMPEL** |
| 22    vs. | |
| 23 SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 26    Defendant. | |

In accordance with Northern District of California Local Rule 7-11, Samsung submits this Administrative Motion for Temporary Relief from the In-Person Lead Counsel Meet and Confer Requirement as set forth in the Court's Minute Order and Case Management Order. (Dkt. 187). Alternatively, Samsung seeks an Extension of the Deadline to File Motions to Compel as set by Civil L.R. 37-3, from March 15, 2012 to March 27, 2012.

**Factual Statement**

The discovery cut-off in this case was March 8, 2012. Due to the expedited nature of this case – and Apple's pattern of refusing to produce even basic discovery – several important discovery disputes still require further meet and confer. Among other things, Apple announced for the first time *just last week* entirely new conception dates for its patents-in-suit; has refused to schedule numerous properly noticed individual depositions; and has failed to produce witnesses to testify on 40 of Samsung's 30(b)(6) topics. (Hutnyan Decl. Exs. 1 & 2.) Apple produced more than 470,000 pages of new documents on or after the last day of discovery, producing 210,000 of them after the discovery cut-off. And thousands of these new documents were from the files of witnesses who were deposed earlier in the case, including many of the inventors of the patents-in-suit. (Hutnyan Decl. ¶ 4.) Meanwhile, Apple continues to withhold categories of highly relevant documents that Samsung only learned about at depositions in the last few weeks. Hutnyan Decl. ¶ 5.) Although the parties tried to schedule a lead counsel meet and confer in early March to resolve some of these disputes, they could not find a date that worked for both lead counsel. (Hutnyan Decl. Exs. 3, 4 & 5.)

In addition, both parties served sets of requests for production, requests for admission, and interrogatories in February that were due on March 8. Due to the volume of these new discovery requests, the parties agreed that objections and responses to these items would be due on March 10. The responses served by Apple on March 8-10 included:

- Apple Inc.'s Second Amended Objections and Response to Samsung Electronics Co. Ltd.'s Interrogatory No. 5 to Apple Inc.

- Apple Inc.'s Fifth Amended Objections and Response to Samsung's Interrogatory No. 1 to Apple

- Apple Inc.'s Supplemental Objections and Responses Samsung's Third Set of Interrogatories

- Apple Inc.'s Second Supplemental Objection and Response to Samsung Electronics Co. Lit.'s Interrogatory No. 14 to Apple Inc.

- Apple Inc.'s Amended Objections and Responses to Samsung Electronics Co. Ltd.'s Interrogatory Nos. 4, 6, 7, 16, 17, 18 to Apple Inc.

- Apple's Supplemental Responses to Samsung's Preliminary Injunction Interrogatories 2 and 4 and Third Supplemental Responses to Preliminary Injunction Interrogatories 1, 3, 6, and 7

- Apple Inc.'s Corrected Amended Objections and Responses to Samsung Electronics Co. Ltd.'s Interrogatory Nos. 4, 6, 7, 16, 17, 18 to Apple Inc.

- Apple Inc.'s Objections and Responses to Samsung's Fourth Set of Interrogatories

- Apple Inc.'s Objections and Responses to Samsung's Sixth and Seventh Sets of Requests for Production

- Apple Inc.'s Responses to Samsung's Fourth and Fifth Sets of Requests for Admission

Hutnyan Decl. ¶ 9.

Even though the motion to compel deadline is just seven days from the close of discovery, Apple stated that its lead counsel was unavailable for the week between the discovery cut-off and the motion to compel deadline (with the exception of Sunday, March 11, a day that Samsung's lead counsel was unavailable and that was only one day after many of Apple's discovery responses were received by Samsung). (Hutnyan Decl. Ex. 3.) Apple indicated that its lead counsel could not engage in a meet and confer until at least March 26, and was not being offered on that date either. (Hutnyan Decl. Ex. 5.) Apple did agree to provide *non-*lead counsel for an in-person meet and confer on Wednesday, March 14, and Samsung has welcomed that opportunity to attempt to resolve the parties' discovery disputes, but it will still not be able to meet the in-person lead counsel meet and confer requirement before bringing its motions on March 15. (Hutnyan Decl. Exs. 6 & 7.)

