# EXHIBIT 2

quinn emanuel  trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

March 10, 2012

<u>VIA ELECTRONIC MAIL</u>

Richard S.J. Hung
Morrison & Foerster, LLP
425 Market Street
San Francisco, California 94105-2482

Re:   *Apple v. Samsung Elecs. Co. et al.*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Richard:

On Thursday, the last day of discovery, Apple for the fourth time in less than two weeks amended its response to Interrogatory No. 1 to assert new conception and reduction to practice information for its patents-in-suit.  The changes include new, earlier alleged conception and reduction to practice dates, modified language to describe previously disclosed dates in order to render them less specific, and new contentions regarding documents and circumstances supporting Apple's new claimed dates.

Apple's conduct with regard to these responses is unacceptable, to say the least.  Indeed, Samsung only learned of the March 1 supplemental response when questioning a Rule 30(b)(6) witness about the February 27 response at his March 1 deposition.  It was only then that it became clear the witness was relying upon a second response that Apple had not even mentioned to Samsung before the deposition.  Nor did this turn out to be the last word.  Even as this was occurring, Apple, without disclosing it to Samsung, was planning to serve a third and then a fourth new response on the last day of discovery.

Apple's last minute gamesmanship – months after all of the inventor depositions have already taken place – is highly prejudicial to Samsung and improper.  Conception and reduction to

quinn emanuel urquhart & sullivan, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000  FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000  FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666  FAX +7 495 797 3667

practice information is well within Apple's control, and has been since at least the time it served its initial interrogatory response last September.  As Apple is well aware, Samsung must know Apple's purported conception and reduction to practice dates before it can develop its invalidity defenses.  Indeed, it is for this very reason that Apple was required under the Local Patent Rules to identify at the outset any documents supporting conception and reduction to practice dates for its utility patents.

The timing of Apple's four seriatim amendments raises serious concerns regarding the veracity of the positions Apple is now choosing to put forth.  For each amendment, please let us know when Apple first learned of the information on which the amendment is based, how Apple first learned of it, and why Apple could not have determined this information earlier.

Samsung expects Apple to agree to present for further deposition each of the inventors of the patent-in-suit for which Apple has provided amended information in its last four interrogatory responses so that they can be questioned on the new purported information.  These depositions will not count against Samsung's 250-hour limit and will necessitate a modification to the expert discovery deadlines.

Furthermore, Samsung must be permitted to supplement its invalidity contentions and conduct any prior art discovery, including third party discovery, to account for Apple's newly alleged conception dates.  If Apple does not agree to these requests, Samsung will ask the Court to either compel these depositions and discovery, or strike Apple's four recent interrogatory amendments, and bar Apple from relying on the information or contentions in those responses on any motion or at trial.

I look forward to hearing from you.

Kind regards,

/s/

Diane C. Hutnyan