QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR RULE 37(b)(2) SANCTIONS FOR SAMSUNG'S ALLEGED VIOLATION OF JANUARY 27, 2012 DAMAGES DISCOVERY ORDER**<br><br>Date:    April 3, 2012<br>Time:   10:00 a.m.<br>Place:   Courtroom 5, 4th Floor<br>Judge:  Hon. Paul S. Grewal |

**PUBLIC REDACTED VERSION**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................. 1

BACKGROUND ................................................................................................................... 2

      1.    Apple's Requests for Production ("RFPs") of Samsung Financial
           Documents and Samsung's Offer to Produce Information and
           Documents Responsive to Apple's RFPs ................................................... 2

      2.    Apple Rejects Samsung's Compromise and Moves to Compel ................... 3

      3.    Samsung's Opposition to Apple's Motion to Compel ............................... 5

      4.    The Court's January 27, 2012 Discovery Order ........................................ 5

      5.    Samsung's Compliance with the January 27, 2012 Discovery Order .......... 6

      6.    Apple's Repeated Late Production of Documents Ordered Produced
           By February 3rd Pursuant to the January 27, 2012 Order ....................... 9

ARGUMENT ..................................................................................................................... 11

I.    LEGAL STANDARD ............................................................................................... 11

II.    SAMSUNG COMPLIED WITH THE COURT'S DISCOVERY ORDER ..................... 12

    A.    Samsung Complied With The Order to Produce ........................................... 12

    B.    Apple's Assertions About Errors in the February Spreadsheet Are Either
         Erroneous or Mooted by Samsung's Subsequent Production of Revised and
         Supplemental Spreadsheets ....................................................................... 13

         1.    The February Spreadsheet (and the Subsequent Spreadsheets)
             Properly and Accurately Respond to Apple's Request for a
             Spreadsheet Drawn From Samsung's System of Record of
             Accounting Information ................................................................. 14

         2.    The Spreadsheet Does Not Improperly Omit Information About Five
             Galaxy Products ........................................................................... 14

             (a)    Galaxy S II Skyrocket, Galaxy S II Epic 4G, and Galaxy Tab
                   10.1 LTE ......................................................................... 15

             (b)    Galaxy S II (T–Mobile edition) and Galaxy S II (AT&T
                   edition) ........................................................................... 16

         3.    Samsung Has Already Produced the Supplemental Spreadsheets
             Providing Line Item Detail for Operating Expenses ................................. 17

         4.    Samsung Is Providing Information Correlating Specific Phone
             Models with Specific Carriers ........................................................ 17

5.  Samsung Is Explaining Why Sections Do Not "Add Down" ..................... 17

6.  Samsung Has Already Produced the Revised Spreadsheet in Which the Sum of the 29 Product Tabs Equals the Amounts Shown on the Total Tab .................................................................................................. 18

7.  Samsung's Accounting Representative Has Already Explained Why the Product Sales Figures in the Spreadsheets Are Not "Missing or Illogical" ...................................................................................................... 18

8.  Samsung's Accounting Representative Has Already Explained in His Deposition and Does So Again in His Declaration Samsung's Method for Allocating Expenses to Specific Products ............................... 19

C.  Apple's Other Assertions that Samsung Has Withheld Documents It Was Ordered to Produce Are Equally Meritless .......................................................... 20

1.  Samsung Neither Committed Nor Was Ordered to Produce Costed Bills of Materials for the Accused Products ................................................. 20

2.  Flux Analysis Reports are Clearly Not Encompassed Within the Order ................................................................................................................ 21

3.  "Pumi" Reports Are Not Encompassed Within the Order ......................... 21

III.  ANY TECHNICAL VIOLATION OF THE DISCOVERY ORDER THAT THE COURT MIGHT FIND WAS NOT COMMITTED WILLFULLY, IN BAD FAITH, OR THROUGH FAULT SO AS TO CREATE "EXTREME CIRCUMSTANCES" JUSTIFYING THE EVIDENTIARY AND PROCEDURAL SANCTIONS REQUESTED BY APPLE .......................................................................... 22

CONCLUSION ............................................................................................................................... 25

# TABLE OF AUTHORITIES

**Page**

## Cases

*Computer Task Group, Inc. v. Brotby*,
   364 F.3d 1112 (9th Cir. 2004).........................................................................11, 24

*Fair Housing of Marin v. Combs*,
   285 F.3d 899 (9th Cir. 2002)...................................................................................11

*In re Heritage Bond Litig.*,
   223 F.R.D. 527 (C.D. Cal. 2004) ...........................................................................11

*Lundy Enterprises, LLC v. Wasau Underwriters Insurance Company*,
   No. 06-3509, 2010 WL 323571 (E.D. La. Jan. 21, 2010)................................24, 25

## Statutes

Fed. R. Civ. P. 26(a)(1)(A)(iii)...................................................................................24

Fed. R. Civ. P. 37(b)(2)(A)(i) - (ii) .............................................................................11

Fed. R. Civ. P. 37(b)(2)(A) ..........................................................................11, 22, 24

Fed. R. Civ. P. 37(c)....................................................................................................24

**PRELIMINARY STATEMENT**

Samsung has fully complied with its obligations under the Federal Rules of Civil Procedure and the Court's January 27 Order.   Samsung offered to produce and did produce, pursuant to the Order, documents concerning revenue, cost of goods sold ("COGS"), operating expenses, profitability, and U.S. market launch dates, along with ███████████████████ . The Court should reject Apple's complaint – that it did not get the laundry list of unnecessary financial documents that Samsung never offered to produce and the Court never compelled Samsung to produce – and deny Apple's request for sanctions.

Apple's motion lacks merit for a number of reasons.   First, Apple disingenuously points to its proposed order which the Court never adopted.   Instead, the Court ordered Samsung to produce what Samsung offered as a compromise in its January 10 letter.   To seek sanctions on the rest of the relief that Apple sought, but did not obtain, constitutes a collateral attack on the Court's January 27 order and violates Samsung's rights.

Second, in its motion to compel which led to the January 27 Order, Apple sought a comprehensive electronic spreadsheet containing various financial data.   Samsung produced the ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████   Apple is not entitled to complain that it does not like the content of Samsung's financial records.   Nor can it seek sanctions because of the alleged inconsistencies or incompleteness of the information.   Any questions regarding such alleged inconsistencies can be resolved by depositions, which is what Apple had a full opportunity to do when it questioned Samsung's 30(b)6 witnesses.   Moreover, Samsung supplemented and clarified the ██████████ in order to meet Apple's ever-increasing demands and attempt to resolve the issue short of motion practice.   Such good-faith efforts cannot constitute the basis for sanctions.

