# EXHIBIT 1

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Attorneys for Plaintiff
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE INC.'S DISCLOSURE OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS** |

Pursuant to Patent Local Rules 3-1 and 3-2, Plaintiff Apple Inc. ("Apple") hereby submits the following Disclosure of Asserted Claims and Infringement Contentions.

Discovery has just begun, and Apple has outstanding discovery requests on Defendants Samsung Electronics Co., Ltd, Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") seeking information that may affect Apple's infringement contentions. Not all information about the Accused Instrumentalities is publicly available. Further still, Apple understands that Samsung may release products in the near future that infringe the asserted claims.

As such, Apple's investigation into the extent of infringement by Samsung is ongoing, and Apple makes these disclosures based on its current knowledge. In light of the foregoing, Apple reserves the right to supplement or amend these disclosures as further facts are revealed during the course of this litigation.

## I. DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS.

### A. Patent Local Rule 3-1(a) — Asserted Claims.

Samsung is liable under 35 U.S.C. § 271(a)-(c) and (g) for infringement of:

- Claims 1-4, 6, 7, 9-20, 25-29, 31, 32, 34-45 & 50 of United States Patent No. 6,493,002 ("the '002 patent") (infringement claim chart attached as Exhibits 1-3);
- Claims 1-20 of United States Patent No. 7,469,381 ("the '381 patent") (infringement claim charts attached as Exhibits 4-6);
- Claims 1-3, 5-7, 14-21, 23, 24, 26-28, 30-32, 39-46, 48, 49, 51-53, 55-57, 64-71, 73 & 74 of United States Patent No. 7,853,891 ("the '891 patent") (infringement claim charts attached as Exhibits 7-9);
- Claims 2, 4-13, 17-18, 27-42 & 47-52 of United States Patent No. 7,864,163 ("the '163 patent") (infringement claim charts attached as Exhibits 10-12);
- Claims 1-21 of United States Patent No. 7,844,915 ("the '915 patent") (infringement claim charts attached as Exhibits 13-15);

- Claims 1-3, 6, 9-13, 15, 16 & 20-31 of United States Patent No. 7,812,828 ("the '828 patent") (infringement claim chart attached as Exhibit 16);
- Claims 1-3, 6-8, 10 & 11 of United States Patent No. 7,663,607 ("the '607 patent") (infringement claim chart attached as Exhibit 17); and
- Claims 1-3, 5, 7, 9-12, 14, 16-19, 21, 22, 24-26 & 28 of United States Patent No. 7,920,129 ("the '129 patent") (infringement claim charts attached as Exhibits 18-19).

Apple's investigation is ongoing, and Apple reserves the right to identify additional asserted claims based upon continued discovery and investigation.

**B.    Patent Local Rule 3-1(b) — Accused Instrumentalities.**

The following Accused Instrumentalities infringe the asserted claims:

| | |
|---|---|
| Galaxy Tab | Gem |
| Galaxy Tab 10.1 | Gravity |
| Acclaim | Indulge |
| Captivate | Infuse 4G |
| Continuum | Intercept |
| Droid Charge | Mesmerize |
| Epic 4G | Nexus S |
| Exhibit 4G | Nexus S 4G |
| Fascinate | Replenish |
| Galaxy Ace | Showcase Galaxy S |
| Galaxy Prevail | Sidekick |
| Galaxy S (i9000) | Transform |
| Galaxy S 4G | Vibrant |

Exhibit 20 discloses which claims of each asserted patent that each Accused Instrumentality infringes based on Apple's investigation thus far. Apple's investigation is

APPLE INC.'S DISCLOSURE OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS
CASE NO. 11-CV-01846-LHK

2

1   ongoing, and Apple reserves the right to identify additional accused instrumentalities based upon
2   continued discovery and investigation.

