# EXHIBIT 12

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Plaintiff
APPLE INC.

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE INC.'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Apple Inc. ("Apple" or "Plaintiff") hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, that Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC respond to Apple's Sixth Set of Requests for Production of Documents (the "Requests").  Apple requests that Samsung produce for inspection and copying the documents and things set forth below at the offices of Morrison & Foerster LLP, 425 Market St., San Francisco, CA 94105-2482 within thirty (30) days, or such other time as the parties agree or the Court orders.

## DEFINITIONS

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.  In addition, the following terms shall have the meanings set forth below whenever used in any Request.

1.      "Samsung," "You," "Your," and/or "Defendants" mean Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Defendants, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

2.      "Apple" means Apple Inc. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

3.      "Products at Issue" means the following products that Samsung has imported into or sold, or will import into or sell, in the United States: Acclaim, Captivate, Continuum, Droid Charge, Exhibit 4G, Epic 4G, Fascinate, Gem, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G, Gravity, Indulge, Infuse 4G, Intercept, Mesmerize, Nexus S, Nexus S 4G, Replenish, Showcase i500, Showcase Galaxy S, Sidekick, Transform, Vibrant, and Galaxy S II (aka Galaxy S 2) phones and the Galaxy Tab, Galaxy Tab 10.1, and Galaxy Tab 8.9 tablet computers, any similar products, and any products that Apple accuses of infringing its

1    intellectual property in this litigation.

2         4.     "Apple Products" means the original iPhone, iPhone 3G, iPhone 3GS, iPhone 4,

3    iPad, iPad 2, iPod touch, and future versions thereof.

4         5.     "Utility Patents at Issue" means U.S. Patent Nos. 7,812,828 (the "'828 Patent"),

5    6,493,002 (the "'002 Patent"), 7,469,381 (the "'381 Patent"), 7,844,915 (the "'915 Patent"),

6    7,853,891 (the "'891 Patent"), 7,663,607 (the "'607 Patent"), 7,864,163 (the "'163 Patent"), and

7    7,920,129 (the "'129 Patent").

8         6.     "Design Patents at Issue" means U.S. Design Patent Nos. D627,790 (the "D'790

9    Patent"), D617,334 (the "D'334 Patent"), D604,305 (the "D'305 Patent"), D593,087 (the "D'087

10   Patent"), D618,677 (the "D'677 Patent"), D622,270 (the "D'270 Patent"), and D504,889 (the

11   "D'270 Patent").

12        7.     "Patents at Issue" means the Utility Patents at Issue and the Design Patents at

13   Issue.

14        8.     "Hardware Design" means a device's casing, screen and screen borders, bezel or

15   band, buttons, ports, speaker, and all hardware, insignia, or ornamentation thereon.

16        9.     "Graphical User Interface Design" means the graphical user interface displayed

17   on a device's screen, including all of the icons displayed as part of the graphical user interface.

18        10.    "Original iPhone Trade Dress" means the following elements of Apple's product

19   designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the

20   front of the product; the appearance of a metallic bezel around the flat clear surface; a display

21   screen under the clear surface; under the clear surface, substantial black borders above and below

22   the display screen and narrower black borders on either side of the screen; when the device is on,

23   a matrix of colorful square icons with evenly rounded corners within the display screen; and

24   when the device is on, a bottom dock of colorful square icons with evenly rounded corners set

25   off from the other icons on the display, which does not change as other pages of the user

26   interface are viewed.

27        11.    "iPhone 3G Trade Dress" means the following elements of Apple's product

28   designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the

front of the product; the appearance of a metallic bezel around the flat clear surface; a display screen under the clear surface; under the clear surface, substantial black borders above and below the display screen and narrower black borders on either side of the screen; when the device is on, a row of small dots on the display screen; when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen; and when the device is on, a bottom dock of colorful square icons with evenly rounded corners set off from the other icons on the display, which does not change as other pages of the user interface are viewed.

12.     "iPhone 4 Trade Dress" means the following elements of Apple's product designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; a display screen under the clear surface; under the clear surface, substantial neutral (black or white) borders above and below the display screen and narrower black borders on either side of the screen; a thin metallic band around the outside edge of the phone; when the device is on, a row of small dots on the display screen; when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen; and when the device is on, a bottom dock of colorful square icons with evenly rounded corners set off from the other icons on the display, which does not change as other pages of the user interface are viewed.

13.     "iPhone Trade Dress" means the following elements of Apple's product designs: a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; a display screen under the clear surface; under the clear surface, substantial neutral (black or white) borders above and below the display screen and narrower neutral borders on either side of the screen; when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen; and when the device is on, a bottom dock of colorful square icons with evenly rounded corners set off from the other icons on the display, which does not change as other pages of the user interface are viewed.

14.     "iPad Trade Dress" means the following elements of Apple's product designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; the appearance of a metallic rim around the flat clear surface; a display screen under the clear surface; under the clear surface, substantial neutral (black or white) borders on all sides

of the display screen; and when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen.

15.     "iPad 2 Trade Dress" means the following elements of Apple's product designs: a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; the appearance of a metallic rim around the clear flat surface; a display screen under the clear surface; under the clear surface, substantial neutral (black or white) borders on all sides of the display screen; and when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen.

16.     "Trade Dress Registrations" means U.S. Registration Nos. 3,470,983; 3,457,218; and 3,475,327.

17.     "Trade Dress Applications" means U.S. Application Serial Nos. 77/921,838; 77/921,829; 77/921,867; and 85/299,118.

18.     "Registered Icon Trademarks" means the marks shown in U.S. Registration Nos. 3,866,196; 3,889,642; 3,886,200; 3,889,685; 3,886,169; and 3,886,197.

19.     "Purple iTunes Store Trademark" means the mark shown in U.S. Application Serial No. 85/041,463.

20.     "iTunes Eighth Note and CD Design Trademark" means the mark shown in U.S. Registration No. 2,935,038.

21.     "Apple Trademarks and Trade Dress" means the: Original iPhone Trade Dress, iPhone 3G Trade Dress, iPhone 4 Trade Dress, iPhone Trade Dress, iPad Trade Dress, iPad 2 Trade Dress, Trade Dress Registrations, Trade Dress Applications, Registered Icon Trademarks, Purple iTunes Store Trademark, and iTunes Eighth Note and CD Design Trademark

22.     "Accused Feature" means any aspect, element or function of any Product at Issue that is alleged to infringe any of the Patents at Issue, including each function identified in Apple's Infringement Contentions.  The term includes each of the following: (1) the function that allows for an image, list, or webpage to be scrolled beyond its edge until it is partially displayed; (2) the function that allows for an image, list, or webpage that is scrolled beyond its edge to scroll back or bounce back into place so that it returns to fill the screen; (3) the function that

allows for the automatic closing of a user interface window; (4) the function that allows for the display and operation of a user interface status bar; (5) the function that allows for the detection and identification of a touch or object on a touch screen display; (6) the function for detecting and interpreting user input or gestures on a touch screen display, including the function that determines whether a user input relates to scrolling or a scaling gesture; (7) the touch screen on the accused devices and any software, firmware, or other system used to control said touch screen.

