# EXHIBIT 13

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company.,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF ERIK J. OLSON IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS** |

I, Erik J. Olson, declare as follows:

1. I am a partner at Morrison & Foerster LLP representing Apple in this matter. I have appeared in this action. I have personal knowledge of the facts set forth below, except where I indicate that I am relying on the work of others whom I supervise. If called upon, I would and could competently testify thereto.

2. I have been personally involved in Apple's work to evaluate money damages and other relief in connection with its claims against Samsung. I have substantial prior legal and litigation experience in this area.

3. In connection with my work in this case, I have reviewed a substantial number of the documents that Samsung has produced that contain information on various financial metrics, such as sales, cost of goods sold, gross margin, expenses of various types, and operating profit. In addition, I have supervised other lawyers who have reviewed additional documents produced by Samsung. Collectively, these lawyers and I have made a good faith effort to look at the documents relating to this subject matter that Samsung has produced.

4. Based on the documents, it appears that Samsung uses an electronic database, as its "system of record" to keep track of accounting and financial data. Such systems store data and can routinely be used to prepare financial statements or financial reports through an electronic interface. Such reports can be prepared either based on a standardized template or prepared based on *ad hoc* criteria selected by a user. Such systems reduce the need to "print" certain financial data as a hard copy. Nonetheless, they are designed to provide consistent, and often immediate, access to updated reports for members of a company's finance and management team.

5. Samsung's production includes various, *ad hoc* documents that contain partial information from Samsung's financial system, presentations that include financial data from this and other sources, and material that does not appear to tie to Samsung's accounting database. The reports that Samsung has produced are piecemeal and incomplete. For example, they contain information that reflects only: (a) one or more carriers or vendors to whom Samsung sells phones; (b) one or more accused products; (c) one division of Samsung; (d) some but not all expenses (such as reports reflecting only standard costs or only advertising costs but not other costs of good

sold or other expenses); and (e) limited, often non-standard periods of time (e.g. May to August 2009). Alternatively, the documents produced are forecasts and not actual reports for periods prior to their production. The documents are occasionally inconsistent and no single type of report exists in sufficient numbers to cover the relevant period during which infringement has occurred based on Apple's allegations.

6. As a result, the documents produced to date are not sufficient to obtain any rational or consistent picture of Samsung's sales or profitability due to its infringement. To do so, it is important to have figures reflecting sales, costs, expenses, and various measures of profitability, and it is important to have data that is comprehensive and consistent across time periods and is drawn from Samsung's system of record.

7. Samsung also improperly seeks to limit its production solely to information that Samsung has specifically tied to an individual accused product. While that information must be produced, the vast majority of line items included in Samsung's income statement are not tracked on an individual product basis. To understand how such expenses should (or should not) be allocated to calculate Samsung's profits requires a production of Samsung's financial data on a broader basis.

8. Samsung's production is also lacking the worldwide data needed by Apple. If Samsung already allocated each relevant U.S. expense or deduction to a specific smartphone, worldwide data would be unnecessary. Samsung does not. Thus, experts will need to evaluate how any unallocated expenses should be treated. To do so, Apple's financial expert will need broader consolidated data on all of Samsung's sales and expenses in the United States and worldwide. Moreover, the broader data is needed to untangle the highly complex financial structure created by transfer pricing, internal reallocations and other intercompany transfers that artificially increase or diminish the revenues and profits of individual subsidiaries.

9. Obtaining consistent and comprehensive data from which to evaluate Samsung's profitability is one of the goals of Apple's motion to compel. Despite specific requests, Samsung has not provided this information to date.

10. I have also been involved in the collection of information from Apple on financial subjects. Apple has already produced documents taken from its system of record that reflect its sales and various GAAP measures of profitability for accused products during standardized periods, such as Apple's fiscal year

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of January, 2012 at San Francisco, California.

*/s/ Erik J. Olson*
Erik J. Olson

**ATTESTATION OF E-FILED SIGNATURE**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Erik J. Olson has concurred in this filing.

Dated: January 11, 2012

*/s/ Michael A. Jacobs*
Michael A. Jacobs