QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF TIMOTHY SHEPPARD IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR RULE 37(b)(2) SANCTIONS FOR SAMSUNG'S ALLEGED VIOLATION OF JANUARY 27, 2012 DAMAGES DISCOVERY ORDER**<br><br>Date: April 3, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

**PUBLIC REDACTED VERSION**

I, Timothy Sheppard, declare:

1. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would testify to the facts stated herein. This declaration is made in support of Samsung's Opposition to Apple's Rule 37(b)(2) Motion Re Samsung's Alleged Violation of January 27, 2012 Damages Discovery Order.

2. I am the Vice President of Finance and Operations at Samsung Telecommunications America, LLC ("STA"). In that position, I am the senior-most finance person at STA other than STA's CFO. I am responsible for all accounting operations at STA and also for both forward and reverse logistics. Forward logistics is the process involved in physically shipping products to customers, while reverse logistics is the process of receiving and repairing products that are in need of repair. I have held my position at STA for four years.

3. Prior to joining Samsung, I had already worked for over 15 years in various financial roles in the private sector. Immediately prior to joining Samsung, I was the Financial Controller for a venture capital company in Dallas, Best Merchant Partners. Prior to that, I worked for 10 years for a software company called i2 Technologies, ultimately holding the position of Vice President of Finance.

4. I have degree in mechanical engineering from the Imperial College of Science, Technology and Medicine in London, England, and a Masters in Business Administration from the Edinburgh Business School, Scotland. I also hold the equivalent of a CPA certification in the United Kingdom.

5. As a result of my position at STA, I am intimately familiar with how STA and Samsung Electronics America, Inc. ("SEA") maintain their financial and sales data, and the reports generated therefrom. I have also spoken with Mr. GiHo Ro, a Senior Manager in the Business Operations Group, Mobile Communications Business, Samsung Electronics Co., Ltd. ("SEC") (collectively with STA and SEA, "Samsung"), who was involved in gathering the

1  ▮▮▮▮ discussed herein and is familiar with SEC's financial reports.   I thus believe the
2  statements herein with respect to SEC are true and correct.
3         6.      I have reviewed Apple's Motion for Sanctions against Samsung, and the
4  Declaration of Eric R. Roberts in support thereof ("Roberts Declaration").   Apple's Motion and
5  the Roberts Declaration contain a number of incorrect statements and allegations about the ▮▮
6  ▮▮▮▮▮ Samsung has produced in compliance with the Court's Order of January 27,
7  2012.   It appears that most of these statements are the result of Apple filing its Motion and the
8  Roberts Declaration before taking my deposition on February 29, 2012, which addressed and
9  explained many of the questions raised.   Because my deposition was taken the day after Apple
10 filed its Motion, had Apple waited just two days to file its Motion, it seems much of the parties'
11 and the Court's time and resources could have been spared.
12        7.      In addition, on February 28, 2012, the same day Apple filed its Motion – but before
13 the Motion was filed – Samsung produced ▮▮▮▮▮▮▮▮▮▮ that is
14 attached in hard copy as Exhibit A to the Roberts Declaration.   A hard copy of the ▮▮▮
15 ▮▮▮▮▮▮▮▮▮▮▮▮▮ is attached as Exhibit
16 A hereto.   I will refer to the ▮▮▮▮ that is attached as Exhibit A to the Roberts Declaration
17 as the "▮▮▮▮▮" and the ▮▮▮▮ that is attached as Exhibit A hereto as the
18 "▮▮▮▮▮."   The ▮▮▮▮▮ is almost ▮▮▮▮▮▮▮
19 but addresses some of the very issues raised in the Roberts Declaration.
20        8.      On the same day that Samsung produced the ▮▮▮▮▮, it also produced
21 a ▮▮▮▮▮▮, which is attached in hard copy as Exhibit B hereto
22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ While the
23 ▮▮▮▮▮▮▮▮▮▮▮▮ regarding the accused
24 Samsung products, the ▮▮▮▮▮▮ provides ▮▮▮▮▮▮▮
25 about ▮▮▮▮▮▮▮▮▮▮.

