HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., a
Korean corporation; SAMSUNG ELECTRONICS
AMERICA, INC., a New York corporation; and
SAMSUNG TELECOMMUNICATIONS
AMERICA LLC, a Delaware limited liability
company,

Defendants.

Case No.    11-cv-01846-LHK (PSG)

**APPLE'S OPPOSITION TO
SAMSUNG'S ADMINISTRATIVE
MOTION FOR TEMPORARY
RELIEF FROM THE LEAD
COUNSEL MEET AND CONFER
REQUIREMENT OR
ALTERNATIVELY FOR AN
EXTENSION OF THE DEADLINE
TO FILE MOTIONS TO
COMPEL**

1    There is no reason to allow Samsung to avoid the Court's lead trial counsel meet and

2  confer requirement altogether, and there is no reason why Samsung requires a unilateral 12-day

3  extension to prepare its motions to compel.  Samsung served the bulk of the discovery about

4  which it now complains very late in the process and should not now be heard to complain.

5    Apple asks that the Court deny Samsung's requested relief and instead:  (1) allow

6  Michael A. Jacobs to substitute as Apple's lead counsel for purposes of satisfying the Court's in-

7  person lead trial counsel meet and confer requirement for motions to compel; and (2) grant a 5-

8  day extension to March 20, 2012 for any final motions to compel that will apply to both parties.

9  **I.     APPLE HAS MADE ITS LEAD COUNSEL WIDELY AVAILABLE TO MEET
          AND CONFER**

10

11    Samsung's suggestion that Apple offered its lead trial counsel on only a single date—

12  "Sunday, March 11, a day that Samsung's lead counsel was unavailable" (MAR at 2)—is simply

13  false.  (Samsung's Admin. Mot. for Temporary Relief from the Lead Counsel Meet and Confer

14  Requirement or Alternatively for an Extension of the Deadline to File Mots. to Compel (Dkt.

15  No. 800 ("MAR") at 2.)  Apple promptly and consistently proposed *numerous* dates and times for

16  this meet and confer, which Samsung proceeded to reject.

17    On February 24, Samsung first proposed a meet-and-confer session.   Samsung offered

18  only a single date and time for this session:  March 1 at 1:00 p.m. at Samsung's counsel's offices.

19  (Decl. of Mia Mazza In Supp. of Apple's Opp'n to MAR ("Mazza Decl.") ¶ 2, Ex A.)  Later that

20  same day, Apple responded that its lead counsel, Mr. McElhinny, was unavailable until March 1.

21  Apple concurrently agreed to Samsung's proposed location and offered three dates for this

22  meeting:  (1) any time on March 5, (2) any time after 1:00 p.m. on March 6, or (3) any time in the

23  morning of March 7.  (*Id*. ¶ 3, Ex. B.)

24    When Samsung finally responded four days later, it rejected all of Apple's proposed dates.

25  Samsung again proposed a single date, at a single time, with less than 48 hours notice — March 2

26  at 1:30 p.m.  (*Id*. ¶ 4, Ex. C.)  Despite receiving Samsung's letter at 8:00 p.m., Apple responded

27  that evening that Mr. McElhinny was unavailable on Samsung's proposed date, but could meet on

28

Sunday, March 11.  (*Id*. Ex. ¶ 5, D.)  In reply, Samsung again rejected Apple's proposed date and again offered a single date at a single specific time:  March 12 at 1:30 p.m.  (*Id*. ¶ 6, Ex. E.)

In view of Samsung's multiple rejections of Apple's proposed dates, Apple informed Samsung that Mr. McElhinny was unavailable between March 12 and 26.  (*Id*. ¶ 7, Ex. F.)  In the spirit of advancing the parties' disputes, Apple suggested that Samsung file an unopposed motion for leave to conduct a *non-lead* trial counsel to meet-and-confer.  (Mazza Decl. ¶ 8, Ex. G.)  Apple proposed that its co-lead counsel, Michael Jacobs, attend the meet-and-confer session on March 14 at the offices of Samsung's counsel in Mr. McElhinny's place.  (*Id*.)

Samsung accepted the offer to meet with Mr. Jacobs and stated that it would seek administrative relief from the in-person lead-counsel requirement, "or alternatively, relief from case deadlines."  (*Id*. ¶ 9, Ex. H.)  Apple responded a few hours later, explaining that it needed to see Samsung's papers to confirm its non-opposition and underscoring that no case deadlines should be shifted.  (*Id*. ¶ 10, Ex. I.)  It was only then that Samsung raised, for the first time, pushing out the motion to compel deadline by *twelve days*.  (*Id*. ¶ 11, Ex. J.)  Before Apple could respond, Samsung filed the instant motion.

