1   HAROLD J. MCELHINNY (CA SBN 66781)      WILLIAM F. LEE
    hmcelhinny@mofo.com                      william.lee@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)       WILMER CUTLER PICKERING
    mjacobs@mofo.com                         HALE AND DORR LLP
3   JENNIFER LEE TAYLOR (CA SBN 161368)     60 State Street
    jtaylor@mofo.com                         Boston, MA 02109
4   ALISON M. TUCHER (CA SBN 171363)        Telephone: (617) 526-6000
    atucher@mofo.com                         Facsimile: (617) 526-5000
5   RICHARD S.J. HUNG (CA SBN 197425)
    rhung@mofo.com
6   JASON R. BARTLETT (CA SBN 214530)       MARK D. SELWYN (SBN 244180)
    jasonbartlett@mofo.com                   mark.selwyn@wilmerhale.com
7   MORRISON & FOERSTER LLP                  WILMER CUTLER PICKERING
    425 Market Street                        HALE AND DORR LLP
8   San Francisco, California  94105-2482   950 Page Mill Road
    Telephone:  (415) 268-7000               Palo Alto, California 94304
9   Facsimile:  (415) 268-7522               Telephone: (650) 858-6000
                                             Facsimile: (650) 858-6100
10
    Attorneys for Plaintiff and
11  Counterclaim-Defendant APPLE INC.

12                      UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14                             SAN JOSE DIVISION

15

16

17  APPLE INC., a California corporation,        Case No.     11-cv-01846-LHK (PSG)

                 Plaintiff,                      **DECLARATION OF MIA MAZZA**
18                                               **IN SUPPORT OF APPLE'S**
         v.                                      **OPPOSITION TO SAMSUNG'S**
19                                               **ADMINISTRATIVE MOTION**
    SAMSUNG ELECTRONICS CO., LTD., A             **FOR TEMPORARY RELIEF**
20  Korean business entity; SAMSUNG              **FROM THE LEAD COUNSEL**
    ELECTRONICS AMERICA, INC., a New York        **MEET AND CONFER**
21  corporation; SAMSUNG                         **REQUIREMENT OR**
    TELECOMMUNICATIONS AMERICA, LLC, a           **ALTERNATIVELY FOR AN**
22  Delaware limited liability company,          **EXTENSION OF THE DEADLINE**
                                                 **TO FILE MOTIONS TO COMPEL**
23               Defendants.

24

25

26

27

28

1    I, Mia Mazza, declare as follows:

2    1.    I am a partner in the law firm of Morrison & Foerster LLP, counsel for Apple Inc.

3    ("Apple").  I am licensed to practice law in the State of California.  Unless otherwise indicated, I

4    have personal knowledge of the matters stated herein or understand them to be true from

5    members of my litigation team.  I make this Declaration in support of Apple's Opposition to

6    Samsung's Administrative Motion for Temporary Relief from the Lead Counsel Meet and Confer

7    Requirement or Alternatively for an Extension of the Deadline to File Motions to Compel.

8    2.    Attached as Exhibit A is a true and correct copy of Samsung's February 24, 2012

9    letter requesting a meet-and-confer session and proposing only *one* date and time:  March 1 at

10   1:00 p.m. at the office of Samsung's counsel.

11   3.    Attached as Exhibit B is a true and correct copy of Apple's February 24, 2012

12   letter the same day responding that its lead counsel, Mr. McElhinny, was not available on

13   March 1, but agreeing to Samsung's requested location and counter-proposing *any time* on

14   March 5, *any time 1:00 p.m. or later* on March 6, *or any time the morning* of March 7.

15   4.    Attached as Exhibit C is a true and correct copy of Samsung's February 28, 2012

16   letter, sent at 8:00 p.m., rejecting all of Apple's proposed dates and again providing one date and

17   one specific time less than 48 hours later:  March 2, 1:30 p.m.

18   5.    Attached as Exhibit D is a true and correct copy of Apple's February 28, 2012

19   letter sent the *same night*, responding that Mr. McElhinny was unavailable on March 2, but could

20   meet on Sunday, March 11.

21   6.    Attached as Exhibit E is a true and correct copy of Samsung's February 29, 2012

22   reply letter, rejecting Apple's date and again proposing a single date with a single specific time:

23   March 12, 1:30 p.m.

24   7.    Attached as Exhibit F is a true and correct copy of Apple's March 6, 2012 letter,

25   informing Samsung that Mr. McElhinny was out of the country on March 12 and would not be

26   available again until March 26.

27   8.    Attached as Exhibit G is a true and correct copy of Apple's March 10, 2012 letter,

28   suggesting that if Samsung were to approach the Court to request permission for non-lead trial

1   counsel to meet-and-confer, Apple would *join* that motion.  Apple also offered to substitute

2   Michael Jacobs for Mr. McElhinny for a meet-and-confer session to take place any time on

3   March 14 at the offices of Samsung's counsel.

4          9.     Attached as Exhibit H is a true and correct copy of Samsung's March 12, 2012

5   letter, accepting Apple's offer to meet with Mr. Jacobs and stating that it would seek

6   administrative relief from the in-person lead-counsel requirement, "or alternatively, relief from

7   case deadlines."

