# Exhibit M

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

February 27, 2012

Writer's Direct Contact
415.268.6615
JasonBartlett@mofo.com

*By Email* (dianehutnyan@quinnemanuel.com)

Diane Hutnyan
Quinn Emanuel
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017-2543

Re:    *Apple v. Samsung*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Diane:

I write in response to your February 23, 2012, letter regarding the deposition of Aaron Von Minden.

Apple confirms that it has collected all of Mr. Von Minden's emails and potentially relevant electronic documents. Apple searched these documents with the search terms provided in its February 23 Transparency Disclosures. It has produced all responsive documents located after this diligent and reasonable search.

Your concern that Mr. Von Minden's custodial collection is "deficient" is unfounded. As we have extensively explained in our prior correspondence, Aaron Von Minden is irrelevant to this case. Mr. Von Minden mixes paint for models. He has no role in design. (*See, e.g.,* Jason Bartlett's January 24, 2012, letter to you; Jason Bartlett's February 2, 2012, letter to you.) *As you yourself acknowledged in your letter*, you have had this information for weeks. In addition, Mr. Von Minden's irrelevance to this case was specifically discussed in two separate lead trial counsel meetings. Given Mr. Von Minden's status as a *paint-mixer*, most of his documents are, unsurprisingly, not responsive. Mr. Von Minden did, in fact, start working at Apple in 2008.

Samsung has now reviewed Mr. Von Minden's documents, as indicated by your letter recounting them, including your reference to a photograph of "somebody's pet Chihuahua." It should be readily apparent from Samsung's review that Mr. Von Minden is irrelevant to this case. To be clear, Apple has produced Mr. Von Minden's responsive documents, including the entire family related to those responsive documents. Thus, Apple's production may include documents that were attached to a responsive document, such as a photograph.

sf-3111573

MORRISON | FOERSTER

Diane Hutnyan
February 27, 2012
Page Two

(For the record, that photograph of "somebody's pet Chihuahua" was part of a family of documents belonging to an Engadget article regarding the iPhone 4.)

We have repeatedly asked Samsung to explain the bases for its belief that the deposition of Mr. Von Minden would lead to discoverable information. (*See, e.g.,* Jason Bartlett's February 2, 2012, letter to you.) Samsung keeps repeating the statement that it "has evidence that Mr. Von Minden is directly relevant to the design and development of Apple's iPhone, iPad, and iPod Touch products." When Apple has demanded witnesses that Samsung insists are irrelevant, Apple has provided specific detail about their relationship to the case, with references to documents produced by Samsung and deposition testimony by Samsung witnesses. (*See, e.g.,* Mia Mazza's February 9, 2012, letter to Rachel Kassabian (setting forth a 13-page witness-by-witness summary outlining why deponents are relevant, including references to Bates-numbered documents and deposition testimony); Mia Mazza's February 12, 2012, letter to Rachel Kassabian.) We can only assume that Samsung has repeatedly failed to reciprocate because such evidence does not exist.

Sincerely,

*/s/ Jason R. Bartlett*

Jason R. Bartlett

cc:    Peter Kolovos
       S. Calvin Walden

sf-3111573