1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Charles K. Verhoeven (Bar No. 170151)
2    charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5    Kevin P.B. Johnson (Bar No. 177129
     kevinjohnson@quinnemanuel.com
6    Victoria F. Maroulis (Bar No. 202603)
     victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:    (650) 801-5000
   Facsimile:    (650) 801-5100
9

10   Michael T. Zeller (Bar No. 196417)
     michaelzeller@quinnemanuel.com
11 865 S. Figueroa St., 10th Floor
   Los Angeles, California 90017
12 Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
13

14 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
15 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **SAMSUNG'S REPLY IN SUPPORT OF ITS ADMINISTRATIVE MOTION FOR TEMPORARY RELIEF FROM THE LEAD COUNSEL MEET AND CONFER REQUIREMENT OR ALTERNATIVELY FOR AN EXTENSION OF THE DEADLINE TO FILE MOTIONS TO COMPEL** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendant. | |

# ARGUMENT

Apple doesn't dispute that it served thousands of inventor documents on and after the close of discovery and several months after the inventor depositions; that it changed its *conception* dates of the patents-in-suit during the last week of discovery; that it engaged in the other abusive discovery tactics previewed by Samsung's Motion; or that numerous discovery responses timely served on March 8-10 remain to be fully analyzed and discussed. These disputes exist. Instead, Apple raises a number of misleading arguments to convince the Court to cut off the discovery process that was put in place to protect the parties' rights to discovery.

First, Apple's suggestion that Samsung's discovery disputes are unduly burdensome or untimely or creating some kind of "crisis" is demonstrably untrue. Samsung's documents were produced in the discovery period, with almost 60 percent produced by the end of January and almost 90 percent produced by the end of February. In contrast, only *35 percent* of Apple's production was produced by the end of February, with 38 percent of its production coming in the last *eight days* of discovery and 210,000 more pages *after* the close of discovery. (Hutnyan Decl. ¶ 2). Any "crisis" that Samsung is facing now was created by Apple, which, in seeking expedited treatment for this case, promised the Court that it would be forthcoming and cooperative in discovery[1] but in reality delayed the majority of its relevant productions until long after inventor depositions had been taken.

Moreover, Samsung's discovery requests were propounded within the exact same time frame as Apple's, with both parties propounding thousands of discovery requests, including requests for production, requests for admission and interrogatories, on each other thirty days before the discovery cut-off. (Hutnyan Decl. ¶ 3). Further, all of Samsung's pending discovery disputes were raised during the discovery period. Many were raised in early February and before, and have not been resolved because Samsung has earnestly tried to exhaust the meet and confer process before filing motions, as Judge Grewal has instructed. Others were properly raised

---

[1] Apple's lead counsel, Harold McElhinny, stated that if Apple was told it had to go to trial in at the end of November, it "could do that." (Aug. 24, 2011 Hearing Transcript, at 62:3-5)

throughout February and March, as Samsung went through Apple's rapidly ballooning production and determined that many custodians and categories of highly relevant documents were still missing, and as Samsung was finally given deposition dates with Apple witnesses who provided testimony indicating that yet other categories of documents had never been produced. And other discovery issues have been created by the parties' mutual agreement to exchange their responses to thousands of requests for production, requests for admission and interrogatories on March 10. Samsung has legitimate disputes, many created by Apple at the end or after discovery, and Apple's refusal to stipulate to a twelve-day extension for Samsung to bring its motions would prevent Samsung from being able to seek appropriate relief against Apple for its obstructionism throughout this case.[2]

Apple's discussion of how its lead counsel, Harold McElhinny, was available for a number of days before the close of discovery is irrelevant. Even if the parties had held a lead counsel meet and confer earlier, they would still need to do so again after the discovery cut-off and after Apple produced hundreds of thousands of additional pages of documents – the exact period when Mr. McElhinny chose to absent himself from the process.

Further, Apple's effort to unilaterally designate Mr. Jacobs as lead counsel now is improper. As Apple concedes on page 2 of its opposition, it argued for a ***non-lead*** trial counsel meet-and-confer when it offered up Mr. Jacobs. Further, Apple repeatedly refused opportunities to seek designation of other counsel as "lead" in order to gain a strategic advantage, and allowing

---

[2] Apple misrepresents the Court's own orders to try to cut off Samsung's right to pursue the discovery it is due. For example, it suggests that Samsung's relief on the sketchbooks was denied, but it was granted: "In its September 13, 2011 order, the court directed Apple to produce "all 'sketchbooks,' . . . . Samsung argues that in violation of the court's order, Apple since has imposed an arbitrary cut-off date of January 1, 2003, before which it will not produce any sketchbooks. . . . The court's earlier orders were straightforward – or so at least the court thought. Although there is no specified time frame or cutoff date for sketchbook production, Apple must produce only those sketchbooks or portions thereof that contain material relevant to the asserted patents. To the extent that there is material located in sketchbooks dating to 2002 that is relevant under this standard, Apple is obligated to produce that material." Dkt. 673, at 24.

02198.51855/4652549.1

-2-                    Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY IN SUPPORT OF ITS ADMIN MOTION FOR
TEMP RELIEF FROM LEAD COUNSEL MEET AND CONFER

1  it to simply excuse itself now because it cannot comply with the Court's requirement would be
2  unfair.  For example, in explaining to Judge Grewal why it had filed a motion to shorten despite
3  Judge Grewal's clear instructions not to do so, Apple argued that lead counsel for Samsung was
4  not sufficiently available to resolve its discovery disputes.  Yet when Samsung offered to alleviate
5  the situation, by offering to enter into a stipulation wherein the parties would seek leave to
6  designate other counsel where lead counsel was not available, Apple refused to so stipulate.
7  (Hutnyan Dec. ¶ 4).  Now Apple asks this Court to excuse it from abiding by the lead counsel
8  requirement so that it can again seek a unilateral advantage.

9       Apple does not show that granting Samsung's requested 12-day extension, or that moving
10 the hearing on Samsung's motions back a week, would prejudice Apple.  Nor does it explain why
11 Samsung's requested extension does not make sense, given the number of discovery disputes the
12 parties have and Judge Grewal's many admonitions that the parties should exhaust every
13 opportunity to resolve and narrow the disputes to avoid burdening the Court.  Samsung has shown
14 that there is more than enough good cause for the minimal relief it has requested, and that this
15 relief will benefit the Court as well as Apple, because Apple will enjoy more time to seek out-of-
16 court resolution to the motions to compel and motions for sanctions it is currently facing as a
17 result of its discovery misconduct.

## CONCLUSION

20      For the foregoing reasons, Samsung requests a 12-day extension of time to meet and confer
21 so that Mr. McElhinny may participate, or, if the Court is not inclined to permit an extension for
22 the motion to compel deadline, that Samsung be excused from the lead counsel meet and confer
23 requirement.

02198.51855/4652549.1

-3-   Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY IN SUPPORT OF ITS ADMIN MOTION FOR
TEMP RELIEF FROM LEAD COUNSEL MEET AND CONFER

DATED: March 14, 2012

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By */s/ Victoria F. Maroulis*
   Charles K. Verhoeven
   Kevin P.B. Johnson
   Victoria F. Maroulis
   Michael T. Zeller
   Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
   INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

02198.51855/4652549.1

-4-   Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY IN SUPPORT OF ITS ADMIN MOTION FOR
TEMP RELIEF FROM LEAD COUNSEL MEET AND CONFER