HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND COSTS IN CONNECTION WITH MOTION TO COMPEL DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES**<br><br>Date:     March 27, 2012<br>Time:    10:00 a.m.<br>Place:    Courtroom 5, 4th Floor<br>Judge:   Hon. Paul S. Grewal |

## I. APPLE'S FEES MOTION SHOULD BE GRANTED

Samsung does not dispute that Rule 37(a)(5)(A) requires that, when granting a motion to compel, a court must award fees incurred in making the motion unless an exception applies. As shown below, none does.

### A. Samsung Fails To Show That Its Litigation Position Was Substantially Justified

Samsung initially objected to a total of *23 witnesses* on apex grounds. Its assertion that 23 witnesses were at the "apex" of Samsung's corporate hierarchy was unreasonable.

Samsung' unjustified conduct continued after Apple moved to compel depositions of 14 of those witnesses. Samsung's own documents and deposition testimony showed that these witnesses had unique knowledge about critical issues in the case, but Samsung's briefs and witness declarations steadfastly insisted that the witnesses knew nothing except what they purportedly learned at high level meetings. Among other things, as detailed in Apple's substantive briefing, Samsung:

- Opposed Apple's Motion on the irrelevant ground that the copying witnesses at issue did not have "day-to-day" responsibilities for the accused products, while ignoring that Apple sought their testimony as to Samsung's policy to copy Apple's products.

- Failed to address evidence and testimony cited in Apple's Motion and that subsequently came to light that ties the witnesses to key issues in the case and demonstrates their unique knowledge.

- Failed to disclose to the Court in its briefs or its witnesses' declarations that the two most senior copying witnesses—Gee Sung Choi, the President of SEC, and Jong-Kyun ("JK") Shin, the Head of Mobile Communications—held lower-level positions during the critical period when Apple introduced the iPhone, and played key roles in crafting Samsung's response to the iPhone.

- Made statements about deposition testimony and accusations about Apple's conduct of depositions supported only by attorney declarations made on information and belief.

(Dkt. No. 799-2.) Moreover, Samsung substantially increased the costs of litigating the apex issues, and the burdens on the Court, by filing an unnecessary Motion for Protective Order after Apple filed its Motion to Compel. (Dkt. No. 799-2.)

APPLE'S REPLY ISO MOTION FOR FEES & COSTS RE MOTION TO COMPEL "APEX" DEPOSITIONS
CASE NO. 11-CV01846-LHK (PSG)
sf-3118967

1

Any one of these factors would show that Samsung's litigation position was not substantially justified. In combination, they devastate Samsung's argument.

**B.     Samsung Fails To Show That A Fee Award Would Be Unjust**

Samsung argues that Apple's purported "gamesmanship" with regard to its own witnesses "counsels against" a fee award. (Dkt. No. 772 at 7.) That is not the standard. Instead, Samsung must show "circumstances [that] make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). Samsung's argument fails on that ground alone.

Samsung cannot even satisfy its invented standard of "counsel[ing] against" an award. Samsung complains that Apple "unilaterally re-notic[ed] its Motion to Compel" when it purportedly "secretly intended to voice belated [apex] objections" to " as many as six" Samsung deposition notices two days later. (Dkt. No. 772 at 7.) According to Samsung, Apple misled the Court by "representing . . . that it would be producing its senior executives, while simultaneously stalling and then objecting to those very depositions during meet and confer." (Dkt. No. 772 at 1; *see also id*. at 7 & n.4.) There is no substance to Samsung's accusations.

First, there was nothing nefarious about Apple's having re-noticed its Motion to Compel. The Court's Order of February 17, 2012, which denied Apple's motion to shorten time on the Motion to Compel, specifically directed Apple to do so. (Dkt. No. 745 at 2.)

Second, Apple's Motion was not misleading. It accurately reported that Apple had produced, or was scheduled to produce, "three of its nine most senior executives—Scott Forstall, Jonathan Ive, and Phil Schiller, the most senior individuals in the iOS Software, Industrial Design, and Marketing groups, respectively," and "has also allowed Samsung to depose many other senior executives, vice presidents, and directors (the same ranks as most of Samsung's witnesses at issue in this motion)." (*See* Dkt. No. 736 at 3-4 (citing Dkt. No. 736-3 ¶¶ 12-13 (naming Apple witnesses).) All of the depositions that Apple identified did, in fact, take place. (*See* Declaration of Mia Mazza In Support Of Apple Inc.'s Reply In Support Of Its Motion for Attorneys' Fees And Costs In Connection With Motion To Compel Depositions Of 14 Of Samsung's Purported "Apex" Witnesses ("Mazza Reply Decl.") ¶ 2.) Samsung offers no evidence to support its claim that Apple "stall[ed] and then object[ed] to those very depositions." (Dkt. No. 772 at 1.)

APPLE'S REPLY ISO MOTION FOR FEES & COSTS RE MOTION TO COMPEL "APEX" DEPOSITIONS
CASE NO. 11-CV01846-LHK (PSG)
sf-3118967

2

Third, Apple's objections to notices of Apple "apex" depositions were not "belated." Samsung did not even notice the referenced "apex" depositions until February 10—the day after Apple sent Samsung its nine-page letter detailing reasons why 20 of Samsung's purported apex witnesses should be deposed and proposing a hearing on shortened time for a motion to compel their depositions. (Mazza Reply Decl. ¶ 4, Ex. 2; Dkt. 736-3 Ex. 5.) *That very next day*, Samsung noticed the depositions of Apple's CEO Tim Cook, Senior Vice President and General Counsel Bruce Sewell, and Vice President and Chief Litigation Noreen Krall. (Mazza Reply Decl. ¶ 4.) Apple filed its Motion to Compel on February 16, after discussing Samsung's "apex" witnesses in two detailed letters and at two lead counsel meet and confers, the last of which occurred on February 14 and 15. (Dkt. No. 736-3 ¶¶ 7-11.) Apple was not required to delay filing its Motion because of Samsung's eleventh-hour deposition notices.

