# Exhibit 1

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3666**

WRITER'S INTERNET ADDRESS
**dianehutnyan@quinnemanuel.com**

February 28, 2012

<u>VIA ELECTRONIC MAIL</u>

Jason Bartlett
Morrison & Foerster, LLP
425 Market Street
San Francisco, California 94105

Re:   <u>Apple Inc. v. Samsung Elecs. Co., Ltd.</u>, No. 11-cv-01846-LHK (N.D. Cal.)

Dear Jason:

This letter is regarding Apple's continued refusal to schedule witnesses who have relevant information regarding the products and features at issue in this case. Your assertion in your February 27 letter that "Samsung has repeatedly failed to [provide a detailed outline regarding each witness' relevance] because such evidence does not exist" is a red herring.

First, as we explained in our February 24 letter, the Federal Rules of Civil Procedure do not require that Samsung provide any such outline, which in effect would be a road map to every deposition it takes. It is not Samsung's responsibility to help Apple's counsel prepare for these depositions. And it is not appropriate for Apple to condition these depositions on Samsung's provision of such information.

Second, Apple's utter failure to produce documents relevant to its witnesses—until right before the deposition, somewhat after the deposition, or not at all—obviously limits the pre-deposition showing we can make now with regard to what the witness knows, and so any Apple determination to obstruct that deposition based on the supposed lack of detail in our pre-deposition showing is all the more improper.

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

Third, Samsung already provided relevance information regarding ten of the witnesses you have objected to in my February 3 letter.  A party may depose any witness that possesses relevant, nonprivileged information.

Notwithstanding the fact that Apple's demands are unsupported by the Federal Rules of Civil Procedure, in an effort to compromise and avoid unnecessary motion practice, we have listed the relevance of each witness at issue below.

**Jeff Williams**

As the current head of operations and has someone who has worked with Apple's operations team since the late 1990s, Jeff Williams has unique, personal information regarding the products at issue, and specifically the iPhone.  Mr. Williams has been called the "head of operations for the iPhone" and was personally involved in solving several obstacles during the development process.  Mr. Williams also has relevant knowledge regarding the patents in suit and Samsung's alleged infringement.

**Bruce Sewell**

In his role, Bruce Sewell participated in several negotiation sessions and in pre-litigation meetings with Samsung regarding licensing issues.  As Apple highlighted in its February 9 letter regarding Samsung's apex witnesses, and specifically Dr. Seungho Ahn, Mr. Sewell's counterpart in the aforementioned negotiations, Mr. Sewell's involvement in licensing negotiations is plainly relevant, especially given that Apple identified him as a person with discoverable information in its initial disclosures.

**Noreen Krall**

Like Mr. Sewell, Ms. Krall has unique information regarding licensing issues.  Specifically, she is in charge of a department that deals with such issues and has been personally involved in negotiating licenses with third parties.

**Chris Birgers and Michael Solomon**

Deposition testimony demonstrates that both Messrs. Birgers and Solomon have personal knowledge regarding the design and development of Apple's packaging.  Given Apple's asserted trade dress claim involving its packaging, this information is clearly relevant.

**Deborah Goldsmith**

Ms. Goldsmith has personally worked on the World Clock application that is at issue in this case. This is highly relevant to Samsung's patent claims.

**Fred Simon**

Fred Simon is a CAD sculptor who has worked on designing the products at issue in this case. Many drawings that Apple has produced in this action, including documents cited to establish the priority date of the D'889 patent and Exhibits 7-9 of the Stringer Declaration in support of Apple's Motion for a Preliminary Injunction are sourced to Mr. Simon. Clearly he has relevant knowledge regarding the design and development of the products at issue.

**Chris Hood**

Like Mr. Simon, Mr. Hood is a CAD sculptor who worked on the products at issue. Several documents Apple has produced demonstrate that Mr. Hood is the custodian of CAD drawings of the products at issue.

**David Falkenburg**

Deposition testimony demonstrates that Mr. Falkenburg was personally involved in programming the features at issue in this case, including the Control Strip feature.

**Eugene Kim**

Mr. Kim is an electrical engineer who was personally involved with the development of the Q79 prototype and has knowledge regarding the products at issue.

**John Geleynse**

Mr. Geleynse has personally worked on the iOS and with developers of third party applications. He has been described as the "go-to" person who has unique knowledge about if and when information about the features at issue were distributed outside Apple.

**Tim Cook**

Tim Cook was the head of Operations when the products at issue were developed. The role of the operations team at Apple is critical—it's responsible for exploring manufacturing methods and materials for products, conducting performance testing on products, and working with the Industrial Design Group to create samples. Multiple witnesses have stated that Mr. Cook attended meetings where the statuses of various development projects were discussed and had a "significant role" in developing the manufacturing processes for the first iPhone. In addition, Mr. Cook was personally involved with the development of products at issue, discussing Apple's intellectual property with Samsung, and has unique knowledge regarding the distribution of the products at issue and Apple's supply chain.

**Steven Sinclair**

Steven Sinclair is responsible for tracking the market share of competitors, and specifically the iPhone. Moreover, Mr. Sinclair has personal knowledge regarding the veracity of different iPhone marketing claims and whether certain iPhone features predated competitors.

**Michael Lewis**

Michael Lewis coordinates the marketing communications team and, like Steven Sinclair, was personally involved in creating claims used in Apple's marketing campaigns and has knowledge regarding the novelty of Apple products. Mr. Lewis' deposition is especially important given that the witnesses deposed to date have not been able to interpret the meaning of critical documents he authored that bear directly on the validity of the patents in suit.

**John Brown**

Mr. Brown is a member of Apple's market research and analysis team and was personally responsible for conducting competitive market research and sharing that information within Apple. In addition, he was involved in discussions about features of Apple's patents in suit.

**Aaron von Minden, Amy Chuang, and Zack Kamen**

Messrs. von Minden and Kamen and Ms. Chuang are employees of Industrial Design's Model Shop. Deposition testimony demonstrates that the Model Shop machines, finishes, paints and assembles the models that represent Industrial Design's designs. Those who worked in the model shop when the products at issue were developed would have critical information regarding the dates these products were created and the different shapes they took over time, both of which go to the validity of the asserted design patents. Individuals in the Model Shop personally worked with designers during the creation process. Moreover, beyond their "painting" duties, Model Shop employees worked with materials and finishes, like the oleo-phobic surface of the devices at issue.

**Jeff Robbin**

Not only is Jeff Robbin in charge of the iTunes application, which is related to the trademarks and trade dress Apple asserts, he was personally involved in comparing the products at issue to the prior art during their development.

**Eddie Cue**

Like Jeff Robbin, Eddie Cue was personally involved in comparing Apple's technology to the prior art during the development phase. Moreover, Mr. Cue was personally involved in the development of iTunes, which is related to the trademarks and trade dress at issue.

As detailed above, all of these witnesses clearly possess relevant nonprivileged evidence and Samsung is entitled to their depositions. Apple's failure to schedule these depositions—as the parties have agreed to do in this case notwithstanding objections—is highly prejudicial to Samsung's trial preparations and any further delay by Apple in scheduling no fewer than *twenty* depositions threatens the trial schedule. Accordingly, unless Apple responds by the end of the day today dropping its objections and confirming dates for the depositions of the witnesses listed above, this issue will be placed on the agenda for the next lead-counsel meet and confer.

5

Kind regards,


Diane C. Hutnyan

02198.51855/4626097.1