1  HAROLD J. MCELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
2  MICHAEL A. JACOBS (CA SBN 111664)
   mjacobs@mofo.com
3  RICHARD S.J. HUNG (CA SBN 197425)
   rhung@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California  94105-2482
   Telephone:  (415) 268-7000
6  Facsimile:  (415) 268-7522

7

8

9

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

10  Attorneys for Plaintiff and
    Counterclaim-Defendant Apple Inc.

11

## United States District Court
### Northern District of California
### San Jose Division

12

13

14  APPLE INC., a California corporation,

             Plaintiff,

15  vs.

16  SAMSUNG ELECTRONICS CO., LTD., a
    Korean business entity, SAMSUNG
17  ELECTRONICS AMERICA, INC., a New
    York corporation, and SAMSUNG
18  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,

19           Defendants.

20  SAMSUNG ELECTRONICS CO., LTD., a
    Korean business entity, SAMSUNG
21  ELECTRONICS AMERICA, INC., a New
    York corporation, and SAMSUNG
22  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,

23

24           Counterclaim-Plaintiffs,

25       v.

26  APPLE INC., a California corporation,

27           Counterclaim-Defendant.

28

Civil Action No. 11-CV-01846-LHK

**APPLE INC.'S NOTICE OF MOTION
AND MOTION TO COMPEL**

Date:   April 24, 2012
Time:  10:00 a.m.

**ORAL ARGUMENT REQUESTED**

**PUBLIC REDACTED VERSION**

## TABLE OF CONTENTS

Notice Of Motion And Motion ................................................................................................. iii

Relief Requested ...................................................................................................................... iii

Statement Of Issues To Be Decided ........................................................................................ iv

Apple's Civil L.R. 37-2 Statement .......................................................................................... iv

Apple's Certification Pursuant To Fed. R. Civ. P. 37(A)(1) ................................................. xiv

Memorandum Of Points And Authorities ..................................................................................1

I.      Introduction.....................................................................................................................1

II.     Argument. .......................................................................................................................2

        A.      The Court Should Compel Samsung to Produce Materials from Other
                Samsung Litigations..............................................................................................2

                1.      Background. ...............................................................................................2

                2.      Apple's Efforts to Resolve This Discovery Dispute Without Court
                        Intervention. ..............................................................................................3

                3.      Documents From Other Samsung Litigations are Relevant and
                        Discoverable, and Samsung Should be Ordered to Produce Them .............5

        B.      The Court Should Order Samsung to Complete Production of Documents
                Reflecting Samsung's Internal Standards Strategies .................................................8

                1.      Background. ...............................................................................................8

                2.      Apple's Efforts to Resolve This Discovery Dispute Without Court
                        Intervention. ..............................................................................................9

                3.      Samsung's Documents Related to Samsung's Internal Standards
                        Strategies Are Relevant and Discoverable, and Samsung Should be
                        Ordered to Produce Them ........................................................................10

III.    Conclusion .....................................................................................................................12

Certificate Of Service .............................................................................................................13

# TABLE OF AUTHORITIES

<u>Federal Cases</u>

*Certain 3G Wideband Code Division Multiple Access (WCDMA) Mobile Bandsets and
Components Thereof*,
Inv. No. 337-TA-601 (ITC July 8, 2008).................................................................... 6

*Insignia Sys., Inc. v. News Am. Marketing In-Store, Inc.*,
661 F. Supp. 2d 1039 (D. Minn. 2009)..................................................................... 6

*Snowden By & Through Victor v. Connaught Labs., Inc.*,
137 F.R.D. 325 (D. Kan. 1991)........................................................................... 6, 7

*United States v. McKeon*,
738 F.2d 26 (2d Cir. 1984)................................................................................. 7

*Williams v. Union Carbide Corp.*,
790 F.2d 552 (6th Cir. 1986)............................................................................. 7

<u>Federal Rules</u>

Federal Rule of Evidence 801............................................................................. 7

Federal Rule of Civil Procedure 37 ................................................................... iii

## NOTICE OF MOTION AND MOTION

**TO DEFENDANTS SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 24, 2012 at 10:00 a.m., Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") will move pursuant to Federal Rule of Civil Procedure 37(a) for an order compelling Defendants and Counterclaim-Plaintiffs Samsung Electronics Co. Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung") to complete production of (i) documents relating to positions Samsung has taken in other litigations regarding the licensing of patents and other intellectual property rights ("IPR") claimed to be essential to the UMTS standard, the determination of a fair, reasonable and non-discriminatory ("FRAND") royalty, and the propriety of injunctive relief for the infringement of IPR claimed to be essential to the UMTS standard; (ii) documents concerning Samsung's plans for the development, marketing or licensing of IPR that is claimed to be essential to the UMTS standard, including presentations to executive management and the Board of Directors.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of S. Calvin Walden, and any other matters properly before the Court.

## RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 37, Apple seeks the following relief:

1.     An order compelling Samsung to produce documents, expert reports, deposition transcripts and other filings not publicly available to Apple from other Samsung litigations in which Samsung took any position regarding the licensing of patents and other IPR claimed to be essential to the UMTS standard, the determination of a FRAND royalty, and the propriety of injunctive relief for the infringement of IPR claimed to be essential to the UMTS standard;

2.      An order compelling Samsung to produce documents concerning Samsung's plans and strategies for developing, marketing or licensing of IPR that is claimed to be essential to the UMTS standard, including presentations to executive management and the Board of Directors.

