HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

**United States District Court**
**Northern District of California**
**San Jose Division**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Counterclaim-Plaintiffs,<br><br>      v.<br><br>APPLE INC., a California corporation,<br><br>            Counterclaim-Defendant. | Civil Action No. 11-CV-01846-LHK<br><br>**DECLARATION OF S. CALVIN WALDEN IN SUPPORT OF APPLE INC.'S NOTICE OF MOTION AND MOTION TO COMPEL**<br><br>Date:   April 24, 2012<br>Time:   10:00 a.m.<br><br><br>**ORAL ARGUMENT REQUESTED** |

I, S. Calvin Walden, hereby declare as follows:

1. I am an attorney at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-referenced litigation.  I am licensed to practice law in the State of New York, and am admitted to practice before the U.S. District Court for the Southern and Eastern Districts of New York, as well as the Federal Circuit.  I am admitted *pro hac vice* in this case.  I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts under oath.

2. Attached as Exhibit 1 is a copy of Apple's Third Set of Requests for Production of Documents and Things.

3. Attached as Exhibit 2 is a copy of Apple's Fourth Set of Requests for Production of Documents and Things.

4. Attached as Exhibit 3 is Samsung's Objections and Responses to Apple's Third Set of Requests for Production of Documents and Things.

5. Attached as Exhibit 4 is Samsung's Objections and Responses to Apple's Fourth Set of Requests for Production of Documents and Things.

6. In 2012, Apple served 164 individual document requests on Samsung (in nine sets of document requests).  In its written responses to these nine sets of document requests, Samsung agreed to produce documents in response to just two requests, stated it would not produce documents in response to just one request, and stated it would "meet and confer" on the remaining 161 of the 164 individual requests.

7. Attached as Exhibit 5 is a copy of a letter from myself to Rachel Kassabian dated January 13, 2012.

8. The issues outlined in my January 13, 2012 letter – including those respecting Apple document requests 134, 151-154, and 185-187 – were placed on the agenda for the lead counsel meeting which was scheduled and held on January 16, 2012.

9. Samsung's counsel refused to discuss these issues at the January 13, 2012 lead counsel meeting. Instead, Samsung indicated that, in Samsung's view, these issues were not yet ripe for discussion among the parties' lead counsel (purportedly because Apple had only raised them a few days earlier). Samsung's counsel stated that Samsung would respond to Apple's January 13 letter in writing.

10. Despite the promise made during the January 16, 2012 lead counsel meeting, Samsung did not respond to my January 13, 2012 letter before the next scheduled lead counsel meeting held over the course of two days on February 14 and 15, 2012. Apple once again placed the document requests at issue in this motion on the agenda for the February 14-15, 2012 lead counsel meeting.

11. The February 14-15, 2012 lead counsel meeting was attended by lead counsel Charles Verhoeven and Harold McElhinny, as well as other attorneys, including myself (via telephone). Over the course of two days, the meeting lasted approximately five hours.

12. During the February 14, 2012 lead counsel session, Apple again raised Samsung's failure to produce the documents at issue in this motion. In response, Samsung's counsel again refused to address the substance of these issues, but instead stated (as they had a month earlier) that a written response would be forthcoming. Apple informed Samsung that Apple considered the lead counsel meet-and-confer requirement to have been satisfied with respect to the issues raised in my January 13, 2012 letter, since Samsung had twice refused to discuss the issues

despite the presence of both sides' lead counsel at the meet and confer per the Court's requirements.

13. Attached as Exhibit 6 is a copy of a letter from Rachel Kassabian to myself dated February 16, 2012.

14. Despite the promise in Samsung's February 16, 2012 letter to "get back to you shortly" with an actual proposal, Samsung thereafter simply stopped engaging with Apple on the document requests at issue in this motion.

15. Attached as Exhibit 7 is a copy of a letter from myself to Rachel Kassabian dated February 28, 2012.

16. Attached as Exhibit 8 is a copy of an e-mail from myself to Rachel Kassabian dated March 6, 2012.

17. Attached as Exhibit 9 is a copy of an e-mail from myself to Rachel Kassabian dated March 7, 2012.

18. Attached as Exhibit 10 is a copy of an e-mail from Rachel Kassabian to me dated March 7, 2012.

19. Attached as Exhibit 11 is a copy of an e-mail from myself to Rachel Kassabian dated March 9, 2012.

20. At the time of this filing, Samsung has not sent Apple the letter promised in Ms. Kassabian's March 7, 2012 email.

21. Apple's Document Request No. 134 (seeking documents pertaining to Samsung's standards strategies), like its document requests seeking documents from other litigations, was addressed in Apple's January 13, 2012 letter, and placed on the agenda for the January 16, 2012

1  and February 14-15, 2012, lead counsel meetings.  Samsung refused to discuss this document

2  request at either lead counsel meeting, but instead stated that it would provide Apple with a

3  written response.

4

5      22.    Despite several requests from Apple, Samsung has not responded to Apple's

6  February 28, 2012 letter, and thus, it is unclear whether Samsung has agreed to produce the

7  documents Apple seeks in response to Request No. 134, or what exactly Samsung has agreed to

8  produce in response to that request.

9

10      23.    Attached as Exhibit 12 is a copy of a document Samsung produced numbered

11  SAMNDCA0016606.

12

13      24.    Attached as Exhibit 13 is a copy of a translation Apple commissioned of the

14  document Samsung produced numbered SAMNDCA0016606.

15      25.    Attached as Exhibit 14 is the translator certification for the document Samsung

16  produced numbered SAMNDCA0016606.

17

18      26.    According to the production information accompanying the document Samsung

19  produced numbered SAMNDCA0016606, the document is from the files of Joon Young Cho.

20      I declare under penalty of perjury that the foregoing is true and correct to the best of my

21  knowledge.  Executed on this 15th day of March, 2012, in New York, New York.

22

23

24  Dated:  March 15, 2012                                */s/ S. Calvin Walden*
                                                                                           S. Calvin Walden

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

3    The undersigned hereby certifies that a true and correct copy of the above and foregoing

4    document has been served on March 15, 2012 to all counsel of record who are deemed to have

5    consented to electronic service per Civil Local Rule 5.4.

6
                                                    */s/ S. Calvin Walden*
7                                                   S. Calvin Walden

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF S. CALVIN WALDEN IN
SUPPORT OF APPLE'S MOTION TO COMPEL
Case No. 11-cv-01846 (LHK)

6