# EXHIBIT 2

1 | HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
2 | MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
3 | RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
4 | MORRISON & FOERSTER LLP
425 Market Street
5 | San Francisco, California  94105-2482
Telephone:  (415) 268-7000
6 | Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

APPLE INC., a California corporation,

    Plaintiff,

    vs.

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

    Defendants.

Civil Action No. 11-CV-01846-LHK

**JURY TRIAL DEMANDED**

PLAINTIFF AND COUNTERCLAIM DEFENDANT APPLE INC.'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

1   SAMSUNG ELECTRONICS CO., LTD., a
    Korean business entity, SAMSUNG
2   ELECTRONICS AMERICA, INC., a New
    York corporation, and SAMSUNG
3   TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company, a
4   California corporation,

5
                    Counterclaim-Plaintiffs,
6
7           v.

8   APPLE INC., a California corporation,

9                   Counterclaim-Defendant.

10

11   **PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S FOURTH SET OF**
     **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 156-187)**
12

13           Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff and

14   Counterclaim-Defendant Apple Inc. ("Apple") hereby requests that Defendants Samsung

15   Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications

16   America, LLC (collectively, "Samsung") produce documents and things responsive to the

17
18   following requests (the "Requests") at the office of Wilmer Cutler Pickering Hale and Dorr LLP,

19   950 Page Mill Road, Palo Alto, California, 94304 within thirty (30) days of service of these

20   requests.

21

22                              **DEFINITIONS**

23

24           The words and phrases used in these Requests shall have the meanings ascribed to them

25   under the Federal Rules of Civil Procedure and the Local Rules of the United States District

26   Court for the Northern District of California.  In addition, the following terms shall have the

27   meanings set forth below whenever used in any Request:

28

1.     "Samsung," "You," "Your," and/or Defendants mean Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Defendants, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

2.     "Apple" means Apple Inc. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

3.     "Qualcomm" means Qualcomm Inc. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

4.     "Intel" means Intel Corp. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

5.     "Samsung Patents-In-Suit" shall mean United States Patent Nos. 6,928,604, 7,050,410, 7,069,055, 7,079,871, 7,200,792, 7,362,867, 7,386,001, 7,447,516, 7,456,893, 7,577,460, 7,675,941, and 7,698,711, individually and collectively, and all foreign counterparts thereof.

6.     "The '604 Patent" shall mean U.S. Patent No. 6,928,604, issued on August 9, 2005 and entitled "Turbo Encoding/Decoding Device and Method for Processing Frame Data According to QOS."

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

7.      "The '410 Patent" shall mean U.S. Patent No. 7,050,410, issued on May 23, 2006 and entitled "Apparatus and Method for Controlling a Demultiplexer and a Multiplexer Used for Rate Matching in a Mobile Communication System."

8.      "The '055 Patent" shall mean U.S. Patent No. 7,069,055, issued June 27, 2006 and entitled "Mobile Telephone Capable of Displaying World Time and Method for Controlling the Same."

9.      "The '871 Patent" shall mean U.S. Patent No. 7,079,871, issued on July 18, 2006 and entitled "Portable Telephone and Method of Displaying Data Thereof."

10.     "The '792 Patent" shall mean U.S. Patent No. 7,200,792, issued on April 3, 2007 and entitled "Interleaving Apparatus and Method for Symbol Mapping in an HSDPA Mobile Communication System."

11.     "The '867 Patent" shall mean U.S. Patent No. 7,362,867, issued on April 22, 2008 and entitled "Apparatus and Method for Generating Scrambling Code in UMTS Mobile Communication System."

12.     "The '001 Patent" shall mean U.S. Patent No. 7,386,001, issued on June 10, 2008 and entitled "Apparatus and Method for Channel Coding and Multiplexing in CDMA Communication System."

13.     "The '516 Patent" shall mean U.S. Patent No. 7,447,516, issued on November 4, 2008 and entitled "Method and Apparatus for Data Transmission in a Mobile Telecommunication System Supporting Enhanced Uplink Service."

14.     "The '893 Patent" shall mean U.S. Patent No. 7,456,893, issued on November 25, 2008 and entitled "Method of Controlling Digital Image Processing Apparatus for Efficient Reproduction and Digital Image Processing Apparatus Using the Method."

15. "The '460 Patent" shall mean U.S. Patent No. 7,577,460, issued on August 18, 2009 and entitled "Portable Composite Communication Terminal for Transmitting/Receiving and Images, and Operation Method and Communication System Thereof."

