# EXHIBIT 4

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE INC.'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 156-187)** |

## OBJECTIONS COMMON TO ALL REQUESTS FOR PRODUCTION

The following objections apply to each document request in Apple Inc.'s ("Apple's") Fourth Set of Requests for Production of Documents and Things, whether or not stated separately in response to each particular document request.

1.     Samsung objects to each document request to the extent that it requests documents and information protected from disclosure by the attorney-client privilege, attorney work product doctrine, community of interest doctrine, joint defense privilege, and/or any other applicable privilege.  Any such documents and information will not be provided, and an inadvertent production of any document or information that Samsung believes is immune from discovery pursuant to any applicable privilege shall not be deemed a waiver.  Samsung may give written notice to Apple that the document or information inadvertently produced is privileged or otherwise protected, and upon receipt of such written notice, Apple shall immediately comply with Federal Rule of Civil Procedure 26(b)(5)(B) and the applicable provisions of any Protective Order entered in this action, including the Model Interim Protective Order.

2.     Samsung objects to each document request to the extent that it is vague, ambiguous, overly broad, oppressive, unduly burdensome, harassing, compound, fails to identify the documents and things sought with reasonable particularity, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Where a term is vague and ambiguous, Samsung will respond based on its understanding of the term.

3.     Samsung objects to each document request to the extent that it is not reasonably limited in time or geographic scope, and to the extent it pertains to technology that are is at issue in this litigation.

4.     Samsung objects to each document request to the extent that it seeks documents that are not within its possession, custody or control.  In making objections and/or responding to any and all requests, Samsung does not indicate that responsive documents exist within the ownership, possession, custody or control of Samsung.

5.     Samsung objects to the definition of  "Samsung," "You," "Your," and "Defendants" as overly broad, unduly burdensome, vague, and as calling for documents or

1  information not in Samsung's possession, custody, or control to the extent that it defines Samsung

2  to include "all predecessors, successors, predecessors-in-interest, successors-in-interest,

3  subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a

4  controlling interest in Defendants, and any current or former employee, officer, director, principal,

5  agent, consultant, representative, or attorney thereof, or anyone acting on their behalf."

6          6.      Samsung objects to the definition of "Apple" as overly broad.

7          7.      Samsung objects to the definition of "Defined Wireless Standards" as overly broad

8  and overly burdensome to the extent it asks Samsung to provide information relating to standards

9  and/or wireless standards to which the Samsung Patents-in-Suit have not been declared as

10 Essential or relating to standards and/or wireless standards upon which Samsung does not rely in

11 its infringement contentions.

12         8.      Samsung objects to the definition of "Relating" as overly broad.

13         9.      Samsung objects to Instruction Nos. 1 and 3 to the extent they ask for documents to

14 be produced "in their entirety."  Where applicable, Samsung will redact from certain documents

15 any non-responsive, irrelevant or privileged information.

16         10.     Samsung further objects to each document request to the extent it seeks highly

17 confidential documents containing Samsung's sensitive proprietary business information, the

18 disclosure of which could cause Samsung substantial competitive harm.  Any such documents will

19 be appropriately designated under the applicable protective order and/or redacted to exclude non-

20 responsive, irrelevant or privileged information.

21         11.     Samsung objects to each document request to the extent it seeks documents more

22 readily available to Apple than to Samsung, or equally available to Apple as to Samsung,

23 including documents and things that are publicly available.

24         12.     Samsung objects to each document request to the extent that it seeks the

25 confidential, proprietary and/or trade secret information of third parties, and to the extent it seeks

26 information subject to non-disclosure or other agreements between Samsung and third parties.

27         13.     Samsung objects to each document request to the extent that it seeks documents

28 protected from disclosure by the constitutional and/or statutory privacy rights of third persons.

14.     Samsung objects to each document request to the extent that it seeks documents and things before Samsung is required to disclose such documents and things in accordance with any applicable law, such as the Northern District of California Patent Local Rules.

15.     Samsung objects to each document request to the extent that it seeks a legal conclusion.

16.     Samsung objects to each document request to the extent that it seeks to impose any requirement or discovery obligation greater or different than those imposed by the Federal Rules of Civil Procedure.

17.     Samsung's investigation and analysis of the facts and law pertaining to this lawsuit is ongoing.  Thus, Samsung's responses are made without prejudice to its right to subsequently add, modify or otherwise change, correct, or amend these responses.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 156

All documents and communications with an expert witness who is expected to testify in this Litigation that (i) relate to compensation for the expert's work or testimony; (ii) identify facts or data that Samsung's attorneys provided and that the expert considered in forming any opinions to be expressed; and (iii) identify assumptions that Samsung's attorneys provided and the expert relied on in forming any opinions to be expressed.

### OBJECTIONS AND RESPONSE TO REQUEST NO. 156:

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to the request as vague and ambiguous.  For example, the term "assumptions" is vague and ambiguous. Samsung further objects to the request as overbroad because it calls for "all" documents.  Samsung

further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung.  Samsung further objects to the Request as premature to the extent it seeks documents and things inconsistent with the applicable timeframes, such as those set forth in the Northern District of California Patent Local Rules and any applicable scheduling order. Samsung further objects to the Request to the extent it calls for a legal conclusion.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

**REQUEST NO. 157**

All documents and things relating to the alleged nexus between any alleged commercial success of products embodying any alleged invention claimed by the Samsung Patents-In-Suit and the alleged advantages of the invention, including without limitation any customer surveys reflecting the bases for purchasing decisions.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 157:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to the request as overbroad in that it is not reasonably limited as to the scope of documents and things it seeks.  Samsung further objects to the request as overbroad because it calls for "all" documents. Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung.  Samsung further objects to the request to the extent it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further objects to the Request to the extent the requested documents are publicly available.  Samsung further objects to the Request as premature to the extent it seeks

documents and things inconsistent with the applicable timeframes, such as those set forth in the Northern District of California Patent Local Rules and any applicable scheduling order.  Samsung further objects to the Request to the extent it calls for a legal conclusion.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

