# EXHIBIT 6

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S INTERNET ADDRESS
rachelkassabian@quinnemanuel.com

February 16, 2012

S. Calvin Walden
WilmerHale
399 Park Ave.
New York, NY 10022

Re:  *Apple v. Samsung Elecs. Co. et al.*, Case No. 11-cv-1846

Dear Calvin:

I write in response to your letter dated January 13, 2012 concerning Apple's requests for production.  As discussed in detail below, Samsung believes that many of Apple's requests are precluded to the extent that they seek documents beyond the scope of the Court's January 27, 2012 Order.  Several other requests are overbroad and unduly burdensome; we have made a good faith attempt to propose a narrowed scope of production responsive to these requests, subject to client approval.  To the extent that Apple believes that Samsung's offers are inadequate or unclear, we ask that Apple explain what documents it seeks in addition to the production described below, and why those documents are relevant.

**Request No. 115**

During the discussions of reciprocal document requests, Samsung agreed to produce documents sufficient to show royalty payments made to Samsung by each licensee of the patents-in-suit. We intend to produce this information to the extent that it is not covered by our previous productions.

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

**Request No. 131**

As you know, the Court's January 27, 2012 Order limits the scope of discovery relating to negotiation documents to the "patents declared essential to the standards at issue, as defined by the UTMS specifications stated in Apple's affirmative defenses and counterclaims." Samsung believes that its burden to produce negotiation documents relating to standards-essential patents is governed by the Order.

**Request Nos. 140 and 141**

As we have discussed previously, Samsung is not necessarily opposed to providing information relating to bonuses and other compensation provided to inventors of the patents-in-suit. Apple, however, has refused to produce documents relating to inventor compensation, and has specifically instructed inventors not to answer compensation-related questions in N.D. Cal. depositions. Please let me know if Apple is willing to produce this information on a reciprocal basis.

**Request Nos. 151-154 and 185-187**

Samsung will not produce documents from any U.S. litigation except for those bearing a technological nexus to the patents-in-suit—the same limitation that Apple imposed on Samsung's request for documents from other litigations. Moreover, any production by Samsung will exclude discovery motions, filings prepared by other parties, reports prepared by non-testifying experts, and any documents that do not specifically relate to the licensing of standards-essential IPR under the ETSI IPR Policy, the determination of a FRAND royalty rate for standards-essential IPR under the ETSI IPR Policy, and the propriety of injunctive relief for infringement of standards-essential IPR under the ETSI IPR Policy. We are conferring with our client to determine the precise scope of what we can agree to produce, and will get back to you shortly.

**Request Nos. 113, 133 and 160**

As a general matter, Apple's requests relating to Samsung's licensing policies and personnel must be tailored to the patents-in-suit and patents covering comparable technology, rather than "all documents" relating to Samsung's "licensing program" generally or "all documents" relating to the licensing of "any intellectual property."

Accordingly, we propose that Samsung produce documents sufficient to show licensing policies applicable to UMTS-essential patents and/or the patents-in-suit that are not essential to any standard. Samsung's licensing activities with respect to non-asserted, non-essential, unrelated patents are not relevant to Apple's claims and defenses.

We further propose that Samsung produce documents sufficient to show which Samsung employees were involved in licensing the patents-in-suit. Samsung has already produced such documents but will confirm whether its production is complete.

**Request No. 67**

Samsung has objected to this request as overbroad insofar as it seeks "all documents" relating to the "research, design, development, manufacture, assembly, testing, or operation" of product features that are unrelated to the technology claimed by the patents-in-suit. At a minimum, this request must be limited to specific product features described in Samsung's asserted patents. Furthermore, Samsung will not produce documents relating to all of the nearly 50 products that embody the patents-in-suit. In any event, Samsung does not believe that the documents sought by this request are relevant to the issue of whether Apple's products infringe the asserted claims of the Samsung patents-in-suit. Please explain why you believe such documents are relevant.

**Request No. 117**

Samsung believes that this request is also overbroad. We propose that Samsung produce documents sufficient to show the information provided to a representative sample of licensees of the patents-in-suit regarding the use, testing, manufacture and operation of product features that embody the technology claimed by the patents-in-suit. During the January 19, 2012 discovery hearing, Judge Grewal admonished Apple to consider mechanisms for reducing discovery burdens, such as selecting representative samples. We believe that this request is amenable to such an arrangement, whereby Samsung would produce documents provided to one or two representative licensees. Please let us know if Apple would be willing to consider something along these lines.

**Request No. 132**

In its January 27, 2012 Order, the Court rejected Apple's attempt to obtain all documents relating to Samsung's participation in ETSI and 3GPP, instead finding that Samsung's proposed productions sufficient. To the extent that Apple's request extends beyond the scope of the discovery called for by the order, it is precluded by the Court's reasoning and conclusion.

**Request No. 134**

In light of the Court Order, we propose that Samsung produce business plans, strategy documents, financial projections and licensing plans that are applicable to patents that have been declared essential to the UTMS specifications identified in Apple's answers and counterclaims (25.212, 25.213, 25.214, and 25.322). The other documents called for by this request—such as valuations for patents other than those asserted in this action, or research and development plans relating to technology not claimed in the patents-in-suit—are irrelevant to this case.

**Requests Relating to Standards-Essential Technology (Nos. 175, 176, 179, 180, 182 and 183)**

The scope of discovery that Apple sought to compel on January 10, 2012 encompassed every relevant document that is responsive to these requests. The Court denied that motion, finding a

more limited production sufficient to meet Apple's legitimate needs.  Samsung therefore regards its production of documents responsive to these requests as complete.


Very truly yours,

/s/

Rachel Herrick Kassabian

02198.51855/4605814.1

02198.51855/4605814.1                                  4