# EXHIBIT E

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE INC.'S TENTH RULE 30(B)(6) DEPOSITION NOTICE** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff Apple Inc., by and through its attorneys, will take the deposition upon oral examination of Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung").  The deposition will commence at 9:00 a.m. on February 22, 2012, at the offices of Morrison & Foerster LLP, 425 Market Street, San Francisco, California, 94105.  The deposition will be taken by a notary public or other authorized officer and will continue from day to day until concluded, or may be continued until completed at a future date or dates.  Pursuant to Federal Rule of Civil Procedure 30(b)(6), Samsung shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf and who are most knowledgeable and competent to testify concerning each of the subjects set forth in Exhibit A hereto.

PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(3), the deposition will be videotaped and recorded stenographically.

Dated:  February 12, 2012                MORRISON & FOERSTER LLP

                                         By:   /s/ Richard S.J. Hung
                                               RICHARD S.J. HUNG
                                               Attorneys for Plaintiff
                                               APPLE INC.

# EXHIBIT A

# DEFINITIONS

1. "Samsung," "You," "Your," and/or "Defendants" mean Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Defendants, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

2. "Apple" means Apple Inc. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

3. "Products at Issue" or "Products in Suit" means the following products that Samsung has imported into or sold, or will import into or sell, in the United States: Acclaim, Captivate, Continuum, Droid Charge, Exhibit 4G, Epic 4G, Fascinate, Gem, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G, Gravity, Indulge, Infuse 4G, Intercept, Mesmerize, Nexus S, Nexus S 4G, Replenish, Showcase i500, Showcase Galaxy S, Sidekick, Transform, Vibrant, all products in the Galaxy S line of phones, all Galaxy S II (aka Galaxy S 2) phones, the Samsung Nexus Prime, and the Galaxy Tab, Galaxy Tab 10.1, and Galaxy Tab 8.9 tablet computers, any similar products, and any products that Apple accuses of infringing its intellectual property in this litigation. "Products at Issue" also includes all Galaxy phone and tablet products and any other product identified in Apple's Amended Complaint.

4. "Apple Products" means the original iPhone, iPhone 3G, iPhone 3GS, iPhone 4, iPad, iPad 2, iPod touch, and future versions thereof.

5. "Utility Patents at Issue" means U.S. Patent Nos. 7,812,828 (the "'828 Patent"), 6,493,002 (the "'002 Patent"), 7,469,381 (the "'381 Patent"), 7,844,915 (the "'915 Patent"), 7,853,891 (the "'891 Patent"), 7,663,607 (the "'607 Patent"), 7,864,163 (the "'163 Patent"), and 7,920,129 (the "'129 Patent").

6. "Design Patents at Issue" means U.S. Design Patent Nos. D627,790 (the "D'790

1  Patent"), D617,334 (the "D'334 Patent"), D604,305 (the "D'305 Patent"), D593,087 (the "D'087
2  Patent"), D618,677 (the "D'677 Patent"), D622,270 (the "D'270 Patent"), and D504,889 (the
3  "D'270 Patent").

4      7.    "Patents at Issue" or "Patents in Suit" means the Utility Patents at Issue and the
5  Design Patents at Issue.

6      8.    "Hardware Design" means a device's casing, screen and screen borders, bezel or
7  band, buttons, ports, speaker, and all hardware, insignia, or ornamentation thereon.

8      9.    "Graphical User Interface Design" means the graphical user interface displayed
9  on a device's screen, including all of the icons displayed as part of the graphical user interface.

10      10.    "Original iPhone Trade Dress" means the following elements of Apple's product
11  designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the
12  front of the product; the appearance of a metallic bezel around the flat clear surface; a display
13  screen under the clear surface; under the clear surface, substantial black borders above and below
14  the display screen and narrower black borders on either side of the screen; when the device is on,
15  a matrix of colorful square icons with evenly rounded corners within the display screen; and
16  when the device is on, a bottom dock of colorful square icons with evenly rounded corners set
17  off from the other icons on the display, which does not change as other pages of the user
18  interface are viewed.

