# EXHIBIT 1

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415 268 7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D C

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG


February 23, 2012

Writer's Direct Contact
415.268.6615
JasonBartlett@mofo.com


*By Email* (dianehutnyan@quinnemanuel.com)

Diane Hutnyan
Quinn Emanuel
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017-2543

Re:     *Apple v. Samsung*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Diane:

I write in response to your February 13, 2012 letter regarding Apple's document production. We address each of these items in the order listed in your letter. We will respond to the ten new categories raised by your letter separately.

1.     **All baseband processor source code (complete and uncorrupted)**

On February 3, 2012, upon receiving consent from Intel, Apple produced the Intel baseband processor source code in its possession that Apple identified as relevant. This is a substantial volume of code—nearly 1,000,000 pages. Printed, this code would fill more than 400 boxes. As we have informed you, Apple does not possess Intel HDL. To the extent that you cannot locate any non-HDL code related to accused functionality, please specify as soon as possible what you believe to be missing so that we may investigate.

You have asked Apple to provide the Bates range for the Intel source code. We would do so if we could. However, Apple cannot provide a Bates range for this source code because Apple produced the code for inspection and review on a secure source code review machine pursuant to the terms of the protective order.

2.     **All technical documents, including at least the software and hardware architecture documents, technical specifications, and the register programming guides for the baseband processor chips and any other technical documents that describe the functional blocks of the baseband processors**

On January 19, 2012, upon receiving consent from Intel, Apple produced over 21,000 pages of technical documents related to the Intel baseband processor chips used in the accused

sf-3103058

# MORRISON | FOERSTER

Diane Hutnyan
February 23, 2012
Page Two

Apple products. These documents reflect information about REDACTED

Documents reflecting information about the REDACTED nd within the Bates ranges below:

| | |
|---|---|
| APL7940014230717 | APL7940014246571 |
| APL7940014377134 | APL7940014386271 |
| APL7940014406344 | APL7940014407990 |
| APL7940014421735 | APL7940014451933 |
| APL7940014495384 | APL7940014497436 |
| APL7940014685634 | APL7940014712365 |
| APL7940015599797 | APL7940015599831 |
| APL7940015625337 | APL7940015626646 |
| APL7940015763768 | APL7940015768597 |

The custodians of these documents are REDACTED

Samsung has not identified any relevant information missing from these materials. To the extent that you cannot locate certain information you believe to be relevant, please specify as soon as possible what you believe to be missing so that we may investigate.

sf-3103058

MORRISON | FOERSTER

Diane Hutnyan
February 23, 2012
Page Three


### 3. All source code relating to NeXTSTEP OS (complete and uncorrupted)

Apple confirms that it has produced all related code located after a diligent and reasonable search.

As Samsung previously admitted, its sole reason for seeking code related to the NeXTSTEP OS is the narrow question of whether NeXTSTEP OS had a status bar within the meaning of the '002 patent. Notwithstanding this limited relevance, Samsung demanded that Apple produce *all* code relating to this 15-year-old operating system.

Substantial time and expense was incurred in recovering NeXTSTEP OS code from obsolete archived media. Apple produced *all* source code it was able to locate. The source code is not Bates labeled because Apple produced the code for inspection and review on a secure source code review machine pursuant to the terms of the protective order.

Apple produced the NeXTSTEP OS code on January 13, 2012. Yet in the intervening five weeks, Samsung appears to have spent almost no time reviewing the code produced, has requested no code pages, and has yet to ask a *single question* about NeXTSTEP code in any of the many depositions it has taken in this case.

Apple does not represent that this production is "complete and uncorrupted," and the Court's January 27, 2012 Order ("Order") does not impose such a requirement. The Court accepted Apple's representation that it has produced all such source code, and noted that Apple should supplement its production if it should locate additional source code. (Order, at 17.) No additional code has been located.

### 4. All technical documents relating to NeXSTEP OS that Apple previously produced in other litigation

Apple has produced more than 4,000 documents referencing NeXTSTEP in this case. They are located throughout Apple's production. Apple specifically re-produced technical documents relating to NeXTSTEP on February 2, 2012. There are 263 relevant documents, including without limitation user manuals, photographs, presentations, media and news reports, graphs, and research results. The Bates range for this production is APLNDC0001568861—APLNDC0001621189.

