UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., | Case No.: C 11-cv-1846 LHK (PSG) |
| Plaintiff, | **ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR ADMISSION 101-190** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD, a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| | **(Re: Docket No. 700)** |
| Defendants. | |

In this patent infringement action, Defendants and counter-claimants Samsung Electronics Co., LTD., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") move to compel Plaintiff Apple Inc. ("Apple") to respond to a series of requests for admission ("RFAs") related to Apple's asserted design patents. The RFAs compare whether certain asserted design patents are or are not "substantially the same" as other identified Apple patents. Samsung is forthright in stating that its intention in propounding the RFAs is to "pin down" Apple's claims regarding the scope of its design patents. Apple objects to the RFAs largely on the ground that they improperly seek to compel a conclusion of law, as opposed to a proper application of law to facts, and are not relevant to streamlining the case or narrowing the issues.

1

Case No.: CV 11-1846 LHK (PSG)
ORDER

On March 6, 2012, the parties appeared for hearing. Having considered the argument and evidence presented, the court hereby GRANTS Samsung's motion to compel, but only IN PART.

## I.    BACKGROUND

Samsung served its second set of RFAs to Apple on November 23, 2011, including RFAs 101-190 at issue in this motion. RFAs 101-190 relate to twenty-one Apple design patents filed between June 2007 and September 2010, six of which are the design patents-in-suit. The RFAs consist of 45 pairs of requests asking Apple to admit that that the pair of design patents is "substantially the same," then to admit that the same pair is not substantially the same. For example, Samsung's RFA 101 states: "Admit that the claimed design in United States Patent D627,777 is substantially the same as the claimed design in United States Patent D504,889." Samsung's RFA 102 states: "Admit that the claimed design in United States Patent D627,777 is not substantially the same as the claimed design in United States Patent D504,889." RFAs 103-190 follow this pattern of requests.[1] The RFAs may be grouped into the following categories: 1) comparing an asserted design patent to another asserted design patent; 2) comparing an asserted design patent with one of three, earlier-filed Apple design patents; and 3) comparing an asserted patent with one of eleven later-filed Apple design patents.[2]

After an agreed-upon extension of time to respond, Apple served its objections on January 6, 2012. Apple's objection to each RFA states in full:

> Apple objects that this request is vague and ambiguous as to the phrases "claimed design" and "substantially the same." Apple objects further that this request does not consist of the application of law to facts, but is rather being used to compel an admission of a conclusion of law, which is not permitted under Fed. R. Civ. P. 36. Moreover, because this request is an incomplete hypothetical, Apple has insufficient knowledge and information to admit or deny this request.[3]

---

[1] Docket No. 700 at 1-2 (Samsung's Civ. L.R. 27-3 Statement, Mot. To Compel).

[2] RFAs 105 and 106 are an exception, as they ask Apple to compare two design patents, D627,777 and D637,596, neither of which are at issue in this case.

[3] *Id.*

2
Case No.: CV 11-1846 LHK (PSG)
ORDER

On January 7, 2012, Samsung responded with a request to meet and confer regarding the RFAs if Apple insisted on not responding. On January 16, 2012, Apple responded with a letter that maintained its objections and raised additional objections that were not stated previously.[4] Apple further objects that the majority of the disputed RFAs have no relevance to the case, because they ask Apple to compare patents-in-suit to patents that are not at issue, or to compare patents where neither is at issue in the case, and that these requested comparisons impose an immense burden on Apple to construe the claims of twenty-one different design patents when only six are at issue.[5] Lead counsel meet and confer on January 16, 2012 did not resolve the issue. Since the filing of this motion, Apple points out that Samsung has propounded two more sets of RFAs seeking 181 more comparisons, 73 which are between design patents, 16 of which are to a third-party product, and 92 of which are to Samsung products.[6]

## II. LEGAL STANDARDS

Under the federal rules, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[7] Fed. R. Civ. P. 36 provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either."[8] Rule 36 allows a party to narrow the range of issues for trial.[9] The responding party must provide one of three answers: (1) an admission; (2) a denial; or (3) a statement detailing why the answering party is unable to admit or deny the matter despite making a

---

[4] Docket No. 700-1 (Hall Decl.), Ex. B.

