| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> JENNIFER LEE TAYLOR (CA SBN 161368) <br> jtaylor@mofo.com <br> ALISON M. TUCHER (CA SBN 171363) <br> atucher@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> JASON R. BARTLETT (CA SBN 214530) <br> jasonbartlett@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone: (415) 268-7000 <br> Facsimile: (415) 268-7522 | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No.   11-cv-01846-LHK (PSG) <br><br> **REPLY DECLARATION OF ERIK J. OLSON IN SUPPORT OF APPLE'S RULE 37(b)(2) MOTION RE SAMSUNG'S VIOLATION OF JANUARY 27, 2012 DAMAGES DISCOVERY ORDER** <br><br> Date:   April 3, 2012 <br> Time:   10:00 a.m. <br> Place:   Courtroom 5, 4th Floor <br> Judge:   Hon. Paul S. Grewal |

**REDACTED PUBLIC VERSION**

I, Erik J. Olson, declare as follows:

1. I am a partner in the law firm of Morrison & Foerster LLP representing Apple in this matter. I am licensed to practice law in the State of California. I have personal knowledge of the facts set forth below, except where I note that I am relying on the work of others whom I supervise. I make this declaration in support of Apple's Reply in Support of Rule 37(b)(2) Motion Re Samsung's Violation of the January 27, 2012 Damages Discovery Order ("Rule 37 Motion").

2. At my direction, an associate at Morrison & Foerster reviewed each of the 355 financial documents identified in Exhibit 1 to the Declaration of Joby Martin in Support of Samsung's Opposition (Dkt. No. 801-9 ("Martin Declaration")) to determine whether those documents provided sufficient information to comply with the Court's January 27, 2012 Damages Discovery Order (Dkt. No. 673 ("Order")).

3. The documents identified in Exhibit 1 to the Martin Declaration contain only two documents generated by Samsung Electronics Company ("SEC"). Those two documents are:

  (a) An ███████████████████████████████████ discussing plans for improving inventory forecasting. A true and correct copy of the document, which begins with the Bates number S-ITC-500005400, is attached hereto as Exhibit A.

  (b) A ███████████████████████████████ A true and correct copy of the document, which begins with the Bates number S-ITC-500013442, is attached hereto as Exhibit B.

4. The only other documents identified in Exhibit 1 of the Martin Declaration that appear to contain SEC-specific sales, manufacturing costs, and cost of goods sold information are the ███████████████████ discussed at length in the parties' briefs. Only one of ███████████ was produced to Apple by the court-ordered deadline of February 3, 2012. Two of the ███████████ were produced on February 28th, less than 24 hours before Timothy Sheppard's 30(b)(6) deposition. (*See* Dkt. No. 801-9 ¶ 5.) Two additional spreadsheets were produced on March 8—less than 24 hours before Jaehwang Sim's 30(b)(6) deposition. The ███████ ███████ were produced while I was on an airplane en route to Korea to depose

1  Jaehwang Sim. Attached hereto as Exhibit C is a true and correct copy of an email exchange
2  among Marc Pernick (counsel for Apple) and Jon Steiger and Anthony Alden (counsel for
3  Samsung), dated March 8-9, 2012, in which Mr. Alden stated that Samsung intended to produce
4  an additional 14,000 pages of documents relevant to Mr. Sim's deposition during the time that I
5  was en route to Korea.

6       5.    Aside from the two SEC documents and the ███████████████████, the
7  remaining 346 documents identified in Exhibit 1 to the Martin Declaration were generated either
8  by or for Samsung Telecommunications America LLC ("STA") or Samsung Electronics of
9  America ("SEA"). The vast majority of these documents—256 or roughly 72 percent—fall into
10 one of the 7 categories listed below. As detailed in subparagraphs (a) through (h) below, these
11 documents do not contain information sufficient to calculate Samsung's consolidated profits for
12 infringing sales of the accused products in this litigation.

13      (a)    ███████████████████—We located 102 ██████████
14 reports among the documents identified on Exhibit 1 of the Martin Declaration similar to
15 Exhibit 5 attached thereto. These reports were prepared between ███████████████████,
16 and they report on ███████████████████████████████████████
17 ███████████████. These reports do not include information about SEC's costs-of-
18 goods-sold, or information from which Samsung's consolidated profits can be calculated.

19      (b)    ███████████████████—We located 67 reports of various
20 kinds among the documents identified on Exhibit 1 of the Martin Declaration that are ████
21 ████████████████████████████████████████████████████
22 ████████████████████████████████████████████████████
23 ██████████ They contain no information on sales by SEC or on the profits SEC recognizes
24 through STA's sale of the accused devices to any of the wireless service providers.

25      (c)    ███████████████████—We located 31 ██████████
26 ██████ among the documents identified on Exhibit 1 of the Martin Declaration. Nearly 75% of
27 those reports were produced to Apple on March 8th—the last day of fact discovery and over a
28 month after the court-ordered deadline for production of financial information. (*See* Dkt.

