1  HAROLD J. MCELHINNY (CA SBN 66781)          WILLIAM F. LEE
   hmcelhinny@mofo.com                          william.lee@wilmerhale.com
2  MICHAEL A. JACOBS (CA SBN 111664)           WILMER CUTLER PICKERING
   mjacobs@mofo.com                             HALE AND DORR LLP
3  JENNIFER LEE TAYLOR (CA SBN 161368)         60 State Street
   jtaylor@mofo.com                             Boston, MA 02109
4  ALISON M. TUCHER (CA SBN 171363)            Telephone: (617) 526-6000
   atucher@mofo.com                             Facsimile: (617) 526-5000
5  RICHARD S.J. HUNG (CA SBN 197425)
   rhung@mofo.com
6  JASON R. BARTLETT (CA SBN 214530)           MARK D. SELWYN (SBN 244180)
   jasonbartlett@mofo.com                       mark.selwyn@wilmerhale.com
7  MORRISON & FOERSTER LLP                     WILMER CUTLER PICKERING
   425 Market Street                            HALE AND DORR LLP
8  San Francisco, California  94105-2482       950 Page Mill Road
   Telephone:  (415) 268-7000                   Palo Alto, California 94304
9  Facsimile:  (415) 268-7522                   Telephone: (650) 858-6000
                                                Facsimile: (650) 858-6100
10

11  Attorneys for Plaintiff and
    Counterclaim-Defendant APPLE INC.
12

13                      UNITED STATES DISTRICT COURT

14                    NORTHERN DISTRICT OF CALIFORNIA

15                            SAN JOSE DIVISION

16

17
    APPLE INC., a California corporation,        Case No.    11-cv-01846-LHK (PSG)
18
                          Plaintiff,             **APPLE'S OPPOSITION TO
19                                               SAMSUNG'S MOTION TO
           v.                                    COMPEL PRODUCTION OF
20                                               MATERIALS FROM RELATED
    SAMSUNG ELECTRONICS CO., LTD., a             PROCEEDINGS AND TO
21  Korean corporation; SAMSUNG ELECTRONICS      ENFORCE DECEMBER 22, 2011
    AMERICA, INC., a New York corporation; and   COURT ORDER**
22  SAMSUNG TELECOMMUNICATIONS
    AMERICA LLC, a Delaware limited liability
23  company,

24                        Defendants.

25

26

27

28

1    Samsung's motion to compel "production of materials from related proceedings" jumbles

2    up four completely distinct issues:

3    • An unnecessary motion to enforce the Court's December 22 Order relating to

4        transcripts of prior inventor depositions.  Apple has already complied with this

5        Order.

6    • A motion to compel Apple to produce "other documents" from proceedings

7        involving one or more of the patents-in-suit.  Apple has already produced or made

8        reasonable arrangements to allow Samsung to access all such materials.

9    • A new motion to compel Apple to produce "documents" from other proceedings

10       involving an alleged "technological nexus" with the case.  This motion is

11       overbroad, unreasonable and untimely.

12   • An improper motion to amend the Protective Order in either this case or the

13       pending ITC Investigation, erroneously styled as a motion to compel Apple to

14       "produce" documents from that investigation to Samsung (even though Samsung

15       already has them).

16   Apple addresses each of Samsung's motions in turn.  All should be denied.

17   **I.        Apple Complied with the December 22 Order**

18       Apple has complied with the December 22 Order by producing transcripts of the prior

19   deposition testimony of Apple witnesses in cases bearing a technological nexus with the instant

20   case, and by meeting and conferring with Samsung about what additional transcripts to produce.

21       In its December motion, Samsung explained that it was seeking prior transcripts of

22   witnesses in the present action for purposes of impeachment.  Samsung reasoned that it is

23   "entitled to these transcripts to assess the credibility of the *witnesses testifying in this case*."  (Dkt.

24   No. 483 at 21 n.11 (emphasis added).)  In support of its rationale, Samsung quoted from a case

25   that held that certain transcripts from another case were *not* discoverable because "[m]ost

26   importantly, Defendants [did] not intend to call any of these individuals to *testify in the current*

27   *proceeding*."  (*Id.* at 20-21 (citing *Inventio AG v. Thyssenkrup Elevator Am. Corp.*, 662 F. Supp.

28   2d 375, 384(D. Del. 2009) (emphasis added).)  Samsung's motion made it clear that it was

1    directed towards prior deposition transcripts of Apple employees who are testifying in the present

2    action where the prior testimony was in cases bearing a technological nexus to the present action.

