1   HAROLD J. MCELHINNY (CA SBN 66781)          WILLIAM F. LEE
    hmcelhinny@mofo.com                         william.lee@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)           WILMER CUTLER PICKERING
    mjacobs@mofo.com                            HALE AND DORR LLP
3   JENNIFER LEE TAYLOR (CA SBN 161368)         60 State Street
    jtaylor@mofo.com                            Boston, MA 02109
4   ALISON M. TUCHER (CA SBN 171363)            Telephone: (617) 526-6000
    atucher@mofo.com                            Facsimile: (617) 526-5000
5   RICHARD S.J. HUNG (CA SBN 197425)
    rhung@mofo.com
6   JASON R. BARTLETT (CA SBN 214530)           MARK D. SELWYN (SBN 244180)
    jasonbartlett@mofo.com                      mark.selwyn@wilmerhale.com
7   MORRISON & FOERSTER LLP                     WILMER CUTLER PICKERING
    425 Market Street                           HALE AND DORR LLP
8   San Francisco, California  94105-2482       950 Page Mill Road
    Telephone:  (415) 268-7000                  Palo Alto, California 94304
9   Facsimile:  (415) 268-7522                  Telephone: (650) 858-6000
                                                Facsimile: (650) 858-6100
10

11  Attorneys for Plaintiff and
    Counterclaim-Defendant APPLE INC.
12

13

14                      UNITED STATES DISTRICT COURT

15                     NORTHERN DISTRICT OF CALIFORNIA

16                             SAN JOSE DIVISION

17  APPLE INC.,                              Case No.     11-cv-01846-LHK

18                     Plaintiff,            **DECLARATION OF NATHAN
                                             SABRI IN SUPPORT OF APPLE'S
19          v.                               OPPOSITION TO SAMSUNG'S
                                             MOTION TO COMPEL
20  SAMSUNG ELECTRONICS CO., LTD., a         PRODUCTION OF MATERIALS
    Korean business entity; SAMSUNG          FROM RELATED PROCEEDINGS
21  ELECTRONICS AMERICA, INC., a New York    AND TO ENFORCE
    corporation; SAMSUNG                     DECEMBER 22, 2011 COURT
22  TELECOMMUNICATIONS AMERICA, LLC, a       ORDER**
    Delaware limited liability company,
23
                       Defendants.
24

25

26

27

28

I, NATHAN SABRI, declare as follows:

1.      I am an attorney with the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple").  I am licensed to practice law in the State of California.  I have personal knowledge of the matters stated herein or understand them to be true from members of my litigation team.  I make this declaration in support of Apple's Opposition to Samsung's Motion to Compel Production of Materials from Related Proceedings and to Enforce December 22, 2011 Court Order ("Samsung's Motion").

2.      On November 3, 2011, Samsung sent a letter to Apple asserting that Samsung was entitled to prior testimony by witnesses employed by Apple in order to assess the credibility of the witnesses in this action.  Samsung supported this proposition by citing a case that addressed production of prior deposition transcript from a case with a "technological nexus" to the case at issue.  A true and correct copy of this November 3 letter is attached hereto as **Exhibit 1**.  Minor irrelevant information regarding licenses has been redacted to avoid an unnecessary motion to file under seal.

3.      On November 29, 2011, Apple sent a letter to Samsung proposing a definition for "technological nexus" with specific examples for clarity.  A true and correct copy of this November 29 letter is attached hereto as **Exhibit 2**.

4.      On December 6, 2011 Apple sent a letter to Samsung summarizing issues discussed at a November 30 meet-and-confer session.  A true and correct copy of this December 6 letter is attached hereto as **Exhibit 3**.

5.      On February 13, 2012, Samsung provided Apple with a list of proceedings that it asserted had a "technological nexus" with the present lawsuit.  Attached hereto as **Exhibit 4** is a true and correct copy of the February 13 letter containing this list.

