# Exhibit 3

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

December 6, 2011

Writer's Direct Contact
415.268.6615
JasonBartlett@mofo.com

*By Email* (rachelkassabian@quinnemanuel.com)

Rachel Herrick Kassabian
Quinn Emanuel
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065

Re:   *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)

Dear Rachel:

I write to summarize the discussion of Samsung's issues in our meet-and-confer call on Wednesday, November 30, 2011. Mia Mazza's summary of the discussion of Apple's issues has been provided in a previous letter.

**Date Restrictions**

*Lower date restrictions*

During the call, you expressed dissatisfaction with Apple's selection of June 2003 as a lower date cutoff for design patent inventors. Apple explained that this date was chosen as being comfortably in advance of the reduction to practice of the earliest asserted design patent, the D'889 patent. You stated that Apple has produced documents suggesting that the D'889 patent was reduced to practice as early as June 2003. You declined, however, to identify those documents. We asked you to propose an alternate lower date cutoff, but you declined to provide an alternate proposal. You asked for Apple to provide greater specificity as to an exact date of the reduction to practice of the D'889 patent, and we agreed to consider the request.

We confirmed that Apple did not apply any lower limits to utility patent inventors.

sf-3079305

MORRISON | FOERSTER

Rachel Herrick Kassabian
December 6, 2011
Page Two

*Upper date restrictions*

Apple agreed to use the patent issuance date as the upper date limit for utility patent inventors.

Apple explained that it was still considering Samsung's upper-date cutoff request with respect to design patent inventor documents.

**Search Terms**

During the call, you asked for a response to Samsung's letter, sent the night before the call, regarding Samsung's newly proposed search terms.  We explained that Apple had not yet had a chance to review and consider the letter, given the timing, but is generally amenable to proposals of additional search terms in both directions.  We noted that certain of Samsung's requested search terms — for example, "look" and "feel" — appear likely to give rise to an unreasonably large number of hits.  We stated that we will investigate the reasonableness of the requested new search terms, in part by running internal searches of relevant custodians' documents, and discuss Apple's position with Samsung after the results of that investigation.

**Judge Grewal's November 16, 2011 Order**

You sought to discuss issues raised in Samsung's letter, sent the evening before the meet-and-confer call, relating to photographs from the D'889 patent prosecution history.  As required by the Court, Apple has explained its search process and forwarded a stipulation setting out that the "photographs from the D'889 patent prosecution history produced by Apple are the highest quality that it has found."

With respect to Apple's search process, you suggested additional sources and search terms.  We stated that Apple would consider Samsung's proposals.

With respect to the produced photographs, you referenced a November 1, 2011 declaration of Erik Olson in opposition to Samsung's Motion to Compel.  The Olson Declaration had stated that the exhibit corresponding to photographs from the D'889 patent prosecution history consisted of color scans.  You asserted, based on that statement, that Apple was in possession of color copies of the photographs at issue.  During the November 30 call, however, Apple explained that the statement in the Olson declaration was intended to confirm that Apple had used a color scanning process to ensure that the scan it had produced to Samsung was of the highest quality.  The document that was color-scanned was a black-and-white document.  Apple has produced its best available copy of the photographs at issue, and is unaware of any color versions of the photographs at issue.

sf-3079305

**MORRISON | FOERSTER**

Rachel Herrick Kassabian
December 6, 2011
Page Three

**Other discovery related to D'889 and Apple Model 035**

Samsung has requested that Apple agree to de-designate photographs of Apple Model 035. Apple declines to de-designate any photos of the 035 model other than the photos that were made public by their submission to the patent office.

With respect to Doug Satzger's emails, we confirmed that Mr. Satzger's employment with Apple ended three years ago, and Apple no longer possesses any of his emails. Apple has now conducted two thorough searches for any emails of Mr. Satzger and has been unable to locate any.

**Prior Deposition Testimony**

We confirmed Apple's offer to produce prior deposition transcripts from inventors where the prior case exhibits a "technological nexus" with the present case, consistent with case law. You asserted that Apple had defined "technological nexus" to cover only patents-in-suit, but my November 29 letter defined the term as covering "prior cases involving the patents-in-suit *or* patents covering the same or similar technologies, features, or designs as the patents-in-suit." My letter had also provided examples for the sake of clarity.

You expressed dissatisfaction with Apple's definition of "technological nexus," so we asked you to propose an alternate definition. You declined to do so. Instead, you reiterated your request that Apple produce a list of all prior depositions of each inventor, including depositions that were irrelevant and for which transcripts would not be produced. We explained that this request for Apple's attorneys to create work product is more properly covered by an Interrogatory.

**Mac OS 10.0, Super Clock, Brain Box, Philips Receiver, Apple Cinema Display, Sony designs, other smartphone (Treo, Razr) designs**

We acknowledged Samsung's outstanding requests for information regarding these categories, which Samsung contends may involve prior art. We confirmed that Apple is in the process of diligently searching for the information.

**Alleged waiver of attorney-client privilege**

You reiterated Samsung's assertion that by making certain statements to the Court at a hearing regarding the conduct of Mr. Zeller, Apple waived *all attorney-client privilege* with respect to certain Apple witnesses. Apple has responded that Samsung's position is unreasonable and unsupportable, and Apple has nothing further to state on this topic.

sf-3079305

MORRISON | FOERSTER

Rachel Herrick Kassabian
December 6, 2011
Page Four

**Protective Order for Itay Sherman**

Apple provided December 5 through 7 as available dates for a lead trial counsel meet-and-confer.

Sincerely,

*/s/ Jason R. Bartlett*

Jason R. Bartlett

cc:    Samuel Maselli
       S. Calvin Walden
       Peter Kolovos

sf-3079305