# Exhibit 4

quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

February 13, 2012

Jason Bartlett
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

Re:     *Apple v. Samsung Elecs. Co. et al.*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Jason:

I write in response to your February 10, 2012 letter regarding the production of documents from related proceedings.

To begin with, Apple has been *compelled* to produce deposition transcripts from all cases that bear a technological nexus to this one.  Apple's failure to identify all such cases itself – especially since these are cases *Apple* is or was involved in – illustrates its lack of respect for its Rule 34 obligations and for the Court's Order ordering it to produce materials from these cases.

Further, since your letter confirming that our initial list was complete, we have located two additional cases that have a technological nexus with the issues in our case:  (1) *Motorola Mobility v. Apple, Inc.*, 10-cv-23580 (S.D. Fla.); and (2) Investigation Regarding Certain Electronic Devices With Image Processing Systems, Components Thereof, and Associated Software (*S3 Graphics Co., Ltd. v. Apple, Inc.*), 337-TA-724 (ITC).

Please find below a list of all the relevant actions we have identified thus far and the basis of their relevance to this proceeding.  Please identify any other proceedings that have a technological nexus with this one.  If we later learn of other proceedings that Apple should have identified, we reserve our right to seek sanctions against Apple for its discovery misconduct.

quinn emanuel urquhart & sullivan, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000  FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000  FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666  FAX +7 495 797 3667

- Investigation Regarding Certain Electronic Devices (*Nokia v. Apple*), 337-TA-701 (ITC): involves utility patents that cover similar technologies as the patents-in-suit

- Investigation of Certain Electronic Devices with Multi-Touch Enabled Touchpad and Touchscreens (*Elan Microelectronics Corp. v. Apple*), 337-TA-714 (ITC): involves a utility patent that covers a similar technology as the patents-in-suit

- Investigation In the Matter of Certain Wireless Communication Devices (*Motorola v. Apple*), 337-TA-745 (ITC): involves utility patents that cover similar technologies as the patents-in-suit

- Investigation of Certain Mobile Devices And Related Software (*Apple v. Motorola*), 337-TA-750 (ITC): involves the '828 and '607 patents

- Investigation Regarding Certain Electronic Devices (*Samsung v. Apple*), 337-TA 794 (ITC): involves utility patents that cover similar technologies as the patents-in-suit

- Investigation Regarding Certain Electronic Digital Media Devices (*Samsung v. Apple*), 337-TA-796 (ITC): involves the '949 patent, as well as other utility and design patents that cover similar technologies and features as the patents-in-suit

- Investigation Regarding Certain Portable Electronic Devices (*Apple v. High Tech Computer Corp.*), 337-TA-797 (ITC): involves the '915, '129, and '381 patents

- *Nokia v. Apple*, 09-cv-00791 (D. Del.): involves the '381 patent

- *Elan Microelectronics Corp. v. Apple, Inc.*, 09-cv-01531 (N.D. Cal.): involves utility patents that cover similar technologies as the patents-in-suit

- *Apple v. High Tech Computer Corp.*, 10-cv-00167 (D. Del.): involves the '381 patent

- *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00661 (W.D. Wis.): involves the '828 and '607 patents

- *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.): involves the '002 patent

- *Smart Audio Technologies, LLC v. Apple, Inc.*, 1:12-cv-00134 (D. Del.): involves a utility patent that covers similar technologies as the patents-in-suit

- *Motorola Mobility v. Apple, Inc.*, 10-cv-23580 (S.D. Fla): involves utility patents that cover similar technologies as the patents-in-suit

- Investigation Regarding Certain Electronic Devices With Image Processing Systems, Components Thereof, and Associated Software (*S3 Graphics Co., Ltd. v.*

>*Apple, Inc.*), 337-TA-724 (ITC): involves utility patents that cover similar technologies as the patents-in-suit

Second, your accusations about Samsung's supposed failure to obtain third-party approvals are misplaced, since it was only last Monday that Apple revealed there was CBI from HTC, Nokia and Atmel at issue.  And even in the days since I have identified Apple's own cases for it, I have yet to receive from Apple a list of any other CBI that might be implicated so that we can even begin the approval process.

Finally, it is becoming clear that Apple is concealing more than the relevant cases and identification of the CBI at issue.  We have learned from Alan Heinrich that Atmel already gave Apple permission to produce all Atmel CBI to Samsung in this litigation.  Please immediately produce all documents that you are currently withholding on the grounds that they contain Atmel CBI and confirm when you have done so.

If we do not receive, by tomorrow morning, in writing, a satisfactory response, including (1) identification of all cases with a technological nexus to the issues in this case; (2) identification of all third-party CBI that is at issue; (3) unequivocal reassurance that Apple's only objection to production of the relevant materials from these cases is CBI approval, and (4) unequivocal reassurance that all the requested materials[1] will be produced immediately upon clearance to produce any CBI material therein, we will place this on the lead counsel meet and confer agenda for resolution.

Kind regards,

*/s/*

Diane C. Hutnyan

---

[1] That is, all documents from these actions responsive to RFP No. 98 (All documents and communications concerning the patentability, novelty, scope, infringement, validity, invalidity, enforceability or unenforceability of any claim in any of the APPLE IP) and/or RFP No. 75 (All DOCUMENTS relating to any lawsuit, administrative proceeding, or other proceeding involving any of the APPLE ACCUSED PRODUCTS, APPLE IP, or patents related to the APPLE PATENTS-IN-SUIT, including, without limitation, any pleading, paper, motion, affidavit, declaration, report, decision, or order, for cases to include, without limitation, C11-80169 MISC JF (HRL) (N.D. Cal.), 337- TA-794 (ITC), 1:2010cv23580 (S.D. Fla.), 1:2010cv06385 (N.D. Ill.), 1:2010cv06381 (N.D. Ill.), 337-TA-745 (ITC), 1:2010cv00166 (D. Del.), 1:2010cv00167 (D. Del.), 337-TA-724 (ITC), 3:2010cv00249 (W.D. Wisc.), and 337-TA-701 (ITC).).

3