| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| JENNIFER LEE TAYLOR (CA SBN 161368) | 60 State Street |
| jtaylor@mofo.com | Boston, MA 02109 |
| ALISON M. TUCHER (CA SBN 171363) | Telephone: (617) 526-6000 |
| atucher@mofo.com | Facsimile: (617) 526-5000 |
| RICHARD S.J. HUNG (CA SBN 197425) | |
| rhung@mofo.com | |
| JASON R. BARTLETT (CA SBN 214530) | MARK D. SELWYN (SBN 244180) |
| jasonbartlett@mofo.com | mark.selwyn@wilmerhale.com |
| MORRISON & FOERSTER LLP | WILMER CUTLER PICKERING |
| 425 Market Street | HALE AND DORR LLP |
| San Francisco, California 94105-2482 | 950 Page Mill Road |
| Telephone: (415) 268-7000 | Palo Alto, California 94304 |
| Facsimile: (415) 268-7522 | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.   11-cv-01846-LHK (PSG) |
| Plaintiff, | **APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELATING TO APPLE'S EFFORTS TO OBTAIN DESIGN PATENTS RELATED TO THE PATENTS-IN-SUIT** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA LLC, a Delaware limited liability company, | |
| | Date:  April 10, 2012 |
| | Time:  3:00 p.m. |
| | Courtroom: 5, 4th Floor |
| Defendants. | Honorable Paul S. Grewal |

1   Samsung's motion to compel formally requests "all documents relating to any efforts by
2   Apple to obtain design patents relating to the inventions of the patents-in-suit, including any
3   related to products Apple claims embody the patents-in-suit, including the iPad2." (Mot. at 9.)
4   The body of the motion itself reveals what Samsung is really after, however: *unpublished* design
5   patent applications relating to the patents-in-suit (*e.g.,* applications in family trees of the asserted
6   patents), the iPad 2, and other products embodying the patents-in-suit.

7   Samsung's motion should be denied. First, Samsung's requests for production do not
8   cover patent applications relating to products embodying the patents-in-suit. Second, Samsung's
9   sole justification for its request is the vague and unsupported hope that Apple's pending
10  applications have admissions Samsung can use against Apple. This hope is insufficient to meet
11  the "heightened relevancy" standard that applies when a competitor seeks production of
12  unpublished patent applications. Samsung's motion should be denied.

13  **I.   SAMSUNG DID NOT REQUEST APPLE'S PATENT APPLICATIONS RELATING TO PRODUCTS OTHER THAN IPAD 2.**
14

15  Apple has already produced thousands of patents and published applications for patents in
16  the family trees of the patents-in-suit, foreign counterpart patents, and cited prior art, despite the
17  significant burden of production and the fact that this material was publicly available.
18  (Declaration of Jason R. Bartlett in Support of Apple's Opposition ("Bartlett Decl.") ¶ 2.)
19  Samsung did not timely request production of patent applications relating to Apple *products* other
20  than iPad 2. The discovery requests at issue are Samsung RFPs 81, 82, 97, 98, and 362. These
21  request:

22  • Patents and applications related to Apple patents-in-suit (RFPs 81 and 82);
23  • Documents concerning patentability and enforceability (RFP 97);
24  • Documents that may disclose prior art to Apple patents-in-suit (RFP 98); and
25  • Documents relating to attempts to obtain a design patent registration for the iPad 2
26      (RFP 362).

27  Samsung served Requests 81-98 in August 2011. Request 362 was served at the end of
28  December. Requests 81, 82, 97 and 98 do not add up to a broad request for all Apple patents and

1  patent applications, published or unpublished, relating to iPhone, iPad and iPod touch.  Nor could
2  Samsung have reasonably made such a request.  As construed by Samsung, its requests would
3  require Apple to analyze every patent in its portfolio to determine which are embodied by iPhone,
4  iPad and iPod touch and which are not.  Even if Apple could timely complete such a burdensome
5  analysis, the result would be an absurdly overbroad production covering patents having nothing to
6  do with the issues in dispute.

