QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S RULE 37(B)(2) MOTION BASED ON SAMSUNG'S ALLEGED VIOLATION OF THE COURT'S DECEMBER 22, 2011 ORDER REGARDING SOURCE CODE**<br><br>Date:   April 24, 2012<br>Time:   10:00 a.m.<br>Place:  Courtroom 5, 4th Floor<br>Judge:  Hon. Paul S. Grewal |

## PRELIMINARY STATEMENT

Apple's motion for sanctions misinterprets one order and ignores another, and should be denied.   Apple asserts that Samsung should be sanctioned under the Court's December 22, 2011 Order for producing "just one version" of the source code for each accused product.   The Court's December 22 Order, however, does not mandate the production of every version of every accused product and functionality.   Instead, the Court ordered that Samsung produce the source code showing the operation of the allegedly infringing product features, and *denied* Apple's request for the information relating to the different versions.   It was not until the Court's January 27, 2012, Order that any other versions of the source code were discussed by the Court, and even that January 27 Order gave Samsung the option of negotiating a stipulation instead of producing all versions of the source code implemented in the accused products since release.

Under either Order, Samsung has complied with its source code production obligations. Samsung first complied with the Court's December 22 Order to produce the version of the source code that reflects the operation of each of the accused products; Apple admits this in its motion. Then, when the Court later ordered on January 27, 2012, upon Apple's later motion, that Samsung either (1) produce information regarding the *versions* of Samsung's products or (2) negotiate a stipulation regarding those versions, Samsung did *both*.   Samsung produced comprehensive reports regarding the different versions and changes to the source code for the accused products. Samsung also worked with Apple to try to reach an agreement regarding a stipulation that would streamline the parties' expert reports and the issues at trial—but Apple has refused to sign the stipulation unless Samsung agrees to include an admission that it violated a court order, which is simply untrue.   Thus, it has only been Apple's unreasonable demands and refusal to meet and confer that have prevented the parties from reaching an agreement on that stipulation.   Apple's motion is meritless and should be denied.

## BACKGROUND

### A.     Apple Files Motion To Compel On December 8, 2011 Despite Samsung's Source Code Productions And Agreement To Produce Additional Source Code

Since October 2011, Samsung has offered to make available for inspection source code

1    relating to Apple's infringement contentions and Samsung's invalidity contentions pursuant to

2    Patent Local Rule 3-4.   (Dkt. No. 501 (Jenkins Declaration filed under seal), ¶ 12; Declaration of

3    Todd Briggs in Support of Samsung's Opposition to Apple's Rule 37(b)(2) Motion Based on

4    Samsung's Alleged Violation of the Court's December 22, 2011 Order Regarding Source code

5    ("Briggs Decl."), ¶ 2.)   Samsung also made other source code available on various dates including

6    on November 15, 17, and 21 and December 2, 6 and 14.   (*Id.*)   On December 14, Samsung re-

7    iterated its offer to make available for inspection source code relating to the accused products in

8    connection with Patent Local Rule 3-4(a).   (*Id.*)   Despite Samsung's agreement to produce

9    additional source code relating to the accused products by December 31, 2011, Apple moved to

10   compel.   (*See* Dkt. No. 467.)

11   **B.**      **Samsung's Compliance With The Court's December 22, 2011 Order Relating To**

12               **The Production Of Source Code**

13   On December 8, 2011, Apple moved to compel the production of various categories of

14   documents, including source code and technical documents.   (Dkt. No. 467.)   In that motion,

15   Apple emphasized that the source code was covered by local patent rules and thus Apple "urgently

16   needed" it to prove its infringement allegations.   (*Id.* at 7.)   Indeed, Apple's motion focused on

17   the "source code . . . sufficient to show the operation of any aspects or elements of an Accused

18   Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart."   (*Id.* at 5 (quoting

19   Local Patent Rule 3-4(a).)   Apple's proposed order thus asked for the "source code and necessary

20   configuration files in any Samsung product at issue" that related to the accused features.   (Dkt.

