# EXHIBIT 2

**MORRISON | FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

March 16, 2012

Writer's Direct Contact
650.813.5718
MPernick@mofo.com

*By Email* (toddbriggs@quinnemanuel.com)

Todd M. Briggs
Quinn Emanuel
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065

Re:   *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)

Dear Todd:

Thank you for getting back to us yesterday on the proposed stipulation regarding Samsung's violation of the Court's December 22nd order concerning source code. Given that 18 days had passed since we sent you our proposed stipulation—and that a month had passed since Rachel and Charlie said that Samsung would, within a week, propose its own stipulation—we were not sure we were going to hear back from you.

In any event, Apple's motion for sanctions is of course not moot. Apple's motion would not be moot even if Samsung signed the draft stipulation that we proposed. This is true for several reasons.

1. As a general matter, Apple's proposed stipulation was never intended to resolve all of the disputes between the parties resulting from Samsung's failure to produce source code in compliance with the Court's December 22nd order. Apple's stipulation was designed to narrow the issues in dispute. But, given Samsung's violations, a motion was still going to be necessary.

2. Because Samsung has without question violated the December 22nd order, our motion seeks a finding that Samsung committed the violation. (*See* Paragraph 1 of Apple's Proposed Order.) Samsung cannot moot this aspect of Apple's motion unless it formally agrees to this in a stipulation. We understand that Samsung does agree that it has violated the order, and therefore suggest adding this to the stipulation under discussion. Without such a provision, Apple's motion could never be moot.

3. As reflected in Paragraph 2 of Apple's Proposed Order, Apple needs an order or a formal agreement from Samsung that Samsung and its experts will not at trial, on summary

pa-1518309

MORRISON | FOERSTER

Todd M. Briggs
March 16, 2012
Page Two

judgment, or in any other context present, use, or rely on any source code that was not timely produced under the December 22nd order. Samsung cannot moot this aspect of Apple's motion without providing its express agreement to this in a stipulation. You have not yet done so.

4. As reflected in Paragraph 3 of Apple's Proposed Order, Apple also seeks an order that, for purposes of assessing infringement by any version of a Samsung accused product, the product version for which Samsung timely produced source code shall be deemed representative of all versions of that product. Far from agreeing to this relief, although it is somewhat unclear, Paragraph 9 of your proposed stipulation seems to suggest the opposite.

Paragraph 9 seems to say that Samsung should be allowed to argue that it can rely on code it produced after the December 31st deadline set by the Court—and even after the discovery cut-off—to make non-infringement arguments. Samsung appears to seek the right to do so even where the late-produced code differs substantively from the code it produced by December 31st. This would be unfair and would allow Samsung to take advantage of its violations of the Court's order. Samsung's proposal certainly does not moot Apple's motion.

5. Aside from the issue of whether Samsung has mooted Apple's motion, there are many other problems with Samsung's proposed stipulation. These are probably better addressed in a phone call.

For starters, we note that Paragraphs 6-8 of your proposed stipulation ask Apple to enter into stipulations regarding versions of source code produced after the December 31st deadline. We do not know whether those portions of code are representative of the code for any particular Samsung products, and we will not enter into any stipulations about that late-produced code.

In addition, we do not know what Samsung means in its version of the stipulation when it uses the word "released." This could have several different meanings, and we do not know which one Samsung intends here.

*       *       *

These are just some of the problems with Samsung's version of the stipulation. For all of these and other reasons, Samsung's proposed stipulation is unacceptable, and does not resolve the issues raised by Apple's motion.

I would be happy to participate in a call with you next week on this. In the meantime, if you would like, we can inform the Court that Samsung does not oppose at least portions of Apple's motion. At a minimum, we understand that Paragraph 1 of Apple's Proposed Order—which states, "[t]he Court finds that Samsung violated this Court's

pa-1518309

MORRISON | FOERSTER

Todd M. Briggs
March 16, 2012
Page Three


December 22, 2011 Order by failing to produce source code for the accused functionalities for all versions of the accused products by December 31, 2011"—is not in dispute.  Please let us know how you would like to proceed.

Sincerely,

*/s/ Marc J. Pernick*

Marc J. Pernick

pa-1518309