# EXHIBIT 1

CONFIDENTIAL OUTSIDE COUNSEL ONLY PURSUANT TO PROTECTIVE ORDER

Page 260

```
 1            UNITED STATES DISTRICT COURT
 2           NORTHERN DISTRICT OF CALIFORNIA
 3                 SAN JOSE DIVISION
 4   APPLE INC., a California
     Corporation,
 5
              Plaintiff,              Case No.
 6
       vs.                            11 CV 01846 LHK
 7
     SAMSUNG ELECTRONICS CO., LTD.,
 8   a Korean business entity;
     SAMSUNG ELECTRONICS AMERICA,
 9   INC., a New York corporation;
     SAMSUNG TELECOMMUNICATIONS
10   AMERICA, LLC, a Delaware
     Limited liability company,
11
              Defendants.
12
13
14
15       CONFIDENTIAL OUTSIDE COUNSEL ONLY
16          PURSUANT TO PROTECTIVE ORDER
17
18     VIDEOTAPED DEPOSITION OF JONATHAN IVE
19            San Francisco, California
20           Tuesday, February 7, 2012
21         (Volume II   Pages 260   335)
22
23   REPORTED BY:
24   CYNTHIA MANNING, CSR No. 7645, CLR, CCRR
25   JOB NO. 46227
```

CONFIDENTIAL OUTSIDE COUNSEL ONLY PURSUANT TO PROTECTIVE ORDER

Page 261

1  Tuesday, February 7, 2012
2  3:52 p.m.
3
4
5     Deposition of JONATHAN IVE, taken on
6  behalf of Defendants, at 50 California Street,
7  San Francisco, California, before Cynthia
8  Manning, Certified Shorthand Reporter No. 7645,
9  Certified LiveNote Reporter, California Certified
10 Realtime Reporter.

Page 262

1  APPEARANCES:
2
3  FOR PLAINTIFF:
4
       MORRISON & FOERSTER, LLP
5    BY:  MICHAEL A. JACOBS, ESQ.
          FRANCIS C. HO, ESQ.
6    425 Market Street
     San Francisco, California 94105
7    415.268.7455
     mjacobs@mofo.com
8    fho@mofo.com
9
10
11 FOR DEFENDANTS:
12   QUINN EMANUEL URQUHART & SULLIVAN, LLP
     BY:  MICHAEL T. ZELLER, ESQ.
13        SCOTT B. KIDMAN, ESQ.
          SCOTT C. HALL, ESQ.
14   865 S. Figueroa Street
     10th Floor
15   Los Angeles, California 90017
     213.443.3000
16   michaelzeller@quinnemanuel.com
     scottkidman@quinnemanuel.com
17   scotthall@quinnemanuel.com
18
19 ALSO PRESENT:
20   Erica Tierney, Esq., Apple Inc.
21   Tim Zurloff, Videographer
22
23
24
25

Page 263

1       SAN FRANCISCO, CALIFORNIA;
2     Tuesday, February 7, 2012; 3:52 P.M.
3
4       THE VIDEOGRAPHER:  This is the start of
5  Disk No. 1 of the videotaped deposition of       15:52
6  Jonathan Ive, in the matter of Apple
7  Incorporated, versus Samsung Electronics Company,
8  et al., in the   United States District Court,
9  Northern District of California, San Jose
10 Division, Case No. 11 CV 01846 LHK.              15:52
11      This deposition is being held at 50
12 California Street, San Francisco, California on
13 February 7th, 2012, at approximately 4:53 p.m.
14      MR. JACOBS:  3:53.
15      THE VIDEOGRAPHER:  3:53.  Sorry.            15:53
16      My name is Tim Zurloff.  I'm the legal
17 video specialist from TSG Reporting,
18 Incorporated, headquartered at 747 Third Avenue,
19 New York,    New York.
20      The court reporter is Cynthia Manning,      15:53
21 in association with TSG Reporting.
22      Will counsel please introduce
23 yourselves.
24      MR. ZELLER:  Mike Zeller for Samsung.
25      MR. HALL:  Scott Hall for Samsung.         15:53

Page 264

1       MR. KIDMAN:  Scott Kidman for Samsung.    15:53
2       MR. JACOBS:  Michael Jacobs for Apple.
3       MR. HO:  Francis Ho for Apple.
4       MS. TIERNEY:  Erica Tierney for Apple.
5       THE VIDEOGRAPHER:  Will the court          15:53
6  reporter please swear in the witness.
7
8          JONATHAN IVE,
9     having first been duly sworn, testified
10    as follows:                                  15:53
11
12      MR. ZELLER:  And so we have it on the
13 record, what we're doing here is we are now
14 switching over to the Northern District of
15 California deposition portion of Mr. Ive's day.  15:53
16      And for the record, I hadn't finished
17 my questioning in the ITC proceeding.  But in
18 light of the fact that the witness is recovering
19 from a cold or flu, as well as the fact that we
20 don't want to overtax him, I decided I would     15:54
21 switch over.
22      Obviously, I'm reserving my rights in
23 terms of what we do going forward on the
24 remainder of the ITC proceedings.  But in the
25 interest of addressing and acting pursuant to    15:54

CONFIDENTIAL OUTSIDE COUNSEL ONLY PURSUANT TO PROTECTIVE ORDER

Page 269

[redacted]

Page 270

```
12        Ultimately, Apple did release to market
13   a white iPhone 4?
14        A.  Yes.  We released the white iPhone 4
15   and the white iPhone 4S.              16:04
```

[redacted]

Page 271

[redacted]

```
24        Q.  And in your answers, you've talked
25   about "lamination."  If you could, please tell us   16:07
```

