United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, | Case No.: 11-CV-01846-LHK |
| Plaintiff, | ORDER DENYING SAMSUNG'S |
| v. | MOTION TO AMEND INVALIDITY CONTENTIONS; ORDER DENYING |
| SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | SAMSUNG'S MOTION TO AMEND INFRINGEMENT CONTENTIONS |
| Defendants. | |

Before the Court is Samsung's motion for leave to amend its invalidity contentions, as well as Samsung's motion for leave to amend its infringement contentions. ECF Nos. 658, 667. Apple opposes both of these motions. ECF Nos. 713, 720. Pursuant to Civil Local Rule 7-1(b), the Court determines that these motions are suitable for resolution without oral argument.

**Background**

Apple filed suit against Samsung on April 15, 2011, alleging that Samsung's products infringe upon Apple's trade dress, trademarks, and utility and design patents. *See* Compl., ECF No. 1. Samsung filed its answer and counterclaims to Apple's amended complaint on June 30, 2011. ECF No. 80. In its answer, Samsung alleged that Apple products infringe upon twelve of

1

1      Samsung's own patents, including, among others, patents related to data and voice transmissions in

2      mobile communications systems. *See* Answer and Counterclaims, ECF No. 80.

3            The parties conducted limited discovery related to Apple's motion for a preliminary

4      injunction during the summer of 2011. Discovery officially commenced in August 2011. *See* ECF

5      No. 187. Pursuant to this Court's Case Management Order, Apple served its Infringement

6      Contentions on August 26, 2011, and Samsung served its Infringement Contentions on September

7      7, 2011. *See* ECF No. 187. On October 7, 2011, the parties exchanged their Invalidity

8      Contentions. *See* ECF No. 187; Declaration of Richard Hung in Support of Apple's Opposition

9      ("Hung Decl.") ¶ 2.

10           On January 25, 2012, Samsung filed a motion to amend its infringement contentions,

11      seeking to add the Apple iPhone 4S. ECF No. 658. On January 26, 2012, Samsung also filed a

12      motion to amend its invalidity contentions. ECF No. 667. In its motion to amend its invalidity

13      contentions, Samsung seeks leave to add five new prior art references to its case. Fact discovery

14      closed March 8, 2012, and expert disclosures were served March 22, 2012. Expert discovery

15      closes April 27, 2012. Trial is set to begin on July 30, 2012. Any additional facts necessary to

16      resolve these issues will be discussed more fully below.

17                                              **Standard**

18           Patent Local Rule 3-6 allows the parties to amend infringement and invalidity contentions

19      "only by order of the Court upon a timely showing of good cause." Pat. L.R. 3-6. "Non-

20      exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party,

21      support a finding of good cause include: (a) [a] claim construction order by the Court different

22      from that proposed by the party seeking amendment; [or] (b) [r]ecent discovery of material, prior

23      art despite earlier diligent search." Pat. L.R. 3-6. "The local patent rules in the Northern District

24      of California . . . requir[e] both the plaintiff and the defendant in patent cases to provide early

25      notice of their infringement and invalidity contentions, and to proceed with diligence in amending

26      those contentions when new information comes to light in the course of discovery. The rules thus

27      seek to balance the right to develop new information in discovery with the need for certainty as to

28

2

Case No.: 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTIONS TO AMEND CONTENTIONS

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1  the legal theories. " *O2 Micro Int'l Ltd v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66

2  (Fed. Cir. 2006).

3      Only if the moving party is able to show diligence may the court consider the prejudice to

4  the non-moving party. *See CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal.

5  2009); *see also Acer, Inc. v. Tech. Prop. Ltd.*, No. 08-CV-00877, 2010 WL 3618687 at \*3 (N.D.

