1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

15

16                         UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
|---|---|
| Plaintiff, | **SAMSUNG'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO APPLE INC.'S MOTION TO COMPEL** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Date:   April 24, 2012<br>Time:   10:00 a.m.<br>Place:  Courtroom 5, 4th Floor<br>Judge:  Honorable Paul S. Grewal |
| Defendants. | |

# INTRODUCTION

Apple's Motion to Compel ("Motion") is unnecessary. After Samsung justifiably objected to the scope and relevance of the requests for production that are the subject of Apple's motion, Apple waited more than two months before initiating the meet and confer process. Despite Samsung's objections, Apple refused to narrow the scope of its requests until just days before the close of fact discovery. Pressed against the deadline to file motions to compel, Apple cut short the parties' meet and confer efforts and filed its Motion, seeking an order compelling production that the parties had already agreed to, or were on the verge of reaching an agreement.

Apple initially sought all documents from any case in which Samsung took any position on three broadly stated issues: (1) licensing of IPR declared essential to UMTS standards, (2) determination of a FRAND royalty, and (3) the propriety of injunctive relief for infringement of IPR that is claimed essential to UMTS standards. Samsung has already agreed to produce non-privileged documents responsive to the second and third categories, and the Court should deny Apple's motion as moot as to those documents. The first category – all documents from any action involving "licensing" of UMTS-essential IPR – is patently overbroad. Furthermore, Apple has failed to show why these documents are relevant above and beyond documents from prior litigation involving the determination of a FRAND royalty or the propriety of injunctive relief. Accordingly, Apple's Motion should be denied as to documents from prior litigation.

Apple's motion further seeks documents concerning Samsung's plans and strategies related to UMTS-essential IPR. Samsung has agreed to produce business plans, strategy documents, financial projections and licensing plans applicable to patents that have been declared essential to the UMTS specifications identified in Apple's answer and counterclaims, even if those documents are applicable to other patents as well. Apple has accepted this scope of production, and its Motion should be denied as moot as to these documents.

## BACKGROUND

**1. Samsung's Timely and Proper Objections to Apple's Litigation-Related Requests for Production**

Apple served its Third and Fourth Sets of Requests for Production ("RFPs") on August 3, 2011 and September 9, 2011, respectively.[1] These sets included RFPs 151-154, 185 and 186, which are at issue here. RFP 151 is representative of the scope of these requests:

> "All documents relating to actual or potential litigation or arbitration threatened or filed by or against Samsung, . . . regarding the licensing of any IPR related to the Defined Wireless Standards, including without limitation any and all expert reports and court filings, and transcripts of any deposition, hearing, or other recorded or transcribed proceeding in the arbitrations or litigations."[2]

On September 8, 2011 and October 31, 2011 Samsung served written responses to these requests, objecting on the grounds that the RFPs at issue were (1) overbroad, (2) vague and ambiguous, (3) unduly burdensome, (4) not reasonably calculated to lead to the discovery of admissible evidence, and (5) directed at documents that were publicly available.[3] With respect to overbreadth and undue burden, Samsung was concerned that Apple's requests would force Samsung to scour its files and those of its counsel to determine if there is any document that relates to licenses, royalties, or injunctive relief for IPR related to any "Defined Wireless Standard."[4] Samsung was also concerned that Apple's request was not limited to actual litigation, or even actual arbitration, but included any instance where there was a threat of litigation or arbitration by or against Samsung.

---

[1] Declaration of Joby Martin In Support of Samsung's Opposition to Apple's Motion to Compel ("Martin Decl."), ¶ 2, Ex. 1.
[2] *Id.*
[3] *See* Dkt. 815-1 at v – xiii.
[4] Apple broadly defined the term "Defined Wireless Standards" to include not only UMTS (the group of technological standards to which the Samsung Patents-in-Suit are essential), but also other technologies such as Global System for Mobile communications ("GSM"), Enhanced Data Rates for GSM Evolution ("EDGE"), and GSM Packet Radio Services ("GPRS"). Martin Decl., Ex. 1 at 7. The Samsung patents-in-suit are essential to the UMTS standard only, and relate to just three of the hundreds of specifications that comprise the UMTS standard. *See id.*, Ex. 2.

