# EXHIBIT 1

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Civil Action No. 11-CV-01846-LHK<br><br>**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC.** |

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

1

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, a California corporation,

          Counterclaim-Plaintiff,

v.

APPLE INC., a California corporation,

          Counterclaim-Defendants.

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 53-155)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") hereby requests that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") produce documents and things responsive to the following requests (the "Requests") at the office of Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, California, 94304 within thirty (30) days of service of these requests.

**DEFINITIONS**

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any Request:

1. "Samsung," "You," "Your," and/or Defendants mean Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Defendants, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

2. "Apple" means Apple Inc. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

3. "Qualcomm" means Qualcomm Inc. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

4. "Intel" means Intel Corp. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

5. "Samsung Patents-In-Suit" shall mean United States Patent Nos. 6,928,604, 7,050,410, 7,069,055, 7,079,871, 7,200,792, 7,362,867, 7,386,001, 7,447,516, 7,456,893, 7,577,460, 7,675,941, and 7,698,711, individually and collectively, and all foreign counterparts thereof.

6. "The '604 Patent" shall mean U.S. Patent No. 6,928,604, issued on August 9, 2005 and entitled "Turbo Encoding/Decoding Device and Method for Processing Frame Data According to QOS."

3

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

7. "The '410 Patent" shall mean U.S. Patent No. 7,050,410, issued on May 23, 2006 and entitled "Apparatus and Method for Controlling a Demultiplexer and a Multiplexer Used for Rate Matching in a Mobile Communication System."

8. "The '055 Patent" shall mean U.S. Patent No. 7,069,055, issued June 27, 2006 and entitled "Mobile Telephone Capable of Displaying World Time and Method for Controlling the Same."

9. "The '871 Patent" shall mean U.S. Patent No. 7,079,871, issued on July 18, 2006 and entitled "Portable Telephone and Method of Displaying Data Thereof."

10. "The '792 Patent" shall mean U.S. Patent No. 7,200,792, issued on April 3, 2007 and entitled "Interleaving Apparatus and Method for Symbol Mapping in an HSDPA Mobile Communication System."

11. "The '867 Patent" shall mean U.S. Patent No. 7,362,867, issued on April 22, 2008 and entitled "Apparatus and Method for Generating Scrambling Code in UMTS Mobile Communication System."

12. "The '001 Patent" shall mean U.S. Patent No. 7,386,001, issued on June 10, 2008 and entitled "Apparatus and Method for Channel Coding and Multiplexing in CDMA Communication System."

13. "The '516 Patent" shall mean U.S. Patent No. 7,447,516, issued on November 4, 2008 and entitled "Method and Apparatus for Data Transmission in a Mobile Telecommunication System Supporting Enhanced Uplink Service."

14. "The '893 Patent" shall mean U.S. Patent No. 7,456,893, issued on November 25, 2008 and entitled "Method of Controlling Digital Image Processing Apparatus for Efficient Reproduction and Digital Image Processing Apparatus Using the Method."

4

PLAINTIFF AND COUNTERCLAIM DEFENDANT APPLE INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

15.     "The '460 Patent" shall mean U.S. Patent No. 7,577,460, issued on August 18, 2009 and entitled "Portable Composite Communication Terminal for Transmitting/Receiving and Images, and Operation Method and Communication System Thereof."

16.     "The '941 Patent" shall mean U.S. Patent No. 7,675,941, issued on April 13, 2010 and entitled "Method and Apparatus for Transmitting/Receiving Packet Data Using Pre-Defined Length Indicator in a Mobile Communication System."

17.     "The '711 Patent" shall mean U.S. Patent No. 7,698,711, issued on March 9, 2010 and entitled "Multi-Tasking Apparatus and Method in Portable Terminal."

18.     "Samsung Named Inventors" shall mean the persons named as inventors on any of the Samsung Patents-in-Suit: Youn-Hyoung Heo; Ju-Ho Lee; Joon-Young Cho; Young-Bum Kim; Yong-Jun Kwak; Soeng-Hun Kim; Gert-Jan Van Lieshout; Himke Van Der Velde; Jae-Yoel Kim; Hee-Won Kang; Hun-Kee Kim; Gin-Kyn Choi; Jae-Seung Yoon; Noh-Sun Kim; Jun-Sung Lee; Yong-Suk Moon; Hye-Young Lee; Se-Hyoung Kim; Min-Goo Kim; Beong-Jo Kim; Soon-Jae Choi; Chang-Soo Park; Joong-Ho Jeong; Hyeon-Woo Lee; Beong-Jo Kim; Se-Hyong Kim; Min-Goo Kim; Soon-Jae Choi; Young-Hwan Lee; Pyung-soo Kim; Hyuk-soo Son; Sung-ho Eun; Jae-Min Kim; Jeong-Seok Oh; Sang-Ryul Park; and Moon-Sang Jeong.

19.     "Product" means a machine, manufacture, apparatus, device, instrument, mechanism, appliance, or an assemblage of components/parts (either individually or collectively) that are designed to function together electronically, mechanically, chemically, or otherwise, including any offered for sale or under development.

20.     "Software" shall mean and include all forms of code including, but not limited to, source code, object code, firmware, compiled code, byte code, interpreted code, any form of code stored in any storage medium (for example, ROM or Flash RAM chips) on any product, or

5

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

code transmitted to products. Software further includes files written in any programming language, including, but not limited to, "C", "C++", assembler, VHDL, Verilog, digital signal processor ("DSP") programming language, "make" files, "include" files, script files, link files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, microcontroller, and/or DSP.

21. "Mobile Wireless Telecommunications Device(s)" shall mean any device capable of transmitting and receiving cellular telephonic communications.

22. "Accused Apple Product" shall mean any Product made or marketed by or on behalf of Apple that, when made, used, offered for sale, sold, imported, or otherwise practiced in the United States (either by itself or in combination with other devices, methods) by or on behalf of Apple or any user, allegedly constitutes, practices, incorporates, or embodies a device, or method claimed in one or more of the Samsung Patents-in-Suit. This definition includes without limitation any Apple Product that is accused of directly or indirectly infringing one or more of the Samsung Patents-in-Suit, including the iPhone, iPhone 3G, iPhone 3GS and iPhone 4.

23. "Samsung Covered Product" shall mean any Product sold or offered for sale at any time by Samsung that Samsung contends practices any of the Samsung Patents-In-Suit.

24. "3GPP" shall mean Third Generation Partnership Project.

25. "ARIB" shall mean Association of Radio Industries and Businesses.

26. "ETSI" shall mean the European Telecommunications Standards Institute.

27. "Standards Setting Organization" or "SSO" shall mean an organization that adopts standards governing an industry or technological field, and includes without limitation 3GPP, ARIB, and ETSI.

28. "IPR" shall mean intellectual property rights, and includes patent rights.

6

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

29. "Defined Wireless Standards" includes all standards to which Samsung claims or has claimed that its patents are essential, including but not limited to the UMTS standard and any standard that is backwards compatible thereto, including but not limited to Global System for Mobile communications ("GSM"), Enhanced Data Rates for GSM Evolution ("EDGE"), and GSM Packet Radio Services ("GPRS").

30. "Essential" shall mean necessary for implementation of any mobile wireless standard, such that the standard, or some part of the standard, could not be practiced without infringing the patent or technology to which "essential" refers.

31. "Samsung's Alleged Essential Technology" shall mean Samsung technology, IPR, patents, patent applications, or patent rights that Samsung has: (1) identified or declared to an SSO as actually or potentially essential to implement a Defined Wireless Standard; (2) identified or asserted to any actual or prospective licensee as actually or potentially essential to implement a Defined Wireless Standard; or (3) otherwise identified, in internal or external discussions, as actually or potentially essential to implement a Defined Wireless Standard.

32. "FRAND" in relation to licensing or license terms means "fair, reasonable, and non-discriminatory terms and conditions" as those terms are used in the ETSI Intellectual Rights Policy contained in Annex 6 of the ETSI Rules of Procedure.

33. "Litigation" means the above-referenced action, 11-cv-01846 (LHK) in the United States District Court for the Northern District of California.

34. "Answer" shall mean Samsung's Answer and Counterclaims to Apple's Amended Complaint, filed June 30, 2011, in the above-referenced action.

7

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

35. "Counterclaims" shall mean the Counterclaims set forth in Apple's Answer, Defenses and Counterclaims in Reply to Samsung's Counterclaims, filed July 21, 2011, in the above-referenced action.

36. "Person(s)" means natural persons as well as business entities and associations of all sorts, including partnerships, companies, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations.

37. "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26 and 34 and the relevant case law, and the broadest meaning consistent with the terms "writings" or "recordings" as set forth in Rule 1001 of the Federal Rules of Evidence, and specifically and without limitation include tangible things and electronically stored information, including e-mail and information stored on computer disk or other electronic, magnetic, or optical data storage medium. "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

38. "Communication(s)" means the transmittal of information in the form of facts, ideas, inquiries, and any exchange or transfer of information whether written, oral, electronic, or in any form.

39. "Tangible Thing(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law.

40. "Entity" or "Entities" means, including without limitation, corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

41. "Third Party" or "Third Parties" means all persons who are not parties to this Litigation, as well as their officers, directors, employees, agents and attorneys.

8

PLAINTIFF AND COUNTERCLAIM DEFENDANT APPLE INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

42. "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

43. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

44. The use of the singular form of any word includes the plural and vice versa.

45. The singular is to be construed as including the plural and vice versa. "And" as well as "or" are to be construed either disjunctively or conjunctively to acquire the broadest meaning possible, so as to bring within the scope of the Request all information that might otherwise be construed to be outside its scope. The term "all" is to be construed to mean "any" and "each" and vice versa.

46. "Including" shall be construed to mean "including, without limitation" or "including, but not limited to."

## INSTRUCTIONS

1. Each document is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction, and as maintained in the ordinary course of business.

2. If Samsung withholds any documents on a claim of privilege, provide a statement of the claim of privilege and all facts relied upon in support of that claim as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

3. Documents responsive to each Request must be produced in full and subject to any Request being narrowed by the parties' meeting and conferring regarding your

9

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

(b)     documents relating to the competitive position or relative strengths and weaknesses of Samsung's Mobile Wireless Telecommunications Devices and/or any other competing Mobile Wireless Telecommunications Devices;

(c)     documents relating to product and/or technology comparisons between Samsung and any of its actual or potential competitors offering Mobile Wireless Telecommunications Devices;

(d)     documents relating to or comprising actual or projected numbers of customers or revenues from the sale of Mobile Wireless Telecommunications Devices by Samsung or any of its actual or potential competitors;

(e)     documents relating to or comprising an analysis of actual or potential competition for improvements or innovations in features, functions, ease of operation, performance, cost, or other advantages to customers or users of Mobile Wireless Telecommunications Devices; and

(f)     documents relating to or comprising policies and strategies for responding to new entrants in the sale of Mobile Wireless Telecommunications Devices, including mobile wireless handsets complying, conforming with, or using any of the Defined Wireless Standards.

**REQUEST NO. 150**

All documents relating to actual or potential competition between Samsung and Apple.

**REQUEST NO. 151**

All documents relating to actual or potential litigation or arbitration threatened or filed by or against Samsung, including but not limited to *In re Certain 3G WCDMA Handsets (InterDigital v. Samsung)*, No. 337-TA-601 (I.T.C.); *Samsung v. InterDigital*, No. 07-0167 (D. Del.); *Ericsson v. Samsung*, No. 06-0063 (E.D. Tex.); *Rambus v. Hynix et al.*, No. 05-0334 (N.D. Cal.); *In re Rambus*, No. 9302 (F.T.C.); and *Rambus v. Micron*, No. 04-431105 (Cal. Super. Ct.

30

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

San Francisco), regarding the licensing of any IPR related to the Defined Wireless Standards, including without limitation any and all expert reports and court filings, and transcripts of any deposition, hearing, or other recorded or transcribed proceeding in the arbitrations or litigations.

**REQUEST NO. 152**

All documents relating to or containing any claims or statements by Samsung in any litigation or judicial proceeding, including but not limited to *In re Certain 3G WCDMA Handsets (InterDigital v. Samsung)*, No. 337-TA-601 (I.T.C.); *Samsung v. InterDigital*, No. 07-0167 (D. Del.); *Ericsson v. Samsung*, No. 06-0063 (E.D. Tex.); *Rambus v. Hynix et al.*, No. 05-0334 (N.D. Cal.); *In re Rambus*, No. 9302 (F.T.C.); and *Rambus v. Micron*, No. 04-431105 (Cal. Super. Ct. San Francisco), regarding the licensing of IPR that is claimed Essential to any Defined Wireless Standard, the determination of a FRAND royalty rate for any IPR that is claimed Essential to any Defined Wireless Standard, and the propriety of injunctive relief for the infringement of IPR claimed to be Essential to any Defined Wireless Standard.

**REQUEST NO. 153**

All transcripts of depositions or other documents containing any testimony and or statements by Samsung, former Samsung affiliates or employees, or experts retained by Samsung or counsel to Samsung, relating to any litigation or judicial proceeding, including but not limited to *In re Certain 3G WCDMA Handsets (InterDigital v. Samsung)*, No. 337-TA-601 (I.T.C.); *Samsung v. InterDigital*, No. 07-0167 (D. Del.); *Ericsson v. Samsung*, No. 06-0063 (E.D. Tex.); *Rambus v. Hynix et al.*, No. 05-0334 (N.D. Cal.); *In re Rambus*, No. 9302 (F.T.C.); and *Rambus v. Micron*, No. 04-431105 (Cal. Super. Ct. San Francisco), concerning IPR claimed Essential to any Defined Wireless Standard, the determination of a FRAND royalty rate for any IPR

31

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)

allegedly Essential to a Defined Wireless Standard, and the propriety of injunctive relief for the infringement of IPR claimed to be Essential to any Defined Wireless Standard.

**REQUEST NO. 154**

All documents prepared by any expert, including any technical, economic, marketing or licensing experts, retained by Samsung or by counsel to Samsung for any litigation or judicial proceeding, including but not limited to *In re Certain 3G WCDMA Handsets (InterDigital v. Samsung)*, No. 337-TA-601 (I.T.C.); *Samsung v. InterDigital*, No. 07-0167 (D. Del.); *Ericsson v. Samsung*, No. 06-0063 (E.D. Tex.); *Rambus v. Hynix et al.*, No. 05-0334 (N.D. Cal.); *In re Rambus*, No. 9302 (F.T.C.); and *Rambus v. Micron*, No. 04-431105 (Cal. Super. Ct. San Francisco), concerning IPR claimed Essential to any Defined Wireless Standard, the determination of a FRAND royalty rate for any IPR allegedly Essential to a Defined Wireless Standard, and the propriety of injunctive relief for the infringement of IPR claimed to be Essential to any Defined Wireless Standard.

**REQUEST NO. 155**

All documents relating to any Samsung policy or practice for compliance with any federal or state antitrust, unfair competition, or unfair trade practices law.

PLAINTIFF AND COUNTERCLAIM DEFENDANT APPLE INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS
Case No. 11-cv-01846 (LHK)