# EXHIBIT 8

**Joby Martin**

| | |
|---|---|
| **From:** | Randa Osman |
| **Sent:** | Thursday, March 29, 2012 9:22 PM |
| **To:** | 'Kolovos, Peter'; Rachel Herrick Kassabian |
| **Cc:** | 'Walden, S. Calvin' |
| **Subject:** | RE: Apple v. Samsung; Motion to Compel |

Peter,

Samsung agrees to the modifications that Apple proposed concerning the scope of production (these are set forth below in yellow highlighting). However, Samsung is unable to agree to produce the responsive documents by April 5th. This is simply not enough time to collect and review the documents, particularly since they are in the possession of others and are located on different continents. Also, it is anticipated that a number of the responsive documents may also contain third party CBI and be subject to a protective order that would require redaction and/or third party consent before production. In light of these issues, Samsung believes that it can substantially complete its production by April 23, 2012. Also, Samsung would like to clarify that it will be producing litigation documents relating to IPR that is claimed essential to the UMTS standard, not any ETSI Wireless standard, as previously stated. This is reflected in green below.

Please let me know if this is acceptable to Apple and if Apple will take its motion to compel off calendar in light of this proposal.

Regards,

Randa


Dear Calvin,

In a further effort to resolve the matters raised in Apple's Motion to Compel concerning documents from other litigations, Samsung is willing to agree to the following:

> Samsung agrees to produce by April 23 non-privileged documents, if any, that it is able to locate after conducting a reasonable search, responsive to the following categories of documents for litigation in the US and foreign jurisdictions, excluding any responsive discovery motions, filings by third parties, and documents prepared by nontestifying experts:
>
>> Documents, including briefing not publicly available on Pacer, deposition or other testimony of Samsung's current or former employees or its testifying experts, and reports prepared by Samsung's testifying experts, relating to or containing any claims or statements by Samsung in any litigation or judicial proceeding, regarding the determination of a FRAND royalty rate for any IPR that is claimed Essential to the UMTS Standard, and the propriety of injunctive relief for the infringement of IPR claimed to be Essential to the UMTS Standard.

As to Apple's Request No. 134, as indicated in Rachel Herrick Kassabian's February 16, 2012 letter to you, Samsung previously offered to produce its non-privileged responsive "business plans, strategy documents, financial projections and licensing plans that are applicable to patents that have been declared essential to the UMTS specifications identified in Apple's answers and counterclaims (25.212, 25.213, 25.214, and 25.322)."

1

Apple accepted this proposal but seeks clarification as to the scope of production.  Specifically, Apple wants to know if Samsung intends to include in its production only business plans, strategy documents, financial projections and licensing plans that, by their terms, apply only to patents declared essential to UMTS specifications identified in Apple's answer and counterclaims.  To be clear, Samsung will produce by April 23 its non-privileged, responsive business plans, strategy documents, financial projections and licensing plans, located after a reasonable search, that are applicable to patents that have been declared essential to the UMTS specifications identified in Apple's answer and counterclaim, even if those business plans and other responsive documents also apply to other patents, to UMTS generally and/or to 3G generally.  Of course, Samsung reserves the right to make redactions as appropriate to protect its confidential, proprietary information and/or trade secrets.

Regards,

Randa

**Randa Osman**
*Partner,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3138 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
randaosman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Kolovos, Peter [mailto:Peter.Kolovos@wilmerhale.com]
**Sent:** Wednesday, March 28, 2012 3:07 PM
**To:** Randa Osman; Rachel Herrick Kassabian
**Cc:** Walden, S. Calvin; Kolovos, Peter
**Subject:** RE: Apple v. Samsung; Motion to Compel

Randa,

Calvin is out of the office today but forwarded your email to my attention.

Apple is willing to agree to the proposal outlined below with the modifications that we have highlighted in your text.  If these changes are acceptable, we will put this language into an agreed upon stipulation and order to be entered by Judge Grewal.

We look forward to your response.

-- Peter

**From**: Randa Osman [mailto:randaosman@quinnemanuel.com]
**Sent**: Wednesday, March 28, 2012 12:43 PM
**To**: Walden, S. Calvin
**Cc**: Rachel Herrick Kassabian <rachelkassabian@quinnemanuel.com>
**Subject**: Apple v. Samsung; Motion to Compel

Dear Calvin,

In a further effort to resolve the matters raised in Apple's Motion to Compel concerning documents from other litigations, Samsung is willing to agree to the following:

> Samsung agrees to produce by April 5 non-privileged documents, if any, that it is able to locate after conducting a reasonable search, responsive to the following categories of documents for litigation in the US and foreign jurisdictions, excluding any responsive discovery motions, filings by third parties, and documents prepared by nontestifying experts:
>
>> Documents, including briefing not publicly available on Pacer, deposition or other testimony of Samsung's current or former employees or its testifying experts, and reports prepared by Samsung's testifying experts, relating to or containing any claims or statements by Samsung in any litigation or judicial proceeding, regarding the determination of a FRAND royalty rate for any IPR that is claimed Essential to any ETSI Wireless Standard, and the propriety of injunctive relief for the infringement of IPR claimed to be Essential to any ETSI Wireless Standard.

As to Apple's Request No. 134, as indicated in Rachel Herrick Kassabian's February 16, 2012 letter to you, Samsung previously offered to produce its non-privileged responsive "business plans, strategy documents, financial projections and licensing plans that are applicable to patents that have been declared essential to the UMTS specifications identified in Apple's answers and counterclaims (25.212, 25.213, 25.214, and 25.322)."

Apple accepted this proposal but seeks clarification as to the scope of production. Specifically, Apple wants to know if Samsung intends to include in its production only business plans, strategy documents, financial projections and licensing plans that, by their terms, apply only to patents declared essential to UMTS specifications identified in Apple's answer and counterclaims. To be clear, Samsung will produce by April 5 its non-privileged, responsive business plans, strategy documents, financial projections and licensing plans, located after a reasonable search, that are applicable to patents that have been declared essential to the UMTS specifications identified in Apple's answer and counterclaim, even if those business plans and other responsive documents also apply to other patents, to UMTS generally and/or to 3G generally. Of course, Samsung reserves the right to make redactions as appropriate to protect its confidential, proprietary information and/or trade secrets.

I trust that the proposals set forth in this email adequately address the issues raised in Apple's Motion to Compel. Please let me know if Apple is willing to accept Samsung's proposals and take its Motion to Compel off calendar. In light of the filing deadline for Samsung's Opposition papers, I would appreciate it if you would respond by the close of business today.

Regards,

3

Randa Osman


**Randa Osman**
*Partner,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3138 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
randaosman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.