# EXHIBIT 3

# WILMERHALE

January 13, 2012

S. Calvin Walden

+1 212 937 7215(t)
+1 212 230 8888(f)
calvin.walden@wilmerhale.com

Rachel Kassabian, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

Re: *Apple Inc. v. Samsung Electronics Co. Ltd. et al.*, Case No. 11-cv-01846-LHK (N.D. Cal.)

Dear Rachel:

I write to confirm the status of our meet and confer discussions with respect to Apple's requests for production of documents by Samsung in the categories described below, and to apprise Samsung that we will put these items on the agenda for the upcoming discovery meet-and-confers.

## Requests Previously Addressed

Each of the requests below has been discussed in the meet and confer process. If Samsung cannot immediately confirm that it will produce documents in response to each document request set forth below by January 27, 2012, we will need to include the request on the agenda for the next lead counsel in-person meeting being scheduled for January 16, 2012.

## Request No. 115

*Documents sufficient to show royalties and any other payments paid to Samsung by each licensee or sublicensee, on a quarterly and annual basis, pursuant to any license or sublicense granted under any of the Samsung Patents-In-Suit or under a portfolio including any Samsung Patent-In-Suit.*

On December 13, 2011, Samsung offered to produce, "documents sufficient to show royalty payments made by each licensee" which licensed a patent in suit. While we moved to compel Samsung's licenses and documents concerning Samsung's license negotiations for patents deemed standards-essential, we did not move to compel royalty payment information given the status of the parties' negotiations and Samsung's December 13, 2011 offer. Please confirm that Samsung will provide this royalty information for all of the licenses it produces in this litigation by January 27, 2012.

## Request No. 131

*All documents relating to or comprising communications, statements, submissions, or presentations by Samsung regarding licensor demands—including demands made by Samsung—for licenses of patents not Essential to any standard in exchange for a license to some or all of the licensor's—including Samsung's—patents that are claimed to be Essential to a standard.*

WILMERHALE

Rachel Kassabian, Esq.
January 13, 2012
Page 2

Please confirm whether or Samsung will provide documents responsive to this request by January 27, 2012.

**Request No. 140**

*Documents sufficient to show any incentives, awards, bonuses, compensation, or special payments provided by Samsung to inventors, including without limitation inventors of the Samsung Patents-In-Suit, or anyone acting on Samsung's behalf, in consideration of filing patents or patent applications that may be or are declared essential to a Defined Wireless Standard.*

Please confirm whether or Samsung will provide documents responsive to this request by January 27, 2012.

**Request No. 141**

*Documents sufficient to show any incentives, awards, bonuses, compensation, or special payments provided by Samsung to employees or anyone acting on Samsung's behalf in consideration for having Samsung IPR proposed for adoption or adopted as part of a Defined Wireless Standard.*

Please confirm whether or Samsung will provide documents responsive to this request by January 27, 2012.

**Request No. 151**

*All documents relating to actual or potential litigation or arbitration threatened or filed by or against Samsung, including but not limited to In re Certain 3G WCDMA Handsets (InterDigital v. Samsung), No. 337-TA-601 (I.T.C.); Samsung v. InterDigital, No. 07-0167 (D. Del.); Ericsson v. Samsung, No. 06-0063 (E.D. Tex.); Rambus v. Hynix et al., No. 05-0334 (N.D. Cal.); In re Rambus, No. 9302 (F.T.C.); and Rambus v. Micron, No. 04-431105 (Cal. Super. Ct. San Francisco), regarding the licensing of any IPR related to the Defined Wireless Standards, including without limitation any and all expert reports and court filings, and transcripts of any deposition, hearing, or other recorded or transcribed proceeding in the arbitrations or litigations.*

Please confirm whether Samsung will produce documents responsive to this request by January 27, 2012 if Apple agrees to limit the request to exclude documents available in full, unredacted form on Pacer (or other publicly available docket system) and to exclude discovery motions even if not fully available on Pacer (or other publicly available docket system).

<div style="text-align: right">WILMERHALE</div>

Rachel Kassabian, Esq.
January 13, 2012
Page 3

### Request No. 152

*All documents relating to or containing any claims or statements by Samsung in any litigation or judicial proceeding, including but not limited to In re Certain 3G WCDMA Handsets (InterDigital v. Samsung), No. 337-TA-601 (I.T.C.); Samsung v. InterDigital, No. 07-0167 (D. Del.); Ericsson v. Samsung, No. 06-0063 (E.D. Tex.); Rambus v. Hynix et al., No. 05-0334 (N.D. Cal.); In re Rambus, No. 9302 (F.T.C.); and Rambus v. Micron, No. 04-431105 (Cal. Super. Ct. San Francisco), regarding the licensing of IPR that is claimed Essential to any Defined Wireless Standard, the determination of a FRAND royalty rate for any IPR that is claimed Essential to any Defined Wireless Standard, and the propriety of injunctive relief for the infringement of IPR claimed to be Essential to any Defined Wireless Standard.*

Please confirm whether Samsung will produce documents responsive to this request by January 27, 2012 if Apple agrees to limit the request to exclude documents available in full, unredacted form on Pacer (or other publicly available docket system) and to exclude discovery motions even if not fully available on Pacer (or other publicly available docket system).

### Request No. 153

*All transcripts of depositions or other documents containing any testimony and or statements by Samsung, former Samsung affiliates or employees, or experts retained by Samsung or counsel to Samsung, relating to any litigation or judicial proceeding, including but not limited to In re Certain 3G WCDMA Handsets (InterDigital v. Samsung), No. 337-TA-601 (I.T.C.); Samsung v. InterDigital, No. 07-0167 (D. Del.); Ericsson v. Samsung, No. 06-0063 (E.D. Tex.); Rambus v. Hynix et al., No. 05-0334 (N.D. Cal.); In re Rambus, No. 9302 (F.T.C.); and Rambus v. Micron, No. 04-431105 (Cal. Super. Ct. San Francisco), concerning IPR claimed Essential to any Defined Wireless Standard, the determination of a FRAND royalty rate for any IPR allegedly Essential to a Defined Wireless Standard, and the propriety of injunctive relief for the infringement of IPR claimed to be Essential to any Defined Wireless Standard.*

Please confirm whether Samsung will produce documents responsive to this request by January 27, 2012 if Apple agrees to limit the request to exclude documents available in full, unredacted form on Pacer (or other publicly available docket system).

### Request No. 154

*All documents prepared by any expert, including any technical, economic, marketing or licensing experts, retained by Samsung or by counsel to Samsung for any litigation or judicial proceeding, including but not limited to In re Certain 3G WCDMA Handsets (InterDigital v. Samsung), No. 337-TA-601 (I.T.C.); Samsung v. InterDigital, No. 07-0167 (D. Del.); Ericsson v. Samsung, No. 06-0063 (E.D. Tex.); Rambus v. Hynix et al., No. 05-0334 (N.D. Cal.); In re*

WILMERHALE

Rachel Kassabian, Esq.
January 13, 2012
Page 4

*Rambus*, No. 9302 (F.T.C.); and *Rambus v. Micron*, No. 04-431105 (Cal. Super. Ct. San Francisco), concerning IPR claimed Essential to any Defined Wireless Standard, the determination of a FRAND royalty rate for any IPR allegedly Essential to a Defined Wireless Standard, and the propriety of injunctive relief for the infringement of IPR claimed to be Essential to any Defined Wireless Standard.

Please confirm whether Samsung will produce documents responsive to this request by January 27, 2012 if Apple agrees to limit the request to exclude documents available in full, unredacted form on Pacer (or other publicly available docket system).

### Request No. 160

*All documents and things evidencing Samsung's licensing program, including without limitation documents sufficient to identify all licensing personnel, location of said personnel, and duties of said personnel.*

Please confirm whether Samsung will produce documents responsive to this request by January 27, 2012.

### Request No. 185

*To the extent not duplicative of other requests, all documents relating to or containing any claims or statements by Samsung in any litigation or judicial proceeding, including by not limited to litigation or proceedings outside of the United States, regarding the licensing of IPR that is claimed Essential to any Defined Wireless Standard, the determination of a FRAND royalty rate for any IPR that is claimed Essential to any Defined Wireless Standard, and the propriety of injunctive relief for the infringement of IPR claimed to be Essential to any Defined Wireless Standard.*

Please confirm whether Samsung will produce documents responsive to this request by January 27, 2012 if Apple agrees to limit the request to exclude documents available in full, unredacted form on Pacer (or other publicly available docket system) and to exclude discovery motions even if not fully available on Pacer (or other publicly available docket system).

### Request No. 186

*To the extent not duplicative of other requests, all transcripts of depositions or other documents containing any testimony and/or statements by Samsung, current or former Samsung affiliates or employees, or experts retained by Samsung or counsel to Samsung, relating to any litigation or judicial proceeding, including by not limited to litigation or proceedings outside of the United States, concerning IPR claimed Essential to any Defined Wireless Standard, the*

WILMERHALE

Rachel Kassabian, Esq.
January 13, 2012
Page 5

determination of a FRAND royalty rate for any IPR allegedly Essential to a Defined Wireless Standard, and the propriety of injunctive relief for the infringement of IPR claimed to be Essential to any Defined Wireless Standard.

Please confirm whether Samsung will produce documents responsive to this request by January 27, 2012 if Apple agrees to limit the request to exclude documents available in full, unredacted form on Pacer (or other publicly available docket system).

### Request No. 187

To the extent not duplicative of other requests, all documents prepared by any expert, including any technical, economic, marketing or licensing experts, retained by Samsung or by counsel to Samsung for any litigation or judicial proceeding, including by not limited to litigation or proceedings outside of the United States, concerning IPR claimed Essential to any Defined Wireless Standard, the determination of a FRAND royalty rate for any IPR allegedly Essential to a Defined Wireless Standard, and the propriety of injunctive relief for the infringement of IPR claimed to be Essential to any Defined Wireless Standard.

Please confirm whether Samsung will produce documents responsive to this request by January 27, 2012 if Apple agrees to limit the request to exclude documents available in full, unredacted form on Pacer (or other publicly available docket system).

### Additional Requests Discussed in Walden 10/13/11 Letter to Maroulis

For each of the requests below, which were initially discussed in my October 13, 2011 letter to Victoria Maroulis and in follow-up meet-and-confers, we need immediate confirmation from Samsung that it will complete its production of responsive, non-privileged documents by January 27, 2012.

### Request No. 67

All documents relating to the research, design, development, manufacture, assembly, testing, or operation of any Product that allegedly embodies, falls within the scope of, is, or the use of which is or will be, covered by any claim of the Samsung Patents-In-Suit, including without limitation any engineering notebooks, laboratory notebooks, memoranda, design reviews, progress reports, technical reports, drawings, schematics, specifications, diagrams, electronically stored information, diaries, calendars, or test results.

### Request No. 113

WILMERHALE

Rachel Kassabian, Esq.
January 13, 2012
Page 6

*All documents relating to any policy, practice, custom, guideline, or procedure of Samsung with respect to licensing patents or any intellectual property.*

**Request No. 117**

*All documents provided to Samsung's licensees regarding the use, design, development, testing, manufacture, and operation of any product embodying the invention claimed in any claim of any Samsung Patent-In-Suit, including without limitation instruction product manuals, data sheets, installation manuals, retail kits, diagnostic software, installation software, or specifications.*

**Request No. 132**

*All documents concerning any actual or potential resistance, reluctance or refusal by any person participating in the standardization process for any Defined Wireless Standard not to license its IPR to others on FRAND terms, including without limitation documents concerning Samsung's reaction and positions, public statements by Samsung, and any internal discussions within Samsung concerning any such resistance, reluctance or refusal.*

**Request No. 133**

*All documents relating to industry customs, practices, or policies with respect to the licensing of patents claimed to be Essential to any standard that covers Mobile Wireless Telecommunications Devices.*

**Request No. 134**

*All documents relating to any Samsung plan, whether adopted or not, for the development, marketing or licensing of IPR that is Essential or allegedly Essential to any of the Defined Wireless Standards, including without limitation, business plans, short-term and long-range strategies and objectives, budgets and financial projections, research and development plans, technology licensing plans, valuations or attempts to estimate the actual or potential value of the license, and presentations to management committees, executive committees, and boards of directors.*

**Additional Requests**

The following requests were included in Apple's Request for Production served September 19, 2011. In response, Samsung indicated a willingness to meet and confer on these topics. Samsung needs to complete its production of non-privileged documents responsive to these topics by January 27, 2011.

WILMERHALE

Rachel Kassabian, Esq.
January 13, 2012
Page 7

**Request No. 175**

All documents concerning transport channel processing technology, including but not limited to segmentation, multiplexing, channel coding and interleaving that, prior to July 7, 1999, was known, patented, conceived, described, used, made, created, analyzed, tested, standardized, developed, or in development.

**Request No. 176**

All documents concerning transport channel processing technology developed in whole or part by Samsung, whether or not implemented in a commercial product or standard. This includes, but is not limited to, all documents and things concerning the conception, creation, development, testing, analysis, implementation, negotiation, standardization, or selection of transport channel processing technology, including without limitation all documents constituting or concerning: (a) Samsung's participation therein; (b) channel coding; (c) radio frame segmentation; (d) radio frame equalization; (e) transport channel multiplexing; (f) physical channel segmentation; (g) any draft or version of any specification ultimately standardized as TS 25.212, and any follow-on draft or version of TS 25.212; (h) proposals and submissions to GSM/ETSI/3GPP regarding transport channel processing technology from any party, including without limitation Samsung; (i) selection of features and technologies for transport channel processing technology; (j) any feature or technology considered, proposed, analyzed, or tested for inclusion in TS 25.212; (k) all of Samsung's internal documentation, work, research, analysis, and testing concerning transport channel processing technology; (l) all of Samsung's IPR declarations concerning or relating to transport channel processing technology; (m) all of Samsung's internal documentation concerning its IPR declarations concerning or relating to transport channel processing technology, including for example discussion or analysis about what patents to declare essential (or not declare essential) and when.

**Request No. 179**

All documents concerning data packet construction developed in whole or part by Samsung, whether or not implemented in a commercial product or standard. This includes, but is not limited to, all documents and things concerning the conception, creation, development, testing, analysis, implementation, negotiation, standardization, or selection of data packet construction, including without limitation all documents constituting or concerning: (a) Samsung's participation therein; (b) data packet segmentation; (c) data packet concatenation; (d) data packet padding; (f) length indicator optimization; (g) pre-defined length indicator values; (h) alternative header extension bits; (i) RLC-SDU alignment; (j) any draft or version of any specification ultimately standardized as TS 25.322 and/or TS 25.306, and any follow-on draft or version of TS 25.322 and/or TS 25.306; (k) proposals and submissions to GSM/ETSI/3GPP regarding data packet construction from any party, including without

*limitation Samsung; (l) selection of features and technologies for data packet construction; (m) any feature or technology considered, proposed, analyzed, or tested for inclusion in TS 25.322 and/or TS 25.306; (n) all of Samsung's internal documentation, work, research, analysis, and testing concerning data packet construction; (o) all of Samsung's IPR declarations concerning or relating to data packet construction; and (p) all of Samsung's internal documentation concerning its IPR declarations concerning or relating to data packet construction, including for example discussion or analysis about what patents to declare essential (or not declare essential) and when.*

**Request No. 180**

*All documents, including without limitation documents constituting or concerning communications within Samsung, between Samsung and any third party, constituting or concerning data packet construction proposed, considered for proposal, conceived, created, developed, tested, analyzed, or selected for inclusion in any telecommunication standard, including without limitation 3GPP TS 25.322 and 3GPP TS 25.306.*

**Request No. 182**

*All documents concerning uplink transmission power control developed in whole or part by Samsung, whether or not implemented in a commercial product or standard. This includes, but is not limited to, all documents and things concerning the conception, creation, development, testing, analysis, implementation, negotiation, standardization, or selection of data packet construction, including without limitation all documents constituting or concerning: (a) Samsung's participation therein; (b) HARQ; (c) retransmission of packets; (d) enhanced uplink dedicated channel (E-DCH); (f) enhanced uplink dedicated physical data channel (E-DPDCH); (g) enhanced uplink dedicated physical control channel (E-DPCCH); (h) power factor scaling; (i) any draft or version of any specification ultimately standardized as TS 25.214 and/or TS 25.213, and any follow-on draft or version of TS 25.214 and/or TS 25.213; (j) proposals and submissions to GSM/ETSI/3GPP regarding uplink transmission power control from any party, including without limitation Samsung; (k) selection of features and technologies for uplink transmission power control; (l) any feature or technology considered, proposed, analyzed, or tested for inclusion in TS 25.214 and/or TS 25.213; (n) all of Samsung's internal documentation, work, research, analysis, and testing concerning uplink transmission power control; (o) all of Samsung's IPR declarations concerning or relating to uplink transmission power control; and (p) all of Samsung's internal documentation concerning its IPR declarations concerning or relating to uplink transmission power control, including for example discussion or analysis about what patents to declare essential (or not declare essential) and when.*

**Request No. 183**

WILMERHALE

Rachel Kassabian, Esq.
January 13, 2012
Page 9

  All documents, including without limitation documents constituting or concerning communications within Samsung, between Samsung and any third party, constituting or concerning uplink transmission power control proposed, considered for proposal, conceived, created, developed, tested, analyzed, or selected for inclusion in any telecommunication standard, including without limitation 3GPP TS 25.214 and 3GPP TS 25.213.

Sincerely,

*[signature]*

S. Calvin Walden

cc: Counsel of Record