HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S REPLY MEMORANDUM IN SUPPORT OF ITS RULE 37(b)(2) MOTION BASED ON SAMSUNG'S VIOLATION OF THE COURT'S DECEMBER 22, 2011 ORDER REGARDING SOURCE CODE**<br><br>Date:     April 24, 2012<br>Time:    10:00 a.m.<br>Place:   Courtroom 5, 4th Floor<br>Judge:  Hon. Paul S. Grewal |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................................. 1

I.    ARGUMENT ........................................................................................................................ 2

    A.    Samsung Violated the December 22 Order. ............................................................. 2

    B.    The Court's January 27 Order Did Not Address Source Code. ............................... 4

    C.    The Relief Requested By Apple Is Appropriate and Necessary. ............................. 5

    D.    Apple Has Acted in Good Faith. .............................................................................. 8

II.    CONCLUSION ................................................................................................................... 10

APPLE INC.'S REPLY MEM. ISO RULE 37(b)(2) MOT. BASED ON SAMSUNG'S VIOLATION OF DEC. 22 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3124445

i

**INTRODUCTION**

Samsung's opposition confirms that Samsung violated the Court's December 22, 2011 Order. That Order required Samsung to produce source code for the accused functionalities in the products that Apple accuses of infringement by December 31, 2011. In addition to the source code for several versions of accused products that Samsung *never produced*, Samsung admits that it waited until late January 2012 or mid-March 2012 (*i.e.*, after the discovery cutoff) to produce other responsive code. These undisputed facts are fatal for Samsung.

Samsung offers just one implausible excuse for its refusal to produce source code as required by the Court. Samsung contends that the December 22 Order only required it to produce *one version* of code for each accused product (the version that existed when the product was first released). According to Samsung, the Court's January 27, 2012 Order directed it to produce code for later versions, but that Order also allowed Samsung to negotiate a stipulation that would obviate the need to produce all of the responsive code. This is false. The December 22 Order directed Samsung to produce the relevant source code for all versions of its accused products. The January 27 Order, by contrast, did not address source code and has no bearing on this motion.

Samsung's mischaracterizations do not end there. Samsung also pretends it made "good faith efforts" to negotiate a stipulation identifying representative source code for the accused functionalities. In fact, only Apple made sincere efforts to negotiate such a stipulation. Samsung responded by dragging its feet. Now that Samsung belatedly produced a few additional cherry-picked portions of source code that it characterizes as "design arounds," Samsung proposes a stipulation that is the antithesis of good faith. Samsung proposes that the "design around" code it implemented to avoid infringement—some of which it produced after discovery closed—should be retroactively deemed to represent the way that Samsung's products operated *even before* the lawyer-driven modifications were implemented in Samsung's products.

The record is clear. Samsung violated the December 22 Order by producing source code for just one version of each accused product by December 31st, and thereby deprived Apple of evidence that is critical to its infringement case. The Court should now deem that, for purposes of assessing infringement, the one version of each accused product for which Samsung timely

APPLE INC.'S REPLY MEM. ISO RULE 37(b)(2) MOT. BASED ON SAMSUNG'S VIOLATION OF DEC. 22 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3124445

1

produced source code is representative of all versions of that product. This is the narrowest measure that will prevent Samsung from profiting by its misconduct.

## I. ARGUMENT

### A. Samsung Violated the December 22 Order.

Samsung concedes that it only produced source code for one version of its accused products by December 31, 2011. (Dkt. No. 796-1 at 2; Opp. at 3, 5 (referring to "the release-version" Samsung produced).) Samsung's claim that it did not violate the December 22 Order rests on the premise that the Order required production of source code for *only* the version of each accused product as it was first released. (Opp. at 5.) The Order does not say that.

The December 22 Order states that "Samsung shall produce the source code and technical documents requested by Apple's [December] motion." (Dkt. No. 537 at 2.) Apple's December Motion had unambiguously requested source code for all the accused products—including all versions thereof—to the extent such code related to any of nine accused functionalities. (Dkt. No. 467-21 at 2-3.) Apple's Proposed Order even requested that Samsung organize its production of code "according to, among other things, Android *version*." (*Id*. at 3 (emphasis added).)

The document requests on which Apple moved also show that Apple asked for relevant source code for all versions of the accused products.

- RFP No. 223 requested "[a]ll Source Code ... showing the operation of elements of the Products at Issue that are alleged to infringe any of the Patents at Issue." (Dkt. No. 467-1 at xvi.)
- RFP No. 224 sought "[a]ll Source Code ... *for each version* of the operating system" in the accused products. (*Id*. at xvii (emphasis added).)
- RFP No. 228 requested "the Source Code … *for each version* of any software, firmware, program(s), library(ies) or other system used to control the touch screens" in the accused products. (*Id*. at xx (emphasis added).)
- RFP No. 232 asked for "[a]ll Source Code ... *for each version* of each Samsung application installed in the Products at Issue…." (*Id*. at xxiv (emphasis added).)
- RFP Nos. 241-242 sought "[a]ll Source Code" used to "control the touch screens" or to "operate the touch screens" of any accused product. (*Id*. at , xxviii-xxix.)

In case there was any doubt, all these Requests defined "Source Code" to include "released and unreleased *versions*." (Reply Pernick Decl. Exh. A at 5 (emphasis added).)

APPLE INC.'S REPLY MEM. ISO RULE 37(b)(2) MOT. BASED ON SAMSUNG'S VIOLATION OF DEC. 22 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3124445

2

Apple's December Motion thus sought all versions of source code relating to the asserted patents, and that is the relief the Court granted. To the extent the December 22 Order denied Apple's motion, it did so only with respect to *non*-source code documents sought by certain Document Requests on which the parties had not adequately met and conferred. (Dkt. No. 537 at 2-3 & n. 2.) Those Requests asked for materials such as version histories and change logs showing the dates that different source code versions were implemented. None of them sought code itself. Samsung's contention that the December 22 Order only required it to produce source code for one version of each product by December 31st flies in the face of this record.

Samsung's suggestion that the first-released version of each accused product is the "most relevant" fares no better. (Opp. at 3.) The December 22 Order did not direct Samsung to produce the version of code that it deemed "most relevant." Samsung's assumption is flawed in any event: Apple alleges that the accused products "ha[ve] infringed and continue[] to infringe…." (Dkt. No. 75 at ¶¶ 186, 192, 198, 204, 210, 216, 222, 228.) Even Samsung admits that Apple alleges infringement "*from* the date of release," not just "on" the date of release. (Opp. at 3 n.2.)

Apple cannot be sure of the full extent to which Samsung has withheld responsive source code that should have been produced by December 31st. Samsung's own change logs, however, indicate that Samsung has—to this date—withheld source code for several hundred versions of its accused products. (Dkt. No. 796-1 at 2; Reply Pernick Decl. Ex. D.) On top of that, Samsung has made three untimely productions of "design around" source code. Samsung claims that it implemented each of these three portions of code in accused products before December 31st, yet it chose not to produce the code until long after that deadline. These three breaches are clear.

<u>Source Code Relating to '381 Patent</u>. On January 23, 2012, Samsung produced source code purportedly relating to its attempt to "design around" the '381 Patent. (Dkt. No. 834-1 ¶ 6; Opp. at 7-8, 9 (referring to design-around code produced on January 23, 2012).) Samsung contends that this code was present in accused products by August 12, 2011—more than 4.5 months before the deadline to produce source code. (Dkt. No. 834-1 ¶ 6.) But Samsung offers no explanation for its failure to produce this code by December 31st, other than that the December 22 Order just required an earlier version of Samsung's source code. As shown above, this is untrue.

APPLE INC.'S REPLY MEM. ISO RULE 37(b)(2) MOT. BASED ON SAMSUNG'S VIOLATION OF DEC. 22 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3124445

3

<u>Source Code Relating to '891 Patent</u>.  Samsung also produced code purportedly relating to its attempted design around of the '891 Patent on March 10, 2012.  (Dkt. No. 834-1 ¶ 7; Opp. at 7-8, 9 (referring to design-around code produced on March 10, 2012).)  Samsung asserts that this code was in accused products as of December 23, 2011.  (Dkt. No. 834-1 ¶ 7.)  But Samsung does not explain why it withheld this code for 2.5 months past the December 31st deadline and *until after the discovery cutoff*.  Samsung's only excuse is based on its misread of the December Order.

<u>Source Code Relating to '163 Patent</u>.  Samsung's production on March 12, 2012 of source code purportedly relating to its attempt to design around Apple's '163 Patent also violated the December 22 Order.  (Dkt. No. 834-1 ¶ 8; Opp. at 7-8, 9 (referring to design-around source code produced on March 12, 2012).)  Samsung states that it used this code in products by December 23, 2011 (Dkt. No. 834-1 ¶ 8), but still withheld the code until 2.5 months after the Court's deadline and *until four days after the discovery cutoff*.  This production too was untimely.

**B.    The Court's January 27 Order Did Not Address Source Code.**

Knowing that it repeatedly violated the December 22 Order, Samsung tries to shift the Court's focus to the January 27 Order.  Samsung contends that the January 27 Order—not the December 22 Order—required it to produce source code for versions of the accused products that were released after their initial launch, and that this Order also gave Samsung the option to negotiate a stipulation regarding the representative use of source code across product versions in lieu of producing additional code.  However, Samsung's source code was not at issue in Apple's January motion and was not addressed by the January 27 Order.

Apple's January 11, 2012 motion to compel did not seek source code.  The December 22 Order had *already granted* all of Apple's requests for source code.  The December 22 Order at the same time denied 14 Apple requests for *non-source code* technical documents because the parties had not yet met and conferred on them (Dkt. No. 537 at 2-3), and so Apple then met and conferred with Samsung over those 14 document requests.  Apple filed another motion when the negotiations failed.

The documents Apple sought related to the evolution, features, and updates of software for the accused products, and to the design and manufacture of hardware for the products.  The

APPLE INC.'S REPLY MEM. ISO RULE 37(b)(2) MOT. BASED ON SAMSUNG'S VIOLATION OF DEC. 22 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3124445

4

requested documents included version histories, change logs, and other documents explaining—in narrative, textual, or numerical form—the dates and affected products for source code updates. But they did not include the source code itself, *on which Apple had already successfully moved*. The plain text of Apple's proposed order—especially in contrast to the proposed order from December—makes this crystal clear (*compare* Dkt. No. 616 at 1-3 *with* Dkt. No. 467-1 at 2-3), and Samsung quotes nothing from the January Order or Apple's proposed order to support its tortured interpretation. Since source code was not at issue in Apple's January motion, the January 27 Order granting that motion had no impact on Samsung's duty to comply with the December 22 Order by producing all of its responsive source code.

Even if the January 27 Order did direct Samsung to produce its source code for all the accused products, Samsung would have violated that Order as well. The January 27 Order required production by February 3rd. (Dkt. No. 673 at 2, 11-12.) Samsung concedes that it has never produced many versions of source code for the accused products, and that it produced its "design around" code as late as mid-March. While the January 27 Order gave Samsung latitude to "negotiate a stipulation that its production adequately represents the functionality of the entire set of accused products" (Opp. at 3 n. 2, 4), Samsung failed to do that too. Samsung did not even propose a stipulation until March 15th—long after the February 3rd deadline had passed. Samsung's failure to produce all of its responsive source code by December 31st violated the December 22 Order. Samsung's reliance on the January 27 Order is a diversionary tactic.

### C. The Relief Requested By Apple Is Appropriate and Necessary.

Samsung's failure to produce all of its responsive source code by December 31st establishes that it violated the December 22 Order. Sanctions are warranted on this ground alone. *See Computer Task Group, Inc. v. Brotby, Inc*., 364 F.3d 1112, 1116 (9th Cir. 2003) ("[f]ailure to produce documents as ordered is considered sufficient prejudice" to establish sanctionable conduct). But there is more than that here. Apple explained in its opening brief how Samsung's failure to produce source code on a timely basis for all but one version of the accused products has impaired Apple's ability to develop its infringement case against any other versions. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) ("A [party] suffers prejudice

APPLE INC.'S REPLY MEM. ISO RULE 37(b)(2) MOT. BASED ON SAMSUNG'S VIOLATION OF DEC. 22 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3124445

5

if [other party's] actions impair the [] ability to go to trial or threaten to interfere with the rightful decision of the case.") An order deeming the produced version representative of all other versions is necessary to protect against this prejudice and to preserve a level playing field.

Samsung ignores this point entirely with regard to the source code for all of the versions of the accused products that it has to this day not produced. With respect to the untimely production of "design around" source code that Samsung finally made—in two out of three instances *only after* Apple filed this motion—Samsung argues that Apple has suffered no prejudice because Apple "has had anywhere from *many weeks to three months* to analyze this code." (Opp. at 8 (emphasis in original).) This is misleading at best.

Source code analysis is complex and time-consuming. That is why the Court ordered Samsung to complete its production of code by December 31. By delaying its partial productions for *months after* the Court-ordered deadline—and months after it supposedly installed the code in the accused products— Samsung denied Apple a fair opportunity to analyze the operations of the accused products. Samsung's March productions of source code in particular were less than two weeks before the deadline for expert reports and after fact discovery had already closed. Samsung's apparently intentional withholding of this code for all that time prejudiced Apple.

The prejudice to Apple is magnified given that the code Samsung produced after December 31st relates to Samsung's attempts to design around Apple's patents. In other words, the late produced code implements modifications that Samsung believes will negate Apple's infringement charges. Samsung has had this code for months and can present fully developed non-infringement theories in its expert reports as to that code unless the Court intervenes to prevent this circumvention of its Order. Apple's experts had nowhere near this opportunity. The same unfairness could arise even if Samsung were merely precluded from affirmatively using this evidence. Samsung could, in that event, still present a design around defense based on testimony or other non-source code evidence. But Samsung still would have hamstrung Apple's ability to challenge that evidence with the code. Only an order deeming the timely produced source code to be a proxy for all versions will prevent such unfairness.

APPLE INC.'S REPLY MEM. ISO RULE 37(b)(2) MOT. BASED ON SAMSUNG'S VIOLATION OF DEC. 22 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3124445

6

Samsung also vaguely contends that Apple has not been prejudiced because it "has known about" the purported design arounds "since at least February 3 and March 8." (Opp. at 8.) That misses the point. Mere knowledge that a design around has been attempted is a far cry from possession of the source code that implements the supposed design around. The same holds for the version history reports and change logs that Samsung cites. (Opp. at 4, 6.) These may show when Samsung made changes to its code. But they do not show the changes. Only the timely production of the code would have allowed Apple an adequate opportunity to test Samsung's assertions of non-infringement, and to fully analyze how the accused products operate.

Samsung also ignores the modesty of Apple's requested relief. Apple does not seek judgment in its favor on any issue, or an adverse finding against Samsung on any substantive matter. Samsung would still—for *all versions* of the accused products—be allowed to press the defenses that it has for the versions where it produced code on a timely basis. Apple only asks the Court to prevent Samsung from gaining an advantage based on late-produced code. Numerous courts have granted more drastic relief for similar violations. *See Seal-Flex, Inc. v. Athletic Track and Court Construction*, 172 F.3d 836, 841, 845-46 (Fed. Cir. 1999) (affirming dismissal of patent invalidity defenses and counterclaims as Rule 37 sanction for failure to comply with order to produce documents); *Juniper Networks, Inc. v. Toshiba America, Inc.*, 2007 WL 2021776, at *3-*4 (E.D. Tex. July 11, 2007) (defendants who withheld source code for accused products precluded from offering "*any* expert opinion or opinion from *any* source during trial regarding non-infringement" except through cross-examination) (emphasis in original).[1]

The alternative relief that Samsung proposes underscores the inadequacy of lesser remedies. Samsung is "prepared to stipulate" that its untimely "design around" source code is

---

[1] The narrowness of the remedies requested by Apple disposes of Samsung's contention that Apple must show "extreme circumstances" or "bad faith." (Opp. at 6.) Such showings are required only when case dispositive sanctions are sought. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) (requested sanction was default judgment); *U.S. v. Kahaluu Const. Co.*, 857 F.2d 600, 603 (9th Cir. 1988). At any rate, the "bad faith" standard is met where "[d]isobedient conduct is not shown to be outside the litigant's control." *Fair Housing*, 285 F.3d at 905. Here, Samsung alone made the decision to withhold responsive source code until after the deadline set forth in the December 22 Order—or to not produce it at all.

APPLE INC.'S REPLY MEM. ISO RULE 37(b)(2) MOT. BASED ON SAMSUNG'S VIOLATION OF DEC. 22 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3124445

7

representative of the code associated with functionalities claimed by three Apple patents for *all* versions of the accused products—even those that did not contain this newly developed code. (Opp. at 9.) Samsung essentially asks that it be allowed to make its best non-infringement arguments even where those arguments do not apply as a factual matter. Samsung's request for a retroactive "free pass," while absurd, illustrates why the relief that Apple seeks is necessary to ensure that Samsung does not benefit from its discovery misconduct.

### D. Apple Has Acted in Good Faith.

Samsung also tries to distract the Court from its breach of the December 22 Order by accusing Apple of a bad faith refusal to negotiate. (Opp. at 1, 7.) Samsung has it backwards.

Although not required to do so, it was *Apple* who suggested on February 9, 2012 that the parties explore a stipulation to ameliorate the effects of Samsung's deficient production of source code. (Dkt. No. 796-2 at 2.)[2] Samsung hence gets it wrong when it states that "[s]hortly after the Court issued its January 27 Order, Samsung began meeting and conferring with Apple regarding a stipulation…." (Opp. at 4.) Apple made the overture, not Samsung, and it is unsurprising that Samsung's counsel does not cite a shred of paper in support of his assertion that Samsung took the initiative in "meeting and conferring with Apple regarding a stipulation identifying the source code that the parties could use as representative of the accused products in order to streamline issues relating to the infringement analysis." (Dkt. No. 834-2 at ¶ 6.) This assertion is false.

In any event, Samsung responded to Apple's proposal on February 14th with some limited representations about a subset of code it had failed to produce. (Dkt. No. 796-3 at 2.) At the lead counsel meeting on February 14-15, Samsung said that it would continue to investigate this issue and get back to Apple by February 22. (Dkt. No. 796 ¶ 6.) Samsung did not do so. (*Id*. at ¶ 7.)

Despite Samsung's silence, on February 26, *Apple* again tried to advance the process by sending a draft stipulation to Samsung reflecting the limited representations it had made on

---

[2] Apple made this February 9 suggestion in connection with a demand that Samsung correct its failure to produce all versions of source code for the accused products, as required under the December 22 Order. (Dkt. No. 796-2.) Samsung's claim that Apple did not dispute Samsung's compliance with that Order until March 9 (Opp. at 7) is thus incorrect.

APPLE INC.'S REPLY MEM. ISO RULE 37(b)(2) MOT. BASED ON SAMSUNG'S VIOLATION OF DEC. 22 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3124445

8

February 14. (Dkt. No. 796-4.) Apple requested a response by February 28. (*Id*. at 1.) When Samsung remained silent—despite Apple's February 29th follow-up inquiry—Apple filed this motion on March 9. On March 15th, 18 days after receiving Apple's proposed stipulation and almost a week after Apple filed its motion, Samsung at last sent Apple a draft stipulation. Apple immediately responded with substantive comments, but Samsung waited another week to get back to Apple. (Dkt. No. 834-4; Reply Pernick Decl. Ex. B.)[3]

Samsung has never explained its foot-dragging in responding to Apple's proposals. But it is clear that Apple made proactive efforts to resolve the issues presented by Samsung's failure to abide by the December 22 Order. If anything, it is Samsung's conduct that has called its good faith into question. Aside from its delays in trying to work through these issues—and aside from its decision to hold back responsive source code outright, or until after the discovery cutoff—Samsung's draft stipulation evinces a reckless attitude towards dispute resolution.

First, Samsung's stipulation contains numerous factual assertions—such as the dates that its untimely "design arounds" were allegedly implemented, and the products they affected—that Apple could not possibly verify. Samsung is asking Apple to blindly take Samsung at its word about its "design arounds" after Samsung delayed production of the source code for months and until after discovery had closed. Second, as noted, Samsung's stipulation asks Apple to pretend that Samsung's design arounds were implemented in products that embodied *the old source code*, not the new design arounds. Apple could never agree to this, and Samsung knew that.

---

[3] Samsung insinuates that Apple conditioned its agreement to a source code stipulation on Samsung's admission that it violated the December 22 Order or that Samsung agree to the remedies sought in Apple's motion. (Opp. 6.) Apple did no such thing. To the contrary, Apple's proposed stipulation expressly acknowledged that the parties had a dispute on this issue, and *did not require that Samsung admit to its breaches*. (Dkt. No. 796-4 at 1.) Apple merely pointed out that, if Samsung wanted to moot Apple's motion, it could only do so by stipulating to the relief sought by Apple. Apple clearly indicated its willingness to continue discussions relating to a stipulation regarding source code. (Dkt. No. 834-4.)

APPLE INC.'S REPLY MEM. ISO RULE 37(b)(2) MOT. BASED ON SAMSUNG'S VIOLATION OF DEC. 22 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3124445

9

## II. CONCLUSION

For the reasons discussed above and in its opening brief, the Court should grant Apple's Motion and impose the requested sanctions on Samsung.

Dated: March 30, 2012    MORRISON & FOERSTER LLP

By:   */s/ Michael A. Jacobs*
      Michael A. Jacobs

Attorneys for Plaintiff
APPLE INC.

APPLE INC.'S REPLY MEM. ISO RULE 37(b)(2) MOT. BASED ON SAMSUNG'S VIOLATION OF DEC. 22 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3124445

10