# Exhibit C

**MORRISON | FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA  94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

March 26, 2012

Writer's Direct Contact
650.813.5718
MPernick@mofo.com

**By Email (melissachan@quinnemanuel.com)**

Melissa N. Chan
Quinn Emanuel
55 Twin Dolphin Drive, Fifth Floor
Redwood Shores, CA 94065

Re:   *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)

Dear Melissa:

This responds to your email from Friday regarding Apple's motion for sanctions for Samsung's failure to comply with the Court's December 22nd order.

I first address your comments concerning the parties' meet-and-confer discussions about Samsung's refusal to produce all of the source code that the Court ordered Samsung to produce by December 31st.  The record here speaks for itself.  Even though Apple has no obligation to meet and confer in connection with its request for sanctions, Apple has diligently tried to minimize the issues that the Court needs to confront in deciding this motion.  It is Samsung, not Apple, that has stymied these discussions.

After discussing this matter at length with your colleagues in correspondence and at the February 14-15 lead counsel meeting, I sent you a proposed stipulation on February 26, 2012.  Despite my affirmative effort to follow up with Samsung after February 26th, Samsung remained silent for 18 days.  Todd Briggs finally responded to me on March 15th with a revised stipulation and a demand for immediate comments.  Specifically, Mr. Briggs threatened on March 16th that, if Apple did not respond with comments to Samsung's proposal by the next day, Samsung would "notify the Court" that Apple's motion for sanctions was moot.

I responded to Mr. Briggs on March 16th—one day after Samsung had provided its revised stipulation—and offered Samsung our extensive and considered reactions to its proposal.  I also offered to speak with Mr. Briggs or any of your colleagues on the phone last week.  Once again, however, Samsung fell silent.  After an entire week passed, you finally responded on Friday, and have accused us of not meeting-and-conferring with Samsung.  Samsung has it exactly backwards.

pa-1519681

MORRISON | FOERSTER

Melissa N. Chan
March 26, 2012
Page Two

In addition, I never "demanded" that Samsung "formally agree" that it violated Judge Grewal's December 31st order. To the contrary, Samsung had inquired about whether Apple's motion was somehow mooted by Samsung's proposed stipulation. I responded by noting that, as a threshold matter, Apple's motion would not be moot unless Samsung stipulated to a finding regarding its violations. This was not a demand on my part. It was just an attempt to explore whether there was indeed any realistic way the parties could reach an agreement that obviated the need for the Court to hear and decide Apple's motion. Given that Samsung had already admitted to facts that confirm its violations, we thought there was a possibility that Samsung would agree to this provision in a formal stipulation. That would have been a first step towards reaching a resolution of Apple's motion, but this is apparently not something Samsung is willing to do.

Your email also evinces a deeply flawed understanding of Judge Grewal's orders. Judge Grewal's December 22nd order directed Samsung to—by December 31st—produce all the source code for the accused functionalities in the accused products. The order was not limited to source code for just one version of the accused products. By its own admission, Samsung did not comply with that command by December 31st, and it has not even complied with it as of today.

The Court's January 27th order was about something else. In the January 27th order, Judge Grewal directed Samsung to produce a different set of technical documents—not source code—by February 3rd. Indeed, both parties' briefing on the January motion acknowledged that the materials sought by Apple were *in addition to* the source code that the Court had already ordered Samsung to produce by December 31st. (*See* Samsung 1/17/12 Opp. at 16-17 (referring to Apple's "prior motion to compel" and the "first court-ordered deadline, December 31, 2011, [for] Samsung [to] ma[ke] good and produce[ ] for inspection its source code"); Apple 1/11/12 Motion at 6-7 (explaining that motion was directed to "14 remaining categories of technical documents" that were not covered by December 22nd order).)

In the January 27th order, the Court directed Samsung to produce the 14 types of non-source code technical documents Apple sought in the January motion, and also indicated that, in lieu of a full production of those non-source code documents, Samsung could attempt to "negotiate a stipulation that its production adequately represents the functionality of the entire set of accused products." (Order at 12.) But Samsung has mixed up the Court's orders. This instruction from the Court in January did not apply to the unambiguous previous order that Samsung produce all of its accused source code by December 31st. It is therefore irrelevant here. Apple's pending motion for sanctions is about Samsung's failure to produce source code under the December 22nd order, not Samsung's production of other non-source code technical documents under the January 27th order.

Samsung did not come close to complying with the December 22nd order, and Apple has for almost two months been trying to work out a way for the parties to properly address

pa-1519681

MORRISON | FOERSTER

Melissa N. Chan
March 26, 2012
Page Three


Samsung's violations without prejudicing Apple.  Our motion and our proposed stipulation both offer ways for the parties to accomplish this, at least to the extent that an agreement can be reached.  Samsung's proposed stipulation does not.

We remain willing to discuss with you which versions of the accused products are—for purposes of assessing infringement—in substance the same as the one version of each accused product for which Samsung did timely produce its code.  That is something our original stipulation addresses, and we would be happy to keep discussing it.  I offered to do that over a week ago, and the offer remains on the table.  Please call me if you would like to discuss this further.

Sincerely,

*/s/ Marc Pernick*

Marc Pernick


pa-1519681