# EXHIBIT G

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
 Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE INC.'S RESPONSES TO SAMSUNG'S FOURTH AND FIFTH SETS OF REQUESTS FOR ADMISSION** |

**RESPONSE TO REQUEST FOR ADMISSION NO. 1763:**

Apple objects to this request because the word "common" is vague and ambiguous. Accordingly, Apple can neither admit nor deny the request. Apple incorporates its response to Request for Admission No. 1762 as if fully set forth herein.

**REQUEST FOR ADMISSION NO. 1764:**

Admit that APPLE has disclosed essential IPRs with respect to an ETSI technical specification after that technical specification has been published.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1764:**

Apple admits Request No. 1764, but denies that such disclosures were untimely under the relevant facts and circumstances.

**REQUEST FOR ADMISSION NO. 1765:**

Admit that ETSI members have disclosed essential IPRs with respect to an ETSI technical specification after that technical specification has been frozen.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1765:**

Apple admits that Samsung, an ETSI member, has disclosed IPR it asserts is essential with respect to an ETSI technical specification after that technical specification has been frozen.

**REQUEST FOR ADMISSION NO. 1766:**

Admit that it is common for ETSI members to disclose essential IPRs with respect to an ETSI technical specification after that technical specification has been frozen.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1766:**

Apple objects to this request because the word "common" is vague and ambiguous. Accordingly, Apple can neither admit nor deny the request. Apple incorporates its response to Request for Admission No. 1765 as if fully set forth herein.

**REQUEST FOR ADMISSION NO. 1767:**

Admit that APPLE has disclosed essential IPRs with respect to an ETSI technical specification after that technical specification has been frozen.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1767:**

Apple admits Request No. 1767, but denies that such disclosures were untimely under the

1    relevant facts and circumstances.

2    **REQUEST FOR ADMISSION NO. 1768:**

3        Admit that on numerous occasions, ETSI members have disclosed essential IPRs with

4    respect to an ETSI technical specification after that technical specification has been published.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 1768:**

6        Apple objects to this request because the phrase "on numerous occasions" is vague and

7    ambiguous.  Accordingly, Apple can neither admit nor deny the request.  Apple incorporates its

8    response to Request for Admission No. 1762 as if fully set forth herein.

9    **REQUEST FOR ADMISSION NO. 1769:**

10       Admit that on numerous occasions, ETSI members have disclosed essential IPRs with

11   respect to an ETSI technical specification after that technical specification has been frozen.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 1769:**

13       Apple objects to this request because the phrase "on numerous occasions" is vague and

14   ambiguous.  Accordingly, Apple can neither admit nor deny the request.  Apple incorporates its

15   response to Request for Admission No. 1765 as if fully set forth herein.

16   **REQUEST FOR ADMISSION NO. 1770:**

17       Admit that ETSI members have disclosed patents and patent applications as essential, or

18   likely to become essential, with respect to an ETSI technical specification after that technical

19   specification has been published.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 1770:**

21       Apple admits that Samsung, an ETSI member, has disclosed patents and patent

22   applications that it asserts as essential, or likely to become essential, with respect to an ETSI

23   technical specification after that technical specification has been published.

24   **REQUEST FOR ADMISSION NO. 1771:**

25       Admit that it is common for ETSI members to disclose patents and patent applications as

26   essential, or likely to become essential, with respect to an ETSI technical specification after that

27   technical specification has been published.

28

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 1771:**

2        Apple objects to this request because the word "common" is vague and ambiguous.

3    Accordingly, Apple can neither admit nor deny the request.  Apple incorporates its response to

4    Request No. 1770 as if fully set forth herein.

5    **REQUEST FOR ADMISSION NO. 1772:**

6        Admit that on numerous occasions, ETSI members have disclosed patents and patent

7    applications as essential, or likely to become essential, with respect to an ETSI technical

8    specification after that technical specification has been published.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 1772:**

10       Apple objects to this request because the phrase "on numerous occasions" is vague and

11   ambiguous.  Accordingly, Apple can neither admit nor deny the request.  Apple incorporates its

12   response to Request for Admission No. 1770 as if fully set forth herein.

13   **REQUEST FOR ADMISSION NO. 1773:**

14       Admit that APPLE has disclosed patents and patent applications as essential, or likely to

15   become essential, with respect to an ETSI technical specification after that technical specification

16   has been published.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 1773:**

18       Apple admits Request No. 1773, but denies that such disclosures were untimely under the

19   relevant facts and circumstances.

20   **REQUEST FOR ADMISSION NO. 1774:**

21       Admit that ETSI members have disclosed patents as essential, or likely to become

22   essential, with respect to an ETSI technical specification after that technical specification has

23   been published, even where the patent was issued before the technical specification had been

24   published.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 1774:**

26       Apple admits that Samsung, an ETSI member, has disclosed patents that it asserts as

27   essential, or likely to become essential, with respect to an ETSI technical specification after that

28   technical specification has been published.

1    **REQUEST FOR ADMISSION NO. 1775:**

2         Admit that it is common for ETSI members to disclose patents as essential, or likely to

3    become essential, with respect to an ETSI technical specification after that technical specification

4    has been published, even where the patent was issued before the technical specification had been

5    published.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 1775:**

7         Apple objects to this request on the ground that the word "common" is vague and

8    ambiguous.  Accordingly, Apple can neither admit nor deny the request.  Apple incorporates its

9    response to Request for Admission No. 1774 as if fully set forth herein.

10   **REQUEST FOR ADMISSION NO. 1776:**

11        Admit that on numerous occasions, ETSI members have disclosed patents as essential, or

12   likely to become essential, with respect to an ETSI technical specification after that technical

13   specification has been published, even where the patent was issued before the technical

14   specification had been published.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 1776:**

16        Apple objects to this request on the ground that the phrase "on numerous occasions" is

17   vague and ambiguous.  Accordingly, Apple can neither admit nor deny the request.  Apple

18   incorporates its response to Request for Admission No. 1774 as if fully set forth herein.

19   **REQUEST FOR ADMISSION NO. 1777:**

20        Admit that APPLE has disclosed patents as essential, or likely to become essential, with

21   respect to an ETSI technical specification after that technical specification has been published,

22   even where the patent was issued before the technical specification had been published.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 1777:**

24        Apple admits Request No. 1777, but denies that such disclosures were untimely under the

25   relevant facts and circumstances.

26   **REQUEST FOR ADMISSION NO. 1778:**

27        Admit that ETSI members have disclosed patents as essential, or likely to become

28   essential, with respect to an ETSI technical specification after that technical specification has

1    even where the patent application was filed before the technical specification had been published.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 1781:**

3         Apple admits Request No. 1781, but denies that such disclosures were untimely under the

4    relevant facts and circumstances.

5    **REQUEST FOR ADMISSION NO. 1782:**

6         Admit that ETSI members other than Samsung have sought injunctions to prevent alleged

7    infringement of patents that had been disclosed as essential, or likely to become essential, with

8    respect to an ETSI technical specification.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 1782:**

10        Apple admits that certain ETSI members have sought injunctions to prevent alleged

11   infringement of patents that had been disclosed as essential, or likely to become essential, with

12   respect to an ETSI technical specification, but Apple denies that all such efforts to obtain an

13   injunction were proper.

14   **REQUEST FOR ADMISSION NO. 1783:**

15        Admit that Qualcomm has sought an injunction to prevent alleged infringement of patents

16   that had been disclosed as essential, or likely to become essential, with respect to an ETSI

17   technical specification.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 1783:**

19        Apple objects to this request on the ground that it requires information outside Apple's

20   possession, custody and control.  Accordingly, Apple is unable to either admit or deny the

21   request.  Apple incorporates its response to Request for Admission No. 1782 as if fully set forth

22   herein.

23   **REQUEST FOR ADMISSION NO. 1784:**

24        Admit that Nokia has sought an injunction to prevent alleged infringement of patents that

25   had been disclosed as essential, or likely to become essential, with respect to an ETSI technical

26   specification.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 1784:**

28        Apple admits that in Nokia's complaint against Apple, dated October 22, 2009, in the

1  matter styled *Nokia Corp. v. Apple Inc.*, No. 09-791 (D. Del. 2009), Nokia's "Prayer for Relief"

2  seeks "a permanent injunction preventing further infringement, contributory infringement, and

3  inducement of infringement until and unless Apple pays to Nokia such F/RAND compensation

4  for past infringement, and irrevocably commits to payment of such compensation in the future."

5  **REQUEST FOR ADMISSION NO. 1785:**

6      Admit that Motorola has sought an injunction to prevent alleged infringement of patents

7  that had been disclosed as essential, or likely to become essential, with respect to an ETSI

8  technical specification.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 1785:**

10      Apple admits in matters pending against Apple Sales International and Apple Inc. in

11  the Landgericht Mannheim, 7th Civil Division, Motorola has sought an injunction to prevent

12  alleged infringement of one or more patents Motorola declared essential with respect to an ETSI

13  standard or technical specification.

14      Apple further admits that in a matter pending against Apple Retail German GmbH in

15  the Landgericht Dusseldorf, 4th Civil Division, Motorola has sought an injunction to prevent

16  alleged infringement of one or more patents Motorola declared essential with respect to an ETSI

17  standard or technical specification.

18      Apple further admits that in a matter pending against Apple Inc. before the United States

19  International Trade Commission, Motorola has sought an exclusion order barring the importation

20  of products alleged to infringe one or more patents Motorola declared essential with respect to an

21  ETSI standard or technical specification.

22      Apple further admits that in a matter pending against Apple Inc. before the United States

23  District Court for the Northern District of Illinois, Motorola has sought an injunction to prevent

24  alleged infringement of one or more patents Motorola declared essential with respect to an ETSI

25  standard or technical specification.

26  **REQUEST FOR ADMISSION NO. 1786:**

27      Admit that InterDigital has sought an injunction to prevent alleged infringement of patents

28  that had been disclosed as essential, or likely to become essential, with respect to an ETSI

1  technical specification.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 1786:**

3      Apple admits that in InterDigital's third-party complaint against Samsung, dated

4  November 30, 2007, in the matter styled *InterDigital v. Samsung*, 1:07-cv-00167 (D. Del. 2007),

5  InterDigital's "Prayer for Relief" requests that the court "[e]nter an injunction and permanently

6  enjoin Samsung Defendants from infringing the claims of the '010 patent and the '778 patent

7  under 35 U.S.C. § 283."

8  **REQUEST FOR ADMISSION NO. 1787:**

9      Admit that APPLE has sought an injunction to prevent alleged infringement of patents

10  that had been disclosed as essential, or likely to become essential, with respect to a standard or

11  technical specification.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 1787:**

13      Apple objects to this request to the extent it seeks information about standards that are

14  created by standards setting organizations other than ETSI and about specifications beyond those

15  related to UMTS.  Apple denies it has sought an injunction to prevent alleged infringement of

16  patents that have been disclosed to ETSI as essential, or likely to become essential, with respect

17  to an ETSI technical specification related to UMTS.

18  **REQUEST FOR ADMISSION NO. 1788:**

19      Admit that APPLE iPhone and iPad products are currently enjoined from being sold in

20  Germany.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 1788:**

22      Apple denies Request No. 1788.  Apple's response to Request No. 1789 is incorporated by

23  reference as if fully set forth herein.

24  **REQUEST FOR ADMISSION NO. 1789:**

25      Admit Motorola has obtained an injunction in Germany against the sale of APPLE

26  products based on the assertion of at least one patent that had been disclosed as essential, or likely

27  to become essential, with respect to an ETSI standard or technical specification.

28

**RESPONSE TO REQUEST FOR ADMISSION NO. 1852:**

Apple denies that, if, as Apple contends, a declaration in accordance with Clause 6.1 of the ETSI IPR Policy, followed by a company implementing the Technical Specification to which that patent is declared essential, establishes a binding license agreement with respect to that patent, Samsung is not licensed under U.S. Patent No. 5,835,721 to make products that comply with the 3GPP TS 04.60 V8.27.0 Technical Specification, insofar as Samsung is implementing those Technical Specifications. However, insofar as a commitment to license U.S. Patent No. 5,835,721 in accordance with Clause 6.1 of the ETSI IPR Policy, followed by a company implementing the 3GPP TS 04.60 V8.27.0 Technical Specification, is determined *not* to establish a binding license agreement with respect to that patent, Apple admits, that Samsung is not licensed to make products that comply with the 3GPP TS 04.60 V8.27.0 Technical Specification.

**REQUEST FOR ADMISSION NO. 1853:**

Admit that at least one claim of U.S. Patent No. 7,675,941 is essential to 3GPP TS 25.322 version 6.9.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1853:**

Apple objects to this request as overly broad and unduly burdensome to the extent it purports to require Apple to analyze unasserted claims of the Samsung patents in suit. Apple objects further that this request does not seek an admission regarding the application of law to facts, but is rather being used to compel an admission of a conclusion of law, which is not permitted under Federal Rule of Civil Procedure 36. Apple also objects to this request on the grounds that it is premature, not relevant to the claims or defenses of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. Apple states that despite declaring this patent essential to the UMTS standard, Samsung has not yet established that it is actually essential to the standard. Apple expects that for any claims on which Samsung intends to proceed to trial, Samsung will proffer expert opinions on these issues, and Apple will supplement its response as necessary in response to expert discovery.

**REQUEST FOR ADMISSION NO. 1854:**

Admit that no claim of U.S. Patent No. 7,675,941 is essential to 3GPP TS 25.322 version

1    6.9.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 1854:**

3            Apple objects to this request as overly broad and unduly burdensome to the extent it

4    purports to require Apple to analyze unasserted claims of the Samsung patents in suit.  Apple

5    objects further that this request does not seek an admission regarding the application of law to

6    facts, but is rather being used to compel an admission of a conclusion of law, which is not

7    permitted under Federal Rule of Civil Procedure 36.  Apple also objects to this request on the

8    grounds that it is premature, not relevant to the claims or defenses of the parties, and not

9    reasonably calculated to lead to the discovery of admissible evidence.  Apple states that despite

10   declaring this patent essential to the UMTS standard, Samsung has not yet established that it is

11   actually essential to the standard.  Apple expects that for any claims on which Samsung intends to

12   proceed to trial, Samsung will proffer expert opinions on these issues, and Apple will supplement

13   its response as necessary in response to expert discovery.

14   **REQUEST FOR ADMISSION NO. 1855:**

15           Admit that 3GPP TS 25.322 version 6.9 cannot be implemented without infringing at least

16   one claim of U.S. Patent No. 7,675,941.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 1855:**

18           Apple objects to this request as overly broad and unduly burdensome to the extent it

19   purports to require Apple to analyze unasserted claims of the Samsung patents in suit.  Apple

20   objects further that this request does not seek an admission regarding the application of law to

21   facts, but is rather being used to compel an admission of a conclusion of law, which is not

22   permitted under Federal Rule of Civil Procedure 36.  Apple also objects to this request on the

23   grounds that it is premature, not relevant to the claims or defenses of the parties, and not

24   reasonably calculated to lead to the discovery of admissible evidence.  Apple states that despite

25   declaring this patent essential to the UMTS standard, Samsung has not yet established that it is

26   actually essential to the standard.  Apple expects that for any claims on which Samsung intends to

27   proceed to trial, Samsung will proffer expert opinions on these issues, and Apple will supplement

28   its response as necessary in response to expert discovery.

**REQUEST FOR ADMISSION NO. 1856:**

Admit that at least one claim of U.S. Patent No. 7,362,867 is essential to 3GPP TS 25.213 version 3.10.0.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1856:**

Apple objects to this request as overly broad and unduly burdensome to the extent it purports to require Apple to analyze unasserted claims of the Samsung patents in suit.  Apple objects further that this request does not seek an admission regarding the application of law to facts, but is rather being used to compel an admission of a conclusion of law, which is not permitted under Federal Rule of Civil Procedure 36.  Apple also objects to this request on the grounds that it is premature, not relevant to the claims or defenses of the parties, and not reasonably calculated to lead to the discovery of admissible evidence.  Apple states that despite declaring this patent essential to the UMTS standard, Samsung has not yet established that it is actually essential to the standard.  Apple expects that for any claims on which Samsung intends to proceed to trial, Samsung will proffer expert opinions on these issues, and Apple will supplement its response as necessary in response to expert discovery.

**REQUEST FOR ADMISSION NO. 1857:**

Admit that no claim of U.S. Patent No. 7,362,867 is essential to 3GPP TS 25.213 version 3.10.0.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1857:**

Apple objects to this request as overly broad and unduly burdensome to the extent it purports to require Apple to analyze unasserted claims of the Samsung patents in suit.  Apple objects further that this request does not seek an admission regarding the application of law to facts, but is rather being used to compel an admission of a conclusion of law, which is not permitted under Federal Rule of Civil Procedure 36.  Apple also objects to this request on the grounds that it is premature, not relevant to the claims or defenses of the parties, and not reasonably calculated to lead to the discovery of admissible evidence.  Apple states that despite declaring this patent essential to the UMTS standard, Samsung has not yet established that it is actually essential to the standard.  Apple expects that for any claims on which Samsung intends to

proceed to trial, Samsung will proffer expert opinions on these issues, and Apple will supplement its response as necessary in response to expert discovery.

**REQUEST FOR ADMISSION NO. 1858:**

Admit that 3GPP TS 25.213 version 3.10.0 cannot be implemented without infringing at least one claim of U.S. Patent No. 7,362,867.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1858:**

Apple objects to this request as overly broad and unduly burdensome to the extent it purports to require Apple to analyze unasserted claims of the Samsung patents in suit.  Apple objects further that this request does not seek an admission regarding the application of law to facts, but is rather being used to compel an admission of a conclusion of law, which is not permitted under Federal Rule of Civil Procedure 36.  Apple also objects to this request on the grounds that it is premature, not relevant to the claims or defenses of the parties, and not reasonably calculated to lead to the discovery of admissible evidence.  Apple states that despite declaring this patent essential to the UMTS standard, Samsung has not yet established that it is actually essential to the standard.  Apple expects that for any claims on which Samsung intends to proceed to trial, Samsung will proffer expert opinions on these issues, and Apple will supplement its response as necessary in response to expert discovery.

**REQUEST FOR ADMISSION NO. 1859:**

Admit that at least one claim of U.S. Patent No. 7,447,516 is essential to 3GPP TS 25.214 version 6.5.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1859:**

Apple objects to this request as overly broad and unduly burdensome to the extent it purports to require Apple to analyze unasserted claims of the Samsung patents in suit.  Apple objects further that this request does not seek an admission regarding the application of law to facts, but is rather being used to compel an admission of a conclusion of law, which is not permitted under Federal Rule of Civil Procedure 36.  Apple also objects to this request on the grounds that it is premature, not relevant to the claims or defenses of the parties, and not reasonably calculated to lead to the discovery of admissible evidence.  Apple states that despite

declaring this patent essential to the UMTS standard, Samsung has not yet established that it is actually essential to the standard. Apple expects that for any claims on which Samsung intends to proceed to trial, Samsung will proffer expert opinions on these issues, and Apple will supplement its response as necessary in response to expert discovery.

**REQUEST FOR ADMISSION NO. 1860:**

Admit that no claim of U.S. Patent No. 7,447,516 is essential to 3GPP TS 25.214 version 6.5.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1860:**

Apple objects to this request as overly broad and unduly burdensome to the extent it purports to require Apple to analyze unasserted claims of the Samsung patents in suit. Apple objects further that this request does not seek an admission regarding the application of law to facts, but is rather being used to compel an admission of a conclusion of law, which is not permitted under Federal Rule of Civil Procedure 36. Apple also objects to this request on the grounds that it is premature, not relevant to the claims or defenses of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. Apple states that despite declaring this patent essential to the UMTS standard, Samsung has not yet established that it is actually essential to the standard. Apple expects that for any claims on which Samsung intends to proceed to trial, Samsung will proffer expert opinions on these issues, and Apple will supplement its response as necessary in response to expert discovery.

**REQUEST FOR ADMISSION NO. 1861:**

Admit that 3GPP TS 25.214 version 6.5 cannot be implemented without infringing at least one claim of U.S. Patent No. 7,447,516.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1861:**

Apple objects to this request as overly broad and unduly burdensome to the extent it purports to require Apple to analyze unasserted claims of the Samsung patents in suit. Apple objects further that this request does not seek an admission regarding the application of law to facts, but is rather being used to compel an admission of a conclusion of law, which is not permitted under Federal Rule of Civil Procedure 36. Apple also objects to this request on the

1   grounds that it is premature, not relevant to the claims or defenses of the parties, and not

2   reasonably calculated to lead to the discovery of admissible evidence.  Apple states that despite

3   declaring this patent essential to the UMTS standard, Samsung has not yet established that it is

4   actually essential to the standard.  Apple expects that for any claims on which Samsung intends to

5   proceed to trial, Samsung will proffer expert opinions on these issues, and Apple will supplement

6   its response as necessary in response to expert discovery.

7   **REQUEST FOR ADMISSION NO. 1862:**

8       Admit that at least one claim of U.S. Patent No. 7,200,792 is essential to 3GPP TS 25.212

9   version 6.0.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 1862:**

11       Apple objects to this request as overly broad and unduly burdensome to the extent it

12   purports to require Apple to analyze unasserted claims of the Samsung patents in suit.  Apple

13   objects further that this request does not seek an admission regarding the application of law to

14   facts, but is rather being used to compel an admission of a conclusion of law, which is not

15   permitted under Federal Rule of Civil Procedure 36.  Apple also objects to this request on the

16   grounds that it is premature, not relevant to the claims or defenses of the parties, and not

17   reasonably calculated to lead to the discovery of admissible evidence.  Apple states that despite

18   declaring this patent essential to the UMTS standard, Samsung has not yet established that it is

19   actually essential to the standard.  Apple expects that for any claims on which Samsung intends to

20   proceed to trial, Samsung will proffer expert opinions on these issues, and Apple will supplement

21   its response as necessary in response to expert discovery.

22   **REQUEST FOR ADMISSION NO. 1863:**

23       Admit that no claim of U.S. Patent No. 7,200,792 is essential to 3GPP TS 25.212 version

24   6.0.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 1863:**

26       Apple objects to this request as overly broad and unduly burdensome to the extent it

27   purports to require Apple to analyze unasserted claims of the Samsung patents in suit.  Apple

28   objects further that this request does not seek an admission regarding the application of law to

1  facts, but is rather being used to compel an admission of a conclusion of law, which is not

2  permitted under Federal Rule of Civil Procedure 36.  Apple also objects to this request on the

3  grounds that it is premature, not relevant to the claims or defenses of the parties, and not

4  reasonably calculated to lead to the discovery of admissible evidence.  Apple states that despite

5  declaring this patent essential to the UMTS standard, Samsung has not yet established that it is

6  actually essential to the standard.  Apple expects that for any claims on which Samsung intends to

7  proceed to trial, Samsung will proffer expert opinions on these issues, and Apple will supplement

8  its response as necessary in response to expert discovery.

9  **REQUEST FOR ADMISSION NO. 1864:**

10  Admit that 3GPP TS 25.212 version 6.0 cannot be implemented without infringing at least

11  one claim of U.S. Patent No. 7,200,792.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 1864:**

13  Apple objects to this request as overly broad and unduly burdensome to the extent it

14  purports to require Apple to analyze unasserted claims of the Samsung patents in suit.  Apple

15  objects further that this request does not seek an admission regarding the application of law to

16  facts, but is rather being used to compel an admission of a conclusion of law, which is not

17  permitted under Federal Rule of Civil Procedure 36.  Apple also objects to this request on the

18  grounds that it is premature, not relevant to the claims or defenses of the parties, and not

19  reasonably calculated to lead to the discovery of admissible evidence.  Apple states that despite

20  declaring this patent essential to the UMTS standard, Samsung has not yet established that it is

21  actually essential to the standard.  Apple expects that for any claims on which Samsung intends to

22  proceed to trial, Samsung will proffer expert opinions on these issues, and Apple will supplement

23  its response as necessary in response to expert discovery.

24  **REQUEST FOR ADMISSION NO. 1865:**

25  Admit that at least one claim of U.S. Patent No. 7,386,001 is essential to 3GPP TS 25.212

26  version 3.1.

27

28

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 1865:**

2        Apple objects to this request as overly broad and unduly burdensome to the extent it

3  purports to require Apple to analyze unasserted claims of the Samsung patents in suit.  Apple

4  objects further that this request does not seek an admission regarding the application of law to

5  facts, but is rather being used to compel an admission of a conclusion of law, which is not

6  permitted under Federal Rule of Civil Procedure 36.  Apple also objects to this request on the

7  grounds that it is premature, not relevant to the claims or defenses of the parties, and not

8  reasonably calculated to lead to the discovery of admissible evidence.  Apple states that despite

9  declaring this patent essential to the UMTS standard, Samsung has not yet established that it is

10  actually essential to the standard.  Apple expects that for any claims on which Samsung intends to

11  proceed to trial, Samsung will proffer expert opinions on these issues, and Apple will supplement

12  its response as necessary in response to expert discovery.

13  **REQUEST FOR ADMISSION NO. 1866:**

14        Admit that no claim of U.S. Patent No. 7,386,001 is essential to 3GPP TS 25.212 version

15  3.1.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 1866:**

17        Apple objects to this request as overly broad and unduly burdensome to the extent it

18  purports to require Apple to analyze unasserted claims of the Samsung patents in suit.  Apple

19  objects further that this request does not seek an admission regarding the application of law to

20  facts, but is rather being used to compel an admission of a conclusion of law, which is not

21  permitted under Federal Rule of Civil Procedure 36.  Apple also objects to this request on the

22  grounds that it is premature, not relevant to the claims or defenses of the parties, and not

23  reasonably calculated to lead to the discovery of admissible evidence.  Apple states that despite

24  declaring this patent essential to the UMTS standard, Samsung has not yet established that it is

25  actually essential to the standard.  Apple expects that for any claims on which Samsung intends to

26  proceed to trial, Samsung will proffer expert opinions on these issues, and Apple will supplement

27  its response as necessary in response to expert discovery.

28

1    **REQUEST FOR ADMISSION NO. 1867:**

2        Admit that 3GPP TS 25.212 version 3.1 cannot be implemented without infringing at least

3    one claim of U.S. Patent No. 7,386,001.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 1867:**

5        Apple objects to this request as overly broad and unduly burdensome to the extent it

6    purports to require Apple to analyze unasserted claims of the Samsung patents in suit.  Apple

7    objects further that this request does not seek an admission regarding the application of law to

8    facts, but is rather being used to compel an admission of a conclusion of law, which is not

9    permitted under Federal Rule of Civil Procedure 36.  Apple also objects to this request on the

10   grounds that it is premature, not relevant to the claims or defenses of the parties, and not

11   reasonably calculated to lead to the discovery of admissible evidence.  Apple states that despite

12   declaring this patent essential to the UMTS standard, Samsung has not yet established that it is

13   actually essential to the standard.  Apple expects that for any claims on which Samsung intends to

14   proceed to trial, Samsung will proffer expert opinions on these issues, and Apple will supplement

15   its response as necessary in response to expert discovery.

16   **REQUEST FOR ADMISSION NO. 1868:**

17       Admit that at least one claim of U.S. Patent No. 7,050,410 is essential to 3GPP TS 25.212

18   version 3.1.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 1868:**

20       Apple objects to this request as overly broad and unduly burdensome to the extent it

21   purports to require Apple to analyze unasserted claims of the Samsung patents in suit.  Apple

22   objects further that this request does not seek an admission regarding the application of law to

23   facts, but is rather being used to compel an admission of a conclusion of law, which is not

24   permitted under Federal Rule of Civil Procedure 36.  Apple also objects to this request on the

25   grounds that it is premature, not relevant to the claims or defenses of the parties, and not

26   reasonably calculated to lead to the discovery of admissible evidence.  Apple states that despite

27   declaring this patent essential to the UMTS standard, Samsung has not yet established that it is

28   actually essential to the standard.  Apple expects that for any claims on which Samsung intends to

proceed to trial, Samsung will proffer expert opinions on these issues, and Apple will supplement its response as necessary in response to expert discovery.

**REQUEST FOR ADMISSION NO. 1869:**

Admit that no claim of U.S. Patent No. 7,050,410 is essential to 3GPP TS 25.212 version 3.1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1869:**

Apple objects to this request as overly broad and unduly burdensome to the extent it purports to require Apple to analyze unasserted claims of the Samsung patents in suit.  Apple objects further that this request does not seek an admission regarding the application of law to facts, but is rather being used to compel an admission of a conclusion of law, which is not permitted under Federal Rule of Civil Procedure 36.  Apple also objects to this request on the grounds that it is premature, not relevant to the claims or defenses of the parties, and not reasonably calculated to lead to the discovery of admissible evidence.  Apple states that despite declaring this patent essential to the UMTS standard, Samsung has not yet established that it is actually essential to the standard.  Apple expects that for any claims on which Samsung intends to proceed to trial, Samsung will proffer expert opinions on these issues, and Apple will supplement its response as necessary in response to expert discovery.

**REQUEST FOR ADMISSION NO. 1870:**

Admit that 3GPP TS 25.212 version 3.1 cannot be implemented without infringing at least one claim of U.S. Patent No. 7,050,410.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1870:**

Apple objects to this request as overly broad and unduly burdensome to the extent it purports to require Apple to analyze unasserted claims of the Samsung patents in suit.  Apple objects further that this request does not seek an admission regarding the application of law to facts, but is rather being used to compel an admission of a conclusion of law, which is not permitted under Federal Rule of Civil Procedure 36.  Apple also objects to this request on the grounds that it is premature, not relevant to the claims or defenses of the parties, and not reasonably calculated to lead to the discovery of admissible evidence.  Apple states that despite

declaring this patent essential to the UMTS standard, Samsung has not yet established that it is actually essential to the standard.  Apple expects that for any claims on which Samsung intends to proceed to trial, Samsung will proffer expert opinions on these issues, and Apple will supplement its response as necessary in response to expert discovery.

**REQUEST FOR ADMISSION NO. 1871:**

Admit that at least one claim of U.S. Patent No. 6,928,604 is essential to 3GPP TS 25.212 version 3.1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1871:**

Apple objects to this request as overly broad and unduly burdensome to the extent it purports to require Apple to analyze unasserted claims of the Samsung patents in suit.  Apple objects further that this request does not seek an admission regarding the application of law to facts, but is rather being used to compel an admission of a conclusion of law, which is not permitted under Federal Rule of Civil Procedure 36.  Apple also objects to this request on the grounds that it is premature, not relevant to the claims or defenses of the parties, and not reasonably calculated to lead to the discovery of admissible evidence.  Apple states that despite declaring this patent essential to the UMTS standard, Samsung has not yet established that it is actually essential to the standard.  Apple expects that for any claims on which Samsung intends to proceed to trial, Samsung will proffer expert opinions on these issues, and Apple will supplement its response as necessary in response to expert discovery.

**REQUEST FOR ADMISSION NO. 1872:**

Admit that no claim of U.S. Patent No. 6,928,604 is essential to 3GPP TS 25.212 version 3.1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1872:**

Apple objects to this request as overly broad and unduly burdensome to the extent it purports to require Apple to analyze unasserted claims of the Samsung patents in suit.  Apple objects further that this request does not seek an admission regarding the application of law to facts, but is rather being used to compel an admission of a conclusion of law, which is not permitted under Federal Rule of Civil Procedure 36.  Apple also objects to this request on the

1  grounds that it is premature, not relevant to the claims or defenses of the parties, and not

2  reasonably calculated to lead to the discovery of admissible evidence.  Apple states that despite

3  declaring this patent essential to the UMTS standard, Samsung has not yet established that it is

4  actually essential to the standard.  Apple expects that for any claims on which Samsung intends to

5  proceed to trial, Samsung will proffer expert opinions on these issues, and Apple will supplement

6  its response as necessary in response to expert discovery.

7  **REQUEST FOR ADMISSION NO. 1873:**

8       Admit that 3GPP TS 25.212 version 3.1 cannot be implemented without infringing at least

9  one claim of U.S. Patent No. 6,928,604.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 1873:**

11       Apple objects to this request as overly broad and unduly burdensome to the extent it

12  purports to require Apple to analyze unasserted claims of the Samsung patents in suit.  Apple

13  objects further that this request does not seek an admission regarding the application of law to

14  facts, but is rather being used to compel an admission of a conclusion of law, which is not

15  permitted under Federal Rule of Civil Procedure 36.  Apple also objects to this request on the

16  grounds that it is premature, not relevant to the claims or defenses of the parties, and not

17  reasonably calculated to lead to the discovery of admissible evidence.  Apple states that despite

18  declaring this patent essential to the UMTS standard, Samsung has not yet established that it is

19  actually essential to the standard.  Apple expects that for any claims on which Samsung intends to

20  proceed to trial, Samsung will proffer expert opinions on these issues, and Apple will supplement

21  its response as necessary in response to expert discovery.

22  **REQUEST FOR ADMISSION NO. 1874:**

23       Admit that Apple iPhone 4 complies with 3GPP TS 25.322 version 6.9.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 1874:**

25       Apple objects to this Request on the grounds that the term "complies with" is vague and

26  ambiguous. Apple further objects to this Request on the grounds that it is overly broad, unduly

27  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the

28  extent that it is not limited in time. Apple also objects to this Request to the extent it seeks

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 1907:**

2       Apple objects to this request on the ground that the phrase "the responsibility of" is vague

3  and ambiguous.  Subject to this objection, Apple denies Request No. 1907.

4  **REQUEST FOR ADMISSION NO. 1908:**

5       Admit that APPLE released the iPhone on June 29, 2007.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 1908:**

7       Apple admits Request No. 1908.

8  **REQUEST FOR ADMISSION NO. 1909:**

9       Admit that APPLE released the iPhone 3G on July 11, 2008.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 1909:**

11       Apple admits Request No. 1909.

12  **REQUEST FOR ADMISSION NO. 1910:**

13       Admit that APPLE released the iPhone 3GS on June 19, 2009.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 1910:**

15       Apple admits Request No. 1910.

16  **REQUEST FOR ADMISSION NO. 1911:**

17       Admit that APPLE released the iPhone 4 on June 24, 2010.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 1911:**

19       Apple admits Request No. 1911.

20  **REQUEST FOR ADMISSION NO. 1912:**

21       Admit that APPLE released the iPhone 4S on October 14, 2011.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 1912:**

23       Apple admits that Apple released the iPhone 4S in the United States, Canada, Australia,

24  the United Kingdom, France, Germany and Japan on October 14, 2011.

25  **REQUEST FOR ADMISSION NO. 1913:**

26       Admit that APPLE released the iPod Touch on September 5, 2007.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 1913:**

28       Apple admits that Apple released the first generation iPod touch on September 5, 2007.

1    **REQUEST FOR ADMISSION NO. 1914:**

2        Admit that APPLE released the iPad on April 3, 2010.

3    **RESPONSE TO REQUEST FOR ADMISSION NO. 1914:**

4        Apple admits Apple released the iPad in the United States on April 3, 2010.

5    **REQUEST FOR ADMISSION NO. 1915:**

6        Admit that APPLE released the iPad 3G on April 30, 2010.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 1915:**

8        Apple admits that Apple released the iPad 3G (AT&T) in the United States on April 30,

9    2010.

10   **REQUEST FOR ADMISSION NO. 1916:**

11       Admit that APPLE released the iPad 2 on March 11, 2011.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 1916:**

13       Apple admits that Apple released the iPad 2 in the United States on March 11, 2011.

14   **REQUEST FOR ADMISSION NO. 1917:**

15       Admit that APPLE released the iPad 2 3G on March 11, 2011.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 1917:**

17       Apple admits that Apple released the iPad 2 3G (AT&T and Verizon) in the United States

18   on March 11, 2011.

19   **REQUEST FOR ADMISSION NO. 1918:**

20       Admit that the ETSI Secretariat provides to its members procedures to allow access to

21   information with respect to ESSENTIAL IPRs which have been brought to the attention of ETSI.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 1918:**

23       Apple objects to this request on the ground that the word "procedures" and "information"

24   and the phrase "to allow access" are vague and ambiguous as used in this request.  Accordingly,

25   Apple can neither admit nor deny this request.  Apple admits that Section 7.2 of the ETSI

26   Intellectual Property Rights Policy states: "ETSI shall establish appropriate procedures to allow

27   access to information at any time with respect to ESSENTIAL IPRs which have been brought to

28   the attention of ETSI" and that ETSI maintains the "ETSI IPR online database," available at

1   chipsets that implement the UMTS standard formed a valid and binding license agreement for

2   those declared-essential patents, INFINEON was licensed.

3   **REQUEST FOR ADMISSION NO. 1959:**

4       Admit that APPLE was aware of Intel Corp.'s plans to acquire INFINEON's Wireless

5   Solution Business before the acquisition took place.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 1959:**

7       Apple admits that Intel publicly announced its plans to acquire Infineon in August 2010,

8   and the acquisition was completed on January 31, 2011.

9   **REQUEST FOR ADMISSION NO. 1960:**

10      Admit that Steve Jobs discussed Intel Corp.'s plans to acquire INFINEON's Wireless

11  Solution Business with Intel CEO Paul Otellini before the acquisition took place.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 1960:**

13      Apple objects to this request on the ground that a response requires information that is

14  outside Apple's possession, custody and control.  Accordingly, Apple is unable to either admit or

15  deny this request.

16  **REQUEST FOR ADMISSION NO. 1961:**

17      Admit that the INTEL BASEBAND PROCESSORS incorporated in the APPLE

18  ACCUSED PRODUCTS are manufactured by Intel Mobile Communications ("IMC") in

19  Singapore.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 1961:**

21      Apple objects to this request on the ground that a response requires information that is

22  outside Apple's possession, custody and control, including, for example, information concerning

23  components that Apple has purchased from third parties.  Accordingly, Apple is unable to either

24  admit or deny this request.

25  **REQUEST FOR ADMISSION NO. 1962:**

26      Admit that none of the INTEL BASEBAND PROCESSORS incorporated in the APPLE

27  ACCUSED PRODUCTS are manufactured in the United States.

28

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 1962:**

2      Apple objects to this request on the ground that a response requires information that is

3  outside Apple's possession, custody and control, including, for example, information concerning

4  components that Apple has purchased from third parties.  Accordingly, Apple is unable to either

5  admit or deny this request.

6  **REQUEST FOR ADMISSION NO. 1963:**

7      Admit that the INTEL BASEBAND PROCESSORS incorporated in the APPLE

8  ACCUSED PRODUCTS are transferred from Intel Mobile Communications ("IMC") in

9  Singapore to Intel SDN. BHD. in Malaysia.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 1963:**

11      Apple objects to this request on the ground that a response requires information that is

12  outside Apple's possession, custody and control, including, for example, information concerning

13  components that Apple has purchased from third parties.  Accordingly, Apple is unable to either

14  admit or deny this request.

15  **REQUEST FOR ADMISSION NO. 1964:**

16      Admit that the INTEL BASEBAND PROCESSORS incorporated in the APPLE

17  ACCUSED PRODUCTS are never transferred by Intel Mobile Communications ("IMC") to a

18  location in the United States.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 1964:**

20      Apple objects to this request on the ground that a response requires information that is

21  outside Apple's possession, custody and control, including, for example, information concerning

22  components that Apple has purchased from third parties.  Accordingly, Apple is unable to either

23  admit or deny this request.

24  **REQUEST FOR ADMISSION NO. 1965:**

25      Admit that the INTEL BASEBAND PROCESSORS incorporated in the APPLE

26  ACCUSED PRODUCTS are transferred from Intel SDN. BHD. in Malaysia to Hongfujin

27  Precision Electronics (Zhengzhou) Co., Ltd. in Zhengzhou, China.

28

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 1965:**

2   Apple objects to this request on the ground that a response requires information that is

3   outside Apple's possession, custody and control, including, for example, information concerning

4   components that Apple has purchased from third parties.  Accordingly, Apple is unable to either

5   admit or deny this request.

6   **REQUEST FOR ADMISSION NO. 1966:**

7   Admit that Hongfujin Precision Electronics (Zhengzhou) Co., Ltd. in China receives

8   INTEL BASEBAND PROCESSORS on behalf of APPLE.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 1966:**

10   Apple admits Request No. 1966.

11   **REQUEST FOR ADMISSION NO. 1967:**

12   Admit that the INTEL BASEBAND PROCESSORS incorporated in the APPLE

13   ACCUSED PRODUCTS are never transferred by any Intel entity, including without limitation

14   Intel Mobile Communications ("IMC"), Intel Corp., Intel Americas, Inc. and Intel SDN. BHD., to

15   a location in the United States.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 1967:**

17   Apple objects to this request on the ground that a response requires information that is

18   outside Apple's possession, custody and control, including, for example, information concerning

19   components that Apple has purchased from third parties.  Accordingly, Apple is unable to either

20   admit or deny this request.

21   **REQUEST FOR ADMISSION NO. 1968:**

22   Admit that the first time the INTEL BASEBAND PROCESSORS incorporated in the

23   APPLE ACCUSED PRODUCTS arrive in the United States is when the APPLE ACCUSED

24   PRODUCTS that incorporate the INTEL BASEBAND PROCESSORS are sent to the United

25   States.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 1968:**

27   Apple objects to this request on the ground that a response requires information that is

28   outside Apple's possession, custody and control, including, for example, information concerning

1  components that Apple has purchased from third parties.  Accordingly, Apple is unable to either

2  admit or deny this request.

3  **REQUEST FOR ADMISSION NO. 1969:**

4      Admit that at least one claim of U.S. Patent No. 7,362,867 covers the technology set forth

5  in SAMSUNG's R1-99915 proposal, sent July 8, 1999.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 1969:**

7      Apple objects to this Request on the grounds that the term "covers" is vague and

8  ambiguous.  Apple objects to this request as overly broad and unduly burdensome to the extent it

9  purports to require Apple to analyze unasserted claims of the Samsung patents in suit.  Apple

10  objects further that this request does not seek an admission regarding the application of law to

11  facts, but is rather being used to compel an admission of a conclusion of law, which is not

12  permitted under Federal Rule of Civil Procedure 36.  Apple also objects to this request on the

13  grounds that it is premature, not relevant to the claims or defenses of the parties, and not

14  reasonably calculated to lead to the discovery of admissible evidence.  Apple states that despite

15  declaring this patent essential to the UMTS standard, Samsung has not yet established that it is

16  actually essential to the standard and to any proposals (including Samsung proposals)

17  incorporated within that standard.  Apple expects that for any claims on which Samsung intends

18  to proceed to trial, Samsung will proffer expert opinions on these issues, and Apple will

19  supplement its response as necessary in response to expert discovery.

20  **REQUEST FOR ADMISSION NO. 1970:**

21      Admit that no claim of U.S. Patent No. 7,362,867 covers the technology set forth in

22  SAMSUNG's Tdoc R1-99915 proposal, sent July 8, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 1970:**

24      Apple objects to this Request on the grounds that the term "covers" is vague and

25  ambiguous.  Apple objects to this request as overly broad and unduly burdensome to the extent it

26  purports to require Apple to analyze unasserted claims of the Samsung patents in suit.  Apple

27  objects further that this request does not seek an admission regarding the application of law to

28  facts, but is rather being used to compel an admission of a conclusion of law, which is not