# EXHIBIT J2
# FILED UNDER SEAL



May 13, 2011

Via Express Mail and Facsimile

Mr. Boris Teksler
Director, Licensing
Apple Inc.

1 Infinite Loop, M/S 36-2 PAT
Cupertino, CA 95014-2084,
USA

RE: Apple's Request for a Patent License

Dear Mr. Teksler,

This responds to your April 29 and May 9, 2011 letters requesting terms for a potential FRAND license for Apple under certain Samsung patents.

As an initial matter, Apple's request for FRAND license terms comes as quite a surprise. As you know, Samsung was negotiating with Apple in good faith when Apple abruptly halted the discussions and filed a preemptive lawsuit. In our view, it would have made more sense to discuss the license you are requesting in that context, rather than now that Apple has initiated litigation. We wonder about the reason behind Apple's request at this time.

We also disagree with several of the statements in your letters such as the assertion that Samsung's actions are contrary to FRAND principles or that Samsung's alleged silence implies it will not honor legitimate FRAND obligations. To the contrary, Samsung takes FRAND commitments seriously and is willing to grant Apple a nonexclusive license under any Samsung patents relating to UMTS/WCDMA wireless devices that are subject to FRAND commitments.

Before we can set forth the actual terms for such a license, we will need some additional information from you since your letter was unclear as to many important details. For example, you did not specify whether Apple requires a license for Samsung's entire worldwide patent portfolio of UMTS/WCDMA patents. You also did not specify whether Apple contemplates that the license will include foreign counterparts and related patents or only those for which Apple contends an actual FRAND commitment exists. Similarly, you suggest Apple might like a license under certain specific Samsung patents, but you did not identify the patents. We will also need to know what the time frame is for the license Apple seeks and whether Apple contemplates a grant back of rights to Samsung under any essential patents that Apple might have or is otherwise willing to enter into a cross-license. Since these are relevant considerations, we respectfully request that you provide this information by the end of next week so that we can

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY                    SAMNDCA00322770

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

move this discussion along. Once we understand the terms you are actually requesting, we will do our best to respond within a reasonable time with a license proposal.

Finally, although you ask that Samsung provide its response on a non-confidential basis, you did not explain the basis for that request. We are not aware of any requirement that Samsung provide the information Apple requested on a non-confidential basis and would point out that all exchanges between the parties of presentations and other negotiation-related materials to date have been confidential. Moreover, the terms and existence of certain potential Samsung licenses, such as those you inquired about, are almost certainly governed by confidentiality restrictions that prevent us from disclosing them to in-house Apple personnel, let alone publicly. To help us better understand the basis for your request, please explain why Apple insists that Samsung respond on a non-confidential basis.

We look forward to your response.

Regards,

Seongwoo Kim
Director
Licensing Team, IP Center
Samsung Electronics

416 , Maetan 3-Dong,
Yeongtong-Gu, Suwon-Si,
Geonggi-Do, 443-742, Korea

SAMNDCA00322771