# EXHIBIT 18



EUROPEAN TELECOMMUNICATIONS STANDARDS INSTITUTE

ETSI/GA17(93)10
G17P010A.WFW
CEC/jg
9 July 1993
Page 1 of 1

Specially Convened General Assembly Meeting (GA17)
Sophia Antipolis, 12 July 1993

Date: 9 July 1993

Source: CEC, Mr. C.D. Ehlermann

Title: CBEMA/ETSI, Letter from the European Commission, Mr. C.D. Ehlermann and the ETSI reply

Agenda item: 2

Document for: Information

Please find attached, as Annex 1, the letter addressing to ETSI the formal complaint from the Computer and Business Equipment Manufacturers Association "CBEMA". This document contained 60 pages plus an Annex of 24 pages.

Annex 2 represents a first reply from ETSI to the Commission and annex 3 is a Collective Letter addressed to the ETSI TC and STC Chairmen on the subject.

Confidential Business Information,
Subject to Protective Order




EUROPEAN TELECOMMUNICATIONS STANDARDS INSTITUTE

**ETSI/GA17(93)10**
G17P010A.WFW
CEC/jg
9 July 1993

ANNEX 1 to ETSI/GA17(93)10

Confidential Business Information,
Subject to Protective Order




Brussels, 01. VII. 1993
SHS/mvn

DIRECTORATE-GENERAL
FOR COMPETITION

The Director-General

Mr. Antonio Castillo Holgado
Chairman, General Assembly
European Telecommunications
Standards Institute
Routes des Lucioles
F - 06561 Sophia Antipolis
Valbonne

Dear Mr. Castillo,

Re: Case No IV/34.760, CBEMA/ETSI

The Directorate-General for Competition of the European Commission has received a formal complaint pursuant to Article 3 of Regulation 17/62 of the Council against the European Telecommunications Standards Institute "ETSI" from the Computer and Business Equipment Manufacturers Association "CBEMA", alleging infringements of Articles 85 and 86 of the EEC Treaty in connection with the adoption by ETSI's General Assembly of an Interim Intellectual Property Rights Policy and Undertaking. Specifically, the complainant requests the Commission to declare the Policy and Undertaking to be in violation of Articles 85 and 86 and to order ETSI to amend the Policy, the Undertaking, the Statutes and the Rules of Procedure so as to permit companies to participate in all ETSI's standard-setting activities without the imposition of an obligation to license their IPRs. To preserve the status quo during the Commission's investigation of the allegations, the complainant requests the Commission to adopt interim measures inter alia preventing ETSI from suspending or expelling members who do not sign the Undertaking.

I attach a copy of the complaint and its attachments and invite you to submit any comments you may have.

As the complaint has just been received very recently by my services, a detailed analysis of the allegations has not yet been completed and will of course also include an examination of any remarks you may submit as well as information which will if necessary be obtained from individual ETSI members.

I should point out, however, that if experts coming from companies who have not yet signed the Undertaking were already now barred from participating in the work of ETSI's committees, the Commission would be required to decide forthwith whether the complainant's request for



Confidential Business Information,
Subject to Protective Order

interim measures is justified. I refer in this connection to a letter dated 7 May 1993 from Mr. Reid of ETSI's PMC Department, annexed to the complaint as Attachment 16, in which he informs the chairmen of all committees that only experts coming "from those companies which have signed the Policy and the Undertaking" should now contribute to ETSI's work.

Finally, and regardless of the outcome of this case, I would, in the interest of non-members, like to take this opportunity to repeat the policy stated in the Commission's letter to ETSI of 25 November 1992 with respect to the availability of European standards to all persons wishing to use them on fair, reasonable and non-discriminatory terms as well as the comments made on this subject by the Commission's representative before ETSI's 15th General Assembly in March 1993.

I would be grateful if you could communicate the contents of this letter to ETSI's Members and of course, if you feel it is appropriate, to any other interested parties such as Observers or Counsellors.

C.D. EHLERMANN

Confidential Business Information,
Subject to Protective Order




EUROPEAN TELECOMMUNICATIONS STANDARDS INSTITUTE

*ETSI/GA17(93)10*
G17P010A.WFW
CEC/jg
9 July 1993

ANNEX 2 to ETSI/GA17(93)10

PMC/158/PR/gg

Sophia Antipolis, 1 July 1993

Mr C.D. EHLERMANN
C.E.C.
D.G. IV
Avenue de Cortenberg 150
B - 1040 BRUSSELS

Dear Mr Ehlermann,

Case No IV/34.760-CBEMA/ETSI

Thank you for your fax of today's date to the Chairman of the ETSI General Assembly, Dr A. Castillo. We shall of course be giving the matter our serious and urgent attention.

As an immediate reaction from the Secretariat, I would like to comment on the question of the letter from Mr Reid dated 7 May 1993.

The ambiguity of the word "now" was noted during a recent co-ordination meeting of our Technical Committee Chairmen. Mr Reid agreed that the word was indeed open to misinterpretation but, being English, confirmed that the intended interpretation was a commonly used form, implying "as a consequence of" rather than "from now on". In order to confirm this interpretation among our Technical Committee Chairmen, a letter has been prepared and a copy is enclosed for your information.

I would like to make it very clear that any consequences resulting from the ETSI IPR Policy and Undertaking can only be put into force six months after the appropriate amendments to the ETSI Statutes and Rules of Procedure. This means, in particular, that no action could be possible before 1 February 1994 at the earliest, and only under the express direction of our General Assembly, which is the ETSI body having the appropriate authority for these matters.

I trust that this explanation will satisfy your concerns on this particular point, but I shall be pleased to comment further if required. Regarding the complaint in general, I am confident that Dr Castillo will discuss the matter in depth with me and other ETSI officials and will contact you in due course.

Yours sincerely,

Karl Heinz Rosenbrock

Karl Heinz Rosenbrock
Director

cc : Dr A. Castillo

EUROPEAN TELECOMMUNICATIONS STANDARDS INSTITUTE
INSTITUT EUROPEEN DES NORMES DE TELECOMMUNICATION
EUROPÄISCHES INSTITUT FÜR TELEKOMMUNIKATIONSNORMEN
Postal address : ETSI - 06921 Sophia Antipolis Cedex FRANCE
Office address : Route des Lucioles - Sophia Antipolis - Valbonne FRANCE

Tél. : + 33 92 94 42 00
Téléfax : + 33 93 65 47 16
Télex : 470 040 F

Siret n° 348 623 562 00017

Confidential Business Information,
Subject to Protective Order




EUROPEAN TELECOMMUNICATIONS STANDARDS INSTITUTE

*ETSI/GA17(93)10*
G17P010A.WFW
CEC/jg
9 July 1993

ANNEX 3 to ETSI/GA17(93)10

Confidential Business Information,
Subject to Protective Order





PMC/157/PR/gg

Sophia Antipolis, 1 July 1993

To : All TC and STC Chairmen

Dear Colleagues,

Participation of Non-Members in TC/STC Meetings

The 14th TC Chairmen's co-ordination meeting (TCC14), 25-27 May 1993, took note of an ambiguity in a letter on the above subject sent to you by Paul Reid on 7 May. The ambiguity related to the use of the word "now" which, it was argued, could imply that any measures to exclude organisations from ETSI meetings because they had not signed the IPR Undertaking would take place with immediate effect. It was underlined by Mr Reid that this was not the intention of the letter and in consequence the following minute was recorded in the report of the meeting (dated 17 June 1993) :

*- Mr. von Studnitz (Chairman TE/AVM) commented on a letter from the ETSI Secretariat which implied from the use of the word "now" that the conditions stated above applied immediately [ETSI/TCC14(93)52]. Mr Reid (ETSI Secretariat) explained that the use of the word "now" in this case meant "as a consequence of" rather than "from now on".*

This is an accepted alternative meaning of the word in English. The report goes on to confirm that any such restrictions could not take place until early 1994 at the earliest and only after the necessary changes to the ETSI statutes had been made, the prescribed time scale had elapsed, and the full legal basis was truly in place :

*- Mr Ask (Deputy Director) gave a short introduction on the effects of the IPR Policy and Undertaking on the work of TC Chaimen. It was explained that the implications could not take place until 6 months after the agreed changes to the ETSI Statutes had taken place which was scheduled for 12 July 1993. Therefore, it would be early 1994 before the full effects would be in place. As a consequence it would be essential to ensure that only ETSI members who had signed the undertaking were permitted to attend ETSI meetings. Furthermore the scope of new work items proposed to the Technical Assembly would need to be clear and explicit enabling the 180 day period to commence.*

EUROPEAN TELECOMMUNICATIONS STANDARDS INSTITUTE
INSTITUT EUROPEEN DES NORMES DE TELECOMMUNICATION
EUROPÄISCHES INSTITUT FÜR TELEKOMMUNIKATIONSSTANDARDS
Postal address : ETSI - 06921 Sophia Antipolis Cedex FRANCE
Office address : Route des Lucioles - Sophia Antipolis - Valbonne FRANCE

Tél. : + 33 92 94 42 00
Téléfax : +33 93 65 47 16
Télex : 470 040 F

Siret n° 348 623 562 00017

Confidential Business Information,
Subject to Protective Order

S-ITC-003390944

Mr Ask went on to explain that the General Assembly is the sovereign body for decisions regarding actions to be taken concerning those organisations which decline to sign the Policy and Undertaking. This is not a matter within the responsibility of either the Technical Assembly or the ETSI Secretariat.

I would ask you to take note of this clarification and to take no action on this matter for the time being. I will inform you in due course when the implications of the Policy and Undertaking will take effect. In the meantime, please do not hesitate to contact me if you require additional guidance.

Yours sincerely,

Karl Heinz Rosenbrock
Director

Confidential Business Information,
Subject to Protective Order