[COUNSEL LISTED ON SIGNATURE PAGES]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:  April 12, 2012<br>Time:  1:30 pm<br>Place:  Courtroom 4, 5th Floor<br>Judge:  Hon. Lucy H. Koh |

Under Civil Local Rule 16-10(d), the parties jointly submit this Joint Case Management Statement to update the prior statement and to offer their thoughts for the remainder of the case, including the need for additional ADR.

### 1. Progress or Changes Since Last Statement:

The fact discovery deadline was March 8. The Court has adjudicated 15 motions, including motions and cross motions to compel and motions to amend invalidity and infringement contentions. The Court issued its *Markman* ruling on April 4. Opening expert reports have been served, and the parties currently are preparing rebuttal reports. The parties are discussing a few remaining depositions of party or third party fact witnesses (*e.g.,* as a result of stipulations or the recent order by Judge Grewal).

### 2. The Parties' Views on the Remainder of Case:

**Apple's Views:**

Apple is contemplating possible summary judgment motions to bring before the Court, and it expects that Samsung is as well.

Additionally, Apple would like to raise two options for the remainder of the case with the Court for its consideration and discussion at the case management conference:

**Option 1:  Severance**

Option 1 would sever Apple's claims relating to its intellectual property (*e.g.,* its design patent, utility patent, and trademark and trade dress rights) from Samsung's claims relating to its intellectual property (*e.g.,* its utility patent claims). There are few if any overlapping issues and few if any overlapping witnesses between these claims. For example, Samsung's claims relating to its intellectual property raise FRAND and antitrust issues, neither of which has any relevance to Apple's intellectual property claims. To aid juror comprehension and avoid prejudice or delay to either party, the two sides of the case would be tried back-to-back in separate cases. Apple's intellectual property claims would be tried first, with Samsung's intellectual property claims (and Apple's related counter/cross-claims) tried immediately thereafter.

As Apple explained in the parties' prior Joint Case Management Statement, it is well within the Court's discretion as to whether to sever cases for trial (or not). (D.N. 159 at 18-20.)

The Court did not predetermine this issue by administratively relating the cases in May 2011, as Samsung suggests. In fact, as recently as the January 17, 2012 *Markman* tutorial, the Court inquired as the parties' views on "how . . . the trial would proceed" and further explained that it was unnecessary to "decide [the severance issue] right now." (Hrg. Tr. at 7, 11.)

Clarity as to the Court's thoughts on severance would benefit both parties, as the July 30th trial date is looming. If the cases were severed, the parties could plan and focus their trial preparations accordingly.

Neither Samsung's pending motion to dismiss nor the parties' expected summary judgment motions negate the benefits of severance, as the parties' respective intellectual property claims do not meaningfully intersect in terms of witnesses or technologies. In particular, Apple's asserted intellectual property rights (*e.g.,* its design patents, utility patents, trademark, and trade dress rights) do not overlap with Samsung's asserted utility patents, the majority of which relate to wireless technologies.

**Option 2:  Combined Presentation**

If the Court is disinclined to sever the two cases, Apple proposes a second option. Option 2 would keep parties' claims and counterclaims together in one trial with one set of jury instructions and one verdict form. The trial would begin with Apple's affirmative claims, followed by Samsung's defensive case and counter/cross-claims, and finally concluding with Apple's rebuttal case.

Samsung's proposal to try everything together *except* for Apple's antitrust, unfair competition, and contractual counterclaims and licenses defenses makes no sense and would be one-sided. These counterclaims and defenses, which concern issues such as Samsung's conduct during the standard-setting process, its compliance with its FRAND obligation, and licensing, are inextricably intertwined with Samsung's utility patent claims.

**Samsung's Views:**

Apple's proposals are transparent attempts to prioritize its own affirmative claims over Samsung's affirmative claims. For the reasons set forth in the parties' previous Joint Case Management Statement (D.N. 159 at 20-22) and in arguments during prior hearings, Apple's

request for severance or bifurcation of the parties' claims should be denied, not least of which because Apple's requested relief would essentially undo the Court's previous order to relate these cases. Apple's new proposal for a "structured presentation" is just another attempt at prioritizing its claims first, though this proposal seeks to prioritize those claims before the same jury.

Discussion of bifurcation is premature at this stage. Pending before the Court is Samsung's Motion to Dismiss Apple's antitrust and FRAND-related counterclaims. Should the Court grant Samsung's currently pending Motion to Dismiss Apple's Antitrust and FRAND-related counterclaims, Apple's concerns for complexity stated above would be mooted. Further, the parties will be filing motions for summary judgment which may dispose of some of the issues now pending before the Court and will further change the nature of the case.

If, notwithstanding the above, the Court is inclined to consider structuring the trial before the Motion to Dismiss and Summary Judgment motion practice, the Court should bifurcate Apple's antitrust, unfair competition, and contractual counterclaims as well as its defenses relating to license. The parties' pending patent, design, and trade dress claims concern overlapping subject matter. In trying these claims, the parties will introduce evidence regarding the features, functionality, and design of the products at issue. By contrast, Apple's antitrust, unfair competition, and contractual counterclaims and related defenses involve issues relating to the requirements of standard-setting organizations, including whether Samsung's offer for a license to certain asserted patents was consistent with any such obligations. Further, these counterclaims and defenses involve complex questions of law that may not need to be decided if the case is bifurcated as suggested by Samsung. For example, these counterclaims and defenses would not need to be addressed if the jury were to find that Apple does not infringe the relevant Samsung patents or that the patents are not essential to the UMTS standard, Moreover, it is standard practice for courts to bifurcate such claims in order to prevent jury confusion and to avoid prejudice to Samsung.

### 3. **Settlement and ADR:**

The parties have previously participated in an in-person settlement discussion with a mediator. Representatives of both parties, along with outside counsel, participated in the mediation. The parties do not believe that additional mediation would be helpful at this time.

Dated: April 5, 2012

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

By: */s/ Michael A. Jacobs*
     Michael A. Jacobs

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

Dated: April 5, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

By:   */s/ Victoria Maroulis*
      Victoria Maroulis

Attorneys for Defendants and Counterclaim-Plaintiffs SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC