QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S SUPPLEMENTAL RESPONSE TO APPLE'S CORRECTED REPLY IN SUPPORT OF RULE 37(b)(2) MOTION RE: SAMSUNG'S ALLEGED VIOLATION OF JANUARY 27, 2012 DAMAGES DISCOVERY ORDER**<br><br>Date: April 9, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

**PUBLIC REDACTED**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.    APPLE'S NEW ARGUMENTS CONTRADICT ITS EARLIER REPRESENTATIONS TO THE COURT ............................................................................ 1

    II.    CONTRARY TO APPLE'S DISINGENUOUS ASSERTION, SAMSUNG DID NOT IMPROPERLY ███████████████████████████ ............................. 2

    III.    APPLE MISSTATES MR. SIM'S TESTIMONY REGARDING ███████ ████████ ......................................................................................................................... 4

    IV.    MR. SHEPPARD DID NOT REFUSE TO TESTIFY REGARDING THE ██████████████████ ................................................................................................... 5

    V.    SAMSUNG HAS INVESTED AN ENORMOUS AMOUNT OF TIME AND CARE IN PRODUCING FINANCIAL INFORMATION ................................................. 5

    VI.    CONTRARY TO APPLE'S ASSERTION, THE COURT DID NOT COMPEL SAMSUNG TO PRODUCE DOCUMENTS SHOWING CONSOLIDATED PROFITS ................................................................................................................................ 6

    VII.    SAMSUNG WAS UNDER NO OBLIGATION TO PRODUCE FINANCIAL DOCUMENTS CONCERNING UNACCUSED PRODUCTS ............................................. 7

    VIII.    THE SANCTIONS DEMANDED BY APPLE ARE INAPPROPRIATE OR MOOT ..................................................................................................................................... 9

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page**

### Cases

*Carl Zeiss Vision Int'l GmbH v. Signet Armorlite, Inc.*,
   2010 WL 743792 (S.D.Cal. 2010) ..........................................................................................8

*Fair Housing of Marin v. Combs*,
   285 F.3d 899 (9th Cir. 2002) ............................................................................................9, 10

*Henry v. Gill Indus., Inc.*,
   983 F.2d 943 (9th Cir. 1993) ..................................................................................................9

*In re Heritage Bond Litigation*
   223 F.R.D. 527 (C.D. Cal. 2004) ............................................................................................9

*Nat'l Bank v. Germain*,
   503 U.S. 249 (1992) ................................................................................................................4

*The Coryn Group II, LLC v. O.C. Seacrets, Inc.*,
   2011 WL 862729 (D.Md. March 10, 2011) .......................................................................3, 7

### Statutes

15 U.S.C. § 117(a) ............................................................................................................................3

35 U.S.C. § 289 ................................................................................................................................3

**PRELIMINARY STATEMENT**

Apple's Reply Brief contains numerous factual misstatements, omissions, and *non-sequiturs*. Samsung respectfully submits this Supplemental Brief to correct the most egregious of Apple's misstatements and to update the Court on events that have occurred since Apple filed its Reply Brief. Samsung expended tremendous time and resources providing financial information to Apple. Yet Apple's Reply Brief makes clear that nothing will ever be enough for Apple, and that it is more interested in trying to gain an unfair and unwarranted strategic advantage than in obtaining discoverable information.

Apple's motion started as out as one thing and has now turned into something completely different. Apple initially complained that Samsung had violated the Court's January 27, 2012 Order by producing only one document on February 3, 2012 – ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Having now realized this allegation is demonstrably incorrect, Apple has changed its complaint to focus on the purported unreliability of the ▇▇▇▇▇▇ and contrived deficiencies in Samsung's witnesses' deposition testimony. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ More importantly though, the fact that Apple now has gripes – albeit entirely baseless ones – with the reliability of Samsung's documents has nothing to do with whether Samsung complied with the Court's Order, which Apple now implicitly concedes it did.

**ARGUMENT**

**I. APPLE'S NEW ARGUMENTS CONTRADICT ITS EARLIER REPRESENTATIONS TO THE COURT**

Apple's Reply Brief is riddled with misstatements of fact and arguments that are in direct contradiction to Apple's earlier representations to the Court. For example, Apple complains that the ▇▇▇▇▇▇ produced by Samsung pursuant to the Court's January 27, 2012 Order ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"[1]  Yet, Apple previously told the Court that what it sought was a

report from Samsung's ▮▮▮▮▮▮▮▮▮ "prepared either based on a standardized template or prepared based on ad hoc criteria selected by a user."[2]  Apple even proclaimed that it had produced exactly that kind of document to satisfy its own discovery obligations.[3]

Similarly, Apple complains that Samsung has not expended sufficient effort to produce the ▮▮▮▮▮▮▮▮▮▮▮▮  But, in its original motion to compel, Apple justified its broad requests by representing to the Court that "Samsung has the ability to generate reports reflecting financial data simply ▮▮▮▮▮▮▮▮▮▮."[4]  Now, Apple tells the Court that ▮▮▮▮▮▮▮▮▮▮▮▮ is grounds for sanctions.  Apple's constantly shifting approach shows that no matter what information Samsung provides, Apple will go back to the Court asking for something different.

**II.  CONTRARY TO APPLE'S DISINGENUOUS ASSERTION, SAMSUNG DID NOT IMPROPERLY ▮▮▮▮▮▮▮▮▮▮▮▮**

On reply, Apple complains that the March 8 ▮▮▮▮▮▮ were ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"[5]  Apple is incorrect.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[6]

Moreover, as Apple knows, Samsung's Rule 30(b)(6) witness, Mr. Sim, explained in deposition that the ▮▮▮▮▮▮▮▮ reflected ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] Reply at 4.
[2] *Id.* ¶ 4.
[3] *Id.* ¶ 10.
[4] Dkt. No. 613-1 at 21 (emphasis added).
[5] Reply at 6.
[6] Dkt. No. 801-11, Declaration of Timothy Sheppard ("Sheppard Decl.") at ¶ 30.
[7] March 10, 2012 Deposition Transcript of Jaehwang Sim ("March 10 Sim Depo."), Declaration of Christopher E. Price ("Price Decl."), Ex. I at 36:1-25.
[8] *Id.* at 184:20-185:2.

1 [REDACTED]
2 [REDACTED]
3 [REDACTED]
4 [REDACTED]
5 [REDACTED]
6 [REDACTED]
7 [REDACTED]
8 [REDACTED]
9 [REDACTED]
10 [REDACTED]
11 [REDACTED]
12 [REDACTED]
13 [REDACTED]
14 [REDACTED]
15 [REDACTED]

16  Apple points to no reason why this third-party information is relevant to its damages case.
17 The language of the Lanham Act is clear that, under certain limited circumstances, a successful
18 plaintiff in a trademark infringement action may recover the "***defendant's*** profits," and its initial
19 burden is to prove the "***defendant's*** sales."  15 U.S.C. § 117(a) (emphasis added).  The statute
20 providing for the recovery of design patent damages is equally clear.  The accused design patent
21 infringer "shall be liable to the owner to the extent of ***his*** total profit."  35 U.S.C. § 289 (emphasis
22 added).

23  In three rounds of briefing, Apple has identified no legal basis—nor is there any—for it to
24 recover [REDACTED]
25 [REDACTED] *See The Coryn Group II, LLC v.*
26 *O.C. Seacrets, Inc.*, 2011 WL 862729, at *9 (D.Md. March 10, 2011) (ruling that third-party
27 subsidiaries' profits is irrelevant and prejudicial under the Lanham Act if not connected to the

---

9 *Id.*
10  March 10 Sim Depo., Price Decl., Ex. I at 114:7-115:15.

1  named parent's profits and losses); *see also Nat'l Bank v. Germain*, 503 U.S. 249, 253-254 (1992)

2  ("[C]ourts must presume that a legislature says in a statute what it means and means in a statute

3  what it says there.").

4  Finally, contrary to Apple's rhetoric, Samsung has hidden nothing. The original

5  ███ produced by Samsung contains the information concerning ███

6  ███ and is available for Apple's use. ███

7  ███ which includes these entities' profits.[11]

### III. APPLE MISSTATES MR. SIM'S TESTIMONY REGARDING ███

Apple tells the Court in its Reply that Mr. Sim testified that the February 28 ███ was created for the purpose of removing details regarding ███

███.[12] Further, Apple fails to inform the Court that Samsung has since produced ███

███[13]

███ But Samsung was never ordered to provide that information and, notably, Apple fails to provide any reason why it is relevant to a damages analysis.[14]

It is also simply untrue that Samsung's attorney instructed Mr. Sim not to answer questions regarding ███ Apple omits that Samsung's attorney stated:

███[15]

---

[11] *See* Expert Report of Terry L. Musika, CPA ("Musika Report"), Price Decl., Ex. C at 50.
[12] Dkt. No. 801-11, Sheppard Decl. at ¶¶ 7, 10.
[13] *See* SAMNDCA00372946, Price Decl., Ex. K.
[14] Jan. 27 Order, Dkt. No. 673 at 15.
[15] March 10 Sim Depo., Price Decl., Ex. I at 116:1-10; *see also id.* at 131:16-20

1  And, in fact, Mr. Sim did provide testimony regarding ███████████████ [16]
2  ████████████████████████████████████████████████████████
3  ████████████████████████████████████████████████████████
4  ████████████████████████████████████████████████████████

## IV. MR. SHEPPARD DID NOT REFUSE TO TESTIFY REGARDING THE ██████████████████████

Apple tells the Court that Mr. Sheppard ████████████████████ ████[17] This too is incorrect. Mr. Sheppard provided testimony ███████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████[19]

## V. SAMSUNG HAS INVESTED AN ENORMOUS AMOUNT OF TIME AND CARE IN PRODUCING FINANCIAL INFORMATION

Apple's Reply claims that ████████████████████████████████ ██████████████[20] But this erroneous contention is based on repeated mischaracterizations of Mr. Sims's deposition testimony. For example, ████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████[22]████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

---

[16] *See, e.g.*, March 10 Sim Depo., Ex. I at 130:18-19, 131:3-8; March 31, 2012 Deposition Transcript of Jaehwang Sim ("March 31 Sim Depo."), Price Decl., Ex. B at 277:5-20.
[17] Reply at 4.
[18] *See, e.g.*, February 29, 2012 Deposition of Timothy Sheppard ("Feb. 29 Sheppard Depo."), Price Decl., Ex. J at 38-47; March 30 Deposition of Timothy Sheppard, ("March 30 Sheppard Depo."), Price Decl., Ex. A at 131:2-133:21 ████████████████████████
[19] Reply at 4.
[20] Reply at 5.
[21] Reply at 4.
[22] Reply at 4; March 10 Sim Depo., Price Decl., Ex. I at 56:8-17.
[23] Reply at 4; March 10 Sim Depo., Price Decl., Ex. I at 15:1-5.

[redacted] [4] Of course, this is after Apple told the Court that what it wanted from Samsung required only "pressing a few buttons."[25]

Samsung has invested enormous resources in collecting, producing, and verifying financial information in this case. [redacted] [27] In total, [redacted] [31] Producing complex financial information involves more than "pressing a few buttons," and Samsung has directed the appropriate resources to handle this difficult task.

VI. **CONTRARY TO APPLE'S ASSERTION, THE COURT DID NOT COMPEL SAMSUNG TO PRODUCE DOCUMENTS SHOWING CONSOLIDATED PROFITS**

Apple contends that Samsung violated the Court's Order because the detailed financial information Samsung produced does not allow Apple to calculate "consolidated profits" for all of

---

[24] Reply at 4; March 10 Sim Depo., Price Decl., Ex. I at 31:23-32:21.
[25] [Sealed] Motion to Compel, Dkt. No. 613-1 at 21.
[26] Kim Decl. at ¶¶ 3-5.
[27] *Id.* at ¶ 5.
[28] *See generally* Kim Decl.
[29] *Id.* at ¶ 9.
[30] March 30 Sheppard Depo., Price Decl., Ex. A at 88:12-90:7.
[31] Kim Decl. at ¶ 10.

[redacted] (*See* March 30 Sheppard Depo., Price Decl., Ex. A at 143:22-144:19.)

1  the Samsung entities – as opposed to the profits of each named Samsung defendant.[32]  But the
2  Court did not compel the production of documents showing the "consolidated profits" of all
3  Samsung entities.   Rather, as discussed in Samsung's opposition, the Court adopted Samsung's
4  offer to produce particular categories of documents.[33]  Conspicuously absent from these
5  categories is any reference to "consolidated profits."
6        Apple now attempts to shoehorn "consolidated profits" into the Order by contending that
7  obtaining information about the "consolidated profits" of all Samsung entities was "[o]ne of the
8  driving reasons behind Apple's January motion to compel."[34]  Yet, Apple failed to mention
9  "consolidated profits" even once in its motion to compel or at the hearing.[35]  What is more,
10 neither in its motion to compel, nor in its present motion does Apple identify any request on which
11 it moved to compel which sought the production of documents sufficient to show "consolidated
12 profits."[36]  Samsung cannot be sanctioned for not producing documents Apple never moved for
13 and the Court never ordered produced.
14       In addition to being outside the scope of Apple's motion and the Court's Order, Samsung's
15 consolidated profits are irrelevant to this action.   Apple does not deny that it has sufficient
16 information to calculate its purported damages for each of the Samsung defendants.  ▉
17 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉[37]  Apple is not
18 entitled to, and was not granted any right to, the consolidated profits of all Samsung entities.  *See*
19 *The Coryn Group*, 2011 WL 862729, at *9 (third-party subsidiaries' profits irrelevant).
20 **VII.  SAMSUNG WAS UNDER NO OBLIGATION TO PRODUCE FINANCIAL**
21 **DOCUMENTS CONCERNING UNACCUSED PRODUCTS**
22       As of the Court's January 27, 2012 Order and the February 3rd deadline, Apple had
23 identified 29 Samsung products in its Patent Local Rule 3-1 Infringement Contentions and

---

[32] Reply, § IV.
[33] Dkt No. 801-3 [Sealed] Opp. at 2:9-6:15; § II(A).
[34] Reply at 8:18-20.
[35] At the hearing, Apple demanded information about "Samsung's profits," but did not mention "consolidated profits." Ex. 8 to Olson Dec., Dkt. No. 759-04h at 155:5-8.  In its motion to compel, Apple requested "Samsung's gross and operating profits," but does not mention "consolidated profits."  Dkt. No. 759-2 at 22:14.
[36] Dkt. No. 759-2.
[37] Musika Report, Price Decl., Ex. C at ¶ 86.

response to Interrogatory No. 5. The Galaxy S II Skyrocket, Epic 4G Touch, and Galaxy Tab 10.1 4G LTE were not among them. To the contrary, Apple had proposed a stipulation whereby Apple would serve amended or supplemental infringement contentions to "add [the Epic 4G Touch and Skyrocket] as Accused Instrumentalities in this action." In light of Apple's proposed stipulation, Apple's claim that its infringement contentions already encompassed these products is simply not credible.[38] Furthermore, Apple makes no attempt to justify waiting until just *four days before the close of discovery*—more than five months after the release of the Epic 4G Touch, and nearly four months after the release of the Skyrocket—to identify these products in its response to Interrogatory No. 5. *Cf. Carl Zeiss Vision Int'l GmbH v. Signet Armorlite, Inc.*, 2010 WL 743792 (S.D.Cal. 2010) (barring the plaintiff from introducing evidence of products identified for the first time at the close of fact discovery).

Apple does not dispute that these products are sold under different names and model numbers.[39] But the differences between these products run deeper than mere labels. For example, the Skyrocket and Epic 4G Touch differ from the Galaxy S II in terms of Android operating system versions, dimensions, display screen size, processor speeds, 4G technologies, and battery power.[40] The products had different launch dates, are subject to distinct branding efforts, and are sold at significantly different prices—$99.99 for the Galaxy S II (AT&T edition), compared to $199.99 for the Skyrocket and Epic 4G Touch.[41] Apple had at least constructive notice of these products as early as August 2011,[42] yet Apple chose to omit them from its Infringement Contentions, and wait months before finally identifying these products for the first time in its response to Interrogatory No. 5. The Court should reject Apple's attempt to impose sanctions on Samsung by retroactively expanding the scope of the Court's Order.

---

[38] Nothing in the proposed stipulation indicates that it was intended to "clarify the inclusion of" models already in the case, as Apple now claims. (*See* Reply at 11, n.6.) That language does not appear anywhere in the stipulation.

[39] In its January 27 Order, the Court used explicit terms in the only instance where it compelled Samsung to produce documents relating to variants of accused products or products within the same "family" as an accused product. (*See* Dkt. No. 673 at 14.) The Court used no such language in compelling production of financial data.

[40] Price Decl., Exs. D – G.

[41] *Id.*, Ex. H.

[42] *See* Reply Declaration of Grant Kim, Exs. 8, 11 (showing product reviews of the Galaxy Tab 10.1 4G LTE and Epic 4G Touch dated August 15, 2011 and August 30, 2011, respectively).

## VIII. THE SANCTIONS DEMANDED BY APPLE ARE INAPPROPRIATE OR MOOT

For the reasons discussed here and in its opposition, Samsung has not violated the Court's January 27 Order. Apple has also not suffered any prejudice. Since Apple filed its motion, Samsung produced on March 21, 2012, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Samsung has also made available *again* for deposition its two Rule 30(b)(6) witnesses on financial topics.[43] Apple deposed Timothy Sheppard, STA's Vice President of Finance and Operations on March 30, 2012, and SEC's Vice President Jaehwang Sim on March 31, 2012.[44] Mr. Sheppard has been deposed in this action **three times**, and between this action and the concurrent ITC investigations, Apple has deposed Mr. Sheppard **five times**. Apple has had multiple opportunities to question Samsung's witnesses about the ▆▆▆▆▆▆ and documents produced since February 3, 2012.

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆[45]▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆"[46] Because Apple has suffered no prejudice, even if Samsung failed to timely produce all responsive documents, no sanctions are justified. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (holding that the "key factors are prejudice and the availability of lesser sanctions").[47]

Apple has also failed to demonstrate the kind of "extreme circumstances" necessary to impose preclusive sanctions. In an attempt to lower its burden, Apple misconstrues the holding of *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002). The Ninth Circuit in *Combs* did not hold that the standard it imposed was limited to preclusive sanctions. *Id.* To the contrary, the Ninth Circuit chose broad language, holding that "sanctions are appropriate only in 'extreme circumstances' and where the violation is due to willfulness, bad faith, or fault of the party.'" *Id.* Further, the court in *In re Heritage Bond Litigation* – ignored by Apple –

---

[43] March 31 Sim Depo., Price Decl., Ex. B; March 30 Sheppard Depo., Price Decl., Ex. A.
[44] *Id.*
[45] Expert Report of Terry Musika, Price Decl., Ex. C.
[46] *Id.* at ¶ 93.
[47] Even Apple, in its Corrected Reply, admitted that a "harmless" discovery infraction precludes even light sanctions. Reply at 14:12-14.

1  understood the Ninth Circuit's holding in *Combs* as applying to preclusive sanctions.  223 F.R.D.
2  527, 530 (C.D. Cal. 2004) ("Under Rule 37(b)(2), subsections (A) through (C), sanctions are
3  'appropriate only in extreme circumstances and where the violation is due to willfulness, bad faith,
4  or fault of the party.'").

5      There is no justification for imposing the draconian sanctions demanded by Apple.
6  Regarding sanction requests nos. 1, 2, and 3, the Court did not compel, and therefore should not
7  now compel, the production of all of the financial documents identified in Apple's proposed order.
8  These "sanctions" requests are nothing more than an attempt by Apple to make an end run around
9  the Court's prior Order.  Regarding sanction request no. 4—precluding Samsung from referring to
10 the corrected ████ – the sanction does nothing to remedy the purported violation.
11 Moreover, it would only create confusion for the Court and the jury because it would allow Apple
12 to present information about later produced financial information, while requiring that Samsung
13 only present information produced earlier.  Thus, it is a direct contravention of the "public policy
14 favoring disposition of cases on their merits." *Id.*[48]  None of the sanctions Apple seeks redresses
15 any harm, remedies any wrong, or promotes the interests of justice.

### CONCLUSION

17     For the reasons stated, Apple's Motion for Sanctions should be denied.

18 DATED: April 7, 2012        Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Vicotria F. Maroulis*
    Charles K. Verhoeven
    Kevin P.B. Johnson
    Victoria F. Maroulis
    Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC. and
SAMSUNG TELECOMMUNICATIONS AMERICA,
LLC

---

[48] Regarding No. 5, Samsung does not intend to seek to continue the trial based on any ruling regarding this motion.