# EXHIBIT 1

# EXHIBIT P1
# FILED UNDER SEAL

HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
OUTSIDE ATTORNEYS' EYES ONLY - CONFIDENTIAL BUSINESS INFORMATION

Page 1

1     UNITED STATES INTERNATIONAL TRADE COMMISSION
2                    WASHINGTON, D.C.
3
      -------------------------------x
4     In the Matter of:              )
                                     )
5     CERTAIN ELECTRONIC             ) Investigation No.
      DEVICES, INCLUDING WIRELESS    )
6     COMMUNICATION DEVICES,         ) 337-TA-794
      PORTABLE MUSIC AND DATA        )
7     PROCESSING DEVICES, AND TABLET )
      COMPUTERS                      )
8     -------------------------------x
9
10      HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
11                 OUTSIDE ATTORNEYS' EYES ONLY
12              CONFIDENTIAL BUSINESS INFORMATION
13
              VIDEOTAPED DEPOSITION OF BORIS TEKSLER
14
                    San Mateo, California
15
                  Friday, February 24, 2012
16
17
18
19
20
21
22
23    Reported By:
24    SUSAN A. SULLIVAN, CSR #3522, RPR, CRR
25    JOB NO. 46739

HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
OUTSIDE ATTORNEYS' EYES ONLY - CONFIDENTIAL BUSINESS INFORMATION



HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
OUTSIDE ATTORNEYS' EYES ONLY - CONFIDENTIAL BUSINESS INFORMATION

Page 154

[redacted]

Page 155

11    Q   The third paragraph -- sorry, it is not the
12  third paragraph.
13       The paragraph about the third element which
14  is "No Injunction" states, "A party who made a FRAND
15  commitment to license its cellular standard
16  essential patents or otherwise acquired
17  assets/rights from a party who made the FRAND
18  commitment must not seek injunctive relief on such
19  patents. Seeking an injunction would be a violation
20  of the party's commitment to FRAND licensing."
21       Do you see that?
22    A   I do.
23    Q   In your experience is that a view that's
24  universally shared by other ETSI members?
25       MR. SELWYN: Objection as to form.

Page 156

1       THE WITNESS: Again, I think that it varies and
2   I'm not sure what other people think necessarily.
3       MR. SHIELDS: All right.
4    Q   Well, you said it varies. Have you heard
5   different ETSI members express different views about
6   the availability of injunctive relief?
7       MR. SELWYN: Objection to the form.
8       THE WITNESS: I've heard a single ETSI member
9   express multiple views on the topic.
10   Q   BY MR. SHIELDS: Okay. Have you
11  yourself --
12   A   Or contrary views, maybe I should say that.
13   Q   Have you yourself observed any ETSI members
14  seeking injunctive relief on declared essential
15  patents that were subject to a FRAND entity?
16   A   IPCom certainly is, Samsung is, Motorola
17  is.
18   Q   Anyone else?
19   A   No.
20   Q   And I don't remember currently right now, I
21  mean ever.
22   A   I don't know.
23   Q   Qualcomm sought injunctive relief on
24  patents that were subject to an ETSI FRAND
25  commitment?

Page 157

1    A   In which case are you referring to?
2    Q   Well, for example, against Nokia.
3    A   I believe they were -- you know, I'm not
4   certain.
5    Q   Going back up to the third paragraph of
6   this letter to the paragraph that starts "It is
7   apparent" --
8    A   Yes.
9    Q   -- the first sentence which we talk about a
10  little before, "It is apparent that our industry
11  suffers from a lack of consistent adherence to FRAND
12  principles in the cellular standards arena."
13       What did Apple mean to convey to ETSI by
14  that sentence?
15       MR. SELWYN: Objection to form. Objection;
16  outside the scope.
17       THE WITNESS: I think that would probably be
18  privileged.
19   Q   BY MR. SHIELDS: You mean you can't answer
20  without revealing attorney-client communications?
21   A   That's right.
22       MR. SHIELDS: All right. We need to change tape
23  so why don't we take a break.
24       THE VIDEOGRAPHER: We are going off the record.
25  The time is 3:13 p.m. Here marks the end of