# EXHIBIT 2

# EXHIBIT S2
# FILED UNDER SEAL

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415 268 7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D C

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

March 14, 2012

Writer's Direct Contact
415.268.6615
JasonBartlett@mofo.com

*By Email* (dianehutnyan@quinnemanuel.com)

Diane Hutnyan
Quinn Emanuel
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017-2543

Re:   *Apple v. Samsung*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Diane:

I write regarding certain Apple witnesses noticed for deposition in Apple's offensive case, who are the subjects of my January 24, February 23, February 27, and March 6, 2012, letters.[1]

In early February, Samsung advised Apple that it was objecting to the depositions of 23 Samsung employees on "apex" grounds, and Apple advised Samsung that it was objecting to the depositions of 10 Apple employees on relevance and "apex" grounds. During a lead trial counsel meeting on February 6, 2012, the parties agreed that each would provide the other with written correspondence laying out, *in as detailed a fashion as would be provided to the Court in a motion to compel*, the factual basis for its belief that each witness possesses sufficiently relevant information to justify the burden of producing him or her for deposition. Samsung took the position that without this level of detail, it would object to any motion to compel on the grounds that Apple had not satisfied the lead trial counsel meet-and-confer requirement.

Apple provided its promised letter to Samsung on February 9, 2012, after notifying Samsung that it would not be seeking the depositions of 3 of Samsung's 23 purportedly "apex" witnesses. The letter set forth a detailed 9-page description of the factual basis for Apple's seeking the 20 remaining purported "apex" depositions, citing to documents produced by other witnesses as well as deposition testimony. Apple's letter notified Samsung that it

---

[1] I understand that my colleagues at WilmerHale are separately discussing with you Apple's objections to the depositions of Deborah Goldsmith, Justin Santamaria, and Saku Hieta in Apple's defensive case.

sf-3119216

MORRISON | FOERSTER

Diane Hutnyan
March 14, 2012
Page Two

would be moving to compel the depositions of these 20 witnesses on shortened time and set forth a proposed shortened briefing schedule.[2]

Samsung's response, *the very next day*, was to serve Apple with notices for the depositions of Tim Cook (Apple's Chief Executive Officer and a member of Apple's Board of Directors), Bruce Sewell (Apple's Senior Vice President and General Counsel), Noreen Krall (Apple's Senior Director of IP Law and Litigation), and Jeff Williams (Apple's Senior Vice President, Operations). This was an obvious effort to force out of Apple a series of "apex" objections for Samsung to turn around and use in opposing Apple's motion to compel.

Samsung did not place the depositions of these or any other Apple employees on its agenda for the February 14-15 lead trial counsel meeting. Apple placed on its agenda, and the parties discussed, the depositions of the original 10 employees who had been discussed at the February 6, lead counsel meeting. Apple reiterated that it would not be scheduling the depositions of these employees while it was still awaiting Samsung's detailed letter that it had promised on February 6. Samsung indicated that the letter would be forthcoming.

By February 17, Apple still had not received the letter Samsung had promised on February 6 and February 14-15, in which Samsung was supposed to lay out, in detail and with support, the factual basis for its belief that the objected-to Apple witnesses possesses sufficiently relevant information to justify the burden of producing yet another witness for deposition. While awaiting the letter, Apple reviewed all then-outstanding deposition notices for Apple employees, and finished scheduling the depositions of those employees who might reasonably have relevant testimony to provide.

By February 23, 2012, Apple still had not received the promised letter from Samsung, and the number of objectionable depositions had risen to 22. Apple sent a letter reiterating that Samsung needed to provide its "factual basis in writing, in at least the level of detail provided by Apple in its letters, citing to documents and deposition testimony, if any, for its belief that any of those 22 witnesses possess information directly relevant to this case sufficient to justify their depositions."

Samsung immediately sent Apple a letter that did not provide the promised information but threatened to move to compel the depositions of the 22 employees. Samsung then noticed an *additional* 5 depositions of Apple employees. Apple advised that it would not be making those 5 employees available for deposition.

---

[2] Apple sent Samsung a further 3-page letter on February 12, 2012, identifying additional facts and arguments that Apple would cite in its motion to compel. The parties finished meeting and conferring on the issue on February 14-15, and then Apple filed its motion to compel on February 16, 2012.

sf-3119216

MORRISON | FOERSTER

Diane Hutnyan
March 14, 2012
Page Three

On February 28, 2012, Samsung finally provided a 4-page letter discussing 20 of the 22 witnesses identified in Apple's February 23 letter. The letter did not provide any supporting detail for its asserted factual basis for *any* of those depositions. For nearly all of the employees the descriptions were one or two sentences long, and made vague, unsupported assertions that an employee has "relevant knowledge regarding the patents in suit and Samsung's alleged infringement," or "relevant knowledge regarding the design and development of the products at issue," or merely "knowledge regarding the products at issue." The letter did not cite to any documents that had been produced by other witnesses, and it did not cite to any deposition testimony. Rather, Samsung objected to providing that information, asserting that it "would be a road map to every deposition [Samsung] takes. It is not Samsung's responsibility to help Apple's counsel prepare for these depositions. And it is not appropriate for Apple to condition these depositions on Samsung's provision of such information."

In other words, Samsung refused to provide Apple with the type of information Samsung had required Apple to provide before Samsung would consider Apple's meet-and-confer obligations to have been satisfied in advance of Apple's motion to compel. Nevertheless, Samsung's February 28 letter stated that Samsung planned to "place this issue on the agenda for the next lead counsel meet and confer and move to compel these depositions."

On February 29, 2012, counsel for Apple sent a follow-up email to counsel for Samsung requesting that Samsung provide, as Samsung itself had required of Apple, "a full description of the arguments and facts Apple would make in its motion to compel." Apple's counsel further observed, "Neither party viewed that letter as an inappropriate 'road map to every deposition;' rather, it was provided (and, to our knowledge, received) in the spirit of the transparency the Court intends the parties to provide." The email stated, "[p]lease let us know immediately whether Ms. Hutnyan's letter was intended to provide a similarly full description of the arguments and facts to be included in Samsung's threatened motion to compel. At this time, based on the sparsity of her letter, Apple can only assume that this was not her intent."

After this exchange of correspondence, the last week of fact discovery ensued. Apple made three of the 22 employees available for deposition despite its previous objection—Chris Hood, Steve Sinclair, and John Brown. Samsung declined to depose John Brown. Samsung proceeded with multiple depositions of Apple employees each weekday, including numerous 30(b)(6) depositions.

Samsung has now deposed 83 Apple employees and prosecutors in this case, and at least 2 more depositions are on calendar for this week and beyond, for a total of 85 depositions. Apple has objected to Samsung's taking any additional depositions of Apple employees in this case. Apple's objection has been based primarily upon relevance and burden including, for certain senior executives and attorneys, the heightened relevance required to be shown to

sf-3119216

MORRISON | FOERSTER

Diane Hutnyan
March 14, 2012
Page Four

establish that a company should undertake the burden of producing "apex" or attorney employees.  At this point in discovery, the burden of producing an additional 22 witnesses[3] in this case outweighs any additional relevance their depositions may have.  Apple requested that Samsung provide an explanation, for each witness, of the basis for Samsung's belief that the depositions' relevance outweighs burden, at the same level of detail that Samsung required of Apple before filing its motion to compel.  *Samsung has refused to attempt to make even that basic showing*.

Because Apple has now lifted its objections to several of the original 22 objected-to depositions and Samsung has let some of the others go, for the sake of clarity going into the lead trial counsel meeting the remaining employees to whom Apple has objected are listed below, and prior discussions are summarized.

**Aaron von Minden, Amy Chuang, and Zack Kamen**



Apple set forth its objections to these three employees' depositions via letters to you dated January 24, February 23, and February 27.  In those letters, we repeatedly asked Samsung to provide a detailed explanation of its basis for believing these three employees' depositions would lead to discoverable information.  Samsung failed to do so.  Messrs von Minden and

---

[3]  Out of the original 22 employees referenced in my January 24 letter, Samsung's February 28 response did not discuss two who were no longer with Apple.  Apple then dropped its objections to three witnesses (Chris Hood, John Brown, and Steve Sinclair), bringing the total to 17.  Samsung served five additional deposition notices on February 27—bringing the total number of objectionable depositions back up to 22.  Samsung has not made *any* attempt to provide a factual basis for the depositions of Kristi Schmidt, Michael Lee, David Zhang, or Jason Huey at this time.  (WilmerHale is discussing the fifth, Saku Hieta, with you separately.)

sf-3119216

MORRISON | FOERSTER

Diane Hutnyan
March 14, 2012
Page Five

Kamen, and Ms. Chuang, also were among the 10 Apple employees discussed during the parties' February 6, and February 14-15, 2012, lead trial counsel meetings, where Samsung explicitly promised to provide a detailed explanation of its basis for seeking these three witnesses' depositions. Samsung failed to do so. Apple has even produced the relevant, responsive documents of all three witnesses. Samsung has failed to point to anything in those documents indicating that their relevance in this case outweighs the burden to Apple of putting up still more employees for deposition.

**Fred Simon**

 Apple detailed its objections to Mr. Simon's deposition via letters to you dated January 24, February 23, and February 27. In those letters, we repeatedly asked Samsung to provide a detailed explanation of its basis for believing his deposition would lead to discoverable information. Samsung failed to do so. Fred Simon also was one of the 10 Apple employees discussed during the parties' February 6, and February 14-15, 2012, lead trial counsel meetings, where Samsung explicitly promised to provide a detailed explanation of its basis for seeking Mr. Simon's deposition. Samsung failed to do so.



Whether documents were "sourced" to Mr. Simon does not alter that fact or justify another unnecessary deposition. Samsung has not pointed to any documents or deposition testimony indicating that Mr. Simon's relevance in this case outweighs the burden to Apple of putting up still more employees for deposition.

**David Falkenberg**

sf-3119216

MORRISON | FOERSTER

Diane Hutnyan
March 14, 2012
Page Six

█████████████████████████ Mr. Falkenberg was one of the 10 Apple employees discussed during the parties' February 6, and February 14-15, 2012, lead trial counsel meetings, where Samsung explicitly promised to provide a detailed explanation of its basis for seeking Mr. Falkenberg's deposition.  Samsung failed to do so.  Samsung has not provided any reason why Mr. Falkenberg's relevance in this case outweighs the burden to Apple of putting up still more employees for deposition.

**Eddy Cue and Jeff Robbin**



Jeff Robbin and Eddy Cue were among the 10 Apple employees discussed during the parties' February 6, and February 14-15, 2012, lead trial counsel meetings, where Samsung explicitly promised to provide a detailed explanation of its basis for seeking their depositions.  Samsung failed to do so.



nowhere provides any factual basis for this assertion, and indeed fails to explain what the assertion even means.  Samsung has failed to demonstrate that the relevance of Messrs. Robbin and Cue in this case outweighs the burden to Apple of putting up still more employees for deposition.

sf-3119216

MORRISON | FOERSTER

Diane Hutnyan
March 14, 2012
Page Seven

**John Geleynse**

███████████████████████████████████████████ Mr. Geleynse was among the 10 Apple employees discussed during the parties' February 6, and February 14-15, 2012, lead trial counsel meetings, where Samsung explicitly promised to provide a detailed explanation of its basis for seeking his deposition. Samsung failed to do so.


Moreover, the February 28 letter does not specify where or by whom Mr. Geleynse "has been described" as a go-to person with knowledge about this irrelevant topic. Samsung has failed to demonstrate that the relevance of Mr. Geleynse this case outweighs the burden to Apple of putting up still more employees for deposition.

**Eugene Kim**

███████████████████████████████████████████ Mr. Kim was among the 10 Apple employees discussed during the parties' February 6, and February 14-15, 2012, lead trial counsel meetings, where Samsung explicitly promised to provide a detailed explanation of its basis for seeking his deposition. Samsung failed to do so. ███████████████████████████████████████████

Mr. Kim's relevance to this case or why the burden to Apple of providing his testimony, atop the other 85 witnesses already deposed in this case, is justified.

**Michael Lewis**



sf-3119216

MORRISON | FOERSTER

Diane Hutnyan
March 14, 2012
Page Eight

 identify any of those documents by Bates number or otherwise. Samsung has failed to demonstrate that the relevance of Mr. Lewis in this case outweighs the burden to Apple of presenting him for deposition.

**Chris Birgers and Michael Solomon**

 Accordingly, Samsung has failed to articulate any factual basis for their depositions, let alone one whose relevance outweighs the burden to Apple of putting up still more employees for deposition.

**Apple's In-House Lawyers**

On February 9, Apple sent Samsung its detailed 9-page letter substantiating its factual basis for deposing Samsung's apex witnesses. At the end of the letter, Apple set out a proposed schedule for a motion to compel on shortened time.



sf-3119216

MORRISON | FOERSTER

Diane Hutnyan
March 14, 2012
Page Nine

[REDACTED]

[REDACTED]

Samsung has failed to demonstrate any basis for its assertion that the relevance of information Mr. Sewell and Ms. Krall are likely to have in this case outweighs the burden to Apple of putting up still more employees for deposition, and in particular the Company's General Counsel and Senior Director of Intellectual Property Law and Litigation, where the three in-house lawyers with actual involvement in the identified relevant issues have already been deposed.

**Four of Apple's Nine Most Senior Executives**

As mentioned above, on February 10, *the day after Apple provided Samsung with a detailed, 9-page letter describing the bases for its pursuit of Samsung's "apex" witnesses*, Samsung noticed the depositions of Apple CEO Tim Cook and Senior Vice President of Operations Jeff Williams.  Messrs. Cook and Williams, along with Messrs. Sewell and Cue discussed above, are four of Apple's nine most senior witnesses.  Samsung noticed them for deposition on February 10 solely in its attempt to create a "me too" argument for Samsung to assert in opposition to Apple's motion to compel.

[REDACTED] Samsung has pointed to zero specific documents produced by Apple or deposition testimony substantiating any relevant involvement of Mr. Cook, Mr. Williams, Mr. Sewell, or Mr. Cue—let alone the "unique" involvement required for "apex" witnesses, a standard that the parties have briefed extensively in recent motions.  Apple therefore has objected to the following four witnesses on both relevance and "apex" grounds:

- **Tim Cook**, Chief Executive Officer and Board Member.  Your February 28 letter states that Samsung is seeking Mr. Cook's deposition because of his role as "head of Operations when the products at issue were developed."  The letter goes on to make

sf-3119216

MORRISON | FOERSTER

Diane Hutnyan
March 14, 2012
Page Ten

> broad assertions regarding "the role of the operations team at Apple" and assertions that "multiple witnesses" have made regarding Mr. Cook's role and involvement. The February 28 letter does not identify any documents supporting these assertions, nor does it cite any deposition testimony of these supposed "multiple witnesses." The February 28 letter's only attribution of "unique" knowledge to Mr. Cook is "regarding the distribution of the products at issue and Apple's supply chain." Neither the distribution of the products at issue, nor Apple's supply chain, has relevance to this case sufficient to justify deposition of Apple's CEO.

- **Jeff Williams,** Senior Vice President of Operations. Your February 28 letter states that Samsung is seeking Mr. Williams's deposition because of his role as "someone who has worked with Apple's operations team since the late 1990s." The February 28 letter's only attribution of "unique" knowledge to Mr. Cook are vague references to "the products at issue, and specifically the iPhone, [as well as] the patents in suit and Samsung's alleged infringement." More specificity, as well as references to documents and deposition testimony, is needed to satisfy the "apex" standard of relevance.

- **Bruce Sewell**, Senior VP and General Counsel (discussed above)

- **Eddy Cue**, Senior Vice President, Internet Software and Services (discussed above)

Apple is willing to consider providing additional depositions if Samsung can articulate and substantiate a factual basis for taking them. Such a basis would, at a minimum, require that Samsung identify specific documents or other evidence justifying depositions beyond the more than 85 that Samsung has already taken. Absent such a showing, however, Apple will not allow its post-discovery period preparations for trial to be disrupted by more wasteful depositions.

Sincerely,

*/s/ Jason R. Bartlett*

Jason R. Bartlett

cc:   Peter Kolovos
      S. Calvin Walden

sf-3119216