# EXHIBIT 1

# EXHIBIT L
# FILED UNDER SEAL

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

APPLE INC., a California corporation,

Plaintiff,

vs.

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

Civil Action No. 11-CV-01846-LHK

**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FOURTH SET OF INTERROGATORIES**

**CONFIDENTIAL UNDER THE PROTECTIVE ORDER**

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

**INTERROGATORY NO. 38:**

To the extent that YOU contend that the sale of an INTEL or QUALCOMM BASEBAND PROCESSOR(S) exhausts Samsung's rights in one or more of the SAMSUNG PATENTS-IN-SUIT, state in detail the basis for that contention including an identification of all facts concerning any alleged first sale of the BASEBAND PROCESSOR(s) in the United States and the circumstances surrounding such sale, including any delivery of the BASEBAND PROCESSOR(s) to any entity in the United States. If, for example, the BASEBAND PROCESSOR(s) is not delivered to any entity in the United States before being imported into the United States as part of an ACCUSED PRODUCT, YOU should so state.

**RESPONSE TO INTERROGATORY NO. 38**

Apple objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, including without limitation because it calls for the identification of "all facts concerning" and seeks information relating to technologies or functionality not at issue. Apple further objects because this interrogatory contains multiple, discrete interrogatories. Apple also objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity against disclosure.

Subject to and without waiving the foregoing specific objections and General Statement and Objections, Apple responds as follows:



[1] As used herein, Declared Essential Patents in Suit has the definition recited in Apple's Ninth Set of Requests for Admission to Defendants Samsung and Counterclaim-Plaintiffs Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

Apple reserves the right to supplement and/or amend its response as appropriate.

**INTERROGATORY NO. 39:**

To the extent YOU contend that SAMSUNG'S named inventors or other personnel promoted technologies for inclusion in UMTS that are covered by one or more of the asserted SAMSUNG PATENTS-IN-SUIT, state in detail the complete basis for that contention including a description of all DOCUMENTS and other evidence reflecting SAMSUNG'S alleged efforts to promote the technologies of the patents-in-suit for inclusion in UMTS, the identification of any proposals or other DOCUMENTS reflecting these alleged efforts to promote, and the detailed legal and technical basis for YOUR assertion that these proposals or other DOCUMENTS reflect the subject matter of the asserted SAMSUNG PATENTS-IN-SUIT.

**RESPONSE TO INTERROGATORY NO. 39**

Apple objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including without limitation because it seeks information

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

[redacted]

Apple further responds that in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and that the burden of ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung. Apple further designates, at this time, the following documents from which information responsive to this Interrogatory may be ascertained:

APL7940001420032–APL7940001420080

APL7940001422999–APL7940001425767

APL7940011889416–APL7940011890041

APL794-F0000000637–APL794-F0000008197

Apple reserves the right to supplement and/or amend its response as appropriate.

**INTERROGATORY NO. 55:**

For each BASEBAND PROCESSOR provided for use in or otherwise known by YOU to be used in an APPLE ACCUSED PRODUCT including, without limitation, the Qualcomm MDM6610, Qualcomm MDM6600, Infineon BGA736; Infineon PMB 8876; Infineon PMB 8878; Infineon PMB 8879; Infineon PMB 9801; Infineon PMB 5703 SMARTi UE; Infineon PMB 5701 SMARTi 3G; Infineon X-GOLD 608; Infineon X-GOLD 616; Infineon X-GOLD 618 and any other baseband or RF transceiver component sold to or purchased by APPLE or APPLE MANUFACTURERS, describe the chain of possession, custody, or commerce of the BASEBAND PROCESSOR from manufacture to integration into an APPLE ACCUSED PRODUCT by identifying each entity involved in the chain of possession, custody, or commerce (including, but not limited to, IAI, IMC, INTEL, INFINEON and/or QUALCOMM); the entity's

role; the entity's relationship with the other identified entities; all related sales information, contracts, licenses, agreements or informal understandings between the entity and the other identified entities concerning the design, manufacture, testing, assembly, sale and chain of distribution of BASEBAND PROCESSORS to APPLE or APPLE MANUFACTURERS; and any changes in the design, manufacture, sale or distribution of BASEBAND PROCESSORS that occurred after September 1, 2010.

**RESPONSE TO INTERROGATORY NO. 55**

Apple objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including without limitation because it seeks information relating to "all documentation" and to the extent it relates to technologies or functionality not at issue in this matter. Apple further objects to this interrogatory as overly broad and unduly burdensome to the extent it purports to include any baseband chip or other component that is not incorporated in one of the Apple products identified in Samsung's Patent Local Rule 3-1 Infringement Contentions, served on September 7, 2011. Apple further objects to this Interrogatory to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, is not within Apple's possession, custody, or control, or otherwise seeks confidential, proprietary, or trade secret information of third parties. Apple also objects to this Interrogatory because it contains multiple subparts that each should count as a separate interrogatory.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows:

[redacted]

[redacted]

Apple reserves the right to supplement and/or amend its response as appropriate.

**INTERROGATORY NO. 56:**

For each BASEBAND PROCESSOR provided for use in or otherwise known by YOU to be used in an APPLE ACCUSED PRODUCT including, without limitation, the Qualcomm MDM6610, Qualcomm MDM6600, Infineon BGA736; Infineon PMB 8876; Infineon PMB 8878; Infineon PMB 8879; Infineon PMB 9801; Infineon PMB 5703 SMARTi UE; Infineon PMB 5701 SMARTi 3G; Infineon X-GOLD 608; Infineon X-GOLD 616; Infineon X-GOLD 618 and any other baseband or RF transceiver component sold to or purchased by APPLE or APPLE MANUFACTURERS, IDENTIFY whether any transfer of possession, transfer of custody, delivery, integration into an ACCUSED PRODUCT, or sale of the BASEBAND PROCESSORS takes place in the United States, including the entities involved and the terms of such transfer, delivery, integration or sale in the United States.

**RESPONSE TO INTERROGATORY NO. 56**

Apple objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it relates to technologies or functionality not at issue in this matter. Apple further objects to this interrogatory as overly broad and unduly burdensome to the extent it purports to include any baseband chip or other component that is not incorporated in one of the Apple products identified in Samsung's Patent Local Rule 3-1 Infringement Contentions, served on September 7, 2011. Apple further objects to this Interrogatory to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, is not within Apple's possession, custody, or control, or otherwise seeks confidential, proprietary, or trade

SUBJECT TO PROTECTIVE ORDER
**CONTAINS CONFIDENTIAL INFORMATION**

secret information of third parties. Apple also objects to this Interrogatory because it contains multiple subparts that each should count as a separate interrogatory.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows:

[redacted]

Apple reserves the right to supplement and/or amend its response as appropriate.

**INTERROGATORY NO. 57:**

Describe every test procedure performed by or on behalf of APPLE for each BASEBAND PROCESSOR provided for use in or otherwise known by YOU to be used in an APPLE ACCUSED PRODUCT including, without limitation, the Qualcomm MDM6610, Qualcomm MDM6600, Infineon BGA736; Infineon PMB 8876; Infineon PMB 8878; Infineon PMB 8879; Infineon PMB 9801; Infineon PMB 5703 SMARTi UE; Infineon PMB 5701 SMARTi 3G; Infineon X-GOLD 608; Infineon X-GOLD 616; Infineon X-GOLD 618 and any other baseband or RF transceiver component sold to or purchased by APPLE or APPLE MANUFACTURERS, including an identification of the type of test(s), processors and/or chipsets paired with the BASEBAND PROCESSOR, SOFTWARE used in the testing, the procedure followed for the testing, and the geographic location of the testing.

**RESPONSE TO INTERROGATORY NO. 57**

Apple objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to