[COUNSEL LISTED ON SIGNATURE PAGES]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**JOINT STATUS REPORT**<br><br>Date:<br>Time:<br>Place:   Courtroom 4, 5th Floor<br>Judge:   Hon. Lucy H. Koh |

### 1. ADR

**Both Parties' Position**

As directed by the Court, Apple and Samsung are both willing to participate in a Magistrate Judge Settlement Conference with Judge Spero as mediator. At Apple, the chief executive officer and general counsel are the appropriate decision-makers, and they will represent Apple during the upcoming settlement discussions. At Samsung, the chief executive officer and general counsel are also the appropriate decision-makers, and they will represent Samsung during these settlement discussions.

### 2. Dispositive Motions

**Both Parties' Position**

The parties are evaluating whether to request summary judgment on any issue, and if either decides to file a dispositive motion, the parties will list in the next Case Management Conference Statement the grounds for any such motion. With rebuttal expert reports due today, the parties expect that after the completion of expert discovery and the narrowing of the case through the meet and confer process, which already has begun, they will be in a better position to narrow the summary judgment issues as well. To reduce the issues that the Court needs to decide before trial, Apple today withdrew its previously-filed motion for summary judgment (Docket No. 660).

### 3. *Daubert* and In Limine Motions

**Apple's *Daubert* and In Limine Motions**

Apple intends to challenge the admissibility of expert testimony that attempts to address contentions never disclosed as required by the Patent Local Rules (for utility patents) or in timely responses to Apple's contention interrogatories (for designs, trademarks, and trade dress claims). The parties have begun a meet and confer process, and Samsung has agreed that it will not pursue matters included in the Court's order of March 27, 2012. Samsung is still considering the other issues Apple has raised.

Apple is also considering other motions but has not yet made final decisions about which to pursue. In keeping with the Court's request that we streamline pre-trial filings, Apple proposes that each side combine all its *Daubert* and in limine motions into a single 25-page brief.

**Samsung's *Daubert* and In Limine Motions**

Samsung at this time is unable to make a final decision on which *Daubert* or *In Limine* motions it would file. As mentioned above, Samsung has not yet received Apple's rebuttal expert reports. In addition, deposition discovery on those expert reports has yet to be taken. Samsung strenuously objects to Apple's request to limit *Daubert* motions at this time. Currently, Apple has served 29 opening expert reports and likely will serve a similar number of rebuttal reports today. Among the experts Apple currently is asserting are experts whose proposed testimony does not meet the requisite evidentiary standard and will not assist a trier of fact. For example, one of Apple's experts opines on the "cultural significance of Apple design"—a topic not at issue in this action and his report is replete with his personal subjective opinions, such as "Apple's attention to design allows people a feeling of symbiosis with their electronic tools, creating a feeling that one's device is an extension of oneself" and anecdotes about his vacation in Spain. Another Apple expert opines about the fact that "Apple is "known for design," and has "design in Apple's DNA," again, testimony that is not "expert" in any sense. Several other reports also suffer from irrelevance and methodology flaws. Samsung also may need to challenge the admissibility of expert testimony that addresses contentions previously never disclosed as required by the Patent Local Rules (for utility patents) or in timely responses to Samsung's contention interrogatories and document requests. As part of the narrowing of the case, Samsung hopes that most of these issues will become moot. As of today, however, there remain significant Daubert issues as a result of the expert reports Apple has submitted. Samsung requests that the Court defer ruling on the number of *Daubert* and *In Limine* motions until completion of the parties' meet-and-confer process to limit the claims and defenses at trial.

**4. Claims and Defenses the Parties Will Assert at Trial**

**Apple's Claims and Defenses**

Apple currently intends to assert at trial claims for infringement of the following utility patents, which protect aspects of Apple's iPhone, iPad, and iPod touch products: U.S. Patent No. 6,493,002 (the status bar), U.S. Patent No. 7,469,381 (the rubber-banding effect when over-scrolling), U.S. Patent No. 7,812,828 (ellipse-fitting algorithms to interpret touches), U.S. Patent

No. 7,844,915 (gestures), U.S. Patent No. 7,853,891 (the timed window), U.S. Patent No. 7,864,163 (tap to zoom and navigate), and U.S. Patent Nos. 7,663,607 and 7,920,129 (touchscreen hardware).

Apple also has claims for infringement of various design patents, along with claims for trade dress and trademark infringement under 15 U.S.C. § 1114, and trade dress dilution under 15 U.S.C. § 1125(c).  The design patents are U.S. Patent No. D504,889 (iPad 2 body style), U.S. Patent No. D622,270 (iPod touch body style), U.S. Patent Nos. D593,087 and D618,677 (iPhone body style), and U.S. Patent Nos. D604,305, D617,334, and D627,790 (iPhone graphical user interface).  The trade dress claims also cover the iPhone, iPad, and iPod touch products.  Apple's claims also include common law trademark infringement (based on certain icons on Apple's products), commission of unfair business practices under California Business and Professions Code § 17200, and Samsung's unjust enrichment.

In response to Samsung's counterclaims of patent infringement, Apple is asserting affirmative defenses and declaratory-judgment counterclaims based on non-infringement, invalidity, license, and equitable issues (*e.g.*, waiver and estoppel).   In addition, Apple is asserting affirmative defenses and counterclaims based on Samsung's breaches of standard-setting rules and the anticompetitive effects of those breaches; these include antitrust, unfair competition, and breach-of-contract claims.

**Samsung's Claims and Defenses**

Samsung intends, at Court's direction, to narrow down its claims significantly by dropping some of its patents prior to the May 2 deadline ordered by Court.  Following are Samsung's current claims.

- Apple has infringed one or more claims of the following Samsung's asserted patents: U.S. Patent No. 6,928,604, U.S. Patent No. 7,675,941. U.S. Patent No. 7,362,867, U.S. Patent No. 7,386,001, U.S. Patent No. 7,447,516, U.S. Patent No. 7,200,792, U.S. Patent No. 7,050,410, U.S. Patent No. 7,069,055, U.S. Patent No. 7,079,871, U.S. Patent No. 7,546,893, U.S. Patent No. 7,577,460, and U.S. Patent No. 7,698,711.  Samsung is entitled to injunction and damages to address Apple's infringement.

In addition, Samsung expects Apple to drop some of its claims and counterclaims and as a result will be able to drop its corresponding defenses.   Following are Samsung's current defenses and claims for declaratory relief.

- Samsung has not violated any antitrust laws or its commitments to standard-setting bodies;
- Samsung has not infringed any of the claims of any design or utility patent, or any trademarks or trade dress asserted by Apple, and is therefore entitled to a declaratory judgment of non-infringement;
- All of the design and utility patents asserted by Apple are invalid, and Samsung is entitled to a declaratory judgment of invalidity;
- All of the trademarks and trade dress, including applications, asserted by Apple are invalid and should therefore be canceled;
- Samsung has not violated 15 U.S.C. § 1125(a) and is therefore entitled to a declaratory judgment of no Federal false designation of origin;
- Samsung has not diluted any asserted Apple trade dress;
- Samsung has not violated California Business and Professional Code § 17200 et seq. and is there entitled to a declaratory judgment of no violation;
- Samsung has not violated the law of unjust enrichment and is therefore entitled to a declaratory judgment of no violation.

**5.   Ongoing Efforts to Narrow the Issues In Anticipation of Trial**

Lead counsel for the parties met in person on April 13, 2012, to discuss the narrowing of issues.   Each party is committed to reviewing its claims and potential witnesses and continuing to meet and confer next week.   The parties plan to submit weekly reports to the Court each Monday prior to the May 2 conference reflecting the progress made to date.

Because expert discovery is scheduled to end on April 27, 2012, the parties jointly request until April 30 to file our joint Case Management Conference Statement setting forth the result of this process, in advance of the May 2nd Case Management Conference.

Dated: April 16, 2012

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California   94105-2482
Telephone:   (415) 268-7000
Facsimile:   (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100


By:   *Alison Tucher*


MORRISON & FOERSTER LLP
Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

| | |
|---|---|
| Dated: April 16, 2012 | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Charles K. Verhoeven (Cal. Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Kevin P.B. Johnson (Cal. Bar No. 177129)<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Cal. Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>Michael T. Zeller (Cal. Bar No. 196417)<br>michaelzeller@quinnemanuel.com<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>By:  *Victoria Maroulis*<br><br>Attorneys for Defendants and Counterclaim-Plaintiffs SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |