```
 1

 2              IN THE UNITED STATES DISTRICT COURT

 3           FOR THE NORTHERN DISTRICT OF CALIFORNIA

 4                       SAN JOSE DIVISION

 5
     APPLE, INC.,                    )  CV-11-1846-LHK
 6                                   )
                   PLAINTIFF,        )  SAN JOSE, CALIFORNIA
 7                                   )
            VS.                      )
 8                                   )  APRIL 9, 2012
     SAMSUNG ELECTRONICS CO.         )
 9   LTD., ET AL,                    )
                                     )  PAGES 1-189
10                 DEFENDANT.        )

11

12                  TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE PAUL S. GREWAL
13              UNITED STATES DISTRICT JUDGE

14

15   A P P E A R A N C E S:

16   FOR THE PLAINTIFF:  MORRISON & FOERSTER, LLP
                         BY:  ALLISON TUCHER
17                            NATHAN SABRI
                              JOBY MARTIN
18                       425 MARKET STREET
                         SAN FRANCISCO, CA  94105
19

20   FOR THE DEFENDANT:  QUINN EMANUEL
                         BY:  VICTORIA MAROULIS
21                            SARA JENKINS
                         555 TWIN DOLPHIN DRIVE, 5TH FL
22                       REDWOOD SHORES, CA  94065

23         (APPEARANCES CONTINUED ON THE NEXT PAGE)

24

25   OFFICIAL COURT REPORTER: SUMMER FISHER, CSR, CRR
                              CERTIFICATE NUMBER 13185

                                                              1
```

```
 1     FOR THE PLAINTIFF:   MORRISON & FOERSTER, LLP
                            BY:  ERIK OLSON
 2                          755 PAGE MILL ROAD
                            PALO ALTO, CA 94304
 3

 4     FOR THE DEFENDANT:   QUINN EMANUEL
                            BY:  DIANE HUTNYAN
 5                               ANTHONY ALDEN
                                 CURRAN WALKER
 6                          865 S. FIGUEROA ST., 10TH FLOOR
                            LOS ANGELES, CALIFORNIA 90017
 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    NECESSARY?
2            MS. TUCHER:  YOUR HONOR, THE BUSINESS
3    PLANS HELP US TO SEE WHAT 2012 IS SUPPOSED TO LOOK
4    LIKE IN SAMSUNG'S EYES.
5            IT WAS PART OF WHAT YOU ORDERED PRODUCED
6    ON FEBRUARY 3RD AND THEY'VE GIVEN THEM TO US IN
7    REDACTED FORM, THEY JUST TOOK OUT A LOT OF THE
8    INFORMATION.
9            THE COURT:  CAN YOU TELL WHAT'S BEEN
10   REDACTED EVEN IF YOU DON'T KNOW EXACTLY?
11           MS. TUCHER:  WE CAN TELL MUCH OF THE
12   SUBSTANCE OF THE REPORTS.
13           THE COURT:  ALL RIGHT.
14           MS. TUCHER:  SO THOSE ARE THE DOCUMENTS
15   AND DATA THAT WE BELIEVE SHOULD HAVE BEEN PRODUCED
16   FEBRUARY 3RD AND THAT WE WOULD LIKE TO HAVE
17   PRODUCED AS THE FIRST ITEM IN OUR ASK HERE AS A
18   RESULT OF THE VIOLATION OF YOUR FEBRUARY 3RD ORDER.
19           WE THINK WE WILL NEED A LITTLE BIT OF
20   TIME WITH A WITNESS TO MAKE SURE WE UNDERSTAND THE
21   DATA CORRECTLY.  WE UNDERSTAND DISCOVERY IS CLOSED,
22   SO RATHER THAN ASKING FOR A NEW 30(B)(6) DEPONENT
23   YOU'VE ALREADY ORDERED THAT JOSEPH CHUNG BE MADE
24   AVAILABLE.  HE'S -- BECAUSE OF HIS POSITION AS CFO
25   AT STA, WE THINK IN A POSITION TO ANSWER QUESTIONS

```
 1          IF WE COULD HAVE A COUPLE OF EXTRA HOURS WITH HIM.
 2                  WE'VE ASKED THAT WE BE ALLOWED TO USE THE
 3     NEW DATA THAT WE GET FROM SAMSUNG WITHOUT FILING
 4     SUPPLEMENTAL EXPERT REPORT.  THE REASON FOR THAT IS
 5     THAT OUR ORIGINAL EXPERT REPORT IS IN.  WE ARE
 6     GOING TO SOON GET THEIR RESPONSE TO THAT.
 7                  OUR DAMAGES EXPERT IS DUE TO BE DEPOSED
 8     SOME TIME THIS MONTH, THE LAST DATE FOR EXPERT
 9     DEPOSITIONS IS THE 27TH OF APRIL.
10                  WE DON'T THINK IT'S FAIR TO ALLOW SAMSUNG
11     TWO BITES AT THE APPLE, TWO OPPORTUNITIES TO
12     CROSS-EXAMINE OUR DAMAGES EXPERT AS A BENEFIT OF
13     THEIR OWN VIOLATION OF YOU'RE ORDER.
14                  THE COURT:  SO WOULDN'T A BETTER WAY TO
15     SOLVE THAT PROBLEM BE TO SIMPLY DELAY HIS
16     DEPOSITION AND HAVE HIM DEPOSED ONCE AFTER A
17     SUPPLEMENTAL REPORT IS TENDERED?
18                  MS. TUCHER:  YOUR HONOR, I UNDERSTAND
19     THAT THAT IS AN ALTERNATIVE.
20                  WE HAVE BEEN DOING EVERYTHING WE CAN TO
21     STICK WITH THE SCHEDULE THAT JUDGE KOH SET IN THIS
22     CASE BECAUSE IT'S NOT IN APPLE'S INTEREST TO SEE
23     ANYTHING DELAYED.  BUT I JUST WANT TO MAKE SURE YOU
24     KNEW THAT APRIL 27TH IS THE --
25                  THE COURT:  I'M JUST THINKING OF
```

53

1    JUDGE KOH'S INTEREST IN MANAGING A TRIAL WITH

2    TESTIMONY THAT WASN'T DISCLOSED IN A REPORT, THAT

3    GETS AWFULLY DIFFICULT.

4             MS. TUCHER:  I UNDERSTAND YOUR POINT, BUT

5    I THINK THAT SAMSUNG IS THE PARTY THAT HAS PUT US

6    IN THAT POSITION AND AT SOME LEVEL IT'S SAMSUNG'S

7    RESPONSIBILITY TO COPE WITH THE CONSEQUENCES.

8             WE'VE ALSO ASKED THAT SAMSUNG BE REQUIRED

9    TO LIVE WITH THE RESULTS OF ITS FEBRUARY 3RD

10   PRODUCTION.  AND THE REASON THAT THAT MATTERS IS

11   BECAUSE OF THE BIG NUMBER THAT I SHOWED YOU THAT

12   THEY HAVE MOVED FROM, THEY PULLED OUT PROFITS AND

13   MOVED INTO COSTS.  AND THEY DID THAT AFTER

14   FEBRUARY 3RD.  AND WE THINK IT WAS ILLEGITIMATE BUT

15   WE THINK THEY SHOULD BE REQUIRED TO LIVE WITH WHAT

16   THEY GAVE US AS THE DATE YOU HAD ORDERED IT.

17            THE COURT:  I APOLOGIZE FOR JUMPING

18   AROUND A BIT ON THIS, BUT IS IT FAIR FOR ME TO

19   UNDERSTAND THAT ALL OF THIS INFORMATION YOU BELIEVE

20   SHOULD HAVE BEEN PRODUCED AND EITHER WASN'T OR WAS

21   PRODUCED FAR TOO LATE, ALL RELATES TO YOUR CLAIM

22   FOR PROFITS ALONE, OR DOES THIS IMPLICATE ANY OF

23   YOUR OTHER BUCKET LIST OF DAMAGES, FOR LACK OF A

24   BETTER TERM?

25            MS. TUCHER:  I THINK IT IS MOST DIRECTLY

```
 1     PART OF THE ORIGINAL MOTION PRACTICE.
 2              AND I APOLOGIZE YOUR HONOR AGAIN, BUT
 3     SINCE YOUR HONOR DID ASK THE QUESTION, MY
 4     COLLEAGUES INFORM ME THAT SKYROCKET AND EPIC ARE
 5     ACCUSED IN CASE TWO THAT YOUR HONOR WILL BE --
 6              THE COURT:  SO WE ARE GOING DEALING WITH
 7     THIS AT SOME POINT OR ANOTHER.
 8              MS. MAROULIS:  THAT APPEARS TO BE
 9     CORRECT, FOR THE RECORD.
10              SO GOING BACK TO WHAT WAS AND WAS NOT
11     WITHIN THE SCOPE OF THE ORDER OF.
12              SO HOW DID SAMSUNG COMPLY WITH THE ORDER
13     IN THE SIX CATEGORIES OF DOCUMENTS IT PRODUCED?
14              FIRST OF ALL, WHILE THE SPREADSHEET WAS
15     THE FOCUS OF COUNSEL'S ARGUMENT, THAT IS NOT THE
16     ONLY FINANCIAL DOCUMENT WE HAVE PRODUCED.  AND I
17     RECALL MR. MCELHINNY TWO WEEKS AGO THEY SAY THEY
18     PRODUCED ONE PAGE.  THAT'S NOT PROPER.  IT'S NOT A
19     ONE PAGE, IT'S MULTIPLE PAGES DOCUMENT WITH ALL THE
20     ATTACHMENTS AND ALL THE WORKSHEETS.
21              BUT MORE IMPORTANTLY, THAT IS NOT THE
22     ONLY DOCUMENT WE HAVE PRODUCED.  WE PRODUCED
23     ADDITIONAL SALES REPORTS, CLOSING REPORTS, VARIOUS
24     CARRIER DOCUMENTS THAT SHOW WHO IS SELLING WHAT.
25              WE HAVE ATTACHED OUR MOTION PAPERS THE
```

1    DECLARATION OF JOBY MARTIN, THE LIST OF SOME OF THE
2    FINANCIAL DOCUMENTS AND IN OUR BRIEFS WE EXPLAIN
3    WHAT OTHER DOCUMENTS WE HAVE.  SO IT'S ABSOLUTELY
4    CLEAR THE SPREADSHEET SENT IS THE ONLY DOCUMENT
5    APPLE RECEIVED.
6              THE COURT:  IS IT ALSO CLEAR THAT NONE OF
7    THE INFORMATION IN ANY OF THOSE DOCUMENTS PROVIDES
8    APPLE WITH THE INFORMATION THEY ARE SEEKING BY THIS
9    MOTION AND WHICH EXTENDS OUTSIDE OF THE SCOPE OF
10   THOSE SIX CATEGORIES?
11             MS. MAROULIS:  YES AND NO. FOR SOME OF IT
12   YES, FOR SOME OF IT NO.
13             FOR EXAMPLE COST AND BILL OF MATERIALS
14   ARE NOT PART OF IT, FLUX REPORTS ARE PROBABLY NOT,
15   BUT VARIOUS OTHER DATA THAT THEY ARE CLAIMING THEY
16   DON'T HAVE CAN BE CALCULATED BY TAKING EXISTING
17   DOCUMENTS WITH THE SUPPORT OF THE DEPOSITION
18   TESTIMONY, AND YOUR HONOR SHOULDN'T UNDERSTAND THAT
19   NOW MR. SIMMS WHO IS A VERY HIGH LEVEL EXECUTIVE
20   WHICH MR. OLSON CONCEDED WAS DEPOSED TWICE AND
21   MR. SHEPPARD WAS DEPOSED THREE TIMES IN THIS CASE
22   ALONE, NOT COUNTING ITC.
23             SO NOT ONLY HAVE WE PRODUCED ENORMOUS
24   AMOUNTS OF DOCUMENTS AND FINANCIAL TOPICS, APPLE
25   FOLKS HAVE NOW HAD BETWEEN 5 AND 7 OPPORTUNITIES TO

```
 1       SPEAK WITH OUR VARIOUS FINANCE PEOPLE WHO ARE VERY

 2       HIGH LEVEL INDIVIDUALS.

 3                 THEY WILL ALSO HAVE AN OPPORTUNITY SPEAK

 4       WITH THE CFO OF STA, MR. CHUNG, PURSUANT TO THE

 5       APEX ORDER.

 6                 SO THERE'S BEEN NO SHORTAGE OF

 7       OPPORTUNITY --

 8                 THE COURT:  I'M GLAD SAMSUNG VIEWS IT AS

 9       AN OPPORTUNITY, I APPRECIATE THAT CHARACTERIZATION.

10                 I DIDN'T MEAN TO INTERRUPT YOU THOUGH, GO

11       ON.

12                 MS. MAROULIS:  YOUR HONOR, THE POINT

13       BEING HERE IS THAT A LOT OF ARGUMENTS YOU HEARD

14       TODAY WAS HOW THEY ARE GOING TO ARGUE THEIR DAMAGES

15       CASE.  AND I SUBMIT THAT'S NOT A PROPER FORM HERE

16       NOW.  A LOT OF IT IS SUBSTANTIVE.

17                 HOW DO YOU COUNT PROFITS?  DO YOU GO WITH

18       CONSOLIDATED OR OTHERS?  THERE'S GOING TO BE

19       DISPUTES BETWEEN THE PARTIES AS TO HOW TO CALCULATE

20       DAMAGES, AND THEY ARE GOING TAKE FORMS OF VARIOUS

21       MOTION PRACTICE OR CROSS-EXAMINATION OF EXPERTS AT

22       TRIAL.

23                 IT DOESN'T PROBABLY SURPRISE YOUR HONOR

24       THAT THE PARTIES DON'T SEE EYE TO EYE ABOUT HOW TO

25       COUNT PROFITS, DAMAGES AND ALLOCATIONS.
```

## CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED TRANSCRIPTION TO THE BEST OF MY ABILITY.

_____
SUMMER A. FISHER, CSR, CRR
CERTIFICATE NUMBER 13185