```
 1

 2              IN THE UNITED STATES DISTRICT COURT

 3            FOR THE NORTHERN DISTRICT OF CALIFORNIA

 4                        SAN JOSE DIVISION

 5
     APPLE, INC.,                    )  CV-11-1846-LHK
 6                                   )
                   PLAINTIFF,        )  SAN JOSE, CALIFORNIA
 7                                   )
            VS.                      )
 8                                   )  APRIL 9, 2012
     SAMSUNG ELECTRONICS CO.         )
 9   LTD., ET AL,                    )
                                     )  PAGES 1-189
10                 DEFENDANT.        )
     _____
11

12                  TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE PAUL S. GREWAL
13                UNITED STATES DISTRICT JUDGE

14

15   A P P E A R A N C E S:

16   FOR THE PLAINTIFF:  MORRISON & FOERSTER, LLP
                         BY:  ALLISON TUCHER
17                            NATHAN SABRI
                              JOBY MARTIN
18                       425 MARKET STREET
                         SAN FRANCISCO, CA  94105
19

20   FOR THE DEFENDANT:  QUINN EMANUEL
                         BY:  VICTORIA MAROULIS
21                            SARA JENKINS
                         555 TWIN DOLPHIN DRIVE, 5TH FL
22                       REDWOOD SHORES, CA  94065

23            (APPEARANCES CONTINUED ON THE NEXT PAGE)

24

25   OFFICIAL COURT REPORTER: SUMMER FISHER, CSR, CRR
                              CERTIFICATE NUMBER 13185

                                                            1
```

```
 1    FOR THE PLAINTIFF:   MORRISON & FOERSTER, LLP
                           BY:  ERIK OLSON
 2                         755 PAGE MILL ROAD
                           PALO ALTO, CA 94304
 3

 4    FOR THE DEFENDANT:   QUINN EMANUEL
                           BY:  DIANE HUTNYAN
 5                              ANTHONY ALDEN
                                CURRAN WALKER
 6                         865 S. FIGUEROA ST., 10TH FLOOR
                           LOS ANGELES, CALIFORNIA 90017
 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1     SAN JOSE, CALIFORNIA            APRIL 9, 2012
 2                   P R O C E E D I N G S
 3              (WHEREUPON, COURT CONVENED AND THE
 4     FOLLOWING PROCEEDINGS WERE HELD:)
 5              THE COURT:  MR. RIVERA, WOULD YOU CALL
 6     MATTER ON THIS MORNING'S CALENDAR.
 7              THE CLERK:  YES, YOUR HONOR.
 8              CALLING APPLE INC. VERSUS SAMSUNG
 9     ELECTRONICS.  CASE NUMBER CV-11-1846.
10              MATTER ON FOR APPLE'S RULE FOR 37 (B)(2)
11     MOTION AND SAMSUNG'S MOTIONS TO COMPEL.
12              COUNSEL, PLEASE STATE YOUR APPEARANCES.
13              MS. TUCHER:  GOOD MORNING, YOUR HONOR.
14              ALLISON TUCHER FROM MORRISON & FOERSTER
15     ON BEHALF OF APPLE, INC.
16              AND WITH ME TODAY IS MY PARTNER
17     ERIK OLSON AND NATE SABRI.
18              THE COURT:  GOOD MORNING, COUNSEL.
19              MS. MAROULIS:  GOOD MORNING, YOUR HONOR.
20              VICTORIA MAROULIS, COUNSEL FOR SAMSUNG.
21              WITH ME ARE MY PARTNERS DIANE HUTNYAN AND
22     ANTHONY ALDEN, AND OUR ASSOCIATE TEAM MEMBERS SARA
23     JENKINS WHO WILL BE ARGUING TODAY AND JOBY MARTIN
24     AND CURRAN WALKER.
25              THE COURT:  GOOD MORNING TO YOU AND YOUR
```

1      TEAM AS WELL, MS. MAROULIS.
2              ALL RIGHT, COUNSEL.  I HAVE ON MY
3      CALENDAR THREE MOTIONS.  A MOTION FROM APPLE FOR
4      SANCTIONS AND TWO MOTIONS TO COMPEL FILED BY
5      SAMSUNG.
6              BEFORE WE TURN TO THE SUBSTANCE OF THE
7      THREE MOTIONS I WANTED TO JUST BETTER UNDERSTAND A
8      COUPLE OF LATE SUBMISSIONS THAT I RECEIVED ON
9      FRIDAY AND OVER THE WEEKEND.
10             MS. MAROULIS, I WILL START WITH YOU, WITH
11     YOUR INDULGENCE.
12             COULD YOU EXPLAIN TO ME WHY MY STAFF WAS
13     ASKED TO CONSIDER PAPERS FILED ON A SATURDAY BEFORE
14     A MONDAY HEARING?
15             MS. MAROULIS:  YOUR HONOR, WE APOLOGIZE
16     FOR LATE SUBMISSION.  THERE ARE TWO SEPARATE
17     THINGS.
18             ONE WAS OUR IN CAMERA SUBMISSION OF
19     TRANSCRIPTS.  AND WHAT WE ARE HOPING TO DO IS TO
20     NEGOTIATE WITH APPLE SUBMISSION OF THE TRANSCRIPTS
21     ON THE RECORD SO THEY ARE PART OF THE RECORD.  AND
22     WE WEREN'T ABLE TO DO SO, SO APPLE IS REFUSING TO
23     PROVIDE THEM BUT WAS WILLING TO PROVIDE THEM IN
24     CAMERA.
25             SO WE THOUGHT FOR THE COURT TO FULLY

1   CONSIDER THE MOTION AFTER THE HEARING AND THE
2   PLEADINGS THE COURT WOULD NEED TO ACTUALLY CONSULT
3   THE DEPOSITIONS.
4            WITH RESPECT TO THE SANCTIONS MOTION, WE
5   HAD SEVERAL LATE DEPOSITIONS ON THE 30TH AND 31ST
6   THAT WERE PART OF YOUR HONOR'S PRIOR ORDERS OF --
7            THE COURT:  SO OVER, I DON'T KNOW 9,
8   10 DAYS AGO.
9            MS. MAROULIS:  YOUR HONOR, ABOUT A WEEK.
10  AND WE DID NOT GET THE TRANSCRIPTS UNTIL THE 2ND OR
11  3RD OF APRIL.  SO WE PUT TOGETHER THE SUBMISSIONS
12  AS QUICKLY AS WE COULD AND WE THOUGHT IT WOULD BE
13  MORE APPROPRIATE TO GIVE NOTICE TO APPLE BY FILING
14  THEM RATHER THAN BRING THIS MATTER UP AT THE
15  HEARING.
16           THE COURT:  COULDN'T THAT HAVE BEEN DONE
17  BEFORE THE SATURDAY BEFORE THE HEARING?
18           MY ONLY POINT IS MY OPPORTUNITY TO
19  PROPERLY CONSIDER THE PAPERS, TO SAY NOTHING OF THE
20  OPPOSING PARTIES, IS PRETTY LIMITED.
21           AND I WOULD JUST THINK SOMETHING FILED ON
22  A SATURDAY BEFORE A MONDAY MORNING HEARING ISN'T
23  REALLY GIVING ME A FULL AND FAIR OPPORTUNITY TO
24  CONSIDER EVIDENCE THAT'S NOW ON THE RECORD AND I
25  WILL JUST HAVE TO INFORM MY DECISION.

1    METES AND BOUNDS OF WHAT THEY WERE OBLIGATED TO
2    PRODUCE IN RESPONSE TO YOUR ORDER.
3              JUST A NARROW POINT NOW, YOU KNOW THE
4    INCLUDED FORECAST, I WANT TO MAKE SURE YOU KNOW
5    THEY INCLUDE ACTUALS NOT JUST FORECASTS.
6              WHILE THEY MAY NOT BE PUBLICLY REPORTED,
7    THEY DO GO ALL THE WAY UP THE CHAIN IN SAMSUNG
8    KOREA SO THEIR NUMBERS ARE RELIED UPON --
9              THE COURT:  THEY ARE NUMBERS THAT MATTER.
10             MS. TUCHER:  THEY ARE NUMBERS THAT
11   MATTER, THEY ARE NUMBERS THAT HAVE BEEN GIVEN A
12   WHOLE LOT MORE REVIEW AND THOUGHT THAN THE NUMBERS
13   PROVIDED IN THE SPREADSHEET.
14             AND WHILE WE HAVE NO OBJECTION TO A
15   SPREADSHEET, OR I WOULDN'T HAVE SPOKEN SO MUCH
16   ABOUT THIS MORNING, WE DON'T THINK THAT'S A
17   SUBSTITUTE FOR PROVIDING A REPORT THAT ALREADY
18   EXISTS.
19             AND FINALLY ON THE QUESTION OF REMEDY, I
20   WANT TO POINT OUT WE DIDN'T ASK FOR PRECLUSIVE
21   SANCTIONS HERE.  I WOULDN'T BE OPPOSED IF
22   YOUR HONOR WANTED TO SAY AN APPROPRIATE SANCTION
23   FOR THEIR BEHAVIOR, AND THEY MAY NOT CONTEST
24   MR. MUSIKA'S DAMAGES ANALYSIS, BUT I'M NOT ASKING
25   FOR THAT AND IT'S BECAUSE OF THAT THAT I DON'T

1    THINK WE HAVE TO PROVE ANYTHING BEYOND WHAT WE'VE
2    ALREADY PROVEN IN TERMS OF THEIR MISCONDUCT IN THIS
3    CASE.
4              AND ALSO IF YOUR HONOR DECIDES THAT YOU
5    WANT TO ORDER SUPPLEMENTAL REPORT FOR MR. MUSIKA, I
6    WOULD ASK YOU TO ALSO ORDER THAT SUPPLEMENTAL
7    REPORTS FROM THE DAMAGES EXPERTS ON THEIR SIDE,
8    INCLUDING AT A MINIMUM AN EXPERT BY THE NAME OF
9    O'BRIEN AND AN EXPERT BY THE NAME TIES.
10             AND WE HAVEN'T RECEIVED THEIR REBUTTAL
11   REPORTS, SO I DON'T KNOW IF THERE ARE OTHERS.  BUT
12   ANY KIND OF EXPERT ON THE SAMSUNG SIDE THAT DOES
13   DAMAGES ANALYSIS SHOULD BE REQUIRED TO FILE A
14   SUPPLEMENTAL REPORT.
15             THE COURT:  I DON'T WANT TO PUT WORDS IN
16   YOUR MOUTH, BUT WOULDN'T YOU PREFER THERE NOT BE A
17   REPORT AND SIMPLY WE WOULD BE ABLE TO EXCLUDE ANY
18   TESTIMONY ON THAT SUBJECT AT TRIAL ON THE BASIS
19   THAT THEY DIDN'T CLOSE THEY WEREN'T AUTHORIZED TO
20   DISCLOSE?
21             MS. TUCHER:  YOUR HONOR, I WOULD
22   CERTAINLY GO BACK TO MY ORIGINAL THAT THEY BE
23   REQUIRED TO KEEP THEIR TESTIMONY LIMITED, AND THAT
24   WOULD BE FACT AND EXPERT TESTIMONY LIMITED TO WHAT
25   THEY PRODUCED BY FEBRUARY 3RD.

1          I DON'T WANT TO DETRACT FROM THAT.  I HAD
2    IN SOME SENSE YOU WEREN'T GOING GIVE ME EVERYTHING
3    I ASKED FOR, BUT I WANT TO MAKE CLEAR THAT IF YOU
4    DECIDE WHETHER YOU THINK IT'S APPROPRIATE, THEY
5    HAVE EXPERTS ON THEIR SIDE THAT SUBMITTED REPORTS
6    THAT MAY NEED SUPPLEMENTING.
7          TO THE EXTENT YOU WERE PRESSING ON THE
8    QUESTION OF THE FOREIGN SUBSIDIARY DATA THAT WAS
9    GIVEN TO US AND THEN TAKEN OUT, IT'S NOT JUST THAT
10   WE SAW IT ONCE, AND THAT WE KNOW EVERYTHING WE NEED
11   TO KNOW, WE NEVER GOT DATA WITH REGARD TO THE
12   HERCULES PRODUCT BECAUSE THAT CORRECTION CAME
13   LATER.  AND WE, OF COURSE, DIDN'T GET AN
14   OPPORTUNITY TO EXAMINE THE WITNESS ON IT BECAUSE
15   THAT WAS THE INSTRUCTION NOT TO ANSWER.
16          THE COURT:  ALL RIGHT.
17          THANK YOU VERY MUCH.
18          ALL RIGHT.  WELL, WE HAVE TWO OTHER
19   MOTIONS TO ADDRESS.  I DO NEED TO GIVE THE COURT
20   REPORTER A BREAK, SO WHY DON'T WE STAND IN RECESS
21   FOR TEN MINUTES.
22          WE WILL TAKE THIS UP AT 12:00 AND KEEP
23   GOING.
24          (WHEREUPON A RECESS WAS TAKEN.)
25          THE COURT:  I WANT TO TURN NEXT TO

1            THANK YOU.
2            (WHEREUPON, THE PROCEEDINGS IN THIS
3    MATTER WERE CONCLUDED.)

```
 1
 2
 3
 4                    CERTIFICATE OF REPORTER
 5
 6
 7
 8           I, THE UNDERSIGNED OFFICIAL COURT
 9   REPORTER OF THE UNITED STATES DISTRICT COURT FOR
10   THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH
11   FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY
12   CERTIFY:
13           THAT THE FOREGOING TRANSCRIPT,
14   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND
15   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS
16   SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS
17   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED
18   TRANSCRIPTION TO THE BEST OF MY ABILITY.
19
20
21
22                        _____
                          SUMMER A. FISHER, CSR, CRR
23                        CERTIFICATE NUMBER 13185
24
25
```