HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.    11-cv-01846-LHK (PSG)<br><br>**APPLE'S ADMINISTRATIVE MOTION FOR CLARIFICATION OF APRIL 12 ORDER** |

1    Over the past two weeks, Apple has diligently endeavored to comply with the April 12th

2    Order requiring production of certain materials by April 27th.  (Dkt. No. 867.)  Apple produced

3    the required deposition transcripts by April 21st and the required design patent applications by

4    April 24th.  (Mazza Decl. ISO Apple's Admin. Mot. for Clarification ¶¶ 3-6.)  Apple produced

5    court documents from related district court actions and ITC investigations that are within its

6    possession, custody, or control.  (*Id.* ¶¶ 7-10.)

7    However, Apple lacks access to court documents that its outside counsel cannot produce

8    without violating certain protective orders or Local Rules.  These orders and rules bar the

9    production of confidential materials and provide no exceptions for court orders.  (*Id.* ¶¶ 11-17.)

10    Mindful of the need fully to comply with this Court's orders and applicable protective

11    orders and rules, Apple respectfully files this motion for clarification.  Apple asks that the Court

12    confirm its April 12th Order does not require Apple to produce documents containing confidential

13    information of third-parties who have not consented to production, in those limited instances

14    where the relevant protective order or rule does not permit production pursuant to court order.

15    In its April 12th Order, the Court also ordered Apple to produce certain deposition

16    transcripts and permitted Samsung to take up to five additional depositions for up to ten hours as

17    a result.  Samsung has suggested the Order does not limit whose deposition may be taken.  Apple

18    therefore asks the Court to clarify that the additional depositions are permitted only to the extent

19    necessary to mitigate any prejudice to Samsung from Apple's late production of transcripts.

20                                   **STATEMENT OF FACTS**

21    The April 12th Order directed Apple to produce certain design patent applications,

22    deposition transcripts, and court documents.  (Dkt. No. 867.)  Apple's production of design patent

23    applications and deposition transcripts is complete.  (Mazza Decl. ¶¶ 3-6.)  As to court

24    documents, the Order directed Apple to produce "unredacted" copies from eight cases and

25    investigations.

26    Apple's production of court documents from *Nokia Corp. v. Apple Inc.*, 09-cv-791 (D.

27    Del.) and *Elan Microelecs. Corp. v. Apple Inc.*, 09-cv-01531 (N.D. Cal.) is expected to be

28    complete by the deadline, April 27.  In making this production, Apple is relying on clauses in the

1   applicable protective orders that allow production of confidential documents when compelled by

2   court order.  (*Id.* ¶ 8.)  Apple also has received consent from HTC to produce its confidential

3   information from *In re Certain Portable Elec. Devices*, 337-TA-797 (ITC) ("HTC ITC") and will

4   have produced those documents by the deadline.  (*Id.* ¶ 9.)  Finally, Apple has produced all the

5   court documents that do not contain confidential information.  (*Id.* ¶ 10.)  Apple is unable to

6   produce confidential court documents from the remaining matters and one remaining document

7   from HTC ITC,[1] however, because the governing protective orders or Local Rules bar the

8   production of these materials in this litigation, as described in more detail below.

9                                          **ARGUMENT**

10      **A.    Apple Is Unable to Obtain or Produce Unredacted Documents Covered by
              ITC Protective Orders or Delaware L.R. 26.2.**

11

12          Apple lacks access to, and therefore has been unable to produce, documents containing

13   confidential information in the ITC-related cases.  Confidential information in each of these cases

14   is governed by ITC protective orders,[2] none of which allows counsel to disclose confidential

15   documents, even pursuant to a subpoena or order from another court.  (*Id.* ¶¶ 11-17, Exs. 4-7.)

16   For instance, the ITC protective order governing the Motorola ITC litigation states:

17          In the absence of written permission from the supplier or an order by the
            Commission or the Administrative Law Judge, any confidential information or
18          business information submitted in accordance with the provisions of paragraph 2
            above shall not be disclosed to any person [other than specified individuals
19          involved in the case, such as counsel and the court].

20   (Mazza Decl. Exs. 4-6.)

21          Similarly, Delaware Local Rule 26.2 prohibits disclosure and provides no exception for

22          [1] These matters are:  *Apple Inc. v. Motorola Inc.*, 10-cv-00662 (W.D. Wis.), transferred
23   from N.D. Ill. ("Motorola Illinois"); *In re Certain Mobile Devices and Related Software*, 337-TA-
     750 (ITC) ("Motorola ITC"); *In re Certain Electronic Devices with Multi-Touch Enabled
24   Touchpads and Touchscreens*, 337-TA-714 (ITC) ("Elan ITC"); and HTC ITC (collectively,
     "ITC-related cases"); as well as *Apple Inc. v. High Tech Computer Corp.*, 10-cv-00167 (D. Del.)
25   ("HTC Delaware").  Although HTC has given its consent, one document remains at issue from
     HTC ITC and four documents from HTC Delaware as these involve the confidential information
26   of third parties who have not consented to production. (Mazza Decl. ¶¶ 7-31, Exs. 8-20.)

27          [2] Motorola Illinois is "ITC-related" because information in Motorola ITC was deemed
     produced and subject to cross-use in that action, but documents filed under seal containing
28   Motorola ITC information remain subject to the Motorola ITC protective orders.  (*Id.* ¶ 11.)

1    court-ordered production.  (*Id.* ¶ 17, Ex. 7.)  A handful of documents remain at issue from HTC

2    Delaware, as they contain the confidential information of third parties that have not consented to

3    production.  (Mazza Decl. ¶¶ 9, 17.)  HTC Delaware was stayed before a protective order was

4    entered, and so is governed by this Local Rule.  (*Id.* ¶ 17, Ex. 7.)

5         Because Apple is not authorized under the ITC protective orders and Delaware Local

6    Rules to produce unredacted documents, it does not have possession, custody, or control of

7    confidential documents from these cases within the meaning of the Federal Rules.[3]  In *Nissei*

8    *America, Inc. v. Cincinnati Milacron, Inc.*, the plaintiffs petitioned the ITC for permission to

9    disclose materials that had been produced under an ITC protective order, and the ITC denied the

10   petition. 95 F.R.D. 471, 475 (N.D. Ill. 1982).  The district court judge, reviewing a magistrate

11   judge's recommendations, held that the plaintiffs "need not produce [the material] that is subject

12   to [the ITC] protective order since it is not available to plaintiffs or within their possession,

13   custody, or control within the contemplation of Rule 33(a) or Rule 34(a) of the Federal Rules."

14   *Id.*  Similarly, the *Nissei* court held that information that the plaintiffs' counsel was not permitted

15   to turn over to plaintiffs—because of potential privilege issues involving other clients—was "not

16   under plaintiffs' control, and thus not available to plaintiffs[.]"  *Id.*; *see also* Fed. R. Civ. P.

17   34(a)(1); *U.S. v. Int'l Union of Petrol. & Indus. Workers,* 870 F.2d 1450, 1452 (9th Cir. 1989)

18   ("control" within meaning of Rule 34 defined as "legal right to obtain documents upon demand").

19        **B.    Apple Has Attempted to Obtain Consent from the Producing Parties or**
          **Permission from the ITC to Disclose Confidential Materials.**

20        Apple *would* be able to produce documents from the remaining cases if the parties whose

21   confidential information is implicated provided consent.  Accordingly, on April 22, Apple wrote

22   Samsung to request that Samsung forward to Apple copies of all written consents Samsung

23   received to date, noting that the April 12th Order was based in part on Samsung's representation

24   that "it had secured consent from four of the five third-parties whose confidential materials may

25

26        [3] This issue has not arisen previously because Samsung's motion to compel did not seek
     production of unredacted documents without consent of the producing parties.  Samsung sought
27   materials without third-party CBI, with third-party CBI but for which it had secured consent, or
     *redacted* information where no consent had been granted.  (Samsung March 6, 2012 Mot. at 12.)
28

be disclosed." (Mazza Decl. ¶ 18, Ex. 8.)  To date, the only blanket written consent that Samsung has provided is that of HTC.  (*Id.* ¶ 21, Ex. 11.)  Samsung's consent from one third party related to materials from a single hearing, and its consent from Nokia related to a single deposition transcript and selected exhibits to certain patent local rules contentions.  (*Id.*, Exs. 12-13.)

Lacking Samsung's proof of consent, Apple has proceeded in parallel tracks.  First, Apple has contacted every entity who produced confidential information used in court documents in the ITC-related cases and HTC Delaware to again request consent.  (*Id.* ¶¶ 22-31, Exs. 11-20.)  The parties from whom consent is requested include not only those directly involved in the case and who responded to subpoenas, but also third parties whose confidential business information was contained within documents that Apple produced during the litigation.  (*Id.* ¶¶ 27-29.)  In total, more than twenty parties and nonparties have received notice.  (*Id.* ¶ 31.)

Second, Apple has petitioned the ITC for permission to produce confidential documents without consent of the producing parties.  (*Id.* ¶ 32, Ex. 21.)  Some parties may continue to withhold consent to produce, and if they do, an ITC order may be the *only* avenue available to Apple that would permit full compliance with the Order.

Until Apple receives consent to produce, or a Commission order as to documents from ITC-related cases, Apple's outside counsel in the Motorola and other cases *must* refuse Apple's request to provide copies of documents for production in this dispute.  (*Id.* ¶ 31.)  Providing documents in violation of ITC protective orders might subject counsel to sanctions including disqualification as counsel in pending investigations, temporary or permanent disqualification from the right to practice before the ITC in any matter, and referral to the state bar.  19 C.F.R. 210.34(c).  Violating the Delaware Local Rule would subject counsel to sanctions as well. (Mazza Decl. ¶ 17, Ex. 7.)  And as in *Nissei*, if Apple's counsel cannot provide the unredacted documents to Apple, Apple does not have possession, custody, or control over the documents.[4]

---

[4] If Apple were ordered to produce redacted versions of documents absent third-party consent, compliance would be immensely burdensome.  Thousands of documents are likely implicated.  Apple's counsel in this case could not implement the redactions; outside attorneys involved in those actions who are authorized under the pertinent ITC protective orders would have to review all documents and implement the redactions themselves.  (Mazza Decl. ¶ 30.)

1

### C.     Samsung Acknowledges No Limits on the Depositions it May Take Pursuant to the April 12 Order.

2

3        The Court's April 12th Order noted that Samsung sought permission to "take the

4    deposition of witnesses whose transcripts in other matters were produced late." (Apr. 12 Order at

5    7:5-8.)  After ordering the production of these transcripts, the Court ordered:

6            [T]o mitigate the prejudice to Samsung caused by Apple's failure to produce all
             responsive deposition transcripts in a timely manner, Samsung may take up to
7            five additional depositions, for a total time not to exceed ten hours.

8    (*Id.* at 10:9-13.)  The parties disagree as to the scope of this aspect of the Court's Order.

9        After completing its transcript production, Apple asked Samsung to identify what

10   depositions it believed were warranted in light of the transcript production.  (Mazza Decl. ¶ 33,

11   Ex. 22.)  In subsequent correspondence, Apple explained its view that the Order entitles Samsung

12   to take depositions only where doing so alleviates prejudice from late production of transcripts.

13   But "late" production of a transcript from a deposition that took place only *after* the deponent had

14   already given his or her testimony in this case could not have prejudiced Samsung.  Even if Apple

15   had produced such a transcript the day it was created, the production would have been after the

16   N.D. Cal. deposition.  (*Id.* Exs. 22-24.)  Samsung has disagreed with Apple's position and has not

17   yet told Apple whom they intend to call.  (Mazza Decl. ¶¶ 34-36, Exs. 23, 24.)

18       Apple does not believe the Court intended to give Samsung free rein to depose *any*

19   individual.  Apple therefore asks the Court to clarify that the April 12th Order gives Samsung

20   permission to take additional depositions only to the extent reasonably necessary to mitigate

21   actual prejudice caused by Apple's production of transcripts in response to the Order.

22                                          **CONCLUSION**

23       Apple asks that the Court clarify that 1) its Order compelling production of "unredacted

24   court documents" excludes documents that Apple cannot produce without violating protective

25   orders or Local Rules, and 2) additional depositions are permitted only to the extent reasonably

26   necessary to mitigate prejudice caused by Apple's late production of transcripts.

27

28

1

2

Dated: April 26, 2012                    MORRISON & FOERSTER LLP

3

4

By:     */s/ Alison M. Tucher*
              Alison M. Tucher

5

              Attorneys for Plaintiff
              APPLE INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28