| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>JENNIFER LEE TAYLOR (CA SBN 161368)<br>jtaylor@mofo.com<br>ALISON M. TUCHER (CA SBN 171363)<br>atucher@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>JASON R. BARTLETT (CA SBN 214530)<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>     Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>     Defendants. | Case No.  11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF MIA MAZZA IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION FOR CLARIFICATION REGARDING APRIL 12 ORDER** |

I, Mia Mazza, declare as follows:

1. I am a partner in the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple"). I am licensed to practice law in the State of California. Unless otherwise indicated, I have personal knowledge of the matters stated herein or understand them to be true from members of my litigation team. I make this Declaration in support of Apple's Administrative Motion for Clarification Regarding the Court's April 12 Order.

**Apple Has Taken Extensive Steps to Comply with the April 12 Order**

2. The April 12, 2012, Order (Dkt. No. 867 ("April 12 Order")) addressed the production of documents relating to the patents-in-suit; deposition transcripts within the scope of the December 22, 2012, Order (Dkt. No. 536); and other material from cases and proceedings satisfying the "technological nexus" standard.

3. In compliance with Part II.A of the April 12 Order, Apple has produced all design patent applications and file histories relating to the iPad 2 or the design patents-in-suit. Apple completed this production by April 24. Attached hereto as Exhibit 1 is a true and correct copy of a letter sent to Samsung's counsel advising Samsung of Apple's compliance with this part of the April 12 Order.

4. In compliance with Part II.B.1 of the April 12 Order, I sent a letter to counsel for Samsung agreeing to Samsung's proposal that "the 796 deposition transcripts are immediately deemed produced in this action." Attached hereto as Exhibit 2 is a true and correct copy of my letter agreeing to deem the 796 transcripts produced. As Exhibit 2 reflects, the letter was attached to an email responding to Samsung's original proposal.

5. In addition to agreeing to deem the 796 deposition transcripts produced, Apple also produced the deposition transcripts, from other cases, of Apple employees on a rolling basis beginning on April 17 and finishing on April 21. This was nearly a week before the Court's April 27 deadline. On April 22, I sent a letter advising Samsung's counsel that Apple had completed its production of deposition transcripts from other cases. Attached hereto as Exhibit 3 is a true and correct copy of that April 22 letter.

6. Thus, Apple has already produced everything required under the Court's April 12 Order other than certain "court documents" from five federal district court cases and three ITC investigations, as identified in Samsung's moving papers and in related correspondence.

**Apple Continues to Make Efforts to Balance its Competing Obligations Under the April 12 Order and Protective Orders In Other District Court Cases and ITC Investigations**

7. Under Part II.B.2 of the April 12 Order, Apple was directed to produce to Samsung "unredacted" copies of all court documents from five federal district court cases and three ITC investigations. The district court cases are: *Elan Microelectronics Corp. v. Apple Inc.*, 09-cv-01531 (N.D. Cal.) ("Elan N.D. Cal."); *Nokia v. Apple*, 09-cv-00791 (D. Del.) ("Nokia Delaware"), *Apple Inc. v. Motorola Inc.*, 10-cv-00661 (W.D. Wis.) ("Motorola Wisconsin"); *Apple Inc. v. Motorola Inc.*, 10-cv-00662 (W.D. Wis.), transferred to N.D. Ill. ("Motorola Illinois"); and *Apple Inc. v. High Tech Computer Corp.*, 10-cv-00167 (D. Del.) ("HTC Delaware"). The ITC investigations are: *Certain Mobile Devices and Related Software*, ITC Inv. No. 337-TA-750 ("Motorola ITC 750"); *Certain Electronic Devices with Multi-Touch Enabled Touchpads and Touchscreens*, ITC Inv. No. 337-TA-714 ("Elan ITC"); and *Certain Portable Electronic Devices*, ITC Inv. No. 337-TA-797 ("HTC ITC").

8. Relying on a clause in the Protective Orders contemplating production of confidential documents when compelled by subpoena or court order, Apple expects to complete its production of unredacted copies of all court documents filed in Nokia Delaware and Elan N.D. Cal. on Friday, April 27, 2012.

9. Counsel for Apple in the Motorola Wisconsin case has advised Apple that no documents containing confidential information were filed in that case. In addition, Apple received consent from HTC to produce its confidential information to counsel for Samsung, and so Apple expects that by April 27 it will have produced unredacted copies of all court documents from the HTC ITC case save one—a document containing the Confidential Business Information ("CBI") of one nonparty who has not yet provided consent for Apple to produce documents to counsel for Samsung.

1          10.     Finally, Apple also expects that by April 27 it will have produced to counsel for Samsung all court documents from Motorola ITC 750, Elan ITC, Motorola Illinois, and HTC Delaware that do not contain confidential information and thus are available on the public record. In total, Apple has already produced over 3,500 court documents exceeding 132,500 pages.

          11.     Upon information and belief, I understand that the Protective Orders entered into in *Certain Wireless Communication Devices*, ITC Inv. No. 337-TA-745 ("Motorola ITC 745") and Motorola ITC 750 investigations also govern certain court documents filed in the Motorola Illinois district court case. Information produced in the Motorola 745 and 750 investigations was deemed produced and subject to cross-use in the Illinois case. However, documents filed under seal in the Motorola Illinois district court case that derive from documents produced under the cross-use agreement are governed by the ITC Protective Orders.

          12.     Attached hereto as Exhibit 4 is a true and correct copy of the Protective Order governing the Elan ITC Investigation.

          13.     Attached hereto as Exhibit 5 are true and correct copies of the Protective Orders governing the Motorola ITC 745 and Motorola 750 Investigations.

          14.     Attached hereto as Exhibit 6 is a true and correct copy of the Protective Orders governing the HTC ITC Investigation.

          15.     Having studied the ITC Protective Orders above, Apple believes that those orders do not allow counsel for Apple to disclose confidential documents, even pursuant to a subpoena or order from another court, to counsel for Samsung. Each of the governing ITC Protective Orders allows production of confidential information only with written "consent" of the producing parties, or pursuant to an order of the Commission or Administrative Law Judge in the investigation.

          16.     In light of the above, Apple's outside counsel in these cases and investigations is unable to produce to counsel for Samsung confidential court documents from Motorola ITC 750, Elan ITC, or Motorola Illinois, nor the single confidential document for which consent is an issue in the HTC ITC investigation.

DECLARATION OF MIA MAZZA IN SUPPORT OF APPLE'S ADMIN. MOT. FOR CLARIFICATION RE APRIL 12 ORDER
CASE NO. 4:11-cv-01846-LHK (PSG)                                                                                                3
sf-3136926

17. In addition, the parties to the HTC Delaware case did not enter into a formal Protective Order, so the confidential information filed in that case is governed by Delaware Local Rule 26.2. Delaware Local Rule 26.2 prohibits disclosure and provides no exception for court ordered production. Delaware Local Rule 1.3 provides for sanctions when an attorney does not comply with the Rules. Attached hereto as Exhibit 7 is a true and correct copy of these Delaware Local Rules. By April 27, Apple expects it will have produced all but four court documents from HTC Delaware, as HTC has consented to disclosure of the remainder to counsel for Samsung. The four documents at issue contain nonparty CBI, and the nonparty has not yet consented to disclosure of those four documents to counsel for Samsung.

18. In part because of the constraints to production placed on Apple by these various Protective Orders and Delaware Local Rule 26.2, I wrote to Samsung on April 22 asking Samsung to immediately forward to Apple copies of all of written consents that Samsung had received to date. I noted that the April 12 Order was based in part on Samsung's representation that "it had secured consent from four of the five third-parties whose confidential materials may be disclosed." (Apr. 12 Order at 12:2-5.) I also informed Samsung's counsel that ITC Protective Orders do not permit production of unredacted documents without consent, and requested that Samsung identify nonpublic items it wishes to receive. Attached hereto as Exhibit 8 is a true and correct copy of my April 22 letter regarding Part B.2 of the April 12 Order.

19. The next day, on April 23, I sent an email to counsel for Samsung attaching the Protective Orders for the Motorola ITC 750 Investigation and the Motorola Illinois case. Attached hereto as Exhibit 9 is a true and correct copy of the email I sent attaching these Protective Orders. As discussed above, the Motorola ITC 750 Protective Order clearly forbade counsel for Apple from providing counsel for Samsung with confidential documents subject to that Protective Order unless Apple received consent to do so.

20. Samsung's only response rejected Apple's request and took the position that Apple had waived any argument that unredacted production would cause it to violate other Protective Orders. Attached hereto as Exhibit 10 is a true and correct copy of Samsung's April 24 response to my April 22 letter regarding Part B.2 of the April 12 Order. Samsung had not, however,

1   moved the Court for unredacted production without consent of third parties.  Rather, Samsung

2   had moved for production of (1) materials that did not contain third-party CBI, (2) materials with

3   third-party CBI for which Samsung had secured consent, and (3) redacted documents where no

4   consent had been granted.  (Samsung March 6, 2012 Mot. at 12.)  Had Samsung filed a motion

5   requesting a full, unredacted production of *all* court documents even where no consent had been

6   granted, then Apple would have considered and addressed in its responsive papers the effect of

7   such an order.

8         21.    To date, the only evidence of a written, blanket consent that Samsung has provided

9   to Apple is that of HTC.  A true and correct copy of that written consent is attached hereto as

10  Exhibit 11.  One nonparty provided consent for the production of its CBI contained in the

11  transcript of a single hearing, and the consent Samsung obtained from Nokia relates to a single

12  deposition transcript and selected exhibits to certain patent local rules contentions.

13        22.    Apple has received varying information from Samsung regarding Motorola's

14  willingness to allow the production of its confidential business information.  On February 19,

15  2012, counsel for Samsung represented to Apple that Motorola did not consent to the production

16  of any of its confidential business information to counsel for Samsung.  Attached hereto as

17  Exhibit 14 is a true and correct copy of a letter counsel for Samsung sent to me relaying this

18  information.  In two subsequent letters dated February 23 and March 3, counsel for Samsung

19  requested that Apple provide Motorola with "additional details" regarding the confidential

20  information that would be provided to counsel for Samsung if Motorola were to provide blanket

21  consent.  Attached hereto as Exhibits 15 and 16 are true and correct copies of the letters from

22  counsel for Samsung making this request.

23        23.    On February 29, Apple wrote to counsel for Samsung noting that counsel for

24  Samsung—the law firm of Quinn Emanuel Urquhart & Sullivan, LLP—represents Motorola in

25  these various cases and ITC investigations, and therefore already has the materials and

26  information at issue, and could provide them to Motorola as requested.  Attached as Exhibit 17 is

27  a true and correct copy of that February 29 letter.  After the April 12 Order was issued, counsel

28  for Apple wrote to Quinn Emanuel in its capacity as counsel for Motorola, confirming that the

1  confidential information to be disclosed to counsel for Samsung (also Quinn Emanuel) is all
2  Motorola confidential information contained in all of the court documents in the two Motorola
3  proceedings.  Attached as Exhibit 18 is a true and correct copy of my April 25 letter.  Counsel for
4  Samsung responded via email on April 25 stating for the first time that Apple would need to
5  speak with an attorney at Winston & Strawn in order to discuss the issue of Motorola's consent.
6  Attached as Exhibit 19 is a true and correct copy of this April 25 email.

7  24.  Apple has continued to try to obtain consent from counsel from the various parties
8  and nonparties whose confidential business information is contained in the court documents of the
9  Five Remaining Cases.  Attached hereto as Exhibit 20 is a true and correct copy of my letter to
10  Winston & Strawn.  (To preserve space we have omitted the attachments.)  I have since spoken
11  with Jonathan Retsky, a partner at Winston & Strawn, regarding this matter.  Mr. Retsky, after
12  conferring with Motorola, stated that Motorola had no objection whatsoever to the Quinn
13  Emanuel lawyers representing Motorola giving all of its confidential information to the Quinn
14  Emanuel lawyers representing Samsung in the instant lawsuit, or to Morrison & Foerster, one of
15  the law firms representing Apple.  After further conferring with Motorola, Mr. Retsky explained
16  that Motorola may have an objection to its confidential information being provided to Apple's
17  attorneys at WilmerHale, for reasons unrelated to the instant lawsuit.  I anticipate that Morrison &
18  Foerster will confer further with Mr. Retsky to resolve that issue.

19  25.  Counsel for Apple in the instant lawsuit has also worked with Apple's outside
20  counsel in Elan N.D. Cal., Nokia Delaware, HTC Delaware, HTC ITC, and Elan ITC to give
21  notice to and obtain consent where necessary from the relevant parties and nonparties to those
22  actions.  I am informed by counsel for Apple in Nokia Delaware, and therefore believe, that
23  counsel for Apple has determined that a single document containing Nokia confidential
24  information was filed under seal in that action.  Counsel for Apple in Nokia Delaware has sent a
25  letter to counsel for Nokia in that action, notifying Nokia of the imminent production of this
26  document to counsel for Samsung.

27  26.  I am informed by counsel for Apple in HTC Delaware, and therefore believe, that
28  counsel for Apple has determined that four documents containing nonparty confidential

1   information were filed under seal.  Counsel for Apple in HTC Delaware sent a letter to counsel

2   for the nonparty notifying it that Apple had been ordered to produce those four documents to

3   counsel for Samsung and requesting the nonparty's consent to that production.  The nonparty has

4   not yet responded to this letter.

5         27.   I am informed by counsel for Apple in HTC ITC, and therefore believe, that

6   counsel for Apple has determined that numerous documents containing HTC confidential

7   information had been filed confidentially and were not available in the public record.  Counsel for

8   Apple in HTC in that matter sent a letter to counsel for HTC in that matter notifying HTC that

9   Apple had been ordered to produce those documents to counsel for Samsung and requesting

10  HTC's blanket consent for that production.  HTC responded with its blanket consent.  Apple has

11  therefore produced to counsel for Samsung all documents from the HTC ITC matter that

12  contained only HTC confidential information.  Counsel for Apple in the HTC ITC investigation

13  also determined that a single document containing nonparty-confidential information was filed

14  confidentially and not available in the public record.  Counsel for Apple in that matter sent a letter

15  to counsel for the nonparty notifying it that Apple had been ordered to produce that document to

16  counsel for Samsung and requesting its consent for that production.  The nonparty has not yet

17  responded to that letter.

18        28.   I am informed by counsel for Apple in Elan N.D. Cal. and Elan HTC, and

19  therefore believe, that counsel for Apple in those cases has determined that numerous documents

20  containing Elan confidential information had been filed confidentially and are not available in the

21  public record.  Counsel for Apple in Elan N.D. Cal. sent a letter to counsel for Elan in that case

22  notifying Elan that Apple had been ordered to produce, to counsel for Samsung, court documents

23  filed under seal in that action that contained Elan CBI.  Counsel for Apple in Elan N.D. Cal. also

24  determined that a single document containing confidential information of a nonparty to that action

25  had been filed under seal and was not available on the public record.  Counsel for Apple in Elan

26  N.D. Cal. sent a letter to counsel for the nonparty notifying it that Apple had been ordered to

27  produce, to counsel for Samsung, a court document filed under seal in that action that contained

28  the nonparty's CBI.

1  29. I am informed by counsel for Apple in the Motorola actions, and therefore believe, that counsel for Apple has determined that numerous documents that include the confidential information of numerous nonparties to those actions were filed confidentially and are not available on the public record. Counsel for Apple in those cases has written to each nonparty that produced confidential information in those cases to notify him, her, or it that Apple has been ordered to produce, to counsel for Samsung, court documents that may contain his, her, or its confidential information, and requesting consent for Apple to make that production. Some, but not all, of those nonparties have responded to these letters.

30. I am informed by counsel for Apple in the Motorola matters that hundreds of document entries, and therefore likely thousands of documents, were filed confidentially in those matters and are not available on the public record. If Apple is ordered to produce redacted versions of documents where third parties or Motorola has not provided blanket consent, those redactions would have to be made manually by counsel for Apple in those matters, or counsel for Samsung in those matters—*i.e.*, the law firm of Quinn Emanuel, and not attorneys at Morrison & Foerster or WilmerHale, as the lawyers working on the Motorola matters are the only ones who would be able accurately to identify the CBI of Motorola and the various nonparties whose CBI is, or may be, found in those documents. In addition, lawyers at Morrison & Foerster are not signed on to the Protective Orders in those Motorola matters, and therefore are not even authorized to review the documents. If counsel for Apple in the Motorola cases, rather than Quinn Emanuel, were required to review and redact these thousands of documents so that they can be provided to Quinn Emanuel, Apple would be unduly burdened. In addition, it is Apple's understanding that the April 12 Order would not be satisfied if only redacted versions of those documents were produced to Quinn Emanuel.

31. In total, more than 20 parties and nonparties to the Motorola ITC 750, Elan ITC, HTC ITC, Motorola Illinois, and HTC Delaware actions have received notice of the April 12 Order. I am informed by Apple's counsel in those actions, and therefore believe, that without the requisite consent discussed above, or an order of the International Trade Commission in the case of ITC Investigations, counsel for Apple in those matters is obligated by law to refuse any Apple

1  request to provide copies of confidential documents to counsel for Samsung pursuant to the April
2  12 Order.

3      32.    Finally, as an alternative to consent, Apple has also petitioned the International
4  Trade Commission for permission to produce, to counsel for Samsung, all documents filed
5  confidentially in the ITC-Related Matters, without consent of the producing parties. Attached
6  hereto as Exhibit 21 is a true and correct copy of Apple's Petition to the ITC.

**THE PARTIES DISAGREE AS TO THE SCOPE OF THE COURT'S ORDER ALLOWING ADDITIONAL DEPOSITIONS**

9      33.    On April 22, I sent a letter to counsel for Samsung advising that Apple had
10  completed its supplemental production of deposition transcripts pursuant to the April 12 Order.
11  On April 24, I sent a follow-up letter to counsel for Samsung requesting that Samsung identify
12  any depositions Samsung believed were warranted in light of this supplemental transcript
13  production. Attached hereto as Exhibit 22 are true and correct copies of my April 22 and 24
14  letters.

15      34.    Counsel for Samsung responded to my April 24 letter the same day. That letter
16  suggested that Samsung is not limited to depositions warranted in light of the supplemental
17  production.

18      35.    In the same April 24 letter, Samsung asserted that Apple had failed to produce
19  certain deposition transcripts from prior cases. Samsung's letter identified specific examples of
20  deposition transcripts it believed Apple had failed to produce. I responded immediately that
21  Apple had not, pursuant to the April 12 letter, re-produced copies of deposition transcripts it had
22  already produced to Samsung during the discovery period. Apple provided Bates numbers for the
23  specific deposition transcripts Samsung had accused Apple of failing to produce. The Bates
24  numbers coincide with productions made to Samsung months earlier in the litigation, before the
25  deponent employees' depositions. Attached hereto as Exhibit 23 are true and correct copies of
26  the correspondence in this exchange.

36. On April 25, I again wrote to counsel for Samsung attempting to reach an understanding regarding the parties' respective rights and obligations under the April 12 Order. I explained that Apple understands the Order to permit Samsung to take depositions that are justified by prejudice caused by late production of deposition transcripts, but not to give Samsung a "blank check" to depose any five people it desires. I requested that Samsung advise if it disagrees with Apple's interpretation. Counsel for Samsung's only response established that there was a fundamental disagreement between the parties: "Samsung's position on the April 12 Order should be already very clear from my letters this week." Attached hereto as Exhibit 24 are true and correct copies of this correspondence.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 26, 2012, at San Francisco, California.

*/s/ Mia Mazza*
Mia Mazza

## ATTESTATION OF E-FILED SIGNATURE

I, Alison M. Tucher, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Mia Mazza has concurred in this filing.

Dated:  April 26, 2012                    */s/ Alison M. Tucher*
                                                         Alison M. Tucher

DECLARATION OF MIA MAZZA IN SUPPORT OF APPLE'S ADMIN. MOT. FOR CLARIFICATION RE APRIL 12 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3136926

11