Exhibit 5

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

In the Matter of

CERTAIN WIRELESS COMMUNICATION
DEVICES, PORTABLE MUSIC AND
DATA PROCESSING DEVICES,
COMPUTERS AND COMPONENTS
THEREOF

Inv. No. 337-TA-745

Order No. 1: Protective Order

WHEREAS, documents and information may be sought, produced or exhibited by and among the parties to the above captioned proceeding, which materials relate to trade secrets or other confidential research, development or commercial information, as such terms are used in the Commission's Rules, 19 C.F.R. Section 210.34(a)(7),

IT IS HEREBY ORDERED THAT:

1. Confidential business information is information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of either (1) impairing the Commission's ability to obtain such information as is necessary to perform its statutory functions, or (2) causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained, unless the Commission is required by law to disclose such information.

2. Any information submitted, either voluntarily or pursuant to order, in this investigation, which is asserted by a supplier to contain or constitute confidential business information shall be so designated by such supplier in writing, or orally at a deposition, conference or hearing, and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "[supplier's name] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or a comparable notice. Information obtained during discovery and asserted by the supplier to be confidential under this order will be deemed to be confidential unless the administrative law judge or the Commission rules that it is not. When such information is made part of a pleading, or is offered into the evidentiary record, the party offering it must state the basis for its claimed confidentiality. Confidential information whether submitted in writing or in oral testimony shall be disclosed at a hearing only on the in camera record and shall not be made part of the public record of this proceeding. The administrative law judge or the Commission may determine that information alleged to be confidential is not confidential, or that its disclosure is necessary for the proper disposition of the proceeding, at any time before, during or after the close of the hearing herein. If such a determination is made by the administrative law judge, opportunity shall be provided to the supplier of such information to argue its confidentiality, prior to the time that such ruling becomes final.

3. In the absence of written permission from the supplier or an order by the Commission or the administrative law judge, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) outside counsel for parties to this investigation, including necessary secretarial and

clerical personnel assisting such counsel, (ii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof, (iii) technical experts and their staff who are employed by outside counsel under (i) above for the purposes of this litigation (unless they are otherwise employed by, consultants to, or otherwise affiliated with a non-governmental party, or are employees of any domestic or foreign manufacturer, wholesaler, retailer, or distributor of wireless communication devices, portable music and data processing devices, computers and components thereof, which are the subject of this investigation), and (iv) the Commission, the administrative law judge, the Commission staff, and personnel of any governmental agency as authorized by the Commission. However see Commission rule 210.5 (b) which conforms to 19 U.S.C. § 1337(n)(2), which clarifies the list of government officers and employees who may have access to confidential business information, and (c) which alerts suppliers to the possibility that confidential business information may be transmitted to a federal district court, subject to such protective order as the district court determines necessary. This result might occur in a limited class of cases because of 28 U.S.C. § 1659. Past Commission practice has been to permit the transfer of confidential business information to another court only with permission of the supplier of the information. Particularly where the supplier is a third party who is involved in neither the Commission investigation nor the district court case, it is important that the supplier be made aware that treatment of confidential information would be governed by the district court's protective order and not that of the Commission following transmittal of the record under this provision. See also Commission rule 210.39 which outlines the circumstances in which the Commission's record, including the in camera record, may be transmitted to a federal district court, subject to such

3

protective order as the district court determines necessary. In addition, referring to Commission Administrative Order No. 97-06, dated February 4, 1997, information submitted under this Protective Order may be disclosed to technical contract personnel who are acting in the capacity of Commission employees, for developing or maintaining the records of this investigation or related proceedings, or in internal audits and investigations relating to the programs and operations of the Commission pursuant to 5 U.S.C. Appendix 3. Any contract personnel will sign appropriate non-disclosure agreements.[1] Where the supplier of information under this order is a third party who is not involved in the Commission investigation, it is important that the supplier be made aware of the disclosure of such information to contract personnel by being provided a copy of the protective order.

4. Confidential business information submitted in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3(i) and (iii) unless he or she shall have first read this order and shall have agreed, by letter filed with the Secretary of this Commission (letter of acknowledgment): (i) to be bound by the terms thereof; (ii) not to reveal such confidential business information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential business information solely for purposes of this investigation. Such letter shall also acknowledge that the signatory(ies) has (have) read the order. Such letter shall further state which parties the person filing the letter is involved with and shall state in what capacity he or she is a signatory to the Protective Order (e.g., as an attorney under Paragraph 3(i) or technical expert under Paragraph 3(iii) and, in the

---

[1] A supplier of confidential business information may request that the administrative law judge identify said contract personnel.

4

case of an attorney, in what jurisdictions he or she is admitted to practice. Each attorney seeking access to confidential business information shall sign such letter individually, but clerical and support personnel (including law clerks and paralegals) of that attorney need not sign. All letters of acknowledgment of this Protective Order shall be served on all non-parties who have theretofore submitted confidential business information in accordance with the provisions of paragraph 2, above.

5. Confidential business information obtained in the Commission proceeding may be used with the consent of the supplier in a parallel district court proceeding under a protective order issued by the district court without losing its confidential status under the protective order in this proceeding as long as the information is not made public in the district court proceeding or by someone who obtains the information from that source or by anyone else.

6. Confidential business information furnished by a supplier may lose its protection under this order if it is disseminated to anyone not authorized to see it either by this protective order or by a protective order issued by a district court in a parallel proceeding protecting confidential business information obtained by the parties under the Commission's protective order. Information obtained pursuant to the Commission's protective order, however, may be produced to the district court under the district court protective order only with the consent of the suppliers of that information.

7. If the Commission or the administrative law judge orders, or if the supplier and all parties to the investigation agree, that access to, or dissemination of, information submitted as confidential business information shall be made to persons not included in paragraphs 3, 5 or 6 above, such matter shall only be accessible to, or disseminated to, such persons based on the

5

conditions pertaining to, and obligations arising from, this order, and such persons shall be considered subject to it unless the Commission or the administrative law judge finds that the information is not confidential business information as defined in paragraph 1 hereof.

8. Any confidential business information submitted to the Commission or the administrative law judge in connection with a motion or other proceeding within the purview of this investigation shall be submitted under a designation that confidential information is contained or attached therein, pursuant to paragraph 2 above. When any confidential business information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "[supplier's name], CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." Before a court reporter receives any such information, he or she shall have first read this order and shall have agreed in writing to be bound by the terms thereof. Alternatively, he or she shall sign the agreement included as Attachment A hereto. Copies of each such signed agreement shall be provided to the supplier of such confidential business information and to the Secretary of the Commission.

9. The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Commission or the administrative law judge rules, after proper notice and hearing, was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

6

10. The administrative law judge acknowledges that any document or information submitted as confidential business information pursuant to paragraph 2 above is to be treated as such within the meaning of 5 U.S.C. § 522(b)(4) and 18 U.S.C. § 1905, subject to a challenge by any party pursuant to paragraph 12 below or to a final ruling by the Commission, the administrative law judge or its Freedom of Information Act Officer to the contrary, or by appeal of such a ruling, interlocutory or otherwise.

11. If no determination has been made by the administrative law judge or the Commission that the information designated as confidential by the submitter is not confidential, the persons who are recipients of such information shall take all necessary and proper steps to preserve the confidentiality of, and to protect each supplier's rights with respect to, any confidential business information designated by the supplier in accordance with paragraph 2 above.

12. The supplier of any confidential information is hereby notified that Commission regulations 19 C.F.R. § 201.19(c) through (e) generally require that the Commission will give notice to a submitter of confidential information upon the Commission's receipt of an FOIA request.

13. The supplier of any confidential information is put on notice that Commission rule 210.20 provides that only a party may move to declassify and that only then are such motions, whether brought at any time during or after the conclusion of an investigation, addressed to and ruled upon by an administrative law judge. Other requests to declassify made by non-parties, such as an FOIA request, will not be referred to the administrative law judge for consideration under the protective order.

7

14. If a party to this order who is a recipient of any business information designated as confidential and submitted in accordance with paragraph 2, disagrees with respect to such a designation, in full or in part, it shall notify the supplier in writing, and they will thereupon confer as to the status of the subject information proffered within the context of this order. If prior to, or at the time of, such a conference, the supplier withdraws its designation of such information as being subject to this order, but nonetheless submits such information for purposes of the investigation, such supplier shall express the withdrawal in writing and shall serve such withdrawal upon all parties, the administrative law judge, and the Commission investigative attorney. If the recipient and supplier are unable to concur upon the status of the subject information submitted as confidential business information within ten days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status to the Commission or to the administrative law judge, and the Commission or the administrative law judge may raise the issue of designation of the confidential status without any request from a party. Upon notice that such confidential status of information is at issue, the party to the investigation which submitted the information and designated it as confidential shall have the burden of proving such confidential status.

15. No less than ten days (or any other period of time designated by the administrative law judge) prior to the initial disclosure to the proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall submit in writing the name of such proposed expert and his or her educational and employment history to the supplier. If the supplier objects to the disclosure of such confidential business information to such proposed expert as inconsistent with the language or intent of this order or on other

8

grounds, it shall notify the recipient in writing of its objection and the grounds therefor prior to the initial disclosure. If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objection, motion may be made to the administrative law judge for a ruling on such objection. The submission of such confidential business information to such proposed expert shall be withheld pending the ruling of the administrative law judge. The terms of this paragraph shall be inapplicable to experts within the Commission or to experts from other governmental agencies who are consulted with, or used by, the Commission.

16. If confidential business information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the supplier and the administrative law judge and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

17. Nothing in this order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Commission, its Freedom of Information Act Officer, or the administrative law judge concerning the issue of the status of confidential business information.

18. Upon final termination of this investigation, each party that is subject to this order shall destroy or return to the supplier all items containing confidential business information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made, but not including copies containing notes or other attorney's work product that may have been placed thereon by counsel for the receiving party. All copies containing such

9

notes or other attorney's work product shall be destroyed. Receipt of material returned to the supplier shall be acknowledged in writing. This paragraph shall not apply to the Commission, including its investigative attorney, and the administrative law judge, which shall retain such material pursuant to statutory requirements and for other recordkeeping purposes, but may destroy those additional copies in its possession which are regarded as surplusage.

19. If any confidential business information which is supplied in accordance with paragraph 2 above is supplied by a non-party to this investigation, such a non-party shall be considered a "supplier" within the meaning of that term as it is used in the context of this order.

20. At or before the final termination of the investigation, copies of confidential information that was in the hands of expert witnesses must be retrieved or destroyed.

21. Except as provided in Commission rule 210.20, the jurisdiction of the administrative law judge over this order terminates upon filing of the initial determination issued at the end of the case. After that date, the Commission has jurisdiction to enforce this order and to issue reprimands and other sanctions.

22. The parties may move to amend this order, but any proposed amendment that would broaden the range of persons having access to confidential business information must be proposed and adopted before such information is supplied in reliance upon the terms of this order, unless all suppliers of confidential information consent to the amendment.

10

23. The Secretary shall serve a copy of this order upon all parties.


Paul J. Luckern
Chief Administrative Law Judge

Issued: November 3, 2010

11

## ATTACHMENT A

## NONDISCLOSURE AGREEMENT FOR REPORTER/STENOGRAPHER/TRANSLATOR

I, _____, do solemnly swear that I will not divulge any information communicated to me in any confidential portion of the investigation or hearing in Certain Wireless Communication Devices, Portable Music and Data Processing Devices, Computers and Components Thereof, Inv. No. 337-TA-745, except as permitted in the protective order issued in this case. I will not directly or indirectly use, or allow the use of such information for any purpose other than that directly associated with my official duties in this case.

Further, I will not by direct action, discussion, recommendation, or suggestion to any person reveal the nature of content of any information communicated during any confidential portion of the investigation or hearing in this case.

I also affirm that I do not hold any position or official relationship with any of the participants in said investigation.

I am aware that the unauthorized use or conveyance of information as specified above is a violation of the Federal Criminal Code and punishable by a fine of up to $10,000, imprisonment of up to ten (10) years, or both.

Signed _____

Dated _____

Firm or affiliation

_____

_____

CERTAIN WIRELESS COMMUNICATION DEVICES,          Inv. No. 337-TA-745
PORTABLE MUSIC AND DATA PROCESSING DEVICES,
COMPUTERS AND COMPONENTS THEREOF

## CERTIFICATE OF SERVICE

I, Marilyn R. Abbott, hereby certify that the attached **Order** has been served by hand upon the
Commission Investigative Attorney, Kevin G. Baer, Esq., and the following parties as indicated,
on _____November 4, 2010_____.

Marilyn R. Abbott, Secretary
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436

### On Behalf of Complainants Motorola Mobility, Inc.:

Charles F. Schill, Esq.                          ( ) Via Hand Delivery
**Steptoe & Johnson LLP**                        ( ) Via Overnight Mail
1330 Connecticut Avenue, NW                      (✓) Via First Class Mail
Washington, DC 20036                             ( ) Other: _____

### Respondent:
Apple Inc.                                       ( ) Via Hand Delivery
1 Infinite Loop                                  ( ) Via Overnight Mail
Cupertino, CA  95014                             (✓) Via First Class Mail
                                                 ( ) Other: _____

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

In the Matter of

CERTAIN WIRELESS COMMUNICATION
DEVICES, PORTABLE MUSIC AND                          Inv. No. 337-TA-745
DATA PROCESSING DEVICES,
COMPUTERS AND COMPONENTS
THEREOF

Order No. 7: Amending Protective Order (Order No. 1)

On January 5, 2011, pursuant to Commission rules 210.15 and 210.26, and paragraph 22

of Order No. 1 (November 3, 2010) (Protective Order), complainant Motorola Mobility, Inc.

(Motorola) and respondent Apple, Inc. (Apple) moved to amend the Protective Order to provide

enhanced confidentiality protections for electronic computer code, and to establish a prosecution

bar. (Motion Docket No. 745-2).[1]

Pursuant to the pending motion the following provisions shall be incorporated as

Paragraph Nos. 24-26 in the Protective Order that has issued:

24.     Source Code. Motorola and Apple may designate documents, information, or
things as "Confidential Business Information Containing Highly Confidential-Source Code
Information," which means source code, as that term is defined below, and information related to
source code, which is to be protected in the same manner as what is set forth in this Protective
Order, subject to additional protections provided below.

A.      Source code includes human-readable programming language text that defines
software, firmware, or electronic hardware descriptions and/or instructions (hereinafter referred
to as "source code"). Source code includes, without limitation, computer code, scripts, assembly,
object code, source code listings and descriptions of source code, object code listings and
descriptions of object code, formulas, engineering specifications, or schematics that define or
otherwise describe in detail the algorithms or structure of software. Source code documents at
least include (1) printed documents that contain or refer to selected source code components

---

[1] Movants represented that the Commission Investigative Staff does not oppose said
motion.

("printed source code"); (2) electronic communications and descriptive documents, such as emails, design documents and programming examples, which contain or refer to selected source code components ("described source code"); (3) electronic source code documents that reside in a source code repository from which software and related data files may be compiled, assembled, linked, executed, debugged and/or tested ("source code files"); and (4) transcripts, reports, video, audio, or other media that include, quote, cite, describe, or otherwise refer to source code, source code files, and/or the development thereof. Source code files include, but are not limited to documents containing source code in "C", "C++", Java, Java scripting languages, assembler languages, command languages and shell languages. Source code files may further include "header files," "make" files, project files, link files, and other human-readable text files used in the generation, compilation, translation, and/or building of executable software, including software intended for execution by an interpreter. Documents and things produced during the course of this litigation designated as "Highly Confidential-Source Code Information" shall be protected in accordance with this Protective Order, subject to additional protections provided herein below. Nothing in this Protective Order shall obligate the parties to produce any source code nor act as an admission that any particular source code is discoverable.

B.    A producing party shall produce source code files by making them available electronically on a stand-alone, non-networked computer without Internet access provided by the producing party ("the Source Code Computer"). The Source Code Computer provided by the producing party shall run a reasonably current version of a mutually agreed upon operating system such as Apple OS X, Microsoft Windows, Linux, or SunOS. Source code files must be produced as they are stored in the ordinary course of business and on a mutually agreed upon computer system. The Source Code Computer shall be produced, stored, and secured at the offices of the producing party's outside counsel or such other appropriately secure facility as is mutually agreed upon by the parties (termed "the designated facility"). Motorola shall make source code available at the offices of Steptoe & Johnson in Washington, D.C. and the offices of Quinn Emanuel Urquhart & Sullivan in Redwood Shores, California. Apple shall make source code available at the offices of Weil, Gotshal & Manges in New York, New York and Boston, Massachusetts. The parties reserve the right to change locations or identify an additional location at an office of the respective outside counsel for source code inspection. Source code shall be made available for inspection by the persons to whom disclosure is authorized pursuant to this Protective Order, at a mutually convenient time (that, upon reasonable notice includes evenings and weekends) at the designated facilities, with the following exception:

No outside counsel who is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a party shall have access to material designated as Highly Confidential – Source Code Information.

C.    Source code shall be provided with the following additional protections:

(i)    The producing party shall produce source code files as they are stored in the ordinary course of business and shall deliver one copy of the source code files to the designated facility for review on the Source Code Computer. For sake of clarity, the producing party may

2

provide the source code files in read-only form. To the extent that either the Complainant or Respondent considers production of specifically identified source code files in executable form necessary to prove an element of one or more of its claims (or to disprove a claim put forth by the other side), the parties shall meet and confer.

(ii)     The producing party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the producing party's business. The receiving party's outside counsel and/or experts may request that commercially available software tools for viewing and searching source code be installed on the secured computer, provided, however, that such other software tools are reasonably necessary for the receiving party to perform its review of the source code consistent with all of the protections herein. Specific tools may include, but are not limited multi-file text search tools such as "grep", dtSearch, Understand for Java, Understand for C, Visual Slick Edit, Source-Navigator, PowerGrep and ExamDiff Pro or similar programs. Where executable source code is installed on the Source Code computer, the receiving party shall be entitled to install and use appropriate compilers, debuggers and text editors so long as the receiving party agrees that no edits may be performed on the Highly Confidential – Source Code Information. The receiving party must provide the producing party with the CD or DVD containing such licensed software tool(s) at least five (5) days in advance of the date upon which the receiving party wishes to have the additional software tools available for use on the Source Code Computer.

(iii)    The producing party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the source code. The receiving party may print portions of the source code only when reasonably necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report or for use as deposition exhibits). The producing party must allow printing of paper copies of portions of source code not to exceed ten (10) contiguous pages, up to a total of 100 printed pages, which the receiving party may take away upon completing an inspection. In the event that the receiving party believes there is a need to print a contiguous portion of source code exceeding ten (10) pages in length or more than 100 pages total, the parties shall meet and confer regarding such need on the day of the inspection if practicable or otherwise as soon thereafter as possible and absent agreement, seek a Court resolution. The receiving party shall not print source code in order to review blocks of source code elsewhere in the first instance, i.e., as an alternative to reviewing that source code electronically on the Source Code Computers. Upon printing any such portions of source code, the printed pages shall be collected by the producing party. The producing party shall Bates number, copy, and label "CONTAINS CONFIDENTIAL BUSINESS INFORMATION INCLUDING HIGHLY CONFIDENTIAL SOURCE CODE" any pages printed by the receiving party and deliver them to the receiving party or object within two business days. If, after meeting and conferring, the producing party and the receiving party cannot resolve the objection, the producing party shall be entitled to seek a resolution from the Chief Administrative Law Judge of whether the printed source code in question is narrowly tailored and was printed for a permitted purpose. The printed pages shall constitute part of the source code produced by the producing party in this action. Each consultant, expert, or attorney

will record on a log every page of source code that has been printed ("print logs"). Print logs should be secured in a locked and secure room when not in use.

(iv)    Any external storage media containing source code shall be disconnected from and/or removed from its Source Code Computer and stored in a locked room, safe or storage cabinet when it is not actually being accessed.

(v)    The Source Code Computer and the safe or storage cabinet must be kept in a locked and secure room (the "Source Code Review Room").

(vi)    No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room. The receiving party's outside counsel and/or experts shall be entitled to take notes relating to the source code but may not copy the source code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein. The producing party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that no unauthorized electronic records of the source code and that no information concerning the source code are being created or transmitted in any way. Such monitor shall not be in the Source Code Review Room, shall not be able to listen any activity taking place in the Source Code Review Room. No video may be made of any activity taking place in the Source Code Review Room, nor shall the monitor be permitted to report on any activities therein other than as may relate to the above-referenced purpose of the monitoring

(vii)    Except as provided in Paragraph 24(C)(iii) above and 24(C)(xi) below, the receiving party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any recordable media or recordable device. The receiving party will not transmit any source code in any way from the producing party's facilities or the offices of its outside counsel of record.

(viii)    The Source Code Computer and/or external storage media used to store the source code shall be password protected and, at the option of the producing party, further protected using PGP encryption.

(ix)    No electronic copies of source code shall be made (including by way of example only, the receiving party may not scan the source code to a PDF or photograph the code), other than volatile copies necessarily made in the course of loading, accessing, compiling, modeling and/or executing the source code or running data processing systems that use or incorporate the source code on the Source Code Computer. Images or copies of source code shall not be

4

included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.

(x)     The receiving party's outside counsel of record may make no more than five (5) additional paper copies of any portions of the source code received from a producing party, not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the source code received from a producing party that are delivered by the receiving party to any qualified person under Paragraph 24(B) above.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon one reasonable notice to the receiving party by the producing party, the receiving party shall provide a copy of this log to the producing party.

(xi)    Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of source code brought at the deposition shall be securely destroyed in a timely manner following the deposition.

(xii)   Any printed pages of Source Code shall be stored in a locked safe or storage cabinet when not actually in use.

(xiii)  The inspecting party shall maintain a log of all individuals who have accessed the Source Code Computer.  The log shall be made available to the producing party upon reasonable request.  The log shall include the name of each person who accessed the Source Code Computer.  Such log and any information from it shall be inadmissible in this Investigation except in connection with proceedings before the Court regarding any alleged violations of this Protective Order.

(xiv)   Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Order, the receiving party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.

(xv)    At the end of the above-styled litigation (including any related appeals), any entity receiving source code will certify that: (a) all printed copies of source code have been returned, with the exception of exhibits that were attached to filed pleadings or admitted into evidence; (b) any electronic storage or memory media which may contain source code have been returned, fully reformatted, and/or destroyed; and (c) any access logs maintained by counsel have been archived along with counsel's other records from this litigation.  Other than set forth in this subparagraph, counsel may not maintain a file copy of source code material.

25.     Prosecution Bar.  Absent the written consent of the producing party, any person that receives access to confidential material produced pursuant to this Protective Order shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the patents asserted in this action by the opposing party (including but not limited to any application claiming priority to or otherwise related to the patents asserted in this action), before

any foreign or domestic agency, including the United States Patent and Trademark Office. Nevertheless, persons having access to materials produced pursuant to this protective order may have limited involvement in reexamination proceedings pertaining to the patent in suit or other related patents, but in these proceedings they are barred against having any involvement, direct or indirect, in the drafting or amending of patent claims, or the supervising of the drafting or amending of patent claims in connection with any such reexamination proceeding. This prohibition on patent prosecution shall begin when access to protected material is first received by the affected individual, and shall end one (1) year after the final resolution of this action, including all appeals. This prosecution bar is personal to the person receiving such protected material and shall not be imputed to any other person or entity.

26.    No prejudice. Motorola and Apple agree that amending Protective Order No. 1 in this Investigation is without prejudice to Motorola or Apple's rights to propose, request or otherwise move for different provisions relating to source code production or prosecution bar in any other litigation between Motorola and Apple.

Said Motion No. 745-2 is granted.

Paul J. Luckern
Chief Administrative Law Judge

Issued: January 7, 2011

6

CERTAIN WIRELESS COMMUNICATION DEVICES,          Inv. No. 337-TA-745
PORTABLE MUSIC AND DATA PROCESSING DEVICES,
COMPUTERS AND COMPONENTS THEREOF

## CERTIFICATE OF SERVICE

I, Marilyn R. Abbott, hereby certify that the attached **Order** has been served by hand upon the
Commission Investigative Attorney, Kevin G. Baer, Esq., and the following parties as indicated,
on ___January 10, 2011___ .

Marilyn R. Abbott, Secretary
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436

**On Behalf of Complainants Motorola, Inc. & Motorola
Mobility, Inc.:**

Charles F. Schill, Esq.                          ( ) Via Hand Delivery
**Steptoe & Johnson LLP**                        ( ) Via Overnight Mail
1330 Connecticut Avenue, NW                      (✓) Via First Class Mail
Washington, DC 20036                             ( ) Other: _____
P-202-429-3000
F-202-429-3902

**On Behalf of Respondent Apple Inc.:**
Mark G. Davis, Esq.                              ( ) Via Hand Delivery
**Weil, Gotshal & Manges LLP**                   ( ) Via Overnight Mail
1300 Eye Street. NW., Suite 900                  (✓) Via First Class Mail
Washington, DC  20005                            ( ) Other: _____
P-202-682-7000
F-202-857-0940

## <u>PUBLIC MAILING LIST</u>

Heather Hall
LEXIS-NEXIS
9443 Springboro Pike
Miamisburg, OH  45342

( ) Via Hand Delivery
( ) Via Overnight Mail
(✓) Via First Class Mail
( ) Other: _____

Kenneth Clair
Thomson West
1100 Thirteen Street, NW, Suite 200
Washington, DC  20005

( ) Via Hand Delivery
( ) Via Overnight Mail
(✓) Via First Class Mail
( ) Other: _____

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

In the Matter of

CERTAIN WIRELESS COMMUNICATION
DEVICES, PORTABLE MUSIC AND
DATA PROCESSING DEVICES,
COMPUTERS AND COMPONENTS
THEREOF

Inv. No. 337-TA-745

Order No. 9:   Amending Protective Order

In a unopposed filing dated April 6, 2011, pursuant to Commission rule 210.15 (19

C.F.R. § 210.15) and ground rules 3 and 6, complainant Motorola Mobility, Inc. (Mobility) and

non-party Texas Advanced Optoelectronic Solutions, Inc. (TAOS) jointly move to amend the

existing Protective Order (Orders No. 1 and No. 7) in this investigation to provide enhanced

confidentiality and security provisions to "non-parties" for source code disclosed under the

Protective Order and to add a patent prosecution bar for those individuals that have access to

confidential business information of non-parties. (Motion Docket No. 745-9.)[1]

Pursuant to the pending motion the following provisions be incorporated as Paragraph

No. 27 to the Protective Order in this investigation, as amended, that issued as Order Nos. 1 and

7:

27. Nonparties. Nonparties are entitled to protection of their confidential
information produced under the terms of this Protective Order, as described in
paragraphs 1-23 of Order No. 1 and paragraphs 24-26 of Order No. 7, and below.

A.     Source code. Nonparties to this action shall have the same protection
provided to the parties in paragraph No. 24 of the Protective Order.
Nonparties shall make source code, if any, available at the offices of their

_____

[1] Movants represented that respondent Apple, Inc. (Apple) and the Commission
Investigative Staff (staff) do not oppose the pending.

legal counsel, or at another location mutually agreed by the producing nonparty and the requesting party. Any reference to a "producing party" in paragraph Nos. 24 or 25 of the Protective Order shall also be deemed to include a "producing nonparty."

B.   Prosecution bar. Absent the written consent of a producing nonparty, any person that receives access to confidential material produced pursuant to this Protective Order, including any confidential material produced by a nonparty in response to a subpoena, shall not be involved in the prosecution of patents or patent applications relating to the products of a nonparty which are the subject of such confidential material before any foreign or domestic agency, including the United States Patent and Trademark office. Nevertheless, persons having access to nonparty confidential materials produced pursuant to this Protective Order may have limited involvement in reexamination proceedings pertaining to the patents in suit or other related patents, but in these proceedings they are barred against having any involvement, direct or indirect, in the drafting or amending of patent claims, or the supervising of the drafting or amending of patent claims in connection with any such reexamination proceeding. This prohibition on patent prosecution shall begin when access to protected material is first received by the affected individual, and shall end one (1) year after the final resolution of this action, including all appeals. This prosecution bar is personal to the person receiving such protected material and shall not be imputed to any other person or entity.

Motion No. 745-9 is granted.

Paul J. Luckern (RPH)

Paul J. Luckern
Chief Administrative Law Judge

Issued:  April 15, 2011

2

**CERTAIN WIRELESS COMMUNICATION DEVICES,**      Inv. No. 337-TA-745
**PORTABLE MUSIC AND DATA PROCESSING DEVICES,**
**COMPUTERS AND COMPONENTS THEREOF**

## CERTIFICATE OF SERVICE

I, James R. Holbein, hereby certify that the attached **Order** has been served by hand upon the
Commission Investigative Attorney, Kevin G. Baer, Esq., and the following parties as indicated,
on _____April 18, 2011_____.

James R. Holbein, Acting Secretary
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436

**On Behalf of Complainants Motorola, Inc. & Motorola
Mobility, Inc.:**

Charles F. Schill, Esq.                                ( ) Via Hand Delivery
**Steptoe & Johnson LLP**                      ( ) Via Overnight Mail
1330 Connecticut Avenue, NW                (✓) Via First Class Mail
Washington, DC 20036                           ( ) Other: _____
P-202-429-3000
F-202-429-3902

**On Behalf of Respondent Apple Inc.:**

Mark G. Davis, Esq.                                 ( ) Via Hand Delivery
**Weil, Gotshal & Manges LLP**               ( ) Via Overnight Mail
1300 Eye Street. NW., Suite 900              (✓) Via First Class Mail
Washington, DC   20005                          ( ) Other: _____
P-202-682-7000
F-202-857-0940

## PUBLIC MAILING LIST

Heather Hall
LEXIS-NEXIS
9443 Springboro Pike
Miamisburg, OH 45342

( ) Via Hand Delivery
( ) Via Overnight Mail
(✓) Via First Class Mail
( ) Other: _____

Kenneth Clair
Thomson West
1100 Thirteen Street, NW, Suite 200
Washington, DC 20005

( ) Via Hand Delivery
( ) Via Overnight Mail
(✓) Via First Class Mail
( ) Other: _____

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

In the Matter of

CERTAIN WIRELESS COMMUNICATION
DEVICES, PORTABLE MUSIC AND
DATA PROCESSING DEVICES,
COMPUTERS AND COMPONENTS
THEREOF

Inv. No. 337-TA-745

Order No. 10: Supplemental Protective Order Governing Discovery From
Non-Party Qualcomm

In an unopposed filing dated April 6, 2011, complainant Motorola Mobility, Inc. moved

for entry of a Supplemental Protective Order governing discovery from non-party Qualcomm

Incorporated (Qualcomm) to provide enhanced confidentiality protections for the disclosure of

confidential materials, including electronic computer code, belonging to Qualcomm, pursuant to

Commission rule 210.15 and 210.26 and Order No. 2, ¶ 3.[1]  (Motion Docket No. 745-8.)

Pursuant to said Supplemental Protective Order, the following is in effect in this

investigation:

WHEREAS, Chief Administrative Law Judge Paul J. Luckern entered Order Nos. 1 and

to govern discovery in the above-referenced Investigation on November 3, 2010 and January 10,

2011, respectively;

WHEREAS, Complainant Motorola Mobility, Inc. ("Mobility") served a subpoena issued

by Judge Luckern on a non-party to this Investigation, QUALCOMM INCORPORATED

("QUALCOMM"), which supplies certain integrated circuits found in some of Mobility's

---

[1] Complainant represented in its motion that it has consulted with counsel for respondent
Apple Inc. and OUII and that counsel for respondent and OUII each indicated they would not
oppose the pending motion.

products;

WHEREAS, Non-Party QUALCOMM represents that at least some of the documents and source code sought by the subpoena are competitively sensitive, proprietary trade secret and confidential such that they are not normally shared with any third party, including in-house attorneys or engineers of its customers who use its products;

WHEREAS, Non-Party QUALCOMM has raised a concern that certain provisions of the Order Nos. 1 and 7 do not provide adequate protection against misuse or disclosure of its sensitive proprietary information, and it has requested that the Parties voluntarily stipulate to the entry of an additional Protective Order in this Investigation (the "Supplemental Protective Order") applicable to Non-Party QUALCOMM as set forth below:

Additional categories of protected documents beyond those provided in Order Nos. 1 and 7 shall be provided for Non-Party QUALCOMM. Accordingly, hereinafter documents or source code that are produced or submitted by Non-Party QUALCOMM in connection with the above captioned matter that are designated as "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY and "QUALCOMM - OUTSIDE ATTORNEYS EYES' ONLY - SOURCE CODE" shall be subject to the following restrictions:

A.    Definitions

1.    "Party": any party to this Investigation, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.    "Material": all information, documents, source code testimony, and things produced, served, or otherwise provided in this Investigation by Non-Party QUALCOMM.

3.    "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY" Material:

2

information, documents, and things Non-Party QUALCOMM believes in good faith is not generally known to others, and that Non-Party QUALCOMM (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy.

4.      "Source Code" includes human-readable programming language text that defines software, firmware (collectively "software Source Code") and electronic hardware descriptions of application-specific integrated circuits or ASICs ("hardware Source Code"). Text files containing Source Code shall hereinafter be referred to as "Source Code files." Software Source Code files include, but are not limited to files containing Source Code in "C", "C+", "C++", BREW, Java ME, J2ME, assembler, digital signal processor (DSP) programming languages, and other human readable text programming languages. Software Source Code files further include "include files," "make" files, "link" files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP. Hardware Source Code files include, but are not limited to files containing Source Code in VHDL, Verilog, and other Hardware Description Language ("HDL") formats, including but not limited to, Register Transfer Level ("RTL") descriptions.

5.      "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" Material: Source Code that Non-Party QUALCOMM believes in good faith is not generally known to others, and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and that Non-Party QUALCOMM would not normally reveal to third parties except in confidence, or has undertaken with others to maintain

3

in confidence.

6.     "Receiving Party": a Party that receives Material from Non-Party QUALCOMM.

7.     "Designated Material": Material that is designated "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY," or "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" under this Order.

8.     "Counsel of Record": (i) outside counsel who appears on the pleadings as counsel for a Party, (ii) partners, principals, counsel, associates, employees and contract attorneys of such outside counsel to whom it is reasonably necessary to disclose the information for this Investigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters, and/or (iii) independent legal translators retained to translate in connection with this Investigation, or independent shorthand reporters retained to record and transcribe testimony in connection with this Investigation.

9.     "Outside Consultant"; a person with specialized knowledge or experience in a matter pertinent to the Investigation who has been retained by Counsel of Record to serve as an expert witness, or as a litigation consultant in this Investigation, and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of: 1) a Party, 2) a competitor of a Party, or 3) a competitor of Non-Party QUALCOMM.

10.    "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their

4

employees and subcontractors who have been retained by Counsel of Record in this

Investigation, and who are not current employees of a Party or of a competitor of a Party and

who, at the time of retention, are not anticipated to become employees of: 1) a Party, 2) a

competitor of a Party, or 3) a competitor of Non-Party QUALCOMM. This definition includes

ESI vendors, professional jury or trial consultants retained in connection with this Investigation

retained by such consultants to assist them in their work. Professional vendors do not include

consultants who fall within the definition of Outside Consultant.

B.      Scope

11.     The protections conferred by this Order cover not only Designated Material (as

defined above), but also any information copied or extracted therefrom, as well as all copies,

excerpts, summaries, or compilations thereof. Nothing herein shall alter or change in any way the

discovery provisions of the Commission Rules or the Ground Rules. Identification of any

individual pursuant to this Supplemental Protective Order does not make that individual

available for deposition, or any other form of discovery outside of the restrictions and procedures

of the Commission Rules or the Ground Rules.

C.      Access To Designated Material

12.     Access to "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY" Material:

Unless otherwise ordered by the Administrative Law Judge or permitted in writing by Non-Party

QUALCOMM, a Receiving Party may disclose any information, document or thing designated

"QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY" only to:

> a.      Persons who appear on the face of Designated Material as an author,
>         addressee or recipient thereof;

5

b.    Counsel of Record;

c.    Outside Consultants of the Receiving Party to whom disclosure is
      reasonably necessary for this Investigation, and who have, after the date of
      this Supplemental Protective Order, signed the "Acknowledgement and
      Agreement To Be Bound By Supplemental Protective Order" attached
      hereto as Exhibit A, and the "Certification Of Consultant" attached hereto
      as Exhibit B;

d.    Any designated arbitrator or mediator who is assigned to hear this matter,
      or who has been selected by the Parties, and his or her staff, who have
      signed the "Acknowledgement and Agreement To Be Bound By
      Supplemental Protective Order" attached hereto as Exhibit A, and the
      "Certification Of Consultant" attached hereto as Exhibit B, as well as any
      of the arbitrator's or mediator's staff who have also signed Exhibits A and
      B',

e.    Court reporters and videographers employed in connection with this
      Investigation; and

f.    Professional Vendors to whom disclosure is reasonably necessary for this
      Investigation, and a representative of which has signed the
      "Acknowledgement and Agreement To Be Bound By Supplemental
      Protective Order" attached hereto as Exhibit A.

13.    Access to "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE
CODE" Material: Unless otherwise ordered by the Administrative Law Judge or permitted in

6

writing by Non-Party QUALCOMM, a Receiving Party may disclose any information, document or thing designated "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" only to:

    a.    Persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

    b.    Counsel of Record;

    c.    Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this Investigation, and who have signed the "Acknowledgement and Agreement To Be Bound By Supplemental Protective Order" attached hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B;

    d.    Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the "Acknowledgement and Agreement To Be Bound By Supplemental Protective Order" attached hereto as Exhibit A; and the "Certification of Consultant" attached hereto as Exhibit B, as well as any of the arbitrator's or mediator's staff who have also signed Exhibits A and B, provided, however, that before such disclosure, Qualcomm is provided notice including: (a) the individual's name and business title; (b) business address; (c) business or professions; and (d) the individual's CV. Qualcomm shall have five (5) business days from receipt of the notice to object in writing to such disclosure (plus three (3) extra days if notice is

7

given other than by hand delivery, e-mail delivery or facsimile
transmission). After the expiration of the 5-days (plus 3-days, if
appropriate) period, if no objection has been asserted, then "OUTSIDE
ATTORNEYS' EYES ONLY-SOURCE CODE" materials may be
disclosed pursuant to the terms of this Supplemental Protective Order;

e.  Court reporters and videographers employed in connection with this
Investigation, subject to the provisions provided in paragraph E.20.f
herein; and

f.  Professional Vendors to whom disclosure is reasonably necessary for this
Investigation, and a representative of which has signed the
"Acknowledgement and Agreement To Be Bound By Supplemental
Protective Order" attached hereto as Exhibit A.

14.  Absent an order from the Administrative Law Judge or agreement of Non-Party
QUALCOMM, Designated Material may not be disclosed to employees of a Receiving Party,
including its in-house attorneys and support staff.

15.  Receiving Party may host "QUALCOMM - OUTSIDE ATTORNEYS' EYES
ONLY" Material only on either 1) any system inside the firewall of a law firm representing the
Receiving Party, or 2) inside the system of a professional ESI Vendor retained by Counsel of
Record of the Receiving Party. "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY"
Material also cannot be sent or transmitted to any person, location, or vendor outside of the
United States except to Counsel of Record and Outside Consultants designated in subparagraph c
above. To the extent that any "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY"

8

Material is transmitted from or to authorized recipients outside of the Receiving Party's Outside Counsel's office, or outside of the ESI Vendor's system, the transmission shall be by hand (and encrypted if in electronic format), by a secure transport carrier (e.g., Federal Express), or by encrypted electronic means.

16.     Each person to whom Designated Material may be disclosed, and who is required to sign the "Acknowledgement and Agreement To Be Bound By Supplemental Protective Order" attached hereto as Exhibit A and, if applicable, the "Certification Of Consultant" attached hereto as Exhibit B, shall do so, prior to the time such Designated Material is disclosed to him or her. Counsel for the Receiving Party who makes any disclosure of Designated Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel for Non-Party QUALCOMM at the termination of this Investigation.

17.     Absent written permission from Non-Party QUALCOMM, persons not permitted access to Designated Material under the terms of this Supplemental Protective Order shall not be present at depositions while QUALCOMM's Designated Material is discussed or otherwise disclosed. Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Administrative Law Judge, to protect Designated Material from disclosure to persons not authorized to have access to such Material. Any Party intending to disclose confidential information from Designated Material at pretrial or trial proceedings must give advanced notice to assure the implementation of the terms of this Supplemental Protective Order.

D.     Access By Outside Consultants

18.     Notice. If a Receiving Party wishes to disclose Designated Material to any Outside Consultant, such Receiving Party must provide notice to counsel for Non-Party

9

QUALCOMM, which notice shall include: (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship (personal or professional) with any of the parties; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last six years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years and a brief description of the subject matter of the consultancy or employment; and (h) a signed copy of the "Acknowledgement and Agreement To Be Bound By Supplemental Protective Order" attached as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B.;

19.    Objections. Non-Party QUALCOMM shall have five (5) business days from receipt of the notice specified in Paragraph 18 to object in writing to such disclosure (plus three (3) extra days if notice is given other than by hand delivery, e-mail delivery or facsimile transmission). After the expiration of the 5-day (plus 3-days, if appropriate) period, if no objection has been asserted, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Supplemental Protective Order. Any objection by NonParty QUALCOMM must set forth in detail the grounds on which it is based. Should the Receiving Party disagree with the basis for the objection(s), the Receiving Party must first attempt to resolve the objection(s) informally with Non-Party QUALCOMM. If the informal efforts do not resolve the dispute within five (5) business days, the Receiving Party may file a motion requesting that the objection(s) be quashed after that five (5) day period has passed. NonParty QUALCOMM shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency of the objection(s). Pending a ruling by the Administrative Law Judge

upon any such objection(s), the discovery material shall not be disclosed to the person objected to by Non-Party QUALCOMM.

E.     Production of ATTORNEYS' EYES ONLY - SOURCE CODE Material

      20.     Non-Party QUALCOMM's Source Code:

            a.     To the extent that Non-Party QUALCOMM makes Source Code available for inspection, Non-Party QUALCOMM shall make all relevant and properly requested Source Code available electronically and in text searchable form in a secure room at a secure facility selected by NonParty QUALCOMM. Non-Party QUALCOMM shall make the Source Code available for inspection on a stand-alone, non-networked personal computer running a reasonably current version of the Microsoft Windows operating system ("Source Code Computer"). The Source Code Computer shall be configured to permit review of the Source Code through a password-protected account having read-only access. The Receiving Party may use appropriate tool software on the Source Code Computer, which shall be installed by Non-Party QUALCOMM, including at least one text editor like Visual Slick Edit that is capable of printing out Source Code with page and/or line numbers and at least one multi-file text search tool such as "grep." Should it be necessary, other mutually agreed upon tools may be used. Licensed copies of other mutually agreed upon tool software shall be installed on the Source Code Computer by Non-Party QUALCOMM, and paid for by the Receiving Party.

11

b.      Non-Party QUALCOMM shall provide access to the Source Code

Computer during the normal operating hours of the secure facility during a

reasonable number of days appropriate for the review by the Receiving

Party.

c.      The Source Code Computer shall be equipped to print copies of the Source

Code on watermarked pre-Bates numbered paper, which shall be provided

by Non-Party QUALCOMM. Under no circumstances are original

printouts of the Source Code to be made except for directly onto the

watermarked and numbered sides of the paper provided by Non-Party

QUALCOMM. Additionally, the Receiving Party shall not print any

continuous block of Source Code that results in more than 30 printed

pages. Counsel for Non-Party QUALCOMM will keep the original

printouts, and shall provide copies of such original printouts to counsel for

the Receiving Party within 48 hours of being notified that such original

printouts have been made. Counsel for the Receiving Party may request up

to 10 copies of each original printout of Source Code. No more than 10%

or 500 pages of the total Source Code (not including copies of original

printouts) for any software release (or in the case of hardware Source

Code, for any hardware product), or continuous blocks of Source Code

that exceed 30 pages, may be in printed form at anyone time, and all

printed Source Code shall be logged by the Receiving Party as noted in

paragraph h below. If necessary, the Receiving Party may request to print

12

additional pages in excess of the 10% or 500 pages of total Source Code for a software release or a hardware product, or continuous blocks that exceed 30 pages, which request Non-Party QUALCOMM shall not unreasonably deny. However, the Receiving Party shall not print Source Code in order to review blocks of Source Code in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of the Source Code for review and analysis elsewhere. No additional electronic copies of the Source Code shall be provided by Non-Party QUALCOMM. Hard copies of the Source Code also may not be converted into an electronic document, and may not be scanned using optical character recognition ("OCR") technology.

d.      The Receiving Party is prohibited from bringing outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware into the secure room. Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, dictaphones, telephone jacks or other devices be permitted inside the secure room.

e.      If any individual inspecting Non-Party QUALCOMM's Source Code seeks to take notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks. No loose paper or other paper that

13

can be used in a printer may be brought into the secure room.

f.    Where absolutely necessary or required by the Administrative Law Judge, a Receiving Party may make further copies of original Source Code printouts to be included in pleadings filed under seal, to be included as exhibits in expert reports, or to be used as exhibits in depositions, where such pleadings, expert reports, and transcripts from such depositions are designated "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE". In the event copies of Source Code printouts are used as exhibits in a deposition, the printouts shall not be provided to the court reporter and further copies of the original Source Code printouts made for the deposition shall be either destroyed or provided to counsel for NonParty QUALCOMM at the conclusion of the deposition.

g.    In addition to other reasonable steps to maintain the security and confidentiality of Non-Party QUALCOMM's Source Code, printed copies of the Source Code maintained by the Receiving Party must be kept in a locked storage container when not being actively reviewed.

h.    The Receiving Party's counsel shall keep a log that records the identity of each individual to whom each hard copy of the Source Code is provided and when it was provided to that person, and within thirty days after the issuance of a final, non-appealable decision resolving all issues in the Investigation, the Receiving Party must serve upon Non-Party QUALCOMM the log. In addition, any Outside Consultants of the

14

Receiving Party to whom the paper copies of the Source Code were

provided must certify in writing that all copies of the Source Code were

returned to the counsel who provided them the information and that they -

will make no use of the Source Code or of any knowledge gained from the

Source Code in any future endeavor.

F.     Financial Summaries

21.    For the mutual convenience of the parties, Non-Party QUALCOMM may produce

certain financial summaries for the purpose of this Investigation. To the extent Non-Party

QUALCOMM produces such financial summaries in a digital format (e.g., PDF, TIFF, Word, or

Excel file), or to the extent a Receiving Party puts any such financial summary or the

information from any such financial summary into a document in a digital format, the Receiving

Party shall password protect that document on an encrypted media. To the extent that any such

financial summaries are transmitted from or to authorized recipients outside of the Receiving

Party's Outside Counsel's office, the transmission shall be by hand, by a secure transport carrier

(e.g., Federal Express), or by encrypted electronic means.

G.    Prosecution and Development Bar

22.    Unless otherwise permitted in writing between Non-Party QUALCOMM and a

Receiving Party, other than Outside Consultants as defined under Section 12.c. supra, any

individual who personally receives, other than on behalf of Non-Party QUALCOMM, any

material designated "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY" or

"QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall not

participate in or be responsible for preparation or prosecution before a Patent Office of any

patent, patent application, or for drafting or revising patent claims that are substantially related to the particular technology or information disclosed in the Designated Material, from the time of receipt of such material through and including the first to occur of (i) the complete resolution of this Investigation through entry of a final non-appealable judgment or order for which appeal has been exhausted and completion of the requirements of section 38, infra; (ii) the complete settlement of all claims in this Investigation and completion of the requirements of section 38, infra; (iii) the individual person(s) cease to represent the Receiving Party or respective client in this Investigation; or (iv) the individual person(s) cease to have access to any material designated "OUTSIDE ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

      23.     Unless otherwise permitted in writing between Non-Party QUALCOMM and a Receiving Party, any expert consultant retained on behalf of Receiving Party who is to be given access to Non-Party QUALCOMM's documents or Source Code designated as "QUALCOMM OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" must agree in writing not to perform hardware or software development work or product development work directly or indirectly intended for commercial purposes specifically involving information disclosed in the Designated Material, which is not publically known, from the time of receipt of such material through and including the first to occur of (i) the date the expert consultant ceases to represent the Receiving Party or respective client in this case or (ii) the date the expert consultant ceases to have access to any material designated "OUTSIDE ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

16

H.     Use Of Designated Material

24.     Use Of Designated Material By Receiving Party. Unless otherwise ordered by the Administrative Law Judge, or agreed to in writing by Non-Party QUALCOMM, all Designated Material, and all information derived therefrom, shall be used by the Receiving Party only for purposes of this Investigation, and shall not be used in any other way, or for any other purpose; including the acquisition, preparation or prosecution before the Patent Office of any patent, patent application, for drafting or revising patent claims, or in connection with patent licensing or product development work directly or indirectly intended for commercial purposes substantially related to the particular technology or information disclosed in the Designated Material. Information contained or reflected in Designated Material shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

25.     Use Of Designated Material By Non-Party QUALCOMM. Nothing in this Order shall limit Non-Party QUALCOMM's use of its own documents and information, nor shall it prevent Non-Party QUALCOMM from disclosing its own confidential information, documents or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

26. Use of Designated Material at Depositions. Except as may be otherwise ordered by the Administrative Law Judge, any person may be examined as a witness at depositions and trial, and may testify concerning all Designated Material of which such person has prior knowledge, without in any way limiting the generality of the following

17

  a.  A witness testifying on behalf of Non-Party QUALCOMM pursuant to a subpoena may be examined concerning all Designated Material that has been produced by Non-Party QUALCOMM; and

  b.  A former director, officer, agent and/or employee of Non-Party QUALCOMM may be interviewed, examined and may testify concerning all Designated Material of which he or she has prior knowledge, including any Designated Material that refers to matters of which the witness has personal knowledge, that has been produced by Non-Party QUALCOMM and that pertains to the period or periods of his or her employment.

27. Use of Designated Material at Hearing. The parties will give Non-Party QUALCOMM prior notice of, and an opportunity to object to, any intended use of the Designated Material at any hearing in this Investigation. Said notice shall (1) be served by facsimile or email on counsel for Non-Party QUALCOMM at least five (5) business days prior to the hearing, (2) identify the Designated Material with specificity and (3) identify the measures the party intends to propose to the Court to protect the Designated Material when used at any hearing consistent with this Supplemental Protective Order.

I. Procedure for Designating Materials

28. Subject to the limitations set forth in this Order, Non-Party QUALCOMM may: designate as "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY" information that it believes, in good faith, meets the definition set forth in Paragraph 3 above; and designate as "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" information that it believes, in good faith, meets the definition set forth in Paragraph 5 above.

29.     Except as provided above in Section E with respect to "QUALCOMM OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" Material, any material (including physical objects) made available by Non-Party Qualcomm for initial inspection by counsel for the Receiving Party by a Non-Party QUALCOMM prior to producing copies of selected items shall initially be considered, as a whole, to constitute "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY" information, and shall be subject to this Order. Thereafter, Non-Party QUALCOMM shall have ten (10) calendar days from the inspection to review and designate the appropriate documents as "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY" prior to furnishing copies to the Receiving Party.

30.     Designation in conformity with this Order shall be made as follows:

    a.     For information in documentary form (apart from transcripts of depositions, or other pretrial or trial proceedings), Non-Party QUALCOMM shall affix the legend "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY" on each page that contains Designated Material.

    b.     For testimony given in deposition, or in other pretrial or trial proceedings, Non-Party QUALCOMM shall specify any portions of the testimony that it wishes to designate as "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY", or "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE." In the case of depositions, Non-Party QUALCOMM may also designate any portion of a deposition transcript as "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY", and/or

19

"QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" by informing the reporter, and the Parties, in writing within thirty (30) calendar days of completion of the deposition of the designations to be applied. All deposition transcripts involving Designated Material and not marked at least "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY" during the deposition will nonetheless be treated as "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY" until the thirty (30) day period has expired. Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY" and/or "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" as instructed by NonParty QUALCOMM.

c.      For information produced in some form other than documentary, and for any other tangible items, Non-Party QUALCOMM shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "QUALCOMM OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE".

d.      The provisions of subparagraphs 29(a)-(c) do not apply to documents produced in native format. For documents produced in native format, the parties shall provide written notice to the Receiving Party of any

20

confidentiality designations at the time of production.

J.    No Waiver of Privilege

31.    Subject to the provisions of the Commission Rules and the Ground Rules, inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege, work product immunity, or any other applicable privilege or immunity, if, after Non-Party QUALCOMM becomes aware of any such disclosure, Non-Party QUALCOMM designates any such documents as within the attorney-client privilege, work product immunity or any other applicable privilege or immunity, and requests in writing return of such documents to Non-Party QUALCOMM. Upon request by Non-Party QUALCOMM, the Receiving Party shall immediately retrieve and return all copies of such document(s). Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege, work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Administrative Law Judge; provided, however, that such challenge shall not assert as a ground for challenge the fact of the initial or inspection of the documents later designated as attorney-client privileged, work product, or subject to another applicable privilege or immunity.

K.    Inadvertent Failure To Designate

32.    An inadvertent failure to designate qualified information, documents or things as "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" does not, standing alone, waive Non-Party QUALCOMM's right to secure protection under this Order for such material. Upon discovery 0 an inadvertent failure to designate, Non-Party QUALCOMM may notify the Receiving Party in

21

writing that the material is to be designated as "QUALCOMM - OUTSIDE ATTORNEYS'
EYES ONLY" or "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE
CODE". Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure
that the material is treated in accordance with the terms of this Order, subject to the right to
challenge the propriety of such designation(s). Non-Party QUALCOMM shall provide substitute
copies of documents bearing the confidentiality designation.

L.      Filing Designated Material

33.      Without written permission from Non-Party QUALCOMM or an Order from the
Administrative Law Judge secured after appropriate notice to all interested persons, a Party may
not file in the public record in this Investigation any Designated Material, but must file such
Designated Material under seal in conformance with the Administrative Law Judge's rules and
procedures. Material filed under seal shall bear the title of this matter, an indication of the nature
of the contents of such sealed filing, the words "QUALCOMM - OUTSIDE ATTORNEYS'
EYES ONLY" or "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE
CODE", as appropriate, and a statement substantially in the following form:

"UNDER SEAL - SUBJECT TO PROTECTIVE ORDER - CONTAINS
CONFIDENTIAL INFORMATION - TO BE OPENED ONLY BY OR AS DIRECTED BY
THE ADMINISTRATIVE LAW JUDGE"

M.      Challenges to Confidentiality Designations

34.      Non-Party QUALCOMM will use reasonable care when designating documents
or information as "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM
- OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE". Nothing in this Order shall

22

prevent a Receiving Party from contending that any or all documents or information designated as "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM - OUTSIDE A ATTORNEYS' EYES ONLY - SOURCE CODE" have been improperly designated. A Receiving Party may, at any time, request that Non-Party QUALCOMM cancel or modify the confidentiality designation with respect to any document or information contained therein.

35. A Receiving Party shall not be obligated to challenge the propriety of a "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM - OUTSIDE A ATTORNEYS' EYES ONLY - SOURCE CODE" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for Non-Party QUALCOMM, and shall identify particularly the documents or information that the Receiving Party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes in accordance with all applicable rules. If agreement cannot be reached, the Receiving Party shall request that the Administrative Law Judge cancel or modify a "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" designation.

N. Designated Material Subpoenaed or Ordered Produced In Other Litigation

36. If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this Investigation as "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE", the Receiving Party must so notify Non-Party QUALCOMM, in writing (by fax and email) promptly, and in no event more than ten (10)

23

calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Supplemental Protective Order. In addition, the Receiving Party must deliver a copy of this Supplemental Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Supplemental Protective Order and to afford Non-Party Qualcomm in this Investigation an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. Non-Party QUALCOMM shall bear the burdens and the expenses of seeking protection in that court of its Designated Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Investigation to disobey a lawful directive from another court.

O.    Unauthorized Disclosure Of Designated Material

37.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing Non-Party QUALCOMM of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Nothing in these provisions should be construed as limiting Non-Party QUALCOMM's right to seek remedies for a violation of this Order.

24

P.     Duration

38.    Even after the termination of this Investigation, the confidentiality obligations
imposed by this Order shall remain in effect until Non-Party QUALCOMM agrees otherwise in
writing or a court order otherwise directs.

Q.     Final Disposition

39.    Unless otherwise ordered or agreed in writing by Non-Party QUALCOMM,
within sixty (60) days of the termination of all of this Investigation, whether through settlement
or final judgment (including any and all appeals therefrom), each Receiving Party, including
outside counsel for each Receiving Party, will destroy all Material designated "QUALCOMM -
OUTSIDE ATTORNEYS' EYES ONLY" and "QUALCOMM - OUTSIDE ATTORNEYS'
EYES ONLY - SOURCE CODE" produced by Non-Party QUALCOMM in this Investigation,
as well as all work product, pleadings, motion papers, legal memoranda, correspondence, trial
transcripts and trial exhibits admitted into evidence containing information from Designated
Material ("derivations") and all copies thereof, with the exception of copies stored on back up
tapes or other disaster recovery media. Within sixty (60) days of the date of settlement or final
judgment, each Receiving Party shall serve Non-Party QUALCOMM with a certification stating
that it, including its outside counsel, has complied with its obligations under this paragraph. With
respect to any copy of Material of Non-Party QUALCOMM or derivation thereof that remains
on back-up tapes and other disaster storage media of a Receiving Party, neither the Receiving
Party nor its consultants, experts, counselor other party acting on its behalf shall make copies of
any such information available to any person for any purpose other than backup or disaster
recovery unless compelled by law and, in that event, only after thirty (30) days prior notice to

25

Non-Party QUALCOMM or such shorter period as required by court order, subpoena, or
applicable law.

R.     Miscellaneous

40.     Any of the notice requirements herein may be waived, in whole or in part, but
only by a writing signed by the Counsel of Record for the Party or Non-Party QUALCOMM
against whom such waiver will be effective.

41.     This Order is entered without prejudice to the right of any Party or Non-Party
QUALCOMM to apply to the Administrative Law Judge at any time for modification of this
Order, when convenience or necessity requires. Nothing in this Order abridges the right of any
person to seek to assert other objections. No Party or Non-Party QUALCOMM waives any right
it otherwise would have to object to disclosing or producing any information, documents, or
things on any ground not addressed in this Supplemental Protective Order. Similarly, no Party or
Non-Party QUALCOMM waives any right to object on any ground to the use in evidence of any
of the material covered by this Supplemental Protective Order. The Administrative Law Judge
shall take appropriate measures to protect Designated Material at trial and any hearing in this
Investigation.

42.     This Order shall not diminish any existing obligation or right with respect to
Designated Material, nor shall it prevent a disclosure to which Non-Party QUALCOMM
consents in writing before the disclosure takes place.

43.     The International Trade Commission is responsible for the interpretation and
enforcement of this Supplemental Protective Order. All disputes concerning Designated Material
produced under the protection of this Supplemental Protective Order shall be resolved by the

International Trade Commission. Every individual who receives any Designated Material agrees to subject himself or herself to the jurisdiction of the International Trade Commission for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM NON-PARTY QUALCOMM IN THIS INVESTIGATION

I, _____ [print or type full name], state: My

business address is _____ ;

1.    My present employer is _____ ;

2.    My present occupation or job description is _____ ;

3.    I have been informed of and have reviewed the Supplemental Protective Order

Governing Discovery From Non-Party QUALCOMM In This Investigation ("Supplemental

Protective Order) entered in this Investigation, and understand and agree to abide by its terms.

agree to keep confidential all information provided to me in the matter of Certain Wireless

Communication Devices, etc., Inv. No. 337-TA 745, in accordance with the restrictions in the

Supplemental Protective Order, and to be subject to the authority of the Administrative Law

Judge in the event of any violation or dispute related to this Supplemental Protective Order.

4.    I state under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Executed on _____.


_____

[Printed name]


_____

[Signature]

28

**EXHIBIT B**

## CERTIFICATION OF CONSULTANT RE SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM NON-PARTY QUALCOMM IN THIS INVESTIGATION

I, _____ [print or type full name], of

_____ am not an employee of the Party who retained

me or of a competitor of any Party or Non-Party QUALCOMM and will not use any information,

documents, or things that are subject to the Supplemental Protective Order Governing Discovery

From Non-Party QUALCOMM In This Investigation ("Designated Material") in the matter of

Certain Wireless Communication Devices, etc." Inv. No. 337-TA 745 to which I have access for

any purpose other than this Investigation. I agree not to perform hardware or software

development work or product development work directly or indirectly intended for commercial

purposes specifically involving information disclosed in the Designated Material, which is not

publically known, from the time of receipt of such material through and including the first to

occur of (1) the date the expert consultant ceases to represent the Receiving Party or respective

client in this case or (ii) the date the expert consultant ceases to have access to any material

designated "OUTSIDE ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES

ONLY - SOURCE CODE." I understand that this shall not preclude me from consulting in future

litigation, so long as such consulting does not involve hardware or software development work

directly or indirectly intended for commercial purposes specifically involving information

disclosed in the Designated Material, which is not publically known, to which I have access.

I state under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

29

Executed on _____.


_____

[Printed name]


_____

[Signature]


Motion No. 745-8 is granted.


*Paul J. Luckern (RAH)*

_____
Paul J. Luckern
Chief Administrative Law Judge

Issued:  April 15, 2011

**CERTAIN WIRELESS COMMUNICATION DEVICES,**　　　Inv. No. 337-TA-745
**PORTABLE MUSIC AND DATA PROCESSING DEVICES,**
**COMPUTERS AND COMPONENTS THEREOF**

## CERTIFICATE OF SERVICE

I, James R. Holbein, hereby certify that the attached **Order** has been served by hand upon the
Commission Investigative Attorney, Kevin G. Baer, Esq., and the following parties as indicated,
on _____ April 18, 2011 _____ .

James R. Holbein, Acting Secretary
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436

**On Behalf of Complainants Motorola, Inc. & Motorola**
**Mobility, Inc.:**

Charles F. Schill, Esq.                              ( ) Via Hand Delivery
**Steptoe & Johnson LLP**                            ( ) Via Overnight Mail
1330 Connecticut Avenue, NW                          (✓) Via First Class Mail
Washington, DC 20036                                 ( ) Other: _____
P-202-429-3000
F-202-429-3902

**On Behalf of Respondent Apple Inc.:**
Mark G. Davis, Esq.                                  ( ) Via Hand Delivery
**Weil, Gotshal & Manges LLP**                       ( ) Via Overnight Mail
1300 Eye Street. NW., Suite 900                      (✓) Via First Class Mail
Washington, DC   20005                               ( ) Other: _____
P-202-682-7000
F-202-857-0940

## PUBLIC MAILING LIST

Heather Hall                                    ( ) Via Hand Delivery
LEXIS-NEXIS                                     ( ) Via Overnight Mail
9443 Springboro Pike                            (√) Via First Class Mail
Miamisburg, OH  45342                           ( ) Other: _____

Kenneth Clair                                   ( ) Via Hand Delivery
Thomson West                                    ( ) Via Overnight Mail
1100 Thirteen Street, NW, Suite 200             (√) Via First Class Mail
Washington, DC  20005                           ( ) Other: _____

# UNITED STATES INTERNATIONAL TRADE COMMISSION

## Washington, D.C.

**In the Matter of**

**CERTAIN MOBILE DEVICES AND RELATED SOFTWARE**

**Inv. No.  337-TA-750**

## ORDER NO. 1:     PROTECTIVE ORDER

(November 30, 2010)

WHEREAS, documents and information may be sought, produced or exhibited by and among the parties to the above captioned proceeding, which materials relate to trade secrets or other confidential research, development or commercial information, as such terms are used in the Commission's Rules, 19 C.F.R. § 210.5;

IT IS HEREBY ORDERED THAT:

1. Confidential business information is information which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, or other information of commercial value, the disclosure of which is likely to have the effect of either (i) impairing the Commission's ability to obtain such information as is necessary to perform its statutory functions; or (ii) causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained, unless the Commission is required by law to disclose such

1

information. The term "confidential business information" includes "proprietary information" within the meaning of section 777(b) of the Tariff Act of 1930 (19 U.S.C. § 1677f(b)).

2(a). Any information submitted, in pre hearing discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this investigation, which is asserted by a supplier to contain or constitute confidential business information shall be so designated by such supplier in writing, or orally at a deposition, conference or hearing, and shall be segregated from other information being submitted.   Documents shall be clearly and prominently marked on their face with the legend:   "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or a comparable notice.   Such information, whether submitted in writing or in oral testimony, shall be treated in accordance with the terms of this protective order.

(b). The Administrative Law Judge or the Commission may determine that information alleged to be confidential is not confidential, or that its disclosure is necessary for the proper disposition of the proceeding, before, during or after the close of a hearing herein. If such a determination is made by the Administrative Law Judge or the Commission, opportunity shall be provided to the supplier of such information to argue its confidentiality prior to the time of such ruling.

3. In the absence of written permission from the supplier or an order by the Commission or the Administrative Law Judge, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than:   (i) outside counsel for parties to this investigation, including necessary secretarial and support personnel assisting such counsel; (ii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof; (iii)

2

technical experts and their staff who are employed for the purposes of this litigation (unless they are otherwise employed by, consultants to, or otherwise affiliated with a non-governmental party, or are employees of any domestic or foreign manufacturer, wholesaler, retailer, or distributor of the products, devices or component parts which are the subject of this investigation); (iv) the Commission, the Administrative Law Judge, the Commission staff, and personnel of any governmental agency as authorized by the Commission; and (v) the Commission, its employees, and contract personnel who are acting in the capacity of Commission employees, for developing or maintaining the records of this investigation or related proceedings for which this information is submitted, or in internal audits and investigations relating to the programs and operations of the Commission pursuant to 5 U.S.C. Appendix 3.1

4.  Confidential business information submitted in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3(i)2 and (iii) unless he or she shall have first read this order and shall have agreed, by letter filed with the Secretary of this Commission:  (i) to be bound by the terms thereof; (ii) not to reveal such confidential business information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential business information solely for purposes of this investigation.

5.  If the Commission or the Administrative Law Judge orders, or if the supplier and all parties to the investigation agree, that access to, or dissemination of information submitted as confidential business information shall be made to persons not included in paragraph 3 above, such matter shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this order, and such persons shall be considered subject to it, unless the Commission or the Administrative Law Judge finds that the information is not confidential business information as defined in paragraph 1 thereof.

3

6. Any confidential business information submitted to the Commission or the Administrative Law Judge in connection with a motion or other proceeding within the purview of this investigation shall be submitted under seal pursuant to paragraph 2 above. Any portion of a transcript in connection with this investigation containing any confidential business information submitted pursuant to paragraph 2 above shall be bound separately and filed under seal. When any confidential business information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." Before a court reporter or translator receives any such information, he or she shall have first read this order and shall have agreed in writing to be bound by the terms thereof. Alternatively, he or she shall sign the agreement included as Attachment A hereto. Copies of each such signed agreement shall be provided to the supplier of such confidential business information and the Secretary of the Commission.

7. The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Commission or the Administrative Law Judge rules, after an opportunity for hearing, was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

8. The Commission, the Administrative Law Judge, and the Commission investigative attorney acknowledge that any document or information submitted as confidential business information pursuant to paragraph 2 above is to be treated as such within the meaning of 5

4

U.S.C. § 552(b)(4) and 18 U.S.C. § 1905, subject to a contrary ruling, after hearing, by the Commission or its Freedom of Information Act Officer, or the Administrative Law Judge. When such information is made part of a pleading or is offered into the evidentiary record, the data set forth in 19 C.F.R. § 201.6 must be provided except during the time that the proceeding is pending before the Administrative Law Judge. During that time, the party offering the confidential business information must, upon request, provide a statement as to the claimed basis for its confidentiality.

9. Unless a designation of confidentiality has been withdrawn, or a determination has been made by the Commission or the Administrative Law Judge that information designated as confidential, is no longer confidential, the Commission, the Administrative Law Judge, and the Commission investigative attorney shall take all necessary and proper steps to preserve the confidentiality of, and to protect each supplier's rights with respect to, any confidential business information designated by the supplier in accordance with paragraph 2 above, including, without limitation: (a) notifying the supplier promptly of (i) any inquiry or request by anyone for the substance of or access to such confidential business information, other than those authorized pursuant to this order, under the Freedom of Information Act, as amended (5 U.S.C. § 552) and (ii) any proposal to redesignate or make public any such confidential business information; and (b) providing the supplier at least seven days after receipt of such inquiry or request within which to take action before the Commission, its Freedom of Information Act Officer, or the Administrative Law Judge, or otherwise to preserve the confidentiality of and to protect its rights in, and to, such confidential business information.

10. If while an investigation is before the Administrative Law Judge, a party to this order who is to be a recipient of any business information designated as confidential and submitted in

5

accordance with paragraph 2 disagrees with respect to such a designation, in full or in part, it shall notify the supplier in writing, and they will thereupon confer as to the status of the subject information proffered within the context of this order. If prior to, or at the time of such a conference, the supplier withdraws its designation of such information as being subject to this order, but nonetheless submits such information for purposes of the investigation; such supplier shall express the withdrawal, in writing, and serve such withdrawal upon all parties and the Administrative Law Judge. If the recipient and supplier are unable to concur upon the status of the subject information submitted as confidential business information within ten days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status to the Administrative Law Judge who will rule upon the matter. The Administrative Law Judge may sua sponte question the designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

11. No less than 10 days (or any other period of time designated by the Administrative Law Judge) prior to the initial disclosure to a proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall submit in writing the name of such proposed expert and his or her educational and detailed employment history to the supplier. If the supplier objects to the disclosure of such confidential business information to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the recipient in writing of its objection and the grounds therefore prior to the initial disclosure. If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objections, the supplier shall submit immediately each objection to the Administrative Law Judge for a ruling. If the investigation is before the Commission the matter shall be submitted to the Commission for resolution. The submission of such confidential

6

business information to such proposed expert shall be withheld pending the ruling of the Commission or the Administrative Law Judge. The terms of this paragraph shall be inapplicable to experts within the Commission or to experts from other governmental agencies who are consulted with or used by the Commission.

12. If confidential business information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the supplier and the Administrative Law Judge and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

13. Nothing in this order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Commission, its Freedom of Information Act Officer, or the Administrative Law Judge concerning the issue of the status of confidential business information.

14. Upon final termination of this investigation, each recipient of confidential business information that is subject to this order shall assemble and return to the supplier all items containing such information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made. Alternatively, the parties subject to this order may, with the written consent of the supplier, destroy all items containing confidential business information and certify to the supplier (or his counsel) that such destruction has taken place. This paragraph shall not apply to the Commission, including its investigative attorney, and the Administrative Law Judge, which shall retain such material pursuant to statutory requirements

and for other recordkeeping purposes, but may destroy those additional copies in its possession which it regards as surplusage.

Notwithstanding the above paragraph, confidential business information may be transmitted to a district court pursuant to Commission Rule 210.5(c).

15.  If any confidential business information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to this investigation, such a nonparty shall be considered a "supplier" as that term is used in the context of this order.

16.  Each nonparty supplier shall be provided a copy of this order by the party seeking information from said supplier.

17.  The Secretary shall serve a copy of this order upon all parties.


Theodore R. Essex
Administrative Law Judge

8

Attachment A

NONDISCLOSURE AGREEMENT FOR REPORTER/STENOGRAPHER/TRANSLATOR

I, _____        _____, do solemnly swear or affirm that I will not divulge any information communicated to me in any confidential portion of the investigation or hearing in the matter of *Certain Mobile Devices and Related Software,* Investigation No. 337-TA-750, except as permitted in the protective order issued in this case. I will not directly or indirectly use, or allow the use of such information for any purpose other than that directly associated with my official duties in this case.

Further, I will not by direct action, discussion, recommendation, or suggestion to any person reveal the nature or content of any information communicated during any confidential portion of the investigation or hearing in this case.

I also affirm that I do not hold any position or official relationship with any of the participants in said investigation.

I am aware that the unauthorized use or conveyance of information as specified above is a violation of the Federal Criminal Code and punishable by a fine of up to $10,000, imprisonment of up to ten (10) years, or both.

Signed _____

Dated _____

Firm or affiliation _____

9

CERTAIN MOBILE DEVICES AND RELATED SOFTWARE          Inv. No. 337-TA-750

## PUBLIC CERTIFICATE OF SERVICE

I, Marilyn R. Abbott, hereby certify that the attached **ORDER 1** has been served by hand upon, the Commission Investigative Attorney, **Benjamin Levi, Esq.** and the following parties as indicated on **November 30, 2010.**

Marilyn R. Abbott
U.S. International Trade Commission
500 E Street, SW, Room 112A
Washington, D.C.  20436

## On Behalf of Complainant Apple Inc.:

Edward S. Jou, Esq.                           (     ) Via Hand Delivery
**WEIL, GOTSHALL & MANGES LLP**               (     ) Via Overnight Delivery
1300 Eye Street, NW, Suite 900                (  ✓ ) Via First Class Mail
Washington, DC   20005                        (     ) International

## On Behalf of Respondents Motorola, Inc. and
## Motorola Mobility, Inc.:

Charles F. Schill, Esq.                       (     ) Via Hand Delivery
**STEPTOE & JOHNSON LLP**                     (     ) Via Overnight Delivery
1330 Connecticut Avenue, NW                   (  ✓ ) Via First Class Mail
Washington, DC   20036                        (     ) International

CERTAIN MOBILE DEVICES AND RELATED SOFTWARE        Inv. No. 337-TA-750

## PUBLIC CERTIFICATE OF SERVICE - PAGE 2

**Public Mailing List:**

Heather Hall                              (    ) Via Hand Delivery
**LEXIS - NEXIS**                         (    ) Via Overnight Mail
9443 Springboro Pike                      ( ✓ ) Via First Class Mail
Miamisburg, OH 45342                      (    ) Other:_____

Kenneth Clair                             (    ) Via Hand Delivery
**THOMSON WEST**                          (    ) Via Overnight Mail
1100 Thirteenth Street, NW, Suite 200     ( ✓ ) Via First Class Mail
Washington, D.C.  20005                   (    ) Other:_____

## UNITED STATES INTERNATIONAL TRADE COMMISSION

### Washington, D.C.

In the Matter of

**CERTAIN MOBILE DEVICES AND
RELATED SOFTWARE**

Inv. No.  337-TA-750

**ORDER NO. 4:      AMENDING THE PROTECTIVE ORDER**

(January 14, 2011)

On January 13, 2011, complainant Apple, Inc. ("Apple") and respondents Motorola

Inc. and Motorola Mobility, Inc. (collectively "Motorola") filed a joint motion to amend

the Protective Order to incorporate provision regarding source code production and a

patent prosecution bar.   (Motion Docket No. 750-001.)   The motion states that the

Commission Investigative Staff does not oppose the motion.

Order No. 1 (Protective Order) is hereby amended to add ¶¶ 18-20 of as follows:

18.    Source Code.  Motorola and Apple may designate documents, information,
or things as "Confidential Business Information Containing Highly Confidential-Source
Code Information," which means source code, as that term is defined below, and
information related to source code, which is to be protected in the same manner as what is
set forth in this Protective Order, subject to additional protections provided below.

A.    Source code includes human-readable programming language text that
defines software, firmware, or electronic hardware descriptions and/or instructions
(hereinafter referred to as "source code").   Source code includes, without limitation,
computer code, scripts, assembly, object code, source code listings and descriptions of
source code, object code listings and descriptions of object code, formulas, engineering
specifications, or schematics that define or otherwise describe in detail the algorithms or
structure of software.  Source code documents at least include (1) printed documents that
contain or refer to selected source code components ("printed source code"); (2) electronic
communications and descriptive documents, such as emails, design documents and
programming examples, which contain or refer to selected source code components
("described source code"); (3) electronic source code documents that reside in a source
code repository from which software and related data files may be compiled, assembled,

1

linked, executed, debugged and/or tested ("source code files"); and (4) transcripts, reports, video, audio, or other media that include, quote, cite, describe, or otherwise refer to source code, source code files, and/or the development thereof. Source code files include, but are not limited to documents containing source code in "C", "C++", Java, Java scripting languages, assembler languages, command languages and shell languages. Source code files may further include "header files," "make" files, project files, link files, and other human-readable text files used in the generation, compilation, translation, and/or building of executable software, including software intended for execution by an interpreter. Documents and things produced during the course of this litigation designated as "Highly Confidential-Source Code Information" shall be protected in accordance with this Protective Order, subject to additional protections provided herein below. Nothing in this Protective Order shall obligate the parties to produce any source code nor act as an admission that any particular source code is discoverable.

B.      A producing party shall produce source code files by making them available electronically on a stand-alone, non-networked computer without Internet access provided by the producing party ("the Source Code Computer"). The Source Code Computer provided by the producing party shall run a reasonably current version of a mutually agreed upon operating system such as Apple OS X, Microsoft Windows, Linux, or SunOS. Source code files must be produced as they are stored in the ordinary course of business and on a mutually agreed upon computer system. The Source Code Computer shall be produced, stored, and secured at the offices of the producing party's outside counsel or such other appropriately secure facility as is mutually agreed upon by the parties (termed "the designated facility"). Motorola shall make source code available at the offices of Steptoe & Johnson in Washington, D.C. and the offices of Quinn Emanuel Urquhart & Sullivan in Redwood Shores, California. Apple shall make source code available at the offices of Weil, Gotshal & Manges in New York, New York and Boston, Massachusetts. The parties reserve the right to change locations or identify an additional location at an office of the respective outside counsel for source code inspection. Source code shall be made available for inspection by the persons to whom disclosure is authorized pursuant to this Protective Order, at a mutually convenient time (that, upon reasonable notice includes evenings and weekends) at the designated facilities, with the following exception:

No outside counsel who is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a party shall have access to material designated as Highly Confidential – Source Code Information.

C.      Source code shall be provided with the following additional protections:

(i)      The producing party shall produce source code files as they are stored in the ordinary course of business and shall deliver one copy of the source code files to the designated facility for review on the Source Code Computer. For sake of clarity, the producing party may provide the source code files in read-only form. To the extent that either the Complainant or Respondent considers production of specifically identified

source code files in executable form necessary to prove an element of one or more of its claims (or to disprove a claim put forth by the other side), the parties shall meet and confer.

(ii)     The producing party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the producing party's business. The receiving party's outside counsel and/or experts may request that commercially available software tools for viewing and searching source code be installed on the secured computer, provided, however, that such other software tools are reasonably necessary for the receiving party to perform its review of the source code consistent with all of the protections herein. Specific tools may include, but are not limited multi-file text search tools such as "grep", dtSearch, Understand for Java, Understand for C, Visual Slick Edit, Source-Navigator, PowerGrep and ExamDiff Pro or similar programs. Where executable source code is installed on the Source Code computer, the receiving party shall be entitled to install and use appropriate compilers, debuggers and text editors so long as the receiving party agrees that no edits may be performed on the Highly Confidential – Source Code Information. The receiving party must provide the producing party with the CD or DVD containing such licensed software tool(s) at least five (5) days in advance of the date upon which the receiving party wishes to have the additional software tools available for use on the Source Code Computer.

(iii)     The producing party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the source code. The receiving party may print portions of the source code only when reasonably necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report or for use as deposition exhibits). The producing party must allow printing of paper copies of portions of source code not to exceed ten (10) contiguous pages, up to a total of 100 printed pages, which the receiving party may take away upon completing an inspection. In the event that the receiving party believes there is a need to print a contiguous portion of source code exceeding ten (10) pages in length or more than 100 pages total, the parties shall meet and confer regarding such need on the day of the inspection if practicable or otherwise as soon thereafter as possible and absent agreement, seek a Court resolution. The receiving party shall not print source code in order to review blocks of source code elsewhere in the first instance, i.e., as an alternative to reviewing that source code electronically on the Source Code Computers. Upon printing any such portions of source code, the printed pages shall be collected by the producing party. The producing party shall Bates number, copy, and label "CONTAINS CONFIDENTIAL BUSINESS INFORMATION INCLUDING HIGHLY CONFIDENTIAL SOURCE CODE" any pages printed by the receiving party and deliver them to the receiving party or object within two business days. If, after meeting and conferring, the producing party and the receiving party cannot resolve the objection, the producing party shall be entitled to seek a resolution from the Chief Administrative Law Judge of whether the printed source code in question is narrowly tailored and was printed for a permitted purpose. The printed pages shall constitute part of the source code produced by the producing party in this action. Each consultant, expert, or attorney will record on a log every page of source code

3

that has been printed ("print logs").  Print logs should be secured in a locked and secure room when not in use.

(iv)  Any external storage media containing source code shall be disconnected from and/or removed from its Source Code Computer and stored in a locked room, safe or storage cabinet when it is not actually being accessed.

(v)  The Source Code Computer and the safe or storage cabinet must be kept in a locked and secure room (the "Source Code Review Room").

(vi)  No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.  The receiving party's outside counsel and/or experts shall be entitled to take notes relating to the source code but may not copy the source code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.  No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.  The producing party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that no unauthorized electronic records of the source code and that no information concerning the source code are being created or transmitted in any way.  Such monitor shall not be in the Source Code Review Room, shall not be able to listen any activity taking place in the Source Code Review Room.  No video may be made of any activity taking place in the Source Code Review Room, nor shall the monitor be permitted to report on any activities therein other than as may relate to the above-referenced purpose of the monitoring

(vii)  Except as provided in Paragraph 24(C)(iii) above and 24(C)(xi) below, the receiving party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any recordable media or recordable device.  The receiving party will not transmit any source code in any way from the producing party's facilities or the offices of its outside counsel of record.

(viii)  The Source Code Computer and/or external storage media used to store the source code shall be password protected and, at the option of the producing party, further protected using PGP encryption.

(ix)  No electronic copies of source code shall be made (including by way of example only, the receiving party may not scan the source code to a PDF or photograph the code), other than volatile copies necessarily made in the course of loading, accessing, compiling, modeling and/or executing the source code or running data processing systems that use or incorporate the source code on the Source Code Computer.  Images or copies of source code shall not be included in correspondence between the parties (references to

4

production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.

(x)     The receiving party's outside counsel of record may make no more than five (5) additional paper copies of any portions of the source code received from a producing party, not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the source code received from a producing party that are delivered by the receiving party to any qualified person under Paragraph 24(B) above. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon one reasonable notice to the receiving party by the producing party, the receiving party shall provide a copy of this log to the producing party.

(xi)    Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of source code brought at the deposition shall be securely destroyed in a timely manner following the deposition.

(xii)   Any printed pages of Source Code shall be stored in a locked safe or storage cabinet when not actually in use.

(xiii)  The inspecting party shall maintain a log of all individuals who have accessed the Source Code Computer. The log shall be made available to the producing party upon reasonable request. The log shall include the name of each person who accessed the Source Code Computer.  Such log and any information from it shall be inadmissible in this Investigation except in connection with proceedings before the Court regarding any alleged violations of this Protective Order.

(xiv)   Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Order, the receiving party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.

(xv)    At the end of the above-styled litigation (including any related appeals), any entity receiving source code will certify that: (a) all printed copies of source code have been returned, with the exception of exhibits that were attached to filed pleadings or admitted into evidence; (b) any electronic storage or memory media which may contain source code have been returned, fully reformatted, and/or destroyed; and (c) any access logs maintained by counsel have been archived along with counsel's other records from this litigation.  Other than set forth in this subparagraph, counsel may not maintain a file copy of source code material.

19.     Prosecution Bar.  Absent the written consent of the producing party, any person that receives access to confidential material produced pursuant to this Protective Order shall not be involved in the prosecution of patents or patent applications relating to

the subject matter of the patents asserted in this action by the opposing party (including but not limited to any application claiming priority to or otherwise related to the patents asserted in this action), before any foreign or domestic agency, including the United States Patent and Trademark Office.  Nevertheless, persons having access to materials produced pursuant to this protective order may have limited involvement in reexamination proceedings pertaining to the patent in suit or other related patents, but in these proceedings they are barred against having any involvement, direct or indirect, in the drafting or amending of patent claims, or the supervising of the drafting or amending of patent claims in connection with any such reexamination proceeding.  These prohibitions on patent prosecution shall begin when access to protected material is first received by the affected individual, and shall end one (1) year after the final resolution of this action, including all appeals.  This prosecution bar is personal to the person receiving such protected material and shall not be imputed to any other person or entity.

20.     No prejudice.  Motorola and Apple agree that amending Protective Order No. 1 in this Investigation is without prejudice to Motorola or Apple's rights to propose, request or otherwise move for different provisions relating to source code production or prosecution bar in any other litigation between Motorola and Apple.

Said amendments are hereby in effect with the issuance of this order.

**SO ORDERED.**

Theodore R. Essex
Administrative Law Judge

6

IN THE MATTER OF CERTAIN MOBILE DEVICES,
AND RELATED SOFTWARE THEREOF                    Inv. No. 337-TA-750

## PUBLIC CERTIFICATE OF SERVICE

I, Marilyn R. Abbott, hereby certify that the attached **ORDER 4** has been served by hand upon, the Commission Investigative Attorney, **Benjamin Levi, Esq.** and the following parties as indicated on **January 14, 2011.**

.

Marilyn R. Abbott, Secretary
U.S. International Trade Commission
500 E Street, SW, Room 112A
Washington, D.C.  20436

## ON BEHALF OF COMPLAINANT APPLE INC.:

Mark G. Davis, Esq.                  (   ) Via Hand Delivery
**WEIL, GOTSHALL & MANGES LLP.**     (   ) Via Overnight Mail
1300 Eye Street, NW, Ste 900         ( ✓ ) Via First Class Mail
Washington, DC 20005                 (   ) Other: _____

## ON BEHALF OF RESPONDENTS MOTOROLA, INC. AND MOTOROLA MOBILITY, INC.:

Charles F. Schill, Esq.              (   ) Via Hand Delivery
**STEPTOE & JOHNSON LLP.**           (   ) Via Overnight Mail
1330 Connecticut Avenue, NW          ( ✓ ) Via First Class Mail
Washington, DC 20036                 (   ) Other: _____

**IN THE MATTER OF CERTAIN MOBILE DEVICES,**
**AND RELATED SOFTWARE THEREOF**          Inv. No. 337-TA-750

## <u>CERTIFICATE OF SERVICE - PAGE 2</u>

**PUBLIC MAILING LIST:**

Heather Hall                              (    ) Via Hand Delivery
**LEXIS - NEXIS**                          (    ) Via Overnight Mail
9443 Springboro Pike                      (  ✓ ) Via First Class Mail
Miamisburg, OH 45342                      (    ) Other:_____

Kenneth Clair                             (    ) Via Hand Delivery
**THOMSON WEST**                           (    ) Via Overnight Mail
1100 Thirteenth Street, NW, Suite 200     (  ✓ ) Via First Class Mail
Washington, D.C.  20005                   (    ) Other:_____

UNITED STATES INTERNATIONAL TRADE COMMISSION

Washington, D.C.

| | |
|---|---|
| In the Matter of<br><br>**CERTAIN MOBILE DEVICES AND RELATED SOFTWARE** | Inv. No.  337-TA-750 |

**ORDER NO. 7:     AMENDING THE PROTECTIVE ORDER**

(June 16, 2011)

On June 15, 2011, complainant Apple, Inc. ("Apple") and non-party Google Inc. filed a joint motion to amend the Protective Order (Order Nos. 1 and 4) to extend provisions of said Protective Order to non-parties.  (Motion Docket No. 750-007.)  The motion states that neither respondents nor the Commission Investigative Staff oppose the motion.

Order Nos. 1 (Protective Order) and 4 are hereby amended to add ¶¶ 21-22 as follows:

21.  <u>Non-Parties.</u> Non-parties to this investigation are entitled to protection of their confidential information produced under the terms of this Protective Order, as set forth in Order No. 1, as amended by Order No. 4. These include the specific protections set forth below:

A.  <u>Source Code.</u> Non-parties to this investigation shall have the same protection provided to the parties in paragraph no. 18 of the Protective Order. Nonparties shall make source code, if any, available at the offices of their legal counsel, or at another location mutually agreed by the producing nonparty and the requesting party. Any reference to a "producing party" in paragraph no. 18 of the protective order shall also apply to a "producing non-party."

B.  <u>Prosecution Bar.</u> Absent the written consent of a producing non-party, any person that receives access to confidential material produced pursuant to this Protective Order shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the confidential material before any foreign or domestic agency, including the United States Patent and Trademark Office. Nevertheless, persons having

1

access to materials produced pursuant to this protective order may have limited involvement in reexamination proceedings pertaining to the patent in suit or other related patents, but in these proceedings they are barred against having any involvement, direct or indirect, in the drafting or amending of patent claims, or the supervising of the drafting or amending of patent claims in connection with any such reexamination proceeding. These prohibitions on patent prosecution shall begin when access to protected material is first received by the affected individual, and shall end one (1) year after the final resolution of this action, including all appeals. This prosecution bar is personal to the person receiving such protected material and shall not be imputed to any other person or entity.

C. Clawback Provision. Nothing in this Protective Order shall require production of information that a non-party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced by a non-party, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity. If materials protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity are inadvertently produced by a non-party, it may obtain the return of those materials by promptly notifying the recipient(s) and providing a privilege log for the inadvertently produced materials. The recipient(s) shall gather and return all copies of the privileged material to the non-party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the non-party.

22. Non-Party Google Inc. The following additional protections shall apply to confidential source code produced by non-party Google Inc.:

A. Limit on Number of Reviewers Accessing Secure Room and Source Code Printouts. The following provisions shall apply to individuals with access to the confidential source code produced by non-party Google Inc.:

(1) No more than a total of 20 individuals identified by the receiving party shall have access to the secure room in which the Google Inc. produces material designated as Highly Confidential- Source Code Information.

(2) No more than a total of 30 individuals identified by the receiving party shall have access to the printed portions of material produced by Google Inc. designated as Highly Confidential- Source Code Information (except insofar as such code appears in any filing with the Commission or Administrative Law Judge or expert report in this case).

B. Rebuttable Presumption Regarding Unduly Long Excerpts. The receiving party may print only those portions of files that are necessary to the preparation of its case. In the event that the receiving party believes there is a need to print more than ten (10) contiguous pages, up to a total of 100 printed pages, the burden shall be on the receiving

2

party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.

C. Separate Review of Individuals Inspecting Google Source Code. Prior to the first inspection of any material produced by Google Inc. designated as Highly Confidential – Source Code Information, the requesting party shall provide ten (10) days notice. The requesting party shall provide two (2) days notice prior to any additional inspections of the same source code files, although Google Inc. will be reasonable in accommodating requests of less than two (2) days. The receiving party shall identify any individual who will be given access to the material produced by Google Inc. designated as Highly Confidential- Source Code Information at least ten (10) days prior to the first time any such individual is given access to the source code files, after which time Google Inc. may object to providing access to any persons so identified. The receiving party shall provide two (2) days notice any time each such individual is given access to the material produced by Google Inc. designated as Highly Confidential - Source Code Information after the first time, although Google Inc. will be reasonable in accommodating notice of less than two (2) days. If an objection to an individual is made by Google Inc., it will be the burden of Google Inc. to prove that the individual shall not be authorized to inspect material produced by Google Inc. designated as Highly Confidential- Source Code Information.

D. Protection Against Adverse Use of Source Code by Technical Advisors. The following provisions shall apply to technical advisors with access to the confidential source code produced by non-party Google Inc.:

(1) Any technical advisor who is approved by Google Inc. shall not be given access to material produced by Google Inc. designated as Highly Confidential–Source Code Information unless he or she shall have (a) complied with the terms of paragraph 4, and (b) agreed in writing not to write source code directly intended for commercial purposes relating to the technical subject matter of the material produced by Google Inc. designated as Highly Confidential – Source Code Information for a period of six (6) months after the issuance of a final, non-appealable decision resolving all issues in this Investigation.

(2) No technical advisor shall have access to material produced by Google Inc. designated as Highly Confidential- Source Code Information unless he or she is not involved in competitive-decision making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a party or a competitor of a party in the technical subject matter of the confidential business information or material produced by Google Inc. designated as Highly Confidential - Source Code Information.

E. Use of Google Source Code at Depositions. For depositions, the receiving party shall not bring copies of any printed material produced by Google Inc. designated as

3

Highly Confidential - Source Code Information. Rather, at least five (5) days before the date of the deposition, the receiving party shall notify Google Inc. about the specific portions of material produced by Google Inc. designated as Highly Confidential- Source Code Information it wishes to use at the deposition, and Google Inc. shall bring printed copies of those portions to the deposition for use by the receiving party. All paper copies of material produced by Google Inc. designated as Highly Confidential - Source Code Information brought to the deposition shall be securely destroyed in a timely manner following the deposition.

Said amendments are hereby in effect with the issuance of this order.

**SO ORDERED.**

Theodore R. Essex
Administrative Law Judge

4

IN THE MATTER OF CERTAIN MOBILE DEVICES,
AND RELATED SOFTWARE THEREOF                    Inv. No. 337-TA-750

## PUBLIC CERTIFICATE OF SERVICE

I, James R. Holbein, hereby certify that the attached **ORDER 7**has been served by hand upon, the Commission Investigative Attorney, **Anne Goalwin, Esq**. and the following parties as indicated on **June 16, 2011.**

James R. Holbein, Secretary to the Commission
U.S. International Trade Commission
500 E Street, SW, Room 112A
Washington, D.C. 20436

## ON BEHALF OF COMPLAINANT APPLE INC.:

Mark G. Davis, Esq.                    (   ) Via Hand Delivery
**WEIL, GOTSHALL & MANGES LLP.**       (   ) Via Overnight Mail
1300 Eye Street, NW, Ste 900           ( ✓ ) Via First Class Mail
Washington, DC 20005                   (   ) Other: _____

## ON BEHALF OF RESPONDENT MOTOROLA SOLUTIONS. INC. (F/K/A MOTOROLA, INC. AND MOTOROLA MOBILITY, INC.:

Charles F. Schill, Esq.                (   ) Via Hand Delivery
**STEPTOE & JOHNSON  LLP**             (   ) Via Overnight Mail
1330 Connecticut Avenue, NW            ( ✓ ) Via First Class Mail
Washington, DC 20036                   (   ) Other: _____

IN THE MATTER OF CERTAIN MOBILE DEVICES,
AND RELATED SOFTWARE THEREOF          Inv. No. 337-TA-750

## CERTIFICATE OF SERVICE - PAGE TWO

**PUBLIC MAILING LIST:**

| | |
|---|---|
| Heather Hall | ( ) Via Hand Delivery |
| **LEXIS - NEXIS** | ( ) Via Overnight Mail |
| 9443 Springboro Pike | ( X) Via First Class Mail |
| Miamisburg, OH 45342 | ( ) Other:_____ |
| | |
| Kenneth Clair | ( ) Via Hand Delivery |
| **THOMSON WEST** | ( ) Via Overnight Mail |
| 1100 Thirteenth Street, NW, Suite 200 | ( X) Via First Class Mail |
| Washington, D.C. 20005 | ( ) Other:_____ |