# Exhibit 15

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3666**

WRITER'S INTERNET ADDRESS
**dianehutnyan@quinnemanuel.com**

February 24, 2012

<u>VIA ELECTRONIC MAIL</u>

Jason Bartlett, Esq.
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

Re:   *Apple v. Samsung Elecs. Co. et al.*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Jason:

Following on my February 18 letter, I write to update Apple further on Samsung's efforts to obtain approval from certain third parties for Apple to produce materials from related actions that purportedly contain the confidential business information of those third parties.

Regarding Nokia and Motorola, these entities have notified us that they cannot agree to give Samsung this approval without knowing more about the specific documents in Apple's possession that purportedly contain their confidential business information.  Samsung, of course, does not have access to these documents and cannot provide the information these entities require.  Therefore, Samsung requests that Apple produce these documents in redacted form no later than Monday, February 27, 2012 or, by tomorrow, identify all such documents from related actions that contain Nokia's or Motorola's confidential business information, with sufficient specificity to allow those entities to make a determination about whether they will grant permission.

Regarding HTC, Samsung has identified an additional action that contains materials related to this litigation.  Please add *Apple Inc. et al v. High Tech Computer Corp*., 10-cv-166-GMS (D. Del.) to the list of cases from which Apple is preparing materials to produce.  Samsung has been unable to secure permission from HTC for Apple to produce documents containing its

quinn emanuel urquhart & sullivan, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

confidential business information. Therefore, please produce, no later than Monday, February 27, 2012, redacted copies of documents from those related actions identified in my previous correspondence, as well as from the additional suit identified above.

Although you represented on February 10 that "[o]nce Samsung obtains this consent, Apple will promptly produce such documents," we have received no response to my letter of the 18th notifying you that we had obtained that consent with regard to Google and Atmel. Nor has Apple ever confirmed what cases it will agree to provide information from, or given us a complete list of which cases have CBI issues and which do not. And it does not appear we have received any documents from these cases, even the ones where no CBI issue has been identified.

Please let us know when these documents will be produced, and if they have been produced, please provide the relevant Bates numbers and clearly identify what cases the materials come from (identifying each case production by Bates numbers as well). As you know, Apple finally agreed that it should provide, as part of the meet and confer process, the kind of information that it would eventually disclose in resisting a motion to compel, rather than holding that information back until a motion was filed. Please abide by that agreement and respond in detail to my letters.

If Apple refuses to cooperate, or fails to respond, Samsung will bring this issue back to the Court for resolution, as contemplated in footnote 1 of the Court's December 22, 2011 Order on this issue (Dkt. 536).

Kind regards,

*/s/ Diane C. Hutnyan*

Diane C. Hutnyan