Exhibit 23

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3666**

WRITER'S INTERNET ADDRESS
**dianehutnyan@quinnemanuel.com**

April 24, 2012

**VIA ELECTRONIC MAIL**

Mia Mazza, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482

Re:    *Apple v. Samsung Elecs. Co. et al.*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Mia,

I write in response to your April 24 letter regarding Apple's supposed compliance with part B.1. of the April 12 order.

Apple suggests that it has already fully complied with part B.1 of the April 12 order, but many items have obviously been excluded.  First, nothing in the Court's Order permits Apple to exclude deposition transcripts from related proceedings dated after the discovery cutoff in this action, or a given witness's deposition in this action.  In direct contrast to Apple's position – and explicitly rejecting the previous limitations Apple had unilaterally added to the terms of the December 22 order – the Court ordered Apple to produce "*all* deposition transcripts of Apple employees, testifying in their employee capacity, from actions bearing a technological nexus to this case." Dkt. 867 at 10 (emphasis added).  Second, the list in your letter appears to be missing many other responsive transcripts.  For example, *Investigation of Certain Mobile Devices And Related Software* (Apple v. Motorola), 337-TA-750 (ITC) (the "750 Investigation") bears a technological nexus to this action because it involves the '828 and '607 patents, but Apple's production from that Investigation does not include deposition transcripts from a single named inventor of the '828 and '607 patents.  Though it is not Samsung's responsibility to identify the responsive materials from these related proceedings, Apple's production of relevant materials from these proceedings must, at a minimum, include all deposition transcripts from the named

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

inventors of the patents in common and any related patents.  Third, Apple's list fails to include any deposition transcripts from the 796 Investigation.  Apple's compliance with section B.1. cannot be complete until those materials have been produced in full.  Please ensure that all Apple employee transcripts from that case are produced by April 27.

Also, Samsung rejects Apple's demand that Samsung identify the individuals it wishes to depose pursuant to the April 12 Court Order by tomorrow.  Nothing in the Court's order requires Samsung to identify these witnesses by that date.  In fact, the Order implicitly assumes Samsung's identifications may come later than this, as Apple's deadline for production is April 27.  And, as discussed above, Apple's production of employee deposition transcripts remains woefully incomplete.  Samsung expects Apple to comply fully by the Court's April 27 deadline, and it will then inform Apple, when appropriate, of the individuals it wishes to depose.

Your letter also attempts to limit the individuals that Samsung may depose to the Apple employees whose transcripts are now belatedly being produced.  This is improper; there is no such limitation in the Court's order.

Again, Apple needs to stop demanding things of Samsung and put its energies into complying, in full, with the Court's order.  Apple and its counsel should be fully capable of complying with the Court's directive in good faith without further discussion.  Samsung reserves its right to move for sanctions or other relief in the event that Apple's production is deficient.

Kind regards,

*/s/ Diane C. Hutnyan*

Diane C. Hutnyan

| | |
|---|---|
| **From:** | Mazza, Mia |
| **Sent:** | Tuesday, April 24, 2012 11:38 PM |
| **To:** | Diane Hutnyan |
| **Cc:** | AppleMoFo; WH Apple Samsung NDCal Service; Samsung v. Apple |
| **Subject:** | RE: Apple v. Samsung Co., Case No. 11-cv-1846 LHK (N.D. Cal.): Correspondence re April 12 Court Order |

Diane:

I wanted to get right back to you to clear up what appear to be a few misunderstandings on Samsung's part.

First, the list attached to my letter to you of earlier today is a subset of the deposition transcripts produced by Apple pursuant to the April 12 Order. Your team is directed to Apple's productions of April 17 and 20, 2012 at APLNDC003107336-3122498 and APLNDC-Y0000239399-251389.

Second, in producing deposition transcripts pursuant to the April 12 Order Apple did not re-produce duplicate copies of deposition transcripts Apple had already produced during the discovery period. For example, Apple has not re-produced the Motorola ITC 750 deposition transcripts of John Elias (APLNDC0001251403), Martin Grunthaner (APLNDC0001251230), Steven Hotelling (APLNDC0001251506), Brian Huppi (APLNDC0001251998), Eric Jue (APLNDC0001246240), Chris Krah (APLNDC0001248909), Chip Lutton (APLNDC0001249107), Josh Strickon (APLNDC0001244550), Boris Teksler (APLNDC0001220501), or Wayne Westerman (APLNDC0001251285).

Third, the parties agreed on April 15, pursuant to your suggestion, that "796 deposition transcripts are immediately deemed produced in this action." (Email from D. Hutnyan to M. Mazza dtd April 13, 2012, 3:36 p.m.) Therefore, Apple completed its production of ITC 796 deposition transcripts on that date.

There is nothing deficient about Apple's production of deposition transcripts last week pursuant to the April 12 Order. Please do not delay in advising us of any additional Apple employee depositions that Samsung requests to be taken under the April 12 Order. We continue to request that you provide us with any and all names tomorrow.

Regards,

**Mia Mazza**
**Morrison & Foerster LLP**
**San Francisco**
**(415) 268-6024 office**
**(415) 216-5835 mobile**
**(415) 268-7522 fax**

**From:** Brad Goldberg [mailto:BradGoldberg@quinnemanuel.com]
**Sent:** Tuesday, April 24, 2012 10:57 PM
**To:** Mazza, Mia
**Cc:** AppleMoFo; 'WH Apple Samsung NDCal Service'; Samsung v. Apple; Diane Hutnyan
**Subject:** Apple v. Samsung Co., Case No. 11-cv-1846 LHK (N.D. Cal.): Correspondence re April 12 Court Order

Mia,

Please see the attached correspondence from Diane Hutnyan.

Regards,


**Brad Goldberg**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3248 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
BradGoldberg@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.