QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S MOTION TO SEAL PORTIONS OF THE MARCH 27, 2012 HEARING TRANSCRIPT (DKT. 855) PURSUANT TO GENERAL ORDER NO. 59**<br><br>Date:  June 5, 2012<br>Time:  10:00 a.m.<br>Place:  Courtroom 5, 4th Floor<br>Judge:  Hon. Paul S. Grewal |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 5, 2012 at 10:00 a.m., or as soon as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, California 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") shall and hereby do move the Court for an order pursuant to General Order 59 sealing portions of the Transcript of Proceedings Before the Honorable Paul S. Grewal, United States Magistrate Judge, dated March 27, 2012 (Dkt. 855) ("Transcript").

This motion is based on this Notice of Motion and supporting memorandum of points and authorities.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

# RELIEF REQUESTED

Pursuant to General Order No. 59, Samsung requests that the Court issue an order sealing the following portions of the Transcript:

| Morning Session (Page:Lines) | Afternoon Session (Page:Lines) |
|---|---|
| 13:20-25<br>14:10-15, 18-25<br>15:5, 15-22<br>16:3-5, 15-17<br>17:16-20<br>18:1-9, 12-13, 17-19<br>22:16-17, 20<br>23:1<br>24:3<br>27:1-7<br>30:1-4, 9-12, 20-21<br>31:5-8, 10-12, 18, 20-21<br>32:6-8<br>33:3-6, 9-11, 15-21, 24-25<br>34:1-5, 8-11, 21-25<br>35: 1-2, 17-19, 22<br>36:3-6, 23-24<br>37:11-12, 14-17, 19-24<br>38:11-13, 22-23<br>39:18-25<br>40:1<br>41:17-20<br>42:2-4, 20-23<br>43:8, 14, 16-21, 23-25<br>44:1, 3-7, 10-12, 21-25<br>45:2-4, 12-14<br>46:2-4, 7-11, 18<br>47:8-10, 12-15, 22-23, 25<br>48:1, 11-13, 15-19<br>49:2-5, 8-12<br>51:6-9<br>52:1-4, 23-25<br>53:2-3, 4-10, 12-17, 23-25<br>54:1-2<br>55:6-10 | 63:8-12, 19-25<br>64:1-9, 12-16, 21-25<br>68:5-6, 8-9, 16-19, 22-25<br>69:3-8<br>70:10-25<br>71:1, 5-6, 21-24<br>72:6-12, 19-21<br>73:8-9, 12-13, 17-18<br>76:13-16<br>77:17-22<br>78:3-5<br>79:7-8<br>86:9-13<br>88:19-21<br>96:23-24<br>97:13-14, 25<br>98:1-2<br>104:5-7<br>121:24-25<br>122:1<br>140:2-5<br>142:3-5 |

# MEMORANDUM OF POINTS AND AUTHORITIES

While the public generally has a common-law right to access judicial records in a civil case, access is denied where there is a "likelihood of an improper use, 'including publication of . . . trade secret materials.'" *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nevada*, 798

1  F.2d 1289, 1294 (9th Cir. 1986) (citing *United States v. Criden (In re National Broadcasting Co.)*,
2  648 F.2d 814, 830 (3d Cir. 1981) (Weis, J., concurring)); *see also Nixon v. Warner*
3  *Communications, Inc.*, 435 U.S. 589, 598 (1978) (noting that the "right to inspect and copy
4  judicial records is not absolute" and that "courts have refused to permit their files to serve as
5  reservoirs of . . . sources of business information that might harm a litigant's competitive
6  standing").    The right to access is further diminished where, as here, a party seeks to prevent the
7  disclosure of information discussed during a hearing on a nondispositive discovery motion.    *Cf.*
8  *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)
9  (noting that a "strong presumption of access" does not apply to sealed discovery documents
10 attached to nondispositive motions and that a "party seeking disclosure must present sufficiently
11 compelling reasons why the sealed discovery document should be released").    Nondispositive
12 motions are "unrelated, or only tangentially related to the underlying cause of action." *Kamakana*
13 *v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citations omitted).
14 Thus, the "public has less of a need for access" to the information.    *Id.*
15        Samsung has established good cause to permit sealing portions of the Transcript.[1]    *See*
16 *Phillips*, 307 F.3d at 1213 (noting that "[w]hen a court grants a protective order for information
17 produced during discovery, it already has determined that 'good cause' exists to protect this
18 information from being disclosed to the public").    The lines identified above discuss or refer to
19 the contents of documents and deposition transcripts that contain confidential and commercially
20 sensitive business information and were thus designated by Samsung as HIGHLY
21 CONFIDENTIAL – ATTORNEY'S EYES ONLY under the Protective Order.    *See* Declarations
22 of Hankil Kang in Support of Samsung's Motion to File Documents Under Seal (Dkts. 754, 773,
23 and 819); Declarations of Melissa Chan in Support of Apple's and Samsung's Administrative
24 Motions to File Documents Under Seal (Dkts. 739, 758, and 791); *see also* Dkt. 687.

---

[1]    The Court has already recognized that "many of the facts supporting each party's position" – the facts discussed during the hearing – "may be subject to sealing."    (Dkt. 850 at 5.)

02198.51887/4726684.1
-3- Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION TO SEAL PORTIONS OF HEARING TRANSCRIPT

1    A copy of the Transcript with the lines Samsung requests that the Court seal highlighted
2 will be served on all parties in conjunction with this motion.
3    Accordingly, the Court should grant Samsung's motion and issue an order sealing portions
4 of the Transcript as identified *supra*.

6 DATED: April 27, 2012      QUINN EMANUEL URQUHART &
                              SULLIVAN, LLP


                              By  */s/ Victoria Maroulis*
                                  Charles K. Verhoeven
                                  Kevin P.B. Johnson
                                  Victoria F. Maroulis
                                  Michael T. Zeller

                                  Attorneys for SAMSUNG ELECTRONICS CO.,
                                  LTD., SAMSUNG ELECTRONICS AMERICA,
                                  INC., and SAMSUNG
                                  TELECOMMUNICATIONS AMERICA, LLC