QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR CLARIFICATION OF APRIL 12 ORDER** |

## I. PRELIMINARY STATEMENT

Apple's motion for "clarification" of the Court's April 12 Order is the latest improper tactic in a months-long effort by Apple to avoid producing highly relevant materials from other proceedings involving the same or similar patents. Having forced Samsung twice to seek relief from this Court, and on the eve of its most recent compliance deadline, Apple remarkably comes up with a brand new theory to excuse its non-compliance, based on information Apple either knew or certainly should have known about long before now. Enough is enough.

First, while captioned an "administrative motion for clarification," Apple's motion is neither a proper administrative motion nor a motion for clarification. Instead, it is a procedurally improper motion for reconsideration, based on arguments Apple could have but chose not to raise in either of the two prior motions leading to Court rulings on this issue. Specifically, as Apple itself is a litigant in each of the related proceedings, surely it was aware of any restrictions on third party CBI, but yet it never raised any of the issues it now claims restrict its ability to comply with the Court's April 12 Order, and indeed it did not even begin to contact third parties until one day before its compliance deadline. Having failed to raise these points earlier, they are waived, and could not form the basis for reconsideration, even had Apple properly labeled its motion and filed it on proper notice in compliance with the Local Rules.

Apple's request to narrow the Court's ruling obligating Apple to provide up to 5 witnesses for deposition is equally improper both procedurally and on the merits. Apple failed to comply with its meet and confer obligations before filing this motion, and there is a very real possibility that there is only a theoretical issue here, given that Samsung has not yet identified which witnesses it seeks to depose. On the merits, the prejudice caused by Apple's violation of its obligations under the December 22 Order is not limited to the inability to depose witnesses whose transcripts were not produced, but also may include witnesses most knowledgeable regarding facts that were disclosed for the first time in the belatedly produced transcripts. As the party whose misconduct caused the prejudice in the first place, Apple should not now be permitted to unilaterally dictate and narrow the scope of depositions Samsung can take.

## II. ARGUMENT

### A. Apple Improperly Seeks Reconsideration of the Court's April 12 Order

In its opposition to Samsung's motion to compel materials from related proceedings (Dkt. No. 825), Apple argued that Samsung's motion should be denied because Samsung allegedly failed to obtain the necessary third party consents. Rejecting this argument, the Court ruled that there is "no reason that the protective order in this case is inadequate to protect third-party confidentiality interests." Dkt. No. 867 at 12. Apple now asks the Court to reconsider this ruling, and rule instead that the "April 12 Order does not require Apple to produce documents containing confidential information of third parties who have not consented to production…." Dkt. No. 885 at 1. It is apparent that the reason Apple used the word "clarification" in its caption is because its motion cannot possibly satisfy the Local Rule requirements for a motion for reconsideration.

First, Apple did not seek leave of Court to file its motion, as required by Local Rule 7-9(a). Second, Apple cannot show that "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought…that in the exercise of reasonable diligence [Apple] did not know such fact or law at the time of the interlocutory order." Local Rule 7-9(b) (1).

The supposed new fact Apple seeks to raise as a basis for reconsideration is that restrictions in the relevant third party proceedings do not permit disclosure of CBI without third party or ITC consent even where disclosure is ordered by a federal court. As a litigant in the related proceedings, Apple knew or should have known of these restrictions before it submitted each of its two prior opposition briefs to this Court. Yet it chose not to do so. Similarly, Apple's motion claims for the first time that there are many additional third parties whose consent would be necessary in order for it satisfy its obligations.[1] The same third party proceedings have been in

---

[1] Apple's motion did not identify these parties. Samsung then requested that Apple identify these entities. Today at 3:15 pm PDT, Apple provided the following list: Thomas L. Cronan III, Jefferson Han, Perceptive Pixel, Wi-Fi Alliance, Atmel, AT&T, Cetecom, Google, IBM, Synaptic, Marvell, Microsoft, New York University, Hewlett-Packard, Qualcomm, TED Conferences, Texas Instruments, Dominic Tolli, University of Delaware, Debrorah Coutant, Elan, Cypress Semiconductors, Cirque, Alcatel-Lucent and Red Nun. Apple also attached to this letter its alleged "efforts" to contact third parties to obtain consent following the Court's April 12 Order. None of the correspondence Apple attaches to this letter pre-date April 25. This is in stark
   (footnote continued)

1  issue for months, and yet Apple previously identified only 5 third parties whose consent would be
2  required, and Samsung in reliance on that identification worked to secure consent from four of
3  those five.  Apple discloses no reason why it could not have identified these new third parties in its
4  prior submissions to the Court.

5  Because Apple's motion is not based on any "new fact" that it could not in the exercise of
6  reasonable diligence have raised prior to the Court's April 12 ruling, its motion does not satisfy
7  the requirements for leave to file a motion for reconsideration, and its failure to raise these issues
8  in the pre-ruling briefing waives any right to do so now.  *Marlyn Nutraceuticals, Inc. v. Mucos*
9  *Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration may not
10 be used to raise arguments or present evidence for the first time when they could reasonably have
11 been raised earlier in the litigation.").

12       **B.    There Is No Basis For "Clarification" Either**

13 Even if the Court were to indulge Apple's motion for reconsideration, it should be denied.
14 First, Apple waited two weeks after the Court issued its April 12 Order before even beginning to
15 resolve the consent issues with third parties[2] and the ITC[3] that it now cites as a basis for its
16 motion, notwithstanding the fact that Apple as a party in the related proceedings has known what
17 third party CBI has been implicated by Samsung's request for materials, and which third party
18 consents Samsung has obtained, for months.  To the extent Apple believed these consents were
19 somehow deficient, Apple should have informed Samsung of the issue many weeks ago so that the
20 problem could have been dealt with in a timely fashion.  Its eleventh hour crisis is entirely of its
21 own making, and should be viewed with considerable skepticism.

---

contrast to Apple's representation in the first sentence of its motion that "[o]ver the past two weeks, Apple has diligently endeavored to comply with the April 12 Order…"

[2]  The only correspondence with a third party Apple attaches to its motion, correspondence with counsel for Motorola, began after business hours on April 25 and was initially and wrongly addressed to counsel for Samsung.  Mazza Decl., Ex. 18-20.  Samsung directed Apple to counsel for Motorola at Winston and Strawn, LLP, but Apple still refuses to produce these documents, citing Motorola's conflict-related concerns with having its CBI viewed by Apple's counsel at WilmerHale LLP.  This problem could be easily dealt with by walling off WilmerHale and having Morrison & Foerster handle the production, but Apple has not done this.

[3]  Mazza Decl., Ex. 21.

1   Apple's claims regarding the need for consent are also highly suspect.  Four months ago,

2  Apple claimed to have produced in redacted form all materials from the Motorola cases,[4] yet it

3  now claims that "thousands" of additional documents will need redaction.  Mazza Decl. at ¶ 30.[5]

4   As explained in Samsung's two prior motions, the information Apple continues to

5  withhold in violation of this Court's April 12 Order is of critical importance to Samsung's case, as

6  it will reveal the extent to which Apple is taking inconsistent positions regarding the scope of the

7  patents it is now accusing Samsung of infringing.[6]  If the Court were to grant Apple's requested

8  relief, Apple undoubtedly would cease all efforts to comply with the Court's April 12 Order, and

9  revert to using the CBI issue to withhold the remaining materials.  This is now the third time

10 Apple has sought to use the CBI issue as an excuse not to produce highly relevant discovery, and

11 it is the second time it has done so in the face of a clear order of this Court.  Apple's discovery

12 abuse should not be countenanced.

13     **C.**    **The Court Should Also Deny Apple's Attempt To Narrow The Court's Deposition Ruling**

14

15   "In order to mitigate the prejudice to Samsung caused by Apple's failure to produce all

16 responsive deposition transcripts in a timely manner," this Court ordered Apple to make up to five

17 witnesses available for up to 10 total hours of deposition.  Even though Apple is the party whose

18 conduct gave rise to the prejudice, Apple seeks to dictate which witnesses Samsung can depose.

19 The Court should reject this request as well.

20   First, Apple's request is procedurally premature, as it has failed to meet and confer before

21 filing its motion.  This is not merely a formality, as Samsung has not yet selected which witnesses

---

[4]  "Samsung seeks the production of pleadings, briefs, discovery, and transcripts from Apple v. Motorola actions in the ITC and the Western District of Wisconsin. Apple already produced those materials, however—totaling more than 45,000 pages—on November 23, 2011, and December 1, 2011." Dkt. No. 502 at 6.

[5]  Apple cites *Nissei America, Inc. v. Cincinnati Milacron, Inc.* 95 F.R.D. 471, 475 (N.D. Ill. 1982) for the proposition that its compliance with the Court's order is excused because it faces inconsistent obligations with Protective Orders in other actions.  That case is inapposite.  In *Nissei*, the ITC had already denied a request to disclose materials; here, no such ruling exists.

[6]  Some third-party information is a crucial part of the materials Samsung seeks, as it will reveal how Apple is reading the same intellectual property it asserts here against Samsung onto third-party products.

1  it would like to depose, and it may be that the parties do not have any dispute for the Court to
2  resolve.
3      On the merits, there is no basis either in the language of the Court's ruling or its rationale
4  for the limitation Apple seeks to impose.  Apple's late production includes nearly 200 transcripts.
5  The prejudice caused by Apple's misconduct is not limited to the inability to depose witnesses
6  whose transcripts have been belatedly produced; it also arises from the untimely disclosure of
7  *facts*, which Samsung did not previously have the opportunity to pursue.  For example, if the
8  newly produced transcripts reveal the existence of a prototype Apple had not previously disclosed,
9  Samsung should be entitled to depose the person most knowledgeable about that prototype, and
10 should not be limited to re-deposing the witness whose transcript revealed its existence, whose
11 knowledge may be only peripheral.  Samsung should not be deprived of its opportunity to cure the
12 prejudice Apple has caused simply because the most knowledgeable witness on a particular
13 belatedly disclosed issue is not the one whose transcript was belatedly produced.

14     **D.**    **Apple's Motion May Not Be Brought As An Administrative Motion**

15     If the Court is inclined to consider the arguments Apple has raised, at the very least it
16 should require Apple to present them in a formal motion, rather than restrict Samsung to the five
17 pages of briefing the administrative motion rules permit.  The relief Apple is seeking – the
18 "clarification" of a longstanding, complex and substantive discovery issue – plainly is not the sort
19 of relief that can be raised by way of an administrative motion.  *Affonso v. Metro. Life Ins. Co.*, C
20 10-05054 PJH, 2011 WL 4101264 (N.D. Cal. Sept. 8, 2011) ("the relief sought [in a motion for
21 clarification] is not properly requested in a motion for administrative relief pursuant to Civil Local
22 Rule 7–11.).  Even if it were, Apple failed to comply with the requirements of the Local Rules,
23 which require "either a stipulation under Civil L.R. 7-12 or . . . a declaration that explains why a
24 stipulation could not  be obtained." Local Rule 7-11(a).

25 **III.**    **CONCLUSION**

26     For the foregoing reasons, Samsung respectfully requests that the Court deny Apple's
27 motion.
28

1  DATED: April 30, 2012                    Respectfully submitted,

2                                            QUINN EMANUEL URQUHART &
3                                            SULLIVAN, LLP

4

5                                            By */s/ Victoria F. Maroulis*
                                                Charles K. Verhoeven
6                                               Kevin P.B. Johnson
                                                Victoria F. Maroulis
7                                               Michael T. Zeller
8                                               Attorneys for SAMSUNG ELECTRONICS CO.,
                                                LTD., SAMSUNG ELECTRONICS AMERICA,
9                                               INC. and SAMSUNG
                                                TELECOMMUNICATIONS AMERICA, LLC
10