1    QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Charles K. Verhoeven (Bar No. 170151)
2    charlesverhoeven@quinnemanuel.com
     50 California Street, 22nd Floor
3    San Francisco, California 94111
     Telephone: (415) 875-6600
4    Facsimile: (415) 875-6700

5    Kevin P.B. Johnson (Bar No. 177129)
     kevinjohnson@quinnemanuel.com
6    Victoria F. Maroulis (Bar No. 202603)
     victoriamaroulis@quinnemanuel.com
7    555 Twin Dolphin Drive, 5th Floor
     Redwood Shores, California  94065-2139
8    Telephone: (650) 801-5000
     Facsimile: (650) 801-5100
9
     Michael T. Zeller (Bar No. 196417)
10   michaelzeller@quinnemanuel.com
     865 S. Figueroa St., 10th Floor
11   Los Angeles, California 90017
     Telephone: (213) 443-3000
12   Facsimile: (213) 443-3100

13   Attorneys for SAMSUNG ELECTRONICS CO.,
     LTD., SAMSUNG ELECTRONICS AMERICA,
14   INC. and SAMSUNG
     TELECOMMUNICATIONS AMERICA, LLC
15

16                   UNITED STATES DISTRICT COURT

17        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

19   APPLE INC., a California corporation,          CASE NO. 11-cv-01846-LHK

20              Plaintiff,                          **DECLARATION OF DIANE C.
                                                    HUTNYAN IN SUPPORT OF
21         vs.                                      SAMSUNG'S OPPOSITION TO APPLE'S
                                                    MOTION FOR CLARIFICATION OF
22   SAMSUNG ELECTRONICS CO., LTD., a               APRIL 12 ORDER**
     Korean business entity; SAMSUNG
23   ELECTRONICS AMERICA, INC., a New
     York corporation; SAMSUNG
24   TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited liability company,
25
                Defendant.
26

27

28

02198.51855/4728973.1

1    I, Diane C. Hutnyan, declare:

2    1.    I am a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP,

3    counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung

4    Telecommunications America, LLC (collectively, "Samsung"). I submit this declaration in support

5    of Samsung's Opposition to Apple's Motion for Clarification of April 12 Order.  I have personal

6    knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and

7    would testify to such facts under oath.

8    **Apple's Refusal to Cooperate with Samsung in Obtaining Third Party Consent for**

9    **Production of CBI from Related Cases**

10    2.    In request No. 75 of its First Set of Requests for Production ("RFP"), served on

11    August 3, 2011, Samsung requested that Apple produce: "All DOCUMENTS relating to any

12    lawsuit, administrative proceeding, or other proceeding involving any of the APPLE ACCUSED

13    PRODUCTS, APPLE IP, or patents related to the APPLE PATENTS-IN-SUIT, including, without

14    limitation, any pleading, paper, motion, affidavit, declaration, report, decision, or order, for cases

15    to include, without limitation, C11-80169 MISCJF (HRL) (N.D. Cal.), 337-TA-794 (ITC),

16    1:2010cv23580 (S.D. Fla.), 1:2010 cv06385 (N.D. Ill.), 1:2010cv06381 (N.D. Ill.), 337-TA-745

17    (ITC), 1:2010cv00166 (D. Del.), 1:2010cv00167 (D. Del.), 337-TA-724 (ITC), 3:2010cv00249

18    (W.D. Wisc.), and 337-TA-701 (ITC)."

19    3.    Apple refused to produce responsive documents to Samsung's Request for

20    Production No. 75.  In December, Samsung moved to compel Apple to produce materials from

21    those related proceedings involving Motorola.  Accepting Apple's representations that it had

22    produced all responsive materials from the Motorola actions save some Motorola confidential

23    business information ("CBI") that it had redacted, the Court denied Samsung's motion as moot in

24    its December 22 Order.  Dkt. 536.

25    4.    In its opposition to Samsung's December motion, Apple argued that it would need

26    third party consent to produce unredacted documents.  Apple did not, however, argue that it would

27    not be permitted under the Protective Order in the Motorola ITC action to disclose the materials

28    Samsung was seeking even if compelled by this Court.

1    5.    Also in its December 22 Order, the Court set up a procedure going forward for how

2    the parties would address issues of third party confidential business information contained in

3    documents Apple was required to produce in response to RFP No. 75.  Specifically, the Court

4    explained that "[t]he parties have initiated a process whereby Samsung will seek consent from

5    those third parties for Apple to produce the unredacted information. Should this process prove

6    unsuccessful, Samsung is free to request court intervention and properly brief the issue of

7    disclosing confidential third-party documents."

8    6.    On February 3, Samsung wrote to Apple, informing it that Apple had not

9    sufficiently complied with RFP No. 75.  Attached hereto as **Exhibit A** is a true and correct copy of

10   this correspondence.  The parties discussed the issue at the February 6 lead counsel meet and

11   confer, at which Apple represented that it could not produce some of these materials without

12   consent from certain third parties, namely Google, Amtel, HTC, Motorola and Nokia.  Prior to this

13   meeting, Samsung was not aware that any confidential business information from HTC, Nokia or

14   Amtel was implicated by these materials, as Apple had never mentioned this.  Samsung also

15   requested that Apple provide a list of those related proceedings that bore a technological nexus to

16   this action, such that production of materials from those actions would be required under the

17   Court's order.  Because Apple was a party to each of these actions, it was in the superior position

18   to compile a comprehensive list of these actions.

19   7.    Apple never responded to Samsung's request for a list of relevant related

20   proceedings.  Hearing no response, on February 8, Samsung identified 13 proceedings it believed

21   might have a technological nexus, and requested that Apple identify all third parties whose

22   confidential business information would be implicated in these actions.  Attached hereto

23   as **Exhibit B** is a true and correct copy of this correspondence.

24   8.    On February 10, Apple responded to Samsung's letter, stating that it would not

25   produce materials from related proceedings other than deposition transcripts.  It also stated that it

26   would not produce anything until Samsung obtained consents from third parties, but would

27   promptly do so thereafter.  Attached hereto as **Exhibit C** is a true and correct copy of this

28   correspondence.

02198.51855/4728973.1

-3-                                Case No. 11-cv-01846-LHK

DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S
MOTION FOR CLARIFICATION OF APRIL 12 ORDER

1       9.      On February 13, Samsung again requested identification of all cases with a

2  technological nexus to the issues in this case, identification of all third-party CBI that is at issue,

3   reassurance that Apple's only objection to production of the relevant materials from these cases

4  was CBI approval, and reassurance that all the requested materials would be produced

5  immediately upon clearance to produce any CBI material therein.  Apple never responded to this

6  request.  Attached hereto as **Exhibit D** is a true and correct copy of this correspondence.

7       10.     On February 19, Samsung wrote again to Apple to confirm that "Samsung

8  understands that the case records for some of these actions contain the confidential business

9  information of other entities, namely Google, Amtel, HTC, Motorola and Nokia."  Samsung also

10  informed Apple that it had obtained permission from Google and Amtel to review their

11  confidential business information, insofar as it was implicated by the materials requested by

12  Samsung.  While the consent from Google was limited "to technical materials, such as those

13  regarding validity and infringement issues, and does not extend to any documents concerning

14  purely business information such as agreements with OEMs," Google represented to Samsung that

15  this qualified consent was sufficient, so that Apple could still disclose all materials being sought

16  by Samsung.  The consent Samsung received from Amtel was not qualified.  Apple made no

17  response to Samsung's letter.  Attached hereto as **Exhibit E** is a true and correct copy of this

18  correspondence.

19       11.     On February 24, Samsung wrote again to Apple regarding its efforts to obtain

20  consents from the relevant third parties.  Samsung informed Apple that Nokia and Motorola would

21  not be able to provide their consent without knowing more about the specific documents in

22  Apple's possession that purportedly contained their confidential business information.  Samsung

23  requested Apple furnish this information, but Apple ignored this request.  Attached hereto as

24  **Exhibit F** is a true and correct copy of this correspondence.

25       12.     On February 29, Apple wrote to Samsung regarding the production of materials

26  from related proceedings.  Apple wrote that it "appreciate[d] that Samsung ha[d]provided a list of

27  cases," but chose not to contribute to the refinement or finalization of this list.  Apple also

28  reiterated its position that it would not produce any materials from related actions until Samsung

1    cleared consents from third parties.  Apple made no mention of the fact that Samsung had already

2    obtained consent from Google or Amtel and it did not object to the scope of these consents or

3    Samsung's representations thereto.  Nor did Apple add any additional third parties to the list of

4    entities whose confidential business information would be implicated.  Attached hereto

5    as **Exhibit G** is a true and correct copy of this correspondence.

6         13.    On March 1, Samsung wrote to Apple to inform it that Samsung had obtained

7    consent from HTC.  Attached hereto as **Exhibit H** is a true and correct copy of this

8    correspondence.

9         14.    On March 3, Samsung wrote to Apple again, narrowing its list of related

10   proceedings to nine actions.  Samsung reminded Apple that for those materials as to which third

11   party consent was an issue, it had promised to produce those materials once consent had been

12   obtained, but that Apple had never produced the materials containing Google, Amtel or HTC

13   confidential business information, despite the fact that Samsung had obtained these consents.

14    Apple made no response to this letter.  Attached hereto as **Exhibit I** is a true and correct copy of

15   this correspondence.

16        15.    On March 7, Samsung filed under seal a motion to compel materials from related

17   proceedings (Dkt. 782).

18        16.    On March 21, Apple filed its opposition to Samsung's motion.  In support of its

19   position, Apple made no reference to ITC protective orders, nor to any additional third parties.

20   (Dkt. 825). As with Samsung's prior motion to compel materials from the Motorola ITC

21   investigation, Apple did not argue that it would not be permitted under the Protective Order in the

22   various ITC investigations at issue to disclose the materials Samsung sought even if compelled by

23   this Court.

24        17.    On March 23, Samsung wrote to Apple to inform it that Samsung had obtained

25   consent from Nokia.  Attached hereto as **Exhibit J** is a true and correct copy of this

26   correspondence.  Nokia's consent was limited to certain materials that, it had represented to

27   Samsung, constituted the collection of relevant materials from that case.

28

DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S
MOTION FOR CLARIFICATION OF APRIL 12 ORDER

1    18.    At the hearing on April 10, the issue of third-party CBI was discussed but Apple

2 again did not argue that any protective orders required consent from the third parties to produce

3 their CBI, even if the Court ordered those materials to be produced.  Apple argued that the

4 consents that Samsung had obtained from Google, HTC, Atmel and Nokia were "complicated" but

5 never suggested that their scope was too narrow to cover the materials that Samsung was

6 requesting, or that it would require direct written authorization from the third parties' counsel

7 before it would honor the consents Samsung had obtained.

8 **Apple's Failure to Seek Third Party Consent Following the April 12 Order Until Two Days**

9 **Prior to the Compliance Deadline**

10    19.    Following the Court's April 12 Order, Samsung did not hear from Apple about its

11 compliance with the Order for 10 days.  On April 22, five days before Apple's compliance

12 deadline under the Order, Apple wrote to Samsung, stating that "the problem of third party

13 Confidential Business Information remains a barrier to production despite the April 12 Order," and

14 arguing for the first time that "[i]t does not appear that [the protective orders in the related cases]

15 authorize Apple to disclose other parties' (or nonparties') Confidential Business Information

16 pursuant to an order issued in another case (or, in the case of the ITC proceedings, another court)."

17  Apple also informed Samsung for the first time that "the Confidential Business Information of

18 more than five third parties is included in the nonpublic court documents filed in the [eight related

19 cases]."  A true and correct copy of this letter is attached hereto as **Exhibit K.**

20    20.    Samsung responded to this letter on April 24, 2012.  Samsung noted that "if Apple

21 truly believed this Court could not order unredacted production without causing Apple to violate

22 another protective order, it could have presented that argument, and supporting evidence, to the

23 Court in its opposition to either or both of Samsung's motions to compel.  But it did not do so…."

24  Samsung also informed Apple that Samsung had not previously sought the consent of third parties

25 other than Nokia, Atmel, Google, HTC and Motorola because Apple had not previously identified

26 any third parties except these five.  Samsung accordingly urged Apple to obtain the consent of any

27 third parties whose identities Apple had withheld in order to comply with the April 12 Order.  A

28

DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S
MOTION FOR CLARIFICATION OF APRIL 12 ORDER

1    true and correct copy of this letter is attached hereto as **Exhibit L.**  Though Apple sent subsequent

2    letters to Samsung, it has not responded to the points above from Samsung's April 24 letter.

3         21.    On April 26, the day before its compliance deadline under the April 12 Order,

4    Apple filed a motion in four ITC investigations (ITC 797, ITC 714, ITC 750 and ITC

5    745) informing the ITC of this Court's April 12 Order and seeking "authorization" to produce the

6    materials compelled in the April 12 Order containing.  A true and correct copy of this motion is

7    attached hereto as **Exhibit M**.  The individuals and entities whose confidential information Apple

8    sought to authorization to disclose in this motion include Thomas L. Cronan, III, Jefferson Han,

9    Perceptive Pixel, Wi-Fi Alliance, Atmel Corp., AT&T, Cetecom Inc., Google, Inc., IBM,

10   Synaptic, Marvell, Microsoft, New York University, Hewlett Packard, Qualcomm, TED

11   Conferences, LLC, Texas Instruments, Dominic Tolli, University of Delaware, Deborah S.

12   Coutant and Sean DeBruine.

13        22.    On April 27, the day after Apple filed the present motion, Samsung wrote to

14   Apple regarding Apple's statements in its motion regarding additional, unidentified third parties

15   whose consent Apple claimed to need.  Samsung requested that Apple identify (1) the names of

16   the 15 new third parties from which it now claimed for the first time it needed consent, (2) the

17   proceedings in which their confidential business information is implicated, (3) the number of

18   documents that contain their confidential business information, and (4) the titles of such

19   documents.  Samsung also requested copies of the notices that Apple said it sent to the third

20   parties, along with any responses received by Apple and any other related correspondence.  A true

21   and correct copy of this email is attached hereto as **Exhibit N**.

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S
MOTION FOR CLARIFICATION OF APRIL 12 ORDER

1    23.    Apple did not respond to Samsung's request for this information until the afternoon

2 of April 30, the same day Samsung's response to Apple's motion was due and three days after

3 Apple's deadline for compliance with the April 12 Order.  The correspondence with third parties

4 Apple attached to its response shows that Apple only began seeking third party consent on April

5 25, two days prior to Apple's compliance deadline under the April 12 Order.  A true and correct

6 copy of this letter and its attachments is attached hereto as **Exhibit O.**

7

8    I declare under penalty of perjury under the laws of the United States that the foregoing is

9 true and correct.

10    Executed in Los Angeles, California, on April 30, 2012.

11

12                                                    */s/ Diane C. Hutnyan*
                                                      Diane C. Hutnyan
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S
MOTION FOR CLARIFICATION OF APRIL 12 ORDER

1

**General Order 45 Attestation**

2          I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to file this

3 Declaration.  In compliance with General Order 45(X)(B), I hereby attest that Diane C. Hutnyan

4 has concurred in this filing.

5                                                                              */s/ Victoria Maroulis*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

02198.51855/4728973.1

-9-                              Case No. 11-cv-01846-LHK
DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S
MOTION FOR CLARIFICATION OF APRIL 12 ORDER