# EXHIBIT M

**MORRISON | FOERSTER**

2000 PENNSYLVANIA AVE., NW
WASHINGTON, D.C.
20006-1888

TELEPHONE: 202.887.1500
FACSIMILE: 202.887.0763

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

April 26, 2012

Writer's Direct Contact
202.887.1504
GBusey@mofo.com

***Via Electronic Filing***

Hon. James Holbein
Secretary
U.S. International Trade Commission
500 E Street, S.W.
Washington, DC  20436

Re:     *Certain Portable Electronic Devices and Related Software*, Inv. No. 337-TA-797;
        *Certain Electronic Devices with Multi-Touch Enabled Touchpad and Touchscreens*;
        Inv. No. 337-TA-714; *Certain Mobile Devices and Related Software*, Inv. No. 337-
        TA-750; *Wireless Communication Devices, Portable Music and Data Processing
        Devices; and Computers and Components Thereof*, Inv. No. 337-TA-745

Dear Secretary Holbein:

Enclosed for filing in each of the above-captioned investigations is Apple Inc.'s Motion
Pursuant to Commission Protective Orders for Authorization to Produce Confidential
Information in District Court Proceedings.

Sincerely,

*/s/ G. Brian Busey*

G. Brian Busey
Counsel for Apple Inc.

Enclosure

cc:  Counsel of record

dc-676680

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, DC

In the Matters of:

Certain Portable Electronic Devices and Related
Software

Certain Electronic Devices with Multi-Touch
Enabled Touchpad and Touchscreens

Certain Mobile Devices And Related Software

Wireless Communication Devices, Portable Music
and Data Processing Devices, Computers and
Components Thereof

Investigation No. 337-TA-797

Investigation No. 337-TA-714

Investigation No. 337-TA-750

Investigation No. 337-TA-745

**MOTION PURSUANT TO COMMISSION PROTECTIVE ORDERS
FOR AUTHORIZATION TO PRODUCE CONFIDENTIAL INFORMATION
IN DISTRICT COURT PROCEEDINGS**

Pursuant to Commission Rule 210.5(e)(2) and Paragraph 3 of the Protective Order in

each of the above-captioned matters, Apple Inc., by counsel, hereby moves for an order by the

Commission allowing disclosure of confidential business information to the limited extent

necessary to comply with an order issued by the Northern District of California in pending case

*Apple Inc. v. Samsung Electronics Co., Ltd.*, Northern District of California, Case No. C-11-1846

LHK (PSG).

On April 12, 2012, the Court in *Apple v. Samsung* ordered Apple to produce "unredacted

court documents" from "eight cases that Samsung has identified" as bearing a technological

nexus to the *Apple v. Samsung* litigation.  Exhibit 1, Order (1) Granting-In-Part Defendants'

Motion to Compel Production of Certain Design Patents; (2) Granting-In-Part Defendants'

Motion to Compel Production of Materials from Related Proceedings and to Enforce December 22, 2011 Court Order ("April 12 Order"), at 12.  The eight cases identified by Samsung include three matters which are now or in the past were pending before the Commission:

- *Certain Portable Electronic Devices and Related Software*, Investigation No. 337-TA-797

- *Certain Electronic Devices with Multi-Touch Enabled Touchpad and Touchscreens*, ITC Inv. No. 337-TA-714

- *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750

In addition, the Order requires Apple to produce documents from certain district court litigation related to *Wireless Communication Devices, Portable Music and Data Processing Devices, Computers and Components Thereof*, Investigation No. 337-TA-745.  By agreement of the parties to the 745 Investigation, the related district court documents that contain information derived from 337-TA-745 are governed by the Protective Order in 337-TA-745.

Pursuant to Paragraph 3 of the relevant investigations' protective orders, Apple cannot produce "unredacted" copies of documents from the above-captioned investigations "in the absence of written permission from the supplier or an order by the Commission or the administrative law judge."  Apple is sending notice to all parties who produced Confidential Business Information subject to the protective orders in the above-captioned investigations of the April 12 Order to request consent to produce that material as ordered by the Northern District of California.  See Ex. 1 (Letters to Producing Parties).

Apple has not been able to secure authorization to produce from each of the parties that supplied confidential information.  Counsel for Motorola has informed Apple that Motorola will not consent to production without "more information" about the documents to be produced, but Apple has provided the information it possesses to Motorola for its consideration.  Specifically,

the documents to be produced are the court documents from the Investigations to which Motorola is party.  When asked what additional information was required before consent could be granted, counsel for Motorola in the 745 and 750 investigations (Quinn Emanuel) referred Apple to another attorney representing Motorola, Peter Chassman of Winston & Strawn.  *See* Ex. 2, Email from D. Hutnyan to M. Mazza, April 25, 2012.  Neither Mr. Chassman nor Winston & Strawn have ever appeared in the 745 and 750 investigations, however, and they are not permitted to see confidential court documents from those investigations.  Apple's counsel of record in the 745 and 750 investigations therefore cannot provide any additional information to Mr. Chassman either.

At least as a result of Motorola's conduct and objections, Apple expects that it will not be able fully to comply with the April 12 Order without relief from the Commission.  Commission Rule 210.5(e)(2) broadly states, "The Commission may continue protective orders issued by the administrative law judge, amend or revoke those orders, or issue new ones."

Good cause exists to grant the limited relief requested by this motion.

- The documents to be produced are limited to court documents submitted to the Commission in this case.  Apple is not required to produce production documents, discovery responses, expert reports, or other materials not filed with the Commission.

- Access to documents produced will be limited to outside counsel for the parties to the litigation, experts, and others privileged to view "Highly Confidential – Attorneys' Eyes Only" material.  See Ex. 3 (April 12 Order) at 12; Ex. 4, Agreed Upon Protective Order Regarding Disclosure and Use of Discovery Materials ("NDCal Protective Order") at Para. 9.

- The ITC investigations discussed above are alleged by Samsung to bear a "technological nexus" to the Northern District litigation.  The Northern District court held that documents bearing a technological nexus to the Northern District litigation are "relevant," and that, "in the case of court documents, the relevance is substantial enough to justify the burden to Apple of producing them."  Ex. 3, April 12 Order at 11.

For the foregoing reasons, Apple respectfully requests that the Commission issue an order pursuant to the protective orders in the foregoing litigation allowing Apple to produce, subject to the "Highly Confidential – Attorneys' Eyes Only" designation of the governing protective order, Exhibit 4, unredacted copies of all court documents in compliance with the April 12 Order of the court in *Apple v. Samsung*.

Dated:  April 26, 2012                 Respectfully submitted,


                                       */s/ G. Brian Busey*
                                       Alexander J. Hadjis
                                       AHadjis@mofo.com
                                       G. Brian Busey
                                       GBusey@mofo.com
                                       Kristin L. Yohannan
                                       KYohannan@mofo.com
                                       MORRISON & FOERSTER LLP
                                       2000 Pennsylvania Ave., NW, Suite 6000
                                       Washington, DC  20006
                                       Telephone:  (202) 887-1500
                                       Facsimile: (202) 887-0763

                                       Harold J. McElhinny
                                       HMcElhinny@mofo.com
                                       Michael A. Jacobs
                                       MJacobs@mofo.com
                                       Rachel Krevans
                                       RKrevans@mofo.com
                                       MORRISON & FOERSTER LLP
                                       425 Market St.
                                       San Francisco, California  94105
                                       Telephone: (415) 268-7000
                                       Facsimile: (415) 268-7522

                                       *Counsel for Apple Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the **MOTION PURSUANT TO COMMISSION PROTECTIVE ORDERS FOR AUTHORIZATION TO PRODUCE CONFIDENTIAL INFORMATION IN DISTRICT COURT PROCEEDINGS** has been served on April 26, 2012, as indicated, on the following:

| | |
|---|---|
| Paul F. Brinkman, Esq.<br>**Alston & Bird LLP**<br>The Atlantic Building<br>950 F Street, N.W.<br>Washington, DC  20004 | ☐   Via First Class Mail<br>☐   Via Hand Delivery<br>☐   Via Overnight Delivery<br>☐   Via Facsimile<br>☒   Via Electronic Mail<br>☐   Not Served |
| Mark G. Davis<br>Robert T. Vlasis<br>**Weil, Gotschal & Manges LLP**<br>1300 Eye Street, N.W., Suite 900<br>Washington, DC  20005<br><br>Kevid Kudlac<br>Clavin Y. Cheng<br>Justin L. Constant<br>**Weil, Gotschal & Manges LLP**<br>700 Louisiana, Suite 1700<br>Houston, TX  77002<br><br>Carmen E. Bremer<br>**Weil, Gotschal & Manges LLP**<br>200 Crescent Court, Suite 300<br>Dallas, TX  75201<br><br>Weil_TLG.Apple.Moto.745.External@weil.com | ☐   Via First Class Mail<br>☐   Via Hand Delivery<br>☐   Via Overnight Delivery<br>☐   Via Facsimile<br>☒   Via Electronic Mail<br>☐   Not Served |

| | |
|---|---|
| Kevin Baer, Esq.<br>The Office of Unfair Import Investigations<br>**U.S. International Trade Commission**<br>500 E Street, S.W.<br>Washington, D.C. 20436<br><br>Kevin.Baer@usitc.gov | ☐   Via First Class Mail<br>☐   Via Hand Delivery<br>☐   Via Overnight Delivery<br>☐   Via Facsimile<br>☒   Via Electronic Mail<br>☐   Not Served |
| Jonathan Bloom<br>Christin Sullivan<br>**Weil, Gotachal & Manges LLP**<br>767 Fifth Avenue<br>New York, NY  10153<br><br>jonathan.bloom@weil.com<br>christen.sullivan@weil.com | ☐   Via First Class Mail<br>☐   Via Hand Delivery<br>☐   Via Overnight Delivery<br>☐   Via Facsimile<br>☒   Via Electronic Mail<br>☐   Not Served |
| Lisa Kattan<br>The Office of Unfair Import Investigations<br>**U.S. International Trade Commission**<br>500 E Street, S.W.<br>Washington, D.C. 20436<br><br>Lisa.Kattan@usitc.gov | ☐   Via First Class Mail<br>☐   Via Hand Delivery<br>☐   Via Overnight Delivery<br>☐   Via Facsimile<br>☒   Via Electronic Mail<br>☐   Not Served |
| Charles F. Schill<br>**Steptoe & Johnson LLP**<br>1330 Connecticue Ave., N.W.<br>Washington, DC  20036<br><br>S&JMotorola745@steptoe.com | ☐   Via First Class Mail<br>☐   Via Hand Delivery<br>☐   Via Overnight Delivery<br>☐   Via Facsimile<br>☒   Via Electronic Mail<br>☐   Not Served |
| Charles K. Verhoeven<br>**Quinn Emanuel Urquhart & Sullivan, LLP**<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111-4788<br><br>David A. Nelson<br>**Quinn Emanuel Urquhart & Sullivan, LLP**<br>500 West Madison Street, Suite 2450<br>Chicago, IL  60661<br><br>Edward J. DeFranco<br>**Quinn Emanuel Urquhart & Sullivan, LLP**<br>51 Madison Avenue, 22nd Floor<br>New York, NY  10010 | ☐   Via First Class Mail<br>☐   Via Hand Delivery<br>☐   Via Overnight Delivery<br>☐   Via Facsimile<br>☒   Via Electronic Mail<br>☐   Not Served |

| Moto-Apple-745@quinnemanuel.com | |

| | |
|---|---|
| Stacie R. Hartman<br>**Schiff Hardin LLP**<br>233 South Wacker Drive, Suite 6600<br>Chicago, IL  60606<br><br>shartman@schiffhardin.com | ☐   Via First Class Mail<br>☐   Via Hand Delivery<br>☐   Via Overnight Delivery<br>☐   Via Facsimile<br>☒   Via Electronic Mail<br>☐   Not Served |
| Robert T. Haslam<br>**Covington & Burling LLP**<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, CA  94065-1418<br><br>Robert D. Fram<br>**Covington & Burling LLP**<br>One Front Street<br>San Francisco, CA  94110<br><br>AppleCov@cov.com | ☐   Via First Class Mail<br>☐   Via Hand Delivery<br>☐   Via Overnight Delivery<br>☐   Via Facsimile<br>☒   Via Electronic Mail<br>☐   Not Served |
| Mark D. Fowler<br>Aaron Wainscoat<br>Erik Fuehrer<br>**DLA Piper LLP (USA)**<br>2000 University Avenue<br>East Palo Alto, Ca  94303<br><br>Tiffany Miller<br>Robert Williams<br>**DLA Piper LLP (USA)**<br>401 B Street, Suite 1700<br>San Diego, CA  92101<br><br>797-DLA-Apple-Team@dlapiper.com | ☐   Via First Class Mail<br>☐   Via Hand Delivery<br>☐   Via Overnight Delivery<br>☐   Via Facsimile<br>☒   Via Electronic Mail<br>☐   Not Served |
| Elizabeth Day<br>Clayton Thompson<br>David L. Alberti<br>Yakov "Jake" Zolotorev<br>**Feinberg Day Alberti & Thompson LLP**<br>401 Florence Street, Suite 200<br>Palo Alto, CA  94301<br><br>797-FeinDay-Apple-Team@feinday.com | ☐   Via First Class Mail<br>☐   Via Hand Delivery<br>☐   Via Overnight Delivery<br>☐   Via Facsimile<br>☒   Via Electronic Mail<br>☐   Not Served |

| | |
|---|---|
| George Riley<br>**O'Melveny & Meyers**<br>Two Embarcadero Center, 28th Floor<br>San Francisco, CA  94111<br><br>griley@omm.com | ☐   Via First Class Mail<br>☐   Via Hand Delivery<br>☐   Via Overnight Delivery<br>☐   Via Facsimile<br>☒   Via Electronic Mail<br>☐   Not Served |
| Jon Yuen Chow<br>**O'Melveny & Myers**<br>400 South Hope Street<br>Los Angeles, CA  94306<br><br>jchow@omm.com | ☐   Via First Class Mail<br>☐   Via Hand Delivery<br>☐   Via Overnight Delivery<br>☐   Via Facsimile<br>☒   Via Electronic Mail<br>☐   Not Served |
| Kenneth H. Bridges<br>Michael T. Pieja<br>**Bridges & Mavrakakis, LLP**<br>3000 El Camino Real<br>One Pala Alto Square<br>Palo Alto, CA  94306<br><br>kbridges@bridgesmav.com<br>mpieja@bridgesmav.com | ☐   Via First Class Mail<br>☐   Via Hand Delivery<br>☐   Via Overnight Delivery<br>☐   Via Facsimile<br>☒   Via Electronic Mail<br>☐   Not Served |
| James A. Shimota<br>**Bridges & Mavrakakis, LLP**<br>200 South Wacker Drive, Suite 3080<br>Chicago, IL  60606<br><br>jshimota@bridgesmav.com | ☐   Via First Class Mail<br>☐   Via Hand Delivery<br>☐   Via Overnight Delivery<br>☐   Via Facsimile<br>☒   Via Electronic Mail<br>☐   Not Served |

*/s/ Russell W. Warnick*
Russell W. Warnick
*Paralegal*

# EXHIBIT 1

**Weil, Gotshal & Manges LLP**

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Attention:
Thomas L. Cronan, III
14351 Heather Ct.
San Jose, CA 95124-5505

Re:   *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by you in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if you intend to intervene to seek relief from the April 12 Order.  If you consent to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

*Jill Schmidt*

Jill Schmidt

# Weil, Gotshal & Manges LLP

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway<br>
Redwood Shores, CA 94065-1134<br>
+1 650 802 3163 tel<br>
+1 650 802 3100 fax<br>
jill.schmidt@weil.com

Jefferson Han
Attention:
Craig Kaufman
Freitas Tseng & Kaufman LLP
100 Marine Parkway
Redwood Shores, CA 94065

Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by Jefferson Han in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Jefferson Han intends to intervene to seek relief from the April 12 Order.  If Jefferson Han consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jill Schmidt

Jill Schmidt

**Weil, Gotshal & Manges LLP**

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Perceptive Pixel
Attention:
Craig Kaufman
Freitas Tseng & Kaufman LLP
100 Marine Parkway
Redwood Shores, CA 94064

Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by Perceptive Pixel in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Perceptive Pixel intends to intervene to seek relief from the April 12 Order.  If Perceptive Pixel consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

*Jill Schmidt*

Jill Schmidt

# Weil, Gotshal & Manges LLP

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Wi-Fi Alliance
Attention:
Harvey Saferstein, Esq.
Mintz Levin
2029 Century Park East, Ste. 1370
Los Angeles, CA 90067

Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by Wi-Fi Alliance in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Wi-Fi Alliance intends to intervene to seek relief from the April 12 Order.  If Wi-Fi Alliance consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jill Schmidt

Jill Schmidt

**Weil, Gotshal & Manges LLP**

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Atmel Corp.
Attention:
Law Department, General Counsel
2325 Orchard Parkway, San Jose, CA 95131

      Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by Atmel Corp. in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Atmel Corp. intends to intervene to seek relief from the April 12 Order.  If Atmel Corp. consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jill Schmidt

Jill Schmidt

**Weil, Gotshal & Manges LLP**

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

AT&T
Attention:
D. Wayne Watts
General Counsel
208 S. Akard St.
Dallas, TX 75202

      Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by AT&T in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if AT&T intends to intervene to seek relief from the April 12 Order.  If AT&T consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jill Schmidt

Jill Schmidt

**Weil, Gotshal & Manges LLP**

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Cetecom Inc.
Attention:
Law Department, General Counsel
411 Dixon Landing Road
Milpitas, CA 95035

Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by Cetecom Inc. in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Cetecom Inc. intends to intervene to seek relief from the April 12 Order.  If Cetecom Inc. consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jill Schmidt

Jill Schmidt

**Weil, Gotshal & Manges LLP**

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Google, Inc.
Attention:
Law Department, General Counsel
1600 Amphitheatre Parkway, Mountain View, CA 94043

Re:   *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by Google, Inc. in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Google, Inc. intends to intervene to seek relief from the April 12 Order.  If Google, Inc. consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jill Schmidt

**Weil, Gotshal & Manges LLP**

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

IBM
Attention:
Richard Straussman
Weitzman IP Law

425 Eagle Rock Ave., Ste. 102
Roseland, New Jersey 07068

Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by IBM in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if IBM intends to intervene to seek relief from the April 12 Order.  If IBM consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

*Jim Schmidt*

Jill Schmidt

# Weil, Gotshal & Manges LLP

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway<br>
Redwood Shores, CA 94065-1134<br>
+1 650 802 3163 tel<br>
+1 650 802 3100 fax<br>
jill.schmidt@weil.com

Synaptic
Attention:
Law Department, General Counsel
3120 Scott Blvd., Suite 130, Santa Clara, CA 95054

     Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc. Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation. A copy of that April 12 Order is attached. The documents being produced may contain Confidential Business Information produced by Synaptic in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Synaptic intends to intervene to seek relief from the April 12 Order. If Synaptic consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012. Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jill Schmidt

Jill Schmidt

**Weil, Gotshal & Manges LLP**

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Marvell
Attention:
Xiang Long, Esq.
Agility IP Law
1900 University Circle, Ste. 201
East Palo Alto, CA 94303

Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by Marvell in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Marvell intends to intervene to seek relief from the April 12 Order.  If Marvell consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jim Schmidt

Jill Schmidt

# Weil, Gotshal & Manges LLP

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Microsoft Inc.
Attention:
Law Department, General Counsel
One Microsoft Way, Redmond, WA 98052

Re: *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc. Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation. A copy of that April 12 Order is attached. The documents being produced may contain Confidential Business Information produced by Microsoft Inc. in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Microsoft Inc. intends to intervene to seek relief from the April 12 Order. If Microsoft Inc. consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012. Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jill Schmidt

Jill Schmidt

**Weil, Gotshal & Manges LLP**

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

New York University
Attention:
Office of the General Counsel
70 Washington Square South, 11th Floor
New York, New York 10012

Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by New York University in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if New York University intends to intervene to seek relief from the April 12 Order.  If New York University consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jill Schmidt

Jill Schmidt

# Weil, Gotshal & Manges LLP

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Hewlett-Packard
Attention:
Law Department, General Counsel
3000 Hanover St., Palo Alto, CA 94304

    Re: *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc.*
*et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-
TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola
Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.*
district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software*
ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents
from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district
court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain
Confidential Business Information produced by Hewlett-Packard in connection with the *Apple Inc. v.*
*Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Hewlett-Packard intends to intervene to seek relief from the
April 12 Order.  If Hewlett-Packard consents to the production of its Confidential Business Information,
please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the
*Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled
"Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that
case, a copy of which is attached for your reference.

Sincerely,

*Jill Schmidt*

Jill Schmidt

# Weil, Gotshal & Manges LLP

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Qualcomm Inc.
Attention:
Bernice Chen
1700 Technology Dr
San Jose, CA 95110

Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by Qualcomm Inc. in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Qualcomm Inc. intends to intervene to seek relief from the April 12 Order.  If Qualcomm Inc. consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jill Schmidt

# Weil, Gotshal & Manges LLP

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

TED Conferences, LLC
Attention:
Guy R. Cohen
1740 Broadway
New York, NY 10019

Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by TED Conferences, LLC in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if TED Conferences, LLC intends to intervene to seek relief from the April 12 Order.  If TED Conferences, LLC consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jill Schmidt

**Weil, Gotshal & Manges LLP**

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Texas Instruments
Attention:
Joseph F. Hubach
General Counsel
12500 TI Boulevard
Dallas, TX 75243

Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by Texas Instruments in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Texas Instruments intends to intervene to seek relief from the April 12 Order.  If Texas Instruments consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jill Schmidt

**Weil, Gotshal & Manges LLP**

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com


Dominic Tolli
Attention:
Jennifer Bauer
Quinn, Emanuel, Urqhart & Sullivan, LLP
500 Madison Street
7 Suite 2450
8 Chicago, Illinois 60661

Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)


Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by Dominic Tolli in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Dominic Tolli intends to intervene to seek relief from the April 12 Order.  If Dominic Tolli consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.


Sincerely,

*Jill Schmidt*

Jill Schmidt

**Weil, Gotshal & Manges LLP**

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

University of Delaware
Attention:
General Counsel's Office
162 The Green
Room 124
University of Delaware
Newark, DE 19716

      Re:   *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by the University of Delaware in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if the University of Delaware intends to intervene to seek relief from the April 12 Order.  If the University of Delaware consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jill Schmidt

**Weil, Gotshal & Manges LLP**

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Attention:
Deborah S. Coutant
13478 Briar Ct.
Saratoga, CA 95070-5012

Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc.
et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-
TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola
Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.*
district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software*
ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents
from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district
court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain
Confidential Business Information produced by you in connection with the *Apple Inc. v. Motorola Inc.
et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if you intend to intervene to seek relief from the April 12 Order.
If you consent to the production of its Confidential Business Information, please respond in writing
(preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district
court litigation has assured me that any documents produced will be labeled "Highly Confidential,
Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which
is attached for your reference.

Sincerely,

Jill Schmidt

# Weil, Gotshal & Manges LLP

BY FEDEX

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3000 tel
+1 650 802 3100 fax

**Nathan Greenblatt**
+1 650 802 3251
nathan.greenblatt@weil.com

April 25, 2012

Sean DeBruine
Alston & Bird LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4004
Tel (650) 838-2121
Sean.DeBruine@alston.com

Re: *Apple Inc. v. Samsung Electronics Co., Ltd.,* C 11-1846 LHK (PSG) (N.D. Cal.) ("Apple v. Samsung district court litigation")
    *Elan Microelectronics Corp. v. Apple Inc.,* C-09-01531-RS (PSG) (N.D. Cal.) ("Elan v. Apple district court litigation")
    *Certain Electronic Devices with Multi-Touch Enabled Touchpads and Touchscreens*:  ITC Inv. No 337-TA-714 ("Elan v. Apple ITC litigation")

Dear Mr. DeBruine:

Pursuant to Paragraph 14 of the Protective Order in the above-captioned Elan v. Apple district court litigation, Apple hereby gives notice that it has been ordered to produce by April 27 all court documents from the Elan v. Apple district court litigation to outside counsel for Samsung in the above-captioned Apple v. Samsung district court litigation.  A copy of the April 12 Order compelling production is attached.  The court documents being produced were retained by outside counsel for Apple for archival purposes, and may contain Highly Confidential information produced by Elan Microelectronics Corporation in connection with the Elan v. Apple district court litigation.  Please let us know, if possible, by <u>noon on April 27</u> if Elan Microelectronics Corporation intends to move for a protective order to seek relief from the April 12 Order compelling production.  If Elan does not indicate that it intends to move for a protective order by <u>May 3</u>, we will proceed with the production.

Pursuant to Paragraph 3 of the Protective Order in the above-captioned Elan v. Apple ITC litigation, Apple hereby gives notice that it has been ordered to produce by April 27 all court documents from the Elan v. Apple ITC litigation to outside counsel for Samsung in the above-captioned Apple v. Samsung district court litigation.  A copy of the April 12 Order compelling production is attached.  The court documents being produced were retained by outside counsel for Apple for archival purposes, and may contain Confidential Business Information produced by Elan Microelectronics Corporation in connection with the Elan v. Apple ITC litigation.  If Elan Microelectronics Corporation consents to

Sean DeBruine
Alston & Bird LLP
April 25, 2012                                              **Weil, Gotshal & Manges LLP**
Page 2


production of Confidential Business Information that appears in court documents in the Elan v. Apple
ITC litigation, please countersign and return this letter to me at your earliest convenience.

All documents will be produced as "Highly Confidential, Attorneys Eyes Only" information pursuant to
the Apple v. Samsung district court protective order, a copy of which is attached.

Sincerely,

*NGreenblatt*

Nathan Greenblatt

Enclosures


I, _____, hereby give written permission for any confidential documents or
business information submitted in *Certain Electronic Devices with Multi-Touch Enabled Touchpads and
Touchscreens*:  ITC Inv. No 337-TA-714 to be produced as Highly Confidential, Attorneys Eyes Only in
compliance with the attached April 12 Order in the Apple v. Samsung district court litigation.


_____

ELAN MICROELECTRONICS CORPORATION


_____

TITLE


_____

DATE

# EXHIBIT 2

## Bartlett, Jason R.

| | |
|---|---|
| **From:** | Diane Hutnyan [dianehutnyan@quinnemanuel.com] |
| **Sent:** | Wednesday, April 25, 2012 4:56 PM |
| **To:** | Mazza, Mia |
| **Cc:** | AppleMoFo; Samsung v. Apple; WHAppleSamsungNDCalService@wilmerhale.com |
| **Subject:** | FW: Apple v. Samsung: Correspondence to Counsel for Motorola re April 12 Order |
| **Attachments:** | 2012-04-25 Ltr Mazza to Hutnyan re Motorola.pdf |

Mia, I do not do any work for Motorola or any of the other third-party entities at issue.  As I informed you in one of yesterday's letters, you will need to contact *others* if you have questions about the scope of these consents.

Please contact Pete Chassman at Winston & Strawn regarding any questions about Motorola's consent.

---

**From:** Mazza, Mia [mailto:MMazza@mofo.com]
**Sent:** Wednesday, April 25, 2012 4:08 PM
**To:** Diane Hutnyan
**Cc:** AppleMoFo; Samsung v. Apple; WH Apple Samsung NDCal Service
**Subject:** Apple v. Samsung: Correspondence to Counsel for Motorola re April 12 Order


<<2012-04-25 Ltr Mazza to Hutnyan re Motorola.pdf>>

Hi Diane,

Attached please find correspondence sent to you in your capacity as Motorola's lawyer to clarify, if any clarification is needed, that the confidential information Apple seeks consent to produce to Samsung under the Court's April 12 Order is all Motorola confidential information contained in the court files in *Certain Mobile Devices And Related Software* (*Apple v. Motorola*), ITC Inv. No. 337-TA-750 and *Apple Inc. v. Motorola Inc. et al.*, No. 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, No. 10-cv-00662 (W.D. Wis.)).

Regards,

**Mia Mazza**
**Morrison & Foerster LLP**
**San Francisco**
**(415) 268-6024 office**
**(415) 216-5835 mobile**
**(415) 268-7522 fax**

---------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

========================================================================

This message contains information which may be confidential and privileged. Unless you are the
addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the
message or any information contained in the message. If you have received the message in error, please
advise the sender by reply e-mail @mofo.com, and delete the message.

---------------------------------------------------------------------

4/26/2012

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482
U.S.A.

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

April 25, 2012

Writer's Direct Contact

415.268.6024
MMazza@mofo.com

*By Email* (dianehutnyan@quinnemanuel.com)

Diane Hutnyan
Quinn Emanuel
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017

Re:     *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)

Dear Diane:

We write to you in your capacity as Motorola's lawyer to clarify, if any clarification is
needed, that the confidential information Apple seeks consent to produce to Samsung under
the April 12 Order is all Motorola confidential information contained in the court files in
*Certain Mobile Devices And Related Software* (*Apple v. Motorola*), ITC Inv. No. 337-TA-
750 and *Apple Inc. v. Motorola Inc. et al.*, No. 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v.
Motorola Inc. et al.*, No. 10-cv-00662 (W.D. Wis.)).  Apple itself does not have that
information, and neither does Morrison & Foerster.  As Motorola's lawyer, you do.

Please tell us today whether Motorola consents to having this information produced to
Samsung pursuant to Judge Grewal's Order dated April 12.  You can assure Motorola that it
will be protected as Highly Confidential under our Protective Order.

Sincerely,

*/s/ Mia Mazza*

Mia Mazza

cc:     S. Calvin Walden
        Peter Kolovos

sf-3137929

# EXHIBIT 3

1

2

3

4

5

6

7

8

9

10                          UNITED STATES DISTRICT COURT

11                        NORTHERN DISTRICT OF CALIFORNIA

12                                 SAN JOSE DIVISION

13   APPLE INC.,                          )   Case No.: C 11-1846 LHK (PSG)
                                          )
14                  Plaintiff,            )   **ORDER (1) GRANTING-IN-PART**
                                          )   **DEFENDANTS' MOTION TO**
15          v.                            )   **COMPEL PRODUCTION OF**
                                          )   **CERTAIN DESIGN PATENTS;**
16   SAMSUNG ELECTRONICS CO., LTD, a      )   **(2) GRANTING-IN-PART**
     Korean corporation; SAMSUNG          )   **DEFENDANTS' MOTION TO**
17   ELECTRONICS AMERICA, INC., a New York )  **COMPEL PRODUCTION OF**
     corporation; and SAMSUNG             )   **MATERIALS FROM RELATED**
18   TELECOMMUNICATIONS AMERICA, LLC,     )   **PROCEEDINGS AND TO ENFORCE**
     a Delaware limited liability company, )  **DECEMBER 22, 2011 COURT ORDER**
19                                        )
                    Defendants.           )   **(Re: Docket Nos. 781, 782)**
20   ─────────────────────────────────── )

21          In this patent infringement suit, Defendants and counter-claimants Samsung Electronics

22   Co., LTD., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC

23   (collectively "Samsung") bring two motions before the court. Samsung moves to compel the

24   production of certain design patent applications, and separately moves to enforce an earlier court

25   order regarding production of certain deposition transcripts as well as to compel the production of

26   materials from related proceedings. Plaintiff Apple Inc. ("Apple") opposes both motions. On April

27   9, 2012, the parties appeared for hearing. Having considered the argument and evidence presented,

28   the court hereby GRANTS-IN-PART Samsung's motions.

                                               1
     Case No.: 11-1846 LHK (PSG)
     ORDER

United States District Court
For the Northern District of California

## I.   BACKGROUND

Samsung's motions arise out of a series of discovery requests propounded in August 2011, including the following:

- Request for Production ("RFP") No. 75 requesting "all documents relating to any lawsuit, administrative proceeding, or other proceeding involving any of the Apple accused products, Apple IP, or patents related to the Apple patents-in-suit, including, without limitation, any pleading, paper, motion, affidavit, declaration, report, decision, or order, for cases to include [10 listed cases]."

- RFP No. 97 requesting "all documents and communications concerning the patentability, novelty, scope, infringement, validity, invalidity, enforceability, or unenforceability of any claim in any of the Apple IP."

- RFP No. 98 requests "all documents and things relating to any information, including patents, publications, prior knowledge, public uses, sales, or offers for sale, that may constitute, contain, disclose, refer to, relate to, or embody any prior art to any alleged invention claimed by the Apple IP."

- RFP No. 81 requesting "the prosecution histories of the Apple IP, including all prior art cited therein, patents related to the Apple patents-in-suit, and any foreign counterpart patents, registrations, or applications to the Apple IP or patents related to the Apple patents-in-suit, including, without limitation, any reexamination and reissue applications."

- RFP No. 82 requesting "all documents and things relating to the preparation, filing and /or prosecution of the Apple IP, patents related to the Apple patents-in-suit, and any foreign counterpart patents or patent applications to the Apple patents-in-suit or patents related to the Apple patents-in-suit, including, without limitation, any reexamination an reissue applications."[1]

Samsung defines "Apple IP" in its first set of RFPs as "the Apple patents-in-suit, Apple trade dress, and Apple trademarks."[2] In December 2011, Samsung also propounded RFP No. 362, requesting "all documents relating to any applications or other attempts by Apple to obtain any design patent registration for the iPad 2, whether in a foreign country or in the U.S."[3]

Apple timely objected to these RFPs on a number of grounds, which for the purposes of the instant motions can be summarized as: overly broad, unduly burdensome, not relevant to the extent they seek information regarding patents and claims not asserted by Apple, and improper to the

---

[1] Docket No. 781-4 (Hutnyan Decl., Ex. A) (Samsung's First Set of Requests for Production to Apple Inc.).

[2] *Id.* ¶ 38.

[3] Docket No. 781-3 ¶ 8 (Hutnyan Decl).

Case No.: 11-1846 LHK (PSG)
ORDER

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

extent they seek the production of non-public patent applications and documents that are subject to an applicable privilege or immunity.[4] As a result of discussions between the parties, Apple has produced or agreed to produce a substantial volume of responsive documents, including more than 3,000 patents and published applications for patents in the family trees of the patents-in-suit, foreign counterpart patents, and cited prior art.[5] With respect to Samsung's request for documents relating to other lawsuits or administrative proceedings involving the accused Apple products or patents related to the Apple patents-in-suit, Apple has produced transcripts of prior deposition testimony of certain Apple witnesses, and has readied for production certain court documents from litigation involving the patents-in-suit.[6] A subset of this production was the subject of the court's December 22, 2011 order ("December 22 Order") on an earlier Samsung motion to compel, as discussed in detail below.

Notwithstanding these productions, Samsung argues that Apple has failed to produce responsive documents as to a number of these requests, and furthermore has failed to comply with the court's December 2011 order pertaining to the production of transcripts from other litigation and proceedings. The court addresses each of Samsung's motions in turn.

## II.    DISCUSSION

### A.    Motion to Compel Production of Documents Relating to the Patents-in-Suit

Based on RFP Nos. 81, 82, 98, 97, and 362, Samsung moves to compel production of all documents relating to efforts by Apple to obtain design patents relating to the patents-in-suit, including products that Apple claims embody the patents-in-suit. Samsung specifically seeks production of Apple's unpublished and pending design patents that relate to the patents-in-suit or

---

[4] *See* Docket No. 781 at i-iv (Def.'s Mot. to Compel Production of Documents Relating to the Patents-in-Suit); Docket No. 782 at 1-3 (Def.'s Mot. to Compel Production of Material from Related Proceedings and to Enforce December 22, 2011 Court Order).

[5] *See* Docket No. 827-1 ¶ 2 (Bartlett Decl).

[6] *See* Docket No. 835 at 1, 4 (Pl.'s Opp'n to Def.'s Mot. to Compel Production of Materials from Related Proceedings).

3

Case No.: 11-1846 LHK (PSG)
ORDER

their claimed commercial embodiments.[7] Samsung justifies its request on the basis that there is no distinction between published and unpublished patent applications for relevance purposes,[8] and that any confidentiality interest is addressed by the parties' protective order. Apple responds that Samsung's RFPs do not cover the broad scope of the request framed in this motion and that Samsung has failed to offer a justification sufficient to meet the heightened standard that applies to the production of still-confidential patent applications.

Under the federal rules, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[9] Yet courts have applied a heightened relevancy standard in the case of pending patent applications and related materials.[10] This heightened standard requires a court to "weigh the requesting party's interest in materials against the objector's legitimate interest in secrecy."[11] In the absence of any dispute between the parties that the heightened standard applies here – and in light of the clear congressional determination that a design patent application is entitled to a period of confidentiality up until issuance of the patent[12] – the court proceeds on that basis.

---

[7] Apple has not objected to producing documents relating to issued patents or published patent applications.

[8] For example, Apple has claimed in the course of the litigation that the iPad 2 is a commercial embodiment of the asserted D'889 patent. Samsung argues that any pending or unpublished patent applications seeking to secure protection for the design embodied in the iPad 2 will necessarily contain relevant information and admissions about what distinguishes the design applications related to the iPad 2 from prior art and earlier patents, such as the D'889 patent. Samsung seeks a baseline against which the jury may compare differences between Samsung's designs and the asserted design patents, just as Apple presumably has differentiated between its asserted patents and prior art. The same rationale applies to all applications for design patents relating to all other products Apple claims embody the patents-in-suit.

[9] See Fed. R. Civ. P. 26(b)(1).

[10] See, e.g., ICU Medical, Inc. v. B. Braun Med., Inc., 224 F.R.D. 461, 462 (N.D. Cal. 2002) (holding it "well established that materials relating to a pending patent application are confidential, and therefore enjoy a degree of protection against disclosure").

[11] Id.; see also Microsoft Corp. v. Multi-Tech Systems, Inc., No. 00-1412 (ADM/RLE), 2001 U.S. Dist. LEXIS 23155, at *18-19 (D. Minn. Dec. 14, 2001); Vibrosaun USA, Inc. v. Saunamassage Int'l, Inc., No. 87-0656-CV-W-6, 1988 U.S. Dist. LEXIS 10574, at *8 (W.D. Mo. Sept. 19, 1988); Ideal Toy Corp. v. Tyco Indus., 478 F. Supp. 1191, 1194-95 (D. Del. 1979).

[12] See 35 U.S.C. § 122(b)(2)(A)(iv) (excepting design patent applications from publication after the expiration of 18 months from the earliest filing date).

4

Case No.: 11-1846 LHK (PSG)
ORDER

The court finds as a preliminary matter that the RFPs at issue do not encompass the full scope of what Samsung demands by its motion. RFP No. 362, requesting documents relating to applications or other attempts to obtain any design patent protection, pertains only to the iPad 2. The other RFPs that Samsung relies on reference a wide range of documents and materials pertaining to Apple IP, prior art to any alleged invention claimed by the Apple IP, and to any claim in the Apple IP. But "Apple IP" is defined only as Apple's patents-in-suit, trade dress, and trademarks, and does not include later-filed patents that Apple claims to be embodied by the same products. Samsung's motion to compel must be limited by the bounds of its document requests. The court therefore will address Samsung's motion only to the extent that it seeks to compel the production of design patent applications relating to the patents-in-suit or to the iPad 2.

Using examples of published Apple patents already implemented in products that are commercially available, Samsung has shown that a pending patent application asserts the novelty and nonobviousness of the ornamental design being claimed, and that such an assertion may be highly relevant to evaluating the scope of the design patents-in-issue. The court thus finds the relevance of pending design patent applications – at least those that relate to the patents-in-suit or to the same or similar design features as those claimed by Apple in the iPad 2 to embody one or more of the patents-in-suit – to be sufficient for their production, unless outweighed by Apple's competing confidentiality interest.[13]

Apple contends that the significant risk of competitive harm that could result from disclosure of its pending design patents far outweighs any relevance of the materials to Samsung's defense or counterclaims. Apple further contends that the strict protections of the parties' protective order for the treatment of materials marked "Highly Confidential – Attorneys' Eyes Only" are insufficient, because Samsung's outside counsel is advising Samsung in connection with

---

[13] *See Caliper Technologies Corp. v. Molecular Devices Corp.*, 213 F.R.D. 555, 562 (N.D. Cal. 2003) ("Many courts have concluded that [pending, abandoned, and issued patent] applications are relevant because they 'may contain information or admissions that clarify, define or interpret the claims of the patent in suit.") (quoting *Tristrata Tech. v. Neoteric Cosmetics*, 35 F. Supp. 2d 370, 372 (D. Del. 1998)); *Zest IP Holdings, LLC v. Molecular Devices Corp.*, No. 10-0541-LAB(WVG), 2011 WL 5525990, at *1 (S.D. Cal. Nov. 14, 2011).

Case No.: 11-1846 LHK (PSG)
ORDER

1   design-around efforts relating to the patents-in-suit. According to Apple, such assistance with

2   design-around efforts would give Samsung an "unfair competitive edge."

3        The court is not persuaded by Apple's arguments. To be sure (as if there were any doubt

4   beforehand), this case confirms that the parties are fierce competitors – a factor that several courts

5   have held weighs against disclosure.[14] Yet Apple's position regarding the danger posed by

6   disclosure of pending design patents – under the protective order and for products already released

7   in the market – is unreasonable. The parties' protective order prohibits the use of "Highly

8   Confidential – Attorneys' Eyes Only" information for activities relating to advising or consulting

9   on patent drafting or prosecution, and prohibits outside counsel who is involved in competitive

10  decision-making, as defined by *U.S. Steel v. United States*,[15] from access to "Highly Confidential –

11  Attorneys' Eyes Only" information.[16] Apple has offered no support for its contention that

12  Samsung's counsel is engaged in improperly advising Samsung on design-around efforts.

13  Moreover, at oral argument Apple's counsel conceded that Apple has a lesser confidentiality

14  interest to the extent the pending design applications pertain only to a released product like the

15  iPad 2.

16        In sum, the court recognizes that Apple's design applications reflect in part its competitive

17  assessments, but finds that under the circumstances, Apple's confidentiality interest does not

18  outweigh Samsung's right to obtain the relevant discovery. The court therefore GRANTS

19  Samsung's motion to compel production of documents relating to Apple's efforts to obtain design

20  patents, but only IN PART, as limited to those unpublished and pending design patents embodied

---

[14] *See ICU Medical, Inc.*, 224 F.R.D. at 462; *Microsoft Corp.*, 2001 U.S. Dist. LEXIS 23155 at *19.

[15] 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984) (defining "competitive decisionmaking" as "serviceable [] shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor").

[16] *See* Docket No. 687 ¶¶ 6(b), 9(a), 9(b)(1) (Protective Order Regarding Disclosure and Use of Discovery Material).

Case No.: 11-1846 LHK (PSG)
ORDER

by one or more features in the iPad 2 claimed by Apple to embody a patent-in-suit, and any patent applications that otherwise relate to the patents-in-suit.

**B.    Motion to Compel Production of Materials from Related Proceedings and to Enforce December 22, 2011 Court Order**

Based on RFP Nos. 75 and 97, Samsung seeks the production of deposition transcripts and "other materials" from cases and "Related Proceedings" bearing a technological nexus to this action, as well as a court order allowing Samsung to serve written discovery on and take the deposition of witnesses whose transcripts in other matters were produced late. Samsung argues, as it did in its December 2011 motion to compel, that these materials are plainly relevant to and contain critical admissions regarding the scope of Apple's claimed patents and their purported novelty over prior art. Samsung contends that despite the court's December 22 Order requiring Apple to produce by January 15, 2012 the deposition transcripts of its employees from other actions that bear a technological nexus to the issues here,[17] Apple has failed to produce all of the responsive transcripts and has resisted production of other materials from related proceedings that satisfy the same standard.

Samsung identifies two categories of incomplete or non-existent production: (1) deposition transcripts from proceedings Samsung has identified that fall within the court's December 22 Order, including depositions of Apple employees taken during the currently-pending United States International Trade Commission Inv. No. 337-TA-796 ("796 ITC Investigation"); and (2) other material from these cases that satisfies the nexus standard, including testimony of non-employee witnesses, declarations and affidavits, expert reports, hearing transcripts, court rulings, and pleadings. Apple responds that Samsung conflates multiple requests, including for the production of transcripts subject to the December 22 order, the production of documents from "other proceedings" involving an alleged technological nexus, the production of "other documents" from proceedings involving the patents-in-suit, and what is effectively an improper motion to amend the parties' protective order to allow the use of deposition transcripts from the 796 ITC Investigation.

---

[17] *See* Docket No. 536 at 5-6 (Order Granting-In-Part Def.'s Mot. To Compel).

7

Case No.: 11-1846 LHK (PSG)
ORDER

### 1. Deposition Transcripts Within the Scope of the December 22 Order

In relevant part, the court's December 22 Order addressed Samsung's motion to compel "transcripts of prior deposition testimony of Apple witnesses testifying in their employee capacity." The court held that Apple's proposed definition of a "technological nexus" provided an appropriate means to balance the production of relevant employee testimony from other actions, and required that Apple, no later than January 15, 2012, produce deposition transcripts by applying the technological nexus standard. As defined by Apple and applied by the court, the technological nexus standard includes "prior cases involving the patents-in-suit or patents covering the same or similar technologies, features, or designs as the patents-in-suit."[18]

Samsung argues that Apple has failed to comply with the December 22 Order by refusing to produce relevant deposition transcripts from the 796 ITC Investigation, as well as by reading its own limitations into the court's order so as to exclude all depositions but of those Apple witnesses scheduled to testify in this case and who meet a secondary "technological nexus" test in their individual role. For example, Apple has refused to produce transcripts from prior depositions of a 30(b)(6) representative who "testifies for Apple solely on financial issues" and therefore "has no technological nexus to this lawsuit."[19] With respect to the 796 ITC Investigation, Samsung points out the myriad ways in which the parallel investigation meets the technological nexus standard, and in fact has produced testimony by Apple designers that directly supports Samsung's defense in this case and even threatens to invalidate certain design patents-in-issue here. According to Samsung, Apple has produced  limited transcripts from four other actions, even though Samsung provided Apple with a narrowed list of nine actions that it believes, at a minimum, fall within the scope of the December 22 Order.[20]

Apple responds that it has produced all transcripts it believes to be responsive to the December 22 Order. After Samsung produced its narrowed list of cases bearing an alleged

---

[18] *Id.* at 5, n.6.

[19] *See* Docket No. 825-1 ¶ 12 (Sabri Decl.).

[20] *See* Docket No. 782-12 (Hutnyan Decl., Ex. 12).

Case No.: 11-1846 LHK (PSG)
ORDER

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

technological nexus, Apple reviewed its production and supplemented with a few transcripts from depositions that occurred after January 15, 2012, as well as with a single transcript that it had overlooked inadvertently.[21] Notwithstanding the broad language in RFP No. 75, Apple argues that through the course of negotiations leading up to the Samsung's motion to compel and the December 22 Order, Samsung agreed to narrow its request to transcripts that would allow it to assess the credibility of Apple's witnesses in this case.[22] Apple argues that this rationale also formed the basis for Samsung's arguments to the court in the motion to compel.[23]

Regarding transcripts from the 796 ITC Investigation, Apple contends that there is nothing for it to "produce" because Samsung is a party and already has the materials. Re-designating the deposition transcripts for this proceeding would run contrary to the protective order in this case and would render meaningless the district judge's order limiting the number of hours of deposition time allowed. According to Apple, counsel in the 796 ITC Investigation has had to repeatedly object to Samsung's use of the ITC forum – which has no limit on the overall amount of deposition hours or the length of an individual deposition – to question Apple witnesses regarding matters relevant only to this case.

The December 22 Order drew the line at cases having a "technological nexus" to this suit in order to manage the reasonable production of relevant and discoverable deposition transcripts from other actions. It did not limit Apple's obligation to produce transcripts to witnesses set to testify in this case or to witnesses testifying on technical matters. Apple must produce all relevant deposition transcripts based on the standard that it itself proffered. This includes, but is not limited to, the eight cases that Samsung has identified and justified as having an undisputed technological nexus to this action. In addition, Apple must produce the deposition transcripts from the 796 ITC Investigation. Nothing in the parties' protective order proscribes Samsung's request for production

---

[21] *See* Docket No. 825-1 ¶¶ 9-11.

[22] *See* Docket No. 825-2 (Sabri Decl., Ex. 1).

[23] *See* Docket No. 487 at 20-21 (Samsung's Mot. To Compel Apple to Produce Documents and Things) (citing *Inventio AG v. Thyssenkrup Elevator Am. Corp.*, 662 F. Supp. 2d 375, 384 (D. Del. 2009) (allowing discovery of inventor depositions in a related case, but denying discovery of other transcripts for individuals who, amongst other reasons, would note testify in the pending case)).

9

United States District Court
For the Northern District of California

of the deposition transcripts.[24] Nor does the production of these deposition transcripts after the fact create an end-run around the 250-hour limit on depositions in this case.[25] If this were the case, the production of deposition transcripts – or for that matter any form of discovery response – from other related actions from which Apple readily agreed to produce transcripts similarly would threaten the limits imposed by the court and the federal rules on discovery in the instant action.

For these reasons, the court GRANTS Samsung's motion to enforce the December 22 Order as to all deposition transcripts of Apple employees, testifying in their employee capacity, from actions bearing a technological nexus to this case.[26] Apple shall produce the transcripts on a rolling basis and shall complete its production by April 27, 2012. In order to mitigate the prejudice to Samsung caused by Apple's failure to produce all responsive deposition transcripts in a timely manner, Samsung may take up to five additional depositions, for a total time not to exceed ten hours. The ten-hour allowance shall not count against the 250-hour limit in this case. Samsung must complete any deposition to be taken as a result of this order by May 10, 2012.[27]

---

[24] Under the terms of the protective order, the automatic cross-use provision that applies to document production does not extend to disposition materials; but a party may seek the production of such materials "through service of formal discovery requests in this action." *See* Docket No. 687 ¶ 22.

[25] Apple's argument regarding circumvention of the 250-hour time limit due to Samsung's alleged abuse of the ITC deposition discovery process would have had more punch early in the discovery process. At this late stage, the court considers first and foremost whether material from the related proceeding may be useful to the jury and the trial court. The court also notes that in the recently filed suit against Samsung, Case No. 12-CV-00630, Apple has stipulated to a broader cross-use agreement for material produced in the 796 ITC Investigation that includes deposition transcripts. *See* Docket No. 839-3 (Hutnyan Supp. Decl., Ex. B). Apple's allegations that Samsung is manipulating the deposition process in the ITC proceeding – even if substantiated – do not appear to have interfered with an agreement to deem those depositions produced in the newly filed action.

[26] Because Apple must produce the deposition transcripts from the 796 ITC Investigation, the court DENIES Samsung's request for an order placing those materials submitted by Samsung to the court for *in-camera* review in the record. *See* Docket No. 854 (Samsung's Notice of In Camera Submission).

[27] The court is aware that expert discovery in this case closes on April 27, 2012. The production and additional depositions subject to this order shall not serve as a basis for changing any of the deadlines set by Judge Koh.

10

Case No.: 11-1846 LHK (PSG)
ORDER

**2.    Other Material from Cases and Proceedings Satisfying the Technological Nexus Standard**

Samsung also moves to compel the production of other materials from proceedings that satisfy the technological nexus standard. These include deposition transcripts from witnesses other than Apple employees, such as patent prosecution attorneys, Apple adversaries, third parties, and experts, as well as declarations and affidavits, expert reports, hearing transcripts, court rulings, and pleadings, including *Markman* filings. As with Apple's employee deposition transcripts, Samsung argues that the relevance of these materials is not in dispute. Apple in fact has agreed to produce some of these documents, but has delayed due to the parties' disagreement over the handling of confidential business information ("CBI") of third parties that may be present in certain documents.

Apple verifies that it has agreed to produce court documents, including *Markman* filings, from litigation involving the patents-in-suit, but argues that Samsung has failed to obtain the necessary third-party consent, instead providing Apple with complicated guidelines for the redacted production of the material which implicates third-party confidentiality interests. As to "other materials" from proceedings that bear a technological nexus to this action, Apple argues that Samsung's request constitutes an overbroad and untimely attempt at a fishing expedition for documents bearing no relationship to this case.

Samsung's request for "other materials" falls squarely within the scope of its RFP No. 75. RFP No. 75 also formed the basis of Samsung's December motion to compel regarding the deposition transcripts,[28] rendering Apple's distinction between materials from litigation involving the patents-in-suit and those bearing a "technological nexus" a distinction without a difference. Materials from other actions that meet the technological nexus standard are relevant, and in the case of court documents, the relevance is substantial enough to justify the burden to Apple of producing them.

For those documents that implicate third-party CBI, the parties have carried forward a process referenced in an earlier court order by which Samsung tried to obtain the appropriate third-

---

[28] *See* Docket No. 487 at 20.

Case No.: 11-1846 LHK (PSG)
ORDER

United States District Court
For the Northern District of California

1  party consent.[29] The court's earlier order provided that, should Samsung be unsuccessful, it may

2  request the court's assistance in securing the sought-after documents.[30] With respect to the

3  materials requested in this motion, Samsung represents that it has secured consent from four of the

4  five third-parties whose materials may be disclosed.[31] To the extent that Samsung obtained only

5  qualified consent from certain parties, Apple points to the burden of making determinations

6  regarding the confidential nature of third-party material and redacting that material before

7  producing it as a basis for withholding the documents.

8          The court previously ruled on a similar dilemma in a January 27, 2012 order. In that

9  instance, Apple relied on the objections of third-party Intel Corporation ("Intel") to withhold

10  production of baseband processor code that Intel supplied to Apple. Intel represented to the court

11  its preference to produce the code directly to Samsung under the terms of a separate protective

12  order. The court found that Intel had not demonstrated how a separate protective order would result

13  in more secure protections and ordered the production by Apple.[32] As in the scenario with Intel, the

14  court sees no reason that the protective order in this case is inadequate to protect third-party

15  confidentiality interests. Apple therefore shall produce the unredacted court documents, marked as

16  "Highly Confidential – Attorneys' Eyes Only," from the eight cases that Samsung has identified

17  bear a technological nexus to this case. As above, Apple shall produce the court documents on a

18  rolling basis and shall complete its production by April 27, 2012.

19                                    **III. CONCLUSION**

20          In accordance with the foregoing and subject to the limitations outlined above, the court

21  GRANTS-IN-PART Samsung's motion to compel production of documents relating to Apple's

22  efforts to obtain design patents related to the patents-in-suit, and further GRANTS-IN-PART

23  _____

24  [29] *See* Docket No. 536 at 2 n.1.

25  [30] *See id.*

26  [31] Docket No. 782-3 ¶¶ 21-22 (Hutnyan Decl.). At oral argument, Samsung's counsel confirmed that in addition to the third-parties referenced in the declaration, it has secured consent from one additional company.

27

28  [32] *See* Docket No. 673 at 16-17 (Order Re Discovery Motions).

12

Case No.: 11-1846 LHK (PSG)
ORDER

Samsung's motion to compel production of materials from related proceedings and to enforce the December 22 Order.

**IT IS SO ORDERED.**

Dated: 4/12/2012

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.: 11-1846 LHK (PSG)
ORDER

# EXHIBIT 4

1

2

3

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

4  APPLE INC., a California corporation,

5          Plaintiffs,

6     vs.

7  SAMSUNG ELECTRONICS CO., LTD., a
   Korean business entity, SAMSUNG
8  ELECTRONICS AMERICA, INC., a New
   York corporation, and SAMSUNG
9  TELECOMMUNICATIONS AMERICA,
   LLC, a Delaware limited liability company,

10          Defendants.

11

12

13  SAMSUNG ELECTRONICS CO., LTD., a
    Korean business entity, SAMSUNG
14  ELECTRONICS AMERICA, INC., a New
    York corporation, and SAMSUNG
15  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company, a
16  California corporation,

17          Counterclaim-Plaintiff,

18     v.

19  APPLE INC., a California corporation,

20          Counterclaim-Defendants.

21

Civil Action No. 11-CV-01846-LHK

**AGREED UPON PROTECTIVE ORDER
REGARDING DISCLOSURE AND USE
OF DISCOVERY MATERIALS**

22

23

24

25

26

27

28

02198.51855/4543875.1

# AGREED UPON PROTECTIVE ORDER
## REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

Plaintiff and counterclaim-defendant Apple Inc. ("Apple") and defendants and counterclaim-plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") (collectively referred to herein as the "Parties") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1. **PURPOSES AND LIMITATIONS**

(a)     Unless otherwise agreed by the parties, Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

## 2. __DEFINITIONS__

(a)    "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)    "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party, (ii) partners and associates of such counsel to whom it is reasonably necessary to disclose the information for this litigation, and their paralegals and support staff, and (iii) outside, independent attorneys contracted to provide legal advice to a Party in connection with this action.

(c)    "Patents-in-suit" means U.S. Patents Nos. 7,812,828; 6,493,002; 7,469,381; 7,844,915; 7,853,891; 7,663,607; 7,864,163; 7,920,129; D627,790; D617,334; D604,305; D593,087; D618,677; D622,270; D504,889; 6,928,604; 7,050,410; 7,069,055; 7,079,871; 7,200,792; 7,362,867; 7,386,001; 7,447,516; 7,456,893; 7,577,460; 7,675,941; and 7,698,711 and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(d)    "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e)    "Producing Party" means any Party or non-party entity that discloses or produces any Discovery Material in this case.

(f)    "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or

"HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order.

(g)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)     "Source Code" means confidential and proprietary computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any application-specific integrated circuit (ASIC) or other chip.

3.     **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

4.     **SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Discovery Material to an individual who prepared the Discovery Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.     **DURATION**

Even after the termination of this case, and unless otherwise indicated in this Order, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or an order from this Court otherwise directs.

6.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     <u>Basic Principles</u>.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function, except as expressly provided herein.  Protected Material shall not voluntarily be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)     <u>Patent Prosecution Bar</u>.  Absent the written consent of the Producing Party, anyone who receives one or more items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall not be involved, directly or indirectly, in any of the following activities: advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications (whether for design or utility patents), specifications, claims,

- 5 -

and/or responses to office actions, or otherwise affecting the disclosure in patent applications or specifications or the scope of claims in patents or patent applications relating to the subject matter of the patents-in-suit before any foreign or domestic agency, including the United States Patent and Trademark Office. These prohibitions are not intended to and shall not preclude (i) participating in or advising on any reexamination or reissue proceeding by ~~Defendants'~~ Samsung's Outside Counsel with respect to any patents in which ~~Plaintiff~~ Apple has any interest, or participating in or advising on any reexamination or reissue proceeding (except for participating in or advising on, directly or indirectly, claim drafting or amending claims) by ~~Plaintiff's~~ Apple's Outside Counsel with respect to any patents in which ~~Plaintiff~~ Apple has any interest; and (ii) participating in or advising on any reexamination or reissue proceeding by ~~Plaintiff~~ Apple's Outside Counsel with respect to any patents in which ~~Defendants have~~ Samsung has any interest, or participating in or advising on any reexamination or reissue proceeding (except for participating in or advising on, directly or indirectly, claim drafting or amending claims) by ~~Defendants'~~ Samsung's Outside Counsel with respect to any patents in which ~~Defendants~~ Samsung ~~have~~ has any interest.

(c) The prohibitions in Paragraph 6(b) shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

(d) <u>Secure Storage</u>. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(e) <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Materials themselves, the content of those Protected Materials, or the fact of those particular Protected Materials' existence except as provided in this Order.

(f) <u>Limitations</u>. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to Order of the Court. Notwithstanding the foregoing, a Producing Party may not disclose its own Protected Material to the extent such Protected Material is also the Protected Material of any other party (e.g., settlement discussions and agreements containing confidentiality obligations), without the prior written consent of such other party, unless compelled to do so by a Court of competent jurisdiction.

7. **DESIGNATING PROTECTED MATERIAL**

(a) <u>Available Designations</u>. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

    (b) <u>Written Discovery and Documents and Tangible Things</u>. Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "<u>HIGHLY</u> CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

    <u>(c)</u> <u>Depositions and Testimony</u>. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony are designated within twenty one (21) days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "<u>HIGHLY</u> CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. Any Party that wishes to disclose the transcript that has been deemed "<u>HIGHLY</u> CONFIDENTIAL – ATTORNEYS' EYES ONLY" as a result of no designation having been made on the record at the time the testimony was given, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Any

02198.51855/4543875.1

Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

## 8.  DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"

(a)  A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects information that qualifies for protection under Federal Rule of Civil Procedure 26(c).

(b)  Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)  The Receiving Party's Outside Counsel;

(ii)      Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)      Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) such expert or consultant is not a current officer, director, or employee of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party;

(iv)      Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)      The Court, jury, and court personnel;

(vi)      Document processing and hosting vendors, and graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)      Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)      Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(i)(ix)      Any other person with the prior written consent of the Producing Party or by Order of this Court.

AGREED UPON PROTECTIVE ORDER
REGARDING DISCLOSURE AND
USE OF DISCOVERY MATERIALS

**8.9.   DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL –
ATTORNEYS' EYES ONLY"**

(a)     A Producing Party may designate Discovery Material as "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects sensitive business
information that is ~~confidential and/or, proprietary,~~ trade secret, and/or commercially
sensitive, where substantial harm from disclosure cannot otherwise be avoided.  The Parties
agree that at least the following information, if non-public, shall be presumed to merit the
"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:   trade secrets,
pricing information, financial data, sales information, sales or marketing forecasts or plans,
business plans, sales or marketing strategy, cost information, licensing of the Producing Party's
intellectual property, product development information, engineering documents, testing
documents, employee information, and other non-public information of similar competitive and
business sensitivity.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as
"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)     The Receiving Party's Outside Counsel, except that unless
otherwise agreed no Outside Counsel who is involved in competitive decision-making[1], as
defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), shall have
access to Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY";

---

[1]     For the absence of doubt, for the purposes of this Protective Order, "competitive
decision-making" shall not include duties traditionally performed by outside counsel with respect
to advising the Parties regarding this or other litigation.

02198.51855/4543875.1

(ii)     Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party with respect to the subject matter of the patents-in-suit, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party with respect to the subject matter of the patents-in-suit; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party with respect to the subject matter of the patents-in-suit; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph ~~11~~ 12 below;

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)     The Court, jury, and court personnel;

(vi)    Document processing and hosting vendors, and graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(viii)   Any other person with the prior written consent of the Producing Party or by order of this Court.

## 9. 10.   DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"

(a)   To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)   Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)   Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 10 11 below, solely to:

(i)   The Receiving Party's Outside Counsel, except that unless otherwise agreed no Outside Counsel who is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), shall have access to Discovery Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE";

Case 5:11-cv-01846-LHK Document 887-4 Filed 01/30/2012 Page 14 of 38

(ii)     Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party with respect to the subject matter of the patents-in-suit, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party with respect to the subject matter of the patents-in-suit; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party with respect to the subject matter of the patents-in-suit; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph ~~11~~ 12 below;

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)     The Court, jury, and court personnel;

(vi)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vii)   Any other person with the prior written consent of the Producing Party or by order of this Court.

02198.51855/4543875.1

AGREED UPON PROTECTIVE ORDER
REGARDING DISCLOSURE AND
USE OF DISCOVERY MATERIALS

## ~~10.~~11.  **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)     The following provisions apply to the production of Source Code that is designated "[PRODUCING PARTY'S]HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY — SOURCE CODE," unless otherwise agreed by the Producing Party:

(b)     All Source Code shall be made available by the Producing Party to the Receiving Party in a secure room, on at least two secured, stand-alone computers (running a reasonably current operating system) per software platform produced, without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (hereinafter "Confidential Source Code Computer").  If it should be necessary, the Confidential Source Code Computer may be configured by the Producing Party to run other mutually agreed upon operating systems.  Except as otherwise authorized by the Producing Party, no more than a total of 25 individuals identified by the Receiving Party shall have access to the secure room in which the Producing Party produces its Source Code.

(c)     The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving

02198.51855/4543875.1

Party to perform its review of the Source Code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least fourteen (14) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Confidential Source Code Computer. Specific tools may include but are not limited to:  Visual Slick Edit, Source-Navigator, PowerGrep, and ExamDiff Pro, or other similar programs.  The Receiving Party shall not at any time use any compilers, interpreters or simulators in connection with the Producing Party's Source Code.

(d)     The Producing Party shall make the Source Code available electronically and in text searchable form in a secure room at the offices of the Producing Party's outside counsel as defined in paragraph 2(b) or any other location mutually agreed by the parties.

(e)     In order to verify that its Source Code has not later been altered, the Producing Party may benchmark the materials before and after they are provided but shall not install any keystroke or other monitoring software on the Confidential Source Code Computer.

(f)     The Confidential Source Code Computer shall be made available from 9:00 a.m. to 7:00 p.m. local time, Monday through Friday (excluding holidays), and other days and/or times, including weekends, upon reasonable request at least until the close of expert discovery in this action.  Access on weekends or after hours shall be permitted only on three days' advance written notice.

(g)     Prior to the first inspection of any requested piece of Source Code, the requesting party shall provide fourteen (14) days notice of the Source Code that it wishes to inspect.  The requesting party shall provide two (2) days notice prior to any additional inspections of the same Source Code, although the parties will be reasonable in accommodating

02198.51855/4543875.1

requests of less than two (2) days.  The Receiving Party shall identify any individual who will be given access to the Source Code at least ten (10) days prior to the first time any such individual is given access to the Source Code, and, during that 10-day period, the Producing Party may object to providing access to any persons so identified. The Receiving Party shall provide two (2) days notice any time each such individual is given access to the Source Code after the first time, although the parties will be reasonable in accommodating notice of less than two (2) days.  If an objection to an individual is made by the Producing Party, it will be the burden of the Producing Party to prove that the individual should not be authorized to inspect the Producing Party's Source Code.

(h) Proper identification of all authorized persons shall be provided prior to any access to the secure room or to the Confidential Source Code Computer.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship.  Access to the secure room or the Confidential Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

(i) The Confidential Source Code Computer shall be equipped with a printer with commercially reasonable printing speeds to print copies of the Source Code on watermarked pre-Bates numbered paper, which shall be provided by the Producing Party.  The Receiving Party may print limited portions of the Source Code only when reasonably necessary to facilitate the Receiving Party's preparation of court filings, expert reports, and trial exhibits, and shall print only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose.  The Receiving Party shall not print Source Code in order

02198.51855/4543875.1

to review blocks of Source Code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that Source Code electronically on the Confidential Source Code Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere. If the Producing Party objects that the printed portions are excessive and/or not done for a permitted purpose, the Producing Party shall make such objection known to the Receiving Party within five (5) days. Printed portions which exceed 50 continuous pages or 10% or more of a specific software release shall be presumed excessive and not done for a permitted purpose. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek the Court's resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose. The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. Except as otherwise authorized by the Producing Party, no more than a total of 40 individuals identified by the Receiving Party shall have access to the printed portions of Source Code (except insofar as such code appears in any filing with the Court or expert report in this case).

(j)       The printed Source Code shall be labeled with "[PRODUCING PARTY'S NAME] HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY — SOURCE CODE." Outside counsel for the Producing Party will keep the originals of these printed documents, and copies shall be made for outside counsel for the Receiving Party on watermarked paper within 48 hours. It is the responsibility of the Producing Party to ensure delivery of the printed documents to outside counsel for the Receiving Party within 48 hours. The Receiving Party's outside counsel may make no more than ten (10) additional paper copies

AGREED UPON PROTECTIVE ORDER
REGARDING DISCLOSURE AND
USE OF DISCOVERY MATERIALS

of any portions of the Source Code received from a Producing Party, not including copies

attached to court filings or used at depositions.

(k)     In addition to other reasonable steps to maintain the security and

confidentiality of the Producing Party's Source Code, printed copies of the Source Code

maintained by the Receiving Party must be kept in a locked storage container when not in use.

No electronic copies of the Source Code shall be provided by the Producing Party beyond the

Confidential Source Code Computer.

(l)     Except as provided herein, absent express written permission from the

Producing Party, the Receiving Party may not create electronic images, or any other images, or

make electronic copies, of the Source Code from any paper copy of Source Code for use in any

manner (including, by way of example only, the Receiving Party may not scan the Source Code

to a PDF or photograph the code).  Images or copies of Source Code shall not be included in

correspondence between the parties (references to production numbers shall be used instead),

and shall be omitted from pleadings and other papers whenever possible.  If a party reasonably

believes that it needs to submit a portion of Source Code as part of a filing with the Court, the

parties shall meet and confer as to how to make such a filing while protecting the confidentiality

of the Source Code and such filing will not be made absent agreement from the supplier that the

confidentiality protections will be adequate.  If a Producing Party agrees to produce an electronic

copy of all or any portion of its Source Code or to provide written permission to the Receiving

Party to produce an electronic or any other copy of Source Code for purposes of a court filing,

the Receiving Party's communication and/or disclosure of electronic files or other materials

containing any portion of Source Code (paper or electronic) shall at all times be limited solely to

individuals who are expressly authorized to view Source Code under the provisions of this

02198.51855/4543875.1

Order, and all such individuals must be identified, in accordance with paragraph 1<u>10</u>(q), on the Confidential Source Code Access Log as reviewers and/or recipients of paper copies. In the case where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the electronic copies shall be included on the log required by paragraph 1<u>10</u>(q); and any other information required by paragraph 11(q) shall be included on the log. Additionally, any such electronic copies must be labeled "[PRODUCING PARTY'S NAME] <u>HIGHLY</u> CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY — SOURCE CODE" as provided for in this Order.

(m) For depositions, the Receiving Party shall not bring copies of any printed Source Code. Rather, at least five (5) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party. Copies of Source Code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall be returned to the Producing Party and securely destroyed in a timely manner following the deposition.

(n) Other than the Confidential Source Code Computer and printer provided by the Producing Party, no electronic devices, including but not limited to laptops, floppy drives, zip drives or other hardware, shall be permitted in the secure room. Nor shall any cellular telephones, personal digital assistants, Blackberries, cameras, voice recorders, Dictaphones, telephone jacks, or other devices be permitted inside the secure room. No non-electronic devices capable of similar functionality shall be permitted in the secure room. The Receiving Party shall

02198.51855/4543875.1

be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Confidential Source Code Computer itself or any other computer. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

(o)     Other than as provided in paragraph 11~~10~~(n), the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Confidential Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of the Producing Party's outside counsel.

(p)     Unless otherwise agreed in advance by the parties in writing, following each day on which inspection of Source Code is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the secure room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

02198.51855/4543875.1

AGREED UPON PROTECTIVE ORDER
REGARDING DISCLOSURE AND
USE OF DISCOVERY MATERIALS

(q)     The Receiving Party shall maintain a Confidential Source Code Access Log identifying each hard copy (or electronic copy as permitted by paragraph 11(l)) of Source Code that it has in its possession and, for each and every time the hard copy (or electronic copy as permitted by paragraph 10 11(l)) of the Source Code is viewed, the following additional information: (i) the name of each person who viewed the Source Code; and (ii) whether any portion of the Source Code was copied and, if so, what portion was copied.  The Producing Party shall be entitled to a copy of the log upon one (1) day's advance notice to the Receiving Party. Within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in the above-captioned action, the Receiving Party must serve upon the Producing Party the Confidential Source Code Access Log.  Additionally, within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in the action, all persons to whom the paper copies of the Source Code were provided must certify in writing that all copies of the Source Code were returned to Counsel of Record for the Producing Party and that they will make no use of the Source Code or of any knowledge gained from the Source Code in any future endeavor.

(r)     Nothing herein shall be deemed a waiver of a party's right to object to the production of Source Code.  Absent a subsequent and specific court or agency order, nothing herein shall obligate a party to breach any non-party license agreement relating to such Source Code.

(s)     The parties further acknowledge that some or all of the Source Code may be owned by non-parties and not in a party's possession, custody, or control.  Nothing herein shall be deemed a waiver of any non-party's right to object to the production of Source Code or object to the manner of any such production.

02198.51855/4543875.1

(t)     Any consultant or expert retained on behalf of a Receiving Party who is to be given access to a Producing Party's Source Code — whether in electronic form or otherwise — must agree in writing not to use the accessed code to write source code directly intended for commercial purposes relating to the technology at issue in this action for a period of six (6) months after the issuance of a final, non-appealable decision resolving all issues in the action.  This shall not preclude such consultants and experts from any academic work or consulting in future litigation, so long as such consulting does not involve writing source code directly intended for commercial purposes relating to the technology at issue in this action.

## 11.12.  **NOTICE OF DISCLOSURE**

(a)     Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(iii), or 9(be)(iii) or 10(c)(iii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's past or current employment or consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person, within the last five (5) years; (iv) an up-to-date curriculum vitae of the Person; and (v) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.  Said written notice shall include an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of mobile phones and tablet computers, or relating to the acquisition of intellectual property assets relating to mobile phones and tablet computers.  The Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate

02198.51855/4543875.1

AGREED UPON PROTECTIVE ORDER
REGARDING DISCLOSURE AND
USE OF DISCOVERY MATERIALS

whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant. During the pendency of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of mobile phones and tablet computers, or the acquisition of intellectual property assets relating to mobile phones and tablet computers.

(b)     Within seven (7) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to disclosure to the Person for good cause. In the absence of an objection at the end of the seven (7) day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this seven (7) day period. If the Producing Party objects to disclosure to the Person within such seven (7) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Paragraph 12 shall not preclude the non-objecting Party from later objecting to continued access to Protected Material by that Person based on new facts or circumstances for good cause shown.  In this event, a Party must make a written objection to the other Party concerning the continued access of Protected Material by that Person, and the Parties must meet and confer in good faith concerning such objection.  To the extent that the objection is unable to be resolved, the later-objecting Party must present its objection to the Court for resolution within no later than five (5) days of making such objection.  Notwithstanding such objection, the designated Person may continue to have access to Protected Material until judicial resolution of the objection.

### ~~12.~~13.  CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any

02198.51855/4543875.1

other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii)     Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## 13.14.  **SUBPOENAS OR COURT ORDERS**

(a)     If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

### 14. 15. **FILING PROTECTED MATERIAL**

(a)     Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material.

(b)     Any Receiving Party is authorized under Local Rule 79-5 to request the filing under seal with the Court of any brief, document or materials that are designated as Protected Material under this Order.  Nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

### 15. 16. **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a notice and request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a notice and request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return within five (5) days of such notice and request such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)     Within five (5) days of the Producing Party's notice and request for the return and/or destruction of privileged Discovery Material, the Producing Party shall provide a

privilege log with entries for the inadvertently produced document(s). The Producing Party shall maintain the referenced document(s) until the Parties resolve any dispute concerning the privileged nature of such documents or the Court rules on any motion to compel production of such documents. If a dispute arises concerning the privileged nature of the document(s) demanded or returned, the Parties shall meet and confer in good faith in an effort to resolve the dispute. If the Parties are unable to resolve the dispute, the Receiving Party may file a motion to compel the production of such document(s). In the event of such a motion to compel, the Producing Party shall have the burden to demonstrate the claimed privilege, work product immunity or other immunity. However, in no case will the return of any demanded document be delayed or refused by reason of a party's objection to the demand or by the filing of a motion to compel, nor may a party assert the fact of the inadvertent production as a ground for any such motion. The Parties further agree that the Receiving Party will not use or refer to any information contained within the document(s) at issue, including in deposition or at trial or in any Court filing, unless and until such a motion to compel production of that document is granted by a Court, except as such information may appear in any applicable privilege log.

### ~~16.~~17. **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving

02198.51855/4543875.1

the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives the notice described in Paragraph ~~16~~17(a), unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 1~~7~~6(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Protected Material produced without the designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" may be so designated subsequent to production when the Producing Party failed to make such designation at the time of production through inadvertence or error.  If Discovery Material is designated subsequent to production, the Receiving Party promptly shall collect any copies that have been provided to individuals so that they can be re-labeled with the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" designation.  Notwithstanding the above, such subsequent designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –

02198.51855/4543875.1

SOURCE CODE" materials only while the materials were not marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

### 17.18.  INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

(a)    In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)    Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

### 18.19.  FINAL DISPOSITION

(a)    Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)     All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return or destroy any pleadings, correspondence, and consultant work product that contain Source Code.

## 19.20.   DISCOVERY FROM EXPERTS OR CONSULTANTS

(a)     The Parties will not seek drafts of expert reports, declarations, affidavits, or notes taken by experts retained to testify in this litigation, whether those reports, declarations, affidavits, or notes relate to this litigation, to any prior litigation, or to any currently pending investigation, litigation or proceeding involving any –of the Parties. The Parties will not seek documents relating to communications between such experts and counsel, including email communications, whether generated in connection with this litigation, a prior litigation, or any currently pending investigation, litigation or proceeding involving any of the Parties, except for documents, information and things included in or attached to such communications that are directly relied upon by the expert in his or her expert report, declaration, affidavit, or testimony.

(b)     Except where a draft was produced as the only available copy, the Parties will not inquire at deposition or trial as to the contents of drafts of expert reports, declarations or affidavits, nor notes pertaining thereto, whether drafted in connection with this litigation, a prior litigation, or any currently pending investigation, litigation or proceeding involving any of the Parties, and the Parties will not inquire at deposition or at trial as to the expert's communications, written or oral, with counsel, whether generated in connection with this litigation, a prior litigation, or any currently pending investigation, litigation or proceeding involving any of the

02198.51855/4543875.1

Parties, except to the extent that the expert explicitly references or cites information from counsel in his or her expert report, declaration, affidavit, or testimony.

      (c)      Furthermore, nothing in Paragraph ~~19~~20(a)-(b) is intended to restrict the Parties' ability to inquire into the basis of any of the opinions expressed by any expert in his or her report, declaration, or affidavit, including the manner by which such opinions were reached, and information considered in reaching such opinions.

      (d)      Materials, communications, and other information exempt from discovery under the foregoing Paragraph ~~19~~20(a)-(b) shall be treated as attorney-work product for the purposes of this litigation and Order.

### ~~20.~~21. **ELECTRONIC DISCOVERY**

      (a)      The Parties agree that no voicemail, instant messages, text messages, or materials that may be archived and/or retained in tape, floppy disc, optical disc or similar media for backup or disaster recovery shall be searched for or produced unless good cause for the production can be shown, and further subject to the Producing Party's claim of undue burden or cost. The Parties shall meet and confer as to good cause on this issue.

      (b)      Materials retained in tape, floppy disk, optical disk or similar formats primarily for back-up or disaster recovery purposes should be considered not reasonably accessible under Rule 26(b)(2) of the Federal Rules of Civil Procedure and, accordingly, should not be subject to production unless specific facts demonstrate a particular need for such evidence that justifies the burden of retrieval. Archives stored on computer servers, external hard drives, notebooks, or personal computer hard drives that are created for disaster recovery purposes and not used as reference materials in the ordinary course of a party's business operations need not be searched or produced absent good cause, and further subject to the Producing Party's claim of

02198.51855/4543875.1

undue burden or cost. Neither party need deviate from the practices it normally exercises with regard to preservation of such "tape, floppy disk, optical disk or similar formats primarily for back-up or disaster recovery purposes" that it does not otherwise exercise when not in anticipation of litigation (*e.g.*, recycling of backup tapes is permitted).

### ~~21.~~22. **CROSS-REFERENCE AND USE OF DISCOVERY MATERIALS**

Documents that have been or are produced (with appropriate Bates numbers) in the below-referenced pending United States proceedings involving Apple and Samsung are deemed produced in the above-captioned action, and neither party shall be deemed to have violated a protective order in the below listed matters by using such documents in the above-captioned action: *In the Matter of Certain Electronic Devices, Including Wireless Communication Devices, Portable Music and Data Processing Devices, and Tablet Computers*, USITC Inv. No. 337-TA-794, and *In the Matter of Certain Electronic Digital Media Devices and Components Thereof*, USITC Inv. No. 337-TA-796. Any document produced by a Party in the one of the aforementioned proceedings shall be used and treated with the same level of confidentiality for purposes of this action (e.g., a document designated by a Party as "Confidential Business Information" shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in this action) as an initial matter, but may be re-designated pursuant to Paragraph 13 of this Order. This paragraph shall not extend to cross-use of confidential materials produced by third parties in such matters. This cross-use provision also does not apply to other forms of discovery, including, without limitation, deposition transcripts and videos, deposition exhibits, expert reports and responses to interrogatories or requests for admission. Nothing in this paragraph, however, prohibits a party from seeking such other forms of discovery through service of formal discovery requests in this action. Any costs incurred in

02198.51855/4543875.1

the above-referenced ITC matters shall be excluded from a computation of taxable costs under Fed. R. Civ. P. 54 and N.D. Cal. Civ. L.R. 54.

## 22.23. **MISCELLANEOUS**

(a)   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)   <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter.  The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)   <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e) <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f) <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

(g) <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or the Court's own orders.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or the Court's own orders.

(h) <u>Supersession of Any Protective Orders</u>.  Except as otherwise set forth in this paragraph, this Protective Order supersedes any protective orders referenced by the Parties as applying to material disclosed before the entry of this Protective Order.  Any discovery material disclosed by any Party before the entry of this Protective Order shall retain whatever confidentiality designation it originally bore.  Such Protected Material that was designated as

AGREED UPON PROTECTIVE ORDER
REGARDING DISCLOSURE AND
USE OF DISCOVERY MATERIALS

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" pursuant to this Court's Patent L.R. 2-2 Model Interim Protective Order, or by the Stipulated Modification to Patent L.R. 2-2 Model Interim Protective Order for Purposes of Expedited Discovery (D.N. 76), shall be treated as if they were designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY," and such Protected Material previously designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to either or both of those prior orders shall be treated as if they were designated "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE." In addition, any expert disclosed pursuant to Paragraph 7.4(a)(2) of the Interim Protective Order shall be deemed to have been disclosed pursuant to Paragraph 11 of this Protective Order.

02198.51855/4543875.1

AGREED UPON PROTECTIVE ORDER
REGARDING DISCLOSURE AND
USE OF DISCOVERY MATERIALS

**STIPULATED AND AGREED:**


Dated:  December 22, 2011                    Respectfully submitted,


     */s/ Mark D. Selwyn*                        */s/ Diane C. Hutnyan*
William F. Lee                               Charles K. Verhoeven
WILMER CUTLER PICKERING                      QUINN EMANUEL URQUHART
  HALE AND DORR LLP                       & SULLIVAN LLP
60 State Street                              50 California Street, 22nd Floor
Boston, Massachusetts  02109                 San Francisco, California  94111
Telephone:  (617) 526-6000                   Telephone:  (415) 875-6600
Facsimile:  (617) 526-5000

Mark D. Selwyn                               Victoria Maroulis
WILMER CUTLER PICKERING                      QUINN EMANUEL URQUHART
  HALE AND DORR LLP                       & SULLIVAN LLP
950 Page Mill Road                           555 Twin Dolphin Drive, 5th Floor
Palo Alto, California  94304                 Redwood Shores, California  94065
Telephone:  (650) 858-6000                   Telephone:  (650) 801-5066
Facsimile:  (650) 858-6100

Harold J. McElhinny                          Diane C. Hutnyan
Michael A. Jacobs                            QUINN EMANUEL URQUHART
Richard S.J. Hung                              & SULLIVAN LLP
MORRISON & FOERSTER LLP                       865 S. Figueroa St., 10th Floor
425 Market Street                            Los Angeles, California  90017
San Francisco, California  94105             Telephone:  (213) 443-3000
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522                   *Counsel for Samsung Electronics Co., Ltd.,*
                                             *Samsung Electronics America, Inc., and*
*Counsel for Plaintiff and Counterclaim-*    *Samsung Telecommunications America, LLC*
*Defendant Apple Inc.*



**IT IS SO ORDERED.**


Date:  ___1/30/2012_____          _____

                                             UNITED STATES DISTRICT JUDGE
                                                     MAGISTRATE

## EXHIBIT A

     I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Apple Inc. v. Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC*, United States District Court, Northern District of California, San Jose Division, Civil Action No. 11-cv-01846-LHK.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

     Name of individual: _____

     Present occupation/job description: _____

_____

_____

     Name of Company or Firm: _____

     Address: _____

     Dated: _____

                          _____

                                   [Signature]