# EXHIBIT O

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482
U.S.A.

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

April 30, 2012

Writer's Direct Contact

415.268.6024
MMazza@mofo.com

*By Email* (dianehutnyan@quinnemanuel.com)

Diane Hutnyan
Quinn Emanuel
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re:    *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)

Dear Diane:

This letter responds to Brad Goldberg's email sent at 10:30 P.M. on April 27, 2012, which requested several items of information related to Apple's Administrative Motion for Clarification Regarding April 12 Order, filed April 26, 2012 ("Motion").

Apple has requested that its outside counsel in the eight other matters at issue review their files and identify all third parties whose consent would need to be obtained in order for all remaining documents to be released.  It is our understanding that all such third parties have been notified and their consent requested.  Authorizations from third parties are coming in on a rolling basis.  As that happens, counsel in the relevant other actions are sending us any documents that can be produced as a result.  Often, multiple other parties' CBI is implicated.

As you know, we have also requested authorization from the International Trade Commission to produce all CBI.

Mr. Goldberg asks about the more than twenty entities from whom Apple has requested consent.  Nearly all of the notice letters were attached to Apple's filing with the International Trade Commission last week, reflecting notice to Thomas L. Cronan III, Jefferson Han, Perceptive Pixel, Wi-Fi Alliance, Atmel, AT&T, Cetecom, Google, IBM, Synaptic, Marvell, Microsoft, New York University, Hewlett-Packard, Qualcomm, TED Conferences, Texas Instruments, Dominic Tolli, University of Delaware, and Deborah Coutant regarding the *Motorola* matters; and Elan regarding the *Elan* matters.  Additional copies are attached.

After Apple filed its papers with the ITC, counsel for Apple identified additional nonparty entities whose CBI was contained in ITC court documents, and sent additional notice letters, which are attached hereto.  The nonparties noticed in those letters were Cypress Semiconductors (regarding the HTC ITC matter) and Cirque, Alcatel-Lucent, Synaptics, and Red Nun (regarding the *Elan* matters).  In addition, counsel for Apple has sent the attached notice letters regarding the federal district court matters to Google (regarding the HTC Delaware matter) and Nokia (regarding the Nokia Delaware matter).

# MORRISON | FOERSTER

Diane Hutnyan
April 30, 2012
Page Two

We also attach hereto correspondence sent to Winston & Strawn, your co-counsel for Motorola.  As you will see, we have been unable to secure Motorola's consent to produce because Motorola has refused to allow Apple's counsel of record in this case, WilmerHale, to have access to its confidential information.

Mr. Goldberg's email also references a statement in Apple's Motion that a third party has given consent for the production of materials related to a single hearing.  This was a reference to Atmel, which gave this consent to Samsung on December 21, 2011, in email correspondence to you in connection with Samsung's request for *Markman*-related information.  We have since learned that counsel for Apple in the *Motorola* matters just recently received broader authorization from Atmel, as attached hereto, but we are informed that this broader authorization does not allow Apple to produce any additional documents, as the documents to which it relates also have the confidential information of other parties who have not provided consent.

The responses Apple has received to its counsel's notice letters are attached.

We do not have an index of all the documents still affected by these CBI issues in these cases.  We cannot prepare one because we are not privileged to see the documents until consent to produce is obtained.

Finally, on a different aspect of the April 12 Order, we renew our request that you identify immediately any Apple witness you request to depose as a result of Apple's production of deposition transcripts from related cases.  We note that it is now ten days before Samsung's May 10 deadline for completing any such depositions and we still have not received a single name from you.  Apple informed you ten days ago that it had completed its production of deposition transcripts under the April 12 Order, and stated that we would need to receive the names of any deponents by April 25 in order to have time to fit depositions into the employees' schedules.  Your delay in identifying deponents—if you intend to seek additional depositions—risks making depositions before May 10 impossible, and Apple does not intend to make any employees available after that date.

Sincerely,

*/s/ Mia Mazza*

Mia Mazza

Encls.

cc:     S. Calvin Walden
        Peter Kolovos

sf-3139264

# Weil, Gotshal & Manges LLP

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3000 tel
+1 650 802 3100 fax

**Nathan Greenblatt**
+1 650 802 3251
nathan.greenblatt@weil.com

BY FEDEX

April 25, 2012

Sean DeBruine
Alston & Bird LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4004
Tel (650) 838-2121
Sean.DeBruine@alston.com

Re:  *Apple Inc. v. Samsung Electronics Co., Ltd.,* C 11-1846 LHK (PSG) (N.D. Cal.) ("Apple v.
Samsung district court litigation")
*Elan Microelectronics Corp. v. Apple Inc.,* C-09-01531-RS (PSG) (N.D. Cal.) ("Elan v. Apple
district court litigation")
*Certain Electronic Devices with Multi-Touch Enabled Touchpads and Touchscreens*:  ITC Inv. No
337-TA-714 ("Elan v. Apple ITC litigation")

Dear Mr. DeBruine:

Pursuant to Paragraph 14 of the Protective Order in the above-captioned Elan v. Apple district court
litigation, Apple hereby gives notice that it has been ordered to produce by April 27 all court documents
from the Elan v. Apple district court litigation to outside counsel for Samsung in the above-captioned
Apple v. Samsung district court litigation.  A copy of the April 12 Order compelling production is
attached.  The court documents being produced were retained by outside counsel for Apple for archival
purposes, and may contain Highly Confidential information produced by Elan Microelectronics
Corporation in connection with the Elan v. Apple district court litigation.  Please let us know, if
possible, by noon on April 27 if Elan Microelectronics Corporation intends to move for a protective
order to seek relief from the April 12 Order compelling production.  If Elan does not indicate that it
intends to move for a protective order by May 3, we will proceed with the production.

Pursuant to Paragraph 3 of the Protective Order in the above-captioned Elan v. Apple ITC litigation,
Apple hereby gives notice that it has been ordered to produce by April 27 all court documents from the
Elan v. Apple ITC litigation to outside counsel for Samsung in the above-captioned Apple v. Samsung
district court litigation.  A copy of the April 12 Order compelling production is attached.  The court
documents being produced were retained by outside counsel for Apple for archival purposes, and may
contain Confidential Business Information produced by Elan Microelectronics Corporation in
connection with the Elan v. Apple ITC litigation.  If Elan Microelectronics Corporation consents to

Sean DeBruine
Alston & Bird LLP
April 25, 2012
Page 2

**Weil, Gotshal & Manges LLP**

production of Confidential Business Information that appears in court documents in the Elan v. Apple
ITC litigation, please countersign and return this letter to me at your earliest convenience.

All documents will be produced as "Highly Confidential, Attorneys Eyes Only" information pursuant to
the Apple v. Samsung district court protective order, a copy of which is attached.

Sincerely,

*NGreenblatt*

Nathan Greenblatt

Enclosures

I, _____, hereby give written permission for any confidential documents or
business information submitted in *Certain Electronic Devices with Multi-Touch Enabled Touchpads and
Touchscreens*: ITC Inv. No 337-TA-714 to be produced as Highly Confidential, Attorneys Eyes Only in
compliance with the attached April 12 Order in the Apple v. Samsung district court litigation.

_____
ELAN MICROELECTRONICS CORPORATION

_____
TITLE

_____
DATE

# ALSTON&BIRD LLP

275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4004

650-838-2000
Fax:650-838-2001
www.alston.com

Sean P. DeBruine                    Direct Dial: 650-838-2121          E-mail: sean.debruine@alston.com

April 27, 2012

*VIA E-MAIL & U.S. MAIL*

Nathan Greenblatt, Esq.
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065

> Re:  ***Apple Inc. v. Samsung Electronics Co., Ltd.***
> United States District Court (N.D. Cal.), Case No.: 11-cv-1846 LHK
> (PSG)
> ***Elan Microelectronics Corp. v. Apple Inc.***
> United States District Court (N.D. Cal.), Case No.: 09-cv-15311846 RS
> (PSG)

Dear Nathan:

I understand that your letter dated April 25, 2012 was received in my office yesterday. I was out of the office, and only today am I able to review the letter and 75 pages of attachments. In your letter Apple purports to give Elan until <u>today</u> to determine whether or not it will consent to the production of its highly confidential technical and business information to Samsung in the above-referenced litigation. That demand is both unreasonable and in direct violation of the protective order in the Elan v. Apple matter. While your letter states that it is made "pursuant to paragraph 14" of that order, that paragraph required Apple to "immediately" give Elan notice that its confidential information was subject to a discovery request in another case. I gather from the materials included with your letter that Samsung's requests for this material were propounded in August and December of last year. While it is not stated, Samsung's motion to compel production of this material must have been filed no later than early March of this year. Most egregiously, the Order compelling Apple to produce this information issued a full two weeks ago. At none of these junctions did Apple provide Elan with the immediate notice mandated under the Elan v. Apple Protective Order. I also note that the ITC protective order <u>requires</u> Elan's permission to produce Elan CBI.

Elan will review the materials you provided and determine its response within a reasonable time. Please confirm that Apple will not compound its violation of the Elan v. Apple Protective Order, and violate the ITC protective order, by producing any of Elan's

---

Nathan Greenblatt, Esq.
April 27, 2012
Page 2

confidential information until Elan has determined whether to agree to or challenge this
proposed disclosure.

Best regards,

Sean P. DeBruine

SPD:wjm

LEGAL02/33274603v1

# Weil, Gotshal & Manges LLP

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3000 tel
+1 650 802 3100 fax

**Nathan Greenblatt**
+1 650 802 3251
nathan.greenblatt@weil.com

BY E-MAIL

April 27, 2012

Sean DeBruine
Alston & Bird LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4004
Tel (650) 838-2121
Sean.DeBruine@alston.com

Re:  *Apple Inc. v. Samsung Electronics Co., Ltd.,* C 11-1846 LHK (PSG) (N.D. Cal.) ("Apple v.
Samsung district court litigation")
*Elan Microelectronics Corp. v. Apple Inc.,* C-09-01531-RS (PSG) (N.D. Cal.) ("Elan v. Apple
district court litigation")
*Certain Electronic Devices with Multi-Touch Enabled Touchpads and Touchscreens:*  ITC Inv. No
337-TA-714 ("Elan v. Apple ITC litigation")

Dear Sean:

Thank you for your letter.  There appears to be a misunderstanding.  While you state that "Apple
purports to give Elan until today to determine whether or not it will consent," my original letter clearly
stated that "[i]f Elan does not indicate that it intends to move for a protective order by May 3, we will
proceed with the production."  To be sure I also requested the courtesy of a response, "if possible, by
noon on April 27" in view of the Court's Order, but was clear that Apple would not proceed with the
production absent a response on April 27.

In addition, we agree that the ITC protective order requires Elan's permission to produce Elan CBI,
which is why my original letter requested Elan's consent to the production of such information and
included a space for your countersignature.

We trust this resolves the concerns in your letter.  If not, please feel free to give me a call to discuss.  We
would appreciate your response as quickly as possible given the order and, at a minimum, would like to
know by May 3 if Elan plans to object to production of the district court documents.

Sincerely,

/s/ Nathan Greenblatt

Nathan Greenblatt

**Weil, Gotshal & Manges LLP**

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway<br>
Redwood Shores, CA 94065-1134<br>
+1 650 802 3163 tel<br>
+1 650 802 3100 fax<br>
jill.schmidt@weil.com

Attention:
Thomas L. Cronan, III
14351 Heather Ct.
San Jose, CA 95124-5505

    Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc. Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation. A copy of that April 12 Order is attached. The documents being produced may contain Confidential Business Information produced by you in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if you intend to intervene to seek relief from the April 12 Order. If you consent to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012. Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jill Schmidt

Jill Schmidt

# Weil, Gotshal & Manges LLP

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Jefferson Han
Attention:
Craig Kaufman
Freitas Tseng & Kaufman LLP
100 Marine Parkway
Redwood Shores, CA 94065

Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by Jefferson Han in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Jefferson Han intends to intervene to seek relief from the April 12 Order.  If Jefferson Han consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jill Schmidt

Jill Schmidt

**Weil, Gotshal & Manges LLP**

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Perceptive Pixel
Attention:
Craig Kaufman
Freitas Tseng & Kaufman LLP
100 Marine Parkway
Redwood Shores, CA 94064

Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc. Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation. A copy of that April 12 Order is attached. The documents being produced may contain Confidential Business Information produced by Perceptive Pixel in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Perceptive Pixel intends to intervene to seek relief from the April 12 Order. If Perceptive Pixel consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012. Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jill Schmidt

Jill Schmidt

# Weil, Gotshal & Manges LLP

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Wi-Fi Alliance
Attention:
Harvey Saferstein, Esq.
Mintz Levin
2029 Century Park East, Ste. 1370
Los Angeles, CA 90067

Re: *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc. Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation. A copy of that April 12 Order is attached. The documents being produced may contain Confidential Business Information produced by Wi-Fi Alliance in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Wi-Fi Alliance intends to intervene to seek relief from the April 12 Order. If Wi-Fi Alliance consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012. Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jill Schmidt

Jill Schmidt

**Weil, Gotshal & Manges LLP**

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Atmel Corp.
Attention:
Law Department, General Counsel
2325 Orchard Parkway, San Jose, CA 95131

    Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by Atmel Corp. in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Atmel Corp. intends to intervene to seek relief from the April 12 Order.  If Atmel Corp. consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

*Jill Schmidt*

Jill Schmidt

# Weil, Gotshal & Manges LLP

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

AT&T
Attention:
D. Wayne Watts
General Counsel
208 S. Akard St.
Dallas, TX 75202

Re: *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc. Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation. A copy of that April 12 Order is attached. The documents being produced may contain Confidential Business Information produced by AT&T in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if AT&T intends to intervene to seek relief from the April 12 Order. If AT&T consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012. Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jill Schmidt

Jill Schmidt

## Weil, Gotshal & Manges LLP

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Cetecom Inc.
Attention:
Law Department, General Counsel
411 Dixon Landing Road
Milpitas, CA 95035

    Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc. Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation. A copy of that April 12 Order is attached. The documents being produced may contain Confidential Business Information produced by Cetecom Inc. in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Cetecom Inc. intends to intervene to seek relief from the April 12 Order. If Cetecom Inc. consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012. Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

*Jill Schmidt*

Jill Schmidt

# Weil, Gotshal & Manges LLP

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Google, Inc.
Attention:
Law Department, General Counsel
1600 Amphitheatre Parkway, Mountain View, CA 94043

Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by Google, Inc. in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Google, Inc. intends to intervene to seek relief from the April 12 Order.  If Google, Inc. consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jill Schmidt

# Weil, Gotshal & Manges LLP

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway<br>
Redwood Shores, CA 94065-1134<br>
+1 650 802 3163 tel<br>
+1 650 802 3100 fax<br>
jill.schmidt@weil.com

IBM
Attention:
Richard Straussman
Weitzman IP Law

425 Eagle Rock Ave., Ste. 102
Roseland, New Jersey 07068

    Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc. Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation. A copy of that April 12 Order is attached. The documents being produced may contain Confidential Business Information produced by IBM in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if IBM intends to intervene to seek relief from the April 12 Order. If IBM consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012. Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

*Jill Schmidt*

Jill Schmidt

# Weil, Gotshal & Manges LLP

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Synaptic
Attention:
Law Department, General Counsel
3120 Scott Blvd., Suite 130, Santa Clara, CA 95054

Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by Synaptic in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Synaptic intends to intervene to seek relief from the April 12 Order.  If Synaptic consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jim Schmidt

Jill Schmidt

**Weil, Gotshal & Manges LLP**

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Marvell
Attention:
Xiang Long, Esq.
Agility IP Law
1900 University Circle, Ste. 201
East Palo Alto, CA 94303

Re:   *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by Marvell in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Marvell intends to intervene to seek relief from the April 12 Order.  If Marvell consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

*Jill Schmidt*

Jill Schmidt

# Weil, Gotshal & Manges LLP

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Microsoft Inc.
Attention:
Law Department, General Counsel
One Microsoft Way, Redmond, WA 98052

> Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc. Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation. A copy of that April 12 Order is attached. The documents being produced may contain Confidential Business Information produced by Microsoft Inc. in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Microsoft Inc. intends to intervene to seek relief from the April 12 Order. If Microsoft Inc. consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012. Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

*Jill Schmidt*

Jill Schmidt

## Weil, Gotshal & Manges LLP

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

New York University
Attention:
Office of the General Counsel
70 Washington Square South, 11th Floor
New York, New York 10012

    Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by New York University in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if New York University intends to intervene to seek relief from the April 12 Order.  If New York University consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

*Jim Schmidt*

Jill Schmidt

**Weil, Gotshal & Manges LLP**

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Hewlett-Packard
Attention:
Law Department, General Counsel
3000 Hanover St., Palo Alto, CA 94304

Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by Hewlett-Packard in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Hewlett-Packard intends to intervene to seek relief from the April 12 Order.  If Hewlett-Packard consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jill Schmidt

Jill Schmidt

**Weil, Gotshal & Manges LLP**

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Qualcomm Inc.
Attention:
Bernice Chen
1700 Technology Dr
San Jose, CA 95110

Re: *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc. Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation. A copy of that April 12 Order is attached. The documents being produced may contain Confidential Business Information produced by Qualcomm Inc. in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Qualcomm Inc. intends to intervene to seek relief from the April 12 Order. If Qualcomm Inc. consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012. Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jill Schmidt

### Weil, Gotshal & Manges LLP

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

TED Conferences, LLC
Attention:
Guy R. Cohen
1740 Broadway
New York, NY 10019

Re: *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc. Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation. A copy of that April 12 Order is attached. The documents being produced may contain Confidential Business Information produced by TED Conferences, LLC in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if TED Conferences, LLC intends to intervene to seek relief from the April 12 Order. If TED Conferences, LLC consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012. Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jill Schmidt

## Weil, Gotshal & Manges LLP

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Texas Instruments
Attention:
Joseph F. Hubach
General Counsel
12500 TI Boulevard
Dallas, TX 75243

    Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc. Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation. A copy of that April 12 Order is attached. The documents being produced may contain Confidential Business Information produced by Texas Instruments in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Texas Instruments intends to intervene to seek relief from the April 12 Order. If Texas Instruments consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012. Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

Jill Schmidt

Jill Schmidt

**Weil, Gotshal & Manges LLP**

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Dominic Tolli
Attention:
Jennifer Bauer
Quinn, Emanuel, Urqhart & Sullivan, LLP
500 Madison Street
7 Suite 2450
8 Chicago, Illinois 60661

  Re: *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by Dominic Tolli in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if Dominic Tolli intends to intervene to seek relief from the April 12 Order.  If Dominic Tolli consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

*Jin Schmidt*

Jill Schmidt

**Weil, Gotshal & Manges LLP**

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

University of Delaware
Attention:
General Counsel's Office
162 The Green
Room 124
University of Delaware
Newark, DE 19716

Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by the University of Delaware in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if the University of Delaware intends to intervene to seek relief from the April 12 Order.  If the University of Delaware consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

*Jill Schmidt*

Jill Schmidt

# Weil, Gotshal & Manges LLP

VIA OVERNIGHT MAIL

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3163 tel
+1 650 802 3100 fax
jill.schmidt@weil.com

Attention:
Deborah S. Coutant
13478 Briar Ct.
Saratoga, CA 95070-5012

Re:  *Apple Inc. v. Motorola Inc. et al.*, 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)); *Certain Mobile Devices And Related Software*, ITC Inv. No. 337-TA-750; *Apple Inc. v. Samsung Electronics Co. Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.)

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices And Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by you in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices And Related Software* cases.

Please let us know as soon as possible if you intend to intervene to seek relief from the April 12 Order.  If you consent to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.  Apple's outside counsel in the *Apple v. Samsung* district court litigation has assured me that any documents produced will be labeled "Highly Confidential, Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which is attached for your reference.

Sincerely,

*Jill Schmidt*

Jill Schmidt

# Weil, Gotshal & Manges LLP

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3000 tel
+1 650 802 3100 fax

BY FEDEX

**Nathan Greenblatt**
+1 650 802 3251
nathan.greenblatt@weil.com

April 26, 2012

Robert Boie
Red Nun Instrument Corporation
1627 Middle Road
Bridport, VT 05734

Re:  *Apple Inc. v. Samsung Electronics Co., Ltd.,* C 11-1846 LHK (PSG) (N.D. Cal.) ("Apple v.
Samsung district court litigation")
*Certain Electronic Devices with Multi-Touch Enabled Touchpads and Touchscreens:  ITC Inv. No
337-TA-714 ("Elan v. Apple ITC litigation")*

Dear Mr. Boie:

Pursuant to Paragraph 3 of the Protective Order in the above-captioned Elan v. Apple ITC litigation,
Apple hereby gives notice that it has been ordered to produce by April 27 all court documents from the
Elan v. Apple ITC litigation to outside counsel for Samsung in the above-captioned Apple v. Samsung
district court litigation.  A copy of the April 12 Order compelling production is attached.  The court
documents being produced were retained by outside counsel for Apple for archival purposes, and may
contain Confidential Business Information produced by you in connection with the Elan v. Apple ITC
litigation.  If you consent to production of Confidential Business Information that appears in court
documents in the Elan v. Apple ITC litigation, please countersign and return this letter to me at your
earliest convenience.

All documents will be produced as "Highly Confidential, Attorneys Eyes Only" information pursuant to
the Apple v. Samsung district court protective order, a copy of which is attached.

Sincerely,

*NGreenblatt*

Nathan Greenblatt

Enclosures

Robert Boie
Red Nun Instrument Corporation
April 26, 2012                                                    **Weil, Gotshal & Manges LLP**
Page 2


I, Robert Boie, hereby give written permission for any confidential documents or business information submitted in *Certain Electronic Devices with Multi-Touch Enabled Touchpads and Touchscreens*: ITC Inv. No 337-TA-714 to be produced as Highly Confidential, Attorneys Eyes Only in compliance with the attached April 12 Order in the Apple v. Samsung district court litigation.


_____

ROBERT BOIE


_____

TITLE


_____

DATE

**Weil, Gotshal & Manges LLP**

BY FEDEX

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3000 tel
+1 650 802 3100 fax

Nathan Greenblatt
+1 650 802 3251
nathan.greenblatt@weil.com

April 26, 2012

Synaptics, Inc.
c/o Karl J. Kramer
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA 94304

Re:  *Apple Inc. v. Samsung Electronics Co., Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.) ("Apple v.
Samsung district court litigation")
*Certain Electronic Devices with Multi-Touch Enabled Touchpads and Touchscreens*:  ITC Inv. No
337-TA-714 ("Elan v. Apple ITC litigation")

Dear Mr. Kramer:

Pursuant to Paragraph 3 of the Protective Order in the above-captioned Elan v. Apple ITC litigation,
Apple hereby gives notice that it has been ordered to produce by April 27 all court documents from the
Elan v. Apple ITC litigation to outside counsel for Samsung in the above-captioned Apple v. Samsung
district court litigation.  A copy of the April 12 Order compelling production is attached.  The court
documents being produced were retained by outside counsel for Apple for archival purposes, and may
contain Confidential Business Information produced by Synaptics in connection with the Elan v. Apple
ITC litigation.  If Synaptics consents to production of Confidential Business Information that appears in
court documents in the Elan v. Apple ITC litigation, please countersign and return this letter to me at
your earliest convenience.

All documents will be produced as "Highly Confidential, Attorneys Eyes Only" information pursuant to
the Apple v. Samsung district court protective order, a copy of which is attached.

Sincerely,

*NGreenblatt*

Nathan Greenblatt

Enclosures

Synaptics, Inc.
April 26, 2012
Page 2

**Weil, Gotshal & Manges LLP**

I, _____ , hereby give written permission for any confidential documents or
business information submitted in *Certain Electronic Devices with Multi-Touch Enabled Touchpads and
Touchscreens*:  ITC Inv. No 337-TA-714 to be produced as Highly Confidential, Attorneys Eyes Only in
compliance with the attached April 12 Order in the Apple v. Samsung district court litigation.


_____

SYNAPTICS, INC.


_____

TITLE


_____

DATE

# Weil, Gotshal & Manges LLP

BY FEDEX

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3000 tel
+1 650 802 3100 fax

Nathan Greenblatt
+1 650 802 3251
nathan.greenblatt@weil.com

April 27, 2012

Donald P. Dinella
Alcatel-Lucent
600 Mountain Avenue
Room 3D-243
Murray Hill, NJ 07974

Re: *Apple Inc. v. Samsung Electronics Co., Ltd.,* C 11-1846 LHK (PSG) (N.D. Cal.) ("Apple v. Samsung district court litigation")
*Certain Electronic Devices with Multi-Touch Enabled Touchpads and Touchscreens,* ITC Inv. No 337-TA-714 ("Elan v. Apple ITC litigation")

Dear Mr. Dinella:

Pursuant to Paragraph 3 of the Protective Order in the above-captioned Elan v. Apple ITC litigation, Apple hereby gives notice that it has been ordered to produce by April 27 all court documents from the Elan v. Apple ITC litigation to outside counsel for Samsung in the above-captioned Apple v. Samsung district court litigation. A copy of the April 12 Order compelling production is attached. The court documents being produced were retained by outside counsel for Apple for archival purposes, and may contain Confidential Business Information produced by Alcatel-Lucent in connection with the Elan v. Apple ITC litigation. If Alcatel-Lucent consents to production of Confidential Business Information that appears in court documents in the Elan v. Apple ITC litigation, please countersign and return this letter to me at your earliest convenience.

All documents will be produced as "Highly Confidential, Attorneys Eyes Only" information pursuant to the Apple v. Samsung district court protective order, a copy of which is attached. Please call me if you have any questions.

Sincerely,

NGreenblatt

Nathan Greenblatt

Enclosures

Alcatel-Lucent
April 27, 2012
Page 2

**Weil, Gotshal & Manges LLP**

I, _____, hereby give written permission for any confidential documents or business information submitted in *Certain Electronic Devices with Multi-Touch Enabled Touchpads and Touchscreens*: ITC Inv. No 337-TA-714 to be produced as Highly Confidential, Attorneys Eyes Only in compliance with the attached April 12 Order in the Apple v. Samsung district court litigation.

_____

ALCATEL-LUCENT

_____

TITLE

_____

DATE

# Weil, Gotshal & Manges LLP

BY FEDEX

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3000 tel
+1 650 802 3100 fax

**Nathan Greenblatt**
+1 650 802 3251
nathan.greenblatt@weil.com

April 25, 2012

Cirque Corporation
2463 South 3850 West
Salt Lake City, UT 84120

Re:  *Apple Inc. v. Samsung Electronics Co., Ltd.*, C 11-1846 LHK (PSG) (N.D. Cal.) ("Apple v.
Samsung district court litigation")
*Elan Microelectronics Corp. v. Apple Inc.*, C-09-01531-RS (PSG) (N.D. Cal.) ("Elan v. Apple
district court litigation")
*Certain Electronic Devices with Multi-Touch Enabled Touchpads and Touchscreens:  ITC Inv. No
337-TA-714 ("Elan v. Apple ITC litigation")*

Dear Sir/Madam:

Pursuant to Paragraph 14 of the Protective Order in the above-captioned Elan v. Apple district court
litigation, Apple hereby gives notice that it has been ordered to produce by April 27 all court documents
from the Elan v. Apple district court litigation to outside counsel for Samsung in the above-captioned
Apple v. Samsung district court litigation.  A copy of the April 12 Order compelling production is
attached.  The court documents being produced were retained by outside counsel for Apple for archival
purposes, and may contain Highly Confidential information produced by Cirque Corporation in
connection with the Elan v. Apple district court litigation.  Please let us know, if possible, by noon on
April 27 if Cirque Corporation intends to move for a protective order to seek relief from the April 12
Order compelling production.  If Cirque does not indicate that it intends to move for a protective order
by May 3, we will proceed with the production.

All documents will be produced as "Highly Confidential, Attorneys Eyes Only" information pursuant to
the Apple v. Samsung district court protective order, a copy of which is attached.

Sincerely,

*NGreenblatt*

Nathan Greenblatt

Enclosures

WILMERHALE

April 25, 2012

**VIA E-MAIL**

**Mark D. Selwyn**

+1 650 858 6031 (t)
+1 650 858 6100 (f)
mark.selwyn@wilmerhale.com

M. Scott Stevens
Alston & Bird, LLP
The Atlantic Building
950 F Street, NW
Washington, D.C. 20004-1404

RE:    *Nokia Corp. v. Apple Inc.*, No. 09-791-GMS (D. Del)

Dear Scott:

Pursuant to Section 9 of the Protective Order in *Nokia Corp. v. Apple Inc.*, No. 09-791-GMS (D. Del), Apple hereby gives notice that it has been ordered to produce by Friday, April 27, 2012, all court documents from the above-captioned litigation to outside counsel for Samsung in the *Apple v. Samsung* litigation pending in the Northern District of California, Case No. C-11-1846 LHK (PSG). A copy of the April 12 order compelling production is attached.

In an abundance of caution, Apple has withheld from production the following documents because they may contain Nokia Confidential Business Information: (1) the unredacted version of Exhibits 1-2 to Apple Inc.'s Unopposed Motion for Leave to File Its Fourth Amended Answer, Defenses, and Counterclaims (Docket No. 262); and (2) unredacted versions of Nokia Corporation's Notice of Motion, Motion and Memorandum in Support of its Motion to Compel Subpoena to Intel and attached exhibits filed under seal (filed in the Northern District of California).

Please let us know by Friday 12 P.M. Pacific if Nokia intends to intervene to seek relief from the April 12 Order. All documents will be produced as Highly Confidential, Attorneys Eyes Only information pursuant to the applicable protective order, a copy of which is also attached.

Best regards,

*Mark Selwyn* scs

Mark D. Selwyn

**Pan, NoaNoa L.**

---

**From:**     Stevens, Scott [Scott.Stevens@alston.com]
**Sent:**     Thursday, April 26, 2012 5:39 AM
**To:**       Walden, S. Calvin
**Cc:**       Selwyn, Mark; Herriot, Liv; Mazza, Mia; Kolovos, Peter
**Subject:**  RE: Nokia Corp. v. Apple Inc., No. 09-791-GMS (D. Del.)

Mark:

I have already spoken to several of your colleagues regarding this Order.  As you are likely aware, in
March Nokia provided consent for Apple to produce certain documents from the 09-791 litigation to
Samsung, in line with the scope of Samsung's request in its motion to compel.  Assuming that Apple
produced those documents, Nokia is unaware of any other non-public documentation that would fall
within the ambit of either Samsung's request or the Court's recent Order.  Moreover, I have spoken with
counsel for Samsung since the Order to assure them that Nokia's earlier consent for production included
all non-public documents filed with the Delaware Court relating to the specific patent.

In sum, Nokia believes that the Court's Order would be mooted by Apple producing those documents
that I identified in my email to Samsung's counsel, if they haven't already been produced.  Therefore,
Nokia would not expect Apple to produce any additional documentation that includes Nokia confidential
information.

If you would like to discuss this further, I should be in my office most of the day.

Best regards,
Scott

M. Scott Stevens
ALSTON & BIRD LLP
101 South Tryon, Suite 4000
Charlotte, NC 28280
Direct: 704.444.1025
Fax: 704.444.1935
Email: scott.stevens@alston.com

---

**From:** Walden, S. Calvin [mailto:Calvin.Walden@wilmerhale.com]
**Sent:** Wednesday, April 25, 2012 11:49 PM
**To:** Stevens, Scott
**Cc:** Selwyn, Mark; Herriot, Liv; 'Mazza, Mia'; Kolovos, Peter
**Subject:** Nokia Corp. v. Apple Inc., No. 09-791-GMS (D. Del.)

Scott,

Please see the attached letter from Mark Selwyn, along with attachments to the letter.

**S. Calvin Walden | WilmerHale**
399 Park Avenue
New York, NY 10022 USA
+1 212 937 7215 (t)
+1 212 230 8888 (f)
calvin.walden@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the
intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this
message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.
*********************************************************** IRS Circular 230 disclosure: To ensure
compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice
contained in this communication (including any attachments) is not intended or written to be used, and cannot be used,
for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or
recommending to another party any transaction or matter addressed herein.
_____ NOTICE: This e-mail message and all attachments
transmitted with it may contain legally privileged and confidential information intended solely for the use of the
addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading,
dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have
received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail
(postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.

4/30/2012

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

Marcus E. Sernel, P.C.
To Call Writer Directly:
(312) 862-2389
marc.sernel@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

April 26, 2012

**Via E-mail**

Diane C. Hutnyan
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
dianehutnyan@quinnemanuel.com

Re:     *Apple v. HTC*, Case No. 10-cv-167-GMS (D. Del.)

Dear Diane:

I write regarding the production of Google confidential information in the matter *Apple, Inc. v. Samsung Electronics Co. et al*, Case No. 11-cv-1846-LHK in the U.S. District Court for the Northern District of California. As you know, Apple has been ordered by the court in *Apple v. Samsung* to produce unredacted copies of all court documents from the case *Apple v. HTC*, Case No. 10-cv-167-GMS, pending before the U.S. District Court for the District of Delaware. Though Google has previously agreed to allow production of certain confidential information, not at issue here, please confirm, in your capacity representing Google, that there are no objections to Apple producing documents containing Google confidential information that were previously filed by Apple and HTC with the Delaware court. Any materials with Google confidential information will be produced as highly confidential and attorneys' eyes only, as provided for in the attached protective order from the *Apple v. Samsung* matter. I have enclosed the four documents filed under seal that contain Google confidential information.

Sincerely,

*/s/ Marcus E. Sernel*

Marcus E. Sernel, P.C.

MES

# KIRKLAND & ELLIS LLP

April 26, 2012
Page 2


enc:    Document #867 from Case No. 11-cv-1846-LHK (N.D. Cal.)
         Document #687 from Case No. 11-cv-1846-LHK (N.D. Cal.)
         Documents #22, 23, 31, and 32 from Case No. 10-cv-167 (D. Del.)

cc:     Amy Candido

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL: (415) 875-6600  FAX: (415) 875-6700

April 27, 2012

<u>VIA ELECTRONIC MAIL</u>

Jill Schmidt
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, California  94065-1134
jill.schmidt@weil.com

Re:     Apple Inc. v. Motorola Inc. et al, No. 11-8540 (N.D. Ill.);
        Certain Mobile Devices and Related Software, Inv. No. 337-TA-750;
        <u>Apple Inc. v. Samsung Electronics Co. Ltd., No. 11-1846 (N.D. Cal.)</u>

Dear Ms. Schmidt:

I write in response to your undated letter to the Law Department at Google Inc.  In that letter, you stated:

> I represent Apple Inc. ("Apple") in the currently pending litigations against Motorola Inc. and Motorola Mobility, Inc.  Pursuant to Paragraph 20 of the Protective Order in the *Apple Inc. v. Motorola Inc. et al.* district court proceeding and the Protective Order in the *Certain Mobile Devices and Related Software* ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents from those two cases to outside counsel for Samsung in the above-referenced *Apple v. Samsung* district court litigation.  A copy of that April 12 Order is attached.  The documents being produced may contain Confidential Business Information produced by Google, Inc. in connection with the *Apple Inc. v. Motorola Inc. et al.* and/or the *Certain Mobile Devices and Related*

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000  FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666  FAX +7 495 797 3667

*Software* cases.

Please let us know as soon as possible if Google, Inc. intends to intervene to seek relief from the April 12 Order. If Google, Inc. consents to the production of its Confidential Business Information, please respond in writing (preferably via email) before May 9, 2012.

Thank you for the notice. I write to confirm Google's consent to Apple's disclosure described above. This consent is limited to technical materials, such as those regarding validity and infringement issues, and therefore does not extend to any documents concerning business information, such as agreements with OEMs or information regarding damages allegations.

Based on my review of the order you attached to your letter, I do not believe it calls for production of any materials outside the scope of our consent. Google therefore does not intend to seek relief from the order. If your understanding of the order's scope differs from ours, please notify me immediately.

Very Truly Yours,

/s
Matthew S. Warren

**Pan, NoaNoa L.**

| | |
|---|---|
| **From:** | Elizabeth Day [eday@feinday.com] |
| **Sent:** | Thursday, April 26, 2012 11:28 AM |
| **To:** | Mazza, Mia; Bartlett, Jason R. |
| **Subject:** | Fwd: 337-TA-797 - Production of Cypress CBI in Apple v. Samsung Litigation |
| **Importance:** | High |
| **Attachments:** | 2012-01-30 [687] Protective Order re Discovery.pdf; ATT720122.htm; 2012-04-12 [867] Order Re SS's MTC (Dkts 781, 782).pdf; ATT720123.htm |

Begin forwarded message:

**From:** Elizabeth Day <eday@feinday.com>
**Date:** April 26, 2012 11:27:26 AM PDT
**To:** traci.keith@limruger.com, philip.wang@limruger.com,
terrence.woodsome@limruger.com
**Cc:** Elizabeth Day <eday@feinday.com>, Tiffany Miller
<tiffany.miller@dlapiper.com>, Yakov Jake Zolotorev
<yzolotorev@feinday.com>
**Subject: 337-TA-797 - Production of Cypress CBI in Apple v. Samsung
Litigation**

Dear Sir/Madam:

I represent Apple Inc. ("Apple") in the currently pending ITC investigation, 337-TA-797.  Pursuant to Paragraph 3 of the Protective Order in the
ITC investigation, Apple hereby gives notice that it has been ordered to produce all court documents
from to outside counsel for Samsung in the above-referenced Apple v. Samsung district
court litigation. A copy of that April 12 Order is attached. The documents being produced may contain
Confidential Business Information produced by you.

Please let us know as soon as possible if you intend to intervene to seek relief from the April 12 Order.
If you consent to the production of your Confidential Business Information, please respond in writing
(preferably via email) before May 9, 2012. Apple's outside counsel in the Apple v. Samsung district
court litigation has assured me that any documents produced will be labeled "Highly Confidential,
Attorneys Eyes Only" information pursuant to the protective order entered in that case, a copy of which
is attached for your reference.

Sincerely,

Elizabeth Day

4/30/2012

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482
U.S.A.

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

April 25, 2012

Writer's Direct Contact
415.268.6024
MMazza@mofo.com

*By Email* (pchassman@winston.com)

Peter J. Chassman
Winston & Strawn LLP
1111 Louisiana, 25th Floor
Houston, TX 77002

Re:    *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)

Dear Mr. Chassman:

As counsel for Apple in the above-referenced matter, we write to you in your capacity as counsel for Motorola. The information provided below has already been given to Motorola through Quinn Emanuel, the firm that represents Motorola in *Apple Inc. v. Motorola Inc. et al.*, No. 11-cv-08540 (N.D. Ill.). Quinn Emanuel advised us today, however, that you are the appropriate contact for purposes of this issue.

As the result of a motion recently filed by Samsung, Apple has been ordered to produce unredacted copies of <u>all</u> court documents filed in *Certain Mobile Devices And Related Software (Apple v. Motorola)*, ITC Inv. No. 337-TA-750, and *Apple Inc. v. Motorola Inc. et al.*, No. 11-cv-08540 (N.D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, No. 10-cv-00662 (W.D. Wis.)). A copy of that Order, dated April 12, 2012, is attached. The April 12 Order requires Apple to produce these documents to Samsung by this Friday, April 27, 2012. All documents produced to Samsung under this April 12 Order will be marked and protected as "Highly Confidential" under the enclosed Protective Order.

Apple has already produced all publicly available court documents filed in the above two *Motorola* matters. Apple's outside counsel in those matters has advised us, however, that there are numerous additional court documents that cannot be provided to Apple or Samsung because those documents contain Motorola's confidential business information subject to the Protective Order in the ITC 750 matter. According to Apple's outside counsel, under that Protective Order, documents containing Motorola's confidential information may not be provided to Apple or Samsung without Motorola's approval (or an order from the International Trade Commission).

sf-3138033

MORRISON | FOERSTER

Peter J. Chassman
April 25, 2012
Page Two

This issue comes as no news to Motorola.  In various correspondence dating back to February 23, 2012, counsel for Samsung has informed us that they have requested Motorola's approval for this very same production, but Motorola "cannot agree to give Samsung this approval without knowing more about the specific documents in Apple's possession that purportedly contain their confidential business information."

This letter is to clarify for Motorola, if any clarification is needed, that the Motorola confidential information Apple seeks consent to produce to Samsung under the April 12 Order is all confidential information in all court documents filed in *Certain Mobile Devices And Related Software* (*Apple v. Motorola*), ITC Inv. No. 337-TA-750 and *Apple Inc. v. Motorola Inc. et al.*, No. 11-cv-08540 (D. Ill.) (formerly *Apple Inc. v. Motorola Inc. et al.*, No. 10-cv-00662 (W.D. Wis.)).

Please let us know by noon Pacific Time on Thursday, April 26, 2012, whether Motorola consents to having this information produced to Samsung pursuant to the enclosed April 12 Order.

Sincerely,

*/s/ Mia Mazza*

Mia Mazza

Encls.

cc:  Diane Hutnyan (counsel for Samsung in *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.))

sf-3138033

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482
U.S.A.

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

April 27, 2012

Writer's Direct Contact
415.268.6024
MMazza@mofo.com

*By Email* (jretsky@winston.com)

Jonathan Retsky
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

Re:     *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)

Dear Jonathan:

Thank you for taking the time to speak with me today and yesterday regarding issues related to Motorola and *Apple v. Samsung.* I regret that I needed to disturb you today at home while you were out of the office. I hope you feel better soon.

I took Motorola's proposal back to my client, and we tried to find a way to make it work. Ultimately, we couldn't.

Just to make sure there's no misunderstanding between Apple and Motorola on this matter, I wanted to explain why. We understand Motorola is prepared to consent to the production of its Confidential Business Information (CBI) only if Apple agrees that WilmerHale, its counsel of record in *Apple v. Samsung*, will have no access to the production. As eager as Apple is to facilitate production of these documents, it cannot agree to a condition whereby its own trial attorneys do not have access to the documents produced in the case.

When you communicated this proposal to me yesterday, I said I would take it back to my client. This morning, I counter-proposed that if Motorola would authorize the disclosure of Motorola CBI documents to counsel for Samsung and to Morrison & Foerster, Apple would agree to wall off WilmerHale from those documents for a period of 30 days. During this 30-day period, the parties could further discuss the terms of Motorola's authorization, and/or Motorola would have time to seek a protective order. You declined this proposal, and requested that if Apple wished to discuss the matter further, someone with authority to reach agreement on behalf of Apple without further client approval should give you a call.

As I mentioned during our call today, one or two attorneys from WilmerHale have already signed on to the Protective Order in the *Apple v. Motorola* ITC matter and, as we understand

MORRISON | FOERSTER

Jonathan Retsky
April 27, 2012
Page Two

it, have already been authorized to access the same Motorola CBI documents that Apple is now requesting for production to Samsung.  When those attorneys signed on to the Motorola ITC Protective Order, Motorola didn't object, so we're having a little trouble understanding Motorola's current concern.

I'm sorry that we've been unable to resolve this matter, but if you have any ideas that would allow Motorola to safeguard its concerns, whatever they may be, while allowing Apple's full trial team, including WilmerHale, to have access to these documents for use in our matter, we are certainly willing to listen.  In that event, you will probably prefer to talk with my partner Alison Tucher at (415) 268-7269.

Sincerely,

/s/ Mia Mazza

Mia Mazza

cc:     William F. Lee

**Pan, NoaNoa L.**

| | |
|---|---|
| **From:** | Schmidt, Jill [jill.schmidt@weil.com] |
| **Sent:** | Thursday, April 26, 2012 12:43 PM |
| **To:** | Craig Kaufman |
| **Cc:** | Cappella, Anne; Mazza, Mia; Bartlett, Jason R. |
| **Subject:** | RE: Jeff Han/Perceptive Pixel Production |

Thanks, Craig.

That is correct. Any source code will be treated under the applicable provisions of the Apple v. Samsung protective order.

Best regards,
Jill

**From:** Craig Kaufman [mailto:CKaufman@ftklaw.com]
**Sent:** Thursday, April 26, 2012 12:34 PM
**To:** Schmidt, Jill
**Subject:** Jeff Han/Perceptive Pixel Production

Jill,

I have received your letters regarding the production by Apple of certain documents produced by Mr. Han and/or Perceptive Pixel to Samsung in the Northern District of California litigation between Apple and Samsung. Since Samsung issued subpoenas to Mr. Han and Perceptive Pixel and is already in possession of these documents, we obviously have no problem with them being given to Samsung again, provided that the produced source code is treated under the source code provisions of the Samsung litigation's protective order, and not merely treated as "Highly Confidential – Outside Counsel Only." Once you confirm in writing that the source code will be so treated, we will consent to your production of the materials to Samsung.

Craig

Craig Kaufman

Freitas Tseng & Kaufman LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA 94065
650-730-5557 *Tel.*
415-902-0602 *Mobile*

--------------------------------------
CONFIDENTIALITY NOTICE: The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the intended recipient. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

4/30/2012

**Pan, NoaNoa L.**

| | |
|---|---|
| **From:** | Schmidt, Jill [jill.schmidt@weil.com] |
| **Sent:** | Thursday, April 26, 2012 3:36 PM |
| **To:** | Sheft, Mark A |
| **Cc:** | Heinrich, Alan; Mazza, Mia; Bartlett, Jason R.; Cappella, Anne |
| **Subject:** | RE: Apple v. Motorola/Apple v. Samsung: Production of Atmel Confidential Business Information |

Hi Mark,

Thank you very much for your prompt response. I am cc'ing Apple's outside counsel in the Samsung litigation to pass along your instructions regarding the proper designation of Atmel's confidential materials.

Best regards,
Jill



**Jill Schmidt (née Ho)**

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
jill.schmidt@weil.com
+1 650 802 3163 Direct
+1 650 802 3100 Fax

---

**From:** Sheft, Mark A [mailto:Mark.Sheft@atmel.com]
**Sent:** Thursday, April 26, 2012 3:16 PM
**To:** Schmidt, Jill
**Cc:** Sheft, Mark A; Heinrich, Alan
**Subject:** Apple v. Motorola/Apple v. Samsung: Production of Atmel Confidential Business Information

Dear Ms. Schmidt:

I am Atmel Corporation's Director of Labor & Litigation, and write to respond to your recent letter regarding Magistrate Judge Grewal's April 12, 2012 Order that Apple produce to Samsung's outside counsel all court documents from the earlier Apple v. Motorola ITC and District Court litigations (the "Earlier Litigation").

Atmel consents to Apple's production of documents that may include information that Atmel designated Confidential in the Earlier Litigation. However, as a condition of our consent, we require that you instruct Apple's counsel in the Samsung litigation to designate any documents that contain, attach, refer to, analyze or quote Atmel source code as "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE." Such documents would include, for example, transcripts, witness statements and expert reports. Please also instruct Apple's counsel in the Samsung litigation to designate all other documents that contain, reference, analyze, quote or attach Atmel Confidential Business Information—not including source code—as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

Should you or Apple's counsel in the Samsung litigation have any further questions or concerns about how to designate particular documents that contain Atmel Confidential Business Information, please contact Atmel's outside counsel, Alan Heinrich of Irell & Manella (whom I've cc'd).

4/30/2012

Very truly yours,

Mark A. Sheft
**Mark A. Sheft** | Director of Labor & Litigation

ATMEL CORPORATION
Tel:  408.487.2544 | Fax:  408.487.2615 | Cell:  415.320.3704
2325 Orchard Parkway | San Jose, CA  95131
email:  mark.sheft@atmel.com
THE INFORMATION CONTAINED IN THIS EMAIL MESSAGE MAY BE PRIVILEGED, CONFIDENTIAL,
AND/OR PROTECTED FROM UNAUTHORIZED DISCLOSURE.  IF YOU ARE NOT THE INTENDED
RECIPIENT, ANY DISSEMINATION, DISTRIBUTION, OR COPYING IS STRICTLY PROHIBITED.
PLEASE IMMEDIATELY NOTIFY THE SENDER BY REPLY IF YOU RECEIVED THIS EMAIL IN ERROR.
THANK YOU FOR YOUR COOPERATION.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

**Pan, NoaNoa L.**

| | |
|---|---|
| **From:** | Saferstein, Harvey [HSaferstein@mintz.com] |
| **Sent:** | Thursday, April 26, 2012 6:26 PM |
| **To:** | 'Schmidt, Jill' |
| **Cc:** | Ann S. Woodliff (bengoshi@aol.com); Cappella, Anne; Mazza, Mia; Bartlett, Jason R.; Saferstein, Harvey |
| **Subject:** | RE: Apple Inc v. Motorola--Wi-Fi Alliance |

Thank you. We have decided we will not intervene and are comfortable as long as the documents continue to be subject to a protective order that makes them available only to outside counsel. Thank you.

---

**From:** Schmidt, Jill [mailto:jill.schmidt@weil.com]
**Sent:** Thursday, April 26, 2012 3:41 PM
**To:** Saferstein, Harvey
**Cc:** Ann S. Woodliff (bengoshi@aol.com); Cappella, Anne; Mazza, Mia (MMazza@mofo.com); jasonbartlett@mofo.com
**Subject:** RE: Apple Inc v. Motorola--Wi-Fi Alliance

Hi Harvey,

Thank you very much for your prompt response. I attach for your reference the production letter that came with the CD you sent us on August 31, 2011. In addition, I believe you subsequently sent us one additional document, Bates-labeled WFA007567 (entitled "Wi-Fi 802.11b with WPA System Interoperability Test Plan for IEEE 802.11b Devices"). Please let me know if you need further information in order to evaluate our request.

I'm cc'ing Apple's outside counsel in the Samsung litigation to loop them in.

Best regards,
Jill



**Jill Schmidt (née Ho)**

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
jill.schmidt@weil.com
+1 650 802 3163 Direct
+1 650 802 3100 Fax

---

**From:** Saferstein, Harvey [mailto:HSaferstein@mintz.com]
**Sent:** Thursday, April 26, 2012 3:34 PM
**To:** Schmidt, Jill
**Cc:** Saferstein, Harvey; Ann S. Woodliff (bengoshi@aol.com)
**Subject:** Apple Inc v. Motorola--Wi-Fi Alliance

We are in receipt of your letter regarding the production of documents in Apple Inc. v. Motorola. Could you give us a list of Wi-Fi documents that might be turned over? That would help us decide the intervention question. Thank you very much.

Harvey Saferstein | Member
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
2029 Century Park East, Suite 1370 | Los Angeles, CA 90067

4/30/2012

Direct: (310) 586-3203 | Mobile: (310) 428-1033 | Fax: (310) 586-3202
E-mail: HSaferstein@mintz.com
Web: www.mintz.com

# MINTZ LEVIN
Mintz Levin Cohn Ferris Glovsky and Popeo PC

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax
advice contained in this communication is not intended or written to be
used, and cannot be used, for the purpose of avoiding tax penalties or
in connection with marketing or promotional materials.

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments
to this message are intended for the exclusive use of the addressee(s)
and may contain confidential or privileged information. If you are not
the intended recipient, or the person responsible for delivering the
e-mail to the intended recipient, be advised you have received this
message in error and that any use, dissemination, forwarding, printing,
or copying is strictly prohibited. Please notify Mintz, Levin, Cohn,
Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at
DirectorofIT@Mintz.com, and destroy all copies of this message and any
attachments. You will be reimbursed for reasonable costs incurred in
notifying us.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of
this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are
hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this
communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank
you.

4/30/2012

**Pan, NoaNoa L.**

| | |
|---|---|
| **From:** | Roeder, Paul [paul.roeder@hp.com] |
| **Sent:** | Thursday, April 26, 2012 7:03 PM |
| **To:** | Schmidt, Jill |
| **Cc:** | Cappella, Anne; Mazza, Mia; Bartlett, Jason R. |

**Subject:** RE: Your letter re Apple v. Moto

I don't want run up Apple's costs. If you need to get consent, rather than just to give us notice, we give consent.
Best,
Paul

**From:** Schmidt, Jill [mailto:jill.schmidt@weil.com]
**Sent:** Thursday, April 26, 2012 5:55 PM
**To:** Roeder, Paul
**Cc:** Cappella, Anne; Mazza, Mia (MMazza@mofo.com); jasonbartlett@mofo.com
**Subject:** RE: Your letter re Apple v. Moto

Hi Paul,

Thank you for your prompt response. We can do our best to provide you with more specific information, but without further review, the best I can say at this time is that certain documents produced by HP may have been included as exhibits to motions filed with the court or as trial exhibits. In any event, it would likely be a subset of what HP produced to us, which totaled 1445 pages in the 750 case and 558 pages in the N.D. Ill. case. Please let me know what steps we can take to obtain HP's consent.

I'm cc'ing Apple's outside counsel in the *Apple v. Samsung* case to keep them in the loop.

Best regards,
Jill



**Jill Schmidt (née Ho)**

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
jill.schmidt@weil.com
+1 650 802 3163 Direct
+1 650 802 3100 Fax

**From:** Roeder, Paul [mailto:paul.roeder@hp.com]
**Sent:** Thursday, April 26, 2012 5:33 PM
**To:** Schmidt, Jill
**Subject:** Your letter re Apple v. Moto

Hello Jill

I have your letter regarding production of "all court documents" from the 750 investigation and the *Apple v. Moto* D.Ill. case in the *Apple v. Samsung* NDCA case. I don't really have an idea what HP

confidential business information might be included in those court documents, so I'm not in a position to consent to production. On the other hand, since this HP information was filed in the other cases, and we were presumably given notice of that, and we did not intervene then, I have to assume we would not intervene here either.

Best
Paul



**Paul H. Roeder**
VP & Deputy General Counsel
Litigation
Office of General Counsel
Hewlett-Packard Company
3000 Hanover Street M/S 1050
Palo Alto, CA 94304

Phone: 650.857.5459
Mobile: 650.740.5827
paul.roeder@hp.com

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

4/30/2012

# WEITZMAN LAW OFFICES, LLC

### *Intellectual Property Law*

425 Eagle Rock Avenue, Suite 102
Roseland, NJ 07068
Tel. (973) 403-9940
Fax (973) 403-9944
www.weitzmanip.com

April 30, 2012

Richard Straussman*
Senior Counsel
Direct Tel. (973) 403-9943
rstraussman@weitzmanip.com
   * Member NY & CT Bars

**<u>VIA E-MAIL ONLY</u>**
Jill Schmidt, Esq.
Weil Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134

      Re:    **Apple v. Motorola Inc. et al., 11-cv-08540 (D. Ill); In re Certain Mobile Devices And Related Software, ITC Inv. No. 337-TA-750; Apple Inc. v. Samsung Electronics Co. Ltd., 11-1846 LHK (PSG)(N.D. Cal.)**

Dear Ms. Schmidt,

This responds to your letter to me with respect to non-party IBM's production pursuant to subpoena in one or more of the above matters and the April 12, 2012 Order issued in the above-referenced <u>Apple v. Samsung</u> case pending in California.

IBM will not intervene or seek relief from the April 12th Order and does not object to the documents it has produced in any of the above matters being produced by Apple to defendants in the <u>Apple v. Samsung</u> matter as "Highly Confidential, Attorney's Eyes Only" under the terms of the protective order entered in that case.

             Sincerely

             Rich Straussman

**Mazza, Mia**

| | |
|---|---|
| **From:** | Sheft, Mark A [Mark.Sheft@atmel.com] |
| **Sent:** | Monday, April 30, 2012 11:34 AM |
| **To:** | Schmidt, Jill |
| **Cc:** | Heinrich, Alan; Mazza, Mia; Bartlett, Jason R.; Cappella, Anne |
| **Subject:** | RE: Apple v. Motorola/Apple v. Samsung: Production of Atmel Confidential Business Information |

Yes, subject to the provisos described below.

Thanks.

**Mark A. Sheft** | Director of Labor & Litigation
_____
ATMEL CORPORATION
Tel:  408.487.2544 | Fax:  408.487.2615 | Cell:  415.320.3704
2325 Orchard Parkway | San Jose, CA  95131
email:  mark.sheft@atmel.com
THE INFORMATION CONTAINED IN THIS EMAIL MESSAGE MAY BE PRIVILEGED, CONFIDENTIAL,
AND/OR PROTECTED FROM UNAUTHORIZED DISCLOSURE.  IF YOU ARE NOT THE INTENDED
RECIPIENT, ANY DISSEMINATION, DISTRIBUTION, OR COPYING IS STRICTLY PROHIBITED.
PLEASE IMMEDIATELY NOTIFY THE SENDER BY REPLY IF YOU RECEIVED THIS EMAIL IN ERROR.
THANK YOU FOR YOUR COOPERATION.

**From:** Schmidt, Jill [mailto:jill.schmidt@weil.com]
**Sent:** Monday, April 30, 2012 11:33 AM
**To:** Sheft, Mark A
**Cc:** Heinrich, Alan; Mazza, Mia (MMazza@mofo.com); jasonbartlett@mofo.com; Cappella, Anne
**Subject:** RE: Apple v. Motorola/Apple v. Samsung: Production of Atmel Confidential Business
Information

Hi Mark,

Just following up on this to confirm that Atmel's consent to produce its confidential information in the
*Apple v. Samsung* litigation extends to the Quantum documents as well.

Best regards,
Jill

**From:** Schmidt, Jill
**Sent:** Thursday, April 26, 2012 3:36 PM
**To:** 'Sheft, Mark A'
**Cc:** Heinrich, Alan; Mazza, Mia (MMazza@mofo.com); jasonbartlett@mofo.com; Cappella, Anne
**Subject:** RE: Apple v. Motorola/Apple v. Samsung: Production of Atmel Confidential Business
Information

Hi Mark,

Thank you very much for your prompt response.  I am cc'ing Apple's outside counsel in the Samsung
litigation to pass along your instructions regarding the proper designation of Atmel's confidential
materials.

Best regards,
Jill



**Jill Schmidt (née Ho)**

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
jill.schmidt@weil.com
+1 650 802 3163 Direct
+1 650 802 3100 Fax

---

**From:** Sheft, Mark A [mailto:Mark.Sheft@atmel.com]
**Sent:** Thursday, April 26, 2012 3:16 PM
**To:** Schmidt, Jill
**Cc:** Sheft, Mark A; Heinrich, Alan
**Subject:** Apple v. Motorola/Apple v. Samsung: Production of Atmel Confidential Business Information

Dear Ms. Schmidt:

I am Atmel Corporation's Director of Labor & Litigation, and write to respond to your recent letter regarding Magistrate Judge Grewal's April 12, 2012 Order that Apple produce to Samsung's outside counsel all court documents from the earlier Apple v. Motorola ITC and District Court litigations (the "Earlier Litigation").

Atmel consents to Apple's production of documents that may include information that Atmel designated Confidential in the Earlier Litigation.  However, as a condition of our consent, we require that you instruct Apple's counsel in the Samsung litigation to designate any documents that contain, attach, refer to, analyze or quote Atmel source code as "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE."  Such documents would include, for example, transcripts, witness statements and expert reports.  Please also instruct Apple's counsel in the Samsung litigation to designate all other documents that contain, reference, analyze, quote or attach Atmel Confidential Business Information—not including source code—as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

Should you or Apple's counsel in the Samsung litigation have any further questions or concerns about how to designate particular documents that contain Atmel Confidential Business Information, please contact Atmel's outside counsel, Alan Heinrich of Irell & Manella (whom I've cc'd).

Very truly yours,

Mark A. Sheft
**Mark A. Sheft** | Director of Labor & Litigation

ATMEL CORPORATION
Tel:  408.487.2544 | Fax:  408.487.2615 | Cell:  415.320.3704
2325 Orchard Parkway | San Jose, CA  95131
email:  mark.sheft@atmel.com
THE INFORMATION CONTAINED IN THIS EMAIL MESSAGE MAY BE PRIVILEGED, CONFIDENTIAL,
AND/OR PROTECTED FROM UNAUTHORIZED DISCLOSURE.  IF YOU ARE NOT THE INTENDED
RECIPIENT, ANY DISSEMINATION, DISTRIBUTION, OR COPYING IS STRICTLY PROHIBITED.
PLEASE IMMEDIATELY NOTIFY THE SENDER BY REPLY IF YOU RECEIVED THIS EMAIL IN ERROR.
THANK YOU FOR YOUR COOPERATION.

---

The information contained in this email message is intended only for use of the individual or entity named above.

4/30/2012

## Mazza, Mia

| | |
|---|---|
| **From:** | Mazza, Mia |
| **Sent:** | Monday, April 30, 2012 3:07 PM |
| **To:** | 'Retsky, Jonathan E.' |
| **Cc:** | Tucher, Alison M.; william.lee@wilmerhale.com |
| **Subject:** | RE: Apple v. Samsung: Apple's Request for Authorization to Produce Motorola CBI |

**Attachments:** 740618-478364.pdf

Jonathan,

Thanks for your email.  WilmerHale has signed on to at least to the Protective Order in the 745 action.  Please see attached.  We are informed by Weil that much of the CBI at issue was produced pursuant to the protective order in the 745 action, and subject to cross use in the 750 and district court cases.  We understand that WilmerHale may also have appeared at one or more depositions in the Moto Illinois matter.

Regards,

**Mia Mazza**
**Morrison & Foerster LLP**
**San Francisco**
**(415) 268-6024 office**
**(415) 216-5835 mobile**
**(415) 268-7522 fax**

---

**From:** Retsky, Jonathan E. [mailto:JRetsky@winston.com]
**Sent:** Monday, April 30, 2012 6:34 AM
**To:** Mazza, Mia
**Cc:** Tucher, Alison M.; william.lee@wilmerhale.com
**Subject:** RE: Apple v. Samsung: Apple's Request for Authorization to Produce Motorola CBI

Mia:

My client cannot find where Wilmer Hale has filed any appearances in the 750 action.  Can you explain what you mean by "have already signed on to the Protective Order in the Apple v. Motorola ITC matter" as you state in your letter?

Thanks.

**Jonathan E. Retsky**
**Partner**
D: +1 (312) 558-3791
F: +1 (312) 558-5700
www.winston.com
WINSTON
& STRAWN
LLP

**From:** Mazza, Mia [mailto:MMazza@mofo.com]
**Sent:** Friday, April 27, 2012 7:02 PM
**To:** Retsky, Jonathan E.
**Cc:** Tucher, Alison M.; william.lee@wilmerhale.com

**Subject:** Apple v. Samsung: Apple's Request for Authorization to Produce Motorola CBI

<<2012-04-27 Ltr Mazza to Retsky re Motorola.pdf>>

Hi Jonathan,

I took Motorola's proposal back to my client, but we couldn't find a way to make it work.
Attached please find correspondence reviewing the matter.  I hope you have a good weekend.
Regards,
**Mia Mazza**
**Morrison & Foerster LLP**
**San Francisco**
**(415) 268-6024 office**
**(415) 216-5835 mobile**
**(415) 268-7522 fax**

--------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that,
if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including
any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of
(i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee
(or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or
any information contained in the message. If you have received the message in error, please advise the
sender by reply e-mail @mofo.com, and delete the message.

--------------------------------------------------------------------

The contents of this message may be privileged and confidential. Therefore, if this message has been
received in error, please delete it without reading it. Your receipt of this message is not intended to waive
any applicable privilege. Please do not disseminate this message without the permission of the author.
************************************************************************ Any tax
advice contained in this email was not intended to be used, and cannot be used, by you (or any other
taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

WILMERHALE

April 20, 2012

BY EDIS

Joseph J. Mueller

+1 617 526 6396(t)
+1 617 526 5000(f)
joseph.mueller@wilmerhale.com

The Honorable James R. Holbein
Secretary
US International Trade Commission
500 E. Street, SW
Washington, DC 20436

Re:   *In re Certain Wireless Communication Devices, Portable Music and Data Processing Devices, Computers and Components Thereof*; Inv. No. 337-TA-745

Dear Secretary Holbein:

I am an attorney with WilmerHale and counsel for Apple Inc. in the above-referenced investigation.  By this letter, and pursuant to paragraph 4 of the Protective Order (Order No. 1), I acknowledge that I have read and agree to the terms of the Protective Order and in accordance with that order, hereby agree:

a.      to be bound by the terms of the Protective Order;

b.      not to reveal any confidential business information to anyone other than another person designated in paragraph 3 of the Protective Order; and

c.      to utilize such confidential business information solely for purposes of this investigation.

I further state that I am admitted to practice in the following jurisdictions: the State of Massachusetts and the United States District Court for the District of Massachusetts.

Respectfully submitted,

Joseph J. Mueller

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Beijing   Berlin   Boston   Brussels   Frankfurt   London   Los Angeles   New York   Oxford   Palo Alto   Waltham   Washington
US1DOCS 7439093v1

In the Matter of Certain Wireless Communication
Devices, Portable Music and Data Processing Devices,
Computers and Components Thereof

Inv. No.:  337-TA-745

## CERTIFICATE OF SERVICE

I, Ann Taylor, hereby certify that on April 20, 2012, copies of the foregoing **Protective Order Subscription of Joseph Mueller** was delivered, pursuant to Commission regulations, to the following interested parties as indicated:

| | |
|---|---|
| The Honorable James R. Holbein<br>Secretary to the Commission<br>U.S. International Trade Commission<br>500 E. Street, SW<br>Washington, DC 20436 | Via EDIS |
| The Honorable Thomas B. Pender<br>Office of the Administrative Law Judge<br>U.S. International Trade Commission<br>500 E Street, SW, Room 317<br>Washington, DC 20436 | Via E-mail<br><br>gregory.moldafsky@usitc.gov |
| Kevin Baer, Esq.<br>Office of Unfair Imports Investigations<br>U.S. International Trade Commission<br>500 E Street, S.W.<br>Washington, D.C.  20436<br>(202) 205-2734 | Via E-mail<br><br>Kevin.Baer@usitc.gov |
| Charles F. Schill<br>Jamie B. Beaber<br>STEPTOE & JOHNSON LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, DC 20036<br><br>*Counsel for Complainants Motorola, Inc. and Motorola Mobility, Inc.* | Via E-mail<br><br>S&JMotorola745@steptoe.com |

In the Matter of Certain Wireless Communication
Devices, Portable Music and Data Processing Devices,
Computers and Components Thereof

Inv. No.:  337-TA-745

| | |
|---|---|
| Charles K. Verhoeven<br>Quinn Emanuel Urquhart & Sullivan LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br><br>David A. Nelson<br>Quinn Emanuel Urquhart & Sullivan LLP<br>500 West Madison Street, Ste. 2450<br>Chicago, IL 60661<br><br>Edward J. DeFranco<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br><br>*Counsel for Complainants Motorola, Inc. and Motorola Mobility, Inc.* | Via E-mail<br><br>Moto-Apple-745@quinnemanuel.com |
| Mark G. Davis<br>Robert T. Vlasis<br>Weil, Gotshal & Manges LLP<br>1300 Eye Street, N.W., Suite 900<br>Washington, DC 20005<br><br>Kevin Judlac<br>Calvin Y. Cheng<br>Justin L. Constant<br>Weil, Gotshal & Manges LLP<br>700 Louisiana, Suite 1600<br>Houston, TX 77002<br><br>Carmen E. Bremer<br>Weil, Gotshal & Manges LLP<br>200 Crescent Court, Suite 300<br>Dallas, TX 75201<br><br>*Lead Counsel for Respondent Apple Inc.* | Via E-mail<br><br>Weil_TLG.Apple.Moto.745.External@weil.com |

In the Matter of Certain Wireless Communication
Devices, Portable Music and Data Processing Devices,
Computers and Components Thereof

Inv. No.:  337-TA-745

| | |
|---|---|
| Matthew D. Powers<br>Steven S. Cherensky<br>Robert L. Gerrity<br>Paul T. Ehrlich<br>Stefani C. Smith<br>Tensegrity Law Group LLP<br>201 Redwood Shores Parkway, Suite 401<br>Redwood Shores, CA 94065<br><br>*Counsel for Respondent Apple Inc.* | Via E-mail<br><br>Weil_TLG.Apple.Moto.745.External@weil.com |
| Robert T. Haslam<br>Anupam Sharma<br>COVINGTON & BURLING LLP<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, California 94065-1418<br>Telephone:  650.632.4700<br>Fax:  650.632.4800<br><br>Robert D. Fram<br>Christine Saunders Haskett<br>Samuel F. Ernst<br>Chris Martiniak<br>Winslow B. Taub<br>COVINGTON & BURLING LLP<br>One Front Street<br>San Francisco, California  94111-5356<br>Telephone:  415.591.6000<br>Fax:  415.6091<br><br>*Counsel for Complainant Apple Inc.* | Via E-mail<br><br>applecov@cov.com |

_____
Ann Taylor
Senior Paralegal
COVINGTON AND BURLING LLP
(650) 632.4700