[COUNSEL LISTED ON SIGNATURE PAGES]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　Defendants. | Case No. 11-cv-01846-LHK<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:<br>Time:<br>Place:　Courtroom 4, 5th Floor<br>Judge:　Hon. Lucy H. Koh |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. 11-CV-01846-LHK
02198.51855/4730508.2

Under Civil Local Rule 16-10(d), the parties jointly submit this Joint Case Management Statement to update the prior statement and to offer their thoughts for the remainder of the case.

1.  **Claims and Defenses the Parties Will Assert at Trial**

**Apple's Claims and Defenses**

Apple has carefully reviewed its claims and defenses and, in order to be able to present its case to the jury in the time allotted, has stream-lined its case. Apple has identified several assets that it is prepared to dismiss without prejudice:

**Utility patents:** Of Apple's eight asserted utility patents, Apple is willing to dismiss one entire patent and several dozen patent claims from the remaining patents without prejudice. Specifically, Apple is willing to dismiss without prejudice:

- All claims of U.S. Patent No. 7,812,828 (ellipse-fitting algorithms to interpret touches).
- Claims 4, 6, 7, 9, and 10 of U.S. Patent No. 6,493,002 (status bar);
- Claims 2, 3, 5, and 10 of U.S. Patent No. 7,469,381 (rubber-banding effect when over-scrolling);
- Claims 2, 3, 6, 7, and 10 of U.S. Patent No. 7,663,607 (touchscreen hardware);
- Claims 1, 5, 9, 10, 12, 14, and 16 of U.S. Patent No. 7,920,129 (touchscreen hardware);
- Claims 7 and 14-21 of U.S. Patent No. 7,844,915 (gestures);
- Claims 14-15, 17-21, 23, 39-40, 42-46, 48, 51-52, 55-56, 64-71, and 73-74 of U.S. Patent No. 7,853,891 (timed window);
- Claims 5, 8-9, 29, 33-34, 36, 38, and 52 of U.S. Patent No. 7,864,163 (tap to zoom and navigate).

**Design patents:** Of Apple's seven design patents, Apple is willing to dismiss without prejudice U.S. Patent No. D622,270. Because the design patent case is straightforward and can be presented primarily via images, it will take little time to present the remainder, *i.e.*:

- U.S. Patent No. D504,889 (iPad 2 body style);
- U.S. Patent No. D593,087 (iPhone body style);
- U.S. Patent No. D618,677 (iPhone body style);

1 • U.S. Patent No. D604,305 (iPhone GUI);

2 • U.S. Patent No. D617,334 (iPhone GUI); and

3 • U.S. Patent No. D627,790 (iPhone GUI).

(*See* Amended Compl., Claims for Relief numbered Eight to Fifteen.)  Contrary to Samsung's representations, it is well-established that claim construction of the asserted design patents is both ill-advised and unnecessary.  *See Egyptian Goddess, Inc. v. Swisa Inc.,* 543 F.3d 665, 679 (Fed. Cir. 2008) ("[T]he preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design."); *Crocs, Inc. v. Int'l Trade Commc'n*, 598 F.3d 1294, 1302 (Fed. Cir. 2010) ("In many cases, the considerable effort in fashioning a detailed verbal description does not contribute enough to the infringement analysis to justify the endeavor.  Depictions of the claimed design in words can easily distract from the proper infringement analysis of the ornamental patterns and drawings.").  Indeed, Samsung's suggestion of that the Court construe the asserted design patents now—*after* expert discovery, and just two months before trial—can only be for purposes of delay.

**Other assets:**  Apple has asserted trade dress infringement and dilution (First, Second, and Fourth Claims for Relief) on the basis of various registered and unregistered trade dress assets.  Apple will dismiss from this case iPhone trade dress Registration No. 3,475,327 and the unregistered trade dress for the original iPhone and the iPhone 4.  Apple's trade dress claims at trial will rest on the following:

• iPhone trade dress Registration Nos. 3,470,983 and 3,457,218

• iPhone 3G (unregistered) trade dress

• iPhone/iPhone 3G/iPhone 4 (unregistered) trade dress, and

• iPad and iPad 2 (unregistered) trade dress.

Apple has asserted trademark infringement under federal and state law, on the basis of seven icons and a trademark for the iTunes Store (Third and Fifth Claims for Relief).  Apple will dismiss from this case Registered Trademark 3,889,685 (settings icon) and Registered Trademark 3,889,642 (messaging icon), and will proceed to trial on the following six trademarks:

- 3,886,200 (yellow and green sunflower for photos);
- 3,886,169 (yellow notepad for "notes");
- 3,886,197 (male silhouette on spiral notebook for "contacts");
- 3,886,196 (green and white phone handset for making phone calls);
- 2,935,038 (eighth note and CD for iTunes music service); and.
- U.S. Application 85/041,463 (white circle with 2/8 musical note for iTunes music service).

All of the preceding can be presented quickly, as they primarily consist of or relate to images.

Apple's claims under California's Unfair Business Practices statute, Bus. and Prof. Code § 17200, and for Unjust Enrichment (Sixth and Seventh Claims for Relief) are equitable claims. They can be tried to the Court simultaneously with the jury trial and will require the presentation of no additional evidence.[1]

Countering Samsung's counter-claims, Apple will assert antitrust, unfair competition, and breach of contract claims.

Apple will defend against Samsung's claims of patent infringement based on non-infringement, invalidity, license, and equitable issues (*e.g.*, waiver and estoppel).

**Samsung's Claims and Defenses**

Apple has refused to adequately reduce the case pursuant to the Court's Order to fit the 25-hour per side limit. The Court clearly told Apple that if it wanted a trial in July and August, it would have to significantly reduce its claims to fit 25 hours per side. Apple has not done so. Despite repeated inquiries from Samsung over the course of the last week, Apple did not identify for Samsung until 2 pm the day of the filing what, if any, claims it would be prepared to drop.

---

[1] Samsung mistakenly suggests that Apple refused to meet and confer about the scope of the parties' claims for reduction last week. Last Friday, Apple's lead counsel wrote to ask Samsung's lead counsel what Samsung wanted to discuss, offering to confer on Saturday, Sunday, or Monday. Apple's correspondence received no response. In fact, Samsung waited until after 9:30 p.m. on the evening that this Joint Statement was due to advise Apple of its position and to raise the arguments it makes here, depriving Apple of any meaningful opportunity to respond in this submission.

1         At 2 pm the day of this filing, when Samsung finally received Apple's portion of this Case
2    Management Statement, it became clear that Apple had not sufficiently reduced its case.  Apple
3    still insists on asserting more than 30 claims.  For example, Apple is willing to dismiss only one
4    of its 8 utility patents, only one of its 7 design patents, 2 of its eight asserted trademarks and 3 of
5    its eight trade dresses.  Apple's purported "reductions" do virtually nothing to streamline the case
6    because each of the intellectual property assets Apple says it will drop are cumulative of other
7    claims.  For example Apple dropped TM registration No. 3,475,327



but kept in the case Nos. 3,470,983



1       and 3,457,218:



8       Dropping this one trademark will not significantly reduce the case because, as can plainly be seen, the "dropped" claim is duplicative of two other substantially identical claims.

Essentially, Apple continues to assert that it will try four cases: utility case with seven patents; design patent case with 6 patents, trade dress case with 5 trade dresses, trademark case with 6 trademarks, and an antitrust case on top of that.  Apple's revisions do not result in any fewer accused products nor eliminate the relevance of any design prior art, functionality arguments, or witnesses.  Further, Apple is not willing to dismiss any of its antitrust or exhaustion allegations.  This case cannot possibly be tried within the Court's available time in July and August.

Even if Apple claims it could put on its case within the time available, there is no way that Samsung could defend against these multiple cases and claims in 25 hours.  In contrast, Samsung has committed to withdrawing three of its 12 counterclaim patents – one fourth of its entire case. Samsung likely would have been willing to reduce its claims even further had Apple approached the Court's request for the parties to limit their case in a reasonable manner.

Pursuant to the Court's instructions during the Case Management Conference and its Case Management Order to streamline and simplify its offensive case for trial, Samsung will reduce its offensive case by dismissing the following offensive patents:

- U.S. Patent No. 7,200,792;
- U.S. Patent No. 7,386,001;
- U.S. Patent No. 7,079,871;

1    Samsung intends to proceed with its remaining claims and defenses, including its claim
2  that Apple infringes the following Samsung patents and Samsung is entitled to damages and
3  permanent injunction to redress this infringement: U.S. Patent No. 6,928,604, U.S. Patent No.
4  7,675,941, U.S. Patent No. 7,362,867, U.S. Patent No. 7,447,516, U.S. Patent No. 7,050,410, U.S.
5  Patent No. 7,069,055, U.S. Patent No. 7,546,893, U.S. Patent No. 7,577,460, and U.S. Patent No.
6  7,698,711.

7    2.    **Dispositive Motions and Motions to Strike**

8    **Apple's Dispositive Motions and Motions to Strike**

9    To reduce the issues that the Court needs to decide before trial, Apple has withdrawn its
10 previously-filed motion for summary judgment (Dkt. No. 660) and will prepare its claims and
11 defenses for jury trial.  Apple does not intend to file any motion for summary adjudication.

12   Apple does intend to file by May 17 a motion under Rule 37(c)(1) seeking to preclude
13 Samsung from asserting defenses based on theories that it failed timely to disclose during
14 discovery.  Specifically, Apple intends to challenge any attempt by Samsung to present or
15 support—through expert testimony or otherwise—contentions never disclosed as required by the
16 Patent Local Rules (for utility patents) or in timely responses to Apple's contention
17 interrogatories (for all claims).  Apple will limit this motion to no more than 25 pages.

18   **Samsung's Dispositive Motions and Motions to Strike**

19   Pursuant to the Court's Case Management Order, Samsung identifies the following issues
20 on which it will seek summary judgment: (1) invalidity of selected Apple patents; and (2)
21 functionality of Apple's trademarks and trade dress.

22   In addition, Apple seeks Court's permission to file on May 17 a motion under Rule
23 37(c)(1) of no more than 25 pages seeking to preclude Samsung from asserting defenses allegedly
24 based on theories not previously disclosed.  Samsung identified a number of theories Apple is
25 pursuing in its experts reports that had not been previously disclosed to Samsung.  If Court
26 permits Apple to file this motion, Samsung respectfully requests permission to file a similar
27 motion to preclude not to exceed 25 pages.

28

1    Finally, Samsung requests a claim construction hearing on any of Apple's design patents
2 that remain in the case. As with utility patents, a design patent must be properly construed to
3 determine its meaning and scope. *See Egyptian Goddess Inc. v. Swisa, Inc.*, 543 F.3d 665, 679
4 (Fed. Cir. 2008) (trial courts have a duty to conduct claim construction in design patent cases).
5 Claim construction is a question of law for the court. *Id*; *see also Markman v. Westview*
6 *Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (*en banc*); *Sun-Mate Corp. v. Koolatron*
7 *Corp.*, 2011 WL 3322597 at *3 (C.D. Cal. Aug. 1, 2011) ("claim construction is a question of law
8 for the court"); *180s Inc. v. Gordini Inc.*, 699 F. Supp. 2d 714, 717 n. 2 (D. Md. 2010) (same);
9 *Moose Mountain Toymakers Inc. v. Majik, Ltd.*, 2011 WL 3626067, at *2 (D.N.J. Aug 12, 2011)
10 ("First, the design patent must be properly construed, as a matter of law.").
11    In the course of expert discovery over the last three weeks, it became apparent that the
12 parties disagree on the scope of the design patent claims and that the parties' infringement and
13 invalidity positions are greatly affected by the scope of the claims. Thus, construing the design
14 patent claims is not only required by law but will greatly reduce the scope of the case by
15 obviating the need to call some of the parties' experts. Therefore, Samsung proposes to hold a
16 claim construction hearing on the remaining design claims on June 21, 2012, concurrently with
17 the hearing on the parties' Motions for Summary Judgment and Daubert motions. The briefing
18 can proceed according to the regular Northern District Local Rules with parties' opening briefs
19 due on May 17, and opposition briefs due on May 31.

20    **A.    *Daubert* Motions**
21    **Apple's *Daubert* Motions**
22    Apple currently intends to file a motion under *Daubert v. Merrell Dow Pharmaceuticals,*
23 *Inc.*, 509 U.S. 579 (1993), and Federal Rule of Evidence 702 seeking the relief described below:
24       i.    Exclusion of Nicholas Godici's opinion that later-issued design patents
25          narrow the construction of certain design patents-in-suit;
26       ii.   Exclusion of testimony from one of Samsung's proffered survey experts,
27          Michael Mazis, as legally irrelevant because Apple's icons are irrebuttably
28          presumed to have achieved consumer association with a single source;

       iii.       Exclusion of testimony from one of Samsung's proferred design experts, Itay Sherman, on various grounds, including lack of qualification to opine on matters addressed in his report;

       iv.       Exclusion of testimony from Samsung's proffered expert on icons, Sam Lucente, on various grounds, including failure to apply proper legal standard;

       v.       Exclusion of testimony from Dr. Mark Lehto regarding ergonomics, for irrelevance of his stated opinions under the proper law;

       vi.       Exclusion of certain opinions of Michael Wagner, Samsung's damages expert;  and

       vii.       Exclusion of certain opinions of George Mantis, one of Samsung's survey experts.

In keeping with the Court's request that we streamline pre-trial filings, Apple proposes that each side limit its *Daubert* motion(s) to a combined total of no more than 25-pages.

**Samsung's *Daubert* Motions**

Apple submitted more than 30 expert reports in this matter.  A number of these reports are plainly improper and several are duplicative of each other.  Samsung currently intends to file a motion under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and Federal Rule of Evidence 702 seeking the relief described below:

       i.       <u>Exclusion of certain opinions and testimony of Terry Musika, Apple's damages expert</u>.  Mr. Musika relies on a series of improper assumptions, ad hoc and unreliable methods, and insufficient data to support his opinions rather than sound economic analysis.  Mr. Musika's analyses are convoluted and inappropriately inflate the scale of damages.  They would therefore be highly prejudicial and not helpful to the jury.  Mr. Musika's specific analyses and opinions on lost profits, "infringer's profits," reasonable royalty and irreparable harm are contrary to governing law on acceptable remedies for alleged infringement of intellectual property and at odds with the facts of this case.  They should be excluded;

       ii.       <u>Exclusion of opinions of John Hauser, Apple's damages survey expert</u>.  Apple's damages survey expert, John Hauser, should be excluded on multiple grounds. First, Dr. Hauser

1  failed to produce a single document concerning the In Depth Interviews and pre-tests he allegedly
2  conducted to craft his survey.  Dr. Hauser asserts that not a single record was kept of these 20
3  interviews and pre-tests, but that all the results were verbally conveyed to him.  Without any
4  records, Samsung cannot replicate Dr. Hauser's survey and it should be excluded on this basis
5  alone.  Second, Dr. Hauser ran no pre-tests on the final version of the survey administered to
6  respondents.  Apple's own rebuttal expert admits this is critical to ensure that respondents
7  actually understood the survey.  Finally, Dr. Hauser did not survey any feature at issue in this
8  case.  Dr. Hauser simply assumed that Apple's asserted utility patents affect the accuracy and
9  reliability of touch screens.  But the patents have nothing to do with that, making Dr. Hauser's
10 survey irrelevant to any issue in the case.  For these reasons, among others, Dr. Hauser's opinions
11 should be excluded;

12          iii.     <u>Exclusion of opinions and testimony of Henry Urbach, Apple's expert on the</u>
13 <u>alleged cultural significance of Apple</u>.  Mr. Urbach's report is irrelevant and will not assist the
14 trier of fact in the determination of a fact at issue.  The "cultural significance" of Apple's designs
15 and Apple's "commitment to design" are not at issue in this litigation.  Moreover, Mr. Urbach's
16 report essentially consists of his own subjective and conclusory opinion that Apple products are
17 desirable—"[b]eautiful, even stunning."  Mr. Urbach's "methodology" is not the least bit
18 scientific or technical and therefore not subject to standards or controls, relying heavily on
19 anecdote such as his personal experiences while traveling in Spain and such abstract observations
20 as transcendence.  For example, when asked about the statement in his report that: "Certain
21 exceptionally alluring products may even reach the status of a fetish," he responded that "An
22 object that is a fetish is not something that is merely used, but it is something that holds a kind of
23 auratic power. It holds the authority to compel because it stands in for something else. It promises
24 to secure or deliver, a god is a good example of that, a god that promises good fortune or
25 immortality or fertility."  These types of opinions are not helpful to the jury.

26          iv.      <u>Exclusion of testimony from Susan Kare regarding alleged infringement of</u>
27 <u>Apple's non-utility patent intellectual property</u>.   Ms. Kare's analysis of infringement of design
28 patents and trademarks does not take into account proper legal standard and ignores appropriate

1  comparison required under law. For example, although Kare talks about Samsung's accused
2  products and Apple's design patents, she never opines about how an ordinary observer would
3  perceive Samsung's accused products, nor would she have any basis for such an opinion. In
4  addition, she failed to consider Apple's design patents in view of prior art or their functionality,
5  even though she admitted that Apple's graphic user interface was not purely aesthetic and was in
6  part functional.

7    v. <u>Exclusion of opinions of Sanjay Sood, Apple's expert on consumer decision
8  making</u>. Mr. Sood opines about the importance of design in smartphone product choice based on
9  irrelevant studies conducted about reactions to such basic products as lamps, staplers, tape
10 dispensers, and alarm clocks. His studies should be excluded as well on the same grounds as
11 Urbach's opinions. Rather than refer to the "cultural significance" of Apple's design, Sood
12 opines about the fact that "Apple is "known for design," and has "design in Apple's DNA," again,
13 facts not at issue.

14   vi. <u>Exclusion of Jeffrey Winer's expert testimony</u> on the grounds that his testimony is
15 merely duplicative of Apple's other experts, and exclusion of <u>portions of Richard Donaldson's
16 expert testimony</u> on the ground of improper cumulativeness and legal opinion;

17   Samsung does not believe 25 pages is sufficient to address the above motions and requests
18 the Court to permit it to file a brief not to exceed 40 pages.

19   **B.** ***In Limine* Motions**
20 **Apple's *In Limine* Motions**
21   Apple currently plans to file motions *in limine* seeking the following relief:
22   i. Exclusion of argument or evidence as to how other courts have construed–
23   –or ruled on the validity, enforceability, or infringement of—any of Apple's
24   patents, or their foreign counterparts or US or foreign family members.
25   ii. Exclusion of argument or evidence regarding statements attributed to Steve
26   Jobs by Walter Isaacson.
27   iii. Obscuring the "Samsung" logo on the court's video display for jurors.
28   iv. Exclusion of any reference to working conditions in China.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. 11-CV-01846-LHK
02198.51855/4729563.1

10

1            v.      Exclusion of any reference to the size of Apple's tax bills.

2            vi.     Exclusion of expert opinions not disclosed in Samsung's expert reports.

Apple requests that it be allowed to file up to seven motions in limine, provided it does not exceed a limit of 35 pages for all such motions.

**Samsung's *In Limine* Motions**

Samsung currently plans to file motions *in limine* seeking the following relief:

i.      Exclusion of arguments that steps in various utility patents must be performed in certain order as contrary to law;

ii.     Exclusion of any reference to other cases, orders for sanctions, and/or to the parties' discovery conduct;

iii.    Exclusion of the document containing page number SAMDNCA10154021, and any other documents reprinting or referencing subject matter therein on the grounds of hearsay, lack of foundation, and F.R.E. 403;

iv.     Exclusion of any reference to any alleged trade secret violations, or to any other claims not asserted in the present case;

v.      Exclusion of document number SAMNDCA00526887-52693 or any other document or testimony describing the subject matter discussed on pages 526905-13 on the grounds of hearsay and F.R.E. 403;

vi.     Exclusion of certain third party publications, such as Apple related blogs, and articles by non-expert newspaper reporters, regarding any assessment of Apple and Samsung and/or their products.

Samsung requests that it be allowed to file up to 10 motions *in limine* not to exceed 5 pages each.

**3.     Developments Since the April 5, 2012 Case Management Statement**

On April 16 and 23, 2012, the parties submitted Joint Status Reports describing their efforts to narrow the issues for trial.  (Dkt. No. 881.)  Since the April 23 Report, the parties have made further progress in streamlining the case, as discussed above in Section 1.

1      On April 12, 2012, Judge Grewal granted in part and denied in part Samsung's Motion to
2 Compel Production of Certain Design Patents and Samsung's Motion to Compel Production of
3 Materials From Related Proceedings and to Enforce December 22, 2011 Court Order.  (Dkt. No.
4 867.)  On April 26, 2012, Apple filed an administrative motion seeking clarification of the latter
5 ruling.  (Dkt. No. 885.)  That administrative motion remains pending.

6      On April 23, 2012, Judge Grewal granted in part and denied in part Apple's Motion for
7 Rule 37(b)(2) Sanctions for Samsung's Violations of September 28 and December 22, 2011
8 Discovery Orders, and also granted in part and denied in part Apple's Rule 37(b)(2) Motion
9 Regarding Samsung's Violation of January 27, 2012 Damages Discovery Order.  (Dkt. No. 880.)

10     On April 24, 2012, Judge Grewal heard argument on Apple's Rule 37(b)(2) Motion Based
11 on Samsung's Violation of the December 22, 2011 Order Regarding Source Code.  (Dkt. No.
12 795.)  Judge Grewal has not issued a ruling on that motion as of the date of this submission.

13     Expert discovery closed on April 27, 2012, pursuant to the Court's August 25, 2011 Case
14 Management Order.  A limited number of expert depositions have yet to be taken, including the
15 depositions of each side's damages expert.  The parties anticipate that all expert depositions shall
16 be completed by May 14, 2012.

17     **4.     Proposals For the Remainder of the Case Development Process**

18     As directed by the Court, the parties identify above the dispositive, *Daubert*, and *in limine*
19 motions they currently intend to file.  Pursuant to the Court's August 25, 2011 and April 12, 2012
20 Case Management Orders, the parties intend to file their dispositive motions and their *Daubert*
21 motions no later than May 17, 2012.  The parties propose the following additional deadlines,
22 which are consistent with the Court's Guidelines for Final Pretrial Conference, before our July 18,
23 2012 pre-trial conference:

| Date | Deadline |
|---|---|
| June 29, 2012 | Last day to file Rule 26(a)(3) pretrial disclosures |
| July 3, 2012 | Last day to file joint pretrial statement and to exchange copies of all exhibits, summaries, charts, and diagrams to be used at trial other than solely for impeachment or rebuttal |

| | |
|---|---|
| July 3, 2012 | Last day to file motions *in limine* |
| July 8, 2012 | Last day to file oppositions to motions *in limine* |
| July 11, 2012 | Last day to file *voir dire* questions, proposed jury instructions, and proposed verdict forms |
| July 13, 2012 | Last day to file objections to the use of a deposition or admissibility of materials identified under Rule 26(a)(3) disclosures |
| July 16, 2012 | Last day to file excerpts of deposition testimony or other discovery to be offered at trial other than solely for impeachment or rebuttal |

## 5.     ADR

**Both Parties' Position**

As directed by the Court, Apple's chief executive officer and general counsel and Samsung's chief executive officer and general counsel will participate in a Settlement Conference with Magistrate Judge Spero.    (Dkt. No. 889.)

| | | |
|---|---|---|
| 1 | Dated: April 30, 2012 | HAROLD J. MCELHINNY (CA SBN 66781) |
| | | hmcelhinny@mofo.com |
| 2 | | MICHAEL A. JACOBS (CA SBN 111664) |
| | | mjacobs@mofo.com |
| 3 | | JENNIFER LEE TAYLOR (CA SBN 161368) |
| | | jtaylor@mofo.com |
| 4 | | ALISON M. TUCHER (CA SBN 171363) |
| | | atucher@mofo.com |
| 5 | | RICHARD S.J. HUNG (CA SBN 197425) |
| | | rhung@mofo.com |
| 6 | | JASON R. BARTLETT (CA SBN 214530) |
| | | jasonbartlett@mofo.com |
| 7 | | MORRISON & FOERSTER LLP |
| | | 425 Market Street |
| 8 | | San Francisco, California  94105-2482 |
| | | Telephone:  (415) 268-7000 |
| 9 | | Facsimile:  (415) 268-7522 |
| 10 | | WILLIAM F. LEE |
| | | william.lee@wilmerhale.com |
| 11 | | WILMER CUTLER PICKERING |
| | | HALE AND DORR LLP |
| 12 | | 60 State Street |
| | | Boston, MA 02109 |
| 13 | | Telephone: (617) 526-6000 |
| | | Facsimile: (617) 526-5000 |
| 14 | | |
| 15 | | MARK D. SELWYN (SBN 244180) |
| | | mark.selwyn@wilmerhale.com |
| 16 | | WILMER CUTLER PICKERING |
| | | HALE AND DORR LLP |
| 17 | | 950 Page Mill Road |
| | | Palo Alto, California 94304 |
| 18 | | Telephone: (650) 858-6000 |
| | | Facsimile: (650) 858-6100 |
| 19 | | |
| 20 | | |
| | | By:     /s/ Alison Tucher |
| 21 | | |
| 22 | | MORRISON & FOERSTER LLP |
| | | Attorneys for Plaintiff and Counterclaim- |
| 23 | | Defendant |
| | | APPLE INC. |
| 24 | | |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. 11-CV-01846-LHK

02198.51855/4729563.1

14

| | |
|---|---|
| Dated: April 30, 2012 | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Charles K. Verhoeven (Cal. Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Kevin P.B. Johnson (Cal. Bar No. 177129)<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Cal. Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>Michael T. Zeller (Cal. Bar No. 196417)<br>michaelzeller@quinnemanuel.com<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>By:  */s/ Vicki Maroulis*<br><br>Attorneys for Defendants and Counterclaim-Plaintiffs SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

sf-3138409