| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| JENNIFER LEE TAYLOR (CA SBN 161368) | 60 State Street |
| jtaylor@mofo.com | Boston, MA 02109 |
| ALISON M. TUCHER (CA SBN 171363) | Telephone: (617) 526-6000 |
| atucher@mofo.com | Facsimile: (617) 526-5000 |
| RICHARD S.J. HUNG (CA SBN 197425) | |
| rhung@mofo.com | |
| JASON R. BARTLETT (CA SBN 214530) | MARK D. SELWYN (SBN 244180) |
| jasonbartlett@mofo.com | mark.selwyn@wilmerhale.com |
| MORRISON & FOERSTER LLP | WILMER CUTLER PICKERING |
| 425 Market Street | HALE AND DORR LLP |
| San Francisco, California  94105-2482 | 950 Page Mill Road |
| Telephone:  (415) 268-7000 | Palo Alto, California 94304 |
| Facsimile:  (415) 268-7522 | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.    11-cv-01846-LHK (PSG) |
| Plaintiff, | **REPLY IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION FOR CLARIFICATION OF APRIL 12 ORDER** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | [Local Rule 7-11]<br><br>Hon. Paul S. Grewal |
| Defendants. | |

REPLY ISO APPLE'S ADMINISTRATIVE MOTION FOR CLARIFICATION
CASE NO. 11-CV-01846-LHK (PSG)
sf-3139907

Apple respectfully requests the Court's consideration of the following five reply points in support of its Administrative Motion for Clarification:

1. An Administrative Motion under Local Rule 7-11 is an appropriate, commonly-used method for requesting clarification of a court order.  *See, e.g.*, *Millennium TGS, Inc. v. DOES 1-21*, Case No. C 11-01739 PSG, 2011 U.S. Dist. LEXIS 94397 (N.D. Cal. Aug. 22, 2011); *Electrograph Systems, Inc. v. NEC Corp.*, No. M 07-1827-SI, 2012 U.S. Dist. LEXIS 14303 (N.D. Cal. Feb. 6, 2012).  Apple does not seek reconsideration.

2. There is a simple explanation for the additional *Motorola*-related documents now at issue.  (*See* Opp. at 4.)  Apple's production of *Motorola* documents as discussed in the December 22, 2011, Order and underlying papers was limited to documents regarding "three of the patents-at-issue."  (Dkt. No. 536 at 2.)  Apple produced the requested documents regarding those three patents in December.  Under the April 12 Order, Apple is now required to produce "all court documents" from the *Motorola* matters, regardless of subject matter.  This is a significantly broader scope of production, in part because the *Motorola* matters involve patents other than the three at issue in the December 22 Order.

3. Apple did not previously "waive" the issue of third-party CBI by not raising it earlier.  This issue had not arisen previously because Samsung's motion to compel did not seek production of unredacted documents without consent of the producing parties.  Samsung sought materials without third-party CBI, materials with third-party CBI with consent to produce, and *redacted* information where no consent had been granted.  (Samsung March 6, 2012 Mot. at 12.)  Samsung's opposition ignores Apple's footnote to this effect.

4. As soon as the April 12 Order was issued, outside counsel for Apple at six different law firms worked diligently to (1) collect and produce all non-confidential or Apple-CBI-only court documents in all eight cases; (2) analyze the operative Protective Orders in all eight cases to determine in which cases the CBI documents could be produced under the April 12 Order without further consent; (3) identify parties and nonparties whose consent was needed; (4) send notices to such parties and nonparties; and (5) petition the International Trade Commission for authorization to produce documents containing CBI without the consent of the parties who produced those

1 documents.

2     5. Most importantly, Samsung's opposition does not dispute the key fact of our motion—that the ITC Protective Orders contain no exception for court-ordered production of protected material. That undisputed fact is the reason Apple respectfully requests that this Court clarify the intended scope of its April 12th Order. (See, e.g., April 24, 2012 Hrg. Tr. at 19:16-22 ("if there was a problem [complying with the order], you should seek guidance from the Court.").)

Dated: May 1, 2012                MORRISON & FOERSTER LLP

By:   */s/ Alison M. Tucher*
      Alison M. Tucher

      Attorneys for Plaintiff
      APPLE INC.