HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE INC.'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS DUE TO SAMSUNG'S SPOLIATION OF EVIDENCE**<br><br>Date:  June 7, 2012<br>Time:  1:30 p.m.<br>Place:  Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

**REDACTED PUBLIC VERSION**

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ....................................................................... iv

RELIEF REQUESTED ............................................................................................... iv

STATEMENT OF ISSUES TO BE DECIDED ........................................................... iv

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 1

I.     FACTUAL BACKGROUND ............................................................................. 2

     A.     ███████████████████████████████ ........ 2

     B.     Samsung's Litigation Hold Notices ...................................................... 2

     C.     ███████████████████████████
           ██████████ .................................................. 3

     D.     ████████████████████
           ███████ ........................................................................ 4

     E.     Samsung Destroyed Relevant Documents in Connection with Its
           Obstruction of the KFTC Investigation .................................................. 6

II.    LEGAL STANDARD .......................................................................................... 7

III.   THE COURT SHOULD ISSUE ADVERSE INFERENCE INSTRUCTIONS AS
     A SANCTION FOR SAMSUNG'S SPOLIATION OF EVIDENCE ............................ 10

     A.     Samsung Destroyed Evidence It Was Obligated to Preserve.............................. 10

           1.     Samsung Destroyed Emails That It Was Obligated to Preserve.............. 10

           2.     Samsung Destroyed Evidence in Connection with the KFTC
                Investigation That It Was Obligated to Preserve ....................................... 11

     B.     Samsung Acted With a Culpable State of Mind ................................................... 12

           1.     Samsung Destroyed Emails Willfully and in Bad Faith ......................... 12

           2.     Samsung Destroyed Documents in Connection with Obstructing the
                KFTC Investigation in Bad Faith ......................................................... 13

     C.     The Destroyed Evidence Was Relevant to Apple's Claims................................. 13

           1.     Samsung Destroyed Relevant Emails ....................................................... 13

           2.     Samsung Destroyed Relevant Evidence About Its iPhone
                Countermeasures ....................................................................................... 14

     D.     The Court Should Issue Adverse Inference Jury Instructions............................ 14

IV.   CONCLUSION ...................................................................................................... 15

# **TABLE OF AUTHORITIES**

**Page(s)**

C<span style="font-variant:small-caps">ASES</span>

*Cyntegra, Inc. v. Idexx Labs., Inc.*,
No. CV-06-4170,
2007 U.S. Dist. LEXIS 97417 (C.D. Cal. Sept. 21, 2007) ...................................................... 9

*Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*,
No. C 06-3359,
2008 U.S. Dist. LEXIS 111150 (N.D. Cal. Sept. 19, 2008) ..................................................... 8

*Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*,
No. C 06-3359,
2009 U.S. Dist. LEXIS 62668 (N.D. Cal. July 2, 2009) ..................................................... 9, 10

*Fjelstad v. Am. Honda Motor Co.*,
762 F.2d 1334 (9th Cir. 1985) .................................................................................................. 9

*Glover v. BIC Corp.*,
6 F.3d 1318 (9th Cir. 1993) ....................................................................................................... 8

*Hamilton v. Signature Flight Support Corp.*,
No. C 05-0490,
2005 U.S. Dist. LEXIS 40088 (N.D. Cal. Dec. 20, 2005) ........................................................ 9

*Hynix Semiconductor, Inc. v. Rambus Inc.*,
591 F. Supp. 2d 1038 (N.D. Cal. 2006) .............................................................................. 10, 13

*IO Group Inc. v. GLBT Ltd.*,
No. C-10-1282,
2011 U.S. Dist. LEXIS 120819 (N.D. Cal. Oct. 19, 2011) ............................................. *passim*

*Kronisch v. United States*,
150 F.3d 112 (2d Cir. 1998) ................................................................................................. 9-10

*Leon v. IDX Sys. Corp.*,
464 F.3d 951 (9th Cir. 2006) ......................................................................................... 7, 8, 13

*MOSAID Techs., Inc. v. Samsung Elecs. Co., Ltd.*,
348 F. Supp. 2d 332 (D.N.J. 2004) ................................................................................ 1, 12, 15

*Nat'l Ass'n of Radiation Survivors v. Turnage*,
115 F.R.D. 543 (N.D. Cal. 1987) ........................................................................................... 10

*Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC.*,
685 F. Supp. 2d 456 (S.D.N.Y. 2010) ................................................................................. 8, 11

*Residential Funding Corp. v. Degeorge Fin. Corp.*,
  306 F.3d 99 (2d Cir. 2002) .................................................................................. 8, 9

*UMG Recordings, Inc. v. Hummer Winblad Venture Partners (In re Napster, Inc. Copyright Litig.)*,
  462 F. Supp. 2d 1060 (N.D. Cal. 2006) .............................................................. 9

*United Factory Furniture Corp v. Alterwitz*,
  No. 2:12-cv-00059,
  2012 U.S. Dist. LEXIS 48795 (D. Nev. Apr. 5, 2012) ...................................... 8, 11

*Valley Eng'rs v. Electric Eng'g Co.*,
  158 F.3d 1051 (9th Cir. 1998) .......................................................................... 8 n.6

*West v. Goodyear Tire & Rubber Co.*,
  167 F.3d 776 (2d Cir. 1999) .............................................................................. 8

*World Courier v. Barone*,
  No. C 06-3072 TEH,
  2007 U.S. Dist. LEXIS 31714 (N.D. Cal. Apr. 13, 2007) .................................. 9

1

## NOTICE OF MOTION AND MOTION

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3      PLEASE TAKE NOTICE that on June 7, 2012, at 1:30 p.m., or as soon as the matter may

4  be heard by the Honorable Lucy H. Koh in Courtroom 8, United States District Court for the

5  Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San

6  Jose, CA 95113, Apple Inc. ("Apple") shall and hereby does move the Court for an order

7  pursuant to the Court's inherent authority and Federal Rule of Civil Procedure 37(b)(2) imposing

8  sanctions against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and

9  Samsung Telecommunications America, LLC (collectively, "Samsung") for spoliating evidence.

10      This motion is based on this notice of motion and supporting memorandum of points and

11  authorities; the Declaration of Esther Kim In Support of Apple's Motion for Spoliation Sanctions

12  against Samsung and exhibits attached thereto; and such other written or oral argument as may be

13  presented at or before the time this motion is taken under submission by the Court.

14

## RELIEF REQUESTED

15      Pursuant to the Court's inherent authority, Federal Rule of Civil Procedure 37(b)(2), and

16  Local Rule 37-4, Apple seeks a finding that Samsung spoliated evidence.  Apple also seeks

17  adverse inference jury instructions to the effect that:  (1) Samsung had a duty to preserve relevant

18  evidence, including emails; Samsung failed to preserve large volumes of relevant emails and

19  other documents; Samsung acted in bad faith in failing to preserve the relevant documents; and

20  the jury may presume that the documents that Samsung failed to preserve would have been

21  favorable to Apple's case and unfavorable to Samsung; and (2) if the jury finds infringement of

22  any Apple patent, trademark, or trade dress, that jury may infer that the infringement was

23  intentional, willful, and without regard to Apple's rights.

24

## STATEMENT OF ISSUES TO BE DECIDED

25      1.      Whether Samsung spoliated evidence.

26      2.      Whether Samsung's spoliation of evidence warrants Apple's requested sanctions.

27

28

1    Dated:  May 1, 2012                          MORRISON & FOERSTER LLP

2

3                                                 By:    */s/ Harold J. McElhinny*
                                                        Harold J. McElhinny
4
                                                        Attorneys for Plaintiff
5                                                       APPLE INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

Samsung has spoliated vast quantities of relevant evidence in blatant disregard of its duty to preserve all such evidence.  Strong adverse inference instructions are required.

First, at all times since it first had notice of Apple's claims in August 2010, ████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████   And Samsung knows it, having been sanctioned before for failing to disable the automatic deletion function when obligated to preserve relevant evidence.  *See MOSAID Techs., Inc. v. Samsung Elecs. Co., Ltd.*, 348 F. Supp. 2d 332, 339 (D.N.J. 2004); *see also Fractus, S.A. v. Samsung Elecs. Co. Ltd.*, Case No. 09-cv-203, (E.D. Tex.) (May 20, 2011 trial transcript referring to Samsung's continued policy of deleting email every two weeks after lawsuit was filed).

Samsung's ad hoc, unmonitored email "preservation" methods have resulted in the irretrievable loss of unknown volumes of relevant emails.  For example, Judge Grewal recently compelled the deposition of Won Pyo Hong, the head of Samsung's Product Strategy Team, in part due to an email in which Dr. Hong "directly orders side-by-side comparisons of Apple and Samsung products for design presentations."  (April 4 Order at 10.) ████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████   Apple and the Court cannot possibly know how many more emails Dr. Hong sent or received that would have supported Apple's claims that Samsung copied Apple products had they not been deleted.  The same is true for the many other Samsung witnesses who produced only a handful of emails, or none at all.

Second, Samsung obstructed an investigation by the Republic of Korea's Fair Trade Commission's ("KFTC") by deliberately destroying "files containing Korean roadmap iPhone countermeasure related report data, Tab price policy, company's proposal if iPhone not adopted,

etc." (Kim Decl. Ex. 1 at 5.)  Documents about Samsung's responses to the iPhone are relevant to this case and should have been preserved.

Samsung's egregious conduct has severely prejudiced Apple.  The inculpatory documents that Samsung did produce are likely only the tip of the iceberg.  Samsung's continued ████ ████████████████████████████████████████ and its deliberate destruction of documents related to the iPhone warrant the strongest possible adverse inference instructions.

## I.   FACTUAL BACKGROUND

### A.   ████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████

### B.   Samsung's Litigation Hold Notices

██████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████

████████████████████████████████

███████████████████████████████

███████████████████████████████████████

███████████████████████████████████

---

[1] Apple reserves its objections to the use of ITC deposition transcripts at trial, which would violate the parties' cross-use agreement.

[2] ████████████████████████████████████████████
██████████████████████████████████████████████ )

1

2

3

4

5

6

7

8

9

10

11 **C.**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1　████████████████████████████████████

2　██████████████████████████████████████

3　████████████████████████████████████

4　███████████████████████████████████

5　████████████████████████████████████

6　█████████████████████████████████████

7　████████████

8　**D.** █████████████████████████████████

9

The scarcity of emails produced from key Samsung fact witnesses involved in the design,

development, and marketing of the accused products shows that Samsung's purported reliance on

this unmonitored, ad-hoc approach is insufficient. ██████████████████

████████████████████████████████████

Moreover, while Samsung produced some relevant emails from certain custodians, ████

████████████████████████████████

████████████████████ By way of example:

• █████████████████████████████████████

██████████████████████████████████

████████████████████████████████

████████████████████████████

██████████████████████████ April 17, 2011,

email regarding comparisons of Apple and Samsung products, which Judge

Grewal cited in granting Apple's motion to compel his deposition.  (Dkt. No. 850

at 9-10.) ████████████████████████

─────────────────────────

[4] Samsung's 30(b)(6) witness claimed that ██████████████████

████████████████████████████████████

████████████████████

Case 5:11-cv-01846-LHK   Document 895-1   Filed 05/01/12   Page 11 of 22

1

2

- 3

4

5

- 6

7

8

9

10

- 11

12

13

14

15

16

17

- 18

19

20

21

22

23

24

25

26

27

28

APPLE'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3134782

5

- ███████████████████████████
███████████████████████████████████
███████████████████████████████████
██████████████████████████
████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████████████
████████████
███████████████████████████████████████
████████████████████████████████████
██████████████████████████████████████████████
█████████████████████████████████████████████
████████████████████████████████████

### E. Samsung Destroyed Relevant Documents in Connection with Its Obstruction of the KFTC Investigation

On March 16, 2012, the KFTC issued a press release announcing the "Highest Fine Ever Levied for Samsung Electronics' Repeated Obstruction of Investigations." (Kim Decl. Ex. 1 at 1.) The investigation targeted the "Mobile Communications Division, Korean Product Planning Group" (*id*. Ex. 1 at 2), which is headed by ███████████████████████████████████████ ████████████████████████████████████ ████████████████████████

The KFTC press release reports: "During an on-site investigation of [SEC's] Suwon facility regarding mobile phone distribution, significant acts constituting obstruction of investigation occurred, in which numerous executive employees participated." (*Id*. Ex. 1 at 1.) Specifically, on March 24, 2011, security personnel blocked KFTC officials from entering the facility, while "Samsung employees from the department subject to the investigation destroyed relevant data and replaced the computers of those employees who were subject to investigation."

1   (*Id.*)  Further, "[t]he head of the department subject to the investigation"— ███████████ —

2   "evaded the investigation according to a contingency plan, and, following the FTC investigators'

3   withdrawal, returned to the office and deleted relevant data saved on his computer."  (*Id.*)  The

4   KFTC quoted portions of a highly incriminating email that ███████████ sent on March 25,

5   2011, to an "Executive Vice President"— ███████████████████████ —which

6   described the deletion of "files containing Korean roadmap iPhone countermeasure related report

7   materials, Tab price policy, company's proposal if iPhone not adopted, etc."  (*Id.* Ex. 1 at 5.)

8   ████████████████████████████████████████████████████

9   ███████████████, Samsung failed to produce the incriminating

10  March 25, 2011, email in this litigation.  (*See id.* ¶ 4-5, Ex. 9 at 1 & Ex. S.)

11          According to the press release, "materials subject to investigation were destroyed and

12  computers of key employees subject to investigation were replaced under the direction of Senior

13  Vice President Park, Samsung Electronics Mobile Communications Division Support Team

14  Leader."  (*Id.* Ex. 1 at 2.)  Samsung's organization chart identifies Senior Vice President ████

15  ██████  as responsible for its ████████████████████████████████

16  ████████████████████████████████████████████████

17  ████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████

19  ████████████

20  **II.      LEGAL STANDARD**

21          Litigants owe an uncompromising duty to preserve evidence that they know or reasonably

22  should know will be potentially relevant to a pending or reasonably foreseeable lawsuit.  *Leon v.*

23  *IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006).  That duty requires suspending any "routine

24  document retention/destruction policy and put[ing] in place a 'litigation hold.'"  *Zubulake v. UBS*

25  *Warburg LLC* (*Zubulake IV*), 220 F.R.D. 212, 218 (S.D.N.Y. 2003); *see IO Group Inc. v. GLBT*

26  *Ltd.,* No. C-10-1282, 2011 U.S. Dist. LEXIS 120819, at *14-15 (N.D. Cal. Oct. 19, 2011) (failure

27  to suspend automatic deletion function of email system violated duty to preserve).  Counsel "must

28  take affirmative steps to monitor compliance [with a litigation hold] and counsel's failure to do so

1 constitutes gross negligence for sanctions purposes, because it is likely to result in destruction of

2 relevant information." *United Factory Furniture Corp v. Alterwitz*, No. 2:12-cv-00059, 2012

3 U.S. Dist. LEXIS 48795, at *7 (D. Nev. Apr. 5, 2012) (citation omitted); *Pension Comm. of Univ.*

4 *of Montreal Pension Plan v. Banc of Am. Sec., LLC.*, 685 F. Supp. 2d 456, 466 (S.D.N.Y. 2010).

5   Where a party fails to preserve relevant evidence, trial courts may impose sanctions under

6 their inherent powers to manage their dockets. *Leon*, 464 F.3d at 958; *Glover v. BIC Corp.*, 6

7 F.3d 1318, 1329 (9th Cir. 1993).  Spoliation sanctions also may be issued under Rule 37(b), if the

8 destruction of evidence violates a discovery order. *Dong Ah Tire & Rubber Co., Ltd. v.*

9 *Glasforms, Inc.*, No. C 06-3359, 2008 U.S. Dist. LEXIS 111150, at *12 (N.D. Cal. Sept. 19,

10 2008).  Spoliation sanctions serve the purpose of deterring parties from engaging in spoliation,

11 placing the risk of erroneous judgment on the party who wrongfully created the risk, and restoring

12 the prejudiced party to the position it would have occupied had the evidence not been destroyed.

13 *See, e.g., West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)*; Dong Ah Tire*,

14 2008 U.S. Dist. LEXIS 111150, at *12.

15   Available sanctions include:  (1) dismissing the spoliating party's claims or defenses,

16 *Leon*, 464 F.3d at 959; (2) excluding testimony or evidence based on the spoliation, *Glover*,

17 6 F.3d at 1329; and (3) instructing the jury to infer that evidence destroyed or suppressed was

18 adverse to the party who destroyed it, *Id.*; *Residential Funding Corp. v. Degeorge Fin. Corp.*, 306

19 F.3d 99, 107 (2d Cir. 2002).  In determining a sanction, courts may consider:  "(1) the degree of

20 fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by

21 the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness

22 to the opposing party." *See IO Group Inc.*, 2011 U.S. Dist. LEXIS 120819, at *8; *AdvantaCare*,

23 2004 U.S. Dist. LEXIS 16835, at *12-13.[6]

24

25

26    [6] Courts must consider additional factors before granting terminating sanctions, *see Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. Cal. 1998), but Apple is not seeking terminating sanctions.

27

28

1    Adverse inference jury instructions are an appropriate sanction where:  (1) the party with

2    control over the evidence had an obligation to preserve it when it was destroyed; (2) the evidence

3    was destroyed with a culpable state of mind; and (3) the destroyed evidence was "relevant" to the

4    party's claim or defense.  *See Residential Funding Corp.*, 306 F.3d at 107; *UMG Recordings, Inc.*

5    *v. Hummer Winblad Venture Partners (In re Napster, Inc. Copyright Litig.)*, 462 F. Supp. 2d

6    1060, 1078 (N.D. Cal. 2006); *but see Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*, No. C

7    06-3359, 2009 U.S. Dist. LEXIS 62668 (N.D. Cal. July 2, 2009), at *14 n.5 (noting that several

8    district courts in California use this three part test but applying a two-part test of (1) destruction

9    after notice that material was "potentially relevant" and (2) resulting prejudice).

10    The first factor is met if litigation was probable or reasonably anticipated at the time that

11    the potentially relevant evidence was destroyed.  *In re Napster*, 462 F. Supp. 2d at 1068.

12    The second factor, culpability, is satisfied by "[s]imple notice of 'potential relevance to

13    the litigation'"; "bad faith" is not required.  *Glover*, 6 F.3d at 1329.  Most courts agree that

14    negligent destruction warrants adverse inference instructions.  *See*, *e.g.*, *Residential Funding*

15    *Corp.*, 306 F.3d at 113; *Cyntegra, Inc. v. Idexx Labs., Inc.*, No. CV-06-4170, 2007 U.S. Dist.

16    LEXIS 97417, at *19-20 (C.D. Cal. Sept. 21, 2007); *World Courier v. Barone*, No. C 06-3072

17    TEH, 2007 U.S. Dist. LEXIS 31714 (N.D. Cal. Apr. 13, 2007); *but see Hamilton v. Signature*

18    *Flight Support Corp.*, No. C 05-0490, 2005 U.S. Dist. LEXIS 40088, at *9 (N.D. Cal. Dec. 20,

19    2005) (requiring a showing of "conscious disregard").  Even if a level of culpability higher than

20    ordinary negligence were required, the failure to disable automatic deletion functions satisfies a

21    higher standard.  *See IO Group Inc.*, 2011 U.S. Dist. LEXIS 120819, at *19-20 (party

22    "consciously disregarded" its discovery obligations by failing to turn off its automated deletion

23    function); *In re Napster*, 462 F. Supp. 2d at 1070 (failure to suspend e-mail destruction policies is

24    grossly negligent).  Sanctions for violations of Rule 37 "may be imposed even for negligent

25    failures to provide discovery."  *See Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1343 (9th

26    Cir. 1985).

27    The third factor requires "some evidence suggesting" that destroyed documents were

28    potentially relevant to the lawsuit.  *Kronisch v. United States*, 150 F.3d 112, 128 (2d Cir. 1998).

1    Since the relevance of destroyed documents cannot be clearly ascertained because the documents

2    no longer exist, care must be taken not to require too specific a level of proof. *Id.* "Where one

3    party wrongfully denies another the evidence necessary to establish a fact in dispute, the court

4    must draw the strongest allowable inferences in favor of the aggrieved party." *Nat'l Ass'n of*

5    *Radiation Survivors v. Turnage*, 115 F.R.D. 543, 557 (N.D. Cal. 1987) (inferring that destroyed

6    materials were relevant); *see Hynix Semiconductor, Inc. v. Rambus Inc.*, 591 F. Supp. 2d 1038,

7    1060 (N.D. Cal. 2006) (stating "if spoliation is shown, the burden of proof logically shifts to the

8    guilty party to show that no prejudice resulted from the spoliation" because that party "is in a

9    much better position to show what was destroyed and should not be able to benefit from its

10   wrongdoing"), *rev'd on other grounds*, 645 F.3d 1336, 1344-1347 (Fed. Cir. 2011); *Dong Ah*,

11   2009 U.S. Dist. LEXIS 62668, at *29 (stating "spoliation of evidence raises a presumption that

12   the destroyed evidence goes to the merits of the case, and further, that such evidence was adverse

13   to the party that destroyed it").

14   ### III. THE COURT SHOULD ISSUE ADVERSE INFERENCE INSTRUCTIONS AS A SANCTION FOR SAMSUNG'S SPOLIATION OF EVIDENCE

15

16          Samsung's widespread, long-term, and ongoing spoliation establish all three grounds for

17   issuing adverse inference sanctions:  (1) Samsung was under a duty to preserve evidence at the

18   time it was destroyed; (2) Samsung had a culpable state of mind; and (3) the destroyed evidence

19   was relevant.  The Court should grant Apple's requested adverse inference instructions.

20          #### A. Samsung Destroyed Evidence It Was Obligated to Preserve

21                  ##### 1. Samsung Destroyed Emails That It Was Obligated to Preserve

22          Samsung acknowledged its obligation to preserve documents related to Apple's claims

23   ██████████████████████████████████████████████.  And Samsung had notice of Apple's

24   precise claims and, had a corresponding duty to preserve all documents related to those claims, no

25   later than April 15, 2011, when Apple filed its complaint.  Samsung failed to satisfy its duty.

26   ████████████████████████████████████████████████████████████████████████████████

27   ██████████████████████████████████  Standing alone, that failure constitutes spoliation. *See*

28   *Zubulake IV*, 220 F.R.D. at 218 ("Once a party reasonably anticipates litigation, it must suspend

its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents."); *IO Group*, 2011 U.S. Dist. LEXIS 120819, at *14-15 (failure to suspend automatic deletion function of email system violated duty to preserve).



Courts have recognized that relying on the efforts of individual employees is fraught with peril, and this type of passive reliance is woefully insufficient. *See Zubulake V*, 229 F.R.D. at 432 ("[I]t is not sufficient to notice all employees of a litigation hold and expect that the party will then retain and produce all relevant information. Counsel must take affirmative steps to monitor compliance so that all sources of discoverable information are identified and searched."); *United Factory Furniture Corp*, 2012 U.S. Dist. LEXIS 48795, at *7; *Pension Comm. of Univ. of Montreal Pension Plan*, 685 F. Supp. 2d at 466.

As a result, unknown volumes of emails were destroyed

### 2. Samsung Destroyed Evidence in Connection with the KFTC Investigation That It Was Obligated to Preserve

Samsung's destruction of documents in connection with the KFTC investigation occurred in March 2011, while the August 2010 litigation holds were in place. That evidence included materials related to "iPhone countermeasure[s]." The KFTC press release and Samsung's Mobile Division's organizational chart indicate that the responsible executives include ____, and for whom only ____ custodial documents were produced; and ____, who is responsible for Samsung Mobile Division's

**B.      Samsung Acted With a Culpable State of Mind**

Even negligent destruction of potentially relevant evidence can warrant an adverse

inference to ensure that the innocent party does not suffer the risk of loss.  But even if a level of

culpability higher than ordinary negligence were required, Samsung's systematic, widespread,

and ongoing disregard for its obligation to preserve relevant documents demonstrates bad faith, or

at a minimum, a conscious disregard of its preservation obligations.  And its destruction of

relevant documents to obstruct the KFTC investigation was obviously in bad faith.

**1.      Samsung Destroyed Emails Willfully and in Bad Faith**

████████████████████████████████████████████████████████ manifests at

least conscious disregard of its obligations to preserve documents.  *See IO Group*, 2011 U.S. Dist.

LEXIS 120819, at *14-15 (failure to disable automatic deletion function for emails constituted

"conscious[] disregard" of obligation to preserve relevant evidence).[7]  But Samsung's culpability

goes beyond conscious disregard, since Samsung ████████████████████████████

████████████████████████████████ In *MOSAID Technologies, Inc. v.*

*Samsung Electronics Co., Ltd.*, 348 F. Supp. 2d 332 (D.N.J. 2004), the court noted that:

> Samsung never placed a "litigation hold" or "off switch" on its
> document retention policy concerning email.  Unchecked,
> Samsung's automatic computer e-mail policy allowed e-mails to be
> deleted, or at least to become inaccessible, on a rolling basis.

*Id*. at 333.  As a result of Samsung's continued automatic deletion of emails, and the resultant

destruction of relevant evidence, the court issued adverse inference instructions.  *Id*. at 339.

Further, just last year, the plaintiff in *Fractus v. Samsung Electronics Co., Ltd.*, 6:09-cv-203-LED

(E.D. Tex.), presented evidence and argument to the jury that Samsung automatically destroyed

relevant email every two weeks.  (Kim Decl. Ex.32 (May 20, 2011 Hrg Tr.) at 106:23-108:4 &

---

[7] ████████████████████████████████████████████████████████
████████████████████████ Sanctions may also issue under Rule 37 based on Samsung's misconduct
regardless of what degree of culpability applies.  *See Fjelstad*, 762 F.2d at 1343 (sanctions may
issue under Rule 37 for negligent spoliation).

1  (May 23 Hrg. Tr.) at 143:23-144:5, 147:10-17.)  Moreover, Apple raised these cases with

2  Samsung early in this litigation in an effort to ensure Samsung's compliance with its preservation

3  obligations.  (*Id.* Ex. 33.)

4      Samsung's steadfast adherence ███████████████████████, in the face of these prior

5  cases and Apple's request that it preserve emails, evidences bad faith.  *See Leon*, 464 F.3d at 959

6  (holding destruction qualifies as "bad faith" if party had "some notice that the documents were

7  potentially relevant to the litigation before they were destroyed," and finding bad faith in part due

8  to destruction after party had received letter asking that data be preserved).  Under any standard,

9  Samsung's conduct is sufficiently culpable to warrant adverse inference sanctions.  *See IO Group*,

10  2011 U.S. Dist. LEXIS 120819, at *14-15; *In re Napster*, 462 F. Supp. 2d at 1070 (failure to

11  suspend e-mail destruction policies is grossly negligent).

       **2.**       **Samsung Destroyed Documents in Connection with Obstructing the KFTC Investigation in Bad Faith**

12

13      There is no doubt that Samsung's destruction of documents as part of its obstruction of the

14  KFTC investigation was in bad faith.  According to the KFTC, Samsung executives had a

15  preconceived plan to prevent KFTC personnel from entering Samsung's facility so that Samsung

16  could destroy evidence before the KFTC entered the premises and Samsung executives

17  participated in the destruction of documents.  (Kim Decl. Ex. 1 at 1.)  The unprecedented fine

18  levied against Samsung demonstrates just how egregious Samsung's conduct was.

19      **C.**     **The Destroyed Evidence Was Relevant to Apple's Claims**

20      **1.**       **Samsung Destroyed Relevant Emails**

21      Apple is entitled to a presumption that Samsung's wholesale destruction of emails resulted

22  in the destruction of relevant evidence.  *See, e.g.*, *Hynix Semiconductor*, 591 F. Supp. 2d at 1060

23  ("Further, if spoliation is shown, the burden of proof logically shifts to the guilty party to show

24  that no prejudice resulted from the spoliation.").

25      Even without a presumption, ████████████████████████████████

26  ████████████████████████████████████████████████  In *Zubulake v.*

27  *UBS Warburg LLC* (*Zubulake V*), 229 F.R.D. 422, 437 (S.D.N.Y. 2003), the defendant had failed

28

1  to preserve email backup tapes, resulting in the irretrievable loss of some emails.  The court

2  concluded that the destroyed evidence was not only relevant but would have been favorable to the

3  plaintiff, explaining:  "No one can ever know precisely what was on those tapes, but the content

4  of e-mails recovered from other sources—along with the fact that UBS employees willfully

5  deleted e-mails—is sufficiently favorable to Zubulake that I am convinced that the contents of the

6  lost tapes would have been similarly, if not more, favorable."  *Id.*

7       Here too, no one can know what was on the emails that Samsung ███████████

8  ████████  destroyed, but some emails that were not destroyed were relevant and favorable to

9  Apple, as shown in Part I, *supra*.  Here too, the destroyed emails therefore also were likely

10  relevant and favorable to Apple.

11           **2.      Samsung Destroyed Relevant Evidence About Its iPhone
                        Countermeasures**

12

13       The KFTC reported that Samsung destroyed files containing "Korean roadmap iPhone

14  countermeasure related report data," and files related to SK Telecom.  (Kim Decl. Ex. 1 at 5.)

15  Whatever countermeasures Samsung had planned regarding the iPhone would be relevant to

16  Apple's claims that Samsung has copied the iPhone.  Files regarding SK Telecom also likely

17  contained relevant information, as Samsung has produced some documents showing that ████████

18  ██████████████████████████████████████████████████████

19  ██████████████████████████████████████████████████████████

20  ████████████████████

21           **D.      The Court Should Issue Adverse Inference Jury Instructions**

22       In determining the type of sanction to issue, courts have looked to the degree of fault of

23  the spoliating party and the degree of prejudice to its opponent, and whether there is a lesser

24  sanction that would avoid substantial unfairness to its opponent.  *See IO Group Inc.*, 2011 U.S.

25  Dist. LEXIS 120819, at *7.  For the reasons shown above, Samsung's conduct and degree of fault

26  were egregious, and the prejudice to Apple is extreme—███████████████████████

27  ██████████████████████████████████████████████████████

28  ██████████████████████████

1   While the extreme degree of Samsung's misconduct and the resulting prejudice could

2   justify more extreme sanctions, Apple seeks only the "far lesser sanction" of adverse inference

3   jury instructions.  *MOSAID*, 348 F. Supp. 2d at 335.  Specifically, Apple seeks instructions to the

4   effect that:  (1) Samsung had a duty to preserve relevant evidence, including emails; Samsung

5   failed to preserve large volumes of relevant emails and other documents; Samsung acted in bad

6   faith in failing to preserve the relevant documents; and the jury may presume that the documents

7   that Samsung failed to preserve would have been favorable to Apple's case and unfavorable to

8   Samsung; and (2) if the jury finds infringement of any Apple patent, trademark, or trade dress,

9   that jury may infer that the infringement was intentional, willful, and without regard to Apple's

10   rights.

11   Courts have issued adverse inference instructions in similar circumstances where a

12   party—including Samsung itself—failed to stop the automatic deletion of email when under a

13   duty to preserve evidence.  *See MOSAID*, 348 F. Supp. 2d at 339; *IO Group*, 2011 U.S. Dist.

14   LEXIS 120819, at *18-23; *In re Napster*, 462 F. Supp. 2d at 1077.

15   Adverse inference instructions are the least severe sanctions that would mitigate the

16   prejudice caused by Samsung's willful misconduct.  They would provide deterrence—at least to

17   other parties if not to Samsung, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

18   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—but would not preclude Samsung from defending against

19   Apple's allegations, as stronger sanctions would do.  *See MOSAID*, 348 F. Supp. 2d at 335.  The

20   requested adverse inference would also shift the danger of an erroneous outcome to Samsung

21   based on the spotty record caused by Samsung's misconduct.

22   **IV.    CONCLUSION**

23   For the reasons discussed above, the Court should grant Apple's motion and issue adverse

24   inference jury instructions as a sanction for Samsung's spoliation of evidence.

25

26

27

28

1   Dated:  May 1, 2012                    MORRISON & FOERSTER LLP

2

3                                          By:    */s/ Harold J. McElhinny*
                                                  Harold J. McElhinny
4
                                                  Attorneys for Plaintiff
5                                                 APPLE INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28