QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S MOTION TO ENLARGE TIME FOR BRIEFING AND HEARING ON APPLE'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS**<br><br>Date:<br>Time:     10:00 a.m.<br>Place:    Courtroom 5, 4th Floor<br>Judge:   Hon. Paul S. Grewal |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Civil Local Rules 6-1(b) and 6-3, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") hereby move the Court for an order enlarging the time for briefing and hearing on Apple Inc.'s ("Apple") Motion for Adverse Inference Jury Instructions based on Samsung's alleged spoliation of evidence.  (Dkt. 895.)

This motion is based on this Notice of Motion, supporting memorandum of points and authorities, and the Declaration of Sara Jenkins in Support of Samsung's Motion to Enlarge Time.

**RELIEF REQUESTED**

Pursuant to Local Civil Rule 6-3, Samsung requests that the Court issue an order setting the following briefing and hearing schedule:

1. Samsung's Opposition will be due on May 29, 2012;

2. Apple's Reply will be due on June 5, 2012; and

3. the hearing will be held on July 10, 2012.

**MEMORANDUM OF POINTS AND AUTHORITIES**

On May 1, 2012, Apple filed its Motion for Adverse Inference Jury Instructions based on Samsung's alleged spoliation of evidence.  Apple's allegations are baseless and Samsung will vigorously defend its document retention policies.  However, given the severity of the relief sought by Apple, and the number of Samsung custodians it claims destroyed relevant evidence, this task will be painstaking and time-consuming.  Because any such adverse inference jury instruction would not be given until the end of trial, Apple will suffer no prejudice if time is enlarged as requested herein. By contrast, Samsung could suffer substantial prejudice if it has insufficient time to fully address Apple's unsubstantiated allegations.

**Apple waited nearly two months after the close of fact discovery to request sanctions.** Apple bases its demand for sanctions on speculation regarding the existence of unidentified emails, and conclusorily asserts that such emails were not produced. (Dkt. 895 at 4-6.) In support, Apple cites to testimony of a handful of custodians which it presents out-of-context. (*Id.*) Yet, almost all of those depositions occurred months ago and Apple certainly has had knowledge about the number of e-mails and other documents Samsung has produced in this case for a significant amount of time. Moreover, the unrelated and inapplicable Korean Fair Trade Commission ("KFTC") investigation Apple cites took place in March, 2011 – fourteen months ago – and the final KFTC press release was issued nearly two months ago. (*Id.* at 6-7.) Yet, Apple waited until 5 p.m. on May 1, 2012 to file this Motion and now opposes any extension of time to respond to these serious allegations. (*See* Declaration of Sara Jenkins in Support of Samsung's Motion to Enlarge Time ("Jenkins Decl.") ¶¶ 7-11, Ex. 1.)

**Apple's rationale for opposing an extension is without merit.** Despite waiting nearly two months after the close of fact discovery to file its Motion, Apple now claims that the extension Samsung seeks will "jam[] up Judge Grewal in July and result[] in a ruling that (at best) comes on the eve of trial." (Jenkins Decl. Ex. 1.) Yet, the remedy Apple seeks will not be applicable until the very end of trial. Specifically, Apple requests adverse inference jury instructions based on Samsung's alleged spoliation of evidence. (Dkt. 895 at iv, 15.) Apple also claims that Samsung does not need additional time to respond since Samsung filed its Opposition to Apple's Motion for Spoliation Sanctions in a related action before the International Trade Commission ("ITC") last week. (Jenkins Decl. ¶ 10, Ex. 1.) However, this Opposition is by no means a mirror of the just- filed Opposition. The patents at issue are different, the ITC Motion involved different custodians, and Samsung's obligation to preserve evidence arose at different times. (Jenkins Decl. ¶ 12.)

**Samsung has worked diligently to respond to Apple's allegations.** Upon receipt of the Motion, after business hours on May 1, 2012, Samsung immediately assigned all available resources to the task of preparing the Opposition. (Jenkins Decl. ¶ 13.) On its face, responding to Apple's Motion requires the review of thousands of pages of documents, and of voluminous deposition testimony relating to not only each of the custodians at issue, but also Samsung's practices as it relates to the preservation of information concerning a range of issues raised in the Motion. (*Id.* ¶ 6.) Obtaining declarations and factual background from a number of custodians in Korea obviously requires very significant efforts. The potential use of expert testimony, and the application of the standards applicable to preservation of documents pursuant to Korean law, must also be addressed. (*Id.*) Although some of these issues have been foreshadowed in the ITC proceeding, as explained above, given the different claims and timeframes for preservation involved in the instant Motion, Samsung must address those issues anew. (*Id.* ¶¶ 6, 12.) In light of the complexity and volume of Apple's Motion, Samsung will be prejudiced if it is forced to respond to Apple's Motion by May 15, 2012, despite its best efforts.

Complicating Samsung's effort to respond to Apple's Motion is the fact that Samsung's counsel has to prepare and file pre-trial motions both in this case as well as the ITC action, participate in a court-ordered mediation session with Apple, and prepare for a hearing in the ITC action set to begin at the end of May. (Jenkins Decl. ¶ 5.) Samsung's counsel will be in hearing for the ITC action between May 30 and June 16 in Washington, DC. (*Id.*) Accordingly, it will be difficult for Samsung to participate in a hearing before the first week of July.

**The requested enlargement of time will not affect the schedule for this case.** As discussed *supra*, the remedies Apple seeks will not be applicable until District Judge Koh gives jury instructions at the end of trial. Enlarging the time for briefing and hearing will have no effect on the trial date. (Jenkins Decl. ¶ 16.)

## CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant Samsung's Motion to Enlarge Time for Briefing and Hearing on Apple's Motion for Adverse Inference Jury Instructions.

DATED: May 7, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Victoria Maroulis*
    Charles K. Verhoeven
    Kevin P.B. Johnson
    Victoria F. Maroulis
    Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC