1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:     (650) 801-5000
   Facsimile:     (650) 801-5100
9

10 Michael T. Zeller (Bar No. 196417)
   michaelzeller@quinnemanuel.com
11 865 S. Figueroa St., 10th Floor
   Los Angeles, California 90017
12 Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
13

14 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
15 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16

17                    UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
18

19 APPLE INC., a California corporation,           CASE NO. 11-cv-01846-LHK (PSG)

20              Plaintiff,                        **DECLARATION OF SARA JENKINS IN
                                                  SUPPORT OF SAMSUNG'S MOTION TO
21      vs.                                       ENLARGE TIME FOR BRIEFING AND
                                                  HEARING**
22 SAMSUNG ELECTRONICS CO., LTD., a
   Korean business entity; SAMSUNG                Date:
23 ELECTRONICS AMERICA, INC., a New               Time:    10:00 a.m.
   York corporation; SAMSUNG                      Place:   Courtroom 5, 4th Floor
24 TELECOMMUNICATIONS AMERICA,                    Judge:   Hon. Paul S. Grewal
   LLC, a Delaware limited liability company,
25
                Defendants.
26

27

28

02198.51855/4739062.2                                       Case No. 11-cv-01846-LHK (PSG)
                                                                     JENKINS DECLARATION

## DECLARATION OF SARA JENKINS

I, Sara Jenkins, declare as follows:

1. I am a member of the bar of the State of California and an associate with Quinn Emanuel Urquhart & Sullivan LLP, attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC ("Samsung").  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. On May 1, 2012, Apple, Inc. ("Apple") filed with District Judge Lucy H. Koh its Motion for Adverse Inference Jury Instructions based on Samsung's alleged spoliation of evidence.  (Dkt. 895.)  Under Civil Local Rule 7-3, Samsung's Opposition is due on May 15, 2012 and Apple's Reply is due on May 22, 2012.  The hearing was originally scheduled for June 7, 2012.

3. During the parties' case management conference on May 2, 2012, District Judge Koh referred the Motion to this Court.  Apple has not re-noticed the Motion for a different date based on the court's availability or responded to Samsung's multiple requests to try and stipulate to an appropriate briefing and hearing schedule, as discussed *infra*.

4. Samsung requests an enlargement of time in order to adequately respond to Apple's serious allegations.  Samsung proposes that its Opposition be due on May 29, 2012, Apple's Reply be due on June 5, 2012, and the hearing be scheduled for July 10, 2012, or as soon thereafter as possible.

5. Over the next two weeks, Samsung's counsel will take and defend on-going expert depositions, prepare and file pre-trial motions both in this case as well as a related action before the International Trade Commission ("ITC"), participate in a court-ordered mediation session with Apple, and prepare for a hearing in the ITC action.  Samsung's counsel will be in hearing for the ITC action between May 30 and June 16 in Washington, DC.

6. Responding to Apple's Motion requires the review of thousands of pages of documents, and of voluminous deposition testimony relating to not only each of the custodians at issue, but also to Samsung's practices as it relates to the preservation of documents.  Samsung also

has to consider the potential retention of experts and the application of the standards applicable to preservation of documents pursuant to Korean law.

7. Samsung has attempted, but has not been able to obtain a stipulation from Apple to change time. On May 2, 2012, my colleague Victoria Maroulis wrote to Apple's counsel with a request that the briefing schedule for this Motion be aligned with the briefing schedules for the parties' motions to strike. Samsung requested that the hearing for all the motions be scheduled for July 10. A true and correct copy of the entire e-mail chain between Ms. Maroulis and counsel for Apple, described in paragraphs 7-11, is attached as Exhibit 1.

8. On May 3, 2012, Apple's counsel responded and stated that it could not accept Samsung's proposed schedule, but did not offer to compromise on the briefing or hearing schedule for this Motion. Instead, Apple simply stated that Samsung's Opposition is due on May 15, 2012.

9. On May 4, 2012, Victoria Maroulis once again wrote to Apple's counsel requesting a stipulation to enlarge time.

10. Apple's counsel did not accept Samsung's offer or propose a different briefing schedule. Instead, Apple's counsel inquired about Samsung's Opposition to Apple's Motion for Spoliation Sanctions in the ITC action and suggested that Samsung did not need any additional time to file its Opposition since it filed an Opposition in the ITC action last week.

11. Victoria Maroulis responded on the same day, explaining that Apple sought different remedies and once again asking for a counter-proposal. Counsel for Apple has not responded since.

12. While Samsung filed its Opposition to Apple's Motion for Spoliation Sanctions in the ITC action last week, that Opposition does not mirror Samsung's response here. In addition to the fact that Apple seeks different remedies, the patents at issue are different, and Apple's allegations here involve different custodians. Moreover, Samsung's obligation to preserve evidence in this case arose at a different time than in the ITC action.

13. Upon receiving Apple's Motion after business hours on May 1, 2012, Samsung assigned all available resources, including assigning a number of attorneys who had not previously worked on the case, to the task of preparing the Opposition.

1        14.    Samsung will suffer substantial prejudice if it does not receive additional time.  The
2 sanctions Apple seeks would potentially alter the presentation of evidence to the jury and severely
3 impact Samsung's ability to defend itself at trial.
4        15.    The parties have requested, and the court has granted, numerous time modifications
5 in this case.  Most recently, on March 1, 2012, the court ordered a modification to the briefing
6 schedules related to Apple's Motion to Compel the depositions of Samsung's apex witnesses and
7 Samsung's parallel Motion for a Protective Order.
8        16.    The time enlargement sought here will not have an impact on the schedule for the
9 case.  The sanctions Apple seeks relate to instructions that will be given to the jury at the end of
10 the trial.

12 Date: May 7, 2012                    */s/ Sara Jenkins*
                                        Sara Jenkins

**GENERAL ORDER ATTESTATION**

I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to file the foregoing **CERTIFICATE OF SERVICE.** In compliance with General Order 45 (X)(B), I hereby attest that Sara Jenkins has concurred in this filing.

DATE: May 7, 2012                                             */s/ Victoria Maroulis*