# Exhibit 6

PET. Oct. 18, 1909 – (1) and (2) CONCLUSIVE OATHS. ADMISSION, OVERRULING, APPRECIATION. – (3) SALE, PERFECTION, ESTIMATION, TAKING POSSESSION, TACIT ACCEPTANCE. – (4) and (5) CAPITAL INTEREST, FAMILY AGREEMENT, INHERITANCE, EXECUTION, AMOUNTS DUE TO THE ESTATE, SETTLING OF ACCOUNTS, POINT OF DEPARTURE. – (6) OVERRULING, APPRECIATION, INCOME, MAINTENANCE COSTS, ESTIMATION.

*Whereas in law, a conclusive oath [serment décisoire] may be granted by a party regarding any dispute, it is for the court to decide whether such a measure is justified or not* (1)[(1) (2)];

*Thus, the court may refuse to order the oath granted by one party to the other when nothing in the case proves the factual allegation covered by the oath, and this allegation is in addition contradicted by a document produced at the trial by the same party* (Civ. C. 1358, 1300) (2).

*Whereas a debtor has offered his industrial equipment as payment to his creditor and the latter, having not accepted the suggested price for this equipment, has had an estimate made by competent persons and notified the debtor of this estimate, advising him that he/she would take responsibility for the said equipment and took possession without raising any protest on his part, the court may infer from the debtor's silence, as well as from an act carried out with his tacit agreement, that the disputed sale concerned had taken place* (Civ. C. 1108, 1583) (3).[(3)]

*When, pursuant to a family agreement, a mother and her two daughters have renounced claiming from each other interest on amounts they may respectively owe each other, if the mother dies, the interest on amounts due by her daughters to her, as well as to her estate, runs not from the day the execution of the estate begins, but from the day the two daughters definitively settle their accounts* (Civ. C. 856) (1).

*Whereas the family agreement pursuant to which the parties have renounced claiming interest has ended following the liquidation of the account existing between these parties and the definitive settlement of their respective situations, the court may set the point at which interest on the balance of*

---

[1] [2] Courts consistently hold today that the judge has discretion with respect to conclusive oaths, as per the terms of Civ. Code art. 1358, which provides that "the oath may be granted…" (*Jur. Gén.,* v° *Obligations*, no. 5244 et seq.; *Supplément, cod.* (5), no. 2180; our *New annotated Civil Code*, art. 1358, nos. 176 et seq., and the decisions cited. See in particular: for the case in which the facts covered by the oath appear unbelievable, or are contradicted by the circumstances of the case: Civ. Mar. 1, 1859 (D. P. 59, 1, 155); Bastia, Apr. 12, 1864 (D. P. 64, 2, 88); Pet. Mar. 11, 1884 (D. P. 85, 1, 144); Oct. 31, 1893 (D. P. 94, 1, 108); Jul. 15, 1900 (D. P. 1900, 1, 402); Jan. 3, 1905 (D. P. 1905, 1, 75); for the case in which they are contradicted by the documents provided at the trial: Aix, Jul. 29, 1839 (*Jur. Gén.,* v° *Obligations*, no. 5241-4°); Agen, Dec. 8, 1858 (D. P. 59, 2, 19); Civ. Feb. 6, 1860 (D. P. 60, 1, 253); Colmar, Jul. 20, 1863 (D. P. 63, 2, 137); Pet. Apr. 19, 1870 (D. P. 72, 1, 323); Limoges, Jan. 15 1884 (D. P. 84, 2, 101); Pet. June 30, 1896 (D. P. 97, 1, 12).

The opposite conclusion has been reached by the majority of legal scholars and a few old, isolated decisions (Aubry and Rau, *Cours de droit civil français*, 4th ed., L. 8 §753, p. 191; Demolombe, *Cours de code civil*, t. 30, no. 615; Demante and Colmet de Santerre, *Cours analytique de code civil*, 2d ed., t. 5, no. 337 et seq.; Laurent, *Principes de droit civil français*, t. 20, no. 258, Caen, Feb. 15, 1838, *Jur. Gén.*, v° *Obligations*, no. 5242-4°; Caen, Jan. 4, 1840, *Jur. Gén.*, *cod.* v° *Obligations*, no. 5242-2°; Nancy, Dec. 20, 1844, *Jur. Gén.*, *cod.* v° *Obligations*, no. 5242-3°. In the last opinion, the court can reject the oath only when the alleged facts are irrelevant to resolving the dispute. According to an intermediate opinion, this is also true when the oath is referred merely to vex (Aubrey and Rau, supra; Dijon, Oct. 27, 1893, D. P. 94, 2, 99).

[3] Consent to a sale, as for any agreement in general, may be tacit. In certain cases, the very silence of a party may be interpreted as consent. Of course, silence cannot create an obligation without any other circumstances (*Jur. Gén., Supplément*, v° *Obligations*, no. 29; our *New annotated Civil Code*, art. 1109, nos. 207 et seq.; Aubry and Rau, *supra*, 4th ed., t. 4 §343, text and note 20; Demolombe, *supra*, t. 24, nos. 57-59; Civ. May 25 1870, D. P. 70, 1., 257; Pet. Aug. 13, 1872, D. P. 74, 1, 77; Toulouse, June 11 1881, D. P. 82, 2, 206; Trib. de Paix of Molliens-Vidame, Jul. 5, 1883, *Jur. Gén., Supplément*, v° *Obligations*, no. 29-3°; Trib. civ. de la Seine, Apr. 19, 1893, *Gazette du Palais*, 93, 2, 162). But it may also be considered tacit consent and imply acceptance when combined with other factual circumstances that confer on it a value it would not otherwise have by itself (*Jur. Gén.*, v° *Obligations*, nos. 106 et seq.; *Supplément*, *cod.* v°, no. 28; our *New annotated Civil Code*, art. 1109, nos. 176 et seq., 214 et seq.; Aubry and Rau, *supra*; Demolombe, *supra*; Laurent, supra, t. 15, nos. 482-483; Bordeaux, June 3, 1867, D. P. 67, 2, 166; Aix, Aug. 13, 1873, D. P. 77, 5, 456; Pet. Apr. 15, 1874, D. P. 75, 1, 356; Riom, Dec. 12, 1883, D. P. 85, 2, 101: Montpellier, Jul 3, 1885, *Jur. Gén., Supplément*, v° *Mandat*, no. 53). The trial court has complete discretion in this regard (*Jur. Gén.*, v° *Obligations*, no. 107; our *New annotated Civil Code*, art. 1109, nos. 232-233; Pet. Mar. 3 1880, D. P. 80, 1, 455). In the case in the reported decision, the creditor taking possession could be considered a circumstance conferring a specific meaning on the debtor's silence.

*said account starts to be accrued at the date on which notes were subscribed for the amount of this balance, whereas the claim filed by the creditor dates back to this date* (Civ. Code 1153) (2).

*The trial court may, in its discretion, find that the minor income produced by a fund is compensated by any costs caused by its maintenance* (3).

(Widow Lopez v. widow Cazals.) – DECISION.

THE COURT; -- On the first ground of the appeal, based on the violation of articles 1357, 1358 et seq., 1300, 1361, 1366 et seq. of the Civil Code and of art. 7 of the Law of Apr. 20, 1810, for lack of reasoning and legal basis: -- Whereas, while a conclusive oath (*serment décisoire*) may be granted by a party regarding any dispute and in any case, the court must decide whether such a measure is justified or not; -- whereas the court of Toulouse (decision of Feb. 8, 1906) held that nothing in the case enabled it to believe Ms. Lopez's allegation, made late in the proceeding, regarding the existence of a private agreement pursuant to which she was to keep all her father's furniture, and that this allegation was, in fact, contradicted by the production she herself made of such an act, entered into by the parties on the basis of the same facts which contained no elements proving this matter; -- Whereas, in such circumstances, the decision under appeal, which is reasoned, could reject the denunciation of the oath on the existence of such an act without violating any of the articles cited in the argument;

On the second ground, based on the violation of Civil Code art. 1101 and 1108, 1582 and 1583, of the principle that waivers cannot be presumed, and of art. 7 of the Law of Apr. 20, 1810: -- Whereas the decision under appeal observes that, during the month of June 1898, Lopez having offered as payment to her stepsister, Ms. Cazals, her industrial equipment for the amount of 8,000 fr., Cazals did not accept this price and obtained an estimate "from three competent men above all suspicion," who estimated the value at 5,241 fr.; that she notified Lopez of this estimate and then made it known to her that she would take charge of said material at the price of 5,241 fr., which in fact took place immediately by a taking of possession against which the above-named did not raise the slightest protest; -- Whereas by inferring from Lopez's silence, as from an act long accomplished with her tacit agreement, that the sale concerned was perfected, the decision, which is duly reasoned, far from violating the provisions cited in the appeal, on the contrary applied them properly;

On the third ground, based on the violation of Civil Code art. 1134, 1905 et seq., and 856, and art. 7 of the Law of Apr. 20, 1810: -- Whereas the decision under appeal indicates that, pursuant to a family agreement Ms. Gauthier and her two daughters, similarly to these two after her death, had renounced claiming from each other interest on amounts they might respectively owe to each other; by making the interest run on amounts due by Lopez and Cazals to their mother initially, then to her estate, not from the day execution of this estate began but from the day on which Lopez and Cazals definitively settled their accounts, the decision, which is in fact reasoned, in no way violated the legal texts cited;

On the fourth ground, based on the violation of Civil Code art. 544, 545, and 546 and art. 7 of the Law of Apr. 20, 1810: -- Whereas it was within the trial court's discretion and not at all contradictory for it to hold that the minor income produced by Lopez's garden was compensated by the costs, of any nature, necessary to its upkeep; by later refusing to assign Cazals any costs, the court of appeals justified its decision in this regard and the ground is therefore baseless;

On the fifth ground, based on the violation of art. 7 of the Law of Apr. 20, 1810 for lack of reasoning and a legal basis: -- (irrelevant);

On the sixth ground, based on the violation, by erroneous application, of Civil Code art. 715, 724, 870 and 1220, and of art. 7 of the Law of Apr. 20, 1810, for lack of reasoning: -- (irrelevant);

On the seventh and final ground, based on the violation of art. 7 of the Law of Apr. 20, 1810 and the whole of Civil Code art. 1153: -- Whereas the decision under appeal indicates that on March 23, 1896, the day on which the account between Cazals and Lopez was liquidated by the subscription of 23,000 fr. in notes, granted by Lopez to Cazals, it was the parties' intention to definitively settle their respective situations and at that moment the family agreement regarding the waiver of interest (mentioned above in the third ground) was terminated; Lopez's claim dates back to the date of the subscription of said notes,

3

and the amounts she admits to owing her sister must produce interest as of that time; -- Whereas given these observations, the decision, which is reasoned, could assign as the point of departure for the interest owed to Cazals the above-mentioned date of March 23, 1896, without violating Civil Code art. 1153, nor disregarding the prescriptions of art. 7 of the Law of Apr. 20, 1810; -- On these grounds, denied.

    Oct. 18, 1909 – Ch. pet. Mssrs. Tanon, pre.-Michel-Jaffard, rap.-Feuilloley, av. gén., c. conf.-Labbé, atty.