# Exhibit 7

15/02/2012

**Court of cassation**

**Commercial division**

**Public hearing on 25 June 1991**

**Appeal no.: 90-11230**

Published in the bulletin

**Dismissal**

**President: Mr. Hatoux, senior trial judge acting president**

Rapporteur: Mr. Le Dauphin, reporting judge

Advocate general: Mr. Patin, advocate general

Attorneys: partners Desaché and Gatineau, partners Waquet, Farge and Hazan., attorney(s)

THE FRENCH REPUBLIC

IN THE NAME OF THE FRENCH PEOPLE

.

Sole grounds for appeal, based on three prongs:

Whereas, according to the disputed judgment (Rennes, 6 December 1989), that Entreprise industrielle was commissioned by the Administration of bridge construction whose delivery was to take place on 6 July 1984; that it subcontracted to the Société nouvelle forage et canalisations [new drilling and pipeline company ] (hereinafter, Société nouvelle) the construction of special foundations; that sued by the Société nouvelle for payment of the balance of the contract, the Entreprise industrielle argued that it was entitled to charge late penalties to its co-contractor;

Whereas the Société nouvelle objects to the judgment finding this claim favorable in articulating the objections of misreading of the law by the parties and the lack of legal basis reproduced in the appendix and then, moreover, according to the appeal, that the penalty clause is only binding on the co-contractor who actually accepted it before the creation of the contract; that certain acceptance of the clause may not result from the mere execution of the contract containing it, even more so when it is not even signed by the parties; that in this case, the appellate court inferred the applicability of the clause stipulating a late penalty from the sole execution by the Société nouvelle of the work ordered by the Entreprise industrielle by an unsigned agreement dated 17 February 1984 without at all justifying in what way the Société nouvelle had necessarily accepted this clause whereas on the contrary it supported having refused to sign the contract providing for such indemnity precisely due to the risks affecting the construction work inevitably connected to the uncertain nature of the subsoil where the drilling operations had to be executed; that by ruling as such, the decision by the appellate court has no legal foundation under Articles 1134, 1152 and 1228 of the Civil Code;

But whereas, firstly, after having noted that among the provisions in a document sent on 20 February 1984 by the Entreprise industrielle to the Société nouvelle and concerning the conditions for carrying out the work in dispute was included a clause setting its turnaround time as well as the methods of application of late penalties if it is exceeded and that the Société nouvelle raised no objection to the receipt of letters on the 12th and 21st of March 1984 modifying this deadline and specifying that exceeding it would lead to, in accordance with the contract, late penalties, the appellate court has sovereignly considered that this company had knowingly accepted the penalty clause by execution of the contract, the lack of a signed contract being insignificant;

Whereas, secondly, that having observed, excluding any violation of the law of the contract, that the completion date for work assigned to the Société nouvelle was postponed to 11 May 1984, i.e. 12 business days after the due date "according to the latest agreements of the parties," and that the only cause for this postponement was the delay by the subcontractor in completing the work, the appellate court legally justified its decision;

From which it follows that the argument is not based on any of its prongs;

FOR THESE REASONS:

THE APPEAL IS REJECTED

**Publication:** Bulletin 1991 IV N° 234 p. 164

**Contested decision:** Court of Appeals of Rennes, on 6 December 1989

**Titles and summaries:** CONTRACTS AND OBLIGATIONS - Execution - Penalty clause - Application - Clause penalizing the delay in contract performance - Acceptance by the debtor - Acceptance resulting from execution of the contract - Lack of signature - Lack of influence It is in the exercise of its sovereign power that an appellate court held that a party to a company contract had knowingly accepted the penalty clause stipulated in case of delay in the completion of work by execution of the contract, less important is the lack of signature of the contract.

CONTRACTS AND OBLIGATIONS - Execution - Penalty clause - Clause stipulated for simple delay - Execution of the primary obligation - Acceptance by the debtor - Sovereign judgment BUSINESS CONTRACT - Liability of the contractor - Delay in the performance of work - Penalty clause - Sentencing of the subcontractor - Acceptance of the clause resulting from execution of the contract BUSINESS CONTRACT - Subcontractor – Responsibility - Delay in the performance of work - Penalty clause - Failure to sign the contract -Acceptance of the clause resulting from execution of the contract