# Exhibit 11

**Cass. Pet. May 7, 1935**

TRAMWAYS, LIABILITY, ACCIDENT, PASSENGER, OVERLOADING, TRANSPORTATION CONTRACT, ADMISSION INTO THE CAR, VICTIM'S FAULT, FAULT OF THE COMPANY'S EMPLOYEES (**Rép., v° Railroad, no. 4292** *bis* **et seq.; Pand. Rép., eod. verb., no. 5005 et seq.**).

*In the case where a tramway passenger was seriously injured, while standing on the step at the back of the engine car he was hit and knocked over while passing by a truck, a decision cannot be challenged for having declared the tramway company partially liable for the consequences of the accident, even though the transportation contract was not yet established and the accident was imputable to the victim's fault alone, if, on the one hand, the decision correctly observes that for the tramway, on which the fare is received during the ride, the transportation contract was concluded at the time the passenger was admitted by the company's employees to take a place in the car, and if, on the other hand, it results from the decision that the accident, partially due to the passenger's imprudence, is, moreover, imputable to the failures of the company's employee, who, whereas the number of passengers to be admitted into the cars is set by the regulations, in violation of these regulations, allowed said passenger to board and occupy an inconvenient and dangerous place, and also to the fault of the streetcar driver who, knowing that there were passengers riding on the external parts of the locomotive, continued without stopping when there was not enough space between the car and the truck* (1) (C. civ. 1382).[1-2]

*And the decision that limits itself to ordering an investigative measure while postponing its decision on the amount of damages, has the right to suspend at the same time, implicitly but necessarily, the determination of the share of liability to be borne by the company on the one hand, and the victim on the other* (2) (Id.)

(Comp. générale française de tramways C. Forcioli). – DECISION

THE COURT; -- On the first ground, based on the violation of Civil Code art. 1134, 1147, 1382, 1983 and 1984, art. 7 of the Law of April 20, 1810, lack of reasoning and statutory basis; -- Whereas Forcioli having been seriously injured while standing on the step at the back of the engine car of a tramway and being hit and knocked over while passing near a truck loaded with barrels, the Court of Aix declared the Comp. des tramways de Marseilles partially liable for the accident's consequences, ordered this company to pay provisional damages subject to further determination and ordered an expert medical examination; the decision is challenged for having thus ruled even though the transportation contract, by virtue of which the carrier's contractual

---

[1-2]

[1-2] The rule according to which the transportation contract obliges the carrier to conduct the passenger safely to his destination (see Cass. civ. Dec. 6, 1932, S. 1934. 1. S1, and the note by M. Esmein; Cass. pet. June 19, 1933, S. 1934. 1. 180 and the note) applies to transportation by tramway. See Cass. civ. Feb. 6, 1917 (S. 1922. 1. 324, *ad notam*); Paris, June 7, 1919 (S. 1920. 2. 32); Cass. civ. Jul. 25, 1922 (S. 1922. 1. 324), the notes and the references. But whereas in railroads, where entry into the trains is permitted only to persons with tickets and it is the delivery of the ticket that forms the transportation contract (see Cass. civ. Jan. 27, 1913, reasoning, S. 1913. 1. 177, and the note by M. Lyon-Caen), the same is not true in tramways and other public vehicles, where the fare is received during the ride; in this case, as decided in the case above, it is at the time the passenger is admitted by the company's employees to take a place in the car that the transportation contract is formed, and it is from that moment that the company's failure to perform its contractual obligation gives the passenger the right to damages. But in accordance with the general rules in this area, the victim's fault, when it contributes to the accident, attenuates the carrier's fault (see Paris, June 7, 1919, *supra*; C.App. Brussels, Mar. 9 and Apr. 20, 1928, S. 1928. 4. 18, the notes and the references), in a proportion for the trial court to determine in its discretion. See Besançon, Oct. 29, 1934 (*infra*, 2d part, p. 48 and the note). See esp. for the case where the carrier's fault results from allowing overloading, C.App. Brussels, Mar. 9, 198, *supra*, and the note.

liability was declared, had not been established and the accident was imputable to the victim's fault alone; -- But whereas the Court of Aix correctly observed that, for the tramway, on which the fare is received during the ride, the transportation contract was concluded at the time Forcioli was admitted by the company's employees to take a place in the car; -- Whereas, on the other hand, it results from the decision that the accident, partially due to Forcioli's imprudence, is, moreover, imputable to the failures of the company's employee, who, whereas the number of passengers to be admitted into the cars is set by the regulations, in violation of these regulations, allowed Forcioli to board and occupy an inconvenient and dangerous place, and also to the fault of the streetcar driver who, knowing that there were passengers riding on the external parts of the locomotive, continued without stopping when there was not enough space between the car and the barrels loaded onto the truck; hence it follows that the Court of Appeal, whose decision is reasoned, statutorily justified its decision and the argument is baseless; -- On the second ground, on the violation of Civil Code art. 1134, 1147, 1382, 1383 and 1384, lack of reasoning and statutory basis, in that the decision declaring that liability should be shared did not specify in what proportion; -- Whereas the Court of Aix, which limited itself to ordering an investigative measure while postponing its decision on the amount of damages, had the right at the same time to suspend as it did, implicitly and necessarily, the determination of the share of liability to be borne by the company and the victim; whereas therefore the argument fails; -- Denies the appeal of the decision of the Court of Aix of Oct. 18, 1933, etc.

May 7, 1935. – Ch. pet. – Mssrs. Paul Boulloche, pres.; Bazeau, rapp.; Rateau, adv. Gen.; Alphandéry, atty.