# Exhibit 12

CASS-REQ. 1 December 1885

SALE, AGREEMENT BY PARTIES, PRICE, PAYMENT.

 A sale is binding between the seller and the purchaser as soon as they agree on the item and the price, and without the need to settle among themselves using a special agreement the time and place of payment of the price, on the amount of which they agreed (2) (C. Civ., 1583).
 The purchaser who, in setting his price, stipulated no specific mode of payment, is deemed subject to art. 1651, of the Civil Code, according to which, if nothing has been settled in this regard, the price is payable at the place and time of delivery, i.e. in cash (3) (Civil Code, 1651).
 Therefore, from the moment when the price offered purely and simply by the purchaser has been accepted by the seller, the purchaser has no basis to claim that the contract is pending, because the conditions under which the price would be paid have not been expressly regulated (4) (Id.).

(Cibiel C. Dieulafoy). – JUDGMENT

 THE COURT; - On the sole grounds of the appeal derived from the violation of arts. 1108, 1109, 1583, 1584, and 1602, of the Civil Code, and from incorrect application of arts. 1650, and 1651 of the same Code: - Whereas under the terms of article 1583, of the Commercial Code,  the sale is binding between the parties, as soon as they have agreed to the item and the price,  that in truth, this agreement is not completely composed, as long as there is discussion  about the conditions under which the price will be paid; but that, if the purchaser, in fixing his price, hasn't stipulated any particular method of payment, he is deemed subject to article 1651 of the Civil Code, according to which, when nothing has been settled in this regard, the price is payable at the place and time of delivery, i.e. in cash, unless the seller has set a time frame for delivery; that thus, from the moment when the price offered purely and simply by the purchaser is accepted by the seller, it cannot be claimed that the contract is still pending, because the terms of payment have not been expressly set; - Whereas the disputed judgment finds, indeed, that following unsuccessful negotiations between Cibiel and the Dieulafoy spouses, for the sale of a house in Toulouse, belonging to these latter, the notary Lozes, acting on behalf of and as agent of the said Dieulafoy spouses, wrote, on 17 Oct. 1883, to Cibiel asking him if he still intended to purchase the property, and what specific price he would pay; that in a letter dated 24 Oct., Cibiel responded to the notary that he would pay 125,000 fr.; that in a letter dated 29 Oct., the notary informed Cibiel that this number was accepted, and that all that remained was signing the deed of sale; that this opinion, confirmed by another letter dated 12 Nov., was received without complaint by Cibiel, and that it is only on the following 6 Jan. that the said Cibiel claimed no involvement; - Whereas these findings from the judgment are sovereign; that by deciding, consequently, that a sale was entered into between the parties, the appellate court soundly applied arts. 1583 and 1651, of the Civil Code, and violated no other legal provision; - Rejects the appeal against the judgement by the Court of Appeals in Toulouse, on 28 April1885, etc.
 On 1 Dec. 1885. – Ch. Req. – Attorney Bedarrides, pres.; Cotelle, reporter; Chevrier, adv. gen. (concl. conf.); Passez, adv.

---

 (1) See to that effect, Cass. 8 August 1867 (S. 1868.1.39. – P. 1868.62) – Remember that the question of whether a will contains sufficient mention of the dictation and reading, in the presence of witnesses, is not a simple question of fact,

but a question of law which will be decided by the Supreme Court. See Cass. 8 August 1867 (S. 1868.1.39 – P. 1868. 02), and the references. In applying this principle, see Cass. 21 Dec. 1873 (S. 1874.1.487. – P. 1874 1235), and the reference; 22 June 1881 (S. 1882.1117. – P. 1882.2.258), notes and references.

(2-3-4) Under arts. 1583 and 1651, of the Civil Code, the sale is binding between the parties, when the item and the price are agreed upon, and the price is payable at the place and time of delivery, i.e. in cash, if in this respect something else has not been agreed to. When the purchaser offers his price purely and simply, he is to provide payment in cash, and, therefore, from the moment that his price is accepted by the seller, the purchaser cannot claim that the contract between is still pending, under the pretext that the terms of how payment will occur have not been expressly set.