Exhibit 13

COURT OF CASSATION
(Civil Chamber, 1st civil section)

November 26, 1962

SALE, CONSENT, THING, PRICE, AGREEMENT, ARRANGEMENTS RELATING TO THE
SALE, ANCILLARY ELEMENT.

*The sale is complete between the parties as soon as the object and the price have been agreed upon (1);*
*When the contract has been entered into, without any other conditions, one party may not raise a lack of agreement regarding the terms of the sale in order to avoid its performance (2).*

(Caunègre vs. Cons. Boisson.) – DECISION

THE COURT; - With regard to the single ground of action: - Having regard to Article 1583 of the French Civil Code; - Whereas the sale is complete between the parties when the object and the price have been agreed upon; that when the contract has been entered into, without any other conditions, one party may not raise a lack of agreement regarding the terms of the sale in order to avoid its performance; - Whereas without overlooking the fact that Caunègre and Boisson had agreed that the former would purchase and the latter would sell a building located in Hyères for the price of 8,000,000 French francs, the contested decision (Aix, November 24, 1959) nonetheless refused to order implementation of the agreement on the grounds that the determination of its terms were of critical importance; that in so ruling, without noting that the parties had intended to delay the formation of the agreement until its terms were determined, the court had not legally justified its decision;

For these reasons, sets aside …, refers the matter to the court of appeal of Nîmes.

November 26, 1962. – Civil chamber, 1st civil section. – Mr. Bornet, president, Mr. Chadefaux, reporting judge – Mr. Ithier, solicitor-general – Mr. Mayer and Mr. Nicolay, attorneys.

NOTE – (1 and 2) According to Article 1583 of the French civil code: "It [the sale] is complete between the parties and ownership is acquired as of right by the buyer with respect to the seller, as soon as the object and the price have been agreed upon, although the object has not yet been delivered or the price paid." It is thus not necessary, and the decision above so specifies, for the parties to explain the secondary elements of the sale, such as the location or the time of delivery and the time at which the price shall be paid. One must assume that the parties refer regarding these points to the rules of common law (Req., Dec 1, 1885, S. 87.). 107; Planiol and Ripert, *Traité prat. droit civil*, ch. 10, *La vente*, by Hamel, no 27).

However, according to part of the legal theory (Planiol), Ripert and Hamel, *op*. and *loc. cit.*; Aubry and Ran, *Droit civil*, vol. 5, 6th edition, by Esmein, § 349, p. 3; Baudry-Lacantinerie and Saignat, *Traité théor. et mat. de droit civil*, no. 24), the sale may not be considered to be concluded when the parties have established ancillary conditions as integral elements of their consent and when they have not reached agreement. The judges may then exercise their discretion and determine whether the parties have made conditions that are usually ancillary an essential element of their agreement (Req. April 16, 1883, D.P. 84, 1. 75).

In the case reported above, the decision of the court of appeal was set aside because the courts below, noting the essential importance of the terms of the sale, failed to note that the parties had intended to delay the formation of the agreement until these terms had been determined. – V. *Rép. civ. v Vente*, by Ph. Malaurie, No. 185 and s., 140.