Exhibit 15

**Domat private law**

INTL
KJV
1668
.B46
2006

# Civil
# Law

## SPECIAL CONTRACTS
### CIVIL AND COMMERCIAL

**ALAIN BÉNABENT**
**Associate Professor of the School of Law**

**7th edition**
**Current as of September 9, 2006**

**Montchrestien**

THE CONTRACT FOR SERVICE

**505**   **General legal principles at stake.**  But, there are also important differences taking into consideration the general principles of the civil system:

-  the **risks** are borne by the contractor, who will not be paid in the event of loss (article 1790) whereas the employee does not have to bear them;
-  the contractor is liable for his **misfeasance** (and even sometimes beyond, when he is responsible for an obligation resulting therefrom), whereas the employee is not liable for his **gross misconduct** (82);
-  the employee enjoys a general **privilege** (article 2101) and special guarantees in the event of bankruptcy of the employer (super-preferential claim, AGS), and not the contractor;
-  the **statute of limitations** applicable to wages is a five year period (article 2277), whereas the price owed to the contractor is governed by general legal principles (*hereinafter,* no. 574);
-  the employer is liable **towards third parties** for the misconduct of his agents (article 1384, paragraph 5), which is not the case of the principal for the misconduct of the contractor (83);
-  the employee is personally liable towards third parties only for his intentional torts, but not for non-performance of the contract; for a salaried doctor, for example, the client must therefore bring action against the employer and not against the doctor (84).

## § 2. | Obligation of the client: remuneration

**Contract which is by nature subject to payment.** Based on the definition provided by article 1710 ("the contract for service is a contract by which one of the parties agrees to make something for the other *based on a price agreed upon between them"*), it is traditionally accepted that the contract for service is by nature a contract subject to payment and that "there is no service contract made free of charge" (85).

When it has been agreed that no price is due, the agreement is considered to be a "free services contract", also called a mutual assistance convention or a voluntary assistance contract which in reality amounts to a **loan of assistance** and about which, for lack of any legal text, case-law develops the regime progressively (see hereinafter, no. 619 and f.).

If the existence of remuneration is an essential element of the contract for services, it is not necessary for it to be determined at the time of formation of the contract.  This is a unique feature of the contract for services (cf. hereinafter, no. 513). It can thus be said that the necessary element in the classification of the contract for services lies in a *principle of  remuneration.*

(82) See for example for this issue Soc., April 29, 1981, *Bull.* V. no. 352.
(83) Com., April 13, 1972*, Bull.* IV, no. 100.
(84) 1ˢᵗ Civ., June 4, 1991, *Bull.* I, no. 185 – Crim., March 5, 1992, *J. C. P.* 93.11.22013, note CHABAS (for a Red Cross **doctor**).
(85) MALAURIE c. AYNES, no. 710.

**346**