# Exhibit 16

PRIVATE LAW LIBRARY

under the direction of
HENRY SOLUS
Professor at the Law School of Paris
VOLUME II

# THE INFLUENCE
# of
# INDIVIDUAL INTENTION
# on
# CLASSIFICATIONS

By
**FRANÇOIS TERRÉ**
**Bachelor Degree in Literature**
**Doctor of Law**
**Winner of Competitions at the Law School of Paris**
**(1948, 1949, 1950 Prix Goullencourt 1950 and 1956)**
**and of the General Competition of Schools of Law**
**In charge of Courses at the School of Law and Political Science of Strasburg)**

Preface by
ROBERT LA BALLE
Professor at the Law School of Paris

Work honored with a grant from the
National Ministry of Education and
awarded a prize by the Law School of Paris
PRIX DUPIN AINE 1956

UML

P A R I S

GENERAL BOOKSTORE OF LAW AND JURISPRUDENCE

R. PICHON AND R. DURAND-AUZIAS

20, Rue Soufflot, 20
1957

## *Section II. – Utilization and Misrepresentation*

   32. – When does utilization become *abnormal*?  The determination of this moment marks the instant when misrepresentation appears.  A determined classification corresponds to a view of the concrete data.  The material elements are considered therein such as they are.  Logically framework and content must then correspond perfectly.  Of course, as we have said, a content can serve as a support to several frameworks.  But this is so because the point of view adopted by the minds varies from one case to another.  Let us suppose to the contrary that it remains constant or that a given content is likely to be considered only from a given point of view. The misrepresentation of the material elements will appear once the individual intentions try to apply to a given content a classification that doesn't correspond to the material elements which compose it at a given moment.

   33. – But the passage from utilization to misrepresentation proves to be imperceptible. Modern Romanists distinguished the essential elements, the natural elements, and the accidental elements of a contract (36).  The accidental elements are those which are appended to a given contract by the stipulations of the parties and do not exist without them. Misrepresentation of the accidental elements cannot be spoken of in their regard, since the addition of a given content of accidental elements does not normally engender a change in framework.  The notion of accidental elements, which has been considered as "unique to the Roman conception" (37), will be considered further on when studying the theory of the "ancillary elements" (38).

   *The natural elements* of a contract are those which originate with the type of contract adopted, in the absence of stipulation of the contracting parties.  But these parties can remove a natural element without the framework chosen being thereby transformed.  The natural elements replace intention.  In its negative aspect, the action of the individual intention on the natural elements does not generate a misrepresentation of the elements of the classification.  However, the examination of this action in its positive aspect is revealing.  Because the parties adjoined, to the contract chosen by them, natural elements normally pertaining to another contract, the… [remaining portion of article is not included]

---

   (36)   Cf. on this point Girard, 8th ed., p. 576, note 2.
   (37)   P. Durand, "Conventions of irresponsibility", Paris thesis 1931, p. 218; cf. Ourliac and de Juglart, note to J.C.P. 1953, ed. G. 2-7433.
   (38)   Cf. hereinafter, Book II, Title I, no. 392 and s.