# Exhibit 19

COURT OF CASSATION
(CH. COM.)

**March 24, 1965**

**SALE,** Price, Determination, Exclusive Franchise, Agreements set out later, Unperformed contract

*A sales contract is only perfect if it makes it possible, in light of its terms, to determine the price by elements no longer depending on the will of one of the parties or the performance of later agreements* (1);

*A company having given, for 25 years, exclusive distribution of the goods it manufactures to one merchant, the ruling must be quashed that, to qualify that contract, sales contract, and admit that there was an agreement on the price, states that the price is to result "from the acceptance by the buyer of the preferential rate granted to it by its seller and established between them in good faith on clearly specified bases," these having to include, under the terms of the contract, the cost and the profit of the grantor* (2);

*By ruling in this way, although it does not result solely from the indication of these bases that the price was determinable and that furthermore, the setting of that price, subject to "the subsequent establishment in good faith of a preferential rate," the offer of that rate by the seller, and its acceptance by the buyer, was thereby subject to the conclusion of later agreements, the judges violated Art.* 1591 *c. civ.* (3).

(Soc. Anon. Bronzavia *v*. Angot.) – RULING

THE COURT; — On the sole ground: — In light of Art. 1591 c. civ.; — Whereas a sales contract is only perfect if it makes it possible, in light of its clauses, to determine the price by elements no longer depending on the will of one of the parties or the conclusion of subsequent agreements; — Whereas it results from the contested ruling (Paris, Nov. 22, 1963) that in 1961 the Company Bronzavia granted, for 25 years to Angot, the exclusive distribution of the goods manufactured by it; that difficulties having arisen from the performance of that agreement, the contested decision, after having declared that that contract was a sale as claimed by Angot, pronounced, upon the request of the latter, the termination of the aforementioned agreement at the fault of Bronzavia by rejecting the ground opposed by the latter drawn from the invalidity of the sales contract for lack of agreement on the price; — Whereas to admit that there had been an agreement on the price, the court of appeal stated that that price had to result "from the acceptance by the buyer of the preferential rate granted to it by its seller and that was established between them in good faith on clearly specified bases," these having to include, under the terms of the contract recalled by the first judges, the cost and the profit of Bronzavia; that by ruling in this way, whereas it does not result from the sole indication of these bases that the price was determinable and while furthermore, the setting of that price, subject to "the subsequent establishment in good faith of a preferential rate," the offer of that rate by the seller, and the acceptance thereof by the buyer, were thereby subject to the conclusion of later agreements, the court of appeal violated the aforementioned text;

On these grounds, quashes…, remands to the Amiens court of appeal.

March 24, 1965. – Ch. com. – Messrs. Guillot, pr. – Sébire, rap. – Come, 1st pub. pros. – Marcilhacy and Lemanissier, att.

NOTE. – (1, 2 and 3) The sale is not valid if the setting of the price is abandoned at the desire of either of the contracting parties or postponed to a later agreement (Pau, July 9, 1888, D. P. 89. 2. 62; Trib. Corr. Saint-Sever, March 23, 1900, D. P. 1903. 5. 779). – See *Rep. civ.* and *Mise à jour* [*Update*], v° *Vente* [*Sale*], by Ph. Malaurie, nos. 644 and f.