# Exhibit 21

16/02/2012

**Court of cassation**

**Plenary assembly**

**Public hearing on 1 December 1995**

**Appeal no.: 91-15578**

Published in the bulletin

Cassation

**President: Mr. Drai., president**

Rapporteur: Mrs. Fossereau, assisted by Mrs. Merchan de la Pena, auditor, reporting judge

First Advocate General: Mr. Jéol, advocate general

Attorneys: partners Boré and Xavier (ruling no. 1), partners Defrénois and Levis, partners Rouvière and Boutet (ruling no. 2), attorney(s)


## THE FRENCH REPUBLIC

## IN THE NAME OF THE FRENCH PEOPLE

RULING NO. 1

On the first grounds for appeal, based on its first prong:

Given articles 1709 and 1710, together with Articles 1134 and 1135 of the Civil Code;

Whereas when an agreement provides for the conclusion of subsequent contracts, the price indeterminacy of these contracts in the initial agreement does not affect, barring any specific legal provisions, the validity thereof, price fixing abuse leads only to termination or compensation;

Whereas, according to the contested judgment (Rennes, 13 February 1991) that on 5 July 1981, Sumaco entered into a lease and maintenance agreement with Compagnie atlantique de téléphone (CAT) for a telephone system using an indexed fee, the agreement stipulating that any modifications requested by the Administration or the subscriber would be performed at the expense thereof according to the rate in effect; that the company having terminated the contract in 1986 due to lack of payment of the fee, and demanded the contractually stipulated compensation, Sumaco sought termination of the agreement due to price indeterminacy;

Whereas, to cancel the contract, the ruling holds that the subscriber was contractually bound to contact only the company for any modifications to the system and that the price for any inevitable overhauls to this system and for which Sumaco is obligated to contact CAT, was not established and depended solely on the will of the latter, as well as on the price of any surcharges;

By ruling in this manner, the appellate court violated the aforementioned provisions;

FOR THESE REASONS, and without any need to adjudicate on the other grounds:

RENDERED NULL AND VOID, in all of its provisions, the ruling given on 13 February 1991, between the parties, by the Court of Appeals in Rennes; consequently places the suit and the parties in the state where they reside before the said ruling and, as required by law, remands the case to the appellate court of Paris.

ANNEXED GROUNDS

Grounds produced by partners Boré and Xavier, attorney at the council for the Compagnie atlantique de téléphone.

FIRST GROUNDS FOR APPEAL:

An objection is raised against the contested reversal judgment for pronouncing the contract entered into on 2 July 1981 between the Compagnie atlantique de téléphone and Sumaco null and void;

ON THE GROUNDS THAT the disputed contract was for lease and maintenance of a telephone system of the barphone B 72 type (ruling p. 4 in fine); that if the cost of the initial fee was set clearly at 159.50 francs, its value in July 1981, the lack of indication of the value of the benchmarks or their method of publication did not allow the subscriber to anticipate and calculate the variation (ruling page 5, paragraph 3);

1) WHEREAS, only sales contracts are subject to revocation for price indeterminacy; that contracts that include performance obligations are exempt from such revocation; that in this case, the disputed contract was a lease and maintenance contract for telephone equipment only imposing performance obligations; that by deciding that such a contract could be terminated for price indeterminacy, the appellate court violated Article 1129 of the Civil Code;

2) WHEREAS, in any case, the price can be determined since the contract includes indices enabling the calculation of the price indexation; that reference to the index value is not required, as this value can be found by the contractor; that in this case, the appellate court notes that the disputed contract contained benchmarks; that by declaring nevertheless that the price of the fee variation was not

determinable, for an inoperative reason that " index values " were not indicated, the appellate court violated Article 1129 of the Civil Code;

3) WHEREAS the mere reference to indices allows the contractor to determine the price variation, as these indices are the subject of publication; by terminating the contract, because the mode of publication of the indices was not indicated without examining whether Sumaco, a business professional, might be aware of the publication method for these indices and may be able to calculate the variation, the decision by the appellate court was without legal foundation according to Article 1129 of the Civil Code;

AND ON THE GROUNDS THAT the price for maintenance and modification of equipment, and inevitable operations, is neither determined nor determinable; that participation in installation costs when changing or adding equipment is not determined, and neither is the price of travel, vacation, driving time, or service visits; that these price indeterminacies lead to the revocation of the agreement (ruling page 5, paragraphs 2, 4, and 5);

4) WHEREAS, contracts including performance obligations cannot be canceled due to price indeterminacy; that obligations to maintain and overhaul the equipment leased constitute performance obligations incidental to the lease contract for the equipment; that in this case, the appellate court overturned the telephone lease contract because the costs of the overhaul, update and repair of the equipment leased, were not calculated; by making this decision, although these obligations are classified as performance obligations, the appellate court violated Article 1129 of the Civil Code;

SECOND GROUNDS FOR APPEAL:

An objection is raised against the appealed reversal judgment for pronouncing the contract entered into on 2 July 1981 between the Compagnie atlantique de téléphone and Sumaco null and void;

ON THE GROUNDS THAT the provisions from Article 2 of the telephone lease agreement compel the subscriber to contact CAT exclusively for any modification to the system; that the price of these services depends solely on the will of CAT, the co-lessee has no other choice but to accept the conditions inflicted upon him (ruling page 5, paragraph 2);

1) WHEREAS it is not an exclusivity clause as defined in Article 1 of the act of October 14, 1943 the clause in a lease agreement of a telephone system which provides that all changes, moves, extensions, and in general all system modifications can only be performed by the lessor; that such a clause has indeed as its sole purpose to reserve for the lessor the modification of a system that it owns; that by deciding that the disputed contract is void, on the grounds that the clause, that imposes upon the licensee to contact the lessor for any modification of the system, would constitute an exclusivity clause, the appellate court violated Article 1174 of the Civil Code and the 1st Article of the Act of 14 October 1943;

2) WHEREAS, there is no exclusivity clause when the lessee may contact other suppliers to purchase or use of similar or complementary devices; that it follows from the contract in dispute that the lessee could go to other suppliers to purchase similar or complementary equipment and thus have its system evaluated according to its needs and technical progress; that in considering that the disputed contract contained an exclusivity clause, the appellate court has distorted the clear and precise terms of this contract, thus violating Article 1134 of the Civil Code;

3) WHEREAS, the appellate court deduced from the indeterminacy of the price relating to the provision of maintenance and modification of telephone equipment, a "clause potestative"; that by deciding in this manner, without noting that the agreement precluded prices being freely discussed and accepted by the parties, the appellate court decision has no legal foundation under Article 1170 of the Civil Code;

THIRD GROUNDS FOR APPEAL:

A complaint was brought against the disputed ruling having denied the CAT, the lessor, its request for payment of costs and services under the agreement;

ON THE GROUNDS THAT the CAT cannot rely on a voided agreement to claim expenses and allowances provided for in this agreement (ruling page 6, 1st paragraph);

WHEREAS, if a successive performance contract is canceled, the relationships between the parties should be governed by the rules of unfounded enrichment; that if restitution is not possible due to the nature of the obligation, it should take into account the value of services that each of them has performed; by failing to investigate with regard to the rules relating to unjust enrichment, which was the value of services provided by the plaintiff, the appellate court misapplied the principles of unjust enrichment.

**Publication:** Bulletin 1995 A. P. N° 7 p. 13

**Contested decision:** Court of Appeals of Rennes, on 13 February 1991

**Titles and summaries:** CONTRACTS AND OBLIGATIONS - Subject - Determination - Lease-maintenance contract - Price of future services - Fixation - Violation- Sanctions.
Whereas, when an agreement provides for the conclusion of subsequent contracts, the price indeterminacy of these contracts in the initial agreement does not affect, barring any specific legal provisions, the validity thereof, price fixing abuse leads only to termination or compensation;

TELECOMMUNICATIONS JOBS - Telephone - Telephone system - Lease-maintenance contract - Price of services in case of modification or extension - Absence - Effect CONTRACTS AND OBLIGATIONS - Subject - Determination - Necessity - Scope of use - Telephone system - Price of services in the case of modification or extension (or not) CONTRACTS AND OBLIGATIONS - Subject - Determination - Necessity - Scope of use - Framework agreement - Subsequent contracts - Price - Fixation - Violation - Sanctions

**Applicable laws:**
   Civil Code 1709, 1710, 1134, 1135