# Exhibit 22

16 February 2012

**Court of cassation**

**Plenary assembly**

**Public hearing on 1 December 1995**

**Appeal no.: 91-15999**

Published in the bulletin

**Cassation**

**President: Mr. Drai., president**

Rapporteur: Mrs. Fossereau, assisted by Mrs. Merchan de la Pena, auditor, reporting judge

First Advocate General: Mr. Jéol, advocate general

Attorneys: Partners Boré and Xavier (ruling no. 1), partners Defrénois and Levis, partners Rouvière and Boutet (ruling no. 2), attorney(s)

THE FRENCH REPUBLIC

IN THE NAME OF THE FRENCH PEOPLE

RULING NO. 2

On the only grounds for appeal, based on its first prong:

Given articles 1709 and 1710, together with Articles 1134 and 1135 of the Civil Code;

Whereas when an agreement provides for the conclusion of subsequent contracts, the price indeterminacy of these contracts in the initial agreement does not affect, barring any specific legal provisions, the validity thereof, price fixing abuse leads only to termination or compensation;

Whereas, according to the decision granted, that, on 15 November 1982, Bechtel France

(hereinafter, Bechtel) signed with the Compagnie française de téléphone (hereinafter Cofratel), for a duration of 15 years, a "lease-maintenance" agreement, relating to the telephone system in its offices; that, on 28 June 1984, Bechtel informed Cofratel about the closure of part of its facilities and, subsequently, of termination of the contract; that Cofratel sued Bechtel for payment of the amount of the penalty clause provided in case of premature termination of the agreement and that Bechtel countered by invoking the contract revocation for price indeterminacy;

Whereas, to pronounce this revocation, the ruling maintains that if "the obligation to use Cofratel applies only to intrinsic system changes and does not prevent Bechtel from contacting other suppliers for the purchase and use of a complementary or similar device, the fact remains that any changes to the system can only be performed by Cofratel who benefits in this regard from an exclusivity clause;"

By ruling in this manner, the appellate court violated the aforementioned provisions;

FOR THESE REASONS:

RENDERED NULL AND VOID, in all of its provisions, the ruling given on 26 March 1991, between the parties, by the Court of Appeals in Paris; consequently places the suit and the parties in the state where they reside before the said ruling and, as required by law, remands the case to the appellate court of Paris otherwise composed.

ANNEXED GROUNDS

Grounds produced by partners Richard and Mandelkern, advocate in council, for Le Montparnasse.

GROUNDS FOR APPEAL:

An objection is raised to the contested reversal ruling for pronouncing the contract signed on 15 November 1982 by Bechtel France with Cofratel null and void and having dismissed all claims by the latter;

ON THE GROUNDS THAT if the obligation to use Cofratel applies only to intrinsic system changes and does not prevent Bechtel from contacting other suppliers for the purchase

and use of complementary or similar devices, the fact remains that any changes to the system can be made by Cofratel who benefits in this regard from an exclusivity clause; (...); that also, in the absence of any item in the contract enabling the avoidance of price fixing of these modifications at the sole discretionary value of Cofratel, with sole authority to perform them, the entire agreement should be canceled due to price indeterminacy of services and supplies under Article 8, in accordance with the provisions of Article 1129 of the Civil Code, and to the extent that the parties were bound by a long-term contract;

1) WHEREAS, the contracts that are intended only for performance obligations are not subject to the price determination requirements; that in this case, the appellate court expressly noted that the exclusivity clause stipulated for the benefit of Cofratel involved intrinsic system changes excluding the purchase and use of a similar or complimentary device; that the disputed clause thus gave rise to a performance obligation not subject to the requirement for a certain price, that since, in ruling as it did, the appellate court violated Article 1129 of the Civil Code; at any rate, its decision has no legal foundation based on this text;

2) WHEREAS, Cofratel argued, in its final arguments, that if Bechtel decided to use the services from Cofratel, it had the option to discuss the numerical estimate submitted to it and was perfectly free not to contract with or to contact the competition; by failing to respond to these peremptory findings, the appellate court violated Article 455 of the Code of Civil Procedure.

**Publication:** Bulletin 1995 A. P. N° 7 p. 13

**Contested decision:** Court of Appeals of Paris, on 26 March 1991

**Titles and summaries:** CONTRACTS AND OBLIGATIONS - Subject - Determination - Lease-maintenance contract - Price of future services - Fixation - Violation - Sanctions. Whereas when an agreement provides for the conclusion of subsequent contracts, the price indeterminacy of these contracts in the initial agreement does not affect, barring any specific legal provisions, the validity thereof, price fixing abuse leads only to termination or compensation;

TELECOMMUNICATIONS JOBS- Telephone -Telephone system - Lease and maintenance contract - Price of services in case of modification or extension - Absence - Effect CONTRACTS AND OBLIGATIONS - Subject - Determination - Necessity - Scope of use - Telephone system - Price of services in case of modification or extension (or not) CONTRACTS AND OBLIGATIONS - Subject - Determination - Necessity - Scope of use - Framework agreement - Subsequent contracts - Price - Fixation - Violation - Sanctions

**Applicable laws:**
- Civil Code 1709, 1710, 1134, 1135