# Exhibit 23

16 February 2012

**Court of cassation**

**Plenary assembly**

**Public hearing on 1 December 1995**

**Appeal no.: 91-19653**

Published in the bulletin

**Cassation**

**First president: Mr. Drai., president**

Rapporteur: Mrs. Fossereau, assisted by Mrs. Merchan de la Pena, auditor., reporting judge

First Advocate General: Mr. Jéol., advocate general

Attorneys: Partners Defrénois and Levis, Mr. Jacoupy., attorney(s)


# THE FRENCH REPUBLIC

# IN THE NAME OF THE FRENCH PEOPLE

On the first part of the only ground:

In light of articles 1134 and 1135 of the Civil Code;

Whereas the provision of a franchising agreement referring to the tariff valid on the day that future supply orders are placed does not affect the validity of the contract, price fixing abuse leading only to termination or compensation;

Whereas, according to the contested decision, Mr. X… entered into an agreement under which he would become, for a duration of 5 years, Mr. Y…'s franchisee and agreed to use exclusively the products sold by him;

Whereas, to annul the contract, the decision maintains that article 5 of the contract

provides "that the products will be sold at the tariff valid on the day of the registration of the order, such tariff being the catalogue price applied to all franchisees," that this is in fact a price list and that the price determination is consequently at the franchisor's discretion;

By ruling in this manner, the appellate court has violated the aforementioned provisions;

FOR THESE REASONS, and without any need to adjudicate on the second part of the ground:

RENDERS NULL AND VOID, in all of its provisions, the judgment delivered on 10 July 1991, between the parties, by the Court of Appeals in Chambéry, consequently puts the parties in the position they would have been in before the said judgment, and, as required by law, remands the case to the appellate court of Paris.

 ANNEXED GROUNDS

Grounds produced by partners Defrénois and Levis, advocate in council, for Mr. Y…

GROUNDS FOR APPEAL:

 An objection is raised to the contested ruling for pronouncing the franchising contract signed on 28 February 1983 between Mr. Y…, franchisor, and Mr. X, franchisee, null and void, and to have consequently ordered Mr. Y… to reimburse to Mr. X… the amount of 187,760 francs that had been paid as a partial consideration for the contract and to pay to Mr. X… the amount of 60000 francs in damages;

ON THE GROUNDS THAT the franchising agreement provides that the supplied products would be sold to the franchisee at the tariff valid on the day of the registration of the order and that such tariff would be the catalogue price applied by the franchisor to all other franchisees and exclusive distributors; but that in fact no catalogue price has ever existed, the franchisor providing the franchisees with a price list drawn up by him at the beginning of the year, valid for the duration of the year to come; that the determination of the price of the products which the franchisee was obliged to purchase was left to the sole discretion of the franchisor;  that the contract is thus void for price indeterminacy;  that the amounts paid and the equipment received should be returned;  that the franchisee should be granted 60,000 francs in damages to compensate for the loss of use for several years in the amount of 187,760 francs that he had paid to the franchisor;

WHEREAS, on the one hand, the franchising agreement is distinct from the successive

sales contracts entered into later on by the franchisor and the franchisee; that, therefore, even if these sales contracts were void for price indeterminacy, the franchising agreement could not be annulled automatically; that by failing to establish whether in this case the subject matter of the franchising agreement was effectively performance obligations so that article 1129 of the Civil Code was not applicable, and whether its provisions regarding the prices of subsequent sales contracts referred exclusively to these contracts, so that these provisions only needed to be examined in order to assess the lawfulness of these sales contracts, the decision by the appellate court was without legal foundation according to Article 1129, 1134 and 1165 of the Civil Code;

AND WHEREAS, on the other hand, the annulment of a contract only obliges each party to return the object received from its co-contractor; that a party can only, in addition, be ordered to pay damages if it has committed a breach causing a damage to its co-contractor; that, in this case, the franchisor had the right to receive the amount of 187,760 francs and to keep it as long the franchising agreement had not been annulled, that in addition this was only the consideration for the use of the equipment by the franchisee; that by nevertheless ordering Mr. Y… to pay 60000 francs in damages to Mr. X…, without finding that the franchisor had committed a breach nor establishing a causal link to the damage alleged by the franchisee, the decision by the appellate court was without legal foundation according to Article 1382 of the Civil Code.

**Publication:** Bulletin 1995 A. P. N° 8 p. 15

**Contested decision:** Court of Appeals of Chambéry, on 10 July 1991

**Titles and summaries:**  CONTRACTS AND OBLIGATIONS - Subject - Determination - Necessity - Scope of application - Framework agreement - Subsequent contracts - Price - Fixing - Abuse – Sanctions.  The provision of a franchising agreement referring to the tariff valid on the day that future supply orders are placed does not affect the validity of the contract, as price fixing abuse leads only to termination or compensation.

**Applicable laws:**
- Civil Code 1134, 1135