# Exhibit 24

16 February 2012

**Court of cassation**

**Plenary assembly**

**Public hearing on 1 December 1995**

**Appeal no.: 93-13688**

Published in the bulletin

                                                                          **Dismissal**

**President: Mr. Drai., president**

Rapporteur: Mrs. Fossereau, assisted by Mrs. Merchan de la Pena, auditor, reporting judge

First Advocate General: Mr. Jéol., advocate general

Attorneys: Partners Richard and Mandelkern, partners Boré and Xavier., attorney(s)

THE FRENCH REPUBLIC

IN THE NAME OF THE FRENCH PEOPLE

Sole grounds for appeal, based on two prongs:

Whereas, according to the confirmatory judgment (Rennes, 11 February 1993), that in order to operate a hotel, Le Montparnasse company, on 27 August 1987, leased from the Compagnie armoricaine de télécommunications, whose rights are assumed by GST-Alcatel Bretagne (hereinafter, Alcatel), a telephone system for a duration of 10 years; that in January 1990, Le Montparnasse sold its business and that the transferee did not want to take over the telephone system; that Alcatel sued Le Montparnasse for payment in the amount of indemnity for termination, specified in the contract;

Whereas, Le Montparnasse criticizes the ruling having set aside the plea for the revocation of the contract and the subsequent amendments thereto, drawn from the price indeterminacy of one portion of the stipulated "services," although, according to the argument, on the one hand, is neither determined or determinable, as defined by Article 1129 of the Civil Code, the price the fixing of which relies on not sufficiently specified parameters; that in this case, Article 2 of the agreement dated 27 August 1987 provides that any extension of the initial system will increase the lease fee, determined based on the rise of the supplier's prices since the last fixing that was "used as a basis," as well as according to the contractual price index or, if the application of the index may be temporarily suspended following the alternative

measures or legal or regulatory increased coefficient adopted by the public authorities, it being understood that these same index variations may be applied both to the equipment associated with the leased or provided system and with the manpower if, as a result of "any circumstance," increases incurred by the equipment supplier cannot be substantiated; that, since, by merely stating that the parameters thus defined cannot be controlled by the parties, to infer that the extent of the increase in the initial fee related to the extensions of the system was completely determinable without examining whether, by its obscurity and complexity, the calculation formula in the contract made it impossible for the lessee, bound by an exclusivity clause, to determine the rate of increase, the appellate court decision had no legal foundation under the aforementioned provisions; and thus, on the other hand, for the contract to be valid it is necessary that the quantity of the subject matter of the obligation that is disputed be determinable; it is indisputable, in this case, that the lessee was required to use the lessor for any extension whose entry into service was subject, pursuant to Article 3, in fine, of the contract from 27 August 1987, to payment of the fee claimed by the installer; that therefore, by failing to investigate if, at the conclusion of amendments thereto provided in case of modification or extension to the initial system, the prices could be freely discussed and accepted by the parties, the decision made by the appellate court has no legal foundation under article 1129 of the Civil Code;

But given that Article 1129 of the Civil Code does not apply to price determination and that the appellate court did not receive any requests for termination or compensation for price fixing abuse, its decision is legally justified;

FOR THESE REASONS:

THE APPEAL IS REJECTED. GROUNDS ANNEXED

Grounds produced by partners Richard and Mandelkern, advocate in council, for Le Montparnasse.

SOLE GROUNDS FOR APPEAL:

The contested ruling was challenged, for having set aside the plea for revocation of the contract and the amendments thereto because of the indeterminacy of the price of a portion of the stipulated services;

ON THE GROUNDS THAT, in its Article 2, the agreement from 27 August 1987 stipulates in particular, on the one hand, that any extension of the system would cause an increase of this fee based on reference elements not relying exclusively on either party; on the other hand, that in this case, the company should submit a price to the lessee that the latter would ratify by signing a purchase order to serve as acknowledgement and discharge; finally, that in case of disagreement about these proposals, the setting of the additional fee payable by the

lessee would be determined according to objective criteria, in this case the rising prices from the supplier since the last fixing used as a basis and/or changes in the contractual price index for manpower and small annexed supplies or any other index that could be replaced by the public authorities; that it necessarily follows that the lessee had no obligation to extend its system but especially in the absence of an agreement between the parties, the extent of the increase of the initial fee associated with such an extension was completely determinable according to parameters that none of them could control since it is undisputed that the supplier is a third-party to the contract and that Le Montparnasse does not even argue that the contractual price index referred to in this agreement does not exist (cf. judgment, p. 3 and 4) ;

1) WHEREAS, is neither determined nor determinable, as defined in Article 1129 of the Civil Code, the price the fixing of which relies on parameters that are insufficiently specified; that in this case, Article 2 of the agreement dated 27 August 1987 provides that any extension of the initial system increase the lease fee, determined based on the rise of the supplier's prices since the last fixing "used as a basis" and depending on the contractual price index or, if use of the index may be temporarily suspended, following alternative measures or the legal or regulatory increase in the coefficient adopted by the public authorities, it is understood that these same index variations may be applied both to the equipment associated with the leased or provided system and with the manpower if, as a result of  "any circumstances," the increase incurred by the equipment supplier cannot be substantiated;

THAT therefore, by merely stating that the parameters thus defined cannot be controlled by the parties, to infer that the extent of the increase of the initial fee related to the extensions of the system was completely determinable, examining whether, by its obscurity and complexity, the calculation formula in the contract made it impossible for the lessee, bound by an exclusivity clause, to determine the rate of increase, the appellate court decision had no legal foundation under the aforementioned provisions;

2) WHEREAS, for the contract to be valid it is necessary that the quantity of the subject matter of the obligation that is in dispute be determinable; it is undisputed, in this case, that the lessee was required to use the lessor for any extension of the initial system, an extension whose entry into service was subject, pursuant to Article 3, in fine, of the contract from 27 August 1987, to payment of the fees claimed by the installer;

THAT therefore, by failing to investigate if, at the conclusion of amendments thereto provided in case of modification or extension of the initial system, the prices could be freely discussed and accepted by the parties, the decision made by the appellate court has no legal foundation under Article 1129 of the Civil Code.

**Publication:** Bulletin 1995 A. P. N° 9 p. 16

**Contested decision:** Court of Appeals in Rennes, on 11 February 1993

**Titles and summaries:** CONTRACTS AND OBLIGATIONS - Subject - Determination -

Price - Article 1129 of the Civil Code - Application (or not) . Since Article 1129 of the Civil Code is not applicable to the determination of price, the abuse in the fixing thereof only gives rise to termination or compensation.

CONTRACTS AND OBLIGATIONS - Subject - Determination - Price - Fixation - Violation - Sanctions

**Applicable laws:**
- Civil Code 1129