# Exhibit 29

020352

| | |
|---|---|
| **General Repertoire No.:** 88.14630 | <u>COURT OF APPEALS IN PARIS</u> |
| On appeal of a decision rendered on 7 June 1988 by the 5th Division of the Court of First Instance in BOBIGNY | 16th         division, section A |
| | <u>JUDGMENT DATED 22 JANUARY 1991</u> (No. 1, 5 pages) |
| <u>LEGAL AID</u> | <u>PARTIES INVOLVED</u> |
| Admission from In favor of | 1°) Monsieur Bernard CARBONNAUX, residing at ROISSY EN FRANCE 95500–1 Chemin de la Dime |
| Date of order for termination: 3 December 1990 | **APPELLANT** Represented by Pascale BETTINGER, attorney-at-law Assisted by GERARDIN-CHARPENTIER SCP [LEGAL PARTNERSHIP], attorney |
| CONTRADICTORY JUDGMENT ON THE FACTS | 2°) SOCIETE A RESPONSIBILITE LIMITE ACTIMETAL [LLC] Whose legal office is in PARIS 9eme – 30, rue Joubert |
| | **RESPONDENT** Represented by BOMMART FORSTER SCP Assisted by CYCMAN, attorney |
| | <u>COMPOSITION OF THE COURT:</u> During proceedings and deliberations |
| | Mrs.        E. BORRA, President Mr.          P. LAPIERRE, Reporting judge Mrs.        C. CABAT, Reporting judge |
| | <u>CLERK OF COURT</u>: Mrs. LEBRUMENT |
| | <u>PROCEEDINGS</u>: at the public hearing on 3 December 1990. <u>JUDGMENT:</u> Contradictory Pronounced publicly by Mrs. BORRA, President, who signed the minutes with Mrs. LEBRUMENT, Clerk of Court.- |

1st page                                                        [illegible signatures-3]

The Court shall decide the appeal brought by Mr.CARBONNAUX against a judgment rendered on 7 June 1988 by the Court of First Instance in BOBIGNY who said;

-that after the passage of 3 months the parties were to establish the text for a 9–year lease, governed by the Decree of 30 September 1953 and this was to be in effect by 1 January 1982 and which designated, in case of continuing disagreement about the price of the lease, Mr. HOSY as acting expert;

The dispute is between Mr. CARBONNAUX and ACTIMETAL, the respective owner and occupier of the premises at TREMBLAY LES GONESSE, 1, rue de la Mairie;

The dispute relates primarily to the existence of an oral lease claimed by ACTIMETAL, and secondarily the price of rent, the payment of back rent, the termination of the lease and the setting of occupational rent;

The trial judge held that the evidence of a lease subject to the provisions of the Decree of 1953 had been brought but he decided against the lessor in his request for termination, on the grounds that he did not have a payment order delivered to ACTIMETAL;

The appellant, Mr. CARBONNAUX asks that the Court amend the decision rendered and ruling again to find that ACTIMETAL could not rely on the existence of an oral lease;

Secondarily, he asks the Court:

-to acknowledge his claim that he accepts the setting of rent at 5,000 F. per month;

-to declare termination of the lease for default on rent payment, and to order eviction of ACTIMETAL,

-to set the monthly rent at 15,000 F.;

-to sentence ACTIMETAL to pay him
       1) 345,000 F. for arrears in rent,
       2) 50,000 F. for damages;
       3) 15,000 F. under Article 700 of the NCPC [new civil procedure code];

He contends essentially that his willingness to make the premises available to ACTIMETAL is not proven and with no agreement by the parties on the price of rent there can be no oral lease;

Ch. 16 EME A

Date 22 January 1991

2 EME page       [illegible signatures-2]

In addition he declared acceptance of setting the rent in the amount of 5,000 F. suggested by ACTIMETAL, arguing that the latter did not pay the rent in the amount that it recognized, he seeks termination of the lease, arguing that his claim for payment of unpaid rent, presented before the Court, is equivalent to a payment order;

In his most recent written documents, Mr. CARBONNAUX invokes a dangerous structure notice for the premises in dispute taken by the Mayor of TREMBLAY LES GONESSE on 12 December 1986 and a subsequent temporary injunction rendered on 19 February 1988 ordering cessation of activity by ACTIMETAL to allow performance of the work, and in the case of resistance by the latter closure of the establishment;

The appellant argues that this last decision by becoming final "won" the closure of the ACTIMETAL establishment and eviction of the latter, he draws the conclusion from this that the asserted lease is terminated.

Mr. CARBONNAUX claims lastly that he suffered a specific loss because of his implication in legal proceedings, solely due to the fact that ACTIMETAL has remained on the premises.

<u>ACTIMETAL, the respondent,</u> defends the appealed judgment and the sentencing of Mr. CARBONNAUX to pay it:
- 50.000 F. for damages for improper and persecutory procedure,
- 10.000 F. pursuant to Article 700 of the NCPC [new code of civil procedure];

It claims that it entered the premises as a sub-lessor of a company that made available to it only a portion thereof and that after the departure of this company it occupied the entirety of the disputed premises;

It argues that the discussions were established between Mr. CARBONNAUX and itself from 1983 to 1986, but that they were not successful through the fault of Mr. CARBONNAUX

It argues that if it stopped paying rent, whose amount moreover varied, this is due to a deficiency by the lessor, who refused to regulate the lease in writing, or to undertake the necessary repair work;

In response to the appellant's last written documents ACTIMETAL asserts that it was not evicted from the premises, that the decree in question only concerns the lessor and refers to only one section of the buildings that it occupies and that finally it itself performed the disputed work so that the danger no longer existed;

Ch. 16 EME A

Date 22 January 1991

3 EME page            [illegible signatures-2]

Now therefore, the Court

Whereas evidence of a commercial lease not established in writing may be brought by any means;

That, in this case, the elements regularly produced during proceedings establish that on the date of the claim for relief ACTIMETAL had occupied the disputed premises for more than 2 years with the consent of the owner and that it had paid to the latter, by check, advances or rent payments in advance;

Whereas if the price is an integral and essential element of a lease contract, it is established that a price had been agreed to between the parties and that only the amount of the latter is being debated today;

That, indeed, the leasing company indicates that it was between 4 and 5.000 F. and that the elements produced during proceedings if they establish actual payments, due to the irregularity of the latter they still do not allow for a determination of the precise amount of rent agreed upon;

Whereas in light of all these elements that establish the enjoyment by ACTIMETAL of the disputed premises in return for payment of rent, it was just that the Trial Judges agreed that the latter company benefited from an oral lease, which was, considering its length, subject to the provisions of the Decree of 30 September 1953;

That it is also right that in the presence of the existing dispute over the price of the lease, they ordered the assessment sought by the lessee and that in so doing they applied the provisions from Article 1716 of the Civil Code:

Thus, their decision should be confirmed on these grounds;

Whereas on the alternative claim for termination of the lease, that contrary to the assertions of the lessor, ACTIMETAL was not evicted from the disputed premises and that none of the decisions to which it refers orders termination of the oral lease granted to ACTIMETAL who is still on the premises;

Whereas considering the dispute that exists regarding the precise amount of the rent due, and the resistance by the lessor to sign a lease contract and perform the renovations that he is responsible for, the delays by the leasing company in the payment of rent, although they may be reprehensible they are not necessarily serious enough to lead to termination of the lease;

Thus, the claim brought on these grounds by Mr. CARBONNAUX is therefore rejected;

Ch. 16 EME A

Date 22 January 1991

4 EME page            [illegible signatures-2]

Given as well the uncertainty that exist with regard to the amount due by the leasing company in unpaid rent, which can only be precisely calculated after performing investigate measures, right now only an order for payment of a provision can be pronounced.

That in view of the large number of unregulated monthly payments, the latter can be set at 100,000 F., the obligation by ACTIMETAL cannot be seriously challenged at this level;

Whereas the parties may have been mistake about the extent of their respective rights and that they both partially lost their claims, that it has not been established under these conditions that the resistance of one or the other was improper and that their respective claims for damages are dismissed;

Whereas finally that equity does not require application in this case of provisions from Article 700 of the N.C.P.C. [new civil procedure code];

FOR THESE REASONS

- Confirms in its entirety the previous court decision

And in addition,

- Sentences ACTIMETAL to pay Mr. CARBONNAUX the amount of 100,000 F. to offset the rent due;

- Rejects the claims contrary to the reasoning deduced above;

- Divides equally the costs of the appeal and includes the attorneys on the case in this proportion of benefits from Article 699 of the N.C.P.C. [new civil procedure code]

The Clerk of Court,                    The President

[illegible signature]                  [illegible signature]

Ch. 16 EME A

Date 22 January 1991

4 EME page          [illegible signatures-2]

LAST