# Exhibit 30

| | |
|---|---|
| 104783[hand written] | FRENCH REPUBLIC |
| COURT OF APPEALS OF VERSAILLES | IN THE NAME OF THE FRENCH PEOPLE |
| | **THE TWENTY-NINTH OF OCTOBER ONE THOUSAND NINE HUNDRED NINETY-NINE** |
| Judgment no. 418 Dated 29 October 1999 | The Court of Appeals of Versailles, 01E division B rendered the following **ADVERSARIAL** judgment Pronounced at a public hearing |
| R.G. no. 97/00009496 | |
| CASE: | The case being discussed at a public hearing on the **FIRST OF OCTOBER ONE THOUSAND NINE HUNDRED NINETY-NINE** BEFORE: **Mr. Alban CHAIX. President**, charged with the report, the counselors of the parties not opposing it, pursuant to Article 786 of the New Code of Civil Procedure. |
| Mr. MACHROUH Bouziane | Assisted by Beatrice TANGUY, Clerk of Court. The reporting magistrate reported on it to the Court, in its deliberations, the latter being composed of: Mr. Alban CHAIX, President, |
| C/ -Mr. LEMAIRE Louis -Mr. LEMAIRE Bernard -Mrs. ROSSET Nicole | Mrs. Catherine METADIEU, Reporting judge Mrs. Marie-CH, LE BOURSICOT, Reporting judge And these same magistrates deliberated on it in accordance with the law. |
| Appeal of a ruling Rendered on 21 October 1997 By T.I. [first instance court] of CLICHY | In the case **BETWEEN**: **Mr. Bouziane MACHROUH**, residing at 34, Rue Victor Meric 92110 CLICHY |
| Enforceable copy Duly certified copy Delivered on NOV 1999 | **APPELLANT** |
| To: | **REPRESENTED** by MERLE CARENA DORON SCP, attorney-at-law at the Court of Appeals in Versailles |
| MERLE CARENA DORON SCP [LEGAL PARTNERSHIP] GAS SCP | **ARGUED** by Attorney MELOIS, Member of the VERSAILLES bar **PARTIAL LEGAL AID 55% NO. 10334/97 OF 17/06/1998** |

AND

1) **Mr. Louis LEMAIRE**, born on 15 April 1910 in ARGENTEUIL (95), French national.
2) **Mr. Bernard LEMAIRE**, born on 19 September 1934 in NEUILLY (92), French national, both residing at 4 boulevard Super Cannes 06400 CANNES
3) **Mrs. Nicole ROSSET**, born on 7 August 1937 in NICE (06), French national, residing at L'Oree du Bois-Les Draguenods – 74370 SAINT MARTIN BELLEVUE

**RESPONDENTS**

**REPRESENTED** by the GAS SCP, attorney-at-law at the Court of Appeals in Versailles

**ARGUED** by attorney BORS LIPSZYC, member of the PARIS bar

---

## **FACTS AND PROCEEDINGS**

By private agreement dated 15 October 1985, the Consorts of LEMAIRE-ROSSET, through the "Cabinet CHARTRAS" SARL [LLC], leased an apartment located at 34 rue Victor Meric 92110 CLICHY on the 5th floor to Mrs. DOUADI for a period of one year renewable by tacit agreement.

Mrs. DOUADI was then married to Mr. Bouziane MACHROUH, and both have failed to pay the rent.

The Consorts LEMAIRE-ROSSET did issue a payment order referring to the resolutory clause, dated 30 October 1996 in the amount of 10,216.54 Francs representing the back rent, in addition to the expenses from the order, which has had no effect.

"Cabinet CHATRAS" moved Mr. MACHROUH to a smaller apartment in the same building for a primary monthly rent of 1,350 Francs pursuant to an oral lease.

No lease could be negotiated due to the back rent on the former apartment.

Mr. MACHROUH, having failed to pay his new rent payments, the consorts LEMAIRE-ROSSET by affidavit dated 1 August 1997, sued him before the district court of CLICHY, to order resolution of the lease for non-payment of rent, to order his eviction, as well as that of any occupant on these grounds with the assistance of law enforcement, to sentence him to pay 10,216.54 Francs and 6,346.30 Francs for rent and unpaid expenses for each apartment rented, as well as 5,000 Francs pursuant to Article 700 of the new code of civil procedure, to set quarterly occupational rent of 1,803.75 Francs, all immediately enforceable.

By adversarial judgment, dated 21 October 1997, the district court of CLICHY rendered the following decision:

-declared termination of the lease.

  -stated that Mr. MACHROUH must leave the premises within one month of the service of this judgment, or else, he may be evicted, as well as any occupant on these grounds, if necessary with the assistance of law enforcement.

  -sentenced Mr. MACHROUH to pay to the Consorts LEMAIRE-ROSSET in cash funds or receipts in the amount of 11,412.92 Francs.

  -set the equivalent of monthly rent + charges as the amount of monthly occupational rent as compensation for non-receipt of rent and expenses until the actual departure from the premises.

  -dismissed outstanding claims by both parties.

  -ordered immediate enforcement.

  -sentenced Mr. MACHROUH to pay expenses.

  On 18 November 1997, Mr. MACHROUH appealed this decision.

  Mr. MACHROUH having been the subject of partial legal aid of 55%, pursuant to a decision dated 17 June 1998, does not deny having ceased paying several rent payments, in view of his precarious financial situation and he commits, in exchange for his remaining in the premises, to pay off the balance of his debt in regular installments, in accordance with the terms that will be set by the Court.

  Moreover, he requests dismissal of the claims by the consorts LEMAIRE-ROSSET by arguing that no clear and precise statement was produced enabling the precise verification of his rental debt for the second apartment and that the second lease was entered into based on quarterly rent.

  Therefore, he requested the court to:

  -accept the appeal and declare it well-founded.

  Amending the judgment rendered.

  -stating that there are no grounds for applying the resolutory clause given the good faith of Mr. MACHROUH and dismissing the claim by the consorts LEMAIRE-ROSSET for eviction.

  -granting him the longest payment delays possible to pay off his debt.

  -stating that with even the slightest failure on his part, immediate eviction may be pursued.

  -deciding by law regarding expenses.

  Mr. Louis and Bernard LEMAIRE and Mrs. Nicole ROSSET, respondents, confirmed the judgment rendered in that it recognized the indisputable existence of the rental debt with regard to the first lodging occupied by Mr. MACHROUH according to the lease on 15 October 1985.

Moreover, they argue that the appellant is liable for monthly rent for lease of the second apartment as evidenced by the deadline notices produced during the proceedings. Consequently, they are seeking reversal of the judgment rendered, in that it sentences Mr. MACHROUH to payment of the amount of 11,412.92 Francs pursuant to the back rent considering the error by the court basing it on quarterly and not monthly rent and payment of the sum of 5,000 Francs pursuant to Article 700 of the new code of civil procedure.

Therefore, he requested the court to:

-confirm the appealed judgment, by ordering the termination of the lease tying Mr. MACHROUH to the consorts LEMAIRE-ROSSET to the apartment located at 34 rue Victor Meric in CLICHY on the 4th floor to the left, as well as the eviction of Mr. MACHROUH and all occupants on these grounds,

-confirm the judgment rendered by acknowledging the indisputable existence of the debt pertaining to the first lodging in the amount of 9,605.42 Francs representing unpaid quarterly rent from July and October,

-confirm the judgment rendered by sentencing Mr. MACHROUH to pay occupational rent in an amount equivalent to that of the rent plus expenses,

-reverse the judgment rendered by setting the back rent from Mr. MACHROUH at 11,412.92 Francs and thus sentencing the latter to pay this sum in cash funds or receipts,

Ruling again,

-finding that Mr. MACHROUH is liable since he entered the premises for a monthly rent of 1,350 Francs in principal, i.e. 1,803.75 Francs including tax,

-finding that the indisputable deadline notices until the rendering of the appealed judgment bear notice of payment of monthly rent,

Consequently,

-sentencing Mr. MACHROUH to pay the amount of 39,168.62 Francs in back rent running from January 1997 to June 1999,

-sentencing Mr. MACHROUH to payment of 5,000 Francs pursuant to Article 700 of the new code of civil procedure code,

- sentencing the defendants to pay all the expenses of these proceedings to the benefit of the GAS SCP, in accordance with provisions of Article 699 of the new code of civil procedure.

The closure of proceedings was signed on 23 September 1999 and the case argued at the hearing on 1 October 1999.

ON THIS THE COURT

I)  Whereas, the appellant does not dispute – as well as he upheld precisely the appealed judgment – that on 1 August 1997, there were already several months of unpaid rent that the court set precisely at the sum of 11,412.92 Francs;

Whereas, Mr. MACHROUH is thus sentenced to pay this confirmed sum in cash funds or receipts;

Whereas, it is just, that given this serious and persistent failure by the lessee in his obligation to pay his rent payments at the agreed upon time (Article 1728-2o of the Civil Code and 7)a) from the Act of 6 July 1989), the court ordered the termination of his lease pursuant to Articles 1184 and 1741 of the Civil Code and ordered his eviction and sequestration of the furniture; that the judgment is thus confirmed and that the court specifies that this eviction as well as that of any occupants on these grounds of Monsieur MACHROUH, will be performed in accordance with the provisions of Articles 61 to 66 from the Act from 9 July 1991 (amended by the Act from 29 July 1998);

Whereas, that the appellant has not submitted documentation of civil status making it impossible to know his family circumstances and that he says nothing about income or about the profession of his alleged wife; that the related document submitted are inadequate and incomplete and that the party concerned does not specify or show anything about his profession or current income, or on his tax assessment for the years 1998 and 1999; that notably, his last pay slips are outdated and date to the period from June to September 1998; that moreover, he makes no offer of payment, and that consequently his claim for the granting of delays in payment is dismissed pursuant to articles 1244-1 to 1244-3 of the Civil Code;

II) Whereas, as for the <u>cross-appeal</u> by the consorts LEMAIRE-ROSSET, that Mr. MACHROUH does not dispute the existence of an oral lease for the second apartment that he is still currently occupying, and that he has not disputed that this lease is in effect (as defined by Article 1716 of the civil code), being observed that the lessee has never demanded the establishment of a lease contract in writing; that as regards the price of this oral lease, the court concerned that by law, the provisions of Article 1716 of the Civil Code are not pubic policy and it is thus its obligation to set this price according to the circumstances and according to the will of the parties; that it emphasizes that Mr. MACHROUH never protested the oral rent of 1,803.75 Francs (all expenses included) per month invoked by the lessors or in the deadline notices that he received, and that in any event, his arguments regarding the price of this oral lease are futile because in fact, he is not paying the new rent or the former one; that this monthly rent of 1,803.75 Francs (including tax) is thus chosen by the court;

Whereas, the appellant does not specify or show anything on the subject of payments, whether on time or irregular, that he should have paid them pursuant to this new oral lease; that he is therefore sentenced to pay to the consort LEMAIRE-ROSSET the justified amount of 39,168.62 Francs in back rent owed by him for the period from January 1997 to June 1999;

Whereas, moreover, the judgment is confirmed by justly sentencing Mr. MACHROUH to pay occupational rent precisely set at the amount of the last monthly rent plus rental expenses and this, until his full and final departure

from the premises; that the appellant had his unjustified claim for granting of payment delays was dismissed on these grounds;

Whereas, finally, given the equity, Mr. MACHROUH is sentenced to pay to the consorts LEMAIRE_ROSSET the amount of 5,000 Francs pursuant to Article 700 of the new code of civil procedure;

### FOR THESE REASONS

The Court ruling in public, in the presence of both parties and as the court of last resort;

-**DISMISSES** Mr. Bouziane MACHROUH'S appeal and all claims that the latter includes;

-**SENTENCED** Mr. MACHROUH to pay to the consorts LEMAIRE-ROSSET the amount of 11,412.92 Francs, in cash funds or receipts;

-**CONFIRMED** the judgment in all its provisions ordering the termination of the lease and the eviction and sequestration of the furniture of Mr. MACHROUH and of any occupants on these grounds;

-**ORDERED** that the eviction will take place in accordance with Articles 61 to 66 from the Act from 9 July 1991 (amended by the Act from 29 July 1998);

-**CONFIRMED** the judgment by precisely setting the monthly occupational rent due by Mr. MACHROUH until his full and final departure, and **DISMISSED** the request by the appellant for payment delays;

In addition to the upheld judgment;

-**SENTENCED** Mr. MACHROUH to pay to the consorts LEMAIRE-ROSSET (based on a monthly oral rent of 1,803.75 Francs including tax) the amount of 39, 168.62 Francs in back rent owed by him for the period from January 1997 to June 1999;

-**SENTENCED** the appellant to pay to the consorts LEMAIRE-ROSSET the amount of 5,000 Francs pursuant to Article 700 of the new code of civil procedure;

-**SENTENCED** Mr. MACHROUH to pay all trial and appeal expenses that will be directly collected from him by the GAS SCP, attorney-at-law, in accordance with provisions of Article 699 of the new code of civil procedure and of the law on jurisdictional aid.

AND HAVE SIGNED THIS JUDGMENT:

THE CLERK OF COURT             THE PRESIDENT

[illegible signature]               [illegible signature]

          B. TANGUY          A. CHAIX