# Exhibit 31

On: 12/23/2011

**Court of cassation**

**Civil chamber 3**

**Public hearing of October 3, 1968**

**Appeal no.:**

Published in the bulletin

**REJECTION.**

## FRENCH REPUBLIC

## IN THE NAME OF THE FRENCH PEOPLE

ON THE FIRST GROUND: WHEREAS IT IS SEEN FROM THE STATEMENTS OF THE CHALLENGED REVERSED JUDGMENT THAT MISS Y…, REQUESTED BY HER PROPRIETORS, MR AND MRS. X…, TO PAY 6 MONTHS RENT, I.E. 2000 FRANCS, CLAIMED THAT THE ANNUAL PRICE AGREED UPON WAS 2000 FRANCS AND THAT SHE BROUGHT PROCEEDINGS AGAINST SAID COUPLE X… IN NULLITY OF THE ORDER DELIVERED TO HER, REQUESTING ADDITIONALLY THE EXPERT OPINION PROVIDED FOR BY ARTICLE 1716 OF THE CIVIL CODE;

WHEREAS SUBSEQUENTLY, UPON ACTION BROUGHT BY COUPLE X…, THE JUDGE HEARING APPLICATIONS FOR INTERIM RELIEF APPOINTED AN EXPERT, AND THE EXPERT SET THE PRICE OF THE RENT AT 3600 FRANCS, WHICH WAS REDUCED TO 2904 FRANCS BY THE COURT OF APPEAL;

WHEREAS THE TRIAL JUDGES WERE CHALLENGED, AND NOT WITHOUT CONTRADICTION, FOR HAVING THUS RULED SINCE, ACCORDING TO THE APPEAL, ARTICLE 1716 OF THE CIVIL CODE, A PROVISION OF PUBLIC ORDER, WOULD ALLOW, OUTSIDE OF THE PROOF OF THE PRICE OF THE RENT BY PRODUCING RECEIPTS OR BY THE OATH REFERRED TO THE OWNER, ONLY THE EVALUATION BY EXPERT OPINION, SUCH THAT THE TRIAL JUDGES COULD NOT, WITHOUT VIOLATING THIS TEXT, BASE THEIR RULING ON A FORMER PROPOSAL ORIGINATING WITH THE LESSOR HIMSELF AT THE TIME OF A PRIOR REVISION PROCEDURE WHICH CONCERNED NEITHER THE LEASE IN QUESTION NOR THE SAME PROPERTY AND WHICH, MOREOVER, HAD NOT PRODUCED ANY EFFECTS, SINCE, AS WOULD BE ACKNOWLEDGED BY THE RULING, IT WAS NOT A MATTER OF DETERMINING THE LEASING AMOUNT AND THE PRICE OF THE LEASE WAS TO BE BASED ON THE PRICE OF THE PROPERTY;

BUT WHEREAS, ON THE ONE HAND, ARTICLE 1716 OF THE CIVIL CODE DOES NOT HAVE THE NATURE OF A PROVISION OF PUBLIC ORDER AND IN THE ABSENCE OF AN AGREEMENT BETWEEN THE PARTIES, IT FALLS TO THE COURT OF APPEAL TO SET THE PRICE BASED ON THE CIRCUMSTANCES, WHEREAS, ON THE OTHER HAND, THE TRIAL JUDGES WERE NOT REQUIRED TO FOLLOW THE EXPERT IN HIS CONCLUSIONS AND BY SETTING OUT THE PRICE OF THE RENT PROPOSED BY THE LESSOR HIMSELF, WHEN HE WAS STILL ONLY THE LESSEE OF THE PREMISES OF WHICH HE BECAME THE OWNER, THE COURT OF APPEAL, WITHOUT CONTRADICTING ITSELF AND WITHOUT VIOLATING ANY OF THE TEXTS CITED IN THE GROUND, LEGALLY JUSTIFIED ITS DECISION;

ON THE SECOND GROUND; WHEREAS THE APPEAL BRINGS COMPLAINT AGAINST THE COURT OF APPEAL FOR HAVING ORDERED MISS JORGE TO PAY THE EXPENSES OF THE EXPERT REPORT, SINCE THIS MEASURE BROUGHT IN COMPLAINT IN APPLICATION OF ARTICLE 1716 OF THE CIVIL CODE WAS NOT REQUESTED BY HER, BUT BY HER LESSORS;

BUT WHEREAS IN HER OPPOSITION TO THE ORDER, MISS Y…HAD REQUESTED IF NEEDED THE EXPERT OPINION PROVIDED FOR BY ARTICLE 1716 OF THE CIVIL CODE, AND THE TRIAL JUDGES RULED ON THIS OPPOSITION AND SET OUT THE EXPERT OPINION ORDERED;

THEY HAD TO REQUIRE MISS JORGE Z… TO BEAR THE COSTS OF THIS PREPARATORY INQUIRY WHICH ESTABLISHED A PRICE HIGHER THAN WHAT SHE HAD STATED:

WITH THE RESULT THAT THE GROUND IS WITHOUT MERIT;

FOR THESE REASONS: IT REJECTS THE APPEAL BROUGHT AGAINST THE JUDGMENT DELIVERED ON JULY 6, 1965, BY THE COURT OF APPEAL OF AIX-EN-PROVENCE, NO. 65-13 962. DELLE Y… C/X…. PRESIDENT: MR. DE MONTERA – RAPPORTEUR: MR. TRUFFIER – ADVOCATE GENERAL: MR. LAGUERRE – ATTORNEYS: MR. LEMAITRE AND MR. CALON.

**Publication:** N 356

**Headings and summaries:** 1 LEASES IN GENERAL PRICE SETTING ARTICLE 1716 OF THE CIVIL CODE (NON) PUBLIC ORDER NATURE

1 ARTICLE 1716 OF THE CIVIL CODE DOES NOT POSSESS THE NATURE OF A PUBLIC ORDER PROVISION.  IN THE ABSENCE OF AN AGREEMENT BETWEEN THE PARTIES, IT FALLS TO THE JUDGES TO SET THE PRICE OF THE RENT BASED ON THE CIRCUMSTANCES AND WITHOUT BEING REQUIRED TO FOLLOW THE CONCLUSIONS OF THE EXPERT.

2 LEASES IN GENERAL PRICE SETTING ARTICLE 1716 OF THE CIVIL CODE EXPERT OPINION FEE CHARGED

2 THE LESSEE WHO, FOR THE SETTING OF THE RENT, REQUESTED- AS NEEDED – THE EXPERT OPINION PROVIDED FOR IN ARTICLE 1716 OF THE CIVIL CODE MUST BEAR THE COSTS OF THIS PREPARATORY MEASURE WHEN IT ESTABLISHES A PRICE HIGHER THAN WHAT THE LESSEE STATED.