# Exhibit 35

On: 12/23/2011

**Court of cassation**

**Civil chamber 1**

**Public hearing of June 30, 2004**

**Appeal no.: 01-00475**

Published in the bulletin

**QUASHING.**

**Mr. Lemontey., president**

Ms. Marais., reporting judge

Ms. Petit., advocate general

SCP [Professional Law Firm] Tiffreau, Ms. Choucroy., attorney(s)

## FRENCH REPUBLIC

## IN THE NAME OF THE FRENCH PEOPLE

IN THE NAME OF THE FRENCH PEOPLE

THE COURT OF CASSATION, FIRST CIVIL CHAMBER, has delivered the following judgment:

With respect to the four branches of the single ground:

Considering articles 1134 and 1135 of the Civil Code;

Whereas Ms. X… rented from the BNP [Banque Nationale de Paris] two vaults, on the basis of open-ended contracts of December 29, 1987 and February 3, 1989, specifying that the price of the rent would be set by the bank at each leasing period and cancellable at any time, by each of the parties, with prior notice of one month; whereas by letter of June 18, 1996, the bank informed Ms. X… that the leasing price would be increased, for the year 1997, from 54,000 to 145,000 francs, indicating that changes in the expenses related to its facilities did not allow it to maintain the "exceptionally low" prices offered previously; whereas upon protest by the client, the bank proposed to set the price of leasing the two vaults at the lump sum of 200,000 francs; whereas having

renewed her contracts under reserve, Ms. X… brought proceedings against the bank for damages due to abusive price-setting ;

Whereas in order to grant this request, the judgment maintained that the increase made is an obvious anomaly that the bank had not justified with regard to the change in expenses which stayed the same, or with regard to taking into account the respective square footage of vaults considered to be equivalent;

Whereas in thus ruling, when, on the one hand, the bank was free to set the price that it intended to charge, and when, on the other hand, it was seen from her own acknowledgements that Ms. X… who was given prior notice of one month to cancel her contract, had been kept informed of the change in the bank's policy more than six months before the due date, thereby having the time needed to approach competitors, such that it was not shown in what manner she was constrained to be subject to BNP's conditions in renewing a contract which she was free to not continue, the court of appeal, which did not characterize the wrongful conduct of the bank, violated the above-cited texts;

FOR THESE REASONS:

QUASHES AND ANNULS, in all of its provisions, the judgment delivered on October 24, 2000, between the parties, by the Paris Court of Appeal;

Returns, therefore, the cause and the parties to the status which it had before said judgment, and in order to do justice, refers them to the court of appeal of Versailles;

Orders Ms. X… to pay the costs;

Considering article 700 of the new Code of Civil Procedure, rejects the request of BNP Paribas;

Says that acting through the Public Prosecutor with the Court of Cassation, this judgment shall be transmitted in order to be transcribed in the margin or at the end of the quashed judgment;

It is thus ordered and adjudged by the Court of Cassation, First Civil Chamber, and ruled by the president in its public hearing of June thirty, two thousand four.

**Publication:** Bulletin 2004 I No. 190, p. 157

**Decision challenged:**  Paris Court of Appeal, of October 24, 2000

**Headings and summaries:**  BANK- Responsibility – Transactions related to bank operations  - Price setting – Abuse - Absence – Case.  A court of appeal which, in order to order a bank to pay its clients damages for abusive price setting, maintains that the large increase in the price of leasing vaults was not justified by the change in its expenses since on the one hand, the bank was free to set the price that it intended to charge and on the other hand, the client, who was given prior notice of one month to cancel the contract, had been kept informed of the change in the bank's policy more than six months before the due date, thereby having the time needed to approach competitors, such that it was not shown in what manner she was constrained to be subject to the bank's conditions in renewing a contract which she was free to not continue,  does not characterize wrongful conduct and violates articles 1134 and 1135 of the Civil Code.

CONTRACTS AND CONTRACTUAL OBLIGATIONS – Subject – Determination – Price – Setting – Abuse – Absence – Case

**Case-law precedents**:  On the characterization of abuse in price-setting, in the same vein as: Full Court, 1965-12-01, Bulletin, Full Court no. 9. p. 16 (rejection)

**Texts applied:**
    Civil Code 1134, 1135