# Exhibit 36

Date: 12/27/2011

**Supreme Court of Appeal**

**Civil chamber 3**

**Public hearing on March 15, 2000**

**Appeal no.: 98-14354**

Published in the newsletter

Rejection.

**Presiding judge: Mr. Beauvois, presiding judge**

Reporter: Mr. Bourrelly, reporting judge

General Counsel: Mr. Weber, general counsel

Attorneys-at-law: SCP Guiguet, Bachellier et de la Varde, and SCP Vier et Barthélemy, attorneys-at-law

THE FRENCH REPUBLIC

IN THE NAME OF THE FRENCH PEOPLE

On the sole argument:

Whereas, according to the contested ruling (Aix-in-Provence, January 15, 1998), Mr. Y... sold a business to Mr. X... by official deed dated April 19, 1984 ; on November 21, 1991, the real-estate investment company (SCI) Factor acquired by auction ownership of the premises belonging to Mr. Y... where the business was being operated; SCI Factor filed suit against Mr. X..., claiming to hold a lease, for cancellation of the lease and expulsion;

Whereas SCI Factor filed a grievance against the ruling to dismiss its claims, consequently, according to the argument, 1) merely mentioning the existence of a lease in an official deed is not sufficient to assign it a certain date if the particulars thereof, namely the price, are not stated; the court of appeals, by asserting for its decision that the lease referred to by Mr. X... was invokable against SCI Factor, that the mention appearing in the official deed of sale of the business drawn up on April 19, 1984 and according to which "by private contract entered into on this day, Mr. Y..., the seller herein, granted to Mr. X..., the acquirer herein, a lease for said premises for a period of nine years" referring to essential points of the contract and thus assigning it a certain date, even though the lease price is not indicated therein, violated Civil

Code Article 1326; 2° the court of appeals, further basing its decision that the lease claimed by Mr. X... was invokable against SCI Factor on the statements of the poster produced for the auction and the content of the specifications referring to the current occupation of the premises and the obligation for the winning bidder to maintain all rental agreements, indications which, however, did not allude in any way to the substance or even existence of the lease invoked by Mr. X..., violated Civil Code Articles 1134 and 1743 and Article 684 of the Former Civil Procedure Code;

Whereas, however, disregarding obiter dicta, the Court of appeal, that has stated that the deed between Mr. Y… and Mr. X… dated 19 April 1984 for the sale of the business stated that, by an act signed the same day, My. Y…, the seller, had granted a lease of the locales to Mr. X… for nine years, could have considered that the deed has revealed essential elements of the lease and that this contract has a certain date.

From which it follows that the argument is unfounded;

FOR THESE REASONS:

DISMISSES the appeal.

**Publication:** Bulletin 2000 III No. 55 p. 38

**Contested decision:** Court of appeals, Aix-en-Provence, January 15, 1998

**Titles and abstracts:** LEASE (general rules) - Sale of leased property - Invokability against the acquirer - Conditions - Official deed containing the substance of the lease - Deed of sale of the business. The court of appeal, finding that the official deed of sale of the business stated that, by private contract of the same date, the seller had granted to the acquirer the lease on the premises for a period of nine years, was able to deduce that the essential points of the lease had been accounted for and that this contract had a definite date with respect to the third party awardee of the premises in which the business is operated.

DOCUMENTARY EVIDENCE - Private contract - Definite date (Civil Code Article 1328) - Official deed ascertaining the substance thereof - Lease referenced in a notarial deed of sale of the business

**Legal precedents:** TO BE EXAMINED: Civil Chamber 3, 1978-02-01, Gazette 1978, III, no. 61, p. 49 (appeal).