# Exhibit 40

Document 1 of 1

Droit des sociétés Nº 7, July 2010, comm. 135

**Renewal of membership in an association and freedom to contract**

Commentary by Henri Hovasse

ASSSOCIATION

Summary

The non-renewal of membership in an association is not a disciplinary exclusion.

Cassation 1st civil chamber, May 6, 2010, Nº 09-66.969, F-P+B+I, Vaucelle Chauzamy v/Assoc. des Gîtes de France et du Tourisme Vert de la Vienne: JurisData Nº 2010-005322

*On the sole ground of action, considering its various aspects:*

Whereas Ms. Chauzamy complains that judgment under appeal (Poitiers, April 9, 2009) held that the decision not to renew her membership in the Gîtes de France et du Tourisme vert de la Vienne Association as of January 1, 2006, which resulted in a prohibition against using the "Gîtes de France" brand, was made in accordance with the statutory provisions, while, based on the cause of action:

1°/ any unfavorable measure, regardless of how it is described, taken by an association in respect of one of its members and motivated by that member's failure to comply with the rules and duties to which it is held, constitutes a disciplinary sanction that may be legally decided only after following the disciplinary procedure set forth in the association's articles of association and, more generally after complying with the rights of the defense, and only for a reason justifying such a measure under the terms of the association's articles and only if this sanction is in line with the acts committed by the member of the association; by then limiting itself to stating, in order to dismiss the cause of action raised by Ms. Micheline Vaucelle (married name, Chauzamy), that the decision not to renew her membership in the Gîtes de France et du Tourisme vert de la Vienne Association for 2006 actually constituted an unlawful disciplinary sanction given that it was made without having followed the disciplinary procedure set forth in the association's articles and the rights of the defense and for an unjustified reason, which did not legitimize it, that the decision made by the Gîtes de France et du Tourisme vert de la Vienne Association with regard to Ms. Micheline Vaucelle (married name, Chauzamy) did not in any way constitute a disciplinary sanction, but represented simply the exercise of the freedom that the association reserves to itself, under the terms of its articles, to approve the renewal of a membership without being required to justify the reasons for this refusal of membership, without seeking to determine whether, as Ms. Micheline Vaucelle (married name, Chauzamy) emphasized in her grounds of appeal, this decision had not - in the terms of the minutes of the July 27, 2005 discussion of the Board of Directors of the Gîtes de France et du Tourisme vert de la Vienne Association – been motivated by alleged misconduct on the part of Ms. Micheline Vaucelle (married name, Chauzamy), as a result of which her guest facility

had lost its warm and personal nature and her business approach was more akin to that of a hotel-keeper and did not comply with the Gîte de France ethic and therefore did not constitute, under those same terms, a disciplinary sanction, the court of appeal's decision lacked legal basis in light of the provisions of Article 1 of the French law of July 1, 1901 and Article 1134 of the French Civil Code and of the principle, which ranks as constitutional law, of compliance with the rights of the defense;

2°/ the refusal to renew a fixed-term contract may be unfair, even with adequate notice, based on the specific circumstances associated with that decision; when the party that makes such a decision acts in bad faith, justifying its decision on deliberately erroneous grounds that are frivolous or fallacious; when restricting itself, consequently, to stating, in order to dismiss the cause of action raised by Ms. Micheline Vaucelle (married name, Chauzamy), that the decision not to renew her membership in the Gîtes de France et du Tourisme vert de la Vienne Association for 2006 was an abuse of right, that no complaint may be lodged against the Gîtes de France et du Tourisme vert de la Vienne Association for committing a fault or abuse of right by notifying Ms. Micheline Vaucelle (married name, Chauzamy) in April 2005 that it did not intend to renew her membership contract and that, on the contrary, by taking action several months before the membership expiration date, it enabled Ms. Micheline Vaucelle (married name, Chauzamy) to identify a new solution for her bed and breakfast business, without seeking to determine, as Ms. Micheline Vaucelle (married name, Chauzamy) had asked it to do, whether the reasons set forth by the Board of Directors of the Gîtes de France et du Tourisme vert de la Vienne association to justify its decision, in its deliberation of July 27, 2005, were deliberately erroneous, frivolous or fallacious, the court of appeal's decision lacked legal basis in light of the provisions of Articles 1134 and 1135 of the French Civil Code;

3°/ the refusal to renew a fixed-term contract may be unfair, even with adequate notice, based on the specific circumstances associated with that decision; when, specifically, such a decision constitutes abuse of authority or when it was made for illicit or discriminatory reasons; when restricting itself, consequently, to stating, in order to dismiss the cause of action raised by Ms. Micheline Vaucelle (married name, Chauzamy), that the decision not to renew her membership in the Gîtes de France et du Tourisme vert de la Vienne Association for 2006 constituted an abuse of right, that no complaint may be lodged against the Gîtes de France et du Tourisme vert de la Vienne association for committing a fault or abuse of right by notifying Ms. Micheline Vaucelle (married name, Chauzamy) in April 2005 that it did not intend to renew her membership contract and that, on the contrary, by taking action several months before the membership expiration date, it enabled Ms. Micheline Vaucelle (married name, Chauzamy) to identify a new solution for her business, without seeking to determine, as Ms. Micheline Vaucelle (married name, Chauzamy) had asked it to do, whether the decision not to renew her membership in the Gîtes de France et du Tourisme vert de la Vienne Association for 2006 was actually made for reasons other than those related to achieving the purpose of the Gîtes de France et du Tourisme vert de la Vienne Association and to protect its interests and, more specifically, because of the personal jealousy that certain directors of the association harbored toward Ms. Micheline Vaucelle (married name, Chauzamy) and because on the latter's political opinions on the issue of whether the income of the members of the association should be subject to the tax on industrial and commercial profits and to social security charges, the court of appeal's the decision lacked legal basis in light of the provisions of Articles 1134 and 1135 of the French Civil Code, the provisions of Articles 1 and 3 of the Law of July 1, 1901 and the provisions of Articles 9, 10 and 11 of the European Convention on Human Rights and Fundamental Freedoms;

4°/ by holding that the decision not to renew the membership of Ms. Micheline Vaucelle (married name, Chauzamy) in the Gîtes de France et du Tourisme vert de la Vienne Association as of

January 1, 2006 was made in accordance with statutory provisions and that Ms. Micheline Vaucelle (married name, Chauzamy), could not use the "Gîtes de France" brand after that date, when it stated that under the terms of the articles of association of the Gîtes de France et du Tourisme vert de la Vienne Association, membership in the association was annual, when, as a consequence, the decision made in 2005 by the Gîtes de France et du

Tourisme vert de la Vienne association not to renew the membership of Ms. Micheline Vaucelle (married name, Chauzamy), could not take effect until 2006 and when, consequently, it could only find that decision to be proper insofar as it applied to 2006 and hold that Ms. Micheline Vaucelle (married name, Chauzamy) could no longer use the use the "Gîtes de France" brand but only during that same year, the court of appeal violated the provisions of Article 1134 of the French Civil Code;

But whereas, having noted that under Article 8 of the association's articles of association, membership was limited to one year, that renewal could not be tacit but was subordinated to the agreement of both the member and the association and, in accordance with the freedom to contract, the association could refuse to renew at the end of the initial contract, the court of appeal correctly held that the decision of the Board of Directors made against Ms. Chauzamy did not, in any way, constitute a disciplinary exclusion as set forth in Article 7 of the articles of association, but fell under the exercise of the freedom reserved to the association to approve the membership renewal without having to justify the reasons for its refusal; that having subsequently established that the association had acted several months before the date on which the membership would expire and thus enabled Ms. Chauzamy to identify a new solution for her bed and breakfast business, it rightly held, without having to examine the reasons invoked for the decision not to renew, in the absence of information other than mere allegations indicating that they were illicit or discriminatory, that a complaint could not be lodged against the association for any abuse of right; that it deduced from that, properly interpreting and applying the provisions of the contract and the July 27, 2005 deliberation of the Board of Directors, that the failure to renew Ms. Chauzamy's membership had taken effect on January 1, 2006 and included, as of that date, the ban on using the "Gîtes de France" brand, as that use was linked to the status of membership in the association;

From which it follows that all aspects of the cause of action are unfounded;

For these reasons:

Rejects the appeal;

**Note:**

The articles of association of the "Gîtes de France" association provide that membership is limited to one year. Membership may not be renewed tacitly, but entails a new agreement on the part of both the member and the association. This is the context in which a member claimed that the non-renewal of its membership concealed a disciplinary exclusion that would be null based on the failure to follow the disciplinary procedure set forth in the articles of association. In its decision handed down on May 6, 2010, the first civil chamber of the Court of Cassation approved the Court of Poitiers' decision that the non-renewal of a membership in an association is not a disciplinary exclusion. In so doing, it emphasized the contractual nature of the association and contributed, indirectly, to defining an exclusion of a disciplinary nature.

First, the association follows from a contract. It is an agreement […] that "is governed, in respect of its validity, by the general principles of law applicable to contracts and obligations." (French Law of July 1, 1901, Art. 2). The Court of Cassation rightly emphasized that under the freedom to contract, the association may refuse to renew the membership when the term of the initial contract ends. Just as no one may be required to belong to an association, the association is also free to choose whether to accept members. These are the two sides of the freedom of association (for an in-depth study, see *R. Mortier, note sous CA Grenoble, ch. Com., 31 oct. 2007, SARL Inès de la*

*Fressange Paris v. Assoc. Des exploitants Marques Avenue: Juris Data Nº 2007-349496* and *CA Pau, 2$^e$ ch. Sect. 1, 8 oct 2007, Assoc. du centre commercial quartier libre v. SARL Rocaver: JurisData Nº 2007-352037; Dr. sociétés 2008, comm. 72*). The court of Poitiers notes, and the Court of Cassation takes up the observation, that "the renewal of the membership could not be tacit but was subordinated to the agreement of both the member and the association." It does not appear that the solution would have been different if a tacit renewal had been provided. As that was not the case, the association could have, by express declaration, prevented that from happening. The provision of a tacit renewal does not create a right to renewal; it is only a specific method by which to exchange consent to a contract.

Second, the Court of Cassation contributes, indirectly, to defining an association's disciplinary exclusion. A disciplinary exclusion assumes an existing membership that the association intends to terminate. For that reason, it is distinguished from the refusal to accept a membership and should not be confused with the latter. The governing rules are profoundly different. Specifically, a disciplinary exclusion must be reasoned, while the refusal to accept a member, which falls under the freedom to contract, is discretionary. The contribution of the decision of the Court of Cassation in this regard appears slight but valuable.

Association. – Membership and renewal. – Exclusion. – Tacit renewal.

Texts: French Civil Code, Article 1134

Encyclopedias: Sociétés Traité, Fasc. 174-20.