# Exhibit 43

Date: 12/27/2011

**Supreme Court of Appeal**

**Plenary session**

**Public hearing dated February 27, 2009**

**Appeal no.: 07-19841**

Published in the newsletter

Quashing

**Mr. Lamanda, presiding judge**

Mr. Boval, assisted by Mrs. Dubos, chief clerk, reporting judge

Mr. de Gouttes (first general counsel), general counsel

Mr. Ricard, SCP Bachellier et Potier de la Varde, SCP Delaporte, Briard et Trichet, SCP Vincent et Ohl, attorneys-at-law

THE FRENCH REPUBLIC

IN THE NAME OF THE FRENCH PEOPLE

THE SUPREME COURT OF APPEAL, in a PLENARY SESSION, has handed down the following ruling:

Public hearing dated February 27, 2009

Quashing

Ruling no. 573 P+B+R+I

Appeal no. M 07-19.841

THE SUPREME COURT OF APPEAL, in a PLENARY SESSION, has handed down the following ruling:

Ruling on the appeal brought by the company Sédéa Electronique, with headquarters at Zone Industrielle 2 A, BP 404, 59139 Seclin,

against the ruling dated July 10, 2007 by the Orléans court of appeal (social, economic, and financial chamber), in its dispute with:

1. The company Pacs Europe (formerly called X-Com Multimédia Communications), with headquarters at 8 chemin des Prés Zirst, 38240 Meylan,

2. The company Kaorka (formerly called SAS Distratel), with headquarters at La Caillaudière, 37320 Esvres-sur-Indre,

3. The company Viaccess, with headquarters at Les Collines de l'Arche, Tour Opéra C, 92071 Paris La Défense,

defendants in the appeal;

His honor the first presiding judge, by order dated October 2, 2008, referred the case and parties to the plenary session;

The appellant hereby invokes before the plenary session the appeal argument appended hereto;

This sole argument was expressed in a brief filed with the Clerk of the Supreme Court of Appeal by SCP Vincent et Ohl, attorneys-at-law for Sédéa Electronique;

A defense brief was filed with the Clerk of the Supreme Court of Appeal by SCP Bachellier et Potier de la Varde, attorneys-at-law for the Pace Europe;

A defense brief and observations were filed with the Clerk of the Supreme Court of Appeal by SCP Delaporte, Briard et Trichet, attorneys-at-law for Kaorka;

Closing arguments for the defendant were filed with the Clerk of the Supreme Court of Appeal by Mr. Ricard, attorney-at-law for Viaccess;

By memorandum filed on March 4, 2008 with the Clerk of the Supreme Court of Appeal, SCP Vincent et Ohl withdrew Sédéa Electronique from the appeal against Viaccess;

The written report by Mr. Boval, counsel, and the written opinion by Mr. de Gouttes, first general counsel, have been made available to the parties;

Whereupon THE COURT, in a plenary session, at the public hearing held on February 13, 2009, in the presence of: Mr. Lamanda, first presiding judge, Mesdames Favre and Collomp, Messrs. Bargue, Gillet, Pelletier, and Lacabarats, presiding judges, Mr. Boval, reporting judge, Messrs. Joly, Peyrat, and Mazars, Mrs. Lardennois, Messrs. Pluyette and Chauviré, Mrs. Renard-Payen, Mr. Petit, Mesdames Marais and Radenne, Mr. Lebreuil, counsels, Mr. de Gouttes, first general counsel, and Mrs. Stefanini, deputy registrar director;

On the basis of the report by Mr. Boval, counsel, assisted by Mrs. Dubos, chief clerk in the documentation and research department, the observations by SCP Vincent et Ohl, SCP Bachellier et Potier de la Varde, SCP Delaporte, Briard et Trichet, Mr. Ricard, present at the hearing, not having submitted oral observations, and the opinion of Mr. de Gouttes, first general counsel, to which the parties, upon invitation to do so, did not wish to respond, and after deliberating in accordance with the law;

Duly acknowledges Sédéa Electronique's withdrawal from its appeal against Viaccess;

On the argument given ex officio, after notifying the parties in accordance with Article 1015 of the Civil Procedure Code;

In light of Article 122 of the Civil Procedure Code;

Whereas the mere fact that one party contradicts itself to the detriment of others does not necessarily bring about an end of inadmissibility;

Whereas, according to the contested ruling and the exhibits, by irrevocable ruling dated April 21, 2004, the Grenoble court of appeal, ruling on referral, dismissed the petition brought in the spring of 2002 by Sédéa Electronique (Sédéa) seeking to condemn X-Com Multimédia, later known as Pacs Europe, to deliver to it, under penalty, a certain number of digital satellite television receivers manufactured by the latter; in the months of May and June 2002, Sédéa acquired a lot of the same type of receivers from Distratel, which later became Kaorka, also manufactured by X-Com Multimédia; on August 22, 2002, Viaccess informed Sédéa that it had not granted X-Com Multimédia the license required to manufacture and market one of its decryption devices incorporated into this type of receiver; after obtaining by summary order dated August 30, 2002, that Distratel be ordered, under penalty, to issue two bills of exchange as payment for a portion of the price, Sédéa Electronique filed petitions in October 2002 with the commercial court seeking to condemn Distratel, X-Com Multimédia, and Viaccess to pay various amounts for damages and to have a technical appraisal conducted in order to

determine whether the disputed items were or were not covered by a license granted by Viaccess as of their purchase date, bearing in mind the challenges brought in this regard by Distratel and X-Com Multimédia; by arguments dated August 31, 2004 filed with the commercial court, Sédéa petitioned to have the sale declared null and void or terminated and to obtain damages;

Whereas, in order to declare the claims inadmissible, the ruling finds that the examination of the proceedings subsequently conducted on referral on the merits by Sédéa shows that this company has continuously contradicted itself to the detriment of its adversaries, and finds that this behavior must be sanctioned "based on the principle according to which a party cannot contradict itself to the detriment of others (estoppel theory)";

By ruling on this sole argument, the court of appeal violated the above-mentioned principle, even though in the current case, the actions taken by Sédéa were not of the same nature nor based on the same agreements, and did not oppose the same parties;

FOR THESE REASONS:

QUASHES all provisions of the ruling handed down between the parties by the Orléans Court of Appeal on July 10, 2007; consequently returns the lawsuit and the parties to the state in which they were prior to said ruling and, for justice to be served, refers them to the Versailles Court of Appeal;

Condemns Kaorka and Pace Europe to pay the costs;

In light of Article 700 of the Civil Procedure Code, dismisses the claims by Kaorka and Viaccess; condemns Kaorka and Pace Europe to pay Sédéa Electronique the total sum of 2,500 Euros;

Orders that this ruling be sent for recording in the margin of or appended to the quashed ruling by way of the attorney general of the Supreme Court of Appeal;

Thus ruled by the Supreme Court of Appeal, in plenary session, and pronounced by the first presiding judge at the public hearing of February twenty-seventh, two thousand nine.

Appeal argument brought by SCP Vincent et Ohl, legal counsel for Sédéa Electronique.

Appeal argument appended to this ruling.

APPEAL ARGUMENT

In that the disputed quash ruling has declared the claims by Sédéa Electronique against Pace Europe and Kaorka to be inadmissible;

For the reasons evidenced by the exhibits in the case, in May and June 2002, Sédéa Electronique ordered from Distratel 1,233 model "XSAT CDTV VM" receivers, decoders which were delivered to Sédea Electronique and for which the latter received, on August 22, 2002, the date on which it these products in inventory--572 articles according to Sédéa Electronique--a letter from the company Viacess informing it that the XSAT CDTV 410 terminals had not received the Viaccess label and therefore were not authorized for sale; that, upon receiving this information, the counsel for Sédéa Electronique wrote to Distratel on August 27, 2002 to request that the latter return to Sédéa Electronique two bills of exchange falling due, as payment for a portion of the price of the ordered receivers; that a summary order by the presiding judge of the Lille commercial court dated August 30, 2002 required Distratel, under penalty, to deliver the amount of the commercial paper, i.e. the sum of 145,314, into the hands of the clerk of court; that the information concerning the absence of a license was then confirmed with the counsel for Sédéa Electronique by another letter from Viacess dated September 5, 2002, and Viacess continued to maintain this position throughout the proceedings; that it was under these conditions that Sédéa Electronique filed a claim with the Lille commercial court in October 2002 initially aimed at liquidating the penalty against Distratel and the assignment of damages to remedy the loss it incurred due to the inability to sell the products in inventory, this petition for indemnification being based on the civil, contractual, or tort liability of the various parties involved; that these claims, which were sent to the Tours commercial court for review by the disclaimer of jurisdiction by the Lille commercial court dated April 27, 2004, were reiterated by Sédéa Electronique before the Tours commercial court, but this time basing them on the sale being null and void due to lack of an object or a cause, or the termination thereof due to non-compliance or a hidden flaw in the merchandise, Sédéa Electronique asking for reimbursement of the amount paid and supplemental damages; that, in conjunction, Sédéa Electronique filed with the Grenoble court of appeal--which would hand down a ruling on April 21, 2004--a claim seeking to obtain the delivery of an order of more than 4000 or more than 8000--the figure varies according to the phase of the proceeding--type 410 VM receivers directly from X-Com Multimedia, which refused, orders which, according to the finding of the Grenoble court of appeal (page 7), were placed at the end of January/end of February 2002, and not earlier as maintained by Sédéa Electronique, that is, a very short time before the orders contested herein; that Sédéa Electronique which does not maintain that the CDTV 410 products concerned by its request for forced delivery before the Grenoble court of appeal, after commercial relations previously established between it and X-Com Multimedia were broken off, are not the same ones as those concerned by the present case--on the contrary, all the exhibits in the case prove they are the same--strives to explain how it could simultaneously complain in Lille and then Tours of its inability to market the CDTV 410s due to a missing label, while in Grenoble demanding their delivery; that the explanation given in the Grenoble lawsuit, according to which Sédéa Electronique was unsure about its inability to market the CDTV 410s, given the positions adopted by the other parties, is not in any way convincing; that indeed, while it is true that in

the beginning of the Grenoble lawsuit, the question of licensing had not yet been raised or resolved, this was no longer the case on March 3, 2004 during the hearings before the Grenoble court of appeal; that indeed, considerably earlier and contrary to what Sédéa Electronique maintains, Viaccess, without ambiguity and without there being any need of confirmation of any kind by anyone or by forensic examination, had informed Sédéa Electronique of the difficulty at the end of August 2002/beginning of September 2002, and that, as mentioned earlier, Viaccess, the only party qualified to ascertain the labeling it issues, never changed its position, with the result that it is hard to understand how Sédéa Electronique could still, in March/April 2004, demand the delivery of 8000 decoders in Grenoble which, as it steadfastly explained both in Lille and Tours and now in Orléans, it could not sell, which it knew for a long time, but which did not in any way lead it to relinquish its claim before the Grenoble court of appeal, particularly the claim aimed at obtaining damages for the loss of its gross profit margin on the undelivered products; that Sédéa Electronique's bad faith is all the more evident given that it obtained from its certified accountant two statements bearing the same date, November 26, 2002, one of which, pointing out that as of the date of receipt of the non-compliance notice from Viaccess--which confirms the accurate and complete information from Sédéa Electronique in the second half of 2002--evaluates the loss incurred as a result of the inventory of unsellable products and corresponding expenses, and the other of which, on the contrary, finds the loss incurred due to a refusal to sell; the result of which is that Sédéa Electronique has continually contradicted itself to the detriment of its adversaries by claiming one thing and its opposite before two different jurisdictions; that this procedural behavior, which consists in a petitioner maintaining two incompatible positions at the same time, while being perfectly informed about the situation, shall be sanctioned based on the principle that a party cannot contradict itself to the detriment of others (estoppel theory) by the inadmissibility of Sédéa Electronique's current claims, as claimed by Kaorka, formerly Distratel, a claim which Pace Europe, formerly X-Com Multimedia, has joined, with Viaccess arguing separately the contradictory nature of the proceedings conducted by Sédéa Electronique; that indeed, Sédéa Electronique, which thus modifies the grounds of its claims so continuously, cannot petition the Orléans court of appeals to indemnify it for a loss for which its procedural attitude before the Grenoble court of appeal, if it were to be petitioned as judge on referral, is the opposite (contested ruling, pages 5 and 6);

1. While the purpose and justification for the obligation of consistency from which the prohibition against contradicting oneself to the detriment of others arises is not to deceive the legitimate expectations of a recipient of such an obligation, for which good faith is a necessary prerequisite; that by claiming to invoke the alleged inadmissibility of the claims brought by Sédéa Electronique without seeking to determine whether Pace Europe, formerly X-Com Multimedia, and Kaorka, formerly Distratel, had or had not met their obligation of good faith by continuing to maintain until February 11, 2005, for the first, and until the appeal suit, for the second, as it had been asked, that the contested merchandise was covered by a license allowing for sale, the court of appeal did not legally justify its decision based on the principle according to which one cannot contradict oneself to the detriment of others, together with Article 1134, Paragraph 3, of the Civil Code;

2. In any event, while the court of appeal sanctioned as inadmissible the claims of Sédéa Electronique which were brought before it, the fact that Sédéa Electronique had allegedly

claimed from its adversaries one thing and its opposite before two different jurisdictions, while simultaneously holding two incompatible positions, without responding to the appeal findings of Sédéa Electronique (appeal findings no. 2 dated June 6, 2007, page 18), in which the latter stated that, on the date on which the order by the Grenoble court of appeal had been handed down, it was still at the stage of soliciting a forensic examination measure before the Lille commercial court and that it had not solicited the termination and nullity of the sale until after the findings of August 31, 2004, that is, after the order by the Grenoble court of appeal and after gaining the certainty that the contested merchandise was not covered by a license, the court of appeal did not meet the requirements of Articles 455 and 458 of the civil procedure code, which it violated;

3. And lastly, that the Orléans court of appeal, by claiming to deduce the inadmissibility of the claims brought before it by Sédéa Electronique from the fact that the information brought to the latter's knowledge in March 2004 should have led it to relinquish its claims before the Grenoble court of appeal, the Orléans court of appeal, which ruled according to an invalid motive, did not legally justify its decision in light of the principle according to which one cannot contradict oneself to the detriment of others, together with Article 1134, Paragraph 3, of the Civil Code.

**Publication:** Gazette 2009, Plenary Session, no. 1

**Contested decision:** Orléans court of appeal dated July 10, 2007

**Titles and abstracts:** CIVIL PROCEDURE - End of inadmissibility - Definition - Exclusion - Case - Contradiction to the detriment of others (no)

The mere fact that a party contradicts itself to the detriment of others does not necessarily bring about an end of inadmissibility

**Laws applied:**
· Articles 122 and 1015 of the Civil Procedure Code