# Exhibit 45

Document 3 of 28

La Semaine Juridique Edition Générale no. 46, November 14, 2011, 1250

**Establishment of the prohibition against contradicting oneself**

Case note by Dimitri Houtcieff
attorney (partner), Professor of law

**General legal principles**

Summary

**A party which itself has lodged and investigated an appeal against a ruling having resulted in the partial cassation of that ruling cannot, without contradicting itself to the detriment of the opposing parties, assert before the court of appeal the circumstance that it was deprived of legal personality at the time of the proceedings having led to those decisions.**

Cass. com., Sept. 20, 2011, no. 10-22.888, F P+B: JurisData no. 2011-019424

THE COURT – (…)

o Whereas, according to the contested ruling, handed down on appeal after cassation (*Cass. com., July 10, 2007, no. 06-12.056*), the company Nergeco holds two European patents, respectively granted under no. EP 0 398 791, to cover a "Door with liftable shutters, reinforced by horizontal bars," and under no. EP 0 476 788 for a "door with liftable," respectively; whereas the patentee and the company Nergeco France, holder of a license pertaining to the French part of these patents (the Nergeco companies), brought infringement proceedings against the companies Mavil and Maviflex; whereas, ruling by decision dated October 2, 2003 on appeal raised by the Nergeco companies, on January 16, 2001, of the judgment handed down on their action on December 21, 2000, the Lyons court of appeal received the counterclaim seeking the invalidity of patent EP 0 476 788, on the contrary rejected that pertaining to patent EP 0 389 791, held that the "Fil'up" door models exploited by the defendants constituted the infringement thereof, and ordered an interlocutory judgment assessment on the damage; whereas that ruling was quashed solely in the provisions thereof having pronounced the cancellation of claims 2 to 9 of patent EP 0 476 788; whereas, by ruling dated January 31, 2007, handed down in the presence of the company Gewiss France, called in forced intervention, as representing, by merger, the company Mavil, the Paris court of appeal, jurisdiction on appeal, declared Nergeco France admissible to bring infringement proceedings for patent EP 0 476 788, its license agreement only, however, being enforceable against third parties as of June 3, 1988, and pronounced the invalidity of claim 5 of patent EP 0 476 788; whereas in parallel, the Lyons court of appeal ruled by decision dated December 15, 2005, stating, on the one hand, that, among the "Fil'up" model doors by Mavil and Maviflex, only the "trafic" versions were infringing, while deciding, on the other hand, that the doors manufactured and marketed by Mavil and Maviflex under the name "Mavitrafic" constituted an infringement of patent EP 0 398 791, and ordering, lastly, an assessment to evaluate the damage; whereas the proceedings before the court of appeal on referral continuing after the submission of the court-ordered expert opinion, the Nergeco companies requested compensation for their damage; whereas Maviflex having been the subject of a safeguard procedure by judgment dated July 6, 2006, Messrs. Sabourin and Sapin were respectively appointed agent and official receiver; (…)

**And on the sole ground of the appeal, considered in the third branch thereof:**

In light of the principle according to which no-one may contradict himself to the detriment of another:

o Whereas to declare the claims that the Nergeco companies lodged against Gewiss France inadmissible, the ruling holds that the fraud by that company has not been proven and that it has been established that the source of the irregularity consisting of bringing proceedings against an entity lacking legal personality lies in a lack of vigilance of the Nergeco companies;

o Whereas by ruling in this way, while Gewiss France, which itself had lodged and prepared the appeal against the ruling of December 15, 2005 having resulted in the partial quashing of that ruling, could not, without contradicting itself to the detriment of the Nergeco companies, claim, before the court of appeal, the circumstance that it was deprived of legal personality during the proceedings having led to those decisions, the court of appeal violated the abovementioned principle;

**On these grounds (…):**

o Quashes and annuls, in all provisions thereof (…) so justice may be done, sends them back before the Paris court of appeal, with a different composition; (…)

*Ms. Favre, pres., Ms. Pezard, chief clerk, Mr. Petit, senior judge, Mr. Mollard, ref. att. gen.; Me. Bertrand, SCP Bénabent, SCP Hémery et Thomas-Raquin, att.*

The existence of a principle of consistency could appear to be an act of faith rather than a truth (on which, not. *D. Houtcieff, Le principe de cohérence en matière contractuelle, préf. H. Muir-Watt : PUAM, 2000, 2 vol. ; D. Mazeaud, Loyauté, solidarité, fraternité : la nouvelle devise contractuelle ?*, in *L'avenir du droit, Mélanges en hommage à François Terré : Dalloz, 1999, no. 12, p. 615 ; B. Fages, Le comportement du contractant, préf. J. Mestre : PUAM, 1997, no. 644 and f. ; D. Houtcieff, Essai de maïeutique juridique : la mise au jour du principe de cohérence, Étude : JCP G 2009, doctr. 463)*. Although they claimed to be able to deduce the existence of rules of positive law from this [principle], the thurifers of the prohibition against contradicting oneself to the detriment of another could not refer to any text. Although certain proposals to reform the law of obligations auger its consecration (See not., *Pour une réforme du droit des contrats, Groupe de travail de l'Académie des sciences morales et politiques, under-dir. F. Terré : Dalloz, 2009, art. 6*), it has never been embodied in legislative words. Here, however, the jurisprudence has reached the end of its transformation: this ruling handed down on September 20, 2011 by the commercial chamber of the Court of Cassation should convince even those who only believe what they see of the existence of a principle of consistency (we thank our colleague Christian Larroumet for having drawn our attention to this decision).

Let us summarize the heart of the facts. A company had, in the case under discussion, brought infringement proceedings against another company. [After its claims were] rejected, the plaintiff lodged an appeal before the Lyons court of appeal: by a decision dated December 15, 2005, the latter partially accepted the counterclaims by the respondent. The ruling was, however, censured on appeal by the latter: the parties were referred back to the Paris court of appeal. It then appeared that the respondent company had been dissolved after a merger even before the appeal was initiated before the Lyons court of appeal, without the appellant company having been notified: it had in fact lodged an appeal against the absorbed company…

Recognizing before the Parisian judges that the procedure before the Lyons court of appeal had become irregular due to the loss of legal personality of the absorbed company, the appellant claimed, however, before the referred court of appeal, that the procedure had been regularized by the absorbing company, inasmuch as the latter had taken its case before the court of appeal, thus taking over the proceedings on its behalf. The Paris court of appeal refused to hear that argument, holding that the claims by the appellant company against the absorbing company were inadmissible. The commercial chamber of the Court of Cassation censured that decision, based on the "principle that one may not contradict oneself to the detriment of another": by ruling in this way, it asserts that, as the absorbing company itself had lodged and investigated the appeal against the ruling dated December 15, 2005 having resulted in the partial cassation of that ruling, could not, without contradicting itself to the detriment of the appellant company, claim, before the court of appeal, the circumstance that it was deprived of legal personality during the proceedings having led to those decisions, the court of appeal violated the aforementioned principle."

**This therefore establishes the existence of a normative principle according to which no-one may contradict himself to the detriment of another set out by this ruling recorded in the Bulletin**. One will not be surprised by this: this principle was suspended for some time (**1**): in this sense, the principle of consistency is revealed more than it is consecrated. It nevertheless remains for the jurisprudence to precisely distill the elements, so that the prohibition against contradicting oneself does not reveal itself to be a new seed of legal insecurity (**2**).

1.   **Revelation of the principle of consistency**

However spectacular it may be, this ruling is limited to perfecting a widely-supported jurisprudence. Although the judges remained silent as to their foundation, many decisions in fact appear only to be explainable through the idea of a prohibition against contradicting oneself to the detriment of another. How can one understand, without resorting to that principle, that a ruling be censured for refusing to admit the fault of an insurer that, after having claimed the ten-year nature of certain

disorders to require the payment of increased premiums from the insured party, had then contested the corresponding coverage to replace it with the less expensive "performance flaw" coverage (*Cass. 3rd civ., Jan. 28, 2009, no. 07-20.891: D. 2009, p. 2008, note D. Houtcieff*)? How can one explain, without detouring through a contradiction, that a given bank having had the accounts connected by a unity agreement operate independently can no longer take advantage of that contractual clause (*Cass. com., March 8, 2005, no. 02-15.783: D. 2006, p. 155, obs. D. R. Martin and H. Synvet; Rtd com. 2005, p. 397, obs. D. Legeais; RTD civ. 2005, p. 391, obs. J. Mestre and B. Fages; RDC 2005, p. 1015, obs. D. Mazeaud; Rev. Lamy dr. civ. July/August 2005, p. 5, note D. Houtcieff*)? How to grasp, without recourse to the principle of consistency, that the protection of the consumer rights be refused to one who first presented himself as a building professional (*Cass. com., May 3, 1994, no. 92-17.273: Bull. Civ. 1994, IV, no. 168*) or that the jurisprudence refuses the delegator the right to claim payment from the delegate before the operation is undone (*Cass. com., Apr. 28, 1987, no. 85-17.093: Bull. Civ. 1987, IV no. 103; RTD civ. 1987, p. 760, obs. J. Mestre. – Cass. com., Apr. 16, 1996: D. 1996, p. 571, note Ch. Larroumet; D. 1996, somm. P. 33, obs. L. Aynès. – Cass. com., Apr. 16, 1996: D. 1996, p. 571, note Ch. Larroumet; D. 1996, somm. P. 333, obs. L. Aynès. – Cass. com., Apr. 29, 2002, no. 99-15.072: D. 2002, p. 1835, obs. F. B. and p. 2674, note D. Houtcieff; Defrénois 2002, p. 1239, note R. Libchaber. – Cass. com., Feb. 14, 2006, no. 03-17.457: Bull. civ. 2006, IV, no. 37; RTD civ. 2006, p. 319, obs. J. Mestre and B. Fages; D. 2007, p. 753, obs. D. R. Martin*), so that he "does not contradict the order he has given" (*L. Aynès, obs. ff Cass. com., Apr. 16, 1996, afor.; Adde D. Houtcieff, De la paralysie de la créance du délégant: petite métaphysique d'une pragmatique sanction*, in *Mélanges Christian Larroumet: Economica, 2009*)? Although the judges were careful not to say it explicitly, the demonstrations of the prohibition against contradicting oneself to the detriment of another were no less numerous (for other examples, See *our aforementioned art. and th.*).

It nevertheless remained to establish the foundation of this jurisprudential structure: thus we sometimes saw some pleaders ask the Court of Cassation to recognize the "principle of consistency" (See e.g. *Cass. 2nd civ., Oct. 11, 1995, no. 93-19.644, unpub.*). The opportunity to satisfy them was missed by a ruling handed down on February 27, 2009 by the Plenary Meeting of the Court of Cassation, unless it wished once again to make a sacrifice to the so-called "baby steps" technique: it in fact asserted that "the mere circumstance that a party contradicts itself to the detriment of another does not necessarily create a ground for rejection" (*Cass. ass. plén., Feb. 27, 2009, no. 07-19.841: JurisData no. 2009-047173; JCP G 2009, II, 10073, note P. Callé; D. 2009, p. 723, obs. X Delpech and p. 1245, note D. Houtcieff*). Doubtlessly the circumstances of the case at hand do not lend themselves to punishing the contradiction that the judges on the merits believed they could establish by reproaching a pleader for claiming a different position from that which it had claimed… against another party in another case! The very negative formulation of the principle of consistency could, however, pass for hesitation to take the step of firmly and definitively establishing it.

Alas! The commercial chamber crossed that line. In truth, this slow gestation was necessary for the prohibition against contradicting oneself to be set out in a principle that can be cited by the Court of Cassation. The formulation of such a principle is in fact always the result of a maturation process. As written by Boulanger long ago, "strictly speaking, the jurisprudence does not have (…) a creative power. The principles then exist even when they are not expressed (…). The statement of an unwritten principle is a manifestation of the "spirit" of a law" (*Principes généraux du droit et droit positif* in *Études offertes à G. Ripert, Le droit privé au milieu du XXe siècle: LGDJ, 1950, t. 1, p. 50, no. 21*). Before these legal maieutics, the principles are in suspension. Once formulated by the judge, "they include an authority, a rigor and an applicability that would not otherwise have the diffuse wish of the lawmaker that they express and materialize" (*J.-L. Bergel, Théorie générale du droit: Dalloz, coll. Méthode du droit, 3rd ed. 1999, no. 74*). **It was thus necessary for the judges and deciders to colligate multiple cases so that the Court of Cassation could extract the essence therefrom by upholding the existence of a principle of consistency**. Its work is not yet complete: it remains to define what specifically is covered and meant by this contradiction that must henceforth be eliminated.

2. **Meaning of the principle of consistency**

The positive affirmation of the principle of consistency is not neutral. Until now, the prohibition against contradicting oneself to the detriment of another was only the fruit of the doctrinal and *a posteriori* interpretation of the jurisprudence: this principle is henceforth normative. It no longer serves only to allow the reading of past decisions, but also to anticipate future rulings by governing behaviors generally and abstractly. It is then crucial to discern the concrete contours and asperities thereof. This need is even more pronounced inasmuch as the field of the prohibition against contradicting oneself is vast. The procedural context of this decision must not be abusive. Certainly, the procedure, tilled by the behavior of the parties, is a field ripe for contradiction (for a recent example of the sanction of the "incompatibility" of two positions by a party: *Cass. 2nd civ., Oct. 20, 2005, no. 03-13.932: JurisData no. 2005-030316; Bull. civ. 2005, II, no. 257; JCP G 2006, I, 133, no. 14, obs. L. Cadiet*). The contradiction can, however, flourish elsewhere: contractual inconsistency is thus trivially punished.

It is true that certain aspects of the principle of consistency appear to be solidly moored. It also appears that the punishment of the contradiction consists of making the contradictory behavior resulting from a ground for rejection ineffective. Other faces of the prohibition against contradicting oneself must, however, be baptized through practice, not the least of which include: the affirmation of the principle of consistency indeed rests on the determination of what a punishable contradiction encompasses…

Because it is based on logic rather than sentiment and equity, the principle of consistency has the advantage of being less subjective than other concepts, such as good faith or equity. Its abstract formulation still, however, remains as rich with potential as dangers. Reasoning solely on the procedural field, and as we have already written in these columns, "We must not, through the principle of consistency, prohibit a pleading party from changing legal arguments, or invoking a ground it only discovered late in the process. Do we not have the right to make mistakes or change procedural strategy?" (*P. Callé, note ff. Cass. ass. plén., Feb. 27, 2009, aforementioned*). Consistency is not the same as fixity: forgetting this would dangerously damage the freedom to organize one's defense. Likewise, a party's inconsistent behavior cannot prevent it from invoking a ground of public order…

In sum, the punished contradiction can only be considered restrictively. The regulating Court understood it well, as attested by its jurisprudence relative to arbitration: since the 2005 *Golshani* ruling (*Cass. 1st civ., July 6, 2005, no. 01-15.912: JurisData no. 2005-029326*), which set out the rule of the prohibition against contradicting oneself in this field, the Court of Cassation has more often dismissed its application (*Cass. soc., July 11, 2007, no. 06-44.335, unpub. – Cass. com., Apr. 8, 2008, no. 06-18.362: JurisData no. 2008-043529; Bull. civ. 2008, IV, no. 85. –* See however *Cass. 1st civ., June 20, 2006, no. 04-19.636: JurisData no. 2006-034127; Bull. civ. 2006, I, no. 316; Dr. famille 2006, comm. 176, note M. Farge. – Cass. soc., Sept. 25, 2007, no. 06-43.155: JurisData no. 2007-040593)*. It is not, however, definite that the judges on the merits perceived the imperative of a restricted interpretation, as attested by a recent ruling by the Paris court of appeal (*CA Paris, pole 5, ch. 8, May 24, 2011, no. 10/09266: Bulletin Joly Sociétés 2011, p. 780; Gaz. Pal. 2011, our Chronique de droit des contrats, coming soon* [thanks to our colleague B. Fages for informing us of this decision]). In the case at hand, a company was made up of three partners with equal shares, each also being a co-manager. One of them was revoked: he contested the deliberations by the general meeting deciding to increase the remuneration of the two remaining co-managers by citing the abuse of the majority. The Paris court of appeal granted his request. Noting that the other resolutions of the same meeting—reorganization of the departments, breaking of an employee's trial period, and moving—aimed to reduce the company's costs, while the increased remuneration of the co-managers increased them, it held that "these decisions by the meeting are inconsistent, if not contradictory, to one another": it deduced invalidity based on the abuse of the majority from this.

As equitable as this last solution may appear, it cannot—and must not—be based on the prohibition against contradicting oneself to the detriment of another. First, one cannot follow the Parisian judges in the distinction they make between inconsistency and contradiction: contradiction is not open to degrees, but rather exists or does not exist. Secondly, the contradiction is assessed with respect to "another": the contrariness as regards the company interest cannot hide the fact that the considered decisions targeted the managers on the one hand, and the employees on the other. There was therefore no "contradiction to the detriment of another." The principle of consistency must not become the legal cloak of such rulings whereof the only real foundations are equitable.

Make no mistake! It would be unfounded, and frankly contradictory, for the author of these lines to criticize the **establishment of a principle of consistency** that he has been calling for over the last ten years already. Quite on the contrary, one must celebrate that the regulating Court has been able to update this principle that frustrated positive law: deduced from the jurisprudence, here it is ready to bring about new solutions. **It should, however, be applied rigorously and cautiously under penalty, playing sorcerer's apprentice with the principle of consistency, of seeing it erode the very legal security it is intended to help guarantee…**

**General legal principles. – Principle of consistency. – Procedural incident. – Principle that no-one may contradict himself to the detriment of another**

© LexisNexis SA