# Exhibit 47

On: 12/27/2011

**Supreme Court of Appeal**

**Commercial chamber**

**Public hearing of April 7, 1998**

**Appeal no.: 95-20361**

Not published in the bulletin

Rejection.

**Presiding: Mr. BEZARD, president**

# FRENCH REPUBLIC

## IN THE NAME OF THE FRENCH PEOPLE

IN THE NAME OF THE FRENCH PEOPLE

THE COURT OF CASSATION, COMMERCIAL, FINANCIAL AND ECONOMIC CHAMBER, has delivered the following judgment:

On the appeal brought by:

1º/ The Laboratoires Sandoz company, a limited liability corporation, whose registered office is…,

2º/ the Sandoz Pharma AG company, a Swiss company, whose registered office is Lichstrasse 35, 4002 Bale (Switzerland), in appeal of a judgment delivered on September 21, 1995 by the Versailles Court of Appeal (12th chamber, section 2) in favor of the Poleval civil partnership, whose registered office is residence Plein Sud, bldg. C,… defendant in the appeal;

The plaintiffs invoke, in support of their appeal, the two grounds of appeal annexed to this judgment;

THE COURT, composed according to article L. 131-6, paragraph 2, of the Code of Judicial Organization, in the public hearing of February 24, 1998 were there were present:  Mr. Bezard, president, Mr. Gomez, rapporteur advisor, Mr. Nicot, advisor, Mr. Raynaud, advocate general, Ms. Arnoux, Clerk of the chamber;

On the report of Mr. Gomez, advisor, the observations of Ms. Baraduc-Benabent, attorney of Laboratoires Sandoz and of Sandoz Pharma AG, of Ms. Luc-Thaler, attorney of the Poleval company, the conclusions of Mr. Raynaud, advocate general, and after having deliberated thereupon in accordance with the law;

Whereas, according to declarations of the challenged judgment (Versailles, September 21, 1995) that the Poleval company developed a process for packaging of medications called Diapack for which it applied for a patent on May 28, 1985 and an additive patent on November 21, 1987 in order to protect in particular the use of the process abroad;

Whereas discussions were undertaken, over the course of the year 1987 between this company and Sandoz Suisse, itself informed by Sandoz France;

Whereas several meetings were held and correspondence was conducted;

Whereas Sandoz Suisse sent Poleval several draft contracts;

Whereas Poleval responded favorably thereto, but after feasibility studies, Sandoz Suisse informed its correspondent, on December 19, 1989, that it did not intend to continue with the project;

Whereas however Sandoz France continued its feasibility studies and at the end of the month of August 1990, relations were definitely broken off between the two companies;

Whereas Poleval brought proceedings against Sandoz France and Sandoz Suisse in compensation for damages resulting from this breach;

With regard to the three branches of the first ground,

Whereas Sandoz France and Sandoz Suisse bring complaint against the judgment for declaring that the breaking off of the discussions was wrongful, since, according to the appeal, on the one hand, the principle of the freedom not to contract which includes the freedom to break off discussions at any time is limited by the duty of good faith and fairness of each of the participants;

Whereas its behavior from which the Court of Appeal notes that Sandoz Suisse broke off, on December 19, 1989, discussions begun two years before in November 1987 cannot be held as wrongful for having allowed Poleval to hope, for four years, for the concluding of a definitive agreement, since it was no longer involved, with only the drafts that had been written by it having been forwarded to Poleval by Sandoz France;

Whereas in declaring that Sandoz Suisse had not been fair with regard to Poleval and in declaring this company guilty jointly with Sandoz France, the court violates article 1382 of the Civil Code;

Since, on the other hand, the Court of Appeal which doesn't specify the documents on which it bases its decision or make an analysis of the documents which were submitted to it, misinterprets the requirements of article 455 and 458 of the new Code of Civil Procedure; since by indicating that "the various tests conducted made the project viable from the standpoint of its industrial implementation as well as its trade outlets" whereas they state that the discussions with Sandoz France had been broken off in August 1990 as soon as it became obvious that the specifications imposed on the size of the machine to be used to make the packaging and its yield could not be complied with, the Court of Appeal tainted its decision with inadequate reasons for judgment, in violation of articles 455 and subsequent of the new Code of Civil Procedure;

And since, finally, by not ruling on the various documents brought to the proceedings by them, subsequent to the breaking off of discussions with Sandoz Suisse on December 19, 1989, and in particular on the findings notified by them on March 9, 1995 which highlighted the agreement of the parties to subject the execution of conventions to the completion of two suspensive conditions requiring the acceptability of the packaging by the patients and the practitioners and the construction of a prototype machine complying with the specifications and the impossibility of the Serea firm, selected by Poleval, to submit an offer complying with the specifications, the Court of Appeal violated article 455 of the new Code of Civil Procedure;

But whereas in maintaining that the act of allowing Poleval to hope for a definitive agreement for four years, which was abandoned according to Sandoz's own admission only for considerations internal to the group which did not put the quality of the product in question, from which it is seen that the breaking off of discussions, which extended over a very long time and which occasioned many studies, had nothing to do with the outcome of said studies and was devoid of legitimate grounds, the Court of Appeal, which did not have to respond to the inoperative ground invoked by the third branch, decided, for these reasons alone, disregarding the overwhelming grounds criticized by the second branch of the ground, that Sandoz had not shown fairness with regard to Poleval, thereby causing it harm;

From which it follows that the ground cannot be granted;

And on the second ground:

Whereas the Sandoz companies bring complaint against the judgment for having ordered it to pay the sum of four million francs when, according to the appeal, in compensating both the damages resulting from the immobilization of the patented project and the damages from the loss of the opportunity to contract with them or with another partner, by a total sum of four million francs, the Court of Appeal did not enable the Court of Cassation to exercise its control over the terms and conditions of the

compensation of the loss of the opportunity to contract and to ensure that the compensation of the damages suffered thereby was not integral in this amount;

Whereas in specifying that Poleval had, due to the wrongful conduct of Sandoz, immobilized its patented process in complete loss over four years without being able to negotiate with another partner during this period and had also, for this reason, disclosed its know-how and in evaluating the damages resulting therefrom, the Court of Appeal legally justified its decision;

From which it follows that the ground is without merit;

FOR THESE REASONS:

REJECTS the appeal;

Orders Sandoz France and Sandoz Suisse to pay the costs;

Considering article 700 of the new Code of Civil Procedure, rejects Poleval's request;

Being thus executed and adjudged by the Court of Cassation, Commercial, financial and economic chamber, and ruled by the president, in his public hearing of April seventh, nineteen hundred ninety-eight.

**Decision challenged:** Versailles Court of Appeal (12th chamber, section 2) of September 21, 1995

**Headings and summaries:** TORTIOUS OR QUASI-TORTIOUS LIABILITY- Liability of personal act – Fault- Contractual Negotiation –Discussions - Wrongful breach – Patent – Immobilization – Damages – Compensation.  CONTRATS AND OBLIGATIONS – Civil Liability – Pre-contractual liability – Process for packaging of medications – Discussions lasting four years – Breach not based on the quality of the product or studies conducted – Wrongful breach (yes) – Damages – Assessment.