# Exhibit 48

15 February 2012

**Court of cassation**

**Commercial division**

**Public hearing on 28 February 1995**

**Appeal no.: 93-14437**

Published in the bulletin

**Dismissal**

**President: M. Bézard, president**

Rapporteur: Mr. Le Dauphin, reporting judge

Advocate general: Mr. de Gouttes, advocate general

Attorneys: Odent, Capron, attorney(s)

THE FRENCH REPUBLIC

IN THE NAME OF THE FRENCH PEOPLE

Sole grounds for appeal, based on two prongs:

Whereas, according to the disputed judgment (Angers, 5 February 1993), a judgment was delivered after cassation, that the Debic Saint-Hubertus company (hereinafter, Debic), who argued that the Laiteries Bridel company (hereinafter, Bridel) had ceased, under incorrect conditions, purchasing goods from it, sued it for payment of damages;

Whereas, Bridel objected to the judgment for saying that it had improperly severed its contractual relationship with Debic when, according to the appeal, on the one hand, by denying the existence of a contract between the parties and at the same time affirming the existence of contractual relations, the judgment, marred by contradictory reasoning, violated Article 455 of the new Code of Civil Procedure; and when, on the other hand, in referring to contractual relations that, not coming from a contract between the parties, could be severed at any time, without prior notice, the appellate court did not draw legal consequences from its findings under Article 1134 of the Civil Code;

But whereas, on the one hand, the appellate court is not contradicting itself by stating that if Bridel and Debic were not involved in the bonds of an agreement when the first decided to no longer obtain supplies from the second, contracts had previously been concluded between them;

Whereas, on the other hand, the judgment notes that Bridel had maintained for approximately 7 years an ever-increasing business flow with Debic; that it adds that the aforementioned needed to, given the time limits of manufacture and packaging of the product, build up an inventory related to the volume of orders that were generally placed only a week or two before delivery; that the judgment still maintains that Bridel, which did not establish the wrongful conduct attributed to Debic, abruptly ceased, in March 1984, its purchases from it after having been led to believe that their relationship would continue normally, even though, since the beginning of January 1984, it had entered into an agreement with another supplier; that considering the status of these findings, the appellate court was entitled to consider that Bridel had abused its right to terminate its business relationship with Debic;

From which it follows that the argument is not based on any of its prongs;

FOR THESE REASONS:

THE APPEAL IS REJECTED.

**Publication:** Bulletin 1995 IV N° 63 p. 60

**Contested decision:** Court of Appeals in Angers, on 5 February 1993

**Titles and summaries:** TORT LIABILITY - Misconduct - Abuse of rights - Company - Sudden cessation of its business relationship with a supplier - Company who left him to believe in the continuation of an ever-increasing business flow - Relationships that have not resulted in the conclusion of a successive performance agreement.  Having noted that the supplier of a company, with which it maintained for about 7 years an ever-increasing business flow, considering the time limits for manufacture and packaging of the product, should have an inventory related to the volume of orders that were generally placed only a week or two before delivery, and held that this company, which did not establish the wrongful conduct attributed to the supplier, had abruptly ceased its purchases from the latter after having been led to believe that their relationship would continue normally, the appellate court was entitled to consider that the said company abused its right to terminate

its business relationship with this supplier, even though these relationships did not lead to the concluding of a successive performance agreement.                .