# Exhibit 51

Detail on judicial case law



[THE PUBLIC SERVICE FOR LEGAL PUBLICATION]

**Court of Cassation**
**Civil Division 1**
**Public hearing of Tuesday, July 10, 1979**
**Appeal no.: 78-11286**
Published in bulletin                                                                                          **REJECTION**

**Pdt Mr. Charliac, President**
Rpr Mr. Pailhé, Chief Court Clerk
Av.Gén Mr. Baudoin, Attorney General
Attorney for plaintiff: Mr. Choucroy, Attorney

## FRENCH REPUBLIC

## IN THE NAME OF THE FRENCH PEOPLE

REGARDING THE FIRST ARGUMENT:

WHEREAS, ACCORDING TO THE STATEMENTS OF THE CONTESTED CONFIRMATORY JUDGMENT, THE STATUTES OF THE CULTURAL ASSOCIATION OF THE ARMENIAN APOSTOLIC CHURCH OF PARIS HAVE BEEN AMENDED BY TWO EXTRAORDINARY GENERAL ASSEMBLIES HELD ON 25 APRIL AND 13 JUNE 1954; WHEREAS THE RESULT OF THE AMENDMENTS WAS THAT OF DIMINISHING THE ROLE OF THE GENERAL ASSEMBLY OF THE ASSOCIATION IN FAVOR OF AN ASSEMBLY OF DELEGATES COMPOSED OF A LIMITED NUMBER OF MEMBERS; WHEREAS TOSSOUNIAN AND FENERDJAN, MEMBERS OF THE ASSOCIATION SINCE PRIOR TO 1954, BELIEVE THAT THE NEW ORGANIZATION DEPRIVED THEM OF ANY RIGHT TO REVIEW THE OPERATION OF THE ASSOCIATION, SUED ON 23 MAY 1974, THE ASSOCIATION AND GONDRE, THEIR PROVISIONAL ADMINISTRATOR BEFORE THE COURT OF FIRST INSTANCE TO HAVE THE EXTRAORDINARY GENERAL ASSEMBLIES OF 25 APRIL AND 13 JUNE 1954 DECLARED NULL AND VOID AND, CONSEQUENTLY, THE AMENDMENTS MADE TO THE STATUTES, SINCE THESE ASSEMBLIES WERE, ACCORDING TO THEM, CONVENED IN AN IRREGULAR MANNER AND THE VOTES DID NOT REACH THE PRESCRIBED TWO-THIRDS MAJORITY; WHEREAS THE COURT, AND LATER THE COURT OF APPEAL, FOUND THAT THE ALLEGED NULLITIES WERE RELATIVE NULLITIES TO WHICH THE STATUTE OF LIMITATIONS OF FIVE YEARS PER ARTICLE 1304 OF THE CIVIL CODE ARE APPLICABLE AND DECLARED THEM INADMISSIBLE AS PRESCRIBED BY THE INTENDED ACTION;

WHEREAS A GRIEVANCE WAS BROUGHT BEFORE THE APPEAL JUDGES FOR HAVING PRONOUNCED THIS JUDGMENT, WHILE, ACCORDING TO THE ARGUMENT, SPECIAL COMMON LAW ON RELATIVE NULLITIES GOVERNED BY ARTICLE 1304 CIVIL CODE RESTRICTS ITSELF ESSENTIALLY TO CASES OF ABSENCE OF CONSENT, NOT INVOKED IN THIS CASE; WHEREAS, ON THE CONTRARY, GENERAL COMMON LAW, FOR ALL ACTIONS BOTH PERSONAL AND REAL, RESTS SOLELY ON ARTICLE 2262 OF SAME CODE; WHEREAS THIS BASIC TEXT WHICH ENACTS A THIRTY-YEAR PERIOD OF LIMITATION PARTICULARLY TO PROTECT ALL GENERAL PRIVATE INTERESTS WHERE ALL PROVISIONS RELATING TO THE VALIDITY OF THE VOICES OF LEGAL OR ASSIMILATED ENTITIES, WITHOUT EXPRESS LEGAL EXEMPTION; WHEREAS, THEREFORE, IN THE ABSENCE OF A LEGAL TEXT ON THE LIMITATION OF ACTIONS OF NULLITY DIRECTED AGAINST THE IRREGULARITIES OF DELIBERATIONS MADE BY THE GENERAL ASSEMBLIES OF DECLARED ASSOCIATIONS, ANY INTERESTED PERSON MAY TAKE EFFECTIVE ACTION FOR THIRTY YEARS AGAINST THE REPRESENTATIVES OF THE ASSOCIATION, REGARDLESS OF WHETHER IT WAS CREATED AND ORGANIZED IN ACCORDANCE WITH THE LAW ON CONTRACTS AND OBLIGATIONS;

BUT WHEREAS IT IS CORRECT THAT THE COURT OF APPEALS HELD THAT THE FORMALITIES IMPOSED BY THE STATUTES FOR THE CONVENING AND THE DELIBERATIONS OF THE GENERAL ASSEMBLY ONLY PROTECT THE PRIVATE INTERESTS OF THE MEMBERS OF THE ASSOCIATION AND MAY THEREFORE ONLY BE SANCTIONED BY A RELATIVE NULLITY THE LIMITATION OF WHICH, IN CONTRACTUAL MATTERS, IS SET BY ARTICLE 1304 CIVIL CODE TO FIVE YEARS; WHEREAS THE ARGUMENT IS UNSUBSTANTIATED;

REGARDING THE SECOND ARGUMENT:

WHEREAS THE CONTESTED JUDGMENT IS ALSO ALLEGED TO HAVE ADMITTED THAT THE STATUTES AMENDED IN 1954 WERE IN COMPLIANCE WITH THE PROVISIONS OF ARTICLE 19 OF THE LAW OF 9 DECEMBER 1905 ON THE SEPARATION OF CHURCH AND STATE WHILE, ACCORDING TO THE ARGUMENT, ARTICLE 19 OF THE STATUTES STATES ONLY THAT THE ASSEMBLY OF DELEGATES "CONVENES THE ANNUAL GENERAL ASSEMBLY WHERE THE BOARD OF DIRECTORS MAKES AN ANNUAL REPORT"; WHEREAS THIS STATUTORY CLAUSE THEREFORE DOES NOT SATISFY THE DOUBLE IMPERATIVE OF PUBLIC ORDER OF THE AFOREMENTIONED LAW FOR CONTROL AND APPROVAL OF ACTS OF THE FINANCIAL MANAGEMENT AND LEGAL ADMINISTRATION OF THE ASSETS OF THE ASSOCIATION DURING THE ANNUAL GENERAL ASSEMBLY; BUT WHEREAS THE COURT OF APPEALS, HAVING POINTED OUT THAT THE STATUTES, AS AMENDED IN 1954, HAD NOT ELIMINATED THE ANNUAL GENERAL ASSEMBLY, IT RIGHTLY DEDUCED THAT THEY HAD NOT VIOLATED THE PROVISIONS OF PUBLIC ORDER OF THE LAW OF 9 DECEMBER 1905 IMPOSING THE CONTROL AND APPROVAL OF THE FINANCIAL MANAGEMENT AND ADMINISTRATION OF THE ASSOCIATION'S ASSETS AT THE ANNUAL GENERAL ASSEMBLY;  BUT WHEREAS THE COURT OF APPEALS, AFTER NOTING THAT THE STATUTES, AS AMENDED IN 1954, HAD NOT ABOLISHED THE ANNUAL GENERAL ASSEMBLY, HAS RIGHTLY CONCLUDED THAT THEY DID NOT BREACH THE MANDATORY PROVISIONS OF THE 9 DECEMBER 1905 LAW PRESCRIBING THE CONTROL AND APPROVAL OF

THE ASSOCIATION'S MANAGEMENT BY THE GENERAL ASSEMBLY; WHEREAS THE ARGUMENT IS NOT BETTER SUBSTANTIATED THAN THE PREVIOUS ONE;

REGARDING THE THIRD ARGUMENT:

WHEREAS, FINALLY, A GRIEVANCE WAS BROUGHT BEFORE THE APPEAL JUDGES FOR REJECTING THE ACTION BY TOUSSOUNIAN AND FENERDJIAN, ON THE GROUNDS THAT IT WAS CLEAR FROM THE MINUTES OF THE GENERAL ASSEMBLIES DATED 25 APRIL AND 13 JUNE 1954 THAT THE CONVOCATION TO THESE ASSEMBLIES WERE LAWFUL AND THE VOTES REACHED THE PRESCRIBED TWO-THIRDS MAJORITY OF THE VOTERS, ALTHOUGH, ACCORDING TO THE ARGUMENT, THE DECISION MISREPRESENTED THESE DOCUMENTS WHICH WERE CLEARLY IRREGULAR, THE CONVOCATIONS BECAUSE THEY SHOULD ALSO HAVE BEEN DELIVERED BY WAY OF PUBLIC DISPLAY AND THE QUALIFIED MAJORITY BECAUSE IT HAD NOT BEEN PROVIDED FOR ANYWHERE; BUT WHEREAS THE COURT OF APPEALS, HAVING CONFIRMED THE PRECEDING JUDGMENT IN ALL ITS POINTS, REJECTED THE ACTION BROUGHT BY TOUSSOUNIAN AND FENERDJIAN ON THE GROUNDS THAT IT EXCEEDED THE STATUTE OF LIMITATIONS, AND THAT IT IS ONLY IN ADDITION THAT IT NOTED THAT PROOF OF THE IRREGULARITIES RELIED ON HAD NOT BEEN BROUGHT; THAT CONSEQUENTLY THE ARGUMENT CANNOT BE RECEIVED:

ON THESE GROUNDS:

REJECTS THE APPEAL AGAINST THE DECISION OF THE PARIS COURT OF APPEALS DATED 25 NOVEMBER 1977

**Published in:**  Record of the Court of Cassation's decisions, First Civil Chamber, No. 202

**Contested decision:**  Paris Court of Appeals (Chamber 23 B) dated 25 November 1977

**Headings and summaries**:

1)  ASSOCIATIONS – General Assembly – Convocation – Nullity – Annulment action – Statute of limitations – Relative nullities – Effect.

The formalities imposed by the statutes of an association for the convening and the deliberations of the general assembly only protect the private interests of the members of the association and may therefore only be sanctioned by a relative nullity the limitation of which, in contractual matters, is set by article 1304 Civil Code to five years.

* ASSOCIATIONS – General Assembly – Deliberation – Nullity – Annulment action – Statute of limitations – Relative nullities – Effect.
* CONTRACTS AND OBLIGATIONS – Nullity – Annulment action – Time limit – Article 1304 Civil Code – Associations – General Assembly – Convocation and deliberation.
* STATUTE OF LIMITATIONS – Short statutes of limitations – Application – Associations – General Assemblies – Convocation and deliberation – Nullity – Annulment actions.

2)  ASSOCIATIONS – Cultural association – Management – Control – Control by the general assembly – Statutes providing for an annual general assembly – Regularity.

A Court of Appeals rightfully holds that the statutes of a cultural association providing for an annual general assembly where the board of directors "makes a report" do not breach the provisions of the 9 December 1905 Law prescribing control and approval of the management at the annual general assembly, as these provisions can be complied with as long as an annual general assembly is provided for.

**Applied texts**:
(1)(2) Civil Code 1304 Law 1905-12-09