# Exhibit 54

**PRIVATE LAW LIBRARY**

under the direction of
**HENRY SOLUS**
Honorary Professor at the School of Law and Economics of Paris
**VOLUME CIX**

# NOTIONS AND ROLES
# OF THE OFFER AND ACCEPTANCE
# IN CONTRACT FORMATION

By
**Jean-Luc AUBERT**
Doctor of Law
Graduate of the School of Law and Economics of Paris
In charge of Courses
at the School of Law and Economics of Nancy

Preface by
**Jacques FLOUR**
Professor at the School of Law and Economics of Paris

Work honored with a grant
by the Ministry of National Education

P A R I S

GENERAL BOOKSTORE OF LAW AND JURISPRUDENCE

R. PICHON AND R. DURAND-AUZIAS

20 and 24, Rue Soufflot, 20 and 24
----
1970

20                                        NOTIONS AND ROLES OF THE OFER AND…

…..allows the play on words, the soliciting of an offering (17). While the offer is doubtlessly no longer spontaneous, at least there remains initiative.

    12. - What should be remembered is that an offering cannot be conceived without a minimum of freedom which leaves room for initiative.  Reciprocally, a proposal which features, *expressly* or *implicitly,* all of the mandatory conditions of the contract cannot be considered an invitation to tender.  Although it features some of the characteristics, with regard to the author of the invitation, the best example of an invitation to tender remains that of the voluntary invitation to bid in which only the price remains undetermined (18), which allows the initiative of offering bidders.  But there are other examples and, beyond even the techniques of administrative law, common practice reveals the invitation to tender as a very widespread technique and, in brief, excessively commonplace.  One has only to open a newspaper to the want ads page to realize this:  want ads for apartments to rent ("wanted: 4-5 rooms, Auteuil area", etc…), used cars purchase offers, want ads for jobs abound.  It is up to the reader to take the initiative in proposing the bases of a contract, by taking up the elements already featured in the ad and adding to them what is lacking.  The invitation to tender does not feature all of the essential elements of the contract foreseen.  Those which are missing remain subject to the initiative of the person who responds to the invitation that was made to him.

    13. - 2º  In both cases, which we have examined successively, of offers occurring at the outcome of negotiations and offers provoked by an invitation to tender, the initial nature of the offering appears concealed by the expression of previous intention of a third party.  There is another case in which, on the other hand, the true offer is more or less difficult to detect because it is the doing of an apparently passive individual or legal entity.  It is the well-known case of the condition of a continuing offer (19).  It then involves a person who, once and for all, has offered to conclude certain contracts, generally of a specific type, most often to the public, but also, sometimes, to a specific person (20).  This offer is not made known…… [remainder of article omitted]

--------------------------
    (17) See for English law, the formula of L. J. Bowen in the Carlil Case: "Offer to receive offers", cited by Chesire and Fifoot, "The law of contract", p. 26.
    (18) See for the definition of the tender contract, R. Demogue, "Treatise on obligations in general" Vol. II, of the sources of obligations, no. 606, p. 283.
    (19) Jur. Gen. Dalloz, Vol. XXXIII, No. 102; G. Ripert, "Maritime Law", Vol. II, No. 1405, p. 318; Picard and Besson, "Non-marine insurance in French law", No. 48, p. 79; Papazol, op. cit., p. 105; E. Salle de la Marniere, "The technical evolution of the contract and its legal consequences", No. 32, p. 99; J. Chabas, op.cit., p. 31 and s.; R. Morel, "The imposed contract" , in "French private law of the mid 20th century", Etudes Ripert, Vol. II, No. 6, p. 120.
    (20) Paris, April 3, 1952, D.M.F. 1952, p. 415, Sauvage note.  It is the case of an agreement concluded between two persons, by which one of the parties agrees to provide services to his co-contractor over a period of time which may be more or less long, upon the simple request of the latter party.  A floating policy was involved in the case at hand.