# Exhibit 55

THÉMIS  LAW

UNDER THE DIRECTION OF

CATHERINE LABRUSSE-RIOU
*Professor emerita at the University of Paris I*

*and*

DIDIER TRUCHET
*Professor at the University of Paris II*

_____

MURIEL FABRE-MAGNAN
*Professor at the University of Paris I – Pantheon – Sorbonne*

# *Law of Obligations*

*1 – Contracts and unilateral agreements*

ILS
KJV
1539
.F33
2010x
v. 1
[Logo]

PRESSES UNIVERSITAIRES DE FRANCE
[University Presses of France]

ISBN 978-2-13-058224-3
Legal Filing – 1st edition: 2007, September
2nd edition update:  2010, September

© Presses Universitaires de France, 2007
6, avenue Reille, 75014, Paris

*Conclusion of the contract* 263

. . . to lengthen the process of exchanging consents.  The consumer cannot validly give his consent before a compulsory period (he is obligated to think about it), whereas the professional is then required to maintain his offer during a set time period.  Thus, with regard to real estate loans, submitting an offer obligates the lender to maintain the conditions indicated for a minimum period of thirty days beginning from its receipt by the borrower, and the borrower can accept this offer only ten days after he has received it (art. L. 312-10 C. Cons.), under penalty of invalidity of the loan and revocation of the right to the interests.  Waiver of the benefit of these public policy provisions is not possible[1] and recourse to an official deed does make it possible to overcome them either[2].

### 2. FORMS OF ACCEPTANCE

As a rule, acceptance can be express or tacit; exceptionally, it can be deduced from the silence maintained by the recipient of the offer[3].

#### *A / The principle: acceptance must be either express or tacit*

Acceptance must, as a rule, be either express or tacit.  Acceptance is express when the recipient of the offer has used a means of communication (written, spoken, or even gesture) to express his acceptance.  It is tacit when, by his conduct, the recipient of the offer has indicated his intention to conclude the contract: thus, by the fact that he has begun to perform the contract, it can be deduced that he has demonstrated his intention to conclude it and thus, his acceptance.

On the other hand, silence does not as a rule amount to acceptance, i.e. the purely passive attitude of the recipient of the offer, which expresses nothing and which does not mean to express anything, cannot be interpreted as signifying acceptance of the offer.  An acceptance cannot be ...

---

[1] 1st Civ., Dec. 9, 1997, no. 95-15494; *RTD civ.*1998, 670, obs. J. Mestre.
[2] 1st Civ., Dec. 4, 2001 and Jan. 22, 2002, *RTD civ.* 2002, 287,obs,. J. Mestre and B. Fages.
[3] Comp. art. 4: 204 (acceptance) from the draft of *Cadre commun de reference [Common Frame of Reference]*: "(1) Any form of statement or conduct by the offeree is an acceptance if it indicates assent to the offer. (2) Silence or inactivity does not in itself amount to acceptance"; *addendum* the PECL, art. 2: 204: "*Any statement or conduct of the recipient indicating that he assents to the offer constitutes acceptance. (2) Silence or inaction cannot in itself amount to acceptance*".