# Exhibit 56

16/02/2012

**Court of cassation**

**Civil division 1**

**Public hearing on 22 May 2008**

**Appeal no.: 05-21822**

Published in the bulletin

**Partial cassation**

**Mr. Bargue, president**

Mr. Charruault, reporting judge

Mr. Legoux, advocate general

Attorney Ricard, partners Bachellier and Potier de la Varde, partners Célice, Blancpain and Soltner, attorney(s)

THE FRENCH REPUBLIC

IN THE NAME OF THE FRENCH PEOPLE

THE COURT OF CASSATION, FIRST CIVIL DIVISION, rendered the following judgment:

Whereas, on the occasion of the extension of credit granted by Cetelem either to spouse X..., or to Mr. X..., alone, the latter joined the group insurance contract signed by the latter with the insurance company Cardif assurances risques divers (hereinafter, the insurance company) most especially to cover the risk of permanent and total disability; that after having been declared unfit for work and placed on early retirement, Mr. X... had vainly sought support from the insurance company for repayment of the balance of each of these loans, the spouses X... for this purpose sued the insurance company and Cetelem, who filed a counterclaim for payment;

On the first grounds:

Given article L. 132-1 of the Consumer Code, in the version arising from Act no. 95-96 from 1 February 1995 applicable in this case;

Whereas, the appellate court, before which was cited the unfair nature of the clause in the group insurance contract that the insurance company opposed to Mr. X... for refusing to take charge of the reimbursement sought, dismissed this argument on the grounds that the provisions of Article L. 132-1 of the Consumer Code are inapplicable in this case since the said clause appears in a contract concluded not between Mr. X... and the insurance company but between the latter and Cetelem, which Mr. X... freely joined;

That by so ruling, whereas adherence to the group insurance contract, although a consequence of a third-party clause, creates, between the member and the insurer, who accepts it, a direct contractual relationship, imposing reciprocal obligations, whose provisions would fall under, as such, the provisions of the abovementioned document, the appellate court violated it by refusing to apply it;

And on the stated mandatory grounds, after giving notice to counsel:

Given Article L. 133-2 of the Consumer Code;

Whereas, according to this document applicable in this case, that the contractual clauses proposed by the professionals to consumers or non-professionals should be interpreted, if in doubt, in a manner most favorable to the consumer or non-professional;

Whereas, after noting that the clause invoked by the insurance company to deny its warranty stipulates no coverage of permanent and total disability can occur from the end of the month in which one of the following three events occurs: liquidation of any retirement pension, dismissal or early retirement plans, cessation of professional activity, the judgment states that the permanent and total disability of Mr. X... being invoked from the date on which he received a retirement pension, it is justifiable for the insurance company to deny its support, failure by Mr. X... to fulfill the conditions specified in the contract to which he has subscribed;

Whereas, however, that the aforementioned clause could also be interpreted as meaning that since the risk of permanent and total disability is covered, the liquidation of the retirement pension could not be regarded as exclusive of the guarantee of this risk if it was the occurrence of the latter that was, as in this case, the cause of the decision to place the insured on early retirement;

From which it follows that by giving that clause a meaning that was not most favorable for Mr. X..., the appellate court violated, by its refusal to apply it, the aforementioned provisions;

FOR THESE REASONS, and without any need to adjudicate on the second argument:

RENDERED NULL AND VOID, but only in that it rejects the claims made by Mr. and Mrs. X... against Cardif assurances risques divers, the judgment rendered on 18 October 2005, between the parties, by the Court of Appeals in Nîmes; consequently, on this point, places the suit and the parties in the state where they reside before the said ruling and, as required by law, remands the case to the appellate court of Nîmes, otherwise composed;

Sentences Cardif assurances risques divers to pay expenses;

Given Article 700 of the Code of Civil Procedure, Cardif assurances risques divers is sentenced to pay Mr. and Mrs. X... the sum of 1,500 euros; the other claims are rejected;

It is stipulated that on the due diligence of the Attorney General to the Court of Cassation, this judgment will be sent to be transcribed in the margin or following the judgment partially reversed;

It is thus ordered and adjudged by the Court of cassation, first civil division, and decreed by the president at a public hearing on twenty-two May two thousand and eight.

**Publication:** Bulletin 2008, I, N° 145

**Contested decision:** Court of Appeals of Nîmes, on 18 October 2005

**Titles and summaries:** CONSUMER PROTECTION - Unfair clauses - Scope of use - Group insurance contract - Scope

Membership in the group insurance contract, although a consequence of a third-party clause, creates between the member and the insurer, who accepts it, a direct contractual

relationship, with reciprocal obligations, whose provisions would fall under, as such, the provisions of Article L. 132-1 of the Consumer Code

LOAN - Lending of money - Loan attached to a group insurance contract - Adherence of the borrower - Scope

PERSONAL INSURANCE - Group insurance - Beneficiary - Definition - Member authorized by the insurer - Scope