# Exhibit 58

The: 01/24/2012

**Court of Cassation**

**Civil Chamber 1**

**Public hearing dated March 9, 1983**

**Appeal no.: 81-12348**

Published in the bulletin

**REJECTION**

**Pdt Mr. Joubrel, president**

Rpr Mr. Andrieux, chief clerk

Att. Gen. Mr. Baudoin, attorney general

Plaintiff attorney: Mr. Rouvière, SCP Lyon-Caen Fabiani Liard, attorney(s)

## FRENCH REPUBLIC

## IN THE NAME OF THE FRENCH PEOPLE

ON THE FIRST GROUND: WHEREAS, ACCORDING TO THE STATEMENTS OF THE CONTESTED RULING, IN 1952, SEVERAL INSURANCE COMPANIES GROUPED THEMSELVES TOGETHER UNDER THE NAME OF POOL FOR GROUP INSURANCE IN CASE OF DEATH OF THE HEADS OF LARGE AND MID-SIZED ENTERPRISES SO AS TO CREATE THE EMPLOYER AND MANAGER SECURITY SYSTEM IN THE FORM OF GROUP INSURANCE OPERATING UNDER A DISTRIBUTION SYSTEM;

WHEREAS BEGINNING IN 1953, THE POLICIES SUBSCRIBED FOR WITH THIS POOL BY VARIOUS PROFESSIONAL GROUPS SET OUT THE PAYMENT OF CAPITAL IRRESPECTIVE OF THE DATE OF DEATH OF THE MEMBER, BUT CONTAINING A CLAUSE ACCORDING TO WHICH THE CONTRACT, WHICH ENDED ON DECEMBER 31 OF THE YEAR IN PROGRESS, WAS TACITLY RENEWABLE ANNUALLY, UNLESS RENOUNCED BY REGISTERED LETTER AT LEAST THREE MONTHS BEFORE THE RENEWAL DATE;

WHEREAS IN 1974, AFTER THE WITHDRAWAL OF MOST OF THE INSURERS, THE COMPANY LA VIE NOUVELLE AND THE THREE COMPANIES MAKING UP THE DROUOT GROUP, WHICH WERE THE ONLY COMPANIES REMAINING TO MANAGE THE POOL, PROPOSED A DIFFERENT CONTRACT TO THE GROUPS HAVING SIGNED THE POLICIES INCLUDING AN INCREASE IN THE PREMIUMS AND, FOR THE INSURED AGED 75 YEARS OR OLDER, A DECREASE BY HALF IN THE

SUBSCRIBED CAPITAL;

WHEREAS AFTER ACCEPTANCE OF THE NEW POLICY BY SOME GROUPS, THE INSURERS IN THE POOL NOTIFIED THE OTHER SIGNATORY GROUPS OF THEIR DECISION TO TERMINATE THE OLD CONTRACTS AS OF DECEMBER 31, 1976;

WHEREAS THE NUMBER OF MEMBERS – BELONGING BOTH TO THE GROUPS HAVING SIGNED THE NEW POLICY AND THOSE THAT REFUSED IT – THEN FORMED A DEFENSIVE ASSOCIATION SO AS TO OBTAIN THE CANCELATION OF THE TERMINATIONS HAVING TAKEN PLACE AND, SUBSEQUENTLY, THE REESTABLISHMENT OF THE OLD SYSTEM, AND TO THAT END SUED THE COMPANY LA VIE NOUVELLE, THE THREE COMPANIES IN THE DROUOT GROUP, AND SEVERAL SIGNATORY GROUPS OF THE OTHER GROUP INSURANCE CONTRACTS;

WHEREAS LA VIE NOUVELLE AND THE DROUOT GROUP REPROACH THE COURT OF APPEAL FOR HAVING DECLARED THE ANNUAL DURATION CLAUSE IN THE POLICIES REACHED BETWEEN THE INSURERS AND THE SUBSCRIBERS UNENFORCEABLE AGAINST THE MEMBERS WHEREAS GROUP INSURANCE CONSTITUTES A STIPULATION FOR THIRD PARTIES GRANTING THE MEMBER, NOT A VOCATION TO SUBSCRIBE FOR SEPARATE INSURANCE, BUT A DIRECT RIGHT TO THE AGREED-UPON GUARANTEE, AND THAT THUS, LA VIE NOUVELLE AND THE COMPANIES IN THE DROUOT GROUP COULD ENFORCE ALL OF THE EXCEPTIONS ENFORCEABLE AGAINST THE SUBSCRIBERS AGAINST THEM, AND IN PARTICULAR THE TERM STIPULATED BY X…'s CLAUSE, SO THAT BY DECLARING THIS CLAUSE UNENFORCEABLE AGAINST THE MEMBERS, THE JUDGES IN SECOND DEGREE VIOLATED ARTICLES R 140-1, L 112-1 AND L 112-6 OF THE INSURANCE CODE, AS WELL AS ARTICLE 1121 OF THE CIVIL CODE, AND, ALTERNATIVELY, BY NOT CHARACTERIZING A DEROGATION BY THE PARTIES FROM THE ESTABLISHED LAW OF GROUP INSURANCE, THEY DID NOT GIVE THEIR DECISION A LEGAL FOUNDATION;

BUT WHEREAS THE COURT OF APPEAL STATES THAT THE STIPULATION FOR THIRD PARTIES CONTAINED IN ARTICLE II (OR IV) OF GROUP INSURANCE POLICIES, THE DISTORTION OF WHICH IS NOT ALLEGED, WOULD ONLY GIVE THE MEMBER A VOCATION TO ENTER WITH THE INSURER INTO A DISTINCT CONTRACT RELATING, UNDER THE VERY TERMS OF THE MEMBERSHIP CERTIFICATES, TO A DIRECT AND MUTUAL COMMITMENT BY THE PARTIES, THAT THE MEMBERSHIP REQUEST DOES NOT CONSTITUTE AN ACCEPTANCE, BUT AN OFFER OF INSURANCE DETERMINING THE SUBJECT-MATTER AND THE TERMS OF THE CONVENTION TO BE ENTERED INTO, AND THE INSURERS, HAVING NEGLECTED TO INFORM THE MEMBERS OF THE PRECARIOUS NATURE OF THE PROPOSED CONVENTION, HAD THEMSELVES EXCLUDED THE X…'s ANNUAL CLAUSE STIPULATED IN THE GROUP POLICIES FROM THE CONTRACTUAL FIELD;

WHEREAS, FROM THESE STATEMENTS, THE JUDGES IN SECOND DEGREE WERE ABLE TO DEDUCE, WITHOUT VIOLATING THE TEXTS TARGETED IN THE GROUNDS, THAT THE CLAUSE IN DISPUTE WAS UNENFORCEABLE AGAINST THE INSURED;

WHEREAS THE COURT OF APPEAL THUS LEGALLY FOUNDED ITS DECISION, AND THE GROUND THEREFORE CANNOT BE RECEIVED;

ON THE SECOND GROUND, CONSIDERED IN ALL FOUR BRANCHES THEREOF: WHEREAS THE CONTESTED RULING IS ALSO CRITICIZED FOR HAVING ALLOWED THAT X…'s CLAUSE HAD NOT BEEN BROUGHT TO THE ATTENTION OF THE MEMBERS WHEREAS, FIRST, BY REQUIRING FROM THE INSURERS THE COMMUNICATION TO ALL MEMBERS OF THE POLICY AND NOTICE, THE COURT OF APPEAL MADE IT RESPONSIBLE FOR AN OBLIGATION NOT SET OUT BY ARTICLE R 140-5 OF THE INSURANCE CODE, WHEREAS FURTHERMORE THE COURT OF SECOND DEGREE CONTRADICTED ITSELF BY STATING THAT ONLY ONE OF THE STANDARD FORMS REFERRED TO THE GROUP POLICY BY NOTING THAT ALL OF THE MEMBERS KNEW ABOUT THE EXISTENCE OF THAT POLICY;

WHEREAS, AS IT COULD NOT DIVIDE THE CLAUSES THEREOF AND MAINTAIN, TO THE BENEFIT OF THE MEMBERS, ALL OF THE STIPULATIONS OF THE POLICIES WITH THE SOLE EXCEPTION OF X…'s ANNUAL CLAUSE;

WHEREAS, LASTLY, BY BASING ITSELF, TO PRONOUNCE THE UNENFORCEABILITY OF A CLAUSE, ON LETTERS, BROCHURES AND CIRCULARS, AND NOT ON CONTRACTUAL DOCUMENTS, THE COURT OF SECOND DEGREE, WHICH ALSO ASSERTED THAT THE EXISTENCE OF AN INJURY WAS NOT PROVEN, VIOLATED ARTICLES 1134 AND 1382 OF THE CIVIL CODE AS WELL AS ARTICLE L 112-2 OF THE INSURANCE CODE;

BUT WHEREAS, FIRSTLY, THE COURT OF APPEAL, WHICH DID NOT STATE THAT LA VIE NOUVELLE AND THE COMPANIES IN THE DROUOT GROUP WERE REQUIRED TO COMMUNICATE THE POLICY AND A NOTICE TO ALL MEMBERS, ONLY NOTED THAT THE AFOREMENTIONED COMPANIES HAD NOT DEMONSTRATED THAT THE MEMBERS WERE AWARE OF A CLAUSE OF THAT POLICY;

WHEREAS IT THEREFORE DID NOT VIOLATE ARTICLE R 140-5 OF THE INSURANCE CODE;

WHEREAS, SECONDLY, CONTRARY TO THE ALLEGATIONS OF THE APPEAL, THE JUDGES OF SECOND DEGREE DID NOT ASSERT THAT THE MEMBERS KNEW ABOUT THE EXISTENCE OF THE GROUP POLICY;

WHEREAS, THEN, THE ALLEGED CONTRADICTION DOES NOT EXIST;

WHEREAS, THIRDLY, THE CONTESTED RULING DOES NOT VIOLATE ARTICLE L 112-2 OF THE INSURANCE CODE AND ARTICLE 1134 OF THE CIVIL CODE BY ALLOWING THAT ONLY THE CLAUSES OF THE GROUP POLICY OF WHICH THE MEMBERS WERE AWARE WERE ENFORCEABLE AGAINST THEM;

WHEREAS, LASTLY, THE COURT OF APPEAL ONLY UPHELD THE LETTERS, BROCHURES AND CIRCULARS PROVIDED BY THE INSURERS TO THE MEMBERS TO SHOW THAT THEY HAD NEVER BEEN INFORMED, BEFORE SIGNING A MEMBERSHIP FORM, OF X…'s ANNUAL CLAUSE OF THE GROUP POLICY;

WHEREAS THE SECOND GROUND IS THEREFORE NO BETTER FOUNDED THAN THE FIRST;

ON THESE GROUNDS: REJECTS THE APPEAL LODGED AGAINST THE RULING HANDED DOWN ON FEBRUARY 25, 1981 BY THE PARIS COURT OF APPEAL.

**Publication:** Bulletin des arrêts Court of Cassation Civil Chamber 1 N. 91

**Contested decision:** Paris Court of Appeal (Chamber 1 A) dated February 25, 1981

**Titles and summaries:** PERSONAL INSURANCE – Group insurance – Policy – Clause – Annual duration clause – Notification to beneficiaries – Absence – Effect – Unenforceability. It is rightly that, to declare the annual duration clause included in the policies entered into between insurers and subscribers unenforceable against the members of a group insurance, a Court of Appeal held that the stipulation for third parties contained in group insurance policies only grants the member a vocation to enter into a distinct contract with the insurer pertaining, pursuant to the terms of the membership certificates themselves, to a direct and mutual commitment by the parties, that the "membership application" constitutes not an acceptance, but an insurance proposal determining the subject-matter and conditions of the convention to be reached, and that the insurers, who neglected to inform the members of the precarious nature of the proposed convention, themselves excluded the annual duration clause stipulated in the group policies from the contractual field.

* PERSONAL INSURANCE – Group insurance – Beneficiary – Membership application – Scope – Insurance proposal. * STIPULATION FOR THIRD PARTIES – Personal insurance – Group insurance – Effects – Beneficiary – Vocation to enter into a distinct contract with the insurer.

**Applied texts:**

- Civil Code 1134
- Insurance Code L112-2
- Insurance Code R140-5

- Civil Code 1134
- Insurance Code L112-2
- Insurance Code R140-5