# Exhibit 59

**Court of Cassation**
**Civil Division 1**
**Public Hearing of Wednesday 7 June 1989**
**Appeal No.: 87-14648**
Published in the bulletin                                                                             **Rejection**

**Chairman**: **Mr. Jouhaud Esq., Councilor Dean, Acting Chairman**
Rapporteur: Mr. Jouhaud Esq., Councilor Dean, Acting Reporting Judge
Advocate General: Mr. Dontenwille Esq., General Counsel
Attorneys: The law firm Masse-Dessen, Georges and Thouvenin, the law firm Delaporte and Briard, Attorney(s)

---

### THE FRENCH REPUBLIC

### IN THE NAME OF THE FRENCH PEOPLE

On the first plea, taken in its two branches:

Whereas, as per the statements of the trial courts, the APCAPLIS (*Association de prévoyance des commerçants, artisans, professions libérales, industriels et leurs salaries* [Provident association for tradesmen, craftsmen, professionals, manufacturers and their salaried employees]) and the APEP (*Association pour la prévoyance dans l'enseignement privé* [Private school provident association]) have concluded a group insurance contract with the Via insurance company which guarantees a retirement scheme to the members of these associations who individually participated in the proposed system; that the Via insurance company had this scheme managed by an insurance brokerage firm, the company Sofraco;

Whereas, subsequent to the lack of regular payment by certain participants of their fees to the two aforementioned associations, as well as following difficulties that arose between Via and the broker that was the administrator of the system, Via deemed that they were deprived of a portion of the fees that were due to them; that this company then advised the two associations and all the participants that it was going to proceed to a compensation between that which it deemed was owed to it and that which it owed itself, and that it suspended the performance of all services to the participants during the time period which was required to reimburse itself; that the associations have brought an action against Via so as to get a ruling against the carrying out of this compensation; that the contested ruling (Rennes, 18 March 1987) has recognized their claim;

Whereas, the company Via submits against this ruling that it has declared the action of the two associations as being admissible, when in group insurance the underwriter, who is never the insured party, would never have standing to claim the benefits promised by the insurer, and therefore, also, that the dispute involved the delivery of services due to the subscribing participants and not the payment of the premiums that were owed to the insurer, and that the appeal court has thus disregarded the terms of the lawsuit;

However, whereas, on the one hand, the one stipulating a provision for others has standing to demand the enforcement of the contract for which he is the underwriter; that, on the other hand, the lawsuit that has come to be, due to the aspiration of the insurer to compensate between the sums which, according to him, were owed to him by the associations and that which he owed himself to the participants, had been resolved under the very terms under which it had been submitted to the judges; that the means, which was not well-founded in first instance was factually unfounded in the second;

And on the second plea:

Whereas, furthermore, the appeal court has been faulted for having ruled as they have, when, firstly, that, in the case of insurance on behalf of the person to whom it will belong, as in the case of a stipulation for others, the exceptions that the insurer can enforce against the underwriter are likewise enforceable against the beneficiary; when, also, that when two debts are intertwined, the judge is not able to dismiss the compensation, on the basis of the fact that one of them would not meet the conditions of liquidity and payability; when, furthermore, the ruling would have contradicted itself in ruling at the same time that the underwriters were debtors of premium arrears, where it was not possible to determine the amount the arrears and where the credit of the insurer was not certain; when, likewise, the insurer had asserted in unanswered conclusions that its co-contractors had never contested either the principle or even the amount of their debt, and therefore, lastly, that the court of appeals could not have been able to rule that the they had renounced demanding payment of the premium arrears of the underwriters, without noting the existence of manifest actions that manifested the unequivocal desire to renounce;

However whereas the participation in the group insurance contract, even if the consequence of the stipulation on behalf of another, does not any less create a direct contractual link between the participant and the insurer; that it is not different when this contract entrusts the underwriter with the collection of the premiums on behalf of the insurer; that, on the basis of this link, each participant has the right, when they have paid their premium, to the services foreseen by the contract; that if it is possible for the insurer to individually enforce the lack of payment against a determined participant, he would not be able to indiscriminately compensate his debt towards certain parties by his credit towards others; that it is noting that there was no identity of creditor and debtor, even if the associations had, in their relationships with the insurer, received a mandate to levy the premiums, and that the insurance company was not, under such conditions, justified to enforce the compensation under the conditions in which it undertook it, the court of appeal has, independently of any other ground, justified its judgment; that the plea cannot be accepted in any of its branches;

ON THESE GROUNDS:

REJECTS the appeal

**Publication :** Bulletin 1989 I No. 233 p. 155

**Contested judgment:** Appeal Court of Rennes, of March 18, 1987

**Titles and summaries:**

1st STIPULATION ON BEHALF OF OTHERS – Insurance of persons – Group insurance - Effects - Association having underwritten the policy – Undertaking underwritten on behalf of the members – Action for enforcement of underwriter against the insurer

1st The person stipulating a provision on behalf of others has standing to demand the enforcement of the contract for which it is the underwriter; it follows that the action of an association which has underwritten a group insurance contract so as to guarantee a retirement scheme to the members of this association is admissible, even if it is not itself the insured party.

1st STIPULATION ON BEHALF OF OTHERS – The stipulating party – Relationship with the one making the promises – Undertaking underwritten by the latter on behalf of third parties – Enforcement action
1st INSURANCE OF PERSONS – General rules – Group insurance - Underwriter – Undertaking underwritten by an association on behalf of its members – Enforcement action of the underwriter against the insurer

2nd INSURANCE OF PERSONS – General rules – Group insurance - Premiums - Payment – Non-payment of certain participants – Right to withhold the indemnification – Effectiveness of the exception of compensation to the other participants (no)

2nd The participation in a group insurance contract creates a direct contractual link between the participant and the insurer and each participant has the right, when they have paid their premium, to the performance foreseen by the contract; it follows that if the insurer can individually enforce against one of the participants on the basis of their lack of payment, the insurer will then not be able to indiscriminately compensate their debt towards certain parties by means of their credit towards others.

2nd INSURANCE (general rules) - Action of the victim – Enforceability of the exceptions by the insurer – Right to withhold the indemnification – Lack of payment of the Enforceability of the exception of compensation to others (no)
2nd COMPENSATION – Legal compensation - Exception of compensation – Insurance of persons – Group insurance - Premiums - Non-payment of certain participants – Right to withhold the indemnification – Enforceability against other participants (no)

**Jurisprudence precedents:** COMPARE: (1st). Civil Division 1, 1956-07-12, Bulletin 1956, I, No. 306, p. 249 (Cassation); Commercial Division, 1979-05-14, Bulletin 1979,

IV, No. 153, p. 122 (Partial cassation). (2nd). Civil Division 1, 1981-11-03, Bulletin 1981, I, No. 320 (1), p. 271 (Cassation).