# Exhibit 61

The: 01/24/2012

**Court of Cassation**

**Commercial Chamber**

**Public hearing on January 18, 1971**

**Appeal no.: 68-13111**

Published in the bulletin

**REJECTION**

**PDT Mr. GUILLOT, president**

RPR Mr. LARERE, chief clerk

ATT.GEN. Mr. LAMBERT, attorney general

Plaintiff ATT. Messrs. RYZIGER, attorney(s)

## FRENCH REPUBLIC

## IN THE NAME OF THE FRENCH PEOPLE

ON THE SOLE GROUND, CONSIDERED IN ALL THREE BRANCHES THEREOF: WHEREAS IT EMERGES FROM THE STATEMENTS OF THE CONTESTED INVALIDATING JUDGMENT (LYONS, NOVEMBER 30, 1967) THAT, THROUGH AN EARLIER RULING DATED DECEMBER 2, 1964, WHICH HAS BECOME DEFINITIVE, THE AFOREMENTIONED COURT OF APPEAL DECLARED ISAAC X… WITH THE COMPANY DOGNIN [sic] OF PATENT NO. 754 697 RELATIVE TO ROBIN ELASTIC TULLE, GRANTED TO THAT COMPANY ON AUGUST 28, 1933, AND PATENT NO. 762 280 CONCERNING TULLES AND STRAPS WITH MULTIPLE ELASTIC NETS, GRANTED TO DOGNIN ON JANUARY 18, 1934;

WHEREAS THE RULING DATED DECEMBER 2, 1964 DECIDED THAT ISAAC WILL RECEIVE 50% OF THE NET PROFIT PROCURED BY THE GRANTING OF A LICENSE FOR THESE TWO PATENTS, INCLUDING THE PRODUCT OF THE ROYALTIES THAT WILL BE SET AT THE END OF THE PROCEDURES THEN PENDING, ALLOCATED A PROVISION TO ISAAC, AND SPECIFIED THAT THE NET AMOUNT OF THE ROYALTIES NOT APPEARING IN THE ACCOUNT STATEMENT ON DECEMBER 31, 1960 WILL BE SHARED IN HALVES BETWEEN THE TWO Y…;

WHEREAS BY CONTRACT DATED OCTOBER 29, 1945, THE COMPANY DOGNIN AND THE COMPANY DOGNIN [sic] AND THE COMPANY HAUSSER, HOLDER OF PATENT NO. 793 950 REGARDING A KNITTED ELASTIC FABRIC SYSTEM AND THE METHOD

FOR MANUFACTURING THE SAME OR TRICOTULLE, WHICH WAS GRANTED TO IT ON DECEMBER 2, 1935, DECLARED SHARING, TO FORM A POOL, THE AFOREMENTIONED PATENTS 754 697 AND 793 950 AS WELL AS A PATENT NO. 790 416 RELATIVE TO ELASTIC FABRICS, GRANTED ON SEPTEMBER 9, 1935 TO THE COMPANY DOGNIN BUT OVER WHICH NO CO-OWNERSHIP RIGHT HAD BEEN GIVEN TO ISAAC;

WHEREAS ON DECEMBER 31, 1965, THE COMPANY DOGNIN SUED ISAAC BEFORE THE HIGH COURT [*TRIBUNAL DE GRANDE INSTANCE*] TO OBTAIN A DECLARATION THAT HIS CAPACITY AS X… FOR PATENTS 754 697 AND 762 280 DID NOT ENTITLE HIM TO THE ROYALTIES RECEIVED BY DOGNIN PURSUANT TO THE AFOREMENTIONED POOL CONVENTION THAT THE COMPANY DOGNIN ONLY RECOGNIZED THAT ISAAC A… WOULD RECEIVE A FRACTION SMALLER THAN HALF THE ROYALTIES RECEIVED BY IT OVER PATENT 762 280, AND THAT IT WAS CONSEQUENTLY RESERVING THE RIGHT TO ASK ISAAC B… FOR THE SUMS THAT HAD BEEN PAID TO HIM PROVISIONALLY PURSUANT TO THE RULING DATED DECEMBER 2, 1964;

WHEREAS THE REFERRED RULING IS CRITICIZED IN THAT, TO SET THE AMOUNT OF THE SHARE OF ROYALTIES DUE TO ISAAC AT 426,235.64 FRANCS, IT STATED THAT IT WAS APPROPRIATE TO DETERMINE ISAAC'S RIGHTS OVER THE PARTS OF THE ROYALTIES PAID BY THE LICENSEES TO THE POOL ALLOCATED TO DOGNIN BECAUSE THE COURT OF APPEAL, IN ITS RULING DATED DECEMBER 2, 1964, DID NOT SET THE METHOD FOR ESTABLISHING THE NET PROFIT OR THE PROPORTION OF THE RESPECTIVE RIGHTS OF DOGNIN AND ISAAC OVER THAT NET PROFIT, THEN HAVING REFERRED, TO SET THE SUMS DUE TO ISAAC, TO AN ARBITRATION AWARD HANDED DOWN BETWEEN DOGNIN AND HAUSSER, WHEREAS, ACCORDING TO THE APPEAL, ON THE ONE HAND, THE COURT OF APPEAL COULD NOT, WITHOUT DISREGARDING THE BINDING NATURE OF ITS OWN RULING DATED DECEMBER 2, 1964, DECIDE THAT IT HAD NOT SET THE METHOD FOR ESTABLISHING THE NET PROFIT OR THE PROPORTION OF THE RESPECTIVE RIGHTS OF DOGNIN AND ISAAC OVER THAT NET PROFIT;

WHEREAS ON THE OTHER HAND, THE JUDGMENT IS ONLY BINDING ON THE PARTIES HAVING APPEARED IN THE CASE, AND ISAAC NOT HAVING BEEN A PARTY TO THE ARBITRATION PROCEDURE HAVING TAKEN PLACE BETWEEN HAUSSER AND DOGNIN, WAS NOT BOUND BY THE AWARD, AND INASMUCH AS THE COURT OF APPEAL WISHED TO ADOPT THE OPINION OF THE ARBITRATORS, IT COULD NOT SETTLE FOR REFERRING TO THE AWARD, BUT HAD TO JUSTIFY THE SOLUTION HELD BY THE LATTER;

WHEREAS LASTLY, CONTRARY TO WHAT THE COURT OF APPEAL ASSERTS, ISAAC NEVER ADMITTED THAT DOGNIN'S CONTRIBUTION OF SERVICES HAD A VALUE EQUAL TO 45/55 OF THE HAUSSER PATENT, SINCE ON THE CONTRARY, IN HIS PLEADINGS, WHICH HAVE THUS BEEN DISTORTED BY THE RULING, HE CONTESTED HAVING TO BEAR THE DEFENSE COSTS INCURRED BY DOGNIN REGARDING THE VALUATION OF THE HAUSSER PATENT AND IN THE ALTERNATIVE, HE CLAIMED THAT ASSUMING HE HAD TO BEAR PART OF HIS

COSTS, THE FACT WOULD REMAIN THAT HAUSSER HAD BENEFITTED THEREFROM, AS WELL AS DOGNIN FOR ITS OWN MANUFACTURING, AND THAT THERE WAS CAUSE TO TAKE THAT FACT INTO ACCOUNT TO DISTRIBUTE THE COSTS INCURRED TO DEFEND THE PATENT;

BUT WHEREAS, ON THE ONE HAND, CONTRARY TO WHAT IS CLAIMED BY THE APPEAL, THE RULING BY THE LYONS COURT OF APPEAL DATED DECEMBER 2, 1964 DID NOT SPECIFY THE METHOD FOR ESTABLISHING THE NET PROFIT PROCURED BY THE GRANTING OF LICENSES FOR THE TWO PATENTS;

WHEREAS THE CONTESTED RULING, ACCURATELY APPLYING THE PROVISION OF THE RULING DATED DECEMBER 2, 1964, WHICH SET THE SHARE OF THAT NET PROFIT RETURNING TO ISAAC AT 50%, IN NO WAY DISREGARDED THE BINDING NATURE OF THE AFOREMENTIONED RULING, WITH THE POSSIBLE EXCEPTION OF THE ERRONEOUS GROUND, SET OUT BY THE COUNT, REGARDING THE LACK OF DETERMINATION BY THE 1964 RULING OF THE PROPORTION OF THE RESPECTIVE RIGHTS OF DOGNIN AND ISAAC OVER THAT NET PROFIT;

WHEREAS ON THE OTHER HAND, THE CONTESTED RULING ONLY REFERRED TO THE ARBITRATION AWARD HANDED DOWN IN A DISPUTE OPPOSING DOGNIN AND HAUSSER TO FIND AN ELEMENT THEREIN TO ASSESS THE RESPECTIVE VALUES OF THE CONTRIBUTIONS OF THOSE TWO COMPANIES IN THE POOL CONVENTION AS WELL AS THE VALUE OF DOGNIN'S CONTRIBUTION OF SERVICES CONSISTING OF ITS EXCLUSIVE COVERAGE OF THE LEGAL AND PROCEDURAL COSTS AGAINST INFRINGERS OF ALL OF THE PATENTS PUT IN THE POOL, WITHOUT MAKING THAT AWARD BINDING;

WHEREAS LASTLY, ALTHOUGH THE CONTESTED RULING TARGETED BY THE THIRD BRANCH OF THE COUNT AND ACCORDING TO WHICH THE VALUE OF DOGNIN'S CONTRIBUTION OF SERVICES IS SET AT 45/55 OF THE HAUSSER PATENT AS HELD BY ISAAC INACCURATELY REFERS TO THE PLEADINGS BY THE LATTER WHO, IN FACT, HAD NOT PROPOSED ANY EVALUATION OF THAT CONTRIBUTION, THIS REFERENCE HAS NO IMPACT ON THE APPEALED DECISION, WHICH IS ESSENTIALLY BASED ON THE AFOREMENTIONED ARBITRATION AWARD TO SET THE VALUE OF THE CONTRIBUTION;

WHEREAS THE COURT OF APPEAL RECALLED, WITHOUT DISTORTING THE PLEADINGS BY ISAAC Z… LAST IN PRINCIPLE REACHING 710,478.84 FRANCS AND WHICH DID NOT INCLUDE ANY DEDUCTION FOR THE COSTS OF DEFENDING THE PATENT IN THE POOL;

WHEREAS THE GRIEVANCE OF DISTORTION OF ISAAC'S PLEADINGS CANNOT BE RECEIVED;

FROM WHICH IT FOLLOWS THAT NONE OF THE BRANCHES OF THE COUNT ARE

FOUNDED;

ON THESE GROUNDS: REJECTS THE APPEAL LODGED AGAINST THE RULING HANDED DOWN;

NOVEMBER 30, 1967;

BY THE LYONS COURT OF APPEAL

**Publication:** Bulletin des arrêts Court of Cassation Commercial Chamber N. 15 P. 16

**Contested decision:** Lyons Court of Appeal dated November 30, 1967

**Titles and summaries:** PATENT – LICENSE GRANT – ROYALTIES – DETERMINATION – UNDIVIDED PATENT – CONTRIBUTION BY A SINGLE CO-OWNER TO A POOL FORMED FOR THE GRANTING OF VARIOUS PATENTS – ROYALTIES DUE TO ANOTHER – ASSESSMENT ELEMENTS – ARBITRATION AWARD HAVING OCCURRED BETWEEN THE MEMBERS OF THE POOL. WHEN ONLY ONE OF THE CO-OWNERS OF A PATENT HAS CONTRIBUTED THAT PATENT TO A "POOL" THAT HE HAS FORMED WITH A COMPANY ALSO HOLDING A PATENT, TO GRANT A LICENSE TO THIRD PARTIES, THE JUDGES ON THE MERITS COULD SET THE AMOUNT OF THE SHARE OF THE ROYALTIES PAID BY THE LICENSEES IN THE POOL, RETURNING TO THE OTHER CO-OWNER, IN REFERENCE TO AN ARBITRATION AWARD HAVING OCCURRED BETWEEN THE TWO MEMBERS OF THE POOL, TO FIND AN ELEMENT THEREIN TO ASSESS THE RESPECTIVE VALUE OF THEIR CONTRIBUTIONS AS WELL AS THE VALUE OF THE CONTRIBUTION OF SERVICES OF THE CO-OWNER OF THE PATENT IN DISPUTE, WITHOUT MAKING THAT AWARD DEFINITIVE.

\* DEFINITIVE RULING – SCOPE – EARLIER DECISION HELD AS ASSESSMENT ELEMENT. \* ARBITRATION – AWARD – SCOPE – AWARD USED AS ASSESSMENT ELEMENT.

**Texts applied:**
· Civil Code 1351
· LAW 1844-07-05 ART. 20