# Exhibit 62

Avis juridique important

# 41989A0695(01)

**89/695/EEC: Agreement relating to Community patents - Done at Luxembourg on 15 December 1989**

*Official Journal L 401 , 30/12/1989 P. 0001 - 0027*

COUNCIL

AGREEMENT RELATING TO COMMUNITY PATENTS

Done at Luxembourg on 15 December 1989

(89/695/EEC)

PREAMBLE

THE HIGH CONTRACTING PARTIES to the Treaty establishing the European Economic Community,

DESIRING to give unitary and autonomous effect to European patents granted in respect of their territories under the Convention on the Grant of European Patents of 5 October 1973;

ANXIOUS to establish a Community patent system which contributes to the attainment of the objectives of the Treaty establishing the European Economic Community and in particular to the elimination within the Community of the distortion of competition which may result from the territorial aspect of national protection rights;

CONSIDERING that one of the fundamental objectives of the Treaty establishing the European Economic Community is the abolition of obstacles to the free movement of goods;

CONSIDERING that one of the most suitable means of ensuring that this objective will be achieved, as regards the free movement of goods protected by patents, is the creation of a Community patent system;

CONSIDERING that the creation of such a Community patent system is therefore inseparable from the attainment of the objectives of the Treaty and thus linked with the Community legal order;

CONSIDERING that it is necessary for these purposes for the High Contracting Parties to conclude an Agreement which constitutes a special agreement within the meaning of Article 142 of the Convention on the Grant of European Patents, a regional patent treaty within the meaning of Article 45 (1) of the Patent Cooperation Treaty of 19 June 1970, and a special agreement within the meaning of Article 19 of the Convention for the Protection of Industrial Property, signed in Paris on 20 March 1883 and last revised on 14 July 1967;

CONSIDERING that the achievement of a common market which offers conditions similar to those of a national market necessitates the creation of legal instruments which enable enterprises to adapt their production and distribution activities to European scales;

CONSIDERING that the problem of dealing effectively with actions relating to Community patents and the problems arising from the separation of jurisdiction created by the Community Patent Convention as signed at Luxembourg on 15 December 1975 in respect of infringement and validity of Community patents will best be solved by giving jurisdiction in actions for infringement of a Community patent to national courts of first instance designated as Community patent courts which can at the same time consider the validity of the patent in suit and, where necessary, amend or revoke it; and that an appeal to national courts of second instance designated as Community patent courts should lie from judgments of these courts;

CONSIDERING, however, that uniform application of the law on infringement and validity of

Community patents requires the setting up of a Community patent appeal court common to the Contracting States (Common Appeal Court) to hear on appeal referrals on questions of infringement and validity from the Community patent courts of second instance;

CONSIDERING that the same requirement of uniform application of the law leads to conferral upon the Common Appeal Court of jurisdiction to decide on appeals from the Revocation Divisions and the Patent Administration Division of the European Patent Office, thus replacing the Revocation Boards provided for in the Community Patent Convention as signed on 15 December 1975;

CONSIDERING that it is essential that the application of this Agreement must not operate against the application of the provisions of the Treaty establishing the European Economic Community and that the Court of Justice of the European Communities must be able to ensure the uniformity of the Community legal order;

ANXIOUS to promote the completion of the internal market and the establishment of a European technological community by means of the Community patent;

CONVINCED therefore that the conclusion of this Agreement is necessary to facilitate the achievement of the tasks of the European Economic Community,

HAVE AGREED AS FOLLOWS:

Article 1

Contents of the Agreement

1. The Convention for the European Patent for the common market signed at Luxembourg on 15 December 1975, hereinafter referred to as 'the Community Patent Convention', as amended by this Agreement, shall be annexed hereto.

2. The Community Patent Convention shall be supplemented by the following Protocols annexed to this Agreement:

- Protocol on the Settlement of Litigation concerning the Infringement and Validity of Community Patents, hereinafter referred to as 'the Protocol on Litigation',

- Protocol on Privileges and Immunities of the Common Appeal Court,

- Protocol on the Statute of the Common Appeal Court.

3. The Annexes to this Agreement shall form an integral part thereof.

4. On entry into force of this Agreement, it shall replace the Community Patent Convention in the form signed at Luxembourg on 15 December 1975.

Article 2

Relationship with the Community legal order

1. N° provision of this Agreement may be invoked against the application of the Treaty establishing the European Economic Community.

2. In order to ensure the uniformity of the Community legal order, the Common Appeal Court established by the Protocol on Litigation shall request the Court of Justice of the European Communities to give a preliminary ruling in accordance with Article 177 of the Treaty establishing the European Economic Community whenever there is a risk of an interpretation of this Agreement being inconsistent with that Treaty.

3. Where a Member State or the Commission of the European Communities considers that a decision of the Common Appeal Court which closes the procedure before it does not comply with the principle stated in the foregoing paragraphs, it may request the Court of Justice of the European Communities to give a ruling. The ruling given by the Court of Justice in response to such request shall not affect the decision by the Common Appeal Court which gave rise to the request. The Registrar of the Court of Justice shall give notice of the request to the Member States, to the Council and, if the request is made by a Member State, the Commission of the European Communities; they shall then be entitled within two months of the notification to submit statements of case or written observations to the Court. N° fees shall be levied or any costs or expenses awarded in respect of the proceedings provided for in this paragraph.

Article 3

Interpretation of provisions on jurisdiction

1. The Court of Justice of the European Communities shall have jurisdiction to give preliminary rulings concerning the interpretation of the provisions on jurisdiction applicable to actions relating to Community patents brought before national courts, contained in Part VI, Chapter I, of the Community Patent Convention and in the Protocol on Litigation.

2. The following courts shall have the power to request the Court of Justice to give a preliminary ruling on any question of interpretation as defined in paragraph 1:

(a) - in Belgium: la Cour de cassation (het Hof van Cassatie) and le Conseil d'État (de Raad van State),

- in Denmark: Hoejesteret,

- in the Federal Republic of Germany: die obersten Gerichtshoefe des Bundes,

- in Greece: όá áíþόáôá ΑΕéêáóóÞñéá,

- in Spain: el Tribunal supremo,

- in France: la Cour de cassation and le Conseil d'État,

- in Ireland: an Chúirt Uachtarach (the Supreme Court),

- in Italy: la Corte suprema di cassazione,

- in Luxembourg: la Cour supérieure de justice when sitting as Cour de cassation,

- in the Netherlands: de Hoge Raad,

- in Portugal: o Supremo Tribunal de Justiça,

- in the United Kingdom: the House of Lords;

(b) the courts of the Contracting States when ruling on appeals.

3. Where such a question is raised in a case before one of the courts listed in paragraph 2 (a), that court must, if it considers that a decision on the question is necessary to enable it to give a judgment, request the Court of Justice to give a ruling thereon.

4. Where such a question is raised before one of the courts referred to in paragraph 2 (b), that court may, under the conditions laid down in paragraph 1, request the Court of Justice to give a ruling thereon.

Article 4

Rules of Procedure of the Court of Justice

1. The Protocol on the Statute of the Court of Justice of the European Economic Community and the Rules of Procedure of the Court of Justice shall apply to any proceedings referred to in Articles 2 and 3.

2. The Rules of Procedure shall be adapted and supplemented, as necessary, in conformity with Article 188 of the Treaty establishing the European Economic Community.

Article 5

Jurisdiction of the Common Appeal Court

Subject to Articles 2 and 3, the Common Appeal Court shall ensure uniform interpretation and application of this

Agreement and of the provisions enacted in implementation thereof, to the extent to which these are not national provisions.

Article 6

Signing - Ratification

1. This Agreement shall be open until 21 December 1989 for signing by the States parties to the Treaty establishing the European Economic Community.

2. This Agreement shall be subject to ratification by the 12 signatory States. Instruments of ratification shall be deposited with the Secretary-General of the Council of the European Communities.

Article 7

Accession

1. This Agreement shall be open to accession by States becoming Member States of the European Economic Community.

2. Instruments of accession to this Agreement shall be deposited with the Secretary-General of the Council of the European Communities. Accession shall take effect on the first day of the third month following the deposit of the instrument of accession, provided that the ratification by the State concerned of the Convention on the Grant of European Patents, hereinafter referred to as 'the European Patent Convention', or its accession thereto has become effective.

3. The signatory States hereby recognize that any State which becomes a member of the European Economic Community must accede to this Agreement.

4. A special agreement may be concluded between the Contracting States and the acceding State to determine the details of application of this Agreement necessitated by the accession of that State.

Article 8

Participation of third States

The Council of the European Communities may, acting by a unanimous decision, invite a State party to the European Patent Convention which forms a customs union or a free trade area with the European Economic Community to enter into negotiations with a view to enabling that third State to participate in this Agreement on the basis of a special agreement, to be concluded between the Contracting States to this Agreement and the third State concerned, determining the conditions and details for applying this Agreement to that State.

Article 9

Application to the sea and submarine areas

This Agreement shall apply to the sea and submarine areas adjacent to a territory to which the Agreement applies in which one of the Contracting States exercises sovereign rights or jurisdiction in accordance with international law.

Article 10

Entry into force

To enter into force this Agreement must be ratified by the 12 signatory States. It shall enter into force on the first day of the third month following the deposit of the instrument of ratification by the last such State to take this step. However, if the European Patent Convention enters into force on a subsequent date in respect of any signatory State to this Agreement, the latter shall enter into force on the latest subsequent date.

Article 11

Observers

As long as this Agreement has not entered into force in respect of a Member State of the European Economic Community which is not a signatory to this Agreement, that State may take part as an observer in the Select Committee of the Administrative Council of the European Patent Organization, hereinafter referred to as 'the Select Committee' and in the Administrative Committee of the Common Appeal Court, hereinafter referred to as 'the Administrative Committee', and may appoint a representative and an alternate representative to each of these bodies for this purpose.

Article 12

Duration of the Agreement

This Agreement is concluded for an unlimited period.

Article 13

Revision

If a majority of the Member States of the European Economic Community requests the revision of this Agreement, a revision conference shall be convened by the President of the Council of the European Communities. The conference shall be prepared by the Select Committee or by the Administrative Committee, each acting within the limits of its own competence.

Article 14

Disputes between Contracting States

1. Any dispute between Contracting States concerning the interpretation or application of this Agreement which is

not settled by negotiation shall be submitted, at the request of one of the States concerned, to the Select Committee or to the Administrative Committee as the case may be. The body to which the dispute is submitted shall endeavour to bring about agreement between the States concerned.

2. If agreement is not reached within six months from the date when the Select Committee or the Administrative Committee was seised of the dispute, any one of the States concerned may submit the dispute to the Court of Justice of the European Communities.

3. If the Court of Justice finds that a Contracting State has failed to fulfil an obligation under this Agreement, that State shall be required to take the necessary measures to comply with the judgment of the Court of Justice.

Article 15

Definition

For the purposes of this Agreement 'Contracting State' means a State for which the Agreement is in force.

Article 16

Original of the Agreement

This Agreement, drawn up in a single original in the Danish, Dutch, English, French, German, Greek, Irish, Italian, Portuguese and Spanish languages, all 10 texts being equally authentic, shall be deposited in the archives of the General Secretariat of the Council of the European Communities. The Secretary-General shall transmit a certified copy to the Government of each Member State of the European Economic Community.

Article 17

Notification

The Secretary-General of the Council of the European Communities shall notify the Member States of the European Community of:

(a) the deposit of each instrument of ratification and accession;

(b) the date of entry into force of this Agreement;

(c) any reservation or withdrawal of reservation pursuant to Article 83 of the Community Patent Convention;

(d) any notification received pursuant to Article 1 (2) and (3) of the Protocol on Litigation.

En fe de lo cual los plenipotenciarios abajo firmantes han suscrito el presente Acuerdo.

Til bekraeftelse heraf har undertegnede befuldmaegtigede underskrevet denne aftale.

Zu Urkund dessen haben die unterzeichneten Bevollmaechtigten ihre Unterschrift unter diese Vereinbarung gesetzt.

Óaa ðssóòùóç ôùï áíùóŶñù ïé ôðïãñUEoeïïôaaò ðëçñaaïïýóéïé Ŷèaaóáí ôç ôðïãñáoeÞ ôïôò êUEôù áðue ôçí ðáñïýóá óôïïeùïssá.

In witness whereof, the undersigned Plenipotentiaries have affixed their signatures below this Agreement.

En foi de quoi, les plénipotentiaires soussignés ont apposé leurs signatures au bas du présent accord.

Dá fhianú sin, chuir na Lánchumhachtaigh thíos-sinithe a lámh leis an gComhaontú seo.

In fede di che, i plenipotenziari sottoscritti hanno apposto le foro firme in calce al presente accordo.

Ten blijke waarvan de ondergetekende gevolmachtigden hun handtekening onder dit Akkoord hebben gesteld.

Em fé do que, os plenipotenciários abaixo-assinados apuseram as suas assinaturas no final do presente Acordo.

Hecho en Luxemburgo, el quince de diciembre de mil novecientos ochenta y nueve.

Udfaerdiget i Luxembourg, den femtende december nitten hundrede og niogfirs.

Geschehen zu Luxemburg am fuenfzehnten Dezember neunzehnhundertneunundachtzig.

ssAAãéíaa óõï Ëïõïaaïãïÿñãï, óóéò aeŸëá ðŸíõaa AEaaêaaïãñssïö ÷ssëëá aaííéáêueóéá ïãaeueíõá aaííŸá.

Done at Luxembourg on the fifteenth day of December in the year one thousand nine hundred and eighty-nine.

Fait à Luxembourg, le quinze décembre mil neuf cent quatre-vingt-neuf.

Arna dhéanamh i Lucsamburg, an cúigiú lá déag de mhí na Nollag míle naoi gcéad ochtó a naoi.

Fatto a Lussemburgo, addì quindici dicembre millenovecentottantanove.

Gedaan te Luxemburg, de vijftiende december negentienhonderd negenentachtig.

Feito no Luxemburgo, em quinze de Dezembro de mil novecentos e oitenta e nove.

Pour Sa Majesté le roi des Belges

Voor Zijne Majesteit de Koning der Belgen

For Hendes Majestaet Danmarks Dronning

Fuer den Praesidenten der Bundesrepublik Deutschland

Ãéá õïí Ðñueaaaeñï ôçò AAëëçíéêÞò AEçïïëüòssáò

Por Su Majestad el Rey de España

Pour le président de la République française

For the President of Ireland

Uachtarán na hÉireann

Per il Presidente della Repubblica italiana

Pour Son Altesse Royale le grand-duc de Luxembourg

Voor Hare Majesteit de Koningin der Nederlanden

Pelo Presidente da República Portuguesa

For Her Majesty the Queen of the United Kingdom of Great Britain and Northern Ireland

CONVENTION FOR THE EUROPEAN PATENT FOR THE COMMON MARKET (Community Patent Convention) and IMPLEMENTING REGULATIONS

CONVENTION FOR THE EUROPEAN PATENT FOR THE COMMON MARKET (Community Patent Convention)

PART I

GENERAL AND INSTITUTIONAL PROVISIONS

CHAPTER I

GENERAL PROVISIONS

Article 1

Common system of law for patents

1. A system of law, common to the Contracting States, concerning patents for invention is hereby established.

2. The common system of law shall govern the European patents granted for the Contracting States in accordance with the Convention on the Grant of European Patents, hereinafter referred to as 'the European Patent Convention', and the European patent applications in which such States are designated.

Article 2

Community patent

1. European patents granted for the Contracting States shall be called Community patents.

2. Community patents shall have a unitary character. They shall have equal effect throughout the territories to which this Convention applies and may only be granted, transferred, revoked or allowed to lapse in respect of the whole of such territories. The same shall apply mutatis mutandis to applications for European patents in which the Contracting States are designated.

3. Community patents shall have an autonomous character. They shall be subject only to the provisions of this Convention and those provisions of the European Patent Convention which are binding upon every European patent and which shall consequently be deemed to be provisions of this Convention.

Article 3

Joint designation

Designation of the States parties to this Convention in accordance with Article 79 of the European Patent Convention shall be effected jointly. Designation of one or some only of these States shall be deemed to be designation of all of these States.

Article 4

Setting up of special departments

The following bodies common to the Contracting States shall implement the procedures laid down in this Convention:

(a) special departments which are set up within the European Patent Office and whose work shall be supervised by a Select Committee of the Administrative Council of the European Patent Organization;

(b) the Common Appeal Court established by the Protocol on the Settlement of Litigation concerning the Infringement and Validity of Community Patents, hereinafter referred to as 'the Protocol on Litigation'.

Article 5

National patents

This Convention shall be without prejudice to the right of the Contracting States to grant national patents.

CHAPTER II

SPECIAL DEPARTMENTS OF THE EUROPEAN PATENT

OFFICE

Article 6

The special departments

The special departments shall be as follows:

(a) a Patent Administration Division;

(b) one or more Revocation Divisions.

Article 7

Patent Administration Division

1. The Patent Administration Division shall be responsible for all acts of the European Patent Office relating to Community patents, in so far as these acts are not the responsibility of other departments of the Office. It shall in

particular be responsible for decisions in respects of entries in the Register of Community Patents.

2. Decisions of the Patent Administration Division shall be taken by one legally qualified member.

3. The members of the Patent Administration Division may not be members of the Boards of Appeal or the Enlarged Board of Appeal set up under the European Patent Convention.

Article 8

Revocation Divisions

1. The Revocation Divisions shall be responsible for the examination of requests for the limitation

of and applications for the revocation of Community patents, and for determining compensation under Article 43 (5).

2. A Revocation Division shall consist of one legally qualified member who shall be the Chairman, and two technically qualified members. Prior to the taking of a final decision on the request or application, the Revocation Division may entrust the examination of the request or application to one of its members. Oral proceedings shall be before the Revocation Division itself.

Article 9

Exclusion and objection

1. Members of the Revocation Divisions may not take part in any proceedings if they have any personal interest therein, if they have previously been involved as representatives of one of the parties, or if they have participated in the final decision on the case in the proceedings for grant or opposition proceedings.

2. If, for one of the reasons mentioned in paragraph 1 or for any other reason, a member of a Revocation Division considers that he should not take part in any proceedings, he shall inform the division accordingly.

3. Members of a Revocation Division may be objected to by any party for one of the reasons mentioned in paragraph 1, or if suspected of partiality. An objection shall not be admissible if, while being aware of a reason for objection, the party has taken a procedural step. N° objection may be based upon the nationality of members.

4. The Revocation Divisions shall decide as to the action to be taken in the cases specified in paragraphs 2 and 3 without the participation of the member concerned. For the purpose of taking this decision the member objected to shall be replaced by his alternate.

Article 10

Languages for proceedings and publications

1. The official languages of the European Patent Office shall also be the official languages of the special departments.

2. Throughout the proceedings before the special departments, a translation filed in accordance with Article 14 (2), second sentence, of the European Patent Convention may be brought into conformity with the original text of the European patent application.

3. The official language of the European Patent Office in which the Community patent is granted shall be used as the language of the proceedings in all proceedings before the special departments concerning the Community patent, unless otherwise provided in the Implementing Regulations.

4. However, natural or legal persons having their residence or principal place of business within the territory of a Contracting State having a language other than one of the official languages of the European Patent Office as an official language, and nationals of that State who are resident abroad, may file documents which have to be filed within a time limit in an official language of the Contracting State concerned. They must, however, file a translation in the language of the proceedings within the time limit prescribed in the Implementing Regulations; in the cases provided for in the Implementing Regulations, they may file a translation in a different official language of the European Patent Office.

5. If any document is not filed in the language prescribed by this Convention, or if any translation required by virtue of this Convention is not filed in due time, the document shall be deemed not to have been received.

6. New specifications of Community patents published following limitation or revocation proceedings shall be published in the language of the proceedings; they shall include a translation of the amended claims in one of the official languages of each of the Contracting States which do not have as an official language the language of the proceedings.

7. The Community Patent Bulletin shall be published in the three official languages of the European Patent Office.

8. Entries in the Register of Community Patents shall be made in the three official languages of the European Patent Office. In cases of doubt, the entry in the language of the proceedings shall

be authentic.

9. N° State party to this Convention may avail itself of the authorizations given in Articles 65, 67 (3) and 70 (3) of the European Patent Convention.

CHAPTER III

THE SELECT COMMITTEE OF THE ADMINISTRATIVE

COUNCIL

Article 11

Membership

1. The Select Committee of the Administrative Council shall be composed of the Representatives of the Contracting States, the Representative of the Commission of the

European Communities and their alternate Representatives. Each Contracting State and the Commission shall be entitled to appoint one Representative and one alternate Representative to the Select Committee. The same members shall represent the Contracting States on the Administrative Council and on the Select Committee.

2. The members of the Select Committee may, subject to the provisions of its Rules of Procedure, be assisted by advisers or experts.

Article 12

Chairmanship

1. The Select Committee of the Administrative Council shall elect a Chairman and a Deputy Chairman from among the Representatives and alternate Representatives of the Contracting States. The Deputy Chairman shall ex officio replace the Chairman in the event of his being prevented from attending to his duties.2. The duration of the terms of office of the Chairman and the Deputy Chairman shall be three years. The terms of office shall be renewable.

Article 13

Board

1. The Select Committee of the Administrative Council may set up a Board composed of five of its members.

2. The chairman and the deputy chairman of the Select Committee shall be members of the board ex officio; the other three members shall be elected by the Select Committee.

3. The term of office of the members elected by the Select Committee shall be three years. This term of office shall be three years. This term of office shall not be renewable.

4. The board shall perform the duties given to it by the Select Committee in accordance with the Rules of Procedure.

Article 14

Meetings

1. Meetings of the Select Committee of the Administrative Council shall be convened by its chairman.

2. The President of the European Patent Office shall take part in the deliberations of the Select Committee.

3. The Select Committee shall hold an ordinary meeting once each year. In addition, it shall meet on the initiative of its chairman or at the request of one-third of the Contracting States.

4. The deliberations of the Select Committee shall be based on an agenda, and shall be held in accordance with its Rules of Procedure.

5. The provisional agenda shall contain any question whose inclusion is requested by any Contracting State in accordance with the Rules of Procedure.

Article 15

Languages of the Select Committee

1. The languages in use in the deliberations of the Select Committee of the Administrative Council shall be English, French and German.

2. Documents submitted to the Select Committee, and the minutes of its deliberations, shall be drawn up in the three languages mentioned in paragraph 1.

Article 16

Competence of the Select Committee in certain cases

1. The Select Committee of the Administrative Council shall be competent to amend the following provisions of this Convention:

(a) the time limits laid down in the Convention which are to be observed vis-à-vis the European Patent Office;

(b) the Implementing Regulations.

2. The Select Committee shall be competent, in conformity with this Convention, to adopt or amend the following provisions:

(a) the Financial Regulations;

(b) the Rules relating to Fees;

(c) its Rules of Procedure.

Article 17

Voting rights

1. The right to vote in the Select Committee of the Administrative Council shall be restricted to the Contracting States.

2. Each Contracting State shall have one vote, subject to the application of the provisions of Article 19.

Article 18

Voting rules

1. The Select Committee of the Administrative Council shall take its decisions other than those referred to in paragraph 2 by a simple majority of the Contracting States represented and voting.

2. A majority of three-quarters of the votes of the Contracting States represented and voting shall be required for the decisions which the Select Committee is empowered to take under Article 16 and Article 21 (a).

3. Abstentions shall not be considered as votes.

Article 19

Weighting of votes

In respect of the adoption or amendment of the rules relating to fees and, if the financial contribution to be made by the Contracting States would thereby be increased, the approval referred to in Article 21 (a), voting shall be conducted according to Article 36 of the European Patent Convention. The term 'Contracting States' in that Article shall be understood as meaning the States parties to this Convention.

CHAPTER IV

FINANCIAL PROVISIONS

Article 20

Financial obligations and benefits

1. The amount payable by the States parties to this Convention pursuant to Article 146 of the European Patent Convention shall be covered by financial contributions determined in respect of each State in accordance with the scale laid down in paragraph 3.

2. Both the revenue derived from fees paid in accordance with the rules relating to fees, less the payments to the European Patent Organization pursuant to Articles 39 and 147 of the European Patent Convention, and all other receipts of the European Patent Organization obtained in implementation of this convention shall be distributed among the States parties to this convention in accordance with the scale laid down in paragraph 3.

3. The scale referred to in paragraphs 1 and 2 shall be as follows:

- Belgium5,25 %

- Denmark5,20 %

- Germany20,40 %

- Greece4,40 %

- Spain6,30 %

- France12,80 %

- Ireland3,45 %

- Italy7,00 %

- Luxembourg3,00 %

- Netherlands11,80 %

- Portugal3,50 %

- United Kingdom16,90 %

4. The scale laid down in paragraph 3 may be amended by decision of the Council of the European Communities, acting on a proposal from the Commission of the European Communities, or on a request from at least three Contracting States, following a review to be conducted by the Select Committee of the Administrative Council of the European

Patent Organization five years after the entry into force of the Agreement relating to Community Patents.

5. The decision referred to in paragraph 4 shall require:

(a) unanimity from the sixth to the 10th year inclusive from the date of entry into force of the Agreement relating to Community Patents;

(b) after the expiry of that period, a qualified majority; this majority shall be that specified in the first indent of the second subparagraph of Article 148 (2) of the Treaty establishing the European Economic Community.

6. Five years after the entry into force of the Agreement relating to Community Patents the necessary work shall be commenced in order to examine under what conditions and at what date the system of financing provided for in paragraphs 1 to 5 may be replaced by another system based, having regard to developments in the European Communities, on Community financing. This system may include the amounts payable by the States parties to this Convention pursuant to the European Patent Convention and the amounts accruing to these States pursuant to that Convention. When this work has been concluded, this Article and, if appropriate, Article 19 may be amended by a decision of the Council of the European Communities acting unanimously on a proposal from the Commission.

Article 21

Powers of the Select Committee of the Administrative Council in budgetary matters

The Select Committee of the Administrative Council shall:

(a) approve annually the forecasts of expenditure and revenue relating to the implementation of this Convention and any amendments or additions made to these forecasts, submitted to it by the President of the European Patent Office, and supervise the implementation thereof;

(b) grant the authorization provided for in Article 47 (2) of the European Patent Convention, in so far as the expenditure involved relates to the implementation of this Convention;

(c) approve the annual accounts of the European Patent Organization which relate to the implementation of this Convention and that part of the report of the auditors appointed under Article 49 (1) of the European Patent Convention which relates to these accounts, and give the President of the European Patent Office a discharge.

Article 22

Rules relating to Fees

The Rules relating to Fees shall determine in particular the amounts of the fees and the ways in which they are to be paid.

PART II

SUBSTANTIVE PATENT LAW

CHAPTER I

RIGHT TO THE COMMUNITY PATENT

Article 23

Claiming the right to the Community patent

1. If a Community patent has been granted to a person who is not entitled to it under Article 60 (1) of the European Patent Convention, the person entitled to it under that provision may, without prejudice to any other remedy which may be open to him, claim to have the patent transferred to him.

2. Where a person is entitled to only part of the Community patent, that person may, in accordance with paragraph 1, claim to be made a joint proprietor.

3. Legal proceedings in respect of the rights specified in paragraphs 1 and 2 may be instituted only within a period of not more than two years after the date on which the European Patent Bulletin mentions the grant of the European patent. This provision shall not apply if the proprietor of the patent knew, at the time when the patent was granted or transferred to him, that he was not entitled to the patent.

4. The fact that legal proceedings have been instituted shall be entered in the Register of Community Patents. Entry shall also be made of the final decision in, or of any other termination of, the proceedings.

Article 24

Effect of change of proprietorship

1. Where there is a complete change of proprietorship of a Community patent as a result of legal proceedings under Article 23, licences and other rights shall lapse upon the registration of the person entitled to the patent in the Register of Community Patents.

2. If, before the institution of legal proceedings has been registered,

(a) the proprietor of the patent has used the invention within the territory of any of the Contracting States or made effective and serious preparations to do so, or

(b) a licensee of the patent has obtained his licence and has used the invention within the territory of any of the Contracting States or made effective and serious preparations to do so,

he may continue such use provided that he requests a non-exclusive licence of the patent from the new proprietor whose name is entered in the Register of Community Patents.

Such request must be made within the period prescribed in the Implementing Regulations. The licence shall be granted for a reasonable period and upon reasonable terms.

3. Paragraph 2 shall not apply if the proprietor of the patent or the licensee, as the case may be, was acting in bad faith at the time when he began to use the invention or to make preparations to do so.

CHAPTER II

EFFECTS OF THE COMMUNITY PATENT AND THE

EUROPEAN PATENT APPLICATION

Article 25

Prohibition of direct use of the invention

A Community patent shall confer on its proprietor the right to prevent all third parties not having his consent:

(a) from making, offering, putting on the market or using a product which is the subject-matter of the patent, or importing or stocking the product for these purposes;

(b) from using a process which is the subject-matter of the patent or, when the third party knows, or it is obvious in the circumstances, that the use of the process is prohibited without the consent of the proprietor of the patent, from offering the process for use within the territories of

the Contracting States;

(c) from offering, putting on the market, using, or importing or stocking for these purposes the product obtained directly by a process which is the subject-matter of the patent.

Article 26

Prohibition of indirect use of the invention

1. A Community patent shall also confer on its proprietor the right to prevent all third parties not having his consent from supplying or offering to supply within the territories of the Contracting States a person, other than a party entitled to exploit the patented invention, with means, relating to an essential element of that invention, for putting it into effect therein, when the third party knows, or it is obvious in the circumstances, that these means are suitable and intended for putting that invention into effect.

2. Paragraph 1 shall not apply when the means are staple commercial products, except when the third party induces

the person supplied to commit acts prohibited by Article 25.

3. Persons performing the acts referred to in Article 27 (a) to (c) shall not be considered to be parties entitled to exploit the invention within the meaning of paragraph 1.

Article 27

Limitation of the effects of the Community patent

The rights conferred by a Community patent shall not extend to:

(a) acts done privately and for non-commercial purposes;

(b) acts done for experimental purposes relating to the subject-matter of the patented invention;

(c) the extemporaneous preparation for individual cases in a pharmacy of a medicine in accordance with a medical prescription nor acts concerning the medicine so prepared;

(d) the use on board vessels of the countries of the Union of Paris for the Protection of Industrial Property, other than the Contracting States, of the patented invention, in the body of the vessel, in the machinery, tackle, gear and other accessories, when such vessels temporarily or accidentally enter the waters of Contracting States, provided that the invention is used there exclusively for the needs of the vessel;

(e) the use of the patented invention in the construction or operation of aircraft or land vehicles of countries of the Union of Paris for the Protection of Industrial Property, other than the Contracting States, or of accessories to such aircraft or land vehicles, when these temporarily or accidentally enter the territory of Contracting States;

(f)

the acts specified in Article 27 of the Convention on International Civil Aviation of 7 December 1944, where these acts concern the aircraft of a State, other than the Contracting States, benefiting from the provisions of that Article.

Article 28

Exhaustion of the rights conferred by the Community patent

The rights conferred by a Community patent shall not extend to acts concerning a product covered by that patent which are done within the territories of the Contracting States after that product has been put on the market in one of these States by the proprietor of the patent or with his express consent, unless there are grounds which, under Community law, would justify the extension to such acts of the rights conferred by the patent.

Article 29

Translation of the claims in examination or opposition proceedings

1. The applicant shall file with the European Patent Office within the time limit prescribed in the Implementing Regulations a translation of the claims on which the grant of the European patent is to be based in one of the official languages of each of the Contracting States which does not have English, French or German as an official language.

2. Paragraph 1 shall apply mutatis mutandis in respect of claims which are amended during

opposition proceedings.

3. The translations of the claims shall be published by the European Patent Office.

4. The applicant for or proprietor of the patent shall pay the fee for the publication of the translations of the claims within the time limits prescribed in the Implementing Regulations.

5. If the translations prescribed in paragraph 1 are not filed in due time or if the fee for the publication of the translations of the claims is not paid in due time the European patent application shall be deemed to be withdrawn in respects of the designated Contracting States. If the translations prescribed in paragraph 2 are not filed in due time or if the fee for the publication of the translations of the claims is not paid in due time the Community patent shall be revoked.

6. Where a translation of the claims prescribed in paragraph 1 or 2, or a translation of the claims in the two official languages of the European Patent Office which are not the language of the proceedings, is defective, the applicant for or the proprietor of the patent may file a corrected translation with the European Patent Office. The corrected translation shall not have any legal effect until the conditions prescribed in the Implementing Regulations have been complied with.

7. Where the translation of the claims in one of the official languages of a Contracting State is defective, any person who, in that State, is using or has made effective and serious preparations for using an invention the use of which would not constitute infringement of the patent in the defective translation of the claims, may, after the corrected translation takes effect, continue such use without payment. This shall not apply if it is established that the person concerned did not act in good faith.

Article 30

Translation of the specification of the Community patent

1. In addition to the translations prescribed in Article 29 (1) the applicant shall file with the European Patent Office, before the end of the period prescribed in the Implementing Regulations, a translation of the text of the

application which forms the basis for the grant of the Community patent in one of the official languages of each of the Contracting States in which the language of the proceedings is not an official language.

2. Paragraph 1 shall apply mutatis mutandis to the text of the Community patent which forms the basis for its maintenance in amended form during opposition proceedings.

3. The European Patent Office shall, within the time limit laid down in the Implementing Regulations, forward to each of the central industrial property offices of the Contracting States which have so requested a copy of the translations referred to in paragraphs 1 and 2 in the relevant language or languages. The applicant must for that purpose file a sufficient number of copies of the translations.

4. The translations prescribed in paragraphs 1 and 2 shall be made available to the public by the European Patent Office and shall be forwarded in due time and free of charge to the central industrial property offices of the Contracting States concerned in a suitable form for adequate and inexpensive dissemination.

5. If the translations prescribed in paragraph 1 are filed in due time, the proprietor of the patent may avail himself from the date of publication of the mention of the grant of the patent of the rights conferred by the patent.

6. If the translations prescribed in paragraphs 1 or 2 are not filed in due time, the Community patent shall be deemed to be void ab initio. However, the proprietor may, instead of the Community patent, obtain a European patent for the Contracting States for which he has filed translations in due time. He must for that purpose notify his intention in writing to the European Patent Office within a period of two months from the expiry of the applicable time limit and pay within the same period the fees referred to in Article 81 (1).

7. Article 29 (6) and (7) shall apply mutatis mutandis to the translations prescribed in paragraphs 1 and 2.

Article 31

Status of translations

The translations provided for in Articles 29 and 30 which have been carried out by persons authorized under the law of a Contracting State shall be deemed in that State to be in conformity with the original, until proved to the contrary.

Article 32

Rights conferred by a European patent application after publication

1. Compensation reasonable in the circumstances may be claimed from a third party who, in the period between the

date of publication of a European patent application in which the Contracting States are designated and the date of publication of the mention of the grant of the European patent, has made any use of the invention which, after that period, would be prohibited by virtue of the Community patent.

2. Any Contracting State which does not have as an official language the language of the proceedings of a European patent application in which the Contracting States are designated may prescribe that such application shall not confer, in respect of use of the invention within its territory, the right referred to in paragraph 1 until such time as the applicant, at his option, has:

(a) supplied a translation of the claims in one of its official languages to the competent authority of that State and the translation has been published in accordance with the law of that State; or

(b) communicated such a translation to the person using the invention within that State.

3. Any Contracting State referred to in paragraph 2 may prescribe that, where the applicant avails himself of the option provided for in subparagraph 2 (b), the right conferred by the application in respect of use of the invention within the territory of the State concerned may be invoked only if the applicant supplies a copy of the translation to the competent authority of that State within 15 days after it has been communicated to the person using the invention within that State. The Contracting State may prescribe that the authority shall publish the translation, in accordance with the law of that State.

4. Any Contracting State which adopts a provision under paragraph 2 may prescribe that, where the translation of the claims is defective, any person who, in that State, has used or made effective and serious preparations for using the invention the use of which would not constitute infringement of the application in the original translation of the claims shall be liable for reasonable compensation in accordance with paragraph 1 only from the moment when the corrected translation of the claims has been published or has been received by him, unless it is established that he did not act in good faith, in which case he shall be liable for reasonable compensation in accordance with paragraph 1 from the moment when the requirements of paragraph 2 were fulfilled.

Article 33

Effect of revocation of the Community patent

1. A European patent application in which the Contracting States are designated and the resulting Community patent shall be deemed not to have had, as from

the outset, the effects specified in this Chapter, to the extent that the patent has been revoked.

2. Subject to the national provisions relating either to claims for compensation for damage caused by negligence or lack of good faith on the part of the proprietor of the patent, or to unjust enrichment, the retroactive effect of the revocation of the patent as a result of opposition or revocation proceedings shall not effect:

(a) any decision on infringement which has acquired the authority of a final decision and been enforced prior to the revocation decision;

(b) any contract concluded prior to the revocation decision, in so far as it has been performed before that decision; however, repayment, to an extent justified by the circumstances, of sums paid under the relevant contract, may be claimed on grounds of equity.

Article 34

Complementary application of national law regarding infringement

1. The effects of a Community patent shall be governed solely by the provisions of this Convention. In other respects, infringement of a Community patent shall be governed by the

national law relating to infringement of a national patent, in accordance with and subject to the provisions of the Protocol on Litigation.

2. Paragraph 1 shall apply mutatis mutandis to a European patent application which may result in the grant of a Community patent.

Article 35

Burden of proof

1. If the subject-matter of a Community patent is a process for obtaining a new product, the same product when produced by any other party shall, in the absence of proof to the contrary, be deemed to have been obtained by the patented process.

2. In the adduction of proof to the contrary, the legitimate interests of the defendant in protecting his manufacturing and business secrets shall be taken into account.

CHAPTER III

NATIONAL RIGHTS

Article 36

National prior right

1. With regard to a Community patent having a date of filing or, where priority has been claimed, a date of priority

later than that of a national patent application or national patent made public in a Contracting State on or after that date, the national patent application or patent shall, for that Contracting State, have the same prior right effect as a published European patent application designating that Contracting State.

2. If, in a Contracting State, a national patent application or patent, which is unpublished by reason of the national law of that State concerning the secrecy of inventions, has a prior right effect with regard to a national patent in that State having a later date of filing, or where priority has been claimed a later date of priority, the same shall apply in that State with regard to a Community patent.

Article 37

Right based on prior use and right of personal possession

1. Any person who, if a national patent had been granted in respect of an invention, would have had, in one of the Contracting States, a right based on prior use of that invention or a right of personal possession of that invention, shall enjoy, in that State, the same rights in respect of a Community patent for the same invention.

2. The rights conferred by a Community patent shall not extend to acts concerning a product covered by that patent which are done within the territory of the State concerned after that product has been put on the market in that State by the person referred to in paragraph 1, in so far as the national law of that State makes provision to the same effect in respect of national patents.

CHAPTER IV

THE COMMUNITY PATENT AS AN OBJECT OF

PROPERTY

Article 38

Dealing with the Community patent as a national patent

1. Unless otherwise specified in this Convention, a Community patent as an object of property shall be dealt with in its entirety, and for the whole of the territories in which it is effective, as a national patent of the Contracting State in which, according to the Register of European Patents provided for in the European Patent Convention:

(a) the applicant for the patent had his residence or principal place of business on the date of filing of the European patent application;

(b) where subparagraph (a) does not apply, the applicant had a place of business on that date; or

(c) where neither subparagraph (a) nor subparagraph (b) applies, the applicant's representative

whose name is entered first in the Register of European Patents had his place of business on the date of that entry.

2. Where subparagraphs (a), (b) and (c) of paragraph 1 do not apply, the Contracting State referred to in that paragraph shall be the Federal Republic of Germany.

3. If two or more persons are mentioned in the Register of European Patents as joint applicants, paragraph 1 shall apply to the joint applicant first mentioned; if this is not possible, it shall apply to the joint applicant next mentioned in respect of whom it is applicable. Where paragraph 1 does not apply to any of the joint applicants, paragraph 2 shall apply.

4. If in a Contracting State as determined by the preceding paragraphs a right in respect of a national patent is effective only after entry in the national patent register, such a right in respect of a Community patent shall be effective only after entry in the Register of Community Patents.

Article 39

Transfer

1. An assignment of a Community patent shall be made in writing and shall require the signature of the parties to the contract, except when it is a result of a judgment.

2. Subject to Article 24 (1) a transfer shall not affect rights acquired by third parties before the date of transfer.

3. A transfer shall, to the extent to which it is verified by the papers referred to in the Implementing Regulations, only have effect vis-à-vis third parties after entry in the Register of Community Patents. Nevertheless, a transfer, before it is so entered, shall have effect vis-à-vis third parties who have acquired rights after the date of the transfer but who knew of the transfer at the date on which the rights were acquired.

Article 40

Enforcement proceedings

The courts and other authorities of the Contracting State determined in accordance with Article 38 shall have exclusive jurisdiction in respect of proceedings relating to judgments or other official acts in so far as they are being enforced against Community patents.

Article 41

Bankruptcy or like proceedings

1. Until such time as common rules for the Contracting States in this field enter into force, the only Contracting State

in which a Community patent may be involved in bankruptcy or like proceedings shall be that in which such proceedings are opened first.

2. Paragraph 1 shall apply mutatis mutandis in the case of joint proprietorship of a Community patent to the share of the joint proprietor.

Article 42

Contractual licensing

1. A Community patent may be licensed in whole or in part for the whole or part of the territories in which it is effective. A licence may be exclusive or non-exclusive.

2. The rights conferred by the Community patent may be invoked against a licensee who contravenes any restriction in his licence which is covered by paragraph 1.

3. Article 39 (2) and (3) shall apply mutatis mutandis to the grant or transfer of a licence in respect of a Community patent.

Article 43

Licences of right

1. Where the proprietor of a Community patent files a written statement with the European Patent Office that he is prepared to allow any person to use the invention as a licensee in return for appropriate compensation, the renewal fees for the Community patent which fall due after receipt of the statement shall be reduced; the amount of the reduction shall be fixed in the rules relating to fees. Where there is a complete change of proprietorship of the patent as a result of

legal proceedings under Article 23, the statement shall be deemed withdrawn upon the entry of the name of the person entitled to the patent in the Register of Community Patents.

2. The statement may be withdrawn at any time upon written notification to this effect to the European Patent Office, provided that no-one has informed the proprietor of the patent of his intention to use the invention. Such withdrawal shall take effect from the date of its notification. The amount by which the renewal fees were reduced shall be paid within one month after withdrawal; Article 48 (2) shall apply, but the six-month period shall start upon expiry of the above period.

3. The statement may not be filed while an exclusive licence is recorded in the Register of Community Patents or a request for the recording of such a licence is before the European Patent Office.

4. On the basis of the statement, any person shall be entitled to use the invention as a licensee under the conditions laid down in the Implementing Regulations. A licence so obtained shall, for the purposes of this Convention, be treated as a contractual licence.

5. On written request by one of the parties, a Revocation Division shall determine the appropriate compensation or review it if circumstances have arisen or become known which render the compensation determined obviously inappropriate. The provisions governing revocation proceedings shall apply mutatis mutandis, unless they are inapplicable as a result of the particular nature of revocation proceedings. The request shall not be deemed to have been made until such time as an administrative fee has been paid.

6. N° request for recording an exclusive licence in the Register of Community Patents shall be admissible after the statement has been filed, unless it is withdrawn or deemed withdrawn.

Article 44

The European patent application as an object of property

1. Articles 38 to 42 shall apply mutatis mutandis to a European patent application in which the Contracting States are designated, the reference to the Register of Community Patents being understood as referring to the Register of European Patents provided for in the European Patent Convention.

2. The rights acquired by third parties in respect of a European patent application referred to in paragraph 1 shall continue to be effective with regard to the Community patent granted upon that application.

CHAPTER V

COMPULSORY LICENCES IN RESPECT OF A

COMMUNITY PATENT

Article 45

Compulsory licences

1. Any provision in the law of a Contracting State for the grant of compulsory licences in respect of national patents

shall be applicable to Community patents. The extent and effect of compulsory licences granted in respect of Community patents shall be restricted to the territory of the State concerned. Article 28 shall not apply.

2. Each Contracting State shall, at least in respect of compensation under a compulsory licence, provide for a final appeal to a court of law.

3. As far as practicable national authorities shall notify the European Patent Office of the grant of any compulsory licence in respect of a Community patent.

4. For the purposes of this Convention, the term 'compulsory licences' shall be construed as including official licences and any right to use patented inventions in the public interest.

Article 46

Compulsory licences for lack or insufficiency of

exploitation

A compulsory licence may not be granted in respect of a Community patent on the ground of lack

or insufficiency of exploitation if the product covered by the patent, which is manufactured in a Contracting State, is put on the market in the territory of any other Contracting State, for which such a licence has been requested, in sufficient quantity to satisfy needs in the territory of that other Contracting State. This provision shall not apply to compulsory licences granted in the public interest.

Article 47

Compulsory licences in respect of dependent patents

Any provisions in the law of a Contracting State for the grant of compulsory licences in respect of earlier patents in favour of subsequent dependent patents shall be applicable to the relationship between Community patents and national patents and to the relationship between Community patents themselves.

PART III

RENEWAL, LAPSE, LIMITATION AND REVOCATION OF THE COMMUNITY PATENT

CHAPTER I

RENEWAL AND LAPSE

Article 48

Renewal fees

1. Renewal fees in respect of Community patents shall be paid to the European Patent Office in accordance with the

Implementing Regulations. These fees shall be due in respect of the years following the year referred to in Article 86 (4) of the European Patent Convention, provided that no renewal fees shall be due in respect of the first two years, calculated from the date of filing of the application.

2. When a renewal fee has not been paid on or before the due date, the fee may be validly paid within six months of that date, provided that the additional fee is paid at the same time.

3. Any renewal fee in respect of a Community patent falling due within two months after the publication of the mention of the grant of the European patent shall be deemed to have been validly paid if it is paid within that period. N° additional fee shall be charged.

Article 49

Surrender

1. A Community patent may be surrendered only in its entirety.

2. Surrender must be declared in writing to the European Patent Office by the proprietor of the patent. It shall not have effect until it is entered in the Register of Community Patents.

3. Surrender will be entered in the Register of Community Patents only with the agreement of any third party who has a right in rem recorded in the Register or in respect of whom there is an entry in the Register pursuant to Article 23 (4), first sentence. If a licence is recorded in the Register, surrender will be entered only if the proprietor of the patent proves that he has previously informed the licensee of his intention to surrender; this entry will be made on expiry of the period laid down in the Implementing Regulations.

Article 50

Lapse

1. A Community patent shall lapse:

(a) at the end of the term laid down in Article 63 of the European Patent Convention;

(b) if the proprietor of the patent surrenders it in accordance with Article 49;

(c) if a renewal fee and any additional fee have not been paid in due time.

2. The Community patent shall lapse on the date mentioned in Article 53 (4) to the extent that it is not maintained.

3. The lapse of a patent for failure to pay a renewal fee and any additional fee within the due period shall be deemed to have occurred on the date on which the renewal fee was due.

4. The lapse of a Community patent shall, if necessary, be decided by the Patent Administration

Division or, if proceedings in respect of that patent are pending before it, a Revocation Division.

CHAPTER II

LIMITATION PROCEDURE

Article 51

Request for limitation

1. At the request of the proprietor, a Community patent may be limited in the form of an amendment to the claims, the description or the drawings. Limitation in respect of one or some of the Contracting States may be requested only where Article 36 (1) applies.

2. The request may not be filed during the period within which an opposition may be filed or while opposition proceedings or revocation proceedings are pending.

3. The request shall be filed in writing with the European Patent Office. It shall not be deemed to have been filed until the fee for limitation has been paid.

4. Article 49 (3) shall apply mutatis mutandis to the filing of the request.

5. Where an application for revocation of the Community patent is filed during limitation proceedings, the Revocation Division shall stay the limitation proceedings until a final decision is given in respect of the application for revocation.

Article 52

Examination of the request

1. The Revocation Division shall examine whether the grounds for revocation mentioned in Article 56 (1) (a) to (d) would prejudice the maintenance of the Community patent as amended.

2. In the examination of the request, which shall

be conducted in accordance with the Implementing Regulations, the Revocation Division shall invite the proprietor of the patent, as often as necessary, to file observations, within a period to be fixed by the Revocation Division, on communications issued by itself.

3. If the proprietor of the patent fails to reply in due time to any invitation under paragraph 2, the request shall be deemed to be withdrawn.

Article 53

Rejection of the request or limitation of the Community patent

1. If, following the examination provided for in Article 52, the Revocation Division is of the opinion that the amendments are not acceptable, it shall reject the request.

2. If the Revocation Division is of the opinion that, taking into consideration the amendments made by the proprietor of the patent during the limitation proceedings, the grounds for revocation mentioned in Article 56 do not prejudice the maintenance of the Community patent, it shall decide to limit the patent accordingly, provided that:

(a) it is established, in accordance with the Implementing Regulations, that the proprietor of the patent approves the text in which the Revocation Division intends to limit the patent;

(b) a translation of all amendments to the patent specification in one of the official languages of each of the Contracting States which does not have as an official language the language of the proceedings is filed within the time limit prescribed in the Implementing Regulations;

(c) the fee for the printing of a new specification is paid within the time limit prescribed in the Implementing Regulations.

3. If a translation is not filed in due time or if the fee for the printing of a new specification is not paid in due time, the request shall be deemed to be withdrawn, unless these acts are done and the additional fee is paid within a further period as prescribed in the Implementing Regulations.

4. The decision to limit a Community patent shall not take effect until the date on which the Community Patent Bulletin mentions the limitation.

Article 54

Publication of a new specification following limitation proceedings

If a Community patent is limited under Article 53 (2) the European Patent Office shall, at the

same time as it publishes the mention of the decision to limit, publish a new specification of the Community patent containing the description, the claims and any drawings, in the amended form. Article 30 (3) and (4) shall apply mutatis mutandis.

CHAPTER III

REVOCATION PROCEDURE

Article 55

Application for revocation

1. Any person may file with the European Patent Office an application for revocation of a Community patent; however, in the case specified in Article 56 (1) (e) the

application may be filed only by a person entitled to be entered in the Register of Community Patents as the sole proprietor of the patent or by all the persons entitled to be entered as joint proprietors of it in accordance with Article 23 acting jointly.

2. The application may not be filed in the cases specified in Article 56 (1) (a) to (d) during the period within which an opposition may be filed or while opposition proceedings are pending.

3. An application may be filed even if the Community patent has lapsed.

4. The application shall be filed in a written reasoned statement. It shall not be deemed to have been filed until the revocation fee has been paid.

5. Applicants shall be parties to the revocation proceedings as well as the proprietor of the patent.

6. If the applicant has neither his residence nor his principal place of business within the territory of one of the Contracting States, he shall, at the request of the proprietor of the patent, furnish security for the costs of the proceedings. The Revocation Division shall fix at a reasonable figure the amount of the security and the period within which it must be deposited. If the security is not deposited within the period specified, the application shall be deemed to be withdrawn.

Article 56

Grounds for revocation

1. An application for revocation of a Community patent may be filed only on the grounds that:

(a) the subject-matter of the patent is not patentable within the terms of Articles 52 to 57 of the European Patent Convention;

(b) the patent does not disclose the invention in a manner sufficiently clear and complete for it to be carried out by a person skilled in the art;

(c) the subject-matter of the patent extends beyond the content of the European patent application as filed, or,

if the patent was granted on a European divisional application or on a new European application filed in accordance with Article 61 of the European Patent Convention, beyond the content of the earlier application as filed;

(d) the protection conferred by the patent has been extended;

(e)

the proprietor of the patent is not, having regard to

a decision which has to be recognized in all the Contracting States, entitled under Article 60 (1) of the European Patent Convention;

(f)

the subject-matter of the patent is not patentable within the terms of Article 36 (1).

2. If the grounds for revocation affect the patent only partially, revocation shall be pronounced in the form of a corresponding limitation of the patent. The limitation may be effected in the form of an amendment to the claims, the description or the drawings.

3. In the case specified in paragraph 1 (f), revocation shall be pronounced only in respect of the Contracting State in which the national patent application or national patent has been made public.

Article 57

Examination of the application

1. If the application for revocation of the Community patent is admissible, the Revocation Division shall examine whether the grounds for revocation mentioned in Article 56 prejudice the maintenance of the patent.

2. In the examination of the application, which shall be conducted in accordance with the Implementing Regulations, the Revocation Division shall invite the parties, as often as necessary, to file observations, within a period to be fixed by the Revocation Division, on communications from another party or issued by itself.

Article 58

Revocation or maintenance of the Community patent

1. If the Revocation Division is of the opinion that the grounds for revocation mentioned in Article 56 prejudice the maintenance of the Community patent, it shall revoke the patent.

2. If the Revocation Division is of the opinion that the grounds for revocation mentioned in Article 56 do not prejudice the maintenance of the patent unamended, it shall reject the application.

3. If the Revocation Division is of the opinion that, taking into consideration the amendments made by the proprietor of the patent during the revocation proceedings, the grounds for revocation mentioned in Article 56 do not prejudice the maintenance of the patent, it shall decide to maintain the patent as amended, provided that:

(a) it is established, in accordance with the Implementing Regulations, that the proprietor of the patent approves the text in which the Revocation Division intends to maintain the patent;

(b) a translation of all amendments to the patent specification in one of the official languages of each of

the Contracting States which does not have as an official language the language of the proceedings is filed within the time limit prescribed in the Implementing Regulations;

(c) the fee for the printing of a new specification is paid within the time limit prescribed in the Implementing Regulations.

4. If a translation is not filed in due time or if the fee for the printing of a new specification is not paid in due time, the patent shall be revoked, unless these acts are done and the additional fee is paid within a further period as prescribed in the Implementing Regulations.

Article 59

Publication of a new specification following revocation

proceedings

If a Community patent is amended under Article 58 (3) the European Patent Office shall, at the same time as it publishes the mention of the decision on the application for revocation, publish a new specification of the Community patent containing the description, the claims and any drawings, in the amended form. Article 30 (3) and (4) shall apply mutatis mutandis.

Article 60

Costs

1. Each party to revocation proceedings shall meet the costs he has incurred unless a decision of a Revocation Division in accordance with the Implementing Regulations or of the Common Appeal Court in accordance with its Rules of Procedure, for reasons of equity, orders a different apportionment of costs incurred during taking of evidence or in oral proceedings. A decision on the apportionment of the costs may also be taken on request when the application for revocation is withdrawn or when the Community patent lapses.

2. On request, the registry of the Revocation Division shall fix the amount of the costs to be paid under a dicision apportioning them. The fixing of the costs by the registry may be reviewed by a decision of the Revocation Division on a request filed within the period laid down in the Implementing Regulations.

3. Article 104 (3) of the European Patent Convention shall apply mutatis mutandis.

PART IV

APPEALS PROCEDURE

Article 61

Appeal

1. An appeal shall lie from decisions of the Revocation Division and the Patent Administration Division.

2. Articles 106 to 109 of the European Patent Convention shall apply mutatis mutandis to this appeals procedure in so far as the Rules of Procedure of the Common Appeal Court or the Rules relating to Fees do not provide otherwise.

PART V

COMMON PROVISIONS

Article 62

Common provisions governing procedure and

representation

1. The provisions of Part VII, Chapters I and III, of the European Patent Convention, other than Article 124, shall apply mutatis mutandis to this Convention, subject to the following:

(a) Article 114 (1) shall apply only to the Revocation Divisions;

(b) Article 116 (2) and (3) shall apply only to the Patent Administration Division, and paragraph 4 shall apply only to the Revocation Divisions;

(c) Article 122 shall also apply to all other parties to proceedings before the special departments;

(d) Article 123 (3) shall apply to limitation and revocation proceedings before the Revocation Divisions;

(e) the term 'Contracting States' shall be understood as meaning the States parties to this Convention.

2. Notwithstanding paragraph 1 (e), a person whose name appears on the list of professional representatives maintained by the European Patent Office who is not a national of one of the States parties to this Convention or does not have his place of business or employment within the territory of one of these States, shall be entitled to act

as a professional representative for a party to proceedings relating to a Community patent before the special departments, provided that:

(a) he was, according to the Register of European Patents, the person last authorized to act as the professional representative for the same party or his predecessor in title in proceedings pursuant to the European Patent Convention which relate to this Community patent or to the European patent application on which it is based; and

(b) the State of which he is a national or within the territory of which he has his place of business or employment applies rules, as regards representation before the central industrial property office of the State concerned, which comply, in respect of reciprocity, with such conditions as the Select Committee of the Administrative Council may prescribe.

Article 63

Register of Community Patents

The European Patent Office shall keep a register, to be known as the Register of Community Patents, which shall contain those particulars the registration of which is provided for by this Convention. The Register shall be open to public inspection.

Article 64

Community Patent Bulletin

The European Patent Office shall periodically publish a Community Patent Bulletin containing entries made in the Register of Community Patents, as well as other particulars, the publication of which is prescribed by this Convention.

Article 65

Information to the public or official authorities

Articles 128 (4) and 130 to 132 of the European Patent Convention shall apply mutatis mutandis, the term 'Contracting States' being understood as meaning the States parties to this Convention.

PART VI

JURISDICTION AND PROCEDURE IN ACTIONS RELATING TO COMMUNITY

PATENTS OTHER THAN THOSE GOVERNED BY THE PROTOCOL ON LITIGATION

CHAPTER I

JURISDICTION AND ENFORCEMENT

Article 66

General provisions

Unless otherwise specified in this Convention, the Convention on Jurisdiction and Enforcement of Judgments in Civil and Commercial Matters, signed at Brussels on 27 September 1968, as amended by the Conventions on the Accession to that Convention of the States acceding to the European Communities, the whole of which Convention and of which Conventions of Accession are hereinafter referred to as the 'Convention on Jurisdiction and Enforcement', shall apply to actions relating to Community patents, other than those to which the Protocol on Litigation applies, and to decisions given in respect of such actions.

Article 67

Jurisdiction of national courts concerning actions relating to Community patents

The following courts shall have exclusive jurisdiction:

(a) in actions relating to compulsory licences in respect of a Community patent, the courts of the Contracting State the national law of which is applicable to the licence;

(b) in actions relating to the right to a patent in which an employer and an employee are in dispute, the courts of the Contracting State under whose law the right to a European patent is determined in accordance with Article 60 (1), second sentence, of the European Patent Convention. Any agreement conferring jurisdiction shall be valid only in so far as the national law governing the contract of employment allows the agreement in question.

Article 68

Supplementary provisions on jurisdiction

1. Within the Contracting State whose courts have jurisdiction under Articles 66 and 67, those courts shall have jurisdiction which would have jurisdiction ratione loci and ratione materiae in the case of actions relating to a national patent granted in that State.

2. Articles 66 and 67 shall apply to actions relating to a European patent application in which the Contracting States are designated, except in so far as the right to the grant of a European patent is claimed.

3. Actions relating to a Community patent for which no court has jurisdiction under Articles 66 and 67 and paragraphs 1 and 2 may be heard before the courts of the Federal Republic of Germany.

Article 69

Supplementary provisions on recognition and enforcement

1. Article 27 (3) and (4) of the Convention on Jurisdiction and Enforcement shall not apply to decisions relating to the right to the Community patent.

2. In the case of irreconcilable decisions relating to the right to a Community patent given in proceedings between the same parties, only the decision of the court first seised of the matter shall be recognized. Neither party may invoke any other decision even in the Contracting State in which it was given.

Article 70

National authorities

For actions relating to the right to a Community patent or to compulsory licences in respect of a Community patent the term 'courts' in this Convention and the Convention on Jurisdiction and Enforcement shall include authorities which, under the national law of a Contracting State, have

jurisdiction to decide such actions relating to a national patent granted in that State. The Contracting State concerned shall notify the European Patent Office of any authority on which such jurisdiction is conferred and the European Patent Office shall inform the other Contracting States accordingly.

CHAPTER II

PROCEDURE

Article 71

Rules of procedure

Unless otherwise specified in this Convention, the actions referred to in Articles 66 to 68 shall be subject to the national rules of procedure governing the same type of action relating to a national patent.

Article 72

Obligation of the national court

A national court which is dealing with an action relating to a Community patent, other than the actions governed by the Protocol on Litigation, shall treat the patent as valid.

Article 73

Stay of proceedings

1. If the decision in an action before a national court relating to a European patent application which may result in the grant of a Community patent, other than an action governed by the Protocol on Litigation, depends upon the patentability of the invention, that decision may be given only after the European Patent Office has granted a Community patent or refused the European patent application. Paragraph 2 shall apply after the grant of the Community patent.

2. Where an opposition has been filed or a request for the limitation or an application for the revocation of a Community patent has been made, the national court may, at the request of one of the parties and after hearing the other parties, stay proceedings relating to the Community patent, in so far as its decision depends upon validity. At the request of one of the parties the court shall instruct that the documentary evidence of the opposition, limitation or revocation proceedings be communicated to it, in order to give a ruling on the request for a stay of proceedings.

Article 74

Penal sanctions for infringement

The national penal provisions in the matter of infringement shall be applicable in the case of infringement of a Community patent, to the extent that like acts of infringement would be punishable if they similarly affected a national patent.

PART VII

IMPACT ON NATIONAL LAW

Article 75

Prohibition of simultaneous protection

1. Where a national patent granted in a Contracting State relates to an invention for which a Community patent has been granted to the same inventor or to his successor in title with the same date of filing, or, if priority has been claimed, with the same date of priority, that national patent shall be ineffective to the extent that it covers the same invention as the Community patent, from the date on which:

(a) the period for filing an opposition to the Community patent has expired without any opposition being filed;

(b) the opposition proceedings are concluded with a decision to maintain the Community patent; or

(c) the national patent is granted, where this date is subsequent to the date referred to in subparagraph (a) or (b), as the case may be.

2. The subsequent lapse or revocation of the Community patent shall not affect the provisions of

paragraph 1.

3. Each Contracting State may prescribe the procedure whereby the loss of effect of the national patent is determined and, where appropriate, the extent of that loss. It may also prescribe that the loss of effect shall apply as from the outset.

4. Prior to the date applicable under paragraph 1, simultaneous protection by a Community patent or a European patent application and a national patent or a national patent application shall exist unless any Contracting State provides otherwise.

Article 76

Exhaustion of the rights conferred by a national patent

1. The rights conferred by a national patent in a Contracting State shall not extend to acts concerning a product covered by that patent which are done within the territory of that Contracting State after that product has been put on the market in any Contracting State by the proprietor of the patent or with his express consent, unless there are grounds which, under Community law, would justify the extension to such acts of the rights conferred by the patent.

2. Paragraph 1 shall also apply with regard to a product put on the market by the proprietor of a national patent, granted for the same invention in another Contracting State, who has economic connections with the proprietor of the patent referred to in paragraph 1. For the purpose of this paragraph, two persons shall be deemed to have economic connections where one of them is in a position to exert a decisive influence on the other, directly or indirectly, with regard to the exploitation of a patent, or where a third party is in a position to exercise such an influence on both persons.

3. The preceding paragraph shall not apply in the case of a product put on the market under a compulsory licence.

Article 77

Compulsory licences in respect of national patents

Article 46 shall apply mutatis mutandis to the grant of compulsory licences for lack or insufficiency of exploitation of a national patent.

Article 78

Effect of unpublished national applications or patents

1. Where Article 36 (2) applies, the Community patent shall be ineffective in the Contracting State concerned to the extent that it covers the same invention as the national patent application or patent.

2. The procedure confirming that, pursuant to paragraph 1, the Community patent is ineffective in the Contracting State shall, in that State, be that according to which, if the Community patent had been a national patent, it could have been revoked or made ineffective.

Article 79

National utility models and utility certificates

1. Articles 36, 75 and 76 shall apply to utility models and utility certificates and to applications for utility models and utility certificates in the Contracting States whose laws make provision for such models or certificates.

2. If a Contracting State provides in its law that a person may not exercise the rights conferred by a patent so long as there exists a utility model having an earlier date of filing or, where priority has been claimed an earlier date of priority, the same shall, notwithstanding paragraph 1, apply also to the Community patent in that State.

PART VIII

TRANSITIONAL PROVISIONS

Article 80

Application of the Convention on Jurisdiction and

Enforcement

The provisions of the Convention on Jurisdiction and Enforcement rendered applicable by the

preceding Articles shall not have effect in respect of any Contracting State for which that Convention has not yet entered into force until such entry into force.

Article 81

Option between a Community patent and a European

patent

1. This Convention shall, subject to paragraph 3, not apply to a European patent application filed during a transitional period nor to any resulting European patent provided that, within the time limit prescribed in the Implementing Regulations, the applicant files with the European Patent Office a statement indicating that he does not wish to obtain a Community patent and identifying the Contracting States the designation of which is to be maintained. The statement shall not be deemed to be filed until after the prescribed fees have been paid. The statement may not be withdrawn.

2. Article 54 (3) and (4) of the European Patent Convention shall apply where a European patent application in which the Contracting States are designated or a

Community patent has a date of filing or, where priority has been claimed, a date of priority later than that of a European patent application in which one or some of the Contracting States are designated. In the event of limitation or revocation of the Community patent on this ground, limitation or revocation shall be pronounced only in respect of the Contracting States designated in the earlier European patent application as published.

3. Articles 75 to 77 and 79 shall apply to a European patent as referred to in paragraph 1, the references in Articles 75 and 79 to a Community patent and the references in Articles 76 and 77 to a national patent being understood as references to such a European patent.

4. The transitional period referred to in paragraph 1 may be terminated by decision of the Council of the European Communities, acting on a proposal from the Commission of the European Communities or from a Contracting State.

5. The decision referred to in paragraph 4 shall require unanimity.

Article 82

Subsequent choice of a Community patent

This Convention shall apply to a European patent granted in respect of a European patent application in which all the

Contracting States are designated and which is filed prior to the entry into force of this Convention, provided that prior to the expiry of the time limit mentioned in Article 97 (2) (b) of the European Patent Convention the applicant files with the European Patent Office a written statement that he wishes to obtain a Community patent.

Article 83

Reservation in respect of compulsory licences

1. Any signatory State may, at the time of signature or when depositing its instrument of ratification, declare that it reserves the right to provide that Articles 46 and 77 shall not apply within its territory to Community patents or to European patents granted for, or to national patents granted by, that State.

2. Any reservation made by a signatory State under paragraph 1 shall have effect until the end of the 10th

year at the latest after the entry into force of the Agreement relating to Community Patents. However, the Council of the European Communities may, acting by a qualified majority on a proposal from a signatory State, extend the period in respect of a signatory State making such a reservation by not more than five years. This majority shall be that specified in the second indent of the second subparagraph of Article 148 (2) of the Treaty establishing the European Economic Community.

3. Any reservation made under paragraph 1 shall cease to apply when common rules on the granting of compulsory

licences in respect of Community patents have become operative.

4. Any signatory State that has made a reservation under paragraph 1 may withdraw it at any time. Such withdrawal shall be made by notification addressed to the Secretary-General of the Council of the European Communities and shall take effect one month from the date of receipt of such notification.

5. Termination of the effect of the reservation shall not affect compulsory licences granted before the date on which the reservation ceased to have effect.

Article 84

Other transitional provisions

1. Articles 159, 161 and 163 of the European Patent Convention shall apply mutatis mutandis, subject to the following:

(a) the first meeting of the Select Committee of the Administrative Council shall be on the invitation of the Secretary-General of the Council of the European Communities;

(b) the term 'Contracting State' shall be understood as meaning the States parties to this Convention.

2. Notwithstanding paragraph 1 (b), Article 62 (2) shall apply.

PART IX

FINAL PROVISIONS

Article 85

Implementing Regulations

1. The Implementing Regulations shall be an integral part of this Convention.

2. In the case of conflict between the provisions of this Convention and those of the Implementing Regulations, the provisions of this Convention shall prevail.