1  [COUNSEL LISTED ON SIGNATURE PAGES]

2
3
4
5
6
7
8

9                        UNITED STATES DISTRICT COURT
10                       NORTHERN DISTRICT OF CALIFORNIA
11                              SAN JOSE DIVISION
12
13

14  | APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK |
15  | Plaintiff, | **APPLE'S STATEMENT IDENTIFYING THE CLAIMS IT WILL ASSERT AT TRIAL** |
16  | v. | |
17  | SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
18  | | |
19  | | |
20  | | |
21  | Defendants. | |

22
23
24
25
26
27
28

Pursuant to the Court's instructions at the May 2, 2012 Case Management Conference and the minute order received today, Apple submits this statement identifying the claims it will assert at trial.

## I.   APPLE'S POSITION

Samsung's infringing conduct imposes massive, continuing harm on Apple.  This Court has already found that Samsung is likely infringing valid design and utility patents (Dkt. No. 452 at 27, 55-56), and that Samsung's sales of the accused phones and tablets are causing Apple irrecoverably to lose market share and customers (*Id*. at 31-32, 48-49.)  In order to preserve its July 30 trial date, Apple is prepared to limit its offensive intellectual property claims to four (4) utility patent claims, and design rights in its iPhone and iPad — as further set out herein.  These specific claims were chosen because they present unitary themes that should be easy for the jury to understand and evaluate.

### 1.   The Case Is Ready for Trial

The parties have concluded extensive discovery on the full range of issues raised by their respective claims.  The resulting evidence confirms the merit of Apple's claims.  This evidence came to light even though Samsung has repeatedly impeded Apple's discovery efforts.[1]

While the parties have been readying the case for trial Samsung has vaulted into first place in worldwide sales of smartphones, with massive sales of its copycat products. (http://www.washingtonpost.com/business/industries/samsung-electronics-reports-record-profit-on-strong-smartphone-sales/2012/04/26/gIQAraz0jT_story.html.)  Samsung's infringement of Apple's intellectual property has already resulted in damages that reach billions of dollars.  At trial Apple will seek to recover those losses and to obtain adequate injunctive relief to prevent further losses.  It is critical to Apple to start trial on July 30, to put an end to Samsung's continuing infringement.

### 2.   Apple Proposes to Narrow its Case on Apple-Asserted Patents

To preserve the July 30 trial date, Apple is willing to narrow the case on its patents for

---

[1] Samsung has already been sanctioned for disobeying three separate court orders. Apple's motion concerning spoliation of evidence is pending.

jury trial to four utility patent claims and a small set of design-related claims:

- Infringement of U.S. Patent No. 7,469,381 (rubber banding)—claim 19
- Infringement of U.S. Patent No. 7,844,915 (scroll v. gesture)—claim 8
- Infringement of U.S. Patent No. 7,663,607 (multipoint touchscreen)—claim 8
- Infringement of U.S. Patent No. 7,864,163 (tap to zoom and navigate)—claim 50
- Imitation of the iPhone design, as protected by:
    - U.S. Patent Nos. D618,677, D593,087, D617,334, and D604,305 (iPhone body-style & icon layout design patents [Apple will drop one more of these designs after related motions have been decided])
    - The iPhone trade dress (based on the trade dress Registration No. 3,470,983, the unregistered combination iPhone trade dress, and the unregistered iPhone 3G trade dress [to further narrow the case, Apple is prepared to go to a jury trial on only dilution of the iPhone trade dress])
- Imitation of the iPad design, as protected by:
    - U.S. Patent No. D504,889 (tablet body-style design patent)
    - The iPad trade dress (based on unregistered iPad/iPad 2 trade dress)

This proposal represents a significant reduction in the scope of Apple's jury trial case from that set forth in the May 1 Joint Case Management Statement, which was itself a dramatic narrowing of Apple's original case. The Court should allow Apple to proceed to a jury trial on July 30 under this proposal, for several reasons.

First, the scope of Apple's streamlined case is well within the parameters established by decisions limiting the number of claims that may be asserted at trial. *See, e.g.*, *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1301-12 (Fed. Cir. 2011) (approving limit of 64 claims); *Gen-Probe Inc. v. Becton Dickinson and Co.*, 2012 U.S. Dist. LEXIS 21744, at *9 (S.D. Cal. Feb. 22, 2012) (limiting number of claims at trial to 30); *Oasis Research, LLC v. Adrive, LLC*, 2011 U.S. Dist. LEXIS 153466, at *10 (E.D. Tex. Sept. 13, 2011) (limiting number of claims at trial to 31).

1     Second, the remaining patents in Apple's jury case have been chosen so that they can be
2  presented quickly and clearly to a jury.  The four remaining utility patents all relate to Apple's
3  unique multi-touch functions.  Three of them relate to simple gestures that jurors will readily
4  understand from seeing an iPhone in operation, and the fourth reads only on Samsung's two tablet
5  products.  Moreover, these utility patents collectively read on just four versions of Samsung's
6  operating system software.  Thus, even though a larger number of phones infringes those patents,
7  only four "accused software versions" need be presented to and analyzed by the jury, because
8  they are run on all the accused products.  In addition, the Court has construed key terms in two of
9  the utility patents (the '381 and '915 Patents), obviating any need to address those claim
10 construction issues during trial.  (Dkt. No. 849 at 17-23, 38-42.)

11    The design-related claims—whether design patents or trade dress—are non-technical,
12 visual claims to the body-style and graphical user interface of the phones and tablets:



**D'677**     **D'087**        **D'334**        **D'305**[2]         **iPhone Trade Dress**



**D'889 Patent**            **iPad/iPad 2 Trade Dress**

---

[2] Apple will drop one of these designs from its jury trial case after related motions have been decided.

As this Court has observed, a trier of fact can "determine almost instinctively" whether an asserted design creates the same visual impression as the accused product. (Dkt. No. 452 at 18.) With narrowly focused utility patents and an instinctive design and trade dress case, Apple will be able expeditiously to present the case on its patents in a manner readily understandable by the jurors.

Third, the reasons why this Court granted Apple's motion to expedite the trial continue to hold true. With each passing day, Apple loses customers and revenue as a result of Samsung's infringement. In light of the market conditions in which Apple operates, any substantial delay in the trial date vitiates its case.

### 3. Options for Remaining Claims

Under today's proposal, Apple is willing to drop from its jury case all claims arising from three utility patents, two design patent claims, all infringement claims based on the iPhone trade dress (and any reliance on iPhone trade dress Registration No. 3,457,218), and six trademark claims. That proposal builds on Apple's previous proposal to drop from its jury case all claims arising from an additional utility patent, an additional design patent, one registered iPhone trade dress asset, two unregistered iPhone trade dress assets, and two registered trademarks. (Dkt. No. 893 at 1-3.)

These "dropped" claims remain ripe for trial and some should be tried. In particular, the utility patents Apple proposes to drop from its jury trial case (U.S. Patent No. 6,493,002 (status bar), U.S. Patent No. 7,920,129 (touchscreen shielding), U.S. Patent No. 7,812,828 (ellipse-fitting algorithms to interpret touches), and U.S. Patent No. 7,853,891 (timed window)) and Apple's icon-related trademarks are discrete assets that do not duplicate the assets remaining in Apple's jury trial case. Discovery on these claims is essentially complete. Accordingly, Apple requests that the Court consider a motion to bifurcate those claims and set them for a bench trial on the earliest possible date following a July 30, 2012 jury trial. If the Court is willing to entertain such a motion, Apple will waive its claims for damages as to those claims and seek solely injunctive relief.

In the alternative, if the Court is not willing to entertain a motion to bifurcate for Court trial, Apple requests that the Court dismiss without prejudice all claims based on patents, trade dress, and trademarks that Apple proposes to drop from its jury case.

### 4. Samsung Should be Required to Make a Correspondingly Substantial Reduction in the Scope of its Claims

Pursuant to the Court's direction, lead counsel met in person on Thursday afternoon to meet and confer over reduction proposals. On Saturday morning, May 5, 2012, Apple sent Samsung an initial version of its proposed reductions. Despite two requests, Samsung had not provided a substantive response as of 5:30 pm on Monday, May 6, 2012, the date this report was due. Consequently, Apple has been required to file this proposal without the benefit of knowing Samsung's position.

In light of Apple's concessions to resolve the Court's concerns regarding the breadth of material to be covered at trial, Apple respectfully requests that Samsung be held to the same standard if *its* case is to be tried to the jury beginning on July 30. Specifically, Samsung should be limited to not more than four utility patent claims, the same number Apple will be presenting to the jury. Obviously, Apple is not willing and should not be required to waive any right to a jury trial on claims and defenses that arise from Samsung's continued assertion of patents that

Samsung contends are essential to practice the UMTS telecommunication standard, including Apple's Twenty-Fifth through Twenty-Ninth Counterclaims in Reply.

Dated: May 7, 2012

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000


MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100


By:    */s/ Harold J. McElhinny*

   MORRISON & FOERSTER LLP
   Attorneys for Plaintiff and Counterclaim-Defendant
   APPLE INC.