Exhibit 1

## UNITED STATES INTERNATIONAL TRADE COMMISSION
### Washington, D.C.

| | |
|---|---|
| **In the Matter of**<br><br>**CERTAIN ELECTRONIC DEVICES WITH MULTI-TOUCH ENABLED TOUCHPADS AND TOUCHSCREENS** | **Inv. No. 337-TA-714** |
| **In the Matter of**<br><br>**CERTAIN WIRELESS COMMUNICATION DEVICES, PORTABLE MUSIC AND DATA PROCESSING DEVICES, COMPUTERS AND COMPONENTS THEREOF** | **Inv. No. 337-TA-745** |
| **In the Matter of**<br><br>**CERTAIN MOBILE DEVICES AND RELATED SOFTWARE** | **Inv. No. 337-TA-750** |
| **In the Matter of**<br><br>**CERTAIN PORTABLE ELECTRONIC DEVICES AND RELATED SOFTWARE** | **Inv. No. 337-TA-797** |

### RESPONSE OF THE OFFICE OF UNFAIR IMPORT INVESTIGATIONS TO APPLE'S MOTION TO PRODUCE CONFIDENTIAL INFORMATION IN DISTRICT COURT PROCEEDINGS

The Office of Unfair Import Investigations ("OUII") respectfully submits this response to the Motion Pursuant to Commission Protective Orders for Authorization to Produce Confidential Information in District Court Proceedings ("Motion"), filed by Apple, Inc. ("Apple") on April 26, 2012. Apple alleges that in a U.S. District Court proceeding between Apple and Samsung Electronics Co., Ltd. ("Samsung"), Apple has been ordered to produce various documents designated as "confidential business information" in four Commission Investigations: Inv. No.

-2-

337-TA-714; Inv. No. 337-TA-745; Inv. No. 337-TA-750; and Inv. No. 337-TA- 797.[1]  Apple

alleges that it has it has attempted to, but has been unable to, obtain consent from the parties to

those investigations to produce the requested documents.  Apple therefore seeks permission from

the Commission to produce the documents.  OUII recognizes that Apple is "between a rock and a

hard place" with respect to this issue.  Nevertheless, Section 337, by its terms, appears to

prohibit disclosing other entities' confidential information (i.e., confidential information of

entities other than Apple and Samsung) in the manner requested by Apple.  OUII therefore

opposes the motion.

     More specifically, Section 337 states that: "Information submitted to the Commission or

exchanged among the parties in connection with proceedings under this section which is

properly designated as confidential pursuant to Commission rules may not be disclosed (except

under a protective order issued under regulations of the Commission which authorizes limited

disclosure of such information) to any person (other than a person described in paragraph (2))

without the consent of the person submitting it."  19 U.S.C. § 1337(n)(1).  The exceptions in

Section 337(n)(2) do not apply to this situation (because the disclosure would not be to an

employee of the Commission, an employee of the U.S. government, or an employee of Customs

and Border Protection).  19 U.S.C. § 1337(n)(2).  Similarly, this situation does not fall into the

exception which authorizes the Commission to transmit the record of an investigation to U.S.

District Court in certain circumstances.  28 U.S.C. § 1659.  OUII is therefore of the view that

disclosure of the documents by Apple is not permitted by Section 337.

---

[1]      Inv. No. 337-TA-745 has been designated for non-participation by OUII under the the
Commission's Supplement to the Strategic Human Capital Plan 2009-2013 (issued Jan. 2011).
OUII is a party to the other three investigations.

-3-

Turning to the Protective Orders in place in the four investigations at issue, OUII is of the view that these Orders similarly do not authorize the relief sought by Apple.  Each of the Protective Orders states that "[i] the absence of written permission from the supplier or an order by the Commission or the administrative law judge, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person" other than those specifically listed in the Order (i.e., outside counsel and experts, Commission employees, etc.).  Inv. No. 337-TA-714, Order No. 2, ¶ 3 (April 26, 2010); Inv. No. 337-TA-745, Order No. 1, ¶ 3 (Nov. 3, 2010); Inv. No. 337-TA-750, Order No. 1, ¶ 3 (Nov. 30, 2010); Inv. No. 337-TA-797, Order No. 1, ¶ 3 (Aug. 12, 2011).  Moreover, two of the Protective Orders specifically state that "[i]nformation obtained pursuant to the Commission's protective order, however, may be produced to the district court under the district court protective order only with the consent of the suppliers of that information."  Inv. No. 337-TA-714, Order No. 2, ¶ 6; Inv. No. 337-TA-745, Order No. 1, ¶ 6.  Here, Apple has apparently been unable obtain the permission from all of the involved parties.  OUII is therefore of the view that the Protective Orders in the four investigations at issue do not allow disclosure of confidential business information from those investigations in the District Court proceeding.  *Cf. Viscofan S.A. v. United States Int'l Trade Comm'n,* 787 F.2d 544, 547-48(Fed. Cir. 1986) (describing Commission's refusal to declassify confidential information for use in a foreign court proceeding, noting the Commission's statement that "'[e]vidence in a section 337 is gathered solely for the purposes of that proceeding.'").

OUII further notes that the present situation is clearly distinguishable from the situation at issue in *In re International Trade Commission,* 444 Fed. Appx. 480 (Fed. Cir. Aug. 2, 2002),

-4-

wherein the Federal Circuit authorized the use of confidential information in a parallel district court proceeding.  In that case, the parties were the same in both proceedings, and the decision "did nothing more than allow a few attorneys, who are bound by protective orders, to review documents that the vast majority of attorneys involved in the case already may review." *Id.* at 482.  Here, however, the District Court action does not involve the same parties or (apparently) the same attorneys as the Commission investigations, and thus it is not simply a matter of allowing a few additional attorneys to view the information.  Moreover, the District Court protective order, even assuming that the information is designated as "highly confidential – attorneys' eyes only," does not offer the same protections as the Commission Protective Order (for example, at least jurors, mediators, and other any person designated by the court, would be able to see the confidential information).  (Motion, Ex. 4, ¶ 9).  Simply put, the Commission has always viewed its ability to gather and protect confidential business information as crucial to its ability to perform its mission.  *See generally Akzo N.V. v. United States Int'l Trade Comm'n*, 808 F.2d 1471, 1482-85 (Fed. Cir. 1986).  When it was conducting the four investigations at issue in this Motion, the Commission represented to the entities that submitted confidential business information that, unless they gave permission, it would only be used for purposes of that specific investigation.  Information has been submitted in reliance on that guarantee, and the Commission should not now allow that information to be used for other purposes.

Finally, OUII is not unsympathetic to Apple's problem – the District Court has apparently directed Apple to produce information that the Commission (through the Protective Orders) has directed it not to produce.  Nevertheless, this same information may be available to the District Court through alternative methods (e.g., by subpoena directly from the entities that

-5-

originally supplied the information (who are free to disclose their own information regardless of

the Protective Orders)).  In addition, OUII notes that three of the four investigations at issue are

still pending,[2] and it would be possible for the Commission to order the parties in those

investigations to set forth any objections they may have to allowing their confidential

information to be used in the District Court proceeding (although there would still potentially be

questions about third party CBI.  At base, however, OUII submits that the Commission should

not, without more, allow Apple to use confidential information gathered solely for purposes of a

Commission investigation in a U.S. District Court case involving different parties.

       For all of the above reasons, Apple's motion should be denied.

       Respectfully submitted,

       /s/ David O. Lloyd

       _____

       Lynn I. Levine, Director
       David O. Lloyd, Supervisory Attorney

       **OFFICE OF UNFAIR IMPORT INVESTIGATIONS**
       U.S. International Trade Commission
       500 E Street, S.W., Suite 401
       Washington, D.C.  20436
       (202) 205-2576
       (202) 205-2158 (Fax)

May 7, 2012

---

[2]     Inv. No. 337-TA-714 has been terminated.  Under the terms of the protective order, all confidential information from that investigation should have been returned or destroyed.  *See* 337-TA-714, Order No. 2, ¶ 18.

Investigation No. 337-TA-797
Investigation No. 337-TA-714
Investigation No. 337-TA-750
Investigation No. 337-TA-745

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 7, 2012, he caused the foregoing **RESPONSE OF THE OFFICE OF UNFAIR IMPORT INVESTIGATIONS TO APPLE'S MOTION TO PRODUCE CONFIDENTIAL INFORMATION IN DISTRICT COURT PROCEEDINGS** to be filed with the Secretary (in electronic format), served by hand upon Chief Administrative Law Judge Charles E. Bullock and Administrative Law Judge E. James Gildea (2 copies each), and served upon the parties (1 copy each) in the manner indicated below:

**For Apple, Inc.:**

G. Brian Busey, Esq.                                **BY E-MAIL & FIRST-CLASS MAIL**
**Morrison & Foerster LLP**
2000 Pennsylvania Ave., NW, Suite 6000
Washington, D.C.  20006
(202) 887-1500
(202) 887-0763 (Fax)
GBusey@mofo.com

Sonal N. Mehta                                      **BY E-MAIL & FIRST-CLASS MAIL**
Weil Gotshal & Manges
201 Redwood Shores Pkwy
Redwood Shores, CA 94065
(650) 802-3118
apple.itc714.wgm.service@weil.com

Mark G. Davis, Esq.                                 **BY E-MAIL & FIRST-CLASS MAIL**
Weil, Gotschal & Manges
1300 Eye Street, NW
Washington, D.C.  20005
Weil_TLG.Apple.Moto.745.external@weil.com
Weil_TLG.Apple.Moto.750.external@weil.com

Mark D. Fowler, Esq.                                **BY E-MAIL & FIRST-CLASS MAIL**
DLA Piper LLP (US)
2000 University Avenue
East Palo Alto, CA 94303
797-DLA-Apple-Team@dlapiper.com

**For Elan Microelectronics Corporation:**

Sean DeBruine, Esq.                          **BY E-MAIL & FIRST-CLASS MAIL**
**Alston & Bird LLP**
275 Middlefield Road
Suite 150
Menlo Park, CA 94025-4008
(650) 838-2000
Elan.Apple.Team@alston.com

**For Motorola Mobility, Inc.:**

Charles F. Schill, Esq.                      **BY E-MAIL & FIRST-CLASS MAIL**
**Steptoe & Johnson LLP**
1330 Connecticut Avenue, NW
Washington, DC  20036
S&JMotorola745@steptoe.com
Motorola750@steptoe.com

**For HTC Corporation, HTC America, Inc. and Exedea, Inc.:**

Amy H. Candido, Esq.                         **BY E-MAIL & FIRST-CLASS MAIL**
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
HTC-ITC-797@quinnemanuel.com

   /s/ David O. Lloyd
David O. Lloyd
Supervisory Attorney
OFFICE OF UNFAIR IMPORT INVESTIGATIONS
U.S. International Trade Commission
500 E Street, SW, Suite 401
Washington, DC  20436
(202) 205-2576
(202) 205-2158 (Facsimile)