1  HAROLD J. MCELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
2  MICHAEL A. JACOBS (CA SBN 111664)
   mjacobs@mofo.com
3  JENNIFER LEE TAYLOR (CA SBN 161368)
   jtaylor@mofo.com
4  ALISON M. TUCHER (CA SBN 171363)
   atucher@mofo.com
5  RICHARD S.J. HUNG (CA SBN 197425)
   rhung@mofo.com
6  JASON R. BARTLETT (CA SBN 214530)
   jasonbartlett@mofo.com
7  MORRISON & FOERSTER LLP
   425 Market Street
8  San Francisco, California  94105-2482
   Telephone:  (415) 268-7000
9  Facsimile:  (415) 268-7522

10 Attorneys for Plaintiff and
   Counterclaim-Defendant APPLE INC

11

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000


MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

12               UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                     SAN JOSE DIVISION

15

16 APPLE INC., a California corporation,

17            Plaintiff,

18       v.

19 SAMSUNG ELECTRONICS CO., LTD., a
   Korean business entity; SAMSUNG
20 ELECTRONICS AMERICA, INC., a New York
   corporation; SAMSUNG
21 TELECOMMUNICATIONS AMERICA, LLC, a
   Delaware limited liability company,
22
              Defendants.
23

Case No. 11-cv-01846-LHK (PSG)

**DECLARATION OF JASON
BARTLETT IN SUPPORT OF
APPLE'S PETITION FOR
ATTORNEYS' FEES PURSUANT TO
THE COURT'S APRIL 23 ORDER**

24

25

26

27

28

I, Jason Bartlett, declare as follows:

I am a partner at Morrison & Foerster LLP, counsel for Apple Inc. ("Apple") in this action.  I make this declaration based on personal knowledge and could testify competently to the facts stated herein.  On April 23, 2012, this Court granted in part Apple's Motion for 37(b)(2) Sanctions, and it awarded Apple its "fees and expenses incurred in connection with Apple's motion to compel that resulted in the December 22 Order."  (Dkt. No. 880 at 9 ("Sanctions Order").)  This Declaration details those fees.

## I.      INTRODUCTION

1.      In December 2011, Apple filed a motion to compel because Samsung had failed to produce four key categories of documents: (1) source code and other technical documents showing the operation of the allegedly infringing product features; (2) design history documents, including CADs, sketchbooks, etc.; (3) e-mails and other documents showing Samsung's analysis and consideration of Apple and Apple products; and (4) relevant survey and marketing documents.  This motion resulted in the December 22 Order.  (*See* Dkt. No. 537 ("December 22 Order").)  The Court has awarded Apple its fees arising from Samsung's failure to produce one of the four categories of documents.  (Dkt. No. 880 at 9.)  Based on time records of those individuals involved in developing the facts underlying and writing the motion, I and individuals working at my direction have identified the fees incurred in connection with obtaining the December 22 Order.  Apple requests that the Court award one-fourth of the fees associated with the December 22 motion as a reasonable apportionment of the total effort associated with the motion.

## II.     THE MOTION TO COMPEL THAT RESULTED IN THE DECEMBER 22 ORDER

2.      Eight attorneys were involved in assessing Samsung's deficient production, researching the parties' negotiation history, and subsequently preparing the motion that resulted in the December 22 Order:  Richard Hung, Jason Bartlett, Mia Mazza, Minn Chung, Marcelo Guerra, Nate Sabri, Esther Kim and Euborn Chiu.  Paralegal support for the filing was provided by Rosemary Barajas.  Richard Hung, Jason Bartlett, and Michael Jacobs attended the hearing, and Michael Jacobs argued the motion.

3.      Starting in late November, a team of Morrison & Foerster attorneys began to analyze the various deficiencies in Samsung's production.  This analysis led to the preparation of the motion granted on December 22, 2011.  I managed this work, with the assistance of Richard Hung.  Mia Mazza and associate Marcelo Guerra were principally involved in analyzing Samsung's deficient production and then preparing the motion to compel.  Associates Nate Sabri, Esther Kim, and Euborn Chiu assisted with the analysis and drafting.

4.      In all, approximately 196 attorney hours were spent analyzing the production and preparing and filing the motion, its two supporting declarations and 22 exhibits, and the ancillary motions to seal and to shorten time.  Around 16 paralegal hours were spent on the filing.  An additional 20 attorney hours were spent by Richard Hung, Michael Jacobs, and me to prepare and argue the motion at the hearing.

5.      Total fees incurred by Apple in connection with the December 22 Order were $116,669.  Apple therefore seeks recovery of one-fourth of these fees, or $29,167.  Although Apple also incurred costs as a result of having to file its motion, no costs are included in this request.

6.      Attached hereto as Exhibit 1 is a true and accurate chart prepared by individuals working under my direction that totals the hours worked by each of the above individuals in connection with the motion.  The chart sets forth the total time spent on the motion, the total cost in fees incurred by Apple, and the average attorney billing rates charged.

## III.   THE TOTAL AMOUNT OF TIME INCURRED IN CONNECTION WITH THE DECEMBER 22 ORDER IS REASONABLE

7.      Considerable effort was required to develop and file the motion that led to the December 22 Order.  Attorneys having specialized skill in reading and understanding technical and Korean language documents contributed to preparing the motion.  Samsung also multiplied costs associated with the motion by making it impossible for Apple timely to complete the lead trial counsel meet-and-confer process.  Apple was forced to prepare an extensive history of the parties' meet-and-confer record and file a separate motion for administrative relief from the lead trial counsel meet and confer requirement.  The Court subsequently found Apple's motion for

1   administrative relief supported by "good cause."  Thus, although Apple is not seeking recovery of

2   the time spent conferring with Samsung, the extra time spent on the motion for administrative

3   relief (which was a necessary component of the motion to compel resulting in the December 22

4   Order) reflects the extra burden put on Apple through Samsung's failure to properly meet-and-

5   confer.

6           8.      Apple also incurred significant costs associated with preparing and filing a

7   separate motion to shorten time.  Given Samsung's long failure to comply with the September 28

8   Order or to produce documents responsive to Apple's requests, Apple needed relief immediately.

9   If the motion had been delayed until after the end-of-year holidays, any subsequent order would

10   have come too late to give Apple the relief it needed before the close of discovery on March 8.

11   The Court granted Apple's motion to shorten time.

12           9.      In addition, Apple was required to prepare a separate motion to seal portions of the

13   motion to compel which contained confidential information subject to protective order.

14           10.     Apple incurred significant fees in addition to the fees detailed in this motion.

15   Apple is not seeking reimbursement for the time of the Morrison & Foerster senior partners who

16   reviewed and commented the motion.

17           11.     Apple is also not seeking reimbursement for many of the Korean-speaking

18   attorneys who helped search Samsung's production and prepare summaries relied upon to frame

19   the motion to compel and supporting declarations.  Although such fees were necessarily incurred,

20   time records are such that I am unable to determine with reasonable precision how much effort

21   was specifically directed to the motion at issue.  Accordingly, the fees addressed in this

22   declaration are limited to those associated with analyzing the information provided by document

23   review attorneys and summarizing the deficiencies in the production in the briefing that led to the

24   December 22 Order.

25   **IV.    THE RATES CHARGED IN CONNECTION WITH THE DECEMBER 22 ORDER ARE CONSISTENT WITH PREVAILING INDUSTRY RATES**

26

27           12.     The following section describes the attorneys and staff who contributed to

28   preparing, filing, and arguing the motion; it also discusses Morrison & Foerster's rates and time-

1    keeping practices for this litigation.  The rates charged are comparable to the median rates

2    reported in the American Intellectual Property Law Association (the "AIPLA") Economic Survey

3    Report.  Based on publically available information, Morrison & Foerster's rates are also

4    comparable to the rates charged by Samsung's own outside counsel.

5           **A.    Morrison & Foerster Attorneys**

6           13.    **Michael Jacobs.**  Michael Jacobs is the co-founder of the firm's Intellectual

7    Property Practice Group. Mr. Jacobs concentrates his practice on litigation of high-technology

8    and intellectual property matters.  He has represented information technology and life sciences

9    companies in over 35 patent lawsuits.  Mr. Jacobs has twice won the *California Lawyer* Attorneys

10   of the Year (CLAY) award, one for his advocacy on behalf of Intel in the *Intel v. Hamidi*

11   "trespass to chattels" case and this year for his defense of Novell in *SCO v. Novell*.  Mr. Jacobs is

12   co-lead counsel to Apple in this litigation.  He argued the motion that led to the December 22

13   Order.

14          14.    **Richard Hung.**  Richard Hung has litigated a wide variety of complex technology

15   matters for clients in state and federal trial and appellate courts. His patent litigation matters have

16   spanned technologies such as internet search and advertising, digital rights management and

17   encryption, programmable logic devices, electronic books, and anticancer therapeutics.  Mr. Hung

18   is responsible for overseeing many of the day-to-day aspects of this case, and he acted as a

19   conduit for information between the team and the client in preparing the motion.  Mr. Hung

20   worked with Apple on finalizing the motion that led to the December 22 Order and hearing

21   preparation.

22          15.    **Jason Bartlett.**  I have represented international and domestic companies as both

23   plaintiffs and defendants in matters involving information technology, wireless

24   telecommunications standards, biotechnology, medical devices, computer hardware, and heavy

25   industry.  I am the former Co-Chair of Morrison & Foerster's E-Discovery Task Force.  Together

26   with Ms. Mazza, I have co-managed Apple's discovery efforts in this litigation and have helped

27   draft Apple's motions to compel, including the instant motion.  I also assisted in preparations for

28   the hearing on the motion.

16.    **Mia Mazza.**   Mia Mazza is the founder and current Chair of Morrison & Foerster's E-Discovery Task Force. In this role she leads a team of Litigation partners that acts as an internal resource for all litigators in helping solve e-discovery challenges as they arise in practice.  Ms. Mazza's expertise in complex litigation and e-discovery has made her an essential member of this team.  Ms. Mazza has co-managed Apple's discovery efforts in this litigation and has helped draft Apple's motions to compel where necessary.  Ms. Mazza had primary responsibility for supervising the preparation of motion to compel that led to the December 22 Order.  Because Ms. Mazza had first-hand knowledge of the meet-and-confer issues related to the motion, she also took the lead on drafting the complicated administrative motion for relief from the lead trial counsel meet-and-confer requirement.

17.    **Minn Chung.**   Minn Chung's practice focuses on intellectual property litigation. Mr. Chung has represented a number of high-technology clients in multi-patent, multi-district, patent litigation matters involving wide-ranging areas of technology, including plasma display panels, CPU architecture, parallel processing computer technology, device drivers, and semiconductor memory devices.  Mr. Chung's technical and Korean-language skills have made him invaluable in supporting the discovery efforts in this litigation.  Mr. Chung was involved in assessing the deficiencies in Samsung's production, and he prepared one of the declarations supporting the motion.

18.    **Marcelo Guerra.**   Marcelo Guerra has worked at Morrison & Foerster since graduating from Harvard Law School in 2004.  His practice is focused on patent litigation. Mr. Guerra has worked on this case since the fall of 2011.  He has taken a lead role in researching and drafting many of Apple's briefs and coordinating discovery issues, including the motion at issue here.

19.    **Nathan Sabri.**   Nathan Sabri is involved in a wide variety of intellectual property matters, with an emphasis on intellectual property litigation and counseling.  He has experience litigating trademark and copyright infringement actions in federal court.  Mr. Sabri helped research issues related to copying and design history documents; he also edited and revised the motion.

20. **Esther Kim.**  Esther Kim has worked at Morrison & Foerster since graduating from George Washington Law School in 2008, where she was elected to the Order of the Coif. She has an undergraduate degree from Massachusetts Institute of Technology and a masters' degree from the University of California, Berkeley.  Ms. Kim had overall responsibility for coordinating the work of Apple's Korean-language review team.  Ms. Kim helped edit and revise the motion based on her understanding of the deficiencies in Samsung's production.  Ms. Kim also helped prepare the detailed proposed order and the declarations in support of the motion.

21. **Euborn Chiu.**  Euborn Chiu is an associate in the San Francisco office of Morrison & Foerster.  Mr. Chiu's expertise in electronics, software products, telecommunications devices, and computer systems makes him a key member of the team.  In connection with the motion, Mr. Chiu performed discrete tasks in analyzing certain deficiencies in Samsung's technical document production, and assisted with drafting.

22. **Rosemary Barajas.**  Rosemary Barajas is a senior paralegal in Morrison & Foerster's litigation department.  Ms. Barajas helped prepare the motion for filing.

**B.    Comparable Rates**

23. Every other year, the American Intellectual Property Law Association (the "AIPLA") produces an Economic Survey that reports on, among other things, individual billing rates for intellectual property services.  I have reviewed the July 2011 edition of the AIPLA Economic Survey Report and compared the rates in it to the Exhibit showing the rates charged by Morrison & Foerster's attorneys.  The AIPLA Economic Survey indicates that the median billing rate for partners at private firms in the San Francisco Consolidated Metropolitan Statistical Area was $585 in 2010.  For private law firms with 150 or more associates, the median rate for associates during the same time period was $390.  The Survey does not indicate the assuredly higher rate for associates in the San Francisco Consolidated Metropolitan Statistical Area.

24. As set forth in Exhibit 1, the median billing rate for partners and of counsel who worked on this motion is $582.  The median rate for associates who worked on this motion is $398.  These numbers are consistent with the numbers reported in the AIPLA Economic Survey.

1    25.    Morrison & Foerster's rates are comparable to the rates charged by Samsung's

2    counsel, Quinn Emanuel Urquart & Hedges LLP.  A bankruptcy court filing shows that in 2009,

3    "hourly rates for partners and of counsel of Quinn Emanuel range from $970 to $580," and

4    "hourly rates for U.S. associates range from $390 to $820."  (Decl. of Andrew J. Rossman ISO

5    Debtors' Appl. for Oder Pursuant to 11 U.S.C. §§ 327(e) and 328(a) Approving the Emp.,

6    Retention, & Subst. of Quinn Emanuel Urquhart Oliver & Hedges as Special Litig. Counsel ¶ 17,

7    *In re G-I Holdings Inc.*, Case Nos 01-30135 and 01-38790 (Bankr. D. N.J. Nov. 19, 2009).)  A

8    true and correct copy of this filing, which includes additional details concerning Quinn Emanuel's

9    rates, is attached hereto as Exhibit 2.

10    26.    Morrison & Foerster's fees for its paralegals are also comparable to those charged

11    in the community for similarly-skilled professionals.  The rate charged for Ms. Barajas's work

12    was significantly less than the lowest rate Quinn charged for paralegals in 2009.  (*See id.*)

13              **C.    Time-Keeping In Relation to the Motion**

14    27.    Morrison & Foerster attorneys track time billed to Apple based on individual tasks.

15    This has made it possible to isolate efforts spent developing and drafting the motion which led to

16    the December 22 Order.

17

18    I declare under penalty of perjury that the foregoing is true and correct.  Executed this 7th

19    day of May, 2012, at San Francisco, California.

20                                              */s/ Jason Bartlett*
                                                Jason Bartlett
21

22

23

24

25

26

27

28