Exhibit 2

RIKER, DANZIG, SHERER, HYLAND
& PERRETTI LLP
Dennis J. O'Grady, Esq. (DO 7430)
Mark E. Hall, Esq. (MH 9621)
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800

DEWEY & LEBOEUF LLP
Martin J. Bienenstock, Esq. (MB NY-3001)
Irena Goldstein, Esq. (IG 0736)
Timothy Q. Karcher, Esq. (TQK 6173)
1301 Avenue of the Americas
New York, NY 10019-6092
(212) 259-8000

Co-Attorneys for the Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>G-I HOLDINGS INC., et al.,<br><br>Debtor. | Chapter 11<br><br>Case Nos. 01-30135 (RG) and 01-38790 (RG)<br>(Jointly Administered)<br><br>Hon. Rosemary Gambardella, U.S.B.J. |

**DECLARATION OF ANDREW J. ROSSMAN IN SUPPORT OF DEBTORS'
APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a)
APPROVING THE EMPLOYMENT, RETENTION, AND SUBSTITUTION OF QUINN
EMANUEL URQUHART OLIVER & HEDGES, LLP AS SPECIAL LITIGATION
COUNSEL FOR DEBTORS *NUNC PRO TUNC* TO APRIL 15, 2009**

Andrew J. Rossman hereby declares under penalty of perjury that the following is true and correct:

1.  I am a partner of the law firm Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn Emanuel" or the "Firm"), and I practice in its New York office at 51 Madison Avenue, New York, New York, 10010. The Firm is an international law firm with more than 400 lawyers

Case 01-30135-RG Doc 10649-1 Filed 04/28/09 Entered 04/28/09 12:35:01 Desc
Case 3:09-cv-01849-JAK Document 2 Filed 05/07/09 Page 3 of 15
Exhibit A - Declaration of Andrew J. Rossman    Page 2 of 12

and offices in Los Angeles, San Francisco and Silicon Valley, California; New York, New York; Chicago, Illinois; London, England; and, Tokyo, Japan.

2.  I submit this affidavit in connection with the application, dated April 28, 2009 (the "Application"),[1] of G-I Holdings Inc., ("G-I") and ACI Inc. ("ACI"), chapter 11 debtors in possession (the "Debtors"), for entry of an order authorizing the employment and retention of Quinn Emanuel as special litigation counsel in the above-captioned chapter 11 cases and substituting Quinn Emanuel for Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), in accordance with the terms and conditions set forth in the Application and in compliance with sections 327(e), 328(a), 329, 330, and 504 of title 11, United States Code (the "Bankruptcy Code"), and to provide the disclosure required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Unless otherwise stated in this affidavit, I have personal knowledge of the facts set forth herein.  To the extent any information disclosed herein requires amendment or modification upon Quinn Emanuel's completion of further analysis or as additional creditor information becomes available to it, a supplemental affidavit will be submitted to the Court reflecting such amended or modified information.

3.  Prior to joining Quinn Emanuel, I served as counsel to the Debtors with Akin Gump.  I was a partner with Akin Gump and the co-chair of Akin Gump's Litigation department.  On April 15, 2009, I resigned and withdrew from Akin Gump, and was admitted to Quinn Emanuel as a partner.  A number of Quinn Emanuel attorneys throughout the firm, including myself, have substantial experience and expertise in chapter 11 cases involving business entities, as well as vast expertise in the practice areas of corporate law, finance, litigation, and other fields that may be required by the Debtors in these cases.  Moreover, Quinn Emanuel also has extensive experience representing the debtor, bankruptcy trustee, bankruptcy estates, or creditor

2

Case 01-30135-RG Doc 6610-1 Filed 04/28/09 Entered 04/28/09 12:45:15 Desc
Case 3:09-cv-01669-MLC Document 2 Filed 05/07/09 Page 4 of 15
Exhibit A - Declaration of Andrew J. Rossman    Page 3 of 12

interests in special litigation matters arising in connection with the bankruptcy cases of <u>Refco</u>, <u>Enron</u>, <u>Parmalat</u>, <u>K-Mart</u>, and <u>Lehman</u>, among others. Attorneys from Quinn Emanuel have represented stakeholders at every level of the capital structure, including secured and unsecured lenders, bondholders, trade creditors, equity holders, as well as statutory and ad hoc committees in the District of New Jersey, the Third Circuit, and in numerous other jurisdictions throughout the country.

4. I held a significant role in the Debtors' chapter 11 cases while I was with Akin Gump and am extremely familiar with the Debtors' businesses, financial affairs, and the circumstances surrounding the Debtors' chapter 11 filings.

### **QUINN EMANUEL IS NOT ADVERSE TO THE DEBTOR**

5. Except as set forth herein, to the best of my knowledge, after due inquiry, neither I, nor Quinn Emanuel, nor any partner of, associate of, or of counsel to the Firm represents any party in interest other than the Debtors and their affiliates in connection with the Debtors' chapter 11 cases. Based on the foregoing and disclosures set forth herein, the Debtors believe that Quinn Emanuel does not hold or represent any interest adverse to the Debtors or their estate.

### **QUINN EMANUEL'S CONNECTIONS WITH PARTIES IN INTEREST IN MATTERS UNRELATED TO THESE CHAPTER 11 CASES**

6. Annexed hereto as Schedule I is a list of the Interested Parties in the Debtors' chapter 11 cases. The Interested Parties include the Debtors and related entities, the Debtors' counsel and advisors, the Committee counsel and advisors, the Beneficial Owner, as such term is defined in Rule 13d-3 of the Securities Exchange Act of 1933, Creditors of the Debtors, and the Legal Representative and its counsel and advisors.

---

[1] Terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

Case 01-30135-RG Doc 9101-1 Filed 04/28/09 Entered 04/28/09 12:55:01 Desc
Exhibit A - Declaration of Andrew J. Rossman    Page 4 of 12

Case 3:04-cv-01649-JAK    Document 428-2    Filed 05/04/28/09    Page 5 of 15

7. Quinn Emanuel has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations and their affiliates, some of which are, or may consider themselves to be, creditors or parties of interest of the Debtors' pending chapter 11 cases, or otherwise to have interests in these cases. Quinn Emanuel and certain of its partners, counsel, and associates may have in the past represented, may currently represent, and may in the future represent Interested Parties and their affiliates in connection with matters unrelated to the Debtors and these chapter 11 cases.

8. Quinn Emanuel has undertaken a detailed database and electronic search of the Firm's conflicts systems for any connection the Firm may have to the Interested Parties.

9. Based upon a review of Quinn Emanuel's conflict search, conducted by attorneys under my supervision, annexed hereto as Schedule II is a list of Interested Parties that Quinn Emanuel has represented in the past, or currently represents, in matters unrelated to the Debtors' chapter 11 cases.[2]

10. As disclosed in Schedule II, Quinn Emanuel currently represents one of the Debtors' affiliated entities, International Specialty Products, Inc., in litigation unrelated to these chapter 11 cases. In addition, Quinn Emanuel was formerly adverse to one of the Debtors, G-I Holdings, Inc., in litigation unrelated to these chapter 11 cases.

11. In addition, as disclosed in Schedule II, Quinn Emanuel currently represents the following creditors of the Debtors, or their affiliates, in matters unrelated to the Debtors' Chapter 11 cases: Bank of New York, ING Investment Management, and an affiliate of creditor TCW Asset Management.

---

[2] To the best of my knowledge and information, the annual fees paid to Quinn Emanuel by the clients listed in Schedule II annexed hereto during the past fiscal year did not exceed one percent (1%) of the Firm's annual gross revenue for such year.

12. Quinn Emanuel regularly participates in a wide range of bankruptcy-related, corporate, and litigation matters in which other professionals retained by the estates are involved as clients of the firm, or as advisors to entities with interests in matters in which Quinn Emanuel may act as attorneys. To our knowledge such representations will not affect these proceedings or Quinn Emanuel's ability to represent the Debtors and the interests of the estates in these chapter 11 cases. Moreover, upon information and belief, the Debtors do not believe a dispute will arise with regard to any entity listed on Schedule II.

13. Quinn Emanuel will periodically review its files during the pendency of these chapter 11 cases to ensure that no conflicts or other circumstances exist or arise, which require supplemental disclosure. If any new relevant facts or relationships are discovered or arise, Quinn Emanuel will use its reasonable efforts to identify any such further developments and will promptly file a supplemental affidavit as required by Bankruptcy Rule 2014(a).

14. Based on the foregoing, insofar as I have been able to ascertain after diligent inquiry, and except as provided otherwise herein, I believe Quinn Emanuel does not hold or represent an interest adverse to the Debtors or their estates.

### SERVICES TO BE RENDERED BY QUINN EMANUEL

15. The professional services Quinn Emanuel may render to the Debtor as special litigation counsel, as the Debtors may request from time to time, include, without limitation:

(a) the claims estimation proceeding in this Court;

(b) the G-I Holdings Inc. et al. v. Bennett et al. action, Civ. No. 02-03626 (D.N.J.) (SRC), pending before Judge Chesler in the District Court;

(c) representation of the Debtors as third parties to the action entitled Official Committee of Asbestos Claimants et al. v. Heyman et al. action, 01-Civ-8539 (S.D.N.Y.) (RWS), in connection with the Debtor's third-party discovery obligations therein;

5

(d) representation of the Debtors related to the Rule 2004 examinations into the billing practices of the financial advisor to the Asbestos Claimants Committee, L. Tersigni Consulting, P.C., and any related proceeding;

(e) representation of the Debtors in litigation relating to confirmation of the Second Amended Plan, and any related proceedings.

16. Subject to the Court's approval of the Application, Quinn Emanuel has indicated a willingness to serve as the Debtors' special litigation counsel and to perform the services described above.

## QUINN EMANUEL'S RATES AND BILLING PRACTICES

17. Subject to Court approval, compensation will be payable to Quinn Emanuel on an hourly basis, plus reimbursement of actual, necessary expenses incurred by the Firm in the course of the representation. As is the case with respect to rates charged in non-bankruptcy matters of this type, Quinn Emanuel's rates are subject to periodic adjustment to reflect economic and other conditions. Currently, hourly rates for partners and of counsel of Quinn Emanuel range from $970 to $580. Quinn Emanuel's hourly rates for U.S. associates range from $390 to $820. Current hourly rates for paralegals of Quinn Emanuel range from $265 to $295.

18. Consistent with the firm's policy with respect to its other clients, Quinn Emanuel will charge the Debtors for all legal services provided and for other charges and disbursements incurred in connection with Quinn Emanuel's rendition of legal services. These charges and disbursements include, among other things, costs for telephone charges, photocopying, travel, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials, hearings, and other proceedings which may arise from time to time in these cases.

19. Quinn Emanuel intends to apply to the Court for allowance of compensation for professional services and reimbursement of expenses incurred in these cases in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Bankruptcy Rules,

and orders of this Court. In addition, at the Debtors' request and to benefit the estate, Quinn Emanuel has agreed to a 10% "hold-back" on any fees.

20. Quinn Emanuel has agreed to accept as compensation such sums as may be allowed by the Court on the basis of (a) the professional time spent, (b) the rates charged for such services, (c) the necessity of such services to the administration of the estates, (d) the reasonableness of the time within which the services were performed in relation to the results achieved, and (e) the complexity, importance, and nature of the problems, issues or tasks addressed in the cases.

21. No promise has been received by Quinn Emanuel or any member, of counsel, or associate thereof as to payment or compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm or by any such entity.

22. Quinn Emanuel has not received a retainer in connection with the services rendered and expenses incurred on behalf of the Debtors.

23. Quinn Emanuel understands that the Debtors have also retained other professionals in connection with their chapter 11 cases. The Firm intends to coordinate with the Debtors' other professionals, and clearly delineate their respective duties, so as to prevent duplication of effort, whenever possible.

24. The foregoing constitutes the statement of Quinn Emanuel pursuant to sections 327(e), 328(a), 329, 330, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

25. I certify that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

_/s/ Andrew J. Rossman_
Andrew J. Rossman

**SCHEDULE I**

**INTERESTED PARTIES**

**Debtor and Related Entities**

G-I Holdings Inc.
ACI, Inc.
Belleville Realty
Building Materials Corporation of America
BMC Receivables
BMC Warehousing
BMCA Holdings Corporation
Building Materials Manufacturing Corporation
Building Materials Investment Corporation
BMCA Insulation Products, Inc.
GAF Leatherback Corporation
GAF Premium Products, Inc.
GAF Materials Corporation
GAF Real Properties
International Specialty Products, Inc. (a/k/a ISP)
US Intec, Inc.
Shuck Enterprises
Pequannock Valley Claims
Cobra Ventilation

**Debtors' Counsel & Advisors**

Cahill Gordon & Reindel
Friedman, Wang & Bleiberg
McCarter & English
McKee Nelson, LLP
Perkins Coie, LLP
Riker, Danzig, Scherer, Hyland & Perretti LLP
Sedgwick, Detert, Moran & Arnold
Skadden, Arps, Slate, Meagher & Flom
Weil, Gotshal & Manges
Dewey & LeBoeuf
Joseph D. Pope
DeWitt & Roberts, LLP
Barry S. Neuman, P.L.L.C.
Thompson Cobum LLP
Chambers Associates Inc.

Wolff & Samson
Arnold and Porter
Ober, Kaler Grimes & Shriver
Roberts, Raspe & Blanton LLP
Pullman & Comley, LLC
Law Offices of Mark A. Belnick
McCarter & English
KPMG LLP
Kroll Associates
Bankruptcy Services LLC
Pegasus Capital Advisors
Cleary Gottlieb Steen & Hamilton LLP
Cole, Schotz, Meisel, Forman & Leonard, P.A.
Flaster/Greenberg P.C.
Dickstein Shapiro LLP
Gilbert Oshinksy LLP
Flemming Zulack Williamson Zauderer LLP
Howrey LLP

**Committee Members, Counsel & Advisors**

L. Tersigni Consulting P.C. (n/k/a/ Charter Oak Financial Consultants, LLC)
Caplin & Drysdale
Elizabeth Warren
Lowenstein Sandler PC
Timothy Wyant
Legal Analysis Systems, Inc.

**Beneficial Owner (as defined in Rule 13d-3 of the Securities Exchange Act of 1934)**
Samuel J. Heyman

**Creditors**

Bank of New York
Fleet National Bank
Bear Sterns Corporate Lending Inc.
The Chase Manhattan Bank
Bank of Nova Scotia

PIMCO
Appoloosa Capital
BNY Capital Markets
Putnam Investments
TCW Asset Management
Mass Financial
Metropolitan Life Insurance
Mass Mutual
Oppenheimer Fund
Delaware Investment Advisors
Alliance Capital Management
Elliot & Page
GE Financial Assurance
Sunamerica Investments
Bear Sterns Asset Management
Fidelity Investments
Colonial Management
Royal Bank of Canada
DLJ/Credit Suisse Asset Management
Ghent Asset Management
Merrill Lynch Asset Management
Guardian Life Insurance
Pareto Partners
ING Investment Management
Lutheran Brotherhood
Orix USA
PPM America
Stein Roe
Alpine Associates
Brinson Partners
Standish, Ayer & Wood
Oak Tree Capital Management
Weitz & Luxenberg
Scott Hendler, Esq.
Marjorie Anderson Administrator for Harold Anderson
Brayton Purcell & Geagan
Ratiner, Reyes & O'Shea
Goldberg, Persky, Jennings & White, P.C.
DeWayne Smith
Ronald Bailey
William Jourdan
Ed Ford
Robert Wright
Earl Atchison
Law Offices of Peter G. Angelos

Frank Garner
Melva Brown
Eugene Chapman
Stephen Horetz
John Westford
James Clayton
Elmer L. Richardson
Peter Velemirovich
Robert Carlson, Executor for the Estate of Gertrude Carlson
Marjorie Oscasek, Special Administrator for Roy White
Ralph L. Pilgrim
Mary Lapointe. Personal representative of Estate of Daniel Lapointe
Roy Grimm
Denise Collette, Estate Representative of Jose A. Pilon
David Harkey, Sr.

**Legal Representative**

Judson Hamlin
Saiber, Schlesinger, Satz & Goldstein (n/k/a/ Saiber LLC)
Keating, Muething & Klekamp, P.L.L.
Bederson & Company LLP

**Elk Entities**

ElkCorp
Elk Premium Building Products, Inc. (f/k/a Elk Corporation of Dallas)
Elk Corporation of Texas
Elk Performance Nonwoven Fabrics, Inc.
Elk Corporation of Alabama
Elk Composite Building Products, Inc.
Elk Corporation of Arkansas
Elk VersaShield Building Solutions, Inc.
Elk Corporation of America
RGM Products, Inc.
Elk Slate Products, Inc.
Ridgemate Manufacturing Products, Inc.
Elk Technology Group, Inc
Ch.romiun Corporation
Lufkin Forward, Inc.

Case 0:08-cv-01534-RGK-PJW Document 46-1 Filed 04/28/09 Page 12 of 15
Case 09-35311-hcd Doc 691-1 Filed 04/28/09 Entered 05/07/09 12:31:15 Desc
Exhibit A - Declaration of Andrew J. Rossman    Page 11 of 12

Elk technologies, Inc.
Midland Forward, Inc.
Elk Group, Inc. (f/k/a Elcor Management Corp.)
NELPA, Inc.
Elk Group, L.P. (f/k/a Elcor Service Limited Partnership

**SCHEDULE II**

**Interested Parties (including affiliates) that Quinn Emanuel has represented, currently represents, and may in the future represent in matters unrelated to the Debtors' chapter 11 cases.**

**Debtor and Related Entities**

International Specialty Products, Inc.

**Creditors**

Bank of New York, ING Investment Management, and an affiliate of TCW Asset Management

12

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-2(c) RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP Dennis J. O'Grady, Esq. (DO 7430) Mark E. Hall, Esq. (MH 9621) Headquarters Plaza, One Speedwell Avenue, P.O. Box 1981, Morristown, New Jersey 07962-1981 (973) 538-0800 DEWEY & LEBOEUF LLP Martin J. Bienenstock, Esq. (MB 3001) Timothy Q. Karcher, Esq. (TQK 6173) 1301 Avenue of the Americas New York, New York 10019 (212) 259-8000 Co-Attorneys for the Debtors | Chapter 11 Case Nos. 01-30135 and 01-38790 (RG) (Jointly Administered) Honorable Rosemary Gambardella, U.S.B.J. |
| In re: G-I HOLDINGS INC., et. al., Debtors. | |

**ORDER PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a) APPROVING THE EMPLOYMENT, RETENTION, AND SUBSTITUTION OF QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP AS SPECIAL LITIGATION COUNSEL FOR DEBTORS NUNC PRO TUNC TO APRIL 15, 2009**

The relief set forth on the following page, numbered two (2), is hereby **ORDERED**.

Debtor: G-I Holdings Inc., et al.
Case Nos. 01-30135 and 01-38790 (RG) (Jointly Administered)
Caption of Order **ORDER PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a) APPROVING THE EMPLOYMENT, RETENTION, AND SUBSTITUTION OF QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP AS SPECIAL LITIGATION COUNSEL FOR DEBTORS NUNC PRO TUNC TO APRIL 15, 2009**

---

This matter coming to be heard upon the Motion of the Debtors for an Order pursuant to 11 U.S.C. §§ 327(e) and 328(a) approving the employment, retention, and substitution of Quinn, Emanuel, Urquhart, Oliver and Hedges, LLP (the "Application"); and the Court having reviewed the Application and the appended Declaration of Andrew J. Rossman (the "Rossman Declaration") in support of such Application, and it appearing, based on the representations made in the Application (and the pleadings incorporated therein) that Quinn Emanuel Urquhart Oliver and Hedges, LLP ("Quinn Emanuel") represents no interest adverse to Debtors' estate with respect to the matters upon which it is to be engaged and that the employment of Quinn Emanuel as special litigation counsel is necessary and in the best interest of Debtors' estates and their creditors; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and it appearing that due and proper notice of the Application has been given; and upon the proceedings had before the Court, and good and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted; and it is further

ORDERED that, pursuant to Bankruptcy Code sections 327(e) and 328(a), Debtors' retention of Quinn Emanuel Urquhart Oliver and Hedges, LLP as special litigation counsel, *nunc pro tunc* as of April 15, 2009, upon the terms and conditions set forth in the Application is approved.

2