QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S RESPONSE TO APPLE'S STATUS UPDATE REGARDING COMPLIANCE WITH APRIL 12 ORDER** |

Apple has made no showing that excuses its failure to timely comply with the Court's April 12 Order; on the contrary, the evidence Apple has presented to the Court demonstrates that Apple's purported "production problems" are entirely of Apple's own making. Apple has known for months which related proceedings Samsung was seeking documents from, yet Apple failed to identify for Samsung the majority of the third-parties whose consent Apple now claims prevents it from timely complying with the Court's April 12 Order. Apple is a party to the proceedings from which the Court has compelled Apple to produce documents, and Apple therefore could have easily (and should have) identified and resolved any necessary third-party consents in the meet and confer process, in opposition to Samsung's motion to compel, or, at the very latest, at the hearing on Samsung's motion to compel.[1]

But Apple not only failed at each of these points to inform Samsung and the Court of the additional third parties whose CBI Apple now claims is implicated by the April 12 Order, it failed to raise the issue in a timely fashion even after the April 12 Order. By Apple's own admission, it did nothing for nearly *two weeks* following the Court's April 12 Order and did not even begin seeking additional third-party consents until April 25, only two days prior to Apple's compliance deadline. Apple similarly waited until the day before its compliance was due to inform Samsung and the Court of its supposed "production problems." Given the many consents Apple has apparently obtained since it began seeking them on April 25, Apple could have obtained these consents and produced documents prior to its compliance deadline if it had begun seeking the consents upon issuance of the April 12 Order instead of waiting for two weeks and only starting to seek consents two days before the compliance deadline.

Additionally, Apple's Status Update makes it clear that it still has not sufficiently reviewed the compelled documents to determine which third parties are implicated. With respect to the

---

[1] Indeed (if Apple's current position is to be believed), Apple had falsely represented to Samsung in early February that there were no obstacles to production once Samsung obtained consent from the *five* third-party entities Apple identified before April 12. Letter from Jason Bartlett to Diane Hutnyan, dated February 10, 2012 ("Samsung needs to obtain [third party] consent before Apple can produce unredacted confidential documents. Once Samsung obtains this consent, Apple will promptly produce such documents.").

*Elan v. Apple* action pending in the Northern District of California, Apple states that "[c]ounsel for Apple in that action is reviewing to confirm no additional consents are required prior to production." Dkt. No. 903 at 2:20-22.  Thus, Apple's contention in its Status Update that it brought its "production problems to the court's attention 'as soon as practicable'" is belied by the facts, as is its supposed diligence in complying with the Court's April 12 Order.[2]

Nothing in the Office of Unfair Import Investigation's ("OUII")'s response has a bearing on the situation here.  Though Apple points to the response as support for the idea that Apple may not produce these materials, it does no such thing.  Apple fails to point out that the relief it requested was to allow it to produce the documents *without* third-party consent; thus even a denial (and the OUII's response is not a ruling by the ALJ) would merely maintain the status quo because Apple can still produce these documents *with* consent.  Indeed, Apple has already obtained Motorola's and HTC's consent to produce CBI in documents from the Motorola 745 and 750 and HTC 797 Investigations, and it claims to have already produced materials from those investigations.

Apple has further refused Samsung's efforts to try to alleviate its supposed burden and expedite production of the remaining materials.  With just 160-175 documents remaining,[3] Samsung has repeatedly requested that Apple identify these materials to ascertain whether some practical compromise may be reached.  But Apple's counsel of record has refused, claiming that cannot obtain that basic information from Apple's other outside counsel, and apparently forgetting that it is *Apple* which is under court order to produce them.  Samsung has also suggested that these materials could be produced with any remaining CBI redacted, so that it may receive the materials in redacted form and see whether or not it might be able to accept some or all of those redactions, but Apple has complained this is too burdensome.  Apple should not be excused from compliance when it has chosen to avoid every practical solution to avoid or minimize the problem.

Apple's continued failure to produce these highly relevant materials has substantially prejudiced Samsung, which has been deprived of any opportunity to conduct follow-up discovery

---

[2] Nor is there any evidence that Apple has diligently pursued anything since it sent notices out and filed its motion at the ITC more than a week ago.
[3] According to Apple's representations.

1  based on the documents, to use the documents in expert reports or to conduct any expert discovery
2  using the documents.  And now, with summary judgment motions due in nine days, Apple's failure
3  to take reasonable steps to timely comply with the April 12 Order threatens to deprive Samsung of
4  an opportunity to use the documents – which contain Apple's statements regarding the scope and
5  validity of the intellectual property at issue in this lawsuit – to dispose of Apple's claims prior to
6  trial.

       Samsung therefore requests that the Court compel Apple to (1) immediately produce in redacted form all documents compelled by the Court's April 12 Order which Apple continues to withhold, (2) confer with Samsung regarding which, if any, of these documents need to be produced in unredacted, or partially unredacted, form, and (3) seek consent to remove specific redactions and to do so within a timeframe that will permit Samsung to obtain unredacted copies of the documents in time to use them in summary judgment motions.

DATED: May 8, 2012                  Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By */s/ Victoria F. Maroulis*
   Charles K. Verhoeven
   Kevin P.B. Johnson
   Victoria F. Maroulis
   Michael T. Zeller
   Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

02198.51855/4742527.1

-3-     Case No. 11-cv-01846-LHK
SAMSUNG'S RESPONSE TO APPLE'S STATUS UPDATE
CONCERNING COMPLIANCE WITH APRIL 12 ORDER