1  [COUNSEL LISTED ON SIGNATURE PAGES]

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                          SAN JOSE DIVISION

12

13

14  APPLE INC., a California corporation,   | Case No. 11-cv-01846-LHK

15              Plaintiff,                  | **APPLE'S RESPONSE TO SAMSUNG'S STATEMENT IDENTIFYING CLAIMS IT WILL ASSERT AT TRIAL**

16      v.

17  SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG

18  ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG

19  TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

20

21              Defendants.

22

23

24

25

26

27

28

RESPONSE TO SAMSUNG'S STATEMENT IDENTIFYING CLAIMS
CASE NO. 11-cv-01846-LHK
sf-3143149

Samsung's "Statement" identifying claims that it will assert at trial contains several important misstatements and admissions that should be called to the Court's attention.

First and foremost, the Court should note that while Apple has offered to go forward on only four utility patent claims, Samsung now takes the position that it is entitled to a much larger and more complicated case, insisting on its right to proceed on 15 utility patent claims from 7 separate patents.

Samsung's Statement that it "would have been willing to reduce its claims even further" is borderline contemptuous. This Court ordered Samsung, as well as Apple, to reduce its case sufficiently to permit trial within a 25 hour limitation. Samsung, which has no interest whatsoever in maintaining the trial date, essentially boasts about its refusal to comply with the Court's direction.

Samsung's attempt to transform a design case, which requires the trier of fact to simply compare an accused device to a series of drawings, into a monstrous construct of "points of comparison" is transparent. As this Court so clearly demonstrated at the Preliminary Injunction hearing, it does not take an ordinary observer—or even Samsung's own lawyers—more than two minutes to make the comparison and distinguish or fail to distinguish an accused device.

Samsung admits in two places that its own trial plans are insensitive to the number of claims Apple asserts. (Samsung's Statement at 6:8-10 and 8:18-23.) Samsung's logic is simple: because it intends to call a large number of witnesses, a 25 hour limitation is impossible regardless of the number of claims Apple asserts. But the Court expressly rejected this logic in setting the time limitation.

Samsung argues that Apple's non-jury trial claims should be dismissed with prejudice, but cites no support for that position. There is no justification whatsoever that supports granting Samsung a free license to patents that are too numerous to survive the jury trial narrowing process. Dismissing those claims with prejudice would deprive Apple of due process. *See In Re Katz Intractive Call Processing Litig.*, 639 F.3d 1303, 1311 (Fed. Cir. 2011). Contrary to Samsung's statement, this Court has not previously refused to bifurcate patents for a separate court trial. As Apple noted, should this Court be inclined to refuse Apple's separate trial request, the appropriate action would be to dismiss these claims without prejudice.

Finally, Samsung's footnote that Apple must independently prove infringement in every variant of Samsung source code is incorrect. Minor iterations in code versions for bug fixes and the like have no effect on the accused functionality, as is apparent by observing the accused products in operation. Moreover, in light of Judge Grewal's order sanctioning Samsung for violating court orders requiring production of source code, Samsung will be precluded from asserting that the code it has produced is not representative of all of the relevant code.

The process of narrowing claims for trial has become the battle ground on which Samsung is waging its last gasp effort to overturn the Court's trial date. In order to keep that date, Apple has complied with the Court's accelerated discovery schedule. It has foregone summary judgment motions. It has reduced its case to the smallest set of claims that will permit it to obtain the remedies to which it is entitled, but that still can be tried within the 25 hours allotted by the Court. Apple respectfully asks this Court to maintain its schedule and to put this case to trial.

| | |
|---|---|
| Dated: May 9, 2012 | HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>JENNIFER LEE TAYLOR (CA SBN 161368)<br>jtaylor@mofo.com<br>ALISON M. TUCHER (CA SBN 171363)<br>atucher@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>JASON R. BARTLETT (CA SBN 214530)<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522<br><br>WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100<br><br><br>By:   */s/ Harold J. McElhinny*<br><br><br>MORRISON & FOERSTER LLP<br>Attorneys for Plaintiff and Counterclaim-Defendant<br>APPLE INC. |

RESPONSE TO SAMSUNG'S STATEMENT IDENTIFYING CLAIMS
CASE NO. 11-CV-01846-LHK
sf-3143149

3