| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>JENNIFER LEE TAYLOR (CA SBN 161368)<br>jtaylor@mofo.com<br>ALISON M. TUCHER (CA SBN 171363)<br>atucher@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>JASON R. BARTLETT (CA SBN 214530)<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                Defendants. | Case No.   11-cv-01846-LHK<br><br>**APPLE'S SUPPLEMENTAL STATEMENT OF ADDITIONAL FACTS REGARDING MOTION FOR CLARIFICATION** |

1   Apple writes to apprise the Court of additional facts relating to its motion for clarification.

2   In its April 12, 2012 Order (Dkt. No. 867), the Court ordered Apple to produce certain
3   transcripts by April 27, 2012.  The Court also allowed Samsung to identify and depose five
4   individuals for up to ten hours, in aggregate, based on that transcript production and set the
5   deadline for these depositions as May 10, 2012.  Apple produced all of the deposition transcripts
6   required by the Court's order by April 21, 2012.  This was a full six days before the Court's
7   deadline.  Three times, on April 24, 2012, April 30, 2012, and May 4, 2012, Apple wrote
8   Samsung to ask when it would be identifying its deponents.  (*See* Exhibits A, B, & C (April 24,
9   2012, April 30, 2012, and May 4, 2012 correspondence from Mia Mazza to Diane Hutnyan).)

10   Despite its possession of these transcripts for *eighteen days*, and despite Apple's *three*
11   *reminders*, Samsung waited until May 9th to identify its five deponents for the first time.  This is
12   just *one day before the Court's deadline.*  (*See* Exhibit D (May 9, 2012 e-mails from Diane
13   Hutnyan to Jason Bartlett).)

14   Samsung's identification of these witnesses is simply perplexing.  These depositions
15   cannot be reasonably occasioned by the Court's order.  The names of two of these employees,
16   Emilie Kim and Saku Hieta, appear nowhere in the transcripts.  Samsung also previously declined
17   to depose Mr. Hieta, and it terminated Ms. Kim's prior deposition after two hours.  The deposition
18   references to Richard Howarth and Priya Balasubramaniam are limited, to say the least.  Mr.
19   Howarth has already been deposed for more than 13 hours in this case and the co-pending ITC
20   investigation (337-TC-796).  Finally, as for Andrew Bright, it is difficult to understand how his
21   work on the acoustics of the iPhone 4 (which was the subject of his produced transcript) bears any
22   relevance to the issues in this case.

23   In response to Apple's inquiries, Samsung has refused to explain why these depositions
24   were occasioned by the production of Apple's transcripts.  Samsung also confirmed its position
25   that the Court's April 12, 2012 order allows Samsung to take the depositions of *anyone*.  Finally,
26   despite waiting eighteen days to identify its deponents, Samsung demanded that all five
27   individuals appear for deposition on one day's notice or that Apple stipulate to extend the
28   deadline.  (*See* Exhibit D (May 9, 2012 e-mails from Diane Hutnyan to Jason Bartlett).)

1  Samsung's conduct in identifying these deponents one day before the Court's deadline—
2  and its position that it can take or re-open any deposition regardless of whether it is reasonably
3  occasioned by Apple's transcript production—underscores the need for this Court's clarification
4  of its April 12, 2012 Order.
5  As a result of Samsung's extremely belated identification of these witnesses, Apple
6  believes that Samsung has waived its right to depose or re-depose these witnesses under the
7  Court's order. But if Apple is required to put these individuals up for deposition after the
8  deadline, Samsung should be required to explain why Apple's production of transcripts
9  reasonably justifies these depositions, as Apple has requested in its clarification motion. Apple
10 also requests reasonable time to produce these witnesses for deposition, in light of Samsung's
11 very late identification.

Dated: May 9, 2012                           MORRISON & FOERSTER LLP

                                             By:   */s/ Jason R. Bartlett*
                                                   JASON R. BARTLETT

                                                   Attorneys for Plaintiff
                                                   APPLE INC.