1            IN THE UNITED STATES DISTRICT COURT

2        FOR THE NORTHERN DISTRICT OF CALIFORNIA

3                   SAN JOSE DIVISION

4
     APPLE, INC.,                    )  CV-11-1846-LHK
5                                    )
                    PLAINTIFF,       )
6                                    )  SAN JOSE, CALIFORNIA
              VS.                    )
7                                    )
     SAMSUNG ELECTRONICS CO.,        )  MAY 2, 2012
8    LTD, ET AL,                     )
                                     )
9                    DEFENDANT.      )  PAGES 1-28
     _____)

10

11              TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE LUCY H. KOH
12            UNITED STATES DISTRICT JUDGE

13

14   A P P E A R A N C E S:

15

16   FOR THE PLAINTIFF:  MORRISON & FOERSTER
                         BY:  HAROLD MCELHINNY
17                            ALISON TUCHER
                              RICHARD HUNG
18                       425 MARKET STREET
                         SAN FRANCISCO, CA 94105
19

20   FOR THE DEFENDANT:  QUINN EMANUEL
                         BY:  CHARLES VERHOEVEN
21                       50 CALIFORNIA STREET, 22ND FL
                         SAN FRANCISCO, CA 94111
22

23        (APPEARANCES CONTINUED ON THE NEXT PAGE)

24

25   OFFICIAL COURT REPORTER: SUMMER FISHER, CSR, CRR
                              CERTIFICATE NUMBER 13185

                                                          1

1    FOR THE DEFENDANT:   QUINN EMANUEL
                          BY:  VICTORIA MAROULIS
2                              KEVIN JOHNSON
                          555 TWIN DOLPHIN DRIVE, 5TH FL
3                         REDWOOD SHORES, CA 94065

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    SAN JOSE, CALIFORNIA          MAY 2, 2012

2                   P R O C E E D I N G S

3              (WHEREUPON, COURT CONVENED AND THE

4    FOLLOWING PROCEEDINGS WERE HELD:)

5              THE CLERK:  CALLING CASE NUMBER

6    C-11-1846-LHK.  APPLE, INC., VERSUS SAMSUNG

7    ELECTRONICS COMPANY LIMITED, ET AL.

8              MR. MCELHINNY:  GOOD AFTERNOON,

9    YOUR HONOR.

10             HAROLD MCELHINNY, RICH HUNG AND

11   ALISON TUCHER ON BEHALF OF APPLE PLAINTIFFS.

12             MR. VERHOEVEN:  GOOD AFTERNOON,

13   YOUR HONOR.

14             CHARLES VERHOEVEN.  WITH ME IS MY PARTNER

15   KEVIN JOHNSON AND VICTORIA MAROULIS ON BEHALF OF

16   DEFENDANTS.

17             MR. JOHNSON:  GOOD AFTERNOON, YOUR HONOR.

18             THE COURT:  OKAY.  GOOD AFTERNOON.

19             ALL RIGHT.  WELL, THE NARROWING WAS NOT

20   GOOD ENOUGH SO I'M THINKING ABOUT CONTINUING THIS

21   TRIAL TO FALL.  WE COULD DO IT 2013.

22             BUT IT'S SIMPLY NOT GOING TO BE POSSIBLE

23   FOR ONE JURY TO DO 7 -- 16 UTILITY PATENTS, SIX

24   DESIGN PATENTS, FIVE TRADE DRESSES, SIX TRADEMARKS,

25   AN ANTI-TRUST CASE AND ABOUT 37 ACCUSED DEVICES.

1      I THINK THAT'S CRUEL AND UNUSUAL

2  PUNISHMENT TO A JURY AND SO I'M NOT WILLING TO DO

3  IT.

4      SO I CAN EITHER JUST VACATE THE TRIAL

5  DATE AND WE CAN JUST HAVE A CONFERENCE, I CAN SET A

6  STATUS CONFERENCE FOR LATER AT THE END OF THE

7  SUMMER.  I CAN VACATE THE SUMMARY JUDGEMENT

8  DEADLINES AS WELL.  WHAT WOULD YOU LIKE TO DO?

9      MR. VERHOEVEN:  YOU WOULD LIKE --

10      THE COURT:  I MEANT NARROW AND THIS IS

11  NOT WHAT I GOT.  SO I AM NOT IN THE MOOD TO

12  CONTINUE THIS.  SO WE DON'T HAVE TO HAVE A TRIAL IN

13  JULY.

14      MR. MCELHINNY:  I CAN EXPLAIN TO YOU WHY

15  WE THOUGHT WE HAD MET WHAT YOUR HONOR WANTED.

16      THE COURT:  WELL, THAT'S FINE, BUT IT

17  DIDN'T, SO I'M VACATING THIS TRIAL DATE.

18      MR. MCELHINNY:  BUT THEN WHAT I WOULD

19  APPRECIATE INSTEAD IS SOME GUIDANCE ABOUT WHAT

20  YOUR HONOR HAS IN MIND ABOUT WHAT WOULD LET US GO

21  TO TRIAL AND THEN ON FRIDAY WE WILL MEET THAT.

22      I TOLD YOU CLEARLY THE LAST TIME I WAS

23  HERE KEEPING THE TRIAL DATE IS OUR MOST IMPORTANT

24  THING.  I'M NOT GOING TO WASTE YOUR TIME NOW

25  TRYING -- OR I WILL -- WHY WE THOUGHT THIS DID IT.

1          BUT IF IT DOESN'T, WE WILL MEET WHATEVER

2     YOUR HONOR HAS IN MIND.  WE HAVE TO DO THAT.

3          THE COURT:  I'VE HEARD REPEATEDLY HOW

4     MANY DECADES OF EXPERIENCE EVERYONE HAS.  YOU TELL

5     ME YOU THINK A JURY WILL TAKE AND UNDERSTAND A CASE

6     WITH 37 ACCUSED PRODUCTS WITH 16 UTILITY PATENTS,

7     SIX DESIGN PATENTS, FIVE TRADE DRESS, SIX

8     TRADEMARK, AN ANTI-TRUST CASE?

9          YOU TELL ME.  DO YOU THINK A JURY IS

10    GOING TO BE ABLE TO UNDERSTAND THAT, BE ABLE TO

11    COMPREHEND THAT, GIVE FAIR AND JUST RULINGS ON ALL

12    OF THOSE?

13         MR. MCELHINNY:  THE ANSWER TO THAT

14    QUESTION IS I THINK IT CAN BE DONE.  I THINK IT

15    WOULD BE BETTER TO BREAK IT INTO PARTS, BUT I HAVE

16    NOT BEEN ABLE TO CONVINCE YOUR HONOR TO DO THAT.

17         BUT AT LEAST IN OUR CASE --

18         THE COURT:  PARTS MEANING WHAT?  FOUR

19    TRIALS?

20         MR. MCELHINNY:  WHAT WE HAD IN MIND WAS

21    TWO TRIALS.  BUT YOU COULD DO IT IN THREE.

22         THE COURT:  WELL, YOU ARE GOING TO HAVE

23    TO FIND ANOTHER JUDGE THEN BECAUSE I'M NOT GOING TO

24    DO THAT.  IT'S NOT HAPPENING IN THIS COURTROOM.

25         SO YOU ARE FREE TO SUE IN ANOTHER VENUE

1    AND GET FIVE OR SIX TRIALS AND GET ALL ACCUSED

2    DEVICES AND PATENTS YOU WANT BUT IT'S NOT HAPPENING

3    HERE.

4              MR. MCELHINNY:  I UNDERSTAND THAT,

5    YOUR HONOR.

6              BUT THE ANSWER TO YOUR QUESTION AT LEAST

7    ON OUR CASE, WE'VE GOT OUR CASE AND WE HAVE THE

8    CROSS COMPLAINT.  AND IN OUR CASE THE VAST MAJORITY

9    OF WHAT WE ARE TALKING ABOUT HAS TO DO WITH

10   DESIGNS.  THE VAST MAJORITY AND THE FACT THAT THERE

11   ARE A LARGE NUMBER OF ACCUSED DEVICES IS BECAUSE

12   THE PHONES KEEP COMING OUT.

13             IF I COULD START -- LET ME TELL YOU AT

14   LEAST WHAT WE ARE TRYING TO ACCOMPLISH.  WHICH IS

15   WE ARE DRIVEN IN THIS CASE BY REMEDIES.

16             IN OTHER WORDS, WE BROUGHT THIS CASE TO

17   GET INJUNCTIVE RELIEF TO TAKE ALL THE ACCUSED

18   DEVICES OFF THE MARKET.  IN THE MEANTIME WE HAVE

19   SUFFERED DAMAGES IN THE MULTIPLE OF BILLIONS OF

20   DOLLARS.

21             THE COURT:  YOU HAVE SEVEN UTILITY

22   PATENTS THAT YOU ARE ASSERTING.  SAMSUNG IS

23   ASSERTING NINE.  HOW WOULD ANY JURY BE ABLE TO DEAL

24   WITH THAT MUCH?

25             MR. MCELHINNY:  AT LEAST -- AGAIN,

1    SPEAKING FROM OUR CASE, THE ANSWER TO THAT IS I

2    THINK THE REAL QUESTION IS HOW MANY CLAIMS THEY'RE

3    BEING ASKED TO APPLY.

4          AND ON THE UTILITY PATENTS, WITH NOW ONE

5    EXCEPTION, THEY ARE ALL GRAPHIC INTERFACE PATENTS.

6    THEY ARE PATENTS THAT GO TO THE RUBBER BANDING

7    EFFECT.  THEY ARE PATENTS THAT GO TO THE SWEEP.

8          TO ME AT LEAST, THE CONCEPTUAL VISION I

9    HAVE OF THIS CASE IS ONE OF LOOK AND FEEL.  IT IS

10   HOW ALL OF THE ACCUSED DEVICES LOOK AND FEEL

11   EXACTLY LIKE THE IPHONE AND THE IPAD.

12         AND WHEN YOU ASKED YOURSELF WHY THEY DO

13   THAT, IT BREAKS DOWN INTO QUITE UNDERSTANDABLE

14   ELEMENTS WHICH IS THE DESIGN OF THE DEVICE AND HOW

15   IT OPERATES AS THE USER LOOKS AT IT

16         THE COURT:  ALL RIGHT.

17         WELL, I'M NOT HEARING THE ANSWER TO MY

18   QUESTION.

19         DO YOU WANT ME TO JUST VACATE IT AND WE

20   CAN SET THE FIRST TRIAL FOR 2013, SECOND TRIAL FOR

21   2014, THIRD TRIAL FOR 2015?   I CAN DO IT THAT WAY.

22         BUT IF YOU ARE GOING TO TRIAL IN JULY

23   THIS IS NOT GOING TO BE ACCEPTABLE AND SAME FOR

24   SAMSUNG.

25         SO EITHER I NEED FURTHER NARROWING OF

1    THIS CASE, AND I WANT SPECIFICALLY WHICH CLAIMS YOU

2    ARE GOING TO BE ASSERTING, OR I'M GOING TO VACATE

3    THE TRIAL.  WE DON'T HAVE TO GO TO TRIAL IN JULY.

4    I DON'T THINK THIS CASE IS READY FOR TRIAL IN JULY

5    IF YOU WANT TO GO FORWARD WITH THIS MUCH.  I DON'T

6    THINK IT'S POSSIBLE

7            MR. MCELHINNY:  THE ANSWER IS I WOULD

8    LIKE TO TAKE THE SECOND OPTION.

9            THE COURT:  OKAY.  SO WHEN ARE YOU GOING

10   TO DO THAT?  I WANTED THIS TO BE THE DATE.

11           MR. MCELHINNY:  I UNDERSTAND.

12           I'M NOT GOING TO ASK FOR BEYOND FRIDAY TO

13   GET IT TO YOU.  BUT I DON'T THINK YOU ARE GOING TO

14   GIVE ME MANY MORE CHANCES BEYOND FRIDAY, SO I WOULD

15   LIKE SOME GUIDANCE.

16           TO BE CLEAR, WHEN YOUR HONOR IS LOOKING

17   AT THE ENTIRE CASE WHICH IS APPROPRIATE, SO YOU ARE

18   LOOKING AT NINE SAMSUNG PATENTS AND A 136 CLAIMS

19   THERE, SAMSUNG HAS NO INTEREST IN REDUCING THE

20   COMPLEXITY.

21           YOU ASKED US TO REDUCE MOTIONS, THEY

22   INCREASED THEM.  THEY HAVE NO INTEREST IN HOLDING

23   THE TRIAL DATE.  SO THE LEVERAGE OF THE TRIAL DATE

24   WORKS ONLY AGAINST MY CLIENT.  AND AS I'VE TOLD

25   YOU, WE WILL DO WHATEVER WE NEED TO DO TO HOLD THE

1    TRIAL DATE.

2              AND TO THE EXTENT IF YOU HAVE A BALLPARK

3    IN MIND ABOUT WHAT WE NEED TO COME BACK WITH I

4    WOULD APPRECIATE THAT GUIDANCE BECAUSE I DON'T WANT

5    TO MISS IT AGAIN.

6              THE COURT:  WELL, AS FAR AS ANY -- IT

7    DEPENDS ON WHAT COMBINATION YOU ARE GOING TO DO.

8    BUT I WOULD THINK ON A UTILITY PATENT, AT MOST --

9    WELL, I WOULD LIMIT IT, I GUESS, TO EVEN CLAIM

10   TERMS.  I THINK THREE OR FOUR IS PROBABLY THE MOST

11   THAT CAN BE DONE, AT THE MOST.

12             37 ACCUSED PRODUCTS?  THAT'S TOO MANY.

13             MR. MCELHINNY:  MAY I JUST BE HEARD --

14             THE COURT:  AT THIS POINT I'M NOT GOING

15   TO GIVE YOU EXACT LIMITS.  I SUSPECT IF I DO THAT

16   THEN ON APPEAL YOU'RE BOTH GOING TO ARGUE THAT I

17   VIOLATED YOUR DUE PROCESS RIGHTS IN NOT LETTING YOU

18   BRING YOUR CASE.

19             BUT IT NEEDS TO BE VERY MANAGEABLE FOR A

20   JURY TO UNDERSTAND.  AND I THINK WHAT YOU BOTH

21   SIDES HAVE PRESENTED IS NOT THERE.

22             SO IF IT REMAINS LIKE THIS SCOPE THEN I'M

23   JUST GOING TO VACATE IT.

24             MR. MCELHINNY:  I AM HEARING YOU LOUDLY

25   AND CLEARLY.

1          THE COURT:  YEAH.

2          SO THEN TELL ME WHEN BOTH SIDES -- AND I

3     DON'T WANT JUST YOUR LISTING OF WE'LL DISMISS, YOU

4     KNOW, I WANT IT TO BE MORE IN THE AFFIRMATIVE.  WE

5     ARE PLANNING GO TO TRIAL ON CLAIM 2 OF PATENT

6     WHATEVER.  I WANT IT TO BE VERY SPECIFIC, VERSUS,

7     THIS IS WHAT WE ARE WILLING TO DISMISS.

8          I WANT TO KNOW WHAT EXACTLY YOU WANT TO

9     PRESENT TO THE JURY AND HAVE THE JURY DECIDE.

10          SO ARE YOU GOING TO MEET AND CONFER

11     TOMORROW?  I MEAN, AT FIRST I THOUGHT WELL MAYBE

12     YOU WANT TO DO SOME NARROWING AFTER SUMMARY

13     JUDGEMENT, BUT APPLE IS NOT EVEN FILING ANY SUMMARY

14     JUDGEMENT MOTIONS.  SO THERE'S NOT REALLY ANY MORE

15     GUIDANCE YOU ARE WAITING ON FROM THE COURT TO

16     NARROW YOUR CASE.

17          SAMSUNG IS GOING TO GO ON SOME INVALIDITY

18     SUMMARY JUDGEMENT, MAYBE THAT MIGHT NARROW THE CASE

19     AND FUNCTIONALITY OF THE TRADE DRESS TRADEMARK, BUT

20     I DON'T SEE ANY MORE NARROWING FROM APPLE'S

21     PERSPECTIVE.

22          MR. MCELHINNY:  WELL, I THINK IT FULLY

23     WORKS THE OPPOSITE WAY, YOUR HONOR.

24          WE WOULD NARROW THE RESPONSE IF THEY --

25     IF YOUR HONOR ALLOWED THEM TO FILE SUMMARY

1    JUDGEMENT MOTIONS, THEN OBVIOUSLY WE WOULD NARROW

2    IN RESPONSE TO WHATEVER HAPPENED ON THEIR SUMMARY

3    JUDGEMENT MOTIONS.

4              THE FACT THAT WE ARE NOT FILING ANY

5    DOESN'T -- WE ARE NOT FILING AFFIRMATIVE ONES, BUT

6    IN ORDER TO REDUCE THE PAPERWORK WE ARE NOT

7    CHALLENGING THE SAMSUNG PATENTS, WE WILL BE

8    PREPARED TO DO THAT AT TRIAL.

9              THE COURT:  WELL, I'M -- I WOULD LIKE TO

10   SET ANOTHER DATE THEN FOR YOU ALL TO MEET AND

11   CONFER.  AND I DON'T WANT THESE, WE CALL THEM AT

12   9:00 AND THEY DIDN'T RESPOND TO 8:30, THIS BACK AND

13   FORTH.  I WOULD JUST LIKE THE DISCUSSION TO BE HEAD

14   TO NARROW THIS CASE FURTHER IF YOU WANT A TRIAL

15   THIS SUMMER.

16             AND IF YOU DON'T WANT A TRIAL THIS SUMMER

17   THEN THAT'S FINE.  I'M PERFECTLY FINE WITH HAVING

18   THIS CASE KEEP CHURNING FOR A COUPLE OF YEARS YOU

19   CAN GET MORE DISCOVERY YOU CAN DESIGNATE MORE

20   EXPERTS YOU CAN PRODUCE MORE EXPERT REPORTS.

21             BUT IF YOU WANT TO GO TO TRIAL I NEED TO

22   SEE FURTHER NARROWING.  SO ARE YOU GOING TO DO THAT

23   BY FRIDAY?

24             MR. MCELHINNY:  ACTUALLY, NOW I WOULD

25   LIKE TO MOVE IT TO MONDAY, YOUR HONOR, IF YOU ARE

1        GOING TO WANT THE SPECIFIC CLAIMS.

2                THE COURT:  THAT'S FINE.

3                MR. MCELHINNY:  MAY I ASK JUST A

4        CLARIFICATION?  WHEN YOU SAY THREE CLAIM TERMS, ARE

5        YOU TALKING ABOUT SPECIFIC CLAIMS?

6                THE COURT:  WELL, I GUESS THAT'S WHY I'M

7        NOT INCLINED TO SAY IN THE ABSTRACT EXACTLY HOW

8        MANY CLAIMS BECAUSE IF YOU'RE ASKING FOR THE JURY

9        TO CONSTRUE SEVEN TERMS OUT OF ONE CLAIM, THEN

10       THAT'S DIFFERENT.

11               LET ME SEE, INSTEAD OF PUTTING THE ONUS

12       ON ME TO DEFINE YOUR CASE, MAKE YOUR PROPOSAL OF A

13       MUCH MORE NARROWED CASE THAT A JURY CAN ABSORB AND

14       UNDERSTAND AND FAIRLY ADJUDICATE AND THEN WE CAN

15       TALK FURTHER.

16               MR. MCELHINNY:  THANK YOU, YOUR HONOR.

17               THE COURT:  I NEED TO KNOW WHAT CLAIMS

18       YOU ARE ASSERTING AND WHAT TERMS WITHIN THAT CLAIM

19       THE JURY WILL NEED -- WILL BE THE MOST IN DISPUTE.

20               MR. MCELHINNY:  THANK YOU, YOUR HONOR.

21               THE COURT:  OKAY.

22               MR. MCELHINNY:  IF I COULD JUST REPEAT

23       ONCE MORE, I KNOW YOUR HONOR KNOWS THIS.

24               WE ARE THE ONLY PARTY THAT WANTS TO GO TO

25       TRIAL THIS SUMMER.  SAMSUNG HAS NO INTEREST IN

1    GOING TO TRIAL THIS SUMMER.  THEY HAVE BEEN TELLING

2    YOU THAT SINCE THE FIRST TIME WE HAD A CASE

3    MANAGEMENT CONFERENCE.

4         SO THIS LEVERAGE WORKS ON US AND WE WILL

5    DO EVERYTHING WE CAN TO KEEP THE TRIAL DATE BUT IT

6    DOESN'T WORK ON BOTH PARTIES.

7         THE COURT:  WELL, IF SAMSUNG IS

8    UNREASONABLE IN LIMITING ITS CASE THEN I MIGHT JUST

9    MAKE MY OWN DECISION ABOUT WHICH OF ITS TERMS ARE

10   GOING TO TRIAL AND WHICH OF ITS CLAIMS ARE GOING TO

11   TRIAL, SO I HOPE IT DOESN'T GET TO THAT.

12        MR. VERHOEVEN:  YES, YOUR HONOR.

13        WE ARE HOPING FOR A MUCH NARROWER CASE

14   AND WE HAVE INDICATED TO YOUR HONOR THAT WE WILL

15   REDUCE THE NUMBER OF PATENTS WE HAVE ASSERTED.

16        AND IF WE CAN GET TOGETHER WITH THEM FOR

17   REDUCTION IN PARODY, I WILL REPRESENT TO YOU THAT

18   WE WILL BE WILLING TO REDUCE OUR CASE.

19        THE PROBLEM IS WE WOULD BE SUBSTANTIALLY

20   PREJUDICED IF THEY ARE GOING ON 30 PLUS IPA SETS

21   AND WE REDUCE DOWN TO TWO, AS YOUR HONOR I'M SURE

22   CAN APPRECIATE, SO IT'S SORT OF A NEGOTIATION.

23        AND YOUR HONOR, AS I RECALL IN THE LAST

24   HEARING VERY CLEARLY SET -- INDICATED THAT THE

25   TRIAL DATE WAS DEPENDENT UPON REDUCTION AND WE ARE

13

1    PERFECTLY WILLING TO DO THAT BUT IT HAS TO BE

2    BILATERAL.

3              THE COURT:  WELL, I THINK IT HAS TO BE

4    BILATERAL JUST BECAUSE I DON'T THINK A JURY WILL BE

5    ABLE TO REALLY COMPREHEND AND GIVE YOU A FAIR

6    DECISION AND ABSORB ALL THE INFORMATION YOU ARE

7    PROVIDING.

8              MR. VERHOEVEN:  YES, YOUR HONOR.

9              THE COURT:  SO I WANT THAT FILED BY

10   MAY 7TH.

11             NOW ASSUMING THIS IS GOING FORWARD WHICH

12   I HAVEN'T MADE A DECISION AT THIS POINT, NOW APPLE

13   HAS FILED A MOTION FOR ADVERSE INFERENCE JURY

14   INSTRUCTIONS DUE TO SAMSUNG'S SPOLIATION OF

15   EVIDENCE, IS THEIR MOTION.

16             I THINK THAT THAT IS MORE APPROPRIATELY

17   DECIDED BY JUDGE GREWAL.  I'VE QUICKLY REVIEWED

18   THIS AND HE IS MORE FAMILIAR WITH WHAT E-MAILS MAY

19   OR MAY NOT HAVE BEEN RETAINED AND WHETHER IT WAS OR

20   WAS NOT IN COMPLIANCE WITH HIS ORDERS

21             MR. MCELHINNY:  MAY I BE HEARD BRIEFLY ON

22   THAT?

23             THE COURT:  YES.

24             MR. MCELHINNY:  THE REASON WE FILED IT

25   WITH YOU, TWO REASONS.

1          ONE BECAUSE WE WERE ASKING FOR A JURY

2     INSTRUCTION.

3          BUT TWO, ALSO IN THE PREVIOUS SANCTIONS

4     MOTION THAT JUDGE GREWAL ISSUED HE ACTUALLY

5     MENTIONED IN THERE THAT HE WAS VERY UNCOMFORTABLE

6     WITH GETTING INTO YOUR JURISDICTION IN TERMS OF

7     ADVERSE INFERENCES AND THINGS THAT WOULD AFFECT THE

8     TRIAL.

9          SO WE WILL GO WHEREVER YOU WANT US TO GO,

10    BUT IF YOU ARE GOING TO MAKE A REFERENCE WE WOULD

11    ASK YOU TO MAKE IT CLEAR TO JUDGE GREWAL THAT HE

12    HAS THE AUTHORITY, YOU'VE GIVEN HIM THE AUTHORITY

13    TO DO THIS.

14          THE COURT:  I'VE SPOKEN WITH HIM AND HE

15    SAID HE INCLUDED THAT, NOT TO STEP ON MY TOES, BUT

16    FOR CERTAIN ISSUES IF HE HAS THE INSTITUTIONAL

17    KNOWLEDGE OF HAVING BEEN WITH YOU ALL THROUGH ALL

18    OF THESE DISCOVERY MOTIONS, THEN I THINK IT MAKES

19    THE MOST SENSE FOR THAT TO GO TO HIM.

20          NOW I'M PLANNING AND WILL GO THROUGH THIS

21    ASSUMING THE TRIAL STAYS ON TRACK, ON KEEPING ALL

22    THE DAUBERT MOTIONS ALL THE MOTIONS IN LIMINE,

23    SUMMARY JUDGEMENT, AND WE CAN TALK ABOUT ANY

24    FURTHER CLAIM CONSTRUCTION FOR THE DESIGN PATENTS.

25          BUT FROM MY REVIEW OF THIS MOTION, AND I

1    HAVE SPOKEN WITH HIM AND AS LONG AS I GIVE A CLEAR

2    REFERRAL, HE IS FINE --

3              MR. MCELHINNY:  GREAT.  THEN WE ARE TOO,

4    YOUR HONOR.

5              THE COURT:  -- WITH TAKING THIS.

6              OKAY.  SO THE MOTION FOR ADVERSE

7    INFERENCE JURY INSTRUCTION WILL GO TO JUDGE GREWAL,

8    AND I'VE ALREADY SPOKEN WITH HIM.

9              IN ADDITION, I UNDERSTAND BOTH SIDES WANT

10   TO FILE A MOTION TO STRIKE FOR LATE DISCLOSED

11   DISCOVERY/THEORIES.

12             IF IT'S CONCERNING WHETHER DISCOVERY IS

13   TIMELY PRODUCED OR NOT, IT SHOULD GO TO

14   JUDGE GREWAL SINCE HE'S HEARD ALL THE DISCOVERY

15   MOTIONS IN THIS CASE.

16             AND I HAVE SPOKEN WITH HIM AND HE'S MORE

17   THAN HAPPY TO TAKE THOSE.  I ASSUME THERE'S GOING

18   TO BE JUST ONE PER SIDE, I'M ONLY GOING TO ALLOW

19   ONE PER SIDE.

20             MR. MCELHINNY:  THAT'S ALL WE WANT,

21   YOUR HONOR.

22             THE COURT:  SO THOSE WILL GO BEFORE

23   JUDGE GREWAL AS WELL.

24             ONE EACH.  HE SAID FOLLOW THE LOCAL RULES

25   IN TERMS OF LENGTH OF BRIEFING.

1          ON THE DAUBERT MOTIONS EACH SIDE WILL

2     HAVE 25 PAGES FOR BOTH OPENING AND OPPOSITION AND

3     15 PAGE REPLY.

4          FOR MOTIONS IN LIMINE THE MAXIMUM WILL BE

5     TEN MOTIONS PER SIDE AND YOU WILL HAVE 30 PAGES FOR

6     MOTIONS AND OPPOSITIONS.  NO REPLIES.

7          WITH REGARD TO THE DESIGN PATENT CLAIM

8     CONSTRUCTION ISSUE, I'M NOT CLEAR ON WHAT IT IS

9     THAT NEEDS TO BE CONSTRUED.  I CAN EITHER SET AN

10    ABBREVIATED SHORTENED BRIEFING SCHEDULE FOR THIS

11    AND HAVE THIS HEARD ON THE PRETRIAL CONFERENCE,

12    THAT'S MY INCLINATION, 15 PAGES OPENING, 15 PAGES

13    OPPOSITION, 5 PAGE REPLY, BUT I JUST WASN'T CLEAR

14    ON WHAT IT IS YOU ARE SAYING NEEDS CONSTRUCTION.

15          DO YOU HAVE ANY MORE ON THAT ISSUE?

16          MR. VERHOEVEN:  YES, YOUR HONOR.

17          I WILL GIVE YOU THE MORE.  BUT ON THE

18    SCHEDULING, I WAS ACTUALLY THINKING PERHAPS WE

19    COULD SCHEDULE IT FOR THE SAME TIME AS THE SUMMARY

20    JUDGEMENT HEARING THAT'S ALREADY GOING TO BE ON

21    YOUR CALENDAR I THINK, YOUR HONOR, JUNE 21ST.  I

22    DON'T KNOW IF THAT WORKS FOR YOUR HONOR OR NOT.

23          AND TO ANSWER THE QUESTION, UNDER THE

24    CASE LAW -- THERE'S NOT A LOT OF CASE LAW ON DESIGN

25    PATENTS AS YOUR HONOR KNOWS, BUT UNDER EGYPTIAN

1    GODDESS IT'S CLEAR CONSTRUCTION ISSUES FOR DESIGN

2    PATENTS AS WELL AS UTILITY PATENTS ARE A MATTER OF

3    LAW FOR THE JUDGE AND NOT FOR THE JURY.

4            THE COURT:  WHAT ARE THE SPECIFIC DESIGN

5    FEATURES THAT YOU WANT TO CONSTRUE?

6            MR. VERHOEVEN:  WELL, THE MOST IMPORTANT

7    ASPECT IS DISTINGUISHING BETWEEN FEATURES OF THE

8    CLAIMED DESIGN THAT ARE ORNAMENTAL AS OPPOSED TO

9    THOSE THAT ARE FUNCTIONAL WHICH IS REFERRED TO IN

10   EGYPTIAN GODDESS AND IN THE RICHARDSON CASE,

11   YOUR HONOR.

12           THE COURT:  YEAH, NO.

13           I'M NOT ASKING ABOUT THE LAW, I'M ASKING

14   WHAT ARE THE SPECIFIC FEATURES THAT YOU'RE

15   REQUESTING BE CONSTRUED?

16           MR. VERHOEVEN:  WHAT WE WOULD DO IS WE

17   WOULD ASK FOR YOUR HONOR'S RULES AS A MATTER OF LAW

18   AS TO WHICH FEATURES ARE FUNCTIONAL, AND I'M NOT

19   PREPARED TO GIVE YOU A LIST OF THOSE RIGHT NOW,

20   YOUR HONOR.

21           BUT BEFORE IT GOES TO THE JURY FOR THE

22   JURY TO ASSESS INFRINGEMENT OR VALIDITY WE BELIEVE

23   IT WOULD BE APPROPRIATE FOR THE COURT TO ADDRESS

24   THOSE ISSUES SO THAT THE JURY HAS GUIDANCE ON THAT.

25           OTHERWISE, WE ARE GOING TO BE -- THEY ARE

1    GOING TO HAVE NO GUIDANCE AND WE ARE GOING TO HAVE

2    A SITUATION WHERE PEOPLE ARE GOING TO BE -- FOR

3    EXAMPLE, IN THE EXPERT REPORTS AND EXPERT DISCOVERY

4    THAT WAS RECENTLY TAKEN, IT IS OUR BELIEF THAT THE

5    MULTIPLE EXPERTS THAT APPLE HAS DISCLOSED HAVE

6    BASICALLY PUNTED ON THIS ISSUE OF JUST SAYING, HEY

7    IT LOOKS THE SAME, AND THEY HAVEN'T ADDRESSED WHICH

8    ASPECTS ARE FUNCTIONAL OR NOT.

9            JUST AS IN UTILITY PATENTS WHERE YOU NEED

10   TO HAVE CONSTRUCTION OF THE CLAIMS IN ORDER TO

11   PROVIDE GUIDANCE TO THE JURY AS TO THE METES AND

12   BOUNDS OF THE PROPERTY RIGHT.  SIMILARLY, IN THE

13   DESIGN PATENTS, ALTHOUGH GRANTED THEY ARE DIFFERENT

14   THAN UTILITY PATENTS, THE JURY STILL NEEDS GUIDANCE

15   FROM THE COURT AS TO WHAT ARE THE PURELY FUNCTIONAL

16   ASPECTS, SUCH AS YOUR HONOR, A ROUNDED RECTANGLE

17   GEOMETRIC SHAPE, IS IT FUNCTIONAL OR IS IT NOT?

18           THE COURT:  I'M SORRY, LET ME INTERRUPT

19   YOU.

20           MR. VERHOEVEN:  YES, YOUR HONOR.

21           THE COURT:  WILL THE FEDERAL CIRCUIT

22   PRELIMINARY INJUNCTION RULING GIVE US ANY GUIDANCE

23   ON THIS?

24           MR. VERHOEVEN:  IT MAY VERY WELL.

25           THE COURT:  OKAY.  DO WE HAVE A SENSE OF

1    WHEN THAT'S -- THEY INDICATE WHEN THEY MIGHT ISSUE

2    A RULING?

3            MR. MCELHINNY:  NOT AT ALL, YOUR HONOR.

4            MR. VERHOEVEN:  I THINK IT COULD BE ANY

5    DAY, YOUR HONOR.

6            THE COURT:  OKAY.  ALL RIGHT.

7            WELL, THIS IS WHAT I'M GOING TO PROPOSE.

8    A 15 PAGE OPENING BRIEF DUE JUNE 12TH.  A 15 PAGE

9    RESPONSE DUE JUNE 26TH.  A 5 PAGE REPLY DUE

10   JULY 30TH, AND I WILL HEAR THIS ON JULY 18TH AT THE

11   PRETRIAL CONFERENCE.

12           MR. VERHOEVEN:  IS THERE ANY CHANCE,

13   YOUR HONOR, GIVEN THERE ARE SEVEN DIFFERENT DESIGN

14   PATENTS THAT WE COULD HAVE 20 PAGES IN OUR OPENING

15   BRIEF?

16           THE COURT:  I'M JUST CONCERNED THAT I'M

17   NOT SURE I WILL HAVE THE BANDWIDTH AT YOUR PRETRIAL

18   CONFERENCE TO RULE ON THE HUNDREDS OF PAGES OF

19   MOTIONS IN LIMINE, THAT'S MY CONCERN.

20           NOW THE DAUBERT WILL BE DECIDED, THE

21   DAUBERT MOTIONS WILL BE DECIDED WITH THE SUMMARY

22   JUDGEMENTS ON JUNE 21ST.

23           MR. VERHOEVEN:  ONE SUGGESTION I HAVE IF

24   I MAY BE HEARD, YOUR HONOR.

25           THE COURT:  YES, SIR, PLEASE.

1           MR. VERHOEVEN:  PERHAPS IT WOULD MAKE

2     SENSE TO FILE THE PAPERS ON CLAIM CONSTRUCTION WITH

3     THE HOPE THAT THERE'S A RULING TO GIVE THE COURT

4     GUIDANCE OR TO THE EXTENT THERE IS GUIDANCE BEFORE

5     JUNE 21ST.

6           BUT IF THERE'S NOT THEN WE COULD

7     RESCHEDULE THAT.  I'M JUST A LITTLE CONCERNED

8     ABOUT, I'M NOT SURE IF I HEARD YOU SAY YOU WERE

9     THINKING ABOUT SCHEDULING IT FOR THE PRETRIAL

10    CONFERENCE.

11          I'M CONCERNED THAT'S SO CLOSE TO TRIAL IT

12    WOULD BE MORE HELPFUL FOR US AT LEAST IF FOR TRIAL

13    PREPARATION PURPOSES A RULING SOONER THAN THAT.

14          THE COURT:  WELL, I'M NOT EVEN SURE

15    CONSTRUCTION IS NECESSARY.

16          MR. MCELHINNY:  TO BE CLEAR, I HAVE BEEN

17    QUIET.  OUR POSITION IS THIS MAY WORK FOR THE

18    COURT, BUT THAT EGYPTIAN GODDESS MADE IT CLEAR THAT

19    CLAIM CONSTRUCTION OF DESIGN PATENTS IS NO LONGER

20    FAVORED.

21          IT'S ONE OF THE CHANGES THE CASE MADE.

22    IT MAY NOT BE REVERSIBLE TO DO IT, BUT THE GUIDANCE

23    TO THE DISTRICT COURTS WAS THAT'S NOT THE WAY TO GO

24    WITH DESIGN PATENTS.

25          THE COURT:  RIGHT.

1          BUT IT DOES SAY THAT IF THERE'S SOME

2     GUIDANCE WHETHER IT'S A JURY INSTRUCTION OR

3     SOMETHING, THE COURT SHOULD DO THAT.  I AGREE WITH

4     YOU THAT GENERALLY DESIGN PATENTS SPEAK FOR

5     THEMSELVES AND THE CIRCUIT IS NOT ENCOURAGING US TO

6     CONSTRUE THEM.

7          MR. VERHOEVEN:  YOUR HONOR, I'M QUOTING

8     FROM EGYPTIAN GODDESS IT SAYS -- THIS IS 543 F.3D

9     665 AT PAGE 680.

10          AND IT TALKS ABOUT THE TRIAL COURT CAN

11     USEFULLY GUIDE THE FINDER OF FACTS BY ADDRESSING A

12     NUMBER OF OTHER ISSUES THAT BEAR ON THE SCOPE OF

13     THE CLAIM.

14          THEN IT CALLS OUT SPECIFICALLY --

15          THE COURT:  I'VE GOT IT.

16          THOSE INCLUDE SUCH MATTERS AS DESCRIBING

17     THE ROLE OF PARTICULAR CONVENTIONS AND DESIGN

18     PATENT DRAFTING SUCH AS THE ROLE OF BROKEN LINES,

19     ET CETERA.

20          MR. VERHOEVEN:  THAT LAST BIT.

21          THE COURT:  I HEAR YOU.  I HEAR YOU.

22          BUT WITHOUT YOU TELLING ME WHAT IT IS

23     THAT YOU BELIEVE NEEDS CONSTRUCTION, IT'S DIFFICULT

24     FOR ME IN THE ABSTRACT TO SAY YES I'M GOING TO

25     CONSTRUE IT OR NOT.

1          MR. VERHOEVEN:  WE'RE GENERALLY --

2     FOCUSSING ON THE LAST CLAUSE OF THAT SENTENCE WHICH

3     IS THE DISTINCTION BETWEEN THE ORNAMENTAL AND THE

4     PURELY FUNCTIONAL.

5          AND I BELIEVE THAT WOULD BE HELPFUL FOR

6     THE JURY ESPECIALLY IN THIS CASE.

7          BUT IF WE BRIEFED THIS IN ACCORDANCE WITH

8     APPEARING ON JUNE 21ST AND THEN IF WE COULD MOVE IT

9     IF THE FEDERAL CIRCUIT HADN'T RULED OR IF THEY DID

10    WE COULD FILE A SUPPLEMENTAL TWO-PAGE STATEMENT OF

11    HOW WE THINK THAT ADDRESSES THINGS, I DON'T KNOW IF

12    THAT WOULD ADDRESS YOUR CONCERNS IN TERMS OF

13    TIMING, YOUR HONOR.

14         THE COURT:  WELL, MY CONCERN IS I HAVE A

15    WHOLE OTHER PRELIMINARY INJUNCTION MOTION IN THE

16    SECOND CASE.  AND I KNOW HOW MUCH WORK THAT TOOK

17    THE FIRST TIME AROUND.

18         AND I HAVE OTHER MATTERS AS WELL THAT ARE

19    SCHEDULED THROUGHOUT JUNE.  SO I JUST THINK

20    CAPACITY WISE, PROBABLY JULY WOULD BE BETTER ON

21    THAT ISSUE.

22         MR. VERHOEVEN:  I UNDERSTAND, YOUR HONOR.

23         THE COURT:  I'M EXPECTING THIS PI IS

24    GOING TO BE QUITE A BIG TASK.

25         MR. VERHOEVEN:  I UNDERSTAND, YOUR HONOR.

1          THE COURT:  LIKE THE LAST TIME AROUND.

2          SO THAT WOULD BE MY PREFERENCE.  I WISH I

3    COULD EXPEDITE IT FOR YOU BUT I'M THINKING IT JUST

4    MIGHT NOT BE POSSIBLE TO DO THAT.

5          SO I WOULD LIKE 15 PAGE OPENING

6    JUNE 12TH, 15 PAGE RESPONSE, JUNE 26TH AND 5 PAGE

7    REPLY JULY 3RD.

8          AND WHAT I WOULD LIKE TO DO IS AT THIS

9    POINT I THINK MORE CMC'S ARE BETTER JUST TO KEEP A

10   TIGHT CONTROL OF THINGS.  SO I WOULD LIKE TO HAVE A

11   CMC WHEN YOU ALL COME IN, I GUESS IT'S DIFFERENT

12   COUNSEL BUT THE SAME PARTIES, ON JUNE 7TH.

13          MR. VERHOEVEN:  YES, YOUR HONOR.

14          THE COURT:  WHEN YOU ARE HERE FOR THE PI

15   THEN WE CAN REFINE SOME OF THESE ISSUES.

16          MR. VERHOEVEN:  JUST SO IT'S A LITTLE BIT

17   OF BACKGROUND, YOUR HONOR, THERE ARE TWO ITC CASES

18   INVOLVING THE SAME PARTIES, APPLE AND SAMSUNG, THAT

19   ARE CURRENTLY SCHEDULED FOR TRIAL.          IN

20   FACT, THEY WILL BOTH BE IN TRIAL JUNE 7TH IN

21   ADDITION TO THE PI HEARING, AND THAT'S WHY WE HAVE

22   A WHOLE DIFFERENT TEAM HANDLING THE PI AND THE CMC

23   FOR THE LATER FILED CASE TODAY.

24          THE COURT:  OKAY.

25          MR. VERHOEVEN:  BECAUSE YOU SHOULD BE

1    DEALING WITH THE PEOPLE THAT YOU WILL BE DEALING

2    WITH AT THE PI, I ASSUME.

3              SO WE WON'T BE ABLE PHYSICALLY TO BE HERE

4    ON THE 7TH.

5              THE COURT:  OKAY.  THAT'S FINE.

6              WE WILL KEEP THEN THE NEXT CMC JUNE 21ST

7    WHICH IS WHEN WE ARE HAVING THE SUMMARY JUDGEMENT

8    HEARING.  THAT'S FINE.

9              MR. VERHOEVEN:  AND YOUR HONOR, I'M

10   ASSUMING THAT YOU WILL INDICATE QUICKLY TO US

11   WHETHER THE SUPPOSED NARROWING THAT'S GOING TO

12   OCCUR IS ACCEPTABLE AND THE DATES ARE STILL ON NEXT

13   WEEK OR WITHIN -- IS THERE SOME TIME FRAME WE

14   SHOULD LOOK FOR?

15             THE COURT:  WELL, AT THIS POINT WE SHOULD

16   KEEP JULY 30TH ON YOUR CALENDARS.

17             MR. VERHOEVEN:  I'M JUST WONDERING IF WE

18   SHOULD HAVE A CMC NEXT WEEK OR SOMETHING.

19             THE COURT:  WHEN DO YOUR ITC TRIALS

20   START?

21             MR. VERHOEVEN:  THE 30TH OF MAY.  WE WILL

22   HAVE TO LEAVE FOR WASHINGTON THE WEEK BEFORE THAT.

23             THE COURT:  OKAY.  THE WEEK OF THE 21ST?

24             MR. VERHOEVEN:  CORRECT, YOUR HONOR.

25             THE COURT:  I KNOW MAY 9TH IS REALLY FULL

 1    BUT THAT LOOKS LIKE THAT'S PROBABLY THE ONLY DAY,

 2    RIGHT, THAT THEY COULD COME BACK IN.

 3              YOU KNOW, AS MUCH AS I ENJOY SEEING YOU

 4    ALL, I'M NOT GOING TO SCHEDULE A CMC FOR NEXT WEEK.

 5    I WILL LOOK AT WHAT YOU HAVE TO FILE.

 6              I WILL SEE YOU THE 21ST OF JUNE.  IS

 7    THERE ANYTHING ELSE THAT WE NEED TO DISCUSS?  I

 8    THINK THAT WAS IT BASED ON THE CASE MANAGEMENT

 9    STATEMENTS.

10              MR. VERHOEVEN:  I HAVE NOTHING ELSE,

11    YOUR HONOR.

12              MR. MCELHINNY:  ON THE SPOLIATION MOTION

13    YOUR HONOR, YOU WILL REFER THAT TO THE MAGISTRATE

14    JUDGE AND WE WILL SET A HEARING DATE; IS THAT

15    RIGHT?

16              THE COURT:  YES, I'M REFERRING YOUR RULE

17    37(C)(1) MOTIONS TO STRIKE FOR UNTIMELY DISCOVERY

18    AND YOUR MOTION FOR ADVERSE INFERENCE JURY

19    INSTRUCTION TO JUDGE GREWAL.

20              MR. VERHOEVEN:  AND SO YOU KNOW,

21    YOUR HONOR, WE INTEND TO REQUEST A DIFFERENT DATE

22    THAN THE 7TH FOR THE SAME REASON THAT THE 7TH

23    WOULDN'T WORK FOR US FOR A CMC.

24              THE COURT:  NOW THAT THESE ARE OFF MY

25    CALENDAR FOR THE 7TH, YOU WILL HAVE TO SCHEDULE

1    THOSE WITH JUDGE GREWAL WITH MR. RIVERA.

2            IF THE TRIAL DOES GO FORWARD I'M NOT

3    GOING TO GO TO THE NINTH CIRCUIT JUDICIAL

4    CONFERENCE.  SO THE WEEK OF, WHAT IS THAT,

5    APRIL 13TH; IS THAT RIGHT?

6            AUGUST 13TH WE WILL BE IN TRIAL THAT FULL

7    WEEK.  AUGUST 13TH THROUGH THE 17TH I'M NOT GOING

8    TO THE CIRCUIT CONFERENCE.  SO THAT WILL BE A

9    FIVE-DAY TRIAL WEEK.

10           OKAY.  WHAT ELSE?

11           MR. VERHOEVEN:  I THINK PREVIOUSLY YOU

12   TOLD US WE WERE LIMITED TO 25 HOURS.  IS THAT WHAT

13   YOU JUST SAID, YOUR HONOR?

14           THE COURT:  NO, IT WILL MEAN THAT YOU ALL

15   WILL END SOONER SO I CAN START MY CRIMINAL TRIALS

16   SOONER.  I HAVE ANOTHER CRIMINAL TRIAL STARTING

17   AFTER YOU ALL.

18           MR. VERHOEVEN:  I HAVE NOTHING FURTHER.

19           MR. MCELHINNY:  NOTHING FURTHER IN THIS

20   CASE, YOUR HONOR.

21           THE COURT:  ANYTHING ELSE?  ALL RIGHT.

22           THANK YOU.

23           (WHEREUPON, THE PROCEEDINGS IN THIS

24   MATTER WERE CONCLUDED.)

25

1

2

3

4                          **CERTIFICATE OF REPORTER**

5

6

7

8              I, THE UNDERSIGNED OFFICIAL COURT

9     REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10    THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11    FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12    CERTIFY:

13              THAT THE FOREGOING TRANSCRIPT,

14    CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15    CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16    SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17    HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18    TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22

23              /S/_____
                SUMMER A. FISHER, CSR, CRR
24              CERTIFICATE NUMBER 13185

25              DATED:  MAY 11, 2012