HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO SEAL PORTIONS OF HEARING TRANSCRIPT (DKT. NO. 855) PURSUANT TO GENERAL ORDER NO. 59**<br><br>Date:　　June 5, 2012<br>Time:　　10:00 a.m.<br>Place:　　Courtroom 5, 4th Floor<br>Judge:　　Hon. Paul S. Grewal |

## I. BACKGROUND FACTS

Samsung's belated motion asks the Court to seal **111 portions** of the transcript of a hearing that took place **in open court**. (*See* Dkt. No. 855, Transcript of Proceedings, *Apple Inc. v. Samsung Elec. Co. et al.*, No. C-11-01846, March 27, 2012 ("Tr.").)  The March 27, 2012 hearing lasted several hours, and covered three motions. (*See* Dkt. No. 850.)  In addition to the parties' outside counsel, the hearing was also attended by in-house counsel for each party, and was open to the public and the press.

At the outset of the hearing, counsel for Apple—but not Samsung—alerted the Court that he might have to discuss or quote from exhibits that had been designated under the Protective Order. (Tr. at 4:5-9.)  The Court's response was unambiguous.  Judge Grewal stated that he had already discussed "transparency in this case," and that he was "not going to seal the courtroom." (*Id.* at 4:10-16.)  The Court instead recommended that the parties "do the best we can." (*Id.*)  Samsung voiced *no objection* to this decision and *never* requested that the Court close the courtroom.  The Samsung in-house representative and five outside counsel in attendance consented to a public airing of 142 pages worth of vigorous oral argument.

Samsung now asks the Court to redact 111 portions of the transcript of this proceeding.  Ironically, over half of the statements that Samsung wants to seal were made *by Samsung*. (*Id.* at 27:1-7; 30:1-4, 9-12; 31:5-8, 10-12, 18, 20-21; 32:6-8; 33:3-6, 9-11, 15-21, 24-25; 34:1-5, 8-11, 21-25; 35:1-2, 17-19; 36:3-6; 37:11-12, 14-17, 19-24; 38:11-13, 22-23; 39:18-25; 40:1; 45:12-14; 46:2-4, 7-11; 47:8-10, 12-15, 22-23, 25; 48:1, 11-13, 15-19; 49:2-5, 8-12; 55:6-10; 68:5-6, 8-9, 16-19, 22-25; 69:3-8, 71:5-6, 21-24; 73:8-9, 12-13, 17-18; 86:9-13; 88:19-21, 121:24-25; 122:1; 140:2-5.)  Given that Samsung voluntarily made these statements in open court—and never objected to the Apple statements it seeks to redact—Samsung cannot meet its heavy burden of redacting the public transcript.  Samsung never explains why any of the statements it identifies was sensitive, or how allowing them to remain in a public transcript would harm it.

For all of these reasons, the Court should deny Samsung's after-the-fact request, and refuse to redact any section of the March 27, 2012 transcript of proceedings.

## II. HEARING TRANSCRIPTS SHOULD NOT BE SEALED UNLESS THERE ARE "COMPELLING REASONS" FOR DOING SO

There is a "strong presumption in favor of access" by the public to court records. *Kamakana v. Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "A party seeking to seal a judicial record … must 'articulate[] compelling reasons supported by specific factual findings' that outweigh the general history of access and the public policies favoring disclosure …." *Id*. at 1178-79 (citations omitted); *see also TriQuint SemiConductor, Inc. v. Avago Techs. Ltd*., No. CV-09-1531-PHX-JAT, 2012 U.S. Dist. Lexis 58227, at *4 (D. Ariz. Apr. 25, 2012). A party trying to redact court records must proffer "specific facts as to how the use of [ ] information, as it appears in the transcript at issue, might 'become a vehicle for improper purposes.'" *Id*. at *19. "[H]ypothesis or conjecture" will not suffice. *Id*.

Courts in this Circuit recognize an exception to the "compelling reasons" standard. Courts considering whether to seal a "discovery document attached to a non-dispositive motion" often apply a more relaxed "good cause" standard under Rule 26(c). *Kamakana*, 447 F.3d at 1179. Samsung suggests that this test applies here. (Mot. at 3.) It does not.

Samsung is not asking the Court to seal an exhibit to a discovery motion. Samsung seeks redactions to a court record itself, *i.e*., the transcript of a public Court hearing. Parties trying to seal transcripts of court proceedings must satisfy the "compelling reasons" test. *See TriQuint*, 2012 U.S. Dist. LEXIS 58227, at *4; *Platypus Wear, Inc. v U.S. Fidel. & Guaranty Co.*, No. 09-2839-JLS (WVG), 2010 U.S. Dist. LEXIS 109822, at *5 (S.D. Cal. Oct. 15, 2010).[1] Samsung accordingly must prove that there are compelling reasons to redact the transcript at issue.

---

[1] The cases cited by Samsung are all inapposite because they do not address the standard for sealing portions of a hearing transcript. Rather than analyzing the propriety of sealing the record of an actual judicial proceeding, each of Samsung's cases considers the public's right to access extra-judicial materials like exhibits entered at trial or settlement information produced during discovery. *See Kamakana*, 447 F.3d at 1179 (considering documents attached to non-dispositive motions); *Phillips v. G.M. Corp*., 307 F.3d 1206, 1208-09 (9th Cir. 2002) (addressing confidential settlement information); *Valley Broadcasting Co. v. United States*, 798 F.2d 1289 (9th Cir. 1986) (considering audio and videotape exhibits used during trial); *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 591 (1978) (addressing tapes admitted into evidence at Watergate-related trial of President Nixon's advisers).

### III. THERE ARE NO "COMPELLING REASONS" TO REDACT THE MARCH 27 HEARING TRANSCRIPT

#### A. The Public Already Had Access to the Material in Question

Although Samsung ignores this fact, the March 27th hearing took place in open court. *See TriQuint*, 2012 U.S. Dist. LEXIS 58227, at *7 ("[T]he parties' requests are somewhat unusual in that they are seeking to seal portions of a transcript from a proceeding held in open court…. Members of the public were free to observe all or any part of the proceedings, and there is no indication that members of the public were not present at the proceedings."). Samsung did not ask to seal the courtroom, did not object when the Court stated that it would not seal the courtroom, made no effort to keep the public out of the courtroom, and took no steps to protect the information in the hearing transcript that it now seeks to redact. There is therefore no basis for Samsung's request. *Id.* at *15 ("[N]either party requested sealing of the proceeding before it took place nor voiced any concern at the proceeding about the disclosure of any information.").

Samsung's failure to take any precautionary measures in Court means that Samsung "already voluntarily 'let the cat out of the bag,'" and cannot "undo what is already done." *TriQuint*, 2012 U.S. Dist. LEXIS 58227, at *22. The information Samsung is trying to protect already "became public when the parties placed it on the record in open court…." *Id*.

Courts deny motions to seal in these circumstances. "[T]he onus is on the parties to request sealing of the courtroom *prior* to a hearing that will involve the discussion of allegedly confidential information…. It does not seem appropriate for the parties to engage in an open discussion on the record, without asking the Court to restrict public access, then follow the open discussion with an *ex post facto* application to seal the record." *Pfizer, Inc. v. Teva Pharms. USA, Inc.*, No. 08-1331, 2010 U.S. Dist. LEXIS 67631, at *10 (D.N.J. July 7, 2010); *see also Platypus*, 2010 U.S. Dist. LEXIS 109822, at *6-10 (agreement placed "on the record in open court … will not be confidential unless specific, articulable and compelling reasons justifying secrecy are made known to the Court before (or at least during) the on the record session. Afterwards is generally too late to make this showing."); *TriQuint*, 2012 U.S. Dist. LEXIS 58227, at *7-8.

Making matters worse, this is not a case in which "a witness giving testimony at an open proceeding [ ] unexpectedly blurt[ed] out information that is highly sensitive and confidential, leaving a party no method to limit any harm that may result from the disclosure other than seeking redaction of the injurious portion of the transcript." *TriQuint*, 2012 U.S. Dist. LEXIS 58227, at *13; *Pfizer*, 2010 U.S. Dist. LEXIS 67631, at *10-11. As noted, half of the statements that Samsung is trying to seal were made *by Samsung itself*. Samsung thus cannot complain of "any inadvertent or unexpected statements made … at the [ ] proceeding." *TriQuint*, 2012 U.S. Dist. LEXIS 58227, at *15.

For these reasons, Samsung's contention that "[t]he lines" it highlights "discuss or refer to the contents of documents that contain confidential and commercially sensitive information" makes no sense. (*See* Mot. at 3:18-21.) Samsung allowed all the statements at issue to be made in open court with no safeguards in place. Samsung's after-the-fact request comes far too late.

### B. Samsung Has Made No Particularized Showings of Harm

Samsung's motion also fails because Samsung has not shown how keeping the entire transcript of the March 27th hearing in the public record would injure it. A party attempting to seal the transcript of a court hearing "must articulate compelling reasons supported by specific factual findings" that support its proposed redactions. *TriQuint*, 2012 U.S. Dist. LEXIS 58227, at *4 (quoting *Kamakana*, 447 F.3d at 1178-79). Samsung did not even try to do this.

Samsung simply provides a chart of the portions of the hearing that it would like to excise, and asserts that it "has established good cause to permit sealing portions of the Transcript." (Mot. at 3:15-16.) Conclusory efforts like these do not establish that allowing public access will result in harm. *See TriQuint*, 2012 U.S. Dist. LEXIS 58227, at *18-19 ("TriQuint does not [ ] provide any specific facts as to how the use of this information, as it appears in the transcript at issue, might 'become a vehicle for improper purposes.'"); *Platypus*, 2010 U.S. Dist. LEXIS 109822, at *8 ("Defendant has not presented the Court with any facts by which it could conclude that public availability of the transcript will result in 'improper use of the (transcript) for scandalous or libelous purposes or infringement of trade secrets.'"); *Pfizer*, 2010 U.S. Dist. LEXIS 67631, at *13-15 ("Plaintiffs' motion is not supported by a brief or particularized

argument, and it is unexplained how the disclosure of this type of information could result in a specific and serious injury.").

Samsung likely decided not to attempt to show how continued public disclosure would injure it because such an effort would have been fruitless. The parties' discussions at the March 27th hearing regarding the documents and testimony at issue were at a high level of generality. Indeed, during oral argument, Samsung emphasized over a dozen times that the materials upon which the proposed redactions are based were just "very general comments" or "very broad statements." (*See* Tr. at 30:5-8; 33:12; 34:7-8; 35:6; 36:16; 38:18; 40:2; 40:4-5; 45:13-14; 45:21-23; 46:1-2; 46:22-25; 47:1-2; 47:4-5; 47:10.) Samsung's request to now seal over 100 sections of the transcript from the hearing flies in the face of these admissions.

Samsung has not "provide[d] [any] 'articulable facts' on which the Court could base a decision to seal portions of the record." *TriQuint*, 2012 U.S. Dist. LEXIS 58227, at *18.

### IV.   CONCLUSION

The Court unequivocally stated at the March 27, 2012 hearing that the courtroom would not be sealed. Samsung did not object to that decision, and the hearing proceeded in open court. Samsung offers no compelling reasons now to justify its attempt at an end-run around that ruling.

Dated: May 11, 2012                          MORRISON & FOERSTER LLP

                                             By:   */s/ Richard S.J. Hung*
                                                   RICHARD S.J. HUNG

                                                   Attorneys for Plaintiff
                                                   APPLE INC.