QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OBJECTIONS TO APPLE'S PETITION FOR ATTORNEYS' FEES PURSUANT TO THE COURT'S APRIL 23 ORDER** |

## OBJECTIONS

Apple's request for $29,167 in fees should be rejected because it is inadequately substantiated and overbroad. In its April 23 Order, noting that there was "little doubt that Apple [was] overreach[ing] in claiming the monetary sanctions it [sought]," the Court explicitly rejected most of Apple's claims for attorneys' fees. (Dkt. 880 at 9.) More specifically, the Court granted Apple's motion for an award of fees and expenses "incurred in connection with Apple's motion to compel that resulted in the December 22 Order." (*Id.*) The Court expressly denied Apple's motion for fees incurred (1) preparing the portions of Apple's December motion to compel that addressed issues beyond those that were the subject of the motion for sanctions; (2) analyzing Samsung's compliance with the September 28 Order and the parties' meet and confer efforts; (3) analyzing compliance with the December 22 Order; (4) reviewing and analyzing documents produced from December 22, 2011 to the present; and (5) preparing and filing the motion for sanctions itself. (*Id.*) Apple's request for fees does not comply with the Court's Order in several respects.

### Apple's Fee Request is Inadequately Substantiated

First, Apple fails to adequately substantiate the fees it seeks. The reasonableness of attorneys' fees is evaluated by determining the lodestar figure by "'multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate.'" *Grove v. Wells Fargo Financial Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010) (*quoting Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993)). The party requesting fees "bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986); *see also McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2008) (reversing an award and remanding where the district court failed to explain how the hours claimed were reasonable); *Grove*, 606 F.3d at 582-83 (upholding award where the "district court engaged in a thorough, line-by-line analysis of" time sheets and determined that hours were reasonable).

1    Here, while the Declaration of Jason Bartlett in Support of Apple's Petition for Attorneys'
2 Fees (Dkt. 906) ("Bartlett Declaration") claims that Apple's counsel uses task-based billing (*Id.*
3 ¶ 27), Apple fails to provide any detailed time records setting forth who did what, and when.
4 This is a necessary step because the Court specifically limited its fee award to only those fees
5 incurred in connection with a particular task – preparing certain discrete portions of Apple's
6 December 8, 2011 motion to compel.   Apple's descriptions do not provide the necessary level of
7 detail.   Instead, Apple provides a list of attorney names plus the corresponding number of hours
8 each attorney billed "in connection with the motion."   (Bartlett Decl. ¶ 6, Ex. 1.)   Apple does
9 not describe which tasks each attorney performed, how much time each of the tasks took, or when
10 those tasks were performed.   It also fails to provide the attorneys' individual billing rates.   In a
11 separate section of the Bartlett Declaration, Apple provides a general description of the role each
12 attorney played in the motion (such as "finalized the motion"), but again fails to describe specific
13 tasks or how many hours were spent on each task, thereby giving the Court no meaningful way to
14 assess whether any time spent was excessive.   (*Id.* ¶¶ 13-22.)   Without such detail, neither
15 Samsung nor the Court can determine whether the hours spent were "'excessive, redundant, or
16 otherwise unnecessary.'"   *McCown*, 565 F.3d at 1102 (*quoting Hensley v. Eckerhart*, 461 U.S.
17 424, 434 (1983)).   Apple's submission is impermissibly vague and unsubstantiated, and does not
18 properly support its fee request.   *See* Civil L.R. 37-4(b)(3) (party seeking attorneys' fees must
19 "itemize with particularity" the fees incurred); *see also, e.g., Entertainment Research Group, Inc.*
20 *v. Genesis Creative Group, Inc.*, 122 F.3d 1121, 1232 (9th Cir. 1997) (holding that the district
21 court "abused its discretion by not requiring [the defendant] to submit its original time records and
22 billing statements"); *Allianz Life Ins. v. Agorio*, -- F.Supp. 2d --, 2012 WL 440722, at *6 (N.D.
23 Cal. Feb. 10, 2012) (noting that "[d]etailed billing records—e.g., hourly invoices—are generally
24 required to assist the court in its determination of reasonable fees").

25    **Apple Seeks Fees For Tasks Specifically Excluded By the Court's Order**
26    Apple's fee request should be rejected for the additional reason that it seeks fees for
27 specific tasks not approved in the Court's Order.   For example, Apple appears to seek fees for
28 preparing and filing an ancillary motion for administrative relief from the lead counsel meet and

1  confer requirement, and for preparing and filing an ancillary motion to shorten time.   (Bartlett
2  Decl. ¶¶ 7-8.)   The Court's Order awarding limited fees did not identify any of those fees as
3  recoverable, nor were they necessary for, or related to, the specific issues raised in the relevant
4  portions of Apple's December 8, 2011 motion to compel.   (Dkt. 880 at 9.)   Likewise, Apple
5  appears to seek fees for analyzing the parties' meet and confer record, and for reviewing and
6  analyzing Samsung's production (Bartlett Decl. ¶ 7.)   The Court expressly denied Apple's
7  motion for fees incurred in carrying out those tasks.   (Dkt. 880 at 9 (specifying that Apple may
8  not recover fees for "analysis of Samsung's compliance with the September 28 Order [or] the
9  parties' meet and confer efforts").)
10       Because Apple does not provide detailed billing records, the Court cannot simply subtract
11  the overreaching entries.   Nor can the Court meaningfully evaluate Apple's apportionment of
12  $29,167, or one-fourth of the total cost, to determine whether the amount Apple seeks represents
13  only the fees Apple incurred in drafting the sections of its motion to compel related to the two
14  categories of documents that were subject to its motion for sanctions.

### **Conclusion**

16       For the foregoing reasons, Samsung respectfully requests that the Court decline to award
17  Apple the $29,167 in fees it seeks due to Apple's failure to properly substantiate its request, and
18  its inclusion of fees for tasks expressly disapproved by the Court's April 23, 2012 Order.
19  Alternatively, Samsung requests that Apple be ordered to provide the information the Court needs
20  to properly evaluate the fee request by filing a supplemental declaration with detailed billing
22  records identifying precisely which fees were incurred by which attorneys for which tasks, and
23  when.
24  //
25  //
26  //
27  //

02198.51855/4749246.4                            -3-                            Case No. 11-cv-01846-LHK
SAMSUNG'S OBJECTIONS TO APPLE'S REQUEST FOR ATTORNEYS' FEES

1  DATED: May 14, 2012            QUINN EMANUEL URQUHART &
2                                 SULLIVAN, LLP
3
4                                 By  /s/ Victoria Maroulis
                                      Charles K. Verhoeven
5                                     Kevin P.B. Johnson
                                      Victoria F. Maroulis
6                                     Michael T. Zeller

7                                     Attorneys for SAMSUNG ELECTRONICS CO.,
                                      LTD., SAMSUNG ELECTRONICS AMERICA,
8                                     INC., and SAMSUNG
                                      TELECOMMUNICATIONS AMERICA, LLC
9