1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Charles K. Verhoeven (Bar No. 170151)
2    charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5    Kevin P.B. Johnson (Bar No. 177129
     kevinjohnson@quinnemanuel.com
6    Victoria F. Maroulis (Bar No. 202603)
     victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:     (650) 801-5000
   Facsimile:     (650) 801-5100
9
     Michael T. Zeller (Bar No. 196417)
10   michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
14 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

15

16                 UNITED STATES DISTRICT COURT

17      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18 APPLE INC., a California corporation,          CASE NO. 11-cv-01846-LHK

19                Plaintiff,                      **DECLARATION OF MARK TUNG IN
                                                  SUPPORT OF SAMSUNG'S MOTION
20        vs.                                     FOR CLARIFICATION**

21 SAMSUNG ELECTRONICS CO., LTD., a
   Korean business entity; SAMSUNG
22 ELECTRONICS AMERICA, INC., a New              Date:     June 19, 2012
   York corporation; SAMSUNG                     Time:     10:00 a.m.
23 TELECOMMUNICATIONS AMERICA,                    Place:    Courtroom 5, 4th Floor
   LLC, a Delaware limited liability company,     Judge:    Hon. Paul S. Grewal
24
                  Defendant.
25

26

27                  **PUBLIC REDACTED VERSION**

28

02198.51855/4750626.2
                                                      Case No. 11-cv-01846-LHK
        DECLARATION OF MARK TUNG IN SUPPORT OF SAMSUNG'S MOTION FOR CLARIFICATION

1     I, Mark Tung, declare as follows:

2         1.      I am an associate in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP,

3   counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung

4   Telecommunications America, LLC (collectively, "Samsung").  I submit this declaration in

5   support of Samsung's Motion for Clarification Regarding the Court's May 4, 2012 Order.  I have

6   personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I

7   could and would testify to such facts under oath.

8         2.      Attached hereto as Exhibit 1 is a true and correct copy of excerpts from the

9   transcript for the April 24, 2012 hearing on Apple's Rule 37(b) Motion Based On Samsung's

10  Violation of the Court's December 22, 2011 Order Regarding Source Code.

11        3.      Following the hearing, Samsung conducted a detailed review of its December 30,

12  2011 production of source code.  ███████████████████████████████████████

13  ██████████████████████████████████████████████████████████████████

14  ███████████████████████████████████████████                            As a result of

15  this review, Samsung confirmed that the blue glow source code is present in the versions of source

16  code produced on December 30, 2011 for at least the Galaxy S II (Android Gingerbread 2.3.5),

17  Exhibit 4G (Android Gingerbread 2.3.3), Epic 4G (Android Gingerbread 2.3.6), and Galaxy Tab

18  10.1 (Android Honeycomb 3.1).  Source code files for these products, as they appear on the source

19  code review computer at Quinn Emanuel's Redwood Shores office, are date-stamped December

20  20, 2011.

21        4.      I am informed that Apple's experts requested printouts of Samsung's timely

22  production of blue glow source code on January 6, 2012, and received Bates-stamped printouts of

23  the code on January 9. 2012.  Attached hereto as Exhibit 2 is a true and correct copy of a letter

24  from Samsung's counsel to Apple's counsel, dated January 9, 2012, accompanying the delivery of

25  these printouts.

26        5.      █████████████████████████████████████████

27  ██████████████████████████████████████████████████████████████████

28  ██████████████████████████████████████████████████████████████████

1 ████████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████████████

3 ████████████████████████████████████

4        6.        Attached hereto as Exhibit 3 is a true and correct copy of excerpts from the

5 February 1, 2012 deposition transcript of Qi Ling, a Samsung witness, in which Apple's counsel

6 questioned Mr. Ling about the blue glow functionality.

7        7.        Attached hereto as Exhibit 4 is a true and correct copy of excerpts from the January

8 12, 2012 deposition transcript of Wookyun Kho, a Samsung witness, in which Apple's counsel

9 questioned Mr. Kho about the blue glow functionality.

10        8.        Attached hereto as Exhibit 5 is a true and correct copy of excerpts from the March

11 8, 2012 deposition transcript of Ioi Lam, a Samsung witness, in which Apple's counsel questioned

12 Mr. Lam about the blue glow functionality.

13        9.        Attached hereto as Exhibit 6 is a true and correct copy of excerpts from the January

14 27, 2012 deposition transcript of Jaegwan Shin, a Samsung witness, in which Apple's counsel

15 questioned Mr. Shin about the blue glow functionality.

16        10.        Attached hereto as Exhibit 7 is a true and correct copy of excerpts from the April

17 26, 2012 deposition transcript of Dr. Jeffrey Johnson, a Samsung expert witness, in which Apple's

18 counsel questioned Dr. Johnson about the blue glow functionality as it is implemented in

19 numerous accused products and applications.

20        11.        Attached hereto as Exhibit 8 is a true and correct copy of excerpts from the May

21 12, 2012 deposition transcript of Dr. Michael Wagner, a Samsung expert witness, in which

22 counsel for Apple discussed the impact of the May 4, 2012 Order.

23        12.        Attached hereto as Exhibit 9 is a true and correct copy of excerpts from the April

24 20, 2012 deposition transcript of Apple's infringement expert, Dr. Ravin Balakrishnan, discussing

25 his review of physical samples of Samsung products containing the blue glow and "bounceback"

26 functionality.

27        13.        Attached hereto as Exhibit 10 is a true and correct copy of excerpts from the

28 August 16, 2011 deposition transcript of Dr. Balakrishnan.

1      14.     Attached hereto as Exhibit 11 is a true and correct copy of excerpts from the Expert

2  Report of Ravin Balakrishnan, Ph.D. Regarding Infringement of U.S. Patent No. 7,469,381.

3      15.     Apple has refused to make the devices upon which Dr. Balakrishnan based his

4  infringement report available for inspection.  Samsung's counsel requested to inspect the device on

5  April 22, 2012.  Following Apple's refusal, Samsung reiterated its request by letter dated May 6,

6  2012.  Attached hereto as Exhibit 12 is a true and correct copy of the May 6, 2012 letter from

7  Samsung's counsel to Apple's counsel.

8      16.     Attached hereto as Exhibit 13 is a true and correct copy of a letter from Apple's

9  counsel to Samsung's counsel, dated May 10, 2012, in which Apple again refused to make

10  available for inspection the devices upon which Dr. Balakrishnan based his infringement report.

11      17.     Attached hereto as Exhibit 14 is a true and correct copy of a letter from Apple's

12  counsel to Samsung's counsel dated November 29, 2011 requesting documents relating to the blue

13  glow functionality that Samsung implemented in its products.

14      18.     Attached hereto as Exhibit 15 is a true and correct copy of a proposed stipulation

15  that Apple's counsel sent to Samsung's counsel on February 26, 2012.  This proposed stipulation

16  provided that the version of source code for each accused product produced by Samsung by

17  December 31, 2011 is representative of all later versions of that product.  Apple expressly

18  acknowledged that "Samsung's representation does not apply to Apple's allegation that Samsung's

19  accused products infringe U.S. Patent No. 7,469,381."

20      19.     Attached hereto as Exhibit 16 is a true and correct copy of Samsung's Supplemental

21  Objections and Responses to Apple's Seventh Set of Interrogatories (No. 16).

22      20.     Attached hereto as Exhibit 17 is a true and correct copy of excerpts from the April

23  26, 2012 deposition transcript of Dr. Karan Singh, an Apple expert witness, in which Dr. Singh

24  testified that certain technical alternatives do not infringe the '163 patent.

25      21.     Attached hereto as Exhibit 18 is a true and correct copy of excerpts from the Expert

26  Report of Karan Singh, Ph.D., Regarding Infringement of U.S. Patents Nos. 7,864,163, 7,844,915

27  and 7,853,891.

28

1    22.    Dr. Singh's report discusses a document bearing Bates label SAMNDCA00203880.

2 Samsung produced this document to Apple on December 29, 2012, from the custodial files of Min

3 Kyoung Kim.

4

5    I declare under penalty of perjury under the laws of the United States that the foregoing is

6 true and correct.  Executed on the 15th of May, 2012, in Redwood Shores, California.

7

8                              ___/s/ Mark Tung_____

9                                    Mark Tung

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MARK TUNG IN SUPPORT OF SAMSUNG'S MOTION FOR CLARIFICATION