1   HAROLD J. MCELHINNY (CA SBN 66781)
    hmcelhinny@mofo.com
2   MICHAEL A. JACOBS (CA SBN 111664)
    mjacobs@mofo.com
3   RICHARD S.J. HUNG (CA SBN 197425)
    rhung@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, California  94105-2482
    Telephone:  (415) 268-7000
6   Facsimile:  (415) 268-7522

    WILLIAM F. LEE (*pro hac vice*)
    william.lee@wilmerhale.com
    WILMER CUTLER PICKERING
    HALE AND DORR LLP
    60 State Street
    Boston, Massachusetts 02109
    Telephone: (617) 526-6000
    Facsimile: (617) 526-5000

    MARK D. SELWYN (SBN 244180)
    mark.selwyn@wilmerhale.com
    WILMER CUTLER PICKERING
    HALE AND DORR LLP
    950 Page Mill Road
    Palo Alto, California 94304
    Telephone: (650) 858-6000
    Facsimile: (650) 858-6100

    Attorneys for Plaintiff and
    Counterclaim-Defendant Apple Inc.

10

11

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>           Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>           Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>           Counterclaim-Plaintiffs,<br><br>     v.<br><br>APPLE INC., a California corporation,<br><br>           Counterclaim-Defendant. | Case No. 11-CV-01846-LHK<br><br>**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NUMBER 7,362,867 AND INVALIDITY OF U.S. PATENT NUMBERS 7,456,893 AND 7,577,460**<br><br>Date:  June 21, 2012<br>Time:  1:30 p.m.<br>Place:  Courtroom 4, 5th Floor<br>Judge:  Hon. Lucy H. Koh<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**PUBLIC REDACTED VERSION** |

ACTIVEUS 96533899v6

## TABLE OF CONTENTS

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ..................................................2

      A.    NON-INFRINGEMENT OF THE '867 PATENT ...................................................2

      B.    INVALIDITY OF THE '893 PATENT..................................................................3

      C.    INVALIDITY OF THE '460 PATENT..................................................................3

II.   STATEMENT OF UNDISPUTED FACTS ...........................................................................4

      A.    UNDISPUTED FACTS MATERIAL TO THE '867 PATENT.............................4

      B.    UNDISPUTED FACTS MATERIAL TO THE '893 PATENT.............................7

      C.    UNDISPUTED FACTS MATERIAL TO THE '460 PATENT.............................8

III.  ARGUMENT .............................................................................................................................9

      A.    SUMMARY JUDGMENT STANDARD..................................................................9

      B.    THE COURT SHOULD GRANT SUMMARY JUDGMENT OF NON-
            INFRINGEMENT OF THE '867 PATENT .........................................................10

      C.    THE COURT SHOULD GRANT SUMMARY JUDGMENT OF
            INVALIDITY OF THE '893 AND '460 PATENTS ...........................................12

            1.    The Definiteness Requirement of 35 U.S.C. § 112, ¶ 2............................12

            2.    Claims 10 and 12 of the '893 Patent are Indefinite under 35 U.S.C.
                  § 112, ¶ 2....................................................................................................13

            3.    Claim 1 of the '460 Patent Is Indefinite Under 35 U.S.C. § 112, ¶ 2 ........16

IV.   CONCLUSION.......................................................................................................................22

ACTIVEUS 96533899v6

**<u>TABLE OF AUTHORITIES</u>**

<u>Federal Cases</u>

*Amgen v. Chugai Pharm. Co.*,
   927 F.2d 1200 (Fed. Cir. 1991).................................................................................... 18

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)............................................................................................... 9, 10

*Athletic Alternatives, Inc. v. Prince Mfg., Inc.*,
   73 F.3d 1573 (Fed. Cir. 1996)................................................................................... 12

*Biagro Western Sales, Inc. v. Grow More, Inc.*,
   423 F.3d 1296 (Fed. Cir. 2005).................................................................................. 10

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986)..................................................................................................... 9

*Collaboration Properties, Inc. v. Tandberg ASA*,
   No. C 05-01940, 2006 U.S. Dist. LEXIS 42465 (N.D. Cal. June 23, 2006) ............ 14

*Datamize, LLC v. Plum-Tree Software, Inc.*,
   No. C 04-2777-VRW, 2007 U.S. Dist. LEXIS 97965 (N.D. Cal. Aug. 7, 2007) ..... 14

*Haemonetics Corp. v. Baxter Healthcare Corp.*,
   607 F.3d 776 (Fed. Cir. 2010)................................................................................... 12

*Halliburton Energy Servs., Inc. v. M-I LLC*,
   514 F.3d 1244 (Fed. Cir. 2008).................................................................................. 12

*Honeywell Int'l, Inc. v. Int'l Trade Comm'n*,
   341 F.3d 1332 (Fed. Cir. 2003).................................................................................. 12

*Hutchins v. Zoll Med. Corp.*,
   492 F.3d 1377 (Fed. Cir. 2007).................................................................................. 10

*In re Katz Interactive Call Processing Patent Litig.*,
   639 F.3d 1303 (Fed. Cir. 2011).............................................................................. 13, 14

*IPXL Holdings, L.L.C. v. Amazon.com, Inc.*,
   430 F.3d 1377 (Fed. Cir. 2005)........................................................................... passim

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986)................................................................................................... 10

*Network Commerce, Inc. v. Microsoft Corp.*,
   422 F.3d 1353 (Fed. Cir. 2005).................................................................................. 11

ACTIVEUS 96533899v6

*Rembrandt Data Techs., LP v. AOL, LLC*,
    641 F.3d 1331 (Fed. Cir. 2011)................................................................................................ 13

*Schoell v. Regal Marine Industries Inc.*,
    247 F.3d 1202 (Fed. Cir. 2001)................................................................................................ 11

*Texas Instruments, Inc. v. Cypress Semiconductor Corp.*,
    90 F.3d 1558 (Fed. Cir. 1996).................................................................................................. 11

*Yodlee, Inc. v. Cashedge, Inc.*,
    No. C 05-01550 SI, 2006 US Dist. LEXIS 86699 (N.D. Cal. Nov. 29, 2006) ......................... 14

Federal Statutes

35 U.S.C. § 112................................................................................................................. 12, 13, 16

Federal Rules

Fed. R. Civ. P. 56.................................................................................................................... 1, 9

APPLE INC.'S MOTION FOR SUMMARY
JUDGMENT
Case No. 11-cv-01846 (LHK)

ACTIVEUS 96533899v6

## NOTICE OF MOTION AND MOTION

TO DEFENDANTS SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC (COLLECTIVELY, "SAMSUNG") AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 21, 2012, Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") shall and hereby does move for an order granting Apple summary judgment of non-infringement of claims 25 and 26 of U.S. Patent No. 7,362,867 ("the '867 patent") and summary judgment of invalidity of claims 10 and 12 of U.S. Patent No. 7,456,893 ("the '893 patent") and claim 1 of U.S. Patent No. 7,577,460 ("the '460 patent").

This motion is based on this notice of motion, the accompanying memorandum of points and authorities in support thereof, the Declaration of Mark D. Selwyn ("Selwyn Decl.") and exhibits attached thereto, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

## RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 56, Apple seeks an order granting summary judgment of (1) non-infringement of claims 25 and 26 of the '867 patent; (2) invalidity of claims 10 and 12 of the '893 patent as indefinite; and (3) invalidity of claim 1 of the '460 patent as indefinite.

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether Apple is entitled to summary judgment of non-infringement of the asserted claims of the '867 patent (claims 25 and 26) where the undisputed facts demonstrate that that the accused products do not satisfy the limitation requiring a "primary scrambling code" that is a "Gold code," either literally or under the doctrine of equivalents.

2.      Whether Apple is entitled to summary judgment of invalidity of the asserted claims of the '893 patent (claims 10 and 12) as indefinite where the language of the apparatus claim requires user interaction.

ACTIVEUS 96533899v6

3.      Whether Apple is entitled to summary judgment that the asserted claim of the '460 patent (claim 1) is invalid for indefiniteness where the claim is insolubly ambiguous.

## MEMORANDUM AND POINTS OF AUTHORITIES

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

On April 30, 2012, Apple indicated to the Court that it did not intend to file any motion for summary adjudication.  Following that, in response to the Court's instruction that the parties make a further narrowing of their claims for trial, Apple reduced the number of its asserted utility patents to four.  Samsung, however, indicated that it plans to continue to assert nearly twice that — four declared-essential wireless patents and three feature patents — thereby making the number of asserted utility patents heavily lopsided toward Samsung.  In light of Samsung's unwillingness to narrow its case as Apple has done, Apple asks that the Court consider narrowing the case by ruling on certain dispositive issues for the '867, '893, and '460 patents where the material facts are uncontested.

### A.   NON-INFRINGEMENT OF THE '867 PATENT

The '867 patent is generally directed to methods and devices used for generating "scrambling codes" used in cell phone transmissions.[1]  Claim 25 of the '867 patent is the only independent claim asserted by Samsung.   It claims an "apparatus for generating a scrambling code" that generates a "Gold code" as a "primary scrambling code."

---

[1]      Copies of the three patents at issue in this motion (the '867, '893 and '460 patents) are attached as Exhibits 1, 2 and 3, respectively, to the Selwyn Declaration.

APPLE INC.'S MOTION FOR SUMMARY JUDGMENT
Case No. 11-cv-01846 (LHK)

ACTIVEUS 96533899v6

1

███████████████████████████  Further, neither Samsung's Infringement Contentions nor its

2  expert articulate a theory of infringement under the doctrine of equivalents.  Accordingly, the

3  Court should enter summary judgment that Apple does not infringe the asserted claims of the

4  '867 patent.

5  **B.    INVALIDITY OF THE '893 PATENT**

6  The '893 patent is directed to a digital image processing apparatus that, through the use

7  of modes, allows a user to switch from stored-image display mode, to photographing mode, and

8  then back to stored-image display mode to view the same image the user was last viewing before

9  switching from stored-image display mode.

10  Claim 10 is the only independent claim still asserted by Samsung.  It is an apparatus

11  claim that also includes method claim language requiring user action to practice the claim.  That

12  fact is undisputed: ████████████████████████████████████████████████

13  ████████████████████████████

14  Thus, pursuant to the Federal Circuit's ruling in *IPXL Holdings, L.L.C. v. Amazon.com,*

15  *Inc.*, 430 F.3d 1377 (Fed. Cir. 2005), independent claim 10 and dependent claim 12 are indefinite

16  because it is unclear whether infringement occurs when one creates an apparatus that *allows* the

17  user to switch from the stored-image display mode to the photographing mode and back to the

18  stored-image display mode, or whether infringement occurs only when the user *actually* switches

19  from the stored-image display mode to the photographing mode and back to the stored-image

20  display mode.

21  **C.    INVALIDITY OF THE '460 PATENT**

22  The '460 patent is generally directed to a data transmitting method for a portable

23  composite communication terminal.  Claim 1 of the '460 patent is insolubly ambiguous on its

24  face.  Based on the plain language of the claim, the specification, and the prosecution history, a

25  person of ordinary skill in the art would not be able to determine whether the claimed method is

26  practiced by: (1) sending two separate email messages from two separate email transmission sub-

27  modes; (2) sending one email message from one email transmission sub-mode if the email has an

28

APPLE INC.'S MOTION FOR SUMMARY
JUDGMENT
Case No. 11-cv-01846 (LHK)

ACTIVEUS 96533899v6

image attached and sending a different email message from a different email transmission sub-mode if the email does not have an image attached; or (3) sending one email message from one email transmission sub-mode only, whereby the email is created by transmitting certain information to the email transmission sub-mode through a user interface in a different email transmission sub-mode. ███████████████████████████████████

██████████████████████ Moreover, Samsung and its experts have asserted three different conflicting interpretations of the claim.  For all of these reasons, claim 1 is invalid as indefinite.

## II.    STATEMENT OF UNDISPUTED FACTS

### A.    UNDISPUTED FACTS MATERIAL TO THE '867 PATENT

███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████

███████████████████ and Samsung's Statement Identifying Claims It Will Assert At Trial at 9 (Dkt. 907).  Claim 25 is an independent claim from which claim 26 depends.

Claim 25 is directed to "an apparatus for generating scrambling codes in mobile communication system having a scrambling code generator."  A scrambling code is a numeric sequence that cell phone systems use to separate communication channels from one another.[2]  As shown in Figures 1 and 3 of the '867 patent, a base station can encode, or "spread," one channel with a scrambling code and, upon reception, a cell phone can use a corresponding scrambling code to recover, or "despread," the original signal for that channel.

Claim 25 includes an express requirement that the scrambling code be a "Gold code."[3]  The claim requires the code generator to include:

---

[2]    "As a method for increasing capacity in addition to separation of base stations, which is the objective of using the scrambling codes in the CDMA system, orthogonal codes for multiple scrambling code groups are used to separate channels.  That is, when all orthogonal codes for channel separation are used up for a scrambling code group, the mobile communication system may utilize a second scrambling code group to increase the number of available communication links."  '867 patent at 1:29-37 (Selwyn Decl., Ex. 1).

[3]    A "Gold code" is numeric sequence that can be formed by summing two "Maximal Length Sequences" ("m-sequences').  See '867 patent at 4:3-4 ("Referring to FIG. 5, a gold

"…at least one adder for <u>generating a ((K-1)*M+K)$^{th}$ Gold code as a K$^{th}$ primary scrambling code</u> by adding a (((K-1)*M+K)-1)-times shifted first m-sequence and the second m-sequence, wherein K is a natural number and M is a total number of secondary scrambling codes per one primary scrambling code." '867 patent, cl. 25 (Selwyn Decl., Ex. 1).

The cited portion of the standard relied upon by Samsung includes a mathematical definition of the scrambling codes required by the standard. It states:

The n:th Gold code sequence $z_n$, $n=0,1,2,...,2^{18}-2$, is then defined as:

- $z_n(i) = x((i+n) \text{ modulo } (2^{18}-1)) + y(i) \text{ modulo } 2$, $i=0,...,2^{18}-2$.

These binary sequences are converted to real valued sequences $Z_n$ by the following transformation:

$$Z_n(i) = \begin{cases} +1 & if \ z_n(i) = 0 \\ -1 & if \ z_n(i) = 1 \end{cases} \quad for \quad i = 0,1,...,2^{18}-2.$$

Finally, the n:th complex scrambling code sequence $S_{dl,n}$ is defined as:

- $S_{dl,n}(i) = Z_n(i) + j \, Z_n((i+131072) \text{ modulo } (2^{18}-1))$, $i=0,1,...,38399$.

Note that the pattern from phase 0 up to the phase of 38399 is repeated.

3GPP TS 25.213 v6.0.0 at 23 (emphasis added) (Selwyn Decl., Ex. 6); *see also* Expert Report of Wayne Stark ("Stark Rep.") ¶ 51 (Selwyn Decl., Ex. 7).[5]

A detailed understanding of this formula is unnecessary to a finding of non-infringement. As noted above, claim 25 of the '867 patent requires the generation of a scrambling code that ***is*** a

---

sequence is normally generated through binary adding to two distinct m-sequences.") (Selwyn Decl., Ex. 1).

[4]    The two versions of the standard are identical with respect to the issues in this motion.
[5]    *See also* Declaration of Wayne Stark, dated May 16, 2012 (Selwyn Decl., Ex. 8).

APPLE INC.'S MOTION FOR SUMMARY
JUDGMENT
Case No. 11-cv-01846 (LHK)

ACTIVEUS 96533899v6

1  Gold code. 
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

### B.       UNDISPUTED FACTS MATERIAL TO THE '893 PATENT

Samsung is currently asserting claims 10 and 12 against Apple's iPhone 3GS, iPhone 4, iPod Touch 4th generation and iPad 2.  *See* Expert Report of Woodward Yang Regarding the Infringement of U.S. Patent Nos. US 7,577,460, US 7,456,893, US 7,698,711, and US 7,079,871 ("Yang Report") ¶ 17 (Selwyn Decl., Ex. 9) and Samsung's Statement Identifying Claims It Will Assert At Trial at 9 (Dkt. 907).

Claim 10 is an independent claim that recites in pertinent part "[a] digital image processing apparatus comprising: . . . a controller connected with the photoelectric conversion module, the recording medium and the display screen, the controller being operative in a photographing mode to process the image data for storage in the recording medium and, in a stored-image display mode, being operative to control the display screen for displaying a single image relative to the image data, ***wherein upon a user performing a mode-switching operation defined by switching from the stored-image display mode to the photographing mode and back to the stored-image display mode the controller causes the display screen to first display a single image file that was most recently displayed before the mode-switching operation*** . . ." (emphasis added).  '893 patent, cl. 10 (Selwyn Decl., Ex. 2).

Claim 12 is a dependent claim that depends on claim 10 and therefore incorporates all the limitations recited in claim 10.  '893 patent, cl. 12 (Selwyn Decl., Ex. 2.)  Apple's expert Dr. Paul Dourish opined that the language of claim 10 emphasized above "indicates that user action is required by the claim."  *See* Expert Report of J. Paul Dourish Regarding Invalidity of the Asserted Claims of U.S. Patent No. 7,456,893 ("Dourish '893 Invalidity Report"), ¶¶ 203-204 (Selwyn Decl., Ex. 10).[6]

---

[6]       *See also* Declaration of Paul Dourish, dated May 16, 2012 (Selwyn Decl., Ex. 11).

ACTIVEUS 96533899v6

**C.    UNDISPUTED FACTS MATERIAL TO THE '460 PATENT**

Samsung asserts claim 1 of the '460 patent against Apple's iPhone 3G, iPhone 3GS, iPhone 4, iPod Touch 4th generation, and iPad 2.  *See* Yang Report ¶ 47 (Selwyn Decl., Ex. 9). Claim 1 is reproduced below:

> 1. A data transmitting method for a portable composite communication terminal which functions as both a portable phone and a camera, comprising the steps of:
>
> ***entering a first E-mail transmission sub-mode*** upon user request for E-mail transmission while operating in a portable phone mode, the first e-mail transmission sub-mode performing a portable phone function;
>
> ***entering a second E-mail transmission sub-mode*** upon user request for Email transmission while operating in a display sub-mode, the second e-mail transmission sub-mode displaying an image most recently captured in a camera mode;
>
> sequentially displaying other images stored in a memory through the use of scroll keys;
>
> ***transmitting*** the address of the other party and a message received through a user interface in the first E-mail transmission sub-mode; and
>
> ***transmitting*** the address of the other party and the message received through the user interface and the image displayed on the display as an E-mail in the second E-mail transmission sub-mode.

'460 patent, cl. 1 (emphases added) (Selwyn Decl., Ex. 3).

ACTIVEUS 96533899v6

1 ███████████████████████████████████████████████████████

2 ███████████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████████

4 █████████████████████████████████████████████████████████

5 ████████████████████████████████████████████████████

6 ████████████████████████████████████████████████████

7 ████████████████████████████████████████████████████████

8 █████████████████████████████████████████████████████

9 ██████████████████████████████████████████████████████

10 ███████████████████████████████████████   Additionally, Samsung and its

11 experts have advanced several different interpretations of claim 1 in this case.  *See* Samsung's

12 Patent L.R. 3-1 Disclosures, Exhibit J at 3, 5, 9-10, 12 (Selwyn Decl., Ex. 15); Yang Report ¶¶

13 43–46, 54 (Selwyn Decl., Ex. 9); May 8, 2012 Yang Rough Deposition Transcript ("5/8/12 Yang

14 Dep.") at 240:10-24 (Selwyn Decl., Ex. 16); Results from A Survey Measuring Use and

15 Valuation of Four Patented Features (Patented Features: 460, 893, 711, 871) and A Survey of

16 World Clock Patented Feature Usage (Patented Feature 055) ("Sukumar Report"), March 22,

17 2012, at 3 (Selwyn Decl., Ex. 17).

18 **III.   ARGUMENT**

19 **A.   SUMMARY JUDGMENT STANDARD**

20 Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment if there

21 is no genuine issue as to any material fact and the moving party is entitled to judgment as a

22 matter of law.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986).  The moving party

23 bears the initial burden of demonstrating the basis for the motion and identifying the portions of

24 the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that

25 establish the absence of a triable issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317,

26 323 (1986).  If the moving party meets this initial burden, the burden then shifts to the non-

27 moving party to present specific facts showing that there is a genuine issue for trial.  Fed. R. Civ.

28

APPLE INC.'S MOTION FOR SUMMARY
JUDGMENT
Case No. 11-cv-01846 (LHK)

ACTIVEUS 96533899v6

1    P. 56(e); *Celotex,* 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S.

2    574, 586-87 (1986).  The non-movant's bare assertions, standing alone, are insufficient to create

3    a material issue of fact and defeat a motion for summary judgment.  *Anderson,* 477 U.S. at 247-

4    48.  An issue of fact is material if, under the substantive law of the case, resolution of the factual

5    dispute might affect the case's outcome.  *Id.* at 248.  Factual disputes are genuine if they

6    "properly can be resolved in favor of either party."  *Id.* at 250.  Thus, a genuine issue for trial

7    exists if the non-movant presents evidence from which a reasonable jury, viewing the evidence

8    in the light most favorable to that party, could resolve the material issue in its favor.  *Id.*

9    However, "[i]f the [non-movant's] evidence is merely colorable, or is not significantly probative,

10   summary judgment may be granted."  *Id.* at 249-50 (internal citations omitted).

### B.    THE COURT SHOULD GRANT SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE '867 PATENT

12         A determination of infringement requires the Court to compare the accused products to

13   the limitations of the properly construed claims.  *Biagro Western Sales, Inc. v. Grow More, Inc.*,

14   423 F.3d 1296, 1301 (Fed. Cir. 2005) (citing *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448,

15   1454 (Fed. Cir. 1998) (*en banc*)).  If the accused products fail to satisfy even a single limitation

16   of the claims, they do not infringe.  *Hutchins v. Zoll Med. Corp.*, 492 F.3d 1377, 1380 (Fed. Cir.

17   2007); *Biagro Western Sales*, 423 F.3d at 1301.

18         Here, the parties did not request the Court to interpret the limitations of the '867 patent.

19   Claim 25 requires the generating of a "Gold code as a $K^{th}$ primary scrambling code."  The plain

20   meaning of the claim requires that the scrambling code ***be*** a Gold code.[7]

---

[7]    The plain meaning of the claims is confirmed by the specification.  *See, e.g.*, '867 patent
at 6:23-24 ("A gold code used herein as a scrambling code is generated through binary adding of
two distinct m-sequences.); 6:64-7:32; 10:40-48 (Selwyn Decl., Ex. 1).  Likewise, the role of the
Gold code as a scrambling code was emphasized during prosecution.  For example, Samsung
stated:

> Regarding new [pending] Claim 59 [issued claim 25], new Claim
> 59 recites, "an apparatus for generating scrambling codes in mobile
> communication system having a scrambling code generator", "a
> first m-sequence generator to generate a first m-sequence", and "a
> second m-sequence generator to generate a second m-sequence".

1 ██████████████████████████████████

2 ████████████████████████████████████████████

3 ████████████████████████████████████████

4 ████████████████████████████████████████████

5 ████████████████████████████████████████████

6 ████████████████████████████████████████████

7 ██████

8        Nor can Samsung salvage its infringement case under the doctrine of equivalents.  "The

9 doctrine of equivalents is not a talisman that entitles a patentee to a jury trial on the basis of

10 suspicion; it is a limited remedy available in special circumstances, the evidence for which is the

11 responsibility of the proponent."  *Schoell v. Regal Marine Industries Inc.,* 247 F.3d 1202, 1210

12 (Fed. Cir. 2001).  To make out a case of infringement under the doctrine of equivalents,

13        a patentee must…provide particularized testimony and linking
       argument as to the 'insubstantiality of the differences' between the

14        claimed invention and the accused device or process, or with
       respect to the function, way, result test when such evidence is

15        presented to support a finding of infringement under the doctrine
       of equivalents. Such evidence must be presented on a limitation-

16        by-limitation basis. Generalized testimony as to the overall
       similarity between the claims and the accused infringer's product

17        or process will not suffice.

18 *Texas Instruments, Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567 (Fed. Cir. 1996).

19 This requirement is as true on summary judgment as at trial.  *Network Commerce, Inc. v.*

20 *Microsoft Corp.*, 422 F.3d 1353, 1363 (Fed. Cir. 2005).

21 ██████████████████████████████████

22 ████████████████████████████████████████████

23

24        In this context, the description on page 7 discloses in lines 14 and
       15 that <u>a Gold code used herein **as** a scrambling code</u> is generated

25        through binary adding of two distinct m-sequences.

26 April 28, 2006 response at 15 (emphasis added) (Selwyn Decl., Ex. 18).  *See also* December 11,

27 2006 response at 16 (Selwyn Decl., Ex. 19); September 13, 2007 appeal brief at 4, 20 (Selwyn Decl., Ex. 20).

28

APPLE INC.'S MOTION FOR SUMMARY
JUDGMENT
Case No. 11-cv-01846 (LHK)

Nor do Samsung's Infringement Contentions for the '867 patent (Selwyn Decl., Ex. 21)

articulate a theory of infringement under the doctrine of equivalents.  Therefore, the record is

devoid of "particularized testimony and linking argument" supporting a doctrine of equivalents

finding.

### C.   THE COURT SHOULD GRANT SUMMARY JUDGMENT OF INVALIDITY OF THE '893 AND '460 PATENTS

1.   *The Definiteness Requirement of 35 U.S.C. § 112, ¶ 2*

A patent claim must "particularly point out and distinctly claim the subject matter which

the applicant regards as his invention."  35 U.S.C. § 112, ¶ 2.  The determination of claim

indefiniteness is a matter of law appropriate for summary judgment.  *See, e.g., Athletic*

*Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573, 1581 (Fed. Cir. 1996) (affirming summary

judgment of indefiniteness).

"[T]he purpose of [Section 112 ¶ 2's] definiteness requirement is to ensure that the claims

delineate the scope of the invention using language that adequately notifies the public of the

patentee's right to exclude."  *Haemonetics Corp. v. Baxter Healthcare Corp.*, 607 F.3d 776, 783

(Fed. Cir. 2010).  A claim fails to meet this requirement "where a person of ordinary skill in the

art could not determine the bounds of the claims, i.e. the claims [are] insolubly

ambiguous."  *Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1249 (Fed. Cir.

2008).  A claim is insolubly ambiguous "where an accused infringer shows by clear and

convincing evidence that a skilled artisan could not discern the boundaries of the claim based on

the claim language, the specification, and the prosecution history, as well as her knowledge of

the relevant art area."  *Id.* at 1249-50; *see also Honeywell Int'l, Inc. v. Int'l Trade Comm'n*, 341

F.3d 1332, 1340 (Fed. Cir. 2003) (affirming patent invalidation for indefiniteness because "the

claims, the written description, and the prosecution history fail to give . . . any guidance as to

what one of ordinary skill in the art would interpret the claim to require").

The Federal Circuit has recognized that one example of such an ambiguous claim is a

claim that mixes different statutory classes of subject matter, e.g., method and apparatus.  *See*

*IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1383-84 (Fed. Cir. 2005); *see also In*

*re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1318 (Fed. Cir. 2011) (affirming district court's holding that various claims were indefinite on *IPXL* grounds for including the claim language "interface means for providing automated voice messages . . . to certain of said individual callers, wherein said certain of said individual callers digitally enter data" in an apparatus claim); *Rembrandt Data Techs., LP v. AOL, LLC*, 641 F.3d 1331, 1338-39 (Fed. Cir. 2011) (affirming district court's grant of summary judgment on *IPXL* grounds; "This court has held that reciting both an apparatus and a method of using that apparatus renders a claim indefinite under section 112, paragraph 2.").

2. *Claims 10 and 12 of the '893 Patent are Indefinite under 35 U.S.C. § 112, ¶ 2*

Asserted claims 10 and 12 of the '893 patent are invalid as indefinite under 35 U.S.C. § 112, ¶ 2 because they are indisputably "mixed method-apparatus" claims, which the Federal Circuit found to be indefinite in *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005).  In *IPXL*, the claim at issue (claim 25) recited both an apparatus and a method for using the apparatus — a "system of claim 2 [including an input means] wherein the predicted transaction information comprises both a transaction type and transaction parameters associated with that transaction type, and ***the user uses*** the input means to either change the predicted transaction information or accept the displayed transaction type and transaction parameters." *Id.* at 1384 (emphasis added).  The Federal Circuit identified two independent reasons such claims are invalid.  First, an accused infringer could not determine whether it infringes the claim when it made the system, or when a user used the system.  *See id.*  Second, a manufacturer of a system could not know whether it additionally may be liable for contributory infringement if a purchaser of the system later used the system.  *Id.*  In *IPXL*, the Federal Circuit further enunciated the rationale behind the rule and the unfairness to the public of mixed apparatus and method claims:

> [I]t is unclear whether infringement of claim 25 occurs when one creates a system that allows the user to change the predicted transaction information or accept the displayed transaction, or whether infringement occurs when the user actually uses the input means to change transaction information or uses the input means to accept a displayed transaction. Because claim 25 recites both a system and the method for using that system, it does not apprise a

person of ordinary skill in the art of its scope, and it is invalid
under section 112, paragraph 2.

*Id.*

More recently, the Federal Circuit again held that a system with an "interface means for

providing automated voice messages . . . to certain of said individual callers, ***wherein said***

***certain of said individual callers digitally enter data***" impermissibly claimed both a system and

a method, and was therefore invalid.[8]  *In re Katz Interactive Call Processing Patent Litig.*, 639

F.3d 1303, 1318 (Fed. Cir. 2011) (emphasis added).  Applying its holding in *IPXL* to the claims,

the Federal Circuit explained that "Katz's claims. . . create confusion as to when direct

infringement occurs because they are directed both to systems and to actions performed by

'individual callers.'  Katz's claims therefore fall squarely within the rationale of *IPXL* and are

indefinite."  *Id.* at 1318.

Claims 10 and 12 of the '893 patent are invalid for the same reasons as the claims in

*IPXL* and *Katz*.  As shown below, ███████████████████████████, claim 10 is an

apparatus claim that contains a method step that must be performed by the user of the apparatus.

Independent claim 10 (and dependent claim 12) recites, among other things, "[a] digital image

processing apparatus comprising: . . . a controller connected with the photoelectric conversion

module, the recording medium and the display screen, the controller being operative in a

---

[8]      In a few instances, courts in this district did not find claims invalid under the *IPXL* line of
cases when the claim language recites a "functional" description of an apparatus claim element.
*See, e.g., Datamize, LLC v. Plum-Tree Software, Inc.*, No. C 04-2777-VRW, 2007 U.S. Dist.
LEXIS 97965, at *29-*35 (N.D. Cal. Aug. 7, 2007); *Yodlee, Inc. v. Cashedge, Inc.*, No. C 05-
01550 SI, 2006 US Dist. LEXIS 86699, at *6-19 (N.D. Cal. Nov. 29, 2006); *Collaboration
Properties, Inc. v. Tandberg ASA*, No. C 05-01940, 2006 U.S. Dist. LEXIS 42465 (N.D. Cal.
June 23, 2006).  The Federal Circuit addressed this exact issue in *Katz*, where the plaintiff sought
"to distinguish *IPXL* on the ground that the term 'wherein' does not signify a method step but
instead defines a functional capability."  *In re Katz*, 639 F.3d at 1318.  The Federal Circuit flatly
rejected this argument and upheld the district court's ruling: "Like the language used in the claim
at issue in *IPXL* ('wherein . . . the user uses'), the language used in Katz's claims ('wherein . . .
callers digitally enter data' and 'wherein . . . callers provide . . . data') is directed to user actions,
not system capabilities."  *Id.*  Claims 10 and 12 of the '893 patent, while including the offending
language after the word "wherein," bears close resemblance to the claims in *Katz* and *IPXL* —
they require user actions of the apparatus; they do not merely recite functional capabilities of the
claimed apparatus.

ACTIVEUS 96533899v6

1    photographing mode to process the image data for storage in the recording medium and, in a

2    stored-image display mode, being operative to control the display screen for displaying a single

3    image relative to the image data, ***wherein upon a user performing a mode-switching operation***

4    ***defined by switching from the stored-image display mode to the photographing mode and back***

5    ***to the stored-image display mode the controller causes the display screen to first display a***

6    ***single image file that was most recently displayed before the mode-switching operation*** . . ."

7    '893 patent, cl. 10 (emphasis added) (Selwyn Decl., Ex. 2).

8           The claim language highlighted above shows that, just as in the claims found indefinite in

9    *IPXL* and *Katz,* user action is required in the midst of this apparatus claim.  *See* Dourish '893

10   Invalidity Report ¶ 204 (Selwyn Decl., Ex. 10).



22           As a result, the claims are indefinite under *IPXL* and *Katz*.  It is unclear whether

23   infringement of claims 10 and 12 occurs when one creates an apparatus that allows the user to

24   switch from the stored-image display mode to the photographing mode and back to the stored-

25   image display mode, or whether infringement occurs when the user actually switches from the

26   stored-image display mode to the photographing mode and back to the stored-image display

27   mode.  *See* Dourish '893 Invalidity Report ¶ 204 (Selwyn Decl., Ex. 10).

28

APPLE INC.'S MOTION FOR SUMMARY
JUDGMENT
Case No. 11-cv-01846 (LHK)

ACTIVEUS 96533899v6

1       Accordingly, independent claim 10 and dependent claim 12 are invalid under §112, ¶ 2,

2   because the claims improperly do not apprise a person of ordinary skill in the art of their scope.

3               3.      *Claim 1 of the '460 Patent Is Indefinite Under 35 U.S.C. § 112, ¶ 2*

4               **a.      The language of claim 1 is insolubly ambiguous**

5       As quoted above, claim 1 of the '460 patent recites a data transmitting method, which

6   includes (among other things) "entering a first E-mail transmission sub-mode"; "entering a

7   second E-mail transmission sub-mode"; "transmitting the address of the other party and a

8   message received through a user interface in the first E-mail transmission sub-mode"; and

9   "transmitting the address of the other party and the message received through the user interface

10  and the image displayed on the display as an E-mail in the second E-mail transmission sub-

11  mode." *See supra* Part II.C.  Based on the plain language of the claim, a person of ordinary skill

12  in the art would not be able to determine whether the claimed method is practiced by: (1) sending

13  *two separate email messages* from two separate email transmission sub-modes; (2) sending one

14  email message from the "first E-mail transmission sub-mode" *if* the E-mail does not have an

15  image attachment and sending one email message from the "second E-mail transmission sub-

16  mode" *if* the email has an image attachment; or (3) sending one email message from the "second

17  E-mail transmission sub-mode" only, whereby the email is created by transmitting the address of

18  the other party and a message received through a user interface in the "first E-mail transmission

19  sub-mode" to the "second E-mail transmission sub-mode." *See* Expert Report of Mani

20  Srivastava, Ph.D., Regarding Invalidity of the Asserted Claim of U.S. Patent No. 7,577,460

21  ("Srivastava Report") ¶¶ 333-336 (Selwyn Decl., Ex. 22).[9]  Because claim 1 is thus insolubly

22  ambiguous to a person of ordinary skill in the art, the Court should find it invalid as indefinite.

23              **b.      The specification adds no clarity to the meaning of claim 1**

24      The specification provides no guidance as to how one of ordinary skill in the art would

25  interpret the confusing claim language.  In fact, while claim 1 recites two distinct "E-mail

26

27  [9]      *See also* Declaration of Mani Srivastava, dated May 16, 2012 (Selwyn Decl., Ex. 23).

28

transmission sub-mode[s]," the specification only describes *one* "E-mail transmission sub-mode." *See* Srivastava Report ¶ 338 (Selwyn Decl., Ex. 22).  The specification states that "[u]pon request for E-mail transmission in the portable phone mode in step 608, the portable phone controller 32 enters *an* E-mail transmission sub-mode in **step 610**."  '460 patent at 9:42-44 & Fig. 6 (emphases added) (Selwyn Decl., Ex. 3).  In the context of discussing the "play mode," the specification continues that "[u]pon user request for *the* E-mail transmission, the portable controller 32 returns to *the* E-mail transmission sub-mode in **step 610**."  *Id.* at 11:4-12 & Fig. 8 (emphases added).  Moreover, Figures 6 and 8, which illustrate the portable phone mode and the play mode, respectively, both use the same reference number, Email transmission sub-mode **610**, to refer to the single E-mail transmission sub-mode.  *Id.*, Figs. 6 & 8.  The figures and text of the specification do not identify any other email transmission sub-mode.  *See generally id.*  Because the specification does not even disclose the claimed "second E-mail transmission sub-mode," it provides no information regarding how this sub-mode might function in conjunction with a "first E-mail transmission sub-mode" in the claimed method.  Therefore, the specification only serves to compound the ambiguity of claim 1.

> c.    **The prosecution history sheds no light on claim 1's meaning**

The prosecution history likewise provides no guidance as to what one of ordinary skill in the art would interpret the claim language to require.  The '460 patent was allowed in a first action without any substantive prosecution.  *See* '460 file history, 4/6/09 Notice of Allowability (Selwyn Decl., Ex. 24).  The examiner's reasons for allowance state simply that "the prior art of record in combination or alone fails to teach these elements of claim 1 in combination with other elements."  The examiner's reasons for allowance then quote the limitations of claim 1 verbatim.  *See id.* at 2.

The claim that eventually became claim 1 of the '460 patent was originally filed as claim 20 in Application No. 09/540,830, which issued as U.S. Patent No. 7,139,014.  All amendments, claim rejections, and arguments relating to the '460 patent were made in prosecution of the parent '014 patent.  After original claim 20 was withdrawn from consideration in the parent case

ACTIVEUS 96533899v6

1    and the divisional child application was filed that eventually issued as the '460 patent, there were

2    no further amendments, claim rejections, or arguments relevant to what became claim 1 of the

3    '460 patent.

4         The prosecution of the parent '014 patent likewise provides no guidance as to how one of

5    ordinary skill in the art would interpret claim 1.  During prosecution of the parent '014 patent,

6    the applicants amended the claim to add the step of "sequentially displaying other images stored

7    in a memory through the use of scroll keys" to overcome prior art.  *See* '014 file history,

8    11/14/02 Amendment in Response to Office Action at 4, 6–7, 10 (Selwyn Decl., Ex. 25).  The

9    applicants also amended the claim language "the second e-mail transmission sub-mode

10   displaying an image captured in a camera mode" to add "most recently" before "captured."  *Id.*

11   As with the rest of the prosecution history, neither of these amendments sheds light on the

12   meaning of the "first" and "second" E-mail transmissions sub-mode portions of claim 1.

13        **d.**



ACTIVEUS 96533899v6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18    **e.      Samsung and its experts have advanced multiple conflicting
         interpretations of claim 1**

19           The insoluble ambiguity of claim 1 is underscored by the fact that even Samsung and its

20    experts cannot agree on what the claim requires.  Samsung has advanced multiple conflicting

21    interpretations based on (1) its Patent Local Rule 3-1 disclosures, (2) Samsung expert Dr. Yang's

22    report and deposition testimony, and (3) Samsung expert Dr. Sukumar's report.

23

24

25

26

27

28



ACTIVEUS 96533899v6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



APPLE INC.'S MOTION FOR SUMMARY
JUDGMENT
Case No. 11-cv-01846 (LHK)

ACTIVEUS 96533899v6



For the reasons discussed above, claim 1 of the '460 patent is insolubly ambiguous.  The specification and prosecution history provide no guidance as to how one of ordinary skill in the art would interpret the confusing claim language. Finally, Samsung and its experts have asserted three different, conflicting interpretations of claim 1 in this litigation.  All of this serves to underscore the insoluble ambiguity of claim 1.  Accordingly, the Court should find claim 1 of the '460 patent invalid as indefinite.

ACTIVEUS 96533899v6

## IV.     CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court grant its motion for summary judgment of non-infringement of the '867 patent, and for summary judgment of invalidity of claims 10 and 12 of the '893 patent and claim 1 of the '460 patent.

Dated:  May 17, 2012

/s/ Mark D. Selwyn
Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

ACTIVEUS 96533899v6

1

2

## **CERTIFICATE OF SERVICE**

3

4      The undersigned hereby certifies that a true and correct copy of the above and foregoing

5  document has been served on May 17, 2012, to all counsel of record who are deemed to have

6  consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any

7  other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

8
                                                    /s/ Mark. D Selwyn
                                                    Mark D. Selwyn
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE INC.'S MOTION FOR SUMMARY
JUDGMENT
Case No. 11-cv-01846 (LHK)

ACTIVEUS 96533899v6