1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                    UNITED STATES DISTRICT COURT

17          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18 APPLE INC., a California corporation,          CASE NO. 11-cv-01846-LHK

19              Plaintiff,                        **SAMSUNG'S NOTICE OF MOTION AND
                                                  MOTION TO EXCLUDE OPINIONS OF
20       vs.                                      CERTAIN OF APPLE'S EXPERTS**

21 SAMSUNG ELECTRONICS CO., LTD., a
   Korean business entity; SAMSUNG
22 ELECTRONICS AMERICA, INC., a New             **Date: June 21, 2012
   York corporation; SAMSUNG                     Time: 1:30 pm**
23 TELECOMMUNICATIONS AMERICA,                   **Place: Courtroom 8, 4th Floor
   LLC, a Delaware limited liability company,     Judge: Hon. Lucy H. Koh**
24
                Defendants.
25

26

27                           **FILED UNDER SEAL**

28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 21, 2012 at 1:30 p.m., or as soon thereafter as counsel may be heard before the Honorable Lucy Koh in Courtroom 8 of the above-entitled Court, located at 280 South 1st Street, San Jose, California, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") will, and hereby does, move this Court for an order excluding the testimony of the following expert witnesses designated by Apple: Terry L. Musika, Henry Urbach, Susan Kare, Russell Winer, Dr. Sanjay Sood, Dr. John Hauser, Michael Walker and a portion of the testimony of Richard L. Donaldson (the "experts").

PLEASE TAKE FURTHER NOTICE that Samsung requests an evidentiary hearing pursuant to *Fed. R. Evid.* 104 on the admissibility of the testimony of each of the experts prior to any testimony by that expert at trial.

This Motion is made pursuant to the Federal Rules of Evidence 403 and 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), on the grounds that the testimony Apple seeks to elicit from these experts is not relevant to any issue in this matter, and is otherwise unreliable, incorrect, and unhelpful.

This Motion is based upon this Notice of Motion and Motion, Memorandum of Points and Authorities in support thereof, the Declaration of Joby Martin dated May 17, 2012, all pleadings and papers on file in this action, such other evidence or arguments as may be presented to the Court, and such other matters of which this Court may take judicial notice.

DATED: May 17, 2012

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By */s/ Victoria F. Maroulis*
    Charles K. Verhoeven
    Kevin P.B. Johnson
    Victoria F. Maroulis
    Michael T. Zeller
    Attorneys for SAMSUNG ELECTRONICS
    CO., LTD., SAMSUNG ELECTRONICS
    AMERICA, INC., and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

I.    INTRODUCTION ............................................................................................................... 1

II.   THE COURT SHOULD EXCLUDE THE OPINIONS OF TERRY L. MUSIKA ............. 1

    A.    Mr. Musika's Lost Profits Analysis Should Be Excluded ....................................... 1

        1.    Mr. Musika's lost profits figures should be excluded because he ignores essential factors in the smartphone market ...................................... 1

        2.    Mr. Musika's lost profits analysis is not tied to the intellectual property rights at issue in this case ................................................................ 2

    B.    Mr. Musika's Reasonable Royalty Analysis Should Be Excluded .......................... 4

        1.    Mr. Musika's "income approach" is improper ............................................... 4

        2.    Mr. Musika's "cost approach" is improper .................................................... 5

        3.    Mr. Musika's royalty rate improperly relies on the assumption that ██████████████████████████ .................................................... 6

    C.    Mr. Musika's Critique of ████████████████████████ ......... 7

    D.    If Mr. Musika Is Allowed to Give an Opinion on Damages, ████████ ████████████████████ ................................................................. 8

    E.    The Court Should Again Reject Mr. Musika's Speculation Regarding Alleged Irreparable Harm For Failure to Show Any Nexus .................................... 9

III.  THE COURT SHOULD EXCLUDE THE OPINIONS OF JOHN HAUSER ................... 10

IV.   THE COURT SHOULD EXCLUDE THE TESTIMONY OF HENRY URBACH .......... 13

V.    THE COURT SHOULD EXCLUDE THE TESTIMONY OF SUSAN KARE ................. 17

VI.   THE COURT SHOULD EXCLUDE THE TESTIMONY OF RUSSELL WINER .......... 19

VII.  THE COURT SHOULD EXCLUDE THE OPINIONS OF DR. SANJAY SOOD .......... 21

VIII. THE COURT SHOULD EXCLUDE THE OPINIONS OF MICHAEL WALKER ......... 22

IX.   THE COURT SHOULD EXCLUDE THE LEGAL OPINION OF RICHARD L. DONALDSON ................................................................................................................. 25

1

## **TABLE OF AUTHORITIES**

2
**Page**

3

### **Cases**

4

*AMF v. Sleekcraft Boats,*
    599 F.2d 341 (9th Cir. 1979)...................................................................................19, 20

5

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.,*
6    6 F.3d 1523 (Fed. Cir. 1993)..............................................................................................8

7    *American Footwear Corp. v. General Footwear Co.,*
    609 F.2d 655 (2d Cir. 1979).............................................................................................22

8

*Apple v Samsung Elecs.,*
9    No. 12-1105, *Op. Cit.* at 16 (Fed. Cir. May 14, 2012)......................................................9

10   *Arminak & Assocs., Inc. v. Saint Gobain Calmar, Inc.,*
    501 F.3d 1314 (Fed. Cir. 2007)........................................................................................18

11

*BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.,*
12    1 F.3d 1214 (Fed. Cir. 1993)...........................................................................................1, 2

13   *Baker v. Urban Outfitters, Inc.,*
    254 F. Supp. 2d 346 (S.D.N.Y. 2003)..............................................................................17

14
*In re Bextra and Celebrex Mktg. Sales Practices and Prod. Liab. Litig.,*
15    524 F. Supp. 2d 1166 (N.D. Cal. 2007) ...........................................................................16

16   *CLRB Hanson Indus., LLC v. Google Inc.,*
    2008 WL 2079200 (N.D. Cal. May 14, 2008) .................................................................25

17
*Coach Inc. v. Asia Pac. Trading Co.,*
18    676 F. Supp. 2d 914 (C.D. Cal.  2009) ..............................................................................8

19   *Crystal Semiconductor Corp. v. Tritech Microelecs. Int'l, Inc.,*
    246 F.3d 1336 (Fed. Cir. 2001) ..........................................................................................1

20
*DSU Med. Corp. v. JMS Co., Ltd.,*
21    296 F. Supp. 2d 1140 (N.D. Cal. 2003) ...........................................................................16

22   *Daubert v. Merrell Dow Pharms., Inc.,*
    509 U.S. 579 (1993) ..................................................................................1, 4, 7, 14, 16, 21

23
*Dreamworks Production Group, Inc. v. SKG Studio,*
24    142 F.3d 1127 (9th Cir. 1998)..........................................................................................18

25   *Dreyfus Fund Inc. v. Royal Bank of Canada,*
    525 F. Supp. 1108 (S.D.N.Y. 1981)............................................................................12, 22

26
*Egyptian Goddess, Inc. v. Swisa, Inc.,*
27    543 F.3d 665 (Fed. Cir. 2008)..........................................................................................18

28

-ii-

**MOTION TO EXCLUDE OPINIONS OF CERTAIN OF APPLE'S EXPERTS**

*Gable v. Nat'l Broadcasting Co.*,
    727 F. Supp. 2d 815 (C.D. Cal. 2010)................................................................16

*Garretson v. Clark*,
    111 U.S. 120 (1884)..............................................................................................4

*General Elec. Co. v. Joiner*,
    522 U.S. 136, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997) ..........................16

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
    318 F. Supp. 1116 (S.D.N.Y. 1970)......................................................................6

*Grain Processing Corp. v. Am. Maize-Prods.*,
    185 F.3d 1341 (1999) ............................................................................................1

*Hendrix v. Evenflo Company, Inc.*,
    255 F.R.D. 568 (N.D. Fla. 2009)........................................................................20

*Johnson Elec. N. Am., Inc. v. Mabuchi Motor Am., Corp.*,
    103 F. Supp. 2d 268 (S.D.N.Y. 2000)................................................................14

*Jones v. U.S.*,
    933 F. Supp. 894 (N.D. Cal. 1996) ....................................................................14

*Mahurkar v. C.R. Bard, Inc.*,
    79 F.3d 1572 (Fed. Cir. 1996)..............................................................................4

*Major League Baseball Props., Inc. v. Calvino, Inc.*,
    542 F.3d 290 (2d Cir. 2008)................................................................................24

*Mirror Worlds, LLC v. Apple, Inc.*,
    784 F. Supp. 2d 703 (E.D. Tex. 2011) ............................................................4, 5

*Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*,
    476 F. Supp. 2d 1143 (N.D. Cal. 2007) ..............................................................1

*Nike, Inc. v. Walmart Stores, Inc.*,
    138 F.3d 1437 (Fed. Cir. 1998)............................................................................8

*Nimely v. City of New York*,
    414 F.3d 381 (2d Cir. 2005)................................................................................17

*OPS2, LLC v. County of Clark*,
    2012 WL 424856 (D. Nev. 2012) ............................................................8, 19, 25

*Oracle Am. Inc. v. Google, Inc.*,
    798 F. Supp. 2d 1111 (N.D. Cal. 2012) ............................................................5, 6

*Oracle Am. Inc. v. Google, Inc.*,
    2012 WL 44485 (N.D. Cal. Jan. 9, 2012) ..........................................................7

*Oracle America, Inc. v. Google Inc.*,
    2012 WL 850705 (N.D. Cal. March 13, 2012) ................................................11

-iii-                                                              Case No. 11-cv-01846-LHK

**MOTION TO EXCLUDE OPINIONS OF CERTAIN OF APPLE'S EXPERTS**

*Radio Steel & Mfg. Co. v. MTD Prods., Inc.*,
   788 F.2d 1554 (Fed. Cir. 1986) ...................................................................................6

*Reeves v. Commonwealth Edison Co.*,
   2008 WL 239030 (N.D. Ill. 2008) .............................................................................16

*Rambus Inc. v. Infineon Techs. Ag*,
   318 F.3d 1081 (Fed. Cir. 2003) ................................................................................23

*ResQNet.com, Inc. v. Lansa, Inc.*,
   594 F.3d 860 (Fed. Cir. 2010) ...................................................................................6

*Richardson v. Stanley Works, Inc.*,
   597 F.3d 1288 (Fed. Cir. 2010) ................................................................................18

*Rogers v. Raymark Indus., Inc.*,
   922 F.2d 1426 (9th Cir. 1991) .........................................................................8, 20, 21

*Rust Environment & Infrastructure, Inc. v. Teunissen*,
   131 F.3d 1210 (7th Cir. 1997) ..................................................................................22

*Textron Inc. By & Through Homelite Div. v. Barber-Colman Co.*,
   903 F. Supp. 1570 (W.D.N.C. 1995) ........................................................................17

*Toys R Us, Inc. v. Canarsie Kiddie Shop, Inc.*,
   559 F. Supp. 1189 (E.D.N.Y. 1983) ...................................................................11, 22

*TrafFix Devices, Inc. v. Marketing Displays, Inc.*,
   532 U.S. 23 (2001) ...................................................................................................18

*U.S. v. 87.98 Acres of Land More or Less in the Cty of Merced*,
   530 F.3d 899 (9th Cir. 2008) ....................................................................................17

*U.S. v. Benson*,
   941 F.2d 598 (7th Cir. 1991) ....................................................................................17

*U.S. v. Chang*,
   207 F.3d 1169 (9th Cir. 2000) ..................................................................................17

*U.S. v. Johnson*,
   54 F.3d 1150 (4th Cir. 1995) ....................................................................................17

*Uniloc USA, Inc. v. Microsoft Corp.*,
   632 F.3d 1292 (Fed. Cir. 2011) ..........................................................................4, 6, 8

*United States v. Alisal Water Corp.*,
   431 F.3d 643 (9th Cir. 2005) ....................................................................................21

*United States v. Frazier*,
   387 F.3d 1244 (11th Cir. 2004) ................................................................................21

*Universal City Studios, Inc. v. Nintendo Co., Ltd.*,
   746 F.2d 112 (2d Cir. 1984) ...............................................................................12, 22

**MOTION TO EXCLUDE OPINIONS OF CERTAIN OF APPLE'S EXPERTS**

*Water Tech. Corp. v. Calco Ltd.*,
    850 F.2d 660 (Fed. Cir. 1988) .........................................................................................3

*ZF Meritor LLC v. Eaton Corp.*,
    646 F. Supp. 2d 663 (D. Del. 2009) ..............................................................................14

## <u>Statutes</u>

15 U.S.C. § 1114 ..............................................................................................................9

15 U.S.C. § 1125(a) ..........................................................................................................9

35 U.S.C. § 287 ................................................................................................................8

Fed. R. Evid. 104 .............................................................................................................1

Fed. R. Evid. 702................................................................................1, 8, 19, 21, 22, 24

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   **INTRODUCTION**

Apple's damages expert, Terry L. Musika, writes in his report that "Apple has built a considerable and at times a cult-like following to all things Apple."   That cult-like following apparently includes several experts who are appearing on Apple's behalf in this case, and may explain why they have cast aside established scientific methods and governing legal principles in favor of slavish adoration of their client and platitudes about its alleged magical and revolutionary products, issues that are of no relevance to the claims and defenses at issue.

II.   **THE COURT SHOULD EXCLUDE THE OPINIONS OF TERRY L. MUSIKA[1]**

A.   **Mr. Musika's Lost Profits Analysis Should Be Excluded**

1.   **Mr. Musika's lost profits figures should be excluded because he ignores essential factors in the smartphone market**

To show entitlement to lost profits, a patentee must reconstruct the market to show, hypothetically, "likely outcomes with infringement factored out of the economic picture." *Crystal Semiconductor Corp. v. Tritech Microelecs. Int'l, Inc.*, 246 F.3d 1336, 1355 (Fed. Cir. 2001) (quoting *Grain Processing Corp. v. Am. Maize-Prods.,* 185 F.3d 1341, 1350 (1999)).   Such market reconstruction, though hypothetical, requires "sound economic proof of the nature of the market."   *Id.*   The hypothetical market must account for how consumers would react to products that have a dissimilar price or significantly different characteristics.   *Id.* at 1356; *see also BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.,* 1 F.3d 1214, 1219 (Fed. Cir. 1993).   In *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 476 F. Supp. 2d 1143, 1155-56 (N.D. Cal. 2007), this Court ruled that a patent-damages expert must "account for supply and demand" and make allowances for the impact that a change in price would have on demand, or else be excluded.

████████████████████████████████████████████████

████████████████████   It is not reasonable to assume that Samsung's customers would

---

[1]   The party offering challenged expert testimony has the burden of establishing admissibility.   *U.S. v. 87.98 Acres of Land More or Less in the Cty of Merced*, 530 F.3d 899, 904 (9th Cir. 2008).

1   ████████████████████████████████████████████████

2   ██████████████████████████████████████████████████

3   ████████████████████████████████████████████████

4   *BIC Leisure,* 1 F.3d at 1218 (finding clear error in admitting expert testimony that did not account

5   for the price elasticity of demand where patentee's products sold for 60-80% above the price of the

6   infringer's).   ██████████████████████████████████████

7   ████████████████████████████████████

8       ████████████████████████████████

9   ████████████████████████████████████

10  █████████████████████   Because many of Samsung's actual users

11  have chosen Android, any sound consideration of alleged lost profits would have to measure those

12  customer's willingness to switch to Apple's iOS rather than substitute a non-accused Android

13  device from Samsung or another manufacturer.   ████████████████████

14  ████████████████████████████████████████████

15  ████████████████████████████████████████████

16  ██████████████████████████████████████████████████

17  ████████████████████████

18          **2.      Mr. Musika's lost profits analysis is not tied to the intellectual property
            rights at issue in this case.**

19

20          To recover lost profits, "a patent owner must prove a causal relation between the

        infringement and its loss of profits." *BIC Leisure,* 1 F.3d at 1218.   The burden rests on the

21
        patentee to show a reasonable probability that "but for" the infringing activity, the patentee would

22
        have made the infringer's sales.   *Water Tech. Corp. v. Calco Ltd.,* 850 F.2d 660, 671 (Fed. Cir.

23
        1988).   Mr. Musika fails to meet the but-for test for lost profits because he doesn't   ████████

24

25  _____

26  [2]  ████████████████████████████████████████

27  ████████████████████████████████████████████████

28  ██████████████████████████



Mr. Musika's lost profits analysis is fatally flawed because

**MOTION TO EXCLUDE OPINIONS OF CERTAIN OF APPLE'S EXPERTS**

1 █████████████████████████████████████████████████████████

2 ███████████████████████    It should be excluded under *Daubert*.

3    **B.     Mr. Musika's Reasonable Royalty Analysis Should Be Excluded**

4    A reasonable royalty is determined from the "hypothetical results of hypothetical

5 negotiations between the patentee and infringer (both hypothetically willing) at the time

6 infringement began."   *Mahurkar v. C.R. Bard, Inc.,* 79 F.3d 1572, 1579 (Fed. Cir. 1996).

7      **1.     Mr. Musika's "income approach" is improper**

8 █████████████████████████████████████████████████████████

9 █████████████████████████████████████████████████████████

10 █████████████████████████████████████████████████████████

11 █████████████████████████████████████████████████████████

12 But, according to the Federal Circuit, "the patentee ... must in every case give evidence tending to

13 separate or apportion the defendant's profits and the patentee's damages between the patented

14 feature and the unpatented features."   *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1318

15 (Fed. Cir. 2011) (citing *Garretson v. Clark*, 111 U.S. 120, 121 (1884)).   Apple knows well that

16 Mr. Musika's methodology is improper under *Uniloc*, having prevailed on this very issue before.

17 *See Mirror Worlds, LLC v. Apple, Inc.*, 784 F. Supp. 2d 703, 726 27 (E.D. Tex. 2011) (granting

18 Apple's JMOL to vacate a jury's damages award because of the patentee's failure to apportion as

19 required by *Uniloc*).

20 █████████████████████████████████████████████████████████

21 █████████████████████████████████████████████████████████

22 █████████████████████████████████████████████████████████

23 █████████████████████████████████████████████████████████

24 █████████████████████████████████████████████████████████

25 █████████████████████████████████████████████████████████

26 █████████████████████████████████████████████████████████

27 █████████████████████████████████████████████████████████

28 █████████████████████████████████████████████████████████

1   █████████████████████████████████████████████████████

2   ██████   That is absurd.

3   ███████████████████████████████████████████████████████

4   ██████████████████████████████████████████████████

5   ██████████████████████████████████████████████████

6   ███████████████████████████████████████████████████████

7   ████████████████████████████████████████████████

8   ███████████████████████████████████   This Court recently excluded

9   expert opinion for just such a refusal to accept the hypothetical restriction to a license limited to

10  only the actual claims in suit on the purported basis of an alleged real-world preference to

11  "license[] on a portfolio basis."   *Oracle Am. Inc. v. Google, Inc.*, 798 F. Supp.2d 1111, 1115

12  (N.D. Cal. 2012).

13  ███████████████████████████████████████████████████████

14  ████████████████████████████████   Apple itself vacated a jury verdict in

15  the *Mirror Worlds* case for the same prejudicial mistake, and it should not be permitted to pursue

16  this approach here.

17          **2.     Mr. Musika's "cost approach" is improper**

18  ██████████████████████████████████████████████████

19  █████████████████████████████████████████████████

20  ███████████████████████████████████████████████████

21  █████████████████████████████████████████████████

22  █████████████████████████████████████████████████

23  █████████████████████████████████████████████████

24  ███████████████████████████████████████████████████

25  ████████████████████████████████████████

26  ███████████████████████████████████████████

27  ███████████████████████████████████████████████████████

28

**MOTION TO EXCLUDE OPINIONS OF CERTAIN OF APPLE'S EXPERTS**

1 ██████████████████████████████████████████████████

2 ████████████████████████

3      A patentee may not base its reasonable royalty analysis on the alleged infringer's profits.

4 *Radio Steel & Mfg. Co. v. MTD Prods., Inc.*, 788 F.2d 1554, 1557 (Fed. Cir. 1986) ("The

5 determination of a reasonably royalty, however, is based not on the infringer's profit, but on the

6 royalty to which a willing licensor and a willing licensee would have agreed at the time the

7 infringement began.").   Moreover, the Federal Circuit has made clear that a reasonable royalty

8 may only be based on the technology at issue, not the entire value of the accused products.

9 *ResQNet.com, Inc. v. Lansa, Inc.,* 594 F.3d 860, 869 (Fed. Cir. 2010) ("To be admissible, expert

10 testimony opining on a reasonable royalty rate must "carefully tie proof of damages to the claimed

11 invention's footprint in the market place.");   *Uniloc*, 632 F.3d at 1317 (same); *accord Oracle Am.,*

12 798 F. Supp.2d at 1115-16.[4]

13      Mr. Musika's "cost approach" to calculating a reasonable royalty is simply a disguised

14 attempt ████████████████████████████████████████

15 ██████████████████████████████ It should be excluded.

16      **3.** ███████████████ **properly relies on the assumption that**

17 █████████████████████████████████████████████████

18 █████████████████████████████████████████████████

19 █████████████████████████████████████████████████

20 ██████████████████████████████████████████████

21 ████████████████████████████████████████████████

22 █████████████████████████████████████████████████

23 █████████████████████████████████████████████████

24 ████████████████████████████████████████████

         ███████ "Assumptions built into this thought experiment may not be discarded in favor of the

25

26 _____

27 [4]   The lone exception is the Entire Market Value rule, ████████████████████████

28 ██████████████████████████████████

1   parties' subjective preferences and history."   *Oracle*, 798 F. Supp. 2d at 1115-16 (excluding

2   expert opinion for "fighting the hypothetical").   ███████████████████████████████████

3   ████████████████████████████████████████████████████████████████████████████████████

4   ███████████████████████████████   It should be excluded.

5        Mr. Musika also improperly seeks to rely on a license that he admits "is not a comparable

6   license to any of the Apple Intellectual Property In Suit" to establish a "floor" for a reasonable

7   royalty.   (Martin Decl. Ex. 3 at 60-61).   "Damages experts cannot use noncomparable licenses,

8   with little relationship to the claimed invention or parties-in-suit, as a basis for calculating

9   reasonable royalties."   *Oracle Am. Inc. v. Google, Inc*., 2012 WL 44485 at *8, (N.D. Cal. Jan. 9,

10   2012).

11        None of Mr. Musika's approaches to calculating a reasonable royalty rate approximate the

12   results of a hypothetical negotiation between willing parties over just the technology at issue.

13   Under no conceivable light are these opinions helpful to the jury.   They must all be excluded

14   under *Daubert*.

15   **C.**   **Mr. Musika's Critique of** ███████████████████████████████

16        In addressing the disgorgement of an alleged infringer's profits, Samsung is entitled to

17   deduct its costs related to accused products.   ██████████████████████████████████

18   ████████████████████████████████████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████████████████████████

22   ██████████████████████████████████████████████████████████████████

23   ███████████████████████████████   All of these opinions should be excluded because

24   they are improper attorney argument and a rebuttal report, which was not provided for in the

25   Court's schedule nor the Court's April 23, 2012 order.

26        ████████████████████████████████████████████████████████████████████████

27   ████████   [amounting to Samsung's total revenue] due to Samsung's failure to carry its burden of

28   proof."   (*Id.* at 10-11.)   These opinions are simply "closing argument" masquerading as an expert

1  opinion.   They do not "assist the trier of fact" and fail to satisfy the requirements of Rule 702.

2  *OPS2, LLC v. County of Clark*, 2012 WL 424856, at *5 (D. Nev. 2012); *Rogers v. Raymark*

3  *Indus., Inc.*, 922 F.2d 1426, 1431 (9th Cir. 1991).

4  ████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████

8  ███████  ████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████

11  ████████████████████████  That is improper and highly prejudicial.   The Court in its

12  role as gatekeeper should exclude Mr. Musika ████████████████████████  *See*

13  *Uniloc*, 632 F.3d at 1320 ("This case provides a good example of the danger of admitting

14  consideration of the entire market value … The disclosure that a company has made $19 billion

15  dollars in revenue from an infringing product cannot help but skew the damages horizon for the

16  jury").

17      **D.      ████████████████████████ ve an Opinion on Damages,** ████████████ .

18              ████████████████████████████

19      ████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████

21  █████  35 U.S.C. § 287; *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir.

22  1993); *Nike, Inc. v. Walmart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998) (marking applies

23  to design patents); *Coach Inc. v. Asia Pac. Trading Co.*, 676 F. Supp. 2d 914, 924 (C.D. Cal.

24  _____

25  [5]  ████████████████████████████████████████████████████████

26  ████████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████████

28  ████████████████████████████████████████

**MOTION TO EXCLUDE OPINIONS OF CERTAIN OF APPLE'S EXPERTS**

2009) (where plaintiff sues under both 15 U.S.C. §§ 1114 and 1125(a), "the plain language of § 1117(a) and § 1111 indicates that a plaintiff must meet § 1111's 'actual notice requirement' to recover profits or damages"). █████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████   Under these circumstances, if the Court permits Mr. Musika to testify to alleged damages, he should be required ██████████████████████████████

█████████████████████████████████████████████████████

██████████████

**E.**     **The Court Should Again Reject Mr. Musika's Speculation Regarding Alleged Irreparable Harm For Failure to Show Any Nexus**

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████   (*See* Dkt. No. 419).   The Court already rejected those speculative opinions, emphasizing that Apple failed to show the necessary nexus between alleged harm to Apple and Samsung's allegedly infringing conduct.   (Dkt. No. 449 at 33-34).   The Federal Circuit affirmed the necessity of a showing of nexus and Apple's failure to do so, over Apple's objections.   *Apple v Samsung Elecs.*, No. 12-1105, *Op. Cit.* at 16 (Fed. Cir. May 14, 2012) ███████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████

**MOTION TO EXCLUDE OPINIONS OF CERTAIN OF APPLE'S EXPERTS**

III.   **THE COURT SHOULD EXCLUDE THE OPINIONS OF JOHN HAUSER**

John Hauser is an expert hired by Apple ████████████████████████████
███████████████████████████████████████████████████████████████████
██████████████████████████████████████         ███████████████████████
████████████   The purpose of the Hauser report is purportedly to support Mr. Musika's damages analysis.   Dr. Hauser's opinion should be excluded because (1) he failed to retain and produce raw data on which he relied; and (2) he used utterly unreliable methodology.

████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████
██ ██ ██ ███████████████████████████████████████████████████████████
█████████████████ ██ ███████████████████████████████████████
███████████████████ ███████████████████████████████████████ ████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
████████████████████████████ ███████████████████

When Samsung requested all the notes, videos or other materials that were used in or recorded these 20 interviews, it was told there were none – not a single note, email, script, or recording of even one of these 20 interviews, the foundation of Dr. Hauser's surveys.[6]   (*See* Martin Decl. Exs. 13 – 14.)   ███████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
████████ ████████████████████████████████████████████
███████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
███████████████████████████████████████████████

_____

[6] ████████████████████████████████████████████████████████
██████ ██ █████████████████████████████

1 ███████  ██  ████████████████████████████████

2  ████████████████████████████████████████████████████████████

3 ███████████████████████████████████████████████████████████ *See*

4 *Toys R Us, Inc. v. Canarsie Kiddie Shop, Inc.*, 559 F. Supp. 1189, 1205 (E.D.N.Y. 1983)

5 (excluding evidence based on survey where expert "conceded that he had no knowledge of what

6 the interviewers actually did in conducting the interviews and that he had no personal knowledge

7 of whether they, in fact, followed the instructions they were given at the briefing session").   Dr.

8 Hauser's opinions are wholly unreliable because the basis ██████████████████████████

9 █████████████████████████

10        What is more, in *Oracle America, Inc. v. Google Inc.*, 2012 WL 850705 (N.D. Cal. March

11 13, 2012), Judge Alsup recently struck survey results as unreliable because the expert did not test

12 features identified as important during pre-interviews.   *Id.* at *11 ("focus-group research

13 discovered 39 features that real-world consumers said they would have considered when

14 purchasing a smartphone [but] instead of testing 39 features in his conjoint analysis, [the] Dr. [ ]

15 selected seven features to be studied.")   Here, not only does Dr. Hauser admit ████████████

16 ███████████████████████████████████████████  ████████████

17 ████████████████████████████████████████████

18 ██████████████████████  Indeed, one cannot but think that Dr. Hauser

19 deliberately instructed the surveyors not to keep notes to avoid the same criticism in this case as in

20 *Oracle*: that he did not test the all the features the consumers identified as important.

21        Dr. Hauser employed the same strange methodology with respect to the pre-tests.  ████

22 ██████████████████████████████████████████████████

23 ████████████████████████████████████████████████████████

24 _____

25 [7] ██████████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████████████

27 ██████████████████████████  ████████████  "inappropriately focused

consumers on artificially-selected features." *Oracle*, 2012 WL 850705, at *10.

28

1   ██████████████ Apple again insists that no notes or other records exist concerning respondents'

2   answers, other than a one page summary.   (Martin Decl. Ex. 11 at 44.)   In other words, Dr.

3   Hauser once again asks the Court and Samsung to believe that not a single note, e-mail, or memo

4   was generated concerning the alleged 20 pre-tests.   (*Id.* at 43; Exs. 16-17.)

5   ████████████████████████████████████████████████████████████

6   ███████████████████████████████████████   This too is independent grounds to

7   exclude Dr. Hauser's surveys and his corresponding opinions.   *See Universal City Studios, Inc. v.*

8   *Nintendo Co., Ltd.*, 746 F.2d 112, 118 (2d Cir. 1984) ("[T]he survey utilized an improper universe

9   in that it was conducted among individuals who had already purchased or leased Donkey Kong

10  machines rather than those who were contemplating a purchase or lease."); *Dreyfus Fund Inc. v.*

11  *Royal Bank of Canada,* 525 F. Supp. 1108, 1116 (S.D.N.Y. 1981).

12  ████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████

14  ███████████████████   The table below illustrates this flaw with respect to the '607 patent:

| Patent | Description of the Patented Feature in the Hauser Survey | Description of the Patented Feature by Apple's Technical Expert | Disparity |
|---|---|---|---|
| '607 | "Whether the smartphone accurately carries out what you intend to do when you touch the screen."[9]<br><br>"Whether the tablet is capable of reliably performing a full range of multi-touch operations."[10]<br><br>For a combination without the patented feature, the animation presented to respondents displays "Intended contact not recognized" multiple times, and the | ████████████████████ | No connection between the touchscreen "reliably" doing what "you intend" and the '607 patent. |

_____

[8]   Samsung does not accept the descriptions provided by Apple's experts, but has used them here to show that Dr. Hauser's survey descriptions do not even comport with Apple's descriptions of the patented features.   A complete illustration of the disparities between Apple's technical experts and the descriptions in Dr. Hauser's surveys are included in Exhibit 18 to the Martin Declaration.

[9] ████████████████████████

[10] ████████████████████████

**MOTION TO EXCLUDE OPINIONS OF CERTAIN OF APPLE'S EXPERTS**

| Patent | Description of the Patented Feature in the Hauser Survey | Description of the Patented Feature by Apple's Technical Expert | Disparity |
|---|---|---|---|
| | accompanying narration states "This touchscreen is a single touch screen with very limited multi-touch capability. It reliably tracks single-finger operations like scrolling. Some gestures involving two fingers, like pinch-to-zoom, will work, but with poor response. As a result, the touch screen will not always carry out the two-finger gestures you intend."[11] | ███████████████████████ ███████████████ | |

In short, the tested features were not the patented features.    Therefore the resulting survey data has no relevance to the features and issues involved in this case.    Indeed, both Dr. Hauser and another of Apple's experts, Dr. Rossi, admit that if the patented features are not accurately described, the surveys based on those descriptions are irrelevant to the question of damages. (Martin Decl. Ex. 12 at 229:2-15; Ex. 19, Rossi Rebuttal Report at ¶ 3.)

        In short, Dr. Hauser (a) designed his surveys based on interviews and pre-tests, but either deliberately kept no records of them or is withholding them.    Because of this, neither the Court nor Samsung can replicate or assess the reliability of Dr. Hauser's surveys; (b) surveyed the wrong population; and (c) tested features that bear virtually no relationship to even Apple's experts' descriptions of the patents at issue in this case.   His opinions, which are based entirely on the reliability of his surveys, should be excluded.

**IV.    THE COURT SHOULD EXCLUDE THE TESTIMONY OF HENRY URBACH**

        Mr. Urbach ████████████████████████████████████████████████████

████████   unquestionably is a loyal devotee of Apple, its designers, its products,[12] and its retail



02198.51887/4751862.6

**MOTION TO EXCLUDE OPINIONS OF CERTAIN OF APPLE'S EXPERTS**

1   stores, ███████████████████████████████████████████████████

2   ███████████████   In flowery terms, he explains ████████████████

3   ████████████████████████████████████████████████████

4   ████████████████████████████████████████████████████████

5   ███████████████████████████████████████████████████████

6   ██████████████████████████████████████████████████████████

7   ███████████████   Whether or not this is true, it is not relevant to any issue in this case, which

8   requires Apple to prove the validity of its trademark and trade dress rights, and Samsung's

9   infringement. ███████████████████████████████████████████████

10  ██████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████

12  ██████████████████████████████████████████████████████████

13  ███████████████████████████████████████████████████████

14  ███████████████████████████████████

15      Nor do Mr. Urbach's opinions satisfy the reliability requirement for admissibility.   Rather

16  than base his opinions on any scientific methodology, █████████████████████████████

17  ─────────────────────────────

18  ████████████████████████████████████████████████████

19      Before being retained by Apple in this matter, Mr. Urbach wrote an essay on the design of

20  Apple's retail stores, entitled *Gardens of Earthly Delights*, describing them as "[q]uasi-religious in almost every respect, . . . chapels for the Information Age."   (Martin Decl. Ex. 22 at APLNDC-

21  Y0000151235.)   Mr. Urbach, who refers to former CEO Steve Jobs as "St. Eve" (*Id.* at APLNDC-Y0000151235), believes that ████████████████████████████████████████████

22  ██████████████████████████████████████████████████████

23      *See Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579, 591-92 (1993); *ZF Meritor LLC*

24  *v. Eaton Corp.*, 646 F. Supp. 2d 663, 665-66, (D. Del. 2009) (holding that an expert's opinion must "fit the facts of the case"); *Johnson Elec. N. Am., Inc. v. Mabuchi Motor Am., Corp.*, 103 F.

25  Supp. 2d 268, 280 (S.D.N.Y. 2000) ("[T]he testimony must not only be reliable, but must be relevant in that it 'fits' the facts of the case.").   "Expert testimony which does not relate to any

26  issue in the case is not relevant, and ergo, non-helpful."   *Daubert*, 509 U.S. at 591. The Court should "exclude scientific expert testimony under the second prong of the *Daubert* standard unless

27  it is 'convinced that it speaks clearly and directly to an issue in dispute in the case.'"   *Jones v.*

28  *U.S.*, 933 F. Supp. 894, 900 (N.D. Cal. 1996) (quoting *Daubert*, 43 F.3d at 1321 n. 17).

**MOTION TO EXCLUDE OPINIONS OF CERTAIN OF APPLE'S EXPERTS**



Mr. Urbach's methodology not only is unscientific and novel, but is based solely on his say so, rather than any objectively verifiable data.

"[N]othing in either

15

1  *Daubert* or the *Federal Rules of Evidence* requires a district court to admit opinion evidence that is

2  connected to existing data only by the *ipse dixit* of the expert."   *DSU Med. Corp. v. JMS Co., Ltd.*,

3  296 F. Supp. 2d 1140, 1147 (N.D. Cal. 2003) (quoting *General Elec. Co. v. Joiner*, 522 U.S. 136,

4  147, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997)).[18]

5        Mr. Urbach also failed to consider other reasons for the findings he offers.   For example,

6  he offers an opinion on museum worthiness of Apple products in comparison to others, but admits

7  he did not even investigate the extent to which other products appear in museum collections.   He

8  opines that ████████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████).

11  When an expert ignores key facts or data contradicting his conclusions, the resulting opinion is

12  inadmissible because it is unreliable.   *See, e.g., In re Bextra and Celebrex Mktg. Sales Practices*

13  *and Prod. Liab. Litig.*, 524 F. Supp. 2d 1166, 1181, 1184 (N.D. Cal. 2007) (finding an expert

14  opinion unreliable and inadmissible because the expert ignored evidence contradicting her

15  conclusions); *Reeves v. Commonwealth Edison Co.*, 2008 WL 239030, at *5-7 (N.D. Ill. 2008)

16  (precluding expert's opinions because he ignored key facts).

17        Finally, Mr. Urbach lacks the qualifications to serve as an expert on Apple's "design

18  excellence" or its public appreciation.[19] ████████████████████████████████

19  ───────────────────────

20  ████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████████████

25  ████████████   This kind of uncorroborated evidence cannot substitute for
rigorous survey or formal interviews, which Mr. Urbach acknowledged he did not conduct,
because they were not consistent with his approach.

[19]  A witness may be qualified as an expert "by knowledge, skill, experience, training, or
education."   Fed. R. Evid. 702.   The party offering the expert's opinions has the burden to prove
such qualifications.   *Gable v. Nat'l Broadcasting Co.*, 727 F. Supp. 2d 815, 833 (C.D. Cal. 2010)
    (footnote continued)

1  ██████████████████████████████████████████████████████

2  ██████████████████████████████████████████████████████

3  ██████████████████████████████████████████████████████

4  ██████████████████████████████████████████████████████

5  ██████████     His devotion to Apple and ability to wax eloquently about its products and retail

6  stores does not make up for his lack of relevant qualifications.[20]

## V. THE COURT SHOULD EXCLUDE THE TESTIMONY OF SUSAN KARE

Susan Kare describes herself as ████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██ ████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████     The

problem with her opinions on substantial similarity, likelihood of confusion, and "possible"

_____

(citing *U.S. v. 87.98 Acres of Land More or Less in the County of Merced*, 530 F.3d 899, 904-05 (9th Cir. 2008) and *Baker v. Urban Outfitters, Inc.*, 254 F. Supp. 2d 346, 353 (S.D.N.Y. 2003)).

[20]     Moreover, even if Mr. Urbach could qualify as an expert in something, "not every opinion offered by an expert is an expert opinion.   Rule 702 'does not afford the expert unlimited license to testify ... without first relating that testimony to some "specialized knowledge" on the expert's part....'.   Put another way, an expert's opinion 'must be an "expert" opinion (that is, an opinion informed by the witness' expertise) rather than simply an opinion broached by a purported expert.'"   *Textron Inc. By & Through Homelite Div. v. Barber-Colman Co.*, 903 F. Supp. 1570, 1575 (W.D.N.C. 1995) (citing *U.S. v. Johnson*, 54 F.3d 1150, 1157 (4th Cir. 1995) and *U.S. v. Benson*, 941 F.2d 598, 604 (7th Cir. 1991)).   Mr. Urbach has admitted he has no experience in product design, or marketing, and therefore any opinions he could offer would be beyond his area of expertise.   *See U.S. v. Chang*, 207 F.3d 1169, 1172-1173 (9th Cir. 2000) (district court did not abuse its discretion in precluding expert from testifying regarding matters beyond scope of expertise); *Nimely v. City of New York*, 414 F.3d 381, 399, n.13 (2d Cir. 2005) (holding that "because a witness qualifies as an expert with respect to certain matters or areas of knowledge, it by no means follows that he or she is qualified to express expert opinions as to other fields").

1   copying, however, is that they are completely divorced from the law that governs these issues.

2   ████████████████████████████████████████████████████████████

3   ███████████████████████████████ *but her report does not describe any legal*

4   *principles nor cite to any legal authorities.*

5         With regard to substantial similarity, the law requires that any functional aspects of the

6   design are removed from the analysis, because design patents only protect ornamental aspects of

7   the design.   *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293-94 (Fed. Cir. 2010).   A trade

8   dress can be "aesthetically functional" where the aesthetics of the trade dress itself drives

9   consumer demand for the product."   *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S.

10   23, 33 (2001). ████████████████████████████████████████████

11   ████████████

12        Nor did she consider ████████████████████████████████

13   ████████████████████████████████████████████████████████████████

14   ████████████████████████ which also is required before evaluating substantial

15   similarity.   *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008)

16   (whether designs are substantially the same is determined from the perspective of a hypothetical

17   "ordinary observer," who is assumed to have familiarity with all relevant prior art and who

18   considers the accused design "giving such attention as a purchaser usually gives").

19        Ms. Kare did not consider (or have the expertise to evaluate) how the ordinary observer

20   would perceive the Apple products or the Samsung accused products.[21] ███████████████

21   ████████████████████████████████████████████████████████████████

22   █ █████████████████████████████████████████████████████████

23

24   [21]   An ordinary observer is "a person who is either a purchase of, or sufficiently interested in,
the item that displays the patented designs and who has the capability of making a reasonably

25   discerning decision when observing the accused item's design whether the accused item is
substantially the same as the item claimed in the design patent."   *Arminak & Assocs., Inc. v. Saint*

26   *Gobain Calmar, Inc.*, 501 F.3d 1314, 1323 (Fed. Cir. 2007); *Dreamworks Production Group, Inc.
v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998) ("The test for likelihood of confusion is

27   whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the
origin of the good . . . .").

28

1 ████████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████ In

3 short, Ms. Kare did not consider the factors required for a design patent infringement analysis.

4        Ms. Kare's likelihood of confusion opinion is equally untethered to the governing legal

5 principles.   While "similarity in appearance" is but one of eight factors that must be considered in

6 evaluating likelihood of confusion in the trademark and trade dress context, *AMF v. Sleekcraft*

7 *Boats*, 599 F.2d 341, 349 (9th Cir. 1979), █████████████████████████████████

8 ████████████████████████████████████████████████████████████

9 ██████████████████ She acknowledged, for example, that she was not asked about

10 sophistication of the purchasers.   (*Id.* at 183:15-18)

11        Finally, Ms. Kare's opinion that ███████████████████████████████

12 ████████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████████

14 ██████████████████████████████ *OPS2*, 2012 WL 424856, at *5 (excluding expert

15 testimony containing "recitations of facts of the case").   ████████████████████

16 ████████████████████████████████████████████████████████████

17 ██████████████████████████████████████

18 **VI.    THE COURT SHOULD EXCLUDE THE TESTIMONY OF RUSSELL WINER**

19        Russell Winer is a marketing expert whose opinions read like a closing argument Apple

20 would make to the jury on the issues of trade dress infringement and dilution.   Rather than apply

21 any particular marketing expertise or the results of his own surveys or other work product,

22 Professor Winer simply acts as a summary witness, reciting argumentative conclusions based upon

23 surveys conducted by other experts designated by Apple, press stories, and various Apple internal

24 documents.   Based on these materials, Professor Winer ████████████████████████

25 ████████████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████████

27        This sort of "closing argument" masquerading as an expert opinion does not "assist the

28 trier of fact" and fails to satisfy the requirements of Rule 702.   *OPS2*, *supra* 2012 WL 424856, at

*5 (excluding opinion testimony that "offers nothing more than what defense counsel could argue during closing arguments").   As the Ninth Circuit has held, "a party is not entitled to have an expert testify solely because that witness can eloquently summarize the evidence.   That job belongs to counsel."   *Rogers*, *supra*, 922 F.2d at 1431.   The jury is perfectly capable of considering the facts presented at trial, and counsel's arguments regarding how those facts relate to the relevant legal factors for likelihood of confusion or dilution, and making up its own mind about whether Apple has proven its claims.   Professor Winer's opinions are therefore not helpful and should be excluded.   *Hendrix v. Evenflo Company, Inc.*, 255 F.R.D. 568,579 (N.D. Fla. 2009) (expert should not be permitted to testify about lay matters which a jury is capable of understanding and deciding without the expert's help).   "Otherwise, there is a risk the trier of fact will give the expert testimony undue weight on account of its special status."   *Id.*[22]

Beyond his summary testimony on infringement and dilution, Professor Winer offers completely irrelevant ███████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

████████████████████████████████████████   Apart from being entirely duplicative of the opinions of another expert designated by Apple, Sanjay Sood, these opinions are not relevant to any issue in the case.   The question on Apple's trade dress claims is whether Apple has valid trade dress rights based on the particular aspects it has claimed, and, if so, whether Samsung has infringed or diluted that trade dress.   Professor Winer acknowledges that ██████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

_____

[22]   Professor Winer lacks any specialized expertise to opine on ████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████

1 ████████████████████████████████████████████████

2 is simply not relevant to Apple's trade dress claims, and will only confuse the jury.

3       Even if Professor Winer's opinions otherwise satisfied the requirements of Rule 702 and

4 *Daubert*, and they do not, the Court should exclude his testimony under Federal Rule of Evidence

5 403, as any probative value it might have is substantially outweighed by the danger of unfair

6 prejudice, confusion of the issues, misleading the jury, or needless presentation of cumulative

7 evidence.[23]   Professor Winer's opinions are cumulative of the opinions of other experts Apple has

8 designated, including █████████████████████████████

9 ████████████████████████████████████████████████

10 ████████████████████████████████████████████████

11 ████████████████████   *See United States v. Alisal Water Corp.*, 431 F.3d 643, 660 (9th Cir.

12 2005) (affirming exclusion of cumulative expert testimony).   Moreover, because Professor Winer

13 simply summarizes other testimony, but with imprimatur of an expert, or otherwise offers opinions

14 on matters that are wholly irrelevant, his opinions are likely to confuse and mislead the jury, and

15 unfairly prejudice Samsung.   They should be excluded under Rule 403.[24]

16 **VII.    THE COURT SHOULD EXCLUDE THE OPINIONS OF DR. SANJAY SOOD**

17       Dr. Sanjay Sood is an expert hired by Apple to opine that ████████████████

18 ████████████████████████████████████████████████

19 ████████████████████████████████████████████████

20

---

21   [23]   "It is particularly appropriate for the trial judge carefully to weigh the potential for

22 confusion in the balance when expert testimony is proffered.   Jurors may well assume that an

23 expert, unlike an ordinary mortal, will offer an authoritative view on the issues addressed; if what

an expert has to says is instead tangential to the real issues, the jury may follow the 'expert' down

24 the garden path and thus focus unduly on the expert's issues to the detriment of the issues that are

in fact controlling."   *Rogers,* 922 F.2d at 1431.   "Simply put, expert testimony may be assigned

25 talismanic significance in the eyes of lay jurors, and, therefore, the district courts must take care to

weigh the value of such evidence against it potential to mislead or confuse."   *United States v.*

26 *Frazier*, 387 F.3d 1244, 1263 (11th Cir. 2004).

      [24]   Samsung expressly seeks exclusion for each of the experts addressed in this motion under

27 Rule 403, in addition to Rule 702, as in each case, even if relevant, any minimal relevance is

substantially outweighed by the likelihood of jury confusion, and severe prejudice to Samsung.

28

**MOTION TO EXCLUDE OPINIONS OF CERTAIN OF APPLE'S EXPERTS**



1

2

3                                                                          However, ***none*** of these opinions are

4     tied to the patents or trade dress at issue in this case or ***any*** of the accused products in this case.

5     As noted above in the discussion of the opinions of Mr. Urbach, expert opinions that are not tied

6     to the matters before the fact finder are not helpful to the jury and should be excluded.

7              Moreover, Dr. Sood bases opinions (1) and (3) on consumer surveys that he had

8     conducted.

9

10

11

12

13                                                                 That alone is sufficient reason to

14    exclude Dr. Sood's opinions.[25]   Finally, Dr. Sood's survey-based opinions must be excluded

15

16

17    **VIII.   THE COURT SHOULD EXCLUDE THE OPINIONS OF MICHAEL WALKER**

18             Dr. Michael Walker is an expert hired by Apple to support its FRAND defense.   Apple

19    relies on Dr. Walker, who has been involved at the ETSI standards body since 1988 and until

20    ─────────────────

21        [25]    *Universal City Studios, Inc. v. Nintendo Co., Ltd*., 746 F.2d 112, 118 (2d Cir. 1984)
      (affirming summary judgment despite contrary survey because "the survey utilized an improper

22    universe in that it was conducted among individuals who had already purchased or leased Donkey
      Kong machines rather than those who were contemplating a purchase or lease.") *citing American*

23    *Footwear Corp. v. General Footwear Co.,* 609 F.2d 655, 661 n. 4 (2d Cir. 1979);   *Dreyfus Fund*
      *Inc. v. Royal Bank of Canada,* 525 F.Supp. 1108, 1116 (S.D.N.Y. 1981).

24        [26]    *See, e.g., Rust Environment & Infrastructure, Inc. v. Teunissen*, 131 F.3d 1210, 1218 (7th

25    Cir. 1997) (affirming district court discounting evidence based on survey where survey "did not
      require recording of verbatim responses"); *Toys R Us, Inc. v. Canarsie Kiddie Shop, Inc.*, 559 F.

26    Supp. 1189, 1205 (E.D.N.Y. 1983) (excluding evidence based on survey where expert "conceded
      that he had no knowledge of what the interviewers actually did in conducting the interviews and

27    that he had no personal knowledge of whether they, in fact, followed the instructions they were
      given at the briefing session").

28

1   recently served as the Chairman of its Board, to support its contention that "Samsung failed to

2   timely disclose its allegedly essential patents in accordance with the requirements of the ETSI IPR

3   Policy."   (Dkt. 381 at ¶ 183.)   Although it is undisputed that Samsung did disclose applications

4   in the families of all the declared essential patents-in-suit to ETSI, Dr. Walker asserts ███

5   ████████████████████████████████████████████████████████████████

6   ████████████████████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████████████████████

8   ████████████████████████████████████   Because these opinions

9   are speculative and unsupported by any factual analysis, they should be excluded.

10          For Samsung to have been obligated to disclose the priority applications underlying the

11   declared essential patents-in-suit to ETSI before the alleged Freeze Date, Samsung must have b██

12   ████████████████████████████████████████████████████████████████

13   █ ██████████████   An IPR within the meaning of the ETSI IPR Policy includes patents

14   and patent applications, but as Dr. Walker agreed, █████████████████████████

15   ████████████████████████████████████████████████████████████████

16   ████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████████

18   ████████████████████████████████████████████████

19   ████████████████████████████████████████████████

20   ████████████████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████████████

22   ████████████████████████████████████████████████████████

23   ██████████

24          Accordingly, for Dr. Walker's opinions to have any reliable basis at all, it was up to him to

25   show that each of the priority applications were not confidential and contained at least one claim

26   that should have led Samsung to conclude the IPR was essential or likely to become essential to an

27   ETSI standard, as well as Samsung's awareness of that fact.   *Cf. Rambus Inc. v. Infineon Techs.*

28   *Ag*, 318 F.3d 1081, 1102-03 (Fed. Cir. 2003) (reversing the district court's denial JMOL where,

1   under the SSO's Rules, a SSO member had an obligation to disclose IPR with claims that

2   objectively read on the standards under consideration).   But Dr. Walker never even attempted to

3   do so, admitting during his deposition that he:

4   •

5

6   •

7

8   •

9

10

11  •

12       Because Dr. Walker's opinions fail to meet the requirements of Rule 702(b), they should

13  be excluded.[28]   *See Major League Baseball Props., Inc. v. Calvino, Inc.*, 542 F. 3d 290, 311 (2d

14  Cir. 2008); Fed. R. Ev. 702(b) (testimony of an expert must be "based on sufficient facts or data").

_____

16       [27]Dr. Walker's testimony concerning his analysis of the '516 patent-in-suit is instructive:

**MOTION TO EXCLUDE OPINIONS OF CERTAIN OF APPLE'S EXPERTS**

**IX.     THE COURT SHOULD EXCLUDE THE LEGAL OPINION OF RICHARD L. DONALDSON**

Richard L. Donaldson is an attorney whose opinions are offered by Apple in support of its FRAND defense. ███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████   *CLRB Hanson Indus., LLC v. Google Inc.*, 2008 WL 2079200, at *3 (N.D. Cal. May 14, 2008) ("Under California law, interpretation of the language of a contract is a question of law, to be determined exclusively by the court").   This is not a proper subject of expert testimony. *OPS2,* 2012 WL 424856, at *4.[29]

DATED: May 17, 2012                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
Victoria F. Maroulis
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

---

[28]     Dr. Walker also lacks the requisite expertise and experience for his opinions, admitting he:   1) has no knowledge of the timeliness of the IPR disclosures of any major ETSI member; 2) is unaware of any concerns ever having been expressed within ETSI concerning timeliness of IPR disclosures; 3) is unaware of ETSI ever having specified any consequences for failure to timely disclose an IPR; 4) is not aware of any data collected on this subject; 5) is not aware of anyone including Samsung ever having been accused of failing to timely disclose; and, 6) did not familiarize himself with any industry research studies analyzing the timeliness of patent disclosures as part of his preparation for this case.   (Martin Decl. Ex. 30 at 271:24-272:2, 272:14-275:9, 277:6-12, 313:13-314:18.)

[29]     Apple does not argue that the Agreement is ambiguous such that extrinsic evidence should be admitted to aid in interpreting the Agreement.   However, even if Apple made such an argument, ████████████████████████████████████████████████████████████ He could not offer any facts pertinent to interpreting the Agreement.

**MOTION TO EXCLUDE OPINIONS OF CERTAIN OF APPLE'S EXPERTS**