1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa Street, 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                        UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

19 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK
20 | Plaintiff, |
21 | vs. | **SAMSUNG'S FOURTH SET OF INTERROGATORIES TO APPLE INC.**
22 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG
23 | ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG
24 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,
25 |
26 | Defendants.

27

28

02198.51855/4588740.1

Case No. 11-cv-01846-LHK
SAMSUNG'S FOURTH SET OF INTERROGATORIES TO APPLE INC.

**INTERROGATORY NO. 66:**

IDENTIFY any cost APPLE would incur by switching from: a) an INPUT TECHNOLOGY to an alternative technology; and b) WCDMA to an alternative standard, including CDMA2000.

**INTERROGATORY NO. 67:**

From January 1, 2007 to the present, for each model and version of each of the APPLE ACCUSED PRODUCTS, including those identified in response to Interrogatory 19, IDENTIFY by quarter (calendar and fiscal) the amount in gross margin or gross profit that APPLE has obtained from the sale of accessories or other services that are designed to work with any APPLE ACCUSED PRODUCT, including but not limited to sales from iTunes, sales from APPLE'S App Store, and sales of products sold by a third-party for which APPLE receives revenue from the third-party.

**INTERROGATORY NO. 68:**

Separately for each APPLE DESIGN PATENT and APPLE TRADE DRESS, state fully and in detail all facts that support YOUR contention as to the non-functionality of any claimed feature, element or combination of features or elements.

**INTERROGATORY NO. 69:**

Separately for each APPLE TRADE DRESS and APPLE TRADEMARK, state the date on which YOU contend such trade dress and trademark became famous and acquired secondary meaning and state fully and in detail all facts that support YOUR contention that such trade dress and trademark became famous and acquired secondary meaning as of that date.

**INTERROGATORY NO. 70:**

Separately for each APPLE TRADE DRESS, state fully and in detail all facts that support YOUR contention that SAMSUNG is diluting or has diluted such trade dress.

**INTERROGATORY NO. 71:**

Separately for each SAMSUNG product or product packaging that YOU contend infringes any APPLE TRADE DRESS or APPLE TRADEMARK, state fully and in detail on a trade dress-by-trade dress and trademark-by-trademark basis all facts that support YOUR contention that the SAMSUNG product or product packaging is likely to cause confusion, cause mistake, or deceive consumers as to the affiliation, connection, or association of SAMSUNG with APPLE, or as to origin, sponsorship, or approval by APPLE of SAMSUNG'S goods, services or commercial activities.

**INTERROGATORY NO. 72:**

Separately for each SAMSUNG product that YOU contend infringes any APPLE DESIGN PATENT, state fully and in detail on a patent-by-patent basis all facts supporting YOUR contention of infringement, describe fully and in detail on a patent-by-patent basis where each claimed element or feature of the patent is found on the accused SAMSUNG product and provide a chart identifying fully and in detail on a patent-by-patent basis specifically where each claimed element or feature is found on the accused SAMSUNG product.

**INTERROGATORY NO. 73:**

Separately, fully, and in detail for each of the SAMSUNG PATENTS-IN-SUIT, IDENTIFY and explain any design-around and/or alleged alternative technology or method that can be used as an alternative to the patented technology, including but not limited to: (a) a description of the alleged design-around; (b) a description of when and how the alleged design-around was developed; (c) the identity of individuals involved in developing the alleged design-around, including their titles and departments if they are or were APPLE employees; and (d) dates when the alleged design-around was incorporated into the APPLE ACCUSED PRODUCTS.

02198.51855/4588740.1

-23-   Case No. 11-cv-01846-LHK
SAMSUNG'S FOURTH SET OF INTERROGATORIES TO APPLE INC.

1  **INTERROGATORY NO. 80:**

2     IDENTIFY with particularity all alleged trade dresses that YOU claim are infringed by

3  SAMSUNG, including each and every element alleged to be a component thereof.

6  DATED: February 7, 2012          QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP

                                     By  */s/ Victoria F. Maroulis*
                                         Charles K. Verhoeven
                                         Kevin P.B. Johnson
                                         Victoria F. Maroulis
                                         Michael T. Zeller
                                         Attorneys for SAMSUNG ELECTRONICS CO.,
                                         LTD., SAMSUNG ELECTRONICS AMERICA,
                                         INC., and SAMSUNG
                                         TELECOMMUNICATIONS AMERICA, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2012, I caused **SAMSUNG'S FOURTH SET OF INTERROGATORIES TO APPLE INC.** to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

HAROLD J. MCELHINNY
hmcelhinny@mofo.com
MICHAEL A. JACOBS
mjacobs@mofo.com
JENNIFER LEE TAYLOR
jtaylor@mofo.com
ALISON M. TUCHER
atucher@mofo.com
RICHARD S.J. HUNG
rhung@mofo.com
JASON R. BARTLETT
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

I declare under penalty of perjury that the foregoing is true and correct. Executed in Los Angeles, California on February 7, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ __Kara M. Borden_____