| | |
|---|---|
| 1 | HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com | WILLIAM F. LEE<br>william.lee@wilmerhale.com |
| 2 | MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com | WILMER CUTLER PICKERING<br>HALE AND DORR LLP |
| 3 | JENNIFER LEE TAYLOR (CA SBN 161368)<br>jtaylor@mofo.com | 60 State Street<br>Boston, MA 02109 |
| 4 | ALISON M. TUCHER (CA SBN 171363)<br>atucher@mofo.com | Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000 |
| 5 | RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com | |
| 6 | JASON R. BARTLETT (CA SBN 214530)<br>jasonbartlett@mofo.com | MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING |
| 7 | MORRISON & FOERSTER LLP | HALE AND DORR LLP |
| 8 | 425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000 | 950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000 |
| 9 | Facsimile: (415) 268-7522 | Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S MOTION TO STRIKE PORTIONS OF SAMSUNG'S EXPERT REPORTS**<br><br>Date:      June 26, 2012<br>Time:     10:00 a.m.<br>Place:    Courtroom 5, 4th Floor<br>Judge:   Hon. Paul S. Grewal |

**REDACTED PUBLIC VERSION**

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION .................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 1

I.      INTRODUCTION ...................................................................................... 1

II.     BACKGROUND ......................................................................................... 2

III.    LEGAL STANDARD ................................................................................. 2

        A.      Parties Cannot Deviate From Their Invalidity or Infringement Contentions
                Absent Leave of Court Based on a Showing of Good Cause ................................. 3

        B.      The Federal Rules Prohibit Parties From Using Information at Trial That
                They Did Not Timely Disclose in Their Interrogatory Responses ........................ 3

IV.     ARGUMENT ............................................................................................... 4

        A.      The Court Should Strike the Portions of Samsung's Utility Patent Expert
                Reports That Assert Invalidity, Non-Infringement, and Infringement
                Theories That Were Not Disclosed During Discovery ........................................... 4

                1.      Samsung's Invalidity Expert Reports Rely on Prior Art References
                        That Samsung Did Not Disclose in Its Invalidity Contentions ................... 5

                        a.      The Gray Invalidity Report (the '915 Patent) ................................ 6

                        b.      The Van Dam Invalidity Report (the '381 Patent) ......................... 6

                        c.      The Von Herzen Invalidity Report (the '607 Patent) ..................... 7

                2.      Samsung's Expert Reports Assert Non-Infringement Arguments
                        That Samsung Did Not Disclose in Its Interrogatory Response ................. 8

                3.      Mr. Gray Cannot Testify About Non-Infringement Theories for
                        Products He Has Not Identified ................................................................. 10

                4.      Samsung's Expert Reports Assert Infringement Theories That
                        Samsung Did Not Disclose in Its Infringement Contentions ................... 11

                        a.      The Yang Infringement Report (the '460 Patent) ......................... 11

                        b.      The Williams Infringement Report (the '516 Patent) ................... 13

        B.      The Court Should Strike the Portions of Samsung's Design and Trade
                Dress Expert Reports That Assert Theories Not Disclosed During
                Discovery ............................................................................................................. 14

                1.      Many of Samsung's Anticipation and Obviousness Theories Were
                        Not Disclosed Until After Discovery Closed ........................................... 15

                2.      Samsung's Experts Make Arguments Regarding Lack of
                        Distinctiveness That Samsung Did Not Disclose in Discovery ............... 19

APPLE INC.'S MOT. TO STRIKE PORTIONS OF SAMSUNG'S EXPERT REPORTS
CASE NO. 11-CV-01846-LHK
pa-1529266

3.   Samsung Did Not Disclose Its Indefiniteness Theories During
     Discovery ................................................................................................ 19

4.   Samsung's Design Experts Offer Non-Infringement Theories That
     Samsung Did Not Disclose Before the Close of Discovery..................... 20

5.   Samsung Did Not Disclose During Discovery Mr. Godici's
     Argument That Apple's Design Patents Should be Construed
     Narrowly ............................................................................................... 21

C.   The Court Should Strike Mr. Von Herzen's Inequitable Conduct Opinion.......... 22

D.   The Court Should Strike Samsung's Late Supplemental Damages Report
     and Samsung's Alternative Calculations Produced on April 16, 2012................. 23

V.   CONCLUSION ............................................................................................. 25

# **TABLE OF AUTHORITIES**

**Page(s)**

CASES

*ATD Corp. v. Lydall, Inc.,*
    159 F.3d 534 (Fed. Cir. 1998) ................................................................. 17

*Baltodano v. Wal-Mart Stores, Inc.,*
    2011 U.S. Dist. LEXIS 98306 (D. Nev. Aug. 31, 2006) ...................... 22

*Brilliant Instruments, Inc. v. Guidetech, Inc.,*
    2011 WL 900369 (N.D. Cal. Mar. 15, 2011) ................................... 3, 5

*CBS Interactive, Inc. v. Etilize, Inc.,*
    257 F.R.D. 195 (N.D. Cal. 2009) ................................................... 3, 6

*Cummins-Allison Corp. v. SBM Co., Ltd.,*
    2009 U.S. Dist. LEXIS 22114 (E.D. Tex. March 19, 2009) ................... 7

*Edizone, L.C. v. Cloud Nine,*
    2008 WL 584991 (D. Utah Feb. 29, 2008) ..................................... 6, 17

*Fastek, LLC v. Steco,*
    No. 10CV0972-MMA, 2011 U.S. Dist. LEXIS 111198 (S.D. Cal. Sept. 27, 2011) ............ 5, 7

*Fleming v. Escort, Inc.,*
    2011 U.S. Dist. LEXIS 14254 (D. Idaho. Feb. 13, 2011) ....................... 18

*Gambro Lundia AB v. Baxter Healthcare Corp.,*
    110 F.3d 1573 (Fed. Cir. 1997) ..................................................... 8

*Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd.,*
    1996 U.S. Dist. LEXIS 17362 (N.D. Ill. Nov. 21, 1996) ...................... 17

*Hoffman v. Constr. Protective Servs.,*
    541 F.3d 1175 (9th Cir. 2008) ..................................................... 21

*Lab. Skin Care, Inc. v. Limited Brands, Inc.,*
    661 F. Supp. 2d 473 (D. Del. 2009) ............................................... 16

*Mancini v. Ins. Corp. of New York,*
    2009 WL 1765295 (S.D. Cal. June 18, 2009) .................................. 18

*Microstrategy Inc. v. Business Objects, S.A.,*
    429 F.3d 1344 (Fed. Cir. 2005) ..................................................... 3

*Morock v. Chautauqua Airlines, Inc.,*
    2007 U.S. Dist. LEXIS 88532 (M.D. Fla. Dec. 3. 2007) ....................... 18

# TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

CASES

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
    467 F.3d 1355 (Fed. Cir. 2006)..............................................................................................3

*Oracle USA, Inc. v. SAP AG*,
    264 F.R.D. 541 (N.D. Cal. 2009)..............................................................................4, 17, 22

*Praxair, Inc. v. ATMI, Inc.*,
    231 F.R.D. 457 (D. Del. 2005)..............................................................................................17

*Primos, Inc. v. Hunter's Specialties, Inc.*,
    451 F.3d 841 (Fed. Cir. 2006)........................................................................................17, 22

*SEC v. Eldindepan, S.A.*,
    No. 1:00CV00742, 206 F.R.D. 574 (M.D. N. Car. 2002)....................................................19

*SPX Corp. v. Bartec USA, LLC*,
    2008 U.S. Dist. LEXIS 29235 (E.D. Mich. Apr. 10, 2008)..............................................4, 22

*Transclean Corp. v. Bridgewood Servs., Inc.*,
    290 F.3d 1364 (Fed. Cir. 2002)........................................................................................9, 21

*Transclean Corp. v. Bridgewood Servs., Inc.*,
    77 F. Supp. 2d 1045 (D. Minn. 1999), *aff'd*, 290 F.3d 1364 (Fed. Cir. 2002) ........................3

*Tyco Healthcare Group LP v. Applied Med. Resources Corp.*,
    No. 9:06-cv-151, 2009 U.S. Dist. LEXIS 125379 (E.D. Tex. Mar. 30, 2009) ....................5, 6

*Warner-Lambert Co. v. Teva Pharma. USA, Inc.*,
    2006 WL 267328 (D. N.J. Jan. 31, 2006) ......................................................................10, 21

*Wong v. Regents of the Univ. of California*,
    410 F.3d 1052 (9th Cir. 2005)..............................................................................................22

*Yeti by Molly Ltd. v. Deckers Outdoor Corp.*,
    259 F.3d 1101 (9th Cir. 2001)..........................................................................................4, 22

STATUTES

35 U.S.C. § 102(f) ............................................................................................................................8

OTHER AUTHORITIES

Fed. R. Civ. P. 26 .............................................................................................................................4

# TABLE OF AUTHORITIES
## (Continued)

Page(s)

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(e) .................................................................................................. 1, 2, 4, 19, 22

Fed. R. Civ. P. 26(e)(1) ............................................................................................................ 3

Fed. R. Civ. P. 33(d) ................................................................................................... 1, 2, 17, 18

Fed. R. Civ. P. 37(c)(1) ................................................................................................... *passim*

Patent Local Rule 3-1(c) .......................................................................................................... 3

Patent Local Rules 3-3(a)-(c) .................................................................................................... 3

# NOTICE OF MOTION AND MOTION

TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 26, 2012, at 10:00 a.m., or as soon as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Apple Inc. ("Apple") shall and hereby does move the Court pursuant to Federal Rule of Civil Procedure 37(c)(1) and the Patent Local Rules to strike certain portions of the expert reports of Stephen Gray, Andries Van Dam, Brian Von Herzen, Woodward Yang, Tim A. Williams, Jeffrey Johnson, Sam Lucente, Itay Sherman, Nicholas P. Godici, Robert John Anders, and Michael Wagner, each of whom has been retained by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung").

This motion is based on this notice of motion and supporting memorandum of points and authorities; the Declaration of Marc J. Pernick in Support of Apple's Motion to Strike Portions of Samsung's Expert Reports ("Pernick Decl.") and exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

## RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 37(c)(1) and the Patent Local Rules, Apple seeks an order striking portions of certain reports submitted by Messrs. Gray, Van Dam, Von Herzen, Yang, Williams, Johnson, Lucente, Sherman, Godici, Anders, and Wagner, as identified in detail in the accompanying Memorandum of Points and Authorities and Proposed Order. Specifically, Apple requests that the Court strike the portions of those reports (and exhibits thereto) that present evidence, arguments, or theories that Samsung failed to timely disclose as required by the Patent Local Rules and Federal Rules of Civil Procedure 26(e) and 33.

## STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should strike certain portions of the opening expert reports of Stephen Gray, Andries Van Dam, and Brian Von Herzen on the ground that those portions

contain invalidity theories and prior art references that Samsung failed to disclose in its Invalidity Contentions?

2.     Whether the Court should strike certain portions of the opening expert report of Brian Von Herzen regarding U.S. Patent No. 7,663,607 on the grounds that those portions contain inequitable conduct arguments and allegations that Samsung did not assert in its answer?

3.     Whether the Court should strike certain portions of the rebuttal expert report of Jeffrey Johnson, the rebuttal expert report of Stephen Gray, and Brian Von Herzen's rebuttal expert report regarding U.S. Patent No. 7,663,607 on the ground that those portions contain non-infringement arguments or theories that Samsung failed to timely disclose in interrogatory responses under Rule 33 and Rule 26(e)?

4.     Whether the Court should strike certain portions of the opening expert reports of Woodward Yang and Tim A. Williams on the ground that those portions contain infringement theories and arguments that Samsung failed to disclose in its Infringement Contentions?

5.     Whether the Court should strike certain portions of the opening and rebuttal expert reports of Sam Lucente and the opening expert reports of Itay Sherman and Nicholas A. Godici on the ground that those portions contain invalidity arguments or theories that Samsung failed to timely disclose in interrogatory responses under Rule 33 and Rule 26(e)?

6.     Whether the Court should strike certain portions of Nicholas A. Godici's opening expert report on the ground that those portions contain theories concerning the scope of Apple's patents that Samsung failed to timely disclose in interrogatory responses under Rule 33 and Rule 26(e)?

7.     Whether the Court should strike certain portions of the rebuttal expert reports of Sam Lucente and Robert John Anders on the ground that those portions contain non-infringement arguments or theories that Samsung failed to timely disclose in interrogatory responses under Rule 33 and Rule 26(e)?

8.     Whether the Court should strike the supplemental expert report of Michael Wagner as untimely, and strike certain portions of Mr. Wagner's rebuttal expert report on the ground that

those portions rely on financial information that was never produced to Apple during fact discovery.

Dated: May 17, 2012                                MORRISON & FOERSTER LLP


                                                   By:  /s/ Alison M. Tucher
                                                       Alison M. Tucher

                                                   Attorneys for Plaintiff
                                                   APPLE INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

This Court in March denied Samsung's attempt to introduce new invalidity contentions regarding Apple's patents—and new infringement contentions for its own patents—that Samsung had not disclosed in a timely fashion.  The Court would not allow Samsung to rely on its untimely theories because "fact discovery is over, expert discovery is underway, and the trial is set to begin in approximately four months," which "leave[s] little opportunity for Apple to explore and respond to Samsung's new contentions."  (Dkt. No. 836 at 10 ("Order Denying Samsung's Motion to Amend Invalidity and Infringement Contentions").)  Although the Court did not know it at the time, the late-disclosed defenses and claims at issue then were just the tip of the iceberg.  Samsung now asserts an array of new contentions that reaches nearly every issue of this case.

Samsung's expert reports are rife with theories and arguments that Samsung did not disclose until after written fact discovery closed on March 10, 2012.  The Patent Local Rules and Apple's interrogatories required Samsung to divulge these contentions earlier, but Samsung held many of them back.  This problem infects virtually every aspect of the case.  As explained below, Samsung's expert reports assert new arguments about why Apple's utility and design patents are allegedly invalid, why Samsung supposedly does not infringe Apple's utility and design patents, and why Apple's trade dress lacks distinctiveness.  Samsung also puts forth new theories about why it believes that Apple infringes Samsung's patents.  Samsung even plans to have its damages expert testify based on information that Samsung withheld during discovery.

The Patent Local Rules and the Federal Rules of Civil Procedure forbid such "trial by ambush" tactics.  The Court should hold Samsung to the positions it articulated in its Patent Local Rule Contentions and its pre-discovery cutoff interrogatory responses, and strike all portions of Samsung's expert reports (and exhibits to the reports) that go beyond those disclosures.  Apple had no opportunity to conduct discovery on these new positions that Samsung divulged for the first time after discovery closed.  Allowing Samsung to proceed at trial with these expert opinions would be unfair.

## II. BACKGROUND

At the trial that will commence on July 30, 2012, Apple will prove that Samsung's products infringe four of Apple's utility patents and four of Apple's design patents, and that Samsung has diluted (and in the case of the iPad, infringed) Apple's trade dress. Samsung will allege that Apple has infringed seven of its utility patents.

Samsung maintains that Apple's asserted intellectual property assets are all invalid, and that Samsung's products do not infringe any Apple intellectual property. The federal discovery rules and the Patent Local Rules require Samsung to explain the bases for these contentions. Pursuant to the Patent Local Rules, Samsung served Infringement Contentions for its utility patents on September 7, 2011, and Invalidity Contentions directed at Apple's utility patents on October 7, 2011. For purposes of learning Samsung's positions on issues not covered by the Patent Local Rules, Apple propounded a series of interrogatories early, asking Samsung to disclose the bases for its defenses. Apple propounded interrogatories concerning Samsung's invalidity and non-infringement defenses to Apple's charge of design patent infringement and to its trade dress claims, and an interrogatory asking Samsung to explain the bases for its contention that it does not infringe Apple's utility patents. Samsung responded to Apple's interrogatories before written discovery closed on March 10, 2012.[1]

But the opening expert reports that Samsung served on or shortly after March 22, 2012, and the rebuttal reports it served on or shortly after April 16, 2012, proffer opinions that go well beyond the contentions that Samsung disclosed prior to the March 10th discovery cutoff.

## III. LEGAL STANDARD

This motion asks the Court to preclude Samsung's experts from advancing arguments at trial that Samsung did not disclose during discovery. Many opinions that Samsung's experts now offer should have been divulged to Apple earlier in accordance with two different mechanisms: (a) Samsung's Patent Local Rule Invalidity and Infringement Contentions, and (b) Samsung's

---

[1] The deadline for completing fact discovery was March 8, 2012. (Pernick Decl. ¶ 4.) The parties agreed to a 48-hour extension of the time to respond to written discovery. (*Id.*)

responses to Apple's interrogatories. Courts do not allow parties to make arguments at trial that should have been disclosed pursuant to either of these procedures but were not.

**A.** **Parties Cannot Deviate From Their Invalidity or Infringement Contentions Absent Leave of Court Based on a Showing of Good Cause.**

"[O]ne of the purposes of the patent local rules [is] to provide the parties with certainty as to the opposing party's legal theories." (Dkt. No. 836 at 10 (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006).) To that end, the Patent Local Rules require patentees and accused infringers to divulge their contentions with specificity. Rules 3-3(a)-(c) require Invalidity Contentions to "identi[f]y [ ] each item of prior art that allegedly anticipates each asserted claim or renders it obvious . . . ; [w]hether each item of prior art anticipates each [ ] claim or renders it obvious . . . ; [and] [a] chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found[.]" Rule 3-1(c) requires Infringement Contentions to state "specifically where each limitation of each asserted claim is found within each accused instrumentality[.]"

The Patent Local Rules also force "parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009). Parties may not stray from their contentions absent leave and a showing of good cause. *Id.* If a party fails to secure leave to amend or to timely disclose its new theories, a court may exclude evidence or strike portions of expert reports related to those new theories. *See O2 Micro*, 467 F.3d at 1369; *Brilliant Instruments, Inc. v. Guidetech, Inc.*, 2011 WL 900369, at *2 (N.D. Cal. Mar. 15, 2011) (granting motion to strike from invalidity expert's report prior art references not in Invalidity Contentions).

**B.** **The Federal Rules Prohibit Parties From Using Information at Trial That They Did Not Timely Disclose in Their Interrogatory Responses.**

Rule 26(e)(1) of the Federal Rules of Civil Procedure requires parties to seasonably supplement their interrogatory responses if the prior responses are incomplete or incorrect. This duty to supplement applies to contention interrogatories. *See Microstrategy Inc. v. Business Objects, S.A.*, 429 F.3d 1344, 1356-57 (Fed. Cir. 2005); *Transclean Corp. v. Bridgewood Servs.,*

Inc., 77 F. Supp. 2d 1045, 1061-62 (D. Minn. 1999), *aff'd*, 290 F.3d 1364 (Fed. Cir. 2002) (party violated Rule 26(e) by failing to "completely disclose its position" on patent invalidity in response to contention interrogatories). A party must exercise "due diligence" in supplementing its disclosures, *SPX Corp. v. Bartec USA, LLC*, 2008 U.S. Dist. LEXIS 29235, at *22 (E.D. Mich. Apr. 10, 2008), and supplementation should occur "during the discovery period." Fed. R. Civ. P. 26 Advisory Committee's Note to 1993 Amendments.

Rule 37(c)(1) "mandates that a party's failure to comply with . . . the supplemental disclosure obligations under [Rule] 26(e) results in that party being precluded from use" of the withheld information. *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 544 (N.D. Cal. 2009); *see also Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (preclusion of evidence under Rule 37(c)(1) is "automatic" and "self-executing" unless an exception applies). To avoid preclusion, a party who violates Rule 26(e) bears the burden of showing that the violation was substantially justified or harmless. *Id.* at 1101.

## IV.    ARGUMENT

### A.    The Court Should Strike the Portions of Samsung's Utility Patent Expert Reports That Assert Invalidity, Non-Infringement, and Infringement Theories That Were Not Disclosed During Discovery.

Samsung's opening expert reports introduced new invalidity theories regarding Apple's utility patents that Samsung had not disclosed in its Invalidity Contentions, and new infringement theories regarding Samsung's patents that were not in Samsung's Infringement Contentions. Samsung's rebuttal reports contained non-infringement arguments that Samsung did not divulge in its response to Apple's contention interrogatory asking about the bases for Samsung's non-infringement defenses. Samsung did not give Apple notice of these contentions *until after discovery closed*. Samsung should not be allowed to use its expert reports as an end-run around the Patent Local Rules and the Federal Rules of Civil Procedure. The Court should hold Samsung to the invalidity, non-infringement, and infringement theories that it put in its Patent Local Rule disclosures and its response to Apple's Interrogatory No. 2.

1        **1.      Samsung's Invalidity Expert Reports Rely on Prior Art References**
2                 **That Samsung Did Not Disclose in Its Invalidity Contentions.**

3        Samsung served its Invalidity Contentions on October 7, 2011.  (Pernick Decl. Ex. 1.)

4   Samsung cited over 600 alleged prior art references and included more than 70 invalidity claim

5   charts.  (*See id*. at 5, 11-12, 18, 24-26, 33, 40, 46-48, 54-55.)  Samsung moved to supplement its

6   Invalidity Contentions to add five more alleged items of prior art on January 27, 2012.  (Dkt.

7   No. 670.)  This Court denied Samsung's motion, finding that Samsung had not acted diligently in

8   seeking leave to amend.  (Dkt. No. 836.)

9        Written discovery closed on March 10, 2012.  Samsung served its invalidity expert reports

10  on March 22.  Samsung's utility patent experts relied on at least 44 prior art references that

11  Samsung did not disclose—or insufficiently disclosed—in its Invalidity Contentions.  Many of

12  these references are not at issue now, for they relate only to claims that Apple will dismiss

13  without prejudice.[2]  But 18 of the alleged prior art references still matter.  Samsung did not

14  properly disclose these references in its Invalidity Contentions, and did not seek leave to amend

15  its Invalidity Contentions to add these references.  The Court should strike all portions of the

16  Samsung expert reports—including exhibits to the reports—that present arguments based on this

17  prior art.  *See Brilliant*, 2011 WL 900369, at *2 (granting motion to strike from expert's report

18  prior art references not in Invalidity Contentions); *Fastek, LLC v. Steco*, No. 10CV0972-MMA,

19  2011 U.S. Dist. LEXIS 111198, at *3-5 (S.D. Cal. Sept. 27, 2011) (same outcome under parallel

20  Patent Local Rules); *Tyco Healthcare Group LP v. Applied Med. Resources Corp.*, No. 9:06-cv-

21  151, 2009 U.S. Dist. LEXIS 125379, at *13-14 (E.D. Tex. Mar. 30, 2009) (striking prior art

22  combinations from invalidity expert's report that were not disclosed in Invalidity Contentions).

23       Allowing Samsung's experts to opine at trial on this art would unfairly prejudice Apple.

24  Apple conducted discovery based on the understanding that Samsung's prior art defenses were

25  limited to what Samsung disclosed in its Invalidity Contentions.  Apple had no chance to conduct

26  written discovery or fact depositions on the new prior art because fact discovery closed twelve

27  _____
        [2] Although Apple does not seek to strike expert opinions relating only to claims that it will
28  dismiss without prejudice or to claims that Samsung has represented that it will dismiss without
    prejudice, Apple reserves all rights to seek such relief at a later date.

                                                                                                    5

days before Samsung served its expert reports.  The Patent Local Rules "disfavor" exactly this type of untimely disclosure.  *CBS Interactive*, 257 F.R.D. at 203; *Tyco*, 2009 U.S. Dist. LEXIS 125379, at *10 (striking previously undisclosed prior art because fact discovery had closed).

### a. The Gray Invalidity Report (the '915 Patent)

Stephen Gray opines that the '915 Patent is invalid.  In doing so, Mr. Gray's report discusses ten alleged prior art references that were not disclosed in Samsung's Invalidity Contentions.  (*See* Pernick Decl. Ex. 1 at 24-27.)  The Court should strike all portions of the Gray report that rely on or discuss this art, specifically Paragraphs 145, 153, 154, 156, 161-165, 172-82, and 213, and related exhibits.  (*See* Pernick Decl. Ex. 2; Ex.6 at 1, 5-18, 20; Exs. 3-5, 7-10.)

The Court should reject Samsung's sole argument to the contrary.  During the parties' meet-and-confer discussions leading to this motion, Samsung maintained that Mr. Gray's reliance on these ten references is appropriate because "most of the[m] are part of the MERL Diamond Touch system that Samsung disclosed in its invalidity contentions. . . ." (Pernick Decl. Ex. 13 at 2.)  This is a red herring.

Diamond Touch is a hardware and software platform, which has independent application programs that *run on it*.  Disclosure of the Diamond Touch *system* is not tantamount to a disclosure of each application program within the system.  For example, disclosure of the Windows operating system and the Word application would not disclose Excel as a prior art reference.  *Nine* of the references at issue here (including the Mandelbrot, Fractal Zoom, DTLens, and DTMouse applications and related literature) concern discrete *applications* that run on the Diamond Touch system.  Samsung did not disclose or chart any of these applications in its Invalidity Contentions, and so the Court should strike Mr. Gray's analyses that rely on them.  The tenth reference, the de Bruijn article, refers to Diamond Touch but goes beyond the scope of Samsung's disclosures.  None of these ten references was disclosed properly.

### b. The Van Dam Invalidity Report (the '381 Patent)

Dr. Andries Van Dam opines that the claims of the '381 Patent are invalid.  But Dr. Van Dam's report cites and analyzes six prior art references that were not mentioned in Samsung's

1    Invalidity Contentions.  (*See* Pernick Decl. Ex. 1 at 17-18.)  The Court should strike all discussion

2    of and reference to these publications as well.  (*See* Pernick Decl. Ex. 11 ¶¶ 47-50.)[3]

3          Samsung's counter-arguments all fail.  Samsung's meet-and-confer letter states that the

4    two Thomas articles, the Masui article, the '577 Patent, and the '965 Patent are "mere[ ]

5    background references" that Dr. Van Dam cites just for "context" and "understanding."  (Pernick

6    Decl. Ex. 13 at 4-5.)  That is not true.  Dr. Van Dam attempts to use these references in a

7    substantive manner—he asserts that each one is an example of "prior art teaching the use of

8    animation techniques in graphic user interface software."  (Pernick Decl. Ex. 11 ¶ 47.)  Given

9    that, Samsung needed to disclose them in its Invalidity Contentions.

10         Samsung's purported justification for relying on the '566 Patent is even more far-fetched.

11   Samsung contends that, because this reference is "cited on the face of the '381 Patent," Dr. Van

12   Dam should be allowed to rely on it even though Samsung did not disclose or chart it in its

13   Invalidity Contentions.  (Pernick Decl. Ex. 13 at 4.)  That is clearly not the law.  *See Fastek*, 2011

14   U.S. Dist. LEXIS 111198, at *3-5 (striking prior art references listed on patents-in-suit because

15   they were not disclosed in Invalidity Contentions); *Cummins-Allison Corp. v. SBM Co., Ltd.*,

16   2009 U.S. Dist. LEXIS 22114, at *14-15 (E.D. Tex. March 19, 2009) (same).  The Court should

17   strike all of Dr. Van Dam's analyses and opinions regarding these six references.

### c.     The Von Herzen Invalidity Report (the '607 Patent)

18

19         In support of Brian Von Herzen's opinion that the '607 Patent is invalid, Mr. Von Herzen

20   discusses two references—the '041 Patent and the '411 Patent—that Samsung did not disclose in

21   its Invalidity Contentions.  (*See* Pernick Decl. Ex. 1 at 39-41).  The Court should strike all

22   sections of Mr. Von Herzen's report that opine on these references.  (*See* Pernick Decl. Ex. 12

23   ¶¶ 51, 116, 195, 345, 377, 381, 411, 439.)

24         Samsung suggests that Von Herzen's reliance on the '041 Patent ("Blonder") is

25   appropriate because "Blonder is just one of many possible examples which clarify that a 'virtual

26
_____

27         [3] The Van Dam Report has some formatting errors that cause certain paragraph numbers
     to be repeated.  As with all of the reports that Apple includes as exhibits, to avoid any confusion,
     all of the paragraphs or portions thereof that Apple seeks to strike from the Van Dam Report are
28   highlighted.

ground charge amplifier' is explicitly or inherently disclosed in [ ] Perski . . . ." (Pernick Decl. Ex. 13 at 5.) But Mr. Von Herzen is not using Blonder to "clarify" an inherency argument—he is using it to argue obviousness. (*See* Pernick Decl. Ex. 12 ¶¶ 195, 345, 411.) Patent Local Rule 3-3(b) states that "[i]f obviousness is alleged," a party's Invalidity Contentions must include "an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness." Because Samsung did not disclose Blonder as prior art to the '607 Patent, let alone any combinations with Blonder, in its Invalidity Contentions, the Court should strike all portions of the Von Herzen report that refer to Blonder. (*Id.* ¶¶ 116, 195, 345, 411.)

The Court should also not allow Von Herzen to offer his opinion on "derivation" under 35 U.S.C. § 102(f). (*Id.* ¶¶ 29-30, 45, 52-53, 82, 444-60.) Derivation is a form of anticipation that requires more than just prior invention by another. "To show derivation, the party asserting invalidity must prove both prior conception of the invention by another *and communication of that conception to the patentee.*" *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1576 (Fed. Cir. 1997) (emphasis added). In recognition of the additional showing needed for derivation, Patent Local Rule 3-3(b) states that "[p]rior art under 35 U.S.C. § 102(f) shall be identified by providing *the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived.*" Patent Local Rule 3-3(b) (emphasis added).

Samsung's Invalidity Contentions did not contain this information. Although Samsung provided a claim chart for the Sony Smartskin device that forms the basis of Von Herzen's new "derivation" opinion, Samsung did not name anyone from whom Apple supposedly derived its '607 inventions or the circumstances under which they were derived. Indeed, Samsung did not disclose that it intended to offer a derivation defense at all. Von Herzen belatedly attempts to do so now, but the Court should strike Paragraphs 29-30, 45, 52-53, 82, and 444-60 from his report.

### 2. Samsung's Expert Reports Assert Non-Infringement Arguments That Samsung Did Not Disclose in Its Interrogatory Response.

Samsung hid non-infringement theories as well. Apple's Interrogatory No. 2 asked Samsung to disclose the bases for its utility patent non-infringement defense. Samsung's initial

1   response was a set of wholesale objections, with no substantive information.  (Pernick Decl. Ex.

2   14 at 5-6.)  Apple proposed an exchange of substantive and detailed non-infringement contentions

3   by the original date for the close of discovery on March 8th, so that each side could prepare its

4   opening infringement reports with knowledge of the other's non-infringement contentions.  Apple

5   served its non-infringement contentions on March 8th.  Samsung did not.  Samsung

6   "supplemented" its response to Interrogatory No. 2 on March 8th, but still provided objections

7   only.  (Pernick Decl. Ex. 15 at 5-6.)  As of March 10th, Samsung had still not disclosed its non-

8   infringement contentions.  Apple would thus be within its rights to seek exclusion of *all of the*

9   *non-infringement opinions* expressed in Samsung's expert reports.

10      Samsung did, however, serve another supplemental response on March 12th that finally

11  listed certain grounds on which it based its non-infringement defense.  (Pernick Decl. Ex. 16 at 5-

12  15.)  Apple has decided not to object on timeliness grounds to testimony by Samsung's experts on

13  non-infringement theories that were disclosed in this tardy discovery response.  But Samsung's

14  rebuttal reports go further.  They include non-infringement arguments that were not in Samsung's

15  March 12th Response.

16      Specifically, Jeffrey Johnson opines that the ███████████████████████████████

17  ██████████████████████████████████████████  (*See* Pernick Decl. Ex. 17

18  ¶ 65).  And Mr. Von Herzen opines that Samsung's products do not infringe the '607 Patent

19  because ████████████████████ (Pernick Decl. Ex. 18 ¶¶ 74-80.)  Mr. Von Herzen

20  also opines that the Galaxy 7.0 tab does not infringe because ████████████████████

21  ████████████████████████████████████████████████████████████████

22  ████████████████████  (*Id.* ¶¶ 105-111.)  Samsung's interrogatory response omitted

23  these theories.  (Pernick Decl. Ex. 16 at 5-15.)

24      The Court should strike the sections of the Johnson and Von Herzen reports relating to

25  these contentions.  (Pernick Decl. Ex. 17 ¶ 65, Features 2 column of table associated with ¶ 63,

26  Gallery column 2 of table associated with ¶ 74, Gallery row 2 of table associated with ¶ 75, Ex. 4

27  of the Johnson Report; Ex. 18 ¶¶ 74-80, ¶¶ 105-111.)  Samsung should have disclosed these

28  arguments before serving its rebuttal reports.  *See Transclean Corp. v. Bridgewood Servs., Inc.*,

9

290 F.3d 1364, 1373-74 (Fed. Cir. 2002) (excluding non-infringement defense that was disclosed after discovery cutoff); *Warner-Lambert Co. v. Teva Pharma. USA, Inc.*, 2006 WL 267328, at *7-8 (D. N.J. Jan. 31, 2006).

### 3. Mr. Gray Cannot Testify About Non-Infringement Theories for Products He Has Not Identified.

Mr. Gray offers another non-infringement opinion that the Court should strike. In his rebuttal report, Mr. Gray states that ██████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████

But Mr. Gray will not say which Samsung products behave in this manner. Mr. Gray's report never identifies these products. (*Id.* ¶¶ 33-34, 52, 75, 187.) Mr. Gray studiously refers only to "some" of the accused products. (*Id.* ¶¶ 33-34.) At his deposition, Mr. Gray also would not say which products do not infringe because of this theory. *Even Mr. Gray does not know.* (Pernick Decl. Ex. 20 at 118:3-18 ("I can't identify the specific products."), 118:23-119:6.)

Mr. Gray testified that—prior to serving his rebuttal report—he determined that ██████████ ██████████████████████████████████ (*Id.* at 125:16-23.) He could not recall which products that he tested prior to his rebuttal report fell into this category (*id.* at 128:20-25 ("whatever—the ones that I observed pre-report testing, I couldn't identify—I can't identify by name")), or whether these unidentified products ████████████████████████████████████████ ██████████. (*Id.* at 123:4-124:3.) Mr. Gray did not take any notes of this vague and "informal" pre-rebuttal report testing. (*Id.* at 125:16-23 ("a list was not compiled . . . .").)

Mr. Gray's testimony about the testing he performed *after* serving his report provides no further certainty about this unsupported theory. After serving his rebuttal report, Mr. Gray did informal testing on a "box" containing around 15-25 Samsung accused products. (*Id.* at 120:19-121:4.) Out of these, Mr. Gray "identified" eight products that he says ████████████████

█████████████████████████ (*Id*. at 125:24-126:16.)  Gray claims that Samsung's counsel

made a list of these eight products, but neither he nor Samsung produced it.  (*Id*. at 125:3-14.)

Mr. Gray does not know if these are the only Samsung accused products that ████████

███ (*id*. at 127:22-128:4), and does not know which of these unnamed products—if any—were

among the "some" Samsung products he alluded to in his report.  (*Id*. at 126:17-127:5.)

The Court should not allow Mr. Gray to opine that "some" Samsung products *which he*

*has not identified* do not infringe on this basis.  Mr. Gray did not apply any sound or reproducible

techniques in arriving at his conclusion.  (*Id*. at 124:13-22 ████████████████████

████████████████████████████████████████████████

██████████████████████████ He certainly did not do so prior to staking out

his opinion in his report.  Mr. Gray's opaque report and testimony have deprived Apple of any

meaningful opportunity to rebut or respond to his contention.  The Court should strike the

highlighted portions of Paragraphs 33-34, 52, 75, 187 from Mr. Gray's April 16, 2012 report.

### 4. Samsung's Expert Reports Assert Infringement Theories That Samsung Did Not Disclose in Its Infringement Contentions.

Samsung served the Infringement Contentions for its counterclaims on September 7, 2011.

Samsung's experts raise a number of new infringement theories that it did not assert in its

Infringement Contentions.  Samsung never sought leave from the Court to add these theories to

its contentions, and it cannot do so now by putting them in post-discovery expert reports.

### a. The Yang Infringement Report (the '460 Patent)

The Court should strike Paragraphs 43-46 and 54-56 and portions of Exhibits 1A-1 and

1A-2 to Dr. Woodward Yang's report for improperly advancing infringement theories regarding

the '460 Patent that Samsung did not include in its Infringement Contentions.[4]

--------

[4] ████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

[black redaction bar]

[black redaction bar]

[black redaction bar] (*See* Pernick Decl. Ex. 23 ¶¶ 43,

45.)  However, Samsung failed to disclose these theories in its Infringement Contentions, and

they are inconsistent with that pleading.  Samsung's Infringement Contentions recited the

following specific sequence of steps corresponding to the five limitations in Claim 1:

[a] "A user opens the "Mail" application and starts to write an email."

[black redaction bar]

[black redaction bar]

[black redaction bar]

[black redaction bar]

[black redaction bar]

[black redaction bar]

[REDACTED]

Because Dr. Yang's assertions regarding the sequencing of the steps of claim 1 of the '460 Patent were not previously advanced by Samsung, and in fact conflict with Samsung's Infringement Contentions, the Court should strike them from Dr. Yang's report.

[REDACTED]

[REDACTED]

[REDACTED] This argument was not advanced by Samsung in its Infringement Contentions, which were silent on any definition of the claimed "portable phone mode." (Pernick Decl. Ex. 21 at 3–5.) [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]



[REDACTED] These "portable phone mode" and "swiping" arguments are untimely new infringement theories. (*See id.* at 3–5, 10.) As such, the Court should strike them from Dr. Yang's report.

**b.** **The Williams Infringement Report (the '516 Patent)**

The Court also should strike Paragraphs 58, 65, 105, 110, 119, 173, and 198 of Dr. Williams' report for improperly advancing infringement theories regarding the '516 Patent that Samsung did not include in its Infringement Contentions.

The claims of the '516 Patent refer to a "first channel not supporting HARQ" and a "second channel supporting HARQ."[5] ██████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

Accordingly, Dr. Williams' report identifies for the first time new structures as purportedly satisfying the "first channel not supporting HARQ" limitation. This is improper under the Patent Local Rules.

### B. The Court Should Strike the Portions of Samsung's Design and Trade Dress Expert Reports That Assert Theories Not Disclosed During Discovery.

Samsung tries the same ploy in responding to Apple's charges of design patent and trade dress infringement and dilution. On this side of the case, too, Samsung's experts assert invalidity and non-infringement defenses that go far beyond what Samsung disclosed during discovery. The Court should not allow Samsung to sandbag Apple with a host of defenses that Samsung held back until after the March 10th written discovery deadline had passed. Federal Rule 37(c)(1) does not allow this.

---

[5] HARQ is a protocol that includes providing a feedback signal that indicates if a packet was not correctly received. The parties seem to agree on what channels support HARQ and what channels do not.

**1.** **Many of Samsung's Anticipation and Obviousness Theories Were Not Disclosed Until After Discovery Closed.**

The bulk of the analysis in the opening reports by Sam Lucente and Itay Sherman is devoted to Samsung's claim that alleged prior art anticipates or renders obvious Apple's asserted design patents. (Pernick Decl. Ex. 26 at 32-78; Ex. 27 at 8-75.) Because Samsung did not disclose these arguments until well after the discovery cutoff, the Court should strike all of Mr. Lucente's opinions and the majority of Mr. Sherman's opinions on those subjects.

Apple's Interrogatory No. 12 asked Samsung to explain the legal and factual bases for its invalidity defenses relating to Apple's design patents. (Pernick Decl. Ex. 25 at 8.) This included an identification of any prior art Samsung considered anticipatory or combinations of art that supported its obviousness theories, and an explanation as to how any prior art supposedly rendered an Apple design patent obvious. (*Id.*) Samsung's December 19, 2011 response—the only response Samsung provided during fact discovery—provided none of this information.

Samsung conclusorily claimed that the patents were anticipated and obvious, listed Bates ranges for thousands of documents, and promised to supplement its response later. (*Id.* at 8-15.) Samsung did not identify the prior art it considered anticipatory or was relying on for obviousness, and did not explain *how* it was applying the art or *why* any references established anticipation or obviousness. Samsung did not amend its response to provide this information until almost midnight on March 19, 2012—*nine days after the close of fact discovery*, while Apple was putting the finishing touches on its expert reports. (*Id.* ¶ 23.) That was too late.

Due to Samsung's tardiness, the *only* anticipation and obviousness theories that Apple could investigate through discovery were those disclosed by Samsung in connection with the preliminary injunction hearing last fall.[6] The problem is that only a subset of the prior art theories in Mr. Sherman's opening expert report—and *none* of the prior art theories in Mr. Lucente's

---

[6] In connection with the preliminary injunction proceedings, Samsung submitted a declaration by Mr. Sherman dated August 22, 2011, and a PowerPoint presentation, both of which set forth various invalidity and non-infringement theories. Apple is not moving to strike the contentions set forth in those materials.

report—were so disclosed. Samsung withheld the rest until after Apple could no longer conduct discovery.

In fact, Samsung buried critical evidence for months. Mr. Sherman's opinion that the D'677 Patent is obvious relies on a Nokia Fingerprint design. (Pernick Decl. Ex. 27 at 36-37, 55.) Samsung knew of the Fingerprint reference prior to January 6, 2012, when it obtained a declaration from the designer, Ricardo Vilas-Boas, about his design. (*Id.*) But Samsung produced the three-page declaration within a set of over 29,000 pages of documents that it produced over a six-day period in early February 2012, and similarly hid the design itself within the same mass of documents. (Pernick Decl. ¶ 27.) That was not an adequate disclosure. *See Lab. Skin Care, Inc. v. Limited Brands, Inc.*, 661 F. Supp. 2d 473, 478-79 (D. Del. 2009) (precluding prior art that defendant had "buried within roughly 1,500 pages of documents").

A month later, Samsung provided Apple with three days' advance notice that it would be taking Mr. Vilas-Boas's deposition in London in connection with the ITC Investigation, but provided no indication of who he was. (Pernick Decl. ¶ 27.) Due to the short notice, Apple was able only to send a London-based attorney who is not familiar with this case or design patent law. (*Id.*) Nine days after the close of fact discovery—and three days before expert reports were due—Samsung finally amended its interrogatory response on March 19th to identify the Nokia Fingerprint as prior art and Vilas-Boas as the designer, and to explain its invalidity contention based on the design. The Court should not now allow Mr. Sherman to rely on this reference.[7]

Apple would have pursued discovery differently had it known earlier of the anticipation and obviousness arguments that Messrs. Lucente and Sherman now advance. For instance:

- For those prior art manufacturers not deposed by Samsung (such as LG, RIM, and Sharp), Apple likely would have noticed depositions.

- With respect to prior art manufacturers Samsung did depose (such as Palm, Motorola, Sony, iRiver, Olympus, and Bluebird), Apple would have known beforehand the purpose of the depositions and the products at issue in them, and would have prepared its re-direct examinations accordingly.

---

[7] The ITC has already excluded the Fingerprint in the proceedings there based on Samsung's discovery misconduct. (Pernick Decl. Ex. 36 at 3, 5.)

- For references authored by Samsung, Apple would have deposed the inventors and elicited testimony about differences between the designs and the asserted patents.

Samsung's delay prevented Apple from doing any of these things.

Rule 37(c)(1) "mandates" that a party engaging in such misconduct be precluded from using the withheld information. *Oracle USA*, 264 F.R.D. at 544. Consistent with that mandate, courts routinely exclude untimely disclosures. *See ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 550 (Fed. Cir. 1998) (precluding party "from relying on theories not made available or not disclosed to the opposing side" during discovery); *Primos, Inc. v. Hunter's Specialties, Inc.*, 451 F.3d 841, 851 (Fed. Cir. 2006) (excluding prior art disclosed after close of discovery); *Edizone, L.C. v. Cloud Nine*, 2008 WL 584991, at *4 (D. Utah Feb. 29, 2008) ("preclud[ing] Defendants from introducing evidence concerning [ ] four additional [prior art] patents" disclosed after end of discovery); *Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 464 (D. Del. 2005), *rev'd in part on other grounds*, *Praxair v. ATMI, Inc.*, 2008 U.S. App. LEXIS 20437 (Fed. Cir. Sept. 29, 2008) (excluding prior art disclosed after close of fact discovery); *Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd.*, 1996 U.S. Dist. LEXIS 17362, at *24-26 (N.D. Ill. Nov. 21, 1996).

Given Samsung's untimely disclosures here, the Court should strike:

(1) all theories, opinions, and arguments regarding the invalidity of the D'305 and D'334 Patents from pages 32-78 of Mr. Lucente's opening report; and

(2) all theories, opinions, and arguments regarding the invalidity of the D'889, D'087, and D'677 Patents on pages 14-73 of Mr. Sherman's opening report except for those disclosed in connection with the preliminary injunction proceedings.

The specific material in question is identified in Apple's proposed order.[8]

Samsung's opposition will likely cite Rule 33(d) of the Federal Rules of Civil Procedure. As noted above, for each of the Apple design patents on which Mr. Lucente and Mr. Sherman

---

[8] In addition to the cited material in the Lucente and Sherman opening reports discussed here, Mr. Lucente's rebuttal report—while nominally devoted to non-infringement arguments—contains a discussion of an internal Samsung presentation which he appears to treat as invalidating prior art. (Pernick Decl. Ex. 29 at 10-11.) That presentation was not disclosed in response to Interrogatory No. 12 (or otherwise disclosed during discovery as purportedly invalidating prior art) and should thus be struck for the reasons discussed in this section.

opine, Samsung's December 19, 2011 interrogatory response invoked Rule 33(d) and cited Bates ranges for *thousands of pages of documents* "related to prior art." (Pernick Decl. Ex. 25 at 8-14.) Many of the references on which Samsung's experts now rely were not in the cited Bates ranges, but even for those that were, Samsung cannot avoid preclusion of its experts' anticipation and obviousness theories by invoking Rule 33(d). These bare lists of Bates numbers—without an explanation of how the referenced documents would establish invalidity—did not disclose Samsung's contentions.

Rule 33(d) only applies when a response requires a "compilation or analysis" of documents, and the burden of extracting responsive information from the documents is the same for both sides. That is not the case with regard to Samsung's invalidity contentions. With respect to the design patents addressed by Mr. Lucente, Samsung's response cited over 2,200 pages containing *174* publications. For the design patents on which Sherman opined, Samsung cited over 3,400 pages containing *421* publications. Samsung knew the prior art references contained in its laundry lists, and knew the anticipation and obviousness theories it would assert based on those references. Apple had no way to divine from Samsung's lists which prior art Samsung intended to rely upon, and how Samsung would apply the art for its defenses. Only a narrative response could disclose which references, if any, are primary references, and which references, if any, are suitable secondary references. These are important aspects of the design patent obviousness analysis that were called for by Apple's Interrogatory No. 12. Because Samsung was "more familiar with its contentions than [Apple] could be, the burden is not equal and the use of Rule 33(d) is inappropriate." *Mancini v. Ins. Corp. of New York*, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009).

This is why "courts have consistently held that [Rule 33(d)] cannot be used with respect to contention interrogatories." *Fleming v. Escort, Inc.*, 2011 U.S. Dist. LEXIS 14254, at *5-6 (D. Idaho Feb. 13, 2011). A party that responds to a contention interrogatory by "relying on documents rather than stating its position in a narrative . . . essentially ask[s] the [requesting party] to read its mind." *Morock v. Chautauqua Airlines, Inc.*, 2007 U.S. Dist. LEXIS 88532, at *2-6 (M.D. Fla. Dec. 3. 2007). That is improper; "only [a party] can identify its own

contentions." *SEC v. Eldindepan, S.A.*, No. 1:00CV00742, 206 F.R.D. 574, 577 n.5 (M.D. N. Car. 2002).

### 2. Samsung's Experts Make Arguments Regarding Lack of Distinctiveness That Samsung Did Not Disclose in Discovery.

Messrs. Lucente and Sherman also opine that Apple's asserted trade dress lacks distinctiveness. (Pernick Decl. Ex. 26 at 81-89; Ex. 27 at 80-85.) The Court should strike these opinions under Rule 37(c)(1) because they were not disclosed prior to the close of discovery.

In August 2011, Apple propounded Interrogatory No. 5, which asked Samsung to "state in detail" the basis of Samsung's contention that the asserted trade dress and trademarks lack distinctiveness. (Pernick Decl. Ex. 14 at 8.) Samsung's September 8, 2011 response provided no substantive information. Samsung referred to its Answer—which pled a generic lack of distinctiveness—and to unnamed smartphone and tablet computer products. (*Id*.) Those vague references did not put Apple on notice of Mr. Lucente's or Mr. Sherman's theories, and Samsung never supplemented its response to Interrogatory No. 5. (Pernick Decl. ¶ 24.)

Samsung's failure to inform Apple at any time—let alone in a timely manner—of the opinions on distinctiveness now advanced in the Lucente and Sherman Reports is a clear-cut violation of Rule 26(e), requiring exclusion of those theories under Rule 37(c)(1).

### 3. Samsung Did Not Disclose Its Indefiniteness Theories During Discovery.

Mr. Sherman, Mr. Godici, and Mr. Anders opine that several of the asserted design patents are indefinite. (Pernick Decl. Ex. 27 at 85-87 (D'889 Patent); Ex. 28 ¶¶ 84-95, 117 (D'677/D'087 Patents); Ex. 30 at Pt. E §1, ¶¶ 3-5 and § 4 (D'889 Patent).) None of those contentions was seasonably disclosed.

As noted, Apple's Interrogatory No. 12 required Samsung to disclose the factual and legal bases for its invalidity defenses. (Pernick Decl. Ex.25 at 7.) Samsung's initial response stated that the D'889, D'677, and D'087 Patents are indefinite, but provided no details. (*Id*. at 8.) Samsung did not supplement this response or explain the indefiniteness opinions offered by Messrs. Sherman, Godici, and Anders until March 19, 2012, nine days after the close of

discovery. (Pernick Decl. ¶ 24.) The Court should strike these untimely theories under Rule 37(c)(1).

### 4. Samsung's Design Experts Offer Non-Infringement Theories That Samsung Did Not Disclose Before the Close of Discovery.

The rebuttal reports of Messrs. Lucente and Anders present numerous arguments that the accused products do not infringe Apple's design patents. (Pernick Decl. Ex. 29 at 17-38, 44, 48-49; Ex. 30 Pt. B §§ II-XIV, Pt. C §§ II-XV, Pt. E §§ II-IV.) Messers. Lucente and Anders opine on the purported similarities and differences between the prior art, the asserted patents, and/or the accused products. But Samsung failed seasonally to disclose the majority of these contentions.

Apple's Interrogatory No. 11 sought the factual and legal bases for Samsung's non-infringement defenses to Apple's design patent claims. (Pernick Decl. Ex. 25 at 5.) Samsung responded on December 19, 2011. (*Id.*) For each of the asserted patents, Samsung's boilerplate response stated that the accused products "are not substantially similar to an ordinary viewer," and incorporated Mr. Sherman's preliminary injunction declaration. (*Id.* at 5-7.) Samsung said that it would supplement its response "after a reasonable investigation and further discovery," but offered no other substance. (*Id.*) Samsung did not supplement its response until March 19, 2011. (*Id.* ¶ 24.)

Thus, except for the non-infringement arguments disclosed by Samsung in connection with last fall's preliminary injunction hearing, Samsung seasonally disclosed none of the Lucente or Anders non-infringement arguments. Apple had no chance to investigate those theories during fact discovery, and its experts could not anticipate them for purposes of preparing their infringement reports. This prejudiced Apple. For example, Mr. Anders' rebuttal report argues that the D'677 Patent requires that the transparent surface be visible above the bezel in the profile views. ███████████████████████████████████ Under this construction, Samsung argues that its accused products do not infringe because the transparent surface of its products is not visible above the bezel in the profile views. But Samsung's pre-cutoff discovery responses never disclosed this argument. Even Mr. Sherman's preliminary injunction declaration only argued that there were differences in corner rounding, screen location, aspect ratio, speakers,

buttons, and front face ornamentation as points of non-infringement. (Dkt. No. 172 at 31-38.) Apple had no chance to investigate Mr. Anders' new contention during fact discovery.

Apple's infringement experts also needed to know all prior art that Samsung deemed relevant to infringement because—as Mr. Lucente admits—infringement must be analyzed "in the context of the prior art." (Pernick Decl. Ex. 29 at 4.) Yet Samsung concealed dozens of references on which its experts would rely until just three days before Apple's infringement expert reports were due on March 22, and did not disclose any of its detailed non-infringement arguments based on those references until it served the Lucente and Anders rebuttal reports on April 16. At that point, Apple's experts could not respond.

Under these circumstances, Rule 37(c)(1) requires exclusion of Samsung's untimely non-infringement theories. *See Transclean*, 290 F.3d at 1373-74; *Warner-Lambert*, 2006 WL 267328, at *7-8. Those theories are identified in detail in Apple's accompanying proposed order.

### 5. Samsung Did Not Disclose During Discovery Mr. Godici's Argument That Apple's Design Patents Should be Construed Narrowly.

Mr. Godici opines that Apple's design patents should be narrowly construed to avoid encompassing subsequently-issued design patents. (Pernick Decl. Ex. 28 ¶¶ 34-54, 59-63, 68-73, 115-116.) Not only is this argument premised on a mistake of law (*see* Godici Daubert motion), it should also be struck because Samsung first disclosed it in its supplemental response to Apple's Interrogatory No. 11—which asks for Samsung's non-infringement contentions—on March 19, 2012. That was well after discovery closed. Samsung's original response on December 19, 2011 did not mention any theory relating to a narrowing construction of the patents. (*See* Pernick Decl. Ex. 25.) Samsung's delay prevented Apple from investigating this theory in discovery. Under Rule 37(c)(1), the Court should strike this opinion from the Godici report.

*       *       *

Samsung can avoid exclusion of the untimely theories in its expert reports only by showing that their untimeliness was substantially justified or harmless. *Hoffman v. Constr. Protective Servs.*, 541 F.3d 1175, 1179 (9th Cir. 2008). Samsung bears the burden of proving that

either exception applies. *Yeti by Molly*, 259 F.3d at 1107; *Oracle*, 264 F.R.D. at 545. Samsung cannot carry that burden.

Where a party's untimely disclosure would require its adversary to pursue discovery after the cutoff, the misconduct is not harmless. *See Wong v. Regents of the Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("[d]isruption to the schedule of the court and other parties . . . is not harmless"); *Baltodano v. Wal-Mart Stores, Inc*., 2011 U.S. Dist. LEXIS 98306, at *10 (D. Nev. Aug. 31, 2006) (untimely disclosure not harmless where it "was not made sufficiently before the cut-off to allow Wal-Mart to conduct the needed discovery"). And, Samsung cannot show substantial justification for its untimely disclosures. "Appellate courts have routinely found no substantial justification when the non-disclosing party failed to act prudently to ensure timely disclosure." *Harrison Brothers Dry Dock & Repair Yard, Inc*., 2009 WL 3273926, at *4 (S.D. Ala. Oct. 9, 2009); *see also Primos*, 451 F.3d at 851 (excluding evidence where party had not exercised diligence in searching for it); *SPX*, 2008 U.S. Dist. LEXIS 29235, at *22.

Consistent with these principles, Judge Koh denied Samsung's previous belated attempt to raise new theories by amending its Invalidity and Infringement Contentions. (*See* Dkt. No. 836.) The Court recognized that if Samsung were allowed to present new contentions after discovery closed, there would be "little opportunity for Apple to explore and respond to Samsung's new contentions." (*Id*. at 10.) The same is true with respect to each of the arguments and legal theories that Apple seeks to exclude through this motion. Samsung showed no diligence regarding its duty to supplement under Rule 26(e). The contentions at issue here are *Samsung's own positions*. The idea that Samsung could not disclose any of these theories—other than the few it disclosed in connection with the preliminary injunction proceedings—is preposterous. Samsung should have identified all of the invalidity and non-infringement theories presented by its experts months ago, not after discovery closed.

**C.    The Court Should Strike Mr. Von Herzen's Inequitable Conduct Opinion.**

Mr. Von Herzen opines that the inventors of the '607 Patent withheld from the PTO purportedly material information that they "copied and derived" their invention from the Sony SmartSkin. (Pernick Decl. Ex. 12 ¶¶ 459-60.) The Court should strike this opinion. Despite

raising 24 affirmative defenses, Samsung's answer failed to plead or mention inequitable conduct. (Dkt. No. 80.)  Prior to submitting the Von Herzen Report, Samsung never formally suggested that it would assert an inequitable conduct defense.  (Pernick Decl. ¶ 28.)  *This defense is not a part of this case.*

### D.   The Court Should Strike Samsung's Late Supplemental Damages Report and Samsung's Alternative Calculations Produced on April 16, 2012.

Samsung's refusal to live within the limits of the discovery schedule also affects its response to Apple's damages claims.  In violation of the Court's schedule and orders, Samsung improperly produced a "Supplemental Expert Report" from a damages expert, Michael Wagner, at 7:04 p.m. on May 11, twenty-five days after the Court's deadline and approximately 12 hours before Mr. Wagner's deposition.  Further, Wagner has stated that he intends to rely primarily on financial documents that were produced to Apple for the first time on April 16, 2012, more than a month after the discovery cut-off and more than two months after the Court's deadline for Samsung to produce financial information.  The supplemental report and the alternative calculations should be struck as late and inconsistent with the Court's schedule.

#### 1.   The Court Should Strike Samsung's Supplemental Damages Report.

The Court's schedule required all rebuttal expert reports to be served on April 16, 2012.  On April 23, 2012, the Court granted Apple's motion for sanctions and directed Samsung to produce additional financial documents.  (Dkt. No. 880 at 16.)  The Court also granted *Apple* the right to file a supplemental damages report, which Apple did.  (*Id.*).  The Court did not grant *Samsung* any right to supplement its damages report.  (*Id.*)  Samsung forecast its intent to file a supplemental report in an e-mail to Apple on April 24th .  (Pernick Decl. Ex. 32.  Apple immediately reminded Samsung that the Court had not authorized this action.  (Pernick Decl. Ex. 33.)  Samsung never sought clarification or leave to file a supplemental report.

Nonetheless, at 7:04 p.m. on May 11, 2012—the night before Mr. Wagner's deposition— Samsung delivered a supplemental damages report from Mr. Wagner that contained new opinions, new evidence, and new schedules.  (Pernick Decl. Ex. 34.)  Samsung's supplemental

report is untimely and prejudicial. Samsung should not be allowed to benefit from its own misconduct that gave rise to Court's April 23 sanctions order.

### 2. Mr. Wagner Attempts to Rely on Financial Data That Samsung Never Produced During Fact Discovery.

Tab 6 of Mr. Wagner's April 16th rebuttal report (as corrected on April 20th) includes an alternative damages model that is based on financial data that Samsung never produced during fact discovery. Although Mr. Wagner did not discuss this alternative model in the text of his report (Pernick Decl. Ex. 31 at 4 n.7), Mr. Wagner surprised Apple at his deposition by stating that he planned to use Tab 6 at trial (Pernick Decl. Ex. 35 at 278:24-279:1). The Court should not let him do so.

Samsung first produced the financial data underlying Tab 6 on April 16th—more than a month after the March 8th discovery cutoff (Dkt. No. 187 at 2), and more than two months after the February 3rd deadline for Samsung to produce financial information that was set by the Court's January 27th Order. (Dkt. No. 673 at 15.) By the time Apple received this data, Apple had already taken five depositions relating to a different set of financial data that Samsung had produced in February-March, and had incorporated this data into its opening damages report. Apple had no chance to test with Samsung witnesses the late-produced April 16th financial data underlying Tab 6, and no chance to understand where it came from, how it was prepared, or what it represented. The Court should not allow Samsung to present new financial data months after discovery closed and weeks after Apple's expert prepared his calculations—especially when presenting two different calculations based on different financial data using completely different methodologies will confuse the jury.

Samsung's failure to produce the data underlying Tab 6 during fact discovery was neither substantially justified nor harmless. Samsung has always had access to its own financial data. It offers no excuse for waiting until weeks after discovery to provide it.[9] Samsung should be held to

---

[9] Apple anticipates that Samsung will argue that this production is justified by the Court's later discovery and sanctions order. That is plainly wrong. The documents were produced on April 16. The Court's order came out on April 23, a week later. The production was not made to satisfy the Court's order but as a self-serving attempt to introduce new information previously withheld in discovery when Samsung decided after the fact that it could benefit from it.

1   the consequences of its choices in discovery, and be precluded from introducing Tab 6 or its

2   underlying financial data at trial.

3   **V.**     **CONCLUSION**

4        For the reasons discussed above, the Court should grant Apple's Motion and strike the

5   portions of Samsung's expert reports (and exhibits thereto) that are identified in this

6   memorandum and Apple's proposed order.

7

8   Dated:  May 17, 2012                MORRISON & FOERSTER LLP

9

10                    By:  */s/ Alison M. Tucher*
                          Alison M. Tucher
                          Attorneys for Plaintiff

11                           APPLE INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28