HAROLD J .MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

Case No. 11-cv-01846-LHK (PSG)

**DECLARATION OF MARC J. PERNICK IN SUPPORT OF PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S MOTION TO STRIKE PORTIONS OF SAMSUNG'S EXPERT REPORTS**

Date: June 26, 2012
Time: 10:00 a.m.
Courtroom: 5, 4th Floor
Judge: Hon. Paul S. Grewal

I, Marc J. Pernick, declare as follows:

1. I am an attorney with the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple"). I am licensed to practice law in the State of California. Unless otherwise indicated, I have personal knowledge of the matters stated herein and, if called as a witness, could and would testify competently thereto. I make this declaration in support of Apple's Motion to Strike Samsung's Portions of Expert Reports.

**Expert Reports on Invalidity Relating to Apple's Utility Patents**

2. On August 26, 2011, Apple served its Infringement Contentions pursuant to Patent Local Rule 3-1 and this Court's August 25, 2011 Case Management Order.

3. On October 7, 2011, Samsung served its Patent Local Rule 3-3 Invalidity Contentions. Attached as Exhibit 1 to this Declaration is a true and correct copy of Samsung's Invalidity Contentions. (The exhibits to Samsung's Invalidity Contentions are not attached to this Declaration.) Although there are different ways to conduct a count and arrive at these figures, my colleagues and I have determined that Samsung's Invalidity Contentions contain reference to more than 600 alleged prior art references and cite to more than 70 invalidity claim charts. (*See* Exhibit 1 at 5, 11-12, 18, 24-26, 33, 40, 46-48, 54-55.)

4. Pursuant to the Court's August 25, 2011 Order, the period for fact discovery in this matter closed on March 8, 2012, but the parties agreed to a 48-hour extension to respond to written discovery. Also pursuant to the Court's August 25, 2011 Order, the parties exchanged opening expert reports on March 22, 2012.

5. On March 22, 2012, Samsung served five reports from four experts giving opinions about the alleged invalidity of Apple's eight previously-asserted utility patents. The four experts are Trevor Darrell, Stephen Gray, Andries Van Dam, and Brian Von Herzen. Because of the anticipated stipulation to dismiss four of the eight utility patents without prejudice, some of the reports are now moot. Of the remaining reports, only portions of the Gray, Van Dam and Von Herzen reports are at issue in Apple's Motion to Strike.

6. Mr. Gray offered opinions about the alleged invalidity of U.S. Patent Nos. 7,844,915 and 7,864,163. It should be noted, however, that only the '915 Patent is now at

issue. Attached as Exhibit 2 to this Declaration is a true and correct copy of Mr. Gray's report. True and correct copies of exhibits O, R, T, and Appendices 3, 3.1, 3.2, 3.3, and 3.5 to Mr. Gray's report are attached to this Declaration as Exhibits 3-10, respectively.

7. Dr. Van Dam offered opinions about the alleged invalidity of U.S. Patent No. 7,469,381. Attached as Exhibit 11 to this Declaration is a true and correct copy of Dr. Van Dam's report.

8. Samsung provided two separate reports from Mr. Von Herzen. One of these reports is now moot in light of the recent narrowing of this case. The other Von Herzen report offered opinions about U.S. Patent Nos. 7,663,607 and 7,920,129. Samsung served what purports to be a supplemental and corrected version of this report on April 5, 2012. Attached as Exhibit 12 to this Declaration is a true and correct copy of Mr. Von Herzen's report regarding the '607 and '129 Patents. It should be noted, however, that only the '607 Patent is now at issue.

9. On April 12, 2012, Apple wrote to Samsung regarding the undisclosed prior art contained in Samsung's invalidity expert reports relating to Apple's utility patents. The letter also raised issues with Samsung's infringement reports for its utility patents and Samsung's invalidity reports for Apple's design patents. Samsung responded on April 29, 2012. Attached as Exhibit 13 to this Declaration is a true and correct copy of that letter ("Samsung's 4/29/12 letter").

**Expert Reports on Non-Infringement Relating to Apple's Utility Patents**

10. Apple propounded Interrogatory No. 2 on August 3, 2011. Attached to this Declaration as Exhibit 14 is a true and correct copy of Samsung's September 8th Response.

11. Apple proposed an exchange of non-infringement contentions by the close of discovery on March 8th. Apple served its non-infringement contentions on March 8th. That day, Samsung supplemented it response to Interrogatory No. 2 but still provided only objections. Attached as Exhibit 15 to this Declaration is a true and correct copy of Samsung's March 8th Response. A few days later, on March 12th, Samsung served another supplemental response to Interrogatory No. 2. Attached as Exhibit 16 to this Declaration is a true and correct copy of Samsung's March 12th Response to Interrogatory No. 2.

12. On or shortly after April 16, 2012, Samsung served five reports from four experts that contain opinions about the alleged non-infringement by Samsung of Apple's eight asserted utility patents. The four experts are Trevor Darrell, Stephen Gray, Jeffrey Johnson, and Brian Von Herzen. Of these, only the Johnson, Von Herzen, and Gray non-infringement reports are at issue for this Motion.

13. Mr. Johnson offered opinions about the alleged non-infringement of U.S. Patent No. 7,469,381 by Samsung. Attached as Exhibit 17 to this Declaration is a true and correct copy of Mr. Johnson's report.

14. Mr. Von Herzen offered opinions about the alleged non-infringement of U.S. Patent Nos. 7,663,607 and 7,920,129. Attached as Exhibit 18 to this Declaration is a true and correct copy of Mr. Von Herzen's non-infringement report regarding the '607 and '129 Patents. It should be noted, however, that only the '607 Patent is now at issue.

15. Mr. Gray offered opinions about the alleged non-infringement of U.S. Patent Nos. 7,844,915 and 7,864,163. It should be noted, however, that only the '915 Patent is now at issue. Attached as Exhibit 19 to this Declaration is a true and correct copy of Mr. Gray's non-infringement report.

16. Apple moves to strike one of Mr. Gray's non-infringement theories on the basis that he cannot describe which of the products do not infringe. Attached as Exhibit 20 to this Declaration is a true and correct copy of of Mr. Gray's deposition transcript wherein he discusses this specific theory.

**Expert Reports on Alleged Infringement Relating to Samsung's Utility Patents**

17. On September 7, 2011, Samsung served its Patent Local Rule 3-1, 3-2 Infringement Contentions. Attached as Exhibits 21 and 22 to this Declaration are true and correct copies of exhibits J and H respectively, which were attached to Samsung's Disclosure of Asserted Claims and Infringement Contentions.

18. On January 25, 2012, Samsung moved to supplement its Infringement Contentions to add the iPhone 4S as an accused product. The Court denied that Motion on March 27, 2012.

19. On March 22, 2012, Samsung served eleven reports from six experts that contain opinions about the alleged infringement of Samsung's twelve utility patents. The six experts were Gregory Abowd, Paul Min, Ray Nettleton, Richard Wesel, Tim Williams, and Woodward Yang. Of these, only portions of the Yang and Williams reports are at issue in this Motion.

20. Mr. Yang offered opinions about the alleged infringement of U.S. Patent Nos. 7,577,460, 7,456,893, 7,698,711, and 7,079,871. It should be noted, however, that only the '460 Patent is now at issue. Attached as Exhibit 23 to this Declaration is a true and correct copy of excerpts of Mr. Yang's infringement report.

21. Dr. Williams offered opinions about the alleged infringement of U.S. Patent No. 7,447,516. Attached as Exhibit 24 to this Declaration is a true and correct copy of excerpts of Mr. Williams's infringement report.

**Expert Reports Relating to Apple's Design Patents and Trade Dress**

22. On November 14, 2011, Apple propounded to Samsung a Fifth Set of Interrogatories, which included Interrogatory Nos. 11 and 12. Interrogatory No. 11 requested that Samsung explain the legal and factual bases of its non-infringement defenses to Apple's design patent claims. Interrogatory No. 12 requested that Samsung explain the legal and factual bases of its invalidity defenses to Apple's design patent claims.

23. Samsung responded to Interrogatory Nos. 11 and 12 on December 19th, 2012. A true and correct copy of those Interrogatory responses is attached to this Declaration as Exhibit 25. In responding to Interrogatory No. 12, Samsung identified a series of document by bates ranges. For U.S. Patent D604,305 and U.S. Patent D617,334, Samsung cited over 2,200 pages of documents containing 174 publications. For U.S. Patent D593,087 and U.S. Patent D618,677, Samsung cited over 2,200 pages of documents containing 174 publications. Samsung did not supplement its responses to Interrogatory Nos. 11 and 12 until March 19, 2012 (which was 9 days after the close of written discovery). A true and correct copy of the March 19th Samsung supplemental responses is attached hereto as Exhibit 38.

24. On August 3, 2011, Apple propounded Interrogatory No. 5, which asked Samsung to state in detail the basis of its contention that the asserted trade dress and trademarks lack distinctiveness. Samsung responded to Interrogatory No. 5 on September 8, 2011. A true and correct copy of that response is attached to this Declaration as Exhibit 14. Samsung never supplemented this response.

25. On March 22, 2012, Samsung served the opening expert reports of Sam Lucente, Itay Sherman, and Nicholas P. Godici. True and correct copies of those reports are attached to this Declaration as Exhibits 26-28, respectively.

26. On April 16, 2012, Samsung served the rebuttal report of Mr. Lucente and the expert report of Robert John Anders. True and correct copies of those reports are attached to this Declaration as Exhibits 29 and 30, respectively.

27. Mr. Sherman's report opines that a Nokia Fingerprint design is prior art that purportedly anticipates or renders obvious two of the asserted design patents. I am informed and on that basis believe that Samsung obtained a declaration from Ricardo Vilas-Boas, who claims to have invented that design, on or about January 6, 2012. A true and correct copy of that declaration is attached to this Declaration as Exhibit 36. Samsung did not disclose that reference in its December 19, 2012 response to Apple's Interrogatory No. 12. Instead, Samsung included the declaration in over 29,000 pages of documents produced to Apple over a six-day period from February 11-16, 2012. Samsung also produced the Nokia Fingerprint design itself during that period. A month after that production, on March 13, 2012, Samsung provided Apple three days' notice that it would be taking Mr. Vilas-Boas's deposition in London in connection with the ITC investigation. When it noticed this deposition, Samsung did not disclose that he was the inventor of purportedly relevant prior art. Given the short notice provided by Samsung, Apple was only able to attend the deposition through a London-based attorney who was not familiar with this case or with design patent law. Samsung did not identify the Nokia Fingerprint as prior art, or identify Mr. Vilas-Boas as its inventor, until its March 19, 2012 supplemental response to Interrogatory No. 12. The ITC has already excluded the Fingerprint in the proceedings there based on

Samsung's discovery misconduct. A true and correct copy of that ITC ruling is attached to this Declaration as Exhibit 37.

28. Paragraphs 459-60 of Mr. Von Herzen's expert report opine on issues that appear to relate to a possible inequitable conduct defense by Samsung. Prior to submitting that report, Samsung gave no formal indication that it would assert an inequitable conduct defense.

**Expert Reports Relating to Damages**

29. The Court's schedule required all rebuttal expert reports to be served on April 16, 2012. Attached as Exhibit 31 to this Declaration is a true and correct copy of a report entitled "Corrected Expert Report of Michael J. Wagner," dated April 20, 2012. Mr. Wagner's original expert report was served on April 16, 2012.

30. On April 23, 2012, the Court granted Apple's motion for sanctions and directed Samsung to produce additional documents. The Court also granted Apple the right to file a supplemental report, which Apple did. The Court did not grant Samsung any right to supplement its damages report. Samsung did not seek clarification or leave to file a supplemental expert report.

31. Samsung forecast its intent to file a supplemental report in an email to Apple on April 24. Attached as Exhibit 32 to this Declaration is a true and correct copy of an e-mail sent April 24, 2012 from Victoria Maroulis to Mia Mazza.

32. Attached as Exhibit 33 to this Declaration is a true and correct copy of a letter dated April 24, 2012 from Mia Mazza to Victoria Maroulis.

33. On May 11, 2012, Samsung delivered a supplemental damages report from Mr. Wagner that contained new opinions, new evidence, and new schedules. Attached as Exhibit 34 is a true and correct copy of an e-mail sent at 7:04 p.m. on May 11, 2012 from Carl Anderson to Marc Pernick and others, attaching a document entitled "Supplemental Expert Report of Michael J. Wagner."

34. Attached as Exhibit 35 to this Declaration is a true and correct copy of excerpts of the transcript from May 12, 2012 deposition of Michael J. Wagner.

******

35. The Exhibits attached to this Declaration that are Samsung's expert reports (or that are exhibits to such reports) are highlighted in yellow to show the material that Apple believes should be stuck based on Samsung's failure to properly disclose prior art references or theories in its Invalidity Contentions and contention interrogatory responses.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on May 17, 2012 in Palo Alto, California.

By: /s/ Marc J. Pernick______________
Marc J. Pernick