# Exhibit 14

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
14 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                   UNITED STATES DISTRICT COURT

17          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE INC.'S SECOND SET OF INTERROGATORIES (Nos. 2-6)** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendant. | |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") respond to Plaintiff Apple Inc.'s ("Apple") Second Set of Interrogatories as follows:

## GENERAL STATEMENT

The following responses are based on discovery available as of the date hereof. Discovery is just beginning and is continuing, and these responses are subject to change accordingly. It is anticipated that further discovery, independent investigation and analysis may lead to the discovery of additional information or documents, supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes to or variations from the responses set forth herein.

In addition, the following responses are given without prejudice to Samsung's right to produce or rely on subsequently discovered information, facts or documents. Samsung accordingly reserves the right to change the responses herein and/or produce or rely on subsequently discovered documents as additional facts are ascertained, analysis is made, legal research is completed and contentions are made. The responses herein are made in a good faith effort to comply with the provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure, and to supply such responsive information as exists and is presently within Samsung's possession, custody or control, but are in no way to be deemed to be to the prejudice of Samsung in relation to further discovery, research and analysis.

An answer to an interrogatory shall not be deemed a waiver of any applicable general or specific objection to an interrogatory. In responding to the interrogatories, Samsung does not waive any objections that may be applicable to the use, for any purpose, of any information or documents provided in response, or the admissibility, relevance, or materiality of any such information or documents to any issue in this case.

Samsung's responses to these interrogatories do not constitute admissions relative to the existence of any documents or information, to the relevance or admissibility of any documents or information, or to the truth or accuracy of any statement or characterization contained in Apple's

1  requests. All objections as to relevance, authenticity, or admissibility of any document are
2  expressly reserved.
3      Samsung expressly incorporates this General Statement and the following General
4  Objections as though set forth fully in response to each of the following individual interrogatories
5  and, to the extent that they are not raised in any particular response, Samsung does not waive those
6  objections.

**GENERAL OBJECTIONS**

8   1. Samsung objects to the "Definitions" and "Instructions" contained in Apple's
9  Second Set of Interrogatories to the extent they are inconsistent with the Federal Rules of Civil
10 Procedure.

11  2. Samsung objects to Apple's Definition of "Samsung," "You," "Your," and
12 "Defendants" as overly broad to the extent it requires Samsung to pursue information from
13 individuals no longer employed by Samsung whose data is not currently in the possession of
14 Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and
15 "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates,"
16 and also to the extent that it requires Samsung to potentially seek information from thousands of
17 people. Samsung will respond to interrogatories based on a reasonable inquiry of individuals
18 expected to possess the requested information.

19  3. Samsung objects to Apple's definition of "Apple" to as overly broad, vague, and
20 ambiguous.

21  4. Samsung objects to Apple's definition of "Products at Issue" as overly broad,
22 vague, and ambiguous insofar as it includes the undefined categories of "any similar products"
23 and "any products that Apple accuses of infringing its intellectual property in this litigation."

24  5. Samsung objects to Apple's definition of "Hardware Design" as overly broad,
25 vague, and ambiguous insofar as it includes "all hardware, insignia or ornamentation thereon."

26  6. Samsung objects to Apple's definition of "Graphical User Interface Design" as
27 overly broad, vague and ambiguous.

28  7. Samsung objects to the definition of "Third Party" or "Third Parties" as overly

broad.

8. Samsung objects to Apple's definition of "Relating," and each and every interrogatory that uses the term "Relating," as overly broad, vague and ambiguous.

9. Samsung objects to these interrogatories as vague and ambiguous to the extent they include terms that are undefined. Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

10. Samsung objects generally to each interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law. Samsung will exchange with Apple a log of withheld documents at a time agreed to by counsel for the parties. Samsung also will not log privileged documents that were created on or after April 15, 2011.

11. Samsung objects generally to the interrogatories to the extent they seek information from outside a reasonable time period or from a point other than a reasonable time.

12. Samsung objects to these interrogatories to the extent they seek to compel Samsung to generate or create information and/or documents that do not already exist.

13. Samsung objects generally to the interrogatories to the extent that they prematurely call for contentions, identification of prior art, or identification of witnesses at this stage of the litigation.

14. Samsung objects to each interrogatory to the extent it is duplicative or cumulative of another interrogatory.

15. Samsung objects to each interrogatory to the extent it is compound and comprises discrete subparts resulting in separate interrogatories.

16. Samsung expressly reserves the right to respond to any or all of the interrogatories by specifying documents wherein the responsive information may be ascertained pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

17. Samsung objects generally to the interrogatories to the extent they seek confidential proprietary or trade secret information of third parties. Samsung will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information and/or documents.

18. Samsung objects generally to the interrogatories on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

19. Samsung objects to the interrogatories on the ground that they are overly broad, unduly burdensome and oppressive to the extent they purport to require Samsung to search its facilities and inquire of its employees other than those facilities and employees that would reasonably be expected to have responsive information. Samsung's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Samsung's employees and/or representatives who could reasonably be expected to possess responsive information.

20. Samsung objects to the interrogatories on the grounds that they seek information already in the possession of Apple, publicly available, or as readily available to Apple as it is to Samsung.

21. Samsung objects to each interrogatory to the extent that it seeks information before Samsung is required to disclose such information in accordance with any applicable law, such as the Northern District of California Patent Local Rules.

22. Samsung objects to the interrogatories on the grounds and to the extent that they seek legal conclusions or call for expert testimony. Samsung's responses should not be construed to provide legal conclusions.

Subject to and without waiving the foregoing General Statement and General Objections, Samsung responds as follows:

# INTERROGATORIES

**INTERROGATORY NO. 2:**

For each of the Asserted Claims, set forth in detail Samsung's bases for asserting the defense of non-infringement, including a claim chart indicating whether each element of the claim is present or absent in each of the Products at Issue and, if Samsung contends that an element is absent, the detailed basis for that contention.

**RESPONSE TO INTERROGATORY NO. 2:**

Samsung objects to this interrogatory as vague and ambiguous.  Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to Apple's definition of "Products at Issue" as overly broad, vague, and ambiguous insofar as it includes the undefined categories of "any similar products" and "any products that Apple accuses of infringing its intellectual property in this litigation."  Samsung further objects to this interrogatory as premature to the extent it requests information regarding Samsung's non-infringement contentions just seven business days after Apple has served its infringement contentions and before sufficient discovery has been conducted.  Samsung further objects to this interrogatory to the extent it prematurely calls for contentions at this stage of litigation.  Samsung will provide such contentions in accordance with the Court's Minute Order and Case Management Order, dated August 25, 2011.

Subject to the foregoing general and specific objections, Samsung responds as follows:

For U.S. Patent No. 7,812,828, Samsung's investigation is ongoing and Samsung will supplement this interrogatory after it has had a reasonable opportunity to review Apple's infringement contentions and respond thereto.

For U.S. Patent No. 6,493,002, Samsung's investigation is ongoing and Samsung will supplement this interrogatory after it has had a reasonable opportunity to review Apple's infringement contentions and respond thereto.

1    For U.S. Patent No. 7,469,381, Samsung's investigation is ongoing and Samsung will
2  supplement this interrogatory after it has had a reasonable opportunity to review Apple's
3  infringement contentions and respond thereto. Samsung also incorporates by reference the
4  Declaration of Jeffrey Johnson in Support of Samsung's Opposition to Apple's Motion for a
5  Preliminary Injunction (Dkt. No. 174).

6    For U.S. Patent No. 7,844,915, Samsung's investigation is ongoing and Samsung will
7  supplement this interrogatory after it has had a reasonable opportunity to review Apple's
8  infringement contentions and respond thereto.

9    For U.S. Patent No. 7,853,891, Samsung's investigation is ongoing and Samsung will
10 supplement this interrogatory after it has had a reasonable opportunity to review Apple's
11 infringement contentions and respond thereto.

12   For U.S. Patent No. 7,663,607, Samsung's investigation is ongoing and Samsung will
13 supplement this interrogatory after it has had a reasonable opportunity to review Apple's
14 infringement contentions and respond thereto.

15   For U.S. Patent No. 7,864,163, Samsung's investigation is ongoing and Samsung will
16 supplement this interrogatory after it has had a reasonable opportunity to review Apple's
17 infringement contentions and respond thereto.

18   For U.S. Patent No. 7,920,129, Samsung's investigation is ongoing and Samsung will
19 supplement this interrogatory after it has had a reasonable opportunity to review Apple's
20 infringement contentions and respond thereto.

21 **INTERROGATORY NO. 3:**

22   Identify in detail the person or persons most knowledgeable about the design,
23 development, implementation, structure, operation, and promotion of each of the Products at Issue,
24 including the design, development, implementation, structure, or operation of the Hardware
25 Design of each of the Products at Issue and the Graphical User Interface Design installed or
26 available on each of the Products at Issue, including a detailed description of each of their roles.

27
28

**RESPONSE TO INTERROGATORY NO. 3:**

Samsung objects to this interrogatory on the grounds that it is vague and ambiguous with regard to the terms "Hardware Design" and "Graphical User Interface Design." Samsung further objects to Apple's definition of "Products at Issue" as overly broad, vague, and ambiguous insofar as it includes the undefined categories of "any similar products" and "any products that Apple accuses of infringing its intellectual property in this litigation."

Subject to the foregoing general and specific objections, Samsung incorporates by reference Samsung's Initial Disclosures, served on September 7, 2011, and any supplemental disclosures thereon. Samsung is willing to meet and confer with Apple about the relevance and scope of any additional information sought by this request.

**INTERROGATORY NO. 4:**

Identify in detail Samsung's policies, practices, documents, communications, meetings, entities, divisions, departments, teams, groups, employees, representatives, agents, and anyone acting on Samsung's behalf relating to keeping apprised of, reverse engineering, copying, emulating, or otherwise monitoring or analyzing Apple's products, services, designs, technologies, advertising, marketing, or strategies in the mobile electronic device industry, including any use by Samsung of information relating to the foregoing activities in the design, development, or implementation of Samsung's own products, services, designs, technologies, advertising, marketing, or other strategies.

**RESPONSE TO INTERROGATORY NO. 4:**

Samsung objects to this interrogatory as vague and ambiguous. Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections, Samsung responds as follows:

Samsung does not have "policies" or "practices" of "reverse engineering, copying, [or] emulating" Apple's products, but Samsung does keep apprised of its competitors' products, including Apple's products.

1       Samsung has not yet completed its discovery and investigation of the facts relating to this
2  interrogatory.  Samsung will supplement this response with a narrative, and/or with the documents
3  reflecting this information (if any) pursuant to Federal Rule of Civil Procedure 33(d).
4  **INTERROGATORY NO. 5:**
5       State in detail the basis of Samsung's contention that Apple's claims are barred "on the
6  basis that the marks and alleged trade dress at issue lack distinctiveness, including, without
7  limitation secondary meaning," as alleged in ¶ 281 of the Answer, including an identification of
8  any documents on which Samsung intends to rely or which tend to prove or disprove Samsung's
9  contention.
10 **RESPONSE TO INTERROGATORY NO. 5:**
11      Samsung objects to this interrogatory as vague and ambiguous.  Samsung further objects to
12 this interrogatory to the extent that it seeks to elicit information subject to and protected by the
13 attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the
14 common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further
15 objects to this interrogatory as premature to the extent it requests information regarding
16 Samsung's contentions before discovery has been completed or substantially completed, and to the
17 extent it requests information that is or will be the subject of expert testimony.
18      Subject to the foregoing general and specific objections, Samsung responds as follows:
19      Samsung directs Apple to Samsung's Answer in this case.  *See* Dkt. No. 80.  Samsung also
20 refers Apple to smartphone and tablet computer product selections available on the market and in
21 retailer stores.
22      Samsung has not yet completed its discovery and investigation of the facts relating to this
23 interrogatory.  Samsung will supplement this response with a narrative and/or with the documents
24 reflecting this information pursuant to Federal Rule of Civil Procedure 33(d).
25 **INTERROGATORY NO. 6:**
26      State in detail the basis of Samsung's contention that Apple's claims are barred "by reason
27 of other parties' use of any trademarks or trade dress at issue," as alleged in ¶ 292 of the Answer,
28

1 including an identification of any documents on which Samsung intends to rely or which tend to
2 prove or disprove Samsung's contention.

**RESPONSE TO INTERROGATORY NO. 6:**

Samsung objects to this interrogatory as vague and ambiguous. Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to this interrogatory as premature to the extent it requests information regarding Samsung's contentions before discovery has been completed or substantially completed, and to the extent it requests information that is or will be the subject of expert testimony.

Subject to the foregoing general and specific objections, Samsung responds as follows:

Samsung directs Apple to Samsung's Answer in this case. *See* Dkt. No. 80. Samsung also refers Apple to smartphone and tablet computer product selections available on the market and in retailer stores.

Samsung has not yet completed its discovery and investigation of the facts relating to this interrogatory. Samsung will supplement this response with a narrative and/or with the documents reflecting this information pursuant to Federal Rule of Civil Procedure 33(d).

DATED: September 8, 2011            Respectfully submitted,

                                           QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP

                                           By     */s/ Todd Briggs*
                                                 Charles K. Verhoeven
                                                 Kevin P.B. Johnson
                                                 Victoria F. Maroulis
                                                 Michael T. Zeller
                                                 Attorneys for SAMSUNG ELECTRONICS CO.,
                                                 LTD., SAMSUNG ELECTRONICS AMERICA,
                                                 INC. and SAMSUNG
                                                 TELECOMMUNICATIONS AMERICA, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2011, I caused **SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE INC.'S SECOND SET OF INTERROGATORIES (Nos. 2-6)** to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

HAROLD J. MCELHINNY
hmcelhinny@mofo.com
MICHAEL A. JACOBS
mjacobs@mofo.com
JENNIFER LEE TAYLOR
jtaylor@mofo.com
ALISON M. TUCHER
atucher@mofo.com
RICHARD S.J. HUNG
rhung@mofo.com
JASON R. BARTLETT
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

I declare under penalty of perjury that the foregoing is true and correct. Executed in Redwood Shores, California on Sept. 8, 2011.

                                                              */s/ Melissa N. Chan*