Exhibit 15

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
14 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                    UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

19 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK
20 |            Plaintiff,                  | **SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE INC.'S SECOND SET OF INTERROGATORIES (Nos. 2, 5-6)**
21 |            vs.                         |
22 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG |
23 | ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG |
24 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, |
25 |                                        |
26 |            Defendant.                  |

27

28

1    Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Samsung Electronics
2  Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC
3  (collectively, "Samsung") respond to Plaintiff Apple Inc.'s ("Apple") Second Set of Interrogatories
4  as follows:

## GENERAL STATEMENT

6    The following responses are based on discovery available as of the date hereof.  Discovery
7  is just beginning and is continuing, and these responses are subject to change accordingly.  It is
8  anticipated that further discovery, independent investigation and analysis may lead to the
9  discovery of additional information or documents, supply additional facts and add meaning to
10  known facts, as well as establish entirely new factual conclusions and legal contentions, all of
11  which may lead to additions to, changes to or variations from the responses set forth herein.

12    In addition, the following responses are given without prejudice to Samsung's right to
13  produce or rely on subsequently discovered information, facts or documents.  Samsung
14  accordingly reserves the right to change the responses herein and/or produce or rely on
15  subsequently discovered documents as additional facts are ascertained, analysis is made, legal
16  research is completed and contentions are made.  The responses herein are made in a good faith
17  effort to comply with the provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure,
18  and to supply such responsive information as exists and is presently within Samsung's possession,
19  custody or control, but are in no way to be deemed to be to the prejudice of Samsung in relation to
20  further discovery, research and analysis.

21    An answer to an interrogatory shall not be deemed a waiver of any applicable general or
22  specific objection to an interrogatory.  In responding to the interrogatories, Samsung does not
23  waive any objections that may be applicable to the use, for any purpose, of any information or
24  documents provided in response, or the admissibility, relevance, or materiality of any such
25  information or documents to any issue in this case.

26    Samsung's responses to these interrogatories do not constitute admissions relative to the
27  existence of any documents or information, to the relevance or admissibility of any documents or
28  information, or to the truth or accuracy of any statement or characterization contained in Apple's

-1-   Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPL. OBJECTIONS AND RESPONSES TO
APPLE INC.'S SECOND SET OF INTERROGATORIES

1  requests. All objections as to relevance, authenticity, or admissibility of any document are
2  expressly reserved.

3        Samsung expressly incorporates this General Statement and the following General
4  Objections as though set forth fully in response to each of the following individual interrogatories
5  and, to the extent that they are not raised in any particular response, Samsung does not waive those
6  objections.

7  **<u>GENERAL OBJECTIONS</u>**

8      1.     Samsung objects to the "Definitions" and "Instructions" contained in Apple's
9  Second Set of Interrogatories to the extent they are inconsistent with the Federal Rules of Civil
10 Procedure.

11     2.     Samsung objects to Apple's Definition of "Samsung," "You," "Your," and
12 "Defendants" as overly broad to the extent it requires Samsung to pursue information from
13 individuals no longer employed by Samsung whose data is not currently in the possession of
14 Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and
15 "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates,"
16 and also to the extent that it requires Samsung to potentially seek information from thousands of
17 people. Samsung will respond to interrogatories based on a reasonable inquiry of individuals
18 expected to possess the requested information.

19     3.     Samsung objects to Apple's definition of "Apple" to as overly broad, vague, and
20 ambiguous.

21     4.     Samsung objects to Apple's definition of "Products at Issue" as overly broad,
22 vague, and ambiguous insofar as it includes the undefined categories of "any similar products"
23 and "any products that Apple accuses of infringing its intellectual property in this litigation."

24     5.     Samsung objects to Apple's definition of "Hardware Design" as overly broad,
25 vague, and ambiguous insofar as it includes "all hardware, insignia or ornamentation thereon."

26     6.     Samsung objects to Apple's definition of "Graphical User Interface Design" as
27 overly broad, vague and ambiguous.

28     7.     Samsung objects to the definition of "Third Party" or "Third Parties" as overly

broad.

8. Samsung objects to Apple's definition of "Relating," and each and every interrogatory that uses the term "Relating," as overly broad, vague and ambiguous.

9. Samsung objects to these interrogatories as vague and ambiguous to the extent they include terms that are undefined. Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

10. Samsung objects generally to each interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law. Samsung will exchange with Apple a log of withheld documents at a time agreed to by counsel for the parties. Samsung also will not log privileged documents that were created on or after April 15, 2011.

11. Samsung objects generally to the interrogatories to the extent they seek information from outside a reasonable time period or from a point other than a reasonable time.

12. Samsung objects to these interrogatories to the extent they seek to compel Samsung to generate or create information and/or documents that do not already exist.

13. Samsung objects generally to the interrogatories to the extent that they prematurely call for contentions, identification of prior art, or identification of witnesses at this stage of the litigation.

14. Samsung objects to each interrogatory to the extent it is duplicative or cumulative of another interrogatory.

15. Samsung objects to each interrogatory to the extent it is compound and comprises discrete subparts resulting in separate interrogatories.

16. Samsung expressly reserves the right to respond to any or all of the interrogatories by specifying documents wherein the responsive information may be ascertained pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

17. Samsung objects generally to the interrogatories to the extent they seek confidential proprietary or trade secret information of third parties. Samsung will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information and/or documents.

18. Samsung objects generally to the interrogatories on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

19. Samsung objects to the interrogatories on the ground that they are overly broad, unduly burdensome and oppressive to the extent they purport to require Samsung to search its facilities and inquire of its employees other than those facilities and employees that would reasonably be expected to have responsive information. Samsung's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Samsung's employees and/or representatives who could reasonably be expected to possess responsive information.

20. Samsung objects to the interrogatories on the grounds that they seek information already in the possession of Apple, publicly available, or as readily available to Apple as it is to Samsung.

21. Samsung objects to each interrogatory to the extent that it seeks information before Samsung is required to disclose such information in accordance with any applicable law, such as the Northern District of California Patent Local Rules.

22. Samsung objects to the interrogatories on the grounds and to the extent that they seek legal conclusions or call for expert testimony. Samsung's responses should not be construed to provide legal conclusions.

Subject to and without waiving the foregoing General Statement and General Objections, Samsung responds as follows:

# INTERROGATORIES

**INTERROGATORY NO. 2:**

For each of the Asserted Claims, set forth in detail Samsung's bases for asserting the defense of non-infringement, including a claim chart indicating whether each element of the claim is present or absent in each of the Products at Issue and, if Samsung contends that an element is absent, the detailed basis for that contention.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Samsung objects to this interrogatory as vague and ambiguous. Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung objects to Apple's definition of "Products at Issue" as overly broad, vague, and ambiguous insofar as it includes the undefined categories of "any similar products" and "any products that Apple accuses of infringing its intellectual property in this litigation." Samsung further objects to this interrogatory as vague since Apple has failed to provide a detailed explanation in its Disclosure of Asserted Claims and Infringement Contentions of the bases for its claims that Samsung allegedly infringes the Asserted Claims. Furthermore, Samsung is presently unable to provide its non-infringement positions because Apple has not served its expert reports identifying how Samsung's products allegedly infringe Apple's asserted patents. Samsung further objects to this interrogatory to the extent it prematurely calls for contentions at this stage of litigation. Samsung will provide such contentions in accordance with the Court's Minute Order and Case Management Order, dated August 25, 2011.

Subject to the foregoing general and specific objections, Samsung responds as follows:

For U.S. Patent No. 7,812,828, Samsung's investigation is ongoing and Samsung will provide its non-infringement position in its expert report(s) to be submitted in accordance with the Court's Minute Order and Case Management Order, dated August 25, 2011.

1  For U.S. Patent No. 6,493,002, Samsung's investigation is ongoing and Samsung will
2 provide its non-infringement position in its expert report(s) to be submitted in accordance with the
3 Court's Minute Order and Case Management Order, dated August 25, 2011.
4  For U.S. Patent No. 7,469,381, Samsung's investigation is ongoing and Samsung will
5 provide its non-infringement position in its expert report(s) to be submitted in accordance with the
6 Court's Minute Order and Case Management Order, dated August 25, 2011.  Samsung also
7 incorporates by reference the Declaration of Jeffrey Johnson in Support of Samsung's Opposition
8 to Apple's Motion for a Preliminary Injunction (Dkt. No. 174).
9  For U.S. Patent No. 7,844,915, Samsung's investigation is ongoing and Samsung will
10 provide its non-infringement position in its expert report(s) to be submitted in accordance with the
11 Court's Minute Order and Case Management Order, dated August 25, 2011.
12  For U.S. Patent No. 7,853,891, Samsung's investigation is ongoing and Samsung will
13 provide its non-infringement position in its expert report(s) to be submitted in accordance with the
14 Court's Minute Order and Case Management Order, dated August 25, 2011.
15  For U.S. Patent No. 7,663,607, Samsung's investigation is ongoing and Samsung will
16 provide its non-infringement position in its expert report(s) to be submitted in accordance with the
17 Court's Minute Order and Case Management Order, dated August 25, 2011.
18  For U.S. Patent No. 7,864,163, Samsung's investigation is ongoing and Samsung will
19 provide its non-infringement position in its expert report(s) to be submitted in accordance with the
20 Court's Minute Order and Case Management Order, dated August 25, 2011.
21  For U.S. Patent No. 7,920,129, Samsung's investigation is ongoing and Samsung will
22 provide its non-infringement position in its expert report(s) to be submitted in accordance with the
23 Court's Minute Order and Case Management Order, dated August 25, 2011.
24 **INTERROGATORY NO. 3:**
25  State in detail the basis of Samsung's contention that Apple's claims are barred "on the
26 basis that the marks and alleged trade dress at issue lack distinctiveness, including, without
27 limitation secondary meaning," as alleged in ¶ 281 of the Answer, including an identification of
28

1  any documents on which Samsung intends to rely or which tend to prove or disprove Samsung's
2  contention.
3  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**
4  Samsung objects to this interrogatory as vague and ambiguous. Samsung further objects to
5  this interrogatory to the extent that it seeks to elicit information subject to and protected by the
6  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the
7  common interest doctrine, and/or any other applicable privilege or immunity. Samsung further
8  objects to this interrogatory as premature to the extent it requests information regarding
9  Samsung's contentions before discovery has been completed or substantially completed, and to the
10 extent it requests information that is or will be the subject of expert testimony.
11 Subject to the foregoing general and specific objections, Samsung responds as follows:
12 Samsung directs Apple to Samsung's Answer in this case. *See* Dkt. No. 80. Samsung also
13 refers Apple to smartphone and tablet computer product selections available on the market and in
14 retailer stores. Samsung further incorporates by reference its response to Apple's Interrogatory
15 No. 41.
16 Samsung's investigation is ongoing and Samsung will provide its detailed positions in its
17 expert report(s) to be submitted in accordance with the Court's Minute Order and Case
18 Management Order, dated August 25, 2011.
19 **INTERROGATORY NO. 4:**
20 State in detail the basis of Samsung's contention that Apple's claims are barred "by reason
21 of other parties' use of any trademarks or trade dress at issue," as alleged in ¶ 292 of the Answer,
22 including an identification of any documents on which Samsung intends to rely or which tend to
23 prove or disprove Samsung's contention.
24 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**
25 Samsung objects to this interrogatory as vague and ambiguous. Samsung further objects to
26 this interrogatory to the extent that it seeks to elicit information subject to and protected by the
27 attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the
28 common interest doctrine, and/or any other applicable privilege or immunity. Samsung further

1  objects to this interrogatory as premature to the extent it requests information regarding
2  Samsung's contentions before discovery has been completed or substantially completed, and to the
3  extent it requests information that is or will be the subject of expert testimony.
4    Subject to the foregoing general and specific objections, Samsung responds as follows:
5    Samsung directs Apple to Samsung's Answer in this case.  *See* Dkt. No. 80.  Samsung also
6  refers Apple to smartphone and tablet computer product selections available on the market and in
7  retailer stores.  Samsung further incorporates by reference its response to Apple's Interrogatory
8  No. 41.
9    Samsung's investigation is ongoing and Samsung will provide its detailed position in its
10  expert report(s) to be submitted in accordance with the Court's Minute Order and Case
11  Management Order, dated August 25, 2011.

13  DATED: March 8, 2012         Respectfully submitted,

               QUINN EMANUEL URQUHART &
               SULLIVAN, LLP


               By      */s/ Todd Briggs*
                   Charles K. Verhoeven
                   Kevin P.B. Johnson
                   Victoria F. Maroulis
                   Michael T. Zeller
                   Attorneys for SAMSUNG ELECTRONICS CO.,
                   LTD., SAMSUNG ELECTRONICS AMERICA,
                   INC. and SAMSUNG
                   TELECOMMUNICATIONS AMERICA, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2012, I caused **SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE INC.'S 2ND SET OF INTERROGATORIES** to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

| | |
|---|---|
| AppleMoFo@mofo.com<br>HAROLD J. MCELHINNY<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>JENNIFER LEE TAYLOR<br>jtaylor@mofo.com<br>ALISON M. TUCHER<br>atucher@mofo.com<br>RICHARD S.J. HUNG<br>rhung@mofo.com<br>JASON R. BARTLETT<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | WHAppleSamsungNDCalService@wilmerhale.com<br>WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

I declare under penalty of perjury that the foregoing is true and correct.  Executed in Redwood Shores, California on March 8, 2012.

　　　　　　　　　　　　　　　　　　　　　　　___/s/ Melissa N. Chan_____