Exhibit 37

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION**

## UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

| | |
|---|---|
| In the Matter of<br><br>**CERTAIN ELECTRONIC DIGITAL MEDIA DEVICES AND COMPONENTS THEREOF** | Inv. No. 337-TA-796 |

**ORDER NO. 18:** (1) DENYING SAMSUNG'S MOTION FOR LEAVE TO FILE AN AMENDED NOTICE OF PRIOR ART; AND

(2) GRANTING-IN-PART AND DENYING-IN-PART APPLE'S MOTION TO STRIKE PORTIONS OF SAMSUNG'S EXPERT REPORTS THAT REFERENCE PRIOR ART NOT DISCLOSED IN THE NOTICE OF PRIOR ART

(May 9, 2012)

### Samsung's Motion for Leave to File an Amended Notice of Prior Art

On March 16, 2012, respondents Samsung Electronics Co., Ltd. (SEC), Samsung Electronics America, Inc. (SEA), and Samsung Telecommunications America, LLC (STA) (collectively, "Samsung") submitted a motion seeking leave to amend their Corrected Notice of Prior Art (previously filed on November 11, 2011) to add prior art references allegedly unavailable to Samsung at the time of that filing. (Motion Docket No. 796-016) On March 28, 2012, complainant Apple, Inc. ("Apple") filed an opposition. On April 2, 2012, Samsung filed a motion, which is hereby DENIED, for leave to file a reply in support of its motion to amend its Notice of Prior Art. (Motion Docket No. 796-024)

### Position of the Parties

Samsung seeks to amend its notice of prior art with the following classes of documents:

a. Sanford Archive – These are documents Apple donated to Sanford University. Samsung claims it "recently" learned of these documents and that Apple did not

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION**

disclose these documents. Samsung alleges it could not access these documents until Apple authorized it to do so. Samsung alleges these documents were known only to Apple and Controlled by Apple and thus good cause exists for amending the prior art notice with these documents. Samsung alleges a lack of prejudice to Apple and that Apple knew of the documents.

Apple denies it had any control over the Sanford Documents or that only it had knowledge of them, pointing out the archive is public and that Samsung knew of them by at least January of 2012, but failed to take proactive steps to obtain these documents.

b. <u>Bloomberg Tablet and Bezel-Less Electronic Display</u>- These are documents Samsung alleges it reserved by a placeholder answer in its original Notice of Prior Art. Samsung alleges Apple will not be harmed by adding these references because these references were already disclosed.

Apple asserts Samsung provided no justification for its original failure to supplement its Notice related to the Bloomberg Tablet and Bezel-Less Electronic display, beyond arguing the references are related to previously disclosed items. However, Apple argues the placeholder argument is not prior art, but instead an admission by Samsung that it knew it should look for any prior art related to these references (which were not obscure) and hence its delay or failure to do so is inexcusable.

c. <u>Other Design Patent Prior Art References (47)</u> – Samsung claims it continued to search for and identify additional prior art through discovery and the work of its experts. As such, Samsung argues it should be permitted to file amended notices where such references were identified through additional discovery. Samsung asserts

- 2 -

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION**

its argument is strengthened by the fact that these additional references were either specifically identified or referenced in production ranges disclosed in its responses to Apple's contention interrogatories and that both Apple and the Staff know of its intent to rely upon them during the hearing. Thus, there is no surprise or prejudice in the inclusion of this prior art.

Apple asserts even if Samsung had attempted to make a requisite showing of good cause it would fail, for all the items in this category consist of public information that Samsung could and should have discovered before filing its original Notice – and well before the date of its motion.

d. <u>Nokia Fingerprint Phone Design 2004</u> – Samsung alleges this information should be permitted because it is not a new reference, but instead, additional details on a previously identified reference. Samsung alleges it learned more details through investigation. Moreover, because this amendment of data "merely provides additional details regarding previously specified prior art previously specified," Samsung argues Apple is not prejudiced.

Apple alleges Samsung knew of these references no later than January 6, 2012 or even earlier in December of 2011, but did nothing until now, a delay of two months. Apple also alleges Samsung made no attempt to establish good cause for its delay in seeking to amend its Notice. Apple also argues there is a difference between the Nokia ID and Nokia Fingerprint, with the ID being a 2010 design and not a 2004 design, and hence the earlier reference cited by Samsung is not the same.

e. <u>Samsung Yepp Prior Art</u> – Samsung clams its Amended Notice also identifies one additional prior art device for the '697 patent, the Samsung YP-K5, that Samsung

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION**

identified after extensive searching of its archives and questioning of its engineers. Samsung alleges the YP-K5 is a very similar predecessor of the already included YP-K3. Samsung alleges this amendment should be permitted because it relates to the same subject matter as previously notice material and because Apple is not prejudiced because it knew Samsung would rely upon these references with the same subject matter.

Apple asserts Samsung provided no explanation for its failure to discover the Yepp YP-K5 earlier and notes this is Samsung's own product. Apple also argues Samsung does not explain how Apple's amendment to the infringing device list, which was by agreement of the parties and at the same time as amendments by Samsung to its own interrogatory responses, relates to good cause for Samsung's failure to discover its own product months ago.

f. <u>Academic Paper Produced by Oracle Corp.</u> – Samsung's amended Notice also identified one other prior art reference to the '922 patent, an academic paper concerning Sun Microsystems NeWS system written by W.T. Roberts (the Roberts NeWS paper). Samsung informed Apple of its intent to use this document in its initial invalidity contentions on February 15, 2012. The Roberts NeWS paper was produced by a third party subpoena and finally delivered to Samsung on March 10, 2012.

Apple opposes and asserts Samsung actually had this paper, which was produced to it by Oracle in December of 2011. Hence, Samsung's choice to amend its Notice after a delay of two months is too late and does not constitute good cause.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION

### Analysis

Samsung's arguments are singularly unpersuasive. As Apple accurately reiterates throughout its opposition, Samsung failed to establish good cause for amending its notice of prior art for any of the prior art documents it seeks to add through amendment. Rather, Samsung seeks to argue that since Apple has added infringing devices (creating a moving target), it should be able to add more prior art or that Apple has not been harmed – a point Apple immediately and plausibly denies. I also note that Samsung argues, in some cases, that Apple was aware of the documents in questions. None of these three arguments, however, are sufficient to establish good cause. As stated in Ground Rule 1.10.1, but is equally relevant here, "lack of prejudice does not equate to good cause."

I find Samsung failed to show how its various requests to amend its Notice of Prior Art are supported by good cause. Specifically, Samsung has failed to persuasively show that it could not have discovered the prior art before the deadline. Instead, Samsung discusses some of the applicable law in the front end of its motion, generally alleges a lack of prejudice under each category of documents, and moves on without establishing a *prima facie* showing of good cause. Moreover, in many instances where Samsung alleges that it did not learn of the prior art until after the deadline (*e.g.*, the Sanford, Nokia Fingerprint Phone Design, and the Robert NeWS prior art references) Samsung also fails to show that it diligently acted upon that knowledge in filing its present motion to amend its notice of prior art. Such unreasonable delay also precludes a finding of good cause.

### Order

Samsung's Motion is DENIED.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION

### Apple's Motion to Strike Portions of Samsung's Expert Reports

On April 13, 2012, Apple filed a motion to strike portions of Samsung's expert reports that reference prior art not disclosed in the notice of prior art. (Motion Docket No. 796-028) On April 25, 2012, Samsung filed an opposition.

I have herein denied Samsung's motion to amend its Notice of Prior Art. Therefore, Samsung is precluded from relying on those references it sought to add via its motion to establish invalidity of the asserted claims of the asserted patents in this investigation. Thus, with regard to invalidity, references to those prior art references and arguments based on those references are hereby stricken from Samsung's expert reports. Samsung is free, however, to rely on those prior art references for purposes other than invalidity (*i.e.*, non-infringement) and need not strike in their expert reports references thereto that pertain to issues other than validity.

To the extent that Apple also sought to strike prior art references beyond that which was at issue in Samsung's motion to amend its Notice of Prior Art, Apple's papers are not clear on that point. Thus, I am hereby GRANTING Apple's motion to strike as indicated above, but DENYING any additional relief sought by Apple. If Apple did in fact seek to have additional prior art references struck from Samsung's expert reports, Apple may raise those issues as a motions *in limine*.

### Order

Apple's motion to strike is hereby GRANTED-IN-PART and DENIED-IN-PART as indicated above.

Within seven days of the date of this document, each party shall submit to the Office of the Administrative Law Judges a statement as to whether or not it seeks to have any portion of

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION**

this document deleted from the public version. The parties' submission may be made by facsimile and/or hard copy by the aforementioned date.

Any party seeking to have any portion of this document deleted from the public version thereof must submit to this office a copy of this document with red brackets indicating any portion asserted to contain confidential business information. The parties' submissions concerning the public version of this document need not be filed with the Commission Secretary.

**SO ORDERED.**

*[signature]*

Thomas B. Pender
Administrative Law Judge

IN THE MATTER OF CERTAIN ELECTRONIC DIGITAL MEDIA    337-TA-796
DEVICES AND COMPONENTS THEREOF

## CERTIFICATE OF SERVICE

I, Lisa R. Barton, hereby certify that the attached **CONFIDENTIAL ORDER NO. 18** has been served upon, **Reginald D. Lucas, Esq.**, Commission Investigative Attorney, and the following parties via first class mail and air mail where necessary on _____, 2012.

                                  Lisa R. Barton, Acting Secretary
                                  U.S. International Trade Commission
                                  500 E Street, S.W., Room 112A
                                  Washington, DC   20436

**FOR COMPLAINANT APPLE INC.:**

Alexander J. Hadjis, Esq.                            ( )Via Hand Delivery
**MORRISON & FOERSTER LLP**                  ( )Via Overnight Mail
2000 Pennsylvania Avenue, NW, Suite 6000     ( )Via First Class Mail
Washington, DC 20006                               ( )Other:_____

**FOR RESPONDENTS' SAMSUNG ELECTRONICS, CO., LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC:**

S. Alex Lasher, Esq.                                 ( )Via Hand Delivery
**QUINN EMANUEL URQUHART &**             ( )Via Overnight Mail
**SULLIVAN, LLP**                                   ( )Via First Class Mail
1299 Pennsylvania Avenue N.W.                ( )Other:_____
Washington, DC  20004