# Exhibit 5

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   11-cv-01846-LHK<br><br>**EXPERT REPORT OF PETER W. BRESSLER, FIDSA** |

**\*\*CONFIDENTIAL – CONTAINS MATERIAL DESIGNATED AS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO A PROTECTIVE ORDER\*\***

1  *L.A. Gear v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993).  I understand that "[a]
2  design is not dictated solely by its function when alternative designs for the article of manufacture
3  are available."  *See Best Lock Corp. v. Ilco Unican Corp.*, 94 F.3d 1563, 1566 (Fed. Cir. 1996)
4  (citation omitted).  "When there are several ways to achieve the function of an article of
5  manufacture, the design of the article is more likely to serve a primarily ornamental purpose."
6  *L.A. Gear*, 988 F.2d at 1123.  And "if other designs could produce the same or similar functional
7  capabilities, the design of the article in question is likely ornamental, not functional."  *Rosco, Inc.
8  v. Mirror Lite Co.*, 304 F.3d 1373, 1378 (Fed. Cir. 2002).

9        29.    I also understand that that the use of labeling or logos cannot be used to escape
10  design patent infringement.  *L.A. Gear*, 988 F.2d at 1126.

11  **V.    MY UNDERSTANDING OF THE ORDINARY OBSERVER**

12        30.    I have been informed by counsel that the "ordinary observer" is a person
13  possessing "ordinary acuteness, bringing to the examination of the article upon which the design
14  has been placed that degree of observation which men of ordinary intelligence give."  *Gorham
15  Co. v. White*, 81 U.S. 511, 528 (1871).  Accordingly, it is my opinion that the ordinary observer
16  for the designs in question is a member of the general consuming public that buys and uses
17  smartphones or tablets.  In the context of smartphones and tablets, the ordinary observer may be
18  observing and purchasing the devices in a retail environment, such as a carrier store or electronics
19  store, or in an online environment, such as a carrier website or an electronics store website.  In
20  order to add to my understanding of how the ordinary observer would see and evaluate
21  smartphones and tablets, I have visited carrier stores and on-line retailers for purposes of this
22  Report.

23  **VI.    MY UNDERSTANDING OF THE LAW ON TRADE DRESS FUNCTIONALITY**

24        31.    I have not been asked to offer an opinion on the law; however, as an expert
25  opining on trade dress functionality, I understand that I am obliged to follow existing law.  I have
26  been informed by counsel that product design trade dress is entitled to protection only if it is
27  nonfunctional.  A trade dress is functional "if it is essential to the product's use or if it [favorably]
28

## XXI. SUPPLEMENTATION

370. I reserve the right to supplement or amend this report if additional facts and information that affect my opinion become available. In particular, I understand that Samsung may serve an expert report concerning one or more of the issues addressed by this report. I may therefore supplement or amend my report or opinions in response to additional discovery or other events and may rebut the expert report submitted by Samsung.

## XXII. EXHIBITS TO BE USED

371. I anticipate using as Exhibits during trial certain documents and things referenced or cited in this report or accompanying this report. I also anticipate using other demonstrative Exhibits or things at trial.

Dated: March 22, 2012

PETER BRESSLER