Exhibit 6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   11-cv-01846-LHK<br><br>**REBUTTAL EXPERT REPORT OF PETER W. BRESSLER, FIDSA** |

**\*\*CONFIDENTIAL – CONTAINS MATERIAL DESIGNATED AS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO A PROTECTIVE ORDER\*\***

1 reference.  As a result, an ordinary observer would not be able to ascertain a single design from
2 the JP'383 figures that is substantially the same as the D'087 design.

### D. The D'270 Patent Is Not Anticipated

89. Mr. Sherman does not allege that the D'270 patent is anticipated.[7]  Rather, he states that "the prior art analysis performed for the D'087 and D'677 [patents] is also applicable to [the D'270] design." (Sherman Report at 77.)  As that statement by itself does not provide any analysis or opinions as to prior art against the D'270 patent, I am unable to understand what assertions are contained in Mr. Sherman's statement, nor rebut those assertions.  Should Mr. Sherman come forward with specific opinions regarding prior art that he failed to specifically analyze specifically against the D'270 patent in his report, I reserve the right to rebut those opinions.  For the avoidance of doubt, it is my opinion that none of the prior art references cited in Mr. Sherman's report anticipates the D'270 patent.

90. Mr. Sherman also alleges that this incorporation by reference "includes, specifically, a conclusion that the D'270 front face design is anticipated by JP383 as discussed above." (Sherman Report at 77.)  To the best of my understanding, Mr. Sherman is not alleging that the JP'383 design anticipates the D'270 patent, but rather that the JP'383 design discloses the "front face design" of the D'270 patent.  As this appears to be a part of Mr. Sherman's obviousness analysis, I will treat this issue later in this report.

### E. The Asserted Patents Are Not Obvious

#### 6. Mr. Sherman Is Not a Designer of Ordinary Skill in the Art

91. In my opinion, the designer of ordinary skill in the art is a person who holds a Bachelor of Science or its equivalent in industrial or product design, and has at least two years of work experience as an industrial designer, including experience in the design of electronic devices.

---

[7] If Mr. Sherman were to so allege, it would be my opinion—as detailed earlier—that he is not qualified to speak to the perceptions of the ordinary observer.

REBUTTAL EXPERT REPORT OF PETER W. BRESSLER, FIDSA
Case No. 11 cv-01846-LHK                                                                                           36

92. Mr. Sherman's education is in electrical engineering. Moreover, Mr. Sherman's involvement with the design of cellular phones has been limited to the management of engineering design of internal circuits and components and suggestions relating to functional concepts, such as the use of rails for slotting the MODU phones into "jackets." (I. Sherman Dep. at 102:19-107:13; 112:9116:21 (Sept. 15, 2011).) Aside from this input, Mr. Sherman testified that he entrusted the industrial design of MODU's cellular phones to in-house industrial designers at MODU or outside design consultancies. (*Id*. at 102:19-105:19.)

93. In my opinion, Mr. Sherman has virtually no experience with the practice of industrial design of portable electronic devices—i.e., the design of the devices' exterior appearance—and is not a designer of ordinary skill in the art. Given his lack of direct industrial design experience, Mr. Sherman is not qualified to opine on the aesthetic modifications an ordinary designer would have found to be obvious, or whether an ordinary designer would have been motivated to combine aesthetic features from different references. Because Mr. Sherman is not a designer of ordinary skill in the art in the field of consumer electronic devices, it is my opinion that he is not qualified to render opinions that would require him to have such skill.

94. I understand Mr. Sherman's opinion to be that the designer of ordinary skill in the art relevant to Apple's asserted design patents is merely someone who has had experience designing electronic devices, including those with displays. I disagree with Mr. Sherman's opinion as to the definition and experience of the designer of ordinary skill in the art.

95. First, the design patents at issue here relate to the ornamental exterior appearance of portable electronic devices. Accordingly, experience designing the interior components of portable electronic devices does not constitute experience designing the shapes and visual features that create an overall impression of the exterior of an electronic device and thus, does not qualify someone to be an ordinary designer for purposes of the asserted design patents. Mr. Sherman's definition of a designer of ordinary skill in the art, however, would include individuals who have had experience designing only the interior electronic components of devices with screens.

## V.  SUPPLEMENTATION

426.   I reserve the right to supplement this report with new information and/or documents that may be discovered or produced in this case, or to address any new arguments offered by Samsung.

Dated:  April 16, 2012

_____
Peter W. Bressler