HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK <br><br> **[PROPOSED] ORDER GRANTING APPLE'S MOTION TO EXCLUDE TESTIMONY OF SAMSUNG'S EXPERTS** <br><br> Date:   June 21, 2012 <br> Time:   1:30 p.m. <br> Place:  Courtroom 8, 4th Floor <br> Judge:  Hon. Lucy H. Koh |

Apple has moved *in limine*, pursuant to Federal Rules of Evidence 401, 402, 403, 702, and *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993), to exclude certain testimony of Samsung's proffered experts Itay Sherman ("Sherman"), Sam Lucente ("Lucente"), Mark Lehto ("Lehto"), Nicholas Godici ("Godici"), George Mantis ("Mantis"), Michael Mazis ("Mazis"), Michael Kamins ("Kamins") , and Michael Wagner ("Wagner").  The Court finds that the testimony of Samsung's proffered experts fails to meet the standard for admissibility of expert testimony, and therefore **GRANTS** Apple's motion in its entirety.

1. Itay Sherman's opinions regarding design patent infringement and validity are excluded under Federal Rules of Evidence 401, 402, 403 and 702 as irrelevant, unhelpful to the jury, contrary to law, and unreliable.

2. Itay Sherman's opinions regarding trade dress functionality are excluded under Federal Rules of Evidence 401, 402, 403 and 702 as irrelevant, unhelpful to the jury, contrary to law, and unreliable.

3. Because these topics constitute substantially all of Mr. Sherman's testimony, Samsung shall not call him to testify.

4. Sam Lucente's opinions regarding design patent infringement, functionality, and obviousness are excluded under Federal Rules of Evidence 401, 402, 403 and 702 as irrelevant, unhelpful to the jury, contrary to law, and unreliable.

5. Sam Lucente's opinions regarding trade dress distinctiveness, confusion as to source, and functionality are excluded under Federal Rules of Evidence 401, 402, 403 and 702 as irrelevant, unhelpful to the jury, contrary to law, and unreliable.

6. Mark Lehto's opinions regarding functionality of the asserted design patents and trade dress are excluded under Federal Rules of Evidence 401, 402, 403 and 702 as irrelevant, unhelpful to the jury, contrary to law, and unreliable.  Because these topics constitute substantially all of his testimony, Samsung shall not call him to testify.

7. Nicholas Godici's opinions regarding design patent scope, design patent non-infringement, design patent indefiniteness, the use of broken lines in design patents, and PTO design patent examination are excluded under Federal Rules of Evidence 401, 402, 403 and 702

as irrelevant, unhelpful to the jury, contrary to law, and unreliable.  Because these topics constitute substantially all of his testimony, Samsung shall not call him to testify.

8. George Mantis's survey and associated testimony are excluded under Federal Rules of Evidence 401, 402, 403 and 702 as irrelevant, unhelpful to the jury, contrary to law, and unreliable.  Because these topics constitute substantially all of his testimony, Samsung shall not call him to testify.

9. Michael Mazis's survey and associated testimony are excluded under Federal Rules of Evidence 401, 402, 403 and 702 as irrelevant, unhelpful to the jury, contrary to law, and unreliable.  Because these topics constitute substantially all of his testimony, Samsung shall not call him to testify.

10. Michael Kamins's survey and associated testimony are excluded under Federal Rules of Evidence 401, 402, 403 and 702 as irrelevant, unhelpful to the jury, contrary to law, and unreliable.

11. Michael Wagner's opinion that profits awarded pursuant to 35 U.S.C. § 289 may be allocated is excluded under Federal Rules of Evidence 401, 402, 403 and 702 as contrary to law.

12. Michael Wagner's opinion that lost profits are not appropriate because Apple must show demand specific to the patented feature under the Panduit test is excluded under Federal Rules of Evidence 401, 402, 403 and 702 as contrary to law.

13. Michael Wagner's opinion apportioning at most one percent of Samsung's profits to "Apple's design-related IP" is, with associated analysis, excluded pursuant to Federal Rule of Evidence 702 because it is unreliable.

**IT IS SO ORDERED.**

Dated: _____

Honorable Lucy H. Koh
United States District Judge

[PROPOSED] ORDER ORDER DENYING GRANTING MOTION TO EXCLUDE TESTIMONY
CASE NO. 11-CV-01846-LHK
sf-3146748

2