# EXHIBIT 5

### UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

| | |
|---|---|
| **In the Matter of**<br><br>**CERTAIN MOBILE DEVICES, AND RELATED SOFTWARE THEREOF** | Inv. No. 337-TA-750 |

### NOTICE OF COMMISSION DECISION TO REVIEW IN PART AND ON REVIEW TO AFFIRM A FINAL DETERMINATION FINDING NO VIOLATION OF SECTION 337; TERMINATION OF INVESTIGATION

**AGENCY**: U.S. International Trade Commission.

**ACTION**: Notice.

**SUMMARY**: Notice is hereby given that the U.S. International Trade Commission has determined to review in part the presiding administrative law judge's ("ALJ") final initial determination ("ID") issued on January 13, 2012, finding no violation of section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337 in the above-captioned investigation, and on review, to affirm the ID's finding of no violation. The investigation is hereby terminated.

**FOR FURTHER INFORMATION CONTACT**: Megan M. Valentine, Office of the General Counsel, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone (202) 708-2301. Copies of non-confidential documents filed in connection with this investigation are or will be available for inspection during official business hours (8:45 a.m. to 5:15 p.m.) in the Office of the Secretary, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone (202) 205-2000. General information concerning the Commission may also be obtained by accessing its Internet server at *http://www.usitc.gov*. The public record for this investigation may be viewed on the Commission's electronic docket (EDIS) at *http://edis.usitc.gov*. Hearing-impaired persons are advised that information on this matter can be obtained by contacting the Commission's TDD terminal on (202) 205-1810.

**SUPPLEMENTARY INFORMATION**: The Commission instituted this investigation on November 30, 2010, based on a complaint filed by Apple Inc., f/k/a Apple Computer, Inc., of Cupertino, California. 75 *Fed. Reg.* 74081-82. The complaint alleges violations of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, in the importation into the United States, the sale for importation, and the sale within the United States after importation of certain mobile devices and related software by reason of infringement of certain claims of U.S. Patent Nos. 7,812,828 ("the '828 Patent"); 7,663,607 ("the '607 Patent"); and 5,379,430 ("the '430 Patent"). The Commission's notice of investigation named Motorola, Inc. n/k/a Motorola Solutions of Schaumburg, Illinois ("Motorola Solutions") and Motorola Mobility, Inc. ("Motorola") of

Libertyville, Illinois as respondents. The Office of Unfair Import Investigation was named as a participating party. The Commission subsequently terminated Motorola Solutions as a respondent based on withdrawal of allegations pursuant to Commission Rule 210.21(a)(1) (19 C.F.R. § 210.21(a)(1)). Notice (Aug. 31, 2011).

On January 13, 2012, the ALJ issued his final ID, finding no violation of Section 337. Specifically, the ALJ determined that accused products do not infringe the asserted claims of the '828 Patent either literally or under the doctrine of equivalents ("DOE"). The ALJ also found that the asserted claims of the '828 Patent are not invalid. The ALJ further found that the accused products literally infringe the asserted claims of the '430 and '607 patents, but do not infringe under DOE. The ALJ also found that the asserted claims of the '430 Patent are invalid under 35 U.S.C. § 102 for anticipation, and that the asserted claims of the '607 Patent are invalid under 35 U.S.C. § 102 for anticipation and under 35 U.S.C. § 103 for obviousness. The ALJ further found that Apple has standing to assert the '430 Patent, and that Motorola is not licensed to practice the '430 Patent. The ID also includes the ALJ's recommended determination on remedy and bonding in the event that the Commission reversed his finding of no violation of Section 337.

On January 30, 2012, Apple filed a petition for review of certain aspects of the ID's findings concerning claim construction infringement, and validity. Also on January 30, 2012, Motorola filed a contingent petition for review of certain aspects of the ID's findings concerning claim construction infringement, validity, domestic industry, standing, and licensing. On February 7, 2012, Motorola filed a response to Apple's petition for review. Also on February 7, 2012, Apple filed a response to Motorola's contingent petition for review. Further on February 7, 2012, the Commission investigative attorney filed a joint response to both Apple's and Motorola's petitions.

On February 22, 2012, non-party Google Inc. filed a public interest statement in response to the post-RD Commission Notice issued on January 25, 2012. *See* Corrected Notice of Request for Statements on the Public Interest (Jan. 25, 2012). On February 23, Apple filed a post-RD statement on the public interest pursuant to section 201.50(a)(4) of the Commission's Rules of Practice and Procedure (19 C.F.R. § 201.50(a)(4)), along with a motion for leave to file the statement out of time.

Having examined the record of this investigation, including the ALJ's final ID, the petitions for review, and the responses thereto, the Commission has determined to review the final ID in part.

Specifically, the Commission determines to review the ID for the limited purpose of clarifying that the ALJ also found claims 24-26, and 29 of the '828 Patent not infringed, and on review, to affirm this finding. We note that the ID does not explicitly address the issue of infringement of claims 24-26 and 29 of the '828 Patent, but finds no violation of Section 337 by reason of infringement of claims 1, 2, 10, 11, 24-26, and 29 of the '828 Patent. *See* ID at 205. We find, however, that the ALJ's analysis of the claim limitations "mathematically fitting an ellipse" and "mathematically fit an ellipse" with respect to claims 1 and 10, respectively, of the '828 Patent reflects the arguments and evidence adduced by Apple with respect to infringement of

2

claims 24-26 and 29. Apple presented no argument or evidence concerning infringement of the limitation "means for fitting an ellipse to at least one of the pixel groups" in claim 24 and, by dependency, claims 25-26 and 29 of the '828 Patent separate from its infringement arguments concerning claims 1 and 10. Accordingly, Apple has failed to meet its burden to demonstrate infringement of claims 25-26 and 29 of the '828 Patent.

The Commission also determines to review the ID's finding that the asserted claims of the '607 Patent are obvious under 35 U.S.C. § 103 in view of the reference "SmartSkin: An Infrastructure for Freehand Manipulation on Interactive Surfaces" by Jun Rekimoto either alone or in combination with Japan Unexamined Patent Application Publication No. 2002-342033A to Jun Rekimoto, and on review, modify the ID but affirm the finding that Motorola has demonstrated by clear and convincing evidence that the asserted claims of the '607 Patent are invalid under 35 U.S.C. § 103. The Commission's reasoning will be set forth in an opinion to be issued shortly.

The Commission also determines to review the ID's finding that the accused products infringe claims 1, 3 and 5 of the '430 Patent, and on review, affirm the ID's finding of direct infringement, but find that the analysis of infringement is incomplete in the ID because the ID's analysis does not address the Commission's decision in *Certain Electronic Devices with Image Processing Systems, Components Thereof, And Associated Software*, 337-TA-724, Comm. Op. at 10-20 (Dec. 21, 2011).

The Commission has determined not to review the remaining issues decided in the ID. Apple's motion for leave to file its public interest comments out of time is denied as moot.

The authority for the Commission's determination is contained in section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337), and in sections 210.42-46 and 210.50 of the Commission's Rules of Practice and Procedure (19 C.F.R. § 210.42-46 and 210.50).

By order of the Commission.

James R. Holbein
Secretary to the Commission

Issued: March 16, 2012