

责任编辑：高靖宇

第一页 1 2 3 4 5 6 7 8 9 最后页



**Kodak 柯达 V570** — RETINA双镜头技术 23毫米超广角 5倍光学变焦 — 加【399元】即送 柯达3系相片打印机 ￥2599元



■ 相关文章

- 我是双芯的！DEC C150 512MB仅399元（2006-06-29）
- 天籁之音 OPPO X17K 256M仅售499元（2006-06-29）
- 明基够促忙！买DA102送精美挂链一条（2006-06-29）
- 学生机杀手 三星C1 256M容量小降60元（2006-06-29）
- 炎夏送清凉 理光巧克力冰淇淋版上市（2006-06-29）
- 宏基高端商务机 TM8204 惊爆降价中（2006-06-29）
- 神力疾速X700独显 承运W280A降1000（2006-06-29）
- S3000高配版也便宜 NEC白色本11988（2006-06-29）
- IBM T60售价35000元 送429元电子鱼（2006-06-29）
- 宏基高端系列Aspire 5672跌破12000（2006-06-29）

用户名：
密码：
内容：

☑匿名 品 申请新用户

[发表] [清除]

查看最新评论

网站合作、内容监督、商务咨询电话：010-82660133
海龙资讯网所有文章和图片版权所有，禁止一切非授权的转载和抄袭行为
网站经营许可证编号：*京ICP证050702号

APLPROS0000010629

Case 5:11-cv-01846-LHK Document 944-3 Filed 05/18/12 Page 2 of 72 Page 1 of 3



# 黑白猜 LG新颖DMB MP3 FM35精美图赏

时间: 2006-06-29 作者: 来源: 海龙资讯

第6页: 万用天线 -

-- 最新文章 New --
- 神舟疾速X700独显 承运 W280A降1000
- IBM T60售价35000元 送 429元电子鱼
- 大降500元 三星R50- CV04仅9688元!
- 炎夏送清凉 理光巧克力 冰淇淋版上市
- S3000高配版也便宜 NEC 白色本11988
- 学生机杀手 三星C1 256M容量小降60元

-- 本周热卖文章TOP10 --
➭ 和512M容量MP3说再见! LG彩屏MP3导购
➭ 炎热挡不住 夏日狂降暑 记本分享篇
➭ iPod video疯狂降价! 30G容量仅售2580
➭ MP4变PSP! JXD583 游戏 MP4仅售750元
➭ 告别然夜看世界杯! 彩 屏MP3、MP4导购
➭ 不用锻炼臂力 家用长焦 防抖相机选购

-- 论坛独贴 --
- 教你如何刻录极品CD音 乐碟
- DIY牛人自制MM机箱 男 士至爱
- K8 超频完整教学
- 笔记本维修也分三六九 等
- DELL30英寸LCD 3007WFP
- 939 Opteron明年继续出 货







海龙BS
海龙论坛欢迎您!

APLPROS0000010630





责任编缉: 高靖宇

第一页 1 2 3 4 5 6 7 8 9 最后页



Kodak 柯达 V570

RETINA双镜头技术 23毫米超广角 5倍光学变焦 加 399元 即送 柯达3系相片打印机 ¥2599元

相关文章:
· 我是双芯的! DEC C150 512MB仅399元 (2006-06-29)
· 天籁之音 OPPO X17K 256M仅售499元 (2006-06-29)
· 明基忍促忙! 买DA102送精美挂链一条 (2006-06-29)
· 学生机杀手 三星C1 256M容量小降60元 (2006-06-29)
· 炎夏送清凉 理光巧克力冰淇淋版上市 (2006-06-29)
· 宏基高端商务机 TM8204 惊爆降价中 (2006-06-29)
· 神舟疾速X700独显 承运W280A降1000 (2006-06-29)
· S3000高配版也便宜 NEC白色本11988 (2006-06-29)

游客讯:
用户名: ☑匿名 ♨ 申请新用户
密码:
内容:

发表    清除

APLPROS0000010631

- IBM T60售价35000元  送429元电子鱼（2006-06-29）
- 宏基高端系列Aspire 5672跌破12000（2006-06-29）

查看最新评论

网站合作、内容监督、商务咨询电话：010-82660133
海龙资讯网所有文章和图片版权所有，禁止一切非授权的转载和抄袭行为
网站经营许可证编号：★京ICP证050702号



APLPROS0000010632

NPL116



APLPROS0000010633

# 新潮电子

## 领导 数 码 时 尚 新 生 活

## eFashion Magazine

国际刊号·ISSN 1007-077X  国内刊号·CN50-1077/TN

主管·科学技术部 **Authorities in charge·**Ministry of Science and Technology of the People's Republic of China
主办·科学技术部西南信息中心 **Sponsor·**South West Information Center of MOST
合作·电脑报社 **Cooperator·**China PC Weekly
编辑出版·《新潮电子》杂志社 **Publication·**eFashion Magazines

| | |
|---|---|
| Editor-in-Chief 总编 | 曾晓东 Zeng Xiaodong |
| Standing Deputy Editor-in-Chief 常务副总编 | 陈宗周 Chen Zongzhou |
| Executive Deputy Editor-in-Chief 执行副总编 | 谢东／谢宁倡 Xie Dong／Xie Ningchang |
| Operation Deputy Editor-in-Chief 业务副总编 | 车东林 David Che |
| Marketing Deputy Editor-in-Chief 营销副总编 | 张仪平 Zhang Yiping |

编辑部 Editorial Department
Director [主任]  范再生 Jason Fan
Vice-Director [副主任]  陈旭 Phoebus Chen
Editor&Reporter [编辑·记者]  蒲鹏／徐林／游宇 Paco Pu／Lynn Xu／Eric You
赵宏伟／刘强／望坤 Rocky Zhao／Thomas Liu／Kevin Wang
董廷斌／叶馨／孔华 Joy Dong／Cloris Ye／When K
Tel [电话]  +86-23-63501706
Fax [传真]  +86-23-63513494
Homepage [网址]  http://www.efashion.cn
E-mail [电子邮箱]  efashion@cniti.com

设计制作部 Designing Department
Director [主任]  郑亚佳 Coco Zheng
Art Editor [美术编辑]  程若谷／邱江／黄莘 Raymond／Bloods／Huang Xin

广告部 Advertising Department
Director [主任]  祝康 Kent Zhu
E-mail [电子邮箱]  adv@cniti.com
Tel [电话]  +86-23-63509118

发行部 Distribution Department
Director [主任]  杨甦 Yang Su
E-mail [电子邮箱]  pub@cniti.com
Tel [电话]  +86-23-63501710／63536932

市场部 Market Department
Director [主任]  白昆鹏 Kisan Bai
E-mail [电子邮箱]  market@cniti.com
Tel [电话]  +86-23-63521906

读者服务部 Reader Service Department
Homepage [网址]  http://reader.cniti.com
E-mail [电子邮箱]  reader@cniti.com
Tel [电话]  +86-23-63521711

Beijing Office 北京联络站
Tel [电话]  +86-10-82563520／82563521
Fax [传真]  +86-10-82563521-20
E-mail [电子邮箱]  bjoffice@cniti.com

Shenzhen Office 深圳联络站
张晓鹏 Zhang Xiaopeng
Tel [电话]  +86-755-83864778
Fax [传真]  +86-755-83864766
E-mail [电子邮箱]  szoffice@cniti.com

Shanghai Office 上海联络站
李岩 Li Yan
Tel [电话]  +86-21-54900725
Fax [传真]  +86-21-54900726
E-mail [电子邮箱]  shoffice@cniti.com

Guangzhou Office 广州联络站
张宪伟 Zhang Xianwei
Tel [电话]  +86-20-38299753
Fax [传真]  +86-20-38299234
E-mail [电子邮箱]  gzoffice@cniti.com

社址 中国重庆市胜利路132号
邮政编码 400013
邮局行刊代号 78-55
发行 重庆市邮政局发行局
订阅 全国各地邮局
零售 全国各地报刊亭店
邮购 远览资讯读者服务部
零售价 13 元
印刷 重庆电务印务有限公司
出版日期 2004年12月1日
广告经营许可证 渝工商广字02059号
本刊常年法律顾问 中豪律师事务所

本刊作者及版本刊发表声明：
本刊图文版权所有。未经允许不得任意转载或摘编。本刊备远览资讯旗下所属媒体及本刊授权合作网站为作者作品的指定使用单位。本刊稿酬制作权有关规定之，曾作者一次性支付稿酬。若自稿件刊发之日起两年内有未收到稿酬，请与本刊联系。本刊作者发表的文章如代表作者个人观点，与本刊立场无关。作者投稿给本刊同意协会同意以上约定，著者异议，请事先与本刊签定书面协议。
承前：
发现装订错误或残缺页，请将杂志寄回远览资讯读者服务部调换。



领导数码时尚新生活

# 新潮电子
## eFashion Magazine

2004·12



62

**16** BESTBUY

**18** e热讯 Hot News

## 视点 Viewpoint

**20** "掌中影院"时代还有多远?

**22** 昙花一现 Or 前途无量?
由三星 V5400 硬盘手机看开去

**26** 通信行业大变脸
解读 2004 国际通信展

**29** 视听盛宴
索尼影音新品立体出击

## 尖峰体验 Experience

**48** 以退为进 轻装上阵
柯尼卡美能达
DiMAGE A200 数码相机

**52** 领航者
索尼爱立信 P910c 手机

**56** 终结者和开拓者
品味两款最新 Pocket PC Phone

**62** ALL IN WONDER!
索尼 VAIO VGN–U8C 迷你笔记本

**66** 手机非常 体验非常
西门子 M65 手机

**70** 专注与"花心"
摩托罗拉 MPx220 智能手机

**86** 没落贵族
palmOne TUNGSTEN T5掌上电脑

**90** 情人
奥林巴斯 μ–mini DIGITAL
VS 佳能 Digital IXUS i⁵

**94** 锋芒乍现
LG C910 手机



**P40**
冬日"表情"
卡西欧系列腕表



2004
年终回顾之
戏说三十六计 见P116 专辑

在即将告别 2004 之际,我们并不希望以刻板而俗套的年终盘点来结束
这个"纷扰"的一年,数码《三十六计》……
去找到即将具有全新的现代诠释

APLPROS0000010635

尖峰体验



幕背光均匀，色彩过渡自然，没有生硬的色块。而文字的显示则显得特别精细，字体笔画圆润，让人丝毫感觉不到屏幕缩小对阅读带来的负面影响。

CPU方面，多普达818采用了英特尔XScale PXA270 416MHz CPU，具备了较强的运算能力，也为多媒体应用打下了坚实的基础。同样，运行SPB Benchmark测试得到了1618分的总成绩，在同级别的Pocket PC中处于上游。看来，即便只是单纯作为PPC，818在目前的PPC市场上仍然可占有一席之地。

在关闭电话功能（即开启飞行模式），开启最大声音和最大背光，连续全屏播放有声视频的电池消耗测试中，使用多普达原配的3.7V 1200mAh电池得到了224分钟的成绩，在416MHz的频率下，能够有如此的表现，足以让用户对其续航能力放心。

藏身于自拍镜下的扬声器整体表现不能

简单的软件配备并不影响818的性能发挥，信泰经典也许才是优雅女人和个性男士真正需要的，而818也正是个中高手。

多普达818在软件配置上并没有大手笔，软件以操作系统自带的为主。但随机附带的"SIM卡管理器"和"Windows Media Player 10"等软件绝对算得上经典。此外，818在网络连接设置上还专门进行了强化，允许用户在设置菜单中对多种上网方式进行详细的设置。如允许用户对GRPS级数进行设置，可以分别选择Class 8（4+1）或Class 10（3+2），还用户更多的自由空间。

此外，130万像素的摄像头并没有配备太多花哨的拍摄功能，而是仅仅提供了选择照片尺寸（最大1280×960）、拍摄模式（动态是动动态）、存盘格式（JPEG或BMP）等项目，让用户可以在简单设置后享受拍摄的乐趣。拍摄状态可以直接和相册互相切换，即时浏览拍摄得到的照片，颇具人性化。



左　可选择GRPS级数的选项中有实际的意义

中　拍摄设置选项简单明了

右　"连接"设置页面下，提供了极为丰富的设置项目，用户对于无线连接有了更多的自主权

## 总结

在多普达818这位开拓者面前，出现的是一条光明大道，毕竟打开了顶级人类半边天的女性市场，就意味着PPC Phone在理论上多出了一倍的市场空间。无论如何，多普达818并非仅仅适用于女性用户，它也容易得到大多数男性用户的青睐，毕竟用"砖块"长时间通话只能是权宜之计。

APLPROS0000010636

NPLI7

领导数码时尚新生活



素混合器
酉欧 数码相机

贝克汉姆的情话

2006年世界杯之高清备战

将会失去一切

家用电器每月消费情南

数字家居生活

ISSN 1007-077X

3 1234 81719

11>

**DIY，移动娱乐之旅** 打造属于自己的车载电脑 · **该怎么选择你，我的"随身翻译"** PDA 词典软件大盘点

**安然来看的先示** 感受避暑胜地的召唤 · **挡不住的趋势** Symbian 手机病毒介绍及防治 · **摄巷** 感悟城市旧巷的文化魅力

www.cniti.com ISSN 1007-077X(国际标准刊号) CN50-1077/TN(国内统一刊号) 邮发代号 78-55

APLPROS0000010637

# 新潮电子

## 领 导 数 码 时 尚 新 生 活

# eFashion Magazine

国际刊号·ISSN 1007-077X   国内刊号·CN50-1077/TN

主管·科学技术部 **Authorities in charge**·Ministry of Science and Technology of the People's Republic of China
主办·科学技术部西南信息中心 **Sponsor**·South West Information Center of MOST
合作·电脑报社 **Cooperator**·China PC Weekly
编辑出版·《新潮电子》杂志社 **Publication**·eFashion Magazines

| | |
|---|---|
| Editor-in-Chief 总编 | 曾晓东 Zeng Xiaodong |
| Standing Deputy Editor-in-Chief 常务副总编 | 陈宗周 Chen Zongzhou |
| Executive Deputy Editor-in-Chief 执行副总编 | 谢东/谢宁倡 Xie Dong/Xie Ningchang |
| Operation Deputy Editor-in-Chief 业务副总编 | 车东林 David Che |
| Marketing Deputy Editor-in-Chief 营销副总编 | 张仪平 Zhang Yiping |

**编辑部 Editorial Department**

| | |
|---|---|
| Director [主任] | 范再生 /Jason Fan |
| Vice-Director [副主任] | 黄楼/陈旭 Light Xu/Phoebus Chen |
| Editor&Reporter [编辑·记者] | 蒲鹏/徐林 Paco Pu/Lynn Xu |
| | 董延斌/张海海 Joy Dong/Tide Chang |
| | 叶霄/吴可佳 Cloris Ye/Woody Wu |
| | 张鑫/张翼/张燕 Jakin Zhang/Yale zhang/Nancy Zhang |
| | 杨超/吴佳 Choy Yang/Wu Jia |

| | |
|---|---|
| Photograph Editor [摄影编辑] | 游宇/Eric You |
| Art Editor [美术编辑] | 程若谷/邱江/黄来/陈静 Raymond/Bloods/Grant/Chen Jing |

| | |
|---|---|
| Tel [电话] | +86-23-63501706 |
| Fax [传真] | +86-23-63513494 |
| E-mail [电子邮箱] | efashion@cniti.com |

**广告部 Advertising Department**

| | |
|---|---|
| Director [主任] | 祝康 Kent Zhu |
| Tel [电话] | +86-23-63509118 |
| E-mail [电子邮箱] | adv@cniti.com |

**Beijing Office 北京广告热线**

| | |
|---|---|
| Tel [电话] | 黄锐 Light Xu |
| | +86-10-82563520/82563521 |
| Fax [传真] | +86-10-82563521-20 |
| E-mail [电子邮箱] | bjoffice@cniti.com |

**Shanghai Office 上海广告热线**

| | |
|---|---|
| | 李岩 Li Yan |
| Tel [电话] | +86-21-54900725 |
| Fax [传真] | +86-21-54900726 |
| E-mail [电子邮箱] | shoffice@cniti.com |

**Guangzhou Office 广州广告热线**

| | |
|---|---|
| | 张宪伟 Zhang Xianwei |
| Tel [电话] | +86-20-38299753 |
| Fax [传真] | +86-20-38299234 |
| E-mail [电子邮箱] | gzoffice@cniti.com |

**Shenzhen Office 深圳广告热线**

| | |
|---|---|
| | 张晓鹏 Zhang Xiaopeng |
| Tel [电话] | +86-755-83864778 |
| Fax [传真] | +86-755-83864766 |
| E-mail [电子邮箱] | szoffice@cniti.com |

**营销部 Sales Department**

| | |
|---|---|
| Director [主任] | 杨甦 Yang Su |
| Vice-Director [副主任] | 白昆鹏/牟燕红 Kisan Bai/Claudio Mu |
| E-mail [电子邮箱] | pub@cniti.com |
| Tel [电话] | +86-23-63501710/63536932 |

**读者服务部 Reader Service Department**

| | |
|---|---|
| Homepage[网址] | http://reader.cniti.com |
| E-mail [电子邮箱] | reader@cniti.com |
| Tel [电话] | +86-23-63521711 |

社址 中国重庆市胜利路132号
邮政编码 400013
邮局订阅代号 78-55
发行 重庆市图书发行局
印刷 全国各地同时
零售 全国各地图书发行总站
邮购 远望资讯读者服务部
零售价 15元
印刷 重庆建新印务有限公司
出版日期 2005年6月1日
广告经营许可证 渝工商广字020569号
本刊属年鉴批编印 中英钟印务有限公司

**本刊作者授权本刊发表声明:**
本刊图文版权所有。未经允许不得任意转载或链接。本刊含运盈资讯迎下所载媒体)及本刊授权合作网站为作者作品的指定使用单位。本刊根据著作权法有关规定,向作者一次性支付稿酬。署自投作刊发之日起两个月内未收到稿酬,请与本刊联系。本刊作者发表的文章仅代表作者个人观点,与本刊立场无关。作者投稿给本刊即您知道同意以上约定。若有异议,请事先与本刊签定节册协议之。
**承诺:**
发现装订错误或缺页,请将杂志寄回远望资讯读者服务部调换。

APLPROS0000010638



# eFashion MAGAZINE

## BIZ

**COLLECTING PEOPLE**

Office 新来竞的

2005 6

领 导 数 码 时 尚 新 生 活

16  BESTBUY
18  e 热讯 HotNews

视点 Viewpoint
20  索尼全美达联手打造第二代 PSP

22  叫醒你的耳朵
    MUSIC PHONE 来袭
24  两年后 Tablet PC 什么模样?
    WinHEC 2005 剪影
26  想变鳄鱼的蜥蜴
    Windows Mobile 近态快报
28  拥抱 iF, 拥抱世界
    独家专访 iF 全球执行总裁 Ralph Wiegmann
30  "洗牌" 开始
    专访 PalmSource 总裁兼首席执行官
    David Nagel

新品 Show Fresh
32  NEC N750 手机
34  三星 Digimax U–CA5 数码相机
35  宾得 Optio S5z 数码相机
    宾得 Optio S45 数码相机
    宾得 Optio S55 数码相机
36  明基 M315 手机
37  palmOne LifeDrive 移动管理器
38  东芝 Libretto U100 笔记本电脑
39  中兴 e3 手机
    理光 Caplio GX8 数码相机
40  三星 Digimax SL1 数码相机
41  柯尼卡美能达 DiMAGE X60 数码相机
    联想 P708 手机
42  索尼 QUALIA 002 HDV 数码摄像机
    惠普 Pavilion zv6000 笔记本电脑
43  康佳 M939 手机
    aigo UH–P670 数码伴侣
44  惠普 Photosmart M22 数码相机
    惠普 Photosmart M517 数码相机
45  多普达 828 + 智能手机
    诺基亚 N70 手机
    诺基亚 N91 手机
    诺基亚 N90 手机
48  松下 LUMIX DMC-FX8 数码相机
49  广博 ProCam F158 数码相机
    拍得丽 SL–8 数码相机
50  奥林巴斯 μ Digital 800 数码相机
    佳能 PowerShot S2 IS 数码相机

尖峰体验 Expreience
51  远观之乐
    松下 LUMIX DMC – FZ5 数码相机
55  像索混合器
    卡西欧 EXILIM EX–P505 数码相机
58  密友·良伴
    诺基亚 6230i & 6020 手机的出色搭档
62  倾城薄爱
    富士 FinePix Z1 数码相机
66  "i" 影像传奇
    联想 i950 拍照手机
70  金属美人
    宏    n50 掌上电脑
72  向钱看, 将会失去一切
    尼康 D70s 数码相机
74  轻薄有 "礼"
    三星 X50 笔记本电脑

APLPROS0000010639

## 换件男人装
### 多普达 828+ 智能手机

哇, 真酷! 记得去年漂亮的秘书小姐在收到多普达 818 时不由的发出了一声惊叹。而当今天秘书小姐拆开其后继机型多普达 828+ 包装时, 我又听到了这句赞叹。不过, 发出声音的是恰巧路过的一位高 1.80 米的壮汉同事, 而秘书小姐则用沉默表达了她的意见。是的, 只有男人才会对这样一款有着刚硬线条, 通身金属灰的强大通信工具产生浓厚兴趣。

定位于男性商务手机的多普达 828+ 保留了多普达 818 小巧的特点。较小的 2.8 英寸 (240 × 320) 65536 色 TFT 液晶屏在保证屏幕信息可读性的同时, 有效地减少了机身体积 (108.2mm × 58mm × 18.2mm, 重 150 克)。强大的 Windows Mobile 2003SE 操作系统则赋予了多普达 828+ 稳定的性能和丰富的网络和多媒体功能, 配合英特尔 (Intel) XScale PXA272 416MHz 处理器、128MB 内存、SD 卡插槽、130 万像素 CMOS 摄像头以及 GPRS、蓝牙、红外功能, 多普达 828+ 能够很好的完成网页浏览、拍照、音乐及影片播放任务。其实, 多普达 828+ 的配置和多普达 818 几乎相同, 只是在换装的同时将内存容量增加到 128MB。当你把这样一款外形庄重兼强烈科技感的智能手机握在宽大的手中时, 一种世界尽在掌握的感觉油然而生。换件男人装的意义就在于此。





分享律动

**lenovo 联想**

2005年5月, 联想圆满完成了对IBM全球个人电脑业务的并购。新联想已成为世界第三大PC供应商, 销售和服务网络遍及世界160个国家和地区。新联想将整合全球资源为中国客户率献更高品质及创新技术的产品及服务。

**F690-256M**

- 彰显魅力的镜面设计
- 双色大屏幕OLED
- 致炫五向键, 操作方便

**F360-128M**
- 专业姿态外形, 名店演绎突出
- 简约精格外型设计
- 兼容校园广播功能

**F660-256M**
- 7部臂光芒如制
- 金属与金合完美组合, 点击流行时尚

**F680-256M**

- 双耳机线畅设计
- 双色大屏幕OLED

**F350-128M**
- 推拉式MINI USB接口
- 多种流行颜色选择
- 支持影调同步显示

 

所有产品系列全场色▼

    

**超稳型** 移动硬盘 (40G/60G/80G)

- 独有专利金三维防震钢架技术, 超强抗震
- 采用大容量储存及联想独创ultrafast技术, 加快存取速度
- 低电压启动设计, 支持单USB口供电

**随卡M型** 3CARD (128M/256M/512M)
- 独家"双向"接口存储技术, 一卡通吃多种存储设备
- 兼容SD/MMC及USB接口, 方便易用
- 在3C产品之间自由交换数据, 共享资源

**V50C** 500万像素

- 国内第一款500万像素CMOS技术数码相机, 拍片清晰, 省电耐用
- 10秒延时抓拍设计, 简单易用, 色彩鲜艳
- 小巧随身, 轻于随身原理


联想(北京)有限公司 北京8686旋箱
如有问题, 请登录www.lenovo.com 询问技术咨询热线, 010-82879700
联想保留在不告知消费者的情况下更改产品, 物料的任何权利。您不对订购通知, 此机型的图纸错误, 具体配置及价格错误以及文中可能有的错误图片供您参考, 请以店内有货为准。

2006年4月出版   总第72期   ISSN 1002-9802   定价12元



# 本年度
# 必买新品

PMA & CeBIT展会新品报道

**明显不同**
MOTO 明

**爱上冲浪板**
NOKIA Internet Tablet 770

**再见，花瓶**
6款卡片DC横向评测

深度测试 SONY DSC-R1

**iPod外放设备大搜罗**

**新彩妆**dopod 830

ISSN 1002-0802
04

APLPROS0000010641

总第172期  2006年4月出版  定价12元



# 科技迷的年度例汤

对于北京来说，3月中下雪，漫天大雪，可不是常有的事儿，至少在我记忆里是这样。雪势来得急，顿时阴云倾城，雪片密集得很，站不过1分钟就变成个大雪人。来得急去得也快，那片阴云将要从头顶移开之际，阳光穿透被洗刷洁净的空气直达大地，渐小的雪片在一片明朗中欢快的蹦着跳着，落到地面融为一体。一场"阳光雪"扫去阴霾，心情和雪后气温同步高涨起来。

汉诺威在这个季节下雪就不值得大惊小怪了。去年突如其来的一场中雪便把正在Cebit新闻中心的我们堵了个正着。今年倒是来了个开场白，Cebit开幕的头一天便飘起了雪花，像要给甚嚣尘上的科技热潮降温似的。可是由高科技元素炒热的新潮流岂是物理降温能起作用的！

看场内簇拥在千万像素拍照手机前的人群分明已经各个看红了眼，有了软硬件支持的HD-DVD和Blue Ray Disc的对台戏唱得更热闹，电视手机继续升温，诺基亚N92还在吊着观众的胃口，三星、LG则将同时推出DVB-H和DMB标准的产品。

德国人在今年夏天就能真正在手机上看世界杯了，巴伐利亚广播公司即将推出DVB-H标准的广播系统，回想去年体验过在诺基亚7710上看伊辛巴耶娃小规模破世界纪录的经历，随着系统的不断成熟，今年的32强争霸一定在手机上演绎得更精彩生动吧，到时候一定得去看看。

想看新产品的话，再等等待！继CES之后，PMA和Cebit两大展会又进入日程，新科技搭配我们煽风点火描述后烘出的年度例汤当然一如既往地给您奉上，翻开本期两大展会的报导，让新产品的诱惑力和你钱包的预期战斗力较量个高下吧。



主管  中华人民共和国信息产业部
主办  中国电子科技第三十研究所
出版  《通信技术》编辑部

社长  罗天文
副社长  陈秋元
Proprietor  Luo Tianwen
Vice Proprietor  Chen Qiuyuan

执行主编  张然
编辑部主任  王鹏
编辑、记者  冯蓓 潘磊 李丽
陈嵘 王磊 王维

美术设计  杨舜昕 齐齐

印刷  利丰雅高印刷(深圳)有限公司
如有质量问题请与利丰雅高有限公司联系调换
电话:0755-26645100

社址  四川省成都市高新区创业路6号
电话  028-85134171

国际标准刊号  ISSN 1002-0802
国内统一刊号  CN 51-1167/TN

广告登记证号  5100004000857

广告总代理  MediaStar 锦绣年华广告
高级客户经理  赵洁蒙
地址  北京市朝阳区工体北路4号院锦绣办公楼
100027
Tel 电话  010-84513652/55
Fax 传真  010-64686407

东区客户总监  杨峥峻
东区高级客户主任  孔璐璐
地址  上海江苏路369号兆丰世贸大厦B楼A座
200050
Tel 电话  021-52400928 52400929
52370561 52370562
Fax 传真  021-52400370

发行  史卫东

版权声明  未经本刊书面许可，不得转载和使用本刊所发表的文字、图片。如发现有擅自转载和使用者，本刊将依据版权法之规定，追究其法律责任。

法律顾问  朴永赋 张玉林

APLPROS0000010642





# 50
明显不同
MOTOROLA 明

# 封面故事

30 影像盛宴
   2006 PMA专题报道

40 同步数字生活
   CEBIT2006新品秀

48 彩妆上阵
   Dopod 830

50 明显不同
   MOTOROLA 明

54 口袋里的互联网
   NOKIA INTERNET
   TABLET770

60 再见，花瓶
   六款卡片数码相机

74 深度测试
   索尼DSC-R1

104 我们是一家人
   iPod音响附件

本年度
必买新品

新彩妆dopod 830



# 48
彩妆上阵
DOPOD 830



# 54
口袋里的互联网
NOKIA INTERNET TABLET770



# 40

前沿瞭望

1 亮点推介/趋势发布

26 风云榜颁奖

特别策划

30 影像盛宴
   2006 PMA专题报道

40 同步数字生活
   CEBIT2006新品秀

抢鲜测试

48 彩妆上阵
   Dopod 830

50 明显不同
   MOTOROLA 明

54 口袋里的互联网
   NOKIA INTERNET TABLET770

56 靓到底
   BenQ SIEMENS S88

58 洞察力
   ARCHOS Gmini 402 Camcorder

60 再见，花瓶
   六款卡片数码相机

66 轻而易举
   PANASONIC CF-R4

68 全能选手
   ACER N300

72 闻乐起舞
   NOKIA 3250

深度测试

74 全面透视
   SONY DSC-R1

新品秀场

78 动感小跑车
   LG-G263

79 不拘一格
   HAIER A63



# 30
影像盛宴
2006 PMA专题报道

APLPROS0000010643



2005/2006风云手机年度评选

2005/2006 风云手机年度评选

## 智能商务手机

**多普达838**    34.02%
国内第一款使用windows mobile5.0操作系列的
智能手机，也在国内第一次采用侧翻键盘，为商
务人士带来方便利，两个第一加上强大、全面的功
能，成为智能商务机型的魁首当是当之无愧的。

**诺基亚N70** 11.91%
支持Symbian S60智能平台，能够提
供更多的第三方软件支持，使其商务
功能毫不逊色，加之强大的娱乐功能
让繁忙人士也能商务娱乐两不误。

**多普达828+** 10.69%
采用windows mobile2003版本，功能
虽不及838+完美，但也称得上强大，
它的外形简洁，机身轻巧，是男女都
适合使用的PDA手机，为其加分不少。

APLPROS0000010644

<u>Patent Reexamination Board of the State Intellectual Property Office of the PRC</u>

| | |
|---|---|
| Vantone New World Plaza, 8th Flr.<br><br>2, Fuchengmenwai Street, Beijing 100037, China | Issued on: Dec. 11, 2008 |

| | |
|---|---|
| Patent No.: 200730148767.X | PRB's Docket No.: W608508 |
| Title of the Invention: DATA PROCESSING DEVICE | |
| Petitionee (patentee): APPLE INC. | |
| Petitioner: SHANGHAI LEON NETWORKS INFORMATION CO., LTD | |

Notification for Acceptance of Request for Invalidation

To the Patentee:

The petitioner filed a request for invalidation of the captioned patent on Nov. 21, 2008. After a formal examination, the request is found to be in conformity with the provisions of the Chinese Patent Law and the Implementing Regulations of the Chinese Patent Law, and thus is accepted. The patentee is requested to make observations on the request for invalidation within **one month** of receipt of this notification. Failing to respond within said time limit will not affect the Patent Reexamination Board's examination thereof. The observations shall be submitted in two copies, with the PRB's docket number and the patent number indicated.

Pursuant to Rule 68 of the Implementing Regulations of the Chinese Patent Law,

APLPROS0000010645

during the examination of the request for invalidation, the patentee of a patent for invention or utility model may amend the claims, but cannot enlarge the protection scope of the original patent. The patentee of the patent for invention or utility model cannot amend the description and the drawings. The patentee of a patent for industrial design cannot amend the drawings, photographs and the brief explanation of the design.

Pursuant to Rule 70 of the Implementing Regulations of the Chinese Patent Law, during the examination of the request for invalidation, the deadlines specified by the Patent Reexamination Board shall not be extended.

Pursuant to provisions of Rule 71 of the Implementation of the Chinese Patent Law, before the Patent Reexamination Board makes a decision on the request for invalidation, the petitioner for invalidation may withdraw such a request. Where the petitioner for invalidation withdraws his request before the Patent Reexamination Board makes the decision, the procedures for examining the request for invalidation shall be terminated.

According to provisions relate to presenting evidence in a foreign language of the Section 2.2.1 of Part IV Chapter 8 of the Guidelines, where the party concerned submits evidence in a foreign language, he shall also submit the Chinese translation thereof. If he fails to submit the Chinese translation within the limit for producing evidences, the foreign language evidence shall be deemed not to have been submitted. The party concerned shall submit the Chinese translation in written form. If he fails to submit the Chinese translation in written form, the said Chinese translation shall be deemed not to have been submitted. The party concerned may submit the Chinese translation only for part of foreign language evidence. Other parts of the foreign language evidence without

Chinese translation being submitted shall not be taken as evidence, unless the Chinese translation for the other parts are subsequently submitted at the request of the Patent Reexamination Board. If the opposite party has objection to the contents of the Chinese translation, he shall submit the Chinese translation for the disputed parts within a specified time limit. Failure to submit the Chinese translation shall be deemed as having no objection to the translation. Where there is a dispute in the Chinese translation, if the both parties have reached an agreement as to the translation, the agreed translation shall be used; if the both parties cannot reach an agreement as to the translation, the Patent Reexamination Board may entrust a translator to translate when necessary. Where the both parties have reached an agreement on the translator, the Patent Reexamination Board may entrust the translator as agreed on by the both partied to translate, for the full text, the part to be used, or the part in dispute. Where the both parties cannot reach an agreement on the translator, the Patent Reexamination Board may entrust ex officio a professional translation agency to translate. The both parties shall respectively bear 50% of the translation fee for the entrusted translation. The party refusing to pay the translation fee shall be deemed to acknowledge that the Chinese translation submitted by the other party is correct.

Annex:

☒ "Request for Invalidation" and a copy of the attachments as listed therein.

APLPROS0000010647

☐ The supplementary opinion and a copy of the attachments as listed therein submitted by the petitioner on _____

The Patent Reexamination Board

APLPROS0000010648

# 中华人民共和国国家知识产权局专利复审委员会



| 100037 | 发文日期： |
|---|---|
| 北京市阜成门外大街 2 号万通新世界广场 8 层 | 专利复审委员会 |
| 中国国际贸易促进委员会专利商标事务所 | 2008 -12- 1 1 |
| 范莉 | 发 文 |

| 专 利 号：200730148767.X | 案件编号： W608508 |
|---|---|

| 发明创造名称：数据处理装置 |
|---|
| 专利权人：苹果公司 |
| 无效宣告请求人：上海罗恩网络信息有限公司 |

## 无 效 宣 告 请 求 受 理 通 知 书

专利权人：

2008 年 11 月 21 日无效宣告请求人对上栏所述专利权提出的无效宣告请求，经形式审查符合专利法及其实施细则和审查指南的有关规定，准予受理。请在收到本通知之日起壹个月内对该无效宣告请求陈述意见；期满未答复的，不影响专利复审委员会审理。意见陈述书请提交一式两份，并注明案件编号和专利号。

根据《中华人民共和国专利法实施细则》第六十八条的规定，在无效宣告请求的审查过程中，发明或者实用新型专利的专利权人可以修改其权利要求书，但是不得扩大原专利的保护范围。发明或者实用新型专利的专利权人不得修改专利说明书和附图，外观设计专利的专利权人不得修改图片、照片和简要说明。

根据《中华人民共和国专利法实施细则》第七十条的规定，在无效宣告请求审查程序中，专利复审委员会指定的期限不得延长。

根据《审查指南》第四部分第八章 2．2．1 节关于外文证据提交的规定，当事人提交外文证据的，应当提交中文译文，未在举证期限内提交中文译文的，该外文证据视为未提交。当事人应当以书面方式提交中文译文，未以书面方式提交中文译文的，该中文译文视为未提交。当事人可以仅提交外文证据的部分中文译文。该外文证据中没有提交中文译文的部分，不作为证据使用。但当事人应专利复审委员会的要求补充提交该外文证据其他部分的中文译文的除外。对方当事人对中文译文内容有异议的，应当在指定的期限内对有异议的部分提交中文译文。没有提交中文译文的，视为无异议。对中文译文出现异议时，双方当事

回函请直寄：100088 北京海淀区蓟门桥西土城路 6 号　国家知识产权局专利复审委员会
20603　2006.7

APLPROS0000010649

打印ID798212   Pg 2

人就异议部分达成一致意见的，以双方最终认可的中文译文为准。双方当事人未能就异议部分达成一致意见的，必要时，专利复审委员会可以委托翻译。双方当事人就委托翻译达成协议的，专利复审委员会可以委托双方当事人认可的翻译单位进行全文、所使用部分或者有异议部分的翻译。双方当事人就委托翻译达不成协议的，专利复审委员会可以自行委托专业翻译单位进行翻译。委托翻译所需翻译费用由双方当事人各承担 50%；拒绝支付翻译费用的，视为其承认对方当事人提交的中文译文正确。

随本通知书将下列文件转送专利权人：

☒《专利权无效宣告请求书》及其附件清单中所列附件副本。

□无效宣告请求人于 ____ 年 ____ 月 ____ 日提交的补充意见及其附件清单中所列附件副本。

□



审查员：万琦

回函请直寄：100088 北京海淀区蓟门桥西土城路 6 号　国家知识产权局专利复审委员会
20603　2006.7

APLPROS0000010650

FI/HD:798212    Pg 3

# 专 利 权 无 效 宣 告 请 求 书

请按照本表背面"填表注意事项"正确填写本表各栏

| ① 无 请 效 求 宣 告 | 姓名或名称（代 表） | 上海罗恩网络信息有限公司 | 国籍或所在地国家    中国 | |
|---|---|---|---|---|
| | 邮政编码 | 地址 上海市漕溪路二五0号B1七0四室 | 联系人姓名电话 | |

| ② 专 利 代 理 机 构 | 名称 广州华进联合专利商标代理有限公司 | | 专利代理机构代　码    44224 | |
|---|---|---|---|---|
| | 邮政编码  510095        地址   广州市先烈中路69号东山广场9楼918—920室 | | | |
| | 代理人姓名  曾旻辉　赵磊 | 专利代理人  4422405754.2工作证号    4422408759.7 | 电话  020-87323188-806 | |

③ 根据《中华人民共和国专利法》第四十五条及《中华人民共和国专利法实施细则》第六十四条规定对下述专利权提出无效宣告请求：

专利号 200730148767.x　　　　　　　授权公告日 2008.07.16

专利权人（代表） 苹果公司

发明创造名称 数据处理装置

### ④　　无效宣告请求的理由、范围及所依据的证据

| 理　由 | 范　围 | 依据的证据 |
|---|---|---|
| 专利法第 23 条第　款实施细则第　条第　款 | 权利要求 | 证据 1 |
| 专利法第 23 条第　款实施细则第　条第　款 | 权利要求 | 证据 2 |
| 专利法第 23 条第　款实施细则第　条第　款 | 权利要求 | 证据 3 |
| 专利法第 23 条第　款实施细则第　条第　款 | 权利要求 | 证据 4 |
| 专利法第　条第　款实施细则第 13 条第 1 款 | 权利要求 | 证据 5 |
| 专利法第　条第　款实施细则第 13 条第 1 款 | 权利要求 | 证据 6 |

⑤结合证据对无效宣告请求理由的具体意见陈述

请参见附页（共6页）

10601    2002.1

APLPROS0000010651

# 专 利 权 无 效 宣 告 请 求 书

| ⑥　　　附件清单 | |
|---|---|
| 文件名称 | 份数及页数 |
| ☒附件1：2008 沪闵证字第 3236 号公证书复印件 | 2份，每份6页 |
| ☒附件2：2004 年第 12 新潮电子封面、出版信息页、第 60 页 | 2份，每份3页 |
| ☒附件3：2005 年 6 月 1 日总第 119 期新潮电子封面、出版信息页、第 45 页 | 2份，每份3页 |
| ☒附件4：2006 年 4 月总第 172 期通信技术封面、出版信息页、第 26 页 | 2份，每份3页 |
| ☒附件5：专利号为 200730148751.9、名称为"声音或图像的记录或复制设备"的中国外观设计专利图片或照片复印件 | 2份，每份3页 |
| ☒附件6：专利号为 200730148719.0、名称为"移动式通讯装置"的中国外观设计专利图片或照片复印件 | 2份，每份3页 |
| ☐附件7 | 份，每份　页 |
| ☐附件8 | 份，每份　页 |
| ☐附件9 | 份，每份　页 |
| ☐附件10 | 份，每份　页 |

| ⑦无效宣告请求人或专利代理机构签章 | ⑧专利复审委员会处理意见 |
|---|---|
| 广州华进联合专利商标代理有限公司<br>业务专用章<br>2008 年 11 月 12 日 | 年　月　日 |

注意事项：

1. 根据专利法实施细则第六十六条的规定，无效宣告请求人可以在提出无效宣告请求之日起 1 个月内增加理由或者补充证据。逾期增加理由或者补充证据的，专利复审委员会可以不予考虑。

2. 根据《审查指南》第四部分第一章 14 节关于外文证据翻译的规定，当事人提交外文证据的，应当在提交该外文证据的同时提交所使用部分的中文译文。当事人未在提交外文证据的同时提交中文译文的，应当主动补正。在专利复审委员会书面通知指定期限内仍未补交的，该外文证据视为未提交。对方当事人对译文具体内容有异议的，应当对有异议的部分提交中文译文。必要时，可以委托双方当事人认可的单位进行全文、所使用部分或者有异议部分的翻译。双方当事人对委托翻译达不成协议的，专利复审委员会可以委托专业翻译单位进行全文、所使用部分或者有异议部分的翻译。委托翻译所需费用由双方当事人各承担 50%；拒绝支付翻译费用的，视为其承认对方提交的译文正确。

3. 根据专利法实施细则第九十七条的规定，无效宣告请求人应当自提出请求之日起壹个月内，缴纳无效宣告请求费。期满未缴纳或者未缴足的，视为未提出无效宣告请求。

10601　　2002.1

APLPROS0000010652

专利号：200730148767．x　名称：数据处理装置　无效宣告请求书正文　　　　　共 6 页

国家知识产权局专利复审委员会：

　　请求人上海罗恩网络信息有限公司基于现有技术，认为专利号为 200730148767．x、名称为"数据处理装置"的外观设计专利不符合专利法的有关规定，现依据《中华人民共和国专利法》第二十三条、第四十五条以及《专利法实施细则》第六十四条之规定，向贵委员会提请宣告该专利权无效。

　　《中华人民共和国专利法》第二十三条规定："授予专利权的外观设计，应当同申请日以前在国内外出版物上公开发表过或者国内公开使用过的外观设计不相同和不相近似，并不得与他人在先取得的合法权利相冲突。"

　　《中华人民共和国专利法实施细则》第十三条第一款规定："同样的发明创造只能被授予一项专利。"

　　下列证据证明在本案专利申请日之前已经有相近似的外观设计在国外公开出版物上公开发表过，以及证明该本案专利不符合专利法实施细则第十三条第一款的规定。

　　具体证据如下：

　　证据 1、（2008）沪闵证字第 3236 号公证书复印件；

　　证据 2、2004 年第 12 期新潮电子封面、出版信息页、第 60 页；

　　证据 3、2005 年 6 月 1 日总第 119 期新潮电子封面、出版信息页、第 45 页；

　　证据 4、2006 年 4 月总第 172 期通信技术封面、出版信息页、第 26 页；

1

APLPROS0000010653

专利号：200730148767.x   名称：数据处理装置   无效宣告请求书正文   共6页

证据5、专利号为200730148751.9、名称为"声音或图像的记录或复制设备"的中国外观设计专利图片或照片复印件；

证据6、专利号为200730148719.0、名称为"移动式通讯装置"的中国外观设计专利图片或照片复印件。

一、本案专利明显不符合专利法第二十三条的规定。

证据1中是2006年6月29日网页公开的LG公司生产的一款DMB MP3播放器FM35。其公开日期早于本案专利的申请日期，也早于本案专利的优先权日期。证据1中公开的该款FM35播放器产品可以用来播放MP3、WMA、OGG等传统音频格式文件，支持AVI和ASF格式文件，此外增加了DMB技术的支持，可以通过这款播放器来收看DMB节目和广播等内容，通过连接电脑下载图片和文本等文件。首先，证据1公开的产品是播放器，具有下载和处理图片或文本数据的功能，因此，证据1公开的产品和本案专利产品的部分用途相同，属于相近类别的产品；其次，将证据1公开的产品与本案专利的六视图比较，二者的主视图均为一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方形，该长方形下方设有圆形按键；后视图也为一个竖置的长方形；左视图和右视图均为则分别是竖置的上下两侧弧形过渡的长方形。作为使用时容易看到的部位，主视图对整体视觉效果的影响较大，虽然本案专利主视图中长方形上方为长条形框，证据1中主视图中为音乐符号，但是其本身尺寸较小，属于局部的细微变化，二者的区别对整体视觉效果不足以产生显著影响。可

2

APLPROS0000010654

专利号：200730148767. x    名称：数据处理装置    无效宣告请求书正文                  共6页

见，本案专利与其申请日以前公开的证据 1 中的产品外观设计相近
似。

证据 2 是 2004 年 12 月 1 日出版的第 12 期新潮电子杂志，该杂
志出版日期早于本案专利申请时间，也早于本案申请的优先权日期。
证据 2 中公开了一种多普达 818 智能手机图片。首先，证据 2 中公开
的产品为智能手机，通常具有数据处理的功能，因此，证据 2 中公开
的产品与本案专利的产品的部分用途相同，属于相近类别的产品；其
次，证据 2 中公开的多普达 818 智能手机的主视图同样是一个竖置的
四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个
竖置的长方形，该长方形上方设有条形框，下方设有按键。作为使用
时容易看到的部位，主视图对整体视觉效果的影响较大，虽然本案专
利与证据 2 中产品的条形框以及按键形状不同，但是其本身尺寸较
小，属于局部的细微变化，二者的区别对整体视觉效果不足以产生显
著影响。可见，本案专利与其申请日以前公开的证据 2 中的产品外观
设计相近似。

证据 3 是 2005 年 6 月 1 日出版的总第 119 期的新潮电子杂志，
该杂志的出版日期早于本案专利申请时间，也早于本案申请的优先权
日期。证据 3 中公开了一种多普达 828+智能手机图片。首先，证据 3
中公开的产品为智能手机，通常具有数据处理的功能，因此，证据 3
中公开的产品与本案专利的产品的部分用途相同，属于相近类别的产
品；其次，证据 3 中公开的产品主视图同样是一个竖置的四角为圆弧
过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方

APLPROS0000010655

ITC ID798212   Pg 8

专利号：200730148767.x   名称：数据处理装置   无效宜告请求书正文              共6页

形，该长方形上方设有条形框，下方设有按键。作为使用时容易看到
的部位，主视图对整体视觉效果的影响较大，虽然本案专利与证据3
中产品的按键形状不同，但是作为相近类别产品的惯常设计，其本身
尺寸较小，属于局部的细微变化，二者的区别对整体视觉效果不足以
产生显著影响。可见，本案专利与其申请日以前公开的证据3中的产
品外观设计相近似。

　　证据4是2006年4月出版的总第172期通信技术杂志，该杂志
出版日期早于本案专利申请时间，也早于本案申请的优先权日期。证
据4中同样公开了一种多普达828+智能手机图片。首先，证据4中
公开的产品为智能手机，通常具有数据处理的功能，因此，证据4中
公开的产品与本案专利的产品的部分用途相同，属于相近类别的产
品；其次，证据4中公开的多普达828+智能手机的主视图同样是一
个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内
设有一个竖置的长方形，该长方形上方设有条形框，下方设有按键。
作为使用时容易看到的部位，主视图对整体视觉效果的影响较大，虽
然本案专利与证据4中产品的条形框以及按键形状不同，但是作为手
机产品的惯常设计，其本身尺寸较小，属于局部的细微变化，二者的
区别对整体视觉效果不足以产生显著影响。可见，本案专利与其申请
日以前公开的证据4中的产品外观设计相近似。

　　上述证据充分证明在本案专利的申请日之前，在数据处理产品设
计中，产品是一个竖置的四角为圆弧过渡的长方形，沿其四边分别设
有边框，边框内设有一个竖置的长方形，该长方形上方设有条形框，

4

APLPROS0000010656

下方设有按键的设计，均为行业中的惯常设计，并且已经有相近似的外观设计在国内出版物上公开发表过，因此本案专利明显不符合专利法第二十三条的规定。

二、本案专利不符合专利法实施细则第十三条第一款的规定。

按照审查指南的相关规定，同样的外观设计是指两项外观设计相同或者相近似，外观设计相同是指被比设计与在先设计是同一类别的产品的外观设计，并且被比设计的全部外观设计要素与在先设计的相应要素相同，其中外观设计的要素是指形状、图案以及色彩。同一类别的产品是指用途完全相同的产品。所谓相近类别的产品是指用途接近的产品。只有对于相同或者相近类别的产品，才可能存在外观设计相近似的情况。应当注意的是，当产品具有多种用途时，如果其中部分用途相同，而其他用途不同，则二者应属于相近类别的产品。

证据 5 是专利号为 200730148751.9、名称为"声音或图像的记录或复制设备"的中国外观设计专利，其申请日期为 2007 年 6 月 29 日，与本案专利相同。首先，证据 5 的产品是声音或图像的记录或复制设备，通常也具有下载处理声音和图片数据的功能，因此，证据 5 公开的产品和本案专利产品的部分用途相同，属于相近类别的产品；其次，证据 5 中公开的主视图与本案专利完全一样，虽然二者后视图或左右视图中存在细微差异，但是主视图作为使用时容易看到的部位，其对整体视觉效果的影响较大，因此本案专利和证据 5 的外观设计整体视觉效果上不存在显著区别，两者属于相近似的外观设计。

APLPROS0000010657

专利号：200730148767.x    名称：数据处理装置    无效宣告请求书正文    共6页

证据 6 是专利号为 200730148719.0、名称为 "移动式通讯装置" 的中国外观设计专利，其申请日期为 2007 年 6 月 29 日，与本案专利相同。首先，证据 6 的产品是移动式通讯装置，通常也具有数据下载和处理的功能，因此，证据 6 的产品和本案专利产品的部分用途相同，属于相近类别的产品；其次，证据 6 中公开的主视图与本案专利完全一样，虽然二者后视图或左右视图中存在细微差异，但是主视图作为使用时容易看到的部位，其对整体视觉效果的影响较大，因此本案专利和证据 6 的外观设计整体视觉效果上不存在显著区别，两者属于相近似的外观设计。

上述证据充分证明本案专利与证据 5 和证据 6 分别是同样的外观设计，不符合专利法实施细则第十三条第一款的规定。

综上所述，上述证据证明在本案专利申请日前已经有相近似的外观设计在国内公开出版物上公开过，因此本案专利明显不符合专利法第二十三条的规定，同时本案专利也不符合专利法实施细则第十三条第一款的规定，特请求贵委员会完全无效该专利权。

请求人：上海罗恩网络信息有限公司

代理人：广州华进联合专利商标代理有限公司

业务专用章

日期：2008 年 11 月 12 日

6

APLPROS0000010658

Re: Chinese Design Patent No. 200730148767.X
Your Ref: APL1D562C.CN.15C;
Our Ref: LIW080037

# Request for Declaring Invalidation

Patent Reexamination Board:

The petitioner "Shanghai Leon Networks In formation Co. Ltd", on the basis of the prior art, considers that the Chinese design patent No. 200730148767.X, of which the title is "DATA PROCESSING DEVICE", does not comply with corresponding provisions of the Chinese Patent Law. According to Art.23 and Art.45 of the Chinese Patent Law and Rule.64 of the Implementing Regulations of the Chinese Patent Law, the petitioner filed the request for declaring invalidation against the above mentioned design patent.

Under Art.23 of the Chinese Patent Law, "any design for which patent right may be granted must not be identical with and similar to any design which, before the date of filing, has been publicly disclosed in publications in the country or abroad or has been publicly used in the country, and must not be in conflict with any prior right of any other person".

Under Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law, "for any identical invention-creation, only one patent right shall be granted".

The following evidences are provided to prove that there are similar designs which have been publicly disclosed in publications before the date of filing of the present patent, so that the above mentioned patent for design does not comply with Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law.

The evidences are as follows:

Evidence 1: A copy of the notarial deed with a serial number of (2008) 3236 issued by Shanghai Minhang notarial office.

Evidence 2: The cover, publication information page and page 60 of the magazine "eFashion Magazine", the 12th issue of 2004.

Evidence 3: The cover, publication information page and page 45 of the magazine "eFashion Magazine", the 119th issue in total with a publish date of June 1, 2005.

Evidence 4: The cover, publication information page and page 26 of the magazine "Communication Technology" published on April. 2006 and the 172[th] issue in total.

Evidence 5: The copy of the drawings or photos of the Chinese patent for

1

APLPROS0000010659

Re: Chinese Design Patent No. 200730148767.X
Your Ref: APL1D562C.CN.15C;
Our Ref: L1W080037

design No. 200730148751.9 with a title "EQUIPMENT FOR RECORDING OR REPRODUCTION OF SOUNDS OR PICTURES".

Evidence 6: The copy of the drawings or photos of the Chinese patent for design No. 200730148719.0 with a title "MOBILE COMMUNICATION DEVICE".

1. The present patent obviously does not comply with the provisions of Art.23 of the Chinese Patent Law.

Evidence 1 shows a DMB MP3 player FM35 produced by LG Company and disclosed at web pages on June. 29, 2006 that is prior to the filling date and the priority date of the present patent. Said MP3 player is not only adapted for playing the conventional audio information, such as MP3, WMA, OGG etc and supporting AVI and ASF files, but also is available for receiving DMB programs and broadcast etc. for watching and for downloading pictures and texts by connecting to a computer. Firstly, the product of Evidence 1 pertains to a player, which usually has the functions of playing music and downloading pictures and texts. Thus the product disclosed by evidence 1 partly shares the same function with the product of the present patent and they belong to the similar class of the International Classification for Industrial Designs. Secondly, by comparing the player disclosed by evidence 1 with the six views of the present patent, it can be seen that the front views of the both two products are upright rectangles with four arc shaped corners. A frame is disposed on the four sides with an upright rectangle formed within the frame and a round button provided under the rectangle. The rear view shows an upright rectangle and the left and right side views also show an upright rectangle with arc shaped upside and downside portions. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect. A strip-shaped frame is located above the inner rectangle in the front view of the present patent, and a music sign is located above the rectangle in the front view of evidence 1, but the difference between the strip-shaped frame and the music sign is not sufficient enough to make prominent influence to the whole visual effect due to its small size which can be considered as slight local changes. Thus, the designs of the present patent and the product of the evidence 1 disclosed before the filling date of the present patent are similar to each other.

Evidence 2 is the magazine "eFashion Magazine", the 12th issue of 2004, published on Dec. 1, 2004 that is prior to the filling date and the priority date of the present patent. Evidence 2 discloses a picture of a Dopod 818 intelligent mobile telephone. Firstly, evidence 2 discloses an intelligent mobile telephone usually has the function of data processing and thus belongs to the similar class with the product of the present patent. Secondly, it can be seen that the front view of the Dopod 818 intelligent mobile telephone disclosed in evidence 2 is an upright rectangle with arc shaped four corners. A frame is disposed on the

2

APLPROS0000010660

Re: Chinese Design Patent No. 200730148767.X
Your Ref: APL1D562C.CN.15C;
Our Ref: LIW080037

four sides with an upright inner rectangle formed within the frame. A strip-shaped frame is provided above the inner rectangle and a button is provided under the inner rectangle. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect. The present patent and the product disclosed in evidence 2 are different in the location of the strip-shaped frame and the shape of the button, but the difference between them is not sufficient enough to make prominent influence to the whole visual effect due to its small size which can be considered as slight local changes. Thus, the designs of the present patent and the product of the evidence 2 disclosed before the filling date of the present patent are similar to each other.

Evidence 3 is the magazine "eFashion Magazine", the 119th issue in total, published on Jun. 1, 2005 that is prior to the filling date and the priority date of the present patent. Evidence 3 discloses a picture of a Dopod 828+ intelligent mobile telephone. Firstly, evidence 3 discloses an intelligent mobile telephone which has the function of data processing and thus belongs to the similar class with the product of the present patent. Secondly, it can be seen that the front view of the Dopod 828+ intelligent mobile telephone disclosed in evidence 3 is an upright rectangle with arc shaped four corners. A frame is disposed on the four sides with an inner upright rectangle formed within the frame. A strip-shaped frame is provided above the inner rectangle and a button is provided under the inner rectangle. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect. The present patent and the product disclosed in evidence 3 are different in the shape of the button, but the difference between them, which can be considered as slight local changes and the conventional design for a mobile telephone, is not sufficient enough to make prominent influence to the whole visual effect. Thus, the designs of the present patent and the product disclosed by evidence 3 disclosed before the filling date of the present patent are similar to each other.

Evidence 4 is the magazine "Communication Technology", the 172[th] issue in total, published on April. 2006 that is prior to the filling date and the priority date of the present patent. Evidence 4 discloses a picture of a Dopod 828+ intelligent mobile telephone. Firstly, evidence 4 discloses an intelligent mobile telephone which has the function of data processing and thus belongs to the similar class with the product of the present patent. Secondly, it can be seen that the front view of the Dopod 828+ intelligent mobile telephone disclosed in evidence 4 is an upright rectangle with arc shaped four corners. A frame is disposed on the four sides with an upright inner rectangle formed within the frame. A strip-shaped frame is provided above the inner rectangle and a button is provided under the inner rectangle. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect. The present patent and the product disclosed in evidence 4 are different in the location of the strip-shaped frame and the shape of the button, but the

3

Re: Chinese Design Patent No. 200730148767.X
Your Ref: APL1D562C.CN.15C;
Our Ref: LIW080037

difference between them, which can be considered as slight local changes, is not sufficient enough to make prominent influence to the whole visual effect. Thus, the designs of the present patent and the product disclosed by evidence 4 disclosed before the filling date of the present patent are similar to each other.

According to the above-mentioned evidences 1-4, it involves the conventional design in the field to design a data processing device as an upright rectangle with arc shaped four corners wherein a frame is disposed on the four sides with an upright inner rectangle formed within the frame with a strip-shaped frame, where the mouthpiece and the handset locates, provided above the inner rectangle and button/buttons provided under the inner rectangle. In addition, similar designs have been publicly disclosed in publications in china. Therefore, the present patent obviously does not comply with Art.23 of the Chinese Patent Law.

2. The present patent does not comply with the provisions of Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law.

According to corresponding regulations of the Guidelines for Examination, two identical or similar deigns can be considered as the same design, identity of designs means that the design being examined and the prior design are designs for the same class of products, and all the design features of the design being examined and the corresponding design features of the prior design are identical, wherein design features mean the three features of shape, pattern and color of a design. The products of the same class refer to the products that have completely the same use. Products of approximate classes refer to products that have the similar use. Similarity of designs exists only among products that belong to the same class or approximate classes. It should be noted that for products having multiple uses, if some of the uses are the same and some are not, they are regarded as products of approximate classes.

Evidence 5 shows a Chinese patent for design No. 200730148751.9 with a title "EQUIPMENT FOR RECORDING OR REPRODUCTION OF SOUNDS OR PICTURES", which has the same filling date of Jun. 29, 2007 as the present patent. Firstly, the present patent pertains to a mobile communication device which usually has the functions of playing music and downloading pictures and texts. Some of the uses of the product disclosed by evidence 5 and the present patent are identical, and thus the two products are regarded as products of approximate classes. Secondly, the front view disclosed in evidence 5 and that of the present patent are completely identical. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect despite the slight differences between the rear views or left side views and right side views of the two products. Therefore, the products of evidence 5 and the present patent do not have prominent differences in the whole visual effect and

APLPROS0000010662

Re: Chinese Design Patent No. 200730148767.X
Your Ref: APL1D562C.CN.15C;
Our Ref: LIW080037

possess the similarity.

Evidence 6 shows a Chinese patent for design No. 200730148719.0 with a title "MOBILE COMMUNICATION DEVICE", which has the same filling date of Jun. 29, 2007 as the present patent. Firstly, the product of Evidence 6 pertains to a mobile communication device which usually has the function of data download and data processing. Some of the uses of the product disclosed by evidence 6 and the present patent are identical, and thus the two products are regarded as products of approximate classes. Secondly, the front view disclosed in evidence 6 and that of the present patent are completely identical. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect despite the slight differences between the rear views or left side views and right side views of the two products. Therefore, the products of evidence 6 and the present patent do not have prominent differences in the whole visual effect and posses the similarity.

According to the above-mentioned evidences 5-6, the present patent and evidences 5-6 are identical designs, thereby failing to comply with Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law.

To sum up, the above-mentioned evidences prove that there are similar designs which have been publicly disclosed in publications in china before the date of filing of the present patent, so that the present patent obviously does not comply with Art.23 of the Chinese Patent Law and Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law. The petitioner therefore requests the Board to declare the above mentioned patent for design completely invalid.

Petitioner: Shanghai Leon Networks In formation Co. Ltd

Patent Attorney: Advance China I.P. Law Office

Zeng Minhui    Zhao Lei

Nov. 12, 2008

APLPROS0000010663

**NPL20**

## Patent Reexamination Board of the State Intellectual Property Office of the PRC

| Vantone New World Plaza, 8th Flr.<br><br>2, Fuchengmenwai Street, Beijing 100037, China | Issued on: Dec. 12, 2008 |
| --- | --- |

| Patent No.: 200730148751.9 | PRB's Docket No.: W608510 |
| --- | --- |
| Title of the Invention: | EQUIPMENT FOR RECORDING OR REPRODUCTION OF SOUNDS OR PICTURES |
| Petitionee (patentee): | APPLE INC. |
| Petitioner: | SHANGHAI LEON NETWORKS INFORMATION CO., LTD |

Notification for Acceptance of Request for Invalidation

To the Patentee:

The petitioner filed a request for invalidation of the captioned patent on Nov. 21, 2008. After a formal examination, the request is found to be in conformity with the provisions of the Chinese Patent Law and the Implementing Regulations of the Chinese Patent Law, and thus is accepted. The patentee is requested to make observations on the request for invalidation within **one month** of receipt of this notification. Failing to respond within said time limit will not affect the Patent Reexamination Board's examination thereof. The observations shall be submitted in two copies, with the PRB's docket number and the patent number indicated.

Pursuant to Rule 68 of the Implementing Regulations of the Chinese Patent Law,

during the examination of the request for invalidation, the patentee of a patent for invention or utility model may amend the claims, but cannot enlarge the protection scope of the original patent. The patentee of the patent for invention or utility model cannot amend the description and the drawings. The patentee of a patent for industrial design cannot amend the drawings, photographs and the brief explanation of the design.

Pursuant to Rule 70 of the Implementing Regulations of the Chinese Patent Law, during the examination of the request for invalidation, the deadlines specified by the Patent Reexamination Board shall not be extended.

Pursuant to provisions of Rule 71 of the Implementation of the Chinese Patent Law, before the Patent Reexamination Board makes a decision on the request for invalidation, the petitioner for invalidation may withdraw such a request. Where the petitioner for invalidation withdraws his request before the Patent Reexamination Board makes the decision, the procedures for examining the request for invalidation shall be terminated.

According to provisions relate to presenting evidence in a foreign language of the Section 2.2.1 of Part IV Chapter 8 of the Guidelines, where the party concerned submits evidence in a foreign language, he shall also submit the Chinese translation thereof. If he fails to submit the Chinese translation within the limit for producing evidences, the foreign language evidence shall be deemed not to have been submitted. The party concerned shall submit the Chinese translation in written form. If he fails to submit the Chinese translation in written form, the said Chinese translation shall be deemed not to have been submitted. The party concerned may submit the Chinese translation only for part of foreign language evidence. Other parts of the foreign language evidence without

APLPROS0000010665

Chinese translation being submitted shall not be taken as evidence, unless the Chinese translation for the other parts are subsequently submitted at the request of the Patent Reexamination Board. If the opposite party has objection to the contents of the Chinese translation, he shall submit the Chinese translation for the disputed parts within a specified time limit. Failure to submit the Chinese translation shall be deemed as having no objection to the translation. Where there is a dispute in the Chinese translation, if the both parties have reached an agreement as to the translation, the agreed translation shall be used; if the both parties cannot reach an agreement as to the translation, the Patent Reexamination Board may entrust a translator to translate when necessary. Where the both parties have reached an agreement on the translator, the Patent Reexamination Board may entrust the translator as agreed on by the both partied to translate, for the full text, the part to be used, or the part in dispute. Where the both parties cannot reach an agreement on the translator, the Patent Reexamination Board may entrust ex officio a professional translation agency to translate. The both parties shall respectively bear 50% of the translation fee for the entrusted translation. The party refusing to pay the translation fee shall be deemed to acknowledge that the Chinese translation submitted by the other party is correct.

Annex:

☒ "Request for Invalidation" and a copy of the attachments as listed therein.

☐   The supplementary opinion and a copy of the attachments as listed therein submitted

by the petitioner on _____

The Patent Reexamination Board

APLPROS0000010667

# 中华人民共和国国家知识产权局专利复审委员会



| 100037 | |
| --- | --- |
| 北京市阜成门外大街 2 号万通新世界广场 8 层 | |
| 中国国际贸易促进委员会专利商标事务所 | |
| 范莉 | |

发文日期：

专利复审委员会

2500 -12- 12

发文

| 专 利 号：200730148751.9 | 案件编号：W608510 |
| --- | --- |
| 发明创造名称：声音或图像的记录或复制设备 | |
| 专利权人：苹果公司 | |
| 无效宣告请求人：上海罗思网络信息有限公司 | |

## 无 效 宣 告 请 求 受 理 通 知 书

专利权人：

   2008 年 11 月 21 日无效宣告请求人对上栏所述专利权提出的无效宣告请求，经形式审查符合专利法及其实施细则和审查指南的有关规定，准予受理。请在收到本通知之日起壹个月内对该无效宣告请求陈述意见；期满未答复的，不影响专利复审委员会审理。意见陈述书请提交一式两份，并注明案件编号和专利号。

   根据《中华人民共和国专利法实施细则》第六十八条的规定，在无效宣告请求的审查过程中，发明或者实用新型专利的专利权人可以修改其权利要求书，但是不得扩大原专利的保护范围。发明或者实用新型专利的专利权人不得修改专利说明书和附图，外观设计专利的专利权人不得修改图片、照片和简要说明。

   根据《中华人民共和国专利法实施细则》第七十条的规定，在无效宣告请求审查程序中，专利复审委员会指定的期限不得延长。

   根据《审查指南》第四部分第八章 2．2．1 节关于外文证据提交的规定，当事人提交外文证据的，应当提交中文译文，未在举证期限内提交中文译文的，该外文证据视为未提交。当事人应当以书面方式提交中文译文，未以书面方式提交中文译文的，该中文译文视为未提交。当事人可以仅提交外文证据的部分中文译文。该外文证据中没有提交中文译文的部分，不作为证据使用。但当事人应专利复审委员会的要求补充提交该外文证据其他部分的中文译文的除外。对方当事人对中文译文内容有异议的，应当在指定的期限内对有异议的部分提交中文译文。没有提交中文译文的，视为无异议。对中文译文出现异议时，双方当事

APLPROS0000010668

打印ID790214    Pg 2

人就异议部分达成一致意见的，以双方最终认可的中文译文为准。双方当事人未能就异议部分达成一致意见的，必要时，专利复审委员会可以委托翻译。双方当事人就委托翻译达成协议的，专利复审委员会可以委托双方当事人认可的翻译单位进行全文、所使用部分或者有异议部分的翻译。双方当事人就委托翻译达不成协议的，专利复审委员会可以自行委托专业翻译单位进行翻译。委托翻译所需翻译费用由双方当事人各承担 50%；拒绝支付翻译费用的，视为其承认对方当事人提交的中文译文正确。

随本通知书将下列文件转送专利权人：

☒ 《专利权无效宣告请求书》及其附件清单中所列附件副本。

☐ 无效宣告请求人于　　年　　月　　日提交的补充意见及其附件清单中所列附件副本。

☐



审查员：万琦

---

回函请直寄：100088 北京海淀区蓟门桥西土城路 6 号　国家知识产权局专利复审委员会
20603    2006.7

APLPROS0000010669

# 专 利 权 无 效 宣 告 请 求 书

请按照本表背面"填表注意事项"正确填写本表各栏

<table>
<tr><td rowspan="2">① 无 效 宣 告 请 求 人</td><td>姓名或名称<br>（代 表）</td><td>上海罗恩网络信息有限公司</td><td>国籍或所<br>在地国家</td><td>中国</td></tr>
<tr><td>邮政<br>编码</td><td>地址<br>上海市漕溪路二五０号Ｂ１七０四室</td><td>联系人姓名<br>电话</td><td></td></tr>
</table>

<table>
<tr><td rowspan="3">② 专 利 代 理 机 构</td><td>名称<br>广州华进联合专利商标代理有限公司</td><td>专利代理机构<br>代 码</td><td>44224</td></tr>
<tr><td>邮政<br>编码　510095　　地址　广州市先烈中路69号东山广场9楼918—920室</td><td></td><td></td></tr>
<tr><td>代理人姓名　曾旻辉　专利代理人　4422405754.2<br>　　　　　　　赵磊　　　工作证号　　4422408759.7</td><td colspan="2">电话　020-87323188-806</td></tr>
</table>

③

　　根据《中华人民共和国专利法》第四十五条及《中华人民共和国专利法实施细则》第六十四条规定对下述专利权提出无效宣告请求：

专利号 200730148751.9　　　　　　授权公告日 2008.06.04

专利权人（代表）　苹果公司

发明创造名称　声音或图像的记录或复制设备

<table>
<tr><td colspan="3" align="center">④　　　无效宣告请求的理由、范围及所依据的证据</td></tr>
<tr><td align="center">理　　由</td><td align="center">范　　围</td><td align="center">依据的证据</td></tr>
<tr><td>专利法第 23 条第　款<br>实施细则第　条第　款</td><td>权利要求</td><td>证据 1</td></tr>
<tr><td>专利法第 23 条第　款<br>实施细则第　条第　款</td><td>权利要求</td><td>证据 2</td></tr>
<tr><td>专利法第 23 条第　款<br>实施细则第　条第　款</td><td>权利要求</td><td>证据 3</td></tr>
<tr><td>专利法第 23 条第　款<br>实施细则第　条第　款</td><td>权利要求</td><td>证据 4</td></tr>
<tr><td>专利法第　条第　款<br>实施细则第 13 条第 1 款</td><td>权利要求</td><td>证据 5</td></tr>
<tr><td>专利法第　条第　款<br>实施细则第 13 条第 1 款</td><td>权利要求</td><td>证据 6</td></tr>
</table>

⑤结合证据对无效宣告请求理由的具体意见陈述


　　　　　请参见附页（共6页）


10601　　2002.1

APLPROS0000010670

# 专 利 权 无 效 宣 告 请 求 书

| ⑥　　附件清单 | | |
|---|---|---|
| 文件名称 | 份数及页数 | |
| ☒附件1：2008沪闵证字第3236号公证书复印件 | 2份，每份 6 页 | |
| ☒附件2：2004年第12期新潮电子封面、出版信息页、第60页 | 2份，每份 3 页 | |
| ☒附件3：2005年6月1日总第119期新潮电子封面、出版信息页、第45页 | 2份，每份 3 页 | |
| ☒附件4：2006年4月总第172期通信技术封面、出版信息页、第26页 | 2份，每份 3 页 | |
| ☒附件5：专利号为200730148719.0、名称为"移动式通讯装置"的中国外观设计专利图片或照片复印件 | 2份，每份 3 页 | |
| ☒附件6：专利号为200730148767.x、名称为"数据处理装置"的中国外观设计专利图片或照片复印件 | 2份，每份 3 页 | |
| ☐附件7 | 份，每份 页 | |
| ☐附件8 | 份，每份 页 | |
| ☐附件9 | 份，每份 页 | |
| ☐附件10 | 份，每份 页 | |

| ⑦无效宣告请求人或专利代理机构签章 | ⑧专利复审委员会处理意见 |
|---|---|
| （广州三环专利商标代理有限公司印章）<br>2008年10月17日 | 年　　月　　日 |

注意事项：

1. 根据专利法实施细则第六十六条的规定，无效宣告请求人可以在提出无效宣告请求之日起 1 个月内增加理由或者补充证据。逾期增加理由或者补充证据的，专利复审委员会可以不予考虑。

2. 根据《审查指南》第四部分第一章 14 节关于外文证据翻译的规定，当事人提交外文证据的，应当在提交该外文证据的同时提交所使用部分的中文译文。当事人未在提交外文证据的同时提交中文译文的，应当主动补正。在专利复审委员会书面通知指定期限内仍未补交的，该外文证据视为未提交。对方当事人对译文具体内容有异议的，应当对有异议的部分提交中文译文。必要时，可以委托双方当事人认可的单位进行全文、所使用部分或者有异议部分的翻译。双方当事人对委托翻译达不成协议的，专利复审委员会可以委托专业翻译单位进行全文、所使用部分或者有异议部分的翻译。委托翻译所需费由双方当事人各承担 50%；拒绝支付翻译费用的，视为其承认对方提交的译文正确。

3. 根据专利法实施细则第九十七条的规定，无效宣告请求人应当自提出请求之日起叁个月内，缴纳无效宣告请求费。期满未缴纳或者未缴足的，视为未提出无效宣告请求。

10601　2002.1

APLPROS0000010671

专利号：200730148751.9  名称：声音或图像的记录或复制设备    无效宣告请求书正文    共6页

国家知识产权局专利复审委员会：

请求人上海罗恩网络信息有限公司基于现有技术，认为专利号为200730148751.9、名称为"声音或图像的记录或复制设备"的外观设计专利不符合专利法的有关规定，现依据《中华人民共和国专利法》第二十三条、第四十五条以及《专利法实施细则》第六十四条之规定，向贵委员会提请宣告该专利权无效。

《中华人民共和国专利法》第二十三条规定："授予专利权的外观设计，应当同申请日以前在国内外出版物上公开发表过或者国内公开使用过的外观设计不相同和不相近似，并不得与他人在先取得的合法权利相冲突。"

《中华人民共和国专利法实施细则》第十三条第一款规定："同样的发明创造只能被授予一项专利。"

下列证据证明在本案专利申请日之前已经有相近似的外观设计在国外公开出版物上公开发表过，以及证明该本案专利不符合专利法实施细则第十三条第一款的规定。

具体证据如下：

证据1、（2008）沪闵证字第3236号公证书复印件；

证据2、2004年第12期新潮电子封面、出版信息页、第60页；

证据3、2005年6月1日总第119期新潮电子封面、出版信息页、第45页；

证据4、2006年4月总第172期通信技术封面、出版信息页、第26页；

APLPROS0000010672

证据 5、专利号为 200730148719.0、名称为 "移动式通讯装置" 的中国外观设计专利图片或照片复印件；

证据 6、专利号为 200730148767.x、名称为 "数据处理装置" 的中国外观设计专利图片或照片复印件。

一、本案专利明显不符合专利法第二十三条的规定。

证据 1 中是 2006 年 6 月 29 日网页公开的 LG 公司生产的一款 DMB MP3 播放器 FM35 产品。其公开日期早于本案专利的申请日期，也早于本案专利的优先权日期。证据 1 中公开的该款 FM35 播放器产品可以用来播放 MP3、WMA、OGG 等传统音频格式文件，支持 AVI 和 ASF 格式文件，此外增加了 DMB 技术的支持，可以通过这款播放器来收看 DMB 节目和广播等内容，通过连接电脑下载图片和文本等文件。首先，证据 1 公开的产品是播放器，具有记录和复制声音或图像的功能，因此，证据 1 公开的产品和本案专利产品的用途相同，属于相同类别的产品；其次，将证据 1 公开的产品与本案专利的六视图比较，二者的主视图均为一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方形，该长方形下方设有圆形按键；后视图也为一个竖置的长方形；左视图和右视图均为则分别是竖置的上下两侧弧形过渡的长方形。作为使用时容易看到的部位，主视图对整体视觉效果的影响较大，虽然本案专利主视图中长方形上方为长条形框，证据 1 中产品的主视图中为音乐符号，但是其本身尺寸较小，属于局部的细微变化，二者的区别对整体视觉效果不足以产生显著影

APLPROS0000010673

响。可见，本案专利与其申请日以前公开的证据 1 中的产品外观设计相近似。

证据 2 是 2004 年 12 月 1 日出版的第 12 期新潮电子杂志，该杂志出版日期早于本案专利申请时间，也早于本案申请的优先权日期。证据 2 中公开了一种多普达 818 智能手机图片。首先，证据 2 中公开的产品为智能手机，通常也具有记录或复制声音和图像的功能，因此，证据 2 中公开的产品与本案专利的产品的部分用途相同，属于相近类别的产品；其次，证据 2 中公开的多普达 818 智能手机的主视图同样是一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方形，该长方形上方设有条形框，下方设有按键。作为使用时容易看到的部位，主视图对整体视觉效果的影响较大，虽然本案专利与证据 2 中产品的条形框以及按键形状不同，但是其本身尺寸较小，属于局部的细微变化，二者的区别对整体视觉效果不足以产生显著影响。可见，本案专利与其申请日以前公开的证据 2 中的产品外观设计相近似。

证据 3 是 2005 年 6 月 1 日出版的总第 119 期的新潮电子杂志，该杂志的出版日期早于本案专利申请时间，也早于本案申请的优先权日期。证据 3 中公开了一种多普达 828+智能手机图片。首先，证据 3 中公开的产品为智能手机，通常也具有记录或复制声音和图像的功能，因此，证据 3 中公开的产品与本案专利的产品的部分用途相同，属于相近类别的产品；其次，证据 3 中公开的产品主视图同样是一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设

3

APLPROS0000010674

有一个竖置的长方形，该长方形上方设有条形框，下方设有按键。作为使用时容易看到的部位，主视图对整体视觉效果的影响较大，虽然本案专利与证据 3 中产品的按键形状不同，但是作为产品的惯常设计，其本身尺寸较小，属于局部的细微变化，二者的区别对整体视觉效果不足以产生显著影响。可见，本案专利与其申请日以前公开的证据 3 中的产品外观设计相近似。

证据 4 是 2006 年 4 月出版的总第 172 期通信技术杂志，该杂志出版日期早于本案专利申请时间，也早于本案申请的优先权日期。证据 4 中同样公开了一种多普达 828+智能手机图片。首先，证据 4 中公开的产品为智能手机，通常也具有记录或复制声音和图像的功能，因此，证据 4 中公开的产品与本案专利的产品的部分用途相同，属于相近类别的产品；其次，证据 4 中公开的多普达 828+智能手机的主视图同样是一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方形，该长方形上方设有条形框，下方设有按键。作为使用时容易看到的部位，主视图对整体视觉效果的影响较大，虽然本案专利与证据 4 中产品的条形框以及按键形状不同，但是作为产品的惯常设计，其本身尺寸较小，属于局部的细微变化，二者的区别对整体视觉效果不足以产生显著影响。可见，本案专利与其申请日以前公开的证据 4 中的产品外观设计相近似。

上述证据充分证明在本案专利的申请日之前，在该类产品设计中，产品是一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方形，该长方形上方设有条形框，下

4

APLPROS0000010675

方设有按键的设计，均为行业中的惯常设计，并且已经有相近似的外观设计在国内出版物上公开发表过，因此本案专利明显不符合专利法第二十三条的规定。

二、本案专利不符合专利法实施细则第十三条第一款的规定。

按照审查指南的相关规定，同样的外观设计是指两项外观设计相同或者相近似，外观设计相同是指被比设计与在先设计是同一类别的产品的外观设计，并且被比设计的全部外观设计要素与在先设计的相应要素相同，其中外观设计的要素是指形状、图案以及色彩。同一类别的产品是指用途完全相同的产品。所谓相近类别的产品是指用途接近的产品。只有对于相同或者相近类别的产品，才可能存在外观设计相近似的情况。应当注意的是，当产品具有多种用途时，如果其中部分用途相同，而其他用途不同，则二者应属于相近类别的产品。

证据5是专利号为200730148719.0、名称为"移动式通讯装置"的中国外观设计专利，其申请日期为2007年6月29日，与本案专利相同。首先，证据5的产品是移动式通讯装置，通常也具有播放音乐和下载图片文本的功能，因此，证据5公开的产品和本案专利产品的部分用途相同，属于相近类别的产品；其次，证据5中公开的主视图与本案专利完全一样，虽然二者后视图或左右视图中存在细微差异，但是主视图作为使用时容易看到的部位，其对整体视觉效果的影响较大，因此本案专利和证据5的外观设计整体视觉效果上不存在显著区别，两者属于相近似的外观设计。

5

APLPROS0000010676

专利号：200730148751.9   名称：声音或图像的记录或复制设备    无效宣告请求书正文     共 6 页

　　证据 6 是专利号为 200730148767.x、名称为"数据处理装置"的

中国外观设计专利，其申请日期为 2007 年 6 月 29 日，与本案专利相

同。首先，本案专利的产品是声音或图像的记录或复制设备，通常也

具有声音或图像数据下载和处理的功能，因此，证据 6 的产品和本案

专利产品的部分用途相同，属于相近类别的产品；其次，证据 6 中公

开的主视图与本案专利完全一样，虽然二者后视图或左右视图中存在

细微差异，但是主视图作为使用时容易看到的部位，其对整体视觉效

果的影响较大，因此本案专利和证据 6 的外观设计整体视觉效果上不

存在显著区别，两者属于相近似的外观设计。

　　上述证据充分证明本案专利与证据 5 和证据 6 分别是同样的外观

设计，不符合专利法实施细则第十三条第一款的规定。

　　综上所述，上述证据证明在本案专利申请日前已经有相近似的外

观设计在国内公开出版物上公开过，因此本案专利明显不符合专利法

第二十三条的规定，同时本案专利也不符合专利法实施细则第十三条

第一款的规定，特请求贵委员会完全无效该专利权。


　　　　　　　请求人：上海罗恩网络信息有限公司

　　　　　　　代理人：广州华进联合专利商标代理有限公司

　　　　　　　　　　　　　　业务专用章

　　　　　　　　　　　　曾旻辉　赵磊

　　　　　　　日期：2008 年 11 月 12 日

6

APLPROS0000010677

Chinese Design Patent No. 200730148751.9
Your Ref: APL1D562C.CN.6B
Our Ref: LIW080038

# Request for Declaring Invalidation

Patent Reexamination Board:

The petitioner  "Shanghai Leon Networks In formation Co. Ltd", on the basis of the prior art, considers that the Chinese design patent No. 200730148751.9, of which the title is "EQUIPMENT FOR RECORDING OR REPRODUCTION OF SOUNDS OR PICTURES", does not comply with corresponding provisions of the Chinese Patent Law. According to Art.23 and Art.45 of the Chinese Patent Law and Rule.64 of the Implementing Regulations of the Chinese Patent Law, the petitioner filed the request for declaring invalidation against the above mentioned design patent.

Under Art.23 of the Chinese Patent Law, "any design for which patent right may be granted must not be identical with and similar to any design which, before the date of filing, has been publicly disclosed in publications in the country or abroad or has been publicly used in the country, and must not be in conflict with any prior right of any other person".

Under Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law, "for any identical invention-creation, only one patent right shall be granted".

The following evidences are provided to prove that there are similar designs which have been publicly disclosed in publications before the date of filing of the present patent, so that the above mentioned patent for design does not comply with Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law.

The evidences are as follows:

Evidence 1: A copy of the notarial deed with a serial number of (2008) 3236 issued by Shanghai Minhang notarial office.

Evidence 2: The cover, publication information page and page 60 of the magazine "eFashion Magazine", the 12th issue of 2004.

Evidence 3: The cover, publication information page and page 45 of the magazine "eFashion Magazine", the 119th issue in total with a publish date of June 1, 2005.

Evidence 4: The cover, publication information page and page 26 of the magazine "Communication Technology" published on April. 2006 and the 172th issue in total.

APLPROS0000010678

Chinese Design Patent No. 200730148751.9
Your Ref: APL1D562C.CN.6B
Our Ref: LIW080038

Evidence 5: The copy of the drawings or photos of the Chinese patent for design No. 200730148719.0 with a title "MOBILE COMMUNICATION DEVICE".

Evidence 6: The copy of the drawings or photos of the Chinese patent for design No. 200730148767.X with a title "DATA PROCESSING DEVICE".

1. The present patent obviously does not comply with the provisions of Art.23 of the Chinese Patent Law.

Evidence 1 shows a DMB MP3 player FM35 produced by LG Company and disclosed at web pages on June. 29, 2006 that is prior to the filling date and the priority date of the present patent. Said MP3 player is not only adapted for playing the conventional audio information, such as MP3, WMA, OGG etc and supporting AVI and ASF files, but also is available for receiving DMB programs and broadcast etc. for watching and for downloading pictures and texts by connecting to a computer. Firstly, the product of Evidence 2 pertains to a player, which usually has the functions of playing music and downloading pictures and texts. Thus the product disclosed by evidence 1 partly shares the same function with the product of the present patent and they belong to the similar class of the International Classification for Industrial Designs. Secondly, by comparing the player disclosed by evidence 1 with the six views of the present patent, it can be seen that the front views of the both two products are upright rectangles with four arc shaped corners. A frame is disposed on the four sides with an upright rectangle formed within the frame and a round button provided under the rectangle. The rear view shows an upright rectangle and the left and right side views also show an upright rectangle with arc shaped upside and downside portions. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect. A strip-shaped frame is located above the inner rectangle in the front view of the present patent, and a music sign is located above the rectangle in the front view of evidence 1, but the difference between the strip-shaped frame and the music sign is not sufficient enough to make prominent influence to the whole visual effect due to its small size which can be considered as slight local changes. Thus, the designs of the present patent and the product of the evidence 1 disclosed before the filling date of the present patent are similar to each other.

Evidence 2 is the magazine "eFashion Magazine", the 12th issue of 2004, published on Dec. 1, 2004 that is prior to the filling date and the priority date of the present patent. Evidence 2 discloses a picture of a Dopod 818 intelligent mobile telephone. Firstly, evidence 2 discloses an intelligent mobile telephone usually has the function of recording or reproducing sound or pictures and thus belongs to the similar class with the product of the present patent. Secondly, it can be seen that the front view of the Dopod 818 intelligent mobile telephone disclosed in evidence 2 is an upright rectangle with arc shaped four corners. A

APLPROS0000010679

Chinese Design Patent No. 200730148751.9
Your Ref: APL1D562C.CN.6B
Our Ref: LIW080038

frame is disposed on the four sides with an upright inner rectangle formed within the frame. A strip-shaped frame is provided above the inner rectangle and a button is provided under the inner rectangle. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect. The present patent and the product disclosed in evidence 2 are different in the location of the strip-shaped frame and the shape of the button, but the difference between them is not sufficient enough to make prominent influence to the whole visual effect due to its small size which can be considered as slight local changes. Thus, the designs of the present patent and the product of the evidence 2 disclosed before the filing date of the present patent are similar to each other.

Evidence 3 is the magazine "eFashion Magazine", the 119th issue in total, published on Jun. 1, 2005 that is prior to the filing date and the priority date of the present patent. Evidence 3 discloses a picture of a Dopod 828+ intelligent mobile telephone. Firstly, evidence 3 discloses an intelligent mobile telephone which has the function of recording or reproducing sound or pictures and thus belongs to the similar class with the product of the present patent. Secondly, it can be seen that the front view of the Dopod 828+ intelligent mobile telephone disclosed in evidence 3 is an upright rectangle with arc shaped four corners. A frame is disposed on the four sides with an inner upright rectangle formed within the frame. A strip-shaped frame is provided above the inner rectangle and a button is provided under the inner rectangle. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect. The present patent and the product disclosed in evidence 3 are different in the shape of the button, but the difference between them, which can be considered as slight local changes and the conventional design for a product, is not sufficient enough to make prominent influence to the whole visual effect. Thus, the designs of the present patent and the product disclosed by evidence 3 disclosed before the filing date of the present patent are similar to each other.

Evidence 4 is the magazine "Communication Technology", the 172[th] issue in total, published on April. 2006 that is prior to the filing date and the priority date of the present patent. Evidence 4 discloses a picture of a Dopod 828+ intelligent mobile telephone. Firstly, evidence 4 discloses an intelligent mobile telephone which has the function of recording and reproducing sound and pictures and thus belongs to the similar class with the product of the present patent. Secondly, it can be seen that the front view of the Dopod 828+ intelligent mobile telephone disclosed in evidence 4 is an upright rectangle with arc shaped four corners. A frame is disposed on the four sides with an upright inner rectangle formed within the frame. A strip-shaped frame is provided above the inner rectangle and a button is provided under the inner rectangle. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect. The present patent and the product disclosed in

APLPROS0000010680

Chinese Design Patent No. 200730148751.9
Your Ref: APL1D562C.CN.6B
Our Ref: LIW080038

evidence 4 are different in the location of the strip-shaped frame and the shape of the button, but the difference between them, which can be considered as slight local changes, is not sufficient enough to make prominent influence to the whole visual effect. Thus, the designs of the present patent and the product disclosed by evidence 4 disclosed before the filling date of the present patent are similar to each other.

According to the above-mentioned evidences 1-4, it involves the conventional design in the field to design an equipment for recording or reproducing sound and pictures as an upright rectangle with arc shaped four corners wherein a frame is disposed on the four sides with an upright inner rectangle formed within the frame with a strip-shaped frame provided above the inner rectangle and button/buttons provided under the inner rectangle. In addition, similar designs have been publicly disclosed in publications in china. Therefore, the present patent obviously does not comply with Art.23 of the Chinese Patent Law.

2. The present patent does not comply with the provisions of Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law.

According to corresponding regulations of the Guidelines for Examination, two identical or similar deigns can be considered as the same design, identity of designs means that the design being examined and the prior design are designs for the same class of products, and all the design features of the design being examined and the corresponding design features of the prior design are identical, wherein design features mean the three features of shape, pattern and color of a design. The products of the same class refer to the products that have completely the same use. Products of approximate classes refer to products that have the similar use. Similarity of designs exists only among products that belong to the same class or approximate classes. It should be noted that for products having multiple uses, if some of the uses are the same and some are not, they are regarded as products of approximate classes.

Evidence 5 shows a Chinese patent for design No. 200730148719.0 with a title "MOBILE COMMUNICATION DEVICE", which has the same filing date of Jun. 29, 2007 as the present patent. Firstly, the product of Evidence 5 pertains to a mobile communication device which usually has the function of data download and playing music. Some of the uses of the product disclosed by evidence 5 and the present patent are identical, and thus the two products are regarded as products of approximate classes. Secondly, the front view disclosed in evidence 5 and that of the present patent are completely identical. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect despite the slight differences between the rear views or left side views and right side views of the two products. Therefore, the products of

4

APLPROS0000010681

Chinese Design Patent No. 200730148751.9
Your Ref: APL1D562C.CN.6B
Our Ref: LIW080038

evidence 5 and the present patent do not have prominent differences in the whole visual effect and posses the similarity.

Evidence 6 shows a Chinese patent for design No. 200730148767.x with a title "DATA PROCESSING DEVICE", which has the same filing date of Jun. 29, 2007 as the present patent. Firstly, the present patent pertains to an equipment for recording or reproducing sound and pictures which usually has the functions of playing music and downloading pictures and texts. Some of the uses of the product disclosed by evidence 6 and the present patent are identical, and thus the two products are regarded as products of approximate classes. Secondly, the front view disclosed in evidence 6 and that of the present patent are completely identical. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect despite the slight differences between the rear views or left side views and right side views of the two products. Therefore, the products of evidence 6 and the present patent do not have prominent differences in the whole visual effect and possess the similarity.

According to the above-mentioned evidences 5-6, the present patent and evidences 5-6 are identical designs, thereby failing to comply with Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law.

To sum up, the above-mentioned evidences prove that there are similar designs which have been publicly disclosed in publications in china before the date of filing of the present patent, so that the present patent obviously does not comply with Art.23 of the Chinese Patent Law and Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law. The petitioner therefore requests the Board to declare the above mentioned patent for design completely invalid.

Petitioner: Shanghai Leon Networks In formation Co. Ltd

Patent Attorney: Advance China I.P. Law Office

Zeng Minhui     Zhao Lei

Nov. 12, 2008

APLPROS0000010682

Patent Reexamination Board of the State Intellectual Property Office of the PRC

| | |
|---|---|
| Vantone New World Plaza, 8th Flr. <br><br> 2, Fuchengmenwai Street, Beijing 100037, China | Issued        on:Dec. <br><br> 11, 2008 |

| | |
|---|---|
| Patent No.: 200730148719.0 | PRB's Docket No.: W608509 |
| Title of the Invention: | MOBILE COMMUNICATION DEVICE |
| Petitionee (patentee): | APPLE INC. |
| Petitioner: | SHANGHAI LEON NETWORKS INFORMATION CO., LTD |

Notification for Acceptance of Request for Invalidation

To the Patentee:

The petitioner filed a request for invalidation of the captioned patent on Nov. 21, 2008. After a formal examination, the request is found to be in conformity with the provisions of the Chinese Patent Law and the Implementing Regulations of the Chinese Patent Law, and thus is accepted. The patentee is requested to make observations on the request for invalidation within **one month** of receipt of this notification. Failing to respond within said time limit will not affect the Patent Reexamination Board's examination thereof. The observations shall be submitted in two copies, with the PRB's docket number and the patent number indicated.

Pursuant to Rule 68 of the Implementing Regulations of the Chinese Patent Law,

during the examination of the request for invalidation, the patentee of a patent for invention or utility model may amend the claims, but cannot enlarge the protection scope of the original patent. The patentee of the patent for invention or utility model cannot amend the description and the drawings. The patentee of a patent for industrial design cannot amend the drawings, photographs and the brief explanation of the design.

Pursuant to Rule 70 of the Implementing Regulations of the Chinese Patent Law, during the examination of the request for invalidation, the deadlines specified by the Patent Reexamination Board shall not be extended.

Pursuant to provisions of Rule 71 of the Implementation of the Chinese Patent Law, before the Patent Reexamination Board makes a decision on the request for invalidation, the petitioner for invalidation may withdraw such a request. Where the petitioner for invalidation withdraws his request before the Patent Reexamination Board makes the decision, the procedures for examining the request for invalidation shall be terminated.

According to provisions relate to presenting evidence in a foreign language of the Section 2.2.1 of Part IV Chapter 8 of the Guidelines, where the party concerned submits evidence in a foreign language, he shall also submit the Chinese translation thereof. If he fails to submit the Chinese translation within the limit for producing evidences, the foreign language evidence shall be deemed not to have been submitted. The party concerned shall submit the Chinese translation in written form. If he fails to submit the Chinese translation in written form, the said Chinese translation shall be deemed not to have been submitted. The party concerned may submit the Chinese translation only for part of foreign language evidence. Other parts of the foreign language evidence without

APLPROS0000010684

Chinese translation being submitted shall not be taken as evidence, unless the Chinese translation for the other parts are subsequently submitted at the request of the Patent Reexamination Board. If the opposite party has objection to the contents of the Chinese translation, he shall submit the Chinese translation for the disputed parts within a specified time limit. Failure to submit the Chinese translation shall be deemed as having no objection to the translation. Where there is a dispute in the Chinese translation, if the both parties have reached an agreement as to the translation, the agreed translation shall be used; if the both parties cannot reach an agreement as to the translation, the Patent Reexamination Board may entrust a translator to translate when necessary. Where the both parties have reached an agreement on the translator, the Patent Reexamination Board may entrust the translator as agreed on by the both partied to translate, for the full text, the part to be used, or the part in dispute. Where the both parties cannot reach an agreement on the translator, the Patent Reexamination Board may entrust ex officio a professional translation agency to translate. The both parties shall respectively bear 50% of the translation fee for the entrusted translation. The party refusing to pay the translation fee shall be deemed to acknowledge that the Chinese translation submitted by the other party is correct.

Annex:

☒ "Request for Invalidation" and a copy of the attachments as listed therein.

APLPROS0000010685

☐   The supplementary opinion and a copy of the attachments as listed therein submitted by the petitioner on _____

The Patent Reexamination Board

APLPROS0000010686

打印N0798209  Pg 1

# 中华人民共和国国家知识产权局专利复审委员会



| 100037<br>北京市阜成门外大街2号万通新世界广场8层<br>中国国际贸易促进委员会专利商标事务所<br>范莉 | 发文日期：<br>专利复审委员会<br>2000 -12- 1 1<br>发 文 |
|---|---|

| 专 利 号：200730148719.0 | 案件编号：W608509 |
|---|---|
| 发明创造名称：移动式通讯装置 | |
| 专利权人：苹果公司 | |
| 无效宣告请求人：上海罗恩网络信息有限公司 | |

## 无 效 宣 告 请 求 受 理 通 知 书

专利权人：

2008 年 11 月 21 日无效宣告请求人对上栏所述专利权提出的无效宣告请求，经形式审查符合专利法及其实施细则和审查指南的有关规定，准予受理。请在收到本通知之日起壹个月内对该无效宣告请求陈述意见；期满未答复的，不影响专利复审委员会审理。意见陈述书请提交一式两份，并注明案件编号和专利号。

根据《中华人民共和国专利法实施细则》第六十八条的规定，在无效宣告请求的审查过程中，发明或者实用新型专利的专利权人可以修改其权利要求书，但是不得扩大原专利的保护范围。发明或者实用新型专利的专利权人不得修改专利说明书和附图，外观设计专利的专利权人不得修改图片、照片和简要说明。

根据《中华人民共和国专利法实施细则》第七十条的规定，在无效宣告请求审查程序中，专利复审委员会指定的期限不得延长。

根据《审查指南》第四部分第八章2．2．1节关于外文证据提交的规定，当事人提交外文证据的，应当提交中文译文，未在举证期限内提交中文译文的，该外文证据视为未提交。当事人应当以书面方式提交中文译文，未以书面方式提交中文译文的，该中文译文视为未提交。当事人可以仅提交外文证据的部分中文译文。该外文证据中没有提交中文译文的部分，不作为证据使用。但当事人应专利复审委员会的要求补充提交该外文证据其他部分的中文译文的除外。对方当事人对中文译文内容有异议的，应当在指定的期限内对有异议的部分提交中文译文。没有提交中文译文的，视为无异议。对中文译文出现异议时，双方当事

---

回函请直寄：100088 北京海淀区蓟门桥西土城路6号   国家知识产权局专利复审委员会
20603   2006.7

APLPROS0000010687

打印ID798209   Pg 2

人就异议部分达成一致意见的，以双方最终认可的中文译文为准。双方当事人未能就异议部分达成一致意见的，必要时，专利复审委员会可以委托翻译。双方当事人就委托翻译达成协议的，专利复审委员会可以委托双方当事人认可的翻译单位进行全文、所使用部分或者有异议部分的翻译。双方当事人就委托翻译达不成协议的，专利复审委员会可以自行委托专业翻译单位进行翻译。委托翻译所需翻译费用由双方当事人各承担 50%；拒绝支付翻译费用的，视为其承认对方当事人提交的中文译文正确。

　　随本通知书将下列文件转送专利权人：

　　☒ 《专利权无效宣告请求书》及其附件清单中所列附件副本。

　　☐ 无效宣告请求人于——年——月——日提交的补充意见及其附件清单中所列附件副本。

　　☐



审查员：万琦

回函请直寄：100088 北京海淀区蓟门桥西土城路 6 号　国家知识产权局专利复审委员会
20603　2006.7

APLPROS0000010688

打印ID798209   Pg3

# 专 利 权 无 效 宣 告 请 求 书

请按照本表背面"填表注意事项"正确填写本表各栏

<table>
<tr><td rowspan="2">①<br>无<br>效<br>宣<br>告<br>请<br>求<br>人</td><td>姓名或名称<br>（代　表）</td><td colspan="2">上海罗恩网络信息有限公司</td><td>国籍或所<br>在地国家</td><td>中国</td></tr>
<tr><td>邮政<br>编码</td><td>地址<br>上海市漕溪路二五０号Ｂ１七０四室</td><td></td><td>联系人姓名<br>电话</td><td></td></tr>
<tr><td rowspan="3">②<br>专<br>利<br>代<br>理<br>机<br>构</td><td>名称<br>广州华进联合专利商标代理有限公司</td><td colspan="2"></td><td>专利代理机构<br>代　码</td><td>44224</td></tr>
<tr><td>邮政<br>编码　510095</td><td colspan="3">地址　广州市先烈中路69号东山广场9楼918—920室</td><td></td></tr>
<tr><td>代理人姓名　曾旻辉<br>赵磊</td><td colspan="2">专利代理人　4422405754.2<br>工作证号　4422408759.7</td><td colspan="2">电话　020-87323188-806</td></tr>
</table>

③
　　根据《中华人民共和国专利法》第四十五条及《中华人民共和国专利法实施细则》第六十四条规定对下述专利权提出无效宣告请求:

专利号 200730148719.0　　　　　　　授权公告日　2008.06.04

专利权人（代表）　苹果公司

发明创造名称　移动式通讯装置

<table>
<tr><td colspan="3">④　　　无效宣告请求的理由、范围及所依据的证据</td></tr>
<tr><td>理　　　由</td><td>范　　　围</td><td>依据的证据</td></tr>
<tr><td>专利法第 23 条第　款<br>实施细则第　条第　款</td><td>权利要求</td><td>证据 1</td></tr>
<tr><td>专利法第 23 条第　款<br>实施细则第　条第　款</td><td>权利要求</td><td>证据 2</td></tr>
<tr><td>专利法第 23 条第　款<br>实施细则第　条第　款</td><td>权利要求</td><td>证据 3</td></tr>
<tr><td>专利法第 23 条第　款<br>实施细则第　条第　款</td><td>权利要求</td><td>证据 4</td></tr>
<tr><td>专利法第　条第　款<br>实施细则第 13 条第 1 款</td><td>权利要求</td><td>证据 5</td></tr>
<tr><td>专利法第　条第　款<br>实施细则第 13 条第 1 款</td><td>权利要求</td><td>证据 6</td></tr>
</table>

⑤结合证据对无效宣告请求理由的具体意见陈述

请参见附页（共６页）

10601　　2002.1

APLPROS0000010689

# 专 利 权 无 效 宣 告 请 求 书

| ⑥　　附件清单 | | |
|---|---|---|
| 文件名称 | 份数及页数 | |
| ☒附件1：2008 沪闵证字第 3236 号公证书复印件 | 2 份，每份 6 页 | |
| ☒附件2：2004 年第 12 期新潮电子封面、出版信息页、第 60 页 | 2 份，每份 3 页 | |
| ☒附件3：2005 年 6 月 1 日总第 119 期新潮电子封面、出版信息页、第 45 页 | 2 份，每份 3 页 | |
| ☒附件4：2006 年 4 月总第 172 期通信技术封面、出版信息页、第 26 页 | 2 份，每份 3 页 | |
| ☒附件5：专利号为 200730148751.9、名称为"声音或图像的记录或复制设备"的中国外观设计专利图片或照片复印件 | 2 份，每份 3 页 | |
| ☒附件6：专利号为 200730148767.x、名称为"数据处理装置"的中国外观设计专利图片或照片复印件 | 2 份，每份 3 页 | |
| ☐附件 7 | 份，每份 页 | |
| ☐附件 8 | 份，每份 页 | |
| ☐附件 9 | 份，每份 页 | |
| ☐附件 10 | 份，每份 页 | |

| ⑦无效宣告请求人或专利代理机构签章 | ⑧专利复审委员会处理意见 |
|---|---|
| 广州华进联合专利商标代理有限公司<br>业务专用章<br>2008 年 11 月 12 日 | 年　月　日 |

注意事项：

1. 根据专利法实施细则第六十六条的规定，无效宣告请求人可以在提出无效宣告请求之日起 1 个月内增加理由或者补充证据。逾期增加理由或者补充证据的，专利复审委员会可以不予考虑。

2. 根据《审查指南》第四部分第一章 14 节关于外文证据翻译的规定，当事人提交外文证据的，应当在提交该外文证据的同时提交所使用部分的中文译文。当事人未在提交外文证据的同时提交中文译文的，应当主动补正。在专利复审委员会书面通知指定期限内仍未补交的，该外文证据视为未提交。对方当事人对译文具体内容有异议的，应当对有异议的部分提交中文译文。必要时，可以委托双方当事人认可的单位进行全文、所使用部分或者有异议部分的翻译。双方当事人对委托翻译达不成协议的，专利复审委员会可以委托专业翻译单位进行全文、所使用部分或者有异议部分的翻译。委托翻译所需费用由双方当事人各承担 50%；拒绝支付付翻译费用的，视为其承认对方提交的译文正确。

3. 根据专利法实施细则第九十七条的规定，无效宣告请求人应当自提出请求之日起壹个月内，缴纳无效宣告请求费。期满未缴纳或者未缴足的，视为未提出无效宣告请求。

10601　2002.1

APLPROS0000010690

专利号：200730148719.0   名称：移动式通讯装置   无效宣告请求书正文              共 6 页

国家知识产权局专利复审委员会：

请求人上海罗恩网络信息有限公司基于现有技术，认为专利号为 200730148719.0、名称为"移动式通讯装置"的外观设计专利不符合专利法的有关规定，现依据《中华人民共和国专利法》第二十三条、第四十五条以及《专利法实施细则》第六十四条之规定，向贵委员会提请宣告该专利权无效。

《中华人民共和国专利法》第二十三条规定："授予专利权的外观设计，应当同申请日以前在国内外出版物上公开发表过或者国内公开使用过的外观设计不相同和不相近似，并不得与他人在先取得的合法权利相冲突。"

《中华人民共和国专利法实施细则》第十三条第一款规定："同样的发明创造只能被授予一项专利。"

下列证据证明在本案专利申请日之前已经有相近似的外观设计在国外公开出版物上公开发表过，以及证明该本案专利不符合专利法实施细则第十三条第一款的规定。

具体证据如下：

证据 1、（2008）沪闵证字第 3236 号公证书复印件；

证据 2、2004 年第 12 期新潮电子封面、出版信息页、第 60 页；

证据 3、2005 年 6 月 1 日总第 119 期新潮电子封面、出版信息页、第 45 页；

证据 4、2006 年 4 月总第 172 期通信技术封面、出版信息页、第 26 页；

1

APLPROS0000010691

ITRND798209   Pg 6

专利号：200730148719.0   名称：移动式通讯装置   无效宣告请求书正文                共 6 页

证据 5、专利号为 200730148751.9、名称为"声音或图像的记录或复制设备"的中国外观设计专利图片或照片复印件；

证据 6、专利号为 200730148767.x、名称为"数据处理装置"的中国外观设计专利图片或照片复印件。

一、本案专利明显不符合专利法第二十三条的规定。

证据 1 中是 2006 年 6 月 29 日网页公开的 LG 公司生产的一款 DMB MP3 播放器 FM35。其公开日期早于本案专利的申请日期，也早于本案专利的优先权日期。证据 1 中公开的该款 FM35 播放器产品可以用来播放 MP3、WMA、OGG 等传统音频格式文件，支持 AVI 和 ASF 格式文件，此外增加了 DMB 技术的支持，可以通过这款播放器来收看 DMB 节目和广播等内容，通过连接电脑下载图片和文本等文件。首先，本案专利的产品是移动式通讯装置，通常也具有播放音乐和下载图片文本的功能，因此，证据 1 公开的产品和本案专利产品的部分用途相同，属于相近类别的产品；其次，将证据 1 公开的产品与本案专利的六视图比较，二者的主视图均为一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方形，该长方形下方设有圆形按键；后视图也为一个竖置的长方形；左视图和右视图均为则分别是竖置的上下两侧弧形过渡的长方形。作为使用时容易看到的部位，主视图对整体视觉效果的影响较大，虽然本案专利主视图中长方形上方为长条形框，证据 1 中主视图中为音乐符号，但是其本身尺寸较小，属于局部的细微变化，二者的区别对整体视觉效果不足以产生

2

APLPROS0000010692

显著影响。可见，本案专利与其申请日以前公开的证据 1 中的产品外观设计相近似。

证据 2 是 2004 年 12 月 1 日出版的第 12 期新潮电子杂志，该杂志出版日期早于本案专利申请时间，也早于本案申请的优先权日期。证据 2 中公开了一种多普达 818 智能手机图片。首先，证据 2 中公开的产品为智能手机，与本案专利的移动式通讯装置属于同类产品；其次，证据 2 中公开的多普达 818 智能手机的主视图同样是一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方形，该长方形上方设有条形框，下方设有按键。作为使用时容易看到的部位，主视图对整体视觉效果的影响较大，虽然本案专利与证据 2 中产品的条形框位置以及按键形状不同，但是作为手机产品的惯常设计，其本身尺寸较小，属于局部的细微变化，二者的区别对整体视觉效果不足以产生显著影响。可见，本案专利与其申请日以前公开的证据 2 中的产品外观设计相近似。

证据 3 是 2005 年 6 月 1 日出版的总第 119 期的新潮电子杂志，该杂志的出版日期早于本案专利申请时间，也早于本案申请的优先权日期。证据 3 中公开了一种多普达 828+智能手机图片。首先，证据 3 中公开的产品为智能手机，与本案专利的移动式通讯装置属于同类产品；其次，证据 3 中公开的多普达 828+智能手机的主视图同样是一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方形，该长方形上方设有条形框，下方设有按键。作为使用时容易看到的部位，主视图对整体视觉效果的影响较大，虽

APLPROS0000010693

专利号：200730148719.0   名称：移动式通讯装置   无效宣告请求书正文           共 6 页

然本案专利与证据 3 中产品的按键形状不同，但是作为手机产品的惯常设计，属于局部的细微变化，二者的区别对整体视觉效果不足以产生显著影响。可见，本案专利与其申请日以前公开的证据 3 中的产品外观设计相近似。

证据 4 是 2006 年 4 月出版的总第 172 期通信技术杂志，该杂志出版日期早于本案专利申请时间，也早于本案申请的优先权日期。证据 4 中同样公开了一种多普达 828+智能手机图片。首先，证据 4 中公开的产品为智能手机，与本案专利的移动式通讯装置属于同类产品；其次，证据 4 中公开的多普达 828+智能手机的主视图同样是一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方形，该长方形上方设有条形框，下方设有按键。作为使用时容易看到的部位，主视图对整体视觉效果的影响较大，虽然本案专利与证据 4 中产品的条形框以及按键形状不同，但是作为手机产品的惯常设计，其本身尺寸较小，属于局部的细微变化，二者的区别对整体视觉效果不足以产生显著影响。可见，本案专利与其申请日以前公开的证据 4 中的产品外观设计相近似。

上述证据充分证明在本案专利的申请日之前，在手机产品设计中，产品是一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方形，该长方形上方设有条形框，下方设有按键的设计，以及将条形框作为手机话筒或者听筒位置的设计，均为行业中的惯常设计，并且已经有相近似的外观设计在国内出版物上公开发表过，因此本案专利明显不符合专利法第二十三条的规

4

APLPROS0000010694

定。

　　二、 本案专利不符合专利法实施细则第十三条第一款的规定。

　　按照审查指南的相关规定，同样的外观设计是指两项外观设计相同或者相近似，外观设计相同是指被比设计与在先设计是同一类别的产品的外观设计，并且被比设计的全部外观设计要素与在先设计的相应要素相同，其中外观设计的要素是指形状、图案以及色彩。同一类别的产品是指用途完全相同的产品。所谓相近类别的产品是指用途接近的产品。只有对于相同或者相近类别的产品，才可能存在外观设计相近似的情况。应当注意的是，当产品具有多种用途时，如果其中部分用途相同，而其他用途不同，则二者应属于相近类别的产品。

　　证据 5 是专利号为 200730148751.9、名称为 "声音或图像的记录或复制设备" 的中国外观设计专利，其申请日期为 2007 年 6 月 29 日，与本案专利相同。首先，本案专利的产品是移动式通讯装置，通常也具有播放音乐和下载图片文本的功能，因此，证据 5 公开的产品和本案专利产品的部分用途相同，属于相近类别的产品；其次，证据 5 中公开的主视图与本案专利完全一样，虽然二者后视图或左右视图中存在细微差异，但是主视图作为使用时容易看到的部位，其对整体视觉效果的影响较大，因此本案专利和证据 5 的外观设计整体视觉效果上不存在显著区别，两者属于相近似的外观设计。

　　证据 6 是专利号为 200730148767.x、名称为 "数据处理装置" 的中国外观设计专利，其申请日期为 2007 年 6 月 29 日，与本案专利相

APLPROS0000010695

同。首先，本案专利的产品是移动式通讯装置，通常也具有数据下载和处理的功能，因此，证据 6 的产品和本案专利产品的部分用途相同，属于相近类别的产品；其次，证据 6 中公开的主视图与本案专利完全一样，虽然二者后视图或左右视图中存在细微差异，但是主视图作为使用时容易看到的部位，其对整体视觉效果的影响较大，因此本案专利和证据 6 的外观设计整体视觉效果上不存在显著区别，两者属于相近似的外观设计。

上述证据充分证明本案专利与证据 5 和证据 6 分别是同样的外观设计，不符合专利法实施细则第十三条第一款的规定。

综上所述，上述证据证明在本案专利申请日前已经有相近似的外观设计在国内公开出版物上公开过，因此本案专利明显不符合专利法第二十三条的规定，同时本案专利也不符合专利法实施细则第十三条第一款的规定，特请求贵委员会完全无效该专利权。

请求人：上海罗恩网络信息有限公司

代理人：广州华进联合专利商标代理有限公司

曾昱辉 赵

业务专用章

日期：2008 年 11 月 12 日

6

APLPROS0000010696

Re: Chinese Design Patent No. 200730148719.0;
You Ref: APL1D562A.CN.A
Our Ref: LIW080036

# Request for Declaring Invalidation

Patent Reexamination Board:

The petitioner  "Shanghai Leon Networks In formation Co. Ltd", on the basis of the prior art, considers that the Chinese design patent No. 200730148719.0, of which the title is "MOBILE COMMUNICATION DEVICE", does not comply with corresponding provisions of the Chinese Patent Law. According to Art.23 and Art.45 of the Chinese Patent Law and Rule.64 of the Implementing Regulations of the Chinese Patent Law, the petitioner filed the request for declaring invalidation against the above mentioned design patent.

Under Art.23 of the Chinese Patent Law, "any design for which patent right may be granted must not be identical with and similar to any design which, before the date of filing, has been publicly disclosed in publications in the country or abroad or has been publicly used in the country, and must not be in conflict with any prior right of any other person".

Under Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law, "for any identical invention-creation, only one patent right shall be granted".

The following evidences are provided to prove that there are similar designs which have been publicly disclosed in publications before the date of filing of the present patent, so that the above mentioned patent for design does not comply with Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law.

The evidences are as follows:

Evidence 1: A copy of the notarial deed with a serial number of (2008) 3236 issued by Shanghai Minhang notarial office.

Evidence 2: The cover, publication information page and page 60 of the magazine "eFashion Magazine", the 12th issue of 2004.

Evidence 3: The cover, publication information page and page 45 of the magazine "eFashion Magazine", the 119th issue in total with a publish date of June 1, 2005.

Evidence 4: The cover, publication information page and page 26 of the magazine "Communication Technology" published on April. 2006 and the 172th issue in total.

1

APLPROS0000010697

Re: Chinese Design Patent No. 200730148719.0;
You Ref: APL1D562A.CN.A
Our Ref: LIW080036

Evidence 5: The copy of the drawings or photos of the Chinese patent for design No. 200730148751.9 with a title "EQUIPMENT FOR RECORDING OR REPRODUCTION OF SOUNDS OR PICTURES".

Evidence 6: The copy of the drawings or photos of the Chinese patent for design No. 200730148767.x with a title "DATA PROCESSING DEVICE".

1. The present patent obviously does not comply with the provisions of Art.23 of the Chinese Patent Law.

Evidence 1 shows a DMB MP3 player FM35 produced by LG Company and disclosed at web pages on June. 29, 2006 that is prior to the filling date and the priority date of the present patent. Said MP3 player is not only adapted for playing the conventional audio information, such as MP3, WMA, OGG etc and supporting AVI and ASF files, but also is available for receiving DMB programs and broadcast etc. for watching and for downloading pictures and texts by connecting to a computer. Firstly, the present patent pertains to a mobile communication device which usually has the functions of playing music and downloading pictures and texts. Thus the product disclosed by evidence 1 partly shares the same function with the product of the present patent and they belong to the similar class of the International Classification for Industrial Designs. Secondly, by comparing the player disclosed by evidence 1 with the six views of the present patent, it can be seen that the front views of the both two products are upright rectangles with four arc shaped corners. A frame is disposed on the four sides with an upright rectangle formed within the frame and a round button provided under the rectangle. The rear view shows an upright rectangle and the left and right side views also show an upright rectangle with arc shaped upside and downside portions. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect. A strip-shaped frame is located above the inner rectangle in the front view of the present patent, and a music sign is located above the rectangle in the front view of evidence 1, but the difference between the strip-shaped frame and the music sign is not sufficient enough to make prominent influence to the whole visual effect due to its small size which can be considered as slight local changes. Thus, the designs of the present patent and the product of the evidence 1 disclosed before the filling date of the present patent are similar to each other.

Evidence 2 is the magazine "eFashion Magazine", the 12th issue of 2004, published on Dec. 1, 2004 that is prior to the filling date and the priority date of the present patent. Evidence 2 discloses a picture of a Dopod 818 intelligent mobile telephone. Firstly, evidence 2 discloses an intelligent mobile telephone which belongs to the similar class with the mobile communication device of the present patent. Secondly, it can be seen that the front view of the Dopod 818

2

APLPROS0000010698

Re: Chinese Design Patent No. 200730148719.0;
You Ref: APL1D562A.CN.A
Our Ref: LIW080036

intelligent mobile telephone disclosed in evidence 2 is an upright rectangle with arc shaped four corners. A frame is disposed on the four sides with an upright inner rectangle formed within the frame. A strip-shaped frame is provided above the inner rectangle and a button is provided under the inner rectangle. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect. The present patent and the product disclosed in evidence 2 are different in the location of the strip-shaped frame and the shape of the button, but the difference between them is not sufficient enough to make prominent influence to the whole visual effect due to its small size which can be considered as slight local changes and the conventional design for a mobile telephone. Thus, the designs of the present patent and the product of the evidence 2 disclosed before the filing date of the present patent are similar to each other.

Evidence 3 is the magazine "eFashion Magazine", the 119th issue in total, published on Jun. 1, 2005 that is prior to the filing date and the priority date of the present patent. Evidence 3 discloses a picture of a Dopod 828+ intelligent mobile telephone. Firstly, evidence 3 discloses an intelligent mobile telephone which belongs to the similar class with the mobile communication device of the present patent. Secondly, it can be seen that the front view of the Dopod 828+ intelligent mobile telephone disclosed in evidence 3 is an upright rectangle with arc shaped four corners. A frame is disposed on the four sides with an inner upright rectangle formed within the frame. A strip-shaped frame is provided above the inner rectangle and a button is provided under the inner rectangle. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect. The present patent and the product disclosed in evidence 3 are different in the shape of the button, but the difference between them, which can be considered as slight local changes and the conventional design for a mobile telephone, is not sufficient enough to make prominent influence to the whole visual effect. Thus, the designs of the present patent and the product disclosed by evidence 3 disclosed before the filing date of the present patent are similar to each other.

Evidence 4 is the magazine "Communication Technology", the 172[th] issue in total, published on April. 2006 that is prior to the filing date and the priority date of the present patent. Evidence 4 discloses a picture of a Dopod 828+ intelligent mobile telephone. Firstly, evidence 4 discloses an intelligent mobile telephone which belongs to the similar class with the mobile communication device of the present patent. Secondly, it can be seen that the front view of the Dopod 828+ intelligent mobile telephone disclosed in evidence 4 is an upright rectangle with arc shaped four corners. A frame is disposed on the four sides with an upright inner rectangle formed within the frame. A strip-shaped frame is provided above the inner rectangle and a button is provided under the inner rectangle. The front view, which shows the parts easily seen in use, makes a

APLPROS0000010699

Re: Chinese Design Patent No. 200730148719.0;
You Ref: APL1D562A.CN.A
Our Ref: LIW080036

greater influence on the whole visual effect. The present patent and the product disclosed in evidence 4 are different in the location of the strip-shaped frame and the shape of the button, but the difference between them, which can be considered as slight local changes and the conventional design for a mobile telephone, is not sufficient enough to make prominent influence to the whole visual effect. Thus, the designs of the present patent and the product disclosed by evidence 4 disclosed before the filling date of the present patent are similar to each other.

According to the above-mentioned evidences 1-4, it involves the conventional design in the field to design a mobile telephone as an upright rectangle with arc shaped four corners wherein a frame is disposed on the four sides with an upright inner rectangle formed within the frame with a strip-shaped frame, where the mouthpiece and the handset locates, provided above the inner rectangle and button/buttons provided under the inner rectangle. In addition, similar designs have been publicly disclosed in publications in china. Therefore, the present patent obviously does not comply with Art.23 of the Chinese Patent Law.

2. The present patent does not comply with the provisions of Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law.

According to corresponding regulations of the Guidelines for Examination, two identical or similar deigns can be considered as the same design, identity of designs means that the design being examined and the prior design are designs for the same class of products, and all the design features of the design being examined and the corresponding design features of the prior design are identical, wherein design features mean the three features of shape, pattern and color of a design. The products of the same class refer to the products that have completely the same use. Products of approximate classes refer to products that have the similar use. Similarity of designs exists only among products that belong to the same class or approximate classes. It should be noted that for products having multiple uses, if some of the uses are the same and some are not, they are regarded as products of approximate classes.

Evidence 5 shows a Chinese patent for design No. 200730148751.9 with a title "EQUIPMENT FOR RECORDING OR REPRODUCTION OF SOUNDS OR PICTURES", which has the same filling date of Jun. 29, 2007 as the present patent. Firstly, the present patent pertains to a mobile communication device which usually has the functions of playing music and downloading pictures and texts. Some of the uses of the product disclosed by evidence 5 and the present patent are identical, and thus the two products are regarded as products of approximate classes. Secondly, the front view disclosed in evidence 5 and that of the present patent are completely identical. The front view, which shows the

APLPROS0000010700