QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO SEAL PORTIONS OF THE MARCH 27, 2012 HEARING TRANSCRIPT (DKT. 855)**<br><br>Date:   June 5, 2012<br>Time:   10:00 a.m.<br>Place:  Courtroom 5, 4th Floor<br>Judge:  Hon. Paul S. Grewal |

That Apple opposes Samsung's motion to seal specific lines – often limited to words, figures, and phrases – of the March 27 hearing Transcript that disclose Samsung's trade secrets and confidential business information is baffling.  As counsel for Apple admitted during the hearing, "in order to argue [the motions] accurately, [he had to] actually quote from documents that have been marked attorneys' eyes only."  (Transcript at 4:5-9.)  While the Court recommended that the parties "avoid disclosing the contents and substance of the papers," (Transcript at 4:14-15) both parties discussed the contents of documents designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the protective order.  Several times, before quoting from the under-seal documents, Apple's counsel acknowledged that he was discussing confidential information, but did not know "how to talk" about the documents without revealing the substance.  (*See, e.g.*, Transcript at 13:12-14; 44:2-8.)  This is unsurprising.  For much of the day, the parties were engaged in, as Apple calls it, a "vigorous oral argument" (Apple Opp. (Dkt. 916) at 1) about whether specific documents and deposition testimony demonstrated unique, first-hand knowledge of high-ranking Samsung executives that warranted depositions.  It would have been nearly impossible for the parties to argue the issue *without* discussing the contents of the documents.  Accordingly, the overwhelming majority of the portions of the Transcript Samsung requests sealed are from the arguments regarding Samsung's apex witnesses. The second motion argued on March 27, whether the failure to timely produce certain documents warranted sanctions, necessitated a limited discussion of the contents of documents and deposition testimony as well.

### A. Samsung Need Only Show "Good Cause" To Seal Portions Of The Hearing Transcript

Apple relies almost entirely on *TriQuint SemiConductor, Inc. v. Avago Techs. Ltd.*, a recent decision from the District of Arizona, for the proposition that a party seeking to seal a hearing transcript must meet the "compelling reasons" standard.  (Apple Opp. at 2-4.) However, Apple fails to mention that *TriQuint* involved a motion to seal the transcript of a hearing

on a motion for summary judgment, not the transcript of a hearing on a non-dispositive discovery motion.   No. CV-09-1531-PHX-JAT, 2012 WL 1432519 at *1-*2 (D. Ariz. April 25, 2012).[1] The court in *TriQuint* specifically applied the Ninth Circuit's *Kamakana* standard and held that a party seeking to seal portions of a summary judgment record, a dispositive motion, must demonstrate compelling reasons.   2012 WL 1432519, at *1-*2; *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).   However, as the court explained in *Kamakana*, "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials."   *Id.* at 1179-80.

The Ninth Circuit treats judicial records related to dispositive motions differently from records related to non-dispositive motions (*Kamakana*, 447 F.3d at 1180) for good reason.   If a party could force its opponents to publicize the contents of documents designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY" under a protective order by merely filing a non-dispositive discovery motion, court files could turn into a "vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978).   The risk is especially prevalent where, as here, a court has already "determined that 'good cause' exists to protect [the] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality" by issuing a protective order.   *Kamakana*, 447 F.3d at 1180.   Apple wants the Court and Samsung to reveal the contents of confidential documents even though the documents themselves are subject to a protective order.

Apple has cited no authority, and Samsung has been unable to find any, to support its claim that a party seeking to seal portions of a transcript of a hearing on a non-dispositive discovery motion must meet the "compelling reasons" standard.   To the contrary, other courts that have considered the issue hold that a party need only show good cause to seal portions of hearing transcripts on discovery matters.   *See Pfizer, Inc. v. Teva Pharmaceuticals USA, Inc.*,

---

[1]   Likewise, *Platypus Wear, Inc. v. U.S. Fidelity and Guar. Co.*, another case Apple relies on, involved a transcript of a settlement that was placed on the record by the parties, not a hearing on a non-dispositive discovery motion.   No. 09-2839-JLS, 2010 WL 4055540, at *1-*3 (S.D. Cal. Oct. 15, 2010).

1  Nos. 08-1331 (DMC), 08-2137 (DMC), 2010 WL 2710566, at *2 (D.N.J. July 7, 2010) (noting
2  that the common law presumption of public access is "overcome by a showing of good cause").[2]

### B. Samsung Has Demonstrated Good Cause To Request The Sealing

#### 1. Samsung's Request Is Narrowly Tailored

Apple's repeated assertions that Samsung seeks to seal "over 100 sections" of the Transcript is disingenuous. (Apple Opp. at 1, 5.) The highlighted copy of the Transcript Samsung served along with its Motion reflect Samsung's request that the Court only seal specific words, phrases, and lines that contain commercially sensitive information. (*See, e.g.* Transcript at 22:16-17, 20; 23:1, 3; 31:18, 2-21; 33:24-25; 35:22; 36:23-24; 43:8, 14; 46:18; 69:3-8; 79:7-8; 121:24-25.)

#### 2. Samsung Seeks To Seal Commercially Sensitive Business Information

The documents and deposition transcripts discussed during the hearing, the contents of which Samsung requests sealed, contain commercially sensitive business information, including how Samsung designs its products, the functionality of various designs and features, information about what features and designs were considered important, the organizational structure of various Samsung entities, and the results of Samsung's research of the competitive market place. *See* Declarations of Hankil Kang in Support of Samsung's Administrative Motions to File Documents Under Seal (Dkts. 754, 773, and 819); Declarations of Melissa Chan in Support of Apple's and Samsung's Administrative Motions to File Documents Under Seal (Dkts. 739, 758, and 791). This is exactly the type of "proprietary information that, if revealed to [] competitors, could have serious consequences for" Samsung's business. *Richardson v. Mylan Inc.*, No. 09-CV-1041-JM, 2011 WL 837148, at *2 (S.D. Cal. March 9, 2011) (granting motion to seal portions of trial transcript).

---

[2] The court in *Pfizer* denied without prejudice the plaintiff's motion to "redact countless pages" of the hearing transcript, a far cry from Samsung's limited request. 2010 WL 2710566, at *4 Moreover, the plaintiffs failed to follow the local rules in making their request. *Id.* at *4-*6.

1  The Transcript also reveals the contents of documents related to the development of
2  products and features that are not at issue in this action.  (*See, e.g.*, Transcript at 31: 5-8, 10-12,
3  18, 20-21; 37: 11-12, 14-17, 19-24; 44:21-25; 45:2; 47:8-10, 12-15, 22-23; 49:2-5, 8-12; 86:9-13.)
4  Where a hearing transcript relates to "the development of [products] not at issue in [the] case,"
5  courts have stepped in to prevent disclosure of confidential information, especially where the
6  information includes "confidential and trade secret business plans."  *Bethesda Softworks, LLC v.*
7  *Interplay Entertainment Corp.*, No. DKC 09-2357, 2010 WL 3781660, at *10 (D. Md. Sept. 23,
8  2010) (granting motion to seal portions of hearing transcript).

   3.  <u>Samsung's Interest In Confidentiality Outweighs The Public's Interest In Access</u>

11  It is undisputed that the two motions argued on March 27 were "unrelated, or only
12  tangentially related, to the underlying causes of action."  *Kamakana*, 447 F.3d at 1179 (internal
13  quotations omitted).  It is telling that Apple has made no effort to argue that the public's
14  understanding of the judicial process would be enhanced by disclosure of Samsung's confidential
15  business information.  While the confidential information in the Transcript would harm
16  Samsung's business interests and be of value to its competitors, it is of little use to the "general
17  public in terms of enhancing its understanding [of] the judicial process."  *Richardson*, 2011 WL
18  837148, at *2.  The public versions of the parties' papers and the Court's orders on the two
19  motions heard on March 27 provide a sufficient roadmap of the parties' arguments and the Court's
20  rationale.  The nuanced details discussed during the hearing provide little, if any, additional
21  context.

**CONCLUSION**

23  For the foregoing reasons, Samsung respectfully requests that the Court grant its Motion to
24  Seal Portions of the March 27, 2012 Hearing Transcript.

| | |
|---|---|
| DATED: May 18, 2012 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By  */s/ Victoria Maroulis*<br>Charles K. Verhoeven<br>Kevin P.B. Johnson<br>Victoria F. Maroulis<br>Michael T. Zeller |
| | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |