HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE INC.'S MOTION PURSUANT TO RULE 62(C) FOR ENTRY OF PRELIMINARY INJUNCTION WITHOUT FURTHER HEARING** |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................................. ii

NOTICE OF MOTION AND MOTION ............................................................................................. iii

RELIEF REQUESTED ........................................................................................................................ iii

STATEMENT OF ISSUES TO BE DECIDED ................................................................................. iii

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................... 1

I.    RELEVANT PROCEDURAL HISTORY CONCERNING THE D'889 PATENT .......... 2

    A.    Apple's Motion for Preliminary Injunction ............................................................... 2

    B.    The Court's December 2, 2011 Order ........................................................................ 3

    C.    The Federal Circuit's May 14, 2012 Opinion ........................................................... 3

II.    LEGAL STANDARDS ............................................................................................................ 4

III.    APPLE HAS SATISFIED THE REQUIREMENTS FOR A PRELIMINARY INJUNCTION AS TO THE D'889 PATENT ............................................................................ 5

    A.    Apple Is Likely To Prevail On The Merits Of Its Infringement Claims ................. 5

    B.    Apple Is Likely To Suffer Irreparable Harm In The Absence Of Preliminary Relief ......................................................................................................... 6

    C.    The Balance Of Hardships Tips In Apple's Favor .................................................... 7

    D.    A Preliminary Injunction Serves The Public Interest ............................................... 9

IV.    THE COURT CAN ENTER A PRELIMINARY INJUNCTION WITHOUT DELAY ........................................................................................................................................ 9

V.    THE COURT SHOULD ENTER A PRELIMINARY INJUNCTION WITHOUT DELAY OR FURTHER HEARING ........................................................................................ 10

VI.    CONCLUSION ........................................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Apple, Inc. v. Samsung Elecs. Co.*,
  No. 2012-1105, slip op. (Fed. Cir. May 14, 2012) ............................................................ *passim*

*AstraZeneca LP v. Apotex, Inc.*,
  633 F.3d 1042 (Fed. Cir. 2010) ........................................................................................... 4

*Fred Hutchinson Cancer Research Ctr. v. BioPet Vet Lab, Inc.*,
  No. 2:10cv616,
  2011 WL 1119563 (E.D. Va. Mar. 17, 2011) ..................................................................... 9

*Ross-Whitney Corp. v. Smith Kline & French Labs.*,
  207 F.2d 190 (9th Cir. 1953.) ............................................................................................ 10

*Telebrands Direct Response Corp. v. Ovation Commc'ns, Inc.*,
  802 F. Supp. 1169 (D. N.J. 1992) ....................................................................................... 9

*U.S. v. El-O-Pathic Pharm.*,
  192 F.2d 62 (9th Cir. 1951) ................................................................................... 1, 2, 9, 10

**OTHER AUTHORITIES**

Fed. R. Civ. Proc.
  62(c) ......................................................................................................................... *passim*
  65(c) ..................................................................................................................................... 5

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Apple Inc. ("Apple") hereby moves the Court pursuant to Federal Rule of Civil Procedure 62(c) for a preliminary injunction prohibiting Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, Inc. (collectively "Samsung" or "Defendants"), from infringing Apple's D504,889 patent ("D'889 patent), including by making, using, offering to sell, or selling within the United States, or importing into the United States, the Galaxy Tab 10.1 tablet computer.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the May 14, 2012 opinion of the Court of Appeals for the Federal Circuit in this case, *Apple, Inc. v. Samsung Elecs. Co.*, No. 2012-1105, slip op. (Fed. Cir. May 14, 2012) (attached as Appendix 1); this Court's December 2, 2011 Order Denying Motion for Preliminary Injunction (Dkt. No. 452); Apple's motion for a preliminary injunction filed on July 1, 2011 (Dkt. No. 86) and all supporting declarations and exhibits filed in support thereof; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

## RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 62(c), Apple seeks a preliminary injunction prohibiting Samsung from infringing Apple's D'889, including by making, using, offering to sell, or selling within the United States, or importing into the United States, the Galaxy Tab 10.1 tablet computer.

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether Apple is entitled to a preliminary injunction enforcing the D'889 patent.

Dated: May 18, 2012                    MORRISON & FOERSTER LLP

By:  */s/ Harold J. McElhinny*
     Harold J. McElhinny

Attorneys for Plaintiff
APPLE INC.

APPLE'S RULE 62(C) MOT. FOR ENTRY OF PRELIMINARY INJUNCTION WITHOUT FURTHER HEARING
CASE NO. 11-CV-01846-LHK (PSG)
sf-3145774

iii

# MEMORANDUM OF POINTS AND AUTHORITIES

The Federal Circuit has just reversed the sole ground on which this Court denied a preliminary injunction against infringement of Apple's iPad design patent, the D'889. While this Court had concluded that Apple had failed to establish likely success on the merits, the Federal Circuit held instead that Samsung had failed to raise a substantial question as to validity of the D'889 patent based on obviousness. The Federal Circuit sustained this Court's finding that Apple will likely suffer irreparable harm from Samsung's continued sales of the Tab 10.1, and remanded solely for this Court to assess the balance of hardships and public interest factors.

This Court should now promptly enter a preliminary injunction to protect Apple from the continuing irreparable harm that this Court found *five months ago* was likely to occur in the absence of such relief. The two factors that the Federal Circuit directs this Court to consider on remand plainly favor Apple. The balance of hardships tips sharply in Apple's favor Apple, given that the D'889 is likely valid and infringed. Samsung has no basis to complain about "hardship" when it redesigned its tablet to make it more similar to Apple's and has been selling its infringing tablet for over a year. The public interest in the protection of patent rights weighs in favor of a preliminary injunction.

The Court can and should enter a preliminary injunction against sales of the infringing Galaxy Tab 10.1 without further hearing. Rule 62(c) authorizes the Court to "grant an injunction" while "an appeal is pending from an interlocutory order . . . that grants, dissolves, or denies an injunction." Fed. R. Civ. P. 62(c). And the Ninth Circuit has specifically held that a party can seek temporary injunctive relief under Rule 62(c) in exactly this procedural posture: i.e., a district court denied a motion for preliminary injunction, the court of appeals reversed, and the mandate had not yet issued. *See U.S. v. El-O-Pathic Pharm.*, 192 F.2d 62, 79-80 (9th Cir. 1951) (per curiam.)

Each day that Samsung continues to sell its infringing Tab 10.1 causes additional harm to Apple through design dilution, lost sales, lost market share, and lost future sales of tag-along products. This Court should enter a preliminary injunction forthwith to protect Apple from additional irreparable harm.

APPLE'S RULE 62(C) MOT. FOR ENTRY OF PRELIMINARY INJUNCTION WITHOUT FURTHER HEARING
CASE NO. 11-CV-01846-LHK (PSG)
sf-3145774

1

## I. RELEVANT PROCEDURAL HISTORY CONCERNING THE D'889 PATENT

### A. Apple's Motion for Preliminary Injunction

On July 1, 2011, Apple moved for a preliminary injunction against Samsung's Galaxy Tab 10.1 tablet, which had been released in March 2011, as well as several Samsung smartphones. Apple's motion as to the Tab 10.1 was based on infringement of Apple's D'889 patent, as well as a utility patent.

Apple presented evidence that the Tab 10.1 is so similar to the iPad 2 that it received "the best design compliment an Android tablet could hope for—often being mistaken by passers-by (including Apple iPad users) for an iPad 2." (Dkt. No. 430-13, Dkt. No. 87-4 (Samsung's iPad 2 "clone[]" shows Samsung has "thrown in the towel on innovative tablet design" and "realized that it has to match Apple's successful design").) Indeed, when the Court held up Apple's iPad 2 and Samsung's infringing tablet device at the preliminary injunction hearing, Samsung's own lawyer was unable to distinguish between them for "a long time" without consulting with co-counsel. (Dkt. No. 507 at 48-49, 60-62.)

Apple also presented evidence—much of it admissions by Samsung's own expert, Michael Wagner—that Samsung's sale of copycat products threatens irreparable harm to Apple's market share, current and future sales, and the distinctive nature of Apple's iconic designs. For example, Wagner acknowledged that Apple and Samsung are direct competitors in the tablet markets, and Samsung's sales are causing Apple to lose market share and customers, as well as sales of apps, iTunes music, and other compatible products. (*See*, *e.g.*, Dkt. No. 430-4 at 60-64, 126, 149, 180-83 (sealed version); *see also* Dkt. No. 430-2 at 287-90 (same).) Wagner further acknowledged that Apple and Samsung are in a battle for "undecided" consumers who have not yet chosen between Apple's iOS operating system and the Android platform used by Samsung, and that this battle has long-term consequences because customers who buy an Apple product are likely to stick with the same platform. (Dkt. No. 430-4 at 60-64, 153-56, 170-71 (sealed version).) Thus, when Apple loses a sale to Samsung, it not only loses that initial sale, but may also lose sales of future products and other related items. (*Id.* at 88-92.)

APPLE'S RULE 62(C) MOT. FOR ENTRY OF PRELIMINARY INJUNCTION WITHOUT FURTHER HEARING
CASE NO. 11-CV-01846-LHK (PSG)
sf-3145774

2

Samsung opposed the motion, arguing in part that the D'889 patent was invalid due to obviousness, based on several prior art references. (Dkt. No. 175 at 14 (sealed version); Dkt. No. 172 ¶¶ 24-35, Ex. E-M; Dkt. No. 166 ¶¶ 7-15, Ex. D-E.)

### B. The Court's December 2, 2011 Order

The Court found likely infringement as to the D'889 patent. (Dkt. No. 452 ("Order") at 45.) The Court also found likely irreparable harm to Apple in the absence of a preliminary injunction. (*Id*. at 32.) However, the Court concluded that there is a "substantial question" as to whether Apple's iconic iPad design, was obvious over a combination of two references, using as a "primary reference" the 1994 "Fidler/Knight Ridder" tablet, and as a secondary reference, the HP Compaq TC1000. (*Id*. at 40-46.) The Court did not discuss the balance of hardships or public interest as to the D'889 patent, but did discuss those factors as to two smartphone patents and a utility patent. (*Id*. at 37-38, 65.)

### C. The Federal Circuit's May 14, 2012 Opinion

Apple appealed from the December 12, 2011 Order; the Federal Circuit issued its opinion on May 14, 2012. *Apple v. Samsung*, No. 2012-1105, slip op. at 25-31. As to the D'889 patent, the Federal Circuit "sustain[ed]" this Court's "finding of a likelihood of irreparable harm." *Id*. at 25. The Federal Circuit held that this Court had "considered the relevant factors, properly weighed them, and concluded that Apple had shown that it was likely to suffer irreparable harm from the sales of Samsung's infringing tablets." *Id.* The court specifically noted "the relative market share of Apple and Samsung and the absence of other competitors in the relevant market" and this Court's determination, "based on evidence submitted by the parties, that design mattered more to customers in making tablet purchases." *Id*.

The Federal Circuit disagreed with this Court's "conclusion that Apple had failed to show that it was likely to succeed on the merits." *Id*. The court concluded that the Fidler tablet did not "create[] the same visual impression as the D'889 patent," *id*. at 28, and could not serve "as the primary reference against the D'889 patent, *id*. at 30. The court further held: "Even assuming that Fidler qualified as a primary reference, the TC1000 secondary reference could not bridge the gap between Fidler and the D'889 design." *Id*. at 30.

The majority concluded that the case should be remanded for this Court to make findings on remand as to balance of hardships and the public interest. *Id*. at 32-34. Judge O'Malley dissented from that aspect of the opinion, and would have ordered entry of an injunction without any further proceedings, out of concern that remand would cause "unnecessary delay, which is inconsistent with the very purpose of preliminary injunctive relief," particularly where both the trial and appellate courts "agree that Apple will suffer irreparable harm absent injunctive relief." *Id*. at 2 (O'Malley, J., concurring-in-part and dissenting-in-part) (O'Malley slip op.)

In response to the dissent's concerns regarding delay, the majority stated: "We see no reason to believe that there will necessarily be delay, or if there is delay that it will be unjustifiable." *Id*. at 33. The majority explained that, if this Court's findings "made in the smartphone part of this case regarding the balance of hardships and the public interest are readily transferable to the tablet part of the case, the district court should be able to make that determination in short order, thus minimizing the amount of delay." *Id*.

The court vacated the portion of the Order denying an injunction with respect to the D'889 patent and remanded with the following instructions:

> On remand, the court should conduct a similar assessment of the balance of hardships with respect to the D'889 patent. To the extent that the court finds that the public interest factor cuts in favor of either side, it should weigh that factor as well in determining whether to issue a preliminary injunction against Samsung's Galaxy Tab 10.1 tablet computer.

*Id*. at 33-34.

## II.   LEGAL STANDARDS

Rule 62(c) provides: "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c).

"A plaintiff seeking a preliminary injunction must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *AstraZeneca*

APPLE'S RULE 62(C) MOT. FOR ENTRY OF PRELIMINARY INJUNCTION WITHOUT FURTHER HEARING
CASE NO. 11-CV-01846-LHK (PSG)
sf-3145774

4

*LP v. Apotex, Inc.*, 633 F.3d 1042, 1049 (Fed. Cir. 2010) (citation omitted, alterations in original.)[1]

### III.     APPLE HAS SATISFIED THE REQUIREMENTS FOR A PRELIMINARY INJUNCTION AS TO THE D'889 PATENT

####        A.     Apple Is Likely To Prevail On The Merits Of Its Infringement Claims

In connection with the December 2 Order, this Court compared Samsung's Galaxy Tab 10.1 with the design of D'889 patent as well as with Apple's iPad and iPad 2 devices. (Order at 45-48.) The Court found that "Apple is likely to establish at trial that the Galaxy Tab 10.1 is substantially similar to the D'889 patent in the eyes of an ordinary observer." (*Id.* at 45; The Court described the Tab 10.1 as "virtually indistinguishable" from Apple's iPad and iPad 2 products. (*Id.* at 47).)

This Court's conclusion that Apple had not established that it was likely to prevail on the merits of its infringement claims regarding the D'889 patent was based solely on its conclusion that Samsung had raised a substantial question about the obviousness of the D'889 patent based on the Fidler and Compaq prior art. (Order at 40-45.) The Federal Circuit held that this Court's conclusion as to obviousness, and therefore the basis for this Court's ruling that Apple had not established likely success on the merits, was erroneous. (*Apple v. Samsung*, No. 2012-1105, slip op. at 25-31.) The Federal Circuit's opinion discusses at length the differences between the Fidler prior art and the D'889 patent, and demonstrates why the Fidler tablet cannot serve as a proper primary reference under controlling law. (*Id.* at 28-31.) The court further explained why the Compaq secondary reference could not "bridge the gap" between Fidler and the D'889 design, even assuming Fidler could serve as a primary reference. (*Id.* at 30.)

With the Court's conclusion regarding obviousness reversed by the Federal Circuit, Apple has established likely success on the merits.

---

[1] Rule 65(c) requires a party that obtains a preliminary injunction to give security "in an amount that the court considers proper." Fed. R. Civ. P. 65(c). Samsung presumably will propose a bond in its response to this motion.

APPLE'S RULE 62(C) MOT. FOR ENTRY OF PRELIMINARY INJUNCTION WITHOUT FURTHER HEARING
CASE NO. 11-CV-01846-LHK (PSG)
sf-3145774

5

### B. Apple Is Likely To Suffer Irreparable Harm In The Absence Of Preliminary Relief

This Court already has found that Apple is likely to suffer irreparable harm due to Samsung's infringement of the D'889 patent in absence of a preliminary injunction. (Order at 48-49.)

The Court concluded that Apple has an even "stronger argument for establishing irreparable harm in the absence of an injunction against the Samsung Galaxy Tab 10.1," than the irreparable harm the Court had found likely occurring in the smartphone markets. (*Id.* at 48.) With respect to Samsung's sales of accused smartphones, the Court found likely irreparable harm because Apple "is likely to lose market share to Samsung in the absence of an injunction" and because the "high degree of brand loyalty to Apple" makes "the initial decision regarding which product to purchase even more important because the potential customers that Apple loses to Samsung may have long-term effects that are difficult to calculate and may not be recaptured." (*Id.* at 32.) This long-term harm includes lost sales of "tag-along products like apps, other Apple devices such as desktops, laptops, and iPods, and future models of Apple smartphones." (*Id.*) The Court noted that Samsung's expert admitted that "the decision to purchase one Apple iPhone may have repercussions that could lead to future lost customers and future lost sales that cannot be recovered because of network compatibility benefits." (*Id.*) Thus, Apple's "loss of customers and future downstream purchases would be difficult to recover and can support a finding of irreparable harm." (*Id.* (citing *MicroAire Surgical Instruments, LLC v. Arthex, Inc.*, 726 F. Supp. 2d 604, 638-39 (W.D. Va. 2010)).)

In finding an even stronger case for irreparable harm as to Samsung's sales of the Galaxy Tab 10.1, the Court noted that Apple and Samsung are the two major competitors in the tablet market, and that "a two-player market may well serve as a substantial ground for *granting* an injunction" because "it creates an inference that an infringing sale amounts to a lost sale for the patentee." (*Id.* at 48-49 (citing *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1151 (Fed. Cir. 2011).) The Court also noted that in the fourth quarter of 2010, Apple's tablet market share decreased by 20%, while Samsung's newly-introduced tablet gained 17% of the market.

APPLE'S RULE 62(C) MOT. FOR ENTRY OF PRELIMINARY INJUNCTION WITHOUT FURTHER HEARING
CASE NO. 11-CV-01846-LHK (PSG)
sf-3145774

6

(*Id*. at 49.) At the hearing, the Court also noted that Samsung has been "actually giving tablets out for free with other purchases of Samsung products," in order to obtain "downstream value." (Dkt. No. 507 at 58.)

The Court concluded that "Apple has established a likelihood of irreparable harm in the absence of a preliminary injunction" against sales of Samsung's Galaxy Tab 10.1. (Order at 50.) The Court also found that Apple "established that design is an important driver in demand for tablets." (*Id*. at 49.)

### C. The Balance Of Hardships Tips In Apple's Favor

As this Court recognized, "'one who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against a continuing infringement destroys the business so elected.'" (Order at 37 (quoting *Telebrands Direct Response Corp. v. Ovation Commc'ns, Inc.*, 802 F. Supp. 1169, 1179 (D. N.J. 1992) (quoting *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986)).) That is precisely what Samsung has done, having redesigned the Galaxy Tab 10.1 after the iPad 2's release to mirror the iPad 2's profile. (*Id*. at 69 (noting media reports that "Samsung 'overhaul[ed]' its forthcoming Galaxy Tab 10.1 in response to Apple's recently unveiled iPad 2"); Dkt. No. 11 at ¶¶ 5-6, 4-5.) As Judge O'Malley reasoned, "the district court's conclusion that the Galaxy Tab 10.1 clearly infringes the D'889 Patent, coupled with some evidence that Samsung altered its design to make it look like Apple's, further tips the balance of hardships against Samsung." *Apple v. Samsung*, No. 2012-1105, slip op. at 10 (O'Malley slip op.) (citing *Sunburst Prods., Inc. v. Derrick Law Co.*, 922 F.2d 845, 1991 U.S. App. LEXIS 352, *16-17 (9th Cir. Jan. 9, 1991).)

Moreover, although the December 2 Order did not address the balance of hardships in connection with the D'889 patent, it did address that factor with respect to the smartphone and utility patents at issue. (Order at 37-38, 65.) As explained in Judge O'Malley's partial dissent, this Court's rulings regarding the balance of hardships as to the other patents, readily transfer to the D'889. *Apple v. Samsung*, No. 2012-1105 slip op. at 9-11 (O'Malley slip op.)

First, while this Court found the balance of hardships favored Samsung as to the smartphone design patents, there were a number of considerations regarding those patents that do

1  not apply to the D'889.  For example, the Court found that Apple had not met its burden of

2  establishing likely irreparable harm, in part based on its conclusion that Apple had not diligently

3  pursued its infringement claims.  (Order at 36.)  The Court also concluded that Samsung had

4  raised substantial questions of validity as to one patent.  (*Id*. at 38.)  In evaluating the balance of

5  hardships, the Court concluded that it was not clear that an injunction as to those patents would

6  "prevent Apple from being irreparably harmed" because other smartphone manufacturers might

7  benefit from an injunction; considered the design of one patent to be "but one of many features of

8  the Samsung accused devices"; and referenced close questions as to infringement.  (*Id*. at 37-38.)

9       In contrast, with respect to the D'889:  this Court did find likely irreparable harm; noted

10 that Samsung's delay arguments were directed to smartphone designs rather than the tablet

11 designs and that Apple had moved for a preliminary injunction within four months of the release

12 of the Tab 10.1; and found that "Apple has established that design is an important driver in

13 demand for tablets," which demonstrates that "consumers are likely to be induced to purchase the

14 Galaxy Tab 10.1, instead of the Apple iPad, because the overall designs of the products are

15 substantially the same."  (*Id*. at 49 & n.30.)  Moreover, as Judge O'Malley noted, with respect to

16 the D'889, "the issue of infringement is *not* close, and there *is* evidence of irreparable harm which

17 would necessarily cease with an injunction."  *Apple v. Samsung*, No. 2012-1105 slip op. at 9-11

18 (O'Malley slip op.)

19      Second, with regard to the '381 utility patent, this Court concluded that the balance of

20 hardships favored Apple, even though the Court found no evidence of irreparable harm, because

21 Apple had shown the patent was likely valid and infringed.  (Order at 65.)  As this Court

22 explained:  "Apple's interest in enforcing its patent rights is strong particularly because it has so

23 far presented a strong case on the merits."  (*Id*.)  As Judge O'Malley reasoned, applying this same

24 analysis to the D'889, the "balance of hardships would surely weigh in Apple's favor" because

25 Apple had shown not only that the D'889 was likely valid and infringed but also "*has* established

26 irreparable harm."  *Apple v. Samsung*, No. 2012-1105, slip op. at 10 (O'Malley slip op.)

27

28

APPLE'S RULE 62(C) MOT. FOR ENTRY OF PRELIMINARY INJUNCTION WITHOUT FURTHER HEARING
CASE NO. 11-CV-01846-LHK (PSG)
sf-3145774

8

### D. A Preliminary Injunction Serves The Public Interest

Because Apple has demonstrated a likelihood of success on its claims, the public interest would be served by prohibiting Samsung from infringing Apple's patents. *See, e.g., Fred Hutchinson Cancer Research Ctr. v. BioPet Vet Lab, Inc.*, No. 2:10cv616, 2011 WL 1119563, at *8 (E.D. Va. Mar. 17, 2011) (granting preliminary injunction and finding "there is a strong public interest in preserving the rights of patent holders"). As this Court found with respect to the '381 patent, for which Apple had presented a strong case on the merits, "because the public has an interest in the protection of patent rights, the public interest factor[] also weighs in favor of Apple." (Order at 65.) Indeed:

> No public interest is served by allowing patent infringement. While this Court certainly favors vigorous competition in the marketplace, it also recognizes the importance of rewarding inventors for their creative genius and protecting their intellectual property rights from infringers. Rather than stifle competition, such protection encourages the innovation that leads to new products.

*Telebrands Direct Response Corp.*, 802 F. Supp. at 1179.

As Judge O'Malley concluded, this Court's rulings regarding the public interest factors regarding the '381 patent (favored Apple) and smartphone design patents (did not weigh strongly for either party) readily transfer to the D'889: "[W]here the infringement question is not close and likely validity has been shown, the public interest weighs in favor of the patent holder." *Apple v. Samsung*, No. 2012-1105, slip op. at 11 (O'Malley slip op.)

### IV. THE COURT CAN ENTER A PRELIMINARY INJUNCTION WITHOUT DELAY

The Court has the power to act now, without waiting for the Federal Circuit to issue its mandate. Rule 62(c) expressly authorizes the Court to "grant an injunction" while "an appeal is pending from an interlocutory order . . . that . . . denies an injunction." Fed. R. Civ. P. 62(c).

*El-O-Pathic Pharmacy*, 192 F.2d at 79-80, makes clear that this Court may enter a preliminary injunction now. There, the district court denied permanent injunctions sought by the U.S. government against pharmacies that were selling misbranded drugs, in violation of federal regulations. *Id.* at 64. On appeal, the Ninth Circuit held that the district court erred in denying the injunctions and remanded "with directions to issue permanent injunctions as prayed for by the

APPLE'S RULE 62(C) MOT. FOR ENTRY OF PRELIMINARY INJUNCTION WITHOUT FURTHER HEARING
CASE NO. 11-CV-01846-LHK (PSG)
sf-3145774

9

government in its complaints." *Id*. at 78.  The government then moved the Ninth Circuit for an order "directing that mandate be issued forthwith," out of concern that illegal distribution of hormones would continue while the pharmacies sought review of the court's opinion.  *Id*. at 78 (per curiam opinion addressing motion).

The Ninth Circuit expressed its view that the motion showed the government "is entitled to immediate relief by way of a temporary injunction" but disagreed with the motion's underlying theory that "until this court's mandate is returned to the District Court that court is without power to issue an injunction."  *Id*. at 78-79.  The court explained that there was no need for "shortening of the time for the issuance of the mandate, because Rule 62(c) "authorizes the district court to grant an injunction during the pendency of an appeal," and that "the United States may obtain an injunction pending the time until mandate shall have reached the district court."  *Id*. at 79.[2]

The same is true here.  Even though the mandate has not issued, Rule 62(c) authorizes this Court to issue a preliminary injunction now that the Federal Circuit has determined that the Court's basis for denying a preliminary injunction on the D'889 patent was erroneous.

## V.   THE COURT SHOULD ENTER A PRELIMINARY INJUNCTION WITHOUT DELAY OR FURTHER HEARING

Apple's need for prompt injunctive relief is compelling.  Preliminary injunctions are designed to "give speedy relief from irreparable injury."  *Ross-Whitney Corp. v. Smith Kline & French Labs.*, 207 F.2d 190, 198 (9th Cir. 1953.)  This Court and the Federal Circuit have recognized that Apple is likely to suffer irreparable harm due to Samsung's sale of the Galaxy Tab 10.1.  Apple has already endured ten months of that irreparable harm since filing its preliminary injunction motion in July 2011.  Now that the Federal Circuit has issued its opinion holding that this Court erred in concluding that Samsung had raised substantial questions as to the validity of the D'889 patent, Apple should not have to wait any longer for injunctive relief.

---

[2] In conjunction with this motion, Apple also is filing a motion in the Federal Circuit asking that court to issue the mandate forthwith or, in the alternative, to shorten the time to file a petition for rehearing.

APPLE'S RULE 62(C) MOT. FOR ENTRY OF PRELIMINARY INJUNCTION WITHOUT FURTHER HEARING
CASE NO. 11-CV-01846-LHK (PSG)
sf-3145774

10

Moreover, the Court's original decision was rendered on a full record, and given the additional guidance from the Federal Circuit, no further hearing should be required. Indeed, the limited nature of Federal Circuit's remand contemplates that no further hearing is required. *See Apple v. Samsung*, No. 2012-1105, slip op. at 33-34. After noting that this Court had made findings regarding the balance of hardships and public interest, the court remanded for a "similar assessment" regarding the D'889 patent. *Id*. And in explaining why remand on those issues was appropriate, the court noted that this Court should be able to determine "in short order" whether those findings "are readily transferable to the tablet part of the case," and if not, this Court's "greater familiarity with the record will be an important safeguard." *Id*. at 33.

## VI. CONCLUSION

For all the reasons discussed above, the Court should enter the requested preliminary injunction forthwith.

Dated: May 18, 2012　　　　　　　　　　　MORRISON & FOERSTER LLP

By: 　*/s/ Harold J. McElhinny*
　　　Harold J. McElhinny

　　　Attorneys for Plaintiff
　　　APPLE INC.