1   HAROLD J. MCELHINNY (CA SBN 66781)        WILLIAM F. LEE
    hmcelhinny@mofo.com                        william.lee@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)          WILMER CUTLER PICKERING
    mjacobs@mofo.com                           HALE AND DORR LLP
3   JENNIFER LEE TAYLOR (CA SBN 161368)        60 State Street
    jtaylor@mofo.com                           Boston, MA 02109
4   ALISON M. TUCHER (CA SBN 171363)           Telephone: (617) 526-6000
    atucher@mofo.com                           Facsimile: (617) 526-5000
5   RICHARD S.J. HUNG (CA SBN 197425)
    rhung@mofo.com
6   JASON R. BARTLETT (CA SBN 214530)          MARK D. SELWYN (SBN 244180)
    jasonbartlett@mofo.com                     mark.selwyn@wilmerhale.com
7   MORRISON & FOERSTER LLP                     WILMER CUTLER PICKERING
    425 Market Street                          HALE AND DORR LLP
8   San Francisco, California  94105-2482      950 Page Mill Road
    Telephone:  (415) 268-7000                 Palo Alto, California 94304
9   Facsimile:  (415) 268-7522                 Telephone: (650) 858-6000
                                               Facsimile: (650) 858-6100

10

11  Attorneys for Plaintiff and
    Counterclaim-Defendant APPLE INC.

12

13                  UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15                        SAN JOSE DIVISION

16

17  APPLE INC., a California corporation,       Case No.      11-cv-01846-LHK (PSG)

18                  Plaintiff,                  **APPLE'S INC.'S MOTION TO
                                                SHORTEN TIME FOR BRIEFING
19         v.                                   ON APPLE INC.'S MOTION
                                                PURSUANT TO RULE 62(C) FOR
20  SAMSUNG ELECTRONICS CO., LTD., A            ENTRY OF PRELIMINARY
    Korean business entity; SAMSUNG            INJUNCTION WITHOUT
21  ELECTRONICS AMERICA, INC., a New York       FURTHER HEARING**
    corporation; SAMSUNG
22  TELECOMMUNICATIONS AMERICA, LLC, a
    Delaware limited liability company.,
23
                    Defendants.
24

25

26

27

28

1

## NOTICE OF MOTION AND MOTION

2  TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

3       PLEASE TAKE NOTICE that Plaintiff Apple Inc. ("Apple") hereby moves the Court,

4  pursuant to Civil Local Rules 6-1(b) and 6-3, to shorten time for briefing on its accompanying

5  Motion Pursuant to Rule 62(c) For Entry Of Preliminary Injunction Without Further Hearing

6  ("Rule 62(c) Motion").

7       This motion is based on this notice of motion and supporting memorandum of points and

8  authorities; the Declaration of Mia Mazza in support of this motion; the May 14, 2012 opinion of

9  the Court of Appeals for the Federal Circuit in this case, *Apple, Inc. v. Samsung Elecs. Co.*, No.

10  2012-1105 (slip op.) (Fed. Cir. May 14, 2012); this Court's December 2, 2011 Order Denying

11  Motion for Preliminary Injunction (Dkt. No. 452); the Rule 62(c) Motion; and all supporting

12  declarations and exhibits filed in support thereof; and such other written or oral argument as may

13  be presented at or before the time this motion is taken under submission by the Court.

14

15  Dated: May 18, 2012                    MORRISON & FOERSTER LLP

16

17                                   By:    */s/ Harold J. McElhinny*
                                         Harold J. McElhinny

18                                       Attorneys for Plaintiff
19                                       APPLE INC.

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      In accordance with Civil Local Rules 6-1(b) and 6-3, Apple moves the Court to shorten

3 time for the briefing schedule for its Motion for Entry of a Preliminary Injunction.  Specifically,

4 Apple requests that:

5      1)      Samsung's opposition to the Motion for Entry of a Preliminary Injunction be filed

6              by May 25, 2012;

7      2)      Apple's reply be filed by two court days after Samsung's opposition, May 30,

8              2012.

9      Apple's Motion for Entry of a Preliminary Injunction seeks entry of a preliminary

10 injunction prohibiting Samsung from infringing Apple's D504,889 patent ("D'889 patent),

11 including by making, using, offering to sell, or selling within the United States, or importing into

12 the United States, the Galaxy Tab 10.1 tablet computer, without further hearing.

13     Apple filed a motion for preliminary injunction as to the D'889 and other patents in July

14 2011.  This Court denied that motion by Order of December 2, 2011.  (Dkt. No. 452 ("Order") at

15 50.)  The Federal Circuit has just reversed the sole ground on which this Court denied a

16 preliminary injunction against infringement of the D'889 patent.  *Apple, Inc. v. Samsung Elecs.*

17 *Co.*, No. 2012-1105 (slip op.) (Fed. Cir. May 14, 2012).  While this Court had concluded that

18 Apple had failed to establish likely success on the merits, the Federal Circuit held instead that

19 Samsung had failed to raise a substantial question as to validity of the D'889 patent based on

20 obviousness.  The Federal Circuit sustained this Court's finding that Apple will likely suffer

21 irreparable harm from Samsung's continued sales of the Tab 10.1, and remanded solely for this

22 Court to assess the balance of hardships and public interest factors.

23     The two factors that the Federal Circuit directs this Court to consider on remand plainly

24 favor Apple.  The balance of hardships tips sharply in Apple's favor Apple, given that the D'889

25 is likely valid and infringed.  Samsung has no basis to complain about "hardship" when it

26 redesigned its tablet to make it more similar to Apple's and has been selling its infringing tablet

27 for over a year.  (*See* Order at 37 & 49.)  The public interest in the protection of patent rights

28 weighs in favor of a preliminary injunction.  Thus, all prerequisites for entry of a preliminary

1    injunction have been satisfied.  The Court may enter a preliminary injunction now pursuant to

2    Rule 62(c).  *See* Fed. R. Civ. P. 62(c) (district court may "grant an injunction" while "an appeal is

3    pending from an interlocutory order . . . that grants, dissolves, or denies an injunction"); *U.S. v.*

4    *El-O-Pathic Pharm.*, 192 F.2d 62, 79-80 (9th Cir. 1951) (per curiam) (plaintiff could seek

5    temporary injunction from district court under Rule 62(c) before mandate issued on Ninth

6    Circuit's reversal of order denying preliminary injunction).

7           The shortened briefing and hearing schedule requested by this motion is necessary to

8    protect Apple from continuing irreparable harm caused by Samsung's infringing conduct.  This

9    Court found *five months ago* that irreparable harm was likely to occur in the absence of injunctive

10   relief against the sales of Samsung's Galaxy Tab 10.1.  (Order at 50.)  The Federal Circuit agreed,

11   sustaining this Court's "finding of a likelihood of irreparable harm." *Apple v. Samsung*,

12   No. 2012-1105, slip op. at 25.  It held that this Court had "considered the relevant factors,

13   properly weighed them, and concluded that Apple had shown that it was likely to suffer

14   irreparable harm from the sales of Samsung's infringing tablets." *Id.*  The court specifically noted

15   that this Court's findings on irreparable harm were supported by "the relative market share of

16   Apple and Samsung and the absence of other competitors in the relevant market" and by evidence

17   showing that, "design mattered more to customers in making tablet purchases." *Id.*

18          Apple's need for prompt injunctive relief is compelling.  Preliminary injunctions are

19   designed to "give speedy relief from irreparable injury." *Ross-Whitney Corp. v. Smith Kline &*

20   *French Labs.*, 207 F.2d 190, 198 (9th Cir. 1953).  This Court and the Federal Circuit have

21   recognized that Apple is likely to suffer irreparable harm due to Samsung's sale of the Galaxy

22   Tab 10.1.  Apple has already endured ten months of that irreparable harm since filing its

23   preliminary injunction motion in July 2011.  Now that the Federal Circuit has issued its opinion

24   holding that this Court erred in concluding that Samsung had raised substantial questions as to the

25   validity of the D'889 patent, Apple should not have to wait any longer for injunctive relief and its

26   motion for that relief should be briefed on shortened time.

27          Moreover, the Court's original decision was rendered on a full record, and given the

28   additional guidance from the Federal Circuit, no further hearing should be required.  Indeed, the

1  limited nature of Federal Circuit's remand contemplates that no further hearing is required.  *See*

2  *Apple, Inc.*, No. 2012-1105, slip op. at 33-34.  After noting that this Court had made findings

3  regarding the balance of hardships and public interest, the court remanded for a "similar

4  assessment" regarding the D'889 patent.  *Id.*  And in explaining why remand on those issues was

5  appropriate, the court noted that this Court should be able to determine "in short order" whether

6  those findings "are readily transferable to the tablet part of the case," and if not, this Court's

7  "greater familiarity with the record will be an important safeguard."  *Id.* at 33.

8  ### CONCLUSION

9      For the foregoing reasons, Apple respectfully requests that the Court grant Apple's

10  Motion to Shorten Time for Briefing on Apple's Motion for Entry of a Preliminary Injunction.

11

12  Dated: May 18, 2012        MORRISON & FOERSTER LLP

13

14          By:   */s/ Harold J. McElhinny*
        Harold J. McElhinny

15          Attorneys for Plaintiff
16          APPLE INC.

17

18

19

20

21

22

23

24

25

26

27

28