HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company.,<br><br>Defendants. | Case No.     11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF MIA MAZZA IN SUPPORT OF APPLE INC.'S MOTION TO SHORTEN TIME FOR BRIEFING ON ITS MOTION PURSUANT TO RULE 62(C) FOR ENTRY OF PRELIMINARY INJUNCTION WITHOUT FURTHER HEARING** |

I, Mia Mazza, declare as follows:

1.      I am a partner in the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple").  I am licensed to practice law in the State of California.  Unless otherwise indicated, I have personal knowledge of the matters stated herein or understand them to be true from members of my litigation team.  I make this Declaration in support of Apple's Motion to Shorten Time for Briefing on Apple Inc's Motion Pursuant to Rule 62(c) for Entry of Preliminary Injunction Without Further Hearing ("Motion").

2.      As detailed more fully in Apple's Motion, the Federal Circuit has just reversed the sole ground on which this Court denied a preliminary injunction against infringement of the D'889 patent and remanded solely for this Court to assess the balance of hardships and public interest factors.  *Apple, Inc. v. Samsung Elecs. Co.*, No. 2012-1105 (slip op.) (Fed. Cir. May 14, 2012) (Motion Appendix 1).  The shortened briefing and hearing schedule requested by Apple's Motion is necessary to protect Apple from continuing irreparable harm caused by Samsung's infringing conduct.  This Court found *five months ago* that irreparable harm was likely to occur in the absence of injunctive relief against sales of Samsung's Galaxy Tab 10.1.  (Dkt. No. 452 ("Order") at 50.)  The Federal Circuit agreed, sustaining this Court's "finding of a likelihood of irreparable harm."  *Apple v. Samsung*, No. 2012-1105, slip op. at 25.  Apple has already endured ten months of that irreparable harm since filing its preliminary injunction motion in July 2011.  Now that the Federal Circuit has issued its opinion holding that this Court erred in concluding that Samsung had raised substantial questions as to the validity of the D'889 patent, Apple should not have to wait any longer for a preliminary injunction to prevent Samsung's continuing infringement.

3.      Moreover, this Court's original decision was rendered on a full record, and given the additional guidance from the Federal Circuit, no further hearing should be required.  Indeed, the limited nature of the Federal Circuit's remand contemplates that no further hearing is required.  *See Apple v. Samsung*, No. 2012-1105, slip op. at 33-34.  After noting that this Court had made findings regarding the balance of hardships and public interest, the Federal Circuit remanded for a "similar assessment" regarding the D'889 patent.  *Id*.  And in explaining why

1  remand on those issues was appropriate, the court noted that this Court should be able to

2  determine "in short order" whether those findings "are readily transferable to the tablet part of the

3  case," and if not, this Court's "greater familiarity with the record will be an important safeguard."

4  *Id*. at 33.

5        4.    On May 18, 2012, Apple notified Samsung of its intent to file the Motion and its

6  proposed schedule for briefing on shortened time.  Samsung opposes.

7        5.    .Apple has previously requested an expedited discovery schedule for its Motion for

8  Preliminary Injunction. (Dkt. No. 12.)  The Court granted that request on April 26, 2012.

9  (Dkt. No. 26.)  On Friday, July 1, 2011, Apple filed a Motion to Expedite Trial and Case

10  Management Conference and a Motion to Shorten Time for Briefing on Apple's Motion for

11  Expedited Trial and Case Management Conference.  The Court denied those motions on July 12,

12  2011.  (Dkt. No. 110.)  Apple and Samsung have also requested expedited briefing and hearing on

13  certain motions to compel discovery.  (*See, e.g.,* Dkt. Nos. 285, 464.)

14        6.    This case is set for trial starting on July 30.  The expedited briefing schedule in

15  Apple's Motion will have no effect on the schedule for this case.

16        I declare under penalty of perjury that the foregoing is true and correct.  Executed this

17  18th day of May, 2012 at San Francisco, California.

18                         */s/ Mia Mazza*

19                           Mia Mazza

20

21

22

23

24

25

26

27

28

1

**ATTESTATION OF E-FILED SIGNATURE**

2      I, Harold J. McElhinny, am the ECF User whose ID and password are being used to file

3   this Declaration.  In compliance with General Order 45, X.B., I hereby attest that Mia Mazza has

4   concurred in this filing.

5   Dated:  May 18, 2012                    */s/ Harold J. McElhinny*
                                            Harold J. McElhinny
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28