QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>              Plaintiff,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>              Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF MARK TUNG IN SUPPORT OF SAMSUNG'S CONDITIONAL MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

**PUBLIC REDACTED VERSION**

I, Mark Tung, declare as follows:

1.      I am an associate in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung").  I submit this declaration in support of Samsung's Conditional Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge.  I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2.      Attached hereto as Exhibit 1 is a true and correct copy of excerpts from the transcript for the April 24, 2012 hearing on Apple's Rule 37(b) Motion Based On Samsung's Violation of the Court's December 22, 2011 Order Regarding Source Code.  During the hearing, counsel for Apple admitted that Samsung's December 30, 2011 production of source code included source code for the blue glow function, as implemented in the Galaxy S II product.

3.      The Court's Order cites to statements from Samsung's counsel that Samsung did not produce source code for the blue glow function prior to January 23, 2012.  These statements referred to Samsung's January 23 production of generic, stand-alone blue glow source code— source code which is not tied to a particular product, but consists of the base version which Samsung implemented into the accused products.  The generic blue glow source code produced on January 23, 2012 is substantially identical to the blue glow source code that Samsung produced on December 30 in compliance with the Court's Order.

4.      Following the hearing, Samsung conducted a detailed review of its December 30, 2011 production of source code.  Samsung compared this source code to the generic version of blue glow source code produced on January 23, 2012.  As a result of this review, Samsung confirmed that the blue glow source code is present in the versions of source code produced on December 30, 2011 for at least four products running four different versions of the Android operating system: the Galaxy S II (Android Gingerbread 2.3.5), Exhibit 4G (Android Gingerbread 2.3.3), Epic 4G (Android Gingerbread 2.3.6), and Galaxy Tab 10.1 (Android Honeycomb 3.1). Source code files for these products, as they appear on the source code review computer at Quinn Emanuel's Redwood Shores office, are date-stamped December 20, 2011.

5. I am informed that Apple's experts requested printouts of Samsung's timely production of blue glow source code on January 6, 2012, and received Bates-stamped printouts of the code on January 9. 2012.  Attached hereto as Exhibit 2 is a true and correct copy of a letter from Samsung's counsel to Apple's counsel, dated January 9, 2012, accompanying the delivery of these printouts.

6. Samsung believes that the Court's May 4 Order does not preclude Samsung from introducing evidence of the blue glow source code that was produced prior to the December 31, 2011 deadline.  Apple has indicated, however, that it interprets the Order in this way.  For instance, during the deposition of Michael J. Wagner, Samsung's damages expert, Apple instructed Mr. Wagner to assume that "based on [the May 4] order, Samsung would not be allowed to produce evidence regarding any actual implementation of blue glow at trial."  Attached hereto as Exhibit 3 is a true and correct copy of excerpts from the May 12, 2012 deposition of Michael Wagner.

7. Apple has conducted extensive discovery concerning the blue glow function.  For instance, Apple served Interrogatory No. 16, seeking various information about blue glow and other design-arounds.  Samsung timely responded to this interrogatory in detail.  Attached hereto as Exhibit 4 is a true and correct copy of Samsung's Supplemental Objections and Responses to Apple's Seventh Set of Interrogatories (No. 16).

8. On February 3, 2012, Samsung produced for Apple's inspection physical devices that contained the blue glow functionality.  This production occurred well before the close of discovery and in compliance with the deadline set by the Court's January 27, 2012 Order for production of physical samples of the accused products.

9. In addition to interrogatory responses and physical devices, Apple obtained deposition testimony from each of the Samsung employees responsible for or knowledgeable about the features alleged to infringe the '381 patent, as well as the blue glow function—███████ ███████████████████████████████████████████  Samsung produced numerous documents from the files of these and/or other custodians related to Samsung's development and implementation of the blue glow function.

10. Attached hereto as Exhibit 5 is a true and correct copy of excerpts from the February 1, 2012 deposition transcript of Qi Ling, a Samsung witness, in which Apple's counsel questioned Mr. Ling about the blue glow functionality.

11. Attached hereto as Exhibit 6 is a true and correct copy of excerpts from the January 12, 2012 deposition transcript of Wookyun Kho, a Samsung witness, in which Apple's counsel questioned Mr. Kho about the blue glow functionality.

12. Attached hereto as Exhibit 7 is a true and correct copy of excerpts from the March 8, 2012 deposition transcript of Ioi Lam, a Samsung witness, in which Apple's counsel questioned Mr. Lam about the blue glow functionality.

13. Attached hereto as Exhibit 8 is a true and correct copy of excerpts from the January 27, 2012 deposition transcript of Jaegwan Shin, a Samsung witness, in which Apple's counsel questioned Mr. Shin about the blue glow functionality.

14. Attached hereto as Exhibit 9 is a true and correct copy of excerpts from the April 26, 2012 deposition transcript of Dr. Jeffrey Johnson, a Samsung expert witness, in which Apple's counsel questioned Dr. Johnson extensively about the blue glow functionality as it is implemented in numerous accused products and applications.

15. Attached hereto as Exhibit 10 is a true and correct copy of a proposed stipulation that Apple's counsel sent to Samsung's counsel on February 26, 2012. This proposed stipulation provided that the version of source code for each accused product produced by Samsung by December 31, 2011 is representative of all later versions of that product. Apple expressly acknowledged, however, that "Samsung's representation does not apply to Apple's allegation that Samsung's accused products infringe U.S. Patent No. 7,469,381."

16. Attached hereto as Exhibit 11 is a true and correct copy of excerpts from the August 16, 2011 deposition transcript of Apple's infringement expert, Dr. Ravin Balakrishnan. ▮

02198.51855/4750626.2                    -3-                    Case No. 11-cv-01846-LHK
DECLARATION OF MARK TUNG IN SUPPORT OF SAMSUNG'S MOTION FOR CLARIFICATION

1  17. Attached hereto as Exhibit 12 is a true and correct copy of excerpts from the Expert
2 Report of Ravin Balakrishnan, Ph.D. Regarding Infringement of U.S. Patent No. 7,469,381.
3  18. Attached hereto as Exhibit 13 is a true and correct copy of excerpts from the April
4 20, 2012 deposition transcript of Apple's infringement expert, Dr. Ravin Balakrishnan, discussing
5 his review of physical samples of Samsung products containing the blue glow and "bounceback"
6 functionality.
7  19. Attached hereto as Exhibit 14 is a true and correct copy of excerpts from the April
8 26, 2012 deposition transcript of Dr. Karan Singh, an Apple expert witness.  During Dr. Singh's
9 deposition, counsel for Samsung questioned Dr. Singh about alternatives to the '163 patent—
10 [redacted]
11 [redacted]
12 [redacted]
13 [redacted]
14 Dr. Singh testified that the alternatives do not infringe the '163 patent.
15  20. Attached hereto as Exhibit 15 is a true and correct copy of excerpts from the Expert
16 Report of Karan Singh, Ph.D., Regarding Infringement of U.S. Patents Nos. 7,864,163, 7,844,915
17 and 7,853,891.  Dr. Singh's report discusses a document produced by Samsung in this litigation
18 [redacted]
19 [redacted].
20
21  I declare under penalty of perjury under the laws of the United States that the foregoing is
22 true and correct.  Executed on the 18th of May, 2012, in Redwood Shores, California.
23
24                                                                   ___/s/ Mark Tung_____
25                                                                             Mark Tung