QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO MOTION TO SHORTEN TIME FOR BRIEFING ON APPLE'S MOTION PURSUANT TO RULE 62(C) FOR ENTRY OF PRELIMINARY INJUNCTION WITHOUT FURTHER HEARING** |

02198.51855/4768168.4

Case No. 11-cv-01846-LHK
SAMSUNG'S OPPOSITION TO MOTION TO SHORTEN TIME FOR BRIEFING ON APPLE'S MOTION PURSUANT TO RULE 62(C) FOR ENTRY OF PRELIMINARY INJUNCTION WITHOUT FURTHER HEARING

## MEMORANDUM OF POINTS AND AUTHORITIES

Samsung opposes Apple's motion to shorten time on its Motion Pursuant to Rule 62(c) for Entry of Preliminary Injunction without Further Hearing.  First, Apple's motion is premature, as the Federal Circuit retains jurisdiction, and Samsung intends to file a petition for rehearing in the Federal Circuit.  Second, Fed. R. Civ. P. 62(c), which codifies the right of the district court to preserve the status quo through an injunction, does not apply to Apple's motion on the merits. Third, given the Federal Circuit's direction to review the preliminary injunction factors including at least the balance of hardship and public interest factors, and given the severity and importance of a preliminary injunction motion, Samsung should have the right to prepare and submit briefing and oral argument to the Court.

### I.     The Federal Circuit Retains Jurisdiction until Issuance of a Mandate

Apple's Motion for Preliminary Injunction (and by extension Apple's Motion to Shorten Time) is premature because the Federal Circuit retains jurisdiction.  Once a notice of appeal is filed, "it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59 (1982).  The Federal Circuit retains jurisdiction of the case because "an appellate court's decision is not final until its mandate issues." *Beardslee v. Brown*, 393 F.3d 899, 901 (9th Cir. 2004).  "Until the mandate issues, a circuit court retains jurisdiction of the case and may modify or rescind its opinion." *Id.*  In the instant case, because the Federal Circuit has not yet issued a mandate, it retains jurisdiction to adjudicate Samsung's appellate rights, including the right to seek panel rehearing or rehearing *en banc*.  Therefore, the Court lacks jurisdiction and should deny Apple's motion to shorten time.

Moreover, any briefing on the issue of a preliminary injunction remains premature because the Federal Circuit's opinion remains subject to rehearing and revision until the mandate issues. Samsung intends to file a petition for rehearing in the Federal Circuit.  Any briefing done by the parties at this juncture will likely waste judicial resources and may fail to address modifications or clarifications issued by the Federal Circuit or else may require that briefing be supplemented, all of which may result in unnecessary burden on this Court.

02198.51855/4768168.4

Case No. 11-cv-01846-LHK
SAMSUNG'S OPPOSITION TO MOTION TO SHORTEN TIME FOR BRIEFING ON APPLE'S MOTION PURSUANT TO RULE 62(C) FOR ENTRY OF PRELIMINARY INJUNCTION WITHOUT FURTHER HEARING

## II. Rule 62(c) Does Not Empower the District Court to Adjudicate Anew the Merits of Apple's Motion

Contrary to Apple's position, Fed. R. Civ. P. 62(c) does not grant the district court the power to issue an injunction while the Federal Circuit retains jurisdiction. Rather, as the Ninth Circuit has held, Rule 62(c) is "merely expressive of a power inherent in the court to ***preserve the status quo*** where, in its sound discretion, the court deems the circumstances so justify." *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982) (emphasis added). "It ***does not restore jurisdiction to the district court to adjudicate anew the merits of the case*** after either party has invoked its right of appeal and jurisdiction has passed to an appellate court." *Id.* (emphasis added). Thus, any action taken pursuant to Rule 62(c) may not materially alter the status of the case on appeal. *NRDC v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2002).

In this case, Apple incorrectly seeks to have the Court "adjudicate anew" the preliminary injunction motion. The matter before the Court – the propriety of the denial of a preliminary injunction – is the exact same matter that is still pending on appeal before the Federal Circuit. To have the Court adjudicate this issue is to improperly interfere with the Federal Circuit's appellate jurisdiction over the preliminary injunction decision. In contrast to Apple's motion, a proper motion under Rule 62(c) would seek only to "preserve the status quo." This Court denied a preliminary injunction and the Federal Circuit declined to order entry of one; thus the "status quo" does not include an injunction against Samsung.

Apple does not cite a single case in which any court has applied rule 62(c) to issue a temporary preliminary injunction while the mandate was still in the appellate court. The sole decision Apple cites is a 1951 case involving a permanent, not preliminary injunction, that is factually inapposite and actually supports Samsung. In *U.S. v. El-O-Pathic Pharmacy,* the Ninth Circuit refused to issue mandate and chose to retain jurisdiction while the time for rehearing has not yet expired. 192 F.2d 62, 78 (9th Cir. 1951). The court noted: "We should hesitate to issue a mandate knowing that at the time it is issued we might have to recall it in order to entertain any petition for rehearing." *Id.* at 79. In its dicta, the Court examined Rule 62(c), and recognized that

1  in certain limited circumstance the Rule can be used by "the trial court, after an appeal, to make
2  orders appropriate to *preserve the status quo* while the case is pending in appellate court." *Id.*
3  (emphasis added).  No such facts are present here.  The status quo is no injunction, as the Federal
4  Circuit did not direct entry of an injunction but instead vacated and remanded for further
5  consideration by this Court.  Thus, the Court lacks jurisdiction under Rule 62(c) and Apple's
6  motion is procedurally barred.

7  **III.    Samsung Should Have a Fair Opportunity to Oppose and the Right to a Hearing On**
8  **Apple's Motion for Preliminary Injunction**

9  As noted, the mandate remains in the Federal Circuit, and Samsung intends to exercise its
10 right to petition for rehearing.  Until the appeal of this Court's order denying a preliminary
11 injunction is concluded, and the mandate returned to this Court, setting a briefing schedule in this
12 Court on Apple's motion is premature and wasteful.  But when the appellate proceedings are final,
13 the Court should afford Samsung a full and fair opportunity for briefing and argument on any
14 remaining remand.  A preliminary injunction is an extraordinary remedy, and shortened time
15 would be extremely prejudicial to Samsung given the importance of the dispute and potential harm
16 caused by any preliminary injunction.  Moreover, any ruling by the Court would necessarily have
17 to take into account all relevant evidence at the time of decision, not the evidence as it existed
18 nearly six months ago when the Court issued its prior decision.  The Court therefore should, once
19 the scope of any remand is clarified by the Federal Circuit, allow both parties the opportunity for
20 full and fair briefing, supplementation of the record, and oral argument.  Apple's attempt to thwart
21 these obvious prerequisites for issuance of any preliminary injunction should be rejected.

22 **IV.    CONCLUSION**
23 For the foregoing reasons, Apple's motion to shorten time should be denied.

24
25
26
27
28

02198.51855/4768168.4

-3-    Case No. 11-cv-01846-LHK
SAMSUNG'S OPPOSITION TO MOTION TO SHORTEN TIME ON APPLE'S MOTION TO COMPEL
DEPOSITIONS OF 14 OF SAMSUNG'S APEX EXECUTIVES

1  DATED: May 21, 2012               Respectfully submitted,

2                                    QUINN EMANUEL URQUHART &
3                                    SULLIVAN, LLP

4

5                                       By */s/ Victoria Maroulis*
                                           Charles K. Verhoeven
6                                          Kevin P.B. Johnson
                                           Victoria F. Maroulis
7                                          Michael T. Zeller
                                           Rachel Herrick Kassabian
8
                                           Attorneys for SAMSUNG ELECTRONICS CO.,
9                                          LTD., SAMSUNG ELECTRONICS AMERICA,
                                           INC. and SAMSUNG
10                                         TELECOMMUNICATIONS AMERICA, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28