| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| HMcElhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| MJacobs@mofo.com | HALE AND DORR LLP |
| JENNIFER LEE TAYLOR (CA SBN 161368) | 60 State Street |
| JTaylor@mofo.com | Boston, MA 02109 |
| ALISON M. TUCHER (CA SBN 171363) | Telephone: (617) 526-6000 |
| ATucher@mofo.com | Facsimile: (617) 526-5000 |
| RICHARD S.J. HUNG (CA SBN 197425) | |
| rhung@mofo.com | |
| MORRISON & FOERSTER LLP | MARK D. SELWYN (SBN 244180) |
| 425 Market Street | mark.selwyn@wilmerhale.com |
| San Francisco, California  94105-2482 | WILMER CUTLER PICKERING |
| Telephone: 415.268.7000 | HALE AND DORR LLP |
| Facsimile: 415.268.7522 | 950 Page Mill Road |
| | Palo Alto, California 94304 |
| | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK (PSG) |
| Plaintiff, | **STATEMENT REGARDING POTENTIAL IMPACT OF MOTIONS ON SCOPE OF TRIAL** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

To narrow the case for jury trial, Apple has not only stipulated to dismissing without prejudice many of its own claims, it also has moved to narrow Samsung's case. Apple has filed a motion for summary judgment, a *Daubert* motion, and a motion to strike. If granted, they will collectively eliminate from the case (a) three of Samsung's patents, (b) nine expert witnesses, and (c) portions of the testimony of four other expert witnesses.

## I.  APPLE'S MOTIONS FOR SUMMARY JUDGMENT AND TO STRIKE WILL SIMPLIFY SAMSUNG'S COUNTERCLAIMS

Samsung plans to assert fifteen utility patent claims from seven different patents. (Dkt. No. 907 at 9.) Apple moved for summary judgment invalidating two of the seven: the '893 and '460 patents. Summary judgment on these two patents would eliminate three utility patent claims. It would also eliminate two testifying experts and reduce by two-thirds the patents to be covered by a third expert.

Apple has also moved for summary judgment that it does not infringe Samsung's '867 patent, which, if granted, would eliminate two more patent claims and two more experts. In addition, Apple moved to strike infringement theories for Samsung's '516 and '460 patents that appeared for the first time in Samsung's expert reports, which, if granted, would narrow the scope of Samsung's infringement case on these two patents.

In sum, Apple's motions relating to Samsung's counterclaims, if granted, would eliminate five of fifteen asserted utility patent claims and eliminate four expert witnesses.

## II.  APPLE'S MOTIONS WILL SIMPLIFY SAMSUNG'S DEFENSES

Apple's motions will streamline Samsung's defenses, especially with regard to Apple's design patent and trade dress case. The motions would cut back on Samsung's excessive number of experts (*e.g.*, reducing from *four* to one the number of experts Samsung calls to opine on Apple's body-style design patents) and would exclude a mountain of untimely evidence.

Apple has moved to exclude the opinions of Itay Sherman relating to design and trade dress infringement, validity, and functionality. Sherman is an electrical engineer who readily admits he is not an expert in industrial design. Sherman is not a person of skill in the art of the design patents and trade dress. For this and other reasons, Apple has moved to exclude his

testimony entirely.

Apple has also moved to exclude Samsung's "ergonomics" expert Mark Lehto, who opines that all of Apple's design patents and trade dress are "functional." The entirety of Lehto's opinion and a portion of Sherman's opinion reprise and expand upon Samsung's theory of "functionality," which this Court properly rejected during the Preliminary Injunction phase. (Dkt. No. 452 at 13.) Apple therefore moves to exclude Lehto's testimony, as well as Sherman's.

Nicholas Godici is a third expert whose testimony Apple has moved to exclude in its entirety. A former PTO administrator who has previously been held unqualified to testify not once but twice, Godici has never prosecuted a single design patent. All his experience is with utility patents and PTO administration. Accordingly, he is unqualified to opine, as he does, that design patent examiners consider all design patent claims to be "narrow." Apple has also moved to exclude Godici's testimony on the grounds that having a Samsung witness instruct the jury on the law is improper. Excluding Godici's testimony is necessary to avoid this error, and will streamline the case for the jury.

As for the Graphical User Interface (GUI) design patents, Samsung failed timely to disclose *any* prior art to these patents. Yet Samsung's expert on GUI design patent validity, Sam Lucente, seeks to testify about a host of references but in so doing he fails to apply the correct legal test for design patent obviousness. *Apple Inc. v. Samsung Elecs. Co.*, No. 2012-1105, 2012 U.S. App. LEXIS 9720, at *32 (Fed. Cir. May 14, 2012.) Apple's motions to strike GUI prior art that was not timely disclosed and to exclude Lucente's opinions that are contrary to law will simplify trial on Apple's GUI design patents.

Apple's motion to strike will also eliminate from the case prior art and other defenses that were not disclosed in Samsung's Patent Local Rule Invalidity Contentions or in response to Apple's interrogatories. This will streamline Samsung's defenses to utility patent and design patent infringement, and to Apple's trade dress claims.

The flawed consumer surveys conducted by three Samsung experts—Michael Mazis, George Mantis, and Michael Kamins—should be eliminated as well. Mazis's testimony is entirely irrelevant because his survey purports to test whether Apple's individual icon trademarks

1  have "secondary meaning" under trademark law.  Apple is dismissing its icon trademark claims,
2  so there is no need for Mazis to testify about them at trial.
3      Finally, Apple has moved to exclude as unreliable certain expert opinion testimony of
4  Michael Wagner.  Wagner attempts to reduce—by 99 percent—Apple's claim for disgorgement
5  of profits.  The law is clear that design patent infringers must disgorge *all* their profits to the
6  patentee, not just a portion of profits allegedly "attributable" to the patented design.

7  **III.   OTHER PENDING MOTIONS**

8      Several other motions are pending but are not likely to narrow the case.  As the Court
9  knows, Apple has filed a motion based on Samsung's spoliation of evidence.  That motion seeks
10 an adverse jury instruction and may result—in combination with the sanctions orders that Judge
11 Grewal has already entered *and* the evidence of Samsung's copying—in a post-trial finding that
12 this is an exceptional case.  Samsung, too, has filed a motion for summary judgment, a *Daubert*
13 motion, and a motion to strike.  Samsung's motions are not well founded, and therefore will not
14 narrow the case.
15     Apple has already narrowed its case for trial—to just four utility patent claims,
16 complemented by four design patents and the iPhone and iPad trade dress.  Samsung has not
17 matched Apple.  Samsung retains fifteen utility patent claims for trial, although Samsung told the
18 Court it "would have been willing to reduce its claims even further."  (Dkt. No. 907 at 11.)  Thus,
19 to the extent further narrowing is necessary Apple respectfully requests that the Court now
20 require Samsung to limit its case to four patent claims.

21 Dated: May 21, 2012                HAROLD J. MCELHINNY
                                      MICHAEL A. JACOBS
22                                    JENNIFER LEE TAYLOR
                                      ALISON M. TUCHER
23                                    MORRISON & FOERSTER LLP
24
25                                    By:   /s/ *Harold J. McElhinny*
                                            HAROLD J. MCELHINNY
26
                                      Attorneys for Apple Inc.
27
28