1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Charles K. Verhoeven (Bar No. 170151)
2     charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5    Kevin P.B. Johnson (Bar No. 177129)
      kevinjohnson@quinnemanuel.com
6    Victoria F. Maroulis (Bar No. 202603)
      victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:     (650) 801-5000
   Facsimile:     (650) 801-5100
9

10   Michael T. Zeller (Bar No. 196417)
      michaelzeller@quinnemanuel.com
11 865 S. Figueroa St., 10th Floor
   Los Angeles, California 90017
12 Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
13

14 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
15 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

16

17                     UNITED STATES DISTRICT COURT

18                NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19

20 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK

21 | Plaintiff, | **SAMSUNG'S STATEMENT REGARDING THE IMPACT OF ITS CASE NARROWING MOTIONS**

22 | vs. |

23 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | **Date:  May 21, 2012**

24 | ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG

25 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

26 | Defendant.

27

28

1    Pursuant to the Court's May 10, 2012 Order, Samsung submits this statement identifying
2  the impact of its May 17, 2012 motions on the scope of trial.  Favorable resolution of Samsung's
3  motions will substantially narrow the issues presented to the jury, reduce the time needed for trial
4  significantly, and ensure that only proper evidence and testimony is presented during trial.
5  Samsung respectfully submits that, without substantial reduction as sought by Samsung's motions,
6  trial of necessity will run longer than limits the Court has set, and a jury will be unable to fairly
7  adjudicate all issues. (*See* Dkt. 907.)

## Samsung's Motion for Summary Judgment

*All* of Apple's claims based on its trade dresses, design patents, and utility patents that remain in this case fail as a matter of law based on the undisputed evidence in the record. Samsung's Motion for Summary Judgment seeks judgment in its favor reflecting these undisputed facts. Samsung's Motion also requests the Court grant summary judgment in its favor on Apple's claims for damages under the Sherman Act and Unfair Competition Laws.

*Apple's Trade Dress Claims.*  The undisputed facts of this case show that Apple's asserted trade dresses—which it defines to include such elements as "a rectangular product with four evenly rounded corners, a flat clear face covering the front of the product, a large display screen under the clear surface, substantial black borders above and below the display screen and narrower black borders on either side of the screen under the clear surface," (but does not include the Apple logo or the "home" button) are functional under binding Supreme Court precedent because they affect the cost or quality of the products.  As a matter of law, no amount of alternative products or even superior designs can change the functional nature of elements that affect the cost or quality of products.  Additionally, Apple's asserted trade dress is aesthetically functional: Apple asserts the dress is appealing and demanded by customers *aside* from its identification of origin, which ends the inquiry.  Because Apple's asserted trade dresses are invalid and unprotectable, Apple's trade dress infringement and dilution claims all fail.

Apple's dilution claims fail for the additional reason that it has no evidence to support a finding that its asserted trade dresses satisfy the degree of fame required by the Ninth Circuit to render trade dress protectable.  Its own survey shows that it falls short as a matter of law.

1    *Apple's Design Patents*. The undisputed facts include abundant prior art references to
2    Apple's design patents, the vast majority of which were not part of the preliminary injunction
3    record.  When the proper legal standard is applied, these prior art references render all of Apple's
4    remaining design patents invalid as obvious, anticipated, or invalidated by the on-sale bar.

5    *Apple's Utility Patents.*  The undisputed facts show that Samsung does not infringe
6    Apple's '915 patent. Additionally, each of Apple's other three patents are invalid. Samsung's
7    devices indisputably do not meet the "event object invokes" claim limitation in the '915 patent.
8    The '163 patent is anticipated by the LaunchTile System, developed years before the '163. The
9    '381 patent is anticipated by the MERL DiamondTouch Tablecloth program. And the '607 patent,
10   already ruled invalid by the ITC, is rendered obvious by both the SmartSkin and Perski references.
11   Apple's utility patent claims should be dismissed.

12   *Antitrust Damages.*  Apple failed to produce any evidence of damages suffered as a result
13   of Samsung's allegedly anticompetitive conduct.  Lacking any evidence from which a jury could
14   estimate damages, Apple must not be allowed to proceed to trial with a damages claim.

15   **Samsung's Motion to Exclude Testimony of Apple's Experts**

16   Samsung's Motion to Preclude seeks to prevent eight of Apple's experts from presenting
17   unreliable, unhelpful, or improper testimony at trial. Summary judgment on Apple's claims is
18   appropriate, but if any are allowed to proceed to trial, a number of Apple's experts offer improper
19   opinions.  Of the eleven experts Samsung expects Apple will call in support of its affirmative
20   claims, six should be excluded.  Additionally, of the four experts Samsung expects Apple will call
21   in support of its FRAND-related claims, one should be excluded, and testimony of another should
22   be limited.  The effect of granting any and all of these *Daubert* challenges will ensure that only
23   proper expert testimony is presented to the jury, and consequently shorten the trial.

24   Apple's damages expert, Terry Musika, performed improper lost profits and reasonable
25   royalty analysis.  All of his analysis is poorly founded and designed to inflate the calculated
26   damages, ignoring price elasticity, and either ignores the actual intellectual properties at issue in
27   this case, or attributes the *entire* sales price premium of Apple's iPhones and iPads to the small
28   subset Apple has asserted.

1   The Court should also exclude the testimony of: (1) John Hauser, who conducted wholly
2 unreliable surveys and has not provided critical pre-test information; (2) Henry Urbach, who offers
3 only his say-so on the value of Apple's design; (3) Susan Kare, who ignores *all* applicable legal
4 standards in her analysis of trade dress; (4) Russell Winer, who only offers summary argument;
5 (5) Dr. Sanjay Sood, who bases his design analysis on wholly unrelated products; (6) Michael
6 Walker, who has not performed any of the analysis he puts forward as critical to Samsung's IPR
7 disclosure duty; and (7) Richard Donaldson, whose testimony should be limited to exclude legal
8 analysis that is the province of the Court alone. The proper exclusion of these experts will lessen
9 the burden on the jury significantly.

10   **Samsung's Motion to Strike Testimony Based on Undisclosed Facts and Theories**

11   Samsung's final motion requests that the Court strike Apple's experts' opinions that rely
12 on theories and facts Apple deliberately and prejudicially withheld throughout discovery. In
13 particular, the Court should limit the testimony of: (1) Dr. Michel Maharbiz, who relies on reports
14 that Apple withheld and are critical to his analysis; (2) Peter Bressler, who relies on undisclosed
15 alternatives to Apple's designs; (3) Dr. Tony Givargis, who relies on undisclosed documents for
16 his invalidity analysis; (4) Dr. Ravin Balakrishnan, who bases his opinions on devices that Apple
17 has refused to allow Samsung to inspect; and (5) Russell Winer, who advances undisclosed facts
18 and theories to support his dilution analysis.

19   Additionally, to the extent that they are not excluded entirely, the Court should limit the
20 testimony of: (1) Susan Kare, who relies on undisclosed alternatives to Apple's alleged trade
21 dress; (2) Dr. Sanjay Sood, who has not provided his survey questionnaires; and (3) Terry Musika,
22 who relies on licensing data that Apple has repeatedly and improperly clawed back, materially
23 changed, and belatedly reproduced.

24   The proper exclusion of this testimony will limit the number of theories the jury must
25 consider as to Apple's affirmative case and Samsung's '711 patent.

1  DATED: May 21, 2012                    Respectfully submitted,

2                                         QUINN EMANUEL URQUHART &
3                                         SULLIVAN, LLP

4

5                                         By  /s/ Victoria F. Maroulis
                                              Charles K. Verhoeven
6                                             Kevin P.B. Johnson
                                              Victoria F. Maroulis
7                                             Michael T. Zeller
8                                             Attorneys for SAMSUNG ELECTRONICS CO.,
                                              LTD., SAMSUNG ELECTRONICS AMERICA,
9                                             INC. and SAMSUNG
                                              TELECOMMUNICATIONS AMERICA, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28