| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| JENNIFER LEE TAYLOR (CA SBN 161368) | 60 State Street |
| jtaylor@mofo.com | Boston, MA 02109 |
| ALISON M. TUCHER (CA SBN 171363) | Telephone: (617) 526-6000 |
| atucher@mofo.com | Facsimile: (617) 526-5000 |
| RICHARD S.J. HUNG (CA SBN 197425) | |
| rhung@mofo.com | |
| JASON R. BARTLETT (CA SBN 214530) | MARK D. SELWYN (SBN 244180) |
| jasonbartlett@mofo.com | mark.selwyn@wilmerhale.com |
| MORRISON & FOERSTER LLP | WILMER CUTLER PICKERING |
| 425 Market Street | HALE AND DORR LLP |
| San Francisco, California 94105-2482 | 950 Page Mill Road |
| Telephone: (415) 268-7000 | Palo Alto, California 94304 |
| Facsimile: (415) 268-7522 | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK (PSG) |
| Plaintiff, | **APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO SHORTEN TIME FOR BRIEFING ON ITS MOTION PURSUANT TO RULE 62(C) FOR ENTRY OF PRELIMINARY INJUNCTION WITHOUT FURTHER HEARING** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company., | |
| Defendants. | |

## MEMORANDUM OF POINTS AND AUTHORITIES

The Federal Court indicated that the two unresolved issues from Apple's original motion for a preliminary injunction based on infringement of the D'889 patent—balance of the hardships and public interest—may be resolved in "short order." *Apple Inc. v. Samsung Elecs. Co.*, No. 2012-1105, slip op. at 33 (Fed. Cir. May 14, 2012). Samsung offers no valid grounds for delay.

Samsung's opposition is silent as to the irreparable harm that this Court and the Federal Circuit have recognized Apple is suffering—which Apple has been suffering *for months*. Nor does Samsung contest that preliminary injunctions are designed to "give speedy relief from irreparable injury." *Ross-Whitney Corp. v. Smith Kline & French Labs.*, 207 F.2d 190, 198 (9th Cir. 1953). Briefing on shortened time is necessary for Apple to obtain a prompt resolution of its entitlement to a preliminary injunction in light of the Federal Circuit's opinion.

Samsung is wrong that "the Court lacks jurisdiction" because the Federal Circuit has not issued its mandate. (Opp. at 2.) While the general rule is that an appeal deprives a district court of jurisdiction until the mandate issues, Rule 62(c) is an "exception to the jurisdictional transfer principle," as Samsung's cited authority recognizes. *See NRDC v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2002).

Samsung also is wrong that Rule 62(c) does not permit this Court to issue a preliminary injunction now. Rule 62(c) explicitly authorizes a district court to grant a preliminary injunction while an appeal from the denial of a motion for preliminary injunction is pending. Fed. R. Civ. P. 62(c). Although Samsung contends that issuing a preliminary injunction in this procedural posture would impermissibly alter the status quo, the Ninth Circuit held to the contrary in *U.S. v. El-O-Pathic Pharmacy*, 192 F.2d 62, 79-80 (9th Cir. 1951) (per curiam).

In *El-O-Pathic*, as here, the district court had denied a motion for an injunction, the court of appeals reversed, and the mandate had not yet issued. *Id.* at 64, 78-80. When the plaintiff then moved the Ninth Circuit to issue the mandate forthwith, the court concluded that the motion showed the plaintiff "is entitled to immediate relief by way of a temporary injunction" but disagreed with the motion's underlying theory that "until this court's mandate is returned to the District Court that court is without power to issue an injunction." *Id.* at 78-79. The court

1  explained that Rule 62(c) "authorizes the district court to grant an injunction during the pendency

2  of an appeal," and the plaintiff "may obtain an injunction pending the time until mandate shall

3  have reached the district court." *Id.* at 79.  The Ninth Circuit concluded that issuing the

4  injunction in those circumstances was an appropriate exercise of the district court's authority

5  under Rule 62(c) "to make orders appropriate to preserve the status quo while the case is pending

6  in the appellate court." *Id*.

7  Both of Samsung's cited cases in support of its Rule 62(c) argument cite and rely on this

8  aspect of *El-O-Pathic*.  *See NRDC*, 242 F.3d at 1166 (citing *El-O-Pathic*, 192 F.2d at 79);

9  *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734

10 (9th Cir. 1982) (same).  Unlike *El-O-Pathic*, however, neither of those cases involved a district

11 court's authority to issue an injunction after an order denying an injunction was reversed but

12 before the mandate issued.  *See NRDC*, 242 F.3d at 1166 (upholding district court's jurisdiction to

13 modify existing injunction while appeal pending); *McClatchy*, 686 F.2d at 733 (district court

14 lacked authority to amend order confirming arbitration award while order confirming award was

15 on appeal).  Thus, *El-O-Pathic* remains good law and is the most on-point authority for the

16 circumstances presented here, in which the court of appeals has reversed the denial of an

17 injunction but the mandate has not yet issued.[1]

18 Finally, Samsung fails to show that it would be prejudiced from shortened time on

19 briefing Apple's Rule 62(c) motion.  (Opp. at 3.)  The parties briefed the balance of hardships and

20 public interest factors in connection with Apple's original motion, this Court addressed those

21 factors as to other patents at issue in that motion, and the parties briefed a full appeal from the

22 Court's Order.  Moreover, Samsung ignores Apple's argument that the limited nature of the

23 Federal Circuit's remand contemplates that no further hearing is required.  (Mot. at 3-4 (citing

24 *Apple v. Samsung*, No. 2012-1105, slip op. at 33-34).)

---

[1] Samsung notes that *El-O-Pathic* involved permanent rather than preliminary injunctions but fails to explain why that difference is of any significance as to the Court's Rule 62(c) authority.  (Opp. at 2.)

APPLE'S REPLY ISO MOT. TO SHORTEN TIME FOR BRIEFING ON RULE 62(C) MOT. FOR PRELIMINARY INJUNCTION
CASE NO. 11-CV-01846-LHK (PSG)
sf-3148489

2

**CONCLUSION**

Samsung has failed to refute Apple's showing that its Rule 62(c) motion should be briefed on shortened time and without further hearing in light of Apple's need to obtain preliminary injunctive relief against the continuing irreparable harm that this Court and the Federal Circuit have found is likely occurring. Thus, Apple requests that the Court grant its motion for briefing on shortened time.

Dated: May 21, 2012               MORRISON & FOERSTER LLP

                                  By:  */s/ Harold J. McElhinny*
                                       Harold J. McElhinny

                                       Attorneys for Plaintiff
                                       APPLE INC.