UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>      Plaintiff,<br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>      Defendants. | Case No.: 11-CV-01846-LHK<br><br>ORDER GRANTING MOTION TO SHORTEN TIME |

Apple has filed a motion pursuant to Federal Rule of Civil Procedure 62(c) for entry of a preliminary injunction in light of the recent Federal Circuit's decision remanding, in part, this Court's preliminary injunction order. ECF No. 951. Apple has also filed a motion to shorten time on its motion for entry of a preliminary injunction. ECF No. 952. Samsung opposes the motion to shorten time because, it argues, the mandate has not issued in the Federal Circuit, and this Court therefore lacks jurisdiction to issue an injunction. ECF No. 956.

While it appears that there is conflicting authority regarding whether this Court has jurisdiction to amend the order on the preliminary injunction prior to the issuance of the mandate from the Federal Circuit, the Court is also cognizant that prompt resolution of this matter is

1

Case No.: 11-CV-01846-LHK
ORDER GRANTING MOTION TO SHORTEN TIME

desirable. Accordingly, Apple's motion to shorten time is granted, and the Court adopts the following briefing schedule on the preliminary injunction:

Samsung shall file, by May 25, 2012, a 15 page brief, addressing the issues identified below. Apple shall file, by May 31, 2012, a 7 page brief, addressing the issues identified below. A hearing on the matter is set for June 7, 2012 at 1:30 pm.

The parties shall address the following issues with respect to the Galaxy Tab 10.1 and the limited remand order by the Federal Circuit: (1) whether the balance of the hardships favors issuing a preliminary injunction, (2) whether the public interest favors issuing a preliminary injunction, and (3) the appropriate amount of a bond pursuant to Federal Rule of Civil Procedure 65(c). The parties may also wish to further brief whether this Court has jurisdiction to amend the preliminary injunction order prior to the issuance of the mandate from the Federal Circuit. The Court will not entertain new evidence with respect to the issuance of the preliminary injunction EXCEPT with respect to the amount of a bond.

**IT IS SO ORDERED.**

Dated: May 21, 2012

_____
LUCY H. KOH
United States District Judge