QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

 Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION TO ENFORCE APRIL 12, 2012 ORDER** |

**PUBLIC REDACTED VERSION**

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 26, 2012 at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") move the Court to enforce compliance with the Court's April 12, 2012 Order ("April 12 Order") requiring Apple to produce witnesses for five additional depositions not to exceed a total of ten hours as set forth in section B.1. of the April 12 Order, and to produce all materials from related proceedings as identified in section B.2. of the April 12 Order.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declaration of Diane C. Hutnyan and exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court.

**RELIEF REQUESTED**

Pursuant to Federal Rule of Civil Procedure 37, Samsung requests that the Court enforce its discovery order by compelling Apple to produce witnesses for five additional depositions not to exceed a total of ten hours and compelling Apple to (a) immediately produce in redacted form all documents compelled by the Court's April 12 order which Apple continues to withhold, (b) confer with Samsung regarding which, if any, of these documents need to produced in unredacted, or partially unredacted form, and (c) seek any and all consents to remove specific redactions immediately.

| | | |
|---|---|---|
| 1 | DATED: May 22, 2012 | Respectfully submitted, |
| 2 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 3 | | |
| 4 | | |
| 5 | | By */s/ Victoria F. Maroulis* |
| 6 | | Charles K. Verhoeven |
| | | Kevin P.B. Johnson |
| 7 | | Victoria F. Maroulis |
| | | Michael T. Zeller |
| 8 | | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

This is the third time Samsung has had to seek this Court's intervention to compel Apple to comply with Samsung's request for critical materials from technologically related litigation, and the second time Samsung has had to bring a motion to enforce this Court's orders compelling this discovery.

On December 22, 2011, this Court compelled Apple to produce deposition transcripts bearing a technological nexus to the lawsuit. Apple did not comply. Samsung therefore filed a motion to enforce the original December 22, 2011 Order. On April 12, 2012, the Court again ordered Apple to produce these transcripts and to produce all other materials from related proceedings. In the aftermath of that ruling, and showing the breathtaking extent to which Apple had defied the original Order, Apple produced more than 280 transcripts consisting of more than 34,000 page of testimony.

In order to remedy the prejudice to Samsung caused by Apple's refusal to comply with the Court's prior ruling, the Court ordered Apple to produce up to five witnesses for up to ten hours of deposition. After Samsung identified those witnesses, however, Apple raised all manner of excuses as to why the depositions could not proceed, simultaneously claiming that Samsung has not previously deposed one of the witnesses, deposed another for too few hours, and deposed yet another too extensively. Apple further refused to schedule a single witness for deposition unless Samsung provided an explanation "with specific citations to transcript pages, why Samsung believes that it is entitled to take these depositions." To date, Apple has failed to make a single one of the witnesses available for deposition, in violation of this Court's Order.

Apple not only has failed to comply with the deposition obligation in the Court's April 12 Order, but it has also failed to produce the materials from related proceedings as ordered by the Court. Instead, Apple improperly filed a statement asking for "clarification" even though the language of the Order is clear on its face. Apple's request to relitigate the terms of the Order, however, was only made necessary because it waited until two days before the Court's deadline to

1 even begin seeking the consent of third parties whose confidential information was ostensibly
2 implicated.

3 Apple already seriously prejudiced and hamstrung Samsung by withholding more than 280
4 deposition for months after the original Court ordered deadline.  Nevertheless, despite two Court
5 Orders, Apple still is obstructing Samsung's rights to full and fair discovery.  Apple should be
6 ordered to produce all materials from related proceedings as ordered and to immediately produce
7 the five witnesses for deposition.

8 **II.     PROCEDURAL BACKGROUND**

9     **A.     The Court's December 22, 2011 and April 12, 2012 Orders**

10 On December 22, 2011, the Court granted Samsung's motion to compel production of
11 deposition transcripts of Apple witnesses in cases having a "technological nexus" to this action no
12 later than January 15, 2012.  (Dkt. 536 at 5.)  By early February, however, Samsung's searches
13 revealed only 15 transcripts, and no transcripts from five of the nine cases satisfying the
14 technological nexus standard.  (Declaration of Diane C. Hutnyan In Support of Samsung's Motion
15 to Enforce April 12, 2012 Order ("Hutnyan Decl.") ¶ 2, Ex. 1.)  Apple even refused to produce
16 transcripts from the ITC 796 Investigation involving not only the same parties, inventors, products
17 and technology, but virtually identical patents.  *Id.*

18 Samsung thus filed a motion to enforce the December 22 Order on March 6, 2012.  (Dkt.
19 782.)  On April 12, 2012, the Court rejected Apple's various excuses for failing to comply with
20 the December 22 Order and again compelled Apple to produce these transcripts—this time by
21 April 27, 2012.  (Dkt. 867 at 9.)  Additionally, the Court found that Samsung had suffered
22 prejudice from Apple's failure to produce all responsive transcripts, and to mitigate that prejudice
23 allowed Samsung to "take up to five additional depositions, for a total time not to exceed ten
24 hours." (*Id.* at 10.)  Apple was to produce these witnesses for deposition no later than May 10,
25 2012.  This ruling was set forth in Section B.1. of the Order.

26 Samsung's motion also sought an order compelling Apple to produce materials from
27 proceedings bearing a technological nexus with the present case, including declarations and
28 affidavits, pleadings, hearing transcripts, expert deposition transcripts and reports, and court

rulings. That motion was also granted, and in Section B.2. of the Order, the Court ordered Apple to produce these materials, unredacted, by April 27, 2012. (*Id.* at 12.)

### B. Apple's Failure to Comply With Section B.1. of the Court's April 12 Order

Pursuant to Section B.1. of the April 12, 2012 Order, Apple produced 283 depositions it had previously withheld, amounting to more than 34,000 pages of testimony. (Hutnyan Decl. ¶ 3.) Notwithstanding this tacit admission that it violated the December 22 Order to a staggering degree, and the obvious prejudice to Samsung, Apple simply refused to comply with the Court's ruling requiring Apple to produce five witnesses for deposition. As it had done with respect to the December 22 Order, Apple unilaterally imposed limitations on the Court's deposition remedy that simply did not exist, and that made no sense. For example, Apple stated in an April 24, 2012 letter that "[b]ased on [Apple's] review of the transcripts, [Apple] does not see any that warrant *recalling a witness.*" (Hutnyan Decl. Ex. 2) (emphasis added.) Thus, Apple asserted that the Court's remedy was limited to individuals that had been previously deposed—even though the 34,000 pages of deposition transcript necessarily identified new witnesses Samsung would have deposed earlier had Apple complied with the December 22 Order. (*Id.*) Apple also required Samsung to identify the five witnesses by the following day, even before the deadline for production of the transcripts had run. (*Id.*)

Samsung responded by explaining that it was still working through the hundreds of transcripts produced by Apple and would identify deponents as soon as possible. (Hutnyan Decl. ¶ 5, Ex. 3.) Samsung further explained that Apple was frustrating its ability to identify deponents by refusing to inform Samsung of which claims Apple would no longer assert at trial—as it was required to do by the Court's Case Management Order. (Dkt. 869; Dkt. 901.) Until Samsung knew what claims Apple would be asserting, it could not know which of the potential Apple deponents would remain relevant.

Just after midnight on May 8, Samsung identified five Apple employees for the Court-ordered depositions: Andrew Bright, Priya Balasubramaniam, Saku Hieta, Richard Howarth, and Emilie Kim. (Hutnyan Decl. Ex. 4.) Samsung had not been able to identify these deponents earlier, given the extraordinary volume of the materials that were withheld and Apple's failure to

1   narrow its case.  Accordingly, Samsung agreed to stipulate that Apple would have a reasonable
2   amount of time until a later date (proposed to be May 18, 2012) to produce the witnesses for
3   deposition.

4   Again, however, Apple refused.  Apple did not claim that it could not produce the
5   witnesses or that they were otherwise unavailable.  Instead, it sought to rewrite the Order to
6   require Samsung to justify its selection in writing, "with specific citations to transcript pages."
7   (Hutnyan Decl. Ex. 5.)  Apple also insisted that it be permitted to reject any selected deposition if
8   it believed (in its discretion) that Samsung had not adequately explained the selection.  Samsung
9   responded by noting that the Court's order did not carve out any of the exceptions or conditions
10  asserted by Apple.  (Hutnyan Decl. Ex. 6.)

11  On May 9, 2012, without leave of Court, Apple filed a "Supplemental Statement of
12  Additional Facts Regarding [Apple's Administrative] Motion for Clarification."  (Dkt. 911.)  In
13  this procedurally improper submission, Apple admitted that it was refusing to produce any
14  witnesses for deposition.  (*Id.* at 2.)  Apple criticized Samsung's selection of witnesses in
15  inconsistent ways, including that (1) Samsung had not previously deposed an individual at all, (2)
16  Samsung had previously deposed an individual, but for too short an amount of time, and (3)
17  Samsung had deposed an individual, but for what Apple believed was sufficient time.  (*Id.*) Apple
18  requested that the Court require Samsung "to explain why Apple's production of transcripts
19  reasonably justifies these depositions."  (*Id.*)

20  As of the date of this filing, none of the witnesses that Samsung requested has been
21  produced for deposition.  (Hutnyan Decl. ¶ 9.)

22  **C.    Apple's Failure to Comply With Section B.2. of the Court's April 12 Order**

23  Apple produced certain materials from related proceedings, pursuant to Section B.2 of the
24  April 12 Order.  However, as even Apple admits, it has not produced all materials required by the
25  Court's Order.  (Dkt. 885 at 1.)

26  Apple first signaled its intention to not comply on April 22, 2012, five days before the
27  deadline.  (Hutnyan Decl. Ex. 7.)  Despite the Court's Order requiring unredacted full production,
28  Apple stated that third-party consents allegedly remained a "barrier to production" and demanded

1  that Samsung provide additional proof of the consents that it had obtained weeks before.  (*Id.*)
2  Samsung reached out to those third parties for the requested additional proof, but in the meantime
3  responded that there should not be any lingering "barrier to production," since Samsung had
4  previously secured consent from four of the five parties, and the last was looking to Apple for
5  more information before providing consent.[1]  (Hutnyan Decl. Ex. 8.)

6        On April 26, 2012, just one day before the Court's April 27 deadline to comply with its
7  Order, Apple filed a purported "administrative" motion for "clarification," seeking to be excused
8  from producing all documents containing third-party confidential business information.  (Dkt.
9  885.)  Apple asked the Court to find that, contrary to the plain language of the April 12 Order,
10  Apple should not be required to produce all materials satisfying the technological nexus standard
11  because it lacked what it claimed to be necessary consents from third parties, including "more than
12  20" third parties, fifteen more than it had previously identified to Samsung.  (*Id.* at 5; Dkt. 887 at ¶
13  31.)  Neither the motion nor the supporting declaration identified these additional third parties.
14  Nor did Apple make any showing that it would be unable to obtain their consent.  (*See id.*)

15        Before Apple filed its "administrative" motion, Samsung had requested that Apple provide
16  the names of these third parties, the proceedings in which their confidential information was
17  implicated, the number of documents containing their confidential information, and the titles of
18  those documents, in order to help resolve any "barriers to production."  (Hutnyan Decl. Ex. 9.)
19  After filing its "administrative" motion, Apple provided the names of some of the third parties in
20  question, but would not provide information on the documents being withheld and claimed that
21  that information was not available because it was in the hands of Apple's other outside counsel.
22  (Hutnyan Decl. Ex. 10.)  It also attached the notice letters that had been sent to these third parties.
23  These letters revealed that Apple had waited until April 25 – two days before the deadline – before
24  even attempting to seek consent from any of them.  (*Id.*)  On May 4, 2012, Apple again refused to
25  provide information about what was being withheld.  (Hutnyan Decl. Ex. 11.)  Based on this

---

[1]  As the Court will recall, Apple had previously identified Google, HTC, Nokia, Atmel and Motorola as third parties whose confidential information was contained in the materials requested by Samsung from cases with a technological nexus.  Samsung had obtained sufficient consents

1  letter, it appears that approximately 170 documents still have not been produced.  (*Id.*)  Apple has
2  given no indication that it has taken further steps to secure any remaining consents.  (Hutnyan
3  Decl. ¶ 15.)
4      On May 7, 2012, Apple filed a "status update" concerning the Order, again confirming
5  Apple's failure to comply.  (Dkt. 903)  Apple did not tell the Court that it had ignored
6  opportunities that might resolve the issue or mitigate the harm to Samsung.  Specifically, Apple
7  had refused to provide basic information about the items withheld  or to stipulate to production of
8  a redacted version.  Apple also refused to produce any of the remaining materials in redacted form,
9  so that at least Samsung would have most of the information available for use.

10  **III.**    **ARGUMENT**

11      **A.**    **The Court Should Require Apple To Produce the Five Deponents For Deposition Immediately**
12  
13          **1.**    **Apple Failed To Produce The Five Deponents By May 10**

14      This Court's April 12 Order could not have been clearer:  "Samsung may take up to five
15  additional depositions, for a total time not to exceed ten hours."  (Dkt. 867.)  Apple nevertheless
16  has refused to produce the witnesses identified by Samsung.
17      None of Apple's excuses are supported by this Court's Order.  First, there is nothing in the
18  Order that allowed Apple unilaterally to decide whether the depositions were "warrant[ed]" based
19  on [Apple's] production of deposition transcripts."  To the contrary, the Court found that Samsung
20  had been prejudiced by Apple's noncompliance with the December 22 Order, and compelled
21  Apple to produce up to five witnesses for depositions of Samsung's choosing in order to mitigate
22  that prejudice.  (*Id.* at 10.)
23      Second, nothing in the Court's Order required Samsung to justify its selection "with
24  specific citations to transcript pages," or permitted Apple to reject a request for deposition if Apple
25  believed that Samsung's asserted reasons for the deposition were not to its liking.  That is
26  undoubtedly why, in its "Supplemental Statement," Apple conceded that the April 12 Order
27  contained no such requirement, and improperly requested as a post hoc matter that Court modify
28

its ruling to impose one. (Dkt. 911 at 2) (requesting the Court require Samsung "to explain why Apple's production of transcripts reasonably justifies these depositions.").

### 2. The Requested Depositions are Reasonably Tied to the Production of Deposition Transcripts

Although the Order places no limits on the witnesses Samsung may select for deposition, Samsung chose witnesses with knowledge reasonably related to subjects revealed in the transcripts that Apple withheld in the face of this Court's original Order.

#### (a) Andrew Bright

Apple did not produce the 285-page deposition transcript of Andrew Bright until April 20, 2012. (Hutnyan Decl. ¶ 12.) In his deposition, Mr. Bright states ▮▮▮▮▮▮ Mr. Bright oversaw ▮▮▮▮▮▮ Oddly, Apple disputes the relevance of Mr. Bright, stating "it is difficult to understand how his work on the acoustics of the iPhone 4 . . . bears any relevance to the issues in this case." (Dkt. 911 at 1.) However, the acoustics of a product are clearly relevant to Samsung's functionality defense, as any design choices made based on acoustics are not properly within the scope of a design patent or Apple's alleged trade dress. Indeed, Mr. Bright testified that ▮▮▮▮▮▮ Mr. Bright also testified that ▮▮▮▮▮▮ Apple's refusal to produce Mr. Bright for deposition, despite the fact that he is in charge of the acoustic design team for multiple versions of the iPhone, illustrates the frivolousness of Apple's refusals to produce the witnesses chosen by Samsung as the Court ordered.

#### (b) Priya Balasubramaniam

Several of the newly produced deposition transcripts reference Priya Balasubramaniam. ▮▮▮▮▮▮ Ms. Balasubramaniam is ▮▮▮▮▮▮

1  ▮

2  ▮ Ms. Balasubramaniam's knowledge of ▮

3  ▮ is relevant to the Samsung's functionality claims regarding Apple's design

4  patents and trade dress, as the rationale for ▮ may concern a functional

5  rather than an ornamental purpose.

6      Apple claims that Samsung should not be able to depose Ms. Balasubramaniam because

7  the references in the produced transcripts are, in Apple's self-serving view, "limited."  Apple does

8  not explain why Samsung should be precluded from deposing a person referenced multiple times

9  throughout the newly produced transcripts, much less point to any support for this in the Court's

10  Order.  Moreover, in addition to the multiple references to Ms. Balasubramaniam in those

11  transcripts, there are numerous references to ▮

12  ▮ Ms.

13  Balasubramaniam is the appropriate witness to question on this newly produced testimony.

14          (c)    <u>Saku Hieta</u>

15      Saku Hieta is ▮

16  ▮ Mr. Hieta, who signed declarations in support of Apple's

17  withdrawn motion for summary judgment on FRAND claims, has relevant knowledge regarding ▮

18  ▮ For example,

19  Mr. Hieta declared that ▮

20  ▮ Throughout the newly produced transcripts are multiple references to

21  the ▮

22  ▮

23      Apple refuses to produce Mr. Hieta on the grounds that Samsung "previously declined to

24  depose Mr. Hieta."  The short answer to this excuse is that nothing in the Court's Order restricts

25  Samsung's choice of deponents to individuals who had previously been deposed.  Indeed, any

26  such limitation would undermine the rationale for the relief awarded by the Court, because as it

27  has with Mr. Hieta the belatedly produced transcripts are just as likely to contain facts identifying

28  witnesses not previously deposed as identifying witnesses previously deposed.

1   In any event, Apple's excuse is wrong as a factual matter. Samsung timely noticed Mr.
2   Hieta's deposition on February 27, 2012. (Hutnyan Decl. ¶ 21.) Apple refused to produce Mr.
3   Hieta even though he signed a declaration in support of Apple's motion for summary judgment.
4   (*Id.*) Instead, it "offered" to produce another, unrelated witness, Tony Blevins, in lieu of Mr.
5   Hieta. (*Id.*) Samsung declined this "offer," and continued to push for Mr. Hieta's deposition.
6   (*Id.*) At a meet and confer on March 14, 2012, Samsung reiterated its intent to depose Mr. Hieta.
7   Apple again refused to produce him. (*Id.* ¶ 22.) Samsung could not move to compel Mr. Hieta's
8   deposition, however, because Apple's lead counsel was not present at the meet and confer and
9   refused to participate in one. Therefore, any suggestion that Samsung somehow had an option to
10  depose Mr. Hieta previously but did not do so is incorrect.

(d) Richard Howarth

Richard Howarth is an Apple designer in the industrial design group and a leader of the first iPhone project. Mr. Howarth is referenced in various newly produced deposition transcripts, including his previously withheld deposition transcript from the ITC 796 Investigation. Additionally, the newly produced transcripts are replete with references ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Apple does not and cannot dispute Mr. Howarth's relevance to this action. Instead, Apple states that Samsung should not be able to depose Mr. Howarth because Samsung previously deposed him for 13 hours.[2] (Dkt. 911 at 1.) The Court's Order did not prevent Samsung from deposing witnesses who had already been deposed, and again, such a limitation would undermine the Order's purpose of alleviating the prejudice caused by Apple's violation of the December 22 ruling. The deposition transcripts Apple belatedly produced provide new information within the scope of Mr. Howarth's knowledge that Samsung should be able to probe.

---

[2] Besides, Apple's statement is misleading. Samsung deposed Mr. Howarth for just six hours in this action; the rest of the deposition time was in the 796 Investigation (ironically, recorded in one of the improperly withheld transcripts).

1  Simply put, Samsung had every right to have the information from the transcripts when it
2  deposed Mr. Howarth because Apple should have produced – and in fact was ordered to produce –
3  these transcripts beforehand.  Had Apple complied with its obligations, Samsung could and would
4  have used the information to frame deposition questioning of Mr. Howarth.  Apple, and not
5  Samsung, is solely responsible for that prejudice to Samsung.  Apple's unilaterally imposed, post
6  hoc limitation that Samsung could not identify a previously deposed witness would effectively
7  nullify the Court's ruling altogether.  Indeed, under Apple's inconsistent arguments, the ruling was
8  (a) limited to individuals who had previously been deposed (therefore excluding Mr. Hieta) and
9  (b) bars the deposition of individuals who had previously been deposed (therefore excluding Mr.
10 Howarth).  This Court plainly did not issue such a meaningless ruling, and Apple's interpretation
11 should be rejected.

             (e)    Emilie Kim

13 Emilie Kim is ███████████████████████████████████████████████████
14 ████████████████████████████████████████████████████ Various
15 features related to the '460 patent, including Apple's Cameras and Photos App, are discussed in
16 the newly produced transcripts. ████████████████████████████████████████
17 ████████████████████████████████████████████████████████████ For
18 example, Michael Matas testified that ██████████████████████████████████
19 ████████████████████████████████████████████████████████████
20 ████████████████████████████ Additionally, Apple produced transcripts with
21 specific testimony regarding ████████████████████████████████████
22 ████████████████████ All of this testimony is tied to the '460 patent at issue in this case.
23 Apple states that Samsung should not be permitted to depose Ms. Kim because it
24 previously deposed her for only one hour.  Again, there is no basis for such a limitation in the
25 Court's Order.  Nor has Ms. Kim previously been deposed in her personal capacity; she has only
26 appeared as a 30(b)(6) witness.  It is of no import that Samsung did not depose her in her personal
27 capacity before, because Apple withheld the information in these deposition transcripts at the time
28

the deposition took place. As noted above, there is no requirement in this Court's Order that Samsung must have previously deposed an individual, nor would such a limitation make sense.

### 3. Apple's Refusal to Make Available Witnesses for Deposition Severely Prejudices Samsung

The prejudice in this case from Apple's defiance of this Court's Orders as a result of the withheld depositions is overwhelming. The Court has already held that Apple's failure to produce the related deposition transcripts prejudiced Samsung. Apple's belated production only makes the prejudice to Samsung even clearer. Apple withheld 283 depositions and more than 34,000 pages of testimony from Samsung for months after the Court's December 22 Order. Many of these transcripts contain crucial admissions from Apple regarding identical or similar patents to the ones asserted in this action. To allow Apple to avoid these five Court-ordered depositions would only reward Apple for its improper behavior. Indeed, given the number of withheld transcripts, five depositions for a total of 10 hours will barely begin to address the severe prejudice Apple's misconduct has caused. Had Samsung and the Court known the scope of Apple's violation, the Court's ruling may well have encompassed more deponents. Apple should not be able to thwart the relief the Court granted.

### B. The Court Should Require Apple To Produce All Materials Covered by the April 12 Order in Redacted Form and Seek Consent from Third Parties to Produce Certain Documents in Unredacted Form

Apple does not dispute that it has not produced all materials identified in the April 12 Order. Nor does Apple deny the critical importance of these materials to determining whether Apple is taking inconsistent positions regarding the scope of the patents that it now accuses Samsung of infringing. Instead, Apple seeks to justify its failure to produce these documents, claiming that it cannot produce the ordered materials in all cases because of purported third-party confidentiality concerns. Any problems in timely producing the documents are entirely of Apple's own making, because Apple made no attempt to obtain consent until April 25, 2012, despite knowledge of this issue for months. (Dkt. 892 at 3; Dkt. 909 at 1.) Notably, despite *suggesting* the existence of purported obstacles to obtaining consent, Apple has never shown it cannot obtain consent from the remaining parties through diligent efforts. Similarly, Apple has not and cannot

1  explain why its failure to timely obtain these consents should somehow excuse it from *ever* having
2  to produce these documents or from timely producing them, at least in redacted form.
3  It is clear that Apple will take no further efforts to produce these documents if the Court
4  does not enforce its order.  Samsung recognizes the possibility that there may be compelling third-
5  party confidentiality interests, however, and remains prepared to work toward a solution that
6  accommodates these interests.  Accordingly, Samsung requests that the Court order Apple to (1)
7  immediately produce in redacted form all documents compelled by the Court's April 12 order
8  which Apple continues to withhold, (2) confer with Samsung regarding which, if any, of these
9  documents need to be produced in unredacted, or partially unredacted form, and (3) seek any and
10 all consents to remove specific redactions immediately.

11 **IV.   CONCLUSION**
12 For the foregoing reasons, Samsung requests the Court issue an order compelling Apple to:
13 (1) immediately produce Andrew Bright, Priya Balasubramaniam, Saku Hieta, Richard
14 Howarth, and Emilie Kim for depositions not to exceed a total of ten hours; and
15 (2) (a) immediately produce in redacted form all documents compelled by the Court's
16 April 12 order which Apple continues to withhold, (b) confer with Samsung regarding which, if
17 any, of these documents need to produced in unredacted, or partially unredacted form, and (c) seek
18 any and all consents to remove specific redactions immediately.

| | | |
|---|---|---|
| 1 | DATED: May 22, 2012 | Respectfully submitted, |
| 2 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 3 | | |
| 4 | | |
| 5 | | By */s/ Victoria F. Maroulis* |
| 6 | | Charles K. Verhoeven<br>Kevin P.B. Johnson |
| 7 | | Victoria F. Maroulis<br>Michael T. Zeller |
| 8 | | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |