QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF SAMSUNG'S MOTION TO ENFORCE APRIL 12, 2012 ORDER**<br><br>Date: June 26, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

I, Diane C. Hutnyan, declare as follows:

1. I am a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"). I submit this declaration in support of Samsung's Motion To Enforce April 12, 2012 Order. I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2. Attached hereto as Exhibit 1 is a true and correct copy of a March 3, 2012 letter from Samsung's counsel to Apple's counsel identifying nine cases bearing a technological nexus to the instant suit. As noted in this letter, Samsung's searches revealed that Apple had produced only 15 transcripts, and no transcripts from five of the nine cases satisfying the technological nexus standard. Apple even refused to produce transcripts from the ITC 796 Investigation involving not only the same parties but virtually identical patents.

3. Between April 17, 2012 and April 20, 2012, Apple produced 283 deposition transcripts from over 100 witnesses, totaling 34,501 pages of testimony. Each of these transcripts were subject to the December 22, 2012 Order. Apple's production therefore reveals the staggering extent of its noncompliance with the December 22, 2012 Order. Apple withheld nearly 95% of the deposition transcripts subject to the Order until five weeks after the close of fact discovery.

4. Attached hereto as Exhibit 2 is a true and correct copy of an April 24, 2012 letter from Apple's counsel to Samsung's counsel. In this letter, Apple states that it does "not see any warrant recalling a witness for deposition." The letter further demands that Samsung identify the five witness that Samsung wants to depose before 5:00 p.m. on April 25, 2012—less than five days after Apple's production of nearly 35,000 pages of testimony.

5. On May 3, 2012, Samsung responded to Apple's April 24, 2012 letter by explaining that Samsung was still reviewing the 283 deposition transcripts that Apple produced. Samsung further explained that Apple's refusal to identify which claims it would no longer assert at trial, as required by the Court's Case Management Orders, frustrated Samsung's ability to determine which

witnesses would be relevant to Apple's narrowed case. Attached hereto as Exhibit 3 is a true and correct copy of Samsung's May 3, 2012 letter to Apple.

6. Attached hereto as Exhibit 4 is a true and correct copy of an email sent by Samsung's counsel to Apple's counsel just after midnight on May 9, 2012, identifying the five witnesses that Samsung wished to depose pursuant to the April 12, 2012 Order, and offering to stipulate to extend the deadline for these depositions.

7. Attached hereto as Exhibit 5 is a true and correct copy of a May 9, 2012 email from Apple's counsel to Samsung's counsel refusing to produce for deposition the five witnesses identified by Samsung. Apple's counsel demanded that Samsung "explain, with specific citations to transcript pages, why Samsung believes that it is entitled to take these depositions."

8. Attached hereto as Exhibit 6 is a true and correct copy of a May 9, 2012 email from Samsung's counsel to Apple's counsel, objecting to Apple's attempt to read limitations and exceptions into the Court's requirement that Apple produce five witnesses for deposition.

9. Apple did not produce for deposition any of the five witnesses identified by Samsung.

10. Attached hereto as Exhibit 7 is a true and correct copy of an April 22, 2012 letter from Apple's counsel to Samsung's counsel concerning Apple's production of documents from related proceedings. In this letter, Apple indicated for the first time that "the problem of third party Confidential Business Information remains a barrier to production despite the April 12 Order." This letter further demanded that Samsung provide additional proof of the consents that Samsung had obtained weeks before.

11. Attached hereto as Exhibit 8 is a true and correct copy of an April 24, 2012 letter from Samsung's counsel to Apple's counsel, addressing Apple's request for information concerning the third party consents that Samsung had obtained, as well as numerous issues relating to Apple's assertion that "barriers to production" prevented its compliance with the April 12, 2012 Order.

12. Attached hereto as Exhibit 9 is a true and correct copy of an April 27, 2012 email from Samsung's counsel to Apple's counsel requesting the names of third parties who had not yet consented to production, the proceedings in which the confidential business information of these

third parties is implicated, the number of documents that contain their confidential business information, and the titles of such documents. Samsung requested this information in order to assist Apple in resolving any "barriers to production" that third party consent might create.

13. Attached hereto as Exhibit 10 is a true and correct copy of an April 30, 2012 letter from Apple's counsel to Samsung's counsel. In this letter, Apple provided, for the first time, the names of some of the third parties whose confidential business information is implicated by the April 12, 2012 Order. Apple refused, however, to provide information on the documents being withheld, claiming that that information was not available because it was in the hands of Apple's other outside counsel. Attached to this letter were the notice letters which Apple's counsel sent to these third parties on April 25, 2012—just two days before the deadline set by the Court's April 12, 2012 Order.

14. Attached hereto as Exhibit 11 is a true and correct copy of a May 4, 2012 letter from Apple's counsel to Samsung's counsel, providing some additional information about what consents Apple had obtained and what documents it had produced, but still refusing to provide information about what was being withheld. Based on this letter, it appears that approximately 170 documents still have not been produced.

15. In the weeks since sending the notice letters to third parties on April 25, 2012, Apple's counsel has given no indication that it has taken further steps to secure any remaining consents.

16. Attached hereto as Exhibit 12 is a true and correct copy of excerpts from the June 29, 2010 deposition transcript of Andrew Bright, taken in *In re Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and Computers*, Inv. No. 337-TA-701 (I.T.C.). Apple produced this document to Samsung, bearing Bates label APLNDC-Y0000248888, on April 20, 2012.

17. Attached hereto as Exhibit 13 is a true and correct copy of excerpts from the October 28, 2010 deposition transcript of Dan Rosckes, taken in *In re Certain Personal Data and Mobile Communications Devices and Related Software*, Inv. No. 337-TA-710 (I.T.C.).

1    18.    Attached hereto as Exhibit 14 is a true and correct copy of excerpts from the
2 September 21, 2011 deposition transcript of Mark Buckley, taken in *Elan Microelectronics Corp.*
3 *v. Apple Inc.*, Case No. C-09-01531 (N.D. Cal.).

4    19.    Attached hereto as Exhibit 15 is a true and correct copy of excerpts from the
5 October 23, 2007 deposition transcript of Frederick Lancaster, taken in *Quantum Research Group,*
6 *Ltd. v. Apple Inc.*, Case No. 5-cv-03408 (N.D. Cal.).

7    20.    Attached hereto as Exhibit 16 is a true and correct copy of excerpts from the March
8 16, 2012 deposition transcript of Louie Sanguinetti, taken in *Apple Inc. v. Motorola Inc.*, Case No.
9 11-cv-08540 (N.D. Ill.).

10   21.    Samsung has never declined to depose Mr. Saku Hieta.  Samsung served Apple
11 with a notice of deposition for Mr. Hieta on February 27, 2012.  Apple refused to produce Mr.
12 Hieta, instead offering an unrelated witness, Tony Blevins, in lieu of Mr. Hieta.  Samsung
13 declined this offer, and continued to push for Mr. Hieta's deposition.

14   22.    At a meet and confer on March 14, 2012, Samsung reiterated its intent to depose
15 Mr. Saku Hieta.  Apple again refused to produce him.  Apple's lead counsel was not present at the
16 meet and confer, thus preventing Samsung from moving to compel Mr. Hieta's deposition.

17   23.    Attached hereto as Exhibit 17 is a true and correct copy of excerpts from the July 9,
18 2010 deposition transcript of Stephen Lemay, taken in *In re Certain Electronic Devices, Including*
19 *Mobile Phones, Portable Music Players, and Computers*, Inv. No. 337-TA-701 (I.T.C.).

20   24.    Attached hereto as Exhibit 18 is a true and correct copy of excerpts from the May
21 28, 2010 deposition transcript of Achim Pantfoerder, taken in *In re Certain Electronic Devices,*
22 *Including Mobile Phones, Portable Music Players, and Computers*, Inv. No. 337-TA-701 (I.T.C.).

23   25.    Attached hereto as Exhibit 19 is a true and correct copy of excerpts from the March
24 7, 2012 deposition transcript of Emilie Kim, taken in this action.

25   26.    Attached hereto as Exhibit 20 is a true and correct copy of excerpts from the
26 February 15, 2012 deposition transcript of Michael Matas, taken in *Apple Inc. v. Motorola Inc.*,
27 No. 11-cv-08540 (N.D. Ill.).

28

1    27.    Attached hereto as Exhibit 21 is a true and correct copy of excerpts from the
2 August 23, 2011 deposition transcript of Kristi Bauerly, taken in *Elan Microelectronics Corp. v.*
3 *Apple Inc.*, Case No. C-09-01531 (N.D. Cal.).

4    28.    Attached hereto as Exhibit 22 is a true and correct copy of excerpts from the
5 September 9, 2011 deposition transcript of Eric Jue, taken in *Elan Microelectronics Corp. v. Apple*
6 *Inc.*, Case No. C-09-01531 (N.D. Cal.).

8    I declare under penalty of perjury under the laws of the United States that the foregoing is
9 true and correct.  Executed on the 22nd of May, 2012, in Los Angeles, California.

    /s/  Diane C. Hutnyan
    Diane C. Hutnyan