# EXHIBIT 1

quinn emanuel trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

March 3, 2012

<u>**VIA ELECTRONIC MAIL**</u>

Jason Bartlett
Morrison & Foerster, LLP
425 Market Street
San Francisco, California 94105-2482

Re:    *Apple v. Samsung Elecs. Co. et al.*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Jason:

This letter responds to your letter of February 29, 2012 regarding Apple's production of employee deposition transcripts and other materials from proceedings with a technological nexus to this action. We write this letter in one final attempt to avoid returning to Court on this issue, though we are extremely frustrated that less than a week from the discovery cut-off and notwithstanding the Court's ruling requiring production of the employee transcripts over a month ago, we still are confident that there remain responsive transcripts that have not yet been produced.

**Cases Having A Technological Nexus To This Action**

In an effort to narrow the issues relating to this issue, Samsung has again reviewed the list of actions it previously identified that have a potential technological nexus to this action, either because they involve the same patents, or otherwise fall within the definition of technological

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100

nexus as adopted by the Court in its December 22 Order.  As a result of that review, we believe that at least the following actions would have responsive witness transcripts and other materials.[1]

- *Nokia v. Apple*, 09-cv-00791 (D. Del.): involves the '381 patent at issue in this suit

- *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00661 (W.D. Wis.): involves the '828 and '607 patents at issue in this suit

- *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.): involves the '002 patent at issue in this suit

- Investigation of Certain Mobile Devices And Related Software (*Apple v. Motorola*), 337-TA-750 (ITC):  involves the '828 and '607 patents at issue in this suit

- *Apple v. High Tech Computer Corp.*, 10-cv-00167 (D. Del.): involves the '381 patent at issue in this suit

- Investigation Regarding Certain Portable Electronic Devices (*Apple v. High Tech Computer Corp.*), 337-TA-797 (ITC): involves the '915, '129, and '381 patents at issue in this suit

- Investigation of Certain Electronic Devices with Multi-Touch Enabled Touchpad and Touchscreens (*Elan Microelectronics Corp. v. Apple*), 337-TA-714 (ITC): involves U.S. Patent No. 5,825, 352, which discloses a method for determining the number of fingers simultaneously present during each scan of a touchpad surface, allows for the determination of the location of each finger and the distance between them, and covers similar touch-based interface functions as  the '828, '915, and '163 patents at issue in this suit

- *Elan Microelectronics Corp. v. Apple, Inc.*, 09-cv-01531 (N.D. Cal.): involves the patent-at-issue in 337-TA-714 (ITC) (above), as well as counterclaims involving U.S. Patent Nos. 5,764,218 and 7,495,659, which describe methods for detecting gap intervals and mapping user input on touch-sensitive devices and cover similar touch-based interface functions as the '828, '915, '891, and '163 patents at issue in this suit

- Investigation Regarding Certain Electronic Digital Media Devices (*Apple v. Samsung*), 337-TA-796 (ITC): involves the '949 patent as well as other utility and design patents that cover similar technologies and features as the patents-in-suit and are claimed to be embodied by the same Apple devices.  These include the D'757 and D'678 patents, which claim designs for a portable electronic device that are very similar to the D'087 and D'677 patents-in-suit.

---

[1]  Our effort to provide such a list does not limit the scope of Apple's obligations to identify any other matters it is aware of that could contain responsive materials, and we expect Apple to do so as it has previously indicated it would.

2

**Deposition Transcripts of Apple Employees Subject To Court Order**

Your letter asserts that Apple would review its production to "confirm that it has produced all transcripts of Apple witnesses with a technological nexus to this case." We have reviewed the production as well, and have identified the following witness/employee transcripts from the matters on our list:

1. *Nokia v. Apple*, 09-cv-00791 (D. Del.)

    a. Transcript of April 7, 2011 Deposition of Bas Ording

2. *Apple Inc v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.)

    a. Transcript of September 27, 2011 Deposition of Steven Christensen

    b. Transcript of October 11, 2011 Deposition of Wayne Westerman

    c. Transcript of April 1, 2011 Deposition of Richard Lutton

3. *Investigation of Certain Mobile Devices And Related Software (Apple v. Motorola)*, 337-TA-750 (ITC)

    a. Transcript of June 23, 2011 Deposition of John G. Elias

    b. Transcript of July 12, 2010 Deposition of Steven Hotelling

    c. Transcript of June 23, 2011 Deposition of Brian Huppi

    d. Transcript of August 3, 2011 Deposition of Joshua A. Strickon

    e. Transcript of June 28, 2011 Deposition of Wayne Westerman

    f. Transcript of July 28, 2011 Deposition of Eric Jue

    g. Transcript of July 7, 2011 Deposition of Boris Teksler

    h. Transcript of June 24, 2011 Deposition of Martin Grunthander

    i. Transcript of July 14, 2011 Deposition of Chris Krah

4. *Investigation of Certain Electronic Devices with Multi-Touch Enabled Touchpad and Touchscreens (Elan Microelectronics Corp. v. Apple)*, 337-TA-714 (ITC)

    a. Transcript of November 19, 2010 Deposition of Steven Hotelling

    b. Transcript of August 3, 2011 Deposition of Joshua A Strickon

Thus, from the list of matters we have identified above, we only have located deposition transcripts from the above four cases, and as to those it strongly appears that the production does not include all Apple employee transcripts that would satisfy the technological nexus standard.

We have not located any Apple employee transcripts from the other five matters even though most of those matters assert the same patents as Apple is asserting in this case. Remarkably, Apple has failed to produce any deposition transcripts from its own ITC 796 case against Samsung. It is therefore difficult for us to believe that Apple has come close to satisfying its obligations under the Court's December 22 Order.

Please let us know by the close of business on Monday, March 5, whether, for each case on our list of nine cases, there are any transcripts beyond those that have been produced that satisfy the technological nexus requirement, the Bates numbers for those if they have already been produced, and for any that have not been produced, when Apple will produce those transcripts. To be clear, we believe that this would include any transcripts that include testimony relating to the scope, infringement, and/or validity of the patents-in-suit, or of related patents, or relate to the commercial embodiments of the inventions or designs claimed in those patents. If Apple is aware of other cases that have not been included in our list from which there may be responsive transcripts, please let us know that as well by the end of the day on Monday, March 5, and when we can expect to receive any responsive transcripts. Given that Apple was obligated to have provided these transcripts by January 15, 2012, we reserve all of Samsung's rights with respect to this issue, including the right to seek a further opportunity to take discovery based on any belatedly produced transcripts.

**Other Materials from Related Proceedings**

Beyond the employee deposition transcripts, our requests seek any other materials from the same cases we have identified (and any others Apple is aware of) that relate to the scope, infringement and/or validity of the patents-in-suit, or of related patents, or that relate to the commercial embodiments of the inventions or designs claimed in those patents. We have identified the specific requests in prior correspondence. To be clear, these materials would include any of the following that satisfy the technological nexus requirement: (1) deposition transcripts from witnesses other than Apple employees, including employees of the adverse party, third parties, patent prosecution attorneys, and experts; (2) expert reports, declarations, and deposition testimony; (3) claim construction briefs; (4) affidavits, declarations or other witness statements from inventors, experts, and Apple employees; (5) briefing for dispositive and discovery motions including all supporting declarations and exhibits; (6) pleadings; (7) hearing and trial transcripts; (8) invalidity and infringement contentions; (9) materials presented as part of technical tutorials; (10) asserted prior art; (11) written discovery and responses thereto; and (12) court orders and opinions.

It is not clear from your February 29 letter whether Apple is objecting to searching for and producing any of these materials, or whether its position is more nuanced. This is because your letter in one place says "Apple is not searching for and broadly producing all 'materials' from any case with an alleged technological nexus, nor is such a search called for by any of Samsung's requests for production," but later appears to suggest that the reason Apple has not

4

provided this information is that Samsung has not obtained consent from necessary third parties to release their confidential business information. You also challenge the list of cases we had previously given, although we have narrowed that list as set forth above.

With regard to CBI, you stated in your February 10 letter that once Samsung obtains third party consent, "Apple will promptly produce" responsive documents. We have already informed you some weeks ago that Google, Atmel, and HTC have given permission for Apple to produce CBI, subject to the protective order, but yet Apple has not produced any materials from the related actions. Why? With regard to Nokia and Motorola, they have asked for more information concerning what documents are at issue, and only Apple is in a position to know this information, but still refuses to cooperate. The fact that it is now near the end of discovery is not the fault of Samsung, as these requests were made months ago.

More fundamentally, though, there undoubtedly is a significant amount of material that would not contain any CBI at all. Apple has never disputed this. Still, though, Apple is using the CBI issue as an excuse to delay. Again, the question is why?

We have been more than cooperative, and in good faith have sought to secure third party consents. In order for us to know whether it will be necessary to move to compel and if so the scope of any such motion, please let us know by March 5, 2012 whether Apple is going to produce the materials from the actions we have identified that fall within the technological nexus definition, from which cases, and if so, provide a date certain by which they will be produced.

I look forward to hearing from you.


Kind regards,

*/s/  Diane C. Hutnyan*

Diane C. Hutnyan