# EXHIBIT 6

| | |
|---|---|
| **From:** | Diane Hutnyan |
| **To:** | Bartlett, Jason R.; Mazza, Mia |
| **Cc:** | AppleMoFo; WH Apple Samsung NDCal Service; Samsung v. Apple |
| **Subject:** | RE: Apple v. Samsung Discovery Correspondence |
| **Date:** | Wednesday, May 09, 2012 2:39:50 PM |

Jason,

We do not need to do this.  The Court's Order of April 12 did not carve out any exceptions for witnesses that Samsung did not depose before, or that Apple feels Samsung did not depose enough, or deposed too much, and Apple's filing on the 27th attempted to impose various other non-existent limitations on the Court's order that did not even include these.

It is evident that Apple is suggesting these new supposed limitations to create some more excuses for its planned noncompliance, just as it did when it willfully failed to comply with the Court's December 22 order to produce these transcripts in the first place.  I note that the April 12 order expressly rejects Apple's various excuses and limitations and enforces the original order.

Unless you indicate otherwise, by 5:00 pm PST today, we will assume that Apple is refusing to provide these witnesses for deposition and will proceed accordingly.

---

**From:** Bartlett, Jason R. [mailto:JasonBartlett@mofo.com]
**Sent:** Wednesday, May 09, 2012 1:56 PM
**To:** Diane Hutnyan; Mazza, Mia
**Cc:** AppleMoFo; WH Apple Samsung NDCal Service; Samsung v. Apple
**Subject:** RE: Apple v. Samsung Discovery Correspondence

Dear Diane,

Despite our prior requests asking that you identify your desired deponents promptly, you are sending us this list just one day before Judge Grewal's May 10th deadline for taking these depositions.  This is despite our production of the last of these transcripts on April 21st -- eighteen days ago, and six days before Judge Grewal's April 27th deadline for compliance.

Moreover, despite our prior requests that you explain with specificity how any requested depositions are reasonably occasioned by our transcript production, you have not done so.  Indeed, the names of at least some of the individuals identified below do not even appear in the transcripts produced.  Samsung also affirmatively *declined* to take Saku Hieta's deposition previously.  For Emilie Kim, Samsung previously deposed her for all of one hour, despite Ms. Kim's setting aside an entire day for her deposition.  Finally, as Samsung is well aware, it has already deposed Richard Howarth for more than thirteen hours.

Please explain, with specific citations to transcript pages, why Samsung believes that it is entitled to take these depositions.  Please provide your response by no later than 9pm tonight, so that we can determine whether we need to raise Samsung's very late demand for these depositions with the Court.

Jason

Jason R. Bartlett
Morrison & Foerster
425 Market St.
San Francisco, CA  94105
Direct: 415.268.6615

**From:** Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
**Sent:** Wednesday, May 09, 2012 12:21 AM
**To:** Mazza, Mia
**Cc:** AppleMoFo; WH Apple Samsung NDCal Service; Samsung v. Apple
**Subject:** Apple v. Samsung Discovery Correspondence


Dear Mia,

Please find below the list of deponents that Samsung has selected for further deposition pursuant to the April 12, 2012 Court order.

1. Richard Howarth
2. Emilie Kim
3. Saku Hieta
4. Priya Balasubramaniam
5. Andrew Bright

Apple should immediately provide dates that these witnesses are available for deposition.  Due to time constraints, Samsung is willing to stipulate to extend the time to depose these individuals past May 10, 2012, provided that all depositions take place by May 18, 2012.  Samsung expects that Apple will be willing to so stipulate as it withheld more than 200 deposition transcripts, amounting to more than 20,000 total pages of testimony.  If Apple is unwilling to stipulate, then we expect the identified deponents to appear for deposition on May 10 at our offices in Redwood Shores.

We look forward to hearing from you.

---------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

============================================================================


This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

---------------------------------------------------------------------