# EXHIBIT 8

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3666**

WRITER'S INTERNET ADDRESS
**dianehutnyan@quinnemanuel.com**

April 24, 2012

**VIA ELECTRONIC MAIL**

Mia Mazza, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482

Re:   *Apple v. Samsung Elecs. Co. et al., Case No. 11-cv-1846 LHK (N.D. Cal.)*

Dear Mia,

I write in response to your April 22 letters concerning Apple's compliance with the April 12 Court Order.

Part A of the April 12 Order required Apple to produce materials related to its design patent applications. Samsung has neither received the ordered materials nor an explanation for Apple's delay. Please produce these materials immediately.

Apple represents that is "has completed its production of [Apple employee] deposition transcripts pursuant to Part B.1 of the Court's April 12, 2012, Order." Please provide the Bates ranges for this production so that Samsung can confirm it has received, and can fully access, these materials.

Regarding your contention that there is a "barrier to production" of the materials ordered in Section Part B.2., if Apple truly believed this Court could not order unredacted production without causing Apple to violate another protective order, it could have presented that argument, and supporting evidence, to the Court in its opposition to either or both of Samsung's motions to compel. But it did not do so for whatever reason, and so Apple's new objection that "it does not appear that these orders" will permit Apple to comply with the April 12 order is both belated and

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

waived.

In addition, Apple has had many opportunities over the last few months to clear any supposed "barrier[s] to production" that existed.  For example, Apple could have cooperated with Samsung to obtain consents.  We told you on February 23 that Motorola needed more information about what Apple was producing before it could give consent.  We asked Apple, which had unique knowledge of that case and of what it planned to produce, to provide that information, but we received no response.  Later we found out that this was because, while Apple had promised to produce the materials to Samsung once we had obtained the requisite consents, Apple had no plans to produce anything.

Another easy opportunity for Apple to avoid "barrier[s] to production" came and went when we asked Apple, repeatedly, to identify all the third parties whose CBI was implicated , so that we could obtain all the consents.  But Apple deliberately waited until February 6 to mention two of the entities HTC and Nokia) and did not identify Elan or Quantum as having any CBI issues until yesterday.  Assuming there is even a legitimate issue here, Apple's own obstructionism created this situation and so Apple cannot complain now that it is in a difficult position.

Further, Judge Grewal does not view third-party CBI as a "barrier to production."  The Court specifically ordered the unredacted production of all responsive materials over Motorola's known objection, explaining that there is "no reason that the protective order in this case is inadequate to protect third-party confidentiality interests." Dkt. 867.  So if Apple believes that it needs specific authorization from third parties to avoid violating its protective orders in other cases by complying with the April 12 order, then it should work hard to obtain it before the compliance date, rather than wasting time making new demands on Samsung.

Nothing requires Samsung to furnish Apple with direct written authorizations from the third parties whose CBI is implicated, as Apple now requests.  The Court directed Samsung to seek the necessary consents.  Despite the fact that we were unfamiliar with the materials at issue, we did our best to obtain consents with adequate coverage, and when we were successful, we communicated the exact consents that we had obtained to Apple in writing.  Apple acknowledged these and even complained about how "complicated" they were in its latest opposition brief, but it never asked us to furnish direct written authorization from the parties.  Certainly, if Apple believed the December 22 order required it, or if it desired the comfort of a direct written authorization from these third parties, it could have asked for it months ago.  And the same is true of Apple's new demand for "blanket" consent.  If Apple was concerned that the consents we had obtained were insufficient to cover the materials our motion was seeking to compel, it could have stated that weeks ago.  All of these issues could have been resolved by now had Apple been reasonably cooperative, rather than obstructionist.

All this said, here is the current status, as we understand it.  Each of these statements *assumes* the premise of Apple's new objection:  that despite the Court's April 12 order, there is third-party CBI in materials responsive to the order that cannot be produced without specific authorization from the third parties.

2

**Nokia:**  We sent you Nokia's direct written consent four weeks ago.  If you believe the scope of that consent will not cover the materials whose production the Court has ordered, then you will need to discuss that issue with Nokia.

**Atmel:**  You have already received Atmel's direct written consent twice.  If you believe the scope of that consent will not cover the materials whose production the Court has ordered, then you will need to discuss that issue with Atmel.

**Google:**  More than two months ago, we described, in detail, the specific consent we had obtained from Google.  We believe Google's consent would include all pertinent materials from the eight cases specified by the Court, based on Google's recollection of the cases in which it produced CBI.  However, if Apple is aware of Google CBI that was produced in the *Elan* cases, or in the *Nokia v. Apple* case, then you will need to discuss that issue with Google to extend the consent.

**HTC:**  Almost two months ago, in our March 1 letter, we described, in detail, the consent we had obtained from HTC.  Based on what we know, we believe HTC's consent would include all pertinent materials.  However, if Apple has determined that the scope of that consent will not cover the materials whose production the Court has ordered, then you will need to take that up with HTC.

**Motorola:**  We told you more than two months ago that Motorola needed more information before it could furnish consent to produce its CBI.  Apple has refused to provide such information and so any failure to obtain consent is not Samsung's responsibility.  I suggest Apple cooperate with Motorola and give them the information that they require.

**Elan, Quantum, others:**  We did not seek or obtain consent for these entities because Apple never identified them as having any third-party CBI issues.  Your suggestion that we "well kn[e]w" there were other entities is belied by our repeated requests for this information and the parties' recent briefing which only discussed the CBI of five entities.  So any lack of consent is Apple's own doing, and you will need to obtain consent from these and any other entities whose identities Apple is still withholding from us in order to comply with the Court's order.

Samsung also rejects Apple's demand that it go through hundreds of pages of docket by to try to identify, without being able to see any of these items, "each nonpublic item in each case that Samsung wishes to receive."  The Court has imposed no such burden on Samsung; quite the opposite.  In opposing Samsung's motion, Apple attempted to argue that the burden of producing these materials should fall on Samsung, but the Court rejected Apple's argument and ordered it to produce all responsive materials.  And since these are all Apple cases, Apple will be hard pressed to explain why its production was deficient.

4

In sum, it is Apple's job to ensure that it complies in full with the Court's order. Apple should take any and all steps it believes are necessary immediately, in order to ensure it can make the full production, on time, and without violating any supposed obligations it has to third parties.

Kind regards,

*/s/ Diane C. Hutnyan*

Diane C. Hutnyan

4