QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR RULE 37 SANCTIONS FOR APPLE'S VIOLATION OF DECEMBER 22, 2011 COURT ORDER**<br><br>**Date**:   June 26, 2012<br>**Time**:   10:00 a.m.<br>**Place**:   Courtroom 5, 4th Floor<br>**Judge**:   Hon. Paul S. Grewal |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................................................ 1

RELIEF REQUESTED ...................................................................................................... 1

I.     INTRODUCTION ................................................................................................ 3

II.    PROCEDURAL BACKGROUND ...................................................................... 4

III.   ARGUMENT ....................................................................................................... 9

     A.    Legal Standard................................................................................... 9

     B.    Apple's Failure To Produce Hundreds of Responsive Transcripts
         Throughout the Entirety of Discovery Was Both Willful and Prejudicial to
         Samsung .......................................................................................... 10

         1.    Apple Failed To Comply With The Court's December 22, 2011
             Order Requiring The Production of Employee Deposition
             Transcripts ........................................................................... 10

         2.    Apple's Failure To Comply Was Not Substantially Justified .... 11

         3.    Apple's Failure to Produce The Deposition Transcripts Inflicted
             Serious Prejudice On Samsung ........................................... 13

     C.    Preclusive and Monetary Sanctions Should Be Imposed on Apple For
         Withholding Of the Deposition Transcripts Throughout, And Even After,
         Discovery ........................................................................................ 14

         1.    Apple's Experts Should Be Precluded From Contesting Or Relying
             On The Withheld Testimony.................................................. 14

         2.    All Five Factors Weigh In Favor of The Requested Preclusive Relief ....... 15

         3.    The Court Must Impose Monetary Sanctions On Apple ............................. 17

IV.   CONCLUSION ................................................................................................. 18

# TABLE OF AUTHORITIES

Page

### Cases

*Adriana Int'l Corp. v. Thoeren*,
913 F.2d 1406 (9th Cir. 1990)..............................................13, 14, 15, 17

*Apple v. High Tech Computer Corp.*,
10-cv-00167 (D. Del.) ...............................................................5, 6

*Chilcutt v. U.S.*,
4 F.3d 1313 (5th Cir. 1993)....................................................13

*Computer Task Group, Inc. v. Brotby*,
364 F.3d 1112 (9th Cir. 2004)................................................10, 15

*David v. Hooker, Ltd.*,
560 F.2d 412 (9th Cir. 1977)..................................................11

*Elan Microelectronics Corp. v. Apple, Inc.*,
09-cv-01531 (N.D. Cal.) .........................................................6

*Gibson v. Chrysler Corp.*,
261 F.3d 927 (9th Cir. 2001)..................................................17

*Harrisonville Tel. Co. v. Illinois Commerce Comm'n*,
472 F. Supp. 2d 1071 (S.D. Ill. 2006) ...................................13

*Henry v. Gill Industries*,
983 F.2d 943 (9th Cir. 1993)..................................................14

*In re Heritage Bond Litig.*,
223 F.R.D. 527 (C.D. Cal. 2004) ..........................................15, 16

*Liew v. Breen*,
640 F.2d 1046 (9th Cir. 1981)................................................11

*Life Technologies Corp. v. Biosearch Technologies, Inc.*,
2012 WL 1600393 (N.D. Cal. May 7, 2012) ........................13

*Nokia v. Apple*,
09-cv-00791 (D. Del.) ............................................................5

*North American Watch Corp. v. Princess Ermine Jewels*,
786 F.2d 1447 (9th Cir. 1986)................................................14

*Oracle USA, Inc. v. SAP AG*,
264 F.R.D. 541 (N.D. Cal. 2009) ..........................................10

*Payne v. Exxon Corp.*,
121 F.3d 503 (9th Cir. 1997)..................................................10, 14, 17

1   *In re Phenylpropanolamine (PPA) Products Liability Litig.*,
        460 F.3d 1217 (9th Cir. 2006)..................................................................................16
2
3   *Rio Props., Inc. v. Rio Int'l Interlink*,
        284 F.3d 1007 (9th Cir. 2002)..................................................................................15
4   *Securities and Exchange Comm'n v. Seaboard Corp.*,
        666 F.2d 414 (9th Cir. 1982)....................................................................................13
5
6   *Shumye v. Felleke*,
        2008 WL 4679920 (N.D. Cal. Oct. 21, 2008) .........................................................16
7   *Swank v. Scottsdale Ins. Co.*,
        2011 WL 3625595 (W.D. La. Jun. 7, 2011)............................................................18
8
9   *Thai Lao Lignite (Thailand) Co., Ltd. v. Government of the Lao People's Democratic Republic*,
        2011 WL 4111504 (S.D.N.Y. Sept. 13, 2011) ........................................................18
10  *Trenado v. Cooper Tire & Rubber Co.*,
        274 F.R.D. 598 (S.D. Tex. 2011)..............................................................................18
11
12  *U.S. v. Sumitomo Marine & Fire Ins. Co.*,
        617 F.2d 1365 (9th Cir. 1980)..................................................................................10
13  *Valley Engineers Inc. v. Electric Engineering Co.*,
        158 F.3d 1051 (9th Cir. 1998)..................................................................................17
14
15  *Vieste, LLC v. Hill Redwood Dev.*,
        2011 WL 2181200 (N.D. Cal. Jun. 3, 2011) ...........................................................18
16  *Wade v. Fresno Police Dept.*,
        2012 WL 253252 (E.D. Cal. Jan. 25, 2012) ............................................................10
17
18                                           **Statutes**
19  Fed. R. Civ. P. 26 .............................................................................................................5
20  Fed. R. Civ. P. 37 ...............................................................................................9, 10, 15, 17

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 26, 2012 at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") will move pursuant to Rule 37(b) for an order (1) precluding Apple's experts from responding to, denying, explaining, commenting on, or otherwise testifying contrary to admissions contained in transcripts withheld in violation of the Court's December 22, 2011 Order, (2) precluding Apple's experts from affirmatively relying on the transcripts and their contents and striking any references Apple's experts have made or may make in their reports or deposition testimony to the transcripts or to the employee statements within them, and (3) for monetary sanctions for Apple's violation of the Court's December 22, 2011 discovery order.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declaration of Diane C. Hutnyan and exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court.

**RELIEF REQUESTED**

Pursuant to Federal Rule of Civil Procedure 37, Local Rule 37-4, and the Court's inherent authority, Samsung seeks an order (1) finding that Apple violated this Court's December 22, 2011 Court Order by failing to produce documents as required under the order;  (2) precluding Apple's experts from responding to, denying, explaining, commenting on, or otherwise testifying contrary to the admissions contained in the withheld transcripts; (3) precluding Apple's experts from affirmatively relying on the transcripts and their contents and striking any references Apple's experts have made or may make in their reports or deposition testimony to the transcripts or to the employee statements within them; and (4) requiring Apple and its attorneys to pay Samsung the

1  attorneys' fees and expenses it has incurred (and will incur) arising out of Apple's violations.

2  Specifically, Samsung also seeks fees and expenses incurred in connection with:

3      (a) Samsung's Motion to Compel that resulted in the December 22, 2011 order to the

4  extent it related to production of the Apple employee deposition transcripts at issue;

5      (b) Samsung's analysis of Apple's compliance with the December 22, 2011 order,

6  including Samsung's review of the documents that Apple produced from December 22 through the

7  present, and Samsung's efforts to redress Apple's noncompliance with that Order through

8  correspondence and meeting and conferring;

9      (c) Samsung's Motion to Compel Production of Materials From Related Proceedings and

10  to Enforce December 22, 2011 Court order, to the extent it related to enforcement of the December

11  22 Order requiring production of the Apple employee deposition transcripts at issue;

12      (d) Samsung's fees and expenses in connection with this motion, including Samsung's

13  review of the documents that Samsung produced from December 22 through the present.

14

15  DATED: May 22, 2012            Respectfully submitted,

16                                  QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP
17

18

19                          By /s/ Victoria F. Maroulis
20                              Charles K. Verhoeven
                                Kevin P.B. Johnson
21                              Victoria F. Maroulis
                                Michael T. Zeller
22                              Attorneys for SAMSUNG ELECTRONICS CO.,
                                LTD., SAMSUNG ELECTRONICS AMERICA,
23                              INC. and SAMSUNG
                                TELECOMMUNICATIONS AMERICA, LLC
24

25

26

27

28

SAMSUNG'S MOTION FOR 37(B)(2) SANCTIONS FOR
APPLE'S VIOLATION OF DECEMBER 22, 2011 COURT ORDER

# MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION**

This case is one of at least ten litigations in which Apple has asserted the very same or closely related patents.  In those other nine cases, which this Court has found have a "technological nexus" with the present case, Apple employee witnesses necessarily took positions and made admissions about the nature, scope, and validity of Apple's patents and products that are highly relevant to the positions Apple is asserting here concerning the scope of its asserted patents, their supposed novelty over prior art, and the basis for its claims of infringement against Samsung. Months ago, this Court recognized the relevance of this testimony, and on December 22, 2011, it issued an order requiring Apple to produce all its employee deposition transcripts from these cases by January 15, 2012.

Rather than comply with the Court's unambiguous ruling, Apple withheld *hundreds* of responsive employee transcripts.  It was able to do this, as Apple revealed in opposing Samsung's motion to enforce a couple of months later, by unilaterally imposing a number of new and creative limitations on the Court's order that did not exist.  As Samsung would later learn, Apple had withheld 283 relevant deposition transcripts (totaling more than 34,000 pages of testimony) throughout the discovery period, and indeed for six weeks thereafter, preventing Samsung from using these materials during discovery, in expert reports, and in dispositive briefing.

Nothing can cure the prejudice Samsung has suffered by not having this evidence available earlier in the case.  In many instances, Samsung had to waste precious deposition time to obtain the same admissions as had already been elicited in other proceedings.  Relevant facts were hidden throughout the entirety of discovery, as were relevant witnesses who could have and should have been identified months earlier.

Apple's violation of this Court's December 22 Order was willful and improper.  As such, Samsung requests that this Court preclude Apple's experts from responding to, denying, explaining, commenting on, or otherwise testifying contrary to the admissions contained in the withheld transcripts.  Samsung also requests that the Court preclude Apple's experts from affirmatively relying on the transcripts and their contents, and strike any references Apple's

1  experts have made in their reports or deposition testimony to the transcripts or to the employee

2  statements within them.  And because Apple's noncompliance with the Order was not justified or

3  justifiable, Rule 37 requires that Apple be required to pay Samsung's reasonable expenses,

4  including attorney's fees, caused by Apple's failure to comply.  Samsung respectfully requests that

5  the Court order Apple to pay all of Samsung's reasonable fees and expenses in twice moving to

6  compel production of the responsive transcripts, including the time spent meeting and conferring,

7  in addition to fees and expenses incurred in connection with this motion for sanctions.

8  **II.     <u>PROCEDURAL BACKGROUND</u>**

9        <u>Samsung Requested The Transcripts At Issue In August 2011</u>.  Samsung first requested the

10  materials discussed in this motion on August 3, 2011, when it propounded Request for Production

11  Number 75.  Dkt. No. 782, March 6, 2012 Hutnyan Declaration in Support of Samsung's Motion

12  to Compel ("March 6 Hutnyan Decl."), ¶ 2.  After Apple refused to produce responsive

13  documents, Samsung engaged in an extensive meet and confer process with regard to Apple's

14  employee deposition transcripts, in which both parties agreed that the "technological nexus"

15  standard should be applied, but disagreed as to the term's definition.  *Id.* ¶ 5.  In its opposition to

16  Samsung's motion to compel this discovery, Apple proposed the following definition of

17  technological nexus:

18        Apple interprets 'technological nexus' to include prior cases involving the patents-in-suit

19        or patents covering the same or similar technologies, features, or designs as the patents-in-

20        suit. . . [W]ith respect to design patent inventors, this would include prior cases involving

21        the asserted design patents or other design patents covering the same designs or design

22        elements.  With respect to the utility patent inventors, this would include the asserted

23        utility patents or other utility patents covering touch-based interface functions, display

24        elements, touch-screen hardware, or touch-screen logic.

25  Dkt. No. 536 at 5, n.6.

26        <u>The Court's December 22, 2011 Order Required Production Of The Transcripts</u>.  On

27  December 22, 2011, the Court granted Samsung's motion to compel production of deposition

28

1  transcripts of Apple inventors and fact witnesses in cases having a "technological nexus" to this

2  action, as defined by Apple:

3        The court finds Apple's proposed definition of technological nexus[] to be an appropriate

4        measure under the balancing provisions of Fed. R. Civ. P. 26(b)(2)(C)(iii) for the

5        production of relevant employee testimony from other actions.  Apple shall apply this

6        standard and complete its production of all responsive transcripts on a rolling basis *and no*

7        *later than January 15, 2012.*

8  Dkt. No. 536 at 5:11-19 (emphasis added).

9        The Court intended that the rolling production be made in such a way that these materials

10  would be available for use in preparation for inventor depositions:

11        . . . the parties shall continue to prioritize those categories of production as most urgent in

12        light of the scheduled depositions, such that *a complete production of responsive*

13        *documents shall be made available to opposing counsel no later than three (3) days before*

14        *inventor depositions.*

15  Dkt. No. 536 at 21-6:2 (emphasis added).

16        Apple Failed To Comply, Producing Just 15 Employee Deposition Transcripts By March

17  2012.  Samsung identified nine cases bearing a "technological nexus" to this action.  Seven of

18  these cases share one or more patents in suit with this case:

19  •    *Nokia v. Apple*, 09-cv-00791 (D. Del.) (sharing one patent in suit with this case, the '381
20        patent);

21  •    *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00661 (W.D. Wis.) (sharing two patents in suit
       with this case, the '828 and '607 patents);

22  •    *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.) (sharing one patent in suit with
23        this case, the '002 patent);

24  •    Investigation of Certain Mobile Devices And Related Software (*Apple v. Motorola*), 337-
       TA-750 (ITC) (sharing two patents in suit with this case, the '828 and '607 patents);
25
26  •    *Apple v. High Tech Computer Corp.*, 10-cv-00167 (D. Del.) (sharing one patent in suit
       with this case, the '381 patent);

27

28

- •   Investigation Regarding Certain Portable Electronic Devices (*Apple v. High Tech Computer Corp.*), 337-TA-797 (ITC) (sharing three patents in suit with this case, the '915, '129, and '381 patents);

- •   Investigation Regarding Certain Electronic Digital Media Devices (*Apple v. Samsung*), 337-TA-796 (ITC) (the "796 Investigation") (sharing one patent in suit with this case, the '949 patent, as well as two closely related patents, the D'757 and D'678 patents, to the D'087 and D'677 patents in suit in this case).

Two more cases involve patents covering similar functions as the '828 and '915 patents in suit:

- •   Investigation of Certain Electronic Devices with Multi-Touch Enabled Touchpad and Touchscreens (*Elan Microelectronics Corp. v. Apple*), 337-TA-714 (ITC); and

- •   *Elan Microelectronics Corp. v. Apple, Inc.,* 09-cv-01531 (N.D. Cal.).  Dkt. No. 782, March 6 Hutnyan Decl., ¶ 17, Exh. I. (March 3, 2012 Letter from Hutnyan to Bartlett).

But by early February, Apple had produced only a small fraction of the responsive employee deposition transcripts.  Samsung's searches showed that Apple had failed to produce a single transcript from most of the nine cases.  *Id.*

    <u>Apple Asserts Frivolous Arguments In Opposition To Samsung's Motion To Enforce And Compel Production of the Transcripts</u>.  After an unsuccessful meet and confer process, Samsung filed its motion to enforce the Court's order to produce the transcripts.  Dkt. No. 782.  Apple resisted the motion, making a number of arguments that lacked substantial justification.  First, Apple told the Court it had "[c]omplied with the December 22 Order."  Dkt. No. 825 at 1:17.  It attempted to support this clearly false statement by arguing that the Court's December 22 order did not include (1) deposition transcripts of Apple witnesses that had not appeared in the present case, and (2) deposition transcripts of witnesses whose role is not technical.  The court rejected both of these supposed limitations.  *See* Dkt. No. 867, at 9:18-19 ("[The December 22 Order] did not limit Apple's obligation to produce transcripts to witnesses set to testify in this case or to witnesses testifying on technical matters.").

    Second, Apple revealed that it had applied a special rule to the deposition transcripts taken in the 796 Investigation:  to not produce any of them.  Not only does that Investigation involve one of the very same patents, and two closely related patents, to those asserted here, but the named inventors of the design patents in the present case had testified in that case about the inventions

they claimed in the design patents in-the-*instant*-suit, the related design patents Apple asserted in that investigation, and the products that Apple has identified as commercial embodiments of the patents asserted in both cases.[1]  Dkt. No. 782, March 6 Hutnyan Decl. ¶ 26, Exh. M.

Apple admitted, as it had to, that the 796 Investigation has a technological nexus with this one.  Dkt. No. 839, March 28 Supplemental Declaration of Diane C. Hutnyan ("Supp. Hutnyan Decl.") ¶ 4, Exh. C. (March 26, 2012 Yohannan to Hutnyan Email).  After all, Apple had previously agreed that (1) all documents produced in the 796 Investigation are automatically produced here in the instant action and vice versa; (2) all deposition transcripts from this action are automatically deemed produced in the 796 Investigation; and (3) all documents and depositions from the 796 Investigation are automatically deemed produced in the new Northern District matter Apple brought in February.  *Id.* ¶ 2, Exh. A. (March 15, 2012 Yohannan to Lasher Email).

Nevertheless, Apple attempted to justify its baseless exclusion of this highly probative evidence with a number of frivolous arguments, including:

• That because Samsung has access to the transcripts in the 796 Investigation, they need not be produced here, even though Apple knew the 796 Protective Order precluded any such use by Samsung;

• That Samsung was not seeking production of the transcripts, just re-designation, or cross-use of the transcripts, even though Samsung had already (and successfully) moved for their production;

• That the ITC Protective Order prohibits "cross-use" of Apple's transcripts, even though nothing in the order limited Apple's ability to use or produce the transcripts in another matter and Apple had freely produced in this case all documents it had designated under the ITC Protective Order; and

• That the Protective Order in this action prohibited "cross-use" of Apple's transcripts, even though the Court had expressly ordered their production in response to Samsung's motion.

---

[1]  Apple is asserting in the 796 Investigation two design patents for a portable electronic communication device (the D'757 and D'678 patents), which Apple claims are embodied in its iPhone products.  Two of the design patents Apple is asserting in this action – the D'087 and D'677 – are very similar in appearance, have the same inventors, and are also claimed to be embodied by the same Apple devices.  In addition, the D'889 design patent Apple has asserted in this action with regard to its iPad products is listed by Apple as prior art for both the D'678 and D'677 patents.  As explained in Samsung's motion to enforce, testimony from the ITC investigation regarding the D'889 patent is directly relevant to Samsung's invalidity defense with regard to the D'677 patent.  Dkt. No. 839, Supp. Hutnyan Decl. ¶ 7, Exh. F.

1   Dkt. No. 825 at 6:22-7:12.  Apple even refused to allow Samsung to present portions of the 796

2   Investigation deposition transcripts in its reply brief to the Court, even though the Court had

3   directed they be produced for all-purpose use in this case months before.  Dkt. No. 839, Supp.

4   Hutnyan Decl. ¶ 4, Exh. C (March 26, 2012 Yohannan to Hutnyan Email).

5          This Court Granted Samsung's Motion To Enforce And Found Prejudice From Apple's

6   Failure to Comply With The December 22 Order.  On April 12, the Court issued an order rejecting

7   Apple's statement of compliance, as well as Apple's many proffered limitations and exclusions,

8   and granted Samsung's motion to enforce:  "For these reasons, the court GRANTS Samsung's

9   motion to enforce the December 22 Order as to all deposition transcripts of Apple employees,

10  testifying in their employee capacity, from actions bearing a technological nexus to this case."

11  Dkt No. 867, at 10:6-8.  "In order to mitigate the prejudice to Samsung caused by Apple's failure

12  to produce all responsive deposition transcripts in a timely manner," the Court granted Samsung

13  10 additional hours of deposition time with Apple witnesses.  *Id.*, at 10:9-12.

14         Apple Withheld Far More Than It Told The Court.  In response to the Court's April 12

15  Order, Apple finally produced 283 partial and complete employee deposition transcripts it had

16  been withholding throughout discovery, amounting to over 34,000 pages of deposition testimony.

17  Beyond the sheer volume, Apple's production was shocking because it revealed that Apple had

18  withheld thirteen deposition transcripts of the named inventors of the utility patents in suit:

19       • Bas Ording, named inventor on the '381, '891, and '163 patents (3 transcripts)

20       • Joshua Strickon, named inventor on the '607 patent

21       • Wayne Westerman, named inventor on the '828 patent

22       • John Elias, named inventor on the '828 patent

23       • Andrew Platzer, named inventor on the '915 patent

24       • Scott Herz, named inventor on the '915 patent

25       • Imran Chaudhri, named inventor on the '891, '163, D'305, D'334, and D'790 patents

26       • Stephen Lemay, named inventor on the '163 patent

27       • Richard Williamson, named inventor on the '163 patent

28       • Chris Blumenberg, named inventor on the '163 patent

1      • Brian Land, named inventor on the '129 patent

2   This is in addition to the 25 utility and design inventor transcripts from the 796 Investigation that

3   Apple withheld from use in this case:  Boule (2 transcripts), Westerman, Herz, Anzures,

4   Williamson, Christie, Blumenberg, LeMay, Coster, Ive, Platzer, Chaudhri, Howarth, Forstall (2

5   transcripts), Zorkendorfer, Stringer, Whang, De Iuliis (2 transcripts), Kerr, Rohrbach, Andre and

6   Hotelling.  May 22, 2012 Declaration of Diane C. Hutnyan ("May 22 Hutnyan Decl."), ¶ 2.

7          The production thus showed that Apple had used an additional limitation beyond the ones

8   it told the Court it had applied, unilaterally exempting arguably the most relevant depositions of

9   all – depositions of named inventors of the patents at issue.  It also showed that Apple had ignored

10  the Court's instruction to produce documents relevant to inventor depositions in such a way as to

11  ensure they could be used in preparation for, and during, the depositions of the inventors in this

12  case.

13         Even as early as December 15, Apple had been telling this Court that it was not resisting

14  the production of employee deposition transcripts.  In its opposition to Samsung's original motion

15  to compel the transcripts, Apple represented:

16         Apple has not refused to produce deposition transcripts that are relevant to this case.

17         (Mazza Decl. ¶ 34).  For the inventors of the patents in suit, it has already produced prior

18         testimony that bears a technological nexus to the patents at issue in this case.  (*Id.*)  It is

19         willing to produce similar transcripts for other deponents.

20  Dkt. No. 502 at 19:23-26.  And when it told the Court on March 21 it had "complied" with the

21  December 22 order, it was actually withholding almost 40 inventor transcripts and more than 240

22  other relevant transcripts.

23  **III.**     **ARGUMENT**

24         **A.**     **Legal Standard**

25         Federal Rule of Civil Procedure 37 authorizes a district court to impose sanctions against a

26  party who "fails to obey an order to provide or permit discovery including an order under Rule

27  26(f), 35, or 37(a)."  Fed. R. Civ. P. 37(b)(2)(A).  A failure to obey the Court's discovery order

28  warrants sanctions, including an order from the court precluding the disobedient party from

1   relying on evidence it failed to produce in violation of court order.  *U.S. v. Sumitomo Marine &*

2   *Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980) ("Preclusionary orders ensure that a party will

3   not be able to profit from its own failure to comply."); *Oracle USA, Inc. v. SAP AG*, 264 F.R.D.

4   541, 543 (N.D. Cal. 2009) (granting preclusive sanctions when trial was more than one year away

5   on the grounds that more time is necessary to prepare for trial in highly complex litigation with

6   wide-ranging scope); *Wade v. Fresno Police Dept.*, 2012 WL 253252 (E.D. Cal. Jan. 25, 2012)

7   (the failure to disclose documents during discovery mandates their preclusion from use in other

8   portions of the matter, including summary judgment briefing)

9         Under Rule 37(b)(2)(A), Samsung need not show that Apple has acted in bad faith in

10   failing to comply with the Court's order to demonstrate that sanctions are appropriate.  *Computer*

11   *Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (explaining that bad faith is

12   required only for imposition of terminating sanctions); *Payne v. Exxon Corp.*, 121 F.3d 503, 507

13   (9th Cir. 1997) (same).

14         Moreover, under this Rule, monetary sanctions are mandatory where the failure to comply

15   was not substantially justified and such an award would not be unjust.  "[T]he court *must* order the

16   disobedient party, the attorney advising that party, or both, to pay the reasonable expenses,

17   including attorney's fees, caused by the failure, unless the failure was substantially justified or

18   other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C) (emphasis

19   added).

20        **B.    Apple's Failure To Produce Hundreds of Responsive Transcripts Throughout**
               **the Entirety of Discovery Was Both Willful and Prejudicial to Samsung**

21

22                1.    Apple Failed To Comply With The Court's December 22, 2011 Order

23                      Requiring The Production of Employee Deposition Transcripts

24         There can be no dispute that Apple failed to comply with the Court's December 22 Order

25   requiring Apple to produce "all responsive transcripts" from other cases with a "technological

26   nexus" to the present action by January 15, 2012.  Dkt. 536 at 5.

27         First, Apple admitted it had systematically excluded from production all transcripts from

28   deponents who were not already witnesses in the present case, Dkt. No. 825 at 3:5 – 3:7, 4:3 – 4:5;

1    all transcripts from deponents who were not "technical," Dkt. No. 867 at 9:18-19; and all

2    transcripts from the 796 Investigation, *id.* at 6:22 – 6:25, 7:21 – 7:23.

3            Second, the Court found in its April 12 Order, based on Apple's admissions, that it had not

4    complied and it enforced its December 22 Order by again requiring Apple to produce the

5    transcripts.  Dkt. No. 867.

6            Third, in response to the Court's April 12 Order, Apple produced 283 employee transcripts

7    containing 34,000 pages of relevant testimony, including the deposition testimony from cases with

8    a technological nexus to this one of *26 of the 31 named inventors on the patents in suit.*

9                    2.    Apple's Failure To Comply Was Not Substantially Justified

10           "The party against whom an award of expenses is sought has the burden of showing the

11   special circumstances that make his failure to comply 'substantially justified.'" *Liew v. Breen*,

12   640 F.2d 1046, 1050 (9th Cir. 1981) (quoting *David v. Hooker, Ltd.*, 560 F.2d 412, 419 (9th Cir.

13   1977)).  Apple cannot carry this burden.  This is not a situation where a party failed to fully

14   comply because it honestly misunderstood the scope of the Court's order.  Apple knew what the

15   order said and went to great lengths to avoid compliance.

16           First, Apple unilaterally rewrote and narrowed the plain language of the Court's December

17   22, 2011 Order so that it could argue to the Court it had "complied" with the Order without having

18   to produce a single transcript.  Specifically, Apple argued that the December 22, 2011 Order only

19   required Apple to produce a deposition transcript if the witness (1) was appearing in this case and

20   (2) played a technical role at Apple.  Dkt. No. 825 at 6:22-7:12.   However, as the Court

21   emphasized at the hearing on Samsung's Motion to Enforce, none of the language in the Court's

22   Order supported these limitations.  April 9, 2012 Hearing Transcript at 128:11-129:2 ("Is there

23   any language in my order that you can point me to that supports that position?").

24           Second, Apple applied some other undisclosed limitation to avoid producing 38 transcripts

25   from 26 of the 31 named inventors of the patents-in-suit.  May 22 Hutnyan Decl. ¶ 2.  No

26   reasonable reading of the Court's December 22 order could possibly justify Apple's failure to

27   produce deposition transcripts of the named inventors from cases having a technological nexus to

28   this one.

1    Third, Apple refused to produce or deem produced the transcripts from the 796

2  Investigation all throughout discovery in this case, while it simultaneously enjoyed cross-use of

3  documents between the two cases, the use of deposition transcripts from this case in the 796

4  Investigation, and the use of all documents and deposition transcripts from the 796 Investigation in

5  the new Northern District matter filed in February.  Dkt. No. 839, Supp. Hutnyan Decl. ¶ 2. Exh.

6  A. (March 15, 2012 Yohannan to Lasher Email).  Apple never disputed that the 796 Investigation

7  has a technological nexus with this one and that the transcripts from that case fell within the scope

8  of the Court's December 22 Order.  Instead, it just withheld the transcripts anyway, relying on

9  frivolous arguments regarding the scope of various protective orders which this Court properly

10  rejected in its April Order.

11    Specifically, in an attempt to hide behind the Protective Order in place in this action, Apple

12  argued that the parties' agreement to allow automatic cross-use of *documents* in this case

13  somehow barred the use of any *deposition transcripts*.  Dkt. No. 825 at 7:1-9.  However, as the

14  Court pointed out in its Order, Apple's argument ignored altogether the provision in the Protective

15  Order explicitly providing that "[n]othing in [the cross-use] paragraph, however, prohibits a party

16  from seeking such other forms of discovery through service of formal discovery requests in this

17  action." Dkt. 867 at n.24.   Under this provision, Samsung was permitted to seek deposition

18  transcripts from the 796 ITC matter, and it did just that when it served its document requests.

19  Apple also falsely asserted that the ITC Protective Order barred Apple from producing deposition

20  transcripts.  In fact, nothing in the ITC Protective Order prohibited either party from producing

21  their own transcripts – under the ITC Protective Order the parties are free to use their own

22  confidential information in any way they wish.  Dkt. No. 839, Supp. Hutnyan Decl. ¶ 6, Exh. E.

23  (ITC 796 Investigation Protective Order).  Furthermore, no case or statute provides any support

24  for the notion that a party cannot produce its own confidential information because it has

25  designated it as "confidential" in some unrelated proceeding.

26    Indeed, Apple's position perverted the ITC Protective Order, which was put in place to

27  facilitate the proper disclosure of discovery materials, not to hide evidence.  "The purpose of the

28  provisions of Rule 26 governing protective orders is to facilitate discovery by shielding from

1   disclosure trade secrets and other confidential business information, thereby encouraging parties

2   apprehensive about the disclosure of such information to cooperate in discovery." *Harrisonville*

3   *Tel. Co. v. Illinois Commerce Comm'n*, 472 F. Supp. 2d 1071, 1077 (S.D. Ill. 2006).

4   In short, Apple had absolutely no justification for its failure to comply with this Court's

5   December 22 Order, let alone one that was substantial.

6              3.      Apple's Failure to Produce The Deposition Transcripts Inflicted Serious

7                          Prejudice On Samsung

8   Samsung need not show prejudice in order to obtain monetary sanctions under Rule

9   37(b)(2)(C), *Life Technologies Corp. v. Biosearch Technologies, Inc.*, 2012 WL 1600393 (N.D.

10   Cal. May 7, 2012) ("Some of the least harsh sanctions, such as establishment of certain facts, do

11   not require a showing of prejudice, let alone a finding of bad faith or willfulness," *citing Chilcutt*

12   *v. U.S.*, 4 F.3d 1313 (5th Cir. 1993) (recognizing the granting of expenses and attorneys' fees as

13   one of the least severe sanctions).   But there is no question but that Apple's failure to produce the

14   283 transcripts by the January 15 deadline has substantially prejudiced Samsung's ability to

15   defend against Apple's claims.   Indeed, even before knowing just how many deposition transcripts

16   had been improperly withheld by Apple, this Court recognized that Apple's noncompliance had

17   resulted in prejudice.   Dkt. No. 867, at 10:9-12.   *See also Adriana Int'l Corp. v. Thoeren*, 913 F.2d

18   1406, 1412 (9th Cir. 1990) ("Failure to produce documents as ordered is considered sufficient

19   prejudice") *quoting Securities and Exchange Comm'n v. Seaboard Corp.*, 666 F.2d 414, 417 (9th

20   Cir. 1982)).

21   The vast majority of responsive deposition transcripts – over 34,000 pages worth – were

22   not produced until after Samsung was forced to bring a second motion to compel, and the Court

23   issued its enforcement order on April 12.   By that time, fact discovery had closed.   Had Apple

24   complied with the Order, Samsung would have been able to develop lines of questioning based on

25   admissions or other statements in the transcripts.   Samsung could have impeached witnesses who

26   offered inconsistent testimony with a prior transcript or noticed relevant individuals for deposition.

27   Instead, Apple withheld the transcripts well beyond the close of discovery.

28

1    Also, although the Court's order of 10 additional hours of deposition with up to five

2    deponents is a recognition of the prejudice Samsung faced, it cannot cure that prejudice.  As an

3    initial matter, Apple has not produced any of those witnesses for deposition.  But even if it had,

4    the information Apple withheld is so voluminous that 10 additional hours of deposition time

5    barely scratches the surface.

6    "Last-minute tender of documents does not cure the prejudice to opponents . . . ."  *North*

7    *American Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986) (citations

8    omitted).  The issue is not whether Samsung "eventually obtained the information that it needed,"

9    but whether Apple's "repeated failure to provide documents and information in a timely fashion

10   prejudiced [Samsung's] ability to prepare its case for trial."  *Payne*, 121 F.3d at 508 (alteration in

11   original) (citing *Henry v. Gill Industries*, 983 F.2d 943, 947 (9th Cir. 1993); *Adriana* 913 F.2d at

12   1412).

13   **C.     Preclusive and Monetary Sanctions Should Be Imposed on Apple For
            Withholding Of the Deposition Transcripts Throughout, And Even After,**
14   **       Discovery**

15            1.     Apple's Experts Should Be Precluded From Contesting Or Relying On The

16                   Withheld Testimony

17            Apple's willful misconduct, withholding hundreds of relevant transcripts for months in

18   blatant violation of the Court's order, kept Samsung's experts from having a fair opportunity to

19   use that information in analyzing the case and developing their opinions.  All of the 283 missing

20   transcripts were withheld until after the deadlines for initial and rebuttal expert reports (March 22

21   and April 16 respectively), with the exception of the transcripts from the 796 Investigation, which

22   Apple finally agreed to deem produced on 5:55 p.m. on Sunday, April 15.  And for hundreds of

23   admissions in the withheld transcripts, Samsung was prevented from learning Apple's arguments

24   in response to those admissions, or from obtaining related materials that the experts could have

25   used, because it did not have those admissions until after discovery was over.

26            As a result, Apple has already obtained a substantial unfair advantage.  To help to mitigate

27   the resulting prejudice to Samsung, and prevent further surprise and prejudice, this Court should

28   issue an order preventing Apple's experts from responding to, denying, explaining, commenting

1   on, or otherwise testifying contrary to the admissions contained in the withheld transcripts.  In

2   addition, the Court should issue an order precluding Apple's experts from affirmatively relying on

3   the transcripts and their contents, and striking any references Apple's experts have made or may

4   make in their reports or deposition testimony to the transcripts or to the employee statements

5   within them.

6                    2.    All Five Factors Weigh In Favor of The Requested Preclusive Relief

7          When considering a Rule 37(b)(2)(A) for noncompliance with discovery, courts weigh five

8   factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to

9   manage its docket; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy

10  favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Rio*

11  *Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002); *Computer Task Group,*

12  *Inc.*, 364 F.3d at 1115.  Because the "first two of these factors favor the imposition of sanctions in

13  most cases, while the fourth cuts against a sanction, the key factors are prejudice and the

14  availability of lesser sanctions."  *In re Heritage Bond Litig.*, 223 F.R.D. 527, 530 (C.D. Cal. 2004)

15  (alteration omitted).

16         The first two factors certainly weigh in Samsung's favor in this case.  This Court set a

17  highly expedited schedule for this case – at Apple's insistence.  And it has emphasized the

18  importance of keeping the case on track, stating on many occasions that the case dates will not

19  move.  It is against this backdrop that Apple chose to ignore the Court's December 22 Order and

20  withhold these deposition transcripts as long as it possibly could.  Deeming these facts established

21  will save time and other judicial resources.

22         With respect to the third factor, the Court has already found prejudice to Samsung from

23  Apple's delay in producing these transcripts.  Dkt. No. 867, at 10:9-11 (ordering Apple to make

24  additional witnesses available to deposition "[i]n order to mitigate the prejudice to Samsung

25  caused by Apple's failure to produce all responsive deposition transcripts in a timely manner").

26  This is not surprising; where a party has failed to make a timely court-ordered production,

27  prejudice is presumed.  *See, e.g., Adriana*, 913 F.2d at 1412 ("[f]ailure to produce documents as

28  ordered [] is considered sufficient prejudice" to justify Rule 37(b)(2)(A) sanctions; affirming

1  district court's entry of default judgment where party repeatedly failed to produce documents as

2  ordered); *Heritage Bond Litig.*, 223 F.R.D. at 530 ("[D]efendants have willfully failed to comply

3  with the Court's Order of April 22, 2004 [ordering production of financial documents], and this

4  failure clearly prejudices Betker plaintiffs by preventing them from preparing their case."); *In re*

5  *Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d 1217, 1236–37 (9th Cir. 2006)

6  ("Prejudice from unreasonable delay is presumed. Failure to produce documents as ordered is

7  sufficient prejudice, whether or not there is belated compliance.") (citing *In re Eisen*, 31 F.3d

8  1447, 1452–53 (9th Cir. 1994)).

9       Regarding the fourth factor, though the public has an interest in having cases adjudicated

10  on their merits, it has an even greater interest in having litigants that avail themselves of the

11  Courts abide by the Court's rules and orders, so that all parties may enjoy a fair trial on the merits.

12  Here, Apple knew very well that one potential consequence of withholding the transcripts was for

13  Samsung to seek an order precluding Apple's experts from contesting or relying on the transcripts.

14  And it chose to withhold them, assessing the benefit of depriving Samsung of this valuable

15  evidence as it used up its 250 hours of deposition and put its case together all without use of the

16  transcripts – in other words, of having a unilateral advantage over Samsung throughout discovery

17  – as well worth the potential risk of the sanctions remedy Samsung seeks here.  In addition, the

18  public has an interest in sharing the limited judicial resources of the federal courts, but Apple put

19  this Court through two full rounds of motion practice to obtain the information in the 796

20  Investigation transcripts and other unquestionably relevant evidence for use in this litigation.  The

21  public interest is thus better served by deterring this kind of egregious misconduct than by

22  ignoring or forgiving it.

23       As to the final factor, an order precluding Apple's experts from contesting or relying on the

24  transcripts *is* a lesser sanction under Rule 37.  *Cf. Shumye v. Felleke,* 2008 WL 4679920 (N.D.

25  Cal. Oct. 21, 2008) (noting that "establishing facts in favor of the defendant" is a lesser sanction

26  under Rule 37).  An order precluding Apple's experts from contesting or relying on the transcripts

27  is a proportional remedy for Apple's misconduct, as it is not nearly as severe as a terminating

28  sanction.  And courts have imposed more severe sanctions for this type of intransigent conduct.

1   *See Adriana*, 913 F.2d at 1417 (affirming sanction of default judgment against party that, among

2   other things, repeatedly failed to produce documents as ordered).  Here, Samsung's requested

3   remedy is both a narrowly tailored sanction and the appropriate response to Apple's failure to

4   produce the materials in its possession.  *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir.

5   2001) (explaining that there is a presumption that "the party resisting discovery is doing so

6   because the information sought is unfavorable to its interest. In such a case, the sanction merely

7   serves as a mechanism for establishing facts that are being improperly hidden by the party

8   resisting discovery.").

9       Accordingly, because Apple's has violated this Court's orders and prejudiced Samsung,

10  entry of an order precluding Apple's experts from contesting or relying on the withheld transcripts

11  is an appropriate remedy.

12                 3.    The Court Must Impose Monetary Sanctions On Apple

13      Because Apple has no justification for its noncompliance with the Court's December 22

14  Order, let alone one that is substantial, and because there are no other circumstances which would

15  make an award unjust, Rule 37 obligates the Court to impose monetary sanctions against Apple.

16  Fed.R.Civ.P. 37(b)(2)(C).  Indeed, given the extreme nature of Apple's intransigence on this issue

17  – including requiring two motions to compel, and making frivolous arguments in its effort to avoid

18  having to produce this critically relevant discovery – this Court would be well within its discretion

19  to impose far harsher remedies, including dismissal.  *See Payne*, 121 F.3d at 508 (affirming

20  dismissal where plaintiffs repeatedly failed to produce documents, refused to obey court orders,

21  and disregarded monetary sanctions); *Valley Engineers Inc. v. Electric Engineering Co.*, 158 F.3d

22  1051, 1056-1057 (9th Cir. 1998) ("Federal Rule of Civil Procedure 37(b)(2) gives a district judge

23  discretion to 'make such orders . . . as are just' in regard to a party's failure to obey a discovery

24  order, including dismissal.  Thus the central factor in evaluating the district court order is justice,

25  and everyone has notice from the text of Rule 37(b)(2) that dismissal is a possible sanction for

26  failure to obey discovery orders.").

27      The award should include the fees and expenses Samsung has incurred in connection with:

28

1     (a) Samsung's Motion to Compel that resulted in the December 22, 2011 order to the

2     extent it related to production of the Apple employee deposition transcripts at issue;

3     (b) Samsung's analysis of Apple's compliance with the December 22, 2011 order,

4     including Samsung's review of the documents that Apple produced from December 22 through the

5     present, and Samsung's efforts to redress Apple's noncompliance with that Order through

6     correspondence and meeting and conferring;

7     (c) Samsung's Motion to Compel Production of Materials From Related Proceedings and

8     to Enforce December 22, 2011 Court order, to the extent it related to enforcement of the December

9     22 Order requiring production of the Apple employee deposition transcripts at issue;

10     (d) Samsung's fees and expenses in connection with this motion, including Samsung's

11     review of the documents that Samsung produced from December 22 through the present.  *See*

12     *Vieste, LLC v. Hill Redwood Dev.*, 2011 WL 2181200 (N.D. Cal. June 3, 2011) (N.D. Cal. Jun. 3,

13     2011) (multiple breaches of court orders and discovery obligations by counsel justified award of

14     attorneys' fees and costs incurred in bringing the sanctions motion); *Trenado v. Cooper Tire &*

15     *Rubber Co.*, 274 F.R.D. 598 (S.D. Tex. 2011) (awarding attorneys' fees for researching violations

16     of a protective order, drafting motions to enforce a protective order and for sanctions, preparing

17     replies to plaintiffs' responses, attending court hearings, and conferring and coordinating with

18     client); *Swank v. Scottsdale Ins. Co.*, 2011 WL 3625595 (W.D. La. Jun. 7, 2011) (awarding fees in

19     connection with filing of motion to compel and motion for sanctions and dismissal); *Thai Lao*

20     *Lignite (Thailand) Co., Ltd. v. Government of the Lao People's Democratic Republic*, 2011 WL

21     4111504 (S.D.N.Y. Sept. 13, 2011) (awarding fees incurred in connection with (1) plaintiffs'

22     efforts to obtain a response to the discovery request at issue after defendant failed to produce the

23     relevant information as required by court order, and (2) the sanctions motion itself).

24     **IV.     CONCLUSION**

25     For the foregoing reasons, Samsung requests that the Court issue an Order sanctioning

26     Apple for its failure to comply with the December 22 Court Order, precluding Apple's experts

27     from responding to, denying, explaining, commenting on, or otherwise testifying contrary to the

28     admissions contained in the withheld transcripts, precluding Apple's experts from affirmatively

1   relying on the transcripts and their contents, striking any references Apple's experts have made or

2   may make in their reports or deposition testimony to the transcripts or to the employee statements

3   within them, and awarding all fees and expenses that Samsung has incurred litigating this issue.

4   Samsung will submit an appropriate declaration setting forth those fees and expenses at the

5   Court's direction.

6   DATED: May 22, 2012                  Respectfully submitted,

7                                        QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP
8

9

10                                       By /s/ Victoria F. Maroulis
                                            Charles K. Verhoeven
11                                          Kevin P.B. Johnson
                                            Victoria F. Maroulis
12                                          Michael T. Zeller
                                            Attorneys for SAMSUNG ELECTRONICS CO.,
13                                          LTD., SAMSUNG ELECTRONICS AMERICA,
                                            INC. and SAMSUNG
14                                          TELECOMMUNICATIONS AMERICA, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28