Exhibit 2

# EXHIBIT H
# FILED UNDER SEAL

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and*
*Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>       Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>     Defendants. | Civil Action No. 11-CV-01846-LHK<br><br>**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FOURTH SET OF INTERROGATORIES**<br><br>**CONFIDENTIAL UNDER THE PROTECTIVE ORDER** |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

Subject to and without waiving the foregoing General and Specific Objections, Apple responds that in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and that the burden of ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung. Apple further designates, at this time, the following documents from which information responsive to this Interrogatory may be ascertained: APLNDC-Y0000051606 - APLNDCY0000051615.

**INTERROGATORY NO. 68:**

Separately for each APPLE DESIGN PATENT and APPLE TRADE DRESS, state fully and in detail all facts that support YOUR contention as to the non-functionality of any claimed feature, element or combination of features or elements.

**RESPONSE TO INTERROGATORY NO. 68**

Apple objects to the phrase "fully and in detail" as vague and ambiguous. Apple objects to this Interrogatory as unduly burdensome, overbroad, and impracticable to the extent that it requests Apple to state "all facts" supporting Apple's contention "fully and in detail," especially given the late date in the discovery period at which this Interrogatory was propounded. Apple additionally objects to this Interrogatory as onerous and unduly burdensome because it is effectively two interrogatories – one for design patents and one for trade dress – as each requires analysis under a separate legal standard. Apple further objects to this Interrogatory to the extent it seeks information that: (i) would require Apple to draw a legal conclusion to respond; or (ii) is subject to a confidentiality or nondisclosure agreement or governed by a protective order preventing its production.

Subject to and incorporating its General Objections and its specific objections, Apple responds as follows:

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

Apple is not aware that any aspect of Apple's design patents or trade dress at issue in this case is functional. First, there are a plethora of alternative designs available for smartphones and tablet computers, some of which are set forth below. Second, Apple believes that its designs are more difficult to manufacture than designs for other smartphones and tablet computers that currently are or have been available in the marketplace. Third, Apple is not aware of any cost benefits to any aspect of the Apple trade dress or design patents at issue in this case. In fact, implementing Apple's designs makes their manufacturing more challenging and expensive than alternative smartphone and tablet computer designs in the marketplace. Fourth, Apple is not aware of any utilitarian advantage to its smartphone and tablet computer designs and therefore does not tout any such "advantages" in advertising its products. Apple's exclusive use of its designs will not put competitors at a significant non-reputation related disadvantage.

The following is a representative sampling of alternative designs that are available for each of the design patents and trade dresses as issue in this case.

Alternative designs with respect to the D'889 patent include without limitation the following patents and products:

- Samsung Q1
- Compaq TC1000
- Sony Tablet S & P
- Barnes & Noble Nook Tablet
- Vinci Tablet
- Acer Iconia Tab A500
- Fusion Garage Grid 10
- GriDPAD 2050
- Motion Computing LS800
- Droid XYBoard 8.2

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

Alternative designs with respect to the D'087, D'677, and D'270 Patents include without limitation the following products:

- Pantech Crossover
- Sony Ericsson Xperia X10
- Nokia N8
- NEC N908
- Nokia Lumia 800
- Casio GZ One Commando
- Sony Ericsson Xperia S
- Modu phones and related jackets
- Nokia X5-01
- Samsung M7600 Beat DJ

Alternative designs with respect to the D'790, D'334, and D'305 include without limitation the following products:

- Sony Ericsson Xperia X10
- Nokia N8
- Palm Centro
- Palm Pixi Plus
- Nokia Lumia 800
- Palm Treo 700p
- Pantech Hotshot CDM8992VW
- Blackberry Torch 9850
- Blackberry Storm 2
- Samsung F700

Alternative designs with respect to Apple's Original iPhone Trade Dress, iPhone 3G Trade Dress, iPhone 4 Trade Dress, iPhone Trade Dress, and the trade dress registered in U.S.

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

Trademark Reg. Nos. 3,470,983, 3,457,218, and 3,475,327 include without limitation the following products:

- Pantech Crossover
- Sony Ericsson Xperia X10
- Nokia N8
- NEC N908
- Nokia Lumia 800
- Casio GZ One Commando
- Sony Ericsson Xperia S
- Modu phones and related jackets
- Nokia X5-01
- Samsung M7600 Beat DJ

Alternative designs with respect to the iPad Trade Dress and the iPad 2 Trade Dress include without limitation the following patents and products:

- Samsung Q1
- Compaq TC1000
- Sony Tablet S & P
- Barnes & Noble Nook Tablet
- Vinci Tablet
- Acer Iconia Tab A500
- Fusion Garage Grid 10
- GriDPAD 2050
- Motion Computing LS800
- Droid XYBoard 8.2
- ████████████████████████████████████
████████████████████████████████████

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**INTERROGATORY NO. 69:**

Separately for each APPLE TRADE DRESS and APPLE TRADEMARK, state the date on which YOU contend such trade dress and trademark became famous and acquired secondary meaning and state fully and in detail all facts that support YOUR contention that such trade dress and trademark became famous and acquired secondary meaning as of that date.

**RESPONSE TO INTERROGATORY NO. 69**

Apple objects to the phrase "fully and in detail" as vague and ambiguous.  Apple objects to this Interrogatory as unduly burdensome, overbroad, and impracticable to the extent that it requests Apple to state "all facts" supporting Apple's contention "fully and in detail," especially given the late date in the discovery period at which this Interrogatory was propounded.  Apple also objects to this Interrogatory as seeking information that is irrelevant and not likely to lead to the discovery of admissible testimony to the extent that it seeks information regarding fame and secondary meaning for the trademarks asserted in this proceeding.  Apple additionally objects to this Interrogatory as onerous and unduly burdensome because it is effectively two interrogatories – one for trademarks and one for trade dress – as each requires analysis under a separate legal standard.  Apple further objects to this Interrogatory to the extent it seeks information that: (i) would require Apple to draw a legal conclusion to respond; (ii) is outside of Apple's possession, custody, or control; (iii) can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly available; or (iv) is subject to a confidentiality or nondisclosure agreement or governed by a protective order preventing its production.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

Subject to and incorporating its General Objections and its specific objections, Apple responds as follows:

The public has come to recognize the appearance of the iPhone as a trademark by virtue of the enormous publicity surrounding Apple's announcement in January 2007 and the launch of the product on June 9, 2007, and the iPhone's unprecedented success in the marketplace.  Sales of the iPhone reached the 1 million mark after only 74 days, but the image of the product became well-known to consumers not only because the product had enormous sales, but also because images of the iPhone were and continue to be featured in news media, on the web, and in a much admired marketing campaign.  With front-page coverage in national newspapers, lead stories on network TV newscasts, and comic parodies on late-night television and YouTube, the iPhone received an estimated $400 million in free advertising within months of its release.  As a result, consumers who saw the image of the iPhone immediately recognized it as *Apple's* iPhone, so that the configuration of the product came to serve as an indicator of source.

Like the iPhone, the public quickly came to recognize the distinctive and unique appearance of the iPad as a trademark of Apple due to the overwhelming publicity surrounding the launch of the product and its impressive early sales.  Following the announcement of the product in January 2010, there were images of the iPad appearing on the front pages or lead sections of *The New York Times*, *The Wall Street Journal*, and *USA Today*.  The publicity continued through the April 2010 launch date, when the iPad appeared on the front pages of *The New York Times* and *USA Today*.  The iPad product was also the subject of cover stories in *Time* and *Newsweek*.  As a result, consumers immediately recognized the distinctive look of the iPad as an Apple product.  In fact, in its first 80 days on the market, Apple sold 3 million iPads, and, by March 2011, Apple had sold over 19 million iPads.  Given the distinctive design of the iPad, every iPad that is sold increases its recognition as a source identifier of Apple.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

Apple believes that the each of the trade dresses identified in the Amended Complaint was famous and had secondary meaning at least as early as the release of the corresponding Apple product, as set forth in the chart below, and certainly earlier than the launch of Samsung's infringing products at issue in this lawsuit:

| Trade Dress | Release Date for First Product Embodying Trade Dress |
| --- | --- |
| Original iPhone Trade Dress | June 29, 2007 |
| iPhone 3G Trade Dress | June 29, 2007 |
| iPhone Trade Dress | June 29, 2007 |
| iPhone 4 Trade Dress | June 24, 2010 |
| iPad Trade Dress | April 3, 2010 |
| iPad 2 Trade Dress | April 3, 2010 |
| The trade dress registered in U.S. Trademark Reg. No. 3,470,983 | June 29, 2007 |
| The trade dress registered in U.S. Trademark Reg. No. 3,457,218 | June 29, 2007 |
| The trade dress registered in U.S. Trademark Reg. No. 3,475,327 | June 29, 2007 |

Facts that support Apple's contention that its various trade dresses have secondary meaning and are famous include, but are not limited to, facts relating to (i) the unique appearance of the iPhone, iPod touch, and iPad products, (ii) pre-launch publicity for the iPhone, iPod touch, and iPad products, (iii) Apple's extensive advertising of the iPhone, iPod touch, and iPad products, (iv) unsolicited third-party press for the iPhone, iPod touch, and iPad products, including positive reviews and press accolades, (v) the iPhone, iPod touch, and iPad products' appearance in popular media, (vi) the widespread use of the iPhone, iPod touch, and iPad

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

products by well known political, sports, and entertainment figures, (vii) design awards received by Apple for the design of the iPhone, iPod touch, and iPad products, and (viii) sales of the iPhone, iPod touch, and iPad products.  Apple notes that the icon trademarks asserted in this case are inherently distinctive and are not the subject of a dilution claim; therefore, any facts supporting acquired distinctiveness or fame are not relevant for the icon trademarks.

**INTERROGATORY NO. 70:**

Separately for each APPLE TRADE DRESS, state fully and in detail all facts that support YOUR contention that SAMSUNG is diluting or has diluted such trade dress.

**RESPONSE TO INTERROGATORY NO. 70**

Apple objects to the phrase "fully and in detail" as vague and ambiguous.  Apple objects to this Interrogatory as unduly burdensome, overbroad, and impracticable to the extent that it requests Apple to state "all facts" supporting Apple's contention "fully and in detail," especially given the late date in the discovery period at which this Interrogatory was propounded.  Apple further objects to this Interrogatory to the extent it seeks information that: (i) would require Apple to draw a legal conclusion to respond; (ii) is outside of Apple's possession, custody, or control; (iii) can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly available; or (iv) is subject to a confidentiality or nondisclosure agreement or governed by a protective order preventing its production.

Subject to and incorporating its General Objections and its specific objections, Apple responds as follows with respect to the Samsung products accused in Apple's Amended Complaint:

Samsung is diluting Apple's Original iPhone Trade Dress, iPhone 3G Trade Dress, iPhone 4 Trade Dress, iPhone Trade Dress, iPad Trade Dress, iPad 2 Trade Dress and the trade dress registered in U.S. Trademark Reg. Nos. 3,470,983, 3,457,218, and 3,475,327 by advertising and selling a wide variety of lookalike products, including without limitation Galaxy,

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**INTERROGATORY NO. 71:**

Separately for each SAMSUNG product or product packaging that YOU contend infringes any APPLE TRADE DRESS or APPLE TRADEMARK, state fully and in detail on a trade dress-by-trade dress and trademark-by-trademark basis all facts that support YOUR contention that the SAMSUNG product or product packaging is likely to cause confusion, cause mistake, or deceive consumers as to the affiliation, connection, or association of SAMSUNG with APPLE, or as to origin, sponsorship, or approval by APPLE of SAMSUNG'S goods, services or commercial activities.

**RESPONSE TO INTERROGATORY NO. 71:**

Apple objects to the phrase "fully and in detail" as vague and ambiguous.  Apple objects to this Interrogatory as unduly burdensome, overbroad, and impracticable to the extent that it requests Apple to state "all facts" supporting Apple's contention "fully and in detail," especially given the late date in the discovery period at which this Interrogatory was propounded.  Apple further objects to this Interrogatory to the extent it seeks information that: (i) would require Apple to draw a legal conclusion to respond; (ii) is outside of Apple's possession, custody, or control; (iii) can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly available; or (iv) is subject to a confidentiality or nondisclosure agreement or governed by a protective order preventing its production.

Subject to and incorporating its General Objections and its specific objections, Apple responds as follows with respect to the Samsung products accused in Apple's Amended Complaint:

Samsung is infringing Apple's Original iPhone Trade Dress, iPhone 3G Trade Dress, iPhone 4 Trade Dress, iPhone Trade Dress, iPad Trade Dress, iPad 2 Trade Dress and the trade dress registered in U.S. Trademark Reg. Nos. 3,470,983, 3,457,218, and 3,475,327 by

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

advertising and selling a wide variety of lookalike products, including without limitation Galaxy, Galaxy S, and Galaxy SII products such as Captivate, Continuum, Droid Charge, Epic 4G, Fascinate, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G, Galaxy S II (AT&T Edition, 4G), Galaxy S II (i9100), Galaxy S II (T-Mobile edition), Galaxy S II Epic 4G Touch, Galaxy S II Skyrocket (4G LTE), Galaxy S Showcase (i500), Infuse 4G, Mesmerize, Vibrant, Galaxy Tab 7.0, Galaxy Tab 7.0 Plus, Galaxy Tab 10.1, and Galaxy Tab 10.1 LTE.  These products were intentionally designed to look like Apple products in their hardware and user interface design and infringe Apple's trade dress rights, as shown in the charts below.

**Trade Dress**

> **A.**   **Original iPhone Trade Dress; iPhone 3G Trade Dress; iPhone 4 Trade Dress; iPhone Trade Dress; U.S. Trademark Registration Nos. 3,470,983; 3,457,218; 3,475,327**

| Trade Dress | | |
|---|---|---|
| Original iPhone Trade Dress; iPhone Trade Dress | iPhone 3G Trade Dress | iPhone 4 Trade Dress |
|  |  |  |
| U.S. Reg. No. 3,470,983 | U.S. Reg. No. 3,457,218 | U.S. Reg. No. 3,475,327 |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**





**Accused Samsung Designs**

| Captivate | Continuum | Droid Charge |
|---|---|---|
|  | |  |
| Epic 4G | Fascinate | Galaxy Prevail |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**







| Galaxy S (i9000) | Galaxy S 4G | Galaxy S II (AT&T Edition, 4G) |
|---|---|---|







| Galaxy S II (i9100) | Galaxy S II (T-Mobile edition) | Galaxy S II Epic 4G Touch |
|---|---|---|

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**





| Galaxy S II Skyrocket (4G LTE) | Galaxy S Showcase (i500) | Infuse 4G |





| Mesmerize | Vibrant |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**



**B.     iPhone 4 Trade Dress**

| Trade Dress |
| --- |
|  |
| **Accused Samsung Design** |
| Galaxy Ace |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**



C.     iPad Trade Dress and iPad2 Trade Dress

| Trade Dress |
| --- |

| Accused Samsung Designs |
| --- |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

| Galaxy Tab 7.0 | Galaxy Tab 7.0 Plus |
|---|---|
|  |  |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

| Galaxy Tab 10.1 | Galaxy Tab 10.1 LTE |
|---|---|
|  | |

Samsung is also infringing Apple's icon trademarks by advertising and selling a wide variety of products using confusingly similar icons, including without limitation phones and products such as Captivate; Continuum; Droid Charge; Epic 4G; Exhibit 4G; Fascinate; Galaxy Ace; Galaxy S (i9000); Galaxy S 4G; Galaxy S II (AT&T Edition, 4G); Galaxy S II (T-Mobile Edition); Galaxy S II Epic 4G Touch; Galaxy S II Skyrocket (4G LTE); Galaxy S Showcase; Gem; Gravity Smart; Indulge; Infuse 4G; Mesmerize; and Vibrant.  The icons on these products were intentionally designed to look like Apple's icons and infringe Apple's trademark rights, as shown in the charts below.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

## Icon Trademarks

**I.**     **3,886,196 – Trademark Icon for Telephone Calls**





**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

| Galaxy S II Epic 4G Touch | Galaxy S II Skyrocket (4G LTE) | Galaxy S Showcase | Gem |
|---|---|---|---|
| Gravity Smart | Indulge | Infuse 4G | Mesmerize |
| Vibrant | | | |

**J.      3,889,642 – Trademark Icon for Messaging**



| Acclaim | Continuum | Droid Charge | Fascinate |
|---|---|---|---|



APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

| Galaxy Prevail | Galaxy S Showcase | Galaxy Tab 7.0 | Gem |
|---|---|---|---|
| | | | |
| Intercept | Mesmerize | Nexus S | Nexus S 4G |
| | | | |
| Replenish | Transform | | |
| | | | |

**K.      3,886,200 – Trademark Icon for Photos**



| Captivate | Continuum | Droid Charge | Epic 4G |
|---|---|---|---|


SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

| Exhibit 4G | Fascinate | Galaxy Ace | Galaxy S (i9000) |
|---|---|---|---|
| Galaxy S 4G | Galaxy S Showcase | Galaxy Tab 7.0 | Gem |
| Gravity Smart | Indulge | Infuse 4G | Mesmerize |
| Sidekick | Vibrant | | |

**L.      3,889,685 – Trademark Icon for Settings**



APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

| Captivate | Continuum | Droid Charge | Epic 4G |
|---|---|---|---|
| Exhibit 4G | Fascinate | Galaxy Ace | Galaxy S (i9000) |
| Galaxy S 4G | Galaxy S II (AT&T Edition, 4G) | Galaxy S II (i9100) | Galaxy S II (T-Mobile Edition) |
| Galaxy S II Epic 4G Touch | Galaxy S II Skyrocket (4G LTE) | Galaxy S Showcase | Galaxy Tab 7.0 |
| Galaxy Tab 7.0 Plus | Galaxy Tab 10.1 | Gem | Gravity Smart |
| Indulge | Infuse 4G | Mesmerize | Vibrant |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**M.      3,886,169 – Trademark Icon for Notes**





**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

1



| Mesmerize | Sidekick | Vibrant | |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

N.      **3,886,197 – Trademark Icon for Contacts**



| Captivate | Continuum | Droid Charge | Epic 4G |
|---|---|---|---|
| Exhibit 4G | Fascinate | Galaxy Ace | Galaxy S (i9000) |
| Galaxy S 4G | Galaxy S II (AT&T Edition, 4G) | Galaxy S II (i9100) | Galaxy S II (T-Mobile Edition) |
| Galaxy S II Epic 4G Touch | Galaxy S II Skyrocket (4G LTE) | Galaxy S Showcase | Galaxy Tab 7.0 |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

| Galaxy Tab 7.0 Plus | Galaxy Tab 10.1 | Gem | Gravity Smart |
| Indulge | Infuse 4G | Mesmerize | Vibrant |

**O.     Application No. 85/041,463 (Purple iTunes Store Trademark) and
Registration No. 2,935,038 ("iTunes Eighth Note and CD Design Trademark")**




**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**



| Indulge | Infuse 4G | Mesmerize | Vibrant |

Consumers who see Samsung's products are likely to be confused as to the source of Samsung's products, or misled into believing that there is an association between the Samsung products and Apple. Samsung had many options in developing its smartphones and tablet computers. Indeed, earlier versions of Samsung smartphones did not embody the same combination of elements of Apple's trade dress. Even the icons in earlier versions of the Samsung smartphones looked different because, for example, they did not appear as a matrix of colorful square icons above a bottom "dock" of icons.

Facts that support Apple's contention that Samsung's Galaxy, Galaxy S, and Galaxy SII smartphone and tablet computer products have infringed and will continue to infringe the Apple trade dress and icon trademarks at issue in this lawsuit include, but are not limited to, facts relating to (i) the unique appearance of the iPhone, iPod touch, and iPad products, (ii) pre-launch publicity for the iPhone, iPod touch, and iPad products, (iii) Apple's extensive advertising of the iPhone, iPod touch, and iPad products, (iv) unsolicited third-party press for the iPhone, iPod touch, and iPad products, including positive reviews and press accolades, (v) the iPhone, iPod touch, and iPad products' appearance in popular media, (vi) the widespread use of the iPhone, iPod touch, and iPad products by well known political, sports, and entertainment figures, (vii) design awards received by Apple for the design of the iPhone, iPod touch, and iPad products, (viii) sales of the iPhone, iPod touch, and iPad products, (ix) Samsung's extensive advertisements of the Galaxy, Galaxy S, and Galaxy SII smartphone and tablet computer products, (x) third-party reviews of Samsung's Galaxy, Galaxy S, and Galaxy SII smartphone

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

and tablet computer products, including reviews comparing Samsung's smartphone and tablet computer products to Apple's products, and (xi) Samsung's sales of the Galaxy, Galaxy S, and Galaxy SII smartphone and tablet computer products.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**INTERROGATORY NO. 72:**

Separately for each SAMSUNG product that YOU contend infringes any APPLE DESIGN PATENT, state fully and in detail on a patent-by-patent basis all facts supporting YOUR contention of infringement, describe fully and in detail on a patent-by-patent basis where each claimed element or feature of the patent is found on the accused SAMSUNG product and provide a chart identifying fully and in detail on a patent-by-patent basis specifically where each claimed element or feature is found on the accused SAMSUNG product.

**RESPONSE TO INTERROGATORY NO. 72**

Samsung directly infringes each asserted design patent (D'889, D'087, D'677, D'270, D'790, D'334, and D'305) by making, using, selling, and offering for sale within the United States and importing into the United States devices that practice these patents, including the Accused Products. Each design patent claims the overall designs depicted, and the claims in these patents are presumptively valid.

No aspect of the designs in the asserted design patents is dictated by function.  Thus, no aspect of the designs should be factored out for purposes of determining whether Samsung's devices infringe the D'889, D'087, D'677, D'270,  D'790, D'334, and D'305 Patents.  A design is not dictated solely by function when alternative designs are available.  With respect to the designs claimed in the asserted design patents, numerous alternative designs exist—some of which were patented or commercially manufactured by Samsung itself and some of which were patented or made by third parties.

The following is a representative sampling of alternative designs that are available for each of the design patents at issue in this case.

Alternative designs with respect to the D'889 Patent include without limitation the following patents and products:

- Samsung Q1
- Compaq TC1000

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

- Sony Tablet S & P

- Barnes & Noble Nook Tablet

- Vinci Tablet

- Acer Iconia Tab A500

- Fusion Garage Grid 10

- GriDPAD 2050

- Motion Computing LS800

- Droid XYBoard 8.2

Alternative designs with respect to the D'087, D'677, and D'270 Patents include without limitation the following products:

- Pantech Crossover

- Sony Ericsson Xperia X10

- Nokia N8

- NEC N908

- Nokia Lumia 800

- Casio GZ One Commando

- Sony Ericsson Xperia S

- Modu phones and related jackets

- Nokia X5-01

- Samsung M7600 Beat DJ

Alternative designs with respect to the D'790, D'334, and D'305 Patents include without limitation the following products:

- Sony Ericsson Xperia X10

- Nokia N8

- Palm Centro

- Palm Pixi Plus

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

- Nokia Lumia 800

- Palm Treo 700p

- Pantech Hotshot CDM8992VW

- Blackberry Torch 9850

- Blackberry Storm 2

- Samsung F700

Moreover, alternative cellular phone and tablet computer designs were explored during the development process of Apple products and some were commercially manufactured by Apple.  These alternatives designs are contained in the native design files that have been produced for inspection, in the printouts of these native files that have been produced to Samsung, and in the numerous Apple mockups that have been produced for inspection.  A number of these alternative designs were identified in Christopher Stringer's reply declaration in support of Apple's motion for preliminary injunction.

In determining whether an accused product infringes a design patent, courts must compare the patented design as a whole to the accused products.  Verbal descriptions of the claimed designs are not required.  As demonstrated in the following claim charts, the asserted Apple designs are substantially the same in overall visual appearance as the corresponding portion of each accused Samsung product.

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

1.      The D'889 Patent

Each accused Samsung product incorporates a body and front face that is substantially the same in overall visual appearance as the design claimed in the D'889 Patent.

a.      Samsung Galaxy Tab 10.1

| D'889 Patent Claim | Samsung Galaxy Tab 10.1 |
|---|---|
|  FIG. 1 |  |
|  FIG. 2 |  |
|  FIG. 3 |  |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

| D'889 Patent Claim | Samsung Galaxy Tab 10.1 |
|---|---|
| <br>*FIG. 4* |  |
| <br>**FIG. 5** |  |
| <br>**FIG. 6** |  |
| <br>**FIG. 7** |  |
| <br>**FIG. 8** |  |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

### 2.    The D'087 Patent[2]

Each accused Samsung product incorporates a front face and bezel that is substantially the same in overall visual appearance as the design claimed in the D'087 Patent.

#### a.    Samsung Galaxy S i9000

| D'087 Patent Claim (Selected Embodiments) | Samsung Galaxy S i9000 |
|---|---|
|  FIG. 9 <br>  FIG. 17 |  |
|  FIG. 11    FIG. 19 |  |
| | |

___

[2] In the charts that follow with respect to the D'087 patent, drawings that consist entirely of dotted lines are omitted. Figures 5 through 8, respectively, are equivalent to figures 13 through 16; 21 through 24; 29 through 32; 37 through 40; and 45 through 48.  Because the D'087 incorporates numerous alternative embodiments, only the relevant ones are included.

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION



| D'087 Patent Claim (Selected Embodiments) | Samsung Galaxy S i9000 |
|---|---|

**b.      Samsung Galaxy S 4G**

| D'087 Patent Claim (Selected Embodiments) | Samsung Galaxy S 4G |
|---|---|

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

| D'087 Patent Claim (Selected Embodiments) | Samsung Galaxy S 4G |
|---|---|
| <br>FIG. 11        FIG. 19 |  |
| <br>FIG. 7        FIG. 8 |  |
| <br>FIG. 5<br><br>FIG. 6 |  |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

c.    Samsung Infuse 4G

| D'087 Patent Claim (Selected Embodiments) | Samsung Infuse 4G |
|---|---|
| <br>FIG. 9<br><br><br>FIG. 17 |  |
| <br>FIG. 11      FIG. 19 |  |
| <br>FIG. 7      FIG. 8 |  |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**



| D'087 Patent Claim (Selected Embodiments) | Samsung Infuse 4G |
|---|---|

d.     Samsung Vibrant

| D'087 Patent Claim (Selected Embodiments) | Samsung Vibrant |
|---|---|

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**



| D'087 Patent Claim (Selected Embodiments) | Samsung Vibrant |
|---|---|

e.    Samsung Galaxy S II Epic 4G Touch

| D'087 Patent Claim (Selected Embodiments) | Samsung Galaxy S II Epic 4G Touch |
|---|---|

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

| D'087 Patent Claim (Selected Embodiments) | Samsung Galaxy S II Epic 4G Touch |
|---|---|
| FIG. 11    FIG. 19 | |
| FIG. 7    FIG. 8 | |
| FIG. 5 <br> FIG. 6 | |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

f.      Samsung Galaxy S II (AT&T)

| D'087 Patent Claim (Selected Embodiments) | Samsung Galaxy S II (AT&T) |
|---|---|
| <br>FIG. 9<br><br><br>FIG. 17 |  |
| <br>FIG. 11      FIG. 19 |  |
| <br>FIG. 7      FIG. 8 |  |

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

| D'087 Patent Claim (Selected Embodiments) | Samsung Galaxy S II (AT&T) |
|---|---|
|  FIG. 5  FIG. 6 |   |

g.    Samsung Galaxy S II Skyrocket

| D'087 Patent Claim (Selected Embodiments) | Samsung Galaxy S II Skyrocket |
|---|---|
|  FIG. 9  FIG. 17 |  |
|  FIG. 11        FIG. 19 |  |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
107                                    Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

| D'087 Patent Claim (Selected Embodiments) | Samsung Galaxy S II Skyrocket |
|---|---|
|  | |

h.    Samsung Galaxy S II i9100

| D'087 Patent Claim (Selected Embodiments) | Samsung Galaxy S II i9100 |
|---|---|
| | |

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

| D'087 Patent Claim (Selected Embodiments) | Samsung Galaxy S II i9100 |
|---|---|
|   FIG. 17 | |
|   FIG. 11   FIG. 19 |  |
|   FIG. 7   FIG. 8 |  |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

| D'087 Patent Claim (Selected Embodiments) | Samsung Galaxy S II i9100 |
|---|---|
|  FIG. 5 |  |
|  FIG. 6 |  |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

### 3.    The D'677 Patent[3]

Each accused Samsung product incorporates a front face that is substantially the same in overall visual appearance as the design claimed in the D'677 Patent.

a.    **Samsung Mesmerize (SCH-I500); Samsung Showcase i500 (SCH-I500); Samsung Showcase Galaxy S (SCH-I500) Samsung Fascinate (SCH-I500)**

| D'677 Patent Claim | Samsung SCH-I500 (Mesmerize / Showcase i500 / Showcase Galaxy S / Fascinate) |
|---|---|
|  FIG. 1 |  |
|  FIG. 3 |  |

---

[3] In the charts below with respect to the D'677 patent, drawings that consist entirely of dotted lines are omitted.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

| D'677 Patent Claim | Samsung SCH-I500 (Mesmerize / Showcase i500 / Showcase Galaxy S / Fascinate) |
|---|---|
|  FIG. 7   FIG. 8 | |
| FIG. 5 | |
| FIG. 6 | |

**b.     Samsung Galaxy S i9000**

| D'677 Patent Claim | Samsung Galaxy S i9000 |
|---|---|
| FIG. 1 | |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

| D'677 Patent Claim | Samsung Galaxy S i9000 |
|---|---|
|  | |

c.      Samsung Galaxy Ace

| D'677 Patent Claim | Samsung Galaxy Ace |
|---|---|
| | |

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

| D'677 Patent Claim | Samsung Galaxy Ace |
|---|---|
| <br>FIG. 3 |  |
| <br>FIG. 7     FIG. 8 |  |
| <br>FIG. 5<br><br><br>FIG. 6 |  |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

d.      **Samsung Galaxy S 4G**

| D'677 Patent Claim | Samsung Galaxy S 4G |
|---|---|
| <br>FIG. 1 |  |
| <br>FIG. 3 |  |
| <br>FIG. 7      FIG. 8 |  |
| <br>FIG. 5<br><br>FIG. 6 |  |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

e.      Samsung Infuse 4G

| D'677 Patent Claim | Samsung Infuse 4G |
|---|---|
| <br>FIG. 1 |  |
| <br>FIG. 3 |  |
| <br>FIG. 7      FIG. 8 |  |
| <br>FIG. 5<br><br>FIG. 6 |  |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

f.    **Samsung Vibrant**

| D'677 Patent Claim | Samsung Vibrant |
|---|---|
|  FIG. 1 |  |
|  FIG. 3 |  |
|  FIG. 7    FIG. 8 |  |
|  FIG. 5 <br>  FIG. 6 |  |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

g.     **Samsung Galaxy S II Epic 4G Touch**

| D'677 Patent Claim | Samsung Galaxy S II Epic 4G Touch |
|---|---|
| <br>FIG. 1 |  |
| <br>FIG. 3 |  |
| <br>FIG. 7     FIG. 8 |  |
| <br>FIG. 5<br><br>FIG. 6 |  |

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

h.      Samsung Galaxy S II (T-Mobile)

| D'677 Patent Claim | Samsung Galaxy S II (T-Mobile) |
|---|---|
| <br>FIG. 1 |  |
| <br>FIG. 3 |  |
| <br>FIG. 7      FIG. 8 |  |
| <br>FIG. 5<br><br>FIG. 6 |  |

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

### i.      Samsung Galaxy S II (AT&T)

| D'677 Patent Claim | Samsung Galaxy S II (AT&T) |
|---|---|
| <br>*FIG. 1* |  |
| <br>*FIG. 3* |  |
| <br>*FIG. 7*      *FIG. 8* |  |
| <br>*FIG. 5*<br><br><br>*FIG. 6* |  |

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

**j.      Samsung Galaxy S II Skyrocket**

| D'677 Patent Claim | Samsung Galaxy S II Skyrocket |
|---|---|
| <br>FIG. 1 |  |
| <br>FIG. 3 |  |
| <br>FIG. 7          FIG. 8 |  |
| <br>FIG. 5<br><br><br>FIG. 6 | <br><br> |

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

k.      Samsung Galaxy S II i9100

| D'677 Patent Claim | Samsung Galaxy S II i9100 |
|---|---|
|  FIG. 1 |  |
|  FIG. 3 |  |
|  FIG. 7    FIG. 8 |  |
|  FIG. 5 <br>  FIG. 6 |  <br>  |

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

4.      **The D'270 Patent**

Each accused Samsung product incorporates a body and front face that are substantially the same in overall visual appearance as the design claimed in the D'270 Patent.

a.      **Samsung Galaxy S i9000**

| D'270 Patent Claim | Samsung Galaxy S i9000 |
|---|---|
|  FIG. 1 |  |
|  FIG. 2 |  |
|  FIG. 3 |  |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

| D'270 Patent Claim | Samsung Galaxy S i9000 |
|---|---|
| <br>FIG. 4 |  |
| <br>FIG. 5      FIG. 6 |  |
| <br>FIG. 7<br><br>FIG. 8 |  |
| <br>FIG. 9 |  |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

b.    Samsung Galaxy S 4G

| D'270 Patent Claim | Samsung Galaxy S 4G |
|---|---|
|  FIG. 1 |  |
|  FIG. 2 |  |
|  FIG. 3 |  |
|  FIG. 4 |  |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION



| D'270 Patent Claim | Samsung Galaxy S 4G |
|---|---|

c.    Samsung Vibrant



| D'270 Patent Claim | Samsung Vibrant |
|---|---|

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

| D'270 Patent Claim | Samsung Vibrant |
|---|---|
|  FIG. 2 |  |
|  FIG. 3 |  |
|  FIG. 4 |  |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

| D'270 Patent Claim | Samsung Vibrant |
|---|---|
| FIG. 5    FIG. 6 |  |
| FIG. 7<br><br>FIG. 8 |  |
| FIG. 9 |  |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

### 5.     The D'790 Patent

Each accused Samsung product incorporates an array of icons that is substantially the same in overall visual appearance as the design claimed in the D'790 Patent.

#### a.     Samsung Captivate



| D'790 Patent Claim | Samsung Captivate |
|---|---|

#### b.     Samsung Continuum

| D'790 Patent Claim | Samsung Continuum |
|---|---|

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

c.      **Samsung Droid Charge**

| D'790 Patent Claim | Samsung Droid Charge |
|---|---|
|  | |

d.      **Samsung Epic 4G**

| D'790 Patent Claim | Samsung Epic 4G |
|---|---|
|  | |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

e.     **Samsung Fascinate**

| D'790 Patent Claim | Samsung Fascinate |
|---|---|
|  | |

f.     **Samsung Gem**

| D'790 Patent Claim | Samsung Gem |
|---|---|
|  | |

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

g.    Samsung Galaxy S i9000

| D'790 Patent Claim | Samsung Galaxy S i9000 |
|---|---|
|  | |

h.    Samsung Galaxy S 4G

| D'790 Patent Claim | Samsung Galaxy S 4G |
|---|---|
|  | |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

### i.     Samsung Indulge

| D'790 Patent Claim | Samsung Indulge |
|---|---|
|  | |

### j.     Samsung Infuse 4G

| D'790 Patent Claim | Samsung Infuse 4G |
|---|---|
|  | |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

### k.   Samsung Mesmerize

| D'790 Patent Claim | Samsung Mesmerize |
|---|---|
|  | |

### l.   Samsung Showcase Galaxy S

| D'790 Patent Claim | Samsung Showcase Galaxy S |
|---|---|
|  | |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

m.      Samsung Showcase i500

| D'790 Patent Claim | Samsung Showcase i500 |
|---|---|
|  | |

n.      Samsung Vibrant

| D'790 Patent Claim | Samsung Vibrant |
|---|---|
|  | |

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

6.  **The D'334 Patent**[4]

Each accused Samsung product incorporates an array of icons that is substantially the same in overall visual appearance as the design claimed in the D'334 Patent.

a.  **Samsung Captivate**

| D'334 Patent Claim | Samsung Captivate |
|---|---|
|  |  |

---

[4] In the charts below with respect to the D'334 patent, only one figure is presented out of the eight figures in the design patent.  Each figure in the design patent is substantially the same, and the comparison herein applies equally to each figure...

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**b.    Samsung Continuum**

| D'334 Patent Claim | Samsung Continuum |
|---|---|



**c.    Samsung Droid Charge**

| D'334 Patent Claim | Samsung Droid Charge |
|---|---|

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

d.      **Samsung Epic 4G**

| D'334 Patent Claim | Samsung Epic 4G |
|---|---|
|  |  |

e.      **Samsung Fascinate**

| D'334 Patent Claim | Samsung Fascinate |
|---|---|
|  |  |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

f.      **Samsung Gem**

| D'334 Patent Claim | Samsung Gem |
|---|---|
|  |  |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

g.  **Samsung Galaxy S i9000**

| D'334 Patent Claim | |
|---|---|
|  | |

h.  **Samsung Galaxy S 4G**

| D'334 Patent Claim | Samsung Galaxy S 4G |
|---|---|
|  |  |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

i.      **Samsung Indulge**

| D'334 Patent Claim | Samsung Indulge |
|---|---|
|  |  |

j.      **Samsung Infuse 4G**

| D'334 Patent Claim | Samsung Infuse 4G |
|---|---|
|  |  |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

k.      **Samsung Mesmerize**

| D'334 Patent Claim | Samsung Mesmerize |
|---|---|



l.      **Samsung Showcase Galaxy S**

| D'334 Patent Claim | Samsung Showcase Galaxy S |
|---|---|

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

m.      **Samsung Showcase i500**

| D'334 Patent Claim | Samsung Showcase i500 |
|---|---|
|  | |

n.      **Samsung Vibrant**

| D'334 Patent Claim | Samsung Vibrant |
|---|---|
|  |  |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

7.      **The D'305 Patent[5]**

Each accused Samsung product incorporates an array of icons that is substantially the same in overall visual appearance as the design claimed in the D'305 Patent.

a.      **Samsung Captivate**

| D'305 Patent Claim | Samsung Captivate |
|---|---|
|  |  |

---

[5] In the charts below with respect to the D'305 patent, only one figure is presented out of the two figures in the design patent.  Each figure in the design patent is substantially the same, and the comparison herein applies equally to each figure.

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

1    **b.    Samsung Continuum**

| D'305 Patent Claim | Samsung Continuum |
|---|---|
|  |  |

**c.    Samsung Droid Charge**

| D'305 Patent Claim | Samsung Droid Charge |
|---|---|
|  |  |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

d.    **Samsung Epic 4G**

| D'305 Patent Claim | Samsung Epic 4G |
|---|---|
|  |  |

e.    **Samsung Fascinate**

| D'305 Patent Claim | Samsung Fascinate |
|---|---|
|  |  |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

f.    **Samsung Gem**

| D'305 Patent Claim | Samsung Gem |
|---|---|
|  |  |

g.    **Samsung Galaxy S i9000**

| D'305 Patent Claim | Samsung Galaxy S i9000 |
|---|---|
|  |  |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

h.     Samsung Galaxy S 4G

| D'305 Patent Claim | Samsung Galaxy S 4G |
|---|---|
|  |  |

i.     Samsung Indulge

| D'305 Patent Claim | Samsung Indulge |
|---|---|
|  |  |

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

1

    **j.**    **Samsung Infuse 4G**



| D'305 Patent Claim | Samsung Infuse 4G |
|---|---|

    **k.**    **Samsung Mesmerize**

| D'305 Patent Claim | Samsung Mesmerize |
|---|---|

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

1      **l.**    **Samsung Showcase Galaxy S**

| D'305 Patent Claim | Samsung Showcase Galaxy S |
|---|---|
|  |  |

      **m.**    **Samsung Showcase i500**

| D'305 Patent Claim | Samsung Showcase i500 |
|---|---|
|  |  |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

1

n.      **Samsung Vibrant**

| D'305 Patent Claim | Samsung Vibrant |
|---|---|
|  |  |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

the extent such patents are substantially embodied in chipsets that Apple buys from licensed suppliers authorized by Samsung to sell such chipsets for incorporation into Apple's products; (b) Apple is impliedly licensed to sell products, as to which Samsung was involved and acquiesced for many years in their production without claiming infringement; and (c) Apple is licensed or, in the alternative, has the right to a FRAND license to Samsung's Declared Essential Patents in Suit by virtue of Samsung's FRAND commitments; (iv) acting unfairly and unreasonably towards and discriminating against Apple in its licensing practices because Apple owns designs, trade dress, trademarks, and non standards-essential patents that Samsung wishes to infringe with impunity.

Apple reserves the right to supplement and/or amend its response as appropriate.

**INTERROGATORY NO. 80:**

IDENTIFY with particularity all alleged trade dresses that YOU claim are infringed by SAMSUNG, including each and every element alleged to be a component thereof.

**RESPONSE TO INTERROGATORY NO. 80**

Apple objects to this Interrogatory as unduly burdensome, overbroad, and impracticable to the extent that it requests Apple to state "all facts" supporting Apple's contention "fully and in detail," especially given the late date in the discovery period at which this Interrogatory was propounded.  Apple further objects to this Interrogatory to the extent it seeks information that: (i) would require Apple to draw a legal conclusion to respond; (ii) is outside of Apple's possession, custody, or control; (iii) can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly available; or (iv) is subject to a confidentiality or nondisclosure agreement or governed by a protective order preventing its production.

Subject to and incorporating its General Objections and its specific objections, Apple responds as follows:

The trade dress Apple alleges are infringed by Samsung are as follows:

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

The "Original iPhone Trade Dress," which means the following elements of Apple's product designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; the appearance of a metallic bezel around the flat clear surface; a display screen under the clear surface; under the clear surface, substantial black borders above and below the display screen and narrower black borders on either side of the screen; when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen; and when the device is on, a bottom dock of colorful square icons with evenly rounded corners set off from the other icons on the display, which does not change as other pages of the user interface are viewed.

The "iPhone 3G Trade Dress," which means the following elements of Apple's product designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; the appearance of a metallic bezel around the flat clear surface; a display screen under the clear surface; under the clear surface, substantial black borders above and below the display screen and narrower black borders on either side of the screen; when the device is on, a row of small dots on the display screen; when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen; and when the device is on, a bottom dock of colorful square icons with evenly rounded corners set off from the other icons on the display, which does not change as other pages of the user interface are viewed.

The "iPhone 4 Trade Dress," which means the following elements of Apple's product designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; a display screen under the clear surface; under the clear surface, substantial neutral (black or white) borders above and below the display screen and narrower black borders on either side of the screen; a thin metallic band around the outside edge of the phone; when the device is on, a row of small dots on the display screen; when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen; and when the device

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

is on, a bottom dock of colorful square icons with evenly rounded corners set off from the other icons on the display, which does not change as other pages of the user interface are viewed.

The "iPhone Trade Dress," which means the following elements of Apple's product designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; a display screen under the clear surface; under the clear surface, substantial neutral (black or white) borders above and below the display screen and narrower neutral borders on either side of the screen; when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen; and when the device is on, a bottom dock of colorful square icons with evenly rounded corners set off from the other icons on the display, which does not change as other pages of the user interface are viewed.

The "iPad Trade Dress," which means the following elements of Apple's product designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; the appearance of a metallic rim around the flat clear surface; a display screen under the clear surface; under the clear surface, substantial neutral (black or white) borders on all sides of the display screen; and when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen.

The "iPad 2 Trade Dress" means the following elements of Apple's product designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; the appearance of a metallic rim around the clear flat surface; a display screen under the clear surface; under the clear surface, substantial neutral (black or white) borders on all sides of the display screen; and when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen.

The trade dress registered in U.S. Trademark Reg. No. 3,470,983, which consists of the image shown in the registration, is described as follows in the trademark registration:  The color(s) black, blue, brown, brown-gray, gray-green, green, orange, red, silver, tan, white and yellow is/are claimed as a feature of the mark.  The mark consists of the configuration of a

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

rectangular handheld mobile digital electronic device with rounded silver edges, a black face, and an array of 16 square icons with rounded edges.  The top 12 icons appear on a black background, and the bottom 4 appear on a silver background. The first icon depicts the letters "SMS" in green inside a white speech bubble on a green background; the second icon is white with a thin red stripe at the top; the third icon depicts a sunflower with yellow petals, a brown center, and a green stem in front of a blue sky; the fourth icon depicts a camera lens with a black barrel and blue glass on a silver background; the fifth icon depicts a tan television console with brown knobs and a gray-green screen; the sixth icon depicts a white graph line on a blue background; the seventh icon depicts a map with yellow and orange roads, a pin with a red head, and a red-and- blue road sign with the numeral "280" in white; the eighth icon depicts an orange sun on a blue background, with the temperature in white; the ninth icon depicts a white clock with black and red hands and numerals on a black background; the tenth icon depicts three brown-gray circles and one orange circle on a black background with a white border, with the mathematical symbols for addition, subtraction, multiplication, and the equal sign displayed in white on the circles; the eleventh icon depicts a portion of a yellow notepad with blue and red ruling, with brown binding at the top; the twelfth icon depicts three silver gears over a thatched black-and-silver background; the thirteenth icon depicts a white telephone receiver against a green background; the fourteenth icon depicts a white envelope over a blue sky with white clouds; the fifteenth icon depicts a white compass with a white- and-red needle over a blue map; the sixteenth icon depicts the distinctive configuration of applicant's media player device in white over an orange background.

The trade dress registered in U.S. Trademark Reg. No. 3,457,218, which consists of the image shown in the registration, is described as follows in the trademark registration:  Color is not claimed as a feature of the mark.  The mark consists of the configuration of a rectangular handheld mobile digital electronic device with rounded corners.  The matter shown in broken lines is not part of the mark.

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

The trade dress registered in U.S. Trademark Reg. No. 3,475,327, which consists of the image shown in the registration, is described as follows in the trademark registration:  The color(s) gray, silver and black is/are claimed as a feature of the mark.  The mark consists of the configuration of a handheld mobile digital electronic device.  The material shown in dotted lines, namely, the buttons and openings on the device show the position of the mark in relation to the device and are not considered a part of the mark.  The color gray appears as a rectangle at the front, center of the device.  The color black appears on the front of the device above and below the gray rectangle and on the curved corners of the device.  The color silver appears as the outer border and sides of the device.  The color white is shown solely to identify placement of the mark and is not claimed as a part of the mark.

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

Dated:  March 10, 2012

/s/ Mark D. Selwyn
Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Harold J. McElhinny (SBN 66781)
(HMcElhinny@mofo.com)
Michael A. Jacobs (SBN 111664)
(MJacobs@mofo.com)
Richard S.J. Hung (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: ( 415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 10, 2012 by electronic mail upon the following:

Charles Kramer Verhoeven (Cal. Bar No. 170151)
(charlesverhoeven@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile:  (415) 875-7600

Kevin P.B. Johnson (Cal. Bar No. 177129)
(kevinjohnson@quinnemanuel.com)
Victoria F. Maroulis (Cal. Bar No. 202603)
(victoriamaroulis@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Edward J. DeFranco (Cal. Bar No. 165596)
(eddefranco@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Michael T. Zeller (Cal. Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

/s/ Mark. D Selwyn
Mark D. Selwyn