Exhibit 8

# EXHIBIT E

# FILED UNDER SEAL

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3666**

WRITER'S INTERNET ADDRESS
**dianehutnyan@quinnemanuel.com**

March 13, 2012

VIA ELECTRONIC MAIL

Jason Bartlett                              Mia Mazza
Morrison & Foerster                         Morrison & Foerster
425 Market Street                           425 Market Street
San Francisco, CA 94105-2482                San Francisco, CA 94105-2482

Re:    *Apple v. Samsung Elecs. Co. et al.*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Jason and Mia,

Apple's late or non-existent production of documents and other relevant materials has been deficient to the point that it has thwarted Samsung's ability to get full and fair discovery through depositions.

**Design Depositions**

For the vast majority of the Apple design inventors, their custodial document productions were not produced until well after the date of the deposition.  Additionally, Apple waited until mid-January to make available for inspection over ▮▮▮▮ models and parts that bear directly on the conception and reduction to practice of Apple's designs.   Apple also waited until mid-November to finally stipulate that the 035 model was the one depicted in the D889 file history, and CAD files of the 035 model were not produced for yet another month, after all of the inventor depositions had transpired.

Furthermore, many of Apple's custodial document productions pertaining to certain design witnesses are woefully deficient.  For example, Apple has yet to produce several document productions for key custodians, namely, Steve Jobs, the Human Interface Server, and a

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W  Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

significant portion of Apple's product design and reliability groups.  Additionally, the depositions of Douglas Satzger, Freddy Anzures, Jonathan Ive, Richard Dinh, and Scott Forstall indicated that many documents relevant to functionality have yet to be produced, documents that Samsung has already requested the production of in prior correspondence.   As a result, Samsung proposes that the depositions of at least the following witnesses be re-opened for a total of 30 hours:

| Inventors | Other Design Witnesses |
|---|---|
| Bart Andre | Achim Pantfoerder |
| Christopher Stringer | Chris Harris |
| Daniel Coster | Chris Hood |
| Daniele de Iullis | Christopher Prest |
| Duncan Kerr | Cooper Woodring |
| Eugene Whang | Fletcher Rothkopf |
| Freddy Anzures | John Ternus |
| Imran Chaudhri (also a utility inventor) | Mark Lee |
| Jonathan Ive | Phil Hobson |
| Matt Rohrbach | Quin Hoellwarth |
| Peter Russell-Clarke | Richard Dinh |
| Richard Howarth | Steven Zadesky |
| Rico Zorkendorfer | Tang Tan |

**Utility Depositions**

Apple continues to supplement its interrogatory responses regarding the conception and reduction to practice dates of its utility patents, as noted in Samsung's March 10, 2012 letter requesting the re-opening of all inventor depositions affected by Apple's amended responses.  Additionally, for the vast majority of the Apple utility inventors, their custodial document productions were not produced until well after the date of the deposition.  Furthermore, Apple has yet to produce relevant materials from related proceedings, the production of which Samsung recently moved to compel.  As a result, Samsung proposes that the depositions of at least the following witnesses be re-opened for a total of 30 hours:

| Inventors | |
|---|---|
| | Marcel Van Os |
| | Richard Williamson |
| Andre Boule | Scott Forstall |
| Andrew Platzer | Scott Herz |
| Bas Ording | Steven Hotelling |
| Brian Huppi | Stephen Lemay |
| Brian Land | Steven Christensen |
| Chris Blumenberg | Wayne Westerman |
| Greg Christie | |
| John Elias | Other Utility Witnesses |
| Joshua Strickon | Myra Haggerty |

Nitin Ganatra                                    Ravin Balakrishnan



Samsung also reserves the right to depose Kelly Altick, who Samsung withdrew, in light of her late production.

Additionally, Samsung proposes that the depositions of Richard Lutton and B.J. Watrous be re-opened for a total of 14 hours in light of the significant volume of documents produced after Lutton's deposition and the fact that Watrous produced zero documents.

In Judge Grewal's March 8th order, which permitted Apple to re-open the depositions of up to 10 Samsung witnesses for whom Korean-language documents were produced close in time to the witnesses' depositions for a total of 25 hours, he noted that "[t]o the extent that Samsung is attempting to pursue a non-judicial remedy from Apple before consuming the court's time, the court strongly encourages Apple to extend the same opportunity to Samsung in those instances in which Apple has produced a substantial volume of documents shortly before, or after, a deposition." (Dkt. No. 788 at fn. 18).  At a minimum, therefore, Apple should agree to re-open

3

the depositions of at least 10 witnesses of Samsung's choosing.  Given that Apple produced documents in many instances AFTER the relevant deposition (and as recently as March 9th, after the discovery cutoff as well), the additional 25 hours should not count against Samsung's 250-hour deposition limit.

Moreover, in light of Apple's further discovery misconduct, including its ever-shifting of conception dates and other Apple discovery failures, Samsung believes that it is entitled to the full relief outlined in this letter.  Samsung additionally reserves the right to seek additional deposition time for the aforementioned witnesses regarding any relevant materials that have not yet been produced.  If Apple refuses to do so, please be prepared to discuss these issues at the next lead counsel meet and confer.  I look forward to hearing from you.

Kind regards,

*/s/ Diane C. Hutnyan*

Diane C. Hutnyan

cc:     Peter Kolovos
        S. Calvin Walden