1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
14 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                     UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

19 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK
20 | Plaintiff, | **DECLARATION OF JOBY MARTIN IN SUPPORT OF APPLE'S**
21 | vs. | **ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL,**
22 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | **PURSUANT TO LOCAL RULE 79-5(d)**
23 | ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG |
24 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, |
25 |  |
26 | Defendants. |

27

28

Pursuant to Civil L.R. 79-5(d), Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") submit the appended declaration of Joby Martin in Support of Apple's Administrative Motion to File Documents Under Seal (Dkt. No. 939), to establish that the following are sealable:

- Confidential Portions of Apple's Motion to Strike Portions of Samsung's Expert Reports ("Motion to Strike");
- Exhibits 2, 6 – 8, 10 – 13, 16 – 20, 25 – 27, 29, 31, 34, 35, and 38 to the Declaration of Marc J. Pernick in Support of Apple's Motion to Strike ("Pernick Declaration").

**DECLARATION OF JOBY MARTIN**

I, Joby Martin, do hereby declare as follows:

1. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP, counsel for Samsung. I submit this Declaration in support of Apple's Administrative Motion to File Documents Under Deal (Dkt. No. 939). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them.

2. Exhibit 2 to the Pernick Declaration is a copy of the Expert Report of Stephen Gray Regarding Invalidity of U.S. Patent Nos. 7,884,915 and 7,864,163. This document, which has been designated HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, contains confidential information of third parties, such as Mitsubishi Electronics Research Laboratories, including the source code implemented in the DiamondTouch System. This information is confidential and proprietary, and could be used by competitors to the detriment of third parties if not filed under seal.

3. Exhibit 6 to the Pernick Declaration is a copy of Appendix 3 to the Expert Report of Stephen Gray Regarding Invalidity of U.S. Patent Nos. 7,884,915 and 7,864,163. This document, which has been designated HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, contains confidential information of third parties, such as Mitsubishi Electronics Research Laboratories, including information regarding the source code implemented in the DiamondTouch System and excerpts from the confidential deposition of third party Clifton Forlines. This

1  information is confidential and proprietary, and could be used by competitors to the detriment of
2  third parties if not filed under seal.

3       4.     Exhibit 7 to the Pernick Declaration is a copy of Appendix 3.1 to the Expert Report
4  of Stephen Gray Regarding Invalidity of U.S. Patent Nos. 7,884,915 and 7,864,163.  This
5  document, which has been designated HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS'
6  EYES ONLY – SOURCE CODE INFORMATION, contains confidential information of third
7  parties, such as Mitsubishi Electronics Research Laboratories, including the source code
8  implemented in the DiamondTouch system.  This information is confidential and proprietary, and
9  could be used by competitors to the detriment of third parties if not filed under seal.

10       5.     Exhibit 8 to the Pernick Declaration is a copy of Appendix 3.2 to the Expert Report
11  of Stephen Gray Regarding Invalidity of U.S. Patent Nos. 7,884,915 and 7,864,163.  This
12  document, which has been designated HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS'
13  EYES ONLY – SOURCE CODE INFORMATION, contains confidential information of third
14  parties, such as Mitsubishi Electronics Research Laboratories, including the source code
15  implemented in the DiamondTouch system.  This information is confidential and proprietary, and
16  could be used by competitors to the detriment of third parties if not filed under seal.

17       6.     Exhibit 10 to the Pernick Declaration is a copy of Appendix 3.5 to the Expert
18  Report of Stephen Gray Regarding Invalidity of U.S. Patent Nos. 7,884,915 and 7,864,163.  This
19  document, which has been designated HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS'
20  EYES ONLY – SOURCE CODE INFORMATION, contains confidential information of third
21  parties, such as Mitsubishi Electronics Research Laboratories, including the source code
22  implemented in the DiamondTouch system.  This information is confidential and proprietary, and
23  could be used by competitors to the detriment of third parties if not filed under seal.

24       7.     Exhibit 11 to the Pernick Declaration is a copy of the Expert Report of Andries Van
25  Dam, Ph.D Regarding Invalidity of U.S. Patent No. 7,469,381.  This document, which has been
26  designated HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, contains confidential
27  information of third parties, such as Mitsubishi Electronics Research Laboratories, including
28

-3-    Case No. 11-cv-01846-LHK
DECLARATION OF JOBY MARTIN IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION
TO FILE DOCUMENTS UNDER SEAL

1  information regarding the source code implemented in the DiamondTouch System.  This
2  information is confidential and proprietary, and could be used by competitors to the detriment of
3  third parties if not filed under seal.
4       8.   Exhibit 12 to the Pernick Declaration is a copy of the Corrected Expert Report of
5  Dr. Brian Von Herzen On the Invalidity of U.S. Patents 7,669,607 and 7,920,129.  This document,
6  which has been designated HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY,
7  contains confidential information of third parties, such as Atmel Corp., including documents
8  related to the Velos system, which were produced by Atmel pursuant to the protective order in this
9  litigation.  This information is confidential and proprietary, and could be used by competitors to
10 the detriment of third parties if not filed under seal.
11      9.   Exhibit 13 to the Pernick Declaration is a copy of a letter sent by Samsung's
12 counsel to Apple's counsel on April 29, 2012.  This document discusses, references, and cites to
13 confidential exhibits discussed herein in paragraphs 2 -7 and 17-18.  Accordingly, this document
14 has been designated as CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER, and should
15 remain under seal for the same reasons articulated in those paragraphs.
16      10.  Exhibit 16 to the Pernick Declaration is a copy of Samsung's Second Supplemental
17 Objections and Responses to Apple Inc.'s Second Set of Interrogatories (No. 2).  This document,
18 which has been designated HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY,
19 contains sensitive commercial information regarding the operation of the accused Samsung
20 products, the structure of Samsung's touchscreens, as well as various software features of the
21 source code implemented in those products.  This information is confidential and proprietary to
22 Samsung, and could be used by competitors to its detriment if not filed under seal.
23      11.  Exhibit 17 to the Pernick Declaration is a copy of the Expert Report of Jeffrey
24 Johnson, Ph.D Regarding Non-Infringement of U.S. Patent No. 7,469,381.  This document, which
25 has been designated HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, contains
26 sensitive commercial information regarding the operation of the accused Samsung products,
27 updates made to the source code of the accused products, and the internal development of various
28

1  features and software programs installed on the accused products.  This information is confidential
2  and proprietary to Samsung, and could be used by competitors to its detriment if not filed under
3  seal.

4      12.    Exhibit 18 to the Pernick Declaration is a copy of the Rebuttal Expert Report of Dr.
5  Brian Von Herzen Regarding Non-Infringement of U.S. Patents 7,669,607 and 7,920,129.  This
6  document, which has been designated HIGHLY CONFIDENTIAL — ATTORNEYS' EYES
7  ONLY, contains sensitive commercial information regarding the structure and configuration of the
8  touchscreens installed on the accused Samsung products, as well as the confidential information of
9  third party Atmel Corp.  This information is confidential and proprietary, and could be used by
10 competitors to the detriment of Samsung and third parties if not filed under seal.

11     13.    Exhibit 19 to the Pernick Declaration is a copy of the Rebuttal Expert Report of
12 Stephen Gray Regarding Non-Infringement of Asserted Claims of U.S. Patent Nos. 7,884,915 and
13 7,864,163.  This document, which has been designated HIGHLY CONFIDENTIAL —
14 ATTORNEYS' EYES ONLY, contains confidential information regarding the operation of the
15 touchscreens of accused Samsung products, as well as software installed on the accused products.
16 This information is confidential and proprietary to Samsung, and could be used by competitors to
17 its detriment if not filed under seal.

18     14.    Exhibit 20 to the Pernick Declaration is a copy of the May 4, 2012 deposition
19 transcript of Stephen Gray.  This document, which has been designated HIGHLY
20 CONFIDENTIAL — ATTORNEYS' EYES ONLY, contains confidential information of third
21 parties, such as Mitsubishi Electronics Research Laboratories, including information relating to
22 the source code implemented in the DiamondTouch system.  This document also contains
23 sensitive commercial information regarding the operation of the accused Samsung products'
24 touchscreens, as well as software installed on the accused products.  This information is
25 confidential and proprietary to Samsung and third parties, and could be used by competitors to the
26 detriment of Samsung and third parties if not filed under seal.

27
28

15. Exhibit 25 to the Pernick Declaration is a copy of Samsung's Objections to Apple Inc.'s Fifth Set of Interrogatories (Corrected). This document, which has been designated HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, contains confidential information concerning the structure and organization of groups or departments which are responsible for the design and development of the Samsung accused products, and cites to or discusses confidential documents produced by Samsung in this litigation. This information is confidential and proprietary to Samsung, and could be used by competitors to its detriment if not filed under seal.

16. Exhibit 26 to the Pernick Declaration is a copy of the Expert Report of Sam Lucente. This document, which has been designated HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, contains confidential information regarding the design and development of Samsung's user interface designs, contained in reports and presentations circulated within Samsung. This information is confidential and proprietary to Samsung, and could be used by competitors to its detriment if not filed under seal.

17. Exhibit 27 to the Pernick Declaration is a copy of the Expert Report of Itay Sherman. This document, which has been designated HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, contains confidential information regarding the design and development of Samsung's user interface designs, contained in reports and presentations circulated within Samsung. This information is confidential and proprietary to Samsung, and could be used by competitors to its detriment if not filed under seal.

18. Exhibit 29 to the Pernick Declaration is a copy of the Corrected Rebuttal Expert Report of Sam Lucente. This document, which has been designated HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, contains confidential information regarding the design and development of Samsung's user interface designs, contained in reports and presentations circulated within Samsung, as well as various functional considerations that drove the development of Samsung's icons. This information is confidential and proprietary to Samsung, and could be used by competitors to its detriment if not filed under seal.

19. Exhibit 31 to the Pernick Declaration is a copy of the Corrected Expert Report of Michael J. Wagner.  This document, which has been designated HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, contains sensitive financial information regarding Samsung's profits, operating expenses, and manufacturing expenses for the accused Samsung products.  This information is confidential and proprietary to Samsung, and could be used by competitors to its detriment if not filed under seal.

20. Exhibit 34 to the Pernick Declaration consists of an email attaching a copy of the Supplemental Expert Report of Michael J. Wagner.  This document, which has been designated HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, contains sensitive financial information regarding Samsung's profits, operating expenses, manufacturing expenses, bills of materials, and development costs for the accused Samsung products.  This information is confidential and proprietary to Samsung, and could be used by competitors to its detriment if not filed under seal.

21. Exhibit 35 to the Pernick Declaration consists of excerpts from the May 12, 2012 deposition transcript of Michael J. Wagner.  These excerpts, which have been designated HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, contain sensitive financial information regarding Samsung's profits, operating expenses, manufacturing expenses, bills of materials, and development costs for the accused products.  This information is confidential and proprietary to Samsung, and could be used by competitors to its detriment if not filed under seal.

22. Exhibit 38 to the Pernick Declaration is a copy of Samsung's Supplemental Objections and Responses to Apple Inc.'s Fifth Set of Interrogatories (Nos. 11-12).  This document, which has been designated HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, contains confidential information regarding the design and development of Samsung's user interface designs, contained in reports and presentations circulated within Samsung.  This information is confidential and proprietary to Samsung, and could be used by competitors to its detriment if not filed under seal.

1    23.    Apple's Motion to Strike summarizes, describes and/or directly cites to the confidential Pernick Declaration and the confidential exhibits discussed in paragraphs 2 through 22 above. Therefore, the Motion should remain under seal for the same reasons articulated above.

24.    The requested relief is necessary and narrowly tailored to protect this confidential information.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge.

Executed this 24th day of May, 2012, in San Francisco, CA.


                                        */s/  Joby Martin*
                                        Joby Martin

**General Order 45 Attestation**

I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to file this Declaration. In compliance with General Order 45(X)(B), I hereby attest that Joby Martin has concurred in this filing.

/s/ Victoria Maroulis