# EXHIBIT 17

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Confirmation No.: 7091 |
| ANDRE *et al.* | Art Unit: 2911 |
| Appl. No.: 29/328,018 | Examiner: LEE, Angela J |
| Filed: November 18, 2008 | Atty. Docket: 2607.0590002(P4984USD1) |
| For: **Electronic Device** | |

**Amendment and Reply Under 37 C.F.R. § 1.111**

*Mail Stop Amendment*

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Sir:

In reply to the Office Action dated October 2, 2009, Applicants submit the following Amendment and Remarks.

Amendments to the Specification begin on page 2 of this paper.

Amendments to the Drawings begin on page 3 of this paper.

Remarks begin on page 4 of this paper.

It is not believed that extensions of time or fees for net addition of claims are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. § 1.136(a), and any fees required therefor (including fees for net addition of claims) are hereby authorized to be charged to our Deposit Account No. 19-0036.

- 2 -  
Reply to Office Action of October 2, 2009     ANDRE *et al.*  
Appl. No. 29/328,018

## *Amendments to the Specification*

Please amend paragraphs **[0011]** and **[0012]** as follows:

**[0011]** The <u>claimed</u> surface[[s]] of the electronic device [[are]]<u>is</u> illustrated with <u>the</u> color designation[[s]] <u>for the color black</u>. ~~The grid pattern indicates the color black, the dashed line pattern indicates metal. By way of example, the metallic portions may be selected from steel, aluminum, anodized aluminum, chrome, nickel, and/or the like.~~

**[0012]** ~~More generally, the invention pertains to an ornamental design for an article of manufacture.~~ The ~~article~~ <u>electronic device</u> is not limited to the scale shown herein. As indicated in the title, the article of manufacture to which the ornamental design has been applied is an electronic device, media player (e.g., music, video and/or game player), media storage device, a personal digital assistant, a communication device (e.g., cellular phone), a novelty item or toy.

Atty. Dkt. No. 2607.0590002(P4984USD1)/TGD

APLPROS0000011931

Reply to Office Action of October 2, 2009

- 3 -

ANDRE *et al.*
Appl. No. 29/328,018

## *Amendments to the Drawings*

Please replace Figures 1-8 with Figures 1-8 provided herewith on replacement sheets. No new matter has been added to the replacement figures.

Atty. Dkt. No. 2607.0590002(P4984USD1)/TGD

APLPROS0000011932

- 4 -
Reply to Office Action of October 2, 2009

ANDRE *et al.*
Appl. No. 29/328,018

## *Remarks*

Reconsideration of this Application is respectfully requested. Applicants wish to thank the Examiner for her time and consideration during the interview conducted by Applicants' representatives on November 5, 2009. The substance of the interview is contained in the following remarks

The claimed design was rejected under the judicially created doctrine of obviousness-type double patenting over the design claimed in applicant's co-pending application no. 29/332,683. A terminal disclaimer is submitted herewith to overcome this rejection.

The claimed design has also been rejected under 35 U.S.C. §103(a) as being unpatentable over U.S. Patent No. 7,409,059 to Fujisawa (the '059 patent) in view of U.S. Patent Application Publication 2008/0004083 (the '083 publication). The Examiner alleges that the '059 patent is "strickingly similar to the left portion of the design shown in FIG. 7 of [the '059 patent]" and that it would have been obvious to "modify the elongated oval to have more rounded edges, as taught by the elongated oval in Figure 56 of [the '083 publication] and to modify the rectangular display to extend to the left and right side edges and to remove the inner border as demonstrated by Fig 56 of [the '083 publication]."

Applicants need not address whether such modifications to the design disclosed in the '059 patent are obvious for several reasons. First, the '083 publication is not a proper prior art reference. The present application is a divisional of Application No. 29/282,834, which is a continuation of Application No. 29/270,888, filed January 5,

Atty. Dkt. No. 2607.0590002(P4984USD1)/TGD

APLPROS0000011933

Reply to Office Action of October 2, 2009

ANDRE *et al.*
Appl. No. 29/328,018

2007. Thus, the present application has an effective filing date of January 5, 2007. *See* MPEP §706.02(VI). Because the '083 publication is a national phase application of an international application (WO 2006/038499) not published in English, the '083 publication does not have a 102(e) date. Therefore, the '083 publication is only available as a 102(a)/102(b) reference as of its publication date of January 3, 2008, which is after the effective filing date of the present application. *See* MPEP §706.02(f)(1). Thus, the '083 publication is not a 102(a), 102(b), or 102(e) reference to the present application and the rejection is improper.

Although the Applicants need not address the merits of the rejection, even if the subject matter of '083 publication is prior art to the present application, Applicants assert that the design disclosed in the '059 patent is not so similar to the claimed design that a *prima facie* case of obviousness has been made. In determining patentability of a design, it is the overall appearance, the visual effect of the design as a whole, which must be taken into consideration. *In re Rosen*, 673 F.2d 388, 390 (C.C.P.A. 1982). See also *In re Yardley*, 493 F.2d 1389, 1392-1393 (C.C.P.A. 1974) ("[the] basic consideration in determining the patentability of designs over the prior art is similarity of appearance"). The prior art teachings must suggest the overall visual appearance of the claimed design, not just components of the claimed design. *In re Rosen,* 673 F.2d at 390. "Therefore, in order to support a holding of obviousness, a primary reference must be more than a design concept; it must have an appearance substantially the same as the claimed design." MPEP § 1504.3 (citing *In re Harvey*, 12 F.3d 1061 (Fed. Cir. 1993)).

While the design disclosed in the '059 patent has some similarities to the claimed design, there is at least one major difference which creates an overall ornamental

Atty. Dkt. No. 2607.0590002(P4984USD1)/TGD

APLPROS0000011934

- 6 -  
Reply to Office Action of October 2, 2009

ANDRE *et al.*  
Appl. No. 29/328,018

appearance that is quite different. A distinctive feature of the mobile telephone design disclosed in the '059 patent is a display section 11 which has a display screen 12 which is visible from both the front and back of the housing 32. *See* col. 5, lns. 1-5. As best seen in Figure 2 of the patent, screen 12 is inset in display area 11 of housing 32 such that the front face of housing 32 creates a stepped or framed appearance. There is nothing in the '059 patent to suggest that there is anything on top of display 12 which would make it flush with the front face of housing 32 as in the claimed design. In fact, Figure 3 suggests that there is a bevel edge or frame around display 12 creating an uneven transition on the front face of housing 32 between the housing and the display screen 12 in contrast to the substantially smooth or flush transition of the display screen and the rest of the front face of the claimed design.

There is nothing in the disclosure of the '083 publication which addresses these deficiencies in the '059 patent, nor was it cited for that purpose. The '083 publication does not disclose a front face that is substantially continuous, as claimed. The '083 patent discloses multiple functional features such as switches, speakers and lenses which create a discontinuous surface. There is nothing in the '083 publication to suggest that there is anything on top of display 21 which would make it flush in the transition with the front face as in the claimed design. In fact, the embodiment of Figures 5 and 6, which only differs from the embodiment of Fig 56 in that speakers 161, 162 and 163 are employed, suggests that display 21 is also inset and that there is an uneven transition between display 21 and the remainder of the front face. *See* paragraph [0218] of the '083 publication.

- 7 -    ANDRE *et al.*
Reply to Office Action of October 2, 2009    Appl. No. 29/328,018

Furthermore, the claimed design calls for the surface to be substantially completely transparent, while neither of the cited designs discloses a surface that is substantially completely transparent. Both designs disclose a display area, but it is clear from the disclosures that those areas make up only a portion of the front face of the device.

Because neither of the cited references discloses or suggests the overall visual impression of a substantially continuous transparent surface on an electronic device and the substantially smooth or flush transition between the display screen and the rest of the front face of the device, they cannot be said to render the claimed design obvious.

While not applied by the Examiner in the Office Action, Korean Design No. 30-0394921 (KR 30-0394921) does disclose an MP3 player having a design with a front surface that "features a very simple design made possible by eliminating any kind of shape or decoration on the entire front." *See* Exhibit A, translation of KR 30-0394921, page 2. Thus, there would be no reason to combine this Korean patent with the cited references, which each clearly disclose designs that have the kind of "shapes or decorations" which the Korean patent is trying to avoid.

Based on the above amendment and remarks, Applicants submit that the claimed design is not obvious.

Atty. Dkt. No. 2607.0590002(P4984USD1)/TGD

APLPROS0000011936

|  |  |
|---|---|
| Reply to Office Action of October 2, 2009 | - 8 -  ANDRE *et al.*  Appl. No. 29/328,018 |

## *Conclusion*

All of the stated grounds of rejection have been properly traversed, accommodated, or rendered moot. Applicants therefore respectfully request that the Examiner reconsider all presently outstanding rejections and that they be withdrawn. Applicants believe that a full and complete reply has been made to the outstanding Office Action and, as such, the present application is in condition for allowance. If the Examiner believes, for any reason, that personal communication will expedite prosecution of this application, the Examiner is invited to telephone the undersigned at the number provided.

Prompt and favorable consideration of this Amendment and Reply is respectfully requested.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Tracy-Gene G. Durkin
Attorney for Applicants
Registration No. 32,831

Date: January 27, 2010

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

1058616_3.DOC

Atty. Dkt. No. 2607.0590002(P4984USD1)/TGD

APLPROS0000011937