| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| JENNIFER LEE TAYLOR (CA SBN 161368) | 60 State Street |
| jtaylor@mofo.com | Boston, MA 02109 |
| ALISON M. TUCHER (CA SBN 171363) | Telephone: (617) 526-6000 |
| atucher@mofo.com | Facsimile: (617) 526-5000 |
| RICHARD S.J. HUNG (CA SBN 197425) | |
| rhung@mofo.com | |
| JASON R. BARTLETT (CA SBN 214530) | MARK D. SELWYN (SBN 244180) |
| jasonbartlett@mofo.com | mark.selwyn@wilmerhale.com |
| MORRISON & FOERSTER LLP | WILMER CUTLER PICKERING |
| 425 Market Street | HALE AND DORR LLP |
| San Francisco, California 94105-2482 | 950 Page Mill Road |
| Telephone: (415) 268-7000 | Palo Alto, California 94304 |
| Facsimile: (415) 268-7522 | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK (PSG) |
| Plaintiff, | **DECLARATION OF CYNDI WHEELER IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL RE SAMSUNG'S MOTION TO ENFORCE** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

I, Cyndi Wheeler, hereby declare as follows:

1. I am an attorney for Apple Inc. ("Apple"). I submit this declaration in support of Samsung's Administrative Motion to File Under Seal (Dkt. No. 965) pursuant to Local Rules 7-11 and 79-5. I have personal knowledge of the matters set forth below. If called as a witness I could and would competently testify as follows.

2. Samsung's Motion to Enforce April 12, 2012 Order ("Motion to Enforce") and Exhibits 12-22 to the Declaration of Diane C. Hutnyan in Support of Samsung's Motion to Enforce contain Apple-confidential information. A description of these documents follows.

3. Exhibit 12 is a transcript of Andrew Bright from *Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and Computers*, Inv. No. 337-TA-701 ("ITC 701"). This transcript was marked Attorneys Eyes Only under the Protective Order in ITC 701 and was marked Attorneys Eyes Only by Apple in this case. It contains non-public Apple information relating to Apple's development process and internal code names that is highly confidential to the company, is governed by two protective orders, and should be sealed in its entirety.

4. Exhibit 13 is a transcript of Dan Rosckes from *Certain Personal Data and Mobile Communications Devices and Related Software*, Inv. No. 337-TA-710 ("ITC 710"). This transcript was marked Attorneys Eyes Only under the Protective Order in ITC 710 and was marked Attorneys Eyes Only by Apple in this case. It contains non-public Apple information relating to Apple's business policies, employee responsibilities, and purchasing processes that is highly confidential to the company, is governed by two protective orders and should be sealed in its entirety.

5. Exhibit 14 is a transcript of Mark Buckley from *Microelectronics v. Apple*. This transcript was marked Attorneys Eyes Only under the Protective Order in *Microelectronics v. Apple* and was marked Attorneys Eyes Only by Apple in this case. It contains non-public Apple information relating to cost information, individuals responsible for such information, and the information Mr. Buckley reviewed and supplied for the *Microelectronics* case that is highly

1  confidential to the company, is governed by two protective orders, and should be sealed in its
2  entirety.

3        6.      Exhibit 15 is a transcript of Frederick Charles Lancaster from *QRG, Ltd. v. Apple,*
4  *Inc.*, Case No. 1:05-cv-03408-WMN (D. Md.)  This transcript was marked Attorneys Eyes Only
5  under the Protective Order in *QRG v. Apple* and was marked Attorneys Eyes Only by Apple in
6  this case.  It contains non-public Apple information relating to employee duties, revenue
7  information, and internal code names that is highly confidential to the company, is governed by
8  two protective orders, and should be sealed in its entirety.

9        7.      Exhibit 16 is the transcript of the deposition of Louie Sanguinetti from *Apple Inc.*
10 *v. Motorola, Inc.*, No. 1-11-cv-08540 (N.D. Ill.).  This transcript was marked Confidential under
11 the Protective Order in *Apple Inc. v. Motorola, Inc.*, and was marked Highly Confidential -
12 Attorneys Eyes Only by Apple in this case.  It contains non-public Apple information relating to
13 the operation and development of Apple's products that is highly confidential to the company, is
14 governed by two protective orders, and should be sealed in its entirety.

15       8.      Exhibit 17 is a transcript of Stephen Lemay from ITC 701.  This transcript was
16 marked Attorneys Eyes Only under the Protective Order in ITC 701 and was marked Attorneys
17 Eyes Only by Apple in this case.  It contains non-public Apple information relating to Apple's
18 development process that is highly confidential to the company, is governed by two protective
19 orders, and should be sealed in its entirety.

20       9.      Exhibit 18 is a transcript of Achim Pantfoerder from ITC 701.  This transcript was
21 marked Attorneys Eyes Only under the Protective Order in ITC 701 and was marked Attorneys
22 Eyes Only by Apple in this case.  It contains non-public Apple information relating to Apple's
23 development process and internal code names that is highly confidential to the company, is
24 governed by two protective orders, and should be sealed in its entirety.

25       10.     Exhibit 19 is a transcript of the deposition of Emilie Kim from this case.  This
26 transcript was marked Highly Confidential - Attorneys Eyes Only by Apple.  It contains non-
27 public Apple information relating to the operation of Apple's products and the source code in
28

1  Apple's products that is highly confidential to the company.  A proposed redacted version is
2  attached as **Exhibit 1**.

3  11.  Exhibit 20 is a transcript of the deposition of Michael Matas from *Apple Inc. v.
4  Motorola, Inc.*, No. 1-11-cv-08540 (N.D. Ill.).  This transcript was marked Confidential under the
5  Protective Order in *Apple Inc. v. Motorola, Inc.*, and was marked Highly Confidential - Attorneys
6  Eyes Only by Apple in this case.  It contains non-public Apple information relating to the
7  development of Apple's products that is highly confidential to the company, is governed by two
8  protective orders, and should be sealed in its entirety.

9  12.  Exhibit 21 is a transcript of the deposition of Kristin Bauerly from *Elan
10  Microelectronics Corp. v. Apple, Inc.*, No. C-09-01531 (N.D. Cal.).   This transcript was marked
11  Highly Confidential - Attorneys Eyes Only under the Protective Order in *Elan Microelectronics
12  Corp. v. Apple, Inc.*, and was marked Highly Confidential - Attorneys Eyes Only by Apple in this
13  case.  It contains non-public Apple information relating to the operation and testing of Apple's
14  products that is highly confidential to the company, is governed by two protective orders, and
15  should be sealed in its entirety.

16  13.  Exhibit 22 is a transcript of the deposition of Eric Jue from *Elan Microelectronics
17  Corp. v. Apple, Inc.*, No. C-09-01531 (N.D. Cal.).   This transcript was marked Highly
18  Confidential - Attorneys Eyes Only under the Protective Order in *Elan Microelectronics Corp. v.
19  Apple, Inc.*, and was marked Highly Confidential - Attorneys Eyes Only by Apple in this case.  It
20  contains non-public Apple information relating to the operation of Apple's products that is highly
21  confidential to the company, is governed by two protective orders, and should be sealed in its
22  entirety.

23  14.  The portions of the confidential, unredacted versions of Samsung's Motion to
24  Enforce containing information drawn from the exhibits above should remain under seal for the
25  same reasons articulated above.

26  15.  It is Apple's policy not to disclose or describe its confidential financial
27  information, development information, business practices, or internal code names to third parties.
28  The above information is confidential to Apple.  It is indicative of the way that Apple manages its

business affairs, designs its products, and conducts product development. Apple's internal Apple code names reveal information that Apple uses to maintain confidentiality with respect to its entire design and development process. If disclosed, the information in the materials described above could be used by Apple's competitors to Apple's disadvantage. The requested relief is necessary and narrowly tailored to protect the confidentiality of this information.

   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed this 29th day of May, 2012, in Cupertino, California.

               */s/ Cyndi Wheeler*
               Cyndi Wheeler

DECLARATION OF CYNDI WHEELER IN SUPPORT OF SAMSUNG'S MOTION TO FILE UNDER SEAL
CASE NO. 11-CV-01846-LHK (PSG)
sf-3151474

4

## ATTESTATION OF E-FILED SIGNATURE

I, Jason R. Bartlett, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Cyndi Wheeler has concurred in this filing.

Dated: May 29, 2011               By:        */s/ Jason R. Bartlett*
                                                    Jason R. Bartlett

DECLARATION OF CYNDI WHEELER IN SUPPORT OF SAMSUNG'S MOTION TO FILE UNDER SEAL
CASE NO. 11-CV-01846-LHK (PSG)
sf-3151474

5