# EXHIBIT 1

# EXHIBIT 19
# FILED UNDER SEAL

Highly Confidential - Attorneys' Eyes Only

Page 1

1      UNITED STATES DISTRICT COURT
2    NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
3
4
5   APPLE, INC., a California
    corporation,
6                    Plaintiff,
7   vs.                                    CASE NO.
                                            11-cv-01846-LHK
8   SAMSUNG ELECTRONICS CO., LTD,
    a Korean business entity;
9   SAMSUNG ELECTRONICS AMERICA,
    inc., A New York corporation;
10  SAMSUNG TELECOMMUNICATIONS
    AMERICA, LLC, a Delaware
11  limited liability company,
12                   Defendants.
    _____/
13
14
15
16       HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
17          VIDEOTAPED DEPOSITION OF EMILIE KIM
18                   March  7, 2012
19
20
21
22  Job No. 47152
23  Reported by:   LAURA AXELSEN, CSR NO. 6173
                 RMR, CRP, CLR
24
25

Page 2

1   BE IT REMEMBERED THAT, pursuant to Notice and on
2   Wednesday, March 7, 2012 at 9:15 a.m. thereof at 555 Twin
3   Dolphin Drive, Redwood Shores, California, before me,
4   LAURA AXELSEN, a Certified Shorthand Reporter, personally
5   appeared
6                   EMILIE KIM,
7   called as a witness by the Defendants.
8             ---oOo---
9             APPEARANCES
10  FOR THE PLAINTIFF:
11
12      WILMERHALE
13      BY:  VICTOR F. SOUTO, ESQ.
14           DEREK S. LAM, ESQ.
15      399 Park Avenue
16      New York, New York  10022
17
18      There being also present Erica Tierney, Apple
19  in-house counsel, and Tim Zuroff, video operator.
20
21
22             ---oOo---
23
24
25

Page 3

1                   INDEX
2
3                                              PAGE
4   EXAMINATION BY MR. STRETCH                    4
5
6             ---oOo---
7
8             INDEX OF EXHIBITS
9
10  EXHIBIT     DESCRIPTION                    PAGE
11
12  Exhibit 1   Samsung's Amended first 30(b)(6)     7
13              Deposition Notice to Apple Inc.
14              (Technical Patent Topics)
15  Exhibit 2   E-mail dated February 23, 2012 to Diane   7
16              Hutnyan from Kolovos, Peter
17  Exhibit 3   Notice of deposition of Emilie Kim       7
18
19
20             ---oOo---
21
22
23
24
25

Page 4

1       VIDEO OPERATOR:  This is the start of disc No. 1    09:13
2   of the videotaped deposition of Emilie Kim in the matter
3   of Apple Incorporated versus Samsung Electronics Company
4   in the U.S. District Court Northern District of
5   California, San Jose division, No. 11 CV 01846 LHK.      09:15
6       This deposition is being held at Quinn Emanuel,
7   555 Twin Dolphin Drive, Redwood Shores, California on
8   March 7th, 2012 at approximately 9:15 a.m.
9       My name is Tim Zuroff.  I'm the legal video
10  specialist from TSG Reporting, headquartered at 747 Third   09:15
11  Avenue, New York, New York.  The court reporter is Laura
12  Axelsen in association with TSG reporting.
13      Will counsel please introduce yourself.
14      MR. STRETCH:  Chris Stretch from Quinn Emanuel
15  Urquhart & Sullivan on behalf of Samsung.             09:15
16      MR. SOUTO:  Vic Souto, WilmerHale, on behalf of
17  the witness and Apple, and with me is my colleague, Derek
18  Lam, also of WilmerHale, and Erica Tierney from Apple.
19      VIDEO OPERATOR:  Will the court reporter please
20  swear in the witness.                                09:16
21            EMILIE KIM
22  having been duly sworn, testified as follows:
23        EXAMINATION BY MR. STRETCH
24      MR. STRETCH:  Q.  Good morning, Ms. Kim.
25      A.  Good morning.                              09:16

Page 5

1       Q.  Is it Ms. Kim or Mrs. --                    09:16
2       A.  Ms. is fine.
3       Q.  Ms. Okay.  Uhm, have you ever been deposed
4   before?
5       A.  No.                                        09:16
6       Q.  Okay.  Well welcome to the fray.  Uhm, could you
7   state and spell your name for the record, please?
8       A.  Emilie Kim, E-m-i-l-i-e, last name Kim, K-i-m.
9       Q.  Okay.  Let me just -- as I'm sure your attorney
10  has gone over with you about generally what to expect    09:16
11  here, but you understand you've just taken an oath to tell
12  the truth, and it's the same oath as if you were
13  testifying in court.  Do you understand that?
14      A.  Yes.
15      Q.  Okay.  Uhm, so as you can see, your testimony --   09:17
16  my questions and your testimony are being recorded both
17  stenographically and by video.  Uhm, it's important for
18  the stenographer to get a verbal response to the question.
19  So then shaking your head or nodding is hard for her to
20  pick up.  So if you could verbally respond to my         09:17
21  questions, I appreciate it.
22      For the same reason, it's important that we
23  don't talk over each other.  It tends to happen, uhm, uhm,
24  but I will try and wait until you have finished and
25  answered my question before I ask you a follow-up       09:17

Page 6

1   question.  If you could wait until I'm finished my                09:17
2   question, give your counsel a chance to object, and then
3   answer, things will go smoother.
4       A.  Okay.
5       Q.  Okay.  If I ask you a question that you don't             09:18
6   understand, or is not clear to you, just let me know, and
7   I'll try and rephrase it.  I'm not an engineer.  So you
8   know, it's quite likely to happen.  But just let me know,
9   and I'll see if I can form a question that you do
10  understand.                                                        09:18
11       As I said, your counsel may object at certain
12  times, but unless he instructs you not to answer a
13  question, you can still go ahead and answer.  Do you
14  understand that?
15      A.  Yes.                                                       09:18
16      Q.  Okay.  Any time you want to take a break, just
17  let me know.  I'd prefer we do so, uhm, while -- that we
18  not take a break while a question is pending, but if you
19  need to talk to your counsel about whether you can
20  disclose something, that's fine.                                   09:18
21      A.  Okay.
22      Q.  Any reason you can't give honest complete
23  truthful testimony here this morning?
24      A.  No.
25      Q.  Okay.  I'm going to mark the first two exhibits.  09:19

Page 7

1   Actually, I think what we'll do is mark the first three           09:19
2   exhibits.  The first is Samsung's amended first 30(b)(6)
3   deposition notice to Apple, Inc. will be Exhibit 1.  And
4   the court reporter will mark the exhibit that's the copy
5   you should look at because that will be the official              09:19
6   record of the deposition.  Okay?  So wait until she marks
7   it and you can look at it.
8       (EXHIBIT 1 WAS MARKED FOR IDENTIFICATION.)
9       MR. STRETCH:  Q.  I'm going to mark as
10  deposition Exhibit 2, an e-mail from Peter Kolovos.  Am I         09:20
11  saying that right?
12      MR. SOUTO:  Kolovos, but that's New Jersey
13  talking.
14      MR. STRETCH:  Q.  To Diane Hutnyan designating
15  Ms. Kim to testify on certain topics related to the rule          09:20
16  30(b)(6) notice that we just marked Exhibit 1.  So that
17  will be Exhibit 2.
18      (EXHIBIT 2 WAS MARKED FOR IDENTIFICATION.)
19      MR. STRETCH:  Q.  And finally, I'm going to
20  mark a Notice of Deposition of Emilie Kim, which we served        09:20
21  yesterday is my understanding, and that will be Exhibit
22  No. 3.
23      (EXHIBIT 3 WAS MARKED FOR IDENTIFICATION.)
24      THE WITNESS:  Excuse me.
25      MR. STRETCH:  Q.  Excuse me.  Uhm, if I could              09:21

Page 8

1   ask you to look at Exhibit 1, which is the thick document,    09:21
2   I think, and you can take as much time as you like to look
3   through it, but I just want to make sure that we're all on
4   the same page as to the topics on which you're designated
5   to testify today.  Those appear on page 14 of the notice.    09:22
6   Have you had a chance to look at that?
7       A.  I looked through the document.
8       Q.  Okay.  If you will turn to page 14 of the
9   document and compare that with what I marked, I think, as
10  deposition Exhibit 2, which is an e-mail designating you    09:24
11  to testify on certain topics.  Uhm, do you understand that
12  you've been designated by Apple to testify on behalf of
13  Apple with respect to topics 30, 31, 33, 34, and 36?
14      MR. SOUTO:  Subject to Apple's objections.
15      THE WITNESS:  Yes.                                       09:25
16      MR. STRETCH:  Q.  Okay.  Now, uhm, so that
17  we're all on the same page here, each of these topics asks
18  about Apple accused products.  Uhm, if you could turn to
19  page 6 of this document, and it's paragraph 28, and by
20  this document, I mean Exhibit 1.  You'll see that          09:25
21  paragraph 28 provides a definition of Apple accused
22  products.  And you'll see down at the very bottom of that
23  paragraph it identifies a number of Apple products.  Are
24  you prepared to testify with respect to the topics we've
25  identified about each of these products that are           09:26

Page 9

1   identified here?                                                 09:26
2       MR. SOUTO:  Subject to Apple's objections and
3   your infringement contentions which identify the
4   particular products for these patents.
5       THE WITNESS:  Yes.                                           09:27

[remainder of page 9 redacted]

                                                                      09:28

