1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Bar No. 170151)
2     charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5    Kevin P.B. Johnson (Bar No. 177129)
      kevinjohnson@quinnemanuel.com
6    Victoria F. Maroulis (Bar No. 202603)
      victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
8  Telephone:    (650) 801-5000
   Facsimile:    (650) 801-5100
9

10   Michael T. Zeller (Bar No. 196417)
      michaelzeller@quinnemanuel.com
11 865 S. Figueroa St., 10th Floor
   Los Angeles, California 90017
12 Telephone: (213) 443-3000
   Facsimile: (213) 443-3100

13

14 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
15 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

16

17              UNITED STATES DISTRICT COURT

18      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19

20 APPLE INC., a California corporation,          CASE NO. 11-cv-01846-LHK

21            Plaintiff,                          **SAMSUNG'S ANSWER TO APPLE'S
                                                 COUNTERCLAIMS IN REPLY**
22        vs.

23 SAMSUNG ELECTRONICS CO., LTD., a
   Korean business entity; SAMSUNG
24 ELECTRONICS AMERICA, INC., a New
   York corporation; SAMSUNG
25 TELECOMMUNICATIONS AMERICA,
   LLC, a Delaware limited liability company,

26

27            Defendant.

28

Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Telecommunications America, LLC ("STA") (collectively, "Samsung") by and through their undersigned counsel, in response to the Amended Answer, Defenses, and Counterclaims in Reply of Apple Inc. ("Apple") deny Apple's allegations of breach of contract, license, and violations of the Sherman Act and Unfair Competition Laws, and answers Apple's Counterclaims in Reply ("Counterclaims") as follows:

## RESPONSE TO INTRODUCTORY STATEMENT

1. Samsung admits that Apple's pleading is styled as an amended responsive pleading under Fed. R. Civ. P. 12, but denies the defenses and counterclaims set forth therein as set forth herein.

2. Samsung admits that Apple has responded to Samsung's Counterclaims, but denies that Apple's overview is accurate or appropriate.

3. Samsung admits that Apple has reported spending more than $1 billion annually on research and development for certain fiscal years. Samsung admits that Apple is named as an assignee on the face of certain utility and design patents. Except as expressly admitted, Samsung denies the allegations of paragraph 3.

4. Denied.

5. Denied.

6. Denied.

7. Samsung lacks knowledge sufficient to form a belief as to whether the Universal Telecommunications Standard ("UMTS") is the world's most widely adopted telecommunications standard and therefore denies the same. Samsung admits that the European Telecommunications Standards Institute ("ETSI") promulgated UMTS. Samsung admits that Samsung declared one of its Asserted Patents was, or was likely to become, essential to an ETSI standard and that it was prepared to grant irrevocable licenses to it on terms and conditions which are in accordance with Clause 6.1 of the ETSI Intellectual Property Rights ("IPR") Policy, in respect of a standard, to the extent that those patents or patent applications remain essential to that standard. Except as expressly admitted, Samsung denies the allegations of paragraph 7.

8.     Denied.

9.     Denied.

## RESPONSE TO APPLE'S ALLEGATIONS REGARDING THE NATURE OF THE ACTION

1.     Denied.

2.     Samsung admits that Apple and Samsung met and discussed Apple's allegations of patent infringement in late summer of 2010. Samsung admits that it informed Apple of its infringement of Samsung's patents during those discussions. Except as expressly admitted, Samsung denies the allegations of paragraph 2.

3.     Samsung admits that Apple sued Samsung in this Court, bringing claims that include patent, trade dress, and trademark infringement.  Samsung admits that it brought and later dismissed a lawsuit against Apple.  Samsung admits that it counterclaimed against Apple for infringement of the Samsung Asserted Patents.  Samsung admits that it offered a license to Apple on July 25, 2011.  Samsung admits that a Netherland court made a preliminary finding based on Netherlands law that Samsung had not made a FRAND offer.  Except as expressly admitted, Samsung denies the allegations of paragraph 3.

4.     Samsung admits that Samsung entities have sued Apple for patent infringement in at least nine jurisdictions.  Samsung admits that the European Commission opened an investigation regarding EU competition laws, but denies that Samsung's conduct violates any competition laws. Except as expressly admitted, Samsung denies the allegations of paragraph 4.

5.     Samsung admits that Apple's Counterclaims 1 through 24 seek declaratory judgment of non-infringement and invalidity. Samsung admits that some of its allegations of infringement concern iPhone and iPad products that incorporate certain broadband chipsets. Samsung admits that Apple has entered into supply agreements with chipset suppliers.  Except as expressly admitted, Samsung denies the allegations of paragraph 5.

6.     Samsung admits that Apple's Counterclaims 25 to 29 allege breach of contract, unlawful monopolization, and violation of the California Unfair Competition law.  Samsung admits that at the parties' negotiations prior to the filing of Samsung's lawsuit in the Northern District of California and its filing of counterclaims in this action, the parties did not discuss a

royalty rate for Samsung's UMTS declared essential patent portfolio. Except as expressly admitted, Samsung denies the allegations of paragraph 6.

**PARTIES**

7. Samsung denies knowledge sufficient to form a belief about the allegations in paragraph 7 and therefore denies them.

8. Samsung admits that Apple designs and markets the iPod, iPhone, and iPad. Samsung admits that an Apple entity is a member of ETSI. Except as expressly admitted, Samsung denies the allegations of paragraph 8.

9. Admitted.

10. Admitted.

11. Samsung admits that it owns the '604 Patent, '410 Patent, '792 Patent, '867 Patent, '001 Patent, '516 Patent, and '941 Patent and that it declared that these patents or applications related to these patents were, or were likely to become, essential to an ETSI standard. Except as expressly admitted, Samsung denies the allegations of paragraph 11.

**JURISDICTION AND VENUE**

12. Samsung admits that the Court has jurisdiction over Apple's counterclaims with respect to the '867 Patent, the '941 Patent, the '604 Patent, and the '516 Patent, pursuant to the Patent Act, but denies that there is any controversy with respect to the '410 Patent, the '001 Patent, and the '792 Patent. Samsung admits that the Court has jurisdiction to hear claims made pursuant to the Sherman Act, but denies that Apple has pled any claim for which relief can be granted here.

13. Samsung denies that Apple has pled claims under state law on which relief can be granted.

14. Samsung admits that this Court has personal jurisdiction over Samsung for purposes of this action.

15. Samsung will not challenge the propriety of venue or intradistrict assignment. Samsung admits that it transacts business within this District. Samsung admits it counterclaimed

against Apple in this District. Except as expressly admitted, Samsung denies the allegations of paragraph 15.

## RESPONSE TO APPLE'S ALLEGATIONS REGARDING APPLE'S UMTS CHIPSET SUPPLIERS

16.     Samsung admits that Apple first sold the iPhone in early 2007 and the iPad in spring 2010. Samsung admits that both products incorporate UMTS baseband chipsets. Samsung admits that Apple purchases UMTS baseband chipsets from third party manufacturers. Samsung denies knowledge sufficient to form a belief about the remaining allegations in paragraph 16 and therefore denies them.

17.     Samsung denies knowledge sufficient to form a belief about the allegations in paragraph 17 and therefore denies them.

18.     Samsung admits that by summer 2010, it was aware that the iPhone baseband chipsets and iPad baseband chipsets were used to enable wireless communication using the UMTS standard. Samsung admits that it sells components for the iPhone and iPad to Apple. Samsung admits that by summer 2010, it informed Apple that its iPhone infringed the patents in suit. Except as expressly admitted, Samsung denies the allegations of paragraph 18.

19.     Samsung admits that it notified Apple of infringement during patent licensing discussions between Samsung and Apple. Except as expressly admitted, Samsung denies the allegations of paragraph 19.

20.     Denied.

21.     Admitted.

22.     Denied.

## RESPONSE TO APPLE'S ALLEGATIONS REGARDING STANDARDS IN THE WIRELESS COMMUNICATIONS INDUSTRY

23.     Samsung admits that Apple and Samsung sell handsets that include a computer chipset that can communicate with cellular networks. Except as expressly admitted, Samsung denies knowledge sufficient to form a belief about the allegations in paragraph 23 and therefore denies them.

24.     Samsung denies knowledge sufficient to form a belief about the allegations in paragraph 24 and therefore denies them.

25.     Samsung denies knowledge sufficient to form a belief about the allegations in paragraph 25 and therefore denies them.

26.     Samsung denies knowledge sufficient to form a belief about the allegations in paragraph 26 and therefore denies them.

27.     SEA and STA were not parties to *Samsung Elec. Co. v. InterDigital Commc'ns Corp.*, No. 07-0167 (D. Del.), and on this basis Samsung denies that Samsung made the quoted statement. Samsung denies knowledge sufficient to form a belief about the remaining allegations in paragraph 27 and therefore denies them.

28.     Samsung denies knowledge sufficient to form a belief about the allegations in paragraph 28 and therefore denies them.

29.     Samsung admits that the following statement appears on page 87 of the July 8, 2008 Hearing Transcript of *Certain 3G Wideband Code Division Multiple Access (WCDMA) Mobile Handsets and Components Thereof*, Inv. No. 337-TA-601:

> FRAND is a construct, a concept that comes out of standard setting bodies because the whole point of a standard setting body is to create a standard that everyone can follow without fear of lawsuits that are going to stop the standard.

Except as expressly admitted, Samsung denies knowledge sufficient to form a belief about the allegations in paragraph 29.

30.     Samsung denies knowledge sufficient to form a belief about the allegations in paragraph 30 and therefore denies them.

31.     Denied.

32.     SEA and STA were not parties to *Samsung Elec. Co. v. InterDigital Commc'ns Corp.*, No. 07-0167 (D. Del.), and on this basis Samsung denies that Samsung made the quoted statement. Samsung denies knowledge sufficient to form a belief about the remaining allegations in paragraph 32 and therefore denies them.

33.     Denied.

34.     Samsung denies knowledge sufficient to form a belief about the allegations in paragraph 34 and therefore denies them.

35.     Samsung denies knowledge sufficient to form a belief about the allegations in paragraph 35 and therefore denies them.

36.     Samsung denies knowledge sufficient to form a belief about the allegations in paragraph 36 and therefore denies them.

37.     Samsung admits that some carriers have introduced Long Term Evolution for Global Systems for Mobile Communication based networks.  Except as expressly admitted, Samsung denies knowledge sufficient to form a belief about the allegations in paragraph 37 and therefore denies them.

38.     Samsung denies knowledge sufficient to form a belief about the allegations in paragraph 38 and therefore denies them.

39.     Samsung admits that ETSI is a non-profit standards-setting organization, and is headquartered in France. Samsung denies knowledge sufficient to form a belief about the remaining allegations in paragraph 39 and therefore denies them.

40.     Samsung admits that carriers have adopted GPRS and EDGE technology.  Except as expressly admitted, Samsung denies knowledge sufficient to form a belief about the allegations in paragraph 40 and therefore denies them.

41.     Samsung admits UMTS employs WCDMA and is referred to as third generation technology.  Except as expressly admitted, Samsung denies knowledge sufficient to form a belief about the allegations in paragraph 41 and therefore denies them.

42.     Samsung admits that 3GPP is a collaboration of six SSOs from around the world, including ETSI, the Telecommunications Technology Association ("TTA"), the Association of Radio Industries and Businesses ("ARIB"), the Alliance for Telecommunications Industry Solutions ("ATIS"), the China Communications Standards Association ("CCSA"), and the Telecommunication Technology Committee ("TTC").  Samsung admits that UMTS and LTE are

standards developed by 3GPP.  Samsung denies knowledge sufficient to form a belief about the remaining allegations in paragraph 42 and therefore denies them.

43.     Samsung denies knowledge sufficient to form a belief about the allegations in paragraph 43 and therefore denies them.

### RESPONSE TO APPLE'S ALLEGATIONS THAT SAMSUNG'S DELIBERATELY DID NOT DISCLOSE AND MADE FALSE COMMITMENTS CONCERNING ITS DECLARED ESSENTIAL INTELLECTUAL PROPERTY[1]

44.     Samsung denies Apple's allegation that "Samsung disclosed certain of its IPR only after the relevant standard or standard specification was finalized."  It is unclear which IPR Apple is referring to and Samsung denies this allegation on that basis. Except as expressly stated, Samsung denies the allegations of paragraph 44.

45.     Samsung admits that it was and is a member of ETSI and agreed to comply with the ETSI IPR Policy. Samsung denies knowledge sufficient to form a belief about the remaining allegations in paragraph 45 and therefore denies them.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Samsung admits that ETSI promulgated an IPR policy, set forth in Annex 6 of its Rules of Procedure.

51.     Samsung admits that Clause 4 of the ETSI IPR Policy dated April 8, 2009 states:

> **4.1**     Subject to Clause 4.2 below, each MEMBER shall use its reasonable endeavours, in particular during the development of a STANDARD or TECHNICAL SPECIFICATION where it participates, to timely inform ETSI of ESSENTIAL IPRs in a timely fashion. In particular, each MEMBER submitting a technical proposal for a STANDARD or TECHNICAL SPECIFICATION shall, on

---

[1]  Samsung denies that it has deliberately withheld disclosure of any information required under ETSI IPR Policy. Samsung denies that it has made any false commitments concerning its intellectual properties.

a bona fide basis, draw the attention of ETSI to any of that MEMBER's IPR which might be ESSENTIAL if that proposal is adopted.

**4.2** The obligations pursuant to Clause 4.1 above do however not imply any obligation on MEMBERS to conduct IPR searches.

**4.3** The obligations pursuant to Clause 4.1 above are deemed to be fulfilled in respect of all existing and future members of a PATENT FAMILY if ETSI has been informed of a member of this PATENT FAMILY in a timely fashion, Information on other members of this PATENT FAMILY, if any, may be voluntarily provided.

Samsung admits that definition 7 of the ETSI IPR Policy, dated April 8, 2009, states:

**"IPR"** shall mean any intellectual property right conferred by statute law including applications therefor other than trademarks. For the avoidance of doubt rights relating to get-up, confidential information, trade secrets or the like are excluded from the definition of IPR.

Except as expressly admitted, Samsung denies knowledge sufficient to form a belief about the allegations in paragraph 51 and therefore denies them.

52. Samsung admits that the quotation from Clause 6.1 of the April 8, 2009 ETSI IPR policy in paragraph 52 is accurate. Except as expressly admitted, Samsung denies knowledge sufficient to form a belief about the allegations in paragraph 52 and therefore denies them.

53. Samsung admits that Section 8 of the April 8, 2009 ETSI IPR policy states:

8 Non-availability of Licences

8.1 Non-availability of licences prior to the publication of a STANDARD or a TECHNICAL SPECIFICATION

8.1.1 Existence of a viable alternative technology

Where prior to the publication of a STANDARD or a TECHNICAL SPECIFICATION an IPR owner informs ETSI that it is not prepared to license an IPR in respect of a STANDARD or TECHNICAL SPECIFICATION in accordance with Clause 6.1 above, the General Assembly shall review the requirement for that STANDARD or TECHNICAL SPECIFICATION and satisfy itself that a viable alternative technology is available for the STANDARD or TECHNICAL SPECIFICATION which:

● is not blocked by that IPR; and

● satisfies ETSI's requirements.

8.1.2 Non-existence of a viable alternative technology

Where, in the opinion of the General Assembly, no such viable alternative technology exists, work on the STANDARD or TECHNICAL SPECIFICATION shall cease, and the Director-General of ETSI shall observe the following procedure:

    a) If the IPR owner is a MEMBER,

        i) the Director-General of ETSI shall request that MEMBER to reconsider its position.

        ii) If that MEMBER however decides not to withdraw its refusal to license the IPR, it shall then inform the Director-General of ETSI of its decision and provide a written explanation of its reasons for refusing to license that IPR, within three months of its receipt of the Director-General's request.

        iii) The Director-General of ETSI shall then send the MEMBER's explanation together with relevant extracts from the minutes of the General Assembly to the ETSI Counsellors for their consideration.

    b) If the IPR owner is a third party,

        i) the Director-General of ETSI shall, wherever appropriate, request full supporting details from any MEMBER who has complained that licences are not available in accordance with Clause 6.1 above and/or request appropriate MEMBERS to use their good offices to find a solution to the problem.

        ii) Where this does not lead to a solution the Director-General of ETSI shall write to the IPR owner concerned for an explanation and request ultimately that licences be granted according to Clause 6.1 above.

        iii) Where the IPR owner refuses the Director-General's request and decides not to withdraw its refusal to license the IPR or does not answer the letter within three months after the receipt of the Director-General's request, the Director-General shall then send the IPR owner's explanation, if any, together with relevant extracts from the minutes of the General Assembly to the ETSI Counsellors for their consideration.

8.1.3 Prior to any decision by the General Assembly, the COMMITTEE should in consultation with the ETSI Secretariat use their judgment as to whether or not the COMMITTEE should pursue development of the concerned parts of the STANDARD or a TECHNICAL SPECIFICATION based on the non-available technology and should look for alternative solutions.

8.2 Non-availability of licences after the publication of a STANDARD or a
TECHNICAL SPECIFICATION

Where, in respect of a published STANDARD or TECHNICAL SPECIFICATION,
ETSI becomes aware that licences are not available from an IPR owner in
accordance with Clause 6.1 above, that STANDARD or TECHNICAL
SPECIFICATION shall be referred to the Director-General of ETSI for further
consideration in accordance with the following procedure:

> i) The Director-General shall request full supporting details from any
> MEMBER or third party who has complained that licences are not available
> in accordance with Clause 6.1 above.

> ii) The Director-General shall write to the IPR owner concerned for an
> explanation and request that licences be granted according to Clause 6.1
> above. Where the concerned IPR owner is a MEMBER, it shall inform the
> Director-General of ETSI of its decision and provide a written explanation
> of its reasons in case of continuing refusal to license that IPR.

> iii) Where the IPR owner refuses the Director-General's request or does not
> answer the letter within three months, the Director-General shall inform the
> General Assembly and, if available, provide the General Assembly with the
> IPR owner's explanation for consideration. A vote shall be taken in the
> General Assembly on an individual weighted basis to immediately refer the
> STANDARD or TECHNICAL SPECIFICATION to the relevant
> COMMITTEE to modify it so that the IPR is no longer ESSENTIAL.

> iv) Where the vote in the General Assembly does not succeed, then the
> General Assembly shall, where appropriate, consult the ETSI Counsellors
> with a view to finding a solution to the problem. In parallel, the General
> Assembly may request appropriate MEMBERS to use their good offices to
> find a solution to the problem.

> v) Where (iv) does not lead to a solution, then the General Assembly shall
> request the European Commission to see what further action may be
> appropriate, including nonrecognition of the STANDARD or TECHNICAL
> SPECIFICATION in question.

In carrying out the foregoing procedure due account shall be taken of the interest of
the enterprises that have invested in the implementation of the STANDARD or
TECHNICAL SPECIFICATION in question.

Except as expressly admitted, Samsung denies the allegations of paragraph 53.

54.     Samsung admits that Section 3 of the April 8, 2009 ETSI IPR Policy is titled

"Policy Objectives," and states:

> 3.1     It is ETSI's objective to create STANDARDS and TECHNICAL
> SPECIFICATIONS that are based on solutions which best meet the technical

objectives of the European telecommunications sector, as defined by the General Assembly. In order to further this objective the ETSI IPR POLICY seeks to reduce the risk to ETSI, MEMBERS, and others applying ETSI STANDARDS and TECHNICAL SPECIFICATIONS, that investment in the preparation, adoption and application of STANDARDS could be wasted as a result of an ESSENTIAL IPR for a STANDARD or TECHNICAL SPECIFICATION being unavailable. In achieving this objective, the ETSI IPR POLICY seeks a balance between the needs of standardization for public use in the field of telecommunications and the rights of the owners of IPRs.

3.2     IPR holders whether members of ETSI and their AFFILIATES or third parties, should be adequately and fairly rewarded for the use of their IPRs in the implementation of STANDARDS and TECHNICAL SPECIFICATIONS.

3.3     ETSI shall take reasonable measures to ensure, as far as possible, that its activities which relate to the preparation, adoption and application of STANDARDS and TECHNICAL SPECIFICATIONS, enable STANDARDS and TECHNICAL SPECIFICATIONS to be available to potential users in accordance with the general principles of standardization.

Samsung denies knowledge sufficient to form a belief about the remaining allegations in paragraph 54 and therefore denies them.

55.     Samsung admits that it participated in the development of the UMTS standard. Samsung admits that it submitted declarations to ETSI that contained lists of patents and the statement: "The SIGNATORY and/or its AFFILIATES hereby declare that they are prepared to grant irrevocable licenses under the IPRs on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy, in respect of the STANDARD, to the extent that the IPRs remain ESSENTIAL." Samsung denies knowledge sufficient to form a belief about the remaining allegations in paragraph 55 and therefore denies them.

56.     Samsung admits that it owns the '604 Patent, '410 Patent, '792 Patent, '867 Patent, '001 Patent, '516 Patent, and '941 Patent and that it declared that these patents or applications related to these patents were, or were likely to become, essential to an ETSI standard.  Except as expressly admitted, Samsung denies the allegations of paragraph 56.

**1. Response to Apple's Allegation that Samsung Deliberately Did Not Disclose IPR During the Standard-Setting Process**

57.     Samsung admits that Samsung employees participated in ETSI Working Groups. Except as expressly admitted, Samsung denies the allegations of the header to paragraph 57.

(a)     Samsung admits that the '516 Patent is entitled "Method and Apparatus for Data Transmission in a Mobile Telecommunication System Supporting Enhanced Uplink Service." Samsung admits that the claimed priority date for the '516 Patent, based on the filing of a related Korean patent application, is June 9, 2004. Samsung admits that Ju-Ho Lee is a named inventor of the '516 Patent. Samsung admits that on May 15, 2006, it declared the patent application that issued as the '516 Patent is, or may become, Essential to version 6.5.0 of TS 25.214 of the UMTS standard. Samsung admits that Ju Ho Lee, Ericsson, NEC, Nokia, Panasonic, Philips, Qualcomm, and Siemens made a change request numbered R1-050565 in May 2005. Samsung admits that the '050565 request was approved on May 20, 2005. Apple's allegations that the change request and the standard adopted in June 2005 "included the technology on which Samsung was pursuing a patent" are unduly vague and, on that basis, Samsung denies those allegations. Except as expressly admitted, Samsung denies the allegations of subparagraph (a) of paragraph 57.

(b)     Samsung admits that the '941 Patent is entitled "Method and Apparatus For Transmitting/Receiving Packet Data Using Pre-Defined Length Indicator in a Mobile Communication System." Samsung admits that on August 7, 2007, it declared that the patent application that issued as the '941 Patent is, or may become, Essential to version 6.9.0 of 3GPP TS 25.322 of the UMTS standard. Samsung admits that the claimed priority date for the '941 Patent, based on the filing of a related Korean patent application, is May 4, 2005. Samsung admits that a Samsung entity made a change request numbered R2-051680 at the 47th Meeting of 3GPP TSG-RAN Working Group 2 in May 2005. Samsung admits that the '051680 request was approved at the 47th Meeting of the 3GPP TSG-RAN Working Group 2 in May 2005. Samsung admits that Gert-Jan van Lieshout and Himke van der Velde are named inventors of the '941 Patent, and that they attended the 47th Meeting of 3GPP TSG-RAN Working Group 2. Apple's allegations that the

change request and the standard adopted in June 2005 "included the technology on which Samsung was pursuing a patent" are unduly vague, and, on that basis, Samsung denies those allegations. Except as expressly admitted, Samsung denies the allegations of subparagraph (b) of paragraph 57.

(c) Samsung denies that the Court has jurisdiction over Apple's allegations regarding the '001 Patent. Samsung admits that the '001 Patent is entitled "Apparatus and Method for Channel Coding and Multiplexing in CDMA Communication System." Samsung admits that on September 19, 2003, it declared that the patent application that issued as the '001 Patent is, or may become, Essential to TS 25.212 of the UMTS standard. Samsung admits that the claimed priority date for the '001 Patent, based on the filing of a related Korean patent application, is June 25, 1999. Samsung admits that Samsung Electronics Co. made the TSGR1#6(99)892 Proposal at the Sixth Meeting of 3GPP TSG-RAN Working Group 1, held from July 13-16, 1999. Samsung admits that the TSGR1#6(99)892 Proposal was approved at the Sixth Meeting of 3GPP TSG-RAN Working Group 1, held from July 13-16, 1999. Samsung admits that Beong-Jo Kim and Min-Goo Kim are named inventors of the '001 Patent. Samsung denies knowledge sufficient to form a belief regarding the allegation that Beongjo Kim and Min Goo Kim attended the Sixth Meeting of 3GPP TSG-RAN Working Group 1. Apple's allegations that the change request and the standard adopted in October 1999 "included the technology on which Samsung was pursuing a patent" are unduly vague, and, on that basis, Samsung denies those allegations. Except as expressly stated, Samsung denies the allegations of subparagraph (c) of paragraph 57.

(d) Samsung denies that the Court has jurisdiction over Apple's allegations regarding the '410 Patent. Samsung admits that the '410 Patent is entitled "Apparatus and Method for Controlling a Demultiplexer and a Multiplexer used for Rate Matching in a Mobile Communication System." Samsung admits that on September 19, 2003, it declared that a patent application that issued as the '410 Patent is, or may become, Essential to TS 25.212 of the UMTS standard. Samsung admits that the claimed priority date for the '410 Patent, based on the filing of a related Korean patent application, is July 8, 1999. Samsung admits that Min Goo Kim is a named inventor of the '410 Patent. Samsung admits that Samsung Electronics Co. made the

TSGR1#6(99)919 Proposal in July 1999. Samsung admits that Samsung Electronics Co. and LGIC made the TSGR1#7(99)d84 Proposal at the Seventh Meeting of 3GPP TSG-RAN Working Group 1. Samsung admits that the 'd84 Proposal was approved at the Seventh Meeting of 3GPP TSG-RAN Working Group 1. Samsung denies knowledge sufficient to form a belief regarding the allegation that Min-Goo Kim emailed the Working Group to explain and provide a copy of a Samsung proposal. Except as expressly stated, Samsung denies the allegations of subparagraph (d) of paragraph 57.

(e)     Samsung admits that the '604 Patent is entitled "Turbo Encoding/Decoding Device and Method for Processing Frame Data According to QoS." Samsung admits that on September 19, 2003, it declared that a patent application that appears on the face of the '604 Patent under "Related U.S. Application Data" is, or may become, Essential to TS 25.212 of the UMTS standard. Samsung admits that the claimed priority date of the '604 Patent is March 31, 1998. Samsung admits that Hyeon-Woo Lee and Chang-Soo Park are named inventors of the '604 Patent. Samsung admits that Ericsson submitted the TSGR1#7(99)b32 Proposal and the TSGR1#77(99)d76 Proposal at the Seventh Meeting of 3GPP TSG-RAN Working Group 1. Samsung admits that 'b32 and 'd76 Proposals were approved at the Seventh Meeting of 3GPP TSG-RAN Working Group 1. Samsung denies knowledge sufficient to form a belief regarding the allegation that Hyeon Woo Lee and Chang Soo Park attended the Seventh Meeting of 3GPP TSG-RAN Working Group 1. Apple's allegations that the Ericsson proposals and the standard adopted in June 1999 "included the technology on which Samsung was pursuing a patent" are unduly vague, and, on that basis, Samsung denies those allegations. Except as expressly stated, Samsung denies the allegations of subparagraph (e) of paragraph 57.

(f)     Samsung denies that the Court has jurisdiction over Apple's allegations regarding the '792 Patent. Samsung admits that the '792 Patent is entitled "Interleaving Apparatus and Method for Symbol Mapping in an HSDPA Mobile Communication System." Samsung admits that on July 24, 2008, Samsung declared that the '792 Patent is, or may become, Essential to version 6.0.0 of 3GPP TS 25.212 of the UMTS standard. Samsung admits that in April 2001, a Samsung entity made the 12A010044 Proposal at the Joint Meeting of 3GPP TSG-RAN Working

Groups 1 and 2, held April 5-6, 2001. Samsung admits that in April 2001, a Samsung entity made the 12A0 1003 8 Proposal at the Joint Meeting of 3GPP TSG-RAN Working Groups 1 and 2, held April 5-6, 2001. Samsung admits that Hun-Kee Kim, Gin-Kyu Choi, Yong-Suk Moon, and Jae-Seung Yoon are named inventors of the '792 Patent. Samsung admits that Hunkee Kim attended the Joint Meeting of 3GPP TSG-RAN Working Groups 1 and 2, held April 5-6, 2001. Samsung denies knowledge sufficient to form a belief regarding the allegation that Ginkyu Choi, Yong Suk Moon, and Jaeseung Yoon attended the Joint Meeting of 3GPP TSG-RAN Working Groups 1 and 2, held April 5-6, 2001. Samsung admits that a Samsung entity, Siemens, and Motorola made the R1-02-0444 Proposal at the 24th Meeting of the 3GPP TSG-RAN Working Group 1. Samsung denies knowledge sufficient to form a belief regarding the allegation that Ginkyu Choi, Yong Suk Moon, Jaeseung Yoon, or Hunkee Kim attended the 24th Meeting of the 3GPP TSG-RAN Working Group 1. Samsung denies knowledge sufficient to form a belief regarding the approval of the R1-02-0444 Proposal. Except as expressly stated, Samsung denies the allegations of subparagraph (f) of paragraph 57.

(g)     Samsung admits that the '867 Patent is entitled "Apparatus and Method for Generating Scrambling Code in UMTS Mobile Communication System." Samsung admits that on September 19, 2003, Samsung declared that the application that issued as the '867 Patent is, or may become, Essential to TS 25.212 of the UMTS standard. Samsung admits that the claimed priority date for the '867 patent is July 7, 1999. Samsung denies knowledge sufficient to form a belief about when the 3GPP Working Group began discussing scrambling codes. Samsung admits that in July 1999, Samsung Electronics Co. made the TSGR1#6(99)915 Proposal during the Sixth Meeting of the 3GPP TSG-RAN Working Group 1. Samsung admits that a Samsung entity made the TSGR1#7(99)D83 Proposal at the Seventh Meeting of the 3GPP TSG-RAN Working Group 1, held August 30 – September 1, 1999. Samsung admits that Jae-Yoel Kim is a named inventor of the '867 Patent. Samsung denies knowledge sufficient to form a belief regarding the allegation that Jaeyoel Kim transmitted a proposal to the Working Group. Samsung admits that the 'D83 Proposal was approved at the Seventh Meeting of the 3GPP TSG-RAN Working Group 1. Except as expressly stated, Samsung denies the allegations of subparagraph (g) of paragraph 57.

58. Samsung denies the allegations of the header to paragraph 58.

(a) Samsung admits that the '516 Patent relates to a power setting method and a power setting apparatus for transmitting data based on characteristics of uplink channels, and in particular the new EDPDCH and E-DPCCH ("Enhanced Uplink Channels"). Samsung admits that a Samsung entity submitted a document entitled "TFC selection across E-DCH and DCH" at the 3GPP TSG-RAN WG1 Rel-6 Ad-Hoc Meeting, June 21-24, 2004. Except as expressly admitted, Samsung denies the allegations in paragraph 58(a).

(b) Samsung admits that the '941 Patent relates to the more efficient use of radio resources in a mobile communication system. Samsung admits that Qualcomm submitted a proposal entitled "L2 considerations for VoIP Support" (R2-041645) to the 3GPP TSG-RAN WG2 Meeting #43, August 15-20, 2004. Samsung admits that Qualcomm submitted a proposal entitled "L2 Optimizations for VoIP" (R2-050969) to the 3GPP TSG-RAN WG2 Meeting #46bis, April 4-8, 2005. Except as expressly admitted, Samsung denies the allegations in subparagraph (b) of paragraph 58.

(c) Samsung denies that the Court has jurisdiction over Apple's allegations regarding the '001 Patent. Samsung admits that the '001 Patent relates to enabling the transmission of both voice and data at the same time by enabling the combination of different data sources into one which can be transmitted. Samsung admits that some claims of the '001 patent include the term "filler bits." Except as expressly admitted, Samsung denies the allegations in subparagraph (c) of paragraph 58.

(d) Samsung denies that the Court has jurisdiction over Apple's allegations regarding the '410 Patent. Samsung admits that the '410 Patent relates to providing apparatus, methods, and systems for performing rate matching on information symbols and parity symbols during symbol encoding in an uplink transmitting device of a mobile communication system. Samsung admits that Nortel submitted a proposal entitled "Proposal for rate matching for Turbo Codes" (R1-99467). Samsung admits that Fujitsu and Siemens submitted a proposal entitled "Universal rate matching method for up/downlink and Turbo/convolution coding" (R1-99910). Except as expressly admitted, Samsung denies the allegations in subparagraph (d) of paragraph 58.

(e)     Samsung admits the '604 Patent relates to providing apparatus, methods, and systems for performing rate matching on information symbols and parity symbols during symbol encoding in an uplink transmitting device of a mobile communication system. Except as expressly admitted, Samsung denies the allegations in subparagraph (e) of paragraph 58.

(f)     Samsung denies that the Court has jurisdiction over Apple's allegations regarding the '792 Patent. Samsung admits that the '792 Patent relates to a means of interleaving. Samsung admits that Nokia submitted a proposal entitled "Further considerations of channel interleaver modification for HSDPA" (R1-01-1227). Samsung admits that Siemens submitted a proposal entitled "Physical Layer Hybrid ARQ Functionality for HSDPA" (R1-02-0029). Except as expressly admitted, Samsung denies the allegations in subparagraph (f) of paragraph 58.

(g)     Samsung admits that the '867 Patent relates to a method and apparatus for generating a set of Gold codes in an efficient way by using masking to introduce needed delays. Samsung admits that Ericsson submitted a proposal entitled "Multiple Scrambling Codes' (TSGR1#5(99)724) to the TSG-RAN WG1 Meeting #5. Except as expressly admitted, Samsung denies the remaining allegations in subparagraph (g) of paragraph 58.

**2. Samsung's Response to Apple's Allegations Regarding Samsung's Alleged FRAND Deceit**

59.     Samsung admits that by letter dated December 14, 1998, signed by Young Ky Kim, addressed to ETSI SMG2, Samsung stated:

> This declaration is given on December 14, 1998 by Samsung Electronics Corporation("SEC")of Seoul Korea to the European Telecommunications Standards Institute (ETSI) of Sophia Antipolis France.
>
> With regard to the W-CDMA technology being elaborated by ETSI as a standard for the UMTS Terrestrial Radio Access (UTRA) FDD mode, SEC is prepared to grant licenses to its essential IPRs on a fair, reasonable, and non-discriminatory basis in accordance with the terms and conditions set forth in Clause 6.1 of the ETSI IPR Policy.

Except as expressly admitted, Samsung denies the allegations of paragraph 59.

60.     Denied.

61.     Denied.

62.     Denied.

63. Samsung denies the allegations of the header to paragraph 63.

(a) Samsung admits that on September 19, 2003, Kyong Joon Chun, Executive Vice President, signed an IPR Information and Licensing Declaration that Samsung submitted to ETSI. Samsung admits that Annex 2 to that Declaration includes U.S. Patent Application Numbers "613068," "282851," 603,062," and "611518." Samsung admits that U.S. Patent Application No. 09/613,068 issued as the '410 Patent. Samsung admits that U.S. Patent Application No. 09/282,851 appears on the face of the '604 Patent under "Related U.S. Application Data." Samsung admits that U.S. Patent Application No. 09/603,062 issued as the '001 Patent. Samsung admits that U.S. Patent Application No. 09/611,518 issued as the '867 Patent.

(b) Denied.

(c) Samsung admits that on August 7, 2007, Seung Gun, Park, Vice President, signed an IPR Information and Licensing Declaration that Samsung submitted to ETSI. Samsung admits that Annex 2 to that Declaration includes U.S. Patent Application Number "417,219." Samsung admits that U.S. Patent Application No. 11/417,219 issued as the '941 Patent.

(d) Samsung admits that on July 24, 2008, Seung Gun, Park, Vice President, signed an IPR Information and Licensing Declaration that Samsung submitted to ETSI. Samsung admits that Annex 2 to that Declaration includes the '792 Patent.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. SEA and STA were not parties to *Samsung Elec. Co. v. InterDigital Commc'ns Corp.*, No. 07-0167 (D. Del.), and on this basis Samsung denies that Samsung made the quoted statement. Samsung denies the remaining allegations of paragraph 68.

69. Denied.

70. SEA and STA were not parties to *Samsung Elec. Co. v. InterDigital Commc'ns Corp.*, No. 07-0167 (D. Del.), and on this basis Samsung denies that Samsung made the quoted statement. SEA and STA were not parties to *Telefonaktiebolaget LM Ericsson v Samsung*

*Electronics UK Ltd.*, HC06 C00618 (Mar. 15, 2007), and on this basis Samsung denies that Samsung made the quoted statement. Samsung denies knowledge sufficient to form a belief about the investments Apple has made in developing and marketing the iPhone and iPad. Except as expressly stated, Samsung denies the allegations of paragraph 70.

**RESPONSE TO APPLE'S ALLEGATIONS REGARDING
SAMSUNG'S ALLEGED BREACH OF ITS FRAND OBLIGATIONS
REGARDING ITS DECLARED ESSENTIAL PATENTS**

71. Denied.

72. Samsung admits that the iPhone was introduced in 2007. Samsung admits that Apple and Samsung have a continuing business relationship. Samsung admits that it informed Apple of Apple's infringement of Samsung's patents in the summer of 2010. Except as expressly admitted, Samsung denies the allegations of paragraph 72.

73. Samsung admits that Apple and Samsung have a continuing business relationship. Samsung admits that it informed Apple of Apple's infringement of Samsung's patents in the summer of 2010. Except as expressly admitted, Samsung denies the allegations of paragraph 73.

74. Samsung admits that Apple sued Samsung for alleged infringement of Apple's patents, trademarks, and purported trade dresses. Except as expressly admitted, Samsung denies the allegations of paragraph 74.

75. Samsung admits that it sued and then counterclaimed against Apple and seeks to enjoin Apple from selling products that infringe on Samsung's patents. Except as expressly admitted, Samsung denies the allegations of paragraph 75.

**1. Response to Apple's Allegations that Samsung's Refused
to Offer FRAND License Terms for Its Declared-Essential Patents**

76. Samsung admits that it sued Apple for infringement of a number of patents, including the Declared-Essential Patents, in a separate action which it has since withdrawn. Samsung admits that after filed suit against Apple, Apple sought terms to a unilateral license under Samsung's UMTS Declared-Essential patent portfolio. Samsung admits that Apple requested the royalty base to which a rate would apply and information regarding Samsung's

confidential license agreements with other companies. Except as expressly admitted, Samsung denies the allegations of paragraph 76.

77.     Samsung admits that it offered Apple a license to its UMTS declared essential patents on July 25, 2011. Except as expressly admitted, Samsung denies the allegations of paragraph 77.

78.     Samsung admits that a Netherland court made a preliminary finding that Samsung had not made a FRAND offer.  Except as expressly admitted, Samsung denies the allegations of paragraph 78.

79.     Samsung admits that it has entered license agreements covering its UMTS Declared-Essential patent portfolio with other makers of cellular communications devices that implement the UMTS standard. Except as expressly admitted, Samsung denies the allegations of paragraph 79.

80.     Denied.

### 2. Response to Apple's Allegations Regarding Samsung's Alleged Discrimination Against Apple

81.     Samsung admits that, at this time, it has not sought an injunction against any other implementer of the UMTS standard for infringing Samsung's Declared-Essential patents in suit. Except as expressly admitted, Samsung denies the allegations of paragraph 81.

82.     Denied.

83.     Samsung admits that it is a party to a cross-license agreement with Qualcomm. Except as expressly admitted, Samsung denies the allegations of paragraph 83.

84.     Samsung admits that by letter to Derek Aberle of Qualcomm, dated April 21, 2011, because Apple sued Samsung for patent infringement, Samsung exercised certain rights granted to it under the cross-license with Qualcomm to "limit the scope of any applicable Samsung covenants to Qualcomm and its customers to exclude any products made for, used by, sold to or otherwise transferred to Apple or any affiliate of Apple." Except as expressly admitted, Samsung denies the allegations of paragraph 84.

85.     Denied.

86.     Samsung admits that it informed Apple of its infringement of Samsung's patents after Apple alleged that Samsung infringed Apple's patents, trademarks, and purported trade dresses. Except as expressly admitted, Samsung denies the allegations of paragraph 84.

87.     Denied.

88.     Denied.

89.     Samsung admits that the following statement appears on page 92 of the July 8, 2008 Hearing Transcript of *Certain 3G Wideband Code Division Multiple Access (WCDMA) Mobile Handsets and Components Thereof*, Inv. No. 337-TA-601:

> What InterDigital demanded was not that but much, much more. They demanded a nonassert by Samsung, i.e., an agreement by Samsung that it would not assert any of its patents against any of InterDigital's potential products, well beyond what ETSI rules permitted and, therefore, clearly not FRAND.

Samsung admits that the following statement appears on pages 88-89 of the July 8, 2008 Hearing Transcript of Certain 3G Wideband Code Division Multiple Access (WCDMA) Mobile Handsets and Components Thereof, Inv. No. 337-TA-601:

> First, they condition our taken a license under the standard of ETSI, which is the WCDMA license, on our taking another license that's not covered by that standard. So, in other words, they are not just going to offer us a license on what they are obligated to license us. They say if you take that, you have also got to take another license. So they are tying the two.
>
> ETSI rules don't permit that. And that obviously increases dramatically the cost of the license to Samsung. That is not consonant with their FRAND obligation.

Except as expressly admitted, Samsung denies the allegations of paragraph 89.

### RESPONSE TO APPLE'S ALLEGATION THAT SAMSUNG HAS ENGAGED IN ANTICOMPETITIVE AND UNFAIR CONDUCT THAT HAS INJURED AND WILL CONTINUE TO INJURE COMPETITION AND APPLE IN THE INPUT TECHNOLOGIES MARKETS

90.     Denied.

91.     Samsung denies knowledge sufficient to form a belief about the allegations of paragraph 91 and therefore denies them.

92.     Samsung denies knowledge sufficient to form a belief about the allegations of paragraph 92 and therefore denies them.

93.     Denied.

1    94.    Denied.

2    95.    Denied.

3    96.    SEA and STA were not parties to *Telefonaktiebolaget LM Ericsson v Samsung*

4    *Electronics UK Ltd.*, HC06 C00618 (Mar. 15, 2007), and on this basis Samsung denies that

5    Samsung made the quoted statement.

6    97.    Samsung admits that it has declared that its Declared-Essential patents "are, or may

7    become, Essential IPRs in relation to" certain UMTS standards. Except as expressly admitted,

8    Samsung denies the allegations of paragraph 97.

9    98.    Samsung admits that its Declared-Essential Patents concern specific aspects of

10   radio signal transmission in a UMTS network. Except as expressly admitted, Samsung denies the

11   allegations of paragraph 98.

12   99.    Denied.

13   100.   Samsung admits that UMTS is employed in different counties.  Except as expressly

14   admitted, Samsung denies the allegations of paragraph 100.

15   101.   Denied.

16   102.   Denied.

17   **RESPONSE TO APPLE'S ALLEGATION THAT SAMSUNG HAS ENGAGED IN UNFAIR AND ANTICOMPETITIVE CONDUCT THAT THREATENS TO INJURE**

18   **APPLE AND COMPETITION IN THE DOWNSTREAM MARKETS FOR MOBILE CELLULAR COMMUNICATIONS DEVICES**

19

20   103.   Denied.

21   104.   Denied.

22   **RESPONSE TO APPLE'S ALLEGATIONS REGARDING ALLEGED ANTICOMPETITIVE EFFECTS OF SAMSUNG'S CONDUCT**

23

24   105.   Denied.

25   (a)    Denied.

26   (b)    Denied.

27   (c)    Denied.

28   (d)    Denied.

106. Denied.

## RESPONSE TO APPLE'S COUNTERCLAIMS IN REPLY

### FIRST COUNTERCLAIM

#### (Declaratory Judgment of Non-Infringement of the '604 Patent)

107. Samsung admits that Apple incorporates and realleges Paragraphs 1 through 106 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

108. Denied.

109. Denied.

### SECOND COUNTERCLAIM

#### (Declaratory Judgment of Invalidity of the '604 Patent)

110. Samsung admits that Apple incorporates and realleges Paragraphs 1 through 109 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

111. Denied.

112. Denied.

### THIRD COUNTERCLAIM

#### (Declaratory Judgment of Non-Infringement of the '410 Patent)

113. Samsung admits that Apple incorporates and realleges Paragraphs 1 through 112 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

114. The parties have stipulated to dismissal of Apple's Third Counterclaim. Samsung therefore denies that it is required to respond to the allegations in paragraph 114. Samsung further denies the allegations of paragraph 114.

115. The parties have stipulated to dismissal of Apple's Third Counterclaim. Samsung therefore denies that it is required to respond to the allegations in paragraph 115. Samsung further denies the allegations of paragraph 115.

**FOURTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '410 Patent)**

116.     Samsung admits that Apple incorporates and realleges Paragraphs 1 through 115 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

117.     The parties have stipulated to dismissal of Apple's Fourth Counterclaim. Samsung therefore denies that it is required to respond to the allegations in paragraph 117. Samsung further denies the allegations of paragraph 117.

118.     The parties have stipulated to dismissal of Apple's Fourth Counterclaim. Samsung therefore denies that it is required to respond to the allegations in paragraph 118. Samsung further denies the allegations of paragraph 118.

**FIFTH COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '055 Patent)**

119.     Samsung admits that Apple incorporates and realleges Paragraphs 1 through 118 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

120.     Denied.

121.     Denied.

**SIXTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '055 Patent)**

122.     Samsung admits that Apple incorporates and realleges Paragraphs 1 through 121 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

123.     Denied.

124.     Denied.

## SEVENTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '871 Patent)

125.    Samsung admits that Apple incorporates and realleges Paragraphs 1 through 124 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

126.    Denied.

127.    Denied.

## EIGHTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '871 Patent)

128.    Samsung admits that Apple incorporates and realleges Paragraphs 1 through 127 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

129.    Denied.

130.    Denied.

## NINTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '792 Patent)

131.    Samsung admits that Apple incorporates and realleges Paragraphs 1 through 130 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

132.    The parties have stipulated to dismissal of Apple's Ninth Counterclaim. Samsung therefore denies that it is required to respond to the allegations in paragraph 132. Samsung further denies the allegations of paragraph 132.

133.    The parties have stipulated to dismissal of Apple's Ninth Counterclaim. Samsung therefore denies that it is required to respond to the allegations in paragraph 133. Samsung further denies the allegations of paragraph 133.

**TENTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '792 Patent)**

134.    Samsung admits that Apple incorporates and realleges Paragraphs 1 through 133 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

135.    The parties have stipulated to dismissal of Apple's Tenth Counterclaim. Samsung therefore denies that it is required to respond to the allegations in paragraph 135. Samsung further denies the allegations of paragraph 135.

136.    The parties have stipulated to dismissal of Apple's Tenth Counterclaim. Samsung therefore denies that it is required to respond to the allegations in paragraph 136. Samsung further denies the allegations of paragraph 136.

**ELEVENTH COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '867 Patent)**

137.    Samsung admits that Apple incorporates and realleges Paragraphs 1 through 136 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

138.    Denied.

139.    Denied.

**TWELFTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '867 Patent)**

140.    Samsung admits that Apple incorporates and realleges Paragraphs 1 through 139 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

141.    Denied.

142.    Denied.

**THIRTEENTH COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '001 Patent)**

143.     Samsung admits that Apple incorporates and realleges Paragraphs 1 through 142 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

144.     The parties have stipulated to dismissal of Apple's Thirteenth Counterclaim. Samsung therefore denies that it is required to respond to the allegations in paragraph 144. Samsung further denies the allegations of paragraph 144.

145.     The parties have stipulated to dismissal of Apple's Thirteenth Counterclaim. Samsung therefore denies that it is required to respond to the allegations in paragraph 145. Samsung further denies the allegations of paragraph 145.

**FOURTEENTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '001 Patent)**

146.     Samsung admits that Apple incorporates and realleges Paragraphs 1 through 145 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

147.     The parties have stipulated to dismissal of Apple's Fourteenth Counterclaim. Samsung therefore denies that it is required to respond to the allegations in paragraph 147. Samsung further denies the allegations of paragraph 147.

148.     The parties have stipulated to dismissal of Apple's Fourteenth Counterclaim. Samsung therefore denies that it is required to respond to the allegations in paragraph 148. Samsung further denies the allegations of paragraph 148.

**FIFTEENTH COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '516 Patent)**

149.     Samsung admits that Apple incorporates and realleges Paragraphs 1 through 148 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

150.     Denied.

151. Denied.

## SIXTEENTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '516 Patent)

152. Samsung admits that Apple incorporates and realleges Paragraphs 1 through 151 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

153. Denied.

154. Denied.

## SEVENTEENTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '893 Patent)

155. Samsung admits that Apple incorporates and realleges Paragraphs 1 through 154 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

156. Denied.

157. Denied.

## EIGHTEENTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '893 Patent)

158. Samsung admits that Apple incorporates and realleges Paragraphs 1 through 157 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

159. Denied.

160. Denied.

## NINETEENTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '460 Patent)

161. Samsung admits that Apple incorporates and realleges Paragraphs 1 through 160 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

162. Denied.

163. Denied.

## TWENTIETH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '460 Patent)

164. Samsung admits that Apple incorporates and realleges Paragraphs 1 through 163 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

165. Denied.

166. Denied.

## TWENTY-FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '941 Patent)

167. Samsung admits that Apple incorporates and realleges Paragraphs 1 through 166 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

168. Denied.

169. Denied.

## TWENTY-SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '941 Patent)

170. Samsung admits that Apple incorporates and realleges Paragraphs 1 through 169 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

171. Denied.

172. Denied.

## TWENTY-THIRD COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '711 Patent)

173. Samsung admits that Apple incorporates and realleges Paragraphs 1 through 172 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

174. Denied.

175. Denied.

**TWENTY-FOURTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '711 Patent)**

176. Samsung admits that Apple incorporates and realleges Paragraphs 1 through 175 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

177. Denied.

178. Denied.

**TWENTY-FIFTH COUNTERCLAIM**

**(Breach of Contract – FRAND and Other Standard-Related Misconduct)**

179. Samsung admits that Apple incorporates and realleges Paragraphs 1 through 178 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

180. Denied.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

**TWENTY-SIXTH COUNTERCLAIM**

**(Promissory Estoppel)**

185. Samsung admits that Apple incorporates and realleges Paragraphs 1 through 184 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

186. The Court has dismissed Apple's Twenty-Sixth Counterclaim. Samsung therefore denies that it is required to respond to the allegations in paragraph 186. Samsung further denies the allegations of paragraph 186.

187.     The Court has dismissed Apple's Twenty-Sixth Counterclaim. Samsung therefore denies that it is required to respond to the allegations in paragraph 187. Samsung further denies the allegations of paragraph 187.

188.     The Court has dismissed Apple's Twenty-Sixth Counterclaim. Samsung therefore denies that it is required to respond to the allegations in paragraph 188. Samsung further denies the allegations of paragraph 188.

189.     The Court has dismissed Apple's Twenty-Sixth Counterclaim. Samsung therefore denies that it is required to respond to the allegations in paragraph 189. Samsung further denies the allegations of paragraph 189.

190.     The Court has dismissed Apple's Twenty-Sixth Counterclaim. Samsung therefore denies that it is required to respond to the allegations in paragraph 190. Samsung further denies the allegations of paragraph 190.

191.     The Court has dismissed Apple's Twenty-Sixth Counterclaim. Samsung therefore denies that it is required to respond to the allegations in paragraph 191. Samsung further denies the allegations of paragraph 191.

## TWENTY-SEVENTH COUNTERCLAIM

### (Declaratory Judgment that Apple is Licensed

### to Samsung's Declared-Essential Patents)

192.     Samsung admits that Apple incorporates and realleges Paragraphs 1 through 191 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

193.     Samsung denies that Apple has pled a claim on which it is entitled to relief and, on that basis, denies the allegations of paragraph 193.

194.     Samsung denies that Apple has pled a claim on which it is entitled to relief and, on that basis, denies the allegations of paragraph 194.

195.     Denied.

196.     Denied.

## TWENTY-EIGHTH COUNTERCLAIM

### (Violation of Section 2 of the Sherman Act, 15 U.S.C. § 2)

197.     Samsung admits that Apple incorporates and realleges Paragraphs 1 through 196 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

198.     Denied.

199.     Denied.

200.     Denied.

201.     Denied.

## TWENTY-NINTH COUNTERCLAIM

### (Unfair Competition Under Cal. Bus. & Prof. Code § 17200)

202.     Samsung admits that Apple incorporates and realleges Paragraphs 1 through 201 of its Counterclaim. Samsung incorporates and realleges its responses in those paragraphs, as set forth herein.

203.     Denied.

204.     Denied.

205.     Denied.

206.     Denied.

207.     Denied.

208.     Denied.

209.     Denied.

## PRAYER FOR RELIEF

Samsung denies that Apple is entitled to any relief sought by the Apple Counterclaims in Reply in its Prayer for Relief.

1    DATED: May 29, 2012                    Respectfully submitted,

2                                           QUINN EMANUEL URQUHART &
3                                           SULLIVAN, LLP

4

5                                           By:/s/ *Victoria F. Maroulis*
                                               Charles K. Verhoeven
6                                              Kevin P.B. Johnson
                                               Victoria F. Maroulis
7                                              Michael T. Zeller
                                               Attorneys for SAMSUNG ELECTRONICS CO.,
8                                              LTD., SAMSUNG ELECTRONICS AMERICA,
                                               INC. and SAMSUNG
9                                              TELECOMMUNICATIONS AMERICA, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28