1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
14 INC. and SAMSUNG TELECOMMUNICATIONS
   AMERICA, LLC

15                    UNITED STATES DISTRICT COURT

16          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

17 APPLE INC., a California corporation,        CASE NO. 11-cv-01846-LHK

18              Plaintiff,                      **SAMSUNG'S OPPOSITION TO APPLE
                                                INC.'S MOTION FOR ADVERSE
19         vs.                                  INFERENCE JURY INSTRUCTIONS
                                                DUE TO SAMSUNG'S SPOLIATION OF
20 SAMSUNG ELECTRONICS CO., LTD., a             EVIDENCE**
   Korean business entity; SAMSUNG
21 ELECTRONICS AMERICA, INC., a New             Date:   June 26, 2012
   York corporation; SAMSUNG                    Time:   10:00 a.m.
22 TELECOMMUNICATIONS AMERICA,                  Place:  Courtroom 5, 4th Floor
   LLC, a Delaware limited liability company,   Judge:  Hon. Paul S. Grewal
23
24              Defendant.

25

26                        PUBLIC REDACTED VERSION

27

28

1

## TABLE OF CONTENTS

2

**Page**

3

4  I.    STATEMENT OF ISSUES TO BE DECIDED ....................................................1

5  II.   PRELIMINARY STATEMENT ........................................................................1

6  III.  FACTUAL BACKGROUND.............................................................................5

7        A.    Samsung's Electronic Data Systems.....................................................5

8              1.    SEC's Electronic Data System Is Designed To Serve A Global Business
                     Based In Korea..........................................................................5

9

10

11

12

13

14

15  IV.   ARGUMENT ...................................................................................................9

16        A.    Legal Standard ...................................................................................9

17        B.    Apple's Motion Misstates And Distorts The Facts.................................10

18              1.    Apple Fails to Establish Intentional Destruction of Emails Concerning
                     the Design and Development of the Accused Products .............................10

19

20              2.    The Charts Set Forth In Paragraph 4 and Exhibit 8 of the Esther Kim
                     Declaration Do Not Support the Conclusion That Samsung Spoliated
                     Evidence ...................................................................................12

21

22        C.    Apple Fails to Establish Any of the Legal Elements it Must Prove to Establish
                 Spoliation ...........................................................................................14

23              1.    Apple Has Failed to Establish that Samsung Destroyed Email Evidence
                     It Had an Obligation to Preserve.....................................................14

24

25              2.    Apple Cannot Establish That Samsung Destroyed Evidence With A
                     Culpable State Of Mind ...............................................................19

26              3.    Apple Has Not Shown That Any Documents Destroyed After The Filing
                     Of The Complaint Were Relevant To Its Claims.................................23

27

28        D.    Apple Is Not Entitled To The Inferences It Seeks .................................24

# TABLE OF AUTHORITIES

**Page**

## Cases

*ACORN v. County of Nassau,*
2009 WL 605859 (E.D.N.Y. Mar. 9, 2009)................................................22, 23

*Akiona v. United States,*
938 F.2d 158 (9th Cir. 1991) ........................................................................19

*Anderson v. Cryovac, Inc.,*
862 F.2d 910 (1st Cir.1988)..........................................................................20

*Arthur Andersen LLP v. United States,*
544 U.S. 696 (2005)......................................................................................15

*Brodle v. Lochmead Farms, Inc,*
2011 WL 4913657 (D. Or. Oct. 13, 2011)................................................9, 10

*Cacace v. Meyer Marketing,*
2011 WL 1833338 (S.D.N.Y. May 12, 2011) ...............................18, 22, 23

*Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.,*
244 F.R.D. 614 (D. Colo. 2007) ..................................................................21

*Carderella v. Napolitano,*
2012 WL 767311 (9th Cir. Mar. 12, 2012)..................................................15

*Chambers v. NASCO, Inc.,*
501 U.S. 32 (1991) .......................................................................................20

*Coburn v. PN II, Inc.,*
2010 WL 3895764 (D. Nev. Sept. 30, 2010)................................15, 17, 22

*Consolidated Aluminum Corp. v. Alcoa, Inc.,*
244 F.R.D. 335 (M.D. La. 2006)..............................................9, 21, 23

*Convolve, Inc. v. Compaq Computer Corp.,*
223 F.R.D. 162 (S.D.N.Y. 2004) .................................................................23

*Denim North America Holdings, LLC v. Swift Textiles, LLC,*
816 F. Supp. 2d 1308 (M.D. Ga. 2011) .......................................................21

*Dong Ah Tire & Rubber Co., Ltd v. Glasforms, Inc.,*
2008 WL 4298331 (N.D. Cal. Sept. 19, 2008) ............................................10

*Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc,*
2009 WL 1949124 (N.D. Cal. July 2, 2009).................................................17

*FTC v. Lights of America Inc.,*
2012 WL 695008 (C.D. Cal. Jan. 20, 2012) .............................15, 16, 17, 25

*Faas v. Sears, Roebuck & Co.,*
532 F.3d 633 (7th Cir. 2008) .......................................................................20

*Fjelstad v. American Honda Motor Co.*,
  762 F.2d 1334 (9th Cir. 1985) ............................................................................20

*Fractus v. Samsung Electronics Co., Ltd.*,
  Case No. 6:09-cv-203-LED (E.D. Tex. May 20, 2011) ..................................3, 20

*Glover v. BIC Corp.*,
  6 F.3d 1318 (9th Cir. 1993) ...............................................................................19

*Gonzalez v. Las Vegas Metropolitan Police Department*,
  2012 WL 1118949 (D. Nev. Apr. 2, 2012) ...................................................15, 24

*Gumbs v. Int'l Harvester, Inc.*,
  718 F.2d 88 (3d Cir. 1983) .................................................................................20

*Hamilton v. Signature Flight Support Corp.*,
  2005 WL 3481423 (N.D. Cal. Dec. 20, 2005) .............................10, 23, 24, 25

*Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey*,
  497 F. Supp. 2d 627 (E.D. Pa. 2007) ...............................................................25

*In re Hechinger Inv. Co. of Del., Inc.*,
  489 F.3d 568 (3d Cir. 2007) ...............................................................................20

*Hynix Semiconductor, Inc. v. Rambus Inc.*,
  591 F. Supp. 2d 1038 (N.D. Cal. 2006) ......................................................15, 23

*IO Group, Inc. v. GLBT Ltd.*,
  2011 WL 4974337 (N.D. Cal. Oct. 19, 2011) ........................................10, 16, 19

*Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,
  456 U.S. 694, 102 S. Ct. 2099 (1982) ...............................................................22

*Keithley v. Homestore.com, Inc.*,
  2008 WL 4830752 (N.D. Cal. Nov. 6, 2008) .......................................................9

*Kinnally v. Rogers Corp.*,
  2008 WL 4850116 (D. Ariz. Nov. 7, 2008) ...................................................17, 22

*Kronisch v. United States*,
  150 F.3d 112 (2d Cir. 1998) ...............................................................................23

*Kullman v. New York*,
  2012 WL 1142899 (N.D.N.Y April 4, 2012) .......................................................23

*MOSAID Technologies, Inc. v. Samsung Electronics Co., Ltd.*,
  348 F. Supp. 2d 332 (D.N.J. 2004) ................................................................3, 20

*Medical Laboratory Management Consultants v. American Broadcasting Companies, Inc*,
  306 F.3d 806 (9th Cir 2002) ...............................................................................24

*Micron Tech., Inc. v. Rambus, Inc.*,
  645 F.3d 1311 (Fed. Cir. 2011)...........................................................................20

*In re Napster, Inc. Copyright Litig.*,
  462 F. Supp. 2d 1060 (N.D. Cal. 2006) .....................................................9, 22, 24, 25

*National Ass'n of Radiation Survivors v. Turnage*,
   115 F.R.D. 543 (N.D. Cal. 1987)................................................................................22

*Pension Committee of University of Montreal Pension Plan v. Banc of America Securities, LLC*,
   685 F. Supp. 2d 456 (S.D.N.Y. 2010).........................................................................19

*Perez v. Vezer Industrial Professional, Inc.*,
   2011 WL 5975854 (E.D. Cal. Nov. 29, 2011)...............................................18, 24, 25

*Pinstripe, Inc. v. Manpower, Inc.*,
   2009 WL 2252131 (N.D. Okla. July 29, 2009) ..........................................................22

*Poux v. County of Suffolk*,
   2012 WL 1020302 (E.D.N.Y. Mar. 23, 2012)........................................................22, 23

*Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc.*,
   264 F.R.D. 517 (N.D. Cal. 2009).................................................................................15

*Residential Funding Corp. v. DeGeorge Financial Corp.*,
   306 F.3d 99 (2d Cir. 2002)...........................................................................................22

*Rimkus Consulting Group, Inc. v. Cammarata*,
   688 F. Supp. 2d 598 (S.D. Tex. 2010)....................................................................9, 20

*Sampson v. City of Cambridge, Md.*,
   251 F.R.D. 172 (D. Md. 2008).....................................................................................22

*State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*,
   425 F.3d 708 (9th Cir. 2005) ..................................................................................15, 19

*Strom v. City of Crescent City*,
   2010 WL 2231799 (N.D. Cal. June 1, 2010) ..............................................................18

*Tetsuo Akaosugi v. Benihana Nat'l Corp.*,
   2012 WL 929672 (N.D. Cal. March 19, 2012)............................................................10

*Thompson v. U.S. Dept. of Housing and Urban Dev.*,
   219 F.R.D. 93 (D. Md. 2003).........................................................................................9

*Twitty v. Salius*,
   455 Fed. App'x. 97 (2d Cir. 2012)........................................................................22, 25

*United States v. $40,955.00 in U.S. Currency*,
   554 F.3d 752 (9th Cir. 2009) .......................................................................................15

*United States v. Kitsap Physicians Service*,
   314 F.3d 995 (9th Cir. 2002) .......................................................................................15

*World Courier v. Barone*,
   2007 WL 1119196 (N.D. Cal. April 16, 2007)............................................................20

*Zubulake v. UBS Warburg LLC*,
   220 F.R.D. 212 (S.D.N.Y. 2003) ...........................................................15, 16, 18, 22

I.      **STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether Apple has met its burden of establishing each element of spoliation.

2.      Whether Apple, even if it could meet its burden (it has not), has also established that it is entitled to the extreme sanction of the adverse inferences it seeks.

II.     **PRELIMINARY STATEMENT**

This motion literally mirrors the one Apple filed   and lost   earlier this month in the parallel action it commenced last July before the International Trade Commission ("ITC"). ████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

███████████ ██ ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ █ ██████████████████

████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████ █ ████████████████████████████████

███████████████████████ █ ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████

███ █ █████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████ █ █████████████████████████

███ █ █████████████████████████████████████████████████████████████████████████

█████████████████████████ █ ███████████████████████████████████████████████████

██████████████████████████████████████████████████████████ █ ███ █ ███

███ █ █████████████████████████████████████████████████████████████████████████

████████████████████████████████████████ █ ██ █ █████████████████████████

███ █ █████████████████████████████████████████████████████████████████████████

███████████████████████████ █ ██████████████████████████████████████████████████

████████████████████████████████████████████████████████ █ ███████████████████

████████████████████████████████████████████████████████████████████████████

SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS



¹  Apple's continued pursuit of this satellite issue is unsurprising based on the fact that Apple's counsel made clear that it intended to litigate spoliation nearly a year ago, before even a single witness was deposed in this lawsuit.  Declaration of Esther Kim in Support of Apple Inc's Mot. for Adverse Inference Jury Instructions Due to Samsung's Spoliation of Evidence ("E. Kim Decl."), Ex. 33.

² (Declaration of Alex Binder ("Binder Decl."), ¶ 5.)

³  This Court recently recognized the "largely unchecked problem" of e-discovery, and adopted the Federal Circuit's Model Order on E-Discovery in Patent Cases, which would limit discovery of email to *five custodians* (Watson Decl., Ex. 2, (Fed. Cir. Adv. Council, Model Order Regarding E-Discovery In Patent Cases, ¶ 10).  *DCG Sys, Inc. v. Checkpoint Techs., LLC*, 2011 WL 5244356 (N.D. Cal. 2011).  *See also In re Google Litig.*, 2011 WL 6113000 (N.D. Cal. 2011) (adopting order in



9     As the ALJ found with regard to Apple's ITC motion, there is not a shred of evidence that any

10 of the witnesses Apple calls out in its motion destroyed relevant documents they were required to

11 preserve, or that anyone else at Samsung did, much less that there was a bad faith scheme orchestrated

12 by Samsung to destroy relevant documents to gain a litigation advantage.

21     The inferences Apple seeks require it to prove that Samsung perpetrated a scheme to destroy

22

23 connection with third party discovery).  Apple's approach here stands in stark contrast to the Model
Order, and to the admonition of Federal Circuit Chief Judge Randall R. Rader that "[t]he goal of this
24 Model Order is to streamline e-discovery, particularly email production, and requires litigants to focus
on the proper purpose of discovery   the gathering of material information   rather than on unlimited
25 fishing expeditions,"  Watson Decl., Ex. 3.
26 [4]  As a leading expert in this area has concluded based on a review of Samsung's data preservation
practices and their implementation in this action, "Samsung had, at all times material hereto, a
26 reasonable records management and legal hold . . . process, and . . . timely executed this process for
this matter."  (M. James Daley Decl., ¶ 16.)  Samsung's system serves not only to protect
27 confidential business information in a company with hundreds of thousands of employees, but also to
protect the individual right to privacy enshrined, after decades of military rule, in Korean law.

1   evidence it was obligated to preserve, including evidence of alleged copying of Apple's products and

2   technology, to gain a litigation advantage.   Apple must prove that the intentionally destroyed

3   evidence (and there was none) was relevant to the issues in this case, causing so much prejudice that

4   the Court should instruct the jury that, Samsung "in bad faith" failed to preserve "large volumes of

5   relevant emails and other documents" which may be presumed to have been favorable to Apple's

6   case; and that it if it "finds infringement of any Apple patent, trademark, or trade dress, that the jury

7   may infer that the infringement was intentional, willful, and without regard to Apple's rights."   (Mot.

8   at 15.)   Apple cannot meet any element of the applicable test.

9           First, the preservation obligation at issue in this motion arose no earlier than April 15, 2011,

10  when Apple filed its Complaint. ███████████████████████████████████████████████

11  ████████████████████████████████████████████████████████████████████████

12  ████████████████████████████████ ██ ████████████████████████████████████████

13  ████████████████████████████████████████████████████████████████████████

14  ███████████████████████████████████████████████████████

15          Second, even if Apple could establish that some evidence was destroyed after April 15, 2011

16  and it cannot     there is no basis for finding that Samsung acted in bad faith, or with any intent to

17  impair Apple's ability to prove its case, which is what the inferences Apple seeks require.

18          Third, Apple has not come close to showing that any evidence willfully destroyed at the time

19  Samsung was required to preserve it (and there was none) was also relevant to its claims.   Not only

20  were the majority of the accused products at issue here released prior to April 15, 2011, but in every

21  case that Apple calls out, the custodians either explained that they preserved emails; or that the same

22  emails were available from others; or that they were not working on projects relevant to this case.

23  Each of the criticisms Apple levels against Samsung as to the supposed numerical inadequacy of the

24  productions could also be applied     many times over     to Apple itself, which produced even fewer

25  documents from its own key custodians.

26          Finally, there is no basis to support the conclusion that Apple was so gravely prejudiced by the

27  (unproven) destruction of relevant documents that only the adverse inferences it seeks will cure the

28  prejudice.   Apple can point to no topic as to which there has not been both extensive document

production and comprehensive deposition testimony.   As a matter of law, mere speculation, which is all that Apple offers, and that is at odds with the voluminous record, is not enough.   Samsung respectfully submits that Apple's motion should be denied.

## III.   FACTUAL BACKGROUND

### A.   Samsung's Electronic Data Systems

#### 1.   SEC's Electronic Data System Is Designed To Serve A Global Business Based In Korea

Samsung Electronics Co., Ltd. ("SEC") operates a global electronics business

(*See* B. Kim Decl., n.2.)

----
[5]   Watson Decl., Ex. 33.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(Ryu Decl., ¶¶ 12-14.)

SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS

1 ██████████████████████████████████████████████████████████

2 ██████████████████████████████████████████████████████████

3 ██████████████████████████████████████████████████████████

4 ████████████████████████ (*Id.* ¶ 8.)

**B.** **Samsung Reasonably and in Good Faith Fulfilled Its Preservation Obligations**

**1.** ██████████████████████████████

Samsung's in-house legal team during the relevant period included lawyers with extensive experience in U.S. laws including in patent litigation, among them a former partner and a former associate from Quinn Emanuel, a Harvard Law School graduate who previously worked at Howrey, former attorneys from the Jones Day and McDermott firms, an LLM graduate of Wake Forest University admitted to the bar in New York, and a JD graduate of Santa Clara University School of Law.[9] ██████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████ (Ryu Decl., ¶ 10; H. Kang Decl., ¶¶ 11.)

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

[8] ████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████ (Ryu
Decl., ¶ 7; Declaration of Kyu Hyuk Lee, ¶ 4.)



[9]  The procedures followed by Samsung's in-house and outside counsel clearly involve privileged communications.  In order to avoid any claim of privilege waiver, Samsung has summarized its specific efforts in this Memorandum.  Should the Court desire any further detail, Samsung stands ready to provide such additional details required by the Court.



(*Id.*)

(Watson Decl., Ex. 5 (3/8/12 Kyu Hyuk Lee Dep. Tr. at 19:6-

(*Id.* at 33:4-8.)

1 ███████████████████████████████████████████████████████████

2 ███████████████████████████████████████████████████████████

3 ████████████████████████████████ ██ ████████████████ ██ ██████████

4 ████████████████████████████████████████████████████ ██ ████

5 ███████████████████████████████████████████████████████████

6 ███████████████████████████████████ ██ █████████████ ██ ██ ███

7 ███████████████████████████████████████████████████████████

8 ███████████████████████████████████████████████████████████

9 ██████████████████████████████  (Watson Decl., Ex. 1 (Order No. 19, at 6).)

## IV.    ARGUMENT

### A.    Legal Standard

"[A]n adverse inference instruction is a harsh remedy," *Keithley v. Homestore.com, Inc.*, 2008 WL 4830752, at *10 (N.D. Cal. Nov. 6, 2008), that should only be granted in extraordinary circumstances, even where spoliation has been established.[11]   "A party seeking this sanction must establish:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Brodle v. Lochmead Farms, Inc*, 2011 WL 4913657, at *5 (D. Or. Oct. 13, 2011) (quoting *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006)).   "The party requesting sanctions bears the burden of proving, by a preponderance of the evidence, that spoliation took place."

[10] ─────────

████████████████████████████████ ██ ████████████████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████ ██ ██████████████████████████████

███████████████████████  (*Id.*; *see also* Hankil Kang Decl., ¶ 12.)

[11]    *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 619 (S.D. Tex. 2010) (adverse inferences are "among the most severe sanctions a court can administer"); *Consol. Aluminum Corp. v. Alcoa, Inc.*, 244 F.R.D. 335, 340 (M.D. La. 2006) (adverse inference sanctions are "drastic"); *Thompson v. U.S. Dept. of Housing and Urban Dev.*, 219 F.R.D. 93, 100-01 (D. Md. 2003) (adverse inference sanctions are "extreme" and "not to be given lightly").

1  *Tetsuo Akaosugi v. Benihana Nat'l Corp.*, 2012 WL 929672, at *3 (N.D. Cal. March 19, 2012).[12]

2      Satisfaction of the three-part test is required, but not necessarily sufficient, to entitle a party to

3  an adverse inference instruction. "Courts determine the proper sanction for destruction of evidence on

4  a case-by-case basis[,]" *Hamilton v. Signature Flight Support Corp.*, 2005 WL 3481423, at *3 (N.D.

5  Cal. Dec. 20, 2005), and consider "'(1) the degree of fault of the party who altered or destroyed the

6  evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser

7  sanction that will avoid substantial unfairness to the opposing party and, where the offending party is

8  seriously at fault, will serve to deter such conduct by others in the future.'" *Id.* (citation omitted).

9  Courts have rejected requests for an adverse inference instruction, even where the three-part test has

10  been satisfied, where the degree of fault and level of prejudice do not justify the remedy. *Id.*, at *6-9.

11      **B.    Apple's Motion Misstates And Distorts The Facts**

12      As it did in the ITC, Apple calls out some 30 of the hundreds of witnesses in this case and

13  speculates that they may have destroyed evidence.  Upon closer examination, however, it is clear that

14  Apple's speculation is just that; Apple offers no proof, indeed no actual evidence, establishing that

15  any of them destroyed anything relevant to this case, much less that they did so as part of a scheme

16  perpetrated by Samsung to prejudice Apple.



12  *Brodle*, 2011 WL 4913657 at *5; *IO Group, Inc. v. GLBT Ltd.*, 2011 WL 4974337 at *8 (N.D. Cal. Oct. 19, 2011) (noting that party seeking adverse inference must demonstrate the three elements required to obtain an adverse inference); *Dong Ah Tire & Rubber Co., Ltd v. Glasforms, Inc.*, 2008 WL 4298331, at *4 (N.D. Cal. Sept. 19, 2008) (same).

-10-                                    Case No. 11-cv-01846-LHK
SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS



---

[13]   Mr. Hong received a litigation hold on May 24, 2011.  (Watson Decl., Ex. 33 at Ex. S.)  Mr. Hong had previously been mistakenly identified as having received a litigation hold notice in August 2010.   Mr. Hong did not receive the August 2010 notice.

[14]   In any event, Mr. Choi did in fact preserve this email.  Due to a processing error, some of Mr. Choi's emails were not included in his initial custodial production.  (Declaration of Raymond Warren at ¶¶ 4-5.)  This error has since been corrected.  (*Id.*)  This email was part of the supplemental production.  (Binder Decl., Ex. 1.)

[15]   Mr. Lee received a litigation hold on May 24, 2011.  (Watson Decl. Ex. 33 at Ex. S.)  Mr. Lee had previously been mistakenly identified as having received a litigation hold notice in August 2010. Mr. Lee did not receive the August 2010 notice.



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19 Apple's claim is without merit.

20 Apple has failed to demonstrate that any of them destroyed evidence with a culpable state of mind.

21 (*See* Watson Decl., Ex. 4.)

22 **C.**     **Apple Fails to Establish Any of the Legal Elements it Must Prove to Establish**

23 **Spoliation**

24 **1.**     **Apple Has Failed to Establish that Samsung Destroyed Email Evidence It**

**Had an Obligation to Preserve**

25 Apple must prove that Samsung had an obligation to preserve the disputed evidence "*at the*

26 *time*" it was allegedly destroyed.   In this case, as Apple admits (Mot. at 10), that time was *after* April

27

28

1   15, 2011, when Apple filed its complaint in this action.[16]  ████████████████

2   ███████████████████████████████████████████████████████████████

3   ███████████████████████████████████████████████████████████████

4   ████████████████████████████████████████████████████████████████

5   ███████████████████████████████████████████████████████████████

6   ████████████████

7        As the Supreme Court has noted, "[d]ocument retention policies, which are created in part to

8   keep certain information from getting into the hands of others, including the Government, are

9   common in business.   It is, of course, not wrongful for a manager to instruct his employees to comply

10  with a valid document retention policy under ordinary circumstances."  *Arthur Andersen LLP v.*

11  *United States*, 544 U.S. 696, 704 (2005) (quotations and internal citations omitted).[17]  "*Thus, a party*

12  *can only be sanctioned for destroying evidence if it had a duty to preserve it.*'"  *Zubulake v. UBS*

13  *Warburg LLC,* 220 F.R.D. 212, 216 (S.D.N.Y. 2003) (emphasis added).

14  ██████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████████████

16  ███████████████████████████████████████████████████████████████

17  ────────────────

18  ─────────

[16] ████████████████████████████████████████████████  The law makes clear that the
19  duty to preserve at issue here was not triggered until Apple filed its precise claims.  *See, e.g.*, *FTC v.
    Lights of America Inc.*, 2012 WL 695008, at *3 (C.D. Cal. Jan. 20, 2012) (holding that FTC had no
20  duty to preserve based on institution of investigation or upon issuance of a civil investigative demand
    because litigation at that point was neither "probable" or "more than a possibility") (citing
21  *Realnetworks, Inc. v. DVD Copy Control Ass'n*, 264 F.R.D. 517, 524 (N.D. Cal. 2009)).
    [17]   *See Gonzalez v. Las Vegas Metropolitan Police Department*, 2012 WL 1118949, at *6 (D. Nev.
22  Apr. 2, 2012) (citing *United States v. $40,955.00 in U.S. Currency*, 554 F.3d 752, 758 (9th Cir. 2009)(
    "The Ninth Circuit has held that a party does not engage in spoliation when, without notice of the
23  evidence's potential relevance, it destroys the evidence according to its policy or in the normal course
    of its business.").  *See also Carderella v. Napolitano*, 2012 WL 767311, at *1 (9th Cir. Mar. 12,
24  2012); *United States v. Kitsap Physicians Service*, 314 F.3d 995, 1001-02 (9th Cir. 2002); *State of
    Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 720 (9th Cir. 2005); *Coburn
25  v. PN II, Inc.*, 2010 WL 3895764, at *3 (D. Nev. Sept. 30, 2010) ("The destruction of emails as part of
    a regular good-faith function of a software application may not be sanctioned absent exceptional
26  circumstances").  "A legitimate consequence of a document retention policy is that relevant
    information may be kept out of the hands of adverse parties."  *Hynix Semiconductor, Inc. v. Rambus
27  Inc.*, 591 F. Supp. 2d 1038, 1060 (N.D. Cal. 2006) (*rev'd on other grounds*, 645 F.3d 1336 (Fed. Cir.
    2011) (holding, *inter alia*, that the district court erred in applying the standard on reasonable
28  foreseeability)).

1   ████████████████████████████████ ▮ ████████████████████████████████████

2   ████████████████████████████████████████████████████████████████████████████

3   ████████████████████████████████████████████████████████████████████████████

4   ████████████████████████████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████████████████████████

6   ████████████████ ▮ ████████████████ ▯ ████████████████████████████████████

7   ██████████████ ▮ ██████████████████████████

8      ████████████████████████████████████████████████████████████████████████

9   ████████████████████████████ ▮ ████████████████████████ ▮ ████████████

10  ████████████████      As the parenthetical Apple quotes makes clear, it was *the failure to implement a*

11  *litigation hold*, in addition to the failure to suspend the routine retention/destruction policy, that the

12  Court found to give rise to a spoliation finding.  220 F.R.D. at 218.  Similarly, in *IO Group*, the

13  "Defendants did not suspend the automatic deletion function until July 2011, *over a year* after the

14  lawsuit was filed."  2011 WL 4974337, at *7 (emphasis in original).  ████████████████████

15  ██████████████████████████████████████████████████████████ ▮▯ ████████████████████

16  ████████████████████████████████████████████████████████████████████████████

17  *FTC*, 2012 WL 695008 at *5 (rejecting argument that FTC's 45-day auto-delete policy gives rise to

18  spoliation, and noting "[t]he auto-delete system is a function of the computer information system's

19  finite storage capacity and the desire to avoid needless retention of documents, which slows the

20  system").

21     ████████████████████████████████████████████████████████████████████████

22  ██████████████████████████████████████████████████████ ▮ ██████████ ▯ ████████

23  ████████████████████████████████████████████████████████████████████████████

24

25  ▮ █████████████████████

26  ████████████████████████████████████████████████████████████████████████████

27  ████████████████ ⌐ ████████████████████ ⌐ ████████████████████████████████████

28  ████████████████████████████████████████████████████████████████████████████



1   █████████████████████████████████████   In any case, a party's "protest that, in

2   essence, it should have received more emails from a specific time period, is insufficient to support a

3   claim that [its opponent] intentionally destroyed relevant evidence to be gained from the emails."

4   *Coburn*, 2010 WL 3895764, at *6; *see also Kinnally v. Rogers Corp.*, 2008 WL 4850116, at *6 (D.

5   Ariz. Nov. 7, 2008) (spoliation cannot be shown based on "a mere lack of production").   Indeed, even

6   in the *absence* of a litigation hold, "[m]ere speculation that documents must have been destroyed in

7   the absence of a litigation hold is insufficient to show spoliation."   *FTC*, 2012 WL 695008, at *4

8   (finding no spoliation where custodians who did not receive hold notice confirmed "that they took

9   measures to preserve all relevant emails related to this case" including storing emails in archive

10   folder).   It is not enough for Apple to claim that unproduced emails "must have existed" absent any

11   additional showing that they in fact existed and were discarded.   *Dong Ah Tire & Rubber Co., Ltd. v.*

12   *Glasforms, Inc*, 2009 WL 1949124, at *7 (N.D. Cal. July 2, 2009).



(Binder Decl., ¶¶ 21, Exs. 2 and 3.)[20]

        This Court should reject Apple's efforts to establish "spoliation" and secure adverse inferences where its motion is based on a pre-existing and reasonable document retention program, and is not limited, as it must be, to the failure to retain documents after April 15, 2011 when Apple filed its complaint.  *See Strom v. City of Crescent City*, 2010 WL 2231799, at *4 (N.D. Cal. June 1, 2010) (no adverse inference where party failed to provide any evidence that data was destroyed after the defendant had notice of the litigation); *Cacace v. Meyer Marketing*, 2011 WL 1833338, at *5 (S.D.N.Y. May 12, 2011) (sanctions denied where "plaintiffs have not identified any relevant documents that were lost, destroyed, or significantly altered after defendants' duty to preserve arose in March 2006").

---

[20]                                                                                              Spoliation requires proof that "'*unique, relevant evidence*'" subject to a preservation obligation was destroyed. *Perez v. Vezer Industrial Professional, Inc.*, 2011 WL 5975854, at *6 (E.D. Cal. 2011) (emphasis added) (quoting *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003)).   Emails that have been produced by other custodians are not "unique."

1

### 2.   Apple Cannot Establish That Samsung Destroyed Evidence With A Culpable State Of Mind

2

3          Apple asks this Court to instruct the jury that "Samsung acted in bad faith in failing to preserve

4     the relevant documents," and that any infringement can, based on alleged spoliation, be considered

5     "intentional" and "willful." (Mot. at 15).   Yet Apple then proceeds to argue that   notwithstanding

6     the absolute clarity of the inferences it seeks   it need only prove that Samsung was negligent.

7          Apple does not cite a single Ninth Circuit case (nor can Samsung locate any) that has affirmed

8     the imposition of an adverse inference instruction where a party was found to have acted only

9     negligently.   Instead, the Ninth Circuit has made clear that, while bad faith may not be required to

10    support an adverse inference remedy, *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993), "[a]

11    party should only be penalized for destroying documents if it was wrong to do so, and that requires, at

12    a minimum, some notice that the documents are potentially relevant." *Akiona v. United States*, 938

13    F.2d 158, 161 (9th Cir. 1991) (reversing adverse inference ruling where plaintiffs failed to show "any

14    bad faith in the destruction of the records, nor even that the government was on notice that the records

15    had potential relevance to the litigation" and noting no intent to cover up information).   Similarly, the

16    Ninth Circuit in *State of Idaho* reversed a $50,000 discovery sanction for spoliation where there was

17    no indication that the party "intentionally destroyed records with knowledge that those records were

18    relevant to this litigation." 425 F.3d at 720.[21]   The Ninth Circuit also has clearly explained that an

19    adverse inference is not appropriate "[w]hen relevant evidence is lost accidentally or for an innocent

20    reason." *Med. Lab. Mgmt. Consultants v. Am. Broad. Cos., Inc*, 306 F.3d 806, 824 (9th Cir. 2002)

21    (affirming district court rejection of inference based on "the absence of bad faith or intentional

22    conduct by Defendants"). *See also Pension Comm. of Univ. of Montreal Pension Plan v. Banc of

23    Am. Secs., LLC*, 685 F. Supp. 2d 456, 470-71 (S.D.N.Y. 2010) (willfulness or bad faith required to

24    deem facts admitted and willfulness or recklessness required to impose a rebuttable mandatory

25    presumption).[22]   In short, the Ninth Circuit has never upheld an adverse inference instruction where a

26    ---
[21]   *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1343 (9th Cir. 1985), cited by Apple on page 9
27    of its motion for the proposition that negligence is sufficient to warrant sanctions under Federal Rule
      of Civil Procedure 37, did not involve an adverse inference remedy, and in any event, as discussed in
      footnote 20, *infra*, there is no basis for finding a violation of Rule 37 here.
28    [22]   In *IO Group*, relied upon by Apple, the Court found that the "Defendants' conduct amounts to

1  party "should have known" destroyed evidence might be relevant, but did not in fact know that to be

2  the case.[23]

3         Moreover, to give the particular "bad faith" instruction that Apple is actually seeking, the

4  district court must find that the spoliating party "'intended to impair the ability of the potential

5  defendant to defend itself.'"  *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1326 (Fed. Cir.

6  2011) (reversing and instructing that "[o]n remand, the district court should limit its bad faith analysis

7  to the proper inquiry") (citations omitted).  "The fundamental element of bad faith spoliation is

8  advantage-seeking behavior by the party with superior access to information necessary for the proper

9  administration of justice."  *Id.*[24]  Apple offers no evidence of any such behavior.  Its reliance on

10  prior Samsung cases, as noted earlier, is contradicted by the facts and holdings of those cases: in

11  *MOSAID*, no litigation hold notice was issued.  *MOSAID Tech. Inc. v. Samsung Elecs. Co., Ltd.*, 348

12  F. Supp. 2d 332, 333-34 (D.N.J. 2004).  In *Fractus*, the court explicitly *rejected* the request for an

13  adverse inference.  (Watson Decl., Ex. 31 (*Fractus v. Samsung Elecs. Co., Ltd.*, Case No. 6:09-cv-

14  203-LED, Hearing Tr. at 99:13-100:15)).  Apple's reliance on a press release from Korea's Fair

15  Trade Commission asks this Court to rely on rank hearsay in an unauthenticated document that is

16  inherently one-sided.  Given Apple's willingness to rely on such sources, it is unsurprising that Apple

17  omits key facts. ███████████████████████

18  ████████████████████████████

19

20  ─────────────
willfulness" before imposing an adverse inference instruction.  2011 WL 4974337 at *8.  *See also World Courier v. Barone*, 2007 WL 1119196, at * 1, 2 (N.D. Cal. April 16, 2007) (defendant's
21  admitted destruction of hard drive was "at least negligent, and *more likely knowingly willful*") (emphasis added).
22  [23]  *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991) (attorneys fees as sanctions are appropriate where "a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons");
23  *Rimkus Consulting*, 688 F. Supp. 2d at 615 ("the Supreme Court's decision in *Chambers* may also require a degree of culpability greater than negligence").
24  [24]  *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008) ("A document is destroyed in bad faith if it is destroyed 'for the purpose of hiding adverse information.'"); *In re Hechinger Inv. Co.*
25  *of Del., Inc.*, 489 F.3d 568, 579 (3d Cir. 2007) (noting that bad faith requires a showing that the litigant "intentionally destroyed documents that it knew would be important or useful to [its opponent]
26  in defending against [the] action"); *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 925 (1st Cir.1988) (finding bad faith "where concealment was knowing and purposeful," or where a party "intentionally
27  shred[s] documents in order to stymie the opposition"); *Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 96 (3d Cir. 1983) (noting that an adverse inference from destruction of documents is permitted only
28  when the destruction was "intentional, and indicates fraud and a desire to suppress the truth").

1

2

3

4

5 (*Id.* ¶ 9.)

6       "'The obligation to preserve electronic data and documents requires reasonable and good faith

7 efforts to retain information that may be relevant to pending or threatened litigation.  However, it is

8 unreasonable to expect parties to take every conceivable step to preserve all potentially relevant

9 data.'"  *Consol. Aluminum*, 244 F.R.D. at 345 n.18.  In *Consolidated Aluminum*, for example, the

10 defendant did not suspend its routine "destruction policy until two and a half (2 1/2) years after

11 sending its demand letter" to the plaintiff and "approximately twenty (20) months after [the plaintiff]

12 filed" its action.  244 F.R.D. at 342.  At the time of its demand letter, defendant only instructed four

13 employees to preserve emails.  *Id.* at 344-45.  Even after the plaintiff filed its complaint, the

14 defendant did not expand the number of employees who were instructed to preserve e-mails, including

15 eleven critical employees whose electronic data were lost.  *Id.* at 342, 345.

16       Nonetheless, the court held that the plaintiff had failed to demonstrate the defendant

17 intentionally destroyed evidence, noting that: (1) the defendant instructed key personnel to preserve

18 documents; (2) the defendant produced emails from personnel who had preserved data that would

19 have otherwise been destroyed by the routine destruction policy; and (3) some of the evidence the

20 plaintiff sought would have been destroyed before the litigation became foreseeable.  *Consol.*

21 *Aluminum*, 244 at 345, n. 20, 21.  "At most," the court found, "[the plaintiff] has shown that [the

22 defendant] negligently failed to preserve emails, which might have had some relevance to this lawsuit,

23 by failing to timely inform employees of their duty to preserve."  *Id.* at 346.  The request for an

24 adverse inference was denied.  *Id.* at 347.[25]

25 ─────────────────────
[25]    *See also Denim North America Holdings, LLC v. Swift Textiles, LLC*, 816 F. Supp. 2d 1308,
26 1328-29 (M.D. Ga. 2011) (plaintiff routinely destroyed emails shortly after they were received and did
not change its policy after litigation became reasonably foreseeable but "generally kept the e-mails he
27 thought were important"; no adverse inference because  destruction of evidence "as part of a routine
practice (or even haphazardly)" does not amount to bad faith or intentional destruction.) *Cache La*
28 *Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 630, 635 (D. Colo. 2007) (no adverse

1    In *Kinnally*, *supra*, the court explicitly addressed the cases repeatedly cited by Apple both in

2    the ITC and in support of this motion:

3        In cases where courts have found spoliation, there was a clear showing of destruction
         of evidence.   In *Napster*, 462 F. Supp. 2d at 1066, there was evidence of an explicit

4        destruction policy that was not suspended, resulting in unquestionable destruction of
         relevant email evidence.   In *Zubulake*, 220 F.R.D. at 220, defendant expressly

5        acknowledged that backup tapes under their control and containing relevant evidence
         were missing.   In *National Ass'n of Radiation Survivors*, 155 F.R.D. 543, 557 (N.D.

6        Cal. 1987) (sic (*see* 115 F.R.D. 543, 557 (N.D. Cal. 1987)), there were "no questions
         that relevant documents were destroyed and are not permanently lost."   The district

7        court in *Residential Funding*, 306 F.3d at 110, originally held that "purposely
         sluggish" behavior was enough to warrant an adverse inference instruction due to

8        spoliation.   The Second Circuit held that the district court applied the wrong standard
         because "the evidence at issue was apparently not destroyed, but merely not timely

9        produced."   *Id.* at 112.

10   2008 WL 4850116, at *6.

11       Here, Apple has not made "a clear showing of destruction of evidence" much less one

12   supported by a conscious policy decision by the Company to seek a litigation advantage by flouting its

13   own preservation rules.   Its complaints that Samsung might have "done more" by is insufficient as a

14   matter of law to establish "bad faith."[26]

15

16   inference even though a party failed to suspend its "routine practice of wiping clean the computer hard
     drives of former employees" because no bad faith);   *ACORN v. County of Nassau*, 2009 WL 605859,

17   at *4 (E.D.N.Y. Mar. 9, 2009) (loss of emails resulting from failure to instruct systems personnel to
     suspend routine destruction of emails and other electronic data "at most, negligent"); *Poux v. County

18   of Suffolk*, 2012 WL 1020302, at *20 (E.D.N.Y. Mar. 23, 2012) (evidence established at most that
     failure to preserve electronic data due to normal recycling of tapes was negligent); *Twitty v. Salius*,

19   455 Fed. App'x. 97, 99-100 (2d Cir. 2012) (no sanctions where destruction at most negligent and no
     showing of prejudice); *Sampson v. City of Cambridge, Md.,* 251 F.R.D. 172, 182 (D. Md. 2008)

20   (denying sanctions where defendant's efforts to retain documents, while "not exemplary" did "not rise
     to the level of bad faith"); *Pinstripe, Inc. v. Manpower, Inc.*, 2009 WL 2252131, at *3-4 (N.D. Okla.

21   July 29, 2009) (no adverse inference even though party failed to issue litigation hold drafted by
     counsel and failed to monitor compliance with the oral instructions given to party managers); *Cacace*,

22   2011 WL 1833338, at *4 (no sanctions where archived email folder accidentally deleted from email
     servers).

23   [26]   Apple speculates without any evidence that "some emails that were destroyed were likely subject
     to the Court's September 28, 2011, December 22, 2011, and January 15, 2012, discovery orders"

24   (Mot. at 12 n.7) and that Samsung should also be sanctioned under Federal Rule of Civil Procedure
     37.   This is hardly the "clear and convincing evidence" required to support an award of sanctions.

25   *Coburn*, 2010 WL 3895764, at *3.   Apple does not explain which portion of these orders was
     violated, let alone provide a basis for asserting that evidence within the scope of those orders was

26   destroyed after those orders were issued.   Nor does Apple even attempt to explain how the inferences
     it seeks as a sanction relate to the claims that were at issue in those Orders.    *See Insurance Corp. of*

27   *Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S. Ct. 2099, 2107 (1982)
     (sanctions under Rule 37(b)(2) must be "just" and "must be specifically related to the particular

28   'claim' which was at issue in the order to provide discovery").

### 3. <u>Apple Has Not Shown That Any Documents Destroyed After The Filing Of The Complaint Were Relevant To Its Claims</u>

The third element which Apple must establish is that the destroyed evidence was relevant to the party's claim or defense such that a reasonable fact finder could find that it would support that claim or defense.[27] "The duty to preserve evidence, once it attaches, does not extend beyond evidence that is relevant and material to the claims at issue in the litigation." *Hynix*, 591 F. Supp. 2d at 1067.

The Second Circuit case Apple relies on, *Kronisch v. United States*, 150 F.3d 112 (2d Cir. 1998), makes clear that the moving party must make "some showing indicating that the destroyed evidence would have been relevant to the contested issue." *Id.* at 127. "[W]here the moving party fails to 'provide any extrinsic evidence that the subject matter of the lost or destroyed materials would have been unfavorable to [the spoliator] or would have been relevant to the issues of this lawsuit,' spoliation sanctions are not warranted because the moving party relies on 'pure speculation as to the content of these materials." *Hamilton*, 2005 WL 3481423, at *8. "This corroboration requirement is even more necessary where the destruction was merely negligent, since in those cases it cannot be inferred from the conduct of the spoliator that the evidence would have been harmful to him." *Consol. Aluminum Corp.*, 244 F.R.D. at 346 n.23. As the court explained in *Kullman v. New York*, "unsupported conjecture and speculation" that the missing evidence would have resembled the produced evidence "do not justify the issuance of an adverse inference instruction." 2012 WL 1142899, at *2 (N.D.N.Y. Apr. 4, 2012).[28]

Here, Apple simply points to a selection of what it calls "copying documents and emails" and claims that because "some emails that were not destroyed were relevant and favorable to Apple . . .

---

[27] Apple is not entitled to any presumption of relevance. The *Hynix* case Apple cites for this addresses the question of prejudice once spoliation is shown, in the context of an unclean hands defense. 591 F. Supp. 2d at 1060. Nowhere does the court hold that a party seeking an adverse inference is relieved of its burden to establish relevance as an element of spoliation.

[28] *See also ACORN*, 2009 WL 605859, at *5-6 (rejecting relevance arguments based on assertion that destroyed evidence would have been similar to 5 produced emails); *Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D. 162, 176 (S.D.N.Y. 2004) (denying adverse inference where substance of the deleted communication was only described in the most general terms); *Poux*, 2012 WL 1020302, at *20 (denying sanctions where moving party failed to show relevance); *Cacace*, 2011 WL 1833338, at *5 (sanctions denied where "plaintiffs have not identified any relevant documents that were lost, destroyed, or significantly altered after defendants' duty to preserve arose in March 2006").

1   the destroyed emails therefore also were likely relevant and favorable to Apple."  (Mot. at 13-14.)

2   That is hardly sufficient to satisfy Apple's burden to show relevance, especially where Apple is

3   seeking highly specific factual inferences, including that any infringement found by the jury "was

4   intentional, willful, and without regard to Apple's rights."

5           **D.      Apple Is Not Entitled To The Inferences It Seeks**

6           Even if Apple had satisfied the minimum three requirements for an adverse inference

7   instruction, which it has not, the circumstances here do not justify the "harsh" inferences Apple seeks.

8   Any destruction of relevant evidence    and Apple has not shown any at all    would have been

9   inadvertent, meaning the "degree of fault" factor "weighs in favor of denying [Apple's] motion for

10  sanctions.  *Hamilton*, 2005 WL 3581423, at *7.

11          Consideration of prejudice also weighs against an adverse inference remedy.  "To be

12  actionable, the spoliation of evidence must damage the right of a party to bring an action."  *Gonzalez*,

13  2012 WL 1118949, at *6.  "The court's prejudice determination examines whether the spoliating

14  party's action impairs the non-spoliating party's ability to go to trial or threatens to interfere with the

15  rightful decision of the case."  *Id.*  Because Apple has not shown that Samsung acted willfully, "the

16  presumption of prejudice is not appropriate."  *Napster*, 462 F. Supp. 2d at 1076; *Perez*, 2011 WL

17  5975854, at *9.

18          Courts have rejected adverse inference instructions where a party failed to show how it had

19  been prejudiced by the allegedly missing evidence.  For example, in *Medical Laboratory*

20  *Management Consultants*, the Ninth Circuit affirmed the district court's refusal to give an adverse

21  inference instruction where there was other available evidence from which the plaintiff could prove its

22  claims.  306 F.3d at 825.  In *Gonzalez*, the court refused an adverse inference instruction where the

23  destruction of a surveillance tape did not prejudice the plaintiff, given defendants' concessions of

24  points the plaintiff sought to prove using the tapes.  2012 WL 1118949, at *8.  In *Hamilton*, the

25  court found insufficient plaintiff's showing of prejudice where the moving party failed to present

26  "actual evidence" in support of its position that the retained portion of a video that had been partially

27  destroyed was inaccurate, and given "other evidence available" showing the existing video was

28

accurate.   2005 WL 3481423, at *8.[29]

████████████████████████████████████████████████████
████  ████  ████████████████████████████████████████
████████████████████████████████████████  █████████
████████████████████████████████████████████████████
████████████████████████  (Binder Decl., ¶18.)

   Instead, Apple merely points to emails that *were produced* to claim that other similar emails would have been helpful to its case.  But "the fact that these emails were available through other sources lessens the likelihood of prejudice . . . ."  *FTC*, *supra*, 2012 WL 695008, at *5 n.8.[30]  "Both the existence and potential prejudice of the alleged lost correspondence is speculative."  *Id.* Wishful thinking as to what might have been, unsupported by either relevant testimony or other evidence, cannot establish the sort of prejudice warranting the extreme inferences sought here, which would relieve Apple of its obligation to prove its case.  Because Apple has not proffered any actual evidence of prejudice, it is not entitled to an adverse inference remedy, even assuming it had established the requirements for such an instruction, which it has not.[31]

---

[29]   *See also Napster*, 462 F. Supp. 2d at 1075 ("The fact that a number of Hummer's Napster-related emails have been obtained by plaintiffs from other sources, furthermore, bears on the degree to which plaintiffs have been prejudiced"); *Twitty*, 455 Fed. App'x at 97, 99-100 (holding that party suffered no prejudice since missing evidence would have been cumulative to evidence produced); *Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey,* 497 F. Supp. 2d. 627, 641 (E.D. Pa. 2007) (holding that party suffered no prejudice since it obtained relevant information); *Perez*, 2011 WL 5975854, at *9 (rejecting issue preclusion sanction "[g]iven the lack of deliberate, bad faith conduct . . . and demonstrable prejudice to plaintiffs").

[30]  ████████████████████████████████████████████████████████████

[31]   Because Apple has not shown that Samsung engaged in egregious conduct "any lesser sanction would also be inappropriate."  *Hamilton*, 2005 WL 3481423, at *9.

1

DATED: May 29, 2012         Respectfully submitted,

2

3                           QUINN EMANUEL URQUHART & SULLIVAN, LLP

4                           By: */s/ Vicotria F. Maroulis*
                                Charles K. Verhoeven
5                               Kevin P.B. Johnson
                                Victoria F. Maroulis
6                               Michael T. Zeller

7                               Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
                                SAMSUNG ELECTRONICS AMERICA, INC. and
8                               SAMSUNG TELECOMMUNICATIONS AMERICA,
                                LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS