# Watson Declaration

# EXHIBIT 31

1                 Similarly, on written description and
2    enablement, there's been no evidence presented.  The
3    evidence shows that there was no description or enabling
4    disclosure in the patents-in-suit, the multilevel
5    patents, to enable one of ordinary skill in the art to
6    practice the invention in a cell phone, which is the
7    scope of the claims being asserted here.
8                 And as to written description, it would
9    not convey to one of ordinary skill in the art that the
10   inventors had -- actually had possession of the
11   invention, as Dr. Best testified.  And there was no
12   contrary evidence, Your Honor.
13                THE COURT:  Okay.  Motion's denied.
14                Be in recess.
15                COURT SECURITY OFFICER:  All rise.
16                (Recess.)
17                THE COURT:  Does the Plaintiff have any
18   objections to the Court's Charge?
19                The Court hearing none, does Defendant...
20                [Laughter]
21                THE COURT:  All right, Mr. Nelson.
22                MR. NELSON:  Thank you, Your Honor.
23                THE COURT:  Go slow.
24                MR. NELSON:  I will go slow.
25                As a preliminary matter, we believe that

1  the previously given instructions that you've given to
2  the jury should be included when you instruct the jury
3  this time as a reminder.  Before giving this jury
4  instruction or at some appropriate point at Your Honor's
5  discretion, that you repeat the instructions that you've
6  previously given just to remind them of those
7  instructions.
8              So that is our first overall point.  It's
9  not really an objection; it's more of an addition.
10             THE COURT:  I appreciate your suggestion.
11             What's next?
12             MR. NELSON:  Fair enough.
13             Next, Your Honor, on Page 4 right before
14 1.3, we believe that an adverse inference instruction is
15 appropriate.  There has been evidence in the record --
16 substantial evidence in the record that even post-suit
17 that Samsung destroyed documents relevant to this case.
18 There are two examples of that, either of which is
19 sufficient.
20             The first is Mr. Kim admitted on the
21 stand this morning that his e-mails continued to be
22 deleted after 14 days, well after there was any -- there
23 was notice on this case.
24             I believe, I guess, that Samsung is going
25 to say, well, he didn't have any relevant documents, but

```
 1  we have no idea and no way to know that.  And we've
 2  clearly seen some relevant documents that have --
 3                  THE COURT:  Okay.  What instruction are
 4  you requesting?
 5                  MR. NELSON:  That you have heard in this
 6  case -- in presenting this case, that Samsung did not
 7  preserve certain documents.  If you find that Samsung
 8  could have produced these records and that the records
 9  were within their control and that these records would
10  have been material in deciding facts in dispute in this
11  case, then you are permitted, but not required, to infer
12  that this evidence would have been unfavorable to the
13  Defendant.
14                  THE COURT:  All right.  That request is
15  denied.
16                  What's next?
17                  MR. NELSON:  Thank you, Your Honor.
18                  On 3.1 as a preliminary matter, we would
19  preserve our objection to the inclusion of any terms to
20  the jury being charged on constructions that we did not
21  proffer, just to preserve our objection on that.
22                  More substantively, in terms of --
23                  THE COURT:  I don't know what you just
24  said.  I don't know what that means.
25                  MR. NELSON:  Maybe Mr. Payne can explain.
```