| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| JENNIFER LEE TAYLOR (CA SBN 161368) | 60 State Street |
| jtaylor@mofo.com | Boston, MA 02109 |
| ALISON M. TUCHER (CA SBN 171363) | Telephone: (617) 526-6000 |
| atucher@mofo.com | Facsimile: (617) 526-5000 |
| RICHARD S.J. HUNG (CA SBN 197425) | |
| rhung@mofo.com | |
| JASON R. BARTLETT (CA SBN 214530) | MARK D. SELWYN (SBN 244180) |
| jasonbartlett@mofo.com | mark.selwyn@wilmerhale.com |
| MORRISON & FOERSTER LLP | WILMER CUTLER PICKERING |
| 425 Market Street | HALE AND DORR LLP |
| San Francisco, California 94105-2482 | 950 Page Mill Road |
| Telephone: (415) 268-7000 | Palo Alto, California 94304 |
| Facsimile: (415) 268-7522 | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK (PSG) |
| Plaintiff, | **APPLE INC.'S REPLY IN SUPPORT OF MOTION PURSUANT TO RULE 62(C) FOR ENTRY OF PRELIMINARY INJUNCTION WITHOUT FURTHER HEARING** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

PUBLIC REDACTED VERSION

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................................ii

I. INTRODUCTION ........................................................................................................... 1

II. SAMSUNG'S SALE OF INFRINGING TABLETS SHOULD BE ENJOINED ....................................................................................................................... 1

    A. The Balance of Hardships Favors Issuing a Preliminary Injunction ..................... 1

    B. The Public Interest Favors Issuing a Preliminary Injunction ................................ 3

III. THIS COURT HAS JURISDICTION TO AMEND ITS PRELIMINARY INJUNCTION ORDER BEFORE THE FEDERAL CIRCUIT ISSUES THE MANDATE ............................................................................................................. 5

IV. APPLE IS PREPARED TO POST AN APPROPRIATE BOND ................................. 7

V. CONCLUSION ................................................................................................................ 7

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*3M Unitek Corp. v. Ormco Co.*,
    96 F. Supp. 2d 1042 (C.D. Cal. 2000) ................................................................. 4 n.3, n.4

*Altana Pharma AG v. Teva Pharms. USA, Inc.*,
    566 F.3d 999 (Fed Cir. 2009) ............................................................................................ 1

*Bard Peripheral Vascular v. W.L. Gore & Assocs.*,
    670 F.3d 1171 (Fed. Cir. 2012) ..................................................................................... 4 n.4

*Barringer v. Griffes*,
    810 F. Supp. 119 (D. Vt. 1992) ..................................................................................... 5 n.5

*Broadcom Corp. v. Qualcomm Inc.*,
    543 F.3d 683 (Fed. Cir. 2008) ........................................................................................... 3

*Coastal Corp. v. Texas E. Corp.*,
    869 F.2d 817 (5th Cir. 1989) ......................................................................................... 5 n.5

*Dillard v. City of Foley*,
    926 F. Supp. 1053 (M.D. Ala. 1995) ............................................................................. 5 n.5

*eBay Inc. v. Mercexchange, L.L.C.*,
    547 U.S. 388 (2006) ...................................................................................................... 4, 5

*Hybritech, Inc. v. Abbott Labs.*,
    849 F.2d 1446 (Fed Cir. 1988) ....................................................................................... 1, 4

*Illinois Tool Works, Inc. v. Girp-Pak, Inc.*,
    906 F.2d 679 (Fed. Cir. 1990) ........................................................................................... 3

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
    231 F. Supp. 2d 1066 (D. Colo. 2002) .............................................................................. 4

*Int'l Assoc. of Machinists and Aerospace Workers v. E. Air Lines, Inc.*,
    847 F.2d 1014 (2d Cir. 1988) ........................................................................................ 5 n.5

*McClatchy Newspapers v. Central Valley Typographical Union No. 46*,
    686 F.2d 731 (9th Cir. 1982) .......................................................................................... 5, 6

*Merial Ltd. and Merial SAS v. Cipla Ltd.*,
    No. 2011-1471, slip op. (Fed. Cir. May 31, 2012) ............................................................ 3

*Natural Res. Def. Council v. Sw. Marine*,
    242 F.3d 1163 (9th Cir. 2001) ............................................................................................ 6

APPLE'S REPLY ISO RULE 62(C) MOT. FOR ENTRY OF PRELIMINARY INJUNCTION W/O FURTHER HEARING,
CASE NO. 11-CV-01846-LHK (PSG)
sf-3149744

ii

*Newton v. Consolidated Gas Co.*,
    258 U.S. 165 (1922) ................................................................................................................ 7

*Pentair Water Pool and Spa, Inc. v. Hayward Indus*, *Inc.*,
    No. 11-CV-459-F,
    2012 WL 194403 (E.D.N.C. Jan. 23, 2012) ........................................................................ 4 n.4

*Rite-Hite Corp. v. Kelley Co., Inc.*,
    56 F.3d 1538 (Fed. Cir. 1995) ................................................................................................ 4

*Telebrands Direct Response Corp. v. Ovation Commc'ns, Inc.*,
    802 F. Supp. 1169 (D.N.J. 1992) ........................................................................................... 3

*U.S. v. El-O-Pathic Pharm.*,
    192 F.2d 62 (9th Cir. 1951) ........................................................................................... 5, 6, 7


**OTHER AUTHORITIES**

Fed. R. Civ. P.
    Rule 62(c) ............................................................................................................................ 6, 7

I.     INTRODUCTION

Six months ago, this Court found likely irreparable harm from Samsung's infringement of the D'889 patent. (Dkt. No. 452 at 50.) Expedited review by the Federal Circuit has now affirmed that ruling and established likely success on the merits. This Court directed the parties to limit their briefs to the remaining issues of balance of hardships, public interest, and the amount of a bond, with no new evidence except as to the bond. (Dkt. No. 962 at 2.) Samsung nevertheless reargues irreparable harm and relies on new evidence as to balance of hardships and public interest. This new evidence is improper and, even if considered, would not tip the balance of hardships in Samsung's favor or outweigh the public interest in enforcing patent rights and discouraging deliberate copying. This Court should enter the requested injunction forthwith.

II.    SAMSUNG'S SALE OF INFRINGING TABLETS SHOULD BE ENJOINED

This Court's Order as reviewed by the Federal Circuit establishes the two essential factors for a preliminary injunction: likely success and irreparable harm. *See Altana Pharma AG v. Teva Pharms. USA, Inc.*, 566 F.3d 999, 1005 (Fed Cir. 2009) ("a movant must establish the existence of both of the first two factors to be entitled to a preliminary injunction"); *Hybritech, Inc. v. Abbott Labs.*, 849 F.2d 1446, 1457 (Fed Cir. 1988) (balance of hardships is "one of four factors *to be considered* by a district court" but district court is not required "as a prerequisite to awarding preliminary injunctive relief" to "expressly find the existence of this factor"). The record evidence and the Court's prior findings similarly establish that the remaining two factors—balance of hardships and public interest—also weigh heavily in favor of an injunction.

   A.    The Balance of Hardships Favors Issuing a Preliminary Injunction

Samsung's balance of hardships analysis repeats irreparable harm arguments that this Court has already rejected. (*Compare* Dkt. No. 428 at 29-32, *with* Dkt. No. 977-3 at 7-8 (sealed).) Samsung contends that its copying of Apple's iconic design does not harm Apple because "Apple offers no proof that consumers purchase the parties' respective tablet devices because of design to any material degree." (Dkt. No. 977-3 at 7.) On the contrary, this Court held that "Apple has established that design is an important driver in demand for tablets," citing a Samsung survey that "establishes unequivocally that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1  ██████████████████████████ (Dkt. No. 452 at 49.) Samsung ignores its own survey,

2  relying instead on surveys about *smartphones*, not tablets (Dkt. No. 977-3 at 7, citing Dkt.

3  No. 179-38, 179-39). Smartphone surveys cannot overcome Samsung's admission that ████

4  ████████████████████████████████

5  Samsung also repeats its argument that its infringing sales will not harm Apple because

6  Samsung does not compete with Apple for tablet sales. Yet, ██████████████████████████

7  ████████████████████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████████████████████████

9  ██████████████ After reviewing the evidence, this Court held that "[b]ecause there appear to

10 be fewer players in the tablet market, and the market is growing, it is arguably more likely that

11 market share lost by Apple will be lost to Samsung." (Dkt. No. 452 at 49 (citing *Robert Bosch*,

12 659 F.3d at 1151).)

13 Samsung contends that Apple does not "directly compete with the Galaxy Tab 10.1 4G

14 LTE sold through Verizon or U.S. Cellular, undoubtedly because Apple has not made a 4G LTE

15 version of the iPad 2" (Dkt. No. 977-3 at 7). Samsung failed to make this argument in its original

16 opposition to Apple's preliminary injunction motion, and Samsung cites no evidence that its "4G

17 LTE" model is addressed to an entirely different market. Moreover, as Samsung knows, Apple

18 began selling the third generation iPad, which includes 4G LTE, in March 2012.[1] (*See*

19 http://www.apple.com/pr/library/2012/03/07Apple-Launches-New-iPad.html.)

20 Samsung argues that an injunction would cause "great harm" to Samsung by allegedly

21 disrupting "long-term relationships" between carriers and their customers. (Dkt. No. 977-3 at 8.)

22 But Apple's proposed injunction targets Samsung's *new* infringing sales only. It does not prevent

23 purchasers from using tablets they have already bought or interfere with existing contracts.

---

[1] Apple cites this public product announcement only in case Samsung's new argument is considered. Samsung also makes the new factual argument that as of December 2011, its tablet market share was much smaller than Apple's. (Dkt. No. 977-3 at 8 & n.4). Even if this new argument were considered, it would not rebut Apple's showing that Samsung's sales are likely to take away sales from Apple. Indeed, given that Apple has remained the largest seller, Samsung's sales are more likely to take away sales from Apple than from any of the other competing companies.

APPLE'S REPLY ISO RULE 62(C) MOT. FOR ENTRY OF PRELIMINARY INJUNCTION W/O FURTHER HEARING, CASE NO. 11-CV-01846-LHK (PSG)
sf-3149744

2

1  Samsung's argument actually cuts the other way:  an injunction should be granted now, *before*

2  customers enter long-term contracts for Samsung products that result in customer loyalty and

3  "long-term effects that are difficult to calculate and may not be recaptured."  (Dkt. No. 452 at 32.)

4        Samsung also asserts that an injunction should be denied because the Tab 10.1 is ▓

5  ▓▓▓▓▓▓▓▓▓▓▓ citing new factual evidence (Dkt. No. 977-3 at 9).  Even if this new

6  evidence were considered and assumed to be correct, this would cut in Apple's favor since it

7  shows that an injunction will cause little, if any, harm to Samsung.[2]  Moreover, the fact that

8  Samsung has already been able to delay entry of a preliminary injunction by one year from its

9  introduction of the Galaxy Tab 10.1 in June 2011 does not mean that Samsung should be allowed

10  to make further infringing sales that will cause further irreparable harm to Apple.

11        The Court's findings regarding likelihood of success and irreparable harm also bear

12  directly on the balance of hardships.  *See, e.g.*, *Illinois Tool Works, Inc. v. Girp-Pak, Inc.*,

13  906 F.2d 679, 683 (Fed. Cir. 1990) ("Because the court must balance the hardships, at least in

14  part in light of its estimate of what is likely to happen at trial, it must consider the movant's

15  showing of likelihood of success.").  This is particularly true given the evidence of deliberate

16  design copying.  *See Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 704 (Fed. Cir. 2008)

17  ("'[o]ne who elects to build a business on a product found to infringe cannot be heard to complain

18  if an injunction against a continuing infringement destroys the business so elected'") (citation

19  omitted); *accord Merial Ltd. and Merial SAS v. Cipla Ltd.*, No. 2011-1471, 1472, Slip Op. (Fed.

20  Cir. May 31, 2012) (rejecting on that basis infringer's argument that small size relative to patent

21  holder should tip balance of hardships in its favor).

22        **B.**    **The Public Interest Favors Issuing a Preliminary Injunction**

23        As this Court has recognized, "the public has an interest in the protection of patent rights."

24  (Dkt. No. 452 at 65.)  "No public interest is served by allowing patent infringement."  *Telebrands*

25  *Direct Response Corp. v. Ovation Commc'ns, Inc.*, 802 F. Supp. 1169, 1179 (D.N.J. 1992).  In

26  light of the "public interest in protecting rights secured by valid patents," analysis should focus on

---

27      [2]Indeed, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
28  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

APPLE'S REPLY ISO RULE 62(C) MOT. FOR ENTRY OF PRELIMINARY INJUNCTION W/O FURTHER HEARING,
CASE NO. 11-CV-01846-LHK (PSG)
sf-3149744

3

"whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Hybritech, Inc. v. Abbott Labs.*, 849 F.2d at 1458 (public interest precluded injunction that would stop supply of cancer and hepatitits test kits). "Accordingly, courts have in rare instances exercised their discretion to deny injunctive relief in order to protect the public interest." *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1547 (Fed. Cir. 1995);[3] *see also Apple v. Samsung*, No. 2012-1105, slip op. at 11 ("[W]here the infringement question is not close and likely validity has been shown, the public interest weighs in favor of the patent holder.")

Samsung has not identified any such "critical public interest." As noted above, the alleged public interest in avoiding disruption of carrier relationships with customers is irrelevant because Apple's injunction is limited to *new* Samsung sales only. Samsung cites *In re Qwest Communications International, Inc. Securities Litigation*, 231 F. Supp. 2d 1066 (D. Colo. 2002) for the proposition that "[t]he public has a strong interest in seeing stability in established long-term commercial relationships" (Dkt. No. 977-3 at 10), but the interests noted in that case "include[d] threats to the value of holdings of Qwest shareholders, to the employment of Qwest's many thousands of employees, and possibly to telecommunications services provided to a very large number of people." 231 F. Supp. 2d at 1070.[4] There is no evidence that any comparable interests would be affected by the tablet injunction sought here.

Samsung relies on Justice Kennedy's concurring remarks in *eBay Inc. v. Mercexchange, L.L.C.*, 547 U.S. 388 (2006) but crops them in a way that obscures their meaning. Justice Kennedy noted that "[a]n industry has developed in which firms use patents not as a basis for

---

[3] Samsung cites *3M Unitek Corp. v. Ormco Co.*, 96 F. Supp. 2d 1042, 1052 (C.D. Cal. 2000), which confirms that "[t]ypically, courts have found the public interest is served in cases involving cutting edge medical treatments and other products which if removed from the market would harm the general public."

[4] None of Samsung's cited cases support its argument that the public interest precludes an injunction here. *3M Unitek Corp.*, discussed above, found no impact on public interest from an injunction affecting ceramic braces. *Pentair Water Pool and Spa, Inc. v. Hayward Indus,, Inc.*, No. 11-CV-459-F, 2012 WL 194403, at *9 (E.D.N.C. Jan. 23, 2012) noted that "'examples of such critical public interests include cases involving national security and public health and safety (*e.g.*, a vaccine, new cure or other vital medications).'" *Bard Peripheral Vascular v. W.L. Gore & Assocs.*, 670 F.3d 1171, 1192 (Fed. Cir. 2012) noted that the district court had granted an ongoing royalty in lieu of permanent injunction "finding that it was in the public interest to allow competition in the medical device arena" but did not review or discuss the basis for that decision.

1  producing and selling goods but, instead, primarily for producing licens[e] fees" and that an

2  injunction "can be employed as a bargaining tool to charge exorbitant fees to companies that seek

3  to buy licenses to practice the patent." *Id*. at 396.  In that context, he stated:

> When the patented invention is but a small component of the product the companies seek to produce ***and the threat of an injunction is employed simply for undue leverage in negotiations, legal damages may well be sufficient to compensate for the infringement*** and an injunction may not serve the public interest.

7  *Id*. at 396-97 (emphasis added).  The highlighted portion, omitted by Samsung, shows that Justice

8  Kennedy's comments have no application here.

9  Samsung's other public interest arguments are based on the premise that Apple does not

10  sell a 4G LTE iPad.  As noted above, that assertion is both outside the record and false.

11  **III.  THIS COURT HAS JURISDICTION TO AMEND ITS PRELIMINARY INJUNCTION ORDER BEFORE THE FEDERAL CIRCUIT ISSUES THE**
12  **MANDATE**

13  The Court's May 21 Order Granting Motion to Shorten Time invites the parties "to further

14  brief whether this Court has jurisdiction to amend the preliminary injunction order prior to the

15  issuance of the mandate from the Federal Circuit." (Dkt. No. 962 at 2.)  On point Ninth Circuit

16  authority—*U.S. v. El-O-Pathic Pharm.*, 192 F.2d 62 (9th Cir. 1951)—answers that question

17  affirmatively.  Samsung has offered no contrary authority,[5] and Apple is aware of none.

18  The question presented here, as in *El-O-Pathic*, is whether a district cout has jurisdiction

19  to enter a preliminary injunction consistent with a court of appeals' decision before the court of

20  appeals issues its mandate.  The Ninth Circuit held in *El-O-Pathic* that (1) the district has such

---

[5] None of Samsung's cited cases involved a motion for or modification of an injunction after a ruling on the merits by the court of appeals and before the mandate issued.  *See McClatchy*, 686 F.2d 731 (district court entered amended judgment adjudicating new issue); *Dillard v. City of Foley*, 926 F. Supp. 1053, 1075 (M.D. Ala. 1995) (denying motion to modify consent decree subject to pending appeal that was based on "arguments already advanced by the movants and considered and rejected by the court"); *Barringer v. Griffes*, 810 F. Supp. 119 (D. Vt. 1992) (after upholding collection of motor vehicle use tax, court denied request to enjoin tax while ruling was on appeal); *Int'l Assoc. of Machinists and Aerospace Workers v. E. Air Lines, Inc.*, 847 F.2d 1014 (2d Cir. 1988) (holding district court did not have authority to enter injunction based on new evidence while merits of case pending on appeal); *Coastal Corp. v. Texas E. Corp.*, 869 F.2d 817 (5th Cir. 1989) (district court lacked authority to dissolve appealed injunction based on new evidence).

APPLE'S REPLY ISO RULE 62(C) MOT. FOR ENTRY OF PRELIMINARY INJUNCTION W/O FURTHER HEARING,
CASE NO. 11-CV-01846-LHK (PSG)
sf-3149744

5

1  jurisdiction under Federal Rule of Civil Procedure 62(c), and (2) the district court is the proper
2  place to seek that relief.  *El-O-Pathic* controls here.

3  On its face, Rule 62(c) provides broad authority to this Court to grant injunctive relief
4  while an appeal from denial of an injunction is pending.  Fed. R. Civ. P. 62(c) ("the court may
5  suspend, modify, restore, *or grant* an injunction") (emphasis added).  Samsung relies on
6  precedent tracing Rule 62(c) authority to the district court's inherent power "to preserve the status
7  quo."  (*See* Dkt. No. 977-3 at 3 (quoting *McClatchy Newspapers v. Central Valley Typographical*
8  *Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982).)  In exercising that power, the district court
9  "'may not finally adjudicate substantial rights directly involved in the appeal.'"  *Id*. at 735,
10  quoting *Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177 (1922).  As explained in *Natural*
11  *Resources Defense Council v. Southwest Marine*, the "amended judgment" issued by the district
12  court in *McClatchy* was invalid because it "altered the status of the case on appeal."  242 F.3d
13  1163, 1167 (9th Cir. 2001).  The *Southwest Marine* court distinguished *McClatchy* because the
14  district court's post-judgment modifications to its injunction "did not materially alter the status of
15  the consolidated appeal."  *Id*.

16  The same was true in *El-O-Pathic* and is true here.  Temporary injunctive relief consistent
17  with the court of appeals decision but before issue of the mandate does not "alter[] the status of
18  the case on appeal" but rather supports the efficacy of the court of appeals' decision by
19  preventing irreparable harm consistent with that decision.

20  Samsung argues that "*El-O-Pathic* is . . . consistent with all other authority that Rule 62(c)
21  is strictly limited to orders necessary to preserve the status quo."  (Dkt. No. 977-3 at 5.)  That
22  assertion overstates the significance of the "status quo" requirement.  The injunction sought in *El-*
23  *O-Pathic* was a prohibition on ongoing sales of misbranded drugs.  The district court had denied
24  that relief but the Ninth Circuit reversed.  When the plaintiff sought immediate issuance of the
25  mandate, the Ninth Circuit did "not find it desirable that the mandate issue forthwith in view of
26  the fact that the time for filing petition for rehearing has not expired" but directed the plaintiff to
27  the district court to obtain a temporary injunction on sales under Rule 62(c) (192 F.2d at 79).
28  That injunction changed the status quo no less than the injunction on sales of an infringing

APPLE'S REPLY ISO RULE 62(C) MOT. FOR ENTRY OF PRELIMINARY INJUNCTION W/O FURTHER HEARING,
CASE NO. 11-CV-01846-LHK (PSG)         6
sf-3149744

product sought here.  Neither order is inconsistent with preserving the status quo within the meaning of the Rule 62(c) precedent.  They do not "alter[] the status of the case on appeal," but rather preserve the efficacy of the court of appeals' decision.  Indeed, in *Newton*, the seminal case for the doctrine at issue, the Supreme Court affirmed the district court's substantive modification of its injunction to impound excess sales revenues while the appeal was pending.  258 U.S. at 173, 177 (modification treated "as attempt to preserve the status quo in order that this court might finally and completely dispose of the whole matter").

Samsung's attempt to distinguish *El-O-Pathic* on the basis that it reversed and remanded for entry of an injunction rather than, as here, vacating and remanding for further proceedings is also unavailing.  No less than the reversal of the district court's ruling in *El-O-Pathic*, the Federal Circuit's reversal of this Court's ruling on likelihood of success on Apple's claim for infringement of the D'889 patent and remand for further proceedings consistent with that ruling changes the status of the case in a way that makes preliminary injunctive relief appropriate.  Just as here, the ruling of the Ninth Circuit panel in *El-O-Pathic* was subject to a possible petition for rehearing and no mandate had issued.  And just as in *El-O-Pathic*, preliminary injunctive relief consistent with the court of appeals' ruling is warranted here to prevent further irreparable harm before issuance of the mandate.

**IV.   APPLE IS PREPARED TO POST AN APPROPRIATE BOND**

Samsung's bond request is grossly inflated. ▮

▮

▮

▮

▮

▮

**V.   CONCLUSION**

For all the reasons discussed above, the Court should enter the requested preliminary injunction forthwith.

APPLE'S REPLY ISO RULE 62(C) MOT. FOR ENTRY OF PRELIMINARY INJUNCTION W/O FURTHER HEARING,
CASE NO. 11-CV-01846-LHK (PSG)
sf-3149744

7

| | | |
|---|---|---|
| 1 | Dated:  May 31, 2012 | MORRISON & FOERSTER LLP |
| 2 | | By: */s/ Michael A. Jacobs* |
| 3 | | Michael A. Jacobs<br>Attorneys for Plaintiff APPLE INC. |

APPLE'S REPLY ISO RULE 62(C) MOT. FOR ENTRY OF PRELIMINARY INJUNCTION W/O FURTHER HEARING,
CASE NO. 11-CV-01846-LHK (PSG)
sf-3149744

8