HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF MARC J. PERNICK IN SUPPORT OF APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE EXPERT TESTIMONY BASED ON UNDISCLOSED FACTS AND THEORIES** |

**PUBLIC REDACTED VERSION**

DECLARATION OF MARC J. PERNICK ISO APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE
CASE NO. 11-cv-01846-LHK (PSG)
sf-3150823

1   I, Marc J. Pernick, declare as follows:

2   I am a partner in the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple") in this action. I am licensed to practice law in the State of California and admitted to practice before this Court. I submit this declaration in support of Apple's Opposition to Samsung's Motion to Strike Expert Testimony Based on Undisclosed Facts and Theories.

1. Unless otherwise indicated, I have personal knowledge of the matters stated herein or understand them to be true from members of my litigation team. If called as a witness, I would testify to the facts set forth below.

2. Attached hereto as **Exhibits 1** and **2** are a true and correct copy of Samsung's First and Second Supplemental Responses to Interrogatory No. 81.

3. Samsung produced the document bearing Bates No. SAMNDCA10903768-783 on February 19, 2012. Attached as Exhibit C to the Declaration of Dr. Michel Maharbiz in Support of Apple's Opposition to Samsung's Motion to Strike Expert Testimony, filed herewith ("Maharbiz Declaration") is a true and correct copy of SAMNDCA10903768-783. Apple also received this document from Atmel (designated ATMEL-SAMSUNG00000286-301) on February 22, 2012. Attached as Exhibit D to the Maharbiz Declaration is a true and correct copy of ATMEL-SAMSUNG00000286-301.

4. Dr. Michel Maharbiz offered expert deposition testimony in this case on April 19, 2012. Attached hereto as **Exhibit 3** is a true and correct copy of excerpts of Dr. Maharbiz's deposition testimony.

5. Dr. Brian Von Herzen offered expert deposition testimony in this case on April 27, 2012. Attached hereto as **Exhibit 4** is a true and correct copy of excerpts of Dr. Von Herzen's deposition testimony.

6. On August 3, 2011, Samsung served its First Set of Requests for Production to Apple and its First Set of Interrogatories to Apple. Apple served its objections on September 12, 2011. A true and correct copy of the relevant Requests for Production and Apple's objections are attached hereto as **Exhibit 5**.

DECLARATION OF MARC J. PERNICK ISO APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE
CASE NO. 11-cv-01846-LHK (PSG)
sf-3150823

1

1       7.      Attached hereto as **Exhibit 6** is a true and correct copy of Samsung's Interrogatory No. 16 and Apple's objections thereto.

       8.      Dr. Sanjay Sood offered expert deposition testimony in this case on April 20, 2012. Attached hereto as **Exhibit 7** is a true and correct copy of excerpts of Dr. Sood's deposition testimony.

       9.      Attached hereto as **Exhibit 8** is a true and correct copy of Exhibit L to Samsung's Patent L.R. 3-1 Infringement Contentions for the '711 Patent.

       10.     On March 22, 2012, Dr. Woodward Yang provided an infringement report for the '711 Patent. Attached hereto as **Exhibit 9** is a true and correct copy of excerpts of the Expert Report of Dr. Woodward Yang, including certain exhibits attached thereto.

       11.     Also on March 22, 2012, Dr. Tony Givargis provided an expert report regarding the invalidity of asserted claims of '711 Patent. Attached hereto as **Exhibit 10** is a true and correct copy of excerpts of Dr. Givargis's report.

       12.     Attached hereto as **Exhibit 11** is a true and correct copy of excerpts of Apple's L.R. 3-3 Disclosures, including certain exhibits to those disclosures.

       13.     Dr. Givargis offered deposition testimony in this case on April 23, 2012. Attached hereto as **Exhibit 12** is a true and correct copy of excerpts of Dr. Givargis's deposition testimony.

       14.     Attached hereto as **Exhibit 13** is a true and correct copy of an October 26, 2012 letter from counsel for Samsung to counsel for Apple.

       15.     On January 10, 2012 Samsung agreed to produce product samples to Apple. Attached hereto as **Exhibit 14** is a true and correct copy of a January 10, 2012 letter from counsel for Samsung to counsel for Apple indicating Samsung's agreement to produce these products. Attached hereto as **Exhibit 15** is a true and correct copy of one of many letters from counsel for Apple to counsel for Samsung requesting access to the products. Because Samsung did not provide Apple with the requested products, Apple obtained them independently.

       16.     Attached hereto as **Exhibit 16** is a true and correct copy of an April 22, 2012 letter from counsel for Samsung to counsel for Apple requesting to inspect the products Dr. Balakrishnan examined.

DECLARATION OF MARC J. PERNICK ISO APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE
CASE NO. 11-cv-01846-LHK (PSG)
sf-3150823

2

1    17.    Attached hereto as **Exhibit 17** is a true and correct copy of a letter from counsel for Apple to counsel for Samsung offering to make the products available for inspection.  That inspection took place on May 29, 2012 and is set to continue on June 1, 2012.

   18.    Attached hereto as **Exhibit 18** is a true and correct copy of Apple's Response to Samsung's Preliminary Injunction Interrogatory No 6.

   19.    Apple produced updated versions of the iPhone, iPad, and iPod royalty reports on March 8, 2012 with information through fiscal Q1 2012.  After the March 8 deadline, Apple determined that the produced royalty reports contained privileged and work product information.  Pursuant to paragraph 16 of the Protective Order, Apple immediately clawed back the documents and substituted non-privileged versions two days later.

   20.    When Samsung objected to the format of those documents, Apple produced new replacement documents.  Samsung voiced additional objections to these documents, and to address those concerns, Apple produced a set of the original royalty reports redacted for privileged information.

   21.    Counsel for Apple fully explained the reasons for clawing back these reports in its correspondence with counsel for Samsung and in its privilege log.  Attached hereto as **Exhibits 19, 20** and **21** are true and correct copies of correspondence from counsel for Apple to counsel for Samsung explaining the need to clawback these documents.  Attached hereto as **Exhibit 22** is a true and correct copy of an excerpt from Apple's privilege log produced to Samsung on April 11, 2012, relating to these documents.

   22.    On March 8, 2012, Apple made a production of documents bates labeled APLNDC-Y0000148298 - APLNDC-Y0000231186.  This production included MFI licenses.  Attached hereto as **Exhibit 23** is a true and correct copy of the cover email for Apple's March 8, 2012 production and relevant licenses produced that day.

   23.    Prior to the March 8, 2012 close of fact discovery, Apple had produced ▬▬▬ including all licenses covering the patents in suit.  In fact, Apple produced all agreements that ▬▬▬▬▬▬▬▬▬▬▬ by September 29, 2011.  Attached hereto as **Exhibits 24, 25, 26, 27** and **28** are relevant agreements produced as APL-ITC796-0000010041,

1  APLNDC0001221082, APLNDC00014215, APLITC796-0000010019, and APLNDC-
2  X0000007220, respectively.

3   24.  Tony Blevins offered deposition testimony in this case on April 20, 2012.
4  Attached hereto as **Exhibit 29** is a true and correct copy of excerpts of Mr. Blevins's deposition
5  testimony.

6   25.  Vincent O'Brien offered deposition testimony in this case on April 20, 2012.
7  Attached hereto as **Exhibit 30** is a true and correct copy of excerpts of Mr. O'Brien's deposition
8  testimony.

9   26.  Michael Wagner provided a "corrected expert report" on April 20, 2012.  Attached
10  hereto as **Exhibit 31** is a true and correct copy of excerpts of Mr. Wagner's report.

11   27.   Mr. Wagner offered deposition testimony in this case on May 12, 2012.  Attached
12  hereto as **Exhibit 32** is a true and correct copy of excerpts of Mr. Wagner's deposition testimony.

14  I declare under penalty of perjury that the foregoing is true and correct.  Executed this 31st
15  day of May, 2012, at Palo Alto, California.

*/s/ Marc J. Pernick*
Marc J. Pernick

**ATTESTATION OF E-FILED SIGNATURE**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Marc J. Pernick has concurred in this filing.

Dated: May 31, 2012

*/s/ Michael A. Jacobs*
Michael A. Jacobs

DECLARATION OF MARC J. PERNICK ISO APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE
CASE NO. 11-cv-01846-LHK (PSG)
sf-3150823

5