HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**DECLARATION OF CYNDI WHEELER IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL RE APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR SUMMARY JUDGMENT** |

I, Cyndi Wheeler, do hereby declare as follows:

1. I am an attorney for Apple Inc. ("Apple"). I submit this Declaration in Support of Apple's Administrative Motions to File Documents Under Seal re Apple's Opposition to Samsung's Motion for Summary Judgment. I have personal knowledge of the matters set forth below. If called as a witness I could and would testify competently as follows.

2. Exhibits 1 through 6, 12 through 16, 20, 24, 27, 29, 31, 48-54, 56, and 75-79 to the Declaration of Jason Bartlett in Support of Apple's Opposition to Samsung's Motion for Summary Judgment ("Bartlett Declaration") contain information that Apple treats as confidential in the ordinary course of its business. Specifically:

    a. Exhibit 1 to the Bartlett Declaration is a true and correct copy of an excerpt of the transcript of the August 3, 2011 deposition of Christopher Stringer. Some of these excerpts were cited in Bressler Decl. ¶¶ 132, 157-158. It contains trade secret information reflecting Apple's product design process, and the inner workings of Apple's industrial design group. This information is highly sensitive and could be used by Apple's competitors to Apple's disadvantage.

    b. Exhibit 2 to the Bartlett Declaration is a true and correct copy of an excerpt of the transcript of the December 1, 2011 deposition of Jonathan Ive. Some of these excerpts were cited in Bressler Decl. ¶¶ 132, 157. It contains trade secret information reflecting Apple's product design process, and the inner workings of Apple's industrial design group. This information is highly sensitive and could be used by Apple's competitors to Apple's disadvantage.

c. Exhibit 3 to the Bartlett Declaration is a true and correct copy of an excerpt of the transcript of the October 18, 2011 deposition of Freddy Anzures. It contains trade secret information reflecting Apple's product design process, and the inner workings of Apple's industrial design group. This information is highly sensitive and could be used by Apple's competitors to Apple's disadvantage.

d. Exhibit 4 to the Bartlett Declaration is a true and correct copy of an excerpt of the transcript of the March 2, 2012 deposition of Tang Tan. Some of these excerpts were cited in Bressler Decl. ¶¶ 132-135, 157-158. It contains discussions of manufacturing details, strategies for detecting and resolving problems, and confidential details of design and development practices. This information is highly sensitive and could be used by Apple's competitors to Apple's disadvantage.

e. Exhibit 5 to the Bartlett Declaration is a true and correct copy of an excerpt of the transcript of the February 29, 2012 deposition of Fletcher Rothkopf. Some of these excerpts were cited in Bressler Decl. ¶ 133. It contains discussions of manufacturing details, strategies for detecting and resolving problems, and confidential details of design and development practices. This information is highly sensitive and could be used by Apple's competitors to Apple's disadvantage.

f. Exhibit 6 to the Bartlett Declaration is a true and correct copy of an excerpt of the transcript of the February 28, 2012 deposition of Tamara Whiteside. Some of these excerpts were cited in Winer Decl. Ex. 1 ¶ 147 n. 50. It includes discussion of Apple's strategy regarding the design and

WHEELER DECL. ISO MOTIONS TO FILE UNDER SEAL RE OPP. TO MOT. FOR SUMMARY JUDGMENT
CASE NO. 11-CV-01846-LHK (PSG)
sf-3150855

2

composition of its advertisements. Public disclosure of such commercially sensitive information is inappropriate as it would provide competitors with inside information about how Apple designs its advertisements, a process that Apple has invested significant time and money in and that Apple keeps confidential. This information is highly sensitive and could be used by Apple's competitors to Apple's disadvantage.

g. Exhibit 12 to the Bartlett Declaration is a true and correct copy an excerpt of the transcript of the July 27, 2011 deposition of Sissie Twiggs. Some of these excerpts were cited in Winer Decl. Ex. 1 ¶ 147 n. 50. It includes discussion of Apple's strategy regarding the design and composition of its advertisements. Public disclosure of such commercially sensitive information is inappropriate as it would provide competitors with inside information about how Apple designs its advertisements, a process that Apple has invested significant time and money in and that Apple keeps confidential. This information is highly sensitive and could be used by Apple's competitors to Apple's disadvantage.

h. Exhibit 13 to the Bartlett Declaration is a true and correct copy an excerpt of the transcript of the February 23, 2012 deposition of Greg Joswiak. Some of these excerpts were cited in Winer Decl. Ex. 1 ¶ 147 n. 51. It contains confidential, proprietary market research and analysis, including information about the competitive landscape for mobile devices. This business information was created at a significant cost to Apple, and could be used by Apple's competitors to its disadvantage, particularly because it

CASE NO. 11-CV-01846-LHK (PSG)
sf-3150855

3

discusses Apple's direct competitors.  This information is highly sensitive and could be used by Apple's competitors to Apple's disadvantage.

i. Exhibit 14 to the Bartlett Declaration is a true and correct copy of Exhibit 45 to the July 27, 2011 deposition of Sissie Twiggs.  It includes discussion of Apple's strategy regarding the design and composition of its advertisements.  Public disclosure of such commercially sensitive information is inappropriate as it would provide competitors with inside information about how Apple designs its advertisements, a process that Apple has invested significant time and money in and that Apple keeps confidential.  This information is highly sensitive and could be used by Apple's competitors to Apple's disadvantage.

j. Exhibit 15 to the Bartlett Declaration is a true and correct copy of Exhibit 46 to the July 27, 2011 deposition of Sissie Twiggs.  It includes discussion of Apple's strategy regarding the design and composition of its advertisements.  Public disclosure of such commercially sensitive information is inappropriate as it would provide competitors with inside information about how Apple designs its advertisements, a process that Apple has invested significant time and money in and that Apple keeps confidential.  This information is highly sensitive and could be used by Apple's competitors to Apple's disadvantage.

k. Exhibit 16 to the Bartlett Declaration is a true and correct copy of excerpts of the Christopher Stringer Declaration in Support of Apple's Reply to its Motion for Preliminary Injunction dated September 30, 2011.  It contains trade secret information reflecting Apple's product design process, and the

inner workings of Apple's industrial design group. This information is highly sensitive and could be used by Apple's competitors to Apple's disadvantage.

l.  Exhibit 20 to the Bartlett Declaration is a true and correct copy of an excerpt of the transcript of the March 5, 2012 deposition of Robert Brunner. It contains trade secret information reflecting Apple's product design process, and the inner workings of Apple's industrial design group. This information is highly sensitive and could be used by Apple's competitors to Apple's disadvantage.

m.  Exhibit 24 to the Bartlett Declaration is a true and correct copy of an excerpt of the transcript of the October 14, 2011 deposition of Imran Chaudhri. It contains trade secret information reflecting Apple's product design process, and the inner workings of Apple's industrial design group. This information is highly sensitive and could be used by Apple's competitors to Apple's disadvantage.

n.  Exhibit 27 to the Bartlett Declaration is a true and correct copy of documents produced by Apple as Bates range APLNDC-Y0000028751-28849. It contains confidential, proprietary market research and analysis, including information about the competitive landscape for mobile devices. This business information was created at a significant cost to Apple, and could be used by Apple's competitors to its disadvantage, particularly because it discusses Apple's direct competitors. This information is highly sensitive and could be used by Apple's competitors to Apple's disadvantage.

o. Exhibit 29 to the Bartlett Declaration is a true and correct copy of an iPhone Owner Study which Apple produced in connection with this litigation with Bates numbers APLNDC-Y25024-5147. It contains confidential, proprietary market research and analysis, including information about the competitive landscape for mobile devices. This business information was created at a significant cost to Apple, and could be used by Apple's competitors to its disadvantage, particularly because it discusses Apple's direct competitors. This information is highly sensitive and could be used by Apple's competitors to Apple's disadvantage.

p. Exhibit 31 to the Bartlett Declaration is a true and correct copy of an excerpt of the transcript of the May 4, 2012 deposition of Stephen Gray. It contains confidential information about Apple's product design process, including discussions of source code and internal communications. This trade secret information could be used by Apple's competitors to its disadvantage.

q. Exhibit 48 to the Bartlett Declaration is a true and correct copy of excerpts of the transcript of the February 7, 2012 deposition of Jonathan Ive. Portions of these excerpts are cited in Bressler Decl. ¶ 132. It contains trade secret information reflecting Apple's product design process, and the inner workings of Apple's industrial design group. This information is highly sensitive and could be used by Apple's competitors to Apple's disadvantage.

r. Exhibit 49 to the Bartlett Declaration is a true and correct copy of an excerpt of the transcript of the November 4, 2011 deposition of Christopher

Stringer. Portions of these excerpts are cited in Bressler Decl. ¶ 132. It contains trade secret information reflecting Apple's product design process, and the inner workings of Apple's industrial design group. This information is highly sensitive and could be used by Apple's competitors to Apple's disadvantage.

    s. Exhibit 50 to the Bartlett Declaration is a true and correct copy of an excerpt of the transcript of the February 28, 2012 deposition of Phil Hobson. Some of these excerpts were cited in Bressler Decl. ¶¶ 132-133. It contains discussions of manufacturing details, strategies for detecting and resolving problems, and confidential details of design and development practices. This information is highly sensitive and could be used by Apple's competitors to Apple's disadvantage.

    t. Exhibit 51 to the Bartlett Declaration is a true and correct copy of an excerpt of the transcript of the March 8, 2012 deposition of Christopher Prest. This excerpt is cited in Bressler Decl. ¶¶ 133, 158. It contains discussions of manufacturing details, strategies for detecting and resolving problems, and confidential details of design and development practices. This information is highly sensitive and could be used by Apple's competitors to Apple's disadvantage.

    u. Exhibit 52 to the Bartlett Declaration is a true and correct copy of an excerpt of the transcript of the February 16, 2012 deposition of Richard Dinh. This excerpt is cited in Bressler Decl. ¶ 133. It contains discussions of manufacturing details, strategies for detecting and resolving problems, and confidential details of design and development practices. This

information is highly sensitive and could be used by Apple's competitors to Apple's disadvantage.

v. Exhibit 53 to the Bartlett Declaration is a true and correct copy of an excerpt of the transcript of the October 14, 2011 deposition of Scott Herz. It contains confidential information about Apple's product design process, including discussions of source code and internal communications. This trade secret information could be used by Apple's competitors to its disadvantage.

w. Exhibit 54 to the Bartlett Declaration is a true and correct copy of an excerpt of the transcript of the October 18, 2011 deposition of Andrew Platzer.   It contains confidential information about Apple's product design process, including discussions of source code and internal communications. This trade secret information could be used by Apple's competitors to its disadvantage.

x. Exhibit 56 to the Bartlett Declaration is a true and correct copy of an excerpt of the transcript of the August 9, 2011 deposition of Bas Ording.  It contains confidential information about Apple's product design process, including discussions of source code and internal communications.  This trade secret information could be used by Apple's competitors to its disadvantage.

y. Exhibit 75 to the Bartlett Declaration is a copy of the iPhone 3GS Launch Kit – US, dated June 2009, which Apple produced in connection with this litigation with Bates number APLNDC0002008363-2008405.  This document was cited in Winer Decl. Ex. 1 ¶ 47 n.52.  It contains

WHEELER DECL. ISO MOTIONS TO FILE UNDER SEAL RE OPP. TO MOT. FOR SUMMARY JUDGMENT
CASE NO. 11-CV-01846-LHK (PSG)
sf-3150855

8

confidential, proprietary market research and analysis, including information about the competitive landscape for mobile devices. This business information was created at a significant cost to Apple, and could be used by Apple's competitors to its disadvantage.

z.  Exhibit 76 to the Bartlett Declaration is a copy of is a copy of the iPad Asset Kit – US, dated April 2012, which Apple produced in connection with this litigation with Bates number APLNDC0001964084-1964099; 2027210.  This document was cited in Winer Decl. Ex. 1 ¶ 47 n.52.  It contains confidential, proprietary marketing communications with Apple's business partners.  These exhibits have also been designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.  This confidential business information was created at a significant cost to Apple, and could be used by Apple's competitors to its disadvantage.

aa. Exhibit 77 to the Bartlett Declaration is a copy of is a copy of the iPad 2 Business Asset Kit—English, dated March 2011, which Apple produced in connection with this litigation with Bates number APLNDC0002027210-APLNDC0002027226.  This document is cited in Winer Decl. Ex. 1 ¶ 47 n.52.  It contains confidential, proprietary marketing communications with Apple's business partners.  These exhibits have also been designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. This confidential business information was created at a significant cost to Apple, and could be used by Apple's competitors to its disadvantage.

bb. Exhibit 78 to the Bartlett Declaration is a true and correct copy of excerpts from the February 21, 2012 deposition transcript of Stanley Ng.  These

WHEELER DECL. ISO MOTIONS TO FILE UNDER SEAL RE OPP. TO MOT. FOR SUMMARY JUDGMENT
CASE NO. 11-CV-01846-LHK (PSG)
sf-3150855

9

excerpts were cited in Winer Decl. Ex. 1 ¶ 147 n.50.  It contains confidential, proprietary market research and analysis, including information about the competitive landscape for mobile devices.  This business information was created at a significant cost to Apple, and could be used by Apple's competitors to its disadvantage, particularly because it discusses Apple's direct competitors.  This information is highly sensitive and could be used by Apple's competitors to Apple's disadvantage.

cc. Exhibit 79 to the Bartlett Declaration is a true and correct copy of excerpts from the February 17, 2012 deposition transcript of Phillip Schiller.  These excerpts were cited in Winer Decl. Ex. 1 ¶ 147 n.51.  This confidential business information was created at a significant cost to Apple, and could be used by Apple's competitors to its disadvantage, particularly because it discusses Apple's direct competitors.  This information is highly sensitive and could be used by Apple's competitors to Apple's disadvantage.

3. Exhibit G to the Declaration of Michel Maharbiz, Ph.D. in Support of Apple's Opposition to Samsung's Motion for Summary Judgment ("Maharbiz Declaration") includes true and correct copies of APLNDCA0000153862-870; APLNDCA0001278440-48; APL-ITC796-0000402782-2834; APL-ITC796-0000403337-378; APL-ITC0000405165-5208; APL-ITC796-0000405693-5736; APL-ITC796-0000406250-278.  It contains information that Apple treats as confidential in the ordinary course of its business.  Specifically, Exhibit G contains trade secret information reflecting:  Apple's product design process, specifics regarding the iPad design project, and the inner workings of Apple's industrial design group.  This information is highly sensitive and could be used by Apple's competitors to Apple's disadvantage.

4. Exhibit 1 to the Declaration of Karan Singh, Ph.D. in Support of Apple's Opposition to Samsung's Motion for Summary Judgment ("Singh Declaration") is the Expert Report of Karan Singh, Ph.D. Regarding Infringement of U.S. Patents Nos. 7,864,163, 7,844,915 and 7,853,891. It contains information that Apple treats as confidential in the ordinary course of its business. Specifically it contains commercially sensitive information, including information regarding Apple's development of its patented inventions. This exhibit has also been designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. Public disclosure of such commercially sensitive information is inappropriate as it could be used by Apple's competitors to its disadvantage.

5. Exhibits 42 through 58, 73 through 82, and 95 to the Declaration of Peter Bressler in Support of Apple's Opposition to Samsung's Motion for Summary Judgment ("Bressler Declaration") contain information that Apple treats as confidential in the ordinary course of its business. Specifically:

   a. Exhibits 42 through 49 contain CAD drawings from the development of the iPhone that reflect Apple's product design process. These exhibits have also been designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. This trade secret information is highly sensitive and could be used by Apple's competitors to its disadvantage.

   b. Exhibits 50 through 54 contain photographs of Apple alternative design prototypes that reflect Apple's product design process. These exhibits have also been designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. This trade secret information is highly sensitive and could be used by Apple's competitors to its disadvantage.

      c.   Exhibits 55 through 58 contain internal Apple communications regarding product design and development, and the inner workings of Apple's industrial design group. These exhibits have also been designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. This trade secret information is highly sensitive and could be used by Apple's competitors to its disadvantage.

      d.   Exhibits 73 through 77 contain CAD drawings from the development of the iPad that reflect Apple's product design process. These exhibits have also been designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. This trade secret information is highly sensitive and could be used by Apple's competitors to its disadvantage.

      e.   Exhibits 78 through 82 contain photographs of Apple alternative design prototypes that reflect Apple's product design process. These exhibits have also been designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. This trade secret information is highly sensitive and could be used by Apple's competitors to its disadvantage.

      f.   Exhibit 95 is an iPhone Product Timeline that contains confidential, proprietary market research and analysis, including information about the competitive landscape for mobile devices. This confidential business information was created at a significant cost to Apple, and could be used by Apple's competitors to its disadvantage.

6. Exhibit A to the Declaration of Alan Hedge, Ph.D. in Support of Apple's Opposition to Samsung's Motion for Summary Judgment ("Hedge Declaration") contains information that Apple treats as confidential in the ordinary course of its business. Specifically,

1  Exhibit A contains trade secret information reflecting: Apple's product design process, specifics
2  regarding the iPad design project, and the inner workings of Apple's industrial design group.
3  This information is highly sensitive and could be used by Apple's competitors to Apple's
4  disadvantage.
5
6         7.      Exhibit 1 to the Declaration of Russell Winer in Support of Apple's Opposition to
7  Samsung's Motion for Summary Judgment ("Winer Declaration") contain information that Apple
8  treats as confidential in the ordinary course of its business. Specifically, Exhibit 1 includes
9  discussion of Apple's strategy regarding the design and composition of its advertisements. Public
10 disclosure of such commercially sensitive information is inappropriate as it would provide
11 competitors with inside information about how Apple designs its advertisements, a process that
12 Apple has invested significant time and money in and that Apple keeps confidential. It also
13 contains confidential information regarding Apple's advertising expenditures and confidential,
14 proprietary market research and analysis, including information about the competitive landscape
15 for mobile devices. This business information was created at a significant cost to Apple, and
16 could be used by Apple's competitors to its disadvantage, particularly because it discusses Apple's
17 direct competitors.
18
19         8.      Exhibits B-E, H and I to the Declaration of Terry Musika, Ph.D. in Support of
20 Apple's Opposition to Samsung's Motion for Summary Judgment ("Musika Declaration")
21 contain information that Apple treats as confidential in the ordinary course of its business.
22 Specifically:
23
24              a.   Exhibit B to the Musika Declaration is Exhibit 29-S to the Supplemental
25                   Expert Report of Terry Musika, CPA ("Musika Supplemental Report"). It
26                   contains confidential, proprietary market research and analysis, including
27                   information about the competitive landscape for mobile devices. This
28

business information was created at a significant cost to Apple, and could be used by Apple's competitors to its disadvantage, particularly because it discusses Apple's direct competitors. It also contains highly confidential and commercially sensitive business information regarding Apple financial data and could be used to Apple's disadvantage by competitors if it were not filed under seal. In addition, the parties have stipulated that damages-related expert materials should be submitted to the Court under seal and not placed on the public record.

b. Exhibit C to the Musika Declaration is Exhibit 32-S to the Musika Supplemental Report. It contains confidential, proprietary market research and analysis, including information about the competitive landscape for mobile devices. This business information was created at a significant cost to Apple, and could be used by Apple's competitors to its disadvantage, particularly because it discusses Apple's direct competitors. It also contains highly confidential and commercially sensitive business information regarding Apple financial data and could be used to Apple's disadvantage by competitors if it were not filed under seal. In addition, the parties have stipulated that damages-related expert materials should be submitted to the Court under seal and not placed on the public record.

c. Exhibit D to the Musika Declaration is Exhibit 30-S to the Supplemental Expert Report of Terry Musika, CPA. It contains confidential, proprietary market research and analysis, including information about the competitive landscape for mobile devices. This business information was created at a significant cost to Apple, and could be used by Apple's competitors to its

WHEELER DECL. ISO MOTIONS TO FILE UNDER SEAL RE OPP. TO MOT. FOR SUMMARY JUDGMENT
CASE NO. 11-CV-01846-LHK (PSG)
sf-3150855

14

disadvantage, particularly because it discusses Apple's direct competitors. It also contains highly confidential and commercially sensitive business information regarding Apple financial data and could be used to Apple's disadvantage by competitors if it were not filed under seal. In addition, the parties have stipulated that damages-related expert materials should be submitted to the Court under seal and not placed on the public record.

d. Exhibit E to the Musika Declaration is Exhibit 33-S to the Musika Supplemental Report. It contains confidential, proprietary market research and analysis, including information about the competitive landscape for mobile devices. This business information was created at a significant cost to Apple, and could be used by Apple's competitors to its disadvantage, particularly because it discusses Apple's direct competitors. It also contains highly confidential and commercially sensitive business information regarding Apple financial data and could be used to Apple's disadvantage by competitors if it were not filed under seal. In addition, the parties have stipulated that damages-related expert materials should be submitted to the Court under seal and not placed on the public record.

e. Exhibit H to the Musika Declaration is Exhibit 25-S to the Supplemental Expert Report of Terry Musika, CPA. It contains information that is confidential and proprietary to Apple, and could be used to its disadvantage by competitors. It also contains highly confidential and commercially sensitive business information regarding Apple financial data and could be used to Apple's disadvantage by competitors if it were not filed under seal. In addition, the parties have stipulated that damages-related expert

materials should be submitted to the Court under seal and not placed on the public record.

  f. Exhibit I to the Musika Declaration is the Expert Report of John R. Hauser. It contains confidential, proprietary market research and analysis, including information about the competitive landscape for mobile devices. This business information was created at a significant cost to Apple, and could be used by Apple's competitors to its disadvantage, particularly because it discusses Apple's direct competitors. It also contains highly confidential and commercially sensitive business information regarding Apple financial data and could be used to Apple's disadvantage by competitors if it were not filed under seal. In addition, the parties have stipulated that damages-related expert materials should be submitted to the Court under seal and not placed on the public record.

9. Exhibit A to the Declaration of Janusz A. Ordover, Ph.D. in Support of Apple's Opposition to Samsung's Motion for Summary Judgment ("Ordover Declaration") contain information that Apple treats as confidential in the ordinary course of its business. Specifically:

  a. Exhibit A to the Ordover Declaration is the Expert Report of Dr. Janusz A. Ordover dated March 22, 2012. The report is designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the Protective Order. Paragraph 151 and 160 contain information regarding Apple's pricing of its products for sales to network carriers. Paragraph 153 and footnote 161 contain confidential information regarding Apple's patent licensing practices and individual patent licenses that it has entered into.

10. Exhibits A and B to the Declaration of Mark D. Selwyn in Support of Apple's Opposition to Samsung's Motion for Summary Judgment ("Selwyn Declaration") contain information that Apple treats as confidential in the ordinary course of its business. Specifically:

    a. Exhibit A to the Selwyn Declaration is an excerpt from the deposition of Jon Hamkins, dated April 25, 2012. This transcript is marked HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with the Protective Order. Page 12 contains confidential information concerning the costs that Apple has incurred in defending against certain of Samsung's infringement claims in this litigation.

    b. Exhibit B to the Selwyn Declaration is an excerpt from the deposition of Venugopal Veeravalli, Dated April 23, 2012. This transcript is marked "Outside Attorneys' Eyes Only – Confidential Intel Source Code" in accordance with the Protective Order. Page 10 contains confidential information concerning the costs that Apple has incurred in defending against certain of Samsung's infringement claims in this litigation.

11. It is Apple's policy not to disclose or describe its confidential financial, design and product development information. The information that is described above is confidential to Apple. Apple is well known worldwide for its corporate culture of carefully maintaining the confidentiality of its business information. If disclosed, the information in the materials described above could be used by Apple's competitors to Apple's disadvantage.

12. In addition, the Musika Declaration and Exhibits A through L thereto contain highly confidential damages-related expert materials. The parties have stipulated that all damages-related expert materials will be submitted to the Court under seal and not placed on the public record.

<377>

<377>

13. Finally, to the extent Apple's Opposition and the other papers filed by Apple concurrently therewith refer to or discuss the above-referenced materials, they could be used to Apple's disadvantage by competitors if they were not filed under seal, for the same reasons.

14. The relief requested in this motion is necessary and is narrowly tailored to protect confidential information, focusing only on specific exhibits and specific portions of the briefs and declarations at issue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that this Declaration was executed this 31st day of May, 2012, at Cupertino, California.

By: */s/ Cyndi Wheeler*

WHEELER DECL. ISO MOTIONS TO FILE UNDER SEAL RE OPP. TO MOT. FOR SUMMARY JUDGMENT
CASE NO. 11-CV-01846-LHK (PSG)
sf-3150855

18