# EXHIBIT 2

Srivastava, Mani, Ph.D.  (Apple expert)

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                    SAN JOSE DIVISION
 4
    ---------------------------------x
 5  APPLE INC., a California          )
    corporation,                      )
 6                                    )
                     Plaintiff,       )
 7                                    )
              vs.                     )No. 11-CV-01846-LHK
 8                                    )
    SAMSUNG ELECTRONICS CO., LTD,     )
 9  a Korean business entity;         )
    SAMSUNG ELECTRONICS AMERICA,      )
10  INC., a New York corporation;     )
    SAMSUNG TELECOMMUNICATIONS        )
11  AMERICA, LLC, a Delaware          )
    limited liability company,        )
12                                    )
                     Defendants.      )
13  _____    )
14
15
          VIDEOTAPED DEPOSITION OF MANI SRIVASTAVA
16
                   Los Angeles, California
17
                   Wednesday, April 25, 2012
18
19              HIGHLY CONFIDENTIAL
20
21
22
23  Reported By:
24  SUSAN A. SULLIVAN, CSR #3522, RPR, CRR
25  JOB NO. 48799
```

1  originally being anticipatory; is that correct?
2      A   I analyzed them and found them to be
3  anticipatory.  I did have access to Apple's
4  invalidity contentions.
5      Q   But, in other words, you didn't come up
6  with the Suso reference yourself, you were limited
7  to what Apple had disclosed under the local rules;
8  is that correct?
9      A   Right.  I was told that I was limited to
10 it, yes.
11     THE VIDEOGRAPHER:  We're getting pretty close to
12 the end of the tape.
13     MR. STRETCH:  Why don't we change the tape.
14     THE VIDEOGRAPHER:  This marks the end of Disc
15 No. 1 in the continuing deposition.  The time is
16 11:18 a.m. and we are now off the record.
17          (Recess)
18     THE VIDEOGRAPHER:  This marks the beginning of
19 Disc No. 2 in the continuing deposition.  The time
20 is 11:30 a.m. and we're back on the record.
21 BY MR. STRETCH:
22     Q   Doctor, let me ask you to first before we
23 look at the actual references, ask you to look at
24 Exhibit, I think it is 2A.  It is the claim of the
25 '460 that's asserted.

1    A    Uh-huh.
2    Q    Do you have that in front of you?
3    A    Yes.
4    Q    Now I understand that you have various
5  opinions and arguments about that it is not
6  infringed, it is invalid, everything else.
7         Can we agree that at the very least this
8  claim requires the three core functions that Dr.
9  Yang opined on?  And by that I mean two separate
10 E-mail transmission modes, one for text only, one --
11 a second one for sending E-mail that's entered
12 through a display sub-mode and the ability to
13 sequentially display other images stored in memory?
14        MS. WHELAN:  Objection.
15        THE WITNESS:  I do find the claim overall
16 confusing as to what method it is citing.  Whether
17 there are two E-mail sub-modes or not, the claim
18 language does use the first E-mail sub-mode and the
19 second E-mail sub-mode.  As I alluded to in my
20 report, the specification is at variance with that.
21 But in terms of does it talk about sending an E-mail
22 text alone, an E-mail with text and image and
23 sequentially scrolling through the images, yes, the
24 claim does talk about these three things.
25        Q    BY MR. STRETCH:  Okay.

```
1   State of California    )
                           )  ss.
2   County of Los Angeles  )

3

4            I, SUSAN A. SULLIVAN, CALIFORNIA CSR No.
5   3522, RPR, CRR, do hereby certify:
6            That prior to being examined MANI
7   SRIVASTAVA, the witness named in the foregoing
8   deposition, was, before the commencement of the
9   deposition, duly administered an oath in accordance
10  with C.C.P. Section 2094;
11           That the said deposition was taken before
12  me at the time and place therein set forth, and was
13  taken down by me in shorthand and thereafter
14  transcribed into typewriting under my direction and
15  supervision; that the said deposition is a true and
16  correct record of the testimony given by the
17  witness;
18           I further certify that I am neither counsel
19  for, nor in any way related to any party to said
20  action, nor in any way interested in the outcome
21  thereof.
22           IN WITNESS WHEREOF, I have subscribed my
23  name on this 26th day of April, 2012.
24                         _____
                              SUSAN A. SULLIVAN CSR No. 3522
25
```