# EXHIBIT 5



| UNITED STATES PATENT AND TRADEMARK OFFICE | |
|---|---|
| | UNITED STATES DEPARTMENT OF COMMERCE<br>United States Patent and Trademark Office<br>Address: COMMISSIONER OF PATENTS AND TRADEMARKS<br>Washington, D.C. 20231<br>www.uspto.gov |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/540,830 | 03/31/2000 | Jae-Min Kim | 678-430(P8851) | 2348 |

7590    08/08/2002

Paul J Farrell Esq
Dilworth & Barrese
333 Earle Ovington Boulevard
Uniondale, NY  11663

| EXAMINER |
|---|
| ENG, GEORGE |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2643 | |

DATE MAILED: 08/08/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

APLNDC-WH-A 0000014255

| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
| | 09/540,830 | KIM ET AL. |
| | Examiner | Art Unit |
| | George Eng | 2643 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

### Period for Reply

**A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE _3_ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.**
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

### Status

1) ☒ Responsive to communication(s) filed on _3/31/2000_.
2a) ☐ This action is **FINAL**.    2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

### Disposition of Claims

4) ☒ Claim(s) _1-20_ is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) _1-20_ is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

### Application Papers

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
11) ☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.
    If approved, corrected drawings are required in reply to this Office action.
12) ☐ The oath or declaration is objected to by the Examiner.

### Priority under 35 U.S.C. §§ 119 and 120

13) ☒ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a)☒ All   b)☐ Some *  c)☐ None of:
       1. ☒ Certified copies of the priority documents have been received.
       2. ☐ Certified copies of the priority documents have been received in Application No. _____.
       3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.
14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).
    a) ☐ The translation of the foreign language provisional application has been received.
15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**
1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _3_.
4) ☐ Interview Summary (PTO-413) Paper No(s). _____.
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: .

Application/Control Number: 09/540,830 Page 2
Art Unit: 2643

## DETAILED ACTION

### *Priority*

1. Receipt is acknowledged of papers submitted under 35 U.S.C. 119(a)-(d), which papers have been placed of record in the file.

### *Information Disclosure Statement*

2. The information disclosure statement filed 5/28/2002 (paper no. 3) has been considered.

### *Claim Rejections - 35 USC § 112*

3. The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

4. Claim 9 is rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

Claim 9 recites the limitation "the portable phone controller" in line 2. There is insufficient antecedent basis for this limitation in the claim. It appears that "the portable phone controller" should be --the portable phone unit --.

APLNDC-WH-A 0000014257

## *Claim Rejections - 35 USC § 102*

5.  The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371(c) of this title before the invention thereof by the applicant for patent.

The changes made to 35 U.S.C. 102(e) by the American Inventors Protection Act of 1999 (AIPA) do not apply to the examination of this application as the application being examined was not (1) filed on or after November 29, 2000, or (2) voluntarily published under 35 U.S.C. 122(b). Therefore, this application is examined under 35 U.S.C. 102(e) prior to the amendment by the AIPA (pre-AIPA 35 U.S.C. 102(e)).

6.  Claims 17-19 are rejected under 35 U.S.C. 102(e) as being anticipated by Irube (US PAT. 6,377,818 hereinafter Irube).

Regarding claim 17, Irube discloses a method of operating a communication terminal apparatus which functions as both a portable phone and a camera comprising the steps of setting a portable phone mode by turning on the communication terminal apparatus, regulating voltage supporting components of the portable phone mode and performing a general portable phone function (col. 6 line 48 through col.8 line 17), setting a camera mode upon user request of camera operation, regulating voltage supporting components of the camera mode and performing a camera function (col. 8 line 52 through col.9 line 8 and col. 13 line 25 though 14 line 48), capturing the image of an object upon user request for photograph in camera mode and

APLNDC-WH-A 0000014258

Application/Control Number: 09/540,830 Page 4
Art Unit: 2643

displaying a captured image stored in a camera memory of the communication terminal apparatus on a display of the communication terminal apparatus upon user request for displaying the image (col. 14 lines 50-63).

Regarding claims 18-19, Irube teaches a first voltage supplied from a first power supply unit (55, figure 2) to a portable phone unit (2) of the communication terminal apparatus and a second power voltage is supplied from a second power supply unit (36, figure 1) to a camera unit (4) of the communication terminal apparatus when the portable phone mode is set.

### *Claim Rejections - 35 USC § 103*

7.  The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

This application currently names joint inventors. In considering patentability of the claims under 35 U.S.C. 103(a), the examiner presumes that the subject matter of the various claims was commonly owned at the time any inventions covered therein were made absent any evidence to the contrary. Applicant is advised of the obligation under 37 CFR 1.56 to point out the inventor and invention dates of each claim that was not commonly owned at the time a later invention was made in order for the examiner to consider the applicability of 35 U.S.C. 103(c) and potential 35 U.S.C. 102(e), (f) or (g) prior art under 35 U.S.C. 103(a).

Application/Control Number: 09/540,830 Page 5
Art Unit: 2643

8.  Claims 1-12 and 15-16 are rejected under 35 U.S.C. 103(a) as being unpatentable over Hsieh et al. (US PAT. 5,969,750 hereinafter Hsieh) in view of Irube et al. (US PAT. 6,377,818 hereinafter Irube).

Regarding claim 1, Hsieh discloses a portable composite communication terminal (300) for voice communication and image transmission and reception as shown in figure 6 comprising a camera unit (110) for digitally capturing an image of an object, constructing the image in a predetermined format, compressing the formatted image, and storing the compressed image in the camera memory under a predetermined camera control (col. 6 line 27 through col. 7 line 7), a portable phone unit (320) obviously including a controller for providing overall control to the portable composite communication terminal, a display (310 and 315) for displaying images (col. 11 lines 8-10), and an interface (117) between the portable phone unit and the display (col. 10-13). Hsieh differs from the claimed invention in not specifically teaching the portable phone unit selectively performing voice communication and image transmission and reception and the display for displaying characters under control of the portable phone unit. However, Irube teaches a communication terminal device providing modes selection function for selectively performing voice communication and image transmission and reception (col. 1 lines 44-56 and col. 4 line 33 through col. 5 line 9) and a display for displaying characters under the control of a main controller (col. 4 lines 10-32 and col. 6 lines 18-34) in order to providing a videophone function comprising a video input and output function without impairing its portability and storability. Therefore, it would have been obvious to a person of ordinary skill in the art at the time the invention was made to modify Hsieh, in having the portable phone unit selectively performing voice communication and image transmission and reception and the display for

Application/Control Number: 09/540,830 Page 6
Art Unit: 2643

displaying characters under control of the portable phone unit, as per teaching of Irube, because it provides a videophone function comprising a video input and output function without impairing its portability and storability.

Regarding claim claims 3-7, Irube teaches the keys related with the camera unit including a play key, a mode key for selecting a camera environment, a shutter key for capturing an object image, an enter key for setting a camera environment selected by the mode key and a camera on/off switch, wherein the play key and the camera on/off switch are provided on a side of the portable composite communication terminal (figures 3A- 3D, col. 6 lines 18-45 and col. 14 line 22 through col.16 line 28)

Regarding claim 8, Hsieh discloses the camera unit (110) has a lens at an upper portion of the portable composite communication terminal (figure 6). Although Hsieh does not specifically teach the camera unit locating at the rear surface, Irube teaches camera unit can be attached on a front surface or a rear surface in order to improve the portability by providing two states of camera unit attachment. Therefore, it would have been obvious to a person of ordinary skill in the art at the time the invention was made to modify Hsieh in having an attachable camera unit for attaching at an upper portion of the rear surface of the portable composite communication terminal, as per teaching of Irube, because it improves the portability.

Regarding claims 9-11, Irube disclose the communication terminal device (1) comprising the main controller (11) for controlling a battery power voltage to be supplied to the camera interface unit, the camera unit and the display unit when a user turns on the camera on/off switch (col. 6 lines 32-45 and col. 8 lines 52-61).

Regarding claim 12, Irube teaches an on screen display controller for controlling one of a download background image and characters on the display and a switch for selectively outputting an external image signal received from camera unit and an image received from the on screen display under the control of the on screen display controller (col. 10 lines 23-65 and col. 14 lines 50-63).

Regarding claim 15, Hsieh discloses the camera unit for converting the digitally captured image to a motion picture signal, i.e., JPEG format, compressing the formatted image data, storing the compressed image data and decompressed the stored compress image data under a predetermined read control (col. 6 line 27 through col. 9 line 11).

Regarding claim 16, the limitations of the claim are rejected as the same reasons as set forth in claim 1. In addition, Hsieh teaches to use a cellular communication for transmission and reception of voice and images to and from the portable composite communication terminal (col. 11 lines 39-47).

9. Claims 13-14 are rejected under 35 U.S.C. 103(a) as being unpatentable over Hsieh et al. (US PAT. 5,969,750 hereinafter Hsieh) in view of Irube et al. (US PAT. 6,377,818 hereinafter Irube) as applied in claims above, and further in view of Gerszberg et al. (US PAT. 6,044,403 hereinafter Gerszberg).

Regarding claims 13-14, Irube discloses the main controller (11) comprising a memory having an operation program, an application program, a data function including e-mail and facsimile and a user interface function including graphic user interface, a radio link protocol and a communication protocol (col. 4 lines 10-15, col. 13 lines 34-41 and col. 17 line 30 through col.

APLNDC-WH-A 0000014262

Application/Control Number: 09/540,830 Page 8
Art Unit: 2643

19 line 15). The combination of Hsieh and Irube differs from the claimed invention in not specifically teaching the memory having an Internet protocol and the application program including a voice dialing, character recognition, game information and game function. However, Gerszberg discloses a videophone for provide a vast array of new services comprising a memory for storing a user profile including Internet protocol for connect the videophone to a server over Internet (col. 8 lines 59 through col.9 line 4) and application program including voice dialing, character recognition, game information management and game function (col. Col. 11 lines 12-25, col. 18 lines 14-20, col. 24 lines 17-30 and col. 25 lines 29-39). Therefore, it would have been obvious to a person of ordinary skill in the art at the time the invention was made to modify the combination of Hsieh and Irube in having an Internet protocol in the memory and the application program including a voice dialing, character recognition, game information and game function, as per teaching of Gerszberg, because it makes user friendly by providing a vast array of new services.

10. Claim 20 is rejected under 35 U.S.C. 103(a) as being unpatentable over Wagner et al. (US PAT. 6,169,911 hereinafter Wagner) in view of Suso et al. (US PAT. 6,069,648 hereinafter Suso) and Dawson (US PAT 6,252,588).

Regarding claim 20, Wagner discloses a data transmission method for a portable composite communication terminal (1, figure 1), which functions as a portable phone comprising the steps of entering a first E-mail transmission sub-mode upon user request for E-mail transmission while operating in a portable phone mode, the ==first E-mail transmission sub-mode performing a portable phone function, and transmitting the address of the other party and a==

Application/Control Number: 09/540,830                                                    Page 9
Art Unit: 2643

message received through a user interface in the first E-mail transmission sub-mode (col. 6 line 64 through col. 7 line 19). Wagner differs from the claimed invention in not specifically teaching the portable composite communication terminal functioning as a camera for recording image. However, Suso teaches an information communication terminal device (1, figure 6) comprising a camera for providing a recording mode to obtain an image for displaying (col. 4 line 63 through col. 6 line 34). Therefore, it would have been obvious to a person of ordinary skill in the art at the time the invention was made to modify Wagner in having a camera in the portable composite communication terminal, as per teaching of Suso, because it makes user friendly by providing an additional function for recording desired images during a camera recording mode. Furthermore, neither Wagner nor Suso specifically teaches to enter a second E-mail transmission sub-mode upon use request for E-mail transmission while operating in a display sub-mode, the second E-mail transmission sub-mode displaying image captured in a camera mode and transmitting the address of the other party and the message received through the user interface and the image displayed on the display as an E_mail in the second E-mail transmission sub-mode. However, Dawson teaches an audio-visual e-mail system having a first E-mail transmission mode for transmitting a text-only email message and a second E-mail transmission sub-mode upon user request for E-mail transmission, wherein the second E-mail sub-mode displays an image captured by a digital camera and transmits the address of the other party and the message received through the user interface and the image display on the display (col. 12 line 64 through col. 14 line 49). Therefore, it would have been obvious to a person of ordinary skill in the art at the time the invention was made to modify the combination of Wagner and Suso in having the second E-mail transmission sub-mode, as per teaching of Dawson, because it reduces the

Application/Control Number: 09/540,830                                          Page 10
Art Unit: 2643

complexity of sending e-mail message to a level that allows a user to send e-mail with a minimum of inconvenience.

### *Conclusion*

11. The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

Ejima et al. (US PAT. 6,259,469) discloses an electronic camera integrated in a communication device for recording image (figure 1 and abstract).

Ray (US PAT. 6,192,257) discloses wireless communication terminal having video image capability (abstract).

Yuyama et al. (US PAT. 5,825,408) discloses a portable monitor and image data taken by the imaging apparatus in compressed and stored (abstract).

Umezawa et al. (US PAT. 5,49,507) discloses a handy type video telephone equipment which permits a user to transmit and receive pictures and speech with a casing held in one hand (abstract).

12. Any response to this action should be mailed to:

    Commissioner of Patents and Trademarks

    Washington D.C. 20231

Or faxed to:

    (703) 872-9314 (for Technology Center 2600 only)

Application/Control Number: 09/540,830 Page 11
Art Unit: 2643

Hand delivered responses should be brought to Crystal Park II, 2121 Crystal Drive, Arlington, V.A., Sixth Floor (Receptionist).

13. Any inquiry concerning this communication or earlier communications from the examiner should be directed to George Eng whose telephone number is 703-308-9555. The examiner can normally be reached on Tuesday to Friday from 7:30 AM to 6:00 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Curtis A. Kuntz, can be reached on (703) 305-4870. The fax phone number for the organization where this application or proceeding is assigned is 703-308-6306.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 306-0377.

George Eng  *(signature)*
Examiner
Art Unit 2643

APLNDC-WH-A 0000014266