# EXHIBIT 10

```
 1            IN THE UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
 2                     OAKLAND DIVISION
 3
    APPLE INC., a California   :
 4  corporation,                :
                                :
 5      Plaintiff,               :
                                : CASE       4:11-cv-
 6  vs                          : NO.:       01846-LB
                                :
 7  SAMSUNG ELECTRONICS CO.,    :
    LTD., a Korean business     :
 8  entity; SAMSUNG             :
    ELECTRONICS AMERICA,        :
 9  INC., a New York            :
    corporation, SAMSUNG        :
10  TELECOMMUNICATIONS          :
    AMERICA, LLC, a Delaware    :
11  limited liability           :
    company,                    :
12                              :
        Defendants.             :
13  - - - - - - - - - - - -  >
14
                     PROTECTIVE ORDER
15         ** CONFIDENTIAL - ATTORNEYS' EYES ONLY  **
16
    VIDEOTAPED              JEONG-SEOK OH
17  DEPOSITION OF:
    TAKEN BY:               Counsel for Plaintiff
18
    DATE:                   November 11, 2011
19
    PLACE:                  Regus Business Centre
20                          Seoul, Korea
21  TIME:                   9:49 a.m. to 1:19 p.m.
22  REPORTED BY:            Lynann Nicely, RMR, CRR
                            Notary Public
23                          State of Hawaii at Large
24                          Pages 1 - 68
25
```

1  Q   Other than the three inventors listed on patent
2  460, were there any other people working on the team that
3  contributed to the invention described in the patent?
4       MS. MAROULIS:  Objection; vague, assumes facts,
5  calls for a conclusion.
6  A   As for the writing up of the patent, that was
7  the work done by the three of us.
8  Q   Did anyone else contribute to the writing of
9  the patent?
10 A   No, sir.
11 Q   Please describe the invention described in the
12 patent in your own words.
13      MS. MAROULIS:  Objection; calls for legal
14 conclusion.
15 A   By that do you mean to ask me to read you the
16 title, sir?
17 Q   No, just to describe what you claim to have
18 invented, in your own words.
19 A   As of the time of the present invention, what
20 was available was -- with respect to hand sets was text
21 only, using a black and white LCD.  And what our
22 invention entailed was to basically incorporate a camera
23 via which you would snap photos and store same and
24 manipulate it over a number of processes and ultimately
25 to be able to transmit the same.

```
 1     Q    What do you consider to have been your specific
 2  contribution to the invention?
 3          MS. MAROULIS:  Objection; vague.
 4          THE INTERPRETER:  Quick interjection.  Counsel
 5     means that in the singular as opposed to the plural,
 6     the three, right?
 7          MR. CULTICE:  Yes, correct.
 8     A    If memory serves, I believe it was I who
 9  drafted the draft of the underlying Korean patent and I
10  designed the interface for both the camera module and the
11  -- strike, the interface as goes between the camera
12  module and the phone module.
13     Q    What was Mr. Kim's contribution?
14     A    Well, for starters he conducted a review as to
15  basically correct any errors as to the draft that I had
16  come up with and otherwise he additionally provided
17  certain other functionalities that ought to be
18  incorporated.
19     Q    What other functionalities, please?
20     A    Well, I don't exactly recall at the moment.
21     Q    Is there a document you could look at that
22  might refresh your recollection on that question?
23          MS. MAROULIS:  Objection; assumes facts.
24     A    No, sir.
25     Q    Can you think of any way that your recollection
```

```
 1   might be refreshed on that score?
 2       A    No, I don't think so.
 3       Q    What was Mr. Park's contribution?
 4       A    Now, he would be the actual person who came up
 5   with the actual circuitry.
 6       Q    What inspired your contribution?
 7            MS. MAROULIS:  Objection; vague.
 8            THE INTERPRETER:  Singular or plural, counsel,
 9   please?
10            MR. CULTICE:  "Your" singular.
11       A    I don't believe I quite understand your
12   question, sir.
13       Q    Let me start another way.  When did the idea
14   come to you that is embodied in the invention described
15   in patent 460?
16       A    There happened to be certain plans to the
17   effect that, hey, let's come up with a camera phone.  As
18   for the time frame, that was in 1999 -- well, actually
19   more like 1998.
20       Q    How did you come up with the idea?
21            MS. MAROULIS:  Objection; vague.
22       A    I contemplated as to how to go about connecting
23   a camera to a phone and ultimately I came to write up
24   what I drafted.
25       Q    What problem were you attempting to solve?
```

```
 1      A     Well, whereas in the past phones were phones
 2   and cameras were cameras, they were separate disparate
 3   objects and had nothing to do with one another basically,
 4   and the idea was how to go about how to go about
 5   exercising control vis-a-vis the both of them using the
 6   one same identical screen.
 7      Q     Do you claim to have invented the camera phone?
 8            MS. MAROULIS:  Objection; vague.
 9      A     Yes.
10      Q     Do you contend that at the time of your
11   conception of the camera phone that camera phones didn't
12   exist in the prior art?
13            MS. MAROULIS:  Objection; calls for legal
14       conclusion, calls for speculation.
15      A     There weren't any to the best of my
16   understanding.
17      Q     You are speaking about 1998 to 1999, is that
18   correct?
19      A     Yes, the time frame when we embarked on it was
20   in 1998 and the patent application was submitted in 1999.
21      Q     The patent application to which you refer is
22   the Korean patent that was filed in 1999; is that
23   correct?
24      A     Yes.
25      Q     To be sure that I understand you, your
```

```
 1  unquote, scroll key?
 2      Q    Yes.
 3           MS. MAROULIS:  Objection; vague, calls for
 4      legal conclusion.
 5      A    Well, if you are asking as to the expression
 6  scroll key, quote unquote, that itself, if I'm the one
 7  who came up with that, then I think my answer would have
 8  to be no.
 9      Q    I'm asking about the function of the scroll key
10  that's described in patent 460 relating to the invention
11  that you claim to be a co-inventor of.
12           MS. MAROULIS:  Objection; calls for legal
13      conclusion, vague.
14      A    I don't quite recall.
15      Q    Do I understand you correctly that you do not
16  quite recall whether you claim to have invented the
17  scroll key or not?
18           MS. MAROULIS:  Objection; misstates testimony,
19      asked and answered, asks for a conclusion.
20      A    I do not recall, sir, as to what sort of
21  function is performed by the scroll key in this context.
22      Q    Does looking at the sentence that reads
23  "sequentially displaying other images stored in a memory
24  through the use of scroll keys" help you recollect that
25  function that you can't currently recollect?
```

1      A     Well, at the present moment I fail to recollect
2  as to what my intentions may have been at the time when
3  we were writing this up.  But as I look at this right
4  now, what does come to mind when I look at the word
5  "scroll key" is that it might be in reference to
6  something that's hardware oriented, maybe software
7  oriented, maybe something in reference to the flipping of
8  pages.
9      Q     What is your understanding of sequentially
10 displaying other images?
11           MS. MAROULIS:  Objection; calls for legal
12     conclusion, expert testimony.
13     A     I'm not too sure.
14     Q     Is there any way you can think of to refresh
15 your recollection on that point?
16     A     No, there is no way.
17     Q     I'm directing your attention now to lines 41
18 through 44 under column 14 on the Bates numbered page
19 14745 of the 460 patent.  What is your understanding of
20 the user interface referred to in those lines?
21           MS. MAROULIS:  Objection; calls for legal
22     conclusion and expert testimony.
23     A     Well, I guess after all by "user interface"
24 that is in reference to pretty much everything that is
25 shown to or everything that is visible to the user.

1      Q    I borrowed that phrase from you.

2           MS. MAROULIS:  Objection.  No question pending.

3  BY MR. CULTICE:

4      Q    Do you know what a handheld device is?

5      A    I think it all depends on the circumstances.  I

6  think it's going to be a little difficult to define it.

7      Q    How would you define handheld device?

8      A    Well, I guess given that things needed to be

9  expressed in English, I think it may have been put in

10 such a way, but I guess after all when they talk about

11 portable devices, they're talking about things that you

12 can carry with you.

13          VIDEOGRAPHER:  This marks the end of tape

14     number 2 in the deposition of Jeong-Seok Oh.  Going

15     off the record, the time is 11:59 a.m.

16          (Brief recess.)

17          VIDEOGRAPHER:  Back on the record.  This marks

18     the beginning of tape number 3 in the deposition of

19     Jeong-Seok Oh.  The time is 12:12 p.m.

20 BY MR. CULTICE:

21     Q    Mr. Oh, you did not -- you are not claiming to

22 have invented the attachment of a photo to e-mail in a

23 handheld device, are you?

24          MS. MAROULIS:  Objection; vague.

25     A    What I was proposing was that the transmission

1   of e-mail from and by use of a handheld -- sorry, a
2   mobile phone be enabled.
3             INTERPRETER:  May the interpreter correct.
4   "What I was proposing was that the transmission of e-mail
5   from and by use of a portable phone -- portable device,
6   rather, be enabled."
7       Q    Do you claim to have invented the attachment of
8   a photo to an e-mail from a portable device?
9             MS. MAROULIS:  Objection; vague, asked and
10      answered, calls for a legal conclusion.
11      A    Well, what I have invented is to the extent of
12  being able to snap a photo using such a device and then
13  sending that as part of an e-mail.
14      Q    Do you claim that that invention is described
15  in patent 460?
16            MS. MAROULIS:  Objection; vague, calls for
17      legal conclusion.
18      A    Correct.
19      Q    Is that the invention described by Claim 1 on
20  page 14745 of the 460 patent?
21            MS. MAROULIS:  Objection; vague, calls for
22      legal conclusion.
23      A    I don't quite know.
24      Q    By reading the language on Claim 1 on Bates
25  page 14745, could you practice the invention ascribed in

```
 1                    CERTIFICATE OF REPORTER
 2
 3
 4              I, LYNANN NICELY, Registered Professional
 5    Reporter, certify that I was authorized to and did
 6    stenographically report the foregoing deposition; that a
 7    review of the transcript was requested; and that the
 8    transcript is a true record of the testimony given by the
 9    witness.
10
11              I further certify that I am not a relative,
12    employee, attorney, or counsel of any of the parties, nor
13    am I a relative or employee of any of the parties'
14    attorney or counsel connected with the action, nor am I
15    financially interested in the action.
16
17              Dated this day 11/17/2011.
18
19
20
21                                 _____
22                                 Lynann Nicely, RMR, CRR
23
24
25
```