# EXHIBIT 13

```
 1            UNITED STATES DISTRICT COURT
 2      NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE
 3                     DIVISION
 4   - - - - - - - - - - - - - - - - - - - - - - -
 5   APPLE INC., a California Corporation,
 6                   Plaintiff,   Case No.
 7         vs.                    11-CV-01846-LHK
 8   SAMSUNG ELECTRONICS CO., LTD., a
 9   Korean business entity, SAMSUNG
10   ELECTRONICS AMERICA, INC., a New      HIGHLY
11   York corporation, and SAMSUNG         CONFIDENTIAL
12   TELECOMMUNICATIONS AMERICA, LLC, a
13   Delaware limited liability company.   ATTORNEYS'
14                   Defendants.           EYES ONLY
15   _____
16   SAMSUNG ELECTRONICS CO., LTD., a
17   Korean business entity, SAMSUNG
18   ELECTRONICS AMERICA, INC., a New
19   York corporation, and SAMSUNG
20   TELECOMMUNICATIONS AMERICA, LLC, a
21   Delaware limited liability company,
22         Counterclaim-Plaintiffs,
23      vs.
24   APPLE INC., a California corporation,
25                Counterclaim-Defendant.
```

```
 1    - - - - - - - - - - - - - - - - - - - -

 2

 3     VIDEOTAPED DEPOSITION OF WOODWARD YANG

 4         Wednesday, May 8, 2012   9:33 a.m.

 5                    WilmerHale

 6      60 State Street, Boston, MA 02109

 7

 8

 9     REPORTER:  JANET MCHUGH, RMR, CRR, CLR

10              MERRILL LEGAL SOLUTIONS

11

12

13     APPEARANCES:

14

15     WILMER, CUTLER, PICKERING, HALE AND DORR LLP

16     (By David B. Bassett, Esquire)

17     399 Park Avenue

18     New York, New York 10022

19     212.230.8858

20     david.bassett@wilmerhale.com

21     Counsel for the Plaintiff/Counterclaim Defendant

22

23

24

25     - Continued -
```

1  APPEARANCES:  (Continued)
2
3  WILMER, CUTLER, PICKERING, HALE AND DORR LLP
4  (By Derek S. Lam, Esquire)
5  60 State Street
6  Boston, Massachusetts 02109
7  617.526.6000
8  Counsel for the Plaintiff/Counterclaim Defendant
9
10
11  QUINN EMANUEL
12  (By Mark Tung, Ph.D., Esquire,
13  and Ketal Patel, Esquire)
14  51 Madison Avenue, 22nd Floor
15  New York, New York  10010
16  (212) 849-7000
17  marktung@quinnemanuel.com
18  ketanpatel@quinnemanuel.com
19
20  Also Present:
21  Shawn Budd, Videographer
22
23
24
25

1  but there are three core.
2      Q.   Well, let's look at Paragraph 41 of your
3  initial report, which is your infringement report.
4      A.   Yes.
5           (Witness complies.)
6      A.   I just don't want to change words on you.
7  Yes.  I said the patent is directed to the
8  performance of three core functions on the device.
9      Q.   Right.  And does your infringement analysis
10 under the '460 patent require the user to send an
11 e-mail with an image in the message body and not as
12 an attachment?
13     A.   I think I understand your question, but
14 could you please clarify what you mean by sending an
15 e-mail with an image in the message body versus what
16 you mean as sending an e-mail with an image as an
17 attachment?
18     Q.   In your understanding, is there a
19 difference?
20     A.   There can be a difference.  Depending -- I
21 believe that there's lots of different terminology
22 that's used for e-mail and how images are attached or
23 embedded or included and things like this.  So I was
24 just hoping for your question, if you could clarify
25 that for me, then I could give you a better answer.

1      Q.   I will try to clarify once I get some
2  clarification from you, from my -- from my
3  perspective.  Is it relevant, in your view, Doctor,
4  whether in your infringement analysis under the '460
5  patent, is it relevant whether the image is in the
6  body of an e-mail or an attachment, or is that not
7  relevant?
8      A.   So I will try to answer your question with
9  what I think you're asking.  So you're asking me is
10 it important for the image to actually be displayed,
11 to actually be able to see the image in the body of
12 the image -- of the e-mail that's being composed, or
13 is it simply sufficient to have the e-mail attached?
14 For example, only seeing the file name.  I believe
15 that's the differentiation you're trying to make, as
16 far as whether it's attached or --
17     Q.   In the body of the e-mail?
18     A.   Or in the body of the e-mail.  I believe
19 that's the differential you're trying to make.
20     Q.   Sure.
21     A.   And I believe that that is critical,
22 because if you read the second paragraph here, it
23 says, "Entering a second e-mail transmission submode
24 upon user request for e-mail transmission while
25 operating in a display submode," that's all kind of

```
 1    preamble stuff, "the second e-mail transmission
 2    submode displaying an image most recently captured in
 3    camera mode."
 4         Q.   So in -- as I understand it, if the image
 5    were sent only as an attachment, and were not viewed
 6    when you looked at -- were not viewable when you
 7    looked at the e-mail, it would not infringe this
 8    claim, correct?
 9              MR. STRETCH:  Objection.  Calls for a
10    legal conclusion.
11         A.   I guess it depends what you're showing of
12    the image.  Because there's many different ways to
13    display an image.  If all you're displaying is a file
14    name, I would tend to agree with you.  It's not
15    something I've given a great deal of thought to,
16    because, in fact, for infringement, the Apple
17    devices, in fact, display the image, so there's not
18    much of a question about that.
19         Q.   If you look at Paragraph 43 of your initial
20    report, the second sentence of Paragraph 43, it talks
21    about -- the first sentence talks about the three
22    core functions.  And then the second sentence,
23    "Although performance of these steps in the recited
24    sequence would certainly infringe the patent, I do
25    not understand Claim 1 to require that these five
```

```
 1              C E R T I F I C A T E
 2   COMMONWEALTH OF MASSACHUSETTS
 3   SUFFOLK, SS.
 4         I, Janet M. McHugh, a Registered Merit
 5   Reporter and a Notary Public within and for the
 6   Commonwealth of Massachusetts do hereby certify:
 7         THAT WOODWARD YANG, PH.D., the witness whose
 8   testimony is hereinbefore set forth, was duly sworn
 9   by me and that such testimony is a true and accurate
10   record of my stenotype notes taken in the foregoing
11   matter, to the best of my knowledge, skill and
12   ability.
13         I further certify that I am not related to any
14   parties to this action by blood or marriage; and
15   that I am in no way interested in the outcome of
16   this matter.
17         IN WITNESS WHEREOF, I have hereunto set my
18   hand this 15th day of May, 2012.
19
20                              _____
                                JANET M. MCHUGH
21                              Notary Public
22
23   My Commission Expires:
24   July 11, 2014
25
```