QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                 Plaintiff,<br><br>       vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                 Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF JOBY MARTIN IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO STRIKE** |

I, Joby Martin, declare as follows:

1.      I am an associate in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung").  I submit this declaration in support of Samsung's Opposition to Apple's Motion to Strike Portions Of Samsung's Expert Reports.  Except as to those facts stated on information and belief, I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2.      Attached hereto as Exhibit 1 is a true and correct copy of a March 11, 2012 letter from Apple's counsel to Samsung's counsel.

3.      Attached hereto as Exhibit 2 is a true and correct copy of excerpts from Samsung's Corrected Notice of Prior Art, filed in *In Re Certain Electronic Digital Media Devices and Components Thereof*, Inv. No. 337-TA-796 ("ITC 796 Investigation").  This document, which was filed on November 3, 2011, discloses many of the references which are the subject of Apple's Motion to Strike, including KR 30-0304213, JP D1204221, KR30-0394921, U.S. Patent No. D497,364, KR30-0452985, Samsung F700, U.S. Patent No. D560,192, EU Registration 000569157-0005, JP D1295003, U.S. Patent No. D504,889, JP 1285057, JP 1142127, U.S. Patent No. D532,791, and JP 1178470.

4.      Attached hereto as Exhibit 3 is a true and correct copy of excerpts from Respondent Samsung Electronics Co., Ltd.'s Eighth Set of Supplemental Responses to Complainant's First Set of Interrogatories (Nos. 33-38).  This document, which was served on February 15, 2012 in the ITC 796 Investigation, discloses many of the prior art references which are the subject of Apple's Motion to Strike, including U.S. Patent No. D500,037, EU registered design 000048061-0001, JP D1204221, iRiver U10, Olympus MR500i, Nokia Fingerprint, U.S. D497,364, KR30-0452985, Samsung F700 and related design patent and application, U.S. D534,516, Samsung K3 MP3, Sony Ericsson W950 Walkman phone, U.S. Patent No. D504,889, Sharp Aquos Fulltouch, KR30-0398307, Bluebird Pidion BM-200, and JP D1104685.

5. Samsung produced the Nokia Fingerprint design, as well as the Declaration of Ricardo Vilas-Boas, on February 13, 2012. Samsung's February 13 production consisted of just 68 documents —less than 250 pages. Each document contained in this production was a prior art reference or a document related to a prior art reference.

6. Attached hereto as Exhibit 4 is a true and correct copy of Samsung's Amended and Supplemental Initial Disclosures Pursuant to Fed. R. Civ. P 26(a)(1). This document, which Samsung served on January 26, 2012, identifies Ricardo Vilas-Boas as a prior art witness. Apple deposed Mr. Vilas-Boas on March 16, 2012.

7. Attached hereto as Exhibit 5 is a true and correct copy of Samsung's Initial Disclosures Pursuant to Fed. R. Civ. P 26(a)(1). This document, which Samsung served on September 7, 2011, identifies Hyoung-Shin Park as a prior art witness.

8. Samsung produced the Mobile UX presentation and documents relating to the Samsung F700 device on February 3, 2012, from Ms. Park's custodial files.

9. Apple deposed Ms. Park twice—first on February 29, 2012 in this action, and again on March 3, 2012 in the ITC 796 Investigation. Attached hereto as Exhibit 6 is a true and correct copy of excerpts from the February 29, 2012 deposition of Ms. Park, wherein Apple questions Ms. Park extensively about the Samsung F700 design.

10. Attached hereto as Exhibit 7 is a true and correct copy of a November 1, 2011 letter from Samsung's counsel to Apple's counsel. In this letter, Samsung makes the first of many requests for documents relating to the Apple Brain Box, which it explicitly describes as prior art to the D'889 patent. Samsung later moved to compel production of documents relating to the Brain Box.

11. Attached hereto as Exhibit 8 is a true and correct copy of a November 8, 2011 letter from Samsung's counsel to Apple's counsel. In this letter, Samsung makes the first of many requests for documents relating to Apple's 035 Prototype. Samsung later moved to compel Apple to produce the 035 Prototype and photographs thereof.

12. Many of the prior art references that are the subject of Apple's Motion to Strike were disclosed in connection with Samsung's Opposition to Apple's Motion for a Preliminary

Injunction, the Declaration of Sara Jenkins In Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction ("Jenkins Declaration"), and the Declaration of Itay Sherman In Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction ("Sherman Declaration").  For example,

- Samsung submitted still images from the movie "2001: A Space Odyssey" as Exhibit D to the Jenkins Declaration, explaining that the tablet depicted in the movie shared numerous characteristics with the design disclosed in the D'889 patent (*see* Dkt. No. 179-04);
- Samsung submitted still images from the television series "Tomorrow People," depicting a tablet resembling the D'899 patent, as Exhibit E to the Jenkins Declaration (*see* Dkt. No. 179-05);
- Samsung's Opposition to Apple's Motion for Preliminary Injunction discussed the Samsung F700 design (*see* Dkt. No. 181a at 4, 14, 18, 45); attached as Exhibit H to the Jenkins Declaration news articles regarding the F700 (*see* Dkt. No. 179-10); and attached as Exhibits EE and FF to the Sherman Declaration were design patents claiming the F700 design (*see* Dkt. No. 172-31; Dkt. No. 172-32);
- Samsung submitted JP 1142127 as Exhibits J and K to the Sherman Declaration (*see* Dkt. No. 172-10; Dkt. No. 172-11).

13. Attached hereto as Exhibit 9 is a true and correct copy of a document produced by Apple in this litigation on July 22, 2011, bearing Bates label APLNDC00001103.

14. Samsung subpoenaed third-party retailers seeking documents and testimony on the contemporary devices cited by Mr. Sherman and Mr. Lucente in support of their opinions that the iPhone and iPad trade dress lack distinctiveness. Attached hereto as Exhibit 10 is a true and correct copy of excerpts from a subpoena to Best Buy Enterprises Services, Inc., served by Samsung on February 16, 2012.  This document discloses nearly all of the contemporary devices cited by Mr. Sherman and Mr. Lucente, including devices manufactured or sold by Research In Motion (Blackberry), Dell, Hewlett-Packard (Palm), HTC, Huawei, LG, Motorola, Nokia,

1  Pantech, Sharp, and ZTE.  Samsung served similar subpoenas, seeking testimony on the same list
2  of contemporary devices, on Amazon.com, Inc., Costco Wholesale Corp., Walmart Stores, Inc.,
3  Radioshack Corp. and Target Corp.

4      15.    Samsung served numerous subpoenas to third party manufacturers of the prior art
5  references which are the subject of Apple's Motion to Strike, including at least Bloomberg L.P.,
6  iRiver Inc., Olympus America Inc., Bluebird Soft Inc., Sony Ericsson Mobile Communication,
7  Inc., and Sharp Electronics Corp.  These subpoenas specifically identified as a subject of
8  testimony many prior art references and devices relied on by Mr. Sherman, Mr. Lucente and Mr.
9  Anders in their reports.  For example, Samsung subpoenaed Bloomberg L.P. on February 1, 2012,
10 specifically identifying U.S. Patent No. D500,037, U.S. Patent No. D497,364, and EU registered
11 design 000048061-0001.  A true and correct copy of excerpts from the subpoena to Bloomberg
12 L.P. is attached hereto as Exhibit 11.  Apple deposed Sean Roarty of Bloomberg L.P. on March 7,
13 2012.

14     16.    Attached hereto as Exhibit 12 is a true and correct copy of excerpts from the
15 October 21, 2011 deposition transcript of Rico Zorkendorfer, an Apple witness.

16     17.    Attached hereto as Exhibit 13 is a true and correct copy of of excerpts from the
17 October 24, 2011 deposition transcript of Matthew Rohrbach, an Apple witness.

18     18.    Attached hereto as Exhibit 14 is a true and correct copy of excerpts from the
19 October 26, 2011 deposition transcript of Eugene Whang, an Apple witness.

20     19.    Attached hereto as Exhibit 15 is a true and correct copy of excerpts from the
21 October 26, 2011 deposition transcript of Duncan Kerr, an Apple witness.

22     20.    Attached hereto as Exhibit 16 is a true and correct copy of excerpts from the
23 October 31, 2011 deposition transcript of Richard Howarth, an Apple witness.

24     21.    Attached hereto as Exhibit 17 is a true and correct copy of excerpts from the
25 October 21, 2011 deposition transcript of Daniele DeIuliis, an Apple witness.

26     22.    Attached hereto as Exhibit 18 is a true and correct copy of excerpts from the
27 Ground Rules currently in place in the ITC 796 Investigation.

28

23. Attached hereto as Exhibit 19 is a true and correct copy of the public version of Order No. 19, issued by Administrative Law Judge Pender in the ITC 796 Investigation.

24. Attached hereto as Exhibit 20 is a true and correct copy of excerpts from Apple Inc.'s Objections and Responses to Samsung's Fourth Set of Interrogatorries, served on March 10, 2012.

25. Apple highlights six third-party depositions on page 16 of its in its Motion to Strike, asserting that it was not able to adequately prepare for these depositions. I am informed and believe that each of these depositions occurred before March 10, 2012:

- Richard Gioscia of Palm was deposed on March 7, 2012;
- Wayne Banter, Brian Blasius and Katherine Fargo of Motorola were each deposed on March 8, 2012;
- Arthur Lee Hill and Taici Takayanagi of Sony were deposed on March 2, 2012 and March 8, 2012, respectively;
- Owen Kwon of iRiver was deposed on February 29, 2012;
- Amy Catherine Leslie of Olympus was deposed on March 6, 2012; and
- Sungyub Lee of Bluebird was deposed on March 8, 2012.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on the 31st of May, 2012, in San Francisco, California.

                                                                                      */s/ Joby Martin*
                                                                                        Joby Martin