# EXHIBIT 10

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

SCOTT C. HALL
(650) 801-5027
scotthall@quinnemanuel.com

February 3, 2012

Best Buy Enterprises Services, Inc.
7601 Penn Avenue South
Richfield, MN 55423

Re:     Apple Inc. v. Samsung Electronics Co., Ltd., No. 11-CV-01846-LHK (N.D. Cal.)

Dear Sir or Madam:

Enclosed please find a Subpoena to Testify at a Deposition in a Civil Action issued by the United States District Court for the District of Minnesota. This deposition testimony is being sought by Samsung Electronics, Co., Ltd. in connection with litigation against Apple Inc., Apple Inc. v. Samsung Electronics Co., Ltd., No. 11-CV-01846-LHK (N.D. Cal.).

Please do not hesitate to contact me with questions or concerns; we look forward to working with you to make this process as expedient and convenient for you as possible.

Very truly yours,

Scott C. Hall

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Minnesota

| Apple, Inc. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 11-cv-01846-LHK |
| Samsung Electronics Co., Ltd. | ) |
|  | ) (If the action is pending in another district, state where: |
| *Defendant* | ) Northern District of California ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:  Best Buy Enterprises Services, Inc. c/o C T Corporation System Inc.
100 S. 5th Str #175 Minneapolis, MN 55402

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A.

| Place: Merrill Corporation<br>1515 Energy Park Drive<br>St. Paul, MN 55108 | Date and Time:<br>02/16/2012 9:00 am |
|---|---|

The deposition will be recorded by this method:  Videotaped and recorded stenographically

❏ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment B.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   02/03/2012

*CLERK OF COURT*

OR                     [signature]

*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Samsung Electronics Co., Ltd. , who issues or requests this subpoena, are:
Scott C. Hall, Quinn Emanuel Urquhart & Sullivan, LLP, 555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065; Email: scotthall@quinnemanuel.com; Telephone: 650-801-5000

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 11-cv-01846-LHK

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____
_____
_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT A

## DEFINITIONS

The requests for production, as well as the Instructions provided above, are subject to and incorporate the following definitions and instructions as used herein:

1. The terms "Best Buy," "YOU," and "YOUR" shall refer to Best Buy Enterprise Services, Inc. and any predecessor or successor of Best Buy, and any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, or other representative of Best Buy.

2. The term "SAMSUNG" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC.

3. The terms "Document" and "Documents" shall have the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001. The term shall include within its meaning, by way of example and not limitation, any and all accounts, analyses, books, CDs, calendars, commercial paper, communications, correspondence, DVDs, process flows, manuals, e-mail, films, financial statements, floppy disks, hard disks, inter-office memoranda, invoices, ledgers, letters, licenses, logs, memoranda, microfilms, minutes, notes, notes of conversations, notes of meetings, notes of telephone calls, office communications, photographs, printouts, recordings of conversations (whether written or electronic), reports, schedules, storage tape, task lists, telegrams, telephone bills, videotapes or other video recordings, and any differing versions of the foregoing whether denominated formal, informal or otherwise, as well as copies of the foregoing which differ from the original in any way, including handwritten notations or other written or printed matter. The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not. A draft or non-identical copy of a Document is a separate Document within the meaning of this term.

  4. "Identify" when used in reference to:

  (1) An individual, means to state his or her full name, present or last known residential and business addresses, present or last known position and business affiliation, and if applicable, history of employment of that individual;

  (2) A firm, partnership, corporation, proprietorship, joint venture, association, or other organization or entity, means to state its full name, present or last known address and place of incorporation or formation and to identify each agent that acted for it with respect to the matters relating to the request or answer;

  (3) A Document, means to state the date, title, if any, subject matter, each author, each addressee or recipient if practicable, and otherwise a general description of the persons to whom the writing was distributed, the production number, and the type of document, *i.e.*, publication, letter, memorandum, book, telegram, chart etc., or some other means of identifying the document, and its present location and custodian;

  (4) A Communication, means to state its date and place, the person(s) who participated in it or who were present during any part of it or who have knowledge about it;

  (5) A date, means to state the date and set forth the basis for Your contention that the date is responsive to the request; and

  (6) A product, service, or intellectual property, means to state all names and numbers related to the product, service, or intellectual property, and the owner, manufacturer, distributor, licensor, or dealer of the product, service, or intellectual property during the relevant time period and currently. For a product, provide all designations for the product, from the most specific to the most general, including any model numbers or designations, version numbers or designations, and internal numbers or designations.

  5. The terms "any," "all," "every," and "each" shall each mean and include the other as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

  6. The terms "and," "or," and "and/or" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of its scope.

7. The terms "referring to," "relating to," "concerning" or "regarding" shall mean containing, describing, discussing, embodying, commenting upon, identifying, incorporating, summarizing, constituting, comprising or are otherwise pertinent to the matter or any aspect thereof.

8. The use of the singular form of any word includes the plural and vice versa, as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of its scope.

9. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## **DEPOSITION TOPICS**

1. The time periods during which each version of the products listed on Exhibit 2, attached hereto, that YOU have sold in the U.S. since 2005 were sold.

2. YOUR marketing, advertising or promotional efforts related to any and all products listed in Exhibit 2 that YOU have sold in the U.S. since 2005.

3. On a monthly or quarterly basis, the volume of YOUR marketing, advertising or promotional materials produced and distributed in the U.S. for any and all products listed in Exhibit 2 that YOU have sold in the U.S. since 2005.

4. On a monthly or quarterly basis, (a) the volume of customers visiting physical Best Buy store locations in the U.S. and (b) the number of online visits to Best Buy's website at http://www.bestbuy.com.

5. On a monthly, quarterly or annual basis, the total quantity of units sold in the U.S. for each product listed in Exhibit 2 that YOU have sold in the U.S. since 2005.

# ATTACHMENT B

## DEFINITIONS

The definitions set forth in Attachment A are incorporated by reference.

## INSTRUCTIONS

1. This subpoena seeks Documents in existence as of the date of service hereof and to the full extent permitted by the Federal Rules of Civil Procedure.

2. This subpoena shall apply to all Documents in your possession, custody or control as of the date of service hereof or coming into your possession, custody, or control before the date of the production.

3. In the event that any Document called for by these requests or subsequent requests has been destroyed or discarded, that Document is to be identified by stating: (i) the author(s), addressee(s) and any indicated or blind copyee(s); (ii) the Document's date, number of pages and attachments or appendices; (iii) the Document's subject matter; (iv) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (v) the persons who were authorized to carry out such destruction or discard; and (vi) whether any copies of the Document presently exist and, if so, the name of the custodian of each copy.

4. Should you seek to withhold any Document based on some limitation of discovery (including privilege), you must supply a list of the Document for which limitation of discovery is claimed, indicating:

    a. the identity(ies) of each Document's author(s), writer(s), sender(s), or initiator(s) and their positions;

    b. the identity(ies) of each Document's recipient(s), addressee(s), or party(ies) for whom it was intended and their positions;

    c. the date of creation or transmittal indicated on each Document, or estimate of that date, indicated as such, if no date appears on the Documents;

    d.  the general subject matter as described on each Document, or, if such description does not appear, then some other description sufficient to identify the Document; and

    e.  the claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

  5.  If any of the Documents are considered "confidential business information" or "source code," as those terms are defined in the protective order attached as Exhibit 1 ("Protective Order"), such Documents should be produced subject to the terms and provisions of the Protective Order.

  6.  If no Documents are responsive to a particular request, you are to state that no responsive Documents exist.

  7.  If you propound any written answers to the requests for Documents to be Produced, repeat verbatim, immediately before each answer, the request being answered.

  8.  Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

  9.  File folders with tabs or labels identifying Documents called for by these requests must be produced intact with such Documents.

  10.  Documents attached to each other must not be separated.

**DOCUMENTS TO BE PRODUCED**

1. For each product listed in Exhibit 2 that YOU have sold in the U.S. since 2005, documents sufficient to show the time periods during which each version of those products was sold.

2. For each product listed in Exhibit 2 that YOU have sold in the U.S. since 2005, documents sufficient to show images, from as many perspectives as possible, of those products.

3. For each product listed in Exhibit 2 that YOU have sold in the U.S. since 2005, documents sufficient to show the packaging, as well as the placement or arrangement of the product, all accessories, and any instruction materials as part of that packaging.

4. For each product listed in Exhibit 2 that YOU have sold in the U.S. since 2005, documents sufficient to show images of the graphical user interface, including images showing icons and icon arrangement associated with the graphical user interface.

5. For each product listed in Exhibit 2 that YOU have sold in the U.S. since 2005, documents sufficient to show YOUR marketing, advertising or promotional efforts related to those products.

6. For each product listed in Exhibit 2 that YOU have sold in the U.S. since 2005, documents sufficient to show, on a monthly, quarterly or annual basis, the total quantity of units sold in the U.S.

7. For each product listed in Exhibit 2 that YOU have sold in the U.S. since 2005, documents sufficient to show, on a monthly or quarterly basis, the volume of marketing, advertising or promotional materials produced and distributed in the U.S.

8. Documents sufficient to show, on a monthly or quarterly basis, (a) the volume of customers visiting physical Best Buy store locations and (b) the number of online visits to Best Buy's website at http://www.bestbuy.com.

**EXHIBIT 2**

**ACER:**
Iconia Tab, NeoTouch P400, beTouch E400, F900

**ASUS:**
Eee Pad Transformer, Padfone, Transformer Prime

**BARNES & NOBLE:**
Nook

**BLACKBERRY:**
Playbook, Torch 9850, Blackberry Pearl, Blackberry 6710, Blackberry 7100V, Blackberry 7130e, Blackberry 7130g, Blackberry 7290, Blackberry 7750, Blackberry 8700c, Blackberry 8700g, Blackberry 8703e, Blackberry 8830

**BLUEBIRD:**
Pidion BM-200

**DELL:**
AXIM, Streak

**GO CORPORATION:**
Model 400

**HP:**
Compaq TC 1000, iPAQ, HP Tablet Computer, TouchPad, Palm III, Palm i705, Palm M130, Palm Treo, Palm Treo 650, Palm Treo 680, Palm Treo 700p

**HTC:**
Aria, Arrive, Canary, Desire, Droid Eris, Droid Incredible, Droid Incredible 2, Evo 3D, Evo Design 4G, Evo Shift 4G, Evo View 4G, Evo Vivid 4G, Flyer, G1, G2, Hero, Inspire 4G, Jetstream, MDA Compact, Merge, myTouch 3G, myTouch 3G Slide, myTouch 4G, Rezound, Thunderbolt 4G, Touch XV, Trophy, TYTN II, Wildfire

**HUAWEI:**
M886 Mercury, G7300, MediaPad, U8860 Honor, IDEOS S7 Slim

**IRIVER:**
U10

**KYOCERA:**
Milano C5120

**LENOVO:**
IdeaPad, ThinkPad Tablet

**LG:**
Arena, Chocolate, G Slate, GSM, G2X, KE800, KS20, Marquee, Optimus Pad LTE, Prada, Prime, PM70, Qualcomm, Revolution, Spectrum 4G, Spyder II, Thrill 4G, U960

**MICROSOFT:**
EO Personal Communicator

**MITAC:**
Mio A701

**MOTOROLA:**
Atrix, Atrix 2 4G, Backflip, Droid 3, Droid Bionic 4G, Droid X, Ming, Razr, Razr V3, ROKR E1, ROKR E2, Xoom, Xoom MZ 604

**NOKIA:**
C6, C7, E7, N8, N76, N77, N91, N92, N900, 6310i, 7710

**NT-K:**
Tablet PC

**OLYMPUS:**
m:robe MR-100

**PANTECH:**
Burst, Element, Laser, P4000, SKY Izar IM-A630K, Vega Xpress IM-A720L

**SHARP:**
AQUOS 941SH, Zaurus SL 5600, Zaurus SL 6000L

**SONY:**
Clie, Clie PEG-NX73VE, Clie PEG-T675C, VGN U750, Xperia ion

**SONY ERICSSON**:
T610i, K800, Q4 T290

**TOSHIBA:**
Genio e330, Portege M200, Tablet PC, Thrive

**VELOCITY MICRO:**
Cruz T301

**VIEWSONIC:**
g Tablet

**ZTE:**
Avail, Blade, Raise, V9+, Warp