# EXHIBIT 18

**JUDGE PENDER'S GROUND RULES**

**1.      Rules of General Applicability**

**1.1      Definitions**

**1.1.1      "File"**

The term "file" refers to something filed with the Office of the Secretary of the Commission in accordance with 210.4(f).

**1.1.2      "Submit"**

The term "submit" refers to something submitted to the Administrative Law Judge, but not filed with the Secretary's Office.

**1.1.3      "Serve"**

The term "serve" refers to something served on the parties, but not filed with the Secretary's Office or submitted to the Administrative Law Judge.

**1.2      Address of the Administrative Law Judge**

The Administrative Law Judge's address is as follows:

> The Honorable Thomas B. Pender
> U.S. International Trade Commission
> 500 E Street, S.W., Room 317
> Washington, D.C.  20436

**1.3      Formatting**

In addition to the requirements of Commission Rules 201.8 (c) and 210.4 (f), all filings or submissions shall have at least 1 inch margins, shall be double-spaced (except for footnotes and block quotes, which may be single-spaced), and shall be written in at least 12pt Times New Roman font.  All footnotes should also be written in at least 12pt Times New Roman font.

**1.4      Filing Requirement**

All filings shall be made with the Office of the Secretary of the Commission in accordance with 210.4(f) unless otherwise specifically provided for in these Ground Rules or by order of the Administrative Law Judge.    *See*    the    Handbook    on    Filing    Procedures    at www.usitc.gov/secretary/documents/handbook_on_filing_procedures.pdf for further details.

### 1.5     Confidential Submissions

Any filing or submission containing confidential information shall have conspicuously marked on the top of every page of the filing or submission a notation indicating that the filing or submission contains confidential information subject to the protective order issued in the investigation.  Likewise, any papers produced in discovery or served between parties that contain confidential information should be similarly marked.

### 1.6     Service Copy Requirements

#### 1.6.1   Paper Copies

Copies of any papers filed with the Secretary's Office or submitted directly to the Administrative Law Judge shall be served concurrently on all other parties, including the Commission Investigative Attorney.  Also, two (2) courtesy paper copies of the filing or submission (excluding subpoenas and subscriptions to the protective order) shall be served on the Administrative Law Judge at the address identified in Ground Rule 1.2 on or before the next business day.

The Administrative Law Judge's courtesy paper copies **shall be printed double-sided**.  For any filing or submission that includes an appendix of declarations, affidavits, exhibits, or other attachments in support of the filing or submission, the appendix shall be indexed and each declaration, affidavit, exhibit, or other attachment in the appendix shall be individually tabbed.

#### 1.6.2   Electronic Mail Copy

A courtesy copy, excluding attachments/exhibits, in Microsoft Word format, of any paper filed or submitted in the investigation (excluding subpoenas and subscriptions to the protective order), while the investigation is pending in front of the Administrative Law Judge, shall be sent to the Administrative Law Judge's attorney-advisor, Greg Moldafsky, at the following email address: Gregory.Moldafsky@usitc.gov.

### 1.7     Submission by Fax Disfavored

Submissions to the Administrative Law Judge by fax are **strongly disfavored** and are not to be made without prior approval from the Administrative Law Judge's Attorney-Advisor.

### 1.8     Concurrent Service

Parties are encouraged to agree upon a method of service so that the parties will receive all papers filed with the Secretary's Office and all submissions made to the Administrative Law Judge concurrently with the filing or submission.

### 1.9     Computation of Time

The time for any response shall be calculated in accordance with Commission Rule 201.14(a).

### 1.10     Requests for Extension of Time

Absent a showing of good cause, **any** request for extension of time must be made by written motion no later than **12:00 pm Eastern Time, two business days** before the due date.   For example, if the deadline in on a Friday, a request for extension of time must be made no later than 12:00 pm on the Wednesday before.   Likewise, if the deadline is on a Monday, a request for extension of time must be made by 12:00 pm on the Thursday before.

#### 1.10.1   Contested Requests for Extension of Time

Except as provided in Ground Rules 1.10.2 and 1.10.3, a request for extension of time will be granted only for good cause shown.   Note that good cause will not be found absent a showing that the requesting party has taken active steps and made a good faith effort to meet the deadline for which the extension is sought.   Also note that lack of prejudice does not equate to good cause.

#### 1.10.2   Unopposed Requests for Extension of Time

Except as provided in Ground Rule 1.10.3, a request for extension of time that is unopposed (*i.e.*, is unopposed by all other parties and the Commission Investigative Staff) does not require a showing of good cause and will typically be granted as a matter of course.

#### 1.10.3   Requests for Extension of Time of the Fact Discovery Period Or Expert Discovery Period

A request for extension of time that would require an extension of the fact discovery period or expert discovery period (*e.g.*, motion to extend the time for third party depositions, where the new deposition dates are past the fact discovery cutoff, motion to extend the fact discovery cutoff, motion to take expert discovery out of time) will be granted only upon a showing of extraordinary cause.

### 1.11     Citation of Cases

The official case reporter citation must be included for any published decision or order that is cited in a party's briefs or pleadings.   Additionally, the docket number and the full date of the disposition must be included in the citation of any unreported decision or order that is referenced by the parties.   A copy of any cited decision or order that is not available on Westlaw or LEXIS shall be provided in an appendix to the brief or pleading.   Further, every party must cite to the specific page(s) of the cited decision or order that includes the holding for which the authority is cited.

### 1.12    Cooperation Among Parties

In light of the time limitations imposed in Section 337 investigations, counsel shall attempt to resolve, by stipulation or negotiated agreement, any procedural problems encountered, including those relating to discovery, motion practice and the submission of evidence.  To assure the proper cooperative spirit in the investigation, continuing good faith communications between counsel for the parties is essential and is expected.

### 1.13    *Ex Parte* Contacts

There shall be no *ex parte* contacts with the Administrative Law Judge.  Any questions of a technical or procedural nature shall be directed to the Administrative Law Judge's attorney-advisor, Greg Moldafsky, at (202) 205-2701 or Gregory.Moldafsky@usitc.gov.

## 2.    Settlement

All parties, throughout the duration of the proceedings, shall explore reasonable possibilities for settlement of all or any of the contested issues.

The parties are required to attend three settlement conferences as set forth in the procedural schedule.  The first settlement conference should occur relatively early in the investigation; the second settlement conference should occur approximately midway through the discovery period; and the third settlement conference should occur between the close of discovery and the commencement of the hearing.

For each settlement conference, at least one person from each party with the requisite authority to settle is required to attend.  The settlement conferences shall not be held by video conferencing or by teleconferencing, unless prior permission is received from the Administrative Law Judge for good cause shown.  For each of the required settlement conferences, the parties shall submit to the Administrative Law Judge by the deadline in the procedural schedule two copies of a joint report signed by all the parties summarizing each party's position on settlement and listing any notable outcomes from the settlement conference, including any stipulations on which the parties have agreed.  The joint settlement reports shall not be filed with the Office of the Secretary of the Commission.

During each of the settlement conferences, the parties should consider and discuss if there are any issues in the case that are appropriate or ripe for mediation.  Any such issues should be noted in the joint settlement report.  Based on the information provided, the parties may be contacted by the Commission for participation in its mediation program.

## 3.    Responses To The Complaint and Notice of Investigation

Responses to the Complaint and Notice of Investigation are governed primarily by Commission Rules 210.13 and 210.4.  Commission Rule 210.13(b) requires that affirmative

defenses shall be pled with as much specificity as possible in the response.   However, Rule 210.13(b) goes on to state that:

> When the alleged unfair methods of competition and unfair acts are based upon the claims of a valid U.S. patent, the respondent is encouraged to make the following showing when appropriate:
>
> ...
>
> (3) If the claims of any involved U.S. patent are asserted to be invalid or unenforceable, the basis for such assertion, including, when prior art is relied on, a showing of how the prior art renders each claim invalid or unenforceable and a copy of such prior art.  For good cause, the presiding administrative law judge may waive any of the substantive requirements imposed under this paragraph or may impose additional requirements.

19 C.F.R. § 210.13(b)

In light of the Court of Appeals for the Federal Circuit's comments and holdings in *Ferguson Beauregard/Logic Controls, Inc. v. Mega Sys.,LLC*, 350 F.3d 1327 (Fed. Cir. 2003), *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009), and *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011) (en banc), I find good cause exists to raise the standard for pleading the affirmative defense of unenforceability due to inequitable conduct. Accordingly, any respondent wishing to plead an inequitable conduct defense must do so with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

"A pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b)." *Exergen*, 575 F.3d at 1326-1327.   To plead the circumstances of inequitable conduct with the requisite particularity under Rule 9(b), the pleading must:

> identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO. Moreover, although "knowledge" and "intent" may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO.

*Id.* at 1328-1329.

## 4.  Procedural Schedule

### 4.1     Contents, modification.

The Administrative Law Judge will promulgate a procedural schedule for the investigation. Modifications of the procedural schedule (*e.g.*, motion to submit notice of prior art out of time, motion to extend expert discovery period, motion for extension of time to submit initial expert report) will be granted only upon written motion showing extraordinary cause.  A typical procedural schedule is as follows:

| PROCEDURAL SCHEDULE, CASE NO. 337-TA-XXX | |
|---|---|
| **Event** | **Date** |
| First settlement conference | |
| Submit first settlement conference joint report | |
| File identification of expert witnesses, including their expertise and curriculum vitae | |
| Serve list of claim terms for construction | |
| File notice of prior art | |
| Serve proposed constructions of previously-identified claim terms | |
| Submit joint list identifying by asserted patent: those claim terms in dispute and the parties' proposed constructions of those disputed terms; and those claim terms at issue, but whose meanings are not disputed, and the joint proposed constructions of those claim terms | |
| Serve initial responses to contention interrogatories on the issues for which that party bears the burden | |
| Serve initial responses to contention interrogatories on the issues for which the opposing party bears the burden | |
| Second settlement conference | |
| Submit second settlement conference joint report | |
| Fact discovery cutoff and completion | |
| Serve initial expert reports (identify tests/surveys/data) | |
| Deadline for filing motions to compel discovery | |
| Serve rebuttal expert reports | |
| Expert discovery cutoff and completion | |
| Deadline for filing summary determination motions | |
| Third settlement conference | |
| Submit third settlement conference joint report | |
| File requests for receipt of evidence without a witness | |
| Serve proposed exhibit lists | |
| Serve direct exhibits (including witness statements), with available physical and demonstrative exhibits | |
| File objections to direct exhibits (including witness statements) | |

| | |
|---|---|
| File responses to objections to direct exhibits (including witness statements) | |
| Serve rebuttal exhibits (including witness statements), with available rebuttal physical and demonstrative exhibits | |
| File pre-hearing statements and briefs  -- Complainant(s) and Respondent(s) | |
| File pre-hearing statement and brief -- Staff | |
| Submit direct and rebuttal exhibits (including witness statements) with available direct and rebuttal physical and demonstrative exhibits | |
| Deadline for filing motions *in limine* | |
| File high priority objections statement | |
| File objections to rebuttal exhibits (including witness statements) | |
| File responses to objections to rebuttal exhibits (including witness statements) | |
| File responses to high priority objections statement | |
| File responses to motions *in limine* | |
| Pre-hearing conference | |
| Technology Tutorial | |
| Hearing | |
| File initial post-hearing briefs and final exhibit lists | |
| File reply post-hearing briefs | |
| Initial Determination due | |
| Target date for completion of investigation | |

## 4.2     Technical Tutorial

If the Administrative Law Judge determines that a technology tutorial would be beneficial, a date for the technology tutorial will be set forth in the procedural schedule.  The technology tutorial is an opportunity for the parties to explain the science and technology that underlies the claims of the asserted patents in the investigation. The technology tutorial may be presented by counsel or an expert.

## 4.3     Markman Hearing

If the Administrative Law Judge determines that a Markman Hearing would be beneficial to the investigation, a date for the Markman Hearing will be set forth in the procedural schedule. The purpose of the Markman Hearing will be to construe any disputed claim terms in the patents asserted in the investigation.

Prior to the Markman Hearing the procedural schedule will direct the parties to exchange proposed claim terms for construction.  Thereafter, the parties will be directed to file initial Markman briefs and rebuttal Markman briefs, as well as submit a joint claim construction chart. After the Markman hearing, the procedural schedule will direct the parties to submit an updated joint claim construction chart, which shall set forth those claim terms the parties still seek to have construed.  The parties shall meet and confer in good faith to reduce the number of disputed terms

for construction, at a minimum, after rebuttal Markman briefs are filed and after the Markman hearing is completed. If the parties designate a large number of claim terms for construction, the Administrative Law Judge may set limits on the number of claim terms to be construed.

The joint claim construction chart shall set forth, by patent or patent family, each claim term the parties seek to have construed and each party's proposed construction thereof. Space should be left after each claim term for note taking. The joint claim construction chart should preferably take the following form:

| Claim Term | Complainant's Construction | Respondent's Construction | Staff's Construction |
|---|---|---|---|
| 'XXX Patent | | | |
| | | | |
| | | | |
| | | | |

## 5.    Motions; Responses to Motions

### 5.1 Contents

#### 5.1.1   In General

All written motions longer than five pages shall consist of: (1) the motion; (2) a separate memorandum of points and authorities in support of the motion; (3) an appendix of declarations, affidavits, exhibits, or other attachments in support of the memorandum of points and authorities; and (4) a Certificate of Service as required by Commission Rule 201.16(c). Written motions of five pages or less need not include a separate memorandum of points and authorities. If known, the motion shall also state the position of the other parties on the motion.

All responses to motions shall include the Motion Docket Number assigned to the motion by the Commission's Office of the Secretary in either the title or the first paragraph of any such responses and shall consist of:  (1) a memorandum of points and authorities in response to the motion; (2) an appendix of declarations, affidavits, exhibits, or other attachments in support of the memorandum of points and authorities; and (3) a Certificate of Service as required by Commission

8

Rule 201.16(c).   Motion Docket Numbers may be obtained online through the Commission's Electronic Documents Information System (EDIS).  *See* http://edis.usitc.gov.

### 5.1.2   Certification

All motions shall include in the first page of the motion a certification that **at least two business days** prior to filing the motion, the moving party informed the other parties of its intent to file said motion and made reasonable, good-faith efforts to contact the other parties and resolve the matter.  Note that merely emailing the other parties to inquire as to their position on the motion does not constitute a good-faith effort to resolve the matter.

Non-moving parties are expected to timely and substantively respond in good faith to the moving party's efforts to resolve the matter.

### 5.1.3   Request for Shortened Time to Respond to Motion

A motion shall include any request to shorten the period of time during which other parties may respond to the motion.  The fact that a shortened response time is requested shall be noted in the title of the motion and the motion shall include an explanation of the grounds for such a request.  A request for a shortened response time shall not be made through a separate motion.

### 5.1.4   Summary Determination

In addition to the forgoing requirements for all motions, motions for summary determination shall be accompanied by a separate statement of the material facts as to which the moving party contends there is no genuine dispute and which entitle the moving party to a summary determination as a matter of law.  The statement shall consist of short numbered paragraphs with specific references to supporting declarations, affidavits or other materials.

In addition to the foregoing requirements for all responses to motions, each party opposing a motion for summary determination shall include a separate statement responding to each of the numbered paragraphs in the moving party's statement of material facts for which there is no genuine dispute.  The responsive statement shall include for each numbered paragraph, a recitation of the material fact alleged to be undisputed by the moving party, followed by the non-moving party's response, with specific references to supporting declarations, affidavits or other materials.  The responsive statement may also include additional numbered paragraphs of material facts, with specific references to supporting declarations, affidavits or other materials, that the non-moving party believes warrant denial of summary determination.  Parties should avoid boilerplate rebuttals and objections.  If a material fact, or a portion thereof, is undisputed, the responding party shall so state.  All material facts set forth in the moving party's statement shall be deemed admitted by a non-moving party unless specifically controverted in the non-moving party's responsive statement.

### 5.2     Deadline for Filing Response to Motion

Except as discussed immediately below, the time to respond to all motions, including motions for summary determination and motions to terminate, shall be **ten (10) calendar days** from the date the motion is filed with the Office of the Secretary, unless otherwise ordered by the Administrative Law Judge.

When service is to a nonmoving party in a foreign country, the nonmoving party shall have an additional five (5) calendar days to respond to the motion.

### 5.3     Coordinated Motion Practice

Parties with similar interests should coordinate and consolidate motion practice to the extent practicable.

### 5.4     Discovery-Related Motions

Prior to filing any written motion related to discovery, the party intending to file such motion shall meet and confer with opposing counsel pursuant to Ground Rule 4.1.2 and make an **intensive** good faith effort to resolve the discovery dispute without intervention of the Administrative Law Judge.  If no resolution is reached, the party intending to file the discovery-related motion shall contact the Administrative Law Judge's attorney-advisor to schedule a telephone conference with the Administrative Law Judge in an attempt to resolve the discovery dispute.  Prior to contacting the Administrative Law Judge's attorney-advisor, the party should determine the availability of the other parties for a telephone conference.

**At least 24 hours** prior to the conference call, the party intending to file the motion shall submit a written explanation of the discovery dispute.  Any other party wishing to submit an explanation may also do so provided the explanation is submitted at least 24 hours prior to the conference call.   These written communications are not pleadings, but rather informational communications intended to bring the Administrative Law Judge up to speed on the nature of the discovery dispute.

Any discovery-related motion must have appended to it the pertinent parts of the discovery request and all objections and answers thereto.   Additionally, if a party serves supplemental responses subsequent to the filing of a motion to compel, that party must provide copies of the supplemental responses, or where documents are produced, a detailed accounting of what additional documents were produced.

### 5.5     No Motion Stops Discovery Except Motion to Quash Subpoena

No motion stops discovery except a timely motion to quash a subpoena.

6.     **Discovery**

  6.1     **Coordinated Discovery**

  Parties with similar interests must coordinate and consolidate depositions and all other discovery.

  6.2     **Discovery Committee**

  Commencing with the first full week after these Ground Rules are issued, a discovery conference committee (the "Discovery Committee") consisting of the lead counsel of each party and the Commission Investigative Staff Attorney shall convene at least once every two weeks during the discovery phase of this investigation, either in person or by telephone, to resolve discovery disputes. The Discovery Committee shall confer in good faith to resolve every outstanding discovery dispute in a timely manner within the deadlines set forth in the Procedural Schedule. Within ten calendar days after the end of each calendar month during the discovery phase, the Discovery Committee shall report in writing to the Administrative Law Judge all disputes that were resolved during the preceding month and all disputes on which there is an impasse as of the end of that month.

  6.3     **Stipulations Regarding Discovery Procedure**

  The parties may by written stipulation filed with the Secretary's Office: (1) provide that depositions may be taken before any person, at any time or place, upon any notice, and in any manner and when so taken may be used like other depositions; or (2) modify other procedures governing, or limitations placed upon, discovery, except as provided in Ground Rule 1.10.3.

  6.4     **Service of Discovery Requests and Responses**

  Except as provided in Ground Rule 4.4, discovery requests and responses thereto shall be served upon all parties, including the Commission Investigative Attorney, but shall **not** be submitted to the Administrative Law Judge or filed with the Office of the Secretary of the Commission.

  6.5     **Depositions**

  In addition to the requirements of Commission Rule 210.28(c), any party desiring to take a deposition shall give notice in writing to every other party of not less than **ten (10) days** if the deposition is to be taken of a person located in the United States, or of not less than **fifteen (15) business days** if the deposition is to be taken of a person located outside the United States.

  6.6     **Interrogatories**

  In addition to the requirements of Commission Rule 210.29(b), the party upon whom an interrogatory has been served shall serve a copy of the answer to the interrogatory, and any

11

objections thereto, within **ten (10) days** after the service of the interrogatories.

Commission Rule 210.29(b)(2) states that "[e]ach interrogatory must be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer." 19 C.F.R. § 210.29(b)(2). Any objection shall be stated with particularity. Any part of an interrogatory not objected to shall be answered.

Commission Rule 210.29(c) states that:

> When the answer to an interrogatory may be derived or ascertained from the records of the party upon whom the interrogatory has been served or from an examination, audit, or inspection of such records, or from a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer is substantially the same for the p[arty serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford the party serving the interrogatory reasonable opportunity to examine, audit, or inspect such records and to make copies, compilations, abstracts, or summaries.

19 C.F.R. § 210.29(b)(2). Accordingly, any response to an interrogatory request that states that documents will be produced in accordance with 210.29(c) shall not be considered sufficient to satisfy a party's burden to answer the interrogatory pursuant to Rule 210.29 and this Ground Rule.

Absent leave of the Administrative Law Judge or written stipulation, a party may serve any other party no more than one hundred seventy-five (175) written interrogatories, including discrete subparts. Leave to serve additional interrogatories will be granted by the Administrative Law Judge only upon a written motion showing good cause.

### 6.7    Requests for Production of Documents and Things and Requests for Entry Upon Land

Pursuant to the requirements of Commission Rule 210.30(b)(2) with respect to a request for the production of documents or things, or to permit entry upon land, the party upon whom a request has been served shall serve a written response within **ten (10) days** after the service of the request.

Pursuant to Rule 210.30(b)(1), any request for production of documents and things or entry upon land "shall specify a reasonable time, place, and manner of making the inspection and performing the related acts." 19 C.F.R. § 210.30(b)(1).

Pursuant to Rule 210.30(b)(2), a party's response to a request for production of documents and things or entry upon land:

> shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated.  If objection is made to part of any item or category, the part shall be specified.

19 C.F.R. § 210.30(b)(2).  In addition to the requirements of Rule 210.30, any objection shall be stated with particularity.  Additionally, to the extent any part of a request is not objected to, the party upon whom the request was made shall comply with that part of the request.

All documents produced in response to a document request shall be the original or a true and complete copy of the original.  Documents produced in response to a document request shall be numbered sequentially by a unique number (a.k.a. Bates number).  The Bates number shall appear in the lower right-hand corner of the page.

For any foreign language document produced, if an English language translation exists, the English language translation shall be produced along with the foreign language version.

### 6.8     Request for Admission

In addition to the requirements of Commission Rule 210.31(a) and (b), a request for admission may be served at any time **twenty (20) days** after the date of publication in the Federal Register of the notice of investigation.  A party upon whom a request for admission has been served, shall serve an answer or objection within **ten (10) days** after the service of the request, otherwise the matter may be deemed admitted.

### 6.9     Discovery Cutoff and Completion

Any discovery request, including without limitation a request for admission, or request for subpoena, must be served in sufficient time prior to the fact discovery cutoff and completion date so that the response to the discovery request will be due prior the fact discovery cutoff and completion date.  A discovery request by any party that would require responses after the fact discovery cutoff and completion date must be approved in advance by the Administrative Law Judge upon a showing of extraordinary circumstances.

### 6.10     Subpoenas

Subpoenas may be requested to compel third parties to testify or produce documents.  Hearing subpoenas will be issued only if the subpoenaed party refuses to testify.

### 6.10.1 Issuance and Service

Pursuant to Commission Rule 210.32, an application for subpoena should be submitted to the Administrative Law Judge.  An application shall be in writing with the proposed subpoena attached.  Only the original application with attached subpoena shall be submitted to the Administrative Law Judge.  No courtesy copies shall be submitted.  The application and subpoena should not be filed with the Office of the Secretary unless as an exhibit to a motion.

The application for subpoena shall set forth (i) the relevancy of the information sought and the reasonableness of the scope of the inquiry, and (ii) shall state that the subpoena will be served (on the individual or entity subject to subpoena) by overnight delivery, if not sooner.  The subpoena should (i) set forth a time limit for a motion to quash, and (ii) refer to the Protective Order in this Investigation, which should be included as an attachment to the subpoena.  At a minimum, the subpoenaed party shall be given ten (10) days **after receipt** of the subpoena to file a motion to quash.

Any dates in a subpoena for appearance of a deponent or production of documents shall accommodate the time allowed for the filing of any motions to quash, as well as the time needed for the Administrative Law Judge to process the subpoena application, normally one or two business days.  A copy of the issued subpoena and the application shall be served by the applicant on the subpoenaed party by overnight delivery, if not sooner, and on all other parties by, at the latest, the next business day after the subpoena is issued.

Samples of a subpoena application and two subpoenas are attached in Appendix A hereto.

### 6.10.2 Pick-Up of Signed Subpoenas

When a subpoena is signed and ready for pick-up, the Administrative Law Judge's office will contact the party who requested the subpoena.  The party requesting the subpoena is responsible for arranging for the pick-up of the signed subpoena.  The signed subpoena will be available for pick-up from the mail room at the International Trade Commission.  A party requesting an alternate form of delivery should contact the Administrative Law Judge's attorney-advisor.

### 6.11    Privileged Matter

In order to expedite discovery, the following rules shall apply to those documents for which there is a claim of privilege, either attorney-client or work product.

### 6.11.1 Privileged Document Log

If the production of any document is withheld on the basis of a claim of privilege, each withheld document must be separately identified in a privileged document log.  The privileged document log shall be supplied within **ten (10) days** after objections to the underlying document

8.    **Expert Witnesses and Reports**

On or before the dates set forth in the procedural schedule, any party who has retained or employed a (person, witness, expert) to provide expert testimony in the investigation shall disclose the name of said (person, witness, expert) to the other parties in the investigation and shall provide a written expert report prepared and signed by the expert. The report shall not be filed with the Office of the Secretary of the Commission or submitted to the Administrative Law Judge.

Legal experts or testimony concerning the meaning of laws, treaties, regulations, etc., are typically not permitted. However, with the prior approval of the Administrative Law Judge, an expert may be permitted to testify as to procedures of the U.S. Patent and Trademark Office. The decision to allow or not allow an expert to testify on a legal matter shall be within the sole discretion of the Administrative Law Judge.

The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other proceedings in which the witness has testified as an expert, either at a hearing or deposition, within the previous four years. An expert report may be amended or supplemented only upon written motion showing good cause.

9.    **Pre-Hearing Submissions**

Any party wishing to participate in the evidentiary hearing in the investigation shall file on or before the date set in the procedural schedule a pre-hearing statement and pre-hearing brief.

9.1    **Pre-Hearing Statement**

The pre-hearing statement shall contain the following information:

(1)    The names of all known witnesses, their addresses, whether they are fact or expert witnesses (and their area of expertise), and a brief outline of the testimony of each witness. In the case of expert witnesses, a copy of the expert's curriculum vitae shall accompany this submission;

(2)    A proposed exhibit list pursuant to Ground Rule 10.1.3.

(3)    A list of any stipulations on which the parties have agreed;

(4)    An estimated date and approximate length of appearance for each witness (The parties shall confer on estimated dates and approximate length prior to submission of their pre-hearing statements); and

(5)    Certification that the parties have made a good faith effort to settle.

16

In addition to the foregoing, in an investigation involving an allegation of patent infringement, each Complainant shall include a chart or table that identifies for each accused product, or group of products where applicable, each asserted claim of each asserted patent that is alleged to be infringed. Each Complainant shall be bound by its submission.

In addition to the foregoing, in an investigation involving an allegation of invalidity under 35 U.S.C. §§ 102 or 103, each Respondent shall include a chart or table that identifies for each asserted claim of each asserted patent, those prior art references and combinations of prior art references that are alleged to be invalidating. Each Respondent shall be bound by its submission.

### 9.2    Pre-Hearing Brief

The pre-hearing brief shall be a complete, stand-alone document.  The pre-hearing brief shall not incorporate anything by reference, but may include pinpoint citations to supporting authority and relevant exhibits, including witness statements.  Absent prior approval from the Administrative Law Judge, the pre-hearing brief shall not exceed one-hundred seventy-five (175) pages and shall have no more than fifty (50) pages of relevant attachments.  The attachments shall be limited to critical charts, figures, or other pertinent material, and shall not be used to bypass the page limit of the pre-hearing brief.

The pre-hearing brief shall be prefaced with a table of contents, a table of authorities, and a table defining any acronyms used in the brief.   The pre-hearing brief shall set forth with particularity the party's contentions with respect to each issue in the investigation and shall include pinpoint citations to any supporting facts or legal authority.   To meet the requisite level of particularity, the pre-hearing brief must provide the other parties full and fair notice of each issue the party wishes to advance at the hearing.

The pre-hearing brief shall be organized in accordance with the sample outline attached hereto as Appendix B.  Additional issues not set forth in the sample outline that a party wishes to raise may be included where appropriate.

Any contentions not set forth with the level of particularity required herein shall be deemed abandoned or withdrawn, except for contentions of which a party is not aware and could not have been aware in the exercise of reasonable diligence at the time of filing the pre-hearing brief.

## 10.    Exhibits and Exhibit Lists

### 10.1    In General

#### 10.1.1  Public and Confidential Exhibits

If any portion of an exhibit contains confidential information as defined by Commission Rule 210.5 or the Protective Order issued in the investigation, the entire exhibit shall be treated as confidential.  For certain lengthy exhibits of which only portions are confidential, the parties may be

asked by the Administrative Law Judge to submit a public version of the exhibit with the confidential information redacted.

### 10.1.2  Numbering and Labeling of Exhibits

#### 10.1.2.1    Numbering of Exhibits

Written exhibits shall be marked consecutively commencing with the number "1" and preceded by the prefix "CX" for Complainant's exhibits, "RX" for Respondent(s)' exhibits, "SX" for the Commission Investigative Attorney's exhibits, and "JX" for any joint exhibits.  Exhibit numbers shall not be reserved.  Each exhibit shall be assigned no more than one number.

Physical exhibits shall be numbered in a separate series commencing with the number "1" and preceded by the prefix "CPX" for Complainant's physical exhibits, "RPX" for Respondent(s)' physical exhibits, "SPX" for the Commission Investigative Attorney's physical exhibits, and "JPX" for any joint physical exhibits.  Exhibit numbers shall not be reserved.  Each exhibit shall be assigned no more than one number.

Demonstrative exhibits shall be numbered in a separate series commencing with the number "1" and preceded by the prefix "CDX" for Complainant's demonstrative exhibits, "RDX" for Respondent(s)' demonstrative exhibits, "SDX" for the Commission Investigative Attorney's demonstrative exhibits, and "JDX" for any joint demonstrative exhibits.  Exhibit numbers shall not be reserved.  Each exhibit shall be assigned no more than one number.

Any exhibit containing confidential information as defined by Commission Rule 210.5 or the Protective Order issued in the investigation, shall have a "C" placed after the exhibit number (*e.g.*, CX-1C, RPX-1C, JDX-1C), and shall thereafter be referred to by such designation.

In an investigation involving multiple Respondents, the Respondents shall coordinate their numbering of exhibits to avoid any duplication of exhibit numbers.

#### 10.1.2.2    Labeling of Exhibits

For documentary exhibits, each exhibit shall be marked by placing a label bearing the exhibit's number (*e.g.*, CX-3C, RX-5) in the upper right portion of the exhibit's first page.  Further, the pages of each exhibit must be sequentially numbered in a consistent location on the pages.  For physical exhibits, each exhibit shall be marked conspicuously with the exhibit's number (*e.g.*, CPX-1, RPX-1C)

### 10.1.3  Exhibit Lists

Every exhibit list shall consist of a table consecutively listing each exhibit by exhibit number and identifying each exhibit by a descriptive title, a brief statement of the purpose for which the exhibit is being offered in evidence, the name of the sponsoring witness, and the status of the

exhibit. The status of any particular exhibit shall be left blank if the exhibit has not been offered into evidence. If an exhibit has been offered into evidence or withdrawn, the status of the exhibit shall reflect whether the exhibit was admitted, rejected or withdrawn, and to the extent applicable, the date on which the exhibit was admitted or rejected.

Exhibit lists shall include public and confidential exhibits, and shall list all exhibits together in numerical order, *e.g.*, CX-1, CX-2, CX-3C, CX-4, CX-5C, etc.

### 10.1.4 Foreign Language Exhibits

A foreign language exhibit will not be received into evidence unless an English translation thereof is provided at the time set for the exchange of exhibits. The translation shall be included as part of the foreign language exhibit.

### 10.1.5 One Document Per Exhibit; All Pages Bates-numbered.

Except for good cause shown, each exhibit shall consist of no more than one document and every page of every document shall be numbered sequentially by a Bates number. The Bates number shall appear stamped on the lower right-hand corner of the page. Exceptions to this "one document per exhibit" rule include instances when it would be appropriate to group certain documents together as one exhibit, such as a group of invoices or related e-mails.

### 10.1.6 References for Exhibit.

If it is appropriate, exhibits shall cite sources of information and methods employed in formulating accounting, economic or other types of data. Rebuttal exhibits, if submitted, shall refer specifically to exhibits being rebutted.

### 10.2 Proposed Exhibits and Proposed Exhibit List

### 10.2.1 Exchange of Proposed Exhibits and Proposed Exhibit List Among Parties

Copies of documentary proposed exhibits, along with a proposed exhibit list shall be served on the opposing parties (including the Commission Investigative Attorney) **at least one week before** the date established in the procedural schedule for serving direct exhibits. Once the parties have exchanged their proposed exhibits and lists, they shall jointly review them and eliminate any duplicative exhibits or renumber such exhibits as joint exhibits before they are submitted to the Administrative Law Judge. Proposed physical and demonstrative exhibits need not be served, but shall be identified in the proposed exhibit list. However, proposed physical and demonstrative exhibits must be made available for inspection by the other parties by the dates established in the procedural schedule for serving proposed direct and rebuttal exhibits. Proposed exhibits shall not be filed with the Office of the Secretary of the Commission.

### 10.2.2  Submission and Format of Proposed Exhibits and Proposed Exhibit List on the Administrative Law Judge

The Administrative Law Judge shall receive by the date set forth in the procedural schedule for the submission of direct and rebuttal exhibits: (1) a set of all proposed exhibits for the Administrative Law Judge ("the ALJ set"); and (2) a set of all proposed exhibits in pdf format on electronic media ("the electronic set").  Each set of proposed exhibits shall include a proposed exhibit list prepared in accordance with Ground Rule 10.1.3.

A clear photocopy of a document may be used instead of the original document.  With the exception of a document that is natively larger than 8 ½ x 11 (*i.e.*, letter-size), the photocopy shall be to the same scale as the original.  Each patent asserted in the investigation for purposes of infringement or invalidity shall be given an individual exhibit number and shall be reproduced in its native size.

#### 10.2.2.1  The ALJ Set

The ALJ set of proposed exhibits will be used by the Administrative Law Judge during and after the hearing. The ALJ set shall be provided in loose-leaf binders, with the binders being no wider than 3" (*i.e.*, no 4" or 5" binders).  Each exhibit in the ALJ set shall be individually tabbed, with each tab reflecting the number of the corresponding exhibit, *e.g.*, CX-3C.  The exhibits in the ALJ set shall be in consecutive numerical order and shall not be separated according to whether the exhibits are confidential or public.  Each binder must be labeled on its spine with the name and number of the investigation and the nature of the contents of the binder, *e.g.*, Complainant's Exhibits CX-1 through CX-18C.

The parties are responsible during the course of the hearing for maintaining and updating the ALJ set of exhibits.

#### 10.2.2.2  The Electronic Set

The electronic set shall consist of a copy of each proposed exhibit in pdf format on electronic media.  The proposed exhibits shall not be separated according to whether the exhibits are confidential or public.

### 10.3  Final Exhibits and Final Exhibit List

The Administrative Law Judge shall receive by the date set forth in the procedural schedule for filing initial post-hearing briefs a set of final exhibits for EDIS ("the EDIS set") along with a final exhibit list.  Additionally, no later than 30 days after post-hearing rebuttal briefs are filed, each party shall submit a set of final exhibits directly to the Office of General Counsel ("the General Counsel set") along with a final exhibit list.

### 10.3.1  The EDIS Set

The EDIS set of exhibits shall include a copy of all admitted and rejected exhibits. The EDIS set shall be submitted on electronic media pursuant to Ground Rule 10.4 unless prior permission has been received pursuant to Commission Rule 19 C.F.R. § 210.4(f)(8) and The Handbook of Filing Procedures § II.C(3)(a).   Confidential exhibits and public exhibits shall be submitted on separate electronic media.  Any exhibits that are not included in the EDIS set or on the final exhibit list will not be considered as part of the record to be certified to the Commission when the final initial determination issues.

If the appropriate permission is received pursuant to Commission Rule 19 C.F.R. § 210.4(f)(8) and The Handbook of Filing Procedures § II.C(3)(a) to submit the EDIS set on paper, the following shall apply.  In order to facilitate the optical scanning of the exhibits, the exhibits in the EDIS set shall consist of loose sheets (which may be clipped but not stapled) in folders (file folders, accordion folders, etc.) that are provided in sequentially-numbered boxes. Each folder must be labeled to reflect the number of the exhibit contained therein, *e.g.*, RX-14C. In each box, the folders containing the exhibits shall be placed in numerical order.  Confidential exhibits and public exhibits shall be placed in separate boxes which are clearly marked as containing either confidential or public exhibits.  Because public and confidential exhibits are to be placed in separate boxes, numerical gaps may appear in each box, *e.g.*, the public box may contain exhibits CX-1, CX-2 and CX-4, while the confidential box contains CX-3C and CX-5C.

### 10.3.2  General Counsel Set

The General Counsel set of exhibits shall include a copy of all exhibits except those that have been withdrawn (*i.e.*, those exhibits that were admitted or rejected).  The General Counsel set shall be submitted directly to the Office of the General Counsel in loose leaf binders with each exhibit individually tabbed, with each tab reflecting the number of the corresponding exhibit, *e.g.*, CX-3C. The exhibits in the General Counsel set shall be in consecutive numerical order and shall not be separated according to whether the exhibits are confidential or public.  Each binder must be labeled on its spine with the name and number of the investigation and the nature of the contents of the binder, *e.g.*, Complainant's Exhibits CX-1 through CX-18C.  Rejected exhibits shall be submitted under separate cover and so marked.  Alternatively, the parties may submit the General Counsel set on electronic media pursuant to Ground Rule 10.4.

### 10.3.3  Final Exhibit List

Final exhibit lists shall be prepared in accordance with Ground Rule 10.1.3 and shall reflect the status of all exhibits, including those admitted and rejected during the hearing. Any withdrawn exhibit shall be identified on the final exhibit list by exhibit number and shall indicate that it is withdrawn.

### 10.4    Exhibits on Electronic Media

The procedure for filing and properly formatting exhibits on electronic media may be found at the following Internet address:

http://www.usitc.gov/docket_services/documents/EDIS3UserGuide-CDSubmission.pdf

The electronic media shall include a table of contents file which lists the names of all the files on the electronic media.

## 11.    High Priority Objections

On the date provided in the procedural schedule, each party may file a document listing and providing a narrative explanation of the objections to exhibits which the party believes to be of high priority for discussion and/or ruling at the pre-hearing conference.  The objections placed on the high priority list may be taken from the party's objections to direct, rebuttal and/or supplemental exhibits.  No party shall place more than ten objections on the high priority list.  In an investigation involving more than one participating respondent, the participating respondents, as a group, shall be limited to ten high priority objections.

## 12.    Hearing

### 12.1    Material To Be Received Into Evidence

Only factual material and expert opinion shall be received into evidence.  Legal argument shall be reserved for the post-hearing briefs.

Expert reports typically will not be admitted into evidence, although they may be used for purposes of impeachment.

Demonstrative evidence is evidence that illustrates or helps explain oral testimony, or recreates a tangible thing, occurrence, event, or experiment.  Demonstrative exhibits may be admitted into evidence, but may not be used for any substantive purpose unless the party seeking to use the demonstrative exhibit for a substantive purpose makes a showing that such would be proper under the Federal Rules of Evidence (*see e.g.*, FRE 1006).

### 12.2    Authenticity

Any documents that appear to be regular on its face shall be deemed authentic, unless it is shown by particularized evidence that the document is a forgery or is not what it purports to be.

### 12.3    Witness Testimony

Any direct witness testimony, with the exception of that of an adverse witness, shall be made by witness statement in lieu of live testimony, and shall be served and submitted on the date indicated in the procedural schedule.  The Commission Investigative Staff attorney, however, may ask the witness supplemental direct testimony live at the hearing.  Each witness statement shall be assigned an exhibit number and offered into evidence as an exhibit.  Unless waived, each witness submitting a witness statement shall be available for cross-examination on the witness stand. Witnesses will not read their prepared testimony into the record.

A witness statement shall be in the form of consecutively numbered questions and answers, with the questions from counsel and the answers from the witness.  Each question from counsel shall be immediately followed by an answer to that question by the witness in the witness's own words.  The final two questions asked of the witness shall be: (1) whether or not the witness statement contains the witness's own answers to the questions from counsel; and (2) whether or not the witness's answers to the questions from counsel are true and correct to the best of the witness's knowledge and belief.  The answers to these questions shall be immediately followed by the signature of the witness.  If a witness is to provide testimony on issues relevant to both a party's direct and rebuttal case, the party shall submit separate witness statements for the witness; one witness statement addressing those issues for which the party bears the burden of proof and a second witness statement addressing those issues for which the party does not bear the burden of proof.

A witness statement shall be in the language of the witness.  Any foreign language witness statement shall be accompanied by a certified English translation thereof.  If any party disputes the translation, the translation must be certified by a neutral translator selected by agreement among the parties.

### 12.4    Witness Binders

In examining witnesses on direct, counsel shall provide the witness, the Administrative Law Judge, and other counsel, just prior to the commencement of the examination of each witness, a binder(s) containing all the exhibits that the examining party intends to use with that witness.  The exhibits shall be in numerical order and individually tabbed.

In examining adverse witnesses or cross-examining witnesses, counsel shall provide the witness, the Administrative Law Judge, and other counsel, just prior to the commencement of the examination of each witness, a binder containing all exhibits to be used in the examination of the witness.  The exhibits shall be in numerical order and individually tabbed.

Each binder shall be labeled on its spine with the name and number of the investigation and the nature of the contents of the binder (*e.g.*, Direct Examination of Witness – Volume 1 of 2, Cross-Examination of Witness - Volume 1 of 1).  In addition, the front of the witness binder shall include a table of all exhibits to be used in the examination of the witness with a blank column

entitled "Received Into Evidence" or having similar language.

If there are certain exhibits (*i.e.*, patent, prosecution histories) that will be used frequently with more than one witness, a separate exhibit binder containing those exhibits may be used with those witnesses and need not be included in the separate witness binder for each witness.

### 12.5    Sponsoring Witnesses

Each exhibit that is offered into evidence shall have a "sponsoring witness." One of the purposes of having a sponsoring witness associated with an exhibit is to establish a foundation for the exhibit and to prevent exhibits from coming into the record with no explanation regarding the exhibit or its purpose.

If all of the parties participating in the hearing stipulate, an exception may be granted to the rule and an exhibit may be admitted into evidence without the testimony of a sponsoring witness. For example, if the parties are willing to stipulate and agree to designate portions of deposition testimony to be admitted into the record in lieu of live testimony, along with certain exhibits that were discussed during the deposition, such request will generally be permitted, as long as the exhibit was clearly identified and discussed during the deposition and that the deposition pages discussing the exhibit are included in the designation.

### 12.6    Hearing Procedures

#### 12.6.1  Order of Examination

The order of examination at the hearing is as follows (subject to alteration at the pre-hearing conference or other changes in the discretion of the Administrative Law Judge):

(1)    Brief Opening Statements
    (a)    Complainant (limited to one hour)
    (b)    Respondent (limited to one hour)
    (c)    Commission Investigative Attorney (limited to half an hour)
(2)    Complainant's Case-in-Chief (*e.g.*, importation, domestic industry, infringement)
(3)    Respondent's Case-in-Chief (*e.g.*, invalidity, unenforceability, equitable estoppel) In the event there is more than one respondent, the order of presentation will be determined at the pre-hearing conference.  Respondents shall avoid unnecessary duplication of effort.
(4)    Commission Investigative Attorney's Case-in-Chief
(5)    Respondent's Rebuttal Case
(6)    Complainant's Rebuttal Case

### 12.6.2  Closing Argument

Typically, the Administrative Law Judge does not schedule closing arguments. Any party wishing to make a closing argument should make a request to the Administrative Law Judge before the close of the hearing. The decision to permit closing argument is in the discretion of the Administrative Law Judge.

### 12.6.3  Hearing Hours

Normal hearing hours are 8:45 a.m. to 4:45 p.m. with a one-hour and fifteen minute recess for lunch, beginning each day at approximately 11:45 a.m. Additionally, there will be a fifteen minute break at around 10:15 am and another fifteen minute break at around 2:45 pm.

### 12.6.4  Hearing Decorum

#### 12.6.4.1    Conversations at the Hearing

No cross conversation between opposing counsel will be permitted. Rather if counsel has anything to say to opposing counsel, such statement must be made through the Administrative Law Judge.

#### 12.6.4.2    Reading Matter; Cell Phones; Food and Beverages

No reading of extraneous material will be permitted in the courtroom.

Audible cell phone and beeper signals shall be turned off in the courtroom during the hearing. Any cell phone calls must be taken outside of the courtroom.

Beverages will be permitted in the courtroom, provided they are in a bottle or non-disposable container with a tight fitting lid or cap. That means no Styrofoam or Paper cups. No food or gum shall be permitted in the courtroom during the hearing.

#### 12.6.4.3    Swearing of Witnesses

When a witness is being sworn-in, the witness shall remaining standing. All others in the courtroom room shall be seated and quiet.

#### 12.6.4.4    Arguments on Objection

Arguments or objections may only be made by counsel prior to a ruling. Once a ruling is made, no further discussion of the matter will be permitted.

### 12.7    Examination of Witnesses

#### 12.7.1  Scope of Examination

Absent approval by the Administrative Law Judge, examination of witnesses shall be limited to direct, cross, redirect, and re-cross.

#### 12.7.2  Scope of Cross-Examination

Cross-examination will be limited to the scope of the direct examination.  For witnesses called for the purpose of giving testimony in support of a position that is the same as the position advocated by the party desiring cross-examination of that witness, that party is precluded from asking that witness leading questions (*i.e.*, "no friendly cross-examination").

When counsel is presenting a witness with a question that refers back to the witness's previous testimony, counsel shall refrain from summarizing the witness's previous testimony because this can lead to a time-consuming objection that counsel's summary was not an accurate recitation of the witness's previous testimony. If counsel wishes to refer back to a witness's previous testimony, counsel shall use direct quotations.

#### 12.7.3  Scope of Redirect Examination and Re-Cross examination

Redirect examination shall be limited to matters addressed during cross-examination.  Re-cross examination will be limited to matters addressed on redirect examination.

#### 12.7.4  Coordination of Witnesses

The parties are expected to coordinate examination of witnesses so as to allot the appropriate amount of time for examination of each witness within the total time allotted for the hearing.

#### 12.7.5  Documents Presented to Witnesses

Any document that counsel wishes to show to a witness that is not in the witness's witness binder must first be shown to opposing counsel.

#### 12.7.6  Scope of Expert Witness Testimony

An expert's direct testimony at the hearing shall be limited in accordance with the scope of his or her expert report(s), deposition testimony, or within the discretion of the Administrative Law Judge.  An expert may be cross-examined on matters within his or her expert report(s) regardless of whether or not those matters are within the scope of the expert's direct testimony.

### 12.7.7  Coordination of Respondents' Cross-examination

Respondents shall coordinate cross-examination through one attorney as far as practicable to avoid duplication.  If that is not possible, counsel who intends to cross-examine must be present in the courtroom during the entire preceding cross-examination(s) of the witness in order to avoid repetitive questioning.

### 12.7.8  Requests for Clarification of a Question

Requests for clarification of a question only may come from the witness or the Administrative Law Judge.

### 12.7.9  Use of Translators

If a translator will be used at hearing, the parties are responsible for obtaining one qualified, neutral translator upon whom counsel can agree.  It is suggested that the translator be chosen from a list of approved translators, such as may be kept by various federal district courts or federal agencies.  Translators will be sworn.

### 12.7.10  Conferring with Witness during a Break in Testimony

Counsel shall not, during any break in the witness's testimony, confer with a witness regarding the witness's substantive testimony.

## 13.  Post-Hearing Briefs and Proposed Findings of Fact and Conclusions of Law

### 13.1  Post-Hearing Briefs

#### 13.1.1  In General

On or before the dates set forth in the procedural schedule the parties shall file initial and reply post-hearing briefs.  The post--hearing briefs shall be prefaced with a table of contents, a table of authorities, and a table defining any acronyms used in the brief.  Any factual or legal issues not addressed in the post-hearing briefs shall be deemed waived.

The post-hearing briefs shall not incorporate anything by reference, but may include pinpoint citations to legal authority or the evidentiary record.  Post-hearing briefs shall not include any appendices or other attachments.

The Administrative Law Judge will impose a page limit for all post-hearing briefs; the page limit determined on a case-by-case basis.

The post-hearing briefs shall be organized in accordance with the sample outline attached hereto as Appendix B. Additional issues not set forth in the sample outline that a party wishes to raise may be included where appropriate.

### 13.1.2  Initial Post-Hearing Briefs

The initial post-hearing briefs shall discuss the issues and evidence tried within the framework of the pre-hearing briefs and any permitted amendments thereto.

### 13.1.3  Reply Post-Hearing Briefs

The post-hearing reply brief shall discuss the issues and evidence discussed in the initial post-hearing briefs of each opposing party, following the general outline of the briefs as set forth in Appendix B.

### 13.1.4  Format of Courtesy Copy of Post-Hearing Briefs

In addition to any other requirements, the courtesy copies of the parties' post hearing briefs that are served on the Administrative Law Judge shall be three-hole punched and submitted in loose-leaf binders, with a label on the spine of the binder indicating its contents.

## 13.2    Findings of Fact and Conclusions of Law and Objections and Rebuttals Thereto

### 13.2.1  Findings of Fact and Conclusions of Law

In accordance with Commission Rule 210.40, any party may elect to file proposed findings of fact and conclusions of law. If a party chooses to file proposed findings of fact and conclusions of law, they must be filed on the same date as the initial post-hearing brief. Any facts and law addressed in a proposed finding of fact or conclusions of law must also be addressed in the post-hearing briefs and shall not be incorporated by reference therein.

The proposed findings of fact shall be in the form of numbered paragraphs. A proposed finding of fact must be an assertion of fact only (*i.e.*, without argument more appropriately placed in the post-hearing brief). Each proposed finding of fact **must** be followed with citations to supporting authority in the evidence. Examples of commonly used citations are as follows:

| | |
|---|---|
| Transcript: | Tr. at 895:12-15 [Transcript page:Line number(s)] |
| Exhibits in general: | CX-3; RX-5; SPX-2 |
| Patents: | JX-2 at 3:22-26 |
| Witness Statements: | CX-10C at Q. 33-35 |
| Pleadings: | Complaint ¶ 4 at 2; XYZ Corp. Response to Complaint ¶ 5 at 3. |

### 13.2.2  Objections and Rebuttals to Findings of Fact and Conclusions of Law

A party may choose to file objections and rebuttals to an opposing party's proposed findings of fact; however objections and rebuttals are not required.  If a party elects to file objections and rebuttals to proposed findings of fact, they shall be filed on the same date that the post-hearing reply briefs are due.  Proposed findings of fact and conclusions of law that are not objected to or rebutted shall not be deemed admitted.

If a party chooses to file objections and rebuttals, the party's objections and rebuttals to proposed findings of fact of an opposing party shall repeat the text and citation to the record of the proposed finding of fact being objected to or rebutted and its paragraph number.  Rebuttals shall assert only facts (*i.e.*, without argument more appropriately placed in the post-hearing reply brief), and **must** be followed with citations to the party's own proposed findings of fact or to other supporting authority in the evidence.

**Appendix A**

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**Washington, D.C.**

**Before the Honorable Thomas B. Pender**
**Administrative Law Judge**

| |
|---|
| **In the Matter of** |
| **Certain . . .** |

**Investigation No. 337-TA-\_\_\_**

**APPLICATION FOR ISSUANCE OF SUBPOENA AD TESTIFICANDUM**

[Party name], pursuant to 19 C.F.R. § 210.32(a)(1), hereby applies to the Administrative Law Judge for the issuance of the attached subpoena *ad testificandum* to:

[Name]
[Address]

The subpoena *ad testificandum* requires [Name] to appear and testify at the taking of a deposition on [date], at [location], or at such other date and location as is mutually agreed upon.

[Party name] believes that [Name] may be in possession of substantial information relevant to this Investigation.  [Insert explanation re relevance, *see* Ground Rule 6.10.1.]  Furthermore, the topics identified in Attachment A of the subpoena are narrowly tailored to address only the aforementioned subjects.  [Insert explanation re reasonableness of the scope of inquiry, *see* Ground Rule 6.10.1.]

[Name] will receive the application and subpoena by overnight delivery, if not sooner, and all other parties to this Investigation will receive them on the next business day, at the latest, after the subpoena has issued.  For the reasons set forth above, [Party name] respectfully requests that its application for issuance of a subpoena *ad testificandum* be granted and the attached subpoena be issued.

Dated: _____, 20\_\_

Respectfully submitted,

_____
[Counsel]
[Address]

*Counsel for* [Party Name]

# UNITED STATES INTERNATIONAL TRADE COMMISSION
## Washington, D.C.

| | |
|---|---|
| **In the Matter of** | |
| **Certain . . .** | **Investigation No. 337-TA-___** |

## SUBPOENA DUCES TECUM

TO:   NAME
      ADDRESS

TAKE NOTICE:  By authority of Section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337), 5 U.S.C. § 556(c)(2), and pursuant to 19 C.F.R. § 210.32 of the Rules of Practice and Procedure of the United States International Trade Commission, and upon an application for subpoena made by ["Complainant(s)" / "Respondent(s)"/ etc., followed by name of company],

YOU ARE HEREBY ORDERED to produce at _____, on _____, or at such other time and place agreed upon, all of the documents and things in your possession, custody or control which are listed and described in Attachment A hereto. Such production will be for the purpose of inspection and copying, as desired.

If production of any document listed and described in Attachment A hereto is withheld on the basis of a claim of privilege, each withheld document shall be separately identified in a privileged document list. The privileged document list must identify each document separately, specifying for each document at least: (i) the date; (ii) author(s)/sender(s); (iii) recipient(s), including copy recipients; and (iv) general subject matter of the document. The sender(s) and recipient(s) shall be identified by position and entity (corporation or firm, etc.) with which they are employed or associated. If the sender or the recipient is an attorney or a foreign patent agent, he or she shall be so identified. The type of privilege claimed must also be stated, together with a certification that all elements of the claimed privilege have been met and have not been waived with respect to each document.

If any of the documents or things listed and described in Attachment A hereto are considered "confidential business information," as that term is defined in the Protective Order attached hereto, such documents or things shall be produced subject to the terms and provisions of the Protective Order.  Any motion to limit or quash this subpoena shall be filed within ten (10) days after the receipt hereof.  The filing of any motion concerning this subpoena, shall comply with Commission Rule 210.4(f) and the Administrative Law Judge's Ground Rules.

IN WITNESS WHEREOF the undersigned of the United States International Trade Commission has hereunto set his hand and caused the seal of said United States International Trade Commission to be affixed at Washington, D.C. on this ___ day of _____, 20__.

_____
Thomas B. Pender
Administrative Law Judge
United States International Trade Commission

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**Washington, D.C.**

| | |
|---|---|
| **In the Matter of** | |
| **Certain . . .** | **Investigation No. 337-TA-___** |

**SUBPOENA AD TESTIFICANDUM**

TO:   NAME
      ADDRESS

TAKE NOTICE:  By authority of Section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337), 5 U.S.C. § 556(c)(2), and pursuant to 19 C.F.R. § 210.32 of the Rules of Practice and Procedure of the United States International Trade Commission, and upon an application for subpoena made by ["Complainant(s)" / "Respondent(s)" / etc., followed by name of company],

YOU ARE HEREBY ORDERED to present yourself for purposes of your deposition upon oral examination on_____, at_____, or at such other time and place agreed on, concerning the subject matter set forth in Attachment A hereto.

This deposition will be taken before a Notary Public or other person authorized to administer oaths and will continue from day to day until completed.

If any of your testimony is considered "confidential business information," as that term is defined in the Protective Order attached hereto, such testimony shall be so designated and treated according to the terms and provisions of the Protective Order.

Any motion to limit or quash this subpoena shall be filed within ten (10) days after the receipt hereof.  The filing of any motion concerning this subpoena, shall comply with Commission Rule 210.4(f) and the Administrative Law Judge's Ground Rules.

IN WITNESS WHEREOF the undersigned of the United States International Trade Commission has hereunto set his hand and caused the seal of said United States International Trade Commission to be affixed at Washington, D.C. on this ___ day of _____, 20__ .


_____
Thomas B. Pender
Administrative Law Judge
United States International Trade Commission

**APPENDIX B**

**EXAMPLE OF OUTLINE FOR ALL BRIEFS**

I.    INTRODUCTION
    A.    Procedural History
    B.    The Parties
    C.    Overview of the Technology
    D.    The Patents at Issue
    E.    The Products at Issue

II.   JURISDICTION AND IMPORTATION

III.  PATENT "A"

    A.    Level of Ordinary Skill in the Art
    B.    Claim Construction
        1.    First Disputed Claim Term
        2.    Second Disputed Claim Term
    C.    Infringement
        1.    Claim 1
        2.    Claim 2
    D.    Domestic Industry - "Technical Prong"
    E.    Validity
        1.    Anticipation Under 35 U.S.C. § 102(a)
        2.    Obviousness Under 35 U.S.C. § 103(a)
            a.    The scope and content of the prior art
            b.    The level of ordinary skill in the art
            c.    Comparison of the claimed invention and the prior art
            d.    Secondary considerations of non-obviousness
    F.    Unenforceability
    G.    Other Defenses

IV.   PATENT "B" ...

V.    DOMESTIC INDUSTRY - ECONOMIC PRONG
    A.    Significant Investment in Plant and Equipment
    B.    Significant Employment of Labor or Capital
    C.    ...

VI.   REMEDY AND BONDING