1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
2 | charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
3 | San Francisco, California 94111
Telephone: (415) 875-6600
4 | Facsimile: (415) 875-6700

5 | Kevin P.B. Johnson (Bar No. 177129
kevinjohnson@quinnemanuel.com
6 | Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
7 | 555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
8 | Telephone:    (650) 801-5000
Facsimile:      (650) 801-5100
9
Michael T. Zeller (Bar No. 196417)
10 | michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
11 | Los Angeles, California 90017
Telephone: (213) 443-3000
12 | Facsimile: (213) 443-3100

13 | Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
14 | INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK (PSG) |
|---|---|
| Plaintiff, | **DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO STRIKE** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendant. | |

02198.51855/4781165.3

Case No. 11-cv-01846-LHK
DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF SAMSUNG'S OPPOSITION
TO APPLE'S MOTION TO STRIKE

I, Diane C. Hutnyan, declare as follows:

1. I am a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"). I submit this declaration in support of Samsung's Opposition to Apple's Motion to Strike Portions Of Samsung's Expert Reports. Except as to those facts stated on information and belief, I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2. Apple first raised the issue of Samsung's responses to its design-related interrogatories in a letter dated March 11, 2012. A true and correct copy of this letter is attached as Exhibit 1 to the Declaration of Joby Martin In Support of Samsung's Opposition to Apple's Motion to Strike. In this letter, Apple states its belief that Samsung's responses to Apple's design-related contention interrogatories are deficient and demands that Samsung supplement those responses by March 13, 2012.

3. Following Apple's March 11 letter, the parties held an in-person meet and confer on March 14, 2012. Michael Jacobs, Marc Pernick, Allison Tucher, Mia Mazza, Jason Bartlett and Nathan Sabri attended the meeting on behalf of Apple, with Calvin Walden and Peter Kolovos participating via teleconference.

4. At the meeting, which I attended, counsel for Apple reiterated its position that Samsung had not responded to Apple's design-related interrogatories in sufficient detail. Counsel for Apple threatened motion practice unless Samsung committed to supplement its responses to numerous interrogatories, including the design-related interrogatories discussed in Apple's Motion to Strike Portions Of Samsung's Expert Reports.

5. Counsel for Samsung stated that it would supplement its interrogatory responses as quickly as was necessary to avoid burdening the Court with motion practice. Counsel for Samsung stated that it would serve supplemental responses on March 19, 2012 if Apple agreed not to pursue motion practice.

02198.51855/4781165.3

-1-   Case No. 11-cv-01846-LHK
DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF SAMSUNG'S OPPOSITION
TO APPLE'S MOTION TO STRIKE

1    6.    Counsel for Apple made no objection to the proposed March 19, 2012 date, nor did it demand an earlier date.  Instead, counsel for Apple reserved the right to pursue motion practice if the supplemental responses that Samsung served on March 19, 2012 did not contain sufficient detail.  Counsel for Apple specifically referenced Apple's responses to Samsung's utility patent contention interrogatories, and stated that it would pursue motion practice if Samsung's supplemental responses were not comparably detailed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on the 31st of May, 2012, in Los Angeles, California.

                                        _/s/ Diane C. Hutnyan_
                                          Diane C. Hutnyan