# Exhibit 8
# (Submitted Under Seal)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100

9
   Michael T. Zeller (Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
14 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

15

16               UNITED STATES DISTRICT COURT

17          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

| | |
|---|---|
| 19  APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| 20           Plaintiff, | **SAMSUNG'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE INC.'S SECOND SET OF INTERROGATORIES (No. 2)** |
| 21       vs. | |
| 22  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY UNDER THE PROTECTIVE ORDER** |
| 25           Defendant. | |

27

28

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

**INTERROGATORIES**

**INTERROGATORY NO. 2:**

For each of the Asserted Claims, set forth in detail Samsung's bases for asserting the defense of non-infringement, including a claim chart indicating whether each element of the claim is present or absent in each of the Products at Issue and, if Samsung contends that an element is absent, the detailed basis for that contention.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Samsung objects to this interrogatory as vague and ambiguous. Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung objects to Apple's definition of "Products at Issue" as overly broad, vague, and ambiguous insofar as it includes the undefined categories of "any similar products" and "any products that Apple accuses of infringing its intellectual property in this litigation." Samsung further objects to this interrogatory as vague since Apple has failed to provide a detailed explanation in its Disclosure of Asserted Claims and Infringement Contentions of the bases for its claims that Samsung allegedly infringes the Asserted Claims. Furthermore, Samsung is presently unable to provide more detailed non-infringement positions because Apple has not served its expert reports identifying how Samsung's products allegedly infringe Apple's asserted patents. Samsung further objects to this interrogatory to the extent it prematurely calls for contentions at this stage of litigation. Samsung will provide such contentions in accordance with the Court's Minute Order and Case Management Order, dated August 25, 2011.

Subject to the foregoing general and specific objections, and without waiver of Samsung's rights to seek relief from the Court based on any of the foregoing objections, Samsung responds as follows:

**U.S. Patent No. 7,812,828 ("the '828 patent")**

Samsung has not directly infringed, induced infringement of, or contributed to infringement of the '828 Patent. Apple's infringement contentions fail to demonstrate direct or

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

Products are capable of substantial noninfringing uses, whether the Accused Products were especially made or especially adapted for infringing use, and how others have supposedly directly infringed the '381 patent.

The Accused Products do not practice claims 1-20, either literally or under the doctrine of equivalents, for at least the following reasons. Apple has not shown or provided any evidence demonstrating that any Accused Product (i) translates the electronic document in the first direction while the object is still detected on or near the touch screen display and an edge of the electronic document is reached while translating the electronic document in the same first direction; (ii) display an area beyond the edge of the electronic document; (iii) the second direction is opposite the first direction; (iv) translating in the first direction is in accordance with a simulation of an equation of motion having friction; (v) translating the document in the second direction is a damped motion; (vi) the second associated translating speed is slower than the first associated translating speed, where the first associated translating speed corresponds to a speed of movement of the object prior to reaching the edge and displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction for a second associated translating speed; and (vii) contains instructions required by claims 19 and 20.

Furthermore, Apple has not provided evidence that the Accused Products meet the limitations of the '381 patent claims under the interpretation of those claims in J. Koh's December 2, 2011 order on Apple's Motion for Preliminary Injunction.

Samsung also incorporates by reference the Declaration of Jeffrey Johnson in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 174) and Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 181a).

**U.S. Patent No. 7,844,915 ("the '915 patent")**

Samsung has not directly infringed, induced infringement of, or contributed to infringement of the '915 patent.  Apple's infringement contentions fail to demonstrate direct or indirect infringement of the '915 patent by Samsung.  Apple's contentions also fail to allege any facts to support its allegations of indirect infringement, including with respect to the critical issues of whether Samsung intended to induce others to infringe the '915 patent, whether the Accused

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1. Products are capable of substantial noninfringing uses, whether the Accused Products were
2. especially made or especially adapted for infringing use, and how others have supposedly directly
3. infringed the '915 patent.  The Accused Products do not practice claims 1 through 21, either
4. literally or under the doctrine of equivalents, for at least the following reasons.  Apple has not
5. shown or provided any evidence demonstrating that any Accused Product practices the following
6. limitations:
7.   "determining whether the event object invokes a scroll or gesture operation," as "event
8. objects" are incapable of invoking operations.
9.   "distinguishing between a single input point applied to the touch-sensitive display that is
10. interpreted as the scroll operation and two or more input points applied to the touch-sensitive
11. display that are interpreted as the gesture operation;" ███████████████
12. ████████████████████████████████████████████████
13. ████████████████████████████ The '915 specification conflates the
14. definitions of scroll operations and gesture operations, rendering all the claims indefinite and
15. therefore non-infringed.
16.   "responding to at least one scroll call, if issued, by scrolling a window having a view
17. associated with the event object based on an amount of a scroll with the scroll stopped at a
18. predetermined position in relation to the user input;" ███████████████
19. ████████████████████████████████████████████████
20. ████████████████████████████████████████████
21. ████████████████████████████████████████████
22. ████
23.   "rubberbanding a scrolling region displayed within the window by a predetermined
24. maximum displacement when the scrolling region exceeds a window edge based on the scroll," █
25. ████████████████████████████ Furthermore, the '915 claims and
26. specification do not define the claim term "rubberbanding" and an inventor of the patent was
27. likewise unable to define it.  (*See* Deposition Transcript of Andrew Platzer at 36-41.)
28.

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

"attaching scroll indicators to a content edge of the window" and "attaching scroll indicators to the window edge." The '915 patent specification and claims do not define the terms "content edge" and "window edge," rendering all the claims indefinite and therefore non-infringed.

"determining whether the event object invokes a scroll or gesture operation is based on receiving a drag user input for a certain time period," as "event objects" are incapable of invoking operations.

"responding to at least one gesture call, if issued, by rotating a view associated with the event object based on receiving a plurality of input points in the form of the user input," as the '915 specification conflates the definitions of scroll operations and gesture operations, rendering this claim indefinite and therefore non-infringed.

Apple also has failed to identify a function or associated structure for the means plus function claims, namely claims 8-14 and 15-21. Nevertheless, Samsung does not meet these means plus function claims for at least the reasons listed above.

**U.S. Patent No. 7,853,891 ("the '891 patent")**

Samsung has not directly infringed, induced infringement of, or contributed to infringement of the '891 patent. Apple's infringement contentions fail to demonstrate direct or indirect infringement of the '891 patent by Samsung. Apple's contentions also fail to allege any facts to support its allegations of indirect infringement, including with respect to the critical issues of whether Samsung intended to induce others to infringe the '891 patent, whether the Accused Products are capable of substantial noninfringing uses, whether the Accused Products were especially made or especially adapted for infringing use, and how others have supposedly directly infringed the '891 patent.

The Accused Products do not practice claims 1-3, 5-7, 14-21, 23, 24, 26-28, 30-32, 39-46, 48, 49, 51-53, 55-57, 64-71, 73 & 74, either literally or under the doctrine of equivalents, for at least the following reasons. Apple has not shown or provided any evidence demonstrating that any Accused Product practices a method to display a user interface window for a digital processing system, wherein the method comprises: (i) starts a timer, (ii) closing the window in response to a

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  signal." For example, Apple has not shown that any of the Accused Products have a modulated

2  Vcom signal.

3  ███████████████████████████████████

4  ████████████████████████████████████████

5  ████████████████████████████████████

6  ████████████

7        For all of the patents listed above, Samsung's investigation is ongoing and Samsung will

8  provide its non-infringement positions for the Asserted Claims in its expert report(s) to be

9  submitted in accordance with the Court's Minute Order and Case Management Order, dated

10 August 25, 2011.

11 DATED: March 12, 2012                    Respectfully submitted,

12                                          QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
13

14

15                                          By      */s/ Todd Briggs*
                                                Charles K. Verhoeven
16                                              Kevin P.B. Johnson
                                                Victoria F. Maroulis
17                                              Michael T. Zeller
                                                Attorneys for SAMSUNG ELECTRONICS CO.,
18                                              LTD., SAMSUNG ELECTRONICS AMERICA,
                                                INC. and SAMSUNG
19                                              TELECOMMUNICATIONS AMERICA, LLC

20

21

22

23

24

25

26

27

28