Exhibit 10
(Submitted Under Seal)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>      Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>      Defendants. | CASE NO. 11-cv-01846-LHK |

**REBUTTAL EXPERT REPORT OF STEPHEN GRAY
REGARDING NON-INFRINGEMENT OF ASSERTED CLAIMS OF U.S. PATENT NOS.
7,844,915 AND 7,864,163**



45. For at least reason, the Accused Products do not infringe any of the asserted claims of the '915 Patent.

### 2. It Is My Understanding That The Singh Report Opinions Regarding Indirect Infringement Were Not Properly Disclosed In Apple's Infringement Contentions.

46. The opinions of the Singh Report rely on an indirect theory of infringement with respect to the method claims of the '915 Patent. The opinion, as stated by the Singh report, is that "the Samsung defendants have indirectly infringed the method claims of the '915 Patent." Singh Report at ¶ 304. However, it is my understanding that Apple's P.L.R. 3-1 infringement contentions did not previously disclose that it would be relying on this type of infringement theory with regard to the '915 Patent. The

59. The Singh Report does not identify any specific component in the Accused Products that receives a user input. Singh merely asserts that "[e]ach '915 Accused Product … includes a touch-sensitive display," but does not cite to any evidence to establish that any such touch-sensitive displays receive "one or more input points." Further, The Singh Report does not identify any software component that receives or handles the user input from the touch-sensitive display. Singh Report ¶ 308.

60. Additionally, I note that any Accused Products that do not receive user input in the form of "one or more input points" do not infringe Claim 1.

### 3. '915 Patent, Claim 1[b]

61. Claim 1[b] recites:

*creating an event object in response to the user input;*

62. I note that any Accused Products that do not create an event object in response to user input in the form of "one or more input points" do not infringe this limitation.

### 4. '915 Patent, Claim 1[c]

63. Claim 1[c] recites:

*determining whether the event object invokes a scroll or gesture operation*

*by distinguishing between a single input point applied to the touch-*

*sensitive display that is interpreted as the scroll operation and two or*

*more input points applied to the touch-sensitive display that are*

*interpreted as the gesture operation;*

[REDACTED]

n.

65. Claim 1[c] requires "determining whether the event object invokes a scroll or gesture operation." I have previously submitted an expert report outlining the reasons for my conclusion that Claim 1 of the '915 Patent is indefinite and therefore invalid over the cited prior art.

66.     In the alternative, should the court find that Claim 1 is not indefinite and confirms its validity over the cited prior art, it is my opinion that Claim 1 is not infringed by the Accused Products, either literally or under the doctrine of equivalents, for at least the following reasons:



**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1 ██████████████████████████████████████████████
2 ██████████████████████████████████████████████
3 ██████████████████████████████████████████████
4 ██████████████████████████████████████████████
5 ██████████████████████████████████████████████

6      74.    For at least these reasons, the Accused Products do not infringe Claim 1 of the '915
7 Patent, either literally or under the doctrine of equivalents.

8 ██████████████████████████████████████████████
9 ██████████████████████████████████████████████
10 ██████████████████████████████████████████████
11 ██████████████████████████████████████████████
12 ██████████████████████████████████████████████
13 ██████████████████████████████████████████████
14 ██████████████████████████████████████████████
15 ██████████████████████████████████████████████
16 ██████████████████████████████████████████████
17 ██████████████████████████████████████████████
18 ██████████████████████████████████████████████
19 ██████████████████████████████████████████████
20 ██████████████████████████████████████████████
21 ██████████████████████████████████████████████
22 ██████████████████████████████████████████████
23 ██████████████████████████████████████████████
24 ██████████████████████████████████████████████
25 ██████████████████████████████████████████████
26 ██████████████████████████████████████████████
27 ██████████████████████████████████████████████
28



16  82.  For at least these reasons, the Accused Products do not infringe Claim 1 of the '915
17 Patent either literally or under the doctrine of equivalents.

**(c)   Additional Comments**

19  83.  The Singh Report also relies on Ioi Lam's deposition testimony stating that Android has
20 "event objects." Singh Report ¶ 325. I note that this statement and citation is nearly meaningless, as all
21 event-driven GUI systems have event objects, or similar message-passing models.

**5.   '915 Patent, Claim 1[d]**

23  84.  Claim 1[d] recites:

24      *issuing at least one scroll or gesture call based on invoking the scroll or*
25      *gesture operation;*

26  85.  As discussed above, systems that do not issue one or more scroll or gesture calls from the
27 event object created in response to user input in the form of "one or more input points" do not infringe

-16-

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  Dated: April 16, 2012

    By: _____
        Stephen Gray