# EXHIBIT A

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>        vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S PATENT LOCAL RULE 3-3 AND 3-4 DISCLOSURES** |

Pursuant to the Court's Minute Order and Case Management Order, and Patent Local Rules 3-3 and 3-4, Defendants Samsung Electronic Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") submit invalidity contentions and document productions for U.S. Patent Numbers 7,812,828 (the "'828 Patent"); 6,493,002 (the "'002 Patent"); 7,469,381 (the "'381 Patent"); 7,844,915 (the "'915 Patent"); 7,853,891 (the "'891 Patent"); 7,663,607 (the "'607 Patent"); 7,663,163 (the "'163 Patent"); and 7,920,129 (the "'129 Patent") (collectively, "Apple Asserted Patents").  Apple Inc. is referred to herein as "Apple" or "Plaintiff."

## PATENT LOCAL RULE 3-3 DISCLOSURES

1.      This disclosure is directed to preliminary invalidity and unenforceability issues only and does not address claim construction or non-infringement.  Samsung reserves all rights with respect to such issues, including but not limited to its position that claims of the Apple Asserted Patents are to be construed in a particular manner and are not infringed.

2.      These invalidity contentions are preliminary and are based on Samsung's current knowledge, understanding, and belief as to the facts and information available as of the date of these contentions.  Samsung has not yet completed its investigation, discovery, or analysis of information related to this action, and additional discovery may require Samsung to supplement or amend its invalidity contentions.  For instance, Apple has failed to produce prior art, invalidity contentions, expert reports, dispositive motions, prehearing and posthearing briefs, and other relevant materials from its litigations with HTC, Motorola, and Nokia, which include many of the Apple Asserted Patents and related patents.  As one example, Apple has not yet produced materials relating to NeXT computers, including the NeXTSTEP source code for multiple versions of the prior art NeXTSTEP operating system, even though Samsung has requested this prior art. Samsung reserves the right to amend or supplement its charts once it gains access to relevant materials Apple has not yet produced.  While Samsung has made a good-faith effort to provide a comprehensive list of prior art relevant to this case, Samsung reserves the right to modify or supplement its prior art list and invalidity contentions at a later time with or based upon pertinent information that may be subsequently discovered from Apple or third-parties.  Moreover,

1  discovery is ongoing and Samsung reserves the right to pursue all other defenses that may be

2  available to it, including but not limited to defenses that the Apple Asserted Patents are

3  unenforceable based on laches, estoppels, waiver acquiescence, inequitable conduct, patent

4  misuse, patent exhaustion, express or implied license, or any other grounds.

5       3.     Any invalidity analysis depends, ultimately, upon claim construction, which is a

6  question of law reserved for the Court.  The asserted claims have not yet been construed by the

7  Court in this case and, thus, Samsung has not yet had the opportunity to compare the asserted

8  claims of the Apple Asserted Patents (as construed by the Court) with the prior art.  Samsung

9  reserves the right to amend, supplement, or materially modify its invalidity contentions after the

10  claims have been construed by the Court.  Samsung also reserves the right to amend, supplement,

11  or materially modify its invalidity contentions based on any claim construction positions that

12  Apple may take in this case.  Samsung also reserves the right to assert that a claim is indefinite,

13  not enabled, or fails to meet the written description requirement based on any claim construction

14  position Plaintiff may take in this case or based on any claim construction the Court may adopt in

15  this case.

16       4.     Samsung's invalidity contentions are directed to the claims asserted by Plaintiff that

17  are identified in Plaintiff's August 26, 2011 Disclosure of Asserted Claims and Infringement

18  Contentions.  In its Infringement Contentions, however, Plaintiff states that it "reserves the right to

19  supplement or amend these disclosures as further facts are revealed during the course of this

20  litigation."  Samsung therefore reserves the right to modify, amend, supplement or otherwise alter

21  its invalidity contentions in the event that Plaintiff supplements or amends its infringement

22  contentions or take a claim construction position that is different than or in addition to those set

23  forth in its infringement contentions, or for any other reason constituting good cause to modify,

24  amend, supplement or otherwise alter these invalidity contentions.

25       5.     Samsung further contends that Plaintiff appears to be pursuing overly broad

26  constructions of the asserted claims of the Apple Asserted Patents in an effort to piece together an

27  infringement claim where none exists and to accuse products that do not practice the claims as

28  properly construed.  At the same time, Plaintiff's infringement contentions are in most places too

general and vague to discern exactly how Plaintiff contends each accused product practices each element of the asserted claims.  Samsung has requested that Plaintiff remedy the deficiencies in its infringement contentions, but Plaintiff has not done so.  Accordingly, these invalidity contentions are not intended to be, and are not, an admission that the asserted claims are infringed by any of Samsung's products or technology, that any particular feature or aspect of any of the accused products practices any elements of the asserted claims, or that any of Plaintiff's proposed constructions are supportable or proper.  To the extent that any of the prior art references disclose the same functionality or feature of any of the accused products, Samsung reserves the right to argue that said feature or functionality does not practice any element of any of the asserted claims, and to argue, in the alternative, that if said feature or functionality is found to practice any element of any of the asserted claims of the Apple Asserted Patents, then the prior art reference demonstrates that that element is not novel to the invention and is not patentable.

6.      Attached hereto are representative claim charts that demonstrate how the asserted claims of the Apple Asserted Patents are invalid in view of certain prior art.  The references cited in the attached claim charts may disclose the limitations of the asserted claims of the Apple Asserted Patents either expressly and/or inherently.  Moreover, the suggested obviousness combinations are in the alternative to Samsung's anticipated contentions.  These obviousness combinations should not be construed to suggest that any reference included in any combination is not anticipatory in its own right.

7.      In this action, Plaintiff asserts that Samsung infringes certain claims of the Apple Asserted Patents.  Although Plaintiff asserts that these claims are either literally infringed or infringed under the doctrine of equivalents, Plaintiff has failed to provide any analysis or explanation regarding alleged infringement of the asserted claims of the patents-in-suit under the doctrine of equivalents.  Samsung reserves its rights to modify, amend, supplement or otherwise alter its preliminary infringement contentions in the event Plaintiff is permitted to modify, amend, supplement, or clarify their infringement contentions with respect to direct infringement (literal and under the doctrine of equivalents).

8.      Samsung is providing invalidity contentions only for the claims asserted by Plaintiff, but hereby reserves the right to seek invalidation of all claims in each of the Apple Asserted Patents.

9.      Samsung reserves the right to modify, amend, or supplement these disclosures as additional information becomes available, and as its discovery and investigation proceed.

## I.      THE '828 PATENT

### A.      Local Patent Rule 3-3(a):  Identification of Prior Art

At this time, Samsung contends that at least the following prior art references anticipate or render obvious, either alone or in combination, the asserted claims of the '828 Patent:

1.      Patent References[1]

| Chart No(s). | Country of Origin | Patent Number | Date of Issue | Priority Date |
|---|---|---|---|---|
| A-1 | US | 4,618,989 | 10/21/1986 | 1/21/1983 |
| A-2 | US | 5,488,204 | 1/30/1996 | 6/8/1992 |
| A-3 | US | 5,583,946 | 12/10/1996 | 9/30/1993 |
| A-4 | US | 5,638,093 | 6/10/1997 | 12/7/1993 |
| A-5 | US | 5,734,751 | 3/31/1998 | 7/22/1994 |
| A-6 | US | 5,812,118 | 9/22/1998 | 6/25/1996 |
| A-7 | US | 5,825,352 | 10/20/1998 | 1/4/1996 |

2.      Publications[2]

| Chart No(s). | Title | Date of Publication | Author | Publisher |
|---|---|---|---|---|
| A-8 | Machine Vision: Theory, Algorithms, Practicalities (2d Ed.) (ISBN 012206092X) | Nov. 1996 | E.R. Davies | Academic Press |
| A-9 | Interpretation of Tactile Data from an FSR Pressure Pad Transducer Using Image Processing Techniques, Master's Thesis | Nov. 1994 | Apurva M. Desai | Simon Fraser University, Canada |

Additional prior art that has not been charted, but is still relevant to the invalidity of the '828 Patent is listed in Exhibit B.  Samsung reserves the right to amend these invalidity

---

[1]   Samsung incorporates by reference all prior art references cited in the patents listed herein and/or their file histories.

[2]   Samsung incorporates by reference all prior art references identified in the publications listed herein.

contentions to assert these references depending on the claim construction and infringement positions Apple may take as the case proceeds.  Moreover, Samsung reserves the right to use these references in combination with other references to render the claims of the '828 Patent obvious in the event Apple takes the position that certain claim limitations are missing from the references charted in Exhibits A and C.

### B.  Local Patent Rule 3-3(b):  Whether Each Item Anticipates or Renders Obvious the Asserted Claims

Plaintiff asserts claims 1-3, 6, 9-13, 15-16, 20-31, and 34-35 of the '828 Patent against Samsung in this lawsuit.  All of those claims are invalid because the '828 Patent fails to meet one or more of the requirements for patentability.  The individual bases for invalidity are provided below and in the claim charts attached as Exhibits A and C.  Each of the foregoing listed prior art documents, the underlying work, and/or the underlying apparatus or method qualifies as prior art under one or more sections of 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

Although Samsung has identified at least one citation per limitation for each reference, each and every disclosure of the same limitation in the same reference is not necessarily identified.  Rather, in an effort to focus the issues, Samsung has cited representative portions of identified references, even where a reference may contain additional support for a particular claim element.  In addition, persons of ordinary skill in the art generally read a prior art reference as a whole and in the context of other publications and literature.  Thus, to understand and interpret any specific statement or disclosure within a prior art reference, such persons would rely on other information within the reference, along with other publications and their general scientific knowledge.  Samsung may rely upon uncited portions of the prior art references and on other publications and expert testimony to provide context, and as aids to understanding and interpreting the portions that are cited.  Samsung may also rely on uncited portions of the prior art references, other disclosed publications, and the testimony of experts to establish that a person of ordinary skill in the art would have been motivated to modify or combine certain of the cited references so as to render the claims obvious.

### 1.   **Anticipation**

Some or all of the asserted claims of the '828 Patent are invalid as anticipated under 35 U.S.C. § 102 in view of each of the prior art references identified above and in the claim charts included in Exhibit A, which identify specific examples of where each limitation of the asserted claims is found in the prior art references.  As explained above, the cited portions of prior art references identified in the attached claim charts are exemplary only and representative of the content and teaching of the prior art references, and should be understood in the context of the reference as a whole and as they would be understood by a person of ordinary skill in the art.

### 2.   **Obviousness**

To the extent any limitation is deemed not to be exactly met by an item of prior art listed above and in Exhibit A, then any purported differences are such that the claimed subject matter as a whole would have been obvious to one skilled in the art at the time of the alleged invention, in view of the state of the art and knowledge of those skilled in the art.  The item of prior art would, therefore, render the relevant claims invalid for obviousness under 35 U.S.C. § 103(a).

In addition, the references identified above render one or more asserted claims of the '828 Patent obvious when the references are read in combination with each other, and/or when read in view of the state of the art and knowledge of those skilled in the art.  Each and every reference identified is also relevant to the state of the art at the time of the alleged invention.  Any of the references disclosed above may be combined to render obvious (and therefore invalid) each of Plaintiff's asserted claims.  Samsung may rely upon a subset of the above identified references or all of the references identified above, including all references in Exhibits A, B, and C, for purposes of obviousness depending on the Court's claim construction, positions taken by Apple during this litigation, and further investigation and discovery.

Moreover, to the extent the foregoing references are found not to anticipate the asserted claims, the foregoing references render the asserted claims obvious either alone or in combination with one or more of the other references identified above pursuant to P.R. 3-3(a).  As explained herein and/or in the accompanying charts, it would have been obvious to a person of skill in the art

at the time of the alleged invention of the asserted claims of the '828 Patent to combine the various references cited herein so as to practice the asserted claims of the '828 Patent.

In accordance with P.R. 3-3(b), prior art references rendering the asserted claims obvious, alone or in combination with other references, are outlined below and included in Exhibits A and C, which includes exemplary claim charts for the asserted claims of the '828 Patent showing specifically where in each reference or combinations of references each asserted claim is found, and an explanation of why the prior art renders the asserted claim obvious.  Where applicable, the charts in Exhibit A and C include the motivation to combine references.

In particular, Samsung contends that the asserted claims of the '828 Patent would have been obvious in view of the prior art references identified above.  For example, Exhibit C includes exemplary claim charts that describe how the asserted claims of the '828 Patent would have been obvious in view of the following references alone or in combination:

- All references identified in Exhibit A, if found not to anticipate the claims of the '828 Patent, render the claims of the '828 Patent obvious alone;

- Exhibit C-1:  U.S. Patent No. 5,168,531 ("Sigel '531") and Baker '951, Bisset '352, Bertram '157, Davies, Desai, Duwaer '381, and/or Tsukune;

- Exhibit C-2:  U.S. Patent No. 6,738,154 ("Venable '154") and Baker '951, Bisset '352, Bertram '157, Davies, Desai, Duwaer '381, Konrad, Shieh '118, Takahashi '093, and/or Tsukune '989

In addition to the specific combinations of prior art and the specific combinations of groups of prior art disclosed, Samsung reserves the right to rely on any other combination of any prior art references disclosed herein.  Samsung further reserves the right to rely upon combinations disclosed within the prosecution history of the references cited herein.  These obviousness combinations reflect Samsung's present understanding of the potential scope of the claims that Plaintiff appears to be advocating and should not be seen as Samsung's acquiescence to Plaintiff's interpretation of the patent claims.

Samsung also reserves the right to amend or supplement these contentions regarding anticipation or obviousness of the asserted claims, in view of further information from Plaintiff, information discovered during discovery, or a claim construction ruling by the Court.  Plaintiff has not identified what elements or combinations it alleges were not known to one of ordinary skill in the art at the time.  Therefore, for any claim limitation that Plaintiff alleges is not disclosed in a particular prior art reference, Samsung reserves the right to assert that any such limitation is either inherent in the disclosed reference or obvious to one of ordinary skill in the art at the time in light of the same, or that the limitation is disclosed in another of the references disclosed above and in combination would have rendered the asserted claim obvious.

**C.     Local Patent Rule 3-3(c):  Charts Identifying where Specifically in each Alleged item of Prior Art each Asserted Claim is Found**

Pursuant to Local Patent Rule 3-3(c), charts identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that Apple contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function is attached in Exhibits A and C.

**D.     Local Patent Rule 3-3(d):  Other Grounds for Invalidity**

Samsung identifies the following grounds for invalidity of the asserted claims of the '828 Patent based on 35 U.S.C. §§ 101 and/or 112.  Samsung reserves the right to supplement these disclosures based on further investigation and discovery.

**3.     Invalidity Based on 35 U.S.C. § 101**

The asserted claims of the '828 Patent are invalid under 35 U.S.C. § 101 because they only claim abstract ideas.  For example, each asserted claim of the '828 Patent contains the limitation "mathematically fit[ting] an ellipse" or "fitting an ellipse."

4. **Invalidity Based on Enablement or Written Description Under 35 U.S.C. § 112(1) and/or Invalidity Based on Indefiniteness Under 35 U.S.C. § 112(2)**

Based on Samsung's present understanding of Plaintiff's infringement contentions, Samsung asserts that claims 1-3, 6, 9-13, 15-16, and 20-31 of the '828 Patent are invalid for reciting at least the following claim terms/phrases:

- "mathematically fit[ting] an ellipse to at least one of the [one or more] pixel groups"

- "transmit[ting] one or more ellipse parameters as a control signal to an electronic or electromechanical device"

- "means for producing a proximity image representing a scan of a plurality of electrodes of a touch-sensitive surface"

- "means for segmenting the proximity image into one or more pixel groups"

- "means for fitting an ellipse to at least one of the pixel groups"

- "the touch object comprises at least a portion of a hand"

- "the touch object comprises at least a portion of one or more fingers"

- "the touch object comprises at least a portion of a body part"

- "the body part comprises one or more of a hand, a finger, an ear, or a cheek"

- "means for transmitting one or more ellipse parameters as a control signal to an electronic or electromechanical device"

- "means for tracking a path of one or more pixel groups through a plurality of time-sequenced proximity images"

- "means for fitting an ellipse to at least one of the pixel groups in a plurality successive proximity images"

- "means for tracking a change in one or more ellipse parameters through a plurality of time-sequenced proximity images"

These claim terms/phrases as apparently construed by Apple violate the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

Based on Samsung's present understanding of Plaintiff's infringement contentions, at least one or more of these claim terms/phrases are indefinite because they are inconsistent with and

1  broader than the alleged invention disclosed in the specification and given Plaintiff's apparent

2  constructions of the claims, any person of ordinary skill in the art at the time of the invention

3  would not understand what is claimed, even when the claims are read in light of the specification.

4  Moreover, based on Samsung's present understanding of Plaintiff's infringement contentions, each

5  of the asserted claims in which these claim terms/phrases appear lack written description because

6  the specification of the '828 Patent demonstrates that the patentee neither conceived of nor

7  demonstrated possession of all that Apple now contends the claims cover.  In addition, based on

8  Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted

9  claims in which these claim terms/phrases appear are invalid because the specification fails to

10 provide sufficient disclosure to enable any person of ordinary skill in the art to which it pertains,

11 or with which it is most nearly connected, to implement the invention without undue

12 experimentation.  Therefore, the claims fail to satisfy the requirements of § 112 ¶¶ 1 and 2.

13 **II.      THE '002 PATENT**

14     **A.      Local Patent Rule 3-3(a):  Identification of Prior Art**

15          At this time, Samsung contends that at least the following prior art references anticipate or

16 render obvious, either alone or in combination, the asserted claims of the '002 Patent:

17          **1.      Patent References[3]**

| Chart No(s). | Country of Origin | Patent Number | Date of Issue | Priority Date |
|---|---|---|---|---|
| D-1 | US | 5,754,174 | 05/19/1998 | 08/27/1992 |
| D-2 | US | 5,825,357 | 10/20/1998 | 12/13/1993 |
| D-3 | US | 5,745,096 | 04/28/1998 | 06/03/1991 |
| D-4 | US | 5,542,088 | 07/30/1996 | 04/29/1994 |
| D-5 | US | 5,491,795 | 2/13/1996 | 05/04/1993 |

          **2.      Publications[4]**

| Chart No(s). | Title | Date of Publication | Author | Publisher |
|---|---|---|---|---|
| D-6 | Using PC Tools For Windows | July 1993 | Halliday, Caroline, et. al. | Que Corporation |

----

[3]  Samsung incorporates by reference all prior art references cited in the patents listed herein and/or their file histories.

[4]  Samsung incorporates by reference all prior art references identified in the publications listed herein.

3.     **Systems**

All versions of the following prior art systems commercially sold, publicly known or used before the priority date of the '002 Patent, including documents and source code describing the same:

| Chart No(s). | System | Date Offered | Offering Entity |
|---|---|---|---|
| D-6 | PC Tools for Windows 1.0 | July 1993 or earlier | Central Point |
| D-7 | NeXTSTEP Operating System ver. 3.0 | Sep. 1992 | Next Computer, Inc. |

Additional prior art that has not been charted, but is still relevant to the invalidity of the '002 Patent is listed in Exhibit E.  Samsung reserves the right to amend these invalidity contentions to assert these references depending on the claim construction and infringement positions Apple may take as the case proceeds.  Moreover, Samsung reserves the right to use these references in combination with other references to render the claims of the '002 Patent obvious in the event Apple takes the position that certain claim limitations are missing from the references charted in Exhibits D and F.

**B.     Local Patent Rule 3-3(b):  Whether Each Item Anticipates or Renders Obvious the Asserted Claims**

Plaintiff asserts claims 1-4, 6-7, 9-20, 25-29, 31-32, 34-45, and 50 of the '002 Patent against Samsung in this lawsuit.  All of those claims are invalid because the '002 Patent fails to meet one or more of the requirements for patentability.  The individual bases for invalidity are provided below and in the claim charts attached as Exhibits D and F.  Each of the foregoing listed prior art documents, the underlying work, and/or the underlying apparatus or method qualifies as prior art under one or more sections of 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

Although Samsung has identified at least one citation per limitation for each reference, each and every disclosure of the same limitation in the same reference is not necessarily identified.  Rather, in an effort to focus the issues, Samsung has cited representative portions of identified references, even where a reference may contain additional support for a particular claim element.  In addition, persons of ordinary skill in the art generally read a prior art reference as a whole and

1   in the context of other publications and literature.  Thus, to understand and interpret any specific

2   statement or disclosure within a prior art reference, such persons would rely on other information

3   within the reference, along with other publications and their general scientific knowledge.

4   Samsung may rely upon uncited portions of the prior art references and on other publications and

5   expert testimony to provide context, and as aids to understanding and interpreting the portions that

6   are cited.  Samsung may also rely on uncited portions of the prior art references, other disclosed

7   publications, and the testimony of experts to establish that a person of ordinary skill in the art

8   would have been motivated to modify or combine certain of the cited references so as to render the

9   claims obvious.

10          4.      **Anticipation**

11          Some or all of the asserted claims of the '002 Patent are invalid as anticipated under 35

12   U.S.C. § 102 in view of each of the prior art references identified above and in the claim charts

13   included in Exhibit D, which identify specific examples of where each limitation of the asserted

14   claims is found in the prior art references.  As explained above, the cited portions of prior art

15   references identified in the attached claim charts are exemplary only and representative of the

16   content and teaching of the prior art references, and should be understood in the context of the

17   reference as a whole and as they would be understood by a person of ordinary skill in the art.

18          5.      **Obviousness**

19          To the extent any limitation is deemed not to be exactly met by an item of prior art listed

20   above and in Exhibit D, then any purported differences are such that the claimed subject matter as

21   a whole would have been obvious to one skilled in the art at the time of the alleged invention, in

22   view of the state of the art and knowledge of those skilled in the art.  The item of prior art would,

23   therefore, render the relevant claims invalid for obviousness under 35 U.S.C. § 103(a).

24          In addition, the references identified above render one or more asserted claims of the '002

25   Patent obvious when the references are read in combination with each other, and/or when read in

26   view of the state of the art and knowledge of those skilled in the art.  Each and every reference

27   identified is also relevant to the state of the art at the time of the alleged invention.  Any of the

28   references disclosed above may be combined to render obvious (and therefore invalid) each of

Plaintiff's asserted claims.  Samsung may rely upon a subset of the above identified references or all of the references identified above, including all references in Exhibits D, E, and F, for purposes of obviousness depending on the Court's claim construction, positions taken by Apple during this litigation, and further investigation and discovery.

Moreover, to the extent the foregoing references are found not to anticipate the asserted claims, the foregoing references render the asserted claims obvious either alone or in combination with one or more of the other references identified above pursuant to P.R. 3-3(a).  As explained herein and/or in the accompanying charts, it would have been obvious to a person of skill in the art at the time of the alleged invention of the asserted claims of the '002 Patent to combine the various references cited herein so as to practice the asserted claims of the '002 Patent.

In accordance with P.R. 3-3(b), prior art references rendering the asserted claims obvious, alone or in combination with other references, are outlined below and included in Exhibits D and F, which includes exemplary claim charts for the asserted claims of the '002 Patent showing specifically where in each reference or combinations of references each asserted claim is found, and an explanation of why the prior art renders the asserted claim obvious.  Where applicable, the charts in Exhibit D and F include the motivation to combine references.

In particular, Samsung contends that the asserted claims of the '002 Patent would have been obvious in view of the prior art references identified above.  For example, Exhibit F includes exemplary claim charts that describe how the asserted claims of the '002 Patent would have been obvious in view of the following references alone or in combination:

- All references identified in Exhibit D, if found not to anticipate the claims of the '002 Patent or render the claims of the '002 Patent obvious alone;

- Exhibit F-1:  U.S. Patent No. 5,394,521 ("Henderson '521"); U.S. Patent No. 5,233,687 ("Henderson '687"); U.S. Patent No. 5,072,412 ("Henderson '412"); D.A. Henderson, Jr. & S. Card, K., "Rooms: The Use of Multiple Virtual Workspaces to

Reduce Space Contention in a Window-Based Graphical User Interface," *ACM Transactions on Graphics*, vol. 5, no. 3, pp. 210-243 (Jul. 1986) ("Henderson 1986); and Stuart K. Card & Austin Henderson, Jr., "A Multiple, Virtual-Workspace Interface to Support User Task Switching," *CHI '87 Proceedings of the SIGCHI/GI conference on Human factors in computing systems and graphics interface* (1987) ("Henderson 1987").

- Exhibit F-2:  "Archie RISC OS," PERSONAL COMPUTER WORLD, January 1989; Acorn A3000 Welcome Guide; Acorn A5000 Welcome Guide; RISC OS 2 User Guide; RISC OS 3 User & Apps Guide; RISC OS 2 Programmer's Reference Manual; and RISC OS 3 Programmer's Reference Manual.

In addition to the specific combinations of prior art and the specific combinations of groups of prior art disclosed, Samsung reserves the right to rely on any other combination of any prior art references disclosed herein.  Samsung further reserves the right to rely upon combinations disclosed within the prosecution history of the references cited herein.  These obviousness combinations reflect Samsung's present understanding of the potential scope of the claims that Plaintiff appears to be advocating and should not be seen as Samsung's acquiescence to Plaintiff's interpretation of the patent claims.

Samsung also reserves the right to amend or supplement these contentions regarding anticipation or obviousness of the asserted claims, in view of further information from Plaintiff, information discovered during discovery, or a claim construction ruling by the Court.  Plaintiff has not identified what elements or combinations it alleges were not known to one of ordinary skill in the art at the time.  Therefore, for any claim limitation that Plaintiff alleges is not disclosed in a particular prior art reference, Samsung reserves the right to assert that any such limitation is either inherent in the disclosed reference or obvious to one of ordinary skill in the art at the time in light of the same, or that the limitation is disclosed in another of the references disclosed above and in combination would have rendered the asserted claim obvious.

### C.   Local Patent Rule 3-3(c):  Charts Identifying where Specifically in each Alleged item of Prior Art each Asserted Claim is Found

Pursuant to Local Patent Rule 3-3(c), charts identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that Apple contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function is attached in Exhibits D and F.

### D.   Local Patent Rule 3-3(d):  Other Grounds for Invalidity

Samsung identifies the following grounds for invalidity of the asserted claims of the '002 Patent based on 35 U.S.C. §§ 101 and/or 112.  Samsung reserves the right to supplement these disclosures based on further investigation and discovery.

#### 1.   Invalidity Based on 35 U.S.C. § 101

The asserted claims of the '002 Patent are invalid under 35 U.S.C. § 101 because they only claim abstract ideas.  Many limitations in the asserted claims are common abstractions in computer systems and programming languages.  For example, "a cursor," "an operating environment," "individual programming modules," "application programs," "status and/or control functions," "first window region," "display areas," "independently displayed," "independently active," "associated with [a] programming module," window layer," "appears on top," "information for display," "sensitive to user input," "message-based communication," "interactive display activity," "variably sized," "control information," "additional display element," "user sensitive graphics," "initiates a response," and "private window layer," are all programming abstractions; these are concepts, not physical objects, machines, or transformations.

#### 2.   Invalidity Based on Enablement or Written Description Under 35 U.S.C. § 112(1) and/or Indefiniteness Under 35 U.S.C. § 112(2)

Based on Samsung's present understanding of Plaintiff's infringement contentions, Samsung asserts that the asserted claims of the '002 Patent are invalid for reciting at least the following claim terms/phrases:

- "independent display areas"

- "independently active of any application program"

- "private window layer"

- "control strip"

- Claim 25: "an indicia generation logic coupled to the data display screen"

These claim terms/phrases as apparently construed by Apple violate the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

Based on Samsung's present understanding of Plaintiff's infringement contentions, at least one or more of these claim terms/phrases are indefinite because they are inconsistent with and broader than the alleged invention disclosed in the specification and given Plaintiff's apparent constructions of the claims, any person of ordinary skill in the art at the time of the invention would not understand what is claimed, even when the claims are read in light of the specification. Moreover, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted claims in which these claim terms/phrases appear lack written description because the specification of the '002 Patent demonstrates that the patentee neither conceived of nor demonstrated possession of all that Apple now contends the claims cover.  In addition, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted claims in which these claim terms/phrases appear are invalid because the specification fails to provide sufficient disclosure to enable any person of ordinary skill in the art to which it pertains, or with which it is most nearly connected, to implement the invention without undue experimentation.  Therefore, the claims fail to satisfy the requirements of § 112 ¶¶ 1 and 2.

III.    **THE '381 PATENT**

A.    **Local Patent Rule 3-3(a):  Identification of Prior Art**

At this time, Samsung contends that at least the following prior art references anticipate or render obvious, either alone or in combination, the asserted claims of the '381 Patent:

1.     **Patent References**[5]

| Chart No(s). | Country of Origin | Patent Number | Date of Issue | Priority Date |
|---|---|---|---|---|
| G-1 | WO<br>US | 03/081458<br>7,872,640 Lira | October 2, 2003[6]<br>Jan. 18, 2011 | March 19, 2002 |
| G-2 | WO<br>US | 01/29702<br>7,152,210 | April 26, 2001[7]<br>Dec. 19, 2006 | October 20, 1999 |
| G-3 | US<br>US | 11/322,551[8]<br>11/322,553[9] | Dec. 23, 2005[10]<br>Dec. 23, 2005[11] | Dec. 23, 2005<br>Dec. 8, 2005 |
| G-4 | US | 6,337,698 | Jan. 8, 2002 | Nov. 20, 1998 |

2.     **Systems**

All versions of the following prior art systems commercially sold, publicly known or used before the priority date of the '381 Patent, including documents and source code describing the same:

| Chart No(s). | System | Date Offered | Offering Entity |
|---|---|---|---|
| G-5 | LaunchTile | 2005 | Benjamin Bederson |
| G-6 | XNav | 2005 | Benjamin Bederson |
| G-7 | DiamondTouch DTFlash | 2005 | Mitsubishi Electric Research Laboratories |

Additional prior art that has not been charted, but is still relevant to the invalidity of the '381 Patent is listed in Exhibit H.  Samsung reserves the right to amend these invalidity contentions to assert these references depending on the claim construction and infringement positions Apple may take as the case proceeds.  Moreover, Samsung reserves the right to use these references in combination with other references to render the claims of the '381 Patent obvious in the event Apple takes the position that certain claim limitations are missing from the references charted in Exhibit G.

---

[5]   Samsung incorporates by reference all prior art references cited in the patents listed herein and/or their file histories.
[6] Publication date.
[7] Publication date.
[8] Application number.
[9] Application number.
[10] Filing date.
[11] Filing date.

**B.      Local Patent Rule 3-3(b):  Whether Each Item Anticipates or Renders Obvious the Asserted Claims**

Plaintiff asserts claims 1-20 of the '381 Patent against Samsung in this lawsuit.  All of those claims are invalid because the '381 Patent fails to meet one or more of the requirements for patentability.  The individual bases for invalidity are provided below and in the claim charts attached as Exhibit G.  Each of the foregoing listed prior art documents, the underlying work, and/or the underlying apparatus or method qualifies as prior art under one or more sections of 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

Although Samsung has identified at least one citation per limitation for each reference, each and every disclosure of the same limitation in the same reference is not necessarily identified.  Rather, in an effort to focus the issues, Samsung has cited representative portions of identified references, even where a reference may contain additional support for a particular claim element.  In addition, persons of ordinary skill in the art generally read a prior art reference as a whole and in the context of other publications and literature.  Thus, to understand and interpret any specific statement or disclosure within a prior art reference, such persons would rely on other information within the reference, along with other publications and their general scientific knowledge.  Samsung may rely upon uncited portions of the prior art references and on other publications and expert testimony to provide context, and as aids to understanding and interpreting the portions that are cited.  Samsung may also rely on uncited portions of the prior art references, other disclosed publications, and the testimony of experts to establish that a person of ordinary skill in the art would have been motivated to modify or combine certain of the cited references so as to render the claims obvious.

3.      **Anticipation**

Some or all of the asserted claims of the '381 Patent are invalid as anticipated under 35 U.S.C. § 102 in view of each of the prior art references identified above and in the claim charts included in Exhibit G, which identify specific examples of where each limitation of the asserted claims is found in the prior art references.  As explained above, the cited portions of prior art references identified in the attached claim charts are exemplary only and representative of the

content and teaching of the prior art references, and should be understood in the context of the

reference as a whole and as they would be understood by a person of ordinary skill in the art.

### 4. **Obviousness**

To the extent any limitation is deemed not to be exactly met by an item of prior art listed

above and in Exhibit G, then any purported differences are such that the claimed subject matter as

a whole would have been obvious to one skilled in the art at the time of the alleged invention, in

view of the state of the art and knowledge of those skilled in the art.  The item of prior art would,

therefore, render the relevant claims invalid for obviousness under 35 U.S.C. § 103(a).

In addition, the references identified above render one or more asserted claims of the '381

Patent obvious when the references are read in combination with each other, and/or when read in

view of the state of the art and knowledge of those skilled in the art.  Each and every reference

identified is also relevant to the state of the art at the time of the alleged invention.  Any of the

references disclosed above may be combined to render obvious (and therefore invalid) each of

Plaintiff's asserted claims.  Samsung may rely upon a subset of the above identified references or

all of the references identified above, including all references in Exhibits G and H, for purposes of

obviousness depending on the Court's claim construction, positions taken by Apple during this

litigation, and further investigation and discovery.

Moreover, to the extent the foregoing references are found not to anticipate the asserted

claims, the foregoing references render the asserted claims obvious either alone or in combination

with one or more of the other references identified above pursuant to P.R. 3-3(a).  As explained

herein and/or in the accompanying charts, it would have been obvious to a person of skill in the art

at the time of the alleged invention of the asserted claims of the '381 Patent to combine the various

references cited herein so as to practice the asserted claims of the '381 Patent.

In accordance with P.R. 3-3(b), prior art references rendering the asserted claims obvious,

alone or in combination with other references, are outlined below and included in Exhibits G,

which includes exemplary claim charts for the asserted claims of the '381 Patent showing

specifically where in each reference or combinations of references each asserted claim is found, and an explanation of why the prior art renders the asserted claim obvious.  Where applicable, the charts in Exhibit G include the motivation to combine references.

In particular, Samsung contends that the asserted claims of the '381 Patent would have been obvious in view of the prior art references identified above.  For example, the asserted claims of the '381 Patent would have been obvious in view of the following references alone or in combination:

- All references identified in Exhibit G, if found not to anticipate the claims of the '381 Patent, render the claims of the '381 Patent obvious alone;

In addition to the specific combinations of prior art and the specific combinations of groups of prior art disclosed, Samsung reserves the right to rely on any other combination of any prior art references disclosed herein.  Samsung further reserves the right to rely upon combinations disclosed within the prosecution history of the references cited herein.  These obviousness combinations reflect Samsung's present understanding of the potential scope of the claims that Plaintiff appears to be advocating and should not be seen as Samsung's acquiescence to Plaintiff's interpretation of the patent claims.

Samsung also reserves the right to amend or supplement these contentions regarding anticipation or obviousness of the asserted claims, in view of further information from Plaintiff, information discovered during discovery, or a claim construction ruling by the Court.  Plaintiff has not identified what elements or combinations it alleges were not known to one of ordinary skill in the art at the time.  Therefore, for any claim limitation that Plaintiff alleges is not disclosed in a particular prior art reference, Samsung reserves the right to assert that any such limitation is either inherent in the disclosed reference or obvious to one of ordinary skill in the art at the time in light of the same, or that the limitation is disclosed in another of the references disclosed above and in combination would have rendered the asserted claim obvious.

### C.    Local Patent Rule 3-3(c):  Charts Identifying where Specifically in each Alleged item of Prior Art each Asserted Claim is Found

Pursuant to Local Patent Rule 3-3(c), charts identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that Apple contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function is attached in Exhibits G.

### D.    Local Patent Rule 3-3(d):  Other Grounds for Invalidity

Samsung identifies the following grounds for invalidity of the asserted claims of the '381 Patent based on 35 U.S.C. §§ 101 and/or 112.  Samsung reserves the right to supplement these disclosures based on further investigation and discovery.

#### 1.    Invalidity Based on 35 U.S.C. § 101

The asserted claims of the '381 Patent are invalid under 35 U.S.C. § 101 because they only claim abstract ideas.  For example, "displaying a first portion of an electronic document," "detecting a movement of an object," "translating the electronic document in a first direction," "to display a second portion of the electronic document," "displaying an area beyond the edge of the document," "displaying a third portion of the electronic document," "translating the electronic document in a second direction," "to display a fourth portion of the electronic document," "the second direction is opposite the first direction," "simulation of an equation of motion having friction," "visually distinct from the document," "damped motion," "elastically attached," "edge of the electronic document," "beyond the edge of the electronic document," "programs," "instructions," and "computer readable storage medium" are each programming language abstractions; these are concepts, not physical objects or tangible classes.

#### 2.    Invalidity Based on Enablement or Written Description Under 35 U.S.C. § 112(1) and/or Indefiniteness Under 35 U.S.C. § 112(2)

Based on Samsung's present understanding of Plaintiff's infringement contentions, Samsung asserts that claims 1-20 of the '381 Patent are invalid for reciting at least the following claim terms/phrases:

- "first direction"

- "second direction"

- "display" or "displayed" or "displaying"

- "translate" or "translated" or "translating" or "translation"

- "first portion" or "second portion" or "third portion" or "fourth portion"

- "visually distinct"

- "programs"

- "instructions"

- "computer readable storage medium"

- "near the touch screen"

- "elastically attached"

- "damped motion"

- "in accordance with a simulation of an equation of motion having friction"

These claim terms/phrases as apparently construed by Apple violate the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

Based on Samsung's present understanding of Plaintiff's infringement contentions, at least one or more of these claim terms/phrases are indefinite because they are inconsistent with and broader than the alleged invention disclosed in the specification and given Plaintiff's apparent constructions of the claims, any person of ordinary skill in the art at the time of the invention would not understand what is claimed, even when the claims are read in light of the specification. Moreover, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted claims in which these claim terms/phrases appear lack written description because the specification of the '381 Patent demonstrates that the patentee neither conceived of nor demonstrated possession of all that Apple now contends the claims cover.  In addition, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted

1   claims in which these claim terms/phrases appear are invalid because the specification fails to

2   provide sufficient disclosure to enable any person of ordinary skill in the art to which it pertains,

3   or with which it is most nearly connected, to implement the invention without undue

4   experimentation.  Therefore, the claims fail to satisfy the requirements of § 112 ¶¶ 1 and 2.

5   **IV.     THE '915 PATENT**

6          **A.     Local Patent Rule 3-3(a):  Identification of Prior Art**

7          At this time, Samsung contends that at least the following prior art references anticipate or

8   render obvious, either alone or in combination, the asserted claims of the '915 Patent:

9                 1.     **Patent References[12]**

| Chart No(s). | Country of Origin | Patent Number | Date of Issue | Priority Date |
|---|---|---|---|---|
| J-6 | Japan | (Publication No.) 2000-163031 | (Published) June 16, 2000 | (Filed)  November 25, 1998 |

13                2.     **Publications[13]**

| Chart No(s). | Title | Date of Publication | Author | Publisher |
|---|---|---|---|---|
| J-1 | *Multi-user, Multi-display Interaction with a Single-user, Single-display Geospatial Application*.   Reprinted as Mitsubishi Electronic Research Laboratories ("MERL") Technical Report No. TR2006-083. | October 15, 2006 | Chris Forlines, C., Esenther, A., Shen, C., Wigdor, D., and Ryall, K. | UIST '06 (ACM Oct. 15-18 2006) printed in original at pp. 273-276; reprinted by Mitsubishi |
| J-1 | *DiamondTouch: a multi-user touch technology*   Reprinted as MERL TR No. TR2003-125. | 2001 (original); 2003 (reprinting) | P.H. Dietz and Leigh, D. | Proc ACM UIST, (ACM 2001)  printed in original at pp. 219-226,; reprinted by Mitsubishi |
| J-1 | *DiamondTouch SDK:  Support for Multi-User, Multi-Touch Applications*, MERL TR No. TR2003-125 | 2003 | Alan Esenther, Cliff Forlines, Kathy Ryall, Sam Shipman | Mitsubishi |
| J-1 | *Enabling interaction with single* | December | Edward Tse, | Advanced |

---

[12]   Samsung incorporates by reference all prior art references cited in the patents listed herein and/or their file histories.

[13]   Samsung incorporates by reference all prior art references identified in the publications listed herein.

| Chart No(s). | Title | Date of Publication | Author | Publisher |
|---|---|---|---|---|
| | *user applications through speech and gestures on a multi-user tabletop.  Reprinted as* <u>MERL</u> *TR No. TR2005-130* | 2005 | Chia Shen, Saul Greenberg, Clifton Forlines: | <u>Visual Interfaces;</u> reprinted by Mitsubishi |
| J-1 | *Multi-User Multi-Touch Games on DiamondTouch with the DTFlash Toolkit* , printed as <u>MERL Technical Report</u> No. TR2005-105 | December 2005 | Alan Esenther and Kent Wittenburg, | Mitsubishi |
| J-2 | *SmartSkin: An Infrastructure for Freehand Manipulation on Interactive Surfaces* | 2002 | Jun Rekimoto | <u>Proceedings of the SIGCHI Conference on Human Factors in Computing Systems: Changing our world, Changing ourselves,</u> |
| J-2 | *Concurrent Manipulation of Multiple Components on Graphical User Interface,* <u>PhD Dissertation</u> | 2006 | K. Fukuchi | Tokyo Institute of Technology |
| J-2 | *Interaction Techniques for SmartSkin* | 2002 | K. Fukuchi and J. Rekimoto | <u>Proceedings of UIST'02, 2002</u> |
| J-3 | *The Automatic Recognition of Gestures,* <u>PhD Dissertation</u> | 1991 | Dean Rubine | <u>N/A</u> |
| J-3 | *Specifying Gestures of Example* | July 1, 1991 | Dean Rubine | <u>Computer Graphics Vol. 25, No. 4</u> |
| J-3 | *Integrating Gesture Recognition and Direct Manipulation* | 1991 | Dean Rubine | <u>Proceedings of '91 USENIX Technical Conference (Summer)</u> |
| J-3 | *Combining Gestures and Direct Manipulation* | 1992 | Dean Rubine | <u>CHI-92</u> |
| J-4 | *HybridTouch: an intuitive manipulation technique for PDAs using their front and rear surfaces* | 2006 | Masanori Sugimoto and Keiichi Hiroki | <u>Proceedings of the 8th Conference on Human-Computer Interaction with Mobile Devices and Services</u> 2006 ("MobileHCI" '06). |
| J-5 | . <u>Multi-touch interaction wall</u> | 2006 | Jefferson Y. Han. | ACM SIGGRAPH |

SAMSUNG'S PATENT LOCAL RULE 3-3 AND 3-4 DISCLOSURES

| Chart No(s). | Title | Date of Publication | Author | Publisher |
|---|---|---|---|---|
| | | | | 2006 Emerging technologies (SIGGRAPH '06). ACM, New York, NY, USA, , Article 25 . ("*Multi-touch Wall*") |
| J-5 | *Synthesis and control on large scale multi-touch sensing displays.* | 2006 | Philip L. Davidson and Jefferson Y. Han | In Proceedings of the 2006 conference on New interfaces for musical expression (NIME '06). |
| J-5 | *Low-cost multi-touch sensing through frustrated total internal reflection.* | 2006 | Jefferson Y. Han | In Proceedings of the 18th annual ACM symposium on User interface software and technology (UIST '05). |
| J-5 | *Unveiling the Genius of Multi-Touch Interface Design* (a/k/a "TED Video") | 2006 | Jefferson Y. Han | available at http://www.ted.com/talks/jeff_han_demos_his_breakthrough_touchscreen.html |

3.   **Systems**

All versions of the following prior art systems commercially sold, publicly known or used before the priority date of the '915 Patent, including documents and source code describing the same:

| Chart No(s). | System | Date Offered | Offering Entity |
|---|---|---|---|
| J-1 | Diamond Touch Table | At Least as Early as November 2002 | Mitsubishi Electronic Research Laboratory |
| J-2 | Sony SmartSkin System | At Least as Early as 2002 | Sony Corp. |
| J-3 | Dean Rubine GDP and MDP Systems | 1991 | Dean Rubine/SGI Inc. |
| J-4 | HybridTouch System | 2006 | Various |
| J-5 | Jeff Han Multi-Touch System(s) | 2004 | Jeff Han, Perceptive Pixel, New York University |

Additional prior art that has not been charted, but is still relevant to the invalidity of the '915 Patent is listed as background or combinatory references in Exhibits J-1 through J-6. Samsung reserves the right to amend these invalidity contentions to assert these references depending on the claim construction and infringement positions Apple may take as the case proceeds.  Moreover, Samsung reserves the right to use these references in combination with other references to render the claims of the '915 Patent obvious in the event Apple takes the position that certain claim limitations are missing from the references charted in Exhibits J and L.

**B.      Local Patent Rule 3-3(b):  Whether Each Item Anticipates or Renders Obvious the Asserted Claims**

Plaintiff asserts claims 1-21 of the '915 Patent against Samsung in this lawsuit.  All of those claims are invalid because the '915 Patent fails to meet one or more of the requirements for patentability.  The individual bases for invalidity are provided below and in the claim charts attached as Exhibit J.  Each of the foregoing listed prior art documents, the underlying work, and/or the underlying apparatus or method qualifies as prior art under one or more sections of 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

Although Samsung has identified at least one citation per limitation for each reference, each and every disclosure of the same limitation in the same reference is not necessarily identified. Rather, in an effort to focus the issues, Samsung has cited representative portions of identified references, even where a reference may contain additional support for a particular claim element. In addition, persons of ordinary skill in the art generally read a prior art reference as a whole and in the context of other publications and literature.  Thus, to understand and interpret any specific statement or disclosure within a prior art reference, such persons would rely on other information within the reference, along with other publications and their general scientific knowledge. Samsung may rely upon uncited portions of the prior art references and on other publications and expert testimony to provide context, and as aids to understanding and interpreting the portions that are cited.  Samsung may also rely on uncited portions of the prior art references, other disclosed publications, and the testimony of experts to establish that a person of ordinary skill in the art

1   would have been motivated to modify or combine certain of the cited references so as to render the

2   claims obvious.

3             **4.**   **Anticipation**

4         Some or all of the asserted claims of the '915 Patent are invalid as anticipated under 35

5   U.S.C. § 102 in view of each of the prior art references identified above and in the claim charts

6   included in Exhibit J, which identify specific examples of where each limitation of the asserted

7   claims is found in the prior art references.  As explained above, the cited portions of prior art

8   references identified in the attached claim charts are exemplary only and representative of the

9   content and teaching of the prior art references, and should be understood in the context of the

10  reference as a whole and as they would be understood by a person of ordinary skill in the art.

11            **5.**   **Obviousness**

12        To the extent any limitation is deemed not to be exactly met by an item of prior art listed

13  above and in Exhibit J, then any purported differences are such that the claimed subject matter as a

14  whole would have been obvious to one skilled in the art at the time of the alleged invention, in

15  view of the state of the art and knowledge of those skilled in the art.  The item of prior art would,

16  therefore, render the relevant claims invalid for obviousness under 35 U.S.C. § 103(a).

17        In addition, the references identified above render one or more asserted claims of the '915

18  Patent obvious when the references are read in combination with each other, and/or when read in

19  view of the state of the art and knowledge of those skilled in the art.  Each and every reference

20  identified is also relevant to the state of the art at the time of the alleged invention.  Any of the

21  references disclosed above may be combined to render obvious (and therefore invalid) each of

22  Plaintiff's asserted claims.  Samsung may rely upon a subset of the above identified references or

23  all of the references identified above, including all references in Exhibits J and K, for purposes of

24  obviousness depending on the Court's claim construction, positions taken by Apple during this

25  litigation, and further investigation and discovery.

26        Moreover, to the extent the foregoing references are found not to anticipate the asserted

27  claims, the foregoing references render the asserted claims obvious either alone or in combination

28

with one or more of the other references identified above pursuant to P.R. 3-3(a).  As explained herein and/or in the accompanying charts, it would have been obvious to a person of skill in the art at the time of the alleged invention of the asserted claims of the '915 Patent to combine the various references cited herein so as to practice the asserted claims of the '915 Patent.

In accordance with P.R. 3-3(b), prior art references rendering the asserted claims obvious, alone or in combination with other references, are outlined below and included in Exhibits J and L, which includes exemplary claim charts for the asserted claims of the '915 Patent showing specifically where in each reference or combinations of references each asserted claim is found, and an explanation of why the prior art renders the asserted claim obvious.  Where applicable, the charts in Exhibit J and L include the motivation to combine references.

In particular, Samsung contends that the asserted claims of the '915 Patent would have been obvious in view of the prior art references identified above.  For example, Exhibit L includes exemplary claim charts that describe how the asserted claims of the '915 Patent would have been obvious in view of the following references alone or in combination:

- All references identified in Exhibit J-1 through J-6, if found not to anticipate the claims of the '915 Patent, render the claims of the '915 Patent obvious alone;

- Exhibit J-2:  Sony SmartSkin references disclosed explicitly above under chart J-2 for anticipation purposes in combination with one or more of (a) U.S. Patent Publication 2007/0132789 to Ording et al, (b) the LaunchTile system, (c) the XNav system.

- Exhibit J-3:  Rubine references disclosed explicitly above under chart J-3 for anticipation purposes in combination with one or more of (a) U.S. Patent Publication 2007/0132789 to Ording et al, (b) the LaunchTile system, (c) the XNav system, Masanori Sugimoto and Keiichi Hiroki. *HybridTouch: an intuitive manipulation technique for PDAs using their front and rear surfaces;* Proceedings

1    <u>of the 8th Conference on Human-Computer Interaction with Mobile Devices and</u>

2    <u>Services</u> 2006 ("MobileHCI" '06). ACM, New York, NY, USA, 137-140.

3    •    Exhibit J-4:  HybridTouch reference disclosed explicitly above under chart J-4 for

4    anticipation purposes in combination with one or more of (a) U.S. Patent

5    Publication 2007/132789 to Ording et al, (b) the LaunchTile system, (c) the XNav

6    system.

7    •    Exhibit J-5:  Han references disclosed explicitly above under chart J-5 for

8    anticipation purposes in combination with one or more of (a) U.S. Patent

9    Publication 2007/132789 to Ording et al, (b) the LaunchTile system, (c) the XNav

10   system.

11   •    Exhibit J-6:  Nomura Patent disclosed explicitly above under char J-5 for

12   anticipation purposes in combination with one or more of (a) U.S. Patent

13   Publication 2007/132789 to Ording et al, (b) the LaunchTile system, (c) the XNav

14   system, (d) "The Automatic Recognition of Gestures," Dean Rubine, PhD Thesis,

15   1991.

16       In addition to the specific combinations of prior art and the specific combinations of

17   groups of prior art disclosed, Samsung reserves the right to rely on any other combination of any

18   prior art references disclosed herein.  Samsung further reserves the right to rely upon combinations

19   disclosed within the prosecution history of the references cited herein.  These obviousness

20   combinations reflect Samsung's present understanding of the potential scope of the claims that

21   Plaintiff appears to be advocating and should not be seen as Samsung's acquiescence to Plaintiff's

22   interpretation of the patent claims.

23       Samsung also reserves the right to amend or supplement these contentions regarding

24   anticipation or obviousness of the asserted claims, in view of further information from Plaintiff,

25   information discovered during discovery, or a claim construction ruling by the Court.  Plaintiff has

26   not identified what elements or combinations it alleges were not known to one of ordinary skill in

27   the art at the time.  Therefore, for any claim limitation that Plaintiff alleges is not disclosed in a

28   particular prior art reference, Samsung reserves the right to assert that any such limitation is either

inherent in the disclosed reference or obvious to one of ordinary skill in the art at the time in light of the same, or that the limitation is disclosed in another of the references disclosed above and in combination would have rendered the asserted claim obvious.

## C.   Local Patent Rule 3-3(c):  Charts Identifying where Specifically in each Alleged item of Prior Art each Asserted Claim is Found

Pursuant to Local Patent Rule 3-3(c), charts identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that Apple contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function is attached in Exhibits J and L.

## D.   Local Patent Rule 3-3(d):  Other Grounds for Invalidity

Samsung identifies the following grounds for invalidity of the asserted claims of the '915 Patent based on 35 U.S.C. §§ 101 and/or 112.  Samsung reserves the right to supplement these disclosures based on further investigation and discovery.

### 6.   Invalidity Based on 35 U.S.C. § 101

The asserted claims of the '915 Patent are invalid under 35 U.S.C. § 101 because they only claim abstract ideas.  Many limitations in the asserted claims are common abstractions in computer systems and programming languages.  For example, both "event object" and "invoking a call" are programming language abstractions; these are concepts, not physical objects or tangible classes.

### 7.   Invalidity Based on Enablement or Written Description Under 35 U.S.C. § 112(1) and/or Indefiniteness Under 35 U.S.C. § 112(2)

Based on Samsung's present understanding of Plaintiff's infringement contentions, Samsung asserts that claims 1-21 of the '915 Patent are invalid for reciting at least the following claim terms/phrases:

- "event object"

- "integrated with the device"

- "invokes a scroll or gesture operation"

- "view associated with the event object"

- "based on an amount of a scroll"

- "predetermined position in relation to the user input"

- "predetermined maximum displacement"

- "rubberbanding"

These claim terms/phrases as apparently construed by Apple violate the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

Based on Samsung's present understanding of Plaintiff's infringement contentions, at least one or more of these claim terms/phrases are indefinite because they are inconsistent with and broader than the alleged invention disclosed in the specification and given Plaintiff's apparent constructions of the claims, any person of ordinary skill in the art at the time of the invention would not understand what is claimed, even when the claims are read in light of the specification. Moreover, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted claims in which these claim terms/phrases appear lack written description because the specification of the '915 Patent demonstrates that the patentee neither conceived of nor demonstrated possession of all that Apple now contends the claims cover.  In addition, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted claims in which these claim terms/phrases appear are invalid because the specification fails to provide sufficient disclosure to enable any person of ordinary skill in the art to which it pertains, or with which it is most nearly connected, to implement the invention without undue experimentation.  Therefore, the claims fail to satisfy the requirements of § 112 ¶¶ 1 and 2.

## V.      THE '891 PATENT

### A.      Local Patent Rule 3-3(a):  Identification of Prior Art

At this time, Samsung contends that at least the following prior art references anticipate or render obvious, either alone or in combination, the asserted claims of the '891 Patent:

1.    **Patent References[14]**

| Chart No(s). | Country of Origin | Patent Number | Date of Issue | Priority Date |
|---|---|---|---|---|
| M-1 | US | 6,907,447 | 6/14/2005 | 4/30/2001 |
| M-2 | US | 7,155,729 | 12/26/2006 | 3/28/2000 |
| M-3 | US | 7,249,326 | 7/24/2007 | 4/6/2000 |
| M-4 | US | 7,417,650 | 8/26/2008 | 3/16/2000 |
| M-5 | US | 2002/0143630 | 10/3/2002 | 1/10/2001 |
| M-6 | EP | 1 022 650 | 7/26/2000 | 1/19/1999 |
| M-7 | WO | 01/69387 | 9/20/2001 | 3/16/2000 |

2.    **Publications[15]**

| Chart No(s). | Title | Date of Publication | Author | Publisher |
|---|---|---|---|---|
| M-8 | Popout Prism: Adding Perceptual Principles to Overview+Detail Document Interfaces | 4/2002 | Suh et al. | Association for Computing Machines |
| M-9 | TransPort LT User's Guide | 1/20/2000 | Micron Electronics Inc. | Micron Electronics Inc. |

3.    **Systems**

All versions of the following prior art systems commercially sold, publicly known or used before the priority date of the '891 Patent, including documents and source code describing the same:

| Chart No(s). | System | Date Offered | Offering Entity |
|---|---|---|---|
| M-10 | ATI Multimedia Center | Before 7/10/2002 | ATI Technologies Inc. |
| M-11 | Crusader: No Remorse and Crusader: No Regret | Before 7/10/2002 | Electronic Arts |
| M-12 | Grand Theft Auto III | Before 7/10/2002 | Rockstar Games |
| M-13 | Micron Computers | Before 7/10/2002 | Micron |
| M-14 | Sony Computer Displays, including Sony Trinitron, and Computers with Sony Computer Displays | Before 7/10/2002 | Sony |
| M-15 | Windows XP and Computers with Windows XP | Before 7/10/2002 | Microsoft and/or Various Computer Manufacturers |

---

[14]    Samsung incorporates by reference all prior art references cited in the patents listed herein and/or their file histories.

[15]    Samsung incorporates by reference all prior art references identified in the publications listed herein.

Additional prior art that has not been charted, but is still relevant to the invalidity of the '891 Patent is listed in Exhibit N.  Samsung reserves the right to amend these invalidity contentions to assert these references depending on the claim construction and infringement positions Apple may take as the case proceeds.  Moreover, Samsung reserves the right to use these references in combination with other references to render the claims of the '891 Patent obvious in the event Apple takes the position that certain claim limitations are missing from the references charted in Exhibits M and O.

**B.     Local Patent Rule 3-3(b):  Whether Each Item Anticipates or Renders Obvious the Asserted Claims**

Plaintiff asserts claims 1-3, 5-7, 14-21, 23, 24, 26-28, 30-32, 39-46, 48, 49, 51-53, 55-57, 64-71, 73, and 74 of the '891 Patent against Samsung in this lawsuit.  All of those claims are invalid because the '891 Patent fails to meet one or more of the requirements for patentability. The individual bases for invalidity are provided below and in the claim charts attached as Exhibits M and O.  Each of the foregoing listed prior art documents, the underlying work, and/or the underlying apparatus or method qualifies as prior art under one or more sections of 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

Although Samsung has identified at least one citation per limitation for each reference, each and every disclosure of the same limitation in the same reference is not necessarily identified. Rather, in an effort to focus the issues, Samsung has cited representative portions of identified references, even where a reference may contain additional support for a particular claim element. In addition, persons of ordinary skill in the art generally read a prior art reference as a whole and in the context of other publications and literature.  Thus, to understand and interpret any specific statement or disclosure within a prior art reference, such persons would rely on other information within the reference, along with other publications and their general scientific knowledge. Samsung may rely upon uncited portions of the prior art references and on other publications and expert testimony to provide context, and as aids to understanding and interpreting the portions that are cited.  Samsung may also rely on uncited portions of the prior art references, other disclosed publications, and the testimony of experts to establish that a person of ordinary skill in the art

1  would have been motivated to modify or combine certain of the cited references so as to render the

2  claims obvious.

3         4.   **Anticipation**

4       Some or all of the asserted claims of the '891 Patent are invalid as anticipated under 35

5  U.S.C. § 102 in view of each of the prior art references identified above and in the claim charts

6  included in Exhibit M, which identify specific examples of where each limitation of the asserted

7  claims is found in the prior art references.  As explained above, the cited portions of prior art

8  references identified in the attached claim charts are exemplary only and representative of the

9  content and teaching of the prior art references, and should be understood in the context of the

10  reference as a whole and as they would be understood by a person of ordinary skill in the art.

11         5.   **Obviousness**

12       To the extent any limitation is deemed not to be exactly met by an item of prior art listed

13  above and in Exhibit M, then any purported differences are such that the claimed subject matter as

14  a whole would have been obvious to one skilled in the art at the time of the alleged invention, in

15  view of the state of the art and knowledge of those skilled in the art.  The item of prior art would,

16  therefore, render the relevant claims invalid for obviousness under 35 U.S.C. § 103(a).

17       In addition, the references identified above render one or more asserted claims of the '891

18  Patent obvious when the references are read in combination with each other, and/or when read in

19  view of the state of the art and knowledge of those skilled in the art.  Each and every reference

20  identified is also relevant to the state of the art at the time of the alleged invention.  Any of the

21  references disclosed above may be combined to render obvious (and therefore invalid) each of

22  Plaintiff's asserted claims.  Samsung may rely upon a subset of the above identified references or

23  all of the references identified above, including all references in Exhibits M, N, and O, for

24  purposes of obviousness depending on the Court's claim construction, positions taken by Apple

25  during this litigation, and further investigation and discovery.

26       Moreover, to the extent the foregoing references are found not to anticipate the asserted

27  claims, the foregoing references render the asserted claims obvious either alone or in combination

28

with one or more of the other references identified above pursuant to P.R. 3-3(a). As explained herein and/or in the accompanying charts, it would have been obvious to a person of skill in the art at the time of the alleged invention of the asserted claims of the '891 Patent to combine the various references cited herein so as to practice the asserted claims of the '891 Patent.

In accordance with P.R. 3-3(b), prior art references rendering the asserted claims obvious, alone or in combination with other references, are outlined below and included in Exhibits M and O, which includes exemplary claim charts for the asserted claims of the '891 Patent showing specifically where in each reference or combinations of references each asserted claim is found, and an explanation of why the prior art renders the asserted claim obvious. Where applicable, the charts in Exhibit M and O include the motivation to combine references.

In particular, Samsung contends that the asserted claims of the '891 Patent would have been obvious in view of the prior art references identified above. For example, Exhibit O includes exemplary claim charts that describe how the asserted claims of the '891 Patent would have been obvious in view of the following references alone or in combination:

- All references identified in Exhibit M, if found not to anticipate the claims of the '891 Patent, render the claims of the '891 Patent obvious alone;

- Exhibit O-1: US 2003/0016253 (Aoki '253) and Cooperman '447, Andrew '729, Stoakley '326, Horvitz '650, Steinman '630, Sakaguchi '650, Suh, Micron, ATI, Crusader, GTA3, Micron Computers, Sony Trinitron, Windows XP, and/or U.S. Patent Application No. 2003/0051228 ("Martinez")

In addition to the specific combinations of prior art and the specific combinations of groups of prior art disclosed, Samsung reserves the right to rely on any other combination of any prior art references disclosed herein. Samsung further reserves the right to rely upon combinations disclosed within the prosecution history of the references cited herein. These obviousness combinations reflect Samsung's present understanding of the potential scope of the claims that Plaintiff appears to be advocating and should not be seen as Samsung's acquiescence to Plaintiff's interpretation of the patent claims.

Samsung also reserves the right to amend or supplement these contentions regarding anticipation or obviousness of the asserted claims, in view of further information from Plaintiff, information discovered during discovery, or a claim construction ruling by the Court.  Plaintiff has not identified what elements or combinations it alleges were not known to one of ordinary skill in the art at the time.  Therefore, for any claim limitation that Plaintiff alleges is not disclosed in a particular prior art reference, Samsung reserves the right to assert that any such limitation is either inherent in the disclosed reference or obvious to one of ordinary skill in the art at the time in light of the same, or that the limitation is disclosed in another of the references disclosed above and in combination would have rendered the asserted claim obvious.

**C.     Local Patent Rule 3-3(c):  Charts Identifying where Specifically in each Alleged item of Prior Art each Asserted Claim is Found**

Pursuant to Local Patent Rule 3-3(c), charts identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that Apple contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function is attached in Exhibits M and O.

**D.     Local Patent Rule 3-3(d):  Other Grounds for Invalidity**

Samsung identifies the following grounds for invalidity of the asserted claims of the '891 Patent based on 35 U.S.C. §§ 101 and/or 112.  Samsung reserves the right to supplement these disclosures based on further investigation and discovery.

**1.       Invalidity Based on 35 U.S.C. § 101**

The asserted claims of the '891 patent are invalid under 35 U.S.C. § 101 because they only claim abstract ideas.  For example, "starting a timer"; "closing the first window in response to a determination that the timer expired"; "the first window has been displayed independently from a position of a cursor on the screen"; "displaying a first window"; "the first window being translucent; "at least a portion of a second window being capable of being displayed on the digital processing system under the first window, the portion of the second window, when present, being visible under the first window on a screen"; and "closing the first window without user input" are

each programming language abstractions; these are concepts, not physical objects, machines, or transformations.

### 2.   Invalidity Based on Enablement or Written Description Under 35 U.S.C. § 112(1) and/or Indefiniteness Under 35 U.S.C. § 112(2)

Based on Samsung's present understanding of Plaintiff's infringement contentions, Samsung asserts that claims 1-3, 5-7, 14-21, 23, 24, 26-28, 30-32, 39-46, 48, 49, 51-53, 55-57, 64-71, 73, and 74 of the '891 Patent are invalid for reciting at least the following claim terms/phrases:

- "starting a timer"

- "closing the first window in response to a determination that the timer expired"

- "the first window does not close in response to any input from a user input device of the digital processing system"

- "the first window has been displayed independently from a position of a cursor on the screen"

- "translucent"

- "the first window is at a top level in a window displaying hierarchy"

- "the first window does not respond to any input from a user input device of the digital processing system"

- "determining a position on a display of the digital processing system independent of a position of a cursor on the display"

- "restarting the timer in response to receiving a second input for the first window"

- "closing the first window without user input"

- "determining whether or not a condition is met"

- "said closing the first window is in response to a determination that the condition is met"

- "means for displaying a first window in response to receiving a first input from a user input device of the digital processing system"

- "means for starting a timer"

- "means for closing the first window in response to a determination that the timer expired"

- "means for fading out an image of the first window"

- "means for determining a position on a display of the digital processing system independent of a position of a cursor on the display"

- "means for restarting the timer in response to receiving a second input for the first window"

- "means for displaying a first window, the first window being translucent"

- "means for closing the first window without user input"

- "means for determining whether or not a condition is met"

These claim terms/phrases as apparently construed by Apple violate the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

Based on Samsung's present understanding of Plaintiff's infringement contentions, at least one or more of these claim terms/phrases are indefinite because they are inconsistent with and broader than the alleged invention disclosed in the specification and given Plaintiff's apparent constructions of the claims, any person of ordinary skill in the art at the time of the invention would not understand what is claimed, even when the claims are read in light of the specification. Moreover, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted claims in which these claim terms/phrases appear lack written description because the specification of the '891 Patent demonstrates that the patentee neither conceived of nor demonstrated possession of all that Apple now contends the claims cover.  In addition, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted claims in which these claim terms/phrases appear are invalid because the specification fails to provide sufficient disclosure to enable any person of ordinary skill in the art to which it pertains, or with which it is most nearly connected, to implement the invention without undue experimentation.  Therefore, the claims fail to satisfy the requirements of § 112 ¶¶ 1 and 2.

## VI.     THE '607 PATENT

### A.     Local Patent Rule 3-3(a):  Identification of Prior Art

At this time, Samsung contends that at least the following prior art references anticipate or render obvious, either alone or in combination, the asserted claims of the '607 Patent:

1.   **Patent References**[16]

| Chart No(s). | Country of Origin | Patent Number | Date of Issue | Priority Date |
|---|---|---|---|---|
| P-1 | US | 7,372,455 | 4/13/2008 | 2/10/2003 |
| P-2 | US | 6,790,160 | 11/19/2005 | 12/19/2002 |
| P-3 | US | 4,686,332 | 8/11/1987 | 6/26/1986 |
| P-4 | US | 7,218,314 | 5/15/2007 | 6/7/2001 |
| P-5 | JP | 2002-342033 | 11/29/2001 | 5/21/2001 |
| P-6 | US | 5,920,309 | 7/6/1999 | 1/4/1996 |
| P-7 | US | 5,543,588 | 8/6/1996 | 12/3/1993 |
| P-8 | US | 2003/0069653 | 4/10/2003 | 10/9/2001 |

2.   **Publications**[17]

| Chart No(s). | Title | Date of Publication | Author | Publisher |
|---|---|---|---|---|
| P-9 | "Integration of a Clear Capacitive Touch Screen with a 1/8-VGA FSTN-LCD To Form and LCD-Based TouchPad" | 5/21/2002 | A.K Leeper (Synaptics Inc.) | Society for Information Display |
| P-10 | "Smartskin: An Infrastructure for Freehand Manipulation on Interactive Surfaces" | 2001 | Jun Rekimoto | Association for Computing Machinery |
| P-11 | "DiamondTouch: A Multi-User Touch Technology" | 2001 | Paul Dietz and Darren Leigh | Association for Computing Machinery |

3.   **Systems**

All versions of the following prior art systems commercially sold, publicly known or used before the priority date of the '607 Patent, including documents and source code describing the same:

| Chart No(s). | System | Date Offered | Offering Entity |
|---|---|---|---|
| P-7 | Synaptics clearPad (cPad) | April 2001 | Synaptics Incorporated |
| P-10 | Sony Smartskin | 2002 | Sony Corp. |
| P-11 | MERL DiamondTouch | 2002 | Mitsubishi Electric |
| P-8 | Quantum Research Group QT603xx sensor | 2002 | Quantum Research Group |

Additional prior art that has not been charted, but is still relevant to the invalidity of the '607 Patent is listed in Exhibit Q.  Samsung reserves the right to amend these invalidity

---

[16]   Samsung incorporates by reference all prior art references cited in the patents listed herein and/or their file histories.

[17]   Samsung incorporates by reference all prior art references identified in the publications listed herein.

contentions to assert these references depending on the claim construction and infringement positions Apple may take as the case proceeds.  Moreover, Samsung reserves the right to use these references in combination with other references to render the claims of the '607 Patent obvious in the event Apple takes the position that certain claim limitations are missing from the references charted in Exhibits P and R.

**B.      Local Patent Rule 3-3(b):  Whether Each Item Anticipates or Renders Obvious the Asserted Claims**

Plaintiff asserts claims 1-3, 6-8, and 10-11 of the '607 Patent against Samsung in this lawsuit.  All of those claims are invalid because the '607 Patent fails to meet one or more of the requirements for patentability.  The individual bases for invalidity are provided below and in the claim charts attached as Exhibits P and R.  Each of the foregoing listed prior art documents, the underlying work, and/or the underlying apparatus or method qualifies as prior art under one or more sections of 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

Although Samsung has identified at least one citation per limitation for each reference, each and every disclosure of the same limitation in the same reference is not necessarily identified. Rather, in an effort to focus the issues, Samsung has cited representative portions of identified references, even where a reference may contain additional support for a particular claim element. In addition, persons of ordinary skill in the art generally read a prior art reference as a whole and in the context of other publications and literature.  Thus, to understand and interpret any specific statement or disclosure within a prior art reference, such persons would rely on other information within the reference, along with other publications and their general scientific knowledge. Samsung may rely upon uncited portions of the prior art references and on other publications and expert testimony to provide context, and as aids to understanding and interpreting the portions that are cited.  Samsung may also rely on uncited portions of the prior art references, other disclosed publications, and the testimony of experts to establish that a person of ordinary skill in the art would have been motivated to modify or combine certain of the cited references so as to render the claims obvious.

1               4.      **Anticipation**

2       Some or all of the asserted claims of the '607 Patent are invalid as anticipated under 35

3 U.S.C. § 102 in view of each of the prior art references identified above and in the claim charts

4 included in Exhibit P, which identify specific examples of where each limitation of the asserted

5 claims is found in the prior art references.  As explained above, the cited portions of prior art

6 references identified in the attached claim charts are exemplary only and representative of the

7 content and teaching of the prior art references, and should be understood in the context of the

8 reference as a whole and as they would be understood by a person of ordinary skill in the art.

9               5.      **Obviousness**

10       To the extent any limitation is deemed not to be exactly met by an item of prior art listed

11 above and in Exhibit P, then any purported differences are such that the claimed subject matter as

12 a whole would have been obvious to one skilled in the art at the time of the alleged invention, in

13 view of the state of the art and knowledge of those skilled in the art.  The item of prior art would,

14 therefore, render the relevant claims invalid for obviousness under 35 U.S.C. § 103(a).

15       In addition, the references identified above render one or more asserted claims of the '607

16 Patent obvious when the references are read in combination with each other, and/or when read in

17 view of the state of the art and knowledge of those skilled in the art.  Each and every reference

18 identified is also relevant to the state of the art at the time of the alleged invention.  Any of the

19 references disclosed above may be combined to render obvious (and therefore invalid) each of

20 Plaintiff's asserted claims.  Samsung may rely upon a subset of the above identified references or

21 all of the references identified above, including all references in Exhibits P, Q, and R, for purposes

22 of obviousness depending on the Court's claim construction, positions taken by Apple during this

23 litigation, and further investigation and discovery.

24       Moreover, to the extent the foregoing references are found not to anticipate the asserted

25 claims, the foregoing references render the asserted claims obvious either alone or in combination

26 with one or more of the other references identified above pursuant to P.R. 3-3(a).  As explained

27 herein and/or in the accompanying charts, it would have been obvious to a person of skill in the art

28

at the time of the alleged invention of the asserted claims of the '607 Patent to combine the various references cited herein so as to practice the asserted claims of the '607 Patent.

In accordance with P.R. 3-3(b), prior art references rendering the asserted claims obvious, alone or in combination with other references, are outlined below and included in Exhibits P and R, which includes exemplary claim charts for the asserted claims of the '607 Patent showing specifically where in each reference or combinations of references each asserted claim is found, and an explanation of why the prior art renders the asserted claim obvious.  Where applicable, the charts in Exhibit P and R include the motivation to combine references.

In particular, Samsung contends that the asserted claims of the '607 Patent would have been obvious in view of the prior art references identified above.  For example, Exhibit R includes exemplary claim charts that describe how the asserted claims of the '607 Patent would have been obvious in view of the following references alone or in combination:

- All references identified in Exhibit P, if found not to anticipate the claims of the '607 Patent, render the claims of the '607 Patent obvious alone;

- Exhibit R-1:  Philipp U.S. Patent No. 6,452,5154 in view of Caldwell et al. U.S. Patent No. 5,572,205

- Exhibit R-2:  Gerpheide et al. U.S. Patent No. 5,565,658 in view of Gerpheide U.S. Patent No. 5,305,017

In addition to the specific combinations of prior art and the specific combinations of groups of prior art disclosed, Samsung reserves the right to rely on any other combination of any prior art references disclosed herein.  Samsung further reserves the right to rely upon combinations disclosed within the prosecution history of the references cited herein.  These obviousness combinations reflect Samsung's present understanding of the potential scope of the claims that Plaintiff appears to be advocating and should not be seen as Samsung's acquiescence to Plaintiff's interpretation of the patent claims.

Samsung also reserves the right to amend or supplement these contentions regarding anticipation or obviousness of the asserted claims, in view of further information from Plaintiff, information discovered during discovery, or a claim construction ruling by the Court.  Plaintiff has not identified what elements or combinations it alleges were not known to one of ordinary skill in the art at the time.  Therefore, for any claim limitation that Plaintiff alleges is not disclosed in a particular prior art reference, Samsung reserves the right to assert that any such limitation is either inherent in the disclosed reference or obvious to one of ordinary skill in the art at the time in light of the same, or that the limitation is disclosed in another of the references disclosed above and in combination would have rendered the asserted claim obvious.

### C.  Local Patent Rule 3-3(c):  Charts Identifying where Specifically in each Alleged item of Prior Art each Asserted Claim is Found

Pursuant to Local Patent Rule 3-3(c), charts identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that Apple contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function is attached in Exhibits P and R.

### D.  Local Patent Rule 3-3(d):  Other Grounds for Invalidity

Samsung identifies the following grounds for invalidity of the asserted claims of the '607 Patent based on 35 U.S.C. §§ 101 and/or 112.  Samsung reserves the right to supplement these disclosures based on further investigation and discovery.

#### 1.  Invalidity Based on Enablement or Written Description Under 35 U.S.C. § 112(1) and/or Indefiniteness Under 35 U.S.C. § 112(2)

Based on Samsung's present understanding of Plaintiff's infringement contentions, Samsung asserts that claims 1-3, 6-8, 10, and 11 of the '607 Patent are invalid for reciting at least the following claim terms/phrases:

- "configured to detect multiple touches or near touches that occur at a same time and at distinct locations"

- "produce distinct signals"

- "detect changes in charge coupling between the first conductive lines and the second conductive lines"
- "substantially parallel"
- "substantially perpendicular"
- "pixilated image"
- "recognizing multiple touch events that occur at different locations on the touch panel at a same time"
- "dummy  features"

These claim terms/phrases as apparently construed by Apple violate the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

Based on Samsung's present understanding of Plaintiff's infringement contentions, at least one or more of these claim terms/phrases are indefinite because they are inconsistent with and broader than the alleged invention disclosed in the specification and given Plaintiff's apparent constructions of the claims, any person of ordinary skill in the art at the time of the invention would not understand what is claimed, even when the claims are read in light of the specification. Moreover, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted claims in which these claim terms/phrases appear lack written description because the specification of the '607 Patent demonstrates that the patentee neither conceived of nor demonstrated possession of all that Apple now contends the claims cover.  In addition, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted claims in which these claim terms/phrases appear are invalid because the specification fails to provide sufficient disclosure to enable any person of ordinary skill in the art to which it pertains, or with which it is most nearly connected, to implement the invention without undue experimentation.  Therefore, the claims fail to satisfy the requirements of § 112 ¶¶ 1 and 2.

VII.    THE '163 PATENT

A.      Local Patent Rule 3-3(a):  Identification of Prior Art

At this time, Samsung contends that at least the following prior art references anticipate or render obvious, either alone or in combination, the asserted claims of the '163 Patent:

1.      Patent References[18]

| Chart No(s). | Country of Origin | Patent Number | Date of Issue |
|---|---|---|---|
| S-1 | United States | 6,211,856 | April 3, 2001 |
| S-2 | United States | 7,327,349 | February 5, 2008 |
| S-3 | United States | 5,615,384 | March 25, 1997 |
| S-4 | United States | 5,579,037 | November 26, 1996 |
| S-5 | United States | 4,899,292 | February 6, 1990 |
| S-6, U | United States | 5,877,751 | March 2, 1999 |
| U | United States | 7,933,632 | April 26, 2011 |
| U | United States | 7,089,507 | August 8, 2006 |
| U | United States | 6,054,990 | April 25, 2000 |
| U | United States | 7,289,102 | October 30, 2007 |
| U | United States | 6,157,935 | December 5, 2000 |
| U | United States | 5,463,725 | October 31, 1995 |
| U | United States | 7,138,983 | November 21, 2006 |
| U | United States | 7,522,198 | April 21, 2009 |
| U | United States | 7,852,357 | December 9, 2010 |
| U | United States | 7,327,932 | February 5, 2008 |
| U | Japan | 20000163031A | June 16, 2000 |

2.      Publications[19]

| Chart No(s). | Title | Date of Publication | Author | Publisher |
|---|---|---|---|---|
| S-7, U | AppLens and LaunchTile: Two Designs for One-Handed Thumb Use on Small Devices | 2005 (submitted to CHI Conference by Sep. 13, 2004) | Karlson, Amy; Bederson, Benjamin, SanGiovanni, John | Association for Computing Machinery |
| S-8 | West:  A Web Browser for Small Terminals | 1999 | Bjork | Association for Computing Machinery |
| S-6 | 2002/0030699  Hand-Held with Auto-Zoom for Graphical Display of Web Page | March 14, 2002 | Jan Van Ee (Inventor) | United States Patent Office |
| S-2 | ZoneZoom:  Map Navigation for | January 2004 | Robbins, Daniel C.; Cutrell, | Association for Computing |

---

[18]   Samsung incorporates by reference all prior art references cited in the patents listed herein and/or their file histories.

[19]   Samsung incorporates by reference all prior art references identified in the publications listed herein.

| Chart No(s). | Title | Date of Publication | Author | Publisher |
|---|---|---|---|---|
| | Smartphones with Recursive View Segmentation | | Edward; Sarin, Raman; Horvitz, Eric | Machinery |
| S-9 | 2005/0195221 System and Method for Facilitating the Presentation of Content via Device Displays | September 8, 2005 | Berger et al. | United States Patent Office |
| U | 2004/0107403 Presenting HTML Content on a Small Screen Terminal Display | June 3, 2004 | Jon Stephenson Von Tetzchner | United States Patent Office |
| U | 2006/0048051  Method for Rendering Formatted Content on a Mobile Device | March 2, 2006 | Mihal Lazaridis | United States Patent Office |
| U | 2002/0069220  Remote Data Access and Management System Utilizing Handwriting Input | June 6, 2002 | Bao Q. Tran | United States Patent Office |
| U | 2009/0135162  System and Method for Detecting the Location, Size, and Shape of Multiple Objects that Interact with a Touch Screen Display | May 28, 2009 | Wijdeven et al. | United States Patent Office |
| U | 2006/0101354  Gesture inputs for a Portable Display Device | May 11, 2006 | Hashimoto et al. | United States Patent Office |
| U | 2006/0026535  Mode Based Graphical User Interfaces for Touch Sensitive Input Devices | February 2, 2006 | Hotelling et al. | United States Patent Office |
| U | 2004/0236790  Systems and Methods for Digital Document Processing | November 25, 2004 | Majid Anwar | United States Patent Office |
| U | 2002/0060701 Graphical user interface for displaying and navigating in a directed graph structure | May 23, 2002 | Patrick J. Naughton et al. | United States Patent Office |

### 3. Systems[20]

All versions of the following prior art systems commercially sold, publicly known or used before the priority date of the '163 Patent, including documents and source code describing the same:

| Chart No(s). | System | Date Offered/Known | Offering Entity |
|---|---|---|---|
| S-7 | LaunchTile Software[21] | September 2004 | Ben Bederson *et al.* |
| S-2 | ZoneZoom Flash Prototype | At least as early as January 2004 | Microsoft[22] |
| S-2 | SmartPhlow Traffic Monitoring Application | At least as early as January 2004 | Microsoft[23] |
| S-10 | XNav | At least as early as August 25, 2005 | Ben Bederson *et al.* |
| U | Jeff Han's Breakthrough Touchscreen, *See* http://blog.ted.com/2006/08/01/jeff_han_on_ted | At least as early as August 1, 2006 | Jeff Han |

Additional prior art that that is relevant to the invalidity of the '163 Patent is listed in Exhibit T. Samsung reserves the right to amend these invalidity contentions to assert these references depending on the claim construction and infringement positions Apple may take as the case proceeds. Moreover, Samsung reserves the right to use these references in combination with

---

[20] Discovery, and in particular, third party discovery is ongoing. As discovery is in the early stages, Samsung is not yet in possession of all evidence regarding the systems that invalidate the '163 patent. Where possible, Samsung has cited to documentation that evidences the systems' practicing of the invention. However, Samsung anticipates amending these contentions as discovery progresses.

[21] The LaunchTile software is described in AppLens and LaunchTile: Two Designs for One-Handed Thumb Use on Small Devices, *Bederson et al.*, CHI 2005, ACM, Apr. 2-7, 2005 (Exhibits A-C to the Bederson Declaration filed Aug. 22, Dkt. No. 165); Video Demonstration of LaunchTile (Exhibit D to the Bederson Declaration filed Aug. 22, Dkt. No. 165); PowerPoint slides displayed at the CHI conference (Exhibit E to the Bederson Declaration filed Aug. 22, Dkt. No. 165); Executable version of LaunchTile (Exhibit F to the Bederson Declaration filed Aug. 22, Dkt. No. 165). In addition to being attached the Bederson declaration filed on August 22, these documents have been previously produced in this litigation.

[22] *See* ZoneZoom: Map Navigation for Smartphones with Recursive View Segmentation, Robbins *et al.*, ACM Press (Jan. 2004) at 4.1.

[23] *See* ZoneZoom: Map Navigation for Smartphones with Recursive View Segmentation, Robbins *et al.*, ACM Press (Jan. 2004) at 4.2. Samsung is seeking third party discovery on these products. Also relevant is "ZoneZoom: map navigation for smartphones with recursive view segmentation", Robbins et al., AVI '04 Proceedings of the working conference on advanced visual interfaces.

other references to render the claims of the '163 Patent obvious in the event Apple takes the

position that certain claim limitations are missing from the references charted in Exhibits S and U.

**B.      Local Patent Rule 3-3(b):   Whether Each Item Anticipates or Renders Obvious the Asserted Claims**

Plaintiff asserts claims 2, 4-13, 17-18, 27-42, and 47-52 of the '163 Patent against

Samsung in this lawsuit.  All of those claims are invalid because the '163 Patent fails to meet one

or more of the requirements for patentability.  The individual bases for invalidity are provided

below and in the claim charts attached as Exhibits S and U.  Each of the foregoing listed prior art

documents, the underlying work, and/or the underlying apparatus or method qualifies as prior art

under one or more sections of 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

Although Samsung has identified at least one citation per limitation for each reference,

each and every disclosure of the same limitation in the same reference is not necessarily identified.

Rather, in an effort to focus the issues, Samsung has cited representative portions of identified

references, even where a reference may contain additional support for a particular claim element.

In addition, persons of ordinary skill in the art generally read a prior art reference as a whole and

in the context of other publications and literature.  Thus, to understand and interpret any specific

statement or disclosure within a prior art reference, such persons would rely on other information

within the reference, along with other publications and their general scientific knowledge.

Samsung may rely upon uncited portions of the prior art references and on other publications

expert testimony to provide context, and as aids to understanding and interpreting the portions that

are cited.  Samsung may also rely on uncited portions of the prior art references, other disclosed

publications, and the testimony of experts to establish that a person of ordinary skill in the art

would have been motivated to modify or combine certain of the cited references so as to render the

claims obvious.

**4.      Anticipation**

Some or all of the asserted claims of the '163 Patent are invalid as anticipated under 35

U.S.C. § 102 in view of each of the prior art references identified above and in the claim charts

included in Exhibit S, which identify specific examples of where each limitation of the asserted

claims is found in the prior art references.  As explained above, the cited portions of prior art references identified in the attached claim charts are exemplary only and representative of the content and teaching of the prior art references, and should be understood in the context of the reference as a whole and as they would be understood by a person of ordinary skill in the art.

### 5.   **Obviousness**

To the extent any limitation is deemed not to be exactly met by an item of prior art listed above and in Exhibit S, then any purported differences are such that the claimed subject matter as a whole would have been obvious to one skilled in the art at the time of the alleged invention, in view of the state of the art and knowledge of those skilled in the art.  The item of prior art would, therefore, render the relevant claims invalid for obviousness under 35 U.S.C. § 103(a).

In addition, the references identified above render one or more asserted claims of the '163 Patent obvious when the references are read in combination with each other, and/or when read in view of the state of the art and knowledge of those skilled in the art.  Each and every reference identified is also relevant to the state of the art at the time of the alleged invention.  Any of the references disclosed above may be combined to render obvious (and therefore invalid) each of Plaintiff's asserted claims.  Samsung may rely upon a subset of the above identified references or all of the references identified above, including all references in Exhibits S, T, and U, for purposes of obviousness depending on the Court's claim construction, positions taken by Apple during this litigation, and further investigation and discovery.

Moreover, to the extent the foregoing references are found not to anticipate the asserted claims, the foregoing references render the asserted claims obvious either alone or in combination with one or more of the other references identified above pursuant to P.R. 3-3(a).  As explained herein and/or in the accompanying charts, it would have been obvious to a person of skill in the art at the time of the alleged invention of the asserted claims of the '163 Patent to combine the various references cited herein so as to practice the asserted claims of the '163 Patent.

In accordance with P.R. 3-3(b), prior art references rendering the asserted claims obvious, alone or in combination with other references, are outlined below and included in Exhibits S and

U, which includes exemplary claim charts for the asserted claims of the '163 Patent showing specifically where in each reference or combinations of references each asserted claim is found, and an explanation of why the prior art renders the asserted claim obvious.

In particular, Samsung contends that the asserted claims of the '163 patent would have been obvious in view of the prior art references identified above and in Exhibits S, T and U.  For example, Exhibits S and U include exemplary claim charts that describe how the asserted claims of the '163 Patent would have been obvious in view of the following references alone or in combination:

- All references identified above and in the claim charts in Exhibit S, if found not to anticipate the claims of the '163 Patent, render the claims of the '163 patent obvious alone;

- Any reference identified above and in the claim charts in Exhibit S, if found not to anticipate the claims of the '163 patent, can be combined with any other reference identified above and in the claim charts in Exhibit S to render the claims of the '163 patent obvious;

- To the extent any element is found to be missing from any reference charted in Exhibit S, that reference can be combined with any reference or combination of references disclosing the allegedly missing element and identified in Exhibit U to render the claims of the '163 patent obvious.

- Any reference identified in Exhibit U may be combined with any other reference or combination of references identified in Exhibit U to render the claims of the '163 patent obvious.

In addition to these specific combinations of prior art and the specific combinations of groups of prior art disclosed, Samsung reserves the right to rely on any other combination of any prior art references disclosed herein.  Samsung further reserves the right to rely upon combinations disclosed within the prosecution history of the references cited herein.  These obviousness

combinations reflect Samsung's present understanding of the potential scope of the claims that Plaintiff appears to be advocating and should not be seen as Samsung's acquiescence to Plaintiff's interpretation of the patent claims.

Samsung also reserves the right to amend or supplement these contentions regarding anticipation or obviousness of the asserted claims, in view of further information from Plaintiff, information discovered during discovery, or a claim construction ruling by the Court.  Plaintiff has not identified what elements or combinations it alleges were not known to one of ordinary skill in the art at the time.  Therefore, for any claim limitation that Plaintiff alleges is not disclosed in a particular prior art reference, Samsung reserves the right to assert that any such limitation is either inherent in the disclosed reference or obvious to one of ordinary skill in the art at the time in light of the same, or that the limitation is disclosed in another of the references disclosed above and in combination would have rendered the asserted claim obvious.

### C.      Local Patent Rule 3-3(c):  Charts Identifying where Specifically in each Alleged item of Prior Art each Asserted Claim is Found

Pursuant to Local Patent Rule 3-3(c), charts identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that Apple contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function is attached in Exhibits S and U.

### D.      Local Patent Rule 3-3(d):  Other Grounds for Invalidity

Samsung identifies the following grounds for invalidity of the asserted claims of the '163 Patent based on 35 U.S.C. §§ 101 and/or 112.  Samsung reserves the right to supplement these disclosures based on further investigation and discovery.

#### 1.      Invalidity Based on 35 U.S.C. § 101

The asserted claims of the '163 patent are invalid under 35 U.S.C. § 101 because they only claim abstract ideas.   For example, each asserted claim of the '163 Patent contains the limitations "detecting a first gesture at a location on the displayed portion of the structured electronic

document" and "determining a first box in the plurality of boxes at the location of the first gesture."  Furthermore, the claims merely contain abstract software instructions.

### 2. Invalidity Based on Enablement or Written Description Under 35 U.S.C. § 112(1) and/or Indefiniteness Under 35 U.S.C. § 112(2)

Based on Samsung's present understanding of Plaintiff's infringement contentions, Samsung asserts that claims 2, 4-13, 17-18, 27-42, & 47-52 of the '163 Patent are invalid for reciting at least the following claim terms/phrases:

- "at least a portion of a structured electronic document"

- "boxes of content," "first box," and "second box"

- "translating"

- "substantially centered"

- "enlarging and translating the structured electronic document so that the first box is substantially centered on the touch screen display"

- "while the first box is enlarged, detecting a second gesture on a second box other than the first box; and translating the structured electronic document so that the second box is substantially centered on the touch screen display"

- "the plurality of boxes are defined by a style sheet language"

- "the width of the first box is substantially the same as the width of the touch screen display"

- "means for displaying at least a portion of a structured electronic document on the touch screen display, wherein the structured electronic document comprises a plurality of boxes of content"

- "means for detecting a first gesture at a location on the displayed portion of the structured electronic document"

- "means for determining a first box in the plurality of boxes at the location of the first gesture"

- "means for enlarging and translating the structured electronic document so that the first box is substantially centered on the touch screen display"

- "means for, while the first box is enlarged, a second gesture is detected on a second box other than the first box"

- "means for, in response to detecting the second gesture, the structured electronic document is translated so that the second box is substantially centered on the touch screen display"

These claim terms/phrases as apparently construed by Apple violate the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

Based on Samsung's present understanding of Plaintiff's infringement contentions, at least one or more of these claim terms/phrases are indefinite because they are inconsistent with and broader than the alleged invention disclosed in the specification and given Plaintiff's apparent constructions of the claims, any person of ordinary skill in the art at the time of the invention would not understand what is claimed, even when the claims are read in light of the specification. Moreover, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted claims in which these claim terms/phrases appear lack written description because the specification of the '163 Patent demonstrates that the patentee neither conceived of nor demonstrated possession of all that Apple now contends the claims cover.  In addition, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted claims in which these claim terms/phrases appear are invalid because the specification fails to provide sufficient disclosure to enable any person of ordinary skill in the art to which it pertains, or with which it is most nearly connected, to implement the invention without undue experimentation.  Therefore, the claims fail to satisfy the requirements of § 112 ¶¶ 1 and 2.

## VIII.   THE '129 PATENT

### A.      Local Patent Rule 3-3(a):  Identification of Prior Art

At this time, Samsung contends that at least the following prior art references anticipate or render obvious, either alone or in combination, the asserted claims of the '129 Patent:

1.      **Patent References[24]**

| Chart No(s). | Country of Origin | Patent Number | Date of Issue | Priority Date |
|---|---|---|---|---|
| V-1 | US | 4,571,454 | 2/18/1986 | 11/11/1982 |
| V-2 | US | 5,083,118 | 1/21/1992 | 4/16/1990 |
| V-3 | US | 5,113,041 | 5/12/1992 | 12/28/1990 |

[24]   Samsung incorporates by reference all prior art references cited in the patents listed herein and/or their file histories.

| Chart No(s). | Country of Origin | Patent Number | Date of Issue | Priority Date |
|---|---|---|---|---|
| V-4 | US | 5,565,658 | 10/15/1996 | 7/13/1992 |
| V-5 | US | 7,218,314 | 5/15/2007 | 6/7/2001 |
| V-6 | US | 7,932,898 | 4/26/2001 | 9/20/2005 |
| V-7 | WO | 2005/114369 | 12/1/2005 | 5/6/2004 |

      2.     **Systems**

All versions of the following prior art systems commercially sold, publicly known or used before the priority date of the '129 Patent, including documents and source code describing the same:

| Chart No(s). | System | Date Offered | Offering Entity |
|---|---|---|---|
| V-8 | Whirlpool Velos™ Touchscreen | At least as early as December 2005 | Whirlpool |

Additional prior art that has not been charted, but is still relevant to the invalidity of the '129 Patent is listed in Exhibit W.  Samsung reserves the right to amend these invalidity contentions to assert these references depending on the claim construction and infringement positions Apple may take as the case proceeds.  Moreover, Samsung reserves the right to use these references in combination with other references to render the claims of the '129 Patent obvious in the event Apple takes the position that certain claim limitations are missing from the references charted in Exhibits V and X.

    **B.**       **Local Patent Rule 3-3(b):  Whether Each Item Anticipates or Renders Obvious the Asserted Claims**

Plaintiff asserts claims 1-3, 5, 7, 9-12, 14, 16-19, 21-22, 24-26, and 28 of the '129 Patent against Samsung in this lawsuit.  All of those claims are invalid because the '129 Patent fails to meet one or more of the requirements for patentability.  The individual bases for invalidity are provided below and in the claim charts attached as Exhibits V and X.  Each of the foregoing listed prior art documents, the underlying work, and/or the underlying apparatus or method qualifies as prior art under one or more sections of 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

Although Samsung has identified at least one citation per limitation for each reference, each and every disclosure of the same limitation in the same reference is not necessarily identified. Rather, in an effort to focus the issues, Samsung has cited representative portions of identified references, even where a reference may contain additional support for a particular claim element. In addition, persons of ordinary skill in the art generally read a prior art reference as a whole and in the context of other publications and literature.  Thus, to understand and interpret any specific statement or disclosure within a prior art reference, such persons would rely on other information within the reference, along with other publications and their general scientific knowledge. Samsung may rely upon uncited portions of the prior art references and on other publications and expert testimony to provide context, and as aids to understanding and interpreting the portions that are cited.  Samsung may also rely on uncited portions of the prior art references, other disclosed publications, and the testimony of experts to establish that a person of ordinary skill in the art would have been motivated to modify or combine certain of the cited references so as to render the claims obvious.

### 3.   **Anticipation**

Some or all of the asserted claims of the '129 Patent are invalid as anticipated under 35 U.S.C. § 102 in view of each of the prior art references identified above and in the claim charts included in Exhibit V, which identify specific examples of where each limitation of the asserted claims is found in the prior art references.  As explained above, the cited portions of prior art references identified in the attached claim charts are exemplary only and representative of the content and teaching of the prior art references, and should be understood in the context of the reference as a whole and as they would be understood by a person of ordinary skill in the art.

### 4.   **Obviousness**

To the extent any limitation is deemed not to be exactly met by an item of prior art listed above and in Exhibit V, then any purported differences are such that the claimed subject matter as a whole would have been obvious to one skilled in the art at the time of the alleged invention, in view of the state of the art and knowledge of those skilled in the art.  The item of prior art would, therefore, render the relevant claims invalid for obviousness under 35 U.S.C. § 103(a).

In addition, the references identified above render one or more asserted claims of the '129 Patent obvious when the references are read in combination with each other, and/or when read in view of the state of the art and knowledge of those skilled in the art. Each and every reference identified is also relevant to the state of the art at the time of the alleged invention. Any of the references disclosed above may be combined to render obvious (and therefore invalid) each of Plaintiff's asserted claims. Samsung may rely upon a subset of the above identified references or all of the references identified above, including all references in Exhibits V, W, and X, for purposes of obviousness depending on the Court's claim construction, positions taken by Apple during this litigation, and further investigation and discovery.

Moreover, to the extent the foregoing references are found not to anticipate the asserted claims, the foregoing references render the asserted claims obvious either alone or in combination with one or more of the other references identified above pursuant to P.R. 3-3(a). As explained herein and/or in the accompanying charts, it would have been obvious to a person of skill in the art at the time of the alleged invention of the asserted claims of the '129 Patent to combine the various references cited herein so as to practice the asserted claims of the '129 Patent.

In accordance with P.R. 3-3(b), prior art references rendering the asserted claims obvious, alone or in combination with other references, are outlined below and included in Exhibits V and X, which includes exemplary claim charts for the asserted claims of the '129 Patent showing specifically where in each reference or combinations of references each asserted claim is found, and an explanation of why the prior art renders the asserted claim obvious. Where applicable, the charts in Exhibit V and X include the motivation to combine references.

In particular, Samsung contends that the asserted claims of the '129 Patent would have been obvious in view of the prior art references identified above. For example, Exhibit X includes exemplary claim charts that describe how the asserted claims of the '129 Patent would have been obvious in view of the following references alone or in combination:

- All references identified in Exhibit V, if found not to anticipate the claims of the '129 Patent, render the claims of the '129 Patent obvious alone;

- Exhibit X-1:  Exhibit X-1:  U.S Patent No. 7,372,455 to Perski ("Perski '455") and U.S. Patent No. 5,083,118 to Kazama ("Kazama '118")

In addition to the specific combinations of prior art and the specific combinations of groups of prior art disclosed, Samsung reserves the right to rely on any other combination of any prior art references disclosed herein.  Samsung further reserves the right to rely upon combinations disclosed within the prosecution history of the references cited herein.  These obviousness combinations reflect Samsung's present understanding of the potential scope of the claims that Plaintiff appears to be advocating and should not be seen as Samsung's acquiescence to Plaintiff's interpretation of the patent claims.

Samsung also reserves the right to amend or supplement these contentions regarding anticipation or obviousness of the asserted claims, in view of further information from Plaintiff, information discovered during discovery, or a claim construction ruling by the Court.  Plaintiff has not identified what elements or combinations it alleges were not known to one of ordinary skill in the art at the time.  Therefore, for any claim limitation that Plaintiff alleges is not disclosed in a particular prior art reference, Samsung reserves the right to assert that any such limitation is either inherent in the disclosed reference or obvious to one of ordinary skill in the art at the time in light of the same, or that the limitation is disclosed in another of the references disclosed above and in combination would have rendered the asserted claim obvious.

**C.     Local Patent Rule 3-3(c):  Charts Identifying where Specifically in each Alleged item of Prior Art each Asserted Claim is Found**

Pursuant to Local Patent Rule 3-3(c), charts identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that Apple contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function is attached in Exhibits V and X.

### D.     Local Patent Rule 3-3(d):  Other Grounds for Invalidity

Samsung identifies the following grounds for invalidity of the asserted claims of the '129 Patent based on 35 U.S.C. §§ 101 and/or 112.  Samsung reserves the right to supplement these disclosures based on further investigation and discovery.  Invalidity Based on Enablement or Written Description Under 35 U.S.C. § 112(1) and/or Indefiniteness Under 35 U.S.C. § 112(2)

Based on Samsung's present understanding of Plaintiff's infringement contentions, Samsung asserts that claims 1-3, 5, 7, 9-12, 14, 16-19, 21-22, 24-26, and 28 of the '129 Patent are invalid for reciting at least the following claim terms/phrases:

- "one or more widths including a maximum width"

- "one or more widths including a minimum width"

- "the minimum width"

- "substantially greater"

- "maximum width"

- "substantially electrically isolate"

- "substantially cover"

- "substantially constant width"

These claim terms/phrases as apparently construed by Apple violate the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

Based on Samsung's present understanding of Plaintiff's infringement contentions, at least one or more of these claim terms/phrases are indefinite because they are inconsistent with and broader than the alleged invention disclosed in the specification and given Plaintiff's apparent constructions of the claims, any person of ordinary skill in the art at the time of the invention would not understand what is claimed, even when the claims are read in light of the specification. Moreover, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted claims in which these claim terms/phrases appear lack written description because the specification of the '129 Patent demonstrates that the patentee neither conceived of nor

1    demonstrated possession of all that Apple now contends the claims cover.  In addition, based on

2    Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted

3    claims in which these claim terms/phrases appear are invalid because the specification fails to

4    provide sufficient disclosure to enable any person of ordinary skill in the art to which it pertains,

5    or with which it is most nearly connected, to implement the invention without undue

6    experimentation.  Therefore, the claims fail to satisfy the requirements of § 112 ¶¶ 1 and 2.

7                              **PATENT LOCAL RULE 3-4 DISCLOSURES**

8            Pursuant to Patent Rule 3-4(a), Defendants will produce, make available for inspection, or

9    identify publicly available information sufficient to show the operation of any specifically

10   identified aspects or elements of an Accused Instrumentality identified by Plaintiff in its Patent

11   L.R. 3-1(c) chart to the extent such information is in Defendants' possession, custody or control.

12   If such information comprises source code, Defendants will make such source code available for

13   inspection pursuant to the entry of a suitable protective order in this action.  Documents produced

14   pursuant to Patent Local Rule 3-4(a) include the following: 43983-44537.

15           Pursuant to Patent Rule 3-4(b), Defendants are producing or making available for

16   inspection copies of each item of prior art identified pursuant to Patent Rule 3-3(a) which does not

17   appear in the file history of the Asserted Patent to the extent such prior art is in Samsung's

18   possession, custody or control.  Documents produced pursuant to Patent Local Rule 3-4(a) include

19   the following:  SAMNDCA00028457-36167; 36833-43982; and 44538-44674.

20           Defendants reserve the right to identify and produce additional documents pursuant to the

21   Patent Rules and the orders of the Court.

22

23

24

25

26

27

28

1  DATED: October 7, 2011                QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP
2

3

4                                        By  /s/ Victoria F. Maroulis
                                             Charles K. Verhoeven
5                                            Kevin P.B. Johnson
                                             Victoria F. Maroulis
6                                            Michael T. Zeller
                                             Attorneys for SAMSUNG ELECTRONICS CO.,
7                                            LTD., SAMSUNG ELECTRONICS AMERICA,
                                             INC., and SAMSUNG
8                                            TELECOMMUNICATIONS AMERICA, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2011, I caused **SAMSUNG'S PATENT LOCAL RULE 3-3 AND 3-4 DISCLOSURES** to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

HAROLD J. MCELHINNY
hmcelhinny@mofo.com
MICHAEL A. JACOBS
mjacobs@mofo.com
JENNIFER LEE TAYLOR
jtaylor@mofo.com
ALISON M. TUCHER
atucher@mofo.com
RICHARD S.J. HUNG
rhung@mofo.com
JASON R. BARTLETT
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

I declare under penalty of perjury that the foregoing is true and correct.  Executed in Redwood Shores, California on October 7, 2011.

_/s/ Mark Tung_____