HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company.,<br><br>Defendants. | Case No.   11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF JANUSZ A. ORDOVER, PH.D., IN SUPPORT OF APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR SUMMARY JUDGMENT** |

**SUBMITTED UNDER SEAL**

I, Janusz A. Ordover, declare and state as follows:

1. I am Professor of Economics and former Director of the Masters in Economics Program at New York University, where I have taught since 1973. I am also a Special Consultant to Compass Lexecon, an economic consulting firm that is a wholly owned subsidiary of FTI Consulting, Inc.. I have been retained by counsel for Apple Inc. ("Apple") in the above-captioned case against Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") as an expert witness to analyze, from an economic perspective, Samsung's alleged conduct with respect to certain standards-essential patents ("SEPs") it claims to hold and the effect of that conduct on competition in the relevant technology markets and on Apple. I am providing this declaration in that capacity and in support of Apple's Opposition to Samsung's Motion for Summary Judgment. The matters stated herein are of my own personal knowledge or are my professional opinions. If called as a witness, I could and would testify competently as to them.

2. I provided an expert report in this action, dated March 22, 2012 ("Report"). A true and correct copy of the Report is attached hereto as Exhibit A. The Report accurately states the materials I reviewed, opinions that I formed, and the bases for those opinions. Excerpts of the transcript of my deposition in this case are attached hereto as Exhibit B.

3. My areas of specialization as an economist include industrial organization, antitrust, and regulation economics. My qualifications as an expert in these areas are detailed in the Report at paragraphs 1-2 and in my curriculum vitae attached as Exhibit 1 to the Report.

4. As discussed throughout my Report and summarized in paragraph 24, it is my opinion, *inter alia*, that Samsung's conduct, specifically its failure timely to disclose its intellectual property rights ("IPR"), its failure to offer licenses to its declared SEPs on FRAND terms, and its efforts to obtain injunctive relief against Apple's sale of mobile devices without offering Apple a FRAND license to its declared SEPs harmed competition in the technology markets in which Samsung's declared SEPs competed. *See* Exhibit A ¶¶ 156-158 ("Samsung foreclosed its technological competitors and stymied the development of alternative solutions that…could have been available on FRAND terms."); Exhibit B 271:18-25 ("To the extent that

1  [Samsung misrepresented its willingness to offer FRAND licenses, and] that conduct caused
2  ETSI working groups to standardize on Samsung technologies as opposed to on some other
3  alternative technologies, that would, in my view, constitute harm in the upstream technology
4  market.").

5      5.    It is also my opinion that Samsung's conduct has harmed Apply by imposing on it
6  the cost and expense of defending against infringement claims, which defense would not have
7  been required had Samsung not breached its obligations under the ETSI IPR Policy. *See* Exhibit
8  A ¶ 161 ("Apple has spent millions of dollars in legal and expert fees defending Samsung's
9  claims of patent infringement for the seven declared SEPs, a defense that would not have been
10 necessary but for Samsung's non-FRAND conduct."). When asked at my deposition if "Apple
11 has sustained antitrust injury," I testified, "It certainly sustained certain harm due to the need[] to
12 defend itself across a broad range of jurisdictions… So that's a harm to Apple." Exhibit B
13 251:19-252:2.

14     6.    Finally, it is my opinion that downstream consumers of handsets and tablet
15 computers will be harmed—in the form of increased product prices and decreased innovation—if
16 Samsung succeeds in obtaining non-FRAND royalties from and injunctive relief against Apple or
17 other manufacturers. *See* Exhibit 1 ¶¶ 159-169 ("Excessive royalties relative to the FRAND
18 benchmark … would generally lead to higher end-user prices and less choice, to the detriment of
19 consumers."). I also testified at my deposition that if Samsung's anticompetitive acts succeed in
20 the upstream markets, there would be harm to downstream markets as well. Exhibit B 249:21-25.

22     I declare under penalty of perjury that the foregoing is true and correct. Executed on
23 May 30, 2012.

26                                            Janusz A. Ordover

**ATTESTATION OF E-FILED SIGNATURE**

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Janusz A. Ordover has concurred in this filing

/s/ *Mark. D. Selwyn*
Mark D. Selwyn