1  HAROLD J. MCELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
2  MICHAEL A. JACOBS (CA SBN 111664)
   mjacobs@mofo.com
3  JENNIFER LEE TAYLOR (CA SBN 161368)
   jtaylor@mofo.com
4  ALISON M. TUCHER (CA SBN 171363)
   atucher@mofo.com
5  RICHARD S.J. HUNG (CA SBN 197425)
   rhung@mofo.com
6  JASON R. BARTLETT (CA SBN 214530)
   jasonbartlett@mofo.com
7  MORRISON & FOERSTER LLP
   425 Market Street
8  San Francisco, California  94105-2482
   Telephone:  (415) 268-7000
9  Facsimile:  (415) 268-7522

   WILLIAM F. LEE
   william.lee@wilmerhale.com
   WILMER CUTLER PICKERING
   HALE AND DORR LLP
   60 State Street
   Boston, MA 02109
   Telephone: (617) 526-6000
   Facsimile: (617) 526-5000

   MARK D. SELWYN (SBN 244180)
   mark.selwyn@wilmerhale.com
   WILMER CUTLER PICKERING
   HALE AND DORR LLP
   950 Page Mill Road
   Palo Alto, California 94304
   Telephone: (650) 858-6000
   Facsimile: (650) 858-6100

10 Attorneys for Plaintiff and
   Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                Plaintiff,<br><br>       v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF JASON R. BARTLETT IN SUPPORT OF APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR SUMMARY JUDGMENT** |

I, Jason R. Bartlett, declare as follows:

I am a partner in the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple") in this action. I am licensed to practice law in the State of California and admitted to practice before this Court. I submit this declaration in support of Apple's Opposition to Samsung's Motion for Summary Judgment. Unless otherwise indicated, I have personal knowledge of the matters stated herein or understand them to be true from members of my litigation team. If called as a witness, I would testify to the facts set forth below.

1.  Attached hereto as **Exhibit 1** is a true and correct copy of excerpts of the transcript of the August 3, 2011 deposition of Christopher Stringer. Portions of these excerpts were cited in Bressler Decl. ¶¶ 132, 157-158.

2.  Attached hereto as **Exhibit 2** is a true and correct copy of excerpts of the transcript of the December 1, 2011 deposition of Jonathan Ive. Portions of these excerpts were cited in Bressler Decl. ¶¶ 132, 157.

3.  Attached hereto as **Exhibit 3** is a true and correct copy of excerpts of the transcript of the October 18, 2011 deposition of Freddy Anzures.

4.  Attached hereto as **Exhibit 4** is a true and correct copy of an excerpt of the transcript of the March 2, 2012 deposition of Tang Tan. Some of these excerpts were cited in Bressler Decl. ¶¶ 132-135, 157-158.

5.  Attached hereto as **Exhibit 5** is a true and correct copy of excerpts of the transcript of the February 29, 2012 deposition of Fletcher Rothkopf. Portions of these excerpts are cited in Bressler Decl. ¶ 133.

6.  Attached hereto as **Exhibit 6** is a true and correct copy of an excerpt of the transcript of the February 28, 2012 deposition of Tamara Whiteside. This excerpt is cited in Winer Decl. Ex. 1 ¶ 147 n. 50.

7.  Attached hereto as **Exhibit 7** is a true and correct copy of an excerpt of the R. Sukumar Rebuttal Report dated April 16, 2012.

8. Attached hereto as **Exhibit 8** is a true and correct copy of Exhibit 2 to the Declaration of Sissie Twiggs In Support of Apple's Motion for a Preliminary Injunction dated July 1, 2011.

9. Attached hereto as **Exhibit 9** is a true and correct copy of Exhibit 5 to the Declaration of Sissie Twiggs In Support of Apple's Motion for a Preliminary Injunction dated July 1, 2011.

10. Attached hereto as **Exhibit 10** is a true and correct copy of Exhibit 14 to the Declaration of Sissie Twiggs In Support of Apple's Motion for a Preliminary Injunction dated July 1, 2011.

11. Attached hereto as **Exhibit 11** is a true and correct copy of Exhibit 18 to the Declaration of Sissie Twiggs In Support of Apple's Motion for a Preliminary Injunction dated July 1, 2011.

12. Attached hereto as **Exhibit 12** is a true and correct copy of excerpts of the transcript of the July 27, 2011 deposition of Sissie Twiggs. Portions of these excerpts are cited in Winer Decl. Ex. 1 ¶ 147 n. 50.

13. Attached hereto as **Exhibit 13** is a true and correct copy an excerpt of the transcript of the February 23, 2012 deposition of Greg Joswiak. Portions of these excerpts are cited in Winer Decl. Ex. 1 ¶ 147 n. 51.

14. Attached hereto as **Exhibit 14** is a true and correct copy of Exhibit 45 to the July 27, 2011 deposition of Sissie Twiggs.

15. Attached hereto as **Exhibit 15** is a true and correct copy of Exhibit 46 to the July 27, 2011 deposition of Sissie Twiggs.

16. Attached hereto as **Exhibit 16** is a true and correct copy of excerpts of the Christopher Stringer Declaration in Support of Apple's Reply to its Motion for Preliminary Injunction dated September 30, 2011.

17. Attached hereto as **Exhibit 17** is a true and correct copy of an excerpt of the transcript of the April 24, 2012 deposition of Robert Anders.

18. Attached hereto as **Exhibit 18** is a true and correct copy of an excerpt of the transcript of the April 26, 2012 deposition of Robert Anders.

19. Attached hereto as **Exhibit 19** is a true and correct copy of the Nokia Fingerprint Design.

20. Attached hereto as **Exhibit 20** is a true and correct copy of an excerpt of the transcript of the March 5, 2012 deposition of Robert Brunner.

21. Attached hereto as **Exhibit 21** is a true and correct copy of an excerpt of the transcript of the January 14, 2012 deposition of Nara Cho.

22. Attached hereto as **Exhibit 22** is a true and correct copy of Exhibit 1266 to the January 14, 2012 deposition of Nara Cho.

23. Attached hereto as **Exhibit 23** is a true and correct copy of US Design Patent 604,305.

24. Attached hereto as **Exhibit 24** is a true and correct copy of an excerpt of the transcript of the October 14, 2011 deposition of Imran Chaudri.

25. Attached hereto as **Exhibit 25** is a true and correct copy of an excerpt of Samsung's Objections to Apple Inc.'s Fifth Set of Interrogatories (Corrected).

26. Attached hereto as **Exhibit 26** is a true and correct copy of Exhibit 27 to the Patrick Zhang Declaration in Support of Apple's Motion for a Preliminary Injunction.

27. Attached hereto as **Exhibit 27** is a true and correct copy of excerpts of a US Mobile Phone Market Study dated June 2007 which Apple produced in connection with this litigation with Bates numbers APLNDC-Y0000028751-28849.

28. Attached hereto as **Exhibit 28** is a true and correct copy of an excerpt of the transcript of the February 28, 2012 deposition of Seung Hun Yoo.

29. Attached hereto as **Exhibit 29** is a true and correct copy of excerpts of an iPhone Owner Study which Apple produced in connection with this litigation with Bates numbers APLNDC-Y25024-5147.

30. Attached hereto as **Exhibit 30** is a true and correct copy of an excerpt of the transcript of the May 4, 2012 deposition of Stephen Gray.

1    31.    Attached hereto as **Exhibit 31** is a true and correct copy of the Invalidity Report of Stephen Gray dated March 22, 2011.

2    32.    Attached hereto as **Exhibit 32** is a true and correct copy of entries in the 2003 editions of the Oxford English Dictionary and Merriam Webster's English Dictionary.

3    33.    Attached hereto as **Exhibit 33** is a true and correct copy of an excerpt of the transcript of the April 20, 2012 deposition of Ravin Balakrishnan.

4    34.    Attached hereto as **Exhibit 34** is a true and correct copy of an excerpt of the transcript of the March 7, 2012 deposition of Dong Hoon Chang.

5    35.    Attached hereto as **Exhibit 35** is a true and correct copy of an excerpt of the transcript of the February 28, 2012 deposition of Seung Hun Yoo.

6    36.    Attached hereto as **Exhibit 36** is a true and correct copy of an excerpt of the transcript of the February 29, 2012 deposition of Seogguen Kim.

7    37.    Attached hereto as **Exhibit 37** is an excerpt of a document titled "Archetype Design 2009" produced by Samsung in this litigation with Bates numbers SAMNDCA00376530-376580.

8    38.    Attached hereto as **Exhibit 38** is a true and correct copy of an excerpt of the transcript of the February 23 2012 deposition of Yunjung Lee.

9    39.    Attached hereto as **Exhibit 39** is a true and correct copy of an excerpt of the transcript of the March 2, 2012 deposition of Seogguen Kim.

10    40.    Attached hereto as **Exhibit 40** is a true and correct copy of excerpts of a document produced by Samsung in this litigation with Bates numbers S-ITC-007849424-7849429.

11    41.    Attached hereto as **Exhibit 41** is a true and correct copy of an excerpt of the transcript of the March 7, 2012 deposition of Dong Hoon Chang.

12    42.    Attached hereto as **Exhibit 42** is a true and correct copy of an excerpt of the transcript of the February 2, 2012 deposition of Jinsoo Kim.

13    43.    Attached hereto as **Exhibit 43** is a true and correct copy of an excerpt of the transcript of the January 11, 2012 deposition of Bo-Ra Kim.

1    44. Attached hereto as **Exhibit 44** is a true and correct copy of an excerpt of the transcript of the February 8, 2012 deposition of Hangil Song.

45. Attached hereto as **Exhibit 45** is a true and correct copy of an excerpt of the transcript of the February 2, 2012 deposition of Jungmin Yeo.

46. Attached hereto as **Exhibit 46** is a true and correct copy of an excerpt of the transcript of the February 16, 2012 deposition of Gi Young Lee.

47. Attached hereto as **Exhibit 47** is a true and correct copy of an excerpt of the transcript of the September 21, 2012 deposition of Justin Denison.

48. Attached hereto as **Exhibit 48** is a true and correct copy of excerpts of the transcript of the February 7, 2012 deposition of Jonathan Ive. Portions of these excerpts are cited in Bressler Decl. ¶ 132.

49. Attached hereto as **Exhibit 49** is a true and correct copy of an excerpt of the transcript of the November 4, 2011 deposition of Christopher Stringer. Portions of these excerpts are cited in Bressler Decl. ¶ 132.

50. Attached hereto as **Exhibit 50** is a true and correct copy of an excerpt of the transcript of the February 28, 2012 deposition of Phil Hobson. Some of these excerpts were cited in Bressler Decl. ¶¶ 132-133.

51. Attached hereto as **Exhibit 51** is a true and correct copy of an excerpt of the transcript of the March 8, 2012 deposition of Christopher Prest. This excerpt is cited in Bressler Decl. ¶¶ 133, 158.

52. Attached hereto as **Exhibit 52** is a true and correct copy of an excerpt of the transcript of the February 16, 2012 deposition of Richard Dinh. This excerpt is cited in Bressler Decl. ¶ 133.

53. Attached hereto as **Exhibit 53** is a true and correct copy of an excerpt of the transcript of the October 14, 2011 deposition of Scott Herz.

54. Attached hereto as **Exhibit 54** is a true and correct copy of an excerpt of the transcript of the October 18, 2011 deposition of Andrew Platzer.

55. Attached hereto as **Exhibit 55** is a true and correct copy of U.S. Provisional Patent Application No. 60/883,801.

56. Attached hereto as **Exhibit 56** is a true and correct copy of an excerpt of the transcript of the August 9, 2011 deposition of Bas Ording.

57. Attached hereto as **Exhibit 57** is a true and correct copy of the Request for Reexamination of US Patent 7,469,381, with Bates numbers APLPROS0000019658-708.

58. Attached hereto as **Exhibit 58** is a true and correct copy of the January 13, 2011 Notice of Intent to Issue Ex Parte Reexamination Certificate for the US Patent 7,469,381, with Bates numbers APLPROS0000019626-32.

59. Attached hereto as **Exhibit 59** is a true and correct copy of the April 26, 2011 Ex Parte Reexamination Certificate for the US Patent 7,469,381, with Bates numbers SAMNDCA00000030-31.

60. Attached hereto as **Exhibit 60** is a true and correct copy of Exhibit 222 from the September 17, 2011 deposition of Benjamin Bederson.

61. Attached hereto as **Exhibit 61** is a true and correct copy of excerpts from the transcript of the September 17, 2011 deposition of Benjamin Bederson.

62. Attached hereto as **Exhibit 62** is a true and correct copy of excerpts from the transcript of the September 14, 2011 deposition of Andries Van Dam.

63. Attached hereto as **Exhibit 63** is a true and correct copy of excerpts from the transcript of the March 9, 2012 deposition of Adam Bogue.

64. Attached hereto as **Exhibit 64** is a true and correct copy of Exhibit G-7 to Samsung's Patent Local Rule 3-3 and 3-4 Disclosures served on October 7, 2011.

65. Attached hereto as **Exhibit 65** is a true and correct copy of Exhibit 8 to the Expert Report of Andries Van Dam, Ph.D. Regarding Invalidity of U.S. Patent No. 7,469,381 served on March 22, 2012.

66. Attached hereto as **Exhibit 66** is a true and correct copy of excerpts of the transcript of the March 8, 2012 deposition of Clifton Forlines.

1  67.  Attached hereto as **Exhibit 67** is a true and correct copy of excerpts of the Expert Report of Jeffrey Johnson, Ph.D. Regarding Non-Infringement of U.S. Patent No. 7,469,381 served on April 16, 2012.

68.  Attached hereto as **Exhibit 68** is a true and correct copy of a translation of a document titled "Usability Evaluation Results," with Bates numbers SAMNDCA00508318 – 508411.

69.  Attached hereto as **Exhibit 69** is a true and correct copy of a translation of a document titled "Usability Evaluation Results," with Bates numbers SAMNDCA00176053 – 176171.

70.  Attached hereto as **Exhibit 70** is a true and correct copy of a translation of a document titled "Analysis of Galaxy Tab Operation Speed and Screen Effects," with Bates numbers SAMNDCA00201771 – 201780.

71.  Attached hereto as **Exhibit 71** is a true and correct copy of Samsung's Supplemental Response to Apple's Interrogatory No. 16 dated March 8, 2012.

72.  Attached hereto as **Exhibit 72** is a true and correct copy of excerpts from the January 12, 2012 deposition transcript of Wookyun Kho.

73.  Attached hereto as **Exhibit 73** is a true and correct copy of a translation of an email chain with Bates numbers SAMNDCA10851706-7.

74.  Attached hereto as **Exhibit 74** is a true and correct copy of a translation of an email chain with Bates numbers SAMNDCA10850604-6.

75.  Attached hereto as **Exhibit 75** is a copy of the iPhone 3GS Launch Kit – US, dated June 2009, which Apple produced in connection with this litigation with Bates number APLNDC0002008363-2008405. This document was cited in Winer Decl. Ex. 1 ¶ 47 n.52.

76.  Attached hereto as **Exhibit 76** is a copy of the iPad Asset Kit – US, dated April 2012, which Apple produced in connection with this litigation with Bates number APLNDC0001964084-1964099. This document was cited in Winer Decl. Ex. 1 ¶ 47 n.52.

77.  Attached hereto as **Exhibit 77** is a copy of the iPad 2 Business Asset Kit— English, dated March 2011, which Apple produced in connection with this litigation with Bates

1  number APLNDC0002027210-APLNDC0002027226.  This document is cited in Winer Decl. Ex. 1 ¶ 47 n.52.

2  78.    Attached hereto as **Exhibit 78** is a true and correct copy of excerpts from the February 21, 2012 deposition transcript of Stanley Ng.  These excerpts were cited in Winer Decl. Ex. 1 ¶ 147 n.50.

3  79.    Attached hereto as **Exhibit 79** is a true and correct copy of excerpts from the February 17, 2012 deposition transcript of Phillip Schiller.  These excerpts were cited in Winer Decl. Ex. 1 ¶ 147 n.51.

4  80.    Attached hereto as **Exhibit 80** is a true and correct copy of Apple's Infringement Contentions served August 26, 2011.

5  81.    On information and belief, and based on my conversations with Apple legal department and industrial design department employees, the model depicted in Exhibit 15 to the Brett Arnold Declaration in Support of Samsung's Motion for Summary Judgment (Dkt. No. 943, Ex. 15) were never made public.  Exhibit 15 is two pages of photographs Bates numbered APLNDC-X000005887 and APLNDC-X000005851.  I have examined the certified prosecution history of the D'889 patent (Bates APLNDC00030805 - APLNDC00030914).  The two pages of photographs depicted in Exhibit 15 are not part of the D'889 prosecution history.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 31st day of May, 2012, at San Francisco, California.

*/s/* Jason R. Bartlett
Jason R. Bartlett