Exhibit 58

| | Control No. | Patent Under Reexamination |
|---|---|---|
| **Notice of Intent to Issue Ex Parte Reexamination Certificate** | 90/010,963 | 7469381 |
| | Examiner | Art Unit |
| | RACHNA S. DESAI | 3992 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

1. ☒ Prosecution on the merits is (or remains) closed in this *ex parte* reexamination proceeding. This proceeding is subject to reopening at the initiative of the Office or upon petition. *Cf.* 37 CFR 1.313(a). A Certificate will be issued in view of
   (a) ☐ Patent owner's communication(s) filed: _____.
   (b) ☐ Patent owner's late response filed: _____.
   (c) ☐ Patent owner's failure to file an appropriate response to the Office action mailed: _____.
   (d) ☐ Patent owner's failure to timely file an Appeal Brief (37 CFR 41.31).
   (e) ☒ Other: <u>Reexam Order filed 07/14/10</u>.
   Status of *Ex Parte* Reexamination:
   (f) Change in the Specification: ☐ Yes ☒ No
   (g) Change in the Drawing(s): ☐ Yes ☒ No
   (h) Status of the Claim(s):
      (1) Patent claim(s) confirmed: <u>*1-20*</u>.
      (2) Patent claim(s) amended (including dependent on amended claim(s)): _____.
      (3) Patent claim(s) canceled: _____.
      (4) Newly presented claim(s) patentable: _____.
      (5) Newly presented canceled claims: _____.
      (6) Patent claim(s) ☐ previously ☐ currently disclaimed: _____.
      (7) Patent claim(s) not subject to reexamination: _____.

2. ☒ Note the attached statement of reasons for patentability and/or confirmation. Any comments considered necessary by patent owner regarding reasons for patentability and/or confirmation must be submitted promptly to avoid processing delays. Such submission(s) should be labeled: "Comments On Statement of Reasons for Patentability and/or Confirmation."

3. ☐ Note attached NOTICE OF REFERENCES CITED (PTO-892).

4. ☐ Note attached LIST OF REFERENCES CITED (PTO/SB/08 or PTO/SB/08 substitute).

5. ☐ The drawing correction request filed on _____ is: ☐ approved ☐ disapproved.

6. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
   a)☐ All  b)☐ Some*  c)☐ None  of the certified copies have
      ☐ been received.
      ☐ not been received.
      ☐ been filed in Application No. _____.
      ☐ been filed in reexamination Control No. _____.
      ☐ been received by the International Bureau in PCT Application No. _____.
   * Certified copies not received: _____.

7. ☐ Note attached Examiner's Amendment.

8. ☐ Note attached Interview Summary (PTO-474).

9. ☐ Other: _____.

/Rachna S Desai/
Primary Examiner, Art Unit 3992

cc: Requester (if third party requester)

U.S. Patent and Trademark Office
PTOL-469 (Rev. 05-10)   Notice of Intent to Issue Ex Parte Reexamination Certificate   Part of Paper No 20110104

APLPROS0000019626

Application/Control Number: 90/010,963 Page 2
Art Unit: 3992

## DETAILED ACTION

1.  This Office action addresses claims 1-20 of United States Patent Number 7,469,381 (Ording patent).

### Status of the Claims

2.  Claims 1-20 are confirmed.

### STATEMENT OF REASONS FOR PATENTABILITY AND/OR CONFIRMATION

3.  The following is an examiner's statement of reasons for patentability and/or confirmation of the claims found patentable in this reexamination proceeding:

The prior art does not teach or fairly address the invention as recited in independent claims 1, 19, and 20 of U.S. Patent No. 7,469,381 B2. Specifically, the prior art references of Glimpse, Inside Out, Robbins, and Zimmerman fail to disclose "in response to detecting that the object is no longer on or near the touch screen display, translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion" as recited in claims 1, 19, and 20.

Application/Control Number: 90/010,963 Page 3
Art Unit: 3992

Glimpse discloses a method for editing objects with a multi-level input device such as a pressure sensitive stylus or pressure sensitive touch screen. Glimpse further discloses navigating through a dataset using a pan and zoom interface using touch input. Glimpse further teaches an object can be selected for editing through light pressure input upon which a preview of the results of user action can be provided. When the editing is finished, the user can reject or accept the edit. If a user chooses to lift their finger or stylus, the system returns to State 0 and the edit is automatically "undone" by retrieving the saved state. This undo is animated so that the action is clear to the user. See pages 1376-1377.

However, these teachings of Glimpse fail to teach translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion. Specifically, Glimpses' teachings of returning to a previous state and animating this "undoing" fails to address both the feature of translating an electronic in a second direction *until the area beyond the edge of the electronic document is no longer displayed* and the fourth portion of the electronic document being different than the first portion. In other words, Glimpse does not discuss the edge of the electronic document and is not concerned with the area beyond the edge of the document. Glimpse appears only to be concerned with the return to a previous state, not with translating a document so that the area beyond the edge of the document is not visible. Further, in returning to a "previous state", Glimpse is not displaying a fourth portion that is different than the first portion since the previous

APLPROS0000019628

state corresponds to the first portion. Glimpse also fails to explicitly teach displaying an area beyond the edge of the document and displaying a third portion of the electronic document, wherein the third portion is smaller than the first portion.

Inside Out discloses displaying an area beyond the edge of the document as on page 764, figure 27-13. However, Inside Out fails to disclose in response to detecting that the object is no longer on or near the touch screen display, translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion.

Robbins discloses using a touch screen as input for a portable device. A user can glance at other parts of a document while browsing through a data set on a portable device. After a user releases a hardware or software button, the view quickly and smoothly (e.g. via animation) snaps back to a previous view. Robbins further discloses panning from one region to another region. When the screen approaches the new region, the view zooms out to a degree similar to the initial focus of interest. See paragraphs 9, 75, 86 and figure 4.

However, these teachings of Robbins fail to teach, in response to detecting that the object is no longer on or near the touch screen display, translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion. Robbins neither provides alignment to the edges of screen nor teaches that the fourth portion is different than the

first portion. In fact, snapping back to the first region does not display a fourth portion different than the first portion. Furthermore, in panning from one region to another, as depicted in figure 4 and discussed in paragraph 75, Robbins is not concerned with the edge or area beyond the edge of the document. Robbins zooms into the second region based on a degree that was present in the initial focus of interest and is not related to the edge of the document.

Zimmerman discloses the features of "damped motion"; however, Zimmerman does not disclose in response to detecting that the object is no longer on or near the touch screen display, translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion.

Accordingly, each of Glimpse, Inside Out, Robbins, and Zimmerman, either singularly or in combination fail to teach or suggest, "in response to detecting that the object is no longer on or near the touch screen display, translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion".

4.    Claims 2-18 are considered to be patentable due to their dependency on claim 1.

APLPROS0000019630

Application/Control Number: 90/010,963 Page 6
Art Unit: 3992

5. Any comments considered necessary by PATENT OWNER regarding the above statement must be submitted promptly to avoid processing delays. Such submission by the patent owner should be labeled: "Comments on Statement of Reasons for Patentability and/or Confirmation" and will be placed in the reexamination file.

### Conclusion

6. The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No. 7,469,381 B2 throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

7. Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extension of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

Application/Control Number: 90/010,963 Page 7
Art Unit: 3992

8. All correspondence relating to this ex parte reexamination proceeding should be directed:

| | |
|---|---|
| By Mail to: | Mail Stop *Ex Parte* Reexam<br>Central Reexamination Unit<br>Commissioner for Patents<br>United States Patent & Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 |
| By FAX to: | (571) 273-9900<br>Central Reexamination Unit |
| By hand: | Customer Service Window<br>Randolph Building<br>401 Dulany Street<br>Alexandria, VA 22314 |

Any inquiry concerning this communication should be directed to Rachna Desai at telephone number 571-272-4099.

/Rachna S Desai/
Primary Examiner, Art Unit 3992

Conferee:                                                          Conferee:

JESSICA HARRISON
SUPERVISORY PATENT EXAMINER