HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL RE APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR SUMMARY JUDGMENT** |

1    In accordance with Civil Local Rules 7-11 and 79-5, and General Order No. 62, Apple Inc.
2  ("Apple") submits this motion for an order to seal the following documents or portions thereof:
3    1.    The confidential, unredacted version of the Declaration of Ravin Balakrishnan,
4  Ph.D. in Support of Apple's Opposition to Samsung's Motion for Summary Judgment;
5    2.    The confidential, unredacted version of the Declaration of Dr. Karan Singh, Ph.D.
6  in Support of Apple's Opposition to Samsung's Motion for Summary Judgment ("Singh
7  Declaration") and Exhibits 1, 2, and 8 thereto; and
8    3.    The Declaration of Terry L. Musika in Support of Apple's Opposition to
9  Samsung's Motion for Summary Judgment ("Musika Declaration") and Exhibits A through L
10 thereto.
11   Exhibit 1 to the Singh Declaration and Exhibits A-E, H, and I to the Musika Declaration
12 contain information that is highly confidential as set out in the Declaration of Cyndi Wheeler in
13 Support of Apple's Administrative Motion to File Documents Under Seal ("Wheeler
14 Declaration") (Dkt. No. 998).  It is Apple's policy not to disclose or describe to third parties its
15 confidential financial, design, trade secrets, or product development information.  (Wheeler
16 Declaration ¶ 11.)  The Apple-confidential material in these exhibits relate to such confidential
17 information, as detailed in the Wheeler Declaration.  (*Id*. ¶ 1-10.)  This information is highly
18 confidential to Apple and could be used by Apple's competitors to Apple's disadvantage if
19 disclosed publicly.  (*Id.* )  The relief requested in this motion is necessary and is narrowly tailored
20 to protect confidential information, focusing only on specific portions of the documents at issue.
21 (*Id.* ¶ 14.)
22   Exhibits 1, 2, and 8 to the Singh Declaration and Exhibits B, C, F-H and J-L to the Musika
23 Declaration contain materials that Samsung has designated as confidential under the protective
24 order entered in this case.  Apple expects that, pursuant to Civil Local Rule 79-5(d), Samsung will
25 file a declaration seeking to establish good cause to permit the sealing of these materials.  In
26 addition, the Musika Declaration and Exhibits A-L thereto contain highly confidential damages-
27
28

APPLE'S ADMIN. MOTION TO FILE UNDER SEAL RE OPP. TO SAMSUNG'S MOT. FOR SUMMARY JUDGMENT
CASE NO. 11-CV-01846-LHK
sf-3150843

1

related expert materials, which the parties have stipulated should be submitted to the Court under seal and not placed on the public record. (Wheeler Decl. ¶ 12.)

Finally, to the extent the above-referenced Declarations refer to or discuss the above-referenced confidential materials, or the confidential materials identified in the Wheeler Declaration, they could be used to Apple's disadvantage by competitors if they were not filed under seal, for the same reasons. (*Id.* ¶ 13.)

Pursuant to Civil Local Rule 79-(c), Apple will lodge with the Clerk the documents at issue with the sealable portions highlighted.

Dated: May 31, 2012                         MORRISON & FOERSTER LLP

                                            By:  */s/ Michael A. Jacobs*
                                                 MICHAEL A. JACOBS

                                            Attorneys for Plaintiff
                                            APPLE INC.