# Exhibit 1
# (Submitted Under Seal)

Apple v. Samsung
Confidential – Attorneys' Eyes Only

1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                                SAN JOSE DIVISION

11

12   APPLE INC., a California corporation,      | Case No.    11-cv-01846-LHK

13                 Plaintiff,                    | **EXPERT REPORT OF KARAN
                                                 | SINGH, PH.D. REGARDING
14        v.                                     | INFRINGEMENT OF U.S.
                                                 | PATENTS NOS. 7,864,163,
15   SAMSUNG ELECTRONICS CO., LTD., A           | 7,844,915 AND 7,853,891**
     Korean business entity; SAMSUNG
16   ELECTRONICS AMERICA, INC., a New York
     corporation; SAMSUNG
17   TELECOMMUNICATIONS AMERICA, LLC, a
     Delaware limited liability company,
18
                 Defendants.
19

20

21          **\*\*CONFIDENTIAL – CONTAINS MATERIAL DESIGNATED AS HIGHLY
               CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT
22                        TO A PROTECTIVE ORDER\*\***

23

24

25

26

27

28

Apple v. Samsung
Confidential – Attorneys' Eyes Only

1

2

3

4

5

6

7

8

9

10

11

12  **VI.    DETAILED OPINION REGARDING THE '915 PATENT**

13       **A.    Summary of the '915 Patent**

14       282.    The '915 patent is entitled "Application Programming Interfaces for Scrolling

15  Operations."  The application that resulted in the '915 Patent was filed on January 7, 2007.

16       283.    The '915 patent is generally directed to methods and apparatus for responding to

17  user inputs on a touch-sensitive display integrated with a device.  The asserted claims of the '915

18  patent recite methods and apparatus that distinguish between a single-input point that is

19  interpreted as a "scroll operation" and two or more input points that are interpreted as a "gesture

20  operation."

21       284.    The Background of the Disclosure section of the specification explains that various

22  devices such as electronic devices, computing systems, portable devices, and handheld devices

23  have software applications and application programming interfaces or "APIs" that interface

24  between the software applications and user interface software to provide a user of the device with

25  certain features and operations.  ['915 patent, col. 1:7-8, 33-37.]

26       285.    The specification further explains that various types of electronic devices, such as

27  portable devices and handheld devices, have a limited display size, user interface, software, API

28  interface and/or processing capability which limit the ease of use of the devices.  User interfaces

Apple v. Samsung
Confidential – Attorneys' Eyes Only

1  of devices implement APIs in order to provide requested functionality and features, such as

2  scrolling, selecting, gesturing, and animating operations for a display of the device.  The '915

3  patent explains that one issue with these user interfaces is that they can have difficulty

4  interpreting the various types of user inputs and providing the intended functionality associated

5  with the user inputs.  ['915 patent, col. 1:48-55.]

6          286.    The '915 patent proposes a method for responding to a user input of a device, such

7  as a portable electronic device (e.g., cellular phone, media player, multi-touch tablet device), in

8  order to implement and distinguish between various desired input operations for a user interface,

9  such as a scrolling operation and a multi-finger gesture operation.  ['915 patent, col. 6:20-60.]

10         287.    Figure 1 of the '915 patent illustrates one embodiment of a method for responding

11  to a user input of a data processing device that is covered by claims 1, 8 and 15.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Apple v. Samsung
Confidential – Attorneys' Eyes Only



**FIG. 1**

The method 100 begins by receiving a user input at block 102. ['915 patent, col. 6:32-34.] The user input may be from an input key, button, wheel, touch, or other means for interacting with the device. ['915 patent, col. 6:34-36.] The method 100 next creates an event object in response to the user input at block 104. ['915 patent, col. 6:36-37.] The method 100 determines whether the event object invokes a scroll or gesture operation at block 106. ['915 patent, col. 6:37-39.] The '915 patent explains, for example, that a single touch that drags a distance across a display of the device may be interpreted as a scroll operation, and that in one embodiment, a two or more finger

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

70

Apple v. Samsung
Confidential – Attorneys' Eyes Only

1   touch of the display may be interpreted as a gesture operation. ['915 patent, col. 6:39-41.]

2   Determining whether the event object invokes a scroll or gesture operation may also be based on

3   receiving a drag user input for a certain time period.  ['915 patent, col. 6:41-46.]  The method 100

4   next issues at least one scroll or gesture call based on invoking the scroll or gesture operation at

5   block 108.  ['915 patent, col. 6:46-48.]  If a scroll call is issued, the method 100 responds by

6   scrolling a window having a view (e.g., web, text, or image content) associated with the event

7   object based on an amount of a scroll with the scroll stopped at a predetermined position in

8   relation to the user input, as shown in block 110.  ['915 patent, col. 6:48-53.]  For example, an

9   input may end at a certain position on a display of the device, and the scrolling may continue until

10   reaching a predetermined position in relation to the last input received from the user.  ['915

11   patent, col. 6:53-56.]  Finally, at block 112, the method 100 responds to at least one gesture call,

12   if issued, by changing a view associated with the event object based on receiving a plurality of

13   input points in the form of the user input at block 112.  ['915 patent, col. 6:56-60.] Changing the

14   view may involve scaling the view associated with the event object by zooming in or zooming out

15   based on receiving the user input.  ['915 patent, col. 7:4-10.]

16       288.    Figures 6A-D illustrate the process of scrolling content on a display and

17   "rubberbanding" when a scrolling region exceeds a window edge.  ['915 patent, col. 8:61-67.]  As

18   the '915 patent explains, the user interface may display "a portion of a list of emails," as shown in

19   Fig. 6A.  ['915 patent, col. 9:13-14.]



**FIG. 6A**

289.   A user may scroll the list vertically (e.g., in the direction of arrow 3514) so that a different portion of the list is displayed, as shown in Fig. 6B.  ['915 patent, col. 9:10-27.]



**FIG. 6B**

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

72

If the user continues to scroll past the terminus of the list, then an area beyond the edge of the list may be displayed (area 3536), as illustrated in Fig. 6C. ['915 patent, col. 9:29-38.]



FIG. 6C

290.    Once the vertical swipe is complete, e.g. the user lifts his/her finger off of the touch screen display, the list scrolls back in the opposite direction until the area beyond the terminus of the list is no longer displayed, as illustrated in Fig. 6D. ['915 patent, col. 9:39-46.]

Apple v. Samsung
Confidential – Attorneys' Eyes Only

1

2

3

4

5

6

7

8

9

10

11

12



**FIG. 6D**

13

14   291.   Figures 16A-C illustrate the process of scaling (e.g., zooming) content on a display

15   in response to a multi-input point gesture.  ['915 patent, col. 13:37 – col. 14:24.]  As the '915

16   patent explains, in certain embodiments, a user input in the form of two or more input points (e.g.,

17   two fingers) moves together or apart to invoke a gesture event that performs a scaling transform

18   on the view associated with the user input.  ['915 patent, col. 13:37-40.]

19   292.   FIG. 16A illustrates a display 1604 of a device having a first scaling factor of a

20   view 1616. A user input (e.g., two fingers 1608 and 1610 moving toward each other) associated

21   with the view 1614 is interpreted as a gesture event to zoom in.  ['915 patent, col. 13:52-57.]

22

23

24

25

26

27

28

Apple v. Samsung
Confidential – Attorneys' Eyes Only



**FIG. 16A**

293.    The gesture operation zooms in from view 1614 to view 1664 having a second scale factor as illustrated in Figure 16B.  ['915 patent, col. 13:52-57.]  The dashed regions 1602 and 1650 represent the total area of the content with the only content being displayed in the display area 1604 and 1652.  ['915 patent, col. 13:57-59.]

Apple v. Samsung
Confidential – Attorneys' Eyes Only



**FIG. 16B**

294.     In performing the scaling transform from Figure 16A to Figure 16B in this embodiment, the center of the gesture event, center 1612 for Figure 16A and center 1660 for Figure 16B, remains in the same position with respect to the display 1604.  ['915 patent, col. 13:59-63.]  In the embodiment, the scroll indicator 1606 also shrinks to become scroll indicator 1654 during the transform to indicate that a smaller portion of the total content 1650 is being displayed on display 1604 as a result of the zoom in operation.  ['915 patent, col. 13:63-66.]   The dashed region 1650 is larger than the dashed region 1602 to represent that a larger portion of content is not being displayed on display 1652 in FIG. 16B as a result of the zoom in operation.  ['915 patent, col. 13:67 – col. 14:3.]  The '915 patent also teaches that in some embodiments, the

1    scale factor of a view can be reduced (e.g., from scale factor of 2X to 1X) by moving a pair of

2    input points (e.g., fingers) together.  ['915 patent, col. 14:4-24; Fig. 16C.]

3        **B.      Apple's Practice of the '915 Patent**

4        295.    My use of Apple's iPhone and iPad products, along with my review of related

5    materials detailing their operations, confirms that Apple's products practice the claims of the '915

6    patent.  It is readily apparent that Apple's products have touch-sensitive displays that permit

7    single-touch scrolling, with the amount of scrolling determined by the user input (with scroll-

8    indicators at the content edge of windows); multi-touch gestures such as pinch zooming, with the

9    direction and amount of zooming based on user input, or the rotation of a view based on user

10   input; and rubberbanding by a predetermined amount when scrolling exceeds a window edge.

11   ███  ████████████████████████████████████████

12   ████████████████████████████████████████████████████

13   ████████████████████████████████████████████████

14   ████████████████████████████████████████████████

15   ██████████████████████████████████████████████

16   ███████████████████████████████████████████████

17   █████████████████████████████████████████████████

18   ████████████████████████████████████████████

19   ██████████████████████████████████████████████████

20   █████████████████████████████████████████████████

21   ██████████████████████████████████████████████████

22   ██████████████████████████████████████████████████

23   ████████████████████████████████████████████████████

24   ███████████████████████████████

25       297.    The testimony of one of the inventors of the '915 patent confirms that Apple's

26   products practice the claims of the '915 patent.  At his deposition, Andrew Platzer confirmed that

27   Apple's products have touch-sensitive displays that permit rubberbanding, single-touch scrolling,

28   multi-touch gestures (including pinch-zoom or "scaling"), and create event objects in response to

1  user input.  (Platzer Depo. (Oct. 18, 2011) Tr. at 37, 45, 51, 70, 72, 80-81, 84-85, 96, 108, 112-13,

2  118.)

3      298.    Accordingly, it is my opinion that Apple's touch screen products practice the

4  asserted claims of the '915 patent, and their ordinary and intended use practices the asserted

5  method claims of the '915 patent.

6      **C.**    **Priority Date of the '915 Patent**

7      299.    I intend to rely upon the documentary evidence and testimony of the named

8  inventors of the '915 patent or other witnesses to testify regarding facts relevant to the conception

9  and reduction of to practice of the claimed invention prior to the filing date of the patent.

10      300.    I have reviewed the documentary evidence regarding the design and

11  implementation work done on the inventions claimed in the '915 patent, including the deposition

12  transcript of Andrew Platzer and Scott Herz, and source code.  (*See* Platzer Depo. Tr. (Oct. 18,

13  2011) at 118-120; Herz Depo. Tr. (Oct. 14, 2011) at 148.)  From that evidence, it appears that the

14  claims of the '915 patent were conceived no later than the summer and fall of 2005, and that the

15  asserted claims were wholly or substantially reduced to practice by the fall of 2005. ████

16  ████████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████

25  ████████████████

26      **D.**    **Samsung's Infringement of the '915 Patent**

27      301.    In the discussion that follows, I analyze whether certain Samsung products

28  embody the apparatus claims of the '915 patent and whether the ordinary and intended use of the

Samsung Accused Products would practice the method claims of the patent.  For purposes of this section of my Report, the "Samsung Accused Products" include all of the following Samsung products:  Acclaim, Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Fascinate, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G, Galaxy S II (including the i9100, T-Mobile, AT&T, Epic 4G Touch and Skyrocket variants), Galaxy S Showcase (i500), Galaxy Tab 7.0, Galaxy Tab 10.1, Gem, Gravity Smart, Indulge, Infuse 4G, Intercept, Mesmerize, Nexus S, Nexus S 4G, Replenish, Sidekick, Transform, and Vibrant.

302.    In performing this analysis I reviewed the '915 patent and its file history, tested the operation of these Samsung Accused Products, reviewed source code that Samsung produced prior to the March 8 fact discovery cutoff, and reviewed other materials described in this Report.  Because the Samsung source code is built upon the foundation of publicly-available Android code, I reviewed portions of that Android code and its accompanying documentation.  I have analyzed Samsung source code on at least one Accused Product representative of each major release of Android that appears on the Accused Products.  I reviewed source code that implements the accused functionalities of the '915 patent on, among other devices, the Samsung Captivate (Android 2.1), the Samsung Vibrant, (Android 2.2), the Samsung Galaxy S II (Android 2.3), and the Samsung Galaxy Tab 10.1 (Android 3.1).  I have compared portions of the relevant code on each of these devices to analogous code (where available) on other Accused Products running that version, as well as the publicly available version of each major Android release.

███████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████

303.    In the paragraphs that follow, I will set forth the claims of the '915 patent for which it is my opinion that Samsung Accused Products, or the ordinary and intended use of Samsung Accused Products, meets every limitation of the claim.

304.    By "ordinary and intended use" in this section of my Report, I mean actions that virtually every user of a Samsung Accused Product would perform when using the Accused

1    Product, and which Samsung encouraged and intended the user to perform.  For example,

2    manuals included with Samsung Accused Products instruct users to use a finger to scroll and two

3    or more fingers to zoom.  (*See, e.g.*, APLNDC-Y0000057563, APLNDC-Y0000058568-569,

4    APLNDC-Y0000060382, APLNDC-Y0000061404, APLNDC-Y0000065325.)  In addition, the

5    ordinary use of each Accused Device involves using one-finger scroll and two-finger zoom.

6    Accordingly, it is my opinion that all or virtually all users of the Samsung Accused products

7    would engage in direct infringement of the '915 patent.  Because Samsung encouraged and

8    intended this direct infringement by end users, it is my opinion that the Samsung defendants have

9    indirectly infringed the method claims of the '915 patent discussed below.

10    305.    Attached as Exhibits 16 and 17 are exemplary claim charts that illustrate the

11    infringement of the claims below by the Galaxy Tab 10.1 (Exhibit  16) and the Galaxy S II

12    (Exhibit 17).  Where source code is cited in the Galaxy S II claim chart (corresponding to

13    Android 2.3), reference is also made to analogous code in Android 2.2 (as exemplified by the

14    Samsung Vibrant) and Android 2.1 (as exemplified by the Samsung Captivate).

15    306.    **Claim 1**.  Claim 1 recites:

16
17    A machine implemented method for scrolling on a touch-sensitive
      display of a device comprising:

18    [a] receiving a user input, the user input is one or more input points
      applied to the touch-sensitive display that is integrated with the
19    device;

20    [b] creating an event object in response to the user input;

21    [c] determining whether the event object invokes a scroll or gesture
      operation by distinguishing between a single input point applied to
      the touch-sensitive display that is interpreted as the scroll operation
22    and two or more input points applied to the touch-sensitive display
      that are interpreted as the gesture operation;
23
24    [d] issuing at least one scroll or gesture call based on invoking the
      scroll or gesture operation;

25    [e] responding to at least one scroll call, if issued, by scrolling a
      window having a view associated with the event object based on an
26    amount of a scroll with the scroll stopped at a predetermined
      position in relation to the user input; and
27
28    [f] responding to at least one gesture call, if issued, by scaling the
      view associated with the event object based on receiving the two or

Apple v. Samsung
Confidential – Attorneys' Eyes Only

more input points in the form of the user input.

307.    In my opinion, each of the Accused Products meets each and every limitation of claim 1 of the '915 patent literally and, in the alternative, under the doctrine of equivalents, as explained below.  Videos of various Accused Products performing the limitations of this claim are included in Exhibit 18 (Galaxy Tab 10.1), Exhibit 19 (Galaxy S II), Exhibit 20 (Vibrant), and Exhibit 21 (Captivate).

308.    **Claim 1 – Preamble: "A machine implemented method for scrolling on a touch-sensitive display of a device comprising**."  Each of the Accused Products is either a smartphone or tablet running a version of the Android operating system.  Each '915 Accused Product, which includes a touch-sensitive display, performs a machine implemented method for scrolling on the touch-sensitive display.

309.    For example, the Galaxy Tab 10.1 includes a touch-sensitive display and performs a machine implemented method for scrolling on the touch-sensitive display.  Below is an illustration of the Galaxy Tab 10.1 scrolling an image on the touch-sensitive display:



(Scroll operation when one input point is applied.)

Expert Report of Dr. Karan Singh Regarding Infringement of the '163, '915 and '891 Patents
Case No. 11-cv-01846-LHK
sf-3123376

81

Apple v. Samsung
Confidential – Attorneys' Eyes Only



(Gesture operation when two or more input points are applied.)

310.    For example, the Galaxy S II includes a touch-sensitive display and performs a machine implemented method for scrolling on the touch-sensitive display.



(Scroll operation when one input point is applied.)

Apple v. Samsung
Confidential – Attorneys' Eyes Only



(Gesture operation when two or more input points are applied.)

Expert Report of Dr. Karan Singh Regarding Infringement of the '163, '915 and '891 Patents
Case No. 11-cv-01846-LHK
sf-3123376

83

311.    User manuals for Samsung products teach users how to scroll.  For example, the user manual for the Epic 4G includes the following description:



## Navigation and Customization

The Epic 4G™ is touch-sensitive, and this allows you to not only select an onscreen option with a single tap, but also scroll through long menu lists. Simply slide up and down through the display with your fingertip.

Tip:  Some menu options are also accessed by pressing and holding an onscreen item, such as a Contact entry from the Contacts tab.

## Getting Around Your Device

Move Around Your Device's Menus and Screens

- **Tap:** When you want to type using the onscreen keyboard, select items such as application and settings icons, or press onscreen buttons, simply tap them with your finger. A light touch works best.
- **Press and hold:** To open the available options for an item (for example, a link in a Web page), simply press and hold the item.
- **Flick:** Move your finger in lighter, quicker strokes than swiping. This finger gesture is always used in a vertical motion, such as when flicking through contacts or a message list.

- **Swipe or slide:** Quickly drag your finger vertically or horizontally across the screen.
- **Drag:** Press and hold your finger with some pressure before you start to move it. Do not release your finger until you have reached the target position.

Swipe, Slide or Drag                    Rotate

Pinch                    Spread

2A. Device Basics        27

312.    In the manual displayed above, a Swipe, Slide, or Drag, all of which invoke a scroll operation, are distinguished from a Pinch or Spread, which invoke a gesture operation.

313.    To the extent that the preamble is found to be a limitation and is not met literally, in my opinion it is met under the doctrine of equivalents because each of the Accused Products perform steps insubstantially different from scrolling on a touch-sensitive display of a device, and accomplishes the same function in the same way to achieve the same result.

314.    **Claim 1 – Element [a] "receiving a user input, the user input is one or more input points applied to the touch-sensitive display that is integrated with the device."**  In my opinion, each of the Accused Products performs this step of claim 1.

315.    The Accused Products receive a user input.  The user input includes one or more input points (one or more fingers) applied to the touch-sensitive display that is integrated with the Samsung device.

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

84

316.    For example, the Galaxy Tab 10.1 receives user a user input with one input point (one finger) applied to the touch-sensitive display as illustrated above.  I also note that the touch-sensitive display is integrated into the Galaxy Tab 10.1.

317.    For example, the Galaxy S II receives a user input with one input point (one finger) applied to the touch-sensitive display as shown above.  The touch-sensitive display is integrated into the Galaxy S II.

319.    To the extent that this limitation is not met literally, in my opinion it is met under the doctrine of equivalents because each of the Accused Products perform steps insubstantially different from machines receiving a user input, the user input is one or more input points applied to the touch-sensitive display that is integrated with the device, and accomplishes the same function in the same way to achieve the same result.

320.    **Claim 1 – Element [b] "creating an event object in response to the user input."**  In my opinion, each of the Accused Products performs this step of claim 1.

321.    Each of the Accused Products, via the Android platform on which they operate, creates an event object in response to the user input.

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

85

Apple v. Samsung
Confidential – Attorneys' Eyes Only

326.     To the extent that this limitation is not met literally, in my opinion it is met under the doctrine of equivalents because each of the Accused Products perform steps insubstantially different from creating an event object in response to the user input, and accomplishes the same function in the same way to achieve the same result.

327.     **Claim 1 – Element [c]: "determining whether the event object invokes a scroll or gesture operation by distinguishing between a single input point applied to the touch-sensitive display that is interpreted as the scroll operation and two or more input points applied to the touch-sensitive display that are interpreted as the gesture operation"** In my opinion, each of the Accused Products performs this step of claim 1.

328.     The Accused Products determine whether an event object invokes a scroll or gesture operation by distinguishing between a single input point (one finger) applied to the touch-sensitive display that is interpreted as the scroll operation and two or more input points (more than one finger) applied to the touch-sensitive display that are interpreted as the gesture operation.

329.     For example, the Galaxy Tab 10.1 tablet distinguishes between a scroll operation when one finger is applied to the touch-sensitive display and a gesture operation when two or more fingers are applied to the touch-sensitive display.

Apple v. Samsung
Confidential – Attorneys' Eyes Only



(Scroll operation when one input point is applied.)



(Gesture operation when two or more input points are applied.)

330.    For example, the Galaxy S II phone distinguishes between a scroll operation when one finger is applied to the touch-sensitive display and a gesture operation when two or more fingers are applied to the touch-sensitive display, as illustrated below:

Apple v. Samsung
Confidential – Attorneys' Eyes Only

1
2
3
4
5
6
7
8
9




(Scroll operation when one input point is applied.)

10
11
12
13
14
15
16
17
18
19




(Gesture operation when two or more input points are applied.)

20
21
22
23
24
25
26
27
28

Expert Report of Dr. Karan Singh Regarding Infringement of the '163, '915 and '891 Patents
Case No. 11-cv-01846-LHK
sf-3123376

88

Apple v. Samsung
Confidential – Attorneys' Eyes Only

333.   To the extent that this limitation is not met literally, in my opinion it is met under the doctrine of equivalents because each of the Accused Products perform steps insubstantially different from determining whether the event object invokes a scroll or gesture operation by distinguishing between a single input point applied to the touch-sensitive display that is interpreted as the scroll operation and two or more input points applied to the touch-sensitive display that are interpreted as the gesture operation, and accomplishes the same function in the same way to achieve the same result.

334.   **Claim 1 – Element [d]: "issuing at least one scroll or gesture call based on invoking the scroll or gesture operation."**  Each of the Accused Products issues a scroll call or a gesture call based on invoking the scroll or gesture operation.

335.   For example, as illustrated below, the Galaxy 10.1 tablet issues a scroll call when the scroll operation is invoked.   Alternatively, the tablet issues a gesture call when the gesture operation is invoked.

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

89

Apple v. Samsung
Confidential – Attorneys' Eyes Only



(Scroll call when scroll operation is invoked.)



(Gesture call (scaling) when gesture operation is invoked.)

336.    For example, the Galaxy S 2 phone issues a scroll call when the scroll operation is invoked.

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

90

Apple v. Samsung
Confidential – Attorneys' Eyes Only



(Scroll operation when one input point is applied.)

337.    The phone issues a gesture call when the gesture operation is invoked.



(Gesture operation when two or more input points are applied.)

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

91

340.    To the extent that this limitation is not met literally, in my opinion it is met under the doctrine of equivalents because each of the Accused Products perform steps insubstantially different from issuing at least one scroll or gesture call based on invoking the scroll or gesture operation, and accomplishes the same function in the same way to achieve the same result.

341.    **Claim 1 – Element [e] "responding to at least one scroll call, if issued, by scrolling a window having a view associated with the event object based on an amount of a scroll with the scroll stopped at a predetermined position in relation to the user input."** Each of the Accused Products responds to a scroll call, if issued, by scrolling a window having a view associated with the event object based on an amount of a scroll with the scroll stopped at a predetermined position in relation to the user input.

Expert Report of Dr. Karan Singh Regarding Infringement of the '163, '915 and '891 Patents
Case No. 11-cv-01846-LHK
sf-3123376

92

Apple v. Samsung
Confidential – Attorneys' Eyes Only

 

(Screenshot of the Samsung Galaxy Tab 10.1 scrolling an image.)

 

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

93

Apple v. Samsung
Confidential – Attorneys' Eyes Only



Expert Report of Dr. Karan Singh Regarding Infringement of the '163, '915 and '891 Patents
Case No. 11-cv-01846-LHK
sf-3123376

94

Apple v. Samsung
Confidential – Attorneys' Eyes Only

349. To the extent that this limitation is not met literally, in my opinion it is met under the doctrine of equivalents because each of the Accused Products perform steps insubstantially different from responding to at least one scroll call, if issued, by scrolling a window having a view associated with the event object based on an amount of a scroll with the scroll stopped at a predetermined position in relation to the user input, and accomplishes the same function in the same way to achieve the same result.

350. **Claim 1 – Element [f] "responding to at least one gesture call, if issued, by scaling the view associated with the event object based on receiving the two or more input points in the form of the user input."** Each of the Accused Products responds to a gesture call, if issued, by calling the view associated with the event object based on receiving the two or more input points in the form of the user input.

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

95

Apple v. Samsung
Confidential – Attorneys' Eyes Only



(Screenshot of the Samsung Galaxy Tab 10.1 scaling an image.)

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

96

Apple v. Samsung
Confidential – Attorneys' Eyes Only



EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

97

355.    To the extent that this limitation is not met literally, in my opinion it is met under the doctrine of equivalents because each of the Accused Products perform steps insubstantially different from responding to at least one gesture call, if issued, by scaling the view associated with the event object based on receiving the two or more input points in the form of the user input, and accomplishes the same function in the same way to achieve the same result.

356.    **Claim 2.**  Claim 2 recites:

The method as in claim 1, further comprising:

rubberbanding a scrolling region displayed within the window by a predetermined maximum displacement when the scrolling region exceeds a window edge based on the scroll.

357.    The following Accused Products infringe claim 1 and also rubberband a scrolling region displayed within the window by a predetermined maximum displacement when the scrolling region exceeds a window edge based on the scroll:  Exhibit 4G; Galaxy Ace; Galaxy S II (i9100, AT&T, and Epic 4G Touch variants); Galaxy Tab 7.0; Galaxy Tab 10.1; and Gravity Smart.

358.    For example, the Samsung Galaxy Tab 10.1 rubberbands a scrolling region displayed within the window by a predetermined maximum displacement when the scrolling region exceeds a window edge based on the scroll, as illustrated below.

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

98






(Screenshots of the Samsung Galaxy Tab 10.1 rubberbanding upon dragging an image.)

[REDACTED]

360.    To the extent that this limitation is not met literally, in my opinion it is met under the doctrine of equivalents because each of the Accused Products perform steps insubstantially different from rubberbanding a scrolling region displayed within the window by a predetermined maximum displacement when the scrolling region exceeds a window edge based on the scroll, and accomplishes the same function in the same way to achieve the same result.

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

99

Apple v. Samsung
Confidential – Attorneys' Eyes Only

361.    **Claim 3.**  Claim 3 recites:

The method as in claim 1, further comprising:

attaching scroll indicators to a content edge of the window.

362.    The following Accused Products attach scroll indicators to a content edge of the window:  Acclaim, Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Fascinate, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G, Galaxy S II (including its T-Mobile, AT&T, Epic 4G Touch and AT&T Skyrocket versions), Galaxy S Showcase (i500), Galaxy Tab 7.0, Galaxy Tab 10.1, Gem, Gravity Smart, Indulge, Infuse 4G, Intercept, Mesmerize, Nexus S, Nexus S 4G, Replenish, Sidekick, Transform, and Vibrant.  The videos in Exhibits 18 through 21 show the Galaxy Tab 10.1, the Galaxy S II, the Vibrant, and the Captivate attaching scroll indicators to a content edge of the window.

363.    For example, the Galaxy Tab 10.1 attaches scroll indicators to the content edge of the window, as illustrated below.



Content edge
of the window

Scroll indicator

Apple v. Samsung
Confidential – Attorneys' Eyes Only

364.    For example, the Galaxy S II attaches scroll indicators to the content edge of the window, as illustrated below.



Scroll indicator

Content edge of the window

365.    To the extent that this limitation is not met literally, in my opinion it is met under the doctrine of equivalents because each of the Accused Products perform steps insubstantially different from attaching scroll indicators to a content edge of the window, and accomplishes the same function in the same way to achieve the same result.

366.    **Claim 4.**  Claim 4 of the '915 Patent recites:

The method as in claim 1, further comprising:

attaching scroll indicators to the window edge.

367.    The following Accused Products attach scroll indicators to the window edge:

Acclaim, Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Fascinate, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G, Galaxy S II, (including its T-Mobile, AT&T,

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

101

Apple v. Samsung
Confidential – Attorneys' Eyes Only

Epic 4G Touch and AT&T Skyrocket versions), Galaxy S Showcase (i500), Galaxy Tab 7.0,

Galaxy Tab 10.1, Gem, Gravity Smart, Indulge, Infuse 4G, Intercept, Mesmerize, Nexus S, Nexus

S 4G, Replenish, Sidekick, Transform, and Vibrant.  The videos in Exhibits 18 through 21 show

the Galaxy Tab 10.1, the Galaxy S II, the Vibrant, and the Captivate attaching scroll indicators to

the window edge.

368.    For example, the Galaxy Tab 10.1 attaches scroll indicators to the window edge, as

illustrated below:



(Screenshot of the Samsung Galaxy Tab 10.1 attaching a scroll indicator to the window edge.)

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

102

Apple v. Samsung
Confidential – Attorneys' Eyes Only

369.     For example, the Galaxy S II attaches scroll indicators to the window edge, as illustrated below.



370.     To the extent that this limitation is not met literally, in my opinion it is met under the doctrine of equivalents because each of the Accused Products perform steps insubstantially different from attaching scroll indicators to the window edge, and accomplishes the same function in the same way to achieve the same result.

371.     **Claim 5.**  Claim 5 of the '915 Patent recites:

> The method as in claim 1, wherein determining whether the event object invokes a scroll or gesture operation is based on receiving a drag user input for a certain time period.

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

103

375.    To the extent that this limitation is not met literally, in my opinion it is met under the doctrine of equivalents because each of the Accused Products perform steps insubstantially different from invoking a scroll or gesture operation is based on receiving a drag user input for a certain time period, and accomplishes the same function in the same way to achieve the same result.

376.    **Claim 6.**  Claim 6 recites:

The method as in claim 1, further comprising:

responding to at least one gesture call, if issued, by rotating a view associated with the event object based on receiving a plurality of input points in the form of the user input.

377.    The following Accused Products respond to at least one gesture call, if issued, by rotating a view associated with the event object based on receiving a plurality of input points in the form of the user input: Galaxy S II (including its Epic 4G Touch and AT&T Skyrocket versions), Galaxy Tab 10.1, Nexus S, and Nexus S 4G.  A video of the Galaxy Tab 10.1 performing the limitations of this claim is attached as Exhibit 22, and a video of the Galaxy S II performing the limitations of this claim is attached as Exhibit 23.

378.    For example, the Galaxy Tab 10.1 responds to at least one gesture call, if issued, by rotating a view associated with the event object based on receiving a plurality of input points (plurality of fingers) in the form of the user input.

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

104

Apple v. Samsung
Confidential – Attorneys' Eyes Only

 

379.    For example, the Galaxy S II responds to at least one gesture call, if issued, by rotating a view associated with the event object based on receiving a plurality of input points (plurality of fingers) in the form of the user input.

 

380.    To the extent that this limitation is not met literally, in my opinion it is met under the doctrine of equivalents because each of the Accused Products perform steps insubstantially different from responding to at least one gesture call, if issued, by rotating a view associated with the event object based on receiving a plurality of input points in the form of the user input, and accomplishes the same function in the same way to achieve the same result.

381.    **Claim 7.**  Claim 7 recites:

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

105

The method as in claim 1, wherein the device is one of:  a data processing device, a portable device, a portable data processing device, a multi touch device, a multi touch portable device, a wireless device, and a cell phone.

382.   Each of the Accused Products is a portable data processing device, a multi touch device, a multi touch portable device, a wireless device, and a cell phone.

383.   To the extent that this limitation is not met literally, in my opinion it is met under the doctrine of equivalents because each of the Accused Products is insubstantially different from a multi touch portable device, and accomplishes the same function in the same way to achieve the same result.

384.   **Claim 8.**  Claim 8 recites:

A machine readable storage medium storing executable program instructions which when executed cause a data processing system to perform a method comprising:

[a] receiving a user input, the user input is one or more input points applied to a touch-sensitive display that is integrated with the data processing system;

[b] creating an event object in response to the user input;

[c] determining whether the event object invokes a scroll or gesture operation by distinguishing between a single input point applied to the touch-sensitive display that is interpreted as the scroll operation and two or more input points applied to the touch-sensitive display that are interpreted as the gesture operation

[d] issuing at least one scroll or gesture call based on invoking the scroll or gesture operation;

[e] responding to at least one scroll call, if issued, by scrolling a window having a view associated with the event object;

[f] responding to at least one gesture call, if issued, by scaling the view associated with the event object based on receiving the two or more input points in the form of the user input.

385.   **Claim 8 – Preamble "A machine readable storage medium storing executable program instructions which when executed cause a data processing system to perform a method comprising."**  Each of the Accused Products is either a smartphone or tablet running a version of the Android operating system, which includes a data processing system.  Each '915 Accused Product includes a computer readable storage medium storing executable program

instructions which when executed cause the data processing system to perform the method described in claim 8.

386.     **Claim 8 – Element [a] "receiving a user input, the user input is one or more input points applied to a touch-sensitive display that is integrated with the data processing system."**  In my opinion, each of the Accused Products includes a machine readable storage medium storing executable program instructions which when executed cause a data processing system to receive a user input, where the user input is one or more input points applied to a touch-sensitive display that is integrated with the data processing system, for the same reasons as explained with respect to claim 1, above.

387.     **Claim 8 – Element [b] "creating an event object in response to the user input."**  In my opinion, each of the Accused Products includes a machine readable storage medium storing executable program instructions which when executed cause a data processing system to create an event object in response to the user input, for the same reasons as explained with respect to claim 1.

388.     **Claim 8 – Element [c] "determining whether the event object invokes a scroll or gesture operation by distinguishing between a single input point applied to the touch-sensitive display that is interpreted as the scroll operation and two or more input points applied to the touch-sensitive display that are interpreted as the gesture operation."**  In my opinion, each of the Accused Products includes a machine readable storage medium storing executable program instructions which when executed cause a data processing system to determine whether the event object invokes a scroll or gesture operation by distinguishing between a single input point applied to the touch-sensitive display that is interpreted as the scroll operation and two or more input points applied to the touch-sensitive display that are interpreted as the gesture operation, for the same reasons as explained with respect to claim 1.

389.     **Claim 8 – Element [d] "issuing at least one scroll or gesture call based on invoking the scroll or gesture operation."**  In my opinion, each of the Accused Products includes a machine readable storage medium storing executable program instructions which when

Apple v. Samsung
Confidential – Attorneys' Eyes Only

executed cause a data processing system to issue at least one scroll or gesture call based on invoking the scroll or gesture operation, for the same reasons as explained with respect to claim 1.

390.    **Claim 8 – Element [e] "responding to at least one scroll call, if issued, by scrolling a window having a view associated with the event object."**   In my opinion, each of the Accused Products includes a machine readable storage medium storing executable program instructions which when executed cause a data processing system to respond to at least one scroll call, if issued, by scrolling a window having a view associated with the event object.






(Screenshot of the Samsung Galaxy Tab 10.1 scrolling an image.)

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

108

Apple v. Samsung
Confidential – Attorneys' Eyes Only



EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

109

Apple v. Samsung
Confidential – Attorneys' Eyes Only

397.     To the extent that this limitation is not met literally, in my opinion it is met under the doctrine of equivalents because each of the Accused Products perform steps insubstantially different from responding to at least one scroll call, if issued, by scrolling a window having a view associated with the event object, and accomplishes the same function in the same way to achieve the same result.

398.     **Claim 8 – Element [f] "responding to at least one gesture call, if issued, by scaling the view associated with the event object based on receiving the two or more input points in the form of the user input."**  In my opinion, each of the Accused Products includes a machine readable storage medium storing executable program instructions which when executed cause a data processing system to respond to at least one gesture call, if issued, by scaling the view associated with the event object based on receiving the two or more input points in the form of the user input, for the same reasons as explained with respect to claim 1.

399.     **Claim 9.**  Claim 9 recites:

The medium as in claim 8, further comprising:

rubberbanding a scrolling region displayed within the window by a predetermined maximum displacement when the scrolled region exceeds a window edge based on the scroll.

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

110

400.    Claim 9 claims the media as in claim 8 and adds a limitation analogous to dependent claim 2 requiring "rubberbanding."  Accordingly, the same Accused Products discussed in connection with claim 2 infringe claim 8 for the reasons discussed in connection with claim 2.

401.    **Claim 10.**  Claim 10 recites:

The medium as in claim 8, further comprising:

attaching scroll indicators to a content edge of the view.

402.    Claim 10 claims the media as in claim 8 and adds a limitation analogous to dependent claim 3 requiring "attaching scroll indicators to a content edge of the view." Accordingly, the same Accused Products discussed in connection with claim 3 infringe claim 9 for the reasons discussed in connection with claim 3.

403.    **Claim 11.**  Claim 11 recites:

The medium as in claim 8, further comprising:

attaching scroll indicators to a window edge of the view.

404.    Claim 11 claims the media as in claim 8 and adds a limitation analogous to dependent claim 4 requiring "attaching scroll indicators to a window edge of the view." Accordingly, the Accused Products discussed in connection with claim 4 infringe claim 10 for the reasons discussed in connection with claim 4.

405.    **Claim 12.**  Claim 12 recites:

The medium as in claim 8, wherein determining whether the event object invokes a scroll or gesture operation is based on receiving a drag user input for a certain time period.

406.    Claim 12 claims the media as in claim 8 and adds a limitation analogous to dependent claim 5 wherein "determining whether the event object invokes a scroll or gesture operation is based on receiving a drag user input for a certain time period."  Accordingly, the Accused Products discussed in connection with claim 5 infringe claim 12 for the reasons discussed in connection with claim 5.

407.    **Claim 13.**  Claim 13 recites:

The medium as in claim 8, further comprising:

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

111

Responding to at least one gesture call, if issued, by rotating a view associated with the event object based on receiving a plurality of input points in the form of the user input.

408.   Claim 13 claims the media as in claim 8 and adds a limitation analogous to dependent claim 6 further comprising "responding to at least one gesture call, if issued, by rotating a view associated with the event object based on receiving a plurality of input points in the form of the user input."  Accordingly, the Accused Products discussed in connection with claim 6 infringe claim 13 for the reasons discussed in connection with claim 6.

409.   **Claim 14.**  Claim 14 recites:

The medium as in claim 8, wherein the data processing system is one of:  a data processing device, a portable device, a portable data processing device, a multi touch device, a multi touch portable device, a wireless device, and a cell phone.

410.   Claim 14 claims the media as in claim 8 and adds a limitation analogous to dependent claim 7 wherein the data processing system may be a "multi touch portable device." Accordingly, the Accused Products discussed in connection with claim 7 infringe claim 14 for the reasons discussed in connection with claim 7.

411.   **Claim 15.**  Claim 15 recites:

An apparatus, comprising:

[a] means for receiving, through a hardware device, a user input on a touch-sensitive display of the apparatus, the user input is one or more input points applied to the touch-sensitive display that is integrated with the apparatus;

[b] means for creating an event object in response to the user input;

[c] means for determining whether the event object invokes a scroll or gesture operation by distinguishing between a single input point applied to the touch-sensitive display that is interpreted as the scroll operation and two or more input points applied to the touch-sensitive display that are interpreted as the gesture operation;

[d] means for issuing at least one scroll or gesture call based on invoking the scroll or gesture operation;

[e] means for responding to at least one scroll call, if issued, by scrolling a window having a view associated with the event object; and

[f] means for responding to at least one gesture call, if issued, by scaling the view associated with the event object based on receiving

the two or more input points in the form of the user input.

412.    **Claim 15 – Preamble "An apparatus, comprising:"**  Claim 15 is directed to an apparatus.  Each of the Accused Products is an apparatus.

413.    **Claim 15 – element [a] "means for receiving, through a hardware device, a user input on a touch-sensitive display of the apparatus, the user input is one or more input points applied to the touch-sensitive display that is integrated with the apparatus."**  I have been informed that the limitation "means for receiving, through a hardware device, a user input on a touch-sensitive display of the apparatus" is in "means plus function" form and is governed by section 112.6.  The function is receiving, through a hardware device, a user input on a touch-sensitive display of the apparatus.  The corresponding structure is one or more special or general purpose processors programmed with special-purpose software to execute an algorithm, the special-purpose software including computer instructions for receiving, through a hardware device, a user input on a touch-sensitive display of the apparatus.

414.    As discussed above, each of the Accused Products includes a processor programmed to execute an algorithm to receive, through a touch screen, a user input.  The Accused Products perform the claimed function in manner equivalent to the manner described in the specification.  *See*, *e.g.*, '915 Patent at 1:59-67, 2:37-42, 4:29-6:32, 6:33-36, 12:19-13:40, 21:10-56, 22:5-16, 22:42-48; FIGS. 1, 13, 14, 32, and 33A-C.

415.    Claim 15 element [a] also requires that the user input is one or more input points applied to the touch-sensitive display that is integrated with the apparatus.  As explained above, each of the Accused Products receives user input in the form of one or more inputs points applied to the touch-sensitive display integrated with the apparatus.

416.    **Claim 15 – element [b] "means for creating an event object in response to the user input."**  I have been informed that this limitation is in "means plus function" form and is governed by section 112.6.  The function is creating an event object in response to the user input.  The corresponding structure is one or more special or general purpose processors programmed

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

113

1  with special-purpose software to execute an algorithm, the special-purpose software including

2  computer instructions for creating an event object in response to the user input.

3      417.    As discussed above, each of the Accused Products includes a processor

4  programmed to execute an algorithm for creating an event object in response to the user input.

5  The Accused Products perform the claimed function in manner equivalent to the manner

6  described in the specification.  *See, e.g.*, '915 Patent at 1:59-67, 2:37-42, 4:29-6:37, 12:30-32,

7  21:10-56, 22:5-16, 22:42-48; FIGS. 1, 13, 32, and 33A-C.

8      418.    **Claim 15 – element [c] "means for determining whether the event object**

9  **invokes a scroll or gesture operation by distinguishing between a single input point applied**

10  **to the touch-sensitive display that is interpreted as the scroll operation and two or more**

11  **input points applied to the touch-sensitive display that are interpreted as the gesture**

12  **operation."**  I have been informed that this limitation is in "means plus function" form and is

13  governed by section 112.6.  The function is determining whether the event object invokes a scroll

14  or gesture operation by distinguishing between a single input point applied to the touch-sensitive

15  display that is interpreted as the scroll operation and two or more input points applied to the

16  touch-sensitive display that are interpreted as the gesture operation.  The corresponding structure

17  is one or more special or general purpose processors programmed with special-purpose software

18  to execute an algorithm, the special-purpose software including computer instructions for

19  determining whether the event object invokes a scroll or gesture operation by distinguishing

20  between a single input point applied to the touch-sensitive display that is interpreted as the scroll

21  operation and two or more input points applied to the touch-sensitive display that are interpreted

22  as the gesture operation.

23      419.    As discussed above, each of the Accused Products includes a processor

24  programmed to execute an algorithm for determining whether the event object invokes a scroll or

25  gesture operation by distinguishing between a single input point applied to the touch-sensitive

26  display that is interpreted as the scroll operation and two or more input points applied to the

27  touch-sensitive display that are interpreted as the gesture operation.  The Accused Products

28  perform the claimed function in manner equivalent to the manner described in the specification.

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

114

1    *See*, *e.g.*, '915 Patent at 1:59-67, 2:22-29, 2:37-42, 4:29-6:32, 6:37-48, 6:57-60, 9:61-11:13,

2    12:19-14:40, 21:10-56, 22:5-16, 22:42-48; FIGS. 1, 7-10, 13, 14, 32, and 33A-C.

3    420. **Claim 15 – element [d] "means for issuing at least one scroll or gesture call**

4    **based on invoking the scroll or gesture operation."** I have been informed that this limitation is

5    in "means plus function" form and is governed by section 112.6. The function is issuing at least

6    one scroll or gesture call based on invoking the scroll or gesture operation. The corresponding

7    structure is one or more special or general purpose processors programmed with special-purpose

8    software to execute an algorithm, the special-purpose software including computer instructions

9    for issuing at least one scroll or gesture call based on invoking the scroll or gesture operation.

10   421. As discussed above, each of the Accused Products includes a processor

11   programmed to execute an algorithm for issuing at least one scroll or gesture call based on

12   invoking the scroll or gesture operation. The Accused Products perform the claimed function in

13   manner equivalent to the manner described in the specification. *See*, *e.g.*, '915 Patent at 1:59-67,

14   2:22-29, 2:37-42, 4:29-6:32, 6:46-48, 9:61-11:13, 12:19-28, 12:34-37, 13:21-50, 21:10-56, 22:5-

15   16, 22:42-48; FIGS. 1, 7-10, 13, 14, 32, and 33A-C.

16   422. **Claim 15 – element [e] "means for responding to at least one scroll call, if**

17   **issued, by scrolling a window having a view associated with the event object."** I have been

18   informed that this limitation is in "means plus function" form and is governed by section 112.6.

19   The function is responding to at least one scroll call, if issued, by scrolling a window having a

20   view associated with the event object. The corresponding structure is a display coupled with one

21   or more special or general purpose processors programmed with special-purpose software to

22   execute an algorithm, the special-purpose software including computer instructions for

23   responding to at least one scroll call, if issued, by scrolling a window having a view associated

24   with the event object.

25   423. As discussed above, each of the Accused Products includes a display and a

26   processor programmed to execute an algorithm for responding to at least one scroll call, if issued,

27   by scrolling a window having a view associated with the event object. The Accused Products

28   perform the claimed function in manner equivalent to the manner described in the specification.

1  *See*, *e.g.*, '915 Patent at 1:59-67, 2:37-42, 4:29-6:32, 6:46-56, 8:4-25, 9:61-11:13, 18:25-19:61,

2  20:50-21:56, 22:5-16, 22:42-48; FIGS. 1, 4, 7-10, 28, 29, 30A-B, 32, and 33A-C.

3      424.    **Claim 15 – element [f] "means for responding to at least one gesture call, if**

4  **issued, by scaling the view associated with the event object based on receiving the two or**

5  **more input points in the form of the user input."**  I have been informed that this limitation is in

6  "means plus function" form and is governed by section 112.6.  The function is responding to at

7  least one gesture call, if issued, by scaling the view associated with the event object based on

8  receiving the two or more input points in the form of the user input.  The corresponding structure

9  is a display coupled with one or more special or general purpose processors programmed with

10  special-purpose software to execute an algorithm, the special-purpose software including

11  computer instructions for responding to at least one gesture call, if issued, by scaling the view

12  associated with the event object based on receiving the two or more input points in the form of

13  the user input.

14      425.    As discussed above, each of the Accused Products includes a display and a

15  processor programmed to execute an algorithm for responding to at least one gesture call, if

16  issued, by scaling the view associated with the event object based on receiving the two or more

17  input points in the form of the user input.  The Accused Products perform the claimed function in

18  manner equivalent to the manner described in the specification.  *See*, *e.g.*, '915 Patent at 1:59-67,

19  2:22-29, 2:37-42, 4:29-6:32, 6:57-60, 8:4-25, 12:19-14:40, 18:25-19:61, 20:50-21:56, 22:5-16,

20  22:42-48; FIGS. 1, 4, 13-15, 16A-C, 28-29, 30A-B, 32, and 33A-C.

21      426.    In summary, in my opinion each of the Accused Products is an apparatus that

22  practices Claim 15.  To the extent that this claim is not met literally, in my opinion it is met under

23  the doctrine of equivalents because each of the Accused Products accomplishes the same function

24  in the same way to achieve the same result.

25      427.    **Claim 16.**  Claim 16 recites:

26          The apparatus as in claim 15, further comprising: means for
            rubberbanding a scrolling region displayed within the window by a
27          predetermined maximum displacement when the scrolling region
            exceeds a window edge based on the scroll.

28

428.    Claim 16 claims the apparatus as in claim 15 and adds a limitation analogous to dependent claim 2 further comprising "means for rubberbanding a scrolling region displayed within the window by a predetermined maximum displacement when the scrolling region exceeds a window edge based on the scroll."  Accordingly, the Accused Products discussed in connection with claim 2 infringe claim 16 for the reasons discussed in connection with claim 2.

429.    I have been informed that this limitation is in "means plus function" form and is governed by section 112.6.  The function is rubberbanding a scrolling region displayed within the window by a predetermined maximum displacement when the scrolling region exceeds a window edge based on the scroll.  The corresponding structure is a display coupled with one or more special or general purpose processors programmed with special-purpose software to execute an algorithm, the special-purpose software including computer instructions for rubberbanding a scrolling region displayed within the window by a predetermined maximum displacement when the scrolling region exceeds a window edge based on the scroll.

430.    As discussed above, each of the above-listed products includes a display and a processor programmed to execute an algorithm for rubberbanding a scrolling region displayed within the window by a predetermined maximum displacement when the scrolling region exceeds a window edge based on the scroll.  The above-listed products perform the claimed function in manner equivalent to the manner described in the specification.  *See, e.g.*, '915 Patent at 1:59-67, 2:11-21, 2:37-42, 4:29-6:32, 7:46-8:3-25, 8:61-9:60, 18:25-19:61, 20:50-21:56, 22:5-16, 22:21-26, 22:42-48, 22:53-58; FIGS. 1, 3, 4, 6A-D, 28, 29, 30A-B, 32, and 33A-C.

431.    In summary, in my opinion each of the above-listed products is an apparatus that practices Claim 16.  To the extent that this claim is not met literally, in my opinion it is met under the doctrine of equivalents because each of the above-listed products accomplishes the same function in the same way to achieve the same result.

432.    **Claim 17.**  Claim 17 recites:

> The apparatus as in claim 15, further comprising: means for attaching scroll indicators to a content edge of the window.

433.    Claim 17 claims the apparatus in claim 15 and adds a limitation analogous to dependent claim 3 further comprising "means for attaching scroll in indicators to a content edge of the window."  Accordingly, the Accused Products discussed in connection with claim 3 infringe claim 17 for the reasons discussed in connection with claim 3.

434.    I have been informed that this limitation is in "means plus function" form and is governed by section 112.6.  The function is attaching scroll indicators to a content edge of the window.  The corresponding structure is a display coupled with one or more special or general purpose processors programmed with special-purpose software to execute an algorithm, the special-purpose software including computer instructions for attaching scroll indicators to a content edge of the window.

435.    As discussed above, each of the above-listed products includes a display and a processor programmed to execute an algorithm for attaching scroll indicators to a content edge of the window.  The above-listed products perform the claimed function in manner equivalent to the manner described in the specification.  *See, e.g.*, '915 Patent at 1:59-67, 2:11-21, 2:37-42, 4:29-6:32, 7:46-8:3-25, 8:61-9:60, 18:25-19:61, 20:50-21:56, 22:5-16, 22:21-26, 22:42-48, 22:53-58; FIGS. 1, 3, 4, 6A-D, 28, 29, 30A-B, 32, and 33A-C.

436.    In summary, in my opinion each of the above-listed products is an apparatus that practices Claim 17.  To the extent that this claim is not met literally, in my opinion it is met under the doctrine of equivalents because each of the above-listed products accomplishes the same function in the same way to achieve the same result.

437.    **Claim 18.**  Claim 18 recites:

> The apparatus as in claim 15, further comprising: means for attaching scroll indicators to the window edge.

438.    Claim 18 claims the apparatus in claim 15 and adds a limitation analogous to dependent claim 4 further comprising "means for attaching scroll indicators to the window edge." Accordingly, the Accused Products discussed in connection with claim 4 infringe claim 18 for the reasons discussed in connection with claim 4.

439.    I have been informed that this limitation is in "means plus function" form and is governed by section 112.6.  The function is attaching scroll indicators to the window edge.  The corresponding structure is a display coupled with one or more special or general purpose processors programmed with special-purpose software to execute an algorithm, the special-purpose software including computer instructions for attaching scroll indicators to the window edge.

440.    As discussed above, each of the above-listed products includes a display and a processor programmed to execute an algorithm for attaching scroll indicators to the window edge.  The above-listed products perform the claimed function in manner equivalent to the manner described in the specification.  *See, e.g.,* '915 Patent at 1:59-67, 2:11-21, 2:37-42, 4:29-6:32, 7:46-8:3-25, 8:61-9:60, 18:25-19:61, 20:50-21:56, 22:5-16, 22:21-26, 22:42-48, 22:53-58; FIGS. 1, 3, 4, 6A-D, 28, 29, 30A-B, 32, and 33A-C.

441.    In summary, in my opinion each of the above-listed products is an apparatus that practices Claim 18.  To the extent that this claim is not met literally, in my opinion it is met under the doctrine of equivalents because each of the above-listed products accomplishes the same function in the same way to achieve the same result.

442.    **Claim 19.**  Claim 19 recites:

> The apparatus as in claim 15, wherein determining whether the event object invokes a scroll or gesture operation is based on receiving a drag user input for a certain time period.

443.    Claim 19 claims the apparatus in claim 15 and adds a limitation analogous to dependent claim 5 wherein "determining whether the event object invokes a scroll or gesture operation is based on receiving a drag user input for a certain time period."  Accordingly, the Accused Products discussed in connection with claim 5 infringe claim 19 for the reasons discussed in connection with claim 5.  To the extent that this claim is not met literally, in my opinion it is met under the doctrine of equivalents because each of the Accused Products accomplishes the same function in the same way to achieve the same result.

444.    **Claim 20.**  Claim 20 recites:

The apparatus as in claim 15, further comprising: means for responding to at least one gesture call, if issued, by rotating a view associated with the event object based on receiving a plurality of input points in the form of the user input.

445.    Claim 20 claims the apparatus in claim 15 and adds a limitation analogous to dependent claim 6 further comprising "means for responding to at least one gesture call, if issued, by rotating a view associated with the event object based on receiving a plurality of input points in the form of the user input."  Accordingly, the Accused Products discussed in connection with claim 6 infringe claim 20 for the reasons discussed in connection with claim 6.

446.    I have been informed that this limitation is in "means plus function" form and is governed by section 112.6.  The function is responding to at least one gesture call, if issued, by rotating a view associated with the event object based on receiving a plurality of input points in the form of the user input.  The corresponding structure is a display coupled with one or more special or general purpose processors programmed with special-purpose software to execute an algorithm, the special-purpose software including computer instructions for responding to at least one gesture call, if issued, by rotating a view associated with the event object based on receiving a plurality of input points in the form of the user input.

447.    As discussed above with respect to Claim 13, each of the Accused Products discussed in Claim 13 includes a processor programmed to execute an algorithm for responding to at least one gesture call, if issued, by rotating a view associated with the event object based on receiving a plurality of input points in the form of the user input.   These Accused Products perform the claimed function in manner equivalent to the manner described in the specification. *See*, *e.g.*, '915 Patent at 1:59-67, 2:37-42, 4:29-6:37, 12:30-32, 21:10-56, 22:5-16, 22:42-48; FIGS. 1, 13, 32, and 33A-C.  To the extent that this claim is not met literally, in my opinion it is met under the doctrine of equivalents because each of the above-listed products accomplishes the same function in the same way to achieve the same result.

448.    **Claim 21.**  Claim 21 recites:

The apparatus as in claim 15, wherein the apparatus is one of: a data processing device, a portable device, a portable data processing device, a multi touch device, a multi touch portable device, a wireless device, and a cell phone.

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

120

1   449.   Claim 21 claims an apparatus in claim 15 and adds a limitation analogous to claim

2   7, "wherein the apparatus is one of: a data processing device, a portable device, a portable data

3   processing device, a multi touch device, a multi touch portable device, a wireless device, and a

4   cell phone."  Accordingly, the Accused Products discussed in connection with claim 7 infringe

5   claim 21 for the reasons discussed in connection with claim 6.  To the extent that this claim is not

6   met literally, in my opinion it is met under the doctrine of equivalents because each of the above-

7   listed products accomplishes the same function in the same way to achieve the same result.

8   **E.     Samsung's Devices Have Been Modeled on Apple's iOS**

9   450.   Based on documents that I have reviewed, Samsung appears to have modeled the

10  scrolling, pinch zoom and rotation features in its products after those in Apple's iOS.

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

121

**F.     The '915 Patent Could Not Be Designed Around Without Rendering the Accused Products Much Less Useable**

456.    I have been asked to consider whether the Accused Products could be re-designed so that they do not infringe the '915 patent.  In my opinion, any such re-design would make the Accused Products much less useable, render them inconvenient for users, and deprive them of intuitive functionality that smartphone and tablet users have come to expect.

457.    The '915 patent provides functionality that is central to all of the Accused Products:  the ability to distinguish automatically between a one-finger scroll call and a two-finger gesture such as a zoom or rotate gesture.   This functionality is highly intuitive; indeed, many users who experiment with devices equipped with this functionality immediately understand how to use them without any explanation.  Scrolling, zooming and rotating are among the most common actions users take with the Accused Products, and are used in multiple applications.

458.    Potential alternative designs that do not practice the '915 patent would be far less useful.  A smartphone that required users to press a key in order to zoom or un-zoom, for example, would be much less intuitive and would provide a much less satisfying user experience. than devices that practice the '915 patent.

1    equivalent to the corresponding structures described in the '891 patent for performing the

2    functions in claim 74.  Accordingly, these three Samsung Accused Products infringe claim 74.

3    **VIII.    CONCLUSION**

4         593.   My opinions are subject to change based on additional opinions that Samsung's

5    experts may present and information I may receive in the future or additional work I may

6    perform.  I reserve the right to supplement this Report with new information and/or documents

7    that may be discovered or produced in this case, or to address any new claim constructions

8    offered by Samsung or ordered by the court.  With this in mind, based on the analysis I have

9    conducted and for the reasons set forth above, I have preliminarily reached the conclusions and

10   opinions in this Report.

11        594.   In connection with my anticipated testimony in this action, I may use as exhibits

12   various documents produced in this Action that refer or relate to the matters discussed in this

13   Report.  I have not yet selected the particular exhibits that might be used.  In addition, I may

14   create or assist in the creation of certain demonstrative exhibits to assist in the presentation of my

15   testimony and opinions as described herein or to summarize the same or information cited in this

16   Report.  Again, those exhibits have not yet been created.

17

18

Dated:  March 22, 2012               /s/

19                                  Karan Singh

20

21

22

23

24

25

26

27

28

Expert Report of Dr. Karan Singh Regarding Infringement of the '163, '915 and '891 Patents
Case No. 11-cv-01846-LHK
sf-3123376        165