| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| JENNIFER LEE TAYLOR (CA SBN 161368) | 60 State Street |
| jtaylor@mofo.com | Boston, MA 02109 |
| ALISON M. TUCHER (CA SBN 171363) | Telephone: (617) 526-6000 |
| atucher@mofo.com | Facsimile: (617) 526-5000 |
| RICHARD S.J. HUNG (CA SBN 197425) | |
| rhung@mofo.com | |
| JASON R. BARTLETT (CA SBN 214530) | MARK D. SELWYN (SBN 244180) |
| jasonbartlett@mofo.com | mark.selwyn@wilmerhale.com |
| MORRISON & FOERSTER LLP | WILMER CUTLER PICKERING |
| 425 Market Street | HALE AND DORR LLP |
| San Francisco, California 94105-2482 | 950 Page Mill Road |
| Telephone: (415) 268-7000 | Palo Alto, California 94304 |
| Facsimile: (415) 268-7522 | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK |
| Plaintiff, | **DECLARATION OF CYNDI WHEELER IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL RE SAMSUNG'S MOTION FOR LEAVE TO SEEK RECONSIDERATION** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

I, Cyndi Wheeler, hereby declare as follows:

1. I am an attorney for Apple Inc. ("Apple"). I submit this declaration in support of Samsung's Administrative Motion to File Under Seal (Dkt. No. 978) pursuant to Local Rules 7-11 and 79-5. I have personal knowledge of the matters set forth below. If called as a witness I could and would competently testify as follows.

2. Samsung's Motion for Leave to Seek Reconsideration of the Court's May 21, 2012 Order (the "Motion") and Exhibits 1, 3, 6-10, 12-14, and 16 to the Declaration of Thomas Watson in Support of the Motion ("Watson Declaration") contain Apple-confidential information. Specifically:

3. Exhibit 1 to the Watson Declaration contains the confidential analysis of Apple's expert Terry Musika and includes information from other highly confidential documents, including third party competitive market research studies. This exhibit should be sealed in its entirety.

4. Exhibit 3 to the Watson Declaration is an excerpt from the November 4, 2011 deposition of Christopher Stringer. Mr. Stringer discusses specific details of an internal design model that is highly confidential and not available to the public. A proposed redacted version is attached as **Exhibit 1**.

5. Exhibits 6-9 to the Watson Declaration depict highly detailed photographs of Apple's internal design model with scale and comparison information, none of which is available to the public. Proposed redacted versions of Exhibits 6, 7, and 8 to the Watson Declaration are attached as **Exhibits 2, 3,** and **4**, respectively. Exhibit 9 consists of an extreme closeup providing considerably more detail than has been disclosed to the public, and should be sealed in its entirety. The Court previously addressed this issue (*see, e.g.*, Order re Discovery Motions [Dkt. No. 673] at 25) and confirmed that Apple may maintain the confidentiality of photographs depicting details of mockups not disclosed in patent filings, including scale information, and the attached proposed redacted versions are consistent with de-designated versions of these same photographs that Apple has produced to Samsung under the Bates range APLNDC-X0000007496 to 7527.

1      6.     Exhibit 10 to the Watson Declaration is an excerpt from the October 21, 2011 deposition of Daniele de Iuliis. Mr. de Iuliis discusses and describes an internal Apple design model and specific details of that model that are not available to the public. A proposed redacted version is attached as **Exhibit 5**.

7.     Exhibits 12 to 14 to the Watson Declaration are portions of unpublished patent applications. Unpublished patent applications are so highly confidential that courts recognize a heightened relevancy standard for their production, as the Court has acknowledged. (*See, e.g.*, Order Granting-in-Part Samsung's Motions to Compel and to Enforce [Dkt No. 867] at 4-5) (discussing "clear congressional determination that a design patent application is entitled to a period of confidentiality" and "significant risk of competitive harm that could result from disclosure of [Apple's] pending design patents). These exhibits should be sealed in their entirety.

8.     Exhibit 16 to the Watson Declaration consists of the report of Apple's expert Dr. Kent Van Liere. This is a survey-related report. The parties have stipulated that survey-related expert reports would be filed under seal in full and not on the public record. These documents contain confidential, proprietary research and analysis. This business information was created at a significant cost to Apple, and could be used by Apple's competitors to its disadvantage and should be under seal in its entirety.

9.     The Motion should be sealed to the extent it refers to the exhibits above for the same reasons.

10.     It is Apple's policy not to disclose or describe its confidential business practices, design and development information, or confidential consumer research to third parties. The above information is indicative of the way that Apple manages its business affairs and reveals highly confidential information on its design process. If disclosed, the information in the materials described above could be used by Apple's competitors to Apple's disadvantage. The requested relief is necessary and narrowly tailored to protect the confidentiality of this information.

11.     Apple does not maintain a claim of confidentiality on Exhibits 4, 5, 11, or 15 to the Watson Declaration.

1    I declare under penalty of perjury under the laws of the United States of America that the
2    foregoing is true and correct to the best of my knowledge.  Executed this 4th day of June, 2012, in
3    Cupertino, California.

*/s/ Cyndi Wheeler*
Cyndi Wheeler

**ATTESTATION OF E-FILED SIGNATURE**

I, Jason R. Bartlett, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Cyndi Wheeler has concurred in this filing.

Dated: June 4, 2012           By:        */s/ Jason R. Bartlett*
                                         Jason R. Bartlett