UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>           Plaintiff,<br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>           Defendants. | Case No.: 11-CV-01846-LHK<br><br>ORDER VACATING HEARING AND DENYING WITHOUT PREJUDICE REQUEST FOR ENTRY OF PRELIMINARY INJUNCTION |

Apple filed a motion pursuant to Federal Rule of Civil Procedure 62(c) for entry of a preliminary injunction in light of the recent Federal Circuit's opinion remanding, in part, this Court's preliminary injunction order. ECF No. 951. On May 21, 2012, the Court granted Apple's motion to shorten time on briefing several issues related to the Rule 62(c) motion. The Court also set a hearing on the motion for June 7, 2012 to be heard in conjunction with the pending motion for a preliminary injunction in the related case between the two parties: *Apple, Inc. v. Samsung Electronics Co.*, Case No. 12-00630. ECF No. 962. Upon reviewing the full briefing by the parties, and the legal authority cited therein, the Court determines that it currently lacks jurisdiction to issue a preliminary injunction as requested by Apple because the Federal Circuit has not yet

1

Case No.: 11-CV-01846-LHK
ORDER VACATING HEARING AND DENYING WITHOUT PREJUDICE PRELIM. INJUNCTION MOTION

1   issued the mandate. Accordingly, the Court VACATES the hearing currently set for June 7, 2012

2   and denies the request for entry of a preliminary injunction without prejudice.[1]

3   The general rule is that once a notice of appeal is filed it confers jurisdiction on the court of

4   appeals and divests the district court of jurisdiction with respect to matters involved with the

5   appeal. *See, e.g., Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59 (1982). Until the

6   court of appeals issues the mandate, the case ordinarily remains within the jurisdiction of the court

7   of appeals and "the district court lacks power to proceed further with respect to the matters

8   involved with the appeal." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal

9   Practice and Procedure § 3987; *see also United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996)

10  ("Simply put, jurisdiction follows the mandate."). Thus, under most circumstances "a federal

11  district court and a federal court of appeals should not attempt to assert jurisdiction over a case

12  simultaneously." *Griggs*, 459 U.S. at 58.

13  Rule 62(c) of the Federal Rules of Civil Procedure is a recognized exception to the rule that

14  this Court lacks jurisdiction with respect to a motion for a preliminary injunction.[2] *Nat. Res.*

15  *Defense Council v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). Rule 62(c) allows a

16  district court to "suspend, modify, restore, or grant an injunction during the pendency of the appeal

17  upon such terms as to bond or otherwise as it considers proper for the security of the rights of the

18  adverse party."

19  Rule 62(c) has been interpreted as granting the district court no broader power than it

20  always inherently possesses to *preserve the status quo* during the pendency of an appeal; it "does

21  not restore jurisdiction to the district court to adjudicate anew the merits of the case." *McClatchy*

22  *Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982).

23  Thus, while a preliminary injunction is pending on appeal, a district court lacks jurisdiction to

24  modify the injunction in such manner as to "finally adjudicate substantial rights directly involved

---

[1] Additionally, the Court denies without prejudice Samsung's motion to reconsider the May 21, 2012 ruling for the same reason – lack of jurisdiction. Moreover, if the Federal Circuit, either the three judge panel or the Circuit sitting en banc, alters or amends the May 14, 2012 opinion, Samsung's motion to reconsider could be rendered moot.

[2] A motion to modify a preliminary injunction is a procedural matter upon which the Federal Circuit applies the law of the regional circuit. *See Power Controls Corp. v. Hybrinetics, Inc.*, 806 F.2d 234, 237 (Fed. Cir. 1986).

2
Case No.: 11-CV-01846-LHK
ORDER VACATING HEARING AND DENYING WITHOUT PREJUDICE PRELIM. INJUNCTION MOTION

1 in the appeal." *Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177 (1922). The Ninth Circuit has
2 further explained that Rule 62(c) presents a "narrowly limited right of a trial court" and "is merely
3 expressive of a power inherent in the court to preserve the status quo where, in its sound discretion,
4 the court deems the circumstances so justify." *McClatchy Newspapers*, 686 F.2d at 734 (citing
5 *United States v. El-O-Pathic Pharmacy*, 192 F.2d 62, 79 (9th Cir. 1951)).

6 The district court's jurisdiction to alter a preliminary injunction during the pendency of an
7 appeal has been affirmed where the district court makes alterations to a preliminary injunction
8 designed to maintain the status quo. For example, in *Southwest Marine*, the district court issued an
9 injunction requiring the defendant to conduct water testing "at the surface" and to take steps to
10 capture storm water runoff from piers in "a reasonably expeditious manner." *Sw. Marine*, 242 F.3d
11 at 1166. While the injunction was on appeal, the district court modified the order clarifying the
12 phrases "at the surface" and "reasonably expeditious." The Ninth Circuit found that the
13 modifications made by the district court "did not materially alter the status of the consolidated
14 appeal," and that such alterations were proper pursuant to Rule 62(c). *Id.* at 1167.

15 In contrast, a district court is without jurisdiction to grant injunctive relief that would alter
16 the status quo while an appeal is pending. In *McClatchy Newspapers*, the Ninth Circuit determined
17 that the district court was not permitted to order an employer to reinstate employees who were not
18 working when the appeal was filed. The amended judgment that the district court attempted to
19 issue "was not addressed to maintenance of the status quo during pendency of the appeal" but
20 "required a change from the status quo" and "affect[ed] substantial rights of the parties."
21 *McClatchy Newspapers*, 686 F.2d at 735. Thus, the amendment was outside of the authority
22 provided under Rule 62(c).

23 Apple's motion for a Rule 62(c) injunction, before the Federal Circuit has issued the
24 mandate, seeks to have the Court adjudicate anew the preliminary injunction motion while the
25 same issue is on appeal before the Federal Circuit. Were this Court to grant the preliminary
26 injunction before the mandate issues, the Court would effectively alter the status quo. In this case,
27 Samsung was engaged in selling the Galaxy Tab 10.1 at the time of the appeal. Thus, granting an
28

3

Case No.: 11-CV-01846-LHK
ORDER VACATING HEARING AND DENYING WITHOUT PREJUDICE PRELIM. INJUNCTION MOTION

injunction would prohibit Samsung from selling the Galaxy Tab 10.1, altering the respective rights of the parties and changing the status quo that existed at the time of the appeal.

Apple points to *United States v. El-O-Pathic Pharmacy*, a Ninth Circuit decision from 1951 to support its argument that it may obtain a Rule 62(c) injunction prior to the issuance of the appellate court's mandate. *El-O-Pathic* presents a procedural posture similar to the procedural posture here. In *El-O-Pathic Pharmacy*, the Ninth Circuit overturned the district court's denial of a permanent injunction, and remanded the case with directions to issue the permanent injunction. 192 F.2d at 78. The circuit court reversed the judgment of the district court with directions to issue a permanent inunction because the panel was "of the opinion that upon the showing made by the United States, it is entitled to immediate relief by way of a temporary injunction which, as this court's opinion discloses, is required in the interest of the protection of the public." *Id.* at 78-79. The panel denied the government's request that the mandate issue forthwith, because the proper remedy was for the government to seek an injunction pursuant to Rule 62(c) in the district court. The Ninth Circuit acknowledged that Rule 62(c) only allowed the trial court to make orders appropriate to preserve the status quo while the case is pending in the appellate court. *Id.* at 79. Nonetheless, the court noted that "[t]he status quo which the action was brought to preserve, was the protection of the public against the sale of certain misbranded drugs. The decision of this court is to the effect that such relief should have been granted." *Id.* at 79 n.12.

The Court is unconvinced that *El-O-Pathic* allows this Court to rule on Apple's 62(c) motion. The *El-O-Pathic* court defined the status quo in that case to be the protection of the public against the sale of certain misbranded drugs. The court determined that the status quo required that the injunction should have been granted and reversed the district court with directions to issue the injunction. Here, in contrast, there is no broad public interest such as protecting the public from harmful drugs that forms the basis of the status quo that must be preserved. Moreover, the Federal Circuit did not reverse the preliminary injunction order and direct this Court to issue an injunction, but instead vacated the order with respect to the D'889 Patent and remanded the case for further proceedings. *See Apple v. Samsung*, Case No. 2012-1105, slip op. at 33-34 (Fed. Cir. May 14, 2012). Thus, the decision of the panel majority in this case was not "to the effect that such relief

4

Case No.: 11-CV-01846-LHK
ORDER VACATING HEARING AND DENYING WITHOUT PREJUDICE PRELIM. INJUNCTION MOTION

should have been granted" outright, but instead that further proceedings were necessary in light of the Federal Circuit's opinion. Thus, *El-O-Pathic* is distinguishable on its facts from the case presented here.

Moreover, this ruling serves the purposes behind the jurisdictional transfer principle at issue here: "judicial efficiency and an avoidance of confusion." *See* Allan Ides, The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed, 143 F.R.D. 307, 322 (Nov. 1992); *Sw. Marine Inc*., 242 F.3d at 1166 (The purpose of the rule that the district court is divested of jurisdiction over matters on appeal "is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously."). On May 29, 2012, Samsung filed a petition for rehearing and rehearing en banc of the panel decision. Until the Federal Circuit decides Samsung's motion, the three judge panel, or the Federal Circuit sitting en banc, may rehear the matter, alter or amend the opinion, or otherwise change the scope of issues that must be addressed on remand. It would create confusion to rule on the preliminary injunction motion, only to have to reconsider the issue should the panel, or the Federal Circuit, decide to alter, amend, or reverse the opinion.

In light of the limited purpose of Rule 62(c) to preserve the status quo, and in order to preserve judicial efficiency and avoid confusion, the Court determines that it may not rule on Apple's request for a preliminary injunction prior to the issuance of the mandate from the Federal Circuit. Accordingly, Apple's motion for a Rule 62(c) injunction is DENIED without prejudice. Apple is invited to refile a motion for a preliminary injunction as soon as the mandate issues from the Federal Circuit so that resolution of the preliminary injunction may proceed expeditiously once jurisdiction over the matter is restored to this Court.

**IT IS SO ORDERED.**

Dated: June 4, 2012

LUCY H. KOH
United States District Judge