1  HAROLD J. MCELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
2  MICHAEL A. JACOBS (CA SBN 111664)
   mjacobs@mofo.com
3  JENNIFER LEE TAYLOR (CA SBN 161368)
   jtaylor@mofo.com
4  ALISON M. TUCHER (CA SBN 171363)
   atucher@mofo.com
5  RICHARD S.J. HUNG (CA SBN 197425)
   rhung@mofo.com
6  JASON R. BARTLETT (CA SBN 214530)
   jasonbartlett@mofo.com
7  MORRISON & FOERSTER LLP
   425 Market Street
8  San Francisco, California 94105-2482
   Telephone: (415) 268-7000
9  Facsimile: (415) 268-7522

   WILLIAM F. LEE
   william.lee@wilmerhale.com
   WILMER CUTLER PICKERING
   HALE AND DORR LLP
   60 State Street
   Boston, MA 02109
   Telephone: (617) 526-6000
   Facsimile: (617) 526-5000

   MARK D. SELWYN (SBN 244180)
   mark.selwyn@wilmerhale.com
   WILMER CUTLER PICKERING
   HALE AND DORR LLP
   950 Page Mill Road
   Palo Alto, California 94304
   Telephone: (650) 858-6000
   Facsimile: (650) 858-6100

11 Attorneys for Plaintiff and
   Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR LEAVE TO SEEK RECONSIDERATION OF THE COURT'S MAY 21, 2012 ORDER** |

**PUBLIC REDACTED VERSION**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................................ii

I. INTRODUCTION ........................................................................................................... 1

II. SAMSUNG HAS NOT MET THE STANDARD FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION ................................................................................ 1

III. THE COURT PROPERLY IMPLEMENTED THE FEDERAL CIRCUIT'S LIMITED REMAND BY REJECTING SAMSUNG'S ATTEMPT TO REOPEN THE EVIDENTIARY RECORD AND TO REARGUE ISSUES THAT HAVE ALREADY BEEN DECIDED ................................................................................................... 3

IV. SAMSUNG'S ALLEGED "NEW EVIDENCE" DOES NOT WARRANT RECONSIDERING THE COURT'S RULINGS OR REOPENING THE RECORD ........................................................................................................................ 7

    A. Samsung Has Failed to Justify Its Late Submission of Alleged Prior Art that Samsung Failed to Present Before ........................................................................ 7

    B. Samsung's "Prototype" Evidence Does Not Warrant Reopening the Record or Reconsidering the Court's Prior Rulings ................................................................ 8

    C. Apple's Patent Applications Do Not Warrant Reopening the Record ................... 9

    D. The Federal Circuit's Validity Ruling Does Not Warrant Reconsideration of this Court's Infringement Ruling ........................................................................ 10

    E. Alleged Changes in the Tablet Market Do Not Warrant Reopening the Record or Reconsidering the Court's Irreparable Harm Ruling ............................ 10

V. CONCLUSION ............................................................................................................. 10

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR RECONSIDERATION OF THE COURT'S MAY 21, 2012 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3151987

i

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
   No. 2012-1105, Slip Op. (Fed. Cir. May 14, 2012) ................................................................. 3

*Chritianson v. Colt Indus. Operating Corp.*,
   486 U.S. 800 (1988) ................................................................................................................. 3

*MercExchange, L.L.C. v. eBay, Inc.*,
   467 F. Supp.2d 608 (E.D. Va. 2006) ............................................................................... 4, 5, 6

*NAACP v. North Hudson Regional Fire & Rescue*,
   367 Fed. App'x 297 (3d Cir. 2010) .......................................................................................... 5

*NAACP v. North Hudson Regional Fire & Rescue*,
   707 F. Supp.2d 520 (D.N.J. 2010) .................................................................................. 4, 5, 6

*Tone Bros., Inc. v. Sysco Corp.*,
   No. 90-cv-60011,  1992 WL 200128 (S.D. Iowa Mar. 17, 1992),
   *vacated on other grounds*, 28 F.3d 1192 (Fed. Cir. 1994) ...................................................... 9

*United States v. Commonwealth. of Va.*,
   88 F.R.D. 656 (E.D. Va. 1980) ................................................................................................ 4

*United States v. Quintanilla*,
   No. CR 09-01188 SBA, 2011 WL 4502668 (N.D. Cal. Sept. 28, 2011) .............................. 2, 3

**OTHER AUTHORITIES**

37 C.F.R. § 1.84(b)(1) ..................................................................................................................... 9

Local Rule 7-9 ............................................................................................................................ 1, 2

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR RECONSIDERATION OF THE COURT'S MAY 21, 2012 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3151987

ii

## I. INTRODUCTION

Samsung has moved for reconsideration of this Court's Order of May 21, 2012, which directed the parties to limit their preliminary injunction briefs to balance of hardships, public interest, and the amount of a bond, with no new evidence except as to the bond. By seeking leave to submit new evidence and to relitigate validity and infringement issues that have already been decided, Samsung attempts to push the reset button on the entire preliminary injunction process. Samsung's motion should be denied because (1) Samsung has failed to show any circumstances that would warrant reconsideration; (2) this Court properly implemented the Federal Circuit's limited remand by focusing on the issues that the Federal Circuit identified; and (3) Samsung has failed to justify its attempt to reopen the evidentiary record and to relitigate issues that have already been decided.[1]

## II. SAMSUNG HAS NOT MET THE STANDARD FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION

Samsung's motion for reconsideration should be denied because Samsung has not identified any new development or other circumstances that would warrant reconsideration under Northern District Civil Local Rule 7-9. That rule requires the party seeking reconsideration of a prior order to show: (1) "a material difference in fact or law" that the party did not know previously "in the exercise of reasonable diligence": (2) "new material facts or a change of law occurring after the time of such order"; or (3) "a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b). It also prohibits repetition of "any oral or written argument made by the applying party . . . in opposition to the interlocutory order which the party now seeks to have reconsidered." Civil L.R. 7-9(c).

---

[1] Under Civil Local Rule 7-9, Apple need not respond to a motion for reconsideration unless the Court so requests. Apple submits this brief on the threshold issue of whether the Court's May 21 Order should be reconsidered. If the Court grants reconsideration and allows submission of new evidence and relitigation of validity and infringement, Apple requests the opportunity to submit additional evidence and arguments.

1    Samsung does not even attempt to show compliance with this standard. It points to (1) no
2    fact or law that it did not know in the exercise of reasonable diligence before the Court's entry of
3    its May 21 Order; (2) no material facts or change of law occurring after the time of the Order; and
4    (3) no manifest failure by the Court to consider material facts or arguments presented.

5    Instead of complying with Local Rule 7-9, Samsung violates it by repeating prior
6    arguments. This Court issued its May 21 order after the parties set forth conflicting positions.
7    Apple moved for entry of a preliminary injunction on an expedited basis, without a hearing,
8    because (1) "[t]he Federal Circuit . . . remanded solely for this Court to assess the balance of
9    hardships and public interest factors"; and (2) "the Court's original decision was rendered on a
10   full record, and given the additional guidance from the Federal Circuit, no further hearing should
11   be required." (Dkt. No. 952 at 2, 4.) Samsung replied that (1) this Court's preliminary injunction
12   ruling must "take into account *all relevant evidence at the time of decision*, and not the evidence
13   as it existed nearly six months ago"; and (2) the Court should "allow both parties the opportunity
14   for full and fair briefing, *supplementation of the record*, and oral argument." (Dkt. No. 956 at 3
15   (emphasis added).) Samsung improperly repeats this argument, asserting that it should be
16   allowed to submit new evidence and to relitigate validity and infringement, because the issue is
17   "not whether an injunction should have issued *six months* ago based on the evidence *then* before
18   the Court, but whether an injunction should issue *now*." (5/26/2012 Motion for Reconsideration
19   ("Motion," sealed version of Dkt. No. 978-1) at 1 (emphasis in original).)

20   After considering the parties' arguments, this Court granted Samsung's request for oral
21   argument, but denied Samsung's request to reopen the record (except as to the amount of a bond)
22   and directed the parties to focus on the two factors that the Federal Circuit identified, as well as
23   the amount of the bond. (Dkt. No. 962 at 2.) Samsung has not shown any ground to reconsider
24   this decision under the controlling standard.

25   Samsung attempts to invoke the Court's "inherent authority to reconsider interlocutory
26   orders to prevent manifest injustice," citing *United States v. Quintanilla*, No. CR 09-01188 SBA,
27   2011 WL 4502668 (N.D. Cal. Sept. 28, 2011). (Motion at 5-6.) That case is inapposite because it
28   arose from *criminal* charges, where counsel's failure to present evidence through lack of

diligence "could give rise to a claim for ineffective assistance of counsel" that would ultimately require the court "to assess the same arguments and evidence." *Id.* at *1, 7. No such concern exists in this civil case. Moreover, *Quintanilla* cited *Chritianson v. Colt Indus. Operating Corp.*, which explained that "[a] court has the power to revisit prior decisions of its own or a coordinate court in any circumstances, although as a rule *courts should be loathe to do so in the absence of extraordinary circumstances* such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" 486 U.S. 800, 817 (1988) (emphasis added, citation omitted). No such extraordinary circumstances are present here.

### III.   THE COURT PROPERLY IMPLEMENTED THE FEDERAL CIRCUIT'S LIMITED REMAND BY REJECTING SAMSUNG'S ATTEMPT TO REOPEN THE EVIDENTIARY RECORD AND TO REARGUE ISSUES THAT HAVE ALREADY BEEN DECIDED

This Court's May 21, 2012 Order properly implemented the Federal Circuit's "limited remand order" by limiting further briefing to the existing record and the undecided issues that the Federal Circuit identified. (Dkt. No. 962 at 2.) Samsung seeks to begin the process again by reopening the evidentiary record and relitigating validity and infringement issues that have already been decided. To do so would be contrary to the plain intent of the Federal Circuit's opinion and render meaningless the last six months of expedited appellate review.

Samsung mischaracterizes the Federal Circuit's remand as a "generalized, unrestricted instruction to conduct 'further proceedings.'" (Motion at 5.) In fact, the Federal Circuit directed:

> On remand, the court should conduct a similar assessment of the balance of hardships with respect to the D'889 patent. To the extent that the court finds the public interest factor cuts in favor of either side, it should weigh that factor as well in determining whether to issue a preliminary injunction against Samsung's Galaxy Tab 10.1 tablet computer.

*Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 2012-1105, Slip Op. at 25 (Fed. Cir. May 14, 2012) ("Slip Op.," submitted as Dkt. No. 951-1).

Having "sustain[ed] [this] court's finding of a likelihood of irreparable harm" (*id*. at 25) and held that this Court "erred in concluding that there is likely to be a substantial question as the validity of the D'889 patent" (*id*. at 31), the Federal Circuit gave no suggestion that further

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR RECONSIDERATION OF THE COURT'S MAY 21, 2012 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3151987

3

1  proceedings were necessary or anticipated on these issues.  Moreover, the Federal Circuit

2  considered Samsung's non-infringement arguments to be so insubstantial that it did not even

3  mention them.  *See id.* at 14 (noting this Court's finding of likely infringement); *id* at 16 (Federal

4  Circuit agrees with most of this Court's rulings and limits its analysis to issues that present "close

5  questions"); *see also* Declaration of Grant L. Kim In Support of Apple's Opposition to Motion for

6  Reconsideration ("Kim Decl."), Ex. A at 61-63 (Samsung's infringement arguments on appeal).

7       In its appellate brief, Samsung *expressly argued* that the Federal Circuit should remand

8  for further proceedings to allow Samsung to present new evidence that "strongly supports the

9  invalidity and non-infringement of Apple's design patents."  (Kim Decl. Ex. A at 73.)  The

10 Federal Circuit did not adopt this argument or suggest in any way that this Court should conduct

11 further proceedings on validity and infringement.  On the contrary, the Federal Circuit directed

12 this Court to make an "assessment of the balance of hardships" and "the public interest."  Slip Op.

13 at 25.  The Federal Circuit emphasized the limited nature of its remand by noting, in response to

14 Judge O'Malley's concern that a remand would cause "unnecessary delay," that if this Court's

15 prior findings "regarding the balance of hardships and the public interest are readily transferable

16 to the tablet part of this case, the district court should be able to make that determination in short

17 order, thus minimizing the amount of delay."  *Id.* at 33; *see* O'Malley Dissent, Slip Op. at 2.  This

18 comment would have made no sense if the Federal Circuit contemplated that the record would be

19 reopened to allow relitigation of validity and infringement.

20      Samsung relies primarily on two district court cases—*MercExchange, L.L.C. v. eBay, Inc.*,

21 467 F. Supp.2d 608 (E.D. Va. 2006) and *NAACP v. North Hudson Regional Fire & Rescue*, 707

22 F. Supp.2d 520 (D.N.J. 2010)—to argue that this Court *must* allow Samsung to present new

23 evidence on issues that have already been decided.  Those cases are inapposite and actually

24 confirm the Court's discretion not to reopen the record here.

25      In *MercExchange*, the district court noted at the outset that "the decision as to whether to

26 'reopen the record' lies squarely within the court's discretion."  467 F. Supp.2d at 611, *citing*

27 *United States v. Commonwealth. of Va.*, 88 F.R.D. 656, 662 (E.D. Va. 1980).  While the court

28 decided to reopen the record to consider whether to issue a permanent injunction, it did so

1  because the record was "nearly three and a half years old and established prior to a significant
2  factual development." *Id.* at 611.
3      In *NAACP*, the Third Circuit remanded in March 2010 so that the district court could
4  reconsider its February 2009 preliminary injunction in a Title VII disparate impact case in view of
5  the Supreme Court's intervening decision in *Ricci v. DeStefano*, 557 U.S. 557 (2009).  707
6  F. Supp.2d at 524.  In the meantime, the district court had granted a motion to intervene by six
7  Hispanic firefighter candidates.  *Id*.  The Third Circuit, in its remand order, noted the intervention
8  of the Hispanic candidates and remanded broadly for reconsideration in light of *Ricci*, with
9  specific reference to the passage of time.

> In *Ricci*, the Supreme Court set the new standard for Title VII
> disparate treatment and impact cases.  Consequently, we conclude
> that the age and posture of this case justify a summary remand to
> allow the District Court the opportunity to apply *Ricci* to its factual
> and legal analysis.

13  *NAACP v. North Hudson Regional Fire & Rescue*, 367 Fed. App'x 297, 301 (3d Cir. 2010)
14  (unpublished); *see id*. at 300 (noting joinder in litigation of "six Hispanic firefighter candidates on
15  Regional's residency-restricted candidate list).  On remand, the district court decided it would
16  "reconsider [the preliminary injunction factors] in light of *Ricci*, new evidence presented by the
17  Intervenors (who were not party to the previous motion), and new evidence based on any other
18  circumstances which may have changed since the Court granted the injunction on February 18,
19  2009."  707 F. Supp.2d at 541-542.
20      This case differs sharply from *MercExchange* and *NAACP* in several key respects:

- Unlike those cases, the Federal Circuit directed this Court to consider two specific preliminary injunction factors and expressed its expectation that the remand proceedings could likely be accomplished with minimal delay.

- Unlike the lapse of nearly three and one-half years in *MercExchange* and more than a year in *NAACP*, the instant motion is just six months after this Court's initial ruling, pursuant to the Federal Circuit's order granting expedited review.

- There are no intervening events similar to those in *NAACP*:  intervention of new plaintiffs and a Supreme Court decision that set a "new standard for Title VII disparate treatment and impact cases."  367 Fed. App'x at 301.

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR RECONSIDERATION OF THE COURT'S MAY 21, 2012 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3151987

5

1  • Apple is seeking a *preliminary* injunction against tablet products that Samsung contends are ██████████████████████████████████████████ (Samsung's 5/25/2012 Opposition to Apple's Preliminary Injunction Motion (sealed version of Dkt. No. 977-3) at 9, 11-12.)  In contrast, *MercExchange* involved a *permanent* injunction and *NAACP* involved a *class-wide* injunction in a Title VII disparate impact case.

Allowing Samsung to submit new evidence and to reargue issues that have already been decided would defeat the purpose of the Federal Circuit's expedited appellate review and limited remand.  Fairness would entitle Apple to an opportunity to reply to Samsung's new evidence and arguments, including an opportunity to submit new evidence that did not exist previously or that Samsung improperly failed to produce.  Samsung, in turn, would presumably demand an opportunity to respond to Apple's additional evidence and arguments.  This would further delay the entry of a preliminary injunction that Apple first requested in July 2011.

In fact, Samsung belatedly produced voluminous additional evidence that supports issuance of a preliminary injunction.  Magistrate Judge Grewal ruled on April 23, 2012, that Samsung violated the Court's orders by failing to produce *thousands* of documents responsive to Apple's preliminary injunction discovery requests until long after the Court-ordered deadline of September 28, 2011.  (Dkt. No. 880 at 3-7.)  These late-produced documents bear directly on critical preliminary injunction issues, as Apple explained in its Motion for Sanctions.  (Apple's 2/8/2012 Motion for Sanctions [sealed version of Dkt. No. 715-1], at 15-20.)  For example, in January 2012, Samsung belatedly produced ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ This document proves that design is a critical reason that customers buy Samsung's infringing smartphones, contrary to Samsung's argument on which this Court relied in denying a preliminary injunction.  Thus, this document (as well as other late-produced evidence) would warrant reconsideration of this Court's denial of a preliminary injunction as to the D'677 and D'087 iPhone design patents.

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR RECONSIDERATION OF THE COURT'S MAY 21, 2012 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3151987

6

1   If the record is reopened, Apple would also be entitled to submit evidence that Samsung
2   witnesses admitted in depositions taken earlier this year that Samsung competes against Apple in
3   the tablet market, refuting Samsung's implausible assertion that there is no such competition.
4   Apple would also submit other highly relevant evidence, such as evidence that Samsung
5   deliberately copied Apple's patented designs and features, and that some customers bought the
6   Galaxy Tab 10.1 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The new evidence that
7   would need to be considered if the record were reopened would benefit Apple, not Samsung.
8   Apple does not seek to reopen the record, however, because the existing record is sufficient and
9   reopening the record would conflict with the limited nature of the Federal Circuit's remand and
10  would unjustifiably cause further delay.  Both sides have already had an adequate opportunity to
11  submit evidence and argument.  Samsung's request to reopen the record and to relitigate validity
12  and infringement should be rejected.

### IV. SAMSUNG'S ALLEGED "NEW EVIDENCE" DOES NOT WARRANT RECONSIDERING THE COURT'S RULINGS OR REOPENING THE RECORD

#### A. Samsung Has Failed to Justify Its Late Submission of Alleged Prior Art that Samsung Failed to Present Before

Samsung argues that the D'889 patent is invalid in view of two alleged prior art references that have "never been considered by *either* this Court or the Federal Circuit": U.S. Patent D500,037, issued on December 31, 2004 to Ozolins and assigned to Bloomberg (the "Ozolins/Bloomberg patent"); and a "Brain Box" display that Apple supposedly "made public at least as early as 1997." (Motion at 18-19 (emphasis in original).)

The Court should decline to consider these new references because they are publicly available documents that Samsung should have included with its prior opposition to Apple's preliminary injunction motion.  The Ozolins/Bloomberg patent has been publicly available since December 2004, and "Brain Box" is from a book that Apple published in 1997.  (*See* Dkt. No. 943, Exs. 22, 25.)  Moreover, Samsung *previously submitted* to this Court several "Bloomberg" references, including a patent application to Ozolins (Dkt. No. 456-9), as well as what Samsung alleged were related European and German patent documents.  (10/18/2011 Tung Declaration, ISO Samsung's Notice of Lodging of Materials In Opposition to Apple's Motion for Preliminary

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR RECONSIDERATION OF THE COURT'S MAY 21, 2012 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3151987

7

1  Injunction ¶¶ 7-10 ("Tung Decl.," sealed version of Dkt. No. 456) and Exs. E, G, and H thereto.)
2  Thus, Samsung was aware that it should check for patents to Ozolins and Bloomberg.  Samsung
3  also knew that Apple's own publications were a potential source of prior art.  Samsung has no
4  valid excuse for failing to submit these publicly available references long ago.

       **B.**     **Samsung's "Prototype" Evidence Does Not Warrant Reopening the Record or Reconsidering the Court's Prior Rulings**

7       Samsung argues that the record should be reopened to allow it to submit photos of a
8  "prototype tablet" and other related evidence.[2]  (Motion at 11.)  Samsung contends that this
9  evidence should be considered because Apple submitted photos of this unreleased tablet model to
10 the Patent Office, and these photos show a "gap" between the glass cover and the edge of the
11 model that warrants reconsideration of this Court's findings that that the Galaxy Tab 10.1 likely
12 infringes the D'889 patent and that the iPad2 embodies this patent.  (*Id.* at 11-15.)
13      Samsung's argument fails for two independent reasons.  First, Samsung *already submitted*
14 photos of this tablet model.  Samsung included these photos with the additional evidence it
15 submitted to this Court a few days after the preliminary injunction hearing, arguing they were
16 relevant to "non-infringement of D'889."  (Dkt. No. 313 at 3; Tung Declaration¶¶ 19-20 and Ex.
17 R (Dkt. No. 456-21).)  On appeal, Samsung cited these photos to support its argument that the
18 Tab 10.1 does not infringe because it has "no gap between the front flat surface and the device's
19 edge."  (Kim Decl. Ex. A at 63, *citing* A8626-42 (submitted as Kim Decl. Ex. B).)  Samsung also
20 argued that "more clear photos" of the tablet model show "a gap" at the edge that supports
21 Samsung's non-infringement argument, citing a photo that is very similar to the photo in
22 Samsung's motion for reconsideration.  (*Compare* Kim Decl. Ex. A at 74 *with* Motion at 13.)
23 The Federal Circuit rejected Samsung's argument by not reversing this Court's infringement
24 ruling and not remanding for further consideration of infringement in view of these photos.  The
25 record should not be reopened to consider evidence that has already been rejected.

---

[2] "Prototype" is Samsung's term.  Apple objects to use of this term to describe what is merely a non-functional model that does not relate to any product that Apple actually released.

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR RECONSIDERATION OF THE COURT'S MAY 21, 2012 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3151987

8

Second, as Apple explained to the Federal Circuit, the photos are not relevant to the D'889 patent because the Examiner *expressly excluded* the photos by cancelling the statement in the patent application that referred to "an appendix showing various photographs of an electronic device in accordance with one embodiment." (Kim Decl. Ex. C at 26-27 [Apple's Federal Circuit Reply Brief]; Kim Decl. Ex. D at A9245, 9280-81 [relevant portions of file history].) This was consistent with 37 C.F.R. § 1.84(b)(1), which states that the PTO does not accept photographs unless they "are the only practicable medium for illustrating the claimed invention." In view of this cancellation, the photos have no relevance to the scope of the D'889 patent.[3]

### C. Apple's Patent Applications Do Not Warrant Reopening the Record

Samsung contends that the record should be reopened to allow Samsung to present design patent applications that Apple filed in January and February 2011, which supposedly bear on the scope of the D'889 patent, which was issued in 2005. (Motion at 13-14; *see* Exs. 12-14 to 5/26/2012 Watson Decl. (filed under seal).) Samsung fails, however, to cite any authority for its novel premise that a *later* patent application can retroactively change the scope of a *previously issued* patent. In fact, as Apple noted in its pending motion to exclude the opinions of Samsung's "patent office" expert concerning Apple's later patents, "later issuance of a patent cannot retroactively change the scope of a patent," because "the scope of the patent is limited only by its terms and not by subsequent patents."[4] (Dkt. No. 940-1 at 16, *citing Tone Bros., Inc. v. Sysco Corp.*, No. 90-cv-60011, 1992 WL 200128, at *5 (S.D. Iowa Mar. 17, 1992), *vacated on other grounds*, 28 F.3d 1192 (Fed. Cir. 1994).) Because the scope of a patent is limited "only by its

---

[3] It should also be noted that this Court directly compared the Galaxy Tab 10.1 to the D'889 patent in concluding that Apple will likely establish at trial that the two are "substantially similar" to "an ordinary observer." (Dkt. No. 452 at 45.) While the Court *also* compared the Galaxy Tab 10.1 with the iPad 2 (*id.* at 47-48), this does not affect the Court's conclusion that "the Galaxy Tab 10.1 is substantially similar to the D'889 patent."

[4] Samsung's opposition to Apple's motion to exclude notes that the Federal Circuit vacated this opinion. (*See* Dkt. No. 999-2 at 20 n.8.) The Federal Circuit did so, however, on grounds that are unrelated to the district court's ruling on subsequent patents. Significantly, Samsung's opposition cites no case holding that later patents can retroactively change an earlier patent's scope.

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR RECONSIDERATION OF THE COURT'S MAY 21, 2012 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3151987

9

terms and not be subsequent patents," Apple's later patent applications are irrelevant as a matter of law and do not justify reopening the evidentiary record.

### D. The Federal Circuit's Validity Ruling Does Not Warrant Reconsideration of this Court's Infringement Ruling

Samsung contends that the Federal Circuit's analysis of the D'889 patent's validity is a "new legal development" that "alter[s] the construction and infringement analyses which the Court should conduct in considering who is likely to succeed on the merits." (Motion at 15-16.) This makes no sense. If the Federal Circuit thought its validity analysis warranted reconsideration of the infringement ruling, it would have said so. The Federal Circuit considered Samsung's non-infringement arguments to be so insignificant that it did not even address them.

### E. Alleged Changes in the Tablet Market Do Not Warrant Reopening the Record or Reconsidering the Court's Irreparable Harm Ruling

Samsung argues that the record should be reopened to consider new evidence related to "irreparable harm." (Motion at 10.) Samsung argues that this evidence shows that while Apple continues to have the largest share of the tablet market (█ as of the end of 2011), Samsung's share has fallen significantly and other companies have gained significant market share. (*Id.*) Even if this evidence were considered, however, it would not change the fundamental fact that continued sales of the Galaxy Tab 10.1 are likely to take away sales of Apple products and to have "long-term effects that are difficult to calculate and may not be recaptured," due to brand loyalty and network compatibility issues. (*See* Dkt. No. 452 at 32.) Indeed, given that Apple continues to have the largest share of the tablet market, Samsung's infringing sales are far more likely to take away sales from Apple than from any other competing company.

## V. CONCLUSION

Samsung's motion for reconsideration is a baseless attempt to inflict further irreparable harm on Apple by delaying the issuance of a preliminary injunction against Samsung's sales of infringing tablets. Samsung's motion should be denied, and an injunction issued forthwith.

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR RECONSIDERATION OF THE COURT'S MAY 21, 2012 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3151987

10

1 | Dated: June 4, 2012 | MORRISON & FOERSTER LLP

By:  */s/ Michael A. Jacobs*
       Michael A. Jacobs

Attorneys for Plaintiff
APPLE INC.

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR RECONSIDERATION OF THE COURT'S MAY 21, 2012 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3151987

11