United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE, INC., a California corporation,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

Case No.: 11-CV-01846-LHK

ORDER GRANTING IN PART, DENYING IN PART MOTIONS TO SEAL

Before the Court are three motions to seal: Samsung's motion to seal its opposition to Apple's motion for a Rule 62(c) preliminary injunction, Samsung's motion to seal its request for leave to file a motion for reconsideration of the Court's May 21, 2012 Order, and Apple's motion to file under seal its reply in support of its motion for a Rule 62(c) preliminary injunction. *See* ECF Nos. 977, 978, and 993.

1. Samsung's Motion to Seal its Opposition to Apple's Motion for a Rule 62(c) Injunction.

Exhibits 1, 2, and 4 to the Anderson Declaration, as well as the Chapple Declaration and the Merrill Declaration contain detailed information regarding sales and market share of Samsung tablets and confidential information regarding Samsung's business relationships. After "balanc[ing] the competing interests' of the public and the party who seeks to keep certain judicial

**United States District Court**
For the Northern District of California

records secret," the Court finds these documents properly sealable. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135) (alterations omitted). Samsung has offered a compelling reason why these exhibits and declarations are properly sealable. *See Nixon v. Warner Comm'ns*, 435 U.S. 589, 598 (1978) (citing *Schmedding v. May*, 85 Mich. 1, 5–6 (1891) and *Flexmir, Inc. v. Herman*, 40 A.2d 799, 800 (N.J. Ch. 1945)) (explaining that access to court documents has been denied where the documents contain business information that might harm a litigant's competitive standing).

Additionally, Samsung seeks to file under seal a narrowly tailored version of its opposition to Apple's motion for a Rule 62(c) preliminary injunction. Those portions of the opposition that disclose information derived from properly sealable exhibits and declarations are also properly sealable. Therefore, the Court also grants Samsung's motion to seal portions of its opposition. However, page 8 contains several redactions that contain information that was disclosed in Apple's opening brief. Therefore, the information on page 8 is not properly sealable. Accordingly, Samsung shall file its properly redacted opposition, which conforms to this Order, **within one week of the date of this order**.

2. Samsung's Motion to Seal Request for Leave to File Motion to Reconsider.

Exhibits 1 and 2 of the Anderson Declaration contain detailed market share information. After "balanc[ing] the competing interests' of the public and the party who seeks to keep certain judicial records secret," and for the reasons stated above, the Court finds these exhibits are properly sealable. *Kamakana*, 447 F.3d at 1179.

Exhibits 3 and 10 of the Anderson Declaration are portions of deposition testimony. Portions of Exhibits 3 and 10 contain discussions of confidential prototype design and development. After "balanc[ing] the competing interests' of the public and the party who seeks to keep certain judicial records secret," the Court finds the portions of documents properly sealable. *Kamakana*, 447 F.3d at 1179.

Exhibits 6-9 of the Anderson Declaration are photographs of the iPad 2 in comparison to another Apple prototype. Unlike Exhibits 3 and 10, which contain detailed information about Apple's prototype design and development, Exhibits 6-9 do not contain anything that would harm

United States District Court
For the Northern District of California

Apple by their disclosure. However, it is difficult to see why Apple seeks to seal these photographs, and how Apple will be harmed by disclosure of these photographs. For this reason, Samsung's motion to seal Exhibits 6-9 is DENIED.

Exhibits 12-14 of the Anderson Declaration are unpublished patent applications. These documents contain confidential information, the disclosure of which could harm Apple's competitive standing. Accordingly, Samsung's motion to seal Exhibits 12-14 is GRANTED.

Exhibit 16 is an expert report disclosing survey results of consumer confusion. Apple does not appear to have narrowly tailored its sealing request in compliance with Civil Local rule 79-5(a). Accordingly, the motion to file Exhibit 16 under seal is DENIED, without prejudice. If Apple wishes to narrowly tailor its request, it must file a proposed redacted report **within one week of the date of this Order**.

The confidentiality designations of Exhibits 4, 5, 11, and 15 were withdrawn by Apple. Accordingly, Samsung's motion to seal these exhibits is DENIED.

Finally, Samsung also moves to file under seal portions of its request for leave to file a motion for reconsideration. Those portions of the motion that disclose information derived from properly sealable exhibits are also properly sealable. Accordingly, Samsung shall file its properly redacted motion, which conforms to this Order, **within one week of the date of this order**.

3. Apple's Motion to Seal its Reply to its Motion for a Rule 62(c) Preliminary Injunction.

Apple's motion seeking leave to file under seal portions of its reply in support of its motion for a Rule 62(c) preliminary injunction as well as portions of [Proposed] Findings of Fact and Conclusions of Law is narrowly tailored to seal only information that is properly sealable in compliance with Civil Local rule 79-5(a). The information that Apple seeks to seal has either been found to be properly sealable pursuant to this sealing order, or pursuant to a previous court order granting a party's motion to seal. Accordingly, Apple's motion is GRANTED.

**IT IS SO ORDERED.**

Dated: June 4, 2012

Lucy H. Koh

LUCY H. KOH
United States District Judge