QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO NOTICE OF MOTION FOR CLARIFICATION OF APRIL 12 ORDER**<br><br>Date:    June 21, 2012<br>Time:   10:00 a.m.<br>Place:   Courtroom 5, 4th Floor<br>Judge:   Hon. Paul S. Grewal |

# TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ........................................................................................1

II. ARGUMENT .....................................................................................................................2

    A. Apple's Motion Should Be Stricken As An Improper Motion For Reconsideration ......................................................................................................2

    B. Apple's Compliance with the Part B.2 of the April 12 Order Cannot Be Excused: Apple's "Problems" Are of its Own Making and Apple Has Made No Attempt to Overcome or Mitigate Them .............................................4

    C. Apple's Request for Clarification Regarding the Additional Depositions is an Attempt to Evade Compliance with Part B.1. of the April 12 Order ...................5

III. CONCLUSION ..................................................................................................................8

# TABLE OF AUTHORITIES

**Page**

### Cases

*Ciampi v. City of Palo Alto*,
  2011 WL 2222139 (N.D. Cal. Jun. 7, 2011) ...............................................................................2

*Jenkins v. Whittaker Corp.*,
  785 F.2d 720 (9th Cir. 1986)......................................................................................................2

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
  571 F.3d 873 (9th Cir. 2009)......................................................................................................3

*United States v. 1982 Sanger 24' Spectra Boat*,
  738 F.2d 1043 (9th Cir. 1984)....................................................................................................2

### Statutes

Civil L.R. 7.....................................................................................................................................4

Civil L.R. 7-9(b).............................................................................................................................3

Civil L.R. 7-9(b)(1) ........................................................................................................................3

## I. PRELIMINARY STATEMENT

Apple's efforts to excuse its blatant noncompliance with the Court's April 12 Order are extraordinary. Continuing a long-standing pattern of resistance to the production of discovery from cases with a technological nexus, Apple's "notice of motion" is now the *fifth* in a series of procedurally improper submissions to this Court seeking to gut Sections B.1 (requiring depositions) and B.2 (requiring production of materials from related proceedings) of the Order. This latest submission adds nothing; Apple has still presented no evidence that could allow this Court to conclude that Apple could not comply, or that it should not have to.

Apple's latest motion should be stricken as an improper motion for reconsideration. Apple seeks to reconsider and reverse, not clarify, and Apple has neither obtained leave to file such a motion as required by L.R. 7-9(a) nor shown it has grounds for such a motion, as required by L.R. 7-9(b). Like Apple's previous filings, the restrictions it seeks to impose cannot be read from the plain language of the Order. Further, Apple's May 22 submission (a notice of motion revitalizing Apple's April 26 "administrative" motion to clarify) was clearly filed in response to Samsung's May 22 motion to enforce in order to give Apple a reply brief in addition to its opposition brief on Samsung's motion. Apple does not deserve a double helping of this Court's judicial resources, which is all the more disturbing since Apple's willful noncompliance created the need for Samsung to file a motion to enforce in the first place.

Nor does Apple's motion have substantive merit. Apple claims it could not produce all related litigation materials the Court ordered it to produce by April 27 (*see* Part B.2. of the Court's Order). But this was a crisis entirely of Apple's own making. First, Apple knew there were third-party consent issues back in November, and when Samsung represented to the Court in March that it had obtained all but one of the necessary authorizations, Apple did not suggest otherwise. It waited until just a few days before the Court's deadline for production to seek authorization from the many other previously unidentified third parties whose confidentiality interests were purportedly implicated. Second, once it finally identified the problem, it applied almost no effort to resolving it, apparently concluding that once it had a "motion to clarify" on file, it need not pursue the consents.

Apple also asks the Court to rewrite part B.1. of the Court's Order allowing Samsung to take five short additional depositions.  The Court's Order is unambiguous and unqualified, allowing the depositions "to mitigate" the prejudice caused by Apple in withholding the deposition transcripts it should have produced in January.  The five deponents were selected by Samsung with the Court's stated purpose squarely in mind, yet Apple – while failing to show these deponents are irrelevant or unrelated to information produced in the missing transcripts – asks this Court to add a vague "clarification" to the Order.  Apple hopes to use the "clarification" (in yet another round of motion practice) to excuse its noncompliance, but it cannot be excused.  The reason the witnesses were not deposed is because Apple refused to produce them – period.

As with all of the previous filings on this same subject, the solution is simple – Apple should be forced to comply with the Court's Order.

## II. ARGUMENT

### A. Apple's Motion Should Be Stricken As An Improper Motion For Reconsideration

Apple's motion suffers from multiple procedural failings.  First, although styled a motion for "clarification," Apple in fact seeks reconsideration of the Court's April 12 Order.  Apple's label for the motion is not controlling; "the substance of the motion rather than the form determines which Rule it falls under." *Jenkins v. Whittaker Corp.*, 785 F.2d 720, 736 (9th Cir. 1986); *United States v. 1982 Sanger 24' Spectra Boat*, 738 F.2d 1043, 1045 (9th Cir. 1984) ("The moving party's label for its motion is not controlling.").

Apple does not identify any parts of the Court's order that are unclear; rather it seeks to be excused from compliance with certain parts of the Court Order.  *See Ciampi v. City of Palo Alto,* 2011 WL 2222139, at *1 (N.D. Cal. Jun. 7, 2011) (holding that a so-called motion for clarification sought reconsideration of the Court's order because it did not identify any part of the Court's ruling that was unclear).  Apple asks that it be "relieved of any requirement to produce confidential documents from court files in the applicable cases" even though Part B.2. of the Court order explicitly contemplates production of all related materials.  Dkt. Nos. 967; 867.  Apple also asks that the Court find that "Part B.1 of the Order, compelling additional depositions, permitted

1  Samsung to take only those depositions that were reasonably necessary to mitigate the prejudice
2  caused by Apple's late production of transcripts pursuant to the Order, and that were timely
3  noticed." Dkt. No. 967.  In both instances, Apple identifies no language from the April 12 Order
4  that would support either interpretation because it cannot.

5       "No party may notice a motion for reconsideration without first obtaining leave of Court to
6  file the motion." Civil L.R. 7-9(a).  Apple has not done so.  Moreover, even if Apple had obtained
7  the appropriate leave of Court to file the motion, it would fail because Apple has also not
8  complied with the requirements of Civil Local Rule 7-9(b).  Local Rule 7-9(b)(1) requires Apple
9  to show that "a material difference in fact or law exists from that which was presented to the Court
10 before entry of the interlocutory order for which the reconsideration is sought … that in the
11 exercise of reasonable diligence [Apple] did not know such fact or law at the time of the
12 interlocutory order." Civil L.R. 7-9(b)(1).  The alleged restrictions on the production of materials
13 from related proceedings are not a "new fact" as contemplated by the local rules.  Nor does
14 Apple's belated identification of more than a dozen third parties whose consent may be required
15 for production satisfy Rule 7-9(b)(1), when Apple had previously represented that only five third
16 parties were implicated.  As a party to each of the related proceedings, Apple knew or should have
17 known of any restrictions prior to submitting either of its opposition briefs[1] to the Court.  Apple
18 cannot now raise these arguments which it failed to raise prior to the Court's ruling.  *Marlyn*
19 *Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("A
20 motion for reconsideration may not be used to raise arguments or present evidence for the first
21 time when they could reasonably have been raised earlier in the litigation.").

22      The procedural failing is not limited to the improperly labeled notice of motion filed on
23 May 22, 2012.  Instead, Apple relies on a series of improperly filed papers, including the April 26,
24 2012 "Administrative Motion for Clarification" and supporting declarations and exhibits (Dkt.
25 Nos. 885, 887); Apple's Reply in Support of Motion for Clarification (Dkt. No. 894); Apple's

---

[1] Apple submitted an opposition brief to Samsung's December 13, 2011 motion to compel (Dkt. No. 502) and to Samsung's March 6, 2012 motion to compel (Dkt. No. 825).  In both briefs, Apple notes its awareness of limitations in the ITC protective orders.

1  "Status Update" and supporting exhibits (Dkt. Nos. 903-904); and Apple's Supplemental

2  Statement of Additional Facts in Support of Motion for Clarification and supporting exhibits (Dkt.

3  Nos. 911-914).  Notably, Apple filed its latest notice of motion nearly a month after the motion it

4  references and just hours after Samsung filed its motion to enforce the Court's April 12 Order.

5  All the issues are already being addressed by Samsung's motion to enforce, and Apple has shown

6  no reason why a cross-motion is needed.  That Apple wants a reply brief is not a legitimate reason.

7  It is an end-run around the Local Rules[2] and the Court's many statements disfavoring the

8  submission of additional papers making points that could and should have been made elsewhere.

      **B.**    **Apple's Compliance with the Part B.2 of the April 12 Order Cannot Be Excused:  Apple's "Problems" Are of its Own Making and Apple Has Made No Attempt to Overcome or Mitigate Them**

11       Apple claims it had no choice but to violate the Court's order, but its actions illustrate that

12  Apple has never really tried.  Instead, Apple delayed seeking the many authorizations it claims are

13  needed for it to comply with the Court's order, and made only lukewarm efforts to obtain them.

14       This is not a new issue. When Samsung first requested these documents last fall, Apple

15  first raised concerns about confidential business information within the requested production.

16  After the Court required Samsung to seek any necessary consents, Samsung repeatedly requested

17  that Apple identify any and all relevant third parties, and Apple provided the names of five

18  companies.[3]  As a result, Samsung was able to obtain the necessary authorizations from all but one

19  of the companies.[4]  Declaration of Diane Hutnyan ("Hutnyan Decl.") ¶ 2.

20       Even if it had previously failed to identify the more than 15 other third parties it claims

21  now require consent, once the April 12 Order was issued requiring Apple to produce all the

---

[2]  Local Rule 7 allows the filing of a motion, opposition and reply, with no surreply or other supplemental briefing by the non-movant outside of a couple exceptions inapplicable here.

[3]  The Court's December 22 Order required Samsung to obtain any necessary consents from third parties but the April 12 Order eliminated this obligation by ordering Apple to produce all the documents in unredacted form.  Dkt. No. 867.

[4]  The fifth entity had requested more information from Apple, which was not forthcoming until after the April 12 order.  Apple was able to obtain the necessary authorization from that entity just a couple of days after it provided the requested information in late April.  Hutnyan Decl. ¶ 2.

1 materials in unredacted form, Apple should have immediately identified these additional parties
2 and requested their consent. But it was not until April 25, 2012, two days before the deadline for
3 compliance, when Apple first sent out correspondence seeking consent. *See* April 26, 2012 Mazza
4 Declaration, Exs. 18-20. The very next day, it filed an "Administrative Motion for Clarification"
5 of the Court's order. Dkt. No. 885. Having "gone through the motions" by sending some form
6 letters, it argued it could never obtain the needed consents and asked to be excused from all further
7 efforts to comply with the Order.

8 Since that time, some of the third parties provided consents but there remain several
9 authorizations that Apple claims it still needs, and it appears that Apple has never followed up.
10 Samsung has repeatedly requested information about Apple's attempts to comply, most recently
11 on May 25, 2012. Hutnyan Decl. ¶ 3, Exh. A. Apple, however, has refused to answer and has
12 produced nothing that would suggest further efforts to resolve these supposed problems since its
13 last "status update" was filed nearly a month ago.

14 Apple has never explained why it should be relieved from producing the remaining
15 materials. Apple has not shown it would be impossible, or even really difficult, to comply with
16 the Court's Order. The only facts available show that Apple either was not diligent in attempting
17 to comply with the Order, and/or that it intentionally did not comply. And Apple's failure to
18 produce these materials continues to prejudice Samsung, as important deadlines continue to pass,
19 including the close of fact discovery, the close of expert discovery, and the deadline for filing all
20 dispositive motions. Apple cannot be permitted to continue withholding documents that were
21 ordered by the Court as trial looms ahead.

22 **C.   Apple's Request for Clarification Regarding the Additional Depositions is an Attempt to Evade Compliance with Part B.1. of the April 12 Order**
23

24 The Court's April 12 Order was clear in allowing Samsung to select up to five witnesses
25 for deposition: "In order to mitigate the prejudice to Samsung caused by Apple's failure to
26 produce all responsive deposition transcripts in a timely manner" the Court ordered that "Samsung
27 may take up to five additional depositions, for a total time not to exceed ten hours." Dkt. No. 867.
28 Yet Apple now requests a "clarification" purporting to inject a causation element into the Order,

requiring the additional depositions to be *"reasonably necessary to mitigate* prejudice caused by Apple's late production of transcripts pursuant to the Order." Dkt. No. 967. This restriction is not supported by any language in the Court's order.

Apple knowingly withheld over 280 deposition transcripts amounting to more than 34,000 pages of testimony, with three of these transcripts being produced for the first time last week. Dkt. No. 965. As this Court has previously recognized, employee transcripts from cases with a technological nexus – in this case, with the very same patents, or related patents, being asserted – are highly relevant, as they include statements going to the scope, infringement and validity of the patents in suit in this case. With such an extraordinary volume of relevant materials being produced well after the discovery cutoff, it is not possible to fully remedy the prejudice experienced by Samsung through five short depositions. But each of these depositions certainly helps, and Samsung has chosen each of these deponents because of information found in the newly produced deposition transcripts, as described in detail in Samsung's Motion to Enforce the April 12 Order. Dkt. No. 965.

Apple's motion for clarification does not show that any of the five witnesses would be impermissible under the Order the Court entered. Apple did not argue that they were irrelevant, or that they were unrelated to the many facts and issues finally revealed in the recently produced transcripts. It cannot. So Apple's proposal is intended to create a new restriction that Apple can use, in another round of motion practice based on the new order, to justify its decision not to produce these witnesses. Apple should not be encouraged to create a new round of motion practice over whether the individuals selected by Samsung are "reasonably necessary" to mitigate the prejudice to Samsung.

Apple's additional suggested post hoc limitation on the Court's Order, to only allow depositions "that were timely noticed," is even less persuasive. When Samsung provided the list of the five individual deponents just past midnight on May 8, 2012, Apple did not state that they were unavailable or even say it would check into availability. Instead, Apple immediately demanded that Samsung "explain, with specific citations to transcript pages why Samsung believes it is entitled to take these depositions" and complained that Samsung had previously

1  deposed an individual too extensively, not deposed another, and not deposed another extensively
2  enough.  Hutnyan Decl. ¶ 4, Exh. B.  Apple has never shown, or even claimed, it could not
3  produce any of these individuals for short two-hour depositions.  And to head off any potential
4  scheduling difficulties and ease any burden on the witnesses, Samsung had also offered to enter a
5  stipulation seeking a ten-day extension of the deadline, but Apple showed no interest.  *See id.*
6  Instead, the day before the deadline for compliance had run, Apple filed another procedurally
7  improper "status update" with the Court confirming that it would not produce any witnesses by the
8  May 10 deadline.  Dkt No. 911.

9        Throughout all of Apple's letters and filings with the Court one message is clear:  Apple
10 never intended to produce witnesses for further deposition.  It began imposing supposed
11 limitations on Samsung's ability to take these depositions in the weeks leading up to the Court's
12 deadline.  For example, on April 24, 2012, Apple sent a letter claiming that it did not "see any
13 [deposition transcripts] that warrant recalling a witness for deposition."  Hutnyan Decl. ¶ 5, Exh.
14 C.  Apple sent another letter the following day, stating that it would only produce witnesses
15 necessary to mitigate the prejudice to Samsung (with no explanation as to how this standard would
16 be applied) and claiming that no prejudice resulted from its non-production of the ITC 796
17 Investigation transcripts.  Hutnyan Decl. ¶ 6, Exh. D.  But even though Samsung has since
18 identified deponents who contain knowledge of relevant topics discussed in the withheld
19 transcripts, it still has not produced any of them for deposition.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27
28

## III. CONCLUSION

For the foregoing reasons, Samsung requests that the Court either strike or deny Apple's Motion for Clarification of April 12 Order.

DATED: June 5, 2012

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
   Charles K. Verhoeven
   Kevin P.B. Johnson
   Victoria F. Maroulis
   Michael T. Zeller
   Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC