# EXHIBIT D

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482
U.S.A.

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

April 25, 2012

Writer's Direct Contact
415.268.6024
MMazza@mofo.com

*By Email* (dianehutnyan@quinnemanuel.com)

Diane Hutnyan
Quinn Emanuel
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017

Re:   *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)

Dear Diane:

This letter responds to yours sent to us last night, April 24, at 10:57 PM Pacific Time.

As we advised in our immediate response email (copy attached, providing Bates numbers), your letter misstates the scope of Apple's production of deposition transcripts pursuant to the Court's April 12 Order.  Apple has fully complied with the April 12 Order regarding production of transcripts, including by producing transcripts of depositions taken after the close of discovery in this case and transcripts of depositions taken after the witness's deposition in this case.  Apple has not, however, re-produced deposition transcripts that Apple had already produced or "deemed produced" pursuant to the agreement of the parties. (*See* Email from D. Hutnyan to M. Mazza dtd April 13, 2012 at 3:36 PM Pacific Time.)

Apple is disturbed by your statement, made in last night's letter, that the April 12 Order does not "limit the individuals that Samsung may depose to the Apple employees whose transcripts are now belatedly being produced."  Apple does not understand the Court's Order as supplying Samsung with a "blank check" to depose any five people it desires.  The Order specifically cited and relied on Samsung's request for "a court order allowing Samsung to . . . take the deposition of witnesses whose transcripts in other matters were produced late." (Dkt. No. 867 at 7.)  Apple's understanding of the Order is that it allows Samsung to take up to five additional depositions *that are justified by prejudice caused by the late production of deposition transcripts*.  (*Id.* at 10.)

sf-3137637

**MORRISON | FOERSTER**

Diane Hutnyan
April 25, 2012
Page Two


Because prejudice is the touchstone, the April 12 Order does not authorize Samsung to re-open the deposition of any Apple witness based on the production of a transcript for a deposition that post-dates the witness's deposition in this case.  This includes, for example, all of the depositions taken in the ITC 796 action.  All of those depositions were taken *after, if not during*, the witness's deposition in this case.[1]  Obviously, Samsung suffered no prejudice from Apple's failure to produce those transcripts earlier.  The transcripts did not exist at the time the witness was deposed in this case.

If you are unable to provide us by 5 p.m. this evening with the names of any Apple witnesses you would like to re-depose, please at least advise us today whether you disagree with any part of Apple's interpretation of the April 12 Order.

Sincerely,

*/s/ Mia Mazza*

Mia Mazza

Encl.

cc:     S. Calvin Walden
        Peter Kolovos

---

[1]  The meet-and-confer correspondence documents that this sequencing was strictly required by Samsung when the depositions of overlapping ITC and N.D. Cal. witnesses were being scheduled.

sf-3137637

# Mazza, Mia

| | |
|---|---|
| **From:** | Mazza, Mia |
| **Sent:** | Tuesday, April 24, 2012 11:38 PM |
| **To:** | Diane Hutnyan |
| **Cc:** | AppleMoFo; 'WH Apple Samsung NDCal Service'; Samsung v. Apple |
| **Subject:** | RE: Apple v. Samsung Co., Case No. 11-cv-1846 LHK (N.D. Cal.): Correspondence re April 12 Court Order |

Diane:

I wanted to get right back to you to clear up what appear to be a few misunderstandings on Samsung's part.

First, the list attached to my letter to you of earlier today is a subset of the deposition transcripts produced by Apple pursuant to the April 12 Order. Your team is directed to Apple's productions of April 17 and 20, 2012 at APLNDC003107336-3122498 and APLNDC-Y0000239399-251389.

Second, in producing deposition transcripts pursuant to the April 12 Order Apple did not re-produce duplicate copies of deposition transcripts Apple had already produced during the discovery period. For example, Apple has not re-produced the Motorola ITC 750 deposition transcripts of John Elias (APLNDC0001251403), Martin Grunthaner (APLNDC0001251230), Steven Hotelling (APLNDC0001251506), Brian Huppi (APLNDC0001251998), Eric Jue (APLNDC0001246240), Chris Krah (APLNDC0001248909), Chip Lutton (APLNDC0001249107), Josh Strickon (APLNDC0001244550), Boris Teksler (APLNDC0001220501), or Wayne Westerman (APLNDC0001251285).

Third, the parties agreed on April 15, pursuant to your suggestion, that "796 deposition transcripts are immediately deemed produced in this action." (Email from D. Hutnyan to M. Mazza dtd April 13, 2012, 3:36 p.m.) Therefore, Apple completed its production of ITC 796 deposition transcripts on that date.

There is nothing deficient about Apple's production of deposition transcripts last week pursuant to the April 12 Order. Please do not delay in advising us of any additional Apple employee depositions that Samsung requests to be taken under the April 12 Order. We continue to request that you provide us with any and all names tomorrow.

Regards,

**Mia Mazza**
**Morrison & Foerster LLP**
**San Francisco**
**(415) 268-6024 office**
**(415) 216-5835 mobile**
**(415) 268-7522 fax**

4/25/2012

**From:** Brad Goldberg [mailto:BradGoldberg@quinnemanuel.com]
**Sent:** Tuesday, April 24, 2012 10:57 PM
**To:** Mazza, Mia
**Cc:** AppleMoFo; 'WH Apple Samsung NDCal Service'; Samsung v. Apple; Diane Hutnyan
**Subject:** Apple v. Samsung Co., Case No. 11-cv-1846 LHK (N.D. Cal.): Correspondence re April 12 Court Order

Mia,

Please see the attached correspondence from Diane Hutnyan.

Regards,


**Brad Goldberg**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3248 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
BradGoldberg@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.