HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC.,<br><br>                    Plaintiff,<br><br>          v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                    Defendants. | Case No.      11-cv-01846 LHK (PSG)<br><br>**APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR RULE 37 SANCTIONS FOR APPLE'S VIOLATIONS OF DECEMBER 22, 2011 COURT ORDER**<br><br>Date:      June 21, 2012<br>Time:     10:00 a.m.<br>Place:     Courtroom 5, 4th Floor<br>Judge:    Hon. Paul S. Grewal |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................. ii

I.     INTRODUCTION ................................................................................................ 1

II.    BACKGROUND ................................................................................................. 2

    A.    Samsung Moved to Compel When the Parties Disagreed over the Scope of
        Production of Transcripts from Inventor Witnesses ................................ 2

    B.    Apple Produced Transcripts Consistent with Its Understanding of the
        December 22 Order ................................................................................... 3

    C.    Apple Produced Transcripts in Compliance with the April 12 Order..................... 4

    D.    Samsung Failed to Use the Depositions Granted under the April 12 Order .......... 5

III.   ARGUMENT ...................................................................................................... 6

    A.    Apple Attempted in Good Faith to Comply with the December 22 Order ............. 6

    B.    Samsung Has Not Been Prejudiced by Apple's Production of Irrelevant
        Transcripts .............................................................................................. 9

    C.    Samsung's Requested Sanctions Are Unprecedented and Unreasonable ............. 11

IV.    CONCLUSION ................................................................................................. 13

APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR RULE 37 SANCTIONS OF DEC. 22, 2011 ORDER
Case No. 11-cv-01846 LHK (PSG)
sf-3154041

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Rooney v. Sierra Pacific Windows*,
No. 10-cv-00905-LHK, 2011 WL 2149097 (N.D. Cal. June 1, 2011) (Koh, J.) ................... 12

OTHER AUTHORITIES

Fed. R. Civ. P. 26(b)(2)(C)(iii) ................................................................................................... 3, 8

APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR RULE 37 SANCTIONS OF DEC. 22, 2011 ORDER
Case No. 11-cv-01846 LHK (PSG)
sf-3154041

ii

1

## I.    INTRODUCTION

2      Apple produced months ago, for all employee witnesses in this case, all prior transcripts

3 with a technological nexus to this case.  In so doing, Apple thought that it had complied with the

4 December 22 Order.  Apple's understanding that it was not required to produce more than a

5 hundred transcripts of testimony from employees who are not witnesses in this case and others

6 who do not have prior testimony with a technological nexus turned out to be a misreading of the

7 Order, but it was substantially justified in light of the context in which the Order arose and the

8 extensive negotiations that preceded it.  When this Court ordered, on April 12, a broader

9 production of transcripts, Apple promptly complied.  Samsung's motion finds no fault with

10 Apple's production in response to the April 12 Order.

11      Samsung argues for sanctions based on Apple's original reading of the December 22

12 Order, but its motion contains no evidence of prejudice from this mistake.  Samsung fails to

13 identify a single probative statement—let alone an impeaching one—in any of the transcripts

14 Apple subsequently produced.  Samsung squandered the opportunity the Court gave it to mitigate

15 any such prejudice by waiting until just after midnight the morning of May 9 to request five

16 depositions that the Court ordered to be completed by May 10.  Moreover, the transcripts

17 Samsung cites in its co-pending Motion to Enforce the April 12 Order contain *nothing* that would

18 justify additional depositions of the five deponents Samsung belatedly requested.  Given that

19 Samsung cannot even substantiate the need for its five highest-priority deposition requests, there

20 is no basis to believe that the remainder of Apple's transcript production was prejudicial.

21      Apple has successfully moved to sanction Samsung where Samsung ignored multiple

22 orders requiring it to produce evidence of (a) its campaign to copy Apple products, (b) the source

23 code for its accused products, and (c) financial information pertaining to damages.  To obtain

24 such sanctions, Apple demonstrated that the withheld documents and testimony were *directly*

25 *relevant* to the core issues in the case and that Samsung's position was without substantial

26 justification.  Samsung's current sanctions motion imitates Apple's motions in form, but omits

27 the substance.  It presents no evidence that Samsung was prejudiced and no reason to find that

28

1   Apple's reading of the December 22 Order was not substantially justified.  Samsung's motion for

2   sanctions should be denied.

3   **II.      BACKGROUND**

4         **A.      Samsung Moved to Compel When the Parties Disagreed over the Scope of
            Production of Transcripts from Inventor Witnesses**

5

6        In an October 19, 2011 telephone conference, Samsung requested that Apple produce

7   prior deposition transcripts of inventors.  Samsung memorialized the request in a letter on

8   October 21:  "Samsung requested that Apple provide all prior deposition transcripts for all

9   inventor witnesses."  (Declaration of Nathan Sabri in Support of Apple's Oppositions to

10  Samsung's Motion for Sanctions and Motion to Enforce ("Sabri Decl.") Ex. 1.)  Samsung

11  explained that the materials were relevant "as prior sworn testimony" and "to the witness's

12  credibility."  (*Id.*)

13       Subsequent meet-and-confer correspondence confirmed the scope of Samsung's request.

14  Samsung reiterated that it was seeking "trial transcripts relating to inventors" and added that the

15  number of transcripts sought was "small."  (*Id.* Ex. 2.)  Apple responded that Samsung's request

16  for "prior deposition and trial transcripts for inventors, regardless of subject matter" was

17  overbroad.  (*Id.* Ex. 3.)  Samsung clarified that it sought transcripts only "where the inventor is

18  testifying in his or her capacity as an Apple employee."  (*Id.* Ex. 4.)  The parties met and

19  conferred further on the topic, and Samsung again stated that it sought transcripts for each witness

20  "who is deposed" and asked for a list of prior deposition transcripts of each deponent in this case.

21  (*Id.* Ex. 5.)  Samsung reiterated that its request extended only to "prior testimony" from

22  "individual[s] who would likely appear as a witness *in this case*," noted that the parties may adopt

23  a "technological nexus" approach and asked for Apple's definition of that term.  (*Id.* Ex. 6

24  (emphasis added).)  Apple provided that definition on November 29 with a standard that varied

25  based on the type of "inventor" (design vs. utility) and summarized the meet-and-confer history

26  that led to this point in the discussion.  (*Id.* Ex. 7.)  Samsung responded by characterizing Apple's

27  definition as "new and very limited" and demanded a list of cases in which "an employee who

28  would likely appear as a witness in this case testified in his or her capacity as an Apple

APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR RULE 37 SANCTIONS OF DEC. 22, 2011 ORDER
Case No. 11-cv-01846 LHK (PSG)
sf-3154041

2

1  employee." (*Id.* Ex. 8.)  Samsung then moved to compel on December 13, 2011.  (Dkt. No. 488

2  ("December 13 Motion to Compel").)

3          Consistent with the parties' meet-and-confer history, Samsung's motion sought

4  production of all prior testimony of Apple's witnesses testifying in this case, and referred

5  specifically to inventors in the meet-and-confer history it recounted in support of its motion.

6  Samsung's motion emphasized that the transcripts that Samsung sought were "from Apple's

7  witnesses," "few in number and highly relevant to this case."  (December 13 Motion to Compel

8  at 20.)  Samsung explained that the prior testimony it sought would have a technological nexus to

9  this case because "[w]hatever inventions they invented or whatever products and features they

10  worked on, certainly have a 'technological nexus' to the inventions, products and features at issue

11  in the instant action."  (*Id.*)  Samsung added that it was entitled to these transcripts "to assess the

12  credibility of the witnesses *testifying in this case*."  (*Id.* at 21 n.11 (emphasis added).)  Finally,

13  Samsung supported its motion to compel with a declaration discussing "prior deposition

14  testimony of Apple employee-inventors" and citing the written correspondence and meet-and-

15  confer sessions discussed above.  (Hutnyan Decl. ISO Samsung's Mot. to Compel [Dkt. No. 488]

16  ¶ 43.)

17      **B.      Apple Produced Transcripts Consistent with Its Understanding of the**
              **December 22 Order**
18

19          On December 22, the Court issued an order accepting Apple's position and rejecting

20  Samsung's.  (December 22 Order [Dkt. No. 536] at 5 ("The court finds Apple's proposed

21  definition of 'technological nexus' to be an appropriate measure under the balancing provisions of

22  Fed. R. Civ. P. 26(b)(2)(C)(iii).")  Apple was ordered to produce transcripts of "prior" deposition

23  testimony of Apple witnesses testifying in their employee capacity.  (*Id.*)  The Court incorporated

24  Apple's proposed language, which specifically addressed how the standard would apply to

25  "design patent *inventors*" and "utility patent *inventors*."  (*Id.* at 5 n.6 (emphasis added).)  The

26  Court also held that if Samsung believed additional transcripts should be produced, it should so

27  notify Apple.  (*Id.* at 5.)  The Court further ordered the parties to try to come to "agreement"

28  regarding which cases fall outside of the "technological nexus" standard.  (*Id.* at 5.)

3

1    Pursuant to the December 22 Order and guided by what it understood the scope of

2 Samsung's December motion to have been, Apple produced all transcripts that it believed were

3 encompassed by the order, in particular all prior testimony from Apple's inventor witnesses that

4 would meet the "technological nexus" standard.  Apple also produced all prior testimony that it

5 identified from Apple's other employee-witnesses testifying in this case who Apple believed met

6 the "technological nexus" standard.  (Sabri Decl. ¶¶ 15.)

7    Two months later, as the Court directed, Samsung identified the cases it believed bore a

8 "technological nexus" to the present case.  (Sabri Decl. Exs. 9, 10.)  Apple disagreed with

9 Samsung's list because it swept in irrelevant cases involving such technologies as car radios and

10 image compression.  (*Id.* Ex. 11.)  In response, Samsung dropped several cases from its list.  (*Id.*

11 Ex. 12.)  Among the cases it dropped was the ITC 701 investigation involving Nokia.  (*Id.*)

12 Apple revisited its production, produced several additional transcripts—most of which were from

13 after January 15, the deadline for production in compliance with the Court's December 22

14 Order—and understood its compliance with the December 22 Order to be complete.  (*Id.* ¶¶ 14-

15 16.)

16    **C.    Apple Produced Transcripts in Compliance with the April 12 Order**

17    On March 7, 2012, Samsung filed a motion to compel and to enforce the Court's

18 December 22 Order.  Samsung demanded production of transcripts of "inventors and other fact

19 witnesses." (Motion to Compel and Enforce [Dkt. No. 782] at 2.)  By the time Samsung's motion

20 had been filed, Apple had already produced forty-nine deposition transcripts from Apple

21 witnesses.  (Sabri Decl. ¶ 17.)  The Court issued an order on April 12 directing Apple to produce

22 all deposition transcripts of Apple employees, testifying in their employee capacity, from all

23 actions bearing a technological nexus to this case.  (Dkt. No. 867 at 10.)  The Court's order also

24 stated that to mitigate any prejudice to Samsung from late-produced deposition transcripts,

25 Samsung would be entitled to "five additional depositions" and that "Samsung must complete any

26 deposition to be taken as a result of this order by May 10, 2012."  (*Id.*)  The Court further ordered

27 Apple to "produce" to Samsung the transcripts of depositions that Samsung took of Apple

28 witnesses in the co-pending 796 ITC investigation.

APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR RULE 37 SANCTIONS OF DEC. 22, 2011 ORDER
Case No. 11-cv-01846 LHK (PSG)
sf-3154041

4

Apple agreed to Samsung's proposal immediately to "deem produced" all 796 investigation deposition transcripts.  (Sabri Decl. Ex. 14.)  Apple produced all other transcripts on a rolling basis, finishing on April 21, nearly a week before the Court's April 27 deadline.  (*Id.* ¶ 20.)  Apple notified Samsung on April 22 that it had completed its production.  (*Id.* Ex. 15.)  Apple included a list of the transcripts in the production.  (*Id.*)  In total, Apple produced 197 transcripts, 116 of which were from cases not even on Samsung's list of related cases but included in an attempt to be overly inclusive—*QRG v. Apple* (D. Md. 1:05-cv-03408-WMN), the Nokia ITC 701 investigation that Samsung had dropped from its list as described above, and the HTC ITC 710 investigation.  (*Id.* Ex. 16.)  Twelve others were transcripts of depositions taking place *after* the close of fact discovery in this case, and another nine were from after the deadline for compliance with the December 22 Order.  (*Id.*)  Of the 50 remaining transcripts, the vast majority are from individuals who were not deposed in this case and are wholly irrelevant to this matter.  (*Id.*)  With the exception of an Ording transcript prepared the day after Apple's compliance deadline for the December 22 Order, *none* of these 50 is an inventor on any of the patents-in-suit.

### D. Samsung Failed to Use the Depositions Granted under the April 12 Order

As noted above, the April 12 Order stated that Samsung could take up to five depositions in order to mitigate any prejudice arising from late-produced transcripts, all of which were to be completed by May 10.  Despite the deadline, three reminders and warnings that Apple would not ignore this deadline (Sabri Decl. Exs. 25-27), and Apple's comment in a motion for clarification that Samsung had yet to identify any deponents (Dkt. No. 887-0), Samsung waited eighteen days after Apple completed production of transcripts to identify deponents.  Samsung sent its list to Apple at 12:21 a.m. the morning of May 9—one day before the Court-imposed deadline to complete all five depositions—and demanded that Apple either stipulate to extend Samsung's deadline or produce all five deponents for deposition the next day.  (Sabri Decl. Ex. 17.)  Apple declined Samsung's demand.

APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR RULE 37 SANCTIONS OF DEC. 22, 2011 ORDER
Case No. 11-cv-01846 LHK (PSG)
sf-3154041

5

## III.     ARGUMENT

To comply with this Court's December 22 Order, Apple produced prior deposition transcripts with a technological nexus for its witnesses in this case, including all prior inventor testimony as well as prior testimony of other employee-witnesses with a technological nexus to this case.  Samsung has failed to demonstrate any actual prejudice it has suffered from Apple's production of additional transcripts pursuant to the April 12 Order.  Samsung's motion should be denied.

### A.     Apple Attempted in Good Faith to Comply with the December 22 Order

To justify sanctions, Samsung attempts to demonstrate that Apple misled the Court regarding the scope of Apple's production of transcripts pursuant to the December 22 Order. Samsung's arguments rest on false and misleading information.  Apple timely produced nearly fifty deposition transcripts of employees under the December 22 Order.  (*Supra* at II.C.) Samsung's claim that Apple produced only fifteen employee deposition transcripts by March 2012 is false—in fact, Apple already debunked a similar claim at the April 9 hearing. (April 9 Hr. Tr. at 108:21-109:6; 138:16-25 (correcting Samsung's counsel's representation that numerous transcripts were not produced when in fact they were produced); Sabri Decl. ¶ 18.) Apple produced *all* prior testimony of employee-inventors from cases Apple believed to be sufficiently related to the patents in suit to create a "technological nexus," and all prior transcripts with a technological nexus from other employee-witnesses in this case.  (*Supra* at II.B.)

Samsung accuses Apple of misrepresenting the scope of its production of inventor testimony, alleging that Apple produced thirteen inventor deposition transcripts after the April 12 Order.  (Motion at 8.)  Samsung is flatly wrong as to some of these transcripts and misleading as to the others:

- Apple produced prior deposition transcripts of Scott Herz, Imran Chaudhri, Richard Williamson, and Chris Blumenberg in *October and November.*  (Sabri Decl. ¶¶ 18, 23, Exs. 13, 18.)  *No* transcripts for these witnesses were produced in response to the April 12 Order.  Apple also produced two prior deposition transcripts of Bas Ording, one each in October and November.  (*Id.* ¶¶ 18, 23, Exs. 13, 18.)

APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR RULE 37 SANCTIONS OF DEC. 22, 2011 ORDER
Case No. 11-cv-01846 LHK (PSG)
sf-3154041

6

1    Notably, Samsung counsel's declaration to the contrary is unsupported by any Bates

2    numbers and does not even specify what proceedings the allegedly late transcripts

3    were from.

4    •    Apple produced deposition transcripts of Bas Ording and Stephen Lemay from the

5         Nokia ITC 701 Investigation.  (*Id.* Ex. 16.)  Samsung fails to disclose that Samsung

6         dropped the 701 Investigation from its list of cases with a technological nexus

7         (understandably, as the patent in the 701 Investigation closest to this case involves a

8         magnification loupe for a virtual keyboard).  (*Id.* Ex. 19 at 15 (discussing patent

9         asserted in 701 Investigation).)  Apple produced transcripts overbroadly, and even

10        included cases not considered by Samsung to have a technological nexus, in an

11        attempt to avoid any possible further dispute—a fact Samsung now uses against

12        Apple in both its motion to enforce and its motion for sanctions.  Samsung cannot

13        reasonably assert that Apple should be *sanctioned* for failing to produce documents

14        from proceedings that Samsung itself removed from the list of related cases.  The

15        December 22 Order specifically directed the parties to negotiate and try to reach

16        "agreement" on which cases would be considered to have a "technological nexus,"

17        and Apple reasonably relied on the results of those negotiations.

18   •    Apple produced twelve transcripts from the HTC 797 investigation, but all twelve

19        post-date the January 15 production deadline of the December 22 Order (and the

20        inventors' testimony in this case).  (*Id.* Ex. 16.)  Apple produced transcripts for

21        inventors Wayne Westerman, Joshua Strickon, Andrew Platzer, Brian Land, and

22        Bas Ording for depositions that took place on March 28, 2012; March 13, 2012;

23        February 23, 2012; January 18, 2012; and January 13, 2012, respectively.  (*Id.* ¶ 25,

24        Ex. 20.)  The January 13, 2012 deposition transcript was not prepared until

25        January 16, 2012.  (*Id.*)  It is disingenuous, to say the least, for Samsung to find

26        "shocking" Apple's failure to produce by January 15 transcripts that did not yet exist.

27   •    Apple produced only one transcript from John Elias pursuant to the April 12 Order—

28        a transcript from the *QRG v. Apple* case.  Like the Nokia 701 Investigation, the *QRG*

APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR RULE 37 SANCTIONS OF DEC. 22, 2011 ORDER
Case No. 11-cv-01846 LHK (PSG)
sf-3154041

7

1    case was not on Samsung's list of related cases, and with good reason.  The asserted

2    QRG patent was titled "Time Domain Capacitive Field Detector" and referred to

3    controlling a water supply valve in a basin or fountain.  (Sabri Decl. Ex. 21.)  Apple

4    included the transcript in its production in an attempt to be over inclusive and avoid

5    any dispute simply because QRG alleged that certain capacitive touch products

6    infringed its patent.  (*Id.*)

7    Samsung also complains that Apple "withheld" twenty-five utility and design inventor transcripts

8    from the 796 investigation, but Samsung *already had* those transcripts as the respondent in that

9    case—and indeed, after the April 12 Order, the parties simply deemed the 796 investigation

10   transcripts immediately produced.

11        Apple's production in response to the December 22 Order was consistent with its

12   understanding of the scope of that Order, and substantially justified in light of the context of the

13   motion.  Prior to the December 22 Order, Samsung had consistently argued that Apple should

14   produce technical transcripts "few in number and highly relevant to this case."  (December 13

15   Motion to Compel at 20.)  An order directing Apple to produce *every* transcript from a host of

16   proceedings, without consideration of a deponent's role or relevance, would necessarily implicate

17   far more than a "few" "highly relevant" transcripts.  Only "prior" testimony was ordered to be

18   produced.  Moreover, discovery correspondence predating the motion requested only "transcripts

19   relating to inventors" (Sabri Decl. Ex. 2 at 2.)

20        The issue of transcripts of *non-inventors*, much less non-technical witnesses and

21   individuals not at issue in this case, was not even presented in the motion to compel that led to the

22   December 22 Order.  Rather, the issue was whether Apple's production of transcripts was

23   properly limited to cases having a "technological nexus."  The Court held that it was.

24   (December 22 Order at 6 ("The court finds Apple's proposed definition . . . to be an appropriate

25   measure under the balancing provisions of Fed. R. Civ. P. 26(b)(2)(C)(iii)).)  The standard that

26   Apple proposed, and that the Court accepted, applied differently to "design patent *inventors*" and

27   "utility patent *inventors*"—further evidence that Apple understood and intended the standard to

28   be applied on a witness-by-witness, if not inventor-by-inventor, basis.  In sum, Apple's

1    understanding of the December 22 Order was that it would be required to produce a few highly

2    relevant additional transcripts—that its position on the scope of production had been accepted and

3    Samsung's rejected.

4          The parties never discussed before December 22 the idea that Apple would include

5    transcripts from *non-inventor* testimony, much less non-technical testimony and testimony from

6    individuals who are not testifying in this case.  Samsung is represented in this litigation by the

7    same counsel as represents Motorola in the 750 Investigation, and Samsung's counsel therefore

8    knows who all the deponents are in that proceeding.  Yet Samsung never complained of Apple's

9    non-production of four July 2011 deposition transcripts from that case.  The same counsel also

10   represents HTC in the 710 investigation.  Yet Samsung never complained of Apple's non-

11   production of *sixty-six deposition transcripts* of witnesses in that case predating the December 16,

12   2011 hearing, nor the *twelve transcripts* from the Motorola Wisconsin case (same counsel again).

13   With a minimum of *eighty-two deposition transcripts* unproduced as of December 16 of which

14   Samsung's counsel was aware and yet raised no complaint, Apple reasonably construed

15   Samsung's demand for a "small" number of "highly relevant" transcripts as not reaching this

16   large number of *irrelevant* transcripts of non-inventor Apple employees.

17         In sum, Apple's belief that it had complied with the December 22 Order was substantially

18   justified, and there is no basis for Samsung to assert that Apple "willfull[y]" disobeyed the Order.

19   (Motion for Sanctions at 3.)  There is no basis for Samsung to insinuate that Apple's counsel

20   falsely declared on December 15 that Apple had already produced "for the inventors of the

21   patents in suit" all "prior testimony" bearing a technological nexus to the patents at issue.  Apple

22   *had* produced all such testimony and nothing Apple has produced since April 15 is inconsistent

23   with that representation.

24   **B.     Samsung Has Not Been Prejudiced by Apple's Production of Irrelevant
             Transcripts**

25

26         To support its demand for sanctions, Samsung broadly alleges that it was prejudiced by

27   Apple's production of transcripts in April.  Samsung's claim rings hollow given its failure to take

28   advantage of the remedy the Court already granted Samsung to mitigate any prejudice and its

APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR RULE 37 SANCTIONS OF DEC. 22, 2011 ORDER
Case No. 11-cv-01846 LHK (PSG)
sf-3154041

9

1    failure to identify *any* compelling example of probative information in *any* of the transcripts

2    Apple produced.  The Court already granted Samsung a remedy for any prejudice arising from

3    production of transcripts in April:  it ordered Apple to produce the transcripts by April 27 and

4    allowed Samsung to take up to five depositions of two hours each by May 10.  Apple complied by

5    producing all transcripts nearly a week early.  Despite repeated requests, Samsung waited until

6    the day before the Court-imposed deadline to request any depositions.  (Sabri Decl. Ex. 17.)

7    There was no reasonable way that Apple could comply with Samsung's request at that point.

8         A clear indicator of lack of prejudice to Samsung is the fact that Samsung's motion does

9    not cite a single probative or impeaching statement from any of the transcripts Apple has

10   produced.  Samsung's co-pending Motion to Enforce represents Samsung's only effort to

11   articulate the relevance of any of this prior testimony, and it falls far short.  As to the five

12   individuals Samsung belatedly identified for deposition (Andrew Bright, Priya Balasubramaniam,

13   Saku Hieta, Richard Howarth, and Emilie Kim), the irrelevance of their prior testimony is

14   discussed in detail in Apple's concurrently filed opposition to Samsung's motion to enforce.

15   Briefly:

16   •   Andrew Bright testified—in a deposition taken in the Nokia 701 Investigation that

17       Samsung *dropped* from its list of cases with a technological nexus—that he joined

18       Apple in 2009 as the head of the "newly created" iPhone/iPod acoustic design team.

19       (Hutnyan Decl. [Dkt. No. 965-2] Ex. 12 at 41.)  Mr. Bright's testimony is irrelevant

20       for many reasons, including that the asserted trade dress and design patents were all

21       invented and filed well *before* Mr. Bright joined Apple.  Moreover, Mr. Bright was

22       identified in a deposition Samsung took in this case *in February* as having worked on

23       acoustics for the iPhone.  (Sabri Decl. Ex. 22 at 25:13-17.)  Samsung did not learn

24       about Mr. Bright's role at Apple from Apple's transcript production in April.

25   •   Priya Balasubramaniam was identified as the "manager of the display and touch panel

26       procurement team" in a deposition taken in *this* case on March 1, 2012, thus

27       Samsung's knowledge of her role at Apple does not arise from Apple's transcript

28       production in April.  (*Id.* Ex. 23 at 32:24-33:6.)

1    • Saku Hieta is a witness whom Samsung candidly admits it knew of but ran out time to

2    compel testimony from.  The Sanguinetti deposition that Samsung alleges Apple

3    improperly withheld took place on *March 16, 2012*—after the close of fact discovery

4    in this case—so there is no possible prejudice from Apple's failure to have produced

5    that transcript earlier.  (Hutnyan Decl. Ex. 16; Motion to Enforce at 9.)

6    • Richard Howarth testified at length about the first iPhone project in the thirteen hours

7    of deposition by Samsung he has already endured.  Samsung provides no support for

8    its vague allegation that "[t]he deposition transcripts Apple belatedly produced

9    provide new information within the scope of Mr. Howarth's knowledge."  (Motion to

10   Enforce at 10.)

11   • Emilie Kim has also already been deposed in this case, although Samsung terminated

12   the deposition after two hours.  As with Mr. Howarth, none of the transcripts

13   Samsung cites refer to Ms. Kim or her "photos and camera team."  Although the '460

14   patent relates to a claimed method of emailing photos, it is not discussed in the

15   handful of transcript pages Samsung cites.  (Hutnyan Decl. Exs. 19, 20, 21.)

16   Samsung complains about the large volume of Apple's production in response to the April 12

17   Order, but it finds not a single statement in those transcripts that supports its motion.

18   **C.    Samsung's Requested Sanctions Are Unprecedented and Unreasonable**

19   Samsung seeks an "order preventing Apple's experts from responding to, denying,

20   explaining, commenting on, or otherwise testifying contrary to the admissions contained in the

21   withheld transcripts."  This requested remedy is completely unwarranted and unworkable.

22   None of Apple's experts has relied on any of the transcripts Apple produced after

23   April 12, and Samsung's motion identifies no such reliance.  After Samsung filed this motion,

24   Apple wrote to ask Samsung to identify anything in Apple's expert reports or depositions that it

25   intended the instant motion to reach.  Samsung responded that "the issue is not really about

26   finding a particular reference in a past report; it's that all such references . . . are improper."

27   (Sabri Decl. Ex. 24.)  Samsung's answer is confirmation that Apple's experts have not relied on

28   the transcripts at issue.  Whether such a reference might be proper, or not, in the future can only

APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR RULE 37 SANCTIONS OF DEC. 22, 2011 ORDER
Case No. 11-cv-01846 LHK (PSG)
sf-3154041

11

1   be determined in the future.  Samsung may, for instance, open the door to such references by

2   mischaracterizing or citing out of context portions of such transcripts.  In such circumstances,

3   Apple should be free to respond.

4           Samsung cites no case in which a party's expert has been broadly precluded from

5   "responding, denying, explaining, commenting on, or otherwise testifying contrary to"

6   admissions contained in late-produced documents as a discovery sanction.  It is unclear what such

7   an order would mean, or how it could be enforced.  If Samsung were to cross-examine an Apple

8   expert using one of the transcripts at issue, would he or she be precluded from answering the

9   question?  What are the "admissions" that Samsung hopes to preclude Apple's expert from

10  contradicting?  Samsung's motion identifies none.  There is no legal basis for granting the

11  amorphous and sweeping substantive sanctions Samsung seeks in any circumstance, let alone a

12  circumstance such as these where Samsung has failed to identify any specific prejudice that it has

13  suffered by the manner in which Apple complied with the December 22 Order.

14          Samsung's request for monetary sanction should also be denied.  A motion for sanctions

15  may be defeated by showing that the party's actions were "substantially justified" or that "other

16  circumstances make an award of expenses unjust."  (Dkt. No. 898 at 3.)  This Court previously

17  denied Apple's motion for attorneys fees when it found that Samsung's position "while incorrect,

18  was nevertheless substantially justified."  (Dkt. No. 868) (denying Apple's motion for attorneys

19  fees after Samsung refused to produce "Apex" witnesses for deposition, even after Apple

20  provided extensive documentation showing their intimate involvement with issues going to the

21  heart of the dispute.)  As discussed above, Apple's interpretation of the December 22 Order was

22  substantially justified.  It was reasonable for Apple to have construed the Court's Order in the

23  context in which it arose.  *See, e.g.*, *Rooney v. Sierra Pacific Windows*, No. 10-cv-00905-LHK,

24  2011 WL 2149097, at *3 (N.D. Cal. June 1, 2011) (Koh, J.) ("not unreasonable for Defendant to

25  believe that it could satisfy the Court's order" by taking certain actions in light of context in

26  which order arose, including discussions at case management conference).  And it was reasonable

27  for Apple to have believed that Samsung's demand for production of a small amount of prior

28

inventor testimony did not result in an order requiring production of a large number of transcripts from depositions of Apple employees of all stripes.

**IV.     CONCLUSION**

Samsung's motion for sanctions should be denied.

Dated: June 5, 2012                                   MORRISON & FOERSTER LLP


By:   /s/ Michael A. Jacobs
                                                          Michael A. Jacobs

                                                          Attorneys for Plaintiff
                                                          APPLE INC.

APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR RULE 37 SANCTIONS OF DEC. 22, 2011 ORDER
Case No. 11-cv-01846 LHK (PSG)
sf-3154041

13