| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> JENNIFER LEE TAYLOR (CA SBN 161368) <br> jtaylor@mofo.com <br> ALISON M. TUCHER (CA SBN 171363) <br> atucher@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> JASON R. BARTLETT (CA SBN 214530) <br> jasonbartlett@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California  94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No.    11-cv-01846-LHK (PSG) <br><br> **DECLARATION OF NATHAN SABRI IN SUPPORT OF APPLE'S OPPOSITIONS TO SAMSUNG'S MOTION FOR SANCTIONS AND MOTION TO ENFORCE** <br><br> Date:       June 21, 2012 <br> Time:      10:00 a.m. <br> Place:      Courtroom 5, 4th Floor <br> Judge:     Hon. Paul S. Grewal |

SABRI DECL. ISO OPP. TO SAMSUNG'S MOTION FOR SANCTIONS
CASE NO. 11-CV-01846 LHK (PSG)
sf-3154330

I, NATHAN SABRI, declare as follows:

1. I am an attorney with the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple"). I am licensed to practice law in the State of California. I have personal knowledge of the matters stated herein or understand them to be true from members of my litigation team. I make this declaration in support of Apple's Opposition to Samsung's Motion for Sanctions and Apple's Opposition to Samsung's Motion to Enforce.

2. Attached as **Exhibit 1** is a true and correct excerpt of an October 21, 2011 letter from Rachel Kassabian to Wesley Overson and Peter Kolovos.

3. Attached as **Exhibit 2** is a true and correct excerpt of a November 3, 2011 letter from Marissa Ducca to Jason Bartlett.

4. Attached as **Exhibit 3** is a true and correct excerpt of a November 10, 2011 letter from Wesley Overson to Rachel Kassabian.

5. Attached as **Exhibit 4** is a true and correct copy of a November 15, 2011 letter from Marissa Ducca to Wesley Overson.

6. Attached as **Exhibit 5** is a true and correct excerpt of a November 20, 2011 letter from Jason Bartlett to Rachel Kassabian.

7. Attached as **Exhibit 6** is a true and correct excerpt of a November 20, 2011 letter from Rachel Kassabian to Mia Mazza.

8. Attached as **Exhibit 7** is a true and correct copy of a November 29, 2011 letter from Jason Bartlett to Rachel Kassabian.

9. Attached as **Exhibit 8** is a true and correct excerpt of a December 3, 2011 letter from Rachel Kassabian to Mia Mazza and S. Calvin Walden.

10. Attached as **Exhibit 9** is a true and correct copy of February 8, 2012 letter from Diane Hutnyan to Jason Bartlett.

11. Attached as **Exhibit 10** is a true and correct copy of a February 23, 2012 letter from Diane Hutnyan to Jason Bartlett. The letter is incorrectly dated February 24, but was sent on February 23.

1    12.    Attached as **Exhibit 11** is a true and correct copy of a February 29, 2012 letter
2 from Jason Bartlett to Diane Hutnyan.

3    13.    Attached as **Exhibit 12** is a true and correct copy of a March 3, 2012 letter from
4 Diane Hutnyan to Jason Bartlett.

5    14.    Upon receiving Samsung's March 3 letter, Apple searched for prior deposition
6 transcripts that had not already been produced for Apple employees who are witnesses in the
7 present matter, with the exception of individuals who testified in the present case that they have
8 never been deposed before, from Samsung's list of eight cases between Apple and third parties.

9    15.    With two exceptions, as discussed in prior filings (e.g., Dkt. No. 825-0, 825-1), the
10 only transcripts Apple identified that had not already been produced were from depositions that
11 occurred after January 15, 2012.

12    16.    Consistent with the correspondence in the exhibits discussed above, Apple did not
13 understand Samsung's request, motion, or the Court's resulting Order to extend to testimony with
14 no technological nexus or from individuals not witnesses in this case.

15    17.    By the time Samsung's March 7, 2012 motion to compel and enforce was filed,
16 Apple had already produced 49 prior transcripts from Apple's witnesses in this matter:

17 - From Motorola Wisconsin, transcripts for Chris Blumenberg, Andre Boule,
18   Imran Chaudhri, Steve Christensen, Nitin Ganatra, Scott Herz, Chip Lutton,
19   Paul Marcos, Bas Ording, Richard Williamson, and Wayne Westerman;
20 - From the ITC 797 investigation involving HTC, transcripts for Scott Herz,
21   Steven Hotelling, and Brian Huppi;
22 - From the ITC 714 investigation involving Elan, transcripts for Ravin Balakrishnan,
23   Steven Hotelling, Eric Jue, and Wayne Westerman;
24 - From the ITC 750 investigation involving Motorola, transcripts for John Elias,
25   Martin Grunthaner, Steven Hotelling, Brian Huppi, Eric Jue, Chris Krah, Chip Lutton,
26   Josh Strickon, Chris Stringer, Boris Teksler, and Wayne Westerman;
27 - From the ITC 701 investigation involving Nokia, transcripts for Scott Herz,
28   Greg Joswiak, Ken Kocienda, Nima Parivar, and Steven Hotelling

- From the ITC 710 investigation involving HTC, transcripts for Greg Joswiak and Boris Teksler;
- From the ITC 721 investigation involving HTC, a transcript for Beth Kellermann
- From the ITC 745 investigation involving Motorola, a transcript for Chip Lutton
- From Mirror Worlds, transcripts for David Heller and Art Rangel;
- From Zap Media, iPod iTunes, and Ind. Network, transcripts for David Heller
- From Nokia Delaware, a transcript for Bas Ording
- From QRG, transcripts for Steven Hotelling and Wayne Westerman
- From Nano and Future Power, transcripts for Jonathan Ive
- From Motorola Illinois, a transcript for Stan Ng.

18. All of the above transcripts were produced well in advance of the April 9 hearing, at which Samsung's counsel claimed it had received, for example, "three depositions" from the Motorola Wisconsin action. In particular, Boule, Ording, Blumenberg, Chaudhri, Ganatra, Lutton, and Herz transcripts from the Motorola Wisconsin action, which Samsung's counsel claimed at the April 9 hearing had not been received, had *all* been produced on November 23, 2011. Attached as **Exhibit 13** are cover pages from the production versions of the transcripts listed in this paragraph, and the related production letter showing a date of November 23.

19. Attached as **Exhibit 14** is a true and correct copy of an April 15, 2012 email from Mia Mazza to Diane Hutnyan and the April 13, 2012 email from Diane Hutnyan to Mia Mazza to which it replies.

20. In addition to agreeing to deem produced all 796 investigation deposition transcripts, Apple produced all other transcripts implicated by the April 12 Order on a rolling basis, finishing on April 21, nearly a week before the Court's April 27 deadline. Attached as **Exhibit 15** is a true and correct copy of an April 22, 2012 letter from Mia Mazza to Diane Hutnyan.

21. Attached as **Exhibit 16** is an index prepared by my team of the transcripts produced by Apple pursuant to the April 12 Order.

1  22. Attached as **Exhibit 17** is a true and correct copy of a May 9, 2012 email from
2  Diane Hutnyan to Mia Mazza.

3  23. In addition to the Motorola Wisconsin transcripts discussed above, Apple
4  produced one other Ording transcript on October 25, 2011; two other Herz transcripts on
5  October 16 and 19, 2011. True and correct copies of the cover pages from these produced
6  transcripts are attached as **Exhibit 18**.

7  24. Attached as **Exhibit 19** is a true and correct copy of the Complaint filed in the
8  Nokia ITC 701 Investigation.

9  25. Attached as **Exhibit 20** are true and correct copies of cover pages and court
10 reporter signature pages for transcripts Apple produced pursuant to the April 12 Order for
11 Westerman, Strickon, Platzer, Land, and Ording. Some irrelevant material on pages preceding
12 the signature pages that is not an intended portion of the excerpt has been redacted to avoid an
13 unnecessary motion to seal.

14 26. Attached as **Exhibit 21** are a true and correct copy of the Complaint filed in the
15 *QRG v. Apple* (D. Md. 1:05-cv-03408-WMN) case and U.S. Patent No. 5,730,165, asserted
16 therein.

17 27. Attached as **Exhibit 22** is a true and correct excerpt from the February 16, 2012
18 deposition of Richard Dinh.

19 28. Attached as **Exhibit 23** is a true and correct excerpt from the March 1, 2012
20 deposition of Wei Chen. Some irrelevant material containing internal code names has been
21 redacted to avoid unnecessary motions to seal.

22 29. Attached as **Exhibit 24** is a true and correct copy of a May 28, 2012 letter from
23 Diane Hutnyan to Mia Mazza.

24 30. Attached as **Exhibit 25** is a true and correct copy of an April 24, 2012 letter from
25 Mia Mazza to Diane Hutnyan.

26 31. Attached as **Exhibit 26** is a true and correct excerpt from an April 30, 2012 letter
27 from Mia Mazza to Diane Hutnyan.

28

32. Attached as **Exhibit 27** is a true and correct copy of a May 4, 2012 email from Mia Mazza to Diane Hutnyan and the May 3, 2012 email from Brad Goldberg to Mia Mazza to which it replies.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 5th day of June, 2012 at San Francisco, California.


　　　　　　　　　　　　　　　　　　*/s/ Nathan Sabri*
　　　　　　　　　　　　　　　　　　Nathan Sabri

SABRI DECL. ISO OPP. TO SAMSUNG'S MOTION FOR SANCTIONS
CASE NO. 11-CV-01846 LHK (PSG)
sf-3154330

5

**ATTESTATION OF E-FILED SIGNATURE**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Nathan Sabri has concurred in this filing.

Dated: June 5, 2012                  */s/ Michael A. Jacobs*
                                      Michael A. Jacobs