# DECLARATION OF NATHAN SABRI IN SUPPORT OF APPLE'S OPPOSITIONS TO SAMSUNG'S MOTION FOR SANCTIONS AND MOTION TO ENFORCE

# EXHIBIT 3

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

November 10, 2011

Writer's Direct Contact
415.268.6096
WOverson@mofo.com

*Via E-Mail*

Rachel Kassabian
Kevin Johnson
Victoria Maroulis
Quinn Emanuel
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

Re:   *Apple Inc. v. Samsung Elecs. Co. et al.* Case No. 11-cv-1846 LHK (N.D. Cal.)
      CONFIDENTIAL—Subject to Protective Order

Dear Rachel, Kevin and Victoria:

I write in response to your letters of October 26 and November 3 regarding the parties' requests for production, and as a further follow-up to our meet and confer sessions. As an initial matter and contrary to the representation in your letters, Apple is not required to address your objections before Samsung begins producing documents. Rather, Apple is entitled to know what documents Samsung intends to produce, and Samsung must begin its production of documents responsive to Apple's requests.

As detailed in our prior letters and further explained below, we believe that your objections to Apple's requests are not well taken. Nevertheless, Apple would like to reach consensus with Samsung on a document discovery plan that addresses both parties' need for certain documents while still addressing each sides' concerns about the breadth of discovery. We therefore have prepared the attached draft proposal listing an initial set of categories of documents that each party should produce right away. The proposal attempts to maintain reciprocity while recognizing that each party's claims and, therefore, their need for documents, may be different. Without waiving its arguments set forth below or Apple's right to insist ultimately on a full and complete production of documents responsive to these requests, Apple proposes that each party initially produce the categories of documents described in Exhibit A to this letter in response to the requests listed there.

If you want to discuss the details of this proposal, Apple reiterates its request for a separate meet and confer session to allow both parties to discuss the details and reach a consensus

sf-3065476

MORRISON | FOERSTER

November 10, 2011
Page Eight

employees, and the reporting structures for the organization.  RFP No. 46 also calls for this information.

- RFP No. 49 is relevant to the extent that Samsung is relying on a joint defense privilege to protect documents from disclosure.  Please confirm that Samsung will produce joint defense agreements or will log the same.

**Samsung's Requests for Production**

**Product Examples**

As noted in Samsung's letter of November 3, Apple proposed a mutual exchange of product exemplars.  This proposal is intended to remedy Samsung's inconsistent approaches with respect to production of exemplars.  Samsung has requested exemplars of products from Apple (*see* Samsung's RFP No. 1) but simultaneously refused to produce exemplars of its own products, responding, "Without a showing of Apple's inability to independently acquire such products, Samsung will not be providing samples of the products, since those are publicly available to Apple.  (Samsung Letter of October 26.)  Apple looks forward to Samsung's response to the proposal.

**Prior Deposition and Trial Transcripts**

Samsung has maintained that it is entitled to *all* prior deposition and trial transcripts for inventors, regardless of subject matter.  Apple has agreed to produce, and has produced, prior deposition and trial transcripts for inventors involving the asserted patents, and responded that seeking irrelevant transcripts is overbroad and unduly burdensome.

The mere fact that prior inconsistent testimony may be admissible does not justify overbroad discovery of all prior testimony where Samsung has no reason to believe such inconsistent testimony exists.  Samsung's request is based on nothing more than speculation and is the very definition of a fishing expedition.  *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"); *Prof'l Recovery Servs. v. GE Capital Corp.*, 2009 U.S. Dist. LEXIS 3889, at *13 (D. N.J. Jan. 15, 2009) ("To cast a wide net for discovery of information in the hopes that something of use may come back is the essence of a fishing expedition precluded by the rule of proportionality.").

The case law cited in Samsung's letter of November 3 does not support Samsung's overbroad request.  In fact, the court in one of the cases cited by Samsung, *Bennett v. Segway, Inc.*, 2011 U.S. Dist. LEXIS 120955 (W.D.N.C. Oct. 19, 2011), approached the issue exactly as Apple has proposed.  *Bennett* involved a personal injury action arising out of use of a Segway.  *Bennett*, 2011 U.S. Dist. LEXIS 120955, at *2.  The plaintiff sought copies of all deposition transcripts and copies of trial testimony for specified Segway employees

sf-3065476

MORRISON | FOERSTER

November 10, 2011
Page Nine

relating to any personal injury action.  *Id.*  The *Bennett* court ordered the defendants to produce transcripts for personal injury actions *stemming from the operation or use of a Segway*.  *Id.* at *11.  Here, Samsung has made a request even broader than the *Bennett* plaintiff, asking for all prior deposition and trial transcripts with no limit as to subject matter.  Apple has agreed to produce prior deposition and trial transcripts relating to the asserted patents.

The other case cited by Samsung, *Inventio AG v. Thyssenkrupp Elevator Americas Corp.*, 662 F. Supp. 2d 375 (D. Del. 2009) is simply off-point, as that case involved a dispute over the existence of a connection between a specified patent and the patent-in-suit.  If Samsung believes that a particular prior proceeding in which an inventor testified has a "technological nexus" justifying production of transcripts from that proceeding, it should so state, but it is unreasonable and unpersuasive to assert that every non-personal proceeding any inventor has ever been involved in has a "technological nexus" with this case.

Apple will respond to the remaining specific issues re-raised in your November 3 letter—*e.g.*, sketchbook and source code production—with a separate letter.

Best regards,

/s/

Wesley E. Overson

Attachment

sf-3065476