# DECLARATION OF NATHAN SABRI IN SUPPORT OF APPLE'S OPPOSITIONS TO SAMSUNG'S MOTION FOR SANCTIONS AND MOTION TO ENFORCE

# EXHIBIT 4

**quinn emanuel** trial lawyers | washington, dc

1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL: (202) 538-8000 FAX: (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 628-9067**

WRITER'S INTERNET ADDRESS
**marissaducca@quinnemanuel.com**

November 15, 2011

<u>VIA ELECTRONIC MAIL</u>

Wesley E. Overson
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

Re:     Apple, Inc. v. Samsung Elecs. Co., Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Wes:

Your November 10, 2011 letter maintains Apple's position that prior testimony of inventors is irrelevant unless it relates to the particular patents asserted in this action.  This position is flatly contradicted by the decision in *Inventio AG v. Thyssenkrupp Elevator Amers. Corp.*, 662 F. Supp. 2d 375 (D. Del. 2009).  The court in *Inventio* ordered the plaintiff to produce transcripts of testimony from a prior proceeding involving "tangentially related" technology.  *See id.* at 381-383.  The testimony of these individuals—both inventors and non-inventors—was relevant and discoverable on the sole basis that they possessed "generalized knowledge" of issues involved in the litigation and were likely to be called as witnesses.  *Id.* at 383.

The cases Apple cites do not address the issue of prior testimony and offer no support for Apple's narrow concept of relevance.  Rather, those cases stand only for the proposition that the broad scope of discovery may be limited where a request is cumulative or would impose undue hardship.  *See Rivera v. NIBCO, Inc.*, 364 F. 3d 1057, 1072 (9th Cir. 2004) (discovery into immigration status creates "a substantial risk of chilling the plaintiffs' rights" and was contrary to public policy); *Prof'l Recovery Servs., Inc. v. GE Capital Corp.*, 2009 WL 137236 at *4 (D. N.J. Jan. 15, 2009) (refusing discovery that implicated serious privacy concerns and sought "a large amount of personal material about a non-party in order to discover information which could have

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543  | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601  | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510  | TEL (312) 705-7400 FAX (312) 705-7401
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom  | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo  100-0011, Japan  | TEL +81 3 5510 1711 FAX +81 3 5510 1712

Wesley E. Overson
November 15, 2011


been (and may still be) ascertained through other means.") (citing Fed. R. Civ. P. 26(b)(2)(C)).

By contrast, Apple makes no attempt to explain why Samsung's request would impose undue hardship.  Producing these transcripts would not impose significant expense because they are likely to be in Apple's possession already.  Moreover, Samsung has eliminated any individual privacy concerns by limiting its request to instances where the inventor is testifying in his or her capacity as an Apple employee.  Absent a showing of hardship, Apple's citation to dicta about "fishing expeditions" does not require Samsung to demonstrate that the prior testimony is likely to contain inconsistencies.  The court in *Inventio AG* readily recognized this and therefore permitted discovery of prior testimony despite the fact that the defendant had not "allege[d] specifically" how the prior testimony "contain[ed] information that is directly relevant to the instant litigation[.]"  *Id.* at 383.

Please be prepared to tell us on tomorrow's meet and confer call whether and when Apple will produce the requested prior testimony.



Best regards,

*/s/ Marissa R. Ducca*


Marissa R. Ducca

2