# DECLARATION OF NATHAN SABRI IN SUPPORT OF APPLE'S OPPOSITIONS TO SAMSUNG'S MOTION FOR SANCTIONS AND MOTION TO ENFORCE

# EXHIBIT 5

# MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

Writer's Direct Contact

415.268.6615
JasonBartlett@mofo.com

November 20, 2011

Via E-Mail (rachelkassabian@quinnemanuel.com)

Rachel Herrick Kassabian
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139

Re:     *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)

Dear Rachel:

I write to summarize the discussions in our meet-and-confer call Wednesday, November 16, 2011, and address a few follow-up items arising therefrom.

## A.   APPLE'S ISSUES

### 1.   Samsung's production of documents referencing "Apple"

We began the call by discussing Samsung's production of documents that reference the word "Apple" or any aliases used by Samsung for Apple Inc. Samsung had already agreed in correspondence that it would produce documents referencing this word that are located in its designers' documents, with Apple's agreement that it would do likewise for Samsung and any aliases. Apple has agreed to do this. Therefore both parties have agreed to produce all designers' documents referencing the other party's name and any aliases. You agreed that Samsung would search for these terms in both the English and Korean languages. You stated that you would confirm what aliases Samsung uses to refer to Apple, if any. We noted that "A Company" appears to be an alias used by Samsung.

As discussed in prior correspondence, the parties may use delimiters that would exclude irrelevant documents from production, so long as those delimiters are disclosed and do not also exclude relevant documents. Please note that Samsung should continue to produce documents that hit other relevant search terms, such as the names of Apple's products and aliases therefor.

**Apple expects that this production from the documents of "each of Samsung designers of Samsung's Galaxy S 4G and Infuse 4G, Droid Charge phones and Galaxy Tab 10.1**

sf-3072492

MORRISON | FOERSTER

Rachel Herrick Kassabian
November 20, 2011
Page Nine

number of documents actually reviewed for production was greater.  The corrected
disclosure that was sent to you on November 15, 2011 identifies the dates that were applied.

**5.  <u>Transcripts of prior deposition testimony</u>**

You reiterated Samsung's request that Apple produce, for each witness who is deposed,
transcripts of all prior deposition testimony where the witness was being deposed in his or
her capacity as an employee of Apple.  You stated that this is the standard Samsung is
applying in its production of prior deposition transcripts, yet when we identified particular
witnesses for which we understand transcripts exist from the *Ericsson* case but have not been
produced, you stated only that a review had been conducted.  You had no explanation for
Samsung's failure to produce deposition transcripts that, by Samsung's requested standard,
should have been produced.

As we stated during the call, Apple is not inclined to produce prior deposition transcripts
covering such an overbroad scope.  Apple has already produced, for each witness deposed to
date, transcripts of all prior deposition testimony in cases where the patent-in-suit was one of
the patents-in-suit in the instant action.  Apple also will be producing, for each witness
deposed in the related ITC actions, transcripts of prior testimony in cases where the patent-
in-suit was one of the patents-in-suit in the ITC actions, so with a cross-use agreement those
documents will be available to Samsung for use in the N.D. Cal. action as well.

You acknowledged that during your depositions of Apple witnesses thus far you had an
opportunity to question the witness regarding whether the witness had had his or her
deposition taken in any previous cases and, if so, what the case was about and when the
deposition occurred.  To the extent such questioning has provided Samsung with reason to
believe that a particular deposition transcript exists that Samsung may be entitled to, please
let us know.

You requested that Apple provide Samsung with a list of all prior deposition transcripts it is
able to locate for each deponent, identifying the date of the deposition, the case, and a
description of what the case was about, so that Samsung can determine which additional
transcripts to request.  We agreed to take that request under consideration.

In an effort to compromise, Apple offered to produce any additional deposition transcripts
that it may be able to find from cases where the patent-in-suit bore a technological nexus to
one or more of the patents-in-suit in the instant action.  You agreed to take that proposal
under consideration.

sf-3072492

**MORRISON | FOERSTER**

Rachel Herrick Kassabian
November 20, 2011
Page Eleven

### 11. <u>Samsung's opposition to disclosure of AEO information to Peter Bressler</u>

Samsung confirmed that it opposes any disclosure by Apple of AEO information to its identified expert Peter Bressler. We stated that Apple does not have any near-term plans to disclose AEO information to Mr. Bressler, but will let Samsung know if that changes. At this time, Apple does not plan to file any motion on this issue.

### 12. <u>Apple's opposition to disclosure of AEO information to Itay Sherman</u>

The parties confirmed that Apple opposes any disclosure of AEO information to Samsung's expert Itay Sherman without identifying in advance to Apple the specific documents Samsung wishes to show him. You stated that Samsung plans to file a motion on this issue and requested a date and time for lead counsel meet and confer so that the parties may exhaust all opportunities for resolution on this issue. We stated that we would check Mr. McElhinny's schedule.

We proposed that the parties schedule a lead counsel meet-and-confer session on this topic and then in advance of that meeting tee up any other issues for discussion at that meeting that it currently appears the parties will not be able to otherwise resolve. You stated that you were not aware of anything other than the Sherman issue that was ripe for a lead counsel meet-and-confer at this time.

Sincerely,

/s/ *Jason Bartlett*

Jason Bartlett

cc:     Samuel Maselli
        Peter Kolovos
        Calvin Walden

sf-3072492