# DECLARATION OF NATHAN SABRI IN SUPPORT OF APPLE'S OPPOSITIONS TO SAMSUNG'S MOTION FOR SANCTIONS AND MOTION TO ENFORCE

# EXHIBIT 6

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL: (650) 801-5000  FAX: (650) 801-5100

WRITER'S INTERNET ADDRESS
rachelkassabian@quinnemanuel.com

November 20, 2011


<u>VIA ELECTRONIC MAIL</u>

Mia Mazza                                      Samuel Maselli
Morrison & Foerster                            WilmerHale
425 Market Street                              950 Page Mill Road
San Francisco, CA  94125-2482                  Palo Alto, CA 94304


Re:     *Apple, Inc. v. Samsung Elecs. Co. et al.*, Cae No. 11-cv-1846 LHK (N.D. Cal.)


Dear Mia and Samuel:

I write to address and memorialize several issues discussed during our meet-and-confer call on Wednesday, November 16, 2011.

<u>Apple's Issues</u>

## I.      The Court's September 28th Order

*Searching files for the opposing party's name*

As previously indicated in my letter of November 8, 2011, Samsung is generally agreeable to including the term "Apple" (with delimiters as needed) in searching its designers' custodial documents provided that Apple search for the term "Samsung" in its designers' files.  Samsung made it clear, and Apple is not contesting, that this was not something ordered by the Court in its September 28 Order, but rather, would be done pursuant to an agreement of the parties.  During the November 16, 2011 meet and confer call, Apple has now broadened its request by asking Samsung to include the term "Apple" in searching the files of (1) engineers who worked on the

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000  FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000  FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo  100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000  FAX +49(0) 621 43298 6100

Mia Mazza
Samuel Maselli
November 20, 2011

*Date restrictions for inventor files*

It has been more than two weeks since Samsung first requested that Apple redo its inventor searches to include all documents up to and including the patent issuance date.  Apple stated that it is still considering Samsung's request, and will respond by Thanksgiving.  Samsung also asked Apple to explain the significance of the June 2003 and October 2004 date restrictions it applied.  Apple was unable to do so, and stated only that it was entitled to use arbitrary date restrictions as long as it concluded that the search "was early enough" that it would capture all relevant documents.  Apple stated that it was willing, however, to prepare a letter explaining why it chose the dates that it did.  Please do so immediately.

If Apple does not agree to re-run its inventor searches to include all documents up to and including the patent issuance date by Monday, November 28, Samsung will have to move forward and will expect Mr. McElhinny to discuss it with Mr. Verhoeven at the lead counsel meet and confer.

*Transcripts of prior testimony*

Samsung has repeatedly asked Apple to produce all transcripts of prior testimony where an individual who would likely appear as a witness in this case has testified in his or her capacity as an Apple employee.  With respect to Samsung's inventors, Samsung is producing all such transcripts that it is able to locate through a reasonable search.  By contrast, Apple has made clear that the only transcripts it regards as relevant are those in which the witness testified regarding a patent asserted in this matter, notwithstanding case law to the contrary.

During the meet-and-confer call, Apple stated that it may now be willing to broaden its concept of relevance to include transcripts from proceedings that have a "technological nexus" to the subject matter of the instant case.  Samsung indicated that it may be willing to adopt the "technological nexus" approach, provided that the parties agree on a mutually acceptable definition of that concept.  During the call, however, Apple was unable to articulate what it meant by "technological nexus."  Consequently, Samsung insisted that the parties exchange a list of the prior cases in which their witnesses have testified, so that the parties would be able to make their own independent determination of which transcripts are relevant and should be produced.  Apple stated that it would consider Samsung's request, but as of this writing still has not provided its final position.  More than two weeks have elapsed since Samsung raised this issue, during which time Samsung has had to depose several Apple witnesses without this pertinent evidence.  In light of Apple's consistent failure to articulate any meaningful alternative standard, or otherwise move the ball forward, please be advised that if we cannot resolve this issue in the next week, Apple should be prepared to discuss it at the upcoming lead counsel meet and confer.

Mia Mazza
Samuel Maselli
November 20, 2011


Very truly yours,



Rachel Herrick Kassabian