# DECLARATION OF NATHAN SABRI IN SUPPORT OF APPLE'S OPPOSITIONS TO SAMSUNG'S MOTION FOR SANCTIONS AND MOTION TO ENFORCE

# EXHIBIT 7

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

November 29, 2011

Writer's Direct Contact
415.268.6615
JasonBartlett@mofo.com

*Via E-Mail* (rachelkassabian@quinnemanuel.com)

Rachel Herrick Kassabian
Quinn Emanuel
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065

Re:   *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)

Dear Rachel:

I write regarding the parties' ongoing discussion of the production of prior deposition testimony by inventors.

As you may recall, Samsung initially requested that Apple produce complete transcripts of all prior deposition testimony by all Apple inventors. Samsung insisted in meet-and-confer discussions that *any* testimony by Apple inventors — with no subject matter limitation — would be relevant and must be produced, if nothing else for impeachment purposes. This broad interpretation of relevance would have required the production of any and all testimony, even if entirely unrelated to the patents, technology, or products at issue. Apple suggested that there must be some subject matter limitation, or this request would remain overbroad, unduly burdensome, and little more than a fishing expedition.

Apple asked that Samsung provide a citation to case law supporting its position that any and all prior testimony, excepting wholly unrelated material such as traffic accidents and divorce proceedings, must be produced. In response, in Marissa Ducca's letter of November 3, Samsung cited *Inventio AG v. Thyssenkrupp Elevator Am. Corp.,* 662 F. Supp. 2d 375 (D. Del. 2009), to support the proposition that testimony with a "technological nexus" to the technical issues in this litigation must be produced. Samsung cited this same case in Marissa Ducca's letter of November 15. In subsequent meet-and-confer discussions, Apple stated that, in the interest of compromise, it may be willing to produce transcripts that have a "technological nexus" to the present case, using the term in the case law cited by Samsung. Samsung asked Apple to articulate what it meant by "technological nexus."

Apple interprets "technological nexus" to include prior cases involving the patents-in-suit or patents covering the same or similar technologies, features, or designs as the patents-in-suit.

sf-3075074

MORRISON | FOERSTER

Rachel Herrick Kassabian
November 29, 2011
Page Two


For the sake of clarity, with respect to design patent inventors, this would include prior cases involving the asserted design patents or other design patents covering the same designs or design elements. With respect to utility patent inventors, this would include the asserted utility patents or other utility patents covering touch-based interface functions, display elements, touch-screen hardware, or touch-screen logic.

This is consistent with the case law cited by Samsung, in which the *Inventio AG* court found a "technological nexus" between the patent-in-suit and the patent in a prior case because both patents concerned the technology of "recognition devices" and "identification codes" allowing elevators to automatically assign predetermined destination floors without additional information from the passenger. *Inventio AG*, 662 F. Supp. 2d 375, at 381.

Please let us know whether Samsung agrees to this scope of production.

Sincerely,

*/s/ Jason R. Bartlett*

Jason R. Bartlett

cc:   Samuel Maselli
      S. Calvin Walden
      Peter Kolovos

sf-3075074