# DECLARATION OF NATHAN SABRI IN SUPPORT OF APPLE'S OPPOSITIONS TO SAMSUNG'S MOTION FOR SANCTIONS AND MOTION TO ENFORCE

# EXHIBIT 8

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S INTERNET ADDRESS
rachelkassabian@quinnemanuel.com

December 3, 2011

Mia Mazza
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

S. Calvin Walden
WilmerHale
399 Park Ave
New York, NY 10022

Re:     Apple, Inc. v. Samsung Elecs. Co., Case No. 11-CV-1846 LHK

Dear Mia and Calvin:

This letter is intended to summarize and address the issues discussed on Wednesday, November 30, 2011, during the parties' weekly meet and confer call.

SAMSUNG'S ISSUES

**I.      Deficiencies in Apple's searches and production**

*Documents relating to Apple v. Motorola*

Samsung requested that Apple produce the Motorola documents that it had identified with ITC bates numbers on November 23, 2011 with APLNDC Bates numbers, and Apple agreed to do so by December 1.  Samsung also asked Apple whether this production addressed the improper redactions Samsung had previously identified in certain of these documents, and Apple agreed to search for unredacted versions.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 500 W Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

Mia Mazza
S. Calvin Walden
December 3, 2011

### *Judge Grewal's Order*

Samsung again requested more information regarding the process by which Apple searched for photographs responsive to Judge Grewal's orders. Samsung also noted that Apple failed to search many potential sources and failed to use proper search terms. Apple agreed to address the issues regarding its search process raised in Diane Hutnyan's November 29, 2011 letter, and to provide additional information to Samsung regarding its search process.

Finally, Apple represented that it does not possess color versions of the photographs it sent to the U.S. Patent and Trademark Office during the prosecution of D'889. Rather, Apple clarified that it had scanned, using a color scanner, the black-and-white photographs it received. Apple represented that, consistent with its stipulation, the photographs provided in Exhibit 8 to Erik Olson's November 1, 2011 declaration are the best quality that it has. As we requested on the call, please confirm these representations in writing.

### *Other discovery related to D'889 and the Apple Tablet 035 Mockup*

Apple stated that it would respond to Samsung's request to de-designate photos of the Apple Tablet 035 Mockup within a week, although its deadline to meet and confer on the issue is December 6.

With regard to model shop records and CAD files, Apple stated that this was part of a "cluster" of information it was currently working on producing. Samsung explained that such "clustering" was inappropriate, and urged Apple to produce these items as soon as possible, on a rolling basis if necessary.

Finally, with regard to Doug Satzger's emails, Apple claimed that it has conducted an exhaustive search but found nothing. Please detail in writing what Apple has done to search for Mr. Satzger's emails, model shop records, CAD files, and anything else that is being "clustered" by Apple.

### *Prior deposition testimony*

Samsung again requested Apple to provide a list of cases in which an employee who would likely appear as a witness in this case testified in his or her capacity as an Apple employee. Samsung explained that it was willing to provide the same to Apple, and that this process was necessary so that each party could determine for itself which transcripts were relevant to its case. Apple refused to provide any such list on the grounds that creating such a list was "make work." Rather, Apple insisted on adhering to its new and very limited definition of "technological nexus," and further insisted that it alone would determine which transcripts were relevant for

3

Mia Mazza
S. Calvin Walden
December 3, 2011

production to Samsung. Apple stated that it would only provide the requested list if Samsung issued an Interrogatory requesting it.

Apple's position is unacceptable to Samsung and violates the spirit of Judge Grewal's transparency order. We hope that Apple will reconsider its position and provide a full list of cases to Samsung, including those cases that it believes are irrelevant and the reasons why it believes those cases are irrelevant. Samsung is willing to provide the same list to Apple. If Apple is unwilling to change its stance, please be prepared to discuss this issue at the lead counsel meet and confer.

> *Mac OS 10.0, SuperClock, Brain Box, Phillips Receiver, Apple Cinema Display,*
> *, other smartphone (Treo, Razr) designs*

Even though Samsung requested many of these items nearly a month ago, Apple stated that it was still searching for these items. When pressed for a date certain, or even an estimated date, by which it would provide these items, Apple could not provide any date for any item. Instead, it proposed that both parties agree they will "substantially complete" their production of several unidentified categories of items (apparently including these requested items) by December 15, 2011, and at that point state what they have done and what still needs to be done.

This response does not seem to follow. Either Apple can produce the requested items by December 15, 2011, or it can't. There is no reason why Apple's ability to produce these items should be related to or contingent on Samsung's production of items. Samsung instead proposes that rather than setting artificial deadlines and withholding items for exchange, both parties continue to make a good faith effort to produce the items requested by the other side. Samsung has always made, and continues to make, good faith efforts to satisfy Apple's production requests.

Apple's counsel revealed on the call that when it searches for items requested by Samsung, rather than conducting supplementary searches at Apple, it only searches the documents and things it had already previously collected from Apple. This type of search is improper and insufficient. Samsung requested on the call that Apple provide a detailed, written explanation of the specific efforts that have been made to date in order to search for each of the requested items, and of the current status of each search.

II.     Apple's written responses to Samsung's Requests for Production

Samsung is working diligently on the counterproposals to Exhibits A and B, and will try to provide them to Apple next week. Samsung will consider providing its counterproposal to Exhibit A before it provides its counterproposal to Exhibit B if it makes sense to do so.

4

Mia Mazza
S. Calvin Walden
December 3, 2011

guidance as to what information it believes is missing.  It will also amend its interrogatories as appropriate, as discovery continues.  Apple stated that it understood Samsung's position.

### VII. Production of documents relating to inventors and participation in standard-setting organizations

Samsung is making ongoing inventor-related productions on a rolling basis.  Apple's correspondence has identified instances where it believes documents should have been produced but were not.  Samsung has responded to many of the issues raised in these letters, and will respond to all outstanding correspondence on this subject.  Samsung will also be responding to Calvin Walden's November 15, 2011 letter regarding production of documents related to participation in standard-setting organizations.

Apple also stated that it is preparing a letter outlining broader concerns with Samsung methodology in searching for inventor-related documents.  Samsung will respond to Apple's concerns after it receives this letter.

Very truly yours,

/s/

Rachel Herrick Kassabian