# DECLARATION OF NATHAN SABRI IN SUPPORT OF APPLE'S OPPOSITIONS TO SAMSUNG'S MOTION FOR SANCTIONS AND MOTION TO ENFORCE

# EXHIBIT 26

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482
U.S.A.

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

April 30, 2012

Writer's Direct Contact
415.268.6024
MMazza@mofo.com

*By Email* (dianehutnyan@quinnemanuel.com)

Diane Hutnyan
Quinn Emanuel
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re:   *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)

Dear Diane:

This letter responds to Brad Goldberg's email sent at 10:30 P.M. on April 27, 2012, which requested several items of information related to Apple's Administrative Motion for Clarification Regarding April 12 Order, filed April 26, 2012 ("Motion").

Apple has requested that its outside counsel in the eight other matters at issue review their files and identify all third parties whose consent would need to be obtained in order for all remaining documents to be released.  It is our understanding that all such third parties have been notified and their consent requested.  Authorizations from third parties are coming in on a rolling basis.  As that happens, counsel in the relevant other actions are sending us any documents that can be produced as a result.  Often, multiple other parties' CBI is implicated.

As you know, we have also requested authorization from the International Trade Commission to produce all CBI.

Mr. Goldberg asks about the more than twenty entities from whom Apple has requested consent.  Nearly all of the notice letters were attached to Apple's filing with the International Trade Commission last week, reflecting notice to Thomas L. Cronan III, Jefferson Han, Perceptive Pixel, Wi-Fi Alliance, Atmel, AT&T, Cetecom, Google, IBM, Synaptic, Marvell, Microsoft, New York University, Hewlett-Packard, Qualcomm, TED Conferences, Texas Instruments, Dominic Tolli, University of Delaware, and Deborah Coutant regarding the *Motorola* matters; and Elan regarding the *Elan* matters.  Additional copies are attached.

After Apple filed its papers with the ITC, counsel for Apple identified additional nonparty entities whose CBI was contained in ITC court documents, and sent additional notice letters, which are attached hereto.  The nonparties noticed in those letters were Cypress Semiconductors (regarding the HTC ITC matter) and Cirque, Alcatel-Lucent, Synaptics, and Red Nun (regarding the *Elan* matters).  In addition, counsel for Apple has sent the attached notice letters regarding the federal district court matters to Google (regarding the HTC Delaware matter) and Nokia (regarding the Nokia Delaware matter).

sf-3139264

**MORRISON | FOERSTER**

Diane Hutnyan
April 30, 2012
Page Two

We also attach hereto correspondence sent to Winston & Strawn, your co-counsel for Motorola. As you will see, we have been unable to secure Motorola's consent to produce because Motorola has refused to allow Apple's counsel of record in this case, WilmerHale, to have access to its confidential information.

Mr. Goldberg's email also references a statement in Apple's Motion that a third party has given consent for the production of materials related to a single hearing. This was a reference to Atmel, which gave this consent to Samsung on December 21, 2011, in email correspondence to you in connection with Samsung's request for *Markman*-related information. We have since learned that counsel for Apple in the *Motorola* matters just recently received broader authorization from Atmel, as attached hereto, but we are informed that this broader authorization does not allow Apple to produce any additional documents, as the documents to which it relates also have the confidential information of other parties who have not provided consent.

The responses Apple has received to its counsel's notice letters are attached.

We do not have an index of all the documents still affected by these CBI issues in these cases. We cannot prepare one because we are not privileged to see the documents until consent to produce is obtained.

Finally, on a different aspect of the April 12 Order, we renew our request that you identify immediately any Apple witness you request to depose as a result of Apple's production of deposition transcripts from related cases. We note that it is now ten days before Samsung's May 10 deadline for completing any such depositions and we still have not received a single name from you. Apple informed you ten days ago that it had completed its production of deposition transcripts under the April 12 Order, and stated that we would need to receive the names of any deponents by April 25 in order to have time to fit depositions into the employees' schedules. Your delay in identifying deponents—if you intend to seek additional depositions—risks making depositions before May 10 impossible, and Apple does not intend to make any employees available after that date.

Sincerely,

*/s/ Mia Mazza*

Mia Mazza

Encls.

cc:   S. Calvin Walden
      Peter Kolovos

sf-3139264