1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
8  Telephone:    (650) 801-5000
   Facsimile:    (650) 801-5100
9
   Michael T. Zeller (Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
14 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                  UNITED STATES DISTRICT COURT

17           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF JEFFREY JOHNSON, PH.D., IN SUPPORT OF SAMSUNG'S REPLY IN SUPPORT OF SAMSUNG'S MOTION FOR CLARIFICATION**<br><br>Date:   June 19, 2012<br>Time:   10:00 a.m.<br>Place:  Courtroom 5, 4th Floor<br>Judge:  Hon. Paul S. Grewal |

                        **FILED UNDER SEAL**

I, Jeffrey Johnson, declare as follows:

1. I am currently the President and Principal Consultant at UI Wizards, Inc., where I manage the company, perform product usability design, evaluation, testing, and training for clients. I have more than 32 years of experience in the computer industry designing, implementing, evaluating, and testing user interfaces, including touch-screen based user interfaces.

2. I earned a B.A. in psychology from Yale University and a Ph.D. in psychology with additional studies in computer science from Stanford University.

3. Attached as Exhibit 1 is my Curriculum Vitae which summarizes my background, credentials, and includes a list of my publications.

4. I submit this declaration in support of Samsung's Reply ISO Samsung's Motion for Clarification Regarding the Court's May 4, 2012 Order. I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

5. As I explained in my expert report titled "EXPERT REPORT OF JEFFREY JOHNSON, PH.D. REGARDING NON-INFRINGEMENT OF U.S. PATENT NO. 7,469,381" dated April 16, 2012, I have examined the "blue glow" feature on various Samsung devices and my opinion is that the blue glow feature does not infringe the '381 Patent.

6. In a device/application with blue glow, when a user attempts to scroll a document past the edge, the user encounters a hard stop, i.e. the document stops when it reaches the edge and does not scroll past the edge. In addition, a visual indication, typically but not always a blue (but the color is immaterial) glow is overlaid near the edge. Because no area beyond the edge is displayed in an application with blue glow, the application does not infringe the claims of the '381 Patent. Furthermore, because the document never translates in a second direction (i.e. "bounces"), this is a second reason why blue glow feature does not infringe the claims of the '381 Patent.

7. I have been asked by counsel for Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Telecommunications America, LLC (collectively "Samsung") to conduct a detailed review of its December 30, 2011 production of source code. I also compared this source code to the generic version of blue glow source code produced on

1  January 23, 2012 – which I understand is not tied to a particular product, but consists of the base
2  version which was implemented into the accused products.

3  [REDACTED]
4  [REDACTED]
5  [REDACTED]
6  [REDACTED]
7  [REDACTED]
8  [REDACTED]
9  [REDACTED]
10 [REDACTED]
11 [REDACTED]
12 [REDACTED]
13 [REDACTED]
14 [REDACTED]
15 [REDACTED]
16 [REDACTED]
17 [REDACTED]
18 [REDACTED]
19 [REDACTED]
20 [REDACTED]
21 [REDACTED]
22 [REDACTED]

23      13.    I also compared the above mentioned source code with the blue glow functionality
24 to the generic version of blue glow source code produced on January 23, 2012 – which I
25 understand is not tied to a particular product, but consists of the base version which was
26 implemented into the accused products.  As a result of this review, I confirmed that the blue glow
27 source code is present in the versions of source code produced on December 30, 2011 for at least
28 the Galaxy S II, Exhibit 4G, Epic 4G, and Galaxy Tab 10.1.

14. The blue glow source code present on these four devices is substantially identical to the generic version of source code produced by Samsung on January 23, 2012.

15. The blue glow function is implemented by relatively a few lines of code which is uncomplicated and straightforward. Someone who is experienced in reviewing source code would not need to invest significant time and effort to understand the blue glow source code that exists in the four products identified above.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on the 4th of June 2012, in Las Vegas, Nevada.

_____
Jeffrey Johnson