# EXHIBIT 2

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   11-cv-01846-LHK<br><br>**APPLE INC.'S AMENDED OBJECTIONS AND RESPONSE TO SAMSUNG ELECTRONICS CO. LTD.'S INTERROGATORY NO. 5 TO APPLE INC.** |

1      Under Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33, Apple
Inc. ("Apple") hereby objects and responds to Samsung Electronics Co. Ltd.'s Interrogatory No. 5
served by Samsung Electronics Co., Ltd. ("Samsung") on August 3, 2011.

## GENERAL OBJECTIONS

Apple makes the following general responses and objections ("General Objections") to each definition, instruction, and interrogatory propounded in Samsung Electronics Co. Ltd.'s First Set of Interrogatories to Apple Inc. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar or additional objections or partial responses to individual interrogatories does not waive any of Apple's General Objections.

1.  Apple objects to Samsung's definitions of "APPLE," "PLAINTIFF," "YOU," and "YOUR" to the extent they purport to include persons or entities that are separate and distinct from Apple and are not under Apple's control. "Apple" refers only to Apple Inc.

2.  Apple objects to Samsung's definition of "PRIOR ART" as inaccurate, overly broad, vague, ambiguous, and unduly burdensome. Samsung's definition is particularly vague and ambiguous in its use of the phrase "relevant to the validity," and overly broad in attempting to include information other than that cited to the Patent Office during the prosecutions of the patents that are the subject of this litigation.

3.  Apple objects to Samsung's definitions of each term incorporating the word "PATENT," "PATENTS," and "PATENTS-IN-SUIT," including definitions 4 through 34, because they are inaccurate, overly broad, vague, ambiguous, and unduly burdensome.

4.  Apple objects to Samsung's definitions of "APPLE TRADE DRESS" because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome. For the purposes of these responses and objections, Apple uses the following defined terms:

- "Original iPhone Trade Dress" means the following elements of Apple's product designs: a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; the appearance of a metallic bezel around the flat clear surface; a display screen under the clear surface; under the clear surface, substantial black borders above and below the display screen and narrower black borders on either side of

1 the screen; when the device is on, a matrix of colorful square icons with evenly rounded
2 corners within the display screen; and when the device is on, a bottom dock of colorful
3 square icons with evenly rounded corners set off from the other icons on the display,
4 which does not change as other pages of the user interface are viewed;

5 • "iPhone 3G Trade Dress" means the following elements of Apple's product designs: a
6 rectangular product with four evenly rounded corners; a flat clear surface covering the
7 front of the product; the appearance of a metallic bezel around the flat clear surface; a
8 display screen under the clear surface; under the clear surface, substantial black borders
9 above and below the display screen and narrower black borders on either side of the
10 screen; when the device is on, a row of small dots on the display screen; when the device
11 is on, a matrix of colorful square icons with evenly rounded corners within the display
12 screen; and when the device is on, a bottom dock of colorful square icons with evenly
13 rounded corners set off from the other icons on the display, which does not change as
14 other pages of the user interface are viewed;

15 • "iPhone 4 Trade Dress" means the following elements of Apple's product designs: a
16 rectangular product with four evenly rounded corners; a flat clear surface covering the
17 front of the product; a display screen under the clear surface; under the clear surface,
18 substantial neutral (black or white) borders above and below the display screen and
19 narrower black borders on either side of the screen; a thin metallic band around the
20 outside edge of the phone; when the device is on, a row of small dots on the display
21 screen; when the device is on, a matrix of colorful square icons with evenly rounded
22 corners within the display screen; and when the device is on, a bottom dock of colorful
23 square icons with evenly rounded corners set off from the other icons on the display,
24 which does not change as other pages of the user interface are viewed;

25 • "iPhone Trade Dress" means the following elements of Apple's product designs: a
26 rectangular product with four evenly rounded corners; a flat clear surface covering the
27 front of the product; a display screen under the clear surface; under the clear surface,
28 substantial neutral (black or white) borders above and below the display screen and

narrower neutral borders on either side of the screen; when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen; and when the device is on, a bottom dock of colorful square icons with evenly rounded corners set off from the other icons on the display, which does not change as other pages of the user interface are viewed;

- "iPad Trade Dress" means the following elements of Apple's product designs: a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; the appearance of a metallic rim around the flat clear surface; a display screen under the clear surface; under the clear surface, substantial neutral (black or white) borders on all sides of the display screen; and when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen;

- "iPad 2 Trade Dress" means the following elements of Apple's product designs: a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; the appearance of a metallic rim around the clear flat surface; a display screen under the clear surface; under the clear surface, substantial neutral (black or white) borders on all sides of the display screen; and when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen;

- "Trade Dress Registrations" means U.S. Registration Nos. 3,470,983; 3,457,218; and 3,475,327; and

- "Trade Dress Applications" means U.S. Application Serial Nos. 77/921,838; 77/921,829; 77/921,869; and 85/299,118.

5.   Apple objects to Samsung's definitions of "APPLE TRADEMARKS" because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome. For the purposes of these responses and objections, Apple uses the following defined terms:

- "Registered Icon Trademarks" means the marks shown in U.S. Registration Nos. 3,886,196; 3,889,642; 3,886,200; 3,889,685; 3,886,169; and 3,886,197;

- "Purple iTunes Store Trademark" means the mark shown in U.S. Application Serial No. 85/041,463; and

- "iTunes Eighth Note and CD Design Trademark" means the mark shown in U.S. Registration No. 2,935,038.

6. Apple objects to Samsung's definition of "IDENTIFY" because it is overly broad and unduly burdensome because it purports to impose requirements and obligations on Apple other than as set forth in the Federal Rules of Civil Procedure. Samsung's definition is overbroad and unduly burdensome because it would require Apple to include in its responses, for example, the addresses, employer names, and job titles of every individual identified, regardless of their employment at Apple; documents and testimony supporting every fact in Apple's responses; model names/numbers, manufacturers, announcement/release/sales dates, sellers, and descriptions for any product identified in Apple's responses, regardless of whether the product is an Apple product; production numbers, document type, a description of the general nature and subject matter, date of creation, and all authors, addressees, and recipients for every document; and country, patent or application number, filing/publication/grant dates, patentees, and applicants for every patent document.

7. Apple objects to Samsung's Instruction No. 1 because it is vague, ambiguous, overly broad, and unduly burdensome, especially in its purported requirement that Apple furnish information from entities that are not Apple, and from persons with "the best knowledge." Apple further objects to this instruction because it calls for the disclosure of information that is privileged and protected by the work product doctrine.

8. Apple objects to Samsung's Instruction No. 2 because it purports to impose requirements and obligations on Apple other than as set forth in the Federal Rules of Civil Procedure.

9. Apple provides these objections and responses to the best of its current knowledge. Discovery or further investigation may reveal additional or different information warranting amendment of these objections and responses. Apple reserves the right to produce at trial and make reference to any evidence, facts, documents, or information not discovered at this time, omitted through good-faith error, mistake, or oversight, or the relevance of which Apple has not presently identified.

10. By responding to these interrogatories, Apple does not concede the relevance or materiality of any of the interrogatories or of the subjects to which it refers. Apple's responses are made subject to, and without waiving any objections as to the competency, relevancy, materiality, privilege, or admissibility of any of the responses, or of the subject matter to which they concern, in any proceeding in this action or in any other proceeding.

11. Apple objects to any interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or discovery immunity. The inadvertent production by Apple of information protected from disclosure by any such privilege, doctrine, or immunity shall not be deemed a waiver by Apple of such privileges or protections. Pursuant to the parties' agreement, to the extent any interrogatory calls for the identification of information dated after April 15, 2011 that is protected by such privilege, doctrine, or immunity, such information will not be included on Apple's privilege log.

12. Apple objects generally to the Interrogatories to the extent they seek confidential, proprietary, or trade secret information of third parties. Apple will endeavor to work with third parties in order to obtain their consent, if necessary, before providing such information. To the extent an interrogatory seeks information of a confidential or proprietary nature to Apple, or to others to whom Apple is under an obligation of confidentiality, Apple will respond pursuant to the terms of the protective order to be entered in this case and subject to notice to third parties, as necessary.

13. Apple objects to Samsung's definition of "Apple Accused Products" to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to Samsung's definition of "Apple Accused Products" to the extent that it requires a legal conclusion. Apple further objects to the definition of "Apple Accused Products" to the extent it includes products that are not made, used, offered for sale, or sold in the United States. For purposes of responding to the Interrogatories, Apple interprets the term "Apple Accused Products" to mean Apple iPhone 3G, Apple iPhone 3GS, Apple iPhone 4, iPod touch, iPad, iPad

3G, iPad 2, iPad 2 3G.

14. Apple objects to any interrogatory to the extent it is premature and/or to the extent that it: (a) conflicts with the schedule entered by the Court; (b) conflicts with obligations that are imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, and/or any other applicable rule; (c) seeks information that is the subject of expert testimony; (d) seeks information and/or responses that are dependent on the Court's construction of the asserted claims of the patents-in-suit; and/or (e) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced.

15. Apple objects to each interrogatory as overbroad and unduly burdensome to the extent that it calls for information that is neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence.

16. Apple objects to each interrogatory and to Samsung's "Definitions" and "Instructions" to the extent they are vague, ambiguous, overbroad, or unduly burdensome, or purport to impose upon Apple any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, or any other applicable rule.

17. Apple objects to any Interrogatory to the extent it seeks irrelevant information about Apple's products or business operations. Such requests are overbroad and unduly burdensome. Apple will only produce information that is relevant to the patents-in-suit, or that is otherwise related to the claims or defenses of the parties asserted by the parties in this litigation.

18. Apple objects to each Interrogatory to the extent that it would impose a duty on Apple to undertake a search for or an evaluation of information, documents, or things for which Samsung is equally able to search for and evaluate. In particular, Apple objects to each Interrogatory to the extent that it seeks information or documents that are publicly available.

19. Apple objects to each Interrogatory to the extent that it seeks information that can be derived or ascertained from documents that will be produced in discovery or that are uniquely in Samsung's possession, custody, and control.

20. Apple objects to the Interrogatories to the extent they would require Apple to draw

APPLE'S OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORY NO. 5      6
sf- 3096379

a legal conclusion or contention to make a proper response.

21. Apple objects to any Definition, Instruction or Interrogatory to the extent that it purports to require identification of oral communications. Such Definition, Instruction or Interrogatory is overbroad, vague, ambiguous, and unduly burdensome.

22. Apple objects to the definition of the terms "referring to," "relating to," "concerning," or "regarding" as vague, ambiguous, overbroad, and unduly burdensome to the extent that they depart from Apple's own definitions of these terms, as defined in Apple's Third Set of Interrogatories, dated August 3, 2011.

23. Apple objects to the Interrogatories to the extent that they purport to define words or phrases to have a meaning different from their commonly understood meaning, or to include more than their commonly understood definitions.

24. In Apple's objections, the terms "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the objections inclusive rather than exclusive.

25. Apple objects to the Interrogatories to the extent they purport to require Apple to identify or describe or identify "every," "each," "any," or other similarly expansive, infinite, or all-inclusive terms to the extent that such Interrogatories are overly broad and unduly burdensome.

26. Apple objects to the Interrogatories to the extent they seek information that is not in the possession, custody, or control of Apple, purport to require Apple to speculate about the identity of persons who might have responsive documents, and/or purport to call for any description of documents that Apple no longer possesses and/or was under no obligation to maintain.

27. Apple objects to the Interrogatories to the extent they are not limited in time and seek information for periods of time that are not relevant to any claim or defense.

28. Apple incorporates by reference its objections to the Definitions and Instructions in Samsung's First Set of Requests for Production to Apple Inc. To the extent that a response is provided, in whole or in part, by reference to documents that will be produced, Apple incorporates by reference herein its objections to Samsung's First Set of Requests for Production

1   to Apple Inc.

2       29.    Apple's objections as set forth herein are made without prejudice to Apple's right

3   to assert any additional or supplemental objections pursuant to Rule 26(e).

4       30.    Apple will make, and has made, reasonable efforts to respond to Samsung's First

5   Set of Interrogatories, to the extent that no objection is made, as Apple reasonably understands

6   and interprets each Interrogatory.  If Samsung subsequently asserts any interpretation of any

7   Interrogatory that differs from the interpretation of Apple, then Apple reserves the right to

8   supplement and amend its objections and responses.

9   **OBJECTIONS AND RESPONSES TO INTERROGATORIES**

10       Subject to the foregoing qualifications and General Objections and the specific objections

11   made below, Apple objects and responds to Samsung Electronics Co. Ltd.'s Interrogatory No. 5

12   to Apple Inc. as follows:

13   **INTERROGATORY NO. 5:**

14       Separately for each of the APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS and

15   APPLE TRADEMARKS, IDENTIFY every product manufactured, used, sold, offered for sale, or

16   imported into the United States since 2005 that YOU believe uses or may use any protected

17   design, trademark, trade dress, or invention of the APPLE PATENTS-IN-SUIT, APPLE TRADE

18   DRESS, and APPLE TRADEMARKS and the date(s) on which you believe that use occurred.

19   The products shall be identified by product name, product manufacturer, telecommunications

20   carrier (if applicable), date of product announcement, date of product release, and appearance of

21   product – including front, back, and side images.

22   **AMENDED OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

23       Apple objects to the phrase "appearance of product" as vague and ambiguous.  Apple

24   objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to

25   lead to the discovery of admissible evidence, especially to the extent it requests: (i) "every

26   product," including products not at issue in this litigation; (ii) the production of objects or images

27   in response to an Interrogatory; (iii) information concerning the "appearance of product –

28   including front, back, and side images"; and (iv) Samsung products released outside of the United

States.  Apple further objects to this Interrogatory to the extent it seeks information that: (i) requires the disclosure of information, documents, and things protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, joint defense privilege, or any other applicable privilege, doctrine, or immunity; (ii) would require Apple to draw a legal conclusion to respond; (iii) is outside of Apple's possession, custody, or control; (iv) can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly available; (v) concerns use of any asserted trademark or trade dress before 2007; (vi) would require Apple to draw a legal conclusion to respond; or (vii) is subject to a confidentiality or nondisclosure agreement or governed by a protective order preventing its production.

Subject to and incorporating its General Objections and its specific objections, Apple responds as follows with respect to the Samsung products accused in Apple's Amended Complaint:

At least the following Samsung devices use or may use inventions claimed by the '002, '891, '163, '915, and '828 patents: Acclaim, Captivate, Continuum, Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Fascinate, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G, Gem, Gravity, Indulge, Infuse 4G, Intercept, Mesmerize, Nexus S, Nexus S 4G, Replenish, Showcase Galaxy S, Sidekick, Transform, Vibrant, Galaxy Tab, and Galaxy Tab 10.1.

At least the following Samsung devices use or may use inventions claimed by the '381 patent: Captivate, Continuum, Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Fascinate, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G, Gravity, Indulge, Infuse 4G, Intercept, Mesmerize, Nexus S, Nexus S 4G, Replenish, Showcase Galaxy S, Sidekick, Vibrant, Galaxy Tab, and Galaxy Tab 10.1.

At least the following Samsung devices use or may use inventions claimed by the '607 and '129 patents: Galaxy Tab and Galaxy Tab 10.1.

At least the following Samsung devices use or may use the invention claimed by the D'889 patent: Galaxy Tab 10.1.

At least the following Samsung devices use or may use the inventions claimed by the D'087, D'677, and D'270 patents: Fascinate, Galaxy Ace, Galaxy S i9000, Galaxy S2 i9100,

Galaxy S 4G, Infuse 4G, Mesmerize, Showcase i500, Showcase Galaxy S, Vibrant, Galaxy S2 Epic 4G Touch, Galaxy S2 (T-Mobile), Galaxy S2 (AT&T), and Galaxy S2 Skyrocket.

At least the following Samsung devices use or may use the inventions claimed by the D'790, D'305, and D'334 patents: Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Fascinate, Gem, Galaxy Ace, Galaxy S i9000, Galaxy S 4G, Gravity Smart, Indulge, Infuse 4G, Mesmerize, Showcase Galaxy S, Showcase i500, Vibrant.

At least the U.S. versions of the Samsung Vibrant, Mesmerize, Infuse 4G, Galaxy S 4G, Fascinate, Galaxy S2 i9100, Galaxy S2 Epic 4G Touch, Galaxy S2 (AT&T), Galaxy S2 (T-Mobile), Galaxy S2 Skyrocket, Captivate, Galaxy Ace, Galaxy S i9000, Showcase Galaxy S, and Showcase i500 products use or may use Apple's Original iPhone Trade Dress, iPhone 3G Trade Dress, iPhone 4 Trade Dress, iPhone Trade Dress; the trade dress shown in the Trade Dress Registrations; the trade dress shown in U.S. Application Serial No. 85/299,118; and the Registered Icon Trademarks, the Purple iTunes Store Trademark, and the iTunes Eighth Note and CD Design Trademark. Apple alleges that Samsung Vibrant, Showcase i500, Mesmerize, Infuse 4G, Galaxy S 4G, Galaxy Prevail, Fascinate, Gem, Gravity Smart, Epic 4G, Exhibit 4G, Droid Charge, Continuum, Captivate, Galaxy S2 Epic 4G Touch, Galaxy S2 (AT&T), Galaxy S2 (T-Mobile), Galaxy S2 Skyrocket, Galaxy S i9000, Galaxy S Showcase, and Showcase i500 products use or may use the Registered Icon Trademarks, the Purple iTunes Store Trademark, and the iTunes Eighth Note and CD Design Trademark. Apple alleges that the Galaxy Tab 10.1 and Galaxy Tab 7.0 use the iPad Trade Dress and the iPad 2 Trade Dress; the trade dress shown in U.S. Application Serial Nos. 77/921,838, 77/921,829, and 77/921,869; and the Registered Icon Trademarks, the Purple iTunes Store Trademark, and the iTunes Eighth Note and CD Design Trademark. Apple believes that the use or possible use of its patented inventions, trade dress, and trademarks occurred, for each product listed above, no later than the date of each product's release in the United States.

The foregoing response does not address recently-released Samsung products accused by Apple in the action styled *Apple Inc. v. Samsung Electronics Co. Ltd. et al.*, Case No. CV12-00630-LHK (N.D. Cal. Feb. 8, 2012). Apple, however, reserves the right to seek and enforce an

injunction against any Samsung products that are no more than colorably different from the Samsung products found to infringe in this action and that infringe the Apple patents asserted in this action or, in the alternative, are confusingly similar to the trade dress and trademark rights asserted by Apple in this action.

Dated: March 4, 2012                    MORRISON & FOERSTER LLP

                                        By:  */s/ Richard S.J. Hung*
                                             RICHARD S.J. HUNG

                                             Attorneys for Plaintiff
                                             APPLE INC.

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is Morrison & Foerster LLP, 425 Market St., San Francisco, California 94105-2482. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on March 4, 2012, I served a copy of:

**APPLE INC.'S AMENDED OBJECTIONS AND RESPONSE TO SAMSUNG ELECTRONICS CO. LTD.'S INTERROGATORY No. 5 TO APPLE INC.**

☒ BY ELECTRONIC SERVICE [Fed. R. Civ. P. 5(b)] by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Fed. R. Civ. P. 5(b).

Charles Kramer Verhoeven
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Email: charlesverhoeven@quinnemanuel.com

Edward J. DeFranco
Quinn Emanuel Urquhart & Sullivan, LLP
335 Madison Avenue, 22nd Floor
New York, NY 10017
Tel: 212-849-7000
Fax: 212-849-7100
Email: eddefranco@quinnemanuel.com

Kevin P.B. Johnson
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-801-5100
Email: kevinjohnson@quinnemanuel.com

Michael Thomas Zeller
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
Email: michaelzeller@quinnemanuel.com

| | |
|---|---|
| 1 | Victoria F. Maroulis |
| | Quinn Emanuel Urquhart & Sullivan, LLP |
| 2 | 555 Twin Dolphin Drive, Fifth Floor |
| | Redwood Shores, CA 94065 |
| 3 | Tel: 650-801-5000 |
| | Fax: 650-801-5100 |
| 4 | Email: victoriamaroulis@quinnemanuel.com |

Margret Mary Caruso
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-801-5100
Email: margretcaruso@quinnemanuel.com

Todd Michael Briggs
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, CA 94065
Tel: 650-801-5000
Email: toddbriggs@quinnemanuel.com

Rachel H Kassabian
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive 5th Floor
Redwood Shores, CA 94065
650-801-5000
Fax: 650-801-5100
Email: rachelkassabian@quinnemanuel.com

Executed in San Francisco, California this 4th day of March, 2012.

  /s/ Rosamaría Barajas
  Rosamaría Barajas

CERTIFICATE OF SERVICE
CASE NO. 11-CV-1846-LHK
sf-3115392