# EXHIBIT 3

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | Case No.   11-cv-01846-LHK<br><br>**APPLE INC.'S SECOND AMENDED OBJECTIONS AND RESPONSE TO SAMSUNG ELECTRONICS CO. LTD.'S INTERROGATORY NO. 5 TO APPLE INC.** |

1  Under Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33, Apple
2  Inc. ("Apple") hereby amends it objections and response to Samsung Electronics Co. Ltd.'s
3  Interrogatory No. 5 served by Samsung Electronics Co., Ltd. ("Samsung") on August 3, 2011.

**GENERAL OBJECTIONS**

The General Objections set forth in Apple's Objections and Responses to Samsung's First Set of Interrogatories, served on September 12, 2011, are incorporated herein by reference.

**AMENDED OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5**

Subject to the foregoing qualifications and General Objections and the specific objections made below, Apple objects and responds to Samsung Electronics Co. Ltd.'s Interrogatory No. 5 to Apple Inc. as follows:

**INTERROGATORY NO. 5:**

Separately for each of the APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS and APPLE TRADEMARKS, IDENTIFY every product manufactured, used, sold, offered for sale, or imported into the United States since 2005 that YOU believe uses or may use any protected design, trademark, trade dress, or invention of the APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS, and APPLE TRADEMARKS and the date(s) on which you believe that use occurred. The products shall be identified by product name, product manufacturer, telecommunications carrier (if applicable), date of product announcement, date of product release, and appearance of product – including front, back, and side images.

**SECOND AMENDED OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

Apple objects to the phrase "appearance of product" as vague and ambiguous.  Apple objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it requests: (i) "every product," including products not at issue in this litigation; (ii) the production of objects or images in response to an Interrogatory; (iii) information concerning the "appearance of product – including front, back, and side images"; and (iv) Samsung products released outside of the United States.  Apple further objects to this Interrogatory to the extent it seeks information that: (i) requires the disclosure of information, documents, and things protected from disclosure by the

attorney-client privilege, work product doctrine, common interest doctrine, joint defense privilege, or any other applicable privilege, doctrine, or immunity; (ii) would require Apple to draw a legal conclusion to respond; (iii) is outside of Apple's possession, custody, or control; (iv) can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly available; (v) concerns use of any asserted trademark or trade dress before 2007; (vi) would require Apple to draw a legal conclusion to respond; or (vii) is subject to a confidentiality or nondisclosure agreement or governed by a protective order preventing its production.

Subject to and incorporating its General Objections and its specific objections, Apple responds as follows with respect to the Samsung products accused in Apple's Amended Complaint:

At least the following Samsung devices use or may use inventions claimed by the '002, '891, '163, '915, and '828 patents: Acclaim, Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Fascinate, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G, Galaxy S 2 (AT&T; i9100; T-Mobile; Epic 4G Touch; Skyrocket), Galaxy S Showcase (i500), Galaxy Tab 7.0, Galaxy Tab 10.1, Gem, Gravity Smart, Indulge, Infuse 4G, Intercept, Mesmerize, Nexus S, Nexus S 4G, Replenish, Sidekick, Transform, and Vibrant.

At least the following Samsung devices use or may use inventions claimed by the '381 patent: Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Fascinate, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G, Galaxy S 2 (Epic 4G Touch), Gravity Smart, Indulge, Infuse 4G, Intercept, Mesmerize, Nexus S, Nexus S 4G, Replenish, Sidekick, Vibrant, Galaxy Tab 7.0, and Galaxy Tab 10.1.

At least the following Samsung devices use or may use inventions claimed by the '607 and '129 patents: Galaxy Tab 7.0 and Galaxy Tab 10.1.

At least the following Samsung devices use or may use the invention claimed by the D'889 patent: Galaxy Tab 10.1.

At least the following Samsung devices use or may use the inventions claimed by the D'087, D'677, and D'270 patents: Fascinate, Galaxy Ace, Galaxy S i9000, Galaxy S2 i9100,

1  Galaxy S 4G, Infuse 4G, Mesmerize, Galaxy S Showcase (i500), Vibrant, Galaxy S2 Epic 4G
2  Touch, Galaxy S2 (T-Mobile), Galaxy S2 (AT&T), and Galaxy S2 Skyrocket.
3        At least the following Samsung devices use or may use the inventions claimed by the
4  D'790, D'305, and D'334 patents: Captivate, Continuum, Droid Charge, Epic 4G, Fascinate,
5  Gem, Galaxy S i9000, Galaxy S 4G, Indulge, Infuse 4G, Mesmerize, Galaxy S Showcase (i500),
6  and Vibrant.
7        At least the Samsung Vibrant, Mesmerize, Infuse 4G, Galaxy S 4G, Fascinate, Galaxy S2
8  i9100, Galaxy S2 Epic 4G Touch, Galaxy S2 (AT&T), Galaxy S2 (T-Mobile), Galaxy S2
9  Skyrocket, Captivate, Galaxy Ace, Galaxy S i9000, Droid Charge, Continuum, Epic 4G, Galaxy
10 Prevail, and Galaxy S Showcase (i500) products use or may use a combination of elements from
11 Apple's Original iPhone Trade Dress, iPhone 3G Trade Dress, iPhone 4 Trade Dress, iPhone
12 Trade Dress; the trade dress shown in the Trade Dress Registrations; and the trade dress shown in
13 U.S. Application Serial No. 85/299,118.  Apple alleges that at least the Samsung Vibrant,
14 Acclaim, Galaxy S Showcase (i500), Mesmerize, Infuse 4G, Indulge, Intercept, Galaxy S i9000,
15 Galaxy S 4G, Galaxy Ace, Galaxy Prevail, Fascinate, Gem, Gravity Smart, Epic 4G, Exhibit 4G,
16 Droid Charge, Continuum, Captivate, Galaxy S2 i9100, Galaxy S2 Epic 4G Touch, Galaxy S2
17 (AT&T), Galaxy S2 (T-Mobile), Galaxy S2 Skyrocket, Galaxy S i9000, Galaxy Tab 7.0, Galaxy
18 Tab 7.0 Plus, Galaxy Tab 10.1 products use or may use icons that infringe the Registered Icon
19 Trademarks, the Purple iTunes Store Trademark, and the iTunes Eighth Note and CD Design
20 Trademark.  Apple alleges that at least the Galaxy Tab 10.1, Galaxy Tab 7.0, and Galaxy Tab 7.0
21 Plus use or may use a combination of elements from the iPad Trade Dress and the iPad 2 Trade
22 Dress; and the trade dress shown in U.S. Application Serial Nos. 77/921,838, 77/921,829, and
23 77/921,869.  Apple alleges that at least the Galaxy Tab 10.1, Galaxy Tab 7.0, and Galaxy Tab 7.0
24 Plus use or may use icons that infringe the Registered Icon Trademarks, the Purple iTunes Store
25 Trademark, and the iTunes Eighth Note and CD Design Trademark.  Apple believes that the use
26 or possible use of its patented inventions, trade dress, and trademarks occurred, for each product
27 listed above, no later than the date of each product's release in the United States.
28

In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following documents because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung: APLNDC-Y0000056159, APLNDC-X0000007220, APLNDC00013715, and APLNDC00013690. Apple also incorporates by reference its amended response to Interrogatory No. 6.

The foregoing response does not address recently-released Samsung products accused by Apple in the action styled *Apple Inc. v. Samsung Electronics Co. Ltd. et al.*, Case No. CV12-00630-LHK (N.D. Cal. Feb. 8, 2012). Apple, however, reserves the right to seek and enforce an injunction against any Samsung products that are no more than colorably different from the Samsung products found to infringe in this action and that infringe the Apple patents asserted in this action or, in the alternative, are confusingly similar to the trade dress and trademark rights asserted by Apple in this action.

Dated: March 8, 2012                    MORRISON & FOERSTER LLP

By:  */s/ Richard S.J. Hung*
     RICHARD S.J. HUNG

     Attorneys for Plaintiff
     APPLE INC.

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is Morrison & Foerster LLP, 425 Market St., San Francisco, California 94105-2482. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on Thursday, March 8, 2012, I served a copy of:

**APPLE INC.'S SECOND AMENDED OBJECTIONS AND RESPONSE TO SAMSUNG ELECTRONICS CO. LTD.'S INTERROGATORY NO. 5 TO APPLE INC.**

☒ BY ELECTRONIC SERVICE [Fed. R. Civ. P. 5(b)] by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Fed. R. Civ. P. 5(b).

Charles Kramer Verhoeven
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Email: charlesverhoeven@quinnemanuel.com

Edward J. DeFranco
Quinn Emanuel Urquhart & Sullivan, LLP
335 Madison Avenue, 22nd Floor
New York, NY 10017
Tel: 212-849-7000
Fax: 212-849-7100
Email: eddefranco@quinnemanuel.com

Kevin P.B. Johnson
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-801-5100
Email: kevinjohnson@quinnemanuel.com

Michael Thomas Zeller
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
Email: michaelzeller@quinnemanuel.com

|   |   |
|---|---|
| 1 |  |
| 2 | Victoria F. Maroulis<br>Quinn Emanuel Urquhart & Sullivan, LLP |
| 3 | 555 Twin Dolphin Drive, Fifth Floor<br>Redwood Shores, CA 94065 |
| 4 | Tel: 650-801-5000<br>Fax: 650-801-5100 |
| 5 | Email: victoriamaroulis@quinnemanuel.com |
| 6 | Margret Mary Caruso<br>Quinn Emanuel Urquhart & Sullivan, LLP |
| 7 | 555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065 |
| 8 | Tel: 650-801-5000<br>Fax: 650-801-5100 |
| 9 | Email: margretcaruso@quinnemanuel.com |
| 10 | Todd Michael Briggs<br>Quinn Emanuel Urquhart & Sullivan, LLP |
| 11 | 555 Twin Dolphin Drive, Fifth Floor<br>Redwood Shores, CA 94065 |
| 12 | Tel: 650-801-5000<br>Email: toddbriggs@quinnemanuel.com |
| 13 | Rachel H Kassabian |
| 14 | Quinn Emanuel Urquhart & Sullivan LLP<br>555 Twin Dolphin Drive 5th Floor |
| 15 | Redwood Shores, CA 94065<br>650-801-5000 |
| 16 | Fax: 650-801-5100<br>Email: rachelkassabian@quinnemanuel.com |
| 17 | Executed in San Francisco, California this 8th day of March, 2012. |
| 18 |  |
| 19 |    */s/ Edith E. Perez*    |