HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

Case No. 11-cv-01846-LHK (PSG)

**APPLE'S REPLY IN SUPPORT OF MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS DUE TO SAMSUNG'S SPOLIATION OF EVIDENCE**

Date: June 21, 2012
Time: 10:00 a.m.
Place: Courtroom 5, 4th Floor
Judge: Hon. Paul S. Grewal

**PUBLIC REDACTED VERSION**

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

I. SAMSUNG DESTROYED EVIDENCE IT WAS OBLIGATED TO PRESERVE ........ 2

A. Samsung's Duty to Preserve Arose Before April 2011 ........ 2

B. Samsung Destroyed Emails It Was Obligated to Preserve ........ 3

C. Samsung Destroyed "iPhone Countermeasure Related Report Materials" In Connection with Its Obstruction of the KFTC Investigation ........ 6

II. SAMSUNG ACTED WITH A CULPABLE STATE OF MIND ........ 7

A. Bad Faith Is Not Required ........ 7

B. Samsung Acted With a Culpable State of Mind ........ 8

III. SAMSUNG DESTROYED EVIDENCE RELEVANT TO APPLE'S CLAIMS ........ 12

IV. THE COURT SHOULD ISSUE ADVERSE INFERENCE INSTRUCTIONS ........ 13

V. CONCLUSION ........ 15

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*AdvantaCare Health Partners, LP v. Access IV*, 2004 U.S. Dist. LEXIS 16835 (N.D. Cal. Aug. 17, 2004) .......... 13

*AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979) .......... 10

*Byrd v. ABC Prof'l Tree Serv.*, 2011 U.S. Dist. LEXIS 60189 (M.D. Tenn. June 6, 2011) .......... 6

*Consol. Aluminum Corp. v. Alcoa, Inc.*, 244 F.R.D. 335 (M.D. La. 2006) .......... 8, 9

*Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*, 2008 U.S. Dist. LEXIS 111150 (N.D. Cal. Sept. 19, 2008) .......... 13

*FTC v. Lights of Am. Inc.*, 2012 WL 695008 (C.D. Cal. Jan. 20, 2012) .......... 2, 8, 10

*Glover v. BIC Corp.*, 6 F.3d 1318 (9th Cir. 1993) .......... 8, 13

*Gonzalez v. Las Vegas Metro. Police Dep't*, 2012 U.S. Dist. LEXIS 46601 (D. Nev. Apr. 2, 2012) .......... 15

*Hamilton v. Signature Flight Support Corp.*, 2005 U.S. Dist. LEXIS 40088 (N.D. Cal. Dec. 20, 2005) .......... 15

*Hynix Semiconductor, Inc. v. Rambus Inc.*, 591 F. Supp. 2d 1038 (N.D. Cal. 2006), *rev'd on other grounds*, 645 F.3d 1336 (Fed. Cir. 2011) .......... 12

*IO Grp. v. GLBT Ltd.*, 2011 U.S. Dist. LEXIS 120819 (N.D. Cal. Oct. 19, 2011) .......... 9

*Keithley v. Homestore.com, Inc.*, 2008 U.S. Dist. LEXIS 92822 (N.D. Cal. Nov. 6, 2008) .......... 8

*Kronisch v. United States*, 150 F.3d 112 (2d Cir. 1998) .......... 12

*Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400 (9th Cir. 1993) .......... 10

*Medical Lab. Mgmt. Consultants v. ABC*,
306 F.3d 806 (9th Cir. 2002)............................................................................................ 15

*Micron Technology, Inc. v. Rambus Inc.*,
645 F.3d 1311 (Fed. Cir. 2011)................................................................................... 13, 15

*MOSAID Techologies, Inc. v. Samsung Electronics Co.*,
348 F. Supp. 2d 332 (D.N.J. 2004) ............................................................................ 1, 7, 8, 9

*Powertech Technology Inc. v. Tessera, Inc.*,
660 F.3d 1301 (Fed. Cir. 2011)........................................................................................ 15

*Premier Displays & Exhibits v. Cogswell*,
2009 U.S. Dist. LEXIS 119462 (C.D. Cal. Dec. 23, 2009) ............................................ 4, 5

*Religious Technology Center v. Netcom On-Line Comm. Serv., Inc.*
1997 WL 34605244 (N.D. Cal. Jan. 6, 1997) ..................................................................... 11

*U.S. v. Vidacak*,
553 F.3d 344 (4th Cir. 2009)................................................................................................ 6

*UMG Recordings, Inc. v. Hummer Winblad Venture Partners (In re Napster, Inc. Copyright Litig.)*
462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006) ............................................................... 9, 11

*Zeigler v. Fisher-Price, Inc.*,
302 F. Supp. 2d 999 (N.D. Iowa 2004)................................................................................ 6

*Zubulake v. UBS Warburg LLC*,
220 F.R.D. 212 (S.D.N.Y. 2003) ................................................................................ 2, 9, 11

**STATUTES**

15 U.S.C. § 1117 ................................................................................................................ 10

Fed. R. Evid. 803(8)................................................................................................................ 6

**INTRODUCTION**

Samsung does not contest that it has continued to use [REDACTED] . Samsung characterizes its conduct as a [REDACTED] (Opp. at 16.) Yet courts have issued adverse inference instructions precisely because of comparable failures—including in a case against Samsung. In *MOSAID Techology, Inc. v. Samsung Electronics Co.*, 348 F. Supp. 2d 332 (D.N.J. 2004), the court issued "spoliation inference" instructions because, after the litigation was filed, Samsung "never placed a 'litigation hold' or 'off switch' on its document retention policy concerning email," which, "[u]nchecked . . . allowed e-mails to be deleted, or at least to become unaccessible, on a rolling basis." *Id*. at 333-34, 340.

Notwithstanding the adverse inference instructions issued in *MOSAID*, Samsung failed to suspend auto-deletion of emails after litigation was filed in the *Fractus* case. (Dkt. No. 895-2, Ex. 37 (filed under seal) (May 20, 2011 trial transcript referring to [REDACTED] Once again, Samsung has adhered to its auto-deletion policy in this case, long after it [REDACTED] and to this day. Adverse inference instructions are warranted here, as they were in *MOSAID* and numerous other cases in which parties failed to suspend auto-deletion policies when under a duty to preserve.

Samsung relies heavily on an order from the ITC, yet Samsung previously took the position that the motion filed in this Court "is a different motion and asks for different remedies." (Dkt. No. 899-3 at 1.) Moreover, in the ITC, [REDACTED] ; here, in contrast, the Court is determining whether to instruct the jury that it can adopt an adverse inference, and bad faith is not required.

Further, Samsung barely even acknowledges its deliberate destruction of documents concerning "iPhone countermeasure" materials in connection with obstructing a Republic of

Korea's Fair Trade Commission ("KFTC") investigation. Adverse inference instructions are warranted in light of that spoliation as well.

# I. SAMSUNG DESTROYED EVIDENCE IT WAS OBLIGATED TO PRESERVE

## A. Samsung's Duty to Preserve Arose Before April 2011

Samsung asserts that its "preservation duty . . . arose no earlier than April 15, 2011, when Apple filed its Complaint," and the [REDACTED] (Opp. at 4.) The only case that Samsung cites for this proposition contradicts its position. *See FTC v. Lights of Am. Inc.*, No. SACV 10-1333, 2012 WL 695008, at *2 (C.D. Cal. Jan. 20, 2012) ("The obligation to preserve relevant evidence attaches when litigation is 'pending or reasonably foreseeable.'") (cited in Opp. at 2 n.16);[1] *see also Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003) ("duty to preserve attached at the time that litigation was reasonably anticipated") (cited in Opp. at 18 n.20).

Here, [REDACTED] As Apple's motion noted, Samsung thereby "acknowledged its obligation to preserve documents related to Apple's claims . . . in August 2010" (Mot. at 10); thus, Samsung is wrong that Apple "admits" that the preservation duty arose in April 2011. (Opp. at 14-15 (citing Mot. at 10).) Samsung offers no basis to conclude that it did not anticipate litigation [REDACTED]

[1] *Lights of America* does not support Samsung. In that case, the court rejected the defendants' contention that the FTC's duty to preserve attached when it first initiated an investigation against them, because an investigation was merely the procedure the FTC used to obtain information about a product, before it could decide whether litigation was warranted. 2012 WL 695008, at *3, 11-12.

[redacted] Moreover, Samsung does not contend that Apple automatically deletes emails after 14 days, or at all.

**B. Samsung Destroyed Emails It Was Obligated to Preserve**

Samsung does not contest that [redacted] Nor does Samsung contest that [redacted] Apple demonstrated that some custodians did not preserve all relevant emails, because they failed to preserve emails that they sent or received that were produced by other custodians. (Mot. at 4-6.) As Apple argued, those documents are likely only the tip of the iceberg, as Apple cannot possibly know how many other documents these custodians (and others) failed to preserve.[2] (*Id.*) Indeed, Samsung identifies even more instances [redacted] (Dkt. No. 987-39 ¶ 19.)

Samsung falls far short of demonstrating that, despite the [redacted], it somehow preserved all emails it was obligated to preserve.

---

[2] Samsung does not contend that Apple uses an email system that automatically deletes emails. Accordingly, while Samsung's custodians' failure to preserve emails when Samsung has [redacted] is highly relevant, Samsung's assertion that some Apple witnesses did not produce some emails has no relevance whatsoever.

First, Samsung does not contest Apple's showing that [redacted], but argues the failure to preserve does not matter because it had no duty to preserve them. (Opp. at 4, 14-15.) That argument fails because all of the documents were created *after* Samsung [redacted] acknowledging that litigation was reasonably foreseeable. (Mot. at 4-6.)

Second, Samsung argues that those custodians' failures to preserve documents created before April 2011 does not matter because they supposedly had not [redacted] (Opp. at 10-14.) This argument flatly contradicts the four versions of the transparency disclosures Samsung previously served in this case, all of which [redacted] (Dkt. No. 895-2 Ex. 9; Declaration of Esther Kim in Support of Samsung's Reply in Support of Motion for Adverse Inference Instructions ("Kim Reply Decl.") Exs. 1-3 [redacted] *After Apple filed its motion*, Samsung filed a new amended disclosure, [redacted]. (Dkt. No. 987-37 (filed under seal) Ex. 33, at Ex. T; Dkt. No. 987-43 Ex. 4.) The Court should not credit this after-the-fact change. *See, e.g.*, *Premier Displays & Exhibits v. Cogswell*, No. SACV 09-354, 2009 U.S. Dist. LEXIS 119462, at *22-29 (C.D. Cal. Dec. 23, 2009) (applying "sham affidavit" rule and disregarding declaration contradicting earlier deposition testimony). Even if credited, [redacted] further demonstrates that Samsung has not paid adequate attention to its preservation obligations (and disclosures to Apple). Regardless, Samsung had an obligation to preserve relevant evidence once litigation was reasonably foreseeable; if Samsung failed to do so because it did not send hold notices to the right people, that is Samsung's problem, not Apple's.

Third, contradicting the testimony of its twice-deposed corporate witness on document retention, Kyu Hyuk Lee, Samsung identifies new facts about its [redacted] The Court should disregard Samsung's new facts. *See, e.g.*, *Premier Display*, 2009 U.S. Dist. LEXIS 119462, at *22-29.

Even if considered, the new facts do not show that Samsung preserved all relevant emails [redacted]

[redacted]

---

[3] In conjunction with its opposition, Samsung belatedly produced [redacted]

(Footnote continues on next page.)

### C. Samsung Destroyed "iPhone Countermeasure Related Report Materials" In Connection with Its Obstruction of the KFTC Investigation

Apple's motion emphasized Samsung's deliberate destruction of "Korean roadmap iPhone countermeasure related report materials," as well as "all the relevant files that came up in a search for SKT-related files," as documented in the KFTC press release. (Mot. at 1-2, 6-7, 11, 13-14; Dkt. No. 895-2 Ex. 1.) *Samsung does not deny the destruction*. (*See* Dkt. No. 987-48 (filed under seal).)

Contrary to Samsung's characterization (Opp. at 20), the KFTC document is not hearsay. It is a government report that relies on Samsung Vice President [REDACTED] admissions quoted above, which were stated in an email he sent to EVP [REDACTED]. (Dkt. No. 895-2 Ex. 1 at 5; *id.* Ex. 24 at S-ITC-003006126; Mot. at 6-7.) These statements are admissible as party admissions in a report of an official investigation that Samsung has not denied. *See, e.g.*, *U.S. v. Vidacak*, 553 F.3d 344, 351 (4th Cir. 2009) (International Criminal Tribunal investigation records admissible under Fed. R. Evid. 803(8)); *Byrd v. ABC Prof'l Tree Serv*., No. 1:10-DV-0047, 2011 U.S. Dist. LEXIS 60189 at *11 n.3 (M.D. Tenn. June 6, 2011) (government press release admissible under Rule 803(8) as "factual findings resulting from an investigation made pursuant to authority granted by law"); *Zeigler v. Fisher-Price, Inc.*, 302 F. Supp. 2d 999, 1021 (N.D. Iowa 2004) (consumer agency press release admissible as party admission and as agency report under Rule 803(8)(C)). Indeed, [REDACTED] (Dkt. No. 987-58 (filed under seal) ¶ 5.)

Samsung alleges that the destroyed documents were limited to [REDACTED] (Opp. at 20-21.) Yet Samsung's "iPhone

(Footnote continued from previous page.)

[REDACTED] Samsung fails to show that any of the witnesses identified in Apple's motion preserved all relevant documents. (*See id*. Ex. 4.)

countermeasure" documents, and the "SKT-related files" (apparently referring to SK Telecom, the largest Korean carrier) likely address issues such as what iPhone features are most appealing to consumers; whether Samsung should offer similar features; and whether Samsung's smartphones are similar to Apple's. [redacted] Samsung sells basically the same infringing "Galaxy S" smartphones in Korea and the U.S. Thus, Samsung should have preserved and produced its "iPhone countermeasure" communications with both Korean and U.S. carriers.

The destruction of documents in connection with the KFTC investigation is an independent, sanctionable act of bad faith spoliation; that it did not involve "the mySingle system" (Opp. at 21) is irrelevant. It also shows that Samsung executives knew of this destruction, and undermines [redacted] given that he was informed of this destruction yet produced *no emails and merely 18 documents.* (*See* Mot. at 4-5, 7; Dkt. No. 987-58 (filed under seal) ¶ 6.)

## II. SAMSUNG ACTED WITH A CULPABLE STATE OF MIND

### A. Bad Faith Is Not Required

Samsung asserts that Apple must show that Samsung engaged in a "scheme" to destroy relevant evidence "to gain a litigation advantage," and argues that it did not act in bad faith.[5] (Opp. at 3-4.) Ninth Circuit law is clear that "a finding of 'bad faith' is not a prerequisite to [adverse inference instructions]." *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). "Simple notice of 'potential relevance to the litigation'" is enough. *Id.* Consistent with this

---

[redacted]

[5] In sanctioning Samsung for failing to suspend its auto-deletion of emails, the *MOSAID* court rejected a similar argument, stating, "Samsung provides no, and this Court did not find any case law in [the Third Circuit] that requires a finding of bad faith before allowing a spoliation inference." 348 F. Supp. 2d at 337.

authority, district courts in this circuit have awarded corrective adverse inference sanctions based on a showing of negligence, gross negligence, or conscious disregard for discovery obligations, including where a party has failed to suspend the automatic deletion of emails after litigation is filed. (*See* Mot. at 7-8, 13-15 (citing cases).

Indeed, Samsung has cited authority holding that "[t]he 'culpable state of mind' [required for adverse inference sanctions] includes negligence." *Lights of Am.* 2012 WL 695008, at *2; *Keithley v. Homestore.com, Inc.*, No. C-03-04447, 2008 U.S. Dist. LEXIS 92822 at *27 (N.D. Cal. Nov. 6, 2008) ("In drawing an adverse inference, a court need not find bad faith arising from intentional, as opposed to inadvertent, conduct."). Its out-of-circuit case law on culpability (Opp. at 9 & 21) is not persuasive because, unlike the Ninth Circuit, those other circuits require bad faith for adverse inference sanctions. *See, e.g.*, *Consol. Aluminum Corp. v. Alcoa, Inc.*, 244 F.R.D. 335, 344 (M.D. La. 2006) ("gross negligence" not enough because Fifth Circuit requires "'bad faith' or intentional conduct by the spoliating party").

**B. Samsung Acted With a Culpable State of Mind**

Although bad faith is not required, Samsung's destruction of documents in connection with the KFTC investigation was clearly in bad faith. Samsung does not contend otherwise.

Samsung's failure to suspend its [REDACTED] for employees whom Samsung identified as likely to have relevant documents also establishes the requisite culpability. Although bad faith is not required, Samsung did act in bad faith by continuing to use its [REDACTED] after: (1) it had been sanctioned for doing so in the *MOSAID* case; (2) the plaintiff in the *Fractus* case had raised Samsung's auto-deletion of emails; and (3) Apple had specifically raised the issue with Samsung at the outset of this case. Samsung's attempt to distinguish *MOSAID* as issuing sanctions based on Samsung's failure to implement a litigation hold is disingenuous. (Opp. at 20.) The reference to a litigation hold in that case concerns the auto-deletion of email; Samsung was sanctioned for failing to "place[] a 'litigation hold' or 'off switch' *on its document retention policy concerning email*," which, "[u]nchecked . . . allowed

e-mails to be deleted, or at least to become unaccessible, on a rolling basis." *MOSAID*, 348 F. Supp. 2d at 332 (emphasis added).[6]

After litigation is anticipated, the failure to turn off automatic deletion amounts to a conscious disregard of discovery obligations that justifies adverse inference instructions. *See UMG Recordings, Inc. v. Hummer Winblad Venture Partners (In re Napster, Inc. Copyright Litig.)*, 462 F. Supp. 2d 1060, 1070 (N.D. Cal. 2006) ("even if Hummer's 'long standing policies' included deleting emails, Hummer was required to cease deleting emails once the duty to preserve attached in May 2000"); *IO Grp. v. GLBT Ltd.* , No. C-10-1282, 2011 U.S. Dist. LEXIS 120819, at *19-20 (N.D. Cal. Oct. 19, 2011) (party "consciously disregarded" its discovery obligations by failing to turn off its automated deletion function); *Zubulake*, 220 F.R.D. at 218. Here,

Samsung is wrong that the defendant in *Zubulake* "fail[ed] to implement a litigation hold." (Opp. at 16.) In fact, the defendant had specifically instructed its employees to preserve relevant evidence, but the court held that the duty to preserve requires both suspending any "routine document retention/destruction policy *and* put[ting] in place a 'litigation hold.'" 220 F.R.D. at 218 (emphasis added). Thus, the court found that the destruction of relevant documents pursuant to the defendant's regular document destruction practices showed a sufficiently culpable state of mind to warrant adverse inference instructions. *Id.* Samsung attempts to distinguish *IO Group* on the ground that the defendant "did not suspend the automatic deletion function until July 2011, *over a year* after the lawsuit was filed" (Opp. at 16), but

---

[6] *Fractus* shows that Samsung had notice of the impropriety of continuing to auto-delete emails when under a preservation duty. That the *Fractus* court summarily denied a request to issue adverse inference instructions with no reasons given (Dkt. No. 987-35 Ex. 31) hardly demonstrates that Samsung's use of its auto-delete policies when it is under a duty to preserve is permissible. *Fractus* is from a district court within the Fifth Circuit, which requires a showing of bad faith before allowing a spoliation inference. *See, e.g.*, *Consol. Aluminum*, 244 F.R.D. at 344.

Samsung cites *Lights of America*, but there, the party accused of spoliation submitted sworn declarations stating that all relevant documents had been preserved, and the moving party presented no evidence that relevant documents had been destroyed. *See* 2012 WL 695008, at *3. In contrast, [REDACTED] (Dkt. No. 987-39 ¶ 19.) And many of Samsung's declarants [REDACTED]

That Samsung's document policies may serve a "legitimate business purpose" does not establish that Samsung lacked a culpable state of mind when it continued [REDACTED] (Opp. at 15-16.) This motion does not challenge document destruction policies in the normal course of business; it concerns a party's obligations *after* litigation is anticipated. Similarly, Samsung addresses the costs of [REDACTED] for all employees, but not for the subset of employees Samsung identified as having relevant documents.[7] And while Samsung cites the Federal Circuit's Model Order on E-Discovery in Patent Cases (Opp. at 2 n.3), those limits would not control here, where deliberate copying is probative of Apple's trade dress claims. *See AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 349 (9th Cir. 1979); *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1405 (9th Cir. 1993); 15 U.S.C. § 1117.

[REDACTED]

---

[7] [REDACTED] Nor does Samsung show that it could not gain consent from employees in order to implement a proper preservation program.

[redacted]

[redacted] It is Samsung's culpability, not the intent of individual employees, that is at issue. *See, e.g.*, *In re Napster*, 462 F. Supp. 2d at 1070 (deciding question of whether investment company had violated duty to preserve); *Zubulake*, 220 F.R.D. at 218 (discussing whether UBS had violated its duties). Samsung's [redacted] provide evidence of at least grossly negligent if not reckless misconduct and bad faith. As the relevant case law holds, Samsung's actions were sufficiently culpable to justify an adverse inference instruction.

Finally, Apple objects to the inadmissible opinions of Samsung's putative expert attorney (Dkt. No. 987-65 (filed under seal)) as to the reasonableness of Samsung's conduct. *See, e.g.*, *Religious Tech. Ctr. v. Netcom On-Line Comm. Servs., Inc.*, No. C-95-20091, 1997 WL 34605244, at *8 (N.D. Cal. Jan. 6, 1997) (sustaining objections to attorney declarations in

connection with preliminary injunction, stating "interpretations and explanations of the law are not proper subjects of expert testimony").

**III. SAMSUNG DESTROYED EVIDENCE RELEVANT TO APPLE'S CLAIMS**

Apple showed that it is entitled to a presumption that the destroyed evidence was favorable to Apple. (Mot. at 9-10, 13 (citing cases).) Samsung attempts to distinguish only one of Apple's cited cases, *Hynix Semiconductor, Inc. v. Rambus Inc.*, 591 F. Supp. 2d 1038, 1060 (N.D. Cal. 2006), *rev'd on other grounds*, 645 F.3d 1336, 1344-47 (Fed. Cir. 2011), on the ground that the court addressed the spoliation issue in the context of its discussion of unclean hands. But that context does not change the meaning of its clear holding that "if spoliation is shown, the burden of proof logically shifts to the guilty party to show that no prejudice resulted from the spoliation" because that party "is in a much better position to show what was destroyed and should not be able to benefit from its wrongdoing." 591 F. Supp. 2d at 1060.

Even without the presumption, Apple has produced sufficient evidence to show that destroyed documents were potentially relevant to the lawsuit. *See Kronisch v. U.S.*, 150 F.3d 112, 128 (2d Cir. 1998) (party must produce only "some evidence suggesting" that the documents were potentially relevant). Indeed, Samsung establishes the relevance of the documents discussed in Apple's motion by describing them as [redacted] (Opp. at 4.) Moreover, Samsung's production of documents from other custodians establishes that they were relevant and responsive.

Nor does Samsung rebut the relevance of specific examples referenced in Apple's motion. For example, in response to Apple's showing tha [redacted]



**IV. THE COURT SHOULD ISSUE ADVERSE INFERENCE INSTRUCTIONS**

Adverse inference instructions are considered a "lesser" sanction and a "corrective procedure" that help restore the prejudiced party to the position it would have occupied had the evidence not been destroyed. *Glover*, 6 F.3d at 1329; *see AdvantaCare Health Partners, LP v. Access IV*, C-03-04496, 2004 U.S. Dist. LEXIS 16835 (N.D. Cal. Aug. 17, 2004)*; Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*, No. C 06-3359, 2008 U.S. Dist. LEXIS 111150, at *12 (N.D. Cal. Sept. 19, 2008). As shown in Section II.B, courts have issued such instructions where, as here, a party has failed to suspend its document destruction policies—specifically including the auto-deletion of emails—while under a duty to preserve evidence.

Samsung claims that, to give the particular "bad faith" instruction that Apple requests, "the district court must find that the spoliating party intended to impair the ability of the potential defendant to defend itself," citing *Micron Technology, Inc. v. Rambus Inc.*, 645 F.3d 1311, 1326

(Fed. Cir. 2011). (Opp. at 20.) But *Micron* addressed the requirements for terminating sanctions, not adverse inference instructions. As discussed above, Samsung's conduct, including its continued [REDACTED] while under a duty to preserve evidence, despite having been sanctioned before for doing exactly that, and its willful destruction of evidence in response to the KFTC's investigation, establishes bad faith.

Samsung is wrong that Apple has suffered no prejudice because any documents would have been cumulative to documents produced. Apple points to documents that should have been produced from certain custodians to expose that they once possessed relevant documents that they did not preserve, not because Apple wants more copies of the same documents. While Apple can present evidence of ***duplicative*** documents that were destroyed by pointing to copies in the possession of other custodians, there is no way for Apple to do so for the ***unique*** documents that were destroyed and in the possession of only these custodians (or that that multiple custodians failed to preserve). In light of Samsung's previous representations that documents were not de-duplicated across custodians, there is only one inference to raise from the fact that duplicative copies of documents were not produced from these custodians: they were not produced because they were destroyed.

The prejudice to Apple from the destruction of unique documents is obvious. This Court has ruled that Samsung's strategy of denying copying renders copying evidence highly probative. (Dkt. No. 267 at 3.) Copying evidence also is relevant to issues such as non-obviousness and willfulness. Samsung's destroyed evidence could include even stronger or more direct evidence that Samsung deliberately copied Apple's designs, or could address additional features at issue. Apple should have had the full panoply of copying evidence so that it could select the best evidence for its affirmative case, as well as to have the full evidence available to rebut Samsung's response.

Moreover, even where others have produced documents, the failure of particular custodians to preserve them may prejudice Apple's ability to establish admissibility and relevance where a particular witness disclaims knowledge of the document or the events described therein. This too appears to be Samsung's strategy. (*See*, *e.g.*, Dkt. No. 799-2 (filed under seal) at 11-

12 & 14-15 (discussing [REDACTED] citing Dkt. No. 799-4 Ex. 40 at 88 & 112-121; Ex. 6 at 34-36; Ex. 7 at 74-77).) The jury should be instructed that it can infer that the destroyed evidence would have shown that Samsung deliberately copied each of Apple's designs and features at issue into the accused products.[8]

Finally, the ITC decision on which Samsung so heavily relies is not binding on this Court. *See*, *e.g.*, *Powertech Tech. Inc. v. Tessera*, *Inc.*, 660 F.3d 1301, 1308 (Fed. Cir. 2011) (an ITC decision, even one addressing same issues as subsequent litigation, has no preclusive effect). Indeed, Samsung itself stated that the motion in this Court "is a different motion and asks for different remedies." (Dkt. No. 899-3 at 1.) Nor is it persuasive authority, as [REDACTED] (Dkt. No. 987-5 (filed under seal) Ex. 1 at 6 (citing *Micron Tech.* 645 F.3d at 1326-28).) Here, in contrast, the Court is determining whether to instruct the jury that it may draw an adverse inference, and bad faith is not required to warrant an instruction. Moreover, as discussed above, the *Micron Technologies* case on which the ALJ relied involved terminating sanctions and does not apply here. Further, Apple had no reply brief or oral argument in the ITC case to show, as it does here, the myriad failings in Samsung's opposition arguments and evidence.

**V. CONCLUSION**

The Court should grant Apple's motion and issue adverse inference jury instructions as a sanction for Samsung's spoliation of evidence.

---

[8] Samsung's cited authority on prejudice is inapposite. *See Gonzalez v. Las Vegas Metro. Police Dep't*, No. 2:09-cv-00381, 2012 U.S. Dist. LEXIS 46601, at *24 (D. Nev. Apr. 2, 2012) (defendants had produced precise information that plaintiff claimed she did not receive); *Medical Lab. Mgmt. Consultants v. ABC*, 306 F.3d 806, 824 (9th Cir. 2002) (no prejudice from accidental loss of laboratory slides where plaintiff had access to digital images of slides and to medical records concerning slides); *Hamilton v. Signature Flight Support Corp*., No. C-05-0490, 2005 U.S. Dist. LEXIS 40088, at *23-24 (N.D. Cal. Dec. 20, 2005) (no prejudice from destruction of portions of surveillance video showing altercation where missing video footage was irrelevant to plaintiff's claims and plaintiff had two eye witnesses who saw entire incident).

Dated: June 5, 2012

MORRISON & FOERSTER LLP

By: *__/s/ Michael A. Jacobs__*
Michael A. Jacobs

Attorneys for Plaintiff
APPLE INC.