# Exhibit A

# EXHIBIT 3
# FILED UNDER SEAL

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**WASHINGTON, DC**

**Before The Honorable Thomas B. Pender**
**Chief Administrative Law Judge**

| | |
|---|---|
| In the Matter of:<br><br>**Certain Electronic Digital Media Devices and Components Thereof** | **Investigation No. 337-TA-796** |

**RESPONDENT SAMSUNG ELECTRONICS CO., LTD.'S EIGHTH SET OF SUPPLEMENTAL RESPONSES TO COMPLAINANT'S FIRST SET OF INTERROGATORIES (NOS. 33-38)**

**Preliminary Statement**

Samsung Electronics Co., Ltd. ("SEC" or "Respondent") has made a reasonable investigation for information responsive to Apple Inc.'s ("Complainant") Interrogatories based upon its current employees' knowledge, information, and belief and based on the limited time since Complainant served those interrogatories. Respondent's investigation of the facts and law pertaining to this action is ongoing.  Respondent expects that it will supplement or modify its responses and nothing herein should be interpreted to the contrary or to otherwise prejudice Respondent's ability to do so.  Respondent reserves all available rights to use or introduce at any hearing, or at trial, information and/or documents responsive to Complainant's Interrogatories that is discovered after the date of this response.  Respondent reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility in any proceeding or trial of this or any other action for any purpose whatsoever of Respondent's responses herein and any document or thing identified or provided in response to Complainant's

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

Interrogatories.  Respondent provides these written responses to Complainant's Interrogatories subject to the general and specific objections stated below.

## General Objections

The following general objections apply to each and every interrogatory propounded by Complainant and are incorporated into each of the following responses by reference as if set forth fully therein.

1.      Respondent objects to the Interrogatories, and the instructions and definitions that accompany them, to the extent that they are premature.

2.      Respondent objects to the Interrogatories, and the instructions and definitions that accompany them, to the extent that they seek to impose obligations and demands on SEC that are greater than or more extensive than those required by 19 U.S.C. § 1337, Code of Federal Regulations Title 19 Rules 201.16 and Part 210, the August 5, 2011 Ground Rules entered in this matter, or any other applicable rule or regulation.

3.      Respondent objects to the Interrogatories, and the instructions and definitions that accompany them, to the extent that they seek information subject to attorney-client privilege, attorney work product immunity, or other privilege or immunity against disclosure.  Such information will not be provided in response to the Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information or of any work product doctrine protections that may attach thereto.

4.       Respondent objects to the Interrogatories, and the instructions and definitions that accompany them, to the extent they purport to require the production of proprietary and

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

confidential information of any third parties to whom Respondent may be under obligations of confidentiality without adequately protecting that information.

5.     Respondent objects to the Interrogatories, and the instructions and definitions that accompany them, to the extent they are vague, ambiguous, unintelligible, overly broad, unduly burdensome, oppressive, harassing, or seek information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

6.     Respondent objects to the Interrogatories, and the instructions and definitions that accompany them, to the extent they seek information that is available through public sources or are known to Respondent.

7.      Respondent objects to the Interrogatories, and the instructions and definitions that accompany them, to the extent they call for legal conclusions.

8.     Respondent objects to the Interrogatories to the extent they contain discrete subparts improperly grouped as a single interrogatory.  Respondent reserves its right to assert that Complainant's Interrogatories exceed the 175 interrogatory limit that applies in this action.

9.     Respondent objects to the definitions of "You," "Your," "SEC," and "Respondent" in the "Definitions" section of the Interrogatories, on the basis that they are overbroad, unduly burdensome, and purport to place discovery obligations upon SEC that exceed those required by 19 U.S.C. § 1337, Code of Federal Regulations Title 19 Rules 201.16 and Part 210, the August 5, 2011 Ground Rules entered in this matter, or any other applicable rule or regulation.  Respondent submits these responses on its own behalf and does not speak for other entities.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

10.     Respondent objects to the definition of "Related Patent(s)" as overbroad, vague and ambiguous, burdensome, and as seeking information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Respondent will respond to any request containing the term "Related Patent(s)" and specifically reserves the right to object to any allegation or conclusion made by Complainant relating to any discovery responses made in response to any requests containing this term.

11.     Respondent objects to the definition of "Hardware Design" as overbroad, vague and ambiguous, burdensome, and as seeking information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and as drawing a legal conclusion.

12.     Respondent objects to the definition of "Graphical User Interface Design" as overbroad, vague and ambiguous, burdensome, and as seeking information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and as drawing a legal conclusion.

13.     Respondent objects to the definition of "Samsung Device" as overbroad, vague and ambiguous, burdensome, and as seeking information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and as drawing a legal conclusion.

14.     Apple provided a definition of "Touchscreen Device" in its First Set of Interrogatories to which Samsung objected as overbroad, vague and ambiguous, burdensome, and as seeking information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and as drawing a legal conclusion.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

Respondent and Apple met and conferred regarding these objections, and Apple provided a different definition.  Respondent objects to Apple's new definition of "Touchscreen Device" as overbroad, vague and ambiguous, burdensome, and as seeking information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and as drawing a legal conclusion.

15.     Apple provided a definition of "Translucent Display Device" in its First Set of Interrogatories to which Samsung objected as overbroad, vague and ambiguous, burdensome, and as seeking information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and as drawing a legal conclusion. Respondent and Apple met and conferred regarding these objections, and Apple provided a different definition.  Respondent objects to Apple's new definition of "Translucent Display Device" as overbroad, vague and ambiguous, burdensome, and as seeking information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and as drawing a legal conclusion.

16.     Apple provided a definition of "Cantilevered Push Button Device" in its First Set of Interrogatories to which Samsung objected as overbroad, vague and ambiguous, burdensome, and as seeking information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and as drawing a legal conclusion. Respondent and Apple met and conferred regarding these objections, and Apple provided a different definition.  Respondent objects to Apple's new definition of "Cantilevered Push Button Device" as overbroad, vague and ambiguous, burdensome, and as seeking information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and as drawing a legal conclusion.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

17.     Apple provided a definition of "Headphone Device" in its First Set of Interrogatories to which Samsung objected as overbroad, vague and ambiguous, burdensome, and as seeking information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and as drawing a legal conclusion. Respondent and Apple met and conferred regarding these objections, and Apple provided a different definition.  Respondent objects to Apple's new definition of "Headphone Device" as overbroad, vague and ambiguous, burdensome, and as seeking information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and as drawing a legal conclusion.

18.     Apple provided a definition of "Design Device" in its First Set of Interrogatories to which Samsung objected as overbroad, vague and ambiguous, burdensome, and as seeking information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and as drawing a legal conclusion.  Respondent and Apple met and conferred regarding these objections, and Apple provided a different definition in its August 29 letter.  Respondent objects to Apple's new definition of "Design Device" as overbroad, vague and ambiguous, burdensome, and as seeking information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and as drawing a legal conclusion.

19.     Apple provided a definition of "Electronic Media Device" in its First Set of Interrogatories to which Samsung objected as overbroad, vague and ambiguous, burdensome, and as seeking information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and as drawing a legal conclusion. Respondent and Apple met and conferred regarding these objections, and Apple provided a

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

different definition.  Respondent objects to Apple's new definition of "Electronic Media Device" as overbroad, vague and ambiguous, burdensome, and as seeking information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and as drawing a legal conclusion.

20.     Respondent objects to the definition of "identify" when used with respect to a person or entity as overbroad, burdensome, and as seeking information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

21.     Respondent objects to the definition of "identify" when used with respect to a document, subject to the option to produce records under 19 C.F.R. § 210.29(c).

22.     Respondent objects to the Interrogatories to the extent that they seek information not within the possession, custody or control of Respondent.  An objection on this ground does not constitute a representation or admission that such information does, in fact, exist.

23.     Except for explicit facts admitted in these responses, no incidental or implied admissions are intended and these responses shall not be construed to be a waiver by SEC of all or any part of any objection to the Interrogatories.

24.     Respondent objects to the Interrogatories as premature to the extent they call for responses that are the subject of expert testimony and the parties have not yet engaged in expert discovery or exchanged expert witness reports.

25.     Respondent has made a reasonable investigation for information responsive to the Interrogatories.  Respondent is still investigating and analyzing the facts and law pertaining to

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

this action and has not yet completed its investigation.  Respondent's responses are made without prejudice to Respondent's right to later supplement, modify or otherwise change or amend these responses.  The information contained in these responses is also subject to correction for omissions or errors.

26.     Respondent objects to the manner of responding that the Interrogatories purport to specify and the instructions and definitions that accompany them. Respondent will respond to the Interrogatories in a manner that conforms to 19 U.S.C. § 1337, Code of Federal Regulations Title 19 Rules 201.16 and Part 210, the August 5, 2011 Ground Rules entered in this matter, or any other applicable rule or regulation.

27.     Respondent objects to each interrogatory as compound to the extent it contains multiple sub-parts.

28.     Any objection by Respondent does not constitute a representation or admission that such information does in fact exist or is known to Respondent.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each Electronic Media Device and state whether it is a Touchscreen Device, Translucent Display Device, Cantilevered Push Button Device, Headphone Device, and/or Design Device.

**RESPONSE TO INTERROGATORY NO. 1:**

SEC incorporates each of its general objections by reference. SEC objects to this request as vague and ambiguous, in particular with respect to the terms "Touchscreen Device,"

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

or a related field and at least one year work experience designing electrical circuits for audio processing.

SEC is continuing to investigate the subject matter of this interrogatory and reserves the right to supplement its response to the extent it locates any non-privileged, relevant documents or information responsive to this interrogatory.

**INTERROGATORY NO. 36:**

If you contend that any Asserted Claim is invalid, describe with particularity the legal and factual basis for that contention by, without limitation, identifying the statutory bases for your contention and for any claim allegedly invalid under 35 U.S.C. § 102 or § 103, identifying the Prior Art, combinations of prior art, and other documents that you content render the Asserted Claim invalid, providing claim charts for each Prior Art or combination of Prior Art specifically setting forth where each limitation of the claim is disclosed, stating the alleged motivation to combine any Prior Art, and identifying all documents concerning, and the three SEC employees most knowledgeable about, your contention.

**RESPONSE TO INTERROGATORY NO. 36:**

SEC incorporates each of its general objections by reference. SEC objects to this request as vague and ambiguous. SEC further objects to this request as overbroad and unduly burdensome. SEC further objects to this request to the extent it calls for information protected from discovery by the attorney-client privilege and/or the work product doctrine. SEC objects to this interrogatory to the extent it seeks information as accessible to Complainant as to SEC. SEC further objects to this interrogatory to the extent that information relevant to this interrogatory is in the possession of Complainant and not yet produced to SEC. Respondent objects to this request as being premature to the extent it calls for information prior to the schedule set by the Court for the disclosure of such information, including to the extent that it seeks information that

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

is more properly the subject of expert testimony prior the time set for expert discovery by the

Court. SEC further objects to this request as calling for legal conclusions.  SEC objects to this

request to the extent it seeks information more appropriately sought through other forms of

discovery, such as by request for production of documents.

Without waiving the foregoing general and specific objections and subject to those

objections, SEC responds as follows:

After all parties to this Investigation have met and conferred for purposes of deciding on

a mutually-agreed joint schedule for the mutual exchange of information sought by

interrogatories served by any Party, including this interrogatory, that seek information as

described in 19 C.F.R. § 210.29(b)(3), SEC will supplement its response to this interrogatory in

accordance with such joint schedule.

SEC is continuing to investigate the subject matter of this interrogatory and reserves the

right to supplement its response to the extent it locates additional non-privileged, relevant

documents or information responsive to this interrogatory and to the extent Complainant

produces to SEC materials or information relevant to this request.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 36 (9/9/2011):**

Respondent incorporates by references its prior response and objections.  Subject to the

foregoing general and specific objections, Respondent supplements its response to this

interrogatory as follows:

Each of the asserted claims of the '949 patent are invalid under Sections 102 and/or 103

of Title 35 of the United States Code as anticipated by or obvious in light of the prior art.  In

particular, the asserted claims of this asserted patent are anticipated or obvious taken alone or in

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

combination with at least the references listed in Exhibit B to Samsung's Response to the Complaint filed in this Investigation, which Respondent incorporates by reference.

Each of the asserted claims of the '922 patent are invalid under Sections 102 and/or 103 of Title 35 of the United States Code as anticipated by or obvious in light of the prior art.  In particular, the asserted claims of this asserted patent are anticipated or obvious taken alone or in combination with at least the references listed in Exhibit C to Samsung's Response to the Complaint filed in this Investigation, which Respondent incorporates by reference.

Each of the asserted claims of the '533 patent are invalid under Sections 102 and/or 103 of Title 35 of the United States Code as anticipated by or obvious in light of the prior art.  In particular, the asserted claims of this asserted patent are anticipated or obvious taken alone or in combination with at least the references listed in Exhibit D to Samsung's Response to the Complaint filed in this Investigation, which Respondent incorporates by reference.

Each of the asserted claims of the '697 patent are invalid under Sections 102 and/or 103 of Title 35 of the United States Code as anticipated by or obvious in light of the prior art.  In particular, the asserted claims of this asserted patent are anticipated or obvious taken alone or in combination with at least the references listed in Exhibit E to Samsung's Response to the Complaint filed in this Investigation, which Respondent incorporates by reference.

Each of the asserted claims of the '501 patent are invalid under Sections 102 and/or 103 of Title 35 of the United States Code as anticipated by or obvious in light of the prior art.  In particular, the asserted claims of this asserted patent are anticipated or obvious taken alone or in combination with at least the references listed in Exhibit F to Samsung's Response to the Complaint filed in this Investigation, which Respondent incorporates by reference.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

The asserted claim of the D'757 patent is invalid under Sections 102 and/or 103 of Title 35 of the United States Code as anticipated by or obvious in light of the prior art. In particular, the asserted claim of this asserted patent is anticipated or obvious taken alone or in combination with at least the references listed in Exhibit G to Samsung's Response to the Complaint filed in this Investigation, which Respondent incorporates by reference.

The asserted claim of the D'678 patent is invalid under Sections 102 and/or 103 of Title 35 of the United States Code as anticipated by or obvious in light of the prior art. In particular, the asserted claim of this asserted patent is anticipated or obvious taken alone or in combination with at least the references listed in Exhibit H to Samsung's Response to the Complaint filed in this Investigation, which Respondent incorporates by reference.

Each of the asserted claims of the '949, '922, '533, '697, '501, D'757, and D'678 patents are also invalid under Section 102(f) of Title 35 of the United States Code.

Each of the asserted claims of the '949, '922, '533, '697, '501, D'757, and D'678 patents are also invalid under paragraph 1 of Section 112 of Title 35 of the United States Code because those claims lack the necessary written description and/or do not enable the alleged inventions of the Asserted Patents and/or fail to set forth the best mode contemplated by the inventors of carrying out the alleged inventions.

Each of the asserted claims of '949, '922, '533, '697, '501, D'757, and D'678 patents are also invalid under paragraph 2 of Section 112 of Title 35 of the United States Code because those claims are indefinite in that they contain ambiguous language and/or functional limitations that prevent a person skilled in the art from determining their full scope or meaning.

Respondent is continuing to investigate its response to this interrogatory and reserves the right to supplement its response to the extent it locates additional non-privileged, relevant

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

documents or information responsive to this interrogatory and to the extent Complainant produces to Respondent materials or information relevant to this request.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 36 (10/21/2011):**

SEC incorporates by references its prior responses and objections.  Subject to the foregoing general and specific objections, SEC supplements its response to this interrogatory as follows:

Pursuant to 19 C.F.R. § 210.29(c), Complainant may derive or ascertain information responsive to this interrogatory from at least the following documents produced in this matter: S-ITC-000034200 - S-ITC-000042670.

Discovery is ongoing and SEC will supplement this response as necessary in accordance with Commission Rule 210.27.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 36 (2/15/2012):**

SEC incorporates by references its prior responses and objections.  Discovery is ongoing and SEC will supplement this response as necessary in accordance with Commission Rule 210.27.  Subject to the foregoing general and specific objections, SEC supplements its response to this interrogatory as follows:

I.    **U.S. Patent 7,479,949 ("the '949 patent")**

    A. **Invalidity Under 35 U.S.C. § 102 or 103**

SEC identifies the following prior art that anticipates and/or renders obvious each of the patent's claims either expressly or inherently as understood by a person having ordinary skill in the art at the time of the alleged invention, either alone or in combination with other references as identified below.  These references are prior art under at least 35 U.S.C. §§ 102(a), (b), (e), (g) and/or 103.  Charts identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found are attached in Appendix A.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

### B.  Invalidity Under 35 U.S.C. § 112

All claims of the '501 patent are invalid under 35 U.S.C. § 112 ¶ 1 for not disclosing the best mode in the specification.

SEC incorporates by reference the Response and all exhibits thereto, Exhibit E to Respondents' Notice of Prior Art served October 28, 2011 and all corrections, supplements and amendments thereto; the deposition testimony of Timothy Johnson, Andrew Van Court, Richard Allison, James Scheller, Farzad Amini, Angelo Gaz and all exhibits used therein; the file history of the '501 patent and any continuing application from the '501 patent including reexaminations and reissue applications and all documents cited during those proceedings; all documents cited on the face of or in the '501 patent; and all of the documents produced or to be produced by Apple or third parties constituting prior art.  SEC also identifies as knowledgeable regarding the facts and circumstances that may form the basis of invalidity allegations against the '501 patent the following persons: Motorola Mobility, Inc., Texas Instruments, Nokia, Achim Pantfoerder.

### VI.  U.S. Patent D558,757 ("the D'757 patent")

### A.  Prior Art

SEC incorporates by reference the prior art identified in its Notice of Prior Art.

### B.  Invalidity Under 35 U.S.C. § 102 or 103

SEC identifies the following prior art that anticipates and/or renders obvious the D'757 patent either expressly or inherently as understood by a person having ordinary skill in the art at the time of the alleged invention, either alone or in combination with other references identified below.  These references are prior art under at least 35 U.S.C. §§ 102(a), (b), (e), (g) and/or 103.

#### 1. Claim Chart

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
| --- | --- |
| Without waiving any | 1.  **Bluebird Pidion BM-200** — (released November 2005; |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'757, and without waiving any right to show that the design claimed in D'757 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'757:<br><br>• Rounded Corners<br>• Bezel Surrounding Front Face<br>• Lack of Significant Ornamentation<br>• Rectangular shape<br>• Thin Profile<br>• Flat Front Surface<br>• Flat Back Surface<br>• Sides that curve up to meet front face | SAMNDCA00326344 - SAMNDCA00326346)<br><br> |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'757, and without waiving any right to show that the design claimed in D'757 is indefinite, this prior art shares at least the | 2. **Korean Patent 0398307** — (Issued Nov. 15, 2005; SAMNDCA00282113 - SAMNDCA00282120) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| following design characteristics with those that may be claimed in D'757:<br>• Rounded Corners<br>• Bezel Surrounding Front Face<br>• Lack of Significant Ornamentation<br>• Rectangular shape<br>• Thin Profile<br>• Flat Front Surface<br>• Flat Back Surface<br>Sides that curve up to meet front face |  |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
|  | 【우측면도】<br><br>【평면도】<br><br>【저면도】 |
| Without waiving any right to address additional design | **3.  United States Patent D504,889 —** (filed March 17, 2004; SAMNDCA00200769—SAMNDCA00200773) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| characteristics of this prior art that anticipate and/or render obvious the design claimed in D'757, and without waiving any right to show that the design claimed in D'757 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'757:<br>• Rounded Corners<br>• Bezel Surrounding Front Face<br>• Lack of Significant Ornamentation<br>• Rectangular shape<br>• Thin Profile<br>• Flat Front Surface<br>• Flat Back Surface | <br><br>*FIG. 1*<br><br>*FIG. 2* |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'757, and without waiving any right to show that the design claimed in D'757 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'757:<br>• Rounded Corners | **4.  United States Patent 548,747** — (filed August 24, 2005; SAMNDCA00200936—SAMNDCA00200940) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| • Lack of Significant Ornamentation<br>• Rectangular shape<br>• Thin Profile<br>• Flat Front Surface<br>• Flat Back Surface | <br>FIG. 1<br><br><br>FIG. 2 |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| | FIG. 3<br><br>FIG. 4<br><br>FIG. 5<br><br>FIG. 6<br><br>FIG. 7 |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'757, and without waiving any right to show that the design claimed in D'757 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'757:<br>• Rounded Corners<br>• Bezel Surrounding Front Face<br>• Lack of Significant Ornamentation<br>• Rectangular shape<br>• Thin Profile<br>• Flat Front Surface<br>• Flat Back Surface<br>• Sides that curve up to meet front face | **5. LG Prada —** (Images available to public by December 2006; SAMNDCA00326458 - SAMNDCA00326461<br> |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'757, and without waiving any right to | **6. Sharp Japanese Registration – JP 124638 —** (Issued June 6, 2005; SAMNDCA00255247—SAMNDCA00255260) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| show that the design claimed in D'757 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'757:<br>• Rounded Corners<br>• Bezel Surrounding Front Face<br>• Lack of Significant Ornamentation<br>• Rectangular shape |  |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'757, and without waiving any right to show that the design claimed in D'757 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'757:<br>• Rounded Corners<br>• Bezel Surrounding Front Face | **7.  LG Chocolate (LG KG800)** — (Released March 2006; SAMNDCA00326329 - SAMNDCA00326331; SAMNDCA00326462) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
| --- | --- |
| <ul><li>Lack of Significant Ornamentation</li><li>Rectangular shape</li><li>Thin Profile</li><li>Flat Front Surface</li><li>Flat Back Surface</li><li>Sides that curve up to meet front face</li></ul> |  |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'757, and without | **8.** **United States Patent, D536,691** — (Filed Mar. 13, 2006; Issued Feb. 13, 2007; SAMNDCA00200883— SAMNDCA00200888) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| waiving any right to show that the design claimed in D'757 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'757:<br>• Rounded Corners<br>• Bezel Surrounding Front Face<br>• Lack of Significant Ornamentation<br>• Rectangular shape<br>• Thin Profile<br>• Flat Front Surface<br>• Flat Back Surface<br>• Sides that curve up to meet front face |  |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'757, and without waiving any right to show that the design claimed in D'757 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'757: | **9. Japanese Patent JP 1241383** — (Issued June 2005; SAMNDCA00255283—SAMNDCA00255295) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| • Rounded Corners<br>• Bezel Surrounding Front Face<br>• Lack of Significant Ornamentation<br>• Rectangular shape<br>• Thin Profile<br>• Flat Front Surface<br>• Flat Back Surface<br>• Sides that curve up to meet front face |  |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'757, and without waiving any right to show that the design claimed in D'757 is indefinite, this prior art shares at least the following design characteristics with those that may be | **10. Japanese Design Patent JP 1009317** — (Issued Feb. 20, 1998; SAMNDCA00255278—SAMNDCA00255282) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| claimed in D'757:<br>• Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular shape<br>• Thin Profile<br>• Flat Front Surface |  |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'757, and without waiving any right to show that the design claimed in D'757 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'757:<br>• Rounded Corners<br>• Bezel Surrounding Front Face<br>• Lack of Significant Ornamentation | **11. Samsung Korean Patent 30-0452984; Application KR 30-2006-0050769** — (Applied for December 2006; patent issued Aug. 2007; SAMNDCA00255357—SAMNDCA00255365) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| <ul><li>Rectangular shape</li><li>Thin Profile</li><li>Flat Front Surface</li><li>Flat Back Surface</li><li>Sides that curve up to meet front face</li></ul> |  |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'757, and without waiving any right to show that the design claimed in D'757 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'757:<br><ul><li>Rounded Corners</li></ul> | **12. Japanese Design Patent JP-S-887388** — (Issued Dec. 21, 1993; SAMNDCA00255215—SAMNDCA00255221) |

139

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| <ul><li>Bezel Surrounding Front Face</li><li>Lack of Significant Ornamentation</li><li>Rectangular shape</li><li>Thin Profile</li><li>Flat Front Surface</li><li>Flat Back Surface</li><li>Sides that curve up to meet front face</li></ul> |  |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'757, and without waiving any right to show that the design claimed in D'757 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'757:<ul><li>Rounded Corners</li><li>Bezel Surrounding Front Face</li><li>Lack of Significant Ornamentation</li><li>Rectangular shape</li><li>Thin Profile</li><li>Flat Front Surface</li></ul> | **13. Japanese Design Patent JP-S-1142127** — (Issued May 27, 2002; SAMNDCA00255229—SAMNDCA00255246)<br> |

140

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| • Flat Back Surface<br>• Sides that curve up to meet front face |  |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'757, and without waiving any right to show that the design claimed in D'757 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'757:<br>• Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular shape<br>• Thin Profile<br>• Flat Front Surface<br>• Flat Back Surface | **14. United States Design Patent D497,364** — (Filed Nov. 27, 2002, Issued Oct. 19, 2004; SAMNDCA00326308 - SAMNDCA00326314)<br><br>**FIG. 1**<br><br><br>**FIG. 2**<br> |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| |  |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'757, and without waiving any right to show that the design claimed in D'757 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'757:<br>• Rounded Corners<br>• Lack of Ornamentation<br>• Rectangular shape | **15. iRiver U10** — (Released October 2005; SAMNDCA00326325 - SAMNDCA00326328)<br><br> |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| • Thin Profile<br>• Flat Front Surface<br>• Flat Back Surface<br>• Sides that curve up to meet front face |  |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'757, and without waiving any right to show that the design claimed in D'757 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'757:<br><br>• Rounded Corners<br>• Bezel Surrounding Front Face<br>• Lack of Significant Ornamentation | **16. Nokia N92** — (Released 2005; SAMNDCA00326338 - SAMNDCA00326339)<br><br> |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| • Rectangular shape<br>• Thin Profile<br>• Flat Front Surface<br>• Flat Back Surface |  |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'757, and without waiving any right to show that the design claimed in D'757 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'757:<br>• Rounded Corners | **17. Olympus m:robe MR-100** — (Released 2005; SAMNDCA00326463 - SAMNDCA00326466) |

144

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| • Bezel Surrounding Front Face<br>• Lack of Significant Ornamentation<br>• Rectangular shape<br>• Thin Profile<br>• Flat Front Surface<br>• Flat Back Surface<br>• Sides that curve up to meet front face |  |
| Without waiving any right to address additional design | **18. Japanese Design Patent 1204221** — (Issued May 10, 2004; SAMNDCA00256066—SAMNDCA00256079) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| characteristics of this prior art that anticipate and/or render obvious the design claimed in D'757, and without waiving any right to show that the design claimed in D'757 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'757:<br>• Rounded Corners<br>• Lack of Ornamentation<br>• Rectangular shape<br>• Flat Front Surface |  |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'757, and without waiving any right to show that the design claimed in D'757 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'757:<br>• Rounded Corners<br>• Lack of Significant Ornamentation | **19. Nokia Design Contest Phone by Ricardo Villas-Boas —** (Publicly displayed online in 2004; SAMNDCA00326336 - SAMNDCA00326337; SAMNDCA00326380 - SAMNDCA00326385) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| • Substantially Rectangular shape<br>• Thin Profile<br>• Flat Front Surface<br>• Flat Back Surface<br>• Sides that curve up to meet front face |  |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in | **20. Korean Design Patent KR 30-0418547** — (Issued July 2006; SAMNDCA00255321—SAMNDCA00255329) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| D'757, and without waiving any right to show that the design claimed in D'757 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'757:<br><br>• Rounded Corners<br>• Appearance of Bezel Around Front Perimeter<br>• Lack of Significant Ornamentation<br>• Rectangular shape<br>• Thin Profile<br>• Flat Front Surface<br>• Flat Back Surface<br>• Sides that curve up to meet front face |  |

Respondent also incorporates by reference all prior art that was previously produced and/or disclosed by Respondent, including in Exhibit F to Respondent's Corrected Notice of Prior Art, filed on November 3, 2011.  These incorporated pieces of prior art further show that the design claimed by the D'757 patent is obvious and anticipated.  Respondent also incorporates by reference all testimony of Apple's inventors and of other relevant prior art witnesses.

148

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

Moreover, because Apple delayed in providing Samsung with identities of named inventors and others who were involved in the designs and alleged embodiments at issue, Samsung currently does not have all relevant testimony on this issue.

Respondent further discloses the following prior art that renders the claim in D'757 obvious and/or anticipated:

### 2.  Chart for U.S. and Foreign Patents

| Country/Region | Patent Number/Publication Title | Inventor | Issue/ Publication Date |
|---|---|---|---|
| United States | 5,345,543 | Capps, Stephen | Sept. 6, 1994 |
| United States | 5,398,310 | Tchao, Michael C. | Mar. 14, 1995 |
| United States | D492,684 | Ozolins, Helmars | Jul. 6, 2004 |
| United States | D497,364 | Ozolins, Helmars | Oct. 19, 2004 |
| United States | D500,037 | Ozolins, Helmars | Dec. 21, 2004 |
| United States | D534,516 | Lheem, Ji Youn | Jan. 2, 2007 |
| United States | D534,517 | Cho, Yoo Seok | Jan. 2, 2007 |
| United States | D543,183 | Cho, Yoo Seok | May 22, 2007 |
| WIPO | 2000-074240 | Robinson, Alex B. | July 12, 2000 |
| WIPO | 2004-023272 A2 | Ozolins, Helmars | Mar. 18, 2004 |
| European | RCD 000048061-0001 | Ozolins, Helmars | Aug. 19, 2003 |
| European | RCD 000257621-0004 | | Nov. 23, 2004 |
| European | RCD 375191-0001 | | July 19, 2005 |
| European | RCD 493721-0002 | | Mar. 13, 2006 |
| European | RCD 614565-0001 | | Oct. 31, 2006 |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Country/Region | Patent Number/Publication Title | Inventor | Issue/ Publication Date |
|---|---|---|---|
| Finland | 19790641 | Hedström Mats | July 18, 1980 |
| France | 985598 - 001 | | Oct. 12, 2001 |
| France | 990052 - 001 | | May 28, 1999 |
| Japan | D1104685 | | |
| Japan | D1124750 | | |
| Japan | D1188041 | | |
| Japan | D 1247215 | | |
| Japan | D 1263649 | | |
| Korea | 30-0424148 | | Aug. 30, 2006 |
| Sweden | 55044 | Giorgio Solero | Oct. 27, 1993 |
| United Kingdom | 1042780 | | |
| United Kingdom | 2030050 | | July 28, 1993 |
| United Kingdom | 3010002 | | |

### 3. Chart for Prior Art Devices

| Prior Art Devices |
|---|
| Apple Graphics Tablet (1979), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| Bluebird Pidion BM-200 (2005), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| Digitalway MPIO FL100 MP3 player (2003), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Devices |
|---|
| iHolic HTV-200 (Jan. 2007), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| iRiver U10 (2005), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| LG L1530TM Tablet (2004), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| Microsoft Mira (2002), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| Nokia N92 (2005), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| Olympus m:robe MR-100 (2005), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| Samsung K3 (2006), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| Sony Clie PEG-TH55 (2004), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| Tatung Tablet PC, and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| Toshiba T100-X Dynapad (1993), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| Via Tablet PC (2002), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Devices |
|---|
| WACOM PL-500 15" LCD Tablet Mint (2001), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |

### 4. Chart of Additional Non-Patent Publications

| Non-Patent Publications |
|---|
| Tablet: The Personal Computer of the Year 2000 (1987), and all documents and things describing or depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| The InfoLink (1987), and all documents and things describing or depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| The Oracle (1987), and all documents and things describing or depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| Declaration of Cooper C. Woodring In Support of Apple's Motion For A Preliminary Injunction (July 1, 2011), *Apple Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-01846-LHK. |
| Deposition of Cooper C. Woodring (August 5, 2011)*, Apple Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-01846-LHK. |

### 5. Bates Ranges of Prior Art Produced by Respondent

SAMNDCA00019932-20034; SAMNDCA00020120-20303; SAMNDCA00020394-20498; SAMNDCA00020782-20878; SAMNDCA00020900-20906; SAMNDCA00020978-20989; SAMNDCA00021255-21313; SAMNDCA00021315-21336; SAMNDCA00021341-21471; SAMNDCA00021479-21499; SAMNDCA00021505-21588; SAMNDCA00021593-21604; SAMNDCA00021608-21632; SAMNDCA00021634-21805; SAMNDCA00021812-21857; SAMNDCA00022451-22522; SAMNDCA00022732-22763; SAMNDCA00022802-22812; SAMNDCA00022901-22971; SAMNDCA00022984-23064; SAMNDCA00023137-

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

23182; SAMNDCA00023234-23524; SAMNDCA00023542—23584; SAMNDCA00023591-24061; SAMNDCA00024582-24662; SAMNDCA00024749-24752; SAMNDCA00027670-27722; SAMNDCA00198059-198067; SAMNDCA00198070-198096; SAMNDCA00198101-198274; SAMNDCA00198289-198307; SAMNDCA00198313-198456; SAMNDCA00198754-198846; SAMNDCA00198884-199046; SAMNDCA00199164-199222; SAMNDCA00199298-199306; SAMNDCA00199402-199524; SAMNDCA00200425-200472; SAMNDCA00200617-200639; SAMNDCA00200650-200658; SAMNDCA00200661-200665; SAMNDCA00200670-200676; SAMNDCA00200686-200714; SAMNDCA00200724-200733; SAMNDCA00200737-200748; SAMNDCA00200751-200788; SAMNDCA00200793-200806; SAMNDCA00200809-200838; SAMNDCA00200843-200873; SAMNDCA00201264-201278; SAMNDCA00255026 – SAMNDCA00256183; SAMNDCA00282113 - SAMNDCA00282120; SAMNDCA00326302 – SAMNDCA00326557.

SEC believes that the identified prior art, standing alone, or in combination, would appear to an ordinary observer — giving such attention as a purchaser usually gives — to be substantially the same as the design shown in D'757, rendering that patent invalid as anticipated and/or obvious.

### C. Invalidity Due to Functionality

The asserted claim of the D'757 patent is also invalid because it is functional and not ornamental. *See Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1188 (Fed. Cir. 1988). Indeed, the D'757 patent contains no ornamentation whatsoever, and therefore has nothing to protect. Apple's principal designer, Jonathan Ive, has even said about the iPhone that "[e]verything defers to the display. A lot of what we seem to be doing in a product like that is actually getting design out of the way." Laura Sydell, "Undesigned," NPR, Dec. 30, 2010 (http://www.npr.org/blogs/alltechconsidered/2010/12/30/132477388/undesigned-the-symbiotic-relationship-of-steve-jobs-

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

and-jonathan-ive).  In addition to the overall design of D'757 being functional, individual aspects of the design are also functional and render its scope either invalid or indefinite. For example:

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

### D.  **Invalidity Due to Indefiniteness**

The asserted claim of the D'757 patent is also invalid also invalid under paragraph 2 of Section 112 of Title 35 of the United States Code because the claim is indefinite in that the drawings depicting the design do not enable a person skilled in the art to make the design.  For example, Doug Satzger, one of the named inventors of the patent stated that there were inconsistencies in the figures for D'757.  (*See* Feb. 9, 2012 Deposition of Douglas Satzger at 86:3-88:5.)

### E.  **Invalidity Due to Double Patenting**

The asserted claim of the D'757 patent is also invalid under the doctrine of double patenting because it is substantially the same design that Apple sought to patent, and did patent, in a number of other applications.  For example, D'757, D613,736, D627,343, and D602,016 all appear to be substantially the same design.

SEC incorporates by reference the Response and all exhibits thereto, exhibits to Respondents' Notice of Prior Art served October 28, 2011 and all corrections, supplements and amendments thereto; the deposition testimony of Alyssa Sandrowitz, Daniele de Iuliis, Rico Zorkendorfer, Matthew Rohrbach, Bartley Andre, Duncan Kerr, Daniel Coster, Eugene Whang, Richard Howarth, Christopher Stringer, Douglas Satzger, Jonathan Ive, Cooper Woodring, Itay Sherman, Erin Wong, Tracy Durkin, Quinn Hoellwarth, Michael Ferrazano, Justin White, and Richard Lutton and all exhibits used therein; the file history of the 'D'757 patent and any continuing application from the 'D'757 patent including reexaminations and reissue applications and all documents cited during those proceedings; all documents cited on the face of or in the 'D'757 patent; and all of the documents produced or to be produced by Apple or third parties constituting prior art.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

## VII.   U.S. Patent D618,678 ("the D'678 patent")

### A.  Prior Art

SEC incorporates by reference the prior art identified in its Notice of Prior Art.

### B.  Invalidity Under 35 U.S.C. § 102 or 103

SEC identifies the following additional prior art that anticipates and/or renders obvious

the D'678 patent either expressly or inherently as understood by a person having ordinary skill in

the art at the time of the alleged invention, either alone or in combination with other references

identified below.  These references are prior art under at least 35 U.S.C. §§ 102(a), (b), (e), (g)

and/or 103.

### 1.  Claim Chart

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
| --- | --- |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'678, and without waiving any right to show that the design claimed in D'678 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'678:<br>• Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface | **1.  Bluebird Pidion BM-200** — (released November 2005; SAMNDCA00326344 - SAMNDCA00326346)<br> |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| <ul><li>Reflective or Transparent Surface</li><li>Horizontal Speaker Slot</li><li>Speaker Slot Located Near Top of Device</li><li>Display Screen Covering Substantial Portion of Front Face</li><li>Display Screen in Center of Device</li><li>Narrow Borders on Sides of Screen</li><li>Broader Borders Above and Below Screen</li></ul> | |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'678, and without waiving any right to show that the design claimed in D'678 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'678:<ul><li>Rounded Corners</li><li>Lack of Significant Ornamentation</li><li>Rectangular Shape</li><li>Flat Continuous</li></ul> | **2. Korean Patent 0398307** — (Issued Nov. 15, 2005; SAMNDCA00282113 - SAMNDCA00282120) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| Surface<br>• Horizontal Speaker Slot<br>• Speaker Slot Located Near Top of Device<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen |  |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
|  |  |
| Without waiving any right to address additional design | **3. United States Patent D504,889** — (filed March 17, 2004; SAMNDCA00200769—SAMNDCA00200773) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| characteristics of this prior art that anticipate and/or render obvious the design claimed in D'678, and without waiving any right to show that the design claimed in D'678 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'678:<br>• Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device | *FIG. 1*<br><br>*FIG. 2* |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'678, and without waiving any right to show that the design claimed in D'678 is indefinite, this prior art shares at least the following design characteristics with | **4.  LG Prada** — (Images available to public by December 2006; SAMNDCA00326458 - SAMNDCA00326461) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| those that may be claimed in D'678:<br>• Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Horizontal Speaker Slot<br>• Speaker Slot Located Near Top of Device<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen |  |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'678, and without waiving any right to show that the design claimed in D'678 is indefinite, this prior art | **5. Sharp Japanese Registration – JP 1241638 —** (Issued June 6, 2005; SAMNDCA00255247—SAMNDCA00255260) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| shares at least the following design characteristics with those that may be claimed in D'678:<br>• Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Horizontal Speaker Slot<br>• Speaker Slot Located Near Top of Device<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen |  |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'678, and without waiving any right to show that the design claimed in D'678 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'678: | **6. LG Chocolate (LG KG800)** — (Released March 2006; SAMNDCA00326329 - SAMNDCA00326331; SAMNDCA00326462) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Horizontal Speaker Slot<br>• Speaker Slot Located Near Top of Device<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen |  |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'678, and without | 7. **United States Patent, D536,691** — (Filed Mar. 13, 2006; Issued Feb. 13, 2007; SAMNDCA00200883— SAMNDCA00200888) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| waiving any right to show that the design claimed in D'678 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'678:<br><br>• Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Horizontal Speaker Slot<br>• Speaker Slot Located Near Top of Device<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen |  |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'678, and without waiving any right to show that the design | **8.  Japanese Patent JP 1241383** — (Issued June 2005; SAMNDCA00255283—SAMNDCA00255295) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| claimed in D'678 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'678:<br><br>• Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen |  |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'678, and without waiving any right to show that the design claimed in D'678 is indefinite, this prior art shares at least the following design characteristics with those that may be | **9. Japanese Design Patent JP 1009317** — (Issued Feb. 20, 1998; SAMNDCA00255278—SAMNDCA00255282) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| claimed in D'678:<br>• Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Horizontal Speaker Slot<br>• Speaker Slot Located Near Top of Device<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen |  |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'678, and without waiving any right to show that the design claimed in D'678 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'678:<br>• Rounded Corners<br>• Lack of Significant Ornamentation | **10. Samsung Korean Patent 30-0452984; Application KR 30-2006-0050769** — (Applied for December 2006; patent issued Aug. 2007; SAMNDCA00255357—SAMNDCA00255365) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| <ul><li>Rectangular Shape</li><li>Flat Continuous Surface</li><li>Horizontal Speaker Slot</li><li>Speaker Slot Located Near Top of Device</li><li>Display Screen Covering Substantial Portion of Front Face</li><li>Display Screen in Center of Device</li><li>Narrow Borders on Sides of Screen</li><li>Broader Borders Above and Below Screen</li></ul> | 【 우측면도 】<br>【 정면도 】<br>【 평면도 】<br>【 저면도 】 |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'678, and without waiving any right to show that the design claimed in D'678 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'678:<br><ul><li>Rounded Corners</li></ul> | **11. Japanese Design Patent JP-S-887388** — (Issued Dec. 21, 1993; SAMNDCA00255215—SAMNDCA00255221) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| • Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device | 左側面図　　正面図　　　　　　背面図　　右側面図<br>A<br>A<br>平面図　　　　　　底面図 |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'678, and without waiving any right to show that the design claimed in D'678 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'678:<br>• Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Display Screen Covering Substantial Portion of Front Face | **12. Japanese Design Patent JP-S-1142127** — (Issued May 27, 2002; SAMNDCA00255229—SAMNDCA00255246) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| • Display Screen in Center of Device | |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'678, and without waiving any right to show that the design claimed in D'678 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'678:<br>• Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device | **13. United States Design Patent D497,364** — (Filed Nov. 27, 2002, Issued Oct. 19, 2004; SAMNDCA00326308 - SAMNDCA00326314)<br><br>**FIG. 1**<br><br>**FIG. 2** |

169

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| |  |
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'678, and without waiving any right to show that the design claimed in D'678 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'678:<br>• Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape | **14. United States Patent D548,747** — (filed August 24, 2005; SAMNDCA00200936—SAMNDCA00200940) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| • Flat Continuous Surface<br>• Reflective or Transparent Surface | <br>FIG. 1<br><br>FIG. 2 |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| | <br><br>FIG. 3<br><br>FIG. 4<br><br>FIG. 5<br><br>FIG. 6<br><br>FIG. 7 |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'678, and without waiving any right to show that the design claimed in D'678 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'678:<br><br>• Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Narrow Borders on Two Opposing Sides of Screen<br>• Broader Borders on the Remaining Two Sides of the Screen | **15. iRiver U10 —** (Released October 2005;SAMNDCA00326325 - SAMNDCA00326328)<br><br> |
| Without waiving any right to address additional design | **16. Nokia N92 —** (Released 2005; SAMNDCA00326338 - SAMNDCA00326339) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| characteristics of this prior art that anticipate and/or render obvious the design claimed in D'678, and without waiving any right to show that the design claimed in D'678 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'678:<br><br>• Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Horizontal Speaker Slot<br>• Speaker Slot Located Near Top of Device<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen | <br> |
| Without waiving any | **17. Olympus m:robe MR-100 —** (Released 2005; |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'678, and without waiving any right to show that the design claimed in D'678 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'678:<br><br>• Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Display Screen | SAMNDCA00326463 - SAMNDCA00326466)<br><br><br> |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'678, and without waiving any right to show that the design claimed in D'678 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'678:<br><br>• Rounded Corners<br>• Lack of Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Horizontal Ear Speaker Slot<br>• Ear Speaker Slot Located Near Top of Device<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen | **18. Japanese Design Patent 1204221** — (Issued May 10, 2004; - SAMNDCA00256066—SAMNDCA00256079)<br><br> |
| Without waiving any | **19. Nokia Design Contest Phone by Ricardo Villas-Boas —** |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'678, and without waiving any right to show that the design claimed in D'678 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'678:<br>• Rounded Corners<br>• Lack of Ornamentation<br>• Flat Continuous Surface<br>• Ear Speaker Opening Near Top of Device<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen | (Publicly displayed online in 2004; SAMNDCA00326336 - SAMNDCA00326337; SAMNDCA00326380 - SAMNDCA00326385)<br><br> |
| Without waiving any right to address | **20. Korean Design Patent KR 30-0418547** — (Issued July 2006; SAMNDCA00255321—SAMNDCA00255329) |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
|---|---|
| additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'678, and without waiving any right to show that the design claimed in D'678 is indefinite, this prior art shares at least the following design characteristics with those that may be claimed in D'678:<br><br>• Rounded Corners<br>• Lack of Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Horizontal Speaker Slot<br>• Speaker Slot Located Near Top of Device<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen |  |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

Respondent also incorporates by reference all prior art that was previously produced and/or disclosed by Respondent, including in Exhibit F to Respondent's Corrected Notice of Prior Art, filed on November 3, 2011.  These incorporated pieces of prior art further show that the design claimed by the D'678 patent is obvious and anticipated.  Respondent also incorporates by reference all testimony of Apple's inventors and of other relevant prior art witnesses. Moreover, because Apple delayed in providing Samsung with identities of named inventors and others who were involved in the designs and alleged embodiments at issue, Samsung currently does not have all relevant testimony on this issue.  Respondent further discloses the following prior art that renders the claim in D'678 obvious and/or anticipated:

### 2. Chart of Additional U.S. and Foreign Patent Prior Art

| Country/Region | Patent Number/Publication Title | Inventor | Issue/ Publication Date |
|---|---|---|---|
| United States | 5,345,543 | Capps, Stephen | Sept. 6, 1994 |
| United States | 5,398,310 | Tchao, Michael C. | Mar. 14, 1995 |
| United States | D492,684 | Ozolins, Helmars | Jul. 6, 2004 |
| United States | D497,364 | Ozolins, Helmars | Oct. 19, 2004 |
| United States | D500,037 | Ozolins, Helmars | Dec. 21, 2004 |
| United States | D534,516 | Lheem, Ji Youn | Jan. 2, 2007 |
| United States | D534,517 | Cho, Yoo Seok | Jan. 2, 2007 |
| United States | D543,183 | Cho, Yoo Seok | May 22, 2007 |
| WIPO | 2000-074240 | Robinson, Alex B. | July 12, 2000 |
| WIPO | 2004-023272 A2 | Ozolins, Helmars | Mar. 18, 2004 |
| European | RCD 000048061-0001 | Ozolins, Helmars | Aug. 19, 2003 |
| European | RCD 000257621-0004 | | Nov. 23, 2004 |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Country/Region | Patent Number/Publication Title | Inventor | Issue/ Publication Date |
|---|---|---|---|
| European | RCD 375191-0001 | | July 19, 2005 |
| European | RCD 493721-0002 | | Mar. 13, 2006 |
| European | RCD 614565-0001 | | Oct. 31, 2006 |
| Finland | 19790641 | Hedström Mats | July 18, 1980 |
| France | 985598 - 001 | | Oct. 12, 2001 |
| France | 990052 - 001 | | May 28, 1999 |
| Japan | D1104685 | | |
| Japan | D1124750 | | |
| Japan | D1188041 | | |
| Japan | D 1247215 | | |
| Japan | D 1263649 | | |
| Korea | 30-0424148 | | Aug. 30, 2006 |
| Sweden | 55044 | Giorgio Solero | Oct. 27, 1993 |
| United Kingdom | 1042780 | | |
| United Kingdom | 2030050 | | July 28, 1993 |
| United Kingdom | 3010002 | | |

### 3. Chart of Additional Prior Art Devices

| Prior Art Devices |
|---|
| Apple Graphics Tablet (1979), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Devices |
|---|
| Bluebird Pidion BM-200 (2005), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| Digitalway MPIO FL100 MP3 player (2003), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| iHolic HTV-200 (Jan. 2007), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| iRiver U10 (2005), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| LG L1530TM Tablet (2004), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| Microsoft Mira (2002), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| Nokia N92 (2005), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| Olympus m:robe MR-100 (2005), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| Samsung K3 (2006), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| Sony Clie PEG-TH55 (2004), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| Tatung Tablet PC, and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

| Prior Art Devices |
|---|
| Toshiba T100-X Dynapad (1993), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| Via Tablet PC (2002), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| WACOM PL-500 15" LCD Tablet Mint (2001), and all documents and things depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |

### 4. Chart of Additional Non-Patent Publications

| Non-Patent Publications |
|---|
| Tablet: The Personal Computer of the Year 2000 (1987), and all documents and things describing or depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| The InfoLink (1987), and all documents and things describing or depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| The Oracle (1987), and all documents and things describing or depicting the device, including user manuals, technical specifications, advertisements, reviews, development documents, and technical references. |
| Declaration of Cooper C. Woodring In Support of Apple's Motion For A Preliminary Injunction (July 1, 2011), *Apple Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-01846-LHK. |
| Deposition of Cooper C. Woodring (August 5, 2011)*, Apple Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-01846-LHK. |

### 5. Bates Ranges of Prior Art Produced by Respondent

SAMNDCA00019932-20034; SAMNDCA00020120-20303; SAMNDCA00020394-

20498; SAMNDCA00020782-20878; SAMNDCA00020900-20906; SAMNDCA00020978-

20989; SAMNDCA00021255-21313; SAMNDCA00021315-21336; SAMNDCA00021341-

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER

21471; SAMNDCA00021479-21499; SAMNDCA00021505-21588; SAMNDCA00021593-21604; SAMNDCA00021608-21632; SAMNDCA00021634-21805; SAMNDCA00021812-21857; SAMNDCA00022451-22522; SAMNDCA00022732-22763; SAMNDCA00022802-22812; SAMNDCA00022901-22971; SAMNDCA00022984-23064; SAMNDCA00023137-23182; SAMNDCA00023234-23524; SAMNDCA00023542—23584; SAMNDCA00023591-24061; SAMNDCA00024582-24662; SAMNDCA00024749-24752; SAMNDCA00027670-27722; SAMNDCA00198059-198067; SAMNDCA00198070-198096; SAMNDCA00198101-198274; SAMNDCA00198289-198307; SAMNDCA00198313-198456; SAMNDCA00198754-198846; SAMNDCA00198884-199046; SAMNDCA00199164-199222; SAMNDCA00199298-199306; SAMNDCA00199402-199524; SAMNDCA00200425-200472; SAMNDCA00200617-200639; SAMNDCA00200650-200658; SAMNDCA00200661-200665; SAMNDCA00200670-200676; SAMNDCA00200686-200714; SAMNDCA00200724-200733; SAMNDCA00200737-200748; SAMNDCA00200751-200788; SAMNDCA00200793-200806; SAMNDCA00200809-200838; SAMNDCA00200843-200873; SAMNDCA00201264-201278; SAMNDCA00255026 – SAMNDCA00256183; SAMNDCA00282113 - SAMNDCA00282120; SAMNDCA00326302 – SAMNDCA00326557.

SEC believes that the identified prior art, standing alone, or in combination, would appear to an ordinary observer — giving such attention as a purchaser usually gives — to be substantially the same as the design shown in D'678, rendering that patent invalid as anticipated and/or obvious.

### C.  Invalidity Due to Functionality

The asserted claim of the D'678 patent is also invalid because it is functional and not ornamental.  *See Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1188 (Fed. Cir. 1988).  Indeed, the D'678 patent contains no ornamentation whatsoever, and therefore has nothing to protect.