# EXHIBIT 22

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S SIXTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.** |

02198.51855/4588653.1

Case No. 11-cv-01846-LHK
SAMSUNG'S SIXTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants and

2  Counterclaimants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and

3  Samsung Telecommunications America, LLC (collectively "Samsung") request that Plaintiff and

4  Counterclaim Defendant Apple Inc. ("Apple") produce for inspection and copying the documents

5  and things set forth below at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 555 Twin

6  Dolphin Drive, 5th Floor, Redwood Shores, California 94065 within 30 days, or such other time as

7  the parties agree or the Court orders.

8  <u>**DEFINITIONS**</u>

9    The requests for production, as well as the Instructions provided above, are subject to and

10 incorporate the following definitions and instructions as used herein:

11    1.    The terms "APPLE," "PLAINTIFF," "YOU," and "YOUR" shall refer to Apple,

12 Inc., any predecessor or successor of Apple, Inc., and any past or present parent, division,

13 subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee,

14 consultant, staff member, or other representative of Apple, Inc., including counsel and patent

15 agents, in any country.

16    2.    The term "DEFENDANTS" and "SAMSUNG" means Samsung Electronics Co.,

17 Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC.

18    3.    "This Lawsuit" shall mean the action entitled *Apple, Inc. v. Samsung Electronics*

19 *Co., Ltd.*, Case No. 11-cv-01846-LHK.

20    4.    The term "'604 PATENT" shall mean U.S. Patent No. 6,928,604 and all parents,

21 progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof

22 and all foreign counterpart applications and patents which claim the same subject matter.

23    5.    The term "'410 PATENT" shall mean U.S. Patent No. 7,050,410 and all parents,

24 progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof

25 and all foreign counterpart applications and patents which claim the same subject matter.

26    6.    The term "'792 PATENT" shall mean U.S. Patent No. 7,200,792 and all parents,

27 progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof

28

1    and all foreign counterpart applications and patents which claim the same subject matter.

2         7.      The term "'867 PATENT" shall mean U.S. Patent No. 7,362,867 and all parents,

3    progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof

4    and all foreign counterpart applications and patents which claim the same subject matter.

5         8.      The term "'001 PATENT" shall mean U.S. Patent No. 7,386,001 and all parents,

6    progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof

7    and all foreign counterpart applications and patents which claim the same subject matter.

8         9.      The term "'516 PATENT" shall mean U.S. Patent No. 7,447,516 and all parents,

9    progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof

10    and all foreign counterpart applications and patents which claim the same subject matter.

11         10.      The term "'941 PATENT" shall mean U.S. Patent No. 7,675,941 and all parents,

12    progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof

13    and all foreign counterpart applications and patents which claim the same subject matter.

14         11.      The term "'055 PATENT" shall mean U.S. Patent No. 7,069,055 and all parents,

15    progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof

16    and all foreign counterpart applications and patents which claim the same subject matter.

17         12.      The term "'871 PATENT" shall mean U.S. Patent No. 7,079,871 and all parents,

18    progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof

19    and all foreign counterpart applications and patents which claim the same subject matter.

20         13.      The term "'893 PATENT" shall mean U.S. Patent No. 7,456,893 and all parents,

21    progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof

22    and all foreign counterpart applications and patents which claim the same subject matter.

23         14.      The term "'460 PATENT" shall mean U.S. Patent No. 7,577,460 and all parents,

24    progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof

25    and all foreign counterpart applications and patents which claim the same subject matter.

26         15.      The term "'711 PATENT" shall mean U.S. Patent No. 7,698,711 and all parents,

27    progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof

28    and all foreign counterpart applications and patents which claim the same subject matter.

02198.51855/4588653.1

-3-                 Case No. 11-cv-01846-LHK

SAMSUNG'S SIXTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

16. "SAMSUNG PATENTS-IN-SUIT" shall mean the '604 PATENT, the '410 PATENT, the '792 PATENT, the '867 PATENT, the '001 PATENT, the '516 PATENT, the '941 PATENT, the '055 PATENT, the '871 PATENT, the '893 PATENT, the '460 PATENT, and the '711 PATENT.

17. The term "'002 PATENT" shall mean U.S. Patent No. 6,493,002 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

18. The term "'381 PATENT" shall mean U.S. Patent No. 7,469,381 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

19. The term "'607 PATENT" shall mean U.S. Patent No. 7,663,607 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

20. The term "'828 PATENT" shall mean U.S. Patent No. 7,812,828 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

21. The term "'915 PATENT" shall mean U.S. Patent No. 7,844,915 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

22. The term "'891 PATENT" shall mean U.S. Patent No. 7,853,891 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

23. The term "'163 PATENT" shall mean U.S. Patent No. 7,864,163 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

24. The term "'129 PATENT" shall mean U.S. Patent No. 7,920,129 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

02198.51855/4588653.1

-4-                                    Case No. 11-cv-01846-LHK
SAMSUNG'S SIXTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

25.     "APPLE UTILITY PATENTS" shall mean the '002 PATENT, the '381 PATENT, the '607 PATENT, the '828 PATENT, the '915 PATENT, the '891 PATENT, the '163 PATENT, and the '129 PATENT.

26.     The term "'D790 PATENT" shall mean U.S. Design Patent No. D627,790 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications, registrations, and patents which claim the same subject matter.

27.     The term "'D334 PATENT" shall mean U.S. Design Patent No. D617,334 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications, registrations, and patents which claim the same subject matter.

28.     The term "'D305 PATENT" shall mean U.S. Design Patent No. D604,305 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications, registrations, and patents which claim the same subject matter.

29.     The term "'D087 PATENT" shall mean U.S. Design Patent No. D593,087 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications, registrations, and patents which claim the same subject matter.

30.     The term "'D677 PATENT" shall mean U.S. Design Patent No. D618,677 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications, registrations, and patents which claim the same subject matter.

31.     The term "'D270 PATENT" shall mean U.S. Design Patent No. D622,270 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications, registrations, and patents which claim the same subject matter.

32.     The term "'D889 PATENT" shall mean U.S. Design Patent No. D504,889 and all

parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications, registrations, and patents which claim the same subject matter.

33.     "APPLE DESIGN PATENTS" shall mean the 'D790 PATENT, the 'D334 PATENT, the 'D305 PATENT, the 'D087 PATENT, the 'D677 PATENT, the 'D270 PATENT, and the 'D889 PATENT.

34.     "APPLE PATENTS-IN-SUIT" shall mean the APPLE UTILITY PATENTS and the APPLE DESIGN PATENTS.

35.     The term "APPLE TRADE DRESS" shall mean U.S. Registration Nos. 3,470,983; 3,457,218; 3,475,327; US Application Serial Nos. 77/921,838; 77/921,829; 77/921,869; 85/299,118; and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications, registrations, and which claim the same subject matter, and the unregistered iPhone, iPhone 3G, iPhone 4, iPhone/iPhone 3G/iPhone 4, iPad, iPad 2, and packaging trade dress claimed by Apple.

36.     The term "APPLE TRADEMARKS" shall mean U.S. Trademark Registration Nos. 3,886,196; 3,889,642; 3,886,200; 3,889,685; 3,886,169; 3,886,197; 2,935,038; U.S. Application Serial No. 85/041,463, and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications, registrations, and which claim the same subject matter.

37.     "APPLE IP" shall mean the APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS and APPLE TRADEMARKS.

38.     The term "APPLE ACCUSED PRODUCTS" shall mean electronic devices that allow for communications and data transfer over networks including establishing data connections, execution of user operations and audio play back of digital data that are manufactured, distributed, and/or sold by You or Your parent, subsidiary, or affiliate companies or on Your behalf, or on behalf of Your parent, subsidiary, or affiliate companies anywhere in the world, at any time between April 15, 2005 through the pendency of This Lawsuit, including each and every Apple product that Samsung has identified as infringing in any of its complaints or

1  infringement contentions served in this action.  The term shall include, without limitation, the

2  following devices:  the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple

3  iPhone 4, the iPod Touch, the iPad, the iPad 3G, the iPad 2, the iPad 2 3G.

4       39.    The term "SAMSUNG ACCUSED PRODUCTS" shall mean the products Apple

5  alleges infringe, dilute, unfairly compete with, or otherwise violate Apple's rights in any of the

6  APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS, or APPLE TRADEMARKS, including,

7  without limitation, the Acclaim, Captivate, Continuum, Droid Charge, Exhibit 4G, Epic 4G,

8  Fascinate, Gem, Galaxy Ace, Galaxy Prevail, Galaxy S, Galaxy S i9000, Galaxy S 4G, Gravity,

9  Indulge, Infuse 4G, Intercept, Mesmerize, Nexus S, Nexus S 4G, Replenish, Showcase i500,

10  Showcase Galaxy S, Sidekick, Transform, and Vibrant phones, and Galaxy Tab and Galaxy Tab

11  10.1 tablet computers.

12       40.    The term "Software" shall include source code, hardware code, machine code,

13  assembly code, or code written in any programming language, and code that can be compiled or

14  acted upon by a processor, any listings or printouts thereof, and any release notes describing the

15  features or modifications of such code.

16       41.    The term "3GPP" shall mean the organization known as the 3rd Generation

17  Partnership Project which specifies, develops, and promulgates technical specifications for

18  wireless networks.

19       42.    The term "UMTS" shall mean the Universal Mobile Telecommunications System

20  as developed and promulgated by 3GPP.

21       43.  The term "STANFORD" shall refer the Leland Stanford Junior University, any

22  predecessor or successor of the Leland Stanford Junior University, and any past or present parent,

23  division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent,

24  employee, consultant, staff member, or other representative of the Leland Stanford Junior

25  University, including the Stanford University Libraries.

26       44.  The term "STANFORD ARCHIVE" shall refer to all DOCUMENTS and things

27  transferred from YOU to STANFORD between 1996 and the present and ever in the possession of

28  STANFORD, including, but not limited to, all DOCUMENTS and things contained in Special

1    Collections M1007 of the Stanford University Libraries.

2        45.    The term "ETSI" shall mean the European Telecommunications Standards

3    Institute.

4        46.    The term "ETSI IPR POLICY" shall mean the ETSI Intellectual Property Rights

5    Policy.

6        47.   The term "ESSENTIAL IPR" shall have the meaning used in the ETSI Intellectual

7    Property Rights Policy.

8        48.    The term "ESSENTIAL" shall have the same meaning as used in the ETSI IPR

9    Policy.

10       49.    The term "DECLARED-ESSENTIAL PATENTS" shall mean ESSENTIAL IPR

11   which has been declared essential by ETSI.

12       50.    The term "FRAND" shall mean fair, reasonable, and non-discriminatory.

13       51.    The term "PATENT FAMILY TREE" shall mean any U.S. or foreign patents or

14   patent applications related to a patent, including all parent, divisional, continuation, continuation-

15   part, reissue, reexmaination, extension, and foreign counterpart patents and applications thereof.

16       52.    TECHNOLOGICAL NEXUS is defined as in the Court's December 22, 2011

17   Order (Dkt. No. 536): "prior cases involving the patents-in-suit or patents covering the same or

18   similar technologies, features, or designs as the patents-in-suit … [W]ith respect to design patent

19   inventors, this would include prior cases involving the asserted design patents or other design

20   patents covering the same designs or design elements. With respect to utility patent inventors, this

21   would include the asserted utility patents or other utility patents covering touchbased interface

22   functions, display elements, touch-screen hardware, or touch-screen logic."

23       53.    The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean, without

24   limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea,

25   Document, instruction, information, demand, question or other information by any medium,

26   whether by written, oral or other means, including but not limited to electronic communications

27   and electronic mail.

28       54.    The terms "DOCUMENT" and "DOCUMENTS" shall have the broadest meaning

1   ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.  The term

2   shall include within its meaning, by way of example and not limitation, any and all accounts,

3   analyses, books, CDs, calendars, commercial paper, communications, correspondence, DVDs, e-

4   mail, films, financial statements, floppy disks, hard disks, inter-office memoranda, intangible

5   things, invoices, ledgers, letters, licenses, logs, memoranda, microfilms, minutes, notes, notes of

6   conversations, notes of meetings, notes of telephone calls, office communications, photographs,

7   printouts, recordings of conversations (whether written or electronic), reports, schedules, storage

8   tape, task lists, telegrams, telephone bills, videotapes or other video recordings, and any differing

9   versions of the foregoing whether denominated formal, informal or otherwise, as well as copies of

10  the foregoing which differ from the original in any way, including handwritten notations or other

11  written or printed matter.  The foregoing specifically includes information stored electronically,

12  whether in a computer database or otherwise, regardless of whether such documents are presently

13  in documentary form or not.  A draft or non-identical copy of a Document is a separate Document

14  within the meaning of this term.

15      55.     "Identify" when used in reference to:

16      (1)     An individual, means to state his or her full name, present or last known residential

17  and business addresses, present or last known position and business affiliation, and if applicable,

18  history of employment of that individual;

19      (2)     A firm, partnership, corporation, proprietorship, joint venture, association, or other

20  organization or entity, means to state its full name, present or last known address and place of

21  incorporation or formation and to identify each agent that acted for it with respect to the matters

22  relating to the request or answer;

23      (3)     A DOCUMENT, means to state the date, title, if any, subject matter, each author,

24  each addressee or recipient if practicable, and otherwise a general description of the persons to

25  whom the writing was distributed, the production number, and the type of document, *i.e.*,

26  publication, letter, memorandum, book, telegram, chart etc., or some other means of identifying

27  the document, and its present location and custodian;

28      (4)     A COMMUNICATION, means to state its date and place, the person(s) who

02198.51855/4588653.1

-9-                          Case No. 11-cv-01846-LHK

SAMSUNG'S SIXTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

1   participated in it or who were present during any part of it or who have knowledge about it;

2       (5)     A date, means to state the date and set forth the basis for Your contention that the

3   date is responsive to the request; and

4       (6)     A product, service, or intellectual property, means to state all names and numbers

5   related to the product, service, or intellectual property, and the owner, manufacturer, distributor,

6   licensor, or dealer of the product, service, or intellectual property during the relevant time period

7   and currently.  For a product, provide all designations for the product, from the most specific to

8   the most general, including any model numbers or designations, version numbers or designations,

9   and internal numbers or designations.

10      56.     The term "person" or "persons" refers to any individual, corporation,

11  proprietorship, association, joint venture, company, partnership or other business or legal entity,

12  including governmental bodies and agencies.  The masculine includes the feminine and vice versa;

13  the singular includes the plural and vice versa.

14      57.     The terms "any," "all," "every," and "each" shall each mean and include the other

15  as necessary to bring within the scope of these requests for production all responses that might

16  otherwise be construed to be outside of their scope.

17      58.     The terms "and," "or," and "and/or" shall be construed either disjunctively or

18  conjunctively as necessary to bring within the scope of these requests for production all responses

19  that might otherwise be construed to be outside of its scope.

20      59.     The term "thing" refers to any physical specimen or tangible item in Your

21  possession, custody or control, including research and development samples, prototypes,

22  productions samples and the like.

23      60.     The terms "referring to," "relating to," "concerning" or "regarding" shall mean

24  containing, describing, discussing, embodying, commenting upon, identifying, incorporating,

25  summarizing, constituting, comprising or are otherwise pertinent to the matter or any aspect

26  thereof.

27      61.     The use of the singular form of any word includes the plural and vice versa, as

28  necessary to bring within the scope of these requests for production all responses that might

02198.51855/4588653.1

-10-                          Case No. 11-cv-01846-LHK

SAMSUNG'S SIXTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

otherwise be construed to be outside of its scope.

62.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

**INSTRUCTIONS**

1.    Each DOCUMENT is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction.

2.    All DOCUMENTS shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof.

3.    In the event that any DOCUMENT called for by these requests or subsequent requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that DOCUMENT is to be identified by stating (i) the author(s), addressee(s) and any indicated or blind copyee(s); (ii) the DOCUMENT's date, number of pages and attachments or appendices; (iii) the subject matter(s) of the DOCUMENT; (iv) the nature of the privilege or immunity asserted; and (v) any additional facts on which you would base your claim of privilege or immunity.[1]

4.    These Requests for Production shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

5.    State, for each request, whether or not there exist any DOCUMENTS within the scope of the request and whether any such DOCUMENTS are in Your possession, custody, or control.

6.    Any response made by reference to DOCUMENTS shall identify by document production number each responsive DOCUMENT.

7.    All DOCUMENTS that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures.

---

[1]   Per the parties' agreement, neither party needs to log documents and information generated after the start of this Lawsuit on April 15, 2011.

8.      Color copies of DOCUMENTS are to be produced where color is necessary to interpret or understand the contents.

9.      The source(s) or derivation of each DOCUMENT produced shall be specifically identified.

10.     In the event that any DOCUMENT called for by these requests or subsequent requests has been destroyed or discarded, that DOCUMENT is to be identified by stating: (i) the author(s), addressee(s) and any indicated or blind copyee(s); (ii) the DOCUMENT's date, number of pages and attachments or appendices; (iii) the DOCUMENT's subject matter; (iv) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (v) the persons who were authorized to carry out such destruction or discard; and (vi) whether any copies of the DOCUMENT presently exist and, if so, the name of the custodian of each copy.

11.     Electronic records and computerized information must be produced in their native electronic format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

12.     If Your response to a particular request for production is a statement that You lack the ability to comply with that request, You must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or control, in which case the name and address of any person or entity known or believed by You to have possession, custody, or control of that information or category of information must be identified.

13.     Unless otherwise indicated in a particular request, the request is not date or time limited.

14.     Where an identified DOCUMENT is in a language other than English, state whether an English translation of such document exists.  If a DOCUMENT is in a language other than English and an English translation exists, identify and provide both DOCUMENTS.

15.     If possible, supply all financial data requested on a calendar year basis.  If fiscal year data is provided, please specify the dates on which the fiscal years begin and end.

02198.51855/4588653.1

-12-                                    Case No. 11-cv-01846-LHK
SAMSUNG'S SIXTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

16.     For any information requested that is not readily available from Your records in the form requested, furnish carefully prepared estimates, designated as such.  Attach a statement of the basis for such estimates and identify the person or persons making them.

17.     If any document or portion thereof responsive to a request for production is withheld because You claim it contains privileged information, then separately for each withheld portion of such document, identify (a) the date of the COMMUNICATION and/or DOCUMENT; (b) the source of the information, including the names, titles, and addresses of the DOCUMENT's or COMMUNICATION's authors; (c) the names, titles, and addresses of its recipients; (d) a description of the information withheld; (e) the number of pages; (f) the nature of the privilege claimed and facts upon which You rely to support the claim of privilege; and (g) the number(s) of the request(s) for production to which the DOCUMENT is responsive.  You must provide this information within 10 days of the date on which the answers and objections to these requests are due.

18.     If any DOCUMENTS responsive to any of these requests have been destroyed, then separately for each such document, identify when, why, and by whom it was destroyed, the person or persons who destroyed it, why it was destroyed, and the circumstances under which it was destroyed.

SAMSUNG'S SIXTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

# REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 365:

All DOCUMENTS CONCERNING calculations, analyses, considerations, or estimates of the effect of sales of APPLE ACCUSED PRODUCTS on the sale of other non-accused APPLE products and/or the sale of services provided by or through APPLE, including but not limited to sales from iTunes and sales from APPLE'S App Store.

## REQUEST FOR PRODUCTION NO. 366:

All DOCUMENTS CONCERNING calculations, analyses, considerations, or estimates of the effect of sales of APPLE ACCUSED PRODUCTS on the profits, revenues, and/or sales of products sold by a third-party for which APPLE receives revenue from the third-party.

## REQUEST FOR PRODUCTION NO. 367:

All DOCUMENTS CONCERNING calculations, analyses, considerations, or estimates of the effect of sales of any of the APPLE ACCUSED PRODUCTS on the sale of any of the other APPLE ACCUSED PRODUCTS.

## REQUEST FOR PRODUCTION NO. 368:

All DOCUMENTS RELATING TO all studies, including formal or informal analysis, investigation, surveys, focus groups, consumer research, articles, market research reports, or other information relating to the effect of sales of APPLE ACCUSED PRODUCTS on the sale of other non-accused APPLE products and/or the sale of services provided by or through APPLE, including but not limited to sales from iTunes and sales from APPLE's App Store.

## REQUEST FOR PRODUCTION NO. 369:

All DOCUMENTS RELATING TO all studies, including formal or informal analysis, investigation, surveys, focus groups, consumer research, articles, market research reports, or other

information relating to the effect of sales of APPLE ACCUSED PRODUCTS on sales of products sold by a third-party for which APPLE receives revenue from the third-party.

**REQUEST FOR PRODUCTION NO. 370:**

All DOCUMENTS RELATING TO all studies, including formal or informal analysis, investigation, surveys, focus groups, consumer research, articles, market research reports, or other information relating to the effect of sales of any of the APPLE ACCUSED PRODUCTS on the sale of other APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 371:**

All DOCUMENTS REFERRING TO OR RELATING TO consumer preferences regarding mobile phone operating systems, including preferences for the Android operating system over the iOS operating system, and consumer switching between the Android and iOS operating systems.

**REQUEST FOR PRODUCTION NO. 372:**

All DOCUMENTS REFERRING TO OR RELATING TO market share and market share projections for mobile phones based on the operating system employed.

**REQUEST FOR PRODUCTION NO. 373:**

All DOCUMENTS REFERRING TO OR RELATING TO consumer complaints or preferences regarding mobile phone carriers including without limitation any impact of carrier complaints, preferences, or availability on sales of each version of the iPhone.

**REQUEST FOR PRODUCTION NO. 374:**

All research, studies and reports REFERRING TO OR RELATING TO consumer satisfaction or dissatisfaction with each version of the iPhone or iPad including without limitation

consumer satisfaction or dissatisfaction any aspect of the design of each version of the iPhone or iPad claimed by the APPLE DESIGN PATENTS or APPLE TRADE DRESS.

**REQUEST FOR PRODUCTION NO. 375:**

All research, studies, reports or other DOCUMENTS REFERRING TO OR RELATING TO the impact of any aspect of the design of each version of the iPhone or iPad claimed by the APPLE DESIGN PATENTS or APPLE TRADE DRESS of each version of the iPhone or iPad's sales or consumer preferences or purchasing decisions.

**REQUEST FOR PRODUCTION NO. 376:**

All DOCUMENTS REFERRING TO OR RELATING TO the impact of manufacturing, supply or inventory constraints on sales of each version of the iPhone or iPad.

**REQUEST FOR PRODUCTION NO. 377:**

All research, studies, reports and other DOCUMENTS REFERRING TO OR RELATING TO consumer perceptions of the APPLE brand, changes in consumer perceptions of the APPLE brand and the reasons for such perceptions or changes in perceptions any time from January 1, 2006 to the present.

**REQUEST FOR PRODUCTION NO. 378:**

DOCUMENTS sufficient to show on a quarterly and annual basis unit sales and revenue for all versions of the iPhone or iPad by retailer.

**REQUEST FOR PRODUCTION NO. 379:**

DOCUMENTS sufficient to show on a quarterly and annual basis the percent of all sales of each version of the iPhone and iPad in units and revenue made through APPLE online and retail stores.

02198.51855/4588653.1

-16-

Case No. 11-cv-01846-LHK

SAMSUNG'S SIXTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

1    **REQUEST FOR PRODUCTION NO. 380:**

2         A sample of each form of contract used by used by mobile phone service providers for the

3    sale of each version of the iPhone.

4

5    **REQUEST FOR PRODUCTION NO. 381:**

6         All studies, reports, summaries or other DOCUMENTS REFERRING TO OR RELATING

7    TO any dropt test or stress test performed in connection with each version of the iPhone or iPad or

8    any prototype of each version of the iPhone or iPad including without limitation the drop testing

9    reports referred to by Christopher Stringer at page 75:16-77:3 of the transcript of his deposition

10   taken November 4, 2011.

11

12   **REQUEST FOR PRODUCTION NO. 382:**

13        All DOCUMENTS REFERRING TO or RELATING TO customer complaints about

14   battery problems for the APPLE ACCUSED PRODUCTS including, but not limited to, any

15   impact on sales, returns, and the APPLE brand.

16

17   **REQUEST FOR PRODUCTION NO. 383:**

18        For any lawsuit or other proceeding involving the APPLE PATENTS-IN-SUIT, involving

19   any patents in the same PATENT FAMILY TREE as the APPLE PATENTS-IN-SUIT, or

20   otherwise having a TECHNOLOGICAL NEXUS with this Lawsuit, all transcripts, declarations,

21   expert reports, claim construction briefs and other DOCUMENTS relating to the construction,

22   scope and/or validity of the APPLE PATENTS-IN-SUIT.

23

24   **REQUEST FOR PRODUCTION NO. 384:**

25        All DOCUMENTS sufficient to show all aliases for SAMSUNG used by APPLE'S design,

26   development, marketing, and finance teams.

27

28

02198.51855/4588653.1

-17-                                        Case No. 11-cv-01846-LHK
SAMSUNG'S SIXTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

**REQUEST FOR PRODUCTION NO. 385:**

The monthly surveys of individuals who have recently purchased iPhone or iPad products as referenced in the Reply Declaration of Arthur Rangel in Support of Apple's Motion for a Preliminary Injunction, executed September 30, 2011.

**REQUEST FOR PRODUCTION NO. 386:**

The quarterly reports compiling data collected from monthly surveys of individuals who have recently purchased iPhone and iPad products, including, but not limited to all iPhone Buyer Surveys and all iPad Tracking Studies, referenced in the Reply Declaration of Arthur Rangel in Support of Apple's Motion for a Preliminary Injunction, executed September 30, 2011.

**REQUEST FOR PRODUCTION NO. 387:**

All DOCUMENTS that refute YOUR claims or defenses in THIS LAWSUIT.

**REQUEST FOR PRODUCTION NO. 388:**

For each SAMSUNG product or product packaging that YOU contend infringes any APPLE TRADE DRESS or APPLE TRADEMARK, all DOCUMENTS that support or refute YOUR contention that the SAMSUNG product or product packaging is likely to cause confusion, cause mistake, or deceive consumers as to the affiliation, connection, or association of SAMSUNG with APPLE, or as to origin, sponsorship, or approval by APPLE of SAMSUNG'S goods, services or commercial activities.

**REQUEST FOR PRODUCTION NO. 389:**

All DOCUMENTS REFERRING TO or RELATING TO any relationship between the size of the borders or margins around each version of the iPhone or iPad display screens and protection, reliability or distortion of the display screen, including in the event any version of the iPhone or iPad is dropped.

02198.51855/4588653.1

-18-                                                    Case No. 11-cv-01846-LHK
SAMSUNG'S SIXTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

**REQUEST FOR PRODUCTION NO. 390:**

All DOCUMENTS REFERRING TO or RELATING TO the subject matter of THIS LAWSUIT.

**REQUEST FOR PRODUCTION NO. 391:**

All DOCUMENTS REFERRING TO or RELATING TO the subject matter of any testimony by any deponent in THIS LAWSUIT.

**REQUEST FOR PRODUCTION NO. 392:**

All DOCUMENTS relating to the average number of hours worked per employee at each facility where APPLE products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS are manufactured and/or assembled.

**REQUEST FOR PRODUCTION NO. 393:**

All DOCUMENTS relating to hiring practices at each facility where APPLE products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS are manufactured and/or assembled.

**REQUEST FOR PRODUCTION NO. 394:**

All DOCUMENTS relating to employee turn-over at each facility where APPLE products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS are manufactured and/or assembled.

**REQUEST FOR PRODUCTION NO. 395:**

All DOCUMENTS relating to any difficulty with locating and hiring qualified employees at each facility where APPLE products that APPLE contends practice one or more of the APPLE

1  PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE

2  TRADEMARKS are manufactured and/or assembled.

3

4  **REQUEST FOR PRODUCTION NO. 396:**

5      All DOCUMENTS relating to any difficulty in retaining qualified employees at each

6  facility where APPLE products that APPLE contends practice one or more of the APPLE

7  PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE

8  TRADEMARKS are manufactured and/or assembled.

9

10  **REQUEST FOR PRODUCTION NO. 397:**

11      All DOCUMENTS relating to the compensation of employees at each facility where

12  APPLE products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT

13  and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS are

14  manufactured and/or assembled, including but not limited to all DOCUMENTS relating to the

15  effect of increased demand for such APPLE products on the compensation requested by

16  employees at each facility where such APPLE products are manufactured and/or assembled.

17

18  **REQUEST FOR PRODUCTION NO. 398:**

19      All DOCUMENTS relating to APPLE's criteria for where to manufacture and/or assemble

20  APPLE products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT

21  and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS.

22

23  **REQUEST FOR PRODUCTION NO. 399:**

24      All DOCUMENTS relating to APPLE's criteria for selecting companies to manufacture

25  and/or assemble APPLE products that APPLE contends practice one or more of the APPLE

26  PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE

27  TRADEMARKS.

28

1   **REQUEST FOR PRODUCTION NO. 400:**

2        DOCUMENTS sufficient to show intra-company fees and/or transfer prices associated

3   with any products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT

4   and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS.

5

6   **REQUEST FOR PRODUCTION NO. 401:**

7        DOCUMENTS sufficient to show the expected, forecasted, or projected sales and

8   profitability of any products that APPLE contends practice one or more of the APPLE PATENTS-

9   IN-SUIT, and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS,

10  prepared before or about the time of the launch of such products.

11

12  **REQUEST FOR PRODUCTION NO. 402:**

13       DOCUMENTS sufficient to show expected returns on investment for any products that

14  APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT, and/or are covered by

15  the APPLE TRADE DRESS and/or APPLE TRADEMARKS.

16

17  **REQUEST FOR PRODUCTION NO. 403:**

18       DOCUMENTS sufficient to show research and development expenditures for any products

19  that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered

20  by the APPLE TRADE DRESS and/or APPLE TRADEMARKS.

21

22  **REQUEST FOR PRODUCTION NO. 404:**

23       DOCUMENTS sufficient to show research and development expenditures for the

24  technology claimed by the APPLE PATENTS-IN-SUIT and/or the designs covered by the APPLE

25  TRADE DRESS and/or APPLE TRADEMARKS.

26

27

28

**REQUEST FOR PRODUCTION NO. 405:**

Quarterly and annual summary DOCUMENTS from which the following may be determined relating to any products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS:

a. Total net revenues;

b. Total quantity of units sold;

c. Cost of goods sold; and

d.  Operating expenses, including general and administrative expenses and any other allocation of expenses to any products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS.

**REQUEST FOR PRODUCTION NO. 406:**

DOCUMENTS sufficient to show pricing, price setting, changes in pricing, and pricing policies for any products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS.

**REQUEST FOR PRODUCTION NO. 407:**

All business plans, marketing plans, strategic plans, operating plans, licensing plans, financial plans, production plans, sales plans, and capital expenditure plans relating to any products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS.

**REQUEST FOR PRODUCTION NO. 408:**

All DOCUMENTS relating to customer profiles or customer buying patterns for customers who have purchased, been solicited to purchase, or have inquired about the purchase of any

products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS.

**REQUEST FOR PRODUCTION NO. 409:**

All promotional or marketing DOCUMENTS describing the advantages or benefits of any products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT, and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS, over other products.

**REQUEST FOR PRODUCTION NO. 410:**

All DOCUMENTS relating to competitive assessments of any products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS, including but not limited to comparisons of benefits, functionality, performance, costs, and prices between any products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT, and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS, and the products of competitors.

**REQUEST FOR PRODUCTION NO. 411:**

All DOCUMENTS relating to historical and projected customer preferences and desired attributes for any products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS.

**REQUEST FOR PRODUCTION NO. 412:**

All DOCUMENTS provided by market research firms that relate to or discuss any products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS.

**REQUEST FOR PRODUCTION NO. 413:**

All DOCUMENTS relating to the reasons why customers purchase, or choose not to purchase, any products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS, including but not limited to competitive market analyses and customer surveys.

**REQUEST FOR PRODUCTION NO. 414:**

All DOCUMENTS, studies, reports, surveys, and articles describing the market for any products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS, including but not limited to market segments, the size of actual and potential markets, market growth rates, potential customer bases, the product offerings and pricing of competitors, actual and anticipated market shares, and product sales and profitability.

**REQUEST FOR PRODUCTION NO. 415:**

DOCUMENTS sufficient to show APPLE's manufacturing or supply capacity for any products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS.

**REQUEST FOR PRODUCTION NO. 416:**

DOCUMENTS sufficient to show APPLE's marketing and sales capacity for any products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS.

**REQUEST FOR PRODUCTION NO. 417:**

All DOCUMENTS relating to any constraints on APPLE's manufacturing or supply capacity for any products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS.

**REQUEST FOR PRODUCTION NO. 418:**

All DOCUMENTS relating to any constraints on APPLE's marketing and sales capacity for any products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS.

**REQUEST FOR PRODUCTION NO. 419:**

DOCUMENTS sufficient to show any supply shortages of any products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS.

**REQUEST FOR PRODUCTION NO. 420:**

DOCUMENTS sufficient to show any supply or inventory excesses for any products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS.

**REQUEST FOR PRODUCTION NO. 421:**

All DOCUMENTS relating to the demand for the technology claimed in the APPLE PATENTS-IN-SUIT and/or the designs covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS, including but not limited to consumer surveys, consumer focus groups, and comparisons of the benefits, functionality, performance, design, and costs of alternative technologies.

**REQUEST FOR PRODUCTION NO. 422:**

Any intercompany agreement regarding reimbursement of research and development expenses for work in any way related to tablet computers or mobile phones.

02198.51855/4588653.1

-25-                                    Case No. 11-cv-01846-LHK
SAMSUNG'S SIXTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

1   **REQUEST FOR PRODUCTION NO. 423:**

2       DOCUMENTS sufficient to show APPLE'S accounting practices pertaining to the APPLE

3   ACCUSED PRODUCTS, including but not limited to APPLE'S methods of accounting for

4   revenues, costs and profits, methods of depreciation, allocation of expenses, inventory

5   measurements, profit allocation, losses and assignments of debts, and APPLE'S methods of

6   allocating between United States and worldwide revenue from January 1, 2007 to the present.

7

8   **REQUEST FOR PRODUCTION NO. 424:**

9       All DOCUMENTS discussing the market for smartphones using the Android operating

10  system.

11

12  **REQUEST FOR PRODUCTION NO. 425:**

13      All DOCUMENTS discussing competition between each version of the iPhone and

14  smartphones using the Android operating system.

15

16  **REQUEST FOR PRODUCTION NO. 426:**

17      All DOCUMENTS discussing competition between each version of the iPad and media

18  tablets using the Android operating system.

19

20  **REQUEST FOR PRODUCTION NO. 427:**

21      All DOCUMENTS relating to elasticity, elasticity of demand, or consumer price

22  sensitivity for the APPLE ACCUSED PRODUCTS.

23

24  **REQUEST FOR PRODUCTION NO. 428:**

25      All DOCUMENTS RELATING TO the capacity to manufacture the APPLE ACCUSED

26  PRODUCTS at any point in time.

27

28

02198.51855/4588653.1

-26-                                              Case No. 11-cv-01846-LHK
SAMSUNG'S SIXTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

**REQUEST FOR PRODUCTION NO. 429**:

All DOCUMENTS, regardless of date, RELATING TO the acquisition by APPLE of memory controllers technology from Anobit Technologies used in the APPLE ACCUSED PRODUCTS, including the acquisition agreement, DOCUMENTS reflecting APPLE'S purchase price accounting for the acquisition, and any valuations of assets or intellectual property performed by APPLE or a third-party in connection with the acquisition.

**REQUEST FOR PRODUCTION NO. 430**:

All DOCUMENTS, regardless of date, RELATING TO the acquisition by APPLE of facial recognition technology from Polar Rose used in the APPLE ACCUSED PRODUCTS, including the acquisition agreement, DOCUMENTS reflecting APPLE'S purchase price accounting for the acquisition, and any valuations of assets or intellectual property performed by APPLE or a third-party in connection with the acquisition.

**REQUEST FOR PRODUCTION NO. 431**:

All DOCUMENTS, regardless of date, RELATING TO the acquisition by APPLE of 3D mapping technology from C3 Technologies used in the APPLE ACCUSED PRODUCTS, including the acquisition agreement, DOCUMENTS reflecting APPLE'S purchase price accounting for the acquisition, and any valuations of assets or intellectual property performed by APPLE or a third-party in connection with the acquisition.

**REQUEST FOR PRODUCTION NO. 432**:

All DOCUMENTS, regardless of date, RELATING TO the acquisition by APPLE of web mapping technology from Poly9 used in the APPLE ACCUSED PRODUCTS, including the acquisition agreement, DOCUMENTS reflecting APPLE'S purchase price accounting for the acquisition, and any valuations of assets or intellectual property performed by APPLE or a third-party in connection with the acquisition.

02198.51855/4588653.1

-27-

Case No. 11-cv-01846-LHK

SAMSUNG'S SIXTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

**REQUEST FOR PRODUCTION NO. 433:**

All DOCUMENTS, regardless of date, RELATING TO the acquisition by APPLE of HDR photography technology from Imsense used in the APPLE ACCUSED PRODUCTS, including the acquisition agreement, DOCUMENTS reflecting APPLE'S purchase price accounting for the acquisition, and any valuations of assets or intellectual property performed by APPLE or a third-party in connection with the acquisition.

**REQUEST FOR PRODUCTION NO. 434:**

All DOCUMENTS, regardless of date, RELATING TO the acquisition by APPLE of virtual personal assistant technology from Siri, Inc. used in the APPLE ACCUSED PRODUCTS, including the acquisition agreement, DOCUMENTS reflecting APPLE'S purchase price accounting for the acquisition, and any valuations of assets or intellectual property performed by APPLE or a third-party in connection with the acquisition.

**REQUEST FOR PRODUCTION NO. 435:**

All DOCUMENTS, regardless of date, RELATING TO the acquisition by APPLE of microprocessor technology from Intrisity, Inc. used in the APPLE ACCUSED PRODUCTS, including the acquisition agreement, DOCUMENTS reflecting APPLE'S purchase price accounting for the acquisition, and any valuations of assets or intellectual property performed by APPLE or a third-party in connection with the acquisition.

**REQUEST FOR PRODUCTION NO. 436:**

All DOCUMENTS, regardless of date, RELATING TO the acquisition by APPLE of mobile advertising technology from Quattro Wireless, Inc. used in the APPLE ACCUSED PRODUCTS, including the acquisition agreement, DOCUMENTS reflecting APPLE'S purchase price accounting for the acquisition, and any valuations of assets or intellectual property performed by APPLE or a third-party in connection with the acquisition.

**REQUEST FOR PRODUCTION NO. 437:**

All DOCUMENTS, regardless of date, RELATING TO the acquisition by APPLE of streaming music technology from La La Media, Inc. used in the APPLE ACCUSED PRODUCTS, including the acquisition agreement, DOCUMENTS reflecting APPLE'S purchase price accounting for the acquisition, and any valuations of assets or intellectual property performed by APPLE or a third-party in connection with the acquisition.

**REQUEST FOR PRODUCTION NO. 438:**

All DOCUMENTS, regardless of date, RELATING TO the acquisition by APPLE of web mapping technology from PlaceBase, Inc. used in the APPLE ACCUSED PRODUCTS, including the acquisition agreement, DOCUMENTS reflecting APPLE'S purchase price accounting for the acquisition, and any valuations of assets or intellectual property performed by APPLE or a third-party in connection with the acquisition.

**REQUEST FOR PRODUCTION NO. 439:**

All DOCUMENTS, regardless of date, RELATING TO the acquisition by APPLE of microprocessor technology from P.A. Semi, Inc. used in the APPLE ACCUSED PRODUCTS, including the acquisition agreement, DOCUMENTS reflecting APPLE'S purchase price accounting for the acquisition, and any valuations of assets or intellectual property performed by APPLE or a third-party in connection with the acquisition.

**REQUEST FOR PRODUCTION NO. 440:**

All DOCUMENTS, regardless of date, RELATING TO the acquisition by APPLE of asset management SOFTWARE from Proximity used in the APPLE ACCUSED PRODUCTS, including the acquisition agreement, DOCUMENTS reflecting APPLE'S purchase price accounting for the acquisition, and any valuations of assets or intellectual property performed by APPLE or a third-party in connection with the acquisition.

02198.51855/4588653.1

-29-                                    Case No. 11-cv-01846-LHK
SAMSUNG'S SIXTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

**REQUEST FOR PRODUCTION NO. 441:**

All DOCUMENTS, regardless of date, RELATING TO the acquisition by APPLE of color finishing SOFTWARE from Silicon Color used in the APPLE ACCUSED PRODUCTS, including the acquisition agreement, DOCUMENTS reflecting APPLE'S purchase price accounting for the acquisition, and any valuations of assets or intellectual property performed by APPLE or a third-party in connection with the acquisition.

**REQUEST FOR PRODUCTION NO. 442:**

All DOCUMENTS relating to any APPLE request to SAMSUNG for a license to SAMSUNG'S intellectual property on FRAND terms prior to filing THIS LAWSUIT.

**REQUEST FOR PRODUCTION NO. 443:**

All DOCUMENTS RELATING TO how customers value individual features embodied in any of the APPLE ACCUSED PRODUCTS, including any studies, surveys, market analyses, or valuations relating to any features of the APPLE ACCUSED PRODUCTS, regardless of date.

**REQUEST FOR PRODUCTION NO. 444:**

All DOCUMENTS RELATING TO any periodically prepared management reporting packages that pertain to any of the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 445:**

All licenses, royalty agreements, or settlement agreements, regardless of date, to which YOU are a party to the extent such license, royalty agreement, or settlement agreement covers any portion of the APPLE IP.

**REQUEST FOR PRODUCTION NO. 446:**

All DOCUMENTS RELATING TO how customers value any feature of any APPLE ACCUSED PRODUCT that provides the capability for a user to email an image, including any

studies, surveys, market analyses, or valuations relating to such feature of the APPLE ACCUSED PRODUCTS, regardless of date.

**REQUEST FOR PRODUCTION NO. 447:**

All DOCUMENTS RELATING TO how customers value any feature of any APPLE ACCUSED PRODUCT that provides the capability for a user to bookmark in a digital photo album, including any studies, surveys, market analyses, or valuations relating to such feature of the APPLE ACCUSED PRODUCTS, regardless of date.

**REQUEST FOR PRODUCTION NO. 448:**

All DOCUMENTS RELATING TO how customers value any feature of any APPLE ACCUSED PRODUCT that provides split screen message notification functionality, including any studies, surveys, market analyses, or valuations relating to such feature of the APPLE ACCUSED PRODUCTS, regardless of date.

**REQUEST FOR PRODUCTION NO. 449:**

All DOCUMENTS RELATING TO how customers value any feature of any APPLE ACCUSED PRODUCT that provides world clock functionality, including any studies, surveys, market analyses, or valuations relating to such feature of the APPLE ACCUSED PRODUCTS, regardless of date.

**REQUEST FOR PRODUCTION NO. 450:**

All DOCUMENTS RELATING TO how customers value any feature of any APPLE ACCUSED PRODUCT that provides the capability for a user to listen to an MP3 file while performing other tasks on the APPLE ACCUSED PRODUCT, including any studies, surveys, market analyses, or valuations relating to such feature of the APPLE ACCUSED PRODUCTS, regardless of date.

1   **REQUEST FOR PRODUCTION NO. 451:**

2       All DOCUMENTS RELATING TO how customers value 3G capability, including any

3   studies, surveys, market analyses, or valuations relating to 3G capability of the APPLE

4   ACCUSED PRODUCTS, regardless of date.

5

6   **REQUEST FOR PRODUCTION NO. 452:**

7       All DOCUMENTS concerning any version (proposed or adopted) of the ETSI IPR

8   POLICY.

9

10  **REQUEST FOR PRODUCTION NO. 453:**

11      All DOCUMENTS concerning APPLE's compliance or lack of compliance with any

12  version of the ETSI IPR POLICY.

13

14  **REQUEST FOR PRODUCTION NO. 454:**

15      All DOCUMENTS reflecting communications between APPLE or someone acting on

16  APPLE's behalf and ETSI or a person acting on ETSI's behalf, concerning any actual or proposed

17  policy, guideline, or rule of ETSI.

18

19  **REQUEST FOR PRODUCTION NO. 455:**

20      All DOCUMENTS concerning the compliance or lack of compliance of entities other than

21  APPLE with respect to any version of the ETSI IPR POLICY.

22

23  **REQUEST FOR PRODUCTION NO. 456:**

24      All DOCUMENTS concerning the requirement that ETSI members use reasonable

25  endeavors to inform ETSI of ESSENTIAL IPR in a timely fashion.

26

27

28

**REQUEST FOR PRODUCTION NO. 457:**

All DOCUMENTS concerning the meaning of 'timely' as that term is used in Section 4.1 of the ETSI IPR POLICY.

**REQUEST FOR PRODUCTION NO. 458:**

All DOCUMENTS concerning any actual or proposed prohibition against ETSI members seeking injunctions to prevent infringement of ESSENTIAL IPR.

**REQUEST FOR PRODUCTION NO. 459:**

All DOCUMENTS concerning the respective activities and responsibilities of Apple UK and Apple Inc. with respect to APPLE's participation in ETSI.

**REQUEST FOR PRODUCTION NO. 460:**

All DOCUMENTS concerning any contribution by APPLE to any ETSI standard or technical specification between November 18, 1997 and the present.

**REQUEST FOR PRODUCTION NO. 461:**

All documents concerning any contribution by APPLE to any ETSI standard or technical specification between November 18, 1997 and the present.

**REQUEST FOR PRODUCTION NO. 462:**

All DOCUMENTS concerning any participation by APPLE in 3GPP Working Group 1 between November 18, 1997 and the present.

**REQUEST FOR PRODUCTION NO. 463:**

DOCUMENTS sufficient to show the membership status of APPLE in ETSI between November 18, 1997 and the present.

02198.51855/4588653.1

-33-                                        Case No. 11-cv-01846-LHK

SAMSUNG'S SIXTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

1    **REQUEST FOR PRODUCTION NO. 464:**

2        DOCUMENTS sufficient to show the membership status of APPLE UK in ETSI between

3    November 18, 1997 and the present.

4

5    **REQUEST FOR PRODUCTION NO. 465:**

6        All DOCUMENTS concerning any breach by APPLE of the ETSI IPR Policy between

7    November 18, 1997 and the present.

8

9    **REQUEST FOR PRODUCTION NO. 466:**

10       All DOCUMENTS concerning any statements made, complaints made, or other actions

11   taken by APPLE at ETSI in response to SAMSUNG's alleged breach of the ETSI IPR Policy.

12

13   **REQUEST FOR PRODUCTION NO. 467:**

14       All DOCUMENTS concerning any statements made, complaints made, or other actions

15   taken by APPLE at ETSI in response to SAMSUNG's alleged failure to timely disclose any

16   ESSENTIAL IPR, including one or more of the ESSENTIAL SAMSUNG patents.

17

18   **REQUEST FOR PRODUCTION NO. 468:**

19       All DOCUMENTS concerning SAMSUNG'S ESSENTIAL IPR from 1995 to the present.

20

21   **REQUEST FOR PRODUCTION NO. 469:**

22       All DOCUMENTS pertaining to APPLE's revenue forecasts from the sale of each of the

23   APPLE ACCUSED PRODUCTS to customers in the U.S.

24

25   **REQUEST FOR PRODUCTION NO. 470:**

26       All DOCUMENTS concerning APPLE's determination of the size of the market in the

27   U.S. for each APPLE ACCUSED PRODUCT and APPLE's share of the market in terms of

28   market capitalization and percentage of the market.

02198.51855/4588653.1

-34-

Case No. 11-cv-01846-LHK

SAMSUNG'S SIXTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

1   **REQUEST FOR PRODUCTION NO. 471:**

2   All DOCUMENTS concerning the July 2007 IPR information Statement and Licensing

3   Declaration (see ITC-003126935 – S-ITC-003126941) filed by Apple Inc. with ETSI.

4

5   **REQUEST FOR PRODUCTION NO. 472:**

6   All DOCUMENTS concerning the November 2011 IPR Information Statement and

7   Licensing Declaration (see S-ITC-003126942 – S-ITC-003126968) filed by Apple Inc. with ETSI.

8

9   **REQUEST FOR PRODUCTION NO. 473:**

10   All DOCUMENTS concerning APPLE's understanding of ESSENTIAL IPR pertaining to

11   ETSI Technical Specification, ETSI TS 123 060 V5.7.0 (see S-ITC-003127332 – S-ITC-

12   003127543).

13

14   **REQUEST FOR PRODUCTION NO. 474:**

15   All DOCUMENTS concerning APPLE's understanding of ESSENTIAL IPR pertaining to

16   3GPP TS 23.060 Release 5.

17

18   **REQUEST FOR PRODUCTION NO. 475:**

19   All DOCUMENTS that refer or relate to the STANFORD ARCHIVE.

20

21   **REQUEST FOR PRODUCTION NO. 476:**

22   All DOCUMENTS that refer or relate to the establishment of the STANFORD ARCHIVE.

23

24   **REQUEST FOR PRODUCTION NO. 477:**

25   All DOCUMENTS that refer or relate to the ownership of DOCUMENTS and things in the

26   STANFORD ARCHIVE.

27

28

1   **REQUEST FOR PRODUCTION NO. 478:**

2       All contracts, memoranda of understanding, and agreements that refer or relate to the

3   STANFORD ARCHIVE.

4

5   **REQUEST FOR PRODUCTION NO. 479:**

6       All contracts, memoranda of understanding, and agreements that refer or relate to the

7   establishment of the STANFORD ARCHIVE.

8

9   **REQUEST FOR PRODUCTION NO. 480:**

10      All contracts, memoranda of understanding, and agreements that refer or relate to the

11  ownership of DOCUMENTS and things in the STANFORD ARCHIVE.

12

13  **REQUEST FOR PRODUCTION NO. 481:**

14      All contracts, memoranda of understanding, and agreements between YOU and

15  STANFORD between January 1, 1996 and the present that refer or relate to the DOCUMENTS

16  and things contained in the STANFORD ARCHIVE.

17

18  **REQUEST FOR PRODUCTION NO. 482:**

19      All COMMUNICATIONS between YOU and STANFORD between January 1, 1996 and

20  December 31, 1998 that refer or relate to the STANFORD ARCHIVE.

21

22  **REQUEST FOR PRODUCTION NO. 483:**

23      All COMMUNICATIONS between YOU and STANFORD between January 1, 1996 and

24  December 31, 1998 that refer or relate to the establishment of the STANFORD ARCHIVE.

25

26

27

28

02198.51855/4588653.1

-36-                    Case No. 11-cv-01846-LHK

SAMSUNG'S SIXTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

**REQUEST FOR PRODUCTION NO. 484:**

All COMMUNICATIONS between YOU and STANFORD between January 1, 1996 and December 31, 1998 that refer or relate to the ownership of DOCUMENTS and things in the STANFORD ARCHIVE.

**REQUEST FOR PRODUCTION NO. 485:**

All tax returns and tax DOCUMENTS prepared by YOU or on YOUR behalf between January 1, 1996 and the present that refer or relate to the DOCUMENTS and things contained in the STANFORD ARCHIVE.

**REQUEST FOR PRODUCTION NO. 486:**

All tax returns and tax DOCUMENTS prepared by YOU or on YOUR behalf between January 1, 1996 and the present that refer or relate to the ownership of DOCUMENTS and things contained in the STANFORD ARCHIVE.

**REQUEST FOR PRODUCTION NO. 487:**

All catalogs, registers, records, lists, and other compilations that refer or relate to any DOCUMENT or thing transferred from YOU to STANFORD between January 1, 1996 and the present.

**REQUEST FOR PRODUCTION NO. 488:**

All catalogs, registers, records, lists, and other compilations that itemize or list any DOCUMENT or thing transferred from YOU to STANFORD between January 1, 1996 and the present.

02198.51855/4588653.1

-37-                                Case No. 11-cv-01846-LHK
SAMSUNG'S SIXTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

**REQUEST FOR PRODUCTION NO. 489:**

All catalogs, registers, records, lists, and other compilations that itemize or list any DOCUMENT or thing transferred from YOU to STANFORD between January 1, 1996 to the present for storage in the STANFORD ARCHIVE.

**REQUEST FOR PRODUCTION NO. 490:**

All DOCUMENTS that refer or relate to the storage or maintenance of DOCUMENTS and things contained in the STANFORD ARCHIVE.

**REQUEST FOR PRODUCTION NO. 491:**

All DOCUMENTS that refer or relate to YOUR access to DOCUMENTS or things in the STANFORD ARCHIVE.

**REQUEST FOR PRODUCTION NO. 492:**

All DOCUMENTS that refer or relate to YOUR ability to access or retrieve or borrow DOCUMENTS or things from the STANFORD ARCHIVE.

**REQUEST FOR PRODUCTION NO. 493:**

All DOCUMENTS that refer or relate to any option or ability YOU have to limit access to the STANFORD ARCHIVE.

**REQUEST FOR PRODUCTION NO. 494:**

All DOCUMENTS that refer or relate to the purpose, objective, or the reason for existence of the STANFORD ARCHIVE.

**REQUEST FOR PRODUCTION NO. 495:**

All DOCUMENTS that refer or relate to the reason, objective, or purpose of YOUR transfer of DOCUMENTS and things to STANFORD or the STANFORD ARCHIVE.

**REQUEST FOR PRODUCTION NO. 496:**

All DOCUMENTS that refer or relate to YOUR rights and privileges with regard to the DOCUMENTS and things in the STANFORD ARCHIVE, including but not limited to, YOUR access to the STANFORD ARCHIVE.

**REQUEST FOR PRODUCTION NO. 497:**

All DOCUMENTS that refer or relate to any payment by YOU to STANFORD in connection with the STANFORD ARCHIVE or DOCUMENTS and things in the STANFORD ARCHIVE.

**REQUEST FOR PRODUCTION NO. 498:**

All DOCUMENTS that refer or relate to the transfer of any DOCUMENT or thing from the STANFORD ARCHIVE to YOU.

**REQUEST FOR PRODUCTION NO. 499:**

All DOCUMENTS that refer or relate to YOUR borrowing or temporary retrieval of any DOCUMENT or thing from the STANFORD ARCHIVE.

**REQUEST FOR PRODUCTION NO. 500:**

DOCUMENTS sufficient to show YOUR ability to locate specific DOCUMENTS or things in the STANFORD ARCHIVE.

**REQUEST FOR PRODUCTION NO. 501:**

DOCUMENTS sufficient to show YOUR ability to locate categories or groups of DOCUMENTS or things in the STANFORD ARCHIVE.

**REQUEST FOR PRODUCTION NO. 502:**

DOCUMENTS sufficient to show STANFORD's ability to locate specific DOCUMENTS or things in the STANFORD ARCHIVE.

**REQUEST FOR PRODUCTION NO. 503:**

DOCUMENTS sufficient to show STANFORD's ability to locate categories or groups of DOCUMENTS or things in the STANFORD ARCHIVE.

**REQUEST FOR PRODUCTION NO. 504:**

All DOCUMENTS REFERRING OR RELATING TO the mobile wireless carrier networks to which each APPLE ACCUSED PRODUCT communicates.

**REQUEST FOR PRODUCTION NO. 505:**

DOCUMENTS sufficient to identify, on a quarterly and annual basis, the purchasers of APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 506:**

For each mobile wireless carrier networks to which APPLE ACCUSED PRODUCT DOCUMENTS are sold, DOCUMENTS sufficient to show, on a quarterly and annual basis, the revenue derived from the sale of each APPLE ACCUSED PRODUCT, the number of units sold, the average sale price, and APPLE's profit from the sale.

**REQUEST FOR PRODUCTION NO. 507:**

For each mobile wireless carrier networks to which APPLE ACCUSED PRODUCT DOCUMENTS are sold, DOCUMENTS sufficient to show, on a quarterly and annual basis, the gross margin in dollars and the gross margin as a percentage of revenue that APPLE has obtained from sales of each APPLE ACCUSED PRODUCT.

02198.51855/4588653.1

-40-                                                    Case No. 11-cv-01846-LHK
SAMSUNG'S SIXTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

**REQUEST FOR PRODUCTION NO. 508:**

For each mobile wireless carrier networks to which APPLE ACCUSED PRODUCT DOCUMENTS are sold, DOCUMENTS sufficient to show, on a quarterly and annual basis, the income (or loss) before interest, taxes, and non-operating expenses, that APPLE has obtained from sales of each APPLE ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 509:**

For each network on which an APPLE ACCUSED PRODUCT operates, DOCUMENTS sufficient to show, on a quarterly and annual basis, the revenue derived from the sale of each APPLE ACCUSED PRODUCT, the number of units sold, the average sale price, and APPLE's profit from the sale.

**REQUEST FOR PRODUCTION NO. 510:**

For each network on which an APPLE ACCUSED PRODUCT operates, DOCUMENTS sufficient to show, on a quarterly and annual basis, the gross margin in dollars and the gross margin as a percentage of revenue that APPLE has obtained from sales of each APPLE ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 511:**

For each network on which an APPLE ACCUSED PRODUCT operates, DOCUMENTS sufficient to show, on a quarterly and annual basis, the income (or loss) before interest, taxes, and non-operating expenses, that APPLE has obtained from sales of each APPLE ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 512:**

For each telecommunications standard with which an APPLE ACCUSED PRODUCT is compliant, DOCUMENTS sufficient to show, on a quarterly and annual basis, the revenue derived

1  from the sale of each APPLE ACCUSED PRODUCT, the number of units sold, the average sale

2  price, and APPLE's profit from the sale.

3

4  **REQUEST FOR PRODUCTION NO. 513:**

5      For each telecommunications standard with which an APPLE ACCUSED PRODUCT is

6  compliant, DOCUMENTS sufficient to show, on a quarterly and annual basis, the gross margin in

7  dollars and the gross margin as a percentage of revenue that APPLE has obtained from sales of

8  each APPLE ACCUSED PRODUCT.

9

10  **REQUEST FOR PRODUCTION NO. 514:**

11      For each telecommunications standard with which an APPLE ACCUSED PRODUCT is

12  compliant, DOCUMENTS sufficient to show, on a quarterly and annual basis, the income (or loss)

13  before interest, taxes, and non-operating expenses, that APPLE has obtained from sales of each

14  APPLE ACCUSED PRODUCT.

15

16  **REQUEST FOR PRODUCTION NO. 515:**

17      DOCUMENTS sufficient to show, on a quarterly and annual basis, the percentage of

18  APPLE ACCUSED PRODUCTS that are sold to each mobile wireless carrier.

19

20  **REQUEST FOR PRODUCTION NO. 516:**

21      DOCUMENTS sufficient to show, on a quarterly and annual basis, the percentage of

22  APPLE ACCUSED PRODUCTS that are sold for use with each mobile wireless carrier's

23  network.

24

25  **REQUEST FOR PRODUCTION NO. 517:**

26      DOCUMENTS sufficient to show, on a quarterly and annual basis, the percentage of

27  APPLE ACCUSED PRODUCTS that are compliant with each telecommunications standard.

28

**REQUEST FOR PRODUCTION NO. 518:**

All DOCUMENTS REFERRING OR RELATING TO the subscriber base of each mobile wireless carrier.

**REQUEST FOR PRODUCTION NO. 519:**

All DOCUMENTS REFERRING OR RELATING TO changes in the subscriber base of any mobile wireless carrier.

**REQUEST FOR PRODUCTION NO. 520:**

All DOCUMENTS and things, including but not limited to specifications, CAD files, marketing material, design documents, prototypes, or devices, that relate to or describe the design, structure, components, manufacturer, and/or layout of the touchpads used in APPLE'S PowerBook 500 series, PowerBook 5300, PowerBook 1400, PowerBook 2400, PowerBook 3400, and/or PowerBook G3, that were on sale prior to January 1, 1999.

**REQUEST FOR PRODUCTION NO. 521:**

All DOCUMENTS and things, including but not limited to specifications, CAD files, marketing material, design documents, prototypes, or devices, that relate to or describe the design, structure, components, manufacturer, and/or layout of any touchpads designed by Cirque Corporation and used in APPLE'S PowerBook 500 series, PowerBook 5300, PowerBook 1400, PowerBook 2400, PowerBook 3400, and/or PowerBook G3, that were on sale prior to January 1, 1999.

**REQUEST FOR PRODUCTION NO. 522:**

All agendas and other DOCUMENTS prepared in connection with any division meeting for the devices division or the Mac division in which there was any discussion of any version of the iPhone, iPad or iPod Touch.

02198.51855/4588653.1

-43-                                    Case No. 11-cv-01846-LHK
SAMSUNG'S SIXTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

1   **REQUEST FOR PRODUCTION NO. 523:**

2         All DOCUMENTS RELATING TO any training provided to APPLE retail store

3   employees regarding any perceived advantages or disadvantages of the APPLE ACCUSED

4   PRODUCTS as compared to competing products, and/or any differences between the APPLE

5   ACCUSED PRODUCTS and competing products.

6

7   **REQUEST FOR PRODUCTION NO. 524:**

8         All DOCUMENTS RELATING TO any training provided to APPLE retail store

9   employees regarding any perceived advantages or disadvantages of Android devices.

10

11  **REQUEST FOR PRODUCTION NO. 525:**

12        All DOCUMENTS RELATING TO any training provided to APPLE retail store

13  employees regarding any perceived advantages or disadvantages of the SAMSUNG ACCUSED

14  PRODUCTS.

15

16  **REQUEST FOR PRODUCTION NO. 526:**

17        All DOCUMENTS RELATING TO reports from APPLE retail store employees regarding

18  customers' perceptions of the advantages and/or disadvantages of APPLE ACCUSED

19  PRODUCTS.

20

21  **REQUEST FOR PRODUCTION NO. 527:**

22        All DOCUMENTS RELATING TO reports from APPLE retail store employees regarding

23  customers' perceptions of the advantages and/or disadvantages of SAMSUNG ACCUSED

24  PRODUCTS.

25

26

27

28

**REQUEST FOR PRODUCTION NO. 528:**

All DOCUMENTS RELATING TO reports from APPLE retail store employees regarding customers' perceptions of the advantages, disadvantages, and/or differences between the APPLE ACCUSED PRODUCTS and any competing products.

**REQUEST FOR PRODUCTION NO. 529:**

All DOCUMENTS RELATING TO any training provided to APPLE retail store employees regarding the sale of, strategies to sell, or efforts to sell non-accused APPLE products and/or services with APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 530:**

All DOCUMENTS RELATING TO any training provided to APPLE retail store employees regarding consumer perceptions of the APPLE brand, including any DOCUMENT reflecting efforts and/or strategies to develop loyalty to the APPLE brand.

**REQUEST FOR PRODUCTION NO. 531:**

All DOCUMENTS REFERRING OR RELATING TO license negotiations REGARDING the SAMSUNG PATENTS-IN-SUIT.

**REQUEST FOR PRODUCTION NO. 532:**

All DOCUMENTS REFERRING OR RELATING TO APPLE'S understanding of the ETSI IPR policy, including but not limited to the interpretation or application of Sections 4.1, 4.2, or 6.1.

**REQUEST FOR PRODUCTION NO. 533:**

All DOCUMENTS REFERRING OR RELATING TO any company's understanding of the ETSI IPR policy, including but not limited to the interpretation or application of Sections 4.1, 4.2, or 6.1.

1   **REQUEST FOR PRODUCTION NO. 534:**

2       All DOCUMENTS REFERRING OR RELATING TO APPLE'S disclosure of

3   DECLARED-ESSENTIAL IPR to ETSI.

4

5   **REQUEST FOR PRODUCTION NO. 535:**

6       All DOCUMENTS REFERRING OR RELATING TO APPLE'S knowledge

7   REGARDING disclosure of DECLARED-ESSENTIAL PATENTS by any company after

8   adoption of a technical standard in which they were incorporated.

9

10  **REQUEST FOR PRODUCTION NO. 536:**

11      All DOCUMENTS REFERRING OR RELATING TO UMTS Technical Specifications

12  25.212, 25.213, 25.214, and 25.322, including but not limited to all ETSI working groups working

13  on those specifications, APPLE'S attendance and participation in those working groups, all

14  COMMUNICATIONS regarding SAMSUNG technical proposals with respect to those

15  specifications, and all COMMUNICATIONS regarding any proposed alternatives to

16  SAMSUNG's technical proposals.

17

18  **REQUEST FOR PRODUCTION NO. 537:**

19      DOCUMENTS sufficient to show the date on which the APPLE ACCUSED PRODUCTS

20  first implemented any ETSI standard for which a SAMSUNG PATENTS-IN-SUIT has been

21  declared essential.

22

23  **REQUEST FOR PRODUCTION NO. 538:**

24      DOCUMENTS sufficient to show the source of all chipsets in the APPLE ACCUSED

25  PRODUCTS.

26

27

28

02198.51855/4588653.1

-46-

Case No. 11-cv-01846-LHK
SAMSUNG'S SIXTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

**REQUEST FOR PRODUCTION NO. 539:**

All DOCUMENTS REFERRING OR RELATING TO APPLE'S negotiations of chipset supply agreements for the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 540:**

All DOCUMENTS REFERRING OR RELATING TO any instance where APPLE sought an injunction for a patent which it had also licensed to any party.

**REQUEST FOR PRODUCTION NO. 541:**

All DOCUMENTS REFERRING OR RELATING TO any instance where APPLE sought an injunction for a DECLARED-ESSENTIAL patent.

**REQUEST FOR PRODUCTION NO. 542:**

All DOCUMENTS REFERRING OR RELATING TO any instance where APPLE sought an injunction based on any patent for which APPLE had committed to any standard-setting organization, including but not limited to ETSI, that APPLE would license the patent on FRAND terms.

**REQUEST FOR PRODUCTION NO. 543:**

All DOCUMENTS REFERRING OR RELATING TO APPLE'S understanding of ETSI FRAND, including but not limited to any definition of a FRAND royalty, the effect of a FRAND declaration, and the availability of injunctive relief for alleged infringement of patents subject to a FRAND declaration.

**REQUEST FOR PRODUCTION NO. 544:**

All DOCUMENTS REFERRING OR RELATING TO any company's understanding of ETSI FRAND, including but not limited to any definition of a FRAND royalty, the effect of a

FRAND declaration, and the availability of injunctive relief for alleged infringement of patents subject to a FRAND declaration.

**REQUEST FOR PRODUCTION NO. 545:**

All DOCUMENTS REFERRING OR RELATING TO the terms of any purported license to any of the SAMSUNG PATENTS-IN-SUIT.

**REQUEST FOR PRODUCTION NO. 546:**

All DOCUMENTS relating to the prosecution of the APPLE PATENTS-IN-SUIT or to the prosecution of any patent applications in the same PATENT FAMILY TREE as the APPLE PATENTS-IN-SUIT.

**REQUEST FOR PRODUCTION NO. 547:**

All DOCUMENTS relating to the prosecution of patent applications relating to any product YOU allege embodies the APPLE PATENTS-IN-SUIT, including the APPLE ACCUSED PRODUCTS.

DATED: February 7, 2012                    QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP


                                           By  _/s/ Victoria F. Maroulis_
                                               _____
                                               Charles K. Verhoeven
                                               Kevin P.B. Johnson
                                               Victoria F. Maroulis
                                               Michael T. Zeller
                                               Attorneys for SAMSUNG ELECTRONICS CO.,
                                               LTD., SAMSUNG ELECTRONICS AMERICA,
                                               INC., and SAMSUNG
                                               TELECOMMUNICATIONS AMERICA, LLC

02198.51855/4588653.1

-48-                    Case No. 11-cv-01846-LHK
SAMSUNG'S SIXTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC.

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on February 7, 2012, I caused **SAMSUNG'S SIXTH SET OF**

3

**REQUESTS FOR PRODUCTION OF DOCUMENTS TO APPLE INC.** to be electronically

4

served on the following via email:

5

**ATTORNEYS FOR APPLE INC.**

6

AppleMoFo@mofo.com

7

HAROLD J. MCELHINNY
hmcelhinny@mofo.com

8

MICHAEL A. JACOBS
mjacobs@mofo.com

9

JENNIFER LEE TAYLOR
jtaylor@mofo.com

10

ALISON M. TUCHER
atucher@mofo.com

11

RICHARD S.J. HUNG
rhung@mofo.com

12

JASON R. BARTLETT
jasonbartlett@mofo.com

13

MORRISON & FOERSTER LLP
425 Market Street

14

San Francisco, California 94105-2482
Telephone: (415) 268-7000

15

Facsimile: (415) 268-7522

16

WILLIAM F. LEE
william.lee@wilmerhale.com

17

WILMER CUTLER PICKERING HALE
AND DORR LLP

18

60 State Street
Boston, Massachusetts 02109

19

Telephone: (617) 526-6000
Facsimile: (617) 526-5000

20

MARK D. SELWYN

21

mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING HALE

22

AND DORR LLP
950 Page Mill Road

23

Palo Alto, California 94304
Telephone: (650) 858-6000

24

Facsimile: (650) 858-6100

25

26

I declare under penalty of perjury that the foregoing is true and correct.  Executed in

27

Los Angeles, California on February 7, 2012.

28

_/s/    Kara M. Borden_____

02198.51855/4588653.1