# EXHIBIT 23

MAY CONTAIN INFORMATION DESIGNATED CONFIDENTIAL UNDER THE PROTECTIVE ORDER

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S SIXTH AND SEVENTH SETS OF REQUESTS FOR PRODUCTION** |

MAY CONTAIN INFORMATION DESIGNATED CONFIDENTIAL UNDER THE PROTECTIVE ORDER

**REQUEST FOR PRODUCTION NO. 375:**

All research, studies, reports or other DOCUMENTS REFERRING TO OR RELATING TO the impact of any aspect of the design of each version of the iPhone or iPad claimed by the APPLE DESIGN PATENTS or APPLE TRADE DRESS of each version of the iPhone or iPad's sales or consumer preferences or purchasing decisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 375:**

Apple objects to this request as untimely, overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in the case; (iii) would require Apple to draw a legal conclusion to respond; or (iv) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available. Additionally, Apple objects to this request to the extent that it calls for information which contains or otherwise reflects its trade secrets or any other confidential research, development, financial, commercial or proprietary information. Apple further objects to this request on the grounds that it is unlimited in time. Apple further objects to the terms "relating to" and "any aspect of the design" to the extent that it fails to provide reasonable particularity as to the scope of the documents sought. Finally, Apple objects to this request on the grounds that it is vague, ambiguous, overly broad, including in its use of the undefined terms "consumer preferences," and "purchasing decisions."

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged market and consumer studies in its possession, custody, or control, if any, located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 376:**

All DOCUMENTS REFERRING TO OR RELATING TO the impact of manufacturing, supply or inventory constraints on sales of each version of the iPhone or iPad.

APPLE'S RESPONSE TO SAMSUNG'S 6TH AND 7TH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS (365-553)
CASE NO. 11-CV-01846-LHK (PSG)
sf-3106415

18

MAY CONTAIN INFORMATION DESIGNATED CONFIDENTIAL UNDER THE PROTECTIVE ORDER

**RESPONSE TO REQUEST FOR PRODUCTION NO. 376:**

Apple objects to this request as untimely, overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in the case; or (iii) are outside of Apple's possession, custody, or control. Additionally, Apple objects to this request to the extent that it calls for information which contains or otherwise reflects its trade secrets or any other confidential research, development, financial, commercial or proprietary information. Apple further objects to this request on the grounds that it is unlimited in time. Apple further objects to the terms "relating to" or "constraints" to the extent that it fails to provide reasonable particularity as to the scope of the documents sought. Finally, Apple objects to this request on the grounds that it is vague, ambiguous, overly broad, and therefore unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search sufficient to show manufacturing capacity over time for each version of the iPhone and iPad.

**REQUEST FOR PRODUCTION NO. 377:**

All research, studies, reports and other DOCUMENTS REFERRING TO OR RELATING TO consumer perceptions of the APPLE brand, changes in consumer perceptions of the APPLE brand and the reasons for such perceptions or changes in perceptions any time from January 1, 2006 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 377:**

Apple objects to this request as untimely, overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in the case; (iii) are outside of

MAY CONTAIN INFORMATION DESIGNATED CONFIDENTIAL UNDER THE PROTECTIVE ORDER

1  limited to market segments, the size of actual and potential markets, market growth rates,
2  potential customer bases, the product offerings and pricing of competitors, actual and anticipated
3  market shares, and product sales and profitability.
4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 414:**
5  Apple objects to this request as untimely, overly broad, vague, unduly burdensome, and
6  not reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this
7  request to the extent it seeks production of documents that: (i) are protected from discovery by the
8  attorney-client privilege or the work product doctrine, or any other applicable privilege or
9  immunity; (ii) are not relevant to the claims or defenses at issue in the case; (iii) are outside of
10 Apple's possession, custody, or control; or (iv) can be obtained as easily by Samsung, are already
11 in Samsung's possession, or are publicly available. Apple further objects to this request on the
12 grounds that it is unlimited in time. Apple further objects to the terms "relating to," "all
13 DOCUMENTS," and "reasons why" to the extent that they fail to provide reasonable particularity
14 as to the scope of the documents sought. Apple further objects to Samsung's request as
15 overbroad to the extent it purports to require Apple to conduct a search for documents that is
16 more extensive than is reasonable under the circumstances. Finally, Apple objects to this request
17 on the grounds that it is vague, ambiguous, overly broad, and therefore unduly burdensome.
18 Subject to and without waiving the foregoing General and Specific Objections, Apple has
19 produced or will produce responsive, non-privileged market studies in its possession, custody, or
20 control, if any, located after a reasonable search.
21 **REQUEST FOR PRODUCTION NO. 415:**
22 DOCUMENTS sufficient to show APPLE's manufacturing or supply capacity for any
23 products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or
24 are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS.
25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 415:**
26 Apple objects to this request as untimely, overly broad, vague, unduly burdensome, and
27 not reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this
28 request to the extent it seeks production of documents that: (i) are protected from discovery by the

MAY CONTAIN INFORMATION DESIGNATED CONFIDENTIAL UNDER THE PROTECTIVE ORDER

attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in the case; (iii) are outside of Apple's possession, custody, or control; or (iv) would require Apple to draw a legal conclusion to respond. Apple further objects to this request on the grounds that it is unlimited in time. Finally, Apple objects to this request on the grounds that it is vague, ambiguous, overly broad, and therefore unduly burdensome including without limitation to the undefined terms "manufacturing or supply capacity."

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search sufficient to show manufacturing capacity over time for each version of the iPhone and iPad.

**REQUEST FOR PRODUCTION NO. 416:**

DOCUMENTS sufficient to show APPLE's marketing and sales capacity for any products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 416:**

Apple objects to this request as untimely, overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in the case; (iii) are outside of Apple's possession, custody, or control; or (iv) would require Apple to draw a legal conclusion to respond. Apple further objects to this request on the grounds that it is unlimited in time. Finally, Apple objects to this request on the grounds that it is vague, ambiguous, overly broad, and therefore unduly burdensome including without limitation to the undefined terms "marketing and sales capacity," which fails to identify with sufficient particularity the documents sought.

MAY CONTAIN INFORMATION DESIGNATED CONFIDENTIAL UNDER THE PROTECTIVE ORDER

**REQUEST FOR PRODUCTION NO. 417:**

All DOCUMENTS relating to any constraints on APPLE's manufacturing or supply capacity for any products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 417:**

Apple objects to this request as untimely, overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in the case; (iii) are outside of Apple's possession, custody, or control; or (iv) would require Apple to draw a legal conclusion to respond. Apple further objects to the terms "relating to" and "all DOCUMENTS" to the extent that they fail to provide reasonable particularity as to the scope of the documents sought. Apple further objects to this request on the grounds that it is unlimited in time. Finally, Apple objects to this request on the grounds that it is vague, ambiguous, overly broad, and therefore unduly burdensome including without limitation to the undefined terms "manufacturing or supply capacity."

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search sufficient to show manufacturing capacity over time for each version of the iPhone and iPad.

**REQUEST FOR PRODUCTION NO. 418:**

All DOCUMENTS relating to any constraints on APPLE's marketing and sales capacity for any products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 418:**

Apple objects to this request as untimely, overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this

request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in the case; (iii) are outside of Apple's possession, custody, or control; or (iv) would require Apple to draw a legal conclusion to respond. Apple further objects to this request on the grounds that it is unlimited in time. Finally, Apple objects to this request on the grounds that it is vague, ambiguous, overly broad, and therefore unduly burdensome including without limitation to the undefined terms "constraint" and "marketing and sales capacity," which fail to identify with sufficient particularity the documents sought.

**REQUEST FOR PRODUCTION NO. 419:**

DOCUMENTS sufficient to show any supply shortages of any products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 419:**

Apple objects to this request as untimely, overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in the case; (iii) are outside of Apple's possession, custody, or control; or (iv) would require Apple to draw a legal conclusion to respond. Apple further objects to the terms "relating to" and "all DOCUMENTS" to the extent that they fail to provide reasonable particularity as to the scope of the documents sought. Apple further objects to this request on the grounds that it is unlimited in time.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search sufficient to show manufacturing capacity over time for each version of the iPhone and iPad.

APPLE'S RESPONSE TO SAMSUNG'S 6TH AND 7TH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS (365-553)
CASE NO. 11-CV-01846-LHK (PSG)
sf-3106415

48

MAY CONTAIN INFORMATION DESIGNATED CONFIDENTIAL UNDER THE PROTECTIVE ORDER

**REQUEST FOR PRODUCTION NO. 420:**

DOCUMENTS sufficient to show any supply or inventory excesses for any products that APPLE contends practice one or more of the APPLE PATENTS-IN-SUIT and/or are covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 420:**

Apple objects to this request as untimely, overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in the case; or (iii) are outside of Apple's possession, custody, or control. Apple further objects to the terms "relating to" and "all DOCUMENTS" to the extent that they fail to provide reasonable particularity as to the scope of the documents sought. Apple further objects to this request on the grounds that it is unlimited in time. Finally, Apple objects to this request on the grounds that it is vague, ambiguous, overly broad, and therefore unduly burdensome including without limitation to the undefined terms "supply or inventory excesses."

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search sufficient to show manufacturing capacity over time for each version of the iPhone and iPad.

**REQUEST FOR PRODUCTION NO. 421:**

All DOCUMENTS relating to the demand for the technology claimed in the APPLE PATENTS-IN-SUIT and/or the designs covered by the APPLE TRADE DRESS and/or APPLE TRADEMARKS, including but not limited to consumer surveys, consumer focus groups, and comparisons of the benefits, functionality, performance, design, and costs of alternative technologies.

APPLE'S RESPONSE TO SAMSUNG'S 6TH AND 7TH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS (365-553)
CASE NO. 11-CV-01846-LHK (PSG)
sf-3106415

49

MAY CONTAIN INFORMATION DESIGNATED CONFIDENTIAL UNDER THE PROTECTIVE ORDER

**RESPONSE TO REQUEST FOR PRODUCTION NO. 421:**

Apple objects to this request as untimely, overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in the case; (iii) are outside of Apple's possession, custody, or control; (iv) would require Apple to draw a legal conclusion to respond; or (v) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available. Apple further objects to the terms "relating to" and "all DOCUMENTS" to the extent that they fail to provide reasonable particularity as to the scope of the documents sought. Finally, Apple objects to this request on the grounds that it is vague, ambiguous, overly broad, and therefore unduly burdensome, including without limitation because of the use of the undefined terms "demand for technology," "consumer surveys," "consumer focus groups," "benefits," and "alternative technologies."

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged market and consumer studies in its possession, custody, or control, if any, located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 422:**

Any intercompany agreement regarding reimbursement of research and development expenses for work in any way related to tablet computers or mobile phones.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 422:**

Apple objects to this request as untimely, overly broad in scope; vague; unduly burdensome; not limited to the issues, parties or products in this action; unnecessary; and not reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in the case; or (iii) are outside of Apple's possession, custody, or control. Apple further objects to this request on the grounds that

MAY CONTAIN INFORMATION DESIGNATED CONFIDENTIAL UNDER THE PROTECTIVE ORDER

it is unlimited in time. Apple further objects to Samsung's request as overbroad to the extent it purports to require Apple to conduct a search for documents that is more extensive than is reasonable under the circumstances.

**REQUEST FOR PRODUCTION NO. 423:**

DOCUMENTS sufficient to show APPLE'S accounting practices pertaining to the APPLE ACCUSED PRODUCTS, including but not limited to APPLE'S methods of accounting for revenues, costs and profits, methods of depreciation, allocation of expenses, inventory measurements, profit allocation, losses and assignments of debts, and APPLE'S methods of allocating between United States and worldwide revenue from January 1, 2007 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 423:**

Apple objects to this request as untimely, overly broad in scope; vague; unduly burdensome; not limited to the issues, parties or products in this action; unnecessary; and not reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; or (ii) are not relevant to the claims or defenses at issue in the case. Apple further objects to this request on the grounds that it is unlimited in time. Finally, Apple further objects to Samsung's request as overbroad to the extent it purports to require Apple to conduct a search for documents that is more extensive than is reasonable under the circumstances.

**REQUEST FOR PRODUCTION NO. 424:**

All DOCUMENTS discussing the market for smartphones using the Android operating system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 424:**

Apple objects to this request as untimely, overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in the case; (iii) are outside of

APPLE'S RESPONSE TO SAMSUNG'S 6TH AND 7TH SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS (365-553)
CASE NO. 11-CV-01846-LHK (PSG)
sf-3106415

51

Apple's possession, custody, or control; or (iv) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available. Apple further objects to this request that it is not limited to the issues in this action, the products in this action, or the relevant time period, and not reasonably calculated to lead to admissible evidence. Apple objects that the term "market" is vague and ambiguous. Apple also objects that this Request is duplicative of prior Requests.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged market and consumer studies in its possession, custody, or control, if any, located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 425:**

All DOCUMENTS discussing competition between each version of the iPhone and smartphones using the Android operating system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 425:**

Apple objects to this request as untimely, overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to this request that it is not limited to the parties, issues, time period, or products in this action, and not reasonably calculated to lead to admissible evidence. Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in the case; (iii) are outside of Apple's possession, custody, or control; or (iv) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available. Finally, Apple objects that the term "discussing competition" is vague and fails to identify with sufficient particularity the documents sought. Apple also objects that this Request is duplicative of prior Requests.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged market and consumer studies in its possession, custody, or control, if any, located after a reasonable search.

MAY CONTAIN INFORMATION DESIGNATED CONFIDENTIAL UNDER THE PROTECTIVE ORDER

**REQUEST FOR PRODUCTION NO. 426:**

All DOCUMENTS discussing competition between each version of the iPad and media tablets using the Android operating system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 426:**

Apple objects to this request as untimely, overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to this request that it is not limited to the parties, issues, time period, or products in this action, and not reasonably calculated to lead to admissible evidence. Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in the case; (iii) are outside of Apple's possession, custody, or control; or (iv) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available. Finally, Apple objects that the term "discussing competition" is vague and fails to identify with sufficient particularity the documents sought. Apple also objects that this Request is duplicative of prior Requests.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged market and consumer studies in its possession, custody, or control, if any, located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 427:**

All DOCUMENTS relating to elasticity, elasticity of demand, or consumer price sensitivity for the APPLE ACCUSED PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 427:**

Apple objects to this request as untimely, overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in the case; (iii) are outside of Apple's possession, custody, or control; or (iv) can be obtained as easily by Samsung, are already

in Samsung's possession, or are publicly available. Apple further objects to the term "relating to" to the extent that it fails to provide reasonable particularity as to the scope of the documents sought. Finally, Apple objects to this request on the grounds that it is vague, ambiguous, overly broad, and therefore unduly burdensome including without limitation to the undefined terms "elasticity" and "consumer price sensitivity".

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced responsive, non-privileged market and consumer studies, and retail, carrier and reseller price lists in its possession, custody, or control located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 428:**

All DOCUMENTS RELATING TO the capacity to manufacture the APPLE ACCUSED PRODUCTS at any point in time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 428:**

Apple objects to this request as untimely, overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in the case; (iii) are outside of Apple's possession, custody, or control; or (iv) would require Apple to draw a legal conclusion to respond. Apple further objects to this request on the grounds that it is unlimited in time. Finally, Apple objects to this request on the grounds that it is vague, ambiguous, overly broad, and therefore unduly burdensome including without limitation to the undefined term "capacity."

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search sufficient to show manufacturing capacity over time for each version of the iPhone and iPad.

MAY CONTAIN INFORMATION DESIGNATED CONFIDENTIAL UNDER THE PROTECTIVE ORDER

**REQUEST FOR PRODUCTION NO. 429:**

All DOCUMENTS, regardless of date, RELATING TO the acquisition by APPLE of memory controllers technology from Anobit Technologies used in the APPLE ACCUSED PRODUCTS, including the acquisition agreement, DOCUMENTS reflecting APPLE'S purchase price accounting for the acquisition, and any valuations of assets or intellectual property performed by APPLE or a third-party in connection with the acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 429:**

Apple objects to this request on grounds that it seeks information and/or documents irrelevant to this litigation. Apple further objects to the term "memory controllers technology" as vague and ambiguous. Apple further objects on grounds that this request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it seeks "All DOCUMENTS, regardless of date" and information regarding technology not at issue in this litigation. Apple further objects to this request to the extent that it seeks documents outside of Apple's possession, custody, or control. Apple further objects to this request to the extent that it seeks the production of documents that are protected from discovery by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity.

**REQUEST FOR PRODUCTION NO. 430:**

All DOCUMENTS, regardless of date, RELATING TO the acquisition by APPLE of facial recognition technology from Polar Rose used in the APPLE ACCUSED PRODUCTS, including the acquisition agreement, DOCUMENTS reflecting APPLE'S purchase price accounting for the acquisition, and any valuations of assets or intellectual property performed by APPLE or a third-party in connection with the acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 430:**

Apple objects to this request on grounds that it seeks information and/or documents irrelevant to this litigation. Apple further objects on grounds that this request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it seeks "All DOCUMENTS, regardless of date" and information

MAY CONTAIN INFORMATION DESIGNATED CONFIDENTIAL UNDER THE PROTECTIVE ORDER

1  regarding technology not at issue in this litigation.  Apple further objects to this request to the
2  extent that it seeks documents outside of Apple's possession, custody, or control.  Apple further
3  objects to this request to the extent that it seeks the production of documents that are protected
4  from discovery by the attorney-client privilege, work product doctrine, joint defense or common
5  interest privilege, or any other applicable privilege, doctrine, or immunity.

6  **REQUEST FOR PRODUCTION NO. 431:**

7  All DOCUMENTS, regardless of date, RELATING TO the acquisition by APPLE of 3D
8  mapping technology from C3 Technologies used in the APPLE ACCUSED PRODUCTS,
9  including the acquisition agreement, DOCUMENTS reflecting APPLE'S purchase price
10  accounting for the acquisition, and any valuations of assets or intellectual property performed by
11  APPLE or a third-party in connection with the acquisition.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 431:**

13  Apple objects to this request on grounds that it seeks information and/or documents
14  irrelevant to this litigation.  Apple further objects on grounds that this request is overly broad,
15  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible
16  evidence, especially insofar as it seeks "All DOCUMENTS, regardless of date" and information
17  regarding technology not at issue in this litigation.  Apple further objects to the term "3D
18  mapping technology" as vague and ambiguous.  Apple further objects to this request to the extent
19  that it seeks documents outside of Apple's possession, custody, or control.  Apple further objects
20  to this request to the extent that it seeks the production of documents that are protected from
21  discovery by the attorney-client privilege, work product doctrine, joint defense or common
22  interest privilege, or any other applicable privilege, doctrine, or immunity.

23  **REQUEST FOR PRODUCTION NO. 432:**

24  All DOCUMENTS, regardless of date, RELATING TO the acquisition by APPLE of web
25  mapping technology from Poly9 used in the APPLE ACCUSED PRODUCTS, including the
26  acquisition agreement, DOCUMENTS reflecting APPLE'S purchase price accounting for the
27  acquisition, and any valuations of assets or intellectual property performed by APPLE or a third-
28  party in connection with the acquisition.

MAY CONTAIN INFORMATION DESIGNATED CONFIDENTIAL UNDER THE PROTECTIVE ORDER

relevant time period in this action. Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in the case; (iii) are outside of Apple's possession, custody, or control; (iv) would require Apple to draw a legal conclusion to respond; or (v) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available. Apple further objects to the terms "relating to" and "all DOCUMENTS and things" to the extent that they fail to provide reasonable particularity as to the scope of the documents sought.

     Subject to and without waiving the foregoing General and Specific Objections, Apple objects that it is incapable of responding to this request without performing an unduly burdensome search.

Dated: March 10, 2012

MORRISON & FOERSTER LLP

By:   /s/ Jason Bartlett
      Jason R. Bartlett

Attorneys for Plaintiff
APPLE INC.

MAY CONTAIN INFORMATION DESIGNATED CONFIDENTIAL UNDER THE PROTECTIVE ORDER

**CERTIFICATE OF SERVICE BY ELECTRONIC SERVICE**
**[Fed. R. Civ. P. 5(b)]**

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105-2482. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on March 10, 2012, I served a copy of:

**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S SIXTH AND SEVENTH SETS OF REQUESTS FOR PRODUCTION**

by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Fed. R. Civ. P. 5(b).

| | |
|---|---|
| Charles K. Verhoeven<br>charlesverhoeven@quinnemanuel.com | Kevin P.B. Johnson<br>kevinjohnson@quinnemanuel.com |
| Victoria F. Maroulis<br>victoriamaroulis@quinnemanuel.com | Michael T. Zeller<br>michaelzeller@quinnemanuel.com |
| Edward J. DeFranco<br>eddefranco@quinnemanuel.com | Margret M. Caruso<br>margretcaruso@quinnemanuel.com |
| Todd M. Briggs<br>toddbrigsgs@quinnemanuel.com | Rachel H. Kassabian<br>rachel@kassabian@quinnemanuel.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on March 10, 2012.

/s/ Nathan B. Sabri
Nathan B. Sabri