1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                    UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18 APPLE INC., a California corporation,        CASE NO. 11-cv-01846-LHK

19         Plaintiff,                           **DECLARATION OF MICHAEL J.
                                                WAGNER IN SUPPORT OF SAMSUNG'S
20    vs.                                       MOTION TO STRIKE EXPERT
                                                TESTIMONY BASED ON UNDISCLOSED
21 SAMSUNG ELECTRONICS CO., LTD., a             FACTS AND THEORIES**
   Korean business entity; SAMSUNG
22 ELECTRONICS AMERICA, INC., a New             Date:  June 21, 2012
   York corporation; SAMSUNG                    Time:  10:00 a.m.
23 TELECOMMUNICATIONS AMERICA,                  Place: Courtroom 5, 4th Floor
   LLC, a Delaware limited liability company,   Judge: Hon. Paul S. Grewal
24
           Defendants.                          **PUBLIC REDACTED VERSION**
25

26

27

28
02198.51855/4798842.1
                                                          Case No. 11-cv-01846-LHK
                          **DECLARATION OF MICHAEL WAGNER IN SUPPORT OF SAMSUNG'S
                                        MOTION TO STRIKE EXPERT TESTIMONY**

I, Michael Wagner, hereby declare as follows:

1. I am currently a Managing Director at LitiNomics, Inc., a financial and economic consulting firm specializing in the analysis of economic issues that arise in commercial disputes.

2. I am a Certified Public Accountant and attorney licensed in the State of California. I have been a Partner at Price Waterhouse; a Managing Director at Putnam, Hayes & Bartlett; and a Senior Advisor at CRA International, a publicly traded management consulting firm. I have a Bachelor of Science in Engineering, which I received from the University of Santa Clara in 1969. I have a Master in Business Administration, which I received from U.C.L.A. in 1971. I have a Juris Doctor degree, which I received from Loyola University School of Law at Los Angeles in 1975. Exhibit A is a true and correct copy of my *curriculum vitae*.

3. I have specialized in the computation of commercial damages over the last 35 years of my professional career. I have been qualified and testified at trial as an expert on financial matters, principally commercial damages, 125 times, including Lanham Act cases and patent cases (28 times in patent cases). I have testified on financial issues in 34 arbitrations. I also have been deposed 310 times (98 times in patent cases; more than 10 times in trademark or Lanham Act cases) on financial issues over my career.

4. I have 28 professional publications, the majority of which deals with the computation of commercial damages (8 deal directly with patent damages). The most significant publication is the *Litigation Services Handbook*, which I co-edited through its fourth edition. The book is a collaborative effort of many of the leading experts in the financial area. I am the founding editor and continued as an editor for over 20 years. The Handbook has been recognized as authoritative by the Federal Judicial Center in its *Treatise on Scientific Evidence*. The Treatise's chapter on Economic Damages cites only five additional reference sources for further guidance to federal judges. The *Litigation Services Handbook* is one of the five reference sources.

5. In the above-captioned case, *Apple Inc., vs. Samsung Electronics Co., Ltd., et al.*, I previously submitted a Declaration of Michael J. Wagner in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction. I have also submitted expert reports, including my April 16, 2012 Expert Report of Michael J. Wagner; my April 20, 2012 Corrected Expert Report

1  of Michael J. Wagner ("Report"), attached hereto as Exhibit B; and my May 11, 2012

2  Supplemental Expert Report of Michael J. Wagner.

3        6.      I have been asked by counsel for Samsung Electronics Co., Ltd., Samsung

4  Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively,

5  "Samsung") to consider additional documents recently produced by Apple Inc. ("Apple") and their

6  potential relevance to the opinions in my earlier reports.   I submit this declaration in support of

7  Samsung's Motion to Strike Expert Testimony Based on Undisclosed Facts and Theories.   If

8  asked at hearings or trial, I am prepared to testify regarding the matters I discuss in this

9  declaration.

10        7.      I am being compensated at my customary rate for my work on this case.   I have

11  received no other compensation for my work in this litigation.   My compensation is in no way

12  contingent upon the opinions I arrive at or the result of the litigation.

13        8.      In performing my analysis, I or my staff have reviewed the Declaration of Trevor

14  Darrell, Ph.D., in Support of Samsung's Motion to Strike Expert Testimony Based on Undisclosed

15  Facts and Theories ("Darrell Declaration"), and the Declaration of Brian von Herzen, Ph.D., in

16  Support of Samsung's Motion to Strike Expert Testimony Based on Undisclosed Facts and

17  Theories ("von Herzen Declaration"), and the documents cited therein.   I or my staff has also

18  reviewed publicly available documents discussed in this declaration and supporting exhibits, as

19  well as depositions and documents produced by Apple and Samsung in discovery.

20        9.      In addition to the review of documents listed above, I have relied on my training as

21  a Certified Public Accountant and my knowledge and expertise regarding intellectual property

22  litigation damages.

23        10.      I may supplement this declaration in the event that additional relevant materials are

24  provided to me, including court filings and declarants' testimony.

25  <u>Previous Work In This Case</u>

26        11.      In my Report, I provided an opinion, *inter alia*, regarding damages resulting from

27  Samsung's alleged infringement of Apple's U.S. Patent No. 6,493,002 ("the '002 Patent"), entitled

28  "Method and Apparatus for Displaying and Accessing Control and Status Information in a

Computer System;" U.S. Patent No. 7,469,381 ("the '381 Patent"), entitled "List Scrolling and Document Translation, Scaling and Rotation on a Touch-Screen Display;" U.S. Patent No. 7,844,915 ("the '915 Patent"), entitled "Application Programming Interfaces for Scrolling Operations;" U.S. Patent No. 7,853,891 ("the '891 Patent"), entitled "Method and Apparatus for Displaying a Window for a User Interface;" U.S. Patent No. 7,663,607 ("the '607 Patent"), entitled "Multipoint Touchscreen;" U.S. Patent No. 7,864,163 ("the '163 Patent"), entitled "Portable Electronic Device, Method, and Graphical User Interface for Displaying Structured Electronic Documents;" and U.S. Patent No. 7,920,129 ("the '129 Patent"), entitled "Double-Sided Touch-Sensitive Panel With Shield And Drive Combined Layer."

12. My opinions addressed the following matters:

- My disagreements with the opinions expressed by Terry L. Musika in the Expert Report of Terry L. Musika, CPA ("Musika Report").

- Apple's lack of entitlement to lost profits from alleged lost sales and lost convoyed sales due to Samsung's alleged infringement of Apple's Patents-in-Suit.

- Samsung's profits related to its alleged infringement of Apple's design patents, trademarks, and trade dress, and the appropriate apportionment of profits to the intellectual property at issue.

- The reasonable royalty that is adequate to compensate Apple for Samsung's alleged infringement of Apple's intellectual property. (Ex. B at ¶ 3.)

13. In forming my opinions, I reviewed several agreements from Apple in which Apple is a licensee of technology. (Ex. B at ¶ 392.) I included with my Report a list of these agreements, a true and correct copy of which is attached hereto as Exhibit C (Tab 3 Schedule 1 of Volume I of my Report.)

14. I opined that these agreements did not provide enough information [redacted] (Ex. B at ¶ 404.)

Apple's Late-Produced Agreements

15. Apple's Rule 30(b)(6) witness on certain licensing issues was deposed on February 23, 2012. Fact discovery in this case closed on March 8, 2012.

16. I understand that, on or about April 4, 2012, ███████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

17. Although I received the ███████████ just 10 days before my initial Report was finalized, I did not have the opportunity to discuss it with Samsung's technical experts before submitting my Report. Having reviewed the von Herzen Declaration, which concludes that ███

███████████████████████████████████████████████████████████

███████████████████████████ I have further considered the probative value of the ███████████.

18. I understand that, on or about May 30, 2012, Apple produced a ███████████

███████████████████████████████████████████████████████████

███████████ (APLNDC-WH0000728173), and a ███████████████████

███████████████ (APLNDC-WH0000728153).

19. The ███████████████ was produced after the completion of all my reports in this case. Therefore, I did not have the opportunity to review it or to discuss it with Samsung's technical experts before submitting any of my reports. Having reviewed the von Herzen Declaration, which concludes that ███████████████████████████████████

███████████████████████████████████████████████████████████ I have now considered the probative value of the ███████████████.

20. I understand that media reports[1] and drafts and emails[2] from Apple's production in this case indicate that Apple entered into another ███████████ separate and apart from

---

[1] "Apple Made A Deal With The Devil (No, Worse: A Patent Troll)," at http://techcrunch.com/2011/12/09/apple-made-a-deal-with-the-devil-no-worse-a-patenttroll/;
(footnote continued)

1  the ▓▓▓▓▓ hat Apple produced on May 30.  In this agreement, Apple ▓▓▓▓
2  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  Although Apple has produced a draft of
3  this agreement (in which certain fundamental elements, such as price, are not included), it has not
4  produced the final version.  Therefore, I did not have the opportunity to review it or to discuss it
5  with Samsung's technical experts before submitting my report.
6      21.    Nonetheless, having reviewed the Darrell Declaration, which concludes that ▓▓
7  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
8  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, I have now considered the probative value of this
9  unproduced ▓▓▓▓▓▓▓▓▓.
10     22.    In addition, the draft of the ▓▓▓▓▓▓▓ that Apple has produced states that
11 a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
12 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
13 ▓▓▓▓▓▓▓▓▓▓▓ (APL7940018045114.)  I understand that Apple has not produced this
14 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  Therefore, I have not had the opportunity to review it and
15 consider its impact of my damages analysis.
16     <u>The ▓▓▓▓▓▓ Is Probative of the Reasonable Royalty Allegedly Due Apple</u>
17     23.    In the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
18 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
19 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
20 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
21 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
22 ▓▓▓▓▓▓▓▓▓▓▓[3]  For the purposes of the Agreement, the ▓▓▓▓▓▓▓▓▓▓▓
23 _____

24 "Apple partners with patent troll Digitude Innovations — and wow, what a deal," at
   http://venturebeat.com/2011/12/10/apples-patents-digitude-innovations/.
25 [2] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, APL7940018045114; email from
26 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, APL7940018045111, and attachment,
   APL7940018046927.
27 [3] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
28 ▓▓▓ APLNDC-WH0000723595-611 at '595-'597.

1   ███████████████████████████████████████.[4] ███████████████████

2   ████████████████████████████[5]

3       24.    Dr. Brian von Herzen, Ph.D., a technical expert retained by Samsung, reviewed the

4   ██████ Patent and concluded that ████████████████████████████████████████

5   ████████████████████████████████████████████████████████████."[6]  In addition, the

6   '607 Patent cites the ██████ Patent as a reference.

7       25.    It is my opinion that the █████████████ is sufficiently comparable to a

8   hypothetical license to the '607 and '129 Patents to provide data relevant to the amount of a

9   reasonable royalty.   Based on Dr. von Herzen's analysis, the █████████ and the '607 and '129

10  Patents are technically comparable.   The █████████████████████████████████████████████

11  █████████████████████████████████████   In addition, the license grant is limited to

12  the comparable technology, █████████████████████████████████████████████.

13      The █████████████████████ Is Probative of the Reasonable Royalty Allegedly Due Apple

14      26.    In the ██████████████████████████████████████, █████████████████████

15  ██████████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████████████

17  ██████████████████████████████████████████████████.[7]  The

18  █████████████████ comprise all ███████ patents and patent applications, including ████████

---

[4] ████████████████████████████████████████████████████████████
     APLNDC-WH0000723595-611 at '596.

[5] ████████████████████████████████████████████████████████████
     APLNDC-WH0000723595-611 at '599.

[6] von Herzen Declaration at ¶ 33.

[7] ████████████████████████████████████████████████████████
    ██████████████████████████  APLNDC-WH0000728173-184 at '173-'174.

1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[8] In consideration of

2 these rights, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[9]

3    27.  Dr. von Herzen reviewed the ▓▓▓▓▓▓▓▓▓▓ and concluded "▓▓▓▓

4 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

5 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

6 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

7 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

8 ▓▓▓▓▓▓▓▓▓▓▓▓."[10]

9    28.  It is my opinion that the ▓▓▓▓▓▓▓▓▓▓▓▓ is sufficiently comparable to a

10 hypothetical license to the '607 and '129 Patents to provide data relevant to the amount of a

11 reasonable royalty allegedly due Apple.  Based on Dr. von Herzen's analysis, the ▓▓▓▓

12 ▓▓▓ and the '607 and '129 Patents are technically comparable.  The ▓▓▓▓▓▓▓▓

13 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

14 ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

15 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

16 ▓▓▓▓▓▓▓▓▓▓.

17    The Unproduced ▓▓▓▓ Agreement Is Potentially Probative

18    of the Reasonable Royalty Allegedly Due Apple

19    29.  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

20 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

21 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

22 ▓▓▓▓▓▓.

---

[8] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ September 2, 2010, APLNDC-WH0000728173-184 at '173.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, APLNDC-WH0000728173-184 at '176.

von Herzen Declaration at ¶ 31.

30. Dr. Trevor Darrell, Ph.D., a technical expert retained by Samsung, reviewed the ▓▓▓▓▓▓▓▓▓▓▓▓. Dr. Darrell concluded that the ▓▓▓▓▓▓▓▓▓▓▓▓."[11]

31. Based on Dr. Darrell's review, it appears that the unproduced ▓▓▓▓ agreement, or related agreements, ▓▓▓▓▓▓▓▓▓▓ Therefore, the unproduced ▓▓▓▓ agreement may be sufficiently comparable to a hypothetical license to the '002 and '891 Patents to provide data relevant to the amount of a reasonable royalty. If the unproduced ▓▓▓▓ agreement had been produced, Samsung could have explored it further, along with other agreements between Apple and ▓▓▓▓ For example, the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓."[12]

Conclusions

32. After reviewing the facts and documents discussed in this declaration in the context of my other opinions, I have determined that the ▓▓▓▓▓▓▓▓▓▓ are relevant and informative data points tending to show the amount of a reasonable royalty for Apple's '607 and '129 Patents. Further, the unproduced ▓▓▓▓ agreement may also be relevant to the amount of a reasonable royalty allegedly due Apple.

33. At least the ▓▓▓▓▓▓▓▓▓▓ are further evidence supporting my disagreements with the opinions expressed in the Musika Report and my conclusions regarding a reasonable royalty that is adequate to compensate Apple for Samsung's alleged infringement of the '607 and '129 Patents.

---

[11] Darrell Declaration at ¶ 33.
[12] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ APLNDC-WH0000728153-172 at '156, '169.

1    34.    If Apple's late production had not prevented me from doing so, I would have expressed my opinions on the probative value of the ▮▮▮▮▮▮▮▮▮▮▮▮ in my reports and/or deposition in connection with this case, and if asked at hearings or trial, I am prepared to testify regarding the matters I discuss in this declaration.

I declare under penalty of perjury that the foregoing is true and correct.   Executed in Santa Clara County, California on June 7, 2012.

By: *[signature: Michael J Wagner]*
Michael Wagner