```
 1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Bar No. 170151)
 2  charlesverhoeven@quinnemanuel.com
    50 California Street, 22nd Floor
 3  San Francisco, California 94111
    Telephone: (415) 875-6600
 4  Facsimile: (415) 875-6700

 5  Kevin P.B. Johnson (Bar No. 177129)
    kevinjohnson@quinnemanuel.com
 6  Victoria F. Maroulis (Bar No. 202603)
    victoriamaroulis@quinnemanuel.com
 7  555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, California  94065-2139
 8  Telephone:    (650) 801-5000
    Facsimile:    (650) 801-5100
 9

10  Michael T. Zeller (Bar No. 196417)
    michaelzeller@quinnemanuel.com
11  865 S. Figueroa St., 10th Floor
    Los Angeles, California 90017
12  Telephone: (213) 443-3000
    Facsimile: (213) 443-3100
13

14  Attorneys for SAMSUNG ELECTRONICS CO.,
    LTD., SAMSUNG ELECTRONICS AMERICA,
15  INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC
16
```

                    UNITED STATES DISTRICT COURT

              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **REPLY DECLARATION OF STEPHEN GRAY IN SUPPORT OF SAMSUNG'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendant. | |

# REPLY DECLARATION OF STEPHEN GRAY

I, Stephen Gray, declare:

1. I have personal knowledge of the facts set forth herein, and am competent to testify to the same.

2. I submit this reply declaration in support of Samsung's Motion for Summary Judgment of non-infringement of U.S. Patent 7,844,915, and to respond to the Karan Singh's declaration of May 31, 2012, in support of Apple's Opposition to Samsung's Motion for Summary Judgment. If asked at hearings or trial, I am prepared to testify regarding the matters I discuss in this declaration

3. Dr. Singh's declaration mischaracterizes certain paragraphs of my expert report. At ¶ 266 of my rebuttal expert report on non-infringement of the '915 patent, I stated that, "In my 35 years of systems experience, I have never observed a system where an event object invoked a method." As made clear in my deposition, this statement is incorrect—it is certainly *possible* for an event object to invoke a method. (*See, e.g.,* Singh Decl. ¶¶ 45, 46, 58, and 70, pointing to the Android source code "ev.getPointerCount()" — *i.e.*, the event object ("ev") *invoking* a method ("getPointerCount")) Thus, it is certainly not an "impossibility" for an event object to invoke a method. (Singh Decl. ¶ 63.)

4. To the point, both my and Dr. Singh's analysis of the Android source code concludes that the Android's MotionEvent object does not invoke a *scroll* or *gesture operation*, as required by the claim 8[c] of the '915 patent.

5. The opinions expressed in this Declaration are my opinions based on my review to date of the evidence in the record. I reserve the right to amend or update my opinions as appropriate in response to future developments regarding claim construction.

6. At a hearing or trial, I reserve the right to use as exhibits various documents produced in this case that refer or relate to the matters discussed in this Declaration or to either of my Expert Reports. I have not yet selected particular exhibits that might be used. I also reserve the right to create or assist in the creation of certain demonstrative evidence that will assist me in testifying.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on the 7th day of June, 2012, in Solana Beach, California.

_____
Stephen Gray