# EXHIBIT 12

2012-1105

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

APPLE INC.,

Plaintiff-Appellant,

v.

SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,

Defendants-Appellees.

Appeal from the United States District Court for the Northern District of California in case no. 11-CV-01846-LHK, Judge Lucy H. Koh

**CONFIDENTIAL BRIEF OF DEFENDANTS-APPELLEES**

Charles K. Verhoeven
Kathleen M. Sullivan
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendants-Appellees*

moving target construction is impermissible, *see, e.g., Conoco*, 460 F.3d at 1358-59, and has no basis in the patent, which contains no indication of a reflective surface. Additionally, the existence of a raised frame in the 1994 Fidler tablet (as opposed to a potentially flat one in the D'889 design) does not distract from the substantial similarity in the overall visual appearance of the two designs, which are essentially unadorned, basic rectangular shapes designed to put emphasize a large flat front for viewing content. Thus, contrary to Apple's assertions (Br. 63), the 1994 Fidler tablet would not need "major modifications" to become the design claimed in the D'889 patent, and therefore it is an appropriate primary reference.

But even if the district court chose an improper primary reference, the record is replete with other prior art references disclosing a thin rectangular tablet shape with rounded corners dominated by a display screen with little, if any, ornamentation, including:



JP 1142127 (A4059; A4157-76.)

U.S. D337,569 (A4057; A4064; 4126-28.)



| | |
|---|---|
| JP 0887388 (A4058-59; A4147-55.) | U.S. D461,802 (A4057-58; A4130-37.) |
| U.S. 2004/0041504 (A8520.) | JP 0921403 (A4058; A4139-45.) |

(*See also* A4562; A4564.)  The district court acknowledged some of this prior art (A43 n.26), and was not required to designate any of them as primary references for them to be considered as such, *see Titan Tire*, 566 F.3d at 1381.  The district court, however, did not acknowledge any of Samsung's prior art that the court permitted to be filed after the preliminary injunction hearing (and thus is part of the record on appeal).  In particular, the references shown below all disclose a flat, thin monitor with a clear, glass-like front face and avoid any of the purported shortcomings in the prior art that Apple has identified.

55



| German Design Registration 40301867-0001 (A8540.) | Community Design 48061-0001 (A8517.) |
| --- | --- |
| Fiddler 1997 Blank Tablet (A8508-09; *see also* A8469-80.) | Fiddler 1997 Newspaper Tablet (A8511-15; *see also* A8469-83.) |

In light of the extensive prior art that could have served as a primary reference, the district court's obviousness ruling cannot be set aside on this ground.

### 2.   The HP Compaq TC1000 Is A Proper Secondary Reference

The district court chose the TC1000 as the secondary reference because it "contains a flat glass screen that covers the top surface of the tablet and a thin rim