# EXHIBIT 13

PTO Form 1957 (Rev 9/2005)
OMB No. 0651-0050 (Exp. 04/2009)

# Response to Office Action

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| SERIAL NUMBER | 85065521 |
| LAW OFFICE ASSIGNED | LAW OFFICE 103 |
| MARK SECTION (no change) | |
| ARGUMENT(S) | |

### Section 2(f) Refusal

In this application, Applicant Apple Inc. seeks to register the design of its "Home Screen" button as a distinctive product configuration.

The Home Screen button is trade dress shared by three of the most successful and celebrated consumer products in history -- the iPhone, the iPod Touch, and the iPad digital devices. It is the only visible physical control on the front faces of these devices. It is not an ordinary button, but a distinctive design consisting of a concave black circle, in the center of which appears the outline of a gray square with rounded corners. As such, it merits registration as distinctive trade dress for the goods identified in this application.

The Home Screen button has been a prominent, consistent, and unmistakable feature of Apple product design for five years, since Apple announced the first version of the iPhone device in January 2007. It has appeared on all five versions of the iPhone, on all four generations of the iPod Touch, and on both versions of the iPad.

In its original office action response, Apple demonstrated that the mark is entitled to registration on the basis of acquired distinctiveness for a variety of reasons, including the following:

- The distinctiveness of the Home Screen button design is already presumed, given that Apple already owns U.S. registration No. 3,470,983 of the iPhone configuration that incorporates the Home Screen button design.

- The image of the iPhone, iPad, and iPod touch devices, with the Home Screen button design clearly visible, has appeared in front-page news coverage of the products, and in extensive television and print advertising by Apple, by its telecommunications carriers, and by publishers of content that can be accessed on these devices.

- Apple has reinforced the trademark significance of the Home Screen button design by using the design as a trademark in advertising these products.

- The distinctive design elements of the Home Screen button design are visually distinctive and unquestionably unique to Apple products.

However, in the new office action, registration was refused for the following reasons:

- "The submitted evidence fails to show applicant has promoted the Home Button as a trademark … More specifically, applicant does not include any 'look for' advertisements that would signal to the public that the Home Button is promoted as a source indicator for the applicant's products".

- "Applicant is claiming the Home Button's circular design as a feature of the mark, which is a common shape for electronic buttons"

Apple respectfully disagrees with these conclusions, for the reasons set in this response.

An applicant can prove acquired distinctiveness either by making "[a] claim of ownership of one or more prior registrations on the Principal Register of the same mark for goods or services that are the same as or related to those named in the pending application", or by submitting "[a]ctual evidence of acquired distinctiveness ." TMEP § 1212.02. Apple has in fact already met both of these tests.

As documented in the previous office action response, Apple owns U.S. Registration No. 3,470,983 of the iPhone product configuration. See Exhibit A. That registration shows the iPhone device, including the Home Screen button in identical form to the mark in this application. It creates a presumption that the design of the iPhone depicted in the registration is distinctive, including the Home Screen button. The goods covered by the currently-pending application are essentially identical to those covered by Reg. No. 3,470,983:

> Handheld mobile digital electronic devices comprised of a mobile phone, digital audio and video player, handheld computer, personal digital assistant, electronic personal organizer, pocket computer for note-taking, electronic calendar, calculator, and camera, and capable of providing access to the internet and sending and receiving electronic mail, digital audio, video, text, images, graphics and multimedia files.

Under TMEP § 1212.02, this registration alone would be sufficient to establish the acquired distinctiveness of the Home Screen button, yet the office action does not address it.

The office action also asserts that "[t]he submitted evidence fails to show applicant has promoted the Home Button as a trademark", but that statement overlooks the previously-submitted evidence showing that Apple has indeed advertised and promoted the Home Screen button by itself as a mark. Specifically, Exhibit C of the prior office action response, which is reproduced here as Exhibit B, shows the Home Screen button being promoted as a prominent standalone mark, including:

- "Home Screen/The place to start. And return." (iPhone)

SAMNDCA00404148

- "Home Screen/There's no screen like Home." (iPod touch)

Apple's website promotion of its products has enormous reach, and the attached examples of Apple's use of the Home Screen button design unquestionably meet the requirement that Apple " show [that it] has promoted the Home Button as a trademark." For example, Nielsen ranked Apple as one of the top 10 web brands in 2011, with more than 61 million unique website visitors per month. See Exhibit C. Similarly, Alexa.com indicates that Apple's website is one of the most frequently visited among all websites in the U.S., outranked among corporate websites only by Bank of America, and outranking such high-traffic sites such as The New York Times, The Weather Channel, Flickr, Yelp, Hulu, and Groupon. See Exhibit C.

The office action also asserts that "applicant does not include any 'look for' advertisements that would signal to the public that the Home Button is promoted as a source indicator for the applicant's products".  If taken literally, this requirement seems to set an unreasonably high bar for any trade dress applicant, implying that Apple's advertising must actually explicitly say "Look for the Home Button on Apple products" in order to pass muster.  Needless to say, today's consumer advertising is more subtle and sophisticated than it was when the "look for" concept appeared in cases half a century ago, and advertisers need not hit the modern-day consumer over the head with such explicit messages. In fact, given the fame and ubiquity of Apple's iPhone, iPad, and iPod touch products, and the fact that the iPhone design is already recognized as a trademark, consumers would find it silly if Apple explicitly told them to "look for" a product design feature.  Fortunately, it's clear that today's case law does not require Apple to do so. For example, in Yankee Candle Co., Inc. v. Bridgewater Candle Co., LLC, 59 U.S.P.Q.2d 1720 (1st Cir. 2001), the Court stated:

> "Look-for" advertising is such that 'encourages consumers to identify the claimed trade dress with the particular producer.' In other words, it is advertising that specifically directs a consumer's attention to a particular aspect of the product."

That is exactly what Apple has done, and what the previously-submitted evidence shows – Apple encourages consumers to identify the Home Screen button design as a trademark by highlighting the design and the Home Screen feature in advertising. Thus, Apple has clearly already met the Examining Attorney's requirement that it " promote the Home Button as a trademark" and that it feature the mark in advertising that " signal[s] to the public that the Home Button is promoted as a source indicator for the applicant's products."

In any event, although the office action implies that "look for" advertising is a prerequisite to a finding of acquired distinctiveness, registration, the Board does not mandate such advertising. See, e.g., In re Black & Decker Corp., 81 U.S.P.Q.2d 1841 (T.T.A.B. 2006) (finding acquired distinctiveness and noting that "the absence of 'look for' advertising or promotion does not mean that consumers do not recognize the design as applicant's trademark"); Yamaha Int'l Corp. v. Hoshino Gakki Co., Ltd., 231 U.S.P.Q. 926, 934 (T.T.A.B. 1986) (finding that even in the absence of specific "look-for" advertising, advertising prominently displaying the product played "a source recognition role").

In Yamaha, 231 U.S.P.Q. at 934, the Board found persuasive applicant's advertising and promotional evidence that showed the proposed product configuration mark as "clearly prominent and visible" and "invariably in the public eye."  The Board found that the extensive

use of product pictures in advertising served "as a vehicle for stimulating recognition of [the proposed mark] and serv[ed] a source-recognition role." *Id.* As in *Yamaha*, Apple's previously-submitted evidence demonstrates that advertisements for the iPad, iPhone and iPod touch devices almost invariably prominently display the Home Screen button, prompting recognition of the mark by consumers. Apple has also already demonstrated the vast reach of this advertising, and the extensive news coverage. Thus, in the words of the *Yamaha* decision, the Home Screen button has been "invariably in the public eye."

The Home Screen button stands alone as the only visible control on the face of the iPad, iPhone and iPod touch devices. The visual power of the design was exemplified by the U.S. Patent and Trademark Office itself, which displayed an array of the images of 30 iPhone devices as part of its exhibit honoring Steve Jobs. See Exhibit D. As noted in Apple's advertising, the Home Screen button provides "one tap access" to everything on the device and is constantly used to switch between functions on the device as varied as calendar, email, music, Internet and so on. The Home Screen button is thus necessarily conspicuous and recognizable to every user of an Apple mobile device.

One need only compare Apple's products with the two devices noted in the Examining Attorney's November 19, 2010 office action to understand why the Home Screen button is already iconic. The faces of the T-Mobile G1 and Blackberry Torch 8900 bear numerous and variously shaped buttons, standing in stark contrast to the iPhone device. See Exhibit E.

The office action also notes the lack of "consumer affidavits indicating that members of the public recognize the proposed mark as an indicator of source of the goods." However, rather than soliciting affidavits from selected consumers, Apple has more convincing evidence – unsolicited comments showing that the public recognizes the Home Screen button design as a key element identifying an Apple product. For example, when rumors circulated speculating that Apple might remove the Home Screen button from its products, a blogger stated that the Home Screen button is "one of the most recognizable parts of Apple design", and "the square icon on a circular button is part of the iconic look of Apple mobile devices." See Exhibit F. Such unsolicited comments are persuasive evidence that the public regards the Home Screen button design as a unique signal of an Apple product. *See In re Van Valkenburgh*, 97 U.S.P.Q.2d 1757 (T.T.A.B. 2011) (noting that unsolicited publicity identifying the product design as a trademark would be "probative that readers, authors, and others in the [relevant] field identified the [proposed mark] as a trademark").

The Examining Attorney also states that a round button design "is a common shape for electronic buttons" and refers to materials provided in the November 19, 2010 Office Action. However, while competing manufacturers of mobile devices and tablet computers may use a button to assist navigation to a main screen, none replicate the unique appearance of the Home Screen button. The two examples provided by the Examining Attorney confirm that Apple's design is a distinctive source-identifier. The T-Mobile G1 uses an outline drawing of a house as one button among several others, including buttons with green and red telephone handpiece images and a left-pointing arrow. The Blackberry Torch 8900 uses a number of buttons, including a black square button outlined with a metallic silver rim and several other images with no distinct button outline at all—green and red telephone handpieces and a cluster of seven dots. None of the examples consist of a black circle surrounding an outlined gray square with rounded corners.

In sum, Apple's Home Screen button is a distinctive design element tying together Apple's family of mobile devices. Apple has shown, in its previous office action response and now in this response, that its mark merits registration. For all of the foregoing reasons, Apple respectfully requests that the Examining Attorney withdraw the Section 2(f) refusal, and approve this application for publication.

| EVIDENCE SECTION | |
|---|---|
| **EVIDENCE FILE NAME(S)** | |
| ORIGINAL PDF FILE | evi_2041552263-201134561_._EXHIBITS_A-C.pdf |
| CONVERTED PDF FILE(S) (39 pages) | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0002.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0003.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0004.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0005.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0006.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0007.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0008.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0009.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0010.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0011.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0012.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0013.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0014.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0015.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0016.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0017.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0018.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0019.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0020.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0021.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0022.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0023.JPG |

| | |
|---|---|
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0024.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0025.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0026.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0027.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0028.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0029.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0030.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0031.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0032.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0033.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0034.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0035.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0036.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0037.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0038.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0039.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0040.JPG |
| **ORIGINAL PDF FILE** | evi_2041552263-201134561_._EXHIBITS_D-F.pdf |
| **CONVERTED PDF FILE(S)** (11 pages) | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0041.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0042.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0043.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0044.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0045.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0046.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0047.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0048.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0049.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0050.JPG |
| | \\TICRS\EXPORT11\IMAGEOUT11\850\655\85065521\xml9\ROA0051.JPG |

| | |
|---|---|
| **DESCRIPTION OF EVIDENCE FILE** | Exhibit A - Registration of the iPhone product configuration Exhibit B - Pages from Applicant's website Exhibit C - Articles regarding Applicant's website Exhibit D - Articles regarding exhibit at the U.S. Patent and Trademark Office displaying Applicant's products Exhibit E - Images of third party smart phones Exhibit F - Article regarding Applicant's products |

**ADDITIONAL STATEMENTS SECTION**

| | |
|---|---|
| **DESCRIPTION OF THE MARK** (and Color Location, if applicable) | The mark consists of the configuration of a concave circular black button on the face of a handheld mobile digital electronic device, with the outline of a gray square with rounded corners appearing in the center of the button. |

**SIGNATURE SECTION**

| | |
|---|---|
| **RESPONSE SIGNATURE** | /Lisa G. Widup/ |
| **SIGNATORY'S NAME** | Lisa G. Widup |
| **SIGNATORY'S POSITION** | Attorney of record, California bar member |
| **DATE SIGNED** | 02/27/2012 |
| **AUTHORIZED SIGNATORY** | YES |

**FILING INFORMATION SECTION**

| | |
|---|---|
| **SUBMIT DATE** | Mon Feb 27 20:40:22 EST 2012 |
| **TEAS STAMP** | USPTO/ROA-204.155.226.3-2 0120227204022514629-85065 521-4904789babeb8d1fbd2db 3c98d25789e1-N/A-N/A-2012 0227201134561453 |

PTO Form 1957 (Rev 9/2005)
OMB No. 0651-0050 (Exp. 04/2009)

# Response to Office Action

## To the Commissioner for Trademarks:

Application serial no. **85065521** has been amended as follows:

**ARGUMENT(S)**
**In response to the substantive refusal(s), please note the following:**

**Section 2(f) Refusal**

SAMNDCA00404153

In this application, Applicant Apple Inc. seeks to register the design of its "Home Screen" button as a distinctive product configuration.

The Home Screen button is trade dress shared by three of the most successful and celebrated consumer products in history -- the iPhone, the iPod Touch, and the iPad digital devices. It is the only visible physical control on the front faces of these devices. It is not an ordinary button, but a distinctive design consisting of a concave black circle, in the center of which appears the outline of a gray square with rounded corners. As such, it merits registration as distinctive trade dress for the goods identified in this application.

The Home Screen button has been a prominent, consistent, and unmistakable feature of Apple product design for five years, since Apple announced the first version of the iPhone device in January 2007. It has appeared on all five versions of the iPhone, on all four generations of the iPod Touch, and on both versions of the iPad.

In its original office action response, Apple demonstrated that the mark is entitled to registration on the basis of acquired distinctiveness for a variety of reasons, including the following:

- The distinctiveness of the Home Screen button design is already presumed, given that Apple already owns U.S. registration No. 3,470,983 of the iPhone configuration that incorporates the Home Screen button design.

- The image of the iPhone, iPad, and iPod touch devices, with the Home Screen button design clearly visible, has appeared in front-page news coverage of the products, and in extensive television and print advertising by Apple, by its telecommunications carriers, and by publishers of content that can be accessed on these devices.

  · Apple has reinforced the trademark significance of the Home Screen button design by using the design as a trademark in advertising these products.

  · The distinctive design elements of the Home Screen button design are visually distinctive and unquestionably unique to Apple products.

However, in the new office action, registration was refused for the following reasons:

  · "The submitted evidence fails to show applicant has promoted the Home Button as a trademark ... More specifically, applicant does not include any 'look for' advertisements that would signal to the public that the Home Button is promoted as a source indicator for the applicant's products".

- "Applicant is claiming the Home Button's circular design as a feature of the mark, which is a common shape for electronic buttons"

Apple respectfully disagrees with these conclusions, for the reasons set in this response.

An applicant can prove acquired distinctiveness either by making "[a] claim of ownership of one or more prior registrations on the Principal Register of the same mark for goods or services that

are the same as or related to those named in the pending application", or by submitting "[a]ctual evidence of acquired distinctiveness." TMEP § 1212.02. Apple has in fact already met both of these tests.

As documented in the previous office action response, Apple owns U.S. Registration No. 3,470,983 of the iPhone product configuration. See Exhibit A. That registration shows the iPhone device, including the Home Screen button in identical form to the mark in this application. It creates a presumption that the design of the iPhone depicted in the registration is distinctive, including the Home Screen button. The goods covered by the currently-pending application are essentially identical to those covered by Reg. No. 3,470,983:

> Handheld mobile digital electronic devices comprised of a mobile phone, digital audio and video player, handheld computer, personal digital assistant, electronic personal organizer, pocket computer for note-taking, electronic calendar, calculator, and camera, and capable of providing access to the internet and sending and receiving electronic mail, digital audio, video, text, images, graphics and multimedia files.

Under TMEP § 1212.02, this registration alone would be sufficient to establish the acquired distinctiveness of the Home Screen button, yet the office action does not address it.

The office action also asserts that "[t]he submitted evidence fails to show applicant has promoted the Home Button as a trademark", but that statement overlooks the previously-submitted evidence showing that Apple has indeed advertised and promoted the Home Screen button by itself as a mark. Specifically, Exhibit C of the prior office action response, which is reproduced here as Exhibit B, shows the Home Screen button being promoted as a prominent standalone mark, including:

- "Home Screen/The place to start. And return." (iPhone)
- "Home Screen/There's no screen like Home." (iPod touch)

Apple's website promotion of its products has enormous reach, and the attached examples of Apple's use of the Home Screen button design unquestionably meet the requirement that Apple " show [that it] has promoted the Home Button as a trademark." For example, Nielsen ranked Apple as one of the top 10 web brands in 2011, with more than 61 million unique website visitors per month. See Exhibit C. Similarly, Alexa.com indicates that Apple's website is one of the most frequently visited among all websites in the U.S., outranked among corporate websites only by Bank of America, and outranking such high-traffic sites such as The New York Times, The Weather Channel, Flickr, Yelp, Hulu, and Groupon. See Exhibit C.

The office action also asserts that "applicant does not include any 'look for' advertisements that would signal to the public that the Home Button is promoted as a source indicator for the applicant's products". If taken literally, this requirement seems to set an unreasonably high bar for any trade dress applicant, implying that Apple's advertising must actually explicitly say "Look for the Home Button on Apple products" in order to pass muster. Needless to say, today's consumer advertising is more subtle and sophisticated than it was when the "look for" concept appeared in cases half a century ago, and advertisers need not hit the modern-day consumer over the head with such explicit messages. In fact, given the fame and ubiquity of Apple's iPhone, iPad, and iPod touch products, and the fact that the iPhone design is already

SAMNDCA00404155

recognized as a trademark, consumers would find it silly if Apple explicitly told them to "look for" a product design feature. Fortunately, it's clear that today's case law does not require Apple to do so. For example, in Yankee Candle Co., Inc. v. Bridgewater Candle Co., LLC, 59 U.S.P.Q.2d 1720 (1st Cir. 2001), the Court stated:

> "Look-for" advertising is such that 'encourages consumers to identify the claimed trade dress with the particular producer.' In other words, it is advertising that specifically directs a consumer's attention to a particular aspect of the product."

That is exactly what Apple has done, and what the previously-submitted evidence shows – Apple encourages consumers to identify the Home Screen button design as a trademark by highlighting the design and the Home Screen feature in advertising. Thus, Apple has clearly already met the Examining Attorney's requirement that it " promote the Home Button as a trademark" and that it feature the mark in advertising that " signal[s] to the public that the Home Button is promoted as a source indicator for the applicant's products."

In any event, although the office action implies that "look for" advertising is a prerequisite to a finding of acquired distinctiveness, registration, the Board does not mandate such advertising. *See, e.g.*, *In re Black & Decker Corp.*, 81 U.S.P.Q.2d 1841 (T.T.A.B. 2006) (finding acquired distinctiveness and noting that "the absence of 'look for' advertising or promotion does not mean that consumers do not recognize the design as applicant's trademark"); *Yamaha Int'l Corp. v. Hoshino Gakki Co., Ltd.*, 231 U.S.P.Q. 926, 934 (T.T.A.B. 1986) (finding that even in the absence of specific "look-for" advertising, advertising prominently displaying the product played "a source recognition role").

In *Yamaha*, 231 U.S.P.Q. at 934, the Board found persuasive applicant's advertising and promotional evidence that showed the proposed product configuration mark as "clearly prominent and visible" and "invariably in the public eye."  The Board found that the extensive use of product pictures in advertising served "as a vehicle for stimulating recognition of [the proposed mark] and serv[ed] a source-recognition role." *Id.* As in *Yamaha*, Apple's previously-submitted evidence demonstrates that advertisements for the iPad, iPhone and iPod touch devices almost invariably prominently display the Home Screen button, prompting recognition of the mark by consumers. Apple has also already demonstrated the vast reach of this advertising, and the extensive news coverage. Thus, in the words of the *Yamaha* decision, the Home Screen button has been "invariably in the public eye."

The Home Screen button stands alone as the only visible control on the face of the iPad, iPhone and iPod touch devices. The visual power of the design was exemplified by the U.S. Patent and Trademark Office itself, which displayed an array of the images of 30 iPhone devices as part of its exhibit honoring Steve Jobs. See Exhibit D. As noted in Apple's advertising, the Home Screen button provides "one tap access" to everything on the device and is constantly used to switch between functions on the device as varied as calendar, email, music, Internet and so on. The Home Screen button is thus necessarily conspicuous and recognizable to every user of an Apple mobile device.

One need only compare Apple's products with the two devices noted in the Examining Attorney's November 19, 2010 office action to understand why the Home Screen button is already iconic. The faces of the T-Mobile G1 and Blackberry Torch 8900 bear numerous and variously shaped buttons, standing in stark contrast to the iPhone device. See Exhibit E.

The office action also notes the lack of "consumer affidavits indicating that members of the public recognize the proposed mark as an indicator of source of the goods." However, rather than soliciting affidavits from selected consumers, Apple has more convincing evidence – unsolicited comments showing that the public recognizes the Home Screen button design as a key element identifying an Apple product. For example, when rumors circulated speculating that Apple might remove the Home Screen button from its products, a blogger stated that the Home Screen button is "one of the most recognizable parts of Apple design", and "the square icon on a circular button is part of the iconic look of Apple mobile devices." See Exhibit F. Such unsolicited comments are persuasive evidence that the public regards the Home Screen button design as a unique signal of an Apple product. See In re Van Valkenburgh, 97 U.S.P.Q.2d 1757 (T.T.A.B. 2011) (noting that unsolicited publicity identifying the product design as a trademark would be "probative that readers, authors, and others in the [relevant] field identified the [proposed mark] as a trademark").

The Examining Attorney also states that a round button design "is a common shape for electronic buttons" and refers to materials provided in the November 19, 2010 Office Action. However, while competing manufacturers of mobile devices and tablet computers may use a button to assist navigation to a main screen, none replicate the unique appearance of the Home Screen button. The two examples provided by the Examining Attorney confirm that Apple's design is a distinctive source-identifier. The T-Mobile G1 uses an outline drawing of a house as one button among several others, including buttons with green and red telephone handpiece images and a left-pointing arrow. The Blackberry Torch 8900 uses a number of buttons, including a black square button outlined with a metallic silver rim and several other images with no distinct button outline at all—green and red telephone handpieces and a cluster of seven dots. None of the examples consist of a black circle surrounding an outlined gray square with rounded corners.

In sum, Apple's Home Screen button is a distinctive design element tying together Apple's family of mobile devices. Apple has shown, in its previous office action response and now in this response, that its mark merits registration. For all of the foregoing reasons, Apple respectfully requests that the Examining Attorney withdraw the Section 2(f) refusal, and approve this application for publication.

**EVIDENCE**
Evidence in the nature of Exhibit A - Registration of the iPhone product configuration Exhibit B - Pages from Applicant's website Exhibit C - Articles regarding Applicant's website Exhibit D - Articles regarding exhibit at the U.S. Patent and Trademark Office displaying Applicant's products Exhibit E - Images of third party smart phones Exhibit F - Article regarding Applicant's products has been attached.
**Original PDF file:**
evi_2041552263-201134561_._EXHIBITS_A-C.pdf
**Converted PDF file(s)** (39 pages)
Evidence-1
Evidence-2
Evidence-3
Evidence-4
Evidence-5

SAMNDCA00404157

Evidence-6
Evidence-7
Evidence-8
Evidence-9
Evidence-10
Evidence-11
Evidence-12
Evidence-13
Evidence-14
Evidence-15
Evidence-16
Evidence-17
Evidence-18
Evidence-19
Evidence-20
Evidence-21
Evidence-22
Evidence-23
Evidence-24
Evidence-25
Evidence-26
Evidence-27
Evidence-28
Evidence-29
Evidence-30
Evidence-31
Evidence-32
Evidence-33
Evidence-34
Evidence-35
Evidence-36
Evidence-37
Evidence-38
Evidence-39
**Original PDF file:**
evi_2041552263-201134561_._EXHIBITS_D-F.pdf
**Converted PDF file(s)** (11 pages)
Evidence-1
Evidence-2
Evidence-3
Evidence-4
Evidence-5
Evidence-6
Evidence-7
Evidence-8
Evidence-9
Evidence-10

Evidence-11

## ADDITIONAL STATEMENTS
**Description of mark**
The mark consists of the configuration of a concave circular black button on the face of a handheld mobile digital electronic device, with the outline of a gray square with rounded corners appearing in the center of the button.

## SIGNATURE(S)
**Response Signature**
Signature: /Lisa G. Widup/     Date: 02/27/2012
Signatory's Name: Lisa G. Widup
Signatory's Position: Attorney of record, California bar member

The signatory has confirmed that he/she is an attorney who is a member in good standing of the bar of the highest court of a U.S. state, which includes the District of Columbia, Puerto Rico, and other federal territories and possessions; and he/she is currently the applicant's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S. attorney or a Canadian attorney/agent not currently associated with his/her company/firm previously represented the applicant in this matter: (1) the applicant has filed or is concurrently filing a signed revocation of or substitute power of attorney with the USPTO; (2) the USPTO has granted the request of the prior representative to withdraw; (3) the applicant has filed a power of attorney appointing him/her in this matter; or (4) the applicant's appointed U.S. attorney or Canadian attorney/agent has filed a power of attorney appointing him/her as an associate attorney in this matter.

Serial Number: 85065521
Internet Transmission Date: Mon Feb 27 20:40:22 EST 2012
TEAS Stamp: USPTO/ROA-204.155.226.3-2012022720402251
4629-85065521-4904789babeb8d1fbd2db3c98d
25789e1-N/A-N/A-20120227201134561453