| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>JENNIFER LEE TAYLOR (CA SBN 161368)<br>jtaylor@mofo.com<br>ALISON M. TUCHER (CA SBN 171363)<br>atucher@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>JASON R. BARTLETT (CA SBN 214530)<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>             Defendants. | Case No.    11-cv-01846-LHK (PSG)<br><br>**APPLE'S MOTION TO STRIKE SAMSUNG'S OPPOSITION TO NOTICE OF MOTION FOR CLARIFICATION OF APRIL 12, 2012 ORDER** |

1   Apple's motion for administrative relief for clarification of the April 12 Order has already
2   been fully briefed, and Samsung's unauthorized "Opposition to Notice of Motion" (Dkt.
3   No. 1040) should be stricken as an improper attempt to oppose the motion for a second time.

4   Apple moved to clarify the April 12 Order on April 27 (Dkt. No. 885) and Samsung
5   opposed on April 30 (Dkt. 892). For the reasons already discussed in Apple's reply (Dkt.
6   No. 894) Apple's motion was properly styled an administrative motion, and Samsung's *original*
7   opposition was timely filed. (*See* Local R. 7-11(b) (Opposition "must be filed no later than
8   4 days after" administrative motion.) The rules do not allow Samsung to file a second opposition
9   now.

10   When Apple received Samsung's recent filing alleging that Apple's notice of this motion
11   was a scheme to give Apple an extra brief and hence a "double helping of this Court's resources,"
12   Apple wrote to Samsung to clear up its misconception. (Mazza Decl. Ex. A.) Under Local Rule
13   7-11(c), a hearing on a motion for administrative relief may be set by order of the Court, and
14   Apple filed its notice on May 22 at the Court's request. (*Id*.) Apple agreed not to file this brief if
15   Samsung were to withdraw its second opposition. Samsung refused. (Mazza Decl. Ex. B.)

16   If the Court does not strike Samsung's second opposition brief, Apple requests that this
17   brief be accepted in reply. Apple will not address the majority of the arguments in Samsung's
18   second opposition because they have already been addressed in prior filings (*see* Dkt. Nos. 885,
19   892, 884, 965, 968, 1041 and 1042), but instead provides this update on the status of its
20   production of documents from related cases:

21   • Apple has produced unredacted versions of all court documents from the *Motorola*
22     matters—including district court and ITC matters—with the exception of documents
23     containing Confidential Business Information of nine nonparties who have not
24     responded to Apple's multiple requests for consent or have affirmatively refused to
25     consent. (Mazza Decl. ¶ 4.) Apple has produced *redacted* versions of these remaining
26     *Motorola* documents involving nine nonparties' CBI, with the exception of fifteen
27     documents that were withheld in their entirety because they could not meaningfully be
28     redacted. Counsel for Apple sent Samsung a list of those fifteen documents,

identifying the third party involved in each.  (*Id.*.)

- Apple has produced unredacted versions of all court documents from the *Apple v. HTC* case pending in the District of Delaware, with the exception of four documents containing Google CBI, to which production Google has objected.  Apple has produced redacted versions of those four documents.  (*Id.* ¶ 5.)

- After having given Elan notice and an opportunity to seek a protective order, Apple has now produced unredacted versions of *all* court documents from the *Elan v. Apple* case litigated in the Northern District of California.  (*Id.* ¶ 6.)

- Outside counsel for Apple in the *Elan* ITC investigation prepared a proposed redacted set of the confidential documents from that matter and provided it to counsel for Elan. Elan has requested more time to review the confidential documents before they may be provided to counsel for Apple or Samsung in this matter.  Outside counsel for Apple in the *Elan* matter therefore has declined to provide the confidential documents for production to Samsung at this time.  (*Id.* ¶ 7.)

In its second opposition brief, Samsung once again does not dispute that Apple is unable to produce unredacted versions of the remaining materials without violating protective orders. Samsung once again does not dispute that Apple *does not even have access* to the unredacted documents at issue because Apple's outside counsel is forbidden to provide Apple access to them. Samsung does not dispute that Apple has produced documents to the fullest extent possible within the confines of the law.  Once again, Samsung does not even *request* that Apple be compelled to produce unredacted documents in violation of protective orders.  Apple is aware of no other steps that it could take to comply with the April 12 Order, and Samsung suggests none.

Dated: June 12, 2012                           MORRISON & FOERSTER LLP


                                               By:    */s/ Jason R. Bartlett*
                                                      Jason R. Bartlett

                                                      Attorneys for Plaintiff
                                                      APPLE INC.

APPLE'S MOT. TO STRIKE OPP. TO NOTICE OF MOT. FOR CLARIFICATION OF APRIL 12, 2012 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3142580

2