QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S REPLY BRIEF IN SUPPORT OF MOTION TO ENFORCE APRIL 12 ORDER**<br><br>Date:    June 21, 2012<br>Time:    10:00 a.m.<br>Place:   Courtroom 5, 4th Floor<br>Judge:   Hon. Paul S. Grewal |

## I. PRELIMINARY STATEMENT

Samsung has brought a motion to *enforce* the Court's April 12 Order, not a motion to compel. As such, Apple's attempts to relitigate whether it should be required to produce the related materials and witnesses for deposition as required under the April 12 order have no relevance here.

Apple must be forced to comply with the April 12 Order. Apple attempts to excuse its failure to provide the depositions by downplaying the relevance of the 34,000 pages of deposition testimony it withheld throughout discovery. Specifically, Apple contends it intentionally produced irrelevant deposition transcripts such that the number of "relevant" deposition transcripts is actually lower. But the Court has already held that Apple employee deposition transcripts from cases with a technological nexus are relevant.

Further, the Court has already held that Samsung was prejudiced by Apple's misconduct and ordered that Samsung is entitled to take five depositions not to exceed a total of 10 hours. Rather than simply complying, Apple now attempts to relitigate the Order by creating a host of supposed limitations that it claims makes Samsung's deposition choices improper, and to pre-try the case by arguing about how relevant each of the witnesses is likely to be. This Court need not follow Apple into all this quicksand. None of these arguments have any support in the April 12 Order. The Order said Samsung gets five witnesses and that means Samsung gets five witnesses.

Samsung is also entitled to the production of all remaining documents Apple is withholding from the cases with a technological nexus. Apple admits it still has not produced them, and it has never shown it was unable to produce them. Indeed, the record reflects only very lukewarm efforts by Apple to obtain the third-party consents it claims prevent it from complying with the Court's directive. Also, to the extent that such consent is still required, Samsung has offered a simple solution, to redact any CBI and produce the redacted versions, so that Samsung may view non-CBI portions of the documents and assist in obtaining any information that is still needed. But Apple has perverted this process, preparing the redactions but then refusing to produce them anyway. Apple should be required to produce all redacted versions to Samsung

immediately, and to meet and confer, in good faith, to resolve any remaining third-party confidentiality issues.

## II. ARGUMENT

### A. Section B.1. of the Court's Order Requiring Apple to Produce Five Witnesses for Deposition Should be Enforced

Apple does not deny that it has violated the Court's Order by failing to produce the five deponents.[1] Instead, it offers two excuses: that Samsung's request is untimely and that the depositions would not remedy any prejudice experienced by Samsung. Neither argument is persuasive.

#### 1. Apple's Timeliness Objection is Unreasonable And Belied By The Facts

Apple does not tell this Court it could not present these witnesses for deposition by May 10 as the Court required. These were short depositions and at least one or two of the deponents could certainly have been prepared and deposed on the 10th. Apple has offered no evidence that it ever attempted to schedule even one of the depositions. Indeed, the many "reminders" Apple sent Samsung – starting several weeks before Apple would even complete its production of the transcripts – were sent to create the argument that Samsung had had plenty of time to identify witnesses, even though Apple had completely buried Samsung in the avalanche of evidence it had systematically withheld in violation of the Court's Order.

Apple's refusal to stipulate to extend the deadline by one week shows that scheduling problems were not the reason the depositions did not take place. If that had been the real problem, this would have been the logical solution. Apple refused because it did not want the depositions to go forward at all, and it seeks to mischaracterize Samsung's offer as "ignor[ing] the Court's deadline" so as to justify its unreasonable refusal to cooperate.[2] But Samsung's proposed stipulation would not have "ignore[d]" the Court's deadline; it would have asked the Court to grant relief to the witness or witnesses needing more time for preparation. Ignoring the Court's deadline is what Apple did when it failed to produce the transcripts by April 27, and when it failed

---

[1] Apple's Opposition to Samsung's Motion to Enforce, Dkt. No. 1041 at 3:19-24.
[2] *Id.* at 1:15-16.

to produce the witnesses for deposition by May 10.[3]  Moreover, the deadline in the order was set for the benefit of Samsung, to prevent Apple from withholding witnesses.

Samsung identified the deponents as soon as it could reasonably do so.  Since the Order intended the depositions to mitigate the prejudice Apple caused Samsung by withholding the deposition transcripts, Samsung had to review and analyze over 34,000 pages in just a few days so it could factor this new information into its selections.[4]  Apple never revealed that it was holding almost all of the transcripts responsive to the December 22 Order, so the Court likely did not anticipate such a large volume of materials when it set the deposition schedule.  It is indeed ironic that Apple simultaneously criticizes Samsung for not identifying deponents Apple contends are related to the prejudice resulting from the withholding of transcripts, while at the same time asserting that Samsung should have made its selections before Apple even produced the transcripts.  Apple cannot have it both ways.

The timing of Samsung's identification of witnesses is also reasonable given that Apple has repeatedly failed to narrow its case in a timely manner.  Apple claims that the Court's Order did not require that Apple narrow its claims, but that is beside the point.  At the time the April 12 Order issued, Apple was required to file its portion of the Joint Case Management Conference statement well in advance of the May 10, 2012 deadline to produce the deponents.  However, on May 2, 2012, after the parties submitted their Joint Status Report, Judge Koh ordered that the case be "sufficiently narrow[ed]" by May 7, 2012 or else Apple would lose its July trial date.[5]  Samsung should not have been forced to identify their deponents prior to this further case narrowing.  Otherwise, Samsung could choose deponents who would no longer be relevant to this litigation, which would do absolutely nothing to remedy the prejudice experienced by Samsung

---

[3]  Apple did not complete its production on April 21, 2012 as it has claimed.  It has continued to produce deposition transcripts well into the month of June.  For example, Apple produced five additional deposition transcripts on May 31, 2012 and June 7, 2012.  Declaration of Diane C. Hutnyan ("Hutnyan Decl."), ¶ 2.  Apple should not be heard to complain about the timeliness of Samsung's selections, when it did not even meet the production deadline.

[4]  *See* Hutnyan Declaration in Support of Motion to Enforce April 12 Order, Dkt. No. 965-2, ¶ 3.

[5]  Minute Order and Case Management Order, Dkt. No. 901 at 1:17-19.

from Apple's failure to produce these deposition transcripts (and according to Apple, would thus automatically violate the Court's order for that very reason).[6]

### 2. The Depositions Noticed are Reasonably Tied to the Prejudice Experienced by Samsung

Apple further claims that none of the deponents are "tied to the production" of the deposition transcripts. The Court's April 12 Order does not contain any such limitation. It ordered that Samsung is entitled to take five depositions not to exceed a total time of 10 hours.[7] The Court specifically found that Samsung was prejudiced by Apple's failure to produce these depositions and that Samsung is entitled to these depositions to mitigate that prejudice.[8]

Besides, the suggestion that more deposition time – with *any* relevant deponent – will not help to mitigate the prejudice caused by Apple's misconduct is absurd. First of all, there was a strict 250-hour limit on deposition time with Apple's witnesses. Every fact that was sitting in an unproduced transcript – even if Samsung knew to, or speculated that it should try to, elicit it – had to be elicited again in this action, using up Samsung's time allocation. And even putting aside whether the facts in the unproduced transcripts could completely alleviate the need to collect that testimony, Samsung's inability to use the unproduced transcripts at deposition (for example, to present a witness with his previous testimony, to refresh his recollection, or to prevent him from testifying inconsistently or from wasting time as Samsung's counsel established foundational facts) wasted more of Samsung's allocation. It is undisputed that Apple withheld 34 transcripts just from inventors on the patents-in-suit, so the time wasted just on account of these transcripts surely amounted to more than ten hours.[9]

And this is just the beginning. Had Samsung had these transcripts in January, it would have been able to use them to identify other witnesses and to seek other documents in discovery. Apple's misconduct further prejudiced Samsung's case because it was not afforded these

---

[6] Samsung provided the list of deponents almost immediately after Apple filed its narrowing statement.
[7] April 12, 2012 Order, Dkt. No. 867 at 10:6-13.
[8] *Id.*
[9] Declaration of Diane C. Hutnyan in Support of Motion for Rule 37 Sanctions, Dkt. No. 968-1, ¶ 1; Apple's Opposition to Samsung's Motion for Rule 37 Sanctions, Dkt. No. 1042 at 9:24-27.

opportunities. Apple argues that Samsung could not have been prejudiced by Apple's failure to produce 80 transcripts from the ITC 796 Investigation, or the 106 transcripts from the HTC and Motorola cases.[10] But while Samsung, or its counsel, had access to those transcripts for use in those cases, Samsung's experts could not use the facts and admissions in these transcripts during the many weeks they were preparing their opinions in this case.[11] The same was true of the many other transcripts Apple withheld that had been taken in 11 more cases with a technological nexus, and having been deprived of these facts and admissions all throughout fact and expert discovery, Samsung was unable to use this evidence effectively for its dispositive motions. There is thus no question that the five deponents would assist in mitigating the extreme prejudice caused by Apple's discovery misconduct and all the more so because each of the individuals is reasonably tied to the newly produced deposition transcripts, as described in Samsung's motion.[12]

From pages 6 through 11 of its opposition, Apple invites Samsung and this Court to engage in argument about: (1) the supposed merits of each witness, (2) the extent to which Samsung should have been aware of other references to similar facts throughout discovery, (3) which cases Samsung accurately identified as having a technological nexus, (4) how Apple's admitted refusal to produce an MSJ declarant for deposition was somehow mitigated by its offer of some other witness, and (5) the details of how, whether and when various witnesses were deposed or noticed. But none of this is necessary. The Court's Order contemplated a simple remedy whereby Samsung picked five deponents and Apple provided them. Had the Court seen fit to litigate each of Samsung's choices, it would have put restrictions into the order.

Apple attempts to minimize the relevance of the transcripts produced by noting that many of those finally produced were of witnesses not taken in this case, or not testifying on "technical" matters. But these arguments were rejected by the Court in its April 12 Order. The Court noted

---

[10] Dkt. No. 1041 at 6:7-11.
[11] In fact, even after Samsung's motion to enforce was granted, Apple still made sure this evidence could not be used by the experts. Apple waited for several days until the evening before Samsung's rebuttal expert reports to simply "deem" the ITC 796 transcripts produced. Apple withheld the rest of the other transcripts it produced in response to the April 12 Order until at least April 17, the day after Samsung's rebuttal expert reports were due. Hutnyan Decl. ¶ 3, Exh. A.
[12] Samsung's Motion to Enforce April 12 Order, Dkt. No. 965, Part A.2.

1  that the December 22 Order "did not limit Apple's obligation to produce transcripts to witnesses
2  set to testify in this case or to witnesses testifying on technical matters. Apple must produce all
3  relevant deposition transcripts based on the standard that it itself proffered."[13]  All of the ordered
4  transcripts were relevant and Apple's decision to wrongfully withhold them negatively impacted
5  Samsung's case.

6  Apple's claim that it produced dozens of irrelevant transcripts out of an abundance of
7  caution is implausible.  On April 22, 2012, counsel for Apple sent a letter "advis[ing] Samsung
8  that it has completed its production of deposition transcripts pursuant to Part B.1 of the Court's
9  April 12, 2012 Order."[14]  Apple then stated that the production pursuant to the Court Order
10 included transcripts of Apple employee depositions in multiple cases including the Nokia ITC 701
11 Investigation, the HTC ITC 710 Investigation, and the QRG litigation in Maryland, the cases
12 which Apple now claims do not bear a technological nexus to this action.[15]

**B.  Apple Should be Required to Produce Redacted Copies of All Related Materials and Meet and Confer with Samsung Regarding Production of Unredacted Copies of Certain Documents**

15 There is no dispute that Apple has still failed to "produce the unredacted court documents"
16 from the eight cases that Samsung had identified.  Just yesterday, Apple affirmed that it was still
17 withholding certain responsive materials[16] and other responsive materials beyond that are missing
18 as well.[17]

19 Moreover, Apple has failed to make any showing that it is unable to produce the
20 outstanding materials.  For weeks, Samsung has been asking for that proof and the only
21 information it has received displays a startling lack of effort.  The form letters Apple sent to third
22 parties a couple of days before the compliance deadline are seemingly designed to make it difficult
23 for a third party to agree.  They contain no information about what third-party CBI is implicated
24 and instead seek the third party's instant and complete agreement to blanket authorization for the

---

[13] Dkt. No. 867 at 9:16-20.
[14] Hutnyan Decl. ¶ 4, Exh. B.
[15] *Id.*
[16] Hutnyan Decl. ¶ 5, Exh. C.
[17] Hutnyan Decl. ¶ 6, Exh. D.

production of "all" court documents in the entire case. It has now been six weeks since these letters were sent and no third party has chosen to intervene, and there is no evidence that Apple has attempted to do anything to close the loop with these third parties, other than the very conclusory statements in the declaration submitted with Apple's opposition brief, such as: "Counsel for Apple in the Elan matters continues to seek Elan's consent for the production of unredacted versions of these documents to counsel for Samsung."[18] Most of the declaration, in fact, is aimed at making a big show of what has been produced, but the issue on this motion is what has *not* been produced, and the declaration says almost nothing on this issue.

Apple's other efforts have been similarly weak. Apple keeps pointing to its motion to the ITC to redesignate all third-party CBI in four different investigations, but it is unlikely to be granted because it is seeking the same blanket authorization for more than a dozen third parties and all based on the same unparticularized showing that it made to those third parties.[19]

As further evidence of its supposed efforts to produce the materials, Apple now claims it has prepared redacted versions of some of the outstanding materials, but this is just a red herring. Apple has admitted that it did not produce the redacted versions to Samsung. Instead, it went back to the same third parties it already burdened with a request for blanket authorization and asked them to approve production of the redacted versions! Also, according to Apple's supporting declaration, Apple's counsel did not even try to expedite this process. Instead, it "allowed counsel for Elan until June 11, 2012" to make those corrections and it "provid[ed ten other nonparties] until June 6, 2012 to object to the production of redacted documents."[20] Apple does not provide any explanation for this leisurely approach to producing the materials, nor does it explain why it did not start this process weeks ago, when Samsung first requested it. Finally, it is unclear why the redacted materials must make a detour back through the unmotivated third parties at all.

---

[18] Declaration of Mia Mazza in Support of Apple's Opposition to Samsung's Motion to Enforce April 12 Order, Dkt. No. 1041-5 ¶ 13.
[19] Apple's Motion to Produce Confidential Information in District Court Proceedings, Dkt. No. 887-21.
[20] Mazza Declaration, Dkt. No. 1041-5 at ¶¶ 13-14.

Presumably, Apple was trusted to redact third-party CBI in all of these underlying cases and it should be able to do that now, without adding an approval step.

Unless Samsung finds that it can live with the redactions, Apple should be required to meet and confer with Samsung in order to resolve any third party issues as quickly as possible. Apple need not "monitor ongoing litigation" or "continuously send out letters." According to Apple, not that many outstanding documents remain, and this is the fastest way to resolve any remaining issues. Nor is there anything "ironic" about Samsung's request to meet and confer. The "negotiation" Apple "attempted to engage" Samsung in back in mid-April had nothing to do with resolving confidentiality issues. At that point, Apple had tried to avoid compliance with the Court's order by suggesting that Samsung go through the entire docket for every one of the cases with a technological nexus and identify (often without being able to see the document) every document it wanted Apple to produce.[21]  Samsung declined to do so.

### III. CONCLUSION

For the foregoing reasons, Samsung requests that the Court issue an order compelling Apple to:

(1) immediately produce Andrew Bright, Priya Balasubramaniam, Saku Hieta, Richard Howarth, and Emilie Kim for depositions not to exceed a total of ten hours; and

(2) (a) immediately produce in redacted form all documents compelled by the Court's April 12 Order which Apple continues to withhold, (b) confer with Samsung regarding which, if any, of these documents need to be produced in unredacted, or partially unredacted form, and (c) seeks any and all consents to remove specific redactions immediately.

---

[21] Hutnyan Decl. ¶ 7, Exh. E.

| | |
|---|---|
| DATED: June 12, 2012 | Respectfully submitted,<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br><br><br>By */s/ Victoria F. Maroulis*<br>   Charles K. Verhoeven<br>   Kevin P.B. Johnson<br>   Victoria F. Maroulis<br>   Michael T. Zeller<br>   Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |