QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**REPLY DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF SAMSUNG'S MOTION FOR RULE 37 SANCTIONS FOR APPLE'S VIOLATION OF DECEMBER 22, 2011 COURT ORDER**<br><br>**Date**: June 21, 2012<br>**Time**: 10:00 a.m.<br>**Place**: Courtroom 5, 4th Floor<br>**Judge**: Hon. Paul S. Grewal |

I, Diane C. Hutnyan, declare:

1. I am a partner with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung"). I am licensed to practice law in the State of California. I submit this reply declaration in support of Samsung's Motion for Rule 37 Sanctions for Apple's Violation of December 22, 2011 Court Order. I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to the following facts.

2. From our review of Apple's production, it appears that Apple produced or deemed produced over 280 employee transcripts from twelve cases with a technological nexus to this case, including 34 inventor transcripts, in response to the April 12 Order.

3. Attached hereto as Exhibit 1 are true and correct excerpts of the Transcript of the April 9, 2012 hearing on Samsung's Motion to Compel and Motion to Enforce Dec. 22, 2011 Court Order.

4. Apple did not produce a single responsive deposition transcript between December 22, 2011, and January 15, 2012.

5. As early as February 8, 2012, Samsung's counsel asked Apple's counsel to provide a complete list of cases bearing a technological nexus to this one so that it could determine whether Apple had complied with the December 22 Order. Attached hereto as Exhibit 2 is a true and correct copy of a February 8, 2012 letter from me to Apple's counsel asking for such a list. Apple's counsel failed to provide any such list in response to this letter, although we followed up several times asking for a complete list.

6. Attached hereto as Exhibit 3 is a true and correct copy of a February 29, 2012 letter from Apple's counsel to me in which Apple's counsel refused to provide a list while

criticizing Samsung's proposed list.   To date, Apple's counsel has never provided a list of the cases it believes fall within the technological nexus standard, nor has Apple ever confirmed that Samsung's list is complete.

7. At the parties' lead counsel meet and confer session on February 14 and 15, 2012, Apple's counsel refused to produce deposition transcripts from the 796 Investigation, in which similar patents are being litigated.   On March 26, 2012, Apple's counsel stated that it would be willing to stipulate that ITC 796 bears a technological nexus to this case.   A true and correct copy of that email is attached hereto as Exhibit 4.   To my knowledge, Apple has never denied that there was a technological nexus between the two cases.

8. Attached hereto as Exhibit 5 is a true and correct copy of an email from Apple's counsel to Samsung's counsel, dated Sunday, April 15, 2012 and time stamped 5:55 PM, in which Apple agreed for the first time to allow Samsung to use the deposition transcripts from ITC 796 in this case.

9. Although Apple contends that it produced **49** transcripts before the Court's April 12 Order, in actuality, it produced only **29** in the Northern District case, where it was ordered to produce them.   It appears that Apple arrived at its figure by adding the 5 deposition transcripts it produced *only* in the ITC 794 Investigation and the 15 deposition transcripts it produced *only* in the ITC 796 Investigation, which it had previously not included when it described its production in compliance with the December 22 order.

10. Apple produced the July 13, 2011 Deposition Transcript of Leonard Cimini on April 24, 2012; the September 27, 2010 Deposition Transcript of Steve Bisset on April 26, 2012; the April 5, 2012 Deposition Transcript of Gregory Novick, the March 30, 2012 Deposition Transcript of Nima Parivar, and the April 10, 2012 Deposition Transcript of William Stewart for

the first time on May 31, 2012; and the July 9, 2010 Deposition Transcript of Greg Bomberger and the August 3, 2011 Deposition Transcript of Marc Foodman for the first time on June 7, 2012.

11. Attached hereto as Exhibit 6 is a true and correct copy of a document produced in this action by Apple with the bates numbers APL-ITC796-0000003879-3885.

12. Attached hereto as Exhibit 7 is a true and correct copy of excerpts from the deposition of Christopher Stringer, taken in U.S. I.T.C. Investigation No. 337-TA-796 on February 15, 2012.

13. Attached hereto as Exhibit 8 is a true and correct copy of excerpts from the deposition of Daniel Coster, taken in U.S. I.T.C. Investigation No. 337-TA-796 on February 7, 2012.

14. Attached hereto as Exhibit 9 is a true and correct copy of excerpts from the deposition of Evans Hankey, taken in U.S. I.T.C. Investigation No. 337-TA-796 on March 15, 2012.

15. Attached hereto as Exhibit 10 is a true and correct copy of excerpts from the deposition of Daniele De Iuliis, taken in U.S. I.T.C. Investigation No. 337-TA-796 on February 22, 2012.

16. Attached hereto as Exhibit 11 is a true and correct copy of excerpts from the deposition of Matthew Rohrbach, taken in U.S. I.T.C. Investigation No. 337-TA-796 on February 23, 2012.

17. Attached hereto as Exhibit 12 is a true and correct copy of excerpts from the deposition of Bartley Andre, taken in U.S. I.T.C. Investigation No. 337-TA-796 on February 29, 2012.

18. Attached hereto as Exhibit 13 is a true and correct copy of excerpts from the deposition of Rico Zorkendorfer, taken in U.S. I.T.C. Investigation No. 337-TA-796 on February 10, 2012.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Los Angeles, California on June 12, 2012.

                                      /s/ Diane C. Hutnyan

                                      Diane C. Hutnyan

**GENERAL ORDER ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document. I hereby attest pursuant to General Order 45.X.B. that concurrence in the electronic filing of this document has been obtained from Diane Hutnyan.

          /s/ Victoria Maroulis