# EXHIBIT 1

```
 1
 2               IN THE UNITED STATES DISTRICT COURT
 3            FOR THE NORTHERN DISTRICT OF CALIFORNIA
 4                         SAN JOSE DIVISION
 5
      APPLE, INC.,                    )  CV-11-1846-LHK
 6                                    )
                     PLAINTIFF,       )  SAN JOSE, CALIFORNIA
 7                                    )
               VS.                    )
 8                                    )  APRIL 9, 2012
      SAMSUNG ELECTRONICS CO.         )
 9    LTD., ET AL,                    )
                                      )  PAGES 1-189
10                   DEFENDANT.       )
11    _____
12              TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE PAUL S. GREWAL
13               UNITED STATES DISTRICT JUDGE
14
15    A P P E A R A N C E S:
16    FOR THE PLAINTIFF:  MORRISON & FOERSTER, LLP
                          BY:  ALLISON TUCHER
17                             NATHAN SABRI
                               JOBY MARTIN
18                        425 MARKET STREET
                          SAN FRANCISCO, CA  94105
19
20    FOR THE DEFENDANT:  QUINN EMANUEL
                          BY:  VICTORIA MAROULIS
21                             SARA JENKINS
                          555 TWIN DOLPHIN DRIVE, 5TH FL
22                        REDWOOD SHORES, CA  94065
23         (APPEARANCES CONTINUED ON THE NEXT PAGE)
24
25    OFFICIAL COURT REPORTER: SUMMER FISHER, CSR, CRR
                               CERTIFICATE NUMBER 13185

                                                               1
```

```
 1    FOR THE PLAINTIFF:   MORRISON & FOERSTER, LLP
                           BY:  ERIK OLSON
 2                         755 PAGE MILL ROAD
                           PALO ALTO, CA 94304
 3

 4    FOR THE DEFENDANT:   QUINN EMANUEL
                           BY:  DIANE HUTNYAN
 5                              ANTHONY ALDEN
                                CURRAN WALKER
 6                         865 S. FIGUEROA ST., 10TH FLOOR
                           LOS ANGELES, CALIFORNIA 90017
 7
```

```
1    ITS MOTION WAS A CASE THAT WOULD NOT ALLOW
2    PRODUCTION OF PRIOR DEPOSITION TESTIMONY WHERE THE
3    DEPONENTS WERE NOT WITNESSES IN THE CASE AT ISSUE.
4              THE WHOLE THRUST OF THAT MOTION AND ORDER
5    WAS PRIOR TESTIMONY OF APPLE WITNESSES, NOT ALL
6    EMPLOYEES.
7              SO THAT'S THE ONE DIRECTION SAMSUNG IS
8    NOW ATTEMPTING TO EXPAND
9              THE COURT:  I WANT TO UNDERSTAND APPLE'S
10   VIEW.
11             ARE YOU TELLING ME MY ORDER LIMITS
12   APPLE'S OBLIGATION TO THOSE INDIVIDUALS WHO WILL
13   TESTIFY AT TRIAL?
14             MR. SABRI:  OR WHO WERE DEPOSED IN THIS
15   CASE.
16             THE COURT:  IS THERE ANY LANGUAGE IN MY
17   ORDER THAT YOU CAN POINT ME TO THAT SUPPORTS THAT
18   POSITION?
19             MR. SABRI:  WITNESSES, WE BELIEVE IS
20   CLEAR, YOUR HONOR.
21             APPLE'S -- PRIOR DEPOSITION OF APPLE
22   WITNESSES TESTIFYING IN AN EMPLOYEE CAPACITY.
23             THE COURT:  SO YOUR POSITION IS WHEN I
24   SAID WITNESSES I MEANT WITNESSES IN THIS CASE, I.E.
25   DEPOSITION WITNESSES OR TRIAL WITNESSES, I WASN'T
```

```
 1    REFERRING FOR EXAMPLE TO DEPOSITION WITNESSES IN
 2    THE PRIOR CASE?
 3             MR. SABRI:  YES, YOUR HONOR.
 4             WE DO BELIEVE THAT IS WHAT THE ORDER
 5    REFERRED TO.  AND WE BELIEVE THE ORDER READ IN THE
 6    CONTEXT OF THE MOTION WOULD ONLY HAVE GONE THAT
 7    FAR.
 8             THE COURT:  DON'T YOU AGREE, COUNSEL,
 9    THAT THERE'S NO BURDEN OBJECTION HERE, NO SERIOUS
10    BURDEN OBJECTION ON APPLE'S PART.  YOU CAN PRODUCE
11    THE MATERIALS FAIRLY QUICKLY IF YOU HAD TO.
12             MR. SABRI:  PRODUCTION OF ALL EMPLOYEES
13    WOULD BE SIGNIFICANTLY MORE BURDENSOME.      ONE
14    ITEM --
15             THE COURT:  YOU DON'T HAVE A DATABASE AT
16    MORRISON & FOERSTER THAT HAS ALL OF THESE
17    DEPOSITION TRANSCRIPTS AVAILABLE TO YOU?
18             MR. SABRI:  WE DO FOR WITNESSES.
19    APPLE'S DATABASE -- SO AS WE EXPLAINED IN THE
20    BRIEFING, APPLE STORES THESE TRANSCRIPTS ON A
21    WITNESS-BY-WITNESS BASIS.
22             SO WHEN WE SEARCH FOR TRANSCRIPTS WE
23    DON'T GO NOKIA DELAWARE, LET'S PULL ALL
24    TRANSCRIPTS, WE SAY WITH WHO ARE THE PEOPLE WE
25    NEED.
```

```
 1                THE COURT:  RIGHT.  SO YOU GO GET THE
 2   LIST OF PEOPLE WHO TESTIFIED IN NOKIA, DELAWARE AND
 3   PULL EACH ONE MANUALLY, RIGHT?
 4                MR. SABRI:  WE COULD DO THAT EXTRA STEP.
 5                HOWEVER, WHAT WAS DISCUSSED IN THE
 6   EARLIER ARGUMENT, WHAT WE ARE HERE ON IS A MOTION
 7   TO ENFORCE THE PRIOR ORDER, NOT A MOTION TO COMPEL.
 8                THE PARTIES HAVE NOT MET AND CONFERRED ON
 9   THE POINT THAT YOUR HONOR IS DISCUSSING NOW.  THE
10   ISSUE HAS NEVER BEEN BRIEFED OVER WHETHER SUCH A
11   BROAD PRODUCTION --
12                THE COURT:  SO LET'S TALK ABOUT THE
13   ANALYSIS.  OUR TIME IS LIMITED.
14                WHAT OBJECTION HAS APPLE HAD IN PRODUCING
15   TRANSCRIPTS FROM INDIVIDUALS OTHER THAN THOSE THAT
16   THEY HAVE ALREADY PRODUCED?
17                WHAT'S THE PROBLEM?  THERE'S A DEPOSITION
18   TRANSCRIPT SITTING IN AN APPLE DATABASE AS I SPEAK
19   THAT YOU CAN PRODUCE IN ABOUT 10 MINUTES, I
20   SUSPECT, MAYBE 20.  SO THERE'S NO BURDEN OBJECTION.
21                WHAT IS THE OBJECTION TO PRODUCING,
22   SUBJECT TO THE PROTECTIVE ORDER IN THIS LITIGATION
23   OF ALL THE BELLS AND WHISTLES, WHAT'S YOUR
24   OBJECTION?
25                MR. SABRI:  THE ONLY OBJECTIONS, YOUR
```

```
 1      HONOR, WOULD BE WITHOUT SEEING WHO THE EMPLOYEES

 2      AND THE PRIOR WITNESSES ARE, I DON'T THE WHAT THE

 3      RELEVANCE WOULD BE.

 4              THE COURT:  SO YOU DIDN'T EVALUATE THAT

 5      ISSUE BEFORE YOU TOOK THE POSITION OR IN FILING

 6      YOUR OPPOSITION TO THIS MOTION?

 7              MR. SABRI:  WE BELIEVE IT WOULD BE

 8      BURDENSOME.

 9              WELL, LET ME TAKE A QUICK SIDE STEP --

10              THE COURT:  WHAT'S THE BURDEN OF

11      PRODUCING A DEPOSITION TRANSCRIPT OR EVEN A

12      THOUSAND OF THEM FROM A DATABASE?

13              MR. SABRI:  I HAVE TO SAY, WHAT I DON'T

14      KNOW YOUR HONOR IS WHETHER THERE EVEN WOULD BE ANY

15      OTHER TRANSCRIPTS THAT WOULD NEED TO BE PRODUCED,

16      IF THERE ARE OTHER RELEVANT TRANSCRIPTS.    LET

17      ME TELL YOU WHY.  THIS IS GOING TO SOUND LIKE A

18      DETOUR, BUT I THINK IF YOU WILL INDULGE ME YOU WILL

19      SEE WHY.

20              THE COURT:  PROCEED AT YOUR PERIL.

21              GO AHEAD.

22              MR. SABRI:  MS. HUTNYAN LISTED A FEW

23      PROCEEDINGS, AND I BELIEVE THE IMPRESSION THAT HAS

24      BEEN GIVEN IS APPLE HAS SIMPLY NOT PRODUCED ANY

25      TRANSCRIPTS OR HAS PRODUCED HARDLY ANY TRANSCRIPTS
```

1     FROM THESE RELATED PROCEEDINGS, AND THAT'S
2     FACTUALLY WRONG.
3              THE COURT:  WELL, WHAT ABOUT THE '796?
4              MR. SABRI:  '796, I WILL TURN TO THAT IN
5     A MOMENT, IF I MAY.
6              WE BELIEVE THE '796 IS A WHOLE SEPARATE
7     ISSUE.  IT IS NOT A PREDICTION, AN OF ISSUE OF
8     PRODUCTION OF THE '796 CASE, IT'S SOLELY AN ISSUE
9     OF USE.
10             BUT BEFORE I TURN TO THAT --
11             THE COURT:  WHAT'S THE DIFFERENCE BETWEEN
12    PRODUCTION AND USE?
13             MR. SABRI:  BOTH PARTIES AGREED -- IT'S
14    NOT JUST APPLE, BOTH PARTIES AGREED AT THE OUTSET
15    OF THESE CASES THAT THEY WOULD NOT USE DEPOSITION
16    TRANSCRIPTS FROM THE ITC '796 CASE IN THIS CASE.
17             AND THERE'S A CRITICAL REASON FOR THAT
18    DISTINCTION, AND THAT IS JUDGE KOH IMPLEMENTED A
19    250-HOUR DEPOSITION IN THIS CASE.  THERE ARE NO
20    LIMITS IN THE ITC.
21             SO APPLE ABIDED BY THAT LIMIT, MADE TOUGH
22    CALLS, WHO SHOULD WE DEPOSE, WHAT SHOULD WE ASK
23    THEM, LET'S KEEP OURSELVES WITHIN THE 250-HOUR
24    LIMIT.  SAMSUNG APPARENTLY DID NOT.
25             WHAT WE ENDED UP SEEING IS IN MANY DESIGN

1    DEPOSITIONS IN THE ITC, SAMSUNG ASKING QUESTIONS
2    THAT WERE SOLELY RELATED TO THE NORTHERN DISTRICT
3    OF CALIFORNIA.
4            APPLE'S COUNSEL HAD TO OBJECT ON THE
5    RECORD, AND IT SEEMS NOW THAT THE PLAN ALL ALONG
6    WAS IN CONTRAVENTION OF THE PARTY'S AGREEMENT FOR
7    SAMSUNG AT THE LAST MINUTE TO SAY, LET'S TRY TO USE
8    ALL OF THAT DEPOSITION FROM THE ITC, THE UNLIMITED
9    AMOUNT IN THIS CASE.
10           SO NUMBER ONE, IT'S JUST A VIOLATION OF
11   THE PARTY'S AGREEMENT.
12           NUMBER TWO, WE KNOW SAMSUNG HAS THESE --
13           THE COURT:  I APOLOGIZE FOR INTERRUPTING
14   YOU.
15           IF I GO BACK AND READ THROUGH THE MYRIAD
16   OF MEET AND CONFER LETTERS AND EXCHANGES YOU ALL
17   HAVE GIVEN ME TO CONSIDER, YOU ARE TELLING ME
18   SOMEWHERE IN THAT PILE, THIS ONE, MAYBE THIS ONE,
19   THERE'S A DOCUMENT WHERE YOU ALL AGREE WITHOUT
20   CATEGORY, WITHOUT EXCEPTION THAT THE DEPOSITIONS
21   THAT WERE TAKEN IN THE ITC MAY NOT BE USED IN THIS
22   CASE?
23           MR. SABRI:  I DON'T KNOW IF IT'S REDUCED
24   TO A LETTER.  WHAT I DO KNOW IS --
25           THE COURT:  SO IF IT'S NOT IN WRITING --

```
 1              MR. SABRI:  SO IT WAS REDUCED -- WE DO
 2    HAVE A MEMORIALIZATION OF IT WHICH IS WHAT YOU ARE
 3    LOOKING FOR, THE PROTECTIVE ORDERS THAT WERE
 4    PROPOSED IN THIS CASE BY BOTH SIDES.
 5              SO MS. HUTNYAN BEGAN WITH THE ND CAL
 6    PROTECTIVE ORDER.  SHE SAID WE AGREED TO CROSS USE
 7    OF DOCUMENTS AND WE CAN SEEK MORE.
 8              WHAT SHE LEFT OUT, IT'S THE SENTENCE
 9    RIGHT AFTER, "WE AGREE TO CROSS USE OF DOCUMENTS"
10    AND THIS PROVISION DOES NOT APPLY TO TRANSCRIPTS.
11    THAT WAS IN WHAT BOTH PARTIES PROPOSED IN JANUARY.
12              THE REASON BEHIND THAT LANGUAGE WAS THIS
13    AGREEMENT THAT I'VE JUST BEEN DISCUSSING.  I DON'T
14    KNOW TO WHAT EXTENT THAT AGREEMENT WAS, OVER THE
15    PHONE OR VIA E-MAIL AND LETTERS.  I DO KNOW IT WAS
16    VERY CLEAR THERE'S A LIMIT IN THIS CASE, THERE'S NO
17    LIMIT IN THAT CASE.  WE JUST CAN'T AGREE TO HAVE
18    ALL DEPOSITION TESTIMONY FROM AN UNLIMITED SOURCE
19    APPLY IN A CASE WHERE THERE IS A LIMIT.
20              SO APPLE ABIDED BY THE LIMIT, MADE TOUGH
21    CALLS, AND NOW SAMSUNG WANTS TO AVOID THE
22    CONSEQUENCES OF THOSE TOUGH CALLS AND THAT
23    AGREEMENT.
24              THE COURT:  SO I WANT TO MAKE SURE I
25    UNDERSTAND APPLE'S POSITION.
```

```
 1              REALLY, YOUR ONLY OBJECTION TO PRODUCING

 2   THE TRANSCRIPTS THAT ARE ESSENTIALLY BURDENLESS IS

 3   THAT IT WOULD BREAK THE DEAL YOU CUT WITH SAMSUNG?

 4              MR. SABRI:  IT WOULD BREAK THE DEAL.  IT

 5   WOULD ALLOW SAMSUNG TO GET THIS BENEFIT OF AN

 6   IMMENSE SOURCE OF DEPOSITION AT THE END OF THE

 7   GAME.  IT'S CHANGING THE RULES AFTER THE CLOSE OF

 8   DISCOVERY THAT BOTH PARTIES OPERATED UNDER.  AND IT

 9   ALLOWS SAMSUNG TO REAP THE BENEFITS OF IMPROPER USE

10   OF THAT PROCEEDING FOR THAT CASE.

11              SO WHAT WE'VE SEEN IS QUESTIONS ASKED IN

12   ITC DEPOSITIONS THAT RELATES SOLELY TO ND CAL.

13              WHAT WE SAW AFTER JUDGE KOH DENIED THE

14   REQUEST FOR ADMINISTRATIVE RELIEF, AS YOUR HONOR

15   MAY KNOW, DISCOVERY MUST END RELEVANCE COULD BE A

16   LIMITLESS -- A BOTTOMLESS PIT, THAT'S NOT HER

17   LANGUAGE, THAT'S MY PARAPHRASE.

18              THEN WE SAW WAS A WHOLESALE DUMPING OF

19   THE LETTERS FROM THIS CASE TO THE ITC CASE WHERE IN

20   A SPAN OF THREE DAYS, EIGHT LETTERS, 40 CATEGORIES

21   OF DOCUMENTS ALL FROM THE NORTHERN DISTRICT OF

22   CALIFORNIA --

23              THE COURT:  IS IT REALLY TRUE THAT THE

24   ITC DOESN'T IMPOSE ANY LIMITS, DO THEY AGREE WITH

25   THAT CHARACTERIZATION?
```

1
2
3
4        **CERTIFICATE OF REPORTER**
5
6
7
8            I, THE UNDERSIGNED OFFICIAL COURT
9   REPORTER OF THE UNITED STATES DISTRICT COURT FOR
10  THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH
11  FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY
12  CERTIFY:
13           THAT THE FOREGOING TRANSCRIPT,
14  CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND
15  CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS
16  SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS
17  HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED
18  TRANSCRIPTION TO THE BEST OF MY ABILITY.
19
20
21
22                       _____
                         SUMMER A. FISHER, CSR, CRR
23                       CERTIFICATE NUMBER 13185
24
25