# Exhibit 6

# Part 2 of 4



16 BESTBUY
18 e热讯 HotNews

视点 Viewpoint
20 索尼全美达联手打造第二代PSP

22 叫醒你的耳朵
MUSIC PHONE 来袭
24 两年后Tablet PC什么模样?
WinHEC 2005 剪影
26 想变鳄鱼的蜥蜴
Windows Mobile 近态快报
28 拥抱iF，拥抱世界
独家专访iF全球执行总裁Ralph Wiegmann
30 "洗牌"开始
专访PalmSource总裁兼首席执行官
David Nagel

新品Show Fresh
32 NEC N750手机
34 三星Digimax U-CA5数码相机
35 宾得Optio S5z数码相机
宾得Optio S45数码相机
宾得Optio S55数码相机
36 明基M315手机
37 palmOne LifeDrive移动管理器
38 东芝Libretto U100笔记本电脑
39 中兴e3手机
理光Caplio GX8数码相机
40 三星Digimax SL1数码相机
41 柯尼卡美能达DiMAGE X60数码相机
联想P708手机
42 索尼QUALIA 002 HDV数码摄像机
惠普Pavilion zv6000笔记本电脑
43 康佳M939手机
aigo UH-P670数码伴侣
44 惠普Photosmart M22数码相机
惠普Photosmart M517数码相机
45 多普达828+智能手机
46 诺基亚N70手机
诺基亚N91手机
诺基亚N90手机
48 松下LUMIX DMC-FX8数码相机
49 广博ProCam F158数码相机
拍得丽SL-8数码相机
50 奥林巴斯μ Digital 800数码相机
佳能PowerShot S2 IS数码相机

尖峰体验 Expreience
51 远观之乐
松下LUMIX DMC-FZ5数码相机
55 像素混合器
卡西欧EXILIM EX-P505数码相机
58 密友·良伴
诺基亚6230i & 6020手机的出色搭档
62 倾城薄爱
富士FinePix Z1数码相机
66 "i"影像传奇
联想i950拍照手机
70 金属美人
宏 n50掌上电脑
72 向钱看，将会失去一切
尼康D70s数码相机
74 轻薄有"礼"
三星X50笔记本电脑



## 多普达 828+ 智能手机

哇，真酷！记得去年漂亮的秘书小姐在收到多普达 818 时不由的发出了一声惊叹。而当今天秘书小姐拆开其后继机型多普达 828+ 包装时，我又听到了这句赞叹。不过，发出声音的是恰巧路过的一位身高 1.80 米的壮汉同事，而秘书小姐则用沉默表达了她的意见。是的，只有男人才会对这样一款有着刚硬线条，通身金属灰的强大通信工具产生浓厚兴趣。

定位于男性商务手机的多普达 828+ 保留了多普达 818 小巧的特点。较小的 2.8 英寸（240 × 320）65536 色 TFT 液晶屏在保证屏幕信息可读性的同时，有效地减少了机身体积（108.2mm × 58mm × 18.2mm，重 150 克）。强大的 Windows Mobile 2003SE 操作系统则赋予了多普达 828+ 稳定的性能和丰富的网络和多媒体功能，配合英特尔（Intel）XScale PXA272 416MHz 处理器、128MB 内存、SD 卡插槽、130 万像素 CMOS 摄像头以及 GPRS、蓝牙、红外功能，多普达 828+ 能够很好的完成网页浏览、拍照、音乐及影片播放任务。其实，多普达 828+ 的配置和多普达 818 几乎相同，只是在换装的同时将内存容量增加到 128MB。当你把这样一款外形庄重兼强烈科技感的智能手机握在宽大的手中时，一种世界尽在掌握的感觉油然而生，换件男人装的意义就在于此。

**lenovo 联想**

2005年5月，联想圆满完成了对IBM全球个人电脑业务的并购。新联想已成为世界第三大PC供应商，销售和服务网络遍及世界160个国家和地区。新联想将整合全球资源为中国客户奉献更高品质及创新技术的产品及服务。

F690-256M
- 彰显魅力的镜面设计
- 双色大屏幕OLED
- 独特五向键，操作方便

F360-128M
- 专业音频芯片，音质表现突出
- 简约流畅外型设计
- 兼容校园广播频段

F660-256M
- 7彩背光更加绚丽
- 金属与瓷白完美结合，点击流行时尚

F680-256M
- 双耳机插孔设计
- 双色大屏幕OLED

F350-128M
- 推拉式MINI USB端口
- 多种流行颜色选择
- 支持歌词同步显示

所有产品都具以下特色▼

(F360不支持) (F660不支持)

超稳型 移动硬盘 (40G/60G/80G)
- 独有专利全三维动态防震技术，超强抗震
- 采用大容量缓存及联想独有ultrafast技术，加快存取速度
- 低电压启动技术，支持单USB口供电

魔卡M型 3CCARD (128M/256M/512M)
- 创新"双向"接口存储技术，一卡通吃多种数码设备
- 兼备SD/MMC和USB接口，方便易用
- 在3C产品之间自由交换数据，共享资源

V50C 500万像素
- 国内第一款5M像素CMOS技术数码相机，照片清晰，省电耐用。
- 10种场景拍摄模式，简单易用，色彩鲜艳。
- 小巧精致，便于随身携带。

联想(北京)有限公司 北京8688信箱
阳光网站：www.lenovo.com 阳光技术咨询热线：010-82879700
联想拥有本广告信息最终解释权，如有任何变动，恕不另行通知。此机型的供应情况，具体配置及价格随销售区域不同可能会有所差异。产品图片仅供参考，请以销售实物为准。



2006年4月出版 总第172期 ISSN 1002-0802 定价12元

NPL25

数码与通信
通信技术
科技查新中心
本年度
必买新品
PMA & CeBIT展会新品报道
明显不同
MOTO明
爱上冲浪板
NOKIA Internet Tablet 770
再见，花瓶
6款卡片DC横向评测
深度测试SONY DSC-R1
iPod外放设备大搜罗
新彩妆dopod 830
ISSN 1002-0802
04
3 1549 4059 1
NOKIA
Anycall
LG
Sony Ericsson
EOS 30D
CANON ZOOM LENS EF-S 17-85mm 1:4-5.6 IS USM
MADE IN JAPAN

APLNDC00030519

总第172期 2006年4月出版 定价12元

通信技术
COMMUNICATIONS TECHNOLOGY

# 科技迷的年度例汤

对于北京来说，3月中下雪，漫天大雪，可不是常有的事儿，至少在我记忆里是这样。雪势来得急，顿时阴云倾城，雪片密集得很，站不过1分钟就变成个大雪人。来得急去得也快，那片阴云将要从头顶移开之际，阳光穿透被洗刷洁净的空气直达大地，渐小的雪片在一片明朗中欢快的蹦着跳着，落到地面融为一体。一场"阳光雪"扫去阴霾，心情和雪后气温同步高涨起来。

汉诺威在这个季节下雪就不值得大惊小怪了。去年突如其来的一场中雪便把正在Cebit新闻中心的我们堵了个正着。今年倒是来了个开场白，Cebit开幕的头一天便飘起了雪花，像要给甚嚣尘上的科技热潮降温似的。可是由高科技元素炒热的新潮流岂是物理降温能起作用的！

看场内簇拥在千万像素拍照手机前的人群分明已经各个看红了眼，有了软硬件支持的 HD-DVD和Blue Ray Disc的对台戏唱得更热闹，电视手机继续升温，诺基亚N92还在吊着观众的胃口，三星、LG则将同时推出DVB-H和DMB标准的产品。

德国人在今年夏天就能真正在手机上看世界杯了，巴伐利亚广播公司即将推出DVB-H标准的广播系统，回想去年体验过在诺基亚7710上看伊辛巴耶娃小规模破世界纪录的经历，随着系统的不断成熟，今年的32强争霸一定在手机上演绎得更精彩生动吧，到时候一定得去看看。

想看新产品的话，不用等待！继CES之后，PMA和Cebit两大展会又进入日程，新科技搭配我们煽风点火描述后煨出的年度例汤当然一如既往地给您奉上，翻开本期两大展会的报导，让新产品的诱惑力和你钱包的预期战斗力较量个高下吧。

主管 中华人民共和国信息产业部
主办 中国电子科技第三十研究所
出版 《通信技术》编辑部

社长 罗天文
副社长 陈秋元
Proprietor Luo Tianwen
Vice Proprietor Chen Qiuyuan

执行主编 张然
编辑部主任 王嘉
编辑、记者 冯蓓 潘磊 李丽
陈曦 王磊 王维

美术设计 杨霁昕 齐齐

印刷 利丰雅高印刷(深圳)有限公司
如有质量问题请与利丰雅高有限公司联系调换
电话:0755-26645100

社址 四川省成都市高新区创业路6号
电话 028-85134171

国际标准刊号 ISSN 1002-0802
国内统一刊号 CN 51-1167/TN

广告登记证号 5100004000857

广告总代理 MediaStar 锦绣年华广告
高级客户经理 赵洁莹
地址 北京市朝阳区工体北路4号院锦绣办公楼
Tel 电话 100027
Fax 传真 010-84513652/55
010-64686407

东区客户总监 杨峥嵘
东区高级客户主任 孔璐璐
地址 上海江苏路369号兆丰世贸大厦8楼A座
200050
Tel 电话 021-52400928 52400929
52370561 52370562
Fax 传真 021-52400370

发行 史卫东

版权声明 未经本刊书面许可，不得转载和使用本刊所发表的文字、图片。如发现有擅自转载和使用者，本刊将依据版权法之规定，追究其法律责任。

法律顾问 补永赋 张玉林



50
明显不同
MOTOROLA 明

## 封面故事

30 影像盛宴 2006 PMA专题报道
40 同步数字生活 CeBIT2006新品秀
48 彩妆上阵 Dopod 830
50 明显不同 MOTOROLA 明
54 口袋里的互联网 NOKIA INTERNET TABLET770
60 再见，花瓶 六款卡片数码相机
74 深度测试 索尼DSC-R1
104 我们是一家人 IPod音响坞站

本年度
必买新品
新彩妆dopod 830

48
彩妆上阵
DOPOD 830

54
口袋里的互联网
NOKIA INTERNET TABLET770
NOKIA

40
同步数字生活
CEBIT2006新品秀
ASUS

## 目录

### 前沿瞭望

10 亮点推介/趋势发布

26 风云榜颁奖

### 特别策划

30 影像盛宴 2006 PMA专题报道

40 同步数字生活 CeBIT2006新品秀

### 抢鲜测试

48 彩妆上阵 Dopod 830

50 明显不同 MOTOROLA 明

54 口袋里的互联网 NOKIA INTERNET TABLET770

56 靓到底 BenQ Siemens S88

58 洞察力 ARCHOS GMINI 402 CAMCORDER

60 再见，花瓶 六款卡片数码相机

66 轻而易举 PANASONIC CF-R4

68 全能选手 ACER N300

72 闻乐起舞 NOKIA 3250

### 深度测试

74 全面透视 SONY DSC-R1

### 新品秀场

78 动感小跑车 LG G263

79 不拘一格 HAIER A63

30
影像盛宴
2006 PMA专题报道



## 智能商务手机

### 多普达838 34.02%

国内第一款使用windows mobile5.0操作系列的智能手机，也在国内第一次采用侧翻键盘，为商务人士带来便利。两个第一加上强大、全面的功能，成为智能商务机型的魁首是当之无愧的。

### 诺基亚N70 11.91%

支持Symbian S60智能平台，能够提供更多的第三方软件支持，使其商务功能毫不逊色。加之强大的娱乐功能，让繁忙人士也能商务娱乐两不误。

### 多普达828+ 10.69%

采用windows mobile2003版本，功能虽不及838+完美，但也称得上强大。它的外形简洁，机身轻巧，是男女都适合使用的PDA手机，为其加分不少。

NPL25

Patent Reexamination Board of the State Intellectual Property Office of the PRC

| Vantone New World Plaza, 8th Flr.<br>2, Fuchengmenwai Street, Beijing 100037, China | Issued on: Dec. 11, 2008 |
|---|---|

| Patent No.: 200730148767.X | PRB's Docket No.: W608508 |
|---|---|
| Title of the Invention: | DATA PROCESSING DEVICE |
| Petitionee (patentee): | APPLE INC. |
| Petitioner: | SHANGHAI LEON NETWORKS INFORMATION CO., LTD |

Notification for Acceptance of Request for Invalidation

To the Patentee:

The petitioner filed a request for invalidation of the captioned patent on Nov. 21, 2008. After a formal examination, the request is found to be in conformity with the provisions of the Chinese Patent Law and the Implementing Regulations of the Chinese Patent Law, and thus is accepted. The patentee is requested to make observations on the request for invalidation within **one month** of receipt of this notification. Failing to respond within said time limit will not affect the Patent Reexamination Board's examination thereof. The observations shall be submitted in two copies, with the PRB's docket number and the patent number indicated.

Pursuant to Rule 68 of the Implementing Regulations of the Chinese Patent Law,

during the examination of the request for invalidation, the patentee of a patent for invention or utility model may amend the claims, but cannot enlarge the protection scope of the original patent. The patentee of the patent for invention or utility model cannot amend the description and the drawings. The patentee of a patent for industrial design cannot amend the drawings, photographs and the brief explanation of the design.

Pursuant to Rule 70 of the Implementing Regulations of the Chinese Patent Law, during the examination of the request for invalidation, the deadlines specified by the Patent Reexamination Board shall not be extended.

Pursuant to provisions of Rule 71 of the Implementation of the Chinese Patent Law, before the Patent Reexamination Board makes a decision on the request for invalidation, the petitioner for invalidation may withdraw such a request. Where the petitioner for invalidation withdraws his request before the Patent Reexamination Board makes the decision, the procedures for examining the request for invalidation shall be terminated.

According to provisions relate to presenting evidence in a foreign language of the Section 2.2.1 of Part IV Chapter 8 of the Guidelines, where the party concerned submits evidence in a foreign language, he shall also submit the Chinese translation thereof. If he fails to submit the Chinese translation within the limit for producing evidences, the foreign language evidence shall be deemed not to have been submitted. The party concerned shall submit the Chinese translation in written form. If he fails to submit the Chinese translation in written form, the said Chinese translation shall be deemed not to have been submitted. The party concerned may submit the Chinese translation only for part of foreign language evidence. Other parts of the foreign language evidence without

Chinese translation being submitted shall not be taken as evidence, unless the Chinese translation for the other parts are subsequently submitted at the request of the Patent Reexamination Board. If the opposite party has objection to the contents of the Chinese translation, he shall submit the Chinese translation for the disputed parts within a specified time limit. Failure to submit the Chinese translation shall be deemed as having no objection to the translation. Where there is a dispute in the Chinese translation, if the both parties have reached an agreement as to the translation, the agreed translation shall be used; if the both parties cannot reach an agreement as to the translation, the Patent Reexamination Board may entrust a translator to translate when necessary. Where the both parties have reached an agreement on the translator, the Patent Reexamination Board may entrust the translator as agreed on by the both partied to translate, for the full text, the part to be used, or the part in dispute. Where the both parties cannot reach an agreement on the translator, the Patent Reexamination Board may entrust ex officio a professional translation agency to translate. The both parties shall respectively bear 50% of the translation fee for the entrusted translation. The party refusing to pay the translation fee shall be deemed to acknowledge that the Chinese translation submitted by the other party is correct.

Annex:

☒ "Request for Invalidation" and a copy of the attachments as listed therein.

☐ The supplementary opinion and a copy of the attachments as listed therein submitted by the petitioner on ______

The Patent Reexamination Board

# 中华人民共和国国家知识产权局专利复审委员会

10

| 100037<br>北京市阜成门外大街 2 号万通新世界广场 8 层<br>中国国际贸易促进委员会专利商标事务所<br>范莉 | 发文日期： |
|---|---|

专利复审委员会
2008 -12- 11
发 文

| 专 利 号：200730148767.X | 案件编号：W608508 |
|---|---|
| 发明创造名称：数据处理装置 | |
| 专利权人：苹果公司 | |
| 无效宣告请求人：上海罗恩网络信息有限公司 | |

## 无效宣告请求受理通知书

专利权人：

2008 年 11 月 21 日无效宣告请求人对上栏所述专利权提出的无效宣告请求，经形式审查符合专利法及其实施细则和审查指南的有关规定，准予受理。请在收到本通知之日起壹个月内对该无效宣告请求陈述意见；期满未答复的，不影响专利复审委员会审理。意见陈述书请提交一式两份，并注明案件编号和专利号。

根据《中华人民共和国专利法实施细则》第六十八条的规定，在无效宣告请求的审查过程中，发明或者实用新型专利的专利权人可以修改其权利要求书，但是不得扩大原专利的保护范围。发明或者实用新型专利的专利权人不得修改专利说明书和附图，外观设计专利的专利权人不得修改图片、照片和简要说明。

根据《中华人民共和国专利法实施细则》第七十条的规定，在无效宣告请求审查程序中，专利复审委员会指定的期限不得延长。

根据《审查指南》第四部分第八章 2．2．1 节关于外文证据提交的规定，当事人提交外文证据的，应当提交中文译文，未在举证期限内提交中文译文的，该外文证据视为未提交。当事人应当以书面方式提交中文译文，未以书面方式提交中文译文的，该中文译文视为未提交。当事人可以仅提交外文证据的部分中文译文。该外文证据中没有提交中文译文的部分，不作为证据使用。但当事人应专利复审委员会的要求补充提交该外文证据其他部分的中文译文的除外。对方当事人对中文译文内容有异议的，应当在指定的期限内对有异议的部分提交中文译文。没有提交中文译文的，视为无异议。对中文译文出现异议时，双方当事

人就异议部分达成一致意见的，以双方最终认可的中文译文为准。双方当事人未能就异议部分达成一致意见的，必要时，专利复审委员会可以委托翻译。双方当事人就委托翻译达成协议的，专利复审委员会可以委托双方当事人认可的翻译单位进行全文、所使用部分或者有异议部分的翻译。双方当事人就委托翻译达不成协议的，专利复审委员会可以自行委托专业翻译单位进行翻译。委托翻译所需翻译费用由双方当事人各承担 50%；拒绝支付翻译费用的，视为其承认对方当事人提交的中文译文正确。

随本通知书将下列文件转送专利权人：

☒《专利权无效宣告请求书》及其附件清单中所列附件副本。

☐无效宣告请求人于＿＿年＿＿月＿＿日提交的补充意见及其附件清单中所列附件副本。

☐

审查员：万琦

中华人民共和国国家知识产权局 专利复审委员会 专利复审无效审查业务专用章

回函请直寄：100088 北京海淀区蓟门桥西土城路 6 号 国家知识产权局专利复审委员会

20603 2006.7

# 专利权无效宣告请求书

请按照本表背面"填表注意事项"正确填写本表各栏

专利复审委员会 2008-11-21

| | | |
|---|---|---|
| ① 无效宣告请求人 | 姓名或名称（代表）上海罗恩网络信息有限公司 | 国籍或所在地国家 中国 |
| | 邮政编码　地址 上海市漕溪路二五0号B1七0四室 | 联系人姓名　电话 |
| ② 专利代理机构 | 名称 广州华进联合专利商标代理有限公司 | 专利代理机构代码 44224 |
| | 邮政编码 510095　地址 广州市先烈中路69号东山广场9楼918—920室 | |
| | 代理人姓名 曾旻辉 赵磊　专利代理人工作证号 4422405754.2 4422408759.7 | 电话 020-87323188-806 |

③
根据《中华人民共和国专利法》第四十五条及《中华人民共和国专利法实施细则》第六十四条规定对下述专利权提出无效宣告请求：

专利号 200730148767.x　　授权公告日 2008.07.16

专利权人（代表） 苹果公司

发明创造名称 数据处理装置

④ 无效宣告请求的理由、范围及所依据的证据

| 理　由 | 范　围 | 依据的证据 |
|---|---|---|
| 专利法第23条第　款<br>实施细则第　条第　款 | 权利要求 | 证据1 |
| 专利法第23条第　款<br>实施细则第　条第　款 | 权利要求 | 证据2 |
| 专利法第23条第　款<br>实施细则第　条第　款 | 权利要求 | 证据3 |
| 专利法第23条第　款<br>实施细则第　条第　款 | 权利要求 | 证据4 |
| 专利法第　条第　款<br>实施细则第13条第1款 | 权利要求 | 证据5 |
| 专利法第　条第　款<br>实施细则第13条第1款 | 权利要求 | 证据6 |

⑤结合证据对无效宣告请求理由的具体意见陈述

请参见附页（共6页）

# 专利权无效宣告请求书

| ⑥ 附件清单 | |
|---|---|
| 文件名称 | 份数及页数 |
| ☒附件 1：2008 沪闵证字第 3236 号公证书复印件 | 2 份，每份 6 页 |
| ☒附件 2：2004 年第 12 新潮电子封面、出版信息页、第 60 页 | 2 份，每份 3 页 |
| ☒附件 3：2005 年 6 月 1 日总第 119 期新潮电子封面、出版信息页、第 45 页 | 2 份，每份 3 页 |
| ☒附件 4：2006 年 4 月总第 172 期通信技术封面、出版信息页、第 26 页 | 2 份，每份 3 页 |
| ☒附件 5：专利号为 200730148751.9、名称为"声音或图像的记录或复制设备"的中国外观设计专利图片或照片复印件 | 2 份，每份 3 页 |
| ☒附件 6：专利号为 200730148719.0、名称为"移动式通讯装置"的中国外观设计专利图片或照片复印件 | 2 份，每份 3 页 |
| ☐附件 7 | 份，每份 页 |
| ☐附件 8 | 份，每份 页 |
| ☐附件 9 | 份，每份 页 |
| ☐附件 10 | 份，每份 页 |

| ⑦无效宣告请求人或专利代理机构签章 | ⑧专利复审委员会处理意见 |
|---|---|
| [印章：广州华进联合专利商标代理有限公司 业务专用章] 2008 年 11 月 12 日 | 年 月 日 |

**注意事项：**

1. 根据专利法实施细则第六十六条的规定，无效宣告请求人可以在提出无效宣告请求之日起 1 个月内增加理由或者补充证据。逾期增加理由或者补充证据的，专利复审委员会可以不予考虑。
2. 根据《审查指南》第四部分第一章 14 节关于外文证据翻译的规定，当事人提交外文证据的，应当在提交该外文证据的同时提交所使用部分的中文译文。当事人未在提交外文证据的同时提交中文译文的，应当主动补正。在专利复审委员会书面通知指定期限内仍未补交的，该外文证据视为未提交。对方当事人对译文具体内容有异议的，应当对有异议的部分提交中文译文。必要时，可以委托双方当事人认可的单位进行全文、所使用部分或者有异议部分的翻译。双方当事人对委托翻译达不成协议的，专利复审委员会可以委托专业翻译单位进行全文、所使用部分或者有异议部分的翻译。委托翻译所需费由双方当事人各承担 50%；拒绝支付翻译费用的，视为其承认对方提交的译文正确。
3. 根据专利法实施细则第九十七条的规定，无效宣告请求人应当自提出请求之日起壹个月内，缴纳无效宣告请求费。期满未缴纳或者未缴足的，视为未提出无效宣告请求。

打印ID798212 Pg 5

专利号：200730148767.x 名称：数据处理装置 无效宣告请求书正文 共 6 页

国家知识产权局专利复审委员会：

请求人上海罗恩网络信息有限公司基于现有技术，认为专利号为200730148767.x、名称为“数据处理装置”的外观设计专利不符合专利法的有关规定，现依据《中华人民共和国专利法》第二十三条、第四十五条以及《专利法实施细则》第六十四条之规定，向贵委员会提请宣告该专利权无效。

《中华人民共和国专利法》第二十三条规定：“授予专利权的外观设计，应当同申请日以前在国内外出版物上公开发表过或者国内公开使用过的外观设计不相同和不相近似，并不得与他人在先取得的合法权利相冲突。”

《中华人民共和国专利法实施细则》第十三条第一款规定：“同样的发明创造只能被授予一项专利。”

下列证据证明在本案专利申请日之前已经有相近似的外观设计在国外公开出版物上公开发表过，以及证明该本案专利不符合专利法实施细则第十三条第一款的规定。

具体证据如下：

证据 1、（2008）沪闵证字第 3236 号公证书复印件；

证据 2、2004 年第 12 期新潮电子封面、出版信息页、第 60 页；

证据 3、2005 年 6 月 1 日总第 119 期新潮电子封面、出版信息页、第 45 页；

证据 4、2006 年 4 月总第 172 期通信技术封面、出版信息页、第 26 页；

1

APLNDC00030531

　　证据 5、专利号为 200730148751.9、名称为“声音或图像的记录或复制设备”的中国外观设计专利图片或照片复印件；

证据 6、专利号为 200730148719.0、名称为“移动式通讯装置”的中国外观设计专利图片或照片复印件。

一、本案专利明显不符合专利法第二十三条的规定。

证据 1 中是 2006 年 6 月 29 日网页公开的 LG 公司生产的一款 DMB MP3 播放器 FM35。其公开日期早于本案专利的申请日期，也早于本案专利的优先权日期。证据 1 中公开的该款 FM35 播放器产品可以用来播放 MP3、WMA、OGG 等传统音频格式文件，支持 AVI 和 ASF 格式文件，此外增加了 DMB 技术的支持，可以通过这款播放器来收看 DMB 节目和广播等内容，通过连接电脑下载图片和文本等文件。首先，证据 1 公开的产品是播放器，具有下载和处理图片或文本数据的功能，因此，证据 1 公开的产品和本案专利产品的部分用途相同，属于相近类别的产品；其次，将证据 1 公开的产品与本案专利的六视图比较，二者的主视图均为一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方形，该长方形下方设有圆形按键；后视图也为一个竖置的长方形；左视图和右视图均为则分别是竖置的上下两侧弧形过渡的长方形。作为使用时容易看到的部位，主视图对整体视觉效果的影响较大，虽然本案专利主视图中长方形上方为长条形框，证据 1 中主视图中为音乐符号，但是其本身尺寸较小，属于局部的细微变化，二者的区别对整体视觉效果不足以产生显著影响。可

见，本案专利与其申请日以前公开的证据 1 中的产品外观设计相近似。

证据 2 是 2004 年 12 月 1 日出版的第 12 期新潮电子杂志，该杂志出版日期早于本案专利申请时间，也早于本案申请的优先权日期。证据 2 中公开了一种多普达 818 智能手机图片。首先，证据 2 中公开的产品为智能手机，通常具有数据处理的功能，因此，证据 2 中公开的产品与本案专利的产品的部分用途相同，属于相近类别的产品；其次，证据 2 中公开的多普达 818 智能手机的主视图同样是一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方形，该长方形上方设有条形框，下方设有按键。作为使用时容易看到的部位，主视图对整体视觉效果的影响较大，虽然本案专利与证据 2 中产品的条形框以及按键形状不同，但是其本身尺寸较小，属于局部的细微变化，二者的区别对整体视觉效果不足以产生显著影响。可见，本案专利与其申请日以前公开的证据 2 中的产品外观设计相近似。

证据 3 是 2005 年 6 月 1 日出版的总第 119 期的新潮电子杂志，该杂志的出版日期早于本案专利申请时间，也早于本案申请的优先权日期。证据 3 中公开了一种多普达 828+智能手机图片。首先，证据 3 中公开的产品为智能手机，通常具有数据处理的功能，因此，证据 3 中公开的产品与本案专利的产品的部分用途相同，属于相近类别的产品；其次，证据 3 中公开的产品主视图同样是一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方

形，该长方形上方设有条形框，下方设有按键。作为使用时容易看到的部位，主视图对整体视觉效果的影响较大，虽然本案专利与证据 3 中产品的按键形状不同，但是作为相近类别产品的惯常设计，其本身尺寸较小，属于局部的细微变化，二者的区别对整体视觉效果不足以产生显著影响。可见，本案专利与其申请日以前公开的证据 3 中的产品外观设计相近似。

证据 4 是 2006 年 4 月出版的总第 172 期通信技术杂志，该杂志出版日期早于本案专利申请时间，也早于本案申请的优先权日期。证据 4 中同样公开了一种多普达 828+智能手机图片。首先，证据 4 中公开的产品为智能手机，通常具有数据处理的功能，因此，证据 4 中公开的产品与本案专利的产品的部分用途相同，属于相近类别的产品；其次，证据 4 中公开的多普达 828+智能手机的主视图同样是一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方形，该长方形上方设有条形框，下方设有按键。作为使用时容易看到的部位，主视图对整体视觉效果的影响较大，虽然本案专利与证据 4 中产品的条形框以及按键形状不同，但是作为手机产品的惯常设计，其本身尺寸较小，属于局部的细微变化，二者的区别对整体视觉效果不足以产生显著影响。可见，本案专利与其申请日以前公开的证据 4 中的产品外观设计相近似。

上述证据充分证明在本案专利的申请日之前，在数据处理产品设计中，产品是一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方形，该长方形上方设有条形框，

打印ID798212 Pg 9
专利号：200730148767.x 名称：数据处理装置 无效宣告请求书正文 共6页

下方设有按键的设计，均为行业中的惯常设计，并且已经有相近似的外观设计在国内出版物上公开发表过，因此本案专利明显不符合专利法第二十三条的规定。

二、本案专利不符合专利法实施细则第十三条第一款的规定。

按照审查指南的相关规定，同样的外观设计是指两项外观设计相同或者相近似，外观设计相同是指被比设计与在先设计是同一类别的产品的外观设计，并且被比设计的全部外观设计要素与在先设计的相应要素相同，其中外观设计的要素是指形状、图案以及色彩。同一类别的产品是指用途完全相同的产品。所谓相近类别的产品是指用途接近的产品。只有对于相同或者相近类别的产品，才可能存在外观设计相近似的情况。应当注意的是，当产品具有多种用途时，如果其中部分用途相同，而其他用途不同，则二者应属于相近类别的产品。

证据5是专利号为200730148751.9、名称为“声音或图像的记录或复制设备”的中国外观设计专利，其申请日期为2007年6月29日，与本案专利相同。首先，证据5的产品是声音或图像的记录或复制设备，通常也具有下载处理声音和图片数据的功能，因此，证据5公开的产品和本案专利产品的部分用途相同，属于相近类别的产品；其次，证据5中公开的主视图与本案专利完全一样，虽然二者后视图或左右视图中存在细微差异，但是主视图作为使用时容易看到的部位，其对整体视觉效果的影响较大，因此本案专利和证据5的外观设计整体视觉效果上不存在显著区别，两者属于相近似的外观设计。

5

APLNDC00030535

打印ID798212 Pg 10

专利号：200730148767.x 名称：数据处理装置 无效宣告请求书正文 共 6 页

证据 6 是专利号为 200730148719.0、名称为“移动式通讯装置”的中国外观设计专利，其申请日期为 2007 年 6 月 29 日，与本案专利相同。首先，证据 6 的产品是移动式通讯装置，通常也具有数据下载和处理的功能，因此，证据 6 的产品和本案专利产品的部分用途相同，属于相近类别的产品；其次，证据 6 中公开的主视图与本案专利完全一样，虽然二者后视图或左右视图中存在细微差异，但是主视图作为使用时容易看到的部位，其对整体视觉效果的影响较大，因此本案专利和证据 6 的外观设计整体视觉效果上不存在显著区别，两者属于相近似的外观设计。

上述证据充分证明本案专利与证据 5 和证据 6 分别是同样的外观设计，不符合专利法实施细则第十三条第一款的规定。

综上所述，上述证据证明在本案专利申请日前已经有相近似的外观设计在国内公开出版物上公开过，因此本案专利明显不符合专利法第二十三条的规定，同时本案专利也不符合专利法实施细则第十三条第一款的规定，特请求贵委员会完全无效该专利权。

请求人：上海罗恩网络信息有限公司

代理人：广州华进联合专利商标代理有限公司

广州华进联合专利商标代理有限公司 业务专用章

曾旻辉 赵磊

日期：2008 年 11 月 12 日

6

APLNDC00030536

Re: Chinese Design Patent No. 200730148767.X
Your Ref: APL1D562C.CN.15C;
Our Ref: LIW080037

# Request for Declaring Invalidation

Patent Reexamination Board:
The petitioner "Shanghai Leon Networks In formation Co. Ltd", on the basis of the prior art, considers that the Chinese design patent No. 200730148767.X, of which the title is "DATA PROCESSING DEVICE", does not comply with corresponding provisions of the Chinese Patent Law. According to Art.23 and Art.45 of the Chinese Patent Law and Rule.64 of the Implementing Regulations of the Chinese Patent Law, the petitioner filed the request for declaring invalidation against the above mentioned design patent.

Under Art.23 of the Chinese Patent Law, "any design for which patent right may be granted must not be identical with and similar to any design which, before the date of filing, has been publicly disclosed in publications in the country or abroad or has been publicly used in the country, and must not be in conflict with any prior right of any other person".

Under Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law, "for any identical invention-creation, only one patent right shall be granted".

The following evidences are provided to prove that there are similar designs which have been publicly disclosed in publications before the date of filing of the present patent, so that the above mentioned patent for design does not comply with Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law.

The evidences are as follows:

Evidence 1: A copy of the notarial deed with a serial number of (2008) 3236 issued by Shanghai Minhang notarial office.

Evidence 2: The cover, publication information page and page 60 of the magazine "eFashion Magazine", the 12th issue of 2004.

Evidence 3: The cover, publication information page and page 45 of the magazine "eFashion Magazine", the 119th issue in total with a publish date of June 1, 2005.

Evidence 4: The cover, publication information page and page 26 of the magazine "Communication Technology" published on April. 2006 and the 172th issue in total.

Evidence 5: The copy of the drawings or photos of the Chinese patent for

design No. 200730148751.9 with a title "EQUIPMENT FOR RECORDING OR REPRODUCTION OF SOUNDS OR PICTURES".

Evidence 6: The copy of the drawings or photos of the Chinese patent for design No. 200730148719.0 with a title "MOBILE COMMUNICATION DEVICE".

1. The present patent obviously does not comply with the provisions of Art.23 of the Chinese Patent Law.

Evidence 1 shows a DMB MP3 player FM35 produced by LG Company and disclosed at web pages on June. 29, 2006 that is prior to the filling date and the priority date of the present patent. Said MP3 player is not only adapted for playing the conventional audio information, such as MP3, WMA, OGG etc and supporting AVI and ASF files, but also is available for receiving DMB programs and broadcast etc. for watching and for downloading pictures and texts by connecting to a computer. Firstly, the product of Evidence 1 pertains to a player, which usually has the functions of playing music and downloading pictures and texts. Thus the product disclosed by evidence 1 partly shares the same function with the product of the present patent and they belong to the similar class of the International Classification for Industrial Designs. Secondly, by comparing the player disclosed by evidence 1 with the six views of the present patent, it can be seen that the front views of the both two products are upright rectangles with four arc shaped corners. A frame is disposed on the four sides with an upright rectangle formed within the frame and a round button provided under the rectangle. The rear view shows an upright rectangle and the left and right side views also show an upright rectangle with arc shaped upside and downside portions. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect. A strip-shaped frame is located above the inner rectangle in the front view of the present patent, and a music sign is located above the rectangle in the front view of evidence 1, but the difference between the strip-shaped frame and the music sign is not sufficient enough to make prominent influence to the whole visual effect due to its small size which can be considered as slight local changes. Thus, the designs of the present patent and the product of the evidence 1 disclosed before the filling date of the present patent are similar to each other.

Evidence 2 is the magazine "eFashion Magazine", the 12th issue of 2004, published on Dec. 1, 2004 that is prior to the filling date and the priority date of the present patent. Evidence 2 discloses a picture of a Dopod 818 intelligent mobile telephone. Firstly, evidence 2 discloses an intelligent mobile telephone usually has the function of data processing and thus belongs to the similar class with the product of the present patent. Secondly, it can be seen that the front view of the Dopod 818 intelligent mobile telephone disclosed in evidence 2 is an upright rectangle with arc shaped four corners. A frame is disposed on the

four sides with an upright inner rectangle formed within the frame. A strip-shaped frame is provided above the inner rectangle and a button is provided under the inner rectangle. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect. The present patent and the product disclosed in evidence 2 are different in the location of the strip-shaped frame and the shape of the button, but the difference between them is not sufficient enough to make prominent influence to the whole visual effect due to its small size which can be considered as slight local changes. Thus, the designs of the present patent and the product of the evidence 2 disclosed before the filling date of the present patent are similar to each other.

Evidence 3 is the magazine "eFashion Magazine", the 119th issue in total, published on Jun. 1, 2005 that is prior to the filling date and the priority date of the present patent. Evidence 3 discloses a picture of a Dopod 828+ intelligent mobile telephone. Firstly, evidence 3 discloses an intelligent mobile telephone which has the function of data processing and thus belongs to the similar class with the product of the present patent. Secondly, it can be seen that the front view of the Dopod 828+ intelligent mobile telephone disclosed in evidence 3 is an upright rectangle with arc shaped four corners. A frame is disposed on the four sides with an inner upright rectangle formed within the frame. A strip-shaped frame is provided above the inner rectangle and a button is provided under the inner rectangle. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect. The present patent and the product disclosed in evidence 3 are different in the shape of the button, but the difference between them, which can be considered as slight local changes and the conventional design for a mobile telephone, is not sufficient enough to make prominent influence to the whole visual effect. Thus, the designs of the present patent and the product disclosed by evidence 3 disclosed before the filling date of the present patent are similar to each other.

Evidence 4 is the magazine "Communication Technology", the 172th issue in total, published on April. 2006 that is prior to the filling date and the priority date of the present patent. Evidence 4 discloses a picture of a Dopod 828+ intelligent mobile telephone. Firstly, evidence 4 discloses an intelligent mobile telephone which has the function of data processing and thus belongs to the similar class with the product of the present patent. Secondly, it can be seen that the front view of the Dopod 828+ intelligent mobile telephone disclosed in evidence 4 is an upright rectangle with arc shaped four corners. A frame is disposed on the four sides with an upright inner rectangle formed within the frame. A strip-shaped frame is provided above the inner rectangle and a button is provided under the inner rectangle. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect. The present patent and the product disclosed in evidence 4 are different in the location of the strip-shaped frame and the shape of the button, but the

difference between them, which can be considered as slight local changes, is not sufficient enough to make prominent influence to the whole visual effect. Thus, the designs of the present patent and the product disclosed by evidence 4 disclosed before the filling date of the present patent are similar to each other.

According to the above-mentioned evidences 1-4, it involves the conventional design in the field to design a data processing device as an upright rectangle with arc shaped four corners wherein a frame is disposed on the four sides with an upright inner rectangle formed within the frame with a strip-shaped frame, where the mouthpiece and the handset locates, provided above the inner rectangle and button/buttons provided under the inner rectangle. In addition, similar designs have been publicly disclosed in publications in china. Therefore, the present patent obviously does not comply with Art.23 of the Chinese Patent Law.

2. The present patent does not comply with the provisions of Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law.

According to corresponding regulations of the Guidelines for Examination, two identical or similar deigns can be considered as the same design, identity of designs means that the design being examined and the prior design are designs for the same class of products, and all the design features of the design being examined and the corresponding design features of the prior design are identical, wherein design features mean the three features of shape, pattern and color of a design. The products of the same class refer to the products that have completely the same use. Products of approximate classes refer to products that have the similar use. Similarity of designs exists only among products that belong to the same class or approximate classes. It should be noted that for products having multiple uses, if some of the uses are the same and some are not, they are regarded as products of approximate classes.

Evidence 5 shows a Chinese patent for design No. 200730148751.9 with a title "EQUIPMENT FOR RECORDING OR REPRODUCTION OF SOUNDS OR PICTURES", which has the same filling date of Jun. 29, 2007 as the present patent. Firstly, the present patent pertains to a mobile communication device which usually has the functions of playing music and downloading pictures and texts. Some of the uses of the product disclosed by evidence 5 and the present patent are identical, and thus the two products are regarded as products of approximate classes. Secondly, the front view disclosed in evidence 5 and that of the present patent are completely identical. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect despite the slight differences between the rear views or left side views and right side views of the two products. Therefore, the products of evidence 5 and the present patent do not have prominent differences in the whole visual effect and

possess the similarity.

Evidence 6 shows a Chinese patent for design No. 200730148719.0 with a title "MOBILE COMMUNICATION DEVICE", which has the same filling date of Jun. 29, 2007 as the present patent. Firstly, the product of Evidence 6 pertains to a mobile communication device which usually has the function of data download and data processing. Some of the uses of the product disclosed by evidence 6 and the present patent are identical, and thus the two products are regarded as products of approximate classes. Secondly, the front view disclosed in evidence 6 and that of the present patent are completely identical. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect despite the slight differences between the rear views or left side views and right side views of the two products. Therefore, the products of evidence 6 and the present patent do not have prominent differences in the whole visual effect and posses the similarity.

According to the above-mentioned evidences 5-6, the present patent and evidences 5-6 are identical designs, thereby failing to comply with Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law.

To sum up, the above-mentioned evidences prove that there are similar designs which have been publicly disclosed in publications in china before the date of filing of the present patent, so that the present patent obviously does not comply with Art.23 of the Chinese Patent Law and Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law. The petitioner therefore requests the Board to declare the above mentioned patent for design completely invalid.

Petitioner: Shanghai Leon Networks In formation Co. Ltd

Patent Attorney: Advance China I.P. Law Office

Zeng Minhui Zhao Lei

Nov. 12, 2008

NPL26

Patent Reexamination Board of the State Intellectual Property Office of the PRC

| Vantone New World Plaza, 8th Flr.<br>2, Fuchengmenwai Street, Beijing 100037, China | Issued on: Dec. 12, 2008 |
|---|---|

| Patent No.: 200730148751.9 | PRB's Docket No.: W608510 |
|---|---|
| Title of the Invention: | EQUIPMENT FOR RECORDING OR REPRODUCTION OF SOUNDS OR PICTURES |
| Petitionee (patentee): | APPLE INC. |
| Petitioner: | SHANGHAI LEON NETWORKS INFORMATION CO., LTD |

Notification for Acceptance of Request for Invalidation

To the Patentee:

The petitioner filed a request for invalidation of the captioned patent on Nov. 21, 2008. After a formal examination, the request is found to be in conformity with the provisions of the Chinese Patent Law and the Implementing Regulations of the Chinese Patent Law, and thus is accepted. The patentee is requested to make observations on the request for invalidation within **one month** of receipt of this notification. Failing to respond within said time limit will not affect the Patent Reexamination Board's examination thereof. The observations shall be submitted in two copies, with the PRB's docket number and the patent number indicated.

Pursuant to Rule 68 of the Implementing Regulations of the Chinese Patent Law,

during the examination of the request for invalidation, the patentee of a patent for invention or utility model may amend the claims, but cannot enlarge the protection scope of the original patent. The patentee of the patent for invention or utility model cannot amend the description and the drawings. The patentee of a patent for industrial design cannot amend the drawings, photographs and the brief explanation of the design.

Pursuant to Rule 70 of the Implementing Regulations of the Chinese Patent Law, during the examination of the request for invalidation, the deadlines specified by the Patent Reexamination Board shall not be extended.

Pursuant to provisions of Rule 71 of the Implementation of the Chinese Patent Law, before the Patent Reexamination Board makes a decision on the request for invalidation, the petitioner for invalidation may withdraw such a request. Where the petitioner for invalidation withdraws his request before the Patent Reexamination Board makes the decision, the procedures for examining the request for invalidation shall be terminated.

According to provisions relate to presenting evidence in a foreign language of the Section 2.2.1 of Part IV Chapter 8 of the Guidelines, where the party concerned submits evidence in a foreign language, he shall also submit the Chinese translation thereof. If he fails to submit the Chinese translation within the limit for producing evidences, the foreign language evidence shall be deemed not to have been submitted. The party concerned shall submit the Chinese translation in written form. If he fails to submit the Chinese translation in written form, the said Chinese translation shall be deemed not to have been submitted. The party concerned may submit the Chinese translation only for part of foreign language evidence. Other parts of the foreign language evidence without

Chinese translation being submitted shall not be taken as evidence, unless the Chinese translation for the other parts are subsequently submitted at the request of the Patent Reexamination Board. If the opposite party has objection to the contents of the Chinese translation, he shall submit the Chinese translation for the disputed parts within a specified time limit. Failure to submit the Chinese translation shall be deemed as having no objection to the translation. Where there is a dispute in the Chinese translation, if the both parties have reached an agreement as to the translation, the agreed translation shall be used; if the both parties cannot reach an agreement as to the translation, the Patent Reexamination Board may entrust a translator to translate when necessary. Where the both parties have reached an agreement on the translator, the Patent Reexamination Board may entrust the translator as agreed on by the both partied to translate, for the full text, the part to be used, or the part in dispute. Where the both parties cannot reach an agreement on the translator, the Patent Reexamination Board may entrust ex officio a professional translation agency to translate. The both parties shall respectively bear 50% of the translation fee for the entrusted translation. The party refusing to pay the translation fee shall be deemed to acknowledge that the Chinese translation submitted by the other party is correct.

Annex:

☒ "Request for Invalidation" and a copy of the attachments as listed therein.

☐ The supplementary opinion and a copy of the attachments as listed therein submitted by the petitioner on ______

The Patent Reexamination Board

# 中华人民共和国国家知识产权局专利复审委员会

100037

北京市阜成门外大街2号万通新世界广场8层

中国国际贸易促进委员会专利商标事务所

范莉

发文日期：
专利复审委员会
2008 -12- 12
发 文

| 专 利 号：200730148751.9 | 案件编号：W608510 |
|---|---|
| 发明创造名称：声音或图像的记录或复制设备 | |
| 专利权人：苹果公司 | |
| 无效宣告请求人：上海罗恩网络信息有限公司 | |

## 无效宣告请求受理通知书

专利权人：

2008年11月21日无效宣告请求人对上栏所述专利权提出的无效宣告请求，经形式审查符合专利法及其实施细则和审查指南的有关规定，准予受理。请在收到本通知之日起壹个月内对该无效宣告请求陈述意见；期满未答复的，不影响专利复审委员会审理。意见陈述书请提交一式两份，并注明案件编号和专利号。

根据《中华人民共和国专利法实施细则》第六十八条的规定，在无效宣告请求的审查过程中，发明或者实用新型专利的专利权人可以修改其权利要求书，但是不得扩大原专利的保护范围。发明或者实用新型专利的专利权人不得修改专利说明书和附图，外观设计专利的专利权人不得修改图片、照片和简要说明。

根据《中华人民共和国专利法实施细则》第七十条的规定，在无效宣告请求审查程序中，专利复审委员会指定的期限不得延长。

根据《审查指南》第四部分第八章2．2．1节关于外文证据提交的规定，当事人提交外文证据的，应当提交中文译文，未在举证期限内提交中文译文的，该外文证据视为未提交。当事人应当以书面方式提交中文译文，未以书面方式提交中文译文的，该中文译文视为未提交。当事人可以仅提交外文证据的部分中文译文。该外文证据中没有提交中文译文的部分，不作为证据使用。但当事人应专利复审委员会的要求补充提交该外文证据其他部分的中文译文的除外。对方当事人对中文译文内容有异议的，应当在指定的期限内对有异议的部分提交中文译文。没有提交中文译文的，视为无异议。对中文译文出现异议时，双方当事

人就异议部分达成一致意见的，以双方最终认可的中文译文为准。双方当事人未能就异议部分达成一致意见的，必要时，专利复审委员会可以委托翻译。双方当事人就委托翻译达成协议的，专利复审委员会可以委托双方当事人认可的翻译单位进行全文、所使用部分或者有异议部分的翻译。双方当事人就委托翻译达不成协议的，专利复审委员会可以自行委托专业翻译单位进行翻译。委托翻译所需翻译费用由双方当事人各承担 50%；拒绝支付翻译费用的，视为其承认对方当事人提交的中文译文正确。

随本通知书将下列文件转送专利权人：

☒《专利权无效宣告请求书》及其附件清单中所列附件副本。

☐无效宣告请求人于 年 月 日提交的补充意见及其附件清单中所列附件副本。

☐

审查员：万琦

回函请直寄：100088 北京海淀区蓟门桥西土城路 6 号 国家知识产权局专利复审委员会

# 专利权无效宣告请求书

请按照本表背面"填表注意事项"正确填写本表各栏

| ① 无效宣告请求人 | 姓名或名称（代表） 上海罗恩网络信息有限公司 | 国籍或所在地国家 中国 |
|---|---|---|
| | 邮政编码 地址 上海市漕溪路二五0号B1七0四室 | 联系人姓名 电话 |
| ② 专利代理机构 | 名称 广州华进联合专利商标代理有限公司 | 专利代理机构代码 44224 |
| | 邮政编码 510095 地址 广州市先烈中路69号东山广场9楼918—920室 | |
| | 代理人姓名 曾旻辉 赵磊 专利代理人工作证号 4422405754.2 4422408759.7 | 电话 020-87323188-806 |

专利复审委员会 2008-11-21 收

③

根据《中华人民共和国专利法》第四十五条及《中华人民共和国专利法实施细则》第六十四条规定对下述专利权提出无效宣告请求：

专利号 200730148751.9　　授权公告日 2008.06.04

专利权人（代表） 苹果公司

发明创造名称 声音或图像的记录或复制设备

④ 无效宣告请求的理由、范围及所依据的证据

| 理　由 | 范　围 | 依据的证据 |
|---|---|---|
| 专利法第 23 条第 款<br>实施细则第 条第 款 | 权利要求 | 证据 1 |
| 专利法第 23 条第 款<br>实施细则第 条第 款 | 权利要求 | 证据 2 |
| 专利法第 23 条第 款<br>实施细则第 条第 款 | 权利要求 | 证据 3 |
| 专利法第 23 条第 款<br>实施细则第 条第 款 | 权利要求 | 证据 4 |
| 专利法第 条第 款<br>实施细则第 13 条第 1 款 | 权利要求 | 证据 5 |
| 专利法第 条第 款<br>实施细则第 13 条第 1 款 | 权利要求 | 证据 6 |

⑤结合证据对无效宣告请求理由的具体意见陈述

请参见附页（共6页）

10601　2002.1

# 专利权无效宣告请求书

| ⑥ 附件清单 | |
|---|---|
| 文件名称 | 份数及页数 |
| ☒附件 1：2008 沪闵证字第 3236 号公证书复印件 | 2 份，每份 6 页 |
| ☒附件 2：2004 年第 12 新潮电子封面、出版信息页、第 60 页 | 2 份，每份 3 页 |
| ☒附件 3：2005 年 6 月 1 日总第 119 期新潮电子封面、出版信息页、第 45 页 | 2 份，每份 3 页 |
| ☒附件 4：2006 年 4 月总第 172 期通信技术封面、出版信息页、第 26 页 | 2 份，每份 3 页 |
| ☒附件 5：专利号为 200730148719.0、名称为“移动式通讯装置”的中国外观设计专利图片或照片复印件 | 2 份，每份 3 页 |
| ☒附件 6：专利号为 200730148767.x、名称为“数据处理装置”的中国外观设计专利图片或照片复印件 | 2 份，每份 3 页 |
| ☐附件 7 | 份，每份 页 |
| ☐附件 8 | 份，每份 页 |
| ☐附件 9 | 份，每份 页 |
| ☐附件 10 | 份，每份 页 |

| ⑦无效宣告请求人或专利代理机构签章 | ⑧专利复审委员会处理意见 |
|---|---|
| 广州华进联合专利商标代理有限公司 业务专用章 2008年11月12日 | 年 月 日 |

注意事项：

1. 根据专利法实施细则第六十六条的规定，无效宣告请求人可以在提出无效宣告请求之日起 1 个月内增加理由或者补充证据。逾期增加理由或者补充证据的，专利复审委员会可以不予考虑。
2. 根据《审查指南》第四部分第一章 14 节关于外文证据翻译的规定，当事人提交外文证据的，应当在提交该外文证据的同时提交所使用部分的中文译文。当事人未在提交外文证据的同时提交中文译文的，应当主动补正。在专利复审委员会书面通知指定期限内仍未补交的，该外文证据视为未提交。对方当事人对译文具体内容有异议的，应当对有异议的部分提交中文译文。必要时，可以委托双方当事人认可的单位进行全文、所使用部分或者有异议部分的翻译。双方当事人对委托翻译达不成协议的，专利复审委员会可以委托专业翻译单位进行全文、所使用部分或者有异议部分的翻译。委托翻译所需费由双方当事人各承担 50%；拒绝支付翻译费用的，视为其承认对方提交的译文正确。
3. 根据专利法实施细则第九十七条的规定，无效宣告请求人应当自提出请求之日起壹个月内，缴纳无效宣告请求费。期满未缴纳或者未缴足的，视为未提出无效宣告请求。

10601 2002.1

国家知识产权局专利复审委员会：

请求人上海罗恩网络信息有限公司基于现有技术，认为专利号为200730148751.9、名称为“声音或图像的记录或复制设备”的外观设计专利不符合专利法的有关规定，现依据《中华人民共和国专利法》第二十三条、第四十五条以及《专利法实施细则》第六十四条之规定，向贵委员会提请宣告该专利权无效。

《中华人民共和国专利法》第二十三条规定：“授予专利权的外观设计，应当同申请日以前在国内外出版物上公开发表过或者国内公开使用过的外观设计不相同和不相近似，并不得与他人在先取得的合法权利相冲突。”

《中华人民共和国专利法实施细则》第十三条第一款规定：“同样的发明创造只能被授予一项专利。”

下列证据证明在本案专利申请日之前已经有相近似的外观设计在国外公开出版物上公开发表过，以及证明该本案专利不符合专利法实施细则第十三条第一款的规定。

具体证据如下：

证据1、（2008）沪闵证字第3236号公证书复印件；

证据2、2004年第12期新潮电子封面、出版信息页、第60页；

证据3、2005年6月1日总第119期新潮电子封面、出版信息页、第45页；

证据4、2006年4月总第172期通信技术封面、出版信息页、第26页；

打印ID798214 Pg 6

专利号：200730148751.9 名称：声音或图像的记录或复制设备 无效宣告请求书正文 共6页

证据5、专利号为200730148719.0、名称为“移动式通讯装置”的中国外观设计专利图片或照片复印件；

证据6、专利号为200730148767.x、名称为“数据处理装置”的中国外观设计专利图片或照片复印件。

一、本案专利明显不符合专利法第二十三条的规定。

证据1中是2006年6月29日网页公开的LG公司生产的一款DMB MP3播放器FM35产品。其公开日期早于本案专利的申请日期，也早于本案专利的优先权日期。证据1中公开的该款FM35播放器产品可以用来播放MP3、WMA、OGG等传统音频格式文件，支持AVI和ASF格式文件，此外增加了DMB技术的支持，可以通过这款播放器来收看DMB节目和广播等内容，通过连接电脑下载图片和文本等文件。首先，证据1公开的产品是播放器，具有记录和复制声音或图像的功能，因此，证据1公开的产品和本案专利产品的用途相同，属于相同类别的产品；其次，将证据1公开的产品与本案专利的六视图比较，二者的主视图均为一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方形，该长方形下方设有圆形按键；后视图也为一个竖置的长方形；左视图和右视图均为则分别是竖置的上下两侧弧形过渡的长方形。作为使用时容易看到的部位，主视图对整体视觉效果的影响较大，虽然本案专利主视图中长方形上方为长条形框，证据1中产品的主视图中为音乐符号，但是其本身尺寸较小，属于局部的细微变化，二者的区别对整体视觉效果不足以产生显著影

2

APLNDC00030551

响。可见，本案专利与其申请日以前公开的证据1中的产品外观设计相近似。

证据2是2004年12月1日出版的第12期新潮电子杂志，该杂志出版日期早于本案专利申请时间，也早于本案申请的优先权日期。证据2中公开了一种多普达818智能手机图片。首先，证据2中公开的产品为智能手机，通常也具有记录或复制声音和图像的功能，因此，证据2中公开的产品与本案专利的产品的部分用途相同，属于相近类别的产品；其次，证据2中公开的多普达818智能手机的主视图同样是一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方形，该长方形上方设有条形框，下方设有按键。作为使用时容易看到的部位，主视图对整体视觉效果的影响较大，虽然本案专利与证据2中产品的条形框以及按键形状不同，但是其本身尺寸较小，属于局部的细微变化，二者的区别对整体视觉效果不足以产生显著影响。可见，本案专利与其申请日以前公开的证据2中的产品外观设计相近似。

证据3是2005年6月1日出版的总第119期的新潮电子杂志，该杂志的出版日期早于本案专利申请时间，也早于本案申请的优先权日期。证据3中公开了一种多普达828+智能手机图片。首先，证据3中公开的产品为智能手机，通常也具有记录或复制声音和图像的功能，因此，证据3中公开的产品与本案专利的产品的部分用途相同，属于相近类别的产品；其次，证据3中公开的产品主视图同样是一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设

有一个竖置的长方形，该长方形上方设有条形框，下方设有按键。作为使用时容易看到的部位，主视图对整体视觉效果的影响较大，虽然本案专利与证据 3 中产品的按键形状不同，但是作为产品的惯常设计，其本身尺寸较小，属于局部的细微变化，二者的区别对整体视觉效果不足以产生显著影响。可见，本案专利与其申请日以前公开的证据 3 中的产品外观设计相近似。

证据 4 是 2006 年 4 月出版的总第 172 期通信技术杂志，该杂志出版日期早于本案专利申请时间，也早于本案申请的优先权日期。证据 4 中同样公开了一种多普达 828+智能手机图片。首先，证据 4 中公开的产品为智能手机，通常也具有记录或复制声音和图像的功能，因此，证据 4 中公开的产品与本案专利的产品的部分用途相同，属于相近类别的产品；其次，证据 4 中公开的多普达 828+智能手机的主视图同样是一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方形，该长方形上方设有条形框，下方设有按键。作为使用时容易看到的部位，主视图对整体视觉效果的影响较大，虽然本案专利与证据 4 中产品的条形框以及按键形状不同，但是作为产品的惯常设计，其本身尺寸较小，属于局部的细微变化，二者的区别对整体视觉效果不足以产生显著影响。可见，本案专利与其申请日以前公开的证据 4 中的产品外观设计相近似。

上述证据充分证明在本案专利的申请日之前，在该类产品设计中，产品是一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方形，该长方形上方设有条形框，下

方设有按键的设计，均为行业中的惯常设计，并且已经有相近似的外观设计在国内出版物上公开发表过，因此本案专利明显不符合专利法第二十三条的规定。

二、本案专利不符合专利法实施细则第十三条第一款的规定。

按照审查指南的相关规定，同样的外观设计是指两项外观设计相同或者相近似，外观设计相同是指被比设计与在先设计是同一类别的产品的外观设计，并且被比设计的全部外观设计要素与在先设计的相应要素相同，其中外观设计的要素是指形状、图案以及色彩。同一类别的产品是指用途完全相同的产品。所谓相近类别的产品是指用途接近的产品。只有对于相同或者相近类别的产品，才可能存在外观设计相近似的情况。应当注意的是，当产品具有多种用途时，如果其中部分用途相同，而其他用途不同，则二者应属于相近类别的产品。

证据5是专利号为200730148719.0、名称为“移动式通讯装置”的中国外观设计专利，其申请日期为2007年6月29日，与本案专利相同。首先，证据5的产品是移动式通讯装置，通常也具有播放音乐和下载图片文本的功能，因此，证据5公开的产品和本案专利产品的部分用途相同，属于相近类别的产品；其次，证据5中公开的主视图与本案专利完全一样，虽然二者后视图或左右视图中存在细微差异，但是主视图作为使用时容易看到的部位，其对整体视觉效果的影响较大，因此本案专利和证据5的外观设计整体视觉效果上不存在显著区别，两者属于相近似的外观设计。

打印ID798214 Pg 10
专利号：200730148751.9 名称：声音或图像的记录或复制设备 无效宣告请求书正文 共6页

证据6是专利号为200730148767.x、名称为“数据处理装置”的中国外观设计专利，其申请日期为2007年6月29日，与本案专利相同。首先，本案专利的产品是声音或图像的记录或复制设备，通常也具有声音或图像数据下载和处理的功能，因此，证据6的产品和本案专利产品的部分用途相同，属于相近类别的产品；其次，证据6中公开的主视图与本案专利完全一样，虽然二者后视图或左右视图中存在细微差异，但是主视图作为使用时容易看到的部位，其对整体视觉效果的影响较大，因此本案专利和证据6的外观设计整体视觉效果上不存在显著区别，两者属于相近似的外观设计。

上述证据充分证明本案专利与证据5和证据6分别是同样的外观设计，不符合专利法实施细则第十三条第一款的规定。

综上所述，上述证据证明在本案专利申请日前已经有相近似的外观设计在国内公开出版物上公开过，因此本案专利明显不符合专利法第二十三条的规定，同时本案专利也不符合专利法实施细则第十三条第一款的规定，特请求贵委员会完全无效该专利权。

请求人：上海罗恩网络信息有限公司

代理人：广州华进联合专利商标代理有限公司

广州华进联合专利商标代理有限公司 业务专用章

曾旻辉 赵磊

日期：2008年11月12日

6

APLNDC00030555

# Request for Declaring Invalidation

Patent Reexamination Board:
The petitioner "Shanghai Leon Networks In formation Co. Ltd", on the basis of the prior art, considers that the Chinese design patent No. 200730148751.9, of which the title is "EQUIPMENT FOR RECORDING OR REPRODUCTION OF SOUNDS OR PICTURES", does not comply with corresponding provisions of the Chinese Patent Law. According to Art.23 and Art.45 of the Chinese Patent Law and Rule.64 of the Implementing Regulations of the Chinese Patent Law, the petitioner filed the request for declaring invalidation against the above mentioned design patent.

Under Art.23 of the Chinese Patent Law, "any design for which patent right may be granted must not be identical with and similar to any design which, before the date of filing, has been publicly disclosed in publications in the country or abroad or has been publicly used in the country, and must not be in conflict with any prior right of any other person".

Under Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law, "for any identical invention-creation, only one patent right shall be granted".

The following evidences are provided to prove that there are similar designs which have been publicly disclosed in publications before the date of filing of the present patent, so that the above mentioned patent for design does not comply with Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law.

The evidences are as follows:

Evidence 1: A copy of the notarial deed with a serial number of (2008) 3236 issued by Shanghai Minhang notarial office.

Evidence 2: The cover, publication information page and page 60 of the magazine "eFashion Magazine", the 12th issue of 2004.

Evidence 3: The cover, publication information page and page 45 of the magazine "eFashion Magazine", the 119th issue in total with a publish date of June 1, 2005.

Evidence 4: The cover, publication information page and page 26 of the magazine "Communication Technology" published on April. 2006 and the 172th issue in total.

Evidence 5: The copy of the drawings or photos of the Chinese patent for design No. 200730148719.0 with a title "MOBILE COMMUNICATION DEVICE".

Evidence 6: The copy of the drawings or photos of the Chinese patent for design No. 200730148767.X with a title "DATA PROCESSING DEVICE".

1. The present patent obviously does not comply with the provisions of Art.23 of the Chinese Patent Law.

Evidence 1 shows a DMB MP3 player FM35 produced by LG Company and disclosed at web pages on June. 29, 2006 that is prior to the filling date and the priority date of the present patent. Said MP3 player is not only adapted for playing the conventional audio information, such as MP3, WMA, OGG etc and supporting AVI and ASF files, but also is available for receiving DMB programs and broadcast etc. for watching and for downloading pictures and texts by connecting to a computer. Firstly, the product of Evidence 1 pertains to a player, which usually has the functions of playing music and downloading pictures and texts. Thus the product disclosed by evidence 1 partly shares the same function with the product of the present patent and they belong to the similar class of the International Classification for Industrial Designs. Secondly, by comparing the player disclosed by evidence 1 with the six views of the present patent, it can be seen that the front views of the both two products are upright rectangles with four arc shaped corners. A frame is disposed on the four sides with an upright rectangle formed within the frame and a round button provided under the rectangle. The rear view shows an upright rectangle and the left and right side views also show an upright rectangle with arc shaped upside and downside portions. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect. A strip-shaped frame is located above the inner rectangle in the front view of the present patent, and a music sign is located above the rectangle in the front view of evidence 1, but the difference between the strip-shaped frame and the music sign is not sufficient enough to make prominent influence to the whole visual effect due to its small size which can be considered as slight local changes. Thus, the designs of the present patent and the product of the evidence 1 disclosed before the filling date of the present patent are similar to each other.

Evidence 2 is the magazine "eFashion Magazine", the 12th issue of 2004, published on Dec. 1, 2004 that is prior to the filling date and the priority date of the present patent. Evidence 2 discloses a picture of a Dopod 818 intelligent mobile telephone. Firstly, evidence 2 discloses an intelligent mobile telephone usually has the function of recording or reproducing sound or pictures and thus belongs to the similar class with the product of the present patent. Secondly, it can be seen that the front view of the Dopod 818 intelligent mobile telephone disclosed in evidence 2 is an upright rectangle with arc shaped four corners. A

frame is disposed on the four sides with an upright inner rectangle formed within the frame. A strip-shaped frame is provided above the inner rectangle and a button is provided under the inner rectangle. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect. The present patent and the product disclosed in evidence 2 are different in the location of the strip-shaped frame and the shape of the button, but the difference between them is not sufficient enough to make prominent influence to the whole visual effect due to its small size which can be considered as slight local changes. Thus, the designs of the present patent and the product of the evidence 2 disclosed before the filling date of the present patent are similar to each other.

Evidence 3 is the magazine "eFashion Magazine", the 119th issue in total, published on Jun. 1, 2005 that is prior to the filling date and the priority date of the present patent. Evidence 3 discloses a picture of a Dopod 828+ intelligent mobile telephone. Firstly, evidence 3 discloses an intelligent mobile telephone which has the function of recording or reproducing sound or pictures and thus belongs to the similar class with the product of the present patent. Secondly, it can be seen that the front view of the Dopod 828+ intelligent mobile telephone disclosed in evidence 3 is an upright rectangle with arc shaped four corners. A frame is disposed on the four sides with an inner upright rectangle formed within the frame. A strip-shaped frame is provided above the inner rectangle and a button is provided under the inner rectangle. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect. The present patent and the product disclosed in evidence 3 are different in the shape of the button, but the difference between them, which can be considered as slight local changes and the conventional design for a product, is not sufficient enough to make prominent influence to the whole visual effect. Thus, the designs of the present patent and the product disclosed by evidence 3 disclosed before the filling date of the present patent are similar to each other.

Evidence 4 is the magazine "Communication Technology", the 172th issue in total, published on April. 2006 that is prior to the filling date and the priority date of the present patent. Evidence 4 discloses a picture of a Dopod 828+ intelligent mobile telephone. Firstly, evidence 4 discloses an intelligent mobile telephone which has the function of recording and reproducing sound and pictures and thus belongs to the similar class with the product of the present patent. Secondly, it can be seen that the front view of the Dopod 828+ intelligent mobile telephone disclosed in evidence 4 is an upright rectangle with arc shaped four corners. A frame is disposed on the four sides with an upright inner rectangle formed within the frame. A strip-shaped frame is provided above the inner rectangle and a button is provided under the inner rectangle. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect. The present patent and the product disclosed in

evidence 4 are different in the location of the strip-shaped frame and the shape of the button, but the difference between them, which can be considered as slight local changes, is not sufficient enough to make prominent influence to the whole visual effect. Thus, the designs of the present patent and the product disclosed by evidence 4 disclosed before the filling date of the present patent are similar to each other.

According to the above-mentioned evidences 1-4, it involves the conventional design in the field to design an equipment for recording or reproducing sound and pictures as an upright rectangle with arc shaped four corners wherein a frame is disposed on the four sides with an upright inner rectangle formed within the frame with a strip-shaped frame provided above the inner rectangle and button/buttons provided under the inner rectangle. In addition, similar designs have been publicly disclosed in publications in china. Therefore, the present patent obviously does not comply with Art.23 of the Chinese Patent Law.

2. The present patent does not comply with the provisions of Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law.

According to corresponding regulations of the Guidelines for Examination, two identical or similar deigns can be considered as the same design, identity of designs means that the design being examined and the prior design are designs for the same class of products, and all the design features of the design being examined and the corresponding design features of the prior design are identical, wherein design features mean the three features of shape, pattern and color of a design. The products of the same class refer to the products that have completely the same use. Products of approximate classes refer to products that have the similar use. Similarity of designs exists only among products that belong to the same class or approximate classes. It should be noted that for products having multiple uses, if some of the uses are the same and some are not, they are regarded as products of approximate classes.

Evidence 5 shows a Chinese patent for design No. 200730148719.0 with a title “MOBILE COMMUNICATION DEVICE”, which has the same filling date of Jun. 29, 2007 as the present patent. Firstly, the product of Evidence 5 pertains to a mobile communication device which usually has the function of data download and playing music. Some of the uses of the product disclosed by evidence 5 and the present patent are identical, and thus the two products are regarded as products of approximate classes. Secondly, the front view disclosed in evidence 5 and that of the present patent are completely identical. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect despite the slight differences between the rear views or left side views and right side views of the two products. Therefore, the products of

evidence 5 and the present patent do not have prominent differences in the whole visual effect and posses the similarity.

Evidence 6 shows a Chinese patent for design No. 200730148767.x with a title "DATA PROCESSING DEVICE", which has the same filling date of Jun. 29, 2007 as the present patent. Firstly, the present patent pertains to an equipment for recording or reproducing sound and pictures which usually has the functions of playing music and downloading pictures and texts. Some of the uses of the product disclosed by evidence 6 and the present patent are identical, and thus the two products are regarded as products of approximate classes. Secondly, the front view disclosed in evidence 6 and that of the present patent are completely identical. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect despite the slight differences between the rear views or left side views and right side views of the two products. Therefore, the products of evidence 6 and the present patent do not have prominent differences in the whole visual effect and possess the similarity.

According to the above-mentioned evidences 5-6, the present patent and evidences 5-6 are identical designs, thereby failing to comply with Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law.

To sum up, the above-mentioned evidences prove that there are similar designs which have been publicly disclosed in publications in china before the date of filing of the present patent, so that the present patent obviously does not comply with Art.23 of the Chinese Patent Law and Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law. The petitioner therefore requests the Board to declare the above mentioned patent for design completely invalid.

Petitioner: Shanghai Leon Networks In formation Co. Ltd

Patent Attorney: Advance China I.P. Law Office

Zeng Minhui Zhao Lei

Nov. 12, 2008

Patent Reexamination Board of the State Intellectual Property Office of the PRC

| Vantone New World Plaza, 8th Flr.<br>2, Fuchengmenwai Street, Beijing 100037, China | Issued on:Dec. 11, 2008 |
|---|---|

| Patent No.: 200730148719.0 | PRB's Docket No.: W608509 |
|---|---|
| Title of the Invention: | MOBILE COMMUNICATION DEVICE |
| Petitionee (patentee): | APPLE INC. |
| Petitioner: | SHANGHAI LEON NETWORKS INFORMATION CO., LTD |

Notification for Acceptance of Request for Invalidation

To the Patentee:

The petitioner filed a request for invalidation of the captioned patent on Nov. 21, 2008. After a formal examination, the request is found to be in conformity with the provisions of the Chinese Patent Law and the Implementing Regulations of the Chinese Patent Law, and thus is accepted. The patentee is requested to make observations on the request for invalidation within **one month** of receipt of this notification. Failing to respond within said time limit will not affect the Patent Reexamination Board's examination thereof. The observations shall be submitted in two copies, with the PRB's docket number and the patent number indicated.

Pursuant to Rule 68 of the Implementing Regulations of the Chinese Patent Law,

during the examination of the request for invalidation, the patentee of a patent for invention or utility model may amend the claims, but cannot enlarge the protection scope of the original patent. The patentee of the patent for invention or utility model cannot amend the description and the drawings. The patentee of a patent for industrial design cannot amend the drawings, photographs and the brief explanation of the design.

Pursuant to Rule 70 of the Implementing Regulations of the Chinese Patent Law, during the examination of the request for invalidation, the deadlines specified by the Patent Reexamination Board shall not be extended.

Pursuant to provisions of Rule 71 of the Implementation of the Chinese Patent Law, before the Patent Reexamination Board makes a decision on the request for invalidation, the petitioner for invalidation may withdraw such a request. Where the petitioner for invalidation withdraws his request before the Patent Reexamination Board makes the decision, the procedures for examining the request for invalidation shall be terminated.

According to provisions relate to presenting evidence in a foreign language of the Section 2.2.1 of Part IV Chapter 8 of the Guidelines, where the party concerned submits evidence in a foreign language, he shall also submit the Chinese translation thereof. If he fails to submit the Chinese translation within the limit for producing evidences, the foreign language evidence shall be deemed not to have been submitted. The party concerned shall submit the Chinese translation in written form. If he fails to submit the Chinese translation in written form, the said Chinese translation shall be deemed not to have been submitted. The party concerned may submit the Chinese translation only for part of foreign language evidence. Other parts of the foreign language evidence without

Chinese translation being submitted shall not be taken as evidence, unless the Chinese translation for the other parts are subsequently submitted at the request of the Patent Reexamination Board. If the opposite party has objection to the contents of the Chinese translation, he shall submit the Chinese translation for the disputed parts within a specified time limit. Failure to submit the Chinese translation shall be deemed as having no objection to the translation. Where there is a dispute in the Chinese translation, if the both parties have reached an agreement as to the translation, the agreed translation shall be used; if the both parties cannot reach an agreement as to the translation, the Patent Reexamination Board may entrust a translator to translate when necessary. Where the both parties have reached an agreement on the translator, the Patent Reexamination Board may entrust the translator as agreed on by the both partied to translate, for the full text, the part to be used, or the part in dispute. Where the both parties cannot reach an agreement on the translator, the Patent Reexamination Board may entrust ex officio a professional translation agency to translate. The both parties shall respectively bear 50% of the translation fee for the entrusted translation. The party refusing to pay the translation fee shall be deemed to acknowledge that the Chinese translation submitted by the other party is correct.

Annex:

☒ "Request for Invalidation" and a copy of the attachments as listed therein.

☐ The supplementary opinion and a copy of the attachments as listed therein submitted by the petitioner on ______

The Patent Reexamination Board



# 中华人民共和国国家知识产权局专利复审委员会

| 100037<br>北京市阜成门外大街 2 号万通新世界广场 8 层<br>中国国际贸易促进委员会专利商标事务所<br>范莉 | 发文日期： |
|---|---|

| 专 利 号：200730148719.0 | 案件编号：W608509 |
|---|---|
| 发明创造名称：移动式通讯装置 | |
| 专利权人：苹果公司 | |
| 无效宣告请求人：上海罗恩网络信息有限公司 | |

## 无 效 宣 告 请 求 受 理 通 知 书

专利权人：

2008 年 11 月 21 日无效宣告请求人对上栏所述专利权提出的无效宣告请求，经形式审查符合专利法及其实施细则和审查指南的有关规定，准予受理。请在收到本通知之日起壹个月内对该无效宣告请求陈述意见；期满未答复的，不影响专利复审委员会审理。意见陈述书请提交一式两份，并注明案件编号和专利号。

根据《中华人民共和国专利法实施细则》第六十八条的规定，在无效宣告请求的审查过程中，发明或者实用新型专利的专利权人可以修改其权利要求书，但是不得扩大原专利的保护范围。发明或者实用新型专利的专利权人不得修改专利说明书和附图，外观设计专利的专利权人不得修改图片、照片和简要说明。

根据《中华人民共和国专利法实施细则》第七十条的规定，在无效宣告请求审查程序中，专利复审委员会指定的期限不得延长。

根据《审查指南》第四部分第八章 2．2．1 节关于外文证据提交的规定，当事人提交外文证据的，应当提交中文译文，未在举证期限内提交中文译文的，该外文证据视为未提交。当事人应当以书面方式提交中文译文，未以书面方式提交中文译文的，该中文译文视为未提交。当事人可以仅提交外文证据的部分中文译文。该外文证据中没有提交中文译文的部分，不作为证据使用。但当事人应专利复审委员会的要求补充提交该外文证据其他部分的中文译文的除外。对方当事人对中文译文内容有异议的，应当在指定的期限内对有异议的部分提交中文译文。没有提交中文译文的，视为无异议。对中文译文出现异议时，双方当事

人就异议部分达成一致意见的，以双方最终认可的中文译文为准。双方当事人未能就异议部分达成一致意见的，必要时，专利复审委员会可以委托翻译。双方当事人就委托翻译达成协议的，专利复审委员会可以委托双方当事人认可的翻译单位进行全文、所使用部分或者有异议部分的翻译。双方当事人就委托翻译达不成协议的，专利复审委员会可以自行委托专业翻译单位进行翻译。委托翻译所需翻译费用由双方当事人各承担 50%；拒绝支付翻译费用的，视为其承认对方当事人提交的中文译文正确。

随本通知书将下列文件转送专利权人：

☒《专利权无效宣告请求书》及其附件清单中所列附件副本。

☐无效宣告请求人于　　年　　月　　日提交的补充意见及其附件清单中所列附件副本。

☐

审查员：万琦

回函请直寄：100088 北京海淀区蓟门桥西土城路 6 号　国家知识产权局专利复审委员会
20603　2006. 7

# 专利权无效宣告请求书

请按照本表背面"填表注意事项"正确填写本表各栏

| ① 无效宣告请求人 | 姓名或名称（代表） 上海罗恩网络信息有限公司 | 国籍或所在地国家 中国 |
|---|---|---|
| | 邮政编码　地址 上海市漕溪路二五0号B1七0四室 | 联系人姓名 电话 |
| ② 专利代理机构 | 名称 广州华进联合专利商标代理有限公司 | 专利代理机构代码 44224 |
| | 邮政编码 510095　地址 广州市先烈中路69号东山广场9楼918—920室 | |
| | 代理人姓名 曾旻辉 赵磊　专利代理人工作证号 4422405754.2 4422408759.7 | 电话 020-87323188-806 |

专利复审委员会 2008-11-24

③

根据《中华人民共和国专利法》第四十五条及《中华人民共和国专利法实施细则》第六十四条规定对下述专利权提出无效宣告请求：

专利号 200730148719.0　　授权公告日 2008.06.04

专利权人（代表） 苹果公司

发明创造名称 移动式通讯装置

④ 无效宣告请求的理由、范围及所依据的证据

| 理　由 | 范　围 | 依据的证据 |
|---|---|---|
| 专利法第23条第　款<br>实施细则第　条第　款 | 权利要求 | 证据1 |
| 专利法第23条第　款<br>实施细则第　条第　款 | 权利要求 | 证据2 |
| 专利法第23条第　款<br>实施细则第　条第　款 | 权利要求 | 证据3 |
| 专利法第23条第　款<br>实施细则第　条第　款 | 权利要求 | 证据4 |
| 专利法第　条第　款<br>实施细则第13条第1款 | 权利要求 | 证据5 |
| 专利法第　条第　款<br>实施细则第13条第1款 | 权利要求 | 证据6 |

⑤结合证据对无效宣告请求理由的具体意见陈述

请参见附页（共6页）

10601　2002.1

# 专利权无效宣告请求书

| ⑥ 附件清单 | |
|---|---|
| 文件名称 | 份数及页数 |
| ☒附件 1：2008 沪闵证字第 3236 号公证书复印件 | 2 份，每份 6 页 |
| ☒附件 2：2004 年第 12 新潮电子封面、出版信息页、第 60 页 | 2 份，每份 3 页 |
| ☒附件 3：2005 年 6 月 1 日总第 119 期新潮电子封面、出版信息页、第 45 页 | 2 份，每份 3 页 |
| ☒附件 4：2006 年 4 月总第 172 期通信技术封面、出版信息页、第 26 页 | 2 份，每份 3 页 |
| ☒附件 5：专利号为 200730148751.9、名称为“声音或图像的记录或复制设备”的中国外观设计专利图片或照片复印件 | 2 份，每份 3 页 |
| ☒附件 6：专利号为 200730148767.x、名称为“数据处理装置”的中国外观设计专利图片或照片复印件 | 2 份，每份 3 页 |
| ☐附件 7 | 份，每份 页 |
| ☐附件 8 | 份，每份 页 |
| ☐附件 9 | 份，每份 页 |
| ☐附件 10 | 份，每份 页 |

| ⑦无效宣告请求人或专利代理机构签章 | ⑧专利复审委员会处理意见 |
|---|---|
| 广州华进联合专利商标代理有限公司 业务专用章<br>2008 年 11 月 12 日 | 年 月 日 |

**注意事项：**

1. 根据专利法实施细则第六十六条的规定，无效宣告请求人可以在提出无效宣告请求之日起 1 个月内增加理由或者补充证据。逾期增加理由或者补充证据的，专利复审委员会可以不予考虑。
2. 根据《审查指南》第四部分第一章 14 节关于外文证据翻译的规定，当事人提交外文证据的，应当在提交该外文证据的同时提交所使用部分的中文译文。当事人未在提交外文证据的同时提交中文译文的，应当主动补正。在专利复审委员会书面通知指定期限内仍未补交的，该外文证据视为未提交。对方当事人对译文具体内容有异议的，应当对有异议的部分提交中文译文。必要时，可以委托双方当事人认可的单位进行全文、所使用部分或者有异议部分的翻译。双方当事人对委托翻译达不成协议的，专利复审委员会可以委托专业翻译单位进行全文、所使用部分或者有异议部分的翻译。委托翻译所需费由双方当事人各承担 50%；拒绝支付翻译费用的，视为其承认对方提交的译文正确。
3. 根据专利法实施细则第九十七条的规定，无效宣告请求人应当自提出请求之日起壹个月内，缴纳无效宣告请求费。期满未缴纳或者未缴足的，视为未提出无效宣告请求。

国家知识产权局专利复审委员会:

请求人上海罗恩网络信息有限公司基于现有技术，认为专利号为200730148719.0、名称为“移动式通讯装置”的外观设计专利不符合专利法的有关规定，现依据《中华人民共和国专利法》第二十三条、第四十五条以及《专利法实施细则》第六十四条之规定，向贵委员会提请宣告该专利权无效。

《中华人民共和国专利法》第二十三条规定：“授予专利权的外观设计，应当同申请日以前在国内外出版物上公开发表过或者国内公开使用过的外观设计不相同和不相近似，并不得与他人在先取得的合法权利相冲突。”

《中华人民共和国专利法实施细则》第十三条第一款规定：“同样的发明创造只能被授予一项专利。”

下列证据证明在本案专利申请日之前已经有相近似的外观设计在国外公开出版物上公开发表过，以及证明该本案专利不符合专利法实施细则第十三条第一款的规定。

具体证据如下:

证据1、(2008)沪闵证字第3236号公证书复印件;

证据2、2004年第12期新潮电子封面、出版信息页、第60页;

证据3、2005年6月1日总第119期新潮电子封面、出版信息页、第45页;

证据4、2006年4月总第172期通信技术封面、出版信息页、第26页;

证据 5、专利号为 200730148751.9、名称为“声音或图像的记录或复制设备”的中国外观设计专利图片或照片复印件；

证据 6、专利号为 200730148767.x、名称为“数据处理装置”的中国外观设计专利图片或照片复印件。

一、本案专利明显不符合专利法第二十三条的规定。

证据 1 中是 2006 年 6 月 29 日网页公开的 LG 公司生产的一款 DMB MP3 播放器 FM35。其公开日期早于本案专利的申请日期，也早于本案专利的优先权日期。证据 1 中公开的该款 FM35 播放器产品可以用来播放 MP3、WMA、OGG 等传统音频格式文件，支持 AVI 和 ASF 格式文件，此外增加了 DMB 技术的支持，可以通过这款播放器来收看 DMB 节目和广播等内容，通过连接电脑下载图片和文本等文件。首先，本案专利的产品是移动式通讯装置，通常也具有播放音乐和下载图片文本的功能，因此，证据 1 公开的产品和本案专利产品的部分用途相同，属于相近类别的产品；其次，将证据 1 公开的产品与本案专利的六视图比较，二者的主视图均为一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方形，该长方形下方设有圆形按键；后视图也为一个竖置的长方形；左视图和右视图均为则分别是竖置的上下两侧弧形过渡的长方形。作为使用时容易看到的部位，主视图对整体视觉效果的影响较大，虽然本案专利主视图中长方形上方为长条形框，证据 1 中主视图中为音乐符号，但是其本身尺寸较小，属于局部的细微变化，二者的区别对整体视觉效果不足以产生

显著影响。可见，本案专利与其申请日以前公开的证据 1 中的产品外观设计相近似。

证据 2 是 2004 年 12 月 1 日出版的第 12 期新潮电子杂志，该杂志出版日期早于本案专利申请时间，也早于本案申请的优先权日期。证据 2 中公开了一种多普达 818 智能手机图片。首先，证据 2 中公开的产品为智能手机，与本案专利的移动式通讯装置属于同类产品；其次，证据 2 中公开的多普达 818 智能手机的主视图同样是一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方形，该长方形上方设有条形框，下方设有按键。作为使用时容易看到的部位，主视图对整体视觉效果的影响较大，虽然本案专利与证据 2 中产品的条形框位置以及按键形状不同，但是作为手机产品的惯常设计，其本身尺寸较小，属于局部的细微变化，二者的区别对整体视觉效果不足以产生显著影响。可见，本案专利与其申请日以前公开的证据 2 中的产品外观设计相近似。

证据 3 是 2005 年 6 月 1 日出版的总第 119 期的新潮电子杂志，该杂志的出版日期早于本案专利申请时间，也早于本案申请的优先权日期。证据 3 中公开了一种多普达 828+智能手机图片。首先，证据 3 中公开的产品为智能手机，与本案专利的移动式通讯装置属于同类产品；其次，证据 3 中公开的多普达 828+智能手机的主视图同样是一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方形，该长方形上方设有条形框，下方设有按键。作为使用时容易看到的部位，主视图对整体视觉效果的影响较大，虽

然本案专利与证据3中产品的按键形状不同，但是作为手机产品的惯常设计，属于局部的细微变化，二者的区别对整体视觉效果不足以产生显著影响。可见，本案专利与其申请日以前公开的证据3中的产品外观设计相近似。

证据4是2006年4月出版的总第172期通信技术杂志，该杂志出版日期早于本案专利申请时间，也早于本案申请的优先权日期。证据4中同样公开了一种多普达828+智能手机图片。首先，证据4中公开的产品为智能手机，与本案专利的移动式通讯装置属于同类产品；其次，证据4中公开的多普达828+智能手机的主视图同样是一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方形，该长方形上方设有条形框，下方设有按键。作为使用时容易看到的部位，主视图对整体视觉效果的影响较大，虽然本案专利与证据4中产品的条形框以及按键形状不同，但是作为手机产品的惯常设计，其本身尺寸较小，属于局部的细微变化，二者的区别对整体视觉效果不足以产生显著影响。可见，本案专利与其申请日以前公开的证据4中的产品外观设计相近似。

上述证据充分证明在本案专利的申请日之前，在手机产品设计中，产品是一个竖置的四角为圆弧过渡的长方形，沿其四边分别设有边框，边框内设有一个竖置的长方形，该长方形上方设有条形框，下方设有按键的设计，以及将条形框作为手机话筒或者听筒位置的设计，均为行业中的惯常设计，并且已经有相近似的外观设计在国内出版物上公开发表过，因此本案专利明显不符合专利法第二十三条的规

定。

二、本案专利不符合专利法实施细则第十三条第一款的规定。

按照审查指南的相关规定，同样的外观设计是指两项外观设计相同或者相近似，外观设计相同是指被比设计与在先设计是同一类别的产品的外观设计，并且被比设计的全部外观设计要素与在先设计的相应要素相同，其中外观设计的要素是指形状、图案以及色彩。同一类别的产品是指用途完全相同的产品。所谓相近类别的产品是指用途接近的产品。只有对于相同或者相近类别的产品，才可能存在外观设计相近似的情况。应当注意的是，当产品具有多种用途时，如果其中部分用途相同，而其他用途不同，则二者应属于相近类别的产品。

证据5是专利号为200730148751.9、名称为“声音或图像的记录或复制设备”的中国外观设计专利，其申请日期为2007年6月29日，与本案专利相同。首先，本案专利的产品是移动式通讯装置，通常也具有播放音乐和下载图片文本的功能，因此，证据5公开的产品和本案专利产品的部分用途相同，属于相近类别的产品；其次，证据5中公开的主视图与本案专利完全一样，虽然二者后视图或左右视图中存在细微差异，但是主视图作为使用时容易看到的部位，其对整体视觉效果的影响较大，因此本案专利和证据5的外观设计整体视觉效果上不存在显著区别，两者属于相近似的外观设计。

证据6是专利号为200730148767.x、名称为“数据处理装置”的中国外观设计专利，其申请日期为2007年6月29日，与本案专利相

同。首先，本案专利的产品是移动式通讯装置，通常也具有数据下载和处理的功能，因此，证据6的产品和本案专利产品的部分用途相同，属于相近类别的产品；其次，证据6中公开的主视图与本案专利完全一样，虽然二者后视图或左右视图中存在细微差异，但是主视图作为使用时容易看到的部位，其对整体视觉效果的影响较大，因此本案专利和证据6的外观设计整体视觉效果上不存在显著区别，两者属于相近似的外观设计。

上述证据充分证明本案专利与证据5和证据6分别是同样的外观设计，不符合专利法实施细则第十三条第一款的规定。

综上所述，上述证据证明在本案专利申请日前已经有相近似的外观设计在国内公开出版物上公开过，因此本案专利明显不符合专利法第二十三条的规定，同时本案专利也不符合专利法实施细则第十三条第一款的规定，特请求贵委员会完全无效该专利权。

请求人：上海罗恩网络信息有限公司

代理人：广州华进联合专利商标代理有限公司

广州华进联合专利商标代理有限公司 曾旻辉 赵磊 业务专用章

日期：2008年11月12日

Re: Chinese Design Patent No. 200730148719.0;
You Ref: APL1D562A.CN.A
Our Ref: LIW080036

# Request for Declaring Invalidation

Patent Reexamination Board:

The petitioner "Shanghai Leon Networks In formation Co. Ltd", on the basis of the prior art, considers that the Chinese design patent No. 200730148719.0, of which the title is "MOBILE COMMUNICATION DEVICE", does not comply with corresponding provisions of the Chinese Patent Law. According to Art.23 and Art.45 of the Chinese Patent Law and Rule.64 of the Implementing Regulations of the Chinese Patent Law, the petitioner filed the request for declaring invalidation against the above mentioned design patent.

Under Art.23 of the Chinese Patent Law, "any design for which patent right may be granted must not be identical with and similar to any design which, before the date of filing, has been publicly disclosed in publications in the country or abroad or has been publicly used in the country, and must not be in conflict with any prior right of any other person".

Under Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law, "for any identical invention-creation, only one patent right shall be granted".

The following evidences are provided to prove that there are similar designs which have been publicly disclosed in publications before the date of filing of the present patent, so that the above mentioned patent for design does not comply with Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law.

The evidences are as follows:

Evidence 1: A copy of the notarial deed with a serial number of (2008) 3236 issued by Shanghai Minhang notarial office.

Evidence 2: The cover, publication information page and page 60 of the magazine "eFashion Magazine", the 12th issue of 2004.

Evidence 3: The cover, publication information page and page 45 of the magazine "eFashion Magazine", the 119th issue in total with a publish date of June 1, 2005.

Evidence 4: The cover, publication information page and page 26 of the magazine "Communication Technology" published on April. 2006 and the 172th issue in total.

Evidence 5: The copy of the drawings or photos of the Chinese patent for design No. 200730148751.9 with a title "EQUIPMENT FOR RECORDING OR REPRODUCTION OF SOUNDS OR PICTURES".

Evidence 6: The copy of the drawings or photos of the Chinese patent for design No. 200730148767.x with a title "DATA PROCESSING DEVICE".

1. The present patent obviously does not comply with the provisions of Art.23 of the Chinese Patent Law.

Evidence 1 shows a DMB MP3 player FM35 produced by LG Company and disclosed at web pages on June. 29, 2006 that is prior to the filling date and the priority date of the present patent. Said MP3 player is not only adapted for playing the conventional audio information, such as MP3, WMA, OGG etc and supporting AVI and ASF files, but also is available for receiving DMB programs and broadcast etc. for watching and for downloading pictures and texts by connecting to a computer. Firstly, the present patent pertains to a mobile communication device which usually has the functions of playing music and downloading pictures and texts. Thus the product disclosed by evidence 1 partly shares the same function with the product of the present patent and they belong to the similar class of the International Classification for Industrial Designs. Secondly, by comparing the player disclosed by evidence 1 with the six views of the present patent, it can be seen that the front views of the both two products are upright rectangles with four arc shaped corners. A frame is disposed on the four sides with an upright rectangle formed within the frame and a round button provided under the rectangle. The rear view shows an upright rectangle and the left and right side views also show an upright rectangle with arc shaped upside and downside portions. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect. A strip-shaped frame is located above the inner rectangle in the front view of the present patent, and a music sign is located above the rectangle in the front view of evidence 1, but the difference between the strip-shaped frame and the music sign is not sufficient enough to make prominent influence to the whole visual effect due to its small size which can be considered as slight local changes. Thus, the designs of the present patent and the product of the evidence 1 disclosed before the filling date of the present patent are similar to each other.

Evidence 2 is the magazine "eFashion Magazine", the 12th issue of 2004, published on Dec. 1, 2004 that is prior to the filling date and the priority date of the present patent. Evidence 2 discloses a picture of a Dopod 818 intelligent mobile telephone. Firstly, evidence 2 discloses an intelligent mobile telephone which belongs to the similar class with the mobile communication device of the present patent. Secondly, it can be seen that the front view of the Dopod 818

intelligent mobile telephone disclosed in evidence 2 is an upright rectangle with arc shaped four corners. A frame is disposed on the four sides with an upright inner rectangle formed within the frame. A strip-shaped frame is provided above the inner rectangle and a button is provided under the inner rectangle. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect. The present patent and the product disclosed in evidence 2 are different in the location of the strip-shaped frame and the shape of the button, but the difference between them is not sufficient enough to make prominent influence to the whole visual effect due to its small size which can be considered as slight local changes and the conventional design for a mobile telephone. Thus, the designs of the present patent and the product of the evidence 2 disclosed before the filling date of the present patent are similar to each other.

Evidence 3 is the magazine "eFashion Magazine", the 119th issue in total, published on Jun. 1, 2005 that is prior to the filling date and the priority date of the present patent. Evidence 3 discloses a picture of a Dopod 828+ intelligent mobile telephone. Firstly, evidence 3 discloses an intelligent mobile telephone which belongs to the similar class with the mobile communication device of the present patent. Secondly, it can be seen that the front view of the Dopod 828+ intelligent mobile telephone disclosed in evidence 3 is an upright rectangle with arc shaped four corners. A frame is disposed on the four sides with an inner upright rectangle formed within the frame. A strip-shaped frame is provided above the inner rectangle and a button is provided under the inner rectangle. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect. The present patent and the product disclosed in evidence 3 are different in the shape of the button, but the difference between them, which can be considered as slight local changes and the conventional design for a mobile telephone, is not sufficient enough to make prominent influence to the whole visual effect. Thus, the designs of the present patent and the product disclosed by evidence 3 disclosed before the filling date of the present patent are similar to each other.

Evidence 4 is the magazine "Communication Technology", the 172th issue in total, published on April. 2006 that is prior to the filling date and the priority date of the present patent. Evidence 4 discloses a picture of a Dopod 828+ intelligent mobile telephone. Firstly, evidence 4 discloses an intelligent mobile telephone which belongs to the similar class with the mobile communication device of the present patent. Secondly, it can be seen that the front view of the Dopod 828+ intelligent mobile telephone disclosed in evidence 4 is an upright rectangle with arc shaped four corners. A frame is disposed on the four sides with an upright inner rectangle formed within the frame. A strip-shaped frame is provided above the inner rectangle and a button is provided under the inner rectangle. The front view, which shows the parts easily seen in use, makes a

greater influence on the whole visual effect. The present patent and the product disclosed in evidence 4 are different in the location of the strip-shaped frame and the shape of the button, but the difference between them, which can be considered as slight local changes and the conventional design for a mobile telephone, is not sufficient enough to make prominent influence to the whole visual effect. Thus, the designs of the present patent and the product disclosed by evidence 4 disclosed before the filling date of the present patent are similar to each other.

According to the above-mentioned evidences 1-4, it involves the conventional design in the field to design a mobile telephone as an upright rectangle with arc shaped four corners wherein a frame is disposed on the four sides with an upright inner rectangle formed within the frame with a strip-shaped frame, where the mouthpiece and the handset locates, provided above the inner rectangle and button/buttons provided under the inner rectangle. In addition, similar designs have been publicly disclosed in publications in china. Therefore, the present patent obviously does not comply with Art.23 of the Chinese Patent Law.

2. The present patent does not comply with the provisions of Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law.

According to corresponding regulations of the Guidelines for Examination, two identical or similar deigns can be considered as the same design, identity of designs means that the design being examined and the prior design are designs for the same class of products, and all the design features of the design being examined and the corresponding design features of the prior design are identical, wherein design features mean the three features of shape, pattern and color of a design. The products of the same class refer to the products that have completely the same use. Products of approximate classes refer to products that have the similar use. Similarity of designs exists only among products that belong to the same class or approximate classes. It should be noted that for products having multiple uses, if some of the uses are the same and some are not, they are regarded as products of approximate classes.

Evidence 5 shows a Chinese patent for design No. 200730148751.9 with a title “EQUIPMENT FOR RECORDING OR REPRODUCTION OF SOUNDS OR PICTURES”, which has the same filling date of Jun. 29, 2007 as the present patent. Firstly, the present patent pertains to a mobile communication device which usually has the functions of playing music and downloading pictures and texts. Some of the uses of the product disclosed by evidence 5 and the present patent are identical, and thus the two products are regarded as products of approximate classes. Secondly, the front view disclosed in evidence 5 and that of the present patent are completely identical. The front view, which shows the

parts easily seen in use, makes a greater influence on the whole visual effect despite the slight differences between the rear views or left side views and right side views of the two products. Therefore, the products of evidence 5 and the present patent do not have prominent differences in the whole visual effect and possess the similarity.

Evidence 6 shows a Chinese patent for design No. 200730148767.x with a title "DATA PROCESSING DEVICE", which has the same filling date of Jun. 29, 2007 as the present patent. Firstly, the present patent pertains to a mobile communication device which usually has the function of data download and data processing. Some of the uses of the product disclosed by evidence 6 and the present patent are identical, and thus the two products are regarded as products of approximate classes. Secondly, the front view disclosed in evidence 6 and that of the present patent are completely identical. The front view, which shows the parts easily seen in use, makes a greater influence on the whole visual effect despite the slight differences between the rear views or left side views and right side views of the two products. Therefore, the products of evidence 6 and the present patent do not have prominent differences in the whole visual effect and posses the similarity.

According to the above-mentioned evidences 5-6, the present patent and evidences 5-6 are identical designs, thereby failing to comply with Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law.

To sum up, the above-mentioned evidences prove that there are similar designs which have been publicly disclosed in publications in china before the date of filing of the present patent, so that the present patent obviously does not comply with Art.23 of the Chinese Patent Law and Rule.13 (1) of the Implementing Regulations of the Chinese Patent Law. The petitioner therefore requests the Board to declare the above mentioned patent for design completely invalid.

Petitioner: Shanghai Leon Networks In formation Co. Ltd

Patent Attorney: Advance China I.P. Law Office

Zeng Minhui Zhao Lei

Nov. 12, 2008

Case 5:11-cv-01846-LHK Document 1089-11 Filed 06/12/12 Page 65 of 76

**FP2**

## RCD-ONLINE - Design consultation service - RCD information

| | |
|---|---|
| **Design number :** | 000569157-0005 |
| **Number of results :** | 1 of 1 |

### Design

| | |
|---|---|
| **Filing date:** | 01/08/2006 |
| **Registration date:** | 01/08/2006 |
| **Publication date (A1):** | 05/09/2006 |
| **Expiry date:** | 01/08/2011 |
| **Locarno class-subclass:** | 14.03 |
| **Verbal element:** | |
| **Status:** | Registered and fully published (A1) |
| **Language of filing:** | English |
| **Second language:** | French |

### Representation

0005.1

0005.2

0005.3

0005.4

0005.5

0005.6

0005.7



## Indication of the product

**Indication of the product:** Mobile phones

## Owner

**Name of the owner:** LG Electronics Inc.
**ID number:** 144734
**Natural or legal person:** Legal entity
**Address:** 20, Yoido-dong, Yongdungpo-gu
**Post code:** 150-721
**Town:** Seoul
**Country:** KOREA, REPUBLIC OF
**Correspondence address:** LG Electronics Inc. 20, Yoido-dong, Yongdungpo-gu Seoul 150-721 REPÚBLICA DE COREA (LA)
**Telephone:**
**Fax:**
**E-mail:**

## Representative

**Name of the representative:** CABINET REGIMBEAU
**ID number:** 10866
**Natural or legal person:** Legal entity
**Address:** 20, rue de Chazelles
**Post code:** 75847
**Town:** Paris Cédex 17
**Country:** FRANCE
**Correspondence address:** CABINET REGIMBEAU 20, rue de Chazelles F-75847 Paris Cédex 17 FRANCIA
**Telephone:** 00 33-144293500
**Fax:** 00 33-144293599
**E-mail:** paris@regimbeau.fr

## Designer

No entry for design number: 000569157-0005

## Exhibition

No entry for design number: 000569157-0005

## Priority

**Country:** KOREA, REPUBLIC OF
**Date of application:** 21/02/2006
**Number of application:** 30-2006-0006542

APLNDC00030581

## Publication

| | |
|---|---|
| **Bulletin number:** | 2006/100 |
| **Date of publication:** | 05/09/2006 |
| **Part:** | A.1 |
| **Bulletin number:** | 2007/071 |
| **Date of publication:** | 08/05/2007 |
| **Part:** | A.3.2 |
| **Bulletin number:** | 2007/094 |
| **Date of publication:** | 03/07/2007 |
| **Part:** | B.2.2 |
| **Bulletin number:** | 2007/103 |
| **Date of publication:** | 31/07/2007 |
| **Part:** | B.2.2 |
| **Bulletin number:** | 2008/022 |
| **Date of publication:** | 01/02/2008 |
| **Part:** | B.2.2 |

## Renewals

No entry for design number: 000569157-0005

Printed on: 23/02/2008 08:36 PM

**FP3**

（１９）【発行国】日本国特許庁（ＪＰ）
（４５）【発行日】平成１４年１２月３日（２００２．１２．３）
（１２）【公報種別】意匠公報（Ｓ）
（１１）【登録番号】意匠登録第１１５９８８１号（Ｄ１１５９８８１）
（２４）【登録日】平成１４年１０月１１日（２００２．１０．１１）
（５４）【意匠に係る物品】音声記録再生機
【部分意匠】
【本意匠の意匠登録番号】意匠登録第１１５９６１８号（Ｄ１１５９６１８）
（５２）【意匠分類】Ｈ４－４０
（５１）【国際意匠分類（参考）】１４－０１
（２１）【出願番号】意願平１１－１４９
（２２）【出願日】平成１１年１月１日（１９９９．１．１）
（７２）【創作者】
【氏名】谷尾　聡
【住所又は居所】東京都渋谷区幡ヶ谷２丁目４３番２号　オリンパス光学工業株式会社内
（７３）【意匠権者】
【識別番号】０００００３７６
【氏名又は名称】オリンパス光学工業株式会社
【住所又は居所】東京都渋谷区幡ヶ谷２丁目４３番２号
（７４）【代理人】
【識別番号】１０００７６２３３
【弁理士】
【氏名又は名称】伊藤　進
【審査官】坂本　忠夫
（５６）【参考文献】ミニコンポＸＧ－Ｅ２０（電波新聞１０．４．２２Ｐ３１）．２頁、ＩＣ－Ｍ３
（５５）【意匠の説明】実線で表された部分が、部分意匠として意匠登録を受けようとする部分である。
【図面】
【正面図】

(2) 意匠登録1159881

【背面図】

【右側面図】

http://www4.ipdl.inpit.go.jp/dgde_img_cntnt.ipdl?N0000=3142&N0401=/NSAPITMP/web017/2... 12/18/2008

APLNDC00030584

(3) 意匠登録1159881

【左側面図】

【平面図】

http://www4.ipdl.inpit.go.jp/dgde_img_cntnt.ipdl?N0000=3142&N0401=/NSAPITMP/web017/2... 12/18/2008

APLNDC00030585

Page 1 of 1

(4) 意匠登録1159881

【底面図】

【参考斜視図】

http://www4.ipdl.inpit.go.jp/dgde_img_cntnt.ipdl?N0000=3142&N0401=/NSAPITMP/web017/2... 12/18/2008

APLNDC00030586

Page 1 of 1

(5)

意匠登録１１５９８８１

http://www4.ipdl.inpit.go.jp/dgde_img_cntnt.ipdl?N0000=3142&N0401=/NSAPITMP/web017/2... 12/18/2008

APLNDC00030587

（19）【発行国】日本国特許庁（ＪＰ）
（45）【発行日】平成17年9月12日（2005．9．12）
（12）【公報種別】意匠公報（Ｓ）
（11）【登録番号】意匠登録第1250487号（Ｄ1250487）
（24）【登録日】平成17年7月29日（2005．7．29）
（54）【意匠に係る物品】ハードディスクレコーダー
（52）【意匠分類】Ｈ4－40
（51）【国際意匠分類（参考）】14－01
（21）【出願番号】意願2004－35855（Ｄ2004－35855）
（22）【出願日】平成16年11月25日（2004．11．25）
（72）【創作者】
【氏名】谷口　敏之
【住所又は居所】東京都港区芝浦一丁目1番1号　株式会社東芝　本社事務所内
（73）【意匠権者】
【識別番号】390010308
【氏名又は名称】東芝デジタルメディアエンジニアリング株式会社
【住所又は居所】東京都青梅市新町3丁目3番地の1
（74）【代理人】
【識別番号】100083150
【弁理士】
【氏名又は名称】櫻木　信義
【審査官】外山　雅暁
（56）【参考文献】意登1142127　意登1158950　意登1176174　意登1249126
（55）【意匠に係る物品の説明】本物品は、内蔵されたハードディスクに音楽等を記録・再生できる携帯用音声再生機で、操作は表示部のタッチ式スイッチにて行う。
（55）【意匠の説明】左側面図は右側面図と対称につき省略する。各部の名称を示す参考図中、平行斜線を施した部分は透光性を有する。
【図面】
【斜視図】

(2) 意匠登録1250487

【正面図】

A

A

【右側面図】

【平面図】

http://www4.ipdl.inpit.go.jp/dgde_img_cntnt.ipdl?N0000=3142&N0401=/NSAPITMP/web017/2... 12/18/2008

APLNDC00030589

(3) 意匠登録1250487

【背面図】

【底面図】

【内部機構を省略したA－A拡大断面図】

http://www4.ipdl.inpit.go.jp/dgde_img_cntnt.ipdl?N0000=3142&N0401=/NSAPITMP/web017/2... 12/18/2008

APLNDC00030590

(4) 意匠登録1250487

【各部の名称を示す参考図】

電源スイッチ
ヘッドホン端子
表示部
入力端子部蓋

【通電状態の参考図】

http://www4.ipdl.inpit.go.jp/dgde_img_cntnt.ipdl?N0000=3142&N0401=/NSAPITMP/web017/2... 12/18/2008

APLNDC00030591