# EXHIBIT 29

BEFORE THE

UNITED STATES INTERNATIONAL TRADE COMMISSION

_____

In the Matter of:              )   Investigation No.

CERTAIN ELECTRONIC DIGITAL     )   337-TA-796

MEDIA DEVICES AND              )

COMPONENTS THEREOF             )

_____

Main Hearing Room

United States

International Trade Commission

500 E Street, Southwest

Washington, D.C.

Wednesday, June 6, 2012

Volume 5

The parties met, pursuant to the notice of the

Judge, at 8:46 a.m.

BEFORE:  THE HONORABLE THOMAS B. PENDER

```
 1   APPEARANCES:

 2

 3        For Complainant Apple, Inc.:

 4             HAROLD J. McELHINNY, ESQ.

 5             MICHAEL A. JACOBS, ESQ.

 6             RACHEL KREVANS, ESQ.

 7             MATTHEW KREEGER, ESQ.

 8             Morrison & Foerster LLP

 9             425 Market Street

10             San Francisco, CA 94105

11

12             ALEXANDER J. HADJIS, ESQ.

13             KRISTIN L. YOHANNAN, ESQ.

14             Morrison & Foerster LLP

15             2000 Pennsylvania Avenue, N.W.

16             Washington, D.C. 20006

17

18             CHARLES S. BARQUIST, ESQ.

19             Morrison & Foerster LLP.

20             555 West Fifth Street

21             Los Angeles, CA 90013

22

23

24

25
```

```
 1   APPEARANCES (Continued):

 2

 3       For Respondents Samsung Electronics Co.,

 4       Ltd., Samsung Electronics America, Inc., and

 5       Samsung Telecommunications America, LLC:

 6              CHARLES K. VERHOEVEN, ESQ.

 7              Quinn Emanuel Urquhart & Sullivan LLP

 8              50 California Street, 22nd Floor

 9              San Francisco, CA 94111

10

11              KEVIN P.B. JOHNSON, ESQ.

12              Quinn Emanuel Urquhart & Sullivan LLP

13              555 Twin Dolphin Drive, 5th Floor

14              Redwood Shores, CA 94065

15

16              RYAN S. GOLDSTEIN, ESQ.

17              MICHAEL T. ZELLER, ESQ.

18              Quinn Emanuel Urquhart & Sullivan LLP

19              865 South Figueroa St., 10th Floor.

20              Los Angeles, CA 90017

21

22              ERIC HUANG, ESQ.

23              Quinn Emanuel Urquhart & Sullivan LLP

24              51 Madison Avenue, 22nd Floor

25              New York, New York 10010
```

Page 1770

1    APPEARANCES (Continued):

2

3         For Respondents Samsung Electronics Co.,

4         Ltd., Samsung Electronics America, Inc., and

5         Samsung Telecommunications America, LLC:

6              JOSEPH MILOWIC, III, ESQ.

7              Quinn Emanuel Urquhart & Sullivan LLP

8              51 Madison Avenue, 22nd Floor

9              New York, New York 10010

10

11             S. ALEX LASHER, ESQ.

12             PAUL BRINKMAN, ESQ.

13             Quinn Emanuel Urquhart & Sullivan LLP

14             1101 Pennsylvania Avenue

15             Washington, D.C. 20004

16

17             MARC K. WEINSTEIN, ESQ.

18             Quinn Emanuel Urquhart & Sullivan LLP

19             NBF Higiya Building, 25F, 1-1-7

20             Uchisaiwai-cho, Chiyoda-ku,

21             Tokyo, 100-0011, Japan

22

23

24

25

```
 1   APPEARANCES (Continued):

 2

 3      For ITC Staff:

 4              REGINALD LUCAS, ESQ.

 5                 Investigative Attorney

 6              DAVID LLOYD, ESQ.

 7                 Supervisory Attorney

 8              U.S. International Trade Commission

 9              500 E Street, S.W.

10              Washington, D.C. 20436

11

12      Attorney-Advisor:

13              GREGORY MOLDAFSKY, ESQ.

14              Attorney-Advisor

15              Office of Administrative Law Judges

16              U.S. International Trade Commission

17              500 E Street, S.W.

18              Washington, D.C. 20436

19

20      Also Present:  Albert Kim, Interpreter

21                     Ann Park, Check Interpreter

22

23

24         *** Index appears at end of transcript ***

25
```

1  complex in its design?

2       "ANSWER:  The geometry doesn't have

3  any flat surfaces.

4       "QUESTION:  And when you're referring

5  to the geometry that has no flat surfaces,

6  you're referring to the iPhone 3G?

7       "ANSWER:  Yes."

8       Do you see that?

9    A.    I see that, but, I mean, the iPhone 3G

10 has a flat front surface as well.  And,

11 frankly, the flat front surface is a much

12 stronger dominant creator of overall impression

13 than the curvature of the rear.

14       JUDGE PENDER:  Quit while you're

15 ahead, Mr. Zeller.

16 BY MR. ZELLER:

17    Q.    Does the back have any flat surfaces,

18 of the iPhone 3G?

19    A.    I happened to put a ruler across the

20 back of one, and I found a flat portion.

21 Again, I don't think that creates a significant

22 portion of the overall impression.

23    Q.    Is the back of the iPhone 3G, by your

24 definition, flat?

25    A.    Based on what is said here, it may not

1  be.
2      Q.   Now, going from a flat to a nonflat
3  surface is a major design change in your
4  opinion, correct?
5      A.   Focusing on that one element of the
6  phone, there is a difference, yes.
7      Q.   In fact, in your witness statement you
8  said, "flat versus nonflat surfaces represent a
9  major design choice."
10          Correct?
11     A.   I don't believe I was talking about
12 that in reference to this phone.  I believe I
13 was talking about it in reference to the '638,
14 and that is the front of the phone, where the
15 major impression for overall impression for the
16 ordinary observer would be from the front or
17 three-quarter view of the phone.  Exactly
18 whether the back was flat or curved would not
19 have as strong an influence on their
20 overall --
21     Q.   My question is didn't you say in your
22 expert rebuttal report or witness statement,
23 "flat versus nonflat surfaces represents a
24 major design choice"?
25     A.   For the front of the phone, I believe

1  that's true.
2      Q.   And in your view, flat versus nonflat
3  is treated differently if you're looking at the
4  back of a design patent, is that true?
5      A.   I believe different portions of a
6  device have a different overall effect on the
7  overall impression of the ordinary observer.
8      Q.   And so you -- you give different
9  weight to different -- different views of the
10 design patents when you're distinguishing
11 between them, is that true?
12     A.   Depending upon the design, that may or
13 may not be appropriate.
14     Q.   I'm not asking you what's appropriate,
15 I'm trying to find out what did you do.
16          Is it true that when you did your
17 invalidity analysis in this case, you gave
18 different weight to different perspectives or
19 views of the designs that you were evaluating?
20     A.   No, I gave equal weight to the views.
21 I may have given differential weight to one
22 smaller feature or a larger feature depending
23 upon the -- depending upon my understanding of
24 the design.
25     Q.   Now, it's true that you also have

1  given the opinion that the differences between
2  the iPhone 3G and the first iPhone, even though
3  there's that difference in the curved back that
4  we talked about, is a "minor detail that would
5  not alter the overall visual impression formed
6  by the ordinary observer," correct?
7     A.   That sounds exactly like my opinion,
8  yes.
9     Q.   Now, let's take a look at RDX-61C-14.
10         Now, you recall the last time you were
11  here you testified to His Honor that the
12  Galaxy S 4G lacks a perfectly flat back,
13  correct?
14         MR. BARQUIST:  Objection, Your Honor.
15  Once again, we're recrossing on infringement
16  issues from last week.  This is not prior art.
17  The Galaxy S 4G is an accused product.
18         MR. ZELLER:  It's to show his
19  inconsistencies, Judge.
20         MR. BARQUIST:  And Your Honor will
21  recall that the infringement cross-examination
22  itself went two and a half to three hours.  I
23  don't think we need to do it again.
24         JUDGE PENDER:  Mr. Lucas.
25         MR. LUCAS:  Your Honor, I don't know

1              CERTIFICATE OF REPORTER

2    TITLE:  Certain Electronic Digital Media Devices

3    INVESTIGATION NO:  337-TA-796

4    HEARING DATE:  June 6, 2012

5    LOCATION:  Washington, D.C.

6    NATURE OF HEARING:  Volume 5

7         I hereby certify that the foregoing/attached
     transcript is a true, correct and complete record of
8    the above-referenced proceedings of the U.S.
     International Trade Commission.
9    Date:  June 6, 2012

10   SIGNED:CYNTHIA OTT_____

11          Signature of the Contractor of the
            Authorized Contractor's Representative
12          1220 L Street, N.W, Suite 600
            Washington, D.C. 20005
13
          I hereby certify that I am not the Court
14   Reporter and that I have proofread the
     above-referenced transcript of the proceedings of the
15   U.S. International Trade Commission, against the
     aforementioned Court Reporter's notes and recordings,
16   for accuracy in transcription in the spelling,
     hyphenation, punctuation and speaker identification
17   and did not make any changes of a substantive nature.
     The foregoing/attached transcript is a true, correct
18   and complete transcription of the proceedings.

19   SIGNED:  H. NGUYEN  _____
                Signature of Proofreader
20
         I hereby certify that I reported the
21   above-referenced proceedings of the U.S. International
     Trade Commission and caused to be prepared from my
22   tapes and notes of the proceedings a true, correct and
     complete verbatim recording of the proceedings.
23
     SIGNED:CYNTHIA OTT  _____
24      Signature of the Court Reporter

25