UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                Plaintiff,<br>     v.<br><br>SAMSUNG ELECTRONICS CO. LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA LLC, a Delaware limited liability company,<br><br>                Defendant. | Case No.: 11-cv-01846-LHK<br><br>**ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>**(Re: Docket Nos. 769, 799, 822, 824, 845)** |

Before the court are several administrative motions to file under seal documents that the opposing party has designated "confidential" pursuant to the Protective Order in this case. Pursuant to Civ. L.R. 79-5(d), a party that wishes to file or refer to information designated confidential by another party must lodge the document with the court in accordance with Civ. L.R. 79-5. Within seven (7) days, the designating party must file with the court and serve a declaration establishing that the designated information is sealable[1] and file a "narrowly tailored proposed sealing order,"

---

[1] The Ninth Circuit has explained that "[h]istorically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents. This right is justified by the interest of citizens in "keeping a watchful eye on the workings of public agencies." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citations omitted). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to the nondispositive motions." *Id.* at 1181.

1

Case No. 11-cv-01846 LHK
ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

or withdraw the designation of confidentiality. Should the designating party fail to do so within seven days, the document or proposed filing is made part of the public record.[2]

Here, Plaintiff Apple, Inc. ("Apple") administratively moves to file under seal: (1) Apple's Reply in Support of Motion for Rule 37(b)(2) Sanctions for Samsung's Violation of Two Discovery orders, the Reply Declaration of Minn Chung and Exhibits A-S of the declaration, and the Reply Declaration of Erik J. Olson and Exhibits 1-2 of the declaration;[3] (2) Apple's Combined Reply in Support of Its Motion to Compel Depositions of Samsung's Purported "Apex" Witnesses and Opposition To Samsung's Motion for a Protective Order, the Declaration of Mia Mazza in Support of Apple's Opposition and Exhibits 5-32 and 34-40 to the declaration;[4] (3) Apple's Reply Brief in Support of 37(b)(2) Motion Re: Samsung's Violation of January 27, 2012 Damages Discovery Order, the Declaration of Erik J. Olson in Support of Apple's Reply and Exhibits A-B, D, F & H to the declaration, the Declaration of Eric R. Roberts in Support of Apple's Reply and Exhibits A-C of the declaration, and the Declaration of Grant L. Kim in Support of Apple's Reply and Exhibits 9-10 & 13-18 to the declaration;[5] (4) Exhibit I to the Declaration of Erik J. Olson in support of Apple's Reply Brief in Support of Rule 37(b)(2) Motion filed as Docket No. 822-7;[6] and (5) Exhibit D to the Reply Declaration of Marc J. Pernick in Support of Apple's Rule 37(b)(2) Motion Based on Samsung's Violation of the Court's December 22, 2011 Order Regarding Source Code.[7]

---

[2] Civ. L.R. 79-5(d).

[3] *See* Docket No. 769.

[4] *See* Docket No. 799.

[5] *See* Docket No. 822.

[6] *See* Docket No. 824.

[7] *See* Docket No. 845.

The court has reviewed the docket and finds that no supporting declarations have been filed by the designating party with respect to any of the above-referenced administrative motions. Accordingly, Apple's administrative motions to file the above documents under seal are DENIED and the proposed filings shall be made part of the public record.

**IT IS SO ORDERED**

Dated:  June 19, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge