1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., | Case No.: C 11-1846 LHK (PSG) |
| Plaintiff, | **ORDER CLARIFYING MAY 4, 2012 ORDER** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD, a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **(Re: Docket No. 922)** |
| Defendants. | |

In this patent infringement suit, Defendants Samsung Electronics Co., LTD., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") seek clarification of the court's May 4, 2012 order ("May 4 Order") sanctioning Samsung for its non-compliance with the court's December 22, 2012 order ("December 22 Order"). The court will not rehash here all of the details of these earlier orders. Suffice it to say that the court found that Samsung did not meet its obligation to produce all design-around code by this court's deadline. For this non-compliance, the court barred Samsung from offering any evidence of its design-around efforts for each of the '381, '891 and '163 patents. The court further ordered that Samsung shall not argue that the design-arounds are in any way distinct from those versions of

1

United States District Court
For the Northern District of California

1  code produced in accordance with the court's December 22 Order. Samsung was instead to rely

2  solely on the versions of code that were produced on or before December 31, 2011.

3      In its papers and at the hearing held on Samsung's motion earlier today, Samsung discloses

4  that after the court issued its May 4 Order, it discovered that, contrary to its previous suggestions to

5  the court, Samsung had in fact produced at least some design-around code by December 31 for the

6  following accused products: Galaxy S II, Exhibit 4G, Tab 10.1, and Epic 4G. And so Samsung

7  contends that the dichotomy set forth by the court in the May 4 Order, between code produced by

8  December 31 and design-around code produced after December 31, is not correct. Samsung asks

9  that the court resolve the resulting ambiguity by confirming that Samsung may in fact offer the

10  design-around code produced before the December 31 deadline. Samsung further requests

11  clarification that the May 4 Order permits Samsung to offer evidence of its design-arounds other

12  than source code, and further permits Samsung to offer evidence, both source code and non-source

13  code, of its design-arounds for purposes other than liability for infringement, such as damages and

14  injunctive relief.

15      Apple Inc. ("Apple") responds that Samsung's request is really a request for

16  reconsideration that falls short of the requirements set forth by Civ. L.R. 7-9. Apple emphasizes

17  Samsung's failure to establish why it could not produce evidence of its design-around production

18  earlier in response to Apple's sanctions motion and specific questions posed by the court. However

19  Samsung's request is properly characterized, Apple also argues that Samsung's production of

20  design-around code for the Galaxy S II is for a T-Mobile version of the product not accused or

21  otherwise at issue in this case. With respect to the Exhibit 4G and Tab 10.1 design-around code

22  production, Apple notes that Samsung presented no evidence with its moving papers that these

23  products ever implemented the design-around. With respect to the Epic 4G, Apple notes that

24  Samsung's claim that it produced a version that includes the design-around is impossible to square

25  with Samsung's previous representations that it either (1) produced the initial release of each

26  accused product, or (2) the current release of each such product at the time this suit was filed in

27  April 2011. As for Samsung's suggestion that it is permitted under the May 4 Order to offer non-

28  source code evidence of its design-arounds at trial, and any evidence of its design-arounds for

2

Case No.: 11-1846 LHK (PSG)
**ORDER CLARIFYING MAY 4, 2012 ORDER**

purposes other than non-liability, Apple notes that the language of the May 4 Order needs no clarification and on its face bars such efforts.

Without criticizing Samsung's legitimate interest in knowing what it can and cannot do in the trial to come, the court initially must note that any need for clarification by Samsung is ultimately of Samsung's own making. The court drew a line between code produced by December 31 and design-around code produced after that date based on Samsung's representations to this court. As Samsung itself acknowledges in its papers, "[t]he Court specifically relied on Samsung's mistaken statement that it did not produce any blue glow [design-around] source code until January 23, 2012."[1]

But even if the court were willing to relieve Samsung of the burden of its mistake, the court must conclude that any evidence of Samsung's design-arounds should remain off limits to Samsung. The fact remains that Samsung failed miserably in meeting its obligation to produce all design-around code for all of the accused products by the December 22 Order's deadline. Nothing in Samsung's present request changes the fact that it did not produce source code for its '891 and '163 design-arounds until months after the December 31 deadline and even after the March 8, 2012 close of fact discovery. Even as to the '381 patent, design-around code was not produced for products at suit, such as versions of the Galaxy S II for carriers other than T-Mobile, and Samsung offers no real explanation of how to reconcile its claim that it produced source code for a version of the Epic 4G that included design-around code with an earlier statement declaring otherwise. And regarding the Exhibit 4G and Tab 10.1, the court is loath to credit evidence of production produced for the first time in reply papers. Against this backdrop of non-compliance, it would hardly be fair to allow Samsung to offer what little design-around code it may have produced for a handful of the accused products, or to allow Samsung to produce all kinds of non-source code evidence, after it withheld substantial source code that would have permitted Apple to challenge such evidence.

And so in response to Samsung's request for clarification, here it is. As a sanction for Samsung's extended non-compliance with the December 22 Order, for each of the '381, '891 and '163 patents, Samsung may not offer any evidence of its design-arounds. This means no source

---

[1] Docket No. 898 (Mot. for Extension of Time) at 5.

Case No.: 11-1846 LHK (PSG)
**ORDER CLARIFYING MAY 4, 2012 ORDER**

code evidence, no non-source code evidence, no evidence of any kind, whether for liability purposes or any other purpose. Period. Because Apple only requested this sanction as to the upcoming jury trial, this restriction does not extend beyond trial to any post-trial proceeding such as those relating to the permanent injunction sought by Apple or contempt proceedings. The issue of Samsung's right to offer design-around evidence in any post-trial proceeding remains for another day.

**IT IS SO ORDERED.**

Dated: 6/19/2012

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.: 11-1846 LHK (PSG)
**ORDER CLARIFYING MAY 4, 2012 ORDER**

United States District Court
For the Northern District of California