QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S EMERGENCY MISCELLANEOUS ADMINISTRATIVE REQUEST PURSUANT TO CIVIL L. R. 7-11 TO STAY ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL (RE: DOCKET NOS. 769, 799, 822, 824, 845), FOR EXTENSION OF TIME, AND TO SEAL DOCUMENTS** |

Pursuant to Civil L.R. 7-11 and 79-5, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") respectfully requests an order staying this Court's Order Denying Administrative Motions to File Under Seal (Re: Docket Nos. 769, 799, 822, 824, 845) (Dkt. No. 1105), granting an extension of time to file the declaration contemplated by Civil L.R. 79-5(d), and to seal the documents identified in the concurrently filed Declaration of Hankil Kang ("Kang Dec.").

1.  From March 5, 2012 through June 19, 2012, Apple, Inc. filed certain administrative motions to file documents under seal (collectively, "motions to file under seal"), as follows:

    (a)  On March 5, 2012, Apple filed an Administrative Motion to File Documents Under Seal.  (Dkt. No. 769.)

    (b)  On March 12, 2012, Apple filed an Administrative Motion to File Documents Under Seal.  (Dkt. No. 799.)

    (c)  On March 20, 2012, Apple filed an Administrative Motion to File Documents Under Seal.  (Dkt. No. 822.)

    (d)  On March 21, 2012, Apple filed an Administrative Motion to File Documents Under Seal.  (Dkt. No. 824.)

    (e)  On March 30, 2012, Apple filed an Administrative Motion to File Documents Under Seal.  (Dkt. No. 845.)

2.  On June 19, 2012, the Court issued an Order Denying Administrative Motions to File Under Seal (Re: Docket Nos. 769, 799, 822, 824, 845) (Dkt. No. 1105) (the "Order").

3.  Samsung respectfully requests that the Court stay the Order pending the Court's consideration of the concurrently filed Kang Declaration in support of Apple's motions to file under seal.  As a result of an administrative oversight, Samsung did not file supporting declarations earlier.  (Declaration of Anthony P. Alden ("Alden Dec."), ¶ 2.)

4.  Samsung submits that there is good cause to grant the present motion.

5.  Samsung has carefully reviewed the documents encompassed by Apple's motions to file under seal and has determined that the following documents need *not* be filed under seal:

1  (a) From Apple's March 5, 2012 Administrative Motion to File Documents Under Seal (Dkt. No. 769): Reply Declaration of Eric J. Olson in Support of Apple's Motion for Rule 37(b)(2) Sanctions for Samsung's Violation of Two Discovery Orders and Exhibit 1 thereto.

(b) From Apple's March 5, 2012 Administrative Motion to File Documents Under Seal (Dkt. 799): Exhibits 36 and 37 to the Declaration of Mia Mazza in Support of Apple's Combined Reply in Support of its Motion to Compel Depositions of Samsung's Purported 'Apex' Witnesses and Opposition to Samsung's Motion for a Protective Order;

(c) From Apple's March 20, 2012 Administrative Motion to File Documents Under Seal (Dkt. No. 822):

(i) Declaration of Grant L. Kim in Support of Apple's Reply in Support of Rule 37(b)(2) Motion Re: Samsung's Violation of January 27, 2012 Damages Discovery Order and Exhibits 10 and 13 – 15 thereto; and

(ii) Exhibits B, F, and H to the Declaration of Erik J. Olson in Support of Apple's Reply in Support of Rule 37(b)(2) Motion Re: Samsung's Violation of January 27, 2012 Damages Discovery Order.

6. Samsung has submitted a declaration establishing that the documents, or portions thereof, that are the subject of Apple's motions to file under seal and are not identified in paragraph 5 above are entitled to protection under the law. (*See* Kang Dec.) The documents that are the subject of the Kang Declaration contain Samsung's highly confidential business information, including but not limited to information regarding the design and development of Samsung's products, highly confidential financial data, internal business structure, product development and engineering, product evaluation and competitive analysis, marketing research and strategies, and the nature of Samsung's relationships with its business partners. These documents are designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order in this matter.

7. Granting Samsung's motion will not prejudice any party, as the material at issue has remained outside the public record from the time Apple filed its motions to file under seal.

The Court has granted several other administrative requests to seal in this action, and deferring action on Apple's motions to file under seal will not prejudice anyone.

8. In contrast, if Samsung' motion were to be denied, Samsung will suffer grave competitive and commercial harm by the disclosure of its confidential information.  Disclosure of this information, for example, may interfere with Samsung's business relationships with suppliers and distributors, allow Samsung's competitors to undercut Samsung's pricing strategies, or allow Samsung competitors to interfere with Samsung's marketing and advertising strategies.  *See Powertech Techn., Inc. v. Tessera, Inc.*, 2012 WL 1969039, at *1-2 (N.D. Cal. May 31, 2012) (granting plaintiff's motion to seal to prevent harm caused by "by giving its competitors [] proprietary information"); *Davis v. Soc. Serv. Coordinators*, 2012 WL 1940677, at *3 (E.D. Cal. May 29, 2012) (granting request to seal documents where disclosure may cause movant "competitive harm").

9. Samsung should not be injured by an inadvertent error and the public interest favors granting Samsung's motion.  "[T]here can be no doubt that society in general is interested in the protection of trade secrets and other valuable commercial information." *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 905 (E.D. Pa. 1981); *see also Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978) ("courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing").

10. As explained in the accompanying Declaration of Anthony P. Alden, Samsung sought to obtain consent from Apple before filing the present motion pursuant to Civil L. R. 7–11. However, Apple's counsel stated that he could not provide Apple's position because his client contact is out of town and may not be available until the morning of June 20, 2012.  (Alden Dec., ¶ 3.)

For all these reasons, Samsung respectfully requests that the Court stay the Order Denying Administrative Motions to File Under Seal (Re: Docket Nos. 769, 799, 822, 824, 845) (Dkt. No. 1105) pending the Court's consideration of the Kang Declaration and seal the documents identified in the Kang Declaration.

1  A proposed order is submitted herewith.

2  Respectfully,

3  DATED: June 19, 2012  QUINN EMANUEL URQUHART &
   SULLIVAN, LLP

6  By  /s/ Victoria F. Maroulis
   Charles K. Verhoeven
7  Kevin P.B. Johnson
   Victoria F. Maroulis
8  Michael T. Zeller

   Attorneys for SAMSUNG ELECTRONICS CO.,
10 LTD., SAMSUNG ELECTRONICS AMERICA,
   INC. and SAMSUNG
11 TELECOMMUNICATIONS AMERICA, LLC