QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **OPPOSITION TO APPLE'S OBJECTION TO REPLY EVIDENCE** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

02198.51887/4825769.1

Case No. 11-cv-01846-LHK
**OPPOSITION TO APPLE'S OBJECTION TO REPLY EVIDENCE**

## OPPOSITION TO APPLE'S OBJECTION TO REPLY EVIDENCE

Samsung opposes Apple's attempt to introduce untimely and misleading testimony through the Supplemental Declaration of Ravin Balakrishnan, Ph.D., in Support of Apple's Opposition to Samsung's Motion for Summary Judgment. Samsung submits this opposition pursuant to Civil Local Rule 7-11(b).

Under Civil Local Rule 7-3(d), Apple cannot include additional evidence or argument within an Objection to Reply evidence. Apple had a full and fair opportunity to present its evidence in its Opposition, because Apple knew Tablecloth's invention date. Samsung clearly stated that Tablecloth was demonstrated in the MERL lobby in January 2005, and provided an invention date. Dkt No. 933, Bogue Decl. ¶8 ("The Tablecloth application was written on or before January 12, 2005 in Cambridge, Massachusetts."). Lacking evidence to rebut this fact, Apple simply alleged that Samsung had provided insufficient evidence, prompting Samsung to appropriately include additional support in its Reply. L.R. 7-3(c). Thus, Apple has no grounds for its failure to produce this evidence in its Opposition.

In addition, Apple willfully withheld Dr. Balakrishnan's supplemental declaration until the day of the hearing to create maximum prejudice to Samsung. Dr. Balakrishnan executed his declaration on June 19. Balakrishnan Supp Decl. ¶12. At this point, Apple could have filed the declaration with the court, or provided a copy to Samsung for review. Instead, Apple withheld the evidence for two days, springing the declaration at the last possible moment in oral argument. Thus, Apple intentionally served Dr. Balakrishnan's declaration in a manner that would not allow the Court or Samsung to scrutinize it prior to the hearing. For that reason, Apple's evidence should not be considered by the Court.

Finally, Apple's supplemental evidence is misleading and creates no genuine issue of fact. Dr. Balakrishnan fails to explain why a link to the Tablecloth application existed if the Tablecloth application itself was not invented. Thus, there is no genuine dispute that Tablecloth was invented by January 2005. Regardless, Apple has absolutely no evidence corroborating its February 2005 conception date for the '381 patent. Apple and Dr. Balakrishnan rely entirely on the testimony of the named inventor of the '381 patent to support its February 2005 conception

1  date.   This is insufficient as a matter of law.   *See, e.g., Mahurkar v. C.R. Bard, Inc.*, 79 F.3d

2  1572, 1577 (Fed. Cir. 1996) ("This court has developed a rule requiring corroboration where a

3  party seeks to show conception through the oral testimony of an inventor.")   Thus, TableCloth is

4  prior art under 102(g), both under the January 2005 date and the clearly undisputed June 2005

5  date.

6      For the foregoing reasons, the Court should deny Apple's Objection to Reply Evidence and

7  strike Apple's additional argument.

10  DATED: June 22, 2012      QUINN EMANUEL URQUHART &
                              SULLIVAN, LLP

13                            By  */s/ Victoria Maroulis*
                                 Charles K. Verhoeven
14                               Kevin P.B. Johnson
                                 Victoria F. Maroulis
15                               Michael T. Zeller

                                 Attorneys for SAMSUNG ELECTRONICS CO.,
17                               LTD., SAMSUNG ELECTRONICS AMERICA,
                                 INC., and SAMSUNG
18                               TELECOMMUNICATIONS AMERICA, LLC