1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Charles K. Verhoeven (Bar No. 170151)
2    charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5    Kevin P.B. Johnson (Bar No. 177129)
     kevinjohnson@quinnemanuel.com
6    Victoria F. Maroulis (Bar No. 202603)
     victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:    (650) 801-5000
   Facsimile:    (650) 801-5100
9

10   Michael T. Zeller (Bar No. 196417)
     michaelzeller@quinnemanuel.com
11 865 S. Figueroa St., 10th Floor
   Los Angeles, California 90017
12 Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
13

14 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
15 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16

17               UNITED STATES DISTRICT COURT

18       NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19

20 APPLE INC., a California corporation,        CASE NO. 11-cv-01846-LHK

21              Plaintiff,                      **SAMSUNG'S RESPONSE TO APPLE'S**
                                                **"MOTION FOR LEAVE" TO FILE**
22        vs.                                   **SUPPLEMENTAL RESPONSE RE**
                                                **ARGUMENTS MADE AT JUNE 21**
23 SAMSUNG ELECTRONICS CO., LTD., a             **HEARING**
   Korean business entity; SAMSUNG
24 ELECTRONICS AMERICA, INC., a New
   York corporation; SAMSUNG
25 TELECOMMUNICATIONS AMERICA,
   LLC, a Delaware limited liability company,
26
                Defendant.
27

28

02198.51855/4825907.1

Apple's "motion for leave"[1] to file a supplemental brief relating to Samsung's Motion for Rule 37 Sanctions — which seeks sanctions based on Apple's violation of the Court's *December 22 Order* — is focused on whether Apple violated the Court's later, *April 12 Order*. Accordingly, Apple's submission does not bear directly on the basis for Samsung's Motion. It does, however, confirm that Apple violated the April 12 order.

Apple admits in its new submission that "three transcripts…were produced by Apple after April 27," the compliance deadline under the April 12 Order. (Dkt. No. 1119 at 1:19-20.) Apple's submission further states that each of these three employee transcripts were (1) taken in the related Motorola proceeding, which shares a patent in suit with this case, and (2) taken prior to the issuance of the Court's April 12 Order. (*Id.* at 1:20-22.) Though Apple therefore could have produced all three by the compliance deadline, they were not produced until May 31, 2012, over a month after the deadline. And, as Apple notes, they were *only* produced after Samsung's counsel inquired about the absence of transcripts post-dating March 27, 2012 in Apple's production. (Declaration of Nathan B. Sabri at ¶ 4.)

While confirming its violation of the Court's Order, Apple suggests that Samsung's statements to the same effect at the June 21 hearing were false, and that a correction is warranted. Samsung sought at the hearing to refer the Court to three transcripts responsive to the April 12 Order that were produced after the April 27 deadline – the same three transcripts that Apple now admits were produced after April 27.  Samsung referred to one of these three and, for the other two, mistakenly recited the names and dates of two transcripts which Apple belatedly produced in violation of Section II.B.**2** of the April 12 Order (compelling production of materials from related proceedings) instead of Section II.B.**1** (enforcing the December 22 Order). Thus, all five of these transcripts were produced in violation of the April 12 Order's April 27th deadline. Further, the list Apple has attached as Exhibit A to the Sabri Declaration shows Apple has also violated Section II.B.2 of the Order by producing at least 12 other non-employee transcripts from technologically

---

[1] While captioned as a "motion for leave," nothing in Apple's submission supports a request for leave. Instead the submission is a vehicle to submit content to the Court without leave.

02198.51855/4825907.1

-1-                                    Case No. 11-cv-01846-LHK
SAMSUNG'S RESPONSE TO APPLE'S "MOTION FOR LEAVE" TO FILE
SUPPLEMENTAL RESPONSE RE ARGUMENTS MADE AT JUNE 21 HEARING

1   related proceedings in May and June 2012.   For all these reasons, Apple's claim that it was a

2   "misstatement" for Samsung to say that Apple violated the April 12th Order is unavailing.

3

4   DATED: June 23, 2012                    Respectfully submitted,

5                                           QUINN EMANUEL URQUHART & SULLIVAN, LLP

6
                                            By /s/ Victoria F. Maroulis
7                                              Charles K. Verhoeven
                                               Kevin P.B. Johnson
8                                              Victoria F. Maroulis
                                               Michael T. Zeller
9                                              Attorneys for SAMSUNG ELECTRONICS CO.,
                                               LTD., SAMSUNG ELECTRONICS AMERICA,
10                                             INC. and SAMSUNG TELECOMMUNICATIONS
                                               AMERICA, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28