QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 21, 2012 ORDER (DKT. NO. 1115) DENYING SAMSUNG'S REQUEST TO STAY, FOR EXTENSION OF TIME, AND TO SEAL DOCUMENTS**<br><br>Judge: The Hon. Paul. S. Grewal<br>Courtroom: 5, 4th Floor |

1   Pursuant to the Court's June 22, 2012 Civil Minute Order (Dkt. No. 1118), Defendants

2 Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung

3 Telecommunications America, LLC (collectively, "Samsung") respectfully move for

4 reconsideration of the Court's June 21, 2012 Order (Dkt. No. 1115) denying Samsung's request to

5 stay, for extension of time, and to seal documents in five of Apple's Administrative Motions to

6 File Under Seal (Dkt. Nos. 769, 799, 822, 824, 845) (collectively, "Motions to File Under Seal").

7            **Request for Relief**

8    1.  Samsung has carefully reviewed, page-by-page, each of the 84 documents

9 encompassed by Apple's Motions to File Under Seal, and has identified narrow portions of only

10 17 of these documents that it seeks to seal as a trade secret or as otherwise entitled to protection

11 under the law, as provided for in Civil L.R. 79-5(a) ("Sealable Material").

12    2.  Exhibit 1 attached hereto contains Tables A and B.  These Tables identify each of

13 the 84 documents encompassed by Apple's Motions to File Under Seal and categorize them as

14 either:  (a) documents that need not be filed under seal; or (b) documents from which certain

15 portions should be sealed, as provided for in Civil L.R. 79-5(c).  Moreover, Table B identifies, on

16 a page-by-page basis, why each identified portion of each of the 17 documents should be sealed.

17    3.  In keeping with the Court's instructions to narrowly tailor any requested sealing,

18 Samsung is not requesting the sealing of any document in its entirety, but rather only selected

19 portions within a limited subset of 17 documents.

20    4.  For the reasons stated herein and in the earlier-filed pleadings, Samsung requests

21 that the Court grant in part Apple's Motions to File Under Seal and permit the sealing of only

22 certain portions of the 17 documents identified in Exhibit 1, Table B.

23    **Good Cause Exists to Grant the Narrowly Tailored Sealing Requested Here**

24    5.  Samsung submits the accompanying Declaration of Hankil Kang ("Kang Decl.") to

25 establish that the Sealable Material identified therein is entitled to protection under the law.

26    6.  The Sealable Material contains Samsung's highly confidential and commercially

27 sensitive business information, which is privileged or protectable as a trade secret under Civil L.R.

28 79-5 and applicable federal law.

7.      After careful review, it has been confirmed that the Sealable Material contains highly confidential and commercially sensitive information falling into one or more of the following limited categories:  (a) recent Samsung financial data; (b) Samsung source code; (c) the design and development of unreleased Samsung products; and/or (d) future business or operational plans, such as financial goals and planned responses to market developments.  All of this information is closely guarded by Samsung and has never been publically disclosed.

8.      For example, the Sealable Material contains Samsung financial documents that disclose in detail Samsung's average selling prices, revenues, profits, and costs for particular product models.[1]  Disclosure of this highly sensitive financial information would interfere with Samsung's business relationships with suppliers and distributors, and allow Samsung's competitors to undercut Samsung's pricing strategies and interfere with Samsung's marketing and advertising plans.

9.      In addition, the Sealable Material contains sensitive information concerning changes and updates made to the source code of the accused products, and directly cites Samsung source code.[2]  Source code is protectable as a trade secret.

10.     The Sealable Material also contains internal discussions of future Samsung products that are still in development.[3]  Disclosure of this information would allow competitors to

---

[1]  *See, e.g.*, Kang Decl., Ex. 5 – Exhibit 30 to the Declaration of Mia Mazza in Support of Apple's Apex Reply ("Mazza Decl.") (Dkt. No. 799); Kang Decl., Ex. 8 – Apple's Reply Brief in Support of Rule 37(b)(2) Motion Re: Samsung's Violation of January 27, 2012 Damages Discovery Order ("Apple's Damages Sanctions Reply") (Dkt. No. 822); Kang Decl., Exs. 9, 10 – Exhibits A and I to the Declaration of Erik J. Olson in Support of Apple's Damages Sanctions Reply ("Olson Decl.") (*id.*) (*see also* Dkt. No. 824 (moving to seal Exhibit I to the Olson Decl.)); Kang Decl., Exs. 11-14 – Declaration of Eric R. Roberts in Support of Apple's Damages Sanctions Reply ("Roberts Decl.") and Exhibits A, B, and C thereto (Dkt. No. 822); Kang Decl., Exs. 15, 16 – Exhibits 16 and 18 to the Declaration of Grant Kim in Support of Apple's Damages Sanctions Reply ("Kim Decl.") (*id.*).

[2]  *See, e.g.,* Kang Decl., Exs. 1-3 – Exhibits C, D, and E to the Reply Declaration of Minn Chung in Support of Apple's Motion for Rule 37(b)(2) Sanctions for Samsung's Violation of Two Discovery Orders ("Chung Decl.") (Dkt. No. 769); Kang Decl., Exs. 6, 7 – Exhibits 35 and 38 to the Mazza Decl. (Dkt. No. 799); Kang Decl., Ex. 17 –  Exhibit D to the Reply Declaration of Marc J. Pernick in Support of Apple's Rule 37(b)(2) Motion Based on Samsung's Violation of the Court's December 22, 2011 Order Regarding Source Code ("Pernick Decl.") (Dkt. No. 845).

1    counter whatever competitive edges these products have and thereby diminish their success in the

2    market.  As the Court knows, the smartphones market is highly competitive and a company's

3    future product line up can have a tremendous impact on its profitability.

4    　　　　11.　　Similarly, the disclosure of trade secret information concerning Samsung's future

5    business and operational plans would allow competitors to blunt the effectiveness of these

6    strategies before they are even implemented.[4]  For example, a plan to reduce material costs by

7    even several dollars per phone, and thereby reduce the costs to potential customers, could be met

8    by a preemptive reduction in the prices of competitors' phones.

9    　　　　12.　　Disclosure of such highly confidential and commercially sensitive information

10   would threaten Samsung with grave competitive harm, and accordingly the law authorizes this

11   Court to protect it from disclosure.  *See Powertech Techn., Inc. v. Tessera, Inc.*, 2012 WL

12   1969039, at *1-2 (N.D. Cal. May 31, 2012) (granting plaintiff's motion to seal to prevent harm

13   caused by "by giving its competitors [] proprietary information"); *Davis v. Soc. Serv.*

14   *Coordinators*, 2012 WL 1940677, at *3 (E.D. Cal. May 29, 2012) (granting request to seal

15   documents where disclosure may cause movant "competitive harm").

16   　　　　13.　　Samsung has made every effort to exclude from the Sealable Material all non-

17   confidential information and even confidential information that is not so commercially sensitive as

18   to likely cause commercial harm by its disclosure.  Indeed, although Apple's Motions to File

19   Under Seal are directed to 84 documents, Samsung requests that only selected portions of just 17

20   documents be sealed.

21   　　　　14.　　Granting Samsung's narrowly tailored relief will not prejudice any party, because

22   the material at issue has remained outside the public record from the time Apple filed its Motions

23   to File Under Seal.  Samsung should not be injured by an inadvertent calendaring error and the

24   public interest favors granting Samsung's narrowly tailored request.  "[T]here can be no doubt that

25   society in general is interested in the protection of trade secrets and other valuable commercial

26   

27   　　　[3]  *See, e.g.,* Kang Decl., Ex. 4 – Exhibit 26 to the Mazza Decl.  (Dkt. 799).
     　　　[4]  *See, e.g.,* Kang Decl., Ex. 9 – Exhibit A to the Olson Decl.  (Dkt. No. 822).

28

1  information." *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 905 (E.D. Pa.

2  1981); *see also Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978) ("courts have refused to

3  permit their files to serve . . . as sources of business information that might harm a litigant's

4  competitive standing").

5      15.     Samsung sought to obtain consent from Apple for the requested sealing.  At the

6  June 22, 2012 telephonic hearing (*see* Dkt. No. 1118), Apple's counsel stated that Apple would

7  take no position with respect to Samsung's request.

8      16.     For all these reasons, Samsung respectfully requests that the Court grant Samsung's

9  Motion for Reconsideration as to only the narrowly tailored portions of the 17 documents

10 identified in Exhibit 1, Table B, and allow them to be filed under seal.

11     17.     A proposed order is submitted herewith.

12

13 Respectfully submitted,

14 DATED: June 25, 2012              QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP
15

16

17                                   By   */s/  Victoria F. Maroulis*
                                        Charles K. Verhoeven
18                                      Kevin P.B. Johnson
                                        Victoria F. Maroulis
19                                      Michael T. Zeller

20                                      Attorneys for SAMSUNG ELECTRONICS CO.,
                                        LTD., SAMSUNG ELECTRONICS AMERICA,
21                                      INC. and SAMSUNG
                                        TELECOMMUNICATIONS AMERICA, LLC
22

23

24

25

26

27

28