# KANG DECLARATION EXHIBIT 6

Exhibit 35

Filed Under Seal

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1

```
 1                  UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
 2                       SAN JOSE DIVISION

 3     _____

 4     APPLE, INC., a California
       Corporation,
 5          Plaintiff,
       vs.                                    Civil Action. No.
 6                                            11-CV-01846-LHK
       SAMSUNG ELECTRONICS CO., LTD., a
 7     Korean business entity, SAMSUNG
       ELECTRONICS AMERICA, INC., a New
 8     York corporation, and SAMSUNG
       TELECOMMUNICATIONS AMERICA, LLC,
 9     a Delaware limited liability
       company, a California corporation.
10          Defendants.

11

12     SAMSUNG ELECTRONICS CO., LTD., a
       Korean business entity, SAMSUNG
13     ELECTRONICS AMERICA, INC., a New
       York corporation, and SAMSUNG
14     TELECOMMUNICATIONS AMERICA, LLC,
       a Delaware limited liability
15     company, a California corporation.
            Counterclaim-Plaintiffs,
16     vs.

17     APPLE, INC., a California
       corporation,
18          Counterclaim-Defendant.
       _____
19

20               *** HIGHLY CONFIDENTIAL ***
                 *** ATTORNEYS' EYES ONLY ***
21
                VIDEOTAPED 30(b)(6) DEPOSITION OF:
22                     SEONG HEE HWANG

23
                          March 7, 2012
24                         Kim & Chang
                        Seoul, South Korea
25                    2:43 p.m. - 5:11 p.m.
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

2..5

```
                                                        Page 2
 1   APPEARANCES:
 2   For the Plaintiff and Counterclaim Defendant, Apple,
     Inc.
 3
              MORRISON FOERSTER, LLP
 4            By:  Deok Keun Matthew Ahn, Esq.
              425 Market Street
 5            San Francisco, California  94105-2482
              (415) 276-7263
 6
 7   For the Defendants and Counterclaim Plaintiffs, the
     Samsung entities:
 8
              QUINN, EMANUEL, URQUHART & SULLIVAN, LLP
 9            By:  Mark Tung, Ph.D., Esq.
              555 Twin Dolphin Drive
10            Suite 560
              Redwood Shores, California  94065
11            (650) 801-5016
12
     Also present:
13
              Sujin Woo, Lead Interpreter
14            Hie Chun Koh, Check Interpreter
              David Son, Morrison Foerster
15            Rosa Kim, Samsung
              Inga Kornev, Videographer
16            Melanie Giamarco, Court Reporter
17
18
...
25
```

```
                                                        Page 3
 1              I N D E X
     WITNESS:                                           PAGE
 2   SEONG HEE HWANG
     By Mr. Ahn                                           5
 3              E X H I B I T S
 4   NUMBER      DESCRIPTION                            PAGE
 5   Exhibit 2244   February 23, 2012 letter to Mia      11
                   Mazza from Rachel Kassabian, one
 6                 page
 7   Exhibit 2245   Apple, Inc.'s Sixth Rule 30(b)(6)    11
                   Deposition Notice
 8
     Exhibit 2246   E-mail, Saturday, May 7, 2011 2:16   47
 9                 a.m.
                   S-ITC-008814170 - 14171
10
...
25
```

```
                                                        Page 4
 1           P R O C E E D I N G S
 2           VIDEOGRAPHER:  My name is Inga Kornev, a
 3   videographer with American Realtime Court Reporters in
 4   Asia.  Today's date is March 7th, 2012, and the time on
 5   the video monitor is 2:43.  This video deposition is
 6   being held at the offices of Kim & Chang located at the
 7   Jeongdong Building, Seoul, Korea.
 8           The caption of this case is Apple, Inc.
 9   versus Samsung Electronics, Co., et al., held in the
10   United States District Court, Northern District of
11   California, San Jose Division.  Civil Number is
12   11-CV-01846 LHK.
13           The name of the witness today is Seong Hee
14   Hwang testifying in her capacity as a 30(b)(6) witness.
15   The court reporter today is Melanie Giamarco, also with
16   American Realtime Court Reporters in Asia.
17           At this time, I would like to ask all counsel
18   and interpreters to please state their appearances and
19   whom they represent for the record.
20           MR. AHN:  Matthew Ahn of Morrison & Foerster
21   on behalf of Apple, Inc.  With me today is David Son.
22           MR. TUNG:  Mark Tung from Quinn, Emanuel
23   representing Samsung.
24           MS. KIM:  Rosa Kim from Samsung.
25           LEAD INTERPRETER:  Sujin Woo, lead
```

```
                                                        Page 5
 1   interpreter.
 2           CHECK INTERPRETER:  Hie Chun Koh, the check
 3   interpreter.
 4           VIDEOGRAPHER:  Thank you.
 5           MR. AHN:  We understand the court reporter
 6   is not authorized to administer oaths in this venue.
 7   Nevertheless, we request that she administer the oath
 8   and we stipulate that we waive any objection to the
 9   validity of the deposition based on the oaths.
10           VIDEOGRAPHER:  At this time, our court
11   reporter will swear in the witness and interpreters,
12   and we can proceed.
13           (Interpreters sworn.)
14           SEONG HEE HWANG,
15   after having been duly sworn by the reporter, pursuant
16   to stipulation of counsel, was examined and testified
17   through the interpreter as follows:
18              EXAMINATION
19   BY MR. AHN:
20       Q.  Good afternoon.
21       A.  Good afternoon.
22       Q.  Please state your name and spell it in the
23   English alphabet, please.
24       A.  My name is Seong Hee Hwang.  In English,
25   it's spelled as H-w-a-n-g, S-e-o-n-g, H-e-e.
```

```
                                                                    Page 26
 1      Q.   Have you ever seen a window that appears if
 2  you press a volume-up key on a phone?
 3           MR. TUNG:  Objection, vague, beyond the
 4  scope.
 5      A.   Yes, I've seen it on an Android phone.
 6      Q.   (By MR. AHN)  What do you call that?
 7           MR. TUNG:  Objection, beyond the scope.
 8      A.   I'm not sure.  I just call it pop-up.
 9      Q.   (By MR. AHN)  You don't call it a toast,
10  correct?
11           MR. TUNG:  Objection, beyond the scope.
12      A.   Yes, I do not call it toast.
13      Q.   (By MR. AHN)  For Samsung Android 3.0
14  products that exhibit that pop-up, what is the name of
15  the source code file that controls its appearance?
16           MR. TUNG:  Objection, vague, beyond the
17  scope, assumes facts.
18      A.   What does Samsung Android 3.0 mean?
19      Q.   (By MR. AHN)  You don't know what that
20  means?
21           MR. TUNG:  Objection, beyond the scope.
22      A.   Yes.  Yes, I do not know.
23      Q.   (By MR. AHN)  For Samsung products that use
24  Android version 3.0 that exhibit the volume pop-up that
25  we just discussed, what is the name of the source code
```

```
                                                                    Page 27
 1  file that controls the appearance of that pop-up?
 2           MR. TUNG:  Objection, vague, beyond the
 3  scope, assumes facts.
 4      A.   I do not know at all what 3. -- version 3.0
 5  is because I only look at source code.
 6      Q.   (By MR. AHN)  If you were to look for source
 7  code relating to a pop-up related to the volume keys,
 8  where would you look?
 9           MR. TUNG:  Objection, vague.
10      A.   The question was long, so I didn't
11  understand the question.  I would like to have it
12  reinterpreted.
13           MR. AHN:  Please reinterpret.
14           LEAD INTERPRETER:  (Speaking Korean.)
15           MR. TUNG:  Same objection.
16  [REDACTED]
17  [REDACTED]
18  [REDACTED]
19           MR. TUNG:  Counsel, we've been going about
20  an hour, if you can break.
21           MR. AHN:  Give me five minutes.
22      Q.   (By MR. AHN)  Have you, in fact, seen source
23  code relating to the volume pop-up that we just
24  discussed?
25           MR. TUNG:  Objection, vague.
```

```
                                                                    Page 28
 1      A.   If that is a volume pop-up, yes, I've seen
 2  it.
 3  [REDACTED]
 4  [REDACTED]
 5  [REDACTED]
 6  [REDACTED]
 7  [REDACTED]
 8  [REDACTED]
 9  [REDACTED]
10  [REDACTED]
11  [REDACTED]
12  [REDACTED]
13  [REDACTED]
14  [REDACTED]
15  [REDACTED]
16  [REDACTED]
17  [REDACTED]
18  [REDACTED]
19  [REDACTED]
20  [REDACTED]
21  [REDACTED]
22  [REDACTED]
23  [REDACTED]
24           MR. TUNG:  Counsel, I'm going to object to
25  this line of questioning.  Are you asking her to spend
```

```
                                                                    Page 29
 1  time on the record to flip through the entire set of
 2  two Redwelds of source code?
 3           MR. AHN:  I think my question to her was
 4  clear.
 5      Q.   (By MR. AHN)  Can you answer my question?
 6           MR. TUNG:  I'm going to object to that
 7  question as asking the witness to go through thousands
 8  and thousands of pages of source code.  And it's also
 9  vague.  It's also an incomplete hypothetical.
10      A.   If you're asking me to find the file, then
11  it may be possible.  I don't know if you want me it do
12  it at home and by what the deadline is.
13      Q.   (By MR. AHN)  Can you do it sitting here
14  today?  It's okay if you can't.  I just need to know
15  your answer.
16           MR. TUNG:  Objection, leading.  Objection,
17  vague.  Objection; again, calling for the witness to go
18  through 5,000 pages of code.  It's also an incomplete
19  hypothetical.
20           MR. AHN:  Counsel, you've stated your
21  objections.  Stop coaching the witness.
22           MR. TUNG:  And I'm allowed to state
23  objections.  I'm not coaching the witness.  The record
24  is clear.
25      A.   I think it will be difficult to do it here
```

Page 30
```
 1  within today.
 2       Q.  (By MR. AHN)  Would it have been easier for
 3  you if you had a computer with the source code on it?
 4           MR. TUNG:  Objection, vague, incomplete
 5  hypothetical, beyond the scope.
 6       A.  Yes.
 7           MR. TUNG:  I asked for a break about five
 8  minutes ago.
 9           MR. AHN:  Let's go off the record.
10           VIDEOGRAPHER:  One second, please.  This
11  marks the end of Disk Number 1 in the deposition of
12  Seong Hee Hwang.  The time is 3:48.  Going off the
13  record.
14           (Recess taken.)
15           VIDEOGRAPHER:  We are back on the record.
16  Here marks the beginning of Disk Number 2 in the
17  deposition of Seong Hee Hwang.  The time is 4:13.
18           MR. TUNG:  I just wanted to designate this
19  transcript highly confidential, outside attorneys' eyes
20  only source code and reserve the right for the witness
21  to submit errata.
22           REPORTER:  "Reserve the right for the
23  witness to" . . .
24           MR. TUNG:  To submit errata.
25           LEAD INTERPRETER:  "Errata," can you
```

Page 31
```
 1  please . . .
 2           MR. TUNG:  Errata, errors.
 3           MR. AHN:  Mark, I just want to confirm, I
 4  read the stipulation at the beginning, but I don't
 5  think you stated on the record that you agreed with it.
 6  Do you agree with the stipulation that was stated at
 7  the start?
 8           MR. TUNG:  That was stipulated at the
 9  beginning?  Yes, I do agree with that.
22       Q.  (By MR. AHN)  Please do.
23           MR. TUNG:  Objection, vague.
24       A.  I need to organize my thoughts in regards to
25  volume.  I need time to do so.
```

Page 32
```
 1       Q.  (By MR. AHN)  How much time do you need?
 2       A.  I need about two minutes.
 3           (Pausing) Yes, I will respond.
 4       Q.  Please do.
17           MR. TUNG:  Objection, vague.
18       A.  What version are you referring to?
19       Q.  (By MR. AHN)  Any version.
20           MR. TUNG:  Objection, vague.
21       A.  No.
25           MR. TUNG:  Objection, vague, assumes facts.
```

Page 33
```
 1       A.  Yes.
 2       Q.  (By MR. AHN)  What does that method do?
 3           MR. TUNG:  Objection, lacks foundation,
 4  vague.
 5       A.  What version are you referring to?
 6       Q.  (By MR. AHN)  Any version.
 7           MR. TUNG:  Same objections.
 8       A.  I think it's different depending on version.
 9       Q.  (By MR. AHN)  Can you give me the name of
10  any version that you are thinking of right now?
11           MR. TUNG:  Objection, vague.
12       A.  Are you referring to all versions of
13  Android?
```

Page 42

```
 1      Q.   (By MR. AHN)  Have you ever seen a pop-up
 2 disappear without any action by a user?
 3           MR. TUNG:  Objection, vague, beyond the
 4 scope, and to the extent it calls for a legal
 5 conclusion.
 6      A.   In what model do you mean?
 7      Q.   (By MR. AHN)  Any model.
 8           MR. TUNG:  Same objections.
 9      A.   I am responsible for pop-ups common to
10 Android, in general.  Because I develop for the Google
11 market, I would like to ask you to pick one and
12 specify.
13      Q.   (By MR. AHN)  Identify the product that you
14 saw a pop-up disappear on without any action by a user.
15           MR. TUNG:  Same objections.
16      A.   Is it okay if it's not our company's
17 products?
18      Q.   (By MR. AHN)  No.
19           MR. TUNG:  Same objections.
20      A.   I'd like to pick out GS II among the Korean
21 models.
22      Q.   (By MR. AHN)  Please describe to me how that
23 pop-up disappears without any action by a user on the
24 Galaxy S II?
25           MR. TUNG:  Objection, vague, beyond the
```

Page 43

```
 1 scope, and to the extent it calls for a legal
 2 conclusion.
 3      A.   I would like you to elaborate what part.
 4      Q.   (By MR. AHN)  Can you walk me through how
 5 the source code performs that operation?
 6           MR. TUNG:  Objection, vague, and to the
 7 extent it calls for a legal conclusion, and calls for a
 8 narrative.
 9      A.   What source code do you mean?
10      Q.   (By MR. AHN)  The source code on the Galaxy
11 S II product that you just selected.
12           MR. TUNG:  Objection, vague, beyond the
13 scope, to the extent it calls for a legal conclusion,
14 and it calls for a narrative.
15      A.   I'm not sure about the legal aspects, but in
16 a developer's point of view, because it's associated
17 with so many things, it is impossible to explain it
18 all.
19           CHECK INTERPRETER:  Rephrasing the answer.
20 "I don't know about the legal aspect, but from the
21 developer's perspective, because there are numerous
22 files associated with it, therefore, I cannot explain
23 in detail."
24      Q.   (By MR. AHN)  Can you try?
25           MR. TUNG:  Same objections.
```

Page 44

```
 1      A.   I can explain while looking at the source
 2 code.
 3      Q.   (By MR. AHN)  Can you do it without looking
 4 at the source code?
 5           MR. TUNG:  Same objections.
 6      A.   No.
 7      Q.   (By MR. AHN)  Tell me anything you remember
 8 about this process that you can tell me without looking
 9 at the source code.
10           MR. TUNG:  Objection, vague, to the extent
11 it calls for a legal conclusion, calls for a narrative,
12 calls for speculation, lacks foundation, and beyond the
13 scope.
14      A.   I can most accurately explain by explaining
15 it while looking at the source code.
16      Q.   (By MR. AHN)  Is there anything you can tell
17 me about this process without looking at the source
18 code?
19           MR. TUNG:  Same objections.
20      A.   I'm not sure about the legal aspects, but I
21 would appreciate if you can ask in more detail.
22      Q.   (By MR. AHN)  I just want to know if there's
23 anything you can tell me about the process that we just
24 discussed without having to look at source code.
25           MR. TUNG:  Objection, vague, beyond the
```

Page 45

```
 1 scope, calls for speculation, lacks foundation, calls
 2 for a narrative, and to the extent it calls for a legal
 3 conclusion.
 4      A.   I would like to ask for the final question
 5 that I need to answer in detail.
 6      Q.   (By MR. AHN)  I'll repeat it.
 7           I just want to know if there's anything you
 8 can tell me about the process that we just discussed
 9 without having to look at source code.
10           MR. TUNG:  Same objections.
11      A.   What process?
12      Q.   (By MR. AHN)  The one we've been discussing
13 for the past 15 minutes.
14           MR. TUNG:  Same objections.
15      A.   I would like to hear it once more in detail,
16 in an organized manner.
17      Q.   (By MR. AHN)  Please listen very closely.
18           There's a Galaxy S II product that you
19 identified as the product where you had seen a pop-up
20 window disappear without user intervention.  Please
21 describe to me how the source code makes that process
22 happen.
23           MR. TUNG:  Objection, vague, lacks
24 foundation, calls for speculation, beyond the scope, to
25 the extent it calls for a legal conclusion, calls for a
```

Page 46

1  narrative.

5       Q.   (By MR. AHN)  Go ahead.
6            MR. TUNG:  Same objections.
7       A.   Because it is such a broad scope, I need
8  time to think.
9       Q.   (By MR. AHN)  How much time do you need?
10      A.   I think I would need about an hour.
11      Q.   Would you be able to answer it sitting here
12 right now?
13           MR. TUNG:  Objection, vague, beyond the
14 scope, incomplete hypothetical.
15      A.   I think I can describe the simple principle
16 if I start organizing my thoughts from now and continue
17 to do so.
18      Q.   (By MR. AHN)  But can you actually begin
19 answering my question at this moment?
20           MR. TUNG:  Objection, vague, beyond the
21 scope, incomplete hypothetical, asked and answered.
22      A.   No, because it's related to source code as
23 much as this folder here, and I am not a genius, I
24 cannot explain without the source code.
25      Q.   (By MR. AHN)  I'm going to hand what you has

Page 47

1  been marked as Exhibit Number 2246.  Exhibit Number
2  2246 is an e-mail from Dooyoel Kam to a number of
3  recipients, including Seong Hee Hwang, dated May 7th,
4  2011, bearing the Bates numbers S-ITC-008814170 through
5  008814171.
6            (Exhibit 2246 was marked for
7  identification.)
8       Q.   Do you recognize Exhibit 2246?
9       A.   When you say "recognize," do you mean can I
10 read it?
11      Q.   Take a look at the top of the document.  In
12 the "To" field, do you see your name?
13      A.   Yes, I seen it -- I see it.
14      Q.   Is this an e-mail that you received?
15      A.   I'm not sure.
16      Q.   Do you have any reason to doubt that you
17 received it?
18      A.   What do you mean by "doubt"?
19      Q.   Do you have any reason to believe that you
20 did not receive this e-mail?
21      A.   You mean, to doubt whether receiving this
22 e-mail?  I'm not sure whether I received it or not.
23      Q.   Your name is in the "To" field, correct?
24      A.   Yes.
25      Q.   Towards the bottom of the first page,

Page 48

1  approximately five rows from the bottom, do you see the
2  word "iPad 2"?
3       A.   Yes.
4       Q.   Can you read that sentence aloud.
5       A.   Okay.  iPod -- iPad 2, in comparison to iPad
6  2, delay -- delay in horizontal and vertical screen
7  change.
8       Q.   And do you know what --
9            MR. TUNG:  Just to clarify the record, the
10 witness read it in Korean, and the interpreter then
11 translated it to English.  The original document is in
12 Korean.
13      Q.   (By MR. AHN)  Do you have an understanding
14 of what that refers to?
15           MR. TUNG:  Objection, lacks foundation,
16 calls for speculation.
17      A.   No.
18      Q.   (By MR. AHN)  Are you aware of any
19 comparisons at Samsung between Apple products and
20 Samsung products?
21           MR. TUNG:  Objection, vague, beyond the
22 scope, and lacks foundation, calls for speculation.
23      A.   No.
24      Q.   (By MR. AHN)  Are you aware of any study of
25 Apple or Apple products at Samsung?

Page 49

1            MR. TUNG:  Same objections.
2       A.   No.
3       Q.   (By MR. AHN)  Are you aware of any study of
4  iOS at Samsung?
5            MR. TUNG:  Objection, vague, beyond the
6  scope, lacks foundation, calls for speculation.
7       A.   No, I don't know well.  I don't know at all.
8       Q.   (By MR. AHN)  Have you personally done any
9  study of Apple's iOS platform?
10           MR. TUNG:  Objection, vague, beyond the
11 scope.
12      A.   No, I haven't.
13      Q.   (By MR. AHN)  Did you collect any documents
14 for production in this case?
15           MR. TUNG:  Objection, vague, and beyond the
16 scope.
17      A.   What case do you mean?
18      Q.   (By MR. AHN)  The lawsuit between Apple and
19 Samsung.
20           MR. TUNG:  Same objections.
21      A.   What lawsuit do you mean?
22      Q.   (By MR. AHN)  The lawsuit that you're
23 currently testifying for.
24           MR. TUNG:  Same objections.
25      A.   No.

Page 50

1    MR. AHN: That's all the questions I have
2 for today. I will note for the record that the witness
3 has just testified she did not collect any documents
4 for production which confirms the fact that we have
5 received a handful of documents with Miss Hwang as a
6 custodian. Until we receive that production and
7 Samsung has satisfied its collection and production
8 obligations, this deposition will remain open.
9    In addition, I note that Miss Hwang was
10 unable to answer any of my questions and is
11 inadequately prepared to testify as a corporate
12 representative on the topic of source code relating to
13 pop-up windows.
14    Accordingly, Samsung must produce another
15 witness on this subject before the close of discovery.
16    MR. TUNG: So I will note that the witness
17 asked for source code to be shown to her multiple
18 times, and no source code exhibit was ever introduced
19 during this deposition, despite the fact that Samsung
20 brought thousands of pages of source code that Apple
21 had previously printed.
22    I'll also note that Miss Hwang did answer all
23 the questions and asked for clarification which counsel
24 failed to provide and, therefore, the questions were
25 not well-founded. Objections were noted on the record.

Page 51

1    I'll also note that, in terms of collection,
2 that Samsung has collected their documents and produced
3 them already. There is no basis to keep this
4 deposition open. It is now 5:13. We agreed with Apple
5 previously that witnesses would be available until 7
6 p.m. It is Apple's choice to end the deposition at
7 this time. There is no reason Apple cannot continue
8 this deposition and, therefore, this deposition is
9 closed.
10    VIDEOGRAPHER: This marks the end of Disk
11 Number 2 in the deposition of Seong Hee Hwang. The
12 time is 5:11. Going off the record.
13    (Time noted: 5:11 p.m.)

Page 52

(Counsel representing this witness should arrange for
reading and signing and thereafter distribute copies of
the signed Errata sheet to opposing counsel without
involvement of the court reporter.)

STYLE OF CASE:    Apple v. Samsung (NDCAL)
DEPOSITION OF:    SEONG HEE HWANG
DATE TAKEN:       March 7, 2012

E R R A T A   S H E E T

Page    Line    Change            Reason

I hereby certify that I have read my deposition and
that it is true and correct subject to any changes in
form or substance entered here.

_____
Date              SEONG HEE HWANG

Page 53

C E R T I F I C A T E

SEOUL            )
                 )
SOUTH KOREA      )

I, Melanie L. Giamarco, Registered
Professional Reporter and Certified Realtime Reporter,
do hereby certify that the aforementioned witness was
first duly sworn by me pursuant to stipulation of
counsel to testify to the truth; that I was authorized
to and did report said deposition in stenotype; and
that the foregoing pages are a true and correct
transcription of my shorthand notes of said deposition.

I further certify that said deposition was
taken at the time and place hereinabove set forth and
that the taking of said deposition was commenced and
completed as hereinabove set out.

I further certify that I am not attorney or
counsel of any of the parties, nor am I a relative or
employee of any attorney or counsel of any party
connected with the action, nor am I financially
interested in the action.

The foregoing certification of this
transcript does not apply to any reproduction of the
same by any means unless under the direct control
and/or direction of the certifying reporter.

IN WITNESS WHEREOF, I have hereunto set my
hand this 9th day of March, 2012.

_____
Melanie L. Giamarco
Certified Realtime Reporter
Registered Professional Reporter
Certified Shorthand Reporter