# KANG DECLARATION EXHIBIT 7

Exhibit 38

Filed Under Seal

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1

```
 1                  UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
 2                       SAN JOSE DIVISION

 3   APPLE, INC., a California
     corporation,
 4                                           CASE NO.
             Plaintiff,                      11cv01846-LHK
 5
     v.
 6
     SAMSUNG ELECTRONICS, CO., LTD.,
 7   a Korean business entity;
     SAMSUNG ELECTRONICS AMERICA,
 8   INC., a New York corporation;
     SAMSUNG TELECOMMUNICATIONS
 9   AMERICA, LLC, a Delaware limited
     liability company,
10
             Defendants.
11   _____

12   SAMSUNG ELECTRONICS, CO., LTD.,
     a Korean business entity;
13   SAMSUNG ELECTRONICS AMERICA,
     INC., a New York corporation;
14   SAMSUNG TELECOMMUNICATIONS
     AMERICA, LLC, a Delaware limited
15   liability company,

16           Counterclaim-Plaintiffs,

17   v.
     APPLE, INC., a California
18   corporation,

19           Counterclaim-Defendant.

20

21      *** HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY ***

22           VIDEOTAPED 30(b)(6) DEPOSITION OF:
                        KIWON LEE
23
                      March 8, 2012
24                     Kim & Chang
                   Seoul, South Korea
25               1:01 P.M. - 4:52 P.M.
```

## Page 2

```
 1   APPEARANCES:

 2   For the Plaintiff/Counterclaim-Defendant, Apple, Inc.

 3           MORRISON & FOERSTER, LLP
             BY: Karl J. Kramer, Esq.
 4               Samantha Kim, Esq.
             755 Page Mill Road
 5           Palo Alto, California 94304-1018
             (650) 813-5600
 6
 7   For the Defendants/Counterclaim-Plaintiffs, the Samsung
     entities:
 8
             QUINN EMANUEL URQUHART & SULLIVAN, LLP
 9           BY: Wayne T. Alexander, Esq.
             NBF Hibiya Building, 25F, 1-1-7
10           Uchisaiwai-cho, Chiyoda-ku
             Tokyo 100-0011, Japan
11           03) 5510-1711
12
13   Also present:
14           Rosa W. Kim, Samsung
             Sang Mee Moon, Lead Interpreter
15           Kathy Sim, Check Interpreter
             Marc Friedman, Videographer
16           Michael E. Miller, Court Reporter
17
18
19
20
21
22
23
24
25
```

## Page 3

```
 1               I N D E X
     WITNESS:                                    PAGE
 2   KIWON LEE

 3   EXAMINATION BY MR. KRAMER                    5
 4
                 E X H I B I T S
 5   NUMBER    DESCRIPTION                      PAGE
 6
     Exhibit 2387   Affidavit of Kiwon Lee       13
 7                  (S-ITC-000092584 - S-ITC-000092592)
 8   Exhibit 2388   Atmel mXT224 Protocol Guide  17
                    (Sss 11306799 - sss 11306888)
 9
     Exhibit 2389   Chain of E-mails             53
10                  (S-ITC-003401487 - S-ITC-003401507)
11   Exhibit 2390   Chain of E-mails             54
                    (S-ITC-003401550 - S-ITC-003401555)
12
     Exhibit 2391   Chain of E-mails             57
13                  (S-ITC-003680954 - S-ITC-003680967)
14
15
16        R E F E R E N C E D   E X H I B I T S
17   NUMBER                                     PAGE
18   HS Jung  ...................................  8
     Exhibit 2380
19
20
21
22
23
24
25
```

## Page 4

```
 1                  PROCEEDINGS
 2           (March 8, 2012 at 1:01 p.m.)
 3           THE VIDEOGRAPHER:  We are on the record.  The
 4   time is 1:02 p.m.  Today's date is March 8th, 2012.  My
 5   name is Marc Friedman, Certified Legal Videographer with
 6   American Realtime Court Reporters Asia.
 7           This deposition is being held in the office of
 8   Kim & Chang, located in Jeongdong, Seoul, South Korea.
 9   The caption of this case is Apple, Inc., a California
10   corporation vs. Samsung Electronics, Inc., Ltd., et al. in
11   the United States District Court, Northern District of
12   California, San Jose Division, Civil Action
13   No. 11-CV-01846.
14           This is a 30(b)(6) deposition of witness Kiwon
15   Lee.
16           At this time, counsel will identify themselves,
17   state whom they represent, starting with the noticing
18   attorney.
19           MR. KRAMER:  Karl Kramer representing Apple.
20   With me today is Samantha Kim, an attorney with Morrison &
21   Foerster.
22           MR. ALEXANDER:  My name is Wayne Alexander.
23   I'm with Quinn Emanuel.  We represent Samsung Electronics.
24           THE VIDEOGRAPHER:  Counsel please state any
25   stipulations or statements on the record.
```

## Page 5

```
 1           MR. KRAMER:  We understand the court reporter
 2   is not authorized to administer oaths in this venue.
 3   Nevertheless, we request that he administer the oath, and
 4   we stipulate that we waive any objection to the validity
 5   of the deposition based on the oaths.  Agreed?
 6           MR. ALEXANDER:  Agreed.
 7           THE VIDEOGRAPHER:  Our court reporter, Mike
 8   Miller of American Realtime Court Reporters Asia, will now
 9   swear in the interpreters and witness, and we shall
10   proceed.
11           (Interpreters sworn.)
12                  KIWON LEE,
13           having been first duly sworn,
14               testified as follows:
15                  EXAMINATION
16   BY MR. KRAMER:
17       Q.   What is your name?
18       A.   Kiwon Lee.
19           LEAD INTERPRETER:  Phonetically spelled as
20   K-I-W-O-N, L-E-E.
21   BY MR. KRAMER:
22       Q.   By whom are you currently employed?
23       A.   I'm at Samsung Electronics.
24       Q.   What is your position there?
25       A.   I'm a lead engineer.
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 6

1    Q.    Can you describe for us briefly your
2 educational background, starting from your first
3 experience at college or university.
4          CHECK INTERPRETER:  May the check interpreter
5 first make a belated correction of the witness' position.
6 It's "engineer."
7          MR. KRAMER:  Do you agree?
8          LEAD INTERPRETER:  I was told by Samsung that
9 it's an engineer, but I was told by the taking counsel
10 that you call it lead engineer, so for the sake of
11 understanding, I said "lead engineer."
12         MR. KRAMER:  All right.  We'll leave that one
13 alone.
14         Now, could I have an answer to my question?
15 Could you reinterpret it for him, please?
16    A.    I have bachelor's degree in computer
17 engineering.
18 BY MR. KRAMER:
19    Q.    From what institution do you have a bachelor's
20 degree in computer engineering?
21    A.    Inhwa University.
22         LEAD INTERPRETER:  Phonetically spelled as
23 I-N-H-W-A.
24 BY MR. KRAMER:
25    Q.    And what year did you earn your degree from

Page 7

1 that institution?
2    A.    Year 2006.
3    Q.    Could you describe your employment history
4 since graduation from college?
5    A.    I started working in Samsung Electronics in
6 November of 2005, and I've been working on HSP.  What is
7 currently called HSP is the Bada OS, and I've been working
8 here for over four years.  And after that, for over about
9 two years, I've been working in Android.
10    Q.    What is HSP?
11    A.    It's SHP.  It's Samsung's handset platform, and
12 publicly it's known as Bada.
13    Q.    And you are still working on Android-related
14 projects for Samsung, correct?
15    A.    Yes.  Correct.
16    Q.    Have you had any training in English language
17 skills?
18    A.    Yes.  I've received English language training
19 in public schools, and also I've been to English
20 institution several times.
21    Q.    Is it fair to say that in your job for Samsung,
22 you, on occasion, are called upon to speak and write in
23 English?
24    A.    Yes, sometimes.
25    Q.    I'm going to show you what's been previously

Page 8

1 marked as Exhibit 2380, which is Apple's Sixth
2 Rule 30(b)(6) Deposition Notice.  Have you seen this
3 document before?
4    A.    Let me go through it first.
5          (Witness reviews document.)
6    A.    I haven't seen this document.
7 BY MR. KRAMER:
8    Q.    Can you turn to page 9 of this document,
9 Exhibit 2380, the Apple Sixth Rule 30(b)(6) Deposition
10 Notice?  Do you understand that you have been designated
11 today to testify on behalf of Samsung Electronics on
12 topics 11 and 12 listed on this page 9?
13    A.    Yes, I know.
14    Q.    Can you describe for me -- strike that.
15         Excluding from your answer the communications
16 you may have had with counsel for Samsung, can you
17 describe for me what you did to prepare to investigate and
18 be able to testify about the topics in 11 and 12?
19         MR. ALEXANDER:  Objection.  Yeah, I appreciate
20 that you excluded the potential privileged,
21 attorney-client privileged stuff, but I think how he
22 prepared is also work product privilege.  I mean, if you
23 have specific suggestions as to what he may have looked at
24 to prepare, I think that would be appropriate, but an
25 open-ended question of how he prepared is covered by the

Page 9

1 work product privilege.
2          MR. KRAMER:  And you'll instruct him to not
3 answer on that basis?
4          MR. ALEXANDER:  Yes.
5 BY MR. KRAMER:
6    Q.    Can you describe for me -- strike that.
7          Did you review any source code in connection
8 with your preparation to provide substantive answers in
9 response to topic number 11, which is, "The source code
10 for each product at issue relating to processing
11 touchscreen contacts, including code that detects,
12 interprets, e.g., by interpreting as a gesture, or
13 distinguishes between tapping, dragging, flicking,
14 flinging, pinching/de-pinching, rotation or other screen
15 contacts"?
16    A.    Yes, I saw the code.
17    Q.    What code did you see in preparation to answer
18 the questions relating to topic 11?
19    A.    I've looked into the code that processes touch
20 event in application and the parts related to scroll.
21    Q.    You said "in application."  Which application
22 is that?
23    A.    Browser web.
24         (Interruption by the reporter.)
25    A.    Browser app.



Page 22

```
21        MR. ALEXANDER:  Counselor, we've been going for
22  more than an hour now, so at a convenient point --
23        MR. KRAMER:  This is a good time for a break.
24        MR. ALEXANDER:  Okay.
25        THE VIDEOGRAPHER:  Stand by.  The time is 2:04.
```

Page 23

```
1  We're going off the record.  This will end Recording
2  No. 1.
3            (Recess taken, 2:04 p.m. to 2:14 p.m.)
4            THE VIDEOGRAPHER:  The time is 2:15.  We are
5  back on the record.  This will be the start of Recording
6  No. 2.
7  BY MR. KRAMER:
```

Page 24

```
5        THE WITNESS:  Can you repeat the translation?
6        A.    I really don't understand the question.  Can
7  you clarify that?
8  BY MR. KRAMER:
```

Page 25

```
6            THE WITNESS:  Can you repeat the translation?
7        A.    No, I cannot answer the question.  I don't know
8  that part.
9  BY MR. KRAMER:
10        Q.    Can you describe the sequence that occurs in
11  the operation of all of the code in the Samsung Galaxy
12  products once a touch event occurs on the touchscreen of a
13  Galaxy device, such as those accused in this case?
14        A.    Are you talking about at the application level?
15        Q.    Let me make it simpler.
16            Describe for us at the first place you are
17  aware of in the operation of any code in the Samsung
18  Galaxy products where something occurs in response to my
19  touching a screen on the Samsung Galaxy device.
25  BY MR. KRAMER:
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

58..60

Page 58

```
 1            MR. KRAMER:  Those are the only questions I
 2   have at this time.  Obviously, I'm not going to close the
 3   deposition and I don't want to debate why, but we have
 4   issues with the production of this witness on topics.
 5            MR. ALEXANDER:  Noted.
 6            THE VIDEOGRAPHER:  The time is 4:51.  We're
 7   going off the record.  This will be the end of Recording
 8   No. 3.
 9            (Discussion off the record.)
10            THE VIDEOGRAPHER:  The time is 4:51 we're back
11   on the record.
12            MR. ALEXANDER:  Yes, we would like to designate
13   this, the transcript, as dealing with source code, so it's
14   attorneys' eyes only, highly confidential.
15            THE VIDEOGRAPHER:  The time is 4:52.  We're off
16   the record, once again, end of Recording No. 3.
17            (Off the record at 4:52 p.m.)
18
19
20
21
22
23
24
25
```

Page 59

```
 1   (Counsel representing this witness should arrange for
     reading and signing and thereafter distribute copies of
 2   the signed Errata sheet to opposing counsel without
     involvement of the court reporter.)
 3
 4   STYLE OF CASE:     Apple vs. Samsung (ND CAL)
 5   DEPOSITION OF:     KIWON LEE
 6   TAKEN:             March 8, 2012
 7
 8            E R R A T A   S H E E T
 9   Page    Line Change          Reason
10   ___     ___  _____
11   ___     ___  _____
12   ___     ___  _____
13   ___     ___  _____
14   ___     ___  _____
15   ___     ___  _____
16   ___     ___  _____
17   ___     ___  _____
18   ___     ___  _____
19   ___     ___  _____
20   ___     ___  _____
21   ___     ___  _____
22
23   I hereby certify that I have read my deposition and that
     it is true and correct subject to any changes in form or
     substance entered here.
24
25   Date  _____        KIWON LEE  _____
```

Page 60

```
 1              C E R T I F I C A T E
 2   SEOUL          )
                    )
 3   SOUTH KOREA    )
 4        I, Michael E. Miller, Registered Diplomate
     Reporter, Certified Realtime Reporter, do hereby certify
 5   that the aforementioned witness was first duly sworn by me
     pursuant to stipulation of counsel to testify to the
 6   truth; that I was authorized to and did report said
     deposition in stenotype; and that the foregoing pages are
 7   a true and correct transcription of my shorthand notes of
     said deposition.
 8
 9        I further certify that said deposition was
     taken at the time and place hereinabove set forth and that
10   the taking of said deposition was commenced and completed
     as hereinabove set out.
11        I further certify that I am not attorney or
     counsel of any of the parties, nor am I a relative or
12   employee of any attorney or counsel of any party connected
     with the action, nor am I financially interested in the
13   action.
14        The foregoing certification of this
     transcript does not apply to any reproduction of the same
15   by any means unless under the direct control and/or
     direction of the certifying reporter.
16
17
18        IN WITNESS WHEREOF, I have hereunto set my
19   hand this March 9, 2012.
20
21
22   _____
     MICHAEL E. MILLER
23   Certified Realtime Reporter
     Registered Diplomate Reporter
24   Realtime Systems Administrator
25
```