# EXHIBIT 18

- 2 -    ANDRE *et al.*
Reply to Office Action of November 13, 2009    Appl. No. 29/332,683

## *Amendments to the Specification*

Please amend paragraph **[0011]** as follows:

**[0011]** The broken lines show[[ing]] portions of the ELECTRONIC DEVICE ~~are for the purpose of illustrating portions of the ELECTRONIC DEVICE~~ which form no part of the claimed design.

Atty. Dkt. No. 2607.0580002(P4984USD2)/TGD

APL-ITC796-0000003880

JX-0008  pg. 191 of 213

## *Remarks*

Reconsideration of this Application is respectfully requested. Applicants wish to thank the Examiner for her time and consideration during the interview conducted by Applicants' representatives on November 5, 2009. The substance of the interview is contained in the following remarks

The claimed design was rejected under the judicially created doctrine of obviousness-type double patenting over the design claimed in applicant's co-pending application no. 29/328,018. A terminal disclaimer is submitted herewith to overcome this rejection.

The claimed design has also been rejected under 35 U.S.C. §103(a) as being unpatentable over U.S. Patent No. 7,409,059 to Fujisawa (the '059 patent) in view of U.S. Patent Application Publication 2008/0004083 (the '083 publication). The Examiner alleges that the '059 patent is "strickingly similar to the left portion of the design shown in FIG. 7 of [the '059 patent]" and that it would have been obvious to "modify the elongated oval to have more rounded edges, as taught by the elongated oval in Figure 56 of [the '083 publication] and to modify the rectangular display to extend to the left and right side edges and to remove the inner border as demonstrated by Fig 56 of [the '083 publication]."

Applicants need not address whether such modifications to the design disclosed in the '059 patent are obvious for several reasons. First, the '083 publication is not a proper prior art reference. The present application is a divisional of Application No. 29/282,831, which is a continuation of Application No. 29/270,887, filed January 5,

Atty. Dkt. No. 2607.0580002(P4984USD2)/TGD

APL-ITC796-0000003881

JX-0008  pg. 192 of 213

- 4 -
Reply to Office Action of November 13, 2009

ANDRE *et al.*
Appl. No. 29/332,683

2007. Thus the present application has an effective filing date of January 5, 2007. *See* MPEP §706.02(VI). Because the '083 publication is a national phase application of an international application (WO 2006/038499) not published in English, the '083 publication does not have a 102(e) date. Therefore, the '083 publication is only available as a 102(a)/102(b) reference as of its publication date of January 3, 2008, which postdates the effective filing date of the present application. *See* MPEP §706.02(f)(1). Thus, the '083 publication is not a 102(a), 102(b) or 102(e) reference to the present application and the rejection is improper.

Although the Applicants need not address the merits of the rejection, even if the subject matter of '083 publication is prior art, Applicants assert that the design disclosed in the '059 patent is not so similar to the claimed design that a *prima facie* case of obviousness has been made. In determining patentability of a design, it is the overall appearance, the visual effect of the design as a whole, which must be taken into consideration. *In re Rosen*, 673 F.2d 388, 390 (C.C.P.A. 1982). See also *In re Yardley*, 493 F.2d 1389, 1392-1393 (C.C.P.A. 1974) ("[the] basic consideration in determining the patentability of designs over the prior art is similarity of appearance"). The prior art teachings must suggest the overall visual appearance of the claimed design, not just components of the claimed design. *In re Rosen,* 673 F.2d at 390. "Therefore, in order to support a holding of obviousness, a primary reference must be more than a design concept; it must have an appearance substantially the same as the claimed design." MPEP § 1504.3 (citing *In re Harvey*, 12 F.3d 1061 (Fed. Cir. 1993)).

While the design disclosed in the '059 patent has some similarities to the claimed design, there is at least one major difference which creates an overall ornamental

Atty. Dkt. No. 2607.0580002(P4984USD2)/TGD

APL-ITC796-0000003882

JX-0008  pg. 193 of 213

- 5 -                                           ANDRE *et al.*
Reply to Office Action of November 13, 2009                  Appl. No. 29/332,683

appearance that is quite different. A distinctive feature of the mobile telephone design disclosed in the '059 patent is a display section 11 which has a display screen 12 which is visible from both the front and back of the housing 32. *See* col. 5, lns. 1-5. As best seen in Figure 2 of the patent, screen 12 is inset in display area 11 of housing 32 such that the front face of housing 32 creates a stepped or framed appearance. There is nothing in the '059 patent to suggest that there is anything on top of display 12 which would make it flush with the front face of housing 32 as in the claimed design. In fact, Figure 3 suggests that there is a bevel edge or frame around display 12 creating an uneven transition on the front face of housing 32 between the housing and the display screen 12 in contrast to the substantially smooth or flush transition of the display screen and the rest of the front face of the claimed design.

There is nothing in the disclosure of the '083 publication which addresses these deficiencies in the '059 patent, nor was it cited for that purpose. The '083 publication does not disclose a front face that is substantially continuous, as claimed. The '083 patent discloses multiple functional features such as switches, speakers and lenses which create a discontinuous surface. There is nothing in the '083 publication to suggest that there is anything on top of display 21 which would make it flush in the transition with the front face as in the claimed design. In fact, the embodiment of Figures 5 and 6, which only differs from the embodiment of Fig 56 in that speakers 161, 162 and 163 are employed, suggests that display 21 is also inset and that there is an uneven transition between display 21 and the remainder of the front face. *See* paragraph [0218] of the '083 publication.

Atty. Dkt. No. 2607.0580002(P4984USD2)/TGD

APL-ITC796-0000003883

JX-0008  pg. 194 of 213

Furthermore, the claimed design calls for the surface to be substantially completely transparent, while neither of the cited designs discloses a surface that is substantially completely transparent. Both designs disclose a display area, but it is clear from the disclosures that those areas make up only a portion of the front face of the device.

Because neither of the cited references discloses or suggests the overall visual impression of a substantially continuous transparent surface on an electronic device and the substantially smooth or flush transition between the display screen and the rest of the front face of the device, they cannot be said to render the claimed design obvious.

Based on the above amendment and remarks, Applicants submit that the claimed design is not obvious.

## *Conclusion*

All of the stated grounds of rejection have been properly traversed, accommodated, or rendered moot. Applicants therefore respectfully request that the Examiner reconsider all presently outstanding rejections and that they be withdrawn. Applicants believe that a full and complete reply has been made to the outstanding Office Action and, as such, the present application is in condition for allowance. If the Examiner believes, for any reason, that personal communication will expedite prosecution of this application, the Examiner is invited to telephone the undersigned at the number provided.

Prompt and favorable consideration of this Amendment and Reply is respectfully requested.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Tracy-Gene G. Durkin
Attorney for Applicants
Registration No. 32,831

Date: January 27, 2010

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

1072966_2.DOC

Atty. Dkt. No. 2607.0580002(P4984USD2)/TGD

APL-ITC796-0000003885

JX-0008  pg. 196 of 213