1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, | Case No.: 11-CV-01846-LHK |
| Plaintiff, | ORDER GRANTING PRELIMINARY INJUNCTION |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

On December 2, 2011, this Court issued an order denying Apple's motion for a preliminary injunction. Apple sought an injunction based on Samsung's alleged infringement of Apple's Design Patent Nos. D618,677 ("the D'677 Patent"), D593,087 ("the D'087 Patent"), D504,889 ("the D'889 Patent"), and based on Samsung's alleged infringement of Apple's U.S. Patent No. 7,469,381 ("the '381 Patent"). ECF No. 452. The Federal Circuit affirmed, in part, this Court's Order, but remanded for further proceedings solely with respect to the D'889 Patent. *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, 678 F.3d 1314 (Fed. Cir. 2012). Specifically, the Federal Circuit ordered this Court to consider the balance of hardships and whether the public interest favored an injunction with respect to the D'889 Patent. *Id*. at 1333. The Federal Circuit issued the mandate, which was received and docketed by the Clerk of this Court on June 25, 2012. ECF No.

1

1130.  This Court now has jurisdiction over the matter.  *See* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 3987; *see also United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996).

## I.    Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).  In the December 2, 2011 Order, this Court found that Apple had established that the Samsung Galaxy Tab 10.1 likely infringed upon the D'889 Patent, and that Apple was likely to suffer irreparable harm as a result of Samsung's infringing conduct.  *See* December 2 Order at 39-50.  However, the Court denied the preliminary injunction because the D'889 Patent was likely invalid based on several prior art references.  *Id*. at 40-45, 50.

The Federal Circuit upheld the Court's findings of infringement and irreparable harm with respect to the D'889 Patent, but reversed the Court's invalidity finding as to that patent.  *See Apple*, 678 F.3d at 1328-33.  The Federal Circuit remanded for a determination only to allow the Court to make findings regarding the third and fourth *Winter* factors, and to determine as a whole whether the injunction should issue.  *Id*. at 1333.  Specifically, the Federal Circuit instructed this Court, on remand, to "conduct [an] assessment of the balance of hardships with respect to the D'889 Patent. To the extent that the court finds that the public interest factor cuts in favor of either side, it should weigh that factor as well in determining whether to issue a preliminary injunction against Samsung's Galaxy Tab 10.1 tablet computer." *Id*.  Apple has satisfied the first two *Winter* factors.  Thus, the Court's task on remand is a narrow one.

Although the Court previously set this matter for hearing, upon further review of the briefing and further consideration of the record on this matter, the Court concludes that another hearing on these issues is unnecessary.  The parties have had several opportunities to brief and argue the motion for a preliminary injunction.  Initially, the Court held a hearing on the motion, after full briefing, on October 13, 2011.  The Court issued its ruling on December 2, 2011.  The

2

parties then briefed and had oral argument on these issues before the Federal Circuit.  Finally, Apple filed a motion for an injunction pursuant to Rule 62(c) on May 18, 2012.  *See* ECF No. 951. The Court set a briefing schedule on May 21, 2012, in which the parties were ordered to address the limited issues the Federal Circuit remanded for this Court's consideration, namely the balance of hardships and whether the public interest favored an injunction on the D'889 Patent.  ECF No. 962.  The Court also requested briefing on an appropriate amount of bond.  *Id*. at 2.  The Court determined that no new facts, except with regard to the bond, would be considered on remand in light of the scope of the remand ordered by the Federal Circuit.[1]  *Id*.  Samsung filed its brief on May 25, 2012 addressing the issues identified above.  Apple filed a reply brief on May 31, 2012. Based on this record, the Court determines that further briefing and argument from the parties on the issue of the preliminary injunction is unnecessary.  Moreover, because this Court has already found that denial of an injunction would cause Apple irreparable harm, any further delay of the injunction is not justified.  Therefore, the hearing set for Friday, June 29, 2012 is VACATED.  Civ. L. R. 7-1(b).  For the reasons set forth below, the Court GRANTS Apple's motion for a preliminary injunction and ENJOINS the sale of the Galaxy Tab 10.1 tablet computer.

### A. Balance of the Hardships

In light of the Federal Circuit's ruling that Samsung has not raised a substantial question as to the validity of the D'889 Patent, this Court finds that the balance of hardships tips in Apple's favor.  The Federal Circuit has acknowledged that "[t]he hardship on a preliminarily enjoined

---

[1]  Samsung filed a motion seeking leave to file a motion for reconsideration of the Court's ruling prohibiting new evidence on remand.  *See* ECF Nos. 962; 978.  Samsung sought to introduce new prior art to relitigate the validity of the D'889 Patent and new financial information to relitigate the irreparable harm issue as to the D'889 Patent.  *See* ECF No. 978.  The Court denied Samsung's motion in its June 4, 2012 Order at n.1, ECF No. 1032.  When Samsung raised the issue again at the June 21, 2012 hearing on cross motions for summary judgment, the Court again denied Samsung's request.  On June 26, 2012, Samsung moved yet again for leave to file a motion for reconsideration.  ECF No. 1132.  Samsung once again seeks to introduce new prior art to relitigate the validity of the D'889 Patent and new financial information to relitigate the irreparable harm issue as to the D'889 Patent.  Samsung has not met its burden under the Civil Local Rules in showing that each of the three requirements of Civil Local Rule 7-9(b) is met and thus warrants leave to file a motion for reconsideration.  Moreover, the Federal Circuit's remand was explicitly limited to the issues of balancing of hardships and public interest and did not invite a reopening of the D'889 infringement, validity, and irreparable harm findings.  Accordingly, Samsung's motion for leave to file a motion for reconsideration in order to reopen the record and to relitigate issues beyond the limits of the Federal Circuit's remand order is DENIED.

Case No.: 11-CV-01846-LHK
ORDER GRANTING PRELIMINARY INJUNCTION

United States District Court
For the Northern District of California

1    manufacturer who must withdraw its product from the market before trial can be devastating." *Ill.*

2    *Tool Works, Inc. v. Grip-Pak, Inc.*, 906 F.2d 679, 683 (Fed. Cir. 1990).  Nonetheless, in many

3    circumstances, the infringer's hardship from an injunction is insufficient for a balance of hardships

4    to weigh in its favor.  This is because "[o]ne who elects to build a business on a product found to

5    infringe cannot be heard to complain if an injunction against a continuing infringement destroys the

6    business so elected." *Telebrands Direct Response Corp. v. Ovation Commc'ns, Inc.*, 802 F. Supp.

7    1169, 1179 (D.N.J. 1992) (quoting *Windsurfing Int'l Inc. v. AMF, Inc*., 782 F.2d 995, 1003 n.12

8    (Fed. Cir. 1986).

9         In this case, although Samsung will necessarily be harmed by being forced to withdraw its

10    product from the market before the merits can be determined after a full trial, the harm faced by

11    Apple absent an injunction on the Galaxy Tab 10.1 is greater.  Apple's interest in enforcing its

12    patent rights is particularly strong because it has presented a strong case on the merits.  This Court

13    previously found the Galaxy Tab 10.1 to be substantially similar "in the eyes of the ordinary

14    observer" to the D'889.  *See* December 12 Order at 45.  Indeed, the Court noted that the Galaxy

15    Tab 10.1 is "virtually indistinguishable" from Apple's iPad and iPad 2.  *See id.* at 47.  In

16    combination with the Federal Circuit's determination that the D'889 Patent will likely withstand

17    Samsung's validity challenge, Apple has established a strong claim on the merits.  Additionally,

18    the Federal Circuit did not upset this Court's finding that Apple has established a likelihood of

19    irreparable harm absent an injunction.  *Apple*, 678 F.3d at 1328.  In comparison, Samsung's

20    concern over the losses suffered as a result of an injunction cannot overcome Apple's showing. *See*

21    *Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 931 (Fed. Cir. 2012); *Sanofi–Synthelabo v.*

22    *Apotex, Inc.*, 470 F.3d 1368, 1383 (Fed. Cir. 2006).  This is particularly true in light of the fact that

23    (1) there was some evidence that Samsung altered its design to make its product look more like

24    Apple's, and (2) Apple will be required to post a bond in the event that this injunction was wrongly

25    issued.  *See Apple*, 678 F.3d at 1338 (O'Malley, J., concurring); Ho Decl. Ex. HH, ECF No. 430.

26         Samsung essentially raises two arguments that the balance of hardships tips in its favor: (1)

27    an injunction on the Galaxy Tablet 10.1 is an overbroad injunction based on "one aspect of the

28    overall product," and (2) an injunction would harm Samsung's business relationships with wireless

4

1    carriers that provide the Galaxy Tab 10.1 to their customers.  *See* Opp'n to Mot. for Rule 62(c)

2    Injunction ("Opp'n") at 6-9.  The Court is unpersuaded by Samsung's arguments.  Samsung

3    previously raised, and this Court previously rejected, Samsung's argument that design is but one

4    aspect of a technologically complex product.  This Court previously found that design is an

5    important driver in the demand for tablet sales.  December 2 Order at 49.  This finding was upheld

6    by the Federal Circuit.  *See Apple*, 678 F.3d at 1328.  Even though the Tab 10.1 may be a "complex

7    technological device," there is no basis to revisit the Court's finding on this point.

8            Second, Samsung's argument that its business relationships would be damaged by an

9    injunction rings hollow.  As explained above, "one who elects to build a business on a product

10   found to infringe cannot be heard to complain if an injunction against a continuing infringement

11   destroys the business so elected."  *Telebrands Direct Response Corp.*, 802 F. Supp. at 1179.

12   Samsung cannot be heard to complain about broken business relationships that it has established on

13   infringing products.

14           Apple has established a strong case on the merits.  This Court already found that Samsung's

15   products are "virtually indistinguishable" from Apple's products, and that the Galaxy Tab 10.1

16   likely infringed on the D'889 Patent.  Moreover, this Court previously found that Apple had shown

17   that it was likely to suffer irreparable harm from the sales of Samsung's infringing tablets because:

18   (1) Apple and Samsung were direct competitors, (2) together the two companies held a relatively

19   large market share, with few other competitors in the relevant market; and (3) design mattered

20   more to customers in making tablet purchases, establishing the requisite nexus.  *Apple*, 678 F.3d at

21   1328; December 2 Order at 48-49.  Given the strength of Apple's case on the merits, and its

22   likelihood of irreparable harm, the balance of hardships tips in Apple's favor.  While Samsung will

23   certainly suffer lost sales from the issuance of an injunction, the hardship to Apple of having to

24   directly compete with Samsung's infringing products outweighs Samsung's harm in light of the

25   previous findings by the Court.

26       **B.  Public Interest**

27           The Federal Circuit also instructed this Court to consider whether the public interest favors

28   issuing a preliminary injunction of the Galaxy Tab 10.1.  *Apple*, 678 F.3d at 1333.  "In exercising

5

Case No.: 11-CV-01846-LHK
ORDER GRANTING PRELIMINARY INJUNCTION

**United States District Court**
For the Northern District of California

their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24 (citation omitted). Samsung argues that the public interest favors competition and thus weighs against issuing an injunction which would preclude a product from the market. Opp'n at 10-11. On the other hand, Apple argues that the public interest weighs in favor of enforcing patent rights. Mot. at 9.

The Court agrees with Apple that the public interest favors the enforcement of patent rights here. *See Sanofi–Synthelabo*, 470 F.3d at 1383 ("We have long acknowledged the importance of the patent system in encouraging innovation."). Although Samsung has a right to compete, it does not have a right to compete unfairly, by flooding the market with infringing products. As explained by the Federal Circuit, "[a]lthough the public interest inquiry is not necessarily or always bound to the likelihood of success o[n] the merits, . . . absent any other relevant concerns . . . the public is best served by enforcing patents that are likely valid and infringed." *Abbott Labs. v. Andrx Pharm., Inc.*, 452 F.3d 1331, 1348 (Fed. Cir. 2006). This Court is persuaded by Judge O'Malley's concurrence that the public interest favors an injunction here "because the record at this stage shows that the D'889 Patent is likely valid and infringed, and there are no other relevant concerns, the public interest is best served by granting a preliminary injunction." *Apple*, 678 F.3d at 1338 (O'Malley, J. concurring). As a patent holder, Apple has a valid right to exclude others from practicing Apple's invention. In order to protect that right, and promote the "encouragement of investment-based risk," the public interest weighs in favor of Apple. *See Sanofi–Synthelabo*, 470 F.3d at 1383 (citing *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 599 (Fed. Cir. 1985)).

Finally, the Court should "weigh and measure each of the four factors against the other factors and against the magnitude of the relief requested." *Chrysler Motors Corp. v. Auto Body Panels of Ohio, Inc.*, 908 F.2d 951, 953 (Fed. Cir. 1990). This Court has already found that Apple was likely to succeed on establishing infringement at trial "[i]n light of the substantial similarities between the design of the accused product and the D'889 Patent." December 2, 2011 Order at 48. The Court also found that Apple had established that it would likely be irreparably harmed by the infringing conduct. *Id.* at 49. The Federal Circuit affirmed the Court's findings on these issues, and found that Samsung is not likely to establish that the D'889 is invalid at trial. Moreover, as

6

United States District Court
For the Northern District of California

1   explained above, the remaining two *Winter* factors weigh in favor of an injunction.  In light of the

2   fact that all *Winter* factors weigh in Apple's favor, the Court finds that the issuance of a

3   preliminary injunction is proper.

4       **C.  Bond**

5       Federal Rule of Civil Procedure 65(c) requires that the Court order Apple to provide

6   security "in an amount that the court considers proper to pay the costs and damages sustained by

7   any party found to have been wrongfully enjoined or restrained."   The amount of bond is within

8   the court's discretion.  *See Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1126 (9th Cir.

9   2005).  The bond requirement is "designed to protect the enjoined party's interests in the event that

10  future proceedings show the injunction issued wrongfully."  *Apple*, 678 F.3d at 1339 (O'Malley, J.

11  concurring) (citing *Edgar v. MITE Corp.*, 457 U.S. 624, 649 (1982) (Stevens, J., concurring)).  The

12  Court has reviewed the briefing.   Although the parties disagree on the upper range of a potential

13  bond, the parties agree that a bond in the amount of $2.6 million will be sufficient.  *See* Opp'n to

14  Rule 62(c) Motion at 13; Reply to Rule 62(c) Motion at 7.  In light of the agreement by the parties,

15  the Court sets the bond in the amount of $2.6 million.

16  **II.    Order**

17      For the foregoing reasons, the Court issues the following order enjoining the Galaxy Tab

18  10.1 from sale in the United States:

19      Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung

20  Telecommunications America, Inc., its officers, directors, partners, agents, servants, employees,

21  attorneys, subsidiaries, and those acting in concert with any of them, are enjoined from making,

22  using, offering to sell, or selling within the United States, or importing into the United States,

23  Samsung's Galaxy Tab 10.1 tablet computer, and any product that is no more than colorably

24  different from this specified product and embodies any design contained in U.S. Design Patent No.

25  D504,889.  As a condition of the preliminary injunction, Apple is ordered to post a bond in the

26  amount of $2,600,000 to secure payment of any damages sustained by defendant if it is later found

27  to have been wrongfully enjoined.  This Order shall become effective upon posting of the bond.

28

7

**IT IS SO ORDERED.**

Dated: June 26, 2012

_____
LUCY H. KOH
United States District Judge

Case No.: 11-CV-01846-LHK
ORDER GRANTING PRELIMINARY INJUNCTION

United States District Court
For the Northern District of California