UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., | Case No.: C 11-1846 LHK (PSG) |
| Plaintiff, | **ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO STRIKE EXPERT REPORTS** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD, a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **(Re: Docket Nos. 934, 939)** |
| Defendants. | |

In this patent infringement suit, Defendants Samsung Electronics Co., LTD., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") and Plaintiff Apple Inc. ("Apple") each move to strike portions of one another's expert reports. On June 21, 2012, the court heard oral argument regarding the parties' respective motions. Having considered the arguments and evidence presented, the court GRANTS-IN-PART and DENIES-IN-PART Apple's motion to strike, and GRANTS-IN-PART and DENIES-IN-PART Samsung's motion to strike.

1

Case No.: 11-1846 LHK (PSG)
**ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO STRIKE EXPERT REPORTS**

## I. INTRODUCTION

Recognizing the time-sensitive nature of the issues presented, both for the parties and the presiding judge, the court will resist the urge to set forth a lengthy discussion of each party's positions and its own analysis. Unfortunately, there is simply not time for all that, when the parties have challenged reports from no less than nineteen experts whose proposed testimony spans liability and damages issues concerning no less than eleven design and utility patents. Instead, the court will simply discuss the overarching legal framework that it has applied in reaching its decisions and then proceed to rule. For purposes of this order, the parties may presume that in ruling on any particular expert, the court has adopted the proposed factual findings and legal conclusions of the party urging the ruling and rejected those in opposition.

## II. LEGAL STANDARDS

Patent cases in this district and many others follow a familiar sequence of steps to get at the theories and evidence that experts will present to the jury at trial. Complaints identify the patents-in-suit and perhaps the products. Answers identify the accused infringer's general defenses. But only when the patent local rules requiring contentions kick in, or contention interrogatory responses are served, can parties begin to understand the particulars of their adversary's case. Specific patent claims and disputed claim terms are designated. Infringement and invalidity charts are shared and amended as investigations and discovery reveal new evidence. Ultimately, expert reports are tendered and depositions provided, with perhaps a round of *Daubert* motions to clear the field of any last remaining brush barred under Fed. R. Civ. P. 702. Perfectly conceived and executed, expert trial testimony in a patent case should be no different than in other cases: the testimony is supported by a report which in turn reliably applies the theories disclosed in the contentions to evidence disclosed during fact discovery.

Unfortunately, in either its conception or execution or both, expert trial testimony in patent cases is often far from perfect. This case is no exception. Most importantly for this order, many of the expert reports offer theories or rely on evidence never previously disclosed as required. Even if disclosed somewhere, the parties have forced each other to comb through the extraordinarily

2

Case No.: 11-1846 LHK (PSG)
**ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO STRIKE EXPERT REPORTS**

voluminous record to find them, rather than simply amending their contentions or interrogatory responses as they should. This is unacceptable. Patent litigation is challenging and expensive enough without putting one party or the other to the task of sifting through mountains of data and transcripts to glean what is at issue. At the same time, the line between permissible application of a disclosed theory to disclosed evidence and impermissible reliance on either a new theory or new evidence can blur. Under these circumstances, when asked to strike some or all of an expert report, the court must revert to a simple question: will striking the report result in not just a trial, but an overall litigation, that is more fair, or less?

With this framework and these standards in mind, the court turns to the two motions to strike before it.

### III.   DISCUSSION

#### A. *Apple's Motion to Strike Portions of Samsung's Expert Reports*

**Robert Anders**

1. Apple moves to strike portions of Robert Anders' expert report that opine that Apple's D'889, D'677, and D'087 Patents are indefinite. Apple argues that Anders' report includes theories never previously disclosed to Apple during discovery. Apple's motion is GRANTED.

2. Apple moves to strike portions of Robert Anders' expert report that opine that Samsung does not infringe certain Apple design patents. Apple argues that Anders' report includes theories never previously disclosed to Apple during discovery. Apple's motion is GRANTED.

**Stephen Gray**

3. Apple moves to strike portions of Stephen Gray's expert report that opine that Apple's '915 Patent is invalid. Apple argues that Gray's report includes ten references that were never previously disclosed in Samsung's Invalidity Contentions. The court GRANTS Apple's motion to exclude reference to seven of the ten, but DENIES Apple's motion as to the remaining three.

4. Apple moves to strike portions of Stephen Gray's expert report that opine that Samsung does not infringe Apple's '915 Patent. Apple argues that Gray's report includes theories never

3
Case No.: 11-1846 LHK (PSG)
**ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO STRIKE EXPERT REPORTS**

1     previously disclosed to Apple during discovery. The court DENIES Apple's motion, but further
2     orders that Samsung produce Gray for two additional hours of deposition testimony.

### Nicholas Godici

5. Apple moves to strike portions of Nicholas Godici's expert report that opine that Apple's D'889, D'677, and D'087 Patents are indefinite. Apple argues that Godici's report includes theories never previously disclosed to Apple during discovery. Apple's motion is GRANTED.

6. Apple moves to strike portions of Nicholas Godici's expert report that opine that Apple's relevant design patents should be narrowly construed in light of subsequently issued design patents. Apple argues that Godici's report includes theories never previously disclosed to Apple during discovery. Apple's motion is GRANTED.

### Jeffrey Johnson

7. Apple moves to strike portions of Jeffrey Johnson's expert report that opine that Samsung products do not infringe Apple's '381 Patent. Apple argues that the report includes theories never previously disclosed to Apple during discovery. Apple's motion is DENIED.

### Sam Lucente

8. Apple moves to strike portions of Sam Lucente's expert report that opine that Apple's D'334 and D'305 Patents are invalid. Apple argues that Lucente's report includes prior art references never previously disclosed to Apple during discovery. Apple's motion is GRANTED.

9. Apple moves to strike portions of Sam Lucente's expert report that opine that Apple's asserted trade dress lacks distinctiveness. Apple argues that Lucente's report includes theories never previously disclosed to Apple during discovery. Apple's motion is GRANTED.

10. Apple moves to strike portions of Sam Lucente's expert report that opine that Samsung does not infringe certain Apple design patents. Apple argues that Lucente's report includes theories never previously disclosed to Apple during discovery. Apple's motion is GRANTED.

### Itay Sherman

11. Apple moves to strike portions of Itay Sherman's expert report that opine that Apple's D'889, D'677, and D'087 Patents are invalid. Apple argues that Sherman's report includes theories

4
Case No.: 11-1846 LHK (PSG)
**ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO STRIKE EXPERT REPORTS**

1   never previously disclosed to Apple during discovery, and also that Sherman's report includes a
2   prior art reference to a Nokia Fingerprint design that was never previously disclosed to Apple
3   during discovery. Apple's motion is GRANTED.

4   12. Apple moves to strike portions of Itay Sherman's expert report that opine that Apple's asserted
5   trade dress lacks distinctiveness. Apple argues that Sherman's report includes theories never
6   previously disclosed to Apple during discovery. Apple's motion is GRANTED.

7   13. Apple moves to strike portions of Itay Sherman's expert report that opine that Apple's D'889,
8   D'677, and D'087 Patents are indefinite. Apple argues that Sherman's report includes theories
9   never previously disclosed to Apple during discovery. Apple's motion is GRANTED.

### *Andries Van Dam*

14. Apple moves to strike portions of Andries Van Dam's expert report. Apple argues that Van Dam's report includes six alleged prior art references never previously disclosed in Samsung's Invalidity Contentions. The court GRANTS Apple's motion to the extent Van Dam references the prior art for any purpose other than to provide background for the technology claimed in the '381 Patent.

### *Brian Von Herzen*

15. Apple moves to strike portions of Brian Von Herzen's expert report that opine that Apple's '607 Patent is invalid. Apple argues that the report includes a derivation theory never previously disclosed in Samsung's Invalidity Contentions. Apple's motion is GRANTED.

16. Apple moves to strike portions of Brian Von Herzen's expert report that opine that Samsung does not infringe Apple's '607 Patent. Apple argues that the report sets forth non-infringement theories never previously disclosed to Apple in Samsung's interrogatory responses. Apple's motion is DENIED.

17. Apple moves to strike portions of Brian Von Herzen's expert report that opine that Apple's '607 Patent is invalid. Apple argues that the report references Blonder, but the reference was never previously disclosed to Apple in Samsung's interrogatory responses. Apple's motion is GRANTED.

18. Apple moves to strike portions of Brian Von Herzen's expert report that opine that Apple engaged in inequitable conduct while prosecuting its '607 Patent before the PTO. Apple argues that this theory was never previously disclosed to Apple either in Samsung's Answer to Apple's Complaint, or during discovery. The court GRANTS Apple's motion.

*Michael Wagner*

19. Apple moves to strike Michael Wagner's supplemental expert damages report. Apple argues that the report was untimely filed. The court DENIES Apple's motion, but further orders that Samsung produce Wagner for two additional hours of deposition testimony.

20. Apple moves to strike portions of Michael Wagner's rebuttal expert damages report. Apple argues that the report includes an alternative damages model based on financial data Samsung never produced during discovery. The court DENIES Apple's motion, but further orders that Samsung produce Wagner for an additional hour of deposition testimony.[1]

*Tim Williams*

21. Apple moves to strike portions of Tim Williams' expert report that opine that Apple infringes Samsung's '516 Patent. Apple argues that Williams' report advances infringement theories never previously disclosed in Samsung's Infringement Contentions. Apple's motion is GRANTED.

*Woodward Yang*

22. Apple moves to strike portions of Woodward Yang's expert report that opine that Apple infringes Samsung's '460 Patent. Apple argues that Yang's report advances infringement theories never previously disclosed in Samsung's Infringement Contentions. Apple's motion is DENIED.

### B. Samsung's Motion to Strike Portions of Apple's Expert Reports

*Ravin Balakrishnan*

1. Samsung moves to strike portions of Ravin Balakrishnan's expert report that opine that certain Samsung products infringe Apple's '381 Patent. Samsung argues that Balakrishnan's report

---

[1] Samsung must therefore produce Wagner for a total of three hours of additional deposition.

6
Case No.: 11-1846 LHK (PSG)
**ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO STRIKE EXPERT REPORTS**

1  references evidence never previously disclosed to Samsung during discovery. The court
2  DENIES Samsung's motion, but further orders that Apple produce Balakrishnan for an
3  additional two hours of deposition testimony.

*Peter Bressler*

2. Samsung moves to strike portions of Peter Bressler's report that opine on the state of the art surrounding Apple's design patents. Samsung argues that Bressler's expert report improperly references certain devices never previously disclosed to Samsung during discovery, and that Bressler's expert report improperly references certain product reviews, comparisons, and design elements. Samsung's motion as it pertains to devices is GRANTED, and Samsung's motion as it pertains to reviews, comparisons, and design elements is DENIED.

*Tony Givargis*

3. Samsung moves to strike portions of Tony Givargis' expert report that opine that Samsung's '711 Patent is invalid. Samsung argues that Givargis' report references evidence never previously disclosed to Samsung during discovery. Samsung's motion is DENIED.

4. Samsung moves to strike portions of Tony Givargis' expert report that opine that Apple does not infringe Samsung's '711 Patent. Samsung argues that Givargis' report references theories never previously disclosed to Samsung during discovery. Samsung's motion is DENIED.

*Susan Kare*

5. Samsung moves to strike portions of Susan Kare's expert report that opine on alternatives to Apple's design patents. Samsung argues that Kare's report references evidence never previously disclosed to Samsung during discovery. Samsung's motion is GRANTED.

*Michael Maharbiz*

6. Samsung moves to strike portions of Michael Maharbiz's expert report that opine that Samsung infringes Apple's '607 Patent. Samsung argues that Maharbiz's report improperly references certain laboratory reports never previously disclosed to Samsung during discovery, and that Maharbiz's report improperly references an infringement theory and evidence never previously disclosed to Samsung during discovery. Samsung's motion as it pertains to laboratory results is

7

Case No.: 11-1846 LHK (PSG)
**ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO STRIKE EXPERT REPORTS**

DENIED, and Samsung's motion as it pertains to an infringement theory and evidence is GRANTED.

*Terry Musika*

7. Samsung moves to strike portions of Terry Musika's expert report on damages. Samsung argues that Musika's report references licensing information never previously disclosed to Samsung during discovery, and also that data underlying summary tables in Musika's report was never previously disclosed to Samsung during discovery. Samsung's motion is DENIED.

*Sanjay Sood*

8. Samsung moves to strike portions of Sanjay Sood's expert report that opine on the importance of design to consumers. Samsung argues that Sood's report references evidence never previously disclosed to Samsung during discovery. Samsung's motion is DENIED.

*Russel Winer*

9. Samsung moves to strike portions of Russel Winer's expert report that opine on Apple's trade dress claims. Samsung argues that Winer's report references evidence never previously disclosed to Samsung during discovery. Samsung's motion is DENIED.

## IV. CONCLUSION

In accordance with the foregoing, the court ORDERS that portions of the parties' expert reports be struck. All supplemental depositions must be completed no later than July 13, 2012.

**IT IS SO ORDERED.**

Dated: June 27, 2012

PAUL S. GREWAL
United States Magistrate Judge

8
Case No.: 11-1846 LHK (PSG)
**ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO STRIKE EXPERT REPORTS**