1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Charles K. Verhoeven (Bar No. 170151)
2    charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5    Kevin P.B. Johnson (Bar No. 177129)
     kevinjohnson@quinnemanuel.com
6    Victoria F. Maroulis (Bar No. 202603)
     victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:     (650) 801-5000
   Facsimile:     (650) 801-5100
9

10   Michael T. Zeller (Bar No. 196417)
     michaelzeller@quinnemanuel.com
11 865 S. Figueroa St., 10th Floor
   Los Angeles, California 90017
12 Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
13

14 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
15 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16

17                  UNITED STATES DISTRICT COURT

18            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19

| 20 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
|---|---|---|
| 21 | Plaintiff, | **MOTION TO SHORTEN TIME FOR BRIEFING AND HEARING** |
| 22 | vs. | |
| 23 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | |
| 24 | ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | |
| 25 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 26 | Defendant. | |
| 27 | | |

28

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court, pursuant to Civil Local Rules 6-1(b) and 6-3, to shorten time for briefing and hearing on its accompanying Motion to Stay and Suspend the June 26, 2012 Preliminary Injunction Pending Appeal.

This motion is based on this notice of motion and supporting memorandum ; the supporting Declaration of Victoria F. Maroulis, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

Samsung seeks an to shorten time for briefing and hearing on Samsung's Motion to Stay and Suspend the June 26, 2012 Preliminary Injunction Pending Appeal.

June 27, 2012                     QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP


                                  By  */s/ Victoria F. Maroulis*
                                      Charles K. Verhoeven
                                      Kevin P.B. Johnson
                                      Victoria F. Maroulis
                                      Michael T. Zeller

                                      Attorneys for SAMSUNG ELECTRONICS CO.,
                                      LTD., SAMSUNG ELECTRONICS AMERICA,
                                      INC., and SAMSUNG
                                      TELECOMMUNICATIONS AMERICA, LLC

Case No. 11-cv-01846-LHK

# MEMORANDUM

On June 26, 2012, the Court issued an Order Granting Preliminary Injunction, enjoining Samsung from making, using, offering to sell, selling in the United States, or importing into the United States the Galaxy Tab 10.1 ("the Order"). Pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, Samsung has filed a Motion to Stay and Suspend the June 26, 2012 Preliminary Injunction Pending Appeal Or, Alternatively, Pending Decision By Federal Circuit On Stay Pending Appeal ("Motion to Stay"). In accordance with Local Rules 6-1(b) and 6-3, Samsung moves the Court to shorten time for the briefing and hearing schedule for its concurrently filed Motion to Stay. Specifically, Samsung requests that:

1. Apple's opposition to Samsung's Motion to Stay be filed by 12:00 p.m. on Friday, June 29, 2012;

2. Samsung waives its right to file a reply brief; and

3. The Court decide Samsung's Motion to Stay with any oral argument that the Court deems appropriate.

A shortened briefing schedule on Samsung's Motion to Stay is necessary because the Order, if permitted to take effect during the course of a normal briefing and hearing schedule, will cause immediate and irreparable harm to Samsung's business relationships with carriers and customers. Samsung's customers for its remaining Galaxy Tab 10.1 models are wireless carriers. The carriers provide the Tab 10.1 to their customers along with cellular service plans. Importantly, carriers have long-term relationships with their individual and corporate clients. Because of the nature of those relationships, they cannot as a practical matter be temporarily suspended, and breaking them imposes significant burdens. (*See, e.g.,* Dkt. No 264 (preliminary injunction would impair T-Mobile's goodwill with its customers, who are under long-term contracts with T-Mobile may not be able to obtain replacement devices covered by warranty if the

devices are enjoined); Dkt. No. 257 (the harm imposed by an injunction "would fall not just, or even mainly, on Samsung," but on Verizon Wireless and its customers).)  Therefore, it is critical to Samsung's business, as well as its business relationships with carriers and consumers, that Samsung remain a stable source of products to its carrier customers.

Furthermore, Samsung has demonstrated a strong likelihood of success on appeal.  The Court's decision to issue an injunction based on an outdated and incomplete record is inconsistent with the prospective and equitable nature of injunctive relief and the well-established principle that courts, in deciding whether to grant injunctive relief, must "tak[e] into account *all of the circumstances* that bear on the need for *prospective* relief" and "*never ignore significant changes in the law or circumstances* underlying an injunction . . . "  *Salazar v. Buono*, 130 S. Ct. 1803, 1816 (2010) (emphasis added).  The Federal Circuit's order remanding for further proceedings did not require this Court to ignore current facts and circumstances, and the Court erred in doing so. (*See* Dkt. No. 1135 at 3, n.1.)  On the current record, a preliminary injunction may not properly be granted because significant new evidence raises substantial questions that the D'889 is likely invalid and not infringed, and that Apple will not likely suffer irreparable harm in the absence of preliminary injunctive relief.

Counsel for Samsung contacted Apple's counsel in an effort to reach a stipulation to the briefing and hearing schedule outlined above.  (Declaration of Victoria F. Maroulis in Support of Samsung's Motion to Shorten Time ("Maroulis Decl.") ¶ 2, Ex. 1.)  Apple did not agree to Samsung's proposed schedule but proposed that Apple's opposition be due Monday.  (Maroulis Decl. ¶ 3, Ex. 2).  Samsung is unable to wait three additional days for Apple to submit its opposition because absent a stay, the Court's Order goes into effect immediately upon Apple posting a bond, which it did today.  (Dkt. No. 1145.)  Moreover, in the event the Court denies

Samsung's Motion to Stay, the additional delay would prevent Samsung from obtaining relief from the Federal Circuit until after the holiday.

**CONCLUSION**

For the foregoing reasons, Samsung respectfully requests that the Court grant Samsung's Motion to Shorten Time for Briefing and Hearing on Samsung's Motion to Stay.

DATED: June 27, 2012				Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Victoria F. Maroulis*
    Charles K. Verhoeven
    Kevin P.B. Johnson
    Victoria F. Maroulis
    Michael T. Zeller
    Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC