1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

15                    UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

17

18 

| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK (PSG) |
|---|---|
| Plaintiff, | **SAMSUNG'S MISCELLANEOUS ADMINISTRATIVE REQUEST PURSUANT TO CIVIL L.R. 7-11 FOR EXTENSION OF TIME TO FILE CIVIL L.R. 79-5(d) DECLARATION AND TO SEAL DOCUMENTS** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | [Linked to Dkt. Nos. 925, 1013, 1020, 1022, 1023, and 1024] |
| Defendants. | Judge: Hon. Lucy H. Koh<br>Place: Courtroom 8, 4th Floor |

Case No. 11-cv-01846-LHK
SAMSUNG'S MISC. ADMIN. REQUEST FOR EXTENSION OF TIME AND TO SEAL

Pursuant to Civil L.R. 7-11 and 79-5, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") respectfully request an order granting an extension of time to file the declaration contemplated by Civil L.R. 79-5(d), and to seal the documents, or limited portions thereof, identified in the concurrently filed Declaration of Hankil Kang ("Kang Dec.").

1.  On May 17, 2012, and June 1, 2012, Apple, Inc. ("Apple") filed six administrative motions to file documents under seal (collectively, "motions to file under seal") corresponding to the following docket numbers: 925, 1013, 1020, 1022, 1023, and 1024.

2.  As a result of an inadvertent calendaring error, Samsung did not file a declaration supporting Apple's motions to seal within the time prescribed by Civil L.R. 79-5(d). (Declaration of Anthony P. Alden ("Alden Dec."), ¶ 2.) Additionally, Apple's motions to file under seal were extremely broad. To ensure that Samsung narrowly tailored its request for sealing, as required by Civil L.R. 79-5(b), it was necessary to undertake a careful, page-by-page review of each document encompassed by Apple's motions to decide which specific portions of those documents, if any, meet the standard for sealing. Given the number of documents subject to Apple's motions to file under seal and the thoroughness of Samsung's review and redactions, it has taken considerable time to complete this effort.

3.  Samsung has made every effort to exclude from its request all non-confidential information and even confidential information that is not so commercially sensitive as to likely cause commercial harm by its disclosure. Indeed, following Samsung's review, it has confirmed that only 41 of the 103 documents encompassed by Apple's motions to file under seal contain information that satisfy the standard for sealing. Of these, Samsung has had to prepare redactions for 29 documents.

4.  Exhibit 1 attached hereto contains two tables. Table A identifies those 62 documents submitted by Apple in connection with its motions to file under seal which Samsung does *not* request be sealed. Table B identifies those 41 documents that Samsung requests be sealed in whole or in part, along with each page on which sealable material can be found and the specific reasons for Samsung's request to seal each specific portion.

5. Samsung has submitted an employee declaration establishing that the documents, or portions thereof, that it asks the Court to seal are trade secrets or otherwise entitled to protection under the law. (*See* Kang Dec.) The documents that are the subject of the Kang Declaration contain Samsung's highly confidential and trade secret and proprietary business information, including but not limited to information regarding the design and development of Samsung's products, highly confidential financial data, internal business structure, product development and engineering, product evaluation and competitive analysis, marketing research and strategies, and the nature of Samsung's relationships with its business partners.

6. Granting Samsung's motion will not prejudice any party because the material at issue has remained outside the public record from the time Apple filed its motions to file under seal and the Court has not yet ruled on the motions to file under seal. The short extension Samsung requests will not prejudice Apple, any third party, the Court, or the public interest in access to court records.

7. In contrast, if Samsung's motion is denied and the documents are made public, Samsung will suffer grave competitive and commercial harm by the disclosure of its trade secret information. (Kang Dec., ¶¶ 2-33.) Disclosure of this information, for example, would interfere with Samsung's business relationships with suppliers and distributors, and allow Samsung's competitors to undercut Samsung's pricing strategies, and to interfere with Samsung's marketing and advertising plans. This is just the kind of information courts have long recognized should be filed under seal. *See, e.g., Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, at *2-3 (S.D. Cal. May 24, 2012) (finding compelling reasons to seal marketing strategies, sales and retailer data, product development plans, and financial data because such material "could be used for improper purposes" against the movant); *Powertech Techn., Inc. v. Tessera, Inc.*, 2012 WL 1969039, at *1-2 (N.D. Cal. May 31, 2012) (finding that "compelling reasons" existed to grant plaintiff's motion to seal to prevent harm caused by "by giving its competitors [] proprietary information").

8. Samsung submits that it should not be injured by an inadvertent calendaring error and the public interest favors granting Samsung's motion. "[T]here can be no doubt that society in general is interested in the protection of trade secrets and other valuable commercial information."

1 *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 905 (E.D. Pa. 1981); *see
2 also Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978) ("courts have refused to permit
3 their files to serve . . . as sources of business information that might harm a litigant's competitive
4 standing").

5     9.    As explained in the accompanying Declaration of Anthony P. Alden, Samsung
6 sought to obtain consent from Apple before filing the present request pursuant to Civil L.R. 7–11.
7 However, Apple's counsel failed to respond. (Alden Dec., ¶ 3.)

8     10.    For all these reasons, there is good cause to grant Samsung's request for an
9 extension of time to file the Kang Declaration, and compelling reasons to allow the exhibits, or the
10 narrowly tailored designated portions thereof, identified in Exhibit 1, Tab B, to be filed under seal.

11     11.    A proposed order is submitted herewith.

13 DATED: June 27, 2012        QUINN EMANUEL URQUHART &
14                                           SULLIVAN, LLP

16                                         By  */s/ Victoria F. Maroulis*
                                             Charles K. Verhoeven
17                                              Kevin P.B. Johnson
                                             Victoria F. Maroulis
18                                              Michael T. Zeller
19                                              Attorneys for SAMSUNG ELECTRONICS CO.,
                                             LTD., SAMSUNG ELECTRONICS AMERICA,
20                                              INC. and SAMSUNG
                                             TELECOMMUNICATIONS AMERICA, LLC