# KANG DECLARATION EXHIBIT 3

# EXHIBIT 22

# PUBLIC REDACTED VERSION

CONTAINS INFORMATION DESIGNATED AS
SAMSUNG HIGHLY CONFIDENTIAL INFORMATION

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

APPLE INC., a California corporation,

      Plaintiff,

      vs.

SAMSUNG ELECTRONICS CO., LTD., a
Korean business entity, SAMSUNG
ELECTRONICS AMERICA, INC., a New
York corporation, and SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,

      Defendants.

SAMSUNG ELECTRONICS CO., LTD., a
Korean business entity, SAMSUNG
ELECTRONICS AMERICA, INC., a New
York corporation, and SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,

      Counterclaim-Plaintiffs,

      v.

APPLE INC., a California corporation,

      Counterclaim-Defendant.

Civil Action No. 11-CV-01846-LHK

**Expert Report of Mani Srivastava, Ph.D.
Regarding Invalidity of the Asserted Claim of U.S. Patent No. 7,577,460**

CONTAINS INFORMATION DESIGNATED AS
SAMSUNG HIGHLY CONFIDENTIAL INFORMATION

1 ████████████████████████████████████████████████

2 ████████████████████████████████████████████████

3 ████████████████████████████████████████

4 ██████████████████████████████████████████████████████

5 ████████████████████████████████████████████████

6 ████████████████████████████████████████████████

7 ██████████████████████████████████████████████

8 ██████████████████████████████████████████████

9 ████████████████████████████████████████

10 ██████████████████████████████

11      332.    For at least these reasons, Samsung's alleged secondary considerations do not

12 affect my conclusion that the claims of this patent are obvious in light of the prior art I have

13 discussed in detail above.

14 **XII.    The Asserted Claim of the '460 patent is Indefinite**

15      333.    Independent claim 1 recites, among other things, "entering a first E-mail

16 transmission sub-mode upon user request for E-mail transmission while operating in a portable

17 phone mode, the first e-mail transmission sub-mode performing a portable phone function,"

18 "entering a second E-mail transmission sub-mode upon user request for E-mail transmission

19 while operating in a display sub-mode, the second e-mail transmission sub-mode displaying an

20 image most recently captured in a camera mode," "transmitting the address of the other party and

21 a message received through a user interface in the first E-mail transmission sub-mode," and

22 "transmitting the address of the other party and the message received through the user interface

23 and the image displayed on the display as an E-mail in the second E-mail transmission sub-

24 mode."

25      334.    It is my opinion that claim 1 of the '460 patent is invalid as indefinite.  The

26 language of the claim whether read in isolation or together with the Specification fails to clarify

27 for one of ordinary skill in the art whether the claimed process (i) requires a single process for

28

CONTAINS INFORMATION DESIGNATED AS
SAMSUNG HIGHLY CONFIDENTIAL INFORMATION

sending an E-mail with a user following one sequence of steps to send the E-mail if the E-mail had an image attached, and a different sequence of steps if the E-mail did not have an image attachment, or (ii) requires two separate processes for sending E-mails, one with an attached image and another without an attached image.

335.    Furthermore, the claim is indefinite about whether the first E-mail transmission sub-mode transmits the "address of the other party and a message received through a user interface" in an E-mail to a recipient or to the second E-mail transmission sub-mode.  Unlike the last limitation, the penultimate limitation does not explicitly recite that the address and the message are transmitted "as an E-mail."  The indefiniteness is amplified because it is not clear whether "the user interface" recited in the last limitation is referring to "a user interface" recited in the penultimate limitation or to some other user interface.

336.    In my opinion for the above reasons claim 1 is insolubly ambiguous and not capable of interpretation by one of ordinary skill in the art.  Accordingly, it is my opinion that independent claim 1 is invalid under section 112, second paragraph because the claims do not apprise a person of ordinary skill in the art of their scope.

**XIII.   The Asserted Claim of the '460 patent Lacks Support in the Written Description**

      **A.    Lack of support for First and Second E-mail Transmission Sub-modes**

337.    In my opinion Claim 1 of the '460 patent is invalid for failing to comply with the written description requirement of 35 U.S.C. § 112, ¶ 1, because the '460 patent fails to teach in the Specification the "first E-mail transmission sub-mode" and the "second E-mail transmission sub-mode" recited in claim 1 of the '460 patent.  The patent description does not show one of ordinary skill in the art that the inventors possessed the invention they claimed.

338.    The Specification does not describe a "first E-mail transmission sub-mode" and "second E-mail transmission sub-mode."  The Specification only describes one "E-mail transmission sub-mode."  The Specification states that "[u]pon request for E-mail transmission in the portable phone mode in step 608, the portable phone controller 32 enters ***an*** E-mail transmission sub-mode in step 610."  *See* Col. 9, ll. 42–44 & Figure 6 (emphasis added).  The

CONTAINS INFORMATION DESIGNATED AS
SAMSUNG HIGHLY CONFIDENTIAL INFORMATION

Specification continues, in the context of discussing the play mode, that "[u]pon user request for *the* E-mail transmission, the portable controller 32 returns to *the* E-mail transmission sub-mode in step 610." *See* Col. 11, ll. 4–12 & Figure 8 (emphasis added).  Furthermore, Figures 6 and 8, which illustrate the portable phone mode and the play mode, use the same reference number, E-mail transmission sub-mode 610, to refer to the single E-mail transmission sub-mode.  The figures and text of the specification do not identify any other E-mail transmission sub-mode.  Therefore, one skilled in the art would understand that the inventors did not posses a device with more than one E-mail transmission submodes.

339.   Further, the claim, if interpreted as proposed by Samsung in its infringement contentions, requires that two email messages are simultaneously composed and sent from a "first E-mail transmission sub-mode" and a "second E-mail transmission sub-mode."  In contrast, the patent only describes sending one email message, either having (1) a To address and message body, or (2) a To address, message body, and image attachment.  In describing the E-mail transmission sub-mode, the specification discloses two alternate branches whereby one email message is sent from either branch but not from both.  The specification discloses:

"If the E-mail transmission sub-mode is selected in the play sub-mode of the camera mode, this implies that image data to be enclosed in *the* E-mail exists . . . .  However, if only the E-mail transmission sub-mode is selected in the portable phone mode, this implies that no image data enclosed in *the* E-mail exists.

In the presence of a still image to be enclosed in the E-mail in step 914, the portable phone controller 32 transmits the received message (title and contents) and the enclosed still image to the E-mail server 510 in packets, while displaying a message indicating E-mail transmission on the color LCD 48, in step 916.  In the absence of a still image to be enclosed in the E-mail in step 914, the portable phone controller 32 transmits the received message (title and contents) to the E-mail server 510 in packets, while displaying the message indicating E-mail transmission on the color LCD 48 in step 918." *See* Col. 12, ll. 30–51 & Figure 9.

340.   Figure 9, which illustrates the E-mail transmission sub-mode, shows that the method proceeds along step 916 in the presence of a still image, and alternatively, proceeds along step 918 in the absence of a still image.  That is, the portable phone controller 32 transmits

CONTAINS INFORMATION DESIGNATED AS
SAMSUNG HIGHLY CONFIDENTIAL INFORMATION

one email message, not two email messages, to the E-mail server 510, depending on the presence or absence of a still image.

### B.    Conclusion

341.    Thus, it is my opinion that the claim 1 of the '460 patent is invalid for lack of written description.

## XIV.    Trial Exhibits

342.    If called as a witness at trial, I may rely on visual aids and demonstrative exhibits that demonstrate the bases of my opinions.  Examples of these visual aids and demonstrative exhibits may include, for example, claim charts, patent drawings, excerpts from patent specifications, file histories, interrogatory responses, deposition testimony and deposition exhibits, as well as charts, diagrams, videos and animated or computer-generated video.

343.    Other than as referred to in this report, I have not yet prepared any exhibits for use at trial as a summary or support for the opinions expressed in this report, but I expect to do so in accordance with the Court's scheduling orders.

## XV.    Compensation

344.    I am compensated for my time at the rate of $425 for each hour of service that I provide in connection with this case.  That compensation is not contingent upon my performance, the outcome of the case, or any issues involved in or related to this case.

## XVI.    Previous Testimony

345.    I have not provided testimony as an expert witness before.

## XVII.    Supplementation of Opinions

346.    I reserve the right to adjust or supplement my analysis in light of any critique of or comments on my report or alternative opinions advanced by or on behalf of Samsung.

Dated: March 22, 2012

*Mani B. Srivastava*

Mani Srivastava, Ph.D.