# KANG DECLARATION EXHIBIT 6

# Exhibit 10
# (Submitted Under Seal)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendants. | CASE NO. 11-cv-01846-LHK |

**REBUTTAL EXPERT REPORT OF STEPHEN GRAY
REGARDING NON-INFRINGEMENT OF ASSERTED CLAIMS OF U.S. PATENT NOS.
7,844,915 AND 7,864,163**



15   44.   The Singh Report provides no additional discussion of how the "event object invokes" the scroll or gesture operation. See Singh's report ¶¶321-323

17   45.   For at least reason, the Accused Products do not infringe any of the asserted claims of the '915 Patent.

**2. It Is My Understanding That The Singh Report Opinions Regarding Indirect Infringement Were Not Properly Disclosed In Apple's Infringement Contentions.**

46.   The opinions of the Singh Report rely on an indirect theory of infringement with respect to the method claims of the '915 Patent. The opinion, as stated by the Singh report, is that "the Samsung defendants have indirectly infringed the method claims of the '915 Patent." Singh Report at ¶ 304. However, it is my understanding that Apple's P.L.R. 3-1 infringement contentions did not previously disclose that it would be relying on this type of infringement theory with regard to the '915 Patent. The

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

59. The Singh Report does not identify any specific component in the Accused Products that receives a user input. Singh merely asserts that "[e]ach '915 Accused Product … includes a touch-sensitive display," but does not cite to any evidence to establish that any such touch-sensitive displays receive "one or more input points." Further, The Singh Report does not identify any software component that receives or handles the user input from the touch-sensitive display. Singh Report ¶ 308.

60. Additionally, I note that any Accused Products that do not receive user input in the form of "one or more input points" do not infringe Claim 1.

### 3. '915 Patent, Claim 1[b]

61. Claim 1[b] recites:

*creating an event object in response to the user input;*

62. I note that any Accused Products that do not create an event object in response to user input in the form of "one or more input points" do not infringe this limitation.

### 4. '915 Patent, Claim 1[c]

63. Claim 1[c] recites:

*determining whether the event object invokes a scroll or gesture operation by distinguishing between a single input point applied to the touch-sensitive display that is interpreted as the scroll operation and two or more input points applied to the touch-sensitive display that are interpreted as the gesture operation;*

64. As discussed above, the Accused Products do not only use the number of touch inputs to determine whether a scroll or gesture operation is performed and therefore do not infringe this limitation.

65. Claim 1[c] requires "determining whether the event object invokes a scroll or gesture operation." I have previously submitted an expert report outlining the reasons for my conclusion that Claim 1 of the '915 Patent is indefinite and therefore invalid over the cited prior art.

66.     In the alternative, should the court find that Claim 1 is not indefinite and confirms its validity over the cited prior art, it is my opinion that Claim 1 is not infringed by the Accused Products, either literally or under the doctrine of equivalents, for at least the following reasons:

        **(a)     The Event Object does not "invoke"**

67.     The claim limitation relating to the event object invoking a scroll or gesture operation in Claim 1[c] is preceded by the language "creating an event object in response to the user input" in Claim 1[b].  Therefore, both limitations refer to the same "event object."



-14-

1 ██████████████████████ ██ ████████████████████████
2 █████████████████████████████████████████████████████
3 ███████████ ██ ████████████████████████████

4    73. The Singh Report provides no additional discussion of how the "event object invokes"
5 the scroll or gesture operation, as required by this limitation of Claim 1. See Singh's report ¶¶321-323.
6    74. For at least these reasons, the Accused Products do not infringe Claim 1 of the '915
7 Patent, either literally or under the doctrine of equivalents.

8     **(b)  The number of touch inputs are not used to determine whether to**
9       **scroll or scale**

10    75. As described above in Section IV.A.1.a, on the Accused Products a user is able to scroll
11 with one or more fingers (*e.g.,* two-finger scroll, three-finger scroll, etc.). Scrolling with two or more
12 fingers does not meet the limitation of "distinguishing between a single input point . . . interpreted as the
13 scroll operation and two or more input points . . . interpreted as the gesture operation."
14    76. I note that the Singh Report does not show that the Accused Products invoke a scroll or
15 gesture operation by distinguishing "between a single input point . . . interpreted as the scroll operation
16 and two or more input points . . . interpreted as the gesture operation." ████████████
17 ██ ██ █ ██ ██ ██ █ ██ ██ ██ ██ ██ ██
18 ███████████████████████████████████████████████████
19 ███████████████████████████████████████████████████
20 ██████████████
21 ██ █████████████████████████████████████████████
22 █████████████████████████████████████████████
23 ██ █████████████████████████████████████████████
24 ██████████████████████████████████████████████ █
25 ███████████████ ████ █████ ████ █ ████ █████ █████
26 ███████████████████████████████████████████████████
27 ████████████████████████████████
28

[Lines 1-7 redacted]

81. The Singh Report fails to prove infringement because the '915 Patent's definition of a "gesture," found in the Specification, includes both scrolling and scaling operations. The Accused Products therefore do not meet the claimed limitation of "distinguishing between a single input point . . . interpreted as the scroll operation and two or more input points . . . interpreted as the gesture operation." I also point out that Claim 1 uses the term "the scroll operation" to indicate that this operation is separate and different from "the gesture operation." As set forth in my initial expert report on invalidity, the conflation of scroll operations and gesture operations provided the basis for my conclusion that the '915 Patent is indefinite.

82. For at least these reasons, the Accused Products do not infringe Claim 1 of the '915 Patent either literally or under the doctrine of equivalents.

**(c) Additional Comments**

83. The Singh Report also relies on Ioi Lam's deposition testimony stating that Android has "event objects." Singh Report ¶ 325. I note that this statement and citation is nearly meaningless, as all event-driven GUI systems have event objects, or similar message-passing models.

**5. '915 Patent, Claim 1[d]**

84. Claim 1[d] recites:

*issuing at least one scroll or gesture call based on invoking the scroll or*

*gesture operation;*

85. As discussed above, systems that do not issue one or more scroll or gesture calls from the event object created in response to user input in the form of "one or more input points" do not infringe

-16-

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  Dated: April 16, 2012

By _____
Stephen Gray