# KANG DECLARATION EXHIBIT 15

Exhibit 44
(Submitted Under Seal)

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1

```
 1                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
 2                         SAN JOSE DIVISION

 3   APPLE, INC., a California
     corporation,
 4                                              CASE NO.
             Plaintiff,                         11cv01846-LHK
 5
     v.
 6
     SAMSUNG ELECTRONICS, CO., LTD.,
 7   a Korean business entity;
     SAMSUNG ELECTRONICS AMERICA,
 8   INC., a New York corporation;
     SAMSUNG TELECOMMUNICATIONS
 9   AMERICA, LLC, a Delaware limited
     liability company,
10
             Defendants.
11   _____

12   SAMSUNG ELECTRONICS, CO., LTD.,
     a Korean business entity;
13   SAMSUNG ELECTRONICS AMERICA,
     INC., a New York corporation;
14   SAMSUNG TELECOMMUNICATIONS
     AMERICA, LLC, a Delaware limited
15   liability company,

16           Counterclaim-Plaintiffs,

17   v.
     APPLE, INC., a California
18   corporation,

19           Counterclaim-Defendant.

20

21      *** HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY ***

22              VIDEOTAPED PERSONAL DEPOSITION OF:
                          HANGIL SONG
23
                        February 8, 2012
24                        Kim & Chang
                       Seoul, South Korea
25                   9:02 A.M. - 2:20 P.M.
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

79

```
 1  BY MR. STERN:
 2       Q.    Based on your work designing the Prevail,
 3  Mr. Song, you don't have any recollection of the nature of
 4  the front surface of the Prevail?
 5             MS. CARUSO:  Objection, mischaracterizes the
 6  prior testimony, vague.
 7       A.    When it comes to the design of the front
 8  surface, actually the boundaries are quite vague.  This is
 9  because the corner portions are curved, so it's hard to
10  tell whether it belongs to the front surface or bottom
11  surface or side surface.  So because of that ambiguity of
12  the borders, it's hard to answer your question.
13  BY MR. STERN:
14       Q.    So you're not able to tell me whether the front
15  face of the Prevail is -- consists of a piece of glass
16  extending from the edge to edge of the device; is that
17  correct?
18             MS. CARUSO:  Objection, mischaracterizes the
19  testimony, vague.
20       A.    No.
21  BY MR. STERN:
22       Q.    Do you recall, Mr. Song, any alternative
23  designs that you considered when you were working on the
24  design of the Prevail?
25             MS. CARUSO:  Objection, vague.
```

```
 1        A.     There are a lot of alternative designs in order
 2   to complete a single design.  For example, when you
 3   determine your hairstyle, there are a lot of options that
 4   you can consider.
 5   BY MR. STERN:
 6        Q.     Do you recall any of those options that you
 7   considered with respect to the Prevail?
 8        A.     If we look at the top view of this drawing,
 9   this is the main concept that we used.  ████████████████
     ████████████████████████████████████████████████████████
     ██████████████████████████
     ████████████████████████████████████████████████████████
     ████████████████████████████████████████████████████████
     █████████████████████████████████████████████████
     █████████████████████████████████████████████████
     ███████████████████████████████████████████████
     ████████████████████████
18        Q.     When you refer to the "line," are you referring
19   to the thin shiny and metallic-looking edge that runs
20   around the face of the phone?
21               MS. CARUSO:  Objection, vague, mischaracterizes
22   the record, lacks foundation.  The witness does not have
23   the phone in front of him.
24        A.     What you are referring to as "metallic-looking"
25   is actually plastic, and what I was referring to was that
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

87

```
 1                    C E R T I F I C A T E

 2     SEOUL               )
                           )
 3     KOREA               )

 4             I, Michael E. Miller, Registered Diplomate
       Reporter, Certified Realtime Reporter, do hereby certify
 5     that the aforementioned witness was first duly sworn by me
       pursuant to stipulation of counsel to testify to the
 6     truth; that I was authorized to and did report said
       deposition in stenotype; and that the foregoing pages are
 7     a true and correct transcription of my shorthand notes of
       said deposition.
 8
               I further certify that said deposition was
 9     taken at the time and place hereinabove set forth and that
       the taking of said deposition was commenced and completed
10     as hereinabove set out.

11             I further certify that I am not attorney or
       counsel of any of the parties, nor am I a relative or
12     employee of any attorney or counsel of any party connected
       with the action, nor am I financially interested in the
13     action.

14             The foregoing certification of this
       transcript does not apply to any reproduction of the same
15     by any means unless under the direct control and/or
       direction of the certifying reporter.

16

17


18             IN WITNESS WHEREOF, I have hereunto set my

19     hand this February 9, 2012.

20

21                     [signature]

22     _____
       MICHAEL E. MILLER
23     Certified Realtime Reporter
       Registered Diplomate Reporter
24     Realtime Systems Administrator

25
```