1  HAROLD J. MCELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
2  MICHAEL A. JACOBS (CA SBN 111664)
   mjacobs@mofo.com
3  JENNIFER LEE TAYLOR (CA SBN 161368)
   jtaylor@mofo.com
4  ALISON M. TUCHER (CA SBN 171363)
   atucher@mofo.com
5  RICHARD S.J. HUNG (CA SBN 197425)
   rhung@mofo.com
6  JASON R. BARTLETT (CA SBN 214530)
   jasonbartlett@mofo.com
7  MORRISON & FOERSTER LLP
   425 Market Street
8  San Francisco, California 94105-2482
   Telephone: (415) 268-7000
9  Facsimile: (415) 268-7522

10 Attorneys for Plaintiff and
   Counterclaim-Defendant APPLE INC.

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
Victoria F. Maroulis (Cal. Bar No. 202603)
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**JOINT STIPULATION AND REQUEST FOR CLARIFICATION AND [PROPOSED] ORDER REGARDING PRE-TRIAL DISCLOSURES** |

WHEREAS, the Court's May 2, 2012 Case Management Order provides that the parties shall file their Rule 26(a)(3) pretrial disclosures on June 29, 2012. (Dkt. No. 901.) Rule 26(a)(3)(A)(ii) provides that the parties shall disclose "the designation of those witnesses whose testimony the party expects to present by deposition…."

WHEREAS, the May 2, 2012 Case Management Order further provides that July 13, 2012 is the "[l]ast day to file objections to the use of a deposition," and July 16, 2012 is the "[l]ast day to file excerpts of deposition testimony or other discovery to be offered at trial other than solely for impeachment or rebuttal." (Dkt. No. 901.)

WHEREAS, the Court also has a Standing Jury Pretrial Order that provides for the timing of deposition designations and objections/counterdesignations as follows: "***Unless otherwise ordered***, at least 14 days before the commencement of trial [here, July 16, 2012], the parties shall file and serve any excerpts of deposition testimony or other discovery to be offered at trial, other than solely for impeachment or rebuttal. (A hard copy of the designated deposition testimony with page and line references, or the interrogatory response or admission shall be provided.) Any objections to the use of designated excerpts and any counterdesignations of deposition testimony shall be filed and served at least 10 days prior to the commencement of trial." (emphasis added);

WHEREAS, the Parties desire to resolve questions arising from these and other portions of the May 2, 2012 Case Management Order and Standing Jury Pretrial Order;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties, for the purpose of clarifying the timing of pre-trial disclosures and filings, as follows:

1. The Parties shall file and serve any excerpts of deposition testimony, other than solely for impeachment or rebuttal, on July 16, 2012.

2. The Parties shall file and serve objections to the use of designated excerpts and any counterdesignations of deposition testimony on July 20, 2012. The parties shall file and serve objections to counterdesignations on July 25, 2012.

3. Rule 26(a)(3) pretrial disclosures shall be exchanged by the parties on June 29, 2012 and filed in connection with the joint pretrial statement on July 3, 2012.

4. The parties disagree about the meaning of the Court's instruction to include in the

July 3, 2012 exhibit list 125 exhibits to be used other than solely for "impeachment or rebuttal."

    a.    Apple's understanding is that the Parties are required to include on the list any evidence that they reasonably anticipate introducing at trial.  The lists would include, for example, any evidence on which the Parties reasonably anticipate relying in opposing claims of infringement or in opposing claims of invalidity such as, for example, secondary indicia of non-obviousness.

    b.    Samsung's understanding is that the Parties should include only exhibits that they intend to introduce in connection with their case-in-chief.  Non-infringement or secondary indicia documents, for example, would be excluded from the list.

For the avoidance of doubt, the Parties request that the Court clarify its instruction.

    5.    The Parties request that they be allowed to mark a reasonable number of undisputed "Joint" exhibits, including the patents and trade dress registrations in suit, prosecution histories, and other documents and things central to the dispute.  The Parties request that such joint exhibits not count against the numerical limit that applies to Party-designated exhibits.

    6.    The Parties understand that the May 2, 2012 Minute Order and Case Management Order, page 2 lines 6-7 requiring disclosure of "exhibits, summaries, charts, and diagrams" does not apply to demonstrative exhibits not to be entered into evidence.  The Parties agree that certain demonstrative exhibits not to be entered into evidence must be exchanged before they are used in Court.  The Parties shall establish a deadline for exchange of such demonstrative exhibits in a subsequent stipulation or, if necessary, request that the Court set a deadline.

    7.    No other dates or deadlines shall be modified by this stipulation and order.

Dated: June 28, 2012

Dated: June 28, 2012

/s/ Michael A. Jacobs
Harold J. McElhinny
Michael A. Jacobs
Richard S.J. Hung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

William F. Lee
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Mark D. Selwyn
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Counsel for Plaintiff and Counterclaim-Defendant Apple Inc.*

/s/ Kevin P. Johnson
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 857-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____, 2012

_____
Honorable Lucy H. Koh
United States District Judge

**ATTESTATION OF E-FILED SIGNATURE**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Kevin P. Johnson has concurred in this filing.

Dated: June 28, 2012                         */s/ Michael A. Jacobs*
                                             Michael A. Jacobs