1   HAROLD J. MCELHINNY (CA SBN 66781)      WILLIAM F. LEE
    hmcelhinny@mofo.com                      william.lee@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)        WILMER CUTLER PICKERING
    mjacobs@mofo.com                         HALE AND DORR LLP
3   JENNIFER LEE TAYLOR (CA SBN 161368)      60 State Street
    jtaylor@mofo.com                         Boston, MA 02109
4   ALISON M. TUCHER (CA SBN 171363)         Telephone: (617) 526-6000
    atucher@mofo.com                         Facsimile: (617) 526-5000
5   RICHARD S.J. HUNG (CA SBN 197425)
    rhung@mofo.com
6   JASON R. BARTLETT (CA SBN 214530)        MARK D. SELWYN (SBN 244180)
    jasonbartlett@mofo.com                   mark.selwyn@wilmerhale.com
7   MORRISON & FOERSTER LLP                  WILMER CUTLER PICKERING
    425 Market Street                        HALE AND DORR LLP
8   San Francisco, California  94105-2482    950 Page Mill Road
    Telephone:  (415) 268-7000               Palo Alto, California 94304
9   Facsimile:  (415) 268-7522               Telephone: (650) 858-6000
                                             Facsimile: (650) 858-6100

10
    Attorneys for Plaintiff and
11  Counterclaim-Defendant APPLE INC.

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                          SAN JOSE DIVISION

15

16
    APPLE INC., a California corporation,      Case No. 11-cv-01846-LHK (PSG)
17
                        Plaintiff,             **APPLE INC.'S OPPOSITION TO
18                                             SAMSUNG'S MOTION TO STAY
            v.                                 AND SUSPEND THE JUNE 26, 2012
19                                             PRELIMINARY INJUNCTION
    SAMSUNG ELECTRONICS CO., LTD., a           PENDING APPEAL OR,
20  Korean corporation; SAMSUNG ELECTRONICS    ALTERNATIVELY, PENDING
    AMERICA, INC., a New York corporation; and DECISION BY FEDERAL CIRCUIT
21  SAMSUNG TELECOMMUNICATIONS                 ON STAY PENDING APPEAL**
    AMERICA, LLC, a Delaware limited liability
22  company,

23                      Defendants.

24                     PUBLIC REDACTED VERSION

25

26

27

28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................... 1

STANDARDS FOR GRANTING A STAY ........................................................................... 2

ARGUMENT ......................................................................................................................... 2

I.      SAMSUNG HAS NOT MADE A STRONG SHOWING THAT IT IS
LIKELY TO SUCCEED ON THE MERITS OF ITS APPEAL ....................................... 2

      A.      The Court Correctly Followed The Federal Circuit's Ruling ................................ 3

      B.      Samsung Has Not Made A Strong Showing That It Will Persuade
The Federal Circuit That It Did Not Likely Infringe The D'889
Based On New Evidence................................................................................... 6

      C.      Samsung Has Not Made A Strong Showing That It Will Persuade
The Federal Circuit That The D'889 Was Invalid Based On New
Evidence ........................................................................................................ 8

      D.      Samsung Has Not Made A Strong Showing That It Will Persuade
The Federal Circuit That Apple Would Not Be Irreparably Harmed
Or That The Balance Of Harms Shift Based On New Evidence .......................... 9

II.     APPLE WILL BE INJURED BY A STAY ........................................................... 9

III.    SAMSUNG HAS CONCEDED THE ABSENCE OF IRREPARABLE
INJURY ...................................................................................................... 10

IV.   SAMSUNG HAS NOT SHOWN THAT THE PUBLIC INTEREST
FAVORS A STAY........................................................................................ 11

V.     THE COURT SHOULD NOT ISSUE A STAY PENDING DECISION BY
THE FEDERAL CIRCUIT ON WHETHER A STAY SHOULD ISSUE ...................... 11

CONCLUSION ................................................................................................................... 12

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## CASES

*Apple Inc. v. Samsung Elecs. Co.*,
    678 F.3d 1314 (Fed. Cir. 2012).......................................................................... passim

*Chemlawn Servs. Corp. v. GNC Pumps, Inc.*,
    823 F.2d 515 (Fed. Cir. 1987)............................................................................. 6

*Church v. City of Huntsville*,
    30 F.3d 1332 (11th Cir. 1994).............................................................................. 6

*County of Sonoma v. Fed. Housing Fin. Agency*,
    No. C10-3270,
    2011 WL 4536894 (N.D. Cal. Sept. 30, 2011) ................................................... 11

*E.I. du Pont de Nemours & Co. v. MacDermid, Inc.*,
    No. 06-3383,
    2008 U.S. Dist. LEXIS 94170 (D.N.J. Nov. 19, 2008).......................................... 5

*Engel Indus., Inc. v. Lockformer Co.*,
    166 F.3d 1379 (Fed. Cir. 1999)............................................................................ 5

*Lankford v. Sherman*,
    451 F.3d 496 (8th Cir. 2006)............................................................................... 6

*Lankford v. Sherman*,
    No. 05-4285-CV,
    2007 U.S. Dist. LEXIS 14950 (W.D. Mo. Mar. 2, 2007) ...................................... 6

*MercExchange, L.L.C. v. eBay, Inc.*,
    188 Fed. App'x 993 (Fed. Cir. 2006)................................................................... 5

*MercExchange, L.L.C. v. eBay, Inc.*,
    467 F. Supp. 2d 608 (E.D. Va. 2006).............................................................. 5, 6

*NAACP v. N. Hudson Reg'l Fire & Rescue*,
    367 Fed. App'x 297 (3d Cir. 2010)..................................................................... 6

*NAACP v. North Hudson Regional Fire & Rescue*,
    707 F. Supp. 2d 520 (D.N.J. 2010) ................................................................. 5, 6

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed. Cir. 2005)........................................................................... 7

*Regents of Univ. of Cal. v. Am. Broad. Cos.*,
    747 F.2d 511 (9th Cir. 1984)............................................................................... 2

*Ricci v. DeStefano,*
    557 U.S. 557 (2009) ........................................................................................... 6

*Salazar v. Buono,*
    130 S. Ct. 1803 (2010) ....................................................................................... 5

*Standard Havens Prods., Inc. v. Gencor Indus Inc.,*
    897 F.2d 511 (Fed. Cir. 1990) ...................................................................... 2, 10

*Titan Tire Corp. v. Case New Holland, Inc.,*
    566 F.3d 1372 (Fed. Cir. 2009) .......................................................................... 2

*Tone Bros., Inc. v. Sysco Corp.,*
    No. 90-cv-60011,
    1992 WL 200128 (S.D. Iowa Mar. 17, 1992) ..................................................... 7

*Winston-Salem/Forsyth Cnty. Bd. of Educ. v. Scott,*
    404 U.S. 1221 (1971) .......................................................................................... 2

*Winter v. Natural Res. Def. Council,*
    555 U.S. 7 (2008) ................................................................................................ 6

**OTHER AUTHORITIES**

37 C.F.R.
    § 1.84(b)(1) ......................................................................................................... 7

Fed. R. App. P.
    41(b) ................................................................................................................... 12
    65(c) ................................................................................................................... 10

**INTRODUCTION**

Samsung is not telling the truth to someone—either the world at large or this Court.  It is touting to the press, and through the press to its investors, that this Court's preliminary injunction will have no significant or material impact on its business because the Galaxy Tab 10.1 is an older model and it has other Galaxy tablets to sell.[1]  Yet Samsung is telling the Court that "absent a stay, the injunction will cause Samsung significant harm due to impaired relationships with customers and carriers."  (Mot. at 7.)  Samsung submits no declaration to support its claimed harm, even though Samsung must establish harm to obtain a stay.  That failure is fatal.

Samsung's stay motion is based on the faulty premise—designed to further delay Apple's relief from irreparable harm—that this Court should have postponed acting on Apple's second preliminary injunction motion so that the parties could gather and present additional evidence.  In fact, this Court acted consistently with the Federal Circuit's instructions in acting promptly on remand.  The Federal Circuit explicitly recognized that this Court could resolve the remaining issues "in short order, thus minimizing the amount of delay."  *Apple Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1333 (Fed. Cir. 2012).  Indeed, because every day counts with respect to irreparable harm, the Federal Circuit issued its mandate immediately upon denying Samsung's petition for rehearing, confirming the urgency of completing the proceedings.

Nor does Samsung's purported "new" evidence establish a strong likelihood that Samsung will succeed on the merits on appeal.  Samsung already presented to the Federal Circuit most of the evidence and issues that it claims are new.  Just as the court of appeals rejected that evidence and argument, this Court was unquestionably correct to reject it as well.

Samsung never asked the Court *before* the preliminary injunction order issued to stay or delay any injunction pending appeal.  The injunction now has been in effect since June 27, when Apple posted the bond.  (Bartlett Decl. ¶ 2.)  Samsung cannot satisfy its burden to change the status quo, and Samsung's requested stay would eliminate any preliminary relief, given that trial

---

[1] *See* Declaration of Jason Bartlett, filed herewith ("Bartlett Decl.") Exs. F-G.

will be long over before the Federal Circuit resolves Samsung's appeal.  Samsung's request to further delay Apple's preliminary relief from irreparable harm should be denied.

## STANDARDS FOR GRANTING A STAY

Samsung bears a heavy burden to obtain a stay of an injunction pending appeal.  *Winston-Salem/Forsyth Cnty. Bd. of Educ. v. Scott*, 404 U.S. 1221, 1231 (1971) (Burger, Circuit Justice). The Federal Circuit considers four factors in determining whether to stay an injunction pending appeal:  (1) whether the moving party has made a "strong showing" of likely success on the merits of the appeal; (2) whether that party will be "irreparably injured absent a stay"; (3) whether a stay "will substantially injure" the other party; and (4) "where the public interest lies." *Standard Havens Prods., Inc. v. Gencor Indus Inc*., 897 F.2d 511, 512 (Fed. Cir. 1990).[2]  The decision on the stay motion is within this Court's discretion.  *Regents of Univ. of Cal. v. Am. Broad. Cos.*, 747 F.2d 511, 522 n.7 (9th Cir. 1984) ("Our disposition of the defendants' appeal from the district court's preliminary injunction should adequately clarify why we also find no abuse of discretion in the trial court's denial of a stay pending appeal.").

To prevail on the merits of its appeal, Samsung will have to show that the Court abused its discretion—a "clear error in judgment" or in fact.  *Titan Tire Corp. v. Case New Holland, Inc*., 566 F.3d 1372, 1375 (Fed. Cir. 2009).  Thus, to be entitled to relief, Samsung must make a strong showing that this Court abused its discretion in granting relief.

## ARGUMENT

### I.   SAMSUNG HAS NOT MADE A STRONG SHOWING THAT IT IS LIKELY TO SUCCEED ON THE MERITS OF ITS APPEAL

Samsung simply cannot demonstrate any likelihood of success—let alone a "strong showing"—on appeal.  Far from abusing its discretion, this Court carefully followed the clearly-delineated guidance from the court of appeals.  In remanding the case, the Federal Circuit

---

[2] While the relative weighting of these factors is not "rigid," a "strong showing" of likely success is required unless the harm to the moving party "is great enough" and the other factors "militate in [its] favor."  *Standard Havens*, 897 F.2d at 513.  Samsung attempts to show that it has "a strong likelihood of success on appeal" (Mot. at 8) and does not argue that any lesser showing would be sufficient.

1    affirmed this Court's prior findings as to likelihood of success and irreparable harm, and

2    remanded for a determination as to whether "the findings … in the smartphone part of this case

3    regarding the balance of the hardships and the public interest are readily transferable to the tablet

4    part of the case." *Apple*, 678 F.3d at 1333.  Because this Court did just that, it could not have

5    abused its discretion in granting a preliminary injunction.

6        Moreover, to the extent "new" evidence pertaining to injunctive relief should have bearing

7    on remand, Samsung proffered no such new evidence.  The evidence Samsung cites either was

8    not new—it is allegedly prior art, after all—or was cumulative to other evidence supporting

9    Samsung's unsuccessfully alternative grounds in the court of appeals.  This Court was correct,

10   and well within its discretion, to reject Samsung's request.

11        **A.    The Court Correctly Followed The Federal Circuit's Ruling**

12        Samsung contends that it is likely to succeed on appeal because this Court abused its

13   discretion by not reevaluating the "current record"—in effect, for failing to broadly reopen the

14   preliminary injunction record anew as to all four preliminary injunction factors with further

15   discovery, depositions, and expert reports that would have delayed issuance of a preliminary

16   injunction for months.

17        That argument will not prevail on appeal.  It would require the Federal Circuit to

18   disregard, and ultimately reconsider, its seven-week-old ruling in this case.  Indeed, prior to the

19   issuance of the mandate, Samsung already petitioned for panel rehearing and rehearing en banc

20   before the Federal Circuit, and no judge on that court even requested a response to that petition.

21   *See* Fed. Cir. IOP 12(4)(b) (providing any judge on the panel can request a response); Fed. Cir.

22   IOP 14(2)(a) (same with respect to full court).  Rather, the court of appeals denied rehearing and

23   ordered that the mandate issue forthwith so that this Court could quickly enter an injunction if

24   appropriate.  Samsung's motion and recently-filed appeal are nothing more than its attempt to

25   restart the irreparable harm that Apple first identified—and finally has abated—when it moved

26   for a preliminary injunction almost a year ago on July 1, 2011.

27        Moreover, there is no merit to Samsung's claim that the Federal Circuit's remand was a

28   directive to revisit the entire preliminary injunction proceeding "without limitation."  (Mot. at 3.)

1   Rather, the court of appeals affirmed this Court's finding of irreparable harm and ruled that Apple

2   was likely to succeed on the merits, rejecting several alternative grounds that Samsung raised on

3   appeal.  *Apple*, 678 F.3d at 1329, 1332.  With regard to the balance of the hardships and the

4   public interest, the Federal Circuit recognized that this Court's findings "in the smartphone part of

5   this case" might be "readily transferrable to the tablet part of the case."  *Id.* at 1333.  Far from

6   expecting prolonged proceedings on remand, the court of appeals noted such a determination was

7   one that "the district court should be able to make … in short order, thus minimizing the amount

8   of delay."  *Id.*  Indeed, the court of appeals did not remand to revisit and reopen the entire record,

9   it did so because of "the district court's greater familiarity with the record"—i.e., the *current*

10  record before the Federal Circuit.  *Id.*

11       Samsung selectively quotes where the Federal Circuit states that this case was remanded

12  "'for further proceedings on that portion of Apple's motion for preliminary relief.'"  (Mot. at 3

13  (Samsung emphasis omitted, quoting *Apple*, 678 F.3d at 1333).)  Samsung ignores that the court

14  of appeals provided specific guidance as to what this Court should do (and did) on remand:

15           On remand, the court should conduct a similar assessment of the
             balance of the hardships with respect to the D'899 patent.  To the
16           extent that the court finds that the public interest factor cuts in favor
             of either side, it should weigh that factor as well in determining
17           whether to issue a preliminary injunction against Samsung's Galaxy
             Tab 10.1 tablet computer.
18

19  *Apple*, 678 F.3d at 1333.  Indeed, to the extent there was disagreement in the court of appeals, the

20  dissent would have gone further.  Judge O'Malley explained that remand was unnecessary

21  because the court of appeals could discern from the record that the remaining factors weighed in

22  favor of the issuance of a preliminary injunction.  *Id.* at 1333-34 (O'Malley, J. concurring-in-part,

23  dissenting-in-part).  In short, it defies common sense that Samsung is "likely" to prevail on its

24  argument on appeal, when this Court did specifically what the Federal Circuit asked of it.

25       Alternatively, Samsung argues in effect that the Federal Circuit was wrong in its guidance

26  to this Court for remand, and that other precedent required the Court to broadly re-evaluate the

27  record irrespective of what the court of appeals might have said in its ruling.  (Mot. 8-10.)  But

28  that is not how the mandate rule works, as "all issues within the scope of the appealed judgment

1   are deemed incorporated within the mandate and thus are precluded from further adjudication."

2   *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999).  While the mandate

3   rule does not preclude subsequent adjudication of *actual* success and harm on the full record after

4   trial, it does apply to "the issues actually decided"—here, that Apple has carried its burden with

5   respect to the likelihood of success and likely irreparable harm factors.  *Cf. E.I. du Pont de*

6   *Nemours & Co. v. MacDermid, Inc.*, No. 06-3383, 2008 U.S. Dist. LEXIS 94170, at *5 (D.N.J.

7   Nov. 19, 2008) (following Federal Circuit's vacatur of denial of preliminary injunction and

8   remand for "consideration of the parties' remaining arguments as to validity and enforceability of

9   the … patent and the remaining preliminary injunction factors," resolving remaining issues based

10  on "the papers submitted by the parties and ... oral argument").

11       Samsung is unlikely to prevail on this argument on appeal.  Samsung relies on the same

12  cases and arguments it offered in its motions for reconsideration of the Court's May 21 and June

13  25 orders.  (Dkt. Nos. 978 & 1132.)  But this Court denied those motions, which failed to meet

14  the requirements of the local rules.  (*See* Order at 3 n.1.)  The court of appeals is unlikely to

15  overturn such a procedural ruling on appeal.

16       Nor is the court of appeals likely to be persuaded by Samsung's cited cases.  *Salazar*—

17  which did not involve proceedings after a remand—has no bearing on the present dispute.  (Mot.

18  at 8.)  In that case, the district court improperly enforced a prior permanent injunction—to prevent

19  the display of a cross on public land—to preclude an entirely different type of subsequent state

20  action, the transfer of the land on which the cross was displayed.  *Salazar v. Buono*, 130 S. Ct.

21  1803 (2010).

22       *MercExchange, L.L.C. v. eBay, Inc.*, 467 F. Supp. 2d 608 (E.D. Va. 2006), and *NAACP v.*

23  *North Hudson Regional Fire & Rescue*, 707 F. Supp. 2d 520 (D.N.J. 2010) merely stand for the

24  unremarkable and well-settled proposition that it is within a district court's discretion to re-open

25  the record where appropriate.  But neither case categorically requires it.  In *MercExchange*, the

26  mandate from the Federal Circuit was far broader; it directed "the district court to apply the

27  proper framework for considering injunctive relief 'in the first instance.'"  *MercExchange, L.L.C.*

28  *v. eBay, Inc.*, 188 Fed. App'x 993 (Fed. Cir. 2006).  Accordingly, the district court was well

1  within its discretion to reopen the record for a case that was "nearly three and [a] half years old."

2  *MercExchange*, 467 F. Supp. 2d at 611.  And in *NAACP*, the Third Circuit broadly remanded the

3  case so that the district court could consider its preliminary injunction in a Title VII case in light

4  of the Supreme Court's intervening decision in *Ricci v. DeStefano*, 557 U.S. 557 (2009), and the

5  addition of new parties to the dispute—six intervening Hispanic firefighter candidates.  *NAACP v.*

6  *N. Hudson Reg'l Fire & Rescue*, 367 Fed. App'x 297, 301 (3d Cir. 2010).

7       The remaining cases on which Samsung relies are of no more assistance.  In *Lankford*, the

8  court of appeals did not remand due to new facts, but because the district court was in the best

9  position to evaluate, in the first instance, those preliminary injunction factors that it had failed to

10  consider in its initial decision.  *Lankford v. Sherman,* 451 F.3d 496, 513 (8th Cir. 2006).  And, in

11  any event, the district court on remand found it unnecessary to readdress for purposes of

12  preliminary injunctive relief the likelihood of success factor discussed by the appellate court—

13  even though the defendant claimed "changed factual circumstances."  *Lankford v. Sherman*,

14  No. 05-4285-CV, 2007 U.S. Dist. LEXIS 14950, at *7, *8 n.2 (W.D. Mo. Mar. 2, 2007); *see also*

15  *Chemlawn Servs. Corp. v. GNC Pumps, Inc.*, 823 F.2d 515, 518 (Fed. Cir. 1987) (ordering

16  unrestricted remand following vacatur of preliminary injunction unsupported by any findings).

17  *Winter* is simply inapposite, as the wrong standard was applied—the case has nothing to do with

18  the age of the record.  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008).  Finally, the

19  quoted portion of *Church* addresses a different question, examining the relevant harms in the

20  context of constitutional standing to ensure that the federal court possessed Article III

21  jurisdiction, which is not disputed in this case.  *Church v. City of Huntsville*, 30 F.3d 1332, 1337

22  (11th Cir. 1994).

23      **B.**    **Samsung Has Not Made A Strong Showing That It Will Persuade The**
              **Federal Circuit That It Did Not Likely Infringe The D'889 Based On New**
24              **Evidence**

25       Samsung complains that the Court did not consider "new evidence" that supposedly

26  establishes that the D'889 is embodied by the "'035' mock up" instead of the iPad2."  (Mot. at 3.)

27  But the 035 is not new—photographs of the "mock up" were submitted to the PTO with the

28  D'889 application and indeed were submitted *to this Court and the Federal Circuit*.

Samsung included photos of the 035 with the additional evidence it submitted to this Court a few days after the preliminary injunction hearing, arguing they were relevant to "non-infringement of D'889." (Dkt. No. 313 at 3; Dkt. Nos. 456 ¶¶ 19-20 (sealed), 456-21.) On appeal, Samsung cited those photos to support its argument that the Tab 10.1 does not infringe because it has "no gap between the front flat surface and the device's edge." (Bartlett Decl. Ex. A at 63 (citing A8626-42); *id.* Ex. B (A8626-42).) Samsung also argued on appeal that "more clear photographs of the mock-up" show "a gap" at the edge that supports Samsung's non-infringement argument. (*Id.* Ex. A at 73-74.) Samsung can hardly make a strong showing of likelihood of success on appeal based on supposed new evidence that it already presented to the Federal Circuit to no avail.

Moreover, as Apple explained to the Federal Circuit, the photos are not relevant to the D'889 patent because the Examiner expressly excluded the photos by cancelling the statement in the patent application that referred to "an appendix showing various photographs of an electronic device in accordance with one embodiment." (Bartlett Decl. Ex. C at 26-27; *id.* Ex. D at A9245, 9280-81.) *See* 37 C.F.R. § 1.84(b)(1) (PTO does not accept photographs unless they "are the only practicable medium for illustrating the claimed invention"). In view of this cancellation, the photos have no relevance to the scope of the D'889 patent.

Samsung also relies on design patent applications that Apple filed in January and February 2011, which supposedly bear on the scope of the D'889 patent, which was issued in 2005. (Mot. at 12-13 (citing Dkt. No. 987 Exs. 12-14.) The scope of a patent is determined "at the time of the invention." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005). Accordingly, later-issued patents cannot retroactively change the scope of a patent. *Tone Bros., Inc. v. Sysco Corp.*, No. 90-cv-60011, 1992 WL 200128, at *5 (S.D. Iowa Mar. 17, 1992) ("the scope of the patent is limited only by its terms and not by subsequent patents"), *vacated on other grounds*, 28 F.3d 1192 (Fed. Cir. 1994).) Samsung offers no authority to show that Apple's later patent applications are somehow relevant.[3]

---

[3] Samsung contends that the Court "should have reassessed its prior finding of a likelihood of infringement" in light of the Federal Circuit's analysis of the D'889 patent's validity. (Mot. at 14

1

2

### C. Samsung Has Not Made A Strong Showing That It Will Persuade The Federal Circuit That The D'889 Was Invalid Based On New Evidence

3   Samsung contends that the Court should have considered "new prior art evidence" on

4   invalidity:  U.S. Patent D500,037, issued on December 31, 2004 to Ozolins and assigned to

5   Bloomberg (the "D'037" patent); and a "Brain Box" display that Apple supposedly "made public

6   at least as early as 1997," when it appeared in the book *Apple Design*.  (Mot. at 3, 14, 16 & n.4.)

7   This prior art is not "new evidence"—it is preexisting, publicly-available information that

8   Samsung should have cited in its opposition to Apple's original preliminary injunction motion.

9   Samsung offers no authority holding that a Court is obligated to consider on remand evidence that

10  was available to a party when the order on appeal was issued.

11  Moreover, Samsung's assertion that these references have "never been considered by

12  *either* this Court or the Federal Circuit" (Mot. at 14) is disingenuous.  Samsung *previously*

13  *submitted* to this Court several "Bloomberg" references, including a patent application to Ozolins

14  (Dkt. No. 456-9), as well as what Samsung alleged were related European and German patent

15  documents.  (Dkt. Nos. 456 ¶¶ 7-10 (sealed), 456-8, 456-10, 456-11).)  Samsung addressed these

16  references in its petition for rehearing in the Federal Circuit.  (Bartlett Decl. Ex. E at 6-8.)

17  The D'037 patent and the Brain Box display do not create a strong likelihood of success

18  on the merits as to invalidity in any event.  Judge Grewal's June 27, 2012 Order Granting-in-Part

19  and Denying-in-Part Motions to Strike Expert Reports (Dkt. No. 1144) precludes Samsung from

20  relying on these references.  The references were asserted as bases for the invalidity opinions of

21  Samsung expert Itay Sherman, which Apple moved to strike because they were not disclosed to

22  Apple during discovery.  (Dkt. Nos. 939-1 at 17:16, 17:19-21 (sealed); 939-12 at 6-7 ¶¶ 11(a)(ii),

23  (v).)  Judge Grewal granted Apple's motion.  (Dkt. No. 1144 at 4-5 ¶ 11.)  Thus, those two

24  references are out of the case.  Moreover, as shown in Apple's opposition to Samsung's summary

25  judgment motion:  neither of these references is a proper primary reference; the skilled designer

26  would not combine the designs; and even a combination of Brain Box and the D'037 patent

27  n.2.)  This makes no sense.  If the Federal Circuit thought its validity analysis warranted
28  reconsideration of the infringement ruling, it would have said so.  The Federal Circuit considered
Samsung's non-infringement arguments to be so insignificant that it did not even address them.

1  would not disclose a flat and edge-to-edge transparent front surface (or rounded edges or a

2  uniform mask) like the D'889 patent.  (Dkt. No. 997-2 at 10-11.)

3        **D.    Samsung Has Not Made A Strong Showing That It Will Persuade The
            Federal Circuit That Apple Would Not Be Irreparably Harmed Or That The
4          Balance Of Harms Shift Based On New Evidence**

5              Samsung contends that the Court should have considered new evidence concerning the

6  number of competitors and Samsung's share of the market for tablet computers.  (Mot. at 10-12.)

7  Yet Samsung already raised this issue to the Federal Circuit (Bartlett Decl. Ex. A at 63-64), which

8  sustained this Court's finding of irreparable harm due to infringing sales of the Galaxy Tab 10.1.

9  *Apple*, 678 F.3d at 1328.  Samsung cannot make a strong showing of likely success on the merits

10  when the Federal Circuit already considered and rejected its position.

11              Moreover, Samsung's evidence does not alter the fundamental fact that continued sales of

12  the Galaxy Tab 10.1 are likely to take away sales of Apple products and to have "long-term

13  effects that are difficult to calculate and may not be recaptured," due to brand loyalty and network

14  compatibility issues.  (Dkt. No. 452 at 32.)  Indeed, given that Apple continues to have the largest

15  share of the tablet market, Samsung's infringing sales are far more likely to take away sales from

16  Apple than from any other competing company.

17  **II.    APPLE WILL BE INJURED BY A STAY**

18              It is beyond dispute that Apple will be harmed by a stay.  Apple moved for a preliminary

19  injunction almost exactly one year ago, and just now has received the necessary relief to stop the

20  irreparable harm from Samsung's copying.  This Court and the Federal Circuit agree that Apple

21  will likely suffer irreparable harm from Samsung's infringing tablet sales.  *Apple Inc.*, 678 F.3d at

22  1328 ("We sustain the court's finding of a likelihood of irreparable harm[.]").)  As discussed

23  above, Samsung fails to show that Apple is no longer suffering that harm.

24              A stay pending appeal would make this Court's preliminary injunction illusory.  Trial is

25  scheduled to begin on July 30 and undoubtedly will be long over by the time the Federal Circuit

26  resolves Samsung's appeal.  Apple will continue to suffer irreparable harm throughout that

27  period—just as it has for the last year.

28

### III.   SAMSUNG HAS CONCEDED THE ABSENCE OF IRREPARABLE INJURY

Contrary to Samsung's claim (Mot. at 17), the Federal Circuit requires Samsung to demonstrate irreparable injury absent a stay, particularly in light of its meager chances on appeal. *Standard Havens*, 897 F.2d at 512 (amount of harm required can vary depending on likelihood of success, and vice versa). Although Samsung protests that it will be harmed unless there is a stay, citing "business relationships with carriers and customers," it proffers no proof that those relationships have been disrupted and how that disruption is irreparable. (Mot. at 17.) Indeed, Samsung's bond request undermines its present argument that the harm is irreparable—i.e., there is no amount that could "pay the costs and damages sustained by" Samsung if it was "wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). As this Court explained, "the parties *agree* that a bond in the amount of $2.6 million will be sufficient." (Order at 7 (emphasis added).)[4]

Nor should it be a surprise that no one from Samsung has filed a declaration outlining irreparable harm to its business. Samsung has publicly acknowledged that the injunction causes little, if any, harm. Immediately after this Court issued the preliminary injunctions, Samsung told the press that the injunction *would not harm Samsung*. For example, the *Daily Journal* reported that "[a] Samsung spokesman said … in a prepared statement that the company did not expect the ruling enjoining the sale of the Galaxy Tab 10.1 to have a 'significant impact on our business operations,' noting that the company has other Galaxy Tab products to sell." *Samsung Tablet Enjoined from US Sales*, San Francisco Daily Journal at 4 (June 28, 2012) (attached as Ex. F to Bartlett Decl.). Similarly, other news outlets reported Samsung's "'view is that in the U.S. this will not deal a big blow to sales of tablet PC's, since the successor model to the Galaxy Tab 10.1 is already on the market.'" *Samsung says Galaxy Tab 10.1, blocked from sales is an old model… says, "no impact,"* http://money.joinmsn.com/news/article/article.asp?total_id=8598298&ctg=1100 (June 28, 2012, 10:24 p.m.) (attached as Ex. G to Bartlett Decl.); *see also* Dkt. No. 977-3 at 9 ██████████████████████████████████████

---

[4] The $2.6 million bond reflects the amount to protect Samsung. It has no bearing on the harm to Apple.

1    And given that trial is now imminent, Samsung's arguments about irreparable harm ring

2    particularly hollow.

3    **IV.    SAMSUNG HAS NOT SHOWN THAT THE PUBLIC INTEREST FAVORS A
        STAY**

4

5         The Court's June 26 Order concluded that the public interest favors enforcement of

6    Apple's patent rights.  (Order at 6.)  Samsung offers no basis for the Court to alter that

7    conclusion, and indeed ignores it altogether.

8         Samsung has two argument headings combining its discussions of supposed harms to

9    itself and the public.  (Mot. at 17.)  But the sole harm it identifies to anyone but Samsung refers to

10   carriers' relationships with their clients, which Samsung asserts "cannot as a practical matter be

11   temporarily suspended, and breaking them imposes significant burdens on both carriers and their

12   downstream customers."  (*Id.*)  But that is a straw man, as the injunction targets sales of new

13   infringing products and does not require suspension or termination of cellular service plans.

14   Samsung's motion to shorten time referenced a carrier's inability to obtain replacement devices

15   covered by warranty (Dkt. No. 1146 at 2-3) but Samsung offers no declaration establishing the

16   frequency with which this occurs or the absence of alternatives to the enjoined products.

17   **V.    THE COURT SHOULD NOT ISSUE A STAY PENDING DECISION BY THE
        FEDERAL CIRCUIT ON WHETHER A STAY SHOULD ISSUE**

18

19        In the alternative, Samsung asks this Court to stay the injunction until the Federal Circuit

20   has had the opportunity to rule on a stay request.  But that would be an improper remedy at the

21   present juncture.  Since the filing of the bond, the preliminary injunction is finally in place.  The

22   Court should not disturb that status quo after Apple has waited nearly a year to abate the

23   irreparable harm it has been suffering due to Samsung's infringing sales.

24        Moreover, unlike *County of Sonoma v. Federal Housing Finance Agency*, No. C10-3270,

25   2011 WL 4536894 (N.D. Cal. Sept. 30, 2011), which did not involve a remand from the court of

26   appeals, a stay here would be contrary to the directive of the Federal Circuit in this case.  The

27   Federal Circuit has repeatedly recognized the need for expediency.  It ordered briefing to be

28   completed in just 36 days (rather than the 121 days an appeal ordinarily takes), from the

1   docketing of the notice of appeal on December 13, 2011 to the filing of the reply and joint

2   appendix on January 17, 2012.  It expected this Court to be able to decide the remaining factors

3   for preliminary injunctive relief "in short order" to "minimiz[e] the amount of delay."  *Apple*, 678

4   F.3d at 1333.  And, in an acknowledgment that every day counts, the court of appeals ordered the

5   mandate to issue forthwith—rather than waiting 7 days as the rules ordinarily provide.  *See* Fed.

6   R. App. P. 41(b).  In light of the exigency in which the Federal Circuit treated this appeal, it

7   would be improper to stay the injunction, no matter how short a duration that that stay might be.

8                                              **CONCLUSION**

9           No stay of any length would be appropriate under the circumstances.  Samsung's motion

10  should be denied.

11

12  Dated:  June 29, 2012[5]                        MORRISON & FOERSTER LLP

13

14                                          By:     */s/ Harold J. McElhinny*
                                                  Harold J. McElhinny

15                                                Attorneys for Plaintiff
16                                                APPLE INC.

17

18

19

20

21

22

23

24

25

26

27

28  _____
    [5] Reflects date of filing via email as instructed by the Court due to ECF outage.