Exhibit D

No. 2012-1105

NONCONFIDENTIAL
VERSION

IN THE
**UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

**APPLE INC.,**

*Plaintiff-Appellant,*

v.

**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC,**

*Defendants-Appellees.*

On Appeal from the United States District Court for the Northern District of
California in Case No. 11-cv-01846-LHK, Judge Lucy H. Koh

**NONCONFIDENTIAL REPLY BRIEF OF APPELLANT APPLE INC.**

HAROLD J. MCELHINNY
MICHAEL A. JACOBS
GRANT L. KIM
ALISON M. TUCHER
RICHARD S.J. HUNG
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone:  415.268.7000

BRIAN R. MATSUI
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C.  20006-1888
Telephone:  202.887.8740

*Counsel for Plaintiff-Appellant Apple Inc.*



(A1691-92, A1799-1803.)

Samsung now relies on purported differences that it never raised below—including "noticeably more softly rounded corners" in the Tab 10.1 and a "gap between the flat front surface and the device's edge" in the D'889 design.  (RB63 (citing A8626-42).)  These supposed differences are based on comparisons to photographs submitted as an appendix to the PTO that were expressly excluded from the scope of the D'889 patent.  The PTO does not accept photographs unless they "are the only practicable medium for illustrating the claimed invention." 37 C.F.R. § 1.84(b)(1); *see* MPEP § 1503.02 (prohibiting submission of drawings combined with photographs because it would "result in a high probability of

sf-3095216

inconsistencies between corresponding elements on the ink drawings as compared with the photographs"). Accordingly, the Examining Attorney "cancelled" the statement regarding an appendix to the D'889 application (A9243-44, A9280-82), and the D'889 claims are represented by the drawings alone.

Finally, Samsung's argument that "sophisticated consumer[s]" would not be confused (RB63) seeks to apply the inapposite trademark infringement test of "likelihood of confusion"; the correct question is whether an *ordinary observer* would consider the designs to be substantially the same. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc). In any event, Samsung's argument is belied by the fact that its own counsel—who is presumably "sophisticated" in her knowledge of Samsung's design—could not distinguish between a Tab 10.1 and an iPad 2 without consulting others. (A387-88, A399-401.) Her confusion was not surprising. The products are not only substantially the same, but "virtually indistinguishable." (A47.)

## III.   SAMSUNG'S SMARTPHONE AND TABLET SALES SHOULD BE ENJOINED UNDER THE '381 PATENT

### A.   The District Court Erred By Not Finding Likely Irreparable Harm

#### 1.   Apple's loss of market share and downstream sales constitutes irreparable harm

The district court correctly found that the '381 patent is likely valid and infringed, but again applied an incorrect irreparable harm standard, requiring that

Dated:  January 17, 2012        Respectfully submitted,

By: _Harold J. McElhinny_ _____

    HAROLD J. MCELHINNY
       *Counsel of Record*
    MICHAEL A. JACOBS
    GRANT L. KIM
    ALISON M. TUCHER
    RICHARD S.J. HUNG
    MORRISON & FOERSTER LLP
    425 Market Street
    San Francisco, CA  94105-2482
    Telephone:  415.268.7000

    BRIAN R. MATSUI
    MORRISON & FOERSTER LLP
    2000 Pennsylvania Avenue, N.W.
    Washington, D.C.  20006-1888
    Telephone:  202.887.8740

    *Counsel for Plaintiff-Appellant Apple Inc.*

sf-3095216