Exhibit E

2012-1105

---

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

APPLE INC.,

Plaintiff-Appellant,

v.

SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,

Defendants-Appellees.

---

Appeal from the United States District Court for the Northern District of California Case No. 5:11-CV-1846, Judge Lucy H. Koh.

---

**DEFENDANTS-APPELLEES' PETITION FOR PANEL REHEARING AND REHEARING EN BANC**

---

Charles K. Verhoeven
Kathleen M. Sullivan
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendants-Appellees*

May 29, 2012

The panel held in the alternative that, even if Samsung had identified a primary reference, the district court erred in relying upon the TC1000 tablet computer as a secondary reference. (Slip op. 30.) The district court found that the TC1000 has "a flat glass screen that covers the top surface of the tablet and a thin rim that surrounds the front face of the device" (A43), but the panel held that it was improper to combine the TC1000 tablet with Fidler because the ornamental features in one design did not "suggest the application of those features to the other" (Slip op. 30 (quoting *In re Borden*, 90 F.3d 1570, 1575 (Fed. Cir. 1996)).)

The panel did not discuss Samsung's argument that the D'889 patent was likely invalid as functional or likely not infringed once its functional features were properly filtered out, and thus affirmed *sub silentio* as to these issues. (Slip op. 16.) The district court had ruled that, even if the patent's features were *primarily* functional, they did not render the patent unprotectable unless "*purely* functional" or "*dictated* by the functionality of the item." (A13; A39-40 (emphasis added).) The court also had ruled that, even after the functional elements were filtered out, Samsung's Galaxy Tab 10.1 would likely infringe the D'889 patent. (A45-48.)

## ARGUMENT

I. **THE PANEL SHOULD GRANT REHEARING TO CORRECT ITS MISAPPREHENSION OF PRIOR ART OTHER THAN FIDLER**

The panel should grant rehearing and affirm the district court on the ground that the "Bloomberg" prior art is a proper primary reference even if Fidler is not.

6

The panel misapprehended Samsung's prior art references as *all* "suffer[ing] from the same problems as the Fidler reference, because all of them show either a thick surrounding frame in which a display is embedded or contain extensive ornamentation on the front of the tablet." (Slip op. 31.)  This is incorrect, for a design owned by Bloomberg and described in a utility patent application, Ozolins, 10/309,648 (A8520-36), discloses a display design *without* either feature:



(A8520; A8530.)  Like the D'889 patent, which the panel described as having a "polished reflective surface extending to the edge of the front side of the device" (Slip op. 4), Ozolins has a transparent and/or reflective cover made "of any suitable structure capable of transmitting light, such as, for example, a glass or plastic sheet" (A8533 ¶36) running from edge to edge on the front without "a thick surrounding frame" or "extensive ornamentation."  Images from Bloomberg's German and European design registrations show that the device described in the Ozolins application was known as a finished design:

7



(A8517; A8540.)  Because the Bloomberg references have design characteristics that are basically the same as the D'889 patent, they are proper primary references.

Nor do the Bloomberg references suffer from the purported deficiencies identified by the panel with respect to the TC1000 reference.  (*See* Slip op. 30.) The panel observed that the TC1000 reference had a screen that was "surrounded by a gray area that frames the screen," a "wide rounded-over metallic rim," and "indicator lights."  *Id*.  But none of the Bloomberg references discloses any of those features.  Ozolins, for example, states that the components of the cover provide "a uniform appearance such that they present a flush uniform front of the electronic display" (A8533 ¶35; *see also id*. ¶36), making clear that there is no "gray area that frames the screen."  Because this art likely invalidates the D'889 patent even if the Fidler tablet does not, the panel should grant rehearing.[2]

---

[2]  To the extent the Bloomberg displays do not, by themselves, render the D'889 patent invalid, they do so in combination with, for example, Tu, D'461,802 which has similar rounded corners and profile shape:



(A4057, A4130-37.)

8

Dated: May 29, 2012

Respectfully submitted,

*/s/ Kathleen M. Sullivan/paf*

Charles K. Verhoeven
Kathleen M. Sullivan
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendants-Appellees*

16