| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| JENNIFER LEE TAYLOR (CA SBN 161368) | 60 State Street |
| jtaylor@mofo.com | Boston, MA 02109 |
| ALISON M. TUCHER (CA SBN 171363) | Telephone: (617) 526-6000 |
| atucher@mofo.com | Facsimile: (617) 526-5000 |
| RICHARD S.J. HUNG (CA SBN 197425) | |
| rhung@mofo.com | |
| JASON R. BARTLETT (CA SBN 214530) | MARK D. SELWYN (SBN 244180) |
| jasonbartlett@mofo.com | mark.selwyn@wilmerhale.com |
| MORRISON & FOERSTER LLP | WILMER CUTLER PICKERING |
| 425 Market Street | HALE AND DORR LLP |
| San Francisco, California 94105-2482 | 950 Page Mill Road |
| Telephone: (415) 268-7000 | Palo Alto, California 94304 |
| Facsimile: (415) 268-7522 | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.   11-cv-01846-LHK (PSG) |
| Plaintiff, | **APPLE'S REPLY REGARDING DESIGN PATENT CLAIM CONSTRUCTION** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Apple urges the Court to follow the Federal Circuit's directive that figures are the best description of a patented design. Apple's proposed guidance on the meaning of the patents is consistent with this guidance and legally correct; Samsung's proposals are not. Samsung also fails to support its claims of inefficiency if functionality findings are not made before trial. But even if the Court were inclined to rule now, it is Apple, not Samsung, that has put forth probative evidence showing that no element of the patented designs is functional.

## I.   SAMSUNG OFFERS NO GOOD REASON WHY ITS LENGTHY AND INACCURATE VERBAL DESCRIPTIONS SHOULD BE ADOPTED

Samsung fails to address the key point in Apple's opening brief—the Federal Circuit's admonition that verbal claim constructions are inappropriate in design patent cases. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008) ("Given the recognized difficulties entailed in trying to describe a design in words, *the preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design.*") (emphasis added). Samsung's opposition rests on the false premise that claim construction is required in *every* patent case. For reasons stated in Apple's opening brief, there is no justification for a verbal claim construction of Apple's design patents, and certainly not the detailed claim constructions proffered by Samsung. Those claim constructions will not lead to a more efficient trial, as Samsung suggests. (Samsung Opp. at 2.) In fact, they will likely confuse the jury, for the reasons explained in Apple's Opposition to Samsung's Claim Construction Brief. (Dkt. No. 1136.)

Samsung's concern that the jury would be left with the erroneous impression that Apple's patents protect generalized design concepts is unfounded because the jury will be instructed that the design is what is shown in the patent figures, not "rectangles with rounded corners," as Samsung suggests. (Samsung Opp. at 3.) Samsung's reliance on the Federal Circuit opinion in this case is misplaced; the Federal Circuit held that it is error to look to "the general concept of a tablet" design rather than "the distinctive 'visual appearances' of the reference and the claimed design" for invalidity purposes. *Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-1846, 2012 U.S. App. LEXIS 9720, *37-38 (Fed. Cir. May 14, 2012). Apple is advocating precisely what the

1  Federal Circuit approved—the jury should look to the visual appearance of the claimed designs,
2  which will avoid the error of considering "general concepts."

3  Samsung's citation to *Egyptian Goddess* as sanctioning a narrow construction in light of
4  prior art is unavailing. Samsung quotes only from *Egyptian Goddess*'s discussion of the "point of
5  novelty" test (which limited the infringement analysis to design elements that were "novel" in
6  light of the prior art), as applied in *Litton Systems*. (Samsung Opp. at 4.) That "point of novelty
7  test" was explicitly (and famously) rejected by the *en banc* panel in *Egyptian Goddess*. 543 F.3d
8  at 678 ("[W]e hold that the "point of novelty" test should no longer be used in the analysis of a
9  claim of design patent infringement."). Neither *Egyptian Goddess* nor subsequent Federal Circuit
10  decisions condone narrow verbal constructions of design patents in light of prior art. (Dkt. No.
11  1136 at 2-3.)

12  Samsung's use of prosecution history is also incorrect because, as discussed in Apple's
13  opposition, Samsung uses a mischaracterized statement from the unrelated *D'677* patent to argue
14  for a limitation to the *D'889* patent. (Dkt. No. 1136 at 4.) Samsung offers no legal support for its
15  approach, which is contrary to law. *See Pfizer Inc. v. Ranbaxy Labs.*, 457 F.3d 1284, 1290 (Fed.
16  Cir. 2006) ("statements made during prosecution of the later, unrelated '995 patent cannot be
17  used to interpret claims of the '893 patent.") And Samsung's attempt to use subsequent Apple
18  patents to narrow the construction of the patents at issue has already—and properly—been
19  rejected by the Court. (Dkt. No. 1157 at 5.)

20  Finally, Samsung cannot claim to be disadvantaged without an early verbal claim
21  construction (Samsung Opp. at 1-2) because its experts did not rely on one. None of Samsung's
22  four design patent experts relied on anything other than the patent drawings to determine the
23  scope of the claims, whether for obviousness, anticipation, or non-infringement. (Dkt. Nos. 940-
24  3, 940-7, 940-8, 971, and 940-9.) In fact, the two noninfringement experts, Robert Anders and
25  Sam Lucente, did not factor out a single "functional" element in their non-infringement opinions.
26  (Dkt. No. 1089-3 at 5; Dkt. No. 941.)

27
28

## II. THE FUNCTIONALITY FINDING IS BETTER MADE AT THE CONCLUSION OF EVIDENCE; BUT ON THIS RECORD, APPLE IS ENTITLED TO A FINDING THAT NO FUNCTIONAL ELEMENTS EXIST IN ITS DESIGN PATENTS

Samsung also fails to address the good reasons courts have found for reserving the functionality finding: the need for a full factual record in light of disputed issues of fact and the danger of undue emphasis on identified elements while the jury hears evidence. (Dkt. No. 1089-3 at 3-4.) Instead, it cites to the functionality arguments that it offered in its own opening brief, which are incorrect for the reasons explained in Apple's opposition (Dkt. No. 1136), and continues to ignore altogether the significance of Apple's proffered alternative designs. Ignoring this evidence will not make it go away; its importance will become even more glaring after Samsung's experts testify at trial.

Apple offered strong legal support for its position that functionality determinations should be made based upon a full trial record. Samsung's efforts to distinguish those cases are unavailing. Contrary to Samsung's assertion, the court in *ADC Telecommunication* did consider claim construction, and deferred findings on functionality for trial in light of disputed facts. *ADC Telecomms., Inc. v. Panduit Corp.*, 200 F. Supp. 2d 1022, 1033 (D. Minn. 2002). In *Dexas Int'l, Ltd. v. Tung Yung Int'l, Inc.*, No. 6:07-cv-334, 2008 U.S. Dist. LEXIS 48324, at *36 (E.D. Tex. Jun. 24, 2008), the court also decided to wait until trial to decide functionality, in light of the disputed factual issues. The court in *Sofpool, LLC v. Intex Rec. Corp.*, No. 2:07-CV-097, 2007 U.S. Dist. LEXIS 93057 (E.D. Tex. Dec. 19, 2007), made the same decision, deferring consideration of functionality until trial. Other cases cited in Apple's opening brief reached the same conclusion. *See Colgate-Palmolive Co. v. Ranir, L.L.C.*, No. 06-417 GMS, 2007 U.S. Dist. LEXIS 55258, at *7-8 (D. Del. July 31, 2007) ("the court may further limit the current construction at trial by factual determinations regarding functionality and ornamentality of the included features"); *180s, Inc. v. Gordini U.S.A., Inc.*, 699 F. Supp. 2d 714 (D. Md. 2010) (finding discretion to reserve functionality finding, if ultimately rendered before comparing claim and accused article).

If the Court is nonetheless inclined to make its determination now, it is Apple that has advanced ample evidence in support of its proposed finding that no elements are functional. (Dkt.

APPLE'S REPLY RE DESIGN PATENT CLAIM CONSTRUCTION
CASE NO. 11-CV-01846-LHK (PSG)
sf-3165615

3

1  No. 1089-3 at 5-9; Dkt. No. 1136 at 9-14.) Samsung, which is the proponent for findings of
2  functional elements, fails to rebut *any* of Apple's proffered evidence of non-functionality.
3  (Samsung Opp. at 7-8.) In particular, while Samsung mentions the factors for evaluating
4  alternative designs in *PHG Techs., Inc. v. St. John Cos., Inc.*, 469 F.3d 1361, 1366 (Fed. Cir.
5  2006), it never explains why Apple's identified alternatives are insufficient. Rather, Samsung
6  appears to retreat from its earlier claim that many elements are functional, including that any
7  element of the D'305 patent is functional. Samsung's rehashing of its prior arguments regarding
8  the iPhone and iPad design patents fail for the reasons set forth in Apple's opening and opposition
9  briefs. (Dkt. No. 1089-3 at 5-8; Dkt. No. 1136 at 11-13.) The myriad alternative designs in the
10 art further confirm that no elements of Apple's "electronic device" designs are purely functional.
11 (Dkt. No. 1140-31.) *Cf. Richardson v. Stanley Works, Inc.*, 610 F. Supp. 2d 1046, 1050 (D. Ariz.
12 2009).

### III.  APPLE'S GUIDANCE ON ITS DESIGN PATENT DRAWINGS IS CORRECT

Use of "light lines": Samsung misleadingly refers to "the PTO's requirement" that elements visible behind transparent surfaces be shown in "light lines." There is no such "requirement." Samsung's only cite is to an informal PTO guide—which does not establish a "requirement." *HR US LLC v. Mizco Int'l, Inc.*, No. CV-07-2394 (DGT) (JO), 2009 U.S. Dist. LEXIS 27056, *11-12 (E.D.N.Y. Mar. 31, 2009) ("This conclusion is not altered by defendants' citation to the [Guide, which] appears to simply be an informal resource . . . [and nothing suggests it] is entitled to the force of law or even to any level of deference."). Therefore, nothing prevents the Court from reading the dotted line rectangular element in the D'889 patent as claimed subject matter. For the same reason, the Court should reject Samsung's assertion that the rectangular element in the front face of the D'677 patent cannot be read as something visible behind a transparent surface (because it is not rendered in light lines).

Back of D'889 design: Samsung's assertion that the back of the D'889 patent should be read as a transparent, translucent, or highly polished surface is contrary to the figures and should be rejected. The lines appearing in Figure 2 show only the flatness of the back surface in a perspective view. (Bartlett Decl. Ex. 1 at 185:7-186:4; Ex. 2 at 50:23-51:12.) The fact that

similar lines do not appear in Figure 4 (showing the plan view of the back) or in any of the profile views in Figures 5-8 of the D'889 patent (where a portion of the back of the device is visible) confirms that an ordinary designer would not understand the lines in Figure 2 to claim a transparent, translucent, or mirror-like surface.

<u>Front of D'087 design</u>: Samsung is wrong that the absence of oblique lines in the D'087 design means the patent claims an opaque surface. Because the MPEP requires the use of oblique lines to claim a transparent, translucent, or highly polished surface (MPEP § 1503.02), the absence of oblique lines means a design is not claiming such a surface. It does not follow, however, that if a transparent or reflective surface is *not* claimed, an opaque surface necessarily *is* claimed. Instead, the lack of lines on the surface means that a flat surface (i.e., the configuration or shape of an article) is being claimed regardless of its color and regardless of whether it is transparent or opaque. The use of color, transparency, or reflectivity lines is a narrowing limitation. If Apple wanted to claim a flat black surface, it could have done so with the addition of lines claiming the color black. MPEP § 1503.02. If Apple wanted to claim a flat transparent surface, it could have done so with the addition of lines claiming transparency. *Id*. It did not. It elected to claim only flatness as a distinguishing feature of the front surface of the D'087 patent. Samsung's attempt to limit that surface to an opaque surface should be rejected.

## CONCLUSION

The Court should not make detailed verbal claim constructions and should instruct the jury initially only regarding limited points of technical guidance. The Court should make functionality determinations at the conclusion of evidence based on a full record and instruct the jury accordingly at that time.

Dated: July 3, 2012                               MORRISON & FOERSTER LLP


                                                  By:   */s/ Michael A. Jacobs*
                                                        Michael A. Jacobs

                                                  Attorneys for Plaintiff
                                                  APPLE INC.