# EXHIBIT 5

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF ANDRIES VAN DAM, PH.D. IN SUPPORT OF SAMSUNG'S MOTION FOR SUMMARY JUDGMENT REGARDING THE INVALIDITY OF U.S. PATENT NO. 7,469,381** |

1  U.S. Patent Nos. 7,698,711; 6,493,002; 7,469,381; 7,663,607; 7,812,828; 7,844,915; and

2  7,853,891 (Dkt No. 849) at 23.)   I adopt this construction for my analysis in this declaration.

3       31.   I understand that the Court interpreted the claims of the '381 patent to be

4  "fatalistic" such that if a user scrolls past the edge of an electronic document in the first direction,

5  the screen must snap back to that document when the user lifts her finger.   (Order Denying

6  Motion for Preliminary Injunction (Dkt No. 449) at 60.)   I adopt this construction for my

7  analysis in this declaration.

8       32.   I understand the Court has not provided a construction for "electronic document."

9  In addition, the '381 patent does not provide an explicit definition of "electronic document," and

10  only provides a few examples.   I interpret "electronic document" according to the construction

11  Samsung proposed in its Patent Local Rule 4-2 disclosures, namely "information that is visually

12  represented on a screen that has a defined set of boundaries."   I understand that Dr. Balakrishnan

13  effectively agreed with this construction during this August 16, 2011 deposition, where he stated

14  "the electronic document is some visual representation on the screen that has a defined length and

15  a width as an example, or defined set of boundaries, because they may not have to be a

16  rectangular set of boundaries."   (8/26/2011 Deposition of Ravin Balakrishnan at 27:19-25,

17  attached hereto as Exhibit 2.)

18       33.   I understand that the Court has not issued claim construction regarding other

19  disputed terms of the '381 patent.   In this declaration, I have attempted to apply the claim

20  constructions that would be used by one of ordinary skill in the art.

21  **IV.   OVERVIEW OF THE '381 PATENT AND THE ASSERTED CLAIMS**

22       A.   **The '381 Patent Generally**

23       34.   The '381 patent, titled "List Scrolling and Document Translation, Scaling, and

24  Rotation on a Touch-Screen Display," was filed on December 14, 2007 and issued on December

25  23, 2008.   It claims priority to a number of provisional applications, the earliest of which was

26  filed on January 7, 2007.   The patent has one named inventor, Bas Ording.

27

28

**DECLARATION OF ANDRIES VAN DAM, PH.D. IN SUPPORT OF SAMSUNG'S MOTION FOR
SUMMARY JUDGMENT REGARDING THE INVALIDITY OF U.S. PATENT NO. 7,469,381**

set up and trivial to calibrate.    Once calibrated, which requires four finger touches on the corners

of the projected image, the DiamondTouch system running Tablecloth/DTFlash operates

precisely as described in this declaration.

110.    Dr. Balakrishnan also appears to be concerned that the DiamondTouch system was

not being used as intended in order to take the videos and photographs attached to the Expert

Report of Andries van Dam, Ph.D. Regarding Invalidity of U.S. Patent No. 7,469,381.    Below is

a picture of the DiamondTouch table, projector, and a computer, here the ThinkPad laptop,

driving the display.    As the photograph indicates, the DiamondTouch system was calibrated

properly and is behaving in its intended manner.



I declare under penalty of perjury that the foregoing is true and correct.    Executed in

Providence, Rhode Island on May 17, 2012.

By_____

Andries van Dam

**DECLARATION OF ANDRIES VAN DAM, PH.D. IN SUPPORT OF SAMSUNG'S MOTION FOR
SUMMARY JUDGMENT REGARDING THE INVALIDITY OF U.S. PATENT NO. 7.469.381**