# D'AMATO DECLARATION EX. D

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

_____

APPLE INC. and NeXT SOFTWARE          )
INC. (f/k/a NeXT COMPUTER, INC.),     )
                                      )
            *Plaintiffs*,             )          No. 1:11-cv-08540
                                      )
       v.                             )
                                      )          Judge Richard A. Posner.
MOTOROLA, INC. and MOTOROLA           )
MOBILITY, INC.,                       )
                                      )
            *Defendants*.             )

## ORDER OF MAY 25, 2012

This order confirms and slightly amplifies the rulings that I made from the bench at the pretrial conference hearing yesterday afternoon. Unless otherwise indicated or obvious from the context, the order applies to both liability trials. All material in this order that is relevant to the final pretrial order should be included in the parties' draft of that order. The parties' draft of the final pretrial order will be due on June 5 and the final pretrial conference will be held on June 7.

Apple will advise today whether, in the unlikely event that three of the eight jurors who will be selected for each trial are excused before verdict, the remaining five will be allowed to render the verdict.

Jurors will be permitted to ask questions (oral or written) during the trial, directed in the first instance to me.

The parties will submit a joint list of proposed voir dire questions by May 30 and each party will also submit by the same day objections to specific jury instructions proposed by the opposing party. I will then revise the voir dire questions, the jury instructions, and the jury verdict forms and submit these revised documents to the parties for comment.

No. 1:11-cv-08540                                                                    2

Each side will have three peremptory challenges. If both parties exercise a peremptory challenge against the same prospective juror, this will count against each party's limit of three peremptory challenges.

Witnesses will not referred to as "expert" or "fact" witnesses; all witnesses (including the court-appointed witnesses) will be referred to just as "witnesses."

Objections at trial will be limited to a single word or term ("hearsay," "relevance," "best evidence," "foundation," Rule 403, etc.), with sidebar to follow if I can't rule on the basis of the open-court objection.

Each side will have approximately 35 hours of trial time in the first (Apple) liability trial, but I may adjust these hours up or down based on developments between now and the opening of the trial. The deadlines I set will be extendable for cause. Each party's time limit will include opening and closing arguments as well as direct examination and cross-examination, except that time taken by witnesses who are uncooperative on cross-examination, causing it to be extended unreasonably, will count against the party who called the witness in the first place.

The case will proceed patent by patent (in the first trial, '263, '647, '002, and '949, subject to objection this week by Motorola based on scheduling problems), except that opening and closing arguments will take place at the beginning and end of the entire case. Brief summations will be permitted at the end of the evidence on each patent. The order of testimony will be as follows: the court-appointed expert to explain the technology, the plaintiff's fact witnesses and party experts on infringement, the defendant's fact witnesses and party experts on infringement and then on validity, the plaintiff's fact witnesses and party experts on validity, and the court-appointed expert on infringement and validity (not necessarily offering an opinion on either issue, but at the least offering an assessment of the party experts' testimony).

The parties may file additional summary judgment motions on liability by May 30 with responses due June 4. The parties may also file summary judgment motions on damages, though I will not set a due date.

Case: 1:11-cv-08540 Document #: 960 Filed: 05/25/12 Page 3 of 4 PageID #:84845

No. 1:11-cv-08540                                                          3

I now want to rule on objections and motions in limine. These will in the main be general rulings, and incomplete. Objections to exhibits that will not be shown to the jury will be reserved for consideration later; before the trials I will rule only on objections to the trial exhibits.

Apple will not be permitted to present media articles or equivalent publicity praising features of the iPhone or iPad (or the Apple company, Steve Jobs, or Apple products in general) unless they mention (or can be shown to be referring to) claim elements that Apple alleges Motorola infringes or that Motorola argues were anticipated or obvious and that are actually in dispute. If the articles or other publicity do not praise an element in suit, they are irrelevant to any legal issue in the case, and can only confuse the jury. If Apple believes that any of its exhibits comply with this standard, it has until May 30 to re-submit these exhibits, with discussion of asserted claim elements highlighted.

More broadly, I forbid Apple to insinuate to the jury that this case is a popularity contest and that jurors should be predisposed to render a verdict for Apple if they like Apple products or the Apple company or admire Steve Jobs, or if they dislike Motorola or Google. The overall quality of the products involved in the litigation is irrelevant to the legal issues. This prohibition applies *mutatis mutandis* to Motorola, and in accordance with that prohibition I grant Apple's motion in limine number 11. I also grant Apple's motions in limine numbers 15 and 16.

I reject Apple's motion to strike Motorola's prior art references on the ground that Motorola failed to authenticate them. They are dated, and Apple's contention that they may be predated (for example, dated July 1993 yet not actually published till a year earlier) is implausible, at least for those that are printed. When there is serious doubt whether the date is accurate, so that the document cannot be thought self-authenticating, Motorola will be allowed to provide a foundation at trial. I will include in a subsequent order an itemized list of the exhibits to which this ruling pertains.

Apple objects to documents relating to research by Jefferson Han deemed prior art by Motorola. I will rule on those objections, but I will not consider objections based on Han's deposition, for reasons indicated in my order of April 21, 2012.

Case: 1:11-cv-08540 Document #: 185-8 Filed: 07/05/12 Page 5 of 5

No. 1:11-cv-08540                                                                                    4

The parties have not fully agreed on a set of representative products for each patent. Unless the parties agree to narrow the list, the following products will be considered representative for each patent at trial:

**002:**  Droid Pro; Droid X; Photon
**263:**  Xoom; Droid; Droid 2; Droid X2
**647:**  Xoom (tablets with browser app); Droid X (phones with browser app); Droid (phones with MMS app); Droid 3 (phones with Motorola Messaging); Droid X (phones with Motorola Messaging)
**949:**  Droid X
**898:**  iPhone 4
**559:**  iPhone 4

_Richard A. Posner_

United States Circuit Judge

May 25, 2012