# D'AMATO DECLARATION EX. P

**SUBJECT TO PROTECTIVE ORDER; CONTAINS HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY INFORMATION**

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice* anticipated)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and Counterclaim-defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG ELECTRONICS CO. LTD.'S FIRST SET OF INTERROGATORIES TO APPLE INC.** |

1      Under Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33, Apple

2   Inc. ("Apple") hereby objects and responds to Samsung Electronics Co. Ltd.'s First Set of

3   Interrogatories to Apple Inc. (Nos. 1-18) served by Samsung Electronics Co., Ltd. ("Samsung")

4   on August 3, 2011.

5                                    **GENERAL OBJECTIONS**

6      Apple makes the following general responses and objections ("General Objections") to

7   each definition, instruction, and interrogatory propounded in Samsung Electronics Co. Ltd.'s First

8   Set of Interrogatories to Apple Inc.  These General Objections are hereby incorporated into each

9   specific response.  The assertion of the same, similar or additional objections or partial responses

10   to individual interrogatories does not waive any of Apple's General Objections.

11      1.      Apple objects to Samsung's definitions of "APPLE," "PLAINTIFF," "YOU," and

12   "YOUR" to the extent they purport to include persons or entities that are separate and distinct

13   from Apple and are not under Apple's control.  "Apple" refers only to Apple Inc.

14      2.      Apple objects to Samsung's definition of "PRIOR ART" as inaccurate, overly

15   broad, vague, ambiguous, and unduly burdensome.  Samsung's definition is particularly vague

16   and ambiguous in its use of the phrase "relevant to the validity," and overly broad in attempting

17   to include information other than that cited to the Patent Office during the prosecutions of the

18   patents that are the subject of this litigation.

19      3.      Apple objects to Samsung's definitions of each term incorporating the word

20   "PATENT," "PATENTS," and "PATENTS-IN-SUIT," including definitions 4 through 34,

21   because they are inaccurate, overly broad, vague, ambiguous, and unduly burdensome.

22      4.      Apple objects to Samsung's definitions of "APPLE TRADE DRESS" because it is

23   inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  For the purposes of these

24   responses and objections, Apple uses the following defined terms:

25      • "Original iPhone Trade Dress" means the following elements of Apple's product

26         designs:  a rectangular product with four evenly rounded corners; a flat clear surface

27         covering the front of the product; the appearance of a metallic bezel around the flat clear

28         surface; a display screen under the clear surface; under the clear surface, substantial black

borders above and below the display screen and narrower black borders on either side of the screen; when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen; and when the device is on, a bottom dock of colorful square icons with evenly rounded corners set off from the other icons on the display, which does not change as other pages of the user interface are viewed;

- "iPhone 3G Trade Dress" means the following elements of Apple's product designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; the appearance of a metallic bezel around the flat clear surface; a display screen under the clear surface; under the clear surface, substantial black borders above and below the display screen and narrower black borders on either side of the screen; when the device is on, a row of small dots on the display screen; when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen; and when the device is on, a bottom dock of colorful square icons with evenly rounded corners set off from the other icons on the display, which does not change as other pages of the user interface are viewed;

- "iPhone 4 Trade Dress" means the following elements of Apple's product designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; a display screen under the clear surface; under the clear surface, substantial neutral (black or white) borders above and below the display screen and narrower black borders on either side of the screen; a thin metallic band around the outside edge of the phone; when the device is on, a row of small dots on the display screen; when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen; and when the device is on, a bottom dock of colorful square icons with evenly rounded corners set off from the other icons on the display, which does not change as other pages of the user interface are viewed;

- "iPhone Trade Dress" means the following elements of Apple's product designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; a display screen under the clear surface; under the clear surface,

substantial neutral (black or white) borders above and below the display screen and narrower neutral borders on either side of the screen; when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen; and when the device is on, a bottom dock of colorful square icons with evenly rounded corners set off from the other icons on the display, which does not change as other pages of the user interface are viewed;

• "iPad Trade Dress" means the following elements of Apple's product designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; the appearance of a metallic rim around the flat clear surface; a display screen under the clear surface; under the clear surface, substantial neutral (black or white) borders on all sides of the display screen; and when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen;

• "iPad 2 Trade Dress" means the following elements of Apple's product designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; the appearance of a metallic rim around the clear flat surface; a display screen under the clear surface; under the clear surface, substantial neutral (black or white) borders on all sides of the display screen; and when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen;

• "Trade Dress Registrations" means U.S. Registration Nos. 3,470,983; 3,457,218; and 3,475,327; and

• "Trade Dress Applications" means U.S. Application Serial Nos. 77/921,838; 77/921,829; 77/921,869; and 85/299,118.

5.      Apple objects to Samsung's definitions of "APPLE TRADEMARKS" because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  For the purposes of these responses and objections, Apple uses the following defined terms:

• "Registered Icon Trademarks" means the marks shown in U.S. Registration Nos. 3,886,196; 3,889,642; 3,886,200; 3,889,685; 3,886,169; and 3,886,197;

- "Purple iTunes Store Trademark" means the mark shown in U.S. Application Serial No. 85/041,463; and

- "iTunes Eighth Note and CD Design Trademark" means the mark shown in U.S. Registration No. 2,935,038.

6.     Apple objects to Samsung's definition of "IDENTIFY" because it is overly broad and unduly burdensome because it purports to impose requirements and obligations on Apple other than as set forth in the Federal Rules of Civil Procedure.  Samsung's definition is overbroad and unduly burdensome because it would require Apple to include in its responses, for example, the addresses, employer names, and job titles of every individual identified, regardless of their employment at Apple; documents and testimony supporting every fact in Apple's responses; model names/numbers, manufacturers, announcement/release/sales dates, sellers, and descriptions for any product identified in Apple's responses, regardless of whether the product is an Apple product; production numbers, document type, a description of the general nature and subject matter, date of creation, and all authors, addressees, and recipients for every document; and country, patent or application number, filing/publication/grant dates, patentees, and applicants for every patent document.

7.     Apple objects to Samsung's Instruction No. 1 because it is vague, ambiguous, overly broad, and unduly burdensome, especially in its purported requirement that Apple furnish information from entities that are not Apple, and from persons with "the best knowledge."  Apple further objects to this instruction because it calls for the disclosure of information that is privileged and protected by the work product doctrine.

8.     Apple objects to Samsung's Instruction No. 2 because it purports to impose requirements and obligations on Apple other than as set forth in the Federal Rules of Civil Procedure.

9.     Apple provides these objections and responses to the best of its current knowledge. Discovery or further investigation may reveal additional or different information warranting amendment of these objections and responses.  Apple reserves the right to produce at trial and make reference to any evidence, facts, documents, or information not discovered at this time,

1 omitted through good-faith error, mistake, or oversight, or the relevance of which Apple has not

2 presently identified.

3     10.     By responding to these interrogatories, Apple does not concede the relevance or

4 materiality of any of the interrogatories or of the subjects to which it refers.  Apple's responses

5 are made subject to, and without waiving any objections as to the competency, relevancy,

6 materiality, privilege, or admissibility of any of the responses, or of the subject matter to which

7 they concern, in any proceeding in this action or in any other proceeding.

8     11.     Apple objects to any interrogatory to the extent that it seeks information that is

9 protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the

10 joint defense or common interest privilege, or any other applicable privilege, doctrine, or

11 discovery immunity.  The inadvertent production by Apple of information protected from

12 disclosure by any such privilege, doctrine, or immunity shall not be deemed a waiver by Apple of

13 such privileges or protections.  Pursuant to the parties' agreement, to the extent any interrogatory

14 calls for the identification of information dated after April 15, 2011 that is protected by such

15 privilege, doctrine, or immunity, such information will not be included on Apple's privilege log.

16     12.     Apple objects generally to the Interrogatories to the extent they seek confidential,

17 proprietary, or trade secret information of third parties.  Apple will endeavor to work with third

18 parties in order to obtain their consent, if necessary, before providing such information.  To the

19 extent an interrogatory seeks information of a confidential or proprietary nature to Apple, or to

20 others to whom Apple is under an obligation of confidentiality, Apple will respond pursuant to

21 the terms of the protective order to be entered in this case and subject to notice to third parties, as

22 necessary.

23     13.     Apple objects to Samsung's definition of "Apple Accused Products" to the extent

24 it is overly broad and unduly burdensome and to the extent it seeks information that is neither

25 relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Apple further

26 objects to Samsung's definition of "Apple Accused Products" to the extent that it requires a legal

27 conclusion.  Apple further objects to the definition of "Apple Accused Products" to the extent it

28 includes products that are not made, used, offered for sale, or sold in the United States.  For

1    purposes of responding to the Interrogatories, Apple interprets the term "Apple Accused

2    Products" to mean Apple iPhone 3G, Apple iPhone 3GS, Apple iPhone 4, iPod touch, iPad, iPad

3    3G, iPad 2, iPad 2 3G.

4          14.    Apple objects to any interrogatory to the extent it is premature and/or to the extent

5    that it: (a) conflicts with the schedule entered by the Court; (b) conflicts with obligations that are

6    imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local

7    Rules of this Court, and/or any other applicable rule; (c) seeks information that is the subject of

8    expert testimony; (d) seeks information and/or responses that are dependent on the Court's

9    construction of the asserted claims of the patents-in-suit; and/or (e) seeks information and/or

10   responses that are dependent on depositions and documents that have not been taken or produced.

11         15.    Apple objects to each interrogatory as overbroad and unduly burdensome to the

12   extent that it calls for information that is neither relevant to the claims or defenses of the parties

13   nor reasonably calculated to lead to the discovery of admissible evidence.

14         16.    Apple objects to each interrogatory and to Samsung's "Definitions" and

15   "Instructions" to the extent they are vague, ambiguous, overbroad, or unduly burdensome, or

16   purport to impose upon Apple any duty or obligation that is inconsistent with or in excess of

17   those obligations that are imposed by the Federal Rules of Civil Procedure, the Civil Local Rules

18   and/or the Patent Local Rules of this Court, or any other applicable rule.

19         17.    Apple objects to any Interrogatory to the extent it seeks irrelevant information

20   about Apple's products or business operations.  Such requests are overbroad and unduly

21   burdensome.  Apple will only produce information that is relevant to the patents-in-suit, or that is

22   otherwise related to the claims or defenses of the parties asserted by the parties in this litigation.

23         18.    Apple objects to each Interrogatory to the extent that it would impose a duty on

24   Apple to undertake a search for or an evaluation of information, documents, or things for which

25   Samsung is equally able to search for and evaluate.  In particular, Apple objects to each

26   Interrogatory to the extent that it seeks information or documents that are publicly available.

27

28

19.     Apple objects to each Interrogatory to the extent that it seeks information that can be derived or ascertained from documents that will be produced in discovery or that are uniquely in Samsung's possession, custody, and control.

20.     Apple objects to the Interrogatories to the extent they would require Apple to draw a legal conclusion or contention to make a proper response.

21.     Apple objects to any Definition, Instruction or Interrogatory to the extent that it purports to require identification of oral communications.  Such Definition, Instruction or Interrogatory is overbroad, vague, ambiguous, and unduly burdensome.

22.     Apple objects to the definition of the terms "referring to," "relating to," "concerning," or "regarding" as vague, ambiguous, overbroad, and unduly burdensome to the extent that they depart from Apple's own definitions of these terms, as defined in Apple's Third Set of Interrogatories, dated August 3, 2011.

23.     Apple objects to the Interrogatories to the extent that they purport to define words or phrases to have a meaning different from their commonly understood meaning, or to include more than their commonly understood definitions.

24.     In Apple's objections, the terms "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the objections inclusive rather than exclusive.

25.     Apple objects to the Interrogatories to the extent they purport to require Apple to identify or describe or identify "every," "each," "any," or other similarly expansive, infinite, or all-inclusive terms to the extent that such Interrogatories are overly broad and unduly burdensome.

26.     Apple objects to the Interrogatories to the extent they seek information that is not in the possession, custody, or control of Apple, purport to require Apple to speculate about the identity of persons who might have responsive documents, and/or purport to call for any description of documents that Apple no longer possesses and/or was under no obligation to maintain.

27.     Apple objects to the Interrogatories to the extent they are not limited in time and seek information for periods of time that are not relevant to any claim or defense.

28.     Apple incorporates by reference its objections to the Definitions and Instructions in Samsung's First Set of Requests for Production to Apple Inc.  To the extent that a response is provided, in whole or in part, by reference to documents that will be produced, Apple incorporates by reference herein its objections to Samsung's First Set of Requests for Production to Apple Inc.

29.     Apple's objections as set forth herein are made without prejudice to Apple's right to assert any additional or supplemental objections pursuant to Rule 26(e).

30.     Apple will make, and has made, reasonable efforts to respond to Samsung's First Set of Interrogatories, to the extent that no objection is made, as Apple reasonably understands and interprets each Interrogatory.  If Samsung subsequently asserts any interpretation of any Interrogatory that differs from the interpretation of Apple, then Apple reserves the right to supplement and amend its objections and responses.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

Subject to the foregoing qualifications and General Objections and the specific objections made below, Apple objects and responds to Samsung Electronics Co. Ltd.'s First Set of Interrogatories to Apple Inc. as follows:

**INTERROGATORY NO. 1:**

Separately for each claim of the APPLE PATENTS-IN-SUIT, describe the circumstances surrounding the invention of the claims, including the precise date of conception, the persons involved, the date of actual or constructive reduction to practice, and the steps constituting diligence from conception to actual or constructive reduction to practice.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:**

Apple objects to the term "circumstances" as vague and ambiguous.  Apple objects to the phrase "steps constituting diligence" as vague and ambiguous.  Apple objects that this Interrogatory is composed of fourteen separate interrogatories.  Apple objects to this Interrogatory to the extent it seeks information that: (i) requires the disclosure of information, documents, and things protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, joint defense privilege, or any other applicable privilege, doctrine, or immunity;

1    (ii) would require Apple to draw a legal conclusion to respond; (iii) is outside of Apple's

2    possession; (iv) can be obtained as easily by Samsung, is already in Samsung's possession, or is

3    publicly available; or (v) is not relevant to the claims or defenses at issue in this case because it

4    requests information about the conception and reduction to practice of claims of the Apple patents

5    in suit that have not been asserted.

6        Subject to and incorporating its General Objections and its specific objections, Apple

7    responds as follows:

8        In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following

9    documents because the burden of deriving or ascertaining the answer to this Interrogatory from

10   the produced business records is substantially the same for Apple as for Samsung:

11   APLNDC00020222 - APLNDC00032478.

12       Apple further responds:

13   U.S. Patent No. 6,493,002

14       Apple is informed and believes that the inventions recited in claims 1-4, 6, 7, 9-20, 25-29

15   31, 32, 34-45, and 50 of the '002 patent were conceived of by Steven Christensen and reduced to

16   practice no later than September 30, 1994.

17   U.S. Patent No. 7,469,381

18       Apple is informed and believes that the inventions recited in claims 1, 2-5, 7, 9-10, 13, 14,

19   16, 19 and 20 of the '381 patent were conceived of by Bas Ording in February 2005 while he was

20   working on a project at Apple relating to the user interface for the iPhone, and that the asserted

21   claims were wholly or substantially reduced to practice on or about February 11, 2005.  Apple is

22   informed and believes that Mr. Ording communicated his conception and his initial reduction to

23   practice of the inventions to one or more members of Apple's Human Interface Group, including

24   Greg Christie, the Director of the group, shortly after they were made.  The asserted claims were

25   also constructively reduced to practice in provisional patent applications filed in January 2007

26   and in U.S. Patent Application No. 11/956,969 filed December 14, 2007.  In accordance with

27   Federal Rule of Civil Procedure 33(d), Apple will produce documents and make available for

28   inspection prototype products and/or source code.

U.S. Patent No. 7,853,891

Apple is informed and believes that the inventions recited in claims 1-3, 5-7, 14-21, 23, 24, 26-28, 30-32, 39-46, 48, 49, 51-53, 55-57, 64-71, 73, and 74 of the '891 patent were conceived of by Imran Chaudhri and Bas Ording in 2000, and that the asserted claims were wholly or substantially reduced to practice no later than March 2001. The asserted claims were constructively reduced to practice no later than July 10, 2002.

U.S. Patent No. 7,864,163

Apple is informed and believes that the inventions recited in claims 2, 4-13, 17-18, 27-42, and 47-52 of the '163 patent were conceived of by Bas Ording, Scott Forstall, Greg Christie, Stephen O. Lemay, Imran Chaudhri, Richard Williamson, Chris Blumenberg, and Marcel van Os, and reduced to practice no later than September 6, 2006. In accordance with Federal Rule of Civil Procedure 33(d), Apple will produce documents and make available for inspection prototype products and/or source code.

U.S. Patent No. 7,844,915

Apple is informed and believes that the inventions recited in claims 1-21 of the '915 patent were conceived of by Andrew Platzer and Scott Herz between the summer and fall of 2005, and that the asserted claims were wholly or substantially reduced to practice no later than the fall of 2005. The asserted claims were constructively reduced to practice no later than January 7, 2007. In accordance with Federal Rule of Civil Procedure 33(d), Apple will make available for inspection prototype products and/or source code.

U.S. Patent No. 7,812,828

Apple is informed and believes that the inventions recited in claims 1-3, 6, 9-13, 15, 16, and 20-31 of the '828 patent were conceived of by Wayne Westerman and John Elias no later than January 1998, and that the asserted claims were reduced to practice no later than January 26, 1998. In accordance with Federal Rule of Civil Procedure 33(d), Apple will produce documents and make available for inspection prototype products.

U.S. Patent No. 7,663,607

Apple is informed and believes that the inventions recited in claims 1-3, 6-8, 10, and 11 of the '607 patent were conceived of by Steve Hotelling, Joshua Strickon, and Brian Huppi between September 2003 and December 2003, and that the asserted claims were wholly or substantially reduced to practice no later than December 2003.  The asserted claims were constructively reduced to practice no later than May 6, 2004.  In accordance with Federal Rule of Civil Procedure 33(d), Apple will produce documents.

U.S. Patent No. 7,920,129

Apple is informed and believes that the inventions recited in claims 1-3, 5, 7, 9-12, 14, 16-19, 21, 22, 24-26, and 28 of the '129 patent were conceived of by Steve Hotelling and Brian Richards Land no later than early 2005, and that the asserted claims were constructively reduced to practice no later than January 3, 2007.  In accordance with Federal Rule of Civil Procedure 33(d), Apple will produce documents.

U.S. Design Patent No. D504,889

Apple is informed and believes that the invention recited in the asserted claim of the D'889 patent were conceived of by Bartley Andre, Daniel Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Nishibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Anthony Whang, and Rico Zorkendorfer and reduced to practice no later than September 3, 2003.  The asserted claim was constructively reduced to practice no later than March 17, 2004.  In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following documents because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung: APLNDC00014225-228.

U.S. Design Patent No. D593,087

Apple is informed and believes that the invention recited in the asserted claim of the D'087 patent were conceived of by Bartley Andre, Daniel Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Nishibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Anthony Whang,

1    and Rico Zorkendorfer and reduced to practice no later than April 20, 2006.  The asserted claim

2    was constructively reduced to practice no later than January 5, 2007.  In accordance with Federal

3    Rule of Civil Procedure 33(d), Apple refers to the following documents because the burden of

4    deriving or ascertaining the answer to this Interrogatory from the produced business records is

5    substantially the same for Apple as for Samsung: APLNDC00014230-231; APLNDC00014237-

6    244.

7    U.S. Design Patent No. D618,677

8           Apple is informed and believes that the invention recited in the asserted claim of the

9    D'677 patent were conceived of by Bartley Andre, Daniel Coster, Daniele De Iuliis, Richard P.

10   Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Nishibori, Matthew Dean

11   Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Anthony Whang,

12   and Rico Zorkendorfer and reduced to practice no later than April 20, 2006.  The asserted claim

13   was constructively reduced to practice no later than November 18, 2008.  In accordance with

14   Federal Rule of Civil Procedure 33(d), Apple refers to the following documents because the

15   burden of deriving or ascertaining the answer to this Interrogatory from the produced business

16   records is substantially the same for Apple as for Samsung: APLNDC00014230-231;

17   APLNDC00014237-244.

18   U.S. Design Patent No. D622,270

19          Apple is informed and believes that the invention recited in the asserted claim of the

20   D'270 patent were conceived of by Bartley Andre, Daniel Coster, Daniele De Iuliis, Richard P.

21   Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Nishibori, Matthew Dean

22   Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Anthony Whang,

23   and Rico Zorkendorfer and constructively reduced to practice no later than August 31, 2007.  In

24   accordance with Federal Rule of Civil Procedure 33(d), Apple will make available for inspection

25   native CAD files because the burden of deriving or ascertaining the answer to this Interrogatory

26   from the produced business records is substantially the same for Apple as for Samsung.

27

28

U.S. Design Patent No. D627,790

Apple is informed and believes that the invention recited in the asserted claim of the D'790 patent was conceived of by Imran Chaudhri and constructively reduced to practice no later than June 28, 2007.  In accordance with Federal Rule of Civil Procedure 33(d), Apple will produce documents in response to this Interrogatory because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung.

U.S. Design Patent No. D604,305

Apple is informed and believes that the invention recited in the asserted claim of the D'305 patent was conceived of by Freddy Anzures and Imran Chaudhri and constructively reduced to practice no later than June 23, 2007.  In accordance with Federal Rule of Civil Procedure 33(d), Apple will produce documents in response to this Interrogatory because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung.

U.S. Design Patent No. D617,334

Apple is informed and believes that the invention recited in the asserted claim of the D'334 patent was conceived of by Imran Chaudhri and constructively reduced to practice no later than July 15, 2008.  In accordance with Federal Rule of Civil Procedure 33(d), Apple will produce documents in response to this Interrogatory because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung.

**INTERROGATORY NO. 2:**

Separately for each claim of the APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS and APPLE TRADEMARKS, describe all investigations made by or on behalf of APPLE prior to the filing of the Complaint regarding whether any claim of the APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS or APPLE TRADEMARKS is infringed by any SAMSUNG product, including identifying the persons involved in the investigations, the persons to whom reports were made, the persons involved in the approval of the action, the date of the investigation, the items

1    considered, when and where such items were obtained, the conclusion reached in the

2    investigations, and all documents referring to or describing such investigations.

3    **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

4        Apple objects to the phrases "investigations," "reports," "approval of the action," and

5    "items considered," as vague and ambiguous.  Apple objects to this Interrogatory as vague and

6    ambiguous with respect to the phrase "any claim of the . . . APPLE TRADE DRESS or APPLE

7    TRADEMARKS" because trade dress and trademarks do not consist of claims.  Apple objects to

8    this Interrogatory to the extent it seeks information that:  (i) requires the disclosure of

9    information, documents, and things protected from disclosure by the attorney-client privilege,

10    work product doctrine, common interest doctrine, joint defense privilege, or any other applicable

11    privilege, doctrine, or immunity; or (ii) would require Apple to draw a legal conclusion to

12    respond.

13        Subject to and incorporating its General Objections and its specific objections, Apple

14    responds as follows: Apple is unaware of any information responsive to this Interrogatory that is

15    not subject to the attorney-client privilege and/or the work product doctrine.

16    **INTERROGATORY NO. 3:**

17        Separately for each of the APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS and

18    APPLE TRADEMARKS, identify every instance where APPLE has contacted any third party

19    regarding each patent, trade dress and/or trademark, including the name and address of each third

20    party and the circumstances surrounding the contact, including specifically identifying any

21    instances where APPLE attempted to enforce the APPLE PATENTS-IN-SUIT, APPLE TRADE

22    DRESS and APPLE TRADEMARKS.

23    **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

24        Apple objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably

25    calculated to lead to the discovery of admissible evidence to the extent that it is not limited to

26    enforcement of the patents, trade dress, and trademarks at issue in this lawsuit.  Moreover, Apple

27    objects to the terms "circumstances" and "attempted to enforce" as vague and ambiguous.  In

28    response, Apple will identify companies or individuals it has contacted regarding the enforcement

of the patents, trade dress, and trademarks at issue in this lawsuit.  Apple objects to this Interrogatory to the extent it seeks information that: (i) is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production; (ii) is outside of Apple's possession, custody, or control; (iii) or can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly available.

Subject to and incorporating its General Objections and its specific objections, Apple responds as follows:

Apple has contacted the defendants/respondents in the following proceedings (and their counsels of record) for the purpose of enforcing Apple's rights in utility patents asserted by Apple in this litigation:  *Apple Inc. v. Motorola, Inc. and Motorola Mobility, Inc.*, 3:10-cv-00662 (W.D. Wis.) ('002 patent); *Apple Inc. v. Motorola, Inc. and Motorola Mobility, Inc.*, 3:10-cv-00661 (W.D. Wis.) ('607 patent and '828 patent); *Certain Mobile Devices And Related Software* (2010) USITC Inv. No. 337-TA-750 (Respondents: Motorola, Inc. and Motorola Mobility, Inc.) ('607 patent and '828 patent); *Apple Inc. v. HTC Corp., HTC BVI Corp, HTC America Inc., Exedea Inc., and HTC America Holding Inc.*, 1:11-cv-00611 (D. Del.) ('915 patent and '129 patent); *Apple Inc. v. High Tech Computer Corp., a/k/a HTC Corp., HTC (B.V.I.) Corp., HTC America, Inc., Exedea, Inc.*, 1:10-cv-00167 (D. Del.) ('381 patent); and *Nokia Corp. v. Apple Inc., 1:09-cv-00791* (D. Del.) ('381 patent).

Apple contacted the defendants in the following proceeding (and their counsels of record) for the purpose of enforcing Apple's rights in design patents asserted by Apple in this litigation: *Apple Inc. v. Brilliant Store, Inc., et al,* 10-cv-2996 (N.D. Cal.) (D'087 patent).

The contact information for the entities listed above is a matter of public record.

Apple has contacted the defendants in the following proceeding (and their counsel of record) for the purpose of enforcing Apple's trademark and trade dress rights (including Apple's rights in the trademarks and trade dress asserted by Apple in this litigation):  *Apple Inc. v. Apple Story Inc., Fun Zone Inc., Janice Po Chiang, John Does 1-50, and XYZ Businesses*, 1:11-cv-03550-KAM-MDG (E.D.N.Y.)  The contact information for the entities listed above is a matter of public record.

1    In addition, Apple has sent cease and desist letters to dozens of entities for the purpose of

2    enforcing Apple's trademark and trade dress rights (including Apple's rights in the trademarks

3    and trade dress asserted by Apple in this litigation), including but not limited to the following:

4    American Weigh Scales, Inc.; Anand Mehta, LCDTronics.com; Auscs Inc., d/b/a iStage USA;

5    Big Bizarre; BK Global Sales/Bruno Pahljina/Yunfeng Trading Co., Ltd; CEC Telecom Co., Ltd.;

6    Cloudbrain LLC; MYWAVV; Compudirect, Inc.; Luzerne Trading Company, Inc. d/b/a Impecca;

7    Genica Corp. and geeks.com, subsidiaries of Evertek Computer Corp.; Esolo Digital; Geeknet,

8    Inc.; Getulio Poubel Bastos, Curb Appeal of Palm Beach Boulevard; Glenda Busch; Go Mercado,

9    Inc.; Helio Wireless; Inventive Labs; iPhoneAppsCoasters.com; iPlay Tunes; ipodsonline.net;

10   iPop My Baby; Jailbreak Collective; Kam-Lim Yee; Kevin Li (copytoy.com); Mellow Yellow

11   Note Pads; Mike Craven; Mirko Cukich; Pasbuy Digital Electronic Corp; Pioneer Computers,

12   Superior Balances; TBS, Inc.; uBid.com; Vertigo, Intl.; Wide Angle Software Ltd.; GNJ

13   Manufacturing; DNYSTORE.COM; Softlayer Technologies Inc.; SingleHop, Inc.; Take 2

14   Hosting Inc.; Psychz Networks; Godaddy.com Inc.; Bluehost, Inc.; 3DCart Shopping Cart

15   Software; 1U Web, Inc.; DCS Pacific Star LLC; FDCServers.net; eNet Inc.; WebNX Inc.;

16   ASUSTeK Computer Inc.; Amiline USA Incand eBay sellers: aham.12345678, best-offer-2007,

17   Biggty, clayskeet, Darpino, digitalcyberhk, Elex242, Elyakim, erum2005, Hamachi, Kiv, and

18   yaron100.

19   In late March 2011, Apple contracted with an outside vendor to monitor the Internet and

20   request takedowns of listings on B2B and B2C platforms offering counterfeit Apple products.

21   These platforms include eBay.com, Craigslist.org, and Amazon.com.  The vendor takes

22   enforcement actions on behalf of Apple on a daily basis against sellers offering items bearing

23   counterfeits of Apple trademarks and trade dress, including Apple's rights in the trademarks and

24   trade dress asserted by Apple in this litigation.

25   Furthermore, Apple has registered many of its trademark and trade dress registrations with

26   U.S. Customs for the purpose of enforcing Apple's trademark and trade dress rights, including

27   Apple's rights in the trademarks and trade dress asserted by Apple in this litigation.  Apple

28   regularly receives notification from U.S. Customs that infringing products have been seized by

1  U.S. Customs.  Recent seizures have included products imported by the following entities:  Issa

2  Halaesh; Quezada Jaime; Encore Repair Services; United Tech Cell; Vince Ambrosio; Senya

3  LLC; HM Distributors, Inc.; V Max Imports Inc.; Andrei Akentjew; Salvador Rodriguez; Compu

4  Cell Tecnologia FMF; Elvis Pavez; Willy Ong; Roxanne Debellot; Levi Hernandez; Recoupit

5  Inc.; Alva Ernesto; Fashion Leather & Buckles; Weistrade Inc.; Keith Hong d/b/a Setec; Jorge

6  Morelos; Bluerigger; Vefa Erol; Adam Dawe d/b/a American Distribution; GNJ Manufacturing

7  Inc.; Abraham Hodroj; Haolu Xie; Wireless Parts Wholesale; Thao Nguyen; Jin Zhang; Derek

8  Chu; Super Toronics562; Celestino Galdamez; and Erica M. Scott.

9        Finally, Apple works closely with law enforcement for the purpose of enforcing Apple's

10  trademark and trade dress rights, including Apple's rights in the trademarks and trade dress

11  asserted by Apple in this litigation.  These include ongoing investigations which Apple is

12  prohibited from disclosing to third parties.

13  **INTERROGATORY NO. 4:**

14        Separately for each of the APPLE PATENTS-IN-SUIT, identify each PATENTED

15  PRODUCT, which Apple patent(s) is/are embodied in the PATENTED PRODUCT, the date each

16  PATENTED PRODUCT was first sold in the United States, and whether each PATENTED

17  PRODUCT was marked pursuant to 35 U.S.C. § 287 or otherwise, how each product was marked

18  including the location and manner of the marking, the individuals or entities that marked each

19  product, and any interruptions to or other changes in the practice of marking the PATENTED

20  PRODUCT since it was first marked.

21  **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

22        Apple objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably

23  calculated to lead to the discovery of admissible evidence.

24        Subject to and incorporating its General Objections and its specific objections, Apple

25  responds as follows:

26        All generations of the iPad (iPad and iPad 2), the iPhone (original iPhone, iPhone 3G,

27  iPhone 3GS and iPhone 4), and the iPod touch practice claims of the '381, '891, '163, '915, '828,

28

'607, and '129 patents.  The iPad, iPad 2, iPhone 3GS, iPhone 4, and iPod touch practice claims of the '002 patent when operating on the iOS 5 platform.

The original iPhone was first sold in the United States on or around June 29, 2007.  The iPhone 3G was first sold in the United States on or around July 11, 2008.  The iPhone 3GS was first sold in the United States on or around June 19, 2009.  The iPhone 4 was first sold in the United States on or around June 24, 2010.  The iPad was first sold in the United States on or around April 3, 2010.  The iPad 2 was first sold in the United States on or around March 11, 2011.  The iPod touch was first sold in the United States on or around September 8, 2007.

Apple has not marked the original iPhone, the iPhone 3G, the iPhone 3GS, the iPad, the iPad 2, or the iPod touch with any of the Apple patents-in-suit pursuant to 35 U.S.C. § 287 or otherwise.

**INTERROGATORY NO. 5:**

Separately for each of the APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS and APPLE TRADEMARKS, IDENTIFY every product manufactured, used, sold, offered for sale, or imported into the United States since 2005 that YOU believe uses or may use any protected design, trademark, trade dress, or invention of the APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS, and APPLE TRADEMARKS and the date(s) on which you believe that use occurred. The products shall be identified by product name, product manufacturer, telecommunications carrier (if applicable), date of product announcement, date of product release, and appearance of product – including front, back, and side images.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

Apple objects to the phrase "appearance of product" as vague and ambiguous.  Apple objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it requests: (i) "every product," including products not at issue in this litigation; (ii) the production of objects or images in response to an Interrogatory; (iii) information concerning the "appearance of product – including front, back, and side images"; and (iv) Samsung products released outside of the United States.  Apple further objects to this Interrogatory to the extent it seeks information that: (i)

1    requires the disclosure of information, documents, and things protected from disclosure by the

2    attorney-client privilege, work product doctrine, common interest doctrine, joint defense

3    privilege, or any other applicable privilege, doctrine, or immunity; (ii) would require Apple to

4    draw a legal conclusion to respond; (iii) is outside of Apple's possession, custody, or control; (iv)

5    can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly

6    available; (v) concerns use of any asserted trademark or trade dress before 2007; (vi) would

7    require Apple to draw a legal conclusion to respond; or (vii) is subject to a confidentiality or non-

8    disclosure agreement or governed by a protective order preventing its production.

9         Subject to and incorporating its General Objections and its specific objections, Apple

10   responds as follows:

11        At least the following Samsung devices use or may use inventions claimed by the '002,

12   '891, '163, '915, and '828 patents: Acclaim, Captivate, Continuum, Captivate, Continuum, Droid

13   Charge, Epic 4G, Exhibit 4G, Fascinate, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S

14   4G, Gem, Gravity, Indulge, Infuse 4G, Intercept, Mesmerize, Nexus S, Nexus S 4G, Replenish,

15   Showcase Galaxy S, Sidekick, Transform, Vibrant, Galaxy Tab, and Galaxy Tab 10.1.

16        At least the following Samsung devices use or may use inventions claimed by the '381

17   patent: Captivate, Continuum, Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G,

18   Fascinate, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G, Gravity, Indulge, Infuse

19   4G, Intercept, Mesmerize, Nexus S, Nexus S 4G, Replenish, Showcase Galaxy S, Sidekick,

20   Vibrant, Galaxy Tab, and Galaxy Tab 10.1.

21        At least the following Samsung devices use or may use inventions claimed by the '607

22   and '129 patents: Galaxy Tab and Galaxy Tab 10.1.

23        At least the following Samsung devices use or may use the invention claimed by the

24   D'889 patent: Galaxy Tab 10.1.

25        At least the following Samsung devices use or may use the inventions claimed by the

26   D'087, D'677, and D'270 patents: Fascinate, Galaxy Ace, Galaxy Prevail, Galaxy S i9000,

27   Galaxy S 4G, Infuse 4G, Mesmerize, Showcase i500, Showcase Galaxy S, Vibrant.

28

At least the following Samsung devices use or may use the inventions claimed by the D'790, D'305, and D'334 patents: Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Fascinate, Gem, Galaxy Ace, Galaxy S i9000, Galaxy S 4G, Gravity Smart, Indulge, Infuse 4G, Mesmerize, Showcase Galaxy S, Showcase i500, and Vibrant.

At least the U.S. versions of the Samsung Vibrant (T-Mobile), Showcase (Cellular South), Mesmerize (U.S. Cellular), Infuse 4G (AT&T), Galaxy S 4G (T-Mobile), Galaxy Prevail (Boost Mobile), and Fascinate (Verizon) products use Apple's Original iPhone Trade Dress, iPhone 3G Trade Dress, iPhone 4 Trade Dress, iPhone Trade Dress; the trade dress shown in the Trade Dress Registrations; the trade dress shown in U.S. Application Serial No. 85/299,118; and the Registered Icon Trademarks, the Purple iTunes Store Trademark, and the iTunes Eighth Note and CD Design Trademark.  Apple alleges that Samsung Vibrant (T-Mobile), Showcase (Cellular South), Mesmerize (U.S. Cellular), Infuse 4G (AT&T), Galaxy S 4G (T-Mobile), Galaxy Prevail (Boost Mobile), Fascinate (Verizon), Gem (Verizon), Gravity Smart (T-Mobile), Epic 4G (Sprint), Exhibit 4G (T-Mobile), Droid Charge (Verizon), Continuum (Verizon), and Captivate (AT&T) products use the Registered Icon Trademarks, the Purple iTunes Store Trademark, and the iTunes Eighth Note and CD Design Trademark.  Apple alleges that the Galaxy Tab 10.1 and Galaxy Tab 7.0 use the iPad  Trade Dress and the iPad 2 Trade Dress; the trade dress shown in U.S. Application Serial Nos. 77/921,838, 77/921,829, and 77/921,869; and the Registered Icon Trademarks, the Purple iTunes Store Trademark, and the iTunes Eighth Note and CD Design Trademark.  Apple believes that the use or possible use of its patented inventions, trade dress, and trademarks occurred, for each product listed above, no later than the date of each product's release in the United States.

**INTERROGATORY NO. 6:**

Separately for each of the APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS, and APPLE TRADEMARKS, IDENTIFY any and all persons to whom YOU have ever licensed or offered to license, or persons who have requested to license, or to whom YOU have granted or offered to grant any other rights under the patent, trade dress, or trademark, including the status of those requests and offers, whether continuing, successful, or terminated, and identify (by Bates

1   number) all DOCUMENTS RELATED to any such license, offer, request, or other grant of

2   rights.

3   **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:**

4       Apple objects to the terms "any other rights," "successful," "RELATED," and "other

5   grant of rights" as vague and ambiguous.  Apple objects to this Interrogatory as overbroad,

6   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

7   evidence, especially with regards to its request for identification of "any and all persons . . . who

8   have requested to license," and "all DOCUMENTS RELATED to any such license, offer, request,

9   or other grant of rights."

10       Subject to and incorporating its General Objections and its specific objections, Apple

11   responds as follows:

12       Apple receives thousands of requests for permission to use the trademarks and trade dress

13   associated with the iPhone, iPod touch, and iPad each year.  The vast majority of these requests

14   are received via e-mail to a widely published email address (wwmarcom@apple.com).  Such

15   requests receive an automatic response indicating that Apple will respond if it is able to pursue

16   the request, but that "[s]hould you not hear from an Apple representative within 3 business days,

17   we apologetically are unable to pursue the opportunity with which you present us at this time."

18   The volume is so great that Apple is unable to respond to all of them beyond the automatic

19   response generated by the e-mail system.  Apple has granted permission to use the trademarks or

20   trade dress associated with the iPhone, the iPod touch, and the iPad in response to requests that

21   fall within several general categories, including: marketing/promotions requests, advertising

22   requests, product placement, and use in connection with third party works.

23       Among the many requests granted to use the trademarks and trade dress associated with

24   the iPhone, iPod touch, or iPad related to marketing/promotions requests, Apple has permitted the

25   following: use of the iPhone and iPad by Bank of America for its points rewards program; use of

26   iPads by Time Inc. for a sweepstakes; use of iPhone and iPad images by Fidelity Brokerage

27   Services for its promotion of Fidelity mobile applications; use of iPhone and iPod images by the

28   Ford Motor Company for a promotional video; use of iPads by Johnson & Johnson for a

giveaway promotion; use of iPads and iPhones by ING Direct for direct marketing; use of iPads by Cross Country Home Services for a sweepstakes; use of iPods by Nissan for a giveaway promotion; and use of iPods by MTV Network for a giveaway promotion.

Among the many requests granted to use the trademarks and trade dress associated with the iPhone, iPod touch, or iPad in relation to advertising requests, Apple has permitted the following: use of iTunes logo and iPhone by Disney for an in-theater film preview; use of an iPhone and iPad by Acura for a television commercial; use of Apple images and icons by University of Phoenix for an advertising campaign; use of iPhone and iPad images by Nissan for a product demo video; use of iPhone and iPad images by Discovery Studios for a television commercial; use of iPod images by Honda for advertising materials; and use of iPads and iPhones by Bank of America for television commercials.

Among the many requests granted to use the trademarks and trade dress associated with the iPhone, iPod touch, or iPad related to product placement, Apple has permitted use of Apple products by the following entities in television programs: NBCUniversal for the television programs 30 Rock, Awake, The Biggest Loser, Chuck, Fashion Star, Free Agents, Grimm, Law and Order: SVU, The Office, Parenthood, Parks and Recreation, Prime Suspect, Up All Night, Smash, Whitney, Who Do You Think You Are?, and Facing Kate (USA Network), Psych (USA Network), and Royal Pains (USA Network); FOX Broadcasting Company for the television programs Apartment 23, Bones, The Finder, Fringe, Glee, House MD, New Girl, Raising Hope, and Touch; CBS Entertainment for the television programs A Gifted Man, Big Bang Theory, Boss, Broke Girls, CSI, CSI: Miami, CSI: New York, The Good Wife, Hawaii 5-0, How to be a Gentleman, How I Met Your Mother, The Mentalist, Mike and Molly, NCIS, Person of Interest, Two Broke Girls, Two and a Half Men, and Unforgettable; ABC TV Network for Apartment 23, Castle, Jane by Design, Jimmy Kimmel Live, Melissa and Joey, and Modern Family; The CW Television Network for Gossip Girl, One Tree Hill, and Ringer; Comedy Central for the Colbert Report, the Daily Show, Important Things with Demetri Martin, and the Nick Swardson Pretend Time; IFC Channel for Portlandia; TV Land for the Exes; Bravo for Around the World in 80 Plates, the Chris March Project, Double Exposure, Flipping Out, Work of Art, and Top Chef;

1    Viacom International (Logo TV) for RuPaul's Drag Race; HGTV for Dear Genevieve and

2    Staycation; ESPN for Sports Science; MTV Networks for I Just Want My Pants Back, My Sweet

3    Psycho Sixteen, RJ Berger, and Single Ladies (VH1 Channel); National Geographic for Humanly

4    Impossible; Discovery Communications (Discovery Channel) for Meteorite Men and Norte a Sur:

5    Una Ruta Cinco Experiencias; History Channel for American Pickers and Decoded; F/X Channel

6    for American Horror, Justified, and Louie; Turner Broadcasting System for Are We There Yet?

7    (TBS) and Men of a Certain Age (TNT), Memphis Beat (TNT), Rizzoli and Isles (TNT), and

8    Southland (TNT); Spike Digital Entertainment for the Sherriff; BET Entertainment Television for

9    the Game and Reed Between the Lines; Home Box Office, Inc. for the television programs Bored

10   to Death, Curb Your Enthusiasm, Eastbound and Down, Enlightened, Entourage, In Treatment,

11   Luck, More as the Story Develops, Spring/Fall, Transporter, Treme, and True Blood; Showtime

12   Networks for Californication, Dexter, House of Lies, Nurse Jackie, Shameless, Weeds, and Web

13   Therapy; and the following syndicated programs: The Conan O'Brien Show, the Ellen DeGeneres

14   Show, the Martha Stewart Show, and Regis and Kelly.  Apple has also provided permission to use

15   products in over 100 feature films in the last year alone.

16          Among the many requests granted to use the trademarks and trade dress associated with

17   the iPhone, iPod touch, or iPad related to third-party works, Apple has permitted the following:

18   use of iPad images by McGraw-Hill for two book covers; use of an iPad and an iPhone image by

19   Pearson Education for two book covers; use of several iOS icons by City Guilds for use in a

20   textbook; use of iPhone and iPad images by Gartner Investments for inclusion as graphics for a

21   financial report; use of iPhone, iPad, and iOS icons by Barclay Capital Asia Ltd. for inclusion as

22   graphics for a financial report; use of iPad 2 images by Crystal Springs Publishing for a book

23   cover; use of iPad and iPhone images by Nelson Education for use in a book; use of iPad images

24   by Dezeen Limited for use in a book; use of iPad and iPhone images by Crimson Publishing for

25   use in a book.

26          In addition, Apple has also entered into 187 separate optical disc and PC distribution

27   agreements that included a non-exclusive license to use the Old iTunes Logo.

28

1    Apple has discussed one or more of the APPLE PATENTS-IN-SUIT with Samsung,

2    Motorola, HTC, and Google.

3    Apple further responds that in accordance with Federal Rule of Civil Procedure 33(d),

4    Apple will produce documents in response to this Interrogatory because the burden of deriving or

5    ascertaining the answer to this Interrogatory from the produced business records is substantially

6    the same for Apple as for Samsung.

7    **INTERROGATORY NO. 7:**

8    Separately for each of the APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS and

9    APPLE TRADEMARKS state all facts supporting any contention by APPLE that Samsung has

10   willfully infringed, diluted, or falsely designated the origin of its products for each patent, trade

11   dress, and trademark, including when and how APPLE asserts Samsung had actual notice of the

12   APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS, and APPLE TRADEMARKS.

13   **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

14   Apple objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably

15   calculated to lead to the discovery of admissible evidence.  Apple objects to this Interrogatory as

16   premature to the extent that it: (a) conflicts with the schedule entered by the Court, (b) conflicts

17   with the obligations imposed by the Federal Rules of Civil Procedure, the Civil Local Rules

18   and/or the Patent Local Rules of this Court, and/or any other applicable rule; (c) seeks

19   information that is the subject of expert testimony; (d) seeks information and/or responses that are

20   dependent on the Court's construction of the asserted claims of the patents-in-suit; or (e) seeks

21   information and/or responses that are dependent on depositions and documents that have not been

22   taken or produced.  Apple further objects to this Interrogatory to the extent it seeks information

23   that: (i) requires the disclosure of information, documents, and things protected from disclosure

24   by the attorney-client privilege, work product doctrine, common interest doctrine, joint defense

25   privilege, or any other applicable privilege, doctrine, or immunity; (ii) would require Apple to

26   draw a legal conclusion to respond; (iii) is outside of Apple's possession, custody, or control; or

27   (iv) can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly

28   available.

1       Subject to and incorporating its General Objections and its specific objections, Apple

2   responds as follows:

3       Samsung manufactured, distributed, imported into the United States, used in the United

4   States, offered for sale in the United States, and sold in the United States products that infringed

5   the Apple patents, trade dress, and trademarks at issue in this lawsuit despite an objectively high

6   likelihood that its actions constituted infringement of valid patents.  Moreover, this objectively

7   high likelihood of infringement was known to Samsung, or so obvious that it should have been

8   known to Samsung.  Samsung's objectively reckless infringement of the Apple patents, trade

9   dress, and trademarks at issue in this lawsuit began before Apple commenced this action and

10  continues to this day.  There is no objectively reasonable non-infringement argument with respect

11  to the accused products; nor is there any objectively reasonable argument that the Apple patents,

12  trade dress, and trademarks at issue in this lawsuit are invalid.

13      For instance, starting in July 2010, Apple representatives provided notice to Samsung that

14  it infringed Apple's patents and designs.  On or about August 4, 2010, Apple representatives met

15  with Samsung in Korea and showed a presentation titled "Samsung's Use of Apple Patents in

16  Smartphones."  This presentation emphasized Samsung's copying of the iPhone and identified

17  two of the patents-in-suit (the '002 and '381 patents), giving Samsung actual notice of at least

18  these patents, and many more.

19      On or about August 26, 2010, Apple sent Samsung an electronic archive file containing

20  claim charts further illustrating Samsung's infringement of Apple patents.  A presentation

21  document that accompanied these claim charts identified the '002 and '381 patents as two patents

22  that Samsung products infringed, and it substantiated these allegations with text from the patents

23  and photographs of Samsung devices illustrating infringing functionality.  Apple later presented

24  these slides to Samsung at a meeting in Cupertino, California on or about September 9, 2010.

25      Moreover, even after Samsung indisputably had actual notice of its infringement of all of

26  the Apple patents-in-suit as a result of the filing of this lawsuit, it continued the development,

27  manufacture, importation, distribution and sale of electronic devices as to which there was no

28

1    objectively reasonable theory of non-infringement.  Samsung continues its willful infringing

2    activities to the present.

3        During the August 4, 2010 presentation mentioned above, Apple also informed Samsung

4    that Samsung's smart phones were infringing Apple's designs.

5        Moreover, with respect to the design patents-in-suit, and specifically with respect to

6    D'889, Samsung was aware of this patent at least as early as April 14, 2008 when it was cited

7    during the prosecution of U.S. Design Patents Nos. D578,983 and D583,342, which are assigned

8    to Samsung.  The D'889 was also cited during the prosecution of U.S. Design Patents Nos.

9    D632,688 and D635,976.  Specifically with respect to the  D'790 patent, Samsung was aware of

10   this patent at least as early as February 3, 2011 when it was cited during the prosecution of U.S.

11   Design Patent No. D634,734, which is assigned to Samsung.  Specifically with respect to the

12   D'305 patent, Samsung was aware of this patent at least as early as November 27, 2009 when it

13   was cited during the prosecution of U.S. Design Patent No. D618,700, which is assigned to

14   Samsung.  Moreover, there is substantial evidence of Samsung's copying of Apple's iPhone and

15   iPad products, as shown by the numerous design similarities between Apple's and Samsung's

16   phone and tablet products.

17       Furthermore, with respect to the trade dress and trademarks asserted in the lawsuit, Apple

18   announced the original iPhone on January 9, 2007 and released the product on June 29, 2007;

19   Apple announced the iPhone 3G on June 9, 2008 and released the product on July 11, 2008;

20   Apple announced the iPhone 3GS on June 8, 2009 and released the product on June 19, 2009; and

21   Apple announced the iPhone 4 on June 7, 2010 and released the product on June 24, 2010.

22   Samsung was put on notice of Apple's distinctive Original iPhone Trade Dress, iPhone 3G Trade

23   Dress, iPhone 4 Trade Dress, and iPhone Trade Dress upon the announcements of these

24   respective products.  Samsung was put on notice of the trade dress shown in the Trade Dress

25   Registrations upon the announcement of the original iPhone.  Samsung was put on notice of the

26   trade dress shown in U.S. Application Serial No. 85/299,118 upon the announcement of the

27   iPhone 4.  Apple announced the iPad on January 27, 2010 and released the product on April 3,

28   2010, and Apple announced the iPad 2 on March 2, 2011 and released the product on March 11,

APPLE'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES
CASE NO. 11-cv-01846-LHK

26

1   2011.  Samsung was put on notice of Apple's distinctive iPad Trade Dress and the trade dress

2   shown in U.S. Application Serial Nos. 77/921,838, 77/921,829, and 77/921,869 upon the

3   announcement of the iPad, and it was put on notice of Apple's distinctive iPad 2 Trade Dress

4   upon the announcement of the iPad 2.  Samsung was put on notice of the marks shown in U.S.

5   Registration Nos. 3,886,196; 3,889,642; 3,886,200; 3,889,685; and 3,886,169 upon the

6   announcement of the original iPhone.  Samsung was put on notice of the mark shown in U.S.

7   Registration No. 3,886,197 for at least as early as June 19, 2009.  Samsung was put on notice of

8   the Purple iTunes Store Trademark at least as early as June 2008.  Samsung was put on notice of

9   the iTunes Eighth Note and CD Design Trademark at least as early as January 9, 2001.

10  **INTERROGATORY NO. 8:**

11       Separately for each claim or counterclaim APPLE has asserted or will assert, identify and

12  fully describe any and all damages that APPLE is claiming in This Lawsuit and the detailed basis

13  for any such damages claim, including whether APPLE is seeking lost profits or a reasonable

14  royalty and the periods of time over which APPLE claims it has suffered damages.  If APPLE is

15  seeking lost profits, identify the amount of the alleged lost profits, the computation of the alleged

16  lost profits including all revenues, income, costs, unit costs, and quantity associated with the

17  manufacture, sales and offers for sale by APPLE or any other entity of any product APPLE

18  contends is covered by the APPLE PATENTS-IN-SUIT, each purported lost sale or other item

19  which forms any part of APPLE's alleged lost profits, and the time period over which APPLE

20  claims it is entitled to lost profits. If APPLE is seeking a reasonable royalty, identify the amount

21  of the reasonable royalty, including any royalty rate expressed in per unit or percentage of

22  revenues terms and the basis for the per unit or percentage used, the computation of the alleged

23  reasonable royalty, and the time period over which APPLE claims it is entitled to lost profits.

24  **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:**

25       Apple objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably

26  calculated to lead to the discovery of admissible evidence.  Apple objects to this Interrogatory as

27  premature to the extent that it: (a) conflicts with the schedule entered by the Court, (b) conflicts

28  with the obligations imposed by the Federal Rules of Civil Procedure, the Civil Local Rules

and/or the Patent Local Rules of this Court, and/or any other applicable rule; (c) seeks information that is the subject of expert testimony; (d) seeks information and/or responses that are dependent on the Court's construction of the asserted claims of the patents-in-suit; (e) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced; or (f) requires access to data and information in Samsung's sole possession. Apple objects to this Interrogatory to the extent it seeks information that: (i) requires the disclosure of information, documents, and things protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, joint defense privilege, or any other applicable privilege, doctrine, or immunity; or (ii) can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly available.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows:

Apple claims a monetary award as a result of Samsung's infringement of Apple's patents. Pursuant to 35 U.S.C. § 289, Apple claims Samsung's total profits from all sales that infringe Apple's design patents, together with prejudgment interest. These shall include Samsung's total profits based on sales of each of the infringing products and any profits resulting from associated or reasonably foreseeable sales of other items in connection with or resulting from the sales of each of the infringing products. Pursuant to 35 U.SC. § 284, Apple claims damages adequate to compensate for Samsung's infringement of Apple's design and utility patents, which shall in no event be less than a reasonable royalty for Samsung's infringement. Apple has lost profits on sales of its products as well as other revenues due to the presence of Samsung's infringement and the competition by Samsung using Apple's intellectual property. These lost profits shall include lost profits due to lost sales of iPhone and iPad products. Further, they include lost profits due to price erosion with respect to Apple products and profits lost because Apple did not receive foreseeable downstream sales of additional products and services. A reasonable royalty shall apply to any sales of infringing products that are not proved to have resulted in lost profits. Apple seeks prejudgment interest on any monetary award provided pursuant to section 284. Further,

1   Apples seeks enhanced damages of three times the amount assessed based on Samsung's

2   misconduct and willful infringement of Apple's patents.

3        Pursuant to 15 U.S.C. § 1117, Apple claims a monetary award for Samsung's

4   misappropriation of Apple's trademarks and trade dress, and the dilution of the foregoing.  Apple

5   further claims an award based on Samsung's common law trademark infringement.  Samsung has

6   wrongly obtained profits by virtue of its infringement and misappropriation and this amount shall

7   be calculated initially on Samsung's revenues from sales of all products obtained through and as a

8   foreseeable result of Samsung's infringement, dilution, and misappropriation.  Apple separately

9   claims an award for the damages that it sustained due to Samsung's infringement, dilution, and

10  misappropriation.  These include lost sales of Apple products as well as foreseeable downstream

11  sales of products and services and the expense of remedial, corrective or other steps that Apple

12  has had to take in light of Samsung's infringement.  Further, Apple seeks a monetary award for

13  purposes of future corrective advertising.  Pursuant to section 1117, Apple seeks an award

14  trebling the damages assessed.

15       Apple has and will have expended costs and reasonable attorneys fees, which it will seek

16  to recover pursuant to 15 U.S.C. § 1117 and 35 U.S.C. § 285 because Samsung's infringement

17  and misconduct presents an exceptional case.

18       Based on Samsung's unfair business practices in violation of California Business and

19  Professions Code § 17200 and Samsung's unjust enrichment of itself due to misappropriation of

20  Apple's intellectual property, Apple claims an award restoring to Apply all profits earned as a

21  result of Samsung's unlawful actions.  Apple further claims restitution based on other revenues or

22  benefits wrongly obtained by Samsung due to its violations.

23       Apple also claims damages as a result of Samsung's anticompetitive conduct and unlawful

24  business acts and practices, including its failure to offer Apple a license on fair, reasonable and

25  non-discriminatory (FRAND) terms to Samsung's claimed standards-essential patents.  These

26  damages include the expenditure of resources and costs to resolve its licensing dispute with

27  Samsung and defending against Samsung's patent infringement claims, notwithstanding Apple's

28  license to those patents by virtue of Samsung's FRAND commitments.  Apple also is threatened

1    by loss of profits, loss of customers and potential customers, loss of goodwill and product image,

2    uncertainty in business planning and uncertainty among customers and potential customers.  Such

3    damages may be determined by methods including, but not limited to, litigation expenditures

4    incurred in the defense of Samsung's patent infringement claims, lost profits, and lost sales.  In

5    addition, pursuant to Section 4 of the Clayton Act and/or Section 16750 of the California

6    Business and Professions Code, Apple is entitled to treble the amount of its actual damages

7    suffered as a result of Samsung's conduct and all reasonable attorneys' fees and costs.  Moreover,

8    Apple is seeking all reasonable attorneys' fees and costs as a result of Samsung's violations of the

9    California Unfair Competition Law, and in connection with its defense against Samsung's

10   infringement claims.

11        Apple reserves the right to supplement its damages theory as additional information

12   becomes available.  In addition, Apple will provide information responsive to this Interrogatory

13   consistent with the Court's Scheduling Order for the disclosure of damages experts.

14   **INTERROGATORY NO. 9:**

15        Separately for each of the APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS and

16   APPLE TRADEMARKS, identify each claim which APPLE asserts is subject to a FRAND

17   royalty obligation (if any), and describe in detail the basis for such assertion, including but not

18   limited to the source of the obligation, the scope of the obligation including specific patents

19   and/or subject area, the time period of the obligation, the terms of the license to be offered under

20   the obligation, and the royalty rate(s) APPLE asserts Samsung is obligated to offer.

21   **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**

22        Apple objects to this Interrogatory to the extent it seeks information that: (i) requires the

23   disclosure of information, documents, and things protected from disclosure by the attorney-client

24   privilege, work product doctrine, common interest doctrine, joint defense privilege, or any other

25   applicable privilege, doctrine, or immunity; (ii) would require Apple to draw a legal conclusion to

26   respond; or (iii) can be obtained as easily by Samsung, is already in Samsung's possession, or is

27   publicly available.  Apple further objects to this Interrogatory as unintelligible to the extent that it

28

1   seeks information regarding trade dress and trademarks that are "subject to FRAND royalty

2   obligations" because FRAND has no application to trade dress or trademark rights.

3       Subject to and incorporating its General Objections and its specific objections, Apple

4   responds as follows: none of the APPLE PATENTS-IN-SUIT is subject to a FRAND royalty

5   obligation.

6   **INTERROGATORY NO. 10:**

7       Separately for each of the APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS and

8   APPLE TRADEMARKS, identify each patent, trade dress, or trademark which APPLE asserts is

9   licensed (if any), and describe in detail the basis for such assertion, including but not limited to

10   the source of the license, the scope of the license including specific patents and/or subject area,

11   the time period of the license, whether the license is exclusive or non-exclusive, any geographic

12   limitations of the license, any limitations of the license to certain products, any limitations on the

13   ability to sublicense, and any other limitations on the license.

14   **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:**

15       Apple objects to this Interrogatory as duplicative of Interrogatory No. 6.  Apple objects to

16   the term "source of the license" as vague and ambiguous.  Apple objects to this Interrogatory as

17   overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of

18   admissible evidence.  Apple objects to this Interrogatory to the extent it seeks information that is

19   subject to a confidentiality or non-disclosure agreement or governed by a protective order

20   preventing its production.

21       In addition, Apple has received thousands and thousands of requests for permission to use

22   the trademarks and trade dress associated with the iPhone, iPod touch, or iPad in connection with

23   marketing, promotions, advertising, product placement, third-party publications, etc.  Apple

24   regularly grants such requests, as explained more fully in its response to Interrogatory No. 6 and

25   Apple hereby incorporates its response to Interrogatory No. 6 as if fully set forth herein.

26       Apple further responds that in accordance with Federal Rule of Civil Procedure 33(d),

27   Apple will produce documents in response to this Interrogatory because the burden of deriving or

28

1  ascertaining the answer to this Interrogatory from the produced business records is substantially

2  the same for Apple as for Samsung.

3  **INTERROGATORY NO. 11:**

4      For each APPLE ACCUSED PRODUCT, identify each person involved in the design,

5  development, marketing and/or sales of the product and the nature of the person's involvement in

6  such activities, and identify the starting and completion dates for the design and development of

7  the product and the date of first sale of the product.

8  **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 11:**

9      Apple objects to this Interrogatory on the grounds that it is overbroad, unduly

10  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

11  especially to the extent it seeks information about the accused Apple products beyond the

12  components or technologies of those products that may be relevant to Samsung's patents-in-suit,

13  and/or that Samsung has placed at issue in this case in its Patent Rule 3-1 Disclosures.  Apple

14  objects to the terms "involved in," and "nature of the person's involvement" as vague and

15  ambiguous.  Apple objects to this Interrogatory to the extent it seeks information that is subject to

16  a confidentiality or non-disclosure agreement or governed by a protective order preventing its

17  production, or otherwise seeks confidential, proprietary or trade secret information of third

18  parties.  Apple further objects to this Interrogatory because it contains multiple subparts that each

19  should count as a separate interrogatory.

20      Subject to and without waiving the foregoing General and Specific Objections, Apple

21  responds as follows:  As of September 25, 2010, Apple had approximately 46,600 full-time

22  equivalent employees and an additional 2,800 full-time equivalent temporary employees and

23  contractors.  A large number of Apple employees have some responsibility that is related in some

24  way to the "the design, development, marketing and/or sales" of the Apple Accused Products.

25  Further responding, Apple incorporates by reference the information set forth in its responses to

26  Interrogatory Nos. 4 and 7 regarding dates of first sale.  Apple is willing to meet and confer

27  regarding the scope of this Interrogatory.

28

**INTERROGATORY NO. 12:**

If APPLE contends that it does not infringe any claim of the SAMSUNG PATENTS-IN-SUIT, identify in detail on a claim-by-claim and limitation-by-limitation basis in a claim chart format all bases for any allegation that APPLE does not infringe the claim(s), including an identification of each limitation of each claim which APPLE contends is not practiced by any of its products, and state in detail the reasons why APPLE's products do not practice those limitations.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12:**

Apple objects to this Interrogatory as premature to the extent that it: (a) conflicts with the schedule entered by the Court, (b) conflicts with the obligations imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, and/or any other applicable rule; (c) seeks information that is the subject of expert testimony; (d) seeks information and/or responses that are dependent on the Court's construction of the asserted claims of the patents-in-suit; or (e) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced.  Moreover, the Court's Local Rules and the schedule entered by the Court do not contemplate the disclosure of claim construction positions at this time.  Apple also objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks information about the accused Apple products beyond the components or technologies of those products that may be relevant to Samsung's patents-in-suit, and/or that Samsung has placed at issue in this case in its Patent Rule 3-1 Disclosures.  Apple further objects to this Interrogatory to the extent it requires information outside Apple's possession, custody, and control, including, for example, information concerning components that Apple has purchased from third parties.

**INTERROGATORY NO. 13:**

Separately for each of the SAMSUNG PATENTS-IN-SUIT, identify the date(s) APPLE first became aware of each patent, the persons at APPLE who first became aware of each patent and the detailed circumstances by which each such person became aware of each patent.

1    **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:**

2           Apple objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably

3    calculated to lead to the discovery of admissible evidence, especially to the extent it calls for the

4    identification of the "detailed circumstances" by which Apple became aware of each patent.

5    Apple also objects to this Interrogatory to the extent it requires the disclosure of information,

6    documents and things protected from disclosure by the attorney-client privilege, work product

7    doctrine, common interest doctrine, joint defense privilege, or any other applicable privilege,

8    doctrine, or immunity.

9           Subject to and without waiving the foregoing General and Specific Objections, Apple

10   responds as follows:  Apple became aware of U.S. Patent No. 7,675,941 and U.S. Patent No.

11   7,447,516 on or before April 21, 2011, when Samsung first asserted the respective foreign

12   counterparts of these patents against Apple in Japan and Korea.  Apple became aware of the

13   following Samsung Patents-in-Suit on or before April 27, 2011, when Samsung filed its initial

14   Complaint in Case No. 11-CV-02079:  U.S. Patent Nos. 7,362,867, 7,200,792, 7,386,001,

15   7,050,410, 6,928,604, and 7,069,055.  Apple became aware of the remaining Samsung Patents-in-

16   Suit on or before June 30, 2011, when Samsung filed its Answer and Counterclaims in this action.

17          Apple's investigation is ongoing and Apple reserves the right to supplement this response

18   as this litigation progresses.

19   **INTERROGATORY NO. 14:**

20          Describe in detail the factual basis for every claim, affirmative defense and every

21   counterclaim APPLE has asserted or will assert in this lawsuit.

22   **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:**

23          Apple objects to this Interrogatory on the grounds that it is overbroad, unduly

24   burdensome, and not reasonably calculated to lead to this discovery of admissible evidence.

25   Apple objects to this Interrogatory as it contains subparts that each should count as a separate

26   Interrogatory.  Apple further objects to this Interrogatory, to the extent it requests a complete

27   articulation of the factual basis for all its claims in this case, on the grounds that it: (a) conflicts

28   with the schedule entered by the Court, (b) conflicts with the obligations imposed by the Federal

1   Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court,

2   and/or any other applicable rule; (c) seeks information that is the subject of expert testimony; (d)

3   seeks information and/or responses that are dependent on the Court's construction of the asserted

4   claims of the patents-in-suit; or (e) seeks information and/or responses that are dependent on

5   depositions and documents that have not been taken or produced.  Moreover, the Court's Local

6   Rules and the schedule entered by the Court do not contemplate the disclosure of claim

7   construction positions or expert opinions at this time.

8          Apple further objects to this Interrogatory to the extent it requires information outside

9   Apple's possession, custody and control, including, for example, information concerning

10  components that Apple has purchased from third parties.

11         Subject to and without waiving the foregoing General and Specific Objections, Apple

12  responds as follows: Apple filed an amended complaint on June 16, 2011 which describes in

13  detail, based upon information then known to Apple, the factual bases for every claim that Apple

14  has asserted in this lawsuit.  Apple also filed an Answer to Samsung's Counterclaims and

15  Counterclaims in Reply on July 21, 2011 which describes in detail, based upon information then

16  known to Apple, the factual bases for every affirmative defense and counterclaim that Apple has

17  asserted in this lawsuit.

18         Specifically, the factual bases for Apple's claims of Federal False Designation of Origin

19  and Unfair Competition, and for California Unfair Business Practices are described in paragraphs

20  21-25, 27, 48-56, 80-88, 90-92, 95-97, 99, and 106 of Apple's Amended Complaint.

21         The factual bases for Apple's claims of Federal Trade Dress Infringement and Federal

22  Trade Dress Dilution are described in paragraphs 14-16, 18-21, 23-24, 30-68, 80-84, 87, 95-97,

23  99-102 of Apple's Amended Complaint.

24         The factual bases for Apple's claims of Federal Trademark Infringement and Common

25  Law Trademark Infringement are described in paragraphs 13-16, 18-21, 23-24, 69-78, 104-105 of

26  Apple's Amended Complaint.

27         The factual bases for Apple's claims of infringement of the 'D790, 'D334, 'D305, 'D677,

28  'D889, 'D087, 'D270 patents are supported by paragraph 29 of Apple's Amended Complaint.

1    The factual bases for Apple's claims of infringement of the '002, '381, '607, '828, '915,

2    '891, '163, and '129 patents are described in paragraphs 26-28, and 94 of Apple's Amended

3    Complaint.

4    Additionally, in accordance with Federal Rule of Civil Procedure 33(d), Apple refers to

5    the following documents because the burden of deriving or ascertaining the answer to this

6    Interrogatory from the produced business records is substantially the same for Apple as for

7    Samsung:  Apple's claim charts for the '002, '381, '607, '828, '915, '891, '163, and '129 patents

8    that Apple served on Samsung on August 26, 2011 pursuant to the Northern District of

9    California's Patent Local Rules.

10   To the extent this Interrogatory seeks the identification of the factual basis for Apple's

11   affirmative defenses and counterclaims that the Samsung Patents-in-Suit are invalid, Apple will

12   make those disclosures in accordance with the schedule set by the Court.  To the extent this

13   Interrogatory seeks the identification of the factual basis for Apple's affirmative defenses and

14   counterclaims of non-infringement, Apple incorporates by reference its response to Interrogatory

15   No. 12.  To the extent this Interrogatory seeks an identification of the factual basis for Apple's

16   remaining affirmative defenses and counterclaims, including its claims that Samsung has engaged

17   in anticompetitive conduct and unlawful business acts and practices as a result of, *inter alia*, its

18   failure to offer Apple a license to Samsung's claimed standards-essential patents on fair,

19   reasonable and non-discriminatory (FRAND) terms notwithstanding Samsung's FRAND

20   commitments, those facts are described at paragraphs 1-4 and 14-90 of Apple's Counterclaims in

21   Reply, which are incorporated herein by reference.

22   Apple's investigation is ongoing and Apple reserves the right to supplement this response

23   as this litigation progresses.

24   **INTERROGATORY NO. 15:**

25   IDENTIFY each person working for or on behalf of Apple who has ever analyzed use of

26   any APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS or APPLE TRADEMARKS by

27   someone other than YOU, and the subject matter of their analysis.

28

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 15:**

Apple objects to the phrases "analyzed" and "analysis" as vague and ambiguous.  Apple objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent that it seeks the identification of every person who has ever performed an analysis of any of the patents, trademarks, or trade dress at issue in this lawsuit without limitation to the products at issue in this lawsuit.  Apple objects to this Interrogatory as premature to the extent that it: (a) conflicts with the schedule entered by the Court, (b) conflicts with the obligations imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, and/or any other applicable rule; (c) seeks information that is the subject of expert testimony; (d) seeks information and/or responses that are dependent on the Court's construction of the asserted claims of the patents-in-suit; or (e) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced.  Apple objects to this Interrogatory to the extent it seeks information that requires the disclosure of information, documents, and things protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, joint defense privilege, or any other applicable privilege, doctrine, or immunity.

Subject to and incorporating its General Objections and its specific objections, Apple responds as follows:

Apple's in-house and outside counsel have been involved in the enforcement of Apple's intellectual property rights.  Additionally, experts retained by Apple's outside counsel for the purpose of facilitating legal advice have researched and examined the use of Apple's intellectual property by entities other than Apple.  Moreover, U.S. Customs and local and federal law enforcement agencies regularly examine the use of Apple's intellectual property by entities other than Apple and act appropriately when they find infringement of those intellectual property rights.  Furthermore, Apple relies on vendors to watch for and police the infringement of its intellectual property rights on the Internet, including in auction websites.  Such vendors file complaints with the appropriate entities when they determine that Apple's intellectual property rights are being infringed.

1   **INTERROGATORY NO. 16:**

2       IDENTIFY all facts RELATING TO studies, including formal or informal analysis,

3   investigation, surveys, focus groups, consumer research, or other information or reports that relate

4   to, support, or refute YOUR claims in this action, including, for each such study, when it was

5   commissioned, conducted, and completed, by whom it was conducted, and its conclusions.

6   **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 16:**

7       Apple objects to the phrases "all facts RELATING TO studies" and "formal or informal

8   analysis" as vague and ambiguous.  Apple objects to this Interrogatory as overbroad, unduly

9   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

10  especially because it requests the identification of "all facts RELATING TO . . . analysis,

11  investigation . . . or other information or reports that relate to . . . YOUR claims."  Apple objects

12  to this Interrogatory as premature to the extent that it: (a) conflicts with the schedule entered by

13  the Court, (b) conflicts with the obligations imposed by the Federal Rules of Civil Procedure, the

14  Civil Local Rules, and/or any other applicable rule; (c) seeks information that is the subject of

15  expert testimony; or (d) seeks information and/or responses that are dependent on depositions and

16  documents that have not been taken or produced.  Apple objects to this Interrogatory to the extent

17  it seeks information that: (i) requires the disclosure of information, documents, and things

18  protected from disclosure by the attorney-client privilege, work product doctrine, common

19  interest doctrine, joint defense privilege, or any other applicable privilege, doctrine, or immunity;

20  (ii) is outside of Apple's possession, custody, or control; or (iii) can be obtained as easily by

21  Samsung, is already in Samsung's possession, or is publicly available.

22      Subject to and incorporating its General Objections and its specific objections, Apple

23  responds as follows: Apple will meet and confer with Samsung to determine the scope of this

24  Interrogatory.

25  **INTERROGATORY NO. 17:**

26      Describe all instances known to YOU of confusion, including mistake, or deception

27  RELATING TO any of the APPLE TRADE DRESS or APPLE TRADEMARKS.  For each

28  instance described, your response should include when and how you became aware of the

1  instance, when the instance occurred, all persons with knowledge of such instance, the source of

2  their knowledge, the circumstances reflecting the confusion, the IDENTITY of the SAMSUNG

3  ACCUSED PRODUCT allegedly giving rise to the confusion, the IDENTITY of all confused

4  persons, and the IDENTITY of all DOCUMENTS and things supporting or refuting your

5  response to this Interrogatory.

6  **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 17:**

7       Apple objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably

8  calculated to lead to the discovery of admissible evidence, especially to the extent that it is

9  seeking information regarding confusion between Apple's trademarks and trade dress and third-

10  party products.  Apple objects to this Interrogatory as premature to the extent that it: (a) conflicts

11  with the schedule entered by the Court, (b) conflicts with the obligations imposed by the Federal

12  Rules of Civil Procedure, the Civil Local Rules, and/or any other applicable rule; (c) seeks

13  information that is the subject of expert testimony; or (d) seeks information and/or responses that

14  are dependent on depositions and documents that have not been taken or produced.  Apple objects

15  to this Interrogatory to the extent it seeks information that: (i) requires the disclosure of

16  information, documents, and things protected from disclosure by the attorney-client privilege,

17  work product doctrine, common interest doctrine, joint defense privilege, or any other applicable

18  privilege, doctrine, or immunity; (ii) would require Apple to draw a legal conclusion to respond;

19  or (iii) can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly

20  available.

21       Subject to and incorporating its General Objections and its specific objections, Apple

22  responds as follows:

23       Apple has not yet completed an investigation of confusion, including mistake or

24  deception, relating to any Samsung's infringement of the Original iPhone Trade Dress; iPhone 3G

25  Trade Dress; iPhone 4 Trade Dress; iPhone Trade Dress; the trade dress shown in the Trade Dress

26  Registrations; the iPad Trade Dress; the iPad 2 Trade Dress; the trade dress shown in the Trade

27  Dress Applications; the Registered Icon Trademarks; the Purple iTunes Store Trademark; the

28  iTunes Eighth Note and CD Design Trademark.  Apple will supplement its response once its

1   investigations are completed.  Apply will also provide information on this topic during expert

2   discovery.

3   **INTERROGATORY NO. 18:**

4       IDENTIFY all facts supporting your contentions regarding the fame, distinctiveness,

5   secondary meaning, and/or strength of the APPLE TRADE DRESS and APPLE

6   TRADEMARKS.

7   **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 18:**

8       Apple objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably

9   calculated to lead to discovery of admissible evidence, especially because it requests the

10  identification of "all facts."  Apple objects to this Interrogatory as premature to the extent that it:

11  (a) conflicts with the schedule entered by the Court, (b) conflicts with the obligations imposed by

12  the Federal Rules of Civil Procedure, the Civil Local Rules, and/or any other applicable rule; (c)

13  seeks information that is the subject of expert testimony; or (d) seeks information and/or

14  responses that are dependent on depositions and documents that have not been taken or produced.

15  Apple objects to this Interrogatory to the extent it seeks information that: (i) is outside of Apple's

16  possession, custody, or control; or (ii) can be obtained as easily by Samsung, is already in

17  Samsung's possession, or is publicly available.

18      Subject to and incorporating its General Objections and its specific objections, Apple

19  responds as follows:

20      Apple has spent approximately US$512,424,000 on advertisements for its Original iPhone

21  Trade Dress, iPhone 3G Trade Dress, iPhone 4 Trade Dress, iPhone Trade Dress; the trade dress

22  shown in the Trade Dress Registrations; and the trade dress shown in U.S. Application Serial No.

23  85/299,118 from June 2007 through July 2011.  Apple has spent approximately US$325,321,000

24  on advertisements for  its iPad Trade Dress; iPad 2 Trade Dress; and the trade dress shown in

25  U.S. Application Serial Nos. 77/921,838, 77/921,829, and 77/921,869 from January 2010 through

26  July 2011.

27      Many of these advertisements feature the Registered Icon Trademarks, the Purple iTunes

28  Store Trademark, and the iTunes Eighth Note and CD Design as well.  Apple's advertisements for

APPLE'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES
CASE NO. 11-cv-01846-LHK

1   its iPhone and iPad products appear in nationally circulated newspapers and magazines, on

2   national primetime television broadcasts, and on transit stops, billboards, and street media in

3   major cities across the United States.

4        Apple also owns it's Trade Dress Registrations, the Registration Icon Trademarks, and the

5   iTunes Eighth Note and CD Design registration.

6        The Original iPhone Trade Dress, the trade dress shown in the Trade Dress Registrations,

7   and the trademarks shown in U.S. Registration Nos. 3,886,196, 3,889,642, 3,886,200, 3,889,685,

8   and 3,886,169 have been in use in commerce since June 29, 2007; the iPhone 3G Trade Dress has

9   been in use since July 11, 2008; the iPhone 4 Trade Dress has been in use since June 24, 2010;

10  and the iPhone Trade Dress has been in use since June 29, 2007.  The iPad Trade Dress and the

11  trade dress shown in U.S. Application Serial Nos. 77/921,838, 77/921,829, and 77/921,869 have

12  been in use since April 3, 2010, and the iPad 2 Trade Dress has been in use since March 11, 2011.

13  The trade dress shown in the Trade Dress Registrations has been in use since June 29, 2007.  The

14  trade dress shown in U.S. Application Serial No. 85/299,118 has been in use since June 24, 2010.

15  The trademark shown in U.S. Registration No. 3,886,197 has been in use since June 19, 2009.

16  The Purple iTunes Store Trademark has been in use since June 2008.  The iTunes Eighth Note

17  and CD Design Trademark has been in use since January 9, 2001.

18

19  Dated:  September 12, 2011                    MORRISON & FOERSTER LLP

20

21                                      By:   /s/ Richard S.J. Hung
                                              RICHARD S.J. HUNG

22
                                              Attorneys for Plaintiff
23                                            APPLE INC.

24

25

26

27

28