# D'AMATO DECLARATION EX. X

| | |
|---|---|
| **From:** | Tucher, Alison M. [ATucher@mofo.com] |
| **Sent:** | Thursday, July 05, 2012 2:13 PM |
| **To:** | Thomas Watson; Diane Hutnyan |
| **Cc:** | Bartlett, Jason R.; Curran Walker; Samsung v. Apple; WHAppleSamsungNDCalService@wilmerhale.com; AppleMoFo |
| **Subject:** | RE: MILs |

Tom and Team,

Your comments below clarify some of your MILs but for the most part do not tell us enough that we can determine whether Apple will oppose them or not.  In particular, we asked some specific questions about the eighth MIL that we don't think you've answered.  There may still be room for the parties to agree on that one, but we can't tell yet.

The one MIL on your list that Apple has determined it will not be opposing is the tenth one, "Motion to preclude evidence and argument that Apple is presently licensed to the Declared Essential Patents-In-Suit (Fifth Defense)."  In filing this motion you may inform the Court that Apple does not intend to present evidence or argument at trial in support of its present license defense given the Court's ruling in its Order Granting in Part and Denying in Part Motion to Dismiss Amended Counterclaims (Docket No. 920).

Regards,
Alison

---

**From:** Thomas Watson [mailto:tomwatson@quinnemanuel.com]
**Sent:** Wednesday, July 04, 2012 9:35 AM
**To:** Tucher, Alison M.; Diane Hutnyan
**Cc:** Bartlett, Jason R.; Curran Walker; Samsung v. Apple; WHAppleSamsungNDCalService@wilmerhale.com; AppleMoFo
**Subject:** RE: MILs

Alison,

- For the first MIL, in this case, Apple asserts only the intellectual property rights set forth in the pleadings and narrowed throughout the course of the case.  Samsung seeks to exclude any evidence or argument that Samsung is "copying" or otherwise harming Apple in any way other than infringement of the specific intellectual property rights set forth in the pleadings and narrowed throughout the course of the case.
- For the third MIL, Samsung served contention interrogatories and Apple responded.  Samsung seeks to exclude any and all contentions, theories, witnesses and accused devices that were not disclosed properly in discovery.
- On the fourth MIL, Samsung wishes to exclude all decisions that are not specifically related to the patents asserted in this case because they are irrelevant to this case.  We do not seek to exclude rulings on the patents remaining in this case as they might be relevant.
- On the sixth MIL, we are referring to the generalizations that several of Apple's experts have made that because they believe one product infringes a patent, they assume that all products infringe the same patent.
- On the Eighth MIL, we seek to exclude all suggestions that Samsung has wrongfully paid lower taxes than it should have or of the overall revenues, profits or valuations of Samsung (as opposed to figures tied to the products at issue).
- On the Ninth MIL, we are proposing to exclude any opinion that Mr. Musika tries to introduce at trial that was not fully and adequately disclosed in his reports.

Please let us know when Apple is ready to exchange statements about whether the parties can stipulate to any of each other's MILs.

Tom Watson

**Thomas R. Watson** | Quinn Emanuel Urquhart & Sullivan, LLP | Office: +1.650.801.5017

**From:** Tucher, Alison M. [mailto:ATucher@mofo.com]
**Sent:** Wednesday, July 04, 2012 8:53 AM
**To:** Diane Hutnyan
**Cc:** Bartlett, Jason R.; Thomas Watson; Curran Walker; Samsung v. Apple; WHAppleSamsungNDCalService@wilmerhale.com; AppleMoFo
**Subject:** RE: MILs

Diane,

If you or another member of your team sent answers to our requests for clarification yesterday afternoon, I do not think I received them. Since we have to review and consider your explanations before we know whether we can consent to the relief you are seeking, I have not been able to confirm 9AM. Please re-send any answers that may not have come through or let me know when we can expect to receive those from you, and then we'll try to establish a time for this exchange.

Thanks,
Alison

**From:** Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
**Sent:** Wednesday, July 04, 2012 8:33 AM
**To:** Tucher, Alison M.
**Cc:** Bartlett, Jason R.; Thomas Watson; Curran Walker; Samsung v. Apple; WHAppleSamsungNDCalService@wilmerhale.com; AppleMoFo
**Subject:** Re: MILs

Alison - can you confirm yet?

On Jul 3, 2012, at 5:56 PM, "Tucher, Alison M." <ATucher@mofo.com> wrote:

> Diane,
>
> I'll call Tom in a moment re "other evidentiary issues exchange." On your questions below:
>
>> We gave examples of the corporate behavior Apple seeks to exclude in the parenthetical for that MIL: pay or working conditions of Apple's employees and/or of those who manufacture accused products; evidence/argument that Apple's tax bills are too low or that it' revenues and cash-on-hand are too high, etc. Is there something particular your question goes to?
>>
>> On Fingerworks, we think that evidence is not relevant.
>>
>> On the three design-related questions, I suggest you talk to your ITC team. These issues were hotly litigated in the ITC and the MIL addresses similar evidence here.
>
> As for your proposed exchange time, tomorrow at noon is problematic but I think we could do 9 AM. Since I don't have your clarifications yet and tomorrow is a holiday, I'll have to confirm the time later but let's plan on 9 AM. OK?
>
> Alison
>
>> **From:** Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
>> **Sent:** Tuesday, July 03, 2012 5:26 PM
>> **To:** Tucher, Alison M.; Bartlett, Jason R.
>> **Cc:** Thomas Watson; Curran Walker; Samsung v. Apple; 'WHAppleSamsungNDCalService@wilmerhale.com'
>> **Subject:** RE: MILs

Alison,

Thanks for your questions.  We are looking into your questions, but in the meantime, we also have some questions regarding Apple's motions in limine, specifically:

-What corporate behavior or financial circumstances does Apple seek to exclude in its Fourth MIL?
-What patents does Apple seek to exclude and on what basis in the Sixth MIL "Apple or Samsung patents issued on the same date or after the patents at issue?"
-What prior art does Apple plan to exclude in the Seventh MIL "art that is not prior or was not public because it cannot prove obviousness" and does Apple plan to exclude it for all purposes?  If for all purposes, what authority does Apple rely on for that position?
-On what basis does Apple seek to exclude evidence regarding financial terms of Fingerworks acquisition in the Ninth MIL?
-What specifically does Apple seek to exclude in the Tenth MIL "testimony or exhibits regarding misleading partial views of patented designs?"

If you can respond to these tonight, that would be best, as we will need to talk with our client about some of these tonight in order to develop a response.  We are hopeful that both parties will be able to give their positions on each others' MILs by sometime tomorrow – I suggest noon in light of the various clarifications we're trying to gather for each other.  Does that work?

Thanks,

Diane

---

**From:** Tucher, Alison M. [mailto:ATucher@mofo.com]
**Sent:** Tuesday, July 03, 2012 3:55 PM
**To:** Diane Hutnyan; Bartlett, Jason R.
**Cc:** Thomas Watson; Curran Walker; Samsung v. Apple; 'WHAppleSamsungNDCalService@wilmerhale.com'
**Subject:** RE: MILs

Diane,

We understood your position to be tentative, but that we would try to do this exchange at 5 PM.  In an attempt to get the clarity we need in order to find out whether Apple will likely oppose your motions, please let us know:

- What evidence do you intend to exclude by your first MIL, "Evidence Or Argument Not Tied To The Specific IP Rights Claimed By Apple in This Action"?
- What evidence do you intend to exclude by your third MIL, "Accused Devices, Contentions, Theories, and Witnesses Not Timely Disclosed In Infringement Contentions Or Interrogatory Response"?
- Which "findings or rulings" do you intend in your fourth MIL?  Why limit it to patents other than those at issue in this case?  Are you reaching foreign counterparts?
- We don't understand what "generalizations" you have in mind in your sixth MIL so are not able to respond to this one.
- Can you be more specific about the kind of evidence you want to exclude in your eighth MIL, especially re "valuations" and "lower taxes"?  We may be able to reach an agreement here provided that (1) Samsung does not use any such agreement to argue that Musika cannot use market capitalization as a part of his income method calculations) and (2) Samsung does not introduce evidence of STA's and SEA's stand alone "profits" and then object when we respond by contrasting Samsung's tax-accounting that determines these number at STA and SEA with Samsung's consolidated economic profits.

- What damages opinions from Musika are you proposing to exclude in your ninth MIL?

We are fine with exchanging at 5 PM the list of "other evidentiary issues."

Alison

**From:** Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
**Sent:** Tuesday, July 03, 2012 12:41 PM
**To:** Tucher, Alison M.; Bartlett, Jason R.
**Cc:** Thomas Watson; Curran Walker
**Subject:** Clarification

Our notes are slightly ambiguous as to when the parties will exchange their decisions as far as which MILs they do not plan to oppose, and as to the identification of the "other evidentiary issues" for the pretrial statement. I had this exchange down as 5:00 pm today – is that what you had? And we suggest that if we can stipulate to any MILs on either side, then the stipulated MIL could be replaced by a new MIL off of the other evidentiary issues list. Does this sound ok to you?

To the extent you need any clarification on our MILs, please let us know what questions you have as soon as possible and we'll try to get back to you quickly, and we hope you will do the same.

--------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

--------------------------------------------------------------------


--------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

--------------------------------------------------------------------

---------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

---------------------------------------------------------------------

---------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

---------------------------------------------------------------------