1

2  [COUNSEL LISTED ON SIGNATURE
   PAGE]
3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11                         SAN JOSE DIVISION

12

13
   APPLE INC.,                              Case No.    11-cv-01846 LHK (PSG)
14
                    Plaintiff,
15                                          **JOINT PRETRIAL STATEMENT**
          v.                                **AND PROPOSED ORDER**
16
   SAMSUNG ELECTRONICS CO., LTD., a         Date:    July 24, 2012
17 Korean business entity; SAMSUNG          Time:    1:30 p.m.
   ELECTRONICS AMERICA, INC., a New York    Place:   Courtroom 4, 5th Floor
18 corporation; SAMSUNG                     Judge:   Hon. Lucy H. Koh
   TELECOMMUNICATIONS AMERICA, LLC, a
19 Delaware limited liability company,

20                    Defendants.

21

22

23

24

25

26

27

28

1    Pursuant to the Guidelines for Final Pretrial Conference in Jury Trials, the parties submit

2    the following Joint Proposed Pretrial Statement and Order.

3    **I.      SUBSTANCE OF THE ACTION**

4    The parties to this action are Apple Inc., a California corporation having its principal place

5    of business in Cupertino, California, Samsung Electronics Co., Ltd., a Korean corporation having

6    its principal place of business in Suwon-City, Korea, Samsung Telecommunications America,

7    LLC, a Delaware corporation having its corporate headquarters in Richardson, Texas, and

8    Samsung Electronics America, Inc., a New York corporation having its principal place of

9    business in Ridgefield Park, New Jersey.

10   Apple asserts claims against Samsung for trade dress infringement and dilution, and

11   design and utility patent infringement relating to Samsung's smartphone and tablet products.

12   Samsung seeks declaratory judgment as to Apple's claims and asserts counterclaims of patent

13   infringement relating to Apple's iPhone and iPad products.  Apple seeks declaratory judgment as

14   to Samsung's counterclaims and asserts counterclaims of monopolization under the Sherman Act,

15   violation of the California Unfair Competition Law, and breach of contract associated with

16   Samsung's assertion of patents that Samsung has declared to be essential to the UMTS wireless

17   telecommunication standard.  In addition, Apple seeks a declaration that it is entitled to a fair,

18   reasonable and non-discriminatory ("FRAND") license to those declared essential patents, and

19   which sets forth the FRAND terms and conditions of that license.

20   The operative pleadings are Apple's Amended Complaint (Dkt. No. 75), Samsung's

21   Answer to Amended Complaint and Counterclaims (Dkt. No. 80), Apple's Amended Answer to

22   Counterclaims and Counterclaims in Reply (Dkt. No. 381), and Samsung's Answer to Apple's

23   Amended Counterclaims in Reply (Dkt. No. 983).

24   At the Court's direction, the parties have reduced the claims they will assert at trial.  (Dkt.

25   Nos. 902, 907 and 1178.)  Apple's design and utility patent and trade dress claims remaining for

26   trial, are:

27   1.   Claims for infringement of the following patents:

28   a.   U.S. Patent No. 7,469,381 (claim 19)

1              b.  U.S. Patent No. 7,844,915 (claim 8)

2              c.  U.S. Patent No. 7,864,163 (claim 50)

3              d.  U.S. Patent No. D618,677

4              e.  U.S. Patent No. D593,087

5              f.  U.S. Patent No. D604,305

6              g.  U.S. Patent No. D504,889

7    2.  In particular, Apple's position is that it has accused the following products of

8        infringing the following design and utility patents:

9              a.  Acclaim: '163, '915

10              b.  Intercept: '381, '163, '915

11              c.  Vibrant: '381, '163, '915, D'087, D'677, and D'305

12              d.  Captivate: '381, '163, '915, D'305

13              e.  Epic 4G: '381, '163, '915

14              f.  Fascinate: '381, '163, '915, D'677, and D'305

15              g.  Galaxy Ace: '381, '163, '915, and D'677

16              h.  Galaxy S (i9000): '381, '163, '915, D'087, D'677, and D'305

17              i.  Galaxy S II (AT&T) '381, '163, '915, D'087, and D'677

18              j.  Galaxy S II (i9100) '381, '163, '915, D'087, and D'677

19              k.  Galaxy S II (T-Mobile) '163, '915, and D'677

20              l.  Galaxy S II (Epic 4G Touch) '381, '163, '915, D'087, and D'677

21              m. Galaxy S II (Skyrocket) '163, '915, D'087, and D'677

22              n.  Transform: '163, '915

23              o.  Mesmerize: '381, '163, '915, D'677, and D'305

24              p.  Continuum: '381, '163, '915, D'305

25              q.  Galaxy Tab: '381, '163, '915

26              r.  Galaxy S Showcase (i500): '381, '163, '915, D'677, and D'305

27              s.  Nexus S: '381, '163, '915

28              t.  Galaxy S 4G: '381, '163, '915, D'087, D'677, and D'305

1     u.  Gem: '381, '163, '915, D'305

2     v.  Sidekick: '381, '163, '915

3     w.  Galaxy Prevail: '381, '163, '915

4     x.  Nexus S 4G: '381, '163, '915

5     y.  Replenish: '381, '163, '915

6     z.  Droid Charge: '381, '163, '915, D'305

7     aa. Infuse 4G: '381, '163, '915, D'087, D'677, and D'305

8     bb. Indulge: '381, '163, '915, D'305

9     cc. Galaxy Tab 10.1 (WiFi and 4G LTE): '381, '163, '915, D'889

10    dd. Exhibit 4G: '381, '163, '915, D'305

11    ee. Gravity: '381, '163, '915

12    Samsung disputes that the Gem (with respect to the '381 patent), and the Galaxy S II

13  (AT&T), Galaxy S II (i9100), Galaxy S II (T-Mobile), Galaxy S II (Epic 4G Touch), and Galaxy

14  S II (Skyrocket) are at issue, as discussed in Samsung's MIL #3.  Samsung also disputes that the

15  Galaxy Ace and Galaxy S (i9000) are at issue, as described in the Disputed Evidentiary Issues

16  section below.

17    3.  Claims for dilution of iPhone trade dress, based on Registration No. 3,470,983, the

18        unregistered combination iPhone trade dress and the unregistered iPhone 3G trade

19        dress.

20    4.  Claims for infringement and dilution of iPad trade dress based on unregistered

21        iPad/iPad 2 trade dress against Galaxy Tab 10.1 (WiFi) and Tab 10.1 (4G LTE).

22    5.  Apple also intends to offer proof of Samsung's anticompetitive course of conduct

23        at 3GPP in connection with setting the UMTS standard – failure to make timely

24        disclosure of its claimed IPR during the standard-setting process and false FRAND

25        commitments with respect to seven patents that Samsung selected from its

26        portfolio of declared essential SEPs to assert against Apple.  This anticompetitive

27        course of conduct continued when Samsung wrongfully failed to offer FRAND

28        licensing terms to Apple for the patents Samsung claimed were essential to the

1    UMTS standard and Samsung's wrongful efforts to obtain injunctive relief for

2    claims of infringement with respected to these  patents.

3    Samsung objects to Apple's purported counterclaims for antitrust and unfair competition

4    as to the four patents that are no longer in the case.  Samsung alleges that these claims are now

5    moot in view of Samsung's dismissal without prejudice of the three of these patents and the

6    court's summary judgment ruling as to the fourth.

7    Samsung's utility patent claims remaining for trial are claims for infringement of the

8    following patents ("Samsung's Asserted Patents"):

9        1.   U.S. Patent No. 7,675,941 (Claims 10 and 15)

10       2.   U.S. Patent No. 6,928,604 (Claims 17 and 18)

11       3.   U.S. Patent No. 7,447,516 (Claims 15 and 16)

12       4.   U.S. Patent No. 7,698,711 (Claim 9)

13       5.   U.S. Patent No. 7,577,460 (Claim 1)

14       6.   U.S. Patent No. 7,546,893 (Claim 10)

15   **II.    RELIEF SOUGHT**

16   Both parties seek damages, enhanced damages, declaratory and injunctive relief.  Apple

17   also seeks preliminary injunctive relief.

18   Apple seeks the following specific relief:

19       1.   A judgment that Samsung has infringed each of Apple's asserted patents;

20       2.   An order and judgment enjoining Samsung and its officers, directors, agents,

21            servants, employees, affiliates, attorneys, and all others acting in privity or in

22            concert with them, and their parents, subsidiaries, divisions, successors and assigns

23            from further acts of infringement of Apple's asserted patents;

24       3.   A judgment awarding Apple all damages adequate to compensate for Samsung's

25            infringement of Apple's asserted patents, and in no event less than a reasonable

26            royalty for Samsung's acts of infringement, including all pre-judgment and post-

27            judgment interest at the maximum rate permitted by law;

28       4.   A judgment awarding Apple all damages, including treble damages, based on any

1    infringement found to be willful, pursuant to 35 U.S.C. § 284, together with

2    prejudgment interest;

3    5.   A judgment awarding Apple all of Samsung's profits pursuant to 35 U.S.C. § 289,

4         together with prejudgment interest;

5    6.   An order enjoining Samsung and its officers, directors, agents, servants,

6         employees, affiliates, attorneys, and all others acting in privity or in concert with

7         them, and their parents, subsidiaries, divisions, successors and assigns, from

8         directly or indirectly diluting the Apple iPhone Trade Dress (based on the trade

9         dress Registration No. 3,470,983, the unregistered combination iPhone trade dress,

10        and the unregistered Apple iPhone 3G Trade Dress, or the Apple iPad Trade Dress

11        (based on unregistered iPad/iPad 2 trade dress) or using any other product or

12        design or designations similar to or likely to dilute the Apple iPhone Trade Dress

13        (based on the trade dress Registration No. 3,470,983, the unregistered combination

14        iPhone trade dress, and the unregistered Apple iPhone 3G Trade Dress, or the

15        Apple iPad Trade Dress (based on unregistered iPad/iPad 2 trade dress); from

16        infringing the iPad Trade Dress (based on unregistered iPad/iPad 2 trade dress), or

17        using any other product or design or designations similar to or likely to cause

18        confusion the Apple iPad Trade Dress (based on unregistered iPad/iPad 2 trade

19        dress); from passing off Samsung's products as being associated with and or

20        sponsored or affiliated with Apple; from committing any other unfair business

21        practices directed toward obtaining for themselves the business and customers of

22        Apple; and from committing any other unfair business practices directed toward

23        devaluing or diminishing the brand or business of Apple;

24   7.   Actual damages suffered by Apple as a result of Samsung's unlawful conduct, in

25        an amount to be proven at trial, as well as prejudgment interest as authorized by

26        law;

27   8.   An accounting of Samsung's profits pursuant to 15 U.S.C. § 1117;

28   9.   A judgment trebling any damages award pursuant to 15 U.S.C. § 1117;

10. Punitive damages pursuant to California Civil Code § 3294;

11. Restitutionary relief against Samsung and in favor of Apple, including disgorgement of wrongfully obtained profits and any other appropriate relief;

12. An adjudication and decree that Samsung is liable for breach of contract, violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, and/or violation of Cal. Bus. & Prof. Code § 17200;

13. A judgment declaring that Samsung's purported essential patents, including the Declared-Essential Patents, are unenforceable by virtue of standards-related misconduct including (i) Samsung's breach of its FRAND commitments and/or (ii) Samsung's breach of its disclosure obligations at ETSI;

14. Pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15, a judgment against Samsung for treble the amount of Apple's damages and enjoining Samsung from demanding from Apple non-FRAND terms for Samsung's purportedly essential patents and an award of attorneys' fees and costs;

15. A judgment that Samsung has violated the California Unfair Competition Law and enjoining Samsung from further violations of that Law;

16. A judgment declaring that, to the extent any of the alleged inventions described in and allegedly covered by the Declared-Essential Patents are used, manufactured, or sold by or for Apple, its suppliers, and/or its customers, Apple has the irrevocable right to be licensed on FRAND terms under those patents, and which sets forth the FRAND terms and conditions of that license;

17. A judgment declaring that Samsung is not entitled under any circumstances to seek injunctive relief preventing Apple from practicing the UMTS standard, and that Samsung is not otherwise entitled to use its purported essential patents to pursue injunctive relief;

18. A judgment declaring that Samsung's purported essential patents, including the Declared-Essential Patents, are unenforceable by virtue of Samsung's waiver of its right to enforce its purported essential patents, including the Declared-Essential

Patents;

19. A declaration that Apple has not infringed, and is not infringing, each of the Samsung asserted patents;

20. A declaration that one or more of the claims of each of the Samsung asserted patents are invalid, void and/or unenforceable against Apple;

21. Costs of suit and reasonable attorneys' fees; and

22. Any other remedy to which Apple may be entitled, including all remedies provided for in 15 U.S.C. §§ 1116, 1117, 35 U.S.C. §§ 284, 285, and 289, and Cal. Bus. & Prof. Code § 17200, et seq., and under any other law.

Samsung seeks the following specific relief:

1. A judgment declaring that Apple has infringed, induced others to infringe and/or committed acts of contributory infringement with respect to the claims of Samsung's Asserted Patents;

2. A judgment that Apple and its officers, agents, servants, employees, and all those persons acting or attempting to act in active concert or in participation with them or acting on their behalf be immediately, preliminarily and permanently enjoined from further infringement of Samsung's Asserted Patents;

3. A judgment that Apple be ordered to account for and pay to Samsung all damages caused to them by reason of Apple's infringement of Samsung's Asserted Patents pursuant to 35 U.S.C. § 284;

4. A judgment that Apple be ordered to pay treble damages for willful infringement of each of Samsung's Asserted Patents pursuant to 35 U.S.C. § 284;

5. A judgment declaring this case "exceptional" under 35 U.S.C. § 285 and that Samsung be awarded its attorneys' fees, expenses, and costs incurred in this action;

6. A judgment granting Samsung pre-judgment and post-judgment interest on the damages caused to it by reason of Apple's infringement of Samsung's Asserted Patents;

1       7.  A judgment dismissing with prejudice any and all claims of Apple's Complaint

2           and order that Apple take nothing as a result of the Complaint and that all of

3           Apple's prayers for relief are denied;

4      8.  An order finding and declaring, and entering judgment, in favor of Samsung and

5           against Apple that Samsung has not infringed any of the Apple Asserted Patents;

6      9.  An order finding and declaring, and entering judgment, in favor of Samsung and

7           against Apple that each of the Apple Asserted Patents is invalid;

8    10. An order finding and declaring, and entering judgment, in favor of Samsung and

9           against Apple that Samsung has not engaged in any federal false designation of

10          origin or unfair competition under 15 U.S.C. § 1125(a);

11    11. An order finding and declaring, and entering judgment, in favor of Samsung and

12          against Apple that Samsung has not infringed the iPhone Trade Dress or the iPad

13          Trade Dress;

14    12. An order finding and declaring, and entering judgment, in favor of Samsung and

15          against Apple that Samsung has not violated the trade dress dilution provisions of

16          the Lanham Act with respect to Apple's iPhone and iPad products;

17    13. An order finding and declaring, and cancelling in its entirety, the '983 Registration

18          and certifying such cancellation to the Director of the USPTO, for appropriate

19          entry upon the records of the USPTO;

20    14. An order finding and declaring, and entering judgment, in favor of Samsung and

21          against Apple that Samsung has not violated California Business and Professions

22          Code §17200, *et seq.*;

23    15. An order finding and declaring, and entering judgment, in favor of Samsung and

24          against Apple that Samsung Defendants/Samsung Counterclaimants has not been

25          unjustly enriched;

26    16. A judgment awarding Samsung attorney's fees and costs of suit under the Lanham

27          Act as an exceptional case;

28    17. A judgment that Apple be ordered to pay all costs associated with this action;

1    18. A judgment granting to Samsung such other and further relief as may be deemed

2         just and appropriate;

3    19. A judgment dismissing with prejudice any and all claims of Apple's Counterclaims

4         in Reply (Dkt. No. 381) and order that Apple take nothing as a result of the

5         Counterclaims in Reply and that all of Apple's prayers for relief are denied.

6    Apple's Further Separate Statement Regarding Relief Requested

7         Apple's itemization of witnesses, documents, or other evidentiary material to be

8    presented concerning the amount of damages is attached as Exhibit 1.

9    Samsung's Further Separate Statement Regarding Relief Requested

10        Samsung's itemization of witnesses, documents, or other evidentiary material to be

11   presented concerning the amount of damages is attached as Exhibit 2.

12   **III.    UNDISPUTED FACTS**

13        1.   Apple is a corporation organized under the laws of the State of California, and its

14             principal place of business is in Cupertino, California.

15        2.   Samsung Electronics Co., Ltd. (referred to individually herein as "SEC") is a

16             corporation organized and existing under the laws of the country of Korea having

17             its principal place of business at 416 Maetan-3dong, Yeongtong-gu, Suwon-City,

18             Gyeonggi-do, Korea 443-742.

19        3.   Samsung Telecommunications America, LLC (referred to individually herein as

20             "STA") is a corporation organized and existing under the laws of the state of

21             Delaware having its principal place of business at 1301 East Lookout Drive,

22             Richardson, Texas 75082.

23        4.   Samsung Electronics America, Inc. (referred to individually herein as "SEA") is a

24             New York corporation with its principal place of business at 105 Challenger Road,

25             Ridgefield Park, New Jersey 07660.

26        5.   Venue is proper in this District.

27        6.   The Court has personal jurisdiction over each of the parties, and each of them

28             transacts business within this District.

7.  Apple owns all rights, title, and interest in United States patent numbers 7,469,381, 7,844,915, 7,864,163, D604,305, D593,087, D618,677, and D504,889, and U.S. Registration No. 3,470,983.

8.  SEC owns all rights, title, and interest in United States patent numbers 7,675,941, 6,928,604, 7,447,516, 7,362,867, 7,698,711, 7,577,460, and 7,456,893.

9.  U.S. Patent No. 7,469,381 was filed on 12/14/2007, issued on 12/23/2008.

10. U.S. Patent No. 7,844,915 was filed on 1/7/2007, issued on 11/30/2010.

11. U.S. Patent No. 7,864,163 was filed on 9/4/2007, issued on 1/4/2011.

12. U.S. Patent No. D604,305 was filed on 6/23/2007, issued on 11/17/2009.

13. U.S. Patent No. D593,087 was filed on 7/30/2007, issued on 5/26/2009.

14. U.S. Patent No. D618,677 was filed on 11/18/2008, issued on 6/29/2010.

15. U.S. Patent No. D504,889 was filed on 3/17/2004, issued on 5/10/2005 and expires on 5/10/2019.

16. U.S. Registration No. 3,470,983 was filed on 10/12/2007, was registered on 7/22/2008, and expires 7/22/2018, subject to renewal.

17. U.S. Patent No. 7,675,941 claims priority to a foreign application filed 5/4/2005, was filed in the U.S. on 5/4/2006, issued on 3/9/2010.

18. U.S. Patent No. 6,928,604 claims priority to a foreign application filed 3/31/1998, was filed in the U.S. on 3/21/2003, issued on 8/9/2005.

19. U.S. Patent No. 7,447,516 claims priority to a foreign application filed 6/9/2004, was filed in the U.S. on 6/9/2005, issued on 11/4/2008.

20. U.S. Patent No. 7,362,867 claims priority to a foreign application filed 7/7/1999, was filed in the U.S. on 7/7/2000, issued on 4/22/2008.

21. U.S. Patent No. 7,698,711 claims priority to a foreign application filed 8/30/2005, was filed in the U.S. on 7/16/2007, issued on 4/13/2010.

22. U.S. Patent No. 7,577,460 claims priority to a foreign application filed 3/31/1999, was filed in the U.S. on 7/26/2006, issued on 8/18/2009.

23. U.S. Patent No. 7,456,893 claims priority to a foreign application filed 3/15/2005,

1    was filed in the U.S. on 6/27/2005, issued on 11/25/2008.

2    24. One or more of SEC, STA or SEA first sold the following products in the United

3    States on the following dates: [1]

| | |
|---|---|
| Acclaim | 7/9/2010 |
| Intercept | 7/11/2010 |
| Galaxy S Vibrant | 7/15/2010 |
| Galaxy S Captivate | 7/18/2010 |
| Galaxy S Epic 4G | 8/31/2010 |
| Galaxy S Fascinate | 9/8/2010 |
| Transform | 10/10/2010 |
| Galaxy S Mesmerize | 10/27/2010 |
| Galaxy S Continuum | 11/11/2010 |
| Galaxy Tab | 11/10/2010 |
| Galaxy S Showcase i500 | 11/15/2010 |
| Nexus S | 12/16/2010 |
| Galaxy S 4G | 2/23/2011 |
| Gem | 4/1/2011 |
| Sidekick 4G | 4/20/2011 |
| Galaxy Prevail | 4/29/2011 |
| Nexus S 4G | 5/8/2011 |
| Replenish | 5/8/2011 |
| Droid Charge | 5/14/2011 |
| Infuse 4G | 5/15/2011 |
| Indulge | 6/7/2011 |
| Galaxy Tab 10.1 | 6/8/2011 |

---

[1]   Some of the products above are the subject of a motion *in limine* and the dates provided here are not intended as an admission that evidence relating to these products is admissible in this case.

| | | |
|---|---|---|
| 1 | Exhibit 4G | 6/22/2011 |
| 2 | Gravity Smart | 6/22/2011 |
| 3 | Galaxy S 2 | 10/2/2011 |

25. Apple first sold the following products in the United States no later than the following dates:

| | | |
|---|---|---|
| 6 | iPhone | 6/29/2007 |
| 7 | iPhone 3G | 7/11/2008 |
| 8 | iPhone 3GS | 6/24/2009 |
| 9 | iPhone 4 | 6/24/2010 |
| 10 | iPad | 4/3/2010 |
| 11 | iPad 2 | 3/11/2011 |

26. US patent application number 11/417,219 issued as US Patent No. 7,675,941

27. US patent application number 11/148,181 issued as US Patent No. 7,447,516.

**IV.    DISPUTED FACTUAL ISSUES**

Joint Statement

The following disputed factual issues remain to be resolved:

**Apple's Claims Against Samsung**

1.   Whether Samsung, through selling certain accused instrumentalities, infringes:

Claim 19 of U.S. Patent No. 7,469,381;

Claim 8 of U.S. Patent No. 7,844,915;

Claim 50 of U.S. Patent No. 7,864,163;

U.S. Patent No. D618,677;

U.S. Patent No. D593,087;

U.S. Patent No. D604,305; or

U.S. Patent No. D504,889.

2.   Whether Apple's asserted patent claims are valid;

3.   Whether, if Samsung has infringed Apple's asserted patents, such infringement is willful;

4. Whether Samsung, through selling certain accused instrumentalities, has diluted the iPhone trade dress (based on the trade dress Registration No. 3,470,983, unregistered combination iPhone trade dress, or unregistered iPhone 3G trade dress);

5. Whether Samsung, through selling certain accused instrumentalities, has diluted or infringed the iPad trade dress (based on the unregistered iPad/iPad 2 trade dress); and

6. Whether Apple is entitled to a license to patents Samsung has declared essential to industry standards, and the terms and conditions of such license;

7. Whether Intel's sales of the baseband chips incorporated in the accused Apple products exhaust Samsung's rights in the Declared-Essential patents;

8. Whether Samsung has breached contracts or violated antitrust or unfair competition law in connection with its standards-related conduct or its assertion of patents that it has declared essential to industry standards;

9. Whether the asserted patents that Samsung has declared essential to industry standards are rendered unenforceable by virtue of Samsung's standards-related conduct or by virtue of a waiver of the right to enforce those patents;

10. The remedies to which Apple is entitled, if any, as a result.

11. Whether any of Apple's claims are barred.

**Samsung's Claims Against Apple**

1. Whether Apple, through selling certain accused instrumentalities, infringes:

Claims 10 and 15 of U.S. Patent No. 7,675,941;

Claims 17 and 18 of U.S. Patent No. 6,928,604;

Claims 15 and 16 of U.S. Patent No. 7,447,516;

Claim 9 of U.S. Patent No. 7,698,711;

Claim 1 of U.S. Patent No. 7,577,460; or

Claim 10 of U.S. Patent No. 7,456,893.

2. Whether Samsung's asserted patent claims are valid;

3. Whether, if Apple has infringed Samsung's asserted patents, such infringement is willful;

4. The remedies to which Samsung is entitled, if any, as a result; and

5. Whether any of Samsung's claims are barred.

## V.      AGREED STATEMENT

The parties concur that no part of the action may be presented upon an agreed statement of facts.

## VI.      STIPULATIONS

The parties have tentatively agreed to a stipulation concerning the authenticity of certain documents and expect to file the stipulation soon.

## VII.      WITNESSES TO BE CALLED.

Apple's and Samsung's witness lists are attached as Exhibits 3 and 4, respectively.

## VIII.      EXHIBITS, SCHEDULES, SUMMARIES

Apple's and Samsung's exhibit lists are attached as Exhibits 5 and 6, respectively.  The parties agree that each may identify a certain number of additional exhibits from which each may select substitute exhibits in the event exhibits are removed from that party's exhibit list by action of the Court.  The parties will meet and confer to determine the number each may include in its substitute list to determine when such lists would be exchanged.

Apple's Separate Statement

The parties disagree about the number and categories of evidence that can be included on the joint exhibit list authorized by the Court during proceedings held on June 29.  Apple understands the joint list is to include both parties' products at issue, the patents-in-suit, the prosecution histories of the patents-in-suit, and, if requested, priority applications to the patents in suit.  A reasonable number of *physical* prior art exhibits may also be included.  Transcript of Proceedings June 29, 2012 at pages 73-76.  Apple has prepared a list in accordance with the Court's guidance which is attached as Exhibit 7.  Apple objects to Samsung's proposed joint list because it 1. does not include all accused products, 2. includes many items which are subject to striking orders, 3. includes non-physical alleged art in contravention of Samsung's representations

1    to the Court during the hearing, and 4. includes items to which Apple objects as inadmissible.

2        The parties have a dispute regarding timing of exchange of demonstratives and other

3    documents to be used in witness examinations.  To allow any evidentiary disputes regarding

4    exhibits or demonstratives to be resolved outside the presence of the jury, Apple proposes the

5    following schedule for exchange:

6        1.  Demonstratives:  The deadline to exchange demonstrative exhibits not to be

7            entered into evidence shall be 7:00 pm PT two days before their use in court.

8            Excerpts, call-outs, blow-ups, or highlighting of exhibits, without more, are

9            exempt from exchange.

10       2.  Witnesses and Exhibits:

11           a.  Each party shall identify each witness that it intends to call no later than

12               7:00 pm PT two days before the witness is expected to testify.

13           b.  At the same time, the party shall identify all exhibits to be used with the

14               witness and produce a marked copy of any exhibit not previously marked.

15           c.  The opposing party shall identify any exhibits to be used on cross-

16               examination no later than 2:00 pm PT the next day.

17       Samsung's Separate Statement

18       Samsung proposes the "joint" exhibit list attached as Exhibit 8, which consists of the

19   patents and registered trade dress asserted in this suit and the corresponding file histories.

20       Samsung opposes Apple's competing proposal for a "joint" exhibit list, as it only contains

21   exhibits Apple seeks to introduce and thus violates the Court's order limiting the parties to 125

22   individual exhibits and is contrary to the Court's clear intent for the joint exhibit list to benefit

23   both parties equally.  Specifically, it includes seven Apple products and 32 accused Samsung

24   products while not including a single one of Samsung's 23 requested prior art references.   Unlike

25   Samsung's proposed list, there is nothing "joint" about Apple's proposed list, and it should be

26   rejected.

27       Samsung proposes the following procedure for identification of witnesses and exhibits.

28       1.  Direct Exam: by 7 pm the night before a witness is to be called, the parties will

02198.51855/4844969.1 JOINT PRETRIAL STATEMENT
CASE NO. 11-cv-01846 LHK (PSG)
sf- 3167487

15

1    identify the witness and provide an exhibit and demonstrative list for that witness'

2    direct examination.

3        2.    Cross Exam: all exhibits to be used on cross examination, except for demonstrative

4        exhibits, will be provided at the beginning of the cross exam.

5    **IX.    DISPUTED LEGAL ISSUES**

6    Apple's Separate Statement Regarding Disputed Legal Issues

7    Apple identifies the following legal issues that, based on the parties' prior submissions,

8    appear to be disputed.

9        1.    What is the correct claim construction of "electronic document" in the '381

10       patent?

11       2.    What is the correct claim construction of "structured electronic document" in the

12       '163 patent?

13       3.    Whether proof that the accused product appears substantially the same as the

14       claimed design to an ordinary observer familiar with the prior art is sufficient to

15       show infringement, regardless of whether an ordinary observer would be deceived

16       into purchasing a Samsung product thinking it as an Apple product.  35 U.S.C. §

17       289; *Gorham Co. v. White*, 81 U.S. 511, 526-29 (1872); *L.A. Gear, Inc. v. Thom*

18       *McAn Shoe Co.*, 988 F.2d 1117, 1126, 1128, 1134 (Fed. Cir. 1993); *Braun, Inc. v.*

19       *Dynamics Corp.*, 975 F.2d 815, 821 (Fed. Cir. 1992).

20       4.    Whether patents that are not prior art to the asserted design patents are irrelevant to

21       the analysis of design patent infringement.  *See* 6/30/2012 Order, Dkt. No. 1157, at

22       5; *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 676 (Fed. Cir. 2008); *Tone*

23       *Bros., Inc. v. Sysco Corp.*, No. 90-cv-60011, 1992 WL 200128, at *5 (S.D. Iowa

24       Mar. 17, 1992), *vacated on other grounds*, 28 F.3d 1192 (Fed. Cir. 1994); *see also*

25       *Gorham Co. v. White*, 81 U.S. 511, 528-31 (1872); *Leatherman Tool Group v.*

26       *Cooper Indus.*, 131 F.3d 1011, 1015 (Fed. Cir. 1997).

27       5.    Whether the Court should instruct the jury on any purely functional elements only

28       after all evidence has been presented at trial.  *Richardson v. Stanley Works, Inc.*,

597 F.3d 1288, 1294 (Fed. Cir. 2010); *Dexas Int'l, Ltd. v. Tung Yung Int'l, Inc.*, No. 6:07-cv-334, 2008 U.S. Dist. LEXIS 48324, at *35-36 (E.D. Tex. June 24, 2008); *Sofpool, LLC v. Intex Rec. Corp.*, No. 2:07-cv-097, 2007 U.S. Dist. LEXIS 93057, at *5 (E.D. Tex. Dec. 19, 2007).

6.    Whether the asserted claims of the Apple utility and design patents are invalid as obvious under 35 U.S.C. § 103.

7.    Whether Apple should be awarded treble damages and attorneys' fees in view of the willful nature of Samsung's patent infringement and the exceptional nature of this case.

8.    Whether Apple should be awarded enhanced damages and attorneys' fees in view of the willful nature of Samsung's dilution and infringement of Apple's trade dress rights and the exceptional nature of this case.

9.    Whether the asserted claims of the Samsung patents are invalid as obvious under 35 U.S.C. § 103.

14.    Whether any argument for infringement of the '711 patent claim term "applet" under the doctrine of equivalents is prohibited by prosecution history estoppel.

15.    Whether the asserted claim of the '460 patent is invalid as indefinite and insolubly ambiguous under 35 U.S.C. § 112, ¶ 2 and as described in the Federal Circuit's decisions in, *e.g.*, *Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1249 (Fed. Cir. 2008) and *Honeywell Int'l, Inc. v. Int'l Trade Comm'n*, 341 F.3d 1332, 1340 (Fed. Cir. 2003).

16.    Whether any argument for infringement of the '460 patent claim limitation "sequentially displaying other images stored in a memory through the use of scroll keys" under the doctrine of equivalents is prohibited by prosecution history estoppel.

17.    Whether the asserted claims of the '893 patent are invalid as indefinite under 35 U.S.C. § 112, ¶ 2 and as described in the Federal Circuit's decisions in, *e.g.*, *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1383-84 (Fed. Cir. 1996) and

1    *In re Katz Interactive Call Processing Patent Litig.*, 639 F.2d 1303, 1318 (Fed.

2    Cir. 2011).

3    18.    Whether any argument for infringement of the '893 patent claim term "irrespective

4         of a duration" under the doctrine of equivalents is prohibited by prosecution

5         history estoppel.

6    19.    If Apple is found to infringe, whether Samsung is entitled to injunctive relief.  *See*

7         *eBay Inc. v. MercExchange, LLC*, 547 US 388, 391 (2006).

8    20.    Whether Samsung breached enforceable contractual commitments under the ETSI

9         IPR Policy by failing timely to disclose one or more of the Asserted Declared

10        SEPs under that Policy.

11    21.    The terms and conditions under which Apple would be entitled to license the

12         Samsung Declared Essential UMTS Patents.

13    22.    If Apple infringes, the terms and conditions under which Apple would be entitled

14         to license the Asserted Declared SEPs in Suit individually.

15        Apple believes that due to the substantial overlap of evidence between its equitable and

16    other claims and defenses, the jury should render an advisory verdict on at least its equitable

17    defenses of waiver and estoppel.

18        Apple also identifies the following legal issues which were disputed, but which Apple

19    believes have been resolved in previous court orders:

20    1.    The term "invoke" as used in the '915 patent is construed to mean "causes" or

21         "causes a procedure to be carried out," rather than being narrowly construed to

22         require calling the function itself.  This issue was resolved in Dkt. No. 1158 (order

23         on motion for summary judgment) at 18-20.

24    2.    If Samsung is found to infringe Apple's design patents, Apple is entitled to recover

25         all of Samsung's profits relating to the accused products without apportionment.

26         This issue was resolved in Dkt. No. 1157 (Daubert order) at 9, which excluded

27         Samsung's expert testimony as "contrary to law."

28    3.    It is sufficient under the first prong of *Panduit* for Apple to show demand for the

1    patented product to obtain lost profits.  A showing of demand for specific patented

2    features is not required.  This issue was resolved in Dkt. No. 1157 at 11, which

3    excluded Samsung expert testimony to the contrary.

4    4.    Whether the test for design patent obviousness (1) requires Samsung to identify a

5    primary prior art reference that creates basically the same visual impression as the

6    claimed design; and (2) allows Samsung to use a secondary reference to modify

7    the primary reference only if it is so related to the primary reference that the

8    appearance of certain ornamental features in one would suggest the application of

9    those features in the other.  This issue was resolved in the Federal Circuit's recent

10   decision and this Court's recent order denying Samsung's Motion to Stay.  *Apple,*

11   *Inc. v. Samsung Electronics Co., Ltd.*, 2012 U.S. App. LEXIS 9720, *32-*36 (Fed.

12   Cir. May 14, 2012); 7/2/2012 Order Denying Samsung's Motion to Stay, Dkt. No.

13   1170, at 7-8.

14   5.    Whether invalidating the asserted Apple design patents as "functional" requires

15   Samsung to prove that the claimed design as a whole is "dictated by" function,

16   rather than that aspects of the design have a function on an element-by-element

17   basis.  The Court resolved this issue in its December 2, 2011 Preliminary

18   Injunction Order (Dkt. No. 452 at 12-13), but Samsung and its experts seem to be

19   attempting to change the standard, so it may lead to disputes at trial.

20   <u>Samsung's Separate Statement Regarding Disputed Legal Issues</u>

21   1.    Whether design patent infringement requires that the accused product be so similar

22   to the patented design that it would deceive an ordinary observer, inducing him to

23   purchase the accused product believing it to be the patented design.  *Gorham Co.*

24   *v. White*, 81 U.S. 511, 528 (1872); *Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F.3d

25   665, 681 (Fed. Cir. 2008); *Crocs v. ITC*, 598 F.3d 1294, 1303 (Fed Cir. 2010);

26   *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010); *Amini*

27   *Innovation Corp. v. Anthony California, Inc.*, 439 F.3d 1365, 1371 (Fed. Cir.

28   2006); *Door-Master Corp. v. Yorktowne, Inc.*, 256 F.3d 1308, 1313 (Fed. Cir.

1    2001); *Arminak & Assocs. v. Saint-Gobain Calmar, Inc.*, 501 F.3d 1314, 1321

2    (Fed. Cir. 2007).

3       2.  Whether an element of a design patent is functional, and therefore unprotectable,

4          where the element "is essential to the use or purpose of [the] design or if it affects

5          the cost or quality of the article."  *Amini Innovation Corp. v. Anthony California,*

6          *Inc.*, 439 F.3d 1365, 1371 (Fed. Cir. 2006).

7       3.  Whether an element of a trade dress is functional, and therefore unprotectable,

8          where the element "is essential to the use or purpose of the device or when it

9          affects the cost or quality of the device."  *TrafFix Devices, Inc. v. Marketing*

10         *Displays, Inc.*, 532 U.S. 23, 29 (2001); *Au-Tomotive Gold, Inc. v. Volkswagen of*

11         *America, Inc.*, 457 F.3d 1062, 1072 (9th Cir. 2006).

12      4.  Whether a patentee must show that any alleged alternative designs to a patented

13         design would not "adversely affect the utility of the specified article."  *PHG*

14         *Technologies v. St. John Companies, Inc.,* 469 F.3d 1361, 1367-69 (Fed. Cir.

15         2006); *Berry Sterling Corp. v. Pescor Plastics, Inc.*, 122 F.3d 1452, 1456 (Fed.

16         Cir. 1997).

17      5.  Whether evidence of sales success is probative of fame/distinctiveness in a product

18         configuration case.  *Continental Laboratory Products, Inc. v. Medax Intern., Inc*.,

19         114 F.Supp.2d 992, 1002-03 (S.D.Cal. 2000); *Duraco Prods., Inc. v. Joy Plastic*

20         *Enters., Ltd.,* 40 F.3d 1431, 1452-53(3d Cir. 1994); 4 MCCARTHY ON

21         TRADEMARK § 15:47 at 15-67 (2012 ed.).

22      6.  Whether advertising that does not depict the as-claimed trade dress and/or does not

23         identify or feature it is probative of fame.  *First Brands Corp. v. Fred Meyer, Inc.,*

24         809 F.2d 1378, 1383 (9th Cir. 1987); *Autodesk, Inc., v. Dassault Systems*

25         *Solidworks Corp.*, 685 F. Supp. 2d 1001, 1014 (N.D. Cal. 2009).

26      7.  Whether Apple is entitled to recover infringer's profits for trade dress damages

27         without apportionment where it is undisputed that the accused products are

28         complex technology products combining many innovations and that their value is

1    overwhelmingly a result of technology, not the trade dress.  *Sheldon*, 309 U.S. at

2    408; *Sands, Taylor & Wood v. The Quaker Oats Co.*, 978 F.2d 947 (7th Cir. 1992),

3    *on remand*, 1993 WL 204092 (N .D. Ill. 1993), *aff'd in part and rev'd in part*, 34

4    F.3d 1340, 32 U.S.P.Q.2d 1065 (7th Cir. 1994).

5    8.  Whether Apple is eligible to recover damages in the form of a reasonable royalty

6    for infringement or dilution of its trade dress without proving that before the filing

7    of this lawsuit Apple and Samsung had or contemplated a license for the trade

8    dress.  *A&H Sportswear Inc. v. Victoria's Secret Stores, Inc.*, 166 F.3d 197, 208-09

9    (3rd Cir. 1999).

10   9.  Whether Apple may obtain a reasonable royalty for trade dress infringement

11   and/or dilution where (a) Apple failed to disclose that it was seeking this form of

12   relief either in its initial disclosures or during discovery; and (b) Apple has failed

13   to provide any legal support for such relief.

14   10. Whether there is a *per se* rule that willingness to license, as a matter of law,

15   precludes injunctive relief.  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391

16   (2006); *Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1328 (Fed. Cir. 2008).

17   11. Whether the United States patent system has extraterritorial effect such that a

18   patentee's authorization of an international first sale affects exhaustion of that

19   patentee's rights in the United States.  *Jazz Photo Corp. v. Int'l Trade Comm'n*, 264

20   F.3d 1094, 1105 (Fed. Cir. 2001); *Fuji Photo Film Co., Ltd. v. Jazz Photo Corp.*,

21   394 F.3d 1368, 1373 (Fed. Cir. 2005).

22   **X.    FURTHER DISCOVERY OR MOTIONS.**

23   Magistrate Judge Grewal has ordered limited depositions of three party experts to be taken

24   by July 13.  Additionally, the following motions are currently pending before the Court:

25   1.    Apple's Motion for Clarification of April 12, 2012 Order (Dkt. Nos. 885, 886).

26   2.    Samsung's Motion for Rule 37 Sanctions for Apple's Violation of December 22,

27   2011 Court Order (Dkt. No. 968).

28   3.    Samsung's Motion to Enforce April 12, 2012 Order (Dkt. No. 965)

1    4.    Apple's Motion for Adverse Jury Inference Instructions Due to Samsung's

2  Spoliation of Evidence (Dkt. No. 895)

3    5.    Samsung's Conditional Motion for Relief from Nondispositive Pretrial Order of

4  Magistrate Judge (Dkt. No. 953)

5    Samsung also intends to file a Motion for Relief from Portions of Nondispositive Pretrial

6  Order of Magistrate Judge, Dkt. No. 1144.

7  **XI.    DISPUTED EVIDENTIARY ISSUES**

8    **A.    Apple's Separate Statement of Disputed Evidentiary Issues:**

9  Apple is moving *in limine* to exclude the following from evidence:

10    1.    ***The 035 tablet mock-up and photographs thereof.***  These photographs are not

11  relevant to the scope of the D'889 patent and should be excluded as irrelevant and potentially

12  confusing to the jury.

13    2.    ***Evidence and argument regarding non-prior art Apple or Samsung design***

14  ***patents.***  These patents cannot affect the scope of a design patent because they are not prior art.

15    3.    ***Evidence and argument regarding claimed prior art devices and documents***

16  ***that do not qualify as prior art.***  Devices or documents that are not shown to have been publicly

17  available in the United States before the effective filing date of the patents-in-suit are not

18  invalidating prior art, and where Samsung has relied on them as if they were these references

19  should be excluded.

20    4.    ***Testimony or exhibits regarding misleading partial views of patented designs.***

21  The Federal Circuit has made clear the importance of considering multiple views of a reference,

22  yet Samsung questions witnesses and argues its case showing only the single most favorable view

23  of a design.  This is misleading and Samsung should be precluded from doing so at trial.

24    5.    ***Evidence or argument that Samsung received legal advice regarding the***

25  ***patents-in-suit.***  Samsung invoked the attorney-client privilege to shield these communications

26  from discovery and should not be allowed to invoke the advice of counsel to rebut an inference

27  that its infringement was willful.

28    6.    ***Evidence or argument as to how courts or tribunals have in other cases***

1  *construed—or ruled on the validity, enforceability, or infringement of—any Apple or Samsung*

2  *patent*.  While other tribunals have construed and adjudicated certain of the patents-in-suit or their

3  family members or foreign counterparts, these decisions are irrelevant, potentially prejudicial

4  hearsay and should therefore not be mentioned before the jury.

5        7.    *Evidence or argument as to statements allegedly made by Steve Jobs to Walter*

6  *Isaacson.*  Out-of-court statements by Mr. Isaacson about what Mr. Jobs allegedly said to his

7  biographer are inadmissible hearsay irrelevant to any issue in this case.

8        8.    *Evidence or argument as to the Parties' alleged corporate behavior or*

9  *financial circumstances unrelated to this case, including but not limited to the size of Apple's*

10  *tax bill, the compensation paid to Apple's employees, or working conditions related to the*

11  *manufacture of Apple's products.*  Samsung's proffering of this evidence would be an obvious

12  attempt to tar Apple's corporate reputation with irrelevant hearsay.

13        9.    *Evidence or argument that Samsung's "profits" are anything less than the*

14  *total economic profits recognized on a consolidated basis by Samsung.*   Samsung should be

15  precluded from introducing evidence of its "profits" calculated based on a tax agreement with the

16  United States Internal Revenue Service.  The jury must award damages based on Samsung's

17  *economic* profits and losses, and would likely be confused by conflicting numbers that result from

18  tax-based accounting.

19        10.   *Evidence or argument regarding the financial terms of Apple's acquisition of*

20  *Fingerworks.*  The Fingerworks acquisition did not involve any of the patents-in-suit and should

21  be excluded as irrelevant.

22        In addition, Apple has *not* brought a motion *in limine* to exclude certain prior art

23  references on which Samsung relied in opposing Apple's motion for a preliminary injunction, but

24  Apple would like to alert the Court that it may at trial seek limiting instructions to prevent the

25  jury from using this evidence in an improper manner.  Samsung may attempt to introduce the

26  Fidler tablet as a primary reference and the 2002 Hewlett-Packard Compaq Tablet TC1000

27  ("TC1000") as a secondary reference to argue obviousness of the D'889 patented design.

28  However, the Federal Circuit has already held that the Fidler tablet cannot be relied upon as a

1    primary reference because it does not give the same visual impression as the D'889 patent.

2    *Apple v. Samsung*, 678 F.3d 1314, 1332 (Fed. Cir. 2012).  The Federal Circuit also ruled that,

3    even if the Fidler tablet qualified as a primary reference, the TC1000 does not qualify as a

4    secondary reference that could be combined with it against the D'889 patent.  *Id.* at 1331.

5    Similarly, Samsung may attempt to introduce Japanese Patent No. 1,241,638 as an anticipatory

6    reference to the D'087 patent, but the Federal Circuit has already held that the D'087 patent is

7    likely not anticipated by the '638 patent.  *Id.* at 1327.  In light of these Federal Circuit's rulings,

8    Apple would object to any attempt on Samsung's part to introduce the Fidler and TC1000

9    references for the purpose of establishing invalidity of the D'889 patent or the '638 patent as

10   anticipating the D'087.[2]  Apple acknowledges that the references may be admissible for other

11   limited purposes and is not seeking to exclude them entirely.

12            Below is Samsung's list of disputed evidentiary issues.  It reads like a list of motions *in*

13   *limine* – Samsung seeks to exclude four different categories of evidence.  Apple objects to the

14   inclusion of these issues in this Joint Pre-Trial Statement as an end-run around the limits this

15   Court placed on motions *in limine*.

16                      **B.      Samsung's Separate Statement of Disputed Evidentiary Issues:**

17            Samsung requests that the Court exclude the following:

18                 1.   Evidence or argument not tied to the specific Intellectual Property rights claimed

19                      by Apple in this action (MIL #1)

20                 2.   Out-of-court third-party statements about purported similarities or purported

21                      confusion (MIL #2)

22                 3.   Accused devices, contentions, theories and witnesses not timely disclosed in

23                      infringement contentions or interrogatory responses (MIL #3)

24                 4.   Reference to findings or rulings in other proceedings not involving the patents at

25                      issue in this case (MIL #4)

26   _____

          [2]  Apple would have made the same argument with respect to the D'037 patent and the "Brain Box" in light
27   of this Court's recent order, had Judge Grewal not already excluded both references based on Samsung's failure to
     disclose them properly during fact discovery.  *See* Dkt. 1170 at 8-9.

28

1        5.  Disputes and rulings in this action, including discovery disputes and the

2             preliminary injunction ruling (MIL #5)

3        6.  Generalizations regarding the operation of accused Samsung products (MIL #6)

4        7.  Resized or altered photos of Samsung's products in side-by-side product

5             comparisons (MIL #7)

6        8.  Mr. Musika's opinion on pre-filing damages unless and until Apple makes a *prima*

7             *facie* showing of entitlement to such damages (MIL #8)

8        9.  Evidence of Samsung's overall revenues, profits wealth and value and evidence or

9             argument that Samsung has paid lower taxes than it should have (MIL #9)

10      10. Evidence and argument that Apple is presently licensed to the declared essential

11           patents in suit (MIL #10)

12      11. Evidence that Mr. Wagner's opinions were excluded in the Motorola case, which

13           constitutes hearsay, is irrelevant to this case and is likely to confuse the jury.  Fed.

14           R. Evid. 401, 403, 801; *Bank Brussels Lambert v. Credit Lyonnaise (Suisse) S.A.*,

15           2000 U.S. Dist. LEXIS 13459 (S.D.N.Y. September 19, 2000); .

16      12.  Evidence of Apple's offer to license its declared-essential patents produced after

17           the close of discovery should be excluded as untimely produced.  *Yeti by Molly*

18           *Ltd., v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

19      13. Evidence relating to the Galaxy S (i9000) and Galaxy Ace products, which are not

20           sold in the United States and therefore not relevant to any relief the Court can

21           grant.  Fed. R. Evid. 401, 402.

22      14. Testimony about irreparable harm to Apple in front of the jury.  Dkt. No. 1157 at

23           13:21-25; *Apple v Samsung Elecs.*, No. 12-1105, Op. Cit. at 16 (Fed. Cir. May 14,

24           2012).

25     **XII.**    **BIFURCATION, SEPARATE TRIAL OF ISSUES**

26     Apple's Separate Statement

27          Despite the Court's repeated admonitions to the parties to reduce the number of patents to

28  be tried, Samsung has not meaningfully narrowed its case.  In early May, Samsung dropped five

1    of its original twelve patents-in-suit, leaving seven asserted patents.  Two months later, that is

2    where the case still stands.  This is despite the Court's admonition during the June 21 hearing that

3    it was "more satisfied with Apple's narrowing" than Samsung's and that Samsung still had "a lot

4    of very, very complex, difficult to understand utility patents."  Transcript of Hearing June 21,

5    2012 at 102.  Even in the face of these explicit comments, the only additional reduction in the

6    number of Samsung patents in the case arose from the Court having granted Apple's motion for

7    summary judgment against Samsung's '867 patent.

8         Samsung continues to assert infringement of a mixture of three patents purportedly

9    essential to practice the UMTS wireless standard and three "feature" patents purportedly relating

10   to various aspects of music, photo, and e-mail functionality in Apple's iPhones and iPad products.

11   None of Samsung's patents belongs to the same family, has common inventors, or relates to the

12   same technology.  Samsung's misconduct before ETSI for each of the declared essential patents

13   requires Apple to present different standards-related evidence for each patent.

14        In contrast, Apple has complied with the Court's orders and focused its case, so that it is

15   now asserting a total of only three claims from three utility patents in addition to its

16   straightforward design and trade dress claims.  This places Apple at a strategic disadvantage to

17   Samsung at trial, as Apple will be required to present its defenses and counterclaims related to six

18   distinct and complex technologies (including three different communications standards) in the

19   same amount of time, and subject to the same limitations on trial exhibits, as Samsung is afforded

20   to respond to Apple's claims.

21        Apple respectfully requests that the Court take into account Samsung's failure to simplify

22   its counterclaims as the Court continues to deliberate the structure of the trial commencing July

23   30, 2012 and subsequent proceedings.  One method to reduce the prejudice to Apple arising from

24   Samsung's failure to narrow its counterclaims would be to sever them and try them in a

25   subsequent proceeding.  Alternatively, the case could be tried in two separate phases to the same

26   jury.  Allowing the jury to retire and decide Apple's claims before moving on to trial of

27   Samsung's claims would reduce the risk of juror confusion.

28        <u>Samsung's Separate Statement</u>

1   Samsung does not believe bifurcation is needed.  Samsung also objects to Apple's

2   mischaracterization of Samsung's good faith narrowing efforts.  In fact, Samsung started this

3   litigation with 12 patents and dozens of asserted claims.  It is now pursuing only half of these

4   patents and has reduced the total number of its claims to nine.  Moreover, Samsung is only

5   accusing a handful of products.  By contrast, Apple is, despite the multiple requests by this Court,

6   proceeding on 3 utility patents, 4 design patents, 1 registered and 1 unregistered trade dress

7   claims, and is asserting multiple antitrust-related claims.  Moreover, Apple is accusing at least 26

8   products each of which require separate analysis.  Samsung should not be penalized for Apple's

9   tactical choices to assert this many intellectual property assets against this many products.

10   However, if the Court is inclined to consider structuring the trial, the Court should

11   bifurcate Apple's antitrust, unfair competition, and contractual counterclaims as well as its

12   defenses relating to license.  The parties' pending patent, design, and trade dress claims concern

13   overlapping subject matter.  In trying these claims, the parties will introduce evidence regarding

14   the features, functionality, and design of the products at issue.  By contrast, Apple's antitrust,

15   unfair competition, and contractual counterclaims and related defenses involve issues relating to

16   the requirements of standard-setting organizations, including whether Samsung's offer for a

17   license to certain asserted patents was consistent with any such obligations.  Further, these

18   counterclaims and defenses involve complex questions of law that may not need to be decided if

19   the case is bifurcated as suggested by Samsung.  For example, these counterclaims and defenses

20   would not need to be addressed if the jury were to find that Apple does not infringe the relevant

21   Samsung patents or that the patents are not essential to the UMTS standard.  Moreover, it is

22   standard practice for courts to bifurcate such claims in order to prevent jury confusion and to

23   avoid prejudice to Samsung.

24   ## XIII.  ESTIMATE OF TRIAL TIME

25   Trial is set to start on July 30 and continue on Mondays, Tuesdays and Fridays, plus

26   Wednesday and Thursday August 15 and 16.  The Court has allocated to each side 25 hours of

27   court time for direct examination, cross-examination and rebuttal combined.

28

1

### XIV.   MISCELLANEOUS

2
3
4
5

In order to address the parties' concerns regarding confidential information in documents to be used at trial, the parties have agreed to review the exhibit lists, once exchanged, to propose any redactions they feel are necessary, to meet and confer regarding those redactions and to present the proposed redactions to the Court for approval.

6

Apple's Separate Statement

7
8
9
10
11
12
13
14
15
16
17
18
19
20

In view of the importance of design patents to this lawsuit, Apple urges this Court *not* to show to the jury the Federal Judicial Center video, "An Introduction to the Patent System."  The FJC video addresses exclusively utility patents, and fails even to mention design patents.  The FJC video thus does not explain that a design patent protects the ornamental design of a product, instead of how a product works; that in a design patent the figures, rather than words, represent the claimed invention; that examination focuses not on a textual specification and written claims but rather on comparisons of drawings; and that design patents are for a shorter term than utility patents.  (*See* FJC video at 5:50, 9:45, 13:15.)  Utility patents and design patents protect fundamentally different types of inventions.  By not distinguishing between these two types of patents and not mentioning design patents at all, the FJC's video risks confusing the jury.  The jury may misunderstand design patents based on the video or, noticing their absence, may conclude that design patents are insignificant or aberrational.  Because of this substantial risk of confusing the issues and misleading the jury, the Court should not show the jury the FJC's video.  FED. R. EVID. 403.

21

Samsung's Separate Statement

22
23
24
25
26
27

Samsung proposes to show the jury the FJC video concerning the patent system.  This case involves 9 utility patents asserted by both sides (and four design patents asserted by Apple).  The patent video at issue is a neutral, judicially approved guide to the United States Patent Office and its procedures that is routinely shown in most patent cases.  To the extent that Apple is concerned that the jurors will be confused by a distinction between design patents and utility patents, their differences will be explained by jury instructions.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of trial in this action, unless modified to prevent manifest injustice.*

1    Dated: July 5, 2012

2

3    MORRISON & FOERSTER LLP              QUINN EMANUEL URQUHART &
     HAROLD J. McELHINNY (CA SBN 66781)  SULLIVAN, LLP
4    hmcelhinny@mofo.com                 Charles K. Verhoeven (Cal. Bar No. 170151)
     MICHAEL A. JACOBS (CA SBN 111664)   charlesverhoeven@quinnemanuel.com
5    mjacobs@mofo.com                    50 California Street, 22nd Floor
     JENNIFER LEE TAYLOR (CA SBN         San Francisco, California 94111
6    161368)                             Telephone: (415) 875-6600
     jtaylor@mofo.com                    Facsimile: (415) 875-6700
7    ALISON M. TUCHER (CA SBN 171363)
     atucher@mofo.com                    Kevin P.B. Johnson (Cal. Bar No. 177129)
8    RICHARD S.J. HUNG (CA SBN 197425)   kevinjohnson@quinnemanuel.com
     rhung@mofo.com                      Victoria F. Maroulis (Cal. Bar No. 202603)
9    JASON R. BARTLETT (CA SBN 214530)   victoriamaroulis@quinnemanuel.com
     jasonbartlett@mofo.com              555 Twin Dolphin Drive 5th Floor
10   MORRISON & FOERSTER LLP             Redwood Shores, California 94065
     425 Market Street                   Telephone: (650) 801-5000
11   San Francisco, California  94105-2482   Facsimile: (650) 801-5100
     Telephone:  (415) 268-7000
12   Facsimile:  (415) 268-7522          Michael T. Zeller (Cal. Bar No. 196417)
                                         michaelzeller@quinnemanuel.com
13   WILLIAM F. LEE                      865 S. Figueroa St., 10th Floor
     william.lee@wilmerhale.com          Los Angeles, California 90017
14   WILMER CUTLER PICKERING             Telephone: (213) 443-3000
     HALE AND DORR LLP                   Facsimile: (213) 443-3100
15   60 State Street
     Boston, MA 02109
16   Telephone: (617) 526-6000
     Facsimile: (617) 526-5000           By:    /s/ Victoria Maroulis
17                                              Victoria Maroulis
     MARK D. SELWYN (SBN 244180)
18   mark.selwyn@wilmerhale.com              Attorneys for Defendants and
     WILMER CUTLER PICKERING                 Counterclaim-Plaintiffs
19   HALE AND DORR LLP
     950 Page Mill Road
20   Palo Alto, California 94304
     Telephone: (650) 858-6000              SAMSUNG ELECTRONICS CO.,
21   Facsimile: (650) 858-6100              LTD., SAMSUNG ELECTRONICS
                                            AMERICA, INC. and SAMSUNG
22                                          TELECOMMUNICATIONS
                                            AMERICA, LLC
23   By:    /s/ Michael A. Jacobs
            Michael A. Jacobs
24
        Attorneys for Plaintiff and
25       Counterclaim-Defendant APPLE

26

27

28

02198.51855/4844969.1 JOINT PRETRIAL STATEMENT
CASE NO. 11-cv-01846 LHK (PSG)                                          30
sf- 3167487

1    **IT IS SO ORDERED.**

2

3

4    Dated: _____, 2012        By: _____

5
                                                 Honorable Lucy H. Koh
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**ATTESTATION OF E-FILED SIGNATURE**

2
     I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this

3
Joint Pretrial Statement and Proposed Order.  In compliance with General Order 45, X.B., I

4
hereby attest that Victoria Maroulis has concurred in this filing.

5
Dated:  July 5, 2012                          */s/ Michael A. Jacobs*

6
                                    Michael A. Jacobs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28