# EXHIBIT A
# (Public Redacted Version)

CALENDARED
MORRISON & FOERSTER LLP
DOCKET DEPARTMENT
SAN FRANCISCO
JANUARY 10, 2012
DATES: _____ 1/17 _____
BY:        KIM M. MEANS

2012-1105

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

APPLE INC.,

Plaintiff-Appellant,

v.

SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,

Defendants-Appellees.

Appeal from the United States District Court for the Northern District of California in case no. 11-CV-01846-LHK, Judge Lucy H. Koh

## CONFIDENTIAL BRIEF OF DEFENDANTS-APPELLEES

Charles K. Verhoeven
Kathleen M. Sullivan
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendants-Appellees*

reflecting that the Galaxy Tab 10.1: (1) is approximately half as thick as the D'889 design; (2) has a display screen with a 16:1 aspect ratio that is significantly different from the D'889 screen's 4:3 aspect ratio; (3) has an outer casing made of three parts (not two); (4) has noticeably more softly rounded corners; (5) has differently-shaped edges and bezel; (6) has a metallic lip and substantial ornamentation on the back; and (7) has no gap between the flat front surface and the device's edge. (A4066-67; A4765-69; A8626-42.) Apple has emphasized the significance of a tablet's thickness, as its marketing campaign highlights that the iPad2, at 8.8 mm, is "thinner" than the first iPad. (A4821.)

With these substantial differences in appearance, a sophisticated consumer, familiar with the prior art, would not be deceived into thinking that the Galaxy Tab 10.1 design was an iPad or an iPad2, thereby "inducing him to purchase one supposing it to be the other." *Egyptian Goddess,* 543 F.3d at 678. Indeed, Apple has not identified a single example of customer confusion. Under the proper standard, Samsung has presented substantial questions of non-infringement.

The district court's finding (A48-49) that Apple would be irreparably harmed by infringement of the D'889 patent is also clearly erroneous. The court's conclusion was based on the erroneous premise that Apple practices the D'889 patent and that the tablet market contains only "two players," Samsung and Apple. (A49.) It is undisputed, however, that several other manufacturers have at least

25% combined market share. (A49; A1577; A1581; A1641 A6604; A6623.)

(A6089.)

## III. THE DISTRICT COURT PROPERLY DENIED A PRELIMINARY INJUNCTION AS TO THE '381 PATENT

### A. The District Court Properly Found That Apple Had Failed To Show Likelihood Of Irreparable Harm As To The '381 Patent

The district court denied Apple's motion for a preliminary injunction as to the '381 patent because Apple failed to demonstrate that an injunction would likely prevent irreparable harm. (A63-64.) The district court based this finding on Apple's decision to license the '381 patent to others and to offer a license to Samsung, and the absence of evidence that the technology claimed in the '381 patent contributed to consumer demand or any loss of market share. Apple has not shown that the court clearly erred or otherwise abused its discretion.

#### 1. The Finding Of No Causation Of Consumer Effect

As the district court recognized, "[t]he only evidence of irreparable harm in the record relates to physical appearance and brand appeal as the driver of consumer demand." (A63.) The '381 patent, however, has nothing to do with physical appearance or brand appeal, but instead relates to a method for moving objects on a touch-screen device using an automated "snap back" (A50). Since there was no evidence that "consumers' purchasing decisions are based on the existence of [this feature]," the district court concluded that Apple had "offered no

64

are entered. The plain meaning of the phrase "in response to" simply indicates *a* causal relationship, not one of necessity.

The specification of the '381 patent itself demonstrates this construction is incorrect, as it includes several examples that an event "may be" "in response to" a cause, even if the event does not occur every time the causal factor is present. (A239 at 20:41-43; A240 at 21:23-25; A240 at 21:58-60; A244 at 29:21-25.) The district court's construction is therefore contrary to the intrinsic evidence, and the prior art raises substantial questions of invalidity.[16]

## IV. AT WORST, THIS COURT SHOULD REMAND FOR FURTHER CONSIDERATION

Should this Court disagree with the district court's ruling, its order should not be reversed but instead should be vacated and remanded for further consideration. Substantial new evidence that is not in the record has been discovered since the hearing that strongly supports the invalidity and non-infringement of Apple's design patents, including:

1. More clear photographs of the mock-up that Apple submitted to the PTO and the mock-up itself (all of which Apple improperly withheld before the hearing) unequivocally belie that the D'889 patent had an "edge-to-edge reflective

---

[16] The decision could also be affirmed on the grounds of non-infringement or inequitable conduct (A2022-24), but space constraints preclude Samsung from presenting these arguments.

front surface." Rather, as shown in this photograph, a gap existed between the front surface and the edge with a vented "moat":



The district court should have the opportunity to review this evidence if it further considers infringement or Apple's flawed attempts to distinguish prior art.

2. After the hearing, Apple finally allowed Samsung to depose the inventors of Apple's designs (aside from the single inventor offered before the hearing), which yielded many concessions. For example, Apple's lead designer, admitted that one interpretation of the JP'638 design was "very similar" to the D'677 design.

3. Samsung has since located a prior art witness who created a smartphone design that forms another "primary reference" to the D'677 and D'087

Respectfully submitted,

Dated: January 9, 2012    By: _____

Charles K. Verhoeven
Kathleen M. Sullivan
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
Kevin A. Smith
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendants-Appellees*