Samsung notified Apple today that it planned to bring this motion. (Hutnyan Decl. Ex. 7.) Apple said it would not oppose Samsung's request for relief from the in-person lead counsel meet-

and-confer requirement, but that it would oppose *any* request to move case deadlines.  (Hutnyan Decl. Ex. 10.)

### Argument

**I.  Samsung Would Suffer Extreme Prejudice If It Could Not Bring Its Motions To Compel Due To The Unavailability Of Apple's Counsel**

Good cause exists to grant Samsung relief from the in-person lead counsel meet and confer requirement.  There is a great deal of basic discovery that Apple has never produced, and Apple will not make its lead counsel available in time to resolve these issues *and* meet the Court's deadline.  In the last few weeks, Apple even stopped responding to Samsung's meet and confer letters, answering only a select few and leaving at least a dozen of them unanswered.  Moreover, there have been many instances where Apple promised to produce responsive materials – or represented to the Court that it would produce, or had already produced them – only for Samsung to discover that production was never made.  (*e.g.,* Dkt. 605.)  Without the opportunity to seek relief from the Court, Apple will have successfully avoided many of its most essential discovery obligations.

In addition, many new discovery issues have just arisen in the last few days.  The new discovery responses received by Samsung on March 8 were filled with objections that need to be discussed in lead counsel meet and confer so that the parties can narrow any disputes before bringing their motions.  Because Apple's lead counsel is unavailable before March 15, Samsung cannot seek the Court's assistance in resolving any of these discovery disputes and ensuring that Apple makes a full and complete disclosure of discovery in this litigation.

**II.  In The Alternative, A Twelve-Day Extension Of The Motion Deadline Would Allow The Parties More Time To Meet and Confer And Only Move The Hearing On Samsung's Motions By One Week**

In the alternative, if the Court is not amenable to relieving Samsung of the lead counsel meet-and-confer requirement, Samsung seeks an extension of the deadline to file its motions to compel from March 15, 2012 to March 27, 2012.  For the same reasons that good cause exists to

1  grant Samsung relief from the lead counsel meet-and-confer requirement, good cause exists for
2  this relief.
3        An extension of Samsung's motion to compel deadline also serves the Court's interest in
4  having the parties meet and confer to narrow the pending discovery issues before engaging in
5  motion practice.  Samsung has a number of outstanding discovery disputes on the agenda that
6  have not yet been fully discussed at a lead counsel meet-and-confer.  Many of Samsung's disputes
7  were raised in letters as early as February 13, but Samsung received no response from Apple until
8  a sixteen-page letter arrived this afternoon, and has yet to receive a written response on many of its
9  other issues.  The parties could use this additional time to narrow these disputes before moving, as
10 well as to analyze and discuss the new discovery objections and responses that came in two days
11 ago.
12       Finally, extending Samsung's deadline for bringing motions to compel by twelve days to
13 March 27, 2012 would not affect the overall case schedule, because the presumptive hearing date
14 would slide only one week, from April 24, 2012 to May 1, 2012.
15       For the foregoing reasons, Samsung respectfully requests relief from the Court's Meet and
16 Confer Requirement for the limited purposes of its upcoming motions to compel, and in the
17 alternative, for an extension of the deadline to file its motions to compel from March 15, 2012 to
18 March 27, 2012.

19 DATED: March 12, 2012                    Respectfully submitted,

20                                         QUINN EMANUEL URQUHART &
21                                         SULLIVAN, LLP

23                                         By /s/ Victoria F. Maroulis
24                                           Charles K. Verhoeven
                                             Kevin P.B. Johnson
25                                           Victoria F. Maroulis
                                             Michael T. Zeller
26                                         Attorneys for SAMSUNG ELECTRONICS CO.,
                                           LTD., SAMSUNG ELECTRONICS AMERICA,
27                                         INC. and SAMSUNG
                                           TELECOMMUNICATIONS AMERICA, LLC
28