Third, in addition to the reliable and informative ██████████ , Samsung has produced a multitude of other regularly kept business records documenting various pertinent aspects of Samsung's financial performance associated with the accused products.   Thus, Apple's suggestion that all Samsung effectively has done is produce one ██████████ is simply incorrect.

1    Finally, to the extent that Samsung has produced any compelled documents after the

2    February 3, 2012 deadline, it did so in good faith to provide Apple greater detail and to correct

3    discrepancies or errors discovered in its earlier productions (just like Apple has done).   Apple

4    itself has repeatedly produced key financial documents under the same Order late, in some cases

5    almost five weeks late.   In no event has Samsung disobeyed the Order willfully, in bad faith or

6    through fault, and thus no "extreme circumstances" exist here that would justify the evidentiary

7    and procedural sanctions requested.   For all these reasons, Apple's motion should be denied.

8                              **BACKGROUND**

9    **1.    Apple's Requests for Production ("RFPs") of Samsung Financial**

10        **Documents and Samsung's Offer to Produce Information and**

11        **Documents Responsive to Apple's RFPs**

12        In August and October 2011, Apple served RFPs seeking wide-ranging categories of

13    financial documents from Samsung.[1]   On January 10, 2012, Samsung's counsel wrote a letter to

14    Apple's counsel describing what had been produced up to that time, and what further categories of

15    financial documents Samsung agreed to produce as a way of resolving the parties' dispute about

16    outstanding RFPs:

17        **Financial Documents**

18        Samsung has confirmed that much of the financial information Apple seeks has
           already been produced to Apple in the ITC and N.D. Cal. matters. Specifically,
19        Samsung has produced documents showing ██████████████████████████████████
           ████████████████████████████████████████████████████████████████████████
20        ███████████████████████Samsung also has produced ██████████████████████████
           ████████████████████████████████████████████████████████████████████████
21        ████████████████████████████████████████████████████████████████████████
           ██████████████████████████████████████████
22        Samsung has also produced █████████████████████████████████
           ████████████████████████████████ Samsung will be supplementing this
23        production for completeness shortly.

24        In addition to this prior production, to the extent it has not already been produced,
           Samsung further agrees to supplement this production with responsive, non-
25        privileged documents reflecting ████████████████████████████████████████
           ████████████████████████████████████████████████████████████████████████
26        ████████████████████████████████████████████████████████████████████████
           ████████████████████████████████████████████████████████████████████████
27        ████████████████████████████████████████████████████████████████████████
           ████████████████████████████████████████████████████████████████████████
28
    ────────────────────
    [1]   Dkt. No. 759-04a; Dkt. No. 759-04b.

documents sufficient to show the date each accused product became available to U.S. markets (at least for accused products that were actually sold or offered for sale in the U.S.), and any non-privileged IP valuations for the patents-in-suit. We anticipate substantially completing this production by February 3. If we are able to produce this information sooner, we will do so.[2]

### 2.    Apple Rejects Samsung's Compromise and Moves to Compel

Apple rejected Samsung's compromise proposal and, on January 11, 2012, moved to compel.[3]   In its motion, Apple complained that the financial reports Samsung had previously produced were "not drawn consistently from Samsung's system of records, and no single type of report exists in sufficient numbers to cover the relevant period."[4]   In his declaration in support of Apple's motion, Erik Olson discussed Samsung's system of records at length, noting that:

██████████████████████████████████████████   Such systems store data and can routinely be used to prepare financial statements or financial reports through an electronic interface. Such reports can be prepared either based on a standardized template or prepared based on ad hoc criteria selected by a user.   Such systems reduce the need to 'print' certain financial data as a hard copy.   Nonetheless, they are designed to provide consistent, and often immediate, access to updated reports for members of a company's finance and management team.[5]

Apple emphasized the fact that "Samsung has the ability to generate reports reflecting financial data simply by pressing a few buttons,"[6] making it clear that the target of its discovery requests was reports generated by Samsung's ████████████████ (which, as explained below, Samsung in fact produced).

In connection with its motion to compel, Apple submitted a proposed order consisting of nine pages of various document categories for which Apple sought to compel production.[7]   More than two pages of the proposed order covered categories of requested financial documents. Specifically, Apple moved to compel eight separate categories of financial documents:

> A.    Documents evidencing Samsung's U.S. and worldwide revenue, unit sales and selling price for the accused products (smartphones and tablets), including:

---

[2]    Dkt. No. 642-05 at 1-2.
[3]    Apple Inc.'s Motion to Compel Production of Documents and Things, January 11, 2012 (Dkt. No. 613-01) ("Motion to Compel"), at 19:14-15, Declaration of Christopher E. Price ("Price Decl."), Ex. 12.
[4]    Dkt. No. 613-01 at 19:14-15, Price Decl., Ex. 12.
[5]    Declaration of Erik J. Olson in Support of Motion to Compel (Dkt. No. 615), ¶ 4, Price Decl., Ex. 13.
[6]    Dkt. No. 613-01 at 21:13-14, Price Decl., Ex. 12.
[7]    Dkt. No. 616.

1. Samsung's U.S. and worldwide revenues for the accused products (1) per smartphone or tablet (2) per carrier (3) per quarter.

2. Samsung's U.S. and worldwide unit sales for the accused products (1) per smartphone or tablet (2) per carrier (3) per quarter.

3. Samsung's U.S. and worldwide average selling price for the accused products (1) per smartphone or tablet (2) per carrier (3) per quarter.

B.     Documents sufficient to show the date when each accused product was introduced into the U.S. market.

C.     Reports showing gross profit and Samsung's cost of goods sold:

1. For each accused product, costed bills of materials and financial reports provided to U.S. or corporate management reflecting Samsung's calculation of its gross margin for the accused products from June 2009 to the present.

2. To the extent the reports are not prepared on a product-by-product basis, reports reflecting gross margins or gross profit consolidated for the accused products, for tablets and for smartphones or for Galaxy S and Galaxy SII line of phones as reflected on a quarterly or monthly basis.

3. Based on standard accounting and financial conventions, these reports should show both standard costs for the components that make up the phones and allocations of other expenses (such as freight, variances, and manufacturing overhead) to calculate a consolidated cost of goods sold.

D.     Reports reflecting operating costs and profitability with respect to smartphones:

1. Consolidated reports provided to U.S. and corporate management reflecting any expenses not included in costs of goods sold that Samsung incurs or allocates to U.S. smartphone or tablet products, including any research and development expenses, sales and marketing expenses, and general and administrative expenses.

2. Consolidated reports that reflect how such expenses for the accused products compare to U.S. expenses for mobile phones more generally and/or to worldwide expenses.

3. Consolidated reports on operating profit for any of the accused phones, for smartphones, and for mobile phones more broadly reflecting the foregoing expenses.

E.     Audited or unaudited financial reports for each entity named as a defendant in this case and for each Samsung entity that sells any of the accused products, audited (or, if audited are unavailable, unaudited) financial reports (including at a minimum an income statement, balance sheet, cash flow statement and all associated notes) for each quarter or fiscal year ending on or after March 31, 2009.

F.     Documents relating to any financial valuation of the intellectual property in suit. The foregoing should include any reports on in-process research and development calculations that include technology related to any accused products,

any valuation used for balance sheet valuations, amortization, or a write-off of intangible assets.

        G.       Documents sufficient to show relevant expense for research and development and to design around any patent, including:

           1. Any consolidated reports on the expense Samsung incurred to develop any of the accused products.

           2. Any reports or financial information that reflect the actual or projected expense to design around any patent.

        H.       Any quarterly, annual or multi-year business plans prepared for the accused products or the divisions of Samsung that sell the accused products.[8]

### 3.      Samsung's Opposition to Apple's Motion to Compel

On January 17, 2012, Samsung filed its opposition to Apple's motion.[9]   In its opposition, Samsung reaffirmed that it had already agreed to produce the following categories of financial documents to resolve the dispute over Apple's outstanding RFPs:

- ████████████████████████████████████████

▌████████████████████████████████████████

▌████████████████████████████████████

▌████████████████████████████████████

▌██████████████████████████████████████████
█████████████████████████

### 4.      The Court's January 27, 2012 Discovery Order

On January 27, 2012, this Court issued its Order Re Discovery Motions ("Order") resolving motions filed by both parties.   In Section D.4 of that Order, entitled "**Sales and financial information relevant to establishing damages**," the Court ruled as follows:

> Apple seeks a number of categories of sales and marketing information, including U.S. and worldwide sales and revenues, selling price per accused product, gross margin, expenses and operating profit, and Samsung's audited or unaudited financial reports.   Apple argues that Samsung's production to date has provided scattered and piecemeal financial information that does not offer any consistent record for Apple to draw from.   Samsung does not dispute that sales and profitability information is

---

  [8]   Dkt. No. 616.
  [9]   Dkt. No. 642-3.
 [10]   Dkt. No. 642-3 at 14.

1   relevant to Apple's damages, if any.   Samsung has agreed to supplement its

2   production to date and provide responsive documents to all of the categories listed by

    Apple.[fn 34]

3   **The court finds Samsung's proposed production to be sufficient to meet Apple's**
    **legitimate requests for this category of documents.**[11]

4

5   Footnote 34 of the Order reads:   "*See* Docket No. 642 at 14; Docket No. 642-1 (Jan. 10 letter)."[12]

6   "Docket No. 642 at 14" is page 14 of Samsung's opposition to Apple's motion to compel, in

7   which Samsung listed the six categories of documents and information that it had offered to

8   produce in its January 10 letter.   "Docket No. 642-1 (Jan. 10 letter)" is the January 10 letter from

9   Samsung's counsel.

10          Notably, the Court did not quote from or cite to the two pages worth of categories of

11   documents or information specified in Apple's proposed order.   Nor did the Court refer at all to

12   any comments about any topic made by either party or the Court at the January 19, 2012 hearing

13   on Apple's motion.[13]

14          The Order compelled production of the pertinent information and documents to begin on a

15   rolling basis and conclude by February 3, 2012.[14]

16          **5.      Samsung's Compliance with the January 27, 2012 Discovery Order**

17          Samsung has abided by the Court's Order directing Samsung to produce the categories of

18   financial documents it had agreed to produce, which the Court specifically found to be sufficient

19   to meet Apple's requests for financial documents.   Samsung's combined productions in this

20

21

22   ───────────────────
        [11]   Dkt. No. 673 at 15:14-23 (emphasis added).
23        [12]   *Id.* at 15 n.34.
          [13]   *Id.* at 15:14-23.   In that regard, Apple includes several snippets of comments made at the
24   hearing by Samsung's counsel to suggest that Samsung's counsel agreed at the hearing to produce
     every single document requested by Apple.   *See, e.g.,* Motion at 5:4-10, 8:23-27.   Apart from the
25   fact that the Court's Order did not incorporate any representation made by Samsung's counsel at
     the hearing, it is clear that Samsung's counsel's representations about what Samsung had agreed to
26   produce matched exactly what Samsung had agreed to produce in its January 10th letter and in its
     opposition.   Samsung's counsel said precisely that at the hearing:   "So everything that he's
27   saying is wrong with our offer, I don't agree with.   And I think the offer speaks for itself which is
     in the January 10th letter and also listed again in our opposition brief."   Transcript of Proceedings,
     CV-11-1846-LHK, January 19, 2012, at 169:5-9, Declaration of Erik J. Olson ("Olson Decl.")
28   (Dkt. No. 759-4), Price Decl., Ex. 8.
          [14]   Dkt. No. 673 at 2:5-7.

1  action and in the two ITC actions[15] total over 12,000 pages worth of financial documents,

2  including ▮▮▮▮▮ containing information from Samsung's ▮▮▮▮▮▮▮

3  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4  ▮▮▮▮▮▮▮▮▮ Samsung's production of documents falling within

5  the categories of documents covered by the Order are summarized as follows:

6  • **Documents Reflect** ▮▮▮ 3, 2012,
   Samsung produced ▮▮▮▮

7  ▮▮▮▮▮▮▮▮▮▮▮▮▮

8  ▮▮▮▮▮▮ Additionally,
   Samsung has produced numerous documents created in the ordinary course of

9  business reflecting ▮▮▮▮▮
   and documents showing ▮▮▮▮

10 ▮▮▮▮▮▮▮▮▮▮

11 • ▮▮▮▮▮▮▮▮▮

12 ▮▮▮▮▮▮ In response to Apple's requests for more
   ▮▮▮▮ Samsung produced two s▮▮▮

13

_____

14  [15]  Apple's Motion distinguishes between documents produced with ITC Bates numbers and
those with N.D. Cal. Bates numbers.  *See, e.g.,* Motion at 15:8-20.  This is a distinction with no
15  difference.  The protective order in this action provides that documents produced in the two ITC
actions pending between the parties are automatically deemed produced in this action.  Dkt. No.
16  687 at ¶ 22.  Thus, Apple's attempt to isolate Samsung's production of financial documents with
N.D. Cal. Bates numbers paints an incomplete and misleading picture of Samsung's production.
17  [16]  Declaration of Joby Martin ("Martin Decl."), ¶ 2 & Ex. 1.
   [17] ▮▮▮▮▮▮

18  ▮▮▮▮▮▮▮▮▮

19  Sheppard Decl., ¶¶ 31-32.  As expla ▮▮▮

20  ▮▮▮▮▮▮▮▮▮

21  ▮▮▮▮▮▮ Sheppard Decl., ¶¶ 32, 35.  Therefore, in order
to satisfy Apple's requests for per-product data, the pertinent information had to b▮▮▮ from
22  t▮▮▮

23  ▮▮▮▮ *Id.*  In his deposition, Jaehwan ▮▮▮

24  ▮▮▮▮▮▮▮▮

25  ▮▮▮▮▮ Deposition of Jaewhang Sim, March 10, 2012 ("Sim Depo."), at 8:11-
26  25, 35:6-12, 103:12-104:16, Declaration of John S. Gordon ("Gordon Decl."), ¶ 9 & Ex. 6.
   [18]  Martin Decl., ¶ 7 & Ex. 2.
27  [19]  Sheppard Decl., ¶¶ 10-11. ▮▮▮▮ *See*
28  ▮▮▮▮ Sheppard
Decl., ¶ 11.





In addition to th

These documents contain

• 

• **Documents sufficient to show when ea**                                                    **e to**

In addition, Samsung provided Apple with this information—for both the accused products, as well as products embodying the Samsung patents-in-suit—in response to Apple's Interrogatory No. 14.[26]

• **Non-privileged valuations for the pat**                                          asonable search. Samsung has determined that it

Samsung has revised the                                        on several occasions to provide Apple with greater clarity, detail, and accuracy.   On February 10, 2012, Samsung produced a

[27]   On February 28, 2012, Samsung produced a

[8]

Finally, as noted above, Samsung produced the                              , which contain more detailed information about                              [29]

---

[20]   Martin Decl., ¶ 6.
[21]   Sheppard Decl., ¶ 30.
[22]   Martin Decl., ¶ 8 & Ex. 3.
[23]   *Id.*
[24]   *Id.,* ¶ 9 & Ex. 4.
[25]   *Id.,* ¶ 10 & Ex. 5.
[26]   *Id.,* ¶ 11 & Ex. 6.
[27]   *Id.,* ¶ 4.
[28]   *Id.,* ¶ 5.
[29]   *Id.,* ¶ 6.



Samsung has, in fact, produced more than just the specific categories of documents it agreed, and was accordingly ordered, to produce. —documents which Apple has explicitly admitted were not covered by the January 27th Order.[32]

### 6. Apple's Repeated Late Production of Documents Ordered Produced By February 3rd Pursuant to the January 27, 2012 Order

Apple has belatedly produced numerous financial documents that the Court ordered Apple to produce by February 3, 2012.[35]   Examples of such late production include the following:

---

[30]   Sim Depo. at 35:13-36:25, 43:20-45:21; 114:1-115:15, 183:15-185:2, Gordon Decl., Ex. 6.

[31]   Sim Depo. at 45:22-48:23; Gordon Decl., Ex. 6.

[32]   Martin Decl., ¶¶ 12-13 & Exs. 7-8.

[33]   *Id.*, ¶ 14 & Ex. 9.

[34]   *Id.*, ¶ 15.

[35]   Dkt. No. 673 at 2:5-7, 21:11-22 (ordering Apple to produce by February 3, 2012 relevant financial documents needed to assess damages, as well as business plans and strategies requested by Samsung).   The Court also ordered Apple to perform queries of its financial system of record to the level of granularity requested by Samsung, including providing data on a model or product basis if possible).   Samsung's requests for production, Nos. 6-8, 25, 29, 42-44, 54-55, 69, 116, 130-134, 175, and 252-54 were repeated in its motion to compel.   Dkt. No. 603 at 26-40.

- **March 8 Production of Financial Documents**.   From March 8 to 9, almost five weeks after the February 3rd deadline, Apple produced approximately 40,000 documents, comprised of over 470,000 pages.   While Samsung's review of this production is ongoing, to date it has revealed that various financial documents encompassed by the Court's Order have just now been produced.   This includes ██████████████████████████████████████████████

- **March 8 Production of a New Version of Apple's** ██████████████   A particularly egregious example is Apple's late production of a ████████████████████████████████████████ in relation to its iPhone, iPad, and iPod products.   Apple produced an early version of this ████ before the February 23, 2012 deposition of its Rule 30(b)(6) witness on financial topics, Mark Buckley.[37]   More than two weeks later, on the last day of discovery, and more than a month after the February 3rd deadline, Apple produced ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

- ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ This information was produced two weeks *after* the deposition of Apple's 30(b)(6) witness on financial topics.

- **February 16, 2012 Production of Financial Documents**.   On Fe███████ almost two weeks after the February 3rd deadline, Apple produced ███████████████ and other financial information, including ███████████████████████████████████████████████████████████████████████████████ Apple admitted in

_____

[36]   APLNDC-Y0000148289-8458, Price Decl., Ex. 1; 3/8/2012 email from Ken MacCardle, Price Decl., Ex. 2; APLNDC-Y0000232431-2446, Price Decl., Ex. 10; 3/8/2012 (10:45 p.m.) email from Mollie B. Gabrys, Price Decl., Ex. 11.

[37]   Exhibit 18 to the February 23, 2012 Deposition Transcript of Mark Buckley, Price Decl., Ex 3.

[38]   APLNDC-Y0000232396-2430 (Apple Inc. Royalties Chart), Price Decl., Ex. 4; 3/8/2012 (10:05 p.m.) email from Mollie B. Gabrys, Price Decl., Ex. 5.

[39]   To add insult to injury, Apple's for ██████████████████████████████ his declaration that Samsung has not provided █████████████████ Declaration of Eric R. Roberts in Support of Motion to Enforce January 27, 2012 Order as to Financial Documents ("Roberts ██████████████████████████er is that after Samsung originally produced to Apple a ████████████████████████, Apple refused to produce any document in native format if it can be printed out in legible paper form.   Feb. 10, 2012 letter from Jason Bartlett ████████████████████████████████████████g to resume producing ███████████████████████████████████████.   Thus far, howe███████████████████████

[40]   ████████████████████████████████ APLNDC-WH-A0000024846-4851, Price Decl., Ex. 7; March 7, 2012 letter from Matthew Hoff to Rachel Kassabian, Ex. 8.

[41]   Feb. 23, 2012 letter from Jason Bartlett to Diane C. Hutnyan, Price Decl., Ex. 9, at 10.

Case No. 11-cv-01846-LHK

SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS

response to Samsung's meet and confer letter that these documents were responsive to the Court's January 27 Order but produced, for the most part, almost two weeks after February 3.[42]

## ARGUMENT

## I.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 37(b)(2)(A), if a party fails to obey a discovery order, the court may issue "further just orders" that may include, among other specified sanctions, the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence . . . .

Fed. R. Civ. P. 37(b)(2)(A)(i) - (ii).

Under Ninth Circuit law, such harsh evidentiary or procedural sanctions are "appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.'"   *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002); *see also In re Heritage Bond Litig.*, 223 F.R.D. 527, 530 (C.D. Cal. 2004) (preclusion of defenses or evidence as sanction under Rule 37(b)(2) is "appropriate only in extreme circumstances and where the violation is due to willfulness, bad faith, or fault of the party.") (*quoting Fair Housing of Marin*).

In deciding whether to grant a motion for sanctions under Rule 37(b)(2)(A) for noncompliance with a discovery order, a court should consider five factors:   "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."   *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004).   "Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default.   Therefore, it is the third and fifth factors that are decisive."   *Id.*

---

[42]   *Id.*, Price Decl., Ex. 9, at 10.   In the letter, Apple claimed that it had previously produced these documents in the '794 ITC matter and therefore, "is already in the possession of Samsung's counsel."

**II.      SAMSUNG COMPLIED WITH THE COURT'S DISCOVERY ORDER**

The overwhelming thrust of Apple's Motion is that Samsung supposedly violated the Court's Order because Samsung did not produce various specific types of documents that Apple requested and listed in its proposed order.[43]   Apple even goes so far as to say that the Order required Samsung to "produce everything responsive to Apple's request."[44]

Apple's Motion suffers from a fundamental misconception:   it is written as though the Court had signed Apple's lengthy and micro-detailed proposed order (or adopted those two pages of the proposed order *in toto*), and required Samsung to produce every specific type of document that Apple wanted.   That is not what happened.   Instead, the Court found that the categories of documents Samsung had agreed to produce (the six categories quoted above), which address each category of documents the Court described as being sought by Apple ("sales and marketing information, including U.S. and worldwide sales and revenues, selling price per accused product, gross margin, expenses and operating profit, and Samsung's audited or unaudited financial reports") were sufficient to satisfy Apple's need for documents to calculate alleged damages.[45]

**A.      Samsung Complied With The Order to Produce**

Samsung has produced what it agreed to produce and what the Court accordingly ordered it to produce.   That production supplied Apple with each of the categories of documents the Court described as being sought by Apple – sales and marketing information, pricing, gross margin, expenses, operating profit, and financial statements.

As explained above in detail in Section 5 of Background, Samsung has produced ██████████████████████████, which contain information ████████████████████████ ███████████████████ along with other documents, which provide Apple admissible evidence showing the following aspects of Samsung's financial operations:

(1) detailed ████████████████████████████████████████████ ████████████████ including ██████████████████████████████████ ████████████

---

[43]    *See, e.g.,* Motion at 6:3-10, 10:8-20, 11:11-26, 12:1-9, 13:13-14:9.
[44]    *Id.* at 13:22-25.
[45]    *See* Dkt. No. 673 at 15:14-23.

(2) ███████████████████████████████████████████

(3) █████████████████████████████████████████

███████████████████████████████████████ even though not part of

what Samsung originally agreed or was ordered to produce;

(4) for the divisions responsible for the accused products, ██████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█████████████████████████

(5) ████████████████████

(6) ███████████████████, as well as an answer to Apple's Interrogatory No. 5,

showing launch dates for the accused products, which allow Apple to see when each accused

product became available on the U.S. market.

Thus, Apple has gotten the documents Samsung agreed to produce and the Court ordered

Samsung to produce.   In fact, in response to Apple's requests, Samsung has produced *more* than

what it was ordered to produce.   It is evident that Apple is simply dissatisfied with the result of its

previous motion to compel and is artificially and unfairly attempting to construe that order to be

much broader than it is.

**B.     Apple's Assertions About Errors in the** ██████████████ **Are Either**

**Erroneous or Mooted by Samsung's Subsequent Production of** ██████████

█████████████████████████

███████████████████████████████████ aration of Eric Roberts, a plethora of

attacks on the ██████████████.   We address here the primary criticisms Apple raises in its

brief and rely on the accompanying Timothy Sheppard Declaration to address the remaining

criticisms that Roberts asserts in his declaration but Apple does not discuss in its Motion.

1.   The ██████████████ (and the ████████████████████)

Properly and Accurately Respond to Apple's Request for a ████████

Drawn From Samsung's ████████████████████████████ation

Apple complains that Samsung should not have produced the ████████ it did, and should instead have produced materials created in the ordinary course of business or given to management or the "more detailed documents created by Samsung's financial professionals that Apple's proposed order identified."[46]   It is Apple, not Samsung, playing a game of bait-and-switch.   As explained in Background Section 2 above, Apple expressly demanded in its underlying motion to compel, █████████████████████████████████████████████████████
█████████████████████████████.[47]   That is exactly what Samsung produced. Samsung, in the ordinary course of business, does not ███████████████████████████
████████████████████████████   Therefore, the information Apple requested ████████████████████████████████████████
████████████████████████████████████   which is exactly what Apple demanded in its underlying motion to compel.   █████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████████████████████  ██  ████████████
██████████████████████████████████████████████  ██  ████████████
████████████████████████████████████████████████████████
████████████████████[48]

2.   The ██████████ Does Not Improperly Omit Information About Five Galaxy Products

Apple claims that the ████████████████ is incomplete in that it does not cover the following five products:   the Galaxy S II Skyrocket, the Galaxy S II Epic 4G, the Galaxy S II (T–Mobile edition), the Galaxy S II (AT&T edition), and the Galaxy Tab 10.1 LTE (collectively, "the

---

[46]   Motion at 10:21-11:2.
[47]   *See* Dkt. Nos. 613-01, 15.
[48]   Sheppard Decl., ¶ 32; Sim Depo. at 8:11-25, 35:6-12, 103:12-104:16; Gordon Decl., Ex. 6.

1   five devices").[49]   Apple is wrong.   First, three devices – the Galaxy S II Skyrocket, Galaxy S II

2   Epic 4G and Galaxy Tab 10.1 LTE – were not accused instrumentalities covered by Apple's

3   motion to compel.   And second, the ████████████████████████████████████ in

4   fact cover the remaining two devices – the Galaxy S II T-Mobile edition and the Galaxy S II

5   AT&T edition.

6             **(a)      Galaxy S II Skyrocket, Galaxy S II Epic 4G, and Galaxy Tab 10.1 LTE**

7             In Apple's August 2011 Disclosure of Asserted Claims and Infringement Contentions

8   served pursuant to Patent Local Rules 3-1 and 3-2, Apple identified 26 specific devices.   None of

9   the five devices was mentioned, even though Apple did identify other Galaxy devices (the Galaxy

10  S (i9000) and Galaxy S 4G).[50]   In Apple's August 2011 Addendum to its Disclosure of Asserted

11  Claims and Infringement Contentions, Apple identified one additional specific device – the

12  Galaxy S II (which accounts for two of the five devices -- the Galaxy S II (T–Mobile edition) and

13  the Galaxy S II (AT&T edition)).   None of the remaining three devices was identified.[51]

14            Thus, it is clear that the Court's Order[52] did not cover three of the five Galaxy devices

15  Apple complains about in its motion.   The fact that the three devices were not covered by Apple's

16  motion to compel or the Order is made even clearer by Apple's attempt on March 4th, *after* it filed

17  its sanctions motion, to add two of the three devices – the Galaxy S II Skyrocket and the Galaxy S

18  II Epic 4G Touch – to the list of accused instrumentalities by serving an amended interrogatory

19  answer.   Such an amendment obviously would not be necessary if the Skyrocket and Epic 4G

20  Touch devices were already covered by either the Disclosure of Asserted Claims and Infringement

21

22

---

23  [49]   Motion at 11:3-8; Dkt. No. 759-2.

24  [50]   Apple's Disclosure of Asserted Claims and Infringement Contentions, served August 26, 2011, Gordon Decl., Ex. 1.   Patent Local Rule 3-1(b) requires the "Disclosure of Asserted Claims and Infringement Contentions" to contain, *inter alia*, the following information:   "Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ('Accused Instrumentality') of each opposing party of which the party is aware.

25  This identification shall be as specific as possible.   Each product, device, and apparatus shall be identified by name or model number, if known."   Obviously the three devices had specific names and/or model numbers that Apple never mentioned in its Disclosures.

26

27

28  [51]   Apple's Addendum to its Disclosure of Asserted Claims and Infringement Contentions, served August 26, 2011, Gordon Decl., Ex. 2.
    [52]   Dkt. No. 673 at 15:14-23.

1  Contentions or the Addendum to that Disclosure.[53]   It is frankly outrageous that Apple has moved

2  for sanctions on the basis that Samsung's did not produce documents concerning products that

3  Apple never alleged to be infringing until well after the Court's Discovery Order, in fact, not even

4  until *after Apple had already filed its sanctions motion.*

5              **(b)      Galaxy S II (T–Mobile edition) and Galaxy S II (AT&T edition)**

6      The ████████████████████████████ by Samsung on February 3rd contains

7  ██████████████████████████████████████████████████████

8  ██[54]██████████████████████████████████████████████

9  ████████████████████████████[55]   On February 28, 2012, Samsung

10 produced the ████████████████████████████████████████

11 ██████[6]   Furthermore, Apple deposed Samsung's Rule 30(b)(6) accounting representative,

12 Timothy Sheppard, about both ████████ (identified as Exhibits 1920 and 1922 in his

13 deposition).[57]   While Apple now complains that the ██████████████████████████

14 █████████████████████████████████████████ Apple never

15 bothered to ask Samsung in meet and confer[58] and never bothered to ask Mr. Sheppard at his

16 deposition,[59] whether the ████████████████████████████████

17 ██████████████████ In fact, as explained above, ██████████.

18      In short, contrary to Apple's contention, the ████████████ is not incomplete with

19 respect to the five Galaxy devices.

20

21

22

---

23      [53]   *See* Apple's Amended Objections and Response to Samsung Electronics Co., Ltd.'s
    Interrogatory No. 5 to Apple, Inc., served March 4, 2012, Gordon Decl., Ex. 3, at 10:1-2, 8-9, 16-
24  17.   Additional proof of the point is found in Apple's proposed January 2012 stipulation, which
    was never executed, and which would have added the Galaxy S II Skyrocket as an accused
25  instrumentality.   Stipulation and [Proposed] Order Regarding Adding Accused Products, Gordon
    Decl., ¶ 6 & Ex. 4.
26      [54]      Martin Decl., ¶ 3.
        [55]      Sheppard Decl., ¶ 14.
27      [56]      Martin Decl., ¶ 5; Sheppard Decl., ¶ 14.
        [57]      Gordon Decl., ¶ 7.
28      [58]      Martin Decl., ¶ 21.
        [59]      Gordon Decl., ¶ 7.



**3.    Samsung Has Already Produced the** ███████████

**Providing** ████████████████

Apple complains that the ███████████████ fails to ███████████████████

███████████████[60]   Samsung agreed to produce ████████████████████████████

███████████   However, in response to Apple's requests for more minute detail concerning

███████████  Samsung produced ███████████████████ on March 8, 2012.[61]   The

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████[62]

**4.    Samsung Is Providing Information Correlating Specific Phone Models**

**with Specific Carriers**

Apple demands to know which models were sold by which carriers.[63]   Apple had the

opportunity to question Mr. Sheppard at his February 29th deposition about which accused smart

phones are sold to which carriers.   It failed to do so (even though Apple's counsel ended the

deposition less than five hours after it began).   ██████████████████████████████

███████████████████████████████████████████████████

████████████████████[64]   However, to avoid yet another dispute, Samsung is

voluntarily producing the specific information to Apple.[65]

**5.    Samsung Is Explaining Why** ████████████████████

Apple complains that ██████████████████████████████████

██████████████████████████[66] ████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████ al

---

[60]   Motion at 11:18-26.
[61]   Martin Decl., ¶ 5.
[62]   Sheppard Decl., ¶ 30.
[63]   Motion at 12:1-9.
[64]   Sheppard Decl., ¶¶ 15-16.
[65]   *Id.*, ¶ 16 & Ex. D.
[66]   Motion at 12:21-22.

1 ████████████████████████████████████████████████

2 ████████████████████████████████████████████████

3 ████████████████████████████████████████████

4 ██████████████████████████████████████████████████

5 █████████████████████████████████████████.[67]

6 Apple's counsel did not question Mr. Sheppard about this issue at deposition. ██████████

7 ████████████████████████████████████████████

8 ████████████████████████████████████████████████

9 █████████████████████████████████████.[68]

**6.      Samsung Has Already Produced the** ██████████████████

██████████████████████████████████████████████

██████

That was a discrepancy as noted by Apple,[69] and it was corrected in the █████████

██████ produced on February 28, 2012.

**7.      Samsung's Accounting Representative Has Already Explained Why the**

**Product Sales Figures in the** ████████ **Are Not "Missing or**

**Illogical"**

Apple does not specify which of the nine bullet points in paragraph 5 of Mr. Roberts'

declaration it is alluding to as the support for its critique that "product sales figures in many cases

are allegedly missing or illogical,"[70] and it provides no explanation of the specific criticism that it

has here.[71]   As best as Samsung can divine, Apple is possibly alluding to bullet points 5-9 of that

paragraph, but those do not specifically reference any succeeding paragraphs that actually explain

---

[67]     Sheppard Decl., ¶ 17.
[68]     Sheppard Decl., ¶ 18.
[69]     Motion at 12:24-25.
[70]     Motion at 12:26-27.
[71]     Apple does the same thing, even more egregiously, with respect to the conclusory allegation that the February Spreadsheet "fails to provide the information necessary for Apple to complete a comprehensive damage analysis (Roberts Decl. ¶¶ 5-6)."   (Motion at 7:1-3)   As noted above, paragraph 5 of Mr. Roberts' declaration is a collection of bullet point summary assertions without reference to any of the paragraphs of his declaration that provide any detailed explanation or analysis of the criticism made in conclusory fashion in paragraph 5.   Paragraph 6 is already addressed herein.

1  in detail the criticism.   Based on Samsung's best guess, the criticisms Apple is raising here are the

2  ones that Mr. Sheppard answers in paragraphs 20-27 of his accompanying declaration.

### 8.   Samsung's Accounting Representative Has Already Explained in His Deposition and Does So Again in His Declaration Samsung's ███████ ████████████████████████████

6  Apple criticizes Samsung because the February Spreadsheet does not itself explain how

7  Samsung allocates costs and expenses to the accused products.[72]   At Mr. Sheppard's deposition,

8  Apple's counsel questioned him extensively about Samsung's ███████████████████████

9  ████████████████████████████████████

10  ████████████████████████████████████

11  ███████████████

12  ████████████████████████████████████

13  ████████████████████████████████████

14  ████████████████████████████████

15  ████████████████████████████████████

16  ████████████████████████████████████

17  ████████████████████████████████████

18  ████████████

19  ████████████████████████████████

20  ████████████████████████████

21  As evident from the above explanation, the ████████████████████████████

22  ███████████ is not something that could be easily explained within the █████████ hemselves or

23  within any financial documents.   Mr. Sheppard provided a detailed explanation of Samsung's

24  ███████████████████ at his deposition (and again in his declaration).   He also explained that

25  the above-described ████████████████████████████████████[73]

---

02198.51855/4645882.3

72  Motion at 15:8-20.
73  Sheppard Decl., ¶¶ 23-24, *see also* Sim Depo. at 8:11-25, 120:24-121:9; 122:19-123:8,
Gordon Decl., Exh. 6.

SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS

**C.      Apple's Other Assertions that Samsung Has Withheld Documents It Was Ordered to Produce Are Equally Meritless**

**1.      Samsung Neither Committed Nor Was Ordered to Produce Costed Bills of Materials for the Accused Products**

Apple claims that Samsung reneged on its purported promise to produce "costed" bills of materials.[74]   The short answer to that complaint is that Samsung did not promise, and it had no obligation, to produce such documents.

Up until the time Apple moved to compel production of financial documents, the parties' discussion of bills of materials was in the context of Apple's requests for source code and documents showing the structure and operation of Samsung's products' touchscreens—not financial documents.[75]   In a letter Apple sent just prior to the parties' January 6, 2012 lead counsel meet and confer on its motion to compel, Apple explained that it requested bills of materials in satisfaction of RFP No. 240, which sought documents "concerning the design, manufacture, specifications and operation *of the touch screens (including the display and touch sensor panels)* on the Products at Issue."[76]   At the lead counsel meet and confer, the only discussion of bills of materials related to the touchscreens of the accused products.[77]

Then, in Samsung's January 10, 2012 letter sent after the meet and confer, Samsung's counsel committed in the "**Technical Documents**" section of the letter (on page 2) to "produce ███████████████████████████████████████"   The letter mentions nothing at all in the "**Financial Documents**" section of the letter (on page 1) about bills of materials, and says nothing in either section about producing "costed" bills of materials, containing a breakdown of cost for every component of a device.[78]   Samsung's opposition to Apple's motion to compel tracked the January 10 letter—committing to produce ██████████████████████████ ████████████   in satisfaction of Apple's requests for technical documents, and mentions nothing

---

[74]   Motion at 5:7-9.
[75]   Martin Decl., ¶¶ 16-17 & Exs. 10-11.
[76]   *Id.*, at ¶¶ 18-19 & Exs. 12-13 (emphasis added).
[77]   *Id.*, at ¶ 20.
[78]   Dkt. No. 642-05 at 1-2.

1   about costed bills of material.[79]   At the hearing on Apple's motion, counsel for Samsung never

2   mentioned "costed" bills of materials or agreed to produce "costed" bills of materials.[80]

3   Similarly, the Court's January 27th Order mentions bills of materials only in the section of the

4   Order concerning technical documents, not in the section concerning financial documents.[81]

5          Samsung never obligated itself to produce costed bills of materials and the Court did not

6   order it to produce them.   Samsung produced ███████████████ and it produced

7   voluminous information about ████████████████████████████   It has

8   done all it was required to do with respect to producing such product cost information.

9                    **2.**          ████████        **Reports are Clearly Not Encompassed Within the Order**

10         Apple claims that Samsung prepares ████████████████████████████

11   ████   that it supposedly was obligated to produce.[82]   That claim is groundless.   The deposition

12   testimony that Apple relies on (pages 28:11-31:12 of Mr. Sheppard's January 24, 2012 deposition)

13   demonstrates that the ████████████ were not encompassed within the January 27th Order.

14   ████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████

16   ████████████   [83]   Such reports are not covered by the Order and are not essential in any

17   case in preparing damages opinions as to particular accused products.   They are not ████████

18   ████████████████████████████████████████

19                    **3.**          ████████   **Reports Are Not Encompassed Within the Order**

20         Apple also claims ████ reports are covered by the order.[84]   ████ reports are probably

21   even less encompassed within the Order than ████████████ are.   ████████████

22   ████████████████████████████████████████

23   ████████████████████████████████████████████████████

24

25   _____
        [79]   Dkt. No. 642 at 7:6-11, 14:3-15:8.
        [80]   Transcript of Proceedings, CV-11-1846-LHK, January 19, 2012, at 168:22-169:3, Olson

26   Decl. (Dkt. No. 759-4), Ex. 8.
        [81]   Dkt. No. 673 at 11:11-17 & n.23, 15:14-23.
27      [82]   Motion at 13:7-8, 12-15.
        [83]   Deposition of Timothy Sheppard, January 24, 2012 ("Sheppard 1/24/12 Depo."), at 30:7-
28   31:12, Olson Decl., Ex. 9.
        [84]   Motion at 13:9-15.

█████████████████████ [5]   Such reports were not promised by Samsung or ordered by the Court to be produced.

## III.    ANY TECHNICAL VIOLATION OF THE DISCOVERY ORDER THAT THE COURT MIGHT FIND WAS NOT COMMITTED WILLFULLY, IN BAD FAITH, OR THROUGH FAULT SO AS TO CREATE "EXTREME CIRCUMSTANCES" JUSTIFYING THE EVIDENTIARY AND PROCEDURAL SANCTIONS REQUESTED BY APPLE

This is very clearly not a case in which it would be appropriate to impose the draconian sanctions sought by Apple, which include (but are not limited to):   (1) precluding Samsung from offering at trial its own essential damages-related evidence, or from cross-examining Apple's damages experts about any matters addressed in their required expert reports, (2) reversing the Court's operative Discovery Order, and now compelling the production of every category of documents listed in Apple's harassing proposed discovery order, instead of the categories offered by Samsung in its Opposition and January 10 letter, as originally ordered, and (3) allowing Apple's damages experts to offer opinions at trial outside of any type of written report or deposition concerning any documents listed in Apple's proposed discovery order.   Under Rule 37(b)(2)(A), such harsh and potentially case-dispositive sanctions should be imposed only under "extreme circumstances" in which a party violated a discovery order willfully, in bad faith, or through fault.   Imposition of such sanctions here would be manifestly unjust, as explained below.

Apple asserts that purported delay in production by Samsung has prejudiced Apple by preventing it from obtaining the documents and information necessary for its experts to prepare their reports by March 22, 2012.[86]   Apple's assertion is groundless for a number of reasons. First, Apple is responsible for the timing of its Motion.    After the parties reached an impasse at the February 14, 2012 meet and confer, Apple waited two weeks to file the instant motion.[87]

---

[85]   Sheppard 1/24/12 Depo. at 78:14-16, Olson Decl., Ex. 9.
[86]   Motion at 14:13-16:18.
[87]   Martin Decl., ¶ 22.

Second, Apple did not even attempt to discuss with Samsung a stipulation for an expedited briefing schedule that could possibly have allowed its Motion to be heard much sooner than April 3rd.   In fact, Apple never even informed Samsung that it would be filing this Motion.[88]

Third, Apple has repeatedly ignored the Court's February 3rd production deadline and has not been sanctioned, even though Apple has been almost five weeks late in producing a large number of financial documents going to the heart of Samsung's damages calculations, *e.g.,* (a) reports showing ███████, (b) ████████████████████████████████████████████ (c) ████████ ████████████████████████████████████████████████████████ ███████████████████████████████████████████ Moreover, Apple is in no position to complain about perceived inaccuracies and inconsistencies in Samsung's production, much less Samsung's production of updated financial information.   As discussed above, Apple produced a dramatically ████████████████ weeks *after* its Rule 30(b)(6) designee was deposed on financial topics, ████████████████████████████ ██████████████████████████████████████[89]

Finally, Apple has had since early February virtually all the financial information necessary to calculate damages.   The production of ████████ (or, at Apple's request, ████ ████████████ hardly constitute the type of egregious conduct that would warrant the extraordinary and harsh sanctions Apple seeks here.   Apple has repeatedly missed deadlines because of having to fix errors or provide greater detail to comply with the Court's Order, and the Court has imposed no evidentiary or procedural sanctions on Apple.   In any event, the clarifying, correcting, or more fully detailed documents about which Apple complains have been produced at least 2-3 weeks before expert reports are due, and the case is still months from trial.

Apple has not demonstrated that the information and documents produced by Samsung will not allow Apple's damages experts, working diligently, to finish their reports by March 22nd. And even if Apple's experts swear that they cannot do so, they certainly have not established that

---

[88]   *Id.*, ¶ 23.

[89]   *Compare* Exhibit 18 to the February 23, 2012 ████████████████ Mark Buckley, Price Dec., Ex 3 *with* APLNDC-Y0000232396-2430 ████████████████████), Price Decl., Ex. 4.

a brief extension of time to complete their reports would destroy the Court's scheduling of the case.   By no means has Apple shown that there is a high risk of prejudice caused by any conduct of Samsung that arguably could be considered sanctionable, and that no less drastic sanctions are available to address any delay in production that might have occurred.    Under such circumstances, Rule 37(b)(2)(A) sanctions should not be imposed.   *See Computer Task Group,* 364 F.3d at 1115.

*Lundy Enterprises, LLC v. Wasau Underwriters Insurance Company*, No. 06-3509, 2010 WL 323571, at *1, *3 (E.D. La. Jan. 21, 2010), cited by Apple in support of its sanctions request does not warrant any different result.   First, it is an unpublished Eastern District of Louisiana case, consisting of a short order that does not cite a single judicial authority as support for its ruling; it hardly constitutes persuasive authority for this Court.   Second, the order there was premised on the "automatic sanction" of exclusion under Rule 37(c) for failing to comply with Rule 26(a)(1)(A)(iii).[90]   *Id.* at *2.   No such rule of automatic exclusion applies here because Rule 37(c) does not apply; Samsung is not alleged to have failed to comply with Rule 26(a) or (e) as required for application of the presumptive automatic exclusion sanction of Rule 37(c).   Unlike Rule 37(c), Rule 37(b)(2)(A) is a rule of discretion without any presumed automatic exclusion of evidence.   Third, the order there is bereft of any analysis that would provide this Court guidance in applying Rule 37(b)(2)(A).   There is no discussion of whether the court found that the plaintiff making the claim in fact possessed the back-up documentation, and if he did not, how he could have prepared the spreadsheets, and if he did, why he did not produce it.[91]   Nor is there any discussion of whether the plaintiff ███████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████ a showing, made by Samsung in this case, provides more than a

---

[90]    Rule 26(a)(1)(A)(iii) requires a party claiming damages to produce "a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based . . . ."

[91]    The court simply made the conclusory statement that the plaintiff had "not demonstrated that the failure to provide the foundational evidence for the spread sheets is harmless or is substantially justified," as required to avoid automatic exclusion under Rule 37(c) for violations of Rule 26(a) or (e).   *Id.* at *3.

1   sufficient foundation for use of the ▮▮▮▮▮ at trial.   In short, *Lundy Enterprises* provides no

2   basis for imposing the harsh sanctions requested by Apple.

3   **<u>CONCLUSION</u>**

4        For the reasons stated, Apple's Motion for Sanctions should be denied.

5
6   DATED: March 12, 2012              Respectfully submitted,

7                                     QUINN EMANUEL URQUHART & SULLIVAN, LLP

8                                     By:     */s/ Victoria Maroulis*
                                          Charles K. Verhoeven
9                                         Kevin P.B. Johnson
                                          Victoria F. Maroulis
10                                        Michael T. Zeller

11                                    Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
                                      SAMSUNG ELECTRONICS AMERICA, INC. and
12                                    SAMSUNG TELECOMMUNICATIONS AMERICA,
                                      LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28