3         **C.**      **Patent Local Rule 3-1(c) — Claim Charts for the Accused Instrumentalities.**

4   Attached as Exhibits 1-20 are claim charts that identify where each element of each
5   asserted claim of the asserted patents is found within the Accused Instrumentalities, based on the
6   information available to Apple.

7   The infringement evidence cited in these charts is exemplary and not exhaustive. Based
8   on information currently known to Apple, Apple alleges that each of the Accused
9   Instrumentalities infringes Apple's asserted claims in the same manner as disclosed in the
10  exemplary claim charts, Exhibits 3, 6, 9, 12, 15, 16 & 17, as limited by Exhibit 20.  Thus,
11  Exhibits 3, 6, 9, 12, 15, 16 & 17 apply equally to all the Accused Instrumentalities that do not
12  have a corresponding chart, as limited by Exhibit 20.  For example, the Acclaim infringes claims
13  1, 3-5, 7, 8, 10-12, 14, 15, 17-19 & 21 of the '915 patent (see Exhibit 20) in the same manner as
14  the Galaxy S 4G, as shown in Exhibit 15.

15  Apple's investigation is ongoing, and Apple reserves the right to amend or supplement
16  these claim charts based upon continued discovery and investigation.

17        **D.**      **Patent Local Rule 3-1(d) — Indirect Infringement.**

18  Samsung induces the infringement of others under 35 U.S.C. § 271(b) to the extent it
19  contracts, instructs, or otherwise induces others to make, use, offer to sell, sell, or import the
20  Accused Instrumentalities within or into the United States.  Samsung also contributes to the
21  infringement of others under 35 U.S.C. § 271(c) to the extent it offers to sell, sells, or imports part
22  or all of the Accused Instrumentalities within or into the United States.

23  To the extent Samsung's direct infringement is based on joint acts of multiple parties, the
24  role of each such party is described according to Apple's current understanding in Exhibits 1-20.
25  Apple's investigation is ongoing, and Apple accordingly reserves the right to amend or
26  supplement these assertions based upon continued discovery and investigation.

27
28

**E.     Patent Local Rule 3-1(e) — Nature of Infringement.**

Based on Apple's current understanding, each element or limitation of each asserted claim of each asserted patent is literally present in the Accused Instrumentalities, except where explicitly indicated. To the extent that any element or limitation of the asserted claims is not found to have literal correspondence in the Accused Instrumentalities, Apple alleges, on information and belief, that any such elements or limitations are present under the doctrine of equivalents in the Accused Instrumentalities.

**F.     Patent Local Rule 3-1(f) — Priority Dates.**

The asserted claims of the '002 patent claim priority to application no. 08/316,237, filed September 30, 1994.

The asserted claims of the '381 patent claim priority to provisional application nos. 60/937,993, filed June 29, 2007; 60/946,971, filed June 28, 2007; 60/945,858, filed June 22, 2007; 60/879,469, filed January 8, 2007; 60/883,801, filed January 7, 2007; and 60/879,253, filed January 7, 2007.

The asserted claims of the '891 patent claim priority to application nos. 11/635,847, filed December 8, 2006 and 10/193,573 (U.S. 7,343,566), filed July 10, 2002.

The asserted claims of the '163 patent claim priority to provisional application nos. 60/937,993, filed June 29, 2007; 60/946,715, filed June 27, 2007; 60/879,469, filed January 8, 2007; 60/879,253, filed January 7, 2007; and 60/824,769, filed September 6, 2006.

The asserted claims of the '828 patent claim priority to application nos. 11/015,434 (U.S. 7,339,580), filed December 17, 2004 and 09/236,513 (U.S. 6,323,846), filed January 25, 1999, and provisional application no. 60/072,059, filed January 26, 1998.

The asserted claims of the '915, '607, and '129 patents do not "claim[] priority to an earlier application" under Patent L.R. 3-1(f).

For each asserted claim, Apple reserves the right to claim priority to earlier invention dates.

APPLE INC.'S DISCLOSURE OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS
CASE NO. 11-CV-01846-LHK                                                                                                          4

### G. Patent Local Rule 3-1(g) — Patentee's Asserted Practice of the Claimed Inventions.

Exhibit 21 discloses which Apple products practice the claimed inventions, under Patent L.R. 3-1(g).

### H. Patent Local Rule 3-1(h) — Willful Infringement.

The basis of Apple's claim of willful infringement is set forth in Apple's Amended Complaint filed June 16, 2011. Samsung slavishly copied Apple's famous iPhone and iPad designs and patented features. Samsung continued to do so despite Apple's demand, made no later than July 2010, that Samsung stop its infringing activity.

Before initiating this lawsuit, Apple had a series of in-person meetings with Samsung. Apple illustrated Samsung's ongoing infringement in detail. For instance, on August 4, 2010, Apple representatives made a presentation entitled "Samsung's Use of Apple Patents in Smartphones." This presentation has been produced to Samsung at APLNDC00001103-1125.

## II. DOCUMENT PRODUCTION ACCOMPANYING DISCLOSURES.

### A. Patent Local Rule 3-2(a) — Documents Evidencing Pre-Application Disclosure.

Apple is not presently aware of any documents responsive to this category.

### B. Patent Local Rule 3-2(b) — Documents Evidencing Conception and Reduction to Practice.

Copies of documents evidencing conception, reduction to practice, design and development of the claimed inventions are produced at APLNDC00003749 - APLNDC00004422, APLNDC00004879 - APLNDC00005164, APLNDC00010655 - APLNDC00010713, APLNDC00010918 - APLNDC00011045, APLNDC00011048 - APLNDC00013689, APLNDC00014225 - APLNDC00014267, APLNDC00014338 - APLNDC00014356, APLNDC00014365 - APLNDC00035791.

. In addition, Apple will produce for inspection samples and prototypes embodying the claimed inventions.

### C. Patent Local Rule 3-2(c) — File Histories for the Patents-in-Suit.

Copies of the patent file histories are produced at APLNDC00020222-APLNDC00032478.

**D.  Patent Local Rule 3-2(d) — Ownership of the Patents-in-Suit.**

Copies of documents evidencing ownership of the patent rights are produced at APLNDC00022694, APLNDC00022697, APLNDC00020228-APLNDC00020232, APLNDC00020395-APLNDC00020397, APLNDC00025526-APLNDC00025528, APLNDC00025531-APLNDC00025533, APLNDC00025601-APLNDC00025602, APLNDC00026545-APLNDC00026546, APLNDC00029314-APLNDC00029315, APLNDC00029357-APLNDC00029358, APLNDC00029369-APLNDC00029370, APLNDC00024804-APLNDC00024806, APLNDC00027201-APLNDC00027202, APLNDC00027203-APLNDC00027204, APLNDC00028352-APLNDC00028353, APLNDC00028407-APLNDC00028408, APLNDC00029106, APLNDC00028678-APLNDC00028684, APLNDC00028910-APLNDC00028911.

**E.  Patent Local Rule 3-2(e) — Patentee's Asserted Practice of the Claimed Inventions.**

Copies of documents showing the operation of any aspects or elements of instrumentalities Apple relies upon as embodying the asserted claims are produced at APLNDC00010918-APLNDC00011045, APLNDC00011048-APLNDC00013689, APLNDC00014225-APLNDC00014244, APLNDC00014267, APLNDC00014338-APLNDC00014356, APLNDC00014365-APLNDC00017963, APLNDC00018483-APLNDC00020221, APLNDC00032716-APLNDC00035791.  In addition, Apple will produce for inspection commercial samples embodying the claimed inventions.

Dated:   August 26, 2011            MORRISON & FOERSTER LLP

                                    By:   /s/ Michael A. Jacobs
                                          Michael A. Jacobs

                                          Attorneys for Plaintiff
                                          APPLE INC.