23. "Source Code" means source code and source code repositories, including but not limited to: (1) all makefiles, history files, or similar code-generation control or version-control files for such source code, including files identifying (a) the date when code was checked in; (b) the identity of persons who coded and checked-in the code; and (2) an identification of such source code, including (a) version number(s), (b) the compiler used in the development of such source code and (c) the operating system used in the development of such source code. Requests for Source Code cover prototypes, released and unreleased versions, and public and proprietary Source Code.

24. "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26 and 34 and the relevant case law, and the broadest meaning consistent with the terms "writings" or "recordings" as set forth in Rule 1001 of the Federal Rules of Evidence, and specifically and without limitation include tangible things and electronically stored information, including e-mail and information stored on computer disk or other electronic, magnetic, or optical data storage medium. "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

25. "Communication(s)" means the transmittal of information in the form of facts, ideas, inquiries, and any exchange or transfer of information whether written, oral, electronic, or in any form.

26. "Tangible Thing(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law.

27. "Concerning" or "Relating" mean regarding, referring to, concerning, mentioning,

reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

28.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

29.    The use of the singular form of any word includes the plural and vice versa.

30.    "And" as well as "or" are to be construed either disjunctively or conjunctively to acquire the broadest meaning possible, so as to bring within the scope of the Request all information that might otherwise be construed to be outside its scope.  The term "all" is to be construed to mean "any" and "each" and vice versa.

31.    "Including" shall be construed to mean "including, without limitation" or "including, but not limited to."

32.    "Person(s)" means natural persons as well as business entities and associations of all sorts, including partnerships, companies, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations.

33.    "Entity" or "Entities" means, including without limitation, corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

34.    "Third Party" or "Third Parties" means all persons who are not parties to this Litigation, as well as their officers, directors, employees, agents and attorneys.

35.    "First Amended Complaint" means the first amended complaint in the above-captioned action dated June 16, 2011.

36.    "Answer" means Samsung's answer to the First Amended Complaint in the above-captioned action dated June 30, 2011.

37.    "Samsung's Counterclaims" means Samsung's Counterclaims asserted in response to the First Amended Complaint in the above-captioned action dated June 30, 2011.

38.    "Related Foreign Proceedings" means any litigation or court proceeding involving

Apple and Samsung occurring outside the United States regarding any of the same subject matter, patents, trademarks, or products at issue in this case.

## INSTRUCTIONS

1.     Each document is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction, and as maintained in the ordinary course of business.

2.     If Samsung withholds any documents on a claim of privilege, provide a statement of the claim of privilege and all facts relied upon in support of that claim as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

3.     Documents responsive to each Request must be produced in full and subject to any Request being narrowed by the parties' meeting and conferring regarding your corresponding requests to Plaintiff, if applicable.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 192:**

All Documents relating to your analysis, review, consideration or assessment of any Apple Product or product feature in designing, developing, or implementing any feature of the Products at Issue, including:  (1) the Hardware Design; and (2) the Accused Feature.

**REQUEST FOR PRODUCTION NO. 193:**

All Documents comparing the operating system installed in the Products at Issue (including but not limited to the Android operating system and/or platform) to the operating system used on the Apple Products, or any part, feature or portion thereof.

**REQUEST FOR PRODUCTION NO. 194:**

All Documents to or from Lee Don-Joo relating to his consideration or review of any Apple Product, its hardware design, or its features.

**REQUEST FOR PRODUCTION NO. 195:**

All Documents relating to the work conducted by any group within Defendants that analyzed, considered, or compared any Apple Product or product feature in developing one or more of the Products at Issue.

**REQUEST FOR PRODUCTION NO. 196:**

All Documents relating to any competitor studies, market analysis, review, consideration, or assessment of the Apple Trademarks and Trade Dress.

**REQUEST FOR PRODUCTION NO. 197:**

All Documents sufficient to identify and show in detail each design around, allegedly non-infringing alternative manufacturing process, and/or alternative technology or method that can be used as an alternative to the patented technology of each of the Utility Patents at Issue.

**REQUEST FOR PRODUCTION NO. 198:**

Documents concerning each design around, and/or allegedly non-infringing alternative design that can be used as an alternative to the Design Patents at Issue.

**REQUEST FOR PRODUCTION NO. 199:**

All Documents relating to each change Samsung made, is now making, or will make to the Products at Issue in response to Apple's allegations in this lawsuit.

**REQUEST FOR PRODUCTION NO. 200:**

All Documents relating to steps taken to ensure Samsung's compliance with the intellectual property rights of third parties during the development of the Products at Issue.

**REQUEST FOR PRODUCTION NO. 201:**

All Documents sufficient to identify any steps Samsung took to ensure that any former Apple employee, consultant, or agent working for Samsung did not retain, access, use, or copy Apple proprietary materials while employed or retained by Samsung.

**REQUEST FOR PRODUCTION NO. 202:**

All Documents sufficient to identify each former Apple employee or consultant who has worked, works, or will work for Samsung and the nature of that work.

**REQUEST FOR PRODUCTION NO. 203:**

All Documents discussing, analyzing, or evaluating any of the intellectual property rights that Apple has asserted in this lawsuit, including the Patents at Issue and the Apple Trademarks and Trade Dress.

1

**REQUEST FOR PRODUCTION NO. 204:**

2

All Documents relating to Samsung's knowledge of any portion of Apple's intellectual

3

property portfolio, including the Patents at Issue and the Apple Trademarks and Trade Dress.

4

**REQUEST FOR PRODUCTION NO. 205:**

5

All Documents relating to Samsung's policies or practices to keep apprised of the current

6

state of intellectual property rights in the mobile electronic device industry, including the

7

smartphone, tablet computer, and digital media player industries.

8

**REQUEST FOR PRODUCTION NO. 206:**

9

All Documents relating to any research or investigation by or on behalf of Defendants

10

regarding intellectual property rights in the field of mobile electronic devices, including the

11

smartphone, tablet computer, and digital media player fields.

12

**REQUEST FOR PRODUCTION NO. 207:**

13

All Documents relating to the design, development, production, manufacture, or

14

implementation of the Products at Issue, including but not limited to: (1) their Hardware Design;

15

(2) the operating system used in the Product at Issue; (3) any Samsung application installed in the

16

Product at Issue; (4) the development, production and implementation of any Accused Feature;

17

(5) the design and development of the icons accused of infringement in the Products at Issue.

18

This request covers white papers, designs, plans, specifications, pamphlets, memorandums,

19

schematics, engineering drawings, guides, guidelines, technical overviews, design reports,

20

technical sheets, and any documents identifying the persons involved with these activities.

21

**REQUEST FOR PRODUCTION NO. 208:**

22

All Documents identifying the individuals who contributed to the design, development,

23

production, manufacture, or implementation of the Products at Issue, including:  (1) their

24

Hardware Design; (2) the development of the operating system used in the Product at Issue;

25

(3) the development of any Samsung application installed in the Product at Issue; and (4) the

26

development of any Accused Feature.

27

28

**REQUEST FOR PRODUCTION NO. 209:**

All Documents showing the identity and organizational structure of each entity within Samsung that contributed to the design, development, production, manufacture, implementation, marketing, and/or commercialization of the Products at Issue, including but not limited to: (1) their Hardware Design; (2) the development of the operating system used in the Product at Issue; (3) the development of any Samsung application installed in the Product at Issue; and (4) the development of any Accused Feature.

**REQUEST FOR PRODUCTION NO. 210:**

All Documents and things relating to the Hardware Design of the Products at Issue, including but not limited to, CAD images or files, prototype 3D models (mockups), design history files, emails, notebooks, photographs, sketches, design specifications, models, mock-ups, and other design documents.

**REQUEST FOR PRODUCTION NO. 211:**

All Documents and things relating to any prior design project that led to the Products at Issue, including but not limited to, CAD images or files, prototype 3D models (mockups), design history files, emails, notebooks, photographs, sketches, design specifications, models, mock-ups, and other design documents.

**REQUEST FOR PRODUCTION NO. 212:**

All Documents concerning alternative Hardware Designs considered by Samsung during the development of the Products at Issue.

**REQUEST FOR PRODUCTION NO. 213:**

All Documents relating to functional and cost considerations that constrained or altered the Hardware Design of the Products at Issue.

**REQUEST FOR PRODUCTION NO. 214:**

All Documents relating to aesthetic considerations relating to the Hardware Design of the Products at Issue.

**REQUEST FOR PRODUCTION NO. 215:**

All Documents sufficient to identify the date of the first design of the following features of the Products at Issue:  (1) their Hardware Design; and (2) the Accused Feature.

**REQUEST FOR PRODUCTION NO. 216:**

All Documents showing when each Accused Feature was incorporated into the Product at Issue (including but not limited to the date when any code was incorporated into the Source Code of any Product at Issue), who incorporated such feature, who approved such incorporation, and documents concerning such incorporation.

**REQUEST FOR PRODUCTION NO. 217:**

All Documents concerning when and under what circumstances each Product at Issue or any feature thereof was approved for sale or commercialization.

**REQUEST FOR PRODUCTION NO. 218:**

All Documents concerning strategy for commercializing each Product at Issue or any feature thereof.

**REQUEST FOR PRODUCTION NO. 219:**

All Documents constituting or concerning communications between Samsung and any third party regarding the Hardware Design of the Products at Issue.

**REQUEST FOR PRODUCTION NO. 220:**

All Documents relating to any testing, surveys, focus groups, studies, or other means of obtaining consumer opinions that Samsung conducted or had conducted on their behalf in connection with each consumer design preference for mobile electronic devices, including smartphones, tablet computers, and digital media players.

**REQUEST FOR PRODUCTION NO. 221:**

All Documents concerning a Mobile UX or similarly-titled study conducted by or for Samsung in or around April 2010.

**REQUEST FOR PRODUCTION NO. 222:**

All Documents concerning any complaints received from consumers regarding the Products at Issue, reasons that consumers return the Products at Issue, or consumer dissatisfaction with the Products at Issue.

**REQUEST FOR PRODUCTION NO. 223:**

All Source Code, specifications, schematics, flow charts, artwork, formulas, or other documentation showing the operation of elements of the Products at Issue that are alleged to infringe any of the Patents at Issue.

**REQUEST FOR PRODUCTION NO. 224:**

All Source Code and executables for each version of the operating system (including but not limited to the source code for the Android operating system and/or platform) used in each Product at Issue, including, but not limited to, any kernel, library, or application framework.

**REQUEST FOR PRODUCTION NO. 225:**

All Documents showing , for each Product at Issue, the evolution and version history of the operating system (including but not limited to the Android operating system and/or platform) used in that Product at Issue, including, but not limited to, the dates during which each version of operating system was used.

**REQUEST FOR PRODUCTION NO. 226:**

All Documents identifying, for each Product at Issue, any updates to the operating system (including, but not limited to, the Android operating system and/or platform) used in the Product at Issue, including, but not limited to, the date(s) when such updates were made available.

**REQUEST FOR PRODUCTION NO. 227:**

All Documents referring or relating to the features, operations, characteristics of, or changes made to each version of the operating system (including, but not limited to, the Android operating system and/or platform) used in each Product at Issue, including technical specifications as well as instructions relating to deployment, installation, maintenance, and upgrade procedures.

**REQUEST FOR PRODUCTION NO. 228:**

All Documents showing the operation and functionality of the touch screens (including the display and touch sensor panels) of the Products at Issue, including the Source Code for each version of any software, firmware, program(s), library(ies) or other system used to control the touch screens.

**REQUEST FOR PRODUCTION NO. 229:**

All Documents showing, for each Product at Issue, the evolution and version history of any software, firmware, program(s), library(ies) or other system used to control the touch screens (including the display and touch sensor panels) of the Products at Issue, including but not limited to the dates during which each version was in use.

**REQUEST FOR PRODUCTION NO. 230:**

All Documents identifying, for each Product at Issue, any update to any software, firmware, program(s), library(ies) or other system used to control the touch screens (including the display and touch sensor panels) of the Products at Issue, including, but not limited to, the date(s) when such updates were made available.

**REQUEST FOR PRODUCTION NO. 231:**

All Documents referring or relating to the features, operations, characteristics of, or changes made to each version of the any software, firmware, program(s), library(ies) or other system used to control the touch screens (including the display and touch sensor panels) of the Products at Issue, including technical specifications as well as instructions relating to deployment, installation, maintenance, and upgrade procedures.

**REQUEST FOR PRODUCTION NO. 232:**

All Source Code and executables for each version of each Samsung application installed in the Products at Issue, including for each of the following applications: Contacts, Browser (Internet), Calendar, Email, Music Player, Feeds & Updates, Camera, Gallery, Alarms and Clock (Clock), Daily  Briefing, Voice Recorder, Video Player, TouchWiz Launcher, My Files, Mediahub, and Memo.

**REQUEST FOR PRODUCTION NO. 233:**

All Documents showing, for each Product at Issue, the evolution and version history of each Samsung application installed in the Products at Issue, including but not limited to the dates during which each version of each application was installed, and the identity of each product in which the application was installed.

**REQUEST FOR PRODUCTION NO. 234:**

All Documents identifying, for each Product at Issue, any updates to each Samsung application installed in the Products at Issue, including, but not limited to, the date(s) when such updates were made available.

**REQUEST FOR PRODUCTION NO. 235:**

All Documents referring or relating to the features, operations, characteristics of, or changes made to each version of any Samsung application installed in the Products at Issue, including, but not limited to, those relating to deployment, installation, maintenance, and upgrade procedures.

**REQUEST FOR PRODUCTION NO. 236:**

All Source Code and executables for any software, firmware, program(s), library(ies) or other system used in performing any Accused Feature.

**REQUEST FOR PRODUCTION NO. 237:**

All Documents showing, for each Product at Issue, the evolution and version history for any software, firmware, program(s), library(ies) or other system used in performing any remaining Accused Feature, including, but not limited to, the dates during which each version was used in the Products at Issue, and the identity of each product in which the version was installed.

**REQUEST FOR PRODUCTION NO. 238:**

All Documents identifying, for each Product at Issue, any updates to the software, firmware, program(s), library(ies) or other system used in performing each remaining Accused Feature, including but not limited to the date(s) when such updates were made available.

**REQUEST FOR PRODUCTION NO. 239:**

All Documents referring or relating to the features, operations, characteristics of, or changes made to, each version of the software, firmware, program(s), library(ies) or other system used in performing each remaining Accused Feature, including technical specifications as well as instructions relating to deployment, installation, maintenance, and upgrade procedures.

**REQUEST FOR PRODUCTION NO. 240:**

All Documents concerning the design, manufacture, specifications and operation of the touch screens (including the display and touch sensor panels) on the Products at Issue.

**REQUEST FOR PRODUCTION NO. 241:**

All Source Code and executables for any software, firmware, program(s), library(ies) or other system used to control the touch screens (including the display and touch sensor panels) on the Products at Issue.

**REQUEST FOR PRODUCTION NO. 242:**

All Source Code and executables for any software, firmware, program(s), library(ies) or other system running on any monitoring circuitry, integrated circuit, chip, controller or module used to operate the touch screens (including the display and touch sensor panels) on the Products at Issue.

**REQUEST FOR PRODUCTION NO. 243:**

All Documents showing the arrangement and specification of traces, conductive lines, conductive layers, glass, dielectrics, substrates, adhesives, and other elements used to construct the touch screens (including the display and touch sensor panels) of the Products at Issue.

**REQUEST FOR PRODUCTION NO. 244:**

All Documents concerning the design, manufacture, specification and operation of any monitoring circuitry, integrated circuit, chip, controller or module used to operate the touch screens (including the display and touch sensor panels) of the Products at Issue.

**REQUEST FOR PRODUCTION NO. 245:**

All data sheets concerning the touch screens (including the display and touch sensor panels) on the Products at Issue or any monitoring circuitry, integrated circuit, chip, controller or

1   module used to operate said touch screens.

2   **REQUEST FOR PRODUCTION NO. 246:**

3       All user documents, guides and operating manuals provided to the buyers of the Product at

4   Issue.

5   **REQUEST FOR PRODUCTION NO. 247:**

6       Three samples of each version of the product packaging used by any retailer for each of

7   the Products at Issue.

8   **REQUEST FOR PRODUCTION NO. 248:**

9       All Documents concerning the imprecision of human fingers when using devices with a

10  touch screen display.

11  **REQUEST FOR PRODUCTION NO. 249:**

12      All Documents concerning any function performed by the Products at Issue to account,

13  correct, or compensate for the imprecision of human fingers when using devices with a touch

14  screen display.

15  **REQUEST FOR PRODUCTION NO. 250:**

16      All development agreements between Samsung and third parties in connection with the

17  operating system (including, but not limited to, the Android operating system and/or platform)

18  and any applications installed in the Products at Issue.

19  **REQUEST FOR PRODUCTION NO. 251:**

20      All Samsung-authorized or -authored publications, articles, technical reviews, and white

21  papers discussing Android or any other operating system installed in the Products at Issue.

22  **REQUEST FOR PRODUCTION NO. 252:**

23      All competitive and market analysis documents concerning the Products at Issue.

24  **REQUEST FOR PRODUCTION NO. 253:**

25      All competitive and market analysis documents concerning Apple or any of the Apple

26  Products.

27  **REQUEST FOR PRODUCTION NO. 254:**

28      All documents referring to or reflecting why customers purchase the Products at Issue.

**REQUEST FOR PRODUCTION NO. 255:**

All documents that refer to any of the accused features or designs of the Products at Issue.

**REQUEST FOR PRODUCTION NO. 256:**

All Documents relating to the marketing plan and/or advertising plan for the Products at Issue.

**REQUEST FOR PRODUCTION NO. 257:**

All Documents relating to actual or possible confusion, mistake or deception, or the likelihood of confusion, as to source, affiliation, or sponsorship between Apple and Samsung or between any of the Apple Products and any of the Products at Issue.

**REQUEST FOR PRODUCTION NO. 258:**

All Documents relating to the first offer for sale or sale of each Product at Issue.

**REQUEST FOR PRODUCTION NO. 259:**

All Documents concerning the first public use of each Product at Issue.

**REQUEST FOR PRODUCTION NO. 260:**

For each Product at Issue, documents sufficient to show (a) the style, model number, trade name, or any other product identifier of each product; (b) the dates of manufacture of each product; (c) the name of the entity or entities responsible for the design and manufacture of each product; (d) the starting and ending dates of sale of each product; (e) the total sales (by unit and dollar amount) of each product; (f) the unit cost during each year it was sold; (g) the unit sales price during each year it was sold; (h) the incremental gross profit attributable to the sale or other conveyance; (i) the operating profit attributable to the sale or other conveyance; and (k) the names of the persons who approved the selection, design, sale, use, and/or adoption of the product.

**REQUEST FOR PRODUCTION NO. 261:**

For each Product at Issue, documents that tie to the general ledger and show, by each product style or product identifier and each quarter: (1) gross revenues; (2) net revenues; (3) quantity sold; (4) average selling price; (5) cost of goods sold; and (6) any marketing expenses specifically attributed to the Product at issue.

**REQUEST FOR PRODUCTION NO. 262:**

All Documents relating to how Samsung accounts for revenue and expenses of the Products at Issue, including any accounting policies, internal controls, internal manuals or other accounting documents that describe how revenue, cost of goods sold, and sales, general or administrative expenses related to any Product at Issue should be recorded and reported.

**REQUEST FOR PRODUCTION NO. 263:**

All Documents that reflect or refer to any projections of sales, cost of goods sold, pricing, and quantity to be shipped for any of the Products at Issue.

**REQUEST FOR PRODUCTION NO. 264:**

All Documents reflecting or referring to the incremental profit or economic value from the sale or marketing of the Products at Issue, including any effort to calculate contribution margin, operating margin, incremental margin or margin profit from the sale of the Products at Issue or the line of Products at Issue.

**REQUEST FOR PRODUCTION NO. 265:**

All Documents reflecting or relating to any actual or projected Samsung revenue and profits in connection with any sales, licenses or any other activity relating to the Products at Issue, including profit and loss statements, income statements, any other financial statements or projections, and documents that describe, analyze or comment on such actual or projected revenues and profits.

**REQUEST FOR PRODUCTION NO. 266:**

All Documents showing the actual costs and projected costs associated with each Product at Issue, including the research, development, design, engineering, manufacturing, importation, and marketing costs.

**REQUEST FOR PRODUCTION NO. 267:**

All Documents showing the prices at which Samsung sells any Product at Issue between any of its subsidiaries.

**REQUEST FOR PRODUCTION NO. 268:**

All settlement agreements to which Samsung was a party that included a license to or covenant not to sue regarding any of the Samsung Patents or any patent that covered mobile phone technology.

**REQUEST FOR PRODUCTION NO. 269:**

All licenses to technology that was incorporated into any of the Products at Issue.

**REQUEST FOR PRODUCTION NO. 270:**

All Documents relating to any internal or independent effort to assign a value of any technology incorporated into one of the Products at Issue, including any valuation of intellectual property performed in connection with the acquisition of any company or any effort to value intellectual property in connection with quarterly analysis of whether intangible rights should be impaired or written down.

**REQUEST FOR PRODUCTION NO. 271:**

All Documents constituting or concerning any licenses offered, accepted, considered, negotiated, or agreed to by Samsung concerning mobile electronic devices (including smartphones, tablet computers, digital media players, and each of the Products at Issue), including all actual and draft licenses, term sheets, all communications with actual or potential licensors or licensees, as well as all memoranda or notes relating thereto.

**REQUEST FOR PRODUCTION NO. 272:**

All agreements between Samsung and any third party related to the Products at Issue, including licensing agreements, distribution agreements, development agreements, advertisement agreements, and any agreements related to the sale, licensing, distribution, advertising, development, or commercialization of the Products at Issue.

**REQUEST FOR PRODUCTION NO. 273:**

All Documents concerning any royalties or licensing fees paid by or to Samsung for the use, manufacture, or sale of mobile electronic devices (including smartphones, tablet computers, digital media players, and each of the Products at Issue), including but not limited to any quarterly, monthly or annual reporting of royalties paid or received.

**REQUEST FOR PRODUCTION NO. 274:**

Documents concerning Samsung's licensing program for mobile electronic devices (including smartphones, tablet computers, digital media players, and each of the Products at Issue), including policies and strategies for licensing its own intellectual property or acquiring rights to the intellectual property of others.

**REQUEST FOR PRODUCTION NO. 275:**

Documents sufficient to identify Samsung's licensing personnel, location of said personnel, duties of said personnel, and costs of said personnel.

**REQUEST FOR PRODUCTION NO. 276:**

All Documents concerning Samsung's business model with respect to the Products at Issue, including any revenue model, marketing strategy, distribution model, costs, licensing strategies, and financial projection relating to the Products at Issue.

**REQUEST FOR PRODUCTION NO. 277:**

All Documents relating to any actual or projected revenue or profits lost by Apple as a result of or in connection with the sale, marketing or licensing of the Products at Issue.

**REQUEST FOR PRODUCTION NO. 278:**

All Documents concerning Samsung's business case for using the Android operating system and/or platform, including but not limited to any revenue model, marketing strategy, distribution model, cost estimates, licensing strategies, and financial projection relating to the Android operating system and/or platform.

**REQUEST FOR PRODUCTION NO. 279:**

All Documents relating to any valuation or assessment of the value of the Android operating system and/or platform or any part or portion thereof.

**REQUEST FOR PRODUCTION NO. 280:**

All Documents concerning Samsung's valuation of its intellectual property related to mobile electronic devices (including smartphones, tablet computers, digital media players, and each of the Products at Issue), including valuation of copyrights, trademarks, trade dress, and U.S.

and foreign patents and patent applications (including design patents) filed by or on behalf of, issued to, or assigned to Samsung.

**REQUEST FOR PRODUCTION NO. 281:**

All Documents concerning Samsung's valuation of any other entities' intellectual property related to mobile electronic devices (including smartphones, tablet computers, digital media players, and each of the Products at Issue), including valuation of copyrights, trademarks, trade dress, and U.S. and foreign patents and patent applications (including design patents) filed by or on behalf of, issued to, or assigned to that other entity.

**REQUEST FOR PRODUCTION NO. 282:**

All Documents concerning any products or services marketed, sold or offered for sale by Samsung in conjunction with the sale, offer for sale, distribution or use of the Products at Issue.

**REQUEST FOR PRODUCTION NO. 283:**

All Documents reflecting or relating to any actual or projected revenue, gross margin, cost of goods sold, and/or any measure of profit obtained by Samsung in connection with or derived from any products or services marketed, sold or offered for sale by Samsung in conjunction with the sale, offer for sale, distribution or use of the Products at Issue.

**REQUEST FOR PRODUCTION NO. 284:**

All Documents and things you allege are prior art to the Patents at Issue.

**REQUEST FOR PRODUCTION NO. 285:**

All Documents concerning or relating to any reference, document, item, thing or activity that you allege is prior art to the Patents at Issue, including, but not limited to, any document concerning or establishing the first public use, sale, offer for sale, knowledge, publication, patenting, invention, and/or reduction to practice of the prior art, and/or its abandonment, suppression or concealment.

**REQUEST FOR PRODUCTION NO. 286:**

All Documents concerning any prior public use, knowledge, publication, patenting or on sale activity qualifying as prior art or a patentability bar under 35 U.S.C. § 102(a) or 102(b).

**REQUEST FOR PRODUCTION NO. 287:**

All Documents concerning any prior inventorship or derivation of the inventions claimed in the Patents at Issue.

**REQUEST FOR PRODUCTION NO. 288:**

All Documents concerning any abandonment of the inventions claimed in the Patents at Issue.

**REQUEST FOR PRODUCTION NO. 289:**

All Documents concerning any invention or activity you allege invalidates any Patent at Issue under 35 U.S.C. §§ 102(d) & (e).

**REQUEST FOR PRODUCTION NO. 290:**

All Documents concerning the obviousness of any Patent at Issue.

**REQUEST FOR PRODUCTION NO. 291:**

All Documents concerning the allegedly functional aspects of the Design Patents at Issue.

**REQUEST FOR PRODUCTION NO. 292:**

All Documents describing, concerning, referring to the Patents at Issue.

**REQUEST FOR PRODUCTION NO. 293:**

All weekly, monthly, quarterly, or other periodic reports concerning the development, testing, sale, distribution, marketing, manufacturing, licensing, use or commercialization of any Product at Issue.

**REQUEST FOR PRODUCTION NO. 294:**

All websites or other materials posted by Samsung, or on behalf of Samsung, on any web site concerning any Product at Issue.

**REQUEST FOR PRODUCTION NO. 295:**

For each expert witness designated or disclosed by you, or whose opinion you intend to rely on at trial: (1) all Documents relied on by that expert in forming his/her opinions or drafting his/her expert report; (2) all prior expert reports and/or declarations submitted by that expert in other litigations involving any issue in dispute in this litigation; and (3) all trial and deposition transcripts from other litigation in which your expert witness served as an expert.

**REQUEST FOR PRODUCTION NO. 296:**

For each witness identified in Your initial disclosures, or each person responsible for the design, development or marketing of the Products at Issue, all trial or deposition transcripts from other litigation in which that witness testified.

**REQUEST FOR PRODUCTION NO. 297:**

All Documents showing the structure of Samsung's e-mail system and any manner of automatic deletion of e-mail.

**REQUEST FOR PRODUCTION NO. 298:**

All Documents showing the structure of Samsung's e-mail system and any manner of automatic deletion of e-mail.

**REQUEST FOR PRODUCTION NO. 299:**

All of Your communications with third parties, including Google, relating to Your litigation with Apple, including, but not limited to, this case.

**REQUEST FOR PRODUCTION NO. 300:**

All of Your communications with third parties, including Google, relating to Apple's Products.

**REQUEST FOR PRODUCTION NO. 301:**

All of Your communications with third parties, including Google, relating to Apple's intellectual property, including its utility and design patents, trademarks, and trade dress.

**REQUEST FOR PRODUCTION NO. 302:**

All court files from the Related Foreign Proceedings, including pleadings, motions, statements, and Your responses to discovery requests.

**REQUEST FOR PRODUCTION NO. 303:**

All Documents that Samsung has produced in the Related Foreign Proceedings.

**REQUEST FOR PRODUCTION NO. 304:**

All deposition and hearing transcripts from Related Foreign Proceedings.

**REQUEST FOR PRODUCTION NO. 305:**

All Documents relating to Your smart phone partnership and cross-license with Microsoft,

1    including communications, draft agreements, negotiation history, and the final agreement signed

2    by You and Microsoft in September 2011.

3    **REQUEST FOR PRODUCTION NO. 306:**

4         All Documents relating to Samsung's document back-up, destruction and storage policies

5    of documents relevant to this case.

6    **REQUEST FOR PRODUCTION NO. 307:**

7         All Documents relating to the procedures followed and actions taken to assure the

8    preservation and maintenance of documents and other materials relevant to this case.

9    **REQUEST FOR PRODUCTION NO. 308:**

10        All Documents concerning the procedure followed and actions taken by You to search for,

11   locate, and produce documents requested by Plaintiff in this case.

12   **REQUEST FOR PRODUCTION NO. 309:**

13        A copy of the "litigation hold" memorandum and/or any other correspondence

14   distributed to, between or among, You and Your employees concerning preserving documents,

15   electronic records, and other things for this litigation.

16   **REQUEST FOR PRODUCTION NO. 310:**

17        All Documents related to the destruction, whether or not inadvertent, of any document

18   responsive to Apple's discovery requests in this case.

19   **REQUEST FOR PRODUCTION NO. 311:**

20        Documents sufficient to identify the identity, job title, dates of employment, and

21   responsibilities of all Your employees in the Office of Development (개발실), a Samsung

22   organization mentioned in Samsung document SAMNDCA00513783-513786.

23   **REQUEST FOR PRODUCTION NO. 312:**

24        Documents sufficient to describe the organizational structure of the Office of

25   Development.

26   **REQUEST FOR PRODUCTION NO. 313:**

27        Documents sufficient to identify the identity, job title, dates of employment, and

28   responsibilities of all Your employees in the R&D Management Group (개발관리그룹), a

1    Samsung organization mentioned in Samsung document SAMNDCA00513783-513786.

2    **REQUEST FOR PRODUCTION NO. 314:**

3        Documents sufficient to describe the organizational structure of the R&D Management

4    Group.

5    **REQUEST FOR PRODUCTION NO. 315:**

6        Documents sufficient to identify the identity, job title, dates of employment, and

7    responsibilities of all Your employees in the Product Strategy Team (상품전략팀) of the Mobile

8    Communication Division, a Samsung organization mentioned in Samsung document

9    SAMNDCA00507493-507496.

10   **REQUEST FOR PRODUCTION NO. 316:**

11       Documents sufficient to describe the organizational structure of the Product Strategy

12   Team (상품전략팀) of the Mobile Communication Division.

13   **REQUEST FOR PRODUCTION NO. 317:**

14       Documents sufficient to identify the  identity, job title, dates of employment, and

15   responsibilities of all Your employees in the Product Planning Group of Samsung's Mobile

16   Communication Division.

17   **REQUEST FOR PRODUCTION NO. 318:**

18       Documents sufficient to describe the organizational structure of the Product Planning

19   Group of the Mobile Communication Division.

20   **REQUEST FOR PRODUCTION NO. 319:**

21       All Documents to or from Benjamin Lee referring to Apple or Apple Products.

22   **REQUEST FOR PRODUCTION NO. 320:**

23       All Documents to or from Byung-Soo Kim referring to Apple or Apple Products.

24   **REQUEST FOR PRODUCTION NO. 321:**

25       All Documents to or from Joon-Il Choi referring to Apple or Apple Products.

26   **REQUEST FOR PRODUCTION NO. 322:**

27       All Documents to or from Hankil Yoon referring to Apple or Apple Products.

28

1  **REQUEST FOR PRODUCTION NO. 323:**

2       All Documents to or from Won Pyo Hong (홍원표) referring to Apple or Apple Products.

3  **REQUEST FOR PRODUCTION NO. 324:**

4       All Documents regarding Mr. Lee Don-Joo's alleged statements to the press with respect

5  to redesign of the Galaxy Tab 10.1 following Apple's announcement of the iPad2.

6  **REQUEST FOR PRODUCTION NO. 325:**

7       All Documents generated by Mr. Denison in connection with his preparation for the

8  30(b)(6) deposition, including any notes from his meetings with the employees identified in

9  Exhibit 225 of his deposition.

10  **REQUEST FOR PRODUCTION NO. 326:**

11      All Documents related to the "Star Wars" design alternative, as discussed in Samsung's

12  30(b)(6) deposition.

13  **REQUEST FOR PRODUCTION NO. 327:**

14      All Documents related to the "Stretch" design alternative, as discussed in Samsung's

15  30(b)(6) deposition.

16  **REQUEST FOR PRODUCTION NO. 328:**

17      All Documents related to Wookyun Kho's consideration of Apple or Apple Products or

18  their features, as discussed in Samsung's supplemental response to Apple's Interrogatory

19  Number 1.

20  **REQUEST FOR PRODUCTION NO. 329:**

21      All Documents authored or received by, or originated from any of Your employees

22  involved in making decisions on product designs or product features that mention Apple or

23  discuss any of Apple's iPhones or iPads during the period from 2007 to present.

24  **REQUEST FOR PRODUCTION NO. 330:**

25      All Documents authored or received by, or originated from any of Your employees in the

26  Office of Development (개발실), R&D Management Group (개발관리그룹), Product Strategy

27

28

Team (상품전략팀), or Product Planning Group mentioning Apple or discussing Apple's iPhones or iPads during the period from 2007 to present.

**REQUEST FOR PRODUCTION NO. 331:**

All Documents that Samsung intends to rely upon to support any claim construction position, including without limitation the claims.

**REQUEST FOR PRODUCTION NO. 332:**

All Documents that Samsung intends to rely upon to support any claim or defense made in this Litigation, including without limitation the claims, allegations, defenses and statements made in Samsung's Answer.

**REQUEST FOR PRODUCTION NO. 333:**

All Documents relating to Defendants' assertion in their First Affirmative Defense (set forth at ¶ 276 of the Answer) that "Apple's Complaint, on one or more claims for relief set forth therein, fails to state a claim upon which relief can be granted."

**REQUEST FOR PRODUCTION NO. 334:**

All Documents relating to Defendants' assertion in their Second Affirmative Defense (set forth at ¶ 277 of the Answer) that "[t]he Samsung Defendants have not infringed, and currently do not infringe '002, '381, '607, '828, '915, '891, '163 or '129 (the 'Apple Utility Patents') or the 'D790, 'D334, 'D305, or 'D677, 'D889, 'D087, or 'D270 Patents (the 'Apple Design Patents') (the Apple Utility Patents and the Apple Design Patents are, collectively, the 'Apple Patents in Suit') directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner."

**REQUEST FOR PRODUCTION NO. 335:**

All Documents relating to Defendants' assertion in their Third Affirmative Defense (set forth at ¶ 278 of the Answer) that the claims of the Patents at Issue "are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and/or 171."

**REQUEST FOR PRODUCTION NO. 336:**

All Documents relating to Defendants' assertion in their Fourth Affirmative Defense (set forth at ¶ 279 of the Answer) that "Apple has no valid, protectable marks or trade dress in which it enjoys any rights that may be asserted against the Samsung Defendants."

**REQUEST FOR PRODUCTION NO. 337:**

All Documents relating to Defendants' assertion in their Fifth Affirmative Defense (set forth at ¶ 280 of the Answer) that "[t]he claims made in the Complaint and the relief sought therein are barred, in whole or in part, on the basis that the alleged marks at issue, the alleged trade dress at issue, the Apple Design Patents, and the use of said marks, said trade dress and said Apple Design Patents are functional."

**REQUEST FOR PRODUCTION NO. 338:**

All Documents relating to Defendants' assertion in their Sixth Affirmative Defense (set forth at ¶ 281 of the Answer) that "[t]he claims made in the Complaint and the relief sought therein are barred, in whole or in part, on the basis that the marks and alleged trade dress at issue lack distinctiveness, including, without limitation, secondary meaning."

**REQUEST FOR PRODUCTION NO. 339:**

All Documents relating to Defendants' assertion in their Seventh Affirmative Defense (set forth at ¶ 282 of the Answer) that "[t]he claims made in the Complaint and the relief sought therein are barred, in whole or in part, on the basis that the marks and alleged trade dress at issue are generic."

**REQUEST FOR PRODUCTION NO. 340:**

All Documents relating to Defendants' assertion in their Eighth Affirmative Defense (set forth at ¶ 283 of the Answer) that "[e]ach of the purported claims set forth in Apple's Complaint is barred by the doctrines of waiver, acquiescence, and estoppel."

**REQUEST FOR PRODUCTION NO. 341:**

All Documents relating to Defendants' assertion in their Ninth Affirmative Defense (set forth at ¶ 284 of the Answer) that "[t]he Apple Patents in Suit and the marks and alleged trade

dress at issue are unenforceable, in whole or in part, against the Samsung Defendants under the doctrine of laches."

**REQUEST FOR PRODUCTION NO. 342:**

All Documents relating to Defendants' assertion in their Tenth Affirmative Defense (set forth at ¶ 285 of the Answer) that "[t]he claims made in the Complaint are barred, in whole or in part, by abandonment of the marks and alleged trade dress at issue."

**REQUEST FOR PRODUCTION NO. 343:**

All Documents relating to Defendants' assertion in their Eleventh Affirmative Defense (set forth at ¶ 286 of the Answer) that "[t]he claims made in the Complaint are barred, in whole or in part, because of Apple's failure to mitigate damages."

**REQUEST FOR PRODUCTION NO. 344:**

All Documents relating to Defendants' assertion in their Twelfth Affirmative Defense (set forth at ¶ 287 of Defendants' Answer) that "[t]he relief sought by Apple as to the claims of one or more of the Apple Patents in Suit is barred under the doctrine of prosecution history estoppel."

**REQUEST FOR PRODUCTION NO. 345:**

All Documents relating to Defendants' assertion in their Thirteenth Affirmative Defense (set forth at ¶ 288 of the Answer) that "[o]ne or more of the Apple Patents in Suit are unenforceable, in whole or in part, against the Samsung Defendants under the doctrine of prosecution laches."

**REQUEST FOR PRODUCTION NO. 346:**

All Documents relating to Defendants' assertion in their Fourteenth Affirmative Defense (set forth at ¶ 289 of the Answer) that damages sustained by Apple "were caused in whole or in part or were contributed to by reason of the acts, omissions, negligence, and/or intentional misconduct of Apple, its agents, predecessors, and/or related entities."

**REQUEST FOR PRODUCTION NO. 347:**

All Documents relating to Defendants' assertion in their Fifteenth Affirmative Defense (set forth at ¶ 290 of the Answer) that "Apple is not entitled to equitable relief, including but not limited to Apple's request for injunctive relief."

**REQUEST FOR PRODUCTION NO. 348:**

All Documents relating to Defendants' assertion in their Sixteenth Affirmative Defense (set forth at ¶ 291 of the Answer) that "Apple's claims for enhanced damages and an award of fees and costs against the Samsung Defendants have no basis in fact or law."

**REQUEST FOR PRODUCTION NO. 349:**

All Documents relating to Defendants' assertion in their Seventeenth Affirmative Defense (set forth at ¶ 292 of the Answer) that "[t]he claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any trademarks or trade dress at issue."

**REQUEST FOR PRODUCTION NO. 350:**

All Documents relating to Defendants' assertion in their Eighteenth Affirmative Defense (set forth at ¶ 293 of the Answer) that "[t]he claims made in the Complaint are barred, in whole or in part, because the Samsung Defendants are not liable for the acts of others over whom it has no control."

**REQUEST FOR PRODUCTION NO. 351:**

All Documents relating to Defendants' assertion in their Nineteenth Affirmative Defense (set forth at ¶ 294 of the Answer) that "Apple's claims against the Samsung Defendants are barred because Apple's damages, if any, were not caused by the Samsung Defendants."

**REQUEST FOR PRODUCTION NO. 352:**

All Documents relating to Defendants' assertion in their Twentieth Affirmative Defense (set forth at ¶ 295 of the Answer) that "there has been no damage in any amount, manner or at all by reason of any act alleged against the Samsung Defendants in the Complaint."

**REQUEST FOR PRODUCTION NO. 353:**

All Documents relating to Defendants' assertion in their Twenty-First Affirmative Defense (set forth at ¶ 296 of the Answer) that "Apple's claims for injunctive relief are barred because Apple cannot show that it will suffer any irreparable harm from the Samsung Defendants' actions."

**REQUEST FOR PRODUCTION NO. 354:**

All Documents relating to Defendants' assertion in their Twenty-Second Affirmative Defense (set forth at ¶ 297 of the Answer) that Apple "would be adequately compensated by damages."

**REQUEST FOR PRODUCTION NO. 355:**

All Documents relating to Defendants' assertion in their Twenty-Third Affirmative Defense (set forth at ¶ 298 of the Answer) that "there is sought an overlapping or duplicative recovery pursuant to the various claims against the Samsung Defendants or others for any alleged single wrong."

**REQUEST FOR PRODUCTION NO. 356:**

All Documents relating to Defendants' assertion in their Twenty-Fourth Affirmative Defense (set forth at ¶ 299 of the Answer) that "no punitive or exemplary damages should be awarded arising out of the claims made in the Complaint under the law of the United States and California."

**REQUEST FOR PRODUCTION NO. 357:**

All Documents relating to any other affirmative defense that Defendants' assert in this case.

**REQUEST FOR PRODUCTION NO. 358:**

All Documents relating to Defendants' assertion in their Thirteenth Claim for Relief (set forth at ¶ 118 of the Defendants' Counterclaims) that the "Samsung Counterclaimants do not infringe and have not infringed the '828, '002, '381, '915, '891, '607, '163, '129, 'D790, 'D334, 'D305, 'D087, 'D677, 'D270, and 'D889 Patents, through their marking, using, selling and/or offering to sell, in the United States and/or importing into the United States, one or more of the Accused Products."

**REQUEST FOR PRODUCTION NO. 359:**

All Documents relating to Defendants' assertion in their Fourteenth Claim for Relief (set forth at ¶ 122 of the Defendants' Counterclaims) that the "[e]ach and every claim of the '828, '002, '381, '915, '891, '607, '163, '129, 'D790, 'D334, 'D305, 'D087, 'D677, 'D270, and 'D889

1   Patents are invalid for failing to satisfy one or more of the conditions for patentability specified in

2   Title 35 of the United States Code, including without limitation, Sections 101, 102, 103, 112

3   and/or 171."

4   **REQUEST FOR PRODUCTION NO. 360:**

5          All Documents relating to Defendants' assertion in their Fifteenth Claim for Relief (set

6   forth at ¶ 126 of Defendants' Counterclaims) that "[t]he appearance of the Samsung

7   Counterclaimants' line of Galaxy phones and tablet computers and their packaging also are not

8   likely to cause confusion, cause mistake, or deceive consumers as to the affiliation, connection, or

9   association of the Samsung Counterclaimants' line of Galaxy phones and tablet computers, or as

10  to the origin, sponsorship, or approval by Apple of the Samsung Counterclaimants' goods,

11  services, or commercial activities."

12  **REQUEST FOR PRODUCTION NO. 361:**

13         All Documents relating to Defendants' assertion in their Sixteenth Claim for Relief (set

14  forth at ¶ 133 of Defendants' Counterclaims) that "[t]he appearance of the Samsung

15  Counterclaimants' line of Galaxy phones and tablet computers and their packaging also are not

16  likely to cause confusion, cause mistake, or deceive consumers as to the affiliation, connection, or

17  association of the Samsung Counterclaimants' line of Galaxy phones and tablet computers, or as

18  to the origin, sponsorship, or approval by Apple of the Samsung Counterclaimants' goods,

19  services, or commercial activities."

20  **REQUEST FOR PRODUCTION NO. 362:**

21         All Documents relating to Defendants' assertion in their Seventeenth Claim for Relief (set

22  forth at ¶ 138 of Defendants' Counterclaims) that "[n]one of Apple's alleged trade dresses is, or

23  ever has been, 'distinctive' or 'famous' within the meaning of 15 U.S.C. § 1125(c)."

24  **REQUEST FOR PRODUCTION NO. 363:**

25         All Documents relating to Defendants' assertion in their Seventeenth Claim for Relief (set

26  forth at ¶ 139 of Defendants' Counterclaims) that "[e]ach of Apple's claimed trade dresses is

27  functional, common to consumer electronic products, generic and otherwise not distinctive or

28  protectable."

1

**REQUEST FOR PRODUCTION NO. 364:**

2

All Documents relating to Defendants' assertion in their Seventeenth Claim for Relief (set

3

forth at ¶ 140 of Defendants' Counterclaims) that "[t]he Samsung Counterclaimants' activities are

4

not likely to cause dilution of Apple's claimed trade dresses."

5

**REQUEST FOR PRODUCTION NO. 365:**

6

All Documents relating to Defendants' assertion in their Eighteenth Claim for Relief (set

7

forth at ¶ 145 of Defendants' Counterclaims) that "[e]ach of the alleged marks and trade dress

8

that is the subject of the '983, '218, '327, '196, '642, '200, '685, '169, '197, and '038

9

Registrations and the '463, '838, '829, '869, and '118 Applications is functional, is common to

10

consumer electronic products, is generic and otherwise is not distinctive or protectable."

11

**REQUEST FOR PRODUCTION NO. 366:**

12

All Documents relating to Defendants' assertion in their Nineteenth Claim for Relief (set

13

forth at ¶ 149 of Defendants' Counterclaims) that "[e]ach of the alleged marks and trade dress

14

that is the subject of the '983, '218, '327, '196, '642, '200, '685, '169, '197, and '038

15

Registrations is functional, is common to consumer electronic products, is generic and otherwise

16

is not distinctive or protectable."

17

**REQUEST FOR PRODUCTION NO. 367:**

18

All Documents relating to Defendants' assertion in their Twentieth Claim for Relief (set

19

forth at ¶ 154 of Defendants' Counterclaims) that "[n]one of the Accused Products infringes any

20

of the Patents In Suit, the Registrations In Suit, or Apple's claimed unregistered trade dress.  Nor

21

do any of the Accused Products dilute any of Apple's claimed trade dress.  Nor do any of the

22

Accused Products employ a false designation of origin or amount to unfair competition on the

23

part of the Samsung Counterclaimants.  Nor are any of the Accused Products likely to cause

24

confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or

25

association of the Samsung Counterclaimants' line of Galaxy phones and tablet computers, or as

26

to the origin, sponsorship, or approval by Apple of the Samsung Counterclaimants' goods,

27

services, or commercial activities."

28

1

**REQUEST FOR PRODUCTION NO. 368:**

2          All Documents relating to Defendants' assertion in their Twenty-First Claim for Relief

3  (set forth at ¶ 159 of Defendants' Counterclaims) that "[i]t would not be inequitable for the

4  Samsung Counterclaimants to retain the benefits from their lawful activities."

5

**REQUEST FOR PRODUCTION NO. 369:**

6          All Documents relating to Defendants' assertion (set forth at section P of Defendants'

7  Prayer for Relief) that they are entitled to its attorney's fees and costs because this is "an

8  exceptional case."

9

10

11  Dated:   October 26, 2011                    MORRISON & FOERSTER LLP

12

                                               By:    /s/ Wesley Overson
13                                                     Wesley Overson

14                                                     Attorneys for Plaintiff
15                                                     APPLE INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

      I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address

3

is 425 Market Street, San Francisco, California  94105-2482.  I am not a party to the within cause, and I am over the age of eighteen years.

4

      I further declare that on October 26, 2011, I served a copy of:

5

6

      **APPLE INC.'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS**

7

8

  ☒   **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically

9

mailing a true and correct copy  through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

10

11

**Charles K. Verhoeven**

charlesverhoeven@quinnemanuel.com

12

Quinn Emanuel Urquhart Oliver & Hedges, LLP

13

50 California Street, 22nd Floor
San Francisco, California 94111

14

Telephone: (415) 875-6600
Facsimile: (415) 875-6700

15

16

**Kevin P.B. Johnson**

kevinjohnson@quinnemanuel.com

17

**Victoria F. Maroulis**
victoriamaroulis@quinnemanuel.com

18

Quinn Emanuel Urquhart Oliver & Hedges, LLP

19

555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065

20

Telephone: (650) 801-5000
Facsimile: (650) 801-5100

21

22

**Edward J. DeFranco**

eddefranco@quinnemanuel.com

23

Quinn Emanuel Urquhart Oliver & Hedges, LLP
335 Madison Avenue, 22nd Floor

24

New York, NY 10017
Telephone: (212) 849-7000

25

Facsimile: (212) 849-7100

26

27

28

1   **Michael Thomas Zeller**
    michaelzeller@quinnemanuel.com
2   Quinn Emanuel Urquhart Oliver & Hedges, LLP
    865 S. Figueroa Street, 10th Floor
3   Los Angeles, CA 90017
    Telephone: (213) 443-3000
4   Facsimile: (213) 443-3100

5

6       I declare under penalty of perjury that the foregoing is true and correct.

7       Executed at San Francisco, California, this 26th day of October 2011.

8

9

10                       */s/ Cyndi Knisely*
                          Cyndi Knisely

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28