1    9.    Apple's counsel questioned me extensively about all of these ▮▮▮▮ during
2 my deposition on February 29, 2012.  (See Ex. C, 37:9-101:7.)   Accordingly, had Apple waited
3 two days to file its Motion so it could hear my answers to their questions about the ▮▮▮▮ it
4 would have known that the ▮▮▮▮ which is the subject of the Roberts Declaration,
5 ▮▮▮▮ Apple would have also received
6 answers to many – if not all – of Mr. Roberts' questions through my deposition.   Nonetheless, for
7 the benefit of both the Court and Apple, I will attempt to address these issues yet again here.
8 Before I do so, however, I will provide some background ▮▮▮▮

9    10.    ▮▮▮▮
10 ▮▮▮▮
11 ▮▮▮▮
12 ▮▮▮▮
13 ▮▮▮▮
14 ▮▮▮▮
15 ▮▮▮▮
16 ▮▮▮▮
17 ▮▮▮▮

18    11.    ▮▮▮▮
19 ▮▮▮▮
20 ▮▮▮▮
21 ▮▮▮▮

22    12.    Accordingly, in all, Samsung has provided the following ▮▮▮▮
23 ▮▮▮▮
24 ▮▮▮▮
25 ▮▮▮▮

1 ██████████████████████████████████████████████████████████████████

2 ████████████████████████████████

3        13.     The first purported problem that Mr. Roberts raises with respect to the ██████

4 █████████████████████████████████████████████████     (Roberts Decl., 2:7.)   Mr.

5 Roberts, however, actually identifies only the following ████████████████   ███████

6 ██████████████████████████████████████████████████████████████████

7 █████████████████████████████     (*Id.*, 2:7-10.)

       14.     It is my understanding that the █████████████████████████████

9 ████████████████████████████████     █████████████████████████████████

10 ██████████████████████████████████████████████████████████████████

11 █████████████████████████████████████████████████████████████████

12 █████     (See Exhibit A to the Roberts Decl., p. 15; see also Exhibit A hereto,

13 ████████████████████████████████████    Although he had the opportunity to do so (he

14 questioned me for less than five hours), Apple's counsel did not question me about this issue

15 during my deposition.   Had he done so, I certainly would have explained this to him, and Mr.

16 Roberts would have realized that Samsung had in fact produced the information Apple seeks ███

17 ███████████████████████████████

18       15.     The second purported problem that Mr. Roberts raises with the █████

19 ███████████████████████████████████████████████████████████"   (Roberts

20 Decl., 2:11.)   However, Mr. Roberts then immediately admits that "s███████████████

21 █████████████████████"   (*Id.*, 2:11-12.)   This is exactly the case here.   ██████

22 ██████████████████████████████████████████████████████████████████

23 █████████████████████████████████████████████████████████████████

24 █████████████████████████████

25       16.     Again, Apple's counsel had the opportunity during my deposition to ask me to

26 identify ████████████████████████████████  He did not do so.   Had he asked me, I

27                                                       -5-                       Case No. 11-cv-01846-LHK
                                                  **SHEPPARD DECLARATION IN SUPPORT OF SAMSUNG'S**
28                                                      **MOTION FOR RULE 37(B)(2) SANCTIONS**

1 certainly would have ███████████████████████████████ and he would have

2 realized that Samsung had indeed produced the information that Apple seeks.   I have prepared

3 and attached hereto as Exhibit D███████████████████.

4      17.    The third purported problem raised by Mr. Roberts with respect █████████

5 █████████ is what he calls "████████████████████."   (Roberts Decl., 2:14-16.)   By

6 this, Mr. Roberts means that the ███████████████████████████████████████

7 ███████████████████████   However, the explanation for this is simple: █████████

8 ████████████████████████████████████████████████████████████████

9 ████████████████████████████████████████████████   █████████

10 ████████████████████████████████████████████████████████████████

11 ██████████████████████████████████████████████   █████████

12 ████████████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████████████████

15 ████████████████████████████

16      18.    Although he certainly could have done so, Apple's counsel did not question me

17 about this issue during my deposition.   Again, if he had done so, I would have explained that the

18 ████████████████████████████████████████████████████████████████

19 ████████████████████████████████████████████████████████████████

20 ████████████

21      19.    The fourth issue Mr. Roberts raises regarding the ████████████ is what he

22 calls ██████████████████████" (Roberts Decl., 2:17-18.)   By this, he seems to mean

23 that the ██████████████████████████████████████████████████

24 ██████████ ██████████████████████████████████████

25      20.    The fifth purported problem that Mr. Roberts raises with the ████████████

26 is that ██████████████████████████████████████████████████████████

1   ▮▮▮ (*Id.*, 2:19-20.)   My understanding is that Apple recently deposed ▮▮▮
2   ▮▮▮ and that Mr. ▮ explained that the
3   ▮▮▮   Had Apple waited to file its Motion until
4   after ▮▮▮, Mr. Roberts would have had the information he seeks.

    21.   The sixth purported problem that Mr. Roberts raises is that the ▮▮▮
▮▮▮
▮▮▮
▮▮▮ (Roberts Decl., 2:21-23.)   As an initial matter, it is not clear to which
"▮▮▮" or "▮▮▮" Mr. Roberts is referring, or
what type of ▮▮▮.   More importantly, contrary to Mr. Roberts'
assertion, it is my understanding that Samsung has ▮▮▮
▮▮▮, as discussed in the accompanying declaration of Joby Martin.   This includes
▮▮▮
▮▮▮ (See Exhibit B.)   Together with the ▮▮▮ Samsung has
thus ▮▮▮.

    22.   Mr. Roberts' seventh purported problem with the ▮▮▮
▮▮▮ (Roberts Decl., 3:1.)   However, as
I testified during my deposition, the ▮▮▮
▮▮▮   Indeed, although he
could have, Apple's counsel did not even ask me at deposition ▮▮▮
▮▮▮ (*See* Ex. C, 60:5-12.)

    23.   The eighth purported problem discussed in Mr. Roberts' declaration is that the
▮▮▮" and "▮▮▮
▮▮▮"   (Roberts Decl.,
3:5-7.)   However, Apple's counsel questioned me extensively about Samsung's ▮▮▮



1 ▮▮▮ during my deposition. (See Ex. C, 60:17-69:24, 89:6-99:14.) In

2 essence, ▮▮▮

3-13 ▮▮▮

14   24.   As is evident from the above explanation, ▮▮▮

15 ▮▮▮

16 ▮▮▮ Instead, I provided a detailed explanation during my deposition. I

17 also explained in my deposition that ▮▮▮

18 ▮▮▮ (See Ex. C, 65:10-21, 96:12-98:7.)

19   25.   Mr. Roberts' ninth purported problem with the ▮▮▮

20 ▮▮▮

21 ▮▮▮ (Roberts Decl., 3:8-9.) Mr. Roberts describes this as ▮▮▮

22 ▮▮▮" (*Id.*, 3:9-10.)

23 Again, however, if Mr. Roberts had withheld judgment until after my deposition, he would have

24 understood there ▮▮▮

25   26.   For example, in paragraph 19 of his declaration, Mr. Roberts "▮▮▮

26 ▮▮▮

1  ███████████████████████████████████████████████
2  ███████████████████████████████████████████████
3  ██████████████  (Roberts Decl., 78:15-16, 19-21.)
4  27.  However, as I explained in my deposition, ████████████████████
5  ███████████████████████████████████████
6  ███████████████████████████████████████████████
7  ████  I also explained that the ███████████████████████████
8  ███████████████████████████████████████████████
9  ████  (Ex. C, 72:23-76:10.)  ████████████████████████
10  28.  Similarly, as evidence of purported ████████ Mr. Roberts complains that
11  ███████████████████████████████████████████████
12  ██████████████  (Roberts Decl., 7:17-18.)  But, as I explained in my deposition, ████
13  ███████████████████████████████████████  (See Ex. C, 99:15-
14  101:7.)  The ███████████████████████████████████
15  Mr. Roberts seeks.
16  29.  Notably, even though he certainly had the opportunity to do so, Apple's counsel did
17  not question me during deposition regarding any of the alleged ████████████ that Mr. Roberts
18  lists in paragraph 19 of his declaration.
19  30.  Mr. Roberts also complains that the ███████████████████████
20  ███████████████████████████████████  However, Samsung
21  has produced (I believe in response to Apple's requests), ██████████████████
22  ██████████████  that provide ████████████████████████
23  ██████████████  With respect to STA and SEA, these ████████████████
24  ███████████████████████████████████████████
25  ███████████████████████████████████████████████
26
27                                            -9-                   Case No. 11-cv-01846-LHK
                        **SHEPPARD DECLARATION IN SUPPORT OF SAMSUNG'S**
28                         **MOTION FOR RULE 37(B)(2) SANCTIONS**

1  ██████████████████████████████████████████████
2  ████████████ as requested by Apple.
3      31.   In paragraph 18 of his declaration, Mr. Roberts asserts that ████████████
4  ██████████████████████████████████████████████
5  ██████████████████████████████████████████████
6  ██████████████████████████████████████████████
7  ██████  (Roberts Decl., 7:6-10.)   Although Apple's counsel did not question me about this
8  during my deposition, the explanation is actually quite simple: ████████████████
9  ██████████████████████████████████████████████
10 ██████████████████████████████████████████████
11 ████████████   ██████████████████████████
12 ██████████████████████████████████████████████
13 ██████████████████████   ██████████████████████
14 ██████████████████████████████████████████████
15 ████
16     32.   Accordingly, Mr. Roberts' assertion that ██████████████████
17 ██████████████████████████████████████████████
18 ██████████████████" is utterly false.   As explained above, ██████████████
19 ██████████████████████████████████████████████
20 ██████████████████████  Indeed, Mr. Roberts assertion is proven false by the fact ██
21 ██████████████████████████████████████████████
22 ████████████████████████████████ (See Ex. B at 1.)   The fact
23 that ████████████████████████████████████████████
24 ██████████████████████████████████████ ████████████
25 ████████████████████████

-10-                                   Case No. 11-cv-01846-LHK
**SHEPPARD DECLARATION IN SUPPORT OF SAMSUNG'S
MOTION FOR RULE 37(B)(2) SANCTIONS**

33. On the basis of these purported problems – each of which was either addressed in the ███████, explained in deposition, or could have been so explained had I been asked – Mr. Roberts opines that ████████████████████████████████████████ ████████████████████████████████████████████" (Roberts Decl., 8:13-14.) This is simply false. As I explained in my deposition, and as I believed was explained in Mr. ████████████████████████████████████████████████████████████████ ████████████████████████████████████.

34. My understanding is that Apple previously complained that Samsung's production of ████████████████████████ However, ████████████████ ████████████████████████████████████████████████████████ ████████████████████████████ ████████████████ ████████████████████████████ ████████████████████████████████████████████████ ████████████████████████ ████████████████████████████████ ████████████████ ████████████████ ████████████████████████████████ ████████████████████████ ████████████████████████████.

35. Finally, it is my understanding that Apple has now requested that Samsung█ ████████████████ ████████████████ ████████████████████████████████ ████ ████████████████ ████████████████ ████████████ ████████████████████████████ ████████████████████████.

-11- Case No. 11-cv-01846-LHK
**SHEPPARD DECLARATION IN SUPPORT OF SAMSUNG'S MOTION FOR RULE 37(B)(2) SANCTIONS**

[REDACTED]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 12th day of March, 2012, at Dallas, Texas.

By _____
Timothy Sheppard