The parties are proceeding, as agreed, with a meet-and-confer between Mr. Jacobs and Samsung's lead counsel on March 14.  They exchanged agendas on March 13.  (*Id*. ¶ 13.)

## II.    SAMSUNG IS ATTEMPTING TO ENGINEER A LAST-MINUTE DISCOVERY CRISIS

Samsung waited until the final weeks of discovery to bombard Apple with requests and seek third-party discovery on issues Samsung should—and in many cases did—know of months ago.  Samsung's game plan is to derail the orderly conclusion of discovery.

**Depositions:**  Samsung has already taken more than *85* depositions in this case—not counting its recent barrage of nonparty subpoenas.[1]  (Mazza Decl. ¶ 14.)  Yet now it pushes Apple for more, insisting on deposing employees who lack any relevant connection to this case.

---

[1] Samsung has also taken more than 80 depositions in the ITC case, which Samsung has regularly asserted overlaps with this case.

1  Samsung's latest requests range from Aaron Von Minden, who *mixes paint* for Apple's models,

2  to Apple's CEO, Tim Cook.  (*Id.* ¶ 15.)

3      In the final month of discovery alone, Samsung issued *51* subpoenas to a potpourri of

4  companies including Dell, AT&T, Barnes & Noble, Target, Costco, and RadioShack.  On the

5  *very last day of discovery*, Samsung subpoenaed Whirlpool, an entity connected to alleged prior

6  art that Samsung was aware of at least as early as October.  (*Id.* ¶ 16, Ex. L.)

7      In the week since discovery closed, Samsung has demanded that the depositions of "at

8  least" 58 Apple witnesses be re-opened for 99 additional hours.  According to Samsung, these

9  hours should not count toward the 250-hour limit imposed by the Court and in place since the

10  start of discovery.

11      **Written requests:**  As part of Samsung's campaign, it also has bombarded Apple with

12  requests and discovery letters at a feverish pace.  For example, on the deadline to issue discovery

13  requests, Samsung served 47 interrogatories and 189 requests for production.  (*Id.* ¶ 17.)

14      In the final month of discovery, Samsung sent letters demanding 88 separate categories of

15  documents, including requests purportedly arising out of depositions from October.  (*Id.* ¶ 22,

16  Ex. N.)  These letters have included pointless make-work assignments, such as accusing Apple of

17  failing to produce documents that a simple custodian or keyword search would contradict.

18  (*Id.* ¶ 20.)  Samsung also feigned indignation that Apple had produced few documents from

19  individuals who are wholly irrelevant to this case, such as Apple's *paint mixers.*  (*Id.* ¶ 21,

20  Ex. M.)

21      Samsung's assertion that Apple has "stopped responding to Samsung's meet and confer

22  letters, answering only a select few," is false.  Apple has strived, and continues to strive, in good

23  faith to consider and respond to each of Samsung's letters.

24      Similarly lacking in merit is Samsung's allegation that "there have been many instances"

25  where Apple misstated it would produce or had produced documents.  Samsung's only support

26  for this bold accusation is its Samsung's own Motion to Enforce (Dkt. No. 605), which Samsung

27  was effectively *denied*.  (*See* Order re Discovery Motions (Dkt. No. 673) at 24-26 ("[sketchbook]

28  production to date is sufficient" if no relevant material in earlier sketchbooks; "[Apple's]

1   redactions may stand"; "motion as to CAD files [denied] as moot";  "Apple has complied with the

2   court's order regarding de-designation"; "The court finds Samsung's surmising to be speculative

3   and denies its motion as to the search for photographs.").)

4        It is important to compare Samsung's late discovery demands with Apple's discovery

5   requests.  Apple served the vast majority of its interrogatories and requests for production in

6   January or earlier, leaving only 5 interrogatories and 56 document requests for the last day of

7   discovery.  (*Id.* ¶ 18.)  But Samsung has responded to virtually all document requests (even

8   Apple's final set) in the same manner:  "Samsung is willing to meet and confer[]" about the scope

9   of requests before agreeing to produce documents, if any.[2]  (*Id.* ¶ 19.)

10  **III.   SAMSUNG HAS SHOWN NO GOOD CAUSE FOR RELIEF FROM THE LEAD
         COUNSEL MEET AND CONFER REQUIREMENT**

11

12       Samsung has asked the Court for unilateral relief from the lead trial counsel meet and

13  confer requirement, in the hopes of preventing Apple from ripening additional issues for motion

14  practice.  Such unilateral relief is unfair to Apple, as the deficiencies in Samsung's discovery

15  responses are too numerous to list.  While Apple could proceed to trial without resolving several

16  of these issues, a sampling of the outstanding ones includes:

17       **Spoliation**:  Samsung deposition testimony suggests that Samsung did not comply with its

18  discovery preservation obligations and allowed relevant evidence to be destroyed.

19       **FRAND-related Admissions**:  Samsung continues to withhold court filings from cases

20  where it discussed the "FRAND" undertaking and its impact on parties in Samsung's position and

21  their ability to demand the relief Samsung's seeks in this case.

22       **Discovery Abuse**:  As noted above, Samsung seeks additional depositions of Apple and

23  Apple-related witnesses beyond the 85 that it has already taken.  Its demands range from Apple's

24  CEO to a junior paint mixer.

25       [2] Samsung's reference to production of 210,000 pages "after the discovery cut-off" is
    disingenuous.  Some of Apple's production of documents on the last day of discovery extended
26  slightly past midnight to 2:03 a.m. on March 9, 2012, due to unforeseen vendor processing
    problems.  (*Id.* ¶ 24.)  The only documents Apple has produced more than a matter of hours after
27  the close of discovery was a small set of 762 pages on March 12.  (*Id.*)

28

1    These issues, and others, are laid out in Apple's March 13 letter with its agenda items for

2  the parties' March 14 meet and confer.  (*Id.* ¶ 13, Ex. K.)  These issues are in addition to Apple's

3  pending motions for sanctions for violation of existing orders.

4  **IV.   SAMSUNG SHOULD BE REQUIRED TO MEET AND CONFER WITH APPLE'S
       CO-LEAD COUNSEL BEFORE FILING ANY MOTION (AS IT HAS ALREADY**
5  **    AGREED)**

6    There is no reason to relieve the parties on the Court's in-person meet and confer

7  requirement before filing motions to compel.  Samsung has already accepted Apple's proposal to

8  meet and confer with Apple's co-lead counsel, Mr. Jacobs, on the afternoon of March 14.  The

9  parties have already exchanged agendas for this meeting.

10    Mr. Jacobs's substitution for Mr. McElhinny is appropriate.  Mr. Jacobs is co-lead counsel

11  in this case and shares overall responsibility for representing Apple in its claims against Samsung

12  in this action.  (*See* Decl. of Michael A. Jacobs, Ex. A.)  Mr. Jacobs and Mr. McElhinny share in

13  advising Apple on major strategic decisions, both in this action and in the pending international

14  proceedings.  (*Id.*)  As co-lead trial counsel, both Mr. Jacobs and Mr. McElhinny will jointly

15  represent Apple's case to the Court and the jury at trial.  (*Id.*)

16    In view of Mr. Jacob's availability, and Samsung's failure to offer any justification for

17  avoiding the meet and confer requirement entirely, Samsung's request to bypass this requirement

18  should be denied.  Avoiding the important and effective filter of in-person counsel conferences is

19  highly likely to lead to unfocused, unnecessary motions.  Discovery is closed, and the time for

20  broad, omnibus motions to compel (if there ever was such a time) has passed.

21  **V.   SAMSUNG'S REQUEST FOR A UNILATERAL, TWELVE-DAY EXTENSION IS
       TOO LONG**
22

23    Samsung offers no reason why it needs such a long extension to consider and prepare any

24  motions to compel.  As the timing of its discovery requests and complaints confirm, Samsung has

25  planned from the very beginning to wait until the last possible minute to create a crisis, and thus

26  justify a request to move the trial date.  This stratagem should not be rewarded.

27    In the spirit of compromise, Apple proposes instead a five-day extension of time to

28  March 20, 2012.  That would allow the parties to keep the current presumptive hearing date of

1    April 24.  Any extension must not be used to justify delaying the overall case schedule, however.

2    Samsung apparently agrees.  In its motion, Samsung proposed that its own relief "would not

3    affect the overall case schedule, because the presumptive hearing date would slide only one week,

4    from April 24, 2012 to May 1, 2012."  (MAR at 4.)

5    **VI.    CONCLUSION**

6         Apple asks that the Court deny Samsung's requested relief and instead:  (1) allow

7    Michael A. Jacobs to substitute as Apple's lead counsel for purposes of satisfying the Court's in-

8    person lead trial counsel meet and confer requirement for motions to compel; and (2) grant a 5-

9    day extension to March 20, 2012 for any final motions to compel that will apply to both parties.

10   Dated: March 13, 2012                    MORRISON & FOERSTER LLP

11

12                                  By:  _/s/ Michael A. Jacobs_

13                                       Michael A. Jacobs

14                                       Attorneys for Plaintiff
                                         APPLE INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28