8          10.    Attached as Exhibit I is a true and correct copy of Apple's reply email, sent just a

9   few hours later on March 12, stating that it would need to see Samsung's papers to confirm it

10  does not oppose, but that, as Apple had noted before, it would not oppose a request for leave from

11  the lead counsel in-person requirement.  However, Apple clarified that the case deadlines should

12  not be shifted.

13         11.    Attached as Exhibit J is a true and correct copy of Samsung's email, raising, for

14  the first time, the suggestion that the motion to compel deadline should be pushed out by *twelve*

15  *days*.  It asked Apple to confirm whether it would oppose.

16         12.    On the night of March 12—before Apple could respond to Samsung's email

17  request—Samsung filed the present motion.

18         13.    The parties are proceeding, as they have agreed, with a meet-and-confer between

19  Mr. Jacobs and Samsung's lead trial counsel on March 14.  Attached as Exhibit K is a true and

20  correct copy of Apple's March 13, 2012 letter regarding the agenda for the March 14 meet-and-

21  confer.

22         14.    To date, Samsung has taken 83 depositions of current and former Apple employees

23  and patent prosecutors, and at least two more depositions of Apple employees are on calendar for

24  this week and beyond.

25         15.    Samsung has continued to push Apple for more depositions, insisting on taking the

26  depositions of employees ranging from the individual who mixes the paint for Apple's models to

27  Apple's CEO, Tim Cook, who does not have any relevant connection to this case.

28

Mazza Decl. ISO Apple's Opp. to Samsung's Adm. Mot. For Extension of MTC Deadline
Case No. 4:11-cv-01846-LHK
sf-3119402

2

16.     Attached as Exhibit L is a true and correct copy of Apple's March 12, 2012 letter, noting that, in the last month of discovery, Samsung issued 51 subpoenas to a number of companies, including Dell, AT&T, Barnes & Noble, Target, Costco, and RadioShack.  On the last day of discovery, March 8, Samsung served notice of another subpoena to Whirlpool Corporation, which appears to be related to issues that Samsung has known about since October 2011.

17.     On the last day to issue discovery requests, Samsung served 47 interrogatories and 189 requests for production of documents.

18.     Apple served the vast majority of its interrogatories and requests for production in January 2012 or earlier, serving only 5 interrogatories and 56 requests for production on the last day to serve discovery.

19.     Nearly every request for production Apple has issued to Samsung has received the same response, even the final round, served by the parties' agreement after the discovery cut-off: "Samsung is willing to meet and confer[.]"

20.     Samsung sent a number of letters accusing Apple of failing to produce documents that Samsung knows Apple produced or could easily have found by searching Apple's production using custodial information and keywords.

21.     Attached as Exhibit M is a true and correct copy of Apple's February 27, 2012 letter regarding the deposition of Aaron Von Minden, in response to Samsung's letter regarding his small amount of documents.  Apple's letter reminds Samsung that Apple has previously stated that Mr. Von Minden mixes paint for models and therefore irrelevant to the case.  The letter also notes that Apple has produced all documents for Mr. Von Minden, and that the relative paucity of his documents is due to his status as a paint mixer for Apple.

22.     Attached as Exhibit N is a true and correct copy of Apple's March 12, 2012 letter noting that, in the final month of discovery, Samsung sent letters demanding 88 separate categories of documents, including requests purportedly arising out of depositions from October 2011.  Confidential portions of this letter that are irrelevant to the instant motion have been redacted to avoid the need for filing under seal.

23.     During the week of March 5, Apple produced 17,561 documents totaling 343,287 pages.

24.     Some of Apple's production of documents on the last day of discovery extended slightly past midnight to 2:03 a.m. on March 9, 2012.  The only reason that these documents were not produced before midnight was unforeseen vendor processing delays.  The only documents Apple produced more than a matter of hours after the close of discovery was a small set of 762 pages on March 12, 2012.

25.     During the same week of March 5, Samsung produced 5,973 documents totaling 110,111 pages.  On Friday, March 9, at 5:48 p.m., Samsung produced an additional small volume of documents.

26.     On March 7, 2012, at 3:30 a.m., Samsung filed its Motion to Compel Production of Materials from Related Proceedings and to Enforce December 22, 2011 Court Order.  Even though Samsung filed its motion in the early morning of March 7, 2012, it noticed a hearing date of April 10, 2012, which is *less* than the 35 day hearing notice required by Civil Local Rule 7-2(a).

27.     On March 13, 2012, Samsung sent a letter demanding that the depositions of "at least" 58 Apple witnesses be reopened for a total of 99 hours (off the 250-hour clock set in place by the Court at the outset of discovery, since Samsung does not have 99 hours left).

I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 13, 2012 at San Francisco, California.

 */s/ Mia Mazza*
Mia Mazza

1

**ATTESTATION OF E-FILED SIGNATURE**

2      I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this

3  Declaration.  In compliance with General Order 45, X.B., I hereby attest that Mia Mazza has

4  concurred in this filing.

5  Dated:  March 13, 2012                    /s/ Michael A. Jacobs
                                            Michael A. Jacobs
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28