The timing of Samsung's noticing the depositions of Apple's CEO, its General Counsel, and the in-house lawyer directing the course of this very litigation, was no coincidence. Indeed, Samsung's argument that Apple should have delayed filing its Motion to Compel in order to reach a "global compromise" on apex objections suggests that Samsung's February 10 deposition notices may have been served for the sole purpose of providing fodder for a "horse trading" discussion and derailing Apple's proposed motion schedule. (Dkt. No. 772 at 7.) There is no other apparent basis for those notices. For example, unlike Samsung CEO Gee Sung Choi, who has played a direct role in Samsung's responses to Apple's products (*see* Dkt. No. 736-2 at 9), recently-appointed Apple CEO Tim Cook has had no direct role in any of the issues in this litigation (Mazza Reply Decl. ¶ 4). Samsung's belated deposition notices for these executives, served immediately after Apple gave notice of its Motion to Compel, certainly do not show that *Apple* was engaged in gamesmanship.

Apple timely asked Samsung to provide information showing that these and certain other Apple witnesses had sufficient knowledge of relevant facts to justify their depositions—as Apple had done with Samsung's witnesses and Samsung promised to do—but Samsung never supplied the information. As shown in the very letter that Samsung cites as stating Apple's objections: (1) Apple's position was that none of the witnesses has "sufficiently direct knowledge of

APPLE'S REPLY ISO MOTION FOR FEES & COSTS RE MOTION TO COMPEL "APEX" DEPOSITIONS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3118967

3

discoverable facts" to justify their depositions, and also noted that some of them are attorneys and "some would qualify as 'apex' witnesses;" (2) the parties had agreed at the February 6 lead counsel meet and confer that Apple would provide Samsung with information about why it believed that Samsung's 23 purported apex witnesses had "directly relevant knowledge justifying their depositions," and Samsung would provide Apple with the same type of letter regarding certain Apple witnesses; (3) Apple provided the promised information in its letters of February 9 and 12; and (4) Samsung had not provided the promised information as to the Apple witnesses for whom notices had been served by February 6, or those noticed thereafter. (Dkt. No. 773-4 Ex. A; *see also* Dkt. No. 736-3 Exs. 5-6.)

*Samsung's Opposition does not dispute any of the points in Apple's letter*.  And to this day, Samsung has never provided the promised information about its proposed deponents. (Mazza Reply Decl. ¶ 3, Ex. 1.)

### C. Samsung Fails To Show That Apple Did Not Satisfy Meet And Confer Requirements

Samsung has asserted in three different briefs, and two of its attorneys have declared under penalty of perjury, that Apple did not meaningfully meet and confer because it supposedly never even *offered* to compromise on any of Samsung's purported apex witnesses until after it filed its Motion to Compel. (Dkt. No. 754-2 at 2-4, 19-20; Dkt. No. 754-12 ¶ 8; Dkt. No. 772 at 1; Dkt. No. 773-3 at 14; Dkt. No. 773-4 ¶ 2.)  That is false.  Apple has provided not only sworn testimony that Apple dropped six of Samsung's 23 claimed "apex" witnesses before Apple filed its Motion to Compel, but also the emails in which Apple's counsel informed Samsung's counsel that it was doing so. (Dkt. No. 799-4 ¶¶ 3-9, Exs. 1-4.)  In contrast, Samsung has not offered any documents corroborating its declarants' assertions that Samsung withdrew its apex objections to those six witnesses, or contradicting Apple's evidence.  Samsung therefore fails to support its argument that Apple failed to meet and confer.

In addition to Apple's having withdrawn its deposition notices for those six witnesses, Apple plainly fulfilled its meet and confer obligations before filing its Motion to Compel. Among other things, once Samsung asked Apple to justify why Apple could depose *a total of 23*

APPLE'S REPLY ISO MOTION FOR FEES & COSTS RE MOTION TO COMPEL "APEX" DEPOSITIONS
CASE NO. 11-CV01846-LHK (PSG)
sf-3118967

4

"high-ranking Samsung executives": Apple raised the issue in several of the parties' lead counsel meet and confer sessions; provided a detailed, *nine-page letter* containing a witness-by-witness summary addressing 20 of the witnesses, which referenced documents that showed the witnesses' connection to issues; and sent an additional three-page follow-up letter containing even more information. (Dkt. No. 736-3 ¶¶ 3-10, Exs. 1-4.) It is difficult to imagine a more fulsome record of a party's explaining its position before filing a motion.

## II.  CONCLUSION

For the reasons discussed above, if the Court grants Apple's Motion to Compel, the Court should issue an order directing Samsung and its attorneys to pay Apple's fees and costs incurred in connection with the Motion to Compel and this motion for fees and costs.

Dated:  March 15, 2012                         MORRISON & FOERSTER LLP

By:   */s/ Michael A. Jacobs*
      Michael A. Jacobs

Attorneys for Plaintiff
APPLE INC.

APPLE'S REPLY ISO MOTION FOR FEES & COSTS RE MOTION TO COMPEL "APEX" DEPOSITIONS
CASE NO. 11-CV01846-LHK (PSG)
sf-3118967

5