### STATEMENT OF ISSUES TO BE DECIDED

1.      Whether Samsung should be compelled to produce Samsung expert reports, deposition transcripts and other pleadings and documents not publicly available to Apple from other Samsung litigations in which Samsung took any position regarding the licensing of patents and other IPR claimed to be essential to the UMTS standard, the determination of a FRAND royalty, and the propriety of injunctive relief for the infringement of IPR claimed to be essential to the UMTS standard.

2.      Whether Samsung should be compelled to produce documents concerning Samsung's plans and strategies for developing, marketing or licensing of IPR that is claimed to be essential to the UMTS standard, including presentations to executive management and the Board of Directors.


### APPLE'S CIVIL L.R. 37-2 STATEMENT

Pursuant to Local Rule 37-2, the Apple document requests at issue in this Motion and Samsung's responses thereto are set forth below:[1]

**THIRD SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 134:**

All documents relating to any Samsung plan, whether adopted or not, for the development, marketing or licensing of IPR that is Essential or allegedly Essential to any of the Defined Wireless Standards, including without limitation, business plans, short-term and long-range strategies and objectives, budgets and financial projections, research and development plans, technology licensing plans, valuations or attempts to estimate the actual or potential value

---

[1]      They are also attached as Exhibits 1 - 4 to the Declaration of S. Calvin Walden in Support of Motion to Compel Production of Documents and Things ( "Walden Decl.").

1   of the license, and presentations to management committees, executive committees, and boards

2   of directors.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

4       In addition to its Objections and Responses Common to All Requests for Production,

5   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

6   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

7   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any

8   other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is

9   unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to

10  the Request as overbroad in that it is not limited to any reasonable time period and seeks

11  documents and things from time periods not at issue in this litigation.  Samsung further objects to

12  the Request as overly burdensome for its use of the terms "any Samsung plan, whether adopted

13  or not" and "IPR that is Essential or allegedly Essential to any of the Defined Wireless

14  Standards."  Samsung further objects to the Request to the extent it seeks documents that are not

15  relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

16  discovery of admissible evidence.  Samsung further objects to the Request to the extent it seeks

17  highly confidential documents containing sensitive proprietary business information, the

18  disclosure of which would cause Samsung substantial competitive harm.

19      Subject to these objections, Samsung is willing to meet and confer with Apple about the

20  relevance and scope of the information sought by this request.

21  **THIRD SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 151:**

22      All documents relating to actual or potential litigation or arbitration threatened or filed by

23  or against Samsung, including but not limited to *In re Certain 3G WCDMA Handsets*

24  *(InterDigital v. Samsung)*, No. 337-TA-601 (I.T.C.); *Samsung v. InterDigital*, No. 07-0167 (D.

25  Del.); *Ericsson v. Samsung*, No. 06-0063 (E.D. Tex.); *Rambus v. Hynix et al.*, No. 05-0334 (N.D.

26  Cal.); *In re Rambus*, No. 9302 (F.T.C.); and *Rambus v. Micron*, No. 04-431105 (Cal. Super. Ct.

27  San Francisco), regarding the licensing of any IPR related to the Defined Wireless Standards,

28

1   including without limitation any and all expert reports and court filings, and transcripts of any

2   deposition, hearing, or other recorded or transcribed proceeding in the arbitrations or litigations.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

4          In addition to its Objections and Responses Common to All Requests for Production,

5   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

6   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

7   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any

8   other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is

9   unduly burdensome, and/or would require undue expense to answer.  Samsung further objects

10  the Request as vague and ambiguous.  For example, the term "potential litigation or arbitration"

11  is vague and ambiguous.  Samsung further objects to the Request as overbroad in that it is not

12  limited to any reasonable time period and seeks documents and things from time periods not at

13  issue in this litigation.  Samsung further objects to the Request to the extent it seeks documents

14  that are not relevant to the claims or defenses of any party and/or not reasonably calculated to

15  lead to the discovery of admissible evidence.  Samsung further objects to the Request as overly

16  burdensome for its use of the overly broad definition of "Defined Wireless Standards."  Samsung

17  further objects to the Request to the extent it seeks documents that are not within the possession,

18  custody, or control of Samsung.  Samsung further objects to the Request to the extent it seeks

19  documents equally or more readily available to Apple than to Samsung.  Samsung further objects

20  to the Request to the extent the requested documents are publicly available.  Samsung further

21  objects to the Request to the extent it seeks documents subject to a protective order or under seal.

22         Subject to these objections, Samsung is willing to meet and confer with Apple about the

23  relevance and scope of the information sought by this request.

24  **THIRD SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 152:**

25         All documents relating to or containing any claims or statements by Samsung in any

26  litigation or judicial proceeding, including but not limited to *In re Certain 3G WCDMA Handsets*

27  *(InterDigital v. Samsung)*, No. 337-TA-601 (LT.C.); *Samsung v. InterDigital*, No. 07-0167 (D.

28

1  Del.); *Ericsson v. Samsung*, No. 06-0063 (E.D. Tex.); *Rambus v. Hynix et al.*, No. 05-0334 (N.D.

2  CaL); *In re Rambus*, No. 9302 (F.T.C.); and *Rambus v. Micron*, No. 04-431105 (Cal. Super. Ct.

3  San Francisco), regarding the licensing of IPR that is claimed Essential to any Defined Wireless

4  Standard, the determination of a FRAND royalty rate for any IPR that is claimed Essential to any

5  Defined Wireless Standard, and the propriety of injunctive relief for the infringement of IPR

6  claimed to be Essential to any Defined Wireless Standard.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

8          In addition to its Objections and Responses Common to All Requests for Production,

9  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

10  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

11  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any

12  other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is

13  unduly burdensome, and/or would require undue expense to answer. Samsung further objects to

14  the Request as overbroad in that it is not limited to any reasonable time period and seeks

15  documents and things from time periods not at issue in this litigation.  Samsung further objects to

16  the Request to the extent it seeks documents that are not relevant to the claims or defenses of any

17  party and/or not reasonably calculated to lead to the discovery of admissible evidence.  Samsung

18  further objects to the Request as overly burdensome for its use of the overly broad definition of

19  "Defined Wireless Standards."  Samsung further objects to the Request to the extent it seeks

20  documents that are not within the possession, custody, or control of Samsung.  Samsung further

21  objects to the Request to the extent it seeks documents equally or more readily available to Apple

22  than to Samsung.  Samsung further objects to the Request to the extent the requested documents

23  are publicly available. Samsung further objects to the Request to the extent it seeks documents

24  subject to a protective order or under seal.

25          Subject to these objections, Samsung is willing to meet and confer with Apple about the

26  relevance and scope of the information sought by this request.

27

28

**THIRD SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 153:**

All transcripts of depositions or other documents containing any testimony and or statements by Samsung, former Samsung affiliates or employees, or experts retained by Samsung or counsel to Samsung, relating to any litigation or judicial proceeding, including but not limited to *In re Certain 3G WCDMA Handsets (InterDigital v. Samsung)*, No. 337-TA-601 (LT.C.); *Samsung v. InterDigital*, No. 07-0167 (D. Del.); *Ericsson v. Samsung*, No. 06-0063 (E.D. Tex.); *Rambus v. Hynix et al*., No. 05-0334 (N.D. CaL); *In re Rambus*, No. 9302 (F.T.C.); and *Rambus v. Micron*, No. 04-431105 (Cal. Super. Ct. San Francisco), concerning IPR claimed Essential to any Defined Wireless Standard, the determination of a FRAND royalty rate for any IPR allegedly Essential to a Defined Wireless Standard, and the propriety of injunctive relief for the infringement of IPR claimed to be Essential to any Defined Wireless Standard.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in this litigation.  Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  Samsung further objects to the Request as overly burdensome for its use of the overly broad definition of "Defined Wireless Standards."  Samsung further objects to the Request as duplicative of Apple's Request For Production No. 152.  Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent it seeks documents equally or more readily available to Apple

1    than to Samsung.  Samsung further objects to the Request to the extent the requested documents

2    are publicly available.  Samsung further objects to the Request to the extent it seeks documents

3    subject to a protective order or under seal.

4           Subject to these objections, Samsung is willing to meet and confer with Apple about the

5    relevance and scope of the information sought by this request.

6    **THIRD SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 154:**

7           All documents prepared by any expert, including any technical, economic, marketing or

8    licensing experts, retained by Samsung or by counsel to Samsung for any litigation or judicial

9    proceeding, including but not limited to *In re Certain 3G WCDMA Handsets (InterDigital v.*

10   *Samsung)*, No. 337-TA-601 (I.T.C.); *Samsung v. InterDigital*, No. 07-0167 (D. Del.); *Ericsson v.*

11   *Samsung*, No. 06-0063 (E.D. Tex.); *Rambus v. Hynix et al.*, No. 05-0334 (N.D. CaL); *In re*

12   *Rambus*, No. 9302 (F.T.C.); and *Rambus v. Micron*, No. 04-431105 (Cal. Super. Ct. San

13   Francisco), concerning IPR claimed Essential to any Defined Wireless Standard, the

14   determination of a FRAND royalty rate for any IPR allegedly Essential to a Defined Wireless

15   Standard, and the propriety of injunctive relief for the infringement of IPR claimed to be

16   Essential to any Defined Wireless Standard.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

18          In addition to its Objections and Responses Common to All Requests for Production,

19   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

20   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

21   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any

22   other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is

23   unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to

24   the Request as overbroad in that it is not limited to any reasonable time period and seeks

25   documents and things from time periods not at issue in this litigation.  Samsung further objects to

26   the Request to the extent it seeks documents that are not relevant to the claims or defenses of any

27   party and/or not reasonably calculated to lead to the discovery of admissible evidence.  Samsung

28

further objects to the Request as overly burdensome for its use of the overly broad definition of "Defined Wireless Standards." Samsung further objects to the Request as duplicative of Apple's Request For Production Nos. 152 and 153.  Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further objects to the Request to the extent the requested documents are publicly available.  Samsung further objects to the Request to the extent it seeks documents subject to a protective order or under seal.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

**FOURTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 185:**

To the extent not duplicative of other requests, all documents relating to or containing any claims or statements by Samsung in any litigation or judicial proceeding, including by not limited to litigation or proceedings outside of the United States, regarding the licensing of IPR that is claimed Essential to any Defined Wireless Standard, the determination of a FRAND royalty rate for any IPR that is claimed Essential to any Defined Wireless Standard, and the propriety of injunctive relief for the infringement of IPR claimed to be Essential to any Defined Wireless Standard.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 185:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in this litigation. Samsung further objects to

the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to the Request as overly burdensome for its use of the overly broad definition of "Defined Wireless Standard." Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung. Samsung further objects to the Request to the extent it seeks documents equally or more readily available to Apple than to Samsung. Samsung further objects to the Request to the extent the requested documents are publicly available. Samsung further objects to the Request to the extent it seeks documents subject to a protective order or under seal.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

**FOURTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 186:**

To the extent not duplicative of other requests, all transcripts of depositions or other documents containing any testimony and/or statements by Samsung, current or former Samsung affiliates or employees, or experts retained by Samsung or counsel to Samsung, relating to any litigation or judicial proceeding, including by not limited to litigation or proceedings outside of the United States, concerning IPR claimed Essential to any Defined Wireless Standard, the determination of a FRAND royalty rate for any IPR allegedly Essential to a Defined Wireless Standard, and the propriety of injunctive relief for the infringement of IPR claimed to be Essential to any Defined Wireless Standard.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 186:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects to

1  the Request as overbroad in that it is not limited to any reasonable time period and seeks

2  documents and things from time periods not at issue in this litigation. Samsung further objects to

3  the Request to the extent it seeks documents that are not relevant to the claims or defenses of any

4  party and/or not reasonably calculated to lead to the discovery of admissible evidence. Samsung

5  further objects to the Request as overly burdensome for its use of the overly broad definition of

6  "Defined Wireless Standard." Samsung further objects to the Request to the extent it seeks

7  documents that are not within the possession, custody, or control of Samsung. Samsung further

8  objects to the Request to the extent it seeks documents equally or more readily available to Apple

9  than to Samsung. Samsung further objects to the Request to the extent the requested documents

10  are publicly available. Samsung further objects to the Request to the extent it seeks documents

11  subject to a protective order or under seal.

12      Subject to these objections, Samsung is willing to meet and confer with Apple about the

13  relevance and scope of the information sought by this request.

14  **FOURTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 187:**

15      To the extent not duplicative of other requests, all documents prepared by any expert,

16  including any technical, economic, marketing or licensing experts, retained by Samsung or by

17  counsel to Samsung for any litigation or judicial proceeding, including by not limited to

18  litigation or proceedings outside of the United States, concerning IPR claimed Essential to any

19  Defined Wireless Standard, the determination of a FRAND royalty rate for any IPR allegedly

20  Essential to a Defined Wireless Standard, and the propriety of injunctive relief for the

21  infringement of IPR claimed to be Essential to any Defined Wireless Standard.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 187:**

23      In addition to its Objections and Responses Common to All Requests for Production,

24  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

25  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

26  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any

27  other applicable privilege or immunity. Samsung further objects to the Request to the extent it is

28

unduly burdensome, and/or would require undue expense to answer. Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in this litigation. Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to the Request as overly burdensome for its use of the overly broad definition of "Defined Wireless Standard." Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung. Samsung further objects to the Request to the extent it seeks documents equally or more readily available to Apple than to Samsung. Samsung further objects to the Request to the extent the requested documents are publicly available. Samsung further objects to the Request to the extent it seeks documents subject to a protective order or under seal.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

1    <u>**APPLE'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(A)(1)**</u>

2        Apple hereby certifies that it has in good faith conferred with Samsung in an effort to

3    obtain the discovery described immediately above without Court action.  Apple was unable to

4    resolve these discovery disputes during the lead counsel in-person meetings held on January 16,

5    2012 and February 14 - 15, 2012.  Apple provides more details regarding its attempt to resolve

6    these disputes below.

7

8    Dated:  March 15, 2012                           /s/ S. Calvin Walden
                                                      S. Calvin Walden
9                                                     WILMER CUTLER PICKERING
                                                        HALE AND DORR LLP
10                                                    399 Park Avenue
                                                      New York, NY 10022
11                                                    Telephone:  (212) 230-8800
                                                      Facsimile:   (212) 230-8888
12
                                                      Attorneys for Plaintiff and
13                                                    Counterclaim-Defendant Apple Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION.

By this motion, Apple seeks to compel production of two categories of documents from Samsung.  First, Apple seeks to compel production of pleadings, expert reports, deposition transcripts, and similar documents from previous or concurrent Samsung litigations involving issues that are also a focus of this litigation, namely the licensing of patents declared essential to the UMTS standard, the calculation of a FRAND rate for such patents, and the propriety of injunctive relief for alleged infringement of declared essential patents.  Second, Apple seeks to compel production of Samsung business plans and other internal strategy documents relating to strategies for developing, marketing or licensing of IPR that is claimed to be essential to the UMTS standard, including presentations to executive management and the Board of Directors.

These documents are highly relevant to Apple's affirmative defenses and counterclaims, including its antitrust counterclaims, and also to the calculation of damages (if any) for Samsung's declared essential patents.  In this case, Samsung is arguing for injunctive relief based on purported infringement of its declared essential patents, and is also arguing that it has honored its obligation to license these patents on FRAND terms.  However, in other cases, when for example Samsung has been sued on patents claimed to be standards essential, Samsung has taken contrary positions on these same issues.  From the discovery Apple has been able to obtain thus far, including from publicly-available documents, it is apparent that Samsung has not been consistent in its positions.  Apple should be able to discover whether Samsung's non-public statements in other litigations and in its own strategy documents further undermine Samsung's positions in this action.  Apple's requests are discrete, and have been further focused through meet-and-confer negotiations.  There is no basis for Samsung to continue to withhold these documents.

## II.    ARGUMENT.

### A.    The Court Should Compel Samsung to Produce Materials from Other Samsung Litigations.[2]

#### 1.    Background.

Apple's Amended Counterclaims cite and discuss several publicly available pleadings from other litigations in which Samsung has taken positions on issues central to this case, including how to determine a FRAND royalty rate for declared essential patents (i.e., patents that have been asserted to be essential to a defined wireless standard), and whether injunctive relief is warranted for infringement of standards essential patents.  *See* Counterclaim Defendant Apple Inc.'s Amended Answer, Defenses, and Counterclaims in Reply to Samsung's Counterclaims, Dkt. 381, filed November 8, 2011 at  ¶¶ 27, 29, 32, 68, 70, 89, and 96.  Apple's Amended Counterclaims specifically reference positions on injunctions and FRAND licensing that Samsung has taken in the following cases that are directly contrary to its current litigation positions:  *Samsung Elec. Co. v. InterDigital Commc'ns Corp.*, No. 07-0167 (D. Del. Sept. 14, 2007); *Telefonaktiebolaget LM Ericsson v. Samsung Electronics UK Ltd.*, HC06 C00618 (Mar. 15, 2007); and *Certain 3G Wideband Code Division Multiple Access (WCDMA) Mobile Handsets and Components Thereof*, Inv. No. 337-TA- 601 (ITC July 8, 2008).  *Id.*

Apple has served document requests seeking production of non-public documents from other Samsung litigations including, but not limited to, those litigations specifically listed in Apple's Amended Counterclaims, and including non-public pleadings, expert reports, and deposition transcripts.  *See* Walden Decl., Exs. 1-2.  These requests are all narrowly tailored in that they only seek production of litigation documents "regarding the licensing of IPR that is claimed Essential to any Defined Wireless Standard, the determination of a FRAND royalty rate for any IPR that is claimed Essential to any Defined Wireless Standard, and the propriety

---

[2] The documents discussed in this section are responsive to one or more of the following Requests for Production: Nos. 151 – 154, 185 – 187.

of injunctive relief for the infringement of IPR claimed to be Essential to any Defined Wireless Standard." *Id.*, Exs. 1-2 (Apple Request Nos. 152 – 154, 185 – 187).

2.      **Apple's Efforts to Resolve This Discovery Dispute Without Court Intervention.**

In Samsung's initial written response to each of Apple's Request for Production Nos. 151-154 and 185-187, Samsung did not indicate whether it would (or would not) produce the requested documents. Rather, Samsung stated a series of objections, and then made an offer to "meet and confer with Apple about the relevance and scope of the information sought by this request." Walden Decl., Exs. 3-4.[3]

On January 13, 2012, Apple wrote to Samsung regarding deficiencies in Samsung's responses to various Apple document requests, including the requests at issue in this motion to compel. *See id.*, Ex. 5. Apple placed the issues set forth in its January 13 letter on the agenda for the lead counsel meet and confer that was held on January 16, 2012. *See* Walden Decl. at ¶ 8. However, Samsung's counsel refused to discuss these issues at the January 13 lead counsel meeting, indicating that, in Samsung's view, these issues were not yet ripe for discussion among the parties' lead counsel (purportedly because Apple had only raised them a few days earlier). Samsung's counsel instead stated that Samsung would respond to Apple's January 13 letter in due course. *See* Walden Decl. at ¶ 9.

Despite the promise made during the January 16 lead counsel meet and confer, Samsung did not respond to Apple's January 13 letter before the next scheduled lead counsel meeting, and for that reason Apple once again placed these issues on the agenda for the next lead counsel meet and confer -- which was held over the course of two days, February 14-15, and which lasted roughly five hours. *See* Walden Decl. at ¶ 10. During the February 14 lead counsel

---

[3] This "meet and confer" response (or non-response) soon became Samsung's stock response as discovery in this case progressed. Specifically, in calendar year 2012, Apple served 164 individual document requests on Samsung (in nine sets of document requests). In its written responses to these nine sets of document requests, Samsung agreed to produce documents in response to just two requests, stated it would not produce documents in response to just one request, and *stated it would "meet and confer" on the remaining 161 of the 164 individual requests.* *See* Walden Decl. at ¶ 6.

session, Apple specifically raised Samsung's failure to produce the documents at issue in this motion.  In response, Samsung's counsel again refused to address the substance of these issues, but instead stated (as it had a month earlier) that a written response would be forthcoming.  *See* Walden Decl. at ¶ 12.  As of that time, Apple's letter had been outstanding for over one month, and had been on the agenda for two lead counsel meet-and-confers.  Apple thus informed Samsung that Apple considered the lead counsel meet-and-confer requirement to have been satisfied with respect to the issues raised in Apple's January 13 letter, since Samsung had twice refused to discuss the issues despite the presence of both sides' lead counsel at the meet and confer per the Court's requirements.  *Id.*

Samsung did finally respond to Apple's January 13 letter by letter dated February 16, 2012.  *See* Walden Decl., Ex. 6.  In that response, Samsung refused to produce any "documents from any U.S. litigation except for those bearing a technological nexus to the patents-in-suit." *Id.*  Without explanation, Samsung further refused to produce "discovery motions, filings prepared by other parties, [and] reports prepared by non-testifying experts."  *Id.*  Samsung's February 16, 2012 letter further states that "we are conferring with our client to determine the precise scope of what we can agree to produce, and will get back to you shortly."  *Id.*

Despite this promise to "get back to you shortly" with an actual proposal, Samsung thereafter simply stopped engaging with Apple on the issue, despite several letters and e-mails from Apple's counsel.  For example, by letter dated February 28, 2012, Apple explained why the "technological nexus" standard was too narrow in the context of document requests directed towards Apple's FRAND and antitrust counterclaims.  *See* Walden Decl., Ex. 7.  Further, in an effort to compromise on this issue, and in response to the objections raised in Samsung's February 16 letter, Apple agreed to narrow the scope of its requests to exclude "discovery motions, filings prepared by other parties, [and] reports prepared by non-testifying experts."  *Id.*

Samsung did not respond to Apple's February 28, 2012 letter, nor did Samsung's counsel respond to Apple's repeated attempts to follow up.  On March 6 and 7, 2012, Apple's counsel sent e-mails to Samsung seeking to further discuss the issues addressed in Apple's

February 28, 2012 letter.  *See* Walden Decl., Exs. 8-9.  On March 7, Samsung's counsel sent an e-mail declining to discuss the subject telephonically, and instead stating that a *further* letter from Samsung would be forthcoming.  *Id.*, Ex. 10.  No letter has come from Samsung, however.  *Id.*, Ex. 11; *id.* at ¶ 20.  Most importantly, Samsung has failed to produce the non-public documents from these other litigations that Apple has been seeking for months and months.

> ### 3.     Documents From Other Samsung Litigations are Relevant and Discoverable, and Samsung Should be Ordered to Produce Them.

Given that Samsung has itself twice moved to compel documents from other Apple litigations, Samsung cannot deny that documents from its own related litigations are relevant and discoverable.  *See* Samsung's Notice of Motion and Motion to Compel Apple to Produce Documents and Things, Dkt. 487, filed on December 13, 2011; Samsung's Notice of Motion and Motion to Compel Production, Dkt. 782-2, filed on March 7, 2012 (Exhibit A to Samsung's Motion to File Documents Under Seal, Dkt. 782, filed on March 7, 2012).  Indeed, Apple's Amended Counterclaims explain how Samsung has taken contrary positions in other litigations on issues identical to those in this action, including relating to the calculation of a FRAND royalty rate for a declared essential patent, and the propriety (or non-propriety) of injunctive relief for declared essential patents.  For example, although Samsung now claims that holders of declared essential patents do not create market power, it suggested the exact opposite in *Samsung v. InterDigital*, noting that FRAND is designed to "prevent patent owners from imposing monopolistic royalties and to mitigate the threat of a single patent owner holding up the industry."  First Amended Complaint at 5, *Samsung Elec. Co. v. InterDigital Commc'ns Corp.*, No. 07-0167 (D. Del. Sept. 14, 2007).

Similarly, Samsung now claims that Apple's reliance when launching its products on Samsung's commitment to license patents on FRAND terms was not reasonable.  However, in its litigation against Ericsson, where Samsung was sued on patents claimed to be standards-essential, it asserted the opposite position:

By its declarations of essentiality to ETSI, the Claimant made a clear and unequivocal representation to ETSI Members and to all other third-party undertakings that sought to manufacture and supply mobile telephone handsets incorporating the relevant technology, including the Defendants, that it was prepared to grant them irrevocable licenses under its portfolio of essential patents (including the Patents) on FRAND terms and conditions.

In view of the purpose of making such declarations (see Clause 3 of the ETSI IPR Policy) and in view of the statements of the Claimant … the said representation was intended to affect legal relations between the Claimant and *inter alia* the Defendants, and to be acted upon by the latter accordingly.  Alternatively, for the said reasons, it was of such a nature that a reasonable person would have understood it to be so.

Re-Amended Defence and Counterclaim at ¶¶ 88-89, *Telefonaktiebolaget LM Ericsson v Samsung Electronics UK Ltd.*, HC06 C00618 (Mar. 15, 2007).

Finally, despite filing claims against Apple seeking to prevent Apple from using declared essential patents, in a recent matter before the International Trade Commission Samsung acknowledged that, "the whole point of a standard setting body is to create a standard that everyone can follow without fear of lawsuits that are going to stop the standard."  Hearing Transcript at 87, *Certain 3G Wideband Code Division Multiple Access (WCDMA) Mobile Handsets and Components Thereof*, Inv. No. 337-TA-601 (ITC July 8, 2008).

These examples demonstrate that Samsung has taken contrary positions in its other litigations concerning FRAND rates and whether injunctions should issue for declared essential patents.  There is every reason to believe that Samsung has taken similar positions in its non-public statements in those litigations as well.  It is well-established that positions taken in other litigations on the same issue by a party are relevant and may be used against that party.  *See Insignia Sys., Inc. v. News Am. Marketing In-Store, Inc.*, 661 F. Supp. 2d 1039, 1075 (D. Minn. 2009) (granting the plaintiff's motion to compel the defendant to produce its former expert's report and underlying back-up data file used in a prior litigation as they were deemed directly relevant to the defendant's assertions in the present litigation); *Snowden By & Through Victor v. Connaught Labs., Inc.*, 137 F.R.D. 325, 330 (D. Kan. 1991) (compelling a party to produce

documents related to its prior litigation with similar claims and subject matter as the present case; "because of the similarity of the cases, it is not unlikely that discovery of this nature will lead to admissible evidence").

Further, statements made or adopted by Samsung in these other litigations are not hearsay and would be admissible under Fed. R. Evid. 801. *See* Fed. R. Evid. 801(d) ("A statement is not hearsay if…the statement is offered against a party and is (A) the party's own statement…, or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent…concerning a matter within the scope of the agency."). Rule 801(d) applies to statements made on behalf of a party in successive litigations. *See United States v. McKeon*, 738 F.2d 26, 27-34 (2d Cir. 1984) (counsel's opening statement at second trial was admissible against party at third trial; absent evidence to the contrary, it may reasonably be assumed that party authorized attorney to present versions of facts in both, inconsistent, statements); *Williams v. Union Carbide Corp.*, 790 F.2d 552, 555-556 (6th Cir. 1986) ("An opening statement by an attorney is admissible in a later lawsuit against his client.").

Because the documents from other litigations are relevant to Apple's affirmative defenses and counterclaims, and because the burden on Samsung in producing them is not outweighed by their obvious relevance, Samsung should be ordered to make a complete production of non-public pleadings, deposition transcripts, expert reports, and other documents from other litigations regarding the licensing of intellectual property that is claimed to be essential to UMTS, the determination of a FRAND royalty rate, and/or the propriety of injunctive relief for standards essential patents.

Samsung has stated that it is unwilling to produce documents from other litigations regarding patents that do not bear a "technological nexus" to the patents-in-suit. *See* Walden Decl., Ex. 6. However, the "technological nexus" standard is not appropriate for determining whether pleadings and other documents should be produced relating to FRAND issues because

1   those issues (unlike the determination of infringement and validity) do not turn on the particular

2   technology of the patent-in-suit.  To the extent that Samsung has made statements in other

3   matters regarding whether, for example, injunctive relief is warranted for standards essential

4   patents, those statements are relevant to this action, regardless of the technology at issue.

5         Apple's requests are limited to litigations where Samsung has taken positions on core

6   FRAND and antitrust issues in this case – determining FRAND royalties and the propriety of

7   injunctive relief for declared essential patents.  *See* Walden Decl., Exs. 1-2 (Apple Request

8   Nos. 151 – 154, 185 – 187).  Apple has further offered to limit the scope of production by

9   excluding publicly available information, as well as "discovery motions, filings prepared by

10  other parties [and] reports prepared by non-testifying experts."  Walden Decl., Ex. 7.  While

11  there are likely additional related Samsung litigations beyond the three identified in Apple's

12  Affirmative Counterclaims, there are unlikely to be a great deal more (Samsung has not

13  provided any clarity as to how many litigations it has been involved in that concern patents

14  declared essential).  Further, Samsung should have easy access to collect and produce the

15  documents Apple seeks, especially given it only needs to produce documents that are not

16  otherwise publicly available to Apple.  As a result, the burden on Samsung in producing the

17  requested documents is minimal.  Samsung's repeated refusals to produce documents relating to

18  similar and relevant litigations have already prejudiced Apple and should not be allowed to

19  continue.  Thus, Samsung should be ordered to complete production of its prior litigation

20  documents forthwith.

21

22        **B.    The Court Should Order Samsung to Complete Production of Documents
              Reflecting Samsung's Internal Standards Strategies.**

23

24            **1.    Background.**

25        Apple's Amended Counterclaims also assert that Samsung deliberately and deceptively

26  failed to disclose to ETSI and 3GPP in a timely fashion the intellectual property rights that

27  Samsung now claims are essential to the UMTS standard, and that Samsung delayed this

28

disclosure in order to encourage the incorporation of Samsung's technologies into the standard. *See* Counterclaim Defendant Apple Inc.'s Amended Answer, Defenses, and Counterclaims in Reply to Samsung's Counterclaims, Dkt. 381, filed November 8, 2011 at ¶¶ 44, 57.  In particular, Apple asserts that Samsung personnel frequently participated in 3GPP working groups during the relevant timeframe (1999-2005), championed Samsung's technical proposals, affirmatively steered the standard setting organizations to adopt Samsung's technical proposals, and then disclosed Samsung's intellectual property only *after* the relevant standard or technical specification was finalized.  *Id.*

In its Third Request for Production of Documents (Request No. 134), Apple sought production of Samsung's business strategy plans for the development, marketing or licensing of any intellectual property that is essential or allegedly essential to any of the defined wireless standards, particularly UMTS.  Walden Decl., Ex. 1.  In its written response to this request, Samsung did not indicate whether it would (or would not) produce the requested documents, but instead stated its objections and that it was willing to "meet and confer."  Walden Decl., Ex. 3.

### 2. Apple's Efforts to Resolve This Discovery Dispute Without Court Intervention.

Apple's efforts to obtain the documents sought by this request mirror those described above regarding its requests for documents reflecting positions taken by Samsung in other litigations.  Both issues were first raised by Apple in the same January 13 letter (Walden Dec., Ex. 5) and placed on the agenda for both the January 16 and February 14-15 lead counsel meetings.  *See* Section II. A. 2. *supra*.  At both the January 16 and February 14 lead counsel sessions, Samsung was unwilling to discuss the substance of this request, but instead promised to provide Apple a written response.  Walden Decl. at ¶ 21.  This response was provided in the same February 16 Samsung letter that was cited above.  Walden Decl., Ex. 6.

In its February 16 letter, Samsung proposed to produce, in response to Apple's RFP 134, "business plans, strategy documents, financial projections and licensing plans that are

applicable to patents that have been declared essential to the UMTS specifications identified in

Apple's answers and counterclaims (25.212, 25.213, 25.214, and 25.322)." *Id.*, Ex. 6.  By letter

dated February 28, Apple sought to confirm and clarify the scope of Samsung's proposal.  *Id.*,

Ex. 7.  Despite several requests from Apple, Samsung did not respond to Apple's February 28

letter, and thus, it is unclear whether Samsung has agreed to produce the requested documents,

or what exactly Samsung has agreed to produce.  *See* Walden Decl. ¶ 22.  Apple has obtained

no assurance, either from its review of Samsung's documents or from Samsung itself, that

Samsung's production of documents in response to Request 134 has even started, much less

been completed.

### 3. Samsung's Documents Related to Samsung's Internal Standards Strategies Are Relevant and Discoverable, and Samsung Should be Ordered to Produce Them.

Samsung's internal standards strategy documents are discoverable because they are

relevant to Apple's Affirmative Counterclaims, including its antitrust counterclaims.

Samsung's strategic plans for development and marketing of intellectual property essential to

the UMTS standard, as well as its strategies for licensing negotiations over declared essential

patents are undoubtedly relevant to Apple's counterclaims.  Apple claims that Samsung

deliberately and deceptively failed to disclose to ETSI and 3GPP in a timely fashion the

intellectual property that Samsung now claims is essential to the UMTS standard, and that

Samsung delayed this disclosure in order to try to encourage the incorporation of Samsung's

technologies into the standard so that it could then seek royalties (or an injunction) from all

those implementing the standard.  Furthermore, these strategy documents should be found in

the files of an easily identifiable group of custodians, such as team leaders or managers of

intellectual property or standards teams.  Thus, the burden on Samsung in producing the

requested documents is minimal and does not outweigh the probative value.

Apple has been able to locate a single document that is the type of strategy document

Apple seeks by this motion.  Walden Decl., Exs. 12-13.  ████████████████



*Id.*  This document is dated in December, 2005, and it is *very unlikely* that this is the only example of such a document generated by Samsung during the relevant time period.  Apple thus seeks a complete production of these documents dated from January 1, 1999 to December 31, 2005, as the patent applications and the 3GPP proposals at issue in the matter were filed and made by Samsung during that time period.

As indicated in its February 28, 2012 letter, Apple is willing to accept Samsung's proposal to "produce business plans, strategy documents, financial projections and licensing plans that are applicable to patents that have been declared essential to the UMTS specifications identified in Apple's answers and counterclaims," Walden Decl., Ex. 7, so long as it is clear that, under this compromise, a business plan or other document that pertains to patents declared essential to the UMTS standard is "applicable" to all patents declared essential under that standard.  For example, Apple does not expect that Samsung business plans would necessarily refer in granular detail to any particular patents, or to any particular specifications within a

standard, but if the business plan is applicable to the UMTS standard in general, then it would be produced under the formulation stated in Samsung's February 16 proposal.

Samsung should be ordered to complete production of internal standards strategies documents forthwith.

### III.   CONCLUSION.

For the foregoing reasons, Apple respectfully requests that the Court grant its Motion to Compel Discovery from Samsung.

Dated:  March 15, 2012

/s/ Mark D. Selwyn
Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Harold J. McElhinny (SBN 66781)
(HMcElhinny@mofo.com)
Michael A. Jacobs (SBN 111664)
(MJacobs@mofo.com)
Richard S.J. Hung (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: ( 415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on March 15, 2012 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

/s/ Mark. D Selwyn
Mark D. Selwyn