16. "The '941 Patent" shall mean U.S. Patent No. 7,675,941, issued on April 13, 2010 and entitled "Method and Apparatus for Transmitting/Receiving Packet Data Using Pre-Defined Length Indicator in a Mobile Communication System."

17. "The '711 Patent" shall mean U.S. Patent No. 7,698,711, issued on March 9, 2010 and entitled "Multi-Tasking Apparatus and Method in Portable Terminal."

18. "Samsung Named Inventors" shall mean the persons named as inventors on any of the Samsung Patents-in-Suit: Youn-Hyoung Heo; Ju-Ho Lee; Joon-Young Cho; Young-Bum Kim; Yong-Jun Kwak; Soeng-Hun Kim; Gert-Jan Van Lieshout; Himke Van Der Velde; Jae-Yoel Kim; Hee-Won Kang;Hun-Kee Kim; Gin-Kyn Choi; Jae-Seung Yoon; Noh-Sun Kim; Jun-Sung Lee; Yong-Suk Moon; Hye-Young Lee; Se-Hyoung Kim; Min-Goo Kim; Beong-Jo Kim; Soon-Jae Choi; Chang-Soo Park; Joong-Ho Jeong; Hyeon-Woo Lee; Beong-Jo Kim; Se-Hyong Kim; Min-Goo Kim; Soon-Jae Choi; Young-Hwan Lee; Pyung-soo Kim; Hyuk-soo Son; Sung-ho Eun; Jae-Min Kim; Jeong-Seok Oh; Sang-Ryul Park; and Moon-Sang Jeong.

19. "Product" means a machine, manufacture, apparatus, device, instrument, mechanism, appliance, or an assemblage of components/parts (either individually or collectively) that are designed to function together electronically, mechanically, chemically, or otherwise, including any offered for sale or under development.

20. "Software" shall mean and include all forms of code including, but not limited to, source code, object code, firmware, compiled code, byte code, interpreted code, any form of code stored in any storage medium (for example, ROM or Flash RAM chips) on any product, or

code transmitted to products.  Software further includes files written in any programming language, including, but not limited to, "C", "C++", assembler, VHDL, Verilog, digital signal processor ("DSP") programming language, "make" files, "include" files, script files, link files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, microcontroller, and/or DSP.

21.    "Mobile Wireless Telecommunications Device(s)" shall mean any device capable of transmitting and receiving cellular telephonic communications.

22.    "Accused Apple Product" shall mean any Product made or marketed by or on behalf of Apple that, when made, used, offered for sale, sold, imported, or otherwise practiced in the United States (either by itself or in combination with other devices, methods) by or on behalf of Apple or any user, allegedly constitutes, practices, incorporates, or embodies a device, or method claimed in one or more of the Samsung Patents-in-Suit.  This definition includes without limitation any Apple Product that is accused of directly or indirectly infringing one or more of the Samsung Patents-in-Suit, including the iPhone, iPhone 3G, iPhone 3GS and iPhone 4.

23.    "Samsung Covered Product" shall mean any Product sold or offered for sale at any time by Samsung that Samsung contends practices any of the Samsung Patents-In-Suit.

24.    "3GPP" shall mean Third Generation Partnership Project.

25.    "ARIB" shall mean Association of Radio Industries and Businesses.

26.    "ETSI" shall mean the European Telecommunications Standards Institute.

27.    "Standards Setting Organization" or "SSO" shall mean an organization that adopts standards governing an industry or technological field, and includes without limitation 3GPP, ARIB, and ETSI.

28.    "IPR" shall mean intellectual property rights, and includes patent rights.

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

29.     "Defined Wireless Standards" includes all standards to which Samsung claims or has claimed that its patents are essential, including but not limited to the UMTS standard and any standard that is backwards compatible thereto, including but not limited to Global System for Mobile communications ("GSM"), Enhanced Data Rates for GSM Evolution ("EDGE"), and GSM Packet Radio Services ("GPRS").

30.     "Essential" shall mean necessary for implementation of any mobile wireless standard, such that the standard, or some part of the standard, could not be practiced without infringing the patent or technology to which "essential" refers.

31.     "Samsung's Alleged Essential Technology" shall mean Samsung technology, IPR, patents, patent applications, or patent rights that Samsung has: (1) identified or declared to an SSO as actually or potentially essential to implement a Defined Wireless Standard; (2) identified or asserted to any actual or prospective licensee as actually or potentially essential to implement a Defined Wireless Standard; or (3) otherwise identified, in internal or external discussions, as actually or potentially essential to implement a Defined Wireless Standard.

32.     "FRAND" in relation to licensing or license terms means "fair, reasonable, and non-discriminatory terms and conditions" as those terms are used in the ETSI Intellectual Rights Policy contained in Annex 6 of the ETSI Rules of Procedure.

33.     "Litigation" means the above-referenced action, 11-cv-01846 (LHK) in the United States District Court for the Northern District of California.

34.     "Answer" shall mean Samsung's Answer and Counterclaims to Apple's Amended Complaint, filed June 30, 2011, in the above-referenced action.

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

35.     "Counterclaims" shall mean the Counterclaims set forth in Apple's Answer, Defenses and Counterclaims in Reply to Samsung's Counterclaims, filed July 21, 2011, in the above-referenced action.

36.     "Person(s)" means natural persons as well as business entities and associations of all sorts, including partnerships, companies, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations.

37.     "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26 and 34 and the relevant case law, and the broadest meaning consistent with the terms "writings" or "recordings" as set forth in Rule 1001 of the Federal Rules of Evidence, and specifically and without limitation include tangible things and electronically stored information, including e-mail and information stored on computer disk or other electronic, magnetic, or optical data storage medium.  "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

38.     "Communication(s)" means the transmittal of information in the form of facts, ideas, inquiries, and any exchange or transfer of information whether written, oral, electronic, or in any form.

39.     "Tangible Thing(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law.

40.     "Entity" or "Entities" means, including without limitation, corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

41.     "Third Party" or "Third Parties" means all persons who are not parties to this Litigation, as well as their officers, directors, employees, agents and attorneys.

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

42.     "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

43.     "Transport channel processing technology" means information describing or relating to handling, conveying, formatting, combining, manipulating and/or transmitting one or more data paths, where each data path may have unique characteristics with respect to the other data paths, including, for example, Transmission Time Interval (TTI) and content (e.g., voice, video, high speed data, etc.).

44.     "Data packet construction" means assembly of a protocol data unit (PDU) including a header and a data field, wherein the data field includes padding and/or a complete, segmented, and/or concatenated service data unit (SDU) from another layer of a communication system.

45.     "Uplink transmission power control" means controlling uplink transmission power for transmitting data to prevent the total transmit power from exceeding the maximum allowed power.

46.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

47.     The use of the singular form of any word includes the plural and vice versa.

48.     The singular is to be construed as including the plural and vice versa.  "And" as well as "or" are to be construed either disjunctively or conjunctively to acquire the broadest meaning possible, so as to bring within the scope of the Request all information that might

otherwise be construed to be outside its scope.  The term "all" is to be construed to mean "any" and "each" and vice versa.

49.     "Including" shall be construed to mean "including, without limitation" or "including, but not limited to."

## INSTRUCTIONS

1.      Each document is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction, and as maintained in the ordinary course of business.

2.      If Samsung withholds any documents on a claim of privilege, provide a statement of the claim of privilege and all facts relied upon in support of that claim as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

3.      Documents responsive to each Request must be produced in full and subject to any Request being narrowed by the parties' meeting and conferring regarding your corresponding requests to Plaintiff, if applicable.

## REQUESTS FOR PRODUCTION

## REQUEST NO. 156

All documents and communications with an expert witness who is expected to testify in this Litigation that (i) relate to compensation for the expert's work or testimony; (ii) identify facts or data that Samsung's attorneys provided and that the expert considered in forming any opinions to be expressed; and (iii) identify assumptions that Samsung's attorneys provided and the expert relied on in forming any opinions to be expressed.

**REQUEST NO. 157**

All documents and things relating to the alleged nexus between any alleged commercial success of products embodying any alleged invention claimed by the Samsung Patents-In-Suit and the alleged advantages of the invention, including without limitation any customer surveys reflecting the bases for purchasing decisions.

**REQUEST NO. 158**

All documents relating to the *Georgia Pacific* factors as those factors relate to Samsung's claim for damages arising from Apple's alleged infringement of the Samsung Patents-In-Suit.

**REQUEST NO. 159**

All documents and things relating to accolades and awards given to products that embody any alleged invention claimed by the Samsung Patents-In-Suit.

**REQUEST NO. 160**

All documents and things evidencing Samsung's licensing program, including without limitation documents sufficient to identify all licensing personnel, location of said personnel, and duties of said personnel.

**REQUEST NO. 161**

All documents and things relating to Samsung's attempts to license to others the Samsung Patents-In-Suit and any related patents which have not yet resulted in a license agreement, including without limitation cease and desist letters, draft agreements, and other communications.

**REQUEST NO. 162**

Documents sufficient to identify any attempt by Samsung to enforce, either in the United States or abroad, the Samsung Patents-In-Suit and any related patents.

**REQUEST NO. 163**

All documents produced or made available to Samsung by any non-party or third-party in this Litigation.

**REQUEST NO. 164**

All documents relating to any security interest in or lien against any of the Samsung Patents-In-Suit or any related patents.

**REQUEST NO. 165**

All documents relating to the ownership, title, transfer, or assignment of any of the Samsung Patents-In-Suit or any related patents.

**REQUEST NO. 166**

All documents relating to Samsung's decision to mark or not to mark any product with the numbers of any of the Samsung Patents-In-Suit.

**REQUEST NO. 167**

All documents and things related to any marking of any product with any of the numbers of any of the Samsung Patents-in-Suit.

**REQUEST NO. 168**

All documents and things evidencing Samsung's or any licensee's or any third party's marking of any product with the numbers of any of the Samsung Patents-in-Suit.

**REQUEST NO. 169**

All documents relating to any alleged damage or injury that Samsung has suffered or will suffer as a consequence of Apple allegedly using, manufacturing, employing, or selling any Apple Accused Product.

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

1

**REQUEST NO. 170**

2

All documents relating to any sales that Samsung alleges it has lost, or believes it has

3

lost, to Apple.

4

**REQUEST NO. 171**

5

6

All documents relating to budgets, projected revenues and expenses, projected sales,

7

projected profits, or other forecasts of operations concerning each Samsung Product you claim

8

embodies any invention claimed in any claim of any of the Samsung Patents-In-Suit.

9

**REQUEST NO. 172**

10

11

All documents relating to Samsung's pricing, pricing practice or policies, and changes in

12

pricing with respect to each Samsung Product you claim embodies any invention claimed in any

13

claim of any of the Samsung Patents-In-Suit, including without limitation, documents concerning

14

price lists, pricing worksheets, marketing/pricing memoranda, sales correspondence, or price

15

quotations.

16

**REQUEST NO. 173**

17

18

All documents relating to Samsung's alleged capacity and ability to manufacture, sell,

19

and/or distribute each Samsung Product you claim embodies any invention claimed in any claim

20

of any of the Samsung Patents-In-Suit, including without limitation all documents and tangible

21

things concerning Samsung's sales, marketing and distribution system, sales force, and

22

geographic locations for manufacturing and warehousing operations.

23

**REQUEST NO. 174**

24

25

All documents that list, describe, detail, or concern the market for each Samsung Product

26

you claim embodies any invention claimed in any claim of any of the Samsung Patents-In-Suit,

27

28

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

including without limitation documents concerning: (a) actual, projected, or potential market size or market shares; and (b) industry trends or developments.

**REQUEST NO. 175**

All documents concerning transport channel processing technology, including but not limited to segmentation, multiplexing, channel coding and interleaving that, prior to July 7, 1999, was known, patented, conceived, described, used, made, created, analyzed, tested, standardized, developed, or in development.

**REQUEST NO. 176**

All documents concerning transport channel processing technology developed in whole or part by Samsung, whether or not implemented in a commercial product or standard. This includes, but is not limited to, all documents and things concerning the conception, creation, development, testing, analysis, implementation, negotiation, standardization, or selection of transport channel processing technology, including without limitation all documents constituting or concerning:

(a) Samsung's participation therein

(b) channel coding

(c) radio frame segmentation

(d) radio frame equalization

(e) transport channel multiplexing

(f) physical channel segmentation

(g) any draft or version of any specification ultimately standardized as TS 25.212, and any follow-on draft or version of TS 25.212

(h) proposals and submissions to GSM/ETSI/3GPP regarding transport channel processing technology from any party, including without limitation Samsung

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

(i) selection of features and technologies for transport channel processing technology

(j) any feature or technology considered, proposed, analyzed, or tested for inclusion in TS 25.212

(k) all of Samsung's internal documentation, work, research, analysis, and testing concerning transport channel processing technology

(l) all of Samsung's IPR declarations concerning or relating to transport channel processing technology

(m) all of Samsung's internal documentation concerning its IPR declarations concerning or relating to transport channel processing technology, including for example discussion or analysis about what patents to declare essential (or not declare essential) and when

**REQUEST NO. 177**

All documents, including without limitation documents constituting or concerning communications within Samsung, between Samsung and any third party, constituting or concerning transport channel processing technology proposed, considered for proposal, conceived, created, developed, tested, analyzed, or selected for inclusion in any telecommunication standard, including without limitation 3GPP TS 25.212 and TSG RAN Working Group 1.

**REQUEST NO. 178**

All documents concerning data packet construction, including but not limited to segmentation, concatenation, padding, length indicator optimization, pre-defined length indicator values, header extension bits, and RLC-SDU alignment that, prior to May 4, 2005, was known, patented, conceived, described, used, made, created, analyzed, tested, standardized, developed, or in development.

**REQUEST NO. 179**

All documents concerning data packet construction developed in whole or part by Samsung, whether or not implemented in a commercial product or standard.  This includes, but is not limited to, all documents and things concerning the conception, creation, development, testing, analysis, implementation, negotiation, standardization, or selection of data packet construction, including without limitation all documents constituting or concerning:

(a) Samsung's participation therein;

(b) data packet segmentation;

(c) data packet concatenation;

(d) data packet padding;

(f) length indicator optimization;

(g) pre-defined length indicator values;

(h) alternative header extension bits;

(i) RLC-SDU alignment;

(j) any draft or version of any specification ultimately standardized as TS 25.322 and/or TS 25.306, and any follow-on draft or version of TS 25.322 and/or TS 25.306;

(k) proposals and submissions to GSM/ETSI/3GPP regarding data packet construction from any party, including without limitation Samsung;

(l) selection of features and technologies for data packet construction;

(m) any feature or technology considered, proposed, analyzed, or tested for inclusion in TS 25.322 and/or TS 25.306;

(n) all of Samsung's internal documentation, work, research, analysis, and testing concerning data packet construction ;

(o) all of Samsung's IPR declarations concerning or relating to data packet construction; and

(p) all of Samsung's internal documentation concerning its IPR declarations concerning or relating to data packet construction, including for example discussion or analysis about what patents to declare essential (or not declare essential) and when.

**REQUEST NO. 180**

All documents, including without limitation documents constituting or concerning communications within Samsung, between Samsung and any third party, constituting or concerning data packet construction proposed, considered for proposal, conceived, created, developed, tested, analyzed, or selected for inclusion in any telecommunication standard, including without limitation 3GPP TS 25.322 and 3GPP TS 25.306.

**REQUEST NO. 181**

All documents concerning uplink transmission power control technology, including but not limited to enhanced uplink service, HARQ, control of transmit power or transmit power factor, and power factor scaling that, prior to June 9, 2004, was known, patented, conceived, described, used, made, created, analyzed, tested, standardized, developed, or in development.

**REQUEST NO. 182**

All documents concerning uplink transmission power control developed in whole or part by Samsung, whether or not implemented in a commercial product or standard.  This includes, but is not limited to, all documents and things concerning the conception, creation, development, testing, analysis, implementation, negotiation, standardization, or selection of data packet construction, including without limitation all documents constituting or concerning:

(a) Samsung's participation therein;

(b) HARQ;

(c) retransmission of packets;

(d) enhanced uplink dedicated channel (E-DCH);

(f) enhanced uplink dedicated physical data channel (E-DPDCH);

(g) enhanced uplink dedicated physical control channel (E-DPCCH);

(h) power factor scaling;

(i) any draft or version of any specification ultimately standardized as TS 25.214 and/or TS 25.213, and any follow-on draft or version of TS 25.214 and/or TS 25.213;

(j) proposals and submissions to GSM/ETSI/3GPP regarding uplink transmission power control from any party, including without limitation Samsung;

(k) selection of features and technologies for uplink transmission power control;

(l) any feature or technology considered, proposed, analyzed, or tested for inclusion in TS 25.214 and/or TS 25.213;

(n) all of Samsung's internal documentation, work, research, analysis, and testing concerning uplink transmission power control ;

(o) all of Samsung's IPR declarations concerning or relating to uplink transmission power control; and

(p) all of Samsung's internal documentation concerning its IPR declarations concerning or relating to uplink transmission power control, including for example discussion or analysis about what patents to declare essential (or not declare essential) and when.

## REQUEST NO. 183

All documents, including without limitation documents constituting or concerning communications within Samsung, between Samsung and any third party, constituting or concerning uplink transmission power control proposed, considered for proposal, conceived, created, developed, tested, analyzed, or selected for inclusion in any telecommunication standard, including without limitation 3GPP TS 25.214 and 3GPP TS 25.213.

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

18

**REQUEST NO. 184**

To the extent not duplicative of other requests, all documents relating to actual or potential litigation or arbitration threatened or filed by or against Samsung, including by not limited to litigation or arbitration outside of the United States, regarding the licensing of any IPR related to the Defined Wireless Standards, including without limitation any and all expert reports and court filings, and transcripts of any deposition, hearing, or other recorded or transcribed proceeding in the arbitrations or litigations.

**REQUEST NO. 185**

To the extent not duplicative of other requests, all documents relating to or containing any claims or statements by Samsung in any litigation or judicial proceeding, including by not limited to litigation or proceedings outside of the United States, regarding the licensing of IPR that is claimed Essential to any Defined Wireless Standard, the determination of a FRAND royalty rate for any IPR that is claimed Essential to any Defined Wireless Standard, and the propriety of injunctive relief for the infringement of IPR claimed to be Essential to any Defined Wireless Standard.

**REQUEST NO. 186**

To the extent not duplicative of other requests, all transcripts of depositions or other documents containing any testimony and/or statements by Samsung, current or former Samsung affiliates or employees, or experts retained by Samsung or counsel to Samsung, relating to any litigation or judicial proceeding, including by not limited to litigation or proceedings outside of the United States, concerning IPR claimed Essential to any Defined Wireless Standard, the determination of a FRAND royalty rate for any IPR allegedly Essential to a Defined Wireless

1    Standard, and the propriety of injunctive relief for the infringement of IPR claimed to be

2    Essential to any Defined Wireless Standard.

3    **REQUEST NO. 187**

4         To the extent not duplicative of other requests, all documents prepared by any expert,

5    including any technical, economic, marketing or licensing experts, retained by Samsung or by

6    counsel to Samsung for any litigation or judicial proceeding, including by not limited to

7    litigation or proceedings outside of the United States, concerning IPR claimed Essential to any

8    Defined Wireless Standard, the determination of a FRAND royalty rate for any IPR allegedly

9    Essential to a Defined Wireless Standard, and the propriety of injunctive relief for the

10   infringement of IPR claimed to be Essential to any Defined Wireless Standard.

1   Dated:  September 19, 2011                 /s/ Mark. D Selwyn
                                          _____
2                                         Mark D. Selwyn (SBN 244180)
                                          (mark.selwyn@wilmerhale.com)
3                                         WILMER CUTLER PICKERING
                                             HALE AND DORR LLP
4                                         950 Page Mill Road
                                          Palo Alto, California  94304
5                                         Telephone:  (650) 858-6000
                                          Facsimile:   (650) 858-6100
6
7                                         William F. Lee (admitted *pro hac vice*)
                                          (william.lee@wilmerhale.com)
8                                         WILMER CUTLER PICKERING
                                             HALE AND DORR LLP
9                                         60 State Street
                                          Boston, Massachusetts  02109
10                                        Telephone: (617) 526-6000
                                          Facsimile: (617) 526-5000
11
12                                        Harold J. McElhinny (SBN 66781)
                                          (HMcElhinny@mofo.com)
13                                        Michael A. Jacobs (SBN 111664)
                                          (MJacobs@mofo.com)
14                                        Richard S.J. Hung (CA SBN 197425)
                                          rhung@mofo.com
15                                        MORRISON & FOERSTER LLP
                                          425 Market Street
16                                        San Francisco, California 94105
                                          Telephone: ( 415) 268-7000
17                                        Facsimile:  (415) 268-7522
18
19                                        *Attorneys for Plaintiff and
                                          Counterclaim-Defendant Apple Inc.*
20
21
22
23
24
25
26
27
28

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 19, 2011 by email upon the following:

Charles Kramer Verhoeven (Cal. Bar No. 170151)
(charlesverhoeven@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile:  (415) 875-7600

Kevin P.B. Johnson (Cal. Bar No. 177129)
(kevinjohnson@quinnemanuel.com)
Victoria F. Maroulis (Cal. Bar No. 202603)
(victoriamaroulis@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Edward J. DeFranco (Cal. Bar No. 165596)
(eddefranco@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Michael T. Zeller (Cal. Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

/s/ Mark. D Selwyn
Mark D. Selwyn

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S FOURTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)