**REQUEST NO. 158**

All documents relating to the *Georgia Pacific* factors as those factors relate to Samsung's claim for damages arising from Apple's alleged infringement of the Samsung Patents-In-Suit.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 158:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to the request as vague and ambiguous.  For example, the term "Georgia Pacifica factors" is vague and ambiguous.  Samsung further objects to the request as overbroad in that it is not reasonably limited as to the scope of documents and things it seeks.  Samsung further objects to the request as overbroad because it calls for "all" documents.  Samsung further objects to the Request as premature to the extent it seeks documents and things inconsistent with the applicable timeframes, such as those set forth in the Northern District of California Patent Local Rules and any applicable scheduling order.  Samsung further objects to the Request to the extent it calls for a legal conclusion.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

**REQUEST NO. 159**

All documents and things relating to accolades and awards given to products that embody any alleged invention claimed by the Samsung Patents-In-Suit.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 159:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects to the request as vague and ambiguous. For example, the term "accolade" is vague and ambiguous. Samsung further objects to the request as overbroad in that it is not reasonably limited as to the scope of documents and things it seeks. Samsung further objects to the request as overbroad because it calls for "all" documents. Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung. Samsung further objects to the request to the extent it seeks documents equally or more readily available to Apple than to Samsung. Samsung further objects to the Request to the extent the requested documents are publicly available.

Subject to and without waiving the foregoing objections, and without representing that any responsive documents exist, Samsung will produce responsive, non-privileged documents and things in its possession, custody and control discovered as a result of a reasonably diligent search.

**REQUEST NO. 160**

All documents and things evidencing Samsung's licensing program, including without limitation documents sufficient to identify all licensing personnel, location of said personnel, and duties of said personnel.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 160:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

burdensome, and/or would require undue expense to answer.  Samsung further objects to the request as vague and ambiguous.  For example, the term "licensing program" is vague and ambiguous.  Samsung further objects to the request as overbroad in that it is not reasonably limited as to the scope of documents and things it seeks.  Samsung further objects to the request as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in this litigation.  Samsung further objects to the request as overbroad because it calls for "all" documents.  Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent it seeks documents containing confidential third party information, including information subject to a non-disclosure or other agreement between Samsung and a third party, or a protective order.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

**REQUEST NO. 161**

All documents and things relating to Samsung's attempts to license to others the Samsung Patents-In-Suit and any related patents which have not yet resulted in a license agreement, including without limitation cease and desist letters, draft agreements, and other communications.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 161:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to the request as vague and ambiguous.  For example, the term "any related patents" is vague and ambiguous.  Samsung further objects to the request as overbroad because it calls for "all"

1   documents.  Samsung further objects to the Request to the extent it seeks documents that are not

2   relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

3   discovery of admissible evidence.  Samsung further objects to the Request as duplicative of

4   Apple's Request No. 161.

5        Subject to and without waiving the foregoing objections, and without representing that any

6   responsive documents exist, Samsung will produce responsive, non-privileged documents and

7   things in its possession, custody and control discovered as a result of a reasonably diligent search.

8   **REQUEST NO. 162**

9        Documents sufficient to identify any attempt by Samsung to enforce, either in the United

10  States or abroad, the Samsung Patents-In-Suit and any related patents.

11  **OBJECTIONS AND RESPONSE TO REQUEST NO. 162:**

12       In addition to its Objections and Responses Common to All Requests for Production,

13  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

14  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

15  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

16  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

17  burdensome, and/or would require undue expense to answer.  Samsung further objects to the

18  request as vague and ambiguous.  For example, the terms "attempt to enforce" and "any related

19  patents" are vague and ambiguous.  Samsung further objects to the request as overbroad in that it

20  is not reasonably limited as to the scope of documents and things it seeks.  Samsung further

21  objects to the Request to the extent it seeks documents that are not relevant to the claims or

22  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

23  evidence.   Samsung further objects to the Request to the extent the requested documents are

24  publicly available.

25       Subject to and without waiving the foregoing objections, and without representing that any

26  responsive documents exist, Samsung will produce responsive, non-privileged documents and

27  things in its possession, custody and control discovered as a result of a reasonably diligent search.

28

**REQUEST NO. 163**

All documents produced or made available to Samsung by any non-party or third-party in this Litigation.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 163:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to the request as vague and ambiguous.  For example, the term "made available" is vague and ambiguous.  Samsung further objects to the request as overbroad in that it is not reasonably limited as to the scope of documents and things it seeks.  Samsung further objects to the request as overbroad because it calls for "all" documents.  Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  Samsung further objects to the Request to the extent it is duplicative of others of Apple's Requests For Production.  Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung.  Samsung further objects to the request to the extent it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further objects to the Request to the extent the requested documents are publicly available.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

**REQUEST NO. 164**

All documents relating to any security interest in or lien against any of the Samsung Patents-In-Suit or any related patents.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 164:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to the request as vague and ambiguous.  For example, the terms "any related patents" and "security interest" are vague and ambiguous.  Samsung further objects to the request as overbroad in that it is not reasonably limited as to the scope of documents and things it seeks.  Samsung further objects to the request as overbroad because it calls for "all" documents.  Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to the Request to the extent it calls for a legal conclusion.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

**REQUEST NO. 165**

All documents relating to the ownership, title, transfer, or assignment of any of the Samsung Patents-In-Suit or any related patents.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 165:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to the request as vague and ambiguous.  For example, the term "any related patents" is vague and ambiguous.  Samsung further objects to the request as overbroad because it calls for "all"

1  documents.  Samsung further objects to the Request as duplicative of Apple's Request For

2  Production No. 93.  Samsung further objects to the Request to the extent it calls for a legal

3  conclusion.

4       Subject to and without waiving the foregoing objections, and without representing that any

5  responsive documents exist, Samsung will produce responsive, non-privileged documents and

6  things in its possession, custody and control, discovered as a result of a reasonably diligent search.

7  **REQUEST NO. 166**

8       All documents relating to Samsung's decision to mark or not to mark any product with the

9  numbers of any of the Samsung Patents-In-Suit.

10  **OBJECTIONS AND RESPONSE TO REQUEST NO. 166:**

11       In addition to its Objections and Responses Common to All Requests for Production,

12  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

13  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

14  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

15  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

16  burdensome, and/or would require undue expense to answer.  Samsung further objects to the

17  request as vague and ambiguous.  For example, the term "decision to mark or not to mark" is

18  vague and ambiguous.  Samsung further objects to the request as overbroad in that it is not

19  reasonably limited as to the scope of documents and things it seeks.  Samsung further objects to

20  the request as overbroad in that it is not limited to any reasonable time period and seeks

21  documents and things from time periods not at issue in this litigation.  Samsung further objects to

22  the request as overbroad because it calls for "all" documents.  Samsung further objects to the

23  Request to the extent it seeks documents that are not relevant to the claims or defenses of any

24  party and/or not reasonably calculated to lead to the discovery of admissible evidence.  Samsung

25  further objects to the Request as duplicative of Apple's Requests Nos. 167 and 168.

26       Subject to these objections, Samsung is willing to meet and confer with Apple about the

27  relevance and scope of the information sought by this request.

28

-12-                                                    Case No. 11-cv-01846-LHK

SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S FOURTH SET OF RFPs (NOS. 156-187)

1  **REQUEST NO. 167**

2       All documents and things related to any marking of any product with any of the numbers

3  of any of the Samsung Patents-in-Suit.

4  **OBJECTIONS AND RESPONSE TO REQUEST NO. 167:**

5       In addition to its Objections and Responses Common to All Requests for Production,

6  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

7  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

8  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

9  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

10 burdensome, and/or would require undue expense to answer.  Samsung further objects to the

11 request as overbroad in that it is not reasonably limited as to the scope of documents and things it

12 seeks.  Samsung further objects to the request as overbroad because it calls for "all" documents.

13 Samsung further objects to the Request to the extent it seeks documents that are not relevant to the

14 claims or defenses of any party and/or not reasonably calculated to lead to the discovery of

15 admissible evidence.  Samsung further objects to the Request as duplicative of Apple's Requests

16 Nos. 166 and 168.

17      Subject to these objections, Samsung is willing to meet and confer with Apple about the

18 relevance and scope of the information sought by this request.

19 **REQUEST NO. 168**

20      All documents and things evidencing Samsung's or any licensee's or any third party's

21 marking of any product with the numbers of any of the Samsung Patents-in-Suit.

22 **OBJECTIONS AND RESPONSE TO REQUEST NO. 168:**

23      In addition to its Objections and Responses Common to All Requests for Production,

24 which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

25 seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

26 work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

27 applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

28 burdensome, and/or would require undue expense to answer.  Samsung further objects to the

request as overbroad in that it is not reasonably limited as to the scope of documents and things it seeks.  Samsung further objects to the request as overbroad because it calls for "all" documents. Samsung further objects to the Request as duplicative of Apple's Requests Nos. 166 and 167. Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung.  Samsung further objects to the request to the extent it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further objects to the Request to the extent the requested documents are publicly available.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

**REQUEST NO. 169**

All documents relating to any alleged damage or injury that Samsung has suffered or will suffer as a consequence of Apple allegedly using, manufacturing, employing, or selling any Apple Accused Product.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 169:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to the request as vague and ambiguous.  Samsung further objects to the request as overbroad in that it is not reasonably limited as to the scope of documents and things it seeks.  Samsung further objects to the request as overbroad because it calls for "all" documents.  Samsung further objects to the Request as premature to the extent it seeks documents and things inconsistent with the applicable timeframes, such as those set forth in the Northern District of California Patent Local Rules and any applicable scheduling order.  Samsung further objects to the Request to the extent it calls for a legal conclusion.

1   Subject to these objections, Samsung is willing to meet and confer with Apple about the

2   relevance and scope of the information sought by this request.

3   **REQUEST NO. 170**

4   All documents relating to any sales that Samsung alleges it has lost, or believes it has lost,

5   to Apple.

6   **OBJECTIONS AND RESPONSE TO REQUEST NO. 170:**

7   In addition to its Objections and Responses Common to All Requests for Production,

8   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

9   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

10   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

11   applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

12   burdensome, and/or would require undue expense to answer.  Samsung further objects to the

13   request as overbroad in that it is not reasonably limited as to the scope of documents and things it

14   seeks.  Samsung further objects to the request as overbroad because it calls for "all" documents.

15   Samsung further objects to the Request as premature to the extent it seeks documents and things

16   inconsistent with the applicable timeframes, such as those set forth in the Northern District of

17   California Patent Local Rules and any applicable scheduling order.  Samsung further objects to the

18   Request to the extent it calls for a legal conclusion.

19   Subject to these objections, Samsung is willing to meet and confer with Apple about the

20   relevance and scope of the information sought by this request.

21   **REQUEST NO. 171**

22   All documents relating to budgets, projected revenues and expenses, projected sales,

23   projected profits, or other forecasts of operations concerning each Samsung Product you claim

24   embodies any invention claimed in any claim of any of the Samsung Patents-In-Suit.

25   **OBJECTIONS AND RESPONSE TO REQUEST NO. 171:**

26   In addition to its Objections and Responses Common to All Requests for Production,

27   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

28   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

1  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

2  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

3  burdensome, and/or would require undue expense to answer.  Samsung further objects to the

4  request as overbroad in that it is not reasonably limited as to the scope of documents and things it

5  seeks.  Samsung further objects to the request as overbroad because it calls for "all" documents.

6  Samsung further objects to the Request to the extent it seeks documents that are not relevant to the

7  claims or defenses of any party and/or not reasonably calculated to lead to the discovery of

8  admissible evidence.

9        Subject to these objections, Samsung is willing to meet and confer with Apple about the

10  relevance and scope of the information sought by this request.

11  **REQUEST NO. 172**

12        All documents relating to Samsung's pricing, pricing practice or policies, and changes in

13  pricing with respect to each Samsung Product you claim embodies any invention claimed in any

14  claim of any of the Samsung Patents-In-Suit, including without limitation, documents concerning

15  price lists, pricing worksheets, marketing/pricing memoranda, sales correspondence, or price

16  quotations.

17  **OBJECTIONS AND RESPONSE TO REQUEST NO. 172:**

18        In addition to its Objections and Responses Common to All Requests for Production,

19  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

20  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

21  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

22  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

23  burdensome, and/or would require undue expense to answer.  Samsung further objects to the

24  request as overbroad in that it is not reasonably limited as to the scope of documents and things it

25  seeks.  Samsung further objects to the request as overbroad because it calls for "all" documents.

26  Samsung further objects to the Request to the extent it seeks documents that are not relevant to the

27  claims or defenses of any party and/or not reasonably calculated to lead to the discovery of

28  admissible evidence.

1    Subject to these objections, Samsung is willing to meet and confer with Apple about the

2    relevance and scope of the information sought by this request.

3    **REQUEST NO. 173**

4    All documents relating to Samsung's alleged capacity and ability to manufacture, sell,

5    and/or distribute each Samsung Product you claim embodies any invention claimed in any claim

6    of any of the Samsung Patents-In-Suit, including without limitation all documents and tangible

7    things concerning Samsung's sales, marketing and distribution system, sales force, and geographic

8    locations for manufacturing and warehousing operations.

9    **OBJECTIONS AND RESPONSE TO REQUEST NO. 173:**

10    In addition to its Objections and Responses Common to All Requests for Production,

11    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

12    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

13    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

14    applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

15    burdensome, and/or would require undue expense to answer.  Samsung further objects to the

16    request as overbroad in that it is not reasonably limited as to the scope of documents and things it

17    seeks.  Samsung further objects to the request as overbroad in that it is not limited to any

18    reasonable time period and seeks documents and things from time periods not at issue in this

19    litigation.  Samsung further objects to the request as overbroad because it calls for "all"

20    documents.  Samsung further objects to the Request to the extent it seeks documents that are not

21    relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

22    discovery of admissible evidence.

23    Subject to these objections, Samsung is willing to meet and confer with Apple about the

24    relevance and scope of the information sought by this request.

25    **REQUEST NO. 174**

26    All documents that list, describe, detail, or concern the market for each Samsung Product

27    you claim embodies any invention claimed in any claim of any of the Samsung Patents-In-Suit,

28

1   including without limitation documents concerning: (a) actual, projected, or potential market size

2   or market shares; and (b) industry trends or developments.

3   **OBJECTIONS AND RESPONSE TO REQUEST NO. 174:**

4          In addition to its Objections and Responses Common to All Requests for Production,

5   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

6   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

7   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

8   applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

9   burdensome, and/or would require undue expense to answer.  Samsung further objects to the

10  request as vague and ambiguous.  For example, the terms "market" and "industry trends" is vague

11  and ambiguous.  Samsung further objects to the request as overbroad because it calls for "all"

12  documents.

13         Subject to these objections, Samsung is willing to meet and confer with Apple about the

14  relevance and scope of the information sought by this request.

15  **REQUEST NO. 175**

16         All documents concerning transport channel processing technology, including but not

17  limited to segmentation, multiplexing, channel coding and interleaving that, prior to July 7, 1999,

18  was known, patented, conceived, described, used, made, created, analyzed, tested, standardized,

19  developed, or in development.

20  **OBJECTIONS AND RESPONSE TO REQUEST NO. 175:**

21         In addition to its Objections and Responses Common to All Requests for Production,

22  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

23  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

24  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

25  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

26  burdensome, and/or would require undue expense to answer.  Samsung further objects to the

27  request as vague and ambiguous.  For example, the terms "multiplexing" and "segmentation" are

28  vague and ambiguous.  Samsung further objects to the request as overbroad in that it is not

reasonably limited as to the scope of documents and things it seeks.  For instance, it is not limited to one specific standard.  Samsung further objects to the request as overbroad because it calls for "all" documents.  Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  For instance, the Request refers to technology not included in the patents-in-suit.  Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung.  Samsung further objects to the request to the extent it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further objects to the Request to the extent the requested documents are publicly available.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

**REQUEST NO. 176**

All documents concerning transport channel processing technology developed in whole or part by Samsung, whether or not implemented in a commercial product or standard.  This includes, but is not limited to, all documents and things concerning the conception, creation, development, testing, analysis, implementation, negotiation, standardization, or selection of transport channel processing technology, including without limitation all documents constituting or concerning:

(a) Samsung's participation therein

(b) channel coding

(c) radio frame segmentation

(d) radio frame equalization

(e) transport channel multiplexing

(f) physical channel segmentation

(g) any draft or version of any specification ultimately standardized as TS 25.212, and any follow-on draft or version of TS 25.212

(h) proposals and submissions to GSM/ETSI/3GPP regarding transport channel processing technology from any party, including without limitation Samsung

(i) selection of features and technologies for transport channel processing technology

(j) any feature or technology considered, proposed, analyzed, or tested for inclusion in TS 25.212

(k) all of Samsung's internal documentation, work, research, analysis, and testing concerning transport channel processing technology

(l) all of Samsung's IPR declarations concerning or relating to transport channel processing technology

(m) all of Samsung's internal documentation concerning its IPR declarations concerning or relating to transport channel processing technology, including for example discussion or analysis about what patents to declare essential (or not declare essential) and when

## OBJECTIONS AND RESPONSE TO REQUEST NO. 176:

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects to the request as overbroad in that it is not reasonably limited as to the scope of documents and things it seeks. For instance, it is not limited to one standard. Samsung further objects to the request as overbroad because it calls for "all" documents. Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. For instance, the Request relates to IPR not included in the patents-in-suit. Samsung further objects to the Request as duplicative of Apple's Request For Production No. 174. Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung. Samsung further objects to the request to the extent it seeks documents equally or more readily available to Apple than to Samsung. Samsung further objects to the Request to the extent the

1    requested documents are publicly available.  Samsung further objects to the Request to the extent

2    it seeks documents containing confidential third party information, including information subject

3    to a non-disclosure or other agreement between Samsung and a third party, or a protective order.

4           Subject to these objections, Samsung is willing to meet and confer with Apple about the

5    relevance and scope of the information sought by this request.

6    **REQUEST NO. 177**

7           All documents, including without limitation documents constituting or concerning

8    communications within Samsung, between Samsung and any third party, constituting or

9    concerning transport channel processing technology proposed, considered for proposal, conceived,

10   created, developed, tested, analyzed, or selected for inclusion in any telecommunication standard,

11   including without limitation 3GPP TS 25.212 and TSG RAN Working Group 1.

12   **OBJECTIONS AND RESPONSE TO REQUEST NO. 177:**

13          In addition to its Objections and Responses Common to All Requests for Production,

14   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

15   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

16   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

17   applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

18   burdensome, and/or would require undue expense to answer.  Samsung further objects to the

19   request as vague and ambiguous.  For example, the term "transport channel" is vague and

20   ambiguous.  Samsung further objects to the request as overbroad in that it is not reasonably limited

21   as to the scope of documents and things it seeks.  For instance, it is not limited to one standard.

22   Samsung further objects to the request as overbroad because it calls for "all" documents.  Samsung

23   further objects to the Request as duplicative of Apple's Request No. 174.  Samsung further objects

24   to the Request to the extent it seeks documents that are not within the possession, custody, or

25   control of Samsung.  Samsung further objects to the request to the extent it seeks documents

26   equally or more readily available to Apple than to Samsung.  Samsung further objects to the

27   Request to the extent the requested documents are publicly available.

28

1     Subject to and without waiving the foregoing objections, and without representing that any

2  responsive documents exist, Samsung will produce responsive, non-privileged documents and

3  things in its possession, custody and control discovered as a result of a reasonably diligent search.

4  **REQUEST NO. 178**

5     All documents concerning data packet construction, including but not limited to

6  segmentation, concatenation, padding, length indicator optimization, pre-defined length indicator

7  values, header extension bits, and RLC-SDU alignment that, prior to May 4, 2005, was known,

8  patented, conceived, described, used, made, created, analyzed, tested, standardized, developed, or

9  in development.

10 **OBJECTIONS AND RESPONSE TO REQUEST NO. 178:**

11    In addition to its Objections and Responses Common to All Requests for Production,

12 which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

13 seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

14 work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

15 applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

16 burdensome, and/or would require undue expense to answer.  Samsung further objects to the

17 request as vague and ambiguous.  For example, the terms "concatenation," "header extension bits"

18 and "padding" are vague and ambiguous.  Samsung further objects to the request as overbroad in

19 that it is not reasonably limited as to the scope of documents and things it seeks.  For instance, it is

20 not limited to one standard.  Samsung further objects to the request as overbroad because it calls

21 for "all" documents.  Samsung further objects to the Request to the extent it seeks documents that

22 are not within the possession, custody, or control of Samsung.  Samsung further objects to the

23 request to the extent it seeks documents equally or more readily available to Apple than to

24 Samsung.  Samsung further objects to the Request to the extent the requested documents are

25 publicly available.  Samsung further objects to the Request to the extent it seeks documents

26 containing confidential third party information, including information subject to a non-disclosure

27 or other agreement between Samsung and a third party, or a protective order.

28

Subject to and without waiving the foregoing objections, and without representing that any responsive documents exist, Samsung will produce responsive, non-privileged documents and things in its possession, custody and control discovered as a result of a reasonably diligent search.

**REQUEST NO. 179**

All documents concerning data packet construction developed in whole or part by Samsung, whether or not implemented in a commercial product or standard.  This includes, but is not limited to, all documents and things concerning the conception, creation, development, testing, analysis, implementation, negotiation, standardization, or selection of data packet construction, including without limitation all documents constituting or concerning:

(a) Samsung's participation therein;

(b) data packet segmentation;

(c) data packet concatenation;

(d) data packet padding;

(f) length indicator optimization;

(g) pre-defined length indicator values;

(h) alternative header extension bits;

(i) RLC-SDU alignment;

(j) any draft or version of any specification ultimately standardized as TS 25.322 and/or TS 25.306, and any follow-on draft or version of TS 25.322 and/or TS 25.306;

(k) proposals and submissions to GSM/ETSI/3GPP regarding data packet construction from any party, including without limitation Samsung;

(l) selection of features and technologies for data packet construction;

(m) any feature or technology considered, proposed, analyzed, or tested for inclusion in TS 25.322 and/or TS 25.306;

(n) all of Samsung's internal documentation, work, research, analysis, and testing concerning data packet construction;

(o) all of Samsung's IPR declarations concerning or relating to data packet construction; and

(p) all of Samsung's internal documentation concerning its IPR declarations concerning or relating to data packet construction, including

1    for example discussion or analysis about what patents to declare essential
2    (or not declare essential) and when.

3    **OBJECTIONS AND RESPONSE TO REQUEST NO. 179:**

4         In addition to its Objections and Responses Common to All Requests for Production,

5    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

6    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

7    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

8    applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

9    burdensome, and/or would require undue expense to answer.  Samsung further objects to the

10   request as overbroad in that it is not reasonably limited as to the scope of documents and things it

11   seeks.  For instance, it is not limited to one specific standard.  Samsung further objects to the

12   request as overbroad because it calls for "all" documents.  Samsung further objects to the Request

13   to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or

14   not reasonably calculated to lead to the discovery of admissible evidence.  For instance, the

15   Request relates to IPR not included in the patents-in-suit.  Samsung further objects to the Request

16   as duplicative of Apple's Request No. 178.  Samsung further objects to the Request to the extent it

17   seeks documents that are not within the possession, custody, or control of Samsung.  Samsung

18   further objects to the request to the extent it seeks documents equally or more readily available to

19   Apple than to Samsung.  Samsung further objects to the Request to the extent the requested

20   documents are publicly available.  Samsung further objects to the Request to the extent it seeks

21   documents containing confidential third party information, including information subject to a non-

22   disclosure or other agreement between Samsung and a third party, or a protective order.

23        Subject to these objections, Samsung is willing to meet and confer with Apple about the

24   relevance and scope of the information sought by this request.

25   **REQUEST NO. 180**

26        All documents, including without limitation documents constituting or concerning

27   communications within Samsung, between Samsung and any third party, constituting or

28   concerning data packet construction proposed, considered for proposal, conceived, created,

1  developed, tested, analyzed, or selected for inclusion in any telecommunication standard,

2  including without limitation 3GPP TS 25.322 and 3GPP TS 25.306.

3  **OBJECTIONS AND RESPONSE TO REQUEST NO. 180:**

4       In addition to its Objections and Responses Common to All Requests for Production,

5  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

6  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

7  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

8  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

9  burdensome, and/or would require undue expense to answer.  Samsung further objects to the

10  request as vague and ambiguous.  For example, the term "data packet construction" is vague and

11  ambiguous.  Samsung further objects to the request as overbroad in that it is not reasonably limited

12  as to the scope of documents and things it seeks.  Samsung further objects to the request as

13  overbroad because it calls for "all" documents.  Samsung further objects to the Request as

14  duplicative of Apple's Request No. 178.  Samsung further objects to the Request to the extent it

15  seeks documents that are not within the possession, custody, or control of Samsung.  Samsung

16  further objects to the request to the extent it seeks documents equally or more readily available to

17  Apple than to Samsung.  Samsung further objects to the Request to the extent the requested

18  documents are publicly available.

19       Subject to these objections, Samsung is willing to meet and confer with Apple about the

20  relevance and scope of the information sought by this request.

21  **REQUEST NO. 181**

22       All documents concerning uplink transmission power control technology, including but not

23  limited to enhanced uplink service, HARQ, control of transmit power or transmit power factor,

24  and power factor scaling that, prior to June 9, 2004, was known, patented, conceived, described,

25  used, made, created, analyzed, tested, standardized, developed, or in development.

26  **OBJECTIONS AND RESPONSE TO REQUEST NO. 181:**

27       In addition to its Objections and Responses Common to All Requests for Production,

28  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to the request as vague and ambiguous.  For example, following terms are vague and ambiguous: "enhanced uplink service," "control of transmit power," "transmit power factor," and "power factor scaling."  Samsung further objects to the request as overbroad in that it is not reasonably limited as to the scope of documents and things it seeks.  Samsung further objects to the request as overbroad because it calls for "all" documents.  Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung. Samsung further objects to the request to the extent it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further objects to the Request to the extent the requested documents are publicly available.  Samsung further objects to the Request to the extent it seeks documents containing confidential third party information, including information subject to a non-disclosure or other agreement between Samsung and a third party, or a protective order.

Subject to and without waiving the foregoing objections, and without representing that any responsive documents exist, Samsung will produce responsive, non-privileged documents and things in its possession, custody and control discovered as a result of a reasonably diligent search.

**REQUEST NO. 182**

All documents concerning uplink transmission power control developed in whole or part by Samsung, whether or not implemented in a commercial product or standard.  This includes, but is not limited to, all documents and things concerning the conception, creation, development, testing, analysis, implementation, negotiation, standardization, or selection of data packet construction, including without limitation all documents constituting or concerning:

(a) Samsung's participation therein;

(b) HARQ;

(c) retransmission of packets;

(d) enhanced uplink dedicated channel (E-DCH);

1          (f) enhanced uplink dedicated physical data channel (E-DPDCH);

2          (g) enhanced uplink dedicated physical control channel (E-DPCCH);

3          (h) power factor scaling;

4          (i) any draft or version of any specification ultimately standardized as TS
           25.214 and/or TS 25.213, and any follow-on draft or version of TS 25.214
5          and/or TS 25.213;

6          (j) proposals and submissions to GSM/ETSI/3GPP regarding uplink
           transmission power control from any party, including without limitation
7          Samsung;

8          (k) selection of features and technologies for uplink transmission power
           control;
9
           (l) any feature or technology considered, proposed, analyzed, or tested for
10         inclusion in TS 25.214 and/or TS 25.213;

11         (n) all of Samsung's internal documentation, work, research, analysis, and
           testing concerning uplink transmission power control;
12
           (o) all of Samsung's IPR declarations concerning or relating to uplink
13         transmission power control; and

14         (p) all of Samsung's internal documentation concerning its IPR
           declarations concerning or relating to uplink transmission power control,
15         including for example discussion or analysis about what patents to declare
           essential (or not declare essential) and when.
16

17   **OBJECTIONS AND RESPONSE TO REQUEST NO. 182:**

18        In addition to its Objections and Responses Common to All Requests for Production,

19   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

20   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

21   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

22   applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

23   burdensome, and/or would require undue expense to answer.  Samsung further objects to the

24   request as vague and ambiguous.  For example, the term "power factor scaling" is vague and

25   ambiguous.  Samsung further objects to the request as overbroad in that it is not reasonably limited

26   as to the scope of documents and things it seeks.  Samsung further objects to the request as

27   overbroad because it calls for "all" documents.  Samsung further objects to the Request to the

28   extent it seeks documents that are not relevant to the claims or defenses of any party and/or not

1  reasonably calculated to lead to the discovery of admissible evidence.  For instance, the Request

2  relates to IPR not included in the patents-in-suit.  Samsung further objects to the Request as

3  duplicative of Apple's Request No. 181.  Samsung further objects to the Request to the extent it

4  seeks documents that are not within the possession, custody, or control of Samsung.  Samsung

5  further objects to the request to the extent it seeks documents equally or more readily available to

6  Apple than to Samsung.  Samsung further objects to the Request to the extent the requested

7  documents are publicly available.  Samsung further objects to the Request to the extent it seeks

8  documents containing confidential third party information, including information subject to a non-

9  disclosure or other agreement between Samsung and a third party, or a protective order.

10      Subject to these objections, Samsung is willing to meet and confer with Apple about the

11  relevance and scope of the information sought by this request.

12  **REQUEST NO. 183**

13      All documents, including without limitation documents constituting or concerning

14  communications within Samsung, between Samsung and any third party, constituting or

15  concerning uplink transmission power control proposed, considered for proposal, conceived,

16  created, developed, tested, analyzed, or selected for inclusion in any telecommunication standard,

17  including without limitation 3GPP TS 25.214 and 3GPP TS 25.213.

18  **OBJECTIONS AND RESPONSE TO REQUEST NO. 183:**

19      In addition to its Objections and Responses Common to All Requests for Production,

20  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

21  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

22  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

23  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

24  burdensome, and/or would require undue expense to answer.  Samsung further objects to the

25  request as vague and ambiguous.  For example, the term "uplink transmission power control" is

26  vague and ambiguous.  Samsung further objects to the request as overbroad in that it is not

27  reasonably limited as to the scope of documents and things it seeks.  Samsung further objects to

28  the request as overbroad because it calls for "all" documents.  Samsung further objects to the

1   Request as duplicative of Apple's Request No. 181.  Samsung further objects to the Request to the

2   extent it seeks documents that are not within the possession, custody, or control of Samsung.

3   Samsung further objects to the request to the extent it seeks documents equally or more readily

4   available to Apple than to Samsung.  Samsung further objects to the Request to the extent the

5   requested documents are publicly available.  Samsung further objects to the Request to the extent

6   it seeks documents containing confidential third party information, including information subject

7   to a non-disclosure or other agreement between Samsung and a third party, or a protective order.

8           Subject to these objections, Samsung is willing to meet and confer with Apple about the

9   relevance and scope of the information sought by this request.

10   **REQUEST NO. 184**

11          To the extent not duplicative of other requests, all documents relating to actual or potential

12   litigation or arbitration threatened or filed by or against Samsung, including by not limited to

13   litigation or arbitration outside of the United States, regarding the licensing of any IPR related to

14   the Defined Wireless Standards, including without limitation any and all expert reports and court

15   filings, and transcripts of any deposition, hearing, or other recorded or transcribed proceeding in

16   the arbitrations or litigations.

17   **OBJECTIONS AND RESPONSE TO REQUEST NO. 184:**

18          In addition to its Objections and Responses Common to All Requests for Production,

19   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

20   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

21   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

22   applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

23   burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

24   as vague and ambiguous.  Samsung further objects to the Request as overbroad in that it is not

25   limited to any reasonable time period and seeks documents and things from time periods not at

26   issue in this litigation.  Samsung further objects to the Request to the extent it seeks documents

27   that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

28   to the discovery of admissible evidence.  Samsung further objects to the Request as overly

1  burdensome for its use of the overly broad definition of "Defined Wireless Standard."  Samsung

2  further objects to the Request to the extent it seeks documents that are not within the possession,

3  custody, or control of Samsung.  Samsung further objects to the Request to the extent it seeks

4  documents equally or more readily available to Apple than to Samsung.  Samsung further objects

5  to the Request to the extent the requested documents are publicly available.  Samsung further

6  objects to the Request to the extent it seeks documents subject to a protective order or under seal.

7        Subject to these objections, Samsung is willing to meet and confer with Apple about the

8  relevance and scope of the information sought by this request.

9  **REQUEST NO. 185**

10        To the extent not duplicative of other requests, all documents relating to or containing any

11  claims or statements by Samsung in any litigation or judicial proceeding, including by not limited

12  to litigation or proceedings outside of the United States, regarding the licensing of IPR that is

13  claimed Essential to any Defined Wireless Standard, the determination of a FRAND royalty rate

14  for any IPR that is claimed Essential to any Defined Wireless Standard, and the propriety of

15  injunctive relief for the infringement of IPR claimed to be Essential to any Defined Wireless

16  Standard.

17  **OBJECTIONS AND RESPONSE TO REQUEST NO. 185:**

18        In addition to its Objections and Responses Common to All Requests for Production,

19  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

20  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

21  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

22  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

23  burdensome, and/or would require undue expense to answer.  Samsung further objects to the

24  Request as overbroad in that it is not limited to any reasonable time period and seeks documents

25  and things from time periods not at issue in this litigation.  Samsung further objects to the Request

26  to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or

27  not reasonably calculated to lead to the discovery of admissible evidence.  Samsung further

28  objects to the Request as overly burdensome for its use of the overly broad definition of "Defined

Wireless Standard."  Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further objects to the Request to the extent the requested documents are publicly available.  Samsung further objects to the Request to the extent it seeks documents subject to a protective order or under seal.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

**REQUEST NO. 186**

To the extent not duplicative of other requests, all transcripts of depositions or other documents containing any testimony and/or statements by Samsung, current or former Samsung affiliates or employees, or experts retained by Samsung or counsel to Samsung, relating to any litigation or judicial proceeding, including by not limited to litigation or proceedings outside of the United States, concerning IPR claimed Essential to any Defined Wireless Standard, the determination of a FRAND royalty rate for any IPR allegedly Essential to a Defined Wireless Standard, and the propriety of injunctive relief for the infringement of IPR claimed to be Essential to any Defined Wireless Standard.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 186:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in this litigation.  Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  Samsung further

1  objects to the Request as overly burdensome for its use of the overly broad definition of "Defined

2  Wireless Standard."  Samsung further objects to the Request to the extent it seeks documents that

3  are not within the possession, custody, or control of Samsung.  Samsung further objects to the

4  Request to the extent it seeks documents equally or more readily available to Apple than to

5  Samsung.  Samsung further objects to the Request to the extent the requested documents are

6  publicly available.  Samsung further objects to the Request to the extent it seeks documents

7  subject to a protective order or under seal.

8        Subject to these objections, Samsung is willing to meet and confer with Apple about the

9  relevance and scope of the information sought by this request.

10 **REQUEST NO. 187**

11       To the extent not duplicative of other requests, all documents prepared by any expert,

12 including any technical, economic, marketing or licensing experts, retained by Samsung or by

13 counsel to Samsung for any litigation or judicial proceeding, including by not limited to litigation

14 or proceedings outside of the United States, concerning IPR claimed Essential to any Defined

15 Wireless Standard, the determination of a FRAND royalty rate for any IPR allegedly Essential to a

16 Defined Wireless Standard, and the propriety of injunctive relief for the infringement of IPR

17 claimed to be Essential to any Defined Wireless Standard.

18 **OBJECTIONS AND RESPONSE TO REQUEST NO. 187:**

19       In addition to its Objections and Responses Common to All Requests for Production,

20 which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

21 seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

22 work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

23 applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

24 burdensome, and/or would require undue expense to answer.  Samsung further objects to the

25 Request as overbroad in that it is not limited to any reasonable time period and seeks documents

26 and things from time periods not at issue in this litigation.  Samsung further objects to the Request

27 to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or

28 not reasonably calculated to lead to the discovery of admissible evidence.  Samsung further

1    objects to the Request as overly burdensome for its use of the overly broad definition of "Defined

2    Wireless Standard." Samsung further objects to the Request to the extent it seeks documents that

3    are not within the possession, custody, or control of Samsung. Samsung further objects to the

4    Request to the extent it seeks documents equally or more readily available to Apple than to

5    Samsung. Samsung further objects to the Request to the extent the requested documents are

6    publicly available. Samsung further objects to the Request to the extent it seeks documents

7    subject to a protective order or under seal.

8        Subject to these objections, Samsung is willing to meet and confer with Apple about the

9    relevance and scope of the information sought by this request.

10

11

12    DATED: October 31, 2011          Respectfully submitted,

13                          QUINN EMANUEL URQUHART &

14                          SULLIVAN, LLP

15

16                       By   */s/ Todd Briggs*

17                           Charles K. Verhoeven
                           Kevin P.B. Johnson

18                           Victoria F. Maroulis
                           Michael T. Zeller

19                           Attorneys for SAMSUNG ELECTRONICS CO.,
                          LTD., SAMSUNG ELECTRONICS AMERICA,

20                           INC. and SAMSUNG
                          TELECOMMUNICATIONS AMERICA, LLC

21

22

23

24

25

26

27

28

Case No. 11-cv-01846-LHK
SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S FOURTH SET OF RFPs (NOS. 156-187)

## CERTIFICATE OF SERVICE

I hereby certify that on Oct. 31, 2011, I caused **SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 156-187)** to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

HAROLD J. MCELHINNY
hmcelhinny@mofo.com
MICHAEL A. JACOBS
mjacobs@mofo.com
JENNIFER LEE TAYLOR
jtaylor@mofo.com
ALISON M. TUCHER
atucher@mofo.com
RICHARD S.J. HUNG
rhung@mofo.com
JASON R. BARTLETT
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

I declare under penalty of perjury that the foregoing is true and correct.  Executed in Redwood Shores, California on Oct. 31, 2011.

_____/s/ Alex Binder_____