19      11.    "iPhone 3G Trade Dress" means the following elements of Apple's product
20  designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the
21  front of the product; the appearance of a metallic bezel around the flat clear surface; a display
22  screen under the clear surface; under the clear surface, substantial black borders above and below
23  the display screen and narrower black borders on either side of the screen; when the device is on,
24  a row of small dots on the display screen; when the device is on, a matrix of colorful square
25  icons with evenly rounded corners within the display screen; and when the device is on, a bottom
26  dock of colorful square icons with evenly rounded corners set off from the other icons on the
27  display, which does not change as other pages of the user interface are viewed.

28      12.    "iPhone 4 Trade Dress" means the following elements of Apple's product

1  designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the
2  front of the product; a display screen under the clear surface; under the clear surface, substantial
3  neutral (black or white) borders above and below the display screen and narrower black borders
4  on either side of the screen; a thin metallic band around the outside edge of the phone; when the
5  device is on, a row of small dots on the display screen; when the device is on, a matrix of
6  colorful square icons with evenly rounded corners within the display screen; and when the device
7  is on, a bottom dock of colorful square icons with evenly rounded corners set off from the other
8  icons on the display, which does not change as other pages of the user interface are viewed.

9        13.   "iPhone Trade Dress" means the following elements of Apple's product designs:
10  a rectangular product with four evenly rounded corners; a flat clear surface covering the front of
11  the product; a display screen under the clear surface; under the clear surface, substantial neutral
12  (black or white) borders above and below the display screen and narrower neutral borders on
13  either side of the screen; when the device is on, a matrix of colorful square icons with evenly
14  rounded corners within the display screen; and when the device is on, a bottom dock of colorful
15  square icons with evenly rounded corners set off from the other icons on the display, which does
16  not change as other pages of the user interface are viewed.

17        14.   "iPad Trade Dress" means the following elements of Apple's product designs:  a
18  rectangular product with four evenly rounded corners; a flat clear surface covering the front of
19  the product; the appearance of a metallic rim around the flat clear surface; a display screen under
20  the clear surface; under the clear surface, substantial neutral (black or white) borders on all sides
21  of the display screen; and when the device is on, a matrix of colorful square icons with evenly
22  rounded corners within the display screen.

23        15.   "iPad 2 Trade Dress" means the following elements of Apple's product designs:
24  a rectangular product with four evenly rounded corners; a flat clear surface covering the front of
25  the product; the appearance of a metallic rim around the clear flat surface; a display screen under
26  the clear surface; under the clear surface, substantial neutral (black or white) borders on all sides
27  of the display screen; and when the device is on, a matrix of colorful square icons with evenly
28  rounded corners within the display screen.

1   16.   "Trade Dress Registrations" means U.S. Registration Nos. 3,470,983; 3,457,218; and 3,475,327.

2   17.   "Trade Dress Applications" means U.S. Application Serial Nos. 77/921,838; 77/921,829; 77/921,867; and 85/299,118.

3   18.   "Registered Icon Trademarks" means the marks shown in U.S. Registration Nos. 3,866,196; 3,889,642; 3,886,200; 3,889,685; 3,886,169; and 3,886,197.

4   19.   "Purple iTunes Store Trademark" means the mark shown in U.S. Application Serial No. 85/041,463.

5   20.   "iTunes Eighth Note and CD Design Trademark" means the mark shown in U.S. Registration No. 2,935,038.

6   21.   "Apple Trademarks and Trade Dress" means the: Original iPhone Trade Dress, iPhone 3G Trade Dress, iPhone 4 Trade Dress, iPhone Trade Dress, iPad Trade Dress, iPad 2 Trade Dress, Trade Dress Registrations, Trade Dress Applications, Registered Icon Trademarks, Purple iTunes Store Trademark, and iTunes Eighth Note and CD Design Trademark

7   22.   "Accused Feature" means any aspect, element or function of any Product at Issue that is alleged to infringe any of the Patents at Issue, including each function identified in Apple's Infringement Contentions. The term includes each of the following: (1) the function that allows for an image, list, or webpage to be scrolled beyond its edge until it is partially displayed; (2) the function that allows for an image, list, or webpage that is scrolled beyond its edge to scroll back or bounce back into place so that it returns to fill the screen; (3) the function that allows for the automatic closing of a user interface window; (4) the function that allows for the display and operation of a user interface status bar; (5) the function that allows for the detection and identification of a touch or object on a touch screen display; (6) the function for detecting and interpreting user input or gestures on a touch screen display, including the function that determines whether a user input relates to scrolling or a scaling gesture; (7) the touch screen on the accused devices and any software, firmware, or other system used to control said touch screen.

8   23.   "Samsung Practicing Products" means any and all products sold by Samsung that

Samsung contends practices or practiced one or more of the Samsung Patents In Suit.

24. "Source Code" means source code and source code repositories, including but not limited to: (1) all makefiles, history files, or similar code-generation control or version-control files for such source code, including files identifying (a) the date when code was checked in; (b) the identity of persons who coded and checked-in the code; and (2) an identification of such source code, including (a) version number(s), (b) the compiler used in the development of such source code and (c) the operating system used in the development of such source code. Requests for Source Code cover prototypes, released and unreleased versions, and public and proprietary Source Code.

25. "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26 and 34 and the relevant case law, and the broadest meaning consistent with the terms "writings" or "recordings" as set forth in Rule 1001 of the Federal Rules of Evidence, and specifically and without limitation include tangible things and electronically stored information, including e-mail and information stored on computer disk or other electronic, magnetic, or optical data storage medium. "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

26. "Communication(s)" means the transmittal of information in the form of facts, ideas, inquiries, and any exchange or transfer of information whether written, oral, electronic, or in any form.

27. "Tangible Thing(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law.

28. "Concerning" or "Relating" mean regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

29. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

1    30.    The use of the singular form of any word includes the plural and vice versa.

2    31.    "And" as well as "or" are to be construed either disjunctively or conjunctively to
acquire the broadest meaning possible, so as to bring within the scope of the Request all
information that might otherwise be construed to be outside its scope.  The term "all" is to be
construed to mean "any" and "each" and vice versa.

6    32.    "Including" shall be construed to mean "including, without limitation" or
"including, but not limited to."

8    33.    "Person(s)" means natural persons as well as business entities and associations of
all sorts, including partnerships, companies, proprietorships, joint ventures, corporations,
government agencies, and unincorporated associations.

11   34.    "Entity" or "Entities" means, including without limitation, corporation, company,
firm, partnership, joint venture, association, governmental body or agency, or persons other than
a natural person.

14   35.    "Third Party" or "Third Parties" means all persons who are not parties to this
Litigation, as well as their officers, directors, employees, agents and attorneys.

16   36.    "First Amended Complaint" means the first amended complaint in the above-
captioned action dated June 16, 2011.

18   37.    "Answer" means Samsung's answer to the First Amended Complaint in the
above-captioned action dated June 30, 2011.

20   38.    "Samsung's Counterclaims" means Samsung's Counterclaims asserted in
response to the First Amended Complaint in the above-captioned action dated June 30, 2011.

22   39.    "Related Foreign Proceedings" means any litigation or court proceeding involving
Apple and Samsung occurring outside the United States regarding any of the same subject
matter, patents, trademarks, or products at issue in this case.

25   40.    "Opposition" means your Opposition to Apple's Motion for a Preliminary
Injunction and all supporting declarations and exhibits.

27   41.    "Samsung Patents in Suit" shall mean United States Patent Nos. 6,928,604,
7,050,410, 7,069,055, 7,079,871, 7,200,792, 7,362,867, 7,386,001, 7,447,516, 7,456,893,

1   7,577,460, 7,675,941, and 7,698,711, individually and collectively, and all foreign counterparts
2   thereof.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TOPICS**

**DAMAGES-RELATED INFORMATION**

1. The purpose, use, and contents of the documents with beginning Bates numbers SAMNDCA00323946 and SAMNDCA00325495, and any other report or document in the same format or derived from the same source (hereinafter, "the FINANCIAL DOCUMENTS"), including the source, scope, reliability, and accuracy of the data contained therein.

2. How the FINANCIAL DOCUMENTS were created and the steps taken to create the documents, including any decisions as to which data to include or exclude, from where to retrieve such data, and all decisions on what revenues, costs, or expenses to exclude or include in any amounts reported.

3. The identities and job titles of all persons involved in the creation of the FINANCIAL DOCUMENTS.

4. The manner, if any, in which foreign exchange and currency fluctuations are accounted for in what is reported in the FINANCIAL DOCUMENTS.

5. The manner in which Samsung accounts for foreign exchange fluctuations, including as between the Korean dollar and the U.S. dollar, in calculating or establishing consolidated profit of any of the accused products, either at the STA, SEA, or SEC levels, and the identities and job titles of the persons involved in such calculations.

6. In the FINANCIAL DOCUMENTS, the purpose, source, and rationale for each heading, row, and category shown on the left side of each worksheet.

7. Any calculations or methods used to allocate or identify revenues, costs, or expenses to each product and entity as reported in the FINANCIAL DOCUMENTS.

8. In the FINANCIAL DOCUMENTS, the source, calculation, use, and creation of the data in, and the calculation of, the rows identified as "Operating Profit."

9. Whether and to what degree the amounts included as costs and expenses in the FINANCIAL DOCUMENTS reflect fixed or variable expenses and whether they reflect marginal profits associated with new sales.

10. Whether and how the amounts reported in the FINANCIAL DOCUMENTS reflect transfer pricing arrangements between Samsung entities.

# CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2012, a true and correct copy of **APPLE INC.'S TENTH RULE 30(B)(6) DEPOSITION NOTICE** was served via electronic mail on the following counsel of record at the addresses indicated below:

Charles Kramer Verhoeven
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Email: charlesverhoeven@quinnemanuel.com

Edward J. DeFranco
Quinn Emanuel Urquhart & Sullivan, LLP
335 Madison Avenue , 22nd Floor
New York, NY 10017
Tel: 212-849-7000
Fax: 212-849-7100
Email: eddefranco@quinnemanuel.com

Kevin P.B. Johnson
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-801-5100
Email: kevinjohnson@quinnemanuel.com

Michael Thomas Zeller
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street , 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
Email: michaelzeller@quinnemanuel.com

Victoria F. Maroulis
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-801-5100
Email: victoriamaroulis@quinnemanuel.com

1  Margret Mary Caruso
   Quinn Emanuel Urquhart & Sullivan, LLP
2  555 Twin Dolphin Drive, Suite 560
   Redwood Shores, CA 94065
3  Tel: 650-801-5000
   Fax: 650-801-5100
4  Email: margretcaruso@quinnemanuel.com

5  Todd Michael Briggs
   Quinn Emanuel Urquhart & Sullivan, LLP
6  555 Twin Dolphin Drive, Fifth Floor
   Redwood Shores, CA 94065
7  Tel: 650-801-5000
   Email: toddbriggs@quinnemanuel.com
8

9  I declare under penalty of perjury that the foregoing is true and correct.  Executed at

10 San Francisco, California, this 12th day of February 2012.

11                                         */s/ Esther Kim*
                                           Esther Kim
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE
CASE NO. 11-CV-01846-LHK                                                              2
sf-3103493