Samsung has not identified any missing materials, nor how the technical documents in other litigation bear any nexus to the '002 patent. If Samsung believes that Apple has not produced relevant technical documents related to NeXTSTEP OS, please state the basis for that belief.


sf-3103058

MORRISON | FOERSTER

Diane Hutnyan
February 23, 2012
Page Four


**5.     All source code related to prior art to the asserted patents, including prior art alleged in earlier litigation or discovered by Samsung and requested of Apple**

Apple has produced source code relating to NeXTSTEP, "SuperClock," and Mac OS X 10.0. NeXTStep code was produced on January 13, 2012 and SuperClock and Mac OS X 10.0 code on December 15, 2011. Apple supplemented its production of Mac OS X 10.0 code on December 22 at Samsung's request. Although not requested by Samsung, Apple also produced source code relating to Mac OS 7.5, which Apple understood to be related to SuperClock. That code was made available for Samsung's inspection starting on December 15. Apple also produced potentially relevant portions of Mac OS X 10.1 code on December 15.

Accordingly, Apple has produced all source code in its possession that it understands to be relevant to prior art to the asserted patents. If Samsung believes that there is additional source code in Apple's possession relevant to prior art to the asserted patents, please identify the basis for that belief, the particular prior art it seeks, and the alleged relevance of that prior art to the instant case.

**6.     All responsive documents found after search for "Samsung" and any Samsung product at issue in this case, or any alias therefore, in the files of Apple's designers and engineers who worked on the relevant products, employees responsible for marketing those products, and employees responsible for developing the features at issue**

Apple has produced tens of thousands of documents, comprising *more than two million pages*, which contain the term "Samsung" or other keywords relating to the accused Samsung products. The documents are too numerous and diffuse to identify individually by Bates number. Apple has provided a text searchable load file, however, to enable Samsung to locate these documents within Apple's three document productions.

Apple searched for the term "Samsung" and the names of the Samsung accused products in a database of more than fifteen million documents. Custodial data in this set is representative of the individuals who were responsible for developing and marketing the Apple products at issue. Represented are members of Apple's Product Marketing, Advertising, Human Interface Design, Industrial Design, iOS Programming, Mechanical Design, and Market Research teams. More than 55 individual custodians were searched, including the following:

| | | |
|---|---|---|
| Altick, Kelly | Ive, Jonathan | Russell, Peter |
| Andre, Bartley | Imahiro, James | Sammons, Melinda |
| Anzures, Freddy | Johnson, Tim | Satzger, Douglas |
| Blumenberg, Chris | Jobs, Steve | Seid, Calvin |
| Borchers, Bob | Joswiak, Greg | Shebanek, Mike |
| Boule, Andre | Jue, Erik | Sinclair, Steve |

sf-3103058

MORRISON | FOERSTER

Diane Hutnyan
February 23, 2012
Page Five

| | | |
|---|---|---|
| Brodrick, Scott | Kamen, Zack | Rohrbach, Matt |
| Brown, John | Kerr, Duncan | Schiller, Phil |
| Chaudhri, Imran | Krah, Chris | Strickon, Joshua |
| Chen, Wei | Lamiraux, Henri | Stringer, Chris |
| Coffman, Patrick Lee | Land, Brian | Tan, Tang Yew |
| Coster, Daniel | Lee, Mark | Tchao, Michael |
| Christie, Greg | Lemay, Stephen | Ternus, John |
| de Iullis, Daniele | Lindbergh, Suzanne | Twiggs, Sissie |
| Dinh, Richard | Newton, Ian | Van Os, Marcel |
| Elias, John | Ng, Stan | Wang, Erik |
| Forstall, Scott | Nishibori, Shin | Westerman, Wayne |
| Gosler, Jared | Novick, Gregory | Whang, Eugene |
| Haggerty, Myra | Ording, Bas | Whiteside, Tamara |
| Herz, Scott | Pantfoerder, Achim | Williamson, Richard |
| Hobson, Phil | Platzer, Andrew | Zadesky, Steve |
| Hotelling, Steve | Prest, Chris | Zorkendorfer, Rico |
| Howarth, Richard | Rangel, Art | |
| Huppi, Brian | Robbin, Jeff | |

For the custodians above, Apple applied *all* of the following search terms:

| | | |
|---|---|---|
| Samsung | Gem near/2 Samsung | Mesmerize near/2 Samsung |
| Acclaim near/2 Samsung | "Galaxy i9000" | "Nexus S" |
| Ace near/2 Samsung | "Galaxy Prevail" | "Nexus S 4G" |
| Captivate near/2 Samsung | "Galaxy S 4G" | Replenish near/2 Samsung |
| Continuum near/2 Samsung | "Galaxy S2" | "Showcase i500" |
| "Droid Charge" | "Galaxy Tab 8.9" | "Showcase Galaxy S" |
| "Exhibit 4G" | "Galaxy Tab 10.1" | Sidekick near/2 Samsung |
| "Epic 4G" | Gravity near/2 Samsung | Transform near/2 Samsung |
| "F700" | Indulge near/2 Samsung | Vibrant near/2 Samsung |
| "Fascinate near/2 Samsung | "Infuse 4G" | |
| | Intercept near/2 Samsung | |

In addition, Apple searched the seven custodians below for documents discussing Samsung and the concepts in Samsung's non-essential patents:

sf-3103058

MORRISON | FOERSTER

Diane Hutnyan
February 23, 2012
Page Six

- Hernan Eguiluz, Emilie Kim, Carlos Salinas, Ian Wilkinson:  *(Samsung) near/10 (photo\* or picture\* or image\* or camera)*

- Justin Santamaria:  *(Samsung) near/10 (message or messages or text or texts or texting or "app switch\*")*

- George Dicker, Morgan Grainger:  *(Samsung) near/25 ("world clock" or "clock")*

Apple also searched documents collected from 20 *additional* individuals using the terms listed below each set of names:

| | | |
|---|---|---|
| Allen, Andy | Dimpflmaier, Ron | Lutton, Chip |
| Alsina, Thomas | Faheem, Faraz | Mavrakakis, Tom |
| Chapman, Greg | Manning, Billy | Singer, David |
| Lancaster, Chuck | Mishra, Puneet | Teksler, Boris |
| | Muresan, TB | Workman, Helene Plotka |
| *Samsung* | Narang, Mohit | |
| | Sanguinetti, Louie | *Samsung near/3 patent* |
| | Schell, Stephan | |
| | Shi, Jason | *"@samsung.com" near/5 patent* |
| | Sorensen, Robert | |
| | Stewart, Cole | |
| | | *ETSI near/5 Samsung* |
| | *(Samsung) near/5 ("patent\*")* | *3GPP near/5 Samsung* |

In total, collections sourced from *over eighty Apple witnesses* have been searched for the term "Samsung."  After an *extensive* investigation involving the review of more than one million documents, Apple was unable to identify any aliases for Samsung used at Apple.  As a result, no alias for Samsung was applied in Apple's search.  If Samsung has identified any such alias in the documents Apple has produced, please let us know.

As Samsung is aware, Samsung is a supplier for Apple of certain products.  Therefore, as contemplated by the Court's Order, Apple applied appropriate delimiters to some of the search terms in order to minimize nonresponsive documents for review.  Apple identified and tested delimiters associated with Samsung's role as Apple vendor.  For instance, Samsung supplies both Flash and RAM memory for the iPhone 4.  Apple therefore used delimiters such as SRAM, RAM, NAND, Flash, SDRAM, and DDR.  A full list of the delimiters applied will be disclosed in Apple's updated transparency disclosures.

sf-3103058

MORRISON | FOERSTER

Diane Hutnyan
February 23, 2012
Page Seven

Now that Samsung has had an opportunity to review the production, please let us know immediately what additional searches, if any, Samsung would request that Apple run.

**7.     All parts and small samples used in the design process for accused products, such as those described in the Ive deposition**

Apple confirms that it has produced for inspection all materials responsive to this category located after a diligent and reasonable search.

Materials responsive to this request were first made available for inspection on January 13, 2012, at the Cypress hotel in Cupertino. The burden of that production was enormous. On January 13, Apple produced *all* industrial design models it was able to find relating to the iPhone, iPad, and iPod touch products, totaling REDACTED 7 and partial models are extremely sensitive Apple proprietary materials. Apple hired a team of movers to transport the material to a hotel and hired a guard secure the room during the review. Subsequently, Apple has made the entire set of models available for Samsung's inspection at a secure escrow site at a cost to Apple of several thousand dollars a week.

Apple's January 13 production represents all of the parts and small samples which Apple has been able to locate that were used in the design process.

Apple notes that of the REDACTED noted above, only *one* single part was shown to Jonathan Ive in his February 7 deposition. In the February 15 deposition of Christopher Stringer, Samsung used *no* small parts or samples.

**8.     All technical and marketing documents related to the dock icons used in Tiger, other than emails**

Apple confirms that it produced by February 7, 2012 technical and marketing documents related to the dock icons used in Tiger located after a diligent and reasonable search.

Samsung originally asked for "all documents regarding Tiger," which is a version of the Mac OS X operating system. This demand placed an impossible burden on Apple that far outweighed any need by Samsung for Tiger-related documents. Only after the parties were well on their way to motion practice did Samsung concede that the one and only aspect of Tiger that is relevant is its dock icons. Although Apple did not believe that Tiger is relevant prior art, Apple produced documents and things sufficient to show the Tiger dock icons. In particular, Apple produced a new, in-the-box, version of Tiger 10.4.3 for inspection. Samsung, however, continued to demand "all" documents regarding Tiger.

**MORRISON | FOERSTER**

Diane Hutnyan
February 23, 2012
Page Eight


After Samsung brought a motion to compel production of such documents, the Court found that Samsung's request for "all" documents related to Tiger vastly "overreache[d]," and that "Apple's production of a 'new, in-the-box' version for Samsung's inspection is sufficient to show the limited features of Tiger alleged to be relevant to Samsung's defenses." (Order, at 20.) In response to the Court's Order for Apple to produce *only* "technical and marketing documents related to [Tiger's] dock icons, other than emails" (*Id.*), Apple made a supplemental search and produced the documents on February 3, 2012. The production spans more than 4,000 pages and bears the Bates APLNDC0001519052—APLNDC0001523113. If there is a particular aspect of the Tiger icon set that Samsung would like to investigate further after reviewing this production, please let us know.

**9.     All survey reports and raw survey data for all customer surveys; all market research reports; all print, television and other ad media plans; and online click counts related to the iPhone, iPod touch, and iPad products**

Apple confirms that it has produced all relevant documents in this category located after a diligent and reasonable search.

Apple produced such documents on February 3, 2012. This production included all survey reports and raw survey data; market research reports; all print, television, and other ad media plans, and online click counts related to the iPhone, iPod touch, and iPad products. Specifically, the production included the following:

- More than 1,300 separate documents related to secondary market research from firms such as Gartner and IDC. These were obtained by Apple pursuant to license agreements and permission to produce had to be individually obtained.

- Approximately 600 pages of documents related to J.D. Power surveys, which Apple had to individually redact due to trade secrets claimed by J.D. Power.

- Approximately 400 pages of documents related to surveys conducted by members of Apple's market research team.

- More than 500,000 pages of other documents relating to this category, collected from Apple's market research archive and custodians in its market research team.

As previously discussed in correspondence, due to processing errors arising at Apple's discovery vendor, a subset of survey documents could not be produced in Bates numbered form on February 3. Apple therefore made the original native data continuously available for Samsung's inspection until the Bates numbered versions could be produced on February 9.


sf-3103058

**MORRISON | FOERSTER**

Diane Hutnyan
February 23, 2012
Page Nine

The Bates ranges for this production are APLNDC-X0000051955—APLNDC0000069414, APLNDC-Y000023361—APLNDC0000048845, APLNDC0000036172—APLNDC0000036570, APLNDC0001324150—APLNDC0001328140, APLNDC0001331408—APLNDC0001335731, APLNDC0001337808—APLNDC0001380559, APLNDC0001380865—APLNDC0001519051, APLNDC0001523114—APLNDC0001772329, APLNDC0001792370—APLNDC0001854951, APLNDC-X0000313770—APLNDC-X0000314368.

### 10. All surveys or survey documents referencing Samsung's products

Apple confirms that it has produced all surveys or survey documents referencing Samsung's products located after a diligent and reasonable search.

As noted above in response to category #9, Apple produced a vast number of surveys and survey documents. It did not delimit the search by excluding Samsung products. Moreover, as noted above in response to category #6, Apple has already collected from custodial searches and produced documents referencing Samsung and Samsung products. The documents referencing Samsung products are too numerous to identify individually but, again, Apple has provided text-searchable load files for its productions.

### 11. Business plans and strategies responsive to Samsung's RFP No. 55

Apple has made an extensive production of business plan and strategic documents. Both before and after the Court's Order issued, Apple production included:

- Executive Reviews
- Apple New Product Process Documents
- Creative Briefs
- Product Briefs
- Marketing Requirements Documents
- Reviewer's Guides
- Launch Guides

Such documents are found throughout Apple's production.

After the Court's Order issued, Apple conducted a search of documents that had not yet been reviewed for production specifically to search for business plans and strategies. Apple searched for the terms "business plan" and "strateg*" in documents containing terms associated with the products at issue. The searches were conducted in the files of individuals most likely to contain responsive materials. Specifically, Apple searched the files of its Product Marketing department, which is the department responsible for defining product requirements, understanding the market, and developing and executing product strategies.

sf-3103058

**MORRISON | FOERSTER**

Diane Hutnyan
February 23, 2012
Page Ten

Apple also searched the files of certain senior executives, including Steve Jobs. One subset of the responsive documents Apple produced on February 3, 2012 bears the Bates range APLNDC-Y0000000210—APLNDC-Y0000004714.

Apple's collection and review of documents is ongoing. Documents relevant to Samsung's request will continue until depositions of Product Marketing custodians have concluded.

**12.    All the documents described in the section "Financial Documents" in Jason Bartlett's letter of January 5, 2012, and providing quarterly revenue, sales, costs of goods sold, operating expenses, gross margin, operating margin, R&D costs & capital expenditures on a per-model basis**

Apple confirms that it has produced all relevant documents in this category located after a diligent and reasonable search. These documents were produced on February 5 and February 16, 2012. They bear the Bates range APLNDC0001772330—APLNDC0001772340 and APLNDC-Y0000049780—APLNDC-Y0000051620, respectively. Moreover, these documents were produced in the litigation relating to the '794 patent, which is already in the possession of Samsung's counsel. Those Bates ranges are APL7940015781339-APL7940015781405 and APL794-F0000000001- APL794-F0000008603.

**13.    All sketchbooks that contain material relevant to the asserted patents**

Apple confirms that it has produced all relevant sketchbooks located after a diligent and reasonable search.

Apple's production of sketchbooks has been extensively described in other correspondence. To summarize, Apple produced more than 234 sketchbooks collected from Apple's Industrial Design department. Apple produced the relevant pages on September 30, 2011, bearing the Bates range APLNDC0000036609—APLNDC0000038187.

Pursuant to Samsung's demand, Apple agreed to re-review and reproduce *all* of these sketchbooks related to every design patent at issue, not just the relevant pages, redacting appropriate information relating to products not at issue in this case. Over 33,000 pages, 243 sketchbooks, from 13 different industrial design custodians, spanning more than 7 years were produced. The production was completed on December 30, 2011, and bore the Bates ranges APLNDC0000092889—APLNDC0000093143 and APLNDC0001285670—APLNDC0001318828.

As the Court stated in its Order, "Apple must produce *only those sketchbooks or portions thereof that contain material relevant to the asserted patents*." (Order, at 24 (emphasis added).) Apple has done so.

sf-3103058

MORRISON | FOERSTER

Diane Hutnyan
February 23, 2012
Page Eleven

**14.     All CAD files created by Apple's industrial designers for the products at issue, including the CAD for the 035 tablet mockup in PDF and native CAD**

Apple confirms that it has produced all relevant CAD files located after a diligent and reasonable search.

All CAD files created by Apple's industrial designers relating to the projects that led to the patents in suit (original iPhone and [REDACTED] tablet) were produced for Samsung's inspection at Morrison & Foerster's Palo Alto office in July 2011.  Apple further made these files available for inspection at a third party escrow facility in September 2011.

By December 30, 2011, Apple produced *all* CAD files created by Apple's industrial designers during the development of *all released iPhone, iPod touch, and iPad products*.  Furthermore, Apple identified and produced for Samsung's inspection additional CAD data relating specifically to the 035 tablet mockup.  All of these materials were placed in the escrow facility for Samsung's inspection.  This was confirmed in Mia Mazza's December 30, 2011 letter to Rachel Kassabian.

Apple further directs Samsung to the Court's Order, which specifically states that the Court accepted Apple's representations that Apple produced all relevant CAD files, and denied Samsung's motion as to CAD files as moot.  (Order, at 25.)

*  *  *

Apple has made every effort to comply with the Court's discovery orders.  Through this letter, Apple has provided a detailed account of its compliance.


Sincerely,

*/s/ Jason R. Bartlett*

Jason R. Bartlett

cc:     Peter Kolovos
        S. Calvin Walden

sf-3103058