[5] *See id.*

[6] Docket No. 732 ¶¶ 5-7 (Bartlett Decl.), Ex. B and C.

[7] *See* Fed. R. Civ. P. 26(b)(1).

[8] Fed. R. Civ. P. 36(a)(1)(A).

[9] *See Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) (citing *Keen v. Detroit Diesel Allison*, 569 F.2d 547, 554 (10th Cir. 1978)). *See also* Fed. R. Civ. P. 36, Advisory Comm. Notes (1970) ("Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.").

3
Case No.: CV 11-1846 LHK (PSG)
ORDER

1 reasonable inquiry.[10] If the court finds that the objection to an RFA is not justified, the court must
2 order that an answer be served.[11]

### III.   DISCUSSION

Samsung argues that Apple's objections are without merit, and additionally that those raised for the first time in Apple's January 2012 letter have been waived. The court first addresses Samsung's waiver argument, and second assesses the merits of Apple's objections to the RFAs.

**A.   Waiver**

Apple's January 6, 2012 response to RFAs 101-190 object only the grounds that the RFAs are "vague and ambiguous," are seeking "admission of a conclusion of law," and present "incomplete hypothetical[s]" upon which Apple has insufficient knowledge and information to admit or deny. Samsung argues that any objections regarding relevance or burden have been waived based on Apple's failure to raise them in its response. Apple does not respond directly to the waiver argument in its opposition brief.

Under Rule 36, a party has 30 days after being served with RFAs to respond, after which time a matter is deemed admitted.[12] Here the parties agreed to two weeks of additional time, at which point Apple offered only the objections noted above. The result of failing to object in a timely manner to a discovery request is waiver.[13] "Objections not interposed in a timely initial response may not be held in reserve and interposed after the period allowed for response by Rule 33(b)."[14] Apple offers no justification for introducing additional objection arguments at a later time. On this basis alone, Apple effectively waived its relevance and burden objections to

---

[10] Fed. R. Civ. P. 36(a)(4).

[11] Fed. R. Civ. P. 36(a)(6).

[12] Fed. R. Civ. P. 36(a)(3).

[13] *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.") (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

[14] *Safeco Ins. Co. of Am. v. Rawstrom*, 183 F.R.D. 668, 671-72 (C.D. Cal. 1998).

4
Case No.: CV 11-1846 LHK (PSG)
ORDER

1  Samsung's RFAs 101-190. The court therefore will not assess the merit of those arguments, except
2  to the extent that relevance is inextricably tied to Apple's legal conclusion objection.

3  **B.    Apple's Objections**

4  Apple contends that the RFAs actually seek "hypothetical comparisons" that are
5  incomplete, ambiguous, and ultimately would force Apple to offer a legal conclusion as to each
6  design pair that is far removed from the facts of the case. Unlike a direct and unambiguous RFA
7  request that "can be answered with a simple admit or deny,"[15] Apple argues that Samsung's RFAs
8  would require an entire legal analysis just to determine the scope of the designs to be compared
9  (*e.g.*, the entire design, including all angles, or only relevant portions of the design). In addition,
10 Apple would be forced to offer what amounts to a legal conclusion on more than 200 comparisons
11 "for the sole purpose of responding to the request for admission."[16] Apple argues that this is
12 contrary to the purpose of requests for admission "to limit factual issues in a case."[17] Apple also
13 initially objected that the RFAs were vague and ambiguous as to the phrases "claimed design" and
14 "substantially the same," but does not repeat these objections in its opposition.

15 Samsung concedes that an RFA calling for a "pure conclusion of law is generally
16 improper."[18] Samsung argues, however, that the RFAs call for the application of law to fact
17 because they simply ask Apple to apply the legal test[19] for similarity to the pair of design patents in
18 each RFA. Samsung also points out that RFAs requiring "opinions or conclusions of law" are "'not
19 objectionable … as long as the legal conclusions relate to the facts of the case.'"[20] According to
20 Samsung, Apple must do "nothing more than admit or deny whether its understanding of one

---

[15] *Jones v. McGuire*, No. CIV S-08-2607, MCD CKD, 2012 WL 439429, at *6 (E.D. Cal. Feb. 9, 2012).

[16] Docket No. 731 at 3.

[17] *See Jones*, 2012 WL 439429 at *6.

[18] Docket No. 700 at 6.

[19] "Substantially the same" refers to the "ordinary observer test" memorialized in *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008).

[20] *Id.* (quoting *Ransom v. U.S.*, 8 Cl. Ct. 646, 647 (Cl. Ct. 1985)).

5
Case No.: CV 11-1846 LHK (PSG)
ORDER

claimed design – as depicted in its own drawings – would lead it to conclude that the design is substantially the same as its understanding of another claimed design."[21] Samsung argues that the pair-by-pair comparison it seeks is no different from that which Apple already has had to do each time it has submitted one of these designs to the patent office and represented that design to be new and unique – that is, not substantially the same as another patented design. Samsung further argues that Apple's own design expert during the preliminary injunction phase of this case applied the same test to opine repeatedly that Samsung devices were "substantially the same as" Apple's design patents, undermining any argument Apple cannot now make the same comparison between its own designs.

Apple's "vague and ambiguous" and "incomplete hypothetical" objections are insufficient to sustain a non-response to the RFAs. The terms used in the RFAs – "claimed design" and "substantially the same" – have a well-established meaning that Apple itself has offered in support of its positions in this case.[22] Apple never requested clarification from Samsung regarding these terms, belying Apple's claim now that the terms are "so ambiguous that the responding party [Apple], in good faith, cannot provide a response."[23] Similarly, Apple's argument that the requested comparison of the "claimed designs" requires construing of the scope of the claims ignores the fact that design patents, unlike utility patents, consist of only a single claim, which is defined by the drawing or drawings.[24] Samsung's RFAs reference the designs as Apple has claimed them; any application of the ordinary observer test is to the "claimed design as a whole."[25]

---

[21] *Id.* at 7.

[22] *See* Docket No. 700 (referencing the "claimed design" language in Apple's design patents, as well as Apple's design expert's use of the "substantially the same" language from the ordinary observer test during the preliminary injunction phase).

[23] *See C & C Jewelry Mfg., Inc. v. West*, No. C09-01303 JF (HRL), 2011 WL 768642, at *2 (N.D. Cal. Feb. 28, 2011) (citing *Marchand v. Mercy Medical Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994)).

[24] *See Degelman Indus. Ltd. v. Pro-Tech Welding & Fabrication, Inc.*, 06-CV-6346T, 2011 WL 6754040, at *3 (W.D.N.Y. May 27, 2011); *Egyptian Goddess*, 543 F.3d at 679 ("[T]he court has recognized that design patents 'typically are claimed as shown in drawings.'") (citations omitted).

[25] *See Egyptian Goddess*, 543 F.3d at 677.

6
Case No.: CV 11-1846 LHK (PSG)
ORDER

Apple's objections based upon the need to draw a legal conclusion unrelated to the facts at issue present a closer question. Although courts generally seek to distinguish a "pure legal question" from a legal conclusion or opinion that "relate[s] to the facts of the case," this distinction is not always easy to draw.[26] The court's review of numerous cases cited by both parties confirms this general guiding principal, but little else.

In *Gem Acquisitionco, LLC v. Sorenson Group Holdings, LLC*, the court denied a motion to compel a response to two RFAs that it found essentially asked the respondent "to admit [the other party's] interpretation of a disputed provision of the parties' contract."[27] The court held that the RFAs improperly called for legal conclusions.[28] The court also denied the motion to compel a third RFA response as "not the proper subject of an RFA" because it asked the responding party "to admit one of the key facts in dispute" related to the breach of contract claim.[29] The court in *Jones v. McGuire* drew a similar conclusion where it found the RFAs demanded the defendant to "admit the truth of a legal conclusion" that "would translate into 'deemed' concessions of plaintiff's entire case."[30] In contrast, the Court of Federal Claims in *Ransom v. U.S.* required a response to an RFA stating that privity of contract existed based on certain facts of the case, but not as to an RFA stating that the court had jurisdiction over the action.[31] The court in *Ransom* distinguished the legal conclusion regarding privity of contract from jurisdiction conferred by

---

[26] *Ransom v. U.S.*, 8 Cl. Ct. at 647 ("Though it has been fifteen years since [Rule 36 was amended to allow the application of law to fact in RFAs], interpretations of the phrase 'application of law to fact' are sparse.").

[27] No. C 09-01484 SI, 2010 WL 1340562, at *3 (N.D. Cal. April 5, 2010).

[28] *Id.*

[29] *Id.*

[30] *See Jones*, 2012 WL 439429, at *7.

[31] *Ransom*, 8 Cl. Ct. at 648.

7

Case No.: CV 11-1846 LHK (PSG)
ORDER

statute on the grounds that a determination as to jurisdiction required "a pure conclusion of law not directly related to specified facts."[32]

In the patent context, at least one court held that an RFA was proper where it required the plaintiff, whose patent involved a fishing net made of a colored panel that blended in water in certain lighting and water conditions, to "apply claim elements to real and not hypothetical [fishing] net configurations."[33] The same court required an RFA response whereby the plaintiff was asked to admit that as of a certain date, he was aware of certain prior art that "included fishing nets with more than ten colored areas."[34] In another patent case from this district, the RFAs at issue asked the defendant to admit, tracking the statutory language regarding invalidity, that certain design and manufacturing techniques were known in certain fields of art.[35] The court in *C & C Jewelry Mfg.* held that these requests could be reasonably construed as requiring an admission or denial regarding the underlying facts of whether certain subject matter was known or used by others, and not the legal conclusion to be drawn from those facts.[36] In another patent case, *Fullhorst v. United Technologies Auto, Inc.*, the court denied a request to compel an RFA that the court held "ask[ed] Plaintiff to admit to infringement in the context of the hypothetical use of its device."[37]

In view of these cases, and more importantly, the plain language of Rule 36, the court concludes that the appropriate questions here are straightforward: does a given RFA address a

---

[32] *See id. See also Disability Rights Council of Greater Washington v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 1, 2-3 (D.D.C. 2006) (upholding legal conclusion objections to RFAs that asked plaintiff to admit or deny the content or meaning of federal regulations and statutes).

[33] *See Jovanovich v. Redden Marine Supply, Inc.*, No. C-10-924-RSM, 2011 WL 4459171, *1 (W.D. Wash. Sept. 26, 2011) (referencing the court's earlier order).

[34] *See id.*

[35] *See C & C Jewelry Mfg., Inc.*, 2011 WL 768642 at *1.

[36] *See id.* at *1.

[37] No. CIV. A. 96-577-JJF, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997). The RFA in *Fullhorst* asked the plaintiff to admit that a scenario in which the allegedly infringing device, if used in a certain (hypothetical) manner, the device would not infringe on the plaintiff's patent. *See id.* at *2.

8
Case No.: CV 11-1846 LHK (PSG)
ORDER

disputed fact in the case and would an affirmative response reduce the burden on a jury at trial?[38] This conception of the inquiry required by Rule 36 appropriately balances the broad language of the rule as it relates to requests regarding facts or the application of law to fact "within the scope of Rule 26(b)(1)" with Rule 26's other considerations of proportionality, burden and benefit. Reconciling these competing concerns requires the court to draw the line at RFAs that comply with the plain language of Rule 36 and also effectuate its purpose of streamlining issues and narrowing the facts in dispute at trial.

Applying these questions to the three categories of Samsung's RFAs reveals important differences between the RFAs. With respect to those RFAs that compare an asserted design to specific Apple design patents identified by Samsung to be prior art, the court finds its questions answered in the affirmative. These RFAs address factual issues in dispute, particularly whether Apple's asserted design patents are anticipated by prior art patents.[39] Because the RFAs do not require "answers to hypotheticals," as in a number of the cases that Apple relies upon, Samsung's RFAs also would reduce a jury's burden if answered affirmatively. The court therefore finds that insofar as Samsung alleges these prior art designs as invalidating the asserted design patents, the

---

[38] The court does not find any limitation in the language of Rule 36 or the advisory committee notes that would suggest that the duty to respond in good faith to an RFA does not extend to those requests with claim-dispositive implications. The court notes that in the somewhat analogous contexts of copyright infringement and trade dress claims, parties regularly exchange RFAs seeking an admission on the dispositive issue of whether the disputed works are or are not "substantially similar" or "substantially the same." *See, e.g.*, *Classic Concepts, Inc. v. Linen Source*, CV 04-8088 GPS (MANx), 2006 WL 4756377, at *6 (C.D. Cal. April 27, 2006) (finding defendant's admission to plaintiff's RFA that there was "substantial similarity between the works" to be insufficient for summary judgment in copyright infringement context); *Jones v. Blige*, No. 04-60184, 2006 WL 3343741, at *4 (E.D. Mich. Nov. 17, 2006) (deeming admitted under Fed. R. Civ. P. 36(b) the substantial similarity of plaintiff's to defendant's lyrics in copyright suit involving song lyrics); *McIntosh v. Northern Cal. Universal Enterprises, Inc.*, No. CV F 07-1080 LJO GSA, 2010 WL 3369848, at *2, 4-6 (E.D. Cal. Aug. 23, 2010) (finding defendant's denial of plaintiff's RFA that sought to establish substantial similarity between copyrighted maps to be insufficient grounds for attorney's fee award); *E.S.S. Entertainment 2000, Inc. v. Rock Star Videos, Inc.*, 444 F. Supp. 2d 1012, 1020-21 n.49 (C.D. Cal. 2006) (referencing RFA in trade dress context in which plaintiff admitted that the allegedly infringing logo was different in certain aspects from plaintiff's).

[39] Like infringement, invalidity for anticipation is an issue of fact. *See General Elec. Co. v. Nintendo Co., Ltd.*, 179 F.3d 1350, 1353 (Fed. Cir. 1999) (citing *Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1582 (Fed. Cir. 1995); *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 66 F.3d 299, 302 (Fed. Cir. 1995) ("Anticipation is a question of fact.").

1 requested comparison between a patent-in-issue and prior art put at issue by Samsung is
2 reasonable.

3 With respect to those RFAs that compare two asserted designs or an asserted design to a
4 later-filed Apple design patent, however, the court finds the answers to its questions to be negative.
5 Because these issues are not in dispute in this case, such that the jury must resolve them, Samsung
6 cannot justify applying the ordinary observer test to these pairs. Thus, the reach of Samsung's
7 RFAs must be limited to comparisons between Apple's asserted design patents and prior art that is
8 already at issue in the case, such as has been identified in Samsung's Patent L.R. 3-3 invalidity
9 contentions.

10 In sum, Apple must respond only to those RFAs 101-190 in which the pair is made up of a
11 patent asserted by Apple and a prior art patent that Samsung has put at issue by its invalidity
12 contentions.

### IV. CONCLUSION

In accordance with the foregoing, Apple must respond to the narrowed set of RFAs no later than April 6, 2012.

**IT IS SO ORDERED.**

Dated: 3/20/2012

_____
PAUL S. GREWAL
United States Magistrate Judge

10
Case No.: CV 11-1846 LHK (PSG)
ORDER