1  No. 801-9 ¶ 15 & Ex. 1—███████████████ correspond to documents with beginning
2  Bates SAMNDCA00367810-SAMNDCA00368102 and SAMNDCA00368326-
3  SAMNDCA00369971.)  Mr. Martin states in his declaration that "Samsung produced the
4  majority of its ███████████████ before February 3, 2012" and "produced additional
5  ███████████████ on March 8, 2012 when it discovered that some were missing from its
6  prior production."  Mr. Martin neglects to inform the Court, however, that Apple had already
7  discovered that numerous ███████████████ were missing from Samsung's production, and
8  asked Samsung specifically to produce "[m]onthly close reports for STA and SEA for 2009 to
9  2011" in a letter dated January 27, which Apple then asked about repeatedly on February 1,
10 February 4, February 10, and February 12.  (*See* Dkt. No. 759-4, Ex. 10 at 2; *see also id.* Ex. 11,
11 13, 15, 16).  While these monthly closing reports contain financial information responsive to the
12 Order, the information is limited to STA and cannot be used to calculate Samsung's consolidated
13 profits.
14         (d) ███████████████████████████████████████—We located 23 ██████
15 ███████████████████████████ among the documents identified on Exhibit 1
16 of the Martin Declaration similar to Exhibit 4 attached thereto.  ████████████████
17 ████████████████████████████████████████████████████████████████
18 ████████████████████████████████████████████████████████████████
19 ████████████████████████████████ Moreover, they contain no information that is
20 specific to the accused devices, even for STA or SEA.
21         (e) ███████████████████████████—We located 20 documents among
22 those identified on Exhibit 1 of the Martin Declaration discussing ██████████████
23 ██████████████████████████████████ These documents do not contain
24 any pricing, costs-of-goods sold, or profit information for any defendant entity.  They cannot be
25 used to calculate Samsung's consolidated profits.
26         (f) █████████████████████████████████████████—We located
27 10 ██████████████████████ among the documents identified on Exhibit 1 of the Martin
28 Declaration, similar to Exhibit 9 attached thereto.  These reports contain financial information

1  responsive to the Order, and include ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2  ▮▮▮▮▮▮▮▮▮▮▮  The reports, however, ▮▮▮▮▮▮▮▮▮▮, do not contain information on

3  specific phones, do not contain information about SEC's financials, and they cannot be used to

4  calculate Samsung's consolidated profits. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11        (g) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—We located 4 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12 ▮▮▮▮▮▮▮▮▮▮▮ among the documents identified on Exhibit 1 of the Martin Declaration. ▮▮▮▮

13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14 ▮▮▮▮▮▮▮▮▮▮▮ They do not contain information about SEC's financials, and they cannot be

15 used to calculate Samsung's consolidated profits.

16        (h) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮—The remaining 102 documents listed in Exhibit 1

17 of the Martin Declaration fall into numerous, scattershot categories including: ▮▮▮▮▮▮▮▮

18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

19 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  As with the categories

20 discussed above, none of these documents provide information on SEC's costs of goods sold, nor

21 do they provide information that would allow Apple to calculate Samsung's consolidated profits.

22     6.    Furthermore, a full 33 percent (over 3,700 pages) of the documents listed in

23 Exhibit 1 of the Martin Declaration fall outside the period of alleged infringing activity—Q2

24 2010 through the present—and therefore are not relevant to Apple's damages case.

25     7.    In short, the 355 documents identified in Exhibit 1 of the Martin Declaration do

26 not contain sufficient information to calculate Samsung's consolidated profits for infringing sales

27 of the accused products.

28

1         8.       The total page count of the financial documents identified on Exhibit 1 of the Martin Declaration that were produced to Apple on March 8th—nearly a month after the Court-ordered production deadline—is 3,509 pages. March 8th was also the close of fact discovery.

9.       Attached hereto as Exhibit D are true and correct excerpts from the March 10, 2012 deposition of Jaehwang Sim.

10.      Attached hereto as Exhibit E is a true and correct copy of a letter from Mr. Alden to Mr. Pernick dated February 24, 2012.

11.      Attached hereto as Exhibit F is a true and correct copy of Apple's Tenth Rule 30(b)(6) Deposition Notice to Samsung, served on February 12, 2012.

12.      Attached hereto as Exhibit G is a true and correct copy of a letter from Mr. Alden to Mia Mazza (counsel for Apple) dated March 8, 2012.

13.      Attached hereto as Exhibit H are true and correct copies of two emails from Sara Jenkins (counsel for Samsung) to Apple's counsel dated March 8, 2012.

14.      Attached hereto as Exhibit I are true and correct excerpts from the February 29, 2012 deposition of Timothy Sheppard.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of March, 2012 at San Francisco, California.

                                                        */s/ Erik J. Olson*
                                                        Erik J. Olson

**ATTESTATION OF E-FILED SIGNATURE**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Erik J. Olson has concurred in this filing.

Dated: March 20, 2012 　　　　　　　　　　　*/s/ Michael A. Jacobs*
　　　　　　　　　　　　　　　　　　　　　　Michael A. Jacobs