3          The Court's December 22 Order is consistent with this reading of Samsung's request.  It

4    states:

5              3. Transcripts of Prior Deposition Testimony of **Apple Witnesses**
               Testifying in their Employee Capacity. The court finds Apple's
6              proposed definition of "technological nexus" [n.6] to be an
               appropriate measure under the balancing provisions of Fed. R. Civ.
7              P. 26(b)(2)(C)(iii) for the production of relevant employee
               testimony from other actions. Apple shall apply this standard and
8              complete its production of all responsive transcripts on a rolling
               basis and no later than January 15, 2012. To the extent that
9              Samsung identifies as relevant any cases that fall outside of Apple's
               production as limited by the "technological nexus" standard, the
10             court will entertain a further motion to compel the production of
               transcripts from those cases, if the parties are unable to come to an
11             agreement regarding production after engaging in appropriate meet
               and confer.
12

13   (Dkt. No. 536 at 5 (emphasis added).)  The Court accepted Apple's definition of cases bearing a

14   "technological nexus" as:

15             prior cases involving the patents-in-suit or patents covering the
               same or similar technologies, features, or designs as the patents-in-
16             suit … [W]ith respect to design patent inventors, this would include
               prior cases involving the asserted design patents or other design
17             patents covering the same designs or design elements. With respect
               to utility patent inventors, this would include the asserted utility
18             patents or other utility patents covering touch-based interface
               functions, display elements, touch-screen hardware, or touch-screen
19             logic.

20   (*Id.* at 5 n.6.)[1]

21          Subsequently, Apple produced all transcripts that it believed bore a technological nexus to

22   the present case.  Consistent with the process the Court contemplated in its Order as quoted above

23   _____

24         [1] Samsung's claim that Apple "finally" clarified its definition of "technological nexus" in
     its opposition to Samsung's December 22 motion is false.  (Motion at 3.)  The definition proposed
     by Apple in its opposition was a direct quote from a letter it sent weeks earlier, after Samsung
25   cited a case to Apple that appeared to use a "technological nexus" standard.  (Declaration of
     Nathan B. Sabri in Support of Apple's Opposition to Samsung's Motion to Compel Production of
26   Materials from Related Proceedings ("Sabri Decl.") Exs. 1, 2.)  The parties also discussed this
     definition in a meet-and-confer session weeks before Samsung filed its December motion to
27   compel.  (*Id.* Ex. 3.)

28

1   (*Id*. at 5), Samsung identified after this production a list of cases that it believed bore a

2   technological nexus to the present case, consisting of eight cases between Apple and third parties

3   and also listing the *Apple v. Samsung* dispute currently pending before the ITC.[2]   (Sabri Decl. Ex.

4   4.)   Apple responded that Samsung's list was overbroad, and Samsung replied to revise and

5   narrow its list.   (*Id*. Exs. 5-6.)   After receiving Samsung's revised list, Apple searched for prior

6   deposition transcripts for Apple employees who are witnesses in the present matter from

7   Samsung's list of eight cases between Apple and third parties that had not already been produced.

8   (*Id*. ¶¶ 8-9.)

9       With two exceptions, the only transcripts Apple identified that had not already been

10   produced were from depositions that occurred *after* January 15.   Specifically, Apple identified

11   and produced transcripts from the following post-January 15 depositions:  1) February 22, 2012

12   deposition of Brian Huppi in ITC Investigation No. 337-TA-797; 2) February 28, 2012 deposition

13   of Freddy Anzures in *Apple v. Motorola* (N.D. Ill.); 3) February 27, 2012 deposition of Stan Ng

14   in *Apple v. Motorola*, (N.D. Ill.); and 4) January 24, 2012 deposition of Steve Hotelling in ITC

15   Investigation No. 337-TA-797.   (*Id*. ¶ 10.)   Apple had inadvertently not previously identified or

16   produced a transcript from the November 10, 2010 deposition of Eric Jue in ITC Investigation

17   No. 337-TA-714, which it promptly produced after receiving Samsung's final list of "related

18   proceedings" sent on March 3.   (*Id*. ¶ 11.)   Apple has not produced transcripts from prior

19   depositions of Apple 30(b)(6) representative Mark Buckley.   Mr. Buckley testifies for Apple

20   solely on financial issues.   His testimony therefore has no technological nexus to this lawsuit.

21   (*Id*. ¶ 12.)

22       To the extent that Samsung's motion seeks Apple to produce "all" transcripts from

23   proceedings that have an alleged "technological nexus" with the present case (not just prior

24   transcripts of Apple employees who are witnesses in this case) that request should be denied.

25   When Samsung first propounded its Request for Production No. 75, Apple objected.  Over several

26   _____

27   [2] Samsung's demand for "production" of transcripts from the ongoing ITC case in which
    it is a party is discussed *infra*, Section IV.

28

1  conferences, Samsung agreed to narrow the request, specifically focusing on deposition and trial

2  transcripts that would allow Samsung to "assess [the] credibility of [Apple's] witnesses" and

3  bearing a "technological nexus" to the issues in the litigation.  (Sabri Decl. Ex. 1.)  Samsung

4  never before requested that Apple produce *all* transcripts for those actions, which would not be

5  relevant to assess the credibility of Apple's witnesses in this action.  The discovery period is

6  closed and it is far too late to make such a broad request now.

7  **II.    Apple Has Produced or Offered to Cooperate in Production of Documents Relating to Litigation Involving the Patents-In-Suit.**

8

9  Apple has agreed to assist in the production of court documents, *Markman* filings, and

10  other documents from litigation involving the patents-in-suit.  The December 22 Order directed

11  *Samsung* to obtain third party consent to the disclosure of confidential business information.

12  (Dkt. No. 536 at 2 n.1 ("The parties have initiated a process whereby *Samsung* will seek consent

13  from those third parties for Apple to produce the unredacted information") (emphasis added);

14  Sabri Decl. Ex. 5.)  Apple offered to produce promptly documents after Samsung obtained

15  necessary consents.  Samsung did not *begin* to attempt to obtain such third party consent until

16  *February*.  (Sabri Decl. Exs. 7-8.)

17  Samsung then *failed* to obtain such consent.  Instead, Samsung purported to send (on

18  behalf of the third parties) complicated "guidelines" for redacting third party material.  For

19  instance, Samsung's letter of February 19 represented in part:

20
21  Google does not object to sharing any of its confidential business information contained in court papers in Apple's prior Android-related actions against HTC or Motorola, on the condition that all the documents are produced with the HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY designation. Also, Google's consent is limited to technical materials, such as those regarding validity and infringement issues, and does not extend to any documents concerning purely business information such as agreements with OEMs.

22
23
24

25  * * *

26  Motorola will not consent to the disclosure of its confidential business information. Therefore, please redact all Motorola confidential business information from the materials Apple will produce from the 15 identified actions and produce it.

27

28

1    (*Id.* Ex. 8.)

2          Apple never agreed to perform detailed redactions of third party confidential information

3    according to instructions received second-hand through Samsung's counsel.  Nor did the Court

4    direct Apple to do so.  The Court's December Order directed Samsung to obtain *consent to*

5    *produce*.  Two months later, having failed in its mission, Samsung purported to put Apple in an

6    untenable position—one which would at best have been a huge distraction from Apple's efforts to

7    conclude discovery.

8          There is a simpler way.  Samsung's counsel in this action, Quinn Emanuel, also represents

9    Motorola and HTC in the pending overlapping cases.  Charles Verhoeven, lead counsel for

10   Samsung in this case, is lead counsel in all of them.  In effect, Samsung is asking Apple to collect

11   documents already sitting in one pile on Mr. Verhoeven's desk (the "HTC" pile, for example) and

12   "produce" them back to Mr. Verhoeven so he can put copies of them in a different pile on his

13   desk (the "Samsung" pile).  There is no reason why Mr. Verhoeven cannot more reliably and

14   efficiently do that himself.  Indeed, Apple understands that is exactly the system Quinn Emanuel

15   agreed to in the HTC case.  As Apple wrote in letter of February 29:

16               A more logical and efficient approach would be for Samsung's
                 counsel to implement the redactions itself. . . . Quinn Emanuel has
17               received instructions from HTC, Motorola and others regarding the
                 redactions they are requested to make. Quinn Emanuel is thus in the
18               best position to prepare redacted documents, consistent with the
                 instructions its clients have provided.
19
                 In fact, we understand that this exact process has been agreed to in
20               the *HTC* case.  In that case, Quinn Emanuel agreed to provide
                 Apple a list of documents that it intends to redact and produce.
21               Apple will review the list and, barring any objections, promptly
                 give written permission for the production of materials.
22

23   (Sabri Decl. Ex. 5.)  Had Samsung taken Apple up on this offer, it would have had the requested

24   materials already in hand by the time it filed its motion to compel on March 8.

25        III.    **Apple Should Not Be Required to Produced Litigation Documents (Other**
                  **Than Transcripts) from Other Cases Having a "Technological Nexus"**
26
          Samsung further asks the Court to compel Apple to produce "other materials" from
27
     proceedings that bear a technological nexus to this action.  Samsung defines "other materials" to
28

1   include deposition transcripts from witnesses other than Apple employees, affidavits and

2   declarations, expert reports, claim construction briefing, other pleadings, hearing transcripts, and

3   court rulings.  Samsung's request should be rejected because it is untimely and overbroad.

4   Samsung slips this broad request into two paragraphs of its motion on page 12.  It fails to explain

5   why it did not request production of these materials in connection with its December motion.  It

6   fails to explain why the first time Samsung *ever* mentioned production of "all documents" from

7   litigation involving an alleged "technological nexus" was in a footnote in a February 13, 2012

8   letter.  (Sabri Decl. Ex. 4.)

9          Once again, Samsung is attempting to engage in a fishing expedition for documents

10  having no relationship to the case at issue with no basis other than the mere surmise that relevant

11  statements might have been made.  Such discovery is not allowed under the Federal Rules of

12  Civil Procedure.  Fed. R. Civ. P. 26(b)(2)(C) (instructing the court to limit discovery if it

13  determines that, among other things, "the discovery sought is unreasonably cumulative or

14  duplicative" or "the burden or expense of the proposed discovery outweighs its likely benefit.");

15  *see also Inventio AG v. Thyssenkrupp Elevator Americas Corp.*, 662 F. Supp. 2d 375, 381

16  (D. Del. 2009) (noting that rule 26(b)(2)(C) imposes a balancing test).

17         Samsung waited until *the day before the close of discovery* to move to compel Apple to

18  produce this broad new category of documents.  Samsung's motion would have been improper

19  whenever it was brought, and it is certainly improper when brought at the very conclusion of

20  discovery.

21         **IV.    Samsung Already Has All Documents From the 796 ITC Investigation**

22         Finally, Samsung moves to compel Apple to "produce" transcripts and other materials

23  from the Investigation Regarding Certain Electronic Digital Media Devices (Apple v. Samsung),

24  337-TA-796 (ITC) ("the 796 ITC Investigation").  *Samsung already has those materials* because

25  it is a party to the Investigation.  There is nothing for Apple to "produce."

26         Of course, Samsung does not actually want Apple to "produce" the materials.  It wants

27  Apple to "redesignate" materials already produced in the ITC action.  The parties have agreed to

28  allow documents produced in the ITC action to be used in the Northern District of California

1    action, and vice versa, and have used documents accordingly.  (Sabri Decl. ¶ 15.)  The parties

2    have *not* agreed to cross-use of deposition transcripts.  (*Id.*)  In fact, when the parties filed

3    competing motions for entries of a Protective Order before this Court, *both parties'* Proposed

4    Protective Orders set out explicitly that deposition transcripts were not covered by the parties'

5    cross-use agreement.  (*See* Dkt. No. 607-2 at 33 (Samsung's Proposed Protective Order), Dkt. No.

6    599-7 at 31 (Apple's Proposed Protective Order) (both stating, "This cross-use provision also

7    does not apply to other forms of discovery, including, without limitation, deposition

8    transcripts[.]").)  As a result, the active Protective Order that the Court entered explicitly states

9    that the cross-use provision extends to documents, but not deposition transcripts.  (Dkt. No. 687 at

10   33.)  Similarly, the ITC Protective Order prohibits cross-use of transcripts.  Samsung's motion to

11   compel is a transparent attempt to circumvent this intentional distinction between cross-use of

12   documents and cross-use of transcripts.

13        The distinction is *critical* to keeping the parties honest with respect to discovery limits.

14   (Sabri Decl ¶ 15.)  The Northern District of California action has a 250 hour limit on depositions.

15   (*Id.*)  The ITC Investigation has *none*.  (*Id.*)  In the ITC, there are *no* limits on the number of

16   depositions and *no* limits on the length of time depositions can run.  (*Id.*)  If the parties were

17   allowed freely to use ITC deposition transcripts in the Northern District of California action, the

18   250 hour limit on deposition time would become virtually a dead letter.  The parties could easily

19   have circumvented limits by taking depositions in the ITC Investigation and "cross-using" those

20   depositions here in the Northern District of California.

21        If Samsung wishes to bring a motion to amend the Protective Order, whether before this

22   Court or the ITC, processes exist for doing so.  There is no basis for its present "motion to compel

23   production," however.  Samsung already has the documents it seeks.

24                                  **CONCLUSION**

25        Samsung's motion should be denied.

26

27

28

1    Dated: March 21, 2012            MORRISON & FOERSTER LLP

2

3                                By:    */s/ Michael A. Jacobs*

4                                    Michael A. Jacobs

5                                Attorneys for Plaintiff
                                    APPLE INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28