6.      On February 29, 2012, Apple responded expressing appreciation that Samsung provided a list of cases but noting that Samsung had not actually made an attempt to limit its cases to those with a technological nexus.  For example, Samsung's list included a case involving one patent covering a vehicle audio system and another case involving image decoding,

processing, and compression patents.  Attached hereto as **Exhibit 5** is a true and correct copy of this response letter.

7.      On March 3, 2012, Samsung provided a revised list of actions that it asserted had a technological nexus with the present lawsuit.  Attached hereto as **Exhibit 6** is a true and correct copy of the March 3 letter containing this list.  Samsung's list included eight cases involving Apple and third parties and the *Apple v. Samsung* dispute currently pending before the ITC.

8.      It is my understanding that Apple does not store deposition transcripts by matter. It stores deposition transcripts by employee.  Accordingly, Apple cannot review a particular matter to determine all transcripts associated with that matter; it must proceed employee-by-employee and determine what transcripts, if any, it has in its possession for each.

9.      Apple searched for prior deposition transcripts that had not already been produced for Apple employees who are witnesses in the present matter, with the exception of individuals who testified in the present case that they have never been deposed before, from Samsung's list of eight cases between Apple and third parties.

10.     With two exceptions, discussed in more detail below, the only transcripts Apple identified that had not already been produced were from depositions that occurred *after* January 15.  Specifically, Apple identified and produced transcripts from the following post-January 15 depositions:  1) February 22, 2012 deposition of Brian Huppi in ITC Investigation No. 337-TA-797 (APLNDC-Y0000231263); 2) February 28, 2012 deposition of Freddy Anzures in *Apple v. Motorola* (N.D. Ill.) (APLNDC-Y0000231227); 3) February 27, 2012 deposition of Stan Ng in *Apple v. Motorola* (N.D. Ill.) (APLNDC-Y0000231356); and 4) January 24, 2012 deposition of Steve Hotelling in ITC Investigation No. 337-TA-797 (APL-ITC796-X0000003155).

11.     Apple had inadvertently not previously identified or produced a transcript from the November 10, 2010 deposition of Eric Jue in ITC Investigation No. 337-TA-714.  Apple promptly produced this transcript after receiving Samsung's final list of "related proceedings" sent on March 3.  (APLNDC-Y0000231187.)

1    12.    Apple has not produced transcripts from prior depositions of Apple 30(b)(6)

2    representative Mark Buckley.  Mr. Buckley testifies for Apple solely on financial issues.  His

3    testimony therefore has no technological nexus to this lawsuit.

4    13.    Attached hereto as **Exhibit 7** is a February 10 letter from Jason Bartlett to Diane

5    Hutnyan.

6    14.    Attached hereto as **Exhibit 8** is a February 19 letter from Diane Hutnyan to Jason

7    Bartlett.

8    15.    I understand from my team that the parties have agreed to allow documents

9    produced in the ITC action to be used in the Northern District of California action, and vice versa,

10   and have used documents accordingly.  The parties have *not* agreed to cross-use of deposition

11   transcripts.  This is critical to keep the limits on deposition time in the Northern District of

12   California action meaningful.  The Northern District of California action has a 250 hour limit on

13   depositions.  The ITC Investigation has none—there are no limits on the number of depositions,

14   and no limits on the length of time depositions can run.

15   I declare under penalty of perjury that the foregoing is true and correct.  Executed this 21st

16   day of March, 2012 at San Francisco, California.

17

18                                      */s/ Nathan Sabri*
                                        Nathan Sabri
19

20

21

22

23

24

25

26

27

28

1

**ATTESTATION OF E-FILED SIGNATURE**

2          I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this

3   Declaration.  In compliance with General Order 45, X.B., I hereby attest that Nathan Sabri has

4   concurred in this filing.

5   Dated:  March 21, 2012                              /s/ Michael A. Jacobs
                                                        Michael A. Jacobs
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28