7        None of the cases Samsung cites supports its broad interpretation of its requests, and none
8  supports the broad production that Samsung demands.  *Caliper Technologies Corp. v. Molecular*
9  *Devices Corp.*, 213 F.R.D. 555, 561 (N.D. Cal. 2003) deals with a very specific request for
10 production:  patents and applications relating to "inventions involving any fluorescence
11 polarization assay method, system or apparatus."  *Tristrata Technology, Inc. v. Neoteric*
12 *Cosmetics, Inc.*, 35 F. Supp. 2d 370, 371 (D. Del. 1998) also deals with a highly specific request
13 for production:  "all abandoned or pending domestic and foreign applications claiming the
14 priority to United States Patent Application Serial No. 06/946,680 filed December 23, 1986."
15 *Zest IP Holdings, LLC v. Implant Direct MFG., LLC*, No. 10-0541-LAB (WVG), 2011 U.S. Dist.
16 LEXIS 130941 (S.D. Cal. Nov. 14, 2011) does not involve a request for production at all (it arose
17 out of a discussion at a discovery conference) and addresses only the potential production of *two*
18 specific patent applications.  Here Samsung in essence demands production of "all patent
19 applications that relate to products that relate to the patents-in-suit."  Such a request is
20 unprecedented.

21     **II.**    **SAMSUNG HAS NOT MADE THE "HEIGHTENED RELEVANCY" SHOWING REQUIRED TO VITIATE STATORY PROTECTIONS**
22           **AGAINST DISCLOSURE OF UNPUBLISHED PATENT APPLICATIONS.**

23       Samsung's Requests 81 and 82 call for "applications to the [APPLE IP or APPLE
24 PATENTS-IN-SUIT] or patents related to the APPLE PATENTS-IN-SUIT" and Samsung's
25 Request 362 calls for documents relating to "attempts to obtain a design patent registration" for
26 the iPad 2.  Through these requests, Samsung seeks to penetrate the veil of secrecy that the Patent
27 Act affords pending patent applications.  Samsung contends that "there is no valid distinction for
28 relevance purposes between published and unpublished applications."  (Mot. at 5.)  On the

contrary, it is "well established that materials relating to a pending patent application are confidential, and therefore enjoy a degree of protection against disclosure." *ICU Medical, Inc. v. B. Braun Med., Inc.*, 224 F.R.D. 461, 462 (N.D. Cal. 2002). This is based in part on a Congressional directive that the PTO must keep patent applications confidential unless disclosure is permitted by the applicant. 35 U.S.C. § 122.

"[C]ourts have **uniformly recognized that a heightened relevancy standard must be applied**" to discovery of pending patent applications and related materials. *ICU Medical*, 224 F.R.D. at 462 (emphasis added). The concern is particularly acute in the case of design patent applications which, unlike utility patents, *never* publish before issuance. 35 U.S.C. § 122 (b)(2)(A)(iv) (excepting design patent applications from publication). To meet this standard, Samsung must demonstrate that its need to examine the unpublished applications outweighs Apple's interest in preserving secrecy. *Microsoft Corp. v. Multi-Tech Systems, Inc.*, No. 00-1412 (ADM/RLE), 2001 U.S. Dist. LEXIS 23155 (D. Minn. Dec. 14, 2001) (denying motion to compel production of pending patent applications); *Vibrosaun USA, Inc. v. Saunamassage Int'l, Inc.*, No. 87-0656-CV-W-6, 1988 U.S. Dist. LEXIS 10574, at *8-9 (W.D. Mo. Sept. 19, 1988) (denying motion because "the party seeking disclosure must make a convincing showing of necessity before being permitted access to the requested patent application files"); *Ideal Toy Corp. v. Tyco Indus.*, 478 F. Supp. 1191, 1194-95 (D. Del. 1979) (denying motion to compel because "Tyco has not made a convincing showing of the necessity that it obtain the requested patent application files").

Citing the wrong legal standard, Samsung does not even attempt to show "heightened relevancy" or any real *need* for the unpublished applications at issue. Instead, Samsung argues without factual or legal support that (1) unpublished patent applications may show that Apple's certifications that the designs are "new" and "original" may be false;[1] and (2) the documents may

---

[1] Moreover, design patent applicants do not even make any such certification. The only paper that is provided is a declaration signed by the inventor or inventors, which merely states, "I believe I am the original and first inventor of the subject matter which is claimed." (Bartlett Decl. Ex. 1.) No one "certifies" the application.

1  "contain admissions by Apple regarding what distinguishes the patent from prior art." (Mot. at 6.)
2  Samsung's arguments are insufficient to justify disclosure.

3  Samsung's bald proclamation of relevance and its vague and generalized statements
4  regarding possible "admissions" cannot tip the scales in favor of disclosure. Courts that have
5  considered arguments identical to Samsung's have denied motions to compel. *See, e.g.,*
6  *Microsoft Corp.*, 2001 U.S. Dist. LEXIS 23155, at *21. The *Microsoft* court held that the mere
7  presence of possible admissions was a "meager showing" of relevance, and that if this were
8  sufficient, "the balancing test would be unavailing, as pending and abandoned applications for
9  related patents would always be relevant for, as a theoretical proposition, *they could always*
10 *contain admissions*." *Id.* at *21 (emphasis added). As an example of a "specific showing of
11 relevance," the court stated that a party could cite instances in which "previous [published] patent
12 applications have contained significant admissions." *Id.* Samsung has made no such showing
13 here.

14  An even higher showing of relevancy is required when the parties are competitors: "The
15 fact that the parties are competitors is a matter that weighs strongly against disclosure." *ICU*
16 *Medical*, 224 F.R.D. at 462; *see also Microsoft Corp.*, 2001 U.S. Dist. LEXIS 23155, at *19
17 (denying motion to compel pending patent applications, noting "direct competition in the relevant
18 marketplace by the parties weighs on secrecy's side"). There is no dispute here that Apple and
19 Samsung are direct competitors. Apple and Samsung are competing in at least the smartphone
20 and tablet computer markets.

21  There is a significant risk of competitive harm to Apple if Samsung's counsel is given
22 access to Apple's unpublished iPad 2 design patent applications. Apple has explained its concern
23 that litigation counsel is advising Samsung in connection with efforts to design-around Apple's
24 patents-in-suit. In response, Samsung's motion recites the protective order while at the same time
25 suggesting that using protected information to assist with design-around efforts is proper, and
26 perhaps should be encouraged. What Samsung does *not* do in its motion is actually deny that its
27 litigation counsel has, just as Apple feared, assisted Samsung in its design-around efforts.
28

APPLE'S OPP. TO SAMSUNG'S MTC PRODUCTION OF DOCUMENTS RELATING TO DESIGN PATENTS     4
CASE NO. 11-cv-01846-LHK (PSG)
sf-3121697

Giving Samsung an advanced look at Apple's unpublished patent applications would give Samsung a substantial competitive edge. Samsung has no information about what aspects of Apple's designs, if any, Apple is currently attempting to patent. If Samsung gained access to that information, it could fine-tune its product development efforts to avoid Apple's future patents. Apple would be at a disadvantage because it does not have reciprocal information about Samsung's unpublished applications. In a business where time-to-market is critical—Samsung's counsel once quipped that the products have the shelf-life of "cabbage" (Bartlett Decl. Ex. 2 at 32:13.)—the importance of that lead time cannot be understated. The cases cited above establish that Samsung's mere hope that Apple might have said something contradictory in its unpublished patent applications is not enough to justify such a risk of competitive harm to Apple.

### III. CONCLUSION

For the foregoing reasons, Apple respectfully requests the Court to deny Samsung's Motion to Compel in its entirety.

Dated: March 21, 2012          MORRISON & FOERSTER LLP


By:  */s/ Michael A. Jacobs*
     Michael A. Jacobs

     Attorneys for Plaintiff
     APPLE INC.