21   No. 467-21.)   The Court's December 22 Order compelled Samsung to produce "[s]ource code and

22   technical documents showing the operation of the allegedly infringing product features" as

23   "requested by Apple's motion. . . no later than December 31, 2011."   (Dkt. No. 537 at 2-3.)

24   Apple's motion further cited Apple's demands for documents "sufficient to show" the

25   versions of the source code that included the accused functionalities; however, the Court *denied*

26   those requests since the parties had not yet met and conferred as to the scope of those additional

27   document requests.   (*See* Dkt. No. 537 at 3.)

28   Samsung complied with the Court's December 22 Order.   By December 31, Samsung made

SAMSUNG'S OPPOSITION TO APPLE'S RULE 37(B)(2) MOTION REGARDING SOURCE CODE

available for inspection to Apple roughly 50 million pages of source code, consisting of the full source code for each of the products at issue, including the source code for the accused functionalities.[1]  (Briggs Decl., ¶ 3.)  This set of source code included the release-version of the accused products—the version that is most relevant to Apple's claims, which allege infringement and damages by the accused products as of the date of release.   (Briggs Decl., ¶ 5.)

### C.   Samsung's Compliance With The Court's January 27, 2012 Order

On January 11, 2012, Apple again moved to compel further production of source code, seeking source code for all of the *versions* for the products at issue.   In its motion, Apple focused on the fact that Samsung had allegedly only produced a single version of software for each accused device, which "does not and cannot show the evolution of the accused functionalities in Samsung's products over time."   (Dkt. No. 613 at 7.)   Apple also asked for "documents sufficient to show how updates . . . on  the accused devices affected the accused functionalities."   Apple, however, did not seek sanctions for any violation of the Court's December 22 Order, nor did Apple argue that Samsung had not complied with the December 22 Order.   Rather, Apple moved to compel the types of source code versions history and information that had been *denied* in the Court's December 22 Order for Apple's failure to meet and confer.   In its opposition, Samsung explained that in addition to the extreme burden of producing all versions, updates and/or changes made to the source code for the accused products, the later versions are irrelevant to Apple's claims.[2]

On January 27, the Court issued its Order with regard to the production of source code, compelling Samsung to either produce the different versions, updates and changes to the source code for the accused functionalities or features by February 3, or to enter into a stipulation with the Apple:  "Alternatively, in order to reduce Samsung's burden in producing the additional material – in particular that relating to histories, updates, and changes made to functionalities or features –

---

[1]    Surprisingly, despite the purported urgency of Apple's request, Apple did not inspect the source code when it was produced; instead, counsel for Apple said that they were not prepared to do so and waited to review the code at a later date.  (Hr. Tr. 1/19 at 161:16-20. Dkt. No. 657a); (Briggs Decl., ¶ 4.)

[2]    Apple alleged that Samsung's products infringed from the date of release.  Samsung produced the source code for all accused products as of the date of release.  Samsung also produced the code relating to its implementation of design-around technology on January 23 and March 10 and 12—well before the deadline for Apple's expert reports. (Briggs Decl., ¶ 2.)

1   Samsung can negotiate a stipulation that its production adequately represents the functionality of

2   the entire set of accused products."  (Dkt. No. 673 at 12.)   The Court's Order also stated in a

3   footnote that "[i]f a dispute regarding such a stipulation arises with respect to the 'proxy'

4   production selected by Samsung, the parties may seek relief or guidance from the undersigned."

5   (Dkt. No. 673 at 12, n. 25.)

6        Samsung engaged in a thorough, product-by-product investigation to confirm whether or

7   not source code changes were related to the accused functionalities, and by February 3, 2012,

8   Samsung produced, among other documents, the results of that search, including comprehensive

9   spreadsheet reports of the history of any changes or versions made to the source code for the

10  accused products.   Samsung specifically identified those change logs by Bates number in

11  correspondence to Apple.   (*See* Dkt. No. 796-1, at 2 ("Samsung has already produced change logs

12  for each accused device identifying changes to the source code on the various accused devices, at

13  SAMNDCA00324067 and SAMNDCA00324068").)

14      **D.      Samsung's Good Faith Efforts To Meet And Confer Regarding A Proposed**

15              **Stipulation**

16       Shortly after the Court issued its January 27 Order, Samsung began meeting and conferring

17  with Apple regarding a stipulation identifying the source code that the parties could use as

18  representative of the accused products in order to streamline issues relating to the infringement

19  analysis.  (Briggs Decl., ¶ 6.)   Due to the complicated issues with regard to the types of source

20  code, the accused features, relevant changes made to the source code, and necessary delay in the

21  exchange of draft stipulations between the parties, the meet and confer process continued

22  throughout February and early March.   (*Id.*)

23       On March 9, without warning to Samsung, Apple filed its Motion for Sanctions.   At that

24  time, the parties were still actively negotiating the stipulation, and following Apple's Motion,

25  when counsel for Samsung contacted counsel for Apple regarding the stipulation, Apple expressed

26  no further interest in reaching an agreement with regard to the source code that might resolve the

27  motion.   (Briggs Decl. ¶¶ 7-8; Ex. 1.)   Instead, Apple suggested the parties add a provision to the

28  stipulation that Samsung admits it violated the Court's December 22, 2011 Order (*Id.*, ¶ 8; Ex. 2),

1  effectively halting any good faith discussion of a stipulation between the parties.   A copy of

2  Samsung's proposal for such stipulation is attached as Exhibit A.

### ARGUMENT

**I.     SAMSUNG DID NOT VIOLATE THE COURT'S DECEMBER 22 ORDER**

In order for Rule 37 sanctions to apply, a party must violate a court order.   Fed. R. Civ. P.
37(b)(2)(A) ("If a party. . . *fails to obey an order* to provide or permit discovery. . . the court
where the action is pending may issue further just orders." (emphasis added.))   If a party has not
violated an order, Rule 37 sanctions do not apply.

No order was violated here.   On December 22, the Court ordered Samsung to produce
source code "showing the operation of the allegedly infringing product features" as "requested by
Apple's motion."  (Dkt. No. 537 at 2.)  Samsung did just that.  Apple alleged infringement of
each of the products at issue as of the date of release, and Apple's Motion to Compel sought
source code that would show "the operation of one or more of the allegedly infringing features"
for all of the products at issue (Dkt. No. 467 at 7); thus, Samsung produced the source code for
each of the products at issue as released.

In its Motion for Sanctions, Apple conveniently leaves out any mention of its later motion,
filed on January 11, 2012, to compel all versions of that source code.[3]   It was Apple's January 11
Motion to Compel—and not the earlier motion to compel or the Court's December 22, 2011
Order—that focused on all versions of the source code and the "evolution" of the development of
the accused functionalities for the accused products.  (Dkt. No. 613 at 6.)  Moreover, it was the
Court's January 27, 2012 Order – not the Court's December 22, 2011 Order – that addressed the
production of source code versions (Dkt. No. 673 at 12); indeed, the Court recognized the burden
of such a production and suggested that Samsung negotiate a stipulation as an alternative or
"proxy" for such a burdensome source code production.   (*Id*. at n. 25.)

Samsung therefore has fully complied with the December 22 Order.   Indeed, Apple's
January 11, 2012 Motion to Compel, and the Court's January 27, 2012, prove that there has been
no violation of the Court's December 22, 2011 Order with respect to the production of source

---

28  [3]     That later motion made no mention of Apple's belief that Samsung's source code
production violated the Court's December 22, 2011 Order.   (See Dkt. No. 613-1 at 6-8.)

code.   Samsung also has fully complied with the January 27 Order.   Samsung produced on February 3, 2012, the change or version history reports that log the changes made to the source code for the accused products.   Moreover, Samsung has been trying to negotiate a stipulation that its production adequately represents the functionality of the entire set of accused products, which would serve as the "proxy" for the production.   To the extent Apple is dissatisfied with Samsung's production with regard to either Order, Apple is fully aware that Samsung has proposed language for a stipulation that would moot this issue in its entirety.   Instead of negotiating such stipulation in good faith, Apple has demanded that Samsung stipulate that it has allegedly violated the Court's Order or that Samsung agree to the preclusion of evidence (Briggs Decl., Ex. 2)—although neither term is required by the Court, and neither is correct or warranted. By requiring such impossible terms, Apple has effectively halted the ability of the parties to reach any agreement on a stipulation.   Therefore, pursuant to the Court's January 27, 2012 Order, Samsung asks that the Court consider Samsung's proposed stipulation (Exhibit A) and consider such stipulation as fulfilling the January 27, 2012 Order.

## II.   NO SANCTIONS SHOULD BE AWARDED

Rule 37 sanctions "are appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.'"   *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002), *cert. denied*, 537 U.S. 1018, 123 S.Ct. 536, 154 L.Ed.2d 425 (2002) (citations omitted); *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir.2004); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994) (good or bad faith is a consideration in determining whether imposition of sanctions would be unjust).

In deciding whether to grant a motion for preclusive sanctions under Rule 37(b)(2) for noncompliance with discovery, the Court should consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Google Litig.*, 2011 U.S. Dist. LEXIS 151337 at *22 (N.D. Cal. July 8, 2011), *citing Valley Engineers, Inc. v. Electrical Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).   "Where a court order is violated, factors 1

1   and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5 prejudice and

2   availability of less drastic sanctions are decisive." *Id.*

3   **A.    Samsung Acted in Good Faith**

4      Even if the Court concludes that Samsung failed to comply in full with the Court's

5   December 22 Order—which is has not—an award of sanctions against Samsung would be unjust.

6   Samsung reasonably believed that it had fully complied with the Court's December 22 Order

7   when it produced over 800 gigabytes (or roughly 50 million pages of source code) for all of the

8   products at issue by December 31—and Apple did not dispute this compliance until it filed its

9   Motion for Sanctions on March 9, 2012.   Following the Court's January 27, 2012 order, Samsung

10  not only engaged in a substantial investigation to determine the change history for the source code

11  for each of the accused products (which Samsung produced) but Samsung also engaged in a good

12  faith effort to reach a stipulation with Apple.   In the midst of these negotiations, Apple filed its

13  Motion for Sanctions.   And more recently, Apple has conditioned the stipulation on unreasonable

14  terms, such as Samsung's agreement that it violated the Court's Order.   (Briggs Decl., Ex. 2.)

15  Samsung simply cannot reach agreement as to Apple's oppressive and unwarranted terms.

16     Apple's Motion for Sanctions should be seen for what it is: a bad faith refusal to negotiate a

17  resolution via stipulation of the source code issue.   At present, the parties have reached an

18  impasse regarding the stipulation, and now that Apple is no longer negotiating in good faith, it is

19  Apple, and not Samsung, who should be sanctioned.

20  **B.    Apple Has Suffered No Prejudice**

21     A party "suffers prejudice if the [other party's] actions impair the [] ability to go to trial or

22  threaten to interfere with the rightful decision of the case." *Adriana Intern. Corp. v. Thoeren*, 913

23  F.2d 1406, 1412 (9th Cir. 1990) *citing United States for Use and Benefit of Wiltec Guam, Inc. v.*

24  *Kahaluu Constr. Co.*, 857 F.2d 600, 604 (9th Cir. 1988).   Delay alone has been held to be

25  insufficient prejudice. *Id.*

26     Here, Apple has suffered no prejudice from Samsung's production of source code.   Apple

27  has had Samsung's source code for the accused products since December 31, 2011, the source

28  code for the implemented design around as of January 23, 2012 and March 10 and 12, 2012, and

information regarding the changes that were implemented (including any design arounds) relating to the source code for the accused products as of February 3, 2012.  Apple has had anywhere from *many weeks to three months* to analyze this source code, and there still remains plenty of time before trial for Apple to analyze Samsung's source code and prepare its infringement case against Samsung.   Apple's decision to wait to file its motion for three months belies any claim of prejudice.[4]

To the extent that Apple claims that any of Samsung's productions of design-around source code have prejudiced its ability to engage in its infringement analysis, such arguments ring hollow.  Apple has known about such design arounds since at least February 3 and March 8— before the discovery cutoff.  Moreover, Apple has had ample opportunity to review and analyze Samsung's timely January 23 source code production, and Samsung's subsequent but limited March 10 and March 12 productions—well before Apple's deadline for expert reports.[5]   Finally, Samsung's proposed stipulation would greatly simplify Apple's infringement and damages analyses, by providing concrete dates for the implementation of Samsung's design arounds.

## C.   Preclusive Sanctions Are Unwarranted

In determining whether sanctions less drastic than preclusive sanctions are appropriate, the Court should consider: "(1) whether the court explicitly discussed alternative sanctions; (2) whether it tried them; and (3) whether it warned the disobedient party about the possibility of preclusive sanctions."  *Id.*   The Court should consider the circumstances of the alleged failure to produce.  *See Google*, 2011 U.S. Dist. LEXIS 151337 at *25-26 (declining to issue preclusive sanctions against a party for late production of source code, where trial date several months away allowed "sufficient time" remaining for "the accused activity to be decided on the merits rather than court fiat" and lesser sanction was adequate to address harm).

Apple's Motion for Sanctions came as complete surprise to Samsung because (1) Apple

---

[4]   Indeed, it appears that no one from Apple has inspected the code for Samsung's design around technologies for the '891 or '163 patents (Briggs Decl., ¶ 9); such willful ignorance does not make prejudice.
[5]   Since the close of discovery, Apple has produced over 200,000 pages of documents, including over 1,000 pages on the day Samsung's expert reports were due.  (Briggs Decl., ¶ 10.) Apple's claims of prejudice pale in comparison to the hundreds of thousands of pages Samsung has had to review in the past two weeks.

1    and Samsung were in the midst of negotiating a stipulation regarding source code when Apple

2    suddenly filed its motion; and (2) preclusive sanctions were never the subject of discussion

3    between the parties or with the Court.   Setting aside the lack of any merit to Apple's accusations,

4    the imposition of preclusive sanctions is far too severe given the impact such sanctions would

5    have on Samsung's ability to defend against Apple's infringement and damages claims.   The

6    Court should allow the parties to prove their claims and make their defenses at trial without

7    prematurely limiting the scope of evidence available to them.

8         As Samsung is prepared to stipulate, the source code provided to Apple on December 31 for

9    all of the products at issue is representative of nearly all later versions of the source code, for

10   purposes of Apple's claims of infringement, except for the '381, '163 and '891 patents.   Samsung

11   is also prepared to stipulate that the source code produced on January 23 is representative of the

12   features alleged to infringe the '381 patent, and that the source code produced on March 10 and 12

13   is representative of the features alleged to infringe the '891 and '163 patents.   However, Samsung

14   is not prepared to stipulate that it violated any Court order, or that any of its source code

15   productions should be precluded from evidence—as Apple has unreasonably demanded as a

16   condition for the stipulation.   (Briggs Decl., Ex. 2.)

**CONCLUSION**

17

18        For the reasons stated, Apple's Motion for Sanctions should be denied.

19

20   DATED: March 23, 2012              Respectfully submitted,

21                                      QUINN EMANUEL URQUHART & SULLIVAN, LLP

22                                      By:      /s/ Victoria Maroulis
                                           Charles K. Verhoeven
23                                          Kevin P.B. Johnson
                                           Victoria F. Maroulis
24                                          Michael T. Zeller

25                                      Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
                                        SAMSUNG ELECTRONICS AMERICA, INC. and
26                                      SAMSUNG TELECOMMUNICATIONS AMERICA,
                                        LLC
27

28