Page 272

```
 1   for the record what you mean by that term.    16:07
 2        A.  In this context when I use the word
 3   "laminating," it is the -- essentially the gluing
 4   together of two parts.
 5        So the two parts I'm referring to         16:07
 6   specifically in this context are the cover glass
 7   that has the -- in this case the white mask
 8   borders, and that is glued together to another
 9   piece of glass which I referred to as the ditto.
10   And it's -- yes, it's the joining, the gluing   16:07
11   together of those two parts.
12        Q.  I'm going to show you some various
13   models, and I'll put Post-It flags on them for
14   the exhibit number so we don't permanently affix
15   something to them.                              16:08
16        MR. ZELLER:  So let's call, for the
17   record, Exhibit 1461 [sic] a three-dimensional
18   model that has a label on the back "Microsoft
19   Zune HD," and on the front it has a sticker that
20   says "Sample 34".                               16:08
21        MR. JACOBS:  Was it 1451?
22        THE WITNESS:  Thank you.
23        (Deposition Exhibit 1451 was marked for
24   identification)
25   //
```

CONFIDENTIAL OUTSIDE COUNSEL ONLY PURSUANT TO PROTECTIVE ORDER

Page 277

[redacted]

Page 278

```
 1   photograph.  It's difficult to tell whether it's    16:17
```
[redacted]
```
23        Q.   And approximately how often do the
24   devices division meetings occur?
25        A.   Typically, they would occur every two     16:19
```

Page 279
```
 1   weeks.  Unfortunately, during Steve Jobs' illness   16:19
 2   there could be many weeks where we wouldn't meet.
 3        Q.   In these devices division meetings, is
 4   that where    is it a cross functional meeting?
 5   Is that the idea, where you get people from         16:19
 6   different groups together to talk about issues?
 7        A.   Yes.  The division meetings would be
 8   the heads of    not all of the functional groups,
 9   but a number of the functional groups.
10        Q.   And typically, what    what groups        16:20
11   attended the devices division meetings?
12        A.   Well, there would be    so at    that
13   would vary, in terms of where we are in time, so
14   I'll describe a typical division meeting that
15   would be, for example    in the time frame, for     16:20
16   example, of the 4, the iPhone 4.
17        Q.   Sure.
18        A.   So that would be Steve Jobs.
19             There would be Phil Schiller, who was
20   the head of marketing.                              16:21
21             There would be Greg Joswiak, who was
22   also a head of marketing, a VP of marketing,
23   reporting to Phil Schiller.
24             There would be the head of engineering
25   for the devices, and that's    that's now           16:21
```

Page 280
```
 1   changed.  But at that point in time that would      16:21
 2   have been Mark Papermaster.
 3             There would be Rubin, who we talked
 4   about earlier, who is responsible for the antenna
 5   design.                                             16:21
 6             There would be, in this time frame,
 7   Jeff Williams, Steve Zadesky, who is the head of
 8   product design.
 9             Achim -- I'm afraid I can't recall his
10   surname.  He's the -- essentially the head of      16:22
11   program management.
12             And then sometimes there would be
13   myself.  I didn't attend all of these division
14   meetings.
15             And sometimes there would be Scott       16:22
16   Forstall, who is the -- the head of software for
17   the iOS devices.
18        Q.   And for those devices division meetings
19   that you attended, was there any kind of agenda
20   that was usually circulated as part of that so     16:22
21   people would know what was going to be discussed
22   at the meeting?
23        A.   I think there was an agenda that the
24   head of engineering would have, that I was not
25   aware of.  But that provided -- that agenda        16:23
```

CONFIDENTIAL OUTSIDE COUNSEL ONLY PURSUANT TO PROTECTIVE ORDER

Page 329

1  time is 6:06 p.m.                                18:06
2       (Time noted:  6:06 p.m.)

Page 330

2       DECLARATION UNDER PENALTY OF PERJURY
4       I, JONATHAN IVE, do hereby certify under
5  penalty of perjury that I have read the foregoing
6  transcript of my deposition taken on February 7,
7  2012; that I have made such corrections as appear
8  noted herein in ink, initialed by me; that my
9  testimony as contained herein, as corrected, is
10 true and correct.
12      DATED this        day of
13 2012, at                 , California.

18      JONATHAN IVE

Page 331

2  IN THE MATTER OF:  Apple Inc v. Samsung Electronics
                      Company Limited
5  DATE: Tuesday, February 07, 2012
6  WITNESS: Jonathan Ive
7  Reason codes:
8       1. To clarify the record.
        2. To conform to the facts.
9       3. To correct transcription errors.

   Page     Line        Reason
   From                 to

   Page     Line        Reason
   From                 to

   Page     Line        Reason
   From                 to

   Page     Line        Reason
   From                 to

            JONATHAN IVE

Page 332

2  STATE OF CALIFORNIA  )
3                       :ss
4  COUNTY OF SAN MATEO  )
5       I, CYNTHIA MANNING, a Certified Shorthand
6  Reporter of the State of California, do hereby
7  certify:
8       That the foregoing proceedings were taken
9  before me at the time and place herein set forth;
10 that any witnesses in the foregoing proceedings,
11 prior to testifying, were placed under oath; that
12 a verbatim record of the proceedings was made by
13 me using machine shorthand which was thereafter
14 transcribed under my direction; further, that the
15 foregoing is an accurate transcription thereof.
16      I further certify that I am neither
17 financially interested in the action, nor a
18 relative or employee of any attorney of any of
19 the parties.
21      IN WITNESS WHEREOF, I have subscribed
22 my name this 7th day of February 2012.
25      CYNTHIA MANNING, CSR No. 7645, CCRR, CLR