6  Cal. Sept. 10, 2010) ("[The moving party] must demonstrate good cause, an inquiry that considers

7  first whether the moving party was diligent in amending its contentions and then whether the non-

8  moving party would suffer prejudice if the motion to amend were granted. . . . If [the moving party]

9  was not diligent, the inquiry should end."). The party seeking to amend its contentions bears the

10  burden of establishing diligence. *O2 Micro*, 467 F.3d at 1366-67.

11                                      **Analysis**

12  **I.      Motion to Amend Invalidity Contentions**

13          A.   Mac OS X 10.0 (Chart M-15)

14      Samsung seeks to amend its invalidity contentions to add Apple's Mac OS X 10.0 as a prior

15  art reference. Samsung argues that Mac OS X 10.0 renders Apple's U.S. Patent No. 7,853,891 (the

16  "'891 Patent") invalid. Mot. to Supplement Invalidity Contentions ("Invalidity Mot.") at 7.

17      Samsung cannot establish good cause to amend as to the Mac OS X 10.0 prior art reference

18  because it has not established diligence in seeking to amend its invalidity contentions. Samsung

19  admittedly knew about the reference shortly after filing its initial invalidity contentions in October

20  2011. Indeed, Samsung notified Apple that Mac OS X 10.0 was relevant to the invalidity of the

21  '891 Patent and requested to inspect Mac OS X 10.0 on October 18, 2011. Declaration of Alex

22  Baxter in Support of Samsung's Motion to Amend Invalidity Contentions ("Baxter Decl.") Ex. A.

23  Importantly, on November 10, 2011, Samsung sent a letter to Apple[1] asserting that Samsung had

24

---

[1] Relying on *Bd. of Trustees of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*,
25  2008 WL 624771 at \* 4 (N.D. Cal. March 4, 2008), Samsung argues that this letter provided
sufficient notice to Apple and that amendment of the contentions should be allowed. *Bd. of*
26  *Trustees of the Leland Stanford Junior Univ.*, however, is distinguishable. There, the party seeking
amendment served its proposed invalidity contentions as soon as it became aware of the need to
27  amend, but failed to formally move the court to amend until five months later. This allowed the
parties to incorporate the amended theories into discovery and claim construction. In contrast,
28  Samsung merely identified the prior art source and claimed it had good cause to amend, but did not
provide amended contentions to Apple.

3

Case No.: 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTIONS TO AMEND CONTENTIONS

United States District Court
For the Northern District of California

1    "acquired an Apple computer running Mac OS X, v. 10.0," that Samsung believed that Mac OS X

2    10.0 contains a brightness display window that anticipates the '891 Patent, and that "[b]ased on

3    these facts, Samsung has good cause to amend its Invalidity Contentions to include Mac OS X

4    v.10.0."  Baxter Decl. Ex. C at 2.

5         Samsung argues that its failure to amend sooner was the result of Apple's own dilatory

6    discovery tactics in refusing to produce source code and a working exemplar of the prior art until

7    December 15, 2011 and January 12, 2012, respectively.  *See* Invalidity Mot. at 6-7, 16.  Samsung's

8    argument is unpersuasive, however, in light of the fact that Samsung apparently believed on

9    November 10, 2011 that it had good cause to amend its invalidity contentions to add the Mac OS X

10   10.0 prior art reference, without any additional discovery from Apple.  Despite Samsung's

11   acknowledgment that it had good cause to amend on November 10, 2011, it failed to do so for over

12   two and a half months, until the end of January 2012.  Samsung has thus failed to show diligence.

13   *See O2 Micro*, 467 F.3d at 1367 (affirming district court's finding that moving party failed to show

14   diligence where the moving party waited three months to serve amended contentions after it

15   identified the amended theory).

16        Samsung also argues that it was diligent in attempting to resolve the issue by stipulation.

17   *See* Invalidity Mot. at 6-7.  While seeking a stipulation from opposing counsel may establish

18   reasonable diligence in some instances, delaying filing a motion to amend invalidity contentions

19   for months does not establish diligence here, particularly given the expedited case schedule faced

20   by the parties.  *See O2 Micro*, 467 F.3d at 1367 ("The district court did not err in concluding that

21   the mere existence of good faith negotiations over a possible stipulation was insufficient to excuse

22   [the] delay."); *see also Oracle Am., Inc. v. Google, Inc.*, No. 10-CV-03451-WHA, 2011 WL

23   3443835, at \*2 (N.D. Cal. Aug. 8, 2011) ("The failure of the parties to reach agreement regarding a

24   stipulated supplementation was foreseeable.  If Google was serious about amending its invalidity

25   contentions, it should not have gambled for *months* on the possibility that a stipulation might be

26   reached.").  While the Court recognizes the potential materiality of the Mac OS X 10.0 prior art,

27   materiality is not the sole consideration of the "good cause" requirement.  *See O2 Micro*, 467 F.3d

28   at 1367; *see also LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002)

4

Case No.: 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTIONS TO AMEND CONTENTIONS

1    ("Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is

2    decidedly conservative, and designed to prevent the 'shifting sands' approach to claim

3    construction.") (citations omitted). Because Samsung has not established that it was diligent in

4    seeking leave to amend its invalidity contentions after it admittedly had good cause to do so, the

5    motion to supplement Samsung's invalidity contentions with the Mac OS X 10.0 prior art is

6    DENIED.

7         B.   SuperClock (Chart D-8)

8         Samsung also seeks to amend its invalidity contentions to add Apple's SuperClock as a

9    prior art reference. Samsung argues that the SuperClock reference renders Apple's U.S. Patent No.

10   6,493,002 invalid ("the '002 Patent"). Invalidity Mot. at 9.

11        As with the Max OS X 10.0 prior art, Samsung cannot establish good cause to amend as to

12   the SuperClock reference because it has not established diligence in seeking to amend its invalidity

13   contentions. Samsung became aware of the reference shortly after filing its initial invalidity

14   contentions before an October 26, 2011 deposition. In the same November 10, 2011 letter

15   discussed above, Samsung asserted that it had "procured a Mac computer running System 7 and

16   installed SuperClock;" that Samsung believed that SuperClock displays a menu bar above

17   application windows and anticipates the '002 Patent; and that "Samsung has good cause to amend

18   its Invalidity Contentions to include SuperClock." Baxter Decl. Ex. C at 2.

19        Samsung argues that its failure to amend sooner was the result of Apple's own dilatory

20   discovery tactics in refusing to produce source code until December 15, 2011. *See* Invalidity Mot.

21   at 19. As with the Mac OS X 10.0 prior art reference, Samsung's argument in support of a finding

22   of diligence is unpersuasive in light of the fact that Samsung apparently believed on November 10,

23   2011 that it had good cause to amend its invalidity contentions to add the SuperClock prior art

24   reference, without any additional discovery from Apple. Indeed, its proposed claim chart does not

25   rely on source code at all, and appears to be based solely on information that Samsung had in its

26   possession on November 10, 2011. *See* Briggs Decl. Ex. 5. Despite Samsung's acknowledgment

27   that it had good cause to amend on November 10, 2011, it failed to do so for over two and a half

28   months, until the end of January 2012. *See O2 Micro*, 467 F.3d at 1367 (affirming district court's

United States District Court
For the Northern District of California

5

Case No.: 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTIONS TO AMEND CONTENTIONS

1    finding that moving party failed to show diligence where the moving party waited three months to

2    serve amended contentions after it identified the amended theory).

3         As with the Mac OS X 10.0 prior art, Samsung's attempt to secure a stipulation does not

4    establish diligence. *See O2 Micro*, 467 F.3d at 1367 ("The district court did not err in concluding

5    that the mere existence of good faith negotiations over a possible stipulation was insufficient to

6    excuse [the] delay."); *Oracle Am. Inc.*, 2011 WL 3443835 at *2 ("The failure of the parties to reach

7    agreement regarding a stipulated supplementation was foreseeable.  If Google was serious about

8    amending its invalidity contentions, it should not have gambled for months on the possibility that a

9    stipulation might be reached.").  Because Samsung has not established that it was diligent in

10   seeking leave to amend its invalidity contentions after it admittedly had good cause to do so, the

11   motion to supplement the invalidity contentions with the SuperClock reference is DENIED.

12        C.   Glimpse Prior Art (Chart G-7)

13        Samsung seeks to amend its invalidity contentions to add the Glimpse program as a prior art

14   reference.  Samsung argues that the Glimpse reference renders Apple's U.S. Patent No. 7,469,381

15   ("the '381 Patent") invalid.  Invalidity Mot. at 10, 19-20.

16        Samsung has been aware of the Glimpse program since at least August 2011 when

17   Samsung questioned Apple's witness, Dr. Balakrishnan, about an article that referenced the

18   program.  *See* Hung Decl. Ex. E.  Samsung claims that the article did not provide a clear

19   description[2] of the program.  Invalidity Mot. at 10.  In early October, Samsung contacted

20   Glimpse's developer, Cliff Forlines, to obtain additional information regarding the program.[3]

21   Samsung argues that it did not identify Glimpse as prior art until November 29, 2011 because of

22   challenges in obtaining compatible hardware.  *Id.*

23        On December 2, 2011, the Court issued its Preliminary Injunction Order.  In the Order, the

24   Court construed the terms of the '381 Patent to require that "if a user scrolls past the edge of an

25

26   [2]  Apple does not appear to contradict Samsung on this point.  Rather, Apple's argument regarding Samsung's diligence arises from the speed at which Samsung conducted discovery.

27   [3]  Samsung did not support its Invalidity Motion with an attorney declaration establishing when Samsung conducted certain discovery.  Other than pointing out that Samsung was aware of the

28   Glimpse program in August 2011, Apple does not appear to contest these factual allegations, and therefore the Court credits Samsung's representations.

6

Case No.: 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTIONS TO AMEND CONTENTIONS

1   electronic document in the first direction, the screen must snap back to that document when the

2   user lifts her finger."  Order at 60, ECF No. 452.  This construction differed from Samsung's

3   position regarding the bounce-back feature prior to the Order.  Samsung believed that Glimpse

4   anticipated the '381 Patent in light of the Court's construction.  Invalidity Mot. at 10.

5          After the claim construction order, Samsung sought to install Glimpse onto a computer

6   system that Forlines had disclosed in the article discussing Glimpse.  *See* Invalidity Mot. at 10;

7   Briggs Decl. Ex. 6 ("Forlines discloses, 'We have used both a TabletPC and a touch sensitive

8   DiamondTouch surface as our pressure sensitive input device.'").  Samsung explained that it again

9   had difficulties finding a compatible computer system on which to install Glimpse.  Invalidity Mot.

10  at 10.  Samsung was able to install a functional version of Glimpse onto a Toshiba Tablet PC by

11  January 5, 2011.  *Id.*  Samsung then sought a stipulation from Apple to amend its invalidity

12  contentions.  Baxter Decl. Ex. H.  Apple confirmed that it would not stipulate to the amendment on

13  January 26, 2012.  Baxter Decl. Ex. N.

14         Samsung appears to conflate two timelines into one in its attempt to establish diligence.

15  Although Samsung admittedly had difficulty in obtaining a compatible computer system in order to

16  assess whether Glimpse was a potentially anticipatory reference, Samsung has not established

17  diligence in investigating Glimpse.  Samsung knew about the Glimpse program at least by August

18  2011, when it questioned Dr. Balakrishnan about the program, yet waited until October 2011, to

19  contact the inventor of the program to obtain more information.  Moreover, Samsung admits that it

20  identified Glimpse "as invalidating prior art" on November 29, 2011, but nonetheless failed to seek

21  amendment of its invalidity contentions until January 26, 2011.  Invalidity Mot. at 10.  Samsung,

22  thus cannot establish that the prior art was a "[r]ecent discovery of material," Pat. L.R. 3-6, or that

23  it was diligent in amending its invalidity contentions.

24         Samsung also argues the Court's construction of the '381 Patent in the preliminary

25  injunction order provides an alternative basis to allow Samsung to amend its invalidity contentions.

26  Patent L.R. 3-6 ("good cause" to amend includes a "claim construction order by the Court different

27  from that proposed by the party seeking amendment").  Under the circumstances, however, the

28  Court finds that Samsung has not met its burden of establishing that it proceeded "with diligence in

**United States District Court**
For the Northern District of California

7

1    amending [its invalidity] contentions." *O2 Micro*, 467 F.3d at 1366.  Samsung waited nearly two

2    months after the preliminary injunction order issued on December 2, 2011 to seek to amend its

3    invalidity contentions.  In addition, Samsung's attempt to explain the delay as arising from

4    difficulties in obtaining a compatible computer system is unpersuasive in light of the fact that, as

5    explained above, Samsung had identified Glimpse as invalidating prior art by November 29.  In

6    short, Samsung has not established a timely showing of good cause.  *See Oracle Am. Inc.*, 2011

7    WL 3443835, at *3.  Accordingly, Samsung's motion to supplement its invalidity contentions with

8    the Glimpse reference (Chart G-7) is DENIED.

9           D.  Cirque GlidePoint (Chart V-10)

10           Samsung moves to amend its invalidity contentions to add the Cirque Corporation's

11    ("Cirque") GlidePoint as a prior art reference.  Cirque GlidePoint products were capacitive touch

12    sensor panels sold over eleven years ago.  Invalidity Mot. at 21.  Samsung argues that the Cirque

13    GlidePoint reference either anticipates or renders obvious Apple's U.S. Patent No. 7,920,129 ("the

14    '129 Patent").  Invalidity Mot. at 11-13, 20-22.

15           As part of its initial prior art search, Samsung discovered U.S. Patent No. 5,565,658 ("the

16    '658 Patent"), which is assigned to Cirque Corporation.  Samsung included the '658 Patent in its

17    invalidity contentions on October 7, 2011.  *See* Briggs Decl. Ex. 1.  On October 27, 2011, Samsung

18    served a document subpoena on Cirque Corporation.  In response, on December 3, 2011, Samsung

19    received a large amount of data from Cirque.  Invalidity Mot. at 11.  On December 23, 2011,

20    Samsung issued a deposition subpoena to Cirque, and the third party deposition took place on

21    January 19, 2012.  *Id.*

22           Apple argues that Samsung was not diligent in conducting discovery into the '658 Patent

23    and obtaining the necessary documents and deposition testimony from Cirque.  Apple's Opp'n to

24    Samsung's Mot. to Supplement Invalidity Contentions ("Invalidity Opp'n") at 7.  The Court

25    agrees.  Samsung admits that it has known about GlidePoint since October 2011.  Indeed, Samsung

26    included the '658 Patent, which covers aspects of the GlidePoint products, in its invalidity

27    contentions on October 7, 2011.  Invalidity Mot. at 21.  Despite this knowledge, Samsung did not

28    include the GlidePoint in its original invalidity contentions.  Indeed, Samsung did not seek

United States District Court<br>For the Northern District of California

8

Case No.: 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTIONS TO AMEND CONTENTIONS

1    discovery from Cirque until well after Samsung filed its invalidity contentions.  Samsung was not

2    timely in serving first its document subpoena, and later its deposition subpoena, on Cirque.  It is

3    also unclear why Samsung in the first instance did not simultaneously serve a document and

4    deposition subpoena on Cirque earlier in the case.  Samsung has, therefore, failed to meet its

5    burden of establishing that it proceeded with diligence in uncovering the GlidePoint.  *See* Pat. L.R.

6    3-6; *O2 Micro*, 467 F.3d at 1366.  Accordingly, Samsung has not shown good cause for leave to

7    amend its invalidity contentions with the Cirque GlidePoint reference (Chart V-10), and Samsung's

8    motion is DENIED.

9            E. Synaptics Patent No. 7,030,860 ("the '860 Patent") (Chart P-12)

10           Samsung also seeks to amend its invalidity contentions to add the '860 Patent as a prior art

11   reference.  Samsung argues that the '860 Patent renders Apple's U.S. Patent No. 7,663,607 ("the

12   '607 Patent") invalid.  Invalidity Mot. at 10, 19-20.

13           Samsung was aware of the '860 Patent when it served its original invalidity contentions on

14   October 7, 2011.  Indeed, the '860 Patent served as the basis of an Examiner rejection of the '607

15   Patent.  Samsung was also aware of the Synaptics ClearPad, which embodied the '860 Patent, by

16   October 7, 2011, because Samsung included a claim chart of an article describing the Synaptics

17   ClearPad in its Invalidity Contentions.  Briggs Decl. Ex. 2.  Nonetheless, Samsung now seeks to

18   amend its Invalidity Contentions to add a claim chart for the '860 Patent, which Samsung has

19   labeled "Chart P-12."

20           It does not appear that Samsung has been diligent in seeking to amend its Invalidity

21   Contentions to add Chart P-12.  Samsung argues that it was diligent in seeking this amendment

22   because Samsung was only able to take the Synaptics' deposition on January 19, 2012.  Invalidity

23   Mot. 13-14, 23.  Nonetheless, the deposition testimony appears to have little or no bearing on the

24   proposed claim chart.  It is apparent from Chart P-12 that Samsung had the information it needed

25   almost four months before it moved to amend.  Chart P-12 relies almost exclusively on the '860

26   Patent and two other patents incorporated by reference into the '860 Patent.  The Synaptics

27   deposition testimony is generally included as a secondary reference.  Moreover, it appears from the

28   deposition testimony provided by Samsung, that Mr. Day, the Synaptics deponent, was asked in

9

Case No.: 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTIONS TO AMEND CONTENTIONS

United States District Court
For the Northern District of California

1        large part to interpret the '860 Patent and the other two patents incorporated by reference.  Baxter

2        Decl. Ex. S.  It was not necessary for Samsung to obtain this information from Synaptics.

3        Samsung's stated reason for needing to amend its Invalidity Contentions to add Chart P-12 is

4        unpersuasive.

5                The Court finds that Samsung was not diligent in amending its Invalidity Contentions to

6        add Chart P-12.  Samsung had almost all of the information contained in the Chart when Samsung

7        originally served its Invalidity Contentions, and the testimony Samsung obtained from Synaptics

8        did not add material information that was not available from the face of the patents Samsung now

9        seeks to include.  Accordingly, Samsung's motion to amend its Invalidity Contention to add the

10       '860 Patent is DENIED.

11               In addition to the reasons stated above, the Court also finds that allowing Samsung to

12       amend its invalidity contentions to add five new references would unduly prejudice Apple.  *See*

13       *CBS Interactive, Inc.*, 257 F.R.D. at 201.  Apple prepared its claim construction briefing based on

14       Samsung's original invalidity contentions.[4]  Allowing the proposed amendments now, in light of

15       Samsung's lack of diligence, would undercut one of the purposes of the patent local rules to

16       provide the parties with certainty as to the opposing party's legal theories.  *See O2 Micro*, 467 F.3d

17       at 1363. Additionally, fact discovery is over, expert discovery is underway, and the trial is set to

18       begin in approximately four months.  If the Court were to grant Samsung's motion, it would leave

19       little opportunity for Apple to explore and respond to Samsung's new contentions.  Therefore, the

20       prejudice to Apple provides an additional basis upon which to deny Samsung's motion to amend its

21       invalidity contentions.

22       **II.        Motion to Amend Infringement Contentions**

23               Samsung also moves to amend its infringement contentions to add the iPhone 4S.

24       Samsung's Motion for Leave to Supplement Its Infringement Contentions ("Infringement Mot.") at

25       3.  Apple announced the release of the iPhone 4S on October 4, 2011, began accepting pre-orders

26       for the phone on October 7, 2011, and released the phone for sale on October 14, 2011.

27       _____

         [4]  The parties did not brief or argue any terms from the '129 Patent in the January claim
28       construction.  Therefore, Apple's argument with respect to prejudice that would flow from
         allowing Samsung to add the GlidePoint reference is less persuasive.

                                                           10
         Case No.: 11-CV-01846-LHK
         ORDER DENYING SAMSUNG'S MOTIONS TO AMEND CONTENTIONS

*United States District Court*
*For the Northern District of California*

United States District Court
For the Northern District of California

1    Declaration of Todd Briggs in Support of Infringement Mot. ("Briggs Infringement Decl.") Ex. B.

2    Samsung immediately began investigating the device after it was released, and shortly afterwards,

3    the parties began to negotiate mutual supplementation of their infringement contentions.  Briggs

4    Infringement Decl. ¶ 4, Ex. C.

5          The parties were unable to reach an agreement, and on January 25, 2012, Samsung filed a

6    motion to amend its infringement contentions.  *See* ECF No. 658.  The Court encouraged the

7    parties to meet and confer in order to avoid motion practice on this issue.  ECF No. 665.  After

8    meeting and conferring with Apple in an attempt to reach an agreement to allow both parties to add

9    additional infringement contentions, the negotiations broke down, and Apple filed an opposition to

10   Samsung's motion to amend its infringement contentions.  ECF No. 713.  Shortly after filing the

11   opposition, Apple also filed a new lawsuit, 12-CV-00630-LHK ("Apple II"), asserting that various

12   new Samsung products infringe Apple patents.  *See* ECF No. 1, 12-CV-00630-LHK.

13         Essentially, the dispute surrounding Samsung's Motion to Supplement its Infringement

14   Contentions boils down to whether or not adding the iPhone 4S will cause undue delay and derail

15   the current expedited trial schedule.  Unsurprisingly, Apple contends that adding the iPhone 4S will

16   require additional third party discovery relating to the product's baseband chip, which will require

17   additional discovery.  Opp'n to Infringement Mot. at 6.  Samsung argues that relevant third party

18   discovery related to the baseband chip has already commenced and adding this product will not

19   unduly delay the case.  Reply in Support of Motion for Leave to Supplement Its Infringement

20   Contentions at 1-2.

21         The Court has reservations about adding a new product at this late date, particularly given

22   the difficulties the parties have had in reaching a negotiated agreement to add the additional device

23   since the iPhone 4S was released five months ago.  Moreover, in light of the significant discovery

24   disputes that have already arisen, the Court is concerned that adding a new device at this point will

25   disrupt the current case schedule.

26         Most notably, because Apple has filed a second lawsuit before this Court, Samsung will not

27   be unduly prejudiced by denying the motion at this stage.  Samsung may bring its claims as

28   counterclaims against Apple in Apple II.  Moreover, because this Court is presiding over both this

11

Case No.: 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTIONS TO AMEND CONTENTIONS

1    case and Apple II, judicial resources will not be unnecessarily wasted.  Therefore, Samsung's

2    motion to amend its infringement contentions is DENIED.

3                                               **Conclusion**

4            Samsung's Motion to Supplement its Invalidity Contentions and Samsung's Motion to

5    Supplement its Infringement Contentions to add the Apple iPhone 4S are DENIED.

6    **IT IS SO ORDERED.**

7    Dated: March 27, 2012                    _____

                                              LUCY H. KOH
8                                             United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

                                                    12
Case No.: 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTIONS TO AMEND CONTENTIONS