1        Rather than refuse to produce any documents responsive to these RFPs, however, Samsung
2   offered to meet and confer with Apple in order to determine the relevance of the information
3   sought by these RFPs, and whether the parties might negotiate a narrowed scope of production
4   that would lessen the burden to Samsung.[5]   Despite Samsung's good faith offer to meet and confer,
5   Apple waited until mid-January to send a letter initiating meet and confer discussions regarding
6   the RFPs at issue.[6]

   **2.     Samsung's Good Faith Attempts to Narrow the Scope of Apple's RFPs and
            Resolve the Issued Without Judicial Intervention**

9        By letter dated February 16, 2012, Samsung addressed the two dozen RFPs identified in
10  Apple's letter, and attempted to narrow the scope of the RFPs at issue in an effort to resolve the
11  matter amicably.[7]   Samsung stated that Apple's litigation-related RFPs should be limited to U.S.
12  litigation bearing a technological nexus to the patents-in-suit—the same limitation that Apple
13  imposed on Samsung's corresponding litigation-related RFPs.   Samsung also stated that its
14  production would exclude discovery motions, filings prepared by third parties (which would not
15  be relevant to Samsung's statements or positions in prior litigation), and reports prepared by non-
16  testifying experts.   Finally Samsung insisted that the RFPs be limited to litigation involving
17  patents that are subject to the ETSI IPR policy.[8]
18       Nearly two weeks later, Apple responded by rejecting Samsung's proposed "technological
19  nexus" limitation, stating that such a limitation is only appropriate for patent claims, not antitrust
20  claims.[9]   Apple, however, made no attempt to propose any alternative limitation on subject matter
21  addressed by its RFPs.[10]   Instead, Apple simply stated, without explanation, that "the production
22  is not burdensome."

---

[5]   *See* Dkt. 815-1 at v – xiii.
[6]   Martin Decl., Ex. 3.
[7]   Martin Decl., Ex. 4.
[8]   *Id.*
[9]   *Id.*, Ex. 5.
[10]   Apple did agree to exclude certain types of documents from its requests, such as non-testifying expert reports and filings prepared by third parties.   *See id.*

### 3. Samsung's Final Attempt to Resolve the Issues Raised in Apple's Motion

In a final attempt to resolve this matter without judicial intervention, Samsung wrote to Apple's counsel on March 28, 2012 and offered to produce responsive deposition transcripts, expert reports, and documents concerning the determination of FRAND royalty rates and the availability of injunctive relief for UMTS-essential patents.[11] Apple responded to Samsung's offer by agreeing in principle to withdraw its motion provided that Samsung complete its production by April 5, 2012.[12] Samsung, however, was not in a position to stipulate to completing its production by that date, due to the fact that these documents are in the possession of the attorneys who represented Samsung in these prior cases, as well as the need to either secure third-party consent to this production or prepare redacted versions of every document containing third-party CBI.[13] Samsung offered to substantially complete its production of these documents located after a reasonable search by April 23, 2012.[14]

### 4. The Parties' Agreement Concerning Business Plans, Strategy Documents Financial Projections and Licensing Plans

In its February 16 letter, Samsung agreed to produce its non-privileged responsive "business plans, strategy documents, financial projections and licensing plans that are applicable to patents that have been declared essential to the UMTS specifications identified in Apple's answers and counterclaims (25.212, 25.213, 25.214, and 25.322)."[15] In its Motion, Apple sought clarification as to whether this offer applied only to patents declared essential to the particular UMTS specifications at issue, or whether it included plans and policies applicable to other patents as well.[16] On March 28, 2012, and again on March 29, 2012, Samsung clarified that it will produce, by April 23, 2012, its non-privileged, responsive business plans, strategy documents, financial projections and licensing plans, located after a reasonable search, that are applicable to

---

[11] Martin Decl. Ex. 6
[12] *Id.*, Ex. 7
[13] *Id.* at ¶ 9.
[14] *Id.*, Ex. 8
[15] Martin Decl., Ex. 3.
[16] Dkt. 815-1 at 9-10.

patents that have been declared essential to the UMTS specifications at issue, even if those documents also apply to other patents.

## ARGUMENT

**I.   APPLE'S MOTION IS MOOT AS TO DOCUMENTS FROM LITIGATION RELATING TO FRAND ROYALTIES AND INJUNCTIVE RELIEF, AS WELL AS DOCUMENTS REFLECTING SAMSUNG'S STANDARDS STRATEGIES**

Samsung has agreed to produce non-public documents, expert reports, deposition transcripts and certain other filings from other Samsung litigations relating to the determination of a FRAND royalty for IPR claimed to be essential to the UMTS standard, and the propriety of injunctive relief for the infringement of IPR claimed to be essential to the UMTS standard. Apple's motion is thus unnecessary.

Moreover, Since Apple filed its motion on March 15, 2012, Samsung has clarified that its previous offer to produce business plans, strategy documents, financial projections and licensing plans applicable to the UTMS specifications at issue is not limited to documents that apply exclusively to those patents.   If a particular document applies to other patents as well, Samsung will produce it porivded that the document applies to patents that are declatred essential to the UMTS specifications at issue.   Again, Apple's request is therefore moot, and Apple's motion should be denied on that basis.

**II.   APPLE IS NOT ENTITLED TO ANYTHING BEYOND WHAT SAMSUNG AGREED TO PRODUCE REGARDING LITIGATION DOCS BECAUSE ITS ORIGINAL REQUESTS ARE OVERBROAD AND UNDULY BURDENSOME.**

Despite Apple's claim that the production it seeks is "narrowly tailored" to Samsung's position on issues that are "identical to those in this action," this is hardly the case with respect to its remaining request for documents from litigation involving "licensing" of UMTS-essential IPR. Apple makes no attempt to articulate a basis for concluding that "licensing" of essential IPR is relevant independently of the determination of FRAND royalties and the propriety of injunctive relief.   The Court should therefore deny this request.

As an initial matter, Apple's Motion is not limited to *documents* relating to "licensing" of UMTS-essential IPR.   Rather, Apple seeks nearly all documents from *litigation* involving

"licensing."   Even if Apple's request is limited to *documents* relating to "licensing," this vague and ambiguous request potentially encompasses a variety of sub-issues having no relation to this case.   For example, issues of patent infringement and validity are relevant to whether a license is necessary in the first place—and thus Samsung would be forced to produce infringement and invalidity contentions for unrelated patents, deposition testimony from inventors of unrelated patents, source code, rebuttal expert reports and a multitude of other documents having little or no probative value regarding Samsung's positions in this case.   Likewise, because standards-related litigation often involves infringement claims by both parties, Apple's request would encompass documents relating to exhaustion and the terms of any existing license between Samsung and the opposing party, as well as the value of the opposing party's patent portfolio would also be relevant to "licensing."   None of these issues are relevant to this case, yet Apple seeks to compel their production.

Permitting broad discovery regarding documents relating to "licensing" of all UMTS-essential IPR, regardless of the technology involved, would require production of numerous licensing-related documents that are irrelevant to the particular patents at issue here—which are declared essential to just three of the hundreds of UMTS specifications promulgated by ETSI/3GPP.   The Court has already recognized that Apple's requests for documents relating to all UMTS-essential patents, although "technically relevant" to Apple's defenses and counterclaims, fail the balancing test called for by the Federal Rules.[17]   The same limitation should apply here: Apple, having been denied production of licenses and negotiation documents for all of Samsung's UMTS patents, should not be able to obtain litigation documents relating to all of Samsung's UMTS patents, even if those documents are "technically relevant."

Moreover, any tangential relevance to the issues in this action is outweighed by the undue burden and expense required to locate and produce any responsive documents.   There is no particular file maintained by Samsung that contains all statements or claims asserted in other litigations concerning "licensing" of UMTS-essential IPR.   Nor is it readily apparent from the title of a document or the identity of a deponent whether the document is potentially relevant to

---

[17]   Dkt. 673 at 8-11.

"licensing."  Accordingly, Samsung and its counsel would be required to review virtually all documents and depositions in its other actions in order to make some indeterminate judgment about whether the document relates to "licensing."  Such a burden and expense is unwarranted in light of the tangential relevance, at best, of the information sought.

## CONCLUSION

For the foregoing reasons, the Court should DENY Apple's Motion to Compel.

DATED: